# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | : : : : : : | **MDL DOCKET NO. 2570**<br>**Case No.: 1:14-ml-2570-RLY-TAB** |
| **THIS DOCUMENT RELATES TO ALL CASES** | : : : : | |

## MEMORANDUM IN SUPPORT MOTION OF TERESA TORISEVA TO BE APPOINTED AS CO-LEAD COUNSEL FOR PLAINTIFFS IN MDL 2570

### Statement of the Case

An IVC filter, like the Cook Filter, is a device designed to filter blood clots (called "thrombi") that travel from the lower portions of the body to the heart and lungs. IVC filters may be designed to be implanted, either temporarily or permanently, within the vena cava. The inferior vena cava is a vein that returns blood to the heart from the lower portion of the body. In certain people, and for various reasons, thrombi travel from vessels in the legs and pelvis, through the vena cava into the lungs. Often these thrombi develop in the deep leg veins. The thrombi are called "deep vein thrombosis" or DVT. Once the thrombi reach the lungs they are considered "pulmonary emboli" or PE. PE presents grave risk to human life and often results in death. Here, thirty-one (31) actions arise out of allegations that Cooks IVC filter is defective and that its marketing and manufacture was negligent. All cases focus on health hazards resulting from failure of the IVC filter and allegations of failure to warn doctors and consumers. Each plaintiff has suffered personal injury from the various types of failures of the Cook IVC filter, which includes migration, tilting, fracture,

1

and perforation. Often, as a result of the failure of the Cook IVC filter, open surgery was required in an attempt to retrieve or explant the failed medical device.

### Immediate Background

Attorney Toriseva has twelve (12) filed cases and has more to be filed. Other plaintiffs' counsel has additional cases. When it became known all of these cases could qualify under 28 USCS § 1407 as an MDL, Attorney Toriseva drafted and filed the Petition before the JPML, fully briefed all of the issues, and successfully orally argued the case to the JPML in Louisville, Kentucky. At the time of the filing of the JPML Petition, Attorney Toriseva was entrusted by all participating plaintiffs' counsel to brief and orally argue the JPML Petition. Even though only Attorney Ben Martin and Attorney Toriseva appeared before the JPML in Louisville, Attorney Toriseva included all of the attorneys that were a part of the proposed leadership group at the time on the Petition and the subsequent brief. Other plaintiffs' counsel supported the efforts of Attorney Toriseva from the inception of these cases through the successful argument before the JPML. Also, after the MDL was granted, Attorney Toriseva was trusted by the group of plaintiffs' attorneys to handle the negotiations regarding the Case Management Plan (CMP) with opposing counsel. It was only three business days before the Initial Pre-Trial Conference during a conference call that one law firm (with filed cases) expressed its desire to not have Attorney Toriseva appointed as co-lead counsel, but to have her take a more limited role on an executive committee, which had been structured to be below the Plaintiff Steering Committee (PSC).

Attorney Toriseva agrees with the CMP as drafted, was heavily involved in all aspects of the creation and agreement, and does not object to its filing. This joint CMP which was the product of substantial effort on both sides is being filed with Court today.

2

Further, she has directed the proposed co-lead attorney, Ben Martin, to sign her name to the CMP. But because there is not agreement between the plaintiffs' attorneys who will be the co-lead counsel on this MDL case, Attorney Toriseva has reserved her right to file and is filing this motion to be appointed lead counsel.

### Argument

The Court should appoint Attorney Toriseva because she meets <u>all</u> of the factors to be considered in MCL, 4th § 10.224. Attorney Toriseva's qualifications include having active leadership roles, often lead counsel, in the following MDLs: <u>In Re: Digitek, MDL #08-1968</u>; <u>In Re: Medtronic, MDL #08-1905</u>; <u>In Re: Kugel Mesh, MDL #07-1842</u>; and <u>In Re: Guidant, MDL #05-1708</u>. See attached *Curriculum Vitae* of Teresa Toriseva for more MDL leadership roles. Further, Attorney Toriseva has been appointed Special Assistant Attorney General by the West Virginia Attorney General to prosecute complex litigation cases on behalf of the people and Attorney General of the State of West Virginia. Attorney Toriseva was a member of the West Virginia Lawyer Disciplinary Board from 2011 through 2013. <u>Id</u>.

So far in this litigation, there has been full disclosure of all agreements and understandings between plaintiffs' counsel, but not all counsel agree as to who should be lead counsel. It is important to note that Attorney Toriseva does not oppose or object to Attorney Ben Martin being co-lead counsel or the group's decision to have the local law firm of Cohen and Malad (Irwin Levin, Esq.) participate as local co-lead counsel. On the contrary, Ms. Toriseva agrees that both firms are well qualified to serve. Ms. Toriseva, however, does object to any leadership plan that does not include her as co-lead. This

MDL is complex and large enough to warrant a tri-part lead attorney structure thereby guaranteeing the ability to break a voting tie.

Attorney Toriseva's attached *Curriculum Vitae* illuminates that she is competent to handle any and all assignments that are required of co-lead counsel in this MDL. Further, Attorney Toriseva does and will continue to fairly represent the various interests in the litigation. Attorney Toriseva has proven she has the resources, commitment, and qualifications to accomplish the assigned tasks. Finally she has the respect of her colleagues, save one firm who is counsel of record on one filed case and perhaps one firm who is associated with other lawyers but has no filed cases. Attorney Toriseva has worked cooperatively with opposing counsel and this Honorable Court to date. Specifically, Attorney Toriseva has undertaken ESI issues with her co-counsel, Attorney John Dalimonte, and paid common benefit bills with an established common benefit checking account that contains funds from co-counsel. Ms. Toriseva also reached out to and spoke with many of the individual case attorneys who are not part of the proposed leadership to address their questions and concerns generally about how the MDL procedures differ from individual filings.

Since Attorney Toriseva has been lead counsel on other MDLs, she understands what is expected of lead counsel as it spelled out in MCL, 4th § 10.221. Lead counsel is responsible for formulating and presenting positions on substantive and procedural issues during the litigation. Lead counsel will act for the group and present written and oral arguments and suggestions to the Court. Lead counsel is to work with opposing counsel in developing a litigation plan, a responsibility Attorney Toriseva has been successfully undertaking since the beginning of these cases. Attorney Toriseva is ready, willing and able to initiate, organize, and complete discovery requests and responses, conduct

4

depositions (including any travel), employ experts, see that schedules are met and arrange support services.

Attorney Toriseva is not in any way suggesting that any lawyer chosen by the Court (should it not be she) is not able to complete these tasks or fulfill these responsibilities. She will fully support and cooperate with anyone the Court chooses to serve as lead or co-lead counsel. She is only indicating that she stands ready, willing, and able to fulfill and further, actively desires the role of co-lead counsel. The ultimate goal is to achieve efficiency and economy of this litigation without jeopardizing fairness to the parties; Attorney Toriseva will see to it that goal is achieved.

Attorney Toriseva welcomes the Court setting this for an evidentiary hearing, if the Court believes it is necessary, to answer any questions of her the Court may have, including any inquiries as to billing rates or record keeping protocol, and/or to hear any reasons from anyone why she should not be appointed co-lead counsel.

### Conclusion

WHEREFORE, for all the above reasons, Movant Teresa Toriseva, respectfully request this Honorable Court appoint her as co-lead counsel in this matter.

Respectfully Submitted,

*/s/ Teresa C. Toriseva*
Teresa C. Toriseva, Esq.
TORISEVA LAW
1446 National Road
Wheeling, WV 26003
Telephone: (304) 238-0066
Facsimile: (304) 238-0149
Email: ceo@torisevalaw.com

5

## CERITIFICATE OF SERVICE

I hereby certified that on November 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to received service in this MDL, and served the counsel listed below by first claim United States mail, postage prepaid:

Tim Moore, Attorney At Law, P.A.
305 East King St.
Kings Mountain, NC 28086

Bard K. Brian, Esq.
222 Kentucky Ave, Suite 10
Paducah, KY 42001

David J. Britton, Esq.
LAW OFFICE OF DAVID J. BRITTON
535 Dock Street, Suite 108
Tacoma, WA 98402

George Jerre Duzane, Esq.
Duzane, Kooperman & Mondelli
603 Woodland Street
Nashville, TN 37206-4211

Lucas J. Foust, Esq.
FOUST LAW OFFICE
1043 Stoneridge Drive, Suite 2
Bozeman, MT 59718

Lori Elizabeth Hammond, Esq.
Frost Brown Todd LLC – Louisville
400 W. Market Street, 32nd Floor
Louisville, KY 40202-3363

Charles Rene Houssiere, III, Esq.
Randall Alan Kauffman, Esq.
Houssiere Durant & Houssiere, LLP
1990 Post Oak Boulevard, Suite 800
Houston, TX 77056-3812

6

Joseph Johnson, Esq.
Babbitt Johnson Osborne & LeClainche, P.A.
1641 Worthington Road
West Palm Beach, FL 33409

Ramon R. Lopez, Esq.
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660

Cliff W. Marcek, Esq.
Cliff W. Marcek, P.C.
700 S. Third Street
Las Vegas, NV 89101

Matthew McCarley, Esq.
Fears Nachawati, PLLC
4925 Greenville Avenue, Suite 715
Dallas, TX 75206

Joseph A. Napiltonia, Esq.
Law Office of Joe Napiltonia
213 3rd Avenue North
Franklin, TN 37064

W. Bryan Smith, Esq.
Morgan & Morgan, LLC
2600 One Commerce Square
Memphis, TN 38103

Anthony James Urban, Esq.
Brian J. Urban, Esq.
Law Offices of Anthony Urban, P.C.
474 N. Centre Street, 3rd Floor
Pottsville, PA 17901

Peter C. Wetherall, Esq.
Wetherall Group, Ltd.
9345 W. Sunset Road, Suite 100
Las Vegas, NV 8948

Corrie Johnson Yackulic, Esq.
Corrie Yackulic Law Firm PLLC
315 5th Avenue South, Suite 1000
Seattle, WA 98104-2682

_/s/ Teresa C. Toriseva_____
Teresa C. Toriseva, Esq.