IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Petition Relates to: All Actions | |

**PETITION FOR APPOINTMENT OF A PLAINTIFFS'
LEADERSHIP STRUCTURE**

The undersigned counsel, hereinafter referred to as "Movants," hereby submit this Petition For Appointment of a Plaintiffs' Leadership Structure. Having conferred and come to a majority agreement, Movants collectively file this Petition so that it is representative of each and every plaintiff they represent in this litigation. In support of their petition, Movants state as follows:

INTRODUCTION

On October 15, 2014, the Judicial Panel on Multidistrict Litigation issued a Transfer Order for all cases filed in federal judicial districts that share factual issues regarding Cook, Inc. design, testing, manufacture, sale and marketing of Cook Inferior Vena Cava ("IVC") Filter. The Cook IVC Filter is a medical device cleared for marketing via the Food and Drug Administration's 510(k) process and alleged to cause perforation, tilting, fracture and migration of the device in the body. On October 31, 2014, the Court issued its Order Setting an Initial Pretrial Conference for February 17, 2015, and outlined certain matters on which to engage in meet and confers, and be prepared to discuss certain matters at the conference. Pursuant to the Order, counsel appeared and discussed the following:

    a.    the proposed case management plan as agreed to amongst the parties which was filed and entered by the Court;

    b.    the appointment of a leadership structure lead counsel for Plaintiffs;

    c.    handling of tag-along cases;

    d.    pending motions;

    e.    discovery including proposals to avoid duplicative discovery;

    f.    settlement

Since the transfer of these cases, the undersigned have coordinated calls in order to discuss the initiation, process, status and organization of the overall litigation in state and federal courts, discovery negotiations regarding documents and electronically stored information ("ESI") with the defendant and process of production. A call was held on Thursday, November 13, 2014 to further discuss process and initiation. Most recently a meeting was held on November 17, 2014 in order to discuss the leadership structure further. The participants attending both the telephonic meeting and the in-person meeting represent the majority of the cases and the discussions included state litigation. The undersigned represent the overwhelming majority of the Cook IVC claimants whose cases are currently pending in federal court and appropriate for transfer to this MDL, and that are not the subject of current or anticipated motions to remand.

As such, Movants respectfully move this Court to exercise its discretionary authority, consistent with 28 U.S.C. § 1407; the October 15, 2014 Transfer Order issued by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") in the related cases; the Supreme Court's decision in *Lexecon, Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach*, 523 U.S. 26 (1998); other case law and secondary authorities; and the Federal Judicial Center's MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004), and appoint the twelve (12) undersigned attorneys to serve as

Lead/Liaison Counsel, Federal/State Liaison Counsel and as Plaintiffs' Executive Committee ("PEC"). Accordingly, Movants respectfully submit that this Court should approve the proposed leadership structure and enter the Proposed Case Management Order, attached as Exhibit A.

> I. Appointment of a Plaintiffs' Leadership Structure is Critical to the Management and Success of Multi-Party Complex Litigation.

At present there are 51 complaints that have been filed in or transferred to this Court, involving 71 separate plaintiffs. Each of the Complaints contains the same core allegations. Accordingly, there is an immediate need for organization of the parties and the coordination of discovery efforts and motion practice to promote fairness, to avoid unnecessary duplication and ensure the most efficient use of the Court's and the parties' resources.

"In multi-party, multi-case litigation, the district court's success is largely dependent on its ability to uncomplicate matters." *In re Recticel Foam Corp.,* 859 F.2d 1000, 1004 (1st Cir. 1988). In complex matters such as this, one of the key organizational tools the district court has is to appoint a steering/leadership committee of counsel. See MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.221 (2004) (suggesting mechanisms to organize counsel and discovery in multi-party litigation); see also *In Re Linerboard Antitrust Litigation*, 292 F. Supp. 2d 644, (E.D. Penn. 2003) ("The multiplicity of suits requires that the district court be allowed to combine procedures, . . . recognize steering committees of lawyers, limit and manage discovery, etc., to minimize expense to all litigants and to provide judicial efficiency." (citing *In re Showa Denko K.K.*, 953 F.2d 162, 165 (4th Cir. 1992)).

Indeed, in "a case of this magnitude and complexity, it is imperative that counsel be well organized and work efficiently and harmoniously among themselves and with opposing counsel" to avoid additional costs and unnecessary time expenditures as a result of duplicative pre-trial proceedings. *In re Domestic Air Trans. Antitrust Litig.*, 1990 U.S. Dist. LEXIS 20095, at *1

(N.D. Ga. Dec. 21, 1990), see also MANUAL § 10.221 (Lead Counsel is to cooperate and work together with Defendant in developing and implementing a litigation plan). Fortunately, the majority of the members of the proposed leadership committee have been litigating a similar IVC filter matter[1] in multiple jurisdictions and these proposed members have engaged in a volunteer coordinated structure in the absence of an MDL or similar consolidation structure. These efforts involved coordinated negotiations of Protective Orders, document production, electronically stored information and the engagement of an eDiscovery vendor for documents management. Therefore, these proposed members bring forth the same cooperative skills and resources they've been using effectively in this 'sister' litigation to collaborate in this MDL. Appointment of a Plaintiffs' Leadership Committee led by proposed Lead/Liaison Counsel and coordinated by the proposed State/Federal Liaison Counsel will surely provide similar organization and efficiency in this case. After all, the primary purpose of the proposed structure is to preserve and collect evidence and frame, write, argue, and respond to pretrial motions – it simply makes sense for plaintiffs to speak with one voice on these issues rather than having the defendants respond to dozens of plaintiffs' counsel. In the interest of efficiently litigating these cases and conserving judicial resources, as well as the parties' resources, this Court should organize plaintiffs' counsel and appoint the proposed structure for pre-trial proceedings suggested at the request by the Court for a leadership structure.

　　　　II.　　Appointed Counsel Should Have Exemplary Qualifications and Experience.

Appointment of the proposed counsel and the assignment of responsibilities to these positions is consistent with the Manual's recommended organizational structure and ultimate

---

[1] Eight of the twelve proposed members of this leadership structure have actively litigated another IVC filter matter involving similar science, medicine and injuries. These cases filed against *C.R. Bard, Inc., et al*., in multiple jurisdictions were not centralized or otherwise coordinated in any federal or state court and it was incumbent upon counsel to be highly efficient and cooperative throughout the process; endeavors which were effectuated successfully for the benefit of the litigation.

goal of achieving "efficiency and economy" in this litigation. See MANUAL § 10.221. All counsel appointed by this court are charged with the ultimate responsibility of acting for, and in the best interest of, all plaintiffs throughout pre-trial proceedings by addressing matters of common concern and representing all plaintiffs when discussing such matters with the court and defendants. See *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 2007 U.S. Dist. LEXIS 2650, at *18 (E.D.N.Y. Jan. 12, 2007) (citing MANUAL § 10.221 (2004)). As such, the court must appoint counsel who are fully capable and qualified to represent all parties on their side fairly and adequately.

When determining which counsel should be appointed, it is important for the Court to assess the following factors:

- Qualifications, functions, organization, and compensation of designated counsel;

- Would-be designated attorneys' competence for assignments;

- Whether designated counsel fairly represent the various interests in the litigation;

- The attorneys' resources, commitment, and qualifications to accomplish the assigned tasks;

- The attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court; and

- The attorneys' experience in similar roles in other litigation.

MANUAL § 10.224.

As discussed in the subsequent sections and attached materials, proposed Lead/Liaison Counsel, and the PEC members satisfy these factors.

Since all of the transferred cases are brought as individual personal injury actions, the factors that a court is to look to when determining whether lead counsel should be appointed – as

5

set out in the Manual – are analogous to the factors weighed by a court under Rule 23(g). In addition to meeting the general principles for complex litigation case management set forth in the Manual, the attached Proposed Case Management Order complies with Federal Rule of Civil Procedure 23's criteria governing the appointment of lead counsel. In considering the appointment of Class Counsel under Rule 23(g) of the Federal Rules of Civil Procedure, the Court is instructed to evaluate the following factors: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g).

As discussed below and in the attached materials in more detail, each of the counsel seeking appointment has a great deal of experience with complex mass tort litigation. These attorneys and law firms have impressive qualifications, a long record of success in complex litigation and a demonstrated willingness to invest substantial resources in the prosecution of complex cases. They have already committed hundreds of hours to this litigation and will vigorously and skillfully represent the interests of all individual plaintiffs. They have already performed extensive legal and factual investigations into the matters at issue in this litigation and many have been involved in a similar IVC matter described in footnote 1, *supra*. Additionally, the proposed Lead/Liaison Counsel, Executive Committee members, and State/Federal Liaison Counsel, by their count, have the largest and most diverse number of clients involved in this litigation. Therefore, the proposed leadership structure satisfies the factors set forth in the Manual.

   III.  Proposed Plaintiffs' Leadership Structure

The undersigned Plaintiffs submit the following leadership structure:

| Plaintiffs' Lead | |
|---|---|
| Irwin B. Levin | Cohen & Malad, LLP |

| State/Federal Liaison Counsel | |
|---|---|
| Fredrick R. Hovde | Hovde, Dassow + Deets, LLC |

| Plaintiffs' Executive Committee (PEC) | |
|---|---|
| Russell Button | Law Offices of Ben C. Martin |
| Troy Brenes | Lopez McHugh, LLP |
| John Dalimonte | Karon and Dalimonte |
| Joseph R. Johnson | Babbitt, Johnson, Osborne & LaClainche |
| Gregory Laker | Cohen & Malad, LLP |
| Ramon Lopez | Lopez McHugh, LLP |
| Ben C. Martin | Law Offices of Ben C. Martin |
| David P. Matthews | Matthews and Associates |

| | |
|---|---|
| Teresa Toriseva | Toriseva Law |
| Julia Reed Zaic | Heaviside Reed Zaic |

Having this structure in place with these attorneys, who have already devoted substantial time and resources to advancing the litigation, will achieve the goals of efficiency, organization and, ultimately, resolution.

IV. Information on Leadership Applicants

A. Lead/Liaison Counsel

Irwin Levin, is an active member of the Indianapolis legal community, and enjoys the respect of the bench and bar. Mr. Levin has practiced in Indianapolis for over thirty-five (35) years and has regularly appeared in both state and federal courts. His practice is concentrated in complex litigation. He has served as class counsel in actions involving securities fraud, insurance and consumer protection and served as Liaison Counsel and a member of the Executive Committee in the Bridgestone/Firestone Products Liability litigation. Mr. Levin also served on the Plaintiffs' Steering Committee for *In re Prempro Products Liability Litigation*; Executive Committee for *In re Guidant Corp.Implantable Defibrillators Products Liability Litigation*; Leadership in national coordinated counsel in Pain Pump Litigation; Co-Lead counsel representing nearly 300 injured patients in a mass tort involving medical malpractice against former Indiana physician, Mark Weinberger; Co-lead Counsel *In re Ready-Mixed Concrete Antitrust Litigation*, No. 1 :05-cv-979-SEB-JMS (S.D. Ind.); Co-lead Counsel *In re Iowa Ready-Mix Concrete Antitrust Litigation*, No. C10-4038-WMB (N.D, Iowa); Lead Counsel for a class action against the Indiana Residual Malpractice Insurance Authority: *Ley v. Robertson*, No. 49D07-1203-PL-009386 (Marion County (Ind.); Co-lead Counsel in a class action against BP

8

involving tainted gasoline: *Price v. BP Products North America, Inc.*, No.1: 12-cv-06799 (N.D. Ill.); Lead Counsel in a class action against the Indiana Bureau of Motor Vehicles: *Raab v. Waddell*, No. 49D12-1303-PL-008769 (Marion Superior Court No. 12); Plaintiffs' Steering Committee for *In re: Consolidated Fresenius Cases*, Civil Action No. 2013-03400-O (Middlesex Superior Court, Boston Massachusetts); Lead Counsel in a class action against the Indiana Department of Child Services: *Moss v. Bonaventura*, No. 46D02-1406-PL-1025 (LaPorte Superior Court No. 2).

In 1996, Irwin became active in the first class action case to be filed in the United States by Holocaust survivors against Swiss Banks for a variety of financial and human rights wrongdoings. He and other lawyers from Cohen & Malad, LLP took a hands-on role in both the factual investigation of archived materials stored in the United States National Archives as well as the legal work before the Court. In 1997, the Swiss Bank litigation was consolidated before a United States District Court Judge, who appointed an Executive Committee, composed of 10 lawyers from around the United States to manage the litigation. Mr. Levin was one of those ten lawyers.

Mr. Levin's firm, Cohen & Malad, LLP, has the resources, capabilities and staff to meet the demands and responsibilities to serve as Lead in this MDL.  Mr. Levin's experience and that of his firm are noted in greater detail in his accompanying materials attached as Exhibit B.

### B. Plaintiffs' Executive Committee

The attorneys included in the proposed structure have litigated countless complex civil actions and will draw on their combined experiences and resources to zealously represent all plaintiffs involved in this MDL. As demonstrated by the attached materials (See Exhibits C-M), the applicant firms and attorneys have substantial experience and knowledge in litigating mass

tort cases, which will prove essential in the litigation of these cases. They all represent plaintiffs and have agreed to work together for <u>all</u> plaintiffs. Just as importantly, each of these attorneys have demonstrated commitment to this litigation, and will continue to commit their time and resources to the prosecution of this litigation.

## CONCLUSION

Pursuant to the Court's Order Setting Initial Conference entered on October 31, 2014, and for the reasons set forth herein, the undersigned respectfully request that the Court enter the proposed Order appointing Irwin B. Levin as Lead/Liaison Plaintiffs' Counsel; Fredrick R. Hovde as State/Federal Liaison Plaintiffs' Counsel, and Plaintiffs' Executive Committee comprised of Troy Brenes, Russell Button, John Dalimonte, Joseph Johnson, Gregory Laker, Ben C. Martin, Ramon Lopez, David P. Matthews, Teresa Toriseva, and Julia Reed Zaic.

Dated: <u>November 26, 2014.</u>　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Irwin B. Levin
　　　　　　　　　　　　　　　　　　Irwin B. Levin
　　　　　　　　　　　　　　　　　　ilevin@cohenandmalad.com
　　　　　　　　　　　　　　　　　　COHEN & MALAD, LLP
　　　　　　　　　　　　　　　　　　One Indiana Square, Suite 1400
　　　　　　　　　　　　　　　　　　Indianapolis, Indiana 46204
　　　　　　　　　　　　　　　　　　(317) 636-6481
　　　　　　　　　　　　　　　　　　(317) 636-2593(facsimile)
　　　　　　　　　　　　　　　　　　ON BEHALF OF PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL:

| | |
|---|---|
| John Charles Babione, II<br>WOODEN & MCLAUGHLIN LLP<br>jbabione@woodmclaw.com | Joseph R. Johnson<br>BABBITT JOHNSON OSBORNE &<br>LeCLAINCHE, P.A.<br>jjohnson@babbitt-johnson.com |
| James McGinnis Boyers<br>WOODEN & MCLAUGHLIN LLP<br>jboyers@woodmclaw.com | Douglas B. King<br>WOODEN & MCLAUGHLIN LLP<br>dking@woodmclaw.com |
| Troy A. Brenes<br>Lopez McHugh, LLP<br>tbrenes@lopezmchugh.com | James Lee, Jr.<br>CLARK BURNETT, G.P.<br>jlee@leemurphylaw.com |
| Russell T. Button<br>LAW OFFICES OF BEN C. MARTIN<br>rbutton@bencmartin.com | Ben C. Martin<br>LAW OFFICES OF BEN C. MARTIN<br>bmartin@bencmartin.com |
| John A. Dalimonte<br>KARON & DALIMONTE, LLP<br>johndalimonte@kdlaw.net | Matthew R. McCarley<br>FEARS / NACHAWATI LAW FIRM<br>mccarley@fnlawfirm.com |
| Sandra L. Davis<br>WOODEN & MCLAUGHLIN LLP<br>sdavis@woodmclaw.com | Kip S.M. McDonald<br>WOODEN & MCLAUGHLIN LLP<br>kmcdonald@woodmclaw.com |
| Timothy J. Freiberg<br>THE LAW OFFICES OF FREDERIC W.<br>NESSLER & ASSOCIATES, LTD.<br>freiberglaw@gmail.com | Erin C. Murphy<br>LEE MURPHY LAW FIRM, G.P.<br>emurphy@leemurphylaw.com |
| D. Douglas Grubbs<br>LEE MURPHY LAW FIRM, G.P.<br>dgrubbs@leemurphylaw.com | Teresa C. Toriseva<br>TORISEVA LAW<br>ceo@torisevalaw.com |
| Frederick R. Hovde<br>HOVDE DASSOW & DEETS, LLC<br>rhovde@hovdelaw.com | Julia Reed Zaic<br>HEAVISIDE REED ZAIC<br>julia@hrzlaw.com |

| | |
|---|---|
| Irwin B. Levin<br>COHEN & MALAD, LLP<br>ilevin@cohenandmalad.com | Gregory L. Laker<br>COHEN & MALAD, LLP<br>glaker@cohenandmalad.com |

Notice will be served on the parties listed below by first class U.S. Mail, postage prepaid:

| | |
|---|---|
| Robert Gregory Andre<br>OGDEN MURPHY WALLACE PLLC<br>901 FIFTH AVENUE, STE 3500<br>SEATTLE, WA 98164-2008<br><br>Justin Kyle Brackett<br>Tim Moore, Attorney at Law, P.A.<br>305 East King St.<br>Kings Mountain, NC 28086<br><br>James C. Bradshaw, III<br>Wyatt, Tarrant & Combs (Nashville Office)<br>2525 West End Avenue, Suite 1500<br>Nashville, TN 37203-1423<br><br>Bard K. Brian<br>222 Kentucky Avenue, Suite 10<br>Paducah, KY 42001<br><br>David J Britton<br>LAW OFFICE OF DAVID J BRITTON<br>2209 N 30TH ST, STE 4<br>TACOMA, WA 98403<br><br>Andrew Cookingham<br>Thompson & Knight-Dallas<br>1722 Routh Street, Suite 1500<br>Dallas, TX 75201-2533<br><br>Max E. Corrick<br>Olson, Cannon, Gormley & Desruisseaux<br>9950 West Cheyenne Avenue<br>Las Vegas, NV 89129<br><br>Frank J D'Oro, Jr<br>Wesierski and Zurek LLP<br>1000 Wilshire Boulevard Suite 1750 | John H Martin<br>Thompson & Knight<br>1722 Routh St., Suite 1500<br>Dallas, TX 75201-2533<br><br>Joseph A. Napiltonia<br>Law Office of Joe Napiltonia<br>213 3rd Avenue North<br>Franklin, TN 37064<br><br>Stephanie E. Niehaus<br>Squire Patton Boggs (US) - Cleveland<br>4900 Key Tower, 127 Public Square<br>Cleveland, OH 44114<br><br>James R. Olson<br>Olson, Cannon, Gormley, Angulo & Stoberski<br>9950 West Cheyenne Avenue<br>Las Vegas, NV 89129<br><br>Ryne W Osborne<br>Wesierski and Zurek LLP<br>1000 Wilshire Boulevard Suite 1750<br>Los Angeles, CA 90017<br><br>Gary J. Rickner<br>WARD AND SMITH, P.A.<br>PO Box 33009<br>Raleigh, NC 27636-3009<br><br>Marian S. Rosen<br>ROSEN & SPEARS<br>5075 Westheimer, Suite 760<br>Houston, TX 77056<br><br>Kyle E Rowen<br>Wesierski and Zurek LLP<br>One Corporate Park Suite 200 |

| | |
|---|---|
| Los Angeles, CA 90017 | Irvine, CA 92606 |
| Margaret A. Droppleman<br>Hawkins Parnell Thackston & Young, LLP - Charleston<br>109 Capitol Street, Suite 1000<br>Charleston, WV 25301 | Marc A Sheiness<br>Sheiness, Glover & Grossman, LLP<br>4454 Post Oak Place Drive, Suite 270<br>Houston, TX 77027 |
| Lucas J. Foust<br>FOUST LAW OFFICE<br>1043 Stoneridge Drive, Suite 2<br>Bozeman, MT 59718 | W. Bryan Smith<br>Morgan & Morgan, LLC<br>2600 One Commerce Square<br>Memphis, TN 38103 |
| George Jerre Duzane<br>Duzane, Kooperman & Mondelli<br>603 Woodland Street<br>Nashville, TN 37206-4211 | Angela Spears<br>ROSEN & SPEARS<br>5075 Westheimer, Suite 760<br>Houston, TX 77056 |
| Emily Harris Gant<br>Ogden Murphy Wallace PLLC<br>1601 5th Avenue, Suite 2100<br>Seattle, WA 98101-1686 | Craig A. Stone<br>Marshall, Dennehey, Warner, Coleman & Goggin<br>100 Corporate Center Drive, Suite 201<br>Camp Hill, PA 17011 |
| Lori Elizabeth Hammond<br>Frost Brown Todd LLC - Louisville<br>400 W. Market Street, 32nd Floor<br>Louisville, KY 40202-3363 | Thomas H. Terry, III<br>619 Cahoon Road<br>Bay Village, OH 44140 |
| Charles Rene Houssiere, III<br>Houssiere Durant & Houssiere, LLP<br>1990 Post Oak Blvd, Suite 800<br>Houston, TX 77056-3812 | W. Carl Mendenhall<br>WORDEN THANE<br>PO Box 4747<br>Missoula, MT 59806-4747 |
| A. Timothy Jones<br>Hawkins Parnell Thackston & Young, LLP - Charleston<br>109 Capitol Street, Suite 1000<br>Charleston, WV 25301 | Michael C. Mongiello<br>Marshall Dennehey Warner Coleman and Goggin<br>100 Corporate Center Drive, Suite 201<br>Camp Hill, PA 17011 |
| Randal Alan Kauffman<br>Houssiere Durant Houssiere<br>1990 Post Oak Blvd, Ste 800<br>Houston, TX 77056 | Anthony James Urban<br>LAW OFFICES OF ANTHONY URBAN, P.C.<br>474 N. Centre Street, 3rd Floor<br>Pottsville, PA 17901 |
| Ramon R Lopez<br>Lopez McHugh LLP | Brian J. Urban<br>LAW OFFICES OF ANTHONY URBAN, P.C.<br>474 N. Centre Street, 3rd Floor<br>Pottsville, PA 17901 |

| | |
|---|---|
| North Tower, 100 Bayview Circle Suite 5600<br>Newport Beach, CA 92660<br><br>Cliff W. Marcek<br>Cliff W. Marcek, P.C.<br>700 S. Third St.<br>Las Vegas, NV 89101 | Peter C Wetherall<br>Wetherall Group, Ltd.<br>9345 W. Sunset Road, Suite 100<br>Las Vegas, NV 89148<br><br>Corrie Johnson Yackulic<br>Corrie Yackulic Law Firm PLLC<br>315 5th Avenue South, Suite 1000<br>Seattle, WA 98104-2682 |

*/s/ Irwin B. Levin*
Irwin B. Levin