UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:
 1:14-cv-01875-RLY-TAB

**ANSWER OF COOK MEDICAL INCORPORATED, COOK INCORPORATED, COOK GROUP, INC., AND WILLIAM COOK EUROPE APS TO PLAINTIFF'S ORIGINAL COMPLAINT**

For their Answer to the Complaint for Money Damages and Demand for Jury Trial ("Complaint") of the Plaintiff Arthur Gage, by way of admissions and denials thereto, the Defendants Cook Medical, Incorporated ("CMI"), now Cook Medical LLC ("CML"), Cook Incorporated ("CI"), Cook Group, Inc. ("CGI"), and William Cook Europe ApS ("WCE") (collectively, "Cook Defendants"), state:

1. To the extent the allegations in paragraph 1 relate to them, Cook Defendants deny the allegation in paragraph 1.

**I.   THE PARTIES**

2. Cook Defendants are without sufficient information as to the allegations in paragraph 2.

3. Cook Defendants are without sufficient information as to the allegations in paragraph 3.

4. Cook Defendants admit that CML, formerly CMI, is an Indiana limited liability company with a principal place of business located at 1025 West Acuff Road, Bloomington,

1

Indiana 47404. Cook Defendants also admit that CML regularly conducts business in the state of Indiana and is authorized to do so. Cook Defendants deny all other allegations in paragraph 4.

5. Cook Defendants admit that CI is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47402. Cook Defendants also admit that CI regularly conducts business in the state of Indiana and is authorized to do so. Cook Defendants deny all other all other allegations in paragraph 5.

6. Cook Defendants admit that CGI is the parent company of CML, formerly CMI, and CI, and is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 1608, Bloomington, Indiana 47402. Cook Defendants also admit that CGI regularly conducts business in the state of Indiana and is authorized to do so. Cook Defendants deny all other all other allegations in paragraph 6.

7. Cook Defendants admit that WCE is a foreign corporation incorporated in and under the laws of Denmark, with a principal place of business and headquarters located at Sandet 6, Bjaeverskov 4632, Denmark, and that its business form most closely resembles that of an American Corporation. Cook Defendants also admit that WCE was not incorporated in and does not have its principal place of business in the state of Illinois and that if Plaintiff is in fact a citizen of Illinois, diversity of citizenship exists between Plaintiff and WCE. Cook Defendants further admit that WCE developed and manufactures the Günther Tulip™ vena cava filter and the Cook Celect® vena cava filter. Cook Defendants deny the remaining allegations in paragraph 7.

8. Cook Defendants deny that the allegations in paragraph 8 require a response from them.

9. Cook Defendants deny that the allegations in paragraph 9 require a response from them.

10. Cook Defendants admit that CML markets and sells medical devices for use in various medical applications, including Günther Tulip™ vena cava filters, which are intended for the prevention of recurrent pulmonary embolism in certain situations as described in the Instructions for Use ("IFU") for that medical device. Cook Defendants also admit that CI develops and manufactures medical devices for use in various medical applications and that it was involved in the design, research, development, and testing of the Günther Tulip™ vena cava filter, but they deny that CI manufacturers that device. Cook Defendants further admit that WCE developed and manufactures the Günther Tulip™ vena cava filter. Cook Defendants deny all other allegations in paragraph 10.

11. Cook Defendants are without sufficient information as to the allegations in paragraph 11.

## II.   STATEMENT OF VENUE AND JURISDICTION

12. Cook Defendants admit only that if Plaintiff seeks damages in excess of $75,000.00, excluding interests and costs, and that, if Plaintiff is in fact a citizen of Illinois, that then he and CML, CI, and CGI are citizens of different States under 28 U.S.C. § 1332(a)(1), and that if Plaintiff is in fact a citizen of Illinois, that then he is a citizen of a State and that WCE is a citizen or subject of a foreign state under 28 U.S. C § 1332(a)(2).

13. Cook Defendants are without sufficient information as to the allegation that "a substantial part of the events or omissions giving rise to the claim occurred within this judicial district." Cook Defendants admit that CML, CI, and CGI regularly conduct business and are headquartered in this district, but deny the remaining allegations in paragraph 13.

## III. FACTUAL BACKGROUND

14. Cook Defendants admit that CML markets and sells medical devices for use in various medical applications, including Günther Tulip™ vena cava filters and Cook Celect® vena cava filters, which are intended for the prevention of recurrent pulmonary embolism in certain situations as described in the IFU for each device and which may be retrieved under the circumstances described in the IFU for each device and in accordance with the "Optional Retrieval Procedure" described in the IFU for each device. Cook Defendants also admit that CI develops and manufactures medical devices for use in various medical applications and that it was involved in the design, research, development, and testing of the Günther Tulip™ vena cava filter and the Cook Celect® vena cava filter, but they deny that CI manufacturers those devices. Cook Defendants further admit that WCE developed and manufactures the Günther Tulip™ vena cava filter and the Cook Celect® vena cava filter. Additionally, Cook Defendants admit that the Günther Tulip™ vena cava filter can be introduced and placed via an 8.5 French coaxial introducer sheath system. Cook Defendants deny all other allegations in paragraph 14.

15. Cook Defendants deny that the allegations in paragraph 15 require a response from them.

16. Cook Defendants admit only that CI, acting on behalf of WCE, sought clearance from the FDA to market the Günther Tulip™ vena cava filter (which Plaintiff refers to as the "Cook Filter") pursuant to Section 510(k) of the Medical Device Amendments to the Food, Drug & Cosmetic Act (the "MDA"). Cook Defendants deny the remaining allegations in paragraph 16.

17. Cook Defendants admit that, on or about October 18, 2000, CI was granted clearance by FDA to market the Günther Tulip™ vena cava filter in this country for the intended

uses described in the FDA-approved IFU for that device.  Cook Defendants further admit that, on or about October 31, 2003, CI was granted clearance by FDA to market the Günther Tulip™ vena cava filter in this country as a retrievable filter for the indications described in the FDA-approved IFU for that device.  Cook Defendants deny the remaining allegations in paragraph 17.

18. Cook Defendants admit only that Section 510(k) of the MDA speaks for itself, and they deny the remaining allegations in paragraph 18.

19. Cook Defendants admit only that the Günther Tulip™ vena cava filter is intended for the intended uses described in the FDA-approved IFU for that device, and state that they are without information as to the remaining allegations in paragraph 19.

20. Cook Defendants admit only that pulmonary emboli can be fatal and state that they are without sufficient information as to the remaining allegations in paragraph 20.

21. Cook Defendants admit only that the Günther Tulip™ vena cava filter is designed for the intended uses specified in the IFU and state that they are without sufficient information as to the remaining allegations in paragraph 21.

22. Cook Defendants admit only that the Günther Tulip™ vena cava filter may be retrieved under the circumstances described in the IFU for that device and in accordance with the "Optional Retrieval Procedure" described in the IFU for that device.  Cook Defendants deny the remaining allegations in paragraph 22.

23. Cook Defendants admit only that the Günther Tulip™ vena cava filter has four anchoring struts for fixation and webbed wires (looking like tulip petals) between the legs intended to assist in clot trapping and centering of the filter within the cava.  Cook Defendants deny the remaining allegations in paragraph 23.

24. Cook Defendants are without sufficient information as to the allegations in paragraph 24.

25. Cook Defendants are without sufficient information as to the allegations in paragraph 25.

26. Cook Defendants deny the allegations in paragraph 26.

27. Cook Defendants deny the allegations in paragraph 27.

28. Cook Defendants deny the allegations in paragraph 28.

29. Cook Defendants deny the allegations in paragraph 29.

30. Cook Defendants deny the allegations in paragraph 30.

31. Cook Defendants admit only that the Günther Tulip™ vena cava filter itself, though not the entire set in which it is sold, is constructed of conichrome, and they deny the remaining allegations in Paragraph 31.

32. Cook Defendants deny the allegations in paragraph 32.

33. Cook Defendants deny the allegations in paragraph 33.

34. Cook Defendants deny the allegations in paragraph 34.

35. Cook Defendants deny the allegations in paragraph 35.

36. Cook Defendants deny the allegations in paragraph 36.

IV.   **CAUSES OF ACTION**

   **COUNT ONE: STRICT PRODUCT LIABIITY**

37. Cook Defendants incorporate their answers to paragraphs 1 – 36 as if fully set forth herein.

38. Cook Defendants deny the allegations in paragraph 38.

39. Cook Defendants deny the allegations in paragraph 39.

40. Cook Defendants deny the allegations in paragraph 40.

41. Cook Defendants deny the allegations in paragraph 41.

**COUNT TWO: NEGLIGENCE**

42. Cook Defendants incorporate their answers to paragraphs 1 – 36 as if fully set forth herein.

43. Cook Defendants admit that CML markets and sells medical devices for use in various medical applications, including Günther Tulip™ vena cava filters. Cook Defendants also admit that CI develops and manufactures medical devices for use in various medical applications and that it was involved in the design, research, development, and testing of the Günther Tulip™ vena cava filter, but deny that CI manufacturers that device.  Cook Defendants further admit that WCE developed and manufactures the Günther Tulip™ vena cava filter.  Cook Defendants deny the remaining allegations in paragraph 43.

44. Cook Defendants deny the allegations in paragraph 44.

45. Cook Defendants deny the allegations in paragraph 45, including its subparts.

46. Cook Defendants deny the allegations in paragraph 46, including its subparts.

47. Cook Defendants deny the allegations in paragraph 47.

48. Cook Defendants deny the allegations in paragraph 48.

**COUNT THREE: BREACH OF EXPRESS & IMPLIED WARRANTY**

49. Cook Defendants incorporate their answers to paragraphs 1 – 36 as if fully set forth herein.

50. Cook Defendants deny the allegations in paragraph 50.

51. Cook Defendants deny the allegations in paragraph 51.

51 [sic]. Cook Defendants deny the allegations in paragraph 51 [sic].

52. Cook Defendants deny the allegations in paragraph 52, including its subparts.

53. Cook Defendants deny the allegations in paragraph 53, including its subparts.

54. Cook Defendants deny the allegations in paragraph 54.

55. Cook Defendants deny the allegations in paragraph 55.

56. Cook Defendants deny the allegations in paragraph 56.

57. Cook Defendants deny the allegations in paragraph 57.

58. Cook Defendants deny the allegations in paragraph 58.

59. Cook Defendants deny the allegations in paragraph 59.

## V.     **PUNITIVE DAMAGES**

60. Cook Defendants incorporate their answers to each and every allegation in the Complaint as if fully set forth herein.

61. Cook Defendants deny the allegations in paragraph 61.

62. Cook Defendants deny the allegations in paragraph 62.

63. Cook Defendants deny the allegations in paragraph 63.

## VI.     **FURTHER ANSWERS**

For their further answers to Plaintiff's Complaint, Cook Defendants state as follows:

1. Plaintiff's claims are barred by applicable statutes of limitations.

2. Plaintiff assumed or incurred any risks associated with the use of any Cook Defendants' medical device or product in connection with his medical treatment by providing his informed consent prior to undergoing medical treatment.

3. Plaintiff's claims are barred by the doctrine of laches.

4. Plaintiff's Count Three fails to state a claim upon which relief can be granted.

5. Plaintiff's claims are preempted by the MDA, FDA regulations and other federal law in accordance with the Supremacy Clause of the United State Constitution. *See* 21 U.S.C. § 360k and *Riegel v. Medtronic*, 552 U.S. 312 (2008).

6. Cook Defendants had no duty to warn Plaintiff of any risks associated with the use of any medical device or product for which Cook Defendants are responsible, as any such medical device was supplied to a knowledgeable and sophisticated user of such product, or a learned intermediary, with adequate warnings and IFU, or because that learned intermediary had independent knowledge of any risks associated with the use of such medical device and chose to use it without regard to the adequacy of the warnings and IFU supplied with it.

7. Any medical device or product for which Cook Defendants are responsible conformed to the state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged and labeled, and Plaintiff is, therefore, not entitled to recover any damages from Cook Defendants.

8. Any medical device or product for which Cook Defendants are responsible complied with applicable codes, standards, regulations, or specifications of FDA, an agency of the United States; Council Directive 93/42/EEC of the European Community, The Medical Device Directive; BEK no. 1263 of 15.12.2008, Ministry of Health and Prevention, Denmark; The Canadian Medical Device Regulatory SOR/98-282 May 1998; the Australian Therapeutic Goods (Medical Devices) Regulations 2002; and applicable articles of the Japanese Pharmaceutical Affairs Law (MHLW Ministerial Ordinance no. 169, 2004). Plaintiff is, therefore, not entitled to recover any damages from Cook Defendants.

9. Plaintiff's damages were caused, in whole or in part, by the comparative or contributory negligence of Plaintiff.

9

10. Plaintiff's damages or losses, if any, were caused or contributed to by the fault of other products, persons, firms, corporations or entities over whom Cook Defendants had and have no control, or right of control, and for whom they owe no legal responsibility, including culpable non-parties who will be discovered through Cook Defendants ongoing investigation and discovery and to which the jury can allocate fault at trial.

11. Plaintiff's claims against Cook Defendants are barred for the reason that his damages, if any, were caused by an intervening or superseding proximate cause.

12. A cause of any physical harm sustained by Plaintiff was misuse of any medical device or product for which Cook Defendants are responsible by Plaintiff or by a person or persons not reasonably expected by Cook Defendants at the time the product was sold, and Plaintiff is, therefore, not entitled to recover any damages from Cook Defendants.

13. A cause of any physical harm sustained by Plaintiff was a modification or alteration of any medical device or product for which Cook Defendants are responsible after delivery of the product to the initial user or consumer that was a proximate cause of the harm and was not reasonably expectable by Cook Defendants, and Plaintiff is, therefore, not entitled to recover any damages from Cook Defendants.

14. The Complaint fails to state a claim upon which relief can be granted to the extent that Plaintiff seeks to recover punitive damages from Cook Defendants.

15. Any award of punitive damages in this case would be impermissible under the standards established by the United States Supreme Court in the case of *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

16. Any punitive damages would violate the due process requirements of the Fourteenth and Fifth Amendments of the Constitution of the United States of America.

17. Any punitive damages may be awarded only if Plaintiff proves by clear and convincing evidence that Cook Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

18. Cook Defendants reserve the right to assert additional further answers as they become known through the investigation and discovery process.

## VI. REQUESTED RELIEF

**WHEREFORE**, Cook Defendants pray that Plaintiff takes nothing against them by his Complaint, and for all other proper relief.

## VII. DEMAND FOR JURY TRIAL

Cook Defendants demand a trial by jury on all issues so triable.

Submitted this 15th day of January, 2015.

                                          Respectfully submitted,

                                          */s/ Sandra L. Davis*
Douglas B. King, Esq., Lead Counsel
James M. Boyers, Esq.
Christopher D. Lee, Esq.
John C. Babione, Esq.
Sandra L. Davis, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:   (317) 639-6151
Fax:   (317) 639-6444
dking@woodmclaw.com
jboyers@woodmclaw.com
clee@woodmclaw.com
jbabione@woodmclaw.com

sdavis@woodmclaw.com
kmcdonald@woodmclaw.com

Counsel for Defendants Cook Medical Incorporated, Cook Incorporated, Cook Group Inc., and William Cook Europe ApS

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2015, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Sandra L. Davis*
Sandra L. Davis

1116238-1 (10909-0831)