# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

This Document Relates to the Following
Actions:
[Insert cause no.]_____

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

**Plaintiff:** _____
            [Name of Plaintiff]

## DEFENDANTS' MASTER INTERROGATORIES TO PLAINTIFF(S) [INSERT PLAINTIFFS' NAMES]

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and the Case Management Plan entered November 25, 2014, Defendants Cook Incorporated, Cook Medical LLC, formerly known as Cook Medical Incorporated, and William Cook Europe ApS, propound the following Master Interrogatories upon Plaintiff(s) [insert names] to be answered fully and completely within thirty (30) days of service thereof.

## INSTRUCTIONS

1.      In responding to these Interrogatories, You are required to produce all information known or reasonably available to You, regardless of whether such information is in Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives or investigators, including Your attorneys or their agents, employees, representatives, or investigators.

2.      If any of the information requested cannot be produced in full, You are required to specify, to the extent possible, the reasons for Your inability to produce the remainder, and the approximate date when You expect to produce it.

3.      With respect to any information called for by any interrogatory which is withheld upon a claim of privilege, please state: (a) The paragraph to which the information is otherwise responsive; (b) its general subject matter; (d) the date or time period to which the information refers; (d) the source of the information; (e) any persons to whom such information has been sent; (f) the identity of every person who has received or any way been given access to the information; (g) the identity of the person from whom the privilege purportedly derives, including the address and telephone number of the person; (h) the specific grounds of the privilege claim; and (i) the identity, address, and telephone number of the person or persons supplying any information considered privileged or confidential.

4.      These Interrogatories impose a continuing obligation upon You. If, after producing responsive information, additional information becomes available to You, You must produce such additional information.

## DEFINITIONS

1.  "Communication" and/or "correspondence" shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, or seminars or any other exchange of information between You and any other person or entity.

2.  "Cook Defendants" when used herein refers to Cook Incorporated, Cook Medical LLC, formerly known as Cook Medical Incorporated, and William Cook Europe ApS, to the extent each such Cook company was named as a defendant in Your lawsuit.

3.  "Document", "Documents" and "Documentation" as used herein shall have the broadest possible meaning under Fed. R. Civ. P. 34, and shall include, without limitation, any database, written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, correspondence and communications (as defined below) of any type (including but not limited to video files, audio files, inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), DOCUMENTS maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of

3

any of the foregoing, and other writings or DOCUMENTS of whatever description or kind, whether produced or authorized by or on behalf of YOU or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of YOU, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on YOUR behalf.

4.   "Healthcare provider" shall mean any medical provider, doctor, physician, surgeon, psychiatrist, psychologist, counselor, therapist, nurse, pharmacist, hospital, clinic, medical center, physician's office, infirmary, medical/diagnostic laboratory, or any other facility that provides medical care or advice, along with any pharmacy, x-ray department, radiology department, laboratory, physical therapist/physical therapy department, rehabilitation specialist, chiropractor, or other persons or entities involved in your diagnosis, care and/or treatment, including any of the above types of persons or facilities for the treatment of substance abuse.

5.   "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

6.   "Identify" or "identity" with respect to a document means to state the date and author, type of document or some other means of identifying it and its present location or custodian.  If any such document was in your possession, but is no longer in your possession or subject to your control, explain the disposition of the document.

7.   The term "person(s)," when used herein, means any natural person, as well as corporate and/or governmental entity.

4

8.  "Plaintiff", "Plaintiffs", "You", "Your", and "Yours" when used herein, refer to the individual plaintiff(s) answering these discovery requests, and his/her agent(s), representative(s), and attorney(s).

9.  "Possession, custody or control" shall mean and refer to any documents in your possession, custody or control.  A document is deemed to be in your "possession, custody or control" if is in your physical custody, or if it is in the physical custody of another person or entity and you: (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when you have sought to do so. Such documents shall include, without limitation, documents that are in the custody of your attorney(s), employees, staff, representatives and agents.

10. "Relating to," "relate to," "referring to," 'refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including DOCUMENTS attached to or used in the preparation of or concerning the preparation of the DOCUMENTS.

11. The "Subject Filter" refers to the particular Cook Inferior Vena Cava Filter that was implanted in the named Plaintiff's body and is the subject of Plaintiff's lawsuit.

12. For the purpose of interpreting or construing the scope of these discovery requests, you are instructed to give words their most expansive and inclusive meanings. You should, therefore:

   a.   construe the words "and" as well as "or" in the disjunctive as necessary to make the request more inclusive;

   b.   construe the term "including" to mean "including, but not limited to";

   c.   construe the singular form of a word to include the plural and the plural form to include the singular;

   d.   construe a masculine noun or adjective to include the feminine and vice versa; and,

   e.   construe the past tense of a verb to include the present, and the present tense to include the past.

## INTERROGATORIES

### BACKGROUND INFORMATION

1. Identify the name and address of all persons who provided information or assisted in answering these interrogatories.

2. Please state Your:

   a.   Full name;
   b.   Any prior names, including maiden name;
   c.   Any nicknames or aliases you have used;
   d.   Social Security number
   e.   Date of birth
   f.   Date of death (if applicable)
   g.   Place of birth
   h.   residential address for the last ten (10) years and the dates You lived at each such address.
   i.   All schools, colleges, universities, or other institutions You attended beginning with high school.

6

3.   State whether You are married or have been married in the past, and state the name(s) of Your current spouse and all former spouses, the date any prior marriage ended, how any prior marriage ended, and the date of marriage to Your current spouse.

4.   State the names, ages, birth places, and present addresses of Your children, identifying of which marriage if by different marriages.

5.   Identify the name and age of any person who currently resides with You, their relationship to You, and whether they are financially dependent upon You.

6.   Have You ever been convicted of or pled guilty to any crime ?  If yes, state for each: (a) the original charge made against you; (b) the crime to which You were convicted or pleaded guilty; (c) the name and address of the court in which the proceeding took place; and (d) the case or docket number.

## EMPLOYMENT HISTORY

7.   List name and address of  each and every of Your employers during Your lifetime, and further state Your job title, date so employed there, and rate of pay for each position.

8.   Have You ever served in any branch of the military? If yes, please provide the following information:

a)     Branch of service;

7

b)      serial number and highest rank held;

c)      dates of service;

d)      type of discharge received;

e)      if discharged from the military at any time for any reason relating to Your medical, physical, or psychiatric condition, state the condition(s);

f)      whether You claim any disability arising out of military service.

## CLAIM INFORMATION

5.   With regard to the Cook Inferior Vena Cava Filter implanted in Your body which is the subject of Plaintiff's Complaint (the "Subject Filter"), please state:

a)      The type of filter implanted (i.e, Cook Celect®,  Günther Tulip®, or other);

b)      The date it was implanted in You;

c)      The product code and lot number *(NOTE: a label clearly identifying the product code and lot number accompanies every Cook Inferior Vena Cava Filter and should have been affixed by hospital personnel to some page of your medical records);*

d)      Your understanding of the medical condition for which You received the Subject Filter;

e)      the name and address of the doctor who implanted it;

f)      the name and address of the hospital or other healthcare facility where it was implanted.

6.   Have You ever been implanted with any other vena cava filter or related product besides the Subject Filter?  If yes, please identify for all such device(s) or product(s):

a) the name and manufacturer of the device/product;

b) When was the device or product was implanted and explanted?

8

c) the name and address of the physician who implanted the device or product?

d) why was the other device or product implanted?

7.   Prior to implantation with the Subject Filter, did You receive any written or verbal information or instructions regarding the Subject Filter, including but not limited to any potential risks, dangers, or complications that might be associated with use of the same and/or alternative treatment options?  If yes, please state:

    a)      the date You received the written or verbal information or instructions;

    b)      the name and address the person(s) who provided the information or instructions;

    c)      the name and address all other persons present when the information or instructions were given;

    d)      whether You have copies of the written information or instructions received;

    e)      the specific details You were told regarding any potential complications from implantation of the Subject Filter or of vena cava filters generally.

8.   Did You sign a written consent to authorize the procedure in which the Subject Filter was implanted? If yes, please state:

    a)      the date when the authorization or consent was signed;

    b)      the place where each authorization or consent was signed;

    c)      the name, address, and telephone number of each person present at the time the authorization or consent was signed; and

    d)      the substance of the discussion, if any, when You signed the written authorization or consent.

9. Does the Subject Filter remain implanted in You?   If yes, identify by name and address any health care provider who recommended removing it and Your understanding of why the provider recommended removal.

10. Has the Subject Filter been removed from You in whole or in part? If yes, state:

   a)     The date the Subject Filter, or any portion of it, was removed?

   b)     the name and address of the physician who removed the Subject Filter, or any portion of it;

   c)     the name and address of the medical facility where the Subject Filter, or any portion of it was removed;

   d)      the reason why the Subject Filter, or any portion of it, was removed;

   e)     Why You consented to have the Subject Filter, or any portion of it, removed?

11. State the name and address of each person who, at any time after it was explanted, came into possession of the Subject Filter (or any part thereof) since the date of its removal from Your body, including the dates of possession, and who currently has possession of the Subject Filter or any part of it.

**PLAINITFF'S CLAIMED INJURIES**

12. Do You claim that You suffered bodily injuries as a result or the implantation of the Subject Filter? If yes, state:

   a)     the bodily injuries, including any emotional or psychological injuries, that You claim;
   b)     When is the first time You experienced symptoms of any of the bodily injuries you claim;

   c)     When did You first attribute these bodily injuries to the Subject Filter;

10

d)      The approximate date when You first saw a health care provider for each of the bodily injuries You claim to have experienced relating to the Subject Filter.

e)      Describe in detail Your current symptoms, if any, related to Your claimed bodily injuries;

f)      If You are currently seeing, or have been seen by any healthcare provider for any of the bodily injuries or symptoms listed above, list all doctors by name and address You have seen for treatment of any of the bodily injuries, as well as the approximate dates of treatment.

## CLAIMED DAMAGES

13. State and itemize the total amount of damages You claim, including the specific amount of damages sought for:

a)      expenses in obtaining and receiving medical care and treatment;

b)      loss of wages, earnings, salaries, and profits, and earning potential;

c)      Out-of-pocket expenses;

d)      Any permanent impairment of the body;

e)      Alleged future medical expenses;

f)      any other damages sought.

## CONSORTIUM CLAIM

14. Identify by name and address any person who is asserting a loss of consortium claim as part of Your lawsuit, their relationship to You, and state the specific nature of their claim including each and every basis of alleged damages (i.e., loss of services of spouse, impaired sexual relations, etc.).

11

**MEDICAL BACKGROUND**

15. In chronological order, list any and all conditions, surgeries, procedures and/or hospitalizations You had in the twenty (20) year period BEFORE implantation of the Subject Filter, including identification of the name and address the doctors, hospitals or other healthcare providers involved with treatment of each such condition or involved in each surgery, procedure or hospitalization, along with the approximate date(s) for each.   Your response should include, but not be limited to, whether You have been diagnosed with any of the following conditions:  Lupus, Crohn's Disease, Factor V Leiden, Protein Deficiency, Cancer, Anti-thrombin deficiency, or Prothrombin mutation.

16. In chronological order, list any and all  conditions, surgeries, procedures and/or hospitalizations You have had from the time the Subject Filter was implanted through to the present.  Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with the treatment of each such condition and with each surgery, procedure and hospitalization; and provide the approximate date(s) for each.

17. Do You now or have You ever smoked cigarettes, marijuana or any other products or substances which are burned and inhaled?  If yes, list all  such products or substances You currently use, all past periods of time You used each  such product or substance, the quantity used (for example, cigarette packs/day), and whether You were ever advised by any physician to stop smoking or using  each such product or substance.

18. List each prescription medication You have taken within the period beginning ten (10) years prior to implant of the Subject Filter to present, giving the name and address of the pharmacy where You received/filled each medication, the reason You took the medication, and the approximate dates of use.

19. Have You ever been diagnosed with and/or treated for any alcohol, chemical or other dependency?         If yes, specify type of dependency and time period of dependency, type of treatment received, name of treatment provider, and current status of condition.

20. Have You experienced, been diagnosed with or been treated for any mental health conditions including depression, anxiety or other emotional, mental, or psychiatric disorders in the ten (10) year period prior to implantation of the Subject Filter?  If yes, specify condition, date of onset, medication/treatment, treating physician and current status of condition.

## INSURANCE INFORMATION

21. Provide the following information for any past or present medical insurance coverage within the last ten (10) years:

   a) Name and address of insurance company;
   b) Policy number and name of policy holder/insured (if different than You);
   c) Approximate dates of coverage.

13

22. Please state whether You are currently enrolled in Medicare?  If yes, please state:

     a)       Your Medicare Health Insurance Claim No.;

     b)       date You became eligible to receive  Medicare benefits;

     c)       If You became eligible for Medicare by reason other than turning age 65, state the other basis here;

     d)       The total amount of payments to date by Medicare for treatment You contend is related to Your alleged injuries at issue in this suit.

23. Have You ever applied for life or health insurance and been turned down for any reason?  If so, identify completely all companies to which You applied and which turned You down, the dates applied and denied coverage, and the reasons given by the insurance company for denying the request for insurance coverage.

## PRIOR CLAIM INFORMATION

24. Have You filed a lawsuit or made a claim in the last ten (10) years, other than in the present suit, relating to any bodily injury? If yes, please specify the Court in which lawsuit/claim was filed, Case/Claim Number; and nature of claim.

25. Have You applied for Workers' Compensation, Social Security disability (SSI or SSD) benefits, or other State or Federal disability benefits within the past ten (10) years? If yes, please specify the following the date of application, type of benefits sought, agency/insurer from which you sought the benefits, the nature of the claimed injury/disability, and whether the claim was accepted or denied.

**FACT WITNESSES**

26. Identify by name, address and relationship to You, all persons who possess information concerning the Subject Filter, the medical procedure(s) described in Your Complaint, Your claimed injuries and/or damages, and a summary the information You believe they possess.

**BASIS OF SUIT**

27. If any person, including but not limited to doctors, nurses, hospital employees, or other healthcare providers, has made any statement, comment or other communication or representation asserting, claiming, implying or otherwise indicating there was some problem, defect or malfunction in the Subject Filter, state the substance of the communication, the name and address of each person who made any such communication, the date and time such communication was made, and the location where such a communication was made.


28. Have You or anyone acting on Your behalf had any communication, oral or written, with any of the Cook Defendants and/or their representatives (other than Cook's defense counsel) and/or the U.S Food and Drug Administration regarding the Subject Filter and/or Your alleged injuries? If yes, set forth: (a) the date of the communication, (b) the method of communication, (c) the name of the person with whom You communicated, and (d) the substance of the communication.


29. State whether You have made any claim or commenced any action against anyone other than the named defendants, including, but not limited to, the physician who implanted the Subject Filter, as a result of the injuries or losses that You allege in this action, and, if so,

15

state the nature of the claim or action, the names and address of all of the parties involved; and the present status of the claim or action.

30. Have You agreed with any person, company, corporation or organization to refrain from suing or to settle with, dismiss, or release them from any cause of action arising out of the occurrences described in Your Complaint or have you already released any such person?  If yes, please state the date and terms of each such agreement, the parties thereto; and the amount of money and a detailed description of any other consideration received for each such agreement.

31. If You contend that any alternative design for the Subject Filter would have made it in any way safer or if You contend that an alternative design would have prevented Your claimed injuries, state the complete factual basis for Your contention including the basis of Your alternate design.

32. Describe in detail each design and manufacturing defect You allege exists or existed in or with the Subject Filter, including all facts and circumstances that support Your assertion of the existence of a defect, the ways in which the alleged defect caused or contributed to Your alleged injuries, and the documents which reflect and/or the individuals with knowledge of such defect.

33. Describe in complete detail all evidence that supports Your assertion that the Cook Defendants violated any statutes, rules, or regulations, and specify said statute, rule, or regulation allegedly violated.

34. Describe in complete detail all evidence that supports Your assertion that the Cook Defendants were negligent in any respect regarding the design, manufacture, marketing or sale of the Subject Filter.

35. Describe in detail each basis you have , if any, for alleging the Subject Filter to be unreasonably dangerous.

36. Do You contend that inadequate warnings were given to You regarding the medical procedure(s) wherein the Subject Filter was implanted or extracted from Your body? If yes, fully and completely describe why the warnings provided were inadequate and what warning should have been given to You.

37. Identify in detail each and every design change, manufacturing change, warning or instruction change you allege could have been made by Cook Defendants to prevent in injuries alleged in Your Complaint.

38. If You contend that Cook Defendants failed to provide any of Your  physicians with adequate warning or instructions regarding the Subject Filter, please (a) identify which physicians You contend received inadequate warnings or instructions; (b) describe what

17

warnings or instructions should have been given; and (c) describe how any alleged

inadequate warnings given caused or contributed to Your injuries.


39. If You contend that Cook Defendants breached any express or implied warranty

with respect to the Subject Filter, identify the specific warranty that was breached, the source

of the warranty, and all documents or other evidence in support of Your assertion of such

breach.


40. Identify all witnesses and evidence You intend to use to support any claim by You

for punitive damages in this present lawsuit by You.


41. Do You allege that any person or entity not a party hereto caused or contributed to

the injuries and damages You alleged in Your Complaint?  If yes, identify each such person

or entity and the facts to support Your assertion that each such person or entity caused or

contributed to Your injuries and damages.

## ELECTRONICALLY STORED INFORMATION (ESI)

42. Identify all emails You have sent to any third party, other than Your attorneys,

regarding the Subject Filter, or the injuries and damages alleged in Your Complaint.


43. Please state whether You use or ever have used the websites Facebook, Twitter,

Instagram, Vine, Snapchat, YouTube, LinkedIn, Pinterest, or other social media websites?  If

yes, for each website You have used, including ones not specifically listed above, please

provide:

a)      all user names, handles, login names or IDs and e-mail addresses applicable to the login or use of said website;

b)      the approximate date or date range of use for each website.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to The Following
Actions:
[Insert cause no.]

**Plaintiff:** _____
[Name of Plaintiff]

## DEFENDANTS' MASTER REQUESTS FOR PRODUCTION TO PLAINTIFF(S) [INSERT PLAINTIFFS' NAMES]

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the Case Management Plan entered November 25, 2014, Defendants Cook Incorporated, Cook Medical LLC, formerly known as Cook Medical Incorporated, and William Cook Europe ApS, propound the following Master Requests For Production upon Plaintiff(s) [insert names] to be responded to fully and completely within thirty (30) days of service thereof.

## INSTRUCTIONS

1.      In responding to these Requests, You are required to produce all Documents known or reasonably available to You, regardless of whether such Documents are in Your possession, custody, or control or in the possession, custody, or control of Your agents,

representatives or investigators, including Your attorneys or their agents, employees, representatives, or investigators.

      2.     If any of the Documents or information requested cannot be produced in full, You are required to specify, to the extent possible, the reasons for Your inability to produce the remainder, and the approximate date when You expect to produce such Documents.

      3.    If You reasonably determine that any Request calls for production of privileged or protected Documents or information, You must provide the following information in a written response, identifying the Documents or information withheld from production and stating further:

      (a)    The reason for withholding the Document or information;

      (b)    A statement of the legal basis for the claim of privilege, work product or the other ground for non-disclosure;

      (c)    A brief description of the Document, including:

         i.    The date of the Document;

         ii.    The number of pages, attachments, and appendices;

         iii.    The name(s) of its author(s) or preparer(s) and identification by employment and title of each such person;

         iv.    The name of each person who was sent, shown, or copied on the Document, or has had access to or custody of the Document, together with an identification of each such person;

         v.    The present custodian; and

         vi.    The subject matter of the Document in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

      4.    These Requests impose a continuing obligation upon You. If after producing Documents or information responsive to these Requests additional information or Documents become available, You are required to produce such additional Documents or information.

5.      With respect to each Document requested that has been lost, destroyed, or otherwise disposed of since its preparation or receipt, You must provide the following information:

    (a)   A general description of the subject matter, author, recipient(s), date;

    (b)   The identity of each person who has received a copy or had an opportunity to receive a copy thereof;

    (c)   The last custodian of the original or copies thereof; and

    (d)   The circumstances whereby the document was disposed of, destroyed, or lost.

6.      All Documents produced in response to these Requests shall be organized and labeled to correspond with the number of the specific request to which they are responsive.


## DEFINITIONS

1.      "Communication" and/or "correspondence" shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, or seminars or any other exchange of information between You and any other person or entity.

2.      "Cook Defendants" when used herein refers to Cook Incorporated, Cook Medical LLC, formerly known as Cook Medical Incorporated, and William Cook Europe ApS, to the extent each such Cook company was named as a defendant in Your lawsuit.

3.      "DOCUMENT", "DOCUMENTS" and "DOCUMENTATION" as used herein shall have the broadest possible meaning under Fed. R. Civ. P. 34, and shall include, without limitation, any database, written, printed, typed, photostatic, photographed, recorded,

computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, correspondence and communications (as defined below) of any type (including but not limited to video files, audio files, inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), DOCUMENTS maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or DOCUMENTS of whatever description or kind, whether produced or authorized by or on behalf of YOU or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of YOU, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on YOUR behalf.

4.      "Healthcare provider" shall mean any medical provider, doctor, physician, surgeon, psychiatrist, psychologist, counselor, therapist, nurse, pharmacist, hospital, clinic,

medical center, physician's office, infirmary, medical/diagnostic laboratory, or any other

facility that provides medical care or advice, along with any pharmacy, x-ray department,

radiology department, laboratory, physical therapist/physical therapy department, rehabilitation

specialist, chiropractor, or other persons or entities involved in your diagnosis, care and/or

treatment, including any of the above types of persons or facilities for the treatment of

substance abuse.

   5.  "Identify" or "identity" with respect to persons, means to give, to the extent

known, the person's full name, present or last known address, and when referring to a natural

person, additionally, the present or last known place of employment.

   6.  "Identify" or "identity" with respect to a document means to state the date and

author, type of document or some other means of identifying it and its present location or

custodian.  If any such document was in your possession, but is no longer in your possession or

subject to your control, explain the disposition of the document.

   7.  The term "person(s)," when used herein, means any natural person, as well as

corporate and/or governmental entity.

   8.  "Plaintiff", "Plaintiffs", "You", "Your", and "Yours" when used herein, refer to

the individual plaintiff(s) answering these discovery requests, and his/her agent(s),

representative(s), and  attorney(s).

   9.  "Possession, custody or control" shall mean and refer to any documents in your

possession, custody or control.  A document is deemed to be in your "possession, custody or

control" if is in your physical custody, or if it is in the physical custody of another person or

entity and you: (a) own such document in whole or in part; (b) have a right by contract, statute

or otherwise to use, inspect, examine or copy such document on any terms; (c) have an

understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when you have sought to do so. Such documents shall include, without limitation, documents that are in the custody of your attorney(s), employees, staff, representatives and agents.

10.     "Relating to," "relate to," "referring to,"  'refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including DOCUMENTS attached to or used in the preparation of or concerning the preparation of the DOCUMENTS.

11.     The "Subject Filter" refers to the particular Cook Inferior Vena Cava Filter that was implanted in the named Plaintiff's body and is the subject of Plaintiff's lawsuit.

12.     For the purpose of interpreting or construing the scope of these discovery requests, you are instructed to give words their most expansive and inclusive meanings. You should, therefore:

    a.    construe the words "and" as well as "or" in the disjunctive as necessary to make the request more inclusive;

    b.    construe the term "including" to mean "including, but not limited to";

    c.    construe the singular form of a word to include the plural and the plural form to include the singular;

    d.    construe a masculine noun or adjective to include the feminine and vice versa; and,

    e.    construe the past tense of a verb to include the present, and the present tense to include the past.

## REQUESTS

REQUEST NO 1.:     All diplomas, transcripts or similar documents evidencing or relating to each institution or school identified by You in response to Master Interrogatory No. 2.

REQUEST NO 2.:     All medical records or discharge papers relating to or concerning Your military service and discharge therefrom.

REQUEST NO 3.:     All documents pertaining to divorce proceedings or legal separation from Your current spouse.

REQUEST NO 4.:     All documents created by You, including but not limited to journal entries, lists, memoranda, notes, diaries, photographs, videos, DVDs or other media, referencing or relating to Cook Inferior Vena Cava Filters generally, the Subject Filter and/or the injuries and damages alleged in Your Complaint.

REQUEST NO 5.:     All documents, photographs, films, videos or simlar data that depict Your present health or medical condition, and/or Your claimed injuries and damages.

REQUEST NO 6.:     All medical records relating to or evidencing the injuries and damages You allege in Your Complaint, including any original x-ray, MRI, CT or other images.

REQUEST NO 7.:     All records evidencing medications taken by You for the injuries You allege in Your Complaint.

REQUEST NO 8.:     All documents, including but not limited to journal entries, lists, memoranda, notes, diaries, photographs, videos, DVDs or other media, referencing or relating to Cook Inferior Vena Cava Filters generally, the Subject Filter and/or the injuries and damages alleged in Your Complaint.

REQUEST NO 9.:     All medical bills and documentation of medical charges and expenses of any kind incurred as a result of Your claimed injuries in Your Complaint.

REQUEST NO 10.:    All documentation of out-of-pocket expenses and any other damages sought by You beyond medical bills and expenses.

REQUEST NO 11.:    All documents related to or supporting any claim for consortium damages in this lawsuit by anyone.

REQUEST NO 12.:    All documents evidencing or relating to Your income from wages from all employers for the period five (5) years prior to implantation of the Subject Filter to the present.

REQUEST NO 13.:    All documents evidencing or relating to Your income from sources other than Your employers for the period five (5) years prior to implantation of the Subject Filter to the present.

REQUEST NO 14.:    Copies of Your Federal and State tax returns for the five (5) years prior to implantation of the Subject Filter to the present.

REQUEST NO 15.:    All statements, in any form or format, and all transcriptions thereof, from any person (including parties) regarding or relating to the subject matters of Your Complaint.

REQUEST NO 16.:    All documents pertaining or relating to any communication, oral or written, with any of the Cook Defendants and/or their representatives (other than Cook's defense counsel).

REQUEST NO 17.:    All documents showing or concerning any communication between You and the Food and Drug Administration (FDA), or between You and any employee or agent of the Cook Group Defendants, regarding Cook Inferior Vena Cava Filters in general or the Subject Filter in particular.

REQUEST NO 18.:    All documents, correspondence or communication in Your possession, custody or control relating to Cook Inferior Vena Cava Filters which was exchanged between Cook Group Defendants and Your healthcare providers.

REQUEST NO 19.:    All research (including on-line research) that You conducted regarding the medical complaints or conditions which You allege are related in any way to the Subject Filter.

REQUEST NO 20.:    All communications (sent or received) which shall include materials accessible to You from any computer on which You have sent or received such communications, concerning Cook Inferior Vena Cava Filters in general, the Subject Filter in particular, or the injuries You alleged in Your Complaint, including but not limited to all letters, emails, blogs, Facebook posts, or Tweets sent or received by You.

REQUEST NO 21.:   All product warnings, instructions for use, packaging, package inserts, product labeling, advertising, photographs, or any other documents in Your possession, custody or control related to the Subject Filter.

REQUEST NO 22.:   All documents reflecting the model number and lot number of the Subject Filter.

REQUEST NO 23.:   All documents reflecting any testing being undertaken, or previously undertaken, by You or Your counsel upon or with the Subject Filter or any part thereof.

REQUEST NO 24.:   Produce for inspection the Subject Filter and /or any part thereof in Your possession.

REQUEST NO 25.:   All documents ever given to You describing risks and/or benefits of inferior vena cava filters in general and/or the Subject Filter in particular, which You received before the Subject Filter was implanted within Your body.

REQUEST NO 26.:   All documents concerning payment by Medicare on Your behalf relating to the injuries claimed in Your Complaint.  This includes, but is not limited to Interim Conditional Payment Summaries and/or estimates prepared by Medicare or its representatives regarding payments made on Your behalf for medical expenses relating to the subject of this litigation.

REQUEST NO 27.:   All documents evidencing or relating to reimbursement for any medical bills incurred as a result of Your claimed injuries.

REQUEST NO 28.:   All documents relating to Your response to Master Interrogatory No. 23 regarding denial of life or health insurance to You by any company.

REQUEST NO 29.:   All documents related to or evidencing all lawsuits or claims made by You in the last ten (10) years, other than in the present suit, relating to any bodily injury.

REQUEST NO 30.:   All applications for Workers' Compensation, Social Security disability (SSI or SSD) benefits, or other State or Federal disability benefits within the past ten (10) years.

REQUEST NO 31.:   All documents to which You or Your counsel have consulted, referred or otherwise utilized in preparing responses to Defendants' Master Set of Interrogatories and Requests For Production.

REQUEST NO 32.:   All documents identified or listed in any answer by You to any Master Interrogatory, but not otherwise requested herein.

REQUEST NO 33.:   All documents pertaining to any claim or action asserted by You against anyone other than the named defendants, including, but not limited to the physician who implanted the Subject Filter, as a result of the injuries or losses that You allege in Your Complaint.

REQUEST NO 34.:   All documents pertaining to any agreement with any person, company, corporation or organization to refrain from suing or to settle with, dismiss, or release them from any cause of action arising out of the occurrences described in Your Complaint.

REQUEST NO 35.:   All documents related to or in any way supportive of  Your response to Master Interrogatory No. 31 pertaining to any alleged alternative design.

REQUEST NO 36.:   All documents related to or in any way supportive of Your response to Master Interrogatory No. 32 pertaining to any alleged deign or manufacturing defect.

REQUEST NO 37.:   All documents related to or in any way supportive of Your response to Master Interrogatory No. 33 pertaining to any alleged violation of any statute, rule or regulation by Cook Defendants.

REQUEST NO 38.:   All documents related to or in any way supportive of Your response to Master Interrogatory No. 34 pertaining to any alleged negligence by Cook Defendants.

REQUEST NO 39.:   All documents related to or in any way supportive of Your response to Master Interrogatory Nos. 36 and 38 pertaining to any alleged inadequacy or incompleteness of warnings or instructions that accompanied the Subject Filter.

REQUEST NO 40.:   All documents related to or in any way supportive of Your response to Master Interrogatory No. 39 pertaining to any alleged breach of warranty by Cook Defendants.

REQUEST NO 41.:   All documents related to or in any way supportive of Your claim, if any, for punitive damages in this lawsuit.

REQUEST NO 42.:   All reports prepared by any experts on Your behalf.

REQUEST NO 43.:   If You were appointed by any court to represent any other plaintiff in this lawsuit, produce any documents demonstrating such appointment.

REQUEST NO 44.:   If You represent the estate of a deceased person in this lawsuit, produce a copy of the decedent's death certificate and autopsy report.

REQUEST NO 45.:   All documents evidencing burial, funeral, cremation, or similar types of expense or damages You are claiming under any wrongful death claim You have asserted.