UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:
    1:14-cv-06019-RLY-TAB

**ANSWER OF COOK MEDICAL INCORPORATED, COOK INCORPORATED, COOK GROUP, INC., AND WILLIAM COOK EUROPE APS TO PLAINTIFFS' COMPLAINT**

For their Answer to the Complaint of the Plaintiffs Elizabeth and James Hughes, by way of admissions and denials thereto, the Defendants Cook Medical, Incorporated ("CMI"), now Cook Medical LLC ("CML"), Cook Incorporated ("CI"), Cook Group, Inc. ("CGI"), and William Cook Europe ApS ("WCE") (collectively, "Cook Defendants"), state:

**I.    PARTIES**

1.    Cook Defendants are without sufficient information as to the allegations in paragraph 1.

2.    Cook Defendants admit only that CML, formerly CMI, is a limited liability company organized under the laws of the state of Indiana, has its principal place of business in Indiana, is a citizen of Indiana, and markets and sells Günther Tulip™ vena cava filters and Cook Celect® vena cava filters. Cook Defendants deny the remaining allegations in paragraph 2.

3.    Cook Defendants deny that CI is the parent corporation of CML, formerly CMI. Cook Defendants admit the remaining allegations in paragraph 3.

    4.    Cook Defendants admit the allegations in paragraph 4, except that CMI is now CML.

    5.    Cook Defendants admit the allegations in paragraph 5.

    6.    Cook Defendants deny that the statements in paragraph 6 require a response from them.

## II. JURISDICTION

    1.    Cook Defendants are without sufficient information as to the allegations in paragraph 1.

    2.    Cook Defendants are without sufficient information as to the allegations in paragraph 2.

    3.    Cook Defendants deny the allegations in paragraph 3.

    4.    Cook Defendants deny that the United States District Court for the Northern District of Ohio has diversity jurisdiction over this lawsuit.

## III. VENUE

    1.    Cook Defendants are without sufficient information as to the allegations in paragraph 1.

    2.    Cook Defendants deny that they are subject to the United States District Court for the Northern District of Ohio's personal jurisdiction with respect to this action.

    3.    Cook Defendants deny the allegations in paragraph 3.

    4.    Cook Defendants admit only that WCE is not a resident of the United States and deny all other allegations in paragraph 4.

    5.    Cook Defendants deny that the United States District Court for the Northern District of Ohio has venue over this action under 28 U.S.C. § 1391(b)(1).

6. Cook Defendants are without sufficient information as to the allegations in paragraph 6.

## IV. RELATIONSHIP BETWEEN DEFENDANTS

1. Cook Defendants are without sufficient information as to the allegation of paragraph 1 that "Plaintiff is uncertain of the precise relationship between each of the Defendants." Cook Defendants deny the remaining allegations in paragraph 1.

2. Cook Defendants deny the allegations in paragraph 2.

## V. STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

1. Cook Defendants are without sufficient information as to the allegations in paragraph 1.

2. Cook Defendants are without sufficient information as to the allegations in paragraph 2.

3. Cook Defendants are without sufficient information as to the allegations in paragraph 3.

4. Cook Defendants are without sufficient information as to the allegations in paragraph 4.

5. Cook Defendants admit that CML markets and sells medical devices for use in various medical applications, including Cook Celect® vena cava filters. Cook Defendants also admit that CI develops and manufactures medical devices for use in various medical applications and that it was involved in the design, research, development, and testing of the Cook Celect® vena cava filter, but they deny that CI manufacturers that device. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter. Cook Defendants are

without information as to whether and at what time Plaintiff was implanted with a Cook Celect® vena cava filter. Cook Defendants deny all other allegations in paragraph 5.

      6.     Cook Defendants admit that CML markets and sells medical devices for use in various medical applications, including the Cook Celect® vena cava filter, which is intended for the prevention of recurrent pulmonary embolism in certain situations as described in the Instructions for Use ("IFU") for that medical device. Cook Defendants also admit that CI develops and manufactures medical devices for use in various medical applications and that it was involved in the design, research, development, and testing of the Cook Celect® vena cava filter, but they deny that CI manufacturers that device. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter. Cook Defendants deny all other allegations in paragraph 6.

      7.     Cook Defendants admit that CML markets and sells medical devices for use in various medical applications, including the Cook Celect® vena cava filter, which is intended for the prevention of recurrent pulmonary embolism in certain situations as described in the IFU for that medical device and which may be retrieved under the circumstances described in the IFU for that medical device and in accordance with the "Optional Retrieval Procedure" described in the IFU for that medical device. Cook Defendants admit only that CI develops and manufactures medical devices for use in various medical applications and that it was involved in the design, research, development, and testing of the Cook Celect® vena cava filter, but they deny that CI manufacturers that device. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter. Additionally, Cook Defendants admit that Cook Celect® vena cava filter can be introduced and placed via an 8.5 French coaxial introducer sheath system. Cook Defendants deny all other allegations in paragraph 7.

8. Cook Defendants deny that the statements in paragraph 8 require a response from them.

9. Cook Defendants admit only that CI, acting on behalf of WCE, sought clearance from the United States Food & Drug Administration ("FDA") to market the Cook Celect® vena cava filter (which Plaintiffs refer to as the "Cook Filter") pursuant to Section 510(k) of the Medical Device Amendments to the Food, Drug & Cosmetic Act (the "MDA"). Cook Defendants deny the remaining allegations in paragraph 9.

10. Cook Defendants admit only that, on or about April 20, 2007, CI was granted clearance by FDA to market the Cook Celect® vena cava filter for the intended uses described in the FDA-approved IFU for that device. Cook Defendants deny the remaining allegations in paragraph 10.

11. Cook Defendants admit only that Section 510(k) of the MDA speaks for itself, and they deny the remaining allegations in paragraph 11.

12. Cook Defendants admit only that the Cook Celect® vena cava filter is intended for the intended uses described in the IFU for that device, and they are without information as to the remaining allegations in paragraph 12.

13. Cook Defendants admit only that pulmonary emboli can be fatal and are without sufficient information as to the remaining allegations in paragraph 13.

14. Cook Defendants admit only that the Cook Celect® vena cava filter is designed for the intended uses specified in the IFU, and they are without sufficient information as to the remaining allegations in paragraph 14.

15. Cook Defendants admit only that the Cook Celect® vena cava filter may be retrieved under the circumstances described in the IFU for that device, and in accordance with

the "Optional Retrieval Procedure" described in the IFU for that device, and that the Cook Celect® vena cava filter is substantially equivalent to and, therefore, based in part on the Cook Günther Tulip® vena cava filter. Cook Defendants deny the remaining allegations in paragraph 15.

  16. Cook Defendants admit only that the Cook Celect® vena cava filter has four anchoring struts for fixation and eight secondary struts shaped to assist in promoting centering of the filter within the cava. Cook Defendants deny the remaining allegations in paragraph 16.

  17. Cook Defendants deny the allegations in paragraph 17.

  18. Cook Defendants deny the allegations in paragraph 18.

  19. Cook Defendants deny the allegations in paragraph 19.

  20. Cook Defendants deny the allegations in paragraph 20.

  21. Cook Defendants deny the allegations in paragraph 21.

  22. Cook Defendants admit only that the Cook Celect® vena cava filter itself, though not the entire set in which it is sold, is constructed of conichrome, and they deny all other allegations in paragraph 22.

  23. Cook Defendants deny the allegations in paragraph 23.

  24. Cook Defendants deny the allegations in paragraph 24.

  25. Cook Defendants deny the allegations in paragraph 25.

  26. Cook Defendants deny the allegations in paragraph 26.

  27. Cook Defendants deny the allegations in paragraph 27.

  28. Cook Defendants admit only that the cited article, Durack JC, Westphalen AC, Kekulawela S, et al. Perforation of the IVC: Rule Rather Than Exception After Longer Indwelling Times for the Günther Tulip and Celect, Retrievable Filters. Cardiovasc Intervent

Radiol (2012 Apr.); 35(2): 299-308 (Published online 30 March 2011), exists and speaks for itself, and they deny the remaining allegations in paragraph 28.

29.     Cook Defendants admit only that the cited article by Durack JC, et al., *supra*, exists and speaks for itself, and they deny the remaining allegations in paragraph 29.

30.     Cook Defendants admit only that IFUs for the Cook Celect® vena cava filter exist in various versions and speak for themselves.  Cook Defendants deny the remaining allegations in paragraph 30.

31.     Cook Defendants admit only that the Cook Celect® and Günther Tulip ® Vena Cava Filter Patient Guide and the Advancing Pulmonary Embolism Prevention pamphlet exist and speak for themselves. Cook Defendants deny the remaining allegations in paragraph 31.

32.     Cook Defendants are without information as to the allegations in paragraph 32.

33.     Cook Defendants admit only that Section 2307.71(A)(5) of the Ohio Revised Code speaks for itself and they deny all other allegations in paragraph 33.

34.     Cook Defendants admit only that Section 2307.71(A)(9) of the Ohio Revised Code speaks for itself and that WCE manufactures the Cook Celect® vena cava filter.  Cook Defendants deny all other allegations in paragraph 34.

35.     Cook Defendants admit only that Section 2307.71(A)(12)(a) of the Ohio Revised Code speaks for itself and they deny all other allegations in paragraph 35.

## VI.    COUNT ONE

1.      Cook Defendants incorporate their answers to each and every paragraph of Plaintiff's Statement of Facts Applicable to All Counts as if fully set forth herein.

2.      Cook Defendants deny the allegations in paragraph 2.

### A.    Manufacturing Defect

3. Cook Defendants deny the allegations in paragraph 3.

4. Cook Defendants deny the allegations in paragraph 4.

5. Cook Defendants deny the allegations in paragraph 5, including its subparts.

6. Cook Defendants deny that the doctrine of *res ipsa loquitur* applies and deny that the remaining statements in paragraph 6 require a response from them.

**B.    Marketing Defect**

7. Cook Defendants deny the allegations in paragraph 7, including its subparts.

8. Cook Defendants deny the allegations in paragraph 8, including its subparts.

9. Cook Defendants admit only that IFUs for the Cook Celect® vena cava filter exist in various versions and speak for themselves. Cook Defendants deny the remaining allegations in paragraph 9.

10. Cook Defendants deny the allegations in paragraph 10.

11. Cook Defendants deny the allegations in paragraph 11.

12. Cook Defendants deny the allegations in paragraph 12, including its subparts.

13. Cook Defendants deny the allegations in paragraph 13.

**C.    Design Defects**

14. Cook Defendants deny the allegations in paragraph 14.

15. Cook Defendants deny the allegations in paragraph 15, including its subparts.

16. Cook Defendants deny the allegations in paragraph 16, including its subparts.

17. Cook Defendants deny the allegations in paragraph 17, including its subparts.

**D.    Unreasonable Dangerousness**

18. Cook Defendants deny the allegations in paragraph 18.

19. Cook Defendants deny the allegations in paragraph 19.

    **E.**    <u>**Cause**</u>

20. Cook Defendants deny the allegations in paragraph 20.

**VII.**    <u>**COUNT TWO**</u>

1. Cook Defendants incorporate their answers to each and every paragraph of Plaintiff's Statement of Facts Applicable to All Counts as if fully set forth herein.

2. Cook Defendants deny the allegations in paragraph 2.

3. Cook Defendants deny the allegations in paragraph 3, including its subparts.

4. Cook Defendants deny the allegations in paragraph 4.

**VIII.**    <u>**CIRCUMSTANTIAL EVIDENCE OF DEFECT**</u>

Cook Defendants deny the allegations set forth in the paragraph under the heading "Circumstantial Evidence of Defect."

**IX.**    <u>**DAMAGES APPLICABLE TO ALL COUNTS**</u>

1. Cook Defendants incorporate their answers to each and every paragraph of Plaintiff's Statement of Facts Applicable to All Counts as if fully set forth herein.

2. Cook Defendants incorporate their answers to each and every Count of Plaintiff's Complaint as if fully set forth herein.

3. Cook Defendants deny the allegations in paragraph 3, including its subparts.

4. Cook Defendants deny the allegations in paragraph 4, including its subparts.

**X.**    <u>**PUNITIVE DAMAGES**</u>

1. Cook Defendants incorporate their answers to each and every paragraph of Plaintiff's Statement of Facts Applicable to All Counts as if fully set forth herein.

2. Cook Defendants deny that the statements in paragraph 2 require a response from them. Cook Defendants deny that their "actions showed willful misconduct, malice, fraud,

wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."

## XI. FURTHER ANSWERS

For their further answers to Plaintiffs' Complaint, Cook Defendants state as follows:

1. Plaintiffs' claims are barred by applicable statutes of limitations.

2. Plaintiff Elizabeth Hughes assumed or incurred any risks associated with the use of any Cook Defendants' medical device or product in connection with her medical treatment by providing her informed consent prior to undergoing medical treatment.

3. Plaintiffs' claims are barred by the doctrine of laches.

4. Plaintiffs' claims are preempted by the MDA, FDA regulations and other federal law in accordance with the Supremacy Clause of the United State Constitution. *See* 21 U.S.C. § 360k and *Riegel v. Medtronic*, 552 U.S. 312 (2008).

5. Cook Defendants had no duty to warn Plaintiff Elizabeth Hughes of any risks associated with the use of any medical device or product for which Cook Defendants are responsible, as any such medical device was supplied to a knowledgeable and sophisticated user of such product, or a learned intermediary, with adequate warnings and IFU, or because that learned intermediary had independent knowledge of any risks associated with the use of such medical device and chose to use it without regard to the adequacy of the warnings and IFU supplied with it.

6. Any medical device or product for which Cook Defendants are responsible conformed to the state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged and labeled, and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

7. Any medical device or product for which Cook Defendants are responsible complied with applicable codes, standards, regulations, or specifications of FDA, an agency of the United States; Council Directive 93/42/EEC of the European Community, The Medical Device Directive; BEK no. 1263 of 15.12.2008, Ministry of Health and Prevention, Denmark; The Canadian Medical Device Regulatory SOR/98-282 May 1998; the Australian Therapeutic Goods (Medical Devices) Regulations 2002; and applicable articles of the Japanese Pharmaceutical Affairs Law (MHLW Ministerial Ordinance no. 169, 2004). Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

8. Plaintiffs' damages were caused, in whole or in part, by the comparative or contributory negligence of Plaintiffs.

9. Plaintiffs' damages or losses, if any, were caused or contributed to by the fault of other products, persons, firms, corporations or entities over whom Cook Defendants had and have no control, or right of control, and for whom they owe no legal responsibility, including culpable non-parties who will be discovered through Cook Defendants ongoing investigation and discovery and to which the jury can allocate fault at trial.

10. Plaintiffs' claims against Cook Defendants are barred for the reason that their damages, if any, were caused by an intervening or superseding proximate cause.

11. A cause of any physical harm sustained by Plaintiff Elizabeth Hughes was misuse of any medical device or product for which Cook Defendants are responsible by Plaintiff Elizabeth Hughes or by a person or persons not reasonably expected by Cook Defendants at the time the product was sold, and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

12. A cause of any physical harm sustained by Plaintiff Elizabeth Hughes was a modification or alteration of any medical device or product for which Cook Defendants are responsible after delivery of the product to the initial user or consumer that was a proximate cause of the harm and was not reasonably expectable by Cook Defendants, and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

13. The Complaint fails to state a claim upon which relief can be granted to the extent that Plaintiffs seek to recover punitive damages from Cook Defendants.

14. Any award of punitive damages in this case would be impermissible under the standards established by the United States Supreme Court in the case of *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

15. Any punitive damages would violate the due process requirements of the Fourteenth and Fifth Amendments of the Constitution of the United States of America.

16. Any punitive damages may be awarded only if Plaintiffs prove by clear and convincing evidence that Cook Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

17. Cook Defendants reserve the right to assert additional further answers as they become known through the investigation and discovery process.

## XII. REQUESTED RELIEF

**WHEREFORE**, Cook Defendants pray that Plaintiffs takes nothing against them by their Complaint, and for all other proper relief.

### XIII. DEMAND FOR JURY TRIAL

Cook Defendants demand a trial by jury on all issues so triable.

Submitted this 23rd day of January, 2015.

                                                Respectfully submitted,

                                                */s/ Sandra L. Davis*
Douglas B. King, Esq., Lead Counsel
James M. Boyers, Esq.
Christopher D. Lee, Esq.
John C. Babione, Esq.
Sandra L. Davis, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:   (317) 639-6151
Fax:   (317) 639-6444
dking@woodmclaw.com
jboyers@woodmclaw.com
clee@woodmclaw.com
jbabione@woodmclaw.com
sdavis@woodmclaw.com
kmcdonald@woodmclaw.com

Counsel for Defendants Cook Medical Incorporated, Cook Incorporated, Cook Group Inc., and William Cook Europe ApS

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2015, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. A copy of the filing was also served via U.S. Mail to the following non-CM/ECF participants:

Jay Harris
HARRIS, RENY & TORZEWSKI
3rd Floor
Two Maritime Plaza
Toledo, OH 43604

                                                   */s/ Sandra L. Davis*
                                                   Sandra L. Davis

1128964-1 (10909-0857)