UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION MDL 2570, | ) ) ) ) ) ) ) ) ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | |

No. 1:14-ml-02570-RLY-TAB

**ENTRY ON MARCH 13, 2015, TELEPHONIC STATUS CONFERENCE**

Parties appeared by counsel March 13, 2015, for a telephonic status conference. The parties were given an opportunity to be heard on various matters regarding discovery and case management issues set forth in Cook Defendants' status report. [Filing No. 293.] Referencing the arguments as they appear in the status report, the Court makes the following rulings:

1. The Court previously ruled in a February 12, 2015, order that search terms would be limited to 200.[1] The purpose of the ruling was to narrow the search in order to limit the number of unrelated documents captured during discovery. Plaintiffs' attempt to use "dis*" as a search term defeats the purpose behind narrowing the terms. "Dis*" would include multiple terms and would significantly expand the number of search terms available to Plaintiffs. A limit of 200 search terms means exactly that—200 search terms. Thus, absent agreement, "dis*" may not be used as one of the 200 search terms.

---

[1] The February 12, 2015, order reflects that search terms shall not exceed 20. This was in error and should read 200. [Filing No. 244.]

The parties agree that the terms "Celect" and "Tulip" need not include an anchor term, but they dispute whether the search term "Gunther" should require an anchor term. The Court finds that it does. Defendants work with a Professor Gunther. Without an anchor term "Gunther" would also capture any communication relating to Professor Gunther. Defendants established to the Court's satisfaction that without an anchor term Defendants would be required to review and produce an unduly burdensome number of documents. The Court sees no need at this juncture to discard this sensible anchor limitation.

2. Plaintiff may reserve identifying five of its twenty-five custodians without unduly burdening Defendants.

3. Plaintiffs have until March 26, 2015, to file an ESI order with the Court. Given that the parties continue to cooperatively work together, the Court encourages the parties to reach an agreement on the final ESI order.

4. The parties disagree on the protocol for collecting European data. Given the complexities of processing and transferring personal data in Europe, the Court finds this issue would benefit from briefing. Thus, this issue remains under advisement pending briefing from the parties.

5. Defendants seek to limit the time upon which a privilege designation may be challenged. Limiting the time to challenge privilege designations is unusual, though not without merit. While the Court will not impose Defendant's more restrictive time limit on challenging privilege designations, any issues regarding privilege must be asserted by the final pretrial conference or they shall be waived.

  6. The parties appear to have resolved the issue of whether the short form complaint must allege a specific defect.  Thus, the parties shall submit a stipulation, notice of agreement, or proposed order regarding the amended short form complaint by March 26, 2015.

Date:  3/17/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record via email.  Distribution to all remaining counsel of record to be made by Plaintiffs' Lead Counsel.