IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

## CASE MANAGEMENT ORDER #4
## (PARTY PROFILE FORMS & FACT SHEETS PROTOCOL)

This Order shall govern (1) all cases transferred to this court by the Judicial Panel on

Multidistrict Litigation, including those cases identified in the original Transfer Order and those

subsequently transferred as tag-along actions; and (2) all cases directly filed in or removed to this

MDL. It is ORDERED as follows:

**1.      Plaintiff Profile Form**

a.      The parties have agreed upon the use of a Plaintiff Profile Form ("PPF") (Exhibit

1), including eight (8) releases, attached to this Order. The PPF shall be completed in each case

currently pending, and in all cases that become part of this MDL by virtue of being filed in,

removed to, or transferred to this court.

b.      Each plaintiff in this MDL as of the date of the entry of this Order shall submit a

completed PPF to defendants by April 15, 2015.  In cases filed or transferred after the date of this

Order, each plaintiff shall submit a completed PPF to defendants within forty-five (45) days of

filing their complaint. Every plaintiff is required to provide defendants with a PPF that is

substantially complete in all respects, answering every question in the PPF, even if a plaintiff can

answer the question in good faith only by indicating "not applicable." The PPF shall be signed

by plaintiff under penalty of perjury. If a plaintiff brings suit as representative or derivative capacity, the PPF shall be completed by the person with the legal authority to represent the estate or person under legal disability. Consortium plaintiffs shall also sign the PPF, attesting that the responses made to the loss of consortium claim questions in the PPF are true and correct to the best of his or her knowledge, information and belief, formed after due diligence and reasonable inquiry.

      c.     A completed PPF shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. The interrogatories and requests for production in the PPF shall be answered without objection as to the question posed in the agreed upon PPF. This section does not prohibit a plaintiff from withholding or redacting information from medical or other records provided with the PPF based upon a recognized privilege. If information is withheld or redacted on the basis of privilege, plaintiff shall provide defendants with a privilege log that complies with Rule 26(b)(5) simultaneously with the submission of the PPF.

      d.     Contemporaneous with the submission of a PPF, each plaintiff shall provide the defendants with hard copies or electronic files of all medical records in their possession or control, including, in particular, records that support product identification.

      e.     Contemporaneous with the submission of a PPF, each plaintiff shall also produce signed authorizations, which allow counsel for Defendants to obtain medical, insurance, employment, Medicare/Medicaid, and Social Security records from any healthcare provider, hospital, clinic, outpatient treatment center, and/or any other entity, institution, agency or other custodian of records identified in the PPF and, if applicable, the Plaintiff Fact Sheet. The signed

authorizations shall be undated and the recipient line shall be left blank. These blank, signed authorizations constitute permission for counsel for the Defendants to obtain the records specified in the authorizations from the records custodians. In the event an institution, agency or medical provider to which a signed authorization is presented refuses to provide responsive records, plaintiff's counsel shall resolve the issue with the institution, agency, or provider, such that the necessary records are promptly provided.

f.      Each plaintiff shall immediately preserve and maintain, without deletions or alterations, any content of any personal webpage(s) or social media accounts currently held by them, including but not limited to, photographs, text, links, messages and other postings or profile information that is relevant to the subject matter of this litigation. "Social media" includes, but it not limited to, Facebook, Myspace, Linked In, Friendster, and/or blogs. The plaintiffs shall preserve this data by downloading it to a suitable storage device, by printing out copies on paper, or by other means consistent with law and court rules applicable to document and data preservation.

g.      If a plaintiff does not submit a PPF within the time specified in this Order and the Case Management Plan entered by the Court, defendants may move immediately to dismiss that plaintiff's case without prejudice.

h.      If defendants receive a PPF in the allotted time but the PPF is not substantially complete, defendants' counsel shall send deficiency correspondence by e-mail and/or U.S. mail to Plaintiffs' Lead Counsel and the plaintiffs' individual representative counsel, identifying the purported deficiencies. Plaintiff shall have twenty (20) days from receipt to serve a PPF that is substantially complete in all respects. This correspondence shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.

i.      Any plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants.

**2.      Plaintiff Fact Sheet**

a.      Each plaintiff in this MDL as of the date of the entry of this Order shall submit a completed Plaintiff Fact Sheet ("PFS") (Exhibit 2) to defendants by April 15, 2015.  In cases filed or transferred after the date of this Order, each plaintiff shall submit a completed PFS to defendants within forty-five (45) days of filing their complaint. The PFS shall be signed by plaintiff under penalty of perjury. The PFS shall constitute the initial defendant–specific discovery of plaintiff, and the defendant shall not serve upon plaintiff any interrogatories or requests for production of documents that are specific to an individual case unless the case is chosen as a discovery pool case.

b.      Contemporaneous with the submission of their PFS, plaintiffs shall provide the following categories of information posted by the plaintiff on any social media websites identified in the PFS disclosures:

1)      Photographs and/or videos, if any, posted by the plaintiff which show the plaintiff taking part in physical or recreational activity from one year preceding the date of his or her implant through the date of the signing of the PFS and any comments, posts, or messages made by the plaintiff related to same.

2)      Photographs or videos, if any, posted by the plaintiff showing plaintiff in the hospital, at the doctor's office, or recovering after the date(s) of his or her implant or retrieval, if any, and any comments, posts, or messages made by the plaintiff related to same;

3)      Comments, posts or messages, if any, made by the plaintiff regarding inferior vena cava filter product(s), the procedure(s) or surgery(ies) at issue;

4)      Comments, posts or messages, if any, made by the plaintiff regarding any significant health conditions of the plaintiff from one year preceding the date of his or her implant date through the date of the signing of the PFS;

5)      Where plaintiff has alleged emotional injury other than pain and suffering, comments, posts or messages, if any, made by plaintiff regarding the plaintiff's emotional condition from one year preceding the date of his or her implant date through the date of the signing of the PFS; and

6)      Comments, posts, links, messages or pages, if any, made by the plaintiff concerning the plaintiff's lawsuit or inferior vena cava filter litigation in general.

Plaintiffs pursuing a consortium claim shall likewise produce the information set forth in 1) through 6) above that is posted by either plaintiff on his/her social media website(s) regarding the plaintiff in whom the device was implanted.

The information required to be produced pursuant to 1) through 6) above includes any otherwise responsive information that may have been marked "private" on the plaintiff's social media website(s). Where materials produced pursuant to this section contain private medical or other information about a non-party, the plaintiff shall redact identifying and/or any other information pertaining to that non-party.

c.      If defendants receive a PFS in the allotted time but the PFS is not substantially complete, defendants' counsel shall send deficiency correspondence by e-mail and/or U.S. mail to the Plaintiffs' Lead Counsel and the plaintiffs' individual representative counsel, identifying the purported deficiencies. The plaintiff shall have twenty (20) days from receipt of that

correspondence to serve a PFS that is substantially complete in all respects. This correspondence shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.

      d.      Any plaintiff who fails to comply with the PFS obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants.

      **3.      Defendant Fact Sheet**

      a.      The parties have agreed upon the use of a Defendant Fact Sheet ("DFS") (Exhibit 3), attached to this Order. The DFS shall be completed in each case currently pending, and in all cases that become part of this MDL by virtue of being filed in, removed to, or transferred to this court.

      b.      For each plaintiff in currently filed cases that were a part of this MDL as of the date of the entry of this Order the defendants shall submit a completed DFS to plaintiffs by May 15, 2015. In cases filed or transferred after the date of this Order, the defendants shall submit a completed DFS to plaintiffs within ninety (90) days of filing. Defendants are required to provide plaintiffs with a DFS that is substantially complete in all respects, answering every question in the DFS, even if a defendant can answer the question in good faith only by indicating "not applicable." The DFS shall be signed by defendants under penalty of perjury. The DFS shall constitute the initial plaintiff–specific discovery of defendants, and no plaintiff shall serve upon any defendant interrogatories or requests for production of documents that are specific to an individual plaintiff, treating physician, or sales representative unless the case is chosen as a discovery pool case.

c.      A completed DFS shall be considered interrogatory answers under Fed. R. Civ. P.

33 and responses to requests for production under Fed. R. Civ. P.34, and will be governed by the

standards applicable to written discovery under Federal Rules 26 through 37. The interrogatories

and requests for production in the DFS shall be answered without objection as to the questions as

posed in the agreed upon DFS. However, defendants may assert objections relevant to

information specific to an individual plaintiff in the DFS, where appropriate in that case.

d.      If a defendant fails to timely submit a DFS, or submits within the allotted time a

DFS that is not substantially complete, the Plaintiffs' Lead Counsel shall send a deficiency

correspondence by e-mail and/or U.S. mail to Counsel for that defendant, identifying the

purported deficiencies. This correspondence shall include sufficient detail for the parties to meet

and confer regarding the alleged deficiencies. Defendant shall have twenty (20) days from

receipt of that correspondence to serve a DFS that is substantially complete in all respects.

Should a defendant fail to cure the deficiencies identified and fail to provide responses that are

substantially complete in all respects within twenty (20) days of service of the deficiency

correspondence, plaintiff may move for appropriate relief under Federal Rule of Civil Procedure

37. Any such filing shall be served on Lead Counsel for that defendant, with any response to

such filing to be submitted within ten (10) days following the date of service. Any such filing

should include the efforts the plaintiffs made to meet and confer regarding the alleged

deficiencies in the DFS and failure to cure.

e.      Any defendant who fails to comply with the DFS obligations under this Order

may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion

of the plaintiffs.

**SO ORDERED** this:

 

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

**AGREED TO BY:**

*s/ Irwin B. Levin (with consent)*
Irwin B. Levin, Esq.
COHEN & MALAD LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel:    (317) 636-6481
Fax:    (317) 636-2593
ilevin@cohenandmalad.com

Lead Counsel for Plaintiffs

*s/ Christopher D. Lee*
Douglas B. King, Esq.
James M. Boyers, Esq.
Christopher D. Lee, Esq.
John C. Babione, Esq.
Sandra L. Davis, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:    (317) 639-6444
dking@woodmclaw.com
jboyers@woodmclaw.com
clee@woodmclaw.com
sdavis@woodmclaw.com
kmcdonald@woodmclaw.com

Counsel for Cook Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

*MDL No. 2570*
IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION

In completing this **Plaintiff Profile Form**, you are under oath and must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.

## I. CASE INFORMATION

**Caption:** _____ **Date:** _____
**Docket No.:** _____
**Plaintiff(s) attorney and Contact information:**

_____
_____
_____
_____

## II. PLAINTIFF INFORMATION

**Name:** _____
**Spouse:** _____ **Loss of Consortium?**  □Yes □ No
**Address:** _____
**Date of birth:** _____
**Social Security No.:** _____

## III. DEVICE INFORMATION[1]

**Date of Implant:** _____
*Reason for Implant:* _____
**Brand Name:** _____ **Mfr.** _____
**Lot Number:** _____
**Placement Physician:** _____
**Medical Facility:** _____

---

[1] Note: In lieu of device information, the relevant procedure/operating records may be provided, as long as all requested information is fully legible on the face of said records.

Date of Implant: _____
*Reason for Implant:* _____
**Brand Name:** _____  **Mfr.** _____
**Implanting Physician:** _____
**Medical Facility:** _____

*• Attach medical evidence of product identification.*

## IV. RETRIEVAL/REMOVAL/EXPLANT PROCEDURE INFORMATION

**Date of retrieval (including any attempts):**_____
*Type of retrieval:* _____
**Retrieval physician:** _____
**Medical Facility:** _____
**Reason for Retrieval:** _____


**Date of retrieval (including any attempts):**_____
*Type of retrieval:* _____
**Retrieval physician:** _____
**Medical Facility:** _____
**Reason for Retrieval:** _____


**Date of retrieval (including any attempts):**_____
*Type of retrieval:* _____
**Retrieval physician:** _____
**Medical Facility:** _____
**Reason for Retrieval:** _____


**Date of retrieval (including any attempts):**_____
*Type of retrieval:* _____
**Retrieval physician:** _____
**Medical Facility:** _____
**Reason for Retrieval:** _____

## V.  OUTCOME ATTRIBUTED TO DEVICE

| | |
|---|---|
| □ **Migration** | □ **Other** |
| □ **Tilt** | □ **Other** |
| □ **Vena Cava Perforation** | □ **Other** |
| □ **Fracture** | □ **Other** |
| □ **Device is unable to be retrieved** | □ **Other** |
| □ **Bleeding** | □ **Other** |
| □ **Organ Perforation** | □ **Other** |

## VI.  HOW OUTCOME(S) ATTRIBUTED TO DEVICE DETERMINED

_____ by _____
(e.g. imagine studies, surgery, doctor visits)
_____ by _____

_____ by _____

_____ by _____

## VII.  CURRENT COMPLAINTS

Describe all current complaints you attribute to the device:
_____
_____
_____
_____
_____

## VIII.  PAST HISTORY

**Number of Deep Vein Thromboses: _____     Number of Pulmonary Emboli: _____**

**Prior to, or following placement of the device, have you ever had or been diagnosed with:**

_____          **Lupus**
_____          **Crohn's Disease**
_____          **Factor V Leiden**
_____          **Protein Deficiency**
_____          **Spinal fusion or other back procedures**
_____          **Anti-thrombin deficiency**
_____          **Prothrombin mutation**

**Are you claiming damages for lost wages: [ ] Yes          [ ] No**
**If so, for what time period: _____**
**Have you filed for bankruptcy from 5 years prior to the date of first placement of the Inferior Vena Cava Filter to the present?: [ ] Yes [ ] No**
**If so, when, and has the bankruptcy trustee been notified of your pending claim?**
**_____**

**Do you have a computer?  [ ] Yes [ ] No**

**If so, are you a member of Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn or other social media websites?**
**[ ] Yes [ ] No**

Please provide all user names, handles, login names, or IDs and/or email addresses associated with each type of social media used.  Please do not include any passwords:

_____

## IX. LIST ALL TREATING PHYSICIANS FROM TEN (10) YEARS PRIOR TO THE DATE OF FIRST PLACEMENT OF THE INFERIOR VENA CAVA FILTER, TO THE PRESENT.  INCLUDE ALL PRIMARY CARE PHYSICIANS, INTERVENTIONAL RADIOLOGISTS, VASCULAR SURGEONS, HEMATOLOGISTS, PSYCHIATRISTS, PSYCHOLOGISTS, OR ANY OTHER SPECIALISTS.

**Primary Care Physicians:**

Name: _____

Address: _____

Approximate Period of Treatment: _____


Name: _____

Address: _____

Approximate Period of Treatment: _____


**Interventional Radiologists, Vascular Surgeons and/or Hematologists:**

Name: _____

Address: _____

Approximate Period of Treatment: _____


Name: _____

Address: _____

Approximate Period of Treatment: _____


Name: _____

Address: _____

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

<u>Psychiatrists/Psychologists (Complete this answer only if making a claim for emotional/psychological injury other than usual "pain and suffering and mental anguish"):</u>

Name: _____

Address: _____

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

*Attach additional pages as needed to identify other health care providers you have seen.*

## AUTHORIZATIONS

Provide ONE (1) SIGNED ORIGINAL copy of the records authorization form attached in Exhibit A. The form will authorize counsel for the Cook Group Companies to obtain those records identified within this Claimant Profile Form.

## VERIFICATION

I, _____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
[Signature of Claimant]

## VERIFICATION OF LOSS OF CONSORTIUM (if applicable)

I, _____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
[Signature of Consortium Plaintiff]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

Case No.: 1:14-ml 2570-RLY-TAB
MDL No. 2570

This Document Relates:

Case No:

_____

Plaintiff: _____
          [Name of Plaintiff]

**PLAINTIFF FACT SHEET**

     Each plaintiff who allegedly suffered injury as a result of a Cook Inferior Vena Cava Filter must complete the following Plaintiff Fact Sheet ("Fact Sheet"). In completing this Fact Sheet, you are **under oath and must answer every question**. You must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details as requested, please provide as much information as you can and then state that your answer is incomplete and explain why, as appropriate. If you select an "I Don't Know" answer, please state all that you do know about that subject. If any information you need to complete any part of the Fact Sheet is in the possession of your attorney, please consult with your attorney so that you can fully and accurately respond to the questions set out below. If you are completing the Fact Sheet for someone who cannot complete the Fact Sheet herself, please answer as completely as you can.

     The Fact Sheet shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. A completed Fact Sheet shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37. Therefore, you must supplement your responses if you learn that they are incomplete or incorrect in any material respect. The questions and requests for production of documents contained in this Fact Sheet are non-objectionable and shall be answered without objection. This Fact Sheet shall not preclude Cook Defendants from seeking additional documents and information on a reasonable, case-by-case basis, pursuant to the Federal Rules of Civil Procedure and as permitted by the applicable Case Management Order.

In filling out this form, "healthcare provider" shall mean any medical provider, doctor, physician, surgeon, pharmacist, hospital, clinic, medical center, physician's office, infirmary, medical/diagnostic laboratory, or any other facility that provides medical care or advice, along with any pharmacy, x-ray department, radiology department, laboratory, physical therapist/physical therapy department, rehabilitation specialist, chiropractor, or other persons or entities involved in your diagnosis, care and/or treatment.

In filling out this form, the terms "You" or "Your" refer to the person who received a Cook Vena Cava Filter manufactured and/or distributed by Cook Group Companies, including Cook Medical Incorporated, Cook Incorporated, Cook Group Incorporated and/or William Cook Europe ApS ("Cook Group Defendants") and who is identified in Question I. 1 (a) below.

To the extent that the form does not provide enough space to complete your responses or answers, please attach additional sheets as necessary. Information provided by Plaintiff will only be used for the purposes related to this litigation and may be disclosed only as permitted under the protective order in this litigation.

Nothing herein prohibits the plaintiff from withholding any materials or information protected by a claim of privilege, however, a privilege log will be made available to Cook Defendants' counsel.

## I. BACKGROUND INFORMATION

1.  Please state:

    a)  Full name of the person who received the Cook Inferior Vena Cava Filter(s), including maiden name: _____

    b)  If you are completing this form in a representative capacity (e.g., on behalf of the estate of a deceased person), please list your full name and your relationship to the person listed in 1 (a) above: _____
    _____

        [If you are completing this form in a representative capacity, please respond to the remaining questions with respect to the person who received the Cook IVC Filter.]

    c)  The name and address of your primary attorney:

2.  Your Social Security Number: _____

3.  Your date of birth: _____

4.  Your current residential address: _____

2

5.      If you have lived at this address for less than ten (10) years, provide each of your prior residential addresses from 2000 to the present:

| Prior Address | Dates You Lived at this Address |
|---|---|
| | |
| | |
| | |

6.      Have you ever been married? Yes ___ No ___

   If yes, provide the names and addresses of each spouse and the inclusive dates of your marriage to each person.

   _____

   _____

   _____

7.      Do you have children? Yes ___ No ___

   If yes, please provide the following information with respect to each child:

| Full Name of Child | Date of Birth | Home Address (if different from your own) | Whether Biological/Adopted |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

8.      Identify the name and age of any person who currently resides with you and their relationship to you:

   _____

   _____

   _____

9.    Identify all secondary and post-secondary schools you attended, starting with high school and please provide the following information with respect to each:

| Name of School | Address | Dates of Attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

10.   Please provide the following information for your employment history over the past ten (10) years up until the present:

| Name of Employer | Address | Job Title/Description of Duties | Dates of Employment | Salary/Rate of Pay |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

11.   Have you ever served in any branch of the military? Yes ___ No ___

If yes, please provide the following information:

a.    Branch and dates of service, rank upon discharge and the type of discharge you received: _____

b.    Were you discharged from the military at any time for any reason relating to your medical, physical, or psychiatric condition? Yes ___ No ___

If yes, state what that condition was: _____

_____

12.   Within the last ten (10) years, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty? Yes ___ No ___

If yes, please set forth where, when and the felony and/or crime of fraud and/or dishonesty:

_____

_____

## II. CLAIM INFORMATION

1) Have you ever received a Cook Inferior Vena Cava Filter? Yes ____ No ____

   If yes, please check the box(es) for each type of Cook Inferior Vena Cava Filter you have received:

   [ ] Cook Celect®

   [ ] Günther Tulip®

   [ ] Other (please identify): _____

2) For each Cook Inferior Vena Cava Filter identified above, please provide the following information:

   a) The date each Cook Inferior Vena Cava Filter was implanted in you:

   b) The product code and lot number of each Cook Inferior Vena Cava Filter you received if you are aware of them: _____

   c) Location of the Cook Inferior Vena Cava Filter, if known: _____
   _____

3) Describe your understanding of the medical condition for which you received the Cook Inferior Vena Cava Filter(s): _____

4) Give the name and address of the doctor who implanted the Cook Inferior Vena Cava Filter(s): _____

5) Give the name and address of the hospital or other healthcare facility where the Cook Inferior Vena Cava Filter was implanted: _____
   _____

6) Have you ever been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for the treatment of the same condition(s) identified in your answer to (3) above?

If yes, please identify any such device(s) or product(s).

When was this device or product implanted in you?

Did the implantation take place before, at the same time, or after the procedure during which you were implanted with a Cook Inferior Vena Cava Filter?

Who was the physician(s) who implanted this other device or product?

Where was the other device or product implanted in you?

Why was the other device or product implanted in you?

7) Prior to implantation with a Cook Inferior Vena Cava Filter, did you receive any written and/or verbal information or instructions regarding the Cook Inferior Vena Cava Filter(s), including any risks or complications that might be associated with the use of the same?

Yes ___ No ___ Don't Know_____

If yes:

a) Provide the date you received the written and/or verbal information or instructions:

b) Identify by name and address the person(s) who provided the information or instructions:

c) What information or instructions did you receive?

d) If you have copies of the written information or instructions you received, please attach copies to your response.

e) Were you told of any potential complications from the implantation of the Cook Inferior Vena Cava Filter(s)?  Yes ___ No ___ Don't Know _____

f) If yes to (e), by whom?

g) If yes to (e), what potential complications were described to you?

8) Do you believe that the Cook Inferior Vena Cava Filter remains implanted in you?  If so,

a) Has any doctor recommended removal of the Cook Inferior Vena Cava Filter(s)? Yes ___ No ___

If yes, identify by name and address the doctor who recommended removal and state your understanding of why the doctor recommended removal.

9)   Has any physician ever told you that he or she removed any Cook Inferior Vena Cava Filter(s) from you, in whole or in part?

Yes ___ No ___ Don't Know _____

If yes:

a)   Identify the date, name of the medical provider and the name/address of the medical facility where you told of the potential complications resulting from or caused, in whole or in part, by the implantation of Cook Inferior Vena Cava Filter(s)?

b)   Where, when and by whom was the Cook Inferior Vena Cava Filter(s), or any portion of it, removed?

c)   Explain why you consented to have the Cook Inferior Vena Cava Filter(s), or any portion of it, removed?

d)   Does any medical provider, physician, entity, or anyone else acting on your behalf have possession of any portion of the Cook Inferior Vena Cava Filter (such as a broken strut, etc.) that was previously implanted in you and subsequently removed? Yes ___ No ___ Don't Know _____

e)   If yes, please state name and address of the person or entity having possession of same.

10)   Do you claim that you suffered bodily injuries as a result or the implantation of Cook Inferior Vena Cava Filter(s)? Yes ___ No ___

If yes:

a)   Describe the bodily injuries, including any emotional or psychological injuries, that you claim resulted from the implantation, attempted removal and/or removal of the Cook Inferior Vena Cava Filter(s)?

b)   When is the first time you experienced symptoms of any of the bodily injuries you claim in your lawsuit to have resulted from the Cook Inferior Vena Cava Filter(s)?

c)    When did you first attribute these bodily injuries to the Cook Inferior Vena Cava Filter(s)?

d)    To the best of your knowledge and recollection, please state the approximate date when you first saw a health care provider for each of the bodily injuries you claim to have experienced relating to the Cook Inferior Vena Cava Filter(s).

e)    Are you currently experiencing symptoms related to your claimed bodily injuries?

Yes ____ No ____

If yes, please describe your current symptoms in detail.

f)    Are you currently seeing, or have you ever seen by a doctor or healthcare provider for any of the bodily injuries or symptoms listed above? Yes ____ No ____

If yes, please list all doctors you have seen for treatment of any of the bodily injuries you have listed above.

| Provider Name and Address | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

g)    Were you hospitalized at any time for the bodily injuries you listed above?

Yes ____ No ____

If yes, please provide the following:

| Hospital Name and Address | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

8

11)   Are you making a claim for lost wages or lost earning capacity?

Yes ____ No ____

If yes, state the annual gross income you derived from your employment for each year, beginning five (5) years prior to the implantation of the Cook Inferior Vena Cava Filter(s) until the present:

12)   Are you making a claim for lost out-of-pocket expenses?  Yes ____ No ____

If yes, please identify and itemize all out-of-pocket expenses you have incurred.

13)   Has anyone filed a loss of consortium claim in connection with your lawsuit regarding the Cook Inferior Vena Cava Filter(s)?

Yes ____ No ____

If yes, identify by name and address the person who filed the loss of consortium claim ("Consortium Plaintiff") and state the relationship of that person to you, along and state the specific nature of the claim.

14)   Please indicate whether the Consortium Plaintiff alleges any of the damages set forth below:

| Claims | Yes/No |
|---|---|
| Loss of services of spouse | |
| Impaired sexual relations | |
| Lost wages/lost earning capacity | |
| Lost out-of-pocket expenses | |
| Physical injuries | |
| Psychological injuries/emotional injuries | |
| Other | |

15)   Please list the name and address of any healthcare providers the Consortium Plaintiff has sought treatment for any physical, emotional, or psychological injuries or symptoms alleged to be related to his/her claim.

9

16)    Have you or anyone acting on your behalf had any communication, oral or written, with any of the Cook Defendants and/or their representatives?

Yes ____ No ____ Don't Know ____

If yes, set forth: (a) the date of the communication, (b) the method of communication, (c) the name of the person with whom you communicated, and (d) the substance of the communication.

## III.  MEDICAL BACKGROUND

1)    Provide your *current*: Age _____  Height _____  Weight _____

2)    Provide your: Age _____  Weight _____(approximate, if unknown) *at the time* the Cook Inferior Vena Cava Filter was implanted in you.

3)    In chronological order, list any and all surgeries, procedures and/or hospitalizations you had in the ten (10) year period BEFORE implantation of the Cook Inferior Vena Cava Filter(s).  Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each surgery or procedure; and provide the approximate date(s) for each:

| Approximate Date | Description of Surgery of Hospitalization | Doctor or Healthcare Provider Involved (including address) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

*[Attach additional sheets as necessary to provide the same information for any and all surgeries leading up to implantation of the Cook Inferior Vena Cava Filter(s)]*

10

4)   In chronological order, list any and all surgeries, procedures and/or hospitalizations you had AFTER implantation of the Cook Inferior Vena Cava Filter(s).  Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each surgery or procedure; and provide the approximate date(s) for each:

| Approximate Date | Description of Surgery of Hospitalization | Doctor or Healthcare Provider Involved (including address) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

5)   To the extent not already provided in the charts above, provide the name, address, and telephone number of every doctor, hospital or other health care provider from which you have received medical advice and/or treatment in the past ten (10) years:

| Name and Specialty | Address | Approximate Dates/Years of Visits |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

6) *Before the implantation* of the Cook Inferior Vena Cava Filter(s), did you regularly exercise or participate in activities that required lifting or strenuous physical activity? (Please describe all range of physical activities associated with daily living, physical fitness, household tasks, and employment-related activities.)

Yes ____ No ____

If yes, please describe each activity in detail.

_____

_____

7) *Since the date* that the Cook Inferior Vena Cava Filter(s) was implanted, have you regularly exercised, or regularly participated in activities that required lifting, or regularly engaged in strenuous physical activity? (Please describe all range of physical activities associated with daily living, physical fitness, household tasks, and employment-related activities.)

Yes ____ No ____

If yes, please describe each activity in detail.

_____

_____

8) To the best of your knowledge, have you ever been told by a doctor or another health care provider, that you have suffered, may have suffered, or presently do suffer from any of the following:

| | |
|---|---|
| _____ | Lupus |
| _____ | Crohn's Disease |
| _____ | Factor V Leiden |
| _____ | Protein Deficiency |
| _____ | Spinal fusion or other back procedures |
| _____ | Anti-thrombin deficiency |
| _____ | Prothrombin mutation |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THE FOLLOWING QUESTIONS ARE CONFIDENTIAL AND SUBJECT TO THE PROTECTIVE ORDER APPLICABLE TO THIS CASE.

A)      Have you been diagnosed with and/or treated for any drug, alcohol, chemical and/or any other addiction or dependency during the five (5) years prior to the filing of this lawsuit through the present?      Yes ___ No ___

If yes, specify type and time period of dependency, type of treatment received, name of treatment provider, and current status of condition:

B)      Have you experienced, been diagnosed with or received psychiatric or psychological treatment of any type, including therapy, for any mental health conditions including depression, anxiety or other emotional or psychiatric disorders during the five (5) years prior to the filing of this lawsuit through the present?  Yes ___ No ___

If yes, specify condition, date of onset, medication/treatment, treating physician and current status of condition:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

9)      Do you now or have you ever smoked tobacco products?  Yes ___ No ___

If yes:

How long have/did you smoke?_____

10)     Other than the implantation of the Cook Inferior Vena Cava Filter device that is the subject of your lawsuit, are you aware of any other Vena Cava Filter(s) implanted inside your body?      Yes ___ No ___

If yes, please provide the following information:

a)      Product name:_____

b)      Date of procedure placing it and name and address of doctor who placed it:

_____

c)      Condition sought to be treated through placement of the device:

_____

d)      Any complications you encountered with the medical product or procedure:

_____

e)      Does that product remain implanted inside of you today?      Yes ____ No ____

11)      List each prescription medication you have taken for more than three (3) months at a time, within the last five (5) years prior to implant, giving the name and address of the pharmacy where you received/filled the medication, the reason you took the medication, and the approximate dates of use.

| Medication and Dosage | Pharmacy Name and Address | Reason for Taking Medication | Approximate Date(s) of Use |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## IV. INSURANCE INFORMATION

1)  Provide the following information for any past or present medical insurance coverage within the last ten (10) years:

| Insurance Company Name and Address | Policy Number | Name of Policy Holder/Insured (if different than yourself) | Approximate Dates of Coverage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3)  To the best of your knowledge, have you been approved to receive or are you receiving Medicare benefits due to age, disability, condition or any other reason or basis?

Yes ____ No ____

If yes, please specify the date on which you first became eligible:_____

*[Please note: if you are not currently a Medicare-eligible beneficiary, but become eligible for Medicare during the pendency of this lawsuit, you must supplement your response at that time. This information is necessary for all parties to comply with Medicare regulations. See 42 U.S.C. 1395y(b)(8), also known as Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and 42 U.S.C. 1395y(b)(2) also known as the Medicare Secondary Payer Act.]*

## V.  PRIOR CLAIM INFORMATION

1)   Have you filed a lawsuit or made a claim in the last ten (10) years, other than in the present suit relating to any bodily injury?

Yes ____ No ____

If yes, please specify the following:

a)    Court in which lawsuit/claim was filed or initiated:_____

b)    Case/Claim Number:_____

c)    Nature of Claim/Injury:_____

2)   Have you applied for Workers' Compensation (WC), Social Security disability (SSI or SSD) benefits, or other State or Federal disability benefits within the past ten (10) years?

Yes ____ No ____

If yes, please specify the following:

a)    Date (or year) of application:_____

b)    Type of benefits sought: _____

c)    Agency/Insurer from which you sought the benefits:_____

d)    The nature of the claimed injury/disability: _____

e)    Whether the claim was accepted or denied:_____

## VI. FACT WITNESSES

1) Identify by name, address and relationship to you, all persons (other than your healthcare providers) who possess information concerning your injuries and/or current medical condition:

| Name | Address | Relationship to You | Information You Believe Person Possesses |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VII. IDENTIFICATION OF DOCUMENTS AND OTHER ELECTRONICALLY STORED INFORMATION (ESI)

For the period beginning three (3) years prior to the implantation of the Cook Inferior Vena Cava Filter, please identify all research, including on-line research, that you conducted regarding the medical complaints or condition for which you received the Cook Inferior Vena Cava Filter (pulmonary thromboembolism, anticoagulant therapy, etc.)  Identify the date, time, and source, including any websites visited.  (Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## VIII. DOCUMENT REQUESTS

1)      DOCUMENTS. State whether you have any of the following documents in your possession, custody, and/or control.  If you do, please provide a true and correct copy of any such documents with this completed Fact Sheet.

     a)      If you were appointed by a Court to represent the plaintiff in this lawsuit, produce any documents demonstrating such appointment.

          i.      Not Applicable _____

          ii.     The documents are attached _____  [OR]  I have no documents_____

     b)      If you represent the Estate of a deceased person in this lawsuit, produce a copy of the decedent's death certificate and autopsy report (if applicable).

          i.      Not Applicable _____

          ii.     The documents are attached _____  [OR]  I have no documents_____

     c)      Produce any communications (sent or received) in your possession, which shall include materials accessible to you from any computer on which you have sent or received such communications, concerning the Cook Inferior Vena Cava Filter(s) or subject of this litigation, including, but not limited to all letters, emails, blogs, Facebook posts, Tweets, newsletters, etc. sent or received by you. (Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.)

          i.      Not Applicable _____

          ii.     The documents are attached _____  [OR]  I have no documents_____

     d)      Produce all documents, including journal entries, lists, memoranda, notes, diaries, photographs, video, DVDs or other media, discussing or referencing the Cook Inferior Vena Cava Filter(s), the injuries and/or damages you claim resulted from the Cook Inferior Vena Cava Filter(s), and/or evidencing your physical condition

from three (3) years prior to the implantation of Cook Inferior Vena Cava Filter(s) to present. (Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.)

    i.      Not Applicable _____

    ii.     The documents are attached _____ [OR]  I have no documents_____

e)    Produce any Cook Inferior Vena Cava Filter product packaging, labeling, advertising, or any other product-related items in your possession, custody or control.

    i.      Not Applicable _____

    ii.     The documents are attached _____ [OR]  I have no documents_____

f)    Produce all documents concerning any communication between you and the Food and Drug Administration (FDA), or between you and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue, except those communications which are attorney/client or work product privileged.

    i.      Not applicable _____

    ii.     The documents are attached _____ [OR]  I have no documents_____

g)    Produce all documents, correspondence or communication in your possession, custody or control relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or you, except those communications which are attorney/client or work product privileged.

    i.      Not applicable _____

    ii.     The documents are attached _____ [OR]  I have no documents_____

h)    Produce all documents describing risks and/or benefits of inferior vena cava filters, which you received before your procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s) implanted in you.

    i.      Not applicable _____

    ii.     The documents are attached _____ [OR]  I have no documents_____

i)   Produce any and all documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

    i.   Not applicable _____

    ii.   The documents are attached _____   [OR]   I have no documents_____

j)   If you underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

    i.   Not applicable _____

    ii.   The documents are attached _____   [OR]   I have no documents_____

k)   If you claim lost wages or lost earning capacity, produce copies of your Federal and State tax returns for the five (5) years prior to implantation of the Cook Inferior Vena Cava Filter(s) to the present redacting irrelevant information.

    i.   Not applicable _____

    ii.   The documents are attached _____   [OR]   I have no documents_____

l)   All documents in your possession, custody or control concerning payment by Medicare on behalf of the injured party and relating to the injuries claimed in this lawsuit.  This includes, but is not limited to Interim Conditional Payment summaries and/or estimates prepared by Medicare or its representatives regarding payments made on your behalf for medical expenses relating to the subject of this litigation.

    i.   Not Applicable _____

    ii.   The documents are attached _____   [OR]   I have no documents_____

*[Please note: if you are not currently a Medicare-eligible beneficiary, but become eligible for Medicare during the pendency of this lawsuit, you must supplement your response at that time. This information is necessary for all parties to comply with Medicare regulations. See 42 U.S.C. 1395y(b)(8), also known as Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and 42 U.S.C. 1395y(b)(2) also known as the Medicare Secondary Payer Act.]*

m)   Screenshots of all webpages of each type of social media used by you (including, but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn) showing any and all "posts" and/or "messages" from the date of implantation to the present.

i.      Not Applicable _____

ii.     The documents are attached _____   [OR]   I have no documents_____

## VERIFICATION

I, _____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.


_____

[Signature of Plaintiff]


## VERIFICATION OF LOSS OF CONSORTIUM (if applicable)

I, _____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.


_____

[Signature of Consortium Plaintiff]

1152643-1 (10909-0412)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No.: 1:14-ml 2570-RLY-TAB
MDL No. 2570

This Document Relates:

Case No:

_____

Defendant: _____
                    [Name of Defendant]

**DEFENDANT FACT SHEET**

      For each case, the Cook Defendants must complete this Defendant Fact Sheet ("DFS") in accordance with the schedule established by the Court's Pretrial Order.  In completing this Fact Sheet, you are **under oath and must answer every question**.

      The DFS shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.  A completed Fact Sheet shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37.  Therefore, you must supplement your responses if you learn that they are incomplete or incorrect in any material respect.  The questions and requests for production of documents contained in this Fact Sheet are non-objectionable and shall be answered without objection.  This Fact Sheet shall not preclude Plaintiffs from seeking additional documents and information on a reasonable, case-by-case basis, pursuant to the Federal Rules of Civil Procedure and as permitted by the applicable Case Management Order.

      This DFS must be completed and served on all counsel representing a plaintiff in the action identified in Section I below. Complete fact sheets must be answered and served by May 1, 2015 in accordance with the Case Management Plan entered by this Court on November 25, 2014 (Doc. 57).

      To the extent that a response to the DFS is contained in previously produced documents, the responding defendant(s) may answer by referencing the previously produced document(s).

Such reference must contain sufficient information and/or instructions, including Bates numbers, to allow Plaintiff to access the answer requested with minimal effort.

Each document request and interrogatory not only calls for knowledge but also for all knowledge that is available to you by reasonable inquiry, including inquiry of your officers, directors, employees, contractors and agents.

To the extent that the form does not provide enough space to complete your responses or answers, please attach additional sheets as necessary. Please identify any documents that you are producing responsive to a question with Bates-Stamp identifiers.

In filling out this form, "document" and "documents" mean and refer to a writing and/or recording as defined by Federal Rule 34, including, without limitation, the following terms in their broadest sense, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, "communications", State and Federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, radiographs, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

In filling out this form, the word "communication and/or "correspondence" shall mean and refer to any oral, written, spoken, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, seminars, or any other exchange of information between Defendants and any other person or entity.

In filling out this form, "healthcare provider" shall mean any medical provider, doctor, physician, surgeon, pharmacist, hospital, clinic, medical center, physician's office, infirmary, medical/diagnostic laboratory, or any other facility that provides medical care or advice, along with any pharmacy, x-ray department, radiology department, laboratory, physical therapist/physical therapy department, rehabilitation specialist or chiropractor.

In filling out this form, the terms "You", "Your", or "Yours" refer to the person who sold, marketed, researched, designed, manufactured, consulted, or represented a Cook Vena Cava Filter manufactured and/or distributed on behalf of Cook Group Companies, including Cook Medical Incorporated, Cook Incorporated, Cook Group Incorporated and/or William Cook Europe ApS ("Cook Group Defendants") and who is identified in Question I below.

In filling out this form, "key opinion leader" or "thought leader" shall mean and refer to physicians, often academic researchers, who are believed by Defendants to be effective at

transmitting messages to their peers and others in the medical community. This term shall mean and refer to any doctors or medical professionals hired by, consulted with, or retained by Defendants to, amongst other things, consult, give lectures, respond to media inquiries, conduct clinical trials, write articles or abstracts, sign their names as authors to articles or abstracts written by others, and occasionally make presentations on their behalf at regulatory meetings or hearings.

## I.    CASE INFORMATION

This DFS pertains to the case captioned above:

Case Number and Court in which action was originally filed, if other than Case No.: 1:14-ml 2570-RLY-TAB, MDL No. 2570: _____

Date this DFS was completed: _____

> A. Please provide the following information on the person or persons who provided the information responsive to the questions posed in this DFS:
>
> 1. Name;
> 2. Current position (if no longer employed, last position with Defendant(s));
> 3. City of employment (if no longer employed, city of residence).

## II.    CONTACTS WITH TREATING AND EVALUATING PHYSICIANS

Plaintiff has identified each healthcare provider who treated and/or evaluated Plaintiff for deep vein thrombosis, pulmonary embolism, and/or associated conditions that led to the use of Defendants' Cook Inferior Vena Cava Filter. As to each such healthcare provider, provide the following information:

### A. CONSULTATION AND OTHER NON-SALES REPRESENTATIVE CONTACTS

As to each identified healthcare provider with whom the Defendants were affiliated, consulted or otherwise had contact outside the context of sales representative contacts, set forth the following:

1. Identity of the healthcare provider(s) contacted.

2. Identity and title of each of Defendants' employees who had such contact with the healthcare provider(s).

3. Dates of contact/affiliation with healthcare provider(s), if available.

4.   Nature and reason for the contact/affiliation with healthcare provider(s).

5.   Set forth any monetary and/or non-monetary benefits, including, but not limited to, money, travel, and device samples, provided to the healthcare provider(s) by any agent of any named Defendant, including amounts, dates, and purpose.

6.   For any device manufactured by any named Defendant, set forth any training provided to or by the healthcare provider including, but not limited to, date, location, healthcare provider's role, cost for attending such training, and subject matter.

7.   Set forth any and all services and/or contractual relationships between the healthcare provider(s) and any named Defendant, including, but not limited to:

a. whether the provider participated in any study or clinical trials as a principal investigator or supervising physician at any study site which was sponsored by Defendant(s) on Defendants' behalf;

b. whether the provider has spoken on behalf of Defendant(s) or any of its products;

c. whether the provider has served in any capacity on any advisory board, etc.;

d. whether the provider has ever served as a Key Opinion Leader or Thought Leader for, or on behalf of, any of the named defendants;

e. whether the provider has functioned in any capacity promoting Defendants' products;

f.  whether the provider has ever been employed by or under contract to Defendant(s).

8.   List any written agreements, contracts, letters, memoranda, or other documents setting forth the terms or nature of any contact or affiliation with the healthcare provider; this includes, but is not limited to, any agreements to research or otherwise study any named Defendant's products.

9.   For each facility where the healthcare providers were associated, set forth the number and type of Cook Inferior Vena Cava Filter(s) purchased from you, or otherwise provided by you.

4

10.   Set forth any contact between the Defendants and the healthcare provider with regard to the Plaintiff, this includes, but is not limited to, any information or knowledge Defendants have with respect to research studies conducted on or that include information related to Plaintiff's implant or associated lot number.

11.   Set forth all information provided by the healthcare provider to the Defendants with regard to the safety, use, or efficacy of the Defendants' product(s).

## B. SALES REPRESENTATIVE AND OTHER RELATED CONTACTS

As to each sales representative, supervisor of sales representative, Marketing Organization Representatives, medical liaisons, and/or other detail persons ("Representative") who had any contact with an identified physician or healthcare provider, set forth the following:

1.   Identity of healthcare provider(s) contacted.

2.   Dates of contact with healthcare provider(s), if available.

3.   Nature and description of the contact with healthcare provider(s).

4.   Identity and last known address and telephone number of Representative(s).

5.   The work history with you and current relationship, if any, between the specified Defendant(s) and the Representative(s).

6.   Identity of the Representative(s)' supervisor(s) during his/her employment.

7.   Identify all district and/or regional sales managers, Marketing Organization Representatives, medical liaisons, and/or other detail persons ("Representative") who came in contact with any of Plaintiff's identified healthcare provider(s), and their current relationship, if any, with Cook Group Companies, including name, business address, and responsibilities.

8.   For each Sales Representative, Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative, please produce the most current Curriculum Vitae or Resume.  If the Company is not in possession of a Curriculum Vitae or Resume, produce the portion of that person's personnel file that reflects their educational background and experience over the past 10 years.

9.    For each Sales Representative, Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative, please provide whether within the last ten (10) years any of the individuals have been convicted of, or plead guilty to, a felony and/or crime of fraud and dishonesty, and if yes, when the felony and/or crime of fraud and dishonesty occurred.

10.   Produce all annual, semi-annual or quarterly Plans of Action ("POA") documents used to set out the performance goals and expectations of the sales representatives/teams/territories/company (whether in terms of market share, total prescriptions/new prescriptions, or dollar sales volume); the approved messaging for Representative(s); and that sets out all approved promotional materials (whether approved for "leave behind" or not).

12.   If Defendants or their Representatives, Sales Representatives, Representative(s) or Managers have ever provided any of Plaintiff's healthcare provider(s) with Cook Inferior Vena Cava Filter(s) samples, please provide the identity of the person or entity who received the samples, the date(s) the samples were shipped, the date on which the samples were provided, the number and lot numbers of such samples, and the name of the person who provided the samples.

13.   Set forth all information provided by the healthcare provider to the Representatives, Sales Representatives, Representative(s) or Managers with regard to the Plaintiff.

14.   Set forth all information provided by the the Representatives, Sales Representatives, Representative(s) or Managers with regard to the Plaintiffs.

15.   Set forth the date and location of each operation or procedure performed on the Plaintiff which was attended at all by the Sales Representatives, Representative(s) or Managers.

16.   State whether the sales representative, Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative while employed by you, or acting as an agent or independent contractor on your behalf, has ever been investigated, reprimanded, and/or otherwise penalized by any person, entity, or government agency for his/her sales or marketing practices, and if so set forth the details thereof.

III.   **INFORMATION REGARDING THE PLAINTIFF: COMMUNICATIONS AND RELATIONSHIPS WITH PLAINTIFF'S HEALTHCARE PROVIDERS**

A.    Identify all data, information, objects, and reports in Defendants' possession or control or which have been reviewed or analyzed by Defendants, with regard to

6

the Plaintiff's medical condition; this also includes, but is not limited to, any study or research that includes Plaintiff's specific implant or associated lot number. Attorney-work product is specifically excluded from this request.

B.    Identify any direct or indirect contact, either written or oral, between the Plaintiff and any employee or representative of the Defendants, including, but not limited to, pre-operative inquiries, post-operative complaints, "Dear Healthcare Provider" letters, "Dear Doctor" letters, "Dear Colleague" letters or other similar type of document or letter concerning Cook Inferior Vena Cava Filters, recall letters, telephone or email contacts or meetings. This request specifically includes, but is not limited to, calls to the M.S.&S. hotline and calls to the Field Assurance Department. For any   "Dear Healthcare Provider", "Dear Doctor or "Dear Colleague" letters that you contend were actually sent to the plaintiffs health care providers concerning IVC Filters, please provide:  (1) The letter(s) to whom it was sent including the address, (2) Dates sent; and (3) Any document, database, or list which tends to show recipient was and/or received the letter. Please identify the person who provided information responsive to any requests included in the letter.

C.    Identify and produce any Physician's Information Request Letters ("PIR") or other similar information request that has ever been initiated between the Plaintiff and any employee or representative of the Defendants relating to Cook Inferior Vena Cava Filters, and identify the date of the request and the recipient, the name and address of the sender or requestor, the corresponding bates number of the request, and whether or not a response to the PIR or other similar information request was sent or provided.

D.    Produce communications between the Defendants, the sales representative company and/or sales representative(s), Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative identified in section B above and Plaintiff, to the extent not contained in the complaint file, if any, and identify the Bates numbers of such communications.

E.    Produce and identify any documents that relate in a reasonably direct manner to consulting agreements, if any, between Defendants and any of Plaintiff's healthcare providers, including, but not limited to, all consulting relationships to provide advice on the design, study, testing or use of inferior vena cava devices, or to consult as a thought leader, opinion leader, member of speaker's bureau or similar arrangement. For any of these relationships, please provide the title, location and date of any speaker's programs or conferences attended by Plaintiff's healthcare provider(s), all speakers at the program/conference, and the agenda/brochure for the conference/program.

F.    Produce documents that relate in a reasonably direct manner to relationships, if any, between Defendants and any of Plaintiff's healthcare providers to conduct any pre-clinical, clinical, post-marketing surveillance or other study or trial concerning any blood clot preventative systems, including, but not limited to, the Cook Inferior Vena Cava Filters.

G.    Produce and identify documents that reflect financial compensation, things of value and promotional items provided by Defendants to Plaintiff's healthcare providers.  Please include all fees, expenses, honoraria, royalties, grants, gifts, travel (i.e., airfare, hotel, etc.) and any other payments or things of value given.

H.    Identify all Adverse Event Reports, and all versions of any MedWatch forms and/or any other documents submitted to the FDA or any other government agency with regard to the Plaintiff.

I.    If you have any evidence or records indicating or demonstrating the possibility that any person, entity, condition, or product, other than the Defendants and their product(s), is a cause of the Plaintiff's injuries, ("Alternate Cause") set forth:

    1.    Identify the Alternate Cause with specificity.

    2.    Set forth the date and mechanism of alternate causation.

J.    If Plaintiff's implanting physician ever contacted you requesting information concerning Cook inferior vena cava filters, its indications, effects, and/or risks? If so please identify and attach any documents which refer to your communication with Plaintiff's Implanting Health Care Provider.

K.    In Plaintiff's Fact Sheet, Plaintiff identified his/her Implanting Health Care Provider(s). For each listed provider, please state and produce the following: Do you have or have you had access to any database or information which purports to track any of Plaintiff's Implanting Health Care Provider's implanting practices with respect to Cook Inferior Vena Cava Filter(s). If yes, please produce or identify the database or document which captures that information.

## IV.    MANUFACTURING INFORMATION

A.    Identify the lot number(s) for the device(s) implanted into the Plaintiff.

B.    Identify the lot number(s) for the device(s) used to implant the Defendants' device(s) into the Plaintiff.

C.    Identify the location and date of manufacture for each lot set forth in response to A and B above.

D.    Identify the date of shipping and sale, and the person or entity purchasing, each of Plaintiff's device(s).

E.    Identify all manufacturing facilities and associated lot number(s) of Plaintiff's implanted device(s), including, but not limited to, all trocars and any other

surgical devices or means of implantation included or sold with Plaintiff's implant(s).

F.     Other than Cook related entities, and those entities listed in Sections IV(A-F) herein, the chain of custody of the device from Cook to the healthcare provider.

## V.     PLAINTIFF'S MEDICAL CONDITION:

A.     Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of Plaintiff concerning Plaintiff? If yes, please provide: a) the name of the person(s) who contacted you; b) the person(s) who were contacted including their name, address and telephone number; and c) produce or identify any and all documents which reflect any communication between any person and you concerning Plaintiff.

## VI.     DOCUMENTS

Please ensure that the production of documentation includes specific reference to the question to which the documentation is provided in response. Documentation is defined to include all forms of documents, including, but not limited to, paper, email, video, audio, spreadsheets, or otherwise.

A.     Identify and attach complete documentation of all information set forth in I through IV above; except, you may identify but not serve copies of medical records that were provided to Defendants by Plaintiff's counsel.

B.     Aside from any privileged materials, identify and attach all records, documents, and information that refer or relate to the Plaintiff in Defendants' possession or control, to the extent not identified and attached in response to a prior question.

C.     Produce a true and complete copy of the Device History Record for the Plaintiff's lot number(s).

D.     Produce a true and complete copy of the complaint file relating to the Plaintiff.

E.     All call notes, detail notes, call summaries, entries made by sales representatives into any database or e-room, laptop or other computer or handheld device, hard copy documents, emails, and/or notes or records or summaries of calls, contacts and/or communications of any kind regarding each implanting or treating physician for plaintiff during the relevant time period.

F.     Call notes for all of the plaintiffs' providers who were called upon by Defendants.

9

G.     Detail, sample and voucher history of IVC Filters for the plaintiff's healthcare provider and/or entity.

H.     Copies of all medical/scientific articles or information related to any IVC Filter provided by Defendant(s) employees, representatives, sales representatives, contractors or agents to plaintiff's healthcare provider(s).

I.      Any and all documents reviewed, referred to or relied on in answering this DFS.

## VERIFICATION

_____, declare under penalty of perjury subject to all applicable laws:

That I am an authorized agent of Cook Group Companies and that I verify the Defendants' Response to Plaintiff's Fact Sheet addressed to the Cook Defendants in In re: Cook Medical Devices, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation, Case No.: 1:14-ml 2570-RLY-TAB, MDL No. 2570, and that the matters stated therein are not the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Cook Group Companies and deponent is informed that the facts stated therein are true. I hereby certify, in my authorized capacity as an agent for Cook Group Companies, that the responses to the aforementioned Defendants' Fact Sheet are true and complete to the best of Cook Group Companies' knowledge.


_____
[Name]


_____
[Signature]


_____
[Cook Group Company Name]


_____
[Title]

11