IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION          Case No: 1:14-ml-2570-RLY-TAB
_____ MDL No. 2570

This Document Relates to All Actions
_____

### PLAINTIFFS' SUBMISSION OF PROPOSED ESI ORDER

Now come the Plaintiffs in the above-referenced matter and pursuant to this Court's March 18, 2015 Order, hereby submit their Proposed ESI Order attached hereto as **Exhibit A**. Plaintiffs submit that the attached Order closely follows this Court's previous ESI Order entered on July 2, 2014 in the matter of <u>Adams v. Cook Medical, Inc., et al</u>, USDC (SD Indiana) Case No: 1:13-cv-00013RLY-TAB with the exception of few revisions, some done in agreement with the Defendants' proposed language. Plaintiffs, however, do not agree to the Defendants' rewritten Proposed Order despite the electronic signature line for plaintiffs' counsel without consent. Plaintiffs assume that this was nothing more than inadvertence on the part of the defense. As further grounds for entering the attached proposed Order, Plaintiffs state as follows:

### ARGUMENT

The Order entered in the <u>Adams</u> case took nearly six months to negotiate and complete and the proposed order submitted by the defense is a substantial deviation from the former agreement and this Court's previous Order. To demonstrate how closely Plaintiffs Proposed ESI Order follows the prior agreement among the parties compared to Defendants Proposed ESI Order and the ESI Order entered in <u>Adams</u>, Plaintiffs identify all revisions to the Adams ESI Order below:

**A**.    <u>**Scope**</u>

1. Plaintiffs object to Defendants proposal to exempt the Denmark entities from complying with the laws of the United States and use a different production standard for these entities. Pursuant to this Court's directive, the parties will be submitting briefing on this issue.

B. **ESI Preservation**

1. Plaintiffs object to Defendants attempt to change the word from "discoverable" to "relevant" as agreed and Ordered in <u>Adams</u>, and is contrary to the discovery obligations as set forth under Fed. R. Civ. P. 26. Plaintiffs added language to expand the Rule 26 disclosure limited to <u>Adams</u> to include litigation holds to reflect the entirety of the cases presently in the MDL:

> all those persons disclosed to date pursuant to Fed. R. Civ. P. 26 and any action transferred to this MDL, the custodians identified by plaintiffs' counsel, custodians identified by defense counsel, the persons identified in the ESI Order entered in the <u>Adams v. Cook Medical, et al</u>, USDC (SD Ind) Case No: 1:13-cv-00013, those persons identified within this Order and any other person most likely to have discoverable information or documents.

3. Defendants rewrote this section and added a paragraph 4 to treat the entities in Denmark differently than those in United States. The parties have already previously agreed to these provisions which are set forth in section B (3) of the <u>Adams</u> Order and therefore there should not be any change or revision as proposed by Plaintiffs.

D. **Custodians**

1. Defense added Bruce Fleck at the very end of the paragraph. Plaintiffs have no objection to this additional name. The use of the word "relevant" should be replaced with the word "discoverable" pursuant to Fed. R. Civ. P. 26.

2. Plaintiffs object to Defendants' attempt to change the phrase from "reasonably likely to have information responsive" to "reasonably likely to have relevant information" as

originally agreed and ordered in <u>Adams</u>, and is contrary to the discovery obligations as set forth under Fed. R. Civ. P. 26.

**E.** **Departmental/Project/Collaboration/Shared Storage Spaces:**

2. Plaintiffs object to Defendants attempt to change the phrase from "reasonably likely to have information responsive" to " reasonably likely to have relevant information " as originally agreed and Ordered in <u>Adams</u>, and is contrary to the discovery obligations as set forth under Fed. R. Civ. P. 26. There is no objection to removing the last part of the sentence "under the Federal Rules of Civil Procedure" as it is redundant.

**F.** **ESI and Record Retention Policies**

1. Plaintiff added to the end of the paragraph "within seven (7) days of this Order" to avoid further delay. Plaintiffs object to Defendants use of the phrase "will endeavor" with no time limitation at this stage of the litigation.

**G.** **ESI Search**

2. Plaintiffs object to this entirely new paragraph added by Defendants as being unnecessary and as it seeks to limit what was already agreed or ordered by this Court. De-duplication is covered in a subsequent section by both parties. The files Defendants seek to limit any requirement to search were recently submitted and warrant further discussion among the parties. Plaintiffs believe that they can agree to eliminate many of the file types set forth in Defendants' Proposal, but need more time to meet and confer for further clarification.

**H.** **Electronically Stored Information**

3. Plaintiffs object to any limitation by Defendants to producing access to databases if only portions are responsive to discovery requests. Although there is agreement that Plaintiffs will have access to databases in native format, Defendants seek to prevent access should the

database have additional information not responsive to discovery. Plaintiffs have revised this paragraph to read as follows:

> Databases shall be produced in their entirety in native format regardless of whether they are entirely responsive or partially responsive. Defendants have provided a list of Cook System-Generated Document Sources, which integrate databases and data stores in a structurally complex way. In the event that there are certain fields within the database that may contain information protected by some form of privilege, the party seeking protection shall include that information on a privilege log in the manner set forth in paragraph M(2) and will undertake efforts to redact that portion of the data while maintaining the integrity of the database in native format. If the party is unable to redact the particular field, the parties shall meet and confer to discuss the manner to proceed in order to obtain a redacted version of the data. The parties shall further meet and confer to discuss how to appropriately identify information contained within these with a Bates number and MD-5 hash value.

(See J4 concerning redaction)

**J.     Additional Production**

2(a).   Bates Numbers: Plaintiffs agree to Defendants' proposed revision of "AAA########" to be replaced with "[alpha prefix]########."

3.     Plaintiffs agree with the Defendants to replace the word "Confidentiality" with "Protective Order". Plaintiffs' proposed Order revised the first part of the first sentence to read, "The parties anticipate agreement to some form of Protective Order" as opposed to, "The parties will be entering into a Confidentiality Stipulation."

4.     Redaction: Plaintiff revised this language to reflect this Court's directive to set up conference calls, but otherwise follows the agreement of the parties set forth in the original Adams ESI Order. Plaintiffs object to the Defendants removal of the burden establishing protection.

10.    Plaintiffs agreed to Defendants' addition of this paragraph concerning metadata in extracted text and added this paragraph. Plaintiffs further added Subject and Date fields.

**K.     Timing**

1.      Plaintiffs object to Defendants' proposed language that, "The parties will use reasonable efforts to produce ESI in a timely manner consistent with this Court's discovery schedule."  Instead, Plaintiffs propose that the Order should read, "The parties will comply with the Court's discovery schedule and the Federal Rules of Civil Procedure."

**L.     General Provisions**

5.      Plaintiffs object to the Defendants' reservation of rights to seek further limitations within their Proposed Order as it is unnecessary and inappropriate.

**M.     Documents Protected From Discovery**

2.      Plaintiffs revised this paragraph concerning the privilege log to reflect all cases in the MDL and compliance with the Federal Rules of Civil Procedure.  The proposed language reads:

> Privilege and/or work product communications that are responsive to a discovery request, but withheld must be placed on a privilege log and described in sufficient detail including, without limitation, the claimed privilege, purpose for the creation of the document, subject matter, identification of the custodian, author, identification of all persons who received the document and date so that the party seeking production can readily ascertain the nature of the document and privilege being asserted.

**N.     Clawback**

1.      Plaintiffs object to any change and all the additional provisions proposed by Defendants concerning a request to clawback documents.  The original agreement and Order by this Court in <u>Adams</u> is more than sufficient to address this issue and reads as follows, "The Parties acknowledge the requirements of Federal Rule of Civil Procedure 26(b)(5)(B) in the event of the inadvertent production of documents, files or information subject to the protection of any applicable privilege or the work product doctrine.

There are no other revisions to the agreement and this Court's prior ESI Order that the parties have been operating under. By contrast, Defendants are attempting to add additional provisions and rewrite agreed upon language. As set forth above, for example, Defendants would like to only produce those documents that they deem relevant as opposed to what is reasonably calculated to lead to the discovery of admissible evidence as required under Fed. R. Civ. P. 26.[1] The parties will be submitting separate briefing on this subject matter. In the meantime, however, there is no reason why the principles set forth in the original agreement and previous ESI Order should not stand.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court adopt and enter Plaintiffs Proposed ESI Order attached hereto.

Respectfully submitted,

*/s/ Irwin B. Levin*
Irwin B. Levin, Esq.
COHEN & MALAD LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 636-6481
Fax: (317) 636-2593
ilevin@cohenandmalad.com

Lead Counsel for Plaintiffs

---

[1] Plaintiffs note that Defendants ESI Order also attempts to establish requirements for production of documents from Denmark that do not follow the requirements in the Federal Rules of Civil Procedure. During the March 13, 2015 Status Conference, the Court requested briefing on that issue separate from the ESI Order. Plaintiffs maintain their objection to any deviation from the Federal Rules of Civil Procedure and await Defendants motion for relief from the Federal Rules before filing a full response on that issue.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 27th day of March, 2015, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  A copy of the foregoing was also served via U.S. Mail to the following non-CM/ECF participants:

| | | |
|---|---|---|
| Angela Spears<br>Rosen & Spears<br>5075 Westheimer, Suite 760<br>Houston, TX 77056 | Cliff W. Marcek<br>Cliff W. Marcek, P.C.<br>700 South Third Street<br>Las Vegas, NV 89101 | Wilnar J. Julmiste<br>Anderson Glenn LLP<br>2201 NW Corporate Blvd., Suite 100<br>Boca Raton, FL 33431 |
| Anthony James Urban<br>Law Office of Anthony Urban, P.C.<br>474 N. Centre Street, Third Floor<br>Pottsville, PA 17901 | David J. Britton<br>Law Offices of David J. Britton<br>2209 N. 30th Street, Suite 4<br>Tacoma, WA 98403 | George Jerre Duzane<br>Duzane, Kooperman & Mondelli<br>603 Woodland Street<br>Nashville, TN 37206-4211 |
| Bard K. Brian<br>222 Kentucky Avenue, Suite 10<br>Paducah, KY 42001 | Jay Harris<br>Harris, Reny & Torzewski<br>Two Maritime Plaza, 3rd Floor<br>Toledo, OH  43604 | Joseph A. Napiltonia<br>Law Office of Joe Napiltonia<br>213 Third Avenue North<br>Franklin, TN 37064 |
| Brian J. Urban<br>Law Office of Anthony Urban, P.C.<br>474 N. Centre Street, Third Floor<br>Pottsville, PA 17901 | Justin Kyle Brackett<br>Tim Moore, P.A.<br>305 East King St.<br>Kings Mountain, NC 28086 | Lucas J. Foust<br>Foust Law Office<br>1043 Stoneridge Drive, Suite 2<br>Bozeman, MT 59718 |
| Charles Rene Houssiere, III<br>Houssiere Durant & Houssiere LLP<br>1990 Post Oak Blvd., Suite 800<br>Houston, TX 77056-3812 | Marian S. Rosen<br>Rosen & Spears<br>5075 Westheimer, Suite 760<br>Houston, TX 77056 | W. Bryan Smith<br>Morgan & Morgan, LLC<br>2600 One Commerce Square<br>Memphis, TN 38103 |
| Corrie Johnson Yackulic<br>Corrie Yackulic Law Firm PLLC<br>315 5th Avenue South, Suite 1000<br>Seattle, WA 98104-2682 | Peter C. Wetherall<br>Wetherall Group, Ltd.<br>9345 W. Sunset Road, Suite 100<br>Las Vegas, NV 89148 | Robert M. Hammers, Jr.<br>Jason T. Schneider, P.C.<br>611-D Peachtree Dunwoody Road<br>Atlanta, GA 30328 |
| Thomas H. Terry, III<br>619 Calhoon Road<br>Bay Village, OH 44140 | | |

                                                             */s/ Irwin B. Levin*