UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to ALL ACTIONS

_____

### ANSWER OF COOK DEFENDANTS TO PLAINTIFFS' MASTER CONSOLIDATED COMPLAINT FOR INDIVIDUAL CLAIMS

For their Answer to the Master Consolidated Complaint for Individual Claims (the "Master Complaint"), by way of admissions and denials thereto, Cook Medical, Incorporated ("CMI"), now Cook Medical LLC ("CML"), Cook Incorporated ("CI") and William Cook Europe ApS ("WCE") (collectively, "Cook Defendants")[1], state:

### INTRODUCTION

1.      To the extent the allegations in paragraph 1 relate to them, Cook Defendants deny the allegation in paragraph 1.

2.      Cook Defendants deny the allegations in paragraph 2.

3.      Cook Defendants deny the allegations in paragraph 3.

4.      Cook Defendants deny the allegations in paragraph 4.

5.      Cook Defendants deny the allegations in paragraph 5.

---

[1] The originally named Defendants Cook Group, Inc. ("CGI"), Medical Engineering and Development Institute, Inc. ("MED"), Cook Medical Technologies ("CMT"), Cook Denmark International ApS, Cook Denmark Holding ApS, Cook Group Europe ApS, and Cook Nederland BV are the subject of a proposed agreed dismissal without prejudice that is pending before the Court.  See Amended Joint Motion for Approval and Entry of Case Management Order #3 (Protocol Regarding Dismissal of Additional Cook Entities), filed March 24, 2015 at Dkt. 311.  Accordingly, they are not included as parties answering the Master Complaint.

## PARTIES & JURISDICTION

6.    Cook Defendants deny that the allegations in paragraph 6 require a response from them.

7.    Cook Defendants deny that the allegations in paragraph 7 require a response from them.

8.    Cook Defendants deny the allegations in paragraph 8.

9.    Cook Defendants admit that CGI is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404. Cook Defendants further admit that CGI regularly conducts business in the State of Illinois and Indiana and is authorized to do so. Cook Defendants deny the remaining allegations in paragraph 9.

10.    Cook Defendants admit that CGI is the parent company of CML, formerly CMI, and is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404. Cook Defendants further admit that CGI regularly conducts business in the State of Illinois and Indiana and is authorized to do so. Cook Defendants also admit that CML may be served with process upon its registered agent for service: C/O CSC Lawyers Incorporating Service, 50 West Broad Street, Suite 1800, Columbus Ohio, 43215. Cook Defendants deny the remaining allegations in paragraph 10.

11.    Cook Defendants admit that CGI is the parent company of CML and is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404. Cook Defendants further admit that CGI regularly conducts business in the State of Illinois and Indiana and is authorized to do so. Cook Defendants also admit that CML may be served with process upon its registered agent for service: C/O CSC

Lawyers Incorporating Service, 50 West Broad Street, Suite 1800, Columbus Ohio, 43215. Cook Defendants deny the remaining allegations in paragraph 11.

12.     Cook Defendants admit that CGI is the parent company of CI and is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  Cook Defendants further admit that CGI regularly conducts business in the State of Illinois and Indiana and is authorized to do so.  Cook Defendants deny the remaining allegations in paragraph 12.

13.     Cook Defendants admit that CGI is the parent company of Medical Engineering and Development Institute, Inc. and is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  Cook Defendants further admit that CGI regularly conducts business in the State of Illinois and Indiana and is authorized to do so.  Cook Defendants deny the remaining allegations in paragraph 13.

14.     Cook Defendants admit that CGI is the parent company of Cook Medical Technologies, LLC and is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  Cook Defendants further admit that CGI regularly conducts business in the State of Illinois and Indiana and is authorized to do so.  Cook Defendants deny the remaining allegations in paragraph 14.

15.     Cook Defendants admit that CGI indirectly owns Cook Denmark International ApS and is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  Cook Defendants further admit that CGI regularly conducts business in the State of Illinois and Indiana and is authorized to do so.   Cook Defendants deny the remaining allegations in paragraph 15.

16.     Cook Defendants admit that CGI indirectly owns Cook Denmark International Holdings ApS and is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  Cook Defendants further admit that CGI regularly conducts business in the State of Illinois and Indiana and is authorized to do so. Cook Defendants deny the remaining allegations in paragraph 16.

17.     Cook Defendants admit that CGI indirectly owns Cook Group Europe ApS and is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  Cook Defendants further admit that CGI regularly conducts business in the State of Illinois and Indiana and is authorized to do so.  Cook Defendants deny the remaining allegations in paragraph 17.

18.     Cook Defendants admit that CGI indirectly owns Cook Nederland BV and is an Indiana corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  Cook Defendants further admit that CGI regularly conducts business in the State of Illinois and Indiana and is authorized to do so.  Cook Defendants deny the remaining allegations in paragraph 18.

19.     Cook Defendants admit that WCE is based in Bjaeverskov, Demark.  Cook Defendants deny all other allegations in paragraph 19.

20.     Cook Defendants admit that Cook Research Incorporated, formerly known as Medical Engineering and Development Institute, Inc., Cook MED Institute Inc., and MED Institute, Inc., is an Indiana corporation with a principal place of business located at One Geddes Way, West Lafayette, Indiana 47906.  Cook Defendants further admit that Cook Research Incorporated may be served with process upon its registered agent for service: C/O Corporation

Service Company, 251 E. Ohio Street, Suite 500, Indianapolis, Indiana 46204. Cook Defendants deny the remaining allegations in paragraph 20.

21. Cook Defendants deny that the allegations in paragraph 21 require a response from them.

22. Cook Defendants admit that CML markets and sells medical devices for use in various medical applications, including Cook Celect® vena cava filters and Günther Tulip™ vena cava filters, which are intended for the prevention of recurrent pulmonary embolism in certain situations as described in the Instructions for Use ("IFU") for each medical device. Cook Defendants also admit that CI develops and manufactures medical devices for use in various medical applications and that it was involved in the design, research, development, and testing of the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter, but they deny that CI manufacturers those devices. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter. Additionally, Cook Defendants state that Günther Tulip™ Mreye is merely a prior name for the Günther Tulip™ vena cava filter and is not a separate device. Cook Defendants deny that the Cook Celect® Platinum vena cava filter is at issue in this matter, as well as all remaining allegations in paragraph 22.

23. Cook Defendants admit only that if each Plaintiff seeks damages in excess of $75,000.00, excluding interests and costs, and that, if each Plaintiff is in fact a citizen of a state other than Indiana, that then Plaintiff and Cook Defendants (excluding WCE) are citizens of different States under 28 U.S.C. § 1332(a)(1), and that if each Plaintiff is in fact a citizen of a state in the United States of America, that then Plaintiff is a citizen of a State and that WCE is a citizen or subject of a foreign state under 28 U.S. C § 1332(a)(2).

5

24.     Cook Defendants admit that CGI, CML, CI, and CMT reside in the Southern District of Indiana and are headquartered in Bloomington, Indiana.  Cook Defendants also admit that CGI, CML, CI, CMT, and MED regularly conduct business in the state of Indiana.  Cook Defendants deny all other allegations in paragraph 24.

25.     Cook Defendants admit that CML markets and sells medical devices for use in various medical applications, including Cook Celect® vena cava filters and Günther Tulip™ vena cava filters.  Cook Defendants also admit that CI develops and manufactures medical devices for use in various medical applications and that it was involved in the design, research, development, and testing of the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter, but they deny that CI manufacturers those devices.  Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter.  Cook Defendants deny the remaining allegations in paragraph 25. [Were any other entities involved with the Filters?]

26.     Cook Defendants deny the allegations in paragraph 26.

## VENUE

27.     Cook Defendants are without sufficient information as to the allegations in paragraph 27.

28.     Cook Defendants admit that CGI, CML, CI, and CMT are headquartered within the Southern District of Indiana.  Cook Defendants are without sufficient information as to the remaining allegations in paragraph 28.

## FACTUAL BACKGROUND

29.     Cook Defendants admit that CML markets and sells medical devices for use in various medical applications, including Cook Celect® vena cava filters and Günther Tulip™

6

vena cava filters, which are intended for the prevention of recurrent pulmonary embolism in certain situations as described in the Instructions for Use ("IFU") for each medical device.  Cook Defendants also admit that CI develops and manufactures medical devices for use in various medical applications and that it was involved in the design, research, development, and testing of the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter, but they deny that CI manufacturers those devices.  Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter. Additionally, Cook Defendants admit that the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter can be introduced and placed via a coaxial introducer sheath system. Cook Defendants deny all other allegations in paragraph 29.

30.    Cook Defendants admit only that CI, acting on behalf of WCE, sought clearance from the FDA to market the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter (which Plaintiffs refer to collectively as the "Cook Filters") pursuant to Section 510(k) of the Medical Device Amendments to the Food, Drug & Cosmetic Act (the "MDA").  Cook Defendants deny the remaining allegations in paragraph 30.

31.    Cook Defendants admit only that Section 510(k) of the MDA speaks for itself, and they deny the remaining allegations in paragraph 31.

32.    Cook Defendants admit only that *Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996), speaks for itself, and they deny the remaining allegations in paragraph 32.

33.    Cook Defendants admit only that the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter are intended for the intended uses described in the FDA-approved IFU for each device and may be retrieved under the circumstances described in the IFU

for each device and in accordance with the "Optional Retrieval Procedure" described in the IFU for each device.  Cook Defendants deny the remaining allegations in paragraph 33.

34.     Cook Defendants admit only that the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter are intended for the intended uses described in the FDA-approved IFU for each device, and they are without information as to the remaining allegations in paragraph 34.

35.     Cook Defendants admit only that the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter may be retrieved under the circumstances described in the IFU for each device and in accordance with the "Optional Retrieval Procedure" described in the IFU for each device.  Cook Defendants deny the remaining allegations in paragraph 35.

36.     Cook Defendants admit only that the Cook Celect® vena cava filter has four anchoring struts for fixation and eight secondary struts shaped to assist in promoting centering of the filter within the cava.  Cook Defendants deny the remaining allegations in paragraph 36.

37.     Cook Defendants admit only that the Günther Tulip™ vena cava filter has four anchoring struts for fixation and webbed wires (looking like tulip petals) between the legs intended to assist in clot trapping and centering of the filter within the cava.  Cook Defendants deny the remaining allegations in paragraph 37.

38.     Cook Defendants deny the allegations on paragraph 38.

39.     Cook Defendants admit only that the cited article exists and speaks for itself. Cook Defendants deny the remaining allegations of paragraph 39.

40.     Cook Defendants admit only that the cited article exists and speaks for itself. Cook Defendants deny the remaining allegations of paragraph 40.

41.     Cook Defendants admit only that the cited article exists and speaks for itself. Cook Defendants deny the remaining allegations of paragraph 41.

42.     Cook Defendants admit only that the cited article exists and speaks for itself. Cook Defendants deny the remaining allegations of paragraph 42.

43.     Cook Defendants admit only that the cited article exists and speaks for itself. Cook Defendants deny the remaining allegations of paragraph 43.

44.     Cook Defendants deny the allegations of paragraph 44.

45.     Cook Defendants deny the allegations of paragraph 45.

46.     Cook Defendants deny the allegations of paragraph 46.

47.     Cook Defendants admit only that the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter themselves, though not the entire set in which they are sold, is constructed of conichrome, and they deny all other allegations in paragraph 47.

48.     Cook Defendants deny the allegations of paragraph 48.

49.     Cook Defendants deny the allegations of paragraph 49.

50.     Cook Defendants deny the allegations of paragraph 50.

51.     Cook Defendants deny the allegations of paragraph 51.

52.     Cook Defendants deny the allegations of paragraph 52.

## COUNT I: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

53.     Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.

54.     Cook Defendants deny the allegations of paragraph 54.

55.     Cook Defendants deny the allegations of paragraph 55.

56.     Cook Defendants deny the allegations of paragraph 56.

57.     Cook Defendants deny the allegations of paragraph 57.

58.     Cook Defendants deny the allegations of paragraph 58.

59.     Cook Defendants deny the allegations of paragraph 59.

60.     Cook Defendants deny the allegations of paragraph 60.

61.     Cook Defendants deny the allegations of paragraph 61.

62.     Cook Defendants deny the allegations of paragraph 62.

63.     Cook Defendants deny the allegations of paragraph 63.

64.     Cook Defendants deny that Plaintiffs are entitled to judgment against them or the recovery of damages from them.

## COUNT OO: STRICT PRODUCT LIABILITY – DESIGN DEFECT

65.     Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.

66.     Cook Defendants deny the allegations of paragraph 66.

67.     Cook Defendants admit that CML markets and sells the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter.  Cook Defendants also admit that CI was involved in the design, research, development, and testing of the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter, but deny that CI manufacturers those devices.  Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter.  Cook Defendants deny the remaining allegations in paragraph 67.

68.     Cook Defendants deny the allegations of paragraph 68.

69.     Cook Defendants deny the allegations of paragraph 69.

70.     Cook Defendants deny the allegations of paragraph 70.

71.     Cook Defendants are without sufficient information as to the allegations in paragraph 71.

72.     Cook Defendants deny the allegations of paragraph 72.

73.     Cook Defendants deny the allegations of paragraph 73.

74.     Cook Defendants deny the allegations of paragraph 74.

75.     Cook Defendants deny the allegations of paragraph 75.

76.     Cook Defendants deny the allegations of paragraph 76.

77.     Cook Defendants deny the allegations of paragraph 77.

78.     Cook Defendants deny the allegations of paragraph 78.

79.     Cook Defendants deny the allegations of paragraph 79.

80.     Cook Defendants deny that Plaintiffs are entitled to judgment against them or the recovery of damages from them.

## COUNT III: NEGLIGENCE

81.     Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.

82.     Cook Defendants admit that CML markets and sells medical devices for use in various medical applications, including Cook Celect® vena cava filters and Günther Tulip™ vena cava filters.  Cook Defendants also admit that CI develops and manufactures medical devices for use in various medical applications and that it was involved in the design, research, development, and testing of the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter, but deny that CI manufacturers those devices.  Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter and the Günther Tulip™ vena cava filter.  Cook Defendants deny the remaining allegations in paragraph 82.

11

83.     Cook Defendants deny the allegations of paragraph 83.

84.     Cook Defendants deny the allegations of paragraph 84, including its subparts.

85.     Cook Defendants deny the allegations of paragraph 85, including its subparts.

86.     Cook Defendants deny the allegations of paragraph 86.

87.     Cook Defendants deny the allegations of paragraph 87.

88.     Cook Defendants deny that Plaintiffs are entitled to judgment against them or the recovery of damages from them.

## COUNT IV: NEGLIGENCE PER SE

(Violation of 21 U.S.C. §§ 321, 331, 352 and 21 C.F.R. §§ 1.21, 801, 803, 807, 820)

89.     Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.

90.     Cook Defendants state that the allegations in this paragraph are legal conclusions, and so stating, denies them.

91.     Cook Defendants deny the allegations of paragraph 91, including its subparts.

92.     Cook Defendants deny that Plaintiffs are entitled to judgment against them or the recovery of damages from them.

## COUNT V: BREACH OF EXPRESS WARRANTY

93.     Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.   Cook Defendants are without sufficient information as to the remaining allegations of paragraph 93.

94.     Cook Defendants deny the allegations of paragraph 94.

95.     Cook Defendants deny the allegations of paragraph 95.

96.     Cook Defendants deny the allegations of paragraph 96, including its subparts.

97.     Cook Defendants deny the allegations of paragraph 97.

98.     Cook Defendants deny the allegations of paragraph 98.

99.     Cook Defendants deny that Plaintiffs are entitled to judgment against them or the recovery of damages from them.

## COUNT VI: BREACH OF IMPLIED WARRANTY

100.    Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.

101.    Cook Defendants deny the allegations of paragraph 101.

102.    Cook Defendants deny the allegations of paragraph 102.

103.    Cook Defendants deny the allegations of paragraph 103.

104.    Cook Defendants deny the allegations of paragraph 104, including its subparts.

105.    Cook Defendants deny the allegations of paragraph 105.

106.    Cook Defendants deny the allegations of paragraph 106.

107.    Cook Defendants deny the allegations of paragraph 107.

108.    Cook Defendants deny the allegations of paragraph 108.

109.    Cook Defendants deny the allegations of paragraph 109.

110.    Cook Defendants deny the allegations of paragraph 110.

111.    Cook Defendants deny that Plaintiffs are entitled to judgment against them or the recovery of damages from them.

## COUNT VII: VIOLATIONS OF APPLICABLE STATE LAW PROHIBITING CONSUMER FRAUD AND UNFAIR AND DECEPTIVE TRADE PRACTICES

112.    Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.

113.    Cook Defendants deny the allegations of paragraph 113.

114.   Cook Defendants deny the allegations of paragraph 114.

115.   Cook Defendants deny the allegations of paragraph 115.

116.   Cook Defendants deny the allegations of paragraph 116.

117.   Cook Defendants deny the allegations of paragraph 117.

118.   Cook Defendants deny the allegations of paragraph 118.

119.   Cook Defendants deny the allegations of paragraph 119.

120.   Cook Defendants deny the allegations of paragraph 120.

121.   Cook Defendants deny the allegations of paragraph 121.

122.   Cook Defendants deny the allegations of paragraph 122.

123.   Cook Defendants deny the allegations of paragraph 123.

124.   Cook Defendants deny the allegations of paragraph 124.

125.   Cook Defendants deny the allegations of paragraph 125.

126.   Cook Defendants deny the allegations of paragraph 126.

127.   Cook Defendants deny the allegations of paragraph 127.

128.   Cook Defendants deny the allegations of paragraph 128.

129.   Cook Defendants deny the allegations of paragraph 129.

130.   Cook Defendants deny the allegations of paragraph 130.

131.   Cook Defendants deny the allegations of paragraph 131.

132.   Cook Defendants deny the allegations of paragraph 132.

133.   Cook Defendants deny the allegations of paragraph 133.

134.   Cook Defendants deny the allegations of paragraph 134.

135.   Cook Defendants deny the allegations of paragraph 135.

136.   Cook Defendants deny the allegations of paragraph 136.

137.   Cook Defendants deny the allegations of paragraph 137.

138.   Cook Defendants deny the allegations of paragraph 138.

139.   Cook Defendants deny the allegations of paragraph 139.

140.   Cook Defendants deny the allegations of paragraph 140.

141.   Cook Defendants deny the allegations of paragraph 141.

142.   Cook Defendants deny the allegations of paragraph 142.

143.   Cook Defendants deny the allegations of paragraph 143.

144.   Cook Defendants deny the allegations of paragraph 144.

145.   Cook Defendants deny the allegations of paragraph 145.

146.   Cook Defendants deny the allegations of paragraph 146.

147.   Cook Defendants deny the allegations of paragraph 147.

148.   Cook Defendants deny the allegations of paragraph 148.

149.   Cook Defendants deny the allegations of paragraph 149.

150.   Cook Defendants deny the allegations of paragraph 150.

151.   Cook Defendants deny the allegations of paragraph 151.

152.   Cook Defendants deny the allegations of paragraph 152.

153.   Cook Defendants deny the allegations of paragraph 153.

154.   Cook Defendants deny the allegations of paragraph 154.

155.   Cook Defendants deny the allegations of paragraph 155.

156.   Cook Defendants deny the allegations of paragraph 156.

157.   Cook Defendants deny the allegations of paragraph 157.

158.   Cook Defendants deny the allegations of paragraph 158.

159.   Cook Defendants deny the allegations of paragraph 159.

160.    Cook Defendants deny the allegations of paragraph 160.

161.    Cook Defendants deny the allegations of paragraph 161.

162.    Cook Defendants deny the allegations of paragraph 162.

163.    Cook Defendants deny the allegations of paragraph 163.

164.    Cook Defendants deny the allegations of paragraph 164.

165.    Cook Defendants deny the allegations of paragraph 165.

166.    Cook Defendants deny that Plaintiffs are entitled to judgment against them or the recovery of damages from them.

## COUNT VIII: LOSS OF CONSORTIUM (IF APPROPRIATE)

167.    Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.

168.    Cook Defendants deny the allegations of paragraph 168.

169.    Cook Defendants deny the allegations of paragraph 169.

170.    Cook Defendants deny the allegations of paragraph 170.

171.    Cook Defendants deny the allegations of paragraph 171.

172.    Cook Defendants deny the allegations of paragraph 172.

173.    Cook Defendants deny the allegations of paragraph 173.

174.    Cook Defendants deny the allegations of paragraph 174.

175.    Cook Defendants deny that Plaintiffs are entitled to judgment against them or the recovery of damages from them.

## COUNT IX: WRONGFUL DEATH (IF APPROPRIATE)

176.    Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.

177.    Cook Defendants deny the allegations of paragraph 177.

178.    Cook Defendants deny the allegations of paragraph 178.

179.    To the extent the allegations in paragraph 179 require a response from Cook Defendants, Cook Defendants deny the allegation in paragraph 179.

180.    To the extent the allegations in paragraph 180 require a response from Cook Defendants, Cook Defendants deny the allegation in paragraph 180.

## COUNT X: SURVIVAL (IF APPROPRIATE)

181.    Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.

182.    Cook Defendants deny the allegations of paragraph 182.

183.    To the extent the allegations in paragraph 183 require a response from Cook Defendants, Cook Defendants deny the allegation in paragraph 183.

184.    To the extent the allegations in paragraph 184 require a response from Cook Defendants, Cook Defendants deny the allegation in paragraph 184.

## COUNT XI: PUNITIVE DAMAGES

185.    Cook Defendants incorporate their answers to each and every allegation in the Master Complaint as if fully set forth herein.

186.    Cook Defendants deny the allegations of paragraph 186.

187.    Cook Defendants deny the allegations of paragraph 187.

188.    Cook Defendants deny the allegations of paragraph 188.

189.    Cook Defendants deny the allegations of paragraph 189.

190.    Cook Defendants deny the allegations of paragraph 190.

191.    Cook Defendants deny the allegations of paragraph 191.

192.    Cook Defendants deny the allegations of paragraph 192.

193.    Cook Defendants deny the allegations of paragraph 193.

194.    Cook Defendants deny the allegations of paragraph 194.

## TOLLING OF THE LIMITATIONS PERIOD

195.    Cook Defendants deny the allegations of paragraph 195.

196.    Cook Defendants deny the allegations of paragraph 196.

197.    Cook Defendants deny the allegations of paragraph 197.

198.    Cook Defendants deny the allegations of paragraph 198.

199.    Cook Defendants deny the allegations of paragraph 199.

200.    Cook Defendants deny the allegations of paragraph 200.

## COOK DEFENDANTS' FURTHER ANSWERS

For their further answers to the Master Complaint, Cook Defendants state as follows:

1.    Plaintiffs' claims are barred by applicable statutes of limitations.

2.    Plaintiffs assumed or incurred any risks associated with the use of any Cook Defendants' medical device or product in connection with their medical treatment by providing their informed consent prior to undergoing medical treatment.

3.    Plaintiffs' claims are barred by the doctrine of laches.

4.    The Master Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

5.    Plaintiffs' claims are preempted by the MDA, FDA regulations and other federal law in accordance with the Supremacy Clause of the United State Constitution.  *See* 21 U.S.C. § 360k and *Riegel v. Medtronic*, 552 U.S. 312 (2008).

6.     Cook Defendants had no duty to warn Plaintiffs of any risks associated with the use of any medical device or product for which Cook Defendants are responsible, as any such medical device was supplied to a knowledgeable and sophisticated user of such product, or a learned intermediary, with adequate warnings and IFU, or because that learned intermediary had independent knowledge of any risks associated with the use of such medical device and chose to use it without regard to the adequacy of the warnings and IFU supplied with it.

7.     Any medical device or product for which Cook Defendants are responsible conformed to the state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged and labeled, and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

8.     Any medical device or product for which Cook Defendants are responsible complied with applicable codes, standards, regulations, or specifications of FDA, an agency of the United States; Council Directive 93/42/EEC of the European Community, The Medical Device Directive; BEK no. 1263 of 15.12.2008, Ministry of Health and Prevention, Denmark; The Canadian Medical Device Regulatory SOR/98-282 May 1998; the Australian Therapeutic Goods (Medical Devices) Regulations 2002; and applicable articles of the Japanese Pharmaceutical Affairs Law (MHLW Ministerial Ordinance no. 169, 2004).   Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

9.     Plaintiffs' damages were caused, in whole or in part, by the comparative or contributory negligence of Plaintiffs.

10.    Plaintiffs' damages or losses, if any, were caused or contributed to by the fault of other products, persons, firms, corporations or entities over whom Cook Defendants had and have no control, or right of control, and for whom they owe no legal responsibility, including

culpable non-parties who will be discovered through Cook Defendants ongoing investigation and discovery and to which the jury can allocate fault at trial.

11.     Plaintiffs' claims against Cook Defendants are barred for the reason that their damages, if any, were caused by an intervening or superseding proximate cause.

12.     A cause of any physical harm sustained by Plaintiffs was misuse of any medical device or product for which Cook Defendants are responsible by Plaintiffs or by a person or persons not reasonably expected by Cook Defendants at the time the product was sold, and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

13.     A cause of any physical harm sustained by Plaintiffs was a modification or alteration of any medical device or product for which Cook Defendants are responsible after delivery of the product to the initial user or consumer that was a proximate cause of the harm and was not reasonably expectable by Cook Defendants, and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

14.     Plaintiffs' breach of warranty claims are barred because there is a lack of privity between Plaintiffs and Cook Defendants, Cook Defendants did not make any warranties, express or implied, to Plaintiffs, and Plaintiffs did not give Cook Defendants' notice of the alleged breach.

15.     To the extent the claims asserted in the Master Complaint are based on a theory providing for liability without proof of defect and causation, such claims violate Cook Defendants' rights under the Constitution of the United States of America.

16.     The claims asserted in the Master Complaint may be barred, in whole or in part, but Plaintiffs' failure to exercise reasonable care and diligence to mitigate damages, if any.

17.     The claims set forth in the Master Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions, diseases, illnesses, or processes (whether pre-existing or contemporaneous) unrelated to Cook Defendants.

18.     Any award of punitive damages in this case would be impermissible under the standards established by the United States Supreme Court in the case of *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

19.     Any punitive damages would violate the due process requirements of the Fourteenth and Fifth Amendments of the Constitution of the United States of America.

20.     Any punitive damages may be awarded only if Plaintiffs prove by clear and convincing evidence that Cook Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

21.     Cook Defendants reserve the right to assert additional further answers as they become known through the investigation and discovery process.

### COOK DEFENDANTS' REQUEST DISMISSAL of PLAINTIFF'S RHETORICAL PARAGRAPH VII

Plaintiff's Master Complaint fails to state with particularity facts necessary to support a claim of fraud as required by Federal Rule of Civil Procedure 9(b).

### COOK DEFENDANTS' REQUESTED RELIEF

**WHEREFORE**, Cook Defendants pray that Plaintiffs takes nothing against them by their Master Complaint, and for all other proper relief.

### COOK DEFENDANTS' DEMAND FOR JURY TRIAL

Cook Defendants demand a trial by jury on all issues so triable.

Submitted this 15th day of April, 2015.

Respectfully submitted,

*/s/ Christopher D. Lee*

Douglas B. King, Esq., Lead Counsel
James M. Boyers, Esq.
Christopher D. Lee, Esq.
John C. Babione, Esq.
Sandra L. Davis, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:     (317) 639-6151
Fax:     (317) 639-6444
dking@woodmclaw.com
jboyers@woodmclaw.com
clee@woodmclaw.com
jbabione@woodmclaw.com
sdavis@woodmclaw.com
kmcdonald@woodmclaw.com

Counsel for Cook Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2015, 2015, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. All non-registered counsel of record will be served by Plaintiffs' Steering Committee.

*/s/ Christopher D. Lee*            

Christopher D. Lee

1189937-1 (10909-0412)