IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

# CASE MANAGEMENT ORDER #3
# (PROTOCOL REGARDING DISMISSAL OF ADDITIONAL COOK ENTITIES)

This Order shall govern (1) all cases transferred to this court by the Judicial Panel on Multidistrict Litigation, including those cases identified in the original Transfer Order and those subsequently transferred as tag-along actions; and (2) all cases directly filed in or removed to this MDL. It is ORDERED as follows:

1. **Dismissal of Additional Cook Entities in all Cases**

Upon request and with the agreement of the defendants Cook Group Incorporated, Cook Group Europe ApS, CI, CGI, CMI Real Estate Holdings, LLC, Cook Canton, LLC, Cook Shared Services Incorporated, CGI Real Estate Holdings, LLC, Cook Nederland BV, APS and Cook Europe Finance BV, Cook Denmark Holdings ApS, Cook Denmark International ApS, Cook Sweden Finance AB, Cook Sweden Holding AB, Cook Nederland Holding Cooperatief U.A., Cook Medical Technologies, Medical Engineering and Development Institute Incorporated (collectively referred to as the "Additional Cook Defendants"), Defendants Cook Incorporated, Cook Medical LLC, *formerly known as* Cook Medical Incorporated, and William Cook Europe ApS (collectively referred to as the "Cook Defendants") and lead plaintiffs' counsel in MDL 2570, **IT IS ORDERED** as follows:

  a. As to cases pending as of the entry of this Order against the Additional Cook Entities in 2570, whether filed directly or transferred, all claims pending against the Additional Cook Entities (as defined above) will be dismissed without prejudice. For each such case, the parties shall file an agreed motion for dismissal identifying the specific Additional Cook Defendants to be terminated.

  b. The Additional Cook Entities shall not be named in any Master Complaint filed in MDL 2570.

  c. As to cases directly filed in the Southern District after the entry of this Order and the entry of an order in MDL 2570 permitting direct filing, the Short Form Complaints will not name the Additional Cook Entities.

  d. As to cases transferred by the Judicial Panel on Multidistrict Litigation after the entry of this Order, for any plaintiff(s) that name the Additional Cook Entities in MDL 2570, the Court will, upon notification by the Cook Defendants, enter a show cause order.

  e. If it is determined that any of the Additional Cook Entities and/or any other Cook entity are proper party defendants in this litigation and plaintiffs seek to add such entity prior to trial in an MDL action or in a state court action that has been remanded from the MDL, said entity may not object on the basis of timeliness or the statute of limitations unless the same timeliness or statute of limitations defense exists for the existing defendants in the case.

  f. The Cook Defendants' responses to plaintiffs' discovery requests in MDL 2570 shall include all responsive, non-privileged documents and information in the possession or control of each of the Additional Cook Entities. Nothing in this agreement shall be

interpreted to preclude additional discovery to the Additional Cook Entities or any other Cook entities in accordance with the Federal Rules of Civil Procedure.

    g.    Notwithstanding the provisions above, discovery regarding the financial worth of any Additional Cook Entity is reserved until the scope of such discovery, if any, is determined by a trial court at the appropriate time. The Additional Cook Entities may not object to the production of such information on the basis that any such entity is not a party to the lawsuit; however, any and all other objections are reserved.

    h.    Lead counsel for the Cook Defendants in MDL 2570 shall accept service for a subpoena to any witness in the employ or control of Additional Cook Entities, or who will be represented or given advice by counsel retained by the Cook Defendants.

    i.    The Additional Cook Entities shall stand in the shoes of the Cook Defendants solely for the purpose of making a financial payment and/or satisfying any judgment, including, but not limited to, judgment for punitive damages, against any or all of the Cook Defendants in the event that, for any reason whatsoever, the Cook Defendants are financially unable to satisfy any final judgment, including, but not limited to, judgment for punitive damages, against them and/or to satisfy any financial obligation agreed to by them pursuant to the terms of any settlement agreement to which any or all of the Cook Defendants are a party. Absent a need generated by a motion or proceeding to enforce any obligation of any of the Additional Cook Entities or the Cook Defendants pursuant to this Order, no discovery relating to the payment of any final judgment or financial obligation described in this Order shall be permitted in any lawsuit or proceeding subject to this Order. Plaintiffs may not seek payment of any final judgment or financial obligation

described in this Order from the Additional Cook Entities except as expressly provided herein.

j. The Additional Cook Entities shall satisfy any final judgment, including, but not limited to judgment for punitive damages, and/or financial obligation it undertakes to satisfy pursuant to this Order as if any of the Additional Cook Entities were themselves a party to such action and without the need for the commencement of any enforcement proceedings. Notwithstanding any dispute that may arise as between or among the Additional Cook Entities and the Cook Defendants and their insurers, relating to the subject matter of this Order, the Court shall have the right to enter a final judgment, including, but not limited to judgment for punitive damages, against the Additional Cook Entities in the event of a failure on the part of the Cook Defendants to satisfy said judgment or financial obligation pursuant to a settlement agreement for any reason within 60 days from the time the judgment becomes final or the financial obligation for payment pursuant to a settlement agreement is due and owing.

k. The Additional Cook Entities may not object to the use of the financial worth of any Additional Cook Entity on the basis that such entity is not a party to the lawsuit but reserve all other objections.

l. Counsel of record for plaintiffs in the MDL proceedings and the Additional Cook Entities shall execute this type of agreement with respect to any state court actions raising similar claims; to the extent counsel for plaintiffs are currently counsel of record in such state court proceedings.

m. Nothing herein shall be construed as an admission that any of the Additional Cook Entities are a proper party to any lawsuit, that the Additional Cook Entities

have ever or will ever assume[d] any of the Cook Defendants' liability, that the Additional Cook Entities stand in the shoes of the Cook Defendants' insurers, or that discovery relating to the Additional Cook Entities is appropriate, relevant, or admissible in any lawsuit. Nothing in this paragraph shall be construed to alter or change any of the obligations created by this Order.

n. Nothing herein shall be construed to relieve any insurers of the Cook Defendants and the Additional Cook Entities of their obligations to the Cook Defendants and the Additional Cook Entities, nor the Cook Defendants of any obligations to the Additional Cook Entities. The Cook Defendants and Additional Cook Entities expressly preserve their rights to the full extent of their insurance coverage notwithstanding this Order.

o. The Parties reserve any and all objections not otherwise expressly limited by this Order.

p. The Additional Cook Entities are subject to the personal jurisdiction of this Court for entry and enforcement of this order.

q. Any cases filed in this MDL subsequent to the date of this Order shall be subject to this Order.

**SO ORDERED**: **4/17/2015**

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

**AGREED TO BY:**

*s/ Irwin B. Levin (with consent)*
Irwin B. Levin, Esq.
COHEN & MALAD LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel:   (317) 636-6481
Fax:   (317) 636-2593
ilevin@cohenandmalad.com

Lead Counsel for Plaintiffs

*s/ Christopher D. Lee*
Douglas B. King, Esq.
James M. Boyers, Esq.
Christopher D. Lee, Esq.
John C. Babione, Esq.
Sandra L. Davis, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:   (317) 639-6151
Fax:   (317) 639-6444
dking@woodmclaw.com
jboyers@woodmclaw.com
clee@woodmclaw.com
sdavis@woodmclaw.com
kmcdonald@woodmclaw.com

Counsel for Cook Defendants