IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

**CASE MANAGEMENT ORDER #5
(AMENDMENTS TO CASE MANAGEMENT PLAN)**

This Order shall govern (1) all cases transferred to this court by the Judicial Panel on Multidistrict Litigation, including those cases identified in the original Transfer Order and those subsequently transferred as tag-along actions; and (2) all cases directly filed in or removed to this MDL. It is ORDERED that the Case Management Plan entered by the Court on November 25, 2014 [Docket No. 51] is amended as follows:

**III.    Pretrial Pleadings and Disclosures**

The following deadlines are established to create a Discovery Pool from which the Court will select three cases to serve as Bellwether trials beginning no earlier than September 15, 2016.

A. The parties shall each serve a master set of Fed. R. Civ. P. 26 initial disclosures on or before January 19, 2015.

B. Only cases filed on or before February 16, 2015, may be considered for inclusion in the Discovery Pool.

C. Each plaintiff must serve a substantively complete Plaintiff Profile Form (PPF), including medical authorizations, and a Plaintiff Fact Sheet (PFS) on or before April 15, 2015. Each defendant must serve a substantively complete Defendant Fact Sheet (DFS) as to each individual plaintiff on or before May 15, 2015, disclosing each associated complaint file(s), name(s) of sales representatives, and all available information identifying the specific device. In cases filed or transferred into the MDL after the date of entry of the Party Profile Forms & Fact Sheet Protocol, each plaintiff shall submit a

1

        substantially complete PPF and PFS to defendants within forty-five (45) days of filing their complaint, and defendants shall submit a substantially complete DFS within ninety (90) days of the filing of the complaint.

D.     The parties shall serve Master Discovery (Request for Production of Documents and Interrogatories), if any, on or before April 15, 2015.

E.     The parties shall file a list of a total of ten (10) cases, five (5) for each side, to be included in the Discovery Pool by August 3, 2015.

F.     Case-Specific Discovery for Discovery Pool cases, except for the depositions of plaintiffs (which can begin any time, but are limited to 15 total), shall commence four (4) months after ESI production is served in substantively complete form by the defendant(s), though non case specific discovery by either party shall be allowed to commence immediately. Case-Specific Depositions shall be limited to (1) Plaintiff(s); (2) one additional fact witness which may include an additional physician; (3) implanting physician; (4) any retrieval physicians; (5) sales representatives directly associated with the sale of the product to the implanting physician. Additional Case-Specific depositions may be taken by agreement or by leave of Court upon good cause shown. Any written Case-Specific Discovery shall not be duplicative of Master Discovery.

I.     All motions for leave to amend the pleadings and/or to join additional parties in Discovery Pool cases shall be filed on or before March 30, 2016.

J.     Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand in all Discovery Pool cases, on or before September 1, 2015. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 60 days after receipt of the demand.

K.     The Parties shall serve upon each other any and all final, non-duplicative written discovery in Discovery Pools cases no later than November 13, 2015. All discovery responses including written discovery responses shall be served no later than December 18, 2015. All depositions shall be completed by February 1, 2016.

L.     The Parties shall make presentations to the Court in mid-December 2015, on a date to be established by the Court, as to which Discovery Pool cases they propose be Bellwether cases for trial. The plaintiffs shall select a total of two (2) cases to be Bellwether cases and the defendant(s) shall select a total of two (2) cases to be Bellwether cases. The parties will make proposals as to how the Bellwether selections will be handled prior to the presentations. The Court shall inform the parties as to which cases and the order of the trials will be tried within twenty-one (21) days of the presentations.

M. Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) in the Bellwether trial cases on or before March 4, 2016.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 4, 2016.  The plaintiff(s) shall serve any rebuttal expert disclosures including supplemental reports required by Fed. R. Civ. P. 26(a)(2) on or before May 4, 2016.

N. Independent Medical Examinations, if any, shall not occur until after the selection of the discovery pool cases.  The parties shall meet and confer regarding a protocol for IMEs and propose the same to the Court no later than August 3, 2015.

O. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

P. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than sixty days before each Bellwether trial.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

Q. All parties shall file and serve their final witness and exhibit lists for each of the Bellwether trials on or before August 15, 2016.  The lists should reflect the specific potential witnesses the party may call at each bellwether trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

R. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

S. <u>Discovery of electronically stored information ("ESI").</u>

The parties anticipate a substantial volume of ESI will be produced in these matters. The majority of the relevant ESI will come from the Defendant manufacturer, William Cook Europe ApS, which is located in Bjaeverskov, Denmark.  Some of the parties in cases that are now a part of MDL 2570 have previously agreed to an ESI Order and a Stipulated Protective

Order. The parties anticipate utilizing substantially similar or nearly identical orders in this MDL. The defendants have submitted a proposed ESI Order to the Court and the plaintiffs must submit their proposed ESI Order by March 26, 2015, unless the parties can agree upon an ESI Order. Case specific discovery, except for the depositions of the plaintiffs (which can begin anytime), shall commence four (4) months after ESI production is served in substantively complete form by the defendant(s), though non case specific discovery by either party shall be allowed to commence immediately.

### IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

>   A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?
>
>   Counsel for the parties have discussed the possibility of summary judgment in great detail. Unfortunately, until the Discovery Pool is established it will be too early to determine whether a motion for summary judgment is a possibility in a particular case.
>
>   B.   Select the track that best suits this case:
>
>   X   Track 4: Dispositive motions in Bellwether trial cases shall be filed by July 1, 2016. Non-expert discovery in Discovery Pool cases shall be completed by June 1, 2016; expert witness discovery in Bellwether trial cases shall be completed by August 15, 2016. The MDL consists of complex products liability cases that will require a great deal of discovery. Counsel for both parties believes that the complexity of these cases and the size of the MDL is such that a departure from track 1-3 is appropriate.

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## VI. <u>Trial Date</u>

The parties request that the first Bellwether trial be scheduled no earlier than September 15, 2016. The trials are to be by jury and each trial is anticipated to take 15-20 days.

A. **Case.** At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B. **Motions.** The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

C. **Waiver of Lexecon is confirmed by Plaintiffs for the Discovery Pool cases only. Nothing in this Case Management Order or otherwise shall indicate a waiver of Lexecon as to the remaining cases.**

## VIII. <u>Required Pre-Trial Preparation</u>

A. **TWO WEEKS BEFORE ANY BELLWETHER FINAL PRETRIAL CONFERENCE, the parties shall**:

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.Q.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity

and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

Approved as submitted, however the Magistrate Judge recommends trials beginning in or after February 2017 due to the July 1, 2016, dispositive motions deadline. The Magistrate Judge further recommends that after all summary judgment motions are fully briefed the District Judge conduct a pretrial conference with counsel to address the anticipated timing of the summary judgment rulings and the order of the Bellwether trials.

**SO ORDERED**:  4/17/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

**AGREED TO BY:**

| | |
|---|---|
| *s/ Irwin B. Levin (with consent)* | *s/ Christopher D. Lee* |
| Irwin B. Levin, Esq. | Douglas B. King, Esq. |
| COHEN & MALAD LLP | James M. Boyers, Esq. |
| One Indiana Square, Suite 1400 | Christopher D. Lee, Esq. |
| Indianapolis, Indiana 46204 | John C. Babione, Esq. |
| Tel:    (317) 636-6481 | Sandra L. Davis, Esq. |
| Fax:    (317) 636-2593 | Kip S. M. McDonald, Esq. |
| ilevin@cohenandmalad.com | WOODEN & McLAUGHLIN LLP |
| | One Indiana Square, Suite 1800 |
| Lead Counsel for Plaintiffs | Indianapolis, IN 46204-4208 |
| | Tel:    (317) 639-6151 |
| | Fax:    (317) 639-6444 |
| | dking@woodmclaw.com |
| | jboyers@woodmclaw.com |
| | clee@woodmclaw.com |
| | sdavis@woodmclaw.com |
| | kmcdonald@woodmclaw.com |
| | |
| | Counsel for Cook Defendants |