UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to ALL ACTIONS

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUBMISSION OF PROPOSED ESI ORDER**

Defendants Cook Incorporated, Cook Medical LLC, *f/k/a* Cook Medical Incorporated and William Cook Europe ApS (collectively the "Cook Defendants") respectfully submit their response to Plaintiffs' Submission of Proposed ESI Order filed on March 26, 2015 as Dkt. 319 ("Plaintiffs' Submission"). Since the filing of Plaintiffs' Submission, the Parties have had two teleconferences and exchanged correspondence in an effort to narrow the scope of their disagreements regarding the ESI Order. To that end, the Cook Defendants provide with their Response a redlined version of the ESI Order attached to Plaintiffs' Submission and describe the changes to which the Cook Defendants understand there is no dispute and the changes that remain in dispute. *See* Redline of Plaintiffs' Proposed ESI Order, a copy is attached hereto as **Exhibit A**.

Three primary disputed issues remain with respect to the handling of ESI: (1) the manner of producing ESI from databases; (2) the scope of privilege logs; and (3) the management of data from Denmark. The first two issues were previously addressed and resolved in paragraph H.3 and paragraph M.2 of the Agreed Order on Electronically Stored Information and Document Production, entered on July 2, 2014 under *Adams v. Cook Medical Inc., et al.*, Case No. 1:13-cv-000013-RLY-TAB; Dkt. 36 ("*Adams* ESI Order"), a copy is attached hereto as **Exhibit B**. The

Cook Defendants propose that the first two issues be handled consistent with the *Adams* ESI Order. The Cook Defendants will address the Denmark issue in detail in a separate submission. Two additional minor disagreements potentially exist with respect to the changes in paragraphs I.3 and L.5, as the Plaintiffs have not commented on them as of the filing of this Response.

## I.   BACKGROUND

As previously noted, the Court entered the *Adams* ESI Order based upon the Parties' agreed submission. Subsequent to the entry of the *Adams* ESI Order, the Parties engaged in significant negotiations over search terms and search methodology as well as production format. During that time period, *Adams* also became part of MDL 2570. Each of these factors required modifications of the *Adams* ESI Order to reflect subsequent agreements and the expansion of the scope of the *Adams* ESI Order. On January 28, 2015, the Cook Defendants provided Plaintiffs' counsel their proposed ESI Order for MDL 2570 (which was tendered to the Court on March 12, 2015 at Dkt. 293-1),[1] which closely modeled the ESI Order entered in *Adams*, but which modified language to address mutuality of obligations, the Parties' agreement in December of 2014 to exclude certain file types from search term searching and the Parties' agreement to include certain limited metadata into the extracted text field of emails as part of the production format. The proposal also included some minor language changes which the Cook Defendants have now agreed are unnecessary. It was not until March, just prior to the Telephonic Status Conference with the Court on March 13, that the Plaintiffs first raised issues with the proposed ESI Order. On March 26, 2015, after nearly two months of evaluation, the Plaintiffs stated their position on specific issues with the ESI Order by filing Plaintiffs' Submission.

---

[1] The version tendered to the Court included a proposed Exhibit B addressing Denmark ESI. The Cook Defendants provided Exhibit B to Plaintiffs on February 11, 2015. Counsel for Plaintiffs have stated that they will not consider any protocol for the handling of Denmark ESI.

## II. ARGUMENT

### A. Paragraph H.3 – Database Production

Notably, two of the Plaintiffs' proposed changes to the *Adams* ESI Order completely and materially reverse course from the Parties' prior agreement. Paragraph H.3 of the *Adams* ESI Order specifically states that "only the portions of a database that are responsive to requests will be produced (as tabular data, *e.g.* as database, CSV or Excel files, including all associated fields, and, when the database includes documents, as native files with database and system metadata intact.)". Plaintiffs, on the other hand, state in their proposal that "databases shall be produced in their entirety and native format regardless of whether they are entirely responsive or partially responsive." *See*, Dkt. 319-1 at paragraph H.3. Not only does this language completely reverse course from the *Adams* ESI Order, it also ignores the applicable law. It is well established that a party does not have to produce an entire database, particularly when only a portion of the database is relevant to the litigation. *See, e.g., Murlas v. Mobil Oil Corp.*, 1995 U.S. Dist. LEXIS 6489, at *12 (N.D. Ill. Mar. 16, 1995) (agreeing that plaintiffs' request for an entire database was "outrageous").

Paragraph H.3 from the *Adams* ESI Order is consistent with existing case law and the Federal Rules of Civil Procedure. *See, e.g., In Re Ford Motor Company*, 34 F.3d 1315, 1316-17 (11th Cir. 2003). "Rule 34(a) does not grant unrestricted direct access to a respondent's database compilations. Instead, Rule 34(a) allows a requesting party to inspect and copy the product, whether it be a document, disc or other device, resulting from the respondent's translation of the data into a reasonably usable form."

The Court in *In Re Ford Motor Company* went on to state:

> Like the other discovery rules, Rule 34(a) allows the responding party to search his records to produce the required, relevant data. Rule 34(a) does not give the requesting party the right to conduct

3

> the actual search. While at times—perhaps due to improper conduct on the part of the responding party—the requesting party itself may need to check the data compilation, the District Court must protect respondent with respect to preservation of his records, confidentiality of non-discoverable matters, and costs.

*Id.* at 1317. Paragraph H.3 in the Plaintiffs' Submission runs counter to these well-established limitations.

In discussions with counsel for Plaintiffs since Plaintiffs' Submission, it is the Cook Defendants' impression that counsel for Plaintiffs do not necessarily seek non-responsive portions of databases. Yet, they have not agreed to the language they previously agreed to in the *Adams* ESI Order and today at 2:25 p.m., Plaintiffs' counsel proposed new alternative language for H.3 that the Cook Defendants consider both untimely given the Cook Defendants' deadline for filing this Response and unacceptable in substance. The Cook Defendants' proposal mirrors the *Adams* ESI Order and should be adopted. After all, paragraph H.3 proposed by the Cook Defendants provides that after review of the production, "if the requesting party believes that any of these types of sources [database] contain additional responsive data in this category, counsel should initiate a meet and confer […]." *See also Adams* ESI Order at H.3.

In reliance on the *Adams* ESI Order, the Cook Defendants have prepared responses to database discovery requests that involve databases consistent with the *Adams* ESI Order. The Plaintiffs now demand that the Cook Defendants provide a completely different production format before Plaintiffs have even seen the productions that the Cook Defendants are prepared to produce upon the entry of an ESI Order and a Protective Order.[2] Plaintiffs' demand lacks justification and would place an unnecessary and undue burden upon the Cook Defendants. The Cook Defendants specifically request that the Court adopt their proposed language in H.3 which

---

[2] The Cook Defendants submitted two proposed protective orders to counsel for the Plaintiffs, one is general and one addresses HIPAA related issues, several weeks ago. To date, counsel for Plaintiffs have not provided responses to those proposals.

4

is consistent with what the Court previously entered and to what the Plaintiffs in *Adams* previously agreed to in the *Adams* ESI Order.

### B. Privilege Logging Under Paragraph M.2

Under paragraph M.2 of the *Adams* ESI Order, the Parties agreed that "privilege and/or work product communications that are responsive to a discovery request involving trial counsel and the client that post-dates February 23, 2010 related to litigation involving IVC Filter cases need not be placed on a privilege log." This approach is appropriate, given the fact that Cook was first threatened with litigation over a Cook IVC Filter product by counsel on or about February 22, 2010. However, the Cook Defendants are not taking the position that this language must remain in the proposed ESI Order. Rather, they request that subject matter of this past agreed provision be incorporated into the proposed "Protocol Concerning Claims of Privilege and Work Product" which the parties have been negotiating. For context, a copy of "Case Management Order # ___ Protocol Concerning Claims of Privilege and Work Product" that the Cook Defendants are proposing is attached hereto as **Exhibit C** ("Privilege Protocol").[3] The language in the Privilege Protocol closely mirrors the language in the *Adams* ESI Order and clarifies that language to include reference to in-house counsel as well as outside counsel.

Any communications related to the litigation which may be responsive to any discovery requests would either be attorney-client privilege and/or work-product protected. Because of this, the Parties would receive no value from logging such communications in a privilege log. The case law and even local rules in various jurisdictions support this approach. *See, e.g., Binion v. Glover*, 2009 U.S. Dist. LEXIS 115038, at *12 (E.D. Mich. Dec. 10, 2009); *Netbula, LLC v. Chordiant Software, Inc.*, 2009 U.S. Dist. LEXIS 111469, at *7 (N.D. Cal Nov. 18, 2009); S.D. Fla. L.R. 26.1.6.3(c). In the Advisory Committee's Notes regarding Fed. R. Civ. P. 26(b)(5), the

---

[3] The Plaintiffs have not agreed to this proposal.

Advisory Committee states that where voluminous materials are involved, the amount and type of information in a privilege log may be scaled back.  FED R. CIV. P. 26(b)(5) 1993 Advisory Committee Notes.  In response to a demand that detailed logging of post-litigation attorney-client communications be provided, the United States District Court for the Southern District of New York has noted that: "[i]n the absence of any articulated showing of need, [the party seeking the log] cannot justify its demand for such a detailed log with respect to this category of documents." *SEC v. Thrasher*, 1996 U.S. Dist. LEXIS 3327, at *3-4 (S.D.N.Y. Mar. 19, 1996).  However, to date, the Plaintiffs in MDL 2570 have refused to honor the previous limitation expressed in the *Adams* ESI Order.  The Cook Defendants respectfully ask that the limitations on creating a privilege log for such documents be adopted by the entry by the Court of the Privilege Protocol.

### C.     Minor Changes to Which Plaintiffs Have Not Yet Responded

With respect to paragraph I.3, the Parties discussed modifications to address the Cook Defendants' concerns that no obligation for them to create objective coding for paper documents is potentially implied.  The redlining of I.3 reflects the Cook Defendants' attempt to address that issue.  With respect to paragraph L.5, the Cook Defendants have inserted language to reflect the fact that the Parties are not waiving any of their rights or protections under the Federal Rules of Civil Procedure by entering into this protocol.  The Plaintiffs, at this time, have not specifically responded to this proposed language.

### D.     Other Revisions to the ESI Order in Plaintiffs' Submission

The remaining changes in Exhibit A, to the Cook Defendants' understanding[4], are not in dispute:

- The additional introductory paragraph and the modification to the title of the document;

---

[4] To the extent Plaintiffs' counsel disagrees with this understanding, counsel for the Cook Defendants will work with Plaintiffs' counsel to address any concerns.

- The addition of a sentence in Paragraph A.1 which addresses the deferral of the majority of issues related to the application of Danish and/or European law to separate briefing;
- The correction of a typo in Paragraph A.2;
- The change of the language in Paragraph B.1 to refer to the requirements of the Federal Rules of Civil Procedure;
- The correction of a typo in Paragraph D.1;
- The changes in Paragraph F.1, which reflect developments in the case since the *Adams* ESI Order;
- The changes in Paragraph G.1 reflect Magistrate Baker's recent rulings on certain issues;
- In Plaintiffs' submission, they deleted Paragraph G.2 from the Cook Defendants' proposal. After discussion and confirmation that they had previously agreed to eliminate those files from searching, the Cook Defendants understand that Plaintiffs have agreed to the reinsertion of that language;
- The modification of the scope of Paragraph H.2.(3) to apply to all word documents;
- The additional information that Plaintiffs inserted in Paragraph J.10 was either already addressed in the existing language or previously agreed to be omitted;
- The Cook Defendants are fine with Paragraph M.2 subject to the Cook Defendants' request for the inclusion of language consistent with Paragraph M.2 the original *Adams* ESI Order in the Privilege Protocol; and
- The changes in Paragraph N.1 to allow the clawback procedure to be extended to documents, files, or information subject to data privacy laws of Denmark and/or the European Union.

### III. CONCLUSION

Based on the foregoing, the Cook Defendants respectfully request that the Court enter the clean version of its edited version of Plaintiffs' Proposed ESI Order, a copy of which is attached hereto as **Exhibit D**. The Cook Defendants also request that the Court enter Case Management Order #___ Protocol Concerning Claims of Privilege and Work Product (**Exhibit** C) and grant them all other proper relief.

Respectfully submitted,

*/s/ James M. Boyers*
Douglas B. King, Esq., Lead Counsel
James M. Boyers, Esq.
Christopher D. Lee, Esq.
John C. Babione, Esq.
Sandra L. Davis, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:   (317) 639-6444
dking@woodmclaw.com
jboyers@woodmclaw.com
clee@woodmclaw.com
jbabione@woodmclaw.com
sdavis@woodmclaw.com
kmcdonald@woodmclaw.com

Counsel for Cook Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 20, 2015, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. All non-registered counsel of record will be served by Plaintiffs' Steering Committee.

                                                  */s/ James M. Boyers*
                                                  James M. Boyers

1192052-1 (10909-0412)