# EXHIBIT C

**Privilege Protocol**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to ALL ACTIONS

**CASE MANAGEMENT ORDER #____**
**PROTOCOL CONCERNING CLAIMS OF PRIVILEGE AND WORK PRODUCT**

The parties have agreed to the following protocol governing the assertion of attorney-client privilege and work product doctrine in connection with their production of documents responsive to discovery propounded in this matter.

## I.   Redaction Relating to Attorney-Client Privilege and Work Product Doctrine

1. The parties shall redact only those portions of a document that are protected from disclosure by the work product doctrine and attorney-client privilege, and/or any other privilege applicable unless the entire document or page is subject to such protection.

2. When a document is redacted on the basis of privilege, an identifier will be provided, stating the basis for redaction, *e.g.*, "attorney-client privilege." Where a redaction is subsequently lifted by order of the Court or by agreement of the parties (*e.g.*, subject to a privilege challenge), the party claiming privilege shall provide a replacement document with the redaction removed, bearing the Bates number(s) of the original document followed by an "R", or, in the alternative, where the pagination of the subsequently produced document does not match the withheld or redacted original, produce the document with metadata that cross-references the Bates number(s) of the original document.

## II.  Privilege Log

1. Every responsive document withheld from production based on a claim of privilege shall be reflected on a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii), unless it is a communication after February 23, 2010 between Cook Defendants and in-house and/or outside counsel (Wooden & McLaughlin LLP) that relates to IVC Filter litigation, which need not be listed. The parties shall produce privilege logs in Excel format or a similar electronic format that allows text searching, sorting and organization of data. Consistent with Rule 26(b)(5)(A) and the Advisory Committee Comments thereto, a privilege log shall contain the following:

   a. The document date;

   b. The source of the document;

   c. The author name and/or author e-mail address as provided in the applicable metadata field of the person(s) who prepared the document to the extent available;

   d. The recipient name and/or recipient e-mail address as provided in the applicable metadata field of any person(s) to whom the document was disseminated, to the extent available, including any recipient outside of Cook;

   e. The file type;

   f. The specific privilege or protection asserted for the document;

   g. Information sufficient to enable the other party to evaluate the applicability of the claimed privilege or protection; and,

2. The Producing Party shall produce an updated privilege log within 30 days of each production.

3. The parties shall have the right to request an expedited privilege log, but not sooner than fifteen (15) days, for certain custodians or document sources for purposes of

deposition preparation. In addition, the parties shall have the right to request an extension of the privilege log deadline, not to exceed forty-five (45) days, for document productions involving a large volume of privileged documents. If the producing party objects to the request for an expedited privilege log, or the other party objects to the extension request, the parties will meet and confer in good faith in an attempt to resolve the disagreement without court intervention. If the parties cannot reach an agreement, the party requesting the accommodation may seek court relief.

    4.    Privilege logs shall be supplemented under Fed. R. Civ. P. 26 (e)(1) as to any document that becomes producible thereafter.

### III.    Challenges to Claims of Privilege and/or Work Product Doctrine.

    1.    A Receiving Party may challenge a redaction or claim of privilege at any time after the document or a privilege log identifying the document subject to such redaction or claim is produced. A Receiving Party does not waive its right to challenge a redaction or claim of privilege by electing not to challenge promptly after the subject document or privilege log identifying it is produced. However, a Receiving Party shall make reasonable efforts to make any challenges within thirty (30) days after the subject document or privilege log identifying it is produced. All challenges must be made by the Final Pretrial Conference, or they shall be waived.

    2.    If the Receiving Party wishes to assert a challenge to a Producing Party's redaction or designation of privilege or protection from production, the Receiving Party shall send written correspondence to the Producing Party (a letter to lead and liaison counsel delivered by email shall be sufficient), requesting a conference call to address the Receiving Party's good faith belief that the redaction(s) or designation(s) was (were) not proper.

3. After the teleconference, the Producing Party shall have fifteen (15) days to review the redacted or designated material, to consider the circumstances, and to respond to the Receiving Party. Should the Receiving Party not be satisfied with the Producing Party's response, it shall notify the Producing Party in writing what disputes, if any, remain unresolved, including in such notice the basis for or explanation of why the dispute still exists regarding the claim of privilege. Thereafter, the parties shall schedule a conference call with Magistrate Baker to attempt to resolve their differences. If the parties do not resolve the remaining disputes through the meet and confer process with Magistrate Baker, the Receiving Party shall, within fifteen (15) days of such conference, file and serve a motion that identifies the challenged redaction or claim of privilege and sets forth the legal basis for the challenge of claim of privilege. The burden of proof regarding the validity of the assertion of the privilege is on the Producing Party. Thereafter, the Producing Party may file a response to any such motion within fifteen (15) days, and the Court shall rule on said motion.

4. To assist in the prompt resolution of disputed claims, the Producing Party shall submit to the Court, at the time it files a response to any such motion, un-redacted copies of all documents for which there is a disputed claim regarding redaction or privilege for *in camera* review. The Producing Party claiming the privilege shall be permitted to submit the document(s) in question, and any supporting affidavits or other materials justifying the claim of privilege, to the Court on an *ex parte* basis as part of and in connection with the *in camera* review.

5. For good cause shown, any party may request from any other party that the times and deadlines set forth in Section III above may be shortened or lengthened for the sake of judicial economy.

**SO ORDERED** this:

                                                         _____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

1189473-1 (10909-0412)