IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

## CASE MANAGEMENT ORDER #___

### Stipulated Protective Order on Confidential Information

This Order shall govern (1) all cases transferred to this court by the Judicial Panel on Multidistrict Litigation, including those cases identified in the original Transfer Order and those subsequently transferred as tag-along actions; and (2) all cases directly filed in or removed to this MDL. It is ORDERED as follows:

1. At such time as Cook Defendants produce to counsel for any party hereto any documents or data compilations that in any way contain any information constituting a trade secret or confidential or proprietary business information and otherwise qualifying to be subject to a protective order that the information not be revealed or be revealed only in a specified way in accordance with Fed. R. Civ. Pro. 26(c)(1)(G) and applicable precedent ("Confidential Documents"), Cook may stamp, mark, or designate those documents and/or things "Confidential: Subject to Protective Order"; "Company Confidential." Additionally, at any time during any deposition taken in this matter, counsel for Cook may note on the record that the portion of the testimony relating to the confidential document is "Confidential," reflecting that the use and distribution of the testimony or deposition transcript, including the exhibits, are subject to this Agreed Protective Order ("Order") and shall be treated as a Confidential Document. If a party

wants to challenge the designation of a document as 'Confidential', the challenging party shall first notify the producing party in order to allow the parties to meet and confer to resolve any issues relating to the designation.  If after ten (10) business days from the date of the notification the parties are unable to resolve their differences, the challenging party may bring the matter before the Court for a ruling on whether the document deserves 'Confidential' status by filing a "Notice of Challenge of Confidential Designation."  The producing party shall then file a motion with the Court within ten (10) days justifying why the document(s) should be protected from public disclosure. The challenging party shall then have ten (10) days with which to file a response. During this time the document shall continue to be treated as Confidential until such a time that the Court rules otherwise.

    2.    Confidential information may be further designated as "**ATTORNEYS' EYES ONLY**" if a Defendant produces materials or provides testimony that it believes in good faith would, if disclosed, cause substantial economic harm to the competitive position of the entity from which the information was obtained, including, but not limited to:

    a. Profits and Profit Margins
    b. Manufacturing Techniques and Processes
    c. Ongoing and Future Research and Development
    d. Customer Lists
    e. Material Costs
    f. Current Sources of Materials and services
    g. Productions Costs
    h. Trade secrets as defined in § 1(4) of the Uniform Trade Secrets Act
    i. Pending patent applications or drafts of patent applications.
    j. Information related to patent acquisition strategies, patent licensing strategies and patent investment strategies
    k. Future Marketing or Sales Strategies

The plaintiff(s) will inform the producing party of its intent to disclose such information to any individual who is currently, or who at any time during the pendency of this litigation becomes, a consultant to a competitor of the producing party in the IVC filter medical device business, or is a consultant to an entity actively investigating entering such business, and the parties shall meet and confer regarding the necessity for Plaintiff(s) to disclose the information to anyone.  After the meet and confer, if the parties have still not agreed, the parties will seek the assistance of the Court through Magistrate Judge Timothy A. Baker.

3. The parties to this action agree that all such designated documents, information, testimony and/or things, and the information contained therein, shall be treated as Confidential in accordance with the terms of this Order.

4. Except with the prior written consent of counsel for Cook, Confidential Documents may be shown or disclosed only to the following persons (hereinafter referred to as a "Qualified Person"):

   a. The parties to this action and/or employees or agents of Cook;

   b. Counsel for the respective parties to this action;

   c. Employees of such counsel assigned to assist such counsel in the preparation of this action, including administrative staff and technical support;

   d. Independent experts and consultants retained by a party whose assistance is deemed necessary by such party's counsel for the prosecution of this action, and employees of such experts and consultants necessary to assist such persons in performing their duties;

   e. Any and all court reporters, staff, and/or videographers utilized in depositions conducted in this case;

    f.    This Court and its administrative personnel or any Court asked to enforce this Order;

    g.    A non-party witness who agrees to be bound by this Order pursuant to paragraph 4; and

    h.    Any person who is not a competitor of Cook or who does not have a connection from a business perspective with a competitor of Cook, including as an employee or consultant, can be considered a Qualified Person.

5.    With the exception of the Court, all Qualified Persons shall be bound by this Order. Each Qualified Person will be provided a copy of the Order and must agree to be bound by it by signing the "Acknowledgment of Agreed Protective Order" made a part hereof by reference and attached hereto as **Exhibit A or by affirmation under oath.**

    a.    Counsel for the respective parties agree to provide any witness a copy of **Exhibit A** and obtain an executed copy of the same prior to the witness's testimony. In the event a witness refuses to sign **Exhibit A** the parties shall meet and confer concerning how to proceed, including but not limited to, determining whether the confidential information counsel wishes to present may be presented in another manner and if necessary, arranging a telephonic conference with the Court to resolve the issue. The Parties may also simply notify the witness that they are bound by the terms of the Order.

6.    Except as otherwise provided by this Order, the parties are prohibited from distributing, showing, disseminating, discussing, corresponding about, or providing photocopies, duplicates, reproductions, abstracts, lists or summaries of any designated Confidential Documents and/or things to any person or entity that is not a "Qualified Person." Moreover, the parties shall not disclose the title, heading or contents or any Confidential Documents and/or things to any person or entity that is not a "Qualified Person." Confidential Documents shall not be published via any medium, including but not limited to the internet.

7. None of the documents or materials produced subject to this Order shall be used by or for the benefit of the party to whom it is produced, or by or for the benefit of any person to whom it is revealed, disclosed, or described pursuant to Section 3, subparagraphs a-g above, for any purpose other than the litigation of this action, except as may be permitted by the provisions of this Order.

8. In the event that any designated Confidential Document(s) or thing(s), or the information contained therein, is to be included with, or part of the contents thereof are in any way to be disclosed in, any pleading, motion, deposition, or other paper to be filed with the Court, such documents shall be filed under seal in accordance with Local Rule 5-11 and section 18 of the CM/ECF Policies and Procedures Manual of the Court such that all documents filed under seal must be supported by a separate motion setting forth good cause in accordance with Seventh Circuit precedent.

9. Any deposition transcript or exhibit that includes Confidential Documents or Confidential information shall be subject to the terms and provisions of this Order.

10. Documents containing trade secrets or other confidential research, development or commercial information which provide a party an advantage over competitors by virtue of the information, process, or strategy identified therein may be designated as Confidential Documents, in accordance with decisions of the United States Court of Appeals for the Seventh Circuit such as *Baxter International v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), *Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000), *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), and related cases.

11. During the trial of any case, if any party seeks to introduce into evidence documents which are subject to this Order, Cook shall make the appropriate request of the Court to protect against the dissemination of such trade secret or commercially confidential documents.

12. All Confidential Documents and/or things subject to the Order shall be destroyed or returned to counsel for Cook within thirty days after the termination of this litigation (including appeals), whether by dismissal, judgment, settlement, or otherwise. This paragraph shall require the return or destruction of all photocopies, duplicates, or reproductions of Confidential Documents and/or the destruction of any memos, summaries or partial copies that have been furnished to or made by the parties' attorneys and experts or other "Qualified Persons." It shall also require the return or destruction of all Confidential Documents transmitted or stored electronically. If Confidential Documents are stored electronically on a computer hard drive or a similar electronic storage device, they shall be permanently deleted. In the event documents are destroyed, counsel for any party hereto that received Confidential Documents shall provide counsel for Cook with a document certifying that Confidential Documents have been destroyed. Notwithstanding the foregoing provisions of this paragraph, this provision may not be invoked while the law firm of _____ has active pending cases relating to inferior vena cava filters designed, manufactured or distributed by the defendants named in this action so long as a similar protective order has been entered by a Court or by the parties in at least one other pending case.

13. After termination of this litigation, the provisions of the Order shall continue to be binding.

14. This Court shall retain jurisdiction over the parties, their attorneys and experts for enforcement of the provisions of this Order until the termination of this litigation.

15. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorney's successors, executors, personal representatives, and administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

16. This Order is without prejudice to the right of any party to seek a modification hereof. Nothing contained herein shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any document or information. Either party shall have the right to oppose the production of any information for any proper reason.

17. The Parties agree to extend the provisions of this Order to also include data and documents subject to data privacy laws of Denmark and/or European Union.

18. Nothing herein shall be construed to keep a party or parties from maintaining all deposition transcripts, documents or materials which have been designated as Confidential in his/her or its possession during the pendency of this suit, provided that such party or attorney maintains the confidentiality as set forth in this Order.

19. The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony filed in court in this action which have been Ordered sealed in accordance with Local Rule 5-11.

The signature of counsel below constitutes their agreement, on behalf of themselves, their law firms and the parties they represent, to be bound by the terms of this Order.

The Court DIRECTS the Clerk to file a copy of this order in 2:14-ml-2570 and it shall be spread to each related case previously transferred to, removed to, or filed in this district. In cases subsequently filed in this district, a copy of the most recently entered case management plan and a copy of this Order will be provided by the Clerk to counsel appearing in each new action at the

time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recently entered case management plan and a copy of this Order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all Orders previously entered by the court. The orders may be accessed through the CM/ECF system.

**So Ordered.**

_____                          _____
Date                                                                               U. S. District Court
                                                                                            Southern District of Indiana

**AGREED TO BY:**


Irwin B. Levin, Esq.
COHEN & MALAD LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel:    (317) 636-6481
Fax:   (317) 636-2593
ilevin@cohenandmalad.com

Lead Counsel for Plaintiffs

Douglas B. King, Esq., Lead Counsel
James M. Boyers, Esq.
Christopher D. Lee, Esq.
John C. Babione, Esq.
Sandra L. Davis, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:   (317) 639-6444
dking@woodmclaw.com
jboyers@woodmclaw.com
clee@woodmclaw.com
sdavis@woodmclaw.com
kmcdonald@woodmclaw.com

Counsel for Cook Defendants

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

## ACKNOWLEDGEMENT OF AGREED PROTECTIVE ORDER

I, _____, am a "Qualified Person" as defined in Paragraph No. 3 of the Agreed Protective Order which was created for and captioned under the above-captioned matter. I have been provided a copy of the Agreed Protective Order and have read and fully understand the meaning and intent of same.

On my oath, I hereby acknowledge that I will be receiving Confidential Documents pursuant to and as defined in paragraph 1 of that Agreed Protective Order. I further acknowledge that I am not a competitor of Cook Group Incorporated, Cook Incorporated, Cook Medical Incorporated and/or William Cook Europe ApS. I have been given a copy of, and have read and understand, the Agreed Protective Order and I represent that I am entitled to receive such Confidential Documents pursuant thereto. I understand that: (a) Confidential Documents and any copies thereof are confidential information to remain in my personal custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such confidential information; (b) no disclosure or use of such Confidential Documents shall be made or permitted for commercial business or competitive reasons, and Confidential Documents shall not be published via any medium, including but not limited to the internet; and

(c) I am submitting to the jurisdiction of this Court for purposes of enforcement of that Agreed Protective Order.  I further agree to notify the stenographic or clerical personnel who are required to assist me of the terms of the Agreed Protective Order.  I also agree not to disseminate any information to anyone, or make disclosure or use of any such information, except for purposes of the above-referenced proceeding or as permitted by the Agreed Protective Order or by further order of the Court.

SIGNED this _____ day of _____, _____.

_____

Printed Name: