IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>This Document Relates to All Actions | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF DISCOVERY PROCOTOL FOR DENMARK ESI**

**I.      Introduction**

Defendants respectfully disagree with Plaintiffs' position on Denmark ESI and believe that Plaintiffs' Response mischaracterizes both the intent and likely effects of the Cook Defendants' proposed Denmark discovery protocol ("Protocol").  Plaintiffs argue the Protocol will unreasonably restrict discovery, that the Cook Defendants have shown no burden to justify use of the Protocol, and that the Parties are best served by a single discovery protocol.  Those arguments, however, ignore the facts addressed in the Cook Defendants' supporting Brief.

The Cook Defendants and Plaintiffs' counsel began discussing a separate protocol for handling Denmark ESI before MDL 2570 was formed.  The concept of a separate ESI protocol stemmed from the significant differences between United States and Denmark law governing data privacy.  Unfortunately, Plaintiffs have refused to engage in any meaningful discussions regarding the proposed protocol and ongoing opposition to the Cook Defendants' Motion emphasizes their position that no consideration be given to issues arising from Danish and European data privacy laws.

**II.     Argument**

**A.     The Cook Defendants seek a reasonable discovery plan, not an unfair or unreasonable limitation on discovery.**

Contrary to Plaintiffs' assertions, the Cook Defendants do not intend for the proposed Denmark Protocol to prevent Plaintiffs from obtaining relevant ESI simply because it is in Denmark. Rather, the Cook Defendants seek a plan that allows them to comply with European Union ("EU") privacy law while satisfying their discovery obligations under the Federal Rules of Civil Procedure and taking steps to create a process to avoid undue and unnecessary burdens. These goals do not conflict because the types of information protected by the EU are generally irrelevant to the issues in MDL 2570. Accomplishing these valid, co-existent goals will be easier and more efficient through the implementation of a discovery protocol that creates a process which allows them to comply with the legal requirements of *both* Denmark and the United States.

It would be unreasonable to refuse any special consideration for the requirements imposed on the Cook Defendants by Danish and EU privacy laws when doing so could expose them to liability for failure to comply while not resulting in any additional ESI production to the Plaintiffs. The Cook Defendants have no particular preference as to whether the proposed Protocol, or a modified version acceptable to this Court, is adopted as a stand-alone document or as a supplement to the main ESI order in MDL 2570. However, such a protocol will assist the Cook Defendants in fully complying with their U.S. discovery obligations while avoiding conflicts with Danish privacy laws, thus preventing potential liability for violations those laws, reducing discovery disputes, and avoiding undue burdens on the Cook Defendants.

Implementing the Protocol is justified in this case because the potential for unreasonable and unnecessary burdens from conducting discovery in Denmark is very real. Unnecessary travel to Denmark, unnecessary volume of material reviewed in Denmark, and an unnecessarily large number of personnel trained and staffed to review documents in Denmark are some of the obvious burdens and can be avoided, or at least limited, with a reasonable discovery plan. That is all that Defendants seek, a plan to avoid unnecessary, avoidable, unfair, and unreasonable burdens for Denmark ESI. Defendants understand that some burdens are inherent in doing business in Denmark, but Defendants reasonably seek to utilize the guidance explicit in the FRCP designed to protect parties from discovery burdens that can be reasonably avoided.

In opposing the proposed ESI protocol, Plaintiffs cite to the deposition testimony of April Lavender. Specifically, they cite to Ms. Lavender's testimony that regulatory employees in Cook's offices outside of the United States maintain their own files locally, and that each locations' files may be maintained in a different fashion from other locations. (Plaintiffs' Exhibit 2, Deposition of April Lavender, 13:11-14:17, Apr. 23, 2015). Then they make an unsupported argument that documents housed at William Cook Europe will be sheltered from production by the Denmark ESI protocol. This is simply not the case. Cook has no intention of withholding discoverable documents from the Plaintiffs unless they are privileged or otherwise protected by the FRCP.[1]

The true issue at hand is that Plaintiffs insist upon complete and unfettered access to any and all information in Danish and without any process that will avoid unnecessary and undue burdens to the Cook Defendants. However, the Federal Rules specifically provide that "the court *must* limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought

---

[1] Counsel for Plaintiffs have indicated that they would agree to the redaction of sensitive data by the Cook Defendants.

is unreasonably cumulative or duplicative . . . or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . .[.]" Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). This Court clearly has the authority to put in place parameters, guidelines, and/or limitations on the nature and extent of discovery. That authority includes fashioning a discovery plan that has phases that both minimizes the risks to the Defendants of incurring liability for violation of foreign data privacy laws and helps to control the overall time and financial burdens of ESI production. By submitting the proposed protocol for Denmark ESI, the Cook Defendants are attempting to design a framework within which responsive ESI can be appropriately and efficiently identified, screened for irrelevant and sensitive data subject to protection by Danish and European law, and then moved from Denmark to the United States for production to the Plaintiffs.

> **B. The Cook Defendants are not attempting to use EU privacy law as a "shield" to refuse to produce otherwise responsive documents.**

The Plaintiffs contend that the Cook Defendants are attempting to use foreign privacy law as a "shield" to allow them to refuse to produce responsive documents. In support of their argument, they attempt to analogize the issues at bar to those in *In Re: American Medical Systems Pelvic Repair System Products Liability Litigation* ("*In Re AMS*"), 2:12-md-02325 (S.D.W.V. 2012). However, the facts in the case at bar are clearly distinguishable from those in *In Re AMS*. In that case, the court granted plaintiffs' "Motion to Compel Production of Documents Outside of the United States" after AMS repeatedly refused to produce any documents whatsoever that were stored outside of the United States, insisting that because all of the products at issue were cleared by the FDA and were designed, manufactured, and marketed within the United States, and because the motion to compel did not articulate any reason that cross-border discovery was necessary, the discovery requests were patently unreasonable. AMS

also suggested to the court that the plaintiffs might be intentionally attempting to ramp up the discovery costs as quickly as possible to increase pressure on AMS unrelated to the merits of the claims at issue.  *In Re AMS*, 2:12-md-02325 (S.D.W.V. 2012)(Mem. at 2, ECF 304).  The court was unpersuaded by AMS's arguments and granted plaintiffs' motion to compel.

      The discovery scenario addressed by the court in *In Re AMS* is completely different from the scenario presently before the Court.  Unlike AMS, the Cook Defendants have never questioned that the relevant ESI housed in Denmark is discoverable, subject to limitations imposed by the Federal Rules of Civil Procedure.  The Cook Defendants do not use EU privacy law as a "shield" to prevent the Plaintiffs from seeing the documents in question.  In fact, the Cook Defendants have been, and continue to be, diligently working to meet the demands of the requested foreign ESI production.  They have already incurred and will continue to incur, significant burdens in terms of time and costs in producing the ESI data that is responsive to the Plaintiffs' discovery requests.  They are not asking this Court to excuse them from compliance with FRCP 34.  What they are asking is for the Court to enter an order that streamlines and simplifies the production as much as possible, so that costs and burdens to both sides, including potential liability for breach of foreign privacy laws, may be minimized and avoided to the greatest possible extent.

      It is notable that in *In Re AMS*, even though the plaintiffs' motion to compel was granted, the court stipulated that it expected the plaintiffs to cooperate with AMS in limiting the amount of foreign discovery required, in protecting the privacy of foreign data, and in considering whether sensitive information should be completely redacted.  *In Re AMS*, 2:12-md-02325 (S.D.W.V. 2012)(Mem. at 6, ECF 399).  The Court's expectation reflects the fact that undue

burdens must be avoided. That is all that the Cook Defendants request. The Cook Defendants believe that the proposed protocol for handling Denmark ESI serves those purposes.

### III. Conclusion

The Cook Defendants seek entry of their Denmark Protocol to minimize conflict with Danish law, to avoid delays caused by discovery disputes, and to reduce unnecessary and avoidable burdens upon the Cook Defendants to the extent possible. These goals are both prudent and consistent with the laws of the United States, and they will expedite discovery in MDL 2570.

Submitted this 15th day of May, 2015.

Respectfully submitted,

/s/ James M. Boyers
Douglas B. King, Esq., Lead Counsel
James M. Boyers, Esq.
Christopher D. Lee, Esq.
Kip S.M. McDonald, Esq.
John C. Babione, Esq.
Sandra L. Davis, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN  46204-4208
Tel:  (317) 639-6151
Fax:  (317) 639-6444
dking@woodmclaw.com
jboyers@woodmclaw.com
clee@woodmclaw.com
kmcdonald@woodmclaw.com
jbabione@woodmclaw.com
sdavis@woodmclaw.com

Counsel for Cook Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on May 15, 2015, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. All non-registered counsel of record will be served by Plaintiffs' Steering Committee.

/s/ James M. Boyers
James M. Boyers, Esq.

1219271-1 (10909-0412)