UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY           No. 1:14-ml-02570-RLY-TAB
LITIGATION

This Document Relates to All Actions

**ORDER ON PROPOSED ESI ORDER AND DENMARK ESI**

Before the Court pends discovery disputes concerning the parties' protocol for ESI discovery during this litigation. The parties dispute three issues.[1] The first issue concerns the manner of producing ESI from databases. The second issue relates to the scope of privilege logs, and the third concerns the management of data from Denmark. The Court makes the following rulings:

1.  With respect to the manner of producing ESI from databases, Plaintiffs' proposed changes to the *Adams* ESI order [Filing No. 319] are denied as moot. Subsequent to the briefing of Plaintiffs' motion, the parties filed a joint motion for approval of an electronically stored information and document production protocol. [Filing No. 505-1.] This agreed-upon protocol limits discovery so that only portions of a database that are responsive to requests will be produced. If the database is entirely responsive, the protocol requires the database to be produced in its entirety. Plaintiffs' original proposal directly contradicts the parties' joint

---

[1] Plaintiffs' submission of proposed ESI order includes several other proposed changes that the parties resolved over the course of briefing. [*See* Filing No. 357.]

1

motion, and the Court has already granted the joint motion [Filing No. 505]. Consequently, Plaintiffs' argument is moot.

2.      Plaintiffs' proposed changes to the *Adams* ESI order [Filing No. 319] relating to the scope of privilege logs is also denied as moot. In their brief, Plaintiffs proposed that the parties' privilege logs include all responsive communication withheld on the basis of privilege or work product. Subsequently, the parties filed a joint motion for approval of a protocol concerning claims of privilege and work product that contradicts Plaintiffs' initial proposed changes. [Filing No. 504-1.] In this protocol, the parties agreed that communication after February 23, 2010, between Cook Defendants and in-house counsel or outside counsel relating to IVC filter litigation need not be listed. The Court granted the parties' joint motion. [Filing No. 504.] Thus, Plaintiffs' privilege argument is moot.

3.      Defendants' motion for entry of discovery protocol for Denmark ESI [Filing No. 358] is granted. The Court generally encourages broad discovery. However, under Federal Rule of Civil Procedure 26(b)(2)(C), the Court must limit production of discovery where the proposed discovery is unreasonably cumulative or the burden outweighs its likely benefit. Danish and EU privacy laws set forth data privacy rules limiting the process, transfer, and disclosure of personal data, imposing civil and criminal penalties for noncompliance. Under such circumstances, a separate Denmark protocol setting forth reasonable limitations that comply with the Federal Rules and applicable Danish and European law is warranted. Case law cited in the parties' briefing support this approach. Both *Société Nationale Industrielle Aérospatiale v. United States Dist. Court for S. Dist. Of Iowa*, 482 U.S. 522 (1987), and *In Re: American Med. Sys. Pelvic Repair Sys. Prods. Liab. Litig.,* Pretrial Order #24, ECF No. 326, 2:12-md-02325 (S.D. W.V.

2012), stand for the proposition that parties are expected to protect the privacy of foreign data and to that end limit the amount of foreign discovery that is required.

Reasonable limitations to discovery contained in the proposed Denmark protocol shall not prevent Plaintiffs from obtaining relevant ESI simply because it is in Denmark. Rather, the protocol shall focus on the requirement imposed on the Cook Defendants by Danish and EU privacy laws and seek to avoid exposing them to liability for failure to comply. The protocol should avoid unnecessary, avoidable, unfair, and unreasonable burdens for Denmark ESI, recognizing that some burdens are inherent in doing business in Denmark. Defendants' proposed Denmark protocol satisfies these reasonable limitations [Filing No. 358-1] and thus is adopted.

For these reasons, Plaintiffs' proposed ESI order [Filing No. 319] is denied as moot, and Defendants' motion for entry of discovery protocol for Denmark ESI [Filing No. 358] is granted.

Date: 7/10/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Copies to all registered counsel of record via the Court's ECF system.
All non-registered counsel of record will be served by Plaintiffs' Lead Counsel.