IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION § § § § § § § § § | Case No.1:14-ml-2570-RLY-TAB MDL No. 2570 |
| This Document Relates to All Actions | |

### PLAINTIFFS' REPLY TO COOK DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S ORDER ON ELECTRONICALLY STORED INFORMATION AND DOCUMENT PRODUCTION PROTOCOL – DENMARK ESI

COME NOW Plaintiffs and file this, their Reply to the "Memorandum in Response to Plaintiffs' Objections to Magistrate Judge's Order on Electronically Stored Information and Document Production Protocol – Denmark ESI" filed by the Cook Defendants. In support of their objections, Plaintiffs would respectfully show the Court as follows:

## I.
## INTRODUCTION

It is telling that in their Response, the Cook Defendants, themselves, are attempting to ease back from the broad discovery restrictions contained in the Denmark Protocol. Perhaps Defendants recognize that there is scant precedent supporting a discovery order that: (1) rewrites the scope of permissible discovery, (2) reassigns the burdens when resisting discovery, and (3) extends one party discretion to unilaterally determine whether and how a discovery request will be answered. Perhaps Defendants realize that the unfettered discretion they have been extended is contrary to applicable

law. Whatever the reason, Defendants seem to now believe that their best chance to salvage the erroneous Denmark Protocol is to claim that it doesn't really mean what it says and that Defendants, themselves, do not intend to abide by its terms:

| DENMARK PROTOCOL SAYS: | DEFENDANTS NOW SAY: |
|---|---|
| **"[T]he scope of discovery in Denmark is limited to that which is relevant and necessary to support a claim or defense."** Denmark Protocol, p. 4. | "Cook Defendants will not judge whether or not to produce a document based on a "relevant and necessary" standard." Response, p. 10. |
| **"Sensitive Data is not relevant to this litigation and will not be produced** and/or will be redacted."[1] Denmark Protocol, p. 5. | "**Cook Defendants commit to producing responsive documents, even if they contain Sensitive Data,** after the appropriate redactions are completed." Response, p. 11. |
| "Other Personal Data [not related to WCE employees with personal knowledge]. . . **will not be produced** and/or will be redacted." Denmark Protocol, p. 4. | "Personal Data or Sensitive Data [not related to WCE employees with personal knowledge]. . . **can merely be redacted** to the extent it is contained within a document that is responsive and/or relevant." Response, pp. 8-9. |

There is no reason for the parties to labor forward under a discovery protocol that doesn't even reflect the intentions of the *drafting* party – let alone the applicable law. Certainly, it is error to alter the long-established standards and burdens for discovery absent any specific showing that the hardships imposed by a particular discovery request outweigh the value of the information sought. For these reasons and for the reasons set forth in Plaintiffs' previously filed Objections, the erroneous Denmark Protocol should be set aside.

---

[1] Plaintiffs recognize that Defendants' present commitment to produce responsive documents containing Sensitive Data after redactions are made, is consistent with the language of the Denmark Protocol which allows for redaction of Sensitive Data. However, this concession does not alter the fact that the plain language of the Denmark Protocol allows Defendants to choose whether to redact Sensitive Data from responsive documents *or* whether to simply not produce documents containing Sensitive Data at all.

## II.
## ARGUMENT

**A.      The Denmark Protocol Is Not Supported By Rule 26.**

Defendants argue in their Response that the Denmark Protocol's one-sided discovery restrictions are a permissible exercise of the Court's power under Federal Rule of Civil Procedure 26(b)(2)(C).  Not so. Rule 26(b)(2)(C) allows a court to limit the frequency or extent of the broad discovery otherwise allowed under the federal rules *if* the discovery is unreasonably cumulative or duplicative, *if* the party seeking discovery had ample time to obtain the information, or *if* the burden or expense of proposed discovery outweighs its likely benefit.  FED. R. CIV. PRO. 26(b)(2)(C).  Moreover, it is the party resisting discovery that bears the burden of showing why discovery should not go forward. *Blakenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975); *Balarezo v. Nth Connect Telecom, Inc.,* No. C 07-5243 JF (PVT), 2008 WL 2705095, *2 (N.D. Cal. July 8, 2008).  Defendants have not shown that any specific discovery request in this case meets Rule 26(b)(2)(C)'s requirement for restrictions.

Plaintiffs have argued from the outset that the Denmark Protocol is improper because it imposes broad discovery restrictions without requiring any particularized showing that Danish privacy laws are implicated by a specific discovery request and that a balancing of the parties' respective needs and interests would not favor disclosure. Because Rule 26(b) requires a particularized showing that the requested discovery is burdensome as a prerequisite for discovery restrictions, it does not support entry of the Denmark Protocol in this case.

3

**B.     The Denmark Protocol Is Not Consistent With the Sedona Conference's Central Concept of Proportionality.**

At the Heart of the Sedona Conference's *International Principles on Discovery/Disclosure/Data Protection* is the view that data protection and discovery must coexist. *International Principles*, p. 3. The *International Principles* recognize that privacy laws "are not inherently antithetical to U.S. preservation and discovery efforts." *Id.,* p. 3. Hand-in-hand with the notion of comity, the *International Principles* posit that data protection laws are not to be advanced for improper purposes absent a good faith belief that an actual conflict exists. *Id.,* pp.7-8.

In application, the *International Principles* center on the concept of "proportionality," *i.e*. "the balancing of competing factors to achieve a practical compromise." *International Principles,* p. 11. Importantly, the *International Principles* recognize that "[p]roportionality in discovery is *already* embodied in the Federal Rules of Civil Procedure." *Id.* (emphasis added). That is, the Federal Rules already obligate courts to restrict discovery where it is unreasonably cumulative, available from other sources or overly burdensome when weighed against its likely benefits. *Id.* Accordingly, there is nothing in the Sedona Conference's recommendations that requires international discovery to start from a point other than the well-accepted standards of the Federal Rules.

Moreover the framework put forth by the Sedona Conference suggests that proportionality determinations are to be made in relation to specific discovery requests – not blanket restrictions such as those contained in the Denmark Protocol. For example, when responding to discovery that implicates privacy laws, the *International Principles* advise parties and data controllers to consider: (1) the importance of the information

4

requested, (2) the degree of specificity of the request, and (3) the availability of other means for obtaining the information. *Id.* Each of these factors are request specific. Moreover, courts are advised to consider the same factors "if they are called upon later to evaluate the parties actions." *Id.* Thus, it is apparent that the *International Principles* envision discovery disputes coming before the Court (if at all) at a later stage, after they have been fairly considered by the parties and are capable of a meaningful request-specific evaluation. By indiscriminately restricting discovery – without first weighing the importance and specificity of the request against the privacy burdens and alternatives – the Denmark Protocol has put the cart before the horse in a manner not intended by the Sedona Conference.[2]

C.  **Defendants offer no argument in support of the Denmark Protocol's requirement that all discovery be "*necessary* to support a claim or defense."**

The Denmark Protocol alters the scope of discovery obtainable from the Danish Defendants from that which is "reasonably calculated to lead to admissible evidence" to that which is "relevant and "necessary to support a claim or defense." This erroneous (and one-sided) alteration of the discovery standard, is excused by Defendants with a breezy promise that it "will not be used" to govern the scope of discovery. [Response, p. 10]. Nevertheless, Defendants suggest that searching sources Defendants deem to be irrelevant would not be "necessary" to any legal claim and, thus, would not be undertaken. [Response, p. 10]. Defendants' argument illustrates the problem. Under the Denmark Protocol, Defendants get to decide what sources are relevant, and therefore,

---

[2] Cases cited by the Sedona Conference in its *International Principles on Discovery/Disclosure/Data Protection* typically involve a specific discovery request brought before the court via a motion to compel or a motion for protective order. *E.g. Salermo v. Lecia*, 1999 WL 299306 (W.D.N.Y. Mar 23, 1999)(production of severance package information precluded by German data protection act); *Volkswagen AG v. Valdez*, 909 S.W.3d 900, 904, n.14 (Tex. 1995)(request to produce company telephone book protected by German data protection act where alternative methods were available to obtain the same information).

what information is necessary, and therefore, what information will be produced. This approach is directly contrary to the long-standing discovery tenet that relevancy is to be broadly construed, and that a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *McCoy v. Whirlpool Corp.,* 214 F.R.D. 642, 644 (D. Kan. 2003)

Although attributed by Defendants to the Sedona Conference, the Denmark Protocol's alteration of the scope of discovery is actually contrary to the recommendations of the Sedona Conference. The Sedona Conference expressly states that it "does not purport to expand or restrict the scope" of discovery. *International Principles,* p. 12 ("Principle 3 does not attempt to define or modify [the duty to preserve, disclose or produce Protected Data] under U.S. law."). To the extent that the Denmark Protocol does otherwise, it is in error.

**D.     The Denmark Protocol Unfairly Places Plaintiffs At A Disadvantage.**

Under the typical discovery framework, Defendants would receive a discovery request, gather the responsive information, determine if any of the information is privileged or protected, and produce it accordingly. The Denmark Protocol is entirely different. Under the Denmark Protocol, Defendants are first permitted to refashion the discovery request by interpreting it narrowly, next Defendants get to designate the limited universe of sources they will examine for relevant information, and, finally, Defendants are allowed to determine – at their own discretion – whether to substitute alternative documents, whether to redact the document or whether to simply not produce the document at all. [Denmark Protocol, pp. 4-5]. This approach leaves Plaintiffs at a distinct disadvantage.

Plaintiffs do not intent to be unreasonable or to needlessly subject Defendants to hardship based on the processing of protected data. Plaintiffs seek only a level playing field upon which both parties are governed by the same rules when requesting discovery and bear the same burdens when opposing discovery. Because the Denmark Protocol unfairly restricts Plaintiffs' discovery rights in violation of the applicable procedural rules and laws, it should be set aside.

### III.
### CONCLUSION AND PRAYER

For the foregoing reasons, and for the reasons set forth in Plaintiffs' previously filed Objections, Plaintiffs respectfully request that this Court set aside the Denmark Protocol and instruct the parties that (1) *all* discovery – regardless of where located -- shall be conducted pursuant to the agreed provisions of the General ESI Protocol, and (2) privacy considerations related to Denmark-based ESI must be raised in relation to a specific discovery request. Alternatively, if the Denmark Protocol is not set aside in its entirety, Plaintiffs pray that it be modified to reflect the proper scope and burdens for discovery set forth under the law and described herein.

Respectfully submitted,

Price Waicukauski & Riley, LLC

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
301 Massachusetts Avenue
Indianapolis, Indiana 46204
Telephone: (317) 633-8787
Facsimile: (317) 633-8797
Email: jwilliams@price-law.com

*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

7

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 17, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

                /s/ Joseph N. Williams
                Joseph N. Williams