IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to All Actions

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO BIFURCATE PUNITIVE DAMAGES AT TRIAL AND DURING DISCOVERY**

Cook Defendants, by counsel, respectfully submit this Memorandum in Support of their Motion to Bifurcate Punitive Damages at Trial and During Discovery.

**I.      INTRODUCTION**

Plaintiffs' Master Consolidated Complaint for Individual Claims (hereinafter "Master Complaint") specifically seeks punitive damages. *See* Master Complaint, Docket No. 43, at Count XI. In the interest of promoting efficiency and avoiding unnecessary prejudice against Cook Defendants, Cook Defendants move the Court to bifurcate the trial of any matters in this MDL into two consecutive stages: *first*, trial on the issues of liability and compensatory damages, and *second*, trial on the amount of punitive damages, if necessary. Cook Defendants respectfully submit that bifurcating punitive damages in this manner at trial will allow the Parties and the jury to focus on the pertinent issues of liability and compensatory damages without being improperly influenced by evidence concerning Cook Defendants' revenues, product margins, net worth, employee pay, or other potentially inflammatory financial information (hereinafter "Cook Defendants' Financials"), which would be relevant only to calculating a monetary award of punitive damages.

1

Likewise in the interest of promoting efficiency and avoiding unnecessary prejudice against Cook Defendants, as well as avoiding discovery disputes, Cook Defendants move the Court to bifurcate punitive damages during discovery by staying discovery relevant only to punitive damages (i.e. Cook Defendants' Financials) until Plaintiffs can establish that punitive damages are likely to be at issue at trial. As Cook Defendants are privately held companies, staying the discovery of Cook Defendants' Financials until such information is necessary will protect Cook Defendants from the intrusive (and likely unnecessary) disclosure of extremely sensitive, non-public information.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) ("Rule 42(b)") states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "The district court has considerable discretion to order the bifurcation of a trial . . . ." *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) (citing *Houseman v. United States of Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999)). Indeed, the district court may order bifurcation as long as such order: "(1) serves the interests of judicial economy or is done to prevent prejudice to a party; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment." *Id.* (citations omitted). "Furthermore, although Rule 42 does not expressly address the bifurcation of discovery, courts have looked to similar factors as those relevant to the bifurcation of trial when determining whether discovery related to the deferred claims should be stayed." *Cann v. Baltimore County*, 2011 U.S. Dist. LEXIS 12489, at *3-4 (D. Md. Feb. 9, 2011) (collecting cases). Federal Rules of Civil Procedure 26(c) and (d) also authorize the Court to delay discovery as to particular topics when appropriate.

**III.     PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES SHOULD BE BIFURCATED AT TRIAL.**

To further the goals of Rule 42(b), Cook Defendants propose that the trial of any matters in this MDL be conducted in two consecutive stages. In the first stage, the Parties will present evidence and argument on the issues of liability, including whether Plaintiffs are entitled to punitive damages, and compensatory damages. If the jury finds that Cook Defendants' are liable for punitive damages, the trial will proceed to the second stage, where the Parties will present evidence and argument regarding the appropriate monetary amount of the punitive damages award, which would likely include presentation of Cook Defendants' Financials. If the jury finds at stage one that Cook Defendants are *not* liable for punitive damages, the trial would end without proceeding to stage two.

**A.     Bifurcation Will Avoid Prejudice to Cook Defendants and Promote Judicial Economy.**

If Plaintiffs are permitted to present evidence of Cook Defendants' Financials at trial without restriction, Cook Defendants would be prejudiced because a jury might improperly consider Cook Defendants' wealth in determining liability and/or compensatory damages. At a minimum, a jury could be confused or distracted by such evidence. This prejudice can be easily avoided by bifurcating punitive damages from the liability and compensatory damages stage of the trial. Indeed, Courts have routinely found that bifurcation of punitive damages is necessary to prevent prejudice to a defendant. *See e.g., Wise v. C. R. Bard, Inc.*, 2015 U.S. Dist. LEXIS 14312, at *15 (S.D. W. Va. Feb. 6, 2015) (finding the "probative value of allowing evidence of financial status during the first phase of the trial is substantially outweighed by the danger of confusing the issues or misleading the jury"); *S.S. v. Leatt Corp.,* 2014 U.S. Dist. LEXIS 12192, at *4-5 (N.D. Ohio Jan. 31, 2014) (finding that "introduction of defendant's wealth, which

affects only the punitive damages aspect of the claim, may cause prejudice to the defendant because the jury may improperly consider defendant's wealth in determining liability"); *Kuiper v. Givaudan, Inc.*, 602 F. Supp. 2d 1036, 1055 (N.D. Iowa 2009) (noting that the Eighth Circuit Court of Appeals has recognized that "bifurcation of trial into separate phases to consider, first, liability and compensatory damages, and second, punitive damages, can avoid the potential that evidence pertinent to punitive damages will improperly prejudice a determination on liability and compensatory damages") (citing *Parsons v. First Investors Corp.*, 122 F.3d 525, 529 (8th Cir. 1997)).

In addition to avoiding prejudice to Cook Defendants, bifurcation will promote judicial economy. The first stage of the trial will be expedited because the Court and jury will not be burdened by the presentation of evidence relevant only to an award of punitive damages. If the jury finds that Plaintiffs are not entitled to punitive damages, the Court need not move onto stage two. Courts have routinely found that this approach promotes judicial economy. *See, e.g., Leatt Corp.*, 2014 U.S. Dist. LEXIS 12192 at *4-5 (holding that "issues of judicial economy weigh in favor of bifurcating the amount of punitive damages, as the jury may find in favor of defendant with respect to liability or the entitlement to punitive damages, which would entirely eliminate the need for testimony on the amount of punitive damages"); *Baker v. Equifax Credit Info. Servs.*, 1998 U.S. Dist. LEXIS 2707, at *5 (D. Kan. Feb. 6, 1998) (finding that a procedure where evidence of the amount of punitive damages could only be presented and considered after such a time where the jury has determined the defendant was liable for punitive damages would "avoid prejudice, expedite the trial on liability, and result in economy of time and resources" for the court and the parties).

### B.     Bifurcation Will Not Unfairly Prejudice Plaintiffs.

The two stage approach proposed by Cook Defendants will not unfairly prejudice Plaintiffs. Cook Defendants are not requesting that Plaintiffs be barred from presenting evidence regarding Cook Defendants' Financials to the jury, but rather that such evidence be restricted to the appropriate time. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." FED. R. OF EVID. 401. Evidence concerning Cook Defendants' Financials does not have a tendency to prove any fact relevant to Cook Defendants' alleged liability or Plaintiffs' alleged compensatory damages. Indeed, its *only* potential relevance is to the calculation of a monetary award of punitive damages. As such, Plaintiffs will not be unfairly prejudiced by being restricted from presenting evidence of, or otherwise discussing, Cook Defendants' Financials during stage one of the trial concerning liability and compensatory damages.

### C.     Bifurcation Will  Not Violate the Seventh Amendment.

The Seventh Amendment prohibits splitting of a proceeding such that a second jury would weigh the same factual issues as the first jury. *A.L. Hansen Mfg. Co. v. Bauer Prods.*, 2004 U.S. Dist. LEXIS 8935, at *18 (N.D. Ill. May 17, 2004) (citations omitted). Here, Cook Defendants propose that the second stage of the trial, if necessary, proceed immediately after the first stage and before the same jury. This approach "avoid[s] any Seventh Amendment pitfalls." *Id.* at *19.

### IV.    DISCOVERY REGARDING COOK DEFENDANTS' FINANCIALS SHOULD BE STAYED UNTIL AND UNLESS PLAINTIFFS CAN ESTABLISH PUNITIVE DAMAGES ARE LIKELY TO BE AT ISSUE AT TRIAL.

Plaintiffs may seek to discover evidence of Cook Defendants' Financials to establish Cook Defendants' ability to pay a punitive damages award. As such evidence is relevant only to

5

the calculation of a monetary punitive damages award, Cook Defendants request that the Court prohibit Plaintiffs from seeking discovery regarding Cook Defendants' Financials until Plaintiffs can establish that punitive damages are likely to be at issue at trial. Specifically, Cook Defendants propose that discovery on Cook Defendants' Financials be stayed until after the dispositive motion stage of this litigation. If Plaintiffs' punitive damages claim survives, discovery may proceed on Cook Defendants' Financials. If Plaintiffs' punitive damages claim fails, no such discovery will be necessary.[1] This approach has been previously used by this Court.

Bifurcating discovery in this manner will further the goals of Rule 42(b) by avoiding prejudice to Cook Defendants and economizing the Court's and the parties' resources without unfairly prejudicing Plaintiffs. *See Ziemkiewicz v. R+L Carriers, Inc.*, 2013 U.S. Dist. LEXIS 73715, at *7-8 (D. Md. May 24, 2013). As Cook Defendants are privately held companies, their Financials are not publically available and are extremely sensitive. Thus, Cook Defendants would be prejudiced by having to disclose such information unnecessarily. This prejudice can be easily avoided by staying discovery on Cook Defendants' Financials until it *is* necessary. This approach will also economize the Court's and the parties' resources by focusing on the pertinent issues of liability and compensatory damages and not wasting time and money on discovery that may prove to be wholly irrelevant and unnecessary. Plaintiffs will not be unfairly prejudiced, because as discussed above, Cook Defendants' Financials are not relevant to Cook Defendants' alleged liability and Plaintiffs' alleged compensatory damages, which is the "meat" of Plaintiffs' Master Complaint. If it looks like punitive damages will be at issue at trial (*i.e.*, Plaintiffs'

---

[1] This Court has previously delayed discovery relating to punitive damages in a manner similar to what is proposed by Cook Defendants. *See Finch v. City of Indianapolis*, 2011 U.S. Dist. LEXIS 67577, at *19 (S.D. IND. June 23, 2011 (denying motion to compel financial information and stating that such ruling could be revisited "after the ruling on summary judgment issues and upon some demonstration of the factual bases for the plaintiffs' allegation that the defendants' conduct would support an award of punitive damages.")

punitive damages claim survives summary judgment), Plaintiffs will have an adequate amount of time to conduct discovery on Cook Defendants' Financials and prepare for trial, without delay.

## V. CONCLUSION

Pursuant to Rule 42(b) and for the reasons set forth above, Cook Defendants respectfully request that the Court issue an Order bifurcating punitive damages at trial and during discovery in this MDL.

Respectfully submitted,

*/s/ Christopher D. Lee*
Douglas B. King, Esq., Lead Counsel
Christopher D. Lee, Esq.
James M. Boyers, Esq.
John C. Babione, Esq.
Sandra Davis Jansen, Esq.
Kip S. M. McDonald, Esq.
WOODEN McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:   (317) 639-6151
Fax:   (317) 639-6444
doug.king@woodenmclaughlin.com
chris.lee@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
sandy.jansen@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

Counsel for Cook Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2015, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Christopher D. Lee*

1201281-1 (10909-0412)