IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION                     Case No: 1:14-ml-2570-RLY-TAB
_____           MDL No. 2570

This Document Relates to All Actions
_____

_____

**PLAINTIFFS' RESPONSE IN OPPOSION TO COOK DEFENDANTS' MOTION TO
BIFURCATE PUNITIVE DAMAGES AT TRIAL AND DURING DISCOVERY**

## I.       INTRODUCTION

The Cook Defendants' ("Cook") request to bifurcate punitive damages is not only inefficient and untimely, it is a departure from American jurisprudence wherein all issues in a case are tried at the same time, unless extraordinary issues present themselves. Moreover, to sever discovery into two phases (discovery on liability, then discovery on punitive conduct after liability trial) would cause inefficiencies since multiple issues overlap in this matter.  Such a severance of issues would cause undue hardship and prejudice to the Plaintiffs requiring them to re-open discovery after trial and then have a separate trial on the issue of punitive conduct and damages. Also, severing issues stifles settlement efforts.

Cook cannot meet its burden to show that bifurcation would support  judicial economy or efficiency and that neither party would be prejudiced; Cook has not even defined the information it seeks to protect via bifurcation. Without describing what it means by "financial information" it is impossible to know how exactly Cook will be prejudiced by its disclosure. Plaintiffs respectfully request that Cook's motion be denied or at the most, allow discovery and trial to move forward on all pleaded issues and bifurcate only the calculation of punitive damages.

## II.     LEGAL ARGUMENT

Bifurcation is not the preferred method of proceeding in a lawsuit especially where issues and evidence supporting them may overlap; one must "carve at the joint" in order to bifurcate issues. *Hydrite Chemical Co. v. Calumet Lubricants Co.,* 47 F.3d 887, 890 (7th Cir. 1995). A district court may bifurcate issues for trial in furtherance of convenience, to avoid prejudice, or to economize and expedite a trial. Fed. R. Civ. P. 42(b). Bifurcation may be appropriate if the party seeking it shows that doing so 1) serves the interests of judicial economy, 2) does not unfairly prejudice the non-moving party, and 3) does not violate the Seventh Amendment. *Krocka v. City of Chicago*, 203 F.3d 507, 517 (7th Cir. 2000). The party seeking bifurcation has the burden of proving that judicial economy would be served and that opposing party would not be prejudiced by separate trials. *Balzar v. Am. Family Ins. Co*., No. 2:08–cv–241, 2009 WL 1543524, at *2 (N.D. Ind. June 2, 2009); *Montgomery v. Am. Family Ins. Co.*, No. 3:09-CV-00545, 2010 WL 1936085, at *2 (N.D. Ind. May 11, 2010).

When a party claims it will be prejudiced unless issues are bifurcated, it is difficult - if not impossible - to determine the validity of such argument without discovery. *Challenge Aspen v. King World Prods. Corp*., 2001 WL 1403001, at *3 (N.D. Ill. Nov. 9, 2001). Without discovery, it is also impossible for the court to evaluate whether any evidence might be unduly prejudicial and possibly addressed by other means such as a special instruction to the jury or action by the judge based on the evidence that comes in at trial. *Id*. at *3.

Also, where there is significant overlap of issues, management of a trial is not served by bifurcation. *McLaughlin v. State Farm Mut. Auto. Ins. Co*., 30 F.3d 861 (7th Cir. 1994) (adopting party's argument and opinion of lower court). To divide a trial into two different issues to be heard separately can be a recipe for disaster. *Hydrite Chemical Co.,* 47 F.3d at 890. Bifurcation is also expensive for the court and the parties. *Jones v. Travco Ins. Co.,* 2014 WL 1404726, at *2

2

(S.D. Ind. Apr. 9, 2014).  The "normal procedure is to try compensatory and punitive damage claims together," and not bifurcate discovery efforts. *Smith v. PH Mortgage Corp.*, 2015 WL 4256532, at *5-7 (N.D. Ind. July 14, 2015) (denying a motion to bifurcate discovery and citing *McLaughlin*, 30 F.3d at 871). There is no presumption of bifurcation and discovery of all issues in a case is not on its face unduly prejudicial. *Trinity Homes, LLC v. Regent Ins. Co*., 2006 WL 753125, at *1 (S.D. Ind. Mar. 20, 2006) (denying a request to bifurcate discovery).

## A.   Cook Has Not Met Its Burden to Support Bifurcation of Discovery and/or a Trial.

First, Cook has not defined what it is that might be so unduly prejudicial and why. In its moving papers, Cook uses the vague terminology "financials" to describe evidence that may prejudice the defendants in that it might confuse and distract a jury. But speculation alone does not warrant bifurcation. *Smith*, 2015 WL 4256532, at *5-7. Nor do overly broad arguments, as Cook has made here. Such vagueness makes it impossible to determine exactly what the untoward prejudice Cook might suffer is simply because such arguments could be made in every case with a wealthy defendant. *Challenge Aspen,* 2001 WL 1403001, at *3.

Because Cook does not adequately describe the evidence it seeks to exclude for a later date, arguing (not to mention adjudicating) on the merits whether discovery of its "financials" would be prejudicial is highly problematic. Without a clear definition of the financial information Cook seeks to exclude, the request seems to encompass a very broad swath of information that could fall under the "financial" umbrella.  For example, it could include information related to Cook's sales and marketing strategies, its market share, etc. Discovery and presentation of such evidence related to sales is completely relevant to Plaintiffs' claims. Considering the added expense to the Court and the parties if the case were to be bifurcated,

Cook needs to be much more specific about what exactly it is requesting. *Jones,* 2014 WL 1404726, at *2.

Also, "the normal procedure is to try compensatory and punitive damages claims together with appropriate instructions to the jury." *Montgomery*, 2010 WL 1936085, at *2. Although Cook chose not to specifically define "financials," it is highly unlikely the discovery and presentation of such evidence at trial would be so prejudicial that two discovery phases and two trials are warranted. Cook seems to forget that all evidence admitted at trial in an adversarial system is prejudicial towards one party or the other. The burden is on them to show that the effect would be *unduly* prejudicial. Ultimately, Cook's fear that a jury might consider Cook's wealth in rendering a verdict, if real, could be cured by implementing much less intrusive means, such as supplying a jury instruction.

### B.      Issues of Liability and Punitive Conduct are Inextricably Intertwined.

Issues of liability and punitive damages are so closely intertwined in this case, they cannot be separated without unfair prejudice to the Plaintiffs. Plaintiffs have alleged that Defendants chose to continue marketing and selling its filters after learning of increased risks of perforation, migration, tilting, and fracture. Facts associated with these allegations are related to a Plaintiff's liability arguments and therefore her compensable damages. Yet Cook ignores this inevitably enormous overlap in evidence between the two and is using this motion as an effort to conceal from a jury any intentional misconduct which would give rise to claims for both compensatory and punitive damages - both entitlement and amount. There is no clear divide between Cook's culpability and the evidence surrounding their conduct. A jury would have a very difficult time determining whether Cook acted with gross negligence, reckless indifference

or intentional misconduct without evidence of whether it preserved its fiscal interests at the expense of a Plaintiff's health and safety.

Also, Defendants argue that its financial motives are irrelevant in a negligence action, but negligence is not the sole cause of action alleged against Defendants in this matter.  Even if it were, Cook's financial information with regard to profits and the acts or omissions surrounding the sales and marketing of its IVC Filters can be probative of whether a duty was breached towards a plaintiff.

> Evidence tending simply to show that [the manufacturer] wanted to successfully market [their products] and make a profit selling them would not be relevant to show, for example, that [the manufacturer] acted negligently. But excessive concern with the image and marketing of [their products] at the expense of making efforts toward determining whether they were safe could be probative as to whether [the manufacturer] breached a duty of care towards the plaintiffs.

*In re: Diet Drugs*, 369 F.3d 293, 314 (3rd Cir. 2004).

Clearly evidence of the profits gained in relation to a plaintiff's treatment or health outcomes is relevant to a jury's consideration in determining whether a duty was breached. It can also be informative of a potential duty of care when comparing costs related to design modifications and the amount of profit enjoyed by Cook. This sort of evidence could certainly be considered "financial" information by Cook and would be inappropriate and unfairly prejudicial to Plaintiffs if precluded from discovering and presenting such evidence to a jury as to liability and damages. Logistically speaking, it would also be a burden on the Plaintiffs and the Court and cause delay if discovery on these issues were bifurcated as it would surely give rise to disputes as to what is financial information and what is not. Such disputes would also be terribly inconvenient for both parties and the Court.

Additionally, Plaintiffs have pled fraud and unfair and deceptive trade practices in their complaints. The evidence necessary to support these claims will likely overlap with evidence that will prove whether such conduct warrants awarding punitive damages. Where evidence relevant to one issue is also relevant to another, a party is not prejudiced by the Court's decision not to bifurcate. *Kuiper v. Givaudan*, 602 F. Supp. 2d 1026, 1055-56 (N.D. Iowa 2009). Due to the overlapping nature of these and other issues, if bifurcation of both discovery and trial on punitive conduct and damages is granted, it would likely cause some of the same witnesses to be deposed during a second phase of discovery and recalled for a second trial. This would also result in some of the same evidence being presented, and to a second jury without the institutional knowledge gained by the first.

### C.      Bifurcation Is Neither Economical Nor Expeditious.

Nothing stifles the notion of settlement (the ultimate form of expediency) more than bifurcation.  It is commonly observed that resolution of a case will not occur until discovery and sometimes dispositive motions are complete on all issues. *Almaraz v. Haleas*, 602 F. Supp. 2d 920, 924-25 (N.D. Ill. 2008).  Judicial economy is not served when the same or similar discovery is necessary for the issues sought to be bifurcated as described *supra*.  Bifurcation of discovery would be a tremendous source of inefficiency by delaying portions only to be revisited later.

If Cook is concerned about the revelation of its net worth, that is merely one small piece of evidence not worthy of bifurcating discovery and an entire trial.  More efficient means can be employed by the Court if it finds there would be undue prejudice to Cook.  For instance, the trial judge in this case can control the timing of evidence offered so that no evidence of net worth is admitted unless and until the judge concludes that enough evidence has been offered to create a

possibility of a punitive damage award. Or, and even more efficient, a limiting instruction could be given.

As this Court has previously expressed "[b]ifurcation, however, is expensive to the court-as well as to the parties. This court is too busy and too stretched for resources to conduct two jury trials for the same litigation." *Jones*, 2014 WL 1404726, at *2.   At a minimum, Plaintiffs submit to the Court that if it is inclined to bifurcate any part of this case, that it adopt the process many states have codified in the name of expediency which is to bifurcate only the issue of the *amount* of punitive damages to be awarded. In other words, allow discovery on all issues to proceed and allow evidence supporting all issues at trial. If the jury decides that Cook's behavior was punitive in nature under the law it is  required to follow as instructed, then allow the jury to determine the amount in a second phase to commence immediately after a verdict.

**D.      Cook's Arguments are Inconsistent.**

Cook seeks bifurcation of discovery on the issue of punitive damages, yet they suggest that at the close of trial on liability that a "second stage of the trial, if necessary, proceed immediately after the first stage and before the same jury." (Def. Motion, at 5). This makes absolutely no sense. If discovery is bifurcated, Plaintiffs will not have the discovery they need to try a punitive phase before the same jury. Under Cook's proposal, if Plaintiffs are successful in the first phase, they would then have to obtain discovery related to punitive conduct (additional depositions and document requests), review their work product stemming from that additional discovery and then try the second phase. The issues of recalling the same jury at a later date are not addressed, but on its face, it is not feasible.

Also, Cook ignores the fact that there is a Protective Order that has been entered by this Court in this litigation. Discovery of any documents it deems confidential are protected from dissemination under that Order, i.e., Cook's sensitive information will not be revealed during

discovery. If this case proceeds to trial, all evidence will be published regardless of what it is, "financial" or otherwise. The risk of litigation can be part of the cost of doing business whether that business is publicly or privately held. Cook has not satisfied the factors required to obtain bifurcation of discovery or trial and it should not be given preferential treatment by the granting of a bifurcated process simply because it does not want its "financials" shared, whatever that may be.

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Cook's motion to bifurcate punitive damages during discovery and trial.

Respectfully submitted,

RILEY WILLIAMS & PIATT, LLC

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
301 Massachusetts Avenue
Indianapolis, IN  46204
Telephone:     (317) 633-5270
Facsimile:     (317) 426-3348

*Liaison Counsel to Plaintiffs Steering Committee
and on behalf of Plaintiffs Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

/s/ Joseph N. Williams
Joseph N. Williams