IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Actions | |

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO BIFURCATE PUNITIVE DAMAGES AT TRIAL AND DURING DISCOVERY**

The Cook Defendants respectfully submit this Reply Memorandum in support of their Motion to Bifurcate Punitive Damages at Trial and During Discovery (the "Motion"). As discussed more fully below, Plaintiffs' opposition to the Motion stems solely from a misunderstanding of the relief sought by Cook Defendants. In fact, the "alternative" relief proposed by Plaintiffs in their Response in opposition to the Motion – that trial and discovery be bifurcated as to the *calculation* of punitive damages only – is exactly what Cook Defendants' request in the Motion.

**I.  PLAINTIFFS' ARGUMENTS IN OPPOSITION TO THE MOTION ARE NOT PERSUASIVE BECAUSE THEY ARE BASED UPON A MISREADING OF COOK DEFENDANTS' SUPPORTING MEMORANDUM.**

Cook Defendants' proposal is *not*, as Plaintiffs assert in their Response, that: (1) discovery be conducted on liability; (2) a trial be conducted on liability; (3) discovery be conducted on punitive conduct; and (4) a second trial be conducted on punitive conduct. Indeed, Cook Defendants agree that such an approach would be unduly burdensome for both the Parties and the Court. Rather, Cook Defendants propose a common-sense approach to discovery and trial that will avoid prejudice to Cook Defendants and promote judicial economy, without unfairly prejudicing Plaintiffs.

To clarify, Cook Defendants propose that the Court delay discovery that would be relevant only to *calculating* a punitive damages award, *i.e.* information concerning Cook Defendants' revenues, product margins, net worth, employee pay, or other potentially inflammatory financial information ("Cook Defendants' Financials"), until after the dispositive motion stage of this litigation. If Plaintiffs' claim for punitive damages survives, discovery on Cook Defendants' Financials may proceed and should be easily completed well before the first bellwether trial in this MDL.

Assuming, *arguendo*, that Plaintiffs' claim for punitive damages survives summary judgment and discovery is conducted on Cook Defendants' Financials, Cook Defendants propose that the trial of any matters in the MDL be conducted in *two consecutive stages*. In the first stage, the Parties will present evidence and argument on the issues of liability, *including whether Plaintiffs are entitled to punitive damages*, and compensatory damages. If the jury finds that Cook Defendants' are liable for punitive damages, the trial will immediately proceed to the second stage, where the Parties will present evidence and argument regarding the appropriate monetary amount of the punitive damages award.

      A.    **Cook Defendants Have Shown that Bifurcation Will Prevent Prejudice Against Them.**

Contrary to Plaintiffs' assertion, Cook Defendants have specified the type of evidence that they are seeking to bifurcate at trial and during discovery. Cook Defendants are not seeking to bifurcate information related to their sales and marketing strategies, or other information relevant to the issue of liability. Rather, Cook Defendants' request for bifurcation extends only to their sensitive financial information, such as revenues, product margins, net worth, and employee pay.

As Cook Defendants' Financials would be relevant only to calculating a monetary award of punitive damages, such evidence would have little to no probative value with respect to the issue of liability at trial. Moreover, what little probative value Cook Defendants' Financials might potentially have on the issue of liability would be substantially outweighed by the prejudicial effect of jurors improperly considering Cook Defendants' wealth in determining liability and/or compensatory damages. Cook Defendants' concern that jurors will be unfairly biased by their wealth is not merely "speculative," as numerous Courts have recognized wealth bias by jurors as a real threat. *See* Memorandum in support of Motion at 3-4. While the Court could instruct the jury *not* to improperly consider Cook Defendants' wealth, it is impossible to unring a bell. Accordingly, a jury instruction would be insufficient to address Cook Defendants' concern, especially when bifurcating the trial in the manner proposed by Cook Defendants would not significantly lengthen the trial (and in fact may shorten it) or unfairly prejudice Plaintiffs.

With respect to discovery, Plaintiffs seem to suggest that because there is a Protective Order in place, Cook Defendants should have no problem turning over their extremely sensitive, non-public Financials. While Cook Defendants do not doubt the integrity of the individuals involved in this litigation, the sheer number of people involved in this MDL (dozens of attorneys and their staffs, hundreds of plaintiffs, etc.) greatly increases the likelihood that confidential information could be improperly released inadvertently. Further, while the risk of litigation may be part of the cost of doing business, Cook Defendants are entitled to the same protections afforded under the Federal Rules of Civil Procedure as any other non-business party. The Rules embody the Court to protect a party from annoyance, oppression, and undue burden or expense. *See* Fed. R. Civ. P. 26(c). Due to the sensitive and private nature of Cook Defendants'

Financials, Cook Defendants should not have to disclose such information until Plaintiffs can demonstrate that such information is likely to be necessary at trial.

Cook Defendants have demonstrated that bifurcating the issue of punitive damages at trial and during discovery will avoid prejudice to them. Moreover, as discussed below, bifurcation in the manner proposed by Cook Defendants will also serve the interests of judicial economy.

### B. Bifurcation Will Not Create Unfair Prejudice Against Plaintiffs.

Plaintiffs argue that they would be prejudiced by bifurcation because the issues of liability and punitive conduct are inextricably intertwined. However, as discussed above, the issue of whether Plaintiffs are entitled to an award of punitive damages would be addressed at the first stage of the trial. Thus, Plaintiffs would not be prohibited from presenting evidence of alleged intentional misconduct by Cook Defendants alongside their liability evidence.

Moreover, Plaintiffs' reliance on *In re: Diet Drugs*, 369 F.3d 293 (3d Cir. 2004), is misplaced. The Third Circuit did not hold that evidence of a defendant's profits and similar information is relevant to whether such defendant breached a duty of care towards the plaintiff. Rather, the Third Circuit held that "excessive concern with the image and marketing of [the products] at the expense of making efforts toward determining whether they were safe" could be probative. *Id.* at 314. The mere fact that Cook Defendants may generate a profit off of the sale of the IVC filters at issue is not evidence that they have "excessive" concern with their image and marketing at the expense of patient safety. To the extent that Plaintiffs can make such an argument, it will have to be through evidence of Cook Defendants' *conduct*, not their Financials. Accordingly, Plaintiffs would be permitted to present such an argument during the first stage of trial and would not be unfairly prejudiced.

4

### C.     Bifurcation Will Promote Judicial Economy and Efficiency.

Again, Plaintiffs' arguments that bifurcation would not promote judicial economy and that Cook Defendants' proposal is unworkable are based on a misunderstanding of the relief sought by Cook Defendants. Cook Defendants' do not propose that the Court hold two trials for each matter in this MDL, but simply that each trial be conducted in two consecutive stages. As pointed out by Plaintiffs, this is a process that has been codified by many states "in the name of expediency." Response at 7. Likewise, Cook Defendants do not propose that discovery on their Financials be delayed until after a finding of liability at trial, but simply until after dispositive motions are resolved. There is no reason why discovery on this one relatively simple issue could not be efficiently conducted, if necessary, well before the first bellwether trial. Cook Defendants' proposed approach, both at trial and during discovery, will promote judicial economy because it ensures that discovery will be conducted and evidence presented on Cook Defendants' Financials *only* if necessary.

Plaintiffs seem to suggest that judicial economy would be best served by this litigation ending in a settlement prior to trial and baldly assert that "[n]othing stifles the notion of settlement . . . more than bifurcation." Response at 6. Cook Defendants would proffer that while judicial economy should be promoted when at all possible, it should not be used to promote or force settlement when a party believes that settling is not in its best interest. In any event, the Parties have recently agreed to conduct a settlement conference with Magistrate Judge Baker in February 2016, well before the close of discovery and the deadline for dispositive motions. Thus, it does not appear that Plaintiffs are seriously concerned that meaningful settlement discussions would be impossible or significantly impaired pending the completion of discovery

5

and dispositive motions. The lack of discovery on the one issue of Cook Defendants' Financials should not "stifle" the prospects of settlement in this matter, if any such prospects exist.

## II. CONCLUSION

Pursuant to Rule 42(b) and for the reasons set forth in Cook Defendants' Memorandum in support of the Motion and above, Cook Defendants respectfully request that the Court issue an Order bifurcating punitive damages at trial and during discovery in this MDL in the manner proposed by Cook Defendants.

Respectfully submitted,

*/s/ Christopher D. Lee*
Douglas B. King, Esq., Lead Counsel
Christopher D. Lee, Esq.
James M. Boyers, Esq.
John C. Babione, Esq.
Sandra Davis Jansen, Esq.
Kip S. M. McDonald, Esq.
WOODEN McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:    (317) 639-6444
doug.king@woodenmclaughlin.com
chris.lee@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
sandy.jansen@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

Counsel for Cook Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2015, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Christopher D. Lee*

1304896-1 (10909-0412)