IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

**MOTION FOR ENTRY OF ORDER AUTHORIZING *EX PARTE* CONTACT
BETWEEN DEFENDANTS AND PLAINTIFFS' TREATING PHYSICIANS**

The Cook Defendants respectfully move the Court to enter an Order authorizing the Cook

Defendants to have *ex parte* contact with the plaintiffs' treating physicians outside the presence

of the plaintiffs' counsel.  In support of said motion, the Cook Defendants state:

1.      Settlement conferences in MDL 2570 are currently scheduled for March 22-24,

2016.

2.      In order to fully prepare for the settlement conferences, it is essential that the

Cook Defendants conduct thorough and expedited discovery in the cases currently pending in

MDL 2570.

3.      Although state law governs privilege in a diversity action, federal procedural law

governs discovery practice. *See, e.g., Patton v. Novartis Consumer Health, Inc*., No. 4:02-CV-

0047-DFH-WGH, 2005 U.S. Dist. LEXIS 15453, at *2 (S.D. Ind. July 25, 2005); *Shots v. CSX

Transp., Inc*., 887 F. Supp. 206, 207-08 (S.D. Ind. 1995).

4.      Under federal procedural law, a district court has wide discretion to allow

informal discovery communications. *Patton*, 2005 U.S. Dist. LEXIS 15453, at *3 (citing

*Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947) for the proposition that the

right to conduct *ex parte* witness interviews "is taken for granted as a matter of federal procedure"); *Shots*, 887 F. Supp. at 207 ("Under the federal rules, district court judges are given wide discretion to supervise the discovery process, and their decisions are subject to review only for abuse of discretion.").

5.     Although applicable state privilege law addresses which relationships and communications are privileged, who may assert the privilege, and how the privilege is waived, MCCORMICK ON EVIDENCE §§ 98-105 (6th ed. 2006), by putting his or her medical condition at issue in a diversity action, a plaintiff waves the physician-patient privilege as to all matters relevant to the case.  *See, e.g., Patton,* 2005 U.S. Dist. LEXIS 15453, at \*2; *Shots*, 887 F. Supp. at 207-08.

6.     The Southern District of Indiana has repeatedly held that it has the discretion to allow *ex parte* conferences between the defense and the plaintiff's treating physician because "the policy considerations which protect the physician-patient relationship can safely be subverted to those policy considerations which expedite the discovery process."  *Shots*, 887 F. Supp. at 207-208; *Everhart v. Amtrak*, 2003 U.S. Dist. LEXIS 293, \*5 (S.D. Ind. Jan. 9, 2003) ("[T]he Court must balance the risks of disclosure of this information with that of the Defendant's right to mount its defenses for trial and to have equal access to pertinent witnesses. . . . This necessarily tips the balance in Defendant's favor. Therefore, Defendant is permitted to conduct *ex parte* interviews with Everhart's physicians as if they are any other fact witness."); *Eve v. Sandoz Pharm. Corp.,* No. IP98-1429-C-Y/S, 2002 WL 32153352, at \*2 (S.D. Ind. May 16, 2002) ("[W]hen the issue before the court is not what may be discovered, but how that discovery may be obtained or (in this case) how trial preparation may be conducted, that issue is a matter of federal procedural law.").

7.      Preventing the defense from communicating *ex parte* with a plaintiff's treating physician "is contrary to law and has the effect of limiting substantially one party's, and only one party's, ability to prepare for trial by interviewing witnesses."  *Patton*, 2005 US. Dist. LEXIS 15453, at *8.

8.      "[N]o party to litigation has anything resembling a proprietary right to any witness's evidence. Absent a privilege no party is entitled to restrict an opponent's access to a witness, however partial or important to him, by insisting upon some notion of allegiance." *Patton*, 2005 U.S. Dist. LEXIS 15453, at *11 (reversing magistrate judge's denial of defense's motion to compel treating physician to meet *ex parte* with defense counsel).

9.       Plaintiffs' treating physicians may be reluctant to meet *ex parte* with the Cook Defendants' counsel because of concerns regarding potential violations of physician-patient privilege and/or potential HIPAA violations.

10.     A court order establishing that each plaintiff has waived the physician-patient privilege by putting his or her medical history at issue in MDL 2570 and instructing plaintiffs' physicians to communicate *ex parte* with defense counsel is necessary to facilitate thorough and expedited discovery in MDL 2570 because the plaintiffs' treating physicians are only likely to communicate freely with counsel for the Cook Defendants if an order is in place authorizing such *ex parte* communication.

11.     Immediate entry of the requested order will assist the Cook Defendants to fully and meaningfully prepare for the March settlement conferences.

WHEREFORE, Defendants Cook Group, Inc., Cook Medical Incorporated a/k/a/ Cook Medical, Inc., Cook Medical, LLC, Cook Incorporated, Medical Engineering and Development Institute, Inc., Cook Medical Technologies, Cook Denmark International ApS, Cook Denmark

Holding ApS, Cook Group Europe ApS, Cook Nederland BV, and William Cook Europe ApS,

respectfully move the Court to enter an Order authorizing Cook to have *ex parte* contact with the

plaintiffs' treating physicians and for all other proper relief.


Respectfully submitted,

*/s/ Christopher D. Lee*
Douglas B. King, Esq., Lead Counsel
Christopher D. Lee, Esq.
James M. Boyers, Esq.
John C. Babione, Esq.
Sandra Davis Jansen, Esq.
Kip S. M. McDonald, Esq.
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:    (317) 639-6444
doug.king@woodenmclaughlin.com
chris.lee@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
sandy.jansen@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

Counsel for the Cook Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Christopher D. Lee*

1340635-1 (10909-0412)