IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION                Case No: 1:14-ml-2570-RLY-TAB
_____      MDL No. 2570

This Document Relates to:
Civil Action No. 1:14-cv-02053-RLY-TAB
_____

**PLAINTIFFS' RESPONSE IN OPPOSION TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

The Cook Defendants' ("Cook") request judgment on the pleadings in the matter of Grayden Kellogg v. Cook et al. For the reasons stated below, the Court should deny the Cook Defendants' motion.

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

This litigation consists of multiple actions for damages against the Cook Defendants for, *inter alia*, strict products liability (design defect and failure to warn) and negligence. (Doc. 213). The allegations include that the Cook Defendants failed to warn consumers as to the increased risk of perforation and other injuries (e.g., migration, fracture, etc.) to which patients would be exposed if implanted with one of the Cook devices at issue. Plaintiffs also allege that the information provided by Cook to the health care community and patients concerning the safety and efficacy of its IVC filters did not accurately reflect the serious and potentially fatal adverse events Plaintiffs could suffer, which Mr. Grayden Kellogg ("Kellogg") did suffer.

On March 20, 2008, Kellogg was involved in a motor vehicle accident which caused him to be admitted to Akron General Medical Center in Akron, Ohio. There it was determined that an IVC Filter would be implanted. On March 21, 2008, the Cook Celect Filter was inserted into Kellogg. There were no complications at that time. *See* Original Complaint p.6 ¶ 24.

On April 26, 2010, there was an attempt to remove the IVC filter but it could not be removed due to such a high risk of death during the procedure. *See* Original Complaint p.6 ¶ 25.

On December 16, 2014, Kellogg filed a Complaint against the Cook Defendants. Pursuant to Court Order, Kellogg then filed a Short Form Complaint on March 25, 2015, incorporating by reference the allegations and causes of the Master Long Form Complaint.

Therefore, the operative pleading in this litigation is the Master Long Form Complaint filed on January 30, 2015 (Doc. 213) which contains claims for tolling of any limitations period by reason of Defendants' fraudulent concealment.

Cook now presents this motion for judgment on the pleadings based on statute of limitations which Plaintiffs have pled equitable estoppel and claimed relief based on fraudulent concealment preventing the assertion of statute of limitations in order to bar a claim.

## II.     ARGUMENT AND AUTHORITIES

To succeed on a motion for judgment on the pleadings[1], the moving party must demonstrate that there are no material issues of fact requiring resolution and the facts within the complaint shall be viewed in the light most favorable to the plaintiff. *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995). Rule 12(c) motions are reviewed under the same standard as a motion to dismiss under Rule 12(b). *N. Indiana Gun &*

---
[1] Cook Defendants do not cite a rule yet presumably they are moving under Fed. R. Civ. Pro. 12(c) – Motion for Judgment on the Pleadings.

*Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)(citing *Frey v. Bank One,* 91 F.3d 45, 46 (7th Cir.1996). The motion shall be granted only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989)). As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir.1993), *cert. denied sub nom., Leahy v. City of Chicago,* 520 U.S. 1228, 117 S.Ct. 1818, 137 L.Ed.2d 1027 (1997).

Moreover, fraudulent concealment is an equitable doctrine that operates to prevent a defendant from asserting the statute of limitations as a bar to a claim where the defendant, by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim. *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999). Equity will toll the statute of limitations until the equitable grounds cease to operate as a reason for delay. *Id*. at 745. A plaintiff must exercise due diligence in commencing his action after the equitable grounds cease to operate as a valid basis for causing delay. *Id*. Therefore, a plaintiff must institute an action within a reasonable time after he discovers information which would lead to discovery of the cause of action. *Southerland v. Hammond*, 693 N.E.2d 74, 78 (Ind. Ct. App. 1998).

    **A.    Cook Has Not Met Its Burden to Obtain Judgment on the Pleadings.**

First, Cook ignores the well-plead Master Complaint the Plaintiff adopted on March 25, 2015, via the filing of a Short Form Complaint. (Doc. 318-1). The Master Long Form Complaint (Doc. 213) includes an assertion for "Tolling of the Limitations Period" (Doc. 213, ¶¶195-200, at 36). Specifically, Plaintiffs have alleged that Defendants through affirmative misrepresentations

and omission, actively concealed from not only the plaintiff, but his physicians the true risks associated with Cook IVC Filters. The pleading further alleges the doctrine of fraudulent concealment and alleges that Defendants are equitably estopped from asserting statute of limitations defenses preventing Plaintiff from pursuing his claim of, *inter alia*, defective design based on it misconduct. (Doc. 213 ¶199)(*See also*, *Doe*, 718 N.E.2d, at 744-45 (Ind. 1999). The pleadings also allege that no limitations period should accrue until such time that Plaintiff knew or reasonably should have known of some causal connection between Plaintiffs implantation and harm resulting. Since review of a motion for judgment on the pleadings is limited to the content of the pleadings themselves, Cook cannot demonstrate that there are no material issues of fact as Mr. Kellogg has appropriately plead equitable relief and based on fraudulent concealment.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion for Judgment on the Pleadings as to Mr. Kellogg.

Respectfully submitted,

**/S/ MATTHEW R. MCCARLEY**
Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com

**FEARS | NACHAWATI, PLLC**
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Tel. (214) 890-0711
Fax (214) 890-0712

**ATTORNEY FOR THE PLAINTIFF**
**GRAYDEN KELLOGG**

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2015, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. A copy of the foregoing was also served via U.S. Mail to the following non-CM/ECF participants:

David Carl Anderson
Anderson Law
711 Van Ness Avenue
Suite 220
San Francisco, CA 94102

Justin Kyle Brackett
Tim Moore, Attorney at Law, P.A.
305 East King St.
Kings Mountain, NC 28086

David J Britton
LAW OFFICE OF DAVID J BRITTON
2209 N 30TH ST, STE 4
TACOMA, WA 98403

George Jerre Duzane
Duzane, Kooperman & Mondelli
603 Woodland Street
Nashville, TN 37206-4211

Richard A. Freese
LANGSTON SWEET & FREESE PA
The Morgan Keegan Center
2900 Highway 280 Suite 240
Birmingham, AL 35223

Jay Harris
Harris, Reny & Torzewski
3rd Floor

Joseph A. Napiltonia
Law Office of Joe Napiltonia
213 3rd Avenue North
Franklin, TN 37064

Patrick M. Regan
REGAN ZAMBRI & LONG PLLC
1919 M. St. NW, Suite 350
Washington, DC 20036

Marian S. Rosen
ROSEN & SPEARS
5075 Westheimer, Suite 760
Houston, TX 77056

W. Bryan Smith
Morgan & Morgan, LLC
2600 One Commerce Square
Memphis, TN 38103

Mark A. Tate
Tate Law Group, LLC
2 East Bryan Street, Suite 600
P. O. Box 9060
Savannah, GA 31412

Anthony James Urban
LAW OFFICES OF ANTHONY URBAN, P.C.
474 N. Centre Street, 3rd Floor

---

**PLAINTIFFS' RESPONSE TO COOK DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS**                                      **Page 5 of 6**

Two Maritime Plaza
Toledo, OH 43604

Brian James Holmes
Hurley Mckenna & Mertz, P.c.
33 N. Dearborn Street, Suite 1430
Chicago, IL 60602

WILNAR JEANNE JULMISTE
ANDERSON GLENN LLP
2201 NW Corporate Blvd, STE 100
BOCA RATON, FL 33431

Cliff W. Marcek
Cliff W. Marcek, P.C.
700 S. Third St.
Las Vegas, NV 89101

Pottsville, PA 17901

Brian J. Urban
LAW OFFICES OF ANTHONY URBAN, P.C.
474 N. Centre Street, 3rd Floor
Pottsville, PA 17901

Peter C Wetherall
Wetherall Group, Ltd.
9345 W. Sunset Road, Suite 100
Las Vegas, NV 89148

Corrie Johnson Yackulic
Corrie Yackulic Law Firm PLLC
315 5th Avenue South, Suite 1000
Seattle, WA 98104-2682


*/s/* Matthew R. McCarley
Matthew R. McCarley

---