UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Civil Action No.: 1:14-cv-02053-RLY-TAB

**THE COOK DEFENDANTS' BRIEF IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

The Cook Defendants, by counsel, respectfully file their Brief in Support of Motion for Judgment on the Pleadings. For the reasons that follow, the Court should grant the Cook Defendants' motion.

**I.     RELEVANT FACTS**

Plaintiff Grayden Kellogg ("Kellogg") lives in Ohio. (Compl. ¶ 2.) On March 20, 2008, Kellogg was involved in a motor vehicle accident and thereafter was admitted to Akron General Medical Center in Akron, Ohio. (*Id.* ¶ 24.) The next day Akron Medical Center medical personnel inserted a Cook Celect Filter ("Filter") into Kellogg. (*Id.*) The Celect Filter is designed to prevent thromboembolic events by filtering or preventing blood clots from traveling to the heart and lungs. (*Id.*, ¶ 21.)

Shortly after insertion of the Filter, Kellogg began experiencing gastrointestinal bleeding. (Compl. ¶ 25.) On February 4, 2010, Kellogg learned that the Filter had perforated his vena cava. (*Id.*) Medical personnel launched an unsuccessful attempt to retrieve the Filter on April

1

26, 2010.  According to Kellogg, the surgeon could not retrieve the Filter because of "a high risk of death during the procedure." (*Id.*)

On December 16, 2014, Kellogg initiated the above-captioned case against the Cook Defendants, asserting claims of strict product liability, negligence and breach of express and implied warranties.

## II.     ARGUMENT

The Cook Defendants contend that Kellogg filed his Complaint after the statutes of limitations expired and, thus, his Complaint is untimely.  Because Kellogg filed his cause of action in Indiana, Indiana procedural law applies and statutes of limitations are procedural in nature.  *Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1157-58 (Ind. Ct. App. 2010); *see also FDIC v. J.P. Morgan Acceptance Corp.*, 2013 U.S. Dist. LEXIS 116162, at *8 (S.D. Ind. Aug. 16, 2013) (holding that "a statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated, and is procedural, barring only the remedy.")

Under Indiana law, Kellogg's claims cannot survive the Cook Defendants' Motion for Judgment on the Pleadings.  When the allegations in the Complaint are examined in the context of Indiana statutes of limitations, it becomes clear that Kellogg's Complaint is time-barred.

### A.  Indiana Statutes Of Limitations

Kellogg has asserted claims of strict product liability, negligence and breach of express and implied warranties.  His product liability and negligence claims are subject to a two-year statute of limitations.  Ind. Code § 24-20-3-1.  Kellogg's warranty claims are subject to a four-year statute of repose.  *Ludwig v. Ford Motor Co.*, 510 N.E.2d 691, 696 (Ind. Ct. App. 1987) (citing Ind. Code § 26-1-2-725)).  A warranty claim accrues on the date of delivery of the

product; the discovery rule is inapplicable. *Id.* The discovery rule applies to products liability and negligence claims.

The Indiana Court of Appeals discussed the discovery rule in *Morgan v. Columbus McKinnon Corp.*, 837 N.E.2d 546 (Ind. Ct. App. 2005). According to the court, under the discovery rule a products liability action begins "'to run from the date the plaintiff knew or should have discovered that [he] suffered any injury or impingement, and that it was caused by the product or act of another.'" *Id.* at 549 (quoting *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001) (further citation omitted)).

> [T]he question is whether [the plaintiff] experienced symptoms that would cause a person of reasonable diligence to take action that would lead to the discovery of his cause of action. Events short of a diagnosis can provide the plaintiff with enough evidence to take action; once a plaintiff's doctor expressly informs the plaintiff that there is a reasonable possibility, if not a probability, that an injury was caused by an act or product, then the statute of limitations begins to run.

*Morgan*, 837 N.E.2d at 549-50 (citing *Dorman v. Osmose*, 782 N.E.2d 463, 467 (Ind. Ct. App. 2003) (further citation omitted)).

### B. **Kellogg's Claims Are Barred By The Limitations Periods**

Indiana precedent shows that Kellogg's Complaint is time-barred. Kellogg's warranty claims are barred because he filed his Complaint more than six years after the date of the surgery during which the physician implanted the Filter. Kellogg's products liability and negligence claims are barred because, as shown below, the discovery rule cannot save them.

In *Morgan*, plaintiff Keith Morgan sustained electrical shock on May 24, 2001 while operating an electric chain hoist at his place of employment. *Morgan*, 837 N.E.2d at 547. On that same day, he reported the incident to his employer and was referred to the plant physician, who saw him the next day. *Id.* at 548. Morgan reported to the doctor that he had been feeling nervous and had been aching in his left arm and on the left side of his neck. The examination

3

and test the doctor performed were normal. On October 30, 2001, Morgan returned to the doctor and reported that since sustaining the shock, he had felt nervous, panicky, dizzy and light-headed several times per day. *Id.* Morgan complained of difficulty speaking and pain in his right shoulder. *Id.* The physician diagnosed Morgan with anxiety disorder and referred him to a neurologist. *Id.*

On November 1, 2001, the neurologist examined Morgan and diagnosed him with "spells following an electrocution: I suspect that he had actually developed an anxiety disorder with panic attacks as opposed to any true neurologic condition." *Morgan*, 837 N.E.2d at 548. On August 27, 2003, another doctor performed a neuropsychological evaluation on Morgan and diagnosed him with mild cognitive impairment and clinical anxiety disorder. *Id.*

Morgan and his wife filed their complaint on May 13, 2003 alleging product liability, negligence and loss of consortium and, on September 8, 2003, they moved to amend their complaint to add another defendant. The newly added defendant argued in the context of a summary judgment motion that the Morgans' claims against it were barred by the statute of limitations. The trial court agreed and the Morgans appealed.

In affirming the trial court, the Indiana Court of Appeals explained:

> It was because Morgan had ongoing symptoms "following an electric shock at work," including sleeplessness and feelings of nervousness, panic, dizziness and light-headedness several times a day, that he returned to [the doctor] on October 30, 2001. . . . Although Morgan was not formally diagnosed with anxiety disorder until October 30, 2001, it is apparent from the record that at all times he and [the doctor] connected these feelings to the electrical shock. Therefore, Morgan's symptoms were such that would cause a person of reasonable diligence to take action that would lead to the discovery of his cause of action.

*Morgan*, 837 N.E.2d at 550.

4

Turning to the present case, the information Kellogg possessed was even more telling than that possessed by the plaintiff in *Morgan*. Kellogg has admitted that he began to experience gastrointestinal bleeding shortly after his physician inserted the Filter. (Compl. ¶ 25.) On February 4, 2010, Kellogg learned that the Filter had *perforated* his vena cava, the vein into which his physician had inserted the Filter. (Compl. ¶¶ 19-20, 25.) On April 26, 2010, medical personnel actually attempted to remove the Filter but aborted their efforts "due to such a high risk of death during the procedure." (*Id.*, ¶ 25.) Kellogg cannot deny that by April 26, 2010 he knew the Filter had caused him injury. Even if Kellogg claims he did not have actual knowledge of his injury (and such a claim would seem illogical), he clearly had experienced symptoms that would have caused a person of reasonable diligence to take action that would have led to the discovery of his cause of action. *Morgan*, 837 N.E.2d at 549-50.

Kellogg's Complaint is untimely and the Court should grant the Cook Defendants' Motion for Judgment on the Pleadings.

### III.   CONCLUSION

Kellogg's warranty claims are barred because they are governed by a four-year limitations period that began to run on the date his doctor implanted the Filter – March 21, 2008 – more than six years before Kellogg filed his Complaint. His product liability and negligence claims are barred because they are governed by a two-year limitations period that began to run when Kellogg learned that the Filter had perforated his vena cava – February 4, 2010. At the very latest, the limitations period began to run on the date on which Kellogg's physician aborted his procedure to remove the Filter – April 26, 2010 – because the procedure created a high risk of death. The Court should find that Kellogg's Complaint is time-barred.

Respectfully submitted,

*/s/ Christopher D. Lee*
Douglas B. King, Esq., Lead Counsel
Christopher D. Lee, Esq.
James M. Boyers, Esq.
John C. Babione, Esq.
Sandra Davis Jansen, Esq.
Kip S. M. McDonald, Esq.
Maureen E. Ward, Esq.
WOODEN McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:   (317) 639-6151
Fax:   (317) 639-6444
doug.king@woodenmclaughlin.com
chris.lee@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
sandy.jansen@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com
maureen.ward@woodenmclaughlin.com

Counsel for Cook Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 13, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                              */s/ Christopher D. Lee*
                                              Christopher D. Lee

1318341-1 (8888-0001)