IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Actions | |

**REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER
AUTHORIZING *EX PARTE* CONTACT BETWEEN DEFENDANTS
AND PLAINTIFFS' TREATING PHYSICIANS**

The Cook Defendants respectfully offer this Reply in support of the Motion for Entry of Order Authorizing *Ex Parte* Contact between Defendants and Plaintiffs' Treating Physicians.

**INTRODUCTION**

When a plaintiff puts his or her medical condition at issue in a court of law, the physician-patient privilege is waived as to any medical conditions that are relevant to the claim. Once the privilege is waived, federal, not state, procedural rules govern the discovery process. The Southern District of Indiana has consistently interpreted federal procedural rules to allow *ex parte* communication between defense counsel and any witness, including the plaintiff's treating physicians, as part of the discovery process. Plaintiffs appear to concede that Cook is entitled to communicate with the treating physicians, but wish to limit such communication to information related to medical conditions placed at issue in this action. Because Cook only seeks information related to the medical conditions at issue in this action, the Court should grant Cook's Motion for entry of an order allowing *ex parte* contact between Cook and the plaintiff's treating physicians.

## ARGUMENT

1. **By filing suit, the Plaintiffs waived physician-patient privilege as to all matters relevant to the medical condition at issue in the case.** *Patton v. Novartis Consumer Health, Inc.*, 2005 U.S. Dist. LEXIS 15453, *2 (S.D. Ind. 2005)

By putting his or her medical condition at issue in a diversity action, a plaintiff waves the physician-patient privilege as to all matters relevant to medical condition at issue in the case. *See, e.g., Patton v. Novartis Consumer Health, Inc.,* 2005 U.S. Dist. LEXIS 15453, *2 (S.D. Ind. 2005); *Shots v. CSX Transportation, Inc.*, 887 F. Supp. 206, 207-08 (S.D. Ind. 1995). The Southern District of Indiana has consistently held that the Federal Rules of Civil Procedure do not contain any provisions prohibiting defense attorneys from conducting *ex parte* interviews with potential witnesses, including a plaintiff's treating physician, during the discovery process. *Shots*, 887 F. Supp. at 207. "[T]he right to conduct such interviews is taken for granted as a matter of federal procedure. *Patton*, 2005 U.S. Dist. LEXIS at *10. "[A]n attorney is entitled to conduct such witness interviews (or at least try to do so) without opposing counsel being present." *Id*. Preventing the defense from communicating *ex parte* with a plaintiff's treating physician "is contrary to law and has the effect of limiting substantially one party's, and only one party's, ability to prepare for trial by interviewing witnesses." *Patton*, 2005 US. Dist. LEXIS 15453, at *8.

The Plaintiffs rely heavily on *Cua v. Morrison*, 636 N.E.2d 1248 (Ind. 1994) for their position that no *ex parte* communication should be allowed in this action; however, the decision in *Cua* is not controlling in this matter. In *Shots*, the court expressly held that while *Cua* may govern Indiana discovery procedure, it does not change the essential elements of the physician-patient privilege. *Shots*, 887 F. Supp. at 207. The *Shots* court held that when a plaintiff seeks to enforce a state-based legal right in federal court, the mode of enforcement may not be the same

as it would be in state court because the two judicial systems are not identical, and the federal rule may be employed even though it differs from Indiana's rule. *Id*. The court held that because the privilege had been waived by the plaintiff when his medical condition was put at issue in the case, federal procedural rules controlled the discovery process. *Id*. Despite the Indiana Supreme Court's contrary position under state procedural law, the *Shots* court determined that *ex parte* communication between defense counsel and the plaintiff's treating physician was appropriate under federal procedural rules and that "the policy considerations which protect the physician-patient relationship can safely be subverted to those policy considerations which expedite the discovery process." *Shots*, 887 F. Supp. at 207-208.

Since *Shots*, the Southern District of Indiana has repeatedly exercised its discretion to allow *ex parte* conferences between the defense and the plaintiff's treating physician. *See, e.g.*, *Everhart v. Amtrak*, 2003 U.S. Dist. LEXIS 293, *5 (S.D. Ind. 2003) (allowing *ex parte* interviews with treating physicians as with any other fact witnesses because, "[T]he Court must balance the risks of disclosure of this information with that of the Defendant's right to mount its defenses for trial and to have equal access to pertinent witnesses."); *Eve v. Sandoz Pharm. Corp.*, No. IP98-1429-C-Y/S, 2002 WL 32153352, at *2 (S.D. Ind. 2002) (allowing *ex parte* contact between defense counsel and plaintiff's treating physicians because federal procedural law governed); *Patton*, 2005 U.S. Dist. LEXIS 15453 ("In general, no party has exclusive rights to a witness. Counsel are entitled and expected to look for witnesses and to interview them.").

There is no question that the physician-patient privilege has been waived as to the medical conditions at issue in this action. Since the privilege has been waived, federal procedure controls discovery related to the medical conditions at issue. The case law in the Southern

3

District of Indiana demonstrates that Cook is entitled to *ex parte* contact with the plaintiffs' treating physicians on the subject of the medical conditions that have been placed at issue.

> **2. It is the Plaintiffs' burden, not the Defendant's, to demonstrate that there are potentially damaging or embarrassing medical conditions unrelated to case that should be afforded protection from discovery.**

The Plaintiffs argue that because Cook has "failed to show that Plaintiffs have no medical conditions unrelated to this case that could be revealed during unsupervised *ex parte* contact" (Plaintiffs' Response, Dct. 844, at p. 3) Cook's Motion must be denied. This argument is based on a mischaracterization of applicable case law and is illogical. There is not a single decision in this District that has placed a burden on the defendant to make such a showing or that has refused to allow *ex parte* communication between the defense counsel and a plaintiff's treating physician because the defense has failed to demonstrate that there are no unrelated medical conditions that might be revealed during such communication. Rather, the *Shots* court, in *dicta*, acknowledged the possibility that such *ex parte* physician contact might be restricted or disallowed if the *plaintiff* demonstrated that the physician possessed information unrelated to the issues in controversy that might be potentially embarrassing or ruinous to the plaintiff. *Shots*, 887 F. Supp. at 208. Clearly, the burden is on a plaintiff, not a defendant, to demonstrate that such a situation exists.[1]

In MDL 2570, the Plaintiffs have executed medical release forms that allow Cook to obtain their complete medical records. There is no evidence that the Plaintiffs have made any attempt to limit the records released to Cook or that there are any medical conditions unrelated to this case that could be revealed by those records. The burden is squarely on an individual

---

[1] To the extent that a plaintiff has embarrassing or otherwise completely irrelevant or unrelated medical information that the plaintiff wishes to protect, the parties should first attempt to resolve the issue without the Court's involvement. It is important to note that the Cook Defendants have no interest in discussing such irrelevant and unrelated matters with any treating physician.

plaintiff to demonstrate the existence of any protected medical information not already released to Cook in the discovery process that could prove embarrassing or ruinous if disclosed. Absent such a showing, Cook is entitled to conduct *ex parte* communication with the treating physicians.

> 3. **In the context of an MDL, it would be overly burdensome and unnecessary to require separate and individual applications for *ex parte* contact with each plaintiff's treating physicians.**

There are roughly 150 cases filed in MDL 2570, and that number continues to increase. It simply does not make sense for the Court to review and rule upon individual requests for contact with multiple treating physicians for each individual plaintiff. Instead, it would be preferable to have an Order in place that appropriately sets out the parameters of the allowed *ex parte* contact between the Defendant and the Plaintiffs' treating physicians.

Along with this Reply, the Cook Defendants are submitting a proposed Order that could be presented to any treating physician when the physician is first contacted by the Defendants. The proposed Order has been revised to address the concern raised by the Plaintiffs regarding payment for the treating physicians' time in meeting with defense counsel. The Order expressly states that the Defendants are responsible for any costs related to the Defendants' contact with the physician. Entry of this Order will streamline the discovery process and remove the unnecessary and costly burden that would be imposed by a requirement that the Defendants file, and the Court rule upon, literally hundreds of individual requests for contact with specific treating physicians in individual cases.

## **CONCLUSION**

WHEREFORE, the Cook Defendants respectfully move the Court to enter the attached Order authorizing Cook to have *ex parte* contact with the plaintiffs' treating physicians and for all other proper relief.

Respectfully submitted,

*/s/ Christopher D. Lee*
Douglas B. King, Esq., Lead Counsel
Christopher D. Lee, Esq.
James M. Boyers, Esq.
John C. Babione, Esq.
Sandra Davis Jansen, Esq.
Kip S. M. McDonald, Esq.
WOODEN McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:   (317) 639-6444
doug.king@woodenmclaughlin.com
chris.lee@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
sandy.jansen@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

Counsel for the Cook Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2015, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Christopher D. Lee*

1360577-1 (10909-0412)