UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:

Civil Action No.: 1:15-cv-06029-RLY-TAB

---

### THE COOK DEFENDANTS' BRIEF IN SUPPORT OF
### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The Cook Defendants, by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1), respectfully submit their Brief in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion"). For the reasons that follow, the Court should grant the Cook Defendants' Motion.

**I.   INTRODUCTION**

On October 30, 2015, Jimmy Minter ("Minter") filed his Complaint in the United States District Court for the Eastern District of Texas, Beaumont Division. On November 18, 2015, the United States Judicial Panel on Multidistrict Litigation transferred Minter's action into MDL 2570. In his Complaint, Minter alleges that federal jurisdiction is proper under 28 U.S.C. §1332(a)(1) "because the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs." (Compl. ¶ 6.) However, Minter failed to adequately allege his citizenship.[1]  Complete diversity of citizenship cannot be ensured based on Minter's Complaint. Thus, Minter has failed to establish that a

---

[1] Counsel for the Cook Defendants emailed Plaintiff's counsel twice requesting Plaintiff's home address. As of filing, Plaintiff's counsel has not responded.

federal court has subject matter jurisdiction over this matter, and the Court should grant Cook Defendants' Motion to Dismiss.

## II.     ARGUMENT

Minter alleges that "[j]urisdiction is proper in this Court under 28 U.S.C. §1332(a)(1) because the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs." (Compl. ¶ 6.) Nowhere in Minter's Complaint does he state allegations concerning his citizenship. (*Id*. ¶¶ 1-24.) Minter, in a conclusory fashion, simply states "[t]his Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the Plaintiff and the Defendants are citizens of different states . . . and there is complete diversity of citizenship between Plaintiff and Defendant." (*Id*. ¶ 21.)

"When analyzing questions of federal law, the [MDL] transferee court should apply the law of the circuit in which it is located." *In re Temporomandibular Joint Implants Prods. Liab. Litig*., 97 F.3d 1050, 1055 (8th Cir. 1996). "The diversity jurisdiction law of the MDL transferee court should be applied because 'applying the law of the transferor circuit could yield a situation where we would find federal jurisdiction exists over claims from some parts of the country, but not from others. This is an untenable result.'" *In re Silica Prods. Liab. Litig*., 398 F. Supp. 2d 563, 644 n.128 (S.D. Tex. 2005). "[T]he law is clear that 'it is to be presumed that a cause lies outside a federal court's limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. at 662 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)).

Under 28 U.S.C.S. § 1332(a)(1), the federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). "Because a federal district court is a court of limited

jurisdiction, pleading grounds for jurisdiction is essential." *Gorman v. King*, 50 F.R.D. 195, 197 (D. Wis. 1970). "'It is a universal rule that a party who invokes the jurisdiction of a federal court must allege all facts necessary to give the court jurisdiction of the subject matter.'" *Id*. (quoting *Stewart v. United States*, 199 F.2d 517, 520 (7th Cir. 1952)). "The diversity statute must be strictly construed, and jurisdiction cannot be assumed by a district court nor conferred by agreement of the parties, but it is incumbent upon plaintiff to allege in clear terms, the necessary facts showing jurisdiction which must be proved by convincing evidence." *Harris v. Am. Legion*, 162 F. Supp. 700, 711 (S.D. Ind. 1958). "If he fails to make the necessary allegations he had [sic] no standing." *Id*. at 712.

"[A] complaint that relies on diversity jurisdiction must allege the specific citizenship of each party, in order to ensure complete diversity." *Rivera ex rel. over 100 Does v. Premiere Trade Software, LLC*, 2014 U.S. Dist. LEXIS 43029, at *8 (N.D. Ill. 2014) (citing M*eyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). "The Seventh Circuit has repeatedly warned litigants about the consequences of failing to adequately allege the citizenship of individuals and that it is the plaintiff's burden to do so." *Id*. at *9 (citing *Guaranty Nat'l Title Co. Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (noting that "these lawyers knew what they had to do, and they did not do it . . . Anyway, it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme" and remanding with instructions to dismiss for lack of jurisdiction); *America's Best Inns, Inc. v. Best Inns of Abilene*, *LP*, 980 F.2d 1072, 1074 (7th Cir. 1996) (noting that "it is the obligation of the plaintiff to establish jurisdiction, and in this obligation the plaintiff has failed" and remanding to dismiss for lack of jurisdiction).

It is clear that Minter has failed to establish jurisdiction. Minter's Complaint is devoid of any factual allegations concerning his citizenship. Because Minter has failed to allege his citizenship, complete diversity of citizenship cannot be ensured. Accordingly, the Court lacks subject matter jurisdiction over this case, and the Cook Defendants' Motion should be granted.

### III.     CONCLUSION

For the reasons stated above, the Cook Defendants respectfully request that this Court grant their Motion to Dismiss for Lack of Subject Matter Jurisdiction, and grant them all other proper relief.

Respectfully submitted,

*/s/ Christopher D. Lee*
Douglas B. King, Esq., Lead Counsel
Christopher D. Lee, Esq.
James M. Boyers, Esq.
John C. Babione, Esq.
Sandra Davis Jansen, Esq.
Kip S. M. McDonald, Esq.
Maureen E. Ward, Esq.
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:    (317) 639-6444
doug.king@woodenmclaughlin.com
chris.lee@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
sandy.jansen@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com
maureen.ward@woodenmclaughlin.com

Counsel for Cook Defendants

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

               */s/ Christopher D. Lee*
               Christopher D. Lee