IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | MDL NO. 2570<br>Case No. 1:14-ml-2570-RLY-TAB |

This Document Relates to All Actions

### PLAINTIFFS' MOTION FOR AN ORDER ESTABLISHING A TIME AND EXPENSE REPORTING PROTOCOL AND ESTABLISHING A COMMON BENEFIT FUND

1. Plaintiffs, by and through Plaintiffs' Executive Committee ("PEC"), hereby respectfully move the Court for entry of an Order establishing: (a) a Time and Expense Reporting Protocol, to ensure that any fees or expenses submitted for common-benefit work are reasonable, necessary, and non-duplicative; and (b) establishing an escrow account for the purpose of depositing and disbursing common-benefit funds as directed by the Court, referred to as the "Cook IVC Filter Common Benefit Fund."

2. The PEC seeks entry of this Order to ensure the efficient and effective pre-trial prosecution of plaintiffs' claims, to verify that time and expenses incurred by counsel are for the common benefit of plaintiffs, to protect against potential unreasonable and unnecessary fees and costs assessed against plaintiffs, and to establish a fund in the Court's jurisdiction from which counsel may petition for reimbursement of Common Benefit Expenses.

3. On October 15, 2014 pursuant to 29 U.S.C. § 1407 the Judicial Panel on Multidistrict Litigation ("JPML") transferred for consolidated and coordinated pretrial proceedings cases involving claims by Plaintiffs injured as a result of allegedly defective Cook IVC Filters. Transfer Order, In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation, 53 F.Supp.3d 1379 (J.P.M.L. Oct. 15, 2015) ECF No. 29.

4. Following the JPML's establishment of this multidistrict litigation ("MDL"), this Court appointed certain Plaintiffs' counsel to serve as Co-Lead Counsel, State/Federal Liaison Counsel, and Plaintiffs' Executive Committee (hereafter "PEC") and Plaintiffs' Steering Committee (PSC). See Order Appointing Plaintiffs' Leadership Positions, In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation, No. 14-ml-02570 (S.D. Ind. Dec. 19, 2014) ECF No. 93; Agreed Proposed Amendments to Case Management Plan, In re: Cook Medical, 14-ml-02570 (S.D. Ind. July 1, 2015) ECF No. 506.

5. PEC members and other private counsel under their direction have already conducted, and continue to advance, IVC Filter litigation through common-benefit work. Common-benefit work conducted to date includes weekly conference calls, negotiating the initial case management order and amendments thereto, conducting 30(b)(6) depositions of corporate representatives regarding both ESI discovery and corporate structure, short form complaint drafting, domestic and international ESI planning and coordination, as well as scheduling 30(b)(6) requests, and responding to complaints filed by defendants. PEC members continue

to expend resources related to common-benefit work as this litigation expands and progresses.

6. The common-fund doctrine reflects the traditional practice of courts in equity, resting on the perception that persons who obtain the benefit of a lawsuit without contributing to its costs are unjustly enriched at a successful litigant's expense. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). The Supreme Court of the United States has consistently held that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to reasonable attorney's fees from the fund as a whole." Id.

7. Creation of such common-benefit funds are a staple of effective case management in modern complex litigation, particularly in multidistrict litigation. The doctrine empowers every multidistrict transferee court to require that fees be equitably shared in complex civil litigation. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006, 1016 (5th Cir. 1977) ("We hold that the district court had the power to direct that the Committee and its counsel be compensated and that requiring the payment come from other [non-member] attorneys was permissible."); Skelton v. General Motors Corp., 860 F.2d 250, 252 (7th Cir. 1988) ("The common fund doctrine is 'based on the equitable notion that those who have benefited from litigation should share its costs.'"); Admin. Comm. of the Wal-Mart Stores, Inc. Associates Health and Welfare Plan v. Varco, 338 F.3d 680, 688 (7th Cir. 2003) ("Under the common fund doctrine, a lawyer who recovers a sum of money (or 'fund') for the benefit of others beyond his client is entitled to

3

reasonable attorney's fees from the fund as a whole."); N. Indiana Pub. Serv. Co. v. Citizens Action Coal. of Indiana, Inc., 548 N.E.2d 153, 161 (Ind. 1989) ("Those who benefit from the creation of the fund or from the creation of any other legal benefit should share in the expense of producing the benefit…the rational is an equitable one, designed to prevent 'free riders' from taking advantage of the fund without paying their fair share.")

    8.    The Manual for Complex Litigation (4th ed. 2004) ("Manual 4th") endorses the common-fund doctrine in complex litigations. Manual 4th § 14.11. The Manual 4th recommends that such fee issues and funding designations should be addressed early in the litigation. Id. at § 14.215. Without such special provisions for compensation, the MDL fee structure presents an obstacle to cooperation between attorneys for different plaintiffs. Id. at § 20.312.

    9.    The Manual 4th endorses a fixed percentage fee structure via a holdback, "MDL judges generally issue orders directing that defendants who settle MDL-related cases contribute a fixed percentage of the settlement to a general fund to pay national counsel." Id. at § 14.11. In Boeing, 444 U.S. at 478 (1980), the Supreme Court explained that the district court must have "[j]urisdiction over the fund involved in the litigation." Such criterion is satisfied by jurisdiction over a party controlling the fund, usually the defendant. In the MDL context, this is accomplished via orders directing defendants to "hold back" a specified percentage of claims settled in the MDL. See Pretrial Order 77 at ¶ 3.a, In Re: American Medical Systems, Inc. Pelvic Repair Systems, Product Liability Litigation, 2:12-md-

2325 (S.D. W. Va. Aug. 26, 2013) ECF No. 833; CMO Establishing Common Benefit Fee and Expense Funds at II.B.2.a, In re: Biomet M2A Mangum Hip Implant Products Liability Litigation, 12-md-02391 (S.D. Ind. Feb. 3, 2014) ECF No. 1317. Deposits into such an account become the source of common-benefit funds which may be distributed for reimbursement of attorneys' fees or costs following the close of litigation, and pursuant to duly-notice motion and court-approval.

10. The proposed order applies to all cases now pending, or later filed in, transferred to, or removed to, this court and treated as part of this coordinated proceeding (In re: Cook Medical, Inc., IVC Filters Marketing, Sales, Practices and Product Liability Litigation, MDL No. 2570). This order further applies to all plaintiff's attorneys and their law firms who represent clients, who have cases now, or later filed in, transferred to, or removed to this court, regardless of whether the plaintiff's attorney signs the "Participation Agreement" attached as Exhibit A. The Participation Agreement need only be signed by state court counsel without any cases filed in the MDL.

11. The Proposed Order subjects attorneys and/or law firms representing Plaintiffs within or outside the MDL, and/or who have signed the Participation Agreement, eight percent (8%) assessment of the gross monetary recovery: 2% from Plaintiffs' share of the recovery ( for common benefit expenses) and 6% from the share of recovery payable to the Plaintiffs' attorney as attorneys' fees , to be paid to an escrow account designated as the "Cook IVC Filter Common Benefit Fund." The common benefit funds would be held as funds subject to the discretion of this

Court and no party or attorney would have any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court.

12. The proposed order is consistent with fair and equitable assessments ordered in other recent MDLs. See Amended CMO No. 3 at ¶ A.1.b, In re: Nuvaring Products Liability Litigation, 08-mdl-1964 (E.D. Mo. Dec. 9, 2011) ECF No. 1129 (ordering assessment of 11% from attorneys' fees, and 4.5% from client's portion of the recovery); Order Amending PPO 22 at ¶ C, In re Kugel Mesh Hernia Patch Products Liability Litigation, 07-md-01842 (D.R.I. May 21, 2012) ECF No. 3795 (ordering a 12% assessment of the gross monetary recovery); Pretrial Order No. 5 at ¶ A.3.a, In re: Zimmer NexGen Knee Implant Products Liability Litigation, 11-cv-05468 (N.D. Ill. Feb. 19, 2013) ECF No. 740 (ordering 8% assessment, 5% from attorneys' fees, and 3% from plaintiffs' share of any recovery); Order at 1, In re: FEMA Trailer Formaldehyde Product Liability Litigation, 07-md-01873 (E.D. La. Sept. 27, 2012) ECF No. 25885 (assessing 19.5% of settlement fund for common benefit); Order & Reasons at 37, In re: Vioxx Products Liability Litigation, 05-md-01657 (E.D. La. Oct. 19, 2010) ECF No. 54040 (assessing 6.5% of the total settlement).

13. When a common-benefit fund is established, it is appropriate to review and authenticate time and expense reports submitted by attorneys for common-benefit work. Early establishment of auditing standards and procedures would reduce the risk for conflicts associated with future reimbursement to counsel from

common-benefit funds by ensuring uniform, consistent, and accurate reporting of time and expenses from the outset of the litigation.

14. The Proposed Order charges Co-Lead Counsel, with PEC oversight, to act as auditor for time and expense reporting. Co-Lead Counsel and PEC members would be tasked with determining which items submitted for common-benefit payment meet criteria established in the Proposed Order for common-benefit reimbursement. As substantial common-benefit work has already been completed in this litigation, Co-Lead Counsel will also determine whether such work completed prior to entry of this order qualifies for reimbursement. Co-Lead Counsel and the PEC will specify the hourly rate charged for auditing, as well as determining the frequency of time and expense report submissions to Co-Lead Counsel and the PEC. Such payments for auditing will be paid from an account established by the PEC and will be considered a shared cost.

15. Expeditious entry of an Order establishing standards for permissible common benefit time and expenses in this matter, and requiring periodic reporting by plaintiffs' counsel, will ensure only necessary and reasonable fees and costs which benefit all plaintiffs are incurred. In addition, mandatory scheduled submission by Plaintiffs' counsel of time and expenses "encourages lawyers to maintain records adequate for the Court's purposes," as well as facilitates the Court's review of future fee-petition submissions, if any. See Manual 4th §§ 14.212-214.

16.     To this end, the Proposed Order requires PEC members and PSC members to contribute agreed upon assessments to a Fund administered by Plaintiffs' Co-Lead Counsel to cover interim litigation expenses of this MDL.  The Order requires all counsel conducting common-benefit work to maintain detailed records of time and expenses, and requires  submission in electronic format.  Such records would be reviewed by the Court-approved administrator for compliance with all guidelines on expense reporting.

17.     Guidelines on time and expense reporting can also be found in the Proposed Order.  The Order delineates between compensable and non-compensable common-benefit functions, thereby ensuring from an early date that submissions are reasonable prior to counsels' tender of time and expense reports.  For example, non-compensable categories include time spent on activities not authorized by Co-Lead Counsel or the PEC, time spent on individual cases, and duplicative work.  Further, the Order places limits on compensable expenses, such as limiting air-fare reimbursement to coach-class fare, and excluding most secretarial functions.  Only expenses necessary to carry out legitimate compensable work may be included.

18.     Such time and expense limitations are also appropriate to ensure an efficient level of staffing and expenses, for example through Co-Lead Counsel- and PEC-coordinated assignment of common-benefit tasks like document coding.  The order further establishes guidelines ensuring that common-benefit work is assigned to Plaintiffs' counsel with an appropriate and commensurate level of experience for the task.  See Id. at § 14.212 (discussing guidelines regarding who may charge for

discovery, court, and trial time); § 14.216 (discussing limitations on expense categories).

19. Accordingly, other MDL courts have entered orders establishing similar time keeping and expense reporting protocols at early stages of the litigation. See e.g. Pretrial Order No. 9, In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, 10-md-02179 (E.D. La. Oct. 8, 2010) ECF No. 508 (entered three months after transfer by the MDL panel); Memorandum and Order, In re: Oral Sodium Phosphate Solution-Based Prods. Liab. Action, 09-sp-80000 (N.D. Ohio Sept. 3, 2009) ECF No. 34 (entered three months after transfer, and "in anticipation of the possibility that, at some time in the future, there may be applications…for payment of common benefit fees or expenses); Order & Reasons, In re: Vioxx, 05-md-01657 (E.D. La. Oct. 19, 2010) ECF No. 680 (entered two months after transfer).

20. For the foregoing reasons, Plaintiffs respectfully request entry of the Proposed Order Establishing a Time and Expense Reporting Protocol and Establishing a Common Benefit Fund.

Dated:  February 5, 2016

Respectfully Submitted,

RILEY WILLIAMS & PIATT, LLC

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
301 Massachusetts Avenue
Indianapolis, IN  46204
(317) 633-5270

Fax:  (317) 426-3348
jwilliams@rwp-law.com

*Plaintiff's Liaison Counsel*

| | |
|---|---|
| Ben C. Martin, Esq.<br>LAW OFFICE OF BEN C. MARTIN<br>3219 McKinney Ave., Ste. 100<br>Dallas, Texas  75204<br>(214) 761-6614 (phone)<br>(214) 744-7590 (fax)<br>bmartin@bencmartin.com<br>*Plaintiff's Co-Lead Counsel* | Michael W Heaviside, Esq.<br>HEAVISIDE REED ZAIC<br>910 17th Street N.W.<br>Suite 800<br>Washington D. C. 20006<br>(202) 223-1993<br>mheaviside@hrzlaw.com<br>*Plaintiffs' Co-Lead Counsel* |
| David P. Matthews, Esq.<br>MATTHEWS AND ASSOCIATES<br>2905 Sackett Street<br>Houston, Texas 77098<br>(713) 581-8467 (phone)<br>(713) 535-7184 (fax)<br>dmatthews@thematthewslawfirm.com<br>*Plaintiff's Co-Lead Counsel* | Tim K. Goss, Esq.<br>FREESE AND GOSS, PLLC<br>John P. Harloe J.D., PhD.<br>3031 Allen Street<br>Suite 100<br>Dallas, Texas<br>(214) 761-6610 (phone)<br>(214) 761-6688 (fax)<br>Tim@freeseandgoss.com<br>John@freeseandgoss.com<br>*Plaintiffs' Executive Committee* |
| Teresa C. Toriseva, Esq.<br>TORISEVA LAW<br>National Road<br>Wheeling, WV  26003<br>(304) 238-0066 (phone)<br>(304) 238-0149 (fax)<br>ceo@torisevalaw.com<br>*Plaintiffs' Executive Committee* | John A. Dalimonte, Esq.<br>KARON & DALIMONTE, LLP<br>85 Devonshire St., Ste. 1000<br>Boston, MA  02109<br>(617) 367-3311 (phone)<br>(617) 742-9130 (fax)<br>johndalimonte@kdlaw.net<br>*Plaintiffs' Executive Committee* |
| Ramon Rossi Lopez, Esq.<br>LOPEZ MCHUGH, LLP<br>100 Bayview Circle<br>North Tower, Suite 5600<br>Newport Beach, California  92660<br>(949) 737-1501 (phone)<br>(949) 737-1504 (fax)<br>rlopez@lopezmchugh.com<br>*Plaintiffs' Executive Committee* | Joseph R. Johnson, Esq.<br>BABBIT, JOHNSON, OSBORNE & LE CLAINCHE, P.A.<br>1641 Worthington Road, Suite 100<br>West Palm Beach, Florida  33409<br>(561) 684-2500 (phone)<br>(561) 684-6308 (fax)<br>jjohnson@babbit-johnson.com<br>*Plaintiffs' Executive Committee* |

<table>
<tr><td>

Julia Reed Zaic, Esq.
HEAVISIDE REED ZAIC,
A LAW CORPORATION
312 Broadway Street, Suite 203
Laguna Beach, California  92651
(949) 715-5120 (phone)
(949) 715-5123 (fax)
julia@hrzlaw.com
*Plaintiffs' Executive Committee*

</td><td>

Sheila M. Bossier, Esq.
FREESE & GOSS, PLLC
1520 North State Street
Jackson, MS 39202
(601) 352-5485 (phone)
(601) 352-5452 (fax)
Sbossier@freeseandgoss.com

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2016, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Joseph N. Williams