IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | MDL NO. 2570<br>Case No. 1:14-ml-2570-RLY-TAB |

This Document Relates to All Actions

CASE MANAGEMENT ORDER NO.___
(RULES, POLICIES, PROCEDURES, GUIDELINES RELATING TOESTABLISHING COMMON BENEFIT FEE AND EXPENSE FUND)

I. SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

A. Governing Principles and the Common Benefit Doctrine

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in Trustees v. Greenough, 105 U.S. 527 (1881); refined in, inter alia, Central Railroad & Banking Co. v. Pettus, 113 U.S. 116 (1885); Sprague v. Ticonic National Bank, 307 U.S. 161 (1939); Mills v. Electric Auto-Lite Co., 396 U.S. 375 (1970); Boeing Co. v. Van Gemert, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in inter alia, In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006, 1019-21 (5th

Cir. 1977); and <u>In re MGM Grand Hotel Fire Litigation</u>, 660 F.Supp. 522, 525-29 (D. Nev. 1987). Common benefit work product includes all work performed for the benefit of all plaintiffs including pre-trial matters, discovery, trial preparation, a potential settlement process, and all other work that advances this litigation to conclusion.

### B. Application of this Order

This Order applies to all cases now pending, as well as to any case later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as <u>In re Cook Medical, Inc. IVC Filters Marketing, Sales Practices and Products Liability Litigation</u>, MDL 2570.

This Order further applies to each attorney who represents a plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court, regardless of whether the plaintiff's attorney signs the "Participation Agreement" attached hereto as Exhibit A, and/or the "Joint Prosecution And Confidentiality Agreement" ("Joint Prosecution Agreement") attached hereto as Exhibit B.

This Order shall also apply to any private lienholder who obtains reimbursement from any plaintiff whose case is subject to this Order, because that lienholder is benefiting from the common benefit work performed by Participating Counsel. Such entities shall be subject to this Order regardless of execution of the Participation Agreement or the Joint Prosecution Agreement, as they are seeking to obtain part of the recovery obtained by a plaintiff who is subject to this Order and the jurisdiction of this Court. Counsel for any private lienholder shall pay amounts

consistent with the terms of Paragraph IV(B)(3) of this Order into the Cook IVC Filters Fee Fund and the Cook IVC Filters Expense Fund (as those terms are defined herein). Private lienholders' counsel shall not be eligible to make a claim to receive any distribution from the Common Benefit Fee Fund or the Common Benefit Cost Fund.

    C.    **Participation Agreement (Exhibit A) And Joint Prosecution Agreement (Exhibit B)**

Exhibits A and B, attached hereto and incorporated herein, are voluntary agreements between and among plaintiffs' attorneys who have cases pending in the MDL and/or in state court. Said agreements are private and cooperative agreements between and among plaintiffs' attorneys only ("Participating Counsel"); and not Defendants or Defendants' counsel. Participating Counsel shall automatically include all present and Future members of the "Plaintiffs' Leadership Counsel" by virtue of their appointment by the Court as Plaintiffs' Co-Lead/Liaison Counsel and State/Federal Liaison Counsel ("Plaintiffs' Co-Lead Counsel"), the Plaintiffs' Steering Committee (the "PSC"), The Plaintiffs' Executive Committee (the PEC) and any other plaintiff's attorneys who execute the Participation Agreement (Exhibit A hereto), and the Joint Prosecution and Confidentiality Agreement (Exhibit B hereto).All plaintiffs' attorneys who currently have cases pending in this Court or in any state court shall, within 30 days of this Order, designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of each Agreement. Any plaintiffs' attorney who does not yet have a Cook IVC Filters case filed in any federal or state

court shall designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of the Participation Agreement: (a) within 30 days of the date their first case is filed in or otherwise docketed in this Court via direct filing, transfer or removal; or (b) within 30 days of the date their first case is filed in any state court, if that lawyer intends to voluntarily become a Participating Counsel at the fee and expense percentages set forth herein.  Failure to execute Participation Agreement and Joint Prosecution Agreement indicating that an attorney will be a Participating Counsel within the time frame set forth in this paragraph may result in higher percentages for common benefit assessment as a result of such later participation. Any such higher percentages must be approved by the Court.

Participating Counsel shall be entitled to receive all the common benefit work product of those counsel who have also signed the Participation Agreement and Joint Prosecution Agreement. Counsel who choose not to execute said agreements are not entitled to receive common benefit work product and may be subject to an increased assessment on all Cook IVC Filters cases in which they have a fee interest if they receive common benefit work product or otherwise benefit by the work performed by Participating Counsel.

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations may include counsel who are Participating Counsel. The Participation Agreement, Joint Prosecution Agreement, and this Order shall not be

court shall designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of the Participation Agreement: (a) within 30 days of the date their first case is filed in or otherwise docketed in this Court via direct filing, transfer or removal; or (b) within 30 days of the date their first case is filed in any state court, if that lawyer intends to voluntarily become a Participating Counsel at the fee and expense percentages set forth herein.  Failure to execute Participation Agreement and Joint Prosecution Agreement indicating that an attorney will be a Participating Counsel within the time frame set forth in this paragraph may result in higher percentages for common benefit assessment as a result of such later participation. Any such higher percentages must be approved by the Court.

Participating Counsel shall be entitled to receive all the common benefit work product of those counsel who have also signed the Participation Agreement and Joint Prosecution Agreement. Counsel who choose not to execute said agreements are not entitled to receive common benefit work product and may be subject to an increased assessment on all Cook IVC Filters cases in which they have a fee interest if they receive common benefit work product or otherwise benefit by the work performed by Participating Counsel.

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations may include counsel who are Participating Counsel. The Participation Agreement, Joint Prosecution Agreement, and this Order shall not be

cited by a party to either agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

## II.     COMMON BENEFIT EXPENSES

### A.     Qualified Time and Expenses Eligible for Reimbursement

In order to be eligible for reimbursement, common benefit time and expenses must meet the requirements of this section and the limitations set forth in the Participation Agreement and Joint Prosecution and Confidentiality Agreement. Specifically, the time and expenses must be: (a) for the common benefit; (b) appropriately authorized (as defined in footnote 1 of the Participation Agreement); (c) timely submitted within the defined limitations set forth in this Order; and (d) verified by a partner or shareholder in the submitting firm.

Time and expense submissions are to be made on the 15th day of each month, beginning on February 15, 2016, at which date all qualifying time and expenses up to and including January 31, 2015 must be submitted to Plaintiffs' Co-Lead Counsel. Thereafter, each submission should contain all time and expenses incurred during the calendar month prior to the submission date (i.e., the February 15, 2016 submission should include all time and expenses incurred during the month of January, 2016), all time and expense submissions should be accompanied by contemporaneous records and verified by a partner or shareholder in the submitting firm. Submissions of time and expense made after the 15th day of the month following the month in which the time or expense were incurred may be rejected.

Only time and expense as defined in the Participation Agreement and the Joint Prosecution Agreement will be considered and recognized for common benefit consideration.

Only that time and those expenses incurred for the common benefit of all cases consistent with the terms of this Order shall be considered for common benefit reimbursement at the end of the litigation.

### B.   Shared and Held Common Benefit Expenses

#### 1.   Shared Costs

Shared Costs are costs incurred for the common benefit of all plaintiffs. Shared Costs will be paid out of a separate Cook IVC Filters Operating Expense Fund established and administered by Plaintiffs' Co-Lead Counsel and funded by all members of the PSC and other as determined by Plaintiffs' Co-Lead Counsel. All Shared Costs must be approved by Plaintiffs' Co-Lead Counsel prior to payment. Shared Costs include: (a) certain filing and service costs; (b) deposition, court reporter, and video technician costs for non-case-specific depositions; (c) costs necessary for creation and maintenance of a document depository, the operation and administration of the depository, the search, categorization and organization of documents, depositions and evidence, and any equipment required for the depository; (d) Plaintiffs' Co-Lead Counsel administrative matters (e.g., expenses for equipment, technology, courier services, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC group administration matters such as meetings and conference calls; (f) accountant and administrative

consult and auditing fees; (g) generic expert witness and consultant fees and expenses; (h) printing, copying, coding, scanning (out of house or extraordinary firm cost); (i) research by outside third-party vendors/consultants/ attorneys; (j) translation costs; (k) bank or financial institution charges; (l) certain investigative services, (m) special master and/or mediator charges, and (n) such other costs as the Court deems appropriate for the efficient prosecution of this MDL common to all plaintiffs.

### 2. Held Costs

Held Costs are those that will be carried by each Participating Counsel in MDL 2570. Held Costs are those that do not fall into any of the above categories of shared costs, but are incurred for the benefit of all plaintiffs. Held costs can also include unreimbursed, but authorized, shared costs. No specific client-related costs shall be considered as Held Costs, unless the case is determined by Plaintiffs' Co-Lead Counsel to be a "common benefit case," e.g., certain bellwether cases as determined by Plaintiffs' Co-Lead Counsel.

### C. Authorization and Submission

The Participation Agreement sets forth the guidelines for authorizing and submitting expenses for the common benefit. All Participating Counsel seeking reimbursement of Held Expenses shall follow those guidelines.

D.  Limitations on Expenses

1.  Travel Limitations

Except in extraordinary circumstances approved in advance by Plaintiffs' Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

   i.  <u>Airfare</u>:  Only the price of a coach seat for a reasonable itinerary will be reimbursed.  Business/First Class Airfare will not be fully reimbursed, except for international flights, which requires prior approval by Plaintiffs' Co-Lead Counsel in order to be considered for reimbursement. Use of a private aircraft will not be reimbursed. If Business/First Class Airfare is used on domestic flights, then the difference between the Business/First Class Airfare must be shown on the travel Reimbursement form, and only the coach fare will be reimbursed.

   ii.  <u>Hotel</u>:  Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

   iii.  <u>Meals</u>:  Meal expenses, including gratuities, must be reasonable, and shall not exceed $75 per day per person. There will be no reimbursement for alcoholic beverages, mini- bar items, or movies.

    iv.    <u>Cash Expenses</u>:  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

    v.    <u>Rental Automobiles</u>:  Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger-sized vehicle is needed to accommodate several counsel, or equipment.

    vi.    <u>Mileage</u>:  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 50.5¢ per mile).

2.    **Non-Travel Limitations**

    i.    <u>Shipping, Courier, and Delivery Charges</u>:  All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

    ii. <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

    iii. <u>Telefax Charges</u>: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

    iv. <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15¢ per page.

    v. <u>Computerized Research – Lexis/Westlaw</u>: Claims for Lexis or Westlaw, and other computerized legal research expenses, should be in the exact amount charged to or allocated by the firm for these research services.

E. **Verification**

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that the expense was incurred and paid for the common benefit.

III. **COMMON BENEFIT WORK**

A. **Qualified Common Benefit Work Eligible for Reimbursement**

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit. Participating Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work if said time and efforts are: (a) for the common benefit; (b) appropriately authorized (as described in footnote 1 of the Participation Agreement); (c) timely submitted; and (d) verified by a partner or shareholder in the submitting firm.

B. **Compensable Common Benefit Work Defined**

As the litigation progresses and common benefit work product continues to be generated, Plaintiffs' Co-Lead Counsel may assign Participating Counsel with common benefit work; common benefit work shall include only work specifically assigned. Examples of common benefit work include, but are not limited to, legal research and briefing, authorized court appearances, special projects, meetings, conference calls, maintenance and working in the depository; review and document coding; preparing, responding to, and dealing with common-benefit discovery; expert retention and development authorized by Co-Lead Counsel; preparing for and conducting authorized depositions of Defendants, third-party witnesses, and experts; and activities associated with preparation for trial and the trial of any cases designated as "common benefit trials" by Plaintiffs' Co-Lead Counsel.

### C.   Authorization and Time Keeping

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to the guidelines set forth in the Participation Agreement and approved by Plaintiffs' Co-Lead Counsel.

## IV.   PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A.   Establishing the Fee and Expense Funds

At an appropriate time, Plaintiffs' Co-Lead Counsel shall ask the Court to direct that two interest-bearing accounts be established to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "Cook IVC Filters Fee Fund" and the second fund shall be designated the "Cook IVC Filters Expense Fund." These funds will be held subject to the direction of this Court.

By subsequent Order of this Court, the Court will appoint a qualified certified public accountant (the "CPA") to serve as escrow agent over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. Such subsequent Order shall specify the hourly rates to be charged by the CPA and for the CPA's assistants, who shall be utilized where appropriate to control costs. The CPA shall submit quarterly detailed bills to the Court and to Plaintiffs' Co-Lead Counsel. Upon approval by the Court, the CPA's bills shall be paid from the Cook IVC Filters Expense Fund and shall be considered a shared cost. The Plaintiffs' Liaison Counsel shall provide a copy of this Order and later orders to the CPA.

### B. Payments into the Fee and Expense Funds

#### 1. General Standards

All plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to Cook IVC Filters claims are subject to an assessment of the gross monetary recovery, as provided herein.

#### 2. Gross Monetary Recovery

Gross monetary recovery includes any and all amounts paid to plaintiffs (either directly or through plaintiffs' counsel) by Defendants through a settlement or pursuant to a judgment. In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the Defendants; (b) include any payments to be made by the Defendants on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all of the cases of the plaintiffs' attorneys who are subject to this Order, whether as sole counsel or co-counsel, including cases pending in the MDL, pending in state court, unfiled, or tolled.

### 3. Assessment Amount

The assessment amount is 8%, which includes 6% for attorneys' fees and 2% for expenses. The assessment represents a holdback (In re Zyprexa Prods. Liab. Litig., 267 F.Supp.2d 256 (E.D.N.Y. 2006)) and shall not be altered. However, if any counsel fails to timely execute the Participation Agreement and Joint Prosecution and Confidentiality Agreement, such counsel and members of his/her firm may be subject to an increased assessment. Moreover, if a Non-Participating Counsel receives common benefit work product or otherwise benefits from the common benefit work product, such counsel and the cases in which she/he has a fee interest may be subject to an increased assessment.

### 4. Defendants' Obligations

Upon learning of a case being filed in any state court, Defendants' Counsel promptly shall forward a copy of the state-court complaint to Plaintiffs' Co-Lead Counsel so that Plaintiffs' Co-Lead Counsel can notify the state-court attorneys of this Order and offer them the opportunity to become Participating Counsel.

The Plaintiffs' Co-Lead Counsel shall provide the Defendants' Counsel, the CPA, and the Court or its designee with a list of cases and/or counsel who have entered into written agreements with the PSC by executing the Participation Agreement and Joint Prosecution and Confidentiality Agreement. This same list shall be made available to all plaintiffs' counsel with cases in this MDL, as well as any other plaintiffs' counsel who signs the Participation Agreement and Joint Prosecution and Confidentiality Agreement, upon request. In the event there is a

dispute as to whether a case should be on the list, Plaintiffs' Co-Lead Counsel shall seek to resolve the matter with the particular plaintiff's counsel informally, and if that is unsuccessful, upon motion to the Court.

Defendants and their counsel shall not distribute any settlement proceeds to any plaintiff (or anyone on behalf of a plaintiff, including plaintiff's counsel) until after (1) Defendants' counsel notifies Plaintiffs' Co-Lead Counsel in writing of the existence of a settlement and the name of the individual plaintiff and plaintiff's attorney (without disclosing the amount of the settlement), and (2) Plaintiffs' Co-Lead Counsel has advised Defendants' counsel in writing whether or not the individual plaintiff's attorney's cases are subject to an assessment and the amount (stated as a percentage of the recovery) of the assessment pursuant to this Order. Plaintiffs' Co-Lead Counsel shall share this information only with each other and shall otherwise keep this information confidential. For cases subject to an assessment, Defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment. No orders of dismissal of any plaintiff's claim, subject to this Order, shall be entered unless accompanied by a certificate of plaintiff's and defendants' counsel that the assessment, if applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to settling counsel. If, for any reason, the assessment is not or has not been so withheld, the plaintiff and his/her counsel are jointly responsible for paying the assessment into the Fund promptly.

Plaintiffs' Co-Lead Counsel shall keep track of settlements and deposits into the Funds for those settlements. Plaintiffs' Co-Lead Counsel shall provide the Court monthly reports showing the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance. If necessary, Plaintiffs' Co-Lead Counsel may request that the Court require Defendants to disclose to the Court the amounts of the settlements reached with each plaintiff in order to confirm that appropriate assessments have been deposited in the Funds.

## V.  DISTRIBUTIONS

### A. Court Approval

The amounts deposited into the Cook IVC Filters Fee Fund and the Cook IVC Filters Expense Fund shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit in accordance with this Order, the Participation Agreement, and the Joint Prosecution Agreement. No amounts will be disbursed without review and approval by the Court, or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of this Court. This Court retains jurisdiction over any common benefit award or distribution.

### B. Application for Distribution

Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court. Any Counsel who does not sign the

Participation Agreement and Joint Prosecution Agreement shall not be eligible to receive common benefit payments for any work performed or expenses incurred.

At the appropriate time, this Court shall request that Plaintiffs' Co-Lead Counsel make recommendations to this Court for distributions to Participating Counsel who have performed common benefit work.  Plaintiffs' Co-Lead Counsel may employ the services of an agreed-upon independent expert, and after approval of the Court, will serve in an advisory and consulting capacity to Co-Lead Counsel and the PSC to periodically audit the time submissions of Participating Counsel whose consultation and advice regarding billing practices will be shared with Participating Counsel so as to ensure the appropriate methods, content, and substance of time submissions consistent with the guidelines set forth in this Order. Plaintiffs' Co-Lead Counsel, in consultation with the independent third-party expert, shall determine the most fair and efficient manner by which to evaluate all of the time and expense submissions in making its recommendation to this Court. This Court will give due consideration to the recommendation of the Plaintiffs' Co-Lead Counsel in conjunction with such expert consultation, advice and recommendations.

To the extent that the billing records of any Participating Counsel or any plaintiff's attorney are shared with Plaintiff's Co-Lead Counsel, the CPA, the retained independent expert, or the Court (subject to appropriate protections when filing), they retain their status as work product materials and are not discoverable by Defendants.

VI. **QUARTERLY REPORTS TO THE COURT**

Plaintiffs' Co-Lead Counsel shall provide the Court with reports on the fees and expenses submitted by various plaintiffs' counsel for eventual reimbursement from the common fund in this case as directed by the Court. The reports shall be organized so the Court can review the attorneys' fees incurred for various categories of work in the case, and the attorneys who incurred then, and so the Court can review the expenses submitted for reimbursement.

Dated this day of _____, 2016.

_____
Judge, United States District Court
Southern District of Indiana
Indianapolis Division

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.