# EXHIBIT A

Second Amended Case Management Order No. 14, *In re: Testosterone Replacement Prods. Liab. Litig.* (MDL 2545), Case No. 1:14-cv-01748 (MDL 2545) (N.D.Il., December 10, 2015).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-CV-01748<br>MDL 2545<br><br>JUDGE MATTHEW F. KENNELLY |
| This document relates to: <u>ALL ACTIONS</u> | |

SECOND AMENDED CASE MANAGEMENT ORDER NO. 14
CASE MANAGEMENT PLAN – Part 2
<u>(AbbVie bellwether cases – selection and pretrial / trial schedule)</u>

The Court hereby issues the following <u>Second</u> Amended Case Management Order No. 14. For ease of reference to all counsel and litigants, all amendments to <u>Amended Case Management Order No. 14</u> are indicated by being underlined.

The Court has considered the parties' proposals and revised proposals for a case management plan relating to the selection and trial of AbbVie-only bellwether cases. The Court is unpersuaded that the revised proposal by the AbbVie defendants to bifurcate expert discovery and summary judgment (as between general causation and other matters) represents a fair, efficient, and reasonable way to manage the pretrial proceedings in this case. One factor in this regard, but certainly not the only one, is the fact that this MDL proceeding involves six other manufacturer defendants. The Court is unconvinced that there is a fair, efficient, and reasonable way to adopt AbbVie's proposal in a way that makes the overall MDL proceeding manageable.

The Court has, however, elongated to some extent the overall process as proposed by plaintiffs for selecting AbbVie-only bellwether cases. The Court has done so to ensure fairness to all parties and to maximize the likelihood that the bellwether selection and trial process will be both representative and productive. The Court has also established a fact discovery cutoff date for the AbbVie-only bellwether cases, subject to modification upon a showing of good cause and

due diligence.

The Court enters this schedule based on the express understanding, as discussed at the most recent case management conference, that counsel will promptly negotiate and present a proposed case management plan or plans for the non-AbbVie-only cases.

The Court orders the following:

I. **PROTOCOL FOR SELECTION OF ABBVIE BELLWETHER CASES**

A. On or before August 10, 2015, the parties shall submit to the Court a proposed Case Management Order ("CMO") identifying the process and parameters for selecting AbbVie-only bellwether plaintiffs for two tiers of cases: (1) Thromboembolism ("TE") clotting injury cases (e.g., deep vein thrombosis ("DVT"), Pulmonary Embolism ("PE"), or other clotting cases; and (2) cardiovascular cases (e.g., heart attack). The Court will endeavor to enter a CMO in this regard by August 31, 2015. Only cases that have been filed and for which plaintiff's fact sheets have been completed in accordance with Amended CMO 9 on or before June 15, 2015 will be eligible to be selected as a bellwether plaintiff.

B. By October 31, 2015, the Plaintiffs and Defendants shall identify the following AbbVie-only cases:

    1. Eight (8) TE injury bellwether candidates per side that shall serve as bellwether discovery plaintiffs. The process and mechanisms of designations and selections of bellwethers shall be done in accordance with a separate CMO that will be submitted to the Court on or before August 10, 2015, as set forth in paragraph I.A, above.

    2. Eight (8) cardiovascular injury bellwether candidates per side that that shall serve as bellwether discovery plaintiffs. The process and mechanisms

2

of designations and selections of bellwethers shall be done in accordance with a CMO that will be submitted to the Court on or before August 10, 2015, as set forth in paragraph I.A, above.

C. The 32 bellwether discovery cases are identified on the attached Exhibit A.

II. **ABBVIE BELLWETHER FACT DISCOVERY SCHEDULE**

A. Between December 1, 2015 and May 23, 2016, core bellwether discovery shall take place, with a maximum of four (4) depositions per side for each case. This shall be designed to provide information to enable the parties to assess the larger pool of cases and, consistent with paragraph II.B, below, to provide information to the Court to enable the Court to select which cases shall serve as the first bellwether trials consistent with paragraph II.C, below.

B. On or before June 7, 2016, the parties will submit proposals for the Court's selection of the initial bellwether trial cases.

C. By June 24, 2016, the Court will select up to twelve (12) bellwether cases to serve as the first bellwether trial cases and shall designate the order of these bellwether trials.

D. The bellwether cases that are initially selected and those that are ultimately picked as the initial trials are to be representative cases.

E. Additional fact discovery regarding the bellwether trial cases is to be completed by August 8, 2016. This does not relieve a party of its duty to supplement its disclosures as provided under the Federal Rules of Civil Procedure, CMOs entered in this case, or other applicable law and rules. Any request to extend or reopen fact discovery after August 8, 2016 must be supported by a showing of good cause and due diligence.

III. **ABBVIE BELLWETHER EXPERT DISCOVERY SCHEDULE**

A. On or before September 9, 2016, Plaintiffs shall disclose expert witness testimony

for each of the initial bellwether trial cases pursuant to Fed. R. Civ. P. 26(a)(2).

B. On or before October 14, 2016, Defendants shall disclose expert witness testimony for each of the initial bellwether trial cases pursuant to Fed. R. Civ. P. 26(a)(2).

C. Any request by Plaintiffs to disclose rebuttal expert witness testimony must be made by October 26, 2016. Any rebuttal disclosures allowed by the Court are to be completed by November 7, 2016.

D. Each expert witness disclosure shall include at least two available dates when each expert is being tendered for deposition.

E. Depositions of expert witnesses are to be completed by December 2, 2016. The parties may propose a more extended schedule for case-specific expert depositions concerning bellwether trials after the first set trial.

F. The parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all cases, whether pending in state or federal court. Accordingly, in order to foster cooperation between the MDL and state court litigations, counsel for the parties shall jointly seek to enter in all state court proceedings, whether already filed or hereafter filed, an order expressly agreeing that the limitations on expert discovery set forth in Rule 26(b)(4)(A)-(D) shall apply in all such state court proceedings.

IV. **SUMMARY JUDGMENT & DAUBERT MOTIONS IN ABBVIE BELLWETHER CASES**

A. Any motion for summary judgment or for partial summary judgment shall be filed on or before January 6, 2017.

B.   Any motions seeking to challenge expert testimony pursuant to *Daubert* shall be filed on or before January 6, 2017.

C.   Responses to summary judgment motions and *Daubert* motions shall be filed on or before February 3, 2017.

D.   Replies in support of summary judgment motions and *Daubert* motions shall be filed on or before February 24, 2017.

E.   The Court will endeavor to rule on any summary judgment and *Daubert* motions relating to the earlier bellwether trials by March 24, 2017 and on the remaining motions at reasonable intervals after that.

V.   **INITIAL ABBVIE BELLWETHER TRIAL SCHEDULE**

The first AbbVie-only initial bellwether trials shall begin on the following dates:

1. April 21, 2017
2. June 5, 2017
3. July 10, 2017
4. August 21, 2017
5. September 25, 2017
6. November 6, 2017

This trial schedule is subject to modification if, among other reasons, summary judgment is granted for defendants in some but not all of the selected bellwether trials.

IT IS SO ORDERED.

Date: Dec. 11, 2015

# EXHIBIT A

| # | Case Name | TRT User | MDL NDIL Case No. | Primary Counsel |
|---|---|---|---|---|
| 1 | Adkins, John v. AbbVie Inc. et al. | Adkins, John | 14-cv-09753 | The Levensten Law Firm |
| 2 | Agard, Walter v. AbbVie Inc. et al. | Agard, Walter | 14-cv-09742 | TorHoerman Law |
| 3 | Blanck, Lance v. AbbVie Inc. et al. | Blanck, Lance | 15-cv-01077 | Ross Feller Casey |
| 4 | Camp, Randall G. v. AbbVie Inc. et al. | Camp, Randall | 15-cv-02243 | Johnson Becker PLLC |
| 5 | Cannon, Sr. Richard v. AbbVie Inc. et al. | Cannon, Sr., Richard | 15-cv-01835 | Onder, Shelton, O'Leary & Peterson |
| 6 | Cribbs, Edward v. AbbVie Inc. et al. | Cribbs, Edward | 15-cv-01056 | Weitz & Luxenberg |
| 7 | Cripe, Robert v. AbbVie Inc. et al. | Cripe, Robert | 14-cv-00843 | Schachter Hendy & Johnson |
| 8 | Deel, David v. AbbVie Inc. et al. | Deel, David | 14-cv-10435 | Morgan & Morgan |
| 9 | Dial, Corliss v. AbbVie Inc. et al. | Dial, Gene | 15-cv-02190 | Anapol Schwartz |
| 10 | Diesslin, Theodor v. AbbVie Inc. et al. | Diesslin, Theodor | 14-cv-06770 | Burg Simpson Eldredge Hersh & Jardine |
| 11 | Ennis, Michael v. AbbVie Inc. et al. | Ennis, Michael | 15-cv-00624 | Seeger Weiss LLP |
| 12 | Friedel, Jeffrey v. AbbVie Inc. et al. | Friedel, Jeffrey | 14-cv-06512 | Schachter Hendy & Johnson |
| 13 | Garcia, Froylan v. AbbVie Inc. et al. | Garcia, Froylan | 15-cv-01086 | Robert J. Debry & Associates; Burg Simpson Eldredge Hersh & Jardine |
| 14 | Guy, Michael v. AbbVie Inc. et al. | Guy, Michael | 14-cv-08894 | Provost Umphrey Law Firm |
| 15 | Hession, Kevin v. AbbVie Inc. et al. | Hession, Kevin | 14-cv-08222 | Douglas & London |
| 16 | Konrad, Jeffrey v. AbbVie Inc. et al. | Konrad, Jeffrey | 15-cv-00966 | Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. |
| 17 | LaForest, Kenneth v. AbbVie Inc. et al. | LaForest, Kenneth | 15-cv-00692 | Seeger Weiss LLP |
| 18 | Long, Anthony v. AbbVie Inc. et al. | Long, Anthony | 14-cv-06996 | The Levensten Law Firm |
| 19 | Martina, Randy v. AbbVie Inc. et al. | Martina, Randy | 14-cv-08598 | Weitz & Luxenberg |
| 20 | Mitchell, Jesse v. AbbVie Inc. et al. | Mitchell, Jesse | 14-cv-09178 | Goldberg & Osborne |
| 21 | Myers, Arthur v. AbbVie Inc. et al. | Myers, Arthur | 15-cv-01085 | Ross Feller Casey |
| 22 | Nolte, Robert v. AbbVie Inc. et al. | Nolte, Robert | 14-cv-08135 | Goldberg & Osborne |
| 23 | Palmer, Larry v. AbbVie Inc. et al. | Palmer, Larry | 14-cv-09325 | Ashcraft & Gerel |
| 24 | Patridge, Jesse v. AbbVie Inc. et al. | Patridge, Jesse | 14-cv-07960 | Simmons Hanly Conroy LLC |
| 25 | Roberts, William v. AbbVie Inc. et al. | Roberts, William | 14-cv-03062 | Levin Simes LLP |
| 26 | Romanik, Michael v. AbbVie Inc. et al. | Romanik, Michael | 14-cv-08202 | Ross Feller Casey |
| 27 | Rowley, Robert v. AbbVie Inc. et al. | Rowley, Robert | 15-cv-02760 | Robert J. Debry & Associates; Burg Simpson Eldredge Hersh & Jardine |
| 28 | Shepherd, Dale v. AbbVie Inc. et al. | Shepherd, Dale | 15-cv-00404 | Robert J. Debry & Associates; Burg Simpson Eldredge Hersh & Jardine |
| 29 | Staton, Mark v. AbbVie Inc. et al. | Staton, Mark | 15-cv-00619 | Baron & Budd |
| 30 | Truax, Roccie v. AbbVie Inc. et al. | Truax, Roccie | 14-cv-02935 | Levin Simes LLP |
| 31 | Trusty, Joe v. AbbVie Inc. et al. | Trusty, Joe | 15-cv-01015 | Levin Simes LLP |
| 32 | White, Peggy v. AbbVie Inc. et al. | White, Dave | 14-cv-03818 | Janet Jenner & Suggs |