# EXHIBIT C

Amended Case Management Order No. 28 (Early Trial Scheduling), *In re: Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.* (MDL 2385), No. 3:12-md-02385 (S.D. Il., April 9, 2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | 3:12-MD-02385-DRH-SCW |
| ------------------------------------------------ | MDL No. 2385 |
| This Document Applies To All Actions | Hon. David R. Herndon |
| ------------------------------------------------ | |

AMENDED CASE MANAGEMENT ORDER NO. 28
(Early Trial Scheduling)

**HERNDON, Chief Judge:**

In furtherance of the effective and efficient case management of complex litigation, and in accordance with the parameters suggested in CMO No. 1 indicating that this Court would consider the use of bellwether trials provided that the procedure utilized offered a reasonable representation of cases, the following procedures are set for the identification and selection of individual cases to be tried in this MDL, and further to establish a discovery schedule for these early trial cases in this MDL.

A. IDENTIFICATION OF EARLY TRIAL ELIGIBLE CASES

1. This Court believes that conducting early trials will further the efficient progress of this litigation. Accordingly, this Order sets forth additional procedures for the identification of sixteen (16) bellwether plaintiffs for discovery

1

("Discovery Plaintiffs") and a reduced number for individual plaintiff trials as contemplated by CMO No. 6, in which MDL trials are presently scheduled for August 11, 2014, November 3, 2014, January 5, 2015 and February 16, 2015 (the "Early Trial Cases"). Subject to prior limitations on scope and number of depositions (and the parties' rights to seek to amend/adjust same) as set forth in the prior Orders of this Court, generic or general discovery, including depositions of Defendants' corporate witnesses and third-party witnesses, may continue during this pretrial case-specific discovery schedule, and beyond, not withstanding any case-specific fact discovery cut-offs set herein.

2. It is imperative for the use of the bellwether process that is contemplated by this Order that both sides waive applicable venue and *forum non coveniens* challenges for the Discovery Plaintiffs and stipulate that the trial of any of the four Early Trial Cases can be conducted in the Southern District of Illinois without remanding any case to the transferor forum under *Lexecon v. Milberg Weiss* ("*Lexecon* Waiver"). Accordingly, for any Discovery Plaintiff selected by plaintiff's counsel as a Discovery Plaintiff, it is understood that there shall be a *Lexecon* Waiver for all of those cases. For any Discovery Plaintiff selected by the defense as a Discovery Plaintiff, if the plaintiff selected is represented by an attorney on the Plaintiff Leadership Council ("PLC") (as identified in CMO 4), or such attorney's firm, it is understood there shall be a *Lexecon* Waiver for that

2

plaintiff. For any Discovery Plaintiff selected by the defense, if the plaintiff selected is not represented by a firm with an attorney on the PLC, the Court strongly recommends a *Lexecon* Waiver and the PSC shall use best efforts to secure a *Lexecon* Waiver. Absent a *Lexecon* Waiver within seventy-two (72) hours of the selection, plaintiff or his/her counsel shall appear in person before Chief Judge David R. Herndon in the United States District Court for the Southern District of Illinois, and show cause why a *Lexecon* Waiver is not being made. Should it be determined that a *Lexecon* Waiver is not possible, Defendants shall have the right to replace said case within two (2) days following any appearance before Chief Judge Herndon.

      3.     The cases eligible to be considered for early trial selection are those cases in which a Complaint was filed on or before April 5, 2013 and a completed Plaintiff Fact Sheet ("PFS") that is not materially deficient was served and received by Defendants on or before April 11, 2013 (hereinafter the "Early Trial Eligible Cases"). On or before April 18, 2013, the Defendants shall submit the list of the Early Trial Eligible Cases (as defined above) to the Court and Plaintiffs co-lead counsel to become an addendum to this Order. Plaintiffs shall have seven (7) days to notify Defendants' counsel of any objection to the list of Early Trial Eligible Cases and, if any such objection is raised, the parties shall meet and confer promptly to resolve the issue.

4. To ensure that the selection of plaintiffs for discovery and the Early Trial Cases contains a representative sampling of cases, the parameters set forth below in sub-paragraphs (a) – (h) based on information from the PFS and medical records shall apply.

(a) Selection Criteria. The parties have agreed to the selection provisions contained in Paragraphs 4(b)-4(h) herein.

(b) Excluded Injuries. Plaintiffs, if any, alleging *Myocardial Infarction* shall be excluded as Discovery Plaintiffs and from Early Trial Cases, because the alleged injury is not representative of the filed case pool.

(c) Death Cases. No more than three (3) Discovery Plaintiffs chosen by each side shall involve an alleged death related to Pradaxa use.

(d) Gastrointestinal Bleeding. At least five (5) Discovery Plaintiffs chosen by each side shall contain an allegation related to gastrointestinal bleeding.

(e) Traumatic Injury. Neither party shall select more than two (2) Discovery Plaintiffs alleging that a traumatic injury was exacerbated by Pradaxa use.

(f) Prior Transient Ischemic Attack (TIA) and/or Prior Stroke. No party shall select more than one (1) case in which the plaintiff suffered a TIA and/or stroke prior to taking Pradaxa.

Error! Unknown document property name.

(g) <u>Non-exclusivity of categories</u>. The parameters set forth above in sub-paragraphs (a) – (f) are not mutually exclusive. Accordingly, a Discovery Plaintiff chosen by either party may fall within one or more of the foregoing categories (for example, one of the maximum of three wrongful death cases (sub-paragraph (c)) may also satisfy one of the gastrointestinal bleeding requirements (sub-paragraph (d)).

(h) To aide in efficiency in completing the discovery of potential Discovery Plaintiffs, no more than three (3) cases involving the same primary plaintiff's firm shall be selected by each side as Discovery Plaintiffs.

5. Although this Order supersedes the requirement of Paragraph 4(b) of CMO 6, Plaintiffs' counsel shall notify defendants on or before April 15, 2013, of the identities of anyone who would be an Early Trial Eligible Case and who has died since filing their complaint.

This notification shall be provided by email to the following:

| Defense at: | PSC at: |
|---|---|
| Eric.Hudson@butlersnow.com | ADiLeo@DouglasandLondon.com |

The Court notes that any Plaintiff who has filed a lawsuit that is part of this MDL is expected to be able to serve as a Discovery Plaintiff as set forth in this Order absent extraordinary circumstances.

5

Error! Unknown document property name.

Case 1:14-ml-02570-RLY-TAB   Document 154   Filed 04/09/13   Page 6 of 13   PageID #: 1474

## B. SELECTION OF EARLY TRIAL CASES

1. Subject to the parameters of this Order, on May 15, 2013, a designee from the PLC and Defendants shall each exchange lists of eight (8) Plaintiffs (including the named plaintiff, MDL Docket Number, and identification of primary plaintiff's counsel) that each chooses to be included as Discovery Plaintiffs.

2. In the event duplicate names appear on the respective list of Discovery Plaintiffs, replacement names shall be filled in the following manner: utilizing the court assigned case numbers, the lowest (oldest) number shall have the duplicate designation replaced by the PSC, with the next duplicate replaced by the Defendants, and so on in alternating turns until all duplicates have been resolved and a full list of sixteen (16) cases has been achieved.

3. In the event the parties disagree about conformance with the parameters set forth in Paragraph A.4 of this Order as applied to the selections made by either side, then the parties shall promptly meet and confer in a good faith effort to resolve the issue. In the event resolution is not achieved within five (5) days, then the party that raised the disagreement shall bring the dispute to the Court's attention for prompt resolution.

4. Each case that is dismissed from the list of sixteen (16) cases by a plaintiff counsel before July 1, 2013, shall be replaced by a case selected by Defendants from the Early Trial Eligible Cases. If a case is dismissed by a plaintiff

counsel after July 1, 2013, leave of the Court must be sought and, if granted, Defendants shall have the option to strike one of the PSC's other selections and the total number of Discovery Plaintiffs shall be reduced accordingly. Similarly, if Defendants settle any of the sixteen (16) cases before July 1, 2013, the PSC shall select a substitute case from the list of Early Trial Eligible Cases. If a case is settled by Defendants after July 1, 2013, the PSC shall have the option to strike one of Defendants' selections and the total number of Discovery Plaintiffs shall be reduced accordingly. The parties are instructed to keep Chief Judge Herndon and/or any Court-appointed Settlement Special Master apprised of the existence of any significant settlement negotiations related to the Early Trial Cases. Further, for any case that is settled or dismissed, the parties shall promptly notify the Court as soon as practical.

### C.  CONDUCT OF CASE-SPECIFIC CORE DISCOVERY

1. "Case-specific core fact discovery" of the Discovery Plaintiffs may commence on May 15, 2013 in a case that an Answer has been interposed. However, depositions may not commence until after June 14, 2013. Case-specific core fact discovery on the Discovery Plaintiffs shall be concluded by October 31, 2013, in accordance with CMO 6.

2. To the extent an Answer has not been interposed in a case designated as a Discovery Plaintiff case, it shall be filed and served on or before June 1, 2013.

Error! Unknown document property name.

3. To the extent a Defense Fact Sheet ("DFS") has not been provided for a case designated as a Discovery Plaintiff case, Defendants shall provide a completed DFS on or before June 30, 2013. For all the cases selected as Discovery Plaintiffs by the Defendants, the DFS shall be supplemented as required by the rules for supplementation in CMO 20, and as set forth below, by June 30, 2013. For all cases selected as Discovery Plaintiffs by Plaintiffs, by no later than July 31, 2013 Defendants shall supplement their DFS in accordance with CMO 20 and provide further responses to the following portions of the DFS (that parties expressly agreed would be supplemented after bellwether cases were selected):

   a. Section II.C.3 of the DFS

   b. Section II.C.4 of the DFS

   c. Section II.C.5 of the DFS

   d. Section II.C.6 of the DFS

   e. Section II.C.7 of the DFS

   f. Section III.B. of the DFS

4. "Case-specific core fact discovery" of the Discovery Plaintiffs may consist of the depositions of: (a) the plaintiff; (b) the spouse of the plaintiff and/or a relative of the plaintiff; (c) the physician(s) who prescribed Pradaxa to the Plaintiff; (d) two of the physicians who treated the plaintiff for the injuries alleged

Error! Unknown document property name.

in the lawsuit; and (e) no more than two sales representatives. Discovery beyond these depositions as part of the case-specific core discovery may be permitted only upon agreement of the parties or leave of Court. The parameters of CMO 6 are codified and memorialized in so much as no party shall notice and take more than five (5) depositions per side in the designated Discovery Plaintiff cases absent agreement or leave of the Court.

5. Other than the completion of the PFS and the associated records and authorizations provided for in CMO 14 and the DFS and the records provided for in CMO 20 (including any supplements thereto), case-specific core discovery in all cases except the Discovery Plaintiffs cases shall be stayed pending further Order of this Court.

### D.  SCHEDULE OF EARLY TRIAL CASES

1. The parties will work cooperatively to prepare a protocol, by way of a Case Management Order, which will be designed, <u>inter alia</u>, to provide the process by which each side shall propose three (3) Discovery Plaintiffs to serve as the Early Trial Plaintiffs. Such CMO shall be submitted to assist the Court in this endeavor, including by setting guidelines/parameters by which cases will be submitted by the parties to the Court for consideration on or before September 27, 2013. Such guidelines/parameters may include the duration of Pradaxa use by a plaintiff, the plaintiff's age, duration of any hospitalization by plaintiff, other

9

Error! Unknown document property name.

injury type (e.g., Intracranial Hemorrhage), as well as other factors submitted by the parties.

The parties shall designate their respective Early Trial Plaintiffs on or before November 15, 2013, after the conclusion of case-specific core discovery. Thereafter, on or before November 22, 2013, the Court will select four (4) bellwether trial cases, and will designate the order of such bellwether trials.

2. The trial and final pre-trial schedule is set forth below in Sections E and F, below.

### E. COMPLETION OF CASE-SPECIFIC FACT AND EXPERT DISCOVERY

1. After the Court selects the first four (4) bellwether trial cases, the parties shall designate additional fact witnesses who may be called as witnesses in such trials on or before December 20, 2013. Depositions of such fact witnesses, not previously deposed during the case-specific core discovery, shall take place on or before February 14, 2014.

2. In accordance with CMO 6, the schedule for Expert Discovery shall be as follows:

    a. On or before December 20, 2013, Plaintiffs shall designate, pursuant to Rule 26, Fed.R.Civ.P. 26, their expert witnesses for each of the four (4) Early Trial Cases.

10

    b.    On or before January 31, 2014, Defendants shall designate their expert witnesses pursuant to Rule 26, Fed.R.Civ.P.

    c.    On or before February 14, 2014, Plaintiffs shall designate any rebuttal expert witnesses, pursuant to Rule 26, Fed.R.Civ.P.

    d.    Each expert designation shall include at least two (2) available dates when each expert can be tendered for deposition.

    e.    Depositions of expert witnesses shall take place between February 20, 2014 and April 23, 2014. It is the intention of the parties that the depositions of plaintiffs' expert witnesses be taken before the defendants' expert witnesses.

## F. SUMMARY JUDGMENT AND *DAUBERT* MOTIONS, IF APPLICABLE

1. Plaintiffs and Defendants must file and serve any summary judgment motions, and motions for partial summary judgment on or before April 28, 2014, which is more than one-hundred (100) days prior to beginning of the first Early Trial Case.

Error! Unknown document property name.

2. Summary Judgment Motions and/or *Daubert* Motions need not be filed, and the Court encourages the parties to file meritorious motions rather than motions for "the sake of motions."

3. All *Daubert* motions shall be filed on the same day on April 28, 2014.

4. Responses to Summary Judgment Motions and *Daubert* Motions shall be filed thirty (30) days after the motion to which it responds is filed, but no later than May 28, 2014.

5. Replies to Responses to Summary Judgment Motions and

Error! Unknown document property name.

*Daubert* Motions shall be filed fourteen (14) days after the Response to which it replies, but no later than June 11, 2014.

### G. TRIAL SCHEDULE

The four Early Trial Cases will be conducted on the following schedule:

- MDL Bellwether #1 – August 11, 2014
- MDL Bellwether #2 – November 3, 2014
- MDL Bellwether #3 – January 5, 2015
- MDL Bellwether #4 – February 16, 2015

**SO ORDERED:**

Digitally signed by David R. Herndon
Date: 2013.04.09 13:01:59 -05'00'

**Chief Judge**
**United States District Court**

Date: April 9, 2013

13

Error! Unknown document property name.