EXHIBIT J

Pretrial Order No. 6 Relating to Expert Discovery Schedules,
Selection of Cases for Case-Specific Expert Discovery and Trial, and Filing of Actions in
the Southern District of Florida ("CMO No. 2"), *In re Trasylol Prods. Liab.
Litig,* (MDL 1928) ,1:08-MD-01928 (S.D. Fl., September 19, 2008)

Case 1:14-ml-02570-RLY-TAB   Document 1244-11   Filed 03/17/16   Page 2 of 12 PageID #:
Case 1:08-md-01928-DMM   Document 268   Filed on FLSD Docket 09/19/2008   Page 1 of 11
4723

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:08-MD-01928-MIDDLEBROOKS/JOHNSON**

IN RE TRASYLOL PRODUCTS LIABILITY
LITIGATION – MDL-1928

This Document Relates to All Actions

**PRETRIAL ORDER NO. 6 RELATING TO EXPERT DISCOVERY
SCHEDULES, SELECTION OF CASES FOR CASE-SPECIFIC
EXPERT DISCOVERY AND TRIAL, AND FILING OF ACTIONS IN
THE SOUTHERN DISTRICT OF FLORIDA ("CMO NO. 2")**

**CASE MANAGMENT ORDER ("CMO NO. 2")**

The purpose of this Order is to provide for the sequencing of expert discovery generally

applicable to the Trasylol Products Liability personal injury actions, to provide a procedure for

the selection of a subset of Plaintiffs' actions to be given priority for case-specific expert

discovery and trial, and to provide a procedure for filing Trasylol Products Liability personal

injury actions in this District.  Except as otherwise provided herein, this Order applies to all

Parties as defined in Pretrial Order No. 4.

I.      **GENERIC EXPERT DISCOVERY SCHEDULE.**

A.      **Plaintiffs' Generic Expert Witnesses.**  By March 30, 2009, Plaintiffs' Liaison

Counsel shall identify all expert witnesses who will offer opinions on issues of general

applicability ("Generic Experts") to the personal injury cases pending in or transferred to this

Court, and serve Rule 26(a)(2) reports of those Generic Experts.  On the same date, Plaintiffs'

Liaison Counsel shall provide a reasonable schedule of dates on which said expert witnesses are

available for deposition.  Depositions of Plaintiffs' Generic Experts shall take place between

April 13, 2009 and June 1, 2009.

**B.**     **Defendants' Generic Expert Witnesses.** By June 15, 2009, Defendants' Liaison Counsel shall identify all Generic Experts and serve Rule 26(a)(2) reports of those Generic Experts.  On the same date, Defendants' Liaison Counsel shall provide a reasonable schedule of dates on which said expert witnesses are available for deposition.  Depositions of Defendants' Generic Experts shall take place between June 29, 2009 and August 17, 2009.

**II.     SELECTION OF CASES FOR EARLY CASE-SPECIFIC EXPERT DISCOVERY AND INITIAL TRIAL POOL.**

**A.**     **Applicability.** The provisions in this Section II govern case-specific expert discovery for any Plaintiff selected for case-specific expert discovery under this Order.  This Order shall not affect the discretion of the Court or prejudice the rights of the Parties with regard to the selection of additional Plaintiffs for case-specific expert discovery.

**B.**     **Selection of Cases for the Initial Trial Pool.** The initial pool of cases eligible for case-specific expert discovery and trial ("the Initial Trial Pool") shall consist of:

(i)     six (6) individual Plaintiffs (plus spouses of any of such Plaintiffs who have sued for loss of consortium) whose actions have been filed in, transferred to, or were in the process (*i.e.*, a notice of tag along had been served) of being transferred to this Court by July 15, 2008, to be selected as described below; and

(ii)     the *Rodriguez* matter, Case No. 07-81172 (if pending on June 29, 2009); and

(iii)     the *Roberts* matter, Case No. 08-80401 (if pending on June 29, 2009).

If a Plaintiff selected for case-specific expert discovery is joined in an action with other Plaintiffs, then the selected Plaintiff's action shall be severed and shall proceed as a separate case.  Of the six (6) individual Plaintiffs selected by the parties, three (3) of the Plaintiffs shall be selected by the Bayer defendants ("Defendants' Selections") and three (3) of the Plaintiffs shall be selected by the Plaintiffs' Steering Committee ("PSC Selections").  These Plaintiffs selected by the parties will be eligible for the initial trials in this Court as described below in this Order.

2

The deadlines for the Initial Trial Pool will apply in *Roberts* and *Rodriguez* regardless of whether those cases are selected by either party to be among the first six (6) cases eligible for the initial trials in January 2010. Accordingly, the Initial Trial Pool will consist of six (6) to eight (8) Plaintiffs' cases constituting the pool of cases given priority for case-specific expert discovery.

       1.      Manner of Exchange of Selections. Liaison Counsel shall exchange their respective lists of three (3) selections by email at noon Eastern time on May 15, 2009. In their exchange, Liaison Counsel shall identify each Plaintiff by full name, full case caption, MDL case number, transferor court and case number (if applicable) or Southern District of Florida case number (for cases filed in this District), and an attorney (and that attorney's firm) designated as being the contact for case-specific expert discovery issues pertaining to that Plaintiff.

       2.      Replacement of Plaintiffs. Once a Plaintiff has been selected for the Initial Trial Pool by any party, any dismissal of that Plaintiff within thirty (30) days of selection shall entitle the party selecting the Plaintiff to select a replacement Plaintiff. The replacement Plaintiff shall be selected (and notification given to opposing Liaison Counsel as provided in Paragraph II.B(1)) within ten (10) business days of the dismissal. Failure to select a replacement Plaintiff and to notify opposing Liaison Counsel of such selection within ten (10) business days will constitute a waiver of the right to select a replacement Plaintiff. If a replacement Plaintiff is selected, then the case-specific expert discovery schedule provided for below may be adjusted by agreement among the parties so long as case-specific expert discovery for the replacement Plaintiff will be completed at the same time as for the other Plaintiffs in the Initial Trial Pool.

        3.       <u>Dismissal of Plaintiffs Selected by Defendants.</u>  The intent of this Order is that the PSC and Defendants shall have an equal opportunity to select cases for case-specific expert discovery and for the initial trials in this Court. To maintain that equality, if a Defendants' Selection Plaintiff dismisses his or her case more than thirty (30) days after selection, then Defendants may (but need not) remove one of the PSC Selections from the Initial Trial Pool.

## III.    CASE-SPECIFIC EXPERT DISCOVERY SCHEDULE FOR THE INITIAL TRIAL POOL.

Case-specific expert discovery will commence following the initial selection of the Initial Trial Pool.

        **A.**      **Plaintiffs' Case-Specific Experts.**  Each Plaintiff in the Initial Trial Pool must identify case-specific expert(s), and serve Rule 26(a)(2) reports for any such expert(s), by June 29, 2009. On the same date, Plaintiffs' Liaison Counsel shall provide a reasonable schedule of dates on which said expert witnesses are available for deposition. Depositions of Plaintiffs' case-specific experts shall take place between July 13, 2009 and August 24, 2009.

        **B.**      **Defendants' Case-Specific Experts.**  Defendants must identify any case-specific experts, and serve Rule 26(a)(2) reports for any such experts, by September 7, 2009. On the same date, Defendants' Liaison Counsel shall provide a reasonable schedule of dates on which said expert witnesses are available for deposition. Depositions of Defendants' case-specific experts shall take place between September 21, 2009 and November 2, 2009.

        **C.**      **Case-Specific Expert Opinions.**  Case-specific experts shall be limited to opinions concerning the individual Plaintiff (or such Plaintiff's decedent or represented party). This Order does not prohibit a case-specific expert from offering testimony that may overlap with testimony from a Generic Expert, provided that (a) the Generic Expert's opinion has not

Case 1:14-ml-02570-RLY-TAB   Document 1244-11   Filed 03/17/16   Page 6 of 12 PageID #:
4727
Case 1:08-md-01928-DMM   Document 268   Entered on FLSD Docket 09/19/2008   Page 5 of 11

been excluded under *Daubert* or other rulings in this MDL; and (b) the testimony of the case-specific expert (i) is no broader than the testimony of the Generic Expert permitted by the MDL Court; (ii) does not introduce any new theories or additional bases for the opinions of the Generic Expert; (iii) is relevant to the issues as to which the case-specific testimony is proffered; and (iv) is otherwise permissible under the Federal Rules of Evidence and applicable case law.

## IV.   PROVISIONS APPLICABLE TO ALL EXPERT DISCOVERY.

For both generic and case-specific experts, the party designating the expert shall produce to Lead Counsel for the other party an index and one copy (paper or electronic) of all documents, articles, data compilations and other material that the expert considered in formulating his or her opinion no later than fourteen (14) days in advance of that expert's deposition. Nothing in this Order limits the ability of the Parties to seek any additional discovery relating to such experts or to object to any such additional discovery.

## V.   SELECTION OF CASES FOR INITIAL TRIALS.

A.   **Selection of Cases for Initial MDL Trials.** Two (2) cases from the Initial Trial Pool shall be selected by the Court for the initial trials in this Court. One case shall be selected by the Court from the three cases in the Initial Trial Pool that were identified by the PSC, and one case shall be selected by the Court from the three cases in the Initial Trial Pool that were identified by Defendants.

On November 3, 2009, following the completion of case-specific expert discovery for the Initial Trial Pool, the Court shall conduct a hearing to consider the views of the parties concerning the selection of the two cases for the initial trials in this Court.

The first of the two cases selected by the Court is set for trial on January 18, 2010. The second case selected by the Court is set for trial immediately following the completion of the

first trial. The *Rodriguez* case is set for trial on March 1, 2010, if still pending at that time and

not previously tried. The *Roberts* case is set for trial immediately following the completion of

the trial in *Rodriguez*, or on March 1, 2010, if *Rodriguez* is no longer pending or previously has

been tried. The district in which the *Rodriguez* and *Roberts* cases will be tried will be

determined by the Court at a later date.

B.    **Pretrial Schedule for Initial MDL Trials.** The following schedule shall apply

to the pretrial submissions for cases in which a trial date has been set by this Court (any due date

falling on a weekend or holiday shall be adjusted to the next business day):

Dispositive motions to be filed and served on or before November 13, 2009.*

Oppositions to dispositive motions to be filed and served within 28 days of service of the motion.*

Replies in further support of dispositive motions to be filed and served within 14 days of service of the opposition.*

Oral argument and rulings on the dispositive motions to be determined by the Court.

Plaintiff to serve page/line designations of deposition testimony 60 days before the scheduled trial date.

Defendants to serve page/line counter-designations of deposition testimony, objections to Plaintiff's deposition designations and affirmative page/line designations of deposition testimony 30 days before the scheduled trial date.

Plaintiff to serve page/line counter-designations of deposition testimony and objections to Defendants' deposition designations 15 days before the scheduled trial date. Defendants to serve objections to Plaintiff's counter-designations 7 days before the scheduled trial date.

Plaintiff to serve his or her exhibit list, including a description of each document or other exhibit, document production number (if applicable) and an electronic copy of the exhibits (except demonstrative exhibits) 60 days before the scheduled trial date.

---
* This deadline applies to all Initial Trial Pool cases.

6

Case 1:14-ml-02570-RLY-TAB   Document 1244-11   Filed 03/17/16   Page 8 of 12 PageID #:
4729
Case 1:08-md-01928-DMM   Document 268   Entered on FLSD Docket 09/19/2008   Page 7 of 11

Defendants to serve objections to Plaintiff's exhibits and serve their exhibit list, including a description of each document or other exhibit, document production number (if applicable) and an electronic copy of the exhibits (except demonstrative exhibits) 30 days before the scheduled trial date. Plaintiff to serve objections to Defendants' exhibits 15 days before the scheduled trial date.

Exhibits not included on a Party's exhibit list (except exhibits used for impeachment) shall not be received into evidence absent a showing of good cause as to why the exhibit was not included on the exhibit list.

Plaintiff to serve his or her witness list, including all information required by Rule 26 (a)(3)(A)(i) and (A)(ii), 60 days before the scheduled trial date.

Defendants to serve their witness list, including all information required by Rule 26 (a)(3)(A)(i) and (A)(ii), 30 days before the scheduled trial date.

Witnesses not included on a Party's witness list shall not be called at trial absent a showing of good cause as to why the witness was not included on the witness list.

Defendants' *Daubert* motions to be filed and served on September 21, 2009; Plaintiff's responses to be filed and served on October 19, 2009, and any replies to be filed and served on November 2, 2009.*

Plaintiff's *Daubert* motions to be filed and served on or before November 13, 2009; Defendants' responses to be filed and served within 28 days of service of the motion (and no later than December 11, 2009); and any replies to be filed and served within 14 days of service of the responses (no later than December 28, 2009).*

Hearings on *Daubert* motions to be determined by the Court.

Motions in limine to be filed and served 30 days before the scheduled trial date.

Responses to motions in limine to be filed and served 14 days after service of the motions in limine.

Hearings on motions in limine and other pretrial motions to be determined by the Court.

Submission of joint stipulation as provided for in Southern District of Florida Rule 16.1.E 30 days before the scheduled trial date.

Jury instructions to be submitted 7 days before the scheduled trial date.

---

* This deadline applies to all Initial Trial Pool cases.

Case 1:14-ml-02570-RLY-TAB   Document 1244-11   Filed 03/17/16   Page 9 of 12 PageID #:
Case 1:08-md-01928-DMM   Document 268   Entered on FLSD Docket 09/19/2008   Page 8 of 11
4730

Final pretrial conference to be determined by the Court.

       **C.**      **Waiver of *Lexecon* and Improper Venue Objections for Initial MDL Trials.**

Defendants have waived objections to venue and the Parties have waived objections based on

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), for the two (2)

cases selected for initial trials in this Court. Any objections to venue or based on *Lexecon* other

than for the two (2) Plaintiffs selected for initial trials in this Court (including plaintiffs in

*Rodriguez* and *Roberts*) are preserved. Except as specifically provided herein, this Order does

not determine whether venue of any case is proper in this District or that a party has consented to

have any case tried in this District. Nothing in this Order shall be construed to permit the

consolidation of multiple Plaintiffs' actions for trial.

       **D.**      **Trial and Other Disposition of Initial Trial Pool Cases Not Set for Trial by**

**This Court.** The Court will determine on motion of the parties or on its own motion how to

dispose of the remaining Initial Trial Pool cases, whether by suggesting that the Judicial Panel

remand them to the transferor districts (if applicable), that the cases be set for trial in this Court,

or otherwise.

**VI.**     **CASE-SPECIFIC EXPERT DISCOVERY IN CASES NOT SELECTED FOR THE INITIAL TRIAL POOL.**

A separate order will be entered regarding case-specific expert discovery for cases not

selected for the Initial Trial Pool. It is the Court's intention that case-specific discovery

(including expert discovery) and *Daubert* motions will be completed under the supervision of

this Court prior to remand.

**VII.**    **FILING OF CASES IN THIS DISTRICT WHEN VENUE IS OTHERWISE IMPROPER.**

To eliminate the delays associated with the transfer of cases filed in other federal district

courts, defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., as successor to

Case 1:14-ml-02570-RLY-TAB   Document 1244-11   Filed 03/17/16   Page 10 of 12 PageID #:
Case 1:08-md-01928-DMM   Document 268   Filed on FLSD Docket 09/19/2008   Page 9 of 11
4761

Bayer Pharmaceuticals Corporation, and Bayer HealthCare AG (collectively "Defendants"),

have agreed to the terms and conditions below pertaining to the filing of Trasylol Products

Liability personal injury actions in this District, which are adopted and ordered by this Court.

      A.    **Direct Filing in this District and Dismissal.**  A Plaintiff may file a Trasylol

Products Liability personal injury action against Defendants in this District even if venue is not

proper under 28 U.S.C. § 1391.  Unless this Court has entered a final judgment in a Plaintiff's

case, any Plaintiff who has filed a case in this District in which venue is not proper under 28

U.S.C. § 1391 shall voluntarily dismiss his or her case pursuant to Rule 41(a) following

completion of generic expert witness discovery provided for above, all case-specific expert

discovery applicable to his or her case, and resolution of any dispositive motions applicable to

his or her case (other than case-specific motions the Court deems to be more appropriately

decided by the court of proper venue following refiling as provided for below).  Except as

otherwise provided in this Section VII, Defendants' rights to move to dismiss a case for

improper venue are preserved.  Unless a Plaintiff fails to dismiss his or her case in accordance

with this Order, Defendants shall forebear from filing a motion to dismiss the action in this MDL

proceeding on grounds that venue is improper under 28 U.S.C. § 1391.

      B.    **Refiling Following Dismissal.**  If a final judgment has not been entered against

the Plaintiff by this Court, then the dismissal by the Plaintiff shall be without prejudice to

refiling in a district where venue is proper.  Unless otherwise agreed among the Parties, if a

Plaintiff wants to pursue his or her action after voluntarily dismissing it, and provided that

judgment has not been entered, the Plaintiff shall refile the action in a federal district court of

proper venue, as defined in 28 U.S.C. § 1391.  All orders entered in this Court prior to dismissal

Case 1:14-ml-02570-RLY-TAB   Document 1244-11   Filed 03/17/16   Page 11 of 12 PageID #:
Case 1:08-md-01928-DMM   Document 268   Entered on FLSD Docket 09/19/2008   Page 10 of 11
4732

shall be deemed by the Parties to be the same as interlocutory orders entered in the district where the action is refiled.

C.     **Effect of Initial Complaint on Timeliness of Refiled Actions.**  Any action refiled in another federal district pursuant to this Section VII shall be deemed to have been filed on the date that the Plaintiff filed his or her initial complaint in this District provided that such refiling occurs within sixty (60) days of dismissal in this Court.  This Order does not affect any other prescriptive or limitations defenses otherwise available to Defendants (for example, that the applicable prescriptive or limitations period expired prior to the filing of the action in this District).

D.     **General Provisions Regarding Cases Filed in This District Pursuant to This Section.**  This Section VII applies to cases already on file in this District and cases which may be filed after this Order is entered.  It applies only to cases brought by Plaintiffs who are citizens or residents of the United States against the Defendants (as defined above) and only to the claims asserted in the Plaintiff's initial complaint filed in this District.  After June 15, 2008, any Trasylol Products Liability personal injury action filed in this District shall be initiated by Short-Form Complaint pursuant to Section V.C of Pretrial Order No. 4.  Nothing in this Order requires a Plaintiff seeking to pursue a Trasylol Products Liability personal injury action to file a complaint directly in this District.  If venue in a case is proper in this District, this Order does not prejudice Defendants' rights to seek a transfer of the case to another district on grounds of *forum non conveniens* or other applicable grounds.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this ___16___ day

of September, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE