# Exhibit C to Cook's Motion for Protective Order and Brief

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to: All Actions

**PLEASE TAKE NOTICE** that, pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned attorneys, will take the deposition of Cook Medical, Incorporated a/k/a Cook Medical, Inc.; Cook Incorporated; Cook Medical Group, Inc.; and William Cook Europe APS on April 15, 2016, at 10:00 a.m. at the offices of Wooden & Mclaughlin, LLP, One Indiana Square, Suite 1800 Center, Indianapolis, IN 46204, or at another date and/or location mutually agreed upon by the parties. Pursuant to Fed. R. Civ. P. 30(b)(6), Defendants shall designate and produce a representative or representatives, as may be required, to testify on behalf of COOK (as defined herein) concerning the topics identified in **Schedule A** attached hereto.

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed. The deposition will also be videotaped. Please take further notice that the deponent(s) shall produce the materials identified in **Schedule B** on or before April 1, 2016.

Dated: March 11, 2016

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: POSTMARKETING SURVEILLANCE

RESPECTFULLY SUBMITTED

By: /s/ Ben C. Martin

MICHAEL HEAVISIDE
Heaviside Reed Zaic
910 17th Street, Ste. 800
Washington, D.C. 20006
(202) 223-1993
mheaviside@hrzlaw.com

BEN C. MARTIN
Law Offices of Ben C. Martin
3219 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 761-6614
bmartin@bencmartin.com

DAVE MATTHEWS
Matthews & Associates
2905 Sackett
Houston, Texas 77098
(713) 522-5250
dmatthews@thematthewslawfirm.com

LEAD CO-COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2016, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

John Charles Babione, II
WOODEN & MCLAUGHLIN LLP
211 North Pennsylvania Street, Suite 1800
Indianapolis, IN 46204
jbabione@woodmclaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
dking@woodmclaw.com

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
jboyers@woodmclaw.com

Christopher D. Lee
WOODEN & MCLAUGHLIN LLP
21 SE Third Street, Suite 900
Evansville, IN 47708
clee@woodmclaw.com

Sandra L. Davis
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
sdavis@woodmclaw.com

Kip S. McDonald
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
kmcdonald@woodmclaw.com

*/s/ Ben C. Martin*
Ben C. Martin

## SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

You are advised that you must designate one or more officers, directors, managing agents, or other persons who will testify on your behalf regarding the matters listed in Schedule A which are known or reasonably available to "Cook Defendants" and "Additional Cook Defendants" as defined in Case Management Order #3, hereinafter (and above) "COOK".

The term "communication" means the transmittal of information by any medium, whether written, oral, or electronic (in the form of facts, ideas, inquiries, or otherwise).

As used herein, the term "document" means all written, recorded, and graphic and electronically stored matter of every type and description encompassed by Fed. R. Civ. P. 34(a)(1), including, but not limited to, writings, graphs, charts, photographs, sound recordings, images, drawings, notes, contracts, agreements, correspondence, letters, memoranda, appointment books, calendars, all forms of communication (including physical documents, e-mail, instant messaging, texts, tweets, social-media postings and communications), and all electronically stored information in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

The terms "You" and "Yours" mean the corporate defendants answering these requests, and any person acting on that corporation's behalf.

"Identify," when used in reference to any electronically stored information, means to provide information specifying the software and/or operating system under which the electronically stored information was created; the type of electronically stored information (for example, word processing documents, spreadsheet, database, application program); and all other means of describing it with sufficient particularity to meet the requirements for its inclusion in a request for production of documents pursuant to the Federal Rules.

"Identify" - When the identity of any person is requested by virtue of the documents and materials requested in this Request, the information sought is:

4

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: POSTMARKETING SURVEILLANCE

A. If the person is a natural person: The name, residential address, business address, residential phone number, business phone number, place of employment, employment title or position, name of employer, and if employer has several offices, the address of the office at which the person is currently employed. Also, if at the time of the action or omission referred to in the Complaint for Damages the person's employment or position differed from that which is current, please furnish the above described information relative to employment, at the time of the subject action or omission relative to the allegations in the Complaint for Damages.

B. If the person is not a natural person: Identify the type of entity and provide the business address, telephone number, names and identities of directors, officer, and managing agents of the entity, and, in the event the response to these Requests relate to actions or omissions by a non-natural person through its agents or employees, the name of the agents or employees responsible for such action or omission, identifying such agent or employee as a natural person in the manner described in Section 1 above.

C. When "identity of a document" is requested, state its physical description, e.g., letter, memo, tape, etc., its date, its author, and medium on which it is located; if a communication is requested, state its sender and/or author, its addressee(s) and/or intended recipient(s).

D. As used throughout these requests, the term "physician" refers to any healthcare provider, regardless of degree or specialty, including but not limited to medical doctors, allopathic physicians, osteopathic physicians, physicians' assistants, nurse practitioners, or registered nurses, or licensed vocational nurses, and radiology technicians.

E. "Person" shall include any natural person or any corporation, partnership, association, or other governmental, legal or quasi-legal entity, existing either by formal or informal agreement or circumstances.

F. Each request refers to documents, electronic information, and things in the custody, control, and possession of Defendant or known to Defendant, as well as in the custody, control and possession of, or known to, Defendant's counsel, representatives, agents, servants, investigators, and consultants unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators, and consultants; or documents and things within the possession, custody, or control of third parties over or to whom responding Defendant has control and/or access, respectively.

G. Any document falling within the scope of these requests which are withheld under a claim of attorney-client privilege, attorney work product, or any other ground is to be identified in writing and must include a statement of the legal basis asserted for withholding such document, shall identify its date, the identity of its author and signatories, the type of document, a summary of its content, its present location and custodian, a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents. Notwithstanding any claim of privilege relative to a requested document, electronic information, or thing, any purportedly privileged document containing non-privileged matter must be disclosed with the privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

H. These Requests are of a continuing nature and require your further and supplemental response and production when you acquire, obtain, or create additional responsive documents after service of the initial Response and production of documents.

The terms "Inferior Vena Cava Filter" and "IVC Filter(s)" mean specifically the Bird's Nest® Vena Cava Filter, Celect® Platinum Vena Cava Filters, Cook Celect® Vena Cava Filters and Günther Tulip® Vena Cava Filter.

## DEPOSITION SUBJECT MATTER

1. Policies, procedures, protocols, customs and practices by which Cook determines which adverse events/complaints associated with its IVC filters outside the United States are reported and/or reportable to the FDA.

2. Policies, procedures, protocols, customs and practices formulated, implemented, and/or undertaken by Cook on or after January 22, 2016 to retroactively report to the FDA any adverse events/complaints associated with its IVC filters outside the United States that were not reported to the FDA prior to January 22, 2016.

3. All actions taken by Cook on or after January 22, 2016 to retroactively report to the FDA unreported adverse events/complaints associated with its IVC filters outside the United States that were not reported prior to January 22, 2016.

4. Policies, procedures, protocols, customs and practices by which Cook ensures appropriate communication to interested parties (e.g., physician, patients and/or regulatory authorities) concerning adverse events/complaints associated with its IVC filters that do not appear in the MAUDE database.

5. Communications with FDA regarding the reporting of adverse events/complaints associated with Cook's IVC filters outside the United States, including but not limited to the matters discussed in Exhibit 100 to the Rule 30(b)(6) deposition taken in this matter on January 22, 2016.

6. Internal communications regarding the reporting to the FDA of adverse events/complaints associated with Cook's IVC filters outside the United States, including but not limited to the matters discussed in Exhibit 100 to the Rule 30(b)(6) deposition taken in this matter on January 22, 2016.

7. Cook's reporting to the FDA of adverse events/complaints associated with IVC filters outside the United States.

8. Cook's responses to all FDA's Section 522 letters and orders in relation to adverse events/complaints associated with IVC filters.

## SCHEDULE B

## DOCUMENTS TO BE PRODUCED

1. Policies, procedures, protocols, training material, instructions, definitions, and other writings which in any way relate to the collecting, analysis, follow-up, investigation, grading and reporting of adverse events/complaints associated with, the use of COOK's IVC filters outside the United States.

2. Any documents or writings reflecting regulatory reporting of adverse events/complaints associated with COOK's IVC filters outside the United States.

3. Any and all communications regarding Cook's decision not to report adverse events/complaints associated with its IVC filters with catalog number combinations IGTCFS-65-2-FEM/UNI/JUG-CELECT as described in Exhibit 100 to the Rule 30(b)(6) deposition taken in this matter on January 22, 2016.

4. Any and all communications regarding Cook's acts of not reporting adverse events/complaints associated with its IVC filters not marketed in the United States.

5. Any and all communications with physicians and/or health care providers regarding Cook's adverse events/complaints associated with its IVC filters outside of the United States.

6. Any and all documents reflecting MAUDE data shared with physicians by Cook.

7. Any and all documents regarding Cook's efforts, discussions and actions to retroactively report adverse events/complaints associated with its IVC filters outside the United States to the FDA .

8. Any and all documents regarding Cook's efforts, discussions, and actions to report prospectively to the FDA adverse events/complaints associated with its IVC filters outside the United States.

9. Any and all information Cook has presented to any governmental regulatory agency, including the FDA and any foreign regulatory agency, regarding the submission of any adverse events, including any and all documents provided to the regulatory agencies in reporting adverse events.

10. Any and all standard operating procedures or other communications used to determine which adverse events will be reported to any regulatory agency, and the manner and timeframe in which the adverse events will be reported.

11. Any and all documents and communications relating to adverse events outside of the United States in response to the FDA's Section 522 letter and orders.