**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

**CASE MANAGEMENT ORDER # 13**
**(MEDICAL RECORDS DESIGNATION)**

This Order shall govern (1) all cases transferred to this court by the Judicial Panel on Multidistrict Litigation, including those cases identified in the original Transfer Order and those subsequently transferred as tag-along actions; and (2) all cases directly filed in or removed to this MDL. It is ORDERED as follows:

In conjunction with submitting a completed Plaintiff Profile Form and Plaintiff Fact Sheet, each plaintiff must submit the medical record(s) that document the conditions listed below, if the plaintiff claims the condition and attributes it to a Cook IVC Filter. The plaintiff shall highlight, bookmark, or flag the record(s) that document the condition.

- IVC perforation and description of any associated injury;
- IVC and organ perforation and description of any associated injury;
- fracture and description of any associated injury;
- migration and description of any associated injury;
- tilt and/or embedment and description of any associated injury;
- death and cause of death;
- post-implant need for life-time anti-coagulation and cause;

- post-implant IVC thrombosis, pulmonary embolism, deep vein thrombosis, or post thrombotic syndrome and cause;
- post- implant pain or other symptoms and cause;
- surgical reports from all attempted filter removals;
- records indicating whether any removal attempt was routine or complicated;
- records indicating whether all or part of a filter is not retrieved after a retrieval procedure or "unretrievable"; and
- if not previously produced pursuant to paragraph 1(d) of Case Management Order #4, all images of the filter ((i.e., x-rays, venograms, fluoro, CT, MRIs, and/or photos). All imaging produced in a non-electronic form will be returned to the producing party within 30 days, unless the producing party indicates that return is not necessary.

In any case in which the PFS and PPF have previously been submitted or are past-due, the submission of designated medical records is due June 1, 2016, and shall be sent by electronic or hard copy to:

Sandy Davis Jansen
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Sandy.Jansen@WoodenMcLaughlin.com

Defendants suggest the use of the format attached as Exhibit “A” for the submission of the above information. Plaintiffs may use that format or any other format for the submission of information, so long as the above-referenced information is contained therein.

All parties stipulate that any plaintiff's designation of medical records, in any form, as well as any information, in any form, provided pursuant to this Order (including but not limited to Exhibit A) will not be offered into evidence and will not be admissible as evidence in any trial and will not be used as a basis, in whole or in part, for any dispositive motion or other motion in this case, and will not be used in any form in any deposition taken in this case. Medical records provided pursuant to this Order that are otherwise admissible shall continue to be admissible subject to the limitations stated above.

This order does not alter each plaintiff's obligation to provide all medical records in their possession or control, as set out in paragraph 1(d) of Case Management Order #4.

**SO ORDERED**:

___________________________________

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana