UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION MDL 2570, _____ This Document Relates to All Actions _____ | ) ) ) ) ) ) ) ) ) No. 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON FIFTH AMENDED CASE MANAGEMENT PLAN**

The Defendants ask this Court to revisit the process for selecting Bellwether cases for trial. Plaintiffs raise compelling arguments for maintaining the existing process, but those arguments are outweighed by the likelihood that the current discovery pool is not representative of the MDL as a whole. For the reasons and in the manner discussed below, the Court modifies the Bellwether selection process.

Bellwether cases are selected from a larger pool of MDL cases, commonly known as a discovery pool. The Bellwether cases selected from this pool proceed to Bellwether trials. The purpose of Bellwether trials is to help facilitate the resolution of the MDL. Bellwether trials are conducted to test the claims and defenses of the Bellwether cases to produce representative settlement values that can be spread or applied to other cases in the MDL. Barbara J. Rothstein & Catherine R. Borden, *Managing Multidistrict Litigation in Products Liability Cases* 44 (Fed. Judicial Ctr. 2011). Because these trials are conducted in an effort to resolve the MDL, Bellwether cases should be selected to represent the MDL as a whole. The more representative the Bellwether cases, the more reliable the information obtained at trial will be. *Id.*

Pursuant to the current Case Management Plan [Filing No. 875], the parties created a discovery pool of ten cases, five from each side, from which the Court will select three

Bellwether cases to proceed to trial. However, the dynamics of this MDL recently changed as the number of Plaintiffs rapidly grew, increasing from around seventy-five to nearly three hundred fifty. Plaintiffs allege various personal injuries after implantation of Defendants' inferior vena cava filter devices. According to analyses discussed in the parties' briefs, a majority of the MDL cases allege injuries from the Celect IVC filter, most commonly due to migration, perforation, and an inability to be removed.

Plaintiffs argue that changing the Bellwether selection process at this juncture, after seventeen months of preparation, would cause unnecessary delay without benefit. Plaintiffs list several steps they have taken to examine each discovery pool case, and are understandably concerned that these efforts will be wasted. [Filing No. 1244, at ECF p. 3-4.] But as Defendants point out, the time devoted to these cases was helpful because it led to the realization that the current discovery pool cases are no longer representative of the MDL as a whole. Defendants also point out that the parties are familiar with a larger universe of cases, at least seventy-four "Discovery Pool Eligible Cases," which both sides have preliminarily developed. [Filing No. 1245, at ECF p. 6-7.]

In light of the recent influx of Plaintiffs and the parties' discussions with the Court that the pool is skewed to the cases particularly favorable to each side (outlier cases) the Court finds that changing the selection of Bellwether cases by expanding the discovery pool is appropriate. To accommodate concerns raised by both parties, the Court makes the following changes to the CMP:

1. Each side will select a total of ten cases to be included in the new discovery pool.
    a. The new discovery pool may include any of the five cases each side already selected, keeping in mind that the goal (at least of the Court) is to avoid outliers.

2

    b. The new discovery pool may include any of the seventy-four "Discovery Pool Eligible Cases," keeping in mind that they should be as representative of the whole MDL as possible, primarily alleging injuries from the Celect IVC filter due to migration, IVC perforation, and an inability to be removed.

2. The parties shall exchange lists of their ten selected cases by April 29, 2016, at which time they shall strike alternately (Plaintiff striking first) until seven cases for each side remain.

3. By May 13, 2016, parties shall file a status report with a list of fourteen total cases, seven for each side, that will serve as the new discovery pool. With respect to each of these fourteen cases, the parties shall briefly explain why they believe it is or is not an appropriately representative case. The parties shall each recommend three cases for Bellwether trials, briefly explaining the bases for this recommendation.

4. Utilizing this status report, the Court will select at least three of the new discovery pool cases for Bellwether trials.

5. The deadlines provided in the fourth amended case management plan [Filing No. 875] shall remain in place.

Accordingly, the joint motion for approval and entry of case management order #13 [Filing No. 1188] is granted. Parties shall submit the Fifth Amended Case Management Plan according to the terms outlined above within seven days.

    Date: 4/15/2016

                                    _____
                                    Tim A. Baker
                                    United States Magistrate Judge
                                    Southern District of Indiana

Distribution to all electronically registered counsel of record via CM/ECF.
Distribution to all non-registered counsel of record to be made by Plaintiffs' lead counsel.