UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION<br><br>_____<br>As To All Related And Member Cases<br>_____ | MDL Case No.13md2452 AJB (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISPUTES RELATED TO THE SCOPE OF THE WRITTEN DISCOVERY RELATED TO GENERAL CAUSATION<br><br>(Doc. No. 373) |

On March 20, 2014, the parties filed a joint motion for determination of disputes related to the scope of written discovery regarding general causation. (Doc. No. 373.) The motion relates to a dispute concerning the language of the Court's February 18, 2014 Order, which limited discovery to matters of general causation. (Doc. No. 325.) The motion was originally set for resolution before Magistrate Judge Dembin, but this Court, with Judge Dembin's consent, will resolve the matter.

The language of the Court's February 18, 2014 Order was perfectly clear. The burden was put on Plaintiffs to "narrow all discovery related requests to issues involving general causation." (Doc. No. 325 at 1:26-27.) The Order did not intend to have the Court parse out Plaintiffs' discovery requests, nor shift the burden to Defendants to parse out responsive information from what appears to be very general and overbroad discovery requests. In this regard, the Court directs the parties to pages 6 and 7 of the joint

motion, which are illustrative of Plaintiff's requests that clearly exceed the bounds of the Court's Order and are simply out of the ballpark:

> "[a]ll DOCUMENTS . . . YOU have ever created . . . that in any way involve or concern BYETTA or exenatide, sitagliptin, liraglutide and/or any other GLP-1 agonist or DPP-4 inhibitor" (Exs. 5 & 10, Req. No. 3);
>
> descriptions of relationships with "companies . . . that manufactured, marketed . . . , distributed, packaged, promoted, and/or sold BYETTA" (Exs. 2 & 7, Int. No. 2);
>
> "all license . . . and/or development agreements" (Exs. 2 & 7, Int. No. 3); all consulting services "of any kind" (Exs. 2 & 7, Int. No. 5);
>
> "[a]ll . . . internal communications pertaining to BYETTA's past, present or future anticipated market share" (Exs. 5 & 10, Req. No. 31);
>
> "contracts" and "invoices" from "third party contractors" that provide "information to pharmacies" (Exs. 5 & 10, Req. No. 34);
>
> "advertising, promotional, marketing, sales and/or public relations efforts or campaigns" (Exs. 2 & 7, Int. No. 2); and
>
> "[a]ll DOCUMENTS used in the training of YOUR sales force" (Exs. 5 & 10, Req. No. 40).

(Doc. No. 373 at 6:20-7:9.)

Accordingly, the Court agrees with Defendants that general causation—whether the pharmaceuticals at issue cause pancreatic cancer—is a matter of science, and therefore, scientific documents and/or scientific evidence frame the universe of contemplated discovery. Without a scientific basis for the claim that the pharmaceuticals at issue cause pancreatic cancer there is no other way to prove or disprove Plaintiffs' claims. As a result, permitted discovery includes actual scientific evidence such as animal studies, clinical trials, epidemiologic data, adverse event reports, and submittal documents to scientific and government organizations including the FDA and EMA with regard to the causal link in dispute in this case.

Any such documents, which would appear in the files in other departments of the Defendant organizations (i.e., marketing, sales, etc), would be discoverable, but general marketing, sales, licenses, consulting agreements, market share, third-party contracts, advertising, promotional, marketing, sales and/or public relations efforts or campaigns, as well as training documents for sales forces would not. There will be a time and place for

more generalized discovery on these issues, but it is not now. Therefore, so there are no further disputes concerning the Court's intent regarding the scope of discovery relating to general causation, the Court hereby ORDERS as follows:

1. Plaintiffs must propound document discovery with new requests and/or interrogatories within fourteen (14) days of this order, which must be limited to only general causation on the link between the Defendants' pharmaceuticals and pancreatic cancer. No extensions of this deadline will be entertained;

2. Defendants will fully respond to said requests/interrogatories no later than thirty (30) days from their receipt;

3. Any issues with regard to compliance are referred to Judge Dembin and Judge Dembin is asked to consider sanctions for any unreasonable positions taken with regard to the completion of this discovery;

4. Much of the information in the possession of Defendants has already been produced in this action or through the JCCP. To the extent Defendants wish to refer to prior production in responding to current requests or interrogatories, the response should be specific to date, manner, and form of production, including bates numbers or other identifying information; and

5. This Court will review the parties compliance with this Order as part of the **May 28, 2014** status conference.

IT IS SO ORDERED.

DATED: March 25, 2014

Hon. Anthony J. Battaglia
U.S. District Judge