UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2272 |
| This Document Relates to All Cases | ) ) ) | Master Docket Case No. 1:11-cv-05468 |
| | ) | Honorable Rebecca Pallmeyer |

# CASE MANAGEMENT ORDER NO. 10

The court is committed to completing its work on this MDL and to advancing the progress of the litigation, with the goal of full resolution so consolidated proceedings in 2017. Next steps will include additional bellwether trials of balanced and representative cases whose disposition will provide guidance; mediation efforts; and, in some instances, suggestions of remand, with the aim of full resolution of the consolidated proceedings in 2017. To that end, this Case Management Order No. 10 directs the parties as to further case management and will govern the bellwether selection, trial, and global mediation process.

1. <u>Withdrawals and Dismissals</u>. All motions for leave to withdraw or to voluntarily dismiss not filed on or before February 12, 2016, will be denied, absent good cause shown**.** Any case not dismissed by February 12, 2016 that, without good cause, later becomes the subject of a motion for voluntary dismissal or a motion to withdraw may be the subject of sanctions.

2. <u>Bellwether Trial Eligibility</u>. All cases that have complied with CMO 8 and that meet the criteria for Track One cases as identified in CMO 9 are eligible for bellwether trial selection. CMO 9 requires Track One designations by February 12, 2016.

3. <u>Zimmer's Defense Bellwether Pick</u>. Zimmer will be permitted to pick one case which will be scheduled as the next trial before additional bellwether cases selected by the Court

US.104002240.02

- 2 -

proceed to trial. Zimmer's case selection must comply with CMO 8 and must be designated as a Track One case under CMO 9. Zimmer will make its selection on or before March 7, 2016. Zimmer's defense pick will be ready for trial in October 2016.

4. <u>Bellwether Pool</u>. The bellwether case pool ("Bellwether Pool") will consist of 24 cases selected randomly from all cases in the MDL that have complied with CMO 8 and are Track One cases under CMO 9. The cases selected will fall into two categories: 17 cases involving a Flex femoral component without a 5950 MIS Tibial component, and 7 cases involving a 5950 MIS Tibial component. The parties will prepare a list of all cases transferred into the MDL before October 15, 2015, and place each case in its appropriate category. The court will then randomly select the designated number of cases from each category on or before February 19, 2016. By February 26, 2016, the parties will exchange all medical records and x-rays in their respective possessions for the plaintiffs in the Bellwether Pool. On March 3, 2016, each party will strike 6 cases from the pool of 24, but neither party will use all of its strikes to eliminate the 5950 MIS Tibial Component category. Also on March 3, 2016, each party will notify the court if a party in any of the cases refuses to waive the venue rights recognized in *Lexecon*. Should any party refuse to waive *Lexecon*, such a refusal will constitute one of the six strikes for the side; or, in the alternative, the opposing side will be entitled to take another strike, which must be exercised by March 8, 2016. The party refusing to waive *Lexecon* must notify the court and parties of which option it chooses on March 4, 2016. On March 10, 2016, the parties will then each submit one-page briefs (no more than 10 pages total) containing a summary of facts and statement of appropriateness for bellwether trial for each of the remaining cases. The Court will then select 4 cases from the remaining cases for trial. It will also declare the order of the trials. Discovery will begin in all cases upon the court's selection of a case, and it will conclude 30 days before the date trial in the case is slated to begin.

- 2 -

5. <u>Intended Trial Dates in 2016</u>. The court intends to conduct trials in 2 cases in 2016. The parties and the court will work to schedule consecutive trials, the first of which will begin no earlier than October 1, 2016, and the second of which will conclude no later than November 23, 2016.

6. <u>Expert Reports and Expert Discovery for 2016 Bellwether Trials</u>.

   a. On or before June 1, 2016, Plaintiffs will disclose in writing the identities of experts as required by Fed.R.Civ.P. 26(a)(2)(A) and will serve the reports and other materials required by Fed.R.Civ.P. 26(a)(2)(B), for the bellwether cases scheduled for trial in 2016.

   b. On or before July 1, 2016, Zimmer will disclose in writing the identities of experts as required by Fed.R.Civ.P. 26(a)(2)(A) and will serve the reports and other materials required by Fed.R.Civ.P. 26(a)(2)(B), for the bellwether cases scheduled for trial in 2016.

   c. Plaintiffs and Zimmer will make their designated experts available for deposition between July 1, 2016, and August 1, 2016. If an expert is a general expert who has been previously deposed in this MDL, the court expects that questioning will not be redundant of prior depositions.

7. <u>Motion Practice – 2016 Trials</u>. As the court is now well-versed on the issues in this consolidated litigation, it will not entertain voluminous briefs of the nature that generated earlier *Daubert* rulings. The court will address *Daubert* challenges to expert testimony on general causation issues, but will not permit re-litigation of issues within the scope of its prior *Daubert* or motion *in limine* rulings. Following expert disclosures, the court will impose page

US.104002240.02

limitations on any further *Daubert* motions.[1] All motions in limine, motions to exclude or limit expert testimony, and all dispositive motions shall be filed no later than August 15, 2016. All responses to those motions shall be filed no later than August 30, 2016, and all replies shall be filed no later than September 9, 2016. The court will hold a hearing to consider these motions on a date convenient for the court.

8. <u>Mediation</u>. Following the first two trials, the parties will engage in a mediation process targeted to occur from December 2016 to January 2017.

9. <u>Non-Damages Expert Reports and Expert Discovery for 2017 Bellwether Trials</u>.

   a. On or before November 1, 2016, Plaintiffs will disclose in writing the identities of experts as required by Fed.R.Civ.P. 26(a)(2)(A) and will serve the reports and other materials required by Fed.R.Civ.P. 26(a)(2)(B), for the three bellwether trials scheduled to occur in 2017.

   b. On or before December 1, 2016, Zimmer will disclose in writing the identities of experts as required by Fed.R.Civ.P. 26(a)(2)(A) and will serve the reports and other materials required by Fed.R.Civ.P. 26(a)(2)(B), for the bellwether trials scheduled to occur in 2017.

   c. Plaintiffs and Zimmer will make their designated experts available for deposition between December 5, 2016, and January 25, 2017.

10. <u>Post-Mediation Activity in 2017</u>. Should the mediation process fail to result in substantial disposition of the MDL, the parties reserve the right to move the court for a suggestion of remand, or for resumption of bellwether trials. The court will set a schedule for

---

[1] General causation *Daubert* briefing that was not previously ruled upon will be addressed in a separate order.

- 5 -

the filing of motions in limine, motions to exclude or limit expert testimony, and dispositive motions in a future order.

ENTER:

*[signature: Rebecca R. Pallmeyer]*

January 22, 2016

REBECCA R. PALLMEYER
United States District Judge

US.104002240.02