UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |
| This Document Relates to All Actions | |

**COOK'S REPLY IN SUPPORT OF ITS PROPOSED CMO
REGARDING COORDINATION WITH STATE COURT LITIGATION**

The Cook defendants ("Cook") respectfully reply to Plaintiffs' Opposition to Cook's Case Management Plan Regarding Coordination with Other Litigation ("Opposition") [Docket No. 2483] in further support of its Motion and Brief In Support Of Case Management Order Regarding Coordination With State Court Litigation ("Coordination Motion") [Docket No. 2361][1] as follows.

### I.   Plaintiffs' Opposition is Untimely and Should be Stricken

On August 25, 2016, this Court entered its Case Management Plan Regarding Status Conferences With The Court: CMO 18 ("CMO 18"), scheduling the first status conference on September 8, 2016. [Docket No. 2396 at ¶ 1]. CMO 18 also set deadlines for filing motions to be heard at the status conferences. *Id*. at ¶ 3. All motions must be filed no later than seventeen days in advance of the conference, and any response must be filed no later than seven days in advance of the conference. *Id.*

---

[1] Cook subsequently filed an Amended Motion And Brief In Support Of Case Management Order Regarding Coordination With State Court Litigation to clarify that it had produced 900,000 *pages* of documents rather than 900,000 documents [Docket No. 2387, at 4].

Cook filed a timely Coordination Motion on August 22, 2016, seventeen days in advance of the September 8, 2016, status conference.  However, Plaintiffs did not file a timely response.  Plaintiffs' Opposition should have been filed on September 1, 2016.  It was not filed until September 6, 2016.  As such, Plaintiffs' Opposition is untimely and should be stricken.

## II.      A Coordination Order is Appropriate Now

Plaintiffs' complain both that the Order is unnecessary because the Order is purely a statement of principle and should not be entered until some specific coordination activity is required, and that the Order goes too far and somehow subverts Plaintiffs' due process rights in state court.  These contradictory assertions are both incorrect.  Coordination between state and federal courts requires communication, planning, and time.  The proposed Coordination Order starts the process on all three of these items.  It begins a line of communication between this Court and the state courts.  It requires the parties (both Plaintiffs and Defendants) to communicate about coordination with litigants in state court actions, state courts, and this Court, about coordination issues such that appropriate plans can be developed.  And it provides sufficient time for these activities to occur.

Plaintiffs' Opposition can be summarized into two arguments:  this Court has no authority to enter the proposed Coordination CMO, and the Coordination CMO is unnecessary and somehow disadvantages Plaintiffs.  However, Plaintiffs' arguments on these points are without merit and contradict each other.  Moreover, they mischaracterize the purposes of coordination, as well as Cook's own arguments in its Coordination Motion.

## III.     Plaintiffs' Argument that the Court has No Authority to Enter a Coordination CMO is Unsupported by Law

Cook acknowledges that this Court has limited authority to order state courts to take specific actions, and Cook has drafted the proposed Coordination CMO and the proposed letter

to state court judges with this limit in mind and in the spirit of fostering mutual cooperation and working towards a system that will benefit both the MDL and the related state court cases. In claiming that the Coordination Order goes too far, plaintiffs have not cited a single specific provision of the proposed Coordination CMO that is impermissible and they have simply ignored the overwhelming weight of authority and guidance documents that encourage coordination orders, many of which are much more aggressive than the Order proposed by Cook.

### IV. Plaintiffs' Arguments Focus Only on Their Desire to Have Multiple Forums for Litigation, Not Efficiency for the Courts and the Parties

Plaintiffs' remaining arguments are largely focused on their desire to have multiple simultaneous forums for litigation. Plaintiffs' make multiple arguments about "due process" without a single citation to authority on the matter. Their main argument appears to be that the "plaintiffs' expectations" for how their state court cases would proceed somehow deserve due process protection. They complain that coordination would require some additional work on their part to make coordination happen, without any acknowledgement of the efficiency benefits of coordination, and they complain that they will not be able to push state court cases in front of the MDL without regard to the trials set in this Court. Plaintiffs cite no prior decisions or guidance documents addressing these issues and, again, ignore that the many other courts and scholars that have addressed this issue have overwhelmingly determined that in complex, large MDLs such as this one, working towards coordination of federal and state court actions is the best course of action.

This MDL is advanced, organized, and proceeding cooperatively and efficiently. Coordination orders are common in large MDLs and help achieve efficiencies and prevent duplicative efforts. Plaintiffs in this MDL are already participating in coordinated efforts, and a coordination order stating this Court's position on coordination, communicating that position to

state court judges, and beginning the process of planning for coordination is a natural development in this large and complex mass tort. Plaintiffs' Opposition is not only untimely, but it is incorrect regarding the Court's authority to enter the proposed Coordination CMO, ignores the weight of authority in favor of coordination, and improperly focuses only on the Plaintiffs' goals in initiating separate state court litigation. The Manual for Complex Litigation, the Pocket Guides prepared by the Federal Judicial Center, Managing Mass Tort Cases: A Resource Book for State Trial Court Judges, and numerous district courts across the country all agree, "Cooperation between state and federal judges is not only advised, it is advised often." *Dunlavey v. Takeda Pharmaceuticals America, Inc.*, 2012 WL 3715456, *2 (W.D. La. Aug. 23, 2012)

For these reasons, Cook respectfully requests that the Court grant its Coordination Motion and enter the proposed Coordination CMO.

Dates: September 7, 2016

Respectfully submitted,

/s/ *John T. Schlafer*
Andrea Roberts Pierson
Jessica B. Cox
John T. Schlafer
Patrick H. Reilly
Anna C. Rutigliano
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 237-0300
Fax: (317) 237-1000
andrea.pierson@FaegreBD.com
jessica.cox@FaegreBD.com
john.schlafer@FaegreBD.com
patrick.reilly@FaegreBD.com
anna.rutigliano@FaegreBD.com
*Counsel for Cook Defendants*

James Stephen Bennett
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, IN  46802
Telephone: (260) 424-8000
Fax: (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2016, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ <i>John T. Schlafer</i>