UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This document relates to all cases.

### PLAINTIFFS' SUBMISSION OF PROPOSED REVISED PLAINTIFF'S PROFILE SHEET

Pursuant to the Court's order of September 12, 2016, Plaintiffs submit their proposed revised Plaintiff's Profile Sheet with comments and argument on the remaining issue in dispute.

1. Plaintiffs and the Cook Defendants have for several weeks negotiated simplifications to the existing Plaintiff Profile Form/Plaintiff Profile Sheet and Defendant Profile Form. The PPF/PFS has been merged into a single PPS by agreement and the Plaintiffs' proposed version is attached as Exhibit A.

2. With both sides having compromised on many issues, only one remains in dispute. Section VIII covers Plaintiff's medical background. The dispute concerns the level of detail that should be provided regarding a non-bellwether Plaintiff's medical history. There is no dispute that more detailed information would be required were a Plaintiff placed in the discovery pool.

3. Before addressing the specific questions in dispute, some context is helpful. In provisions already agreed to, each Plaintiff must provide the following:

   a. general demographic information (Section II at pp. 1-3);

   b. information regarding filter implant/explant (Sections III/IV at pp. 3-4);

    c.     complications from filter placement, including identification of records corroborating the allegations (Sections V/VI at p. 5);

    d.     current medical condition and injuries attributed to the filter (Section VII at p. 5);

    e.     the number of DVTs and PEs before and after implant of the filter (Section VIII at p. 6);

    f.     psychiatric treatment information if emotional distress is claimed (Section VIII at p. 7);

    g.     detailed prescription drug information for the period 3 years before implant to the current date (Section VIII at p. 8);

    h.     whether they have sought disability benefits and the nature of the injuries supporting such claims (Section IX at p. 8);

    i.     all medical records in their possession, specifically including all records related to removal or attempted removal of a filter (Section X at pp. 9-10);

    j.     all documents in their possession reflecting payments for medical treatment for filter-related injuries (Section X at p. 11); and

    k.     authorizations permitting Defendants to obtain additional records as they please. (Authorizations Section at p. 11).

4.     Against this backdrop, the question is how much information a Plaintiff should provide regarding his or her general medical history when weighed against the burden on Plaintiffs (and their counsel) in collecting such information. Plaintiffs contend the medical background information should include enough detail to inform the Defendants of a Plaintiff's general medical history, alert them to major health issues for a reasonable period preceding implant of the IVC filter, and provide detail on the specific diseases Defendants identified in the original PPF/PFS (lupus, Chrohn's disease, Factor V Leiden, Protein Deficiency, Spinal fusion/back surgery, anti-thrombin deficiency, and prothrombin mutation). This level of detail gives Defendants a general picture of the Plaintiff's health (whether for settlement purposes, characterization of the entire body of cases, or selection for future discovery pool cases), and

provides additional detail on the diseases identified by Defendants as most relevant. But it does not require what the Defendants' proposal would require—that Plaintiffs declare under oath that they have provided detail on every minor hospitalization or procedure for a period that could run as far back as 1999.

     5.     Plaintiffs' proposed PPS includes the following two additional questions on general medical background:

> If you had any of the following conditions beginning five years before your IVC filter implant or after it was implanted, please provide the requested information.

| Condition | Date Range | Treating Doctor and/or Facility |
|---|---|---|
| Lupus<br>☐Yes ☐No | | |
| Crohn's Disease<br>☐Yes ☐No | | |
| Factor V Leiden<br>☐Yes ☐No | | |
| Protein Deficiency<br>☐Yes ☐No | | |
| Spinal fusion/back sx<br>☐Yes ☐No | | |
| Anti-thrombin deficiency<br>☐Yes ☐No | | |
| Prothrombin mutation<br>☐Yes ☐No | | |

(Question VIII.7. at p. 6.)

> For the period beginning five (5) years before your IVC implant to the present date, describe all major health problems and surgeries you recall, other than those listed above.

| Approx. Date Range | Health Problem or Surgery |
|---|---|
| | |
| | |
| | [table truncated for filing] |

(Question VIII.8. at p. 7.)

3

6. Defendants' proposal, on the other hand, includes three tables. The first asks the Plaintiff to list, in chronological order, all hospitalizations and outpatient procedures in the five-year period before implant through the date of implant, including the date, procedure, and identity of the healthcare provider. The second seeks the same information from the date of implant to the current date (together covering a period potentially as long as 1999-2016, or later for future cases). The third table asks Plaintiff to "provide the name, address, and telephone number of every doctor, hospital, or other health care provider from which you have received medical advice and/or treatment" for the past seven years. Thus, Defendants' proposal would require a Plaintiff to provide details on minor outpatient procedures and hospitalizations having no conceivable relevance to the IVC filter claim for a period spanning more than a decade in most cases. The first two tables would cover everything from an eye surgery in 2003 to a colonoscopy in 2010. An ER visit to stitch a cut in 2005 could not be overlooked. Not only is this overreaching time-wise, but it reaches into matters of the most private nature not put at issue by the pleadings in this case (for example, termination of a pregnancy or treatment for sexually transmitted diseases). Similarly, table three would require identification of healthcare providers with little or no connection to the case—seeking identification of literally every doctor a Plaintiff has seen over a seven-year period without regard for the purpose or significance of the treatment.

7. Objections might be made to such indiscriminate requests even in a discovery-pool case; but in any event it is unnecessary and unduly burdensome in non-discovery pool cases. Nor would it generate relevant information not already furnished in response to Plaintiffs' proposed questions (along with the medical records provided to or obtained by Defendants, which ordinarily include extensive patient histories).

8. Accordingly, Plaintiffs seek approval of the attached proposed revised Plaintiff Profile Sheet in its current form without requiring the unnecessary and unnecessarily burdensome level of fine-grained detail proposed by Defendants.

Respectfully submitted this 16th day of September, 2016.

    Respectfully submitted,

    RILEY WILLIAMS & PIATT, LLC

    */s/ Joseph N. Williams*
    Joseph N. Williams, Atty. No. 25874-49
    301 Massachusetts Avenue
    Indianapolis, IN 46204
    Telephone: (317) 633-5270
    Facsimile: (317) 426-3348
    Email: jwilliams@rwp-law.com
    *Liaison Counsel to Plaintiffs Steering Committee*
    *and on behalf of Plaintiffs Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Notice will be served on the parties listed below by first class U.S. Mail, postage prepaid:

Anthony James Urban
Brian J. Urban
LAW OFFICES OF ANTHONY URBAN, P.C.
474 N. Centre Street, 3rd Floor
Pottsville, PA 17901

Arthur F Hoge, III
MEE MEE HOGE & EPPERSON PLLP
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118

Caleb Hoff Didriksen, III
Carl A. Woods, III
DIDRIKSEN LAW FIRM, PLC
3114 Canal Street
New Orleans, LA 70119

Christina E. Unkel
MAGLIO CHRISTOPHER & TOALE, PA
1605 Main St., Suite 710
Sarasota, FL 34236

Cliff W. Marcek
CLIFF W. MARCEK, P.C.
700 S. Third St.
Las Vegas, NV 89101

Curtis Hoke
THE MILLER FIRM LLC
The Sherman Building
108 Railroad Avenue
Orange, VA 22960

David J Britton
LAW OFFICE OF DAVID J. BRITTON
2209 N 30th Street, Suite 4
Tacoma, WA 98403

George Jerre Duzane
1675 Liberty Lane
Gallatin, TN 37066

Jay Harris
HARRIS, RENY & TORZEWSKI
Two Maritime Plaza, 3rd Floor
Toledo, OH 43604

Joseph A. Napiltonia
LAW OFFICE OF JOE NAPILTONIA
213 3rd Avenue North
Franklin, TN 37064

Justin Kyle Brackett
TIM MOORE, ATTORNEY AT LAW, P.A.
305 East King St.
Kings Mountain, NC 28086

Kimberly Lambert Adams
LEVIN PAPANTONIO THOMAS ETC. PA –
PENSACOLA FL
316 S Baylen Street, Suite 400
Pensacola, FL 32502

Cory Holley Driggers
MORRIS CARY ANDREWS TALAMADE &
DRIGGERS
P.O. Box 1649
Dothan, AL 36302

David Carl Anderson
ANDERSON LAW
711 Van Ness Avenue, Suite 220
San Francisco, CA 94102

Elizabeth Alice Mote
KITRICK, LEWIS & HARRIS, CO., L.P.A.
455 Hutchinson Avenue, Suite 100
Columbus, OH 43235-8630

James W. Childress
CHILDRESS AND AHLHEIM, LLC
1010 Market St., Suite 500
St. Louis, MO 63101

John J. Driscoll
DRISCOLL FIRM, P.C.
211 N. Broadway, Suite 2440
St. Louis, IL 63102

Joseph G. Sauder
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041

Kahla R Hurley
MEE HOGE & EPPERSON PLLP
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118

Marian S. Rosen
ROSEN & SPEARS
5075 Westheimer, Suite 760
Houston, TX 77056

| | |
|---|---|
| Mark Mathew Kitrick<br>KITRICK, LEWIS & HARRIS CO LPA – 2<br>445 Hutchinson Ave., Suite 100<br>Columbus, OH 43235 | Mark P. Bryant<br>BRYANT LAW CENTER, PSC<br>601 Washington Street<br>P.O. Box 1876<br>Paducah, KY 42001 |
| Paul Telhiard Boudreaux<br>RICHARDSON BOUDREAUX<br>7447 South Lewis Avenue<br>Tulsa, OK 74136 | Peter C Wetherall<br>WETHERALL GROUP, LTD.<br>9345 W. Sunset Road, Suite 100<br>Las Vegas, NV 89148 |
| Philip Sholtz<br>THE DRISCOLL FIRM, P.C.<br>211 N. Broadway, 40th Floor<br>St. Louis, MO 63102 | Richard A. Freese<br>LANGSTON SWEET & FREESE PA<br>The Morgan Keegan Center<br>2900 Highway 280, Suite 240<br>Birmingham, AL 35223 |
| Scott Kehlenbrink<br>CHILDRESS AND AHLHEIM, LLC<br>1010 Market St., Suite 500<br>St. Louis, MO 63101 | W. Bryan Smith<br>MORGAN & MORGAN, LLC<br>2600 One Commerce Square<br>Memphis, TN 38103 |
| Wilnar Jeanne Julmiste<br>ANDERSON GLENN LLP – BOCA RATON FL<br>2201 NW Corporate Blvd., Suite 100<br>Boca Raton, FL 33431 | |

*/s/ Joseph N. Williams*
Joseph N. Williams