UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____   Case No.: 1:14-ml 2570-RLY-TAB
                                          MDL No. 2570

## COOK DEFENDANTS' BRIEF IN SUPPORT OF PROPOSED DEFENDANT PROFILE FORM

At its outset, less than 30 cases were pending within MDL 2570. As of September 13, 2016, there were 951 cases pending in MDL 2570. The number of new case filings has exceeded 100 per month since May.[1] With the massive growth of MDL 2570, the Cook Defendants recognized that the Defendant Fact Sheet ("DFS") required by Amended Case Management Order No. 4, which had been created at the outset of MDL 2570, creates a burden on them that is not proportional to the needs of the non-Bellwether cases. Moreover, the Cook Defendants also recognized that that the Plaintiff Profile Form ("PPF") and Plaintiff Fact Sheet ("PFS") could be consolidated and reduced.

The sharp uptick in filings coincided with the Bellwether trial selection process. Given the significant change in the number of cases and the change of focus of MDL 2570 from general discovery and selection of Bellwether cases to preparing the Bellwether cases for trial, the Cook Defendants initiated discussions with Lead Counsel for plaintiffs in early July to work towards a modification of Amended Case Management Order 4. The discussions initially focused on a reduction of the Cook Defendants initial disclosure obligation, through the DFS, and then moved on to a modification of the Plaintiffs' initial disclosure obligations, through the PPF and PFS

---

[1] A graph of the monthly filings in MDL 2570 is attached hereto as Exhibit A.

forms.  Through this process, the parties have significantly narrowed the areas of dispute through lengthy negotiations, including an initial consultation with Magistrate Baker and two follow-up calls to obtain additional time to further narrow our disputes.

The primary proposal made by the Cook Defendants involves the creation of a new Defendant Profile Form ("DPF") to be used in the non-Bellwether cases.  A copy of the Cook Defendants' Proposed Defendant Profile Form ("Proposed DPF") is attached hereto as Exhibit B.  The Cook Defendants also worked with Plaintiffs' counsel to develop a new Plaintiff Profile Sheet ("PPS") to be the initial disclosure obligation for Plaintiffs in each case.[2]  The use of these new forms will require the Amendment of Amended Case Management Order No. 4.[3]  As to the obligations actually set forth in the Proposed DPF, the parties are in agreement.  However, while Plaintiffs have agreed to a reduction in the initial disclosure obligations for Defendants set forth in the Proposed DPF, they demand more information regarding communications with the implanting, retrieval/explanting and/or attempted retrieval/explant physicians that the Proposed DPF requires.

The Cook Defendants have addressed contacts with physicians by agreeing to provide information maintained in centralized sources.  For example, Cook Defendants are providing Cook Events Records (Section II.B), Cook Vista Education and Training Records (Section II.C) and Cook IRIS physician contact data (Section III.C).  The Cook Events records will show whether Cook Defendants have records of the implanting, retrieval/explanting or attempted retrieval/explanting physician having participated in a Cook Event.  The Cook Vista Education and Training Records will show if Cook Defendants have a record of the physician participating

---

[2] The parties have narrowed the scope of the areas of disagreement with the PPS.  The Cook Defendants will address the PPS in separate briefing.
[3] The parties are working together to prepare a proposed Second Amended Case Management Order No. 4.

in one of Cook's Vista Education programs. Finally, the IRIS database is the only centralized source of information regarding contacts with physicians by sales representatives. The Cook Defendants have agreed to provide the available IRIS data for each implanting, retrieval/explanting or attempted retrieval/explanting physician.

At the outset of discussions with the Plaintiffs' counsel, the Cook Defendants made clear that the request for communications with physicians in every single case that is filed in MDL is not proportional to the needs of the case because information regarding contacts with physicians are not maintained in a centralized source other than IRIS.[4] Obtaining existing relevant communications with the physician will require collecting the responsible District Manager's ("DM") laptop computer and email. The DMs live around the country making the collection process a challenge in terms of logistics, time and business interruption. In addition to the challenges with collecting the data, the Cook Defendants must also process, search and have counsel review the documents prior to production. As the Cook Defendants explained during the initial call with Magistrate Baker, this burden is significant in terms of expense to the Cook Defendants.[5] While such burden and expense in an individual case may be proportional to the needs of an individual case that is getting prepared for trial, it certainly is not proportional to the needs of the hundreds of cases which are not getting worked-up for trial much less selected for a discovery pool, thus not even in consideration as a possible Bellwether trial selection.

Despite this explanation of the burden associated with providing information related to communications with the physicians and Magistrate Baker noting the importance of the concept

---

[4] IRIS was created in 2013 and is a voluntary use system.
[5] Though specific costs per DM did not come up during that call with Magistrate Baker, when considering expected costs of collection, processing, searching, reviewing, storing and producing such data, the Cook Defendants now estimate that the costs involved could easily exceed $10,000 per DM, depending on the volume and nature of the data at issue.

3

of proportionality during the initial call teleconference on this issue, Plaintiffs' counsel continue to seek to require that the Cook Defendants provide the custodial file for the responsible DM in a random sample of 25% of the pending cases. In the view of the Cook Defendants, this random sample of DM custodial files would also create a burden that is not proportional to the needs of the cases given the indisputable burdens that doing so for over two hundred cases would create and given the discovery that they have already received from Cook Defendants

For example, among the 25 custodial files the Plaintiffs' counsel chose the Cook Defendants to collect, review and produce are the files of Rob Lyles, Mark Breedlove, Bruce Fleck and Darrell Talbert. Mr. Lyles and Mr. Breedlove at different times during the relevant time period led the Strategic Business Unit responsible for the sales of Cook Inferior Vena Cava Filters. Mr. Fleck and Mr. Talbert have served as the Global Product Manager for Cook Inferior Vena Cava Filters at different times during the relevant time period. Plaintiffs' counsel have suggested that the custodial files of the District Managers would show the pattern and practice of their interactions with physicians. However, the custodial files of Mr. Fleck and Mr. Talbert contain significant communications with District Managers regarding marketing and sales strategy for interactions between District Managers and physicians regarding Cook Inferior Vena Cava Filters. The custodial files of Mr. Lyles and Mr. Breedlove contain similar information. Collecting, processing and reviewing the custodial files of the District Managers in over two hundred cases would be, in large measure, cumulative of discovery that has already been done.

Notably, the Cook Defendants produced Mr. Talbert on two separate occasions for a Rule 30(b)(6) deposition on Sales and Marketing. One of the topics for that deposition included within its scope the tracking of communications with physicians by District Managers (sales representatives). See Notice of Deposition, Topic 18, a copy of which is attached hereto as

4

Exhibit C. Mr. Talbert testified that there was no centralized system for tracking such communications at Cook. Not much time was spent on the pattern and practice of communications with physicians. This suggests that the priority of the issue relied upon by Plaintiffs' counsel to support imposing the burden of collecting DM custodial materials in nearly 250 cases on the Cook Defendants is not high. This lack of priority shows that the burden Plaintiffs' counsel seeks to impose is not proportional to the needs of the cases which are not set for Bellwether trial.

Within the original Discovery Pool cases, the Cook Defendants produced available custodial files for the responsible DMs. Even so, the Plaintiffs' counsel did not take a single deposition of a District Manager. This further suggests that the issue of pattern and practice of communications with physicians is not a high priority issue. The actions of Plaintiffs' counsel show that the information they seek is not significant outside of the Bellwether cases now being worked up for trial. When viewed in the context of MDL 2570, the demand for the custodial files of the responsible DMs in twenty-five percent of the pending cases cannot be proportional to the needs of the cases that are not being prepared or even considered for trial given the selection of three Bellwether cases has already occurred.

Submitted this 16th day of September, 2016.

*/s/ James M. Boyers*
Douglas B. King, Esq., Co-Lead Counsel
James M. Boyers, Esq.
John C. Babione, Esq.
Kip S. M. McDonald, Esq.
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:    (317) 639-6444
doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

Andrea Roberts Pierson, Esq., Co-Lead Counsel
Jessica Benson Cox, Esq.
Patrick H. Reilly, Esq.
John T. Schlafer, Esq.
Victoria R. Calhoon, Esq.
Nicholas B. Alford, Esq.
Anna C. Rutigliano, Esq.
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Tel:    (317) 237-0300
Fax:    (317) 237-1000
andrea.pierson@faegrebd.com
jessica.cox@faegrebd.com
john.schlafer@faegrebd.com
victoria.calhoon@faegrebd.com
nicholas.alford@faegrebd.com

James Stephen Bennett, Esq., Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Tel:    (260) 424-8000
Fax:    (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for Cook Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ James M. Boyers*

1580095-1 (10909-0412)