UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

## COOK DEFENDANTS' SUBMISSION ON PROPOSED BELLWETHER TRIAL PLAN

Despite the Court's direction at the September 8, 2016, status conference that the bellwether trials in this matter should be scheduled at regular intervals, Plaintiffs continue to insist that all case management deadlines for all three bellwether cases must be identical. The parties agree on the schedule for *Hill*, but there is not an agreement on the schedule for the second and third bellwether trials. Cook, in keeping with the Court's direction, proposes a natural course of discovery where the deadlines for subsequent bellwethers follow the agreed plan in *Hill* and run on parallel tracks, as detailed in the proposed Case Management Order 19 (Bellwether Trial Plan), attached as Exhibit A.

While Plaintiffs continue to insist that they have no intention of dismissing the *Hill* matter before trial, they simultaneously refuse to consider staggered deadlines that follow the Court's requested trial plan, insisting instead that the case management deadlines in all three bellwether cases should be the same and all three case should be ready for trial at the same time. For multiple reasons, Cook respectfully submits that Plaintiffs' proposal is neither practical nor fair, and respectfully requests that the Court enter Cook's proposed Bellwether Trial Plan.[1]

---

[1] Cook notes that it proposes a 20-week interval between the first and second bellwether trials so that the *Daubert* and summary judgment briefing in the second bellwether are due sufficiently after the close of the *Hill* trial to allow the Court and parties to use the information gained in *Hill* to better address the issues in the dispositive motions in
*footnote continued on next page*

**I.     Plaintiffs' Proposed Simultaneous Deadlines For Bellwether Trial Preparation Are Not Practical And Unnecessarily Burden The Court, Key Witnesses, And The Parties**

Despite the Court's instruction for staggered bellwether trials approximately four months apart during the September 8, 2016, status conference,[2] Plaintiffs again insist on simultaneous deadlines for all three bellwether cases. Plaintiffs' proposed schedule unnecessarily places an excessive burden on the Court, on the witnesses (fact and expert), and on the parties. Under Plaintiffs' proposed plan, the parties and Court would engage in rapid-fire depositions of more than 30 fact witnesses in three bellwether cases by January 16, 2017; the preparation and disclosure of 10-20 experts per side between January 16 and March 16, 2017; and the depositions of likely 20 or more experts between January 16 and April 20, 2017. Given that this is a medical device product liability case, the vast majority of those witnesses will be highly specialized physicians with challenging schedules from multiple disciplines and jurisdictions. Scheduling those depositions simultaneously is not practicable, and likely is impossible, particularly in the now 3 and 1/2 months before Plaintiffs' expert disclosure deadline.

Even if the parties wanted to begin case-specific fact witness depositions tomorrow, it is not possible. Aside from the challenging schedules of physician witnesses, Cook is currently collecting medical and other plaintiff-specific records required before the depositions of the fact-witness physicians can be taken. Plaintiffs' counsel has already stated that they cannot even be present for the deposition of Ms. Hill until November of this year,[3] and no physician in any case has reserved deposition dates. Indeed, medical and other records collection is ongoing in all

---

the second bellwether under that schedule. Should the Court prefer otherwise, the schedule easily may be modified by two or four weeks.

[2] Transcript of September 8, 2016, Status Conference Regarding Case Management Plan at 60:20-25, attached as Exhibit B.

[3] See Correspondence between Joe Johnson and Andrea Pierson from September 19-21, attached as Exhibit C.

three bellwether cases currently, and both sides allege written discovery remains to be completed and have disputed issues regarding discovery responses that remain unresolved. *See* Correspondence to B. Martin from Andrea Pierson dated September 16, 2016, as Exhibit D.

From an expert witness perspective, having an expert, even one you are paying, clear three to six months to prepare intensive reports in three cases simultaneously and prepare for and be deposed in three separate cases simultaneously is enormously challenging and needlessly complicates the important and difficult work the parties need to complete in these bellwether cases.

Put simply, these are the first three bellwether trials of this MDL. Plaintiffs' allegations are complex, and there are complicated medical, engineering, regulatory and factual issues involved. To suggest that discovery and briefing in these cases should occur simultaneously is impractical. Parallel and overlapping discovery tracks, as suggested in Cook's Bellwether Trial Plan, is an orderly and fair method for proceeding to bellwether trials.

## II.  Simultaneous Deadlines Are Impracticable And Unnecessarily Burdensome To The Court

In addition to the unnecessary burden of simultaneous discovery in three complex bellwether cases, Plaintiffs' proposed schedule means that the expert reports and *Daubert* motions (not to mention motions for summary judgment) in all three cases will unnecessarily become the work of this Court all at once. With 10 or more experts expected per side per case, and 20 or more experts in total for three bellwether cases providing extensive reports, extensive *Daubert* and summary judgment briefing is anticipated. While some experts will overlap, the three bellwether cases selected by the Court involve different products, different alleged device malfunctions, and different alleged clinical consequences. Further, the implants and complications occurred at different times and the state of knowledge in the relevant medical

communities differs. The *Daubert* and summary judgment motions before the Court also will be decided under the substantive law of three different states, presumably Florida, Georgia, and Illinois. Given these issues, the Court's workload likely will be extraordinary.

Staggering the briefing required in these cases will benefit the Court and the parties. The Court and the parties should not have to address all potential, outstanding dispositive and expert issues in three cases at one time in these matters, particularly not when the trial dates have been staggered.

### III. Plaintiffs' Plan Eliminates The Efficiencies For Which The MDL Was Created

Plaintiffs' proposed plan also disregards the value to all involved in this litigation of using the lessons from the first bellwether trial process to streamline preparation of and rulings in the subsequent bellwethers. After an initial round of *Daubert* motions and motions for summary judgment, the issues may be narrowed, the Court's views on the underlying causes of action will have been set out in its rulings, and the parties will have the benefit of streamlining subsequent presentations through motions and of the evidence accordingly. Staggered deadlines also will allow the parties to adopt the Court's rulings from the first (and later the second) bellwether case, limit the issues in dispute, and reduce the workload for all substantially.

### IV. Cook's Proposed Case Management Plan Allows The Orderly And Fair Administration Of Justice

A better plan, as Cook articulated during the September status conference, is to stagger the case management dates just as the bellwether trial dates will be staggered, with parallel tracks of discovery occurring simultaneously.

Cook understands that the Court is concerned about Plaintiffs dismissing *Hill* and leaving a gap in its schedule. Plaintiffs have repeatedly said they do not intend to dismiss *Hill* and, if true, no void will be created. The Court, however, should not set the schedule up to reward

4

Plaintiffs if they do dismiss *Hill*. "Courts must be exceedingly wary of mass litigation in which plaintiffs are unwilling to move their cases to trial." *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 628 F.3d 157, 163 (5th Cir. 2010). Indeed, the Fifth Circuit has held that dismissal can "manipulate the integrity of the court's Bellwether process" and the Court should not allow this to happen. *Id.*

Plaintiffs' proposed CMO suggests that Plaintiffs can dismiss a bellwether trial *at any time*, without consequence, and that Cook and the Court should immediately adjust to try the next case. Plaintiffs' plan is neither fair nor efficient. This Court should reject that approach and adopt a procedure that allows the Court flexibility and the ability to select the next most representative case in the event of dismissal. Otherwise, the integrity of the process could be manipulated through selectively timed dismissals in order to try Plaintiffs' "best" case. That tactic undermines the efforts of this Court to ensure that bellwether cases are representative and fair to both parties. And yet, that is just the type of scenario that could play out in this litigation.

Cook's proposed trial plan includes steps to prevent a late dismissal and a procedure for addressing such a dismissal. First, it includes a deadline, simultaneous with Plaintiffs' expert disclosures, for Plaintiffs' counsel to certify that they have consulted in detail with their client and that they intend to proceed to trial. Consistent with the practice of other Courts, such a deadline discourages serial dismissals.

Then, should a dismissal occur, the plan requires the parties to immediately meet and confer and recommend an appropriate course of action based on the timing and nature of the dismissal. *See* Cook's Proposed Case Management Plan at Ex. A, ¶ 12. This procedure allows the Court flexibility to accelerate deadlines and trials to appropriately address any dismissal. For instance, the Court could accelerate the schedule in the second and/or third bellwether trials, if it deems appropriate. Or, should Plaintiffs dismiss *Hill*, the Court could select another case from

5

the New Discovery Pool that involves the same product and alleges similar injuries, such as *John Alford*.  Like *Hill*, *Alford* involves a Celect filter with allegations of perforation and lacks the outlier allegations such as fracture or open removal procedure.  The procedure for managing dismissal proposed by Cook would promote efficiency, economy, and fairness and would allow the Court to adapt the trial plan as the circumstances warrant and fairness to all parties merits.

Gamesmanship through one or more dismissals should be discouraged, and the Court should – in its first Bellwether Trial Plan – afford itself flexibility to address that scenario should it happen.  Potential dismissals alone are no reason to require simultaneous work-up of three cases and all of the inefficiencies and difficulties such a plan would create.

**V.     Conclusion**

Cook respectfully requests that the Court enter the attached CMO 19 (Bellwether Trial Plan), which follows the parties' agreed deadlines for the *Hill* matter and which creates a logical and natural progression of parallel tracks of case management deadlines for the second and third bellwether based on the trial schedule requested by the Court.

Dated: September 22, 2016             */s/Andrea Roberts Pierson*
                                                  Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:       (317) 237-0300
Facsimile:         (317) 237-1000
andrea.pierson@faegrebd.com
john.schlafer@faegrebd.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:       (260) 424-8000
Facsimile:         (260) 460-1700
stephen.bennett@faegrebd.com

Douglas B. King, Co-Lead Counsel
James M. Boyers
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Telephone:       (317) 639-6151
Facsimile:         (317) 639-6444
doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 22, 2016, a copy of the foregoing Cook Defendants' Submission On Proposed Bellwether Trial Plan was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

                                                  /s/   Andrea Robert Pierson