IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION
_____

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions
_____

## THE COOK DEFENDANTS' SUBMISSION
## OF PROPOSED PLAINTIFF PROFILE SHEET

When the Cook Defendants proposed the new Plaintiff Profile Sheet ("PPS"),[1] the stated purpose for consolidating the current Plaintiff Profile Form ("PPF") and Plaintiff Fact Sheet ("PFS") into a single PPS was to bring efficiency to the process by combining in one place and reducing Plaintiffs' obligation to provide information not presently needed for non-Bellwether trial cases. As the proceedings in MDL 2570 have already demonstrated, the PPF and PFS have provided essential data points that have served multiple purposes. The Cook Defendants' proposed PPS preserves Plaintiffs' obligation to provide essential data while also reducing their burden by requiring less information be provided than the PPF and PFS have required.

Historically, the PPF and PFS have provided fundamental information about each Plaintiff and each Plaintiff's claim that each Plaintiff's attorney should know before filing the lawsuit, such as whether the Inferior Vena Cava Filter ("IVC Filter") at issue was a Cook IVC Filter (including documentation), the nature of the alleged failure of the product, the physicians involved in the implant and retrieval or explant (if any) of the IVC Filter and the nature and scope of the alleged injuries at issue. The PPF and PFS also provided essential information

---

[1] Although Plaintiffs referred to their submission as a "Proposed Revised Plaintiffs' Profile Sheet", the PPS is in fact a new form. Cook Defendants' proposed PPS is submitted herewith in redline format of the proposed form submitted by Plaintiffs on September 16, 2016 as Exhibit A and in clean format as Exhibit B.

about the person who was allegedly implanted with a Cook IVC Filter such as age, marital history, education, employment history, military service, where and with whom they live, how the IVC Filter has impacted him/her and key information about medical history necessary to obtain the records needed to assess that Plaintiff's claims. This information guided the discovery completed for purposes of selecting the original discovery pool and provided essential data about MDL 2570 that was used by the parties and the Court to assess what is a representative case within MDL 2570 for Bellwether trial selections.

With respect to each case going forward, the Cook Defendants' proposed PPS, if adopted, would serve as a reasonable starting point to preserve key information that is known only to the Plaintiff and which otherwise could easily be lost through the passage of time. The information requested by the Cook Defendants' proposed PPS would provide the parties a solid basis to focus their efforts when it comes time to prepare a case for trial or other resolution. For example, once the Bellwether trials are complete, the information generated from the PPS will be the primary source of data for assessing the implications of the Bellwether trials for purposes of selecting the next discovery pool or Bellwether trial cases and/or assessing the categories of cases in MDL 2570. Therefore, the quantity and quality of the information provided through the PPS process significantly impacts the overall handling of MDL 2570.

Plaintiffs correctly note that the parties have worked through and compromised on many issues in narrowing the remaining area of dispute to a few sections[2] dealing with the very important area of medical history. However, Plaintiffs miss the mark when they suggest the burden of providing the requested information outweighs its benefit. The medical history information sought by the Cook Defendants in Sections VIII.3-4 of their proposed PPS creates a

---

[2] While Section II.17 of the Cook Defendants' proposed PPS is in red-line, the undersigned counsel discussed this change with Matt Schultz, one of the attorneys for Plaintiffs who has been designated as the point person for these negotiations, and he does not object to that proposed change to Plaintiffs' proposed PPS.

nominal burden.  These sections only require that they list healthcare providers with addresses and dates of treatment for hospitalizations and outpatient procedures before and after the implant of their Cook IVC Filter.  It does not require a detailed explanation of each procedure or hospitalization.  Instead, it provides the Cook Defendants the basic information necessary to utilize the authorizations[3] executed by each Plaintiff to obtain the medical records related to those hospitalizations and out-patient procedures.[4]  Similarly, Section VIII.5 of the Cook Defendants' PPS requires only that the Plaintiff identify any additional healthcare providers from whom they have received treatment in the last seven years.  This is not a significant or unreasonable burden, particularly when the Plaintiff's counsel presumably have or would like to have this information about their client's case.

While Plaintiffs have creatively identified examples of information that may be obtained through this process that would not be helpful, the scope of the information sought is common to any personal injury case because the Plaintiff has put their health at issue by filing suit.  Plaintiffs ignore the fact that the scope of the information requested will allow for a much more accurate picture of each Plaintiff's overall health and how that health status relates to the injuries which they allege were caused by the Cook IVC Filter and informed his/her physician's decision to order that a Cook IVC Filter be implanted in the first place.  Thus, the benefit of gathering this information is significant to both sides.  This is particularly true when, as here, Plaintiffs do not have to answer the standard type of initial written discovery for personal injury cases.

---

[3] The Cook Defendants note that they consulted with Matt Schultz, one of the counsel for Plaintiffs, regarding the authorization attached to Plaintiffs' proposed PPS to point out that the remaining authorizations contemplated by the parties had been omitted from Plaintiffs' filing.  Mr. Schultz acknowledged the inadvertent oversite.  The complete set of authorizations is attached to the Cook Defendants' Proposed PPS submitted herewith.

[4] Medical Records may only be maintained for seven years by some health care providers.  *See, e.g.* Indiana Code 16-39-7-1(b) (Indiana requires that medical records must be maintained for only seven years.  Therefore, depending on the healthcare provider, there is a real risk that a delay by the Plaintiffs in providing this information could result in medical records being lost).

The burden argument is especially misplaced when the relative burdens created by discovery are not considered in perspective. To date within MDL 2570, many Plaintiffs have produced PPFs, PFSs and responses to Case Management Order No. 13. Only twenty Plaintiffs have been deposed. Within the original discovery pool, only ten have had to respond to case specific discovery. Excepting medical records, the documents produced by Plaintiffs have been quite limited. In contrast, the Cook Defendants, at great cost of time and money, have produced well **over 941,000 pages** or **over 173,000 documents** totaling **156 gigabytes of data**, including twenty-five custodial files chosen by the Plaintiffs, five custodial files from District Managers (Cook Sales Representatives) in case-specific discovery, as well as responses to case specific discovery in ten discovery pool cases and responses to three sets of Master Discovery. In addition, Cook has produced eighteen employees for depositions which have totaled over 120 hours of testimony with 508 exhibits including five witnesses who had to travel to the United States from Denmark.

When the Court considers the Cooks Defendants' proposed PPS against the existing PPF and the PFS, the scope of the compromise by the Cook Defendants will become clear. The Cook Defendants considered the proportionality of what they were seeking against the burdens associated with the requests. Here, the benefits provided by the scope of the additional information about the Plaintiffs' medical history sought by the Cook Defendants include preserving relevant information that may otherwise be lost, obtaining better data for assessing MDL 2570 as a whole for several purposes, and obtaining better data for guiding discovery when each case must be prepared for resolution. How the burden of identifying, writing down and preserving this relevant information about the Plaintiffs' medical history could possibly

outweigh the benefits to the needs of each case and of MDL 2570 as a whole is difficult to conceive.

Plaintiffs' proposed PPS falls short in that it significantly limits the information to be provided and preserved. For example, with their proposed alternative healthcare provider sections at VIII.7 and VIII.8 of their proposed PPS, they eliminate the requirement that addresses be provided for the healthcare providers. Moreover, they limit the information to be provided to only certain conditions or "major health problems" without defining what "major health problems" means. While the inclusion of surgeries is appropriate, the other limitations provide a far narrower picture of the Plaintiff for the case and the Plaintiffs for MDL 2570 and the omission of healthcare provider addresses further hinder the ease of use of the information provided.

Based on the foregoing, the Cook Defendants respectfully request that the Court adopt their attached proposed PPS.

Submitted this 23rd day of September, 2016.

>*/s/ James M. Boyers*
>Douglas B. King, Esq., Co-Lead Counsel
>James M. Boyers, Esq.
>WOODEN MCLAUGHLIN LLP
>One Indiana Square, Suite 1800
>Indianapolis, IN 46204-4208
>Tel:   (317) 639-6151
>Fax:   (317) 639-6444
>doug.king@woodenmclaughlin.com
>jim.boyers@woodenmclaughlin.com

        Andrea Roberts Pierson, Esq., Co-Lead Counsel

        FAEGRE BAKER DANIELS LLP
        300 North Meridian Street, Suite 2700
        Indianapolis, Indiana  46204
        Tel:     (317) 237-0300
        Fax:    (317) 237-1000
        andrea.pierson@faegrebd.com

        James Stephen Bennett, Esq., Co-Lead Counsel
        FAEGRE BAKER DANIELS LLP
        110 W. Berry Street, Suite 2400
        Fort Wayne, Indiana  46802
        Tel:     (260) 424-8000
        Fax:    (260) 460-1700
        stephen.bennett@faegrebd.com

        *Counsel for Cook Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ James M. Boyers*