# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                  Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                   MDL No. 2570

_____

This Document Relates to All Actions

_____

## CASE MANAGEMENT ORDER NO. ___ :
## PROTOCOL FOR DEPOSITIONS IN BELLWETHER CASES

The Court enters this order establishing the following protocol that shall be followed in depositions conducted in the bellwether cases in the above-referenced MDL[1]:

A. Depositions Notices

1. This Order applies to all depositions in the bellwether cases in MDL-2570, which will be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Order.

2. In order to arrange for adequate deposition space, counsel who wish to attend a deposition noticed in MDL-2570 shall use best efforts to provide (a) one week's notice in the case of provider depositions, and (b) 48 hours' notice in all other depositions, to plaintiffs' lead counsel and defendants' lead counsel of their intention to attend in person.

---

[1] This protocol will supersede Section E of the protocol set forth in Case Management Order #2 (Deposition Protocol) ("CMO 2"), entered on March 4, 2015 [Docket No. 281]. The remaining provisions of CMO 2 are not impacted by this order and remain in full force and effect.

US.108270751.01

B. Scheduling of Depositions

1. Plaintiffs' and defendants' lead counsel shall attempt to establish by mutual agreement a schedule for bellwether depositions in this MDL that reflects sequencing consistent with:

    a) The availability of documents from among those produced by the parties and third parties;

    b) The objective of not subjecting any person to repeated depositions;

    c) The need to preserve relevant testimony; and

    d) The schedule established by this Order and Case Management Order 19: Bellwether Trial Plan ("CMO 19").

Counsel for the parties will attempt to coordinate the scheduling of depositions as much as possible.

2. Where reasonably feasible, the depositions permitted by paragraph 2 of CMO 19 shall be taken in the following order:

    a) The plaintiffs;

    b) The sales representatives/distributors directly associated with the sale of the product to the surgeon or present in the operating room during the implantation or revision;

    c) The plaintiffs' implanting physician;

    d) The physician that prescribed or ordered plaintiffs' filter;

    e) The plaintiffs' retrieving physician(s);

    f) The plaintiffs' other healthcare providers; and

    g) The two additional fact witnesses.

3. Absent exigent circumstances, as a general rule, no witness should be deposed in this MDL proceeding on the same subject more than once. A party seeking to take a second deposition of a witness shall provide the opposing party with a basis for an exception. Second depositions on new subject matter shall be permitted only upon consent of the parties or an order of this Court issued for good cause shown.

4. If counsel are unable to resolve any disputes regarding the timing and scheduling of depositions after good faith efforts, they may present those disputes to the Court for resolution.

C. Location of Depositions

1. The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the deponent, or at such other location as is agreed to by all counsel involved and the deponent.

D. Attendance at Depositions

1. Only parties who have agreed to be bound by the Protective Order in place in this litigation may be present at the depositions taken pursuant to the terms of this Deposition Protocol.

2. Deposition attendance by telephone is permitted, however, the parties are to announce the presence of counsel or others attending or listening or consulting by phone.

E. Conduct at Depositions

1. Plaintiffs should ordinarily designate one attorney for the MDL to conduct the principal examination of each deponent, and examination by other plaintiffs'

attorneys on behalf of the MDL should be limited to matters not previously covered. Counsel for plaintiffs shall cooperate so that examinations by multiple attorneys for the MDL do not exceed the allotted time.

F. Duration of Deposition

1. The time limitations on depositions imposed by Fed. R. Civ. P. 30(d)(1) shall apply in the MDL unless the parties agree to a different time limitation or the Court establishes a different time limitation.

G. Depositions of Plaintiffs' Treating Healthcare Providers

1. Each side will have a reasonable opportunity to question the deponent treating provider. To that end, if a treating provider limits the time for a deposition, the parties will work together to ensure that each side receives adequate time during the time allotted to question the treating provider. If counsel are unable to resolve any dispute regarding the division of time in a treating provider deposition after good faith efforts, they may present the dispute to the Court for resolution.

2. Prior to the deposition of any treating providers, both parties shall ensure that their case-specific discovery responses, including fact sheets, pertaining to such treating provider are complete. The parties shall also produce all discoverable documents requested pertaining to the deponent treating provider to the extent they have not already been produced. The parties should work to resolve any disputes regarding the completeness of the document production no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, either party shall have the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed

      with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

3. At least 72 hours prior to the deposition of a treating provider, both parties will confer to ensure that each side has all medical records obtained from the treating provider.

4. At least 48 hours prior to the deposition of a treating provider, both parties will disclose to opposing counsel the documents that they believe in good faith will be used at the deposition.  Disclosure to the witness him/herself is not required.

5. The noticing party shall be responsible for paying the provider for his or her time during the deposition.  Within 30 days of the deposition, the opposing party shall reimburse the noticing party for the cost and time spent questioning during the deposition.

6. Plaintiffs' counsel and defendants' counsel shall alternate as lead questioners at the depositions of the treating providers.  Where possible, the implanting physician shall be deposed first.  Plaintiffs' counsel shall be the first examining counsel for the implanting physicians in a defendants' bellwether selection, and defendants' counsel shall be the first examining counsel for the implanting physician in a plaintiffs' bellwether selection.

H. Deposition Objections

1. All deposition objections are reserved, except as to the form of the question and responsiveness of the answer.  Counsel shall otherwise comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions.

5

2. The right to object on other grounds is preserved, and may be asserted at the time the deposition testimony is proffered at trial.

3. An objection made by one party shall inure to the benefit of all parties.

4. If there is an objection, and a deponent is instructed not to answer a particular question, the court reporter will mark the transcript, and will list those objections at the beginning of the transcript.  If the Court subsequently overrules the objection, the deponent may be re-deposed about the question(s) to which that objection was asserted, and all follow-up questions that flow from the question(s). A party may seek costs in connection with any re-deposition, costs to be assessed at the direction of the Court.

5. Conferences and/or discussion between the deponent and counsel for the deponent while a question is pending shall not be permitted, except for the purpose of determining whether a privilege exists or whether information sought is subject to the confidentiality order in place.

IT IS SO ORDERED.

Dated: _____         _____
                                      Chief Judge, Richard L. Young
                                      United States District Court
                                      Southern District of Indiana

US.108270751.01