UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO ENTER PROPOSED CASE MANAGEMENT ORDER
REGARDING PROTOCOL FOR DEPOSITIONS IN BELLWETHER CASES**

The Cook defendants ("Cook") respectfully request that the Court enter the attached proposed case management order regarding protocol for depositions in bellwether cases ("Bellwether Deposition CMO"). In support of this motion, Cook states as follows:

On March 4, 2015, this Court entered Case Management Order #2 (Deposition Protocol). [Docket No. 281] (hereinafter "Deposition CMO"). Cook's proposed Bellwether Deposition which incorporates and would supersede Section E of the Deposition CMO regarding the depositions of treating physicians, provides additional instructions to the parties for depositions taken in bellwether cases. Counsel for Cook conferred with counsel for Plaintiffs, Ben Martin, Michael Heaviside, and Joseph Williams, regarding a proposed protocol by telephone on September 22, 2017, and further provided the proposed protocol and a letter explaining it on September 23, 2017, attached as Exhibit A.

Bellwether-specific deposition protocols are common in MDLs like this one, and are used to govern issues such as the order of depositions, order of questioning, and prior disclosure of documents to be used as exhibits. *See, e.g. In re: Xarelto (Rivaroxaban) Products Liability*

*Litigation*, MDL No. 2592, Case No. 2:14-md-02592, *Pretrial Order No. 26 (Bellwether Deposition Protocol)* (E.D. La. Apr. 21, 2016) (Fallon, J.) (order of depositions, order of questioning); *In re: General Motors Ignitions Switch Litigation*, No. 12-MD-2543, *Order No. 43 Regarding Deposition Sequence and Examination Time* (S.D.N.Y. Mar. 26, 2015) (Furman, J.) (identifying categories of bellwether-specific witnesses and applying tailored rules to each group);  *see also In re: Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2502, Case No. 2:14-mn-02502, *Discovery Issues* (D.S.C. Sep. 22, 2014) (Gergel, J.) (order of questioning, disclosure of documents before depositions); *In re: Zimmer NexGen Knee Implant Products Liability Litigation*, MDL No. 2272, Case No. 1:11-cv-05468, *Case Management Order No. 7: Deposition Protocol* (N.D. Ill. June 4, 2013) (Pallmeyer, J.) (order of depositions, order of questioning, disclosure of exhibits).  This is particularly important in MDLs, such as this one, where a great number of the fact witnesses are physicians, with limited time or willingness to participate in the deposition process.  Absent such a protocol, the process of noticing and taking such depositions can become unwieldy, with competing notices for deposition and unnecessary difficulty in scheduling the depositions.

      The current Deposition CMO does not contemplate the above issues, and only contains a brief section regarding depositions of treating physicians.  Thus, Cook's proposed Bellwether Deposition CMO provides a more tailored protocol for the depositions in bellwether cases, such as order of witnesses, order of questioning, payment of physicians, mutual document production prior to the deposition, and disclosure of exhibits used in the depositions of treating physicians.

      In order to more effectively begin depositions in the bellwether cases, Cook respectfully requests that the Court enter the attached Bellwether Deposition CMO as superseding the Deposition CMO in part.  This proposed order better contemplates the bellwether trial plan, and

similar to bellwether-specific deposition protocols entered in other MDLs, provides guidance on issues that are specific to bellwether depositions.

Dated: September 26, 2016                     Respectfully submitted,

By /s/ Andrea Roberts Pierson

Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:     (317) 237-0300
Facsimile:      (317) 237-1000
Email:            andrea.pierson@faegrebd.com
                      john.schlafer@faegrebd.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:     (260) 424-8000
Facsimile:      (260) 460-1700
Email:             stephen.bennett@faegrebd.com

Douglas B. King, Co-Lead Counsel
James M. Boyers
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, Indiana  46204-4208
Telephone:     (317) 639-6151
Facsimile:      (317) 639-6444
Email:            doug.king@woodenmclaughlin.com
                      jim.boyers@woodenmclaughlin.com

*Counsel for Cook Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2016, a copy of the foregoing Memorandum In Support Of Case Management Order Regarding Protocol For Depositions In Bellwether Cases was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

                                                   /s/ Andrea Roberts Pierson

US.108280386.01