UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to All Actions

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH DEPOSITION NOTICES FOR DEPOSITIONS RELATING TO THE *BRAND* AND *GAGE* CASES**

The Cook Defendants (collectively, "Cook") respectfully request that the Court quash the deposition notices issued by Plaintiffs on September 19, 2016 (requesting the depositions of Mark James Rheudasil, M.D. (treating physician for Tonya Brand), on October 25, 2016, and Mark J. Goodwin, M.D. (treating physician for Arthur Gage), on November 3, 2016),[1] pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**BACKGROUND**

On July 19, 2017, this Court selected three cases for trial in its Order On Bellwether Trial Selections ("Bellwether Order"): *Hill v. Cook Medical, Inc., et al.*, 1:14-cv-6016-RLY-TAB (Celect), *Gage v. Cook Medical, Inc. et al.*, 1:14-cv-1875-RLY-TAB (Günther Tulip), and *Brand v. Cook Medical, Inc. et al.*, 1:14-cv-6018-RLY-TAB (Celect). [Docket No. 2107]. The Court specifically ordered that the first case to be tried is *Hill v. Cook Medical, Inc*, which is set to begin on October 2, 2017, with the remaining two bellwether trials to be staggered approximately four months apart. Transcript of September Status Conference at 62:16-17; 63:13-14; 60:22-23.

---

[1] On September 23, 2016, Cook sent the letter attached as Exhibit A to Plaintiffs' counsel, Ben Martin, requesting that these deposition notices be withdrawn. Cook gave Mr. Martin a deadline of September 26, 2016, at noon, to respond, before filing a Motion to Quash. Mr. Martin did not respond.

As noted in Cook Defendants' Submission on Proposed Bellwether Trial Plan ("Submission") (Doc. No. 2644), Cook has proposed to the Court a natural course of discovery where the deadlines for subsequent bellwethers follow the agreed plan in *Hill* and run on parallel tracks. *See* Submission, at p. 1. Discovery would be prioritized according to the date of trial, as much as possible, though discovery in all three bellwether cases would occur in unison. *Id.* Plaintiffs oppose this plan and suggest a simultaneous litigation track, which would require all discovery and motion practice to occur simultaneously, with no discovery or further workup of the second and third bellwether cases after May 19, 2017 (even though the second and third bellwether cases will not be tried until 2018). *See* Plaintiffs' Tender of Proposed CMO 19 (Bellwether Trial Schedule) (Doc. No. 2659-1) at ¶ 2.

The schedule for conducting discovery in the bellwether cases is an issue currently before the Court. Regardless, Cook is currently collecting medical and other records required to prepare for the fact witness depositions necessary in each bellwether case. Cook also requested deposition dates for Mrs. Hill, though Plaintiffs have declined to produce her for deposition prior to October 31, 2016.

In the interim, on September 19, 2016, Plaintiffs unilaterally noticed the depositions of key treating physicians in *Brand* and *Gage*. *See* Deposition Notice of Mark James Rheudasil, M.D., and Deposition Notice of Mark J. Goodwin, M.D.[2] Plaintiffs served the notices without prior consultation with counsel for Cook on mutually-available dates. Moreover, to Cook's knowledge, Plaintiffs have not yet served non-party subpoenas on the physicians pursuant to Rule 45 of the Federal Rules of Civil Procedure. Dr. Rheudasil is located in Atlanta, Georgia; and Dr. Goodwin is located in Naperville, Illinois.

---

[2] True and accurate copies of the Videotaped Deposition Notices of Mark James Rheudasil, MD, and Mark J. Goodwin, MD, are attached hereto as Exhibits B and C.

Upon receipt of the deposition notices, counsel for Cook scheduled a meet-and-confer with Plaintiffs' counsel, which occurred by telephone on September 22, 2017. As counsel for Cook explained on the call, (1) Cook has not yet received updated medical authorizations from Ms. Brand, (2) key medical and other records remain to be collected, (3) deficiencies exist in Mrs. Brand's discovery responses that were identified in writing by correspondence to Mr. Martin on September 16, 2016, attached as Exhibit D, (4) a number of issues had not yet been discussed by the parties or decided by the Court related to a protocol for depositions in the bellwether cases (i.e., order of questioning for physician depositions, disclosure of documents in advance of depositions, responsibility for noticing the depositions and payment for the depositions (*See* Submission, at p. 2), and (5) Cook had requested – but not yet received – dates for the deposition of Ms. Hill (the plaintiff in the Court's *first* bellwether trial).

Counsel for Cook followed the call with a letter to counsel for Mrs. Brand detailing these issues and requesting that the Notices of Deposition be withdrawn. *See* Correspondence from Andrea Pierson to Counsel for Mrs. Brand, September 23, 2016, attached as Exhibit A. To date, the Notices of Deposition have not been withdrawn.

## **ARGUMENT**

Cook respectfully requests that the Court quash the notices of deposition for multiple reasons. First, to Cook's knowledge, Plaintiffs have never served subpoenas on the witnesses for deposition pursuant to Rule 45(a) of the Federal Rules of Civil Procedure, and certainly have not provided notice for subpoena to Cook. The physicians at issue are located out-of-state, and Cook has no way of knowing if the physicians will or will not appear absent a properly-served subpoena, which is critical given the planning and travel required for the depositions.

3

Second, depositions of key treating physicians like Drs. Rheudasil and Goodwin, should occur only after those Plaintiffs fully respond to written discovery, provide the authorizations required to collect all medical and other records, and Cook has an opportunity to collect the relevant records. Cook wrote to Counsel for Mrs. Brand on September 16, 2016, and outlined deficiencies in her discovery responses; Mrs. Brand has not yet responded and no meaningful meet-and-confer has yet been conducted. *See* Correspondence at Exhibit D. Mrs. Brand has not provided the current medical authorizations required to collect her medical records, also requested by Cook, and Cook is in the process of collecting updated medical records from all of Mrs. Brand's providers. It would be unfairly prejudicial, let alone impractical, for Cook to proceed with these depositions as unilaterally noticed by Plaintiffs.

Third, Cook has proposed a protocol for noticing and conducting the fact witness depositions in the bellwether trials, which this Court should enter prior to conducting depositions. *See* Motion to Enter Proposed Case Management Order Regarding Protocol for Depositions in Bellwether Cases (Doc. No. 2665).

Finally, *Hill* is the first case that will be tried by this Court, and depositions should be prioritized accordingly. *Brand* will not be tried until at least March 6, 2018, and *Gage* will not be tried until at least August 9, 2018, according to Plaintiffs' Proposed Submission (at p. 2). Plaintiffs have refused to present Ms. Hill for deposition prior to October 31, 2016, which prevents all other depositions from being taken in *Hill* prior to November 2016 – effectively thwarting the Court's schedule prioritizing *Hill*. This Court should quash the notices of deposition and require Plaintiffs to cooperate fully in discovery in Hill. After Plaintiffs present Ms. Hill for deposition and participate fully in the written discovery process for *Brand* and *Gage*, the depositions of Drs. Rheudasil and Goodwin can occur in an orderly fashion.

## **CONCLUSION**

Based on the foregoing, Cook respectfully requests that the Court quash the deposition notices for Drs. Rheudasil and Goodwin until the Court clarifies whether bellwether discovery will run on staggered but parallel tracks or simultaneous tracks.

Respectfully submitted,

Dated: September 26, 2016  /s/Andrea Roberts Pierson_____
Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email:  andrea.pierson@faegrebd.com
          john.schlafer@faegrebd.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
Email:  stephen.bennett@faegrebd.com

Douglas B. King, Co-Lead Counsel
James M. Boyers
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, Indiana 46204-4208
Telephone: (317) 639-6151
Facsimile: (317) 639-6444
Email:  doug.king@woodenmclaughlin.com
          jim.boyers@woodenmclaughlin.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 26, 2016, a copy of the foregoing Memorandum in Support of Motion to Quash Depositions Notices for Depositions Relating to the *Brand* and *Gage* Cases was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

                                        */s/*Andrea Roberts Pierson

US.108272660.01