# EXHIBIT A

FaegreBD.com                      **FAEGRE BAKER DANIELS**                      USA ▾ UK ▾ CHINA

**Andrea Roberts Pierson**
*Partner*
andrea.pierson@FaegreBD.com
Direct **+1 317 237 1424**

Faegre Baker Daniels LLP
300 North Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Main **+1 317 237 0300**
Fax **+1 317 237 1000**

September 23, 2016

## VIA E-MAIL, ORIGINAL TO FOLLOW BY OVERNIGHT MAIL

Ben C. Martin
The Law Offices of Ben C. Martin
3219 McKinney Avenue, Suite 100
Dallas, Texas 75204

Re:   *In Re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation*, MDL No. 2570, Case No. 1:14-cv-06018

Dear Ben:

I am writing to you about the deposition notices you sent to Doug King on September 19, 2016, requesting the depositions of Mark James Rheudasil, M.D. (treating physician for Tonya Brand), on October 25, 2016; Mark J. Goodwin, M.D. (treating physician for Arthur Gage), on November 3, 2016; and Mark Zuzga, M.D. (treating physician for Elizabeth Hill), on November 10, 2016. I ask that you withdraw the deposition notices for Drs. Rheudasil and Goodwin for the reasons stated below, and that the parties engage in a meaningful meet and confer about the depositions and scheduling. Please let me know by noon on September 26, if you are willing to do so. Absent agreement, we will file a motion to quash with the Court.

As an initial matter, the deposition notices were served without prior communication with Cook's counsel on deposition scheduling, and Cook is unavailable for depositions on the dates noticed.

In addition, as you know, the parties differ on their interpretations of Judge Young's comments from the September 8, 2016, status conference regarding whether bellwether discovery will run on staggered (but parallel) tracks (as Cook believes they should), or simultaneous tracks (as Plaintiffs believe). The parties have now each submitted their proposed CMO 19 Bellwether Plans to the Court (both occurring on September 22, 2016), and we expect the Court's ruling will clarify the parties' priorities with respect to scheduling discovery. Thus, it is not appropriate to move forward with scheduling, let alone noticing without prior agreement, any depositions for Brand or Gage until the Court decides which plan it will adopt.

Third, as I mentioned during our call yesterday, there are a number of details related to the physician depositions on which we should reach agreement prior to noticing depositions. Attached is a protocol

US.108269253.01

September 23, 2016

for your consideration addressing those points ("Bellwether Deposition Protocol"). Our hope is to avoid a scattershot approach to scheduling depositions, where both sides race to notice depositions and there is a dispute about who will question the fact witnesses first. The protocol also ensures that both parties have all necessary information prior to each deposition, and in particular the depositions of the treating physicians.

In addition, this protocol benefits both parties and promotes efficiency. For example, rather than proposing placeholder dates, like you did with the above-referenced deposition notices, the party taking the lead on a particular physician deposition would handle contacting the physician's office and getting all of his available dates for the next several months. Then, the assigned lawyers can get together with their calendars and find amenable dates. It is a much more streamlined process.

Finally, as we discussed yesterday, Cook has not yet received key information and records to proceed with treating physician depositions in all three bellwethers. Requests are outstanding to a number of providers and other resources, and in other instances, we recently learned new authorizations must be received prior to requesting records. For instance, we have not received social security, disability, insurance, and tax records for Ms. Brand. In addition, certain providers have rejected our requests to collect medical records for Ms. Brand after May 2015, which is the date of the authorization you previously provided for Ms. Brand. I have attached an updated authorization for Ms. Brand to sign so that we can retrieve those records.

Please call me once you've had an opportunity to review the attached proposal. Given the schedule for issues to be discussed at the October Status Conference, we will submit this proposal to the Court on Monday though, of course, we are happy to continue conferring with you about it on Monday or anytime thereafter.

In the meantime, please confirm by Monday at noon that you will withdraw the notices of deposition for Drs. Rheudasil and Goodwin.

Very truly yours,

*Andrea Roberts Pierson /dlm*

Andrea Roberts Pierson

ARP:dm
Attachments

cc:    Patrick H. Reilly *(via email)*
       Douglas B. King *(via email)*
       Joseph N. Williams *(via email)*
       Michael W. Heaviside *(via email)*
       David P. Matthews *(via email)*