# EXHIBIT D

FaegreBD.com

# FAEGRE BAKER DANIELS

USA ▾ UK ▾ CHINA

**Andrea Roberts Pierson**
*Partner*
andrea.pierson@FaegreBD.com
Direct +1 317 237 1424

**Faegre Baker Daniels LLP**
300 North Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Main **+1 317 237 0300**
Fax **+1 317 237 1000**

September 16, 2016

## VIA E-MAIL, ORIGINAL TO FOLLOW BY OVERNIGHT MAIL

Ben C. Martin
The Law Offices of Ben C. Martin
3219 McKinney Avenue, Suite 100
Dallas, Texas 75204

Re:   *In Re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation,* MDL No. 2570, Case No. 1:14-cv-06018

Dear Ben:

I am writing to you about the discovery requests that certain Cook defendants served on Plaintiffs Tonya and Allen Brand on December 1, 2015.  Tonya Brand's responses are missing certain information, and Allen Brand's responses are long overdue.

The deficiencies in Tonya Brand's responses to Defendants' First Set of Interrogatories and Request for Production of Documents ("Requests") are described in detail below.  Also, Ms. Brand did not verify her interrogatory responses.  Please provide supplemental, verified answers to the First Set of Interrogatories and supplemental responses to the Requests for Production as requested below on or before October 13, 2016.

In addition, Allen Brand did not serve responses to the Requests.  Because his answers are late, any objections to the First Set of Interrogatories are untimely and are therefore waived.  *See* Fed. R. Civ. P. 33.  Please provide Mr. Brand's responses to the Requests on or before October 13, 2016.

US.108127859.01

-2-                                                            September 16, 2016

## DEFICIENCIES IN RESPONSES TO INTERROGATORIES

**Interrogatory No. 2, 4-13, 21, 23:**

You objected to these Interrogatories as seeking information protected by the attorney-client privilege, protected by the work product doctrine, and/or protected by physician-patient privilege. Pursuant to Fed. R. Civ. P. 26(b)(5)(A), if a party withholds information otherwise discoverable by claiming that the information is privileged, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Ms. Brand's answer does not comply with Rule 26(b)(5)(A). Please supplement the answer with the necessary information as described by the rule.

**Interrogatory Nos. 3, 14:**

Ms. Brand answers these Interrogatories by stating only "No." Please provide a supplemental answer confirming that she did not and still does not have information that is responsive to these Interrogatories other than by writing only "No."

**Interrogatory Nos. 4-14, 17:**

You objected to these Interrogatories because you assert that they seek information that is only able to be provided through expert witnesses. Please explain why the information Cook seeks can only be provided by expert witnesses, and confirm that any responsive information that does not require an expert witness will not be relied upon in this lawsuit in any way.

**Interrogatory Nos. 4-12:**

In Ms. Brand's answers, she states that discovery is not yet complete and she will supplement these answers when discovery is complete. Please either provide supplemental responses with any information now known to Ms. Brand, or confirm that she still does not have knowledge of any information that is responsive to these Interrogatories. Please also confirm that when she learns of responsive information, she will supplement these answers accordingly.

**Interrogatory Nos. 13, 17:**

In Ms. Brand's answers, she states that discovery is ongoing and that she does not have knowledge of any responsive information. Please either provide supplemental response with any information now known to Ms. Brand, or confirm that she still does not have knowledge of any information that is responsive to these Interrogatories. Please also confirm that when she learns of responsive information, she will supplement these answers accordingly.

-3-                                                                 September 16, 2016

<u>Interrogatory Nos. 15, 16, 18, 20, 21, 23, 24:</u>

You objected to these Interrogatories as seeking information that is neither relevant nor material. Please explain why the information Cook seeks in these Interrogatories is indeed irrelevant and immaterial, and confirm that any responsive information will not be relied upon in this lawsuit in any way.

<u>Interrogatory Nos. 4-12:</u>

In Ms. Brand's answers, she states that she is "not required to marshal all evidence to respond to this Interrogatory." Please provide a citation to authority that supports this assertion. Ms. Brand is required to answer each interrogatory "separately and fully in writing under oath" to the extent it is not objected to. *See* Fed. R. Civ. P. 33(b)(3). Accordingly, please supplement the answers with the necessary information as described above or confirm that Ms. Brand does not have any information that is responsive to these Interrogatories.

<u>Interrogatory No. 16:</u>

This interrogatory asks for information regarding alternative treatment options. Ms. Brand states that the "Filter implantation was presented to the Plaintiff as an appropriate treatment." Please supplement this answer with responsive information. Please state whether Ms. Brand's physicians presented any alternative treatment options to her, identify those treatment options, and identify the physician that presented each option.

<u>Interrogatory No. 21:</u>

This interrogatory asks Ms. Brand to identify all healthcare providers who provided any consultation or treatment to her after her deposition. You object, stating that the interrogatory is overly broad, not reasonably limited in scope, not reasonably calculated lend to the discovery of admissible evidence, and that it seeks information that is protected by the physician patient privilege and is neither relevant nor material. As such, please confirm that Ms. Brand's medical treatment or condition after December 10, 2015, is not at issue, and that she will not rely on any evidence regarding her medical treatments or condition after December 10, 2015, in this lawsuit.

DEFICIENCIES IN RESPONSES TO REQUESTS FOR PRODUCTION

<u>Request Nos. 1-4, 6-31, 35-39:</u>

You objected to each of these Requests for various general reasons. Fed. R. Civ. P. 34(b)(2)(B) requires that the response must "state with specificity the grounds for objecting to the request, including the reasons." Please provide supplemental responses that describe the reasons for each objection you are making, not just the name of the objection.

-4-                                                  September 16, 2016

Additionally, Fed. R. Civ. P. 34(b)(2)(C) requires that an "objection must state whether any responsive materials are being withheld on the basis of that objection." Please provide supplemental responses that state whether responsive materials are being withheld on the basis of your objections to each of these requests.

Request Nos. 2, 6-12, 15-20, 24, 27, 28, 30, 36:

You objected to the production of items due to attorney-client privilege, the attorney work product doctrine, the spousal privilege, and/or the psychotherapist privilege. Pursuant to Case Management Order 10, entered on July 10, 2015, parties must provide a privilege log for all responsive documents withheld from production based on a claim of privilege. Please produce a privilege log as required by Case Management Order 10.

Request Nos. 21, 23-28, 35, 38, 39:

You object to these Requests as seeking information that is neither relevant nor material. Please explain why the documents Cook seeks in these Requests are indeed irrelevant and immaterial and confirm that any responsive documents you have withheld on the basis of relevancy or materiality will not be relied upon in this lawsuit in any way.

Request Nos. 6, 7-13:

You objected to these Requests because they seek documents and information requiring expertise. I assume by "expertise" you mean an expert witness. Please let me know if that is incorrect. Please explain why the documents Cook seeks in these Requests can only be provided by an expert witness and confirm that any responsive documents that do not require an expert witness will not be relied upon in this lawsuit in any way.

Request Nos. 5, 19, 20, 27, 28:

In response to Request Nos. 5 and 20, Ms. Brand stated that she does not have any responsive documents in her possession. In response to Request No. 19, she stated that she did not have any responsive documents in her "care, custody, or control." In response to Request Nos. 27 and 28, she stated that she did not have any responsive documents. As you know, Ms. Brand is obligated to produce documents or things that are in her "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1). Please confirm that Ms. Brand does not have possession, custody or control of any information or documents that are responsive to these Requests. If she does have responsive information or documents in her possession, custody, or control, please supplement these responses accordingly.

-5-                                                                    September 16, 2016

Request No. 23:

This Request seeks all research that Ms. Brand conducted regarding the medical complaints or
conditions that she alleges relates to her filter. You responded with various objections and
concluded that "Plaintiff cannot possibly comply with such a discovery request." Please state
whether Ms. Brand has information or documents that are responsive to this Request. If so,
please supplement this response accordingly, or confirm that Ms. Brand will not rely on any
evidence that is responsive to this Request in this lawsuit in any way.

Request No. 31:

This Request seeks all medical bills and documentation of medical charges and expenses of any
kind incurred as a result of Ms. Brand's claimed injuries. You object to this Request as overly
broad and do not provide any responsive information or documents. Please state whether Ms.
Brand has information or documents that are responsive to this Request, or confirm that her
medical bills and expenses are not at issue and that she will not rely on any evidence that is
responsive to this Request.

Request No. 32:

This Request seeks all documentation of out-of-pocket expenses and other damages sought
beyond medical bills and expenses. Ms. Brand states that she has "[n]one at this time." Please
confirm that her response is still accurate. If she learns of any responsive documentation, please
supplement this response.

Request No. 37:

You object to this Request under the Collateral Source Rule. The collateral source rule is not a
proper objection to a discovery request, as this rule "dictates what types of collateral source
payments will be admitted as evidence" not what is discoverable. *Brumfiel v. U.S.*, 2005 WL
4889255, *9 (S.D.Ind. Oct. 25, 2005) (applying Indiana's collateral source rule in a bench trial);
*see also Mallette v. Nash*, 2011 WL 720201, *2 (M.D.Ga. Feb. 22, 2011) (stating that "Indiana's
collateral source statute is narrower (i.e. excludes less evidence) than the Georgia common law
collateral source rule" in granting plaintiff's motion in limine). Thus, this information must be
provided and the application of the collateral source rule should be decided by the judge in a
motion in limine or in response to an objection at trial, not unilaterally by the objecting party
during discovery. Accordingly, please supplement this Request with a complete response.

I look forward to receiving Ms. Brand's supplemental, verified responses and Mr. Brand's initial,
verified responses by October 13, 2016. Please do not hesitate to contact me if you have any
questions or concerns about the discovery Cook has served on the Brands or my requests for
supplementation above.

-6-                                     September 16, 2016

Very truly yours,

Andrea Roberts Pierson

ARP:acr

cc:    John T. Schlafer *(via email)*
       Patrick C. Reilly *(via email)*
       Douglas B. King *(via email)*
       Michael W. Heaviside *(via email)*
       David P. Matthews *(via email)*