UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570
_____

This Document Relates to All Actions
_____

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE COOK DEFENDANTS'
MEMORANDUM ON SELECTION OF SECOND BELLWETHER TRIAL**

COME NOW all Plaintiffs in the above-styled proceedings and file this, Plaintiffs' response in opposition to the Cook Defendants' Memorandum on Selection of Second Bellwether Trial, Dkt. No. 2685 (hereinafter "Cook's Bellwether Selection Memo"). Plaintiffs would respectfully show the Court that Cook's argument should be denied for the following reasons:

**I.
INTRODUCTION**

If bellwether trials are to produce reliable and helpful information about a litigation as a whole, the bellwether cases tried must be "representative of the *range* of cases." *Manual for Complex Litigation* § 22.315 (4th ed.). The Court has already ordered that the *Hill* case—one of two defense picks involving injuries at the lesser end of the severity scale—will be the first case tried. Cook now argues that Plaintiffs' sole trial selection, the *Brand* case, should be passed over for the second trial setting in favor of the *Gage* case — another defense pick involving similar injuries to those alleged in *Hill*. Even Cook cannot articulate how giving trial priority to two similar cases both chosen by the Defendant advances its stated purpose of trying cases that are "representative of the *entire* multidistrict litigation." [Cook's Memorandum, p. 1]. The better

1

course is to try the *Hill* case (a defense pick) as scheduled, followed by the *Brand* case (a plaintiffs' pick) and returning to *Gage* (another defense pick) for the final trial.

## II.
## ARGUMENT AND AUTHORITIES

**A.     The Court Should Set *Brand* as the Second Bellwether Trial.**

The Court should set *Brand* as the second bellwether trial for the following reasons:

- <u>Fairness Counsels That Trial Setting Should Alternate Between Defense and Plaintiff Picks</u>: Rightly or wrongly, MDL litigants perceive an advantage in having cases that appear favorable to their positions tried early in the Bellwether process. Favorable rulings (that can be urged in subsequent cases) may be easier to secure in a case with a "favorable" fact pattern. Experts and fact witnesses can get their feet under them without being confronted by the most difficult scenarios. Certainly, favorable outcomes energize the prevailing legal team. And early trial victories are believed to improve the parties' position in the overall litigation. Cook has already secured these advantages by virtue of having a Defense pick (*Hill*) selected for the first trial in this MDL. Allowing another Defense pick (*Gage*) to take the second trial slot as well would give Cook a substantial headstart in defining the narrative for this litigation. A fairer approach would be to alternate Defense and Plaintiff Selections for the first three Bellwether trials.[1]

---

[1] Indeed, during the September 8, 2016, status conference, the Court indicated that it was inclined to designate *Brand* as the second bellwether case to be tried:

> I am inclined to follow Mr. Martin's suggestion here [that *Brand* go second]. Hill is the defense pick. The other case, Brand is Plaintiffs' case. More than likely I would – you know, I can change my mind, but at this point I would think that might be the best way to do it.

[Transcript p. 46:18-22.] The transcript was filed previously, and can be found at Dkt. No. 2644-2.

- <u>Filter Fractures Make Up A Substantial Number of Cases in this MDL</u>.  Cook incorrectly labels the injuries in *Brand* as outliers.  Not so.  As an initial matter, Ms. Brand alleges the perforation and retrievability problems that Cook considers instructive for the overall litigation.  In addition, the filter fracture injury Cook labels as an "outlier" is actually representative of fracture injuries alleged by a substantial number of Plaintiffs.  Indeed, a sampling of 186 cases (out of 285 filed cases) in March of 2016, revealed 53 fracture cases. [2]  Given that the number of filed cases has nearly tripled (to 865 filed cases as of September 15, 2016), it is reasonable to expect that the total number of Plaintiffs' alleging fracture injuries has likewise increased.  Moreover, in a litigation where over 85% of the Plaintiffs are alleging more than one form of form of injury (i.e. tilt, fracture, migration, and perforation), *Brand* is representative of the many Plaintiffs suffering multiple filter injuries.

- <u>Plaintiffs Should Not Be Deprived of An Early Trial Setting for *Brand* Due to Cook's Unfounded Paranoia That The *Hill* Case Could Be Dismissed.</u>  Reading between the lines, it does not appear to Plaintiffs that Cook has a substantial objection to allowing *Brand* to be tried *second.*  The bulk of Cook's argument, seems to be that *Gage* should be scheduled second to avoid having Brand tried *first.*  That is, Cook believes that if *Brand* is placed in second position, Plaintiffs will dismiss *Hill* and that the parties will end up trying the Plaintiff's pick first.  This argument is both unfair and inaccurate.  Just as Defendants have represented that they do not intend to settle *Hill,* Plaintiffs have represented that they do not intend to dismiss *Hill.*  For some reason, Cook seems to think that its own statement should be accepted as truthful – but Plaintiffs'

---

[2] Unfortunately, Plaintiffs do not have ready access to a complete accounting of the injuries alleged in all currently filed cases.  The numbers cited in this section were compiled in connection with the Bellwether trial selection briefing.  At that time on March 4, 2016, the Court's Cook IVC MDL website reflected that there were 285 filed Cook IVC cases filed.  Plaintiffs' Co-Lead Counsel were able to obtain injury information from the various plaintiffs' counsel in 186 of those 285 cases.  The injury analysis cited herein is based on those 186 cases.

statement should be considered insincere. That is not the case. Plaintiffs intend to try the *Hill* case, as scheduled, in October 2017. Actions taken by Plaintiffs with regard to the *Brand* or *Gage* cases are intended only to ensure that, if circumstances arise preventing *Hill* from being tried, the October 2017 trial setting will not go to waste. There is no need for this Court to manipulate the trial order to foil a plot by Plaintiffs that simply does not exist.

### III.
### CONCLUSION

For the foregoing reasons, Plaintiffs ask the Court set *Brand* as the second bellwether trial. Plaintiffs additionally request that the Court grant unto them all other and further relief to which they may be justly entitled.

Dated: September 30, 2016.

Respectfully submitted,

RILEY WILLIAMS & PIATT, LLC

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs Steering Committee
and on behalf of Plaintiffs Steering Committee*

### CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Joseph N. Williams*
Joseph N. Williams