UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION MDL 2570, <br> _____ <br><br> This Document Relates to All Actions <br> _____ | ) <br> ) <br> ) <br> ) <br> ) 1:14-ml-02570-RLY-TAB <br> ) MDL No. 2570 <br> ) <br> ) |

**ENTRY ON SELECTION OF SECOND BELLWETHER TRIAL**

The present MDL involves two separate products—the Cook Celect inferior vena cava ("IVC") filter and the Cook Günther Tulip IVC filter. In a prior order, the court selected the following cases for bellwether trials: *Hill v. Cook Medical, Inc., et al.*, 1:14-cv-6016-RLY-TAB; *Gage v. Cook Medical, Inc., et al.*, 1:14-cv-1875-RLY-TAB; and *Brand v. Cook Medical, Inc., et al.*, 1:14-cv-6018-RLY-TAB. The court further ordered that *Hill* be tried first. The Cook Defendants now request that the court set *Gage* as the second bellwether trial. Before addressing the parties' arguments, the court will give a brief overview of the plaintiff's alleged injuries and efforts at retrieval.

In *Hill*, the Celect filter was implanted prophylactically before Ms. Hill's scheduled back surgery. Ms. Hill claims the filter migrated and perforated her vena cava and duodenum. She was 57 years old at the time of implant. After at least one failed retrieval attempt, the Celect filter was successfully removed percutaneously two years after implant using advanced retrieval techniques. In *Gage*, Mr. Gage was implanted with the Günther Tulip filter after experiencing gross hematuria while on anti-coagulation

1

medicine.  He was 61 years old at the time, and has a history of pulmonary embolism and deep vein thrombosis.  Mr. Gage alleges that the Günther Tulip filter perforated his vena cava and cannot be removed.  And lastly, in *Brand*, Ms. Brand was implanted with a Celect filter prophylactically before her scheduled back surgery, as she had experienced a deep vein thrombosis in 2007.  She was 51 years old at the time of the implant.  More than two years after surgery, she learned that the Celect filter had two fragmented legs.  An attempt to remove the filter percutaneously was abandoned after several unsuccessful attempts to snare the hook of the filter from her caval wall.  Four years later, she underwent an open surgery, wherein the filter was removed but the fractured pieces from the filter could not be recovered and remain in her body.

     Cook argues in favor of trying *Gage* second for two primary reasons.  First, they argue that because *Hill* and *Brand* involve the Celect filter and *Gage* involves the Günther Tulip filter, choosing *Gage* over *Brand* furthers the purpose of selecting bellwether cases for trial.  Second, they argue *Gage* is more representative than *Brand* of the types of injuries at issue in this MDL.  Plaintiffs object and ask the court to instead set *Brand* in the second position.  According to Plaintiffs, it would be unfair to try *Hill* first and *Gage* second because both *Hill* and *Gage* were defense picks.  Moreover, they continue, *Brand* is not an outlier; in fact, they argue, the facture injuries at issue in *Brand* are representative of the fracture injuries alleged by a substantial number of plaintiffs.

     The purpose of selecting bellwether cases for trial is to enhance the settlement prospects of the hundreds of other pending cases involving the Celect and Günther Tulip filters.  *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997).  To further this

2

end, the court must choose cases that are the most representative of the types of cases at issue in this MDL. Therefore, the court does not consider *Hill* and *Gage* to be defense "picks"; rather, the court considers them solely as bellwethers.

Although the parties' submissions do not include the latest statistics of the representative claims, at the time the court selected these cases as bellwethers, claims involving filter fracture and open surgery retrieval were not as representative as claims involving perforation and the inability to retrieve. Therefore, *Gage* is more representative than *Brand* of the types of injuries and retrieval challenges at issue in this MDL. Furthermore, according to Cook, approximately 45% of the plaintiffs in this MDL had a Günther Tulip filter implanted. *Gage* is the only Günther Tulip case selected as a bellwether. For these reasons, the court finds trying *Gage* second furthers the goals of the bellwether selection process. Accordingly, *Gage* will be the second bellwether trial.

**SO ORDERED** this 17th day of October 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.