UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION MDL 2570, _____ This Document Relates to All Actions _____ | No. 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER REGARDING PROFILE FORMS AND DEPOSITION PROTOCOLS**

This cause is before the Court on two matters: (1) proposed revisions to the parties' profile forms; and (2) protocols to be used at depositions of treating providers.

**A.    Profile Forms.**

The Court heard argument regarding proposed revisions to the profile forms/sheets during an August 5, 2016, telephonic status conference. Thereafter, the parties attempted to resolve their disputes regarding these proposed revisions, and succeeded admirably in narrowing the disputed issues. Despite the parties' best efforts, they were unable to resolve all such disputes. Accordingly, each side filed proposed revisions to their profile forms on September 16 and responses on September 23. Each profile form raises a single, distinct issue, and these issues largely revolve around the question of burdensomeness.

The only remaining issue raised by Plaintiffs' profile sheet is the level of detail that must be provided regarding a non-Bellwether Plaintiffs' medical history. Plaintiffs argue that they should only be required to provide enough information to give Defendants a "general picture" of Plaintiffs' health, and characterize Defendant's proposal as requiring sworn statements detailing

"every minor hospitalization or procedure for a period that could run as far back as 1999." [Filing No. 2590, at ECF p. 3.] Defendants counter that the requested medical history creates a nominal burden and seeks only "basic information" necessary to utilize medical authorizations executed by Plaintiffs to obtain medical records related to hospitalizations and out-patient procedures. [Filing No. 2661, at ECF p. 3.]

The Court agrees with Defendants that Defendants' profile sheets are more appropriate. Plaintiffs have failed to demonstrate how providing the information sought in these sheets will be unduly burdensome. Instead, the Court finds Plaintiffs' proposal significantly limits relevant information that should be provided and preserved, such as addresses of health care providers. Moreover, Plaintiffs' forms limit the information to be provided to only certain conditions or "major health problems" without defining "major health problems." For these reasons, the Court adopts Plaintiffs' profile sheets as proposed by Defendants.

As for Defendants' profile form, the only remaining issue is the amount of data Defendants must provide regarding district managers' communications with Plaintiffs' physicians. In arguing Plaintiffs' proposed forms are unduly burdensome, Defendants note the massive growth of this MDL. This MDL began with less than 30 cases and has morphed into a behemoth with 1191 cases as of this writing. Plaintiffs' request for communications with physicians in every MDL case is unduly burdensome because information about these contacts is not maintained in any centralized source other than the IRIS database. Thus, to obtain the information Plaintiffs seek in these profile forms Defendants would have to collect district managers' laptops and emails from throughout the country, then engage in a costly and time consuming collection and review process. The Court agrees with Defendants that this will result in a significant expense to Defendants, which burden is not proportional to the needs of the case

given that only three Bellwether cases have been set for trial, and the vast majority of the cases are not even part of the discovery pool. Accordingly, the Court adopts Defendants' proposed profile form.

**B.     Deposition Protocols**

The Court heard argument regarding deposition protocols during an October 5, 2016, telephonic status conference. The parties have two disputes regarding these protocols.

The first dispute involves the protocol at ¶ G.4 of the proposed, revised Case Management Order. Defendants assert that, 48 hours prior to the deposition of a treating provider, the parties should disclose to opposing counsel the documents that they believe in good faith will be used at the deposition. Plaintiffs object to this procedure. The Court sustains Plaintiffs' objection. Defendants have not demonstrated why such a procedure is necessary or appropriate.

The parties' second dispute involves the protocol at ¶ G.6. Defendants assert that Plaintiffs' and Defendants' counsel should alternate as lead questioners at the depositions of the treating providers and, where possible, the implanting physician should be deposed first. Plaintiffs object, contending Plaintiffs have the burden of proof and these witnesses are critical to their case. The Court overrules Plaintiffs' objection. While these treating doctors are indeed important witnesses, both sides have an equal interest in their testimony. These witnesses are not, in the ordinary sense, a witness for one side or the other. As such, Defendants' proposal of alternating as lead questioners makes sense.

Accordingly, Defendants' motion to enter proposed Case Management order regarding protocol for depositions in Bellwether cases [Filing No. 2687] is **granted in part**. Defendants

shall file a proposed, revised Case Management Order within seven days setting forth these protocols, as well as the other protocols previously agreed to by the parties.

Date: __11/4/2016__

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel of record via CM/ECF.

Distribution to all non-registered counsel of record will be made by Plaintiff's Lead Counsel.