IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION
_____

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions
_____

## JOINT SUBMISSION OF PROPOSED SECOND AMENDED CASE MANAGEMENT ORDER NO. 4

Plaintiffs, by Plaintiffs' Lead Counsel, and Cook Defendants', by their Co-Lead Counsel, respectfully submit this proposed Second Amended Case Management Order No. 4 ("Proposed CMO No. 4") which is attached hereto as **Exhibit A**. While the parties have reached agreement on the majority of the provisions, disagreements remain. As directed by Magistrate Baker, the parties address the areas of dispute in this submission in the following order: Section 1.e, Section 2.f and Section 3.c. In the attached Proposed CMO No. 4, language submitted by Plaintiffs is in red font and language submitted by the Cook Defendants is in blue font. We address each Section in dispute by stating each side's respective position before moving to the next section.

**SECTION 1.e - Plaintiffs' Position** - The authorizations provided to defense are in lieu of defense subpoenas to Plaintiffs' medical providers, making the collection process cheaper and more efficient for Defendants. If Defendants had to subpoena the records, Plaintiffs would be entitled to copies. *See* Fed. R. Civ. P. 45 (2013 Cmte Notes. Para. 6 "The rule does not limit the court's authority to order notice of receipt of produced materials or access to them. The party serving the subpoena should in any event make reasonable provision for prompt access.") Thus,

they should be entitled to copies of records obtained by authorization and believe the Defendants do not dispute this. Defendants suggested joint retention of a third-party vendor to obtain and disseminate the records. Plaintiffs oppose this. In the Rule 45 setting, a party is not required to bear any portion of the costs the opposing party incurs when it chooses to subpoena documents (such as process fees, copy charges from the producing non-party, etc.). The same principle should apply here and Plaintiffs should not be penalized by furnishing authorizations in lieu of Rule 45 subpoenas. Likewise, Plaintiffs should not be obligated to defray the Defendants' cost for pursuing third-party discovery, particularly if Defendants choose to incur significant additional expense by hiring a third-party vendor. Plaintiffs seek only to receive copies of the records Defendants obtain, as would be the case under Rule 45. Plaintiffs are amenable to paying Defendants' reasonable charges for copying paper documents furnished to Plaintiffs.

**Cook Defendants' Position** – The parties recognize the significance of medical and other records authorized to be collected in this litigation. The parties agreed to avoid the process of handling records through the subpoenas. Plaintiffs express a willingness to pay certain costs associated with the reproduction of records that are collected. However, this litigation is not the typical litigation contemplated by the Federal Rules of Civil Procedure, administration of these records is far more complex with nearly 1,200 plaintiffs within MDL 2570 and the Cook Defendants initially proposed in blue print language that requires Plaintiffs to share the cost of requiring records and to pay before they receive them. However, the Cook Defendants have further suggested the alternative language in bold font that encourages utilizing a third-party vendor to administer the collection and distribution of records going forward. Given the significance and scope of this issue and the administrative challenges it poses, the Cook Defendants suggest that rather than use the proposed language of the Plaintiffs or the initial

suggestion of the Cook Defendants, the Court instead direct the parties to submit a separate proposed Case Management Order to address the handling of medical records within thirty (30) days as suggested by the Cook Defendants in bold blue print. This will allow the parties sufficient time to identify a process that will be of greater benefit to them both than the current proposals which would create significant and unnecessary administrative burdens.

**SECTION 2.f - Plaintiffs' Position** - Plaintiffs' proposal would require Defendants to notify key managers and IVC filter sales representatives that they are required to preserve and maintain any social media content relevant to the issues raised in this litigation. This requirement mirrors (in language and in substance) the obligations imposed upon Plaintiffs to preserve their own social media. Plaintiffs originally proposed that Defendants download the social media, which was met with a proportionality objection. Plaintiffs modified the proposed language to require only that Cook instruct the relevant employees to download such information (just as Plaintiffs are required to do in each case). If Cook managers or sales representatives have discussed IVC filters through social media, then certainly Plaintiffs should be entitled to learn of this evidence. Defendants cannot reasonably claim a disproportionate burden in sending a single communication to their own employees in this respect.

**Cook Defendants' Position** – Plaintiffs' proposal suggests that the personal social media of individuals employed by Cook is relevant to this litigation. It is not. Plaintiffs' proposal also creates a significant burden on Cook and its employees that is not proportional to the needs of the case. Plaintiffs' position suggests a belief that the personal social media of a Cook employee has the same potential relevance of the personal social medial of a plaintiff who is alleging injury, impairment and other damages allegedly arising from a Cook product. Plaintiffs have put their personal social media at issue by pursuing this litigation and it is directly relevant to issues

of damages and potentially to many other issues. The Cook employees have not put their personal social media at issue and requiring them to save all such information or to figure out how to save all such information is not proportional to the needs of MDL 2570.

**Section 3.c - Plaintiffs' Position** - The original CMO No. 4 permitted neither Plaintiffs nor Cook Defendants to object to the Court-approved facts sheets. Defendants wish to add language broadly permitting them (and only them) to object at will to Court-approved questions in the Defendant Fact Sheet ("DFS"). In conferring on this issue, defense counsel raised proportionality issues and provided an example where burdensome searches might be necessary to track down an email transmitting evidence about a filter where the parties already have the evidence itself. Plaintiffs acknowledged there could be instances along these lines, but the appropriate remedy would not be a broad-based right to object and to withhold documents that Plaintiffs will never know existed. Rather, Plaintiffs made two counter-proposals. First, the parties might enter into a letter agreement as to specific categories of information or types of searches (such as that in the example provided above) that Cook Defendants need not produce or engage in. Alternatively, if Cook Defendants are permitted to lodge objections, they should be limited to proportionality (which was the only basis raised in negotiations) and Cook Defendants should be required to include in its objection specific information akin to that in a privilege log, i.e., language identifying the searches and anticipated results of such searches that Cook Defendants deem disproportionately burdensome so that the Plaintiffs could assess the validity of the objection and the nature of the documents that would be withheld before seeking Court intervention. Cook Defendants' proposal would permit Cook Defendants to use proportionality objections much like a claim of privilege without providing a privilege log, which Plaintiffs cannot accept for obvious reasons. Plaintiffs' proposed language is the same as that in the

4

original CMO 4. The merits of the requests in the DFS have already been ruled upon by the Court.

**Cook Defendants' Position** – Cook Defendants have agreed to the no objection language with respect the Defendant Profile Forms ("DPF"). This is consistent with the Plaintiffs' agreement with respect to the Plaintiff Profile Sheet ("PPS"). Given the scope of those respective disclosures, it makes sense. The Court previously recognized the fact that proportionality weighed in favor of eliminating the extremely broad DFS for non-Bellwether cases. The DFS now only applies to the three Bellwether cases and is akin to interrogatories and requests for production in an individual case instead of a basic information form to be filled out in all cases. As a result, we have case-specific context to specifically identify what burdens may be created that are disproportional to the needs of the case in the Bellwethers, and there should be no limitation on ability to object on the merits of any specific requests. This is especially true given the breadth of some requests.[1] Moreover, the Plaintiffs have nothing like the DFS in the Bellwethers. The DFS was previously approved as an agreed submission. As the Court has recognized, experience and context have shown that the DFS should allow for specific objections in the context of the Bellwethers.

**Case Management Order No. 13 -** The parties have had significant discussions regarding Case Management Order No. 13. Plaintiffs question the ongoing need for it while Cook Defendants contend that it continues to provide significant information beneficial to MDL 2570. The entry of Proposed CMO No. 4 will require some modification to the language of CMO No. 13. The parties propose that they submit a proposed CMO No. 13 within one (1) week of the entry of Proposed CMO No. 4 with any disagreements set forth in a joint submission not to exceed four

---

[1] For example, Section II.B seeks information from any Cook employee who has ever had contact with an evaluating physician. This is the type of request that triggers proportionality concerns and there are many similar requests.

5

(4) pages.

      Submitted this 14th day of November, 2016.

*/s/ Joseph N. Williams*[2]
Joseph N. Williams
Riley Williams & Piatt LLC
301 Massachusetts Avenue
Indianapolis, IN  46204
jwilliams@rwp-law.com

Michael W. Heaviside
HEAVISIDE REED ZAIC
312 Broadway, Suite 203
Laguna Beach, CA  9265
Tel:  (949)715-5120
Fax:  (949)715-5123
mheaviside@hrzlaw.com

Ben C. Martin
LAW OFFICE OF BEN C. MARTIN
3219 McKinney Ave., Ste. 100
Dallas, TX  75204
Tel:  (214) 761-6614
Fax:  (314) 744-7590
bmartin@bencmartin.com

David P. Matthews
MATTHEWS & ASSOCIATES
2905 Sackett St.
Houston, TX  77098
Tel:  (7130 522-5250
Fax:  (713) 535-7136
dmatthews@thematthewslawfirm.com
Co-Lead Counsel for Plaintiffs

*/s/ James M. Boyers*
Douglas B. King, Esq., Co-Lead Counsel
James M. Boyers, Esq.
John C. Babione, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN  46204-4208
Tel:  (317) 639-6151
Fax:  (317) 639-6444

doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

Andrea Roberts Pierson, Esq., Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Tel:  (317) 237-0300
Fax:  (317) 237-1000
andrea.pierson@faegrebd.com

James Stephen Bennett, Esq., Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, IN  46802
Tel:  (260) 424-8000
Fax:  (260) 460-1700
stephen.bennett@faegrebd.com
Counsel for Cook Defendants

---

[2] Joseph N. Williams has given permission to Counsel for Cook Defendants to sign on his behalf.

1629119-1 (10909-0412)