UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION MDL 2570, <br><br>_____ <br><br>This Document Relates to All Actions <br>_____ | ) ) ) ) ) ) ) ) ) ) No. 1:14-ml-02570-RLY-TAB |

**DISCOVERY ORDER**

The parties appeared by counsel November 4, 2016, for a telephonic status conference to address various discovery issues. The Court heard argument and issued the orders set forth below.

1. Plaintiffs are permitted to take six additional depositions, beyond the original 20 authorized, for a total of 26 depositions. Given that the number of cases in this MDL has exploded, an additional six depositions is reasonable.

2. Defendants shall produce six additional custodian files. Again, given that the number of cases in this MDL has swelled, and that the Court has authorized an additional six depositions, production of six additional custodian files is reasonable. Plaintiffs shall select the six files Defendants must produce. However, due to undue burden, the files shall not be governed by the European Union Privacy Directive or need to be translated into English. Defendants shall produce these files within 28 days after Plaintiffs notify them of their selections.

3. Defendants shall specifically identify whether Defendants are withholding any complaints involving Tulip filters involving migration, perforation, or fracture between 1992-97. In addition, Defendants shall review the complaints between 1992-97 to determine whether "tilt" is mentioned, even though the complaints are not specifically categorized in this fashion. If tilt is mentioned, Defendants shall produce the complaints within 28 days. Defendants shall do so because Plaintiffs' concerns about the Tulip filters necessarily encompass tilted filters. Moreover, Defendants advised the Court that the number of complaints between 1992-97 is less than 100, so that review of these complaints for tilt references is not unduly burdensome. The Court makes no ruling as to whether it would be appropriate to have Defendants review complaints outside of this classification. The number of complaints Defendants identify, the history of discovery between the parties, and other factors would be relevant to whether additional production in this area would he appropriate.

4. The parties shall confer further in an attempt to resolve their disputes involving Defendants' assertion of privilege. If these disputes cannot be resolved, Plaintiffs may file an appropriate motion (presumably a motion to compel), which shall state specifically what relief is being sought. Plaintiffs shall attach any relevant examples Plaintiffs have showing that Defendants allegedly redacted responsive information from their production.

Date: 11/15/2016

_____

   Tim A. Baker
   United States Magistrate Judge
   Southern District of Indiana

Distribution to all ECF-registered counsel of record via email. Distribution to all remaining counsel of record to be made by Plaintiff's Lead Counsel.