IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

TO: Melvin Kem Hawkins
22031 Chartwell View Court
Bonita Springs, FL 34135-8358

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the materials identified in Exhibit A attached to and made part of this subpoena.

| | |
|---|---|
| Time: | 10:00 a.m. (EST) |
| Date: | Monday, January 23, 2017 |
| Place: | Riley, Williams & Piatt, LLC |
| | 301 Massachusetts Ave. |
| | Indianapolis, IN 46204 |
| | (Or other mutually agreed-upon location.) |
| Items: | See attached Exhibit A |

The following provisions of Fed. R. Civ. P. 45 are attached: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Pursuant to Fed. R. Civ. P. 45(a)(4), a copy of this subpoena has been served on each party in this case before the below date of service for the person to whom it is directed.

Date: December 22, 2016

*s/ Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com
*Lead Co-Counsel for Plaintiffs*

**EXHIBIT A TO SUBPOENA**

INSTRUCTIONS

1. All documents produced in response to this request shall be:
   a) produced in the order and in the manner that they are kept in the usual course of business; or
   b) organized and labeled to correspond to the numbers in the demand.

2. The demand encompasses all documents and communications that relate in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared, generated, or received prior to the relevant time period.

3. Unless otherwise indicated, the relevant time period for the information sought is January 1, 2000, to the present.

4. All documents that exist in electronic format are whenever possible to be produced in electronic form and in their native form or other searchable form, not in an electronic form that is merely a picture of a document such as a TIFF file, a TIP file, or a PDF file unless that is the only format you possess. All documents that do not exist in electronic form are to be produced in single page TIFF files with corresponding load files.

5. You are not required to produce documents or communications if: (1) they were made between you and any attorney for the purpose of obtaining legal advice or providing legal advice to any company for whom you worked and (2) they were intended to be kept confidential. If you possess responsive documents or communications that meet this test, you must identify each in a manner that does not reveal the content of the document or communication so that *in camera* review by the Court may be made to assess the applicability of any privilege.

DEFINITIONS

1. "Cook" refers individually and collectively to the company presently known as Cook Group including its subsidiaries, divisions, employees and officers, specifically including but not limited to Cook Medical, Cook Incorporated, William Cook Europe and Medical Engineering and Development Institute (MEDI). The term includes the predecessors of each by whatever name during the relevant time period.

2. "Document" or "Documents" includes without limitation all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form. It specifically includes but is not limited to reports, memoranda, studies, data compilations, analyses, projections, handwritten notes or summaries, powerpoints, word processing documents, emails, texts and other forms of electronic communication, including all drafts of any such matters.

3. "Communications" means any manner or method in which information is passed from one human being or entity to another including but not limited to any written, verbal, or electronic contact and/or discussion or exchange of information and includes any "documents" containing or reflecting such communications.

4. "IVC filter" refers to intravascular cardiovascular filters as defined in 21 C.F.R. § 870.3375(a) ("an implant that is placed in the inferior vena cava for the purpose of preventing pulmonary thromboemboli (blood clots generated in the lower limbs and broken loose into the blood stream) from flowing into the right side of the heart and the pulmonary circulation"). It specifically includes all IVC filters designed, manufactured, distributed, or sold by Cook during the relevant time period including all iterations of the Gunther Tulip and Celect filters ("Cook IVC filters").

5. "Related to" or "relating to" means constituting, containing, reflecting, pertaining to, in connection with, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, implying, contradicting, describing, recording, noting, embodying, memorializing, mentioning, studying, analyzing, discussing, specifying, identifying, or in any manner connecting to the matter addressed in the request in part or in whole.

6. "You" includes you individually and any corporate or business entity through which you may have interacted with Cook, such as entering into contracts or receiving reimbursement or compensation.

DOCUMENTS DEMANDED

**Specific Requests.**

For the relevant time period, please produce legible/audible copies of the following documents, communications and things that are in your custody, possession, or control.

1. Any and all contracts or agreements between you and Cook for goods or services related IVC filters.

2. Any and all documents reflecting payment or reimbursement to you for services or costs incurred relating to IVC filters, including but not limited to salary, benefits, bonuses, consulting fees, honoraria, speaking fees, travel expenses, entertainment expenses, compensation in kind, and any other form of compensation for such services or costs.

3. Any and all confidentiality, non-disclosure, or non-compete agreements between you and Cook relating to IVC filters or relating to your work in connection with IVC filters.

4. Any and all calendars or other documents or communications reflecting your participation in: (a) any public or private meeting, forum, or event in which IVC filters were discussed, (b) any in-person, telephone, or virtual meetings or conferences with employees or agents of Cook relating to IVC filters, and (c) any in-person, telephone, or virtual meetings or conferences with employees or agents of the FDA relating to Cook IVC filters.

5. Any and all address books or other such documents identifying employees and agents of Cook with whom you communicated, including any documents that might indicate the present whereabouts of any such person.

6. Any and all organizational charts, employee rosters, internal contact/telephone directories, and other such documents identifying employees and agents of Cook.

7. Any and all timesheets or other documents or communications that would reflect the hours you worked for or on behalf of Cook in relation to IVC filters.

8. Any and all training documents and communications prepared by you or provided to you relating to IVC filters.

9. Any and all documents reflecting Cook policies, procedures, guidelines, codes of conduct, and other such documents relating to IVC filters or work performed by anyone at, by, or on behalf of Cook which related to IVC filters.

10. All documents and communications relating to the design or manufacture of any Cook IVC filter, including documents and communications (a) relating to any defect, deficiency, or flaw in any Cook IVC filter, and/or (2) relating to the substandard safety, performance, or efficacy of any Cook IVC filter.

11. Any and all presentations relating to IVC filters whether intended to be presented or actually presented by you or by another person or entity, specifically including all printed materials, video materials, and audio materials.

12. Any and all promotional, marketing, or advertising material relating to Cook IVC filters.

13. Any and all key opinion leader or thought leader materials prepared by you, prepared for you, or provided to you, which relate to IVC filters.

14. Any and all documents and communications relating to the manner in which you or any persons at Cook were to (or did in fact) handle, process, analyze, consider, assess, or resolve complaints relating to any Cook IVC filters.

15. Any and all documents and communications relating to the actual handling, processing, analysis, assessment, consideration or resolution of any complaint relating to any Cook IVC filter.

16. Any and all documents and communications reflecting MDR-reporting policies, procedures, guidelines, customs, or practices at Cook.

17. Any and all documents relating to Cook's interpretation or definition (whether considered or applied) of the term penetration or the term perforation or the term puncture as they relate to IVC filters.

18. Any and all documents relating to any question, inquiry, objection, disagreement, or request for clarification you considered making or made relating to the subject matters identified in the four previous requests.

19. Any and all documents relating to any disagreement between you and any other person or persons at Cook regarding (a) the reportability (to FDA) of any complaint relating to a Cook IVC filter, (b) whether any complaint relating to a Cook IVC filter constituted a serious injury, and/or (c) whether any complaint relating to a Cook IVC filter constituted a malfunction.

20. Any and all documents relating in any way to the numbers or rates of complaints, complications or adverse events for any Cook IVC filter or filters, including those relating to serious injury, death, malfunction, tilt, embedding, penetration, perforation, puncture, migration, fracture, embolization, thrombotic injury, clot-trapping efficiency, retrievability, or other complaints, complications, or adverse events relating to IVC filters.

21. Any and all documents relating to your potential or actual participation to any degree in any preclinical or clinical test relating to any Cook IVC filter.

**General Requests.**

To the extent not encompassed by the above requests, please produce legible/audible copies of the following documents and communications that are in your custody, possession, or control, without duplicating production of any document or communication furnished in response to the above.

22. Any and all communications between you and Cook relating to IVC filters.

23. Any and all communications between you and any other person or entity relating to IVC filters.

24. Any and all documents prepared by or for you relating to Cook IVC filters or IVC filters generally.

25. Any and all documents relating to the safety or efficacy of Cook IVC filters.

Case 1:14-ml-02570-RLY-TAB Document 3230-1 Filed 12/12/16 Page 5 of 5 PageID #: 7885

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).