**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to All Actions

## Plaintiffs' Reply in Support of their Objection to Magistrate's Order on Profile Forms and Deposition Protocols

Plaintiffs' Objection to the Magistrate's Order Regarding Profile Forms and Deposition Protocols was filed pursuant to Federal Rule of Civil Procedure 72(b) on November 18, 2016. [Doc. 3113].   The Defendants filed a Response on December 5, 2016. [Doc. 3190]. Plaintiffs provide the following reply:

**I.      The Order Keeps Plaintiffs from Discovering Any Evidence of Cook's Communication with Treating Physicians**

The information that Cooks' District Managers/Sales Representatives provided to treating physicians is required to establish the pattern and practice Cook used to market its filters. Such "pattern and practice" evidence needs to be obtained from more than just a handful of cases as it is relevant to the claims of all plaintiffs in the MDL, including the three Bellwether cases. Information gathered from a broader base of cases is of particular significance in situations like bellwether plaintiff *Gage*, where Plaintiffs have learned the specific District Manager/Sales Representative is deceased.

Cook has never asserted that the information requested by the Plaintiffs is irrelevant. The defense has simply argued that Cook's lack of any specific protocols, policies or standardized procedures for monitoring the contacts and communications their sales force has with the physicians in the field makes it difficult and time consuming to gather the information.

Cook initially agreed to provide the information currently requested (and more) for every case filed in the MDL. The sales information was to have been produced within ninety (90) days of each case being filed. Per CMO No. 4, the Defendants' responses were to be substantially complete in all respects.[1] In most cases, Plaintiffs received a DFS response similar to the initial DFS served in the *Hill* case. As a result, very little information regarding the contacts and content of the actual communications with treating physicians was received before the Defendants entered negotiations to limit the scope of the sales information required by the DFS.

During the negotiations with the Cook's counsel regarding a pared-down Defense Profile Sheet, Plaintiffs proposed that Cook still be required to produce call notes and other data from its District Managers/Sales Representatives but agreed to reduce the number of cases from which such information was to be provided from **100% to 20%**. The Cook Defendants' idea of proportionality in discovery is to reduce

---

[1] See CMO No. 4, dated April 17, 2015: "For each plaintiff in currently filed cases that were a part of this MDL as of the date of the entry of this Order the defendants shall submit a completed DFS to plaintiffs by May 15, 2015. In cases filed or transferred after the date of this Order, the defendants shall submit a completed DFS to plaintiff within ninety (90) days of filing. Defendants are required to provide plaintiff with a DFS that is substantially complete in all respects, answering every question in the DFS   . . . ." [Doc. 354].

their obligation to produce actual sales information exchanged with treating physicians in the non-Bellwether cases from 100% to 0.

The Defendants' argument against the production of information of what is clearly relevant and important core discovery related to the Plaintiffs' claims of marketing defects, breach of express and implied warranties and misrepresentation, lies in their assertion the burden of producing the information in all cases is disproportionate to the needs of the three Bellwether cases. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, a court evaluating the proportionality of a discovery request should consider more than just the "burden" of locating the information but also, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Plaintiffs need to have access to at least some reasonable sample of the information that was communicated by Cook's District Managers/Sales Representatives to the physicians who implanted these filters in the Plaintiffs' bodies. The amount in controversy justifies compelling at least a reasonable sample of the requested discovery. The Plaintiffs have no other source for the information other than the Cook Defendants, and Cook has the resources to produce the information as it has done so in some of the Bellwether cases. The Cook Defendants should not be immune from producing any of the responsive information based on their claims of

"burden and expense" because a significant reason for having those costs is the Defendants' failure to properly monitor and document the activities of its sales force.

The Magistrate's order specifically references "Plaintiffs' request for communications with physicians in every MDL case . . . ." That statement is not a mere typographical error. It is an unambiguous indication that there was a misunderstanding of the relief being requested.

In response to the Cook Defendants' request for "proportionality", Plaintiffs have agreed to reduce the Defendants' original obligation to produce sales information by 80%. The Plaintiffs' proposal strikes a reasonable and proportionate balance between the Defendants' claim that providing such information for all cases was too much of a burden and the Plaintiffs' need for what is clearly relevant information.

Plaintiffs respectfully request that this Court sustain their objection to the Magistrate's Order and adopt the Plaintiffs' proposed Defense Profile Sheet.

Respectfully Submitted,

PLAINTIFFS' COUNSEL


*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Voice: (317) 633-5270
Fax: (317) 426-3348
Email: jwilliams@rwp-law.com

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC
910 17th Street, N.W.
Suite 800
Washington, D.C. 20006
(202) 223-1993

Ben C. Martin, Esq.
LAW OFFICES OF BEN C. MARTIN
3710 Rawlings Street, Suite 1230
Dallas, TX   75219
Voice: (214)761-6614
Fax: (214)744-7590
Email: bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2905 Sackett Street
Houston, TX 77098
Voice: (713) 581-8467
Fax: (713) 535-7184
Email:dmatthews@thematthewslawfirm.com

*Lead Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Anthony J. Urban
Brian J. Urban
LAW OFFICES OF ANTHONY URBAN, P.C.
474 N. Centre Street, 3rd Floor
Pottsville, PA 17901

Caleb H. Didriksen, III
Carl A. Woods, III
DIDRIKSEN LAW FIRM, PLC
3114 Canal Street
New Orleans, LA 70119

Cliff W. Marcek
CLIFF W. MARCEK, P.C.
700 S. Third St.
Las Vegas, NV 89101

Curtis Hoke
THE MILLER FIRM LLC
The Sherman Building
108 Railroad Avenue
Orange, VA 22960

David J. Britton
LAW OFFICE OF DAVID J. BRITTON
2209 N 30th Street, Suite 4
Tacoma, WA 98403

George J. Duzane
1675 Liberty Lane
Gallatin, TN 37066

Arthur F Hoge, III
Kahla R Hurley
MEE MEE HOGE & EPPERSON PLLP
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118

Christina E. Unkel
MAGLIO CHRISTOPHER & TOALE, PA
1605 Main St., Suite 710
Sarasota, FL 34236

Cory H. Driggers
MORRIS CARY ANDREWS TALAMADE &
DRIGGERS
P.O. Box 1649
Dothan, AL 36302
David C. Anderson
ANDERSON LAW
711 Van Ness Avenue, Suite 220
San Francisco, CA 94102

Mark M. Kitrick
Elizabeth Alice Mote
KITRICK, LEWIS & HARRIS, CO., L.P.A.
455 Hutchinson Avenue, Suite 100
Columbus, OH 43235-8630

James W. Childress
Scott Kehlenbrink
CHILDRESS AND AHLHEIM, LLC
1010 Market St., Suite 500
St. Louis, MO 63101

6

Jay Harris
HARRIS, RENY & TORZEWSKI
Two Maritime Plaza, 3rd Floor
Toledo, OH 43604

Joseph A. Napiltonia
LAW OFFICE OF JOE NAPILTONIA
213 3rd Avenue North
Franklin, TN 37064

Justin K. Brackett
TIM MOORE, ATTORNEY AT LAW, P.A.
305 East King St.
Kings Mountain, NC 28086

Marian S. Rosen
ROSEN & SPEARS
5075 Westheimer, Suite 760
Houston, TX 77056

Paul T. Boudreaux
RICHARDSON RICHARDSON BOUDREAUX
7447 South Lewis Avenue
Tulsa, OK 74136

Richard A. Freese
FREESE & GOSS, PLLC
Regions Harbert Plaza 1901
6th Avenue North, Suite 3120
Birmingham, AL   35203

Wilnar J. Julmiste
ANDERSON GLENN LLP –
BOCA RATON FL
2201 NW Corporate Blvd., Suite 100
Boca Raton, FL 33431

John J. Driscoll
Philip Sholtz
DRISCOLL FIRM, P.C.
211 N. Broadway, Suite 2440
St. Louis, IL 63102

Joseph G. Sauder
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041

Kimberly Lambert Adams
LEVIN PAPANTONIO THOMAS ETC. PA –
PENSACOLA FL
316 S Baylen Street, Suite 400
Pensacola, FL 32502

Mark P. Bryant
BRYANT LAW CENTER, PSC
601 Washington Street
P.O. Box 1876
Paducah, KY 42001

Peter C Wetherall
WETHERALL GROUP, LTD.
9345 W. Sunset Road, Suite 100
Las Vegas, NV 89148

W. Bryan Smith
MORGAN & MORGAN, LLC
2600 One Commerce Square
Memphis, TN 38103

Heather H. Harrison
FAEGRE BAKER DANIELS LLP
311 S. Wacker Dr., Suite 4400
Chicago, IL   60606

Jacob A. Boyd
LAW OFFICES OF BEN C. MARTIN
329 McKinney Ave., Suite 100
Dallas, TX   75204

Michael R. Webber
KOMINIAREK BRESLER HARVICK &
GUDMUNSEN
33 N. Dearborn St., Suite 1310
Chicago, IL   60602

Peter J. Flowers
MEYERS & FLOWERS, LLC
3 N. Second St., Suite 300
St. Charles, IL   60174

Jennifer P. Henry
THOMPSON & KNIGHT LLP
801 Cherry St., Unit #1
Fort Worth, TX   76107

Peter A. Miller
MILLER LEGAL LLC
175 S. Pantops Dr., 3rd Floor
Charlottesville, VA   22911

Randall J. Gudmundson
KOMINIAREK, BRESLER, HARVICK &
GUDMUNDSON, LLC
33 N. Dearborn St., Suite 700
Chicago, IL   60602

*/s/ Joseph N. Williams*
Joseph N. Williams

8