UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to All Actions _____ | ) ) ) ) ) ) ) ) No. 1:14-ml-02570-RLY-TAB MDL 2570 |

**DISCOVERY ORDER**

The parties appeared by counsel December 2, 2016, for a telephonic status conference to address a discovery dispute.  The issue argued at the conference is whether Plaintiffs should be permitted to inspect filters retrieved from MDL Plaintiffs who are not parties in the upcoming Bellwether trials.  For the reasons set forth below, as more fully explained at the conference, the Court overruled the Cook Defendants' objection to this discovery.

Plaintiffs want their experts to inspect and perform non-destructive testing on explanted filters (i.e., filters removed from Plaintiffs).  Cook objects to allowing Plaintiffs to test any explanted filter, other than a single filter removed from one of the three Bellwether Plaintiffs.  Cook contends that such testing is unnecessary, could delay Bellwether preparation, and is not proportional to the needs of the case.  The Court disagrees.

As a starting point, limiting Plaintiffs to testing only a single explanted filter at this stage seems unfair to Plaintiffs.  While Cook correctly notes that the focus should be on Bellwether Plaintiffs, the Court agrees with Plaintiffs that information gleaned from testing other explanted filters could be relevant for Bellwether purposes.  Such testing also might help put Plaintiffs' experts on a more even footing with Cook's experts.  Cook's concerns in this regard might be

more properly characterized as an evidentiary issue rather than a discovery issue, and such issues are more appropriately left for trial.

In fact, the proportionality factors set forth in Fed. Rule Civ. P. 26(b)(1) weigh strongly in favor of allowing the discovery. The testing is relevant to the Plaintiffs' claims and: (1) testing the filters is directly related to the issues at stake in the litigation: (2) the amount in controversy is substantial; (3) Cook's resources dwarf those of Plaintiffs; and (4) this testing could help shed light on issues in the case. Cook argues that the burden or expense of this discovery outweighs its likely benefit, but the Court is not convinced the expert testing of these filters will prompt a flurry of satellite discovery, as Cook suggested.

Rather, the Court finds it more significant that this is an MDL with over 1,000 cases, and that the testing presently involves only 11 filters, using an agreed upon protocol. There is a possibility that additional filters may need to be tested, but this would involve no more than 30 filters in total. It seems inherently more reasonable (and certainly no affront to proportionality) to permit Plaintiffs to test these filters, as opposed to block such testing and force Plaintiffs to proceed with only the benefit of one explanted filter to test.

Accordingly, the Court overruled the Cook Defendants' objection. Plaintiffs' expert witnesses may inspect and test filters removed from the MDL Plaintiffs consistent with the agreed upon protocol.

Date: 12/16/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record via email. Distribution to all remaining counsel of record to be made by Plaintiff's Lead Counsel.