UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to All Actions _____ | ) ) ) ) ) ) ) No. 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER FOLLOWING DECEMBER 12, 2016, DISCOVERY CONFERENCE**

At the parties' request the Court held a December 12, 2016, status conference to address two discovery disputes, the primary dispute concerning the Cook Defendants' objections to producing 2,904 additional complaint files. The Court heard from the parties and now sets forth its ruling on these disputes.

By way of a short background, in April 2015 Defendants agreed to produce complaint files for the products at issue for failure modes alleging fracture, perforation, and/or migration. Production occurred subject to this general framework. In approximately November 2016 Plaintiffs realized that not all complaint files were being produced because of different nomenclature being used to identify complaints in certain circumstances. Defendants contend Plaintiffs waited too long to raise this issue with the Court, and that producing an additional 2,904 complaint files is not proportional to the needs of the case. Plaintiffs contend that complaint files are paramount in device litigation, that these complaints should already have been produced, and that Plaintiffs did not discover this non-production sooner because Defendants forced them to navigate a labyrinthine system before they could determine there was an issue.

Both sides' positions have some merit.  Complaint files are central to device litigation, and Defendants' methodology for logging, tracking, and producing complaints is complex.  At the same time, Plaintiffs should have been aware that Defendants limited their production to the products at issue for failure modes asserting fracture, perforation, and/or migration.  Moreover, Defendants' production in this case has been extremely time consuming and expensive.

Thus, the Court finds quite constructive Defendants' proposal to produce some additional complaint files.  Defendants explained that some of the 2,904 files are duplicates, while others are not relevant for various reasons (such as they involve complaints of filters that were never implanted).  Consistent with Defendants' proposal, Defendant shall produce 906 additional complaint files by January 6, 2017.  These are complaints from the TrackWise database.  Defendants will work in good faith to produce additional files from the jBase[1] on the same schedule.  Defendants shall have 10 days following this production to explain this production to Plaintiffs, who shall have seven days thereafter to respond to any concerns.  If there are any lingering disputes over this production that the parties cannot resolve after good faith efforts to do so, they may contact the Magistrate Judge to schedule a discovery conference.

The Court addressed one additional dispute at the December 12 conference.  The parties dispute whether Defendants must produce the custodian file of Lykke Sylow Iversen, an employee of William Cook Europe.  Defendants do not dispute the relevance of the file, but assert that production would be unduly burdensome because this file is in Denmark.  Defendants contend the Court previously ruled on November 15, 2016, that files in Denmark need not be

---

[1] TrackWise is the complaint handling database Defendants have used since October 1, 2008, whereas jBase is the database Defendants used to track complaints from January 3, 1994, until October 1, 2008.

2

produced due to undue burden.  [Filing No. 3069.]  Plaintiffs dispute that the Court made such a broad ruling.

In its November 15 ruling, the Court ordered Defendants to produce six additional custodian files, but further stated that "due to undue burden, the files shall not be governed by the European Union Privacy Directive or need to be translated into English."  [Filing No. 3069, at ECF p. 1.]  Iversen's disputed file involves possibly thousands of documents, some of which must be translated into English, and all of which are subject to the European Union Privacy Directive.  Defendants explained that production of these documents would require their lawyers to travel from the United States to Denmark to assist in the review.  While the Court's November 15 ruling did not forever preclude discovery of this type, Defendants have satisfied the Court that, consistent with that November 15 ruling, production of Iversen's file would be unduly burdensome.  Accordingly, Defendants' objection to this discovery request is sustained.

Date: 12/16/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record via email.  Distribution to all remaining counsel of record to be made by Plaintiff's Lead Counsel.