UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COOK MEDICAL, INC., IVC FILTERS )<br>MARKETING, SALES PRACTICES AND )<br>PRODUCT LIABILITY LITIGATION )<br>_____ )<br> )<br>This Document Relates to All Actions )<br>_____ ) | No. 1:14-ml-02570-RLY-TAB<br>MDL No. 2570 |

**ORDER ON JOINT SUBMISSION OF**
**PROPOSED SECOND AMENDED CASE MANAGEMENT ORDER NO. 4**

This cause is before the Court with respect to certain disputes involving proposed Second

Amended Case Management Order No. 4 ("Proposed CMO No. 4").  [Filing No. 3052.]  The

parties have worked cooperatively and admirably in reaching an agreement on a majority of the

provisions.  As set forth below, the Court resolves the remaining disagreements, and consistent

with this ruling, will have the Second Amended Case Management Order No. 4 separately filed

on the docket.

**SECTION 1.e –** The Court agrees with Plaintiffs with respect to revisions to Section 1.e.  The

dispute in this section involves the process for collecting and paying for Plaintiffs' medical

records.  Defendants' suggestion of jointly retaining a third-party vendor to obtain and

disseminate the records is unnecessary.  Plaintiffs should not be penalized for furnishing

authorizations in lieu of Rule 45 subpoenas, and Plaintiffs should not be obligated to defray the

Defendants' cost for pursing third-party discovery.  Plaintiffs are amenable to paying

Defendants' reasonable charges for copying paper documents furnished to Plaintiffs, which

under the circumstances is sufficiently appropriate.

**SECTION 2.f** – The dispute in this section involves whether Defendants must notify key managers and IVC filter sales representatives that they are required to preserve and maintain any social media content relevant to the issues raised in this litigation. Plaintiffs' insistence on this requirement suggests that the personal social media of individuals employed by Cook is relevant to this litigation, but it is not. Plaintiffs' proposal also creates a significant burden on Cook and its employees that is not proportional to the needs of the case. Plaintiffs have put their personal social media at issue by pursuing this litigation and it is directly relevant to issues of damages and potentially to other issues, whereas the Cook employees have not.

**Section 3.c** – The dispute in this section concerns whether Defendants will be permitted to object to questions in the Defendant Fact Sheet ("DFS"). Defendants assert proportionality grounds as a reason to permit objections. For example, Defendants contend burdensome searches might be necessary to track down an email transmitting evidence about a filter, where the parties already have the evidence itself. Plaintiffs acknowledged there could be such instances, but resist giving Defendants a broad-based right to object to and withhold documents that Plaintiffs will never know existed. The Court agrees that Defendants should be permitted to lodge objections. However, consistent with Plaintiffs' proposal, these objections shall be limited to proportionality, and Defendants must include specific information, similar to that in privilege log, in their objection.

**Case Management Order No. 13** – Finally, Plaintiffs question the ongoing need for Case Management Order No. 13 [Filing No. 1340], while Cook Defendants contend that it continues to provide significant information beneficial to MDL 2570. The entry of Proposed CMO No. 4 will require some modification to the language of CMO No. 13. Thus, the parties shall submit a

proposed CMO No. 13 within one week of the entry of this order, with any disagreements set

forth in a joint submission not to exceed four pages.

Date:   12/16/2016

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record via email.  Distribution to all remaining
counsel of record to be made by Plaintiff's Lead Counsel.