IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                              MDL No. 2570

_____

This Document Relates to Plaintiff(s)
MARIAN INCAVO_____

 Civil Case No. 1:16-cv-06047

_____

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR REMAND**

Plaintiff Marian Incavo, individually and as special administrator of the Estate of Noel Incavo, Deceased, ("Plaintiff") files this Reply to Defendants' Response to Plaintiff's Motion for Remand. Pending before this Court is the Notice of Removal filed by Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, Sabin Corporation d/b/a Cook Polymer Technology, and Cook Canton LLC (collectively "Cook Defendants" or "Removing Defendants") (doc. #1) and Defendants' Response to that Motion (doc. #29).

Because the allegations against Defendant Loyola University Health System ("Loyola") mean that complete diversity jurisdiction is lacking, the Court lacks jurisdiction over this case. Thus, Plaintiff has moved for remand of this case to state court. In support, pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c), Plaintiff respectfully replies to Defendants' Response as follows:

The statute at issue, 735 ILCS 5/13-212(a), provides as follows:

> (a)    Except as provided in Section 13-215 of this Act [735 ILCS 5/13-215], no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon

1

> tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

735 Ill. Comp. Stat. Ann. 5/13-212 (LexisNexis, Lexis Advance through P.A. 99-904 of the 2016 Regular Legislative Session).

Although a hospital is not an insurer of a patient's safety, under Illinois law, a hospital does owe a patient a duty of protection and <u>must exercise a reasonable care toward the patient as his or her known condition requires</u>. *Zajac v. St. Mary of Nazareth Hosp. Ctr.,* 212 Ill. App. 3d 779, 156 Ill. Dec. 860, 571 N.E.2d 840, 971 (1991). As argued in Plaintiff's Motion to Remand, Defendant Loyola failed to institute and implement an ongoing follow-up protocol related to the IVC filter implanted at Defendant Loyola's facility.

Defendants' reliance on *Augutis* is misplaced. *See Augutis v. U.S.*, 732 F.3d 749 (7th Cir. 2013). In *Augutis*, the Seventh Circuit noted that the Illinois state of repose is substantive, instead of procedural, and thus, compliance with the Federal Tort Claims Act procedural requirements did prevent the statute of repose from barring the *Augutis* plaintiff's claims. As a result, the plaintiff's claim that the complications resulting from a surgery were the result of malpractice were barred as untimely. In that case the act or omission complained of by the plaintiff occurred at a specific time – during surgery, as opposed to the ongoing inaction or omissions complained of by Plaintiff in the case at bar.

With regard to that ongoing duty, the duty plead by Plaintiff in this case is one that existed when the IVC filter was implanted and continued while the device was in Plaintiff's decedent's

body.[1] This is distinguishable from the cases upon which Defendants rely in their Response. In *Orlak*, the plaintiff argued that a duty, essentially, "sprang into existence" six years after the *Orlak* plaintiff received her HIV-tainted blood transfusion. *See Orlak v. Loyola Univ. Health Sys.*, 885 N.E.2d 999 (Ill. 2007).

The other cases relied upon by Defendants are similarly distinguishable. In *Hanks v. Cotler*, the alleged malpractice was failure to disclose the negative results of liver biopsies, a single issue, not an ongoing continuous duty to monitor performance of a filter that had been placed into and left in a patient's body. *See Hanks*, 959 N.E.2d 728 (Ill. App. Ct. 2011). Likewise, in *Turner v. Nama*, the physician's treatment at issue was failure to notify the patient of a test result, a single issue, not an ongoing duty to monitor an implanted device, as pled in this case *Turner*, 968 N.E.2d 303 (Ill. App. Ct. 1997). Similarly, in *Ferrara v. Wall*, the plaintiff alleged failure to notify of test results for tests administered five years before suit was filed. *See Ferrara*, 753 N.E.2d 1179 (Ill. App. Ct. 2001).

Defendants incorrectly assert that Plaintiff has "no reasonable basis for recovery" on her claim for medical negligence against Loyola University Health System because the claim is allegedly barred by the statute of limitations and statute of repose codified in 735 ILCS 5/13-212(a). This argument fails because Removing Defendants cannot demonstrate that there is **no reasonable possibility of recovery** on Plaintiff's claims against Loyola University Health System. At best, Removing Defendants can only show a mere "**possibility of dismissal**" by the state court because, at minimum, a fact issue exists regarding whether the statute of limitations or statute of repose bars Plaintiff's claims against the Loyola University Health System. That mere possibility of dismissal is insufficient to demonstrate fraudulent joinder. *See Poulos v. Naas Foods, Inc.*, 959

---

[1] Plaintiff Marian Incavo has brought suit on behalf of her deceased husband, Noel Incavo, the IVC filter recipient.

F.2d 69, 73 (7th Cir. 1992)(joinder not fraudulent if there is "any reasonable possibility that state court would rule against the non-diverse defendant"). Thus, diversity jurisdiction is lacking and this court should summarily remand the case back to the state court.

## CONCLUSION AND PRAYER

Because Plaintiff's allegations of medical negligence and the acts or omissions that gave rise to Mr. Incavo's death were timely asserted against fellow Illinois citizen Loyola University Health System, complete diversity jurisdiction does not exist and the case should be expeditiously remanded to the state court from which it was removed.

Dated: December 20, 2016.

Respectfully Submitted,

/s/  David P. Matthews
David P. Matthews, Bar No. 13206200
Matthews & Associates
2905 Sackett Street
Houston, TX 77098
Telephone:  (713) 522-5250
Facsimile:  (713) 535-7184
dmatthews@thematthewslawfirm.com

Peter J. Flowers, Esq. (#06210847)
pjf@meyers-flowers.com
Meyers & Flowers, LLC
3 North Second Street, Suite 300
St. Charles, Illinois 60174
Tel. No.: (630)232-6333

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 20, 2016, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. A copy of the foregoing was also served via U.S. Mail (and e-mail, if indicated) to the following non-CM/ECF participants:

Douglas B. King
doug.king@woodenmclaughin.com
James Boyers
jim.boyers@woodenmclaughlin.com
WOODEN & MCLAUGHLIN
211 North Pennsylvania, Suite 1800
Indianapolis, IN 46204-4208

Heather Harrison
Faegre Baker Daniels LLP
311 S Wacker Dr, Suite 4400
Chicago, IL 60606

Randall J. Gundmondson
Kominiarek, Bresler, Harvick, & Gundmondson, LLC
33 North Dearborn St, Suite 700
Chicago, IL 60602

                                      */s/ David P. Matthews*