UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |
| This Document Relates to Plaintiff MARIAN INCAVO Civil Case No. 1:16-cv-06047 | |

**COOK DEFENDANTS'
SUBMISSION OF SUPPLEMENTAL INFORMATION
REGARDING PLAINTIFF'S MOTION FOR REMAND**

The Cook Defendants[1] respectfully submit this Supplemental Information Regarding Plaintiff's Motion for Remand because, after the Cook Defendants filed their Opposition to Plaintiff's Motion for Remand, additional facts have developed that create an alternate basis for why Plaintiff cannot establish a cause of action against the sole non-diverse defendant in this matter, Loyola University Health System ("Loyola"). Specifically, Plaintiff missed the deadline by which she was required to file a certificate and declaration by a health professional regarding the treatment provided by Loyola under 735 ILCS 5/2-622(a)(1). For this additional reason, Loyola is fraudulently joined, and Plaintiff's Motion for Remand should be denied.

Illinois law requires a plaintiff in any action for damages by reason of medical, hospital, or other healing art malpractice, to file with his complaint an affidavit by the plaintiff or his attorney, along with a written report by a health professional, stating that there is a reasonable and meritorious cause for filing such action. 735 ILCS 5/2-622(a)(1). If a plaintiff cannot obtain

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, Sabin Corporation d/b/a Cook Polymer Technology, and Cook Canton LLC (collectively "Cook Defendants"). Plaintiff also named William Cook Europe ApS as a defendant, but never effected service.

1

a consultation with a health professional "because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations," the plaintiff or his attorney may file an affidavit stating so, but then they must file the required certificate and written report from a health professional within 90 days of the filing of their complaint. 735 ILCS 5/2-622(a)(2). The failure to file this certificate and written report requires dismissal of the plaintiff's complaint, even in federal court. 735 ILCS 5/2-622(g); *Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 (C.D. Ill. 2010). And where a plaintiff has failed to file the required 2-622 certificate and the statute of limitations has run, "there is no possible way for Plaintiff's claims" to succeed in state court. *Hill v. C.R. Bard*, 582 F. Supp. 2d 1041, 1045 (C.D. Ill. 2008). In such a case, the defendant has been fraudulently joined, and remand is improper. *Bard*, 582 F. Supp. 2d at 1045.

Here, as Plaintiff conceded in her motion for remand, the statute of limitations expired no later than two years after September 12, 2014, when the actual cause of the decedent's death was determined by an autopsy. (Plaintiff's Motion for Remand at 8.) Plaintiff filed her complaint on September 12, 2016, without a written report from a healthcare professional, but with an affidavit from her attorney stating that as to Loyola, he could not obtain the required consultation with a healthcare professional "because the statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations." (Attorney's 2-622 Affidavit, attached as Exhibit 1, ¶ 3.) Thus, Plaintiff had 90 days to file the certificate and written report, to and including December 12, 2016.

Plaintiff failed to file the required certificate and written report by the deadline and has not, to date, filed the required certificate and written report. Therefore, Plaintiff has no viable claim against Loyola. *Hahn*, 686 F. Supp. 2d at 833. On this basis alone, in addition to the basis

2

cited in the Notice of Removal and the Cook Defendant's Opposition to the Motion for Remand, Plaintiff has no possibility of succeeding in her claim against Loyola.

The Cook Defendants, therefore, respectfully request that the Court deny Plaintiff's Motion for Remand.

Dated: December 22, 2016

Respectfully submitted,

/s/John T. Schlafer
Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:       (317) 237-0300
Facsimile:        (317) 237-1000
andrea.pierson@faegrebd.com
john.schlafer@faegrebd.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:       (260) 424-8000
Facsimile:        (260) 460-1700
stephen.bennett@faegrebd.com

Douglas B. King, Co-Lead Counsel
James M. Boyers
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Telephone:       (317) 639-6151
Facsimile:        (317) 639-6444
doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, Sabin Corporation d/b/a Cook Polymer Technology, and Cook Canton LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22th, 2016, a copy of the foregoing COOK DEFENDANTS' SUBMISSION OF SUPPLEMENTAL INFORMATION REGARDING PLAINTIFF'S MOTION FOR REMAND was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ John T. Schlafer