UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

_____

This Document Relates to All Actions

_____

**JOINT SUBMISSION OF PROPOSED AMENDED CASE MANAGEMENT
ORDER NO. 13**

In its Order on Joint Submission of Proposed Second Amended Case Management Order No. 4 [Dkt. 3246] ("Order on Joint Submission"), the Court directed the parties to "submit a proposed CMO No. 13 within one week of the entry of this order, with any disagreements set forth in a joint submission not to exceed four pages. The attached Proposed Amended Case Management Order No. 13 (attached as "**Exhibit 1**") reflects the parties' positions so that the language that is agreed upon is in black font, the language that only the Cook Defendants believe is appropriate is in blue font and the language that only the Plaintiffs' believe is appropriate is in red font.

  **I.**  **Dispute 1 – Continuing to Require CMO 13 Disclosures**

    **A.**  **Plaintiffs' Position**

Plaintiffs contend CMO 13 places a disproportionate burden on them while serving little purpose at this point. The Court will recall that CMO 13 requires Plaintiffs to create categorization forms and to highlight certain portions of medical records before producing to Defendants (records that at times run into the hundreds of pages). This originally was requested and required because Cook argued it needed this level of organization and detail to prepare for

the parties' settlement conference. Plaintiffs spent hundreds of hours complying with the Court's order given Cook's representation that it would facilitate settlement. It did not and there is little reason to believe that continuing to do so would facilitate a future settlement. Plaintiffs already are required to provide profile forms, medical records, and authorizations permitting Defendants to obtain any information they desire on a particular Plaintiff. Plaintiffs seek relief from any continuing requirement that they essentially perform Defendants' work for them by categorizing cases and highlighting medical records. CMO 13 made sense in anticipation of the settlement conference, but in hindsight it required a tremendous effort on Plaintiffs' part with no benefit to them, the Court, or the litigation as a whole. It requires nothing of Plaintiffs that Defendants could not accomplish on their own and is unnecessary at this point in the litigation.

### B. Cook Defendants' Position

CMO 13 provides important supplemental focus to the more general plaintiff information provided by the PPS that enhances the parties' and the Court's ability to understand the basis for the claimed injuries and how each case fits into the bigger whole of MDL 2570. While the initial settlement conference did not result in a settlement, Magistrate Baker has repeatedly indicated that the parties will have another settlement conference before the first Bellwether trial beginning on October 2, 2017. Having the additional information required by Amended CMO 13 to assist the parties in categorizing the claims against the Cook Defendants will help with assessing the types of cases present in MDL 2570 for purposes of potential settlement and for selection of future discovery pool cases and Bellwether trials. After the initial Bellwether trials, this information will be essential to moving MDL 2570 forward.

## II.  Dispute 2 – Should Plaintiff Have to Highlight, Bookmark or Flag the Records that Document the Condition?

### A. Plaintiff's Position

CMO 13 was enacted at the request of the Cook Defendants in anticipation of the settlement conference for the avowed purpose of expediting a substantive discussion of a reasonable framework within which the parties and the Court could contemplate potential approaches to the resolution of this litigation. This avowed purpose was subsequently disavowed at the settlement conference when the Cook Defendants indicated no interest in discussing resolution of the litigation in either specific or general terms. The Cook Defendants have given no indication to date that their position on the resolution of the litigation has changed whether or not the Court schedules future settlement conferences. Plaintiffs are already required to provide medical records in a timely fashion and the redundant requirements of CMO 13 serve no useful purpose.

### B. Cook Defendants' Position

Eliminating this requirement would eviscerate CMO 13. Prior to filing the case, Plaintiffs' counsel should have documentation of the alleged injuries. The language Cook Defendants request simply asks that among all of the medical records, these key documents be identified. This is not a significant burden and, as made obvious by Plaintiffs' request that all CMO 13 submissions be copied on Plaintiffs' Co-Lead Counsel as well, this information is essential to both sides for handling MDL 2570.

### III. Issue 3 – Is Language Regarding Inadvertent Omissions Necessary?

#### A. Plaintiffs' Position

First, the Plaintiff having provided medical records and having provided the Cook Defendants with the means to obtain medical records should not have the additional burden of highlighting those records for the Defendants. If such an obligation is imposed, the Plaintiff should certainly not be prejudiced in any way by an inadvertent error in the process.

#### B. Cook Defendants' Position

If in an individual case a Plaintiff makes an inadvertent omission with the CMO 13 Disclosure, the Cook Defendants do not expect that it will automatically impact Plaintiffs' rights. However, the Cook Defendants believe that any such issues, should they arise, be dealt with by the Court based on the facts associated with any such issue rather than addressing it first in CMO 13.

Submitted this 23rd day of December, 2016.

/s/ Joseph N. Williams[1]
Joseph N. Williams
Riley Williams & Piatt LLC
301 Massachusetts Avenue
Indianapolis, IN  46204
jwilliams@rwp-law.com

Michael W. Heaviside
HEAVISIDE REED ZAIC
910 17th St. NW, Suite 800
Washington, DC  20006
Tel:  (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin
LAW OFFICE OF BEN C. MARTIN
3219 McKinney Ave., Ste. 100
Dallas, TX  75204
Tel:  (214) 761-6614
Fax:  (314) 744-7590
bmartin@bencmartin.com

David P. Matthews
MATTHEWS & ASSOCIATES
2905 Sackett St.
Houston, TX  77098
Tel:  (7130 522-5250
Fax:  (713) 535-7136
dmatthews@thematthewslawfirm.com
Co-Lead Counsel for Plaintiffs

/s/ James M. Boyers
Douglas B. King, Esq., Co-Lead Counsel
James M. Boyers, Esq.
John C. Babione, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN  46204-4208
Tel:  (317) 639-6151
Fax:  (317) 639-6444

doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

Andrea Roberts Pierson, Esq., Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Tel:  (317) 237-0300
Fax:  (317) 237-1000
andrea.pierson@faegrebd.com

James Stephen Bennett, Esq., Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, IN  46802
Tel:  (260) 424-8000
Fax:  (260) 460-1700
stephen.bennett@faegrebd.com
Counsel for Cook Defendants

---

[1] Joseph N. Williams has given permission to Counsel for Cook Defendants to sign on his behalf.

1660911-1 (10909-0412)