UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

# AMENDED
# CASE MANAGEMENT ORDER # 19
# (AMENDED BELLWETHER TRIAL PLAN)

This matter comes before the Court on the parties' Joint Motion to Amend Case Management Order #19 (Bellwether Trial Plan) ("CMO #19"). The Court, having been duly advised, grants the parties' Joint Motion, as set forth below.

The case management deadlines for *Hill v. Cook Medical, Inc., et al.*, 1:14-cv-6016-RLY-TAB and *Gage v. Cook Medical, Inc., et al.*, 1:14-cv-1875-RLY-TAB will be on parallel tracks such that they are trial ready by October 23, 2017. The case management deadlines for *Brand v. Cook Medical, Inc., et al.*, 1:14-cv-6018-RLY-TAB will be on a separate track, making it trial ready by May 7, 2018.

1. <u>Motions for Leave to Amend</u>: All motions for leave to amend the pleadings or to join additional parties in bellwether trial cases shall be filed on or before the dates listed below.

| *Hill* and *Gage* | *Brand* |
|---|---|
| October 28, 2016 (past) | March 14, 2017 (unchanged) |

2. <u>Bellwether Depositions</u>: Case-Specific Fact Depositions in Bellwether Cases shall be limited to (1) Plaintiff(s), (2) Plaintiff's treating physicians, (3) sales representatives directly associated with the sale of the specific product implanted in the plaintiff, and (4) two additional fact witnesses. The parties agree that the sales representative depositions will generally occur prior to implanting/retrieval physician depositions. If the parties disagree regarding the proper sequencing of depositions and the sequence of questions in depositions in a

specific Bellwether case, they will meet and confer prior to contacting the court for assistance in resolving the issue.  Additional Case-Specific depositions may be taken by agreement or by leave of court upon good cause shown.

      3.      <u>Expert Disclosures</u>:  Plaintiffs and Defendants shall make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before the dates listed below.  The parties agree to provide dates each of their experts are available for deposition with their expert disclosures.

|  | *Hill* and *Gage* | *Brand* |
|---|---|---|
| Plaintiffs | February 16, 2017 | July 17, 2017 |
| Defendants | April 17, 2017 | September 18, 2017 |

      4.      <u>Independent Medical Examinations</u>:  Any independent medical examinations of the plaintiff shall be requested by Defendants on or before the dates listed below.  The parties shall work together to establish a protocol for IMEs.

| *Hill* and *Gage* | *Brand* |
|---|---|
| March 20, 2017 | August 21, 2017 |

      5.      <u>Close of Discovery</u>:  Discovery must be complete by the dates listed below.

|  | *Hill* and *Gage* | *Brand* |
|---|---|---|
| Non-Expert | May 22, 2017 | October 20, 2017 |
| Expert | June 22, 2017 | November 20, 2017 |

      6.      <u>Motions for Summary Judgment and *Daubert* Motions</u>:  Motions for summary judgment and *Daubert* motions regarding the limitation or exclusion of expert testimony are due on or before the dates listed below.  The briefing schedule for motions for summary judgment and *Daubert* motions is controlled by Local Rule 56-1.

| *Hill* and *Gage* | *Brand* |
|---|---|
| July 10, 2017 | January 9, 2018 |

      7.      <u>Summary Judgment Requirements</u>:  Absent prior leave of the court, and for good cause shown, all issues raised in a motion for summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.  If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party prior to the deadline for motions for summary judgment, such expert disclosures must be served on opposing counsel no later than 90 days prior to the filing of a motion for summary judgment.  If such expert disclosures are served, the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.

      8.      <u>Bifurcation</u>:  Any party who believes that bifurcation of trial is appropriate with respect to any issue or claim shall notify the court as soon as practicable and no later than the dates listed below.

| *Hill* and *Gage* | *Brand* |
|---|---|
| August 21, 2017 | February 19, 2018 |

9. <u>Witness and Exhibit Lists</u>: All parties shall file and serve their final witness and exhibit lists for each of the bellwether trial cases 30 days before the final pretrial conference for each case. The lists should reflect the specific potential witnesses the party may call at each bellwether trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

10. <u>Trial Date</u>: Trial in *Hill* will begin October 23, 2017. Trial in *Gage* will begin April 30, 2018. Trial in *Brand* will begin September 10, 2018. In the event *Hill* is not tried, the trial in *Gage* will begin October 23, 2017, and the trial in *Brand* will begin April 30, 2018.

**SO ORDERED** this 4th day of January 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.