UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                MDL No. 2570

_____

This Document Relates to All Actions

_____

## ORDER ON FEBRUARY 21, 2017, PRETRIAL CONFERENCE

The parties appeared by counsel February 21, 2017, for a pretrial conference to address additional discovery disputes. Counsel were given opportunity to be heard. For reasons more fully set forth on the record, the Court made the rulings set forth below.

1. Plaintiffs presented evidence and argument with respect to what they consider irregularities with the Cook Defendants' litigation hold. The Court agreed that Plaintiffs presented sufficient information to require further inquiry and action, though at this juncture the Court did not make any findings of discovery impropriety by Defendants. Accordingly, the Court ordered: (a) Defendants shall immediately suspend all document deletion policies for anyone who participated in selling or marketing the filters involved in this litigation; and (b) Defendants must produce a Rule 30(b)(6) witness for deposition by March 14, 2017, to provide deposition testimony regarding Defendants' litigation hold and document retention practices for this litigation, including when any such hold was put in place and what steps have been taken to comply with this hold.

2. The parties advised the Court that they have resolved, at least for now, an issue regarding Defendants' request to "claw back" patient numbers in the OUS study, by way of a supplemental protective order. Accordingly, that issue was denied as moot.

3. Plaintiffs raised concerns regarding Defendants' production of financial information, which Plaintiffs asserted was needed for punitive damages issues. The Court found Plaintiffs' request exceedingly overbroad and not proportional to the needs of the case, particularly in light of the financial information Defendants have produced. Accordingly, the Court denied Plaintiffs' request, but it did not foreclose reconsidering the issue of whether Defendants need to produce additional financial information. However, any of Plaintiffs future requests, at a minimum, need to be substantially more narrow and Plaintiffs need to first meet and confer with Defendants in an effort to resolve such additional disputes.

4. Plaintiff sought additional information related to the Dotter Institute. The Court concluded that Defendants produced all responsive information in its possession or in the Dotter Institute's possession. Accordingly, the Court denied Plaintiffs' request, provided, however, that Defendants uphold their duty to supplement their production if additional responsive materials are located. Defendants will not be ordered to produce information that they do not have.

Date: 2/22/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to all registered counsel of record via the Court's ECF system. Service on all nonregistered counsel of record to be made by Plaintiffs' Lead Counsel.