UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to | |
| *Fernandez v. Cook Group, Inc., at al*<br>1:17-cv-06058-RLY-TAB | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

As Defendants demonstrated in their opening brief, Plaintiff has failed to establish any basis for this Court to exercise jurisdiction over Defendants. Plaintiff's argument that Defendants consented to personal jurisdiction in this matter is directly contradicted by longstanding personal jurisdiction jurisprudence and, most recently, the Missouri Supreme Court's February 28, 2017 *en banc* opinion in *Norfolk*. *See State ex rel. Norfolk v. Dolan*, No. SC 95514, 2017 WL 770977, at *1 (Mo. Feb. 28, 2017). Plaintiff offers no argument for specific jurisdiction, so that issue is waived. Instead, her only arguments are for a type of general personal jurisdiction that cannot be reconciled with Supreme Court precedent, including the recent, controlling decision in *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2014), as applied.

Because Plaintiff has failed to establish that this Court has personal jurisdiction over her claims against Defendants, the Court should dismiss her claims.

**ARGUMENT**

**I.    Missouri's Registration Statute Does Not Require Foreign Corporations to Consent to Suit Over Activities Unrelated to Missouri.**

1

Relying upon a theory that the Missouri Supreme Court *expressly rejected* the day Plaintiff filed her opposition, Plaintiff claims "[t]here is personal jurisdiction in Missouri as a matter of law" because "by definition, maintenance of a registered agent in Missouri constitutes consent to personal jurisdiction in Missouri." Pl. Opp. at 2. Not so. As the Missouri Supreme Court recently made clear in *Norfolk*:

> The plain language of Missouri's registration statutes does not mention consent to personal jurisdiction for unrelated claims, nor does it purport to provide an independent basis for jurisdiction over foreign corporations that register in Missouri. . . . To the extent the holdings or dicta in prior cases suggest otherwise, ***they go beyond the language of the relevant statutes and should no longer be followed***.

*Norfolk*, 2017 WL 770977, at *8. Thus, contrary to Plaintiff's assertion that the precedent on consent jurisdiction "[cannot] be ignored," the Missouri Supreme Court has instructed just that.

As the Eastern District of Missouri has previously noted, if merely following state laws that require a foreign corporation to register with the secretary of state and maintain a registered agent in the state is sufficient to establish general jurisdiction, then "national companies would be subject to suit all over the country." *Keeley v. Pfizer Inc.*, No. 4:15CV00583 ERW, 2015 WL 3999488, at *4 (E.D. Mo. July 1, 2015). Such a result would be "contrary to the holding in *Daimler*." *Id.* (citing *Daimler AG*, 134 S. Ct. at 761-62). Several judges in the Eastern District of Missouri have thus recognized—as the Missouri Supreme Court does in *Norfolk*—that the pre-*Daimler* cases that Plaintiff relies on[1] to support her consent argument are no longer good law in light of the personal-jurisdiction standards set forth in *Daimler*.[2] Courts in other

---

[1] The pre-*Daimler* cases Plaintiff relies on are *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 170 (1939); *Ytuarte v. Gruner + Jahr Printing & Pub. Co.*, 935 F.2d 971, 973 (8th Cir. 1991); *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990); and *Koch Supplies, Inc. v. Charles Needham Indus.*, No. 86-1330-CV-W-9-6, 1990 WL 274485 at *3 (W.D. Mo. Nov. 14, 1990) (*See* Pl. Opp., at 2.).

[2] *See Beard v. Smithkline Beecham Corporation*, No. 4:15-CV-1833 RLW, 2016 WL 1746113, at *2 (E.D. Mo. May 3, 2016); *Keeley*, 2015 WL 3999488, at *4 n.2 (distinguishing *Knowlton* on

jurisdictions have similarly concluded that broad theories of personal jurisdiction by consent were abrogated by *Daimler*.[3]

As the Supreme Court noted in *Morris & Co. v. Scandinavia Ins. Co.*, "[t]he purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts *in controversies growing out of transactions within the state*." 279 U.S. 405, 408-409 (1929) (emphasis added). Thus, to the extent a corporation can be said to consent to jurisdiction by complying with a state's registration statutes, its consent covers only a court's exercise of *specific* personal jurisdiction over the corporation—not *general* personal jurisdiction, as Plaintiff suggests. As

---

the grounds that Missouri's registration statutes are different from Minnesota's and finding that the Supreme Court's holding in *Daimler* requires a rejection of *Knowlton*); *Neeley v. Wyeth LLC*, No. 4:11-cv-00325-JAR, 2015 WL 1456984, at *3 (E.D. Mo. Mar. 30, 2015).

[3] *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 637 (2d Cir. 2016) (noting that, post-*Daimler*, "federal due process rights likely constrain an interpretation [by a court] that transforms a run-of-the-mill registration and appointment statute into a corporate 'consent'—perhaps unwitting—to the exercise of general jurisdiction"); *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 176-78 (D.N.J. 2016) ("[T]he sweeping propositions of jurisdictional power in *Pennsylvania Fire* and *Neirbo* cannot be squared with the Supreme Court's current statements on jurisdiction in *Daimler*."); *Perez v. Air & Liquid Sys. Corp.*, No. 3:16-CV-00842-NJR-DGW, 2016 WL 7049153, at *9 (S.D. Ill. Dec. 2, 2016) (finding that the defendant "did not consent to jurisdiction by registering to do business and appointing an agent for service of process"); *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 105 (S.D.N.Y. 2015) ("After *Daimler*, . . . the mere fact of [defendant's] being registered to do business is insufficient to confer general jurisdiction in a state that is neither its state of incorporation or its principal place of business."); *AstraZeneca AB v. Mylan Pharms., Inc.*, 72 F. Supp. 3d 549, 556 (D. Del. 2014) (finding that a pre-*Daimler* Delaware Supreme Court decision standing for the proposition that compliance with the state's business registration laws sufficed to confer jurisdiction on the complying corporation could "no longer be said to comport with federal due process" in light of *Daimler* and that mere "compliance with Delaware's registration statutes . . . cannot constitute consent to jurisdiction," noting that "a contrary holding would lead to perverse incentives" insofar as "foreign companies that comply with the statute in order to conduct business lawfully are disadvantaged," while "those who do not register and do business in Delaware illegally are immune"); *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 142 (Del. 2016) (overturning an opinion predating *Daimler* in which the Delaware Supreme Court had held that corporations consented to general jurisdiction by registering to do business in the state).

3

demonstrated above, no Missouri court has specific jurisdiction over Defendants regarding Plaintiff's claims, and hence there is no consent-based jurisdiction over those claims.

### III. Missouri Courts Lack Specific Personal Jurisdiction Over Defendants

Plaintiff, a California resident who has alleged absolutely no connection to the forum state of Missouri, did not respond to Defendants' argument that this Court lacks specific personal jurisdiction over Defendants. As a result, Plaintiff has waived the point, and the Court should rule for Defendants on it. *See Ursery v. Federal Drug Enforcement Admin.*, No. 4:12CV1911 HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014) (construing plaintiff's failure to address defendant's "arguments in support of its Motion to Dismiss" as an abandonment of the claim or a concession of defendant's arguments).

### IV. Missouri Courts Lack General Personal Jurisdiction Over Defendants

Defendants demonstrated in their opening brief that they are not subject to general jurisdiction in Missouri. In opposition, Plaintiff claims "Cook's contacts with Missouri render it subject to personal jurisdiction in the state." Pl. Opp., at 2. Under the Supreme Court's recent decision in *Daimler AG*, 134 S. Ct. at 754, and the Missouri Supreme Court's recent decision in *Norfolk*, 2017 WL 770977, Cook's position is legally unassailable.

Plaintiff reasons that "Cook has continuous and systematic contacts with Missouri and aggressively marketed IVC filters in the State of Missouri." This argument cannot be reconciled with the Supreme Court's decision in *Daimler*, which limited general jurisdiction over a company to the states where it is incorporated and has its principal place of business, and limited specific jurisdiction to the state where the plaintiff's own specific claim arose or was related to. 134 S. Ct. at 761. As the Missouri Supreme Court explained in *Norfolk*, "[p]rior to *Daimler,* this would have been a valid argument. . . . But, it is no longer the law." *Norfolk*, 2017 WL 770977,

4

at *3 (citations omitted) (rejecting plaintiff's argument that defendant's "'continuous and systematic' business in Missouri supports finding that Missouri has general jurisdiction over it even for cases not arising from its activities in Missouri," even where defendant operated roughly 400 miles of railroad track in Missouri, generated approximately $232 million in revenue in Missouri, and employed nearly 600 people in Missouri).

For all these reasons, Plaintiff fails to establish that this Court has general personal jurisdiction over Defendants.

## V. Jurisdictional Discovery Would Be Futile In This Case

Without offering a single allegation connecting her claims to the state of Missouri, Plaintiff suggests jurisdictional discovery into Cook's contacts with Missouri would be appropriate in this case. In support of this request, Plaintiff—a citizen of California—points to a case in which the Missouri Supreme Court found an eBay auto dealer was subject to *specific* personal jurisdiction as to claims arising out of an online sale *to a Missouri resident*. Plaintiff's argument blurs the distinction between specific and general jurisdiction, and misses the point: there are no to-be-discovered jurisdictional facts that would support a Missouri court's exercise of personal jurisdiction over Cook in this case.

## VI. This Court Should Dismiss This Case, Not Transfer It

In support of her proposal that the Court "transfer the case(s) to appropriate venue(s)" under 28 U.S.C. § 1406(a), Plaintiff relies upon a decision in which (1) the *defendants* had moved in the alternative for transfer, and (2) the case had been pending for more than 18 months, during which time the parties conducted jurisdictional discovery, amended their pleadings, and renewed various briefing. *See Fleishman-Hillard, Inc. v. McCombs*, No. 4:10-CV-676 CAS, 2011 WL 5039809, at *5 (E.D. Mo. Oct. 24, 2011). Simply put, the interests of justice that

justified transfer in *Fleishman-Hillard* are not present in this case, and Plaintiff should not be permitted to sidestep dismissal following her blatant attempt to forum shop.

## CONCLUSION

For all of these reasons and for the reasons set forth in the opening brief, Defendants respectfully request this Court to dismiss Plaintiff's claims for lack of personal jurisdiction.

                        Respectfully submitted,

Dated March 7, 2017

/s/ John T. Schlafer
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

*Attorneys for the defendants, Cook Group Incorporated, Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe, ApS*

US.110380617.01

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served by first-class United States mail, postage prepaid, upon the following parties and/or counsel of record this 7th day of March, 2017.

>John J. Driscoll
>Gregory J. Pals
>THE DRISCOLL FIRM
>211 North Broadway, Suite 2440
>St. Louis, Missouri 63102
>
>James W. Childress (# 27591)
>Scott Kehlenbrink  (#60891)
>CHILDRESS AND AHLHEIM, LLC
>1010 Market St., Suite 500
>St. Louis, MO 63101
>Telephone:  (314) 621.9800
>
>
>/s/ John T. Schlafer