UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates to All Actions

_____

ORDER ON
DISCOVERY OF COOK GROUP, INC.'S FINANCIAL INFORMATION

The parties are at odds over whether Plaintiffs should be permitted to discover highly confidential financial information regarding Cook Group, Inc., the privately held parent company of the three named Cook Defendants. Plaintiffs contend their expert witness needs this information to calculate Defendants' net worth for punitive damages purposes. Defendants raise a host of objections to producing this information, but essentially contend that this information is confidential, irrelevant, not proportional to the needs of the case, and unnecessary in light of the voluminous financial information Defendants already produced.

The Court first addressed this issue at a February 21, 2017, telephonic status conference. After hearing argument on the matter, the Court held Plaintiffs' request was "exceedingly broad and not proportional to the needs of the case, particularly in light of the financial information Defendants have produced." [Filing No. 3777, at ECF p. 2.] Accordingly, the Court denied Plaintiffs' request, but did not foreclose reconsidering the issue. In leaving open this possibility, the Court cautioned: "However, any of Plaintiff's future requests, at a minimum, need to be substantially more narrow and Plaintiffs need to first meet and confer with Defendants in an effort to resolve such additional disputes." [*Id*.]

Plaintiffs subsequently narrowed the scope of their requests for Cook Group, Inc.'s financial information from 10 years to three years, though Plaintiffs continued to seek a substantial amount of financial information for this three-year period. The Court held a status conference March 13, 2017, to revisit this dispute. The parties were given an opportunity to be heard. In light of these arguments, the Court sustains Defendants' objections to producing this information.

Plaintiffs do not question that the information they seek is highly confidential financial information, and that Defendants are understandably uncomfortable providing this information to Plaintiffs in a multidistrict litigation that now has more than 1,500 pending cases. A protective order limiting disclosure of this information to Plaintiff's expert witness on damages, as well as select other Plaintiffs' attorneys in the case, presumably would minimize the chances of improper disclosure, though Defendants have made it abundantly clear that no amount of protections will sufficiently quell their concerns. These concerns are not sufficient, by themselves, to prohibit discovery of this highly confidential information. However, Defendants' legitimate concerns are a factor favoring non-disclosure.

Another factor favoring non-disclosure is the somewhat shifting justifications Plaintiffs have offered for needing this information. At the February 21 status conference, Plaintiffs argued in relevant part that they needed the disputed financial information because of concerns that the Cook Defendants might be hiding assets to avoid or minimize a potential punitive damages award. However, at the March 13 status conference, Plaintiffs acknowledged they had no evidence to support this concern and, appropriately, abandoned this purported justification.

Perhaps the most significant factor favoring non-disclosure is the vast amount of financial information the Cook Defendants have provided to Plaintiffs, including: (1) audited annual

reports for William Cook Europe from 2006—2015; (2) unaudited balance sheets for Cook Medical, Inc., from 2006—2015; (3) unaudited income statements for Cook Medical, Inc. from 2006—2015; and (4) unaudited income statements for Cook, Inc. from 2006—2015. The Cook Defendants also have agreed to supplement this information for the 2016 fiscal year once that information is available. Moreover, the Cook Defendants have produced a report of sales for Celect and Gunther Tulip filters within the United States from 2006—2014. Thus, Defendants have provided highly relevant financial data for the Defendants in this case for a 10-year period.

The fact that Plaintiffs seek even more financial information, or that Plaintiffs' expert witness claims he needs more information to assess net worth, is not controlling here. Defendants represented to the Court at the March 13 status conference that the three named Cook Defendants in this case represent only about 5% of the number of companies shown on Cook Group, Inc.'s balance sheets and income statements. To require Cook Group, Inc., a privately held company, to fling open its books for Plaintiffs' inspection simply goes too far. *See Flomo v. Bridgestone Americas Holding, Inc.*, 2009 WL 1456736, at *11 (S.D. Ind. May 20, 2009) (noting that where a company is not publicly traded, special concerns are implicated regarding production of sensitive financial information).

Plaintiffs' justification for disclosure of this financial information also relies on language in Case Management Order 3. This order, which allowed for the dismissal of Cook Group, Inc., states, "The Additional Cook Entities shall stand in the shoes of the Cook Defendants solely for the purpose of making financial payment and/or satisfying any judgment, including, but not limited to, judgment for punitive damages." [Filing No., 353, at ECF p. 3.] The order further states, "Notwithstanding any of the provisions above, discovery regarding the financial worth of any Additional Cook Entity is reserved until the scope of such discovery, if any, is determined by

a trial court at the appropriate time.  The Additional Cook Entities may not object to the production of such information on the basis that any such entity is not a party to the lawsuit; however, any and all other objections are reserved." [*Id.*]

      These CMO provisions do not mandate disclosure of Cook Group, Inc.'s financial information.  While the CMO makes it clear that the Cook Defendants cannot object to discovery from Cook Group, Inc. simply because that entity has been dismissed from the case, it likewise expressly states that discovery of Cook Group, Inc.'s net worth is reserved until the scope of such discovery, **if any**, is determined by a trial court at the appropriate time.  Thus, the CMO contemplates that the extent of any discovery of Cook Group, Inc.'s financial worth was an issue left for another day.  That day is today.  Consistent with its order following the February 21 status conference, the Court sustains the Cook Defendants' objections to Plaintiffs' attempt to obtain additional discovery regarding Cook Group, Inc.'s net worth.

Date:  3/15/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel of record via CM/ECF.
Distribution to all non-registered counsel of record to be made by Plaintiffs' Lead Counsel.