# EXHIBIT F

**From:** Ben Martin [mailto:bmartin@bencmartin.com]
**Sent:** Monday, March 27, 2017 6:53 PM
**To:** Pierson, Andrea Roberts
**Cc:** Butler, Abigail M.; Tanner, John Joseph; Schlafer, John T.; David Matthews; Michael Heaviside; Joe Williams; Matt Schultz; Bennett, James Stephen; Campbell, Andrew L.; Cox, Jessica Benson
**Subject:** Re: Subpoenas of experts

We can commit to the fact that we will provide what is required under rule 26 to be provided in the next few days. Certainly if there is some exception to that Andrea I am happy to address and will give you and yours any specific issue that we would be encountering. I'm shooting for Friday and hoping for Wednesday.

Sent from my iPhone

On Mar 27, 2017, at 4:08 PM, Pierson, Andrea Roberts <Andrea.Pierson@FaegreBD.com> wrote:

> Ben – I've now talked to you, Mike and Matt (via email) about this issue. As I understand it, Plaintiffs acknowledge that Cook is are entitled to the materials relied upon by Plaintiffs' experts, but thus far only Matt has committed to produce those materials for the 3 experts he is handling in any reasonable amount of time. Cook will hold off on serving the subpoenas to the remaining experts, provided we receive the materials in the next few days. Can you commit to that? If so, give us the date by which we will receive the materials, please, and that will resolve the issue.
>
> Let me know where you are on the other issues we discussed Friday when you are able. Please cc the FBD lawyers listed above, as I am away this week with my family. Thank you.
>
> Andrea
>
> **From:** Ben Martin [mailto:bmartin@bencmartin.com]
> **Sent:** Monday, March 27, 2017 3:33 PM
> **To:** Pierson, Andrea Roberts; Butler, Abigail M.; Tanner, John Joseph; Schlafer, John T.
> **Cc:** David Matthews; Michael Heaviside; Joe Williams
> **Subject:** Subpoenas of experts
>
> AbigailAndrea: The subpoenas Cook is in the process of serving on plaintiffs' experts are ill-conceived. The law is clear that subpoenas under rule 45 are not to be served on the opposing side's expert witnesses in order to circumvent or have the effect of circumventing Rule 26 and its specific prohibition against discovery of expert work product. Each of Cook's subpoenas do just that.
>
> The end result of Cook's actions in this endeavor should it proceed will be the waste of dozens or possibly hundreds of hours of attorney and expert time costing tens of thousands of dollars or more in responding to these subpoenas, drafting and filing motions to quash, and in dealing with these dozen or so experts Cook either has already subpoenaed or is in the process of subpoenaing.

1

We have provided Cook lists of readily identifiable, obtainable and discoverable documents these experts have reviewed. If you do not believe that to be sufficient then we are willing to discuss these things with you and if we still cannot reach resolution then the issue can be presented to the court. Subpoenaing plaintiffs' experts' files in this manner is not appropriate nor is it the solution to your client's perception of a problem.

We are asking that your client immediately withdraw these subpoenas and notify us that it has done so.

Just to repeat what is likely to be the result of this endeavor if it does not cease: *the waste of dozens if not hundreds of hours of attorney time and expert time costing tens of thousands of dollars or more.*

Thanks.

Ben

Sent from my iPhone