# EXHIBIT J

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION


IN RE: COOK MEDICAL, INC.,         )
IVC FILTERS MARKETING, SALES       ) Cause No.
PRACTICES AND LIABILITY,           ) 1:14-ML-2570- RLY-TAB
LITIGATION                         ) Indianapolis, Indiana
                                   ) **November 10,** 2016
                                   ) 10:00 a.m.
                                   )
```

### Before the Honorable
### RICHARD L. YOUNG

OFFICIAL REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE

**For Plaintiffs:**            David P. Matthews, Esq.
                               MATTHEWS & ASSOCIATES
                               2905 Sackett Street
                               Houston, TX  77098


                               Ben C. Martin, Esq.
                               LAW OFFICES OF BEN C. MARTIN
                               3710 Rawlins Street, Suite 1230
                               Dallas, TX  75219


                               Joseph N. Williams, Esq.
                               RILEY WILLIAMS & PIATT, LLC
                               301 Massachusetts Avenue
                               Indianapolis, IN  46204

| | |
|---|---|
| **For Defendants:** | Douglas B. King, Esq.<br>James McGinnis Boyers, Esq.<br>WOODEN & MCLAUGHLIN LLP<br>One Indiana Square, Suite 1800<br>Indianapolis, IN  4204 |
| | Andrea Roberts Pierson, Esq.<br>John T. Schlafer, Esq.<br>FAEGRE BAKER DANIELS LLP<br>300 N. Meridian St., Suite 2700<br>Indianapolis, IN  46204 |
| **Court Reporter:** | Margaret A. Techert<br>United States District Court<br>101 NW Martin Luther King Blvd.<br>Evansville, Indiana  47708 |

PROCEEDINGS TAKEN BY MACHINE SHORTHAND
TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION

```
1                THE COURT:  Okay.
2                MR. MARTIN:  We have --
3                MR. KING:  That's an issue.
4                MR. MARTIN:  We have given, whether -- whether
5    it's -- we have a disagreement on whether or not we have all
6    the 510k patients and I hope we can get that.  As the Court
7    has indicated, with tons of documents, yeah, we've asked for
8    some.  We don't think we've got them.  They've sometimes will
9    show us where they are.  That's how we work together.
10               THE COURT:  Sure.
11               MR. MARTIN:  That's easy.  But at this point, the
12   main thing is getting the complaint files.  But that's a big,
13   big issue and it is a number of documents.  So would that be a
14   month from now?
15               MR. KING:  All I want to know, Ben, we're talking
16   about the complaint files.  We'll work that out with Judge
17   Baker this afternoon.  We've got six custodian files.  And I
18   can tell you, we'll give you the Bates numbers for the 510k
19   documents that we produced a year ago that you told us this
20   morning we didn't.  But what else is there?  That's all I want
21   to know.
22               MS. PIERSON:  Your Honor, may I interject just one
23   thing respectfully?  There are -- as I hear it, there are few
24   issues here.  One is the question of, for all the discovery
25   that's been done for the last year and a half, we're hearing
```

1  now about alleged deficiencies and things that were produced
2  and responded to a year and a half ago. At some point there
3  has to be a date by which if you've got a problem with what
4  we've done, you raise it. After that, we can't just keep
5  going back to the well over and over and over and over again
6  on things that happened a year and a half ago.
7           And Your Honor's question about when can we get a
8  list of whatever those things are, I think is one, appropriate
9  deadline; and my view it would be fair for Your Honor to say
10 to the plaintiffs, to the extent that there's something that
11 you think you're missing, tell Cook that by December the 1st,
12 or whatever date Your Honor chooses. That's one deadline that
13 could be very helpful to all of us.
14          Another deadline that could be very helpful is
15 really not a date but Mr. King is asking and Cook is asking
16 you to issue an order that says consistent with Judge Baker's
17 ruling, that there would be a total of 26 depositions and six
18 additional custodian files; that whenever those are completed,
19 that is all of the discovery to be done, period. There is no
20 no more. There will be no more requests for depositions or
21 custodian files.
22          We've been under the gun of this discovery on the
23 receiving end for a year and a half. It is time to turn the
24 page on that so that we can really focus on working these
25 cases up for trial. And as it stands on a daily basis,

there's some email message asking, "Where is this" or "Where is that," that causes our professionals to search and supply information to the plaintiff.

It's common in litigation for there to be disputes about things like exemplar production or deposition protocols. We'll handle that in the ordinary course. But there must be a time at which company discovery ends and we've reached that point. We told you, and the plaintiffs confirm in their briefing, that that point had happened two months ago. And then suddenly there was this request for additional deposition and custodian files.

But what we very much need from the Court are a couple of directives. One, when does all the complaining about what's happened in the past stop; and two, these depositions and custodian files are the end of company discovery.

THE COURT: Thank you. I assume for Magistrate Judge Baker to grant plaintiffs' request for additional discovery, I assume there was meritorious argument and compelling reasons to do that. So my thought would be that once these depositions are taken and those are finished, then it would be appropriate to establish a cut-off point, with the understanding that if there's an argument for compelling additional discovery, the Court would consider that, which is always the case but -- at least in my court. So I would think

1  that once this additional discovery is finished up, that a
2  cut-off point would be appropriate.
3              MR. MARTIN:  Absolutely, Your Honor.  And to make it
4  even -- maybe even more clear, if -- if Cook has certified or
5  is certifying that we have received all of the discovery that
6  has -- you know, that has --
7              THE COURT:  I'm assuming they have records of that
8  or they wouldn't represent that.
9              MR. MARTIN:  Then what we will do is within the next
10 14 days, we will provide Cook with a list of the things that
11 we believe we do not have and we will seek -- if necessary, we
12 will give them an opportunity to produce those.  And if we
13 disagree on what they have suggested or given us, then we'll
14 get a hearing with Judge Baker on all of the different motions
15 to compel; and I think we can be finished with this before the
16 end of the year or certainly -- and Your Honor, we have again
17 a deposition -- excuse me, a report deadline of January the
18 16th.  We want it badly.
19             I'm not -- I feel uncomfortable getting in sort of
20 a -- one of those matches that I won't use the word; but Your
21 Honor, we see -- we see on the part of Cook, over the last
22 several months, when we've asked for very simple things, the
23 exemplars and the cleaning protocol so we can get those things
24 to our experts, when we ask for sales reps depositions and
25 weeks go by and we don't get any dates, we think that -- I

1   just want to leave this with the Court.  That there is another
2   side to all this and the side that we're seeing is a bit of a
3   delay; and whether it's on purpose or whether it's on
4   accident, it's really giving us difficulties in getting our
5   experts the information that they need in order to do their
6   reports and that's our perspective.  Thank you.
7           THE COURT:  All right.  Well, you'll provide within
8   14 days, then, Cook with information regarding documents you
9   think that have been ordered to be produced and you have not
10  received or misplaced.  But in any event, if you misplaced
11  them and you can't find them, you need another copy, anyway.
12  So if you can do that within 14 days.
13          And then also ==we have the understanding that once
14  the additional discovery has been taken here,== ==that we'll
15  have -- by agreement we'll have a== ==cut-off point for== ==further
16  Cook fact== ==discovery.==
17          MR. KING:  Thank you, Your Honor.
18          THE COURT:  With the understanding, of course, that
19  if something comes up that's compelling, we'll consider it.
20          MR. KING:  Your Honor, and in that regard, just so
21  there's no misimpression.  For example, when they deposed
22  Artimogard Nielsen (phonetic) about Dr. Gunther's clot
23  trapping study, they found that there was data -- underlying
24  data that they hadn't received that they wanted to go back and
25  look and see if it was there and we did so.  We didn't need a