# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION
_____

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

_____

**NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION OF**
**HENRIK GYLLUN WITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and through their undersigned attorneys, will take the deposition of **Henrik Gyllun** on **May 16, 2017, at 9:30 a.m.** at Faegre, Baker, Daniels, 300 North Meridian, Suite 2700, Indianapolis, IN 46204.  The deposition will be taken before a person authorized by law to administer oaths and will continue from day to day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will be recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2, ¶ D.

Date: March 21, 2017.

s/ *Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, March 21, 2017, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

Ms. Andrea Pierson
Faegre, Baker, Daniels, LLP
300 North Meridian
Suite 2700
Indianapolis, IN 46204
*andrea.pierson@faegrebd.com*

        /s/    Ben C. Martin
        Ben C. Martin

## CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS[1]

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**

Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

1. All documents constituting or containing written communications by or to the witness relating in whole or in part to:
    (a) any animal test or study of any Subject IVC filter;
    (b) any bench or other pre-clinical test or study of any Subject IVC filter, including computer analyses;
    (c) any clinical test or study of any Subject IVC filter.

2. With respect to any test or study of any Subject IVC filter that the witness participated in or commented upon in writing, **(i)** all test or study reports (draft and final) and **(ii)** all raw data for the test or study, including all documents created in the course of carrying out the test or study.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

3.   All versions of Cook's Quality Policy Manual in effect at any time from October 28, 1998, to the present, including each such manual for Cook, Inc., Cook Medical, MEDI/CRI, and WCE if different manuals governed each.

4.   All formal or informal written corporate policies, standards, procedures, or processes that applied to any or all Defendants between October 28, 1998, and the present, which govern(ed) or otherwise pertain(ed) to:

**(i)**   complaint and complaint investigation in connection with Cook IVC filters, including complaints regarding the identity, durability, reliability, safety, or performance of any marketed Cook IVC filter or filter-related service, specifically including AE complaints;

**(ii)**   the creation or maintenance of complaint failure codes for Cook IVC filters;

**(iii)**   definitions to be applied in QA/QE IVC filter-related investigations, including investigations of AE complaints;

**(iv)**   AE trending and trending lists for Cook IVC filters;

**(v)**   internal auditing responsibilities of Cook's QA/QE departments;

**(vi)**   document and data control;

**(vii)** methods of conducting or otherwise ensuring the quality of any tests or studies, including animal, bench/pre-clinical, and clinical tests or studies, that pertained to IVC filters, including all requirements for test method validation and documentation of such tests or studies;

**(viii)** product labeling for Cook IVC filter products.

5.   All formal or informal written corporate policies, standards, procedures, or processes that were not produced in response to the preceding request but governed the responsibilities or operations of the QA/QE department(s) at any time between October 28, 1998, and the present.

6.   All quality engineering standards and specifications that Cook incorporated into the design of its Gunther Tulip or Celect filters marketed anywhere in the world at any time.

7.   All documents reflecting the initiation and/or resolution of CAPAs relating to Cook IVC filters, specifically including all IVC filter-related documents submitted for management review pursuant to 21 CFR 820.100(a)(7) and all IVC filter-related documents maintained pursuant to 21 CFR 820.100(b).

8.   All documents constituting or containing speeches, training courses, and other presentations pertaining in any way to the subjects identified in (a)-(h) above if: **(i)** presented or planned to be presented by the witness, or **(ii)** drafted, in whole or in part, by the witness for use by another, or **(iii)** reviewed and commented upon by the witness.

9. If not produced in response to the preceding request, all materials presented or distributed in connection with Cook's "Quality Awareness Education" program.

10. All entries on business/office calendar(s) for the witness for the period 1999-present which entries reflect appointments, meetings, deadlines, or other activities pertaining to IVC filter-related business.

11. The witness's personnel file, by whatever name (redacted of any protected health information, if applicable, and other matters protected from disclosure by state or federal privacy law).