# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION
_____

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

_____

**NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION OF
JAMES SMITH WITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and through their undersigned attorneys, will take the deposition of **James Smith** on **May 9, 2017, at 9:30 a.m.** at Faegre, Baker, Daniels, 300 North Meridian, Suite 2700, Indianapolis, IN 46204.  The deposition will be taken before a person authorized by law to administer oaths and will continue from day to day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will be recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2, ¶ D.

Date: March 24, 2017.

s/ *Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com

*Co-Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day, March 24, 2017, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

Ms. Andrea Pierson
Faegre, Baker, Daniels, LLP
300 North Meridian
Suite 2700
Indianapolis, IN 46204
*andrea.pierson@faegrebd.com*


                /s/   Ben C. Martin
                Ben C. Martin

# CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS[1]

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**  Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

  1.   All documents constituting or containing written communications by or to the witness relating in whole or in part to:
- (a) any animal test or study of any Subject IVC filter;
- (b) any bench or other pre-clinical test or study of any Subject IVC filter, including computer analyses;
- (c) any clinical test or study of any Subject IVC filter;
- (d) training of or outreach to physicians or other healthcare professionals on any aspect of the design, safety, performance, or use of any Subject IVC filter or filter delivery system;
- (e) sales-, promotional-, or marketing-related training or education of any Cook official or employee which was intended to further Cook's IVC filter-related business;

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

    (f)  VISTA.

    2.  With respect to any test or study of any Subject IVC filter that the witness participated in or commented upon in writing, **(i)** all test or study reports (draft and final) and **(ii)** all raw data for the test or study, including all documents created in the course of carrying out the test or study.

    3.  All documents constituting or containing materials created or used for training of or outreach to physicians or other healthcare professionals on any aspect of the design, safety, performance, or use of any Subject IVC filter or filter delivery system, which materials the witness created in whole or in part, reviewed, edited, commented upon, or presented.

    4.  All documents constituting or containing materials created or used for sales-, promotional-, or marketing-related training or education of any Cook official or employee and which **(i)** were intended to further Cook's IVC filter-related business and **(ii)** were created in whole or in part, reviewed, edited, commented upon, or presented by the witness.

    5.  All VISTA-related documents that the witness created in whole or in part, reviewed, edited, commented upon, or presented.

    6.  All formal or informal written corporate policies, standards, procedures, or processes that applied to any or all Defendants between October 28, 1998, and the present, which govern(ed) or otherwise pertain(ed) to:

    **(i)**  advertising or marketing Cook IVC filters;

    **(ii)**  sales-related or other promotional communications between Cook personnel and physicians or other healthcare providers, whether applicable to medical devices generally or IVC filters specifically;

    **(iii)**  memorializing or relaying to other Cook personnel the communications between Cook sales representatives and physicians or other healthcare providers regarding medical devices generally or IVC filters specifically;

    **(iv)**  off-label promotion of Cook products, whether applicable to medical devices generally or IVC filters specifically;

    **(v)**  remuneration of physicians or other healthcare providers for services provided to Cook;

    **(vi)**  regulatory or other legal constraints on the time, manner, or form of communication between Cook sales personnel and physicians or other healthcare providers, whether applicable to medical devices generally or IVC filters specifically;

    **(vii)** expense reporting for Cook sales representatives.

   5. All formal or informal written corporate policies, standards, procedures, or processes that were not produced in response to the preceding request but governed the witness's responsibilities or those of employees he supervised.

   8. To the extent not produced above, all documents constituting or containing speeches, training courses, and other presentations pertaining in any way to the subjects identified in 1(a)-(f) above if: **(i)** presented or planned to be presented by the witness, or **(ii)** drafted, in whole or in part, by the witness for use by another, or **(iii)** reviewed and commented upon by the witness.

   9. All entries on business/office calendar(s) for the witness for the period 1999-present which entries reflect appointments, meetings, deadlines, or other activities pertaining to IVC filter-related business.

   10. The witness's personnel file, by whatever name (redacted of any protected health information, if applicable, and other matters protected from disclosure by state or federal privacy law).