# EXHIBIT P

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

_____

**NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION
OF LARS MILLINGWITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and through their undersigned attorneys, will take the deposition of **Lars Milling** on **May 2**, **2017, at 9:30 a.m.** at Faegre, Baker, Daniels, 300 North Meridian, Suite 2700, Indianapolis, IN 46204.  The deposition will be taken before a person authorized by law to administer oaths and will continue from day to day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will be recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2, ¶ D.

Date: March 27, 2017.

s/ *Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com
*Co-Lead Counsel for Plaintiffs*

**CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS[1]**

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**  Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

   1. All documents constituting or containing written communications by or to the witness relating in whole or in part to:
   (a) any animal test or study of any Subject IVC filter;
   (b) any bench or other pre-clinical test or study of any Subject IVC filter, including computer analyses;
   (c) any clinical test or study of any Subject IVC filter;
   (d) labeling, advertising, promotion or marketing of any Subject IVC filter or filter delivery system;
   (e) the design or performance of any Subject IVC filter;
   (f) the safety or efficacy of any Subject IVC filter;
   (g) any Defendant's compliance or noncompliance with any US or international regulatory laws or controls with respect to any Subject IVC filter.

   2. With respect to any test or study of any Subject IVC filter that the witness participated in or commented upon in writing, **(i)** all test or study reports (draft and final) and **(ii)** all raw data for the test or study, including all documents created in the course of carrying out the test or study.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

3.   All formal or informal written corporate policies, standards, procedures, or processes that applied to any or all Defendants between October 28, 1998, and the present, which govern(ed) or otherwise pertain(ed) to:

**(i)**   complaint and complaint investigation in connection with Cook IVC filters, including complaints regarding the identity, durability, reliability, safety, or performance of any marketed Cook IVC filter or filter-related service, specifically including AE complaints;

**(ii)**   the creation or maintenance of complaint failure codes for Cook IVC filters;

**(iii)**   definitions to be applied in QA/QE IVC filter-related investigations, including investigations of AE complaints;

**(iv)**   AE trending and trending lists for Cook IVC filters;

**(v)**   IVC filter-related adverse event reporting to FDA;

**(vi)**   compliance with FDA's quality systems regulation;

**(vii)**   current good manufacturing practices for all Subject IVC filters;

**(viii)**   product labeling for Cook IVC filter products.

4.   All formal or informal written corporate policies, standards, procedures, or processes that were not produced in response to the preceding request but governed the witness's responsibilities or those of employees or officials who reported directly to the witness.

5.   Any or all organizational charts that, taken together, reflect the executive and/or management structure, including individuals within a given position, for the period October 28, 1998 through December 31, 2015, for William Cook Europe.

6.   To the extent not produced above, all documents constituting or containing speeches, training courses, and other presentations pertaining in any way to the subjects identified in 1(a)-(g) above if: **(i)** presented or planned to be presented by the witness, or **(ii)** drafted, in whole or in part, by the witness for use by another, or **(iii)** reviewed and commented upon by the witness.

7.   All entries on business/office calendar(s) for the witness for the period 1999-present which entries reflect appointments, meetings, deadlines, or other activities pertaining to IVC filter-related business.

8.   The witness's personnel file, by whatever name (redacted of any protected health information, if applicable, and other matters protected from disclosure by state or federal privacy law).