# EXHIBIT V

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

_____

**SUBPOENA TO TESTIFY AT A VIDEO DEPOSITION IN A CIVIL ACTION**

TO:    John A. Kaufman, M.D.
       c/o Dotter Institute/Interventional Angiography Assocs., PC
       3181 SW Sam Jackson Park Rd.
       Portland, OR 97239

   **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. The deposition will be recorded stenographically and will be videotaped.

   Time:  9:00 a.m. (PDT)
   Date:  Monday June 19, 2017
   Place: Rose, Senders & Bovarnick
          1205 NW 25th Ave.
          Portland, OR 97210

_____

   The following provisions of Fed. R. Civ. P. 45 are attached: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so. A notice of deposition also is attached.

   Date: March 27, 2016

                                          s/ *Ben C. Martin*_____
                                          BEN C. MARTIN
                                          Law Office of Ben C. Martin
                                          3219 McKinney Ave., Ste. 100
                                          Dallas, TX 75204
                                          Tel: (214) 761-6614
                                          Fax: (214) 744-7590
                                          bmartin@bencmartin.com
                                          *Lead Co-Counsel for Plaintiffs*

Civil Action No. 1:14-ml-2570-RLY-TAB – MDL No. 2570

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for JOHN A. KAUFMAN, M.D., on *(date)*: _____.

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

on *(date)*: _____; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $65.00.

My fees are $ _____for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date:  _____           _____
                                                                *Server's signature*

                                                  _____
                                                                *Printed name and title*

                                                  _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

_____

_____

_____

_____

**Federal Rule of Civil Procedure 45 (c), (d), (e) and (g) (Effective 12/1/13)**

(c) Place of Compliance.
  (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.
  (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

_____

**NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION OF**
**JOHN A KAUFMAN, M.D., WITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and through their undersigned attorneys, will take the deposition of **John A. Kaufman, M.D.,** on **June 19**, **2017, at 9:00 a.m.** at Rose, Senders & Bovarnick, 1205 NW 25th Ave., Portland, OR 97210.  The deposition will be taken before a person authorized by law to administer oaths and will continue from day to day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will be recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2, ¶ D.

Date: March 27, 2017.

s/ *Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com
*Co-Lead Counsel for Plaintiffs*

**CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS[1]**

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**  Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

  1. All documents constituting or containing written communications by or to the witness relating in whole or in part to:
   (a) any animal test or study of any Subject IVC filter;
   (b) any bench or other pre-clinical test or study of any Subject IVC filter, including computer analyses;
   (c) any clinical test or study of any Subject IVC filter;
   (d) the design or performance of any Subject IVC filter;
   (e) the safety or efficacy of any Subject IVC filter.

  2. With respect to any test or study of any Subject IVC filter that the witness participated in or commented upon in writing, **(i)** all test or study reports (draft and final) and **(ii)** all raw data for the test or study, including all documents created in the course of carrying out the test or study.

  3. To the extent not produced above, all documents constituting or containing speeches, training courses, and other presentations pertaining in any way to the subjects identified in 1(a)-(g) above if: **(i)** presented or planned to be presented by the witness, or **(ii)** drafted, in whole or in part, by the witness for use by another, or **(iii)** reviewed and commented upon by the witness.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

    4.   Any and all contracts or agreements between Cook and the witness for the provision of goods or services related to IVC filters.

    5.   Any and all documents reflecting payment or reimbursement from Cook to the witness for services or costs rendered relating to IVC filters, including but not limited to consulting work, conducting or participating in studies or tests of any IVC filter or filter component, grants, endowments, honoraria, speaking fees, travel expenses, entertainment expenses, compensation in kind, and any other form of compensation for such services or costs.

    6.   Any and all confidentiality, non-disclosure, or non-compete agreements between Cook and the witness relating to IVC filters or relating to the witness's work in connection with IVC filters.