# EXHIBIT X

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ | Case No.1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Actions _____ | |

**NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION OF**
**PAUL TIMPERMAN, M.D., WITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and through their undersigned attorneys, will take the deposition of **Paul Timperman, M.D.,** on **May 3**, **2017, at 9:30 a.m.** at Faegre, Baker, Daniels, 300 North Meridian, Suite 2700, Indianapolis, IN 46204. The deposition will be taken before a person authorized by law to administer oaths and will continue from day to day, excluding Sundays and court-recognized holidays, until the examination is completed. The deposition will be recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2, ¶ D.

Date: March 27, 2017.

s/ *Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com
*Co-Lead Counsel for Plaintiffs*

**CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS[1]**

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**  Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

   1. All documents constituting or containing written communications by or to the witness relating in whole or in part to:
   (a) any animal test or study of any Subject IVC filter;
   (b) any bench or other pre-clinical test or study of any Subject IVC filter, including computer analyses;
   (c) any clinical test or study of any Subject IVC filter;
   (d) the design or performance of any Subject IVC filter;
   (e) the safety or efficacy of any Subject IVC filter
   (f) complaints, complaint investigation, and adverse event reporting for any Subject IVC filter.

   2. With respect to any test or study of any Subject IVC filter that the witness participated in or commented upon in writing, **(i)** all test or study reports (draft and final) and **(ii)** all raw data for the test or study, including all documents created in the course of carrying out the test or study.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

    3.  To the extent not produced above, all documents constituting or containing speeches, training courses, and other presentations pertaining in any way to the subjects identified in 1(a)-(f) above if: **(i)** presented or planned to be presented by the witness, or **(ii)** drafted, in whole or in part, by the witness for use by another, or **(iii)** reviewed and commented upon by the witness.

    4.  Any and all contracts or agreements between Cook and the witness for the provision of goods or services related to IVC filters.

    5.  Any and all documents reflecting payment or reimbursement from Cook to the witness for services or costs rendered relating to IVC filters, including but not limited to consulting work, conducting or participating in studies or tests of any IVC filter or filter component, grants, endowments, honoraria, speaking fees, travel expenses, entertainment expenses, compensation in kind, and any other form of compensation for such services or costs.

    6.  Any and all confidentiality, non-disclosure, or non-compete agreements between Cook and the witness relating to IVC filters or relating to the witness's work in connection with IVC filters.