# EXHIBIT E

wooden mclaughlin

**James M. Boyers**
*Jim.Boyers@WoodenMcLaughlin.com*
*Direct Dial  317.860.5366*

February 20, 2017

Magistrate Baker

Re:      February 21, 2017 Conference

Dear Magistrate Baker:

As you know, the parties have reached an *impasse* regarding the additional financial information Plaintiffs seek in this litigation.  Although the Cook Defendants continue to maintain that their financial information is irrelevant, except potentially to the limited area of punitive damages, and question whether such information is relevant to punitive damages,[1] the Cook Defendants understand and respect that this Court disagrees with this position.  To comply with this Court's wishes, Cook Defendants therefore produced the following financial information in connection with their Responses to requests 6, 8, and 9 in Plaintiffs' Second Master Set of Requests for Production of Documents (the relevant portion of which is attached hereto as Exhibit A):

- (Audited) Annual Reports for William Cook Europe from 2006-2015;
- (Unaudited) Balance Sheets for Cook Medical, Inc. from 2006-2015;
- (Unaudited) Income Statements for Cook Medical, Inc. from 2006-2015;
- (Unaudited) Balance Sheets for Cook, Inc. from 2006-2015; and
- (Unaudited) Income Statements for Cook, Inc. from 2006-2015.[2]

The Cook Defendants also agreed to supplement this information for the 2016 fiscal year once the information is available.  The Cook Defendants had previously produced a report of sales for Celect and Gunther Tulip within the U.S. from 2006-2014.

These documents more than adequately satisfy any obligation to produce requested information about the Cook Defendants' current net worth, which is the only financial matter on which Plaintiffs could arguably be entitled to conduct discovery.  *See generally* Restatement (Second)

---

[1] *See Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508 (7th Cir. 1992); *Yund v. Covington Foods, Inc.*, 193 F.R.D. 582, 589 (S.D. Ind. 2000) (holding a corporate defendant's net worth is irrelevant to the assessment of punitive damages against it).

[2] A list of the applicable documents with Bates numbers is attached as an Appendix.  Cook Inc. and Cook Medical, LLC f/k/a Cook Medical, Inc. do not have audited annual reports.



February 20, 2017
Page 2

of Torts § 908(2) (1979). Indeed, Cook has already produced roughly 10 years of financial data, which is already more information than Cook is reasonably required to produce. *See U.S. v. Haddox*, 2009 WL 3586957, at *3 (N.D. Ind. Oct. 27, 2009) (holding only a defendant's *current* net worth is relevant and limiting discovery of financial information to the previous 2-3 year period). Based on meet and confers in January, Cook was under the assumption that the parties had resolved this issue as of January 20, 2017.

However, on February 9, 2017, Cook was informed that Plaintiffs wanted additional financial documents. (*See* E-mail from Bill Curtis to Ben Martin, et al., dated February 9, 2017, (attached hereto as Exhibit B).) Not only are these requests belated, but some seek information that is cumulative and duplicative of what Cook already has produced. Moreover, many of the requests are overly broad and irrelevant to the question of the Cook Defendants' current net worth. For example, Plaintiffs seek information about lines of credit or credit facilities extended or established between the various Cook entities. These documents are not necessary for the calculation of net worth. Given the Cook Defendants already has produced requested financial information arguably relevant to determining the net worth of the Cook defendants, these requests for additional financial data are not proportional to the needs of this case as required by Fed. R. Civ. Pro. 26(b)(1).

Furthermore, some of the requests appear to be designed solely to harass and embarrass Cook. For example, Plaintiffs now seek the total compensation for the president and/or CEO of each Cook entity. Not only is this information private and irrelevant, *cf. Wauchop*, 138 F.R.D. at 550-51 (denying requests about stock ownership in a company as irrelevant), but Plaintiffs' insistence upon this information is simply one more belated attempt by Plaintiffs to harass or embarrass the Cook defendants by fishing for information to which they are not entitled. Furthermore, because Cook is not a publically traded company, such information is especially sensitive and deserving of protection. *See Flomo v. Bridgestone Americas Holding, Inc.*, 2009 WL 1456736, at *11 (S.D. Ind. May 20, 2009) (noting that where a company is not publicly traded, special concerns are implicated regarding production of sensitive financial information).

Plaintiffs now demand that the Cook Defendants produce financial documents related to Cook Group, Inc. However, the Cook Defendants made clear that they were responding only for the named defendants in their responses. If Plaintiffs took issue with the Cook Defendants objections on this issue, then Plaintiffs should have raised this issue much sooner than February 9th.

Plaintiffs cite to Case Management Order No. 3 (Dkt. 1695) ("CMO No. 3) to suggest they are entitled to discovery of Financial Documents for other Cook entities. However, CMO No. 3 states in relevant part that "discovery regarding the financial net worth of any Additional Cook Entity is reserved until the scope of any such discovery, if any, is determined by a trial court at the appropriate time." In light of the lack of relevance of the discovery into the net worth of the non-defendant Cook entities and the significant burdens associated with producing such sensitive

February 20, 2017
Page 3



information about the company, such requests are not proportional to the needs of the case. Moreover, CMO No. 3 does not, as Plaintiffs suggest, require such discovery into financial information about other Cook entities.   Given the Cook Defendants' clear objections to producing financial information about other Cook entities, this issue should have been brought to the trial court for a determination of the scope of such discovery much sooner if Plaintiffs believed that such information was needed for their expert report(s).

Similarly, it remains unclear how the February 9th requests fall within the ambit of Plaintiffs' previous requests regarding financial information (*i.e.*, requests 6, 7, 8, and 9 in Plaintiffs' Second Master Set of Requests for Production of Documents).   In particular, the following new requests made by Plaintiffs on February 9th in Exhibit B are not within the scope of their previous requests:

1. "Cash Flow Statements for the last five fiscal years and the most recent completed fiscal quarter";

2. "Details of any transactions, loans, and payments (including dividends), between each defendant and that defendant's parent company for the last five fiscal years and the most recent completed fiscal quarter";

3. "Any and all Advertising Expenditures, Research and Development Expenditures, and Capital Expenditures for the last five fiscal years";

4. "Any Lines of Credit or Credit Facilities extended or established specifically for each defendant and that defendant's parent company for the last five fiscal years and the most recent completed fiscal quarter";

5. "Explanations of any and all cash management policies between each defendant and that defendant's parent company"; and

6. "Total compensation for the president and/or chief executive office of each defendant company for the most recently ended fiscal year."[3]

(*See* E-mail from Bill Curtis to Ben Martin, et al., dated February 9, 2017, (attached hereto as Exhibit B).)   Put simply, these requests are new, untimely, and should be prohibited.  *See* Case Management Order No. 17 (Sixth Amended Case Management Plan) [Dkt. 1749], at 5 (June 8, 2016) ("The parties shall serve Master Discovery (Request for Production of Documents and Interrogatories), if any, on or before April 15, 2015.").   Moreover, net worth is shown by assets

---

[3] Plaintiffs also requested income statements and balance sheets for the last five fiscal years, together with any accompanying explanatory notes.  The Cook Defendants, however, have already produced the requested income statements and balance sheets, and have explained to Plaintiffs that no explanatory notes were prepared in conjunction with these financial statements.

February 20, 2017
Page 4



minus liabilities and is reflected in the companies' income statements and balance sheets, which have already been produced.  Supplemental information such as cash flow statements, company loan activity, advertising expenditures, lines of credit, cash management policies, and officer compensation are not needed to determine net worth.

In summary, the Cook Defendants have satisfied their discovery obligations pertaining to the production of their financial information needed to calculate net worth.  Moreover, Plaintiffs' requests are designed, at best, to fish for information, or at worst, to harass, annoy, and embarrass the Cook Defendants.   Given the Cook Defendants have already produced the documents Plaintiffs need to determine the Cook Defendants' current net worth, Plaintiffs' February 9, 2017 requests are not proportional to the needs of the case.  We respectfully request, therefore, that the Court deny Plaintiffs' request for any further discovery from the Cook Defendants' on this issue.

Respectfully,

Very truly yours,

James M. Boyers

JMB/rjb

Attachments

cc:    Ben C. Martin (via email) (bmartin@bencmartin.com)
       Michael W. Heaviside (via email) (mheaviside@hrzlaw.com)
       David P. Matthews (via email) (dmatthews@thematthewslawfirm.com)
       Joseph N. Williams (via email) (jwilliams@rwp-law.com)
       Douglas B. King (via email) (doug.king@woodenmclaughlin.com)
       Andrea R. Pierson (via email) (andrea.pierson@faegrebd.com)

1709283-1 (10909-0412)

211 North Pennsylvania Street, One Indiana Square, Suite 1800, Indianapolis, IN 46204
P 317.639.6151   888.639.6151   F 317.639.6444   www.WoodenMcLaughlin.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to:  All Actions

## COOK'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND MASTER SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Cook Incorporated ("CI"), Cook Medical LLC, formerly known as Cook Medical Incorporated ("CM"), and William Cook Europe ApS ("WCE"), (sometimes collectively "Cook"), hereby provide the following Objections and Responses to Plaintiffs' Second Set Of Requests for Production of Documents ("Plaintiffs' RFPs").

## PRELIMINARY STATEMENTS, GENERAL OBJECTIONS AND DEFINITIONS

The following preliminary statements, general objections and definitions apply to each of Plaintiffs' RFPs and are expressly incorporated into Cook's Response to each RFP:

1.     Cook objects to each RFP as untimely served under the previous and current Case Management Orders in MDL 2570, which set the deadline for serving master written discovery as April 15, 2015.

2.     Cook's responses are and will be made solely for the purpose of actions within MDL 2570 and on behalf of the Cook companies that are parties thereto.  Cook reserves the right to object to the use of these responses in any other proceeding.

3.     Cook's responses are on behalf of Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS.  Cook objects to the extent these RFPs request documents or ESI from other Cook companies who are not proper parties to the actions in MDL 2570.

4.      These objections and Cook's responses are and will be made pursuant to generally-accepted usages of the English language.   To the extent that any of Plaintiffs' RFPs, or the Definitions and Instructions served with them, attempt to impose obligations inconsistent with or greater than those imposed by applicable rules and generally accepted usages of the English language, Cook has no such obligation.

5.      Cook objects to each RFP in its entirety to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest doctrine, the insurer/insured privilege or any other applicable constitutional, statutory, or common law privilege, doctrine, immunity, or rule.   Such protected information will not be produced, but a privilege log will be produced to the extent required by and in accordance with the CMO #10 [Docket No. 520] and the Federal Rules of Civil Procedure.

6.      Cook objects to each of the Definitions, Instructions and RFPs included in Plaintiffs' RFPs to the extent that they seek to impose obligations on Cook in addition to or different from those in the Federal Rules of Civil Procedure or Case Management Order #11 (Electronically Stored Information and Document Production Protocol) [Docket No. 521] or the Denmark Protocol as amended and approved by the Court on September 14, 2015 [Docket No. 649].

7.      Cook objects to each of the Definitions, Instructions and RFPs included in Plaintiffs' RFPs to the extent that Plaintiffs are thereby attempting to discover information that is not relevant to any party's claim or defense and is not proportional to the needs of the cases in this MDL.

8.      To the extent an RFP contains terms that are vague or ambiguous, Cook has made a good faith effort to apply the common and relevant meaning to such terms.

9.      Cook objects to Plaintiffs' Definitions and Instructions and to all RFPs that are not reasonably limited in time or scope, to the extent that the discovery thereby sought is unreasonably

cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, or is not proportional to the needs of the cases in this MDL considering the importance of the issues at stake, the amount in controversy, the Parties' relative access to relevant information, the Parties' resources, the importance of the information in resolving the issues and whether the burden or expense of the Request outweighs its likely benefit.

10.     Cook objects to the extent Plaintiffs' RFPs request documents or ESI that include non-responsive and propriety information concerning other products and/or Cook companies. Cook objects to providing duplicative, redundant, superfluous, or preliminary documents, reports or ESI that contain such non-responsive and proprietary information, if Cook is otherwise providing the requested responsive data or documents in another form that does not reveal said non-responsive proprietary information.  If a document is or has been withheld from an otherwise relevant document family on this basis, a slip sheet bearing "Non-responsive proprietary" has been/will be produced in place of the particular family member.  Similarly, if a document has been redacted on this basis, the produced document will bear language indicating this basis for the redaction.

11.     Cook objects to the extent that Plaintiffs' RFPs request information encompassing ongoing clinical studies, which would be overly broad, unduly burdensome, harassing, and disproportionate to the needs of this MDL.  Courts have routinely recognized that incomplete scientific research falls outside of the appropriate parameters of discovery because of the inherent unreliability of preliminary scientific research, the proprietary nature of such research, and the need to protect the integrity of the ongoing studies. If a document is or has been withheld from an otherwise relevant document family on this basis, a slip sheet bearing "NR Ongoing Clinical" is or has been produced in place of the particular family member.  Similarly,

if a document has been redacted on this basis, the produced document will bear language indicating this basis ("Ongoing Studies") for the redaction.

12.     Cook notes that any responsive proprietary or otherwise confidential information produced in MDL 2570 is subject to Case Management Order #8 (Stipulated Protective Order on Confidential Information) [Docket No. 481] and must be handled accordingly.

13.     Cook objects to the extent Plaintiffs' RFPs request documents or ESI from custodians beyond the twenty-five (25) custodians selected by Plaintiffs per the Court's Order on February 12, 2015 Telephonic Status Conference [Docket No. 244] and the non-custodial sources identified for discovery in Case Management Order #11 (Electronically Stored Information and Document Production Protocol) [Docket No. 521].

14.     Cook does not concede that any of the information sought or provided is authentic, relevant, material, admissible in evidence, or relevant to any party's claim or defense.  Cook reserves the right to object to the admissibility of any document that it produces.  Any documents produced by Cook are subject to Case Management Order #8 (Stipulated Protective Order on Confidential Information) [Docket No. 481] and must be handled accordingly.

15.     Cook objects to the use of the terms "Cook IVC Filter," "Cook IVC Filters," "Cook Filter," and "Cook Filters" in paragraph 8 of Plaintiffs' Definitions section.  Cook specifically objects to the extent that Plaintiffs intend such terms to encompass products other than the Günther Tulip® Vena Cava Filter and the Celect® Vena Cava Filter which would cause such terms/definitions to be overly broad, unduly burdensome and to call for documents and ESI that are neither relevant to any party's claim or defense, nor proportional to the needs of the case.

Cook further objects to paragraph 8 of Plaintiffs' Definitions as seeking information that is not relevant to any party's claim or defense and that is not proportional to the needs of the case

because Plaintiffs' definitions cause the requests to call for documents related to irrelevant products.   For clarity, Cook defines the "Products at Issue" for purposes of responding to Plaintiffs' RFPs as the Günther Tulip™ Vena Cava Filter and the Cook Celect® Vena Cava Filter.  These may be referred to as follows:

The Günther Tulip™ Vena Cava Filter ("Tulip")

| U.S. Order Numbers | RPN: | |
|---|---|---|
| G33016 | IGTCFS-65-FEM | |
| G33017 | IGTCFS-65-JUG | |
| G21360 | IGTCFS-65-UNI | |
| G52917 | IGTCFS-65-1-FEM-TULIP | |
| G52916 | IGTCFS-65-1-JUG-TULIP | NavAlign Delivery System |
| G52918 | IGTCFS-65-1-UNI-TULIP | |

The Cook Celect® Vena Cava Filter Set ("Celect")

| U.S. Order Numbers | RPN: | |
|---|---|---|
| G48373 | IGTCFS-65-FEM-CELECT-PERM | |
| G48372 | IGTCFS-65-JUG-CELECT-PERM | |
| G48378 | IGTCFS-65-UNI-CELECT-PERM | |
| G52914 | IGTCFS-65-1-FEM-CELECT | |
| G52909 | IGTCFS-65-1-JUG-CELECT | NavAlign Delivery System |
| G52915 | IGTCFS-65-1-UNI-CELECT | |

Consequently, Cook's responses to Plaintiffs' RFPs are limited to these products.

16.    Cook objects to the interchangeable use of "or" and "and" as described in Plaintiffs' definitions.  Cook will respond to Plaintiffs' RFPs consistent with the terms used in any RFP and as outlined in Cook's preliminary statements.

17.    Cook objects to these RFPs to the extent they seek documents or ESI that are maintained in Europe that contain "Personal Data" or "Sensitive Personal Data" as defined by Danish law and by Directive 95/45/EC of the European Parliament and of the Council of 24 October 1995.  Cook will redact "Personal Data" or "Sensitive Personal Data" as needed prior to production in compliance with the Order entered by this Court [Docket No. 522].

18.     Cook objects to each of Plaintiffs' Definitions, Instructions and RFPs to the extent that they seek to impose obligations on Cook for production of ESI from Denmark in addition to or different from the Order entered by this Court [Docket No. 522].

19.     Cook further objects to Plaintiffs' definition of the "relevant period," as described in Plaintiffs' paragraph 11, as "2000 to the present," as overly broad, unduly burdensome and not proportional to the needs of the cases in this MDL.

20.     Cook objects to requests for documents related to product complaint investigations which go beyond the alleged injuries of migration, perforation and inability to retrieve.  See Order on Fifth Amended Case Management Plan.  [Docket No. 1341].

21.     Cook's discovery and investigation remain ongoing, and Cook therefore reserves the right to supplement the following Responses based on information obtained after the date hereof.

## DOCUMENT DEMANDS

**DEMAND NO. 1:**     All DOCUMENTS in YOUR POSSESSION containing the PERSONNEL FILE, in whole or part, of the following individuals:

    a.     Torben Anderson

    b.     Anne Bjerg-Jessen

    c.     Susan Brackney

    d.     Jennifer Brown

    e.     Brian Choules

    f.     Jacob Clausen

    g.     Annie Clemens

    h.     Bruce Fleck

i.      Mark Frye

j.      Jim (James) Gardner

k.      Matt Graff

l.      Henrik Gylun

m.      Rita Harden

n.      Ted Heise

o.      Per Hendrickson

p.      April Lavender

q.      Rob Lyles

r.      Lars Milling

s.      Camilla Wamberg-Munkesoe

t.      Arne Molgaard Nielson

u.      Mette Niendem-Nielson

v.      Thomas Roberts

w.      Darrell Talbert

x.      Jesper Thyregod

y.      William Voorhees

z.      Dennis Windsor

RESPONSE:  Cook incorporates by reference its Preliminary Statements, General

Objections and Definitions, including in particular, its objection that this Request was served

upon Cook after the April 15, 2015 deadline to serve master discovery per the Case Management

Order.  Cook further objects to this Request on the grounds that it, and Plaintiffs' definition of

"PERSONNEL FILE", is overly broad and calls for documents not relevant to any party's claim

or defense.   This Request is an impermissible "fishing expedition" which is not proportional to

the needs of the case because the burden and expense to Cook to collect, review, redact and

7

produce the requested highly sensitive documents far outweighs any likely benefit Plaintiffs might gain from the documents.  Moreover, given the fact that the personnel files sought include files that, for eleven of the twenty-five custodians, are maintained in Denmark and almost certainly contain sensitive personal data that must be redacted before being transferred to the U.S., the burden is even greater.  Federal courts recognize the sensitive nature of personnel files and rightly require that discovery of them be had only if made for particular information that is relevant to the issues at hand.  See, e.g., *Lozada v. Hobby Lobby Stores, Inc.*, Case No. 6:15-cv-711-Orl-4FTBS, 2016 U.S. Dist. LEXIS 25081 (M.D. Fla. Mar. 1, 2016); In re: *Xarelto Prods. Liab. Litig.*, MDL No. 2592, 2016 U.S. Dist. LEXIS 8739 at 12 (E.D. La. Jan. 26, 2016) (a "plaintiff in a products liability MDL cannot discover a non-party employee's personnel file without an individualized showing of relevancy, proportionality, and particularity.")  In this case, Plaintiffs' wide-ranging, boilerplate and general *allegations* of malfeasance by Cook does not warrant production of the broad spectrum of irrelevant, sensitive personnel file documents requested.

**DEMAND NO. 2:**    All DOCUMENTS that RELATE TO any proposed or instituted collection, retrieval, storage, testing, analysis, evaluation, investigation, destruction or disposal by YOU (or anyone acting on YOUR behalf) from physicians, hospitals, sales representatives, and/or device suppliers of any device or component of any IVC FILTERS and/or COOK IVC FILTERS which were previously implanted.

RESPONSE: Cook incorporates by reference its Preliminary Statements, General Objections and Definitions, including in particular, its objection that this Request was served upon Cook after the April 15, 2015 deadline to serve master discovery per the Case Management

Order. Cook further objects to this Request on the grounds that it is overly broad in calling for documents beyond those related to the Products at Issue, and thus calls for documents not relevant to any party's claims or defense. Cook also objects to the extent this request seeks documents regarding investigations which do not involve any alleged product problems that are at issue in this litigation. Cook objects that the Request is not limited to any relevant time period. Subject to and without waiving any objection, Cook refers Plaintiffs to the following custodians and production volumes, which may contain responsive documents:

| Production Volume | Production Set Bates Range | Date Produced |
|---|---|---|
| 20150521_CookMDL2570 | CookMDL2570_0068474 - CookMDL2570_0119815 | 5/21/2015 |
| 20150716_CookMDL2570 | CookMDL2570_0068474 - CookMDL2570_0119575 | 7/16/2015 |
| 20150814_CookMDL2570 | CookMDL2570_0119576 - CookMDL2570_0153007 | 8/14/2015 |
| 20150814_CookMDL2570 | CookMDL2570_0153008 - CookMDL2570_0185139 | 8/21/2015 |
| 20150901_CookMDL2570 | CookMDL2570_0185140 - CookMDL2570_0196661 | 9/1/2015 |
| 20150924_CookMDL2570 | CookMDL2570_0309398 - CookMDL2570_0314290 | 9/24/2015 |
| 20151002_CookMDL2570 | CookMDL2570_0314291 - CookMDL2570_0403143 | 10/2/2015 |
| 20151009_CookMDL2570 | CookMDL2570_0434487 - CookMDL2570_0592158 | 10/9/2015 |
| 20151013_CookMDL2570 | CookMDL2570_0592159 - CookMDL2570_0672745 | 10/13/2015 |
| 20151027_CookMDL2570 | CookMDL2570_0672746 - CookMDL2570_0684074 | 10/27/2015 |
| 20151111_CookMDL2570 | CookMDL2570_0684075 - CookMDL2570_0694170 | 11/11/2015 |
| 20151230_CookMDL2570 | CookMDL2570_0698607 - CookMDL2570_0717717 | 12/30/2015 |
| 20160218_CookMDL2570 | CookMDL2570_0718444 - CookMDL2570_0762715 | 2/18/2016 |
| 20160321_CookMDL2570 | CookMDL2570_0762716 - CookMDL2570_0835277 | 3/21/2016 |
| 20160420_CookMDL2570 | CookMDL2570_0835515 - CookMDL2570_0872539 | 4/20/2016 |
| 20160516_CookMDL2570 | CookMDL2570_0872540 - CookMDL2570_0880234 | 5/16/2016 |
| 20160520_CookMDL2570 | CookMDL2570_0880235 - CookMDL2570_0898757 | 5/20/2016 |

**DEMAND NO. 3:**    All DOCUMENTS that RELATE TO any proposed or instituted tests, analyses, evaluations or investigations of any retrieved and/or explanted COOK IVC FILTERS which were returned to or collected by YOU, including DOCUMENTS that RELATE TO or REFLECT any visual, microscopic, Scanning-Electron Microscopy or other scientific or medical examination, inspection or analysis.

RESPONSE: Cook incorporates by reference its Preliminary Statements, General Objections and Definitions, including in particular, its objection that this Request was served upon Cook after the April 15, 2015 deadline to serve master discovery per the Case Management Order. Cook further objects to this Request on the grounds that it is overly broad in calling for documents beyond those related to the Products at Issue, and thus calls for documents not relevant to any party's claims or defense. Cook also objects to the extent this request seeks documents regarding investigations which do not involve any alleged product problems that are at issue in this litigation. Cook objects that the Request is not limited to any relevant time period. Subject to and without waiving any objection, Cook refers Plaintiffs to the following custodians and production volumes, which may contain responsive documents:

| Production Volume | Production Set Bates Range | Date Produced |
|---|---|---|
| 20150521_CookMDL2570 | CookMDL2570_0068474 - CookMDL2570_0119815 | 5/21/2015 |
| 20150716_CookMDL2570 | CookMDL2570_0068474 - CookMDL2570_0119575 | 7/16/2015 |
| 20150814_CookMDL2570 | CookMDL2570_0119576 - CookMDL2570_0153007 | 8/14/2015 |
| 20150814_CookMDL2570 | CookMDL2570_0153008 - CookMDL2570_0185139 | 8/21/2015 |
| 20150901_CookMDL2570 | CookMDL2570_0185140 - CookMDL2570_0196661 | 9/1/2015 |
| 20150924_CookMDL2570 | CookMDL2570_0309398 - CookMDL2570_0314290 | 9/24/2015 |
| 20151002_CookMDL2570 | CookMDL2570_0314291 - CookMDL2570_0403143 | 10/2/2015 |
| 20151009_CookMDL2570 | CookMDL2570_0434487 - CookMDL2570_0592158 | 10/9/2015 |
| 20151013_CookMDL2570 | CookMDL2570_0592159 - CookMDL2570_0672745 | 10/13/2015 |
| 20151027_CookMDL2570 | CookMDL2570_0672746 - CookMDL2570_0684074 | 10/27/2015 |
| 20151111_CookMDL2570 | CookMDL2570_0684075 - CookMDL2570_0694170 | 11/11/2015 |
| 20151230_CookMDL2570 | CookMDL2570_0698607 - CookMDL2570_0717717 | 12/30/2015 |
| 20160218_CookMDL2570 | CookMDL2570_0718444 - CookMDL2570_0762715 | 2/18/2016 |
| 20160321_CookMDL2570 | CookMDL2570_0762716 - CookMDL2570_0835277 | 3/21/2016 |
| 20160420_CookMDL2570 | CookMDL2570_0835515 - CookMDL2570_0872539 | 4/20/2016 |
| 20160516_CookMDL2570 | CookMDL2570_0872540 - CookMDL2570_0880234 | 5/16/2016 |
| 20160520_CookMDL2570 | CookMDL2570_0880235 - CookMDL2570_0898757 | 5/20/2016 |

**DEMAND NO. 4:**    All DOCUMENTS and/or COMMUNICATION of the "Vena Cava Team" relating to COOK IVC FILTERS, including but not limited to, member names, meeting minutes, agendas, e-mails, and/or memos.

RESPONSE:    Cook incorporates by reference its Preliminary Statements, General Objections and Definitions, including in particular, that this Request was served upon Cook after the April 15, 2015 deadline to serve master discovery in the Case Management Order.  Cook further objects to this Request on the grounds that "Vena Cava Team" is vague and undefined by Plaintiffs, thus making Plaintiffs' request for "[a]ll DOCUMENTS and/or COMMUNICATIONS" of the "Vena Cava Team" overbroad.

Cook also objects to the extent this RFP seeks documents from custodians beyond the twenty-five (25) custodians selected by Plaintiffs per the Court's Order on February 12, 2015 Telephonic Status Conference [Docket No.244 ] and/or documents not responsive to the search and anchor terms approved by the Court.   Subject to and without waiving any objection, Cook refers Plaintiffs to the following custodians and production volumes, which may contain responsive documents:

| Production Volume | Production Set Bates Range | Date Produced |
|---|---|---|
| 20150716_CookMDL2570 | CookMDL2570_0068474 - CookMDL2570_0119575 | 7/16/2015 |
| 20150814_CookMDL2570 | CookMDL2570_0119576 - CookMDL2570_0153007 | 8/14/2015 |
| 20150814_CookMDL2570 | CookMDL2570_0153008 - CookMDL2570_0185139 | 8/21/2015 |
| 20150924_CookMDL2570 | CookMDL2570_0309398 - CookMDL2570_0314290 | 9/24/2015 |
| 20151002_CookMDL2570 | CookMDL2570_0314291 - CookMDL2570_0403143 | 10/2/2015 |
| 20151009_CookMDL2570 | CookMDL2570_0434487 - CookMDL2570_0592158 | 10/9/2015 |
| 20151013_CookMDL2570 | CookMDL2570_0592159 - CookMDL2570_0672745 | 10/13/2015 |
| 20151209_CookMDL2570 | CookMDL2570_0694256 - CookMDL2570_0698596 | 12/9/2015 |
| 20151230_CookMDL2570 | CookMDL2570_0698607 - CookMDL2570_0717717 | 12/30/2015 |
| 20160321_CookMDL2570 | CookMDL2570_0762716 - CookMDL2570_0835277 | 3/21/2016 |
| 20160420_CookMDL2570 | CookMDL2570_0835515 - CookMDL2570_0872539 | 4/20/2016 |
| 20160516_CookMDL2570 | CookMDL2570_0872540 - CookMDL2570_0880234 | 5/16/2016 |
| 20160520_CookMDL2570 | CookMDL2570_0880235 - CookMDL2570_0898757 | 5/20/2016 |

**DEMAND NO. 5:**     All DOCUMENTS that RELATE TO any inspection and/or audit of any facility where the COOK IVC FILTERS, or any component thereof, were manufactured, including any FDA-483 Plan Investigation Report, any response thereto, and any internal COMMUNICATION regarding such inspection or report.

RESPONSE:   Cook objects to this request to the extent that it seeks information that is not relevant to any claim or defense this this case and to the extent it seeks confidential and proprietary information unrelated to the products at issue in this litigation.  Cook further objects to this Request as it is an impermissible "fishing expedition" which is not proportional to the needs of the case because the burden and expense to Cook to collect, review, redact and produce the requested highly sensitive documents far outweighs any likely benefit Plaintiffs might gain from the documents.  Subject to and without waiving said objections, Cook has previously produced internal and external audits related to the manufacture of the Cook IVC Filters at issue in this litigation.  Specifically, Cook directs counsel for the plaintiffs to the sources listed below which were produced to date.  William Cook Europe, the manufacturer of the Cook IVC Filters at issue in this litigation, has not been subject to a 483 Report.

While Cook Inc. is the labeled manufacturer for certain Günther Tulip Sets, the Günther Tulip™ and Celect® Inferior Vena Cava Filters at issue in this litigation are manufactured at William Cook Europe.  Cook Inc., received a 483 Notice on September 16, 2014, a copy of which is attached hereto.  On its face, it does not identify the products at issue in this litigation.  The request for all communications related to all such audits or inspections is not proportional to the needs of the case as it seeks information which has marginal relevance at best and would require the collection, processing and review of a large volume of data at great cost to identify

potentially responsive documents.  The audit documents from William Cook Europe which have

been previously produced can be found in the following production sets:

| Production Volume | Production Set Bates Range | Date Produced |
|---|---|---|
| 20150814_CookMDL2570 | CookMDL2570_0119576 - CookMDL2570_0153007 | 8/14/2015 |
| 20151009_CookMDL2570 | CookMDL2570_0434487 - CookMDL2570_0592158 | 10/9/2015 |
| 20151013_CookMDL2570 | CookMDL2570_0592159 - CookMDL2570_0672745 | 10/13/2015 |
| 20160218_CookMDL2570 | CookMDL2570_0718444 - CookMDL2570_0762715 | 2/18/2016 |
| 20160321_CookMDL2570 | CookMDL2570_0762716 - CookMDL2570_0835277 | 3/21/2016 |

**DEMAND NO. 6:**     Any and all documents reflecting each responding defendant's

year-end financial statements for the years 2000 through the present.

RESPONSE:   Cook incorporates by reference its Preliminary Statements, General

Objections and Definitions, including in particular, that this Request was served upon Cook after

the April 15, 2015 deadline to serve master discovery in the Case Management Order.  Cook

further objects to this Request because in calling for "[a]ny and all documents reflecting"

financial statements for a sixteen year period, this Request is vague and grossly overbroad.  This

Request calls for documents not relevant to any party's claim or defense because this case is not

about Cook's financial statements or accounting practices.  Subject to and without waiving any

objection, Cook will produce annual financial reports for WCE for relevant years.  Cook will

also produce annual CI and CML statutory balance sheets and income statements.


**DEMAND NO. 7:**     Any and all communications, reflecting each responding

defendant's year-end financial statements for the year 2000 through the present.

RESPONSE:   Cook incorporates by reference its Preliminary Statements, General

Objections and Definitions, including in particular, that this Request was served upon Cook after

the April 15, 2015 deadline to serve master discovery in the Case Management Order.  Cook

further objects to this Request on the grounds that in requesting "[a]ny and all communications, reflecting" financial statements for a sixteen year period, this Request is vague, overbroad and not proportional to the needs of the case.  This Request calls for a vast number of documents not relevant to any party's claim or defense because this case is not about Cook's financial statements or accounting practices.  This Request, in the context of the product liability claims that are actually at issue, is not proportional to the needs of the case because the burden upon Cook to identify, collect, review, redact and produce sixteen years of communications regarding accounting matters far outweighs any likely benefit to producing such documents.

**DEMAND NO. 8:**    Each responding defendant's annual and quarterly reports for the years 2000 through the present (including 10-Ks and 10-Qs for publicly-traded companies).

RESPONSE:   Cook incorporates by reference its Preliminary Statements, General Objections and Definitions, including in particular, that this Request was served upon Cook after the April 15, 2015 deadline to serve master discovery in the Case Management Order.  Cook further objects to this Request to the extent that it is duplicative of Request No. 6 above.  Cook also objects because it is not a publicly-traded company, and hence the Request seeks documents that do not exist.

**DEMAND NO. 9:**    Any and all documents relating to each responding defendant's current net worth, including, but not limited to, balance sheets, income statements, profit-loss statements, income tax records, and other documents.

RESPONSE:   Cook incorporates by reference its Preliminary Statements, General Objections and Definitions, including in particular, that this Request was served upon Cook after

the April 15, 2015 deadline to serve master discovery in the Case Management Order. Cook further objects to this Request to the extent that it is duplicative of Request No. 6 above. Cook also objects that this Request is not limited to any relevant time period.

Cook further objects to this Request on the grounds that in requesting "[a]ny and all documents related to" each Cook entities' net worth, this Request is overbroad. This Request calls for a vast number of documents not relevant to any party's claim or defense because this case is not about Cook's accounting practices or bookkeeping. This Request, in the context of the product liability claims that are actually at issue, is not proportional to the needs of the case because the burden upon Cook to collect, review, redact and produce such a wide range of financial documents far outweighs any likely benefit to Plaintiffs. Given the financial documents Cook will produce in response to Request No. 6 above, to the extent Request No. 9 calls for additional documents, such a request is for documents that are redundant and superfluous and for which the burden of producing such documents far outweighs any likely benefit to Plaintiffs.

**DEMAND NO. 10:** A true and correct certified copy of each and every insurance and/or indemnity policies, whether private, commercial, primary, excess, and/or umbrella, under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered against the responding defendants or to indemnify or reimburse the responding defendants for payments made in satisfaction of any such judgment, including certified copies of all policy provisions, endorsements and declarations pages, including any and all such policies which provide and/or may provide coverage to each responding defendant and any other party containing contractual defense, indemnity and/or additional assured obligations.

RESPONSE:   Cook incorporates by reference its Preliminary Statements, General Objections and Definitions, including in particular, that this Request was served upon Cook after the April 15, 2015 deadline to serve master discovery in the Case Management Order.  Cook also objects that this Request is not limited to documents relevant to the claims at issue in MDL 2570, and because the Request is compound and unclear in requesting documents showing coverage for Cook and "any other party containing contractual defense..."

In addition, Cook objects to this Request because it is duplicative of Request No. 15 in Plaintiffs' prior set of Master Requests For Production.  Subject to and without waiving any objection, Cook refers Plaintiffs to the following documents found within the production entitled 20150814_CookMDL2570:

| CookMDL_ProdBeg | CookMDL_ProdEnd |
|---|---|
| CookMDL2570_0145844 | CookMDL2570_0145845 |
| CookMDL2570_0145847 | CookMDL2570_0145848 |
| CookMDL2570_0145849 | CookMDL2570_0145850 |
| CookMDL2570_0145846 | CookMDL2570_0145846 |
| CookMDL2570_0145841 | CookMDL2570_0145843 |
| CookMDL2570_0145851 | CookMDL2570_0145855 |
| CookMDL2570_0146104 | CookMDL2570_0146129 |
| CookMDL2570_0146014 | CookMDL2570_0146041 |
| CookMDL2570_0145856 | CookMDL2570_0145889 |
| CookMDL2570_0145986 | CookMDL2570_0146013 |
| CookMDL2570_0145890 | CookMDL2570_0145923 |
| CookMDL2570_0145924 | CookMDL2570_0145985 |
| CookMDL2570_0146130 | CookMDL2570_0146155 |
| CookMDL2570_0146042 | CookMDL2570_0146103 |
| CookMDL2570_0146260 | CookMDL2570_0146363 |
| CookMDL2570_0146156 | CookMDL2570_0146259 |
| CookMDL2570_0147046 | CookMDL2570_0147727 |
| CookMDL2570_0146364 | CookMDL2570_0147045 |
| CookMDL2570_0147777 | CookMDL2570_0147799 |
| CookMDL2570_0147728 | CookMDL2570_0147729 |
| CookMDL2570_0148169 | CookMDL2570_0148181 |
| CookMDL2570_0147861 | CookMDL2570_0147873 |
| CookMDL2570_0147730 | CookMDL2570_0147776 |
| CookMDL2570_0147853 | CookMDL2570_0147860 |
| CookMDL2570_0147800 | CookMDL2570_0147834 |
| CookMDL2570_0147835 | CookMDL2570_0147852 |
| CookMDL2570_0147874 | CookMDL2570_0148168 |
| CookMDL2570_0148182 | CookMDL2570_0148193 |
| CookMDL2570_0148250 | CookMDL2570_0148276 |
| CookMDL2570_0148341 | CookMDL2570_0148377 |
| CookMDL2570_0148277 | CookMDL2570_0148291 |
| CookMDL2570_0148194 | CookMDL2570_0148215 |
| CookMDL2570_0148292 | CookMDL2570_0148340 |
| CookMDL2570_0148216 | CookMDL2570_0148249 |
| CookMDL2570_0148412 | CookMDL2570_0148446 |
| CookMDL2570_0148378 | CookMDL2570_0148411 |
| CookMDL2570_0148447 | CookMDL2570_0148794 |

As to objections,

Douglas B. King, Esq., Lead Counsel
James M. Boyers, Esq.
John C. Babione, Esq.
Sandra Davis Jansen, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:    (317) 639-6444
doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
sandy.jansen@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

Counsel for the Cook Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2016, a copy of the foregoing was sent by electronic mail to Plaintiffs' Co-Lead Counsel, as listed below:

Ben C. Martin
LAW OFFICE OF BEN C. MARTIN
bmartin@bencmartin.com

Michael W. Heaviside
HEAVISIDE REED ZAIC
mheaviside@hrzlaw.com

David P. Matthews
MATTHEWS & ASSOCIATES
dmatthews@thematthewslawfirm.com

Joe Williams
RILEY WILLIAMS & PIATT LLC
jwilliams@rwp-law.com

James M. Boyers

# EXHIBIT B

## Rhonda J. Britt

| | |
|---|---|
| **From:** | James M. Boyers |
| **Sent:** | Monday, February 20, 2017 11:47 AM |
| **To:** | Rhonda J. Britt |
| **Subject:** | FW: Cook discovery - financials |

**From:** Bill Curtis [mailto:BCurtis@Curtis-LawGroup.com]
**Sent:** Thursday, February 09, 2017 4:02 PM
**To:** Ben Martin; Christina Guerra
**Cc:** John C. Babione; Douglas B. King; James M. Boyers; Robert J. Simmons; Julie Rhoades; Michael Heaviside; David Matthews; David C. DeGreeff; Joe Williams
**Subject:** RE: Cook discovery - financials

John – here are the documents we've been able to locate:

* Annual reports for William Cook Europe from 2005-2010 (2011-2013 just added)
* Balance Sheets from Cook Medical Inc. from 2006-2015
* Income Statements for Cook Medical Inc. from 2006-2015
* Balance Sheets from Cook Inc. form 2006 -2015
* Income Statements for Cook Inc. from 2006-2015

We are missing any documents from Cook Group, Inc.  (per CMO3:  g.  Notwithstanding the provisions above, discovery regarding the financial  worth of any Additional Cook Entity is reserved until the scope of such discovery, if any, is  determined by a trial court at the appropriate time. The Additional Cook Entities may not object to the production of such information on the basis that any such entity is not a party to the lawsuit; however, any and all other objections are reserved.)

The additional information we need (which would be responsive to the RFPs previously served), for each of the companies listed above, are:

1.     Income Statements for the last five fiscal years.
2.     Balance Sheets for the last five fiscal years and the most recent completed fiscal quarter.
        a.     These should include an entry for "Cash and Cash Equivalents", as well as one for "Stockholders Equity."
3.     Cash Flow Statements for the last five fiscal years and the most recent completed fiscal quarter.
4.     Details of any transactions, loans, and payments (including dividends), between each defendant and that defendant's parent company for the  last five fiscal years and the most recent completed fiscal quarter.
5.     Any and all Advertising Expenditures, Research and Development Expenditures, and Capital Expenditures for the last five fiscal years.
6.     Any Lines of Credit or Credit Facilities extended or established specifically for each defendant and that defendant's parent company for the last five fiscal years and the most recent completed fiscal quarter.
7.     Any and all explanatory notes that accompany the above records (notes to financial statements, etc.).
8.     Explanations of any and all cash management policies between each defendant and that defendant's parent company.
9.     Total compensation for the president and/or chief executive officer of each defendant company for the most recently ended fiscal year.

Please let me know when we can expect these documents, as they will be important for our experts to review in preparation for the newly identified March 15th report deadline, as referenced by Ben below.

Bill

---

**From:** Ben Martin [mailto:bmartin@bencmartin.com]
**Sent:** Thursday, February 9, 2017 1:43 PM
**To:** Christina Guerra
**Cc:** John C. Babione; Douglas B. King; James M. Boyers; Robert J. Simmons; Julie Rhoades; Bill Curtis; Michael Heaviside; David Matthews; David C. DeGreeff; Joe Williams
**Subject:** Re: Cook discovery - financials

John:  Thank you. Bill Curtis is in charge of negotiating the objections and determining what we will need to bring to Judge Baker's attention. Bill we have thirty days to get what we need and then to our expert for his analysis and a final report completed. My suggestion would be that you get with John Babione immediately and hopefully you guys will agree on the documents Cook will produce and that our expert will have what he needs. If there is something we've asked for that is necessary for our expert's evaluation and will not be produced then we need to get it front if Judge Baker post haste. Three things that I garnered from the two hearings we had this week and especially today:

1. Judge Young will not accept foot dragging by either side and certainly not in the next 30 days;

2. Judge Young will not grant another request for more time to name experts without an extraordinary basis;

3. Judge Young told us all to "get to work" which to me means get our documents reviewed and to experts, obtain the ones we need produced that still have not yet been produced, and don't come back to him with excuses as to why we don't have them.

With this background Bill please make certain we either have the documents we need already or make a determination after negotiating with John Babione or Jim Boyers within the next 3 business days what will be produced and what will not be produced regarding these financials without court intervention.

These requests are not new. Cook made a determination as to what they had and what they didn't have and what their bases were for their objections when they made them.  There are no surprise questions here and there is no reason for any delay in getting the discoverable documents we need. Judge Young will hammer us if we don't stay on this and I do not believe he will punish us for being an absolute pest about getting documents over the next couple of weeks so that we have them in time for our experts. I'm letting everybody know what I believe was the tenor of this hearing and the one on Tuesday and what our side will be doing over the next 30 days so there are no surprises.

Joe this is a very important matter. Please get us on Judge Baker's docket once Bill Curtis informs you we are at a standstill.


Typo on an earlier email on this string. Julie *drafted* the discovery she didn't *desert* it.

Thanks.


Ben

Ben

 from my iPhone

On Feb 9, 2017, at 1:53 PM, Christina Guerra <cguerra@bencmartin.com> wrote:

> Yes, in Plaintiffs' 2nd RFP to Cook (No 6 downward requests financials).  Please also see Cooks' objections attached.
>
>
>
> Christina Guerra - Paralegal
> The Law Offices of Ben C. Martin
> 3710 Rawlins Street, Suite 1230
> Dallas, Texas 75219
> Office: (214) 761-6614
> Fax: (214) 744-7590
> Email: cguerra@bencmartin.com
> Website: www.bencmartin.com
>
>
>
> -----Original Message-----
> From: Ben Martin
> Sent: Thursday, February 9, 2017 12:27 PM
> To: John C. Babione <John.Babione@WoodenMcLaughlin.com>
> Cc: Douglas B. King <doug.king@woodenmclaughlin.com>; James M. Boyers <jim.boyers@woodenmclaughlin.com>; Robert J. Simmons <Robert.Simmons@WoodenMcLaughlin.com>; Christina Guerra <cguerra@bencmartin.com>; Julie Rhoades <jrhoades@themattthewslawfirm.com>; Bill Curtis <bcurtis@curtis-lawgroup.com>
> Subject: Re: Cook discovery - financials
>
> Recollection is we served a separate set of written discovery on financials. Within the past 7 months.  I am copying Julie Rhoades who deserted them and Bill Curtis who is working with the financials and Christina who, I believe, sent them.
>
> Sent from my iPhone
>
> On Feb 9, 2017, at 1:14 PM, John C. Babione <John.Babione@WoodenMcLaughlin.com> wrote:
>
>> Ben, at your convenience, can you clarify for me which financials you are looking for as that will help me track down what you need?  Is this tied to a certain production or set of discovery?
>>
>>
>> Thanks,
>> John

Wooden McLaughlin

John C. Babione

Attorney


317.860.5301   Direct

317.639.6151   Phone

317.639.6444   Fax

John.Babione@WoodenMcLaughlin.com


211 North Pennsylvania Street

One Indiana Square, Suite 1800, Indianapolis, IN 46204


-----Original Message-----

From: Douglas B. King

Sent: Wednesday, February 08, 2017 8:17 PM

To: Ben Martin

Cc: James M. Boyers; John C. Babione; Robert J. Simmons

Subject: Re: Cook discovery


By copy hereof, I am asking John or Rob to respond to your inquiry


Sent from my iPhone


> On Feb 8, 2017, at 7:53 PM, Ben Martin
> <bmartin@bencmartin.com> wrote:
>
> Jim/Doug: This is not for tomorrow at all but among the things
> our group has been evaluating regarding outstanding discovery is
> Cook's financials. I know Doug indicated we would be getting
> some financial information and nobody can find it.
>
> Can you point us where we could go in the system to find this
> information? Let's make this a priority to talk about when we drill
> down on the written discovery.
>
> Have a good night.
>
> Ben

Sent from my iPhone

<Plaintiffs' 2nd RFP To Cook.pdf>
<Cook Defs Objs to Second RFP.PDF>

# APPENDIX

| FileName | CookMDL_ProdBeg |
|---|---|
| BS CMI 2010.pdf | CookMDL2570_0911860 |
| BS CMI 2008.pdf | CookMDL2570_0911861 |
| IS CINC 2008.pdf | CookMDL2570_0911862 |
| BS CMI 2012.pdf | CookMDL2570_0911863 |
| IS CINC 2010.pdf | CookMDL2570_0911864 |
| BS Cook Inc. 2014.pdf | CookMDL2570_0911865 |
| IS CINC 2006.pdf | CookMDL2570_0911866 |
| BS CMI 2006.pdf | CookMDL2570_0911867 |
| BS CMI 2014.pdf | CookMDL2570_0911868 |
| BS Cook Inc. 2008.pdf | CookMDL2570_0911869 |
| BS Cook Inc. 2012.pdf | CookMDL2570_0911870 |
| BS Cook Inc. 2006.pdf | CookMDL2570_0911871 |
| BS Cook Inc. 2010.pdf | CookMDL2570_0911872 |
| BS CMI 2011.pdf | CookMDL2570_0911873 |
| IS CINC 2009.pdf | CookMDL2570_0911874 |
| BS CMI 2009.pdf | CookMDL2570_0911875 |
| Annual Report 2006 WCE.pdf | CookMDL2570_0911876 |
| BS CMI 2013.pdf | CookMDL2570_0911901 |
| Annual Report 2010 WCE.pdf | CookMDL2570_0911902 |
| IS CINC 2007.pdf | CookMDL2570_0911927 |
| IS CMI 2015.pdf | CookMDL2570_0911928 |
| IS CINC 2011.pdf | CookMDL2570_0911929 |
| BS CMI 2007.pdf | CookMDL2570_0911930 |
| BS Cook Inc. 2007.pdf | CookMDL2570_0911931 |
| BS CMI 2015.pdf | CookMDL2570_0911932 |
| BS Cook Inc. 2009.pdf | CookMDL2570_0911933 |
| BS Cook Inc. 2011.pdf | CookMDL2570_0911934 |
| Annual Report 2008 WCE.pdf | CookMDL2570_0911935 |
| BS Cook Inc. 2013.pdf | CookMDL2570_0911960 |
| IS CINC 2012.pdf | CookMDL2570_0911961 |
| IS CINC 2014.pdf | CookMDL2570_0911962 |
| IS CMI 2006.pdf | CookMDL2570_0911963 |
| Årsrapport 2014, William Cook Europe ApS.pdf | CookMDL2570_0911964 |
| IS CMI 2014.pdf | CookMDL2570_0911992 |
| IS CMI 2010.pdf | CookMDL2570_0911993 |
| IS CINC 2013.pdf | CookMDL2570_0911994 |
| IS CMI 2012.pdf | CookMDL2570_0911995 |
| IS CMI 2008.pdf | CookMDL2570_0911996 |
| IS CINC 2015.pdf | CookMDL2570_0911997 |
| IS CMI 2007.pdf | CookMDL2570_0911998 |

| | |
|---|---|
| BS Cook Inc. 2015.pdf | CookMDL2570_0911999 |
| IS CMI 2013.pdf | CookMDL2570_0912000 |
| Annual Report 2007 WCE.pdf | CookMDL2570_0912001 |
| Annual Report 2009 WCE.pdf | CookMDL2570_0912026 |
| IS CMI 2009.pdf | CookMDL2570_0912054 |
| IS CMI 2011.pdf | CookMDL2570_0912055 |
| Annual Report 2005 WCE.pdf | CookMDL2570_0912056 |
| William Cook Europe 2011.pdf | CookMDL2570_1115081 |
| Denmark William Cook 2012.pdf | CookMDL2570_1115107 |
| Denmark William Cook Europe 2013.pdf | CookMDL2570_1115133 |
| Celect and Gunther Tulip Sales by Year.pdf | CookMDL2570_0880234 |