IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:
*Annette Sales-Orr*, 1:16-cv-02636

**PLAINTIFF'S RESPONSE TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Annette Sales-Orr hereby submits *Plaintiff's Response to Cook Defendants' Motion for Judgment on the Pleadings*. As Defendants' Motion is premised on application of Georgia's statute of repose and Defendants fail to adequately analyze whether Georgia law governs this dispute, and even if it did, because Georgia law does not bar Ms. Sales-Orr's claims, Ms. Sales-Orr respectfully requests Defendants' Motion be denied in its entirety.

**INTRODUCTION**

Defendants Motion seeks dismissal of Ms. Sales-Orr's claims at the pleading stage based on application of Georgia's statute of repose. However, Defendants have not adequately explained to this Court, or the Plaintiff so that she may adequately respond, the basis for application of Georgia law. For this reason alone, Defendants' Motion should be denied. Assuming *arguendo*, Georgia law does apply, there can be no question that Ms. Sales-Orr's failure to warn claims are outside the ambit of Georgia's statute of repose, and moreover, the statute does not bar her remaining products liability claims. And critically, Defendants raise no arguments that would support dismissing the remainder of Ms. Sales-Orr's claims, *e.g.*, breach of

warranty and violations of any applicable consumer protection laws. For these reasons, which are more fully explained below, Defendants' Motion should be denied.

## STATEMENT OF RELEVANT FACTS

Ms. Sales-Orr filed her Short Form Complaint on October 4, 2016. [Dkt. 1, 1:16-cv-02636-RLY-DML]. In her Short Form Complaint, Ms. Sales-Orr "incorporate[d] The Master Complaint in MDL No. 2570 by reference." Id at 1. Ms. Sales-Orr was implanted with Defendants' device and suffered injuries from such device while residing in Georgia, although she now lives in Tennessee. Id. at 1-2, ¶¶ 4-6. Therefore, Ms. Sales-Orr properly alleged that "absent direct filing," the proper venue for her claim would have been the "United States District Court for the Eastern District of Tennessee." Id. ¶ 7. Ms. Sales-Orr alleged the following causes of action: (1) Failure to Warn; (2) Design Defect; (3) Negligence; (4) Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. Id. at 3-4, ¶ 14.

## ARGUMENT

As a general matter, Ms. Sales-Orr does not disagree with Defendants' statement of the legal standards governing motions to dismiss and conflicts of law issues. [Defs.' Mot., Dkt. 4186-1 at 1-3]. However, Defendants' Motion is legally insufficient in that: (a) it fails to identify which state's law should govern their Motion; and (b) even if it is proper to apply Georgia law, as advocated by Defendants, Defendants have construed Georgia's statute of repose in an impermissibly broad manner.

    A.    **Defendants Have Not Identified Which State's Law Should Govern Their Motion.**

Defendants argue, without a proper analytical basis, that Georgia law applies to Ms. Sales-Orr's claims, and therefore, they are barred by Georgia's statute of repose. [Dkt. 4186-1 at

5-7]. Defendants' argument is contradictory by its own terms in that Defendants argue: (1) a court sitting in diversity applies the substantive law of the state in which it is located (an undeniably correct general statement of law); but (2) where a case is part of a MDL based on diversity, then the MDL court treats the "foreign direct filed cases . . . as if they were transferred from a judicial district sitting in the state where the case originated."[Dkt. 4186-1 at 2-3]. If true, then Ms. Sales-Orr's case would have originated in the Eastern District of Tennessee as that is her current state of residence. [Dkt. 1, 1:16-cv-02636-RLY-DML, at 2, ¶ 7]. As such, Georgia law would not apply. Of course, it is theoretically possible that Tennessee's conflicts of law principles would lead to application of Georgia law; however, Defendants do not make this argument, and therefore, leave the Court and Ms. Sales-Orr to guess as to basis for application of Georgia law.[1] For this reason alone, Defendants' Motion should be denied.

Moreover, it appears Defendants attempt to sidestep this critical step in their analysis by relying on *In re Yasmin*, 2011 U.S. Dist. LEXIS 39280, at *15, *18 (S.D. Ill. April 12, 2011), [Dkt. 4186-1 at 2-3], for the proposition that "the originating state [is the] state where the plaintiff purchased and was prescribed the subject drug." [Dkt. 4186-1 at 2]. In *In re Yasmin*, the court was tasked with answering the question of what law to apply to "foreign direct filed cases," *i.e.*, those cases which originated outside of the court's judicial direct but were filed directly into the MDL pursuant to a direct filing order. *In re Yasmin*, 2011 WL 1375011, at *1 (S.D. Ill. April 12, 2011).[2] Ms. Sales-Orr's case falls into this category of "foreign direct filed cases" as her case

---

[1] This analytical gap in Defendants' Motion is not academic. Per Defendant's Motion, both Georgia and Tennessee utilize different statutes of repose *and* different conflicts of law principles. Thus, the application of one law over the other would be outcome determinative, and it is Defendants' burden as the moving party to make an argument such that Ms. Sales-Orr may properly respond.

[2] With respect to cases transferred into a MDL pursuant to 28 U.S.C. § 1407, there can be no question that the MDL court applies "the rules of the jurisdiction from which each case was

originated outside of this judicial district and was filed directly into this MDL. Nonetheless, this does not automatically lead to the conclusion that Ms. Sales-Orr's case originated in Georgia simply because her implant and injuries occurred in Georgia.

Importantly, in *In re Yasmin*, the court stated: "direct filing orders also present difficult choice of law issues." *Id.* at *5 (citing *In re Express Scripts, Inc., PBM Litig.*, MDL No. 1672, 2007 WL 4333380, at *1-2 (E.D. Mo. Dec. 7, 2007) (applying choice-of-law rules <u>of the MDL forum to foreign case</u> that was directly filed into the MDL) (underscore added) and *In re Bausch & Lomb Inc. Contact Lens Solution Prods. Liab. Litig.*, MDL No. 1785, 2007 WL 3046682, at *3 (D.S.C. Oct. 11, 2007) (reaching opposite conclusion)). Thus, the question before the Court is not as straightforward as presented in Defendants' Motion. In addition to the law of Georgia or Tennessee, the law of the forum, *i.e.*, Indiana, could potentially govern the outcome.

The court in *In re Yasmin*, reached its decision that the law of the "originating state" (meaning, for the purposes of that case, the state where the plaintiff purchased and was prescribed the drug) should apply, in part, because the parties agreed upon a direct filing order that "expressly provide[d] that the parties' direct filing agreement will not impact the choice of law that otherwise would apply to the direct filed actions." *Id.* at 5. Thus, it appears the court in *In re Yasmin* was comfortable applying a shorthand conflicts of law analysis because the parties seemed to have already agreed to do so for the sake of convenience. The undersigned's review of the orders in this MDL reveals no similar such agreement between the parties to this litigation. This is critical because it distinguishes *In re Yasmin* in a material way and because it is axiomatic the conflicts of law issues may be waived. *See, e.g., King v. U.S. Xpress, Inc.*, 205 F. Supp. 3d

---

transferred." *In re Yasmin*, 2011 WL 1375011 at *5. Here, given the conflicting conclusions by courts on how to treat "foreign direct filed cases," it is appropriate to treat Ms. Sales-Orr's case as one transferred pursuant to 28 U.S.C. § 1407 because the Short Form Complaint specifically requests the venue in which the case would have been filed absent a direct filing process.

Page 4 of 8

675, 678 (E.D. Penn. 2016) (defendants waived conflicts of law argument by failing to indicate which state's law should have applied in their briefing). Thus, *In re Yasmin* is likely inapplicable to the instant dispute; and further, the parties have likely already waived these arguments by failing to address them earlier in the litigation.

At best, even if the Court deems these arguments not subject to waiver, the Court still must decide whether Georgia, Tennessee, or Indiana law applies, and Defendants have presented no substantive analysis on this question. Thus, Ms. Sales-Orr is unable to formulate a proper response, the Court is left with inadequate information to decide the question, and for these additional reasons, Defendants' Motion should be denied.

    **B.    Even If It Is Proper To Apply Georgia Law, Defendants Have Construed Georgia's Statute Of Repose In An Impermissibly Broad Manner.**

First, there can be no reasonable dispute that Georgia's statue of repose "does not apply to 'failure to warn' claims." *Daniels v. Bucyrus-Erie Corp.*, 516 S.E.2d 848, 849 (Ga. Ct. App. 1999) (citing *Chrysler Corp. v. Batten*, 450 S.E.2d 208 (Ga. 1994)). The plain language of the applicable statute supports the various Georgia courts that have held unequivocally that failure to warn claims are placed outside of the statute of repose: "Nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer." Ga. Code Ann. § 51-1-11(c). Thus, Ms. Sales-Orr's failure to warn claims are not foreclosed by the applicable statute of repose.

Defendants' attempt to rewrite the statute of repose so that the exception for failure to warn claims only applies to "a manufacturer's continuing *post*-sale duty to warn of newly discovered risks" is clearly contrary to law:

> [A]lthough Ford's argument may appear sound at first glance, the basis of the district court's ruling is contrary to the clear language of the statute and contrary of that language by the courts of Georgia. As stated by the Georgia Supreme

> Court, it is possible to have a situation where the plaintiff is barred from bringing a design defect claim and yet is allowed to proceed with a failure to warn claim <u>based upon dangers arising from the same alleged design defect</u>. *See Batten*, 450 S.E.2d at 213 (although plaintiff was barred from bringing a negligent design claim, her claim "based on negligent failure to warn of the danger <u>arising from</u> the defectively-designed seat belt" was allowed to proceed to trial).

*Watkins v. Ford Motor Co.*, 190 F.3d 1213, 1219 (11th Cir. 1999) (underscore added). Thus, Defendants' drawing of a distinction between a pre-sale duty and a "post-sale duty" with regard to Ms. Sales-Orr's failure to warn claims is misplaced and should be rejected.

Even if Defendants' distinction was proper, Ms. Sales-Orr has in fact alleged that Defendants possessed a post-sale duty to warn and that Defendants breached this duty. [Master Complaint, Dkt. 213 ¶¶ 38-46 (alleging, *inter alia*, Defendants learned of defects in their products after initial manufacturing, yet "failed to disclose [these facts] to physicians" and "continued to promote the Cook Filter as safe and effective") and ¶¶ 53-64 (alleging, *inter alia*, "Defendants had a continuing duty to warn Plaintiffs and their physicians of the dangers associated with the subject products)]. Thus, under any interpretation of Georgia law, Ms. Sales-Orr's failure to warn claims should not be barred.

Georgia's applicable statue of repose also does not bar claims that "aris[e] out of conduct which manifests a willful, reckless, or wanton disregard for life or property." Ga. Code Ann. § 51-1-11(c). Ms. Sales-Orr alleges Defendants' behavior was "willful, reckless" or constituted a "wanton disregard for life or property" thoroughly and without ambiguity through incorporation of the Master Complaint. [Dkt. 213 ¶¶ 185-194]. Thus, not only are Ms. Sales-Orr's failure to warn claims not barred, but *none* of her claims are barred. Defendants, in a footnote, argue Ms. Sales-Orr's allegations are insufficient to have "saved [her] claims" because Defendants argue *any* "compensatory" damages are barred by the statute of repose, and therefore, it would be improper to seek punitive damages. [Dkt. 4186-1 at 6, n. 2]. However, as described above,

Georgia's statute of repose does not bar Ms. Sales-Orr's claims because: (1) failure to warn claims are categorically exempted; and (2) the remainder of her claims are based on allegations of willful, reckless, or wanton behavior; and therefore, Defendants' argument is inapposite.[3]

As Georgia law does not bar Ms. Sales-Orr's claims (assuming Georgia law applies), Defendants' Motion should be denied in its entirety.

## CONCLUSION

Defendants' Motion should be denied as it: (a) fails to properly identify which state's law should govern this dispute; and (b) even if Georgia law applied, as advocated by Defendants, Defendants have construed Georgia's statute of repose in an impermissibly broad manner. For these reasons, Ms. Sales-Orr respectfully requests the Court deny Defendants' Motion in its entirety.

Dated: April 20, 2017

Respectfully submitted,

By: ___/s/ John R. Crone___
John R. Crone (CO Bar No. 48284)
ANDRUS WAGSTAFF, P.C.
7171 W Alaska Drive
Lakewood, CO 80226
Telephone: (303) 376-6360
Fax Phone: (303) 376-6361
John.Crone@andruswagstaff.com

*Attorneys for Plaintiff*

---

[3] Ms. Sales-Orr also notes what is readily apparent: Defendants make no argument whatsoever that Ms. Sales-Orr's claims for breach of express warranty; breach of implied warranty; violations of consumer fraud and unfair and deceptive trade practices are barred by Georgia's products liability statute of repose; nor could they be, and as such, those claims should be unaffected by any ruling on Defendants' Motion.

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2017, a true and correct copy of *Plaintiff's Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: April 20, 2017

                Respectfully submitted,

                By: /s/ John R. Crone
                ANDRUS WAGSTAFF, P.C.
                7171 W. Alaska Dr.
                Lakewood, CO 80226
                Telephone: (303) 376-6360
                John.Crone@andruswagstaff.com