IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to Plaintiff:

>Elizabeth Jane Hill
>Civil Case No. 1:14-cv-06016-RLY-TAB

**PLAINTIFF ELIZABETH JANE HILL'S
RESPONSE IN OPPOSITION TO COOK DEFENDANTS'
<u>MOTION FOR PARTIAL JUDGMENT OF THE PLEADINGS</u>**

**I.    INTRODUCTION**

The Cook Defendants' Motion for Partial Judgment on the Pleadings is limited to the Plaintiff's claims for: 1) Violations to the Florida Deceptive & Unfair Trade Practices Act, ("FDUTPA"), FLA. STAT. Sections 501.201 *et seq.*; 2) Breach of Express and Implied Warranty and 3) Negligence *per se*.

In an effort to narrow the issues to be presented to the jury, Plaintiff will agree to drop her causes of action based on violations of FDUTPA and her claims for the breach of express and implied warranties.

Plaintiff does contend that she has properly plead, and is entitled to pursue, a claim of negligence *per se* based upon the Cook Defendants' violations of 21 USCA Sections 321, 331 and 352 and 21 C.F.R. Sections 1.21, 801, 807 and 820.[1]

Plaintiff requests that the Cook Defendants' Motion for Partial Judgment on the Pleadings be denied.

## II.   STANDARD OF REVIEW

"Resolution of the case pursuant to Rule 12(c) is appropriate only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.' *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir. 1989). Additionally, the complaint should merely narrate a claim: 'Having specified the wrong done to him, a plaintiff may substitute one legal theory for another without altering the complaint. . . . A complaint may not be dismissed unless it is impossible to prevail 'under any set of facts that could be proved consistent with the allegations.' *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir. 1997) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984))." *Forseth v. Village of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000). When considering a motion for judgment on the pleadings, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.*

---

[1] Exhibit "1", Master Consolidated Complaint for Individual Claims, p. 8-13 and 20-22. Exhibit "2", Elizabeth Jane Hill's Short Form Complaint [Doc.108].

### III. PLAINTIFF'S AGREEMENT TO DROP HER CLAIMS UNDER FDUTPA AND THE CAUSES OF ACTION BASED UPON THE BREACH OF EXPRESS OR IMPLIED WARRANTIES RENDERS THOSE ISSUES MOOT.

The Plaintiff will drop her claims based upon FDUTPA and a breach of an express or implied warranty. These issues are therefore rendered moot as they are no longer in dispute. The Court should deny the Cook Defendants' Motion for Partial Judgment on the Pleadings as to these causes of action.

### IV. PLAINTIFF HAS PROPERLY PLED A CAUSE OF ACTION FOR NEGLIGENCE *PER SE* UNDER FLORIDA LAW

Through the Master Consolidated Complaint for Individual Claims[2], the Plaintiff has alleged, in part:

> 90. At all times herein mentioned, Defendants had an obligation not to violate the law, including the Federal Food, Drug and Cosmetic Act and applicable regulations, in the design, testing production, processing, assembling, inspection, research, promotion, advertising, distribution, marketing, promotion, labeling, packaging, preparation for use, consulting, sale warning and post sale warning and other communications of the risks and dangers of Cook IVC Filters.
>
> 91. By reason of its conduct as alleged herein, Cook violated provisions of statutes and regulations, including but not limited to, the following:
>
>     a. Defendants violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 331 and 352, by misbranding their Cook IVC Filters;
>
>     b. Defendants violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 321 in making statements and/or representations via word, design, device or any combination thereof failing to reveal material facts with respect the consequences that may result from the use of Cook IVC Filters to which the labeling and advertising relates;
>
>     c. Defendants violated the 21 C.F.R. § 1.21 in misleading the consumers and patients by concealing material facts in light of

---

[2] Exhibit "1", Master Consolidated Complaint for Individual Claims, p. 20-21.

representations made regarding safety and efficacy of their Cook IVC Filters;

d. Defendants violated the 21 C.F.R. § 801 in mislabeling their Cook IVC Filters as to safety and effectiveness of their products and by failing to update the filters' labels to reflect post-marketing evidence that Cook IVC Filters were associated with an increased risk of injuries due to tilting, fracture, migration and perforation;

e. Defendants violated the 21 C.F.R. § 803 by not maintaining accurate medical device reports regarding adverse events of tilting, fracture, migration and perforation, and/or misreporting these adverse events maintained via the medical device reporting system;

f. Defendants violated the 21 C.F.R. § 807 by failing to notify the FDA and/or the consuming public when their Cook IVC Filters were no longer substantially equivalent with regard to safety and efficacy with regard to post-marketing adverse events and safety signals;

g. Defendants violated the 21 C.F.R. § 820 by failing to maintain adequate quality systems regulation including, but not limited to, instituting effective corrective and preventative actions.

In *de Jesus v. Seaboard C.L.R. Co.*, 281 So. 2d 198, 201 (Fla. 1973), the Florida Supreme Court expressly held that: "negligence per se is a violation of any other statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." The Florida Supreme Court has never abandoned *de Jesus* and has reaffirmed this definition of negligence *per se* in its adoption of Section 401.8 of the Florida Standard Jury Instructions.[3]

Under Florida law, "where (1) a statute establishes 'a duty to take precautions to protect a particular class of persons from a particular injury or type of injury,' (2) the plaintiff falls within the class intended to be protected by the statute, and (3) the

---

[3] Exhibit "3", a copy of Section 401.8 of the Florida Standard Jury Instructions; *see also*, Florida Rules of Civil Procedure Rule 1.470.

4

plaintiff 'suffered injury of the type the statute was designed to prevent', 'a violation of the statute constitutes negligence *per se.*" *In Re Sabin Oral Polio Vaccine Products L. Lit.,* 774 F. Supp. 952, 956 (D. Md. 1991) (citing, *de Jesus,* 281 So.2d at 201).

There can be no debate that the FDCA is a statute which establishes a duty to take precautions to protect a particular class of people from a particular injury. The FDCA and MDA were enacted "to provide for the safety and effectiveness of medical devices intended for human use." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 135 L. Ed. 2d 700, 116 S. Ct. 2240 (1996). The U.S. District Court in Pennsylvania summed this issue up quite simply:

> We hold that the first requirement for maintaining a claim of negligence *per se* has been established. The FDCA and MDA were enacted to protect the interest of a particular group of individuals; they were enacted to protect the interests of those individuals who require the use or implantation of medical devices. *See Murray [v. Synthes (USA), Inc.*, 1999 WL 672937, at *8 [(E.D. Pa. August 24, 1999)]; *Taylor v. Danek Med., Inc.]*, 1998 WL 962062, at *10 [(E.D. Pa., December 29, 1998)]. Thus, despite the absence of a private right of action, the policies of the FDCA and MDA will be furthered by allowing such a claim.

*Sharp v. Artifex, Ltd.*, 110 F.Supp. 2d. 388, 394 (W.D Pa. 1999); *see also, Howard v. Zimmer, Inc.,* 299 P.3d 463, 472 (Okla. 2013) ["This Court acknowledges the distinction between attempting to enforce a federal regulation and allowing a parallel claim for negligence per se bottomed on violation of the regulation."].

The Plaintiff, Elizabeth Jane Hill, as the recipient of an implanted medical device, is clearly within the class to be protected by the FDCA; her injury, perforation of the vena cava and duodenum by the IVC filter, is the type of injury the statute was designed to prevent. *See, Loewy v. Stuart Drug & Surgical Supply, Inc.,* 1999 U.S.

5

Dist. LEXIS 5208 at * 12 (S.D. N.Y. April 14, 1999) ["'The [Medical Device Amendments of 1976] were designed to protect individuals in need of medical care from 'misbranded or adulterated medical devices.' *Lohr*, [518 U.S.] at 474. Therefore, . . . , the MDA was designed to protect a narrow class of persons and its goals will be advanced by allowing New York to utilize its standards in common law negligence actions. Because Plaintiff is plainly a member of the class for whose benefit Congress passed the MDA, Plaintiff can state a claim for negligence *per se* under New York law."].

The cases cited by the Cook Defendants, *McClelland v. Medtronic, Inc.,* 2012 WL 5077401 (M.D. Fla. Sept. 27, 2012), *Metz v. Wyeth, LLC,* 872 F. Supp. 2d 1335 (M.D. Fla. 2012), *Blinn v. Smith & Nephew Richards, Inc.,* 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999), *Stevens v. Danek Med., Inc.,* 1999 WL 33217282 (S.D. Fla. Apr. 16, 1999) are all based upon a false premise that a negligence *per se* claim is equivalent to a private cause of action being brought under the FDCA.  That is incorrect. Negligence *per se* is a parallel state court cause of action and is not founded upon any claim to a private cause of action under the statute.  The Oklahoma Supreme Court has explained this distinction quite succinctly in *Howard v. Zimmer, Inc.*, 299 P.3d 463, 467-468 (Okla. 2013) [*citations omitted*]:

> The negligence per se doctrine is employed to substitute statutory standards for parallel common law, reasonable care duties. When courts adopt statutory standards for causes of action for negligence, the statute's violation constitutes negligence per se. To establish negligence per se, the plaintiff must demonstrate the claimed injury was caused by the violation, and was of the type intended to be prevented by the statute. Finally, the injured party must be one of the class intended to be protected by the statute. Liability per se enables plaintiffs to

6

establish as a matter of law that the defendant's conduct constituted a breach of duty in a negligence action, so that only causation and damages need be proven. The question of whether a causal connection exists between the violation of the regulation here and Sulzer's actions and whether those violations were negligence per se, is for the trier of fact.

Having acknowledged the fact a negligence *per se* claim was a parallel cause of action arising from the state common law, the *Howard* court then determined that the lack of a private cause under the statute was no bar to using violations of the statute to establish the defendants' duty and the standard of care.

> Courts recognizing that no private cause of action for civil damages exists under the FDCA, allow private actions where parties rely on the regulations themselves to establish a duty or standard of care. [*Allen v. Delchamps, Inc.*, 624 So.2d 1056, 1068 (Ala. 1993), *Grove Fresh Distributors, Inc. v. Flavor Fresh Foods, Inc.*, 720 F. Supp. 714, 716 (N.D. Ill. 1989). We align ourselves with those jurisdictions which would allow a negligence per se claim to proceed. This Court acknowledges the distinction between attempting to enforce a federal regulation and allowing a parallel claim for negligence per se bottomed on violation of the regulation. Such claims have been blessed by the United States Supreme Court in *Riegel v. Medtronic, Inc.* and *Medtronic v. Lohr* distinguishing between attempts to enforce a federal regulation and reliance on the violation of such rules to bring a parallel claim.

*Howard,* 299 P.2d at 473.

The fact that courts have held that there is no private cause of action under the FDCA does not and should not act a bar to the Plaintiff's negligence *per se* claim. The Plaintiff has not brought suit directly under the FDCA or its accompanying regulations. Ms. Hill relies on the FDA regulations merely to establish the standard or duty which the Cook Defendants allegedly failed to meet. Nothing prohibits the Plaintiff from using the FDCA or its accompanying regulations in that fashion. *See, de Jesus*, 281 So.2d at 201, *Howard*, 299 P.2d at 473, *Sharp*, 110 F.Supp. 2d. at 394,

7

*Allen*, 624 So.2d at 1068, *Grove Fresh*, 720 F. Supp. at 716; *see also*, Florida Standard Jury Instructions § 401.8.

At the very least, the Plaintiff is entitled to establish the Cook Defendants' statutory and regulatory violations as evidence of negligence. *de Jesus*, 281 So.2d at 201 ["violations of statutes, other than those imposing a form of strict liability, may be *either* negligence per se or evidence of negligence"]; *accord, Florida Dept. of Corrections v. Abril,* 969 So. 2d 201, 205 (Fla. 2007)["The courts of Florida have long recognized that the violation of a statute may be utilized as evidence of negligence."].

## V. CONCLUSION

Plaintiff will drop her claims based upon FDUTPA and a breach of an express or implied warranty; therefore, those issues are no longer in dispute and the Cook Defendants' Motion for Partial Judgment on the Pleadings is moot in this regard. The Court should deny the Cook Defendants' Motion for Partial Judgment on the Pleadings as to these causes of action. Plaintiff has properly pled a claim for negligence *per se* under Florida law. Having demonstrated that the Plaintiff has alleged a viable cause of action, the Cook Defendants' Motion for Partial Judgment on the Pleadings should be in all things denied.

Dated: April 21, 2017					Respectfully Submitted,

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
jwilliams@rwp-law.com

8

*/s/ Joe Johnson*
Joe Johnson, Esq.
BABBITT & JOHNSON, P.A.
1641 Worthington Road, Suite 100
Post Office Box 4426 (33402-4426)
West Palm Beach, FL 33409
Telephone: (561) 684-2500
Facsimile: (561) 684-6308
jjohnson@babbitt-johnson.com

*Attorneys for Plaintiff*


*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
mheaviside@hrzlaw.com

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
THE LAW OFFICE OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
bmartin@bencmartin.com

*/s/ David P. Matthews*
David P. Matthews, Esq.
MATTHEW AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

9

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 21, 2017, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                             */s/ Joseph N. Williams*
                                             Joseph N. Williams