UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to:

Timothy Henderson, No. 1:17-cv-00368-JMS-TAB

_____

**PLAINTIFF TIMOTHY HENDERSON'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Timothy Henderson hereby submits this *Plaintiff's Response to Cook Defendants' Motion for Judgment on the Pleadings* and requests that Defendants' Motion be denied for the reasons stated herein. Defendants' Motion is premised on an application of Tennessee's statute of repose, and yet Defendants failed to adequately analyze whether Tennessee law governs this dispute. Even if Tennessee law does govern this dispute, Tennessee law does not bar Plaintiff's claims. Additionally, the application of the statute of response violates Plaintiff's right to equal protection under federal and state law. For all these reasons, Plaintiff respectfully requests Defendants' Motion be denied in its entirety.

## INTRODUCTION

Defendants move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) because Plaintiff allegedly failed to commence his action within the time permitted by the Tennessee statute of repose. Defendants have not established that Tennessee law applies, however, and have not provided an explanation so that Plaintiff may adequately respond to this allegation. Moreover, even if Tennessee law does apply, the only cause of action to which

the statue of repose applies is a product liability claim. Plaintiff's failure to warn claim is certainly outside the ambit of the subject statute. And, critically, Defendants raise no arguments that would support dismissing the remainder of Plaintiff's claims, *e.g.* breach of warranty and violation of any applicable consumer protection laws. For these reasons, which are more fully explained below, Plaintiff's case should not be dismissed, and Defendants' Motion should be denied in its entirety.

## STATEMENT OF RELEVANT FACTS

Plaintiff Timothy Henderson filed his Short Form Complaint on February 3, 2017. [Dkt. 1, Case No. 1:17-cv-00368-JMS-TAB]. In his Short Form Complaint, Plaintiff "incorporate[d] The Master Complaint in MDL 2570 by reference." *Id*. at 1. Plaintiff was implanted with Defendants' device and suffered injuries from such device while residing in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Plaintiff alleged the following causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Products Liability – Design Defect; (3) Negligence; (4) Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) punitive damages. *Id*. at 3-4, ¶ 14.

## ARGUMENT

As an initial matter, Plaintiff does not disagree with Defendants' statement of the legal standards governing motions to dismiss and conflicts of law issues. [Defs.' Mot., Dkt. 4186-1 at 1-3]. Defendants' motion, however, is legally insufficient in that; (a) it fails to adequately identify which state's law should govern their Motion; and (b) even if it is appropriate to apply Tennessee law, Defendants have construed Tennessee's statute of repose in an impermissibly broad manner.

### A.     Defendants have not identified which state's law should govern their Motion.

Defendants argue, with faulty analysis, that Tennessee law applies to Plaintiff's claims, thus concluding that the Tennessee statute of repose bars Plaintiff's claims. [Dkt. 4186-1 at 8-9].

Defendants' argument is contradictory by its own terms. First, Defendants argue that a court sitting in diversity applies the substantive law of the state in which it is located. While generally a correct statement of the law, Defendants further state that where a case is part of a MDL based on diversity, the MDL court treats the "foreign direct filed cases…as if they were transferred from a judicial district sitting in the state where the case originated." [Dkt. 4186-1 at 2-3]. Under this analysis, Tennessee law may apply, but Defendants have failed to carry their burden on this issue.

Additionally, Defendants sidestep a critical part of their analysis by relying on *In re Yasmin*, 2011 U.S. Dist. LEXIS 39280, at *15, *18 (S.D. Ill. April 12, 2011), [Dkt. 4186-1 at 2-3], for the proposition that "the originating state [is the] state where the plaintiff purchased and was prescribed the subject drug." [Dkt. 4186-1 at 2]. In that case, the court was asked to answer the question of what law applies to "foreign direct filed cases," *i.e.*, those cases which originated outside the court's judicial district but were filed directly into the MDL pursuant to a direct filing order. *In re Yasmin*, 2011 WL 1375011, at *1 (S.D. Ill. April 12, 2011). Plaintiff's case falls into this category of "foreign direct filed cases" as his case originated outside of this judicial district and was filed directly into the MDL. However, it does not automatically follow that the Plaintiff's case originated in Tennessee simply because the implant and injury occurred in that district.

It must be noted that the *In re Yasmin* court recognized a critical issue: "direct filing orders also present difficult choice of law issues." *Id*. at *5 (citing *In re Express Scripts, Inc., PBM Litig.*, MDL No. 1672, 2007 WL 4333380, at *1-2 (E.D. Mo. Dec. 7, 2007) (applying choice-of-law rules <u>of the MDL forum to foreign case</u> that was directly filed into the MDL) (emphasis added) and *In re Bausch & Lomb Inc. Contact Lens Solution Prods. Liab. Litig.*, MDL No. 1785, 2007 WL 3046682, at *3 (D.S.C. Oct. 11, 2007) (reaching opposite conclusion)). In sum, the question before this Court is not as simple and straightforward as Defendants have led this court to believe. In

---

addition to the law of Tennessee, the law of the forum, *i.e.* Indiana, could potentially govern the outcome.

The court in *In re Yasmin* ultimately reached its decision that the law of the "originating state" (meaning, for purposes of that case, the state where the plaintiff purchased and was prescribed the drug) should apply, in part, because the parties agreed upon a direct filing order that "expressly provide[d] that the parties' direct filing agreement will not impact the choice of law that otherwise would apply to the direct filed actions." *Id* at 5. It appears the court in *In re Yasmin* was comfortable applying a short-hand conflicts of law analysis because the parties had expressly agreed to do so for the sake of convenience. The undersigned has reviewed the orders in this MDL and found no similar such agreement to exist between the parties in this litigation. This fact is critical, for it materially distinguishes the holding of *In re Yasmin* and because it is axiomatic, the conflicts of law issues may be waived. *See, e.g. King v. U.S. Xpress, Inc.*, 205 F. Supp. 3d 675, 678 (E.D. Penn. 2016) (defendants waived conflicts of law argument by failing to indicate which state's law should have applied in their briefing). In sum, *In re Yasmin* is likely inapplicable to the subject dispute, and furthermore, the parties have likely waived these arguments by failing to address them earlier in the litigation.

At best, even if the Court deems these arguments not subject to waiver, the Court must still decide whether Tennessee or Indiana law applies, and Defendants have presented no substantive analysis on this issue. Plaintiff Timothy Henderson is unable to formulate a proper response, and the Court is left with inadequate information upon which to decide the question. For this, and the additional reasons outlined below, Defendants' Motion should be denied.

    **B.**    **Even if it is proper to apply Tennessee law, Defendants have construed the statute of repose in an impermissibly broad manner.**

Plaintiff alleges that Defendants possessed a post-sale duty to warn and that Defendants breached this duty. [Master Complaint, Dkt. 213 ¶¶ 38-46 (alleging, *inter alia*, Defendants learned of defects in their products after initial manufacturing, yet "failed to disclose [these facts] to physicians" and "continued to promote the Cook filter as safe and effective") and ¶¶ 53-64 (alleging, *inter alia*, "Defendants had a continuing duty to warn Plaintiffs and their physicians of the dangers associated with the subject products)]. Thus, Plaintiff's failure to warn claims should not be barred.

In addition, Tennessee's statute of repose, if applicable in this matter, bars only <u>product liability</u> actions brought later than ten (10) years from the date the product was first purchased for use or consumption. *See* Tenn. Code Ann. § 29-28-103(a). The statute, however, does not apply to other causes of action, such as negligence or breach of warranty – both of which Plaintiff alleges in his Short Form Complaint. [Short Form Complaint ¶ 14 (Dkt. 1, Case No. 1:17-cv-00368-JMS-TAB)]. Consequently, Defendants are <u>not</u> entitled to judgment on the pleadings as it concerns Plaintiff's negligence, negligence per se, breach of express warranty, breach of implied warranty, or consumer protection causes of action.

      **C.**     **Application of the Tennessee statute of repose Plaintiff's Right to Equal Protection under the United States Constitution and the Tennessee State Constitution.**

Applying the Tennessee statute of repose to bar Mr. Henderson's claim in light of the exceptions for asbestos and silicone gel breast implants violates the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. [U.S. Const. amend. XIV, § 1, Tenn. Const. art. XI, § 8]. Plaintiff is similarly situated by injury and class to individuals with asbestos-related and silicone gel breast implant health problems. In fact, as outlined below there is no rational basis for the distinction between

Plaintiff's claim and the exceptions provided in Tenn. Code Ann. § 29-28-103, and failure to apply the exception violates Plaintiff's right to equal protection.

The concept of equal protection espoused by the federal and Tennessee state constitutions guarantees that all persons similarly circumstanced shall be treated alike. *Doe v. Norris,* 751 S.W.2d 834, 841 (Tenn. 1988). When evaluating an equal protection claim, Tennessee courts employ a similar analysis under the Class Legislation Clause of the Tennessee Constitution as the Equal Protection Clause of the United States. *Winningham v. Ciba-Geigy Corp.*, 1998 U.S. App. LEXIS 16388, n.5 (6th Cir. 1998). A rational basis standard applies in this instance because the classification does not implicate a suspect class or fundamental right. Under a rational basis analysis in Tennessee, the judicial inquiry into the legislative choice rests on "whether the classifications have a reasonable relationship to a legitimate state interest." *Doe,* 751 S.W.2d at 841. The classification must rest on a reasonable basis. *Harrison v. Shrader*, 569 S.W.2d 822, 825 (Tenn. 1978). Reasonableness, in the equal protection context, depends upon the facts of the case and no general rule can be formulated for its determination. *Estrin v. Moss*, 430 S.W.2d 345 (Tenn. 1968). Tennessee courts have acknowledged that a general exemption for all latent injury claims may more effectively serve the Tennessee legislature's intended purpose. *Wyatt v. A-Best Products, Co.*, 924 S.W.2d 98, 106 (Tenn. Ct. App. 1995).

In summation, Plaintiff's Vena Cava Filter claims are similarly situated by injury and class to asbestos-related claims and silicone gel breast implant claims, and application of the exemption under Tenn. Code Ann. § 29-28-103 would certainly serve the legislature's intended purpose. First, like both asbestos-related claims and silicone gel breast implant claims, Vena Cava Filter claims may have a long period of latency before the onset of symptoms indicating injury. This latency period can and often does extend past the 10-year limitation provided in

___

**PLAINTIFF TIMOTHY HENDERSON'S RESPONSE IN OPPOSITION TO                                           6 | P A G E
COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Tenn. Code Ann. § 29-28-103. Such a rule unjustly bars innocent plaintiffs from a path to recovery for injuries similar to those excused from Tenn. Code Ann. § 29-28-103, thereby violating the Equal Protection Clause and the Class Legislation Clause. Second, the severity of the injuries sustained from the implantation of Defendants' Vena Cava Filters are on par with injuries sustained in both silicone gel breast implant claims and asbestos claims. Signature injuries of Defendants' Vena Cava Filters cause injuries including but not limited to strut fracture, filter migration, organ perforation, life threatening bleeding, stroke, pulmonary embolism, deep vein thrombosis, and death. Recent modeling suggests that over 900,000 incident or recurrent, fatal, and non-fatal venous thromboembolism events occur in the U.S. annually.[1] Of these, it is estimated that 250,000 people in the US each year are implanted with a filter, whereas 2,000 to 3,000 new cases of mesothelioma occur annually.[2] Clearly the legislature's concern with protecting the individuals potentially exposed to asbestos should be extended to the many more individuals injured by the Vena Cava Filter in order to further the legislature's true intent.

The Tennessee legislature's arbitrary distinctions under Tenn. Code Ann. § 29-28-103 unjustly prevent similarly situated innocent plaintiffs from recovery while allowing plaintiffs with asbestos-related injuries or silicone gel breast implant injuries a path to recovery. Given the similarities in latency of injury, severity of injury, and overall volume of potentially affected plaintiffs, there is no rational basis for the distinction between Mr. Henderson's claim and those

---

[1] Heit J, Cohen A, Anderson F. Estimated annual number of incident and recurrent, fatal and non-fatal venous thromboembolism (VTE) events in the US. Blood 2005;106:267a
[2] Sandler, Tim and Gosk, Stephanie, Why Did Firm Keep Selling Problem Blood-Clot Filters? http://www.nbcnews.com/health/health-news/why-did-firm-keep-selling-problem-blood-clot-filters-n488166; Cancer Research UK. (2014, July 10). Statistics and Outlook for Mesothelioma. Retrieved from http://www.cancerresearchuk.org/about-cancer/type/mesothelioma/treatment/statistics-and-outlook-for-mesothelioma.

exceptions in the Tennessee statute of repose. As such, application of the statue of repose to bar Mr. Henderson's claim violates the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. U.S. Const. amend. XIV, § 1, Tenn. Const. art. XI, § 8.

## CONCLUSION

Defendants' Motion should be denied in its entirety because it fails to properly identify which state's law should govern this dispute and, even if Tennessee law does apply, Defendants have construed Tennessee's statute of repose in an impermissibly broad manner. Finally, application of the statute of repose violates Plaintiff's right to equal protection under the U.S. Constitution and Tennessee State Constitution. For these reasons, Plaintiff Timothy Henderson respectfully requests this Court deny Defendants' Motion in its entirety.

Respectfully Submitted,

By: ___/s/ Melissa E. Mielke___

Steven J. Skikos (CA SBN 148110)
Matthew J. Skikos (CA SBN 269765)
Melissa E. Mielke (CA SBN 284560)
One Sansome St., Ste. 2830
Tel: (415) 546-7300
Fax: (415) 546-7301
mmielke@skikos.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 21, 2017, a true and correct copy of *Plaintiff's Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: April 21, 2017

                                                  Respectfully Submitted,

                                                  By:    /s/ Melissa E. Mielke

                                                  Steven J. Skikos (CA SBN 148110)
                                                  Matthew J. Skikos (CA SBN 269765)
                                                  Melissa E. Mielke (CA SBN 284560)
                                                  One Sansome St., Ste. 2830
                                                  Tel: (415) 546-7300
                                                  Fax: (415) 546-7301
                                                  mmielke@skikos.com
                                                  *Attorneys for Plaintiff*