UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: All Actions _____ | ) ) ) ) ) ) ) ) ) )    1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON PLAINTIFFS' OBJECTIONS AND APPEAL FROM MAGISTRATE TIM A. BAKER'S ORDER SUSTAINING DEFENDANTS' OBJECTION TO PRODUCTION OF NET WORTH DOCUMENTS**

On March 15, 2017, the Magistrate Judge sustained the Cook Defendants' objection to the production of additional discovery regarding Cook Group, Inc.'s net worth. Plaintiffs filed an objection to that Order under Rule 72(a) of the Federal Rules of Civil Procedure. They contend their expert witness needs this information to calculate the Cook Defendants' net worth for punitive damages purposes. For the reasons set forth below, their objection is **OVERRULED**.

**I.      Background**

In January 2017, the Cook Defendants produced to Plaintiffs the financial data for the Cook Defendants over a 10-year period. These documents include:

- Annual Reports for William Cook Europe ApS from 2006-2015;
- Unaudited Balance Sheets for Cook Medical Inc. from 2006-2015;
- Unaudited Income Statements for Cook Medical Inc. from 2006-2015;

1

- Unaudited Balance Sheets for Cook Inc. from 2006-2015; and
- Unaudited Income Statements for Cook Inc. from 2006-2015.

(Filing No. 4318-3, List of Documents Produced). The Cook Defendants agreed to supplement this information for the 2016 fiscal year once the information is available. (Filing No. 4108, Order on Discovery of Financial Information at 2-3). The Cook Defendants also produced a report of sales for the Celect and Gunther Tulip filters within the United States from 2006-2014. (*Id.* at 3).

On February 9, 2017, Plaintiffs informed the Cook Defendants that they needed additional financial information from them, as well as from Cook Group, Inc. (Filing No. 4308-4, Email dated Feb. 9, 2017). Cook Group, Inc. is the privately-held parent company of the Defendants in this action: William Cook Europe ApS, Cook Inc., and Cook Medical LLC. (Filing No. 4318-8, Declaration of Kelly Fischer ¶ 4). Plaintiffs sought from the Cook Defendants, among other things, the income statements, balance sheets, and cash flow statements for the last five fiscal years; details of any transactions, loans and payments (including dividends) between each defendant and that defendant's parent company for the last five fiscal years; all advertising, research and development, and capital expenditures for the last five fiscal years; any lines of credit for the last five fiscal years; all explanatory notes that accompany the above records; explanation of any and all cash management policies between each defendant and that defendant's parent company; and the total compensation for the president and/or chief executive officer of each defendant company for the most recent fiscal year. (*Id.*). A discovery dispute ensued. At the February 21 Pretrial Conference, the Magistrate Judge sustained the Cook

Defendants' objection, finding the discovery sought was "exceedingly overbroad and not proportional to the needs of the case." (Filing No. 3777, Order on Feb. 21, 2017 Pretrial Conference ¶ 3). The Magistrate Judge, however, "did not foreclose the issue of whether the Defendants need to produce additional financial information," but held that "any of Plaintiffs' future requests, at a minimum, need to be substantially more narrow." (*Id*.).

In compliance with the Magistrate Judge's Order, the Plaintiffs narrowed the scope of their requests for Cook Group, Inc.'s financial information from 10 years to 3 years. (Filing No. 4318-7, Email dated March 10, 2017). Plaintiffs also repeated their requests for the annual reports, balance sheets, income statements, and other financial information from Cook Group Inc. (*Id.*). The Cook Defendants objected to Plaintiffs' renewed requests as seeking irrelevant and highly confidential information, overbroad, and not proportional to the needs of the case. At the parties' request, the Magistrate Judge held a telephonic conference on March 13, 2017, to revisit this dispute. On March 15, 2017, the Magistrate Judge issued his Order on Discovery of Cook Group, Inc.'s Financial Information, sustaining the Cook Defendants' objections to Plaintiffs' discovery request. (*See* Filing No. 4108). Plaintiffs now appeal that ruling.

**II.    The March 15 Order**

In the March 15 Order, the Magistrate Judge found that the information sought by Plaintiffs is highly confidential financial information and, although a protective order is in place limiting disclosure to Plaintiffs' expert and attorneys, there are understandable concerns associated with improper disclosure. (*Id.* at 2). Relatedly, he noted:

> [T]he three named Cook Defendants in this case represent only about 5% of the number of companies shown on Cook Group Inc.'s balance sheets and income statements. To require Cook Group Inc., a privately held company, to fling open its books for Plaintiffs' inspection simply goes too far.

(*Id.* at 3). But "the most significant factor favoring non-disclosure," he found, "is the vast amount of financial information the Cook Defendants have already provided to Plaintiffs," which he described as "highly relevant" to Plaintiffs' case, over a 10-year period. (*Id.* at 2-3). In formulating his ruling, the Magistrate Judge rejected Plaintiffs' argument that Case Management Order No. 3 ("CMO 3") (addressed below) entitles them to this discovery.

Plaintiffs object to the March 15 Order pursuant to Federal Rule of Civil Procedure 72(a), claiming it is clearly erroneous and/or contrary to law. A factual finding is "clearly erroneous" where there is "'the definite and firm conviction that a mistake has been made.'" *Jones v. City of Elkhart*, 2012 WL 2458606, at *1 (N.D. Ind. June 27, 2012) (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1993)). A conclusion of law is "contrary to law" where the magistrate judge "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Henry v. Centeno*, 2011 WL 3796749 (N.D. Ill. Aug. 23, 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.N.Y. 2000)). With these standards in mind, the court now turns to Plaintiffs' objections.

### III. Discussion

In this appeal, Plaintiffs seek: (1) Cook Group, Inc.'s annual reports, balance sheets, and income statements for the years 2013-2016; and (2) the cash flow statements

4

for each of the Cook Defendants and Cook Group, Inc. for the years 2013-2016. They claim this financial information is relevant and necessary to establish a claim for punitive damages because, they argue, CMO 3 provides that the additional Cook Entities shall stand in the shoes of the Cook Defendants for purposes of satisfying a judgment on punitive damages. They further argue that the discovery they have received from the Cook Defendants is incomplete, flawed, and unreliable, such that their expert is unable to draw any meaningful conclusion concerning the Cook Defendants' financial condition.

> CMO 3 reads, in relevant part:
>
> The Additional Cook Entities shall stand in the shoes of the Cook Defendants solely for the purpose of making a financial payment and/or satisfying any judgment, including, but not limited to, judgment for punitive damages, against any or all of the Cook Defendants *in the event that*, for any reason whatsoever, the Cook Defendants are financially unable to satisfy any final judgment, including, but not limited to, judgment for punitive damages . . . .

(Filing No. 353, CMO 3 at 3, ¶ i) (emphasis added). Contrary to Plaintiffs' interpretation of paragraph (i), this provision does not make non-party Cook Group, Inc.'s financial information and net worth automatically discoverable for purposes of their punitive damages claim against the Cook Defendants. It simply confirms that Cook Group, Inc. and the other "Additional Cook Entities" "shall stand in the shoes of" the Cook Defendants solely for the purposes of satisfying any judgment, meaning that they are obligated to pay only if both a judgment is entered against the Cook Defendants and the Cook Defendants are financially unable to pay. It does not mean that Cook Group, Inc. "stands in the shoes of" the Cook Defendants for purposes of assessing the Cook Defendants' liability for either compensatory or punitive damages. Indeed, paragraph

5

(m) of CMO 3 confirms that Cook Group, Inc. is not a proper party, and that its financial information is not relevant or discoverable in this litigation:

> Nothing herein shall be construed as an admission that any of the Additional Cook Entities are a proper party to any lawsuit, that the Additional Cook Entities have ever or will ever assume[d] any of the Cook Defendants' liability, that the Additional Cook Entities stand in the shoes of the Cook Defendants' insurers, or that discovery relating to the Additional Cook Entities is appropriate, relevant, or admissible in any lawsuit.

(*Id.* ¶ m). Accordingly, Magistrate Baker's ruling denying Plaintiffs' request for the financial information of Cook Group, Inc.—a non-public company—was not clearly erroneous or contrary to law. Cook Group, Inc. is not a party to this action, is not automatically liable for any judgment against the Cook Defendants, and was not involved in the design, manufacture, or sale of the IVC filters at issue in this case.

Plaintiffs also maintain that the documents produced by the Cook Defendants are incomplete and flawed. The report[1] of Dr. Robert W. Johnson and James Mills, forensic economists retained by Plaintiffs to render opinions regarding the net financial condition of the Cook Defendants (and Cook Group, Inc.), note that the unaudited financial statements they have received are unreliable for purposes of rendering an opinion on Cook, Inc.'s financial condition. (Filing No. 4230-1, Report at 5). They also complain that the annual reports of William Cook Europe are not current, and that numerous pages

---

[1] This report was not before Magistrate Baker at the time he issued his decision. However, at the parties' pre-trial conference held on February 21, 2017, Plaintiffs asserted their experts needed much of the same information. (*See, e.g.,* Filing No. 4318-2, Transcript at 27, 28, 33, 36, 37, 49).

6

in the 2011, 2012, and 2013 annual reports are blank. (*Id.*). And they seek the cash flow statements from the Cook Defendants. (*Id.*).

In light of the financial information provided thus far from the Cook Defendants, the court finds the Magistrate Judge's ruling denying Plaintiffs' request for the cash flow statements of the Cook Defendants was not clearly erroneous or contrary to law. Plaintiffs already have ten years' worth of financial data from them. With respect to the discovery produced by the Cook Defendants that is incomplete, out of date, and/or missing, the parties are **ORDERED** to meet and confer to resolve these issues within 14 days of the date of this Entry.

### IV. Conclusion

The court finds the March 15 Order on Discovery of Cook Group, Inc.'s Financial Condition is not clearly erroneous or contrary to law. Therefore, Plaintiffs' Objections and Appeal from Magistrate Judge Baker's Order Sustaining Defendants' Objections to Production of Net Worth Documents (Filing No. 4230) is **OVERRULED**. The parties are **ORDERED** to meet and confer to resolve Plaintiffs' concerns over the discovery produced to date, which is inadvertently missing pages and the like, within 14 days of the date of this Entry.

**SO ORDERED** this 21st day of April 2017.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.