UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to the Following Actions only:

William Ivy, No. 1:16-cv-3319
Betty Johnson, No. 1:17-cv-00488

---

### PLAINTIFFS WILLIAM IVY'S AND BETTY JOHNSON'S RESPONSE TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs William Ivy and Betty Johnson hereby submit *Plaintiffs' Response to Cook Defendants' Motion for Judgment on the Pleadings*. As Defendants' Motion is premised on an application of Tennessee's statute of repose and Defendants fail to adequately analyze whether Tennessee law governs this dispute, and even if it did, because Tennessee law does not bar Plaintiffs' claims, Plaintiffs respectfully request Defendants' Motion be denied in its entirety.

### INTRODUCTION

This motion is premature and an inappropriate effort in an MDL to cherry-pick cases for motion practice. At the least, opening the door to this sort of motion practice would require the MDL court to perform a fifty-state analysis of statutes of limitations and repose, along with the specific factual scenarios and the exceptions and case law applicable to each. Potentially, such a premature motion practice might require hundreds of different cases to evaluate individually case-specific issues and legal analyses. Moreover, individual discovery has not even begun in these cases, which is important to the final argument about latency and discovery of injuries.

When the individual cases are reached for bellwether trials, or when more complete discovery is opened up, will be the appropriate time for individual case motion practice.

Defendants move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) because Plaintiffs allegedly failed to commence their actions within the time permitted by the Tennessee statute of repose. Defendants have not established that Tennessee law applies, however, and have not provided an explanation so that Plaintiffs may adequately respond to this allegation. Moreover, even if Tennessee law does apply, the only cause of action to which the statue of repose applies is a product liability claim. Plaintiffs' negligence, warranty, gross negligence, failure to warn, and other claims are certainly outside the ambit of the subject statute. And, critically, Defendants raise no arguments that would support dismissing the remainder of Plaintiffs' claims. For these reasons, which are more fully explained below, this motion is inappropriate at this stage of this MDL, and Plaintiffs' cases should not be dismissed, and Defendants' Motion should be denied in its entirety.

## STATEMENT OF RELEVANT FACTS

Plaintiffs Ivy and Johnson filed their Short Form Complaints on December 8, 2016 and February 15, 2017 respectively. [Dkt. 1, Case Nos. 1:16-cv-3319 and 1:17-cv-00488). In those Short Form Complaints, Plaintiffs "incorporate[d] The Master Complaint in MDL 2570 by reference." *Id*. at 1. Plaintiffs were implanted with Defendants' device and suffered injuries from such device while residing in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Plaintiffs alleged the following causes of action: (1) strict products liability – failure to warn; (2) strict products liability – design defect; (3) negligence; (4) negligence per se; (5) breach of express warranty; (6) breach of implied warranty; and (7) punitive damages. *Id*. at 3-4, ¶ 14.

## ARGUMENT

As an initial matter, Plaintiffs do not disagree with Defendants' statement of the legal standards governing motions to dismiss and conflicts of law issues. [Defs.' Mot., Dkt. 4186-1 at 1-3]. Defendants' motion, however, is legally insufficient in that; (a) it fails to adequately identify which state's law should govern their Motion; and (b) even if it is appropriate to apply Tennessee law, Defendants have construed the statute of repose in an impermissibly broad manner.

### A. Defendants have not established which state's law should govern their Motion.

Without a proper analysis, Defendants argue that Tennessee law applies to Plaintiffs' claims and, therefore, they are barred by the Tennessee statute of repose. [Dkt. 4186-1 at 8-9]. Defendants' argument is contradictory by its own terms. First, Defendants argue that a court sitting in diversity applies the substantive law of the state in which it is located (a correct general statement of law), but then state that where a case is part of a MDL based on diversity, the MDL court treats the "foreign direct filed cases…as if they were transferred from a judicial district sitting in the state where the case originated." [Dkt. 4186-1 at 2-3]. Under this analysis, Tennessee law may apply, but Defendants have failed to carry their burden on this issue.

Importantly – any choice of law analysis may have broader implications than just this Motion, as it may impact many other cases in differing ways. Put differently, as choice of law issues are vitally important in MDL proceedings, such an important issue should be discussed and resolved at a much higher level than a cursory discussion in a single motion to a single case.

Moreover, it appears that Defendants are trying to sidestep a critical part of their analysis by relying on *In re Yasmin*, 2011 U.S. Dist. LEXIS 39280, at *15, *18 (S.D. Ill. April 12, 2011), [Dkt. 4186-1 at 2-3], for the proposition that "the originating state [is the] state where the

plaintiff purchased and was prescribed the subject drug." [Dkt. 4186-1 at 2]. In that case, the court was asked to answer the question of what law applies to "foreign direct filed cases," *i.e.*, those cases which originated outside the court's judicial district but were filed directly into the MDL pursuant to a direct filing order. *In re Yasmin*, 2011 WL 1375011, at *1 (S.D. Ill. April 12, 2011). Plaintiffs' cases fall into this category of "foreign direct filed cases" as their cases originated outside of this judicial district and were filed directly into the MDL. Nevertheless, this does not automatically lead to the conclusion that Plaintiffs' cases originated in Tennessee simply because their implants and injuries occurred there. See, for example, the entire Choice of Law discussion in the Manual For Complex Litigation, Section 22.752 "the choice of applicable law is critical." A significant body of law has developed around this very issue and should not be treated with cursory discussion in a single motion.

Of critical importance is the fact that the *In re Yasmin* court stated: "direct filing orders also present difficult choice of law issues." *Id.* at *5 (citing *In re Express Scripts, Inc., PBM Litig.*, MDL No. 1672, 2007 WL 4333380, at *1-2 (E.D. Mo. Dec. 7, 2007) (applying choice-of-law rules <u>of the MDL forum to foreign case</u> that was directly filed into the MDL) (emphasis added) and *In re Bausch & Lomb Inc. Contact Lens Solution Prods. Liab. Litig.*, MDL No. 1785, 2007 WL 3046682, at *3 (D.S.C. Oct. 11, 2007) (reaching opposite conclusion)). Thus, the question before this Court is not as simple and straightforward as Defendants would have it believe. In addition to the law of Tennessee, the law of the forum, *i.e.* Indiana, could potentially govern the outcome.

The court in *In re Yasmin* reached its decision that the law of the "originating state" (meaning, for purposes of that case, the state where the plaintiff purchased and was prescribed the drug) should apply, in part, because the parties agreed upon a direct filing order that

"expressly provide[d] that the parties' direct filing agreement will not impact the choice of law that otherwise would apply to the direct filed actions." *Id* at 5. Thus, it appears the court in *In re Yasmin* was comfortable applying a short-hand conflicts of law analysis because the parties seemed to have already agreed to do so for the sake of convenience. The undersigned's review of the orders in this MDL reveals no similar such agreement between the parties to this litigation. This is critical because it distinguishes *In re Yasmin* in a material way and because it is axiomatic the conflicts of law issues may be waived. *See, e.g. King v. U.S. Xpress, Inc.*, 205 F. Supp. 3d 675, 678 (E.D. Penn. 2016) (defendants waived conflicts of law argument by failing to indicate which state's law should have applied in their briefing). Thus, *In re Yasmin* is likely inapplicable to the subject dispute and further, the parties have likely already waived these arguments by failing to address them earlier in the litigation.

At best, even if the Court deems these arguments not subject to waiver, the Court must still decide whether Tennessee or Indiana law applies (not to mention the other forty-eight states in the remaining 1,000-plus cases pending before this Court), and Defendants have presented no substantive analysis on this issue. Plaintiffs, therefore, are unable to formulate a proper response and the Court is left with inadequate information to decide this very important question. Consequently, Defendants' Motion should be denied.

> **B.    Even if it is proper to apply Tennessee law, Defendants have construed the statute of repose in an impermissibly broad manner.**

Plaintiffs alleged that Defendants possessed a post-sale duty to warn and that Defendants breached this duty. [Master Complaint, Dkt. 213 ¶¶ 38-46 (alleging, *inter alia*, Defendants learned of defects in their products after initial manufacturing, yet "failed to disclose [these facts] to physicians" and "continued to promote the Cook filter as safe and effective") and ¶¶ 53-64 (alleging, *inter alia*, "Defendants had a continuing duty to warn Plaintiffs and their physicians of

the dangers associated with the subject products)]. Thus, Plaintiffs' negligence, warranty, negligence per se, and failure to warn claims should not be barred.

In addition, at its broadest reading, Tennessee's statute of repose bars <u>product liability</u> actions brought later than ten (10) years from the date the product was first purchased for use or consumption. *See* Tenn. Code Ann. § 29-28-103(a). The statute, however, does not apply to other causes of action, such as negligence or breach of warranty – both of which Plaintiffs alleged in their Short Form Complaints. Pl. Short Form Complaint ¶ 14 (Dkt. 1, Case Nos. 1:16-cv-3319 and 1:17-cv-00488). Consequently, Defendants are <u>not</u> entitled to judgment on the pleadings as it concerns Plaintiffs' negligence, negligence per se, breach of express warranty, or breach of implied warranty causes of action.

      **C.**    **Application of the Tennessee statute of repose violates the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution.**

Plaintiffs here are similarly situated to individuals with asbestos-related and silicone gel breast implant health problems because injuries from the subject filters also have long-latency periods. There is no rational basis for the distinctions between their claims and the exceptions found within the Tennessee statute of repose. *See* TENN. CODE ANN. § 29-28-103. The concept of equal protection espoused by the federal and Tennessee state constitutions guarantees that all persons similarly situated shall be treated alike. *Doe v. Norris*, 751 S.W.2d 834, 841 (Tenn. 1988). When evaluating an equal protection claim, Tennessee courts apply a similar analysis under the Class Legislation Clause of the Tennessee Constitution as the Equal Protection Clause of the United States. *Winningham v. Ciba-Geigy Corp.*, 1998 U.S. App. LEXIS 16388, n.5 (6th Cir. 1998).

Here, a rational basis standard applies because the classification does not implicate a suspect class or fundamental right. Under this analysis, the judicial inquiry into the legislative choice rests on "whether the classifications have a reasonable relationship to a legitimate state interest." *Doe*, 751 S.W.2d at 841. The classification itself must rest on a reasonable basis. *Harrison v. Shrader*, 569 S.W.2d 822, 825 (Tenn. 1978). Reasonableness, in the equal protection context, depends upon the facts of the case, and no general rule can be formulated for its determination. *Estrin v. Moss*, 430 S.W.2d 345 (Tenn. 1968).

Tennessee courts have acknowledged that a general exemption for all latent injury claims may more effectively serve the Tennessee legislature's intended purpose. *Wyatt v. A-Best Products, Co.*, 924 S.W.2d 98, 106 (Tenn. Ct. Ap. 1995). This is particularly true in the present cases given the similarities between the filter claims and the exceptions in the statute of repose. Simply stated, filter claims are similar situated by injury and class to asbestos-related claims and silicone gel breast implant claims. Like both asbestos and breast implant claims, these filter claims typically have a long period of latency before the onset of the injury. This latency period can and often does extend past the ten-year limitation provided in Tennessee's statute of repose. As a result, innocent plaintiffs are barred from a path to recovery for injuries similar to those excused from the statute, thereby violating the Equal Protection Clause and the Class Legislation Clause. Furthermore, the severity of the injuries sustained in these filter claims are similar to those injuries sustained in both silicone gel breast implant claims and asbestos claims. The subject filters often fall out of place or break apart, causing hemorrhages, strokes, pulmonary embolism, and even death.

Recent modeling suggests that over 900,000 incident or recurrent, fatal, and non-fatal venous thromboembolism events occur in the United States annually.[1] Of these, it is estimated that 250,000 people in the United States each year are implanted with a filter, whereas only 2,000 to 3,000 new cases of mesothelioma occur annually.[2] The legislature's concern with protecting the numerous individuals potentially exposed to asbestos should be extended to the many individuals injured by the subject filters.

The Tennessee legislature's arbitrary distinctions under the statute of repose unjustly prevent similarly situation innocent plaintiffs from recovery while allowing plaintiffs with asbestos-related injuries or injuries from silicone gel breast implants a path to recovery. Given the similarities in onset of injury, type of injury, and overall amount of exposure, there is no rational basis for the distinction between Plaintiffs' claims and those exceptions in the Tennessee statute of repose. As such, application of the statute of repose to bar Plaintiffs' claims violates the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. *See* U.S. CONST. amend. XIV, § 1, TENN. CONST. art. XI, § 8.

## CONCLUSION

Defendants' Motion should be denied in its entirety because it is premature and inappropriate, it fails to properly identify which state's law should govern this dispute, and, even if Tennessee law does apply, Defendants have construed Tennessee's statute of repose in an impermissibly broad manner. For these reasons, Plaintiffs Ivy and Johnson respectfully request this Court deny Defendants' Motion in its entirety.

---

[1] Heir J, Cohen A, Anderson F. Estimated annual number of incident and recurrent, fatal and non-fatal venous thromboembolism (VTE) events in the US. Blood 2005;106:267a.

[2] Sandler, Tim and Gosk, Stephanie, Why Did Firm Keep Selling Problem Blood-Clot Filters? http://www.nbcnews.com/health/health-news/why-did-firm-keep-selling-problem-blood-clot-filters-n488166;
Cancer Research UK. (2014, July 10). Statistics and Outlook for Mesothelioma. Retrieved from http://www.cancerresearchuk.org/about-cancer/type/mesothelioma/treatment/statistics-and-outlook-for-mesothelioma.

Respectfully Submitted,

By:    /s/  William B. Curtis
William B. Curtis
Curtis Law Group
12225 Greenville Ave., Ste. 750
Dallas, Texas 75243
Telephone: 214.890.1000
Facsimile: 214.890.1010
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2017, a true and correct copy of *Plaintiffs' Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: April 21, 2017

Respectfully Submitted,

By:    /s/  William B. Curtis
William B. Curtis
Curtis Law Group
12225 Greenville Ave., Ste. 750
Dallas, Texas 75243
Telephone: 214.890.1000
Facsimile: 214.890.1010
*Attorneys for Plaintiffs*