IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB

This Document Relates to Plaintiff(s):
Michael David Fox and Jeri Dayle Fox

Civil Case 1:17-CV-00255

**Plaintiff Michael Fox's Memorandum in Response to Defendants Motion for Judgment on the Pleadings Based on Statutes of Repose**

Defendants have submitted to this court its Motion for Judgment on the Pleadings regarding Plaintiff Michael Fox's claim based upon Georgia law set forward in O.C.G.A. § 51-1-11. However, Georgia law does not support Defendants contention, and Defendants' Motion should be denied.

**The Cook Defendants are Not Entitled to Dismissal
of Plaintiffs' Claims Based on Statutes of Repose**

O.C.G.A. § 51-1-11(c) explicitly states that "*nothing* contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer. *Chrysler Corp. v. Batten*, 264 Ga. 723, 727, 450 S.E.2d 208, 213 (1994) (emphasis added).

Furthermore, "subsection (c) extends the ten-year statute of repose to negligence actions, but differs from subsection (b)(2) by providing for two exceptions to the statute of repose, i.e., where the manufacturer's negligence resulted in a product causing disease or birth defect, or where the injuries or damages arose out of conduct manifesting a "willful, reckless, or wanton disregard

for life or property." O.C.G.A. § 51-1-11 (c). *Chrysler Corp. v. Batten*, 264 Ga. 723, 725-26, 450 S.E.2d 208, 212 (1994). Here, if either exception applies, our plaintiff is authorized to maintain his cause of action based on the sale of a defective product notwithstanding the fact that the action is initiated more than ten years from "the date of the first sale."

A. **Plaintiff's Failure to Warn Claim is Not Subject to Dismissal Based upon the Statute of Repose**

"The [Georgia] legislature carefully excluded failure-to-warn causes of action from the statute of repose, thereby applying the statute only to those causes of action arising out of the sale of the defective product." *Chrysler Corp. v. Batten*, 450 S.E.2d 208, 264 Ga. 723, 1994 Ga. LEXIS 909, 94 Fulton County D. Rep. 3982, CCH Prod. Liab. Rep. P14, 106 (Ga. 1994); interpreting Ga. Code Ann. § 51-1-11 (c). The Defendants' interpretation of *Chrysler Corp. v. Batten* conveniently adopts the dissent's position to the established Georgia case law. In fact, the *Batten* majority specifically rebuts this argument:

> "Contrary to the dissent's position, the exclusion set forth in the final sentence is not an exception which affects the running of the statute of repose on sale-of-defective-products causes of action. Rather, the exclusion places failure-to-warn causes of action outside the ambit of the statute of repose, thereby precluding use of the statute to relieve manufacturers of their liability for failing to warn of a danger arising from the use of a product whenever that danger becomes known to the manufacturers." *Id.*

Defendants go on to reference *Batten* and its progeny addressing only a manufacturer's continuing post-sale duty to warn of newly discovered risks without citing any of these subsequent cases. Plaintiff cannot respond to the Georgia courts' continued interpretation of the *Batten* case without Defendants providing the cases it references generally, and we see no evidence presented that would place this particular case outside the purview of § 51-1-11 (c). There is no language in § 51-1-11 (c), *Batten* or its progeny that would impose the statue of repose to this failure to warn claim, or any failure to warn claim for that matter.

**B.    The Remainder of Plaintiff's Claims Should Not Be Dismissed Because of Defendants' Reckless Disregard for Human Life**

There is a clear exception to an imposition of the statute of repose, where the injuries or damages arise out of conduct manifesting a "willful, reckless or wanton disregard for life." O.C.G.A. § 51-1-11 (c). *Chrysler Corp. v. Batten*, 264 Ga. 723, 725-26, 450 S.E.2d 208, 212 (1994). Willful conduct is based on an actual intention to do harm or inflict injury; wanton conduct is that which is so reckless or so charged with indifference to the consequences . . . [as to be the] equivalent in spirit to actual intent.(Citations and punctuation omitted.) *Batten* citing *Hendon v. DeKalb County*, 203 Ga. App. 750, 758 (417 S.E.2d 705) (1992).

To demonstrate Defendants' disregard for life, one only needs to look at their failure to follow recommendations in guidance documents and the standards applicable to their IVC filter designs. These examples include omitting comparison to competitor IVC filters, different testing methods when comparing their own IVC filters, inappropriate study design that included different approaches to impacting IVC material properties during testing, and failure to extract clinical implications when analyzing and interpreting test results. *See attached Exhibits A and B*. Documents further reveal Defendants were not knowledgeable of the worst-case testing scenarios that should have been applied with their Günther Tulip IVC filter design, and seemed to lack knowledge of important factors influencing the likelihood of perforation. *See attached Exhibit C*. Discovery has further revealed that Defendant Cook understood the shortcomings of these filters such as tilting, perforation and the potential for impaired retrieval. *See attached Exhibits D, E, and F*.

However, rather than initiate design iterations to mitigate risks in accordance with recommendations in the applicable guidance documents and standards, questionable rationale was implemented and served as the basis for continued next generation device design. *See attached Exhibits G, H, and I*. Since the purpose of guidance documents and standards established for IVC

filters is to protect patients from potential risks that arise from receiving an IVC filter, these actions subsequently led to unnecessary risks such as injury or death in patients receiving a Cook IVC filters. *See attached Exhibits J and K*.

Consequently, Plaintiff Fox underwent implantation of a Cook Günther Tulip IVC filter that perforated the IVC wall and created a dangerously unstable filter that is no longer medically necessary and that is difficult, if not impossible, to remove.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants' Motion for Judgment on the Pleadings [4186] be, in all things, DENIED.

Respectfully submitted,

THE NATIONS LAW FIRM


  /s/   Howard L. Nations
Howard L. Nations
3131 Briarpark Dr., Suite 208
Houston, TX  77042
(713) 807-8400
(713) 807-8423 (Fax)
charles@howardnations.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

  /s/ Howard L. Nations
Howard L. Nations