UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to the Following Action only:

**Emilie Apple, No. 1:16-cv-03244**

**Plaintiff Emilie Apple's Memorandum in Response to Defendants' Motion for Judgment on the Pleadings**

Plaintiff Plaintiff Emilie Apple hereby submits *Plaintiff's Response to Cook Defendants' Motion for Judgment on the Pleadings*. Defendants have submitted to this court its motion to dismiss Plaintiff Emilie Apple's claim based upon Texas law set forward in Tex. Code. Ann. § 16.012(b). The Cook Defendants are not entitled to judgment on this plaintiff's complaint because although plaintiff failed to commence her action within the time permitted by the Texas statute of repose for such claims, Texas law allows for an exception in cases where the defendants provided in writing that the product has a useful safe life of longer than fifteen years after the date of sale of the products by the defendants. For this reason, Plaintiff Apple respectfully requests Defendants' Motion be denied in its entirety.

**STATEMENT OF RELEVANT FACTS**

The timeline of insertion of the Defendants' device, removal, injuries and filing of Plaintiff Apple's complaint are undisputed. Plaintiff Emilie Apple's pleading alleges that the implantation of her Gunther Tulip Vena Cava Filter occurred on September 7, 2001. Pl. Short Form Complaint ¶¶ 10-11 (Dkt. 1, Case No. 1:16-cv-03244). Emilie Apple filed her Short Form Complaint

on November 30, 2016, *see generally id*. In her Short Form Complaint, Emilie Apple "incorporate[d] The Master Complaint in MDL No. 2570 by reference." *Id* at 1.

## ARGUMENT

**The Cook Defendants are Not Entitled to Dismissal of Plaintiff Claims Based on Texas Statute of Repose**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.2007), *Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir., 2014). In reviewing a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *See, e.g., Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Unless the defendants provide affirmative evidence to the contrary, the plaintiff's factual allegations must be accepting as true and grant all reasonable inferences to the non-moving party. *Taxi Connection v. Dakota, Minn. & E. R.R. Corp*., 513 F.3d 823, 825 (8th Cir.2008).

Texas law imposes a 15-year statute of repose in product liability cases, measured from the date the defendant sold the product.  There is an exception in the statute reads in relevant part:

(c) If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action against that manufacturer or seller of the product before the end of the number of years warranted after the date of the sale of the product by that seller.

*Id*. § 16.012 (c) (emphasis added).

The statute provides exceptions where a seller expressly warrants that a product will last more than 15 years or where the claim is based on exposure to toxic products (e.g., asbestos). *See* Tex. Code. Ann. § 16.012(c), (d), (d-1).

Here, if the exception applies, our plaintiff is authorized to maintain her cause of action based on the sale of a defective product where the defendants have provided in writing that the product has a useful safe life of longer than fifteen years after the date of sale of the products by the defendants, notwithstanding the fact that the action is initiated more than fifteen years from "the date of the first sale."

### A. The Statute of Repose Does Not Bar Failure to Warn Claims Under the Express Warranty Exception

Plaintiff Emilie Apple's pleading alleges that the implantation of her Gunther Tulip Vena Cava Filter occurred on September 7, 2001. Pl. Short Form Complaint ¶¶ 10-11 (Dkt. 1, Case No. 1:16-cv-03244). Emilie Apple filed her Short Form Complaint on November 30, 2016, *see generally id*. In her Short Form Complaint, Emilie Apple "incorporate[d] The Master Complaint in MDL No. 2570 by reference." *Id* at 1.

Plaintiff Emilie Apple alleges that during the implantation of the Gunther Tulip Vena Cava Filter she was told that the device was permanent with no long-term side effects. (Exhibit 1 Affidavit of Emilie Apple).

The Gunther Tulip Vena Cava Filter Patient Guide on page 6 claims that "the Gunther Tulip Vena Cava Filter is often used as a permanently implanted device (Exhibit 2 page 6). The guide further states that "remember, the Gunther Tulip Vena Cava Filter is safe and effective as either a permanent or temporary device (*id*.)."

The Gunther Tulip Vena Cava Filter was designed, approved and sold as a permanent device. The company expressly warranted in writing that the device be used as a permanent device.

3

Because of its permanent nature, no warning was given regarding the useful safe life of the device. In fact, no specific useful safe-life time-frame was ever issued by the manufacturer at all.

As can be seen by the above, Emilie Apple was told that she had a permanent Gunther IVC filter. According to confidential documents obtained from the defense during discovery, Cook did not have FDA approval to sell, market or advertise that their Gunther Tulip device as a temporary or retrieval device. Here, if the exception applies, our plaintiff is authorized to maintain her cause of action based on the sale of a defective product, notwithstanding the fact that the action is initiated more than fifteen years from "the date of the first sale."

Although judgment on the pleadings is proper in a case where there is no genuine issue of material fact, this is not a case in which the court should grant judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Because there is a material fact issue on the element of the Texas Statute of Repose exception (c), defendants are not entitled to judgment on the pleadings in this case.

### B. The Remainder of Plaintiff's Claims Should Not Be Dismissed Because of Defendants' Post-Sale Duty to Warn and Reckless Disregard for Human Life

Emilie Apple in fact alleged that Defendants possessed a post-sale duty to warn and that Defendants breached this duty. [Master Complaint, Dkt. 213 ¶¶ 38-46 (alleging, inter alia, Defendants learned of defects in their products after initial manufacturing, yet "failed to disclose [these facts] to physicians" and "continued to promote the Cook Filter as safe and effective") and ¶¶ 53-64 (alleging, inter alia, "Defendants had a continuing duty to warn Plaintiffs and their physicians of the dangers associated with the subject products)].

To demonstrate Defendants' disregard for life, one only needs to follow their failure to follow recommendations in guidance documents and the standards applicable to their IVC filter designs. These examples include omitting comparison to competitor IVC filters, different testing methods when comparing their own IVC filters, inappropriate study design that included differ-

4

ent approaches to tissue storage impacting IVC material properties during testing, and failure to extract clinical implications when analyzing and interpreting test results. Documents further reveal Defendants were not knowledgeable of the worst-case testing scenarios that should have been applied with their Günther Tulip IVC filter design, and seemed to lack knowledge of important factors influencing the likelihood of perforation.

Here, Plaintiff Apple underwent implantation of a Cook Günther Tulip IVC filter that perforated the IVC wall and created a dangerously unstable filter that is no longer medically necessary, but that is difficult if not impossible to remove.

Discovery has further revealed that Defendant Cook understood the shortcomings of these filters such as tilting, perforation and the potential for impaired retrieval. However, rather than initiate design iterations to mitigate risks in accordance with recommendations in the applicable guidance documents and standards, questionable rationale was implemented and served as the basis for continued next generation device design. Since the purpose of guidance documents and standards established for IVC filters is to protect patients from potential risks that arise from receiving an IVC filter, these actions subsequently led to unnecessary risks such as injury or death in patients receiving a Cook IVC filters.

## CONCLUSION

For the reasons stated above, Plaintiff Emilie Apple urges the Court to deny defendants' motion because there is a material fact issue on the element of the Texas Statute of Repose exception (c), defendants are not entitled to judgment on the pleadings in this case. .

Dated: April 21, 2017

                                                          Respectfully submitted,

                                                            /s/ Dr. Shezad Malik
                                                Dr. Shezad Malik
                                                DR. SHEZAD MALIK LAW FIRM
                                                4925 Greenville Avenue, Suite 320
                                                Dallas, Texas 75206

Texas Bar Number: 24053337
Telephone: (817) 717-1772
Fax: (888) 210-9693
DrMalik@ShezadMalik.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2017 a true and correct copy of *Plaintiff's Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

By:     /s/ Shezad Malik

Shezad Malik MD JD