# EXHIBIT B

**wooden mclaug**

**James M. Boyers**
*Jim.Boyers@WoodenMcLaughlin.com*
*Direct Dial  317.860.5366*

January 10, 2017

**VIA EMAIL ONLY (bmartin@bencmartin.com)**
Ben C. Martin
The Law Office of Ben C. Martin
3219 McKinney Avenue, Suite 100
Dallas, TX  75204

Re:     Cook Defendants' Objections to Subpoena for Documents Directed to Kem Hawkins

Dear Counsel:

On behalf of the Cook Defendants and Kem Hawkins, I write to state their objections to Plaintiffs' Notice of Intent to serve a subpoena for documents on Mr. Hawkins and your informal request for his deposition.  Mr. Hawkins has retired from Cook.  His retirement was effective July 1, 2015.  Making a request for his custodial documents involves cumulative, duplicative and harassing discovery from someone who has moved well into retirement.  This subpoena amounts to harassment where any relevant documents also available in Mr. Hawkins' custodial files have likely been previously produced through the over 30 custodians whose files have already been produced in this action.  Many documents for which Mr. Hawkins is identified as a recipient, a sender or an author have already been produced in MDL 2570.

A quick review of the Requests for Production of Documents attached to the subpoena to Kem Hawkins demonstrates the duplicative and cumulative nature of the discovery sought from Mr. Hawkins.  For example, Request No. 1 covers the same ground in the original Master Request for Production of Documents Nos. 7 and 39.  Request No. 9 is covered in the Master Request for Production of Documents Nos. 9, 13, 14 and 40.  Request No. 10 is duplicative of Master Request for Production of Documents Nos. 8, 9, 21, 22 and 50.  Request No. 12 is duplicative of Master Request for Production of Documents Nos. 32, 33, 34, 35, 36 and 37.  We can provide many more examples of the cumulative and duplicative nature of the discovery sought here.  Moreover, the individual requests suffer from the same overbreadth issues with respect to scope of products and time period that warranted objections to the Master Discovery.  Of course, we also object for those reasons and the others reasons set forth in our Ojbections and Responses to

January 10, 2017
Page 2



**wooden mclauc**

the Master Requests for Production of Documents and to the extent these requests seek documents that are work product or subject to the attorney-client privilege.

Plaintiffs offer no explanation why it is necessary to trouble the retired former CEO and President of Cook Group and Cook Inc. based on the discovery that has already been done to date. As you know, FRCP 26(c)(1) allows the Court to limit the scope of discovery "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Here, given the discovery that has already been done and the lack of explanation for seeking documents from Mr. Hawkins, the request for his custodial files appears to be an effort to annoy and oppress Cook and its former CEO. Moreover, the less intrusive discovery has already been completed because many documents have already been produced to which Mr. Hawkins was either the author or recipient through the other custodians in this litigation. Thus, the more convenient, less burdensome and less expensive course would be for the Court to enter a protective order precluding such discovery. The Court's ruling on this is discretionary. Given the Court's focus on proportionality issues to date, we are confident that the Court would agree with us that the subpoena for documents from Mr. Hawkins is an effort to annoy, embarrass and oppress and place a significant burden on Cook and Mr. Hawkins.

Mr. Hawkins, like any CEO, was responsible for a broad range of issues within the company. Cook manufactures and sells over 15,000 products and has interests in many other business endeavors. The most significant documents that would have crossed his desk regarding Cook IVC Filters likely have already been produced through other custodians with direct responsibility for them.

If Plaintiffs' position is that this discovery is necessary to take Mr. Hawkins' deposition, we wish to advise you that Cook will invoke the Apex Doctrine to challenge any effort to take Mr. Hawkins' deposition in this litigation. Under the Apex Doctrine, courts may quash subpoenas for depositions of high level executives if the information being sought can be obtained from another witness or an alternative discovery method or if the deposition will result in an undue hardship. In general, federal courts have held that a high level executive may only be deposed if there is a showing that the executive possesses knowledge of relevant facts unavailable through less intrusive methods, that those less intrusive methods of discovery have already been exhausted, and that the discovery will not be unnecessarily duplicative. *See, e.g., Baine v. General Motors Corp.*, 151 F.R.D. 332 (M.D. Ala. 1991); *Kelley v. Microsoft Corp.*, No. C07-0475MJP, 2008 U.S. Dist. LEXIS 97340 (W.D. Wash. Nov. 21, 2008); *Naylor Farms, Inc. v. Anadarko OGC Co.*, Civil Action No. 11-cv-01528-REB-KLM, 2011 U.S. Dist. LEXIS 68940 (D. Colo. June 27, 2011); *Alberto v. Toyota Motor Corp.*, 289 Mich. App. 328, 796 N.W.2d 490 (2010).

Importantly, much of the law that was developed on the issue of Apex depositions came before the modifications of Rule 26 in December of 2015. Those modifications, and the requirement of proportionality in all discovery, weigh heavily in favor of an order quashing the subpoena for

 **wooden mclaughlin**

January 10, 2017
Page 3

documents and any subpoena for Mr. Hawkins' deposition. We are prepared to file a motion for protective order. However, it is our understanding from our regular dealings with Magistrate Baker, that before any motion to compel or motion for protective order be filed that the parties participate in a conference with him in order to resolve or narrow the issues and to set a briefing schedule if the matter cannot be resolved through the conference.

Should you have any questions, please do not hesitate to contact Andrea R. Pierson, Douglas B. King or me.

Very truly yours,

*/s/ James M. Boyers*

James M. Boyers

JMB/rjb

cc:   David P. Matthews (via email) ([dmatthews@thematthewslawfirm.com](mailto:dmatthews@thematthewslawfirm.com))
      Michael W. Heaviside (via email) ([mheaviside@hrzlaw.com](mailto:mheaviside@hrzlaw.com))
      Joseph N. Williams (via email) ([jwilliams@rwp-law.com](mailto:jwilliams@rwp-law.com))