# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to All Actions

_____

## DECLARATION OF ANDREW L. CAMPBELL

I, Andrew L. Campbell, hereby state and affirm:

1.     I am an attorney at Faegre Baker Daniels LLP, and I am one of the attorneys representing the Cook Defendants in the multi-district litigation entitled *In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation.*

2.     I submit this declaration in support of the Cook Defendants' Motion for Protective Order to Bar the Deposition of Kem Hawkins.

3.     This declaration is based on personal knowledge and on information provided to me by other attorneys and legal personnel at Faegre Baker Daniels.

4.     During the course of litigation involving the Cook IVC filters, Cook has produced to plaintiffs' counsel a large number of documents concerning the history and organization of the various Cook companies. These documents include articles of incorporation, entity lists, organizational charts, and summaries of Cook companies.

5.     In addition, plaintiffs' attorneys in the Cook IVC filter litigation have deposed multiple present [and former] Cook employees who are knowledgeable about the history and organization of the Cook companies, including several 30-plus year employees (Mark Breedlove, Tom Roberts, Rita Harden, Arne Moelgaard-Nielsen, and Jesper Thyregod) and other long-term employees (Ted Heise and Bill Voorhees).

6.     Cook also provided a knowledgeable witness, Mark A. Breedlove, in response to a Rule 30(b)(6) deposition notice by plaintiffs' counsel seeking testimony concerning the "corporate structure and organization" of the various Cook "entities, divisions, and/or subsidiaries" and the relationships among them.  I attach as Exhibit 1 a true and correct copy of Plaintiffs' January 9, 2015, First Amended Notice of Deposition, which sets forth these topics on pages 7-8.

7.     During the course of litigation involving the Cook IVC filters, Cook has produced to plaintiffs' counsel a large number of documents concerning the design and development of the IVC filters.  These documents include the Design History Files for the IVC filters at issue (as defined by 21 C.F.R. § 820.30(j)).

8.     In addition, plaintiffs' attorneys in the Cook IVC filter litigation have deposed multiple present [and former] Cook employees who are knowledgeable about the design and development processes for the IVC filters, including Brian Choules, Bruce Fleck, Mark Frye, Jacob Clausen, Ted Heise, Per Hendriksen, Arne Moelgaard-Nielsen, Mette Neiendam Nielsen, Jesper Thyregod, and Bill Voorhees.

9.     Cook also provided a knowledgeable witness (Jesper Thyregod) in response to a Rule 30(b)(6) deposition notice by plaintiffs' counsel seeking testimony concerning

the "Design and Development of Cook IVC Filters." I attach as Exhibit 2 a true and correct copy of Plaintiffs' February 1, 2016, Notice to Take Deposition, which sets forth these topics on pages 6-14.

10.     During the course of litigation involving the Cook IVC filters, Cook has produced to plaintiffs' counsel a large number of documents concerning the manufacturing process for IVC filters. These documents include Cook's Quality Policy Management Systems, including the Quality Policy Manual or Quality Policies for Cook Inc. and William Cook Europe with the underlying Quality Policy Procedures and Instructions for the Manufacturing Processes.

11.     In addition, plaintiffs' attorneys in the Cook IVC filter litigation have deposed multiple present [and former] Cook employees who are knowledgeable about the manufacturing process for IVC filters, including Bruce Fleck, Arne Moelgaard-Nielsen, Jesper Thyregod, Torben Anderson, Mark Frye, Per Henriksen, and Brian Choules.

12.     Cook also provided a knowledgeable witness (Jesper Thyregod) in response to a Rule 30(b)(6) deposition notice by plaintiffs' counsel seeking testimony concerning "conformance to specifications of [] Cook IVC Filters" and "the process and procedures used to test, determine and insure that raw materials satisfied the design requirements of the IVC Cook Filters." See Exhibit 2, Plaintiffs' February 1, 2016, Notice of Taking Deposition, which sets forth these topics on pages 6-14.

13.     During the course of litigation involving the Cook IVC filters, Cook has produced to plaintiffs' counsel a large number of documents concerning product labeling

and warnings for the IVC filters. These documents include current and prior relevant instructions for use ("IFU") and IFU history/specification files.

14.     In addition, plaintiffs' attorneys in the Cook IVC filter litigation have deposed multiple present [and former] Cook employees who are knowledgeable about product labeling and warnings for the IVC filters, including Bruce Fleck, Darrell Darrell Talbert, Mette Neiendam Nielsen, and Ted Heise.

15.     Cook also provided a knowledgeable witness (April Lavender) in response to a Rule 30(b)(6) deposition notice by plaintiffs' counsel seeking testimony concerning "Package Inserts," "Dear Healthcare Provider Letters," and "Patient Information Sheets." I attach as Exhibit 3 and Exhibit 4, respectively, true and correct copies of Plaintiffs' April 23, 2015, Amended Notice of Taking Deposition and Plaintiffs' December 17, 2015, Notice to Resume the Deposition, which sets forth these topics on pages 6-12 of both exhibits.

16.     During the course of litigation involving the Cook IVC filters, Cook has produced to plaintiffs' counsel a large number of documents concerning regulatory registration, submissions, and compliance concerning the IVC filters. These documents include all U.S. regulatory submissions for the relevant IVC filters and documents related to adverse event reporting.

17.     In addition, plaintiffs' attorneys in the Cook IVC filter litigation have deposed multiple present [and former] Cook employees who are knowledgeable about regulatory registration, submissions, and compliance concerning the IVC filters, including Tom Roberts, Mette Neiendam Nielsen, Anna Bjerg Jessen, and Ted Heise.

18.     Cook also provided a knowledgeable witness (April Lavender) in response to a Rule 30(b)(6) deposition notice by plaintiffs' counsel seeking testimony concerning "Regulatory Corporate Structure," "Regulatory Procedures," and "Communications with Government Bodies." See Exhibit 3 and Exhibit 4, Plaintiffs' April 23, 2015, Amended Notice of Taking Deposition and Plaintiffs' December 17, 2015, Notice to Resume the Deposition, which sets forth these topics on pages 6-12 of both exhibits.

19.     During the course of litigation involving the Cook IVC filters, Cook has produced to plaintiffs' counsel a large number of documents concerning testing of the IVC filters. These documents include all clinical, bench and animal testing for the IVC filters at issue.

20.     In addition, plaintiffs' attorneys in the Cook IVC filter litigation have deposed multiple present [and former] Cook employees who are knowledgeable about testing for the IVC filters, including Brian Choules, Torben Anderson, and Per Hendriksen.

21.     Cook also provided a knowledgeable witness (Jesper Thyregod) in response to a Rule 30(b)(6) deposition notice by plaintiffs' counsel seeking testimony concerning "testing, analysis, or reviews performed on the Cook IVC Filters," including "fatigue testing or fracture testing," "load testing," "flat plate analysis," and "Material Supply and Specification Certification." See Exhibit 2, Plaintiffs' February 1, 2016, Notice to Take Deposition, which sets forth these topics on pages 10-12.

22.     During the course of litigation involving the Cook IVC filters, Cook has produced to plaintiffs' counsel a large number of documents concerning advertising and

5

marketing of the IVC filters. These documents include marketing and instructional brochures and clinical marketing materials.

23.     In addition, plaintiffs' attorneys in the Cook IVC filter litigation have deposed multiple present [and former] Cook employees who are knowledgeable about advertising and marketing for the IVC filters, including Bruce Fleck and Mark Breedlove.

24.     During the course of litigation involving the Cook IVC filters, Cook has produced to plaintiffs' counsel documents concerning sales and financial data in response to Plaintiffs' discovery requests. These materials included sales data broken down by product and year, sales forecasts, and applicable balance sheets, income statements, annual reports and business plans.

25.     Cook also provided a knowledgeable witness (Darrell Talbert) in response to Rule 30(b)(6) deposition notices by plaintiffs' counsel seeking testimony concerning "Marketing Strategies," "International Sales, Marketing and Promotion of Cook IVC Filters," "Sales and Marketing Materials Approval, Organization and Identity," and "Government Warnings /Actions re Marketing and Promotional Practices." I attach as Exhibit 5 and Exhibit 6, respectively, true and correct copies of Plaintiffs' April 2, 2015, Notice to Take Deposition, and Plaintiffs' December 15, 2015, Notice to Resume the Deposition, which sets forth these topics on pages 6-10 of both exhibits.

26.     During the course of litigation involving the Cook IVC filters, Cook has produced to plaintiffs' counsel a large number of documents concerning the investigation of product complaints concerning the IVC filters. These documents include adverse

event reports related to the failure modes at issue in this litigation, Base Complaint Files, and TrackWise Complaint Files.

27.     In addition, plaintiffs' attorneys in the Cook IVC filter litigation have deposed multiple present [and former] Cook employees who are knowledgeable about the investigation of product complaints concerning the IVC filters, including Tom Roberts and Mette Neiendam Nielsen.

28.     Cook also provided a knowledgeable witness (Rita Harden) in response to a Rule 30(b)(6) deposition notice by plaintiffs' counsel seeking testimony concerning "[p]olicies and procedures for collecting information related to adverse event experiences" and "Post -Market reporting and /or Post- Marketing Surveillance." I attach as Exhibit 7 a true and correct copy of Plaintiffs' January 22, 2016, Deposition Notice, which sets forth these topics on pages 9-10.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on the 27th day of April, 2017.

_____

# EXHIBIT 1



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:  All Actions

## FIRST AMENDED NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned attorneys, will take the deposition of Cook Medical, Incorporated a/k/a Cook Medical, Inc.; Cook Incorporated; Cook Medical Group, Inc.; Cook Group; Cook Group, Incorporated a/k/a Cook Medical, Inc.; and William Cook Europe APS on January 16, 2015, at 9:00 a.m. at the offices of Wooden & McLaughlin LLP, 211 North Pennsylvania Street One Indiana Square, Suite 1800, Indianapolis, IN 46204. Pursuant to Fed. R. Civ. P. 30(b)(6), Defendants shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of Cook, et al. concerning the topics identified in **Schedule A** attached hereto.

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will also be videotaped. Please take further notice that the deponent(s) shall produce the materials identified in **Schedule B**.

Dated: January 9, 2015

**PLAINTIFFS' COUNSEL**

By: _____

Jeffrey S. Gibson
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
(317) 636-2593(facsimile)
jgibson@cohenandmalad.com

LEAD PLAINTIFFS' COUNSEL

2

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: CORPORATE STRUCTURE AND ORGANIZATION

1
2

## SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

3

You are advised that you must designate one or more officers, directors, managing

4

agents, or other persons who will testify on your behalf regarding the matters listed in Schedule

5

A which are known or reasonably available to Defendants Cook Medical, Incorporated a/k/a

6

Cook Medical, Inc.; Cook Incorporated; Cook Medical Group, Inc.; Cook Group; Cook Group,

7

Incorporated a/k/a Cook Medical, Inc.; and William Cook Europe APS, hereinafter "COOK".

8

The term "communication" means the transmittal of information by any medium,

9

whether written, oral, or electronic (in the form of facts, ideas, inquiries, or otherwise).

10

The term "computer" means all devices utilizing microchips to facilitate processing,

11

analysis, or storage of data, including microcomputers (also known as personal computers),

12

laptop computers, portable computers, notebook computers, palmtop computers (personal digital

13

assistants or "PDAs"), minicomputers and mainframe computers.

14

The term "custodial file" refers to the compilation of all documents and records within

15

the possession of the designated person while employed by COOK including records,

16

memoranda, letters, handwritten notes, working papers, minutes of meetings and notes

17

therefrom, electronic writings, e-mail, intra-or inter-company communications, reports, articles

18

or other writings and recordings as defined in the Federal Rules of Civil Procedure.

19

The term "document" and "documents" mean and refer to a writing and/or recording as

20

defined by Federal Rule 34, including, without limitation, the following terms in their broadest

21

sense, whether printed or recorded or reproduced by any other mechanical process, or written or

22

produced by hand:  agreements, communications, State and Federal governmental hearings and

23

reports, correspondence, telegrams, memoranda, summaries or records of telephone

24

conversations, summaries or records of personal conversations or interviews, diaries, graphs,

25

reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of

26

meetings or conferences, summaries or reports of investigations or negotiations, opinions or

27

reports of consultants, radiographs, photographs, motion picture films, brochures, pamphlets,

28

3

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: CORPORATE STRUCTURE AND ORGANIZATION

1  advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any

2  document, and all other writings.

3       The term "Defendant" means, without limitation, the responding party.

4       The terms "You" and "Yours" mean the corporate defendants answering these requests,

5  and any person acting on that corporation's behalf.

6       The term "documentation" when used in reference to computers when used in reference

7  to computers, operating systems and utilities, application software and/or hardware devices, shall

8  mean and refer to all documents and files of electronically stored information provided by the

9  manufacturer or seller of the item and/or by in-house sources, including all manuals, guides,

10  instructions, programming notes, protocols, policies, procedures and other sources of information

11  about technical specifications, installation, usage and functioning of the computer, operating

12  systems and utilities, application software and/or hardware devices.

13       The terms "electronically stored information" means the original (or identical duplicate

14  where the original is unavailable), and any non-identical copies (whether non-identical because

15  of notes made on copies or attached comments, annotations, marks, transmission notations, or

16  highlighting of any kind) of writings and data compilations in any form, and of every kind and

17  description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other

18  means.  Electronic data includes, but is not limited to, computer programs, programming notes or

19  instructions, activity listings of electronic mail receipts and transmittals, output resulting from

20  the use of any software program, including word processing documents, spreadsheets, database

21  files, charts, graphs and outlines, electronic mail, operating systems, source code of all types,

22  peripheral drivers, PIF files, batch files, ASCII files, PDF files, .tif files, and any and all

23  miscellaneous files and file fragments, regardless of the media on which they reside and

24  regardless of whether said electronic data consists in an active file, deleted file or file fragment.

25  Electronic data includes any and all items stored on computer memories, hard disks, floppy

26  disks, CDs, DVDs, CD-ROMS, removable media (Zip disks, flash or jump drives), Jaz

27  cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche,

28  punched cards, punched tapes, computer chips (including EPROM, PROM, RAM and ROM), on

4

or in any other vehicle for digital data storage and transmittal. The term electronic data also includes the file, folder tabs and containers and labels appended thereto, or associated with, any physical storage device associated with each original and copy.

"Identify," when used in reference to any electronically stored information, means to provide information specifying the software and/or operating system under which the electronically stored information was created; the type of electronically stored information (for example, word processing documents, spreadsheet, database, application program); and all other means of describing it with sufficient particularity to meet the requirements for its inclusion in a request for production of documents pursuant to the Federal Rules.

"Identify" - When the identity of any person is requested by virtue of the documents and materials requested in this Request, the information sought is:

    A. If the person is a natural person: The name, residential address, business address, residential phone number, business phone number, place of employment, employment title or position, name of employer, and if employer has several offices, the address of the office at which the person is currently employed. Also, if at the time of the action or omission referred to in the Complaint for Damages the person's employment or position differed from that which is current, please furnish the above described information relative to employment, at the time of the subject action or omission relative to the allegations in the Complaint for Damages.

    B. If the person is not a natural person: Identify the type of entity and provide the business address, telephone number, names and identities of directors, officer, and managing agents of the entity, and, in the event the response to these Requests relate to actions or omissions by a non-natural person through its agents or employees, the name of the agents or employees responsible for such action or omission, identifying such agent or employee as a natural person in the manner described in Section 1 above.

    C. When "identity of a document" is requested, state its physical description, e.g.,

5

letter, memo, tape, etc., its date, its author, and medium on which it is located; if a communication is requested, state its sender and/or author, its addressee(s) and/or intended recipient(s).

D. As used throughout these requests, the term "physician" refers to any healthcare provider, regardless of degree or specialty, including but not limited to medical doctors, allopathic physicians, osteopathic physicians, physicians' assistants, nurse practitioners, or registered nurses, or licensed vocational nurses, and radiology technicians.

E. "Person" shall include any natural person or any corporation, partnership, association, or other governmental, legal or quasi-legal entity, existing either by formal or informal agreement or circumstances.

F. Each request refers to documents, electronic information, and things in the custody, control, and possession of Defendant or known to Defendant, as well as in the custody, control and possession of, or known to, Defendant's counsel, representatives, agents, servants, investigators, and consultants unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators, and consultants; or documents and things within the possession, custody, or control of third parties over or to whom responding Defendant has control and/or access, respectively.

G. Any document falling within the scope of these requests which are withheld under a claim of attorney-client privilege, attorney work product, or any other ground is to be identified in writing and must include a statement of the legal basis asserted for withholding such document, shall identify its date, the identity of its author and signatories, the type of document, a summary of its content, its present location and custodian, a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents.  Notwithstanding any claim of privilege relative to a requested document, electronic information, or thing, any purportedly

6

privileged document containing non-privileged matter must be disclosed with the privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

H. These Requests are of a continuing nature and require your further and supplemental response and production when you acquire, obtain, or create additional responsive documents after service of the initial Response and production of documents.

The terms "Inferior Vena Cava Filter" and "IVC Filter(s)" mean specifically the Bird's Nest® Vena Cava Filter, Celect® Platinum Vena Cava Filters, Cook Celect® Vena Cava Filters and Günther Tulip® Vena Cava Filter.

## DEPOSITION SUBJECT MATTER

1.     The corporate structure and organization of defendants, Cook Medical, Inc., Cook Incorporated; Cook Group; Cook Group, Inc.; Cook Medical Group, Inc.;  and William Cook Europe APS , entities, divisions, and/or subsidiaries that includes, but is not limited to:

a.  The internal organization of each defendant's individual departments, groups, segments, offices and/or divisions; and

b.  The individuals within those divisions during the development and marketing of IVC Filters.

2.     The relationship between the entity known as Cook Medical, Inc. and all of its direct and indirect subsidiaries including Cook Incorporated; Cook Group; Cook Group, Inc.; Cook Medical Group, Inc.; William Cook Europe APS, as well as other Cook entities.

3.     The relationship between Cook Medical, Inc.; Cook Incorporated; Cook Group; Cook Group, Inc.; Cook Medical Group, Inc.; William Cook Europe APS (as well as other Cook entities) with the Research and Development Department at the Medical Engineering and Development Institute, Inc.

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: CORPORATE STRUCTURE AND ORGANIZATION

4.     The person with knowledge in accordance with Rule 30 of the complete IVC Filter product line.

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: CORPORATE STRUCTURE AND ORGANIZATION

## SCHEDULE B

## DOCUMENTS TO BE PRODUCED

1. Any and all documents pertaining to or describing the organizational structure of the parent corporation Cook Medical, Inc., and its relationship to and stock ownership of its current and/or former direct or indirect subsidiaries Cook Incorporated; Cook Group; Cook Group, Inc.; Cook Medical Group, Inc.; and William Cook Europe APS.

2. Organizational table(s) and/or chart(s) for Cook Medical, Inc.; Cook Incorporated; Cook Group; Cook Group, Inc.; Cook Medical Group, Inc.; and William Cook Europe APS.

3. Organizational table(s) and/or chart(s) depicting the internal organization of the departments, groups, sections, offices, and/or divisions by and/or through which Cook Medical, Inc.; Cook Incorporated; Cook Group; Cook Group, Inc.; Cook Medical Group, Inc.; and William Cook Europe APS.

4. Organizational table(s) and/or chart(s) depicting the reporting lines of authority for divisions and/or departments through which Cook Medical, Inc.; Cook Incorporated; Cook Group; Cook Group, Inc.; Cook Medical Group, Inc.; and William Cook Europe APS.

5. All section 10Q and 10K SEC filings for the prior ten (10) years

9

## Certificate of Service:

I hereby certify that on this 9th day of January, 2015, a copy of the foregoing was sent by electronic mail to the following counsel of record:

John Charles Babione, II
WOODEN & MCLAUGHLIN LLP
211 North Pennsylvania Street, Suite 1800
Indianapolis, IN 46204
(317) 639-6151  (317) 639-6444 (fax)
jbabione@woodmclaw.com
*Assigned: 10/23/2014*

Douglas B. King
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
(317) 639-6151  (317) 639-6444 (fax)
dking@woodmclaw.com
*Assigned: 10/23/2014*

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
317-639-6151  317-639-6444 (fax)
jboyers@woodmclaw.com
*Assigned: 11/14/2014*

Christopher D. Lee
WOODEN & MCLAUGHLIN LLP
(Evansville)
21 SE Third Street, Suite 900
Evansville, IN 47708
(812) 401-6151  (812) 401-6444 (fax)
clee@woodmclaw.com
*Assigned: 12/02/2014*

Sandra L. Davis
WOODEN & MCLAUGHLIN LLP
(Indianapolis)
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
317-639-6151 317-639-6444 (fax)
sdavis@woodmclaw.com
*Assigned: 10/23/2014*

Kip S.M. McDonald
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
317-639-6151 317-639-6444 (fax)
kmcdonald@woodmclaw.com
*Assigned: 10/23/2014*

Jeffrey S. Gibson

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to All Actions

---

## NOTICE TO TAKE VIDEOTAPED ORAL DEPOSITION DUCES TECUM OF CORPORATE REPRESENTATIVE(S) OF DEFENDANTS

**TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, will take the deposition of COOK GROUP, INC., COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK MEDICAL, LLC, COOK INCORPORATED, MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC., COOK MEDICAL TECHNOLOGIES, COOK DENMARK INTERNATIONAL APS, COOK DENMARK HOLDING APS, COOK GROUP EUROPE APS, COOK NEDERLAND BV, and WILLIAM COOK EUROPE APS (hereinafter collectively referred to as "Cook" and/or "Defendants") on _____, 2016, at 9:00 a.m. at the offices of Cohen & Malad, LLP, or at another location mutually agreed upon by the parties, and will continue day to day, Sundays and holidays excepted, until completed.  Pursuant to Fed. R. Civ. P. 30(b)(6), Cook shall designate and produce a designated representative or representatives, as may be required, to testify on its behalf concerning the topics identified in Exhibit A attached hereto.

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will also be videotaped.

PLEASE TAKE FURTHER NOTICE that Cook is to produce at the deposition the documents and tangible things identified in Exhibit B attached hereto.

Respectfully submitted,

*/s/ Ben C. Martin*

Ben C. Martin, Bar No. 13052400
**The Law Offices of Ben C. Martin**
3219 McKinney Avenue
Dallas, TX 75204
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

***Lead Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

John Charles Babione, II
WOODEN & MCLAUGHLIN LLP
211 North Pennsylvania Street, Suite 1800
Indianapolis, IN 46204
jbabione@woodmclaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
dking@woodmclaw.com

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
jboyers@woodmclaw.com

Christopher D. Lee
WOODEN & MCLAUGHLIN LLP
21 SE Third Street, Suite 900
Evansville, IN 47708
clee@woodmclaw.com

Sandra L. Davis
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
sdavis@woodmclaw.com

Kip S. McDonald
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
kmcdonald@woodmclaw.com

*/s/ Ben C. Martin*
Ben C. Martin

# EXHIBIT A

## Definitions

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibits A and B hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1.      "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2.      "Cook" means defendant COOK GROUP, INC., COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK MEDICAL, LLC, COOK INCORPORATED, MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC., COOK MEDICAL TECHNOLOGIES, COOK DENMARK INTERNATIONAL APS, COOK DENMARK HOLDING APS, COOK GROUP EUROPE APS, COOK NEDERLAND BV, WILLIAM COOK EUROPE APS, and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3.      "Person" means natural person, as well as corporate and/or governmental entity.

4.      "IVC Filter" means all IVC filters manufactured or distributed by Cook or its predecessors prior to assignment or sale of such filters to Cook.  Also included is any device intended to retrieve any filter or to introduce any filter into the body.

5.      "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including

documents attached to or used in the preparation of or concerning the preparation of the documents.

6.      "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34. Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of

you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

7.      "Or" and "and" will be used interchangeably.

8.      "Adverse event", utilized in the singular or plural, shall mean any unfavorable change in health during clinical studies or within one year after the conclusion thereof that occurs in clinical trial participants during the clinical trial or within any period following conclusion of the trial that was specified by Cook as part of the methodology for the study.

## Deposition Subject Matter

Pursuant to Rule 30(b)(6), Cook shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

## I.      COOK'S CORPORATE STRUCTURE AND ORGANIZATION

A.      The  identity of Cook's corporate officers and managers who were and are responsible for the research, development, design, engineering, production, regulatory compliance, testing, packaging, distribution, manufacturing and quality control of Cook IVC Filters, including each corporate officer and manager's titles, duties and dates of such responsibility.

B.      The corporate organization and structure of the departments or divisions at Cook responsible  for the research, development, design, engineering, production, regulatory compliance, testing, packaging, distribution, manufacturing and quality control of Cook IVC Filters.

C.     All persons, departments and/or committees involved in the research, development, design, engineering, production, regulatory compliance, testing, packaging, distribution, manufacturing and quality control of Cook IVC Filters.

D.     The functions, duties and responsibilities of each department, group, division, and or committee involved in the research, development, design, engineering, production, regulatory compliance, testing, packaging, distribution, manufacturing and quality control of Cook IVC Filters.

E.     The nature, location, storage and organization of all documents and electronically stored information related the research, development, design, engineering, production, regulatory compliance, testing, packaging, distribution, manufacturing and quality control of Cook IVC Filters.

**II.     <u>THE DESIGN AND DEVELOPMENT OF COOK IVC FILTERS:</u>**

A.     The Standard Operating Procedures (SOP) associated with design and development of Cook IVC Filters.

B.     The complete design history file for Cook IVC Filters, including each component part of the file, the custodian responsible for the file and the maintenance of the file;

C.     Members and procedures of the product development team for Cook IVC Filters;

D.     The design output file, including the specifications of the Cook IVC Filters;

E.     The user needs and design requirements for the Cook IVC Filters;

F.     The *in vivo* and *in vitro* design evaluation of the Cook IVC Filters;

G.     All project names of the Cook IVC Filters;

H.     Design verification of the Cook IVC Filters;

I.     Design validation of the Cook IVC Filters and all clinical validation test reports.

J.     The Design Review, Process Qualification (PQ) and Design Transfer for the Cook IVC Filters;

K.     The Product Device Design Safety Assessment (DDSA) and the policies and procedures related to these analyses;

L.     Product Device Design Failure Modes Effects Analysis (dFMEA), Process Failure Modes Effects Analysis (pFMEA) and Application Failure Modes Effects Analysis (aFMEA);

M.     The Product Device Design Requirements Matrix;

N.     The Product Device Qualitative and Quantitative Characteristics Worksheets, including but not limited to Hazard Worksheet and ranking tables;

O.     Cook's design review meeting process, any minutes, agendas, or records of design review meetings and the procedures for preparing and keeping minutes, agendas or records for design review meetings;

P.     Differences in design and engineering requirements between permanent IVC filters and retrievable IVC filters:

Q.     The decision whether to design the Cook IVC Filter as a permanent device or a removable/retrievable device including when such decision was made, the persons involved in making such decision and the factors considered in that decision.

R.     Design and engineering considerations and characteristics which contributed to Cook's position that removal of the Cook IVC Filter could be safely accomplished despite the presence of significant thrombus.

S.     The design changes in IVC Cook Filters intended to aid in retrievability.

T.    The intended purpose and function of the design elements of the IVC Cook Filters including but not limited to the hook at the filter's apex, and the lack of overlapping wires along the secondary leg.

U.    The specifications for raw materials used in the IVC Cook Filters.

V.    The process and procedures used to test, determine and insure that raw materials satisfied the design requirements of the IVC Cook Filters.

W.    Design and engineering considerations related to the use of coated filters as opposed to uncoated filters and Cook's decision regarding coating the filter including when such decision was made, the persons involved in making such decision, any testing that informed the decision, and the other factors considered in that decision.

X.    As it relates to design control and validation, any and all discussions or documents related to whether or not to design, develop, coordinate, create, participate in and/or fund any clinical registries regarding your Cook IVC Filters;

Y.    Any patents related to the Cook IVC Filters;

Z.    The identity of and financial compensation paid to any consultants retained during the design and development of the Cook IVC Filters;

AA.    The monitoring, investigation and evaluation of post-marketing adverse event reports for your Cook IVC Filters for design issues;

BB.    The monitoring, evaluation and utilization of unpublished and/or published medical literature regarding your Cook IVC Filters for design issues;

CC.    As it relates to design control and validation, the investigation, evaluation and determination as to whether there is an association between the design of Cook IVC

Filters and any adverse event experienced by patients who were provided your Cook IVC Filters;

DD.   The investigation, evaluation and determination as to whether there is a causal connection between the design of the Cook IVC Filters and any adverse event or injuries;

EE.   The substantive design and approval of package inserts, IFUs, and other labeling for your Cook IVC Filters (both U.S. and foreign), including the specific dates of use for each such items and any design changes thereto;

FF.   The maintenance of Cook's finances, budgets and expenditures with regard to design and development related to its Cook IVC Filters from the date first started developing its Cook IVC Filters until the present;

GG.   The interaction and communication internally or with any outside consultants regarding the design specifications, including conformance to specifications of your Cook IVC Filters, from the date Cook first started developing Cook IVC Filters until the present;

HH.   The identity of the individuals involved in the defendants' original decision to design, develop and manufacture the Cook IVC Filters;

II.   All medical assessments of the Cook IVC Filters as they relate to the design control and validation process;

**II.   ENGINEERING**

A.   Testing, analysis, or reviews performed on the Cook IVC Filters, including bench testing, that relates to the safety and efficacy of the IVC  Filters.  In particular, the deponent should be prepared to discuss testing and engineering considerations related, but not limited, to the following considerations:

1.  When the IVC Filters are tilted, including the impact caused by each angle or degree of tilt;

2.  When the IVC Filters are missing one or more struts;

3.  When a strut perforates or penetrates vena cava;

4.  When the IVC Filter migrates;

5.  When a thrombogenic surface or effect is present;

6.  When thrombosis or coagulation of the blood occurs;

B.  Testing, analysis, or reviews performed on the Cook IVC Filters or any material or component of the IVC Filters, including bench testing, that relates to the potential and effect of migration, including but not limited to the following:

1.  Migration resistance of the IVC Filters as compared to other filter products;

2.  Reactions of the IVC Filters to caudal force;

3.  Impact of different placement techniques on filter migration

C.  Radial force testing including, but not limited to, testing comparing compressive loads and radial force on the vena cava wall.

D.  Fatigue testing or fracture testing of the IVC Filters or any material or component of the IVC Filters, including fatigue life of the IVC Filters.

E.  Load testing of the IVC Filters or any material or component of the IVC Filters, including, but not limited to the following:

1.  Load testing of the IVC Filters when tilted;

2.  Load testing of the IVC Filters when perforated;

F.  Filter life of the IVC Filters;

G.  Corrosion of the IVC Filters or any material or component of the IVC Filters;

H.     Flat plate analysis of  the IVC Filters or any material or component of the IVC Filters;

I.      Tensile strength of the IVC Filters or any material or component of the IVC Filters;

J.      Testing, analysis, or reviews performed on the Cook IVC Filters or any material or component of the IVC Filters that relates to the timeframe for safe removal of the IVC Filter including but not limited to the following:

    1.      When significant thrombus exists;

    2.      When tissue ingrowth occurs at filter legs;

    3.      When stenosis is present.

K.     Material Supply and Specification Certification;

L.      Testing, analysis, or reviews performed on the Cook IVC Filters that relates to the contact points' propensity to endothelialize.

M.     Testing, analysis, or reviews performed on the Cook IVC Filters that relates to stenosis.

**IV.    <u>TESTING</u>**

A.     The specifics of all clinical and preclinicalresearch and testing related to the Cook IVC Filters during the design and development stages;

B.     Records, reports and results of animal testing performed as part of the design of the product including, but not limited to,the 2006 study of a prototype vena cava filter in sheep.

C.     Records, reports and results of any fatigue testing performed on the Cook IVC Filters or any of the materials used in the Cook IVC Filters.

D.     Records, reports and results of any testing into the safety of removal/retrieval of the IVC Cook Filter.

12

E.      The evaluation of data and results of any pre-clinical studies, clinical trials and testing regarding your Cook IVC Filters;

F.      The development and coordination of any pre-clinical studies, clinical trials and design testing regarding your Cook IVC Filters.

G.      Records, reports and results of any testing involving design changes in IVC Cook Filters intended to aid in retrievability, including but not limited to the hook at the filter's apex, use of filter coating, and the lack of overlapping wires along the secondary leg.

## V.      OUTSIDE CONTRACTORS/CONSULTANTS

A.      All persons or entities that Cook (including the name, employer or the corporate entity the person is associated with, the time period in which the relationship existed, the title, role, function of the individual or entity, and a general description of the nature of the consultation or discussion) consulted with, paid or retained concerning the IVC Cook Filters from the date Cook. first started developing the product or any predecessor to the product until the present.  Areas of inquiry related to the identity of these consultants will include but will not be limited to the following:

1.      Ensuring and/or evaluating compliance with laws and regulations regarding product manufacturing;

2.      Ensuring and or evaluating compliance with quality manufacturing procedures and policies, included but not limited to auditing of procedures;

3.      Any consultants involved in responding to any perceived deficiencies in Cook's processes or manufacturing;

4.      Any consultants involved with testing, maintenance, repair, setup and operation of plant equipment;

5.  Any scientific, manufacturing, and engineering consultants;

6.  Any product testing consultants;

7.  Any machine testing consultants; and

8.  Any consultants or contractors involved with the supply of materials to be used in the IVC Cook Filter.

B.  Cook's third party consultants or entities retained for Manufacturing, Engineering, Product Testing, Auditing, and the nature of the work done by those consultants and the time periods during which they were retained from the date Cook first started developing IVC Filters until the present.

## VI.   **REGULATORY COMMUNICATIONS**

A.  All interactions between Cook and the FDA or other regulatory bodies in the United States concerning the development, design, engineering, production, regulatory compliance, testing, packaging, distribution, manufacturing and quality control of the IVC Cook Filters.

B.  All interactions and communications between Cook and the FDA or other regulatory bodies in the United States relating to Cook's intent that the Gunther Tulip  IVC Filter would be primarily a permanent filter.

C.  All interactions between Cook and any foreign regulatory body concerning the development, design, engineering, production, regulatory compliance, testing, packaging, distribution, manufacturing and quality control of the IVC Cook Filters.

## Exhibit B

## Documents To Be Produced

A.  All documents relied upon by the deponent in preparing for this deposition.

B.  All documents reflecting correspondence between the FDA and Cook regarding IVC Cook Filters or facilities and procedures involved in the manufacture of IVC Cook Filters.

C.  All current and former product specifications for IVC Cook Filters including draft copies.

D.  Cook's quality manual, quality policy, written procedures for management review, quality audits and quality plan as well as minutes and notes management review meetings regarding these documents.

E.  Any documents indicating or discussing deviations from product specifications.

F.  Records of product that was rejected and destroyed or otherwise disposed for not meeting product specifications.

G.  All agreements between Cook and third parties or consultants related to the supply of raw materials for use in Cook IVC Filters.

H.  All documents related to whether the use of polypropylene mesh is safe for use in humans.

I.  Any material safety data sheets or product safety data sheets for raw materials  or component parts of the IVC Cook Filters that were in your possession from the date you first started manufacturing the IVC Cook Filters.

J.  Two exemplar products for all products listed in the "IVC Filter" definition above.

K.  Prototype devices produced during the design process for the Cook IVC Filter.

L.   All documents concerning corporate, departmental, and employee organizational charts for your design and development department, product development or product cycle teams.

M.   All test reports related to the IVC Cook Filters including, but not limited to, test reports that did not pass required criteria.

N.   All agendas, records, and minutes from meetings at which test reports that did not pass crieteria were discussed.

O.   All agendas, records, and minutes from meetings at which problems regarding the design,specifications,engineering,or  production of the IVC Cook Filters were discussed.

A.   The following documents for the design and development of IVC Filter, including but not limited to:

   1.   The Clinical Expert reports;

   2.   Each version of the Device Design Safety Assessment (DDSA's);

   3.   Each version of the Design Failure Modes Effects Analysis (dFMEAs), Process Failure Modes Effects Analysis (pFMEAs), Application Failure Modes Effects Analysis (aFMEA);

   4.   Operating Procedures for Failure Modes and Effects Analysis;

   5.   Operating Procedure for Device Design Safety Assessment;

   6.   Design history files;

   7.   Design and specifications of equipment used in the production of Cook IVC Filters;

   8.   Design and specifications of packaging used in the production of Cook IVC Filters;

9. Specifications regarding sanitization and sterilization of Cook IVC Filters, plant facilities and plant equipment;

10. Franchise procedure for medical device risk management plan;

11. Company procedure for medical device risk management plan;

12. Work Instruction for device risk management;

13. Risk management plans and reports for the Cook IVC Filter;

14. The Franchise procedure for the control and disposition of nonconforming product;

15. All company policies and procedures that apply to or relate to the Design History File;

16. The Franchise Procedure for Corrective and Preventative Action (CAPA) as well as any other company policies and procedures related to CAPAs;

17. Members of product development team(s);

18. Operating procedures associated with a product development cycle;

19. The Cook IVC Filter quality manual;

20. The Cook IVC Filter quality plan;

21. Management responsibilities under a quality system;

22. Any documents relating to the Cook IVC Filter design review, design verification, process qualification and design transfer processes;

23. The Cook IVC Filter design requirements matrix;

24. All product validation test reports relating to the Cook IVC Filter or any component of the Cook IVC Filter;

C. All documents concerning your protocol or standard operating procedures (SOP) for:

1.    Your design and development department;

2.    Your risk management department;

3.    Your quality assurance department; and

4.    Testing and Validation of the Cook IVC Filters.

N.    All tests, analysis, studies, reports or reviews performed on the Cook IVC Filters, including, but not limited to, bench testing, fatigue testing, flat plate analysis, tensile strength testing, load testing, bio response testing, radial force testing, flat plate analysis, or other engineering/design analysis that relates to the safety and efficacy of the IVC Filters.  In particular, the deponent is asked to produce all documents relating to: migration, tilt, creep, perforation, broken struts, material fatigue, corrosion, filter life, tensile strength, endothelialization, stenosis, placement techniques and the timeframe for removal of the IVC Filters.

# EXHIBIT 3

EXHIBIT

40

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

---

**AMENDED NOTICE TO TAKE VIDEOTAPED ORAL DEPOSITION
DUCES TECUM OF CORPORATE REPRESENTATIVE(S)
OF DEFENDANTS**

---

**TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, plaintiffs, by and through their undersigned attorneys, will take the deposition

of COOK GROUP, INC., COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC.,

COOK MEDICAL, LLC, COOK INCORPORATED, MEDICAL ENGINEERING AND

DEVELOPMENT INSTITUTE, INC., COOK MEDICAL TECHNOLOGIES, COOK

DENMARK INTERNATIONAL APS, COOK DENMARK HOLDING APS, COOK GROUP

EUROPE APS, COOK NEDERLAND BV, and WILLIAM COOK EUROPE APS (hereinafter

collectively referred to as "Cook" and/or "Defendants") on **April 23, 2015, at 10:00 a.m.** at the

offices of Cohen & Malad, LLP, or at another location mutually agreed upon by the parties, and

will continue day to day, Sundays and holidays excepted, until completed.  Pursuant to Fed. R.

Civ. P. 30(b)(6), Cook shall designate and produce a designated representative or representatives,

as may be required, to testify on its behalf concerning the topics identified in Exhibit A attached

hereto.

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will also be videotaped.

PLEASE TAKE FURTHER NOTICE that Cook is to produce at the deposition the documents and tangible things identified in Exhibit B attached hereto.

Respectfully submitted,

**COHEN & MALAD, LLP**

/s/ Irwin B. Levin
Irwin B. Levin, IN Atty. No. 8786-49
**COHEN & MALAD, LLP**
One Indiana Square, #1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593
ilevin@cohenandmalad.com

***Lead Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2015, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

John Charles Babione, II
WOODEN & MCLAUGHLIN LLP
211 North Pennsylvania Street, Suite 1800
Indianapolis, IN 46204
jbabione@woodmclaw.com

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
jboyers@woodmclaw.com

Sandra L. Davis
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
sdavis@woodmclaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
dking@woodmclaw.com

Christopher D. Lee
WOODEN & MCLAUGHLIN LLP
21 SE Third Street, Suite 900
Evansville, IN 47708
clee@woodmclaw.com

Kip S.M. McDonald
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
kmcdonald@woodmclaw.com

*/s/ Irwin B. Levin*
Irwin B. Levin

## EXHIBIT A

### Definitions

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibit A hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1.     "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2.     "Cook" means defendants COOK GROUP, INC., COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK MEDICAL, LLC, COOK INCORPORATED, MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC., COOK MEDICAL TECHNOLOGIES, COOK DENMARK INTERNATIONAL APS, COOK DENMARK HOLDING APS, COOK GROUP EUROPE APS, COOK NEDERLAND BV, WILLIAM COOK EUROPE APS, and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3.     "Person" means natural person, as well as corporate and/or governmental entity.

4.     "IVC Filter" means all IVC Filters manufactured or distributed by Cook or its predecessors prior to assignment or sale of such filters to Cook.  Also included is any device intended to retrieve any filter or to introduce any filter into the body.

5.     "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically

or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

6.    "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34. Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or

documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

       7.     "Or" and "and" will be used interchangeably.

## Deposition Subject Matter

Pursuant to Rule 30(b)(6), Cook shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

<u>Regulatory Corporate Structure:</u>

       1.     The corporate organization and structure of Cook relating to the approval, management, administration, operation and compliance with any and all U.S. pharmaceutical regulations applicable to any IVC Filter it manufactured, manufactures, distributed or distributes.

       2.     The corporate organization and structure of Cook relating to the approval, management, administration, operation and compliance with any and all foreign pharmaceutical regulations applicable to Cook.

       3.     The identity of Cook's corporate officers and other employees employees (including but not limited to their titles, duties and dates of such responsibility) who were and are responsible for communicating with regulatory officials with the FDA and related regulatory bodies concerning regulatory approval and compliance with U.S. pharmaceutical regulations concerning Cook.

4.      The identity of Cook's corporate officers and other employees (including but not limited to their titles, duties and dates of such responsibility) who were and are responsible for communicating with foreign pharmaceutical regulatory bodies. As used within this notice of deposition, "foreign pharmaceutical regulatory bodies" include but are not limited to the pharmaceutical regulatory bodies in Denmark, Europe, Japan, the United Kingdom (MCA), Canada (Health Canada), Australia (TGA), Germany (BfARM), and the European Medicines Evaluation Agency and its safety committee (CPSC), and the Medicines and Healthcare Products Regulatory Agency."

<u>Regulatory Procedures:</u>

5.      The practices and procedures of Cook for recording contacts and communications with regulatory officials with the FDA and related regulatory bodies.

6.      The practices and procedures of Cook for recording contacts and communications with foreign regulatory bodies.

7.      Cook's practices and procedures for the review, submission and/or approval and/or compliance with the following regulator provisions concerning its IVC Filters:

   a.  Medical device advertising under 21 CFR 202.1;

   b.  Labeling pursuant to 21 CFR 201.57.

   c.  21 USC §§331 and 352

   d.  21 USC §321

   e.  21 CFR. §1.21

   f.  21 CFR §803

   g.  21 CFR §820

   h.  21 CFR §807

Documents:

8.      The location, storage and organization of any and all documents that relate to U.S. and foreign regulatory affairs and matters concerning Cook IVC Filters, including but not limited to regulatory communications, interchanges between Cook personnel and any regulatory body or personnel, memoranda, electronic data, working drafts, regulatory guidance documents, internal writings, communications to and from Cook personnel regarding regulatory matters, labeling records, drafts of labeling records, minutes of meetings with regulatory personnel, regulatory contact reports or sheets, medical device applications, Period and Annual Reports, Periodic Safety Update Reports, Expedited Safety Reports, and any and all other documents which in any way relate to regulatory affairs applicable to Cook IVC Filters.

9.      The manner in which Cook accessed and continues to access and finds the documents and information set forth in the previous interrogatory.

Communications with the Government Bodies:

10.     Communications between Cook and the FDA regarding any request by the FDA to revise the Cook IVC Filter label to warn about the risks associated therewith.

11.     Communications between Cook and the FDA and related regulatory bodies concerning the approval, use or promotion of IVC Filters for any medical conditions.

12.     Communications between Cook and the FDA regarding the marketing, sale, promotion or advertising of Cook IVC Filters.

13.     The substance and nature of all FDA Advisory Committee hearings or panel meetings concerning any risk associated with Cook IVC Filters, Cook's participation related to those hearings, and the location, storage and organization of documents related to those hearings

including but not limited to manufacturer submissions, notes and transcripts of those proceedings.

14.     Communications between Cook and the U.S. Department of Health and Human Services (including but not limited to the Centers for Medicare and Medicaid Services), the U.S. Department of Veterans Affairs, and the U.S. Department of Defense regarding Cook IVC Filters.

15.     Communications between Cook (including but not limited to its agents and lobbyists) and the FDA, members of the U.S. Congress or their representatives, or officials or representatives of the Executive Branch of the United States Government..

U.S. Package Inserts:

19.     The creation, drafting, revision, submission, negotiation, approval, printing, identity and distribution of all Cook IVC Filter package inserts/labels, including but not limited to the following:

a.      The substance of each Cook IVC Filter package insert and any changes thereto;

b.      The reasons for making each change to the Cook IVC Filter package insert;

c.      The date each Cook IVC Filter package insert change received any and all approvals (both within Cook and by the FDA) necessary to make each change;

d.      The dates each new package insert actually began being disseminated publicly and placed within new packages of Cook IVC Filters;

e.      Any changes to draft package inserts requested by the FDA; and

    f.      The date each package insert was submitted for publication for each respective Cook IVC filter.

<u>U.S. Dear Healthcare Provider Letters</u>:

20.     The creation, drafting, revision, submission, negotiation, approval, identity and distribution of all form dear doctor/healthcare provider letters regarding Cook IVC Filters (including but not limited to all voluntary communications and regulated communications sent pursuant to 21 CFR section 200.5), including but not limited to the following:

    a.      The substance of each dear doctor/healthcare provider letter;

    b.      The reasons for sending each dear doctor/healthcare provider letter;

    c.      The date Cook began sending each dear doctor/healthcare provider letter;

    d.      The identity and nature of the healthcare providers to whom the letters were sent;

    e.      All drafts of each dear doctor/healthcare provider letter sent to the FDA;

    f.      All changes requested by the FDA to any dear doctor/healthcare provider letter.

<u>U.S. Patient Information Sheets</u>:

21.     The creation, drafting, revision, submission, negotiation, approval, identity and distribution of all patient information sheets (including but not limited to all materials intended to be provided directly to the patient) regarding Cook IVC Filters, including but not limited to the following:

    a.      The substance of each Cook IVC Filter patient information sheet and any changes thereto;

b.    The reasons for making each change to the Cook IVC Filter patient information sheet;

c.    The date each Cook IVC Filter patient information sheet received any and all approvals (both within Cook and by the FDA) necessary to make such changes;

d.    The date each new Cook IVC Filter patient information sheet was actually distributed by Cook for dissemination to patients;

e.    Any changes to draft Cook IVC Filter patient information sheets requested by the FDA.

Foreign Package Inserts/Patient Safety Information/Dear Doctor Letters:

22.    The creation, drafting, revision, submission, negotiation, approval, identity, substance and distribution of all foreign package inserts/labels, patient safety information sheets and dear doctor/healthcare provider letters for Cook IVC Filters (or whatever name that product was marketed) which were disseminated publicly or to foreign pharmaceutical regulatory bodies. Please include provide the following information:

a.    The substance of each Cook IVC Filter package insert/label, patient safety information sheet and dear doctor/healthcare provider letter, and any changes thereto;

b.    The reasons for making each change to the Cook IVC Filter package insert/label, patient safety information sheet and dear doctor/healthcare provider letter;

c.    The date each Cook IVC Filter package insert/label, patient safety information sheets and dear doctor/healthcare provider letter received any

11

and all approvals (both within Cook and by any foreign pharmaceutical regulatory body) necessary to make such changes;

d.    The date each new Cook IVC Filter package insert/label, patient safety information sheet and dear doctor/healthcare provider letters was actually distributed;

e.    Any changes to draft Cook IVC Filter package inserts/labels, patient safety information sheets and dear doctor/healthcare provider letters requested by any foreign pharmaceutical regulatory body.

f.    The location, storage and organization of all foreign Cook IVC Filter package insert/labels, patient safety information sheets and dear doctor/healthcare provider letters.

## Exhibit B

## Documents To Be Produced

U.S. Package Inserts:

     1.     All final package inserts approved to be placed within the Cook IVC Filter packages.

     2.     All package inserts submitted to the FDA.

     3.     All written comments received from the FDA regarding any and all Cook IVC Filter package inserts.

U.S. Dear Doctor Letters:

     4.     All final form dear doctor/healthcare provider letters approved for dissemination to doctors and/or healthcare providers regarding Cook IVC Filters.

     5.     All dear doctor/healthcare provider letters submitted to the FDA regarding Cook IVC Filters.

     6.     All written comments received from the FDA regarding a Cook IVC Filter dear doctor/healthcare provider letter.

U.S. Patient Information:

     7.     All final patient information sheets (including all materials intended to be provided directly to the patient) regarding Cook IVC Filters intended for dissemination to patients.

     8.     All patient information sheets (including all materials intended to be provided directly to the patient) regarding Cook IVC Filters submitted to the FDA.

9.      All written comments received from the FDA regarding any and all Cook IVC Filter patient information sheets (including all materials intended to be provided directly to the patient).

U.S. Questions & Answers:

10.      All question and answer sheets (including all materials intended to assist detail people and/or Cook employees and agents to answer healthcare provider questions) regarding Cook IVC Filters.

Foreign Warnings:

11.      All package inserts intended for dissemination in Denmark, Europe, Japan, the United Kingdom, Australia and/or Canada for Cook IVC Filters (or whatever name that product was marketed under in those countries).

12.      All documents which reflect English translations of any and all foreign package inserts regarding Cook IVC Filters (or whatever name that product was marketed in any foreign country).

13.      All patient information sheets intended for dissemination in Denmark, Europe, Japan, United Kingdom, Australia and/or Canada regarding Cook IVC Filters (or whatever name that product was marketed in those countries).

14.      All documents which reflect English translations of any and all foreign patient information sheets regarding Cook IVC Filters (or whatever name that product was marketed in any foreign countries).

15.      All dear doctor/dear healthcare provider letters intended for dissemination in Denmark, Europe, Japan, the United Kingdom, Australia and/or Canada regarding Cook IVC Filters (or whatever name that product was marketed in those countries).

16.     All documents which reflect English translations of any and all dear doctor/healthcare provider letters regarding Cook IVC Filters manufactured anywhere other than the United States of America.

<u>Regulatory Logs</u>:

17.     All documents which reflect a regulatory log or log of contacts with the FDA.

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to All Actions

**NOTICE TO RESUME THE VIDEOTAPED ORAL DEPOSITION
DUCES TECUM OF CORPORATE REPRESENTATIVE(S)
OF DEFENDANTS**

**TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, will resume the deposition of COOK GROUP, INC., COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK MEDICAL, LLC, COOK INCORPORATED, MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC., COOK MEDICAL TECHNOLOGIES, COOK DENMARK INTERNATIONAL APS, COOK DENMARK HOLDING APS, COOK GROUP EUROPE APS, COOK NEDERLAND BV, and WILLIAM COOK EUROPE APS (hereinafter collectively referred to as "Cook" and/or "Defendants") on **December 17, 2015, at 10:00 a.m.** at the offices of **Wooden & McLaughlin, 211 North Pennsylvania Street, One Indiana Square, Suite 1800, Indianapolis, IN 46204, (317) 639-6151**, or at another location mutually agreed upon by the parties, and will continue day to day, Sundays and holidays excepted, until completed. Pursuant to Fed. R. Civ. P. 30(b)(6), Cook shall designate and produce a designated representative or representatives, as may be required, to testify on its behalf concerning the topics identified in Exhibit A attached hereto.

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will also be videotaped.

PLEASE TAKE FURTHER NOTICE that Cook is to produce at the deposition the documents and tangible things identified in Exhibit B attached hereto.

Respectfully submitted,

**LAW OFFICES OF BEN C. MARTIN**

*/s/ Ben C. Martin*
Ben C. Martin
State Bar No. 13052400
3219 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 761-6614 (telephone)
(2140 744-7590 (fax)

***Plaintiffs' Co Lead Counsel***

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2015, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

John Charles Babione, II
WOODEN & MCLAUGHLIN LLP
211 North Pennsylvania Street, Suite 1800
Indianapolis, IN 46204
jbabione@woodmclaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
dking@woodmclaw.com

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
jboyers@woodmclaw.com

Christopher D. Lee
WOODEN & MCLAUGHLIN LLP
21 SE Third Street, Suite 900
Evansville, IN 47708
clee@woodmclaw.com

Sandra L. Davis
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
sdavis@woodmclaw.com

Kip S. McDonald
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
kmcdonald@woodmclaw.com

*/s/ Ben C. Martin*

# EXHIBIT A

## Definitions

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibit A hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1.     "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2.     "Cook" means defendants COOK GROUP, INC., COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK MEDICAL, LLC, COOK INCORPORATED, MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC., COOK MEDICAL TECHNOLOGIES, COOK DENMARK INTERNATIONAL APS, COOK DENMARK HOLDING APS, COOK GROUP EUROPE APS, COOK NEDERLAND BV, WILLIAM COOK EUROPE APS, and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3.     "Person" means natural person, as well as corporate and/or governmental entity.

4.     "IVC Filter" means all IVC Filters manufactured or distributed by Cook or its predecessors prior to assignment or sale of such filters to Cook.  Also included is any device intended to retrieve any filter or to introduce any filter into the body.

5.     "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically

or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

6.      "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34. Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or

documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

7.      "Or" and "and" will be used interchangeably.

## Deposition Subject Matter

Pursuant to Rule 30(b)(6), Cook shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

Regulatory Corporate Structure:

1.      The corporate organization and structure of Cook relating to the approval, management, administration, operation and compliance with any and all U.S. pharmaceutical regulations applicable to any IVC Filter it manufactured, manufactures, distributed or distributes.

2.      The corporate organization and structure of Cook relating to the approval, management, administration, operation and compliance with any and all foreign pharmaceutical regulations applicable to Cook.

3.      The identity of Cook's corporate officers and other employees employees (including but not limited to their titles, duties and dates of such responsibility) who were and are responsible for communicating with regulatory officials with the FDA and related regulatory bodies concerning regulatory approval and compliance with U.S. pharmaceutical regulations concerning Cook.

4.      The identity of Cook's corporate officers and other employees (including but not limited to their titles, duties and dates of such responsibility) who were and are responsible for communicating with foreign pharmaceutical regulatory bodies.  As used within this notice of deposition, "foreign pharmaceutical regulatory bodies" include but are not limited to the pharmaceutical regulatory bodies in Denmark, Europe, Japan, the United Kingdom (MCA), Canada (Health Canada), Australia (TGA), Germany (BfARM), and the European Medicines Evaluation Agency and its safety committee (CPSC), and the Medicines and Healthcare Products Regulatory Agency."

Regulatory Procedures:

5.      The practices and procedures of Cook for recording contacts and communications with regulatory officials with the FDA and related regulatory bodies.

6.      The practices and procedures of Cook for recording contacts and communications with foreign regulatory bodies.

7.      Cook's practices and procedures for the review, submission and approval concerning IVC Filters relating to the following regulatory provisions:

  a.      Medical device advertising under 21 CFR 202.1;

  b.      Labeling and adverse event warnings pursuant to 21 CFR 201.57; and

  c.      Post-marketing reporting and warnings pursuant to 21 CFR 314.80 et seq. and 21 CFR 202.1; and

  d.      The intake, processing, handling and distribution to the FDA and other governmental regulatory bodies of all adverse event reports regarding Cook IVC Filters under 21 CFR et seq.

<u>Documents</u>:

     8.     The location, storage and organization of any and all documents that relate to U.S. and foreign regulatory affairs and matters concerning Cook IVC Filters, including but not limited to regulatory communications, interchanges between Cook personnel and any regulatory body or personnel, memoranda, electronic data, working drafts, regulatory guidance documents, internal writings, communications to and from Cook personnel regarding regulatory matters, labeling records, drafts of labeling records, minutes of meetings with regulatory personnel, regulatory contact reports or sheets, medical device applications, Period and Annual Reports, Periodic Safety Update Reports, Expedited Safety Reports, and any and all other documents which in any way relate to regulatory affairs applicable to Cook IVC Filters.

     9.     The manner in which Cook accessed and continues to access and finds the documents and information set forth in the previous interrogatory.

     <u>Communications with the Government Bodies</u>:

     10.     Communications between Cook and the FDA regarding any request by the FDA to revise the Cook IVC Filter label to warn about the risks associated therewith.

     11.     Communications between Cook and the FDA and related regulatory bodies concerning the approval, use or promotion of IVC Filters for any medical conditions.

     12.     Communications between Cook and the FDA regarding the marketing, sale, promotion or advertising of Cook IVC Filters.

     13.     The substance and nature of all FDA Advisory Committee hearings or panel meetings concerning any risk associated with Cook IVC Filters, Cook's participation related to those hearings, and the location, storage and organization of documents related to those hearings

including but not limited to manufacturer submissions, notes and transcripts of those proceedings.

14.     Communications between Cook and the U.S. Department of Health and Human Services (including but not limited to the Centers for Medicare and Medicaid Services), the U.S. Department of Veterans Affairs, and the U.S. Department of Defense regarding Cook IVC Filters.

15.     Communications between Cook (including but not limited to its agents and lobbyists) and the FDA, members of the U.S. Congress or their representatives, or officials or representatives of the Executive Branch of the United States Government..

Adverse Event Reporting:

16.     Communications between Cook and the FDA concerning Cook's review, analysis and summaries of post-marketing adverse event reports regarding Cook IVC Filters.

17.     The procedures for the intake, processing, handling, analyzing, investigating and distributing to the FDA and to any other U.S. governmental bodies reports of adverse events concerning Cook IVC Filters.

18.     The procedures for the intake, processing, handling, analyzing, investigating and distributing to foreign pharmaceutical regulatory or governmental bodies reports of adverse events concerning Cook IVC Filters.

U.S. Package Inserts:

19.     The creation, drafting, revision, submission, negotiation, approval, printing, identity and distribution of all Cook IVC Filter package inserts/labels, including but not limited to the following:

    a.       The substance of each Cook IVC Filter package insert and any changes thereto;

    b.       The reasons for making each change to the Cook IVC Filter package insert;

    c.       The date each Cook IVC Filter package insert change received any and all approvals (both within Cook and by the FDA) necessary to make each change;

    d.       The dates each new package insert actually began being disseminated publicly and placed within new packages of Cook IVC Filters;

    e.       Any changes to draft package inserts requested by the FDA; and

    f.       The date each package insert was submitted for publication for each respective Cook IVC filter.

<u>U.S. Dear Healthcare Provider Letters:</u>

20.    The creation, drafting, revision, submission, negotiation, approval, identity and distribution of all form dear doctor/healthcare provider letters regarding Cook IVC Filters (including but not limited to all voluntary communications and regulated communications sent pursuant to 21 CFR section 200.5), including but not limited to the following:

    a.       The substance of each dear doctor/healthcare provider letter;

    b.       The reasons for sending each dear doctor/healthcare provider letter;

    c.       The date Cook began sending each dear doctor/healthcare provider letter;

    d.       The identity and nature of the healthcare providers to whom the letters were sent;

    e.       All drafts of each dear doctor/healthcare provider letter sent to the FDA;

     f.     All changes requested by the FDA to any dear doctor/healthcare provider letter.

U.S. Patient Information Sheets:

21.     The creation, drafting, revision, submission, negotiation, approval, identity and distribution of all patient information sheets (including but not limited to all materials intended to be provided directly to the patient) regarding Cook IVC Filters, including but not limited to the following:

     a.     The substance of each Cook IVC Filter patient information sheet and any changes thereto;

     b.     The reasons for making each change to the Cook IVC Filter patient information sheet;

     c.     The date each Cook IVC Filter patient information sheet received any and all approvals (both within Cook and by the FDA) necessary to make such changes;

     d.     The date each new Cook IVC Filter patient information sheet was actually distributed by Cook for dissemination to patients;

     e.     Any changes to draft Cook IVC Filter patient information sheets requested by the FDA.

Foreign Package Inserts/Patient Safety Information/Dear Doctor Letters:

22.     The creation, drafting, revision, submission, negotiation, approval, identity, substance and distribution of all foreign package inserts/labels, patient safety information sheets and dear doctor/healthcare provider letters for Cook IVC Filters (or whatever name that product

was marketed) which were disseminated publicly or to foreign pharmaceutical regulatory bodies. Please include provide the following information:

a.    The substance of each Cook IVC Filter package insert/label, patient safety information sheet and dear doctor/healthcare provider letter, and any changes thereto;

b.    The reasons for making each change to the Cook IVC Filter package insert/label, patient safety information sheet and dear doctor/healthcare provider letter;

c.    The date each Cook IVC Filter package insert/label, patient safety information sheets and dear doctor/healthcare provider letter received any and all approvals (both within Cook and by any foreign pharmaceutical regulatory body) necessary to make such changes;

d.    The date each new Cook IVC Filter package insert/label, patient safety information sheet and dear doctor/healthcare provider letters was actually distributed;

e.    Any changes to draft Cook IVC Filter package inserts/labels, patient safety information sheets and dear doctor/healthcare provider letters requested by any foreign pharmaceutical regulatory body.

f.    The location, storage and organization of all foreign Cook IVC Filter package insert/labels, patient safety information sheets and dear doctor/healthcare provider letters.

## Exhibit B

## Documents To Be Produced

U.S. Package Inserts:

1.     All final package inserts approved to be placed within the Cook IVC Filter packages.

2.     All package inserts submitted to the FDA.

3.     All written comments received from the FDA regarding any and all Cook IVC Filter package inserts.

U.S. Dear Doctor Letters:

4.     All final form dear doctor/healthcare provider letters approved for dissemination to doctors and/or healthcare providers regarding Cook IVC Filters.

5.     All dear doctor/healthcare provider letters submitted to the FDA regarding Cook IVC Filters.

6.     All written comments received from the FDA regarding a Cook IVC Filter dear doctor/healthcare provider letter.

U.S. Patient Information:

7.     All final patient information sheets (including all materials intended to be provided directly to the patient) regarding Cook IVC Filters intended for dissemination to patients.

8.     All patient information sheets (including all materials intended to be provided directly to the patient) regarding Cook IVC Filters submitted to the FDA.

9.      All written comments received from the FDA regarding any and all Cook IVC Filter patient information sheets (including all materials intended to be provided directly to the patient).

U.S. Questions & Answers:

10.      All question and answer sheets (including all materials intended to assist detail people and/or Cook employees and agents to answer healthcare provider questions) regarding Cook IVC Filters.

Foreign Warnings:

11.      All package inserts intended for dissemination in Denmark, Europe, Japan, the United Kingdom, Australia and/or Canada for Cook IVC Filters (or whatever name that product was marketed under in those countries).

12.      All documents which reflect English translations of any and all foreign package inserts regarding Cook IVC Filters (or whatever name that product was marketed in any foreign country).

13.      All patient information sheets intended for dissemination in Denmark, Europe, Japan, United Kingdom, Australia and/or Canada regarding Cook IVC Filters (or whatever name that product was marketed in those countries).

14.      All documents which reflect English translations of any and all foreign patient information sheets regarding Cook IVC Filters (or whatever name that product was marketed in any foreign countries).

15.      All dear doctor/dear healthcare provider letters intended for dissemination in Denmark, Europe, Japan, the United Kingdom, Australia and/or Canada regarding Cook IVC Filters (or whatever name that product was marketed in those countries).

16.     All documents which reflect English translations of any and all dear doctor/healthcare provider letters regarding Cook IVC Filters manufactured anywhere other than the United States of America.

Regulatory Logs:

17.     All documents which reflect a regulatory log or log of contacts with the FDA.

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to All Actions

---

**NOTICE TO TAKE VIDEOTAPED ORAL DEPOSITION
DUCES TECUM OF CORPORATE REPRESENTATIVE(S)
OF DEFENDANTS**

**TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, will take the deposition of COOK GROUP, INC., COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK MEDICAL, LLC, COOK INCORPORATED, MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC., COOK MEDICAL TECHNOLOGIES, COOK DENMARK INTERNATIONAL APS, COOK DENMARK HOLDING APS, COOK GROUP EUROPE APS, COOK NEDERLAND BV, and WILLIAM COOK EUROPE APS (hereinafter collectively referred to as "Cook" and/or "Defendants") on April 27, 2015, at 10:00 a.m. at the offices of Cohen & Malad, LLP, or at another location mutually agreed upon by the parties, and will continue day to day, Sundays and holidays excepted, until completed. Pursuant to Fed. R. Civ. P. 30(b)(6), Cook shall designate and produce a designated representative or representatives, as may be required, to testify on its behalf concerning the topics identified in Exhibit A attached hereto.

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will also be videotaped.

PLEASE TAKE FURTHER NOTICE that Cook is to produce at the deposition the documents and tangible things identified in Exhibit B attached hereto.

Respectfully submitted,

**COHEN & MALAD, LLP**

*/s/ Irwin B. Levin*

Irwin B. Levin, IN Atty. No. 8786-49

**COHEN & MALAD, LLP**

One Indiana Square, #1400

Indianapolis, Indiana 46204

Telephone: (317) 636-6481

Facsimile: (317) 636-2593

ilevin@cohenandmalad.com

***Lead Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2015, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

John Charles Babione, II
WOODEN & MCLAUGHLIN LLP
211 North Pennsylvania Street, Suite 1800
Indianapolis, IN 46204
jbabione@woodmclaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
dking@woodmclaw.com

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
jboyers@woodmclaw.com

Christopher D. Lee
WOODEN & MCLAUGHLIN LLP
21 SE Third Street, Suite 900
Evansville, IN 47708
clee@woodmclaw.com

Sandra L. Davis
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
sdavis@woodmclaw.com

Kip S. McDonald
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
kmcdonald@woodmclaw.com

*/s/ Irwin B. Levin*
Irwin B. Levin

# EXHIBIT A

## Definitions

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibits A and B hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1.      "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2.      "Cook" means defendant COOK GROUP, INC., COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK MEDICAL, LLC, COOK INCORPORATED, MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC., COOK MEDICAL TECHNOLOGIES, COOK DENMARK INTERNATIONAL APS, COOK DENMARK HOLDING APS, COOK GROUP EUROPE APS, COOK NEDERLAND BV, WILLIAM COOK EUROPE APS, and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3.      "Person" means natural person, as well as corporate and/or governmental entity.

4.      "IVC Filter" means all IVC filters manufactured or distributed by Cook or its predecessors prior to assignment or sale of such filters to Cook.  Also included is any device intended to retrieve any filter or to introduce any filter into the body.

5.      "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including

documents attached to or used in the preparation of or concerning the preparation of the documents.

6.      "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34. Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of

you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

7.      "Or" and "and" will be used interchangeably.

**<u>Deposition Subject Matter</u>**

Pursuant to Rule 30(b)(6), Cook shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

<u>Sales and Marketing Corporate Structure</u>:

1.      The  identity of Cook's corporate officers and managers who were and are responsible for sales, marketing, advertising or promotion of Cook IVC Filters, including their titles, duties and dates of such responsibility.

2.      The corporate organization and structure of the departments or divisions at Cook responsible for the sale, marketing, advertising or promotion of Cook IVC Filters.

3.      The corporate organization and structure of the departments or divisions at Cook responsible for the training of sales representatives concerning the sales, marketing or promotion of Cook IVC Filters.

<u>Marketing Strategies</u>:

4.      The corporate structure, organization, strategy and manner of promotion concerning the sale, marketing, advertising or promotion of Cook IVC Filters to the following health care providers:

a.      Cardiologists and other cardiac health care providers;

    b.      Primary care physicians;

    c.      Physician assistants and nurse practitioners;

    d.      Long term care facilities;

    e.      Adult home and group home facilities;

    f.      Nursing home facilities;

    g.      Any other healthcare providers for which there was a separate structure, organization, strategy or manner of promotion concerning the sale, marketing, advertising or promotion of Cook IVC Filters to such providers.

5.      The identity of all third party consultants and entities that were or are responsible in any way for the sale, marketing, advertising or promotion of Cook IVC Filters within or outside theUnited States, and the nature and dates of their responsibilities.

<u>International Sales, Marketing and Promotion of Cook IVC Filters</u>:

6.      Cook's corporate organization and structure concerning the sale, marketing, advertising and promotion of Cook IVC Filters outside the United States.

7.      The identity of Cook's corporate officers and managers both within and outside the United States who were or are responsible for the sale, marketing, advertising and promotion of Cook IVC Filters outside the United States.

8.      The identity of all third party consultants and entities that were or are responsible in any way for the sale, marketing, advertising or promotion of Cook IVC Filters outside the United States, and the nature and dates of their responsibilities.

9.      The identity of all foreign sales and marketing partners, joint ventures and the like for the sale and/or marketing of Cook IVC Filters (or by whatever name called worldwide) in countries other than the United States.

<u>Sales and Marketing Materials Approval, Organization and Identity</u>:

10.    The manner in which advertising, promotional, sales and marketing materials regarding Cook IVC Filters are organized and/or numbered, where exemplars of these materials are located, and the manner in which the dates of approval and use of such materials may be identified.  As used in this Notice, advertising, promotional, sales and marketing materials include but are not limited to all print and broadcast advertisements, sales aids, visuals, sales scripts, question and answer guides, sales, implementation and resource guides (including but not limited to hyperglycemia/diabetes resource guides), reminder pieces, promotional items, and any and all other materials referenced in 21 C.F.R. 202.1, subdivisions (l)(1) and (l)(2).

11.    The manner in which advertising, promotional, sales and marketing materials regarding Cook IVC Filters are approved by Cook for use or distribution, including the identity of  departments and individuals involved in approval, the data required for approval, and regulatory guidance used.

12.    The identity of all advertising, promotional, sales and marketing materials regarding Cook IVC Filters, and their dates of approved use.

<u>Education and Training</u>:

13.    The identity of persons responsible for training sales representatives regarding the sales, marketing and promotion of Cook IVC Filters, including their titles and dates they responsible for such training.

14.    The procedures and practices for the education and training of sales representatives regarding the sales, marketing or promotion of Cook IVC Filters.

15.    The identity of materials used for the training of sales representatives concerning the marketing, sales or promotion of Cook IVC Filters.

<u>Government Warnings/Actions re Marketing and Promotional Practices</u>:

16.     The identity and nature of all warning letters, notice of violation letters and untitled regulatory letters from the FDA's Division of Drug Marketing, Advertising and Communications concerning Cook IVC Filters, and Cook's responses thereto and actions thereon.

17.     The identity and nature of all warnings, objections or criticisms by any regulatory government entity or organization worldwide of any of Cook's advertisements, promotional, sales or marketing materials, strategies or practices, and Cook's responses thereto and actions thereon.

<u>Sales Visit Information</u>:

18.     The manner in which information regarding sales and/or detail visits to doctors and healthcare providers from 1996 to the present have been and are recorded and organized, including but not limited to:

      a.      The date of the visit;

      b.      The identity of any and all sales materials, package inserts or samples that are left with doctor or healthcare providers, or their staff members;

      c.      All manner and procedures for recording the length of the visit and the substance of the information provided to the doctor or healthcare providers, or their staff members.

<u>Thought Leaders/Consultants</u>:

19.     The identity of all of Cook's speaker bureau members, consultants, thought leaders and opinion leaders (including but not limited to doctors, psychiatrists, pharmacists and other healthcare providers who receive some form of payment or remuneration from Cook, or an

organization funded in whole or in part by Cook, for the purpose of preparing articles for publication or public speaking) concerning Cook IVC Filters or the conditions or symptoms it treats.

20.     All policies and procedures for the payment, remuneration or benefit to Cook's speaker bureau members, consultants, thought leaders and opinion leaders (including but not limited to doctors, psychiatrists, pharmacists and other healthcare providers who receive some form of payment or remuneration from Cook, or an organization funded in whole or in part by Cook, for the purpose of preparing articles for publication or public speaking) concerning Cook IVC Filters or the conditions or symptoms it treats.

21.     The identity of the manner of payment, remuneration or benefit to Cook's speaker bureau members, consultants, thought leaders and opinion leaders (including but not limited to doctors, psychiatrists, pharmacists and other healthcare providers who receive some form of payment or remuneration from Cook, or an organization funded in whole or in part by Cook, for the purpose of preparing articles for publication or public speaking) concerning Cook IVC Filters or the conditions or symptoms it treats.

22.     The identity of all of Cook's third party consultants or entities for market research, advertising, and promotional, marketing and sales strategies, and the nature of the work done by those consultants and the time periods during which they were retained.

**Exhibit B**

**Documents To Be Produced**

Sales and Marketing Materials:

     1.    All documents which index or catalog Cook's advertising, sales and marketing materials (including any and all print and broadcast advertisements, sales aids, visuals, sales scripts, sales guides, reminder pieces and any and all other materials referenced in 21 C.F.R. 202.1, subdivisions (l)(1) and (l)(2)), including but not limited to documents which reflect their identity, dates of use and/or locations of use.

Warnings from Government re: Cook IVC Filter Marketing:

     2.    All documents which reflect warnings, objections or criticisms by any government entity of Cook's marketing materials or practices for Cook IVC Filters.

Sales Visit Information:

     3.    All documents which reflect written procedures or guidelines for sales persons or detail people for recording information about doctor and healthcare provider detail visits.

Sales Person Directories:

     4.    All documents which reflect directories or lists of Cook's individual sales representatives or detail persons who promoted Cook IVC Filters, including but not limited to their names, employer, dates of employment, sales regions/territories and supervisors.

Thought Leaders:

     5.    All documents which reflect directories or lists of Cook's speaker bureau members, consultants, thought leaders and opinion leaders (including but not limited to doctors, psychiatrists, pharmacists and other healthcare providers who receive some form of payment or remuneration from Cook, or an organization funded in whole or in part by Cook, for the purpose

of preparing articles for publication or public speaking) concerning Cook IVC Filters or the conditions or symptoms it treats.

6.      All emails and interoffice correspondence regarding the sale or marketing of Cook IVC Filters.

7.      All emails and other correspondence between any employee, agent, or consultant retained or employed by Cook and any other person or entity regarding the sale or marketing of Cook IVC Filters.

8.      All emails from or to sales or marketing consultants for Cook IVC Filters and all attachments thereto regarding Cook IVC Filters.

9.      All emails between any Cook sales or detail personnel having to do with complaints or potential complaints about Cook IVC Filters.

10.      Sales brochures, web pages, marketing materials, and advertisements regarding Cook IVC Filters.

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to All Actions

### NOTICE TO RESUME THE VIDEOTAPED ORAL DEPOSITION DUCES TECUM OF CORPORATE REPRESENTATIVE(S) OF DEFENDANTS

**TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, will resume the deposition of COOK GROUP, INC., COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK MEDICAL, LLC, COOK INCORPORATED, MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC., COOK MEDICAL TECHNOLOGIES, COOK DENMARK INTERNATIONAL APS, COOK DENMARK HOLDING APS, COOK GROUP EUROPE APS, COOK NEDERLAND BV, and WILLIAM COOK EUROPE APS (hereinafter collectively referred to as "Cook" and/or "Defendants") on **December 15, 2015, at 10:00 a.m.** at the offices of **Wooden & McLaughlin, 211 North Pennsylvania Street, One Indiana Square, Suite 1800, Indianapolis, IN 46204, (317) 639-6151**, or at another location mutually agreed upon by the parties, and will continue day to day, Sundays and holidays excepted, until completed. Pursuant to Fed. R. Civ. P. 30(b)(6), Cook shall designate and produce a designated representative or representatives, as may be required, to testify on its behalf concerning the topics identified in Exhibit A attached hereto.

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will also be videotaped.

PLEASE TAKE FURTHER NOTICE that Cook is to produce at the deposition the documents and tangible things identified in Exhibit B attached hereto.

Respectfully submitted,

**LAW OFFICES OF BEN C. MARTIN**


*/s/ Ben C. Martin*
Ben C. Martin
State Bar No. 13052400
3219 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 761-6614 (telephone)
(2140 744-7590 (fax)

***Plaintiffs' Co Lead Counsel***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2015, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

John Charles Babione, II
WOODEN & MCLAUGHLIN LLP
211 North Pennsylvania Street, Suite 1800
Indianapolis, IN 46204
jbabione@woodmclaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
dking@woodmclaw.com

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
jboyers@woodmclaw.com

Christopher D. Lee
WOODEN & MCLAUGHLIN LLP
21 SE Third Street, Suite 900
Evansville, IN 47708
clee@woodmclaw.com

Sandra L. Davis
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
sdavis@woodmclaw.com

Kip S. McDonald
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019
kmcdonald@woodmclaw.com

/s/ Ben C. Martin
Ben C. Martin

# EXHIBIT A

## Definitions

The following definitions apply to this Notice of Deposition, including those matters set forth in Exhibits A and B hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1.      "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2.      "Cook" means defendant COOK GROUP, INC., COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK MEDICAL, LLC, COOK INCORPORATED, MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC., COOK MEDICAL TECHNOLOGIES, COOK DENMARK INTERNATIONAL APS, COOK DENMARK HOLDING APS, COOK GROUP EUROPE APS, COOK NEDERLAND BV, WILLIAM COOK EUROPE APS, and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3.      "Person" means natural person, as well as corporate and/or governmental entity.

4.      "IVC Filter" means all IVC filters manufactured or distributed by Cook or its predecessors prior to assignment or sale of such filters to Cook.  Also included is any device intended to retrieve any filter or to introduce any filter into the body.

5.      "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including

documents attached to or used in the preparation of or concerning the preparation of the documents.

6.      "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34. Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of

you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

7.      "Or" and "and" will be used interchangeably.

### Deposition Subject Matter

Pursuant to Rule 30(b)(6), Cook shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

Sales and Marketing Corporate Structure:

1.      The identity of Cook's corporate officers and managers who were and are responsible for sales, marketing, advertising or promotion of Cook IVC Filters, including their titles, duties and dates of such responsibility.

2.      The corporate organization and structure of the departments or divisions at Cook responsible for the sale, marketing, advertising or promotion of Cook IVC Filters.

3.      The corporate organization and structure of the departments or divisions at Cook responsible for the training of sales representatives concerning the sales, marketing or promotion of Cook IVC Filters.

Marketing Strategies:

4.      The corporate structure, organization, strategy and manner of promotion concerning the sale, marketing, advertising or promotion of Cook IVC Filters to the following health care providers:

        a.      Psychiatrists and other psychiatric health care providers;

b.      Primary care physicians;

c.      Physician assistants and nurse practitioners;

d.      Long term care facilities;

e.      Adult home and group home facilities;

f.      Nursing home facilities;

g.      Any other healthcare providers for which there was a separate structure, organization, strategy or manner of promotion concerning the sale, marketing, advertising or promotion of Cook IVC Filters to such providers.

5.      The identity of all third party consultants and entities that were or are responsible in any way for the sale, marketing, advertising or promotion of Cook IVC Filters within the United States, and the nature and dates of their responsibilities.

International Sales, Marketing and Promotion of Cook IVC Filters:

6.      Cook's corporate organization and structure concerning the sale, marketing, advertising and promotion of Cook IVC Filters outside the United States.

7.      The identity of Cook's corporate officers and managers both within and outside the United States who were or are responsible for the sale, marketing, advertising and promotion of Cook IVC Filters outside the United States.

8.      The identity of all third party consultants and entities that were or are responsible in any way for the sale, marketing, advertising or promotion of Cook IVC Filters outside the United States, and the nature and dates of their responsibilities.

9.      The identity of all foreign sales and marketing partners, joint venturers and the like for the sale and/or marketing of Cook IVC Filters (or by whatever name called worldwide) in countries other than the United States.

<u>Sales and Marketing Materials Approval, Organization and Identity</u>:

10.     The manner in which advertising, promotional, sales and marketing materials regarding Cook IVC Filters are organized and/or numbered, where exemplars of these materials are located, and the manner in which the dates of approval and use of such materials may be identified.  As used in this Notice, advertising, promotional, sales and marketing materials include but are not limited to all print and broadcast advertisements, sales aids, visuals, sales scripts, question and answer guides, sales, implementation and resource guides (including but not limited to hyperglycemia/diabetes resource guides), reminder pieces, promotional items, and any and all other materials referenced in 21 C.F.R. 202.1, subdivisions (l)(1) and (l)(2).

11.     The manner in which advertising, promotional, sales and marketing materials regarding Cook IVC Filters are approved by Cook for use or distribution, including the identity of  departments and individuals involved in approval, the data required for approval, and regulatory guidance used.

12.     The identity of all advertising, promotional, sales and marketing materials regarding Cook IVC Filters, and their dates of approved use.

<u>Education and Training</u>:

13.     The identity of persons responsible for training sales representatives regarding the sales, marketing and promotion of Cook IVC Filters, including their titles and dates they responsible for such training.

14.     The procedures and practices for the education and training of sales representatives regarding the sales, marketing or promotion of Cook IVC Filters.

15.     The identity of materials used for the training of sales representatives concerning the marketing, sales or promotion of Cook IVC Filters.

<u>Government Warnings/Actions re Marketing and Promotional Practices</u>:

16.     The identity and nature of all warning letters, notice of violation letters and untitled regulatory letters from the FDA's Division of Drug Marketing, Advertising and Communications concerning Cook IVC Filters, and Cook's responses thereto and actions thereon.

17.     The identity and nature of all warnings, objections or criticisms by any regulatory government entity or organization worldwide of any of Cook's advertisements, promotional, sales or marketing materials, strategies or practices, and Cook's responses thereto and actions thereon.

<u>Sales Visit Information</u>:

18.     The manner in which information regarding sales and/or detail visits to doctors and healthcare providers from 1996 to the present have been and are recorded and organized, including but not limited to:

        a.     The date of the visit;

        b.     The identity of any and all sales materials, package inserts or samples that are left with doctor or healthcare providers, or their staff members;

        c.     All manner and procedures for recording the length of the visit and the substance of the information provided to the doctor or healthcare providers, or their staff members.

<u>Thought Leaders/Consultants</u>:

19.     The identity of all of Cook's speaker bureau members, consultants, thought leaders and opinion leaders (including but not limited to doctors, psychiatrists, pharmacists and other healthcare providers who receive some form of payment or remuneration from Cook, or an

organization funded in whole or in part by Cook, for the purpose of preparing articles for publication or public speaking) concerning Cook IVC Filters or the conditions or symptoms it treats.

20. All policies and procedures for the payment, remuneration or benefit to Cook's speaker bureau members, consultants, thought leaders and opinion leaders (including but not limited to doctors, psychiatrists, pharmacists and other healthcare providers who receive some form of payment or remuneration from Cook, or an organization funded in whole or in part by Cook, for the purpose of preparing articles for publication or public speaking) concerning Cook IVC Filters or the conditions or symptoms it treats.

21. The identity of the manner of payment, remuneration or benefit to Cook's speaker bureau members, consultants, thought leaders and opinion leaders (including but not limited to doctors, psychiatrists, pharmacists and other healthcare providers who receive some form of payment or remuneration from Cook, or an organization funded in whole or in part by Cook, for the purpose of preparing articles for publication or public speaking) concerning Cook IVC Filters or the conditions or symptoms it treats.

22. The identity of all of Cook's third party consultants or entities for market research, advertising, and promotional, marketing and sales strategies, and the nature of the work done by those consultants and the time periods during which they were retained.

## Exhibit B

## Documents To Be Produced

Sales and Marketing Materials:

      1.     All documents which index or catalog Cook's advertising, sales and marketing materials (including any and all print and broadcast advertisements, sales aids, visuals, sales scripts, sales guides, reminder pieces and any and all other materials referenced in 21 C.F.R. 202.1, subdivisions (l)(1) and (l)(2)), including but not limited to documents which reflect their identity, dates of use and/or locations of use.

Warnings from Government re: Cook IVC Filter Marketing:

      2.     All documents which reflect warnings, objections or criticisms by any government entity of Cook's marketing materials or practices for Cook IVC Filters.

Sales Visit Information:

      3.     All documents which reflect written procedures or guidelines for sales persons or detail people for recording information about doctor and healthcare provider detail visits.

Sales Person Directories:

      4.     All documents which reflect directories or lists of Cook's individual sales representatives or detail persons who promoted Cook IVC Filters, including but not limited to their names, employer, dates of employment, sales regions/territories and supervisors.

Thought Leaders:

      5.     All documents which reflect directories or lists of Cook's speaker bureau members, consultants, thought leaders and opinion leaders (including but not limited to doctors, psychiatrists, pharmacists and other healthcare providers who receive some form of payment or remuneration from Cook, or an organization funded in whole or in part by Cook, for the purpose

of preparing articles for publication or public speaking) concerning Cook IVC Filters or the conditions or symptoms it treats.

6.      All emails and interoffice correspondence regarding the sale or marketing of Cook IVC Filters.

7.      All emails and other correspondence between any employee, agent, or consultant retained or employed by Cook and any other person or entity regarding the sale or marketing of Cook IVC Filters.

8.      All emails from or to sales or marketing consultants for Cook IVC Filters and all attachments thereto regarding Cook IVC Filters.

9.      All emails between any Cook sales or detail personnel having to do with complaints or potential complaints about Cook IVC Filters.

10.     Sales brochures, web pages, marketing materials, and advertisements regarding Cook IVC Filters.

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK  MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:  All Actions

**VIDEOTAPED DEPOSITION NOTICE AND SUBPOENA
DUCES TECUM OF CORPORATE REPRESENTATIVE(S)
OF DEFENDANTS**

**PLEASE TAKE NOTICE** that, pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned attorneys, will take the deposition of Cook Medical, Incorporated a/k/a Cook Medical, Inc.; Cook Incorporated; Cook Medical Group, Inc.; and William Cook Europe APS (hereinafter collectively referred to as "Cook" and/or "Defendants")on **January 22, 2016, at 10:00 a.m.** at the offices of **Wooden & McLaughlin, 211 North Pennsylvania Street, One Indiana Square, Suite 1800, Indianapolis, IN 46204, (317) 639-6151,** Pursuant to Fed. R. Civ. P. 30(b)(6), Defendants shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of Cook, et al. concerning the topics identified in **Schedule A** attached hereto.

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will also be videotaped. Please take further notice that the deponent(s) shall produce the materials identified in **Schedule B.**

Dated: January 13, 2016

EXHIBIT
90
1-22-16

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: POSTMARKETING SURVEILLANCE

**PLAINTIFF'S COUNSEL**

By: */s/ Michael Heaviside* _____

MICHAEL HEAVISIDE
Heaviside Reed Zaic
910 17th Street, Ste. 800
Washington, D.C. 20006
(202) 223-1993
mheaviside@hrzlaw.com

BEN C. MARTIN
Law Offices of Ben C. Martin
3219 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 761-6614 (telephone)
(214) 744-7590 (fax)

LEAD PLAINTIFFS' COUNSEL

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: POSTMARKETING SURVEILLANCE

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on January 13, 2016, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

4

John Charles Babione, II                         Douglas B. King
5    WOODEN & MCLAUGHLIN LLP            WOODEN & MCLAUGHLIN LLP
211 North Pennsylvania Street, Suite 1800    One Indiana Square, Suite 1800
6    Indianapolis, IN 46204                        Indianapolis, IN 46204-2019
jbabione@woodmclaw.com               dking@woodmclaw.com
7

James McGinnis Boyers                       Christopher D. Lee
8    WOODEN & MCLAUGHLIN LLP            WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800            21 SE Third Street, Suite 900
9    Indianapolis, IN 46204-2019                Evansville, IN 47708
jboyers@woodmclaw.com                  clee@woodmclaw.com
10

11   Sandra L. Davis                              Kip S. McDonald
WOODEN & MCLAUGHLIN LLP            WOODEN & MCLAUGHLIN LLP
12   One Indiana Square, Suite 1800            One Indiana Square, Suite 1800
Indianapolis, IN 46204-2019                Indianapolis, IN 46204-2019
13   sdavis@woodmclaw.com                 kmcdonald@woodmclaw.com

14

15                                               /s/ Ben C. Martin _____ ____

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

You are advised that you must designate one or more officers, directors, managing agents, or other persons who will testify on your behalf regarding the matters listed in Schedule A which are known or reasonably available to "Cook Defendants" and Additional Cook Defendants" as defined in Case Management Order #3, hereinafter "COOK".

The term "communication" means the transmittal of information by any medium, whether written, oral, or electronic (in the form of facts, ideas, inquiries, or otherwise).

The term "computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (personal digital assistants or "PDAs"), minicomputers and mainframe computers.

The term "custodial file" refers to the compilation of all documents and records within the possession of the designated person while employed by COOK including records, memoranda, letters, handwritten notes, working papers, minutes of meetings and notes therefrom, electronic writings, e-mail, intra-or inter-company communications, reports, articles or other writings and recordings as defined in the Federal Rules of Civil Procedure.

The term "document" and "documents" mean and refer to a writing and/or recording as defined by Federal Rule 34, including, without limitation, the following terms in their broadest sense, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand:  agreements, communications, State and Federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, radiographs, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any

4

1  document, and all other writings.

2  The term "Defendant" means, without limitation, the responding party.

3  The terms "You" and "Yours" mean the corporate defendants answering these requests,

4  and any person acting on that corporation's behalf.

5  The term "documentation" when used in reference to computers when used in reference

6  to computers, operating systems and utilities, application software and/or hardware devices, shall

7  mean and refer to all documents and files of electronically stored information provided by the

8  manufacturer or seller of the item and/or by in-house sources, including all manuals, guides,

9  instructions, programming notes, protocols, policies, procedures and other sources of information

10  about technical specifications, installation, usage and functioning of the computer, operating

11  systems and utilities, application software and/or hardware devices.

12  The terms "electronically stored information" means the original (or identical duplicate

13  where the original is unavailable), and any non-identical copies (whether non-identical because

14  of notes made on copies or attached comments, annotations, marks, transmission notations, or

15  highlighting of any kind) of writings and data compilations in any form, and of every kind and

16  description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other

17  means.  Electronic data includes, but is not limited to, computer programs, programming notes or

18  instructions, activity listings of electronic mail receipts and transmittals, output resulting from

19  the use of any software program, including word processing documents, spreadsheets, database

20  files, charts, graphs and outlines, electronic mail, operating systems, source code of all types,

21  peripheral drivers, PIF files, batch files, ASCII files, PDF files, .tif files, and any and all

22  miscellaneous files and file fragments, regardless of the media on which they reside and

23  regardless of whether said electronic data consists in an active file, deleted file or file fragment.

24  Electronic data includes any and all items stored on computer memories, hard disks, floppy

25  disks, CDs, DVDs, CD-ROMS, removable media (Zip disks, flash or jump drives), Jaz

26  cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche,

27  punched cards, punched tapes, computer chips (including EPROM, PROM, RAM and ROM), on

28  or in any other vehicle for digital data storage and transmittal.  The term electronic data also

includes the file, folder tabs and containers and labels appended thereto, or associated with, any physical storage device associated with each original and copy.

"Identify," when used in reference to any electronically stored information, means to provide information specifying the software and/or operating system under which the electronically stored information was created; the type of electronically stored information (for example, word processing documents, spreadsheet, database, application program); and all other means of describing it with sufficient particularity to meet the requirements for its inclusion in a request for production of documents pursuant to the Federal Rules.

"Identify" - When the identity of any person is requested by virtue of the documents and materials requested in this Request, the information sought is:

A.  If the person is a natural person:  The name, residential address, business address, residential phone number, business phone number, place of employment, employment title or position, name of employer, and if employer has several offices, the address of the office at which the person is currently employed.  Also, if at the time of the action or omission referred to in the Complaint for Damages the person's employment or position differed from that which is current, please furnish the above described information relative to employment, at the time of the subject action or omission relative to the allegations in the Complaint for Damages.

B.  If the person is not a natural person:  Identify the type of entity and provide the business address, telephone number, names and identities of directors, officer, and managing agents of the entity, and, in the event the response to these Requests relate to actions or omissions by a non-natural person through its agents or employees, the name of the agents or employees responsible for such action or omission, identifying such agent or employee as a natural person in the manner described in Section 1 above.

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: POSTMARKETING SURVEILLANCE

C.  When "identity of a document" is requested, state its physical description, e.g., letter, memo, tape, etc., its date, its author, and medium on which it is located; if a communication is requested, state its sender and/or author, its addressee(s) and/or intended recipient(s).

D.  As used throughout these requests, the term "physician" refers to any healthcare provider, regardless of degree or specialty, including but not limited to medical doctors, allopathic physicians, osteopathic physicians, physicians' assistants, nurse practitioners, or registered nurses, or licensed vocational nurses, and radiology technicians.

E.  "Person" shall include any natural person or any corporation, partnership, association, or other governmental, legal or quasi-legal entity, existing either by formal or informal agreement or circumstances.

F.  Each request refers to documents, electronic information, and things in the custody, control, and possession of Defendant or known to Defendant, as well as in the custody, control and possession of, or known to, Defendant's counsel, representatives, agents, servants, investigators, and consultants unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators, and consultants; or documents and things within the possession, custody, or control of third parties over or to whom responding Defendant has control and/or access, respectively.

7

G. Any document falling within the scope of these requests which are withheld under a claim of attorney-client privilege, attorney work product, or any other ground is to be identified in writing and must include a statement of the legal basis asserted for withholding such document, shall identify its date, the identity of its author and signatories, the type of document, a summary of its content, its present location and custodian, a listing of all persons to whom the contents of such documents have been disclosed and all persons who have or have had possession, custody, or control of the documents. Notwithstanding any claim of privilege relative to a requested document, electronic information, or thing, any purportedly privileged document containing non-privileged matter must be disclosed with the privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to this paragraph.

H. These Requests are of a continuing nature and require your further and supplemental response and production when you acquire, obtain, or create additional responsive documents after service of the initial Response and production of documents.

The terms "Inferior Vena Cava Filter" and "IVC Filter(s)" mean specifically the Bird's Nest® Vena Cava Filter, Celect® Platinum Vena Cava Filters, Cook Celect® Vena Cava Filters and Günther Tulip® Vena Cava Filter.

8

## DEPOSITION SUBJECT MATTER

1.      The organization of any division, segment, or office of Defendants that participates in the receipt, collection, evaluation, analysis, or reporting of information to any regulatory agency regarding serious adverse events (SAEs) and/or adverse events (AEs) in patients who have received an inferior vena cava filter manufactured by COOK (hereinafter, "IVC filter") at any time Bard received any complaints related to the Bird's Nest® Vena Cava Filter, Celect® Platinum Vena Cava Filters, Cook Celect® Vena Cava Filters and Günther Tulip® Vena Cava Filters.

2.      A complete description of any database, computer program or other means used to track any and all reports of adverse events in patients prescribed IVC filters from pre-marketing clinical trials to present.

3.      All colleagues, entities and/or third parties with whom Defendants contract (including, but not limited to, Functional Service Providers [FSPs], Contract Research Organization [CROs], vendors and/or consultants and/or other third parties related to the collection, processing, evaluating, analysis of, reporting, and/or publication of SAEs and/or AEs at any time Bard received complaints related to Cook's Bird's Nest® Vena Cava Filter, Celect® Platinum Vena Cava Filters, Cook Celect® Vena Cava Filters and Günther Tulip® Vena Cava Filters.

4.      Procedures by which Defendants ensure appropriate communication of relevant information ( e.g. information regarding risks of perforation, migration and/or fracture) related to SAEs and AEs to interested parties (e.g., physician, patients and/or regulatory authorities) in a timely manner whether or not formally reported to regulatory authorities at any time Bard received complaints related to Cook's Bird's Nest® Vena Cava Filter, Celect® Platinum Vena Cava Filters, Cook Celect® Vena Cava Filters and Günther Tulip® Vena Cava Filters s.

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: POSTMARKETING SURVEILLANCE

5.     Post-Market reporting and/or Post-Marketing Surveillance documents and materials including all Medwatch forms, all SAE and AE reports, including, but not limited to, any and all corresponding documents, materials, notes, written and electronic data, medical records, correspondence, follow up communications, investigations and memoranda relating to every and all adverse experiences and/or events concerning the use of IVC filters, reported to, aware of and/or known by, defendants.

6.     Policies and/or procedures related to the content, maintenance and/or storage of all files containing or relating to all adverse event experiences, including but not limited to, original source documentation, back-up files, complaint files, complaint records and/or receipts, forms, memoranda, e-mails, consultant reports and/or other material that supports any and all data collected by Defendant or its colleagues or contractors irrespective of whether the data were reported to regulatory agencies, or to third party consultants, and which files and material are available to those responsible for reviewing, analyzing, summarizing, investigating and reporting all Adverse Experiences to any source, including FDA.

7.     Policies and procedures related to any language or algorithms used for causality and communication when adverse events including, but not limited to, death may be attributable to a product, including IVC filters.

8.     Policies and procedures for collecting information related to adverse event experiences including, but not limited to, the collection of follow-up information/data after the initial adverse event report/alert to any Cook employee and/or its agents or contractors.

9.     Databases, computer programs or other means used to track any and all reports of adverse events in patients who received IVC filters, including the EASYTRACK and TRACKWISE databases.

10.    All efforts  Cook made to determine failure rates of its IVC Filter devices and how these failure rates were actually determined.

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: POSTMARKETING SURVEILLANCE

## **SCHEDULE B**

## **DOCUMENTS TO BE PRODUCED**

1.  Policies, procedures, training material, instructions, protocols, definitions and other writings which in any way relate to the collecting, analysis, follow-up, investigation, grading and reporting of injuries and damages associated with, the use of COOK's IVC filters.

2.       Any documents or writings which in any way relate to the collecting, analysis, investigation, grading and reporting of injuries and damages associated with, the use of any of COOK's competitors' IVC filters.

3.       Any documents or writings reflecting communications with the health care community which in any way relate to the collecting, analysis or investigation of adverse events, injuries and/or and damages associated with the use of any of COOK's IVC filters.

4.       Any documents or writings reflecting communications with the health care community which in any way relate to the collecting, analysis or investigation of adverse events, injuries and/or and damages associated with the use of any of COOK's competitors' IVC filters.

5.  Any and all  Post Market reporting and/or Post Marketing Surveillance documents and materials including all Medwatch forms, all Adverse Experience (AE) reports and/or complaints, including, but not limited to, any and all corresponding documents, materials, notes, written and electronic data, medical records, correspondence, follow up communications, investigations and memoranda relating to every and all adverse experiences and/or events concerning the use of COOK's IVC filters, reported to, aware of and/or known by, Defendants.

6.  Copies of each source file or back-up file that contains documentation, records, memoranda, emails, consultant reports and other material that supports any and all data reported to FDA, foreign regulatory agencies, third party consultants and company safety surveyors, and which files and material are available to those responsible for reviewing, analyzing, summarizing, investigating and reporting Adverse Experiences and/or complaints to any source, including FDA

11

7.   Databases, computer programs or other means used to track any and all reports of adverse events in patients who received COOK's IVC filters.

8.   Any and all information Defendants have presented to any Regulatory Agency, including the FDA and any foreign regulatory agency, regarding the submission of any adverse events, including any and all documents provided to the Regulatory Agencies in reporting adverse events.

9.   Any and all standard operating procedures used to identify which adverse events will be reported to any regulatory agency, and the manner and timeframe in which the adverse events will be reported.

10. Any and all data analysis or trends of adverse events that were reported to Defendants in patients who received COOK's IVC filters, including any studies, research or documents prepared to reflect any analysis or trend.

11. Any and all writings which reflect, discuss and include adverse event reports evaluations, safety-related hypothesis and the use of techniques to evaluate these hypotheses.

12. Educational, promotional and instructive initiatives designed to emphasize the responsibility of Health Care Providers to identify and report adverse events related to the use of IVC filters.

13. Databases, computer programs or other means used to report to FDA, senior management at your company, outside consultants and company representatives who interact and communicate with health care providers any and all reports of adverse events in patients who received IVC filters.

14. Written material, brochures, sales aids, training material, scripts and instructions provided to company representatives who interact and communicate with health care providers regarding any and all reports of adverse events in patients who received IVC filters.

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: POSTMARKETING SURVEILLANCE

1

2        15. Any and all writings which reflect, discuss or analyze the nature, scope, details,

3   positions and results of any post-marketing investigation by any Regulatory Agency regarding

4   COOK's IVC filters, including but not limited to any investigation in preparation for, or as a

5   result of, any FDA Advisory Panel or Committee meeting, or other FDA or foreign regulator

6   meeting or inquiry relating to the safety, efficacy, marketing practices, adverse reports and/or

7   labeling/instructions for use of IVC filters.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF TAKING RULE 30(b)(6) DEPOSITION: POSTMARKETING SURVEILLANCE