# EXHIBIT D

Page 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC.    :
IVC FILTERS MARKETING, SALES :
PRACTICES AND PRODUCTS       : Case No. 1:14-ml-
LIABILITY LITIGATION         : 2570-RLY-TAB
                             :
-----------------------------: MDL No. 2570
                             :
This Document Relates to     :
All Actions                  :
                             :
-----------------------------:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
        The video-recorded 30(b)(6) deposition
of COOK MEDICAL, INC., as given by SCOTT ANDREW
BLANCHARD, taken pursuant to the Federal Rules of
Civil Procedure of the United States District
Courts pertaining to the taking of depositions,
taken before Pauline M. Vargo, an Illinois
Certified Shorthand Reporter, C.S.R. No. 84-1573,
at the law offices of Faegre Baker Daniels, LLP,
Suite 2700, 300 North Meridian Street,
Indianapolis, Indiana, on March 14, 2017, at
9:44 a.m.

GOLKOW TECHNOLOGIES, INC.
877.370.3377 ph | 917.591.5672 fax
Deps@golkow.com

Page 2

1       A P P E A R A N C E S
2
3  PRESENT ON BEHALF OF THE PLAINTIFFS:
4       RILEY WILLIAMS & PIATT, LLC
5       301 Massachusetts Avenue
6       Indianapolis, Indiana 46204
7       317.633.5270
8       BY: JOSEPH N. WILLIAMS, ESQ.
9          jwilliams@rwp-law.com
10         ANNE MEDLIN LOWE, ESQ.
11         alowe@rwp-law.com
12
13      LAW OFFICES OF BEN C. MARTIN
14      3710 Rawlins Street, Suite 1230
15      Dallas, Texas 75219
16      214.761.6614
17      BY: BEN C. MARTIN, ESQ.
18         bmartin@bencmartin.com
19
20 PRESENT ON BEHALF OF THE DEFENDANTS:
21      FAEGRE BAKER DANIELS, LLP
22      300 North Meridian Street, Suite 2700
23      Indianapolis, Indiana 46204
24      317.237.1424
25      BY: ANDREA ROBERTS PIERSON, ESQ.
26         andrea.pierson@faegrebd.com
27         ANNE K. RICCHIUTO, ESQ.
28         anne.ricchiuto@faegrebd.com
29
30 ALSO PRESENT:
31
32      DANIEL REGARD
33      CRAIG D. BALL
34
35 VIDEOGRAPHER:
36
37      STEPHAN HOOG
38      Golkow Technologies
39 REPORTED BY:
40      PAULINE M. VARGO, RPR, CRR

Page 3

1              I N D E X
2          Tuesday, March 14, 2017
3  WITNESS                       EXAMINATION
4  SCOTT ANDREW BLANCHARD
5     By Mr. Williams...................Page 6
6     By Ms. Pierson....................Page 160
7     By Mr. Williams...................Page 218
8     By Ms. Pierson....................Page 234
9     By Mr. Williams...................Page 242
10    By Ms. Pierson....................Page 244
11    By Mr. Martin.....................Page 247
12
13
14
15
16
17
18
19
20
21
22
23
24

Page 4

1              E X H I B I T S
2  BLANCHARD EXHIBIT                MARKED FOR ID
3  Exhibit 8   Document, "Timeline of Events    15
4       Regarding Courtney Whitelock
5       Data Preservation"
6       1 page
7
8  Exhibit 9   Document, "Cook Electronic        27
9       Information Policy"
10      CookMDL2570_2406 through
11      CookMDL2570_2408
12 Exhibit 10  Exchange 2010 Architecture and    38
13      Design Guide
14      147 Pages
15 Exhibit 11  Case Management Order No. 11,     94
16      Electronically Stored
17      Information and Document
18      Production Protocol
19      20 Pages
20 Exhibit 12  2/6/17 e-mail from Douglas King  141
21      to Amy Holtz re Cook Defendants'
22      response to J. Williams' 1/31/17
23      e-mail re 2/7/17 discovery
24      Conference
25
26
27         E X H I B I T S
28         PREVIOUSLY MARKED
29 EXHIBIT                    FIRST REFERRED TO
30
31 Exhibit 477  8/20/13 E-mail from Fleck to    187
32      Whitelock
33      CookMDL2570_0745352
34
35 Exhibit 478  Screenshot of iPhone            187
36      1 page
37

Page 25

1  custodian's workstation?
2     A.  Can you repeat that question.
3     Q.  Am I right in understanding that the
4  data contained on the Exchange server exists
5  independently from the data contained on an
6  individual custodian's workstation?
7         MS. PIERSON:  Object to form.
8     A.  "Data" is very broad.  Are you talking
9  e-mail data?
10    Q.  Sure.
11    A.  The e-mail data on Exchange would
12 synchronize with the e-mail data that's on the
13 client.
14    Q.  My question was a little bit different,
15 though.  My question was, does the e-mail data on
16 the Exchange server exist independently of the
17 e-mail information that exists on a custodian's
18 individual workstation?
19        MS. PIERSON:  Object to form.
20    A.  Being two physically different things,
21 Exchange server, e-mail client, yes.
22    Q.  Okay.  Let me walk you through -- let me
23 walk you through a brief hypothetical so I make
24 sure I understand exactly what we are saying.

Page 26

1        Assume that I am a Cook employee with a
2  laptop.  Clumsy as I am, I drop my laptop into Lake
3  Michigan and can't find it.  The e-mail that was on
4  that computer, would it also exist on the Exchange
5  server?
6     A.  Hypothetically, yes.
7     Q.  Hypothetically, yes.
8        And hypothetically it would exist up to
9  the last point in time that the now lost laptop had
10 been connected to the Cook network and synced?
11    A.  Hypothetically, yes.
12    Q.  So even if the computer is completely
13 destroyed, assuming that that computer at some
14 point was hooked onto the network and synced, there
15 should still be some e-mail data that resides on
16 the Exchange server?
17    A.  With those assumptions, yes.
18    Q.  And that information on the Exchange
19 server -- and we are still in the same
20 hypothetical -- could be accessed by someone at
21 Cook so long as they have the requisite
22 administrator credentials?
23    A.  Hypothetically, yes.
24    Q.  How long in this hypothetical situation

Page 27

1  would the information on the e-mail Exchange server
2  remain accessible?
3     A.  The information on the Exchange server
4  for the inbox is 60 days.  Sent items is 60 days.
5  Deleted is 30 days.  Spam is 14 days, and if a user
6  placed content in a folder, it's permanent.
7     Q.  Okay.  So if data is placed into a
8  subfolder and that -- and after it's placed into a
9  subfolder the computer or the local workstation is
10 hooked into the network and syncs, that information
11 in the subfolder will be held permanently?
12    A.  Yes.
13        MR. WILLIAMS:  Ms. Pierson, this one
14    is for you.
15        MS. PIERSON:  Thank you.
16        MR. WILLIAMS:  Mr. Ball, this one is
17    for you.
18 BY MR. WILLIAMS:
19    Q.  Does that say Blanchard 8?
20    A.  It does.
21        MR. WILLIAMS:  Thank you.
22        (Blanchard Exhibit 9 was marked for
23         identification.)
24

Page 28

1  BY MR. WILLIAMS:
2     Q.  Mr. Blanchard, I am handing you what we
3  have marked as Blanchard Exhibit 9.  Take a moment
4  and review that document because I'm going to ask
5  you some questions about it.  Let me know when you
6  are done.
7        Done?
8     A.  I believe so.
9     Q.  Can you identify what Exhibit 9 is, for
10 the record, please.
11    A.  The Cook Electronic Information Policy.
12    Q.  Is this one of the documents you
13 reviewed in preparation for your deposition today?
14    A.  I reviewed the version 2008.
15    Q.  Is the version in 2008 different
16 substantively in any way than the version that I've
17 handed you this morning?
18        MS. PIERSON:  Object to form.
19    A.  No.
20    Q.  Is what I handed you this morning as
21 Exhibit 9, is that the current electronic
22 information policy at Cook?
23    A.  But it's now in their -- our employee
24 handbook.  It's not in this form.