UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION              MDL No. 2570

This Document Relates to Plaintiff
Elizabeth Jane Hill
Civil Case No. 1:14-cv-06016-RLY-TAB

## COOK DEFENDANTS'
## REPLY MEMORANDUM IN SUPPORT OF
## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiff has not opposed the portions of the Cook Defendants' motion that seek dismissal of her claims under the Washington D.C. and Florida consumer fraud statutes and her claims for breach of express and implied warranty, and the Court should therefore dismiss those counts of Plaintiff's complaint.  Plaintiffs' negligence *per se* claim also fails to state a claim under Florida law, and the Court should dismiss that count as well.

## ARGUMENT

Plaintiff argues that she is entitled to pursue a theory of negligence *per se* based on her allegations that the Cook Defendants violated the federal Food, Drug, and Cosmetic Act (FDCA) and various FDA regulations adopted under the FDCA's authority.  *See* Pl. Resp. at 3-4 (quoting ¶¶ 90-91 of Master Complaint).  Plaintiff bases her argument entirely on the Florida Supreme Court's 40-year-old decision in *deJesus v. Seaboard C. L. R. Co.*, 281 So. 2d 198 (Fla. 1973); indeed, *deJesus* is the *only* Florida case Plaintiff cites anywhere in her response.  Plaintiff cites *deJesus* for the proposition that "'negligence per se is a violation of any other statute which establishes a duty to take precautions to protect a particular class of persons from a particular

1

injury or type of injury.'" Pl. Resp. at 4 (quoting *deJesus*, 281 So. 2d at 201). Plaintiffs treats this statement as essentially the end of the discussion, and offers no more analysis of Florida law. Even the *deJesus* case, however, recognized that not every statutory violation constituted an actionable instance of negligence per se: "A violation of any statute, however, is not necessarily negligence per se; for some, a violation may be only evidence of negligence." *deJesus v. Seaboard C. L. R. Co.*, 281 So. 2d 198, 200-201 (Fla. 1973).

More critically, Plaintiff's response fails to account for the post-*deJesus* development of Florida law governing negligence *per se*. Subsequent Florida Supreme Court and Court of Appeals cases make clear that Florida's negligence *per se* rule turns on the question of whether the legislature *intended* to create a private cause of action based on a violation of a statute. As a result, as one Florida appellate court noted last year, "[t]he question of whether a statute establishes a duty to take precautions to protect or benefit a particular class of persons is no longer determinative on the question of whether a cause of action should be recognized." *Sorenson v. Prof'l Compounding Pharmacists of Western Pa., Inc.*, 191 So. 3d 929, 934 (Fla. Dist. Ct. App. 2d Dist. 2016) (citing *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994)).

Florida case law makes clear that the key question is legislative intent. For example, in *Murthy v. N. Sinha Corp.*, 644 So. 2d 983 (Fla. 1994), the plaintiffs argued that Florida statutes imposed on a contractor's qualified agent the duty to supervise construction work and that "a violation of that duty constitutes negligence *per se*." *Id.* at 985. The Florida Supreme Court acknowledged that the statute in question was intended to protect the public from "a danger of significant harm" from "unsafe, unstable, or short-lived products or services," *id.* at 986 n.7, but nevertheless rejected the plaintiffs' negligence *per se* claim. The court concluded that a mere statutory purpose to benefit the public or promote public safety is not enough to sustain a claim

of negligence *per se*; the dispositive question is whether the legislature *intended* to permit a private cause of action based on violation of the statute:

> [L]egislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one. *See In re Order on Prosecution of Criminal Appeals*, 561 So. 2d 1130, 1137 (Fla. 1990); *Parker v. State*, 406 So. 2d 1089, 1092 (Fla. 1981) ("Legislative intent is the pole star by which we must be guided in interpreting the provisions of a law."). Chapter 489 establishes licensing procedures and regulatory duties for the construction industry and created the Construction Industry Licensing Board to enforce the performance of these procedures and duties. There is no evidence in the language of the statute or the statutory structure that a private cause of action against a qualifying agent was contemplated by the legislature in enacting this statute. … Rather, the language of chapter 489 indicates that it was created merely to secure the safety and welfare of the public by regulating the construction industry.

Id. at 985-86 (citation and footnote omitted). The court concluded: "'In general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing a civil liability.'" *Id*. at 986 (quoting *Moyant v. Beattie*, 561 So. 2d 1319 (Fla. Ct. App. 1990) and 49 Fla. Jur. 2d, Statutes § 223).

The Florida Court of Appeals reached the same result last year in *Sorenson v. Prof'l Compounding Pharmacists of Western Pa., Inc.*, 191 So. 3d 929 (Fla. Dist. Ct. App. 2016). The plaintiff in *Sorenson* argued that a pharmacy's filling of a prescription without being registered and licensed, in violation of state law, supported a claim of negligence *per se* for a death resulting from the prescription. *Id*. at 930. Like the *Murthy* court, the *Sorenson* court acknowledged that the licensing statutes were intended "for the preservation of the health, safety, and welfare of the public," *id.* at 934 (quoting Fla. Stat. § 456.003(1) & (2)). Nevertheless, as in *Murthy*, the court rejected the claim of negligence *per se* because it found no evidence that the legislature intended to permit such a claim. *Id*. at 934 ("We can discern no language in either chapter suggesting an intent to create a private cause of action for the violation of its

3

requirements."). *See also Vaughn v. Segal*, 707 So.2d 951 (Fla. App. 3 Dist., 1998) (rejecting claim that violation of ordinance amounts to negligence *per se,* citing *Murthy* and noting: "We find no intention to create a private cause of action under this county ordinance.").

In the present case, Plaintiff's response points to nothing that suggests that either Congress in the FDCA or the FDA in the regulations intended to create a private cause of action for violation of any of the statutory or regulatory provisions. On the contrary, as noted in the Cook Defendant's original motion, the FDCA provides that all enforcement actions "shall be by and in the name of the United States." 21 U.S.C. § 337(a).

Plaintiff makes no attempt to distinguish the multiple federal cases the Cook Defendants cited that have rejected FDCA-based negligence *per se* claims under Florida law,[1] arguing instead that those cases "are all based on a false premise." Pl. Resp. at 6. But each of those cases properly applied the Florida negligence *per se* standard focusing on legislative intent. *See, e.g., Blinn v. Smith & Nephew Richards, Inc.*, 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999) ("Under Florida law, whether there is civil liability for violation of a statute depends on legislative intent."); *Metz v. Wyeth*, 872 F. Supp. 2d 1335, 1343 (M.D. Fla. 2012) (citing *Pantages v. Cardinal Health 200, Inc.*, 2009 WL 2244539, at *2 (M.D. Fla. July 27, 2009), for proposition that "violation of a federal statute was not negligence *per se* under Florida law unless the legislature intended a private right of action under the statute").

Plaintiff's discussions of the negligence *per se* standards under Pennsylvania and Oklahoma law, Pl. Resp. at 5, 6-7, are not helpful here. Regardless of the standard in those

---

[1] *See* Cook Memo. at 5 (Case No. 1:14-cv-06016, Dkt. 223-1) (citing *McClelland v. Medtronic, Inc.*, No. 6:11–CV–1444–Orl–36KRS, 2012 WL 5077401, at (M.D. Fla. Sept. 27, 2012); *Metz v. Wyeth, LLC*, 872 F. Supp. 2d 1335 (M.D. Fla. 2012); *Blinn v. Smith & Nephew Richards, Inc.*, 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999); and *Stevens v. Danek Med., Inc.*, No. 95-14293-CIV-PAINE, 1999 WL 33217282 (S.D. Fla. Apr. 16, 1999)).

states, Florida requires legislative intent to permit a private cause of action.  That intent is absent here, and Plaintiff does not argue otherwise.

Finally, Plaintiff argues that even if the claimed violations of the FDCA by the Cook Defendants cannot underlie a claim for negligence *per se*, evidence of such supposed violations are nevertheless admissible as evidence of negligence.  *See* Pl. Resp. at 8.  But that issue is beyond the scope of the present motion and is clearly premature.  Whether the Court should admit at trial some unspecified evidence of a claimed violation of the FDCA as somehow relevant to one of Plaintiff's other claims has no bearing on whether Plaintiff's present negligence *per se* claim states a cause of action under Florida law.

In sum, Hill's attempt to invoke a negligence *per se* claim based on alleged FDCA violations fails as a matter of Florida law, and the Court should dismiss Plaintiff's negligence *per se* claim on this ground.

## CONCLUSION

For the reasons detailed above and in the Cook Defendants' original memorandum, the Court should grant judgment on the pleadings on Ms. Hill's claims for consumer fraud, breach of warranty, and negligence *per se*.

Dated: May 1, 2017           Respectfully submitted,

<u>/s/ John T. Schlafer</u>
Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:        (317) 237-0300
Facsimile:         (317) 237-1000
andrea.pierson@faegrebd.com
john.schlafer@faegrebd.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:        (260) 424-8000
Facsimile:         (260) 460-1700
stephen.bennett@faegrebd.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2017, a copy of the foregoing COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

                                                     /s/ John T. Schlafer