IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Action only:

    Annette Sales-Orr, No. 1:16-cv-02636

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE**

    The Cook Defendants urge the Court to grant its motion dismiss all of Plaintiff Annette Sales-Orr's claims on the ground that she failed to commence her action within the period required by Georgia's statute of repose.

**I.  Plaintiff offers no legal or factual basis for the Court to apply the law of any state other than Georgia, where she alleges her surgery and her injuries occurred.**

    Plaintiff devotes most of her brief to constructing an elaborate straw-man argument, suggesting that the Cook Defendants have not adequately addressed the issue of conflict of law and have not justified the application of the law of Georgia, where (according to Plaintiff herself) all of the events surrounding her use of a Cook filter occurred.  The Cook Defendants addressed the choice-of-law issue only briefly in their original motion because they saw no indication that different states' choice-of-law rules would actually produce conflicting results.  This case involves a claim of injuries suffered in Georgia based on surgery performed in Georgia on a plaintiff who lived in Georgia at the time; the application of Georgia law to Plaintiff's claim is not controversial.

US.111290014.06

Plaintiff's response tries to gloss over this obvious conclusion, but two significant omissions demonstrate the flaws in her argument. First, Plaintiff does not argue that the application of Tennessee or Indiana[1] choice-of-law rules instead of Georgia choice-of-law rules to her claim would actually produce any conflict; in other words, Plaintiff does not claim that the application of any of these states' choice-of-law rules would result in anything other than the application of Georgia law. Second, Plaintiff neither posits nor documents the existence of any facts that would suggest the application of any state's law other than Georgia's, regardless of what state's choice-of-law standard applies.

Although Plaintiff complains about a supposed lack of an adequate conflict-of-law analysis, she never suggests (much less demonstrates) that the choice-of-law rules she cites actually *conflict*. The threshold requirement for a conflict-of-law analysis is of course a conclusion that the different state laws at issue *actually* conflict in the context presented, i.e., that their applications will produce different results. *See, e.g., Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004) ("As a preliminary matter, the court must determine whether the differences between the laws of the states are 'important enough to affect the outcome of the litigation'" (quoting *Hubbard Manufacturing Co. v. Greeson,* 515 N.E.2d 1071, 1073 (Ind. 1987))); *Hataway v. McKinley*, 830 So.2d 53, 55 (Tenn. 1992) ("The first issue we address on this appeal is whether there is a conflict between Arkansas and Tennessee law").

Here, although Plaintiff correctly notes that the choice-of-law rules of Georgia, Indiana, and Tennessee differ in certain respects, she identifies no conflict among the outcomes of applying the choice-of-law rules of each of those states to her claims. As noted in the Cook Defendants' original motion, Georgia applies the *lex loci delicti* approach to choice of law in tort

---

[1] Indiana and Tennessee are the only states' choice of law rules that Plaintiff suggests as alternatives to Georgia's. *See* Pl. Resp. at 3-4.

2

cases, applying the law of the state where the tort was committed.  *See McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F.Supp.2d 1329 (N.D. Ga., 2014) (citing *Carroll Fulmer Logistics Corp. v. Hines*, 309 Ga. App. 695,  710 S.E.2d 888, 890 (2011).  Indiana also presumptively applies the *lex loci delecti* approach to choice of law in tort cases, except where the place of the tort bears little relation to the action.  *See Simon v. United States*, 805 N.E.2d 798, 804–05 (Ind. 2004).  Tennessee has adopted the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws §§ 6, 145, 146, and 175 (1971), under which the court will apply the substantive law of the state that, "with respect to that issue, has the most significant relationship to the occurrence and the parties."  *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992) (quoting Restatement section 145).

Under any of these three standards, a court addressing a claim of injuries in Georgia from a Georgia surgery on a then-Georgia resident would undeniably apply Georgia law.  Thus, even though the three states apply different choice-of-law standards, the outcome in the present case is the same under all three of those standards.  No conflict of law exists and no further analysis is necessary.  Plaintiff's response does not even *suggest* that the application of the different states' choice-of-law standards would require the application of different states' substantive laws to Plaintiff's claims.  Absent a conflict of laws to resolve, Plaintiff's grumbling about the Cook Defendants' conflict-of-law analysis is moot and irrelevant.

Second, even assuming for the sake of argument that Plaintiff had identified a *theoretical* conflict in result depending on which state's choice-of-law rule is applied, Plaintiff offers no evidence that would support a conclusion under any of these standards that the Court should apply the law of any state other than Georgia.  According to her own short-form complaint—the pleading relevant to this motion to dismiss—Plaintiff was a resident of Georgia at the time of

both her implantation and her injuries.  *See* Pl. Short Form Complaint ¶¶ 4-5 (Dkt. 1, Case No. 1:16-cv-02636).  Although Plaintiff's complaint asserts that she now lives in Tennessee, *see id.* ¶ 6, she offers no reason why her unilateral relocation should affect the law that applies to her Georgia-based claims.   Plaintiff is clearly in a much better position than the Cook Defendants to identify and to offer the Court any facts that might support the application of some law other than Georgia's to her claims, but she has not even tried to do so.  The only logical inference is that she cannot.

The emptiness of Plaintiff's choice-of-law argument is also plain from her failure to take any position on any of the substantive legal and factual issues concerning choice of law.  She complains that the Cook Defendants did not adequately analyze the choice-of-law issue, yet she provides no basis to conclude that any missing analysis might matter.  Plaintiff offers no argument that the application of the different states' choice-of-law rules would produce conflicting results, she takes no position on what state's law actually apply to her claims, and she cites no facts or evidence that suggests that any law other than Georgia law should apply.  Simply complaining about the Cook Defendants' explanation for the application of Georgia law is not enough to avoid its application.  Plaintiff offers no substantive legal or factual argument against the application of Georgia law, and cannot evade Georgia's statute of repose based on vague objections and straw man arguments.

## II. The Cook Defendants are Entitled to Dismissal of Plaintiff's Claims Based on Georgia's Statute of Repose

Assuming that the Court rejects Plaintiff's choice-of-law objections, Plaintiff Sales-Orr's pleadings establish as a matter of law that the Georgia statute of repose extinguished all of her claims before she commenced her action against the Cook Defendants.

US.111290014.06

First, Plaintiff does not dispute that Georgia's statute of repose bars her claims based on design defect, negligence, and negligence per se, and the Court should dismiss those counts of Plaintiff's complaint.

Second, Plaintiff asserts in a brief footnote on the final page of her response that her claims based on express warranty, implied warranty, and violations of consumer fraud statutes could not be barred by Georgia's statute of repose, but she offers no analysis or legal support for this assertion. If Plaintiff's argument is that her warranty claims are contract claims rather than tort claims and are therefore beyond the scope of section 51-1-11(b) (a position she never actually states), then her claims as pleaded are barred as a matter of law by the UCC's statute of limitations, which bars claims brought more than four years after tender of delivery of the product. *See* Ga. Code. Ann. § 11-2-725.[2] As to her claims based on alleged violations of a consumer fraud statute, Plaintiff has never even identified what statute(s) she claims the Cook Defendants violated, either in her Short Form Complaint, *see* Pl. Short Form Complaint ¶ 14, or in her response to the current motion. Given that she has not even identified the statute on which she bases her claim, she is hardly in a position to offer unsupported generalizations about that statute.

Finally, Plaintiff tries to preserve her failure-to-warn claim by asserting that Georgia's statute of repose "'does not apply to "failure to warn" claims.'" Pl. Resp. at 5-8 (quoting *Daniels v. Bucyrus-Erie Corp.*, 516 S.E.2d 848, 849 (Ga. Ct. App. 1999). As the Cook Defendants

---

[2] This section provides in relevant part:
    (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. …
    (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made….
Ga. Code. Ann. 11-2-725 (2015).

5

anticipated in their original motion, Plaintiff argues that the final sentence of section 51-1-11—noting a manufacturer's duty "to warn of a danger arising from use of a product once that danger becomes known to the manufacturer"—exempts all failure-to-warn claims from the statute of repose.  This exception, however, addresses a manufacturer's continuing *post*-sale duty to warn of newly discovered risks, not the presale duty at issue here.

Plaintiff's claims rely on allegations of the Cook Defendants' knowledge of risks before and at the time of the Plaintiff's implantation.  *See* Master Compl. (Case 1:14-ml-02570, Dkt. 213) ¶ 56 (claiming that "these risks and dangers were known or knowable at the times of distribution and implantation in Plaintiffs").  Such risks are fundamentally different in character to those that arise on the post-sale context based on new knowledge:  after the sale of a product, "the duty to warn arises 'once th[e] danger becomes known.'"  *Chrysler Corp. v. Batten*, 264 Ga. 723, 727 (Ga. 1994) (quoting section 51-1-11(c)).  Such a post-sale warning might well have an effect and prevent an injury, as in *Batten*, where the plaintiffs made a decision every day about whether and how to use the seat belt at issue.  The situation here is of course much different; the only decision at issue in the complaint, the decision to implant, is necessarily made based on the information available at the time, and a danger that "becomes known" only later cannot affect that decision.

Contrary to Plaintiff's argument, her quotation from *Watkins* on pages 5-6 of her response does not undercut this distinction; as the quotation itself makes clear, the *Watkins* court was addressing the relationship between a design defect claim and a failure-to-warn claim, *not* the distinction between a presale and a post-sale failure to warn.  Plaintiff cites no case that has applied section 51-1-11(c)'s exception to the statute of repose to a claim involving a *pre*-sale failure to warn of the type that Plaintiff alleges here.

6

Plaintiff also claims that her complaint, through the Master Complaint, actually alleges a post-sale duty to warn. *See* Pl. Resp. at 6. The Cook Defendants respectfully submit that the passages from the Master Complaint that Plaintiff quotes in support of these assertions cannot reasonably be read to assert a claim for breach of a post-sale duty to warn, particularly given the absence of any allegation concerning how the lack of a post-surgery warning could possibly cause injury. Nevertheless, should the Court conclude that the allegations of the Master Complaint are sufficient to allege a post-sale failure to warn, the Cook Defendants urge the Court to preserve *only* those claims, and to dismiss all of Plaintiff's claims for *pre*-sale failure to warn based on the statute of repose.

Finally, Plaintiff argues that she has alleged that the Cook Defendants' conduct was willful, reckless, and displayed a wanton disregard for human life, placing the claims outside the scope of Georgia's statute of repose. *See* Ga. Code Ann. 51-1-11(c). But as Plaintiff's citation to paragraphs 185-194 of the Master Complaint demonstrates, the only claim Plaintiff asserts that alleges such conduct is her punitive damages claim. None of Plaintiff's compensatory damages claims either claims or relies on such behavior, and the statute of repose therefore bars them.

Even if the Court were to rewrite the Master Complaint to incorporate the allegations of wanton and reckless conduct into claims in which they do not appear, the Cook Defendants would still be entitled to a ruling that the statute of repose bars all aspects of Plaintiff's negligence and strict liability claims that do not rely on wanton or reckless conduct. Put another way, even accepting Plaintiff's argument, Plaintiff would need to prove wanton or reckless conduct in order to recover under *any* of the theories she asserts.

## CONCLUSION

Ms. Sales-Orr filed her complaint in this litigation on October 4, 2016, more than 14 years after receiving her implantation. Georgia's 10-year statute of repose bars her action. The Cook Defendants therefore urge the Court to grant their motion and to dismiss with prejudice all claims by plaintiff Annette Sales-Orr.

Dated: May 1, 2017					Respectfully submitted,

/s/ John T. Schlafer
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-mail:  joe.tanner@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 1, 2017, a copy of the foregoing COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

                /s/ John T. Schlafer

US.111290014.06