IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Action only:

    Michael and Jeri Dayle Fox, No. 1:17-CV-0025

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE**

The Cook Defendants urge the Court to grant its motion dismiss all of Plaintiff Michael Fox's claims[1] on the ground that he failed to commence his action within the period required by Georgia's statute of repose.

**I.  The Cook Defendants are Entitled to Dismissal of Plaintiff's Claims Based on Georgia's Statute of Repose**

Plaintiff Fox's pleadings establish as a matter of law that the Georgia statute of repose extinguished all of his claims before he commenced his action against the Cook Defendants.

Plaintiff tries to preserve his failure-to-warn claim by asserting that Georgia's statute of repose does not apply to "failure to warn" claims. Pl. Resp. at 2 (quoting *Chrysler Corp. v. Batten*, 450 S.E.2d 208, 264 (Ga. 1994). As the Cook Defendants anticipated in their original motion, Plaintiff argues that the final sentence of section 51-1-11—noting a manufacturer's duty "to warn of a danger arising from use of a product once that danger becomes known to the

---

[1] Although Jeri Dayle Fox is a co-plaintiff, her only claim is for loss of consortium, and that claim stands or fall with the claim of her husband Michael. See Short Form Complaint ¶ 2 and Count VIII. Plaintiff's response does not suggest otherwise.

manufacturer"—exempts all failure-to-warn claims from the statute of repose.  This exception, however, addresses a manufacturer's continuing *post*-sale duty to warn of newly discovered risks, not the presale duty at issue here.

Plaintiff's claims rely on allegations of the Cook Defendants' knowledge of risks before and at the time of the Plaintiff's implantation.  *See* Master Compl. (Case 1:14-ml-02570, Dkt. 213) ¶ 56 (claiming that "these risks and dangers were known or knowable at the times of distribution and implantation in Plaintiffs").  Such risks are fundamentally different in character to those that arise on the post-sale context based on new knowledge:  after the sale of a product, "the duty to warn arises 'once th[e] danger becomes known.'"  *Chrysler Corp. v. Batten*, 264 Ga. 723, 727 (Ga. 1994) (quoting section 51-1-11(c)).  Such a post-sale warning might well have an effect and prevent an injury, as in *Batten*, where the plaintiffs made a decision every day about whether and how to use the seat belt at issue.  The situation here is of course much different; the only decision at issue in the complaint, the decision to implant, is necessarily made based on the information available at the time, and a danger that "becomes known" only later cannot affect that decision.
Plaintiff cites no case that has applied section 51-1-11(c)'s exception to the statute of repose to a claim involving a *pre*-sale failure to warn of the type that Plaintiff alleges here.

Plaintiff does not argue that he is asserting a claim based on any alleged post-sale duty to warn by the Cook Defendants.  Moreover, even if he were and his argument were correct, it would save only his failure-to-warn claim; nothing in his argument prevents the application of the statute of repose to the remainder of Plaintiff's claims.

Plaintiff also argues that because he has alleged that the Cook Defendants' conduct was willful, reckless, and displayed a wanton disregard for human life, all of his claims  fall outside

the scope of the stature of repose.  Pl. Resp. at 3-4 (citing Ga. Code Ann. 51-1-11(c)).  But according to his Short Form Complaint and the Master Complaint, the only claim Plaintiff asserts that alleges such willful or reckless conduct is his punitive damages claim.  *See* Master Compl. ¶¶ 185-194.  Plaintiff's compensatory damages claims neither claim nor rely on such behavior, and the statute of repose therefore bars them.  Even if the Court were to rewrite the Master Complaint to incorporate the allegations of wanton and reckless conduct into claims in which they do not appear, the Cook Defendants would still be entitled to a ruling that the statute of repose bars all aspects of Plaintiff's claims that do not rely on wanton or reckless conduct.  Put another way, even accepting Plaintiff's argument, Plaintiff would need to prove wanton or reckless conduct in order to recover under *any* of the theories he asserts.

Plaintiff's inclusion with his response of various exhibits that he claims show the Cook Defendants' supposed "disregard for life" does nothing to alter the outcome of this motion, and they do not convert the motion to one for summary judgement.  This is a motion to dismiss, and the Court's focus is on the legal sufficiency of Plaintiff's allegations, not the character of his evidence.

## CONCLUSION

Mr. Fox filed his complaint in this litigation on January 30, 2017, and thus commenced his action against Defendants over 10 years and three months after receiving his implantation.  Georgia's 10-year statute of repose bars his action, and the Cook Defendants therefore urge the Court to grant their motion and to dismiss with prejudice all claims by Plaintiff Michael Fox.

Dated: May 1, 2017

Respectfully submitted,

/s/ John T. Schlafer
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-Mail: andrea.pierson@faegrebd.com
E-mail: joe.tanner@faegrebd.com
E-Mail: john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2017, a copy of the foregoing COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ John T. Schlafer