IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to the Following Actions only:

    William Ivy, No. 1:16-cv-03319
    Betty Johnson, No. 1:17-cv-00488

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE**

    The Cook Defendants urge the Court to grant their motion dismiss all of Plaintiffs William Ivy's and Betty Johnson's claims on the ground that both failed to commence their actions within the period required by the Tennessee statute of repose. Because Plaintiffs' response offers no arguments specific to either individual Plaintiff, this reply will deal with all of Plaintiffs' arguments together.

    As an initial matter, Plaintiffs' argument that Cook's Motion to Dismiss is somehow premature is in error. Neither the filing nor the resolution of a motion to dismiss requires the completion of discovery; on the contrary, the very purpose of the motion is to test the *legal* sufficiency of a plaintiff's pleading, and if possible prevent wasteful and unnecessary discovery. Nothing in the Court's Case Management Orders bars such motions, and such motions serve both the Court's and the parties' interests by ensuring that cases filed in the MDL at least meet basic pleading requirements. The Court's work on these motions will save it work in the future, and Plaintiffs' counsel must recognize that the Cook Defendants and this Court take seriously

Plaintiffs' counsels' obligation to properly review cases—including compliance with the applicable statutes of repose—before filing them in this MDL.

I. **Plaintiffs offers no legal or factual basis for the Court to apply the law of any state other than Tennessee, where both live and both allege their surgeries and injuries occurred.**

Plaintiffs devote most of their brief to constructing an elaborate straw-man argument, suggesting that the Cook Defendants have not adequately addressed the issue of conflict of law and have not justified the application of the law of Tennessee, where (according to Plaintiff himself) all of the events surrounding his use of Cook filters occurred. The Cook Defendants addressed the choice-of-law issue only briefly in their original motion because they saw no indication that different states' choice-of-law rules would actually product conflicting results. These cases involves Tennessee residents asserting claims of injuries suffered in Tennessee based on surgeries performed in Tennessee; the application of Tennessee law to Plaintiffs' claims is not controversial.

Plaintiffs' response tries to gloss over this obvious conclusion, but two significant omissions demonstrate the flaws in his argument. First, Plaintiffs do not argue that applying Indiana[1] instead of Tennessee choice-of-law rules to their claims would *actually* produce any conflict; in other words, Plaintiffs do not claim that the application of any of these states' choice-of-law rules would result in anything other than the application of Tennessee law. Second, Plaintiffs neither posit nor document the existence of any facts that would suggest the application of any state's law other than Tennessee's, regardless of what state's choice-of-law standard applies.

Although Plaintiffs complain about a supposed lack of an adequate conflict-of-law

---

[1] Indiana is the only state's choice of law rules that Plaintiff suggests as an alternative to Tennessee's. See Pl. Resp. at 4.

2

analysis, they never suggest (much less demonstrate) that the choice-of-law rules they cite actually *conflict*.  The threshold requirement for a conflict-of-law analysis is of course a conclusion that the different state laws at issue *actually* conflict in the context presented, i.e., that their applications will produce different results.  *See, e.g., Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004) ("As a preliminary matter, the court must determine whether the differences between the laws of the states are 'important enough to affect the outcome of the litigation'" (quoting *Hubbard Manufacturing Co. v. Greeson,* 515 N.E.2d 1071, 1073 (Ind. 1987))); *Hataway v. McKinley*, 830 So.2d 53, 55 (Tenn. 1992) ("The first issue we address on this appeal is whether there is a conflict between Arkansas and Tennessee law").

  Here, although Plaintiffs correctly note that the choice-of-law rules of Tennessee and Indiana differ in certain respects, Plaintiffs identify no conflict among the outcomes of applying the choice-of-law rules of each of those states to their claims.  This is understandable because, based on the facts, no difference exists.  Tennessee has adopted the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws §§ 6, 145, 146, and 175 (1971), under which the court will apply the substantive law of the state that, "with respect to that issue, has the most significant relationship to the occurrence and the parties."  *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992) (quoting Restatement section 145).   Indiana presumptively applies the *lex loci delecti* approach to choice of law in tort cases, applying the law of the state where the tort was committed, except where the place of the tort bears little relation to the action.  *See Simon v. United States*, 805 N.E.2d 798, 804–05 (Ind. 2004).

  Under either of these standards, a court addressing a Tennessee resident claiming injuries in Tennessee from a Tennessee surgery would apply Tennessee law.  Thus, even though the two states apply different choice-of-law standards, the outcome in the present cases are the same

under both standards. No conflict of law exists and no further analysis is necessary. Plaintiffs' response does not even *suggest* that the application of the different states' choice-of-law standards would require the application of different states' substantive laws to Plaintiffs' claims. Absent a conflict of laws to resolve, Plaintiffs' grumbling about the Cook Defendants' conflict-of-law analysis is moot and irrelevant.

Second, even assuming for the sake of argument that Plaintiffs had identified a *theoretical* conflict in result depending on which state's choice-of-law rule is applied, Plaintiffs offers no evidence that would support a conclusion under any of these standards that the Court should apply the law of any state other than Tennessee. According to their own short-form complaints, Plaintiffs are presently residents of Tennessee and were residents of Tennessee at the time of both their implantations and their claimed injuries. *See* Pl. Short Form Complaint ¶¶ 4-6 (Dkt. 1, No. 1:16-cv-03319; Pl. Short Form Complaint ¶¶ 4-6, No. 1:17-cv-00488. Plaintiffs are clearly in much better positions than the Cook Defendants to identify and to offer the Court any facts that might support the application of some law other than Tennessee's to their claims, but they have not even tried to do so. The only logical inference is that they cannot.

The emptiness of Plaintiffs' choice-of-law argument is also plain from their failure to take any position on any of the substantive legal and factual issues concerning choice of law. They complain that the Cook Defendants did not adequately analyze the choice-of-law issue, yet they provide no basis to conclude that any missing analysis matters. Plaintiffs offer no argument that the application of the different states' choice-of-law rules would produce conflicting results, they take no position on what state's law actually apply to their claims, and they cite no facts or evidence that suggests that any law other than Tennessee law should apply. Simply complaining about the Cook Defendants' explanation for the application of Tennessee law is not enough to

4

avoid its application. Plaintiffs offer no substantive legal or factual argument against the application of Tennessee law, and cannot evade Tennessee's statute of repose based on vague objections and straw man arguments.

## II. The Cook Defendants are Entitled to Dismissal of Plaintiffs' Claims Based on Tennessee's Statute of Repose

Assuming the Court rejects Plaintiffs' choice-of-law objections, Plaintiff Ivy's and Plaintiff Johnson's pleadings establish as a matter of law that the Tennessee statute of repose extinguished all of their claims before they commenced their respective actions against the Cook Defendants.

Plaintiffs do not dispute the timing of their injuries or their filings, and do not dispute that they did not commence their actions within 10 years of purchase as required by Tennessee's statute of repose. *See* Tenn. Code. Ann. § 29-28-103(a). Instead, Plaintiffs offer the puzzling argument that because they assert claims based on a post-sale duty to warn, the statute of repose does not apply to any of their claims. *See* Pl. Resp. at 6. Plaintiffs cite no Tennessee authority supporting the existence of such an exception to the statute of repose, and the Cook Defendants know of none. This argument may be a carryover connected to Plaintiffs' verbatim incorporation in their response of a lengthy section from Plaintiff Annette Sales-Orr's response to the Cook Defendants' motion to dismiss her claims based on the Georgia statute of repose. *See* Dkt. 4427. But the Georgia statute at least has a provision relating to failure-to-warn claims to which Plaintiff Sales-Orr could point in arguing for the exception. *See* Ga. Code Ann. 51-1-11(c). Tennessee has no similar provision, and Plaintiffs' argument lacks any legal support.

## III. Tennessee's Statute of Repose Does Not Violate the Equal Protection Clause.

Plaintiffs' constitutional challenge to the Tennessee statute of repose also fails. *See* Pl. Resp. at 5-8. The asbestos and silicone breast implant exceptions to the Tennessee Products

5

Liability Act statute of repose do not violate Plaintiffs' equal protection rights under the United States or Tennessee constitutions.[2]  These provisions have withstood multiple constitutional attacks almost identical to Plaintiffs' challenge here, and each time the court has upheld the exceptions, finding a rational basis for the classifications.  Plaintiffs have failed to meet their burden of showing that the absence of a rational basis for classifying asbestos and silicone breast implant claims differently from Cook Filter claims, and application of the statute here does not violate Plaintiffs' equal protection rights.

The Tennessee statute of repose expressly provides that the time limits in the statute "shall not apply to any action resulting from exposure to asbestos or to the human implantation of silicone gel breast implants." Tenn. Code. Ann. § 29-28-103(b).  Because this exception to the statute does not implicate a fundamental right or suspect class, as Plaintiffs correctly note, the Court reviews their equal protection claim under the rational-basis standard.  A rational basis "inquiry employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one." *Kochins v. Linden-Alimak, Inc*., 799 F.2d 1128, 1136 (6th Cir. 1986) (quoting *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, (1976)).  Under this test, a classification in a statute does not violate equal protection "if any state of facts reasonably may be conceived to justify it." *Spence v. Miles Laboratories, Inc.*, 810 F. Supp. 952, 961 (E.D.

---

[2] Plaintiff claims the TPLA statute of repose violate his equal protection rights under both the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. *See* U.S. Const. amend. XIV, § 1; Tenn. Const. art. XI, § 8. Tennessee courts employ an equal protection analysis under Article XI, Section 8 of the Tennessee Constitution that is nearly identical to the equal protection analysis under the federal Constitution. *See King-Bradwall Partnership v. Johnson Controls, Inc*., 865 S.W.2d 18, 21 (Tenn.Ct.App.1993) ("[T]he Supreme Court of Tennessee has adopted a virtually identical equal protection standard or analysis under Article XI, Section 8 of the Tennessee Constitution.").  Plaintiff does not argue any difference between the state and federal constitutional standards.

Tenn. 1992) (quoting *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, (1970)). If the classification has a rational basis, "it is not unconstitutional merely because it results in some inequality." *Kochins*, 799 F.2d at 1136.  The party challenging the classification carries the heavy burden of showing that the law has no rational basis and is clearly arbitrary.  *Wyatt v. A-Best Products Co.,* 924 S.W.2d 98, 106 (Tenn. Ct. App. 1995).

In equal protection challenges nearly identical to Plaintiffs' challenge, courts have repeatedly upheld the exceptions to the Tennessee statute of repose under the rational-basis standard.  *See Wayne v. TVA,* 730 F.2d. 392, 404 (5th Cir. 1984) (holding statute-of-repose does not violate equal protection by excepting asbestos-related injuries but including phosphate-slag-related injuries); *Spence,* 810 F. Supp. at 963 (holding statute of repose does not violate equal protection by its different treatment of injuries from asbestos exposure and exposure to HIV-contaminated blood products); *Kochins*, 799 F.2d at 1138 (holding asbestos exception to statute of repose satisfies rational-basis review); *Carter v. R.J. Reynolds Tobacco Co.,* 2000 WL 52806 (Tenn. Ct. App. Jan. 11, 2000) (refusing to apply the statute's exceptions to cigarette-related injuries); *Pottratz v. Davis*, 588 F. Supp. 949, 956 (D. Md. 1984) (stating that given over 3000 different products in daily use containing asbestos, "it can hardly be said that there is no rational justification for the [] legislature's decision to treat asbestos claims differently from" intra-uterine contraceptive device claims).

Plaintiffs cite to *Wyatt* to support their argument that a general exemption for all latent injury claims would more effectively serve the Tennessee legislature's intended purpose, but the *Wyatt* court's holding does not support Plaintiffs' claim of constitutional entitlement to uniform treatment under the statute.  *Wyatt*, 924 S.W.2d at 105.  In *Wyatt,* the plaintiff argued that the asbestos exemption unfairly singled out asbestos-related injuries from other injuries that also

manifested symptoms only after a prolonged period of latency. *Id*. Applying the rational-basis standard, the court refused to find "that the [Tennessee] General Assembly's decision to classify asbestos-related claims differently from other latent-injury claims [was] so patently arbitrary as lacking any rational basis." *Id*. Likewise here, the claimed similarity between Plaintiffs' filter-based claims and asbestos and silicone-breast-implant claims does not establish that the statutory classification has no rational basis or is completely arbitrary. On the contrary, "[i]t is no requirement of equal protection that all evils of the same genus be eradicated or none at all." *Id*. at 106 *(*quoting *Railway Express Agency v. People of New York,* 336 U.S. 106, 110, 69 S.Ct. 463, 466 (1948)).

      Plaintiffs' conclusory statements about the Tennessee legislature's "true intent" are misplaced. Whether the purpose of the exceptions to the statute would have been better served by a broader exception that included claims like those Plaintiffs assert here is not the standard for this Court's equal protection review. *Carter*, 2000 WL 52806, at *5. Plaintiffs essentially ask this Court to do one of two things: 1) strike the exceptions from the statute; or 2) reject the judgment of the Tennessee legislature and graft onto the statute a broader exemption that includes Plaintiffs' claims. Neither of these actions is permissible. The Tennessee legislature declined to create additional exceptions to the statute of repose for other injuries with long latency periods, and "[t]his Court lacks the power to insert in the statute [] such an [additional] exception." *Mathis v. Eli Lilly and Co.,* 577 F. Supp. 35, 37 (E.D. Tenn. 1981). "It is the role of the legislature, not this Court, to pass on the wisdom of the [statute's] purpose." *Spence*, 810 F. Supp. at 963; *see also Wyatt*, 924 S.W.2d at 10 ("We are not so quick to substitute our judgment for the legislature's on this matter").

8

US.111310236.05

In sum, Plaintiffs have failed to establish that no reasonably conceivable set of facts can justify the classification of asbestos and silicone breast implant-related injuries under the statute. *Kochins*, 799 F.2d at 1136.  As discussed above, courts have routinely upheld the exceptions to the statute and found a rational basis for the classification, and this Court should do likewise.

## CONCLUSION

Mr. Ivy filed his complaint in this litigation on December 8, 2016, and thus commenced his action against Defendants over 12 years and three months after receiving his implantation. Ms. Johnson filed her complaint in this litigation on February 15, 2017, and thus commenced her action against Defendants over 12 years after receiving her implantation. Tennessee's 10-year statute of repose bars their actions, and the Cook Defendants urge the Court to grant their motion and to dismiss with prejudice all Plaintiffs' claims.

Dated: May 1, 2017

Respectfully submitted,

/s/ John T. Schlafer
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-mail:   joe.tanner@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 1, 2017, a copy of the foregoing COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

                                                  /s/ John T. Schlafer

US.111310236.05