IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                        MDL No. 2570
_____

This Document Relates to the Following Action only:

    Emilie Apple, No. 1:16-cv-03244

_____

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE**

    The Cook Defendants urge the Court to grant its motion dismiss all of Plaintiff Emilie Apple's claims on the ground that she failed to commence her action within the period required by the Texas statute of repose.

**The Cook Defendants are Entitled to Dismissal of Plaintiff's Claims Based on Texas's Statute of Repose**

    Plaintiff Apple's pleadings establish as a matter of law that the Texas statute of repose extinguished all of her claims before she commenced her action against the Cook Defendants. Plaintiff does not dispute the relevant dates of Cook's sale of the filter at issue or her commencement of this action, and the two legal arguments she raises lack sufficient support to avoid the statute of repose.

    First, Plaintiff argues that her claim based on a breach of express warranty falls within the following exception to the Texas statute of repose:

> If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action against that manufacturer or seller of the product before the end of

1

>   the number of years warranted after the date of the sale of the product by that seller.

Tex. Code. Ann. § 16.012(c).  Plaintiff does not claim that her pleadings allege that the Cook Defendants expressly warranted that her IVC filter had a useful life of longer than 15 years.  Instead, she has instead attached to her response two documents that she claims support such a claim.  As an initial matter, Cook notes that this evidence is not incorporated into Plaintiff's complaint and should not be used in deciding this Motion for Judgment on the Pleadings.  Regardless, Plaintiff's evidence does not in fact support Plaintiffs' claim, and Plaintiff cannot avoid the statute of repose on her express warranty claim.

Under Texas law, a plaintiff claiming the breach of an express warranty concerning a product must allege and establish six elements:

> In order to recover for the breach of an express warranty, a plaintiff must prove:
> (1) an express affirmation of fact or promise by the seller relating to the goods;
> (2) that such affirmation of fact or promise became a part of the basis of the bargain;
> (3) that the plaintiff relied upon said affirmation of fact or promise;
> (4) that the goods failed to comply with the affirmations of fact or promise;
> (5) that the plaintiff was injured by such failure of the product to comply with the express warranty;  and
> (6) that such failure was the proximate cause of plaintiff's injury.

*Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex. App. 1987) (citing *General Supply & Equipment Co., Inc. v. Phillips*, 490 S.W.2d 913, 917 (Tex. Civ. App. 1972 and Tex. Bus. & Com. Code Ann. sec. 2.313 (Vernon 1968)).  Plaintiff's allegations and the evidence she submits to support them fail to meet at least two of these elements.

Plaintiff first attempts to meet the express warranty elements of affirmation and reliance by arguing that she was told during her surgery "that the implant was permanent with no long-term side effects."  Pl. Resp. at 3.  Specifically, Ms. Apple's affidavit states:

2

> Because of the extent of the blood clots in my veins, I was treated with overnight venous thrombolysis and the Cook Gunther Tulip IVC filter was placed after discussing the procedure and the associated risks, during which I was told that the device was permanent, with no long term side effects.

Apple Aff. At 1-2 (Case 1:14-ml-02570-RLY-TAB, Document 4440-2). Plaintiff does not state *who* made these statements to her, and in particular does not claim that either the Cook Defendants or anyone acting on their behalf made these statements. Indeed, given the emergent situation Plaintiff described in her affidavit, the presence of any Cook Defendant or representative at Plaintiffs' medical consultation seems highly unlikely. Plaintiff has thus failed to allege that any Cook Defendant made any "express affirmation of fact or promise" to her relating to the Cook Filter or that she relied on any such statement. *Morris*, 735 S.W.2d at 587. Plaintiff cannot sustain an express warranty claim against the Cook Defendants based on the allegation of a representation or promise by some unknown and unrelated third party on which she did not rely.

Plaintiff also argues that the Cook Defendants made express warranties in the Gunther Tulip Vena Cava Filter Patient Guide, quoting passages concerning possible use of the filter as a "permanent" device. *See* Pl. Resp. at 3-4 (quoting Patient Guide at 6 (Dkt. 4440-3)). This argument faces two problems. First, it is misleading because it removes the quoted passages from their context in the Patient Guide. Read in its entirety, this section of Guide makes clear that risks, although rare, do exist, and the a patient wishing to remove the filter may have a limited time to do so. The full text of the section on which Plaintiff relies reads:

> The Gunther Tulip™ Vena Cava Filter is often used as a permanently implanted device. Patients ore able to lead a normal, active lifestyle, and rarely have complications from having the filter implanted. The Gunther Tulip™ Vena Cava Filter may also be removed if your risk of pulmonary embolism has diminished. However, there is a limited amount of time that the filter can be implanted if it is to be safely removed. Please consult with your physician to see if he or she plans

3

>to retrieve the filter or leave it in. Remember. the Gunther Tulip™ Vena Cava Filter is safe and effective as either a permanent or temporary device.

Pl. Resp. Exh. B at 6 (Dkt. 4440-3).  The Cook Defendants respectfully submit that no fair reading of this passage could create a reasonable inference that the Cook Defendants were "expressly warrant[ing] in writing that the product has a useful safe life of longer than 15 years."

Second, even assuming that the language Plaintiff quotes could reasonably be read to create an express warranty that the filter would not fail for more than 15 years, Plaintiff still fails to allege the reliance element of an express warranty claim because she does not claim that she actually read or relied on the Guide's language.  The express warranty claim in the Master Complaint that Plaintiff has incorporated does not claim that she relied on any warranty by the Cook Defendants, *see* Master Complaint ¶¶ 93-99, and Plaintiff's affidavit does not even assert that she read the Guide before her surgery, much less that she relied on the Guide rather than her own doctors' recommendations.  As noted above, a claim of breach of an express warranty requires the Plaintiff to allege and prove that she "relied upon said affirmation of fact or promise." *Morris*, 735 S.W.2d at 587.  Absent either an allegation or evidence of reliance here, Plaintiff cannot rely on the supposed express warranty exception to the Texas statute of repose.

Plaintiff's final two arguments make no sense under Texas law.  First, Plaintiff claims that she has asserted a post-sale duty to warn, but cites no Texas authority and does not explain how or why such a claim of post-sale failure to warn supposedly affects the operation of the Texas statute of repose.  *See* Pl. Resp. at 4.  Second, Plaintiff asserts that the Cook Defendants' conduct demonstrated a "disregard for life," but again cites no Texas authority and fails to explain how or why the character of that conduct supposedly affects the operation of the statute of repose.  *See id.* at 4-5.  These arguments may be inadvertent imports of arguments or fragments of arguments from Plaintiff Annette Sales-Orr's response to the Cook Defendants'

motion to dismiss her claims based on the Georgia statute of repose. *See* Dkt. 4427. Plaintiff Sales-Orr's response presented arguments based on exceptions to the Georgia statute of repose concerning certain failure-to-warn claims and claims based on willful or reckless behavior. *See id.* at 5-7. In any event, the Texas statute of repose has no such exceptions, and Plaintiff does not claim otherwise. Neither of these arguments permits Plaintiff to evade the Texas statute of repose.

## CONCLUSION

Ms. Apple filed her complaint in this litigation on November 30, 2016, and thus commenced her action against Defendants more than 15 years after receiving her implantation, and over three months after the expiration of the statute of repose. Texas's 15-year statute of repose bars her action. *See Burlington Northern v. Gunderson, Inc.*, 235 S.W.3d 287 (Tex. App. 2007) (affirming summary judgment based on statute of repose where suit was commenced 16 years after delivery of product). The Cook Defendants urge the Court to grant their motion and to dismiss with prejudice all claims by plaintiff Emilie Apple.

Dated: May 1, 2017       Respectfully submitted,

/s/ John T. Schlafer
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017, a copy of the foregoing COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ John T. Schlafer

US.111327547.04