IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                            MDL No. 2570
_____

This Document Relates to the Following Action only:

    Timothy Henderson, No. 1:17-cv-00368

_____

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE**

    The Cook Defendants urge the Court to grant its motion dismiss all of Plaintiff Timothy Henderson's claims on the ground that he failed to commence his action within the period required by the Tennessee statute of repose.

**I.     Plaintiff offers no legal or factual basis for the Court to apply the law of any state other than Tennessee, where he lives and where he alleges both his surgery and his injury occurred.**

    Plaintiff devotes most of his brief to constructing an elaborate straw-man argument, suggesting that the Cook Defendants have not adequately addressed the issue of conflict of law and have not justified the application of the law of Tennessee, where (according to Plaintiff himself) all of the events surrounding his use of a Cook filter occurred. The Cook Defendants addressed the choice-of-law issue only briefly in their original motion because they saw no indication that different states' choice-of-law rules would actually produce conflicting results. This case involves a Tennessee resident asserting claims of injuries suffered in Tennessee based on surgery performed in Tennessee; the application of Tennessee law to Plaintiff's claim is not

controversial.

Plaintiff's response tries to gloss over this obvious conclusion, but two significant omissions demonstrate the flaws in his argument. First, Plaintiff does not argue that applying Indiana[1] instead of Tennessee choice-of-law rules to his claims would *actually* produce any conflict; in other words, Plaintiff does not claim that the application of any of these states' choice-of-law rules would result in anything other than the application of Tennessee law. Second, Plaintiff neither posits nor documents the existence of any facts that would suggest the application of any state's law other than Tennessee's, regardless of what state's choice-of-law standard applies.

Although Plaintiff complains about the lack of an adequate conflict-of-law analysis, he never suggests (much less demonstrates) that the choice-of-law rules he cites actually *conflict*. The threshold requirement for a conflict-of-law analysis is of course a conclusion that the different state laws at issue *actually* conflict in the context presented, i.e., that their applications will produce different results. *See, e.g., Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004) ("As a preliminary matter, the court must determine whether the differences between the laws of the states are 'important enough to affect the outcome of the litigation'" (quoting *Hubbard Manufacturing Co. v. Greeson,* 515 N.E.2d 1071, 1073 (Ind. 1987))); *Hataway v. McKinley*, 830 So.2d 53, 55 (Tenn. 1992) ("The first issue we address on this appeal is whether there is a conflict between Arkansas and Tennessee law").

Here, although Plaintiff correctly notes that the choice-of-law rules of Tennessee and Indiana differ in certain respects, he identifies no conflict between the outcomes of applying the choice-of-law rules of each of those states to his claims. Tennessee has adopted the "most

---

[1] Indiana is the only state's choice of law rules that Plaintiff suggests as an alternative to Tennessee's. See Pl. Resp. at 4.

significant relationship" approach of the Restatement (Second) of Conflict of Laws §§ 6, 145, 146, and 175 (1971), under which the court will apply the substantive law of the state that, "with respect to that issue, has the most significant relationship to the occurrence and the parties." *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992) (quoting Restatement section 145). Indiana presumptively applies the *lex loci delecti* approach to choice of law in tort cases, applying the law of the state where the tort was committed, except where the place of the tort bears little relation to the action. *See Simon v. United States*, 805 N.E.2d 798, 804–05 (Ind. 2004).

Under either of these standards, a court addressing a Tennessee resident claiming injuries in Tennessee from a Tennessee surgery would undeniably apply Tennessee law. Thus, even though the two states apply different choice-of-law standards, the outcome in the present case is the same under both standards. No conflict of law exists and no further analysis is necessary. Plaintiff's response does not even *suggest* that the application of the different states' choice-of-law standards would require the application of different states' substantive laws to Plaintiff's claims. Absent a conflict of laws to resolve, Plaintiff's grumbling about the Cook Defendants' conflict-of-law analysis is moot and irrelevant.

Second, even assuming for the sake of argument that Plaintiff had identified a *theoretical* conflict in result depending on which state's choice-of-law rule is applied, Plaintiff offers no evidence that would support any conclusion under any of these standards that the Court should apply the law of any state other than Tennessee. According to his own short-form complaint— the relevant pleading on this motion to dismiss—Plaintiff is presently a resident of Tennessee and was a resident of Tennessee at the time of both his implantation and his claimed injuries. *See* Pl. Short Form Complaint ¶¶ 4-6 (Dkt. 1, No. 1:17-cv-00368). Plaintiff is clearly in a much

3

better position than the Cook Defendants to identify and to offer the Court any facts that might support the application of some law other than Tennessee's to his claims, but he has not even tried to do so. The only logical inference is that he cannot.

The emptiness of Plaintiff's choice-of-law argument is also plain from his failure to discuss any of the substantive legal and factual issues concerning choice of law. He complains that the Cook Defendants did not adequately analyze the choice-of-law issue, yet he provides no basis to conclude that any missing analysis matters. Plaintiff offers no argument that the application of the different states' choice-of-law rules would produce conflicting results, he takes no position on what state's law actually apply to his claims, and he cites no facts or evidence that suggests that any law other than Tennessee law should apply. Simply complaining about the Cook Defendants' explanation for the application of Tennessee law is not enough to avoid its application. Plaintiff offers no substantive legal or factual argument against the application of Tennessee law, and cannot evade Tennessee's statute of repose based on vague objections and straw man arguments.

## II. The Cook Defendants are Entitled to Dismissal of Plaintiff's Claims Based on Tennessee's Statute of Repose

Assuming the Court rejects Plaintiff's choice-of-law objections, Plaintiff Henderson's pleadings establish as a matter of law that the Tennessee statute of repose extinguished all of his claims before he commenced his action against the Cook Defendants.

Plaintiff does not dispute the timing of his injuries or his filings, and does not dispute that he did not commence his action within 10 years of purchase as required by Tennessee's statute of repose. *See* Tenn. Code. Ann. § 29-28-103(a). Instead, Plaintiff offers the puzzling argument that because he asserts a claim based on a post-sale duty to warn, the statute of repose does not apply to any of his claims. *See* Pl. Resp. at 4-5. But Plaintiff cites no Tennessee authority

4

supporting such an exception, and the Cook Defendants know of none.  This argument may be a carryover, resulting from Plaintiff's near-verbatim incorporation in his response of a lengthy section from Plaintiff Annette Sales-Orr's response to the Cook Defendants' motion to dismiss her claims based on the Georgia statute of repose.  *See* Dkt. 4427.  The Georgia statute at issue in *Sales-Orr* least has a provision relating to failure-to-warn claims to which that Plaintiff could point.  *See* Ga. Code Ann. 51-1-11(c).  Tennessee has no similar provision, and Plaintiff's argument lacks any legal support.

Finally, Plaintiff argues that that statute of repose does not apply to his claims based on negligence, negligence per se, breach of express warranty, breach of implied warranty, or consumer protection theories because those claims are not "product liability actions" and thus are not within the scope of the statute.  See Pl. Resp. at 6.  Plaintiff cites no legal authority in support of this argument, and in fact Tennessee law states just the opposite.  Tennessee law broadly and expressly defines any claim based on personal injury related to a product—like Mr. Henderson's claims here—as a "product liability action," regardless of the theory of the claim:

> "Product liability action" for purposes of this chapter includes all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. "Product liability action" includes, but is not limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever…

Tenn. Stat. 29-28-102(6).  Mr. Henderson's claims are product liability claims, and Tennessee's statute of repose bars them.

**III.     Tennessee's Statute of Repose Does Not Violate the Equal Protection Clause.**

Plaintiff's constitutional challenge to the Tennessee statute of repose also fails. *See* Pl. Resp. at 5-8. The asbestos and silicone breast implant exceptions to the Tennessee Products Liability Act statute of repose do not violate Plaintiff's equal protection rights under the United States or Tennessee constitutions.[2] These provisions have withstood multiple constitutional attacks almost identical to Plaintiff's challenge here, and each time the court has upheld the exceptions, finding a rational basis for the classifications. Plaintiff has failed to meet his burden of showing that the absence of a rational basis for classifying asbestos and silicone breast implant claims differently from Cook Filter claims, and application of the statute here does not violate Plaintiff's equal protection rights.

The Tennessee statute of repose expressly provides that the time limits in the statute "shall not apply to any action resulting from exposure to asbestos or to the human implantation of silicone gel breast implants." Tenn. Code. Ann. § 29-28-103(b). Because this exception to the statute does not implicate a fundamental right or suspect class, as Plaintiff correctly notes, the Court reviews his equal protection objection under the rational-basis standard. A rational basis "inquiry employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1136 (6th Cir. 1986) (quoting *Massachusetts Board of*

---

[2] Plaintiff claims the TPLA statute of repose violate his equal protection rights under both the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. *See* U.S. Const. amend. XIV, § 1; Tenn. Const. art. XI, § 8. Tennessee courts employ an equal protection analysis under Article XI, Section 8 of the Tennessee Constitution that is nearly identical to the equal protection analysis under the federal Constitution. *See King-Bradwall Partnership v. Johnson Controls, Inc.*, 865 S.W.2d 18, 21 (Tenn.Ct.App.1993) ("[T]he Supreme Court of Tennessee has adopted a virtually identical equal protection standard or analysis under Article XI, Section 8 of the Tennessee Constitution."). Plaintiff does not argue any difference between the state and federal constitutional standards.

*Retirement v. Murgia*, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, (1976)). Under this test, a classification in a statute does not violate equal protection "if any state of facts reasonably may be conceived to justify it." *Spence v. Miles Laboratories, Inc.*, 810 F. Supp. 952, 961 (E.D. Tenn. 1992) (quoting *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, (1970)). If the classification has a rational basis, "it is not unconstitutional merely because it results in some inequality." *Kochins*, 799 F.2d at 1136. The party challenging the classification carries the heavy burden of showing that the law has no rational basis and is clearly arbitrary. *Wyatt v. A-Best Products Co.,* 924 S.W.2d 98, 106 (Tenn. Ct. App. 1995).

In multiple equal protection challenges nearly identical to Plaintiff's challenge, courts have repeatedly upheld the exceptions to the Tennessee statute of repose under the rational-basis standard. *See Wayne v. TVA,* 730 F.2d. 392, 404 (5th Cir. 1984) (holding statute-of-repose does not violate equal protection by excepting asbestos-related injuries but including phosphate-slag-related injuries); *Spence,* 810 F. Supp. at 963 (holding statute of repose does not violate equal protection by its different treatment of injuries from asbestos exposure and exposure to HIV-contaminated blood products); *Kochins*, 799 F.2d at 1138 (holding asbestos exception to statute of repose satisfies rational-basis review); *Carter v. R.J. Reynolds Tobacco Co.,* 2000 WL 52806 (Tenn. Ct. App. Jan. 11, 2000) (refusing to apply the statute's exceptions to cigarette-related injuries); *Pottratz v. Davis*, 588 F. Supp. 949, 956 (D. Md. 1984) (stating that given over 3000 different products in daily use containing asbestos, "it can hardly be said that there is no rational justification for the [] legislature's decision to treat asbestos claims differently from" intra-uterine contraceptive device claims).

Plaintiff cites to *Wyatt* to try to support his argument that a general exemption for all latent injury claims would more effectively serve the Tennessee legislature's intended purpose,

7

but the *Wyatt* court's holding does not support Plaintiff's claim of constitutional entitlement to uniform treatment under the statute. *Wyatt*, 924 S.W.2d at 105.  In *Wyatt,* the plaintiff argued that the asbestos exemption unfairly singled out asbestos-related injuries from other injuries that also manifested symptoms only after a prolonged period of latency.  *Id*.  Applying the rational-basis standard, the court refused to find "that the [Tennessee] General Assembly's decision to classify asbestos-related claims differently from other latent-injury claims [was] so patently arbitrary as lacking any rational basis."  *Id.*  Likewise here, the claimed similarity between Plaintiff's filter-based claims and asbestos and silicone-breast-implant claims does not establish that the statutory classification has no rational basis or is completely arbitrary.  On the contrary, "[i]t is no requirement of equal protection that all evils of the same genus be eradicated or none at all."  *Id*. at 106 *(*quoting *Railway Express Agency v. People of New York,* 336 U.S. 106, 110, 69 S.Ct. 463, 466 (1948)).

Plaintiff's conclusory statements about the Tennessee legislature's "true intent" are misplaced.  Whether the purpose of the exceptions to the statute would have been better served by a broader exception that included claims like the one Plaintiff asserts here is not the standard for this Court's equal protection review. *Carter*, 2000 WL 52806, at *5.  Plaintiff essentially asks this Court to do one of two things: 1) strike the exceptions from the statute; or 2) reject the judgment of the Tennessee legislature and graft onto the statute a broader exemption that includes Plaintiff's claims.  Neither of these actions is permissible.  The Tennessee legislature declined to create additional exceptions to the statute of repose for other injuries with long latency periods, and "[t]his Court lacks the power to insert in the statute [] such an [additional] exception." *Mathis v. Eli Lilly and Co.,* 577 F. Supp. 35, 37 (E.D. Tenn. 1981).  "It is the role of the legislature, not this Court, to pass on the wisdom of the [statute's] purpose." *Spence*, 810 F.

Supp. at 963; *see also Wyatt*, 924 S.W.2d at 10 ("We are not so quick to substitute our judgment for the legislature's on this matter").

In sum, Plaintiff has failed to establish that no reasonably conceivable set of facts could justify the classification of asbestos and silicone breast implant-related injuries under the statute. *Kochins*, 799 F.2d at 1136. As discussed above, courts have routinely upheld the exceptions to the statute and found a rational basis for the classification, and this Court should do likewise.

## CONCLUSION

Mr. Henderson filed his complaint in this litigation on December 8, 2016, and thus commenced his action against Defendants over 10 years and six months after receiving his implantation. Tennessee's 10-year statute of repose bars his action, and the Cook Defendants urge the Court to grant their motion and to dismiss with prejudice all of Plaintiff's claims.

Dated: May 1, 2017                                    Respectfully submitted,

/s/ John T. Schlafer
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

US.111310439.04

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.111310439.04

## CERTIFICATE OF SERVICE

      I hereby certify that on May 1, 2017, a copy of the foregoing COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

                                        /s/ John T. Schlafer

US.111310439.04