UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ <br><br> This Document Relates to All Actions _____ | ) ) ) )   No. 1:14-ml-02570-RLY-TAB ) MDL No. 2570 ) ) ) |

**ORDER REGARDING LOCAL RULE 37-1 CONFERENCES
AND RELATED DISCOVERY MATTERS**

Local Rule 37-1 was amended in 2011 to encourage informal resolution of discovery disputes with the assistance of the Magistrate Judge. This rule has proven valuable in efficiently resolving discovery disputes and avoiding the costs and delays that such disputes oftentimes create in litigation. However, Local Rule 37-1 has its limitations, which have been exceeded in the instant case.

Plaintiffs in this multidistrict litigation case, involving more than 2,000 cases from throughout the United States, claim injuries caused by the Cook Defendants' inferior vena cava filters. Plaintiffs claim these filters are unreasonably dangerous because they tilt, perforate, migrate, and fracture. Defendants deny their filters are unreasonably dangerous and contend that their filters are a safe medical device that prevents recurrent pulmonary embolism.

Over the course of this spirited litigation, the Magistrate Judge has, on occasions too numerous to recount, met with counsel to address a plethora of discovery-related disputes. Despite the best efforts of able counsel on both sides of this case, these Local Rule 37-1 proceedings have grown increasingly contentious and unwieldy. This was particularly on display at the conference the Magistrate Judge conducted on April 13, 2017. The Court set this

conference at the parties' request under Local Rule 37-1 to address counsel's increasingly argumentative and inappropriate conduct during depositions, including improper speaking objections.

After hearing from the parties, the Court agreed with many of the concerns raised by counsel regarding conduct at depositions. The Court admonished counsel, but took no other action on that topic. Counsel then raised concerns about alleged improper revisions being made to deposition errata sheets. After listening to the parties' positions, the Court directed counsel to ensure that errata sheet corrections were properly circumscribed in conformance with applicable rules and case law, but again the Court issued no formal order.

At that point during the April 13 conference, counsel raised new concerns regarding alleged spoliation of evidence. After hearing argument on that topic, the Court advised the parties that the issue was too significant for the Court to issue a ruling in the Rule 37-1 context, and instead ordered the parties to brief the issue. Unfortunately, the April 13 conference was far from over, as the parties had a host of additional discovery-related issues for the Court to consider. These issues included, for example, how much time Defendants should be allotted for additional expert depositions, and how many additional depositions Plaintiffs may take. The Court now grants Defendants' request for two additional days of expert depositions, and likewise grants Plaintiffs' request for additional depositions (31 total depositions by Defendants' count, though the parties dispute this too) as outlined in Plaintiffs' April 12, 2017, letter. As for both requests, the Court finds them reasonable and proportional in this context of this complex and high-stakes litigation.

The April 13 conference next turned to claims that one party was over-designating documents as confidential, thereby improperly limiting the manner in which these documents

can be used with witnesses in depositions. As part of this presentation, the Court was informally presented with a binder containing more than a dozen such documents allegedly improperly designated. In addition, these discovery disputes were outlined in a seemingly endless stream of letters to the Magistrate Judge and exchanged between counsel. The Court did not have ample time to rule on these, and other, additional discovery disputes at the conference or even properly consider them in that context. Therefore, the Court took these disputes under advisement.

With the benefit of reflection, it is obvious to the Magistrate Judge that the complexities of this case have exceeded the limitations of Local Rule 37-1. This rule was amended in 2011 to state:

> Prior to involving the court in any discovery dispute, including disputes involving depositions, counsel must confer in a good faith attempt to resolve the dispute. If any such dispute cannot be resolved in this manner, counsel are encouraged to contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding prior to counsel filing a formal discovery motion.

The advisory committee notes to this amendment are particularly helpful in understanding the purpose of this rule. The notes state that the rule was amended:

> to encourage informal resolution of discovery disputes, including disputes that might otherwise derail a deposition. More complex discovery disputes may benefit from full briefing, but the amended rule recognizes that most discovery disputes can be resolved or at least narrowed by good faith efforts of counsel and intervention by the Magistrate Judge as necessary.

As the rule and the notes make clear, Local Rule 37-1 can be a valuable tool in efficiently resolving discovery disputes, but the rule is not ideal for every discovery dispute. As a preliminary matter, Local Rule 37-1 does not expressly *require* counsel to contact the Magistrate Judge. The rule only encourages that such a contact occur, though in practice this is expected, unless the Court has directed otherwise. The rule also recognizes that the Magistrate Judge may

not be available to resolve the discovery dispute when counsel call.  Moreover, the notes expressly acknowledge that more complex disputes may benefit from full briefing.

  This complex multidistrict litigation case has revealed other reasons why Local Rule 37-1 is not always the hoped for panacea.  The letters, notebooks, and exhibits presented informally to the Court are not filed and thus are not part of the record.  As a result, any appeal of a ruling on a complex discovery matter brought to the Court in this fashion may present difficulties for the parties in formulating their arguments, as well as for any judge asked to review the ruling.  Specifically, had the Magistrate Judge ruled from the bench (or even in a later written entry) that a party was over-designating documents as confidential, those documents then would have lost their protections and could be shown to witnesses in depositions, and the aggrieved party would have had little recourse other than to attempt an appeal on a shabby record.

  Experience has shown other shortcomings in Local Rule 37-1 in these complex circumstances.  It has not been uncommon for counsel to advise the Magistrate Judge during a Rule 37-1 conference that an issue seemingly being hotly contested in a barrage of letters actually is still being negotiated by the parties.  This has resulted in the parties needlessly "briefing" issues in their letter submissions and the Court likewise needlessly preparing to resolve disputes that are still being negotiated.  Likewise, the ease and speed with which parties can request and receive a Local Rule 37-1 conference seemingly encourages parties in cases like these to bring disputes before the Court that could benefit from further adversarial vetting.  Similarly, on many occasions the parties add new disputes in the days or hours leading up to a scheduled Local Rule 37-1 conference, or even raise issues for the first time at the conference.

  This entry should not be interpreted as an attack on Local Rule 37-1, or on the lawyers litigating this case.  Local Rule 37-1 remains an effective method for informally resolving the

vast majority of discovery disputes in most cases. However, in unusually complex cases, or where particularly complex issues are involved in an otherwise straightforward case, a Local Rule 37-1 conference may hold little or no value. Nevertheless, to be clear, unless otherwise directed by the Court, Local Rule 37-1 will continue to apply in all cases.

In this case, however, the Magistrate Judge modifies the practice for bringing discovery disputes to the Court. Routine and isolated discovery disputes should still be brought to the Magistrate Judge for possible resolution at a Local Rule 37-1 conference. This would encompass disputes such as: (1) who may attend this deposition?; (2) may the seven-hour presumptive deposition limit be extended?; and (3) are these three interrogatories unduly burdensome? This would not encompass disputes such as: (1) does the attorney-client privilege or work product doctrine apply to these 14 interrogatories?; (2) may these 37 documents be properly redacted?; and (3) were these discovery documents improperly withheld, and if so, does this justify re-opening discovery, and for how long? While these examples are far from exhaustive, and thus do not provide precise guidance in this litigation, the general directive should be clear. When in good faith doubt, counsel may call the Court to see if the Magistrate Judge will set a Local Rule 37-1 conference. The presumption in this case, however, is that in most instances a formal motion and briefing will be required.

Moreover, on those occasions that the Magistrate Judge does set a Local Rule 37-1 conference, counsel must submit an agenda no later than 48 hours prior to the conference. The agenda shall set forth all issues sought to be addressed at the conference. No additional issues may be raised at the conference absent extraordinary reasons. The Magistrate Judge expects the agenda to be agreed upon, but in the event counsel are unable to do so, the parties may submit an agenda setting forth the position of each side.

The Court declines to vacate the Local Rule 37-1 conference previously set for 3 p.m. May 12, 2017. However, counsel should review this order prior to this conference and expect that issues not capable of ready resolution at this conference, consistent with this order, will need to be presented to the Court, if at all, by formal motion.

Date: 5/12/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to all registered counsel of record via the Court's ECF system.
All non-registered counsel of record will be served by Plaintiffs' Lead Counsel.