UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| | ) | |
| This Document Relates to: 1:14-cv-06016-RLY-TAB | ) ) | |
| _____ | ) | |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

The Cook Defendants move for partial judgment on the pleadings with respect to Counts IV-VII of Plaintiff's Master Complaint, which includes claims for: (1) violations of the Florida[1] Deceptive & Unfair Trade Practices Act, Fla. Stat. Sections 501.201 *et seq*. (Count VII); (2) breach of express and implied warranty (Counts V and VI); and (3) negligence *per se* (Count IV).  Plaintiff, Elizabeth Jane Hill, opposes the motion only with respect to her negligence *per se* claim.  Acccordingly, the Cook Defendants' motion is **GRANTED** with respect to Counts V, VI, and VII.

Plaintiff's negligence *per se* claim is based on alleged violations of the federal Food, Drug, and Cosmetic Act ("FDCA") and its implementing regulations.  Under Florida law, the violation of a statute gives rise to civil liability under the theory of

---

[1] Plaintiff's Master Complaint references a violation of "Applicable Washington, D.C. Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices."  This is apparently an error, as Plaintiff is and has been a Florida resident at all times relevant to her claims.

1

negligence *per se* only if the statute indicates an intent to create a private cause of action. *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994).  The FDCA expressly provides that all actions to enforce the Act "shall be by and in the name of the United States."  21 U.S.C. § 337(a).  "This language evidences legislative intent to prohibit a private right of action for a violation of the FDCA."  *McClelland v. Medtronic, Inc.*, No. 6:11-CV-1444-ORL-36, 2012 WL 5077401, at *5 (M.D. Fla. Sept. 27, 2012); *Blinn v. Smith & Nephew Richards, Inc.,* 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999) (same).  Accordingly, Plaintiff's negligence *per se* claim based on violations of the FDCA or the FDA's implementing regulations may not go forward.  *McClelland*, 2012 WL 5077401, at *5.; *Metz v. Wyeth LLC*, 872 F.Supp.2d 1335, 1343 (M.D. Fla. Sept. 27, 2012) ("Florida law does not recognize a claim based upon a theory of negligence per se for an alleged violation of the FDCA."); *Blinn,* 55 F. Supp. 2d at 1361 ("A Plaintiff cannot use a negligence *per se* claim to create a private cause of action for Defendant's alleged violations of the FDCA.").  The Cook Defendants' Motion to Dismiss Count IV is therefore **GRANTED**.

For the reasons set forth above, the Cook Defendants' Motion for Partial Judgment on the Pleadings (Filing No. 4187) is **GRANTED**.

**SO ORDERED** this 15th day of May 2017.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

2