UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This Document Relates to All Actions | |

**Plaintiffs' Supplemental Brief in Support of Motion for Additional Rule 30(b)(6) Deposition Related to Cook's Document Destruction**

After filing our reply brief [Filing No. 4557], we took the deposition of key witness, Jim Smith. Mr. Smith is a high-level Cook employee with knowledge of issues significant in this litigation. What we learned in his deposition spotlights precisely why we need an additional Rule 30(b)(6) deposition.

Cook's document destruction was not limited to Courtney Whitelock (or even sales representatives in general); it goes all the way to high-level management. Plaintiffs provide this supplemental brief in further support of their motion requesting an additional Rule 30(b)(6) deposition.

## Facts Learned In Jim Smith's Deposition

**1. Who is Jim Smith and why is he important?**

Mr. Smith is a 21-year Cook employee who has spent the past twelve years in the division that sells IVC filters. [Smith Depo. at 6, 4.][1] Mr. Smith was previously in charge of Cook's "VISTA" training program, which included training for both physicians and sales representatives. Currently, Mr. Smith sets up physician training programs throughout the United States and Canada. [*Id.* at 6.] VISTA training includes presentations about off-label techniques for difficult filter retrieval as well as other training regarding the use by physicians of IVC filters. [*Id.* at 16.]

Mr. Smith monitors the VISTA physician training including Cook's communications with the physicians attending the VISTA training; he sends and receives e-mails regarding VISTA; and, he gathers surveys of the training programs. [Smith Depo. 8 (e-mail communication with physicians), 9 (VISTA surveys).] The content of the VISTA physician training presentations are vetted by the Cook product management team as well as Cook regulatory compliance teams. [*Id.* at 11.]

Mr. Smith's interaction is not limited to physicians – he is a preferred corporate sales trainer both nationally and internationally for Cook. [Smith Depo. 3.] He trains Cook salespeople and regional managers all over the world and teaches them how to interact with physicians. [*E.g., id.* at 14-15.]

---

[1] Relevant portions of Mr. Smith's deposition transcript (rough draft) is attached as Exhibit B to Plaintiffs' motion for leave to file this supplemental brief. Because the transcript is still in rough form, the citations will be to the .pdf page in Exhibit B for ease in the Court's reference.

2. **Plaintiffs received only eight of Mr. Smith's approximately 50,000 e-mails and Mr. Smith admitted destroying e-mails after being placed on litigation hold.**

Smith testified he received notice of a litigation hold a little over a year ago; specifically, he was told that Cook was to collect his hard drive and he was not to destroy any documents nor delete anything off his computer. [Smith Depo. at 24, 19-20.][2]

Mr. Smith sends and receives approximately 30 e-mails per day. [Smith Depo. at 21.] He has received or sent approximately 7,500 e-mails over the past year (post-litigation hold) and over 40,000 e-mails over the previous 10 years (pre-litigation hold). [*Id*. at 21-22 (7,500 e-mails post-hold), 22 (40,000 e-mails pre-hold).] Yet, Cook only produced eight e-mails from Mr. Smith's custodial file—3 sent and 5 received—out of the almost 50,000 e-mails he exchanged over the last 11 years.[3] Mr. Smith had no idea why such a dearth of information was produced from his custodial file:

> Q. …Are you aware of any reasonable explanation as to why given the fact that there are probably 47,000 e-mails that your attorneys provided us eight in your custodial file?
>
> A. I have no idea

[Smith Depo. at 23.]

---

[2] To be clear, Mr. Smith testified he did not have an absolute recollection as to when he received the litigation hold, but that he received it "at least a year ago," and was "definitely not within the last six months."

[3] Furthermore, none of the training PowerPoints Mr. Smith says he created have been produced. In fact, Mr. Smith's custodial file contained only 145 total documents from the thousands that would likely have been discoverable from this individual who has been involved sales, management, and upper management regarding IVC filters sales and physician training for approximately 20 years

3

> Q. And having been advised of the litigation hold maybe a year ago, which told you to preserve your e-mails, you would have followed those and that would have been in part of what you gave Cook and/or their attorneys, right?
>
> A. Correct.

[*Id.* at 24.] When Mr. Heaveside attempted to figure out how or why so many e-mails were missing, he was met with an instruction to the witness not to answer:

> Q. Was the apparent decision to provide only eight of thousands of e-mails a choice that you made?
>
> MR. CAMPBELL: Object to privilege. What was provided.
>
> MR. HEAVISIDE: There is nothing privileged. I asked him was it a choice he made. There is no privilege there.

[*Id.* at 24-25.]

Even more troubling is that Mr. Smith admitted to destroying e-mails after the litigation hold was put in place:

> Q. Have you preserved all your e-mails in the last year?
>
> A. I have a system in my – in my computer where I put e-mails in files. It's all in Outlook.
>
> Q. And whether it's in files or not in files, you have – is it true to say that you have preserved in the sense of not deleted e-mails in the last year?
>
> A. If you're asking me have I deleted e-mails in my in box, the answer is yes, I have deleted e-mails in my in box.
>
> Q. In the last year?
>
> A. Yes.

4

> Q. After having been advised of litigation hold?
>
> A. Yes

[Smith Depo. 28-29.] When asked whether Mr. Smith has continued to provide e-mails to Cook's counsel as part of the litigation hold, Mr. Heaveside was, again, met with an instruction:

> Q: After giving your hard drive and your computer to these attorneys, have you provided them with additional e-mails?
>
> MR. CAMPBELL: Object. Privilege. Instruct the witness not to answer.
>
> MR. HEAVISIDE: That's not privileged. What he did. I didn't ask him a thing about what you might have told him to do. How can you possibly assert that's privileged?
>
> MR. CAMPBELL: That's the objection. You can ask your next question.

[Smith Depo. at 26.]

## Conclusion

Based upon Mr. Smith's testimony, we know the following:

1. His computer had on it almost 50,000 e-mails either sent or received by him over the last 11 years;

2. Only 8 e-mails were produced from his computer in response to the subpoena for his e-mails in this case;

3. He was told about a litigation hold approximately one year ago and provided his hard drive to Faegre Baker Daniels; and,

    4. He destroyed e-mails sent and received by him in the past year after being placed on litigation hold and instructed to preserve his e-mails.

We are finally putting the pieces together as to why there has been such a paucity of e-mails (particularly related to Cook's IVC filter sales force), and it has everything to do with Cook's failure to timely implement a litigation hold for the relevant custodians. This is accompanied by a complete lack of oversight when the holds were finally placed. Plaintiffs are entitled to learn the precise details surrounding Cook's hold procedures. The only way to do that is to conduct an additional Rule 30(b)(6) deposition.

Dated: May 18, 2017                        Respectfully submitted,

                                           */s/ Joseph N. Williams*
                                           Joseph N. Williams, Atty. No. 25874-49
                                           RILEY WILLIAMS & PIATT, LLC
                                           301 Massachusetts Avenue
                                           Indianapolis, IN 46204
                                           Telephone: (317) 633-5270
                                           Facsimile: (317) 426-3348
                                           Email:       jwilliams@rwp-law.com
                                           *Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

                                           Michael W. Heaviside, Esq.
                                           HEAVISIDE REED ZAIC, A LAW CORPORATION
                                           910 17th Street, NW, Suite 800
                                           Washington, DC 20006
                                           Telephone: (202) 223-1993
                                           mheaviside@hrzlaw.com

                                           Ben C. Martin, Esq.
                                           THE LAW OFFICES OF BEN C. MARTIN
                                           3710 Rawlins Street, Suite 1230
                                           Dallas, TX  75219

Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Notice will be served on the parties listed below by first class U.S. Mail, postage prepaid:

>Anthony J. Urban
>Brian J. Urban
>LAW OFFICES OF ANTHONY URBAN, P.C.
>474 N. Centre Street, 3rd Floor
>Pottsville, PA 17901
>
>Carrie R. Capouellez
>LOPEZ McHUGH LLP
>214 Flynn Avenue
>Moorestown, NJ 08057

Caleb H. Didriksen, III
Carl A Woods, III
DIDRIKSEN LAW FIRM, PLC
3114 Canal Street
New Orleans, LA 70119

Cliff W. Marcek
CLIFF W. MARCEK, P.C.
700 S. Third St.
Las Vegas, NV 89101

Curtis Hoke
THE MILLER FIRM LLC
The Sherman Building
108 Railroad Avenue
Orange, VA 22960

David C. Anderson
ANDERSON LAW
711 Van Ness Avenue, Suite 220
San Francisco, CA 94102

Jay Harris
HARRIS, RENY & TORZEWSKI
Two Maritime Plaza, 3rd Floor
Toledo, OH 43604

Joseph A. Napiltonia
LAW OFFICE OF JOE NAPILTONIA
213 3rd Avenue North
Franklin, TN 37064

Joseph G. Sauder
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041

Kimberly L. Adams
LEVIN PAPANTONIO THOMAS ETC PA - PENSACOLA FL
316 S. Baylen St., Suite 400
Pensacola, FL 32502

Marian S. Rosen
ROSEN & SPEARS
5075 Westheimer, Suite 760
Houston, TX 77056

Michael G. Glass
RAPPAPORT GLASS GREENE & LEVINE LLP
1355 Motor Parkway
Hauppauge, NY 11749

Neal L. Moskow
URY & MOSKOW
883 Black Rock Turnpike
Fairfield, CT 06825

Peter C. Wetherall
WETHERALL GROUP, LTD.
9345 W. Sunset Road, Suite 100
Las Vegas, NV 89148

Philip Sholtz
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102

W. Bryan Smith
MORGAN & MORGAN, LLC
2600 One Commerce Square
Memphis, TN 38103

Wilnar J. Julmiste
ANDERSON GLENN LLP - BOCA RATON FL
2650 North Military Trial, Suite 430
Boca Raton, FL  33431

Heather H. Harrison
FAEGRE BAKER DANIELS LLP
311 S. Wacker Drive
Suite 4400
Chicago, IL 60606

Jennifer P Henry
THOMPSON & KNIGHT LLP
801 Cherry Street, Unit #1
Fort Worth, TX 76107

                                      */s/ Joseph N. Williams*
                                      Joseph N. Williams