UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to:
Collins, et al. v. Cook Group Inc., et al., No. 1:17-cv-06065-RLY-TAB
Halinski, et al. v. Cook Group Inc., et al., No. 1:17-cv-06066-RLY-TAB

_____

## COOK DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF PLAINTIFFS' MOTIONS TO REMAND

The Cook Defendants[1] respectfully urge this Court to deny certain Plaintiffs' Motion to Stay Discovery Pending Resolution of Plaintiffs' Motions to Remand, Dkt. No. 4542. The moving Plaintiffs offer no reason that they should be treated any differently than any of the other Plaintiffs in the MDL, and they have not demonstrated any undue hardship or prejudice from the requirement that they provide some very basic, preliminary information about their filed lawsuits.

The moving Plaintiffs acknowledge that their claims are part of the MDL and are subject to the Court's MDL orders, including the Third Amended Case Management Order No. 4. As the Court noted in that Order, the parties—including the Plaintiffs,

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS (collectively "Cook Defendants").

through the Plaintiffs' Steering Committee—"have agreed upon the use of a Plaintiff Profile Sheet ('PPS') (Exhibit 1), including eight (8) releases."  Third Am. CMO No. 4 at 1 (Dkt. 4226).  This PPS must be filed within 30 days of the cases becoming part of this MDL.  *Id.* at 1-2.  The moving Plaintiffs' claims became part of the MDL on April 5, 2017, *see* MDL No. 2570, Dkt. 233, meaning that their PPSs were due on May 5, 2017.

Because the moving Plaintiffs' cases are in the MDL, these Plaintiffs are, and should be, subject to all the orders governing the MDL, including the PPS requirement.  The moving Plaintiffs claim that the mere existence of their motion to remand somehow makes them different, but they offer no persuasive reason why.  Any number of Plaintiffs might find some unique aspect of their respective cases that they might claim makes them unique, but the parties have agreed and the Court has ordered that a uniform PPS requirement best suits the overall needs of this large and complex litigation.

Moreover, the PPS requests information central to Plaintiffs' claims, information that Defendants will need and that Plaintiffs will have to provide regardless of the final jurisdiction of the cases.  As the Court knows, the PPS form asks for basic information concerning the Plaintiff's personal, family, and medical history, the medical device at issue, and the Plaintiff's current complaints.  *See* Third Am. CMO No. 4 Ex. 1 (Dkt. 4226).  All Plaintiffs will need to provide all of this information regardless of the eventual venue of their cases, and the moving Plaintiffs' motion does not suggest otherwise.  On the contrary, before their cases were removed to federal court, the moving Plaintiffs had agreed to complete similar personal information forms in state court, and were awaiting only court approval of the form the parties had agreed to.

The moving Plaintiffs' assertion that "[i]t would…create great hardship on the Plaintiffs to cause them to complete and serve these documents," Pl. Motion ¶ 4, is both counterintuitive and unsupported by any discussion or evidence.  Most of the information requested in the PPS is either already known or readily available to Plaintiffs:  personal history, medical history, current complaints.  At the very least, this is information that Plaintiffs and their attorneys must already have gathered before they could file a lawsuit in compliance with Rule 11.

The moving Plaintiffs offer neither explanation nor record support for their claim of "great hardship"; they simply assert it.  Courts have made clear that such vague assertions of prejudice do not justify relief from ordinary discovery obligations.  "The 'mere statement by a party that the interrogatory ... was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection.'… 'On the contrary, the party resisting discovery must show specifically … how each question is overly broad, burdensome or oppressive.'" *Vazquez-Fernandez v. Cambridge College, Inc.*, 269 F.R.D. 150, 155-156 (D.P.R. 2010) (citations omitted); *see also Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'[G]eneral objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered." (citations and footnote omitted)).

Requiring the moving Plaintiffs to provide the same information that all other Plaintiffs provide will not cause "great hardship."  And if these cases are eventually

remanded, the Defendants would not of course require Plaintiffs to provide a second time information that the Defendants already have.

If Plaintiffs and their attorneys are encountering difficulty gathering or assembling the information and releases required by the PPS, the parties can discuss and address that issue. Plaintiffs have not requested additional time to prepare their PPSs, but the Cook Defendants would be happy to agree to a reasonable extension of the deadlines for the submission of PPSs, either for individual plaintiffs or for the *Collins* or *Halinski* Plaintiff groups as a whole. But difficulty in meeting the deadline for a requirement does not justify eliminating the requirement entirely.

## CONCLUSION

The Cook Defendants urge the Court to deny the moving Plaintiff's motion to stay their discovery obligations pending the Court's ruling on their motion to remand.

Dated: May 18, 2017

Respectfully submitted,

/s/ John T. Schlafer
Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:      (317) 237-0300
Facsimile:      (317) 237-1000
andrea.pierson@faegrebd.com
john.schlafer@faegrebd.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:	(260) 424-8000
Facsimile:	(260) 460-1700
stephen.bennett@faegrebd.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 18, 2017, a copy of the foregoing COOK DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF PLAINTIFFS' MOTIONS TO REMAND was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

                                      /s/ John T. Schlafer