UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

_____

This Document Relates to All Actions

_____

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

**THE COOK DEFENDANTS' BRIEF IN RESPONSE TO THE
COURT'S MAY 10, 2017 ENTRY ON MOTIONS TO SEAL [DKT. NO. 4606]
AND IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL [DKT. NO. 4237]**

**I.  INTRODUCTION**

The Court's May 10, 2017 Entry on Motions to Seal noted that Plaintiffs filed two motions to seal documents [Dkt. Nos. 4237, 4238] related to the issue of the Cook Defendants'[1] confidential financial information.  *See* 5/10/2017 Entry [Dkt. No. 4606].  Plaintiffs' first motion to seal [Dkt. No. 4237] seeks to seal the Expert Report of Robert W. Johnson & Associates [Dkt. No. 4230-1][2].  This first motion to seal [Dkt. No. 4237] *is pending* before the Court, and the Expert Report of Robert W. Johnson & Associates [Dkt. No. 4230-1] is currently sealed.

Plaintiffs' second motion to seal [Dkt. No. 4238] sought to seal Plaintiffs' Objections and Appeal from Magistrate Tim A. Baker's Order Sustaining Defendants' Objection to Production of Net Worth Documents [Dkt. No. 4229].  This second motion to seal [Dkt. No. 4238] *is moot* because Plaintiffs' Objections and Appeal from Magistrate Tim A. Baker's Order Sustaining Defendants' Objection to Production of Net Worth Documents [Dkt. No. 4229] was ordered

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants").

[2] The Expert Report of Robert W. Johnson & Associates [Dkt. No. 4230-1] was attached as "Exhibit A" to Plaintiffs' Objections and Appeal from Magistrate Tim A. Baker's Order Sustaining Defendants' Objections to Production of Net Worth Documents [Dkt. No. 4230].

withdrawn. *See* 4/6/2017 Order on Plaintiffs' Motion to Withdraw Plaintiffs' Objections and Appeal from Magistrate Tim A. Baker's Order Sustaining Defendants' Objection to Production of Net Worth Documents [Dkt. No. 4265] ("4229 Appeal from Magistrate Tim A. Baker's Order Sustaining Defendants' Objections to Production of Net Worth Documents IS WITHDRAWN in master case.").

In its May 10, 2017 Entry on Motions to Seal, the Court requested that any party interested in maintaining the filings - Dkt. No. 4230-1 and Dkt. No. 4229 - under seal demonstrate good cause for sealing them within 14 days. *See* 5/10/2017 Entry [Dkt. No. 4606].

The Cook Defendants, as the parties whose confidential financial information is discussed in the Expert Report of Robert W. Johnson & Associates, filed at Dkt. No. 4230-1, respectfully file this brief in response and in support of maintaining Dkt. No. 4230-1 under seal as requested by Plaintiffs' (first) Motion to Seal [Dkt. No. 4237]. Because Plaintiffs' Objections and Appeal from Magistrate Tim A. Baker's Order Sustaining Defendants' Objection to Production of Net Worth Documents, filed at Dkt. No. 4229, is withdrawn, any sealing issues specific to Dkt. No. 4229 are moot and it is not necessary for the Cook Defendants to address Dkt. No. 4229 or Plaintiffs' (second) Motion to Seal [Dkt. No. 4238] in this Brief.[3]

As demonstrated below, the Expert Report of Robert W. Johnson & Associates [Dkt. 4230-1] ("Johnson Report") should be maintained under seal because there is good cause for sealing it. The Johnson Report discloses and makes representations about the contents of the Cook Defendants' confidential, non-public financial statements, income statements, and internal annual reports, as well as about nonparty Cook Group Incorporated's confidential, financial statements. The Cook Defendants and nonparty Cook Group Incorporated are privately-held,

---

[3] Contemporaneously with this Brief, Defendants have filed a Motion to Seal Plaintiffs' Objections and Appeal from Magistrate Tim A. Baker's Order Sustaining Defendants' Objection to Production of Net Worth Documents [Dkt. No. 4230].

non-public companies. Their financial statements and annual reports are confidential business and commercial information entitled to be protected from disclosure and maintained under seal. Indeed, the Cook Defendants' confidential, non-public financial statements and internal annual reports as produced in discovery were designated and stamped "Company Confidential Attorneys' Eyes Only." Further, as the Court determined, Plaintiffs are *not* entitled to any discovery of nonparty Cook Group Incorporated's confidential financial information. *See* 4/21/17 Order [Dkt. No. 4437]; *see* 3/15/2017 Order [Dkt. No. 4108].

## II.  APPLICABLE LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Consistent with Rule 26(c)(1)(G), the Seventh Circuit has long provided that documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed. *See Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002). Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act. *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[4]  Under this standard, "a protectable trade secret has four characteristics: (1) information; (2) which derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. *E.g., Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001) (citations omitted). Other confidential business or commercial information that does not technically fit the definition of

---

[4]  The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

US.111604025

trade secret is similarly entitled to the same level of protection as trade secrets if its disclosure would be harmful. To justify such protection, a party must show that the relevant information is not readily publicly available, *see Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1, 3 (S.D. Ind. Sept. 24, 2014), and that the disclosure of the information would pose a serious risk of harm, either physically or economically. *See id. at* *2-3 (granting a protective order where public disclosure of confidential materials related to correctional facilities raised safety concerns); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors"). Given these considerations, courts in this circuit have found that "profit/loss data," "financial records," and other general financial data and information "not normally made available to the public" may be properly sealed. *See, e.g.*, *Nordock Inc. v. Systems Inc.,* 2012 WL 6086866, at *1-2 (E.D. Wisc. Dec, 6, 2012).

### III.  THE JOHNSON REPORT AND ITS REPRESENTATIONS

The Johnson Report was filed by Plaintiffs under seal at Dkt. No. 4230-1. The Johnson Report includes various representations about the contents of the Cook Defendants' confidential financial statements, income statements, and internal annual reports. *See* Johnson Report Dkt. No. 4230-1 Financial Condition Report at pp. 2 of 5, 4 of 5. The Cook Defendants' financial statements, income statements, and annual reports as produced in discovery were designated and stamped "Company Confidential Attorneys' Eyes Only." The Johnson Report also includes allegations with respect to nonparty Cook Group Incorporated's confidential financial statements. *See id*. at p. 2 of 5.

US.111604025

- 5 -

## IV.  GOOD CAUSE EXISTS TO  MAINTAIN THE JOHNSON REPORT UNDER  SEAL

There is good cause to maintain the Johnson Report [Dkt. 4230-1] under seal.  The Johnson Report's representations about the content of the Cook Defendants' and Cook Group Incorporated's confidential financial information should not be disclosed to the public.

The Cook Defendants are privately-held, non-public companies.  Ex. A Dec. K. Fischer at ¶ 3.  The Cook Defendants' confidential financial statements and annual reports constitute confidential business and commercial information entitled to be protected from disclosure and maintained under seal.  Such financial information is not readily publicly available.  The general public has no right of access to this private, confidential information.  Also, the disclosure of this confidential financial information would pose a serious risk of harm to the Cook Defendants in the marketplace.  The same holds true for nonparty Cook Group Incorporated.  *See* Dec. K. Fischer [Dkt. No. 4318-8] at ¶¶ 3, 6-7.

The Cook Defendants' financial information – including their financial statements and annual reports – is highly confidential, and the Cook Defendants treat such information as confidential.  Ex. A Dec. K. Fischer at ¶ 4.  As privately-held, non-public companies, the Cook Defendants do not disseminate this information to the public.  *Id*.  Again, the same holds true for nonparty Cook Incorporated at its confidential financial information.  *See* Dec. K. Fischer [Dkt. No. 4318-8] at ¶¶ 3, 6.  These factors weigh heavily in favor of maintaining the Johnson Report under seal.  Indeed, as this Court recognized, privately-owned, nonpublic companies such as the Cook Defendants and Cook Group Incorporated are entitled to a higher degree of protection with respect to their confidential financial information.  *See* March 15, 2017 Order [Dkt. No. 4108], at 3; *see Flomo v. Bridgestone Americas Holding, Inc.*, 2009 WL 1456736, at *11 (S.D. Ind. May 20, 2009) (noting that where a company is not publicly traded, special concerns are implicated regarding production of sensitive financial information).

Further, the Cook Defendants would likely suffer significant economic harm if their financial information were disclosed through the Johnson Report. Ex. A Dec. K. Fischer at ¶ 5. The Cook Defendants' competitors, a majority of which are publicly owned companies, could use this information to gain a competitive advantage over the Cook Defendants in the highly-competitive medical device market. *Id*. The public disclosure of this information also may adversely affect the Cook Defendants' business relationship with their creditors, debtors, suppliers, and customers. *Id*. Once again, all of these same concerns hold true for nonparty Cook Group Incorporated (*see* Dec. K. Fischer [Dkt. No. 4318-8] at ¶ 7) from whom Plaintiffs are entitled to *no* confidential financial information discovery at all. *See* 4/21/17 Order [Dkt. No. 4437]; *see* 3/15/2017 Order [Dkt. No. 4108].

Finally, this Court has found that the "public interest in the disclosure of confidential information is not strong where the material 'is unlikely to be critical to the substantive issue of liability.'" *OneAmerica Fin. Partners, Inc. v. T-Sys. N. Am., Inc.*, No. 1:15-cv-01534-TWP-DKL, 2016 WL 891349, at *5 (S.D. Ind. Mar. 9, 2016) (quoting *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013)). The documents referenced in the Johnson Report deal solely with the Cook Defendants' finances. They are not relevant to the central liability question of whether the Cook IVC filters are defective.

## V.   CONCLUSION

For all the foregoing reasons, the Cook Defendants respectfully request that the Court issue an Order directing the Clerk to maintain the Expert Report of Robert W. Johnson & Associates at Dkt. No. 4230-1 (the unredacted version of such document) under seal.[5]  A

---

[5] Notwithstanding this request, the Cook Defendants expressly reserve their challenges to the admissibility of the Johnson Report. *See* The Cook Defendants' Response in Opposition to Plaintiffs' Objections and Appeal from Magistrate Tim A. Baker's Order Sustaining Defendants' Objection to Production of Net Worth Documents [Dkt. No. 4318] at 17-18.

- 7 -

redacted (confidential portions blacked out) public version of this document is attached as Exhibit B . See L.R. 5-11(d)(3).

In accordance with L.R. 5-11(e)(4), the Cook Defendants have submitted as an attachment to this brief a proposed order maintaining document under seal. *See* Exhibit C.

Dated:  May 24, 2017                                  Respectfully submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (# 11856-49)
Nicholas B. Alford (# 31867-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  joe.tanner@faegrebd.com
E-Mail:  nicholas.alford@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 24, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

                                          /s/ Andrea Roberts Pierson