## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to All Actions
_____

### THE COOK DEFENDANTS' BRIEF IN SUPPORT
### OF MOTION TO SEAL PLAINTIFFS' OBJECTIONS
### AND APPEAL FROM MAGISTRATE TIM A. BAKER'S
### ORDER SUSTAINING DEFENDANTS' OBJECTION TO
### PRODUCTION OF NET WORTH DOCUMENTS [DKT. NO. 4230]

## I.  INTRODUCTION

The Cook Defendants[1] respectfully move the Court to seal Plaintiffs' Objections and

Appeal from Magistrate Tim A. Baker's Order Sustaining Defendants' Objection to Production

of Net Worth Documents [Dkt. No. 4230]  ("Plaintiffs' Objections and Appeal").  The Court

should seal Plaintiffs' Objections and Appeal to prevent the disclosure of the Cook Defendants'

and nonparty Cook Incorporated's confidential financial information.

As demonstrated below, there is good cause to seal Plaintiffs' Objections and Appeal.

Plaintiffs' Objection and Appeal discloses and makes representations about the contents of the

Cook Defendants' confidential, non-public financial statements, income statements, and internal

annual reports, as well as about nonparty Cook Group Incorporated's confidential, financial

statements.  The Cook Defendants and nonparty Cook Group Incorporated are privately-held,

non-public companies.  Their financial statements and internal annual reports are confidential

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
       Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants").

business and commercial information entitled to be protected from disclosure and maintained under seal.  Indeed, the Cook Defendants' confidential, non-public financial statements and internal annual reports as produced in discovery were designated and stamped "Company Confidential Attorneys' Eyes Only."  Further, as the Court determined, Plaintiffs are *not* entitled to any discovery of nonparty Cook Group Incorporated's confidential financial information.  *See* 4/21/17 Order [Dkt. No. 4437]; *see* 3/15/2017 Order [Dkt. No. 4108].

## II.  APPLICABLE LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Consistent with Rule 26(c)(1)(G), the Seventh Circuit has long provided that documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed.  *See Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002).  Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act. *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[2]  Under this standard, "a protectable trade secret has four characteristics: (1) information; (2) which derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances.  *E.g., Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001) (citations omitted).  Other confidential business or commercial information that does not technically fit the definition of trade secret is similarly entitled to the same level of protection as trade secrets if its disclosure

---

[2]   The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

US.112594157

would be harmful.  To justify such protection, a party must show that the relevant information is not readily publicly available, *see Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at \*1, 3 (S.D. Ind. Sept. 24, 2014), and that the disclosure of the information would pose a serious risk of harm, either physically or economically.  *See id. at* \*2-3 (granting a protective order where public disclosure of confidential materials related to correctional facilities raised safety concerns); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at \*1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").  Given these considerations, courts in this circuit have found that "profit/loss data," "financial records," and other general financial data and information "not normally made available to the public" may be properly sealed.  *See, e.g.*, *Nordock Inc. v. Systems Inc.,* 2012 WL 6086866, at \*1-2 (E.D. Wisc. Dec, 6, 2012).

### III.  PLAINTIFFS' OBJECTIONS AND APPEAL

Plaintiffs' Objections and Appeal was filed by Plaintiffs at Dkt. No. 4230.  Plaintiffs did *not* file this document under seal.

Plaintiffs' Objections and Appeal references and cites the Expert Report of Robert W. Johnson & Associates [Dkt. No. 4230-1] which was filed under seal.  Like the Johnson Report, Plaintiffs' Objections and Appeal discusses and includes various representations about the contents of the Cook Defendants' confidential financial statements, income statements, and internal annual reports.  *See* Plaintiffs' Objections and Appeal [Dkt. No. 4230] at pp. 10 of 17, 11 of 17.  The Cook Defendants' financial statements, income statements, and annual reports as produced in discovery were designated and stamped "Company Confidential Attorneys' Eyes Only."  Plaintiffs' Objections and Appeal also includes allegations with respect to nonparty Cook Group Incorporated's confidential financial statements.  *Id*. at p. 11 of 17.

US.112594157

## IV. GOOD CAUSE EXISTS TO  SEAL PLAINTIFFS' OBJECTIONS AND APPEAL

Good cause exists to seal Plaintiffs' Objections and Appeal [Dkt.  No. 4230].  Plaintiffs' Objections and Appeal's statements about the content of the Cook Defendants' and Cook Group Incorporated's confidential financial information should not be disclosed to the public.

The Cook Defendants are privately-held, non-public companies.  Ex. A Dec. K. Fischer at ¶ 3.  The Cook Defendants' confidential financial statements and annual reports constitute confidential business and commercial information entitled to be protected from disclosure and maintained under seal.  Such financial information is not readily publicly available.  The general public has no right of access to this private, confidential information.  Also, the disclosure of this confidential financial information would pose a serious risk of harm to the Cook Defendants in the marketplace.  The same holds true for nonparty Cook Group Incorporated.  *See* Dec. K. Fischer [Dkt. No. 4318-8] at ¶¶ 3, 6-7.

The Cook Defendants' financial information – including their financial statements and annual reports – is highly confidential, and the Cook Defendants treat such information as confidential.  Ex. A Dec. K. Fischer at ¶ 4.  As privately-held, non-public companies, the Cook Defendants do not disseminate this information to the public.  *Id.*  Again, the same holds true for nonparty Cook Incorporated at its confidential financial information.  *See* Dec. K. Fischer [Dkt. No. 4318-8] at ¶¶ 3, 6.  These factors weigh heavily in favor of maintaining the documents under seal.  Indeed, as this Court recognized, privately-owned, nonpublic companies are entitled to a higher degree of protection with respect to their confidential financial information.  *See* March 15, 2017 Order [Dkt. No. 4108], at 3; *see Flomo v. Bridgestone Americas Holding, Inc.*, 2009 WL 1456736, at *11 (S.D. Ind. May 20, 2009) (noting that where a company is not publicly traded, special concerns are implicated regarding production of sensitive financial information).

US.112594157

- 4 -

Further, the Cook Defendants would likely suffer significant economic harm if their financial information were disclosed through Plaintiffs' Objections and Appeal [Dkt. No. 4230]**.** Ex. A Dec. K. Fischer at ¶ 5.  The Cook Defendants' competitors, a majority of which are publicly owned companies, could use this information to gain a competitive advantage over the Cook Defendants in the highly-competitive medical device market.  *Id.*  The public disclosure of this information also may adversely affect the Cook Defendants' business relationship with their creditors, debtors, suppliers, and customers. *Id.*  Once again, all of these same concerns hold true for nonparty Cook Group Incorporated (*see* Dec. K. Fischer [Dkt. No. 4318-8] at ¶ 7) from whom Plaintiffs are entitled to *no* confidential financial information discovery at all.  *See* 4/21/17 Order [Dkt. No. 4437]; *see* 3/15/2017 Order [Dkt. No. 4108].

Finally, this Court has found that the "public interest in the disclosure of confidential information is not strong where the material 'is unlikely to be critical to the substantive issue of liability.'"  *OneAmerica Fin. Partners, Inc. v. T-Sys. N. Am., Inc.*, No. 1:15-cv-01534-TWP-DKL, 2016 WL 891349, at *5 (S.D. Ind. Mar. 9, 2016) (quoting *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013)).  The documents referenced in Plaintiffs' Objections and Appeal deal solely with the Cook Defendants' finances.  They are not relevant to the central liability question of whether the Cook IVC filters are defective.

## V.  CONCLUSION

For all the foregoing reasons, the Cook Defendants respectfully request that the Court issue an order sealing Plaintiffs' Objections and Appeal from Magistrate Tim A. Baker's Order Sustaining Defendants' Objection to Production of Net Worth Document at Dkt. No. 4230.  A redacted (confidential portions blacked out) public version of this this document is attached as Exhibit B.  See L.R. 5-11(d)(3).

US.112594157

Counsel for the Cook Defendants discussed sealing Plaintiffs' Objections and Appeal [Dkt. No. 4230] with Plaintiffs' Co-Lead Counsel.  Plaintiffs' Co-Lead Counsel indicated that Plaintiffs do *not* oppose the Cook Defendants' request to seal this document.  *See* L.R. 5-11(e)(3).

Finally, in accordance with L.R. 5-11(e)(4), the Cook Defendants have submitted as an attachment to this brief a proposed order sealing Plaintiffs' Objection and Appeal [Dkt. No. 4230].  *See* Exhibit C.

Dated:  May 24, 2017                    Respectfully submitted,

                                        /s/ Andrea Roberts Pierson
                                        Andrea Roberts Pierson (# 18435-49)
                                        J. Joseph Tanner (# 11856-49)
                                        Nicholas B. Alford (# 31867-49)
                                        FAEGRE BAKER DANIELS LLP
                                        300 North Meridian Street, Suite 2700
                                        Indianapolis, Indiana  46204
                                        Telephone:  (317) 237-0300
                                        Facsimile:  (317) 237-1000
                                        E-Mail:  andrea.pierson@faegrebd.com
                                        E-Mail:  joe.tanner@faegrebd.com
                                        E-Mail:  nicholas.alford@faegrebd.com

                                        *Counsel for the defendants, Cook Incorporated,
                                        Cook Medical LLC (f/k/a Cook Medical
                                        Incorporated), and William Cook Europe ApS*

US.112594157

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

- 7 -

US.112594157