# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION
_____

Case No.: 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to: All Actions
_____

**PLAINTIFFS' OBJECTIONS AND APPEAL FROM MAGISTRATE TIM A. BAKER'S ORDER SUSTAINING DEFENDANTS' OBJECTION TO PRODUCTION OF NET WORTH DOCUMENTS**

NOW COME Plaintiffs pursuant to Federal Rules of Civil Procedure 72 and object to and appeal Magistrate Judge Tim A. Baker's order entered on March 15, 2017, ("Order") which sustained the Cook Defendants' objection to the production of additional discovery regarding Cook Group, Inc.'s net worth and in support therefore will show the following:

**SUMMARY OF THE REQUESTED RELIEF**

Plaintiffs respectfully request that the Court reverse Magistrate Baker's Order and require the Cook Defendants produce the following documents:

1) Cook Group, Inc. annual reports, balance sheets, and income statements for the years 2013-2016; and

2) Cash flow statements for each of the Cook Defendants including Cook Group, Inc. for the years 2013-2016.

This will be referred to in this brief as the net worth discovery of Cook Group, Inc. or

some similar wording.

## Magistrate Judge's Rulings and Plaintiffs' Objections

On March 15, 2017, Magistrate Judge Baker ruled that: "the Court sustains the Cook Defendants' objections to Plaintiffs' attempt to obtain additional discovery regarding Cook Group, Inc.'s net worth." *See* Order Filing No. 4108 ECF p.4 ¶1. That ruling references those items contained within the "Summary of the Requested Relief" above. The Order bars Plaintiffs from discovery of net worth financial information from the Defendants' parent company, Cook Group, Inc.--a party that:

1. Was dismissed after the remaining Cook Defendants requested that it be dismissed;

2. Negotiated its own dismissal with certain promises to the court and to the plaintiffs that it (and the remaining Cook Defendants) have now abrogated;

3. After negotiation of its own dismissal agreed to the entry of a court order (CMO #3) that it was **responsible for satisfying any judgment, including punitive damages,** in the cases at issue;

4. **Agreed that neither it nor any Cook Defendant would object to the use of its financial worth on the basis that it is not a party to the lawsuit** yet the Cook Defendants have done precisely that;

5. Agreed, in negotiating its dismissal, to the entry of a court order that it **"shall stand in the shoes of the Cook Defendants"** solely for the purpose of making a financial payment and/or satisfying any judgment **including punitive damages**

yet now distances itself from what is obviously inherent in its agreement —that its financial condition is discoverable.

6. Has, by its actions (currently accepted by Hon. Magistrate Baker and here appealed) thwarted any ability of the plaintiffs to be able to perform any discovery **or, then, offer any evidence at trial** about the financial condition of the very entity that will be responsible for paying any punitive damages judgment.

In sustaining the Cook Defendants' objection, Magistrate Baker listed the following factors favoring non-disclosure:

(1) the information sought by Plaintiffs is highly confidential;

(2) the shifting justifications of Plaintiffs' need for the information; and

(3) the vast amount of financial information the Cook Defendants have already disclosed.

*See* Filing No. 4108 p. 2 ¶¶ 2-3, p. 3 ¶ 1.

Plaintiffs object to the Magistrate Judge's Order denying Plaintiffs' request for additional discovery of the net worth of Cook Group, Inc. as clearly erroneous for the following reasons.

(1) Although the information sought is highly confidential, it is protected by this Court's CMO No. 8 and protective order entered June 5, 2015. Filing No. 480. The protective order was intended to protect and will in fact protect this confidential information just as it has protected financial information produced with respect to other Cook entities.

(2) Plaintiffs have suggested several reasons why Cook Group, Inc.'s financial condition is relevant, none of which Plaintiffs believe are inconsistent. Indeed the most compelling reason may be that Cook Group, Inc., has agreed to "stand in the shoes" of the remaining Cook Defendants and to satisfy any punitive damage award against them. That reason then raises two important points. First, Plaintiffs are entitled to discover Cook Group Inc.'s ability to satisfy the judgments it has committed to pay, has agreed to pay, and that this Court has ordered that it will pay. Second, the jury must consider the remaining Cook Defendants' financial condition in determining what amount of punitive damages would serve to punish and to deter future misconduct. It would mislead the jury to present it with some evidence of the financial condition of Cook Medical and William Cook Europe and omit the financial condition of Cook Group, Inc.—the parent company obligated to satisfy the judgment--in what will surely become an artificial foray into the make-believe world of the bleak financial picture of William Cook Europe and Cook Medical when the true world picture is so much different. Indeed the time may soon come when a jury is asked to consider the financial circumstances of William Cook Europe and Cook Medical nobody on the jury will know the true picture at all.

(3) The amount of financial information already disclosed by the Cook Defendants is not vast at all. It is incomplete, flawed, and unreliable. In fact, the economist retained by plaintiffs to evaluate the financial condition of the Cook entities has reviewed the financial information provided in discovery regarding the Cook Defendants and has said just that: "Due

to the preceding, we are unable, at this time, to draw a meaningful conclusion as to the financial condition of these entities…" Robert Johnson, an economist for plaintiffs has made these observations in his report dated March 14, 2017.[1]

## BACKGROUND

The issue of net worth discovery the Cook Defendants was first addressed at a February 21, 2017, telephonic status conference. After hearing argument on the matter, the Court held Plaintiffs' request was "exceedingly broad and not proportional to the needs of the case, particularly in light of the financial information Defendants have produced." In compliance with Magistrate Baker's order, Plaintiffs significantly narrowed their request. Specifically, Plaintiffs narrowed the scope of their requests for Cook Group, Inc.'s financial information from 10 years to 3 years. The Cook Defendants have produced some financial information of their own but no discovery has been produced regarding Cook Group, Inc.:

---

[1] Attached to this appeal is the complete report of Dr. Robert W. Johnson and James Mills, economists retained by the plaintiffs to render opinions regarding the net financial condition of the relevant Cook Defendants and the Cook entity responsible for punitive damages should a judgment be entered against them. Dr. Johnson's report is dated March 14, 2017, a few days after the actual hearing on the issues made the subject of Judge Baker's order here appealed. The expert report, now served with the others that were due on March 17th was in the process of its completion at the time of the hearing. Judge Baker did not, because of timing, have this report at his disposal nor could plaintiffs' counsel argue its contents at the time of the hearing. It is important evidence, however, in showing the absence of any true value of what the defense has provided in the form of financials and the harm that will result should the ruling stand. Essentially plaintiffs are unable to show anything of value to the jury with what has been provided to them.

Additionally, the information and documents produced by The Cook Defendants is not complete preventing Plaintiffs' experts from being able to render an opinion.

The Court held a status conference March 13, 2017, to revisit this dispute. On March 15, 2017, Magistrate Baker sustained Defendants objection to the additional discovery.

### Standard of Review

The Court shall consider and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous *or* contrary to law. Fed. R. Civ. P. 72(a). When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. P. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions…to which timely objections have not been raised by a party." *Sweet v. Colvin*, 2013 U.S. Dist. LEXIS 141893, at *3 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

Where the issue presented does not concern "an unadulterated legal conclusion, but rather the application of a legal standard to a particular set of facts… the corresponding review is for clear error…Only if the [magistrate] judge misapprehends the governing rule of law does our review become more searching." *McFarlane v. Life Insurance Company of North America*, 999 F.2d 266, 267 (7th Cir. 1993) (holding that a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and

firm conviction that a mistake has been committed).

## Argument and Authority

### THE COURT SHOULD ALLOW THE ADDITIONAL DISCOVERY OF COOK GROUP INC.'S NET WORTH AS REQUESTED BY PLAINTIFFS

Information concerning Cook Group Inc.'s net worth is relevant to Plaintiffs' claim for punitive damages. Cook Group Inc. is considered one of the Defendants' "Additional Cook Entities" as defined by the parties and the Court in CMO No. 3. Plaintiffs need net worth information, from Cook Group Inc. to fairly assess the true financial condition of the Cook Defendants. It is also needed to show the ability of the Cook Defendants to respond to a punitive damages verdict.

The Federal Rules of Civil Procedure provide for broad discovery of non-privileged matters that are or could be relevant to a party's claim. Net worth and cash flow information of a potential responsible entity (Cook Group Inc.) is not cumulative or duplicative and cannot be acquired through less burdensome means.

> **Cook Group Inc.'s net worth and information is relevant and necessary to Plaintiff's punitive damage claim.**

Plaintiffs have maintained from the beginning that financial information from the Defendants is necessary to establish the claim for punitive damages. Plaintiffs agreed to dismiss Cook Group Inc. in large part because the Cook Defendants stipulated in Case Management Order No. 3 that: "The additional Cook Entities shall stand in the shoes of the Cook Defendants solely for the purpose of making financial payment and/or satisfying any judgment, including, but not limited to, judgment for punitive damages." *See* Filing No. 353

at ECF p.3. Defendants acknowledged that the "additional Cook Entities" (including Cook Group, Inc.) would be liable for any judgment including punitive damages. Yet now, when plaintiffs seek to discover the financial information of Cook Group, Inc. (Cook agreed not to object to such discovery on the basis that Cook Group, Inc. was no longer a party) the Cook Defendants have moved to prevent Plaintiffs from seeking the discovery as to whether the "additional Cook Entities" have the ability to pay. Of equal import, the Cook Defendants' financial condition as it directly relates to the ability to pay a punitive damages judgment will, at trial, be artificially deflated. One will never know for certain, though, as plaintiffs are now prevented from knowing what the financial condition of the true payer of a judgment truly is. Do the parties (or does the Court) really believe, by any stretch of the imagination, that the Cook Defendants will suggest in the punitive damages phase of the trial that they have an unlimited ability to pay a judgment or that a judgment in a strict dollar for dollar sense is meaningless to it? The Cook Defendants will certainly proffer evidence quite different from that indeed—all the while knowing that CMO #3 makes Cook Group Inc. its parent in all financial respects. It is Cook Group Inc. that stands in the shoes of the Cook Defendants if they are hit with a punitive damages verdict. Plaintiffs, therefore, should have the ability to ascertain what the true financial condition of the Cook Defendants really is and then show the jury the *true* picture. The only way to show that or to know that is to know what the financial condition of Cook Group Inc. is. Indeed it is Cook Group Inc. that is on the punitive damages hook if there will be one. It is Cook Group, Inc. that will (if it can afford it) satisfy a potential punitive damage award. And it is that question—Can Cook Group Inc. afford it and how do

we know it?—that is the question as much or more than the question about what the Cook Defendants are *otherwise* worth.

### The Information Provided By the "Cook Defendants" is incomplete, flawed, and unreliable

While it is true the Plaintiffs have received some financial information from the Cook Defendants, the quantity of paper received (and it is not much) should not control as to whether Plaintiffs are entitled to the discovery of net worth documents and financial information from the Cook Defendants (the remaining defendants—as contrasted with Cook Group, Inc.) that actually helps. The information and documents produced to Plaintiffs by William Cook Europe, Cook Medical, Inc. and Cook Inc. are incomplete, and Plaintiffs' experts are unable to draw any conclusion concerning the Cook Defendants' financial condition—absolutely essential to the claims for punitive damages.

To date, Plaintiffs have received no financial information for Cook Group Inc., one of the "Additional Cook Entities." Additionally, Plaintiffs have received no cash flow information from the Cook Defendants. The financial information previously provided to the Plaintiffs does not enable Plaintiffs to determine accurately if Cook Group Inc. is able to pay a potential punitive damage award. Net worth discovery regarding Cook Group Inc. is necessary to show the true financial condition of the Cook Defendants as well as the true financial condition of Cook Group, Inc.

From the start of this litigation the Cook Defendants have attempted time and again to prevent Plaintiffs from access to information and documents to prove punitive damages. As

an example, in an attempt to delay discovery on Plaintiffs' punitive damage claim, the Cook Defendants moved the Court for a bifurcated trial. *See* Filing No. 620. Magistrate Baker denied Defendants' motion holding that "Defendants' request to postpone discovery of its financial information is not well taken because Defendants failed to identify with specificity the discovery material they wish to protect. Magistrate Baker observed that Defendants' sought broad protection of "sensitive financial information, such as revenues, product margins, net worth, and employee pay," and that "Plaintiff points out, Defendant continued marketing and profiting from these devices create a tangible overlap between its liability for punitive damages and its financial information." *See* Filing No. 817 ECF p.2 ¶ and p.4 ¶ 3. In an order dated October 30, 2015, Magistrate Baker ruled that "Defendants' liability for punitive damages and its financial information are so closely intertwined in this case that they cannot be separated without prejudicing Plaintiffs." *See* Filing No. 817 ECF p.5 ¶ 1. "It is apparent to the Court that Plaintiffs need Defendants' financial information to argue that Defendants are liable for punitive damages." *See* Filing No. 817 ECF p.5 ¶ 2. Magistrate Baker's previous rulings recognize the need for discovery of financial information. Yet, the Cook Defendants' previous production of financial information has now been deemed sufficient—something that very clearly it is not. *See* economist Robert Johnson's report:

[redacted]



These statements, made in Dr. Johnson's report, are largely undisputed: ▮

▮

▮ Dr. Johnson then

goes on to outline what financial indicators truly will formulate the basis of a company's

**PLAINTIFFS' OBJECTIONS AND APPEAL
FROM MAGISTRATE TIM A. BAKER'S ORDER**                                   Page 11 of 17

financial condition. But with what he has been provided in discovery he is **"unable…to draw a meaningful conclusion as to the financial condition of these entities…"** *See* Exhibit A, Plaintiffs' Expert Report on Punitive Damages.

> **Cook Defendants cannot meet their burden to show the discovery sought by Plaintiffs lacks relevance. The discovery sought by Plaintiffs is not cumulative or duplicative of previously produced discovery.**

"A defendant's financial condition is relevant to the pursuit of punitive damages." *United States v. Autumn Ridge Condo. Ass'n, Inc.,* No. 2:08–CV–208–PPS–PRC, 2009 WL 3586957, at *2 (N.D.Ind. Oct.27, 2009) (finding that the defendants' financial condition is discoverable in relation to a punitive damage claim).

In this case knowledge of the financial condition and specifically net worth discovery of Cook Group, Inc. is essential to plaintiffs' discovery necessary for a determination of punitive damages. The Cook Defendants are shielded by Cook Group, Inc. by agreement and by court order from any recovery by Cook Group, Inc. Without the knowledge of the net worth of Cook Group, Inc. plaintiffs are unable to establish the financial condition of the Cook Defendants, are unable to offer the net worth of Cook Group, Inc. (the true ***financially*** responsible entity) at trial, a fiction will be created as to the actual financial condition of Cook Defendants in the case at the only stage that will then matter and that fiction will be imparted to the jury.

Immeasurable harm will be occasioned upon plaintiffs at trial should they not be allowed to show the jury the true financial picture of the Cook Defendants. That harm is clear. It is unmistakable. It appears, even at this stage some months before trial, to be quite wrong. Dr.

Johnson (and Dr. Mills) state that "due to the preceding (referring to the lack of data for Cook Group Inc. and up to date and complete data from the Cook Defendants) we are unable, at this time, to draw a meaningful conclusion as to the financial condition of these entities." *See* Exhibit A, Plaintiffs' Expert Report on Punitive Damages. Given that all Cook entities are privately held, Plaintiffs do not have the benefit of the transparency that exists with publicly traded drug and device companies or any other publicly held companies. Specifically, cash flow between entities is handled differently many times in privately held companies and not publicly available as outlined in the reports of the economists retained by plaintiffs. The Court should permit Plaintiffs' discovery of the net worth of Cook Group Inc.

## CONCLUSION

In response to Magistrate Baker's order on February 21, 2017, Plaintiffs, by significantly narrowing their request for net worth information from the Cook Defendants, eased the potential burden on the Cook Defendants in providing discovery of their true financial condition and the financial worth of their agreed upon indemnitor and parent corporation Cook Group, Inc. Early on this MDL, in a measure obviously intended to obtain a dismissal of that parent, and with that parent's full consent, these Cook Defendants promised many things. Among those promises was that they would never claim that because Cook Group, Inc. was no longer a party in the case its financial information was off limits. Undeniably when it made that promise it was inherent that the net worth of that parent would be discoverable.

It has broken its promise for sure, but just as important as Cook's broken promise is that it has now led to a ruling that gives undeniable uncertainty as to what this court shall do at the punitive damages phase of this trial. Plaintiffs know of no one that forced Cook to agree to an order dismissing its parent corporation from this litigation in exchange for the promise that the parent corporation would stand behind a punitive (and indeed an actual) damages recovery. With that promise came the certainty that the net worth of Cook Group, Inc. would become discoverable some day. As Judge Baker correctly stated: "That day is today." Plaintiffs simply ask this Court to enter an order consistent with what is fair and what was inherent in Cook's agreement when it asked that its parent be dismissed from this case. Plaintiffs request that the magistrate's ruling below be reversed and that the net worth discovery at issue in this appeal be ordered by this Court to be answered by the Cook Defendants.

Dated: March 29, 2017.                           Respectfully Submitted,

                                                 */s/ Joseph N. Williams*
                                                 Joseph N. Williams, Atty. No. 25874-49
                                                 Riley Williams & Piatt, LLC
                                                 301 Massachusetts Avenue
                                                 Indianapolis, IN 46204
                                                 Telephone: (317) 633-5270
                                                 Facsimile: (317) 426-3348
                                                 Email: jwilliams@rwp-law.com
                                                 *Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

/s/ Ben C. Martin
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3219 McKinney Avenue, Suite 100
Dallas, TX 75204
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@bencmartin.com

/s/ David P. Matthews
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 29, 2017, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. A copy of the foregoing was also served via U.S. Mail to the following non-CM/ECF participants:

Angela Spears
Rosen & Spears
5075 Westheimer, Suite 760
Houston, TX 77056

Anthony James Urban
Law Offices of Anthony Urban, P.C.
474 N. Centre Street, Third Floor
Pottsville, PA 17901

Bard K. Brian
222 Kentucky Avenue, Suite 10
Paducah, KY 42001

Brian J. Urban
Law Offices of Anthony Urban, P.C.
474 N. Centre Street, Third Floor
Pottsville, PA 17901

Charles Rene Houssiere, III
Houssiere Durant & Houssiere, LLP
1990 Post Oak Blvd., Suite 800
Houston, TX 77056-3812

Corrie Johnson Yackulic
Corrie Yackulic Law Firm PLLC
315 5th Avenue South, Suite 1000
Seattle, WA 98104-2682

George Jerre Duzane
Duzane, Kooperman & Mondelli
603 Woodland Street
Nashville, TN 37206-4211

Cliff W. Marcek
Cliff W. Marcek, P.C.
700 South Third Street
Las Vegas, NV 89101

David J. Britton
Law Offices of David J. Britton
2209 N. 30th Street, Suite 4
Tacoma, WA 98403

Jay Harris
Harris, Reny & Torzewski
Two Maritime Plaza, 3rd Floor
Toledo, OH 43604

Justin Kyle Brackett
Tim Moore, Attorney at Law, P.A.
305 East King St.
Kings Mountain, NC 28086

Marian S. Rosen
Rosen & Spears
5075 Westheimer, Suite 760
Houston, TX 77056

Peter C. Wetherall
Wetherall Group, Ltd.
9345 W. Sunset Road, Suite 100
Las Vegas, NV 89148

Thomas H. Terry, III
619 Calhoon Road
Bay Village, OH 44140

| | |
|---|---|
| Joseph A. Napiltonia<br>Law Office of Joe Napiltonia<br>213 Third Avenue North<br>Franklin, TN 37064 | Robert M. Hammers, Jr.<br>Jason T. Schneider, P.C.<br>611-D Peachtree Dunwoody Road<br>Atlanta, GA 30328 |
| Lucas J. Foust<br>Foust Law Office<br>1043 Stoneridge Drive, Suite 2<br>Bozeman, MT 59718 | W. Bryan Smith<br>Morgan & Morgan, LLC<br>2600 One Commerce Square<br>Memphis, TN 38103 |
| Wilnar J. Julmiste<br>Anderson Glenn LLP – Boca Raton, FL<br>2201 NW Corporate Boulevard<br>Suite 100<br>Boca Raton, FL 33431 | |

 

*/s/ Ben C. Martin*
   Ben C. Martin