IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                 Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2570

_____

This Document Relates to All Cases

_____

### THE COOK DEFENDANTS' MOTION FOR EXPEDITED PARTIAL EXTENSION OF DEADLINE TO SERVE RULE 26(a)(2)(B) REPORTS

As the Cook Defendants[1] explained in their Response to Plaintiffs' Motion to Permit Supplemental Expert Opinions on Documents That Were Not Timely Disclosed (Dkt. 4924)("Response"), filed simultaneously, the Court should deny Plaintiffs' belated request to supplement their experts' reports for myriad reasons.  Should Plaintiffs be permitted to supplement their experts' reports, however, they should be required to do so immediately and the Court simultaneously should extend the June 8, 2017, deadline for Cook's submission of its Rule 26(a)(2)(B) experts' reports, so that Cook's experts may adequately address any opinions raised for the first time in the supplemental reports.

In addition, regardless of the ruling on Plaintiffs' request to supplement, Cook respectfully requests that the Court partially extend the deadline for Cook's submission of its experts' reports by three weeks, to and including June 29, 2017, only as to Cook's medical experts' reports.  The requested extension is warranted given Plaintiffs recent declaration of their intent to reopen treater depositions in *Gage* completed in January 11 and May 23, 2017, and

---

[1] Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS.

Plaintiffs' refusal to produce before Cook's June 8, 2017, expert disclosure deadline evidence that is central to the opinions of Cook's medical experts (requested two months ago).[2] Specifically, within the last two weeks:

(1) Plaintiffs notified Cook of their intent to reopen two key treating physician depositions in *Gage*, simultaneously acknowledging and agreeing that Cook's expert report deadline should be enlarged as a result;

(2) Plaintiffs requested to postpone the June 6 and 7 deposition of their key medical expert in *Hill* and *Gage* – Dr. Alexander Marmereanu – to June 20 and 21, 2017, due to a health issue. And, while Plaintiffs previously agreed that Dr. Marmereanu's deposition would be taken before Cook's medical expert reports were served, and initially last week agreed that the deadline for disclosure of reports would be postponed to a date following Dr. Marmereanu's deposition, Plaintiffs now refuse to extend the deadline for submission of Cook's medical expert reports; and

(3) Cook repeatedly and consistently has requested an independent medical examination of Plaintiff Elizabeth Hill since March 17, 2017. Plaintiffs only today (May 31, 2017), for the first time, provided dates on which Ms. Hill will submit to an IME -- the earliest of which is June 16, 2017, *more than a week after Cook's medical expert reports are due*. Cooks' medical experts in *Hill* cannot render complete expert opinions without the IME of Mrs. Hill.

For the reasons stated below, the Cook Defendants request that the Court partially extend their June 8, 2017, expert disclosure deadline, to and including June 29, 2017, for the disclosure of the Cook Defendants medical experts' reports only.

### Background

1. The deadline for the Cook Defendants' disclosure of their experts' reports in *Hill* and *Gage* pursuant to Rule 26 is June 8, 2017.

2. On May 23, 2017, the parties jointly emailed the Court with their proposed deadlines to be included in a Second Amended Bellwether Trial Plan, which included Cook's expert disclosure deadline and the extension of the close of fact discovery, to and including June

---

[2] Cook is not requesting that the deadline for non-medical expert reports -- epidemiology, regulatory, engineering, and pathology – be extended, unless the Court permits Plaintiffs to supplement their expert reports as requested in the Plaintiffs' Motion to Permit Supplemental Expert Opinions on Documents That Were Not Timely Disclosed ("Plaintiffs' Motion")(Dkt. 4690).

22, 2017, as ordered by the Court during the April 13, 2017, Status Conference.  Email Correspondence from B. Martin and A. Pierson to T. Doyle dated April 25, 2017, attached as Exhibit A.  (At the Court's request, the parties are preparing a formal motion to amend the Court's Case Management Order No. 19 -- Amended Bellwether Plan (Dkt. 3326) to include those deadlines, which will be filed with the Court in the near future.)

3.      The Court's current deadlines – as well as the parties' proposed deadlines – are a reflection of the parties' negotiations in August and September 2016 regarding pretrial activities and deadlines.  The Court formalized those agreements in its October 17, 2016, and January 4, 2017 Bellwether Trial Plans (Dkts. 3015 and 3326), consistent with the parties' submissions on September 22, 2016.  Correspondence from J. Williams to T. Doyle dated September 22, 2016, attached as Exhibit B.

4.      Both the Court's initial Bellwether Trial Plan and Amended Bellwether Trial Plans (Dkts. 3015 and 3326) included a 60-day period between Plaintiffs' service of expert reports and Cook's service of expert reports, so that Cook could depose Plaintiffs experts and discover all opinions and bases for the opinions pursuant to Rule 26(a)(2)(B).  This 60-day delay was consistent with the parties' agreement, as discussed during the negotiations in August and September 2016, and as expressed in the September 22, 2016, submissions to the Court.  *See* Exhibit B.

5.      Plaintiffs disclosed their experts' reports on March 17, 2017, and between that date and April 7, 2017, the parties developed the schedule for deposing Plaintiffs' experts.  However, given Plaintiffs' experts' schedules and Plaintiffs' experts' failure to produce the core materials upon which they relied until mid to late April 2017, Plaintiffs' experts' depositions

3

could not begin until May 4, 2017, and will not be completed until July 2, 2017. Correspondence from M. Schultz to A. Pierson on April 7, 2017, attached as Exhibit C.

6. Cooks' experts' depositions will be completed after their disclosure of expert reports and, under the Court's order, must be completed no later than July 17, 2017. Under the parties' proposed deadlines, *Daubert* and summary judgment motions are due on August 9, 2017. *See* Exhibit A.

## Treating Physician Depositions In *Gage*

7. Cook noticed and took the deposition of Plaintiff Arthur Gage's implanting physician – Dr. Mark Goodwin – on January 11, 2017.

8. Following the deposition, Plaintiffs requested to continue the deposition at a later date so that Plaintiffs' counsel could ask additional questions of Dr. Goodwin.

9. Plaintiffs noticed Dr. Goodwin's continued deposition for April 19, 2017, but Dr. Goodwin had to attend to an emergency medical issue and canceled the deposition that day. However, counsel for Cook (Jessica Benson Cox and Joe Tanner) and Plaintiffs (David Matthews) agreed on the same date that Dr. Goodwin's deposition would be continued on May 8, 2017.

10. Twelve days later, on May 1, 2017, counsel for Mr. Gage unilaterally informed Cook's counsel that the deposition would not be taken on that date. Correspondence from D. Matthews to J. Cox on May 2, 2017, attached as Exhibit D.

11. On May 8, 2017, counsel for Plaintiffs informed counsel for Cook that Plaintiffs would not reschedule the deposition of Dr. Goodwin and considered the deposition to be "concluded." Correspondence from P. McLemore dated May 8, 2017, attached as Exhibit E. As

a result, both counsel for Cook and counsel for Dr. Goodwin understood the deposition to be closed.

12. On May 23, 2017, counsel for Cook (Jessica Cox) and counsel for Plaintiffs (Michael Gallagher) attended the deposition of Mr. Gage's treating physician -- Antonio Pangan, M.D. Dr. Pangan is the primary physician who has treated Mr. Gage since 2006, and his testimony is central to establishing Mr. Gage's long history of medical conditions and issues that pre and post-date his filter placement.

13. At the conclusion of the fourth hour of Dr. Pangan's deposition, Mr. Gallagher informed Dr. Pangan's counsel and Cook's counsel of his intent to reopen and continue the deposition of Dr. Pangan on an unidentified date in the future. Mr. Gallagher also advised Cook's counsel that he intended to reopen the deposition of Dr. Goodwin, a deposition that both parties previously considered to be closed. Cook's counsel informed Mr. Gallagher that any continuation of the depositions of Drs. Goodwin and Pangan would adversely impact Cook's ability to disclose its expert reports on June 8, 2017, and Mr. Gallagher agreed to extend all expert deadlines in *Gage*.

14. The Cook Defendants object to reopening any treating physician depositions in the *Gage* case. Plaintiffs have been well aware of the identities of Drs. Goodwin and Pangan for years, and the Cook Defendants properly and timely noticed and completed those physicians' depositions well before Cook's current expert report deadline of June 8, 2017. Cook's experts are currently preparing their reports in reliance on the sworn deposition testimony provided by Drs. Goodwin and Pangan. However, given Plaintiffs' counsel's stated intent to reopen the depositions, as well as his agreement to extend the expert deadlines in *Gage*, Cook respectfully requests the Court's intervention.

15. Should Plaintiffs be permitted to reopen the depositions of Drs. Goodwin and Pangan, Cook's requests that its expert report deadline in *Gage* be extended to a date no less than seven (7) days after the completion of the depositions, and the Court's entire pretrial schedule for *Gage* be adjusted accordingly. Cook respectfully submits, however, that the appropriate remedy under the circumstances is to order the depositions of Drs. Goodwin and Pangan closed.

### Deposition of Dr. Alexander Marmereanu – Plaintiffs' Causation Expert

16. Dr. Alexander Marmereanu is Plaintiffs' medical causation expert witness in both *Hill* and *Gage*.

17. Cook has consistently and clearly requested dates for the deposition of Dr. Alexander Marmereanu prior to the disclosure of the Cook Defendants' expert reports, as the Court's Bellwether Trial Plans allowed. Correspondence from A. Pierson to M. Schultz on March 23, 2017, attached as Exhibit F. Plaintiffs agreed to produce Dr. Marmereanu for deposition prior to the production of the Cook Defendants' experts' reports, as Cook requested. Correspondence from M. Schultz to A. Pierson on April 7, 2017, attached as Exhibit G.

18. On May 23, 2017, Plaintiffs' Counsel, Ben Martin, informed the undersigned counsel that the deposition of Dr. Marmereanu must be rescheduled to a date after June 20, 2017, as a result of Dr. Marmereanu's need for certain medical treatment. Correspondence from B. Martin to A. Pierson on May 23, 2017, attached as Exhibit H. Cook agreed to reschedule the deposition on the condition that its medical experts' reports could be submitted on a date thereafter. Correspondence from A. Pierson to B. Martin on May 25, 2017, attached as Exhibit I.

19. The undersigned counsel contacted Mr. Martin by telephone on May 25, 2017, and offered to reschedule Dr. Marmereanu's deposition on June 20-21 or July 11-12, on the condition that the Cook Defendants' medical expert reports could be submitted after the

deposition. Mr. Martin stated that "would not be a problem," and the parties discussed Cook's submission of its medical expert reports on either June 28-29 or July 19, 2017, depending on the date on which the deposition of Dr. Marmereanu was rescheduled.

20. Following counsel's May 24, 2017, telephone call, the parties exchanged additional emails about the date on which Dr. Marmereanu's deposition would be rescheduled and the date on which Cook's medical experts' reports would be served. Plaintiffs' counsel, Mr. Schultz and Mr. Martin, then advised that Plaintiffs would no longer agree to extend the deadline for disclosure of Cook's medical experts' reports to a date following Dr. Marmereanu's deposition. Correspondence from B. Martin and M. Schultz to A. Pierson on May 25, 2017, attached as Exhibit J.

21. The Cook Defendants have the right, pursuant to Rule 26(a)(2), to discovery fully the opinions and bases for the opinions of Plaintiffs' experts, including Dr. Marmereanu, prior to the disclosure of Cook's experts' reports. The Cook Defendants made clear their intent to do so as early as the parties' negotiations in August and September 2016, and both the initial Bellwether Trial Plan and the Amended Bellwether Trial Plan provided a 60-day time within which Plaintiffs' experts' depositions could be taken prior to such disclosures. Cook further made clear its intent to depose Dr. Marmereanu, in particular, prior to its expert report deadline and did so only five (5) days after the disclosure of his report, and more than fifty (50) days prior to the deadline for disclosure of Cooks' experts' reports.

22. In addition, Plaintiffs have at least twice (if not more) agreed to produced Dr. Marmereanu for deposition *prior to* the disclosure of Cooks' experts' reports. The undersigned counsel informed Mr. Schultz of Cook's intent to take the deposition prior to the disclosure of Cook's expert reports on March 23, to which he consented on April 7. *See* Exhibits F and G.

The undersigned counsel informed Mr. Martin of Cook's willingness to reschedule the deposition of Dr. Marmereanu on the condition that Cook's medical experts' reports be served shortly thereafter on May 24, 2017, *see* Exhibit I, and was told by Mr. Martin by telephone that it "would not be a problem." Only later, after Mr. Schultz emailed late on March 25, 2017, did Plaintiffs decide they now object to the production of Cooks' medical experts' reports following the deposition of Dr. Marmereanu. *See* Exhibit J.

23. This Court properly exercised its discretion to control discovery – including incorporating time for the discovery of the opinions and bases for the opinions of Plaintiffs' experts in the Bellwether Trial Plans – pursuant to Rule 26(d). *Pain Center of SE Indiana v. Orgin Healthcare Solutions LLC*, 2014 WL 958464 (S. D. Ind. March 12, 2014) (citing Rule 26(d) and *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006). This includes staggering deadlines in such a way that a defendant may use the tools of discovery to obtain the opinions of the plaintiffs' experts (and the bases for those opinions) prior to service of the defendants' experts' report. *Knowledge A-Z, Inc. v. Jim Walter Resources, Inc.,* 2007 WL 3333271 (S. D. Ind. Nov. 8, 2007).

24. Plaintiffs should not be permitted now to use the health condition of Dr. Marmereanu to prevent Cook from discovering the full scope of the opinions and bases for the opinions of Dr. Marmereanu prior to tendering its medical experts' reports, particularly given that Cook's right to do so has been part of every Bellwether Trial Plan since October 2016, and was specifically reserved by Cook and agreed to by Plaintiffs when scheduling Dr. Marmereanu's deposition.

25. Dr. Marmereanu's deposition is now scheduled on June 20 and 21, 2017. Cook respectfully requests that it be permitted to disclose its medical experts' reports on June 29, 2017.

### Independent Medical Examination of Ms. Elizabeth Hill

26. The Cook Defendants requested the independent medical examination of Mrs. Hill on March 17, 2017, and provided a protocol for the IME on March 30, 2017. Correspondence from A. Pierson to Plaintiffs' Co-Lead Counsel on March 17, 2017 and March 30, 2017, attached as Exhibit K.

27. Plaintiffs consented to portions of the IME of Ms. Hill and objected to others, and Judge Baker requested letter submissions on the IME topic and heard oral argument on the portions of the IME protocol to which Plaintiffs objected on May 12, 2017. Correspondence from A. Campbell to Judge Timothy Baker on May 5, 2017, attached as Exhibit L.

28. Judge Baker issued an Entry On May 12, 2017, Conference on May 15, 2017, and noted that "Defendants' request for Plaintiff Elizabeth Hill to be required to undergo a venogram and upper endoscopy as part of her independent medical examination is taken under advisement." (Dkt. 4656) Judge Baker has not yet ruled on that portion of the Defendants' requested IME.

29. Following the May 12, 2017, conference, Cook's counsel, Jessica Benson Cox, requested dates upon which Ms. Hill could participate in the portions of the IME to which Plaintiffs did not object. Despite repeated requests, no dates were forthcoming until today -- May 31, 2017. Counsel for Plaintiffs, Michael Heaviside, provided June 16, 19, and 20 as the earliest possible dates upon which Ms. Hill could be available for an IME. Correspondence from M. Heaviside to J. Cox on May 31, 2017, attached as Exhibit M. Cook's counsel and expert

witnesses are currently attempting to arrange the facilities and necessary equipment for the IME on one of those dates. However, the earliest date upon which Plaintiffs are willing to produce Ms. Hill for any IME is eight (8) days *after* Cook's expert report deadline.

30. Plaintiffs' medical expert witnesses conducted their own IMEs of Mrs. Hill, and their findings for the bases of opinions contained in the expert reports of Dr. Marmereanu (medical expert), Dr. Reza Rajebi (medical expert), and Leigh Ann Levy (life care planner). Plaintiffs do not dispute Cook's right to conduct an IME of Mrs. Hill, nor do they deny that Cook is entitled to do so prior to the rendering of Cook's experts' reports. However, Plaintiffs intentionally have delayed in producing Ms. Hill for IME and intentionally have provided only dates following the deadline for Cook's expert reports, so that Cook's experts are deprived of the opportunity afforded to Plaintiffs' experts – the right and ability to conduct the IME of Mrs. Hill prior to rendering their opinions.

31. Additionally, the Cook Defendants' request for a venogram and upper endoscopy of Ms. Hill remains under advisement with Judge Baker, and those examinations (if permitted) are highly likely to inform the opinions of Cook's medical experts, as Cook explained in its May 5, 2017, letter to Judge Baker.[3]

32. Cook's medical experts require the IME of Mrs. Hill to accurately ascertain her current physical condition, which Plaintiffs' expert allege is significantly compromised as a

---

[3] As Cook explained, courts commonly allowed invasive procedures as part of an IME in medical products litigation such as this, particularly where a plaintiffs alleges a permanent physical injury to a structure or organ that cannot be evaluated by physical examination alone. *See Zumstein v. Boston Scientific Corporation*, No. 2:13-cv-02344, 2014 WL 7236406 (S.D. W. Va., Dec. 17, 2014) (ordering IME pelvic and vaginal examinations when the plaintiff placed her urogynecologic condition squarely at issue); *Humphrey v. Cartagena*, 865 N.Y.S.2d 200 (App. Div. 2008) (granting motion to compel IME for urodynamic testing because the plaintiff voluntarily underwent the same testing with her own physician without any adverse effect and failed to make a showing of why a repeat test would pose a threat to her health); *In re: Ethicon, Inc.*, MDL No. 2327, Pretrial Order #214 (S.D. W. Va. 2016) (allowing IMEs including pelvic exams, external ultrasounds, lab work, and x-rays if plaintiffs consented, and admitting any refusal as evidence at trial). Furthermore, some jurisdictions and parties actually apply specific protocol for requesting invasive procedures in IMEs. *See, e.g.,* Loglisci v. Marulli, No. 2011 CA016912MB AO, 2012 WL 3260829 (Fla. Cit. Ct., Mar. 13, 2013) (Trial Order); Oregon's Workers' Compensation Division Invasive Medical Procedure Authorization Form #3227.

result of stenosis of her vena cava and duodenum. Dr. Marmereanu and Ms. Levy allege that Ms. Hill will require significant medical treatment in the future, Ms. Hill suffers from myriad physical ailments today, and Ms. Hill's activities of daily living are significantly restricted as a consequence of her Cook Celect filter. Cook's medical experts are entitled to assess those claims by conducting an independent medical examination of Ms. Hill prior to submission of their reports, just as Plaintiffs' experts did.

33. Plaintiffs have consented to certain aspects of Ms. Hill's IME, which should proceed as soon as possible, and Cook's medical expert reports should not be required until after that IME is completed. Moreover, should the Court permit Cook to conduct the IME procedures currently under advisement with Judge Baker, Cook's experts should be permitted to supplement their reports with the results of any such examination.

For these reasons, Cook respectfully requests that the Court provide expedited relief and extend the June 8, 2017, deadline for disclosure of its medical experts' reports in *Hill* and *Gage* to and including June 29, 2017, and further extend Cook's expert report deadlines in *Gage* if Plaintiffs are permitted to reopen the treating physician depositions over Cook's objection.

11

Respectfully submitted,

Dated: May 31, 2017

/s/ Andrea Pierson
Andrea Roberts Pierson (# 18435-49)
John Joseph Tanner (# 11856-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-mail:   joe.tanner@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2017, a copy of the foregoing COOK DEFENDANTS' MOTION FOR PARTIAL EXTENSION OF DEADLINE TO SERVE RULE 26(a)(2)(B) REPORTS was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Andrea Pierson

US.112688013.01