UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to

Cause No. 1:17-cv-06058

**SUPPLEMENTAL INFORMATION REGARDING THE LACK OF GENERAL PERSONAL JURISDICTION OVER THE COOK DEFENDANTS IN MISSOURI**

Pursuant to the Court's order of April 11, 2017, in this matter, Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (together, the "Cook Defendants") respectfully submit supplemental evidence regarding the lack of general personal jurisdiction in the State of Missouri over the Cook Defendants. Exhibit A is the declaration of Mark Breedlove, Vice President, Vascular Division of Cook Incorporated (hereinafter, *Breedlove Dec.*). As set forth in the declaration, while Cook Medical LLC does conduct some business in Missouri, its business in Missouri in no way creates an "exceptional case" where its ties are "so substantial and of such a nature as to render the corporation at home in that state." *State ex rel. Norfolk v. Dolan*, 2017 WL 770977, at *1, -- S.W.3d--, (Mo. Deb. 28, 2017) (quoting *Daimler AG v. Baumann*, 134 S.Ct. 746, 761 (2104)). Indeed, the Cook Defendants do not even have a single office in the state. (Breedlove Dec. at ¶6.)

Additionally, the Cook Defendants submit additional authority in the form of a U.S. Supreme Court decision entered May 30, 2017: *BNSF Railway Co. v. Tyrrell*, 581 U.S ___, (2017) (Slip Op.). In *Tyrell*, the US Supreme Court reaffirmed and strengthened the holding of

*Daimler*, holding: "The Fourteenth Amendment due process constraint described in *Daimler*, however, applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued. *Id.* Slip Op. at 11. Similarly to *State el rel. Norfolk*, *Tyrell* involved the general personal jurisdiction over a railroad defendant. The Supreme Court held that despite the defendant BNSF having over 2000 miles of railroad track and over 2000 employees in Montana, the Due Process Clause of the Fourteenth Amendment prohibited the state of Montana from exercising general personal jurisdiction over BNSF. *Id.* at 11.

The contacts between the Cook Defendants and Missouri in this matter are less than the contacts between BNSF and Montana in *Tyrell*. Two of the Cook Defendants, Cook Incorporated and Williams Cook Europe ApS, are not even registered in the State of Missouri and the do no business there. Breedlove Dec. at ¶ 3. BNSF has less than 5% of its workers in Montana; the Cook Defendants have less than 1% of their employees in Missouri. *Cf. Tyrell,* Slip Op. at 3 to Breedlove Dec. at ¶ 4. BNSF generated less than 10% of its total revenue from Montana, the Cook defendants had less than 3.1% of their U.S. sales in Missouri. *Cf. Tyrell,* Slip Op. at 3 to Breedlove Dec. at ¶ 5. Unlike BNSF in Montana, the Cook Defendants have no offices in Missouri. *Cf. Tyrell,* Slip Op. at 3 to Breedlove Dec. at ¶ 7.

As demonstrated by the evidence in the Declaration of Mark Breedlove, the Cook Defendants' business dealings in the state of Missouri are minimal and certainly not so substantial as to render the corporation at home in the state. Under *Baumann* and now *Tyrell*, Cook cannot be subject to general personal jurisdiction in the state of Missouri.

2

US.112709578.01

| | |
|---|---|
| Dated: June 1, 2017 | */s/*John T. Schlafer |
| | Andrea Roberts Pierson |
| | John T. Schlafer |
| | FAEGRE BAKER DANIELS LLP |
| | 300 North Meridian Street, Suite 2700 |
| | Indianapolis, Indiana  46204 |
| | Telephone:  (317) 237-0300 |
| | Facsimile:  (317) 237-1000 |
| | andrea.pierson@faegrebd.com |
| | john.schlafer@faegrebd.com |

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2017, a copy of the foregoing SUPPLEMENTAL INFORMATION REGARDING THE LACK OF GENERAL PERSONAL JURISDICTION OVER THE COOK DEFENDANTS IN MISSOURI was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ John T. Schlafer