# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to Plaintiffs:
Michael David and Fox Jeri Dayle Fox

Civil Case No.: 1:17-CV-00255

_____

### THE COOK DEFENDANTS' BRIEF IN SUPPORT OF
### PLAINTIFFS' MOTION TO SEAL DOCUMENTS [DKT. NO. 4441]

## I. INTRODUCTION

Plaintiffs Michael David Fox and Jeri Dayle Fox have filed Plaintiff Michael Fox's Memorandum in Response to Defendants' Motion for Judgment on the Pleadings Based on Statutes of Repose ("Plaintiffs' Response") [Dkt. No 4439], submitting as supporting exhibits various documents designated as "Company Confidential" or "Company Confidential Attorneys' Eyes Only" by the Cook Defendants[1], pursuant to Case Management Order #8 (Stipulated Protective Order on Confidential Information).  In accordance with Local Rules 5-11(d)(1) and 5-11(d)(2)(A)(ii), Plaintiffs filed these confidential documents (Plaintiffs' Exhibits B, G, H, and I) *under seal* along with Plaintiffs' Motion to Seal Documents [Dkt. No. 4441].

As the parties designating the documents as confidential, the Cook Defendants submit this Brief in Support of Plaintiffs' Motion to Seal Documents and respectfully request that the Clerk of this Court maintain the confidential documents under seal.  The Clerk should maintain

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants").

Exhibits B, G, H, and I to Plaintiffs' Response (respectively, Dkt. Nos. 4439-2, 4439-7, 4439-8, and 4439-9) under seal because there is good cause for sealing such documents. The documents are confidential and proprietary product development, research, testing, and post-market analysis documents and information. They constitute confidential business and commercial information entitled to be protected from disclosure. There is good cause to maintain the documents under seal in order to protect the Cook Defendants' interests in their confidential and proprietary information and to protect the Cook Defendants from competitive harm.

## II.  THE APPLICABLE LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Consistent with Rule 26(c)(1)(G), the Seventh Circuit has long provided that documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed.  *See Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002).  Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act.  *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[2]  Under this standard, "a protectable trade secret has four characteristics:  (1) information; (2) which derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances.  *E.g., Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001) (citations omitted).  Other confidential business or commercial information that does not technically fit the definition of

---

[2]  The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

trade secret is similarly entitled to the same level of protection as trade secrets if its disclosure would be harmful.

Federal courts, including this court, have consistently held that product development, research, and testing documents and information are entitled to protection from disclosure as confidential and proprietary business information. Such information constitutes confidential business information because "a competitor's access to [a company's] research and development . . . present[s] potential dangers and may lead to a windfall to the discovering party." *Star Scientific,* 204 F.R.D. at 416 (S.D. Ind. 2001) (Baker, J.); *see also United States ex rel. Long v. GSD&M Idea City LLC*, 2014 WL 12648520, at *2 (N.D. Tex. Jan. 3, 2014) ("[I]nformation in which the producing party has a commercial interest, such as . . . research data, . . . has been found to constitute confidential commercial information."); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (exhibits were "sealable in their entirety because they contain[ed] HP's confidential product testing and evaluation process"); *cf. Andrx Pharm., LLC v. GlaxoSmithKline, PLC,* 236 F.R.D. 583, 586 (S.D. Fla. 2006) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information." (citation omitted)), *affirmed,* 2006 WL 2403942 (S.D. Fla. 2006). Similarly, post-market product analysis is also entitled to protection from disclosure as confidential and proprietary business information. Disclosure of such proprietary post-market analysis information would harm the Cook Defendants because it would "provide a blueprint for competitors." *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009); *see also Star Scientific*, 204 F.R.D. at 415 (research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge").

### III.  THE CONFIDENTIAL DOCUMENTS AT ISSUE THAT
### SHOULD BE MAINTAINED UNDER SEAL

**Exhibit B [Dkt. No. 4439-2]** is an internal company document prepared by Cook engineer Allen Leewood titled, "Vena Cava Filter Bench Testing and FEA."  Among other things, this product development document [CookMDL2570_0484200-202] discusses bench testing, loading, and proposed finite element analysis ("FEA") of the Cook Defendants' "new IVC filter" (the Celect) to demonstrate that its performance is equivalent to or better than the old Tulip Filter.  The Vena Cava Filter Bench Testing and FEA document is stamped with the following on each page: "Company Confidential."

**Exhibit G [Dkt. No. 4439-7]** is an internal company email chain between T. Heise, W. Voorhees, and others at Cook attaching and discussing the raw data for test report TR-2060 with respect to the Celect and the Gunther Tulip Filters.  This product development and testing document [CookMDL2570_0481884-885] discusses pull out testing and functional behavior of the filters.  Each page of the internal company email chain is stamped as "Company Confidential."

**Exhibit H [Dkt. No. 4439-8]** is an internal company email chain involving T. Heise, W. Voorhees, and others at Cook referencing a Gunther Tulip Teleconference and a draft clinical guide for a product data collection effort in Japan as an attachment.  This email chain [CookMDL2570_0435773-774] discusses post-market product evaluation and weighted success rates of the Gunther Tulip Filter taking into account duration of implant and retrieval from patients.  The internal email chain is stamped with the following on each page:  "Company Confidential."  Further, the email chain expressly provides that the *draft* clinical guide included as an attachment is not intended to be shared with anyone until it has been fully reviewed, finalized, and approved by the SBU executives and through the Global Clinical Review Process.

**Exhibit I [Dkt. No. 4439-9]** is an internal company email chain between B. Choules, M. Frye, and others at Cook discussing product development and design testing of IVC Filters. In particular, the email chain [CookMDL2570_0484414] discusses maximum and minimum diameters of vessels for fatigue testing of filters. This single page, internal company email chain is designated and stamped: "Company Confidential Attorneys' Eyes Only."

## IV.  THERE IS GOOD CAUSE TO MAINTAIN THE DOCUMENTS UNDER SEAL

Good cause exists to maintain Exhibits B, G, H, and I under seal. The documents constitute confidential business and commercial information, and the Cook Defendants would face competitive and economic harm if such materials were made publicly available. Redaction is not a viable option because it would not provide the Cook Defendants adequate protection. The documents at issue do not merely contain discreet pieces of confidential business and commercial information that can be redacted. Rather, the documents in their entirety constitute confidential business and commercial information. They include confidential, proprietary, and sensitive internal company information on product development, research, testing, and post-market product evaluation. The documents should not be disclosed to the public.

### A.      Exhibits B, G, and I

The internal company documents and email chains in Exhibits B, G, and I all discuss product development, research, and testing. Exhibit B discusses bench testing, loading, and proposed FEA of the Cook Defendants' new IVC filter; Exhibit G discusses raw data for the test report TR-2060 on the Celect and Gunther Tulip Filters, as well as pull out testing and functional behavior of the filters; and Exhibit I addresses maximum and minimum diameters of vessels for fatigue testing of filters. Each of these exhibits should be maintained under seal for good cause as confidential business information about product development and testing.

As the Cook Defendants more fully demonstrated in their May 1, 2017 letter to Magistrate Judge Tim A. Baker and the supporting Declaration of Mark Breedlove (attached for reference as Exhibit 1), Cook invests substantial resources into research and development, including with regard to Cook's IVC filter technology.  Breedlove Decl. ¶ 6.  Cook maintains strict confidentiality over its research and development ideas, efforts, and results, and considers such information to be proprietary to the company.  *Id*.  Disclosure of such information would result in competitive harm to Cook and could "lead to a windfall to the discovering party."  *Star Scientific*, 204 F.R.D. at 416; Breedlove Decl. ¶ 7.

In sum, good cause exists to maintain Exhibits B, G, and I under seal.  Cook's product research, testing, and development information and strategies are confidential and proprietary.  The disclosure of such information would result in competitive harm to Cook.  Exhibits B, G, and I should be sealed.

### B.      Exhibit H

The internal company email chain at Exhibit H discusses post-market product evaluation and weighted success rates of the Gunther Tulip Filter.  It also references as its attachment a draft clinical guide for a product data collection effort in Japan.  Exhibit H should be maintained under seal in its entirety as confidential business information about post-market product evaluation.

As with Exhibits B, G, and I, the Cook Defendants' May 1, 2017 letter to Magistrate Baker and the Breedlove Declaration show good cause to maintain Exhibit H under seal.  Cook undertakes substantial efforts to evaluate the performance of its medical devices (including IVC filters), as well as competitor devices in the industry, post-market.  Breedlove Decl. ¶ 8.  These include efforts to (among other things) evaluate adverse event reports, both quantitatively and qualitatively; review and internally evaluate peer-reviewed literature about Cook and competitor

- 6 -

products; to perform testing on characteristics of Cook and competitor products; and, when there are reported failures, to study and understand how and why Cook or competitor products allegedly failed.  *Id.*  Cook's methods of assessing its own products, including characteristics of products it may want to improve, could be exploited to Cook's commercial disadvantage and even discourage Cook employees (as well as the employees of other organizations in the medical device industry) from engaging in or memorializing such analyses, which could have a negative impact on product development and safety.  *Id.* at ¶ 9.

The post-market product evaluation, weighted success rates, and the product data collection effort discussed in Exhibit H with respect to the Gunther Tulip Filter are representative of some of Cook's efforts to evaluate and assess the performance of its medical devices, and there is good cause to maintain Exhibit H under seal.  Such internal, proprietary assessments are the result of significant investment by Cook.  Moreover, public disclosure of Cook's internal thought processes on product performance, evaluation, and testing would cause potential competitive harm to Cook and would discourage or chill, rather than encourage, open company dialogue on important topics such as product evaluation and performance.  Exhibit H should be sealed.

## V.  CONCLUSION

For all the foregoing reasons, the Cook Defendants respectfully request that the Court issue an Order directing the Clerk to maintain Exhibit B [Dkt. No. 4439-2], Exhibit G [Dkt. No. 4439-7], Exhibit H [Dkt. No. 4439-8], and Exhibit I [Dkt. No. 4439-9 ] to Plaintiffs' Response [Dkt. No. 4439] under seal.  The documents at issue are confidential and proprietary business information on product development, research, testing, and post-market analysis of products.

US.112724303

There is good cause to seal the documents to prevent public disclosure and competitive harm to the Cook Defendants.

Further, the documents are confidential and proprietary in their entirety so "redacted (confidential portions blacked out) public version[s]" of these documents have *not* been submitted for consideration.  *See* L.R. 5-11(d)(3).

Finally, in accordance with Local Rule 5-11(e)(4), the Cook Defendants have submitted as an attachment to this brief a proposed order maintaining documents under seal.  *See* Exhibit 2.

Respectfully submitted,

Dated:  June 7, 2017

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (# 11856-49)
Nicholas B. Alford (# 31867-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  joe.tanner@faegrebd.com
E-Mail:  nicholas.alford@faegrebd.com

*Counsel for the defendants, Cook Incorporated,*
*Cook Medical LLC (f/k/a Cook Medical*
*Incorporated), and William Cook Europe ApS*

- 8 -

US.112724303

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.112724303