UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION <br> _____ <br><br> This Document Relates to All Actions <br> _____ | ) ) ) ) ) ) ) ) )   No. 1:14-ml-02570-RLY-TAB <br> MDL 2570 |

**ORDER ON JUNE 7, 2017, TELEPHONIC STATUS CONFERENCE**

Parties appeared by counsel June 7, 2017, for a telephone status conference to address Plaintiffs' motion seeking to supplement their expert witness reports [Filing No. 4690] and Defendants' motion for expedited partial extension of the deadline to serve Rule 26(a)(2)(B) reports. [Filing No. 4925.] The Court heard argument and indicated that it would issue an order granting Plaintiffs' motion to allow supplementation and also grant Defendants' motion to accommodate a need to give Defendants more time to serve expert reports.

Shortly after the ruling, counsel for Plaintiffs sent an email to the Magistrate Judge's Courtroom Deputy, copied to opposing counsel, stating in relevant part:

> After this morning's conference, we reviewed Cook's motion for extension of time and note that they only asked for an extension for **medical** experts. Based upon our request for supplementation, the Court allowed (at Mr. Tanner's request made for the first time this morning) an extension for **all** of their experts. Such an extension will only give us approximately three weeks to do discovery on those expert witnesses.
>
> In other words, the practical consequence of Cook's representations during the February 17, 2017, hearing is that our ability to discover Cook's experts has been cut in half. Given that consequence (which we did not anticipate in light of Cook's prayer for relief), we have decided to withdraw our request for supplementation. Frankly, the cutting of our expert discovery period in half is too toxic to our trial preparation when weighed against our need to supplement.

This email prompted Defendants to send the Magistrate Judge their own email, stating Defendants' preference is to not allow Plaintiffs to withdraw their motion. Defendants stated in relevant part, "First, we don't think it makes sense to upset the Court's ruling this morning, which was a clear and clean reset of the plaintiffs' experts' deadline to include comments on Dotter and the Data Summary, and Cooks' expert report deadline. Your ruling drew clear lines, and that's helpful to all." Defendants also took issue with Plaintiffs' contention that Defendants had only sought to extend the deadline for medical experts, stating flatly, "it is incorrect to suggest that Cook's request for global relief was not requested prior to the hearing."

At Plaintiffs' suggestion, both sides were agreeable to the possibility of another conference with the Court, subject to some scheduling difficulties. The Court is far less agreeable. Having scrambled to conduct a prompt status conference with the parties that now seemingly could have been avoided, the Court will not set another conference to rehash the same issues. The request for another conference to revisit these issues is denied. While this is a complex case, the evolving positions of the parties is not helpful and contributes to litigation inefficiencies.

Although Defendants seemingly would prefer to have the Court's ruling at today's conference stand, to their credit Defendants offered up the following compromise position in their email:

> We have no problem with the Plaintiffs' withdrawing the motion, and the Court modifying its order, so long as we are all clear that plaintiffs won't be submitting any expert opinions now or at a later date through some other vehicle (i.e., deposition testimony, rebuttal report, etc.) on Dotter or the Data Summary. If they are going to offer any opinions on it, they should do so now, so the parties can efficiently proceed with truly complete opinions from the plaintiffs by June 21 and Cook by the 30th. Absent that, Cook's view is that the Court's ruling this morning should stand. (One last point – we communicated the new date to a couple of our

experts immediately following the hearing and would ask, even if plaintiffs are permitted to withdraw the motion, that the June 8 deadline be moved to Monday at a minimum, given the uncertainty plaintiffs' email creates.)

The Court adopts this approach. Plaintiffs' motion seeking to supplement their expert witness reports [Filing No. 4690] is withdrawn, and Plaintiffs may not supplement their expert reports regarding Dotter or the Data Summary. Defendants' motion for expedited partial extension of the deadline to serve Rule 26(a)(2)(B) reports [Filing No. 4925] is granted. The deadline for Defendants' non-medical expert disclosure is enlarged to June 12, 2017, and the deadline for Defendants' medical expert disclosure is enlarged to June 29, 2017.[1]

Date:  6/7/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record via email.  Distribution to all remaining counsel of record to be made by Plaintiff's Lead Counsel.

---

[1] Plaintiffs' objection to enlarging this deadline is overruled in that this enlargement is necessitated by Plaintiff Hill's June 26 IME and Dr. Marmureanu's deposition on June 20 and June 21. Plaintiffs cannot be heard to complain given that the Court was prepared to grant their motion, but Plaintiffs choose to withdraw it.