IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to Plaintiff:

*Kenyon Allen Collins, et al.*
Cause No. 1:17-cv-06065-RLY-TAB

_____

**COOK'S MOTION FOR LEAVE TO FILE NOTICE
OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF COOK'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR,
IN THE ALTERNATIVE, SEVER FOR IMPERMISSIBLE JOINDER**

The defendants, Cook Group Inc., Cook Inc., Cook Medical LLC, f/k/a Cook Medical Inc., and William Cook Europe, ApS (collectively, "Cook"), respectfully seek leave of the Court to file a Notice of Supplemental Authority in support of Cook's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Sever for Impermissible Joinder (Cause No. 1:17-cv-06065; Dkt. No. 7), attached hereto as Exhibit A.

On May 30, 2017, the United States Supreme Court issued its opinion in *BNSF Railway Co. v. Tyrrell*, ___U.S.___ (2017) (Slip Op.). In *Tyrrell*, the United States Supreme Court reaffirmed and strengthened the holding of *Daimler*, holding: "The Fourteenth Amendment due process constraint described in *Daimler* . . . applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued."[1] *Id.* Slip Op. at 11. Similarly to *State ex rel. Norfolk v.*

---

[1] The Supreme Court also recently heard oral argument in *Bristol-Myers Squibb Co. v. Superior Court of Cal., et al.*, which presented the question of whether a plaintiff's claims can be said to "arise out of or relate to" a defendant's forum activities even though there is no causal link between the defendant's forum contacts and the plaintiff's

*Dolan*, 512 S.W.3d 41 (Mo. 2017) (en banc), *Tyrrell* involved the general personal jurisdiction over a railroad defendant. The Supreme Court held that despite the defendant BNSF having over 2000 miles of railroad track and over 2000 employees in Montana, the Due Process Clause of the Fourteenth Amendment prohibited the state of Montana from exercising general personal jurisdiction over BNSF. *Tyrrell*, Slip Op. at 11.

The contacts between the Cook Defendants and Missouri in this matter are less than the contacts between BNSF and Montana in *Tyrrell*. Two of the Cook Defendants, Cook Incorporated and William Cook Europe ApS, are not even registered in the State of Missouri and they do no business there. *See* Declaration of Mark Breedlove at ¶ 3, *In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Prods. Liab. Litig.,* Case No. 1:14-ml-2570 (S.D. Ind. June 1, 2017) (Dkt No. 4949-1) (hereinafter, "Breedlove Dec."). BNSF has less than 5% of its workers in Montana; the Cook Defendants have less than 1% of their employees in Missouri. *Compare Tyrrell*, Slip Op. at 3, *with* Breedlove Dec. at ¶ 4. BNSF generated less than 10% of its total revenue from Montana; the Cook defendants had less than 3.1% of their U.S. sales in Missouri. *Compare Tyrrell*, Slip Op. at 3, *with* Breedlove Dec. at ¶ 5. Unlike BNSF in Montana, the Cook Defendants have no offices in Missouri. *Compare Tyrrell*, Slip Op. at 3, *with* Breedlove Dec. at ¶ 7.

Because the Supreme Court's decision in *Tyrrell* further supports Cook's argument that the Out-of-State Plaintiffs' claims should be dismissed for lack of personal jurisdiction, Cook respectfully seeks leave to file a Notice of Supplemental Authority in support of its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Sever for Impermissible Joinder.

---

claims. *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S.Ct. 827 (2017) (granting cert.). Whereas the *Tyrrell* case raised a question about the proper scope of *general* personal jurisdiction, the *Bristol-Myers Squibb* case raises a question about the proper scope of *specific* personal jurisdiction. The Supreme Court has not yet issued its opinion in the *Bristol-Myers Squibb* case.

| | |
|---|---|
| Dated: June 14, 2017 | /s/ Andrea Roberts Pierson |
| | Andrea Roberts Pierson (# 18435-49) |
| | John T. Schlafer (# 28771-49) |
| | FAEGRE BAKER DANIELS LLP |
| | 300 North Meridian Street, Suite 2700 |
| | Indianapolis, Indiana  46204 |
| | Telephone:  (317) 237-0300 |
| | Facsimile:  (317) 237-1000 |
| | E-Mail:  andrea.pierson@faegrebd.com |
| | E-Mail:  john.schlafer@faegrebd.com |

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2017, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/  Andrea Roberts Pierson