UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to All Actions

# Memorandum in Support of
# Plaintiffs' Motion for Order to Show Cause

### I.   Introduction.

On May 11, 2017, Plaintiffs requested production of the final three custodian files to which they are entitled. [E-mail from Matt Schultz to Andrea Pierson and Andrew Campbell (Ex. A).] Defendants have failed to timely produce the custodial files of Mike Longo, Jennifer Kerr, and Joe Roberts, in violation of Magistrate Judge Baker's November 15, 2016 Discovery Order [Filing No. 3069, at ECF p. 7633], which required production of additional custodial files within 28 days of Plaintiffs' selection of custodians to be produced. Instead, Defendants responded on the day the custodian files were due that they were "evaluating the proportionality of these files." [Email from Andrew Campbell to Matt Schultz and Andrea Pierson (Ex. A).] A party does not get to evaluate the proportionality of a Court order. Defendants should therefore be ordered to show cause why they should not be held in contempt and sanctioned for violation of that order.

II. **Argument.**

    A.    **The Court Has the Power to Sanction Contempt.**

Federal courts have the inherent power sanction contempt. *Eppley v. Iacovelli*, No. 1:09-CV-386-SEB-JMS, 2010 WL 724557, at *2 (S.D. Ind. Feb. 25, 2010). Additionally, Congress has specifically authorized federal courts to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401.

Civil contempt is demonstrated when four elements are met: (1) there is "the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge," (2) the decree "was in the movant's favor," (3) "the alleged contemnor by its conduct violated the terms of the decree," and (4) the "movant suffered harm as a result." *Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 591 (7th Cir. 2008) (quotation marks omitted). These elements are satisfied here.

    B.    **There Is a Valid Order of Which Defendants Had Knowledge.**

"To hold [a party] in civil contempt, the district court 'must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated.'" *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002) (quoting *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999)). Here, there is such a decree.

On November 4, 2016, the parties appeared before Magistrate Judge Baker "for a telephonic status conference to address various discovery issues." [Filing No. 3069, at ECF p. 7633.] One of those issues was whether Defendants would be required

to produce additional custodial files. Overruling Defendants' objections, Magistrate Judge Baker ordered that "Defendants shall produce six additional custodian files. . . . Defendants shall produce these files within 28 days after Plaintiffs notify them of their selections." [*Id.*] There is nothing ambiguous about the Court's Discovery Order; Plaintiffs are entitled to timely production of the additional custodial files at issue.

There have been no additional court orders that in any way affect or alter the validity of the November Discovery Order. On November 10, 2016—between the date of the telephonic appearance before Magistrate Judge Baker and the entry of his Discovery Order—the parties appeared before Judge Young for a pretrial conference at which "[d]iscussion [was] held regarding discovery," among other things. [Filing No. 3070, at ECF p. 7635.] At that conference, Defendants' counsel Douglas King recognized that under "[t]he order that Judge Baker entered on Friday [November 4, 2016, and memorialized on November 15, 2016], there are six more company depositions plus six custodian files" that must be produced. [Transcript of Status Conference, at 18:8–18:9 (Ex. B).] Nothing in the short order issued after that conference addressed or modified the November Discovery order. [*See* Filing No. 3070, at ECF p. 7635.] More recently, at a pretrial conference before Magistrate Judge Baker on May 12, 2017, the Court reconfirmed that the November Discovery Order had not been abrogated by any other order and remained in full effect. Plaintiffs' counsel specifically inquired in regards to the Discovery Order: "[I]f Your Honor's order had not been obviously overturned by the Court, that previous order is still in effect?" Magistrate Judge Baker responded: "Yes." [Transcript of Pretrial Conference, at 26:8–26:11 (Ex.

3

C).] Shortly after the hearing (on May 18) Defendants produced the previously-requested custodian file for Neal Fearnot, production of which they had withheld pending the Court's ruling.

Finally, there is no question Defendants had knowledge of the November Discovery Order. The order was distributed to "all ECF-registered counsel of record via email," and Defendants' counsel all are registered in the Court's ECF system. [Filing No. 3069, at ECF p. 7634.]

### C. The Order Was in Plaintiffs' Favor.

The November Discovery Order was the product of adversarial proceedings in which Plaintiffs sought production of additional custodial files beyond those originally identified by the Court in Case Management Order No. 11 [Filing No. 521]. When Magistrate Judge Baker held that "production of six additional custodian files is reasonable," and ordered their production despite Defendants' arguments against that production, he ruled in Plaintiffs' favor. [Filing No. 3069, at ECF p. 7633.]

### D. Defendants Violated the Court's Discovery Order.

Of the six additional custodial files ordered to be produced by the November Discovery Order, only three remain outstanding.[1] On May 11, 2017—the day before Magistrate Judge Baker reconfirmed the validity of his November Discovery Order—Plaintiffs identified those final three custodians: Mike Longo, Jennifer Kerr, and Joe

---

[1] Plaintiffs obtained the custodian files for Cook employees Brian Bates and Jim Smith in January 2017. Plaintiffs more recently requested the custodian file for Neal Fearnot. Defendants ultimately, though untimely, produced Mr. Fearnot's custodian file following the May 12 hearing, thus acknowledging the Court's ruling.

4

Roberts. [Ex. A, at 2.] Under the November Discovery Order, Defendants had 28 days within which to produce the files of those custodians. [Filing No. 3069, at ECF p. 7633.] The custodian files were therefore due on June 8, 2017.

On that day, instead of producing the files as ordered, Defendants sent Plaintiffs an email, which reads in its entirety: "Cook reiterates its objections stated in our April 7, 2017, letter to Judge Baker and our argument during the April 13, 2017, discovery conference. Nevertheless, without waiving those objections, we are evaluating the proportionality of these files." [Ex. A, at 1.] None of the points mentioned in that email—(1) objections made in the April letter, (2) objections made during the April hearing, and (3) proportionality concerns—justifies Defendants' open defiance of the Court's Discovery Order.

### 1. Defendants' April 7, 2017 Objections Are Unpersuasive.

First, Defendants point to objections they raised in an April 7, 2017 letter to the Court. [Ex. A, at 1.] In that letter, Defendants complained that Plaintiffs "continue to express a right to request at least three more custodial files under the Court's Discovery Plan," implying that Defendants disagree with Plaintiffs' assertion of that right. [Letter from Andrea Pierson to Magistrate Judge Baker, at 4 n.4 (Ex. D).] As Plaintiffs pointed out in their April 12, 2017 letter in response, however, under the November Discovery Order, Plaintiffs *are* entitled to three additional custodian files—having already received the custodian files of Messrs. Bates, Smith, and Fearnot—for a total of six additional files required under the November Discovery Order. [Letter from Joseph Williams to Magistrate Judge Baker, at 4–5 (Ex. E).]

5

Defendants go on to assert that "Plaintiffs should not be permitted to request additional custodial files until the conclusion of the October bellwether trial, or that any such requests should be considered on a case-by-case basis and timing for production should be ordered based on the scope of the anticipated production." [Ex. D, at 4 n.4.] Notably, Defendants have *not* moved for or been granted a protective order or an enlargement of time within which to comply with the November Discovery Order. Rather, they have refused to comply while standing on their mere suggestion to the Court that upcoming bellwether trials justify that refusal—a suggestion that, in view of the Courts' May 12 reassertion of the validity of the November Discovery Order, the Court did not accept.

It is precisely *because* bellwether trials will soon be underway that Plaintiffs need to promptly obtain and review these three final custodian files. It should come as no surprise to Defendants that Plaintiffs have only now requested these final custodian files. The Court set no date in its Discovery Order by which Plaintiffs must identify the custodian files to be produced. [*See* Filing No. 3069.] As Plaintiffs' counsel Ben Martin explained at the November 2016 pretrial conference before Judge Young, "[o]ne of the problems is, and the reason . . . we needed . . . additional custodian files, was as this rolling discovery . . . has come in, . . . we're seeing people that we didn't know about . . . that had knowledge of certain aspects that are very necessary components" of Plaintiffs' case. [Ex. B, at 19:1–19:7.] Defendants' counsel understood that the process of identifying these final custodian files could well extend into 2017. At the same conference, Mr. King stated: "Mr. Martin told us that he's thinking we're going to get some of these general corporate discovery depositions and custodian files,

6

that *that's probably not even going to happen this calendar year. That it might be into 2017. I'm not arguing with that.*" [*Id.* at 33:11–33:15 (emphasis added).] As Plaintiffs repeatedly informed Defendants over several months, Plaintiffs were waiting to identify the final three custodian files until Mr. Smith's deposition had taken place, after which time Plaintiffs would have the more complete understanding they needed to make knowing and informed designations of the final three custodians. [Ex. A, at 2; Ex. E, at 5.] Plaintiffs promptly identified the custodian files of Mr. Longo, Ms. Kerr, and Mr. Roberts only two days after that deposition finally occurred. [Ex. A, at 2.]

### 2. Defendants' April 13, 2017 Objections Are Unpersuasive.

Second, Defendants point to objections they raised in an April 14, 2017 discovery conference. [Ex. A, at 1.] The Court's entry following that conference does not address those objections in detail, stating only that "the Court heard argument on a variety of remaining issues and took them under advisement." [Filing No. 4453, at ECF p. 10238.] As the Court's May 12 reassertion of the validity of the November Discovery Order indicates, though the Court may have taken Defendants' concerns under advisement, it certainly did not relieve Defendants of their obligation to comply with the Discovery Order and to produce the custodian files identified by Plaintiffs. Before refusing to adhere to a Court order, Cook was required to move for relief; it didn't and is now in violation of the order.

### 3. Defendants' Proportionality Concerns Do Not Justify Failure to Comply With the Court's Discovery Order.

Third and finally, Defendants contend they are currently "evaluating the proportionality" of the custodian files identified by Plaintiffs. [Ex. A, at 1.] The problem is that the issue of proportionality *already has been decided*. This is not about a Rule 34 request for production to which Defendants could reasonably dispute the proportionality of responding; rather, this is about the fact that Defendants *already have been ordered to produce* the custodian files at issue. Defendants do not have the prerogative to second-guess the Court's Discovery Order, nor should the parties or the Court spend time rearguing what has already been decided.

### E. Plaintiffs Have Suffered Harm as a Result.

Without timely compliance with the Court's Discovery Order, Plaintiffs are left without potentially crucial documents, hampering Plaintiffs' ability to prepare for upcoming bellwether trials and ongoing depositions, including expert discovery. Plaintiffs thus have been, and will continue to be, harmed by Defendants' violation of the Court's Discovery Order.

### III. Conclusion.

Plaintiffs have not moved to compel production of the custodial files at issue because this is not an ordinary dispute in which one party has made a request for production and the opposing party has failed to properly respond. In the ordinary case, a motion to compel would hopefully result in an order compelling production. Here, *there is already an order compelling production*: the Court's Discovery Order,

which mandates that Defendants "shall produce"—*not* that Plaintiffs merely may request production of—"additional custodian files." [Filing No. 3069, at ECF p. 7633.] Defendants have violated that order. Therefore, and for the reasons discussed above, an order to show cause is appropriate. Plaintiffs respectfully move the court to order Defendants to show cause why they should not be held in contempt for violation of the Court's Discovery Order.

Dated:  June 19, 2017	Respectfully submitted,


*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:	jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX  75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

9

        David P. Matthews, Esq.
        MATTHEWS AND ASSOCIATES
        2509 Sackett St.
        Houston, TX  77098
        Telephone: (713) 522-5250
        Facsimile: (713) 535-7184
        dmatthews@thematthewslawfirm.com

        *Plaintiffs' Co-Lead Counsel*

## Certificate of Service

I hereby certify that on June 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Notice will be served on the parties listed below by first class U.S. Mail, postage prepaid:

    Anthony J. Urban
    Brian J. Urban
    LAW OFFICES OF ANTHONY URBAN, P.C.
    474 N. Centre Street, 3rd Floor
    Pottsville, PA 17901

    Carrie R. Capouellez
    LOPEZ McHUGH LLP
    214 Flynn Avenue
    Moorestown, NJ 08057

    Caleb H. Didriksen, III
    Carl A Woods, III
    Didriksen Law Firm, PLC
    3114 Canal Street
    New Orleans, LA 70119

    Cliff W. Marcek
    Cliff W. Marcek, P.C.
    700 S. Third St.
    Las Vegas, NV 89101

Jay Harris
Harris, Reny & Torzewski
Two Maritime Plaza, 3rd Floor
Toledo, OH 43604

Joseph A. Napiltonia
Law Office of Joe Napiltonia
213 3rd Avenue North
Franklin, TN 37064

Joseph G. Sauder
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041

Neal L. Moskow
Ury & Moskow
883 Black Rock Turnpike
Fairfield, CT 06825

Peter C. Wetherall
Wetherall Group, Ltd.
9345 W. Sunset Road
Suite 100
Las Vegas, NV 89148

Philip Sholtz
THE DRISCOLL FIRM, P.C.
211 N. Broadway
40th Floor
St. Louis, MO 63102

W. Bryan Smith
Morgan & Morgan, LLC
2600 One Commerce Square
Memphis, TN 38103

Wilnar J. Julmiste
ANDERSON GLENN LLP - BOCA RATON FL
2650 North Military Trial, Suite 430
Boca Raton, FL  33431

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49