From: "Campbell, Andrew L." <Andrew.Campbell@FaegreBD.com>
Date: 6/8/17 3:49 PM (GMT-06:00)
To: Matt Schultz <mschultz@levinlaw.com>, "Pierson, Andrea Roberts" <Andrea.Pierson@FaegreBD.com>
Cc: Ben Martin <bmartin@bencmartin.com>, David Matthews <dmatthews@thematthewslawfirm.com>, Michael Heaviside <mheaviside@hrzlaw.com>, "Joseph N. Williams" <jwilliams@rwp-law.com>, "Jason Voelke (jvoelke75@gmail.com)" <jvoelke75@gmail.com>, "Mark Chavez (mchavez@thematthewslawfirm.com)" <mchavez@thematthewslawfirm.com>, "Tanner, John Joseph" <Joe.Tanner@faegrebd.com>, "Symons, Rochelle R." <Rochelle.Symons@FaegreBD.com>, "McDonald, Kip S.M." <Kip.McDonald@FaegreBD.com>, "Schlafer, John T." <John.Schlafer@FaegreBD.com>
Subject: RE: Remaining Custodian Requests

Counsel,

Cook reiterates its objections stated in our April 7, 2017, letter to Judge Baker and our argument during the April 13, 2017, discovery conference.  Nevertheless, without waiving those objections, we are evaluating the proportionality of these files.

Thank you.

Andy

**Andrew L. Campbell**
*Partner*
andrew.campbell@FaegreBD.com

**Direct:**   +1 317 237 1011
**Cell:**   +1 317 417 4746

FaegreBD.com   Download vCard

**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA

---

**From:** Matt Schultz [mailto:mschultz@levinlaw.com]
**Sent:** Thursday, May 11, 2017 11:39 AM
**To:** Pierson, Andrea Roberts; Campbell, Andrew L.
**Cc:** Ben Martin; David Matthews; Michael Heaviside; Joseph N. Williams; Jason Voelke (jvoelke75@gmail.com); Mark Chavez (mchavez@thematthewslawfirm.com)
**Subject:** Remaining Custodian Requests

Andrea/Andy: We have three remaining custodian requests pursuant to the Court's Discovery Order [Doc. 3069] as set out in Joe's letter to the Court of April 12, notwithstanding Cook's position that it has the right to ascertain the "proportionality" of these reqeusts despite a standing court order requiring production of the files. We feel Cook's position on the custodian files is simply a delay tactic to deprive us of evidence the Court has ordered Cook to produce so that we cannot make use of it in depositions.

Neal Fearnot's documents are a case in point. They now are 9 days overdue. They undoubtedly would have been relevant to Ms. Brown's deposition as a principal at MEDI and will be relevant to Mr. Ragheb's May 25 deposition for the same reason. Cook's continued refusal to produce the Mr. Fearnot's custodian documents is hampering our ability to prepare for Mr. Ragheb and may result in the postponement of that deposition.

As we repeatedly stated over several months, we were holding back custodian requests until Mr. Smith's deposition. It took Cook more than three months to provide a date for this employee's deposition and then it was set six weeks out for May 9. Cook is mistaken in now claiming that we waited too long to request the files, when the delay was Cook's and given that we are still well within the fact discovery deadline.

Mr. Smith was deposed two days ago. We request the following, final three custodian files, which are due to be produced no later than June 8, 2017.

**1. Mike Longo**
**2. Jennifer Kerr**
**3. Joe Roberts**

Thanks.

**Matt Schultz**
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
850.435.7140 (office)
mschultz@levinlaw.com

