UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to Plaintiff
       Elizabeth Jane Hill
       Civil Case No. 1:14-cv-06016-RLY-TAB

**MEMORANDUM IN SUPPORT OF COOK DEFENDANTS'
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OF ANN SANTORO**

The Cook Defendants urge the Court to grant their motion to compel Plaintiff Elizabeth Jane Hill's marriage counselor Ann Santoro to comply with Cook's subpoena seeking records of Plaintiff's joint sessions with her husband.  Ms. Santoro has neither moved to quash the subpoena nor served the written objections permitted by Rule 45, and therefore must produce the subpoenaed documents.

**FACTUAL BACKGROUND**

On March 13, 2017, Cook's attorneys emailed Plaintiff's attorneys a copy of a Notice of Videotaped Deposition of Ann Santoro, a subpoena requiring attendance at the deposition on April 7, 2017 and the production of several categories of documents listed on an attached Schedule A, and an order from this Court allowing Cook to communicate with Plaintiff's medical providers.  [*See* Ex. A, 3/13/2017 Email from Cook's attorneys to Plaintiff's attorneys *(and attachments)*] The documents listed on Schedule A included:

1

> 2. All records related to Elizabeth Hill, including but not limited to reports, office records and notes, prescription records, and any special tests related to the care, treatment, diagnosis, prognosis, and condition of Elizabeth Hill.
> \*\*\*
> 4. All forms, letters, statements, or other writings completed or created by you or anyone else regarding Elizabeth Hill.
> \*\*\*
> 13. Any document or information reviewed or relied upon by you in preparation for your deposition.

[Ex. A, 3/13/2017 Email from Cook's attorneys to Plaintiff's attorneys, p. 8]  On March 15, 2017, Cook's attorneys mailed the March 13 letter and its enclosures to Ms. Santoro. [*See* Ex. B, 3/13/2017 Letter from Cook's attorney A. Rutigliano to Ann Santoro *(and enclosures)*]

In late March, 2017, Ms. Santoro contacted Cook's attorney Anna Rutigliano by telephone to advise that April 7 was not a good date for Ms. Santoro to give a deposition. On April 20, 2017, an attorney representing Ms. Santoro advised Ms. Rutigliano that Ms. Santoro was available for deposition on May 2, 2017. On April 21, Cook's attorneys served an Amended Notice of Videotaped Deposition (with Schedule A) by mail and email, with a copy to Ms. Santoro in care of her attorney, rescheduling the deposition for May 2, 2017. [*See* Ex. C, 4/21/2017 Amended Notice of Videotaped Deposition of Ann Santoro and Schedule A] On May 18, 2017, Cook's attorneys served counsel with another Notice of Deposition (with Schedule A), scheduling the deposition for June 9, 2017. [*See* Ex. D, 5/18/2017 Email from Cook's attorneys to Plaintiff's attorneys *(and attachments)*] Ms. Santoro did not move to quash any of the subpoenas or any portions of them, and did not serve on the Cook Defendants any objection to producing the documents requested by Schedule A to the subpoena.

The deposition of Ms. Santoro went forward on June 9, 2017. However, Ms. Santoro declined to answer any questions concerning her joint sessions with Plaintiff and her husband and failed to produce any records of those joint sessions. [*See* Ex. E, Santoro Dep. at 83:6-10,

89:9-12] She offered as a reason that Plaintiff's husband Russ Hill had revoked his authorization to Ms. Santoro. [*Id.* at 89:13-90:3] When Cook's attorneys pursued the joint session records again after the deposition, Ms. Santoro's attorney left the Cook attorneys a voicemail stating that Ms. Santoro would not release the records of the joint sessions without either a signed authorization from Mr. Hill or an order from the Court. [Ex. F, Transcription of Voice-Mail Message from Ms. Sanatoro's attorney] Plaintiff herself has not objected to the release of the documents concerning the joint sessions and has not moved for a protective order.

## ARGUMENT

The Court should order Ms. Santoro to comply with Cook's subpoena to her and to produce the records of the joint sessions she conducted with Plaintiff and Mr. Hill. Ms. Santoro has failed to preserve any objection to the subpoena for these documents, and must produce them.

Federal Rule of Civil Procedure 45 provides in relevant part:

> **(a) In General.**
> **(1)** *Form and Contents*.
> **(A)** *Requirements--In General*. Every subpoena must:
> \*\*\*
> **(iii)** command each person to whom it is directed to do the following at a specified time and place: … produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control….
> \*\*\*
> **(D)** *Command to Produce; Included Obligations*. A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.
> \*\*\*
> **(d) Protecting a Person Subject to a Subpoena; Enforcement.**
> \*\*\*
> **(2)** *Command to Produce Materials or Permit Inspection*.
> \*\*\*
> **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form

> or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. …
> ***
> **(3)** *Quashing or Modifying a Subpoena*.
>     **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>     ***
>     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies…

Fed. R. Civ. P. 45.

Here, Ms. Santoro has failed to follow Rule 45's required procedure for raising and preserving any objection to the production of her documents concerning the joint sessions with Plaintiff and her husband. She has not served on Cook "a written objection to inspecting…the materials," and she certainly did not serve such an objection "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Indeed, even after Ms. Santoro learned of Mr. Hill's "revocation" of permission in the week before the deposition, she still failed either to serve a written objection to producing the documents or to move to quash that portion of the deposition.

Ms. Santoro's failure to timely object or move to quash as contemplated by Rule 45 deprives her of any right to refuse production of the joint session documents based on privilege. "A party objecting to a subpoena on the basis of privilege must both (1) object to the subpoena and (2) state the claim of privilege within fourteen days of service, as required by Rule 45(c)(2)(B)." *Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996). Ms. Santoro failed to do either. Such a failure by a non-party to timely object to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including a privilege like the attorney-client privilege, has been waived. *See DG Creditor Corp. v. Dabah*, 151 F.3d 75, 81 (2nd Cir. 1998); *Wang v. Hsu,* 919 F.2d 130, 131 (10th Cir. 1990).

4

So here, Ms. Santoro's failure to object has waived any objection to the subpoena's demand for documents concerning joint sessions with Plaintiff and her husband. The Cook Defendants therefore urge the Court to grant their motion and to order Ms. Santoro to promptly produce the documents to Cook. *See, e.g., United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.,* 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (granting motion to compel compliance with subpoena where subject of subpoena failed to file motion to quash either within the 14 days permitted by Rule 45(c)(2)(B) or before the subpoena's return date); *Sterling Merch., Inc. v. Nestle, S.A.*, 470 F. Supp. 2d 77, 85 (D.P.R. 2006) (holding government waived any privilege by failing to bring timely motion to quash).

Dated: June 22, 2017                    Respectfully submitted,

/s/ John T. Schlafer
Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:          (317) 237-0300
Facsimile:           (317) 237-1000
andrea.pierson@faegrebd.com
john.schlafer@faegrebd.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:          (260) 424-8000
Facsimile:           (260) 460-1700
stephen.bennett@faegrebd.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2017, a copy of the foregoing MEMORANDUM IN SUPPORT OF COOK DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OF ANN SANTORO was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

I further certify that on June 22, 2017, a copy of the foregoing was served on counsel for Ann Santoro by e-mail and first class mail, postage pre-paid at the following address:

>Heidi J. Livingston, Esq.
>LAW OFFICES OF LORRAINE LESTER
>500 Colonial Center Parkway, Suite 250
>Lake Mary, Florida  32746
>407.804.4900 (main)
>407.804.6933 (direct)
>866.390.9498 (fax)
>heidi.livingston@cna.com

/s/ John T. Schlafer