# EXHIBIT A

# Snapp, Cathi M.

| | |
|---|---|
| **From:** | Snapp, Cathi M. |
| **Sent:** | Monday, March 13, 2017 2:29 PM |
| **To:** | 'JJOHNSON@BABBITT-JOHNSON.COM' |
| **Cc:** | 'bmartin@bencmartin.com'; 'mheaviside@hrzlaw.com'; 'dmatthews@thematthewslawfirm.com'; 'Denise Codding'; 'Kim Aguilera'; Pierson, Andrea Roberts; Webber, Chuck; Cox, Jessica Benson; Calhoon, Victoria R.; Rutigliano, Anna C.; Brett, Nicole E. |
| **Subject:** | Cook Filter MDL - Elizabeth Hill:  Subpoena and Notice of Video Deposition of Ann Santoro, MA, LMHC |
| **Attachments:** | Hill - Subpoena and Notice of Video Deposition to Ann Santoro |

Counsel:

Attached please find a Subpoena and Notice of Video Deposition of Ann Santoro, MA, LMHC.

Thank you.


Cathi M. Snapp
*Paralegal*
cathi.snapp@FaegreBD.com   Download vCard
D: +1 317 237 1417 | F: +1 317 237 1000

**Faegre Baker Daniels LLP**
300 N. Meridian Street | Suite 2700 | Indianapolis, IN 46204, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| Elizabeth Hill | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:14-cv-06016 |
| Cook, Inc., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Ann M. Santoro, MA, LMHC
4625 E. Bay Drive, Suite 301, Clearwater, FL 33764
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Wilder Suites<br>300 Gulf to Bay Blvd.<br>Clearwater, FL 33759 | Date and Time:<br>04/07/2017 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographer and Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/13/2017

     *CLERK OF COURT*
                                             OR      /s/ Anna Rutigliano

*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendant Cook, Inc.** , who issues or requests this subpoena, are:

Anna Rutigliano, Faegre Baker Daniels LLP, 300 North Meridian St., Suite 2700, Indianapolis, IN 46204
Email: anna.rutigliano@faegrebd.com, Telephone: (317) 237-1191

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:14-cv-06016

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-cv-06016-RLY-TAB

**NOTICE OF
VIDEOTAPED DEPOSITION OF ANN SANTORO, MA, LMHC**

TO: Ann Santoro, MA, LMHC
4625 E. Bay Drive, Suite 301
Clearwater, FL 33764

Joseph R. Johnson
Babbitt & Johnson, P.A.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
Email: jjohnson@babbitt-johnson.com

PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure, the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, "Cook"), will take the video deposition upon oral examination of **Ann Santoro, MA, LMHC** on April 7, 2017, beginning at 9:00 a.m. (EST), at Wilder Suites, 3000 Gulf to Bay Blvd., Clearwater, FL 33759, and continuing from day to day thereafter until completed.

The deposition will be taken before an officer authorized to administer oaths and is to be recorded by video and stenographic means.

PLEASE TAKE FURTHER NOTICE that Ann Santoro should bring with her to the deposition the documents set forth in the attached Schedule A, Request for Production.

US.110437479.01

/s/ Anna Rutigliano
Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
Patrick H. Reilly
Anna C. Rutigliano
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone:            (317) 237-0300
Facsimile:             (317) 237-1000
andrea.pierson@faegrebd.com
john.schlafer@faegrebd.com
patrick.reilly@faegrebd.com
anna.rutigliano@faegrebd.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone:            (260) 424-8000
Facsimile:             (260) 460-1700
stephen.bennett@faegrebd.com

Douglas B. King, Co-Lead Counsel
James M. Boyers
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Telephone:            (317) 639-6151
Facsimile:             (317) 639-6444
doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2017, a copy of the foregoing Notice of Videotaped Deposition of Ann M. Santoro, MA, LMHC was served on the following counsel of record by email and first-class mail:

Joseph R. Johnson
Babbitt & Johnson, P.A.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409

/s/ Anna Rutigliano
Anna Rutigliano

3

US.110437479.01

## SCHEDULE A

The deponent shall bring to the deposition the following documents and tangible things:

1. All correspondence between the deponent (hereinafter you" or "your" as the context may require), your institution, or any member of your staff, and your patient, Elizabeth Hill, date of birth 10/02/53, and/or her attorneys or agents.

2. All records related to Elizabeth Hill, including but not limited to reports, office records and notes, prescription records, and any special tests related to the care, treatment, diagnosis, prognosis, and condition of Elizabeth Hill.

3. All billing records generated by you or any other entity that reflect or refer to Elizabeth Hill.

4. All forms, letters, statements, or other writings completed or created by you or anyone else regarding Elizabeth Hill.

5. All records reflecting telephone conversations or messages between you, your partners, or your staff and Elizabeth Hill and/or her attorneys or agents.

6. The original or a first generation copy of any images of Elizabeth Hill, including but not limited to all x-rays, venograms, MRIs, CT scans and fluoroscopies.

7. Any and all videotapes or photographs of the device implanted in Elizabeth Hill, or any surgical procedures performed on Elizabeth Hill.

8. Your most recent curriculum vitae or resume.

9. All documents sent or provided to you by Elizabeth Hill and/or her attorneys or agents.

10. Any studies, literature, and/or research that you specifically relied upon in your treatment of Elizabeth Hill.

11. All documents, including any pamphlets, brochures, or other written information, you, your institution, or your staff provided to Elizabeth Hill regarding Cook IVC Filters.

12. All documents and information from any source regarding Cook IVC Filters, and/or any other product or technique employed by you in the care and treatment of Elizabeth Hill.

13. Any document or information reviewed or relied upon by you in preparation for your deposition.

US.110437658.01