# EXHIBIT B

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA • UK • CHINA

Anna C. Rutigliano
*Associate*
anna.rutigliano@FaegreBD.com
Direct +1 317 237 1191

Faegre Baker Daniels LLP
300 North Meridian Street • Suite 2700
Indianapolis • Indiana 46204-1750
Main +1 317 237 0300
Fax +1 317 237 1000

March 13, 2017

**VIA U.S. MAIL**

Ann M. Santoro, MA, LMHC
4625 E. Bay Drive, Suite 301
Clearwater, FL 33764

Re:   *Cook Medical, Inc., IVC Filters Products Liability Litigation* MDL 2570

Dear Ms. Santoro:

I represent Cook, Inc. in a lawsuit brought by Elizabeth Hill. Ms. Hill alleges that an inferior vena cava (IVC) filter manufactured by Cook that was placed in 2010 was defective. Ms. Hill has identified you as a fact witness in this case because you were one of her providers. I want to emphasize that there are no claims against you in the lawsuit, the lawsuit is not over your treatment of Ms. Hill, and nobody in the lawsuit is currently raising any issue or complaint about your treatment of Ms. Hill.

Because Ms. Hill has identified you as a fact witness, we would like to take your deposition. I am enclosing a Subpoena to Testify at a Deposition in a Civil Action. We have scheduled the deposition on April 7, 2017, at 9:00 a.m. at Wilder Suites, 3000 Gulf to Bay Blvd., Clearwater, FL 33759. We can be flexible on the date, time, and location, so if you would prefer to schedule the deposition on a different date or time or at a different location, please let us know and we would be happy to make those changes.

Additionally, the judge in this case has given us permission to speak with providers if they are willing. We would be very grateful if you would be willing to speak with us by phone or in person prior to the deposition so that we can give you a little background on the lawsuit and ask a few questions to help us understand your treatment of Ms. Hill. We would be happy to compensate you for your time, and if you will have a lawyer representing you at the deposition, we would of course be happy to have him or her on hand for our discussion. For your convenience, I am enclosing the *Ex Parte* Order that allows us to contact you. If you would be willing to visit with us before the deposition, please give me a call and I would be happy to discuss the logistics.

Ann M. Santoro, MA, LMHC -2- March 13, 2017

Please call me if you have any questions or need more information. Thank you very much.

Very truly yours,

*Anna Rutigliano*

Anna C. Rutigliano

ACR
Enclosures

US.110437794.01

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| Elizabeth Hill <br> *Plaintiff* <br> v. <br> Cook, Inc., et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:14-cv-06016 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Ann M. Santoro, MA, LMHC
4625 E. Bay Drive, Suite 301, Clearwater, FL 33764
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Wilder Suites <br> 300 Gulf to Bay Blvd. <br> Clearwater, FL 33759 | Date and Time: <br> 04/07/2017 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographer and Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/13/2017

_____       _____
*CLERK OF COURT*                         OR            *Attorney's signature* (Anna Rutigliano)
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Cook, Inc. _____, who issues or requests this subpoena, are:
Anna Rutigliano, Faegre Baker Daniels LLP, 300 North Meridian St., Suite 2700, Indianapolis, IN 46204
Email: anna.rutigliano@faegrebd.com, Telephone: (317) 237-1191

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:14-cv-06016

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-cv-06016-RLY-TAB |

## NOTICE OF
## VIDEOTAPED DEPOSITION OF ANN SANTORO, MA, LMHC

TO:   Ann Santoro, MA, LMHC
      4625 E. Bay Drive, Suite 301
      Clearwater, FL  33764

      Joseph R. Johnson
      Babbitt & Johnson, P.A.
      1641 Worthington Road, Suite 100
      West Palm Beach, FL 33409
      Email: jjohnson@babbitt-johnson.com

PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure, the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, "Cook"), will take the video deposition upon oral examination of **Ann Santoro, MA, LMHC** on April 7, 2017, beginning at 9:00 a.m. (EST), at Wilder Suites, 3000 Gulf to Bay Blvd., Clearwater, FL  33759, and continuing from day to day thereafter until completed.

The deposition will be taken before an officer authorized to administer oaths and is to be recorded by video and stenographic means.

PLEASE TAKE FURTHER NOTICE that Ann Santoro should bring with her to the deposition the documents set forth in the attached Schedule A, Request for Production.

US.110437479.01

/s/ Anna Rutigliano
Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
Patrick H. Reilly
Anna C. Rutigliano
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
andrea.pierson@faegrebd.com
john.schlafer@faegrebd.com
patrick.reilly@faegrebd.com
anna.rutigliano@faegrebd.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

Douglas B. King, Co-Lead Counsel
James M. Boyers
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Telephone: (317) 639-6151
Facsimile: (317) 639-6444
doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2017, a copy of the foregoing Notice of Videotaped Deposition of Ann M. Santoro, MA, LMHC was served on the following counsel of record by email and first-class mail:

Joseph R. Johnson
Babbitt & Johnson, P.A.
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409


/s/ Anna Rutigliano
Anna Rutigliano

# SCHEDULE A

The deponent shall bring to the deposition the following documents and tangible things:

1. All correspondence between the deponent (hereinafter you" or "your" as the context may require), your institution, or any member of your staff, and your patient, Elizabeth Hill, date of birth 10/02/█, and/or her attorneys or agents.

2. All records related to Elizabeth Hill, including but not limited to reports, office records and notes, prescription records, and any special tests related to the care, treatment, diagnosis, prognosis, and condition of Elizabeth Hill.

3. All billing records generated by you or any other entity that reflect or refer to Elizabeth Hill.

4. All forms, letters, statements, or other writings completed or created by you or anyone else regarding Elizabeth Hill.

5. All records reflecting telephone conversations or messages between you, your partners, or your staff and Elizabeth Hill and/or her attorneys or agents.

6. The original or a first generation copy of any images of Elizabeth Hill, including but not limited to all x-rays, venograms, MRIs, CT scans and fluoroscopies.

7. Any and all videotapes or photographs of the device implanted in Elizabeth Hill, or any surgical procedures performed on Elizabeth Hill.

8. Your most recent curriculum vitae or resume.

9. All documents sent or provided to you by Elizabeth Hill and/or her attorneys or agents.

10. Any studies, literature, and/or research that you specifically relied upon in your treatment of Elizabeth Hill.

11. All documents, including any pamphlets, brochures, or other written information, you, your institution, or your staff provided to Elizabeth Hill regarding Cook IVC Filters.

12. All documents and information from any source regarding Cook IVC Filters, and/or any other product or technique employed by you in the care and treatment of Elizabeth Hill.

13. Any document or information reviewed or relied upon by you in preparation for your deposition.

US.110437658.01

## HIPAA COMPLIANT
## AUTHORIZATION FROM INDIVIDUAL
## FOR RELEASE OF MEDICAL RECORDS

Purpose: This form is used to confirm the direction of an individual that Provider use or disclose the individual's protected health information for a particular purpose.

### SECTION A: Psychotherapy Notes.

☒ Check if this authorization is for psychotherapy notes.

If this authorization is for psychotherapy notes, you must *not* use it as an authorization for any other type of protected health information.

### SECTION B: The Individual (or the Individual's Personal Representative) confirming the authorization.

I authorize the use and/or disclosure of my protected health information as described in Section C below. I understand this authorization is voluntary and made to confirm my direction.

I understand that, if the persons or organizations I authorize below to receive and/or use the protected health information described below are not health plans, covered health care providers or health care clearinghouses subject to federal health information privacy laws, they may further disclose the protected health information and it may no longer be protected by federal health information privacy laws.

Name: Elizabeth J. Hill
Address: 19227 SW 90th Lane Road
Telephone: 352-322-8100           Date of Birth: 10-02-▓
Social Security Number: ▓▓▓▓▓▓▓▓▓   Purpose: Legal

### SECTION C: The use and/or disclosure being authorized.

Protected Health Information to be Used and/or Disclosed: Specifically and meaningfully describe the protected health information you are authorizing be used and/or disclosed (if this authorization is for psychotherapy notes, no other type of protected health information may be listed on this authorization):

1. My patient file, including, but not limited to, patient history, office charts, progress notes, diagnostic test results, x-ray or laboratory reports, surgical reports, consultation reports, correspondence, drug and alcohol testing and treatment, and any other document pertaining to me.

2. Any and all records relating to my medical or psychological treatment, including, but not limited to, documents relating to office visits, hospital visits, medical or psychological tests, and any medical, psychological, or surgical treatments.

3. Any and all x-rays, MRI's, CT scans, ultrasounds or other radiological or sonographic studies.

4. My billing file, including any charges and payments for office visits, procedures, hospital visits, laboratory tests, x-rays, medication, and any other treatment for which charges were incurred.

5. You are specifically directed to discuss and provide copies of those records which may be subject to the following: a) Public Health Service Act, 42 U.S.C. §290dd 2 and the regulations thereunder at 52 Federal Regulations 21803, et seq.; b) Release of Mental Health Records to Patient and Authorized Persons; and c) Communicable Disease: Confidentiality Requirements.

6. I also authorize the physician and/or medical provider identified above to participate in ex parte interview(s) conducted by defendant's counsel so long as defendant's counsel complies with the following three conditions: (1) Provide plaintiff's counsel with reasonable notice of the time and place of the proposed interview; (2) Provide the physician and/or medical provider with a description of the anticipated scope of the

US.108019863.01

~~interviews; and (3) Communicate with "unmistakable clarity" the fact that the physician's participation in an ex parte interview is voluntary.~~

Entities Authorized to Use or Disclose: Name or specifically identify the persons or organizations (or the classes of persons and/or organizations), including Provider, who you are authorizing to make use of and/or to disclose the protected health information described above. This Authorization is voluntary. Pursuant to the Privacy Rules, the provider may not condition treatment, payment, or eligibility for benefits on whether the patient signs this authorization.

___

Entities Authorized to Receive and Use: Name or specifically describe the persons and/or organizations (or the classes of persons and/or organizations) to whom you are authorizing Provider to disclose and/or let use the protected health information described above:

**Faegre Baker Daniels attorneys and/or their representatives**

SECTION D: Expiration and Revocation.

Expiration: This authorization will expire (complete one):

☐ On ___/___/___ (DD/MM/YR).

☒ On occurrence of the following event (which must relate to the individual or to the purpose of the use and/or disclosure being authorized: **At the conclusion of litigation**

Right to Revoke: I understand that I may revoke this authorization at any time by giving written notice of my revocation to the Contact Office listed below. I understand that revocation of this authorization will *not* affect any action you took in reliance on this authorization before you received my written notice of revocation.

Contact Office: __Faegre Baker Daniels LLP__

Telephone: __317-237-0300__    Fax: __317-237-1000__

Address: __300 North Meridian Street, Suite 2700, Indianapolis, IN 46204__

SIGNATURE.

I, __Elizabeth Jane Hill__, have had full opportunity to read and consider the contents of this authorization, and I confirm that the contents are consistent with my direction to the Provider. I understand that, by signing this form, I am confirming my authorization that the Provider may use and/or disclose to the persons and/or organizations named in this form the protected health information described in this form.

Signature: __Elizabeth Jane Hill__    Date: __10-02-___

If this authorization is signed by an individual's personal representative on behalf of the individual, complete the following:

Personal Representative's Name: _____

Relationship to Individual: _____

**YOU ARE ENTITLED TO A COPY OF THIS AUTHORIZATION AFTER YOU SIGN IT.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

## AMENDED ORDER ON COOK DEFENDANTS' MOTION FOR ENTRY OF ORDER AUTHORIZING *EX PARTE* CONTACT BETWEEN COOK DEFENDANTS AND PLAINTIFFS' TREATING PHYSICIANS

Pursuant to the Court's direction, the parties present the following order amending the Order on Cook Defendants' Motion For Entry of Order Authorizing *Ex Parte* Contact Between Cook Defendants and Plaintiffs' Treating Physicians entered by this Court on December 21, 2015 (Doc. 913).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Cook Defendants are authorized to engage in *ex parte* communications with the treating physicians of the Discovery Pool Plaintiffs and the Bellwether Trial Plaintiffs selected in the Court's July 19, 2016, order (Doc. 2107).

IT IS FURTHER ORDERED that Cook Defendants shall provide each treating physician contacted with a copy of the Notice attached to this Order and shall bear any costs related to any *ex parte* communications.

Date: 11/15/0216

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

US.108551748.01

Distribution to:
All registered counsel of record via the Court's CM/ECF system
All non-registered counsel of record will be served by Plaintiffs' Lead Counsel

2

US.108551748.01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

## NOTICE TO TREATING PHYSICIANS

Counsel for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, "Cook Defendants") have been authorized to directly communicate with the treating physicians of the following Plaintiffs to this litigation, outside of the presence of Plaintiffs' counsel: Donna Avery-Montgomery, June Bordner, Tonya Brand, Eddie Campbell, Arthur Gage, Elizabeth Hill, Ronald Huffman (deceased), Daniel Metro, Amanda Rauch, Daniel Shafer, Ginger Sumner, and Tammy True.

No treating physician is required to speak with the Cook Defendants or their counsel.

Such communications with counsel for the Cook Defendants will not constitute a violation of Indiana's physician-patient privilege law or HIPAA.

Dated: 11/15/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

US.108551748.01