# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates to Plaintiff:
Elizabeth Jane Hill

Civil Case No.: 1:15-cv-06016-RLY-TAB

_____

## THE COOK DEFENDANTS' MOTION TO COMPEL DISCOVERY
## RESPONSES FROM PLAINTIFF ELIZABETH JANE HILL

Pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 37-1, Defendants

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook

Europe ApS (collectively, the "Cook Defendants") move the Court to compel discovery

responses from Plaintiff Elizabeth Jane Hill.  In support of this motion, the Cook Defendants'

state:

1.      The Cook Defendants served various discovery requests on Plaintiff, including

Defendants' First Set of Interrogatories, Defendants' First Set of Requests for Production, and

Defendants' Third Set of Requests for Production.

2.      Despite the Cook Defendants' good faith efforts to obtain Plaintiff's cooperation,

Plaintiff has failed to fully and completely respond to the Cook Defendants' discovery requests

and to provide information and documents relevant to the parties' claims and defenses,

proportional to the needs of this case, and otherwise discoverable.  Specifically, Plaintiff has

failed to adequately respond to the Cook Defendants' discovery directed to:  (1) employment

records; (2) social media information; (3) medical expenses; (4) insurance policy and

US.112802508.02

subrogation information; (5) communications between Plaintiff and third parties; (6) evidence Plaintiff claims support her claims; (7) information about advertising or labelling materials related to the Filter read or seen by Plaintiff, statements of Cook taken or possessed by Plaintiff related to the Filter or the allegations in the complaint, and the identity of and facts known by witnesses; (8) information about when Mrs. Hill contacted an attorney about her lawsuit against Cook; and (9) Mrs. Hill's handwritten responses to her Plaintiff Fact Sheet.

3.      Further, Plaintiff has asserted multiple objections to interrogatories and production requests based on various privileges, but failed to provide a privilege log listing the documents withheld from production as required by the Federal Rules of Civil Procedure and the Court's Case Management Order #10 – Protocol Concerning Claims of Privilege and Work Product, Dkt. No. 520.

4.      The Cook Defendants' Brief in Support of Motion to Compel Discovery Responses from Plaintiff Elizabeth Jane Hill has been filed contemporaneously with this Motion.

5.      Pursuant to Fed. R. Civ. P. 37(a)(1) and L.R. 37-1(b), Counsel for the Cook Defendants certifies that they have attempted to resolve the discovery issues raised in this Motion with Plaintiff's counsel by letter, e-mail correspondence, and telephone contact, but such efforts were not successful.  As discussed more fully in the Cook Defendants' Brief in Support, the Cook Defendants' counsel sent correspondence to Mrs. Hill's counsel pointing out the deficiencies in Plaintiff's discovery responses, Plaintiff's waiver of objections, and renewing the Cook Defendants' requests for supplemental answers, responses, and documents. The Cook Defendants' counsel continued with their good faith attempts to resolve these issues with Plaintiff's counsel and even sought intervention by the Court under its informal discovery dispute resolution procedures as recently as April 7, 2017 and May 11, 2017.  The Court has

US.112802508.02

since suspended its informal discovery dispute resolution procedures and now requires the parties to submit formal motions to compel to address significant discovery disputes. *See* 5/12/2017 Order Regarding Local Rule 37-1 Conferences and Related Discovery Matters (Dkt. No. 4650).

6.      In sum, the Cook Defendants' counsel's good faith efforts to resolve these outstanding discovery issues with Plaintiff's counsel were not successful, and this motion is ripe for ruling.

WHEREFORE, the Cook Defendants respectfully request that the Court enter an order (1) compelling Plaintiff to fully and completely respond and produce the requested information and documents, and (2) deeming Plaintiff's claimed privileges waived or, in the alternative, ordering Plaintiff to produce the required privilege log.

Respectfully submitted,

Dated:  June 22, 2017

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
Victoria R. Calhoon (# 28492-49)
Anna C. Rutigliano (# 32743-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com
E-Mail:  victoria.calhoon@faegrebd.com
E-Mail:  anna.rutigliano@faegrebd.com

- 3 -

- 4 -

Charles F. Webber (# 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, Minneapolis  55402
Telephone:  (612) 766-7000
Facsimile:   (612) 766-1600
E-Mail:  chuck.webber@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.


/s/ Andrea Roberts Pierson

- 5 -