**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates to Plaintiff:
Elizabeth Jane Hill

Civil Case No.: 1:15-cv-06016-RLY-TAB

_____

**THE COOK DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO COMPEL**
**DISCOVERY RESPONSES FROM PLAINTIFF ELIZABETH JANE HILL**

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated),

and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") respectfully

urge the Court to grant their Motion to Compel Discovery Responses from Plaintiff Elizabeth

Jane Hill.[1]  Plaintiff has repeatedly refused to produce documents and information relevant to the

issues in this case, proportional to the needs of this case, and otherwise discoverable, but she has

offered no adequate basis for refusing to fully and completely respond.  Plaintiff has also

asserted privilege and withheld documents and information based on privilege, but she has failed

to provide a privilege log listing the withheld documents and has not described the nature of the

documents or information she claims are privileged.  The Cook Defendants urge the Court to (1)

order Plaintiff to produce the requested information and documents and (2) deem Plaintiff's

_____

[1]   In accordance with Local Rule 5-1(b), a Separate Index of Exhibits to The Cook Defendants'
      Brief in Support of Motion to Compel Discovery Responses From Plaintiff Elizabeth Jane Hill
      has been filed contemporaneously with this Brief.  The Exhibits referenced in this Brief are
      attached to the Separate Index.

claimed privileges waived, or in the alternative order Plaintiff to produce the required privilege log.

## I.  FACTUAL BACKGROUND

This is a medical device products liability action.  Plaintiff Elizabeth Jane Hill ("Plaintiff" or "Mrs. Hill") claims that the Cook Celect IVC Filter that her doctor prophylactically implanted during her November 17, 2010 spinal surgery is defective and caused her injury.  She claims extensive injuries and damages.  *See* Ex. A, Plaintiff Profile Sheet, VII. CURRENT COMPLAINTS.  In terms of bodily injuries, she claims that the filter migrated and pierced her vena cava and duodenum causing extreme pain, vomiting, bleeding, nausea, and diarrhea.  *Id*.  She alleges that she "has suffered and will continue to suffer significant medical expenses, pain and suffering, loss enjoyment of life, disability, scarring and disfigurement, and other losses, [and] will require ongoing medical care," and that "emotionally, [she] plummeted into depression with increased anxiety." *Id.*

To defend against these claims, the Cook Defendants served various discovery requests on Plaintiff, including Defendants' First Set of Interrogatories (attached as Exhibit B), Defendants' First Set of Requests for Production (attached as Exhibit C), and Defendants' Third Set of Requests for Production (attached as Exhibit D).  Despite the Cook Defendants' good faith efforts to obtain Plaintiff's cooperation, Plaintiff has failed to fully and completely respond to the Cook Defendants' discovery requests and to provide information relevant to the parties' claims and defenses.  Specifically, Plaintiff has failed to adequately respond to the Cook Defendants' discovery directed to:  (1) employment records; (2) social media information; (3) medical expenses; (4) insurance policy and subrogation information; (5) communications between Plaintiff and third parties; (6) evidence Plaintiff claims support her claims; (7) information about

US.112802568.22

advertising or labelling materials related to the Filter read or seen by Plaintiff, statements of Cook taken or possessed by Plaintiff related to the Filter or the allegations in the complaint, and the identity of and facts known by witnesses; (8) information about when Mrs. Hill contacted an attorney about her lawsuit against Cooks; and (9) Mrs. Hill's handwritten responses to her Plaintiff Fact Sheet.  Plaintiff also asserted multiple objections to interrogatories and production requests based on various privileges, but neither provided a privilege log listing the documents withheld nor described the nature of the allegedly privileged documents or information.

## II.  THE COURT SHOULD COMPEL PLAINTIFF TO RESPOND TO THE COOK DEFENDANTS' DISCOVERY REQUESTS

**A.     The Legal Standard.**

Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery concerning:

> any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case**,** considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added).  "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.*  When an opposing party refuses to provide relevant information and documents in discovery, "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  The Cook Defendants will address the application of this standard to each category of disputed discovery in turn.

**B.     Plaintiff's Insufficient Responses to the Cook Defendants' First Discovery Requests and Requests made at Plaintiff's Deposition**

On September 1, 2016, the Cook Defendants served their First Interrogatories and Requests for Production on Mrs. Hill.   Mrs. Hill served unverified and untimely responses on October 12, 2016.  *See* Ex. E, Plaintiff's Answers to First Set of Interrogatories; *see* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production.  By serving her

- 3 -

responses late, Plaintiff **waived** any objections to the Cook Defendants' discovery requests.  *See*

*Stelor Productions, Inc. v. Oogles N Googles*, 2008 WL 5062786, *1 (S.D. Ind. Nov. 21, 2008)

(objections not timely raised are waived).

On October 20, 2016, Cook's counsel sent a letter to Mrs. Hill's counsel pointing out the

deficiencies in Plaintiff's discovery responses and her waiver of objections, and renewing

Cook's requests for supplemental answers, responses, and documents.  *See* Ex. G, 10/20/2016

Letter from Cook counsel P. Reilly to Plaintiff's counsel J. Johnson.  Cook's counsel continued

good faith attempts to resolve these issues with Plaintiff and even sought intervention by the

Court under its informal discovery dispute resolution procedures as recently as April 7, 2017 (*see*

Ex. H, 4/7/2017 Letter  from Cook counsel A. Pierson to Magistrate Tim A. Baker (*without*

*exhibits*)) and May 11, 2017.  *See* Ex. I, 5/11/2017 Letter from Cook counsel A. Campbell to

Magistrate Tim A. Baker (*without exhibits*)*; see* Fed. R. Civ. P. 37(a)(1) (requiring certification

of good faith efforts to resolve discovery disputes without court action); *see* L.R. 37-1 (same).[2]

These good faith efforts to resolve these discovery issues did not succeed, and this motion to

compel is ripe for ruling by the Court.  *See* Fed. R. Civ. P. 37(a)(1) (requiring certification of

good faith efforts to resolve discovery disputes without court action); *see* L.R. 37-1 (same); *see*

Motion to Compel.

To date, Mrs. Hill has not provided supplemental answers or documents for the following

discovery topics and initial discovery requests, and the Cook Defendants urge the Court to

compel Plaintiff to produce the relevant documents and supplemental answers.

---

[2]   The Court recently suspended these procedures, which allowed the parties to first present their
discovery disputes for resolution (informally) by telephone call or letter to the Court.  *See*
L.R. 37-1(a).  The Court now requires the parties to submit formal motions to compel to
address significant discovery disputes.  *See* 5/12/2017 Order Regarding Local Rule 37-1
Conferences and Related Discovery Matters (Dkt. No. 4650).

- **Employment Records (Request No. 31)**

Cook sought Plaintiff's employment records from November 17, 2000 (the date of her

spinal surgery) to the present, to which Plaintiff responded: "Not applicable":

> **REQUEST NO. 31:**  All employment records relating in any way to Plaintiff
> whether employed or self-employed, including the names and addresses of all
> employers, the records of the dates absent from work for any reason, the records
> relating to the fact and duration of unemployment, the records of workers'
> compensation, unemployment insurance, welfare, and applications for assistance
> from any governmental agency because of unemployment or ill health, and all
> income records from November 17, 2000, to the present.

> **RESPONSE NO. 31:**  Not applicable.

*See* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response

No. 31.  According to Plaintiff's Expert Leigh Ann Levy's March 11, 2017 Report (*see* Ex. J,

Levy Report at 18), however, Mrs. Hill had a part-time job working 15-20 hours a week during

this time period and immediately before her 2010 filter placement.  Plaintiff did *not* list this job

on her 2/17/2015 Plaintiff Fact Sheet or her Plaintiff Profile Sheet (served 6/1/2017).  *See* Ex. K,

Plaintiff Fact Sheet, I. BACKGROUND INFORMATION, 10; *see* Ex. A, Plaintiff Profile Sheet,

II. PLAINTIFF INFORMATION, 13.

Information concerning Plaintiff's employment is relevant and discoverable to the extent

Mrs. Hill is claiming lost wages as damages.  Even if Plaintiff disavows any claim for lost

wages, the information about her part-time job is nevertheless relevant and discoverable (1)

because Plaintiff's expert, Ms. Levy, refers to such information in her expert report and life care

plan for Mrs. Hill, and (2) because it relates to Mrs. Hill's claim for damages for lost enjoyment

of life and for disability.

If Mrs. Hill has any employment records relating to this part-time job or others in her

possession, the Cook Defendants ask the Court to order her to produce them.  If she personally

has no such records, then the Court should at a minimum compel her to *accurately* identify her

employer(s) by name and address and provide Cook with a signed authorization so that it can obtain records directly from the employer(s).

- **Social Media Information (Plaintiff Fact Sheet, Interrogatory No. 24, Request No. 37)**

The Cook Defendants sought information on Mrs. Hill's social media accounts through her Plaintiff Fact Sheet, and by the Cook Defendants' First Set of Interrogatories and Requests for Production.  Specifically, Cook made the following requests and received the following responses:

**PLAINTIFF FACT SHEET VIII(m) REQUEST:**  Screenshots of all webpages of each type of social media used by you (including, but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn) showing any and all "posts" and/or "messages" from the date of implantation to the present.

**PLAINTIFF FACT SHEET VIII(m) RESPONSE:**  Not applicable.  The documents are attached _X_   [OR]   I have no documents ___

**INTERROGATORY NO. 24:**  Please state whether you use or ever have used social media websites, including but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, Pinterest, or other social media.  For each website you have used, please provide all user names, handles, login names or IDs and e-mail addresses applicable to the login or use of the website, and the approximate dates or date range of use for each website.

**ANSWER NO. 24:**  OBJECTION:  Plaintiff objects to this interrogatory as seeking information outside the proper scope of discovery and as intended to harass, embarrass or violate Plaintiff and Plaintiff's family and friend's privacy.

**REQUEST NO. 37:**  Text messages, e-mails, tweets, or any and all social media posts (including but not limited to Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, and Pinterest) that relate to, refer to, or concern the Filter, vena cava filters generally, your medical conditions, your recovery, your alleged damages, or Cook.

**RESPONSE NO. 37:**  OBJECTION:  Plaintiff objects to this request as seeking email communications between Plaintiff and counsel.

US.112802568.22

*See* Ex. K, Plaintiff Fact Sheet, Section VIII(m); *see* Ex. E, Plaintiff's Answers to First Set of Interrogatories, Answer No. 24; *see* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response No. 37.

Mrs. Hill's Plaintiff Fact Sheet response was ambiguous, asserting both that the request was "Not applicable" and that "The documents are attached." *See* Ex. K, Plaintiff Fact Sheet, Section VIII(m). In any event, no social media documents were attached to Mrs. Hill's Plaintiff Fact Sheet. *Id.* The Court should overrule Plaintiff's objections based on harassment, embarrassment, invasion of privacy, and privilege, and should order Plaintiff to produce the requested documents and information.

First, social media information is relevant and discoverable. *See e.g., Higgins v. Koch Development Corp.*, 2013 WL 3366278, *2-3 (S.D. Ind. July 5, 2013) (granting defendant's motion to compel discovery of Facebook information); *Anderson v. City of Fort Pierce*, 2015 WL 11251963, *3 (S.D. Fla. Feb. 12, 2015). Additionally, at least one of Plaintiff's experts, Ms. Levy, apparently possesses Mrs. Hill's social media information because she refers to that information in her expert report (*see* Ex. J, Levy Report at 3 ("Social Media Records – 04/16/15")). Several of Plaintiff's other experts allege substantial damages and injuries to Mrs. Hill's physical, emotion, and financial conditions, topics of the sort commonly presented and discussed on social media. Further, given Plaintiff's claim that the Cook Defendants should have anticipated litigation by Mrs. Hill as early as August, 2013 (*see* Ex. H, 4/7/2017 Letter from Cook counsel A. Pierson to Magistrate Tim A. Baker at 8), the Cook Defendants are also entitled to know what information Mrs. Hill possessed and retained in anticipation of litigation (or discarded) at least as early as that date.

US.112802568.22

Second, Plaintiff's counsel's privacy and other objections ring hollow.  Plaintiff herself has admitted that she has no objection to providing Cook access to her social media information. When asked about this in her deposition, Mrs. Hill stated that she "forwarded" her social media information to her attorneys and that she provided her attorney with her social media login information giving them "access to [her] Facebook."  Ex. L, E. Hill Dep. 220:3-16; 220:17-24. She further testified while being questioned by Cook's counsel that she understood that the Cook Defendants needed access to her Facebook profile and that she had no objection to such access.

> Q:   So you have provided documents. What did you provide?
>
> A:   Access to my Facebook, *which I understand you-all needed and I said it's fine.  I don't care.*

*Id.* 220:17-20 (emphasis added).  In addition to confirming that she was "fine" with giving access to her Facebook information, Mrs. Hill also confirmed that Facebook is the only social media that she uses.  *Id.* at 220:25-221:13.  Following this concession, the Cook Defendants again requested Facebook information from Plaintiff's counsel by letter (*see* Ex. M, 11/17/2016 Letter from Cook counsel J. Cox to Plaintiff's counsel J. Johnson and M. Heaviside), but Plaintiff's counsel still has not provided complete information and access.

The Court should order Plaintiff to provide to Cook all requested social media information – specifically, Plaintiff's Facebook information – including passwords, all parts of her profile information and posts, without restriction from November 17, 2010, to the present date.  Such information is relevant and discoverable.  Further, Plaintiff's counsel's untimely objections to its production are waived as a matter of law and, more significantly, are

US.112802568.22

undermined by Mrs. Hill's own statements that "it's fine" to allow Cook access and that "[she doesn't] care."[3]

- **Medical Expenses (Interrogatory No. 5, Request No. 24)**

In Interrogatory No. 5, the Cook Defendants requested information about *the nature* and amount of all expenses, financial losses, or damages identified in Plaintiff's discovery responses that Plaintiff claims are attributable to her Celect Filter. Specifically, the Cook Defendants asked the following question and made the following request:

> **INTERROGATORY NO. 5:** With respect to each expense, financial loss, or damage identified, please state the nature and amount of such expense, financial loss, or damage, the date(s) thereof, and the name and address of the provider or other person to whom payment was made or is to be paid.

> **REQUEST NO. 24:** Any and all medical bills, statements or other documents that relate to, refer to, or concern any expenses incurred by you for examination or treatment of the injuries you claim.

*See* Ex. B, Defendants' First Set of Interrogatories to Plaintiff, Interrogatory No. 5; *see* Ex. C, Defendants' First Set of Requests for Production to Plaintiff, Request No. 24.

In response, Plaintiff provided a "MEDICAL BILL INDEX" listing medical provider, date of service, payments, and outstanding balance, but did *not* include any information about the *nature* of each service. *See* Ex. E, Plaintiff's Answers to First Set of Interrogatories, Answer No. 5. The nature of each service is relevant to Plaintiff's claims for damages, and the Court should compel Plaintiff to provide this information.

Also, after Plaintiff's description at her deposition of various out-of-pocket expenses, the Cook Defendants requested receipts for those expenses (*see* Ex. M, 11/17/2016 Letter from Cook

---

[3] To the extent that Plaintiff claims her Facebook account contains privileged communications with her attorneys, as her response asserts, the Rules require her to provide a log of such communications and provide the basis for the claim of privilege. She has not done so, and in fact her deposition testimony suggests that no such privileged Facebook communications exist.

US.112802568.22

counsel J. Cox to Plaintiff's counsel J. Johnson and M. Heaviside), which fall within the scope of Request No. 24 ("expenses incurred by [Plaintiff]").  Plaintiff has failed to produce any such receipts.

The nature of Plaintiff's losses and Plaintiff's claimed out-of-pocket losses are relevant and discoverable, and Plaintiff has raised no objection to Cook's request for them; she simply has not provided the information and documents.  The Court should compel Plaintiff to produce the requested information and documents.

- **Insurance Policy and Subrogation Information (Interrogatory Nos. 6, 7)**

In Interrogatories Nos. 6 and 7, the Cook Defendants specifically requested information about the policy periods, policy numbers, policy limits, and any subrogation claims related to Mrs. Hill's medical insurance.  Specifically, the Cook Defendants asked the following questions and received the following answers:

**INTERROGATORY NO. 6:**  If any person or entity other than you (such as any corporation, insurance company, governmental entity or fund) has paid an expense identified in response to Interrogatory No. 5 in whole or in part, or has made promises of benefit or payment to you or on your behalf, describe each and every payment or promise of payment.  Include the expense or loss for which you received compensation, reimbursement, or promises of benefit or payment; the individual, entity, or fund making the payment or promise of payment; and any policy period, policy number, and policy limits associated with the payment or promise of payment.

**ANSWER NO. 6:**  See response to #5.[4]

**INTERROGATORY NO. 7:**  With respect to any person, insurance company, or other entity that provided medical coverage to you or paid medical bills on your behalf at any time, beginning seven (7) years before the alleged injuries through the present, please state whether each entity has a right of subrogation against you.

---

[4]   As discussed above, Plaintiff's Answer No. 5 ("response #5") consisted of a "MEDICAL BILL INDEX" listing medical provider, date of service, payments, and outstanding balance.

- 10 -

**ANSWER NO. 7:**

Medicare-MSPRC
Auto No Fault/Liability
PO Box 138832
Oklahoma City, OK  73113

BC/BS/The Rawlings Company
P.O. Box 2000
LaGrange, Kentucky  40031

*See* Ex. E, Plaintiff's Answers to First Set of Interrogatories, Answer Nos. 6-7.

Plaintiff does not deny that this information is relevant to Plaintiff's claimed damages and collateral source payments, but she has nonetheless failed to provide the requested information.  Plaintiff's Answer No. 6 only references Plaintiff's "MEDICAL BILL INDEX" in Answer No. 5, but it does not provide policy periods, policy numbers, or policy limits, or any information about any subrogation claims related to Mrs. Hill's medical insurance.  Further, Plaintiff's Answer No. 7 is unclear and does not state whether the listed entities in fact have a subrogation right or claim against Mrs. Hill.  Plaintiff has declined to provide the requested information and clarify her answers, and the Court should compel her to do so.

- **Communications Between Plaintiff and Any Third Party (Request No. 8)**

Request No. 8 seeks from Plaintiff "any communication between Plaintiff or anyone acting on her behalf (including her attorney) to *any third party, including, but not limited to,* any doctor, medical staff, employer, defendants, governmental agency relating to the Filter, this action, or the allegations in this action."  The pertinent request and response read:

**REQUEST NO. 8:**  Any communication between Plaintiff or anyone acting on her behalf (including her attorney) to any third party, including, but not limited to, any doctor, medical staff, employer, defendants, governmental agency relating to the Filter, this action, or the allegations in this action.

- 11 -

**RESPONSE NO. 8:**  Attached are the following medical bills in our possession:

A.J. Bidani, M.D.
Surgical Associates of West Florida
Safety Harbor Surgery Center
Bellingar, D.O.; Gastro Florida
Jacome, M.D./Neurology Institute of Central Florida
Mease Countryside Hospital, DOS:  03/23/2011
Morton Plant Hospital, DOS:  08/12/2013
Suncoast Endoscopy
Dr. Hellstern and Dr. Chandrupatla
The Milton S. Hersey Medical Center, DOS:  08/21/2013.

*See* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response No. 8.

The information Cook seeks is relevant and discoverable because it specifically addresses the product at issue, Plaintiff's claims in this lawsuit, and Plaintiff's allegations.  *See* Fed. R. Civ. P. 26(b)(1).  Nevertheless, Plaintiff produced *only medical bills* in response to this request, a selective response that is improper and insufficient.  *See* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response No. 8.  The Court should compel Plaintiff to produce any responsive documents or, if she has none, to affirmatively state that she has no any responsive documents in her possession, custody, or control.

- **Information About Evidence to Support Plaintiff's Claims Requested Through Interrogatories and Requests for Production to Which Plaintiff Objected to as Being "Premature" (Interrogatory Nos. 11-16, Request Nos. 13-18)**

Cook served interrogatories and document requests expressly seeking the identification and production of the information that Plaintiff believes support her claims.  Specifically, Cook asked the following questions and made the following requests:

**INTERROGATORY NO. 11:**  Describe each and every thing of which you are aware that supports your claim that the Filter was defective (*see* Complaint, Count I, ¶ 39), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.  Your response should include a statement of whether you contend that the Filter suffered from a design

- 12 -

defect, a manufacturing defect, a failure to warn, or some other type of defect, and the nature of such alleged defect.

**INTERROGATORY NO. 12:**  Describe each and every thing of which you are aware that supports your claim that Cook failed to provide warnings of risks and dangers posed by the Filter (*see* Complaint, Count I, ¶ 40), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**INTERROGATORY NO. 13:**  Describe each and every thing of which you are aware that supports your claim that Cook "committed one or more breaches of their duty of reasonable care and were negligen[t] [sic]" (*see* Complaint, Count II, ¶ 46), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**INTERROGATORY NO. 14:**  Describe each and every thing of which you are aware that supports your claim that Cook's "marketing of the COOK Filter was false and/or misleading" (*see* Complaint, Count III, ¶ 54), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**INTERROGATORY NO. 15:**  Describe each and every thing of which you are aware that supports your claim that Cook "breached their express warranties and the implied warranties associated with the product" (*see* Complaint, Count III, ¶ 56), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**INTERROGATORY NO. 16:**  Describe each and every thing of which you are aware that supports your claim for punitive damages (see Complaint, Count V [sic]), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**REQUEST NO. 13:**  Any and all documents you contend support or prove your claim that the Filter was defective (*see* Complaint, Count I, ¶ 39).

**REQUEST NO. 14:**  Any and all documents you contend support or prove your claim that that Cook failed to provide warnings of risks and dangers posed by the Filter (*see* Complaint, Count I, ¶ 40).

**REQUEST NO. 15:**  Any and all documents you contend support or prove your claim that Cook "committed one or more breaches of their duty of reasonable care and were negligen[t] [sic]" (*see* Complaint, Count II, ¶ 46).

**REQUEST NO. 16:**  Any and all documents you contend support or prove your claim that Cook's "marketing of the COOK Filter was false and/or misleading" (*see* Complaint, Count III, ¶ 54).

- 13 -

> **REQUEST NO. 17:**  Any and all documents you contend support or prove your claim that Cook "breached their express warranties and the implied warranties associated with the product" (*see* Complaint, Count III, ¶ 56).

> **REQUEST NO. 18:**  Any and all documents you contend support or prove your claim for punitive damages (*see* Complaint, Count V [sic]).

*See* Ex. B, Defendants' First Set of Interrogatories to Plaintiff, Interrogatory Nos. 11-16; *see* Ex. C, Defendants' First Set of Requests for Production to Plaintiff, Request Nos. 13-18.

This discovery is necessarily relevant because it goes directly to evidence about the product at issue, Plaintiff's claims in this lawsuit, and Plaintiff's allegations.  *See* Fed. R. Civ. P. 26(b)(1).  Indeed, Plaintiff did not object to this discovery on the basis that it was not relevant. Instead, Plaintiff objected to **each** of these interrogatories and requests about evidence that supported Plaintiff's claims on the basis that the Interrogatories and Requests were **"premature."**  *See* Ex. E, Plaintiff's Answers to First Set of Interrogatories, Answer Nos. 11-16 ("OBJECTION: Plaintiff objects to this interrogatory as premature."); s*ee* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response Nos. 13-18 ("OBJECTION: Plaintiff objects to this request as premature.").

Given the recent completion of Plaintiff's experts' reports *and* the fast-approaching discovery deadline and trial date, these discovery requests can no longer credibly be objectionable as "premature" (if they ever were).  The Cook Defendants urge the Court to compel Plaintiff to immediately produce the requested information and documents or, if no such information or documents exist, to affirmatively state that she has not identified any such evidence.

- 14 -

- **Information About Advertising, Labelling, Statements of Cook, and Witnesses Requested through Interrogatories that was Improperly Objected to Claiming that such Interrogatories Requested Documents (Interrogatory Nos. 9, 18, 19, Request No. 1)**

The Cook Defendants served interrogatories seeking information about advertising or labelling materials related to the Filter read or seen by Plaintiff, statements of Cook taken or possessed by Plaintiff related to the Filter or the allegations in the complaint, and the identity of and facts know by witnesses.   The questions at issue asked:

> **INTERROGATORY NO. 9:**  State whether you read or saw any written, televised, or internet-based advertising or labeling material related to the Filter, other than in consultation with your attorney.  This includes, but is not limited to, advertising or information on problems, claims, or lawsuits related to the Celect or other inferior vena cava filters.  Include the nature of the material, when you obtained it, and from whom or where you obtained it.

> **INTERROGATORY NO. 18:**  Describe all statements taken or possessed by you of any employee, representative, or agent of Cook related to the Filter or any allegation in the complaint, including the individual who provided the statement, the date the statement was given, to whom the statement was given, and the content of the statement.

> **INTERROGATORY NO. 19:**  Identify and describe each person whom you believe has knowledge concerning the facts of this case, including the witness's name, address, and telephone number, the facts you believe are known or have been observed by the witness, and provide a copy of any written or recorded statements taken from the individual.

*See* Ex. B, Defendants' First Set of Interrogatories to Plaintiff, Interrogatory Nos. 9, 18, 19.

Such discovery is necessarily relevant because it goes directly to evidence about the product at issue, Plaintiff's claims in this lawsuit, Plaintiff's allegations, and witnesses. *See* Fed. R. Civ. P. 26(b)(1).  Again, Plaintiff did not object to this discovery on the basis that it did not seek relevant information.  Instead of providing the information requested, however, Plaintiff objected to **each** Interrogatory on the ground that it actually sought the production of documents or things. *See* Ex. E, Plaintiff's Answers to First Set of Interrogatories, Answer Nos. 9, 18, 19

US.112802568.22

("OBJECTION: Plaintiff objects to this interrogatory as exceeding the scope of an interrogatory because it requests production of documents or tangible items.").

This is not a proper objection, and it is not accurate; as the text of these three interrogatories shows, they asked Plaintiff to provide information, not documents.  If Plaintiff believes that the information sought is contained in her business records (or other documents) and that the burden of extracting the information would be substantially the same for either party, Rule 33(d) provides Plaintiff with a procedure to note that fact and produce the documents in lieu of the information.  Plaintiff has not pursued that option; instead, she has produced neither the information nor the documents she says the interrogatories request.  Moreover, even if the information sought were in fact contained in documents, the Cook Defendants have also requested those documents.  The Cook Defendants' first document request and Plaintiff's response read:

> **REQUEST NO. 1:**  Any and all documents identified by you in response to any interrogatories Cook serves upon you in this action, including without limitation the interrogatories served concurrently with these requests.
>
> **RESPONSE NO. 1:**  OBJECTION:  Plaintiff hereby incorporates by reference as if set forth in full all objections asserted in response to each interrogatory served upon Plaintiff by Cook.

*See* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response No. 1.  Plaintiff has produced no documents that she links to Interrogatory 9, 18, or 19.

The Court should compel Plaintiff both to provide the requested information and to produce any responsive documents pursuant to Request No. 1, which seeks any documents identified in response to the Interrogatories.

- **Information about when Mrs. Hill Contacted an Attorney as Requested in Her Deposition**

In Plaintiff's November 10, 2016 deposition, Cook's counsel asked Mrs. Hill when she first contacted an attorney about a lawsuit against the Cook Defendants and how she came to find her attorney.  Ex. L, E. Hill Dep. 34:8-35:16, 36:7-9, 229:7-231:21.  Plaintiff's attorney objected multiple times and instructed Mrs. Hill not to answer based on attorney-client privilege, despite Cook's assurances that they were not seeking the content of the communications, just the date. *Id.*

The Court should compel Plaintiff to provide this date.  The attorney-client privilege does not protect the date that a person first discusses possible legal remedies with an attorney.  Ex. L, E. Hill Dep. 229:7-231:19; *Coffey-Garcia v. South Miami Hospital, Inc.,* 194 So. 3d 533, 538 (Fla. Dist. Ct. App. 2016) (applying Florida law and finding that information about when and with whom a person consulted for the general purpose of discussing possible legal remedies does not implicate the attorney-client privilege)[5].  Further, the date of Plaintiff's retention of her attorneys bears directly on the issue of when the parties began anticipating litigation, an issue that Plaintiff has made relevant by alleging that the Cook Defendants should have anticipated Plaintiff's litigation at a time when Plaintiff herself might not yet have been contemplating it.

- **Information about Mrs. Hill's Handwritten Responses to Her Plaintiff Fact Sheet as Requested in Her Deposition**

Plaintiff testified at her deposition that she wrote and submitted handwritten responses to her Plaintiff Fact Sheet, but that someone else—probably someone at her attorney's office—had typed the answers on the version disclosed to Cook.  Ex. L,  E. Hill Dep. 40:6-42:9.  The Cook Defendants requested a copy of the handwritten answers, but Plaintiff's counsel said he

---

[5]   Mrs. Hill's medical device products liability claims against the Cook Defendants are governed by Florida substantive law.  "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 501.

"suspect[s] we destroyed those things" but would confirm and consider Cook's request to obtain a copy. *Id.* Cook's counsel sent a follow up letter on November 17, 2016 (*see* Ex. M, 11/17/2016 Letter from Cook counsel J. Cox to Plaintiff's counsel J. Johnson and M. Heaviside), but Plaintiff neither provided a copy of the handwritten responses nor confirmed the spoliation of the handwritten original.

Plaintiff's original handwritten responses to the Plaintiff Fact Sheet are undeniably relevant, and Plaintiff does not claim otherwise. The Court should compel Plaintiff to produce the original response or, if it no longer exists, to confirm that fact and explain how the destruction of the evidence occurred.

- **Insufficient Privilege Objections and Failure to Produce a Privilege Log (Interrogatory Nos. 8, 20, Request Nos. 2, 12, 20, 27, 28, 29, 30, 37)**

Plaintiff invoked the attorney-client privilege and attorney work product doctrine to avoid answering a long list of the Cook Defendants' interrogatories and document requests. This discovery sought information and documents about the Cook Defendants; the Filter at issue - including testing, inspection, or examination of the Filter; Plaintiff's witnesses; the facts, allegations, injuries, and damages in Plaintiff's Complaint; Plaintiff's injuries, medical conditions, damages, and recovery; and Plaintiff's trial exhibits. The questions and requests at issue and Plaintiff's responses are:

**INTERROGATORY NO. 8:** Describe all information, documents, or things relating to Cook or the Filter you received from any person or entity, including the nature of the information or documents, when you obtained them, and from whom or where you obtained them.

**ANSWER NO. 8:** OBJECTION: Plaintiff objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client and attorney-work product and consulting expert privileges. As worded, when the instructions provided by Defendant are considered, the interrogatory seeks all communications between Plaintiff and counsel and all information "relating to Cook or the filter" in possession of Plaintiff's counsel that was obtained at any time from any source. Further, the information sought is not limited to

information in counsel's possession that is related to this Plaintiff or this Plaintiff's filter and thus, outside proper relevancy considerations and disclosure of such would violate the federal and state privacy interest of other individuals represented by Plaintiff's counsel.

**INTERROGATORY NO. 20:**  Identify any individual who may be called as a witness at any trial, including both fact and expert witnesses, and, for each expert witness, provide a complete statement of all opinions to be expressed and the bases for each opinion, the data or other information considered by the individual in forming his or her opinions in the case, the qualifications of the individual to provide expert testimony, including a list of all publications authored by the individual within the last ten years, the compensation to be paid to the individual, and a list of any other cases in which the individual has testified as an expert at trial or by deposition within the preceding four years.

**ANSWER NO. 20:**  OBJECTION:  Plaintiff objects to this interrogatory as seeking attorney-work product regarding the identity of witness who may be called at trial and exceeding the proper scope of discovery for fact witnesses.

**REQUEST NO. 2:**  Any and all documents that relate to, refer to, or concern any of the facts, allegations, injuries, or damages referred to in the Complaint.

**RESPONSE NO. 2:**  OBJECTION:  Plaintiff objects to this because in seeking documents that "relate to, refer to, or concern any of the facts, allegations, or injuries, or damages referred to in the Complaint," this request seeks communications between Plaintiff and counsel that are protected from discovery by the attorney-client privilege.  Further, because the request is not limited in time, it seeks documents created or containing information obtained following the time litigation was contemplated by Plaintiff's counsel and/or communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in Cook IVC litigation and protected from discovery by the attorney work-product privilege.

**REQUEST NO. 12:**  Any and all notes, diaries, calendar, or other documents made by you that relate to, refer to, or concern your medical conditions or any claim you assert in this lawsuit.

**RESPONSE NO. 12:**  OBJECTION:  Plaintiff objects to this request for "other documents" because it can be construed to seek communications between Plaintiff and Plaintiff's counsel.

**REQUEST NO. 20:**  Any and all documents that relate to, refer to, or concern the Filter.

**RESPONSE NO. 20:**  OBJECTION:  Plaintiff objects to this request for "Any and all documents that "relate to, refer to, or concern the Filter" as unduly broad and unlimited in scope so that it encompasses attorney-client communications, work product, communications with consulting experts, and communications

- 19 -

between Plaintiff's counsel and counsel for similarly situated plaintiffs in IVC litigation.

**REQUEST NO. 27:**  All statements (whether written or oral) of any employee, representative, or agent of Cook related to the Filter, and all documents and things that relate to, refer to, or concern any statement.

**RESPONSE NO. 27:**  OBJECTION:  Plaintiff objects to this request for statements "related to the Filter" and documents that "relate to, refer to, or concern any statement" as unduly broad and unlimited in scope so that it encompasses attorney-client communications, work product, communications with consulting experts, and communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in IVC litigation.

**REQUEST NO. 28:**  All documents relating to any test, inspection, or examination of the Filter.

**RESPONSE NO. 28:**  OBJECTION:  Plaintiff objects to this request for all documents "related to" as unduly broad and unlimited in scope so that it encompasses attorney-client communications, work product, communications with consulting experts, and communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in IVC litigation.

**REQUEST NO. 29:**  Any and all documents that relate to, refer to, or concern any witness you intend to call at trial, including both fact and expert witnesses. For each witness, include all documents, including but not limited to, reports, notes, files, and other documents and things created, received, or examined by the witness.

**RESPONSE NO. 29:**  OBJECTION:  Plaintiff objects to this request as seeking attorney-work product regarding the identity of witness who may be called at trial and exceeding the proper scope of discovery for fact witnesses.

**REQUEST NO. 30:**  Any and all documents and things that you may introduce as exhibits at trial.

**RESPONSE NO. 30:**  OBJECTION:  Plaintiff objects to this request as premature because the deadline for exhibit lists has not been reached, as seeking work product regarding exhibits that "may" be introduce[d] and possible rebuttal exhibits.

**REQUEST NO. 37:**  Text messages, e-mails, tweets, or any and all social media posts (including but not limited to Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, and Pinterest) that relate to, refer to, or concern the Filter, vena cava filters generally, your medical conditions, your recovery, your alleged damages, or Cook.

- 20 -

**RESPONSE NO. 37:**  OBJECTION:  Plaintiff objects to this request as seeking email communications between Plaintiff and counsel.

*See* Ex. E, Plaintiff's Answers to First Set of Interrogatories, Answer Nos. 8, 20; *see* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response Nos. 2, 12, 20, 27-30, 37.

Again, Plaintiff does not deny that this information and these documents are relevant or that they go directly to evidence about the product at issue, Plaintiff's claims in this lawsuit, Plaintiff's allegations, and witnesses. *See* Fed. R. Civ. P. 26(b)(1).  Instead, Plaintiff refuses to produce the requested information and documents based on blanket assertions that the Interrogatories and Requests sought information and documents that are privileged as attorney-client communications, attorney work-product, communications with consulting experts, and/or "communications with Plaintiff's counsel and counsel for similarly situated plaintiffs in IVC litigation."  As the responses above demonstrate, Plaintiff produced *no* information or documents *at all* in response to these discovery requests.

If a party withholds information otherwise discoverable by claiming that the information is privileged, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  Additionally, Fed. R. Civ. P. 34(b)(2)(C) requires that an "objection must state whether any responsive materials are being withheld on the basis of that objection.  *An objection to part of a request must specify the part and permit inspection of the rest*."  Fed. R. Civ. P. 34(b)(2)(C) (emphasis added).  The Court's Case Management Order #10 – Protocol Concerning Claims of Privilege and Work Product, Dkt. No. 520 ("CMO 10") (entered 7/10/2015) reaffirms these requirements, providing that the parties *must* provide a privilege log for all responsive

US.112802568.22

documents withheld from production based on a claim of privilege, sets forth a specific protocol for asserting privilege, and further sets forth the contents of the required privilege log.[6]

Here, Plaintiff has failed to identify whether she is withholding any documents based on the claim of privilege and has failed to provide the required privilege log outlining the privilege(s) asserted and describing the nature of any of the documents or information withheld from production based on privilege. Plaintiff's answers and responses are insufficient and violate the Federal Rules of Civil Procedure and CMO 10.

The Court should find that Plaintiff's failure to comply with the Rules and CMO 10 waived any protection from discovery and should compel Plaintiff to produce the requested information and documents. *E.g., Miller v. City of Plymouth,* 2011 WL 1740154, *4 (N.D. Ind. May 5, 2011) ("[F]ailure to serve an adequate and timely privilege log may result in a waiver of any protection from discovery."); *e.g., Petrovic v. City of Chicago,* 2007 WL 2410336, *2 (N.D. Ill. August 21, 2007) ("Generally, the result of an inadequate privilege log is disclosure."); *see Stelor Productions, Inc.,* 2008 WL 5062786 at *1 (S.D. Ind. Nov. 21, 2008) (objections not timely raised are waived). In the alternative, the Court should at the very least compel Plaintiff to (1) state whether she is withholding any documents based on a claim of privilege and (2) provide a privilege log for all the documents she has withheld on that basis.

---

[6] The required privilege log shall contain: (a) the document date; (b) the source of the document; (c) the author name and/or author e-mail address as provided in the applicable metadata field of the person(s) who prepared the document to the extent available; (d) the recipient name and/or recipient e-mail address as provided in the applicable metadata field of any person(s) to whom the document was disseminated, to the extent available, including any recipient outside of Cook; (e) the file type; (f) the specific privilege or protection asserted for the document; and (g) information sufficient to enable the other party to evaluate the applicability of the claimed privilege or protection. CMO 10, **II. Privilege Log**.

US.112802568.22

**C.     Plaintiff's Insufficient Responses to the Cook Defendants' Third Request for Production of Documents, Including Requests for Social Media Documents and Employment Records**

As a follow up effort to obtain relevant discovery information from Plaintiff, the Cook Defendants served their Third Set of Requests for Production to Plaintiff on May 15, 2017 (attached as Exhibit D).   These third production requests included specific requests for information and documents relating to Plaintiff's social media documents and employment records.   As discussed above, such information is highly relevant given Plaintiff's and her experts' sweeping allegations as to Plaintiff's damages and limitations.

Prior to serving the Third Requests for Production, counsel for Cook had requested from and discussed the relevance of Plaintiff's social media and employment information and documents with Plaintiff's counsel.  *See, e.g.,* Social Media Information (Plaintiff Fact Sheet, Interrogatory No. 24, Request No. 37) (above).  Counsel for the Cook Defendants certifies that they have exhausted their good faith efforts to resolve the issue of discovery of Plaintiff's social media and employment information and documents with Plaintiff's counsel and that this motion to compel is ripe for ruling. *See id.; see* Section II. B; *see* Fed. R. Civ. P. 37(a)(1) (requiring certification of good faith efforts to resolve discovery disputes without court action); *see* L.R. 37-1 (same).

Plaintiff responded to the Cook Defendants' Third Requests for Production on June 1, 2017.  *See* Ex. N, Plaintiff's Response to Defendants' Third Set of Requests for Production.  Like her previous responses, Plaintiff's Third Production Response was insufficient and failed to provide relevant and discoverable documents and information.  In particular, Plaintiff failed to produce various social media documents in the native file format requested and failed to produce complete employment records.  The Cook Defendants urge the Court to compel Plaintiff to produce the relevant documents and information.

- **An Electronic Copy of Plaintiff's Facebook Profile** *in Native Format*, **Including All Folder, .html Files, and Photographs Contained in the facebook-janeedgemonhill.zipfile** *Downloaded on April 16, 2015, at 6:00 PM* **(Third Prod. Request No. 4)**

Cook requested a *native version* of the 2015 PDF printout of Mrs. Hill's Facebook Profile page that Plaintiff's counsel gave Plaintiff's expert, Ms. Levy, to help Ms. Levy prepare her report. *See* Ex. J, Levy Report at 3 ("Social Media Records – 04/16/15"). The request and Plaintiff's response stated:

> **[THIRD] REQUEST NO. 4:** An electronic copy of your Facebook profile in native file format, including all folders, .html files, and photographs contained in the facebook-janeedgemonhill.zip file downloaded on April 16, 2015 at 6:00 p.m.
>
> **[THIRD] RESPONSE NO. 4:** Objection as Elizabeth Hill is no[t] [sic] aware of any court order or obligation to provide an electronic copy of her Facebook profile in native file format. Furthermore, if this information is available in native file format, the information sought is an unacceptable invasion into Mrs. Hill's privacy. All of the requested information has previously been provided to counsel for the Defendants as a PDF.

*See* Ex. N, Plaintiff's Response to Defendants' Third Set of Requests for Production, Response No. 4.

Plaintiff's objection – apparently by her counsel – that this request is an "unacceptable invasion into Mrs. Hill's privacy" and that "[a]ll of the requested information has previously been provided to counsel for the Defendants as a PDF" ignores Plaintiff's own concession at her deposition that the Cook Defendants will need and have a right to review her social media information. Ex. L, E. Hill Dep. 220:8-221:13; 220:17-20 (confirming that Mrs. Hill is "fine" with giving the Cook Defendants access to her Facebook information). Indeed, as more fully demonstrated above (*see* Social Media Information (Plaintiff Fact Sheet, Interrogatory No. 24, Request No. 37), social media information is relevant and discoverable; Ms. Levy relies on this social media information in her expert report; Ms. Levy and several of Plaintiff's other experts

- 24 -

allege substantial damages and injuries to Mrs. Hill's physical, emotion, and financial conditions - topics of the sort commonly presented and discussed on social media.

Further, a PDF is ***not*** the same as a native .zip file, which includes discoverable information that a PDF does not.  Among other things, the native file includes photos and metadata about the photos and the other contents of the file, including information about time, date, location, etc. that are not available in the PDF Plaintiff's counsel provided.  Furthermore, Plaintiff's own counsel had possession of a native file in order to make a PDF of a portion of Plaintiff's profile.  Given Cook's obligations to produce the native versions of many types of documents during discovery, it is equitable for Plaintiff's counsel to have the same obligation. This conclusion is inherent in Plaintiff's counsel's position:

- Plaintiff's counsel asserts that they have already given Cook the file as a PDF.

- Plaintiff's counsel objects that producing the file in native format would invade Mrs. Hill's privacy (*even though Mrs. Hill has no such objection or concern).*

- Therefore, the native format file must contain information that the PDF does not.

In sum, the requested information is relevant – especially given Mrs. Hill's and her experts' broad allegations of injuries, damages, and limitations – and Plaintiff's counsel's privacy objections are unfounded in the face of Mrs. Hill's unequivocal statements allowing the disclosure of her Facebook information.  The Court should compel Plaintiff to produce in native file format the 2015 Facebook Profile page that Plaintiff's counsel gave her expert, Ms. Levy.

US.112802568.22

- **An Electronic Copy of Plaintiff's Facebook Profile *in Native File Format* Including Wall or Timeline Posts, Messages, Events, Places, Devices Used, Information About Sessions, Photographs, and/or Videos that Concern Plaintiff's Travel to and from Her Vacation Home, Travel Two Hours Away From Her Home, Hobbies, Social Activities, Claims Against Cook, the Filter, … Medical Conditions, Recovery, Alleged Damages, … *from April 16, 2015, to Present* (Third Prod. Request No. 5)**

The Cook Defendants have requested that Plaintiff produce in *native file format* documents and information from Plaintiff's Facebook profile regarding Plaintiff's travel, hobbies, activities, claims, medical condition, recovery, and damages (among things) *from April 16, 2015, to present.* The request and Plaintiff's response read:

> **[THIRD] REQUEST NO. 5:** An electronic copy of your Facebook profile in native file format including wall or timeline posts, messages, events, places, devices used, information about sessions (available on the "security" file), photographs, and/or videos that relate to, refer to, or concern your travel to and from your vacation home in Tennessee, your travel of more than two hours away from your home, your relocation to Ft. Myers, your hobbies, your social activities, your claims against Cook, the Filter, vena cava filters generally, your medical conditions, your recovery, your alleged damages, or Cook from April 16, 2015, to present.

> **[THIRD] RESPONSE NO. 5:** Elizabeth Hill adopts her response and objections contained in Paragraph 4 above.

*See* Ex. N, Plaintiff's Response to Defendants' Third Set of Requests for Production, Response No. 5. As noted above, Plaintiff's responses and objections to [Third] Request No. 4 claimed an "unacceptable invasion of privacy," and asserted that the documents had been produced as a PDF. *Id.* The Court should reject Plaintiff's challenges and compel her to produce the requested information from April 16, 2015 to the present in native file format.

Plaintiff's challenges to [Third] Request No. 5 fail for the same reasons as her challenges to [Third] Request No. 4. (See above). The social media information requested in [Third] Request No. 5 is relevant and discoverable – especially given Mrs. Hill's and her experts' broad allegations of injuries, damages, and limitations – and Plaintiff's counsel's privacy objections are

- 26 -

unfounded in the face of Mrs. Hill's statements allowing the disclosure of her Facebook information.  Again, a PDF is *not* the same as a native .zip file, and a native .zip file includes more discoverable information – as Plaintiff's counsel's unfounded privacy objection necessarily acknowledges.  Furthermore, the PDF already provided would only contain information *up to* April 16, 2015; Cook's Request seeks more recent information regarding Plaintiff's broad damages claims.  Plaintiff does not and cannot deny that the information sought is relevant, and the Cook Defendants urge the Court to compel Plaintiff to produce the requested documents and information in native format.

- **A Signed and Executed Copy of the Release (Attached as Exhibit A) for Employment Records From Plaintiff's Part-Time Employer Described on Page 18 of [Plaintiff's Expert] Leigh Ann Levy's March 11, 2017 Report (Third Prod. Request No. 9)**

The Cook Defendants have specifically requested an authorization to obtain Mrs. Hill's employment records from an unspecified additional employer that was mentioned in Ms. Levy's Report. See Ex. J, Levy Report at 18.  (See discussion above of the Cook Defendants' First Production Request No. 31 for Employment Records).   The request and Plaintiff's response reads:

> **[THIRD] REQUEST NO. 9:**   A signed and executed copy of the release (attached at Exhibit A) for employment records from your part-time employer described on page 18 of Leigh Ann Levy's March 11, 2017, report.
>
> **[THIRD] RESPONSE NO. 9:**  Objection in that this request seeks access to materials that are highly private, irrelevant, immaterial and would likely tend to confuse and mislead a jury since Mrs. Hill is not making a claim for lost wages.

*See* Ex. N, Plaintiff's Response to Defendants' Third Set of Requests for Production, Response No. 9.

The Court should reject Plaintiff's objections and compel disclosure of this information. Even if Plaintiff disavows any claim for lost wages, the information about her part-time job is

- 27 -

nevertheless relevant and discoverable (1) because Plaintiff's expert, Ms. Levy, refers to such information in her expert report and life care plan for Mrs. Hill, and (2) because it relates to Mrs. Hill's claim for damages for loss enjoyment of life and for disability.

Plaintiff has provided only a *blank* signed Authorization to Disclose Employment Information with her updated Plaintiff Profile Sheet (served 6/1/2017); she did not provide an authorization *specific* to the employer described in Levy's report, and she did *not* identify this additional employer in her updated Plaintiff Profile Sheet.  *See* Ex. A, Plaintiff Profile Sheet, II. PLAINTIFF INFORMATION, 13.

A signed authorization is obviously of no use if the Cook Defendants do not know where to send it.  These employment records are relevant to Plaintiff's claims of injury, damages, and physical limitations, and her objections based on privacy and jury confusion lack any identifiable factual basis, particularly when she has provided an authorization to obtain employment records. The Court should overrule Plaintiff's objections and compel Plaintiff either to produce a signed authorization specific to the part-time employer or to at least identify the employer so that the Cook Defendants can use the authorizations they already have.

## IV.  CONCLUSION

For all the foregoing reasons, the Cook Defendants urge the Court to enter an order compelling Plaintiff to fully and completely respond to the Cook Defendants' discovery requests and remedy the deficiencies in Plaintiff's discovery responses as set forth in this Brief in Support.

US.112802568.22

Respectfully submitted,

Dated:  June 22, 2017

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
Victoria R. Calhoon (# 28492-49)
Anna C. Rutigliano (# 32743-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com
E-Mail:  victoria.calhoon@faegrebd.com
E-Mail:  anna.rutigliano@faegrebd.com

Charles F. Webber (# 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, Minneapolis  55402
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
E-Mail:  chuck.webber@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

- 29 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiff will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.112802568.22