# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to
Case No.: 1:14-cv-06016-RLY-TAB

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF ELIZABETH HILL

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Cook defendants ("Cook") submit the following interrogatories to Plaintiff Elizabeth Hill ("Plaintiff").

### Definitions

The following definitions apply to each of the following instructions, and interrogatories:

1. "You," "your," "Hill," and "Plaintiff" means and refers to the Plaintiff, Elizabeth Hill, and includes her attorneys and representatives of any kind.

2. "Cook" means and refers to the Cook defendants, and includes their agents, employees, attorneys, and representatives of any kind.

3. "Filter" means the Cook Celect Vena Cava filter ("Celect"), referred to in the Complaint and implanted in Plaintiff Elizabeth Hill on or about November 17, 2010.

4. "Complaint" means the complaint you filed on or about October 30, 2014.

5. "Person" includes individuals, organizations (*e.g.* corporations, partnerships, associations, and limited liability companies), and governmental offices, agents and instrumentalities. Any reference herein to any person (including the parties to this action)

US.107908573.02

includes attorneys, officers, directors, employees, agents, and other representatives of that person.

6.  "Documents" means each and every writing or record or every tape and description, however produced or reproduced, whether draft or final, original or reproduction, paper or electronic, signed or unsigned, that is in your possession or custody or under your control or to which you otherwise have access, regardless of where located, and includes, but is not limited to, correspondence, emails, letters, meeting minutes (including but not limited to corporate board minutes), ledger sheets, contracts, negotiable instruments (including but not limited to checks), agreements, memoranda, reports, notes, diaries, calendars, telegrams, summaries, ledgers, invoices, bills, bills of lading, receipts, checks, checkbooks, charts, graphs, drawings, blueprints, diagrams, worksheets, studies, surveys, market surveys, bulletins, articles, notices, instructions, books, manuals, pamphlets, periodicals, journals, logs, indices, photographs (negatives and print), microfiche, microfilm, telephone records, tax returns, tape recordings, video recordings, movies, compact disks, computer disks and drives, other data compilations from which information can be obtained, all materials similar to any of the foregoing, however denominated and by whomever prepared and to whomever addressed, and all other documents and things subject to production under Rule 34 of the Federal Rules of Civil Procedure. All copies and versions of any document which contains any notation, erasure, obliteration, marking or writing of any kind different from the original shall be treated as an original document.

7.  "Identify" and "state the identity of" mean, in the case of:
    a.  an individual person, to state the person's name, address, telephone number, occupation or profession, job title, and the name, address and telephone number of that person's employer;

  b. an organization (*e.g.*, a corporation, partnership, association, or limited liability company), to state the organization's name, the type of organization, and its address and telephone number;

  c. a document, to state the date, author, addressee or recipient, type of document, and name, document number (if applicable), address and telephone number of each person having possession, custody or control of the document or any copies of the document;

  d. a tangible thing, to state the type of thing, its manufacturer, all identifying numbers (*e.g.*, model number, serial number), its present location, and the name, address and telephone number of each person having possession, custody or control of the thing; and

  e. an expert, to state the expert's name, address, telephone number, occupation or profession, field(s) of specialty, and the name, address and telephone number of the expert's employer.

  8. "Relating to" means constituting, comprising, concerning, containing, setting forth, showing, disclosing, describing, explaining, summarizing or referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure. These terms should be construed to apply not only to the events to which they refer directly, but also to all meetings, discussions, contacts and other communications concerning those events, either with or between you and third persons.

3

US.107908573.02

9. "Communications" means all forms of information transference written, oral or electronic, including without limitation meetings, conferences, conversations, discussions, proposals, solicitations, interviews, correspondence, messages, and notes, as well as memoranda and records of communications.

10. The singular shall include the plural, and the plural shall include the singular; the words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive; "and" shall include "or" and "or" shall include "and;" "any" shall include "all" and "all" shall include "any."

**Instructions**

A. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories shall be deemed to be continuing, so as to require you to supplement your responses as soon as further relevant information or documents are obtained.

B. If you object to or otherwise decline to comply with any portion of any request for production or any interrogatory, you shall provide all documents or information requested by that portion of the request or interrogatory to which you do not object or with which you do not decline to comply. If you object to a request for production or interrogatory on the ground that the request or interrogatory is too broad, you shall provide all information and documents or portions of documents that you concede are relevant or calculated to lead to the discovery of admissible evidence. If you object to a request for production or interrogatory on the ground that to provide the requested discovery would constitute an undue burden, you shall provide all requested discovery that can be supplied without undertaking what you claim is an undue burden. Cook hereby agrees that any such partial production and/or answer shall not be deemed to be a waiver of your objection to the parts of the request or interrogatory to which production

and/or answers have not been made. As to those portions of any request for production or interrogatory to which you object or with which you decline to comply, you shall state the reason or reasons for your objection or declination.

C. Each document and thing produced in response to the following request for production shall be marked and organized so as to relate the document or thing to the request or requests that seek it.

D. Each request for production extends to all documents in your possession, custody, or control, or the possession, custody, or control of anyone acting on your behalf.

E. If production is requested of a document that is no longer in your possession, custody, or control, the answer should state (a) when the document was most recently in your possession, custody or control; (b) the disposition made of the document; and (c) the identity of the person, if any, presently in possession, custody, or control of the document. If the document has been destroyed, the answer should also state (a) the reason for its destruction; (b) the identity of the person who destroyed the document; and (c) the identity of the person who directed that the document be destroyed.

F. For each document withheld on the basis of a privilege, provide all information required by Case Management Order No. 10 regarding claims of privilege and work product.

## Interrogatories

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Cook requests that Plaintiff answer these below-stated interrogatories within thirty (30) days of service.

**INTERROGATORY NO. 1:** Identify every time you have been hospitalized at any time from November 17, 2000, to the present date, including the dates of hospitalization, the

name and address of each hospital, the reason for the hospitalization, and the identity of the attending physician.

**ANSWER NO. 1:**

**INTERROGATORY NO. 2:** Identify all healthcare providers with whom you have consulted or by whom you were examined or treated from November 17, 2000, to the present date, and for each consultation, examination, or treatment, including the range of date(s) it occurred, the name and address of the healthcare provider involved, the nature of the illness, condition, or injury at issue, and the nature of the consultation, examination, or treatment.

**ANSWER NO. 2:**

**INTERROGATORY NO. 3:** Identify and describe all legal claims ever made by or against you, including but not limited to, lawsuits, worker's compensation claims, social security claims, insurance claims, or claims for personal injury, including the date of filing or initiation, the names and addresses of the parties involved, the nature of the claim and proceeding, the tribunal or organization with which the claim was made or filed, the case number, and the resolution of the claim.

**ANSWER NO. 3:**

**INTERROGATORY NO. 4:** Describe all damages and injuries allegedly incurred by Plaintiff as a result of the Filter, including all expenses, financial losses, and economic damages, pain and suffering, or any other damages that Plaintiff sustained.

**ANSWER NO. 4:**

US.107908573.02

**INTERROGATORY NO. 5:** With respect to each expense, financial loss, or damage identified, please state the nature and amount of such expense, financial loss, or damage, the date(s) thereof, and the name and address of the provider or other person to whom payment was made or is to be paid.

**ANSWER NO. 5:**

**INTERROGATORY NO. 6:** If any person or entity other than you (such as any corporation, insurance company, governmental entity or fund) has paid an expense identified in response to Interrogatory No. 5 in whole or in part, or has made promises of benefit or payment to you or on your behalf, describe each and every payment or promise of payment. Include the expense or loss for which you received compensation, reimbursement, or promises of benefit or payment; the individual, entity, or fund making the payment or promise of payment; and any policy period, policy number, and policy limits associated with the payment or promise of payment.

**ANSWER NO. 6:**

**INTERROGATORY NO. 7:** With respect to any person, insurance company, or other entity that provided medical coverage to you or paid medical bills on your behalf at any time, beginning seven (7) years before the alleged injuries through the present, please state whether each entity has a right of subrogation against you.

**ANSWER NO. 7:**

**INTERROGATORY NO. 8:** Describe all information, documents, or things relating to Cook or the Filter you received from any person or entity, including the nature of the

7

US.107908573.02

information or documents, when you obtained them, and from whom or where you obtained them.

**ANSWER NO. 8:**

**INTERROGATORY NO. 9:**   State whether you read or saw any written, televised, or internet-based advertising or labeling material related to the Filter, other than in consultation with your attorney.  This includes, but is not limited to, advertising or information on problems, claims, or lawsuits related to the Celect or other inferior vena cava filters.  Include the nature of the material, when you obtained it, and from whom or where you obtained it.

**ANSWER NO. 9:**

**INTERROGATORY NO. 10:**   State whether you received any written or oral instructions regarding the Filter, including the nature of the instructions, when you obtained it, and from whom or where you obtained it.

**ANSWER NO. 10:**

**INTERROGATORY NO. 11:**   Describe each and every thing of which you are aware that supports your claim that the Filter was defective (*see* Complaint, Count I, ¶ 39), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.  Your response should include a statement of whether you contend that the Filter suffered from a design defect, a manufacturing defect, a failure to warn, or some other type of defect, and the nature of such alleged defect.

**ANSWER NO. 11:**

8

**INTERROGATORY NO. 12:** Describe each and every thing of which you are aware that supports your claim that Cook failed to provide warnings of risks and dangers posed by the Filter (*see* Complaint, Count I, ¶ 40), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**ANSWER NO. 12:**

**INTERROGATORY NO. 13:** Describe each and every thing of which you are aware that supports your claim that Cook "committed one or more breaches of their duty of reasonable care and were negligen[t] [sic]" (*see* Complaint, Count II, ¶ 46), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**ANSWER NO. 13:**

**INTERROGATORY NO. 14:** Describe each and every thing of which you are aware that supports your claim that Cook's "marketing of the COOK Filter was false and/or misleading" (*see* Complaint, Count III, ¶ 54), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**ANSWER NO. 14:**

9

**INTERROGATORY NO. 15:** Describe each and every thing of which you are aware that supports your claim that Cook "breached their express warranties and the implied warranties associated with the product" (*see* Complaint, Count III, ¶ 56), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**ANSWER NO. 15:**

**INTERROGATORY NO. 16:** Describe each and every thing of which you are aware that supports your claim for punitive damages (*see* Complaint, Count V [sic]), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**ANSWER NO. 16:**

**INTERROGATORY NO. 17:** If you alleged that you are unable or less able to engage in any activity in which you engaged prior to November 17, 2010, due to the Filter, describe in detail each activity you allege you are less able to engage in, including the frequency with which you engaged in the activity before and after November 17, 2010, the basis of the claim that the Filter (or any failure of the Filter) cause you to be unable or less able to engage in the activity, the nature and location of all documents that support the claim, and the name, address, and telephone number of each person with knowledge of the claim.

**ANSWER NO. 17:**

**INTERROGATORY NO. 18:** Describe all statements taken or possessed by you of any employee, representative, or agent of Cook related to the Filter or any allegation in the

10

complaint, including the individual who provided the statement, the date the statement was given, to whom the statement was given, and the content of the statement.

**ANSWER NO. 18:**


**INTERROGATORY NO. 19:** Identify and describe each person whom you believe has knowledge concerning the facts of this case, including the witness's name, address, and telephone number, the facts you believe are known or have been observed by the witness, and provide a copy of any written or recorded statements taken from the individual.

**ANSWER NO. 19:**


**INTERROGATORY NO. 20:** Identify any individual who may be called as a witness at any trial, including both fact and expert witnesses, and, for each expert witness, provide a complete statement of all opinions to be expressed and the bases for each opinion, the data or other information considered by the individual in forming his or her opinions in the case, the qualifications of the individual to provide expert testimony, including a list of all publications authored by the individual within the last ten years, the compensation to be paid to the individual, and a list of any other cases in which the individual has testified as an expert at trial or by deposition within the preceding four years.

**ANSWER NO. 20:**

11

US.107908573.02

**INTERROGATORY NO. 21:** State whether Plaintiff has made any claim or commenced any action against anyone other than Cook, including the physician who implanted the Filter, as a result of the injuries or losses which Plaintiff alleges in this action. If so, describe the nature of the claim or action, the parties involved, and the status of the claim or action.

**ANSWER NO. 21:**

**INTERROGATORY NO. 22:** Identify each and every time you have been denied life insurance or medical insurance for reasons relating to any medical or physical condition in the last ten years, including the name of the entity that denied coverage, date of denial, and stated reason for denial.

**ANSWER NO. 22:**

**INTERROGATORY NO. 23:** Identify all out-of-pocket expenses that you have paid and claim are related to any condition that you allege was caused the Filter implanted in you, including the nature of the out-of-pocket expense and the approximate dollar amount.

**ANSWER NO. 23:**

**INTERROGATORY NO. 24:** Please state whether you use or ever have used social media websites, including but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, Pinterest, or other social media. For each website you have used, please provide all user names, handles, login names or IDs and e-mail addresses applicable to the login or use of the website, and the approximate dates or date range of use for each website.

**ANSWER NO. 24:**

US.107908573.02

By: /s/ Anna C. Rutigliano
Andrea Roberts Pierson (# 18435-49), Co-Lead Counsel
James Stephen Bennett (# 22869-02)
Jessica Benson Cox (# 26259-49)
Patrick H. Reilly (# 28739-49)
John T. Schlafer (# 28771-49)
Victoria R. Calhoon (# 28492-49)
Nicholas B. Alford (# 31867-49)
Anna C. Rutigliano (# 32743-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-Mail: andrea.pierson@faegrebd.com
E-Mail: stephen.bennett@faegrebd.com
E-Mail: jessica.cox@faegrebd.com
E-Mail: patrick.reilly@faegreBD.com
E-Mail: john.schlafer@faegrebd.com
E-Mail: victoria.calhoon@faegrebd.com
E-Mail: nicholas.alford@faegrebd.com
E-Mail: anna.rutigliano@faegrebd.com

-And-

Douglas B. King, Esq., Co-Lead Counsel
James M. Boyers, Esq.
John C. Babione, Esq.
Kip S. M. McDonald, Esq.
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:    (317) 639-6444
doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

13

US.107908573.02

## CERTIFICATE OF SERVICE

I certify that on September 1, 2016, a copy of the foregoing Defendants' First Set of Interrogatories to Plaintiff Elizabeth Hill was served via certified mail/return receipt requested and electronic mail to the following:

Joseph Johnson (jjohnson@babbitt-johnson.com)
**BABBIT, JOHNSON, OSBORNE & LeCLAINCHE, PA**
1641 Worthington Road, Suite 100
P.O. Box 4426
West Palm Beach, FL 33402

Ben C. Martin (bmartin@bencmartin.com)
**LAW OFFICE OF BEN C. MARTIN**
3219 McKinney Avenue, Suite 100
Dallas, TX  75204

Michael W. Heaviside (mheaviside@hrzlaw.com)
**HEAVISIDE REED ZAIC**
312 Broadway, Suite 203
Laguna Beach, CA 92651

David P. Matthews (dmatthews@thematthewslawfirm.com)
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX  77098

/s/ Anna C. Rutigliano

US.107908573.02