# EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Cause No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to
Cause No.: 1:14-cv-06016-RLY-TAB

### DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF ELIZABETH HILL

Pursuant to Rules 34 of the Federal Rules of Civil Procedure, the Cook defendants ("Cook") submit the following requests for production of documents to Plaintiff Elizabeth Hill ("Plaintiff").

### Definitions

The following definitions apply to each of the following instructions, and requests for production:

1. "You," "your," "Hill," and "Plaintiff" means and refers to the Plaintiff, Elizabeth Hill, and includes her attorneys and representatives of any kind.

2. "Cook" means and refers to the Cook defendants, and includes their agents, employees, attorneys, and representatives of any kind.

3. "Filter" means the Cook Celect Vena Cava filter ("Celect"), referred to in the Complaint and implanted in Plaintiff Elizabeth Hill on or about November 17, 2010.

4. "Complaint" means the complaint you filed on or about October 30, 2014.

5.  "Person" includes individuals, organizations (*e.g.* corporations, partnerships, associations, and limited liability companies), and governmental offices, agents and instrumentalities. Any reference herein to any person (including the parties to this action) includes attorneys, officers, directors, employees, agents, and other representatives of that person.

6.  "Documents" means each and every writing or record or every tape and description, however produced or reproduced, whether draft or final, original or reproduction, paper or electronic, signed or unsigned, that is in your possession or custody or under your control or to which you otherwise have access, regardless of where located, and includes, but is not limited to, correspondence, emails, letters, meeting minutes (including but not limited to corporate board minutes), ledger sheets, contracts, negotiable instruments (including but not limited to checks), agreements, memoranda, reports, notes, diaries, calendars, telegrams, summaries, ledgers, invoices, bills, bills of lading, receipts, checks, checkbooks, charts, graphs, drawings, blueprints, diagrams, worksheets, studies, surveys, market surveys, bulletins, articles, notices, instructions, books, manuals, pamphlets, periodicals, journals, logs, indices, photographs (negatives and print), microfiche, microfilm, telephone records, tax returns, tape recordings, video recordings, movies, compact disks, computer disks and drives, other data compilations from which information can be obtained, all materials similar to any of the foregoing, however denominated and by whomever prepared and to whomever addressed, and all other documents and things subject to production under Rule 34 of the Federal Rules of Civil Procedure. All copies and versions of any document which contains any notation, erasure, obliteration, marking or writing of any kind different from the original shall be treated as an original document.

7.  "Identify" and "state the identity of" mean, in the case of:

    a. an individual person, to state the person's name, address, telephone number, occupation or profession, job title, and the name, address and telephone number of that person's employer;

    b. an organization (*e.g.*, a corporation, partnership, association, or limited liability company), to state the organization's name, the type of organization, and its address and telephone number;

    c. a document, to state the date, author, addressee or recipient, type of document, and name, document number (if applicable), address and telephone number of each person having possession, custody or control of the document or any copies of the document;

    d. a tangible thing, to state the type of thing, its manufacturer, all identifying numbers (*e.g.*, model number, serial number), its present location, and the name, address and telephone number of each person having possession, custody or control of the thing; and

    e. an expert, to state the expert's name, address, telephone number, occupation or profession, field(s) of specialty, and the name, address and telephone number of the expert's employer.

8. "Relating to" means constituting, comprising, concerning, containing, setting forth, showing, disclosing, describing, explaining, summarizing or referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure.  These terms should be construed to apply not only to the events to which they refer directly, but also to all meetings, discussions,

US.111107188.01

contacts and other communications concerning those events, either with or between you and third persons.

9. "Communications" means all forms of information transference written, oral or electronic, including without limitation meetings, conferences, conversations, discussions, proposals, solicitations, interviews, correspondence, messages, and notes, as well as memoranda and records of communications.

10. The singular shall include the plural, and the plural shall include the singular; the words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive; "and" shall include "or" and "or" shall include "and;" "any" shall include "all" and "all" shall include "any."

## Instructions

A. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests shall be deemed to be continuing, so as to require you to supplement your responses as soon as further relevant information or documents are obtained.

B. If you object to or otherwise decline to comply with any portion of any request for production or any interrogatory, you shall provide all documents or information requested by that portion of the request or interrogatory to which you do not object or with which you do not decline to comply. If you object to a request for production or interrogatory on the ground that the request or interrogatory is too broad, you shall provide all information and documents or portions of documents that you concede are relevant or calculated to lead to the discovery of admissible evidence. If you object to a request for production or interrogatory on the ground that to provide the requested discovery would constitute an undue burden, you shall provide all requested discovery that can be supplied without undertaking what you claim is an undue

burden. Cook hereby agrees that any such partial production and/or answer shall not be deemed to be a waiver of your objection to the parts of the request or interrogatory to which production and/or answers have not been made. As to those portions of any request for production or interrogatory to which you object or with which you decline to comply, you shall state the reason or reasons for your objection or declination.

      C. Each document and thing produced in response to the following request for production shall be marked and organized so as to relate the document or thing to the request or requests that seek it.

      D. Each request for production extends to all documents in your possession, custody, or control, or the possession, custody, or control of anyone acting on your behalf.

      E. If production is requested of a document that is no longer in your possession, custody, or control, the answer should state (a) when the document was most recently in your possession, custody or control; (b) the disposition made of the document; and (c) the identity of the person, if any, presently in possession, custody, or control of the document. If the document has been destroyed, the answer should also state (a) the reason for its destruction; (b) the identity of the person who destroyed the document; and (c) the identity of the person who directed that the document be destroyed.

      F. For each document withheld on the basis of a privilege, provide all information required by Case Management Order No. 10 regarding claims of privilege and work product.

### Requests for Production

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Cook requests that Plaintiff produce the documents requested below at the offices of Faegre Baker Daniels, LLP, 300 North

Meridian Street, Suite 2700, Indianapolis, Indiana 46204, within thirty (30) days of service of these Requests.

**REQUEST NO. 1:**   Any and all tax returns filed by you (individually or jointly) from 2009 to present with attachments to your tax returns including, but not limited to, W-2s and 1099s.

**RESPONSE NO. 1:**

**REQUEST NO. 2:**   Any and all documents that relate to, refer to, or concern any of your claims that you are "going to sell [your] home in Tennessee as [you] simply cannot travel back and forth with [your] bowel issues."

**RESPONSE NO. 2:**

**REQUEST NO. 3:**   Any and all documents that relate to, refer to, or concern your relocation to Ft. Myers, Florida.

**RESPONSE NO. 3:**

**REQUEST NO. 4:**   An electronic copy of your Facebook profile in native file format, including all folders, .html files, and photographs contained in the facebook-janeedgemonhill.zip file downloaded on April 16, 2015 at 6:00 p.m.

**RESPONSE NO. 4:**

**REQUEST NO. 5:**   An electronic copy of your Facebook profile in native file format including wall or timeline posts, messages, events, places, devices used, information about sessions (available on the "security" file), photographs, and/or videos that relate to, refer to, or

6

concern your travel to and from your vacation home in Tennessee, your travel of more than two hours away from your home, your relocation to Ft. Myers, your hobbies, your social activities, your claims against Cook, the Filter, vena cava filters generally, your medical conditions, your recovery, your alleged damages, or Cook from April 16, 2015, to present.

**RESPONSE NO. 5:**

**REQUEST NO. 6:** Any and all documents that relate to, refer to, or concern your hiring of a housekeeper or other professional(s) to perform housecleaning and yard work around your property or properties from January 1, 2007, to present.

**RESPONSE NO. 6:**

**REQUEST NO. 7:** Any and all documents that relate to, refer to, or concern your travel expenses (whether for medical reasons or leisure), including, but not limited to, credit card statements, bank statements, financial records, reservation confirmation e-mails, invoices, receipts, or travel reward summaries from January 1, 2007, to present.

**RESPONSE NO. 7:**

**REQUEST NO. 8:** Any and all documents that relate to, refer to, or concern your listing, rental or sale of real estate that you owned (either individually or jointly) from January 1, 2007 to present, including, but not limited to, listing contracts with real estate professionals, Multiple Listing Service ("MLS") profiles for the property or properties, purchase agreements, and/or rental agreements.

**RESPONSE NO. 8:**

7

**REQUEST NO. 9:** A signed and executed copy of the release (attached at Exhibit A) for employment records from your part-time employer described on page 18 of Leigh Ann Levy's March 11, 2017, report.

**RESPONSE NO. 9:**

**REQUEST NO. 10:** Any and all documents that relate to, refer to, or concern your claims of any emotional or psychological injuries that you attribute to your Filter, including, but not limited to, social media posts, personal correspondence, and/or medical records.

**RESPONSE NO. 10:**

**REQUEST NO. 11:** Any and all documents that relate to, refer to, or concern any other emotional or psychological injuries or problems that occurred from November 17, 2000, to present, including, but not limited to, social media posts, personal correspondence, and/or medical records.

**RESPONSE NO. 11:**

**REQUEST NO. 12:** An updated Plaintiff Fact Sheet that includes updated or new information since the Plaintiff Fact Sheet dated April 16, 2015.

**RESPONSE NO. 12:**

By: /s/ Victoria R. Calhoon
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
Victoria R. Calhoon (# 28492-49)
Anna C. Rutigliano (# 32743-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com
E-Mail:  victoria.calhoon@faegrebd.com
E-Mail:  anna.rutigliano@faegrebd.com

Charles F. Webber (# 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S 7th Street
Minneapolis, MN 55402
Telephone: (612) 766 7000
Facsimile:  (612) 766-1600
chuck.webber@FaegreBD.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I certify that on May 15, 2017, a copy of the foregoing Defendants' Third Set of Requests for Production of Documents to Plaintiff Elizabeth Hill was served via certified mail/return receipt requested and electronic mail to the following:

Joseph Johnson
BABBITT, JOHNSON, OSBORNE, & LECLAINCHE, PA
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
(jjohnson@babbitt-johnson.com)

Joseph Williams
RILEY WILLIAMS & PIATT LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
(jwilliams@rwp-law.com)

Irwin B. Levin
COHEN & MALAD LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(ilevin@cohenandmalad.com)

/s/ Victoria R. Calhoon

US.111107188.01