# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND RLY-TAB PRODUCTSLIABILITY LITIGATION 2570 | Case No. 1:14-ml-2570-<br><br>MDL No. |

This Document Relates to Plaintiff(s)

_____ELIZABETH JANE HILL_____

Civil Case #  1:15-cv-06016-RLY-TAB

## PLAINTIFF, ELIZABETH JANE HILL'S, ANSWERS TO FIRST SET OF INTERROGATORIES TO PLAINTIFF

COMES NOW the Plaintiff, ELIZABETH JANE HILL, by and through her undersigned counsel and hereby gives notice that she has answered the First Set of Interrogatories propounded by the Cook Defendants.

### Preamble and General Objections

A.   Plaintiff reserves all objections as to the competency, relevancy, materiality and admissibility of the information or documents produced in response to these interrogatories and/or requests.

B.   Plaintiff objects to these interrogatories and/or requests to the extent they purport to require Plaintiff to provide information or produce documents which are outside her possession, custody or control.

  C. Plaintiff objects to these interrogatories and/or requests to the extent they require Plaintiff to produce information or documents that are publicly available on the ground that such information and documents are just as readily obtainable by the Defendant and Plaintiff should not have to bear the burden of disclosure.

  D. Plaintiff objects to these interrogatories and/or requests to the extent they are repetitive of other interrogatories or requests or require Plaintiff to provide the same information more than once.

  E. Plaintiff objects to these interrogatories and/or requests to the extent they, individually or cumulatively, attempt to impose on the Plaintiff duties and obligations beyond those permitted by the applicable rules of civil procedure.

  F. Plaintiff objects to these interrogatories and/or requests to the extent they are overbroad, vague and ambiguous, unduly burdensome, seek information or documents not reasonably calculated to lead to the discovery of admissible evidence, fail to specify the information sought with reasonable particularity or are otherwise outside the scope of discovery permitted by the applicable rules of civil procedure.

  G. Plaintiff objects to these interrogatories and/or requests to the extent they seek documents that constitute or disclose proprietary, confidential, personal or business information.

  H. Plaintiff objects to these interrogatories and/or requests to the extent they require Plaintiff to provide information that constitutes attorney work product, is protected by the attorney-client privilege or is protected by any other applicable privilege, statute or rule of non-disclosure.

I. Any response or objection to any or all of these interrogatories and/or requests does not mean necessarily that any information exist or is in the possession, custody or control of Plaintiff.

J. In each and every response, or sub-part thereof, where Plaintiff interposes an objection, such objection shall be construed to preserve all of Plaintiff's rights to enter similar objections as to any future supplemental responses to such request. A failure to object shall not constitute a waiver of any objection that Plaintiff may interpose as to any future supplemental responses.

K. The specific responses below are based upon information now available to Plaintiff. Plaintiff reserves the right at any time to revise, correct, add to or clarify the objections or responses.

L. Plaintiff objects to the "Instructions" included in the written discovery as they purport to place upon Plaintiffs burdens beyond those set forth in the applicable rules of civil procedure.

M. Plaintiff objects to the "Definitions" included in the written discovery as they purport to broaden definitions of certain words or phrases that are otherwise defined within the applicable rules of civil procedure.

**INTERROGATORY NO. 1:** Identify every time you have been hospitalized at any time from November 17, 2000, to the present date, including the dates of hospitalization, the name and address of each hospital, the reason for the hospitalization, and the identity of the attending physician.

**ANSWER NO. 1:**

**Hospitalizations**

Plaintiff cannot recall every surgery, procedure and/or hospitalization in the 10 years prior to the implantation of her Cook filter. Upon Plaintiff's best knowledge and recollection she has been treated by the following providers:

| HOSPITAL/PROCEDURES/PROVIDER | SERVICE | Date of Service |
|---|---|---|
| Largo Medical Center<br>201 14th St SW, Largo, FL 33770<br>Can't recall attending physician | Blepharoplasty | 01/17/2006 |
| Bayfront Hospital/ Jobe, M.D.<br>701 6th Street<br>St. Petersburg, FL | Lumbar Laminectomy | 07/2006 |
| Bardmoor Outpatient Center/Jatin Bidani ,M.D<br>8787 Bryan Dairy Rd Ste 300, Largo, FL 33777 | EGD with biopsy<br>Gastritis/Esophagitis | 11/21/2006 |
| Bardmoor Outpatient Center/Jatin Bidani ,M.D<br>8787 Bryan Dairy Rd Ste 300, Largo, FL 33777 | Colonoscopy<br>Ileitis, Diverticulosis, Internal And External hemorrhoids | 11/22/2006 |
| Baycare Medical Center/ J. Kobe, M.D.<br>701 6th Street<br>St. Petersburg, FL | Cervical Laminectomy | 11/07/2007 |
| Claiborne County Hospital<br>1850 Old Knoxville Rd, Tazewell, TN 37879 | ER Visit: MVA | 02/04/2008 |
| Bardmoor Outpatient Center/Jatin Bidani ,M.D,<br>8787 Bryan Dairy Rd Ste 300, Largo, FL 33777 | Esophagogastroduodenoscopy with biopsies | 02/15/2009 |
| Bardmoor Outpatient Center/Jatin Bidani ,M.D<br>8787 Bryan Dairy Rd Ste 300, Largo, FL 33777 | Colonoscopy | 04/14/2009 |
| St. Luke's Surgical Ctr./James Gill, M.D.<br>43309 Us Highway 19 N, Tarpon Springs, FL 34689 | Cataracts OU | 11/2009,12/2009, 01/2010 |
| Bardmoor Outpatient Center/Jatin Bidani ,M.D<br>8787 Bryan Dairy Rd Ste 300, Largo, FL 33777 | Esophagogastroduodenoscopy with biopsies | 06/15/2010 |
| Mease Countryside Hospital/Mark Zuzga, M.D.<br>3231 McMullen Booth Road<br>Safety Harbor, FL 34695 | IVCF placement | 11/17/2010 |
| Mease Countryside Hospital/ A. Moreno, M.D.<br>3231 McMullen Booth Road<br>Safety Harbor, FL 34695 | Lumbar Laminectomy | 12/06/2010 |
| Mease Countryside Hospital/Mark Zuzga, M.D.<br>3231 McMullen Booth Road<br>Safety Harbor, FL 34695 | IVCF Unsuccessful Removal Attempt | 03/23/2011 |
| Belleair Surgery Center<br>1130 Ponce de Leon Blvd, Clearwater, FL 33756 / | Esophagogastroduodenoscopy with biopsies | 09/22/2011 |

| | | |
|---|---|---|
| Jatin Bidani ,M.D. | | |
| Bardmoor Outpatient Center/Jatin Bidani, M.D 8787 Bryan Dairy Rd Ste 300, Largo, FL 33777 | Colonoscopy | 10/18/2011 |
| Morton Plant Hospital/Kirk Erikson, M.D. 300 Pinellas Street Clearwater, FL 33756 | Cholecystectomy | 11/2011 |
| Mease Countyside Hospital/A, Moreno, M.D. 3231 McMullen Booth Road Safety Harbor, FL 34695 | Lumbar Laminectomy Revision | 07/06/2013 |
| Morton Plant Hospital/U. Choudhry, M.D. 300 Pinellas Street Clearwater, FL 33756 | Endoscopy & Colonoscopy | 08/12/2013 |
| Penn State/Milton Hersey Medical Ctr/Franck Lynch, M.D. 500 University Drive Hershey, PA 17033 | IVCF Removal | 08/21/2013 |
| Bardmoor Outpatient Center/Jatin Bidani ,M.D, 8787 Bryan Dairy Rd Ste 300, Largo, FL 33777 | Colonoscopy | 12/02/2013 |
| Suncoast Endoscopy Ctr./ Sreekanth Chandrupatla, M.D. 13644 Walsingham Rd. Largo, FL 33774 | Esophagogastroduodenoscopy | 01/07/2014 |
| Citrus Memorial Health System 502 W Highland Blvd, Inverness, FL 34452 | Endoscopy | 02/21/2014 |
| Citrus Memorial Health System 502 W Highland Blvd, Inverness, FL 34452 | Endoscopic US | 02/24/2014 |
| Safety Harbor Surgery Ctr./Umesh Choudhry, M.D. Address: 3280 N McMullen Booth Rd Ste 110, Clearwater, FL 33761 | Endoscopy w/Dilatation of Esophagus | 07/02/2014 |

**INTERROGATORY NO. 2:** Identify all healthcare providers with whom you have consulted or by whom you were examined or treated from November 17, 2000, to the present date, and for each consultation, examination, or treatment, including the range of date(s) it occurred, the name and address of the health care provider involved, the nature of the illness, condition, or injury at issue, and the nature of the consultation, examination, or treatment.

**ANSWER NO. 2:**

**PROVIDERS**

Plaintiff cannot recall every surgery, procedure and/or hospitalization in the 10 years prior to the implantation of her Cook filter. Upon Plaintiff's best knowledge and recollection she has been treated by the following providers:

| PROVIDERS | SPECIALITY | DOS |
|---|---|---|
| Bridget Bellinger, D.O.<br>7101 Park Street North<br>Seminole, FL 33777 | Primary Care | 1998-present |
| James Stevenson, M.D.<br>1551 W Bay Dr, Diagnostic Clinic<br>Largo, FL 33770 | Neurology- carpal tunnel | 2002 |
| Rehab & Therapy Connections<br>Largo, FL | Physical Therapy – carpal tunnel | 07/2002 |
| James C. Neiman, M.D<br>9555 Seminole Blvd Ste 209, Seminole, FL 33772 | Cardiology | 12/04/2002 - 3/17/2004 |
| A.J. Bidani, M.D.<br>8787 Bryan Diary Road, Ste.310<br>Largo, FL 33777 | Gastroenterology | 12/03/2003-2013 |
| Two Palms Massage<br>306 E Lake Rd S, Palm Harbor, FL 34685 | Massage Therapy | 03/2004-5/2004 |
| Charles Friedman, D.O./Pain Relief Ctr- Return to Wellness/ Bardmoor Medical Arts, 8839 Bryan Diary Road<br>Largo, FL 33777 | Pain Management | 08/03/2004-2006 |
| Joseph Arivila/Moore, DC<br>8996 Seminole Blvd, Seminole, FL 33772 | Message Therapy | 2004 |
| Kirk Jobe, M.D.<br>603 7th St S Ste 540, St Petersburg, FL 33701 | Neurosurgery | 07/2006-2010 |
| TLC Rehab<br>Address: 3300 SE Lake Weir Ave, Ocala, FL 34471 | Rehabilitation Therapy | 11/2006-2012 |
| Steven Anthony, M.D.<br>1330 S Fort Harrison Ave<br>Ste 340<br>Clearwater, FL 33756 | ENT | 11/2008 |
| James Gill, M.D.<br>501 S. Fort Harrison Ave.<br>Clearwater, FL 33756 | Cataracts | 11/10/2009 |
| Neurodiagnostic/A. Khademi, M.D | Neurodiagnostic | 01/09/2009 |

| | | |
|---|---|---|
| 1840 Mease Dr Ste 407B, Safety Harbor, FL 34695 | | |
| Florida Orthopedic Institute/John Small, M.D.<br>13020 North Telecom Parkway<br>Temple Terrace, FL 33637 | Spinal surgeon | 03/2010 |
| Anthony Moreno, M.D./Moreno Spine & Scoliosis<br>1800 Mease Dr, Safety Harbor, FL 34695 | Spinal surgeon | 04/14/2010 & 07/2013 |
| Mark Zuzga, M.D.<br>1840 Mease Drive, Ste.301<br>Safety Harbor, FL 34695 | Interventional Radiology | 10/02/2010, 11/17/2010, 03/23/2011 |
| B. Bolhofner,, M.D.<br>4600 4th St N, Saint Petersburg, FL 33703 | Orthopedic Consultation | 2010 |
| Clearwater Surgical Associates/Kirk Erikson, M.D.<br>1106 Druid Rd S Ste 301, Clearwater, FL 33756 | General Surgery/Cholecystectomy | 11/2011 |
| Retina Vitreous Associates of FL<br>579 S. Duncan Ave, Clearwater, FL 33756 | Retina specialist | 06/2012 |
| Stephen A. Updegraff, M.D.<br>1601 -38th Ave, North<br>St. Petersburg, FL 33713 | Retina specialist | 06/2012 |
| Gastroenterology Associates/ Sreekanth Chandrupatla, M.D./ Trupti Shinde, M.D./ Paul A. Hellstern, M.D.<br>6410 West Gulf to Lake Hwy<br>Crystal River, FL 34423 | Gastroenterology | 08/2013-06/2014 |
| Yves Gabriel, M.D.<br>455 Pinellas St Ste 320, Clearwater, FL 33756 | Vascular Surgery | 08/2013 |
| Howard Berlet, M.D.<br>3001 West Dr. MLK Blvd.<br>Tampa, FL 33607 | Radiology - Myelogram | 06/2013 |
| Suncoast Internal Medicine Consultants/S. Zito, M.D./ Edward Kirsch, D.O.<br>13644 Walsingham Rd, Largo, FL 33774 | Internal Medicine | 08/11/2013-present |
| Gina Raptoulis, M.D.<br>13644 Walsingham Road, Largo, FL 33774 | Rheumatology | 08/2013-present |
| Penn State/Milton S. Hersey Medical Ctr/Frank Lynch, M.D.<br>500 University Drive<br>Hersey, PA 17033 | Vascular Surgery | 08/2013 |
| Alfred Jacome, M.D./Elizabeth Pike ARNP/ Neurology Institute of Central Florida<br>2121 S.W. 22nd Place, Ocala, FL 3347 | Neurology | 10/22/2013-present |
| Umesh Choudhry, M.D./ Safety Harbor Surgery Ctr920 S. Myrtle Ave, Clearwater, FL | Gastroenterology | 08/2013-present |
| Antonio DeSclafani, M.D.<br>1901 S.E. 18th Ave., Ocala, FL | Neurosurgery Consultation | 08/26/2014 |
| University of Florida Shands/Daniel Hoh, M.D.<br>1600 S.W. Archer Road, Box 100265, Gainesville, FL 32610 | Neurosurgery Consultation | 08/29/2014 |

| | | |
|---|---|---|
| Mammogram | Bardmoor Imaging Ctr | 12/2001 |
| MRI Cervical Spine/MRI Thoracic Spine | Diagnostic Imaging Ctr,/Robert Howard, M.D. | 06/18/2002 |
| Mammogram | Diagnostic Imaging Ctr,/Theresa Howard, M.D. | 12/24/2002 |
| Abdominal US | Medx Diagnostics Services | 10/29/2003 |
| Mammogram | Morton Plant Imaging Ctr./Martha Cline, M.D./Robert Kupta, M.D. | 01/15/2004 10/09/2000 |
| Bone Density Study M.D, | Diagnostic Clinic/Dmitry Grebenev, | 06/08/2004 |
| MRI Lumbar Spine | Bardmoor Imaging Ctr//William Halleran, M.D. | 10/18/2004 |
| Mammogram | Bardmoor Imaging Ctr | 02/21/2005 |
| MRI Cervical & Lumbar Spine | Gateway Radiology Consultants/ Stephen Anderson, M.D. | 12/06/2005 |
| Mammogram | Bardmoor Imaging Ctr | 03/06/2006 |
| MRI Cervical Spine | TBI Imaging | 03/30/2007 |
| MRI Cervical Spine | Diagnostic Imaging | 07/17/2007 |
| Pelvic US | Bardmoor Imaging Ctr/Mark Benjamin, M.D. | 03/27/2009 |
| CT Myelogram | University Diagnostic | 03/11/2010 |
| CT Abdomen | Baycare OP Imaging | 06/10/2010 |
| Mammogram | Baycare OP Imaging | 07/30/2010 |
| DEXA Hip and Spine | Baycare OP Imaging | 09/19/2010 |
| Venogram | Mease Countryside Hospital/Mark Zuzga, M.D. | 11/17/2010 |
| Venogram | Mease Countryside Hospital/Mark Zuzga, M.D. | 03/23/2011 |
| Mammogram | Baycare OP Imaging/ Martha Cline, M.D. | 08/2011 |
| HIDA scan | Baycare OP Imaging | 11/2011 |
| Abdominal US | Baycare OP Imaging | 11/2011 |
| X-ray R knee | 7101 Park Street North Seminole FL | 02/13/2012 |
| Bone Density | Suncoast Internal Medicine Consultants/S. Zito, D.O. | 08/11/2013 |
| Peripheral Study | Penn State/Milton S.Hersey Medical Ctr/Franch Lynch, M.D. | 08/22/2013 |
| Venogram | Penn State/Milton S.Hersey Medical Ctr/Frank Lynch, M.D. | 08/23/2013 |
| MRI Cervical Spine | Radiology Associates of Ocala | 10/28/2013 |

| CT Abdomen | Radiology Associates of Ocala/F. Wollett, M.D. | 12/11/2013 |

**INTERROGATORY NO. 3:**    Identify and describe all legal claims ever made by or against you, including but not limited to, lawsuits, worker's compensation claims, social security claims, insurance claims, or claim for personal injury, including the date of filing or initiation, the names and addresses of the parties involved, the nature of the claim and proceeding, the tribunal or organization with which the claim was made or filed, the case number and the resolution of the claim.

**ANSWER NO. 3:**  I filed a Social Security medical disability claim in March 2010 for my degenerative spinal stenosis. The claim was accepted. I cannot recall the claim number at this time.

**INTERROGATORY NO. 4:**    Describe all damages and injuries allegedly incurred by Plaintiff as a result of the Filter, including all expenses, financial losses, and economic damages, pain and suffering, or any other damages that Plaintiff sustained.

**ANSWER NO. 4:**    Upon review of my medical records, you will note the bodily injuries -   the filter migrated, perforated my vena cava and my duodenum causing extreme pain, projectile vomiting, nausea, diarrhea and a stricture of my intestines.  I have chronic GI discomfort, abdominal discomfort, cramping and bloating in area where filter perforated the  duodenum.  In January of 2014, I underwent an endoscopy which revealed a narrowing in the area of the duodenal sweep with erythema.  Pathology

revealed chronic duodenitis.  My anxiety level greatly increased, with insomnia, panic attacks and bouts of depression.

**INTERROGATORY NO. 5:**	With respect to each expense, financial loss, or damage identified, please state the nature and amount of such expense, financial loss, or damage, the date(s) thereof, and the name and address of the provider or other person to whom payment was made or is to be paid.

**ANSWER NO. 5:**

**MEDICAL BILL INDEX**

| Medical Provider | Date of Service | Total Bill | Payments | Outstanding Balance |
|---|---|---|---|---|
| Milton Hershey Medical Center | 8/21/13 | $12,475.15 | $12,029.73 | $445.42 |
| Mease Countryside Hospital | 3/23/11 | $11,042.21 | $6,846.17BCBS $4,916.04Adj | -0- |
| Mease Countryside Hospital | 8/14-20/13 | $39,864.88 | $5,483.03BCBS $34,381.85ADJ | -0- |
| Penn State Hershey physician charges | 8/21/13 | $6,123.00 | $321.10Med $5,694.66Adj | -0- |
| Dr. Bidani | 9/21-12/21/11 | $2,080.00 | $495.31BCBS $1,554.69 $30.00P | -0- |
| Safety Harbor Surgery Center | 7/2/14 | $2,266.00 | $1,744.60Adj | $521.40 |
| Gastro Florida | 6/16-7/2/14 | $2,090.60 | $252.18Med $28.82BCBS | $1,809.16 |
| Dr. Hellstern | 12/4/13 – 1/15/14 | $1,389.00 | $121.75Med $47.86BCBS | $1,219.00 |
| Suncoast Endoscopy | 1/7/14 | $895.00 | $261.12Med $66.61BCBS $567.27Adj | -0- |

**INTERROGATORY NO. 6:** If any person or entity other than you (such as any corporation, insurance company, governmental entity or fund) had paid an expense identified in response to Interrogatory No. 5 in whole or in part, or has made promises of benefit or payment to you or on your behalf, describe each and every payment or promise of payment. Include the expense or loss for which you received compensation, reimbursement, or promises of benefit or payment; the individual, entity, or fund making the payment, or promise of payment; and any police period, policy number, and policy limits associated with the payment or promise of payment.

**ANSWER NO. 6:** See response to #5.

**INTERROGATORY NO. 7:** With respect to any person, insurance company, or other entity that provided medical coverage to you or paid medical bills on your behalf at any time, beginning seven (7) years before the alleged injuries through the present, please state whether each entity has a right of subrogation against you.

**ANSWER NO.** 7:

Medicare-MSPRC
Auto No Fault/Liability
PO Box 138832
Oklahoma City, OK  73113

BC/BS/The Rawlings Company
P.O. Box 2000
LaGrange, Kentucky 40031

**INTERROGATORY NO. 8:** Describe all information, documents, or things relating to Cook or the Filter you received from any person or entity, including the nature of the information or documents, when you obtained them, and from whom or where you obtained them.

**ANSWER NO. 8:**

OBJECTION: Plaintiff objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client and attorney-work product and consulting expert privileges. As worded, when the instructions provided by Defendant are considered, the interrogatory seeks all communications between Plaintiff and counsel and all information "relating to Cook or the filter" in possession of Plaintiff's counsel that was obtained at any time from any source. Further, the information sought is not limited to information in counsel's possession that is related to this Plaintiff or this Plaintiff's filter and thus, outside proper relevancy considerations and disclosure of such would violate the federal and state privacy interests of other individuals represented by Plaintiff's counsel.

**INTERRROGATORY NO. 9:** State whether you read or saw any written, televised, or internet-based advertising or labeling material related to the Filter, other than in consultation with your attorney. This includes, but is not limited to, advertising or information on problems, claims, or lawsuits related to

the Celect or other inferior vena cava filters. Include the nature of the material, when you obtained it, and rom whom or where you obtained it.

**ANSWER NO. 9:**

OBJECTION: Plaintiff objects to this interrogatory as exceeding the proper scope of an interrogatory because it requests production of documents or tangible items.

**INTERROGATORY NO. 10:** State whether you received any written or oral instructions regarding the Filter, including the nature of the instructions, when you obtained it, and from whom or where you obtained it.

**ANSWER NO. 10:** I was not given any written or oral instructions regarding the IVC filter. I was told by my spine surgeon, Dr. Moreno, the IVC filter was necessary prior to my spinal surgery.

**INTERROGATORY NO. 11:** Describe each and every thing of which you are aware that supports your claim that the Filter was defective (see Complaint, Count I, ¶ 39).

**ANSWER NO. 11:** OBJECTION:Plaintiff objects to this interrogatory as premature.

**INTERROGATORY NO. 12:** Describe each and every thing of which you are aware that supports your claim that Cook failed to provide warnings of risks and dangers posed by the Filter (see Complaint, Count I, ¶ 40),

including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**ANSWER NO. 12:** OBJECTION: Plaintiff objects to this interrogatory as premature.

**INTERROGATORY NO. 13:** Describe each and every thing of which you are aware that supports your claim that Cook "committed one or more breaches of their duty of reasonable care and were negligen[t] [sic]" (*see* Complaint, Count II, ¶ 46), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**ANSWER NO. 13:** OBJECTION: Plaintiff objects to this interrogatory as premature.

**INTERROGATORY NO. 14:** Describe each and every thing of which you are aware that s7upports your claim that Cook's "marketing of the COOK Filter was false and/or misleading (see Complaint, Count III, ¶ 54), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**ANSWER NO. 14:** OBJECTION:Plaintiff objects to this interrogatory as premature.

**INTERROGATORY NO. 15:** Describe each and every thing of which you are aware that supports your claim that Cook "breached their express warranties and the implied warranties associated with the product" (*see*

Complaint, Count III, ¶ 56), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**ANSWER NO. 15:**   OBJECTION: Plaintiff objects to this interrogatory as premature.

**INTERROGATORY NO.** 16:   Describe each and every thing of which you are aware that supports your claim for punitive damages (*see* Complaint, Count V [sic]), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**ANSWER NO. 16:**   OBJECTION: Plaintiff objects to this interrogatory as premature.

**INTERROGATORY NO.** 17:   If you alleged that you are unable or less able to engage in any activity in which you engaged prior to November 17, 2010, due to the Filter, describe in detail each activity you allege you are less able to engage in, including the frequency with which you engaged in the activity before and after November 17, 2010, the basis of the claim that the Filter (or any failure of the Filter) cause you to be unable or less able to engage in the activity, the nature and location of all documents that support the claim, and the name, address, and telephone number of each person with knowledge of the claim.

**ANSWER NO.** 17:   None at this time

**INTERROGATORY NO. 18:** Describe all statements taken or possessed by you of any employee, representative, or agent of Cook related to the Filter or any allegation in the complaint, including the individual who provided the statement, the date the statement was given, to whom the statement was given, and the content of the statement.

**ANSWER NO. 18:** OBJECTION: Plaintiff objects to this interrogatory as exceeding the proper scope of an interrogatory because it requests production of documents or tangible items.

**INTERROGATORY NO. 19:** Identify and describe each person whom you believe has knowledge concerning the facts of this case, including the witness's name, address, and telephone number, the facts you believe are known or have been observed by the witness, and provide a copy of any written or recorded statements taken from the individual.

**ANSWER NO. 19:** OBJECTION:Plaintiff objects to this interrogatory as exceeding the proper scope of an interrogatory because it requests production of documents or tangible items.

**INTERROGATORY NO. 20:** Identify any individual who may be called as a witness at any trial, including both fact and expert witnesses, and, for each expert witness, provide a complete statement of all opinions to be expressed and the bases for each opinion, the data or other information considered by the individual in forming his or her opinions in the case, the qualifications of the

individual to provide expert testimony, including a list of all publications authored by the individual within the last ten years, the compensation to be paid to the individual, and a list of any other cases in which the individual has testified as an expert at trial or by deposition within the preceding four years.

**ANSWER NO. 20:** OBJECTION: Plaintiff objects to this interrogatory as seeking attorney-work product regarding the identify of witness who may be called at trial and exceeding the proper scope of discovery for fact witnesses.

**INTERROGATORY NO. 21:** State whether Plaintiff has made any claim or commenced any action against anyone other than Cook, including the physician who implanted the Filter, as a result of the injuries or losses which Plaintiff alleges in this action. If so, describe the nature of the claim or action, the parties involved, and the status of the claim or action.

**ANSWER NO. 21:** Not applicable.

**INTERROGATORY NO. 22:** Identify each and every time you have been denied life insurance or medical insurance for reasons relating to any medical or physical condition in the last ten years, including the name of the entity that denied coverage, date of denial, and states reasons for denial.

**ANSWER NO. 22:** I have never been denied life or medical insurance.

**INTERROGATORY NO. 23:** Identify all out-of-pocket expenses that you have paid and claim are related to any condition that you alleged was caused by the Filter implanted in you, including the nature of the out-of-pocket expense and the approximate dollar amount.

**ANSWER NO. 23:** My out of pocket expense are:

| | |
|---|---|
| Airfare to Hersey Penn for IVC Filter Removal | $900.00 |
| Hotel x 3 nights | $450.00 |
| Rental Car | $400.00 |
| Gas | $100.00 |
| Food | $200.00 |
| Russ work loss | $600.00 |

**INTERROGATORY NO. 24:** Please state whether you use or ever have used social media websites, including but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, Pinterest, or other social media. For each website you have used, please provide all user names, handles, login names or IDs and e-mail addresses applicable to the login or use of the website, and the approximate dates or date range of use for each website.

**ANSWER NO. 24:** OBJECTION: Plaintiff objects to this interrogatory as seeking information outside the proper scope of discovery and as intended to harass, embarrass or violate Plaintiff and Plaintiff's family and friend's privacy.

I HEREBY CERTIFY that a copy of the foregoing has been furnished by e-service this 12th day of October, 2015, to: Anna C. Rutigliano, Esq., Faegre Baker Daniels, LLP, Suite 2700, 300 North meridian Street, Indianapolis, IN 45204; Douglas B. King, Esq., Wooden McLaughlin, LLP, Suite 1800m, One Indiana Square, Indianapolis, IN 46204; Ben C. Martin, Esq., Law Office of Ben C. Martin, Suite 100, 3219 McKinney Avenue Dallas, TX 75204; Michael W. Heaviside, Esq., Heaviside Reed Zaic, Suite 203, 312 Broadway, Laguna Beach, CA 92651; and David P. Matthews, Esq., Matthews & Associates, 2905 Sackett Street, Houston, TX 77098..

BABBITT & JOHNSON, P.A.
Attorneys for Plaintiff
1641 Worthington Road, Suite 100
Post Office Box 4426 (33402-4426)
West Palm Beach, FL 33409
Tel: (561) 684-2500
Fax: (561) 684-6308
jjohnson@babbitt-johnson.com


By   /s/ Joseph R. Johnson
   JOSEPH R. JOHNSON
   Florida Bar # 372250