# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)

_____ELIZABETH JANE HILL_____

Civil Case #  1:15-cv-06016-RLY-TAB

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

COMES NOW the Plaintiff, ELIZABETH JANE HILL, by and through her undersigned attorneys, and files this Response to First Se of Requests for Production from the COOK Defendants as follows:

Plaintiff objects to the instructions and definitions as set forth by the defendants on the grounds that they are vague, ambiguous, overly broad, harassing, confusing, and are beyond the scope of permissible discovery.  In responding to the discovery, Plaintiffs will give all words their plan meaning.

**REQUEST NO. 1:**   Any and all documents identified by you in response to any interrogatories Cook serves upon you in this action, including without limitation the interrogatories served concurrently with these requests.

**RESPONSE NO. 1:**

OBJECTION : Plaintiff hereby incorporates by reference as if set forth in full all objections asserted in response to each interrogatory served upon Plaintiff by Cook.

**REQUEST NO. 2:** Any and all documents that relate to, refer to, or concern any of the facts, allegations, injuries, or damages referred to in the Complaint.

**RESPONSE NO. 2:**

OBJECTION : Plaintiff objects to this because in seeking documents that "relate to, refer to, or concern any of the facts, allegations, or injuries, or damages referred to in the Complaint," this request seeks communications between Plaintiff and counsel that are protected from discovery by the attorney-client privilege. Further, because the request is not limited in time, it seeks documents created or containing information obtained following the time litigation was contemplated by Plaintiff's counsel and/or communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in Cook IVC litigation and protected from discovery by the attorney work-product privilege.

**REQUEST NO. 3:** Any and all documents that relate to, refer to, or concern your examination or treatment for the injuries claimed in this lawsuit, including, but not limited to, medical records, chart notes, correspondence, x-rays, bone scans, test results, operative notes and reports, referrals, medical releases and consents, procedure descriptions, office notices, and documentation of surgeries.

**RESPONSE NO. 3:**

Attached are the following medical records in our possession:

Surgical Associates West Florida

West Central Gastroenterology/Edward Kirsch, M.D.

Safety Harbor Surgery Center/U. Choudhry, M.D.

Suncoast Internal Medicine Consultants,

Suncoast Endoscopy Center Inverness

Gastroenterology Associates –/S. Chandrupatla, M.D.

Radiology Associates of Ocala

Morton Plant Hospital DOS: 07/05/2013

Morton Plant Hospital DOS: 08/14/2013

Milton Hershey Medical Center DOS: 08/21/2013

Mease Countryside Hospital/Bay Care Health System, DOS: 12/06/2010

Mark Zuzga, D.O.

CVS pharmacy

CVS Caremark

Citrus Memorial Health System

Bridget Bellingar, D.O.

Jacome, M.D. /The Neurology Institute

Safety Harbor Surgery Center DOS: 07/22/2014

AJ Bidani, M.D.

Mease Countryside Hospital DOS: 03/23/2011

Mease Countryside Hospital DOS: 11/17/2010

**REQUEST NO. 4:** Any and all photographs and videotapes that identify, depict, or relate to the Filter, facts, allegations, injuries, or damages referred to in the Complaint.

**RESPONSE NO. 4:**

Attached is the color laser photo from the Endoscopy DOS: 2/24/2014

**REQUEST NO. 5:** Any and all documents that relate to, refer to, or concern the examination, evaluation, or treatment of your medical conditions, including but not limited to gastrointestinal symptoms, fatigue, anxiety, insomnia, and posttraumatic stress disorder, including but not limited to chart notes, correspondence, x-rays, bone scans, test results, operative notes and reports, referrals, medical releases and consents, procedure descriptions, office notes, and documentations of surgeries performed on you from November 17, 2000, to the present.

**RESPONSE NO. 5:** See attachments in answer to request #3.

**REQUEST NO. 6:** Any and all photographs, x-rays, MRI films, CT scans, or results of other imaging procedures relating to your medical conditions and the Filter.

**RESPONSE NO. 6:** Via hard copy by mail a disc of the four radiology studies DOS: 8/12/2013 has been sent. These are the radiological studies in our possession as of this date.

**RESPONSE NO. 7:** Any and all documents given or shown to you by any physician, surgeon, or other healthcare provider relating to the Filter or the implantation of the Filter.

**RESPONSE NO. 7:** None. All medical records have been provided in response #3.

**REQUEST NO. 8:**   Any communication between Plaintiff or anyone acting on her behalf (including her attorney) to any third party, including, but not limited to, any doctor, medical staff, employer, defendants, governmental agency relating to the Filter, this action, or the allegations in this action.

**RESPONSE NO. 8:**   8. Attached are the following medical bills in our possession:

A.J. Bidani, M.D.

Surgical Associates of West Florida

Safety Harbor Surgery Center

Bellingar, D.O.; Gastro Florida

Jacome, M.D./Neurology Institute of Central Florida

Mease Countryside Hospital, DOS:  03/23/2011

Morton Plant Hospital, DOS:  08/12/2013

Suncoast Endoscopy

Dr. Hellstern and Dr. Chandrupatla

The Milton S. Hershey Medical Center, DOS:  08/21/2013.

**REQUEST NO. 9:**   All public statements or press releases made by Plaintiff or anyone acting on her behalf (including her attorney) relating to the Filter, this action, or the allegations in this action.

**RESPONSE NO. 9:**   None.

**REQUEST NO. 10:**  A signed and executed copy of the release attached at Exhibit A for you, including releases for (a) medical records, (b) worker's compensation records, where applicable, (c) social security and insurance records if liens exist, (d) tax and employment records, and € Medicare Beneficiary Status Form.

**RESPONSE NO. 10:** OBJECTION: Plaintiff objects to the proposed medical authorization because it authorizes discussions with Plaintiff's health care providers.  **Plaintiff will provide a medical authorization that permits disclosure of records but does not authorize oral discussions with defense counsel.**

**REQUEST NO. 11:**  Any and all documents that relate to, refer to, or concern any legal claim or proceeding, including but not limited to, lawsuit, workers' compensation proceeding or benefit, claim for disability, Social Security claim, insurance claim, or claim for personal injury, made or received by you at any time.

**RESPONSE NO. 11:**   Social Security claim information is attached.

**REQUEST NO. 12:**   Any and all notes, diaries, calendar, or other documents made by you that relate to, refer to, or concern your medical conditions or any claim you assert in this lawsuit.

**RESPONSE NO. 12:** OBJECTION: Plaintiff objects to this request for "other documents" because it can be construed to seek communications between Plaintiff and Plaintiff's counsel.

**RESPONSE NO. 13:** Any and all documents you contend support or prove your claim that the Filter was defensive (see Complaint, Count 1, ¶ 46).

**RESPONSE NO. 13:** OBJECTION: Plaintiff objects to this request as premature.

**REQUEST NO. 14:** Any and all document you contend support or prove your claim that the Cook failed to provide warnings of risks and dangers posed by the Filter (see Complaint, Count I, ¶ 40).

**RESPONSE NO. 14:** OBJECTION: Plaintiff objects to this request as premature.

**REQUEST NO. 15:** Any and all documents you contend support or prove your claim that Cook "committed one or more breaches of their duty of reasonable care and were negligen[t] [sic]" (see Complaint, Count II, ¶ 46).

**RESPONSE NO. 15:** OBJECTION: Plaintiff objects to this request as premature.

**REQUEST NO. 16:** Any and all documents you contend support or prove your claim that Cook's "marketing of the COOK Filter was false and/or misleading" (see Complaint, Count III, ¶ 54).

**RESPONSE NO. 16:** OBJECTION: Plaintiff objects to this request as premature.

**REQUEST NO. 17:** Any and all documents you contend support or prove your claim that Cook "breached their express warranties and the implied warranties associates with the product" (see Complaint, Count III, ¶ 56).

**RESPONSE NO. 17:** OBJECTION: Plaintiff objects to this request as premature.

**REQUEST NO. 18:** Any and all documents you contend support or prove your claim for punitive damages (see Complaint, Count V [sic]}.

**RESPONSE No. 18:** OBJECTION: Plaintiff objects to this request as premature.

**REQUEST No. 19:** The Filter, including any packaging or product literature or other materials that may have accompanied the Filter.

**RESPONSE NO. 19.** None in our possession.

**REQUEST NO. 20**: Any and all documents that relate tom, refer to, or concern the Filter.

**RESPONSE NO. 20:** OBJECTION: Plaintiff objects to this request for "Any and all documents that "relate to, refer to, or concern the Filter" as unduly broad and unlimited in scope so that it encompasses attorney-client communications, work product, communications with consulting experts, and communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in IVC litigation.

**REQUEST NO. 21:** Any and all documents that relate to, refer to, or concern the decision to use the Filter, and/or your surgeon's decision to use the Filter.

**RESPONSE NO. 21:** All medical records have been provided in response to request #3.

**REQUEST NO: 22:** All documents related to the Hospitalization of Plaintiff for any reason, including, but not limited to, medical records, chart notes, correspondence, x-rays, bone scans, test results, operative notes and reports, referrals, medical releases and consents, procedure description,

office notes, and documentation of surgeries performed on Plaintiff at any time from November 17m, 2000, to the present.

**RESPONSE NO. 22.**  All medical records have been provided in response to request #3

**REQUEST NO. 23:**  All pharmacy records relating to any prescriptions or other medications taken by Plaintiff at any time from November 17, 2000, to the present.

**RESPONSE TO 23.** All medical records have been provided in response to request #3.

**REQUEST NO. 24:**  Any and all medical bills, statements or other documents that relate to, refer to, or concern any expenses incurred by you for examination or treatment of the injuries you claim.

**RESPONSE NO. 24.**  Medical bills in our possession are attached.

**REQUEST NO: 25:**  Any and all medical bills, statements, and other documents that relate to, refer to, or concern any expenses paid on your behalf by any insurance carrier or health plan, with the name and address of the carrier or health plan.

**RESPONSE NO. 25.**  Please refer to the answer in request #24.

**REQUEST NO. 26:**  Any and all documents that relate to, refer to, or concern any claim of subrogation or lien by any third party on any expenses paid on behalf of Plaintiff.

**RESPONSE NO. 26.**  Attached is subrogation information.

**REQUEST NO. 27:**  All statements (whether written or oral) of any employee, representative, or agent of Cook related to the Filter, and all documents and things that relate to, refer to, or concern any statement.

**RESPONSE No. 27.  OBJECTION:** Plaintiff objects to this request for statements "related to the Filter" and documents that "relate to, refer to, or concern any statement" as unduly broad and unlimited in scope so that it encompasses attorney-client communications, work product, communications with consulting experts, and communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in IVC litigation.

**REQUEST NO. 28:**  All documents relating to any test, inspection, or examination of the Filter.

**RESPONSE NO. 28:** OBJECTION: Plaintiff objects to this request for all documents "related to" as unduly broad and unlimited in scope so that it encompasses attorney-client communications, work product, communications with consulting experts, and communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in IVC litigation.

**REQUEST NO. 29:**  Any and all documents that relate to, refer to, or concern any witness you intend to call at trial, including both fact and expert witnesses.  For each witness, include all documents, including but not limited to, reports, notes, files, and other documents and things created, received, or examined by the witness.

**RESPONSE NO. 29:  OBJECTION:**  Plaintiff objects to this request as seeking attorney-work product regarding the identify of witness who may be called at trial and exceeding the proper scope of discovery for fact witnesses.

**REQUEST NO. 30:**  Any and all documents and things that you may introduce as exhibits at trial

**RESPONSE NO. 30:** OBJECTION: Plaintiff objects to this request as premature because the deadline for exhibit lists has not been reached, as seeking work product regarding exhibits that "may" be introduce[d] and possible rebuttal exhibits.

**REQUEST NO. 31:** All employment records relating in any way to Plaintiff whether employed or self-employed, including the names and addresses of all employers, the records of the dates absent from work for any reason, the records relating to the fact and duration of unemployment, the records of workers' compensation, unemployment insurance, welfare, and applications for assistance from any governmental agency because of unemployment or ill health, and all income records from November 17, 2000, to the present.

**RESPONSE NO. 31:** Not applicable.

**REQUEST NO. 32:** All documents relating to the fact and duration of Plaintiff's unemployment, including documents submitted to or received from any entity regarding unemployment, unemployment insurance or benefits, and any document stating the reasons for separation from any employment from November 17, 2000, to the present.

**RESPONSE NO. 32:** Not applicable.

**REQUEST NO. 33:** All documents relating to the receipt by Plaintiff at any time from November 17, 2000, to the present of any public assistance or benefits, including but not limited to, food stamps, cash assistance in any form, welfare, and federal or state housing subsidies.

**RESPONSE NO. 33:** Not applicable.

**REQUEST NO. 34:** All documents related to any application for or receipt of Social Security or disability benefits of any kind, including but not limited to, SSI, SSD, or retirement benefits and including, but not limited to, any spousal, child or survival benefits, in connection with Plaintiff.

**RESPONSE NO. 34:** 34. Social Security information has been provided in response to #11

**REQUEST NO. 35:** All documents that refer to or relate to any agreement between Plaintiff or Plaintiff's counsel and any of Plaintiff's healthcare providers concerning the Filter.

**RESPONSE NO. 35:** Not applicable.

**REQUEST NO. 36:** Reports or projections of any accountants, economists, or other financial consultants concerning past or prospective economic damages, including but not limited to loss of income, cost of nursing, or attendant care, cost of future medical care and/or treatment and any other costs.

**RESPONSE NO 36:** Plaintiff objects to this request as premature.

**REQUEST NO. 37:** Text messages, e-mails, tweets, or any and all social media posts (including but not limited to Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, and Pinterest) that relate to, refer to, or concerning the Filt3er, vena cava filters generally, your medical conditions, your recovery, you alleged damages, or Cook.

**RESPONSE NO. 37.** OBJECTION: Plaintiff objects to this request as seeking email communications between Plaintiff and counsel.

**REQUEST TO PRODCE NO. 38:** Any and all documents that relate to, refer to, or concern the chain of custody of the Filter from the date of retrieval to the present, including the name, address, telephone number, and e-mail address of each person or entity that came into possession of the Filter, or any portion of the Filter.

**RESPONSE NO. 38:** Attached is correspondence from Penn State Health Milton S. Hershey Medical Center dated September 14, 2016.

**REQUEST NO. 39:** An updated Plaintiff Fact Sheet that includes updated information since the Plaintiff Fact Sheet dated April 16, 2015.

**RESPONSE NO:** Not applicable.

**REQUEST NO. 40.** All documents requested by the Plaintiff fact Sheet that Plaintiff has not already produced.

**RESPONSE NO. 40:** None

**REQUEST NO. 41:** All documents and things identified in or relied upon to formulate Plaintiff's answers to the Plaintiff Fact Sheet.

**RESPONSE NO: 41.** There are no additional documents relative to this question

I HEREBY CERTIFY that a copy of the foregoing has been furnished by e-service this 12th day of October, 2015, to:  Anna C. Rutigliano, Esq., Faegre Baker Daniels, LLP, Suite 2700, 300 North meridian Street, Indianapolis, IN  45204; Douglas B. King, Esq., Wooden McLaughlin, LLP, Suite 1800m, One Indiana Square, Indianapolis, IN  46204; Ben C. Martin, Esq., Law Office of Ben C. Martin, Suite 100, 3219 McKinney Avenue Dallas, TX  75204; Michael W. Heaviside, Esq., Heaviside Reed Zaic, Suite 203, 312 Broadway, Laguna Beach, CA  92651; and David P. Matthews, Esq., Matthews & Associates, 2905 Sackett Street, Houston, TX  77098.

BABBITT & JOHNSON, P.A.
Attorneys for Plaintiff
1641 Worthington Road, Suite 100
Post Office Box 4426 (33402-4426)
West Palm Beach, FL  33409
Tel:  (561) 684-2500
Fax: (561) 684-6308
jjohnson@babbitt-johnson.com


By____/s/ Joseph R. Johnson_____
    JOSEPH R. JOHNSON
    Florida Bar # 372250