# EXHIBIT G

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▼ UK ▼ CHINA

**Patrick H. Reilly**
*Associate*
patrick.reilly@FaegreBD.com
Direct **+1 317 237 1087**

**Faegre Baker Daniels LLP**
300 North Meridian Street ▼ Suite 2700
Indianapolis ▼ Indiana 46204-1750
Main **+1 317 237 0300**
Fax **+1 317 237 1000**

October 20, 2016

**VIA E-MAIL, ORIGINAL TO FOLLOW BY OVERNIGHT MAIL**

Joseph R. Johnson
BABBIT & JOHNSON, P.A.
1641 Worthington Road, Suite 100
P.O. Box 4426
West Palm Beach, FL 33409

Re:   *In Re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation*, MDL No. 2570, Case No. 1:14-cv-06016

Dear Joe:

I am writing to you about the discovery requests that Cook served on Plaintiff Elizabeth Hill on September 1, 2016. As referenced in the attached letter, Ms. Hill's responses were untimely and deficient.

The deficiencies in Ms. Hill's responses to Defendants' First Set of Interrogatories ("Interrogatories") and Request for Production of Documents ("Requests") are described in detail below. In addition, you did not sign the objections, and Ms. Hill did not verify her interrogatory responses, both of which are required by Fed. R. Civ. P. 33(b)(5).

Please sign the objections and have Ms. Hill submit supplemental, verified answers to the Interrogatories and supplemental responses to the Requests as requested below on or before October 27, 2016. Given that Ms. Hill's deposition is scheduled for November 10, 2016, it is imperative that supplemental responses are provided by October 27, 2016, so that we have time to review them prior to the deposition.

-2-                                                                                                                October 20, 2016

## DEFICIENCIES IN RESPONSES TO INTERROGATORIES

Interrogatory Nos. 8, 9, 11-16, 18-20, 24:

You objected to these Interrogatories on various grounds. However, any ground that is "not stated in a timely objection is waived." *See* Fed. R. Civ. P. 33(b)(4). Because you did not serve your objections until October 12, 2016, which is well beyond the October 1, 2016, deadline, the grounds for your objections are waived. As such, please provide complete answers as required by the rules. *See* Fed. R. Civ. P. 33(b)(3).

Interrogatory Nos. 8, 20:

You objected to these Interrogatories as seeking information protected by the attorney-client privilege, the consulting-expert privilege, or the work product doctrine. Pursuant to Fed. R. Civ. P. 26(b)(5)(A), if a party withholds information otherwise discoverable by claiming that the information is privileged, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Ms. Hill's answer does not comply with Rule 26(b)(5)(A). Please supplement the answer with the necessary information as described by the rule.

Interrogatory No. 5:

This Interrogatory asked for the nature of all expenses, financial losses, or damages identified. Ms. Hill listed an index of medical bills but did not describe the nature of each expense. Please supplement the answer with complete information.

Interrogatory No. 6:

This Interrogatory asked for the policy period, policy number and policy limits associated with any payment or promise of payment. Ms. Hill listed an index of payments, some by insurance companies, but did not provide the policy information. Please supplement the answer with complete information.

Interrogatory No. 7:

This Interrogatory asked for information on any entity that provided medical coverage or paid any medical bills on behalf of Ms. Hill, and whether those entities have a right of subrogation against her. Ms. Hill simply listed two entities, Medicare-MSPRC, and BC/BS/The Rawlings Company but did not state whether those entities have a right of subrogation against her. Please supplement the answer with complete information.

October 20, 2016

Interrogatory No. 8:

This Interrogatory seeks all information, documents or things relating to Cook or the Filter. You objected to the entirety of this Interrogatory as seeking information protected by attorney-client privilege, attorney-work product, and consulting expert privilege. You also objected to it as seeking information that is "outside proper relevancy considerations" and that disclosure would "violate federal and state privacy interests of other individuals represented by Plaintiff's counsel." First, please confirm that you do not have any non-privileged information that is responsive to this Interrogatory. If you do, please supplement this answer with all non-privileged responsive information. Second, please state with specificity your objection to this Interrogatory as not relevant or in violation of privacy interests. *See* Fed. R. Civ. P. 33(b)(4).

Interrogatory Nos. 9, 18, 19:

You objected to these Interrogatories as exceeding the proper scope of an interrogatory because it requests production of documents or tangible items. This is not a valid objection. First, these interrogatories do not request production of documents. Interrogatory No. 9 asks Ms. Hill to "**State** whether you read or saw . . .," Interrogatory No. 18 asks her to "**Describe** all statements . . .," and Interrogatory No. 19 asks her to "**Identify** and describe each person . . ." To the extent that you object to these because they may be answered by examining a document, Fed. R. Civ. P. 33(d) contemplates this, giving the responding party the option to specify the records that must be reviewed, and giving the interrogating party a reasonable opportunity to examine the records. Further, Cook's Request for Production No. 1 contemplates this as well, seeking "Any and all documents identified by you in response to any interrogatories Cook serves upon you in this action, including without limitation the interrogatories served concurrently with these requests." Thus, in accordance with the federal rules, and in response to the Request No. 1, please supplement with complete answers to these interrogatories, or specify and/or produce any documents that are necessary to answer each Interrogatory.

Interrogatory Nos. 11-16:

You objected to these Interrogatories as premature. Please confirm that this means that you have not yet identified any evidence that supports your claims cited in your Complaint.

Interrogatory No. 21:

This Interrogatory asks whether Ms. Hill has made any claim or commenced any action against anyone other than Cook. Ms. Hill answered "Not applicable." Please confirm that this means that she has not made any claim or commenced any action against anyone other than Cook for injuries or losses alleged in this action.

Interrogatory No. 24:

You objected to this Interrogatory as seeking information outside the proper scope of discovery and as intended to harass, embarrass, or violate Plaintiff and Plaintiff's family and friend's

privacy. However, this is not a valid objection because social media content is discoverable. *See e.g., Higgins v. Koch Development Corp.*, 2013 WL 3366278, *2-3 (S.D.Ind. July 5, 2013) (granting defendant's motion to compel discovery of Facebook information); *Anderson v. City of Fort Pierce*, 2015 WL 11251963, *3 (S.D.Fla. Feb. 12, 2015). Please supplement this answer with complete information.

## DEFICIENCIES IN RESPONSES TO REQUESTS FOR PRODUCTION

Request Nos. 1, 41:

These Requests seeks all documents identified in or relied upon to formulate the answers to the Interrogatories and the answers to the Plaintiff Fact Sheet. Ms. Hill provided responsive information in her answers to Interrogatories No. 1-3, 5-7, and 23. Please confirm that Ms. Hill produced all documents that she identified or relied upon in formulating her answers to those Interrogatories and to her Plaintiff Fact Sheet.

Request Nos 1, 2, 12-18, 20, 27-30, 36, 37.

You objected to each of these Requests for various general reasons. Fed. R. Civ. P. 34(b)(2)(B) requires that the response must "state with specificity the grounds for objecting to the request, including the reasons." Please provide supplemental responses that describe the reasons for each objection you are making, not just the name of the objection.

Additionally, Fed. R. Civ. P. 34(b)(2)(C) requires that an "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Please provide supplemental responses that state whether responsive materials are being withheld on the basis of your objections to each of these requests. Please also confirm that you are objecting to the entire request. If you are only objecting to part of the request, supplement the response with responsive materials.

Request Nos. 2, 12, 20, 27, 28, 29, 30, 37:

You objected to the production of items due to attorney-client privilege, the attorney work product doctrine, and consulting-expert privilege. Pursuant to Case Management Order 10, entered on July 10, 2015, parties must provide a privilege log for all responsive documents withheld from production based on a claim of privilege. Please produce a privilege log as required by Case Management Order 10.

Request Nos 13-18:

You objected to these Requests as premature. Please confirm that this means that you have not yet identified any documents that support your claims cited in your Complaint.

-5-                                                                                          October 20, 2016

Request Nos. 31-33, 35, 39:

In her responses to the Requests, Ms. Hill answered "Not applicable." Please clarify that the subject of these Requests does not apply to her allegations in this action and that she will not rely on any evidence that is responsive to these Requests in any way.

Request Nos 3, 6, 8, 19, 24, 25.

In response to Request Nos. 3, 6, 8, 19, 24, and 25, Ms. Hill stated that either she did not have any responsive documents in her possession, or that she produced responsive documents in her "possession." As you know, Ms. Hill is obligated to produce documents or things that are in her "possession, custody, or control." *See* Fed. R. Civ. P. 34(a)(1). Please confirm that Ms. Hill does not have possession, custody or control of any information or documents that are responsive to these Requests that she has not already produced. If she does have additional responsive information or documents in her possession, custody, or control, please supplement these responses accordingly.

Request No. 8:

This Request seeks all communications between Plaintiff and any third party relating to the Filter. Ms. Hill responded with the production of medical bills. This is not responsive. Please supplement this response with communications, or confirm that there are no responsive documents to this Request.

Request No. 29:

This Request seeks information relating to any fact or expert witness Ms. Hill intends to call at trial. You object to this Request as seeking attorney-work product and for exceeding the proper scope of discovery for fact witnesses. The federal rules state the standard for the proper scope of discovery, which includes "matter that is relevant to any party's claim or defense" among other considerations. Fed. R. Civ. P. 26(b). Please confirm that Ms. Hill's response indicates that there are no fact witnesses that are within the scope of discovery, that is, that are relevant to any of her claims, and that she does not intend to call any fact witness at trial. If that is incorrect, please supplement this response accordingly.

Please do not hesitate to contact me if you have any questions or concerns about the discovery Cook has served on the Ms. Hill or my requests for supplementation above.

October 20, 2016

Very truly yours,

*[signature]*

Patrick H. Reilly

ARP:acr

cc:    John T. Schlafer *(via email)*
        Andrea Roberts Pearson *(via email)*
        Douglas B. King *(via email)*
        Michael W. Heaviside *(via email)*
        David P. Matthews *(via email)*

FaegreBD.com

# FAEGRE BAKER DANIELS

USA · UK · CHINA

Patrick H. Reilly
*Associate*
patrick.reilly@FaegreBD.com
Direct **+1 317 237 1087**

Faegre Baker Daniels LLP
300 North Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Main **+1 317 237 0300**
Fax **+1 317 237 1000**

October 4, 2016

### VIA E-MAIL, ORIGINAL TO FOLLOW BY OVERNIGHT MAIL

Joseph Johnson
BABBIT, JOHNSON, OSBORNE &
LeCLAINCHE, PA
1641 Worthington Road, Suite 100
P.O. Box 4426
West Palm Beach, FL 33402

Re: *In Re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation,* MDL No. 2570, Case No. 1:14-cv-06016

Dear Joe:

I am writing to you regarding the attached discovery requests that certain Cook defendants served on Plaintiff Elizabeth Hill on September 1, 2016. These responses are necessary for Cook to work up the case for trial, including Ms. Hill's deposition, which has been scheduled for October 13, 2016. Ms. Hill's answers and responses were due 30 days from the date of service, which is October 1, 2016, at the latest. Ms. Hill did not serve any answers or responses by October 1, 2016, and she never contacted Cook to ask for an extension. Therefore, her answers and responses are late, and any objections to the First Set of Interrogatories are untimely and are therefore waived.

Please provide Ms. Hill's initial, verified answers and responses by October 7, 2016, so that we have time to review prior to her deposition. Please call or email me if you have any questions about this letter.

US.108352811.01

-2-    October 4, 2016

Very truly yours,

Patrick H. Reilly

PHR:acr

cc: Andrea R. Pierson *(via email)*
    John T. Schlafer *(via email)*
    Douglas B. King *(via email)*
    Ben C. Martin *(via email)*
    Michael W. Heaviside *(via email)*
    David P. Matthews *(via email)*