# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND RLY-TAB PRODUCTSLIABILITY LITIGATION 2570 | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. |

This Document Relates to Plaintiff(s)

_____ELIZABETH JANE HILL_____

Civil Case #  1:15-cv-06016-RLY-TAB

## **PLAINTIFF'S RESPONSE TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION**

COMES NOW the Plaintiff, ELIZABETH JANE HILL, by and through her undersigned attorneys, and files this Response to Third Set of Requests for Production from the COOK Defendants as follows:

**General Objections As To All Requests For Production:** Plaintiff objects to the instructions and definitions as set forth by the defendants on the grounds that they are vague, ambiguous, overly broad, harassing, confusing, and are beyond the scope of permissible discovery.  In responding to the discovery, Plaintiffs will give all words their plan meaning.

**REQUEST NO. 1:**    Any and all tax returns filed by you (individually or jointly) from 2009 to present with attachments to your tax returns including, but not limited to, W-2s and 1099s.

**RESPONSE NO. 1**:  Objection in that Elizabeth Hill is not making a claim for lost wages and, therefore, this request seeks documents that are highly private, irrelevant, and immaterial and would likely tend to confuse and mislead a jury.

**REQUEST NO. 2:**  Any and all documents that relate to, refer to, or concern any of your claims that you are "going to sell [your] home in Tennessee as [you] simply cannot travel back and forth with [your] bowel issues."

**RESPONSE NO. 2:**  Objection in that this request is vague and overbroad.  Elizabeth Hill is not aware of any documents that indicate she and her husband decided to sell their home in Tennessee.

**REQUEST NO. 3:**  Any and all documents that relate to, refer to, or concern your relocation to Ft. Myers, Florida.

**RESPONSE NO. 3:**  Objection in that this request is vague and overbroad. Elizabeth Hill is not aware of any documents that relate to or refer to her concern about relocating to Fort Myers, Florida.

**REQUEST NO. 4:**  An electronic copy of your Facebook profile in native file format, including all folder, .html files, and photographs contained in the facebook-janeedgemonhill.zip file downloaded on April 16, 2015, at 6:00 p.m.

**RESPONSE NO. 4:**  Objection as Elizabeth Hill is no aware of any court order or obligation to provide an electronic copy of her Facebook profile in native file format.  Furthermore, if this information is available in native file format, the information sought is an unacceptable invasion into Mrs. Hill's privacy.  All of the requested information has previously been provided to counsel for the Defendants as a PDF.

**REQUEST NO. 5:**  An electronic copy of your Facebook profile in native file

format including wall or timeline posts, messages, events, places, devices used, information about sessions (available on the "security" file), photographs, and/or videos that relate to, refer to, or concern your travel to and from your vacation home in Tennessee, your travel of more than two hours away from your home, your relocation to Ft. Myers, your hobbies, your social activities, your claims against Cook, the Filter, vena cava filters generally, your medical conditions, your recovery, your alleged damages, or Cook from April 16, 2015, to present.

**RESPONSE NO.5:** Elizabeth Hill adopts her response and objections contained in Paragraph 4 above.

**REQUEST NO. 6:** Any and all documents that relate to, refer to, or concern your hiring of a housekeeper or other professional(s) to perform housecleaning and yard work around your property or properties from January 1, 2007, to present.

**RESPONSE NO: 6:** Objection in that this request is vague and overbroad. Elizabeth Hill is not aware of any documents that relate to or refer to her concern about hiring a housekeeper or other professionals to perform house cleaning and yard work from January 7, 2007, to the present. Furthermore, this request seeks information that is irrelevant and immaterial to the issues in this matter and would likely tend to confuse and mislead the jury since Elizabeth Hill is not making a claim for damages that relate to ho0usekeeping expenses and/or yardwork.

**REQUEST NO. 7:** Any and all documents that relate to, refer to, or concern your travel expenses (whether for medical reasons or leisure), including, but not limited to, credit card statements, bank statements, financial records, reservation confirmation e-mails, invoices, receipts, or travel reward summaries from January 1, 2007, to present.

**RESPONSE NO. 7:** Objection in that this request is vague and overbroad. Elizabeth Hill is not aware of any additional documents that relate to or refer to her concern about travel expenses. The Defendants have previously been provided with documentation of expenses in the possession of Elizabeth Hill that relate to her travel from Florida to Pennsylvania for the removal of her IVC filter.

**REQUEST NO. 8:** Any and all documents that relate to, refer to, or concern your listing, rental or sale of real estate that you owned (either individually or jointly) from January 1, 2007, to present, including, but not limited to, listing contracts with real estate professionals, Multiple Listing Service ("MLS") profiles for the property or properties, purchase agreements, and/or rental agreements.

**RESPONSE NO. 8:** Objection in that this request is vague and overbroad. Mrs. Hill is not aware of any documents that relate to or refer to her concern about listing, rental or sale of real estate owned by her. Furthermore, the requested documents seek information that is highly private, irrelevant, and immaterial and would likely tend to confuse and mislead the jury since she is not claiming any damages relating to the listing, rental or sale of real estate owned by her.

**RESPONSE NO. 9:** A signed and executed copy of the release (attached as Exhibit A) for employment records from your part-time employer described on page 18 of Leigh Ann Levy's March 11, 2017, report.

**RESPONSE NO. 9:** Objection in that this request seeks access to materials that are highly private, irrelevant, immaterial and would likely tend to confuse and mislead a jury since Mrs. Hill is not making a claim for lost wages.

**REQUEST NO. 10:** Any and all documents that relate to, refer to, or concern

your claims of any emotional or psychological injuries that you attribute to your Filter, including, but not limited to, social media posts, personal correspondence, and/or medical records.

**RESPONSE NO. 10:** Objection in that this request is vague and overbroad. Furthermore, Elizabeth Hill is not aware of any such documents other than the records of Ann Santoro, LMHC.

**REQUEST NO. 11:** Any and all documents that relate to, refer to, or concern any other emotional or psychological injuries or problems that occurred from November 17, 2000, to present, including, but not limited to, social media posts, personal correspondence, and/or medical records.

**RESPONSE NO. 11:** Elizabeth Hill adopts her response in objections contained in Paragraph 10 above.

**REQUEST NO. 12:** An updated Plaintiff Fact Sheet that includes updated or new information since the Plaintiff Fact Sheet dated April 16, 2015.

**RESPONSE NO. 12:** An updated Plaintiff Fact Sheet is attached.

I HEREBY CERTIFY that a copy of the foregoing has been furnished by e-service this 1st day of June, 2017, to: Victoria R. Calhoon, Esq., Andrea Roberts Pierson, Esq., John T. Schlafer, Esq., and Anna C. Rutigliano, Esq., Faegre Baker Daniels, LLP, Suite 2700, 300 North Meridian Street, Indianapolis, IN 46204; Charles F. Webber, Esq., Faegre Baker Daniels LLP, 2200 Wells Fargo Center, 99 S. 7th Street, Minneapolis, MN 55402; Ben C. Martin, Esq., Law Office of Ben C. Martin, Suite 100, 3219 McKinney Avenue Dallas, TX 75204; Michael W. Heaviside, Esq., Heaviside Reed Zaic, Suite 203,

312 Broadway, Laguna Beach, CA 92651; Joseph Williams, Esq., Riley Williams & Piatt, LLC, 301 Massachusetts Avenue, Indianapolis, IN 46204; Irwin B. Levin, Esq. Cohen & Malad, LLP, One Indiana Square, Suite 1400, Indianapolis, IN 46204, and David P. Matthews, Esq., Matthews & Associates, 2905 Sackett Street, Houston, TX 77098.

       BABBITT & JOHNSON, P.A.
       Attorneys for Plaintiff
       1641 Worthington Road, Suite 100
       Post Office Box 4426 (33402-4426)
       West Palm Beach, FL 33409
       Tel: (561) 684-2500
       Fax: (561) 684-6308
       jjohnson@babbitt-johnson.com

       By  /s/ Joseph R. Johnson
        JOSEPH R. JOHNSON
        Florida Bar # 372250