UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____
                                                                    )
In Re: COOK MEDICAL, INC., IVC FILTERS     )
MARKETING, SALES PRACTICES AND              )    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                  )    MDL No. 2570
_____  )
                                                                    )
This Document Relates to All Actions             )
_____  )

**ORDER ON PLAINTIFFS' MOTION FOR ADDITIONAL 30(b)(6) DEPOSITIONS**

**I.     Introduction**

Plaintiffs ask the Court to compel an additional Rule 30(b)(6) deposition to gather information about Cook's document preservation and destruction. Plaintiffs allege Cook intentionally destroyed email evidence of Cook's interactions with Plaintiffs' healthcare providers. Plaintiffs intend to rely on the requested additional deposition to seek sanctions against Cook. In return, the Cook Defendants accuse Plaintiffs of seeking a preliminary inference of spoliation from the Court without first pointing to reliable evidence that it occurred. However, in a motion to file a supplemental brief [Filing No. 4741], Plaintiffs point to new evidence that gives the Court pause. To be clear, the issue presently before the Court is whether to compel an additional deposition—not whether spoliation occurred. For the following reasons, Plaintiffs' motions [Filing No. 4424; Filing No. 4741] are granted.

**II.    Background**

On March 30, 2017, Plaintiffs sent the Magistrate Judge a letter that raised their concerns about Cook's document preservation and destruction. On April 10, 2016, the Magistrate Judge ordered briefing on whether the Court should compel an additional Rule 30(b)(6) deposition to gather information from Cook. Accordingly, Plaintiffs filed a brief and moved the Court to

compel the additional deposition on April 20, 2017. [Filing No. 4424.] Plaintiff's motion became ripe on May 5, 2017. However, on May 18, 2017, Plaintiffs moved the Court to file a supplemental brief after taking the deposition of a Cook employee. [Filing No. 4741.] On June 1, 2017, the Cook Defendants opposed this motion. On June 6, 2017, Plaintiffs represented to the Court at a status conference they will not reply to this opposition. Thus, it appears the issue at hand is now fully evolved.

Essentially, Plaintiffs assert the Cook Defendants breached their duty to preserve documents when they failed to initiate a timely litigation hold despite knowing that litigation was imminent. Plaintiffs allege the Cook Defendants delayed the litigation hold of their employees' emails in bad faith to allow for Cook's routine data management system to permanently delete thousands of relevant emails.

Originally, the Court was not inclined to grant Plaintiffs' motion for an additional deposition for many of the reasons outlined in the Cook Defendants' oppositions. However, the evidence presented in Plaintiffs' proposed supplemental brief tips the scale and convinces the Court that an additional deposition should be allowed. For reasons explained below, Plaintiffs are permitted to take one additional deposition.

**III.    Discussion**

The Plaintiffs' opening brief presents the Court with a conveyor belt of case law on spoliation. In the Court's view, the spoliation cases do not manufacture a need for an additional deposition. In this case, the production line for an additional deposition centers on Rule 37. Thus, the arguments are truncated to focus on the discovery aspect of the issue at hand; whether Rule 37 supports compelling the Cook Defendants to provide an additional Rule 30(b)(6) deponent to testify about Cook's document preservation and destruction.

The Court has broad discretion in matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). A party may seek an order to compel discovery when "a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(i). The objecting party carries the burden "to show with specificity that the request is improper." *Hudson v. ArcelorMittal Burns Harbor, LLC*, No. 2:16-CV-41, 2017 WL 344187, at *2 (N.D. Ind. Jan. 24, 2017). The Court considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Id.*

The Cook Defendants' counsel directed prior deposition witnesses not to answer questions related to Cook's preservation or destruction of sales documents and the litigation hold. For example,

> By Mr. Williams:
> Q.    What did Cook do to identify the custodians with potentially relevant information related to Ms. Hill's lawsuit?
> Ms. Pierson:   Object that it calls for work product information. I instruct the witness not to answer.
> By Mr. Williams:
> Q.    Are you going to take your lawyer's advice?
> A.    Yes.
> Q.    On what date did Cook first attempt to make that determination?
> Ms. Pierson:   Object that it calls for work product information. I'm instructing the witness not to answer.
> Mr. Willams: Just the date? That you first – that Cook first tried to look for responsive information related to Mrs. Hill's lawsuit?
> Ms. Pierson:   Yes.
> By Mr. Williams:
> Q.    Are you going to take your lawyer's advice?
> A.    Yes.

[Filing No. 4558-1, at ECF pp. 30-31.] Plaintiffs request an additional Rule 30(b)(6) deposition to ask about the process Cook used and the factors Cook considered when determining whether to implement litigation holds in connection with IVC filters, including email communications.

3

Plaintiffs suspect that a new deponent will reveal Cook intentionally delayed the litigation hold so that certain emails were destroyed.

Plaintiffs point to the deposition of one of Cook's IT employees, in which he explained that absent a litigation hold, emails are routinely and automatically deleted as time passes. [Filing No. 4425-1.] Or, as Plaintiffs hyperbolize, emails are "automatically placed on a 111-day conveyor belt toward permanent destruction." [Filing No. 4425, at ECF p. 3.] Plaintiffs also point to the following series of events: In August 2013, Cook was alerted by its sales representative Courtney Whitelock that Plaintiff Elizabeth Hill suffered an injury from a Cook Celect IVC filter. In October 2014, Hill filed suit against Cook. Cook did not place a litigation hold on Whitelock until May 2016. Plaintiffs take issue with the delayed hold. Plaintiffs presume they have been intentionally deprived of between 19 and 30 months of Whitelock's communications, depending on when Cook first anticipated litigation. Plaintiffs suspect the delayed hold was intentional and that the Cook Defendants utilized this pattern for wide-scale document destruction.

What is more, Plaintiffs' supplemental brief presents evidence that at least one Cook employee deleted thousands of emails, even after Cook placed the litigation hold. Plaintiffs provide the Court with excerpts of the deposition of Jim Smith, a 21-year Cook employee who received notice of the litigation hold over one year ago. Plaintiffs estimate that Smith received or sent approximately 7,500 emails after Cook placed a litigation hold on his emails. However, the Cook Defendants only produced eight emails from Smith, who testified that he had no idea why so few emails were produced. Furthermore, Smith testified that he deleted emails after he was advised of the litigation hold. [Filing No. 4742, at ECF p. 4-5.]

Cook argues that Plaintiffs' request for an additional deposition is unnecessary. Cook explains that Plaintiffs mischaracterize Whitelock's testimony by ignoring that she did not routinely exchange emails with her supervisor about sales calls with physicians. Cook explains that only eight of Smith's emails were produced because no other emails from Smith were relevant. Cook explains that litigation holds are implemented at the server level, which is not affected by employees deleting emails from their personal interfaces. Furthermore, Cook argues that the scope of any additional deposition should be limited to the subject of litigation holds.

The Cook Defendants have preserved and turned over a remarkably vast amount of information. However, the Cook Defendants' counsel prevented prior deponents from answering questions about litigation holds and document preservation. Bad faith is discoverable where the circumstances afford an adequate basis. *E.E.O.C. v. Sears, Roebuck & Co.*, 111 F.R.D. 385, 389 (N.D. Ill. 1986). Here, Plaintiffs present the Court with suspicious circumstances and evidence that, despite the litigation hold, many emails were not produced. Although the Cook Defendants provide reasonable explanations, Plaintiffs point to unanswered deposition inquiries, suspicious timing of the litigation hold, and evidence giving some support to Plaintiffs' assertion that emails were intentionally destroyed. Whether bad faith actually occurred is not at issue here. Rather, the Court only finds that these circumstances warrant allowing Plaintiffs to take a deposition from Cook to probe a bit further.

There is real value of an additional deposition: uncovering the truth. Allowing Plaintiffs an additional deposition to ask about Cook's litigation hold and document preservation practice is consistent with society's interest in the truth-seeking function of discovery, particularly in a large MDL case affecting over 2,000 plaintiffs. If Plaintiffs find no evidence of intentional destruction, the inquiry ends. Overall, the burden on Cook for producing a 30(b)(6) deponent for

5

a few hours is light, compared to the gravity of Plaintiffs' assertion, the size of this MDL case, and the importance of the truth. Accordingly, the Court authorizes an additional deposition.

## IV.   Conclusion

For the above reasons, the totality of the circumstances warrant an additional deposition. Plaintiffs' motion for an additional Rule 30(b)(6) deposition [Filing No. 4424] is granted. Additionally, Plaintiffs' motion to file a supplemental brief [4741] is granted.

Cook will provide one deponent for up to four hours. Plaintiffs will pay the associated deposition costs. The scope of the deposition topic is Cook's MDL document preservation and litigation holds. Plaintiffs may use the deposition to determine the circumstances regarding deletion of emails from Whitelock, Smith, and others. Cook shall provide a deponent to discuss Cook's litigation hold practices and the preservation and/or destruction of sales employee documents. The deponent should be able to provide information on topics including: (1) when Cook first anticipated litigation, (2) how Cook determined which custodians to place on hold, and (3) the scope of the litigation hold notices Cook issued. [Filing No. 4425, at ECF p. 2.] If Plaintiffs do not discover more information to support their spoliation theory, this exercise is over.

Date:  6/29/2017

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record

6