UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

|  |  |  |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS | ) | |
| MARKETING, SALES PRACTICES AND | ) | Case No. 1:14-ml-2570-RLY-TAB |
| PRODUCTS LIABILITY LITIGATION | ) | MDL No. 2570 |
| _____ | ) | |
| | ) | |
| This Document Relates to All Actions | ) | |
| _____ | ) | |

### ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The Cook Defendants ask the Court for a protective order barring Plaintiffs from deposing Cook's former president Kem Hawkins. For reasons explained below, the Cook Defendants' motion [Filing No. 4461] is denied.

The Cook Defendants argue that Plaintiffs have not met their burden of showing Hawkins' deposition is necessary. However, the burden for a protective order is on the Cook Defendants. Generally, a party may depose a third party without leave from the Court, and the burden is on the party or person seeking the protective order to demonstrate good cause. Fed. R. Civ. Pro. 30(a) (1); *Meharg v. I-Flow Corp.*, No. 1:08-CV-0184-DFH-TAB, 2009 WL 1404603, at *1 (S.D. Ind. May 15, 2009). The Court will enter a protective order for good cause, to protect litigants and third parties from the "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *Bond v. Utreras*, 585 F.3d 1061, 1067 (7th Cir. 2009).

Hawkins is the former president of Defendant Cook Group, Inc. During Hawkins' tenure, Cook manufactured and sold the Gunther Tulip and Celect IVC filters. The Cook Defendants argue that deposing Hawkins is harassment and will waste time and resources. However, Plaintiffs convince the Court that Hawkins' deposition is not sought to harass one of Cook's high level executives. Hawkins has personal knowledge of the matters at issue here and

the fact that Hawkins is now retired does not weigh in favor of entering a protective order.

*Illinois Agric. Ass'n v. Rural Media Grp., Inc.*, No. 13-1220, 2014 WL 1378074, at *2 (C.D. Ill.

Apr. 7, 2014). Even if Hawkins was not retired, high-ranking corporate executives are not

immune from being deposed. *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, No. 3:12-

MD-2385-DRH-SCW, 2014 WL 257566, at *2 (S.D. Ill. Jan. 23, 2014). For such executives, the

Court looks at whether the individual possesses "unique, specialized, and/or personal knowledge

relevant to the litigation." *Id.* (quoting *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681

(7th Cir. 2002). Even under this standard, Hawkins would not be protected from a deposition

absent good cause.

The Cook Defendants argue that Hawkins has no unique or superior personal knowledge

relevant to the requested deposition. However, Plaintiffs' sealed memorandum provides specific

and compelling examples that Hawkins was involved in the decision-making process and

strategy regarding testing, design, marketing, and production of these filters. The Cook

Defendants argue the law disfavors "apex depositions" of high-ranking executives. However,

this is not the situation here. "[A]n apex deposition is generally inappropriate when an upper

level executive lacks personal knowledge regarding the litigation, or when the requested

information can be garnered from more knowledgeable subordinates." *Murillo v. Kohl's Corp.*,

No. 16-CV-196-JPS, 2016 WL 6090862, at *4 (E.D. Wis. Oct. 18, 2016). Hawkins was

personally involved with at least two of the IVC filters at issue in this MDL case. Thus,

Hawkins has relevant personal knowledge.

The Cook Defendants argue that Hawkins has no knowledge that is not already available

to Plaintiffs from current and former Cook executives and employees that have already been

deposed. Unlike Hawkins, however, these employees were not involved in the high-level

decisions and strategic thinking surrounding the IVC filters at issue.  In this regard, Hawkins is a better source for information related to this litigation because he was the president of Cook during the time the Gunther Tulip and Celect filters were manufactured and sold in the United States.  Moreover, Hawkins regularly communicated on a personal email account, which Plaintiffs suspect the Cook Defendants did not search when producing responsive documents to their discovery requests.  This all suggests that Hawkins has relevant knowledge that is not already available to Plaintiffs.

Overall, the Cook Defendants' arguments fail to overshadow Hawkins' relevant knowledge.  In this MDL case, the Court is unconvinced that good cause exists for entering a protective order for Hawkins.  Thus, the Cook Defendants' motion [Filing No. 4461] is denied. Plaintiffs may depose Hawkins.

Date:  6/30/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record