IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA – INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING,
SALES PRACTICES & PRODUCT LIABILITY LITIGATION

This Document Relates to All Actions

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

TO:  Alan B. Lumsden, M.D.
Houston Methodist Specialty Physician Group
6550 Fannin, Suite 1401
Smith Tower
Houston, TX 77030

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the documents, electronically stored information or objects, and to permit inspection, copying, testing, or sampling of the materials identified in Exhibit A attached to and made part of this subpoena.

Time: 10:00 a.m.
Date: Monday, June 12, 2017
Place: Matthews & Associates
2905 Sackett St.
Houston, TX 77098
(Or other mutually agreed-upon place/method.)
Items: See attached Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Pursuant to Fed. R. Civ. P. 45(a)(4), a notice and copy of this subpoena will be served on each party in this action before it is served on the person to whom it is directed.

Date: May 8, 2017

s/ Ben C. Martin
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins St., Ste. 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com
*Co-Lead Counsel for Plaintiffs*



## EXHIBIT A TO SUBPOENA

### INSTRUCTIONS

1. All documents produced in response to this request shall be: (a) produced in the order and in the manner that they are kept in the usual course of business; or (b) organized and labeled to correspond to the numbers in the demand.

2. The demand encompasses all documents and communications that relate in whole or in part to "the relevant time period." **The "relevant time period" for the information sought is January 1, 2000, to the present.**

3. All documents that exist in electronic format are whenever possible to be produced in electronic form and in their native form or other searchable form, not in an electronic form that is merely a picture of a document such as a TIFF file, a TIP file, or a PDF file, unless that is the only format you possess. All documents that do not exist in electronic form are to be produced in single page TIFF files with corresponding load files.

4. You are not required to produce documents or communications if: (a) they were made between you and any attorney for the purpose of obtaining legal advice or providing legal advice to any company for whom you worked and (b) they were intended to be and have been kept confidential. If you possess such responsive documents, you must identify each in a manner that does not reveal the content of the document or communication so that in camera review by the Court may be made to assess the applicability of any privilege.

### DEFINITIONS

1. **"Cook"** refers individually and collectively to the company presently known as Cook Group, Inc., and its subsidiaries, divisions, employees, agents, and officers, specifically including but not limited to Cook Medical, Cook Incorporated, William Cook Europe and Cook Research, Inc. f/k/a Medical Engineering and Development Institute (MEDI), and their predecessors by whatever name during the relevant time period.

2. **"Document"** includes without limitation all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form. It includes but is not limited to reports, memoranda, studies, correspondence, data compilations, analyses, projections, handwritten notes or summaries, power points, spreadsheets, word processing documents, e-mails, texts, and other forms of electronic communication, including all drafts of any such matters.

3. **"Communications"** means any manner or method in which information is passed from one human being or entity to another including but not limited to any written, verbal, or electronic contact and/or discussion or exchange of information and includes any "document" containing or reflecting such communications.

4. **"IVC filter"** refers to intravascular cardiovascular filters as defined in 21 C.F.R. § 870.3375(a) ("an implant that is placed in the inferior vena cava for the purpose of preventing pulmonary thromboemboli ....").

5. **"Subject IVC Filter"** includes: (a) every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; (b) every iteration of the Celect filter as sold anywhere in the world at any time; (c) any component part or parts of (a) or (b) above; (d) prototypes of or modifications to (a) or (b) or (c) above; and (e) any other filter, including the Celect Platinum and/or any Cook competitor filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (a) through (d) above.

5. **"Related to"** or **"relating to"** means constituting, containing, reflecting, pertaining to, in connection with, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, implying, contradicting, describing, recording, noting, embodying, memorializing, mentioning, studying, analyzing, discussing, specifying, identifying, or in any manner connecting to the matter addressed in the request in part or in whole.

6. **"You" for an individual recipient** includes the recipient, any corporate or business entity through which the recipient interacted with Cook, and any person working under your direction or control for such purposes. **"You" for a business recipient** includes the business entity and its predecessors or successors, by whatever name, and extends to the entity's officers, directors, employees, and agents.

## DOCUMENTS DEMANDED

For the relevant time period (January 1, 2000-present), please produce legible/audible copies of the following documents, communications and things that are in your custody, possession, or control.

1. All contracts or agreements between you and Cook for goods or services related to IVC filters.

2. All documents and communications reflecting payment or reimbursement to you by Cook for services or costs incurred relating to IVC filters, including but not limited to salary, benefits, bonuses, consulting fees, honoraria, speaking fees, travel expenses, entertainment expenses, compensation in kind, and any other form of compensation for such services or costs.

3. All confidentiality, non-disclosure, or non-compete agreements between you and Cook relating to IVC filters or relating to your work in connection with IVC filters.

4. All presentations relating to Subject IVC filters (whether actually presented or not) by you or provided to you by Cook, specifically including all printed materials, video materials, and audio materials and accompanying notes, outlines, or other documents relating to the presentation.

5. All documents and communications reflecting Cook customs, policies, practices, procedures, or guidelines relating to designing, manufacturing, marketing, selling, or conducting post-market surveillance of IVC filters.

6. All documents and communications comparing the features, benefits, safety, performance, risks, or efficacy of any Subject IVC filter to that of any other IVC filter, including other Subject IVC filters.

7. All documents constituting or containing written communications by or to you relating in whole or in part to:
   (a) any animal test or study of any Subject IVC filter;
   (b) any bench or other pre-clinical test, study, or analysis of any Subject IVC filter, including all computer analyses;
   (c) any clinical test or study of any Subject IVC filter;
   (d) any test, study, or analysis of the design or performance of any Subject IVC filter;
   (e) any test, study, or analysis of the risks, safety, or efficacy of any Subject IVC filter;
   (f) Cook's compliance with or failure to comply with any US or international regulatory laws, controls, or standards with respect to any Subject IVC filter.

8. With respect to any test, study, or analysis of any Subject IVC filter that you participated in or commented upon in writing, (a) all test or study reports (draft and final); (b) all raw data for the test or study; and (c) all other documents and communications created in the course of carrying out the test or study or relating to it.

9. All documents and communications relating to adverse events or complaints of adverse events for any Subject IVC filter (whether in isolation or compared to other IVC filters, including other Subject IVC filters), including documents and communications relating to rates or trends for such events. Adverse events include but are not limited to: tilt, penetration/perforation, migration, embolization, fracture, embedding, failed or difficult retrieval, damage to the vena cava, occlusion, stenosis, thrombosis, pulmonary embolism, DVT, VTE, causing or contributing to the formation of blood clots, and causing or contributing to any other morbidity or mortality.

10. Any and all documents relating to Cook's interpretation or definition (whether considered or applied) of the term penetration or the term perforation or the term puncture as they relate to IVC filters.

Civil Action No. 1:14-ml-2570-RLY-TAB – MDL No. 2570

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for _____, on *(date)*: _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

on *(date)*: _____ ; <u>or</u>

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $0.00 (subpoena is for documents only and does not require any person's attendance).

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's Signature*

_____
*Printed Name and Title*

_____
*Server's Address*

Additional information regarding attempted service, etc.:

_____

_____

_____

**Federal Rule of Civil Procedure 45 (c), (d), (e) and (g) (Effective 12/1/13)**

(c) Place of Compliance.
  (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.
  (2) For Other Discovery. A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.