# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to Plaintiff(s)<br><br>ARTHUR GAGE<br><br>Civil Case No. 1:14-cv-1875-RLY-TAB | ) MDL No. 1:14-ml-2570-RLY-TAB<br>) MDL No. 2570<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF ARTHUR GAGE'S
### ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW the Plaintiff, ARTHUR GAGE, and files these his Answers to Interrogatories propounded by Defendants pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*Michael T. Gallagher* (by permission)
Michael T. Gallagher
Federal Bar No. 5395
The Gallagher Law Firm, LLP
2905 Sackett Street
Houston, Texas 77098
(713) 222-8080
(713) 222-0066 - Facsimile
donnaf@gld-law.com
pamm@gld-law.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record listed below via First Class Mail, facsimile transmission, or electronic transmission on this the 21st day of October, 2016.

Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
Patrick H. Reilly
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone:   (317) 237-0300
Facsimile:    (317) 237-1000
andrea.pierson@faegrebd.com
john.schlafer@faegrebd.com
patrick.reilly@faegrebd.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone:   (260) 424-8000
Facsimile:    (260) 460-1700
stephen.bennett@faegrebd.com

Douglas B. King, Co-Lead Counsel
James M. Boyers
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Telephone:   (317) 639-6151
Facsimile:    (317) 639-6444
doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com

*Counsel for Cook Defendants*

Matthew R. McCarley
FEARS NACHAWATI, PLLC
4925 Greenville Avenue, Suite 715
Dallas, TX 75206
mccarley@fnlawfirm.com

Ben C. Martin
LAW OFFICE OF BEN C. MARTIN
3219 McKinney Avenue, Suite 100
Dallas, TX 75204
bmartin@bencmartin.com

Michael W. Heaviside
HEAVISIDE REED ZAIC
312 Broadway, Suite 203
Laguna Beach, CA 92651
mheaviside@hrzlaw.com

David P. Matthews
MATTHEWS & ASSOCIATES
2905 Sackett Street
Houston, TX 77098
dmatthews@thematthewlawfirm.com

*Michael T. Gallagher*
Michael T. Gallagher by permissin

## PLAINTIFF'S ANSWERS TO INTERROGATORIES

### Preamble and General Objections

A.    Plaintiff reserves all objections as to the competency, relevancy, materiality and admissibility of the information or documents produced in response to these interrogatories and/or requests.

B.    Plaintiff objects to these interrogatories and/or requests to the extent they purport to require Plaintiff to provide information or produce documents which are outside his possession, custody or control.

C.    Plaintiff objects to these interrogatories and/or requests to the extent they require Plaintiff to produce information or documents that are publicly available, on the ground that such information and documents are just as readily obtainable by the Defendant and Plaintiff should not have to bear the burden of disclosure.

D.    Plaintiff objects to these interrogatories and/or requests to the extent they are repetitive of other interrogatories or requests or require Plaintiff to provide the same information more than once.

E.    Plaintiff objects to these interrogatories and/or requests to the extent they, individually or cumulatively, attempt to impose on the Plaintiff duties and obligations beyond those permitted by the applicable rules of civil procedure.

F. Plaintiff objects to these interrogatories and/or requests to the extent they are overbroad, vague and ambiguous, unduly burdensome, seek information or documents not reasonably calculated to lead to the discovery of admissible evidence, fail to specify the information sought with reasonable particularity or are otherwise outside the scope of discovery permitted by the applicable rules of civil procedure.

G. Plaintiff objects to these interrogatories and/or requests to the extent they seek documents that constitute or disclose proprietary, confidential, personal or business information.

H. Plaintiff objects to these interrogatories and/or requests to the extent they require Plaintiff to provide information that constitutes attorney work product, is protected by the attorney-client privilege or is protected by any other applicable privilege, statute or rule of non-disclosure.

I. Any response or objection to any or all of these interrogatories and/or requests does not necessarily mean that any information exists or is in the possession, custody or control of Plaintiff.

J. In each and every response, or sub-part thereof, where Plaintiff interposes an objections, such objection shall be construed to preserve all of Plaintiff's rights to enter similar objections as to any future supplemental responses to such request. A failure to object shall not constitute a waiver of any objection that Plaintiff may interpose as to any future supplemental responses.

K. The specific responses below are based upon information now available to Plaintiff. Plaintiff reserves the right at any time to revise, correct, add to or clarify the objections or responses.

L.    Plaintiff objects to the "Instructions" included in the written discovery as they purport to place upon Plaintiff burdens beyond those set forth in the applicable rules of civil procedure.

M.    Plaintiff objects to the "Definitions" included in the written discovery as they purport to broaden definitions of certain words or phrases that are otherwise defined with in the applicable rules of civil procedure.

## INTERROGATORY NO. 1

Identify every time you have been hospitalized at any time from April 25, 2001, to the present date, including the dates of hospitalization, the name and address of each hospital, the reason for the hospitalization, and the identity of the attending physician.

## ANSWER:

Edward Hospital
801 S. Washington Street
Naperville, IL 60540
Reason: Syncope, pulmonary embolism, DVT, abdominal pain, epi-gastric pain, coronary artery bypass, heart attack and other health issues
Attending physician: Multiple
Dates: I cannot recall the exact date I started going there. There have been many visits from at least 2009 to present.

Loyola University Medical Center
2160 South First Avenue
Bldg. 105, Room 0856
Maywood, IL 60153
Reason: Chest pain, dyspnea, cardiomegaly, pneumonia, hypertension, renal insufficiency, lung disease and other health issues
Attending physician: Multiple
Dates: Approximately 2010 - present

Also, see medical records and images previously produced and the updated medical records attached to Plaintiff's Response to Request for Production.

## INTERROGATORY NO. 2

Identify all healthcare providers with whom you have consulted or by whom you were examined or treated from April 25, 2001, to the present date, and for each consultation, examination, or treatment, including the range of date(s) it occurred, the name and address of the healthcare provider involved, the nature of the illness, condition, or injury at issue, and the nature of the consultation, examination or treatment.

**ANSWER:**

Edward Hospital
801 S. Washington Street
Naperville, IL  60540
Nature of Illness: Syncope, pulmonary embolism, DVT, Abdominal pain, epi-gastric pain, coronary artery bypass, heart attack, colon cancer, stomach cancer, rectal cancer, prostate cancer, and other health issues
Treatment: General Healthcare
Dates:  I cannot recall the exact date I started going there.  There have been many visits from at least 2009 to present.

St. Mary of Nazareth Hospital
2233 West Division
Chicago, IL  60622
Nature of Illness:  Colon cancer, stomach cancer, rectal cancer, prostate cancer
Treatment: Cancer treatment and open heart surgery
Date: Approximately 2009

Dr. Antonio Pangan
Loyola Center for Health
6800 N. Frontage Road
Burr Ridge, IL  60527
Nature of Illness:  Primary care doctor
Treatment: General Healthcare
Dates:  I cannot recall the exact date I started going there.  There have been many visits from at least 2012 to present.

Loyola University Medical Center
2160 South First Avenue
Bldg. 105, Room 0856
Maywood, IL  60153
Nature of Illness: Chest pain, Dyspnea, cardiomegaly, pneumonia, hypertension, renal insufficiency, lung disease and other health issues
Treatment: General healthcare
Dates: Approximately 2010 to present

Dr. Chris Geannopoulos
Dr. Timothy Larkin
DuPage Medical Group
100 Spalding Drive, Suite 400
Naperville, IL 60544
Nature of Illness: Heart problems
Treatment: General healthcare
Dates: Cannot recall exact dates

Hinsdale Hospital
120 North Oak Street
Hinsdale, IL 60521
Nature of Illness: Problems with the filter
Treatment: General healthcare
Dates: Cannot recall exact dates

Good Samaritan Hospital
4924 Forest Ave.
Downers Grove, IL 60515
Nature of Illness: Problems with the filter
Treatment: General healthcare
Dates: Cannot recall exact dates

**INTERROGATORY NO. 3**

Identify and describe all legal claims ever made by or against you, including but not limited to, lawsuits, worker's compensation claims, social security claims, insurance claims, or claims for personal injury, including the date of filing or initiation, the names and addresses of the parties involved, the nature of the claim and proceeding, the tribunal or organization with which the claim was made or filed, the case number, and the resolution of the claim.

**ANSWER:**

I was in a car accident on March 21, 2012 in Woodridge, Illinois. I do not recall very many details about the accident but the insurance company settled the claim with me.

**INTERROGATORY NO. 4**

Describe all damages and injuries allegedly incurred by Plaintiff as a result of the filter, including all expenses, financial losses, and economic damages, pain and suffering, or any other damages that Plaintiff sustained.

**ANSWER:**

Plaintiff has sustained physical injuries, as well as mental anguish, pain and suffering. He has suffered injuries to the vena cava, the pancreas, the aorta, and other internal physical injuries which are more completely described in the medical records which are attached hereto and medical records that have been previously provided. In addition thereto, medical authorizations have been executed permitting Defendants to obtain copies of all medical records pertaining to Plaintiff's injuries in this litigation.

**INTERROGATORY NO. 5**

With respect to each expense, financial loss, or damage identified, please state the nature and amount of each expense, financial loss, or damage, the date(s) thereof, and the name and address of the provider or other person to whom payment was made or is to be paid.

**ANSWER:**

Additional information pertaining to this request is being obtained at the present time. Medical records have previously been provided which contain information relevant to the precise nature of Plaintiff's injuries. Damages caused by such injuries are described in Plaintiff's deposition, and will be provided in further detail by experts and other evidence related to this request.

**INTERROGATORY NO. 6**

If any person or entity other than you (such as any corporation, insurance company, governmental entity or fund) has paid an expense identified in response to Interrogatory No. 5 in whole or in part, or has made promises of benefit or payment to you or on your behalf, describe each and every payment or promise of payment. Include the expense or loss for which you received compensation, reimbursement, or promises of benefit or payment; the individual, entity, or fund making the payment or promise of payment; and any policy period, policy number, and policy limits associated with the payment or promise of payment.

**ANSWER:**

I have had Medicare since 1987 and they have paid for my medical care.

**INTERROGATORY NO. 7**

With respect to any person, insurance company, or other entity that provided medical coverage to you or paid medical bills on your behalf at any time, beginning seven (7) years before the alleged injuries through the present, please state whether each entity has a right of subrogation against you.

**ANSWER:**

I have had Medicare since 1987 and they have paid for my medical care.

**INTERROGATORY NO. 8**

Describe all information, documents, or things relating to Cook or the Filter you received from any person or entity, including the nature of the information or documents, when you obtained them, and from whom or where you obtained them.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client and attorney-work product and consulting expert privileges. As worded, when the instructions provided by Defendant are considered, the interrogatory seeks all communications between Plaintiff and counsel and all information "relating to Cook or the filter" in possession of Plaintiff's counsel that was obtained at any time from any source. Further, the information sought is not limited to information in counsel's possession that is related to this Plaintiff or this Plaintiff's filter and thus, outside proper relevancy considerations and disclosure of such would violate the federal and state privacy interests of other individuals represented by Plaintiff's counsel.

Subject to said objection, Plaintiff does not recall reviewing any such documents or information.

## INTERROGATORY NO. 9

State whether you read or saw any written, televised, or internet-based advertising or labeling material related to the Filter, other than in consultation with your attorney. This includes, but is not limited to, advertising or information on problems, claims or lawsuits related to the Celect or other inferior vena cava filters. Include the nature of the material, when you obtained it, and from whom or where you obtained it.

## ANSWER:

I do not recall seeing any advertising prior to just recently, in September of 2016.

## INTERROGATORY NO. 10

State whether you received any written or oral instructions regarding the Filter, including the nature of the instructions, when you obtained it, and from whom or where you obtained it.

## ANSWER:

None to Plaintiff's knowledge or recollection.

## INTERROGATORY NO. 11

Describe each and every thing of which you are aware that supports your claim that the Filter was defective (*see* Complaint, ¶¶ 1, 27, 35), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim. Your response should include a statement of whether you contend that the Filter suffered from a design defect, a manufacturing defect, a failure to warn, or some other type of defect, and the nature of such alleged defect.

## ANSWER:

Plaintiff objects to this interrogatory as premature.

## INTERROGATORY NO. 12

Describe each and every thing of which you are aware that supports your claim that Cook failed to provide warnings of risks and dangers posed by the Filter (*see* Complaint, Count I, ¶ 39), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

## ANSWER:

Plaintiff objects to this interrogatory as premature.

## INTERROGATORY NO. 13

Describe each and every thing of which you are aware that supports your claim that Cook "committed one or more breaches of their duty of reasonable care and were negligent" (*see* Complaint, Count II, ¶ 46), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

## ANSWER:

Plaintiff objects to this interrogatory as premature.

## INTERROGATORY NO. 14

Describe each and every thing of which you are aware that supports your claim that Cook's "marketing of the Cook Filter was false and/or misleading" (*see* Complaint, Count III, ¶ 54), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

## ANSWER:

Plaintiff objects to this interrogatory as premature.

### INTERROGATORY NO. 15

Describe each and every thing of which you are aware that supports your claim that Cook "breached their express warranties and the implied warranties associated with the product" (*see* Complaint, Count III, ¶ 56), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

### ANSWER:

Plaintiff objects to this interrogatory as premature.

### INTERROGATORY NO. 16

Describe each and every thing of which you are aware that supports your claim for punitive damages (*see* Complaint, V), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

### ANSWER:

Plaintiff objects to this interrogatory as premature.

### INTERROGATORY NO. 17

If you alleged that you are unable or less able to engage in any activity in which you engaged prior to April 25, 2011, due to the Filter, describe in detail each activity you allege you are less able to engage in, including the frequency with which you engaged in the activity before and after April 25, 2011, the basis of the claim that the Filter (or any failure of the Filter) cause you to be unable or less able to engage in the activity, the nature and location of all documents that support the claim, and the name, address, and telephone number of each person with knowledge of the claim.

### ANSWER:

I used to go to the gym 3 times a week but am unable to do so now. When I went there I would walk on the track and treadmill, ride the elliptical and the stationary bike, as well as do stretching exercises.

**INTERROGATORY NO. 18**

Describe all statements taken or possessed by you of any employee, representative, or agent of Cook related to the Filter or any allegation in the complaint, including the individual who provided the statement, the date the statement was given, to whom the statement was given, and the content of the statement.

**ANSWER:**

Plaintiff is not in possession of any such statements.

**INTERROGATORY NO. 19**

Identify and describe each person whom you believe has knowledge concerning the facts of this case, including the witness' name, address, and telephone number, the facts you believe are known or have been observed by the witness, and provide a copy of any written or recorded statements taken from the individual.

**ANSWER:**

Plaintiff objects to this interrogatory as exceeding the proper scope of an interrogatory because it requests production of documents or tangible items.

Subject to said objections, Plaintiff identifies the following individuals at this time:

Carol James
5222 W. Monroe
Chicago, IL 60644
Phone number: (773) 287-1223
Facts: Ms. James will testify regarding her knowledge of this lawsuit.

Orajean Daugherty
2200 Cherry Lane
Lisle, IL
Phone number: (630) 352-1751
Facts: Ms. Daugherty will testify regarding the difficulties I have had with the filter.

April Wilkins
25225 Gettsburg
Plainfield, IL
Phone number: (815) 483-4247
Facts: Ms. Wilkins will testify regarding the difficulties I have had with the filter.

Arthur Gage, Jr.
7731 Fox Street
Woodridge, IL 60517
Phone number: (773) 437-9846
Facts: Mr. Gage will testify regarding the difficulties I have had with the filter.

**INTERROGATORY NO. 20**

Identify any individual who may be called as a witness at any trial, including both fact and expert witnesses, and, for each expert witness, provide a complete statement of all opinions to be expressed and the bases for each opinion, the data or other information considered by the individual in forming his or her opinions in the case, the qualifications of the individual to provide expert testimony, including a list of all publications authored by the individual within the last ten years, the compensation to be paid to the individual, and a list of any other cases in which the individual has testified as an expert at trial or by deposition within the preceding four years.

**ANSWER:**

Plaintiff objects to this interrogatory as seeking attorney work product regarding the identity of witnesses who may be called at trial and exceeding the proper scope of discovery for fact witnesses.

**INTERROGATORY NO. 21**

State whether Plaintiff has made any claim or commenced any action against anyone other than Cook, including the physician who implanted the Filter, as a result of the injuries or losses which Plaintiff alleges in this action. If so, describe the nature of the claim or action, the parties involved, and the status of the claim or action.

**ANSWER:**

Plaintiff has not made any claim against any other party as a result of the Cook Filter.

**INTERROGATORY NO. 22**

Identify each and every time you have been denied life insurance or medical insurance for reasons relating to any medical or physical condition in the last ten years, including the name of the entity that denied coverage, date of denial, and stated reason for denial.

**ANSWER:**

Not applicable.

**INTERROGATORY NO. 23**

Identify all out-of-pocket expenses that you have paid and claim are related to any condition that you allege was caused by the Filter implanted in you, including the nature of the out-of-pocket expense and approximate dollar amount.

**ANSWER:**

There have been incidental expenses such as transportation associated with the injuries that are the basis of this lawsuit. It is not possible to calculate all expenses at this time as Plaintiff did not keep records of these expenses. They are probably in an amount less than $10,000.00.

**INTERROGATORY NO. 24**

Please state whether you use or have ever used social media websites, including but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, Pinterest, or other social media. For each website you have used, please provide all user names, handles, login names, or IDs and e-mail addresses applicable to the login or use of the website, and the approximate dates or date range of use for each website.

**ANSWER:**

Plaintiff objects to this interrogatory as seeking information outside the proper scope of discovery and as intended to harass, embarrass, or violate Plaintiff and Plaintiff's family and friends' privacy.

Without waiving said objection, Plaintiff does not use social media.

## VERIFICATION

THE STATE OF ILLINOIS

COUNTY OF  Will

BEFORE ME, the undersigned authority, on this day personally appeared ARTHUR GATE, and after being duly sworn, stated on his oath the following:

"My name is ARTHUR GAGE and I am the Plaintiff in the foregoing cause of action. I have read the foregoing interrogatories and the answers are true and correct."

Further affiant sayeth not.

_____
ARTHUR GAGE

SWORN TO AND SUBSCRIBED BEFORE ME on this the 20 day of October, 2016.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF ILLINOIS

My Commission Expires:

Aug. 23, 2020

JOSE A VENTURA
Official Seal
Notary Public - State of Illinois
My Commission Expires Aug 23, 2020

18