IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

**COOK DEFENDANTS' MOTION FOR CLARIFICATION OF ORDER ON PLAINTIFFS' MOTION FOR ADDITIONAL RULE 30(b)(6) DEPOSITION AND REQUEST CONCERNING SCHEDULING**

Cook Defendants understand, accept, and do not seek to revisit the result set forth in the Court's June 29, 2017, Order permitting Plaintiffs one additional four-hour deposition regarding Cook's litigation holds. Dkt. 5213. And Cook Defendants appreciate and share the Court's sentiment that the parties are nearing the end of this inquiry. Dkt. 5213 at 5, 6. It is with that goal in mind that Cook Defendants request clarification on two discreet issues related to the Order, so that the remaining deposition may proceed without unnecessary interruption and this issue may be put to rest.

First, Cook Defendants request clarification about the Court's instruction that Cook's witness "be able to provide information" about "the scope of the litigation hold notices Cook issued" (Order at 6) in light of applicable authority holding that legal holds are privileged communications. Second, Cook Defendants seek additional guidance to help the parties successfully navigate the intricate privilege issues arising from the Court's instruction that Cook disclose determinations that were made by counsel, such as which custodians to place on hold. Order at 6.

**A. The content of Cook's legal hold is privileged.**

As Cook Defendants set forth in a prior submission on this topic, legal holds are privileged communications, meaning that their content is protected from disclosure. Dkt. 4463 at 19-24; *see Hofmann v. Aspen Dental Mgmt., Inc.*, 2011 WL 1258053, at *2 (S.D. Ind. Apr. 4, 2011). The Court has made no finding of spoliation – and indeed, has expressly signaled the opposite. Feb. 21, 2017 Hrg. Tr. at 48 ("These are issues that don't establish spoliation or anything like that at this point. . . . I'm not saying anything is intentional or even that anything wasn't produced."); Dkt. 5213 at 1, 5 ("To be clear, the issue presently before the Court is . . . not whether spoliation occurred."; "Whether bad faith actually occurred is not at issue here.").

Against this legal backdrop, the Court ordered Cook Defendants to testify about the "scope of the litigation hold notices Cook issued." (Order at 6.) Cook Defendants wish to comply with the Court's Order, but also do not construe the Order to require Cook Defendants to reveal the content of their litigation holds in any manner that could be construed to be a privilege waiver. Therefore, to reduce any concerns the Court may have about the scope or content of the holds, Cook Defendants are concurrently submitting exemplars of their case-specific and general hold notices as an *ex parte* filing. Although these documents (and their contents) may not be disclosed to Plaintiffs given the privilege that surrounds them, Cook Defendants request that the Court conduct an *in camera* review of these documents so as to inform any future rulings related to Cook Defendants' litigation holds, and supplement its order as it may deem appropriate.

Cook Defendants also reiterate that many of the non-privileged discoverable facts related to the holds have already been the subject of testimony by two Rule 30(b)(6) witnesses. Cook Defendants have disclosed facts such as *who* received holds, *when* holds were issued, and *what* efforts were taken before and after the holds were issued to implement them. Cook's witness will

2

continue to provide testimony on these topics at the remaining deposition. Cook Defendants simply wish to confirm that the *content* of their hold notices remains privileged.

### B.  Decisions about Cook's hold process were made by its counsel.

Relatedly, the Court has ordered Cook Defendants to provide testimony about "how Cook determined which custodians to place on hold",[1] which was a determination made by counsel. Order at 6. As the Order reflects, Cook Defendants' counsel previously objected to similar questions. (Order at 3) The Cook Defendants do not interpret the Court's Order to require disclosure of determinations by their counsel, but wanted to raise this issue relating to the scope of the Order with the Court before proceeding with the deposition.

Cook's witness will be prepared to provide non-privileged information in response to Plaintiffs' questions about their hold practices. Ultimately the decisions about how to identify who might be an appropriate hold recipient and who ultimately received a hold were made by Cook Defendants' counsel, and Cook Defendants understand that information will remain protected under the Court's Order and may object accordingly. Again, the *results* of that analysis – who actually received holds and when – have already been disclosed to Plaintiffs. It is counsels' *process* in arriving at those results that Cook Defendants seek to protect.

To be clear, Cook Defendants share the Court's goal of "uncovering the truth" (Order at 5) and putting to rest once and for all any allegations regarding document retention. Cook Defendants do not wish to take up any more of the parties' or the Court's time litigating what might happen at the upcoming four-hour deposition. But Cook Defendants are also realistic, and recognize that issues may arise. Plaintiffs have been told this deposition is their last bite at this

---

[1] On this specific topic, Cook's witness has testified that Cook placed on hold "individuals identified as having relevant information that would otherwise not be preserved in the context of litigation." Hunt Dep. 69:11-16 (attached hereto as Exhibit A).

3

apple, and Cook Defendants' counsel is obligated to protect their clients' privilege and work product protection from any claim of waiver.

In order to expedite resolution of the intricate privilege issues that Cook Defendants anticipate will arise at the final deposition, they respectfully request that it be scheduled in coordination with the Court's chambers, so that the parties may, if needed, telephonically enlist the Court's expertise and assistance "in real time" on any disputed objections. This procedure will ensure that the deposition concludes with no unresolved objections requiring further briefing and a clear record from the Court on any testimony that may be required over Cook Defendants' objections. It will, of course, be Cook Defendants' intent to minimize use of the Court's resources in this regard, but Cook Defendants do believe this accommodation may be necessary and appropriate under the circumstances.

## Conclusion

Cook respectfully requests that the Court clarify its June 29, 2017 Order consistent with the requests made herein.

Respectfully submitted,

Dated July 13, 2017

/s/ *J. Joseph Tanner*
J. Joseph Tanner (# 11856-49)
Andrea Roberts Pierson (# 18435-49)
Anne K. Ricchiuto (#25760-49)
Anna C. Rutigliano (# 32743-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  joe.tanner@faegrebd.com
E-Mail:  andrea.pierson@faegrebd.com

4

US.113201092.04

5

E-Mail: anne.ricchiuto@faegrebd.com
E-Mail:  anna.rutigliano@faegrebd.com

*Attorneys for the defendants, Cook Inc., Cook Medical LLC (f/k/a Cook Medical Inc.), and William Cook Europe ApS*

US.113201092.04

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2017, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ J. Joseph Tanner*