# Exhibit A

## Page 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---------------------------- )
IN RE: COOK MEDICAL, INC.    )
IVC FILTERS MARKETING, SALES ) Case No.
PRACTICES AND PRODUCTS       ) 1:14-ml-2570-
LIABILITY LITIGATION         ) RLY-TAB
---------------------------- )
This Document Relates to:    ) MDL No. 2570
All Actions                  )
---------------------------- )

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

VIDEOTAPED 30(b)(6) DEPOSITION OF

JAMES BERNARD HUNT

March 21, 2017

Indianapolis, Indiana

GOLKOW TECHNOLOGIES, INC.
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

## Page 2

The videotaped 30(b)(6) deposition of JAMES BERNARD HUNT, called by the Plaintiffs for examination, taken pursuant to the Federal Rules of Civil Procedure of the United States District Courts pertaining to the taking of depositions, taken before CORINNE T. MARUT, C.S.R. No. 84-1968, Registered Professional Reporter and a Certified Shorthand Reporter of the State of Illinois, at the offices of Faegre Baker Daniels, LLP 300 North Meridian Street, Suite 2700, Indianapolis, Indiana, on March 21, 2017, commencing at 9:39 a.m.

## Page 3

APPEARANCES:

ON BEHALF OF THE PLAINTIFFS:
RILEY WILLIAMS & PIATT LLC
301 Massachusetts Avenue
Indianapolis, Indiana 46204
317-633-5270
BY: JOSEPH N. WILLIAMS, ESQ.
    jwilliams@rwp-law.com

LAW OFFICES OF BEN C. MARTIN, LLP
3710 Rawlins Street, Suite 1200
Dallas, TX 75219
(214) 761-6614
BY: BEN C. MARTIN, ESQUIRE
    Bmartin@bencmartin.com

ON BEHALF OF THE DEFENDANTS:
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
317-237-0300
BY: ANDREA ROBERTS PIERSON, ESQ.
    andrea.pierson@FaegreBD.com
    JOHN JOSEPH TANNER, ESQ.
    joe.tanner@FaegreBD.com
    ANNE K. RICCHIUTO, ESQ.
    anne.ricchiuto@FaegreBD.com

ALSO PRESENT:
JASON VOELKE, Paralegal,
    Rueb & Motta;

VIDEOTAPED BY: ANTHONY MICHELETTO

REPORTED BY: CORINNE T. MARUT, C.S.R. No. 84-1968

## Page 4

INDEX

JAMES BERNARD HUNT                    EXAMINATION
    BY MR. WILLIAMS.................   8
    BY MR. MARTIN................... 203
    BY MR. WILLIAMS................. 251
    BY MS. PIERSON.................. 261
    BY MR. WILLIAMS................. 317
    BY MS. PIERSON.................. 350
    BY MR. WILLIAMS................. 359

EXHIBITS
HUNT DEPOSITION EXHIBIT              MARKED FOR ID
No. 1   List of custodians and hold       39
        dates

No. 2   Cook Legal Department:            54
        Procedure for Document Hold";
        CookMDL2570_0006306 - 0006308

No. 3   Bullet Point list of dates of    104
        holds

No. 4   Document, "Timeline of Events:   120
        Hill"

No. 5   1/25/12 e-mail and attached      133
        spreadsheet;
        CookMDL2570_0200522

No. 6   Stockton v. Cook Medical         166
        Incorporated Complaint for
        Money Damages and Demand for
        Jury Trial

No. 7   Adams v. Cook Medical            168
        Incorporated Complaint At Law
        and Demand for Jury Trial

Page 65

1  A. Seems to be predictive I guess.
2  BY MR. WILLIAMS:
3  Q. Any other differences you see?
4  A. Well, I -- you didn't read it verbatim.
5  So, every word that was different was different.
6  Q. Okay. Does Cook in-house Legal
7  Department have the ability to initiate a document
8  hold on its own?
9  A. To initiate one, yes.
10  Q. Okay. When Mr. Blanchard gave his
11  deposition last week, I asked him, "So in your
12  experience a litigation hold would typically come
13  from outside counsel," and he agreed with that
14  sentence. Do you agree with that sentence?
15  MS. PIERSON: Where are you in Scott
16  Blanchard's deposition? If you are going to quote
17  it, we need to be able to see his testimony.
18  MR. MARTIN: No, you object to form.
19  MR. WILLIAMS: That's right.
20  MR. MARTIN: That's not what happens, Andrea.
21  MS. PIERSON: Well, object to form of the
22  question and that it may or may not misconstrue
23  Mr. Blanchard's testimony. We don't know because
24  you've given us no citation for the testimony that

Page 66

1  you quote.
2  So, if you want the witness to verify
3  something that Mr. Blanchard has or hasn't said,
4  you need to show it to him.
5  MR. WILLIAMS: That wasn't -- that wasn't my
6  question. And you need -- and you did this last
7  time. And we'll get the judge on the phone.
8  That's once today for the coaching.
9  You can object -- read the CMO. You can
10  object to form or you can instruct him not to
11  answer to privilege. You can't make two-minute
12  speeches which tell him problems that you perceive
13  with the question.
14  BY MR. WILLIAMS:
15  Q. So, my question to you, Mr. Hunt, is if
16  Mr. Blanchard agreed with me that in his experience
17  a litigation hold direction would generally come
18  from outside counsel, would you agree with that
19  statement generally?
20  MS. PIERSON: Object to the form of the
21  question. You can answer.
22  BY THE WITNESS:
23  A. I wouldn't dispute Mr. Blanchard's
24  testimony as to his experience.

Page 67

1  BY MR. WILLIAMS:
2  Q. In your experience does the initiation
3  of a document hold typically come from outside
4  counsel?
5  A. I don't have data as to Cook generally.
6  On a -- with respect to personal experience, I
7  would say no.
8  Q. Okay. So, in your experience, document
9  holds are generally initiated by the in-house Legal
10  Department?
11  A. Well, I don't typically deal with
12  products cases, which are different. But my
13  understanding, without having statistics, is that
14  they would most often be initiated by outside
15  counsel on a products liability case.
16  Q. But am I right that Cook's Legal
17  Department, should it chose to do so, has the
18  ability to initiate a litigation hold or document
19  hold without the direction of outside counsel?
20  A. Yes.
21  MS. PIERSON: Object to form.
22  BY MR. WILLIAMS:
23  Q. How many lawyers are in Cook's Legal
24  Department?

Page 68

1  MS. PIERSON: Object that it's outside the
2  scope. But you can answer.
3  BY THE WITNESS:
4  A. So, if -- if you're including patent
5  attorneys within that, it's -- in terms of what we
6  consider the Legal Department, there would be six.
7  BY MR. WILLIAMS:
8  Q. And are you one of those six?
9  A. Yes.
10  Q. Okay. Of those six people, can any of
11  those six people on their own initiate a document
12  hold without the direction of outside counsel?
13  MS. PIERSON: Object to form of the question
14  in that it's beyond the scope. But you can answer.
15  BY THE WITNESS:
16  A. I don't know. In theory, I suppose,
17  yes.
18  BY MR. WILLIAMS:
19  Q. If Cook decides that a document hold
20  should be initiated, tell me Cook's understanding
21  of who should be covered by that document hold.
22  MS. PIERSON: I'll object to the question and
23  instruct you that to the extent this answer
24  requires you to disclose to Mr. Williams any of the

Page 69

1  work product or conversation or discussion that
2  goes into issuing any particular hold, I'm
3  instructing you not to provide that information as
4  it's covered by the work product protection and by
5  the attorney-client privilege. But you can answer
6  as to any other information.
7  BY MR. WILLIAMS:
8      Q.   Do you want me to reread the question
9  for you?
10     A.   Sure.
11     Q.   If Cook decides that a document hold
12 should be initiated, tell me Cook's understanding
13 of who should be covered by that document hold.
14     A.   It would be individuals identified as
15 having relevant information that would otherwise
16 not be preserved in the context of litigation.
17     Q.   So, if a vice president has information
18 that could be relevant to a lawsuit, that vice
19 president should be placed on document hold?
20     MS. PIERSON: Object that it misconstrues the
21 witness' testimony.
22 BY THE WITNESS:
23     A.   If we have reason to anticipate
24 litigation and a vice president was identified as

Page 70

1  being likely to have relevant information that
2  would not otherwise be produced -- or preserved I
3  should say, then yes.
4  BY MR. WILLIAMS:
5      Q.   And the same would go for a regional
6  manager?
7      A.   Same would go for a regional manager,
8  yes.
9      Q.   Or a district manager?
10     A.   Or a district manager.
11     Q.   Does Cook have any software that it uses
12 to assist in the identification of folks who have
13 potentially relevant information when you are
14 trying to determine over whom a document hold
15 should be placed?
16     MS. PIERSON: You can answer.
17 BY THE WITNESS:
18     A.   I don't know that we have software
19 specifically used for that purpose.
20 BY MR. WILLIAMS:
21     Q.   Do you have software generally used for
22 that purpose?
23     A.   We -- you know, we have plenty of
24 software in HR that has employees' names and that

Page 71

1  sort of thing. So, depending on, you know --
2  absent context, I can't say that we would use any
3  particular software to identify people with
4  information relevant to any particular thing.
5      Q.   Let's just ask this, then. Does Cook
6  have the capability to use that software to assist
7  in the identification of employees who have
8  relevant information?
9      MS. PIERSON: Object to form.
10 BY THE WITNESS:
11     A.   We have a number of pieces of software
12 that could presumably be helpful in making those
13 determinations and depending on the facts of a
14 particular case.
15 BY MR. WILLIAMS:
16     Q.   And what are those pieces of software?
17     A.   I mean, I guess it could be anything.
18 It could be database software. It could be
19 spreadsheet software. It could be any software
20 used by any department within Cook that might
21 contain a piece of information that you're looking
22 for.
23     Q.   And I'm not asking you about any
24 specific individual case. But in your experience

Page 72

1  has Cook utilized those tools in the past to assist
2  in determining who has relevant information related
3  to a document hold?
4      A.   I don't know.
5      Q.   Did Cook use any piece of software to
6  assist in the identification of custodians to place
7  on document hold with regard to the filter
8  litigation?
9      MS. PIERSON: We'll object to the question and
10 that it calls for information subject to the work
11 product protection. I instruct you not to answer.
12 BY MR. WILLIAMS:
13     Q.   Are you going to take your lawyer's
14 advice?
15     A.   I am.
16     Q.   What are the identities of the people
17 within the Cook organization who were responsible
18 for identifying custodians that needed to be placed
19 on litigation hold for purposes of the filter
20 litigation?
21     A.   They would be presumably, within Cook,
22 whatever attorney was working on the case and
23 whoever they involved in the process.
24         You know, there are -- if there was a