IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to All Actions

**PLAINTIFFS' RESPONSE TO NON-PARTY ALAN B. LUMSDEN, M.D.'S MOTION TO QUASH AND MOTION FOR PROTECTION FROM PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS**

COME NOW, Plaintiffs, by and through the undersigned counsel, and file this Response to Non-Party Alan B. Lumsden, M.D.'s Motion to Quash and Motion for Protection from Plaintiffs' Subpoena to Produce Documents, Information or Objects and states as follows:

## I. INTRODUCTION

Cook's practices with regard to: (1) the design and testing of its IVC filters, and (2) the warnings and information provided to physicians who use those filters, are significant issues in this litigation. Cook's Global Product Manager and 30(b)(6) witness, Darrell Talbert, specifically identified non-party, Alan Lumsden, M.D., as a physician with whom Cook had contracted to provide education and training to physicians on IVC devices and procedures and to help conduct clinical studies testing Cook's IVC filters.[1]

Consistent with Cook's identification of Dr. Lumsden as a physician it had contracted with to assist in physician education and clinical trials, Plaintiffs have requested that Dr. Lumsden produce: (1) contracts and agreements between himself and Cook relating to IVC filters; (2)

---

[1] When asked to name the physician educators that Cook has contracted to assist in education and training and clinical trials, Non-Party Alan Lumsden was one of five physicians identified by Mr. Talbert.

1

documents and communications reflecting payment or reimbursement to him by Cook, including but not limited to consulting fees, speaking fees, entertainment expenses and/or other services and costs relating to IVC filters; (3) presentations relating to IVC Filters (whether presented or not) prepared by Dr. Lumsden or provided to Dr. Lumsden by Cook; (4) documents by or to Dr. Lumsden relating to any test, study or analysis of Cook's IVC Filters; (5) raw data, test or study reports (draft and final) and documents and communications created in the course of carrying out or commenting upon the test or study of any Cook IVC Filters; and (6) documents and communications relating to adverse events or complaints of adverse events for any Cook IVC filters. The requested information is highly relevant and Dr. Lumsden has failed to show that it is either privileged or unduly burdensome to produce. Accordingly, Dr. Lumsden's motion to quash should be denied.

## II.
## BACKGROUND

To date, Plaintiffs have been able to locate only a limited number of documents relating to Dr. Lumsden's role and work with Cook among the documents produced by Cook in response to Plaintiffs' discovery requests. Nevertheless, the few documents produced are sufficient to suggest a long-running relationship between Cook and Dr. Lumsden. For instance, a 2005 email from a Regional Manager at Cook described a dinner involving Cook representatives, Dr. Lumsden, and Dr. Lumsden's vascular surgery fellows. The Cook manager described the dinner as "encouraging" and noted that the fellowship vascular program lead by Dr. Lumsden represented "a tremendous amount of business." From there, the business relationship between Cook and Dr. Lumsden apparently grew. A 2014 listing of Cook-sponsored educational programs lists Dr. Lumsden was a physician educator. A 2016 document indicates that Dr. Lumsden was a study investigator for Cook IVC Filters, and more specifically, for the IVC Filter Celect CIVC study.

Despite Dr. Lumsden's seemingly significant involvement with Cook as a physician educator and study investigator, and despite Cook's acknowledgment of a contractual relationship between Cook and Dr. Lumsden, Plaintiffs have been unable to locate in the documents produced from Cook any agreements between Cook and Dr. Lumsden, any e-mail or other communications between Cook and Dr. Lumsden , any presentations that Dr. Lumsden may have prepared, presented or received from Cook, or much relevant information pertaining to the Cook studies in which Dr. Lumsden served as a study investigator. Accordingly, it has become necessary for Plaintiffs to seek this highly relevant information from Dr. Lumsden.

## II.
## ARGUMENT AND AUTHORITIES

**A.  Under the Governing Standards, Dr. Lumsden Has Failed to Carry His Burden on a Motion to Quash and Motion for Protection from Plaintiffs' Subpoena.**

A non-party moving to quash a subpoena to produce documents on grounds of undue burden has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Likewise, the burden is upon the party seeking protection from disclosure based on privilege to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *See M-I LLC v. Stelly*, 733 F.Supp.2d 759, 801 (S.D.Tex. 2010). A non-party opposing document requests in a subpoena duces tecum may not rely on boilerplate or unsupported objections, but rather must describe grounds for its objections with reasonable particularity. *American Federation of Musicians of the United States and Canada v. Skodam Films*, 313 F.R.D. 39, 47 (N.D.Tex. 2015). Generally, modification of the subpoena to produce documents is preferable to quashing it outright. *Wiwa*, 392 F.3d at *818.

**B.    Dr. Lumsden Has Failed To Carry His Burden To Show That The Requested Discovery Is Objectionable.**

Dr. Lumsden essentially argues that he should be relieved of the obligation to produce documents in this litigation for two reasons: (1) because the requested discovery is unduly burdensome, and (2) because some of the requested discovery is privileged and confidential. Neither argument holds merit.

**1.    Dr. Lumsden Has Failed to Show That Production of the Requested Documents Would Impose An Undue Burden.**

`    As previously discussed, the party seeking to quash a subpoena bears the burden of proving that compliance with the subpoena would be unreasonable and oppressive. *Wiwa*, 392 F.3d at 818. The factors considered in determining whether compliance with a subpoena to produce documents presents an undue burden are: (1) relevance of the information requested, (2) the need of the party for documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed. *Wiwa*, 392 F.3d at *818.   Considerations of these factors favors production of the requested documents in the case at bar.

**a.  Dr. Lumsden concedes that the requested documents are relevant.**

It goes without saying that in a products liability case focused on the safety and efficacy of Cook's IVC filters and upon Cook's design, testing and physician warnings regarding those filters, documents relating to presentations, communications and testing of IVC filters are likely to be relevant. Dr. Lumsden, himself, concedes that the information requested by Plaintiffs is "likely relevant to the underlying suit between Plaintiffs and Cook." [Motion to Quash, p. 4].

4

### b. Plaintiffs' have need of the documents requested from Dr. Lumsden.

Dr. Lumsden makes the indiscriminate argument that all of the responsive documents should be in Cook's possession and, thus, there is no need for Plaintiffs to request the documents from him as a non-party. There are two problems with Dr. Lumsden's argument.

First, Dr. Lumsden has made no showing that the requested documents are in Cook's possession. Plaintiffs have explained that the documents that have been produced by Cook to date have not included many documents relating to Dr. Lumsden's work and role. As previously described, Plaintiffs have been able to locate only a limited number of documents referencing Dr. Lumsden among the materials produced by Cook. Cook's production to Plaintiffs has not included any presentations created by Dr. Lumsden. Nor has Cook produced any documents specifically relating to Dr. Lumsden's work on clinical studies and testing for Cook. The general absence of documents relating to Dr. Lumsden in Cook's document productions to date, suggests that Cook may not have (or may not have retained) the requested materials.

It is certainly likely that some of the requested documents are not now, or never were, in Cook's possession. For example, Plaintiffs have requested that Dr. Lumsden provide his notes, draft reports or communications. These are items which very possibly were never shared with Cook. Plaintiffs have also requested Dr. Lumsden's draft test or study reports, raw data for the test or study, and documents and communications created in the course of carrying out his test, study or analysis of the IVC filters. Again, these non-final documents may not have ever been provided to Cook. The same is true for any information or presentation prepared for Cook on IVC filters and the accompany notes, outlines or documents he may have generated. Lastly, Cook's document destruction policies may very possibly have lead to the destruction of many e-mail communications between Dr. Lumsden and Cook employees. For these reasons, it is

5

necessary that Plaintiffs obtain many of the requested items from Dr. Lumsden if Plaintiffs are to receive them at all.

Simply stated, only a limited number of documents relating to Dr. Lumsden have been produced in response to Plaintiffs' discovery requests to Cook; meanwhile, counsel for Dr. Lumsden acknowledges that Dr. Lumsden does, indeed, have documents responsive to the subpoena in his possession.  [Exhibit D to Motion to Quash, p. 1]. Accordingly, there is no basis for holding that the requested items are more conveniently obtainable from a source other than Dr. Lumsden.

Lastly, to the extent Dr. Lumsden suggests discovery to a non-party is improper, he is mistaken.  Rule 45 explicitly contemplates the use of subpoenas in relation to non-parties. *Andra Group, LP v. JDA Software Group, Inc.*, 312 F.R.D. 444, 450 (N.D.Tex. 2015)(quotations omitted). "When faced with somewhat similar objections to compliance, 'transparency and collaboration is essential to meaningful, cost-effective discovery and a non-party's attempt to stand outside of these tenets because of its third-party status is unpersuasive.'" *Id* (citation omitted).  A non-party cannot confuse undue burden with its obligations, once subject to a subpoena, to participate in transparent and collaborative discovery.  *Id*. "

### c. Plaintiffs' requests to Dr. Lumsden cover a reasonable and appropriate period of time given the factual circumstances.

Dr. Lumsden argues throughout the motion that Plaintiffs' requests for documents spanning 17 years are overly broad and that the search and production of such documents would be unduly burdensome. Not so. The limited information Plaintiffs have received relating to Dr. Lumsden's involvement with Cook indicates that by 2005, the relationship had progressed to the point that Lumsden and his fellows were dining with Cook representatives.  Thus, there was a known relationship dating back to before 2005. Likewise, the limited documents produced to

Plaintiffs (along with Dr. Talbert's 30(b)(6) testimony) establish that Dr. Lumsden was still working with Cook in 2016 and continues to do so presently. Plaintiffs' request for documents spanning the period from January 1, 2000 to present was intended to encompass the time-frame Dr. Lumsden has worked with Cook on IVC Filters based on the information known to Plaintiff. Furthermore, because the requests are related to Dr. Lumsden's work with Cook specifically, the time period is self-limiting in that there will not be responsive documents pre-dating the start of Dr. Lumsden's relationship with Cook (a date known to Dr. Lumsden but not known to Plaintiffs).

Contrary to Dr. Lumsden's assertions, Plaintiffs have also tailored their requests to relate solely to Cook and Cook-manufactured IVC filters, not just all documents regarding any IVC filter. Each request asks for documents that are either between Dr. Lumsden and Cook related to IVC Filters, documents provided to Dr. Lumsden by Cook or from Dr. Lumsden to Cook related to IVC filters, and/or documents related to "Subject IVC Filter."[2] *See* **Exhibit A**.

### d.     Plaintiffs have stated their requests with sufficient particularity.

Dr. Lumsden's argument that Plaintiffs have failed to describe the requested documents with particularity is equally unavailing for the reasons articulated above. Particularity of designation depends on the circumstances of each case, but the goal is for the description to be sufficiently precise to apprise a man of ordinary intelligence which documents are required. *U.S. v. National Steel Corp.*, 26 F.R.D. 607, 610 (S.D.Tex. 1960).

Plaintiffs' document requests satisfy the requirement of particularity. Plaintiffs have narrowed their requests to a specific time-frame. Plaintiffs have requested only those documents

---

[2] "Subject IVC Filter" is defined as: "every iteration of the Gunther Tulip…every iteration of Celect filter…any other filter, including the Celect Platinum and/or any Cook competitor filter, *if discussion, examination, testing, or study of that filter was undertaken…for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all [of the above]*." Exhibit A at ¶ 5. The request for documents comparing features, benefits, safety, performance, risks or efficacy is also tailored to include only the documents comparing the Subject IVC Filter to that of any other IVC filter, rather than just a general comparison of all IVC filters. *See* **Exhibit A** at Request No. 6.

7

pertaining to Cook and its IVC filters. And, for each item requested, Plaintiffs have described the types of documents they seek to discover. Indeed, several of Plaintiffs' requests contain itemized descriptions of the documents sought. *See* **Exhibit A**. Thus, Plaintiffs' requests are more than sufficient in terms of particularity to allow Dr. Lumsden to understand the documents required to be produced.

### e. Plaintiffs' requests to Dr. Lumsden are not unduly burdensome, expensive or inconvenient.

In applying the final factor, Dr. Lumsden claims Plaintiffs' requests are unduly burdensome because they would require a group of individuals to review volumes of documents and prepare a privilege log for the documents he alleges are privileged.

As an initial matter, Plaintiffs would point out that the party seeking protection of information by a claim of privilege has the burden to plead and prove the applicable privilege. *In re Cauley*, 437 S.W.3d 650, 655 (Tex. App.-Tyler 2014). Here, Dr. Lumsden merely asserts that the requested documents are privileged and confidential but fails to provide meaningful detail establishing just how those documents are privileged or precisely what work would be required to produce them. [*See* Argument *infra* at II.B.2.]

Dr. Lumsden's description of the "volumes" of materials and the "exhaustive" searches required by the subpoena are exaggerated. Plaintiffs have narrowed their request to encompass the relevant time-period that Dr. Lumsden has worked with Cook and Cook's IVC Filters. The request pertains only to Cook's IVC filters. And Dr. Lumsden has been provided with itemized list and descriptions of the types of documents sought. Dr. Lumsden has not explained how documents related to his work with Cook are maintained, but absent evidence otherwise, it is reasonable to expect that Dr. Lumsden would maintain individual files (paper or electronic) for

such items as Cook presentations, Cook study data, and Cook contracts. Searching these readily identifiable files would be a straight-forward undertaking.

Most recipients of a subpoena consider the requests inconvenient and burdensome, but unless the request is improper or the burden is undue (which is not the case here), the needs of our justice system favor production. As the moving party, Dr. Lumsden has failed to carry his burden to show that the requested discovery is unduly burdensome. For these reasons, Plaintiffs respectfully ask that Non-Party Lumsden's Motion to Quash and Motion for Protection from Plaintiffs' Subpoena be denied.

> **2. Dr. Lumsden Has Failed To Carry His Burden To Show That The Requested Documents Are Privileged.**
>
> **a. Trade secrets and confidential information are not absolutely privileged.**

There is no absolute discovery privilege for trade secrets and similar confidential information. *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 671 (S.D.Tex. 1990). The party seeking protection of information by a claim of privilege has the burden to plead and prove the applicable privilege. *In re Cauley*, 437 S.W.3d 650, 655 (Tex. App.-Tyler 2014). To establish confidentiality the party resisting discovery has the initial burden to establish that the information sought is a trade secret and then demonstrate that its disclosure is harmful. *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. at *671.[3] Once the party resisting discovery establishes that the information sought is a trade secret, the party seeking the information must show reasonable necessity for the requested materials. *Id*.

---

[3] There are six factors a court may consider to determine whether a trade secret exists" (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by other. *In re Cauley*, 437 S.W.3d at *656.

9

Dr. Lumsden fails to make any showing that production of the requested documents would require the disclosure of trade secrets or other confidential information. Indeed, Dr. Lumsden lists the six factors a court may consider to determine whether a trade secret exist but fails to apply or discuss any of these factors to establish that the information within the requested documents contain privileged trade secrets. Thus, Dr. Lumsden fails to carry his initial burden of establishing that trade secrets even exist within any of the requested documents.

### b. The peer review privilege does not apply in this circumstance.

Dr. Lumsden asserts "peer review" and "hospital committee" privileges for tests, studies and complaints of adverse events relating to patient care. *See* TEX. HEALTH & SAFETY CODE §§ 161.031, TEX. OCC. CODE §§ 160.001, 42 U.S.C.A. § 11101. Dr. Lumsden fails, however, to explain how the privileges he asserts apply to the information Plaintiffs request.

The statutes Dr. Lumsden cites relate to medical professional peer review or hospital review of patient care and services and adverse events. The legislation was enacted to improve the quality of medical care through effective peer review in the wake of increasing occurrences of medical malpractice. *See* 42 U.S.C.A. § 11101, TEX. OCC. CODE §§ 160.001. Dr. Lumsden fails to explain how the statute would preclude disclosure of the information requested here. Plaintiffs are not requesting that the hospital or Dr. Lumsden disclose information specifically related to professional peer review findings, hospital review and evaluation of patient care in the facility, or adverse events related to Dr. Lumsden's patient care that may have warranted hospital or professional peer review. Rather, Plaintiffs seek disclosure of documents related to the clinical studies and testing that Dr. Lumsden conducted for Cook as a retained clinical investigator. To the extent Dr. Lumsden claims that there were adverse events or outcomes that occurred within the Cook studies and were subject to hospital review or peer review, it is still Dr. Lumsden's

10

burden to demonstrate that the privilege applies to the requested documents. A blanket assertion that all requested documents related to testing and clinical studies are privileged does not suffice.

### c. Confidential Documents produced by Dr. Lumsden are entitled to the protections under the Addendum to CMO #8.

Lastly, to the extent that any document subject to production under the subpoena is confidential, Plaintiffs would point out that protection for such documents has been extended by Addendum to Case Management Order #8. By its terms, CMO #8 only expressly extended its protections and procedures to the Cook Defendants' Confidential Documents. The addendum remedied that limitation by making the same protections and procedures extended to Cook's confidential documents specifically applicable "to the Confidential Documents of any non-party, including but not limited to non-parties producing documents in response to a subpoena…." [Addendum to Case Management Order #8]. Thus, to the extent that Dr. Lumsden designates any document a Confidential Document, it shall be extended all protections afforded to the Cook Defendants' Confidential Documents in this litigation.

## II.
## CONCLUSION

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs respectfully ask that the Court deny Non-Party Alan B. Lumsden, M.D.'s Motion to Quash and Motion for Protection from Subpoena to Produce Documents, Information or Objects and for any and all further relief that Plaintiffs may be justly entitled to.

Respectfully submitted,

/s/ Ben C. Martin
Law Office of Ben C. Martin
3710 Rawlins St., Ste 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590

>bmartin@bencmartin.com
>Co-Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

On this 19th day of July, 2017, a true and correct copy of the above and foregoing pleading was filed with the Clerk of Court through the electronic e-filing system, which will automatically send notice of such filing to all counsel of record.

>/s/Ben C. Martin
>Ben C. Martin