IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

**REPLY IN SUPPORT OF COOK DEFENDANTS' MOTION FOR CLARIFICATION OF ORDER ON PLAINTIFFS' MOTION FOR ADDITIONAL RULE 30(b)(6) DEPOSITION AND REQUEST CONCERNING SCHEDULING**

Cook Defendants' Motion for Clarification (Dkt. 5375) was just that – a request for pre-deposition clarification of the Court's June 29 Order so that the ordered deposition can proceed in a more productive manner. Respectfully, the tenor of Plaintiffs' Response (Dkt. 5413) underscores the need for the Court's assistance with the complex issues presented.

Put simply, Cook Defendants seek a fuller understanding of the Court's expectations regarding Cook Defendants' concerns about their privileged information. Questions of how and when counsel for the Cook Defendants determined which custodians to place on hold (and undoubtedly related questions that will be posed by Plaintiffs) invade Cook Defendants' counsels' work product and privileged communications. By their Motion for Clarification, Cook Defendants merely seek to be upfront with the Court and Plaintiffs that objections to these and similar questions remain, and seek the Court's guidance about how to handle those objections before the parties commence the deposition. Plaintiffs do not argue that the information they are seeking isn't privileged; they simply say it should be provided. But their desire for the information does not evaporate its privileged nature.

1

2

Finally, Cook Defendants disagree with any contention that their motion for clarification was untimely. While there is no deadline in the rules for motions for clarification, Cook Defendants filed their motion within the time allowed to appeal the Magistrate's ruling to the District Judge – which Cook Defendants decidedly did not do.  Instead, the Cook Defendants filed their motion because they believe clarification at the outset may eliminate more costly fighting later.

Respectfully submitted,

Dated July 25, 2017

/s/ *J. Joseph Tanner*
J. Joseph Tanner (#11856-49)
Andrea Roberts Pierson (#18435-49)
Anne K. Ricchiuto (#25760-49)
Anna C. Rutigliano (#32743-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  joe.tanner@faegrebd.com
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  anne.ricchiuto@faegrebd.com
E-Mail:  anna.rutigliano@faegrebd.com

*Attorneys for the defendants, Cook Inc., Cook Medical LLC (f/k/a Cook Medical Inc.), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2017, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ J. Joseph Tanner*