# EXHIBIT C

FaegreBD.com

# FAEGRE BAKER
# DANIELS

USA ▾ UK ▾ CHINA

**Cathi M. Snapp**
*Senior Paralegal*
cathi.snapp@FaegreBD.com
Direct +1 317 237 1417

**Faegre Baker Daniels LLP**
300 North Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Main +1 317 237 0300
Fax +1 317 237 1000

June 15, 2017

**FILE COPY**

Certified Article Number

9414 7266 9904 2048 2648 83

SENDERS RECORD

## CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Edward Hines, Jr. VA Hospital
ATTN: Personnel Department
5000 South 5th Avenue
Hines, IL 60141

Re:  Subpoena to Produce Documents
Name:  Carol M. Gage (a/k/a Carol James)
DOB:  ████████
SSN:  ████████

Dear Personnel Department Representative:

Enclosed please find a Subpoena and Request for Production of Documents and Records to a Non-Party.

Please do not hesitate to contact me if you should have any questions in this regard.

Thank you.

Sincerely,

*Cathi M. Snapp*

Cathi M. Snapp
Senior Paralegal

Enclosures
cc:   Matthew R. McCarley, Esq. (w/ enclosures)
      Michael Gallagher, Esq. (w/ enclosures)

US.112907249.01

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Indiana

| | | |
|---|---|---|
| Arthur Gage | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:14-cv-01875-RLY-TAB |
| Cook Medical, Inc., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Edward Hines, Jr. VA Hospital
5000 South 5th Avenue
Hines, IL  60141

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit A

| Place:  Faegre Baker Daniels, LLP<br>300 North Meridian Street, Suite 2700<br>Indianapolis, IN  46204 | Date and Time:<br><br>07/15/2017 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/15/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jessica Benson Cox |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
the Defendants _____ , who issues or requests this subpoena, are:

Jessica Benson Cox, Faegre Baker Daniels, LLP, 300 N. Meridian St., Suite 2700, Indianapolis, IN 46204, 317.237.0300,
jcox@faegrebd.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:14-cv-01875-RLY-TAB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:   Via Certified Mail/Return

Receipt Requested at the above address

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____            _____

*Server's signature*

Jessica Benson Cox, Attorney for Defendants

*Printed name and title*
Faegre Baker Daniels, LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION

---

This Document Relates to: 1:14-cv-01875-RLY-TAB

Plaintiff: Arthur Gage
Defendants: Cook Defendants

---

### REQUEST FOR THE PRODUCTION OF
### DOCUMENTS AND RECORDS TO A NON-PARTY

To:     Edward Hines, Jr. VA Hospital
        5000 South 5th Avenue
        Hines, IL  60141

Pursuant to Rule 34 and 45 of the Federal Rules of Civil Procedure, the Cook

Defendants[1] request Edward Hines, Jr. VA Hospital ("Hines VA Hospital") produce and permit

Zimmer to inspect and copy all of the following documents in the possession, custody, or control

of Hines VA Hospital, its attorneys, or any agent or person acting or purporting to act on Hines

VA Hospital's behalf.  Such documents shall be produced at the offices of Faegre Baker Daniels,

LLP, 300 North Meridian Street, Suite 2700, Indianapolis, IN 46204 by July 15, 2017.

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook
Medical Incorporated, and William Cook Europe APS (collectively "Cook Defendants").

US.112802262.01

## Definitions and Instructions

A.      "Document" means all original writings, papers, records, tapes, films, photographs (including negatives), computer data and software, electronic compilations, diaries, notes, electronic mail, text messages, and all other items of any kind, whether maintained in hard copy or electronically, that are in any way subject to visual inspection or auditory examination or reproduction and includes all items subject to production under the Federal Rules of Civil Procedure.  In any case in which the original is not available, the term "document" means an identical copy of the original. Each preliminary draft, each non-identical copy, and each document bearing notations, markings, or writings of any kind different from the original shall be considered an original document.

B.      Electronic records and computerized information should be produced in an intelligible format or together with a description of the system from which they were obtained so as to render the records and information intelligible.

C.      If Hines VA Hospital objects or otherwise declines to answer any portion of a Request, Hines VA Hospital is required to provide all documents requested as to any portion of the Request to which Hines VA Hospital does not object.

## Request For Production

**Request No. 1**:  All documents that evidence, refer to, or relate to the employment of Carol M. Gage (a/k/a Carol James) (hereinafter "Gage"), SSN ▮▮▮▮▮▮, DOB ▮▮▮▮ ▮▮, with Hines VA Hospital, including, but not limited to:

(a)     Hines VA Hospital's personnel file with respect to Gage;

(b)     documents that set forth or refer to the terms and conditions of Gage's employment;

2

(c)    documents reflecting Gage's application to and hiring by Hines VA Hospital;

(d)    documents relating to Gage's job performance;

(e)    documents relating to any disciplinary actions in which Gage was involved during her employment;

(f)    documents relating to any medical or family leave taken by Gage;

(g)    documents relating to Gage's attendance at Hines VA Hospital; and

(h)    all documents relating to the end of Gage's employment at Hines VA Hospital.

**Response:**

/s/  Jessica Benson Cox
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
andrea.pierson@faegrebd.com
jessica.cox@faegrebd.com

James Stephen Bennett
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Facsimile:  (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for the Defendants, Cook Incorporated,
Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe ApS*

US.112802262.01

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of June, 2017, a copy of the foregoing Request for Production of Documents and Records to a Non-Party was served on the following counsel of record by email and first-class mail, postage prepaid:

Matthew R. McCarley
FEARS NACHAWATI, PLLC
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Email: mccarley@fnlawfirm.com

Michael Gallagher
The Gallagher Law Firm
2905 Sackett Street
Houston, Texas 77098
Email: Mike@gld-law.com
        Pamm@gld-law.com
        Shawnaf@gld-law.com

/s/  Jessica Benson Cox
Jessica Benson Cox