UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: 1:15-cv-764-RLY-TAB _____ | ) ) ) ) ) ) ) ) ) ) )   1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Cook Defendants move for summary judgment on grounds that the Complaint of Valerie Graham was filed after the applicable statute of limitations had expired. For the reasons that follow, the court agrees.

**I.      Undisputed Facts**

As is relevant to the present motion, Dr. Steven Lemons implanted Graham with a Cook Celect filter on November 23, 2009, at Kansas University Medical Center. (Filing No. 1053-4, Pl. Fact Sheet §§ II, III). Dr. Lemons implanted the Celect filter as a preventative measure; Graham was predisposed to pulmonary embolisms, deep vein thrombosis and transient ischemic attacks. (Filing No. 1053-5, Pl. Profile Form § III).

On August 15, 2011, Graham saw Dr. James Harbrecht for "evaluation of recurring problems of abdominal discomfort which she attribute[d] to her IVC filter." (Filing No. 1053-12, Progress Notes).

1

On September 8, 2011, Dr. Karthik Vamanan attempted to retrieve the Celect filter because of "failure" and "migration." (Pl. Profile Form § IV). His effort was unsuccessful. (*Id.*). The next day, Dr. Vamanan performed surgery through Graham's abdominal cavity to retrieve the filter. (*Id.*). Graham attests that not only had the Celect filter migrated, but it also had perforated her vena cava and an organ, and had caused bleeding. (*Id.* § V; Filing No. 1053-13, Radiological Report at 1-2). She was informed prior to the 2011 removal that "I would die if it wasn't removed." (Pl. Fact Sheet § II, ¶ 9(c)).

Graham describes her bodily injuries as "extreme pain over a period of approximately two years, major operations to remove the filter, major scarring, coded during operation, major depression, and I still currently have complications." (*Id.* § II, ¶ 10(a)). Graham states that she began experiencing these symptoms "[d]irectly after implantation of the device." (*Id.* § 11, ¶ 10(b)). She attributed her injuries to the Celect filter in June 2010, after Dr. Michael Breezley "informed [her] that the filter had migrated and 'he wouldn't touch it' and that it may be the cause of the pain." (*Id.* § II, ¶ 10(c)).

On May 12, 2015, Graham, represented by counsel, filed her Short Form Complaint in this litigation asserting claims in strict products liability, negligence, negligence *per se*, breach of express and implied warranties and "applicable state law prohibiting consumer fraud and unfair and deceptive trade practices." (Filing No. 1, Compl. [in Cause No. 1:15-cv-764-RLY-TAB] ¶ 14).

II.  **Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013). To survive summary judgment, the non-moving party may not rest on mere allegations or denials in its pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment may be entered on the basis of a statute of limitations defense if "(1) the statute of limitations has run, thereby barring the plaintiff's claim as a matter of law, and (2) there exist no genuine issues of material fact regarding the time at which plaintiff's claim has accrued and the application of the statute to plaintiff's claim which may be resolved in plaintiff's favor." *Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002) (internal quotations and citation omitted).

### III.    Discussion

Graham brings both product liability claims and a claim for consumer fraud. The court will begin with her products liability claims, which are governed by the Kansas[1] Product Liability Act (the "KPLA").

---

[1] The parties agree that Kansas law applies.

### A. KPLA

The KPLA defines a "product liability claim" as follows:

> [A]ny claim or action brought for harms caused by the manufacture, production, making, construction, fabrication, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, storage or labeling of the relevant product. It includes, but is not limited to, any action based on, strict liability in tort, negligence, breach of express or implied warranty, breach of, or failure to, discharge a duty to warn or instruct, whether negligent or innocent, misrepresentation, concealment or nondisclosure, whether negligent or innocent, or under any other substantive legal theory.

K.S.A. § 60-3302(c)).

The purpose of the KPLA "was to merge all legal theories of product liability into one single product liability claim." *Fennesy v. LBI Mgmt., Inc.*, 18 Kan. App. 2d 61, 66 (Kan. Ct. App. 1993) (citing *Chamberlain v. Schmutz Mfg. Co., Inc.*, 532 F. Supp. 588, 590 (D. Kan. 1982) (citing K.S.A. § 60-3302(c)). In addition to strict products liability claims, the KPLA includes within its reach claims for breach of express and implied warranties where personal injury is caused by a defective product. *Gonzalez v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1241 (D. Kan. 2007).

Pursuant to the KPLA, products liability claims are subject to a two-year statute of limitations. *Id.* A KPLA cause of action accrues "when the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." K.S.A. § 60-513(b). Thus, Graham's KPLA claims—failure to warn, design defect,

4

negligence, negligence per se, breach of express warranty, and breach of implied warranty—must have been filed within two years of the time the causes of action accrued.

The court finds Graham's injury was reasonably ascertainable soon after her September 9, 2011, retrieval surgery. At that time, she was aware that the Celect filter had migrated and had, *inter alia*, perforated her vena cava and an organ. The injuries described in her Complaint—extreme pain from the Celect filter's migration, the surgeries to remove the filter, major scarring, and coding during the retrieval operation—were known to her immediately after the September 9 surgery. The limitations period, therefore, expired on or around September 10, 2013, nearly two years before she filed her Complaint. Therefore, the court must **GRANT** the Cook Defendants' motion for summary judgment on her KPLA claims.

### B.  KCPA

Graham also brings a claim under the Kansas Consumer Protection Act ("KCPA"). The KCPA prohibits deceptive acts and practices "in connection with a consumer transaction," as described in K.S.A. 50-626. In turn, a "consumer transaction" is defined as "a sale . . . or other disposition for value of property or services. . . ." K.S.A. 50-624(c).

The statute of limitations for such a claim is three years. *Bonura v. Sifers*, 39 Kan. App. 2d 617, 634-35 (Kan. Ct. App. 2008). "A KCPA claim accrues on the date of the alleged unconscionable act or practice regardless of when the alleged unconscionable act is discovered." *In re Long*, Bankr. No. 09-12827, Adversary No. 09-5303, 2011 WL

976460, at *8 (Bankr. D. Kan. March 1, 2011); *see also Golden v. Den-Mat Corp.*, 276 P.3d 773, 789 (Kan. Ct. App. 2012) (finding KCPA claim accrued when plaintiff paid for and received the object of the consumer transaction); *Agristor Leasing v. Meuli*, 634 F. Supp. 1208, 1218 (D. Kan. 1986) (finding a KCPA cause of action accrues when the transaction in question takes place).

The court finds any violation of the KCPA by the Cook Defendants accrued at the latest when Dr. Lemons implanted the Celect filter on November 23, 2009. Because more than three years had passed between the implantation of the Celect filter and the filing of Graham's Complaint on May 12, 2015, Graham's KCPA claim is time-barred.

### C. Fraudulent Concealment and Equitable Tolling

Graham suggests in her Response that the doctrines of fraudulent concealment and equitable estoppel toll the statute of limitations in this case.

#### 1. Fraudulent Concealment

To toll the statute of limitations based on fraudulent concealment, a plaintiff must allege: "(1) the use of fraudulent means by the defendants; (2) successful concealment from plaintiff[]; and (3) that plaintiff[] did not know or by the exercise of due diligence could not have known that [she] might have a cause of action." *In re Urethane Antitrust Litig.*, 235 F.R.D. 507, 518 (D. Kan. 2006) (citing *Ballen v. Prudential Bache Sec., Inc.*, 23 F.3d 335, 337 (10th Cir. 1994)). Stated differently, a defendant must do "something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 633 (10th Cir. 1993).

6

The doctrine of fraudulent concealment does not apply here for two reasons. First, the doctrine can extend the statute of limitations only for a claim that asserts fraud on its face. *See Bonin v. Vannaman*, 929 P.2d 754, 762 (Kan. 1996). The only claim which could arguably be considered one grounded in fraud is Graham's KCPA claim. The Kansas Court of Appeals has held, however, that a KCPA claim and a common-law fraud claim are not the same, and therefore, tolling provisions[2] do not apply to KCPA claims. *Bonura v. Sifers*, 39 Kan. App. 2d 617, 635 (Kan. Ct. App. 2008); *Four Seasons Apartments, Ltd. v. AAA Glass Serv., Inc.*, 37 Kan. App. 2d 248, 251 (Kan. Ct. App. 2007).

Second, even if the doctrine could apply to her claims, Graham does not allege any affirmative conduct by the Cook Defendants that was designed to prevent, and did prevent, her from discovering her cause of action. Therefore, she may not rely on the doctrine of fraudulent concealment to toll the statute of limitations.

### 2. Equitable Estoppel

Under Kansas law equitable estoppel applies if defendants have induced plaintiffs to delay their filing of the action either through affirmative acts or through silence concerning material facts when under an affirmative duty to speak. *See Pizza Mgmt., Inc. v. Pizza Hut, Inc.,* 737 F. Supp. 1154, 1159 (D. Kan. 1990). In addition, "[t]he party asserting equitable estoppel must show some change in position in reliance on the other

---

[2] The cited cases specifically reference the discovery rule.

party's misleading statements." *Petroleum Prod., Inc. v. Total Petroleum, Inc.*, 795 F. Supp. 356, 361 (D. Kan. 1992), *aff'd,* 986 F.2d 1428 (10th Cir. 1993) (citations omitted).

Here, Graham submits no evidence that the Cook Defendants took any action designed to prevent her from filing her Complaint on time, nor evidence that she reasonably relied on any such act or representation. Indeed, she does not even claim that she had any communications whatsoever with the Cook Defendants either before or after her surgery. Likewise, there are no facts that would impose on the Cook Defendants a duty to inform her of her right to sue. Therefore, equitable estoppel may not be invoked to toll the statute of limitations.

## IV. Conclusion

Graham filed her lawsuit against the Cook Defendants outside of the statute of limitations applicable to her claims. Accordingly, the court **GRANTS** their Motion for Summary Judgment (Filing No. 1050).

**SO ORDERED** this 2nd day of August 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.