# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

_____

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to Plaintiff:
Elizabeth Jane Hill

Civil Case No.: 1:15-cv-06016-RLY-TAB

_____

**THE COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF**
**MOTION TO COMPEL DISCOVERY RESPONSES**
**FROM PLAINTIFF ELIZABETH JANE HILL**

**I.      INTRODUCTION**

In their Motion to Compel and Brief in Support [Dkt. Nos. 5143 and 5144], Defendants

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook

Europe ApS (collectively, the "Cook Defendants" or "Cook") demonstrated that Plaintiff failed

to fully and completely respond to the Cook Defendants' discovery requests and to provide

information relevant to the parties' claims and defenses, proportional to the needs of this case,

and otherwise discoverable.   Specifically, Plaintiff failed to adequately respond to discovery

directed to:  (1) employment records; (2) social media information; (3) medical expenses; (4)

insurance policy and subrogation information; (5) communications between Plaintiff and third

parties; (6) evidence Plaintiff claims support her claims; (7) information about advertising or

labelling materials related to the Filter read or seen by Plaintiff, statements of Cook taken or

possessed by Plaintiff related to the Filter or the allegations in the complaint, and the identity of

and facts known by witnesses; (8) information about when Mrs. Hill contacted an attorney about

her lawsuit against Cook; and (9) Mrs. Hill's handwritten responses to her Plaintiff Fact Sheet. Cook also demonstrated that Plaintiff asserted multiple objections to interrogatories and production requests based on various privileges but failed to provide a privilege log listing the documents withheld and describing the nature of the allegedly privileged documents or information as required by the Federal Rules of Civil Procedure and the Court's Case Management Order #10 - Protocol Concerning Claims of Privilege and Work Product, Dkt. No. 520.

Since the filing of Cook's Motion to Compel and Plaintiff Elizabeth Jane Hill's Response in Opposition [Dkt. No. 5458] ("Opposition"), the parties have further met and conferred[1] and resolved (or conditionally resolved) some of the discovery issues raised in Cook's Motion to Compel. Such compromises and agreements regarding employment records, medical expenses, insurance policies and subrogation information, information about advertising, labeling, statements of Cook, and witnesses, and information about when Mrs. Hill contacted an attorney about her lawsuit against Cook are discussed and confirmed below.  A number of these compromises and agreements require Plaintiff to supplement her discovery responses and provide Cook with additional information and documents.  Cook expressly reserves its right to revisit these discovery issues if Plaintiff fails to timely provide the required additional information or the parties' compromises and agreements otherwise fall through.

Nevertheless, a number of discovery issues remain unresolved and outstanding.  They include Plaintiff's continued failure and refusal to produce Plaintiff's social media information, communications between Plaintiff and third parties, evidence Plaintiff claims support her claims, and a privilege log listing the documents Plaintiff has withheld from production.  As

---

[1]   Counsel for the parties conducted telephonic meet and confer conferences on July 27, 2017 and August 1, 2017.

Us.113518079

demonstrated below, the Court should reject Plaintiff's Opposition and her new and untimely objections to this outstanding discovery.  The Cook Defendants urge the Court to (1) compel Plaintiff to produce the requested and outstanding information and documents, and (2) deem Plaintiff's claimed privileges waived or, in the alternative, compel Plaintiff to produce the required and long overdue privilege log.

## II.   THE RESOLVED DISCOVERY ISSUES AND THE OUTSTANDING DISCOVERY INFORMATION THAT THE COURT SHOULD COMPEL PLAINTIFF TO PRODUCE

For ease of reference and the convenience of the Court, Cook addresses the resolved discovery issues and the outstanding discovery issues in the order in which they were presented in Cook's Brief in Support.

### A.   Employment Records (Request No. 31 and Third Prod. Request No. 9)

Since the filing of Cook's Motion to Compel, the parties have further conferred and resolved the issue of the production of Plaintiff's employment records.  In a meet and confer conference on July 27, 2017, Plaintiff's counsel, Joseph R. Johnson, re-confirmed that Plaintiff is *not* making a claim for lost wages.  Further, Plaintiff's Counsel confirmed that statements made in Plaintiff's Expert Leigh Ann Levy's March 11, 2017 Report that Mrs. Hill had a part-time job working 15-20 hours a week for a period immediately before her 2010 filter placement (*see* Ex. J[2], Levy Report at 18) are erroneous and "the result of miscommunication."  *See* Opposition at 4.  With Plaintiff's recent confirmation that Mrs. Hill did not have part-time employment during this time period and that there are no such employment records, this issue is now moot.

---

[2]   In accordance with Local Rule 5-1(b), Cook filed its Separate Index of Exhibits to The Cook Defendants' Brief in Support of Motion to Compel Discovery Responses From Plaintiff Elizabeth Jane Hill ("Separate Index") [Dkt. No. 5144-1] contemporaneously with its Motion to Compel and Brief in Support.  The Exhibits referenced in this Reply Brief are attached to the Separate Index.

**B.      The Court Should Compel Plaintiff to Produce her Social Media ("Facebook") Information in *Native File* Format. (Plaintiff Fact Sheet, Interrogatory No. 24, Request No. 37, Third Prod. Request Nos. 4 and 5)**

Plaintiff's Opposition concedes, as it must, that generally social networking site ("SNS") content is neither privileged nor protected by any right of privacy. *See* Opposition at 5 (citing *Davenport v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 555759 at *1 (M.D. Fla. Feb. 21, 2012). Plaintiff's privacy and harassment objections are unfounded as a matter of law and fact by the very authorities cited by Plaintiff in her Opposition and by Plaintiff's admission in her deposition.   Plaintiff's Opposition does not even attempt to address or refute Plaintiff's concession that she understood that the Cook Defendants needed access to her Facebook profile and that Plaintiff had no objection to such access. *See* Ex. L, E. Hill Dep. 220:17-20 (Q: So you have provided documents. What did you provide? A: Access to my Facebook, *which I understand you-all needed and I said it's fine.  I don't care.)* (emphasis added).   Plaintiff's Facebook information is relevant and discoverable and the Court should compel Plaintiff to produce it – especially when Plaintiff herself has no objection.

Plaintiff's claim that Cook's requests for Plaintiff's Facebook information are "not narrowly tailored to a reasonable time period and to a specific content … relevant to a claim or defense in this case" (*see* Opposition at 9) is misplaced and ignores the specific text of Cook's requests.  Cook's requests are reasonable in both time and scope.

Again, the following requests and responses are at issue:

**PLAINTIFF FACT SHEET VIII(m) REQUEST:**  Screenshots of all webpages of each type of social media used by you (including, but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn) showing any and all "posts" and/or "messages" from ***the date of implantation to the present.***

**PLAINTIFF FACT SHEET VIII(m) RESPONSE:**  Not applicable.   The documents are attached _X_   [OR]   I have no documents ___

- 4 -

**INTERROGATORY NO. 24:**  Please state whether you use or ever have used social media websites, including but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, Pinterest, or other social media.  For each website you have used, please provide all user names, handles, login names or IDs and e-mail addresses applicable to the login or use of the website, and the approximate dates or date range of use for each website.

**ANSWER NO. 24:**  OBJECTION:  Plaintiff objects to this interrogatory as seeking information outside the proper scope of discovery and as intended to harass, embarrass or violate Plaintiff and Plaintiff's family and friend's privacy.

**REQUEST NO. 37:**  Text messages, e-mails, tweets, or any and all social media posts (including but not limited to Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, and Pinterest) *that relate to, refer to, or concern the Filter, vena cava filters generally, your medical conditions, your recovery, your alleged damages, or Cook.*

**RESPONSE NO. 37:**  OBJECTION:  Plaintiff objects to this request as seeking email communications between Plaintiff and counsel.

*See* Ex. K, Plaintiff Fact Sheet, Section VIII(m) (emphasis added); *see* Ex. E, Plaintiff's Answers to First Set of Interrogatories, Answer No. 24; *see* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response No. 37 (emphasis added).

**[THIRD] REQUEST NO. 4:**  *An electronic copy* of your Facebook profile *in native file format,* including all folders, .html files, and photographs *contained in the facebook-janeedgemonhill.zip file downloaded on April 16, 2015 at 6:00 p.m.*

**[THIRD] RESPONSE NO. 4:**  Objection as Elizabeth Hill is no[t] [sic] aware of any court order or obligation to provide an electronic copy of her Facebook profile in native file format.  Furthermore, if this information is available in native file format, the information sought is an unacceptable invasion into Mrs. Hill's privacy.  All of the requested information has previously been provided to counsel for the Defendants as a PDF.

*See* Ex. N, Plaintiff's Response to Defendants' Third Set of Requests for Production, Response No. 4 (emphasis added).

**[THIRD] REQUEST NO. 5:**  *An electronic copy* of your Facebook profile in *native file format* including wall or timeline posts, messages, events, places, devices used, information about sessions (available on the "security" file), photographs, and/or videos that relate to, refer to, or *concern your travel to and from your vacation home in Tennessee, your travel of more than two hours*

- 5 -

> *away from your home, your relocation to Ft. Myers, your hobbies, your social activities, your claims against Cook, the Filter, vena cava filters generally, your medical conditions, your recovery, your alleged damages, or Cook from April 16, 2015, to present.*
>
> **[THIRD] RESPONSE NO. 5:**  Elizabeth Hill adopts her response and objections contained in Paragraph 4 above.

*See* Ex. N, Plaintiff's Response to Defendants' Third Set of Requests for Production, Response No. 5 (emphasis added).

First, the time period of Cook's requests is reasonable because it is limited to the period November 17, 2010 (the date the Cook IVC Filter was implanted in Plaintiff) to the present. This time period is proportional and relevant because it encompasses the date of implantation of Plaintiff's filter giving rise to this action through the period of Plaintiff's alleged injuries and recovery.

Second, the scope of Cook's requests for Plaintiff's Facebook information is reasonably limited with respect to the content of the information requested and is proportional to the needs of this case.  Here, Plaintiff claims that the Cook Celect IVC Filter is defective and caused her extensive injuries and damages.  *See* Ex. A, Plaintiff Profile Sheet, VII. CURRENT COMPLAINTS.  Among other things, Plaintiff claims that she has suffered and will continue to suffer loss of enjoyment of life, disability, and depression with increased anxiety, and will require ongoing medical care.  *Id.*  The Facebook information requested by Cook parallels Plaintiff's claims and her alleged injuries, damages, and limitations.  Specifically, Cook requests Plaintiff's Facebook information relating to her filter, her medical conditions, her recovery, her alleged damages, and Plaintiff's limitations, including her ability to travel and participate in hobbies and social activities.  Cook's requests are also reasonably tailored to the issues in this case because Cook specifically requests the electronic copy in native file format of the Facebook information downloaded on April 16, 2015 at 6:00 p.m. which was already produced by Plaintiff

- 6 -

as a PDF *and* provided to and considered by Plaintiff's expert, Leigh Ann Levy, in preparing her expert report. *See* Ex. J, Levy Report at 3 ("social media records – 04/16/15"). In requesting Plaintiff's Facebook information *from April 16, 2015 to the present* in native file format, Cook reasonably seeks to obtain specific and limited information about Plaintiff's *current* condition and alleged limitations.

Unlike the requests at issue in *Crabtree v. Angie's List, Inc.*, 2017 WL 413242, 2017 U.S. Dist. LEXIS 12927 (S.D. Ind. Jan. 31, 2017), Cook's requests are reasonably tailored and proportional to the needs of this case. Plaintiff has claimed extensive injuries, damages, and limitations, and Cook's requests proportionally reflect the scope of her claims.[3]

Also, the Court should order that Plaintiff produce her Facebook information in *native file format,* as opposed to just producing PDFs of such information. As more fully demonstrated in Cook's opening papers, a PDF is ***not*** the same as a native .zip file. A native .zip file includes discoverable information that a PDF does not. Among other things, the native file includes photos and metadata about the photos and the other contents of the file, including information about time, date, location, etc. that are not available in a PDF. Furthermore, production of native files does not impose an undue burden on Plaintiff because the native files should be available for production. Plaintiff's counsel necessarily must have had possession of a native file in order to make a PDF of the *portion* of Plaintiff's Profile that has been produced to date.

---

[3] Plaintiff's reliance on *Crabtree* is also otherwise misplaced. *Crabtree* is not instructive. The *Crabtree* Court was faced with the issue of the discovery of social media in the context of a claim for the allegedly wrongful denial of overtime compensation. It did not address discovery of social media in the context of a medical device personal injury action claiming extensive injuries, damages, and limitations.

Us.113518079

Case 1:14-ml-02570-RLY-TAB   Document 5616-1   Filed 08/03/17   Page 9 of 26 PageID #: 13550

The reciprocal nature of discovery also dictates in favor of native production. Cook was obligated to produce the native versions of many types of documents during discovery. It is equitable for Plaintiff to have the same obligation.

Finally, any objection by Plaintiff's counsel that production in native format is an "unacceptable invasion into Mrs. Hill's privacy" and that "[a]ll of the requested information has previously been provided to counsel for the Defendants as a PDF" ignores Plaintiff's own concession at her deposition that Cook needs and has a right to review her social media information. *See* Ex. L, E. Hill Dep. 220:8-221:13; 220:17-20 (confirming that Mrs. Hill is "fine" with giving Cook access to her Facebook information).

In sum, Plaintiff's Opposition changes nothing. Cook's requests for Facebook information are reasonable in time and scope. The requested information is relevant and proportional given Plaintiff's claims and her allegations of extensive injuries, damages, and limitations. Further, Plaintiff's privacy objections are unfounded as a matter of law and fact – especially in the face of Mrs. Hill's unequivocal statements allowing the disclosure of her Facebook information. The Court should compel Plaintiff to produce the requested Facebook information in native file format.

**C.     Medical Expenses (Interrogatory No. 5, Request No. 24)**

The parties have further conferred and resolved the outstanding issues related to the production of information about Plaintiff's medical expenses. In meet and confer conferences on July 27, 2017 and August 1, 2017, Plaintiff's counsel agreed to: (1) supplement Plaintiff's Response to Interrogatory No. 5 and provide the Cook Defendants with requested information about *the nature* of the medical services, expenses, financial losses, or damages identified in Plaintiff's discovery responses that Plaintiff claims are attributable to her Celect Filter; and (2)

- 8 -

Us.113518079

produce any receipts or other documents related to Plaintiff's out-of-pocket expenses. Contingent on Plaintiff's supplementation and production, this issue is moot.

### D. Insurance Policy and Subrogation Information (Interrogatory Nos. 6, 7)

Since the filing of Cook's Motion to Compel, Plaintiff has supplemented her discovery responses and the parties have further conferred and resolved the issue of the production of subrogation information.  Plaintiff recently produced copies of correspondence received from Medicare, the Rawlings Company, and BCBS regarding subrogation claims.  Further, in a meet and confer conference on July 27, 2017, Plaintiff's counsel, Joseph R. Johnson, agreed that Plaintiff would provide Cook with more legible copies of the subrogation documents. With Plaintiff's recent supplementation and contingent on Plaintiff's promise to provide more legible copies, this issue is moot.

### E. The Court Should Compel Plaintiff to Produce Communications Between Plaintiff and Any Third Party. (Request No. 8)

Cook's Request No. 8 seeks "any communication between Plaintiff or anyone acting on her behalf (including her attorney) to *any third party, including, but not limited to,* any doctor, medical staff, employer, defendants, governmental agency relating to the Filter, this action, or the allegations in this action." *See* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response No. 8.  Plaintiff did *not* raise any objections to this request in her Response.  However, she produced *only medical bills* in response to this request, a selective response that is improper and insufficient.  *See id.*  The pertinent request and response read:

> **REQUEST NO. 8:**  Any communication between Plaintiff or anyone acting on her behalf (including her attorney) to any third party, including, but not limited to, any doctor, medical staff, employer, defendants, governmental agency relating to the Filter, this action, or the allegations in this action.

**RESPONSE NO. 8:**  Attached are the following medical bills in our possession:

A.J. Bidani, M.D.
Surgical Associates of West Florida
Safety Harbor Surgery Center
Bellingar, D.O.; Gastro Florida
Jacome, M.D./Neurology Institute of Central Florida
Mease Countryside Hospital, DOS:  03/23/2011
Morton Plant Hospital, DOS:  08/12/2013
Suncoast Endoscopy
Dr. Hellstern and Dr. Chandrupatla
The Milton S. Hersey Medical Center, DOS:  08/21/2013.

The Court should compel Plaintiff to produce any additional responsive documents *beyond* her medical bills.

Plaintiff's Opposition raises for the first time a *new* objection claiming that in Request No. 8 Cook has failed "to describe the information to be produced with reasonable particularity." Opposition at 11-13.  The Court should reject Plaintiff's new objection out of hand and compel Plaintiff to produce any additional responsive documents.

Plaintiff's new failure to describe with "reasonable particularity" objection fails at the threshold.  Plaintiff has waived her new objection as a matter of law.  It is well-settled that an objection must be made at the time a party responds to a Rule 34 production request.  *See* Fed.R.Civ.P. 34(b)(2)(A)-(C); *e.g.*, *Jackson v. Clarkson Eyecare, Inc.*, 2010 WL 5014315, *1 (S.D. Ill. Dec. 3, 2010) ("[I]t is axiomatic that any objection not specified is waived if not timely lodged.").  An objection not raised at the time of a production response cannot be raised for the first time in connection with a response to a motion to compel.  *E.g., Jackson*, 2010 WL 5014315 at *1.

Even assuming for the sake of argument that Plaintiff's new objection was timely (which it is not), it still fails because Cook has described the requested information with "reasonable particularity."  Cook has described the third parties with reasonable particularity and by example.

- 10 -

Cook seeks communications between Plaintiff and any third parties, including doctors, medical staff, employers, defendants, and governmental agencies.  *See* Ex. C, Defendants' First Set of Requests for Production to Plaintiff, Request No. 8.  Cook also has defined with specificity the topics of Plaintiff's communications with third parties it seeks – *i.e.*, communications about the Filter, Plaintiff's action, or Plaintiff's allegations. *Id*.  Plaintiff cannot validly claim that she is not "upon reasonable notice of what is called for and what is not."  *See* Opposition at 11 - 13.

Finally, the Court should reject Plaintiff's attempts to create confusion as to this production request by her reference to Cook's definitions and Cook's use of the term "relating to."  *See* Opposition at 12, 13.  As the authorities cited in Plaintiff's Opposition point out, use of an omnibus phrase – such as "relating to" – to modify a sufficiently specific type of information or group of documents does not make a production request objectionable.  *See Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 260, 261 (E.D. Wis. 2013) (citations omitted).  Here, Cook's request seeks specific documents - Plaintiff's communications with any third parties such as doctors, medical staff, defendants, and government agencies about (*or "relating to"*) Plaintiff's filter, Plaintiff's action, or the allegations in Plaintiff's Complaint.  Use of the term "relating to" actually serves to specify the topics of Plaintiff's communications with third parties.  Again, Plaintiff and her counsel cannot validly claim that they are not "upon reasonable notice" of the documents and information Cook seeks.

The Cook Defendants urge the Court to order Plaintiff to fully respond to Request No. 8 and produce Plaintiff's communications with any third party, including, but not limited to, any doctor, medical staff, employer, defendants, or governmental agency relating to the Filter, this action, or the allegations in this action.  Plaintiff should not be allowed to just produce her medical records.   Further, Cook learned during recent medical treater depositions of

Us.113518079

communications between Plaintiff and third parties regarding Plaintiff's filter and her claims that were not previously produced (or disclosed) by Plaintiff.

**F.**   **The Court Should Compel Plaintiff to Produce Information About Evidence to Support Plaintiff's Claims Requested Through Interrogatories and Requests for Production to Which Plaintiff Initially Objected to as Being "Premature." (Interrogatory Nos. 11-16, Request Nos. 13-18)**

As demonstrated in its opening papers, Cook served interrogatories and document requests expressly seeking the identification and production of the information that Plaintiff believes support her claims.  The pertinent interrogatories and requests read:

**INTERROGATORY NO. 11:**  Describe each and every thing of which you are aware that supports your claim that the Filter was defective (*see* Complaint, Count I, ¶ 39), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.  Your response should include a statement of whether you contend that the Filter suffered from a design defect, a manufacturing defect, a failure to warn, or some other type of defect, and the nature of such alleged defect.

**INTERROGATORY NO. 12:**  Describe each and every thing of which you are aware that supports your claim that Cook failed to provide warnings of risks and dangers posed by the Filter (*see* Complaint, Count I, ¶ 40), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**INTERROGATORY NO. 13:**  Describe each and every thing of which you are aware that supports your claim that Cook "committed one or more breaches of their duty of reasonable care and were negligen[t] [sic]" (*see* Complaint, Count II, ¶ 46), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**INTERROGATORY NO. 14:**  Describe each and every thing of which you are aware that supports your claim that Cook's "marketing of the COOK Filter was false and/or misleading" (*see* Complaint, Count III, ¶ 54), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**INTERROGATORY NO. 15:**  Describe each and every thing of which you are aware that supports your claim that Cook "breached their express warranties and the implied warranties associated with the product" (*see* Complaint, Count III, ¶ 56), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

- 12 -

**INTERROGATORY NO. 16:**  Describe each and every thing of which you are aware that supports your claim for punitive damages (see Complaint, Count V [sic]), including all facts, documents, things, information, and individuals you believe have relevant information related to the claim.

**REQUEST NO. 13:**  Any and all documents you contend support or prove your claim that the Filter was defective (*see* Complaint, Count I, ¶ 39).

**REQUEST NO. 14:**  Any and all documents you contend support or prove your claim that that Cook failed to provide warnings of risks and dangers posed by the Filter (*see* Complaint, Count I, ¶ 40).

**REQUEST NO. 15:**  Any and all documents you contend support or prove your claim that Cook "committed one or more breaches of their duty of reasonable care and were negligen[t] [sic]" (*see* Complaint, Count II, ¶ 46).

**REQUEST NO. 16:**  Any and all documents you contend support or prove your claim that Cook's "marketing of the COOK Filter was false and/or misleading" (*see* Complaint, Count III, ¶ 54).

**REQUEST NO. 17:**  Any and all documents you contend support or prove your claim that Cook "breached their express warranties and the implied warranties associated with the product" (*see* Complaint, Count III, ¶ 56).

**REQUEST NO. 18:**  Any and all documents you contend support or prove your claim for punitive damages (*see* Complaint, Count V [sic]).

*See* Ex. B, Defendants' First Set of Interrogatories to Plaintiff, Interrogatory Nos. 11-16; *see* Ex. C, Defendants' First Set of Requests for Production to Plaintiff, Request Nos. 13-18.

This discovery is relevant because it goes directly to evidence about the product at issue, Plaintiff's claims, and Plaintiff's allegations.  *See* Fed. R. Civ. P. 26(b)(1).  Plaintiff did not object to this discovery on the basis that it was not relevant.  Instead, Plaintiffs' responses *initially* objected to each of these discovery requests claiming that were **"premature."**[4]

With the fast-approaching discovery deadlines and trial date, these discovery requests can no longer credibly be objectionable as "premature." Indeed, Plaintiff's Opposition implicitly

---

[4]   *See* Ex. E, Plaintiff's Answers to First Set of Interrogatories, Answer Nos. 11-16 ("OBJECTION: Plaintiff objects to this interrogatory as premature."); s*ee* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response Nos. 13-18 ("OBJECTION: Plaintiff objects to this request as premature.").

- 13 -

recognizes this.   Instead of arguing that such discovery requests are "premature" in her Opposition, Plaintiff now objects *for the first time in opposition to Cook's Motion to Compel* that such requests are "broad contention requests" and "contention interrogatories [that are] overbroad, oppressive, and exceed the scope of discovery." *See* Opposition at 15, 16.   The Court should reject Plaintiff's new objection and compel her to respond to these relevant discovery requests.

At the threshold, Plaintiff has waived her *new* objection as a matter of law.   Again, an objection must be made at the time a party responds to a discovery request or it is waived.   Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *see* Fed. R. Civ. P. 34(b)(2)(A)-(C); *e.g.*, *Jackson,* 2010 WL 5014315 at *1 ("[I]t is axiomatic that any objection not specified is waived if not timely lodged.").   Further, an objection not raised at the time of responding to discovery cannot be raised for the first time in response to a motion to compel.  *E.g., Jackson*, 2010 WL 5014315 at *1.

More importantly, *notwithstanding* Plaintiff's waiver of her *new* objection, Cook's "contention" interrogatories and requests are proper, and Plaintiff should be compelled to respond. Federal Rule of Civil Procedure Rule 33(a)(2) provides, in relevant part: "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."   Indeed, this Court recognized, "As the language of the rule makes clear, there is nothing improper about contention interrogatories.   Indeed, they are used 'routinely.'" *Kartman v. State*

*Farm Mutual Auto Ins. Co.*, 247 F.R.D. 561, 566 (S.D. Ind. 2007) (Baker, J.) (citing Fed. R. Civ. P. 33 advisory committee notes (2007)).   Further, as this Court recognized, the issue is *not whether* a party must respond to contention interrogatories, *but when* they must do so.  *Kartman*, 247 F.R.D. at 566.  "To put it another way, contention interrogatories must be responded to within the usual 30-day period unless a court, in its discretion, finds that the response time should be delayed."  *Id.*  With the trial of this matter set to begin on October 23, 2017, Cook respectfully requests that the Court compel Plaintiff to respond now.

Plaintiff's reliance on *Suszko v. Specialized Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 98788 (M.D. Fla. Jun. 27, 2017) is misplaced.  In *Suszko*, the plaintiff actually provided the defendant with "two lengthy responses" to each of the defendant's contention interrogatories.  *See Suszko*, 2017 U.S. Dist. LEXIS 98788 at *4.  It was only when the defendant sought "better responses" to the contention interrogatories in its motion to compel that the court denied the defendant's motion.  Here, Plaintiff has not responded to Cook's discovery at all.

Further, *Norco Industries v. CPI Binani, Inc.*, 2012 U.S. Dist. LEXIS 176588 (N.D. Ind. Dec. 13, 2012), and *FDIC v. Fidelity & Deposit Co. of Maryland*, 2013 U.S. Dist. LEXIS 163399 (S.D. Ind. Nov. 18, 2013) are not instructive.  Both cases dealt with the issue of whether various deposition topics were unduly burdensome or otherwise objectionable in the context of a 30(b)(6) deposition.  In fact, in granting the FDIC – Receiver's motion for protective order, the Southern District of Indiana recognized critical differences between contention interrogatories and a 30(b)(6) deposition.  The court found:  "As to topics 17 and 18, the topics are overbroad in that they seek factual bases for the answer of all interrogatories and all requests for admission. While **contention interrogatories** are recognized as a method of explaining a party's position prior to trial, the Magistrate Judge concludes that requiring the FDIC – Receiver to prepare

- 15 -

persons to testify as to the basis of those answers would be unduly burdensome." *FDIC*, 2013 U.S. Dist. LEXIS 163399 at *3-4 (emphasis supplied by the court).

The context here is markedly different.  Plaintiff does not need to produce a witness to testify on various topics.  Plaintiff only needs to respond with the assistance of her counsel to long outstanding production requests and contention interrogatories which this Court has recognized are used "routinely."  Plaintiff's claim of somehow being "forced" to present her case in chief in the context of responding to interrogatories and requests for production rings hollow.

Finally, the Court should reject Plaintiff's claim that she should not be required to respond to Cook's contention interrogatories and discovery because Cook has a number of alternative "discovery tools" available to it to investigate Plaintiff's claims.  Cook is entitled to use all discovery tools available to it in this multidistrict litigation.  Use of one or multiple discovery tools does not preclude the use of any other discovery tool.  Plaintiff should not be allowed to avoid responding to Cook's discovery in the first instance by claiming that it is "premature," and later be allowed to avoid responding to the same discovery by claiming it is unnecessary because Cook already has enough information available to it.  The Court should compel Plaintiff to respond to Cook's contention discovery.

### G.   Information and Documents About Advertising, Labelling, Statements of Cook, and Witnesses (Interrogatory Nos. 9, 18, 19, Request No. 1)

Since the filing of Cook's Motion to Compel, the parties have further conferred and resolved the outstanding issues related to the production of documents and information about advertising, labelling, statements made by Cook, and statements of witnesses.  In meet and confer conferences on July 27, 2017 and August 1, 2017, Plaintiff's counsel agreed to supplement Plaintiff's discovery responses and produce any documents or information relating to: (1) advertising or labelling related to the Filter seen by Plaintiff; (2) statements made by any

employee, representative, or agent of Cook related to the Filter or the allegations in the complaint; and (3) written or recorded statements of any witnesses.  Contingent on Plaintiff's timely supplementation and production, this issue is moot.

**H.     Information About When Mrs. Hill Contacted an Attorney as Requested in Her Deposition**

Since the filing of Cook's Motion to Compel, Plaintiff has provided Cook with the general time period when Mrs. Hill first sought legal advice concerning her Cook IVC Filter. According to a July 16, 2017 e-mail from Plaintiff's counsel, Joseph R. Johnson, to Andrea Pierson, Cook's Counsel: "Mrs. Hill first sought legal advice concerning her [C]ook IVC filter either in the last week of August or the first week of September 2013."  Provided that Plaintiff will provide that information through a discovery response – by way of an amendment to her deposition errata sheet, in response to an additional interrogatory, or otherwise – to *formally* confirm when Mrs. Hill first sought legal advice concerning her Cook IVC Filter, this issue is moot.

**I.     Information about Mrs. Hill's Handwritten Responses to Her Plaintiff Fact Sheet as Requested in Her Deposition**

The parties have further conferred about the production Mrs. Hill's handwritten responses to her Plaintiff Fact Sheet.  Cook has elected not to pursue production of Plaintiff's handwritten responses at this time but expressly reserves its right to revisit this issue.

**J.     The Court Should Deem Plaintiff's Claimed Privileges Waived Or, In the Alternative, Compel Plaintiff to Produce the Required and Long Overdue Privilege Log.  Under Any Circumstances, Plaintiff Should Be Compelled to Produce Any Non-Privileged Responsive Information and Documents. (Interrogatory Nos. 8, 20, Request Nos. 2, 12, 20, 27, 28, 29, 30, 37)**

Plaintiff's Opposition requests that the Court excuse Plaintiff's failure to timely respond to Cook's first discovery requests because of a calendaring or clerical error.  *See* Opposition at 24 ("In this case, the Plaintiff's attorney's staff unintentionally recorded the wrong date for the

- 17 -

response. This was a clerical error that resulted in an 11 day delay in serving the response[.]") It also requests that the Court take into account the impact of Hurricane Matthew on Floridians. Nevertheless, while Plaintiff's explanation might excuse her *delay* in responding to Cook's first discovery requests, it in no way excuses Plaintiff's *failures* to provide the required privilege log to Cook and produce any non-privileged documents responsive to the requests at issue.

Again, the questions and requests at issue and Plaintiff's responses are:

**INTERROGATORY NO. 8:** Describe all information, documents, or things relating to Cook or the Filter you received from any person or entity, including the nature of the information or documents, when you obtained them, and from whom or where you obtained them.

**ANSWER NO. 8:** OBJECTION: Plaintiff objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client and attorney-work product and consulting expert privileges. As worded, when the instructions provided by Defendant are considered, the interrogatory seeks all communications between Plaintiff and counsel and all information "relating to Cook or the filter" in possession of Plaintiff's counsel that was obtained at any time from any source. Further, the information sought is not limited to information in counsel's possession that is related to this Plaintiff or this Plaintiff's filter and thus, outside proper relevancy considerations and disclosure of such would violate the federal and state privacy interest of other individuals represented by Plaintiff's counsel.

**INTERROGATORY NO. 20:** Identify any individual who may be called as a witness at any trial, including both fact and expert witnesses, and, for each expert witness, provide a complete statement of all opinions to be expressed and the bases for each opinion, the data or other information considered by the individual in forming his or her opinions in the case, the qualifications of the individual to provide expert testimony, including a list of all publications authored by the individual within the last ten years, the compensation to be paid to the individual, and a list of any other cases in which the individual has testified as an expert at trial or by deposition within the preceding four years.

**ANSWER NO. 20:** OBJECTION: Plaintiff objects to this interrogatory as seeking attorney-work product regarding the identity of witness who may be called at trial and exceeding the proper scope of discovery for fact witnesses.

**REQUEST NO. 2:** Any and all documents that relate to, refer to, or concern any of the facts, allegations, injuries, or damages referred to in the Complaint.

- 18 -

**RESPONSE NO. 2:**  OBJECTION:  Plaintiff objects to this because in seeking documents that "relate to, refer to, or concern any of the facts, allegations, or injuries, or damages referred to in the Complaint," this request seeks communications between Plaintiff and counsel that are protected from discovery by the attorney-client privilege.  Further, because the request is not limited in time, it seeks documents created or containing information obtained following the time litigation was contemplated by Plaintiff's counsel and/or communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in Cook IVC litigation and protected from discovery by the attorney work-product privilege.

**REQUEST NO. 12:**  Any and all notes, diaries, calendar, or other documents made by you that relate to, refer to, or concern your medical conditions or any claim you assert in this lawsuit.

**RESPONSE NO. 12:**  OBJECTION:  Plaintiff objects to this request for "other documents" because it can be construed to seek communications between Plaintiff and Plaintiff's counsel.

**REQUEST NO. 20:**  Any and all documents that relate to, refer to, or concern the Filter.

**RESPONSE NO. 20:**  OBJECTION:  Plaintiff objects to this request for "Any and all documents that "relate to, refer to, or concern the Filter" as unduly broad and unlimited in scope so that it encompasses attorney-client communications, work product, communications with consulting experts, and communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in IVC litigation.

**REQUEST NO. 27:**  All statements (whether written or oral) of any employee, representative, or agent of Cook related to the Filter, and all documents and things that relate to, refer to, or concern any statement.

**RESPONSE NO. 27:**  OBJECTION:  Plaintiff objects to this request for statements "related to the Filter" and documents that "relate to, refer to, or concern any statement" as unduly broad and unlimited in scope so that it encompasses attorney-client communications, work product, communications with consulting experts, and communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in IVC litigation.

**REQUEST NO. 28:**  All documents relating to any test, inspection, or examination of the Filter.

- 19 -

**RESPONSE NO. 28:** OBJECTION: Plaintiff objects to this request for all documents "related to" as unduly broad and unlimited in scope so that it encompasses attorney-client communications, work product, communications with consulting experts, and communications between Plaintiff's counsel and counsel for similarly situated plaintiffs in IVC litigation.

**REQUEST NO. 29:** Any and all documents that relate to, refer to, or concern any witness you intend to call at trial, including both fact and expert witnesses. For each witness, include all documents, including but not limited to, reports, notes, files, and other documents and things created, received, or examined by the witness.

**RESPONSE NO. 29:** OBJECTION: Plaintiff objects to this request as seeking attorney-work product regarding the identity of witness who may be called at trial and exceeding the proper scope of discovery for fact witnesses.

**REQUEST NO. 30:** Any and all documents and things that you may introduce as exhibits at trial.

**RESPONSE NO. 30:** OBJECTION: Plaintiff objects to this request as premature because the deadline for exhibit lists has not been reached, as seeking work product regarding exhibits that "may" be introduce[d] and possible rebuttal exhibits.

**REQUEST NO. 37:** Text messages, e-mails, tweets, or any and all social media posts (including but not limited to Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, and Pinterest) that relate to, refer to, or concern the Filter, vena cava filters generally, your medical conditions, your recovery, your alleged damages, or Cook.

**RESPONSE NO. 37:** OBJECTION: Plaintiff objects to this request as seeking email communications between Plaintiff and counsel.

*See* Ex. E, Plaintiff's Answers to First Set of Interrogatories, Answer Nos. 8, 20; *see* Ex. F, Plaintiff's Response to Defendants' First Set of Requests for Production, Response Nos. 2, 12, 20, 27-30, 37.

Plaintiff does not raise objections to these Interrogatories and Requests based on relevance or proportionality. Rather, Plaintiff *refuses to produce any information or documents at all* based on blanket assertions that the Interrogatories and Requests sought information and documents that are privileged.

As demonstrated in Cook's opening papers, if a party withholds information otherwise discoverable by claiming that the information is privileged, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  In brief, the party must provide a privilege log.  The Court's Case Management Order #10 – Protocol Concerning Claims of Privilege and Work Product, Dkt. No. 520 ("CMO 10") (entered 7/10/2015) reaffirms these requirements. Further, Fed. R. Civ. P. 34(b)(2)(C) requires that an "objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and *permit inspection of the rest.*"  Fed. R. Civ. P. 34(b)(2)(C) (emphasis added).

*Plaintiff has failed to comply with every one of these requirements.*  Plaintiff has not provided Cook with a privilege log; she has not advised whether any documents are being withheld on the basis of her objections; and she has failed to produce any non-privileged documents that are responsive.  The circumstances of a clerical error leading to untimely responses does not excuse Plaintiff's failures – especially since Cook advised Plaintiff of her failure to supply a privilege log and other discovery deficiencies as early as October 20, 2016. *See* Ex. G, 10/20/2016 Letter from Cook counsel P. Reilly to Plaintiff's counsel J. Johnson.[5]

The Court should reject Plaintiff's bald claim that she somehow could not prepare a privilege log because the requested discovery is so overbroad that she cannot ascertain what

---

[5]   Cook's counsel continued good faith attempts to resolve these issues with Plaintiff and even sought intervention by the Court under its informal discovery dispute resolution procedures as recently as April 7, 2017 (*see* Ex. H, 4/7/2017 Letter  from Cook counsel A. Pierson to Magistrate Tim A. Baker (*without exhibits*)) and May 11, 2017.  *See* Ex. I, 5/11/2017 Letter from Cook counsel A. Campbell to Magistrate Tim A. Baker (*without exhibits*).

Cook wants.  *See* Opposition at 22.  Cook's discovery requests belie Plaintiff's claim.  As demonstrated earlier, Cook has described the requested information it seeks with "reasonable particularity."  Once again, Plaintiff cannot validly claim that she is not "upon reasonable notice of what is called for and what is not."  *See* Opposition at 11-13.

For example, Request No. 12 asks for "any and all notes, diaries, calendar, or other documents made by you that relate to, refer to, or concern your medical conditions or any claim you assert in this lawsuit."  Cook has described the specific types of documents it seeks from Plaintiff – *i.e.*, notes, diaries, calendars.  It also has described the specific topics of information it seeks within these documents – *i.e.*, information about Plaintiff's medical conditions or claims.  If any diary or calendar entry recounted a discussion between Plaintiff and her attorney, such information could be designated as privileged and recorded in a privilege log.  This is just one example of "reasonable particularity" in Cook's discovery requests.  Contrary to Plaintiff's allegations, the very nature of Cook's discovery requests did not somehow prevent Plaintiff from complying with her obligation to provide a privilege log.  Plaintiff simply chose to ignore her obligation to do so.

Plaintiff has failed to provide a privilege log or any other information to enable Cook and the Court to evaluate Plaintiff's claims of privilege.  *See Simpson v. City of Indianapolis*, 2015 WL 332750, *2, 2015 U.S. Dist LEXIS 8186 (S.D. Ind. Jan. 23, 2015) (Baker, J.) ("A privilege log serves an important purpose, providing opposing counsel and the Court the ability to evaluate the applicability of an asserted privilege.").  A privilege log is a required step to both assert and evaluate claims of privilege.  The Court should not excuse Plaintiff's failure.

Contrary to Plaintiff's suggestion, her failure to produce a privilege log here is not comparable or similar to the Indiana Metropolitan Police Department's ("IMPD") failure to

- 22 -

timely provide a privilege log in *Simpson v. City of Indianapolis*. In *Simpson*, this Court excused Defendant IMPD's failure and found no waiver because this Court and the parties all knew the nature of the specific documents at the heart of the dispute and claimed to be privileged. Here, the Court and Cook have no idea of what specific information and documents Plaintiff claims are privileged and what Plaintiff has withheld from production. Again, Plaintiff only asserts blanket claims of privilege without specificity and without a privilege log.

The Court should find that Plaintiff's failure to comply with the Rules and CMO 10 requiring a privilege log waived any protection from discovery and should compel her to produce the requested information and documents. *E.g., Miller v. City of Plymouth,* 2011 WL 1740154, *4 (N.D. Ind. May 5, 2011) ("[F]ailure to serve an adequate and timely privilege log may result in a waiver of any protection from discovery."); *e.g., Petrovic v. City of Chicago,* 2007 WL 2410336, *2 (N.D. Ill. August 21, 2007) ("Generally, the result of an inadequate privilege log is disclosure."); *see Stelor Productions, Inc. v. Oogles N Googles,* 2008 WL 5062786, *1 (S.D. Ind. Nov. 21, 2008) (objections not timely raised are waived). In the alternative, the Court should at the very least compel Plaintiff to (1) state whether she is withholding any documents based on a claim of privilege and (2) provide a privilege log for all the documents she has withheld on that basis. Under any circumstances, the Court should compel Plaintiff to produce any non-privileged information and documents responsive to the above discovery requests.

## III.   CONCLUSION

For all the foregoing reasons, the Cook Defendants urge the Court to enter an order compelling Plaintiff to fully and completely respond to the Cook Defendants' outstanding discovery requests and remedy the deficiencies in Plaintiff's discovery responses as set forth in the Cook Defendants' opening Brief in Support and this Reply Brief in Support.

Us.113518079

Respectfully submitted,

Dated:  August 3, 2017

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
Victoria R. Calhoon (# 28492-49)
Anna C. Rutigliano (# 32743-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com
E-Mail:  victoria.calhoon@faegrebd.com
E-Mail:  anna.rutigliano@faegrebd.com

Charles F. Webber (# 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minneapolis  55402
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
E-Mail:  chuck.webber@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

- 24 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiff will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

- 25 -