| | | |
|---|---|---|
| 2905 SACKETT STREET<br>HOUSTON, TEXAS 77098<br>713-522-5250<br>888-520-5202<br>713-535-7184 FAX | **MATTHEWS & ASSOCIATES**<br>ATTORNEYS & COUNSELORS AT LAW<br><br>WWW.DMLAWFIRM.COM | 244 FIFTH AVENUE # 2882<br>NEW YORK, NEW YORK 10001<br>212-726-1435<br>888-520-5202<br>FAX 713-535-7184 |

March 17, 2017

*VIA E-MAIL ONLY andrea.pierson@FaegreBD.com*

Ms. Andrea Pearson
Faegre Baker Daniels
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana 46204

> Re: In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation (Cook MDL 2570)
>
> Bellwether Plaintiffs Hill and Gage's Designation of Experts and Opinion Testimony.

In compliance with the Court's Case Management Orders and Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs Hill and Gage designate the following. The reports and Rule 26 requirements for the retained experts that are not served herewith via the provided ShareFile link are being served via separate electronic transmission(s). Per agreement of counsel, curriculum vitae for Dr. LaDisa and Dr. McMeeking are being served today, with reports due Monday, March 20, 2017.

**I.   Retained experts:**

> **Rebecca A. Betensky, PhD**
> Department of Biostatistics, Massachusetts General Hospital & Co-Director, Data Management and Statistics Core, Massachusetts Alzheimer's Disease Research Center & Professor of Biostatistics, Harvard T. H. Chan School of Public Health
> Massachusetts General Hospital
> 16th Street
> Building 114, Suite 2011
> Charlestown, MA 02129

EXHIBIT B

617-432-2821
Available deposition date:  April 21, 2017

**Michael Claude Fishbein, MD**
UCLA Medical Center, Santa Monica
Dept. of Pathology and Laboratory Medicine
10833 Le Conte Ave.
Los Angeles, CA 90095
310-825-9731
Available deposition dates:  April 11, 12, 13, or 14

**David Garcia, MD**
Professor of Medicine, Division of Hematology
University of Washington School of Medicine
1705 NE Pacific St., Box 356330
Seattle, WA 98195-6330
206-598-9006
Available deposition date:  April 17, 2017

**Robert W. Johnson, MBA**
and co-expert
**James A. Mills**
Robert W. Johnson & Associates
4984 El Camino Real, Ste. 210
Los Altos, CA 94022
800-541-7435
Available deposition dates:  May 9, 10 or June 1, 2017

**David A. Kessler, MD, JD**
University of California, San Francisco
2200 Post Street
San Francisco, CA 94115
415-929-1121
Available deposition dates:  June 30, July 1 or 2, 2017

**John LaDisa, PhD**
Associate Professor of Biomedical Engineering Marquette University
Adjunct Assistant Professor of Pediatrics and Cardiovascular Medicine
Children's Hospital and the Medical College of Wisconsin
1637 West Wisconsin Ave, room 311
Milwaukee, WI 53233
414-288-6739
Available deposition dates:  April 10, 11, or 12, 2017

**Leigh Anne Levy, RN, MSN, CLCP, CEN**
MediSys Rehabilitation, Inc

EXHIBIT B

5524 Bee Cave Rd, Suite A1
Austin, TX 78746
512-459-4315
Available deposition dates:  April 13 or May 4, 2017

**Alan Litsky, PhD**
Associate Professor, Biomedical Engineering, Orthopedics
Ohio State University
292 Bevis Hall
1080 Carmack Road
Columbus, OH 43210
614-292-5238
Available deposition dates:  April 25 or 26, 2017

**Alexander Marmureanu, MD**
Thoracic and Cardiovascular Surgery
UCLA Medical Center/CEO & President, California Heart & Lung Surgery Center
6253 Hollywood Blvd., #1108
Hollywood, CA 90028
310-208-4400
Available deposition dates:  June 26 or 28, 2017.

**Robert McMeeking, PhD**
Professor of Mechanical Engineering,
Tony Evans Professor of Structural Materials,
Department of Mechanical Engineering & Materials Department,
Engineering II, Room 2361A
University of California Santa Barbara
Santa Barbara CA 93106-5070
805-893-8434
Available deposition dates:  May 3, 4, or 5, 2017

**Reza Rajebi, MD**
Assistant Professor, Radiology-Interventional
University of Colorado Hospital (UCH)
3333 E. Bayaud Ave., Apt. 703B
Denver, CO 80209
315-396-4485
Available deposition dates:  May 17, 18, or 19, 2017

**Robert Ritchie, PhD**
Department of Materials Science and Engineering
University of California Berkeley
Department of Materials Science and Engineering
210 HMMB, MC 1660
University of California

Berkeley, CA 94720-1760
510-486-5798
Available deposition dates: April 19 or 21, 2017

II.  **Opinion testimony from individuals who have not been retained as experts:**

A.  **Plaintiff Elizabeth Jane Hill.**

Plaintiff Elizabeth Jane Hill intends to offer opinion testimony, as outlined below, from the following individuals who have not been retained as experts:

1.  **Bridget Bellingar, DO**
    7101 Park Street North
    Seminole, FL 33777
    727-397-1559

Specialty: Family Practice
Curriculum vitae is attached as Exhibit 2 to her deposition.

Summary of opinions that may not be expressed in medical records:

a.  Mrs. Hill never had a blood clot in in the 30 years that she has treated her.

b.  The reason Mrs. Hill had temporary IVC filter was for protection during her spinal surgery.

c.  Mrs. Hill had resolution of her abdominal issues once her gallbladder was removed in February 2013.

d.  Her treatment hasn't change since 1990. She defers to GI.

e.  For specialized care, she would refer the patient.

f.  A foreign body in the duodenum can produce projectile vomiting, the foreign body penetrating the duodenum is of clinical significance.

g.  A patient with venous stenosis probably would have venous insufficiency/congestion and would require a referral to a vascular specialist.

h.  Based on Dr. Lynch's medical records, Ms. Hill is probably at risk for development of venous insufficiency/congestion She had upper GI symptoms before and after the filter. However, the symptoms experienced and documented in the medical records of August 2013 were different than and related to her small intestines per the medical records which indicate projectile vomiting, abdominal discomfort, and distention.

EXHIBIT B

This disclosure is intended to summarize the facts and opinions to which Dr. Bellingar is expected to testify in compliance with Rule 26(a)(2)(C), and does not limit her ability to testify as to anything contained in his medical records or his deposition.

This treating physician's opinions are based on her education, training, and experience and personal examination and care of Mrs. Hill for over thirty years and are based upon Dr. Bellingar's review of the results of any diagnostic studies or tests, the results of which are included in this physician's records. For greater detail, please see the medical records and deposition testimony from this treating health care provider.

2. **Mark Zuzga, DO**
   Surgical Associates of West Florida
   1840 Mease Drive Suite 301
   Safety Harbor, FL 34695
   727-712-3233

Specialty: vascular surgery/interventional vascular surgery
Plaintiffs do not have his curriculum vitae. However, according to his entry at his employer's website, he received his bachelor's degree at Oakland University and his medical degree from Michigan state University. He completed a general surgery residency at Mount Clemens General Hospital in Michigan, and a vascular surgery fellowship at Deborah Heart and Lung Center in New Jersey. He completed an interventional endovascular fellowship at Union Memorial Hospital in Baltimore, Maryland. He is a member of the International Society of Endovascular Specialists.

Summary of opinions that may not be expressed in medical records.

   a. Ms. Hill had no history of a blood clot or PE.

   b. Ms. Hill had a temporary IVC filter implanted for protection during spinal surgery.

   c. The perforated duodenum was discovered in August 2013

   d. The strut perforating the duodenum was an unexpected event of clinical significance.

   e. Cook and its sales representative had had plenty of opportunities to provide important information to him re: the safety, risk, complications associated with the Cook Celect filter during numerous presentation by the Cook representative.

   f. Mrs. Hill is probably at risk for development of venous insufficiency/congestion.

   g. The IFU doesn't warn about penetration or perforation into adjacent organs.

EXHIBIT B

    h. If Cook had additional information about the safety of the Celect filter, it would have been important to inform him in order to conduct a risk-benefit analysis for my patients.

    i. The brochure for patients clearly indicates the filter can be retrieved 100% of the time.

    j. When placing the filter in Mrs. Hill, he would not have expected the filter to become embedded and then perforate the cava and penetrate the duodenum.

    k. No one from Cook instructed him regarding off label retrieval techniques.

    l. He successfully placed the Celect IVC filter in Mrs. Hill on November 17, 2010 without complication

    m. He believed that he would be able to successfully remove this temporary filter.

    n. He was unsuccessful in his attempt to retrieve the Celect filter implanted in Mrs. Hill.

    o. There was a fibrin sheath around the filter.

This treating physician's opinions are based on his education, training, and experience and personal examination and care of Ms. Hill, as well as his review of the diagnostic studies or tests, the results of which are in this physician's records. For greater detail, please see the medical records and deposition testimony from this treating health care provider.

Plaintiff reserved the right to introduce opinions from Ms. Hill's treating physicians, including those listed above and in **Exhibit A**, attached hereto, that were arrived at in connection with treatment of Plaintiff and as expressed in the medical records. Defendant was previously provided an authorization with which medical records could be obtained. If you wish to receive a copy of the records in Plaintiff's possession from any of the following, please advise.

    **B.**     **Plaintiff Arthur Gage.**

Plaintiff Arthur intends to offer opinion testimony, as outlined below, from the following individuals who have not been retained as experts:

    1.     **Paul Crisostomo, M.D.**
        Loyola University Medical Center
        2160 South First Avenue
        EMS Building 110, Room 3214
        Maywood, Illinois 60153
        708-327-2387

EXHIBIT B

Specialty: Vascular Surgery.
Curriculum vitae is attached as Exhibit 1 to his deposition.

Summary of opinions that may not be contained in medical records:

Dr. Crisostomo practices at Loyola University and has been one of Mr. Gage's primary treating physicians since November of 2013. Dr. Crisostomo will provide testimony with regard to his care and treatment of Mr. Gage, the malposition of the IVC filter and its implications for Mr. Gage, as well as his assessment of the removal of the IVC filter and the risks attendant thereto. This disclosure is intended to summarize the facts and opinions to which Dr. Crisostomo is expected to testify in compliance with Rule 26(a)(2)(C), and does not limit his ability to testify as to anything contained in his medical records or his deposition. Dr. Crisostomo's deposition has been taken, and his medical records and imaging has been obtained and exchanged by both parties. His Curriculum Vitae is attached.

Dr. Crisostomo has been one of Mr. Gage's primary treating physicians at Loyola University Medical Center from November 19, 2013 to the present. Mr. Gage was referred to him by Dr. Pangan, who is also at Loyola Medical Center.

He is familiar with Mr. Gage's medical history, although he has not reviewed Mr. Gage's medical records prior to his referral. He has reviewed many CT scans of Mr. Gage's abdomen and pelvis from 2013 to present, as well as one x-ray from 2012.

Dr. Crisostomo first saw Mr. Gage on November 19, 2013, when he presented with complaints of back pain. Dr. Crisostomo obtained a history from him, noting that Mr. Gage had prior abdominal procedures and an IVC filter. When he looked at the 2012 x-ray, the filter did not appear to be in a normal position so he obtained a CT scan at that time. From the CT scan ordered on November 19, 2013, he confirmed that the IVC filter is not positioned correctly and the struts extrude into the aorta, the right renal vein, near the duodenum and liver. Also noted is IVC stenosis or occlusion below the IVC filter. The filter is still malpositioned to this day.

The purpose of a vena cava filter is to prevent large clots from migrating from the lower extremities to the lungs. Maximum performance of a filter is achieved by centering the filter in the vena cava. The theory behind the IVC filter is that it stops the big clots from getting to the lung. The efficiency of the device is dependent upon the proper positioning of the filter. If it is not properly positioned, it is not as efficient from the standpoint of its clot-trapping capability. An improperly positioned filter could interfere with hemodialysis or blood flow and create stagnation within the bloodstream, which could lead to the formation of a thrombus. It is important that the patency of the flow out of the kidney through the renal vein into the inferior vena cava be

EXHIBIT B

maintained so that there is no interference with the function of the kidney. Interference with the blood flow out of the kidney would have an adverse effect on Mr. Gage, who already has renal insufficiency.

Mr. Gage had a history of deep vein thrombosis, a blood clot deep within the veins, which usually occur in the legs. A DVT can cause pain and swelling and can lead to pulmonary embolus. If someone develops a DVT, the standard treatment is therapeutic anticoagulation. The two indications for use for an IVC filter is contraindication to anticoagulation, or a failure on anticoagulation. Mr. Gage was on anticoagulation therapy at some point.

Mr. Gage has complained of pain throughout the time he has been Dr. Crisostomo's patient. Based upon his treatment of Mr. Gage, as well as his background, training and experience, it is the opinion of Dr. Crisostomo that the pain complained of by Mr. Gage was and is caused by the malpositioning of the IVC filter.

In arriving at his opinions, Dr. Crisostomo, performed a history and physical, obtained CT images, x-rays and ultrasound images, as well as physical exams. The CT scans of the abdomen and pelvis also look at the bony alignment of the back and other abdominal pelvic structures. From these scans, Dr. Crisostomo did not see any other obvious, gross causes for Mr. Gage's pain.

Dr. Crisostomo has had discussions with Mr. Gage regarding the removal of the filter. Traditionally filters are removed through the vein. However, because Mr. Gage's filter has been there for many years, it cannot be removed through the vein. The longer a filter is in place in the body, known as "dwell time", the greater the degree of difficulty in retrieving it. The reason it's hard to remove the filter after a longer dwell time is that usually there is ingrowth of endothelium from the vena cava onto the filter struts. The strut hole ends up being covered in endothelium and when an attempt is made to remove it, as a result of being there a long time, the surgeon is actually pulling part of the vena cava out. In addition thereto, if Mr. Gage's IVC filter was not perforating into other organs, it would be easier to remove. If there is perforation or penetration through the lumen of the vena cava into adjoining organs, that adds to the difficulty associated with the endothelialization. Perforation makes it more complicated and difficult. This is the case with Mr. Gage.

As to the future plans for Mr. Gage, if the IVC filter perforates an important structure such as the duodenum or the aorta, if it continues to propagate, it would have to be removed at that point and it would have to be done in an open fashion. The plan is not to remove it for as long as possible because of his multiple comorbidities.

The retrieval would be very difficult. He's had multiple prior abdominal procedures related to some of his cancers in the past. He is unhealthy. He has chronic kidney disease, stage 4/5. His

heart is not healthy. He would have a high mortality and morbidity risk with an open abdominal exploratory laparotomy. This procedure is not a straightforward, low-blood-loss procedure. There is a lot of blood loss when the surgeon clamps the IVC and removes it. The surgery could be potentially fatal. That's why the decision has been made to prolong the procedure until it's absolutely necessary.

    **2.**    **Antonio Pangan, M.D.**
           Loyola University Medical Center
           2160 South 1st Avenue
           Maywood, Illinois 60153
           630-985-4989

    Specialty: Internal Medicine
    Plaintiff does not have a copy of his curriculum vitae. His education and experience is described     below.

    Dr. Pangan is an internist at Loyola University Medical Center, as well as the Medical Director at Loyola Center for Health. Dr. Pangan will provide testimony with regard to his care and treatment of Mr. Gage, the malposition of the IVC filter, and his understanding of its implications for Mr. Gage. This disclosure is intended to summarize the facts and opinions to which Dr. Pangan is expected to testify in compliance with Rule 26(a)(2)(C), and does not limit his ability to testify as to anything contained in his medical records or his deposition. Dr. Pangan's deposition is currently scheduled for April 25, 2017. A complete copy of his medical records have been obtained and exchanged by both parties.

    Dr. Pangan attended medical school at the University of Massachusetts Medical School in Worchester, Massachusetts, and completed a residency in internal medicine and pediatrics at Rush-Presbyterian-St. Luke's Medical Center in Chicago, Illinois. He is board certified in internal medicine. In addition to his practice in general internal medicine and pediatrics, Dr. Pangan is an assistant professor at Loyola University Medical Center, and the Medical Director at Loyola Center for Health at Burr Ridge, located in Burr Ridge, Illinois.

    Dr. Pangan has been one of Mr. Gage's primary care physicians at Loyola University Medical Center from approximately May of 2011 to the present, and is familiar with his medical history. Dr. Pangan saw Mr. Gage a few days after the placement of his IVC filter. Mr. Gage presented with complaints of pain in his right upper abdomen which began the same day as the filter placement. Since that time, Mr. Gage has continued to experience right-sided abdominal pain, which Dr. Pangan believes is attributable to the placement of the IVC filter on April 27, 2011. After multiple exams and other studies, Dr. Pangan reached that conclusion as a result of the normal results from other studies and the images establishing that the IVC filter is tilted. In

EXHIBIT B

addition, Dr. Pangan has relied upon the experience and expertise of Dr. Paul Crisostomo, a vascular surgeon to whom Dr. Pangan referred Mr. Gage. It is Dr. Crisostomo's opinion that the pain Mr. Gage is experiencing in his right upper quadrant and portions of his back are related to the IVC filter, based upon his own treatment of Mr. Gage as well as CT scans showing the filter protruding through the vena cava wall.

Dr. Pangan has had discussions regarding the removal of the IVC filter with Dr. Timothy Larkin, a cardiologist from Edwards Hospital, as well as Dr. Crisostomo and they are each of the opinion that it would be very dangerous to remove the filter due to Mr. Gage's prior procedures and the state of his health. It could, in fact, be fatal. Dr. Pangan will testify that he has explained the risks to Mr. Gage and recommended that, instead, the best course of care is to continue to address Mr. Gage's pain issues.

Plaintiff reserved the right to introduce opinions from Mr. Gage's treating physicians, including those listed above and in **Exhibit B**, attached hereto, that were arrived at in connection with treatment of Plaintiff and as expressed in the medical records. Defendant was previously provided an authorization with which medical records could be obtained. If you wish to receive a copy of the records in Plaintiff's possession from any of Plaintiff's health care providers, please advise.

Very truly yours,

David P. Matthews

Enclosures

cc: (w enclosures)
John Schlafer (john.schafler@FaegreBD.com)
Jessica Cox (jessica.cox@FaegreBD.com)
Victoria Calhoon (victoria.calhoon@FaegreBD.com)

Ben C. Martin (bmartin@bencmartin.com)
Michael Heaviside (mheaviside@hrzlaw.com)
Joe Williams (jwilliams@rwp-law.com)
Joseph Johnson (jjohnson@babbitt-johnson.com)
Michael Gallagher (mike@gld-law.com)

EXHIBIT B

## Exhibit A – Hill List of Medical Providers

    Plaintiff may seek to introduce opinion testimony as reflected in the medical records of the following:

Bay Care Health System
701 6th Street South
St. Petersburg, FL 33701
(727) 823-1234

Bidani, A.J., MD.
8787 Bryan Dairy Road Suite 310
Largo, FL 33777
727-393-1155

Chandrupatla, Sreekanth, M.D./Gastroenterology Associates
6410 West Gulf to Lake Hwy
Crystal River, FL 34423
(352) 563-2450

Choudhry, Umesh, M.D.
920 South Myrtle Avenue STE A
Clearwater, FL 33756
(727) 347-0005

Citrus Memorial Health Systems
502 West Highland Blvd
Inverness, FL 34452
(352) 726-1551

Erickson, Kurt, M.D.
300 Pinellis St
Clearwater, FL 33756
(727) 446-5681

Gastro Florida
5335 66th N, Suite 1
St. Petersburg, FL 33709
727-347-0005

Jacome, Alfredo, M.D. / Neurology Institute of Central Florida
16065 South US Highway 441
Summerfield, FL 34491
352-861-5333

Mease Countryside Hospital
3231 McMullen Booth Road
Safety Harbor, FL 34695
727-725-6111

Milton Hershey Medical Center
500 University Drive
Hershey, PA 17033-0850
(717) 531-8055

Moreno, Anthony, M.D. / Moreno Spine & Scoliosis
1800 Mease Dr.
Safety Harbor, FL 34695
(727) 669-5300

Morton Plant Hospital
323 Jeffords Street
Clearwater, FL 33756
(727) 462-7000

Penn State College of Medicine Imaging Studies
500 University Drive
Hershey, PA 17033-0850
(717) 531-8055

Radiology Associates of Ocala/ Timberridge Imaging Center
9521 S.W. Highway 200
Ocala, FL 33481
(352) 491-3299

Safety Harbor Surgery Center
3280 North McNullen Booth Road Ste 100
Clearwater, FL 33761
727-787-3000

Suncoast Endoscopy
2089 Hawthorne St #100
Sarasota, FL 34239
(941) 952-1145

Suncoast Internal Medical Consultants
13644 Walsingham Road
Largo, FL 33774
(727) 595-2519

Exhibit A- Hill

EXHIBIT B

West Central Gastroenterology
5335 66th Street North
Clearwater, FL 33761
(727) 347-0005

Exhibit A- Hill                                                                 3

EXHIBIT B

## Exhibit B – Gage List of Medical Providers

Plaintiff may seek to introduce opinion testimony as reflected in the medical record of the following:

Adventist Bolingbrook Hospital
500 Remington Blvd.
Bolingbrook, IL 60440
630-312-5000

Bolingbrook Family Medicine
329 Remington Blvd., Suite 100
Bolingbrook, IL 60440
630-759-7800

DuPage Medical Group
809 Ogden Street
Lisle, IL 60532
630-469-9200

Edward Hospital
801 S Washington St.
Naperville, IL 60540
630-527-3000

Gastroenterology Services, Ltd.
3825 Highland, Ave. Suite 203
Downers Grove, IL 60515
630-969-1169

Good Samaritan Hospital
3815 Highland Ave.
Downers Grove, IL 60515
630-275-5900

Sushama Gundlapalli, M.D.
Suburban Gastroenterology Services
1243 Rickert Drive
Naperville, IL 60540
630-527-6450

Hinsdale Hospital
120 North Oak Street
Hinsdale, IL 60521
630-856-9000

Timothy Larkin, M.D.
801 S. Washington St, 4th Floor
Naperville, IL 60540
630-527-2730

Loyola University Medical Center (Medical Records and Imaging)
2160 S, 1st Ave.
Maywood, IL 60153
888-584-7888

Midwest Heart Specialists
3825 Highland Avenue
Downers Grove, IL 60515
630-719-4799

St. Mary's of Nazareth Hospital
2233 West Division
Chicago, IL 60622
312-770-2000

John H, Stoger Hospital
1901 W. Harrison St
Chicago, IL 60612
312-864-6000

Osco Pharmacy
1200 W. Boughton Road
Bolingbrook, IL 60440
630-759-1362

Exhibit B- Gage                                                                                              2

EXHIBIT B