`IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) | MDL No. 1:14-ml-2570-RLY-TAB  MDL No. 2570 |
| This Document Relates to Plaintiff(s) ) ) | |
| ARTHUR GAGE ) ) | |
| Civil Case No. 1:14-cv-01875-RLY-TAB ) | |

## PLAINTIFF ARTHUR GAGE'S RESPONSE TO COOK DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING OR, IN THE ALTERNATIVE, TO LIMIT DAMAGES

Cook Defendants' Motion to Dismiss for Lack of Standing or, In the Alternative, to Limit Damages should be denied. The Chapter 7 Trustee has filed the necessary paperwork to reopen the bankruptcy to allow Arthur Gage to amend Schedules B and C to disclose the lawsuit. Under Federal Rule of Civil Procedure 17, Plaintiff is afforded a reasonable time to cure the issue with the real party in interest in the matter. After the bankruptcy is reopened, the trustee will substitute as the real party at interest, at which point the 7th Circuit has made clear judicial estoppel does not apply.

Additionally, Defendants' request for judicial estoppel is unwarranted as the evidence shows the disclosure was in good faith. Defendants are incapable of meeting their burden of proof that Mr. Gage's failure to disclose this potential cause of action in his bankruptcy schedules was intentional and the result of bad faith. Defendants' contention that Mr. Gage hid the fact that he declared bankruptcy is unwarranted and misleading.  Further, due to the foreseen litigation costs,

1

limiting the damages as requested by Defendants would make the case economically unfeasible to pursue and would lead to the creditors recovering nothing.

## FACTS

Mr. Gage commenced this lawsuit on November 14, 2014, for injuries he suffered due to an IVC filter manufactured by Defendant Cook. Pursuant to the Case Management Order, Mr. Gage completed his Plaintiffs Profile Form on March 18, 2015.  Mr. Gage filed for Chapter 7 bankruptcy protection on August 10, 2015, with a separate attorney than in this civil matter. Mr. Gage was not aware that he was required to list as an asset a claim with an uncertain and unknown value. Until recently, Mr. Gage's civil attorneys were unaware of the contents of the bankruptcy filing. Mr. Gage filed for bankruptcy protection due to $18,800 in debt, of which $6,203 is attributable to Adventist and Edwards hospitals where Mr. Gage sought medical treatment for issues related to his IVC filter. *See* Exhibit A Schedule F of the bankruptcy petition.

On August 13, 2015, Mr. Gage was deposed for the first time. *See* Exhibit B. In this deposition Defendants never asked Mr. Gage whether he had ever declared bankruptcy. *See Id*. On January 9, 2017, Mr. Gage was again deposed and, for the first time since declaring bankruptcy, was asked whether he had ever done so.  He freely admitted to doing so. *See* Exhibit C. Defendants filed their Motion to Dismiss on July 13, 2017. On July 15, 2017, Plaintiff's counsel reached out to the Chapter 7 trustee in an effort to reopen the bankruptcy and correct the inadvertent omission of the current action from the bankruptcy. The trustee has agreed to reopen the bankruptcy and has already filed the motion to do so with the bankruptcy court. *See* Exhibit E. Once the case is reopened, the trustee will be substituted in as the real party at interest and pursue the claim on behalf of the creditors.

## ARGUMENT

The Court should deny Defendants' motion because Federal Rule of Civil Procedure 17 allows Plaintiff a reasonable time to correct an issue relating to whether the person who brought the suit is the real party at interest. Mr. Gage is reopening the bankruptcy and will amend his schedules to include the suit and substitute in the trustee as the real party at interest. After this is accomplished, judicial estoppel should not be applied to limit the amount of damages the trustee can recover. Moreover, estoppel is inapplicable and would be inequitable due to the fact that the omission was inadvertent. Estoppel would lead to the creditors recovering nothing, while denying Defendants' motion will allow an opportunity for the creditors to recover. Finally, the evidence shows that the omission by Mr. Gage was not made in bad faith, thus estoppel is inapplicable.

**A. The Court should not dismiss the case for lack of standing as Mr. Gage has standing under Article III of the Constitution, and should allow a reasonable time to correct the issue with the real party at interest as mandated by Federal Rule of Civil Procedure 17.**

For one to have Constitutional standing under Article III, a plaintiff must demonstrate a "distinct and palpable injury ... that is likely to be redressed if the requested relief is granted." *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 475 (1982). A plaintiff may satisfy the constitutional standing test, may still lack prudential standing. Prudential standing stems not from the Constitution, but from prudent judicial administration. *FMC Corp. v. Boesky*, 852 F.2d 981, 988 (7th Cir.1988). One of these instances includes when the wrong party at interest files suit as it could expose a defendant to multiple judgments for the same alleged injury. *See* FED. R. CIV. P. 17(a), Advisory Committee Notes (1966).

Unlike the constitutional standing inquiry, however, "the designation of the real party in interest entails identifying the person who possesses the particular right sought to be enforced." *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir.1992) (trustee in Chapter 7 bankruptcy is real party in interest); FED. R. CIV. P. 17(a). The real party at issue inquiry is mandated by Federal Rule of Civil Procedure 17(a). However, Rule 17 further prescribes the relief which is to be granted when the wrong party in interest files suit, stating "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." FED. R. CIV. P. 17(a)(3)

Mr. Gage clearly has standing under Article III as he had previously claimed a distinct and palpable injury traceable to the Defendants' conduct that is redressable by the relief requested. However, when he declared Chapter 7 bankruptcy, the trustee became the real party at interest in the case. Mr. Gage should be given time to correct the issue regarding the real party at interest, as Rule 17 is abundantly clear that a court should not dismiss the case, but give the party a reasonable time to ratify, join, or substitute the party at interest after objection.

### B. Limiting the damages of the trustee would operate as a windfall to Defendants and injure creditors.

Because the bankruptcy is being reopened and the trustee is being substituted, this court should not apply judicial estoppel to limit the amount of damages the trustee can recover. The 7th Circuit has made clear that judicial estoppel does not apply when the debtor omitted the claim from his bankruptcy schedule in good faith or when doing so might injure innocent creditors. Both of these scenarios are present here.

The 7th Circuit recognized judicial estoppel in the context of an intentional deception in omitting a claim from a bankruptcy petition in *Cannon–Stokes v. Potter*, where the plaintiff never listed their civil suit in their bankruptcy and never attempted to reopen the bankruptcy so as to list it.[1] *See* 453 F.3d 446 (7th Cir.2006). Courts do not apply judicial estoppel for the benefit of the defendant, but to try to protect courts and creditors from deception and manipulation. *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014). Moreover, "debtors who make innocent errors should not be punished by loss of their choses in action when they turn the claims over to the Trustees." *Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 360 (7th Cir. 2015).

The *Metrou* Court re-examined judicial estoppel as it was announced in *Cannon-Stokes*. The plaintiff was injured at work, after which he declared bankruptcy but did not disclose any tort claims and received a discharge from the bankruptcy court. *Id.* at 358. The defendants filed a motion to judicially estopp the plaintiff, in response to which the bankruptcy was reopened and the plaintiff moved to replace the plaintiff with the trustee in the action. The district court ruled that the trustee's "recovery could not exceed the value of the debts that had not been paid." The trustee subsequently filed an interlocutory appeal. *Id*. at 359. The question for the appellate court was whether "the right to turn the *whole* tort claim over to the Trustee in bankruptcy expires as soon as defendants in the tort suit discover the omission from the bankruptcy." *Id*. (emphasis in the original).

---

[1] In *Cannon-Stokes* the court found significant that the plaintiff never attempted to reopen the bankruptcy so as to try and pay their debt. In this regard the court stated, "[a]nd if Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that it had been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. Cannon-Stokes never did that; she wants every penny of the judgment for herself." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006)

The appellate court held that the district court erred in applying judicial estoppel. *Id.* The court stated that the trustee is entitled to pursue the claim, and it is irrelevant to the trustee's claim whether the debtor should have revealed the claim to the bankruptcy court. Further, "[r]educing the stakes in the tort suit could injure the creditors." The court concluded that a determination as to whether the plaintiff tried to hide the claim was more appropriately considered by the bankruptcy judge. The court further stated:

> Allowing the tort suit to proceed without a damages cap will ensure that the creditors receive their due—for the full stakes will allow the Trustee to hire counsel to take the suit on a contingent fee. If it turns out that [the plaintiff] was trying to deceive his creditors, the bankruptcy judge may decide to give the creditors a bonus, or perhaps to return any excess to the defendants in this tort suit. Either way, the creditors will escape injury at [the plaintiff's] hands because it will remain economically feasible to prosecute the tort suit. *Id.*

*Metrou* made clear that estoppel does not apply when *either* the omission is in good faith or reducing the damages could injure the creditors. Rather, the Court should allow the entire case to proceed and allow the bankruptcy court to determine how the funds will be distributed after any recovery has been realized. Estopping the amount of recovery will prevent any recovery on behalf of creditors and result solely in a benefit for the Defendants. Therefore Defendants' motion should be denied.

### C. Additionally, the Court should not limit damages because the evidence shows the omission was not in bad faith.

Judicial estoppel is an equitable doctrine and may be invoked by a court at its discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). However, judicial estoppel is inappropriate when an omission is due to accident or mistake. *Id*. See also *Matter of Cassidy*, 892 F.2d 637, 642 (7th Cir. 1990). An inconsistent argument sufficient to invoke judicial estoppel must be attributable to intentional wrongdoing. Judicial estoppel is "an equitable doctrine to be applied flexibly with an eye toward protecting the integrity of the judicial process," and it is governed by "no precise or

6

rigid formula." *Jarrard v. CDI Telecomm., Inc.*, 408 F.3d 905, 914 (7th Cir.2005). See *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428 (7th Cir.1993)

"Judicial estoppel is an extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 365 (3d Cir. 1996). "It is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims." *Id*. "Judicial estoppel is not a sword to be wielded by adversaries unless such tactics are necessary to secure substantial equity." *Id*. Further, "honest mistakes and oversights are not unheard of, so incomplete schedules cured by a disclosure that causes the trustee to decide to abandon a debtor's claim are not necessarily fatal." Importantly, it is not equitable to employ estoppel to injure creditors. *Cannon-Stokes* 453 F.3d 448.

As opposed to Defendants' contention, the evidence suggests that the omission by Mr. Gage was due to inadvertent omission and not intentional deceit. When Mr. Gage filled out his Fact Sheet, it was indeed true that he had not declared bankruptcy as he stated in response. Defendants also point to Interrogatory number 3, asserting that the question as phrased called for the disclosure of his bankruptcy. The court in *Lujano*, where a similar situation occurred, considered this issue with substantively the same language and decided that the language of the request under the common legal understanding does not include the filing of bankruptcy. *Lujano v. Town of Cicero*, No. 07 C 4822, 2012 WL 4499326, at *1 (N.D. Ill. Sept. 28, 2012). Defendants next point to the fact that Mr. Gage was deposed several days after he declared bankruptcy. While this is true, he was never asked in the deposition if he had declared bankruptcy. The first time he was asked about the bankruptcy was in his second deposition, to which he unequivocally stated that he had. Moreover, after Defendants brought the fact of the omission to light in their motion

filed on July 13, 2017, the trustee was contacted on July 15, 2017 to reopen the proceeding, which is now in process.

Additionally, Defendants' own expert has stated in his report that:

> Finally, there is evidence to suggest that Mr. Gage may be experiencing cognitive processing problems and, possibly, cognitive decline or even a dementia. The compelling evidence for this is his incredibly poor memory for even important events in his life, such his filing for bankruptcy or the date of his divorce as well as the names of his doctors and medications. He reportedly has trouble keeping his medications straight requiring a visiting nurse or nurse practitioner to set-up his meds in daily boxes. In addition, consistent with cognitive decline is evidence that his ability for abstract thinking seems quite poor when he has trouble thinking through and answering even simple questions in the deposition. He

*See* Exhibit D.

While Plaintiff does not necessarily agree with the opinions stated in the report of Defendants' expert, their contention as to his poor cognitive ability does not support the contention that he concealed information intentionally as a plan to deceive the bankruptcy court. Rather, Mr. Gage simply did not understand that he needed to list a potential recovery in a case where he did not know the value. Additionally, the fact that the first time he was asked regarding his bankruptcy he freely admitted to it, coupled with the fact that he swiftly sought to reopen the bankruptcy, constitutes compelling evidence that the omission was due to a simple omission and not intended to defraud the court. Moreover, the bankruptcy court will have the opportunity to review his omission and determine the manner in which funds will be distributed after any recovery and can consider the omission at that time. *Metrou*, 756 F.3d 360. Therefore, the court should deny Defendants' motion.

## CONCLUSION

Mr. Gage has constitutional standing to pursue this action. Rule 17 makes clear that in this scenario the party has a reasonable amount of time to cure the issue and, if he does so, the case progresses as if there was not an issue with the real party at interest. The necessary filings to reopen his Chapter 7 bankruptcy have been filed with the bankruptcy court. The 7th Circuit has made clear that in this scenario the trustee should be allowed to pursue the action without limitations and allow the bankruptcy court to determine if the debtor can recover any excess. Additionally, the evidence shows that the omission was a result of inadvertence, not intentional deceit. Combine this with the fact that if damages are limited to the amount requested, it would be economically unfeasible to pursue the action. Allowing the trustee to pursue the claim in full will allow creditors the opportunity to recover. Equity would only be served by denying Defendants' motion and allowing the bankruptcy court to address any perceived misconduct related to the bankruptcy.

Accordingly, this Court should deny Defendants' motion in full.

Respectfully submitted,

*/s/ Michael T. Gallagher*

Michael T. Gallagher
Federal Bar No. 5395
The Gallagher Law Firm, LLP
2905 Sackett Street
Houston, Texas 77098
(713) 222-8080
(713) 222-0066 - Facsimile
donnaf@gld-law.com
pamm@gld-law.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record listed below via First Class Mail, facsimile transmission, or electronic mail on August 3, 2017.

Andrea Roberts Pierson
J. Joseph Tanner
Jessica Benson Cox
Nicholas B. Alford
**FAEGRE BAKER DANIELS LLP**
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
andrea.pierson@faegrebd.com
joe.tanner@faegrebd.com
jessica.cox@faegrebd.com
nicholas.alford@faegrebd.com

Ben C. Martin
**LAW OFFICE OF BEN C. MARTIN**
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219

David P. Matthews
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX  77098
dmatthews@thematthewlawfirm.com

                                                */s/ Michael T. Gallagher*
                                                _____
                                                Michael T. Gallagher