UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>_____<br><br>This Document Relates to:<br>1:17-cv-06058-RLY-TAB | 1:14-ml-02570-RLY-TAB<br>MDL No. 2570 |

### PLAINTIFF'S MOTION TO RECONSIDER ORDER OF DISMISSAL

COMES NOW Plaintiff, and for her Motion to Reconsider the Court's Order of Dismissal, respectfully apprises this Court as follows:

**I.   Introduction**

Recently, the Court granted Defendants' motion to dismiss, based on a lack of personal jurisdiction. For numerous separate and independently adequate reasons, the Court should vacate its order of dismissal and allow further proceedings.

First, Defendants' motion was filed in the Missouri courts, and premised on a lack of personal jurisdiction in the State of Missouri. But the Judicial Panel on Multidistrict Litigation subsequently ordered transfer of the case to this Court. Unquestionably, this Court has personal jurisdiction over Cook. Defendants' motion was rendered moot immediately upon transfer and should be denied on that basis.

Second, even if some jurisdictional questions remain, the Court should facilitate transfer the case or allow opportunity for transfer so as to cure any purported defect. As further discussed herein, *Lexecon* poses no impediment and is inapposite in these circumstances.

1

Third, Defendants have not shown a lack of specific personal jurisdiction. At best, their arguments and submissions relate only to general jurisdiction. In the recent words of the Supreme Court, "specific jurisdiction is very different." At a bare minimum, Plaintiff should be allowed to conduct discovery on the issues relevant to specific personal jurisdiction.

## II. Procedural History

The Judicial Panel on Multidistrict Litigation formed the instant Cook MDL on October 14, 2017. It chose to this Court, the United States District Court, Southern District of Indiana, in large part because Defendants are headquartered in Indiana. Doc. 1 at 2-3 (Case No. 1:14-ml-02570-RLY-TAB).

Defendants removed Ms. Fernandez's case to the United States District Court, Eastern District of Missouri, on February 17, 2017. While the case was pending before that Court, Defendants filed a motion to dismiss for lack of personal jurisdiction in Missouri, claiming that Defendants are not subject to personal jurisdiction in Missouri. Docs. 8, 9. Noting a long history of favorable precedent, Plaintiff responded in part by requesting transfer of the case to an alternate venue, curing any jurisdictional disputes. Doc. 10 at 6.

While those matters were still pending, the J.P.M.L. transferred the case to this Court. Doc. 12. This Court subsequently granted Defendants' motion on the grounds that Defendants are not subject to personal jurisdiction in Missouri. Doc. 24. It is this order which Plaintiff respectfully requests the Court reconsider and vacate.

## III. The Motion Should Be Denied As Moot

Defendants' motion should be denied as moot. There is absolutely no question that this Court, the United States District Court, Southern District of Indiana, has personal jurisdiction over Defendants. Whether Defendants are also subject to personal jurisdiction in any court in Missouri

became a moot issue once the case was transferred to this Court.  When a case is transferred from a venue where there is arguably no personal jurisdiction over defendants, to a court where there is unquestionably personal jurisdiction, then the entire issue becomes a dead letter.  It is error for a court which *does* have personal jurisdiction to nonetheless dismiss the case for a lack of the same.

That was amply established by the United States Supreme Court in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962), which Plaintiff previously cited.  There, plaintiffs brought an action against the defendants in the United States District Court, Eastern District of Pennsylvania. *Id.* at 464.  Defendants argued they were not subject to personal jurisdiction in Pennsylvania.  *Id.*  The case was then transferred to the United States District Court, Southern District of New York, where defendants could be found and where they transacted business.  *Id.*

Certain defendants subsequently appealed, claiming that because the Pennsylvania court lacked personal jurisdiction, the case should be dismissed in the New York court.  *Goldlawr,* 369 U.S. at 464.  The District Court in New York agreed and dismissed the case.  *Id.* at 465.  On appeal, the United States Court of Appeals, Second Circuit, affirmed.  *Id.*

The Unites States Supreme Court held this to be error, and reversed.  *Goldlawr,* 369 U.S. at 467.  The Court noted a clear intent and "general purpose" in the law to avoid "time consuming and justice-defeating technicalities" – such as the dismissal of a complaint even after it has been transferred to a court which properly has personal jurisdiction over the defendants.  *Id.* at 466-67.  Congress clearly also supports this result:

> The problem which gave rise to the enactment of the section[1] was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn.  Indeed, this

---

[1] The case in *Goldlawr* was transferred pursuant to 28 U.S.C. §1406 instead of 28 U.S.C. §1407.  For present purposes, though, that is a distinction without a difference.  As a transferee court, either this Court has personal jurisdiction over Defendants, or it does not.  Unquestionably, it does, just as in *Goldlawr*.

3

>case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that they 'transact * * * business' in the Eastern District of Pennsylvania. The language and history of 1406(a), both as originally enacted and as amended in 1949, show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice.

*Goldlawr*, 369 U.S. at 466.

The same result should obtain here for exactly the same reasons. This Court, the Court where the case was transferred, has personal jurisdiction over Cook. Whatever personal jurisdiction arguments Cook wanted to make regarding Missouri were mooted when the case was transferred here, the United States District Court, Southern District of Indiana – a Court with personal jurisdiction over Defendants.[2] Any other result makes no sense and does not accord with substantial justice in any way.

## IV. In the Alternative, the Court Should Transfer the Case

In the alternative, the Court should transfer the case. There are a variety of procedural devices which suggest themselves.

Most poignantly, 18 U.S.C. §1406 and/or 18 U.S.C. §1631 suggest themselves as being enacted for precisely the circumstances present here. As already explained at length, per *Goldlawr*, there is a strong policy both at law and in the statutory scheme enacted by Congress to avoid "justice-defeating technicalities." *Goldlawr*, 369 U.S. at 467.

In its order, the Court expressed concern that *Lexecon* would not allow transfer by this Court. Plaintiffs offer two thoughts on that.

First, the circumstances presented by *Lexecon* were a far cry from the present situation. *Lexecon* only dealt with 18 U.S.C. § 1404 self-referral by the MDL transferee court for trial

---

[2] If and when the case is ever transferred for trial, it may be that it should go somewhere other than Missouri. But that is a question for another day. Here and now, this Court has personal jurisdiction over Defendants.

4

purposes. Trial venue is not under consideration here; indeed, not even pretrial discovery is being considered ("coordinated or consolidated pretrial proceedings" in the language of §1407 / *Lexecon*). The case is merely at the pleadings stage. Nothing in the reason or rationale of *Lexecon* prohibiting self-transfer for trial purposes should be read as any way deleterious to the important policy considerations expressed in 18 U.S.C. §1406 and/or 18 U.S.C. §1631.

Even if the Court felt duty-bound to read *Lexecon* broadly, as absolutely forbidding this Court to transfer this case directly, that does not foreclose a fair and just resolution. The Court should still vacate its dismissal and either (1) recommend to the JPML that the Panel transfer this case under the circumstances (which Plaintiff respectfully requests of the Court) or (2) allow Plaintiff ample opportunity to make such request to the JPML herself. These issues have not been the subject of extensive past judicial discussion and written opinion. Justice and an eye toward the important polices previously discussed dictates that Plaintiff should be allowed wide latitude to seek a remedy, in balance of all the circumstances.

At the end of the day, interpreting *Lexecon* to completely prohibit transfer for just cause, such as under §1406 and/or §1631, would work a completely perverse result. Essentially, it would institute a scheme whereby every average, run-of-the-mill case could avail itself of these important procedural safeguards, and the important policy choices they reflect, *except* cases transferred to an MDL. But why would that be? There is no basis in law, logic, or fairness to devise such an irrational rule. Every consideration militates *against* such a result, it being the epitome of a "justice-defeating technicality." *See Goldlawr*, 369 U.S. at 467.

Accordingly, there appear to be several options open to the Court. Plaintiff respectfully requests the Court vacate the dismissal and allow one or more of these options to be pursued.

### V.     Plaintiff Should Be Allowed to Pursue Discovery as to Specific Jurisdiction

As already explained, this Court has personal jurisdiction over Defendants. As such, there are no issues of personal jurisdiction pending in this case.

However, should some issues be considered remaining, Plaintiff should be allowed to pursue her theory of specific personal jurisdiction over Defendants. This furnishes an independent, separate, and adequate basis for vacating the order of dismissal.

Plaintiff has previously raised the issue of specific personal jurisdiction. *See e.g.* Doc. 10 at 3. It is undisputed that Cook "engage[s] in a continuous and systematic course of business in the state of Missouri by designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing medical devices, including Defendants' IVC filters, throughout the state." *Id.* (alteration added). As the recent guidance from the United States Supreme Court in *Bristol-Myers Squibb Co. v. Superior Court of Calif., San Francisco Cnty., et al.,* -- U.S. --, 137 S.Ct. 1773 (2017), demonstrates, such facts are sufficient to establish personal jurisdiction or at least engage in discovery regarding the same.

*Bristol-Myers* was a pharmaceutical case wherein residents of various states sought to sue defendant in California over its drug Plavix. *Bristol-Myers*, 137 S.Ct. at 1778. Ultimately the Court found that personal jurisdiction was lacking. However, it did so only after establishing at the forefront of its opinion that numerous relevant factors were not present in the case. Specifically, the Court established that Bristol-Myers: (1) did not develop Plavix in California; (2) did not create a marketing strategy for Plavix in California; (3) did not manufacture Plavix in California; (4) did not label Plavix in California; (5) did not package Plavix in California; and (6) did not work on the regulatory approval of Plavix in California. *Id.*

The Court did not conclude that those factors were exclusive, either, as the nature of

specific personal jurisdiction would not admit of such specificity.  What is important in the analysis is the connection between the forum and the defendant's activities specifically relating to the harm at issue (in that case Plavix; here, IVC filters).  *Bristol-Myers*, 137 S.Ct. at 1779-82.  There must be "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum state."  *Id*. at 1781 (internal quotations and alterations omitted).

Further, it is only connections concerning the underlying controversy – *e.g.*, the drug at issue – which matter.  Defendant's "unconnected activities," *Bristol-Myers*, 137 S.Ct. at 1781 – whether conducted in the State or not – are meaningless to the inquiry.  "[M]atters unrelated to Plavix" were irrelevant.  *Id.* at 1781.

Cook has failed to offer any evidence in support of its claims, or contrary to the uncontradicted pleadings of Plaintiffs as set forth above.  All Cook has provided are statistics regarding its generic activities in Missouri compared with its generic activities worldwide.  *See e.g.* Doc. 4949-1 (Case No. 1:14-ml-02570-RLY-TAB) (comparing Cook's entire sales for all product lines worldwide with entire sales for all product lines in Missouri).

But while Cook's assertions may speak to general jurisdiction, as *Bristol-Myers* points out, they have nothing to do with specific personal jurisdiction.  "Specific jurisdiction is very different."  *Bristol-Myers*, 137 S.Ct. at 1780.

Accordingly, Plaintiff should be allowed jurisdictional discovery to continue fleshing out the connection between Cook's IVC filter and Missouri.  All relevant issues remain viable and uncontradicted, including but not limited to (1) development of Cook's IVC filters; (2) creation of a marketing strategy for Cook's IVC filters; (3) manufacture of Cook's IVC filters; (4) labelling of Cook's IVC filters; (5) packaging of Cook's IVC filters; and (6) the regulatory approval of

Cook's IVC filters.

Plaintiff has demonstrated that jurisdictional discovery regarding specific personal jurisdiction should be allowed, and the order of dismissal should be vacated. However, to the extent that Cook previously submitted a (totally irrelevant) affidavit, it should be noted that the issues involved in a specific personal jurisdictional analysis are too broad and multifaceted to be commonly amenable to resolution by mere affidavit. Indeed, standing alone, Cook's mere "development" of its IVC filters raises a host of collateral questions: Were Missouri medical schools involved in any capacity? Were Missouri doctors involved in any capacity? What about Missouri product engineers? Were clinical trials conducted in whole or in part in Missouri? Were Missouri test subjects employed? It is improbable, to say that least, that such nuanced inquiries could be resolved devoid of the opportunity for cross-examination. Certainly they cannot be here.[3]

Cook has done nothing to support its motion to dismiss as it relates to specific personal jurisdiction. As such, the dismissal order should be vacated and jurisdictional discovery should proceed.

## VI. Conclusion

Defendants' motion was filed in the Missouri courts and premised on a lack of personal jurisdiction in the State of Missouri. But the Judicial Panel on Multidistrict Litigation subsequently ordered transfer of the case to this Court. Unquestionably, this Court has personal jurisdiction over Cook. Defendants' motion was rendered moot upon transfer and should be denied on that basis.

Further, even if some jurisdictional questions remain, the Court should facilitate transfer the case or allow opportunity for transfer. *Lexecon* cannot reasonably be interpreted to prohibit

---

[3] Recall that the Cook entities are privately owned. *See* Doc. 10 at 5.

important remedies available to every other litigant, just because a case happened to be quickly transferred to an MDL. To do so would defeat all logic and fairness.

Finally, Defendants have not shown a lack of specific personal jurisdiction. At best, their arguments and submissions relate only to general jurisdiction. In the recent words of the Supreme Court, "specific jurisdiction is very different." At a bare minimum, Plaintiff should be allowed to conduct discovery on the issues relevant to specific personal jurisdiction.

WHEREFORE, Plaintiffs respectfully request the Order of the Court vacating its order dismissing this case, allowing further proceedings as specified herein, and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

THE DRISCOLL FIRM, P.C.

By: */s/ Gregory J. Pals*
John J. Driscoll #54729MO
Gregory J. Pals #48820MO
**The Driscoll Firm, P.C.**
One Metropolitan Square
211 North Broadway, 40th Floor
St. Louis, MO 63102
314-932-3232 – Telephone
314-932-3233 – Facsimile
john@thedriscollfirm.com
greg@thedriscollfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties.

*/s/ Gregory J. Pals*
Gregory J. Pals, #48820MO