UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to the Following Actions only:

    Elizabeth Jane Hill
    No. 1:14-cv-06016-RLY-TAB

    Arthur Gage
    No. 1:13-cv-01875-RLY-TAB

### THE COOK DEFENDANTS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL (RAJEBI)

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court to maintain under seal Exhibits A through F and J to the Cook Defendants' Memorandum in Support of Motion to Exclude Expert Opinions of Dr. Mohammad Rajebi ("Memorandum"). In support of this motion, the Cook Defendants state:

**LEGAL STANDARD**

1.    Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained

---

[1]    The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants").

1

under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2. Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act.[2] *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[3] Under this standard, a protectable trade secret has four characteristics: (1) information; (2) that derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. *See, e.g.*, *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, (S.D. Ind. 2001); *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245–46 (Ind. Ct. App. 2001); *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000).

3. Confidential business information that does not technically fit the definition of a trade secret is entitled to protection if its disclosure would be harmful physically or economically. *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1–3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").

---

[2] The presence of Cook's headquarters in Indiana justified the application of Indiana trade secret law to the issues here, because Indiana is the state where Cook would feel any injury or harm. *See, e.g.*, *Micro Data Base Sys., Inc. v. Dharma Sys., Inc.,* 148 F.3d 649 (7th Cir. 1998) (applying Indiana choice-of-law principles in a trade-secret case and holding that New Hampshire substantive law governed because the entity holding the trade secrets was headquartered there).

[3] The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

4. Good cause likewise exists to protect private health information from public disclosure. *See Cole*, 2017 WL 2929523, at *3. As explained below, the Cook Defendants are cautious not to disclose such information until it is clear the patient consents to such disclosure.

5. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENTS SOUGHT TO BE SEALED

6. The Cook Defendants' Memorandum in Support of Motion to Exclude Expert Opinions of Dr. Mohammad Rajebi ("Memorandum") relies on and cites the Cook confidential information and protected health information contained in the Exhibits discussed individually below.

7. Exhibit A to the Memorandum is the deposition of Dr. Mohammad Rajebi. The deposition testimony includes discussion of data from Cook's internal 2008–2009 OUS study that was reviewed by Dr. Rajebi, (pp. 6–9, 270–78, 346–49), as well as other Cook internal information not disclosed to the public.

3

8. Exhibit B to the Memorandum is a "Clinical Investigation Plan" describing in detail an internal study (described in Dr. Rajebi's deposition and Expert Report as the OUS Study) of the Cook Celect Filter, commissioned by Cook in 2005–2006 and whose results were not publicly available.

9. Exhibit C to the Memorandum is the Final Report of Cook's internal study of the Cook Celect Filter (described in Dr. Rajebi's deposition and Expert Report as the OUS Study), dated September 2009. The report contains tables and charts compiling data collected confidentially by Cook as part of a study of the performance of the Cook Celect Filter in patients. The study was conducted by Cook's and the final report was not published.

10. Exhibit D to the Memorandum is an email thread between Plaintiffs' counsel and Cook's counsel. In it, attorneys discuss the planned scope of Dr. Rajebi's expert testimony, and in doing so they discuss the findings of Cook's internal report from the OUS Study. The correspondence includes analysis of confidential Cook data including non-public imaging from the OUS study.

11. Exhibit E to the Memorandum is a report, authored by the physicians and researchers conducting Cook's confidential study of the performance of the Cook Celect Filter, entitled "Short- and Long-Term Retrievability of the Celect Vena Cava Filter." The report, like the study data underlying it, was commissioned by Cook and contains confidential information regarding Cook's clinical study work.

12. Exhibit F to the Memorandum is the Expert Report submitted by Dr. Mohammad Rajebi. The report contains contentions about the adequacy of warnings to physicians in Cook's instructions for use for the filters that rely in confidential internal data and communications (pp.

4

41–42). A redacted version of this document is attached to Cook's public filing; and Cook will file an unredacted version under seal.

13. Exhibit J to the Memorandum is the deposition of Dr. Mark Zuzga. The deposition testimony includes information drawn from internal Cook documents, including "reportable complaints" data compiled by Cook (pp. 26–29, 178–80, 214–16; Dep. Ex. 14). These data are not publicly available.

## DISCUSSION

14. Exhibits A through F and J to the Memorandum contain internal Cook information relating to the development, use, performance, and/or sales of Cook's IVC filters. These documents fit the definition of protected confidential information because they rely on information that is not publicly available and the disclosure of which would pose a serious risk of economic harm to Cook. *See Chaib,* 2014 WL 4794194, at *1–3. As Cook more fully demonstrated in its May 1, 2017 letter to Magistrate Judge Tim A. Baker and the supporting Declaration of Mark Breedlove (attached hereto for reference as **Exhibit 1**), Cook invests substantial resources into research and development, including with regard to Cook's IVC filter technology. Breedlove Decl. ¶ 6. Cook maintains strict confidentiality over its research and development ideas, efforts, and results, and considers such information to be proprietary to the company. *Id.* And disclosure of such information, including the results of studies of its products commissioned at Cook's expense for Cook's internal use, would therefore result in competitive harm to Cook and could "lead to a windfall to the discovering party." *Star Scientific*, 204 F.R.D. at 416; Breedlove Decl. ¶ 7. Disclosure of non-public sales data would likewise cause competitive harm to Cook. *See EEOC v. Abbott Labs., Inc.*, 2012 WL 3842460, at *2–3 (E.D. Wis. Sept. 5, 2012). The Court should permit these documents to be filed under seal.

16. A proposed order granting this Motion has been filed with this Motion.

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintain under seal the Cook Defendants' Memorandum in Support of Motion to Exclude Expert Opinions of Dr. Mohammad Rajebi, and Exhibits A through F and J to that Memorandum.

Dated:  August 9, 2017                                Respectfully submitted,

*/s/ John T. Schlafer*
Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (# 11856-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  joe.tanner@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

*/s/* John T. Schlafer