# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Actions only:

    Elizabeth Jane Hill
    No. 1:14-cv-06016-RLY-TAB

    Arthur Gage
    No. 1:13-cv-01875-RLY-TAB

_____

## THE COOK DEFENDANTS' MOTION TO
## MAINTAIN DOCUMENTS UNDER SEAL (LEVY)

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court to maintain under seal Exhibits C, D, F - H and M - P to the Cook Defendants' Memorandum in Support of Motion to Exclude Expert Opinions of Leigh Anne Levy, R.N., CLCP ("Memorandum"). In support of this motion, the Cook Defendants state:

### LEGAL STANDARD

1.    Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed).   Likewise, private health information should be maintained

---

[1]    The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants").

under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). As explained below, the Cook Defendants are cautious not to disclose such information until it is clear the patient consents to such disclosure.

2.      The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENTS SOUGHT TO BE SEALED

3.      The Cook Defendants' Memorandum in Support of Motion to Exclude Expert Opinions of Leigh Anne Levy, R.N., CLCP ("Memorandum") relies on and cites the Cook confidential information and protected health information contained in the Exhibits discussed individually below.

4.      Exhibit C to the Memorandum is a "Life Care Plan and Cost Analysis" for Plaintiff Elizabeth Hill prepared by Ms. Levy based on analysis of Ms. Hill's medical records. The document contains an extensive, detailed discussion of Ms. Hill's medical history.

5. Exhibit D to the Memorandum is a "Life Care Plan and Cost Analysis" for Plaintiff Arthur Gage prepared by Ms. Levy based on analysis of Mr. Gage's medical records. The document contains an extensive, detailed discussion of Mr. Gage's medical history.

6. Exhibit F to the Memorandum is a report submitted by Plaintiffs' expert Dr. Alexander Marmureanu containing his case-specific opinions with respect to Plaintiff Elizabeth Hill. The document, upon which the analysis prepared by Ms. Levy partially relies, contains an extensive, detailed discussion of Ms. Hill's medical history.

7. Exhibit G to the Memorandum is a further document submitted by Dr. Marmureanu containing his case-specific opinions with respect to Plaintiff Arthur Gage. Exhibit G cites data from internal Cook sources concerning the use and effectiveness of the Gunther Tulip filter that is not publicly available. (*see* pp. 4, 9 n.7). The document contains a discussion of Mr. Gage's medical history.

8. Exhibit H to the Memorandum consists of excerpts from Dr. Marmureanu's deposition. The document contains a discussion of Ms. Hill's medical history and current condition.

9. Exhibit M to the Memorandum consists of the Cost Analysis and projections of future medical care required for Mr. Gage. It includes a projection of medical care for Mr. Gage.

10. Exhibit N to the Memorandum consists of excerpts from the deposition of Dr. Antonio Pangan. The excerpted deposition testimony includes a discussion of Mr. Gage's medical history.

11. Exhibit O to the Memorandum consists of excerpts from the deposition of Dr. James Larkin. The excerpted deposition testimony includes a discussion of Mr. Gage's medical history.

12.     Exhibit P to the Memorandum consists of personal pharmacy records of Mr. Gage.  The records are evidence of Mr. Gage's medical history.

**DISCUSSION**

13.     Exhibits C, D, F - H and M - P contain information related to the medical records and medical history of Plaintiffs Hill and Gage. Courts in the Seventh Circuit have routinely recognized that, while parties' medical information should be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, irrelevant or peripheral information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). The documents listed above contain private, sensitive medical information. The Court should permit these documents, too, to be filed under seal until Plaintiffs consent to what should be disclosed.

14.     A proposed order granting this Motion has been filed with this Motion**.**

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintain under seal the Cook Defendants' Memorandum in Support of Motion to Exclude Expert Opinions of Leigh Anne Levy, R.N. CLCP, and Exhibits C, D, F - H and M - C, D, F-H and M-P P to that Memorandum.

Dated:  August 9, 2017                    Respectfully submitted,

                                          /s/ J. Joseph Tanner
                                          Andrea Roberts Pierson (# 18435-49)
                                          J. Joseph Tanner (# 11856-49)
                                          Nicholas B. Alford (# 31867-49)
                                          FAEGRE BAKER DANIELS LLP
                                          300 North Meridian Street, Suite 2700
                                          Indianapolis, Indiana  46204
                                          Telephone:(317)237-0300
                                          Facsimile:   (317) 237-1000
                                          E-Mail:  andrea.pierson@faegrebd.com
                                          E-Mail:  joe.tanner@faegrebd.com
                                          E-Mail:  nicholas.alford@faegrebd.com

                                          *Counsel for the defendants, Cook Incorporated,
                                          Cook Medical LLC (f/k/a Cook Medical
                                          Incorporated), and William Cook Europe ApS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ J. Joseph Tanner