IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                MDL No. 2570

_____

This Document Relates to Plaintiff
    Arthur Gage
    Civil Case No. 1:14-cv-06016-RLY-TAB

_____

## COOK DEFENDANTS' REPLY MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS
## FOR LACK OF STANDING OR, IN THE ALTERNATIVE, TO LIMIT DAMAGES

"A debtor's duty to fully and accurately disclose all legal or equitable interests in property on the bankruptcy schedules is paramount and absolute . . . The very integrity of the bankruptcy court and the successful administration of the bankruptcy system rest upon compliance with the debtor's obligation of disclosure." *In re Petersen,* 296 B.R. 766, 790 (Bankr. C.D. Ill. 2003). Plaintiff should be held to his duty.

Over the past two years, Plaintiff could have taken a number of actions to correct the omission of this lawsuit from his bankruptcy filings. He did not do so until confronted with the Cook Defendants' motion, and even then, he did the bare minimum. The Cook Defendants therefore respectfully request that the Court dismiss Plaintiff's claims, or alternatively, if the bankruptcy court and this Court permit the trustee to assume the prosecution of this action, apply judicial estoppel against Mr. Gage and allow the Trustee to recover only the amount of claims allowed against the bankruptcy estate, plus the Trustee's allowed fees and costs incurred in the bankruptcy case.

This alternative relief harms neither the Trustee nor the Plaintiff's creditors. As numerous courts have held, the application of judicial estoppel in this manner *protects* the Trustee and creditors, while also protecting the court system from litigants who fail to make truthful disclosures under oath and then attempt to reap the advantages from their misrepresentations. *See, e.g., Wiggins v. Citizens Gas & Coke Utility*, 2008 WL 4530679 at *1 (S.D. Ind. 2008).

## ARGUMENT

Plaintiff's Response ("Pl. Resp.") does not discuss the criteria for the application of judicial estoppel, all of which support the application of that doctrine here. Plaintiff does not dispute (1) that he misrepresented his assets to the bankruptcy court, (2) that the bankruptcy court accepted and relied on his representation in discharging his debts, or (3) that he now seeks to pursue the very claim he represented to the bankruptcy court did not exist.

Instead, Plaintiff asserts that his misstatements to the bankruptcy court were innocent and the Court should ignore them. But this "Hail Mary" does not help him here. First, he offers the Court no evidence in support of his claim, and the record contains nothing that would justify the finding he seeks. Second, he does not even acknowledge, much less attempt to distinguish, Judge Barker's decision *Wiggins v. Citizens Gas & Coke Utility*, 2008 WL 4530679 (S.D. Ind. 2008), which all but seals his fate. Third, his reliance upon *Metrou v. M.A. Mortenson Co.,* 781 F.3d 357 (7th Cir. 2015) is misplaced, and that case is easily distinguishable from Plaintiff's situation here. Finally, even assuming "inadvertence" were a viable argument (it is not), Plaintiff has presented the Court with no evidence on which it could base a finding of inadvertence.

## I. THE COURT SHOULD LIMIT THE DAMAGES THE TRUSTEE MAY RECOVER AT TRIAL

### A. The law supports application of judicial estoppel here.

As Cook discussed in its initial brief, many courts have applied the doctrine of judicial estoppel in this precise situation, where a party tries to assert a claim that existed at the time he sought bankruptcy protection but which he did not schedule as an asset in the bankruptcy proceedings. The most noteworthy of these cases is *Wiggins*, in which Judge Barker applied judicial estoppel and awarded the same relief requested here under facts remarkably similar to the present case.

In *Wiggins*, Judge Barker expressly rejected Plaintiff's argument here that the debtor's failure to disclose the claim to the bankruptcy court was inadvertent, noting that inadvertence can exist only where the debtor either is unaware of the claims or has no motive to conceal them. 2008 WL 4530679 at *2. (collecting cases). The debtor in *Wiggins* was clearly aware of his claims, and therefore did not fall within that narrow exception. The Court held that his assertion that he was unaware of his obligation to disclose those claims was irrelevant, noting that "it is not the duty [to disclose] of which debtors must be unaware, but the facts giving rise to their claims." *Id.* at *3. The Court also noted that the debtor "had a motive to conceal his claims: in order to obtain a discharge of his debts from the bankruptcy court." *Id.* at 3. Based on this analysis, the Court concluded that the debtor's "failure to disclose [his claims] in his bankruptcy proceedings cannot be seen as inadvertent." The material facts here are identical: Plaintiff knew of his claim against Cook, he had a motive to conceal his claim to obtain discharge from the bankruptcy court, and his only defense is his assertion that his misstatement to the bankruptcy court was inadvertent. Plaintiff's response ignores *Wiggins* entirely and makes no attempt to meet or distinguish either *Wiggins* or any other similar decisions Cook cited in its initial motion.

3

*See* Cook Defendants' Memorandum In Support Of Motion To Dismiss For Lack Of Standing Or, In The Alternative, To Limit Damages at 10-16, Dkt. 5374 (July 13, 2017).

Instead, Plaintiff relies on *Metrou v. M.A. Mortenson*, in which the Seventh Circuit held "that debtors who make *innocent* errors should not be punished by loss of their choses in action when they turn the claims over to the Trustees." 781 F.3d 357, 360 (7th Cir. 2015) (emphasis added). The facts in *Metrou*, however, were materially different from those presented here, and the case offers Plaintiff no aid here.

*Metrou* involved a debtor who filed a workers' compensation claim against his employer prior to filing his bankruptcy petition, listed that claim in his bankruptcy filings, and received a discharge from the bankruptcy court. *Id.* at 358. A year *after* that discharge, the debtor filed a lawsuit based on a tort claim arising out of the same accident as the workers compensation claim, a tort claim that he had *not* listed in his bankruptcy filings. *Id.* After allowing the trustee to be substituted as plaintiff in the tort suit, the district court ruled that the trustee's recovery "could not exceed the value of the debts that had not been paid [at the time of discharge]." *Id.* On appeal, the Seventh Circuit reversed, observing that such a limitation "would injure the creditors even though the district judge's target was [the debtor]." *Id.* at 359. The Court explained this would "reduc[e] the stakes to the point where the suit must be abandoned as having a negative value (net of legal expenses)"). The Seventh Circuit noted, however, that "[s]ome omissions will be culpable and should be punished, if that can be done without injuring the creditors too." *Id.* at 360.

*Metrou* is distinguishable in three critical respects. First, unlike the debtor-plaintiff in *Metrou*, Gage was *actively litigating* this suit at the time he filed his bankruptcy petition. Indeed, he filed his bankruptcy petition and misrepresented that he had no "claims" or "suits" only *three*

4

*days* before he was deposed on his claims in this lawsuit. Second, the debtor in *Metrou* only learned of his possible tort claim *after* his discharge in bankruptcy. *Id.* at 359. Here, Plaintiff unquestionably knew of his tort claim against Cook at the time he filed for bankruptcy because his claim was already in suit. *See also Wiggins*, 2008 WL 4530679 at *3 (to avoid judicial estoppel, debtor must be unaware of "the facts giving rise to their claims"). Indeed, Plaintiff here has submitted no evidence at all that would support ignoring his misrepresentation. Finally, the district court in *Metrou* limited the Trustee's recovery to the amount of debts discharged in the bankruptcy, prompting the Seventh Circuit's concern that such a limitation would injure the creditors by reducing the potential award.

Plaintiff baldly asserts (based on *Metrou*) that "[e]stopping the amount of recovery will prevent any recovery on behalf of creditors." Pl. Resp. at 6. But Plaintiff provides no analysis of why or how that concern of the *Metrou* court should apply here. In particular, he fails to account for the status of the *Gage* case as an MDL bellwether case or the resulting strong incentive on both sides to pursue the case to conclusion.

Plaintiff's suggestion that the application of judicial estoppel against Plaintiff would "operate as a windfall" to Cook is not a legal basis for denying estoppel, and Plaintiff cites no authority to suggest that it is. On the contrary, courts have regularly observed that the purpose of judicial estoppel is to preserve the integrity of the courts, **without** regard to the interests of the parties. *See In re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 662 (7th Cir. 2010) (Judicial estoppel "is designed to protect the integrity of the courts rather than any interest of the litigants") (quoting *Lowery v. Stovall*, 92 F.3d 219, 223 n.3 (4th Cir. 1996)). Given this purpose, courts have rejected the possibility of windfalls as a basis for denying estoppel. As one court noted:

> Applying judicial estoppel would **grant a windfall to Airborne Express**, which would be absolved not only of the duty of defending itself in this case but also of any potential

5

liability. Ultimately, however, ***this factor does not matter because judicial estoppel is designed to protect the integrity of the Court, not the litigants***."

*Williams v. Airborne Express Inc.*, No. 05 C 2211, 2006 WL 932347, at *2 (N.D. Ill. Apr. 11, 2006) (emphasis added) (declining to apply estoppel on other grounds). *See also Back v. Town of Cloverdale*, No. TH 99-215-C-T/H, 2001 WL 987832, at *4 (S.D. Ind. July 30, 2001) ("The court further finds that the interest of protecting the integrity of the judicial system outweighs any interest of Plaintiff's creditors in the civil rights claim as well as the prevention of a windfall to Defendants.").

Plaintiff's motion is filled with suggestions that the Court may apply judicial estoppel only if it finds "bad faith" and "intentional wrongdoing," but he cites no authority to support that assertion. Indeed, Plaintiff's critical statement of his supposed legal standard—"An inconsistent argument sufficient to invoke judicial estoppel must be attributable to intentional wrongdoing," Pl. Resp. at 6—is offered without the benefit of any citation at all. In fact, many cases do not even consider a party's subjective intent. *See, e.g., Cannon-Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir. 2006) ("a debtor in bankruptcy is bound by her own representations, ***no matter why they were made***, at least until the debtor moves to amend the disclosures and pay the creditors their due") (emphasis added); *Becker v. Verizon N., Inc.*, No. 06-2956, 2007 WL 1224039, at *1 (7th Cir. Apr. 25, 2007) ("Becker intimates that her failure to disclose this lawsuit in her sworn financial statement was unintentional, but her ***subjective intent does not matter***.") (emphasis added); *Evinger v. Emery Winslow Scale Co.*, No. 2:12-CV-25-WTL-WGH, 2012 WL 3095575, at *5 n.5 (S.D. Ind. July 30, 2012) ("Uncertainty regarding the debtor's subjective intent in cases of this kind is likely the reason that subjective intent is irrelevant to the judicial estoppel inquiry.") (relying on *Cannon-Stokes*); *Bland v. Rahar*, No. 06-3072, 2008 WL 109388, at *3

6

(C.D. Ill. Jan. 9, 2008) ("Whether or not Bland knowingly concealed this cause of action, the Court finds no grounds to excuse his failure to disclose.").[1]

Plaintiff cites no controlling precedent in which a court declined to enforce judicial estoppel where the claim that the debtor omitted from bankruptcy filings was actually pending as of the petition date—Plaintiff's situation here. The single case Plaintiff cites that *did* involve a prepetition suit is more helpful to the Cook Defendants than to Plaintiff. *See Lujano v. Town of Cicero*, No. 07 C 4822, 2012 WL 4499326 (N.D. Ill. Sept. 28, 2012). In *Lujano*, the debtor-plaintiff did not merely call the Trustee and seek to reopen her Chapter 7 case so she could amend her schedules to reflect the undisclosed lawsuit (as Gage alleges happened here). Instead, the debtor filed motions to reopen the bankruptcy case and to convert it to a Chapter 13, stating that she "desires to convert this case to Chapter 13. She intends to pay unsecured creditors 100 percent under her proposed plan." *Id*.

After the bankruptcy court granted her motion to convert to Chapter 13, Lujano filed her proposed Chapter 13 Plan, in which she indicated that she would not receive a discharge from her debts, she would be required to make monthly payments to the trustee and then to general unsecured creditors, that unsecured creditors would receive 100% of their allowed amount, and that any proceeds received by the debtor pursuant to the lawsuit "shall be forwarded to the Trustee for distribution to creditors." *Id*. In addition, the debtor submitted an affidavit stating

---

[1] A few cases have considered a party's subjective intent in addressing issues like this. *See, e.g., Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 548 (7th Cir. 2014); *Thomas v. Indiana Oxygen Co.*, 32 F. Supp. 3d 983, 992 (S.D. Ind. 2014); *Posley v. Clarian Health*, No. 1:11-CV-1511-TWP-MJD, 2012 WL 4101914, at *5 (S.D. Ind. Sept. 17, 2012). Even if a showing of subjective intent were required, however, such a finding would be justified here based on the undisputed facts that (1) Plaintiff delayed notifying the bankruptcy court of the omission for *six months* after the bankruptcy was revealed at his deposition, and (2) Plaintiff did not disclose the omission to the bankruptcy court until *after* Cook raised the issue itself in its motion to dismiss. As noted in section II below, Plaintiff has offered no evidence, not even his own affidavit, to rebut this conclusion.

that she informed her prior bankruptcy attorney about the lawsuit and the charge, she did not inform her counsel in the lawsuit, and she "never intended to evade her debts or defraud her creditors." *Id*. at *4. The attorney representing her in the lawsuit submitted her own affidavit, attesting that her client had never informed her of the bankruptcy filing, and that neither the former bankruptcy attorney nor the bankruptcy trustee contacted her to "inquire into the merits of" the lawsuit. Against this backdrop, the district court in *Lujano* found the judicial estoppel doctrine did not apply.

In contrast, Plaintiff here did nothing to correct his misstatements or address the interests of his creditors until Cook itself brought Plaintiff's inconsistent statements to the Court's attention in the present motion. Here is the undisputed sequence of events:

- On November 14, 2014, Plaintiff filed this lawsuit against the Cook Defendants.
- On March 18, 2015, when asked if he had filed bankruptcy at any point in the five years immediately preceding the placement of his IVC Filter, and, "if so, when, and has the bankruptcy trustee been notified of your pending claim?," Plaintiff answered "No."
- On August 6, 2015, Cook served on Plaintiff a notice to take his deposition on August 13, 2015.
- On August 10, 2015, Plaintiff filed his voluntary petition for relief under Chapter 7 of the bankruptcy code. In that petition, which Plaintiff declared under penalty of perjury to be "true and correct," Plaintiff checked "none" when asked about "claims of every nature" and "Suits and administrative proceedings, executions, garnishments, and attachments" (requiring debtor to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of the bankruptcy case" (emphasis in original)).
- On August 13, 2015, Plaintiff appeared and testified at his initial deposition in this action.
- On September 14, 2015, the Chapter 7 Trustee filed a report of no distribution, finding "there is no property available for distribution from the estate over and above that exempted by law."
- On November 10, 2015, the bankruptcy court issued its order of discharge.
- On November 13, 2015, the bankruptcy court closed the case.
- On October 16, 2016, in response to an interrogatory asking him to "[i]dentify and describe all legal claims ever made by or against you," Plaintiff made no mention of his bankruptcy filings.

8

- On January 9, 2017, Gage acknowledged his bankruptcy filing during his second deposition.
- On July 13, 2017, Cook moved to dismiss Plaintiff's claims based on the bankruptcy filing because Plaintiff was not the real party in interest and lacked standing.
- On July 15, 2017, "the trustee was contacted on July 15, 2017 to reopen the proceeding, which is now in progress." Pl. Resp. at 7-8.
- On July 18, 2017, the U.S. Trustee for the Northern District of Illinois moved to reopen Plaintiff's bankruptcy case, indicating that "the U.S. Trustee received knowledge that Mr. Gage may be entitled to a settlement award for a product[] liability claim." Pl. Resp. Ex. E at 2 (Dkt. 5618-5).
- On August 3, 2017, Plaintiff filed his response to Cook's motion to dismiss. The motion was not accompanied by any affidavit by Plaintiff or by any of his present or bankruptcy attorneys explaining the omission of this lawsuit from Plaintiff's bankruptcy petition.

Cook Br. at 2-4; Pl. Resp. at 7-8.

Unlike the plaintiffs in Lujano and *Metrou*, Plaintiff has offered no explanation for his omission. Moreover, despite his unambiguous testimony admitting his bankruptcy at Plaintiff's January 2017 deposition, Plaintiff offers no explanation for waiting *six additional months*—until Cook's motion placed the issue squarely in front of this Court—before finally informing the bankruptcy court of his omission. This sequence of events leaves no room for any reasonable fact-finder to conclude that the omission was inadvertent or mistaken.

### B. Plaintiff's submissions do not support his claim that the omission was inadvertent.

Even assuming for the sake of argument that Plaintiff's claim of "inadvertence" offered a legal basis for ignoring his conduct (which *Wiggins* holds it does not), the application of judicial estoppel is still appropriate here because the record contains no evidence to support Plaintiff's argument.

Plaintiff's response argues that he "was not aware that he was required to list as an asset a claim with an uncertain and unknown value," and that he "simply did not understand that he

9

needed to list a potential recovery in a case where he did not know the value." Pl. Resp. at 2, 8. But his submissions offer no evidentiary support for those arguments.

For example, Plaintiff has offered no affidavit from himself, his current attorneys, or his bankruptcy attorneys explaining his misstatement to the bankruptcy court or offering any excuse for that misstatement. In *Lujano*, the plaintiff-debtor submitted extensive affidavits from both herself and her attorney describing the history of her claims and explaining in detail the circumstances surrounding the omission of her claim from her bankruptcy filings, and the court relied heavily on that evidence in its decision not to apply estoppel. *See* 2012 WL 4499326 at *4. Plaintiff here seeks the same decision, but fails to offer the Court any evidence on which to base it.

Contrary to his assertion, the appearance of the Adventist and Edwards Hospital Charges in his bankruptcy schedules do not somehow establish the "innocence" of his omission of ongoing litigation from those same schedules. Plaintiff apparently means to suggest that his inclusion of medical bills allegedly related to inferior vena cava filter complications put the trustee on notice as to Gage's ongoing litigation against the Cook Defendants with respect to the filter. Cook respectfully suggests that such a suggestion is an unreasonably overreach, especially given Plaintiff's contrary representation that no claim or lawsuits existed in the same materials.

Nor is Plaintiff's conduct excused by the fact that "the first time he was asked about the bankruptcy was in his second deposition." Pl. Opp. at 7. Plaintiff misses the point. The issue is not when he was asked about his bankruptcy *in this case*—the relevant line of inquiry is when he was asked about this case *in his bankruptcy*. The fact that Plaintiff claims to have "freely admitted to his bankruptcy" in his second deposition does not suggest that his original nondisclosure was innocent. Had he freely admitted to the existence of this case *in his*

10

*bankruptcy case*, that would be another story—but that is not the story Plaintiff is choosing to tell here.  And this admission in his deposition does not of course explain his ***additional*** six-month delay in contacting the bankruptcy court *after* his deposition, or his decision to continue concealing the claim from the bankruptcy court until Cook raised the issue in the present motion.

Which brings us to Plaintiff's claim that he "swiftly sought to reopen the bankruptcy case." Pl. Resp. at 8.  Waiting *six months* after the topic was raised in his deposition, and waiting until Cook raised the issue, is not "swift."  Indeed, courts regularly reject plaintiffs' efforts to "fix" their nondisclosures only after being confronted by an adversary.  *See, e.g., Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 320-21 (3d Cir. 2003) (party cannot "cure [the] inadequacy" by amending disclosure statement; "[t]he Bankruptcy Court was not impressed with [plaintiff's] eleventh hour candor and neither are we."); *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291-92 (11th Cir. 2003) (plaintiff's attempt to re-open bankruptcy upon facing judicial estoppel argument showed "intent to make a mockery of the judicial system"); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) (allowing plaintiffs to evade judicial estoppel only after being faced with the defense would permit them to "conceal their claims; get rid of [their] creditors on the cheap, and start over with a bundle of rights"); *Copeland v. Hussman Corp.*, 462 F. Supp. 2d 1012, 1020 (E.D. Mo. 2006) (refusing to "treat the amended schedules as negating Defendant's judicial estoppel argument" especially since plaintiff only amended after facing judicial estoppel argument); *Scoggins v. Arrow Trucking Co.*, 92 F. Supp. 2d 1372, 1376 (S.D. Ga. 2000) (rejecting plaintiff's attempt to re-open his bankruptcy proceedings only after being caught by the defendant, explaining "this Court concludes that [plaintiff] is too late because he is only disclosing this claim when forced by his adversary to do so").

11

Finally, Plaintiff points to Defendants' expert's assessment that Plaintiff may be experiencing some cognitive difficulty in a last-ditch effort to explain the omission. *See* Pl. Resp. at 8. But Plaintiff himself then immediately undercuts his argument by stating "Plaintiff does not necessarily agree with the opinions stated in the report of the Defendants' expert." *Id.* Even if this medical evidence were sufficient to undercut Plaintiff's responsibility for his own conduct, which it is not, Plaintiff cannot urge the Court to accept evidence of a subjective medical opinion that he himself rejects.

In sum, even assuming inadvertence were a defense, Plaintiffs submissions provide no evidentiary support for his claim of inadvertence, and none of it supports a decision any different than the *Wiggins* court's decision under materially identical circumstances. *See* 2008 WL 4530679 at *5.[2] Plaintiff's damages should be limited to those amounts necessary to satisfy any creditors or the Trustee's fees and costs.

## II.    THIS COURT SHOULD DISMISS THIS CASE IF THE TRUSTEE IS NOT SUBSTITUTED WITHIN A REASONABLE TIME UNDER RULE 17.

Plaintiff concedes that he is not the real party in interest to this lawsuit. Pl. Resp. at 4 (acknowledging that "when [Plaintiff] declared Chapter 7 bankruptcy, the trustee became the real party at interest in the case"). Further, Plaintiff Gage asks that the Court allow a reasonable time

---

[2] As noted in Cook's initial motion, the *Wiggins* court is not alone in employing judicial estoppel and a damages cap to simultaneously protect creditors and prevent plaintiff-debtors from recovering in circumstances such as these. For instance, in *Anderson v. Seven Falls Company*, a plaintiff-debtor suffered a personal injury, filed for bankruptcy, received a discharge, and later brought suit on the undisclosed prepetition claim. No. 12-CV-01490-RM-CBS, 2014 WL 553486, at *3 (D. Colo. Feb. 12, 2014) (subsequent history omitted). The *Anderson* court found there had been "no meaningful explanation proffered as to how this matter came to be 'learned' by counsel or why the disclosure to the Trustee occurred [years after discharge, and months after filing the claim]. These matters stand as suspicious eleventh hour changes of heart." *Id*. at *4-5. The court applied judicial estopped against plaintiff-debtor individually, and "as against the Trustee to the limited extent of any surplus recovery not needed to satisfy any creditors or the Trustee's fees and costs. In other words, [the court applied] the doctrine to such amounts as would be surrendered back to [plaintiff-debtor] if a verdict is in [Trustee's] favor." *Id*. at *7.

12

for the trustee to substitute herself as plaintiff.  Accordingly, the parties agree that if the bankruptcy case is reopened, this Court should allow the Chapter 7 Trustee a reasonable time to move for substitution in this proceeding.  However, if neither Gage nor the Trustee takes any action to accomplish a substitution within a reasonable time, the Court should dismiss the action with prejudice for the reasons set forth in the Cook Defendants' moving papers.

## CONCLUSION

For the reasons detailed above and in the Cook Defendants initial motion, the Cook Defendants urge the Court to grant their motion and to:

(a) dismiss Plaintiff's claims unless the Trustee is substituted within a reasonable time; or, in the alternative,

(b) apply the doctrine of judicial estoppel as to Gage, and limit any recovery the amount of (1) the valid and allowed claims by creditors, (2) interest on those claims, and (3) fees for the Trustee incurred in the administration of the bankruptcy case.

                                        Respectfully submitted,

Dated: August 10, 2017                /s/ J. Joseph Tanner
                                        Andrea Roberts Pierson (#18435-49)
                                        J. Joseph Tanner (#11856-49)
                                        FAEGRE BAKER DANIELS LLP
                                        300 North Meridian Street, Suite 2700
                                        Indianapolis, Indiana  46204
                                        Telephone:  (317) 237-0300
                                        Facsimile:  (317) 237-1000
                                        E-mail:  andrea.pierson@faegrebd.com
                                        E-mail:  joseph.tanner@faegrebd.com

                                        James Stephen Bennett (# 22869-02)
                                        FAEGRE BAKER DANIELS LLP
                                        110 W. Berry Street, Suite 2400
                                        Fort Wayne, Indiana  46802
                                        Telephone: (260) 424-8000
                                        Facsimile: (260) 460-1700
                                        E-mail:  stephen.bennett@faegrebd.com

                                        *Counsel for Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

14

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ J. Joseph Tanner

US.113596948.05