IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to Plaintiff:

    Elizabeth Jane Hill
    Civil Case No. 1:14-cv-06016-RLY-TAB

**PLAINTIFF ELIZABETH HILL'S MOTION FOR LEAVE TO DESIGNATE EXPERT WITNESS PAUL TIMPERMAN, M.D. AFTER EXPERT DISCLOSURE DEADLINE**

    COMES NOW, Elizabeth Hill, and files this her Motion for Leave to Designate Expert Witness Paul Timperman, M.D. After Expert Disclosure Deadline. In support of this motion, Mrs. Hill states the following:

    1.    The March 17, 2017, deadline for naming expert witnesses under the scheduling order for Elizabeth Hill's case has passed. Mrs. Hill, whose case will be tried beginning on October 23, 2017, moves that she be given leave to designate one additional expert after the deadline for naming her experts.

    2.    The witness at issue is Paul Timperman, MD. Dr. Timperman is an interventional radiologist with Cook Medical and has worked with Cook over the years in various capacities. [Timperman Dep. 12:4-12:17, May 3, 2017,][1] for many years all relevant to the inquiries in Mrs. Hill's case, Dr. Timperman was involved in the review of diagnostic images, including imaging of Cook Celect filter implantees, to determine whether a patient's filter had perforated the vena

---

[1] Dr. Timperman's deposition is attached to this motion as Exhibit A.

cava or otherwise caused a complication. [*Id*. at 20:3-20:12.] As a radiologist, Dr. Timperman carries expertise in reading diagnostic images of the vena cava especially as they relate to Cook filters, with a specific expertise in determining whether a filter has perforated the vena cava.

3. For years Dr. Timperman was involved in the analysis of imaging that had been brought to Cook's attention through complaints. [*Id.* at 20:3-20:12.] Indeed many of the cases that have been filed in this MDL involve filters and images of filters that have been reviewed during the complaint process (or otherwise) by Dr. Timperman. Dr Timperman has analyzed hundreds or possibly thousands of images for Cook. [*Id*. at 21:2-22:9.]

4. Dr. Timperman was not disclosed by Cook as an expert. Cook did not issue a report outlining Dr. Timperman's expertise or opinions. Having been through Cook's discovery responses, Plaintiff requested Dr. Timperman's deposition given his importance in this case (even though he was not an expert Cook ultimately wished to name).

5. Dr. Timperman's deposition was not able to be taken until well after the deadline had passed for Mrs. Hill to name her experts. Indeed Ms. Hill had no reason to name Dr. Timperman as an expert before her expert designation deadline in March of this year. It would have been implausible if not impossible to have done so.

6. Dr. Timperman's deposition was taken on May 3, 2017. In his deposition, he outlined his duties for Cook and gave several opinions that would likely be considered expert opinions including opinions regarding perforation and many aspects of IVC perforation, "tenting" and other concepts related to IVC filters and in particular Celect filters like the one that had perforated Ms. Hill's vena cava and duodenum. Dr. Timperman also discussed the importance for monitoring IVC filters that had perforated the vena cava. [*Id*. at 98:19-99:18.]

7. Additionally, Dr. Timperman reviewed around a dozen venacavagrams in his deposition for his opinion as to what they revealed and, more specifically, the occurrence of and extent of perforations seen by him in that imaging. This real-time review of images by Dr. Timperman revealed his analysis of whether there were perforations shown in the films. (*Id*. at 157:18-178:23.)[2]

8. The images shown to Dr. Timperman in his deposition were images taken in the Celect OUS clinical trial, which resulted in the "Lyon Cook" study. [See CookMDL2570_1267435, 1193880, 1269514, 1128031, 1235380, 1245575, 1167895, 1171617, 1201218, 1146681, 1148399, and 1152876.]

9. The importance of the OUS clinical trial and the resultant "Lyon Cook" study cannot be overstated. It was the OUS trial that bolstered Cook's ability to market the Celect filter and indeed was the determining factor for its placement on the market as a retrievable filter.

10. It was the OUS study that led to the "Lyon" article published in a leading interventional radiology journal and referenced in Cook's product insert or "instructions for use." It is in the Lyon study that Cook misrepresented that "no perforations were found" and that "there was no evidence of perforation." (CookMDL2570 IVCF008298.). The true results were known (i.e., that there were plenty of perforations in the study), well before Mrs. Hill's Celect filter was implanted.

11. Dr. Timperman's testimony belies what Cook has said throughout this litigation, what Cook will say at trial, and what Cook has told doctors for years both in its IFU (by specifically

---

[2] The images had been obtained from Cook itself in discovery after an extraordinarily difficult process involving several hearings, rulings, and hundreds of man hours to find them in the database and put the picture together once they were turned over.

referencing the study), and in the published study itself—that the Cook Celect filter does not perforate the vena cava.

12. Mrs. Hill should be able to designate Dr. Timperman's deposition and play it at trial—both the factual portions and the expert portions; and if he comes to trial, he should be able to give his expert opinions if asked.

13. Under Rule 37(c)(1), "exclusion of non-disclosed evidence is automatic and mandatory … unless non-disclosure was justified or harmless." *Wilson v. Grable,* 1:08-cv-660, 2010 U.S. Dist. LEXIS 55141, \*\*5-7 (S.D. Ind. June 4, 2010) (citing, *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)). The Court has broad discretion in determining whether a violation is justified or harmless, and the Seventh Circuit has identified four helpful factors: "(1) the prejudice or surprise to the party against whom the 'evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). When examining whether substantial justification exists, the timing of the request is also important. *Musser*, 356 F.3d at 758-59.

14. The factors set forth in *Musser* and followed by this Court in *Wilson* are satisfied here.

15. First, there is no prejudice or surprise to Cook here. Dr. Timperman is a long-time Cook consultant. Cook is well aware of his work, his opinions, and his expertise. Furthermore, there is certainly no "surprise" given that Mrs. Hill simply wishes to play Dr. Timperman's deposition at trial — all Cook needs to do to understand what Dr. Timperman will say is read his deposition transcript (not to mention that Cook was represented by counsel at the deposition.

16. Second, to the extent that there was any prejudice (there isn't), Cook retains the ability to call Dr. Timperman at trial during its case in chief or designate its own portions of the deposition to present by taking either of these avenues Cook would erase any prejudice that may even arguably exist.

17. Third, there will be no disruption in the trial. All that will be required is the playing of Dr. Timperman's video deposition – there will neither be a disruption in counsel's schedule nor will any additional preparation be required given that he has already been deposed.

18. Finally, there is no bad faith in the timing of Hill's disclosure. Dr. Timperman was not even deposed until a couple of months ago – after Hill's expert witness disclosure deadline. Hill has worked quickly to (1) determine whether Dr. Timperman should be called in her case in chief after the finalized transcript was available, (2) discuss the matter amongst some of the PSC, and (3) prepare this motion. All of this had to take place during the middle of a grueling deposition schedule, and while Hill was preparing her *Daubert* motions, and preparing for the October trial.

19. The importance of this witness is paramount. Dr. Timperman is a Cook consultant that provides nothing less than demonstrate that there were in fact numerous IVC perforations in the OUS study – **despite the fact that Cook represented to the medical community and the public at large the very opposite when it published the Lyon Cook study**.

20. To be clear, Dr. Timperman's testimony may very well not even need to be disclosed/designated as expert testimony given the factual underpinnings of his long relationship as a Cook consultant. That being said, Hill requests leave to designate him as an expert out of an abundance of caution.

21. For all of these reasons, Hill respectfully requests leave to designate Dr. Timperman as an expert witness.

**Wherefore**, Plaintiff Elizabeth Hill respectfully moves the Court to grant this motion, and allow her leave to designate Paul Timperman, MD as an expert witness.

Respectfully Submitted,

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
jwilliams@rwp-law.com

*/s/ Joe Johnson*
Joe Johnson, Esq.
BABBITT & JOHNSON, P.A.
1641 Worthington Road, Suite 100
Post Office Box 4426 (33402-4426)
West Palm Beach, FL  33409
Telephone:  (561) 684-2500
Facsimile: (561) 684-6308
jjohnson@babbitt-johnson.com

*Attorneys for Plaintiff*


*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
mheaviside@hrzlaw.com

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
THE LAW OFFICE OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
bmartin@bencmartin.com

*/s/ David P. Matthews*
David P. Matthews, Esq.
MATTHEW AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

# CERTIFICATE OF SERVICE

    I hereby certify that on August 10, 2017, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Ben C. Martin*
Ben C. Martin