UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Actions only:

 Elizabeth Jane Hill
 No. 1:14-cv-06016-RLY-TAB

_____

## THE COOK DEFENDANTS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL (SANTORO)

 Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court to maintain under seal Exhibits G, H, I, and J to the Cook Defendants' Reply in Support of Motion to Compel Compliance with Subpoena of Ann Santoro and Response to Ann Santoro's Motion for Protective Order ("Reply"). In support of this motion, the Cook Defendants state:

### LEGAL STANDARD

 1. Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants").

under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2. Good cause exists to protect private health information from public disclosure. *See Cole*, 2017 WL 2929523, at *3. As explained below, the Cook Defendants are cautious not to disclose such information until it is clear the patient consents to such disclosure.

3. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENTS SOUGHT TO BE SEALED

4. Exhibit G to the Reply is a subset of Ann Santoro's file on Plaintiff and contains medical history information related to Plaintiff's husband.

5. Exhibit H to the Reply is excerpts from the deposition of Ann Santoro. The testimony contains an analysis of Plaintiff's mental health.

6. Exhibit I to the Reply is a portion of Ann Santoro's records relating to her treatment of Plaintiff.

7. Exhibit J to the Reply is the deposition of Plaintiff's husband. The testimony contains information related to Plaintiff's mental health and treatment.

## DISCUSSION

8. Exhibits G, H, I, and J contain information related to the medical records and medical history of Plaintiff and her husband. Courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). The documents (and redacted portions of expert reports) listed above contain private, sensitive medical information. Out of an abundance of caution, the Court should permit these documents, too, to be filed under seal until Plaintiff consents to what should be disclosed.

9. A proposed order granting this Motion has been filed with this Motion**.**

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintain under seal Exhibits G, H, I, and J to the Cook Defendants' Reply in Support of Motion to Compel Compliance with Subpoena of Ann Santoro and Response to Ann Santoro's Motion for Protective Order.

- 4 -

Dated: August 16, 2017     Respectfully submitted,

/s/ John T. Schlafer
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Facsimile:  (260) 460-1700
Email:  stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

I further certify that on August 16, 2017, a copy of the foregoing was served on counsel for Ann Santoro by e-mail and first class mail, postage pre-paid at the following address:

> Heidi J. Livingston, Esq.
> LAW OFFICES OF LORRAINE LESTER
> 500 Colonial Center Parkway, Suite 250
> Lake Mary, Florida  32746
> 407.804.4900 (main)
> 407.804.6933 (direct)
> 866.390.9498 (fax)
> heidi.livingston@cna.com


/s/ John T. Schlafer