# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Actions only:

      Elizabeth Jane Hill
      No. 1:14-cv-06016-RLY-TAB

      Arthur Gage
      No. 1:13-cv-01875-RLY-TAB

_____

## THE COOK DEFENDANTS' MOTION TO
## MAINTAIN DOCUMENTS UNDER SEAL (KESSLER)

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court

to maintain under seal the Cook Defendants' Corrected Memorandum in Support of Motion to

Exclude Expert Opinions of Dr. David A. Kessler ("Memorandum"). In support of this motion,

the Cook Defendants state:

### LEGAL STANDARD

1.      Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good

cause," enter an order "requiring that a trade secret or other confidential research, development,

or commercial information not be revealed or be revealed only in a specified way." *See also*

*Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents

that "meet the definition of trade secret or other categories of bona fide long-term

confidentiality" may be sealed).  ).  Likewise, private health information should be maintained

---

[1]    The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
    Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants").

under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017)

2.      Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act.[2] *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[3] Under this standard, a protectable trade secret has four characteristics: (1) information; (2) that possesses independent economic value; (3) that is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. *See, e.g.*, *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001); *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245–46 (Ind. Ct. App. 2001); *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000).

3.      Confidential business information that does not technically fit the definition of a trade secret is entitled to protection if its disclosure would be harmful physically or economically. *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1–3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").

---

[2] The presence of Cook's headquarters in Indiana justified the application of Indiana trade secret law to the issues here, because Indiana is the state where Cook would feel any injury or harm. *See, e.g.*, *Micro Data Base Sys., Inc. v. Dharma Sys., Inc.,* 148 F.3d 649 (7th Cir. 1998) (applying Indiana choice-of-law principles in a trade-secret case and holding that New Hampshire substantive law governed because the entity holding the trade secrets was headquartered there).
[3] The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

US.113670565.01

4.      Good cause likewise exists to protect private health information from public disclosure.  *See Cole*, 2017 WL 2929523, at *3. As explained below, the Cook Defendants are cautious not to disclose such information until it is clear the patient consents to such disclosure.

5.      The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENT SOUGHT TO BE SEALED

6.      The Memorandum relies on and cites Cook confidential information contained in the Exhibits discussed in Cook's previously-filed Motion to Maintain Documents Under Seal (Kessler) (Dkt. 5699).

## DISCUSSION

7.      The Memorandum (similar to Exhibits 1–6, 8, 9, 14–20, 23, 24, 26, 29–43, and 45–47) contain internal Cook information relating to the development, use, performance, and/or sales of Cook's IVC filters. These documents fit the definition of protected confidential information because they rely on information that is not publicly available and the disclosure of

which would pose a serious risk of economic harm to Cook. *See Chaib,* 2014 WL 4794194, at

*1–3. As the Cook more fully demonstrated in its May 1, 2017 letter to Magistrate Judge Tim A.

Baker and the supporting Declaration of Mark Breedlove (attached hereto as **Exhibit 1**), Cook

invests substantial resources into research and development, including with regard to Cook's

IVC filter technology.   Breedlove Decl. ¶ 6.   Cook maintains strict confidentiality over its

research and development ideas, efforts, and results, and considers such information to be

proprietary to the company.  *Id.*  And disclosure of such information would therefore result in

competitive harm to Cook and could "lead to a windfall to the discovering party." *Star

Scientific*, 204 F.R.D. at 416; Breedlove Decl. ¶¶ 6–7. Disclosure of non-public sales data would

likewise cause competitive harm to Cook. *See EEOC v. Abbott Labs., Inc.*, 2012 WL 3842460, at

*2–3 (E.D. Wis. Sept. 5, 2012). The Court should permit these documents to be filed under seal.

  8.  A proposed order granting this Motion has been filed with this Motion**.**


  WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order

granting the Cook Defendants leave to file under seal and maintain under seal the Cook

Defendants' Corrected Memorandum in Support of Motion to Exclude Expert Opinions of Dr.

David A. Kessler.

Dated:  August 16, 2017                     Respectfully submitted,


                                            /s/ *Victoria R. Calhoon*
                                            Andrea Roberts Pierson (# 18435-49)
                                            Christin Jaye Eaton (MN Bar # 228795)
                                            Victoria R. Calhoon (# 28492-49)
                                            John T. Schlafer (# 28771-49)
                                            FAEGRE BAKER DANIELS LLP
                                            300 North Meridian Street, Suite 2700
                                            Indianapolis, Indiana  46204
                                            Telephone:  (317) 237-0300
                                            Facsimile:  (317) 237-1000
                                            Email:  andrea.pierson@faegrebd.com
                                            Email:  christin.eaton@faegrebd.com
                                            Email:  victoria.calhoon@faegrebd.com
                                            Email:  john.schlafer@faegrebd.com

                                            James Stephen Bennett (# 22869-02)
                                            FAEGRE BAKER DANIELS LLP
                                            110 W. Berry Street, Suite 2400
                                            Fort Wayne, Indiana  46802
                                            Telephone: (260) 424-8000
                                            Facsimile: (260) 460-1700
                                            Email:  stephen.bennett@faegrebd.com

                                            *Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Victoria R. Calhoon

US.113670565.01