# EXHIBIT F

```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF INDIANA
                   INDIANAPOLIS DIVISION


IN RE: COOK MEDICAL, INC.,        )
IVC FILTERS MARKETING, SALES      ) Cause No.
PRACTICES AND LIABILITY,          ) 1:14-ML-2570- RLY-TAB
LITIGATION                        ) Indianapolis, Indiana
                                  ) February 9, 2017
                                  ) 10:09 a.m.
                                  )
```

**Before the Honorable
RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE

| | |
|---|---|
| **For Plaintiffs:** | David P. Matthews, Esq.<br>MATTHEWS & ASSOCIATES<br>2905 Sackett Street<br>Houston, TX  77098 |
| | Ben C. Martin, Esq.<br>LAW OFFICES OF BEN C. MARTIN<br>3710 Rawlins Street, Suite 1230<br>Dallas, TX  75219 |
| | Joseph N. Williams, Esq.<br>RILEY WILLIAMS & PIATT, LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN  46204 |

1  two -- the OUS study and the sheep study, the two studies that
2  Cook used to justify its release of these products.  I mean,
3  they are the most crucial studies we have.  I know Mr. Martin
4  already addressed that.
5           And given that we're not even going to get some of
6  this information until after our expert reports are currently
7  due, we think we should be entitled and respectfully ask for
8  an additional 30 days for our experts to get that material
9  incorporated.  Thank you, Your Honor.
10          THE COURT:  Any response?
11          MR. KING:  Just a couple comments, if I may, and
12 then I think Ms. Pierson has some comments as well.  With
13 regard to the Hill matter, I want to make sure that the Court
14 understands that Courtney Whitelock, who is still our
15 employee, and she's the --
16          THE COURT:  The sales rep?
17          MR. KING:  Yes.  She was the sales rep who was just
18 deposed.  As I talked to -- as I explained to the plaintiffs
19 yesterday -- or Tuesday, rather, before Judge Baker, and as I
20 had told them back in January when we talked about Courtney
21 Whitelock, Courtney Whitelock's computer was changed in 2013,
22 before there was even a Hill lawsuit filed.  And the laptop
23 she had was taken and destroyed because she got a new one.
24          So any hold -- any failure to give her a hold notice
25 earlier is really academic in that particular case because any

Case 1:14-ml-02570-RLY-TAB   Document 5922-3   Filed 08/24/17   Page 4 of 7 PageID #: 22273

27

```
 1  time; and we want not to have to come back to you and suggest
 2  that other deadlines need to be moved or that a new trial
 3  date --
 4           THE COURT:  We'll never get finished.  I've been
 5  doing this for almost 30 years.  You start moving trial dates
 6  around in complex litigation, you never get -- you never get
 7  it done.  I've got -- this MDL is not the only cases on my
 8  docket.  I mean, I've got -- it's up to you.  If you guys want
 9  to agree to move these trial dates back to 2018 or 2019 or
10  whatever, that's fine.  I've got plenty to do.
11           But I also want to try to push these cases to
12  resolution in some way.  I've got an obligation to do that not
13  only to the parties and to you but to the MDL panel, when I
14  agreed to take this.  So we start the slippery slope of
15  moving -- willy-nilly moving trial dates around, it's going to
16  be very hard to block out three weeks, I think at a minimum
17  probably, for these trials, right?
18           MS. PIERSON:  Absolutely.  I think it's three or
19  four.
20           THE COURT:  Try to block out a month of my calendar
21  and then a few months later saying, "Judge, that's not going
22  to work.  You need to find another month for us."  Not only on
23  one occasion but for three Bellwether trials.  I mean, that's
24  difficult to do just practically speaking.  So the trial date
25  here that we have for Hill of October -- is it the 27th?
```

1         MR. KING:  23rd, Your Honor.

2         THE COURT:  23rd, I'm not inclined to move that.  I
3    am inclined at this point, since Mr. King admits late
4    production, I'm inclined to give the plaintiffs an extra 30
5    days on their expert deadlines.  That's the only fair thing to
6    do, considering there's an admission here of late production.
7    And you all are just going to have to work through it to get
8    this case ready.  Now, if depositions aren't taken by the
9    deadlines and by the time they're ready for trial, that's too
10   bad.

11        MS. PIERSON:  Here's -- we obviously respect
12   everything you're saying, Your Honor, and we certainly respect
13   your schedule and understand the inconvenience that it places
14   on you when a trial is moved.  Here's the problem, though.  If
15   we don't get the plaintiffs' reports until 30 days later, we
16   will not be able to turn around our expert reports 30 days
17   beyond that.  And the plaintiffs have already told us that to
18   the extent that these depositions occur after their disclosure
19   deadline, they intend to supplement their expert reports.

20        So you wind up with multiple supplements of
21   plaintiffs' expert reports which we, in turn, will then be
22   coming to you and saying, "Your Honor, they shouldn't be
23   entitled to belatedly supplement.  They should have scheduled
24   these depositions earlier.  Now if you're going to let them
25   supplement, then we need to supplement, too."  I absolutely

1  respect what you're saying, judge, but I believe if you order
2  the parties to sit down and come back --
3           THE COURT:  I hope you respect what I'm saying.
4  Some of us have been called "so-called judges" here recently
5  and there's been some concern about our branch of the
6  government.  And I appreciate your respect there, but trying
7  to move this -- unless there's an agreement among the parties
8  to move this and that your calendars are flexible in the next
9  couple of years to set aside a month for each of these trials,
10 then I'm not -- I'm not really inclined to do that.  I've
11 already blocked out my calendars for these periods of time.
12 Other trials have been set on my calendar.  So it's just going
13 to be difficult to do.
14          MS. PIERSON:  If Your Honor is not inclined to do
15 that, I think there are couple of things that we would ask of
16 Your Honor then.  One is that plaintiffs are not entitled to
17 supplement their expert reports.  Once we get the reports,
18 whatever date that is, that's the date that the expert
19 opinions are closed.
20          THE COURT:  I don't have any problem with that
21 either.
22          MS. PIERSON:  The other thing that we'd ask Your
23 Honor is that when we get back together again, I think a month
24 from now, we'll have a much clearer picture of where we are on
25 the discovery.  My belief right now, based on the depositions

1  that have been taken, is that Gage is farther along than the
2  Hill case is at this point and it may be more appropriate to
3  try the Gage case than the Hill case in October. But I think
4  we --
5           THE COURT: I've got time blocked out. If you guys
6  want to agree to try one before the other, I have no problem.
7           MS. PIERSON: Well, I think we'll know a lot more on
8  that point within the next 30 days.
9           THE COURT: I'm going to try to work with you and
10 help you get this case or these cases ready for trial. But in
11 terms of moving things around on my schedule on various
12 occasions, I'm just not -- I'm not inclined to do that.
13          MS. PIERSON: So long as there's no supplementation
14 of the expert opinions, then I think that may be workable.
15          THE COURT: There's no -- there would be no
16 supplementation unless somebody gives me a pretty darn good
17 reason that it needs to be done. You've got to cut this off
18 at some time and just try the case.
19          MS. PIERSON: Understood.
20          THE COURT: Anything else, Mr. Williams,
21 Mr. Matthews?
22          MS. PIERSON: I'm sorry, Your Honor. Just one thing
23 Mr. King is reminding me. If you're extending the plaintiffs'
24 expert deadline 30 days, we'd ask that you'd extend ours as
25 well 30 days.