The Court agrees with the arguments set forth in this motion, particularly that the subpoena seeking documents from a non-party for a 17-year period is overly broad and unduly burdensome.
Tim A. Baker
U.S. Magistrate Judge
August 28, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Civil Action No.: 4:17-mc-1721

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA – INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING,
SALES PRACTICES & PRODUCT LIABILITY LITIGATION

This Document Relates to All Actions

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

### NON-PARTY ALAN B. LUMSDEN, M.D.'S
### MOTION TO QUASH AND MOTION FOR PROTECTION
### FROM SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

Non-Party Alan B. Lumsden, M.D., ("Non-Party Dr. Lumsden") by and through his
undersigned counsel and pursuant to Fed. R. Civ. P. 45(c), files this Motion to Quash and Motion
for Protection from Plaintiffs' Subpoena to Produce Documents, Information or Objects attached
as *Exhibit A*, issued to him on May 19, 2017 at the request of Plaintiffs and states as follows:

### I. INTRODUCTION

The underlying lawsuit between the parties relates to numerous ongoing products liability
actions joined in multidistrict litigation against Cook Medical and its related corporate entities.
*See generally Transfer Order at **Exhibit B**; see also generally Cook Medical's Answer at*
***Exhibit C***. Non-Party Dr. Lumsden is one of many physicians throughout the country that has
implanted Cook Medical intravascular cardiovascular ("IVC") filters in his medical practice and

worked with Cook Medical in regards to IVC filter studies. The crux of the parties' dispute involves the safety of certain IVC devices. *See generally **Exhibits B** and **C**.*

On May 19, 2017, Non-Party Dr. Lumsden was served with an overly broad and unduly burdensome subpoena that calls for the disclosure of documents from the years 2000 – 2017 pertaining to confidential, proprietary, and trade secret presentations, agreements, tests, studies and adverse event reports related to IVC filters – including those made by Cook Medical and all others. The subpoena demands production of documents from the past seventeen years. The requests are overly broad and unduly burdensome to Non-Party Dr. Lumsden. The subpoena also calls for documents that are already in the possession of Cook Medical, a real party in interest, and therefore the expense and inconvenience to Non-Party Dr. Lumsden should be considered. Therefore, Non-Party Dr. Lumsden moves to quash the subpoena and moves for protection as set forth below.

## II. SUMMARY OF THE ARGUMENT

The subpoena seeks five different categories of information: (1) confidential and trade secret contracts and agreements;[1] (2) confidential and trade secret presentations;[2] (3) confidential and trade secret communications;[3] (4) documents and statistical analysis related to patients who received IVC filters;[4] and (5) confidential and patient-safety related documents relating to adverse events or complaints concerning IVC filters.[5]

Pursing the discovery of confidential, proprietary, trade secret, and patient-safety related agreements, presentations, studies and reports from Non-Party Dr. Lumsden imposes an undue burden upon him and his employer. However, all responsive documents in Non-Party Dr.

---

[1] *Exhibit A* at Requests No. 1 and 3.
[2] *Exhibit A* at Requests No. 4.
[3] *Exhibit A* at Requests No. 2, 5, 6, 7, and 10.
[4] *Exhibit A* at Requests No. 8.
[5] *Exhibit A* at Request No. 9.

2

Lumsden's possession, if any, should also be in the possession of Cook Medical, a real party in interest. For example, any documents relating to Cook's interpretation or definition of the term "penetration", "perforation", or "puncture" as they relate to IVC filters would be in the possession of Cook Medical. *See **Exhibit A** at Request No. 10.*

Non-Party Dr. Lumsden moves to quash and moves for protection from Plaintiffs' subpoena for the production of documents, information, or objects because they seek information and pose an undue burden to a non-party, and seek the disclosure of confidential, privileged, trade secret information, and seek the disclosure of confidential and privileged hospital committee and/or peer review information that is utilized for the improvement of patient care by Non-Party Houston Methodist Specialty Physician Group, Non-Party Dr. Lumsden's employer. Non-Party Dr. Lumsden respectfully requests that his motion to quash and motion for protection be granted.

### III.

### MOTION TO QUASH AND MOTION FOR PROTECTION

Non-Party Dr. Lumsden asks the Court to quash Plaintiffs' subpoena and protect him from all requests seeking overly broad material for a period of seventeen years. Such an overly broad and vague request that is not sufficiently limited in time or scope, poses an undue burden on Non-Party Dr. Lumsden and seeks privileged and confidential documents. In addition, the requested documents are available from a more convenient source – Cook Medical who is a real party in interest in the underlying case. Therefore, the subpoena should be quashed and Non-Party Dr. Lumsden should be protected.

## A.   Nonparty Discovery & Subpoena Requirements.

Rule 45 of the Federal Rules of Civil Procedure is the only discovery method available to obtain information from a non-party. On timely motion[6], the issuing court <u>must</u> quash or modify a subpoena that requires disclosure of privileged or other protected matter, or subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A).[7]  Further, non-parties and persons affected by a subpoena may seek a protection pursuant to Rule 26(c). FED. R. CIV. P. 26(c); *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322-23 (C.A. Fed. (NJ) 1990).

With regard to undue burden, the Fifth Circuit has outlined the following factors: (a) relevance of the information requested; (b) the need of the party for the documents; (c) the breadth of the document request; (d) the time period covered by the request; (e) the particularity with which the party describes the requested documents; (f) the burden imposed; and (g) the expense and inconvenience to non-parties. *Wiwa v. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir. 2004). As demonstrated below, these factors demonstrate an undue burden exists by the subpoena, which requires that the Court quash or modify the request as to Non-Party Dr. Lumsden.

### 1.  *Relevance of the information requested.*

Plaintiffs' request for documents that refer, reflect or relate to confidential and trade secret contracts, agreements, presentations, communications, and testing of IVC filters are likely relevant to the underlying suit between Plaintiffs and Cook Medical.

---

[6] Non-Party Dr. Lumsden requested an extension to respond to Plaintiffs' subpoena, which was granted by Plaintiffs. *See correspondence extending deadline to respond until July 5, 2017, attached hereto as **Exhibit D**.* Therefore, this motion is timely pursuant to the parties' agreement. *See id.*

[7] In addition to these non-discretionary grounds, the issuing court <u>may</u> quash or modify a subpoena that requires the disclosure of trade secret or other confidential information, research development or commercial information. *Id.* at 45(d)(3)(B).

2. *Need of the requested documents from Non-Party Dr. Lumsden.*

There is no need for any documents from Non-Party Dr. Lumsden since there has been no showing that these documents are not available from Cook Medical – a real party and more convenient source. Moreover, the ambiguous, vague and extremely broad nature of the requests demonstrate that many of the requests would constitute an impermissible fishing expedition rather than a narrowly tailored request for documents that are actually needed. Presumably, Plaintiffs have access to other documents, witnesses and evidence from the actual parties in the case.

3. *Breadth of the document request.*

The subpoena requests documents from Non-Party Dr. Lumsden and his employer from a time period of *seventeen years*. Non-Party Dr. Lumsden's employer is Houston Methodist Specialty Physician Group ("HMSPG"). This request will require the assistance from multiple HMSPG employees and agents. The requests seek all documents regarding any IVC filter, including those not manufactured by Cook Medical, from January 1, 2000 to the present. *See Exhibit A*. The requests are not tied to any particular conduct or occurrence. Instead, the blanket requests are so broad that it renders them unduly burdensome and ambiguous. Non-Party Dr. Lumsden and HMSPG should not have to conduct exhaustive searches to determine what documents might possibly refer, relate or reflect IVC filter information, communications, agreements, or presentations for the past seventeen years.

4. *Time period covered by the request.*

The relevant time period is defined as January 1, 2000 to the present – currently 17.5 years and growing. The requested time period is vast. This broad range tends to establish the undue burden posed by the requests.

5. *Particularity with which Plaintiffs describe the requested documents.*

The requests are not tied to any particular conduct or occurrence. Rather, the subpoena requests various categories of documents that relate to a seventeen year period. Neither Non-Party Dr. Lumsden nor HMSPG should be required to conduct a search for documents that are not requested with reasonable particularity. Such a result, would pose an undue burden on Non-Party Dr. Lumsden.

6. *Burden, Expense and Inconvenience to Non-Party Dr. Lumsden.*

An overly broad, vague and ambiguous request that is also not at all limited in time and not reasonably limited in scope, which also seeks the production of privileged documents, necessarily creates an undue burden on the party responding. Considering Plaintiffs' request covers a time period of seventeen years, Non-Party Dr. Lumsden will be burdened and will incur unnecessary expense to locate and respond to Plaintiffs' subpoena. This request was not made to avoid undue burden on Non-Party Dr. Lumsden. *See* FED. R. CIV. P. 45(d)(1).

These six factors identified in *Wiwa* establish that the subpoena is unduly burdensome and should be quashed or modified to alleviate the imposition on Non-Party Dr. Lumsden. *See* FED. R. CIV. P. 45(d)(3)(A).

As such, the burdensome requests would require Non-Party Dr. Lumsden and his employer, HMSPG, to mine through voluminous documents, such as contracts, agreements, presentations, communications, and privileged and confidential adverse event reports generated over a seventeen year period to determine whether the documents are responsive, whether they are privileged, and to prepare a corresponding privilege log. In order to respond to such a request, Non-Party Dr. Lumsden would have to utilize administrative staff, executive staff, in

house legal counsel and outside legal counsel to conduct the review and fully respond to the subpoena. *See Affidavit of Michael Siegfried, attached as **Exhibit E**.*

The subpoena also seeks information regarding tests, studies or complaints of adverse events related to patient care and outcomes. In general, investigation and complaints related to patient care and outcomes are performed and completed by various hospital committees pursuant to authority granted to them by the Hospitals Bylaws for the improvement of patient care at Non-Party Dr. Lumsden's employer, HMSPG. *Id.* They are not maintained in the ordinary course of business, but are maintained separately in files that are not distributed to anyone outside of the relevant committees' peer review and/or improvement of patient care processes. Therefore, such documents might not be in the possession of Non-Party Dr. Lumsden. They are privileged hospital committee and/or peer review documents pursuant to TEX. HEALTH & SAFETY CODE §§ 161.031, *et seq.*, TEX OCC. CODE §§ 160.001, *et seq.*, 42 U.S.C. §§ 11101, *et seq.*, and/or 42 U.S.C. §§299b, *et seq.*; *see also **Exhibit E***. Additionally, such documents and analyses will often contain protected patient health information, and if produced, would require redactions. *See* 42 U.S.C. 1320d, *et seq.* Therefore, in order for Non-Party Dr. Lumsden to respond to the requests related to adverse event reporting and tests, which might not even be in his possession, he would again be required to mine through voluminous documents over a period of seventeen years and determine whether the documents are responsive, whether they are privileged, and would be required to prepare a corresponding privilege log. *See **Exhibit E***. As such, any privileged documents requested in the subpoena are being withheld pursuant to the hospital committee and peer review committee privileges. *See* TEX. HEALTH & SAFETY CODE §§ 161.031, *et seq.*, TEX OCC. CODE §§ 160.001, *et seq.*, 42 U.S.C. §§ 11101, *et seq.*, and/or 42 U.S.C. §§299b, *et seq.*

**B.     The Subpoena May Also Be Quashed Because It Improperly Seeks Confidential and Proprietary Trade Secret Information.**

The subpoena may also be quashed because it seeks documents and information related to Non-Party Dr. Lumsden's confidentiality, non-disclosure and non-compete contracts and agreements with Cook Medical.  Accordingly, the requests not only seek confidential and proprietary trade secret information of Non-Party Dr. Lumsden, but also that of another party in interest, Cook Medical.

The disclosure of such documents and information are protected as trade secret. Texas Courts consider the following six factors in evaluating whether a trade secret exists: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to guard the secrecy of the information; (4) the value of the information to the business and to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *In re Cooper Tire & Rubber Co.*, 313 S.W.3d 910, 915 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  Additionally, neither Non-Party Dr. Lumsden, nor his employer HMSPG, have been provided with a protective order in this case that would permit the disclosure of such trade secret information.

Such documents and information are kept confidential and are not disclosed to the general public or competitors.  Plaintiffs have acknowledged as much in their subpoena request by requesting "confidential" documents.  Further, agreements between Non-Party Dr. Lumsden and Cook Medical have been stamped as "confidential."  The real party in interest, Cook Medical, should be the responsible for disclosing any such information.

For these reasons, Non-Party Dr. Lumsden respectfully requests the subpoena be quashed and that he be protected from complying with the request as set forth above.

Respectfully submitted,

**SERPE, JONES, ANDREWS, CALLENDER & BELL, PLLC**

By: ___/s/ John S. Serpe_____
John S. Serpe
Fed. Bar No. 4741
jserpe@serpejones.com
Gregory W. Smith
Fed. Bar No. 34279
gsmith@serpejones.com
America Tower
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone:    (713) 452-4400
Facsimile:     (713) 452-4499

**Attorneys for Non-Party
Alan Lumsden, M.D.**

## CERTIFICATE OF CONFERENCE

I hereby certify that efforts were made on July 5, 2017 to confer with Ben Martin and Matt Schultz.  However, an agreement could not be reached and thus this motion is submitted to the court for a determination.

_/s/ John S. Serpe_____
John S. Serpe

## CERTIFICATE OF SERVICE

On this 5th day of July, 2017, a true and correct copy of the above and foregoing pleading was filed with the Clerk of Court through the electronic e-filing system, which will automatically send electronic notice of such filing all counsel of record.

_/s/ John S. Serpe_____
John S. Serpe

793895_1.DOC

9