UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND        Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates to Plaintiffs

    Elizabeth Jane Hill
    No. 1:14-cv-06016-RLY-TAB

    Arthur Gage
    No. 1:13-cv-01875-RLY-TAB

_____

### COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STRIKE PLAINTIFFS' PRELIMINARY EXHIBIT LISTS

The Cook Defendants[1] submit this Memorandum in support of their emergency motion to strike the preliminary exhibit lists submitted by Plaintiffs Hill and Gage for failure to comply with the agreed terms of the Second Amended Case Management Order No. 19 ("CMO 19") entered on July 11, 2017, and to order Plaintiffs to produce compliant exhibit lists by September 1, 2017.

    As set out in CMO 19, the parties agreed to serve on August 1, 2017:

Preliminary Witness & Exhibit Lists: Preliminary witness and exhibit lists are due on or before the dates listed below. The lists should reflect the specific potential witnesses and exhibits at each bellwether trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.

Dkt. 5062-3 at 3 (adopted for Hill and Gage in Dkt. 5380).

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS.  All references to the "Cook Defendants" refer to all three entities unless otherwise noted.

Rather than complying with CMO 19, Plaintiffs served the exact *opposite* of what they agreed to provide. Plaintiffs' preliminary exhibit lists consist almost entirely of broad, vague, and highly generic descriptions, including:

> 2.   All documents produced by Defendant.
>
> 5.   All exhibits to all depositions taken in MDL 2570.
>
> 29.  All documents produced pursuant to all third-party subpoenas

Plaintiff Elizabeth Hill's Preliminary Exhibit List at 1-3 (Dkt. 5568); *see also* Plaintiff Arthur Gage's Preliminary Exhibit List at 1-3 (Dkt. 5569).

Because of their breadth and lack of detail, these preliminary exhibit lists are utterly useless to Cook and the Court, and they obviously reflect no work at all on the part of Plaintiffs and their attorneys. Plaintiffs provide no specificity and no selection: Plaintiffs *literally* list *every* document that Cook or anyone else has produced or used at any time in the MDL, a body of materials that comprises millions of pages. These are exactly the type of vague, general lists that the parties and the Court expressly *prohibited* in the agreed language of CMO 19 quoted above.[2]

Not only do Plaintiffs' lists violate the letter of CMO 19, they defeat CMO 19's purpose of permitting the parties to properly prepare for trial. The lists' unlimited and generic descriptions do not adequately apprise the Cook Defendants of the evidence that Plaintiffs intend to offer in prosecuting their claims. Given the millions of pages of documents described by Plaintiffs' lists, the Cook Defendants cannot possibly properly prepare for a trial just two months

---

[2] Cook acknowledges that its own Preliminary Exhibit Lists are lengthy, with over 3,000 possible trial exhibits. Nevertheless, Cook's lists represent a painstaking and massive reduction from the millions of pages of possible exhibits to the tiny fraction that Cook expects it might actually use at trial. Moreover, Cook's lists include placeholders and duplications that will be eliminated after Cook and Plaintiffs resolve outstanding issues concerning exhibit numbering, which will reduce Cook's list even further.

US.113907907.01

away. This is the very scenario the parties sought to avoid when they agreed to add preliminary lists in the first place.

The Cook Defendants also cannot wait until the September 23, 2017 due date for Plaintiffs' final exhibit lists, *see* Dkt. 5380 (adopting schedule proposed in Dkt. 5062), even assuming that Plaintiffs would provide more detailed and specific information at that time. The Cook Defendants need this information now, and the Court should enforce the agreed order requiring Plaintiffs to produce it.

Cook's attorneys raised these problems with Plaintiffs' exhibit lists with Plaintiffs' attorneys during the week of August 14, and even suggested ways to minimize Plaintiffs' work to make their lists compliant with the Court's order. Cook's counsel requested a response by August 21, and based on those conversations, Cook was hopeful Plaintiffs would agree to amend their exhibit lists to provide the required detail. Instead, Cook heard nothing further from Plaintiffs until an email from their attorney on Sunday, August 27. That email rejected the parties' agreement, flouted the Court's express order, and tried to use the amount of work Plaintiffs' attorneys have left to do before trial as an excuse for not having already done the work that the Court's order required:

> I apologize for the brief [sic] delay in getting back to you. Among many other things, the deposition designation kept us all busy last week, so thank you for the follow up e-mail.
>
> * * *
>
> Between now and when the final exhibit list is due, we all have much to work on (summary judgment and Daubert responses, depositions, etc.). Rather than exert time and effort on an expansion of Mrs. Hill's preliminary exhibit list--particularly when you will have our final list in less than a month--I think there are much better uses of everyone's time. In short, we will stand on our preliminary witness and exhibit list.

Ex. A, Email from Joseph Williams to Joseph Tanner (Aug. 27, 2017). The Court required Plaintiffs to file compliant preliminary exhibit lists by August 1, 2017, and Plaintiffs are already

US.113907907.01

nearly a month past that deadline. Plaintiffs have offered no justification and no excuse for their conduct.

Plaintiffs' delays, first in failing to serve an exhibit list compliant with the Court's order and then in failing to timely respond to Cook's concerns, have already deprived Cook of nearly a month of the trial preparation time the Court's order contemplated, and any further delay would only increase the unfair prejudice to Cook. The Cook Defendants therefore respectfully request that this Court hear this motion on an emergency basis, grant its Motion, and immediately enter an Order (1) striking the Plaintiffs' preliminary exhibit lists, and (2) requiring Plaintiffs Hill and Gage to serve replacement preliminary exhibit lists complying with the terms of CMO 19 by September 1, 2017.

Dated: August 29, 2017

Respectfully submitted,

/s/ John T. Schlafer
Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (#11856-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-mail:  andrea.pierson@faegrebd.com
E-mail:  Joe.tanner@faegrebd.com
E-mail:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Facsimile:  (260) 460-1700
E-mail:  stephen.bennett@faegrebd.com

*Attorneys for defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS*

US.113907907.01

## CERTIFICATE OF SERVICE

  I hereby certify that on August 29, 2017, a copy of the foregoing COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STRIKE PLAINTIFFS' PRELIMINARY EXHIBIT LISTS was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Cour7t's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

                /s/ John T. Schlafer