## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to the Following Actions only:

    Elizabeth Jane Hill
    No. 1:14-cv-06016-RLY-TAB

## COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION PRECLUDING SUBSTANTIVE USE OF TRANSCRIPTS OF DEPOSITIONS OF WITNESSES WHO ARE AVAILABLE TO TESTIFY AT TRIAL

Plaintiff Elizabeth Hill has designated the videotaped deposition testimony of 31 different witnesses for trial, 13 of whom are located within the State of Indiana and are within the Court's subpoena power, and one of whom is a Cook expert witness who will testify live in Cook's case-in-chief. The Federal Rules do not permit parties to offer deposition testimony as substantive evidence at trial where the deponent is available to testify live. Given the newly revealed scope of Plaintiff's intended trial-by-deposition, the Cook Defendants move this Court for an Order barring the parties from offering deposition testimony from any witness who is available to testify at trial pursuant to Rule 45(c). [1]

---

[1] At the telephonic conference on June 19, 2017, the Court made the following comment, suggesting that Plaintiffs in these actions would be allowed to present substantive deposition testimony of Cook witnesses at trial, even if those witnesses were available to testify live at trial:

> THE COURT: Okay. I'm not going to tell you [plaintiff's attorney] how to try your case. I told you what my thoughts are regarding bringing witnesses in one time and efficiencies of trial; but as I said, for strategic reasons if you want to bring somebody live or play their taped testimony, that's fine with me as well.

Ex. A, Transcript of June 19, 2017 Status Conference ("6/19/2017 Tr.") at 44:7-12. However, neither party had had a chance to brief the issue or to draw the Court's attention to the governing rules, and Plaintiff's designation of 31 videotaped depositions for the first time makes clear the scope of the issue presented.

US.113475302.09

This motion addresses *only* the use of deposition testimony as *substantive evidence*. Cook recognizes that Rule 32(a)(2) expressly allows parties to use deposition testimony for impeachment purposes, and does not ask the Court to limit that use.

## Discussion

The Court should bar the parties from attempting to present as substantive evidence at the trial of this matter the deposition testimony of any witness who is available to be called live at trial. Several grounds support such an order. First, nothing in the Rules permits parties to avoid live testimony through the use of depositions, which Plaintiff clearly intends to do. They prefer videotaped sound-bites cherry picked from seven or more hours per witness of discovery depositions, as opposed to live direct and cross examination at trial. Cherry-picked video soundbites are no substitute for live, complete direct and cross examination. Second, Plaintiff's proposed use of depositions will create substantial practical and logistical problems and will unfairly prejudice Cook. Finally, to the extent Plaintiff may claim a different standard applies to Rule 30(b)(6) deponents, she is mistaken; the same reasoning and the same standards apply.

### A.    The Rules do not permit deposition testimony where live testimony is available.

The Federal Rules do not permit a party to present as substantive evidence at trial the deposition testimony of a witness who is available to testify live. Rule 32(a)(4) of the Federal Rules of Civil Procedure allows the presentation of deposition testimony at trial if the witness is *unavailable* for trial. The Rule makes no provision for the presentation of deposition testimony at trial if the witness is *available*.

This distinction is based on sound policy grounds. Depositions are primarily discovery tools and have limited applicability at trial. The "strong preference of Anglo-American courts for live testimony, especially in a case that turns on the credibility of testimony contradicted by

2

other witnesses," cuts strongly against replacing live witness testimony with deposition testimony. *Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1996). Deposition testimony "always has been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Hosie v. Chi. & N. W. Ry. Co.*, 282 F.2d 639, 641 (7th Cir. 1960). "Trial by deposition" is "a condition not satisfactory to court, jury or most litigants." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947). Judges in this District have frequently commented that they "aim to limit the risk of 'trial by deposition.'" *See, e.g., Orban v. City of Warsaw*, No. 1:01-cv-1013-DFH-TAB, 2007 WL 1686962, at *5 (S.D. Ind. 2007) (Hamilton, J.) (citing cases). Based on this conclusion, this Court has refused to allow parties to read deposition testimony into the record (even a Rule 30(b)(6) deposition) when the witness will be available to testify live at trial, observing that doing so "would undermine the court's preference for live testimony and the significance of cross-examination." *Berry Plastics Corp. v. Intertape Polymer Corp.,* No. 3:10-cv-76-RLY-WGH, 2015 WL 7960986, at *2 (S.D. Ind. Dec. 4, 2015).

The Court should follow that procedure here. Plaintiffs deposed many Cook employees and experts, and Cook anticipates making the Indiana-based witnesses, at a minimum, available to testify live at trial. Contrary to Plaintiff's apparent position, Rule 30 does not permit her to avoid calling and questioning witnesses live at trial, particularly given that at least 13 of the fact witnesses are within the state and another will testify as Cook's expert witness in its case-in-chief. The Rules of Civil Procedure offer no basis for Plaintiff to present deposition testimony as a substitute for the live testimony of such witnesses.

**B.** **Presenting deposition testimony where live testimony is available presents unnecessary practical problems.**

The use of deposition testimony as substantive evidence where the same witness is available live also presents practical problems. If Plaintiff presents John Doe's testimony by

deposition despite his actual presence in the courtroom, Cook presumably could either call Mr. Doe to the stand immediately following the presentation of his deposition to pose questions to him or question him during its case-in-chief.  The jury will wonder why they have to sit through a video rendition of Doe's testimony (while Doe sits in the courtroom watching himself on a television monitor), only to then watch him take the stand at the end of his video testimony or in Cook's case-in-chief to offer live testimony. As matters currently stand, Plaintiff apparently proposes to repeat this scenario more than a dozen times.

The practical problems would be even worse if the Court were for some reason to preclude Cook from presenting Doe's live testimony upon the conclusion of his video, and instead to limit Cook to responding only with counter-designated deposition testimony and to force Cook to wait until its case in chief to call Doe live.  Such an approach would ensure that many witnesses are effectively called *twice* in the case: once through video testimony during the Plaintiff's case in chief, and then again during Cook's case in chief.  Based on Plaintiff's submissions, this may occur more than a dozen times.

This fractured presentation of the testimony of a single witness will only confuse the jury and impede their understanding of Doe's testimony as a whole.  Such a procedure would also make the trial longer, as Cook will need time (1) to re-familiarize the jurors with the now-live witness and (2) to reestablish the content and context of the earlier deposition testimony to permit intelligible follow-up questions. Both clarity and brevity are best served by having each witness appear *once*, to tell their story in one go, rather than having witnesses appear at least twice—once live and once secondhand—to tell their stories in fragments.

Moreover, as the Court is well aware, parties defending depositions rarely question or develop the testimony of their own witnesses or experts during depositions, at least beyond simple clarification or the correction of omissions.  For example, at Plaintiff Hill's own

4

deposition, Cook's attorneys questioned Plaintiff for 231 pages, while her own attorney's questioning filled only 14 pages.  Instead, most parties rely on their ability to present their witnesses' testimony live at trial.  Restricting Cook to deposition testimony in response to Plaintiff's use of deposition testimony during their case in chief would therefore unfairly prejudice Cook by preventing it from providing the context for and rebuttal to whatever deposition passages Plaintiff elects to play in real time.

Plaintiff's counsel insisted on seven hours or more to depose nearly every Cook witness in this case, and those Cook witness depositions account for 26 of the 31 witnesses for whom she has designated deposition testimony.  Had Cook sought any substantial portion of that time for its own questioning, the depositions would have taken *far* longer and Plaintiff surely would have objected.  Indeed, even at the depositions of non-Cook witness depositions like Dr. John Kauffman, Dr. Paul Timperman, and Jim Carlson, Plaintiff insisted on a right to the majority of the questioning time.

Plaintiff's proposed use of 13 depositions of available Cook witnesses also promises to increase the workload for both the Court and the parties and to waste everyone's time.  If Plaintiff is permitted to use the deposition designations she proposes for these 13 witnesses instead of examining the witnesses live in court, Cook will have to prepare objections and counter-designations for those witnesses, and the Court will have to rule before trial on all of each party's objections to the other's designations.  If the witnesses testify live, of course, objections and rulings would be handled quickly and efficiently during the questioning.

A balanced, efficient, and complete presentation of the evidence warrants live testimony and direct and cross examinations.  Had Plaintiff notified the Court or Cook of her intent to try the entire case by video deposition, Cook most certainly would have insisted on a fair portion of the deposition time to question each witness.  Plaintiff should not be permitted to avoid live

testimony from the key witnesses in this case now, and Cook should not be left to counter-designate testimony from Plaintiff's questioning of the witnesses when Cook did not have a fair portion of the time for its own questioning of the witnesses.  If Plaintiff is permitted to cherry-pick the evidence in this way, then Cook would have every right to redepose its own employees and designate from their testimony—a time-wasting and untenable solution.  The simple solution is to permit available witnesses to testify live.

>    **C.     Plaintiff's apparent strategy in this case poses particular problems of unfair prejudice to the Cook Defendants.**

The trial tactics that Plaintiff has telegraphed through her attorneys' pretrial conduct suggests that Plaintiff intends to be inconsistent in her use of deposition versus live testimony at trial, and to employ that inconsistency to magnify the unfair prejudice to the Cook Defendants. For example, Plaintiff's attorney deposed Cook employee Jim Gardner on August 14, 2017, and thus will have Dr. Gardner's deposition testimony available at the time of trial.  Notwithstanding the existence of that deposition, however, Plaintiff's attorney also served Dr. Gardner with a subpoena to appear at trial at the conclusion of the deposition.  *See* Ex. B, Subpoena to Gardner.

This trial subpoena at the end of a discovery deposition makes Plaintiff's strategy clear: she intends at trial to choose—witness by witness—whether to use the witness's deposition or call the witness live, while depriving the Cook Defendants of the same choice.  If Plaintiff elects to call a witness live at trial, Cook must perform its examination of that witness live at trial.  If Plaintiff elects to offer a witness's deposition instead, Cook must assemble its examination of the witness from the same deposition.  Thus, if Plaintiff finds a witness whose deposition testimony she particularly likes, she can avoid the risks of a responsive live witness and use the deposition, effectively restricting Cook to the existing transcript for testimony to counter what Plaintiff has designated or, in instances where Cook conducted little or no direct examination of an employee

6

or expert deponent, preventing Cook from presenting any immediate counter-testimony at all.

This one-sided approach would be manifestly unfair to the Cook Defendants, depriving them of

any reasonable chance of a balanced trial and in essence preventing them from offering any

effective counter-testimony until its case in chief, after the jury has already formed many of its

opinions.

**D.       Plaintiff is not entitled to use deposition rather than live testimony of a
          witness just because the witness was designated as a Rule 30(b)(6) witness.**

One final permutation of this issue deserves discussion.  During the June 19, 2017

telephone status conference, Plaintiff's attorney suggested some possible distinction in

admissibility at trial of deposition testimony from witnesses designated pursuant to Rule

30(b)(6), as opposed to witnesses deposed in their individual capacities.  *See* 6/19/201 Tr. at

44:4-6 ("Rule 32 expressly allows us to use depositions if a party, agent, or designee for any

purpose; and we just want to make sure that that right of ours is preserved.").  Plaintiff's view is

mistaken.  In fact, like other deposition, the use of such depositions as substantive evidence is

not permitted where the witness is available.

The relevant language in Rule 32 provides:

> An adverse party may use for any purpose the deposition of a party or anyone
> who, when deposed, was the party's officer, director, managing agent, or designee under
> Rule 30(b)(6) or 31(a)(4).

Fed. R. Civ. P. 32(a)(3).  Plaintiff apparently wants to read "for any purpose" in this Rule to

provide that such 30(b)(6) deposition may be presented at trial even if the witness is available to

testify live at trial.  This Court has rejected such a reading.  In *Berry Plastics*, this Court

observed that "[a]lthough Rule 32(a)(3) provides that 30(b)(6) deposition may be used 'for any

purpose,' nothing in the rule 'indicates that they may be used *at any time* or *in any manner* as a

party sees fit.'" 2015 WL 7960986, at \*2 (original emphasis).  The *Berry Plastics* court went on

to order that an opponent could ***not*** use a Rule 30(b)(6) witness's testimony at trial when the witness was available to testify, concluding that "[t]o allow [the Rule 30(b)(6) witness's] deposition testimony to be read into the record would undermine the court's preference for live testimony and the significance of cross-examination." *Id.*

The same is true here. Several of Cook's employees were designated to testify on behalf of the corporation under Rule 30(b)(6), but nothing about that designation contradicts the "strong preference of Anglo-American courts for live testimony." *Griman*, 76 F.3d at 153. For the same reasons detailed above, if the Rule 30(b)(6) witness is available to testify live at trial, he or she should do so instead of having his or her deposition played to the jury.

## Conclusion

The Court should preclude the substantive use of deposition testimony of a witness who is available to testify live at trial.

US.113475302.09

Dated: August 29, 2017                           Respectfully submitted,


                                                 /s/ Charles F. Webber
                                                 Andrea Roberts Pierson (# 18435-49)
                                                 John T. Schlafer (# 28771-49)
                                                 FAEGRE BAKER DANIELS LLP
                                                 300 North Meridian Street, Suite 2700
                                                 Indianapolis, Indiana  46204
                                                 Telephone:  (317) 237-0300
                                                 Facsimile:   (317) 237-1000
                                                 E-Mail:  andrea.pierson@faegrebd.com
                                                 E-Mail:  john.schlafer@faegrebd.com


                                                 Charles F. Webber (# 215247)
                                                 FAEGRE BAKER DANIELS LLP
                                                 2200 Wells Fargo Center
                                                 90 South Seventh Street
                                                 Minneapolis, Minnesota  55402
                                                 Telephone:  (612) 766-7000
                                                 Facsimile:   (612) 766-1600
                                                 E-Mail:  chuck.webber@faegrebd.com


                                                 James Stephen Bennett
                                                 FAEGRE BAKER DANIELS LLP
                                                 110 W. Berry Street, Suite 2400
                                                 Fort Wayne, Indiana  46802
                                                 Telephone:  (260) 424-8000
                                                 Facsimile:  (260) 460-1700
                                                 E-Mail:  stephen.bennett@faegrebd.com


                                                 *Attorneys for Defendants Cook Incorporated, Cook*
                                                 *Medical LLC f/k/a Cook Medical Incorporated,*
                                                 *William Cook Europe APS*


                                                 9

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2017, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Charles F. Webber

US.113475302.09