# EXHIBIT A

```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF INDIANA
                  INDIANAPOLIS DIVISION


IN RE: COOK MEDICAL, INC.,      )
IVC FILTERS MARKETING, SALES    ) Cause No.
PRACTICES AND LIABILITY,        ) 1:14-ML-2570-RLY-TAB
LITIGATION                      ) Evansville, Indiana
                                ) June 19, 2017
                                ) 9:35 a.m.
                                )
```

**Before the Honorable**
**RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
TELEPHONIC STATUS CONFERENCE

**For Plaintiffs:**            Ben C. Martin, Esq.
                               LAW OFFICES OF BEN C. MARTIN
                               3710 Rawlins Street, Suite 1230
                               Dallas, TX   75219


                               Joseph N. Williams, Esq.
                               RILEY WILLIAMS & PIATT, LLC
                               301 Massachusetts Avenue
                               Indianapolis, IN   46204


For **Defendants:**            Andrea Roberts Pierson, Esq.
                               John T. Schlafer, Esq.
                               FAEGRE BAKER DANIELS LLP
                               300 N. Meridian St., Suite 2700
                               Indianapolis, IN   46204

                               John Joseph Tanner, Esq.
                               BAKER & DANIELS
                               300 N. Meridian Street
                               Indianapolis, IN   46204

```
 1  try our case, and I think that's what I'm hearing happen by
 2  the suggestion that we should be prohibited from playing
 3  depositions if Cook could bring the witness live.
 4          Rule 32 expressly allows us to use depositions if a
 5  party, agent, or designee for any purpose; and we just want to
 6  make sure that that right of ours is preserved.
 7          THE COURT:  Okay.  I'm not going to tell you how to
 8  try your case.  I told you what my thoughts are regarding
 9  bringing witnesses in one time and efficiencies of trial; but
10  as I said, for strategic reasons if you want to bring somebody
11  live or play their taped testimony, that's fine with me as
12  well.
13          MR. WILLIAMS:  Thank you, Your Honor.
14          MS. PIERSON:  Judge, just one related scheduling
15  question then.  If, during the plaintiff's case, they choose
16  to play a deposition instead of bringing the witness live, our
17  plan is to bring the witnesses live, to do our cross of the
18  live witness in some instances.  I mean, I just think jurors
19  are far more likely to stay awake if they have a real person
20  testifying as opposed to playing a video.
21          So we need some notice from the plaintiffs of the
22  days on which they'll play which witness's deposition
23  testimony, if they choose to play it by video, so we can
24  arrange to have our witnesses there so when we do our cross,
25  we're crossing a live person for the jury to see.
```