UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to Plaintiff:
Elizabeth Jane Hill

Civil Case No.: 1:15-cv-06016-RLY-TAB

**THE COOK DEFENDANTS' BRIEF
IN SUPPORT OF PLAINTIFF'S MOTION TO
MAINTAIN DOCUMENTS UNDER SEAL [DKT. NO. 5792]**

**I.     INTRODUCTION**

Plaintiff Elizabeth Jane Hill has filed Plaintiff's Motion to Exclude or Limit the Expert Testimony of Renu Virmani, M.D. ("Plaintiff's Motion to Exclude") [Dkt. No. 5790]. Plaintiff has submitted as supporting exhibits: Exhibit A - The Expert Report of Renu Virmani, M.D. (dated June 9, 2017) [Dkt. No. 5791-1], and Exhibit B – Excerpts from the uncertified ROUGH DRAFT TRANSCRIPT of the Deposition of Renu Virmani, M.D. (taken on August 8, 2017) [Dkt. No. 5791-2], which have been designated as "Confidential" by the Cook Defendants[1], pursuant to Case Management Order #8 (Stipulated Protective Order on Confidential Information). In accordance with Local Rules 5-11(d)(1) and 5-11(d)(2)(A)(ii), Plaintiff filed these confidential documents (Plaintiff's Exhibits A and B) *under seal* (*see* Dkt. Nos. 5791-1 and 5791-2) along with Plaintiff's Motion to Maintain Documents Under Seal [Dkt. No. 5792].

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

As the parties designating the documents as confidential, the Cook Defendants submit this Brief in Support of Plaintiff's Motion to Maintain Documents Under Seal and respectfully request that the Clerk of this Court maintain these confidential documents *under seal*.  The Clerk should maintain Plaintiff's Exhibits A and B under seal because there is good cause for sealing such documents.  Exhibits A and B reference and discuss Cook's preclinical (animal) IVC filter studies VCA1, VCA2, VCA3, and VCOB, which are confidential and proprietary product research, development, and testing documents and information.  These studies constitute confidential business and commercial information entitled to be protected from disclosure.  Indeed, Cook has designated and stamped each of these preclinical studies as "Company Confidential" pursuant to Case Management Order #8.  There is good cause to maintain Exhibits A and B (which reference and discuss the preclinical studies) *under seal* in order to protect the Cook Defendants' interests in their confidential and proprietary product research, development, and testing information and to protect the Cook Defendants from competitive harm.

Additionally, Exhibits A and B should be maintained under seal because they also reference and discuss Cook's August 2016 IVC Filter Data Summary ("IVC Filter Data Summary").  The IVC Filter Data Summary includes information about Cook's in-house complaint database associated with Cook IVC filters, manufacturers' IVC filter complaint data as reported to the FDA, and a search of literature pertaining to the effectiveness of IVC filters in preventing PE and the potential risks posed by Cook IVC filters.  The IVC Filter Data Summary (designated and stamped by Cook as "Company Confidential") is a confidential and proprietary Cook complaint handling and post-market product analysis document.  Exhibits A and B which reference and discuss the IVC Filter Data Summary should remain *under seal* for good cause in order to prevent competitive harm to Cook.

Finally, Exhibit A references and discusses Plaintiffs Elizabeth Jane Hill's and Arthur Gage's respective medical histories and conditions. It should be maintained under seal by the Clerk of the Court out of an abundance of caution (until Plaintiffs consent to what should be disclosed) in order to protect these Plaintiffs' interests in medical privacy and to prevent the disclosure of their private, sensitive medical information.

## II. THE APPLICABLE LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Consistent with Rule 26(c)(1)(G), the Seventh Circuit has long provided that documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed. *See Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002). Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act. *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[2] Under this standard, "a protectable trade secret has four characteristics: (1) information; (2) which derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. *E.g., Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001) (citations omitted). Other confidential business or commercial information that does not technically fit the definition of trade secret is similarly entitled to the same level of protection as trade secrets if its disclosure would be harmful. To justify such protection, a party must show that (1) the relevant

---

[2] The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

information is not readily publicly available, *see Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1, 3 (S.D. Ind. Sept. 24, 2014), and (2) that the disclosure of the information would pose a serious risk of harm, either physically or economically.  *See id.* at *2-3 (granting a protective order where public disclosure of confidential materials related to correctional facilities raised safety concerns); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").

      **A.**     **Research and Development**

Federal courts, including this court, have consistently held that product research, development, and testing documents and information are entitled to protection from disclosure as confidential and proprietary business information.  Such information constitutes confidential business information because "a competitor's access to [a company's] research and development . . . present[s] potential dangers and may lead to a windfall to the discovering party."  *Star Scientific,* 204 F.R.D. at 416 (S.D. Ind. 2001) (Baker, J.); *see also United States ex rel. Long v. GSD&M Idea City LLC*, 2014 WL 12648520, at *2 (N.D. Tex. Jan. 3, 2014) ("[I]nformation in which the producing party has a commercial interest, such as . . . research data, . . . has been found to constitute confidential commercial information."); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (exhibits were "sealable in their entirety because they contain[ed] HP's confidential product testing and evaluation process"); *cf. Andrx Pharm., LLC v. GlaxoSmithKline, PLC,* 236 F.R.D. 583, 586 (S.D. Fla. 2006) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information." (citation omitted)), *affirmed,* 2006 WL 2403942 (S.D. Fla. 2006).

### B.     Post-Market Product Analysis

Similarly, post-market product analysis is also entitled to protection from disclosure as confidential and proprietary business information. Disclosure of such proprietary post-market analysis information is harmful because it would "provide a blueprint for competitors." *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009); *see also Star Scientific*, 204 F.R.D. at 415 (research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge").

### C.     Complaint Handling

Courts have also recognized that internal complaint handling procedures are entitled to protection from disclosure as trade secrets or confidential and proprietary business and commercial information. For instance, internal complaint handling procedures and materials constitute trade secrets in Indiana if they contain (1) information; (2) that derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts reasonable under the circumstances to maintain its secrecy. *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245-46 (Ind. Ct. App. 2001); *see also, e.g.*, *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423-24 (S.D. Ind. 2001); *Rep. Servs. Inc. v. Liberty Mut. Ins. Cos.*, 2006 WL 1635655, at *5 (E.D. Ken. June 9, 2006) (concluding that claims handling and training materials "had economic value to [defendant] due to (1) their confidential nature, (2) the time, effort, and expense [defendant] invested in creating these materials, (3) the evolutionary process surrounding the development of these materials, (4) the competitive nature of the [industry's] business, and (5) the fact that competitors in [that] industry

do not disclose information about their claims handling policies and procedures to one another.").

### D. Medical Privacy

With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).  Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

### III. THE CONFIDENTIAL DOCUMENTS AT ISSUE THAT SHOULD BE MAINTAINED UNDER SEAL

**Exhibit A [Dkt. No. 5791-1]** is the Expert Report of Renu Virmani, M.D. (dated June 9, 2017).  Cook has designated and marked Dr. Virmani's expert report: "Confidential."  Among other things, Dr. Virmani's expert report references and discusses Cook's preclinical (animal) IVC filter studies VCA1, VCA2, VCA3, and VCOB, which are confidential and proprietary product research, development, and testing documents and information.  Cook has designated and stamped each of these preclinical (animal) studies referenced in Dr. Virmani's expert report as "Company Confidential" pursuant to Case Management Order #8.

Dr. Virmani's expert report also references and discusses Cook's August 2016 IVC

Filter Data Summary. The IVC Filter Data Summary is a comprehensive summary of: 1) available data from Cook's in-house complaint database associated with Cook IVC filters; 2) an up-to-date summary of all manufacturers' IVC filter complaint data as reported to the FDA (assessed from the FDA's Manufacturer and User Facility Device Experience (MAUDE) database); and 3) a systematic search of literature pertaining to the effectiveness of IVC filters in preventing PE and the potential risks posed by Cook IVC filters. As such, the IVC Filter Data Summary is a confidential and proprietary Cook complaint handling and post-market product analysis document. Like the preclinical studies referenced above, Cook has designated and stamped the IVC Filter Data Summary as "Company Confidential."

Further, Dr. Virmani's expert report briefly references and discusses Plaintiffs Elizabeth Jane Hill's and Arthur Gage's respective medical histories and conditions.

**Exhibit B [Dkt. No. 5791-2]** is Excerpts from the uncertified ROUGH DRAFT TRANSCRIPT of the Deposition of Renu Virmani, M.D. (taken on August 8, 2017). Dr. Virmani's deposition has been designated as "Confidential." Portions of the rough draft deposition excerpts submitted by Plaintiff reference and discuss Cook's preclinical (animal) IVC filter studies VCA1, VCA2, VCA3, and VCOB, and the IVC Filter Data Summary. As pointed out above, the preclinical filter studies and the IVC Filter Data Summary constitute confidential and proprietary business and commercial information regarding product research, development, and testing, complaint handling, and post-market product analysis. Cook has designated such information and documents as "Company Confidential."

Notably, the uncertified ROUGH DRAFT TRANSCRIPT of the Deposition of Renu Virmani, M.D. as submitted by Plaintiff *under seal* [see Dkt. No.5791-2] includes the following notice.

N O T I C E

   This transcript is an uncertified ROUGH DRAFT TRANSCRIPT.  It contains raw output from the court reporter's stenotype machine translated into English by the court reporter's computer without the benefit of proofreading.  It will contain mistranslations (wrong words) and misspellings.  These and any other errors will be corrected in the final transcript.  Since this rough draft transcript has not been proofread, the court reporter cannot assume responsibility for any errors therein.
   *This rough draft transcript* is intended to assist attorneys in their case preparation and *is not to be construed as the final transcript.  It is not to be read by the witness or quoted in any pleading or for any other purpose and may not be filed with any Court.*

Dkt. No. 5791-2 at 2 of 19 (emphasis added).

**IV. THERE IS GOOD CAUSE TO MAINTAIN THE DOCUMENTS UNDER SEAL**

  Good cause exists to maintain Exhibits A and B under seal.  Both documents reference and discuss Cook's preclinical (animal) IVC filter studies VCA1, VCA2, VCA3, and VCOB, and Cook's IVC Filter Data Summary.  The preclinical studies are confidential and proprietary product research, development, and testing documents and information.  The IVC Filter Data Summary, which includes information on Cook's in-house complaint database associated with Cook IVC filters, manufacturers' IVC filter complaint data as reported to the FDA, and a search of literature pertaining to the effectiveness of IVC filters in preventing PE and the potential risks of Cook IVC filters, is a confidential and proprietary complaint handling and post-market product analysis document.  Cook has designated the preclinical studies and IVC Filter Data Summary as "Company Confidential."  Cook would face competitive and economic harm if information about its preclinical studies and its IVC Filter Data Summary as set forth in Exhibits A and B (or otherwise) were publicly disclosed.  Exhibits A and B should remained sealed to prevent public disclosure of Cook's proprietary and confidential business and commercial information.

As the Cook Defendants more fully demonstrated in their May 1, 2017 letter to Magistrate Judge Tim A. Baker and the supporting Declaration of Mark Breedlove (attached for reference as **Exhibit 1**), Cook invests substantial resources into product research, development, and testing, including with regard to Cook's IVC filter technology. Breedlove Decl. ¶ 6. Cook maintains strict confidentiality over its research and development ideas, efforts, and results, and considers such information to be proprietary to the company. *Id.* Disclosure of such information would result in competitive harm to Cook and could "lead to a windfall to the discovering party." *Star Scientific*, 204 F.R.D. at 416; Breedlove Decl. ¶ 7.

With respect to their references and discussion of Cook's preclinical (animal) IVC filter studies, Exhibits A and B should be maintained under seal to protect Cook's interest in its confidential and proprietary product research, development, and testing information. Cook invests substantial resources into product research, development, and testing and maintains strict confidentiality over its efforts. Breedlove Decl. ¶ 6. The medical device industry, and the IVC Filter market in particular, is highly competitive. *See* Breedlove Decl. ¶¶ 3-5. The disclosure of Cook's confidential research and development information with respect to its IVC filters would result in competitive harm to Cook. Breedlove Decl. ¶ 7. Exhibits A and B which reference such confidential and proprietary information should be and remain sealed.

With respect to Exhibit A's and Exhibit B's references and discussion of Cook's IVC Filter Data Summary, these exhibits should remain under seal in order to protect Cook's interests in its confidential and proprietary complaint handling and post-market product analysis information and documents. Again, Cook's May 1, 2017 letter to Magistrate Judge Tim A. Baker and the supporting Declaration of Mark Breedlove (attached as **Exhibit 1**) are instructive on these issues.

Cook has developed complaint handling protocols and processes that govern the manner in which Cook responds to complaints, the types of information Cook evaluates in response to complaints, and the concerns and factors that drive Cook's decision-making in the complaint handling process. Breedlove Decl. ¶ 12. Cook maintains strict confidentiality with regard to its complaint handling efforts, as well as the underlying processes and protocols for such efforts. *Id*. Public dissemination of such information would harm Cook's competitive position by revealing the internal procedures Cook developed for processing customer complaints in an accurate and efficient manner. Breedlove Decl. ¶ 13.

Further, Cook undertakes substantial efforts to evaluate the performance of its medical devices (including IVC filters), as well as competitor devices in the industry, post-market. Breedlove Decl. ¶ 8. These include efforts to (among other things) evaluate adverse event reports, both quantitatively and qualitatively; review and internally evaluate peer-reviewed literature about Cook and competitor products; to perform testing on characteristics of Cook and competitor products; and, when there are reported failures, to study and understand how and why Cook or competitor products allegedly failed. *Id*. If publicly disclosed, Cook's methods of assessing its own products, including characteristics of products it may want to improve, could be exploited to Cook's commercial disadvantage and even discourage Cook employees (as well as the employees of other organizations in the medical device industry) from engaging in and/or memorializing such analyses, which could have a negative impact on product development and safety. Breedlove Decl. ¶ 9. Disclosure of Cook's proprietary post-market product analysis set forth in the IVC Filter Data Summary, which is referenced and discussed in Exhibits A and B, would also harm Cook because it would "provide a blueprint for competitors." *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009); *see also Star Scientific*, 204 F.R.D.

at 415 (research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge"). Exhibits A and B should be maintained under seal for good cause in order to protect Cook from competitive harm.

Lastly, Exhibit A also should be maintained under seal for good cause in order to protect Plaintiffs Elizabeth Jane Hill's and Arthur Gage's interests in their medical privacy. Even though these Plaintiffs have placed their medical histories and conditions at issue in this medical device product liability MDL, Exhibit A which references and discusses Plaintiffs' medical histories and conditions should be maintained under seal by the Clerk of the Court out of an abundance of caution (until Plaintiffs consent to what should be disclosed) to prevent the disclosure of Plaintiffs' private, sensitive medical information.

## V.   CONCLUSION

For all the foregoing reasons, the Cook Defendants respectfully request that the Court issue an Order directing the Clerk to maintain Exhibits A and B – Dkt. Nos. 5791-1 and 5791-2 – to Plaintiff's Motion to Exclude under seal. The documents at issue reference and discuss confidential and proprietary business and commercial information on Cook's product research, development, and testing, complaint handling, and post-market product analysis, as well as private and sensitive information about Plaintiffs Elizabeth Jane Hill's and Arthur Gage's respective medical histories and conditions. There is good cause to seal the documents to prevent public disclosure and competitive harm to the Cook Defendants and to protect Plaintiffs' interests in their medical privacy.

In accordance with Local Rule 5-11(d)(3), a redacted (*i.e.,* confidential portions blacked out), public version of the Expert Report of Renu Virmani, M.D. is attached to this brief as

US.113800108

**Exhibit 2**.  Cook has *not* prepared a redacted public version of the Excerpts from the uncertified ROUGH DRAFT TRANSCRIPT of the Deposition of Renu Virmani, M.D. (as submitted by Plaintiff) because, pursuant to the NOTICE on the transcript, the uncertified rough draft transcript "*is not to be read by the witness or quoted in any pleading or for any other purpose and may not be filed with any Court*."  Dkt. No. 5791-2 at 2 of 19 (emphasis added).  Cook expressly reserves its rights to review and redact any confidential portions of the deposition of Dr. Virmani if Plaintiff elects to submit the final certified version of the deposition transcript in support of Plaintiff's Motion to Exclude [Dkt. No. 5790] or any other motion, pleading, or document.

Finally, pursuant Local Rule 5-11(e)(4), the Cook Defendants have submitted as an attachment to this brief a proposed order maintaining the (unredacted) documents under seal.  *See* **Exhibit 3**.

Respectfully submitted,

Dated:  August 29, 2017

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (# 11856-49)
Nicholas B. Alford (# 31867-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  joe.tanner@faegrebd.com
E-Mail:  nicholas.alford@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.113800108