UNITED SATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIA-BILTY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to Plaintiff: Elizabeth Jane Hill<br><br>Civil Case No.: 1:15-cv-06016-RLY-TAB | |

## Plaintiff's Response to Cook's Emergency Motion to Strike

Plaintiff Elizabeth Hill provides the following response to Cook's emergency motion to strike her preliminary exhibit list [Filing No. 5946] and respectfully requests the Court deny the motion:

### Argument

In less than a month, Cook will have Mrs. Hill's final exhibit list, which will list each document that she plans to proffer at trial. Cook complains that it cannot possibly prepare for trial because her "preliminary" exhibit list, however, is too broad. To be fair, Cook provided two "preliminary" lists (one for *Hill* and one for *Gage*) that list 3,876 and 3,948 exhibits, respectively. I'm not sure how listing nearly 4,000 exhibits is much better.

It is not as if Cook has no choice but to sit and wait until September 23rd before it can prepare for trial. Mrs. Hill's preliminary list included, for example, all deposition exhibits, all imaging studies and underlying data for the Lyon Cook Study (OUS),

and all Instructions for Use. [*See* Filing No. 5568, at ECF p. 13510-11.] While Mrs. Hill did not list each of these documents by Bates number, the documents represent a finite universe—a universe far smaller than the 3,876 documents Cook provided. Furthermore, Cook knows precisely what these documents are and can certainly review them now.

Mrs. Hill certainly included, "All documents produced by Defendant." [*Id.* at 13510.] This was intentional. We are still two months out from trial and, as is often the case, we may discover a crucial document or category of documents that was not listed on the preliminary list. Cook is certainly not afraid to file any number of motions. We are confident that should such a scenario arise, Cook would certainly move to preclude our use of any document not listed preliminarily. Hence, the failsafe.

Now, for the relief that Cook seeks. The practical import of Cook's request is to force Mrs. Hill to complete her final exhibit list 23 days early and to do so in less than 24 hours. Given Cook's emergency motion to strike, we can assume it will move to exclude any exhibit not included on the preliminary exhibit list. Mrs. Hill will have to ensure that the list includes every exhibit—not just specific categories—she plans to introduce to ensure her proof can come in the way she plans. While this task will be completed by September 23rd, forcing her to do it now (and within 24 hours) will cause severe prejudice and runs the risk that documents will be missed given the timeframe in which Cook demands it be done.

This is not an emergency. Cook has plenty to work from. Anything it believes is too broad will be narrowed in less than a month. Mrs. Hill respectfully requests

that Cook's emergency motion be denied and Cook simply wait for her final exhibit list in the coming weeks.

Respectfully submitted,

RILEY WILLIAMS & PIATT, LLC


/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
James A. Piatt, Atty. No. 28320-49
301 Massachusetts Avenue
Indianapolis, IN  46204
Telephone:   (317) 633-5270
Facsimile:    (317) 426-3348
Email:         jwilliams@rwp-law.com

## Certificate of Service

I hereby certify that on August 30, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

/s/ *Joseph N. Williams*
Joseph N. Williams