**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s):

DARA BERMAN-CHEUNG, SAM BERMAN CHEUNG, BAILEY BERMAN CHEUNG

Civil Case No. 1:17-cv-06076-RLY-TAB

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND BASED ON LACK OF SUBJECT MATTER JURISDICTION; REQUEST FOR AWARD OF COSTS AND ATTORNEYS' FEES**

Despite several recent remand orders in similar cases involving the same type of medical device – inferior vena cava ("IVC") filters – Cook Defendants improperly removed this case from the Superior Court of Santa Clara County, California on May 4, 2017. [*See*, Defs.' Notice of Removal, attached to Lopez Decl. as Exhibit 1].

Cook Defendants' removal relies completely on the doctrine of "fraudulent misjoinder" (or, procedural misjoinder), created by the Eleventh Circuit, which has been widely criticized by federal district courts and has not been adopted by the Seventh Circuit.

Plaintiffs' joinder of Medical Defendants to this case is proper under applicable permissive joinder law. Fraudulent misjoinder is inapplicable, as the doctor and hospital named in the present action are legitimate co-defendants that have answered to the complaint and are jointly, severally, and alternatively liable for the exact same injuries to Plaintiffs.

This Court should remand this case to state court because (1) *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) is not binding law and should not be applied, (2) Plaintiffs' claims against Defendants arise out of a series of related transactions or occurrences in California with California defendants, (3) Plaintiffs' claims against the defendants share common questions of law and fact, and (4) the healthcare providers listed as defendants preclude removal of this action, as they are forum defendants.

Even if the Court were to apply "fraudulent misjoinder" to this case, remand is still warranted since Plaintiffs' claims against Cook Defendants and the named hospital and doctor to this case arise from the same series of transactions or occurrences, and require several common questions of fact and law.  Remand is appropriate because joinder of any defendant to this case is void of the requisite egregiousness or fraudulent conduct necessary to find misjoinder.

## STATEMENT OF FACTS

On March 16, 2017, Plaintiffs instituted an action against the Cook Defendants and the Medical Defendants in the Superior Court of the State of California for the County of Santa Clara, Case No. 17CV307373.  On March 20, 2017, Plaintiffs filed their Amended Complaint. Plaintiffs raise exclusively state law causes of action arising from wrongful death damages sustained as a result of their beloved husband and father, Richard Cheung, being implanted with a defective and unreasonably dangerous Inferior Vena Cava ("IVC") filter manufactured by the Defendants.  Two named defendants, Matthew Mell, M.D. and Stanford Health Care ("Stanford") are citizens of the State of California.

IVC filters are implanted medical devices marketed as preventing blood clots (called "thrombi") from traveling from the lower portions of the body to the heart and lungs.  Mr. Cheung underwent the placement of a Cook Gunther Tulip IVC Filter on December 4, 2015.

The filter was designed and manufactured by the Cook Defendants and was implanted by Defendant Matthew Mell, M.D. at Stanford Hospital in California. Mr. Cheung passed away on December 20, 2015 from a pulmonary embolism. Plaintiffs' Amended Complaint includes strict products liability, negligence, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, breach of warranty, breach of express warranty, survival action, and wrongful death against Cook Defendants. [*See* Pls.' Amended Complaint attached to Defs.' Notice of Removal as Exhibit A]. Plaintiffs' Amended Complaint alleges medical negligence against the Medical Defendants.

It is undisputed that Medical Defendants are citizens of California. [Exhibit 1, Defs.' Notice of Removal, at 3:26]. On April 17, 2017, Medical Defendants answered Plaintiffs' Amended Complaint.

On May 4, 2017, Cook Defendants provided Notice of Removal of this action to federal court. On August 1, 2017, the United States Judicial Panel on Multidistrict Litigation transferred Plaintiffs' case from the Northern District of California to this Court for inclusion in MDL No. 2570.

Although the Seventh Circuit and most federal courts in this district have not adopted the doctrine of fraudulent misjoinder, Cook Defendants base their entire removal on its principle and argue the Medical Defendants were fraudulently misjoined to this action. This argument is completely without merit. As set forth below, all defendants to this action were properly joined and, as such, diversity is lacking among parties and there is no basis for removal to federal court.

/ / /

/ / /

## ARGUMENT

### A. Cook Defendants Have The Burden of Establishing Federal Subject Matter Jurisdiction.

Cook Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(b), but have failed to establish that this removal was proper. It is well settled that federal courts "should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). The strong presumption against removal places the burden of establishing federal jurisdiction on the party seeking removal. *Id.* Courts follow the well-recognized principle that federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. S*ee Sabo v. Dennis Techs., LLC*, 2007 U.S. Dist. Lexis 47764 (S.D. Ill. July 2, 2007) ("All doubts about the propriety of removal are to be resolved in favor of remand.") (citations omitted); *See also* 28 U.S.C. § 1447(c).

Cook Defendants have not come close to meeting their burden of showing federal subject matter exists in this case. As basis for removal, they contend that diversity jurisdiction exists, arguing the Medical Defendants are not proper parties and their citizenship should be disregarded. [Exhibit 1, Deft. Notice of Removal at 4:3-4]. This argument in support of removal, however, relies on a widely discredited doctrine (as outlined *infra*) and is consequently too weak to defeat the strong presumption against removal.

### B. Removal of This Action Was Improper.

Removal is improper and this case should be remanded to the Santa Clara Superior Court. In the Notice of Removal, Cook Defendants request application of procedural, or fraudulent,

4

misjoinder, which is a doctrine that has been poorly received by most district courts and is not recognized by the Seventh Circuit.

Ostensibly, Cook Defendants recognize the Medical Defendants were properly joined under the fraudulent joinder inquiry and had to resort to the disfavored theory of fraudulent *misjoinder* in support of their removal.

### 1. The Highly Criticized Doctrine of Fraudulent Misjoinder is Not a Recognized Removal Basis in the 7th Circuit or The Southern District.

The Cook Defendants' removal is based exclusively on the theory of "fraudulent misjoinder," a theory that has never been adopted by the Seventh Circuit and has been widely discredited by courts throughout the country, including those within this district.

The fraudulent misjoinder exception to the complete diversity requirement was borne of an Eleventh Circuit case, *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The court in *Tapscott* stated that "misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action" and where there is "no real connection" between claims. *Tapscott* at 1360. The *Tapscott* court "emphasized that misjoinder is tantamount to fraudulent joinder not simply when claims are misjoined, but when claims are *egregiously* misjoined. . ." *Rutherford v. Merck & Co.*, 428 F.Supp. 2d 842 (S.D. Ill. April 20, 2006).

*Tapscott* is not binding law. In fact, Cook Defendants unilaterally removed this matter without the aid of any controlling law. The fraudulent misjoinder doctrine has been rejected as unauthorized by Supreme Court authority, contrary to the necessarily narrow interpretation of removal statutes, and even too confusing to apply by district courts, including courts within this district. *See Roland v. Janssen Research & Dev., LLC,* 2017 U.S. Dist. Lexis 111508, at *7

5

(S.D. Ill. July 18, 2017) (citations omitted).   The Seventh Circuit has not addressed the validity of this doctrine, but several other district courts within this circuit have addressed the issue and have "declined to recognize the fraudulent misjoinder doctrine for a number of important reasons." *Sabo v. Dennis Techs.*, LLC, 2007 U.S. Dist. Lexis 47764 at *25 (S.D. Ill. July 2, 2007); See also *Rutherford v. Merck & Co*., 428 F.Supp. 2d 842, 851 (S.D. Ill. April 20, 2006) ("The United States Court of Appeals for the Seventh Circuit has not had occasion to pass on the validity of the doctrine of "fraudulent misjoinder" crafted in *Tapscott*.  This Court gives respectful consideration to decisions of courts of appeals in sister courts . . . but the Court declines to follow *Tapscott*.").  District courts within this circuit have stated, unequivocally, that as they refused to follow *Tapscott* in the past, they "will continue to do so until such time as the doctrine of fraudulent misjoinder is adopted by the Supreme Court of the United States or the Seventh Circuit Court of Appeals." *Rutherford v. Merck & Co.* at 855.

Significantly, courts within this particular district have ruled that the fraudulent misjoinder doctrine <u>is not a cognizable basis for removal</u>.  *Fore Invs., LLC v. Travelers Indem. Co. of Am.*, 2013 U.S. Dist. Lexis 95890 (S.D. Ind. July 9, 2013)(emphasis added).  The court in *Fore Invs., LLC v. Travelers Indem. Co. of Am.* engaged in a lengthy analysis of *Tapscott* and ultimately ruled that it was not a cognizable basis for removal because 1) the fraudulent misjoinder doctrine is too imprecise to serve as a jurisdictional rule, and 2) fraudulent misjoinder is inconsistent with Congressional intent.  *See Id.*  The court in that case determined that misjoinder "is a question for the state court, applying its own procedural rules and its own discretion" and that "amendments to the removal statute in 1990 evince Congress's intent that for a civil action removed solely on diversity grounds," such as this case, "a federal court may not accept only part of a case as properly removed and within its diversity jurisdiction while severing

6

the rest for remand to state court." *Fore Invs., LLC v. Travelers Indem. Co. of Am.*, 2013 U.S. Dist. Lexis 95890, at 26-27.

Courts in this district (and a multitude of others) agree that the doctrine is bad policy, requiring the Court to make a decision whether joinder is proper and then to irrevocably sever parties and claims *before determining whether it has jurisdiction over the matter*. As noted by the judge in *Fore Invs. LLC*, the better practice is having misjoinder "determined by a state court applying its own procedural rules." *Id.* at 30.

Nonetheless, Cook Defendants rely on its application as their means to substantiate their removal of this case to federal court. Even if the Court were to adopt and apply the doctrine of fraudulent misjoinder from *Tapscott*, however, the joinder of Medical Defendants would not meet the necessary level of egregiousness or gross impropriety.

**2. All Defendants Are Properly Joined To This Action.**

All defendants to this action have been properly joined under both California permissive joinder law and the Federal Rules of Civil Procedure ("FRCP") making severance improper and remand appropriate. California *Code of Civil Procedure* ("*CCP*") § 379 governs California permissive joinder and FRCP 20 provides the federal rule for permissive joinder of parties. Both California's law and the federal rules are liberally construed to encourage judicial efficiency and fairness.[1]

While the applicable federal and state joinder laws at issue here are similar to each other, the Court should apply state joinder law as consistent with other courts determining whether joinder was proper because the question is whether or not parties were misjoined in state court.

---

[1] See *Landau v. Salam*, 4 Cal.3d 901, 904 (1971) (In 1927, the Legislature enacted *Code of Civil Procedure* § 379 (C.C.P. §379) with the goal of liberalizing procedures for permissive joinder of defendants); *Peffers v. Bowman*, 599 F. Supp. 353, 356 (9th Cir. 1984)(The Federal Rules of Civil Procedure "encourage liberal joinder of parties to effectuate judicial economy and to allow courts to fashion complete relief.").

7

*Fore Invs., LLC v. Travelers Indem. Co. of Am.*, 2013 U.S. Dist. Lexis 95890 at 25 (citing *Osborn v. Metropolitan Life Insurance Company*, 341 F.Supp.2d 1123, 1128 (E.D. Cal. 2004) ("the better rule would require [the diverse defendant] to resolve the claimed misjoinder in state court, and then, if that court severed the case and diversity then existed, it could seek removal of the cause to federal court); *See also*, *Ruden v. C.R. Bard, Inc.* at 141 ("For purposes of fraudulent misjoinder, the Court must determine whether a diversity-defeating party was properly joined while the case resided in state court and was governed by state procedural rules."). State joinder law was also applied instead of the Federal Rules on joinder in *Conk v. Richards & O'Neil, LLP*, 77 F.Supp. 2d 956 (S.D. Ind. December 8, 1999); in that case, the Southern District of Indiana court found that when the plaintiff filed his complaint in court, "he was not required to comply with the Federal Rules of Civil Procedure in terms of joinder of parties or claims or any other aspect of the case" and ultimately conducted its procedural misjoinder analysis under state law[2]. *Conk* at 971.

California's state joinder rules are more liberal in some instances than the federal rules; for example, in federal practice, all claims joined must arise out of the same transaction, occurrence, or series of transactions or occurrences, but, under California law, a common question of liability satisfies the party-joinder rules. *Osborn v. Metropolitan Life Insurance Company* at 1128-1129. Regardless, Plaintiffs' joinder of Medical Defendants to this action survives both state and federal permissive joinder requirements.

*CCP* § 379(a) provides that persons may be joined in one action as defendants if there is (1) Any right to relief jointly, severally, or in the alternative, in <u>respect of or arising out of the</u>

---

[2] Of note, the court in *Conk v. Richards & O'Neil, LLP* also found that "the difference between applying federal and state standards for joinder" might have been "more theoretical than practical" in that case because the state rules closely paralleled the FRCP with respect to joinder of parties and claims. So too, here, California law and the FRCP are nearly identical, so the ultimate determination on which to apply does not alter the final conclusions.

<u>same transaction, occurrence, or series of transactions or occurrences</u> and <u>if any question of law or fact common to all these persons will arise in the action</u>; or (2) A claim, right, or interest adverse to them in the property or controversy which is the subject of the action.  Further, under *CCP* § 379(c), if a plaintiff is in doubt as to the person from whom he or she is entitled to redress, <u>that person may join two or more defendants in order to determine which, if any, defendant is liable and to what extent</u>. (emphasis added).  Hence, even if Plaintiffs did not meet the same transaction or series of transactions requirement of *CCP* § 379(a), joinder is still proper if there is a common question of liability.

### a. *Claims arise from the same transaction or occurrence.*

The claims against the Cook Defendants and the Medical Defendants arise from the same transaction or occurrence as required for the permissive joinder of parties.  The Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of transactions or occurrences" to require a "degree of factual commonality underlying the claims." *Bravado Int'l Group Merch. Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)).  This means that the parties must have rights asserted against them "that arise from related activities – a transaction or an occurrence or a series thereof." *Id.* (citation omitted).  The rights asserted against both the Cook Defendants and the Medical Defendants in this case arise from related activities and, thus, the first prong of *CCP* § 379(a) is satisfied.

In this case, all of Plaintiffs' damages arise from the same implantation procedure of an IVC filter medical device in Plaintiffs' Decedent on December 4, 2015, in California.  Mr. Cheung underwent an implant procedure performed by Defendant Dr. Mell at Defendant Stanford for the placement of his filter designed, manufactured, marketed and sold by Cook

Defendants. Plaintiffs alleged in their Amended Complaint that the Medical Defendants did not appropriately implant the defective filter, but "instead placed it in a severely tilted position and failed to make any reasonable efforts to correct the dangerous tilting." [Amended Complaint, ¶ 146]. Throughout their Amended Complaint, Plaintiffs repeatedly allege, *inter alia*, that the device itself was defective at the time of implantation and that Cook Defendants failed to adequately warn Plaintiffs' Decedent or his health care providers or the full risk-benefit profile of its IVC filter. The harm sustained by Plaintiffs to this action and, thus, the claims available to Plaintiffs against each Defendant, arise as a result of the same event, namely, the implantation procedure of the Cook Defendants' IVC filter performed on Mr. Cheung by the Medical Defendants.

District courts have repeatedly recognized proper joinder of parties in cases with similar factual scenarios as the case at bar. A prime example is an ongoing case that involves the same kind of device as the device in this case – an IVC filter. The case is *In re Bard IVC Filters Prods. Liab. Litig*. 2016 U.S. Dist. LEXIS 69025 (D. Ariz May 23, 2016), and was decided last year by The Honorable David Campbell who presides over the currently pending Multidistrict Litigation ("MDL") involving the IVC filters manufactured by defendant C.R. Bard, Inc. and Bard Peripheral Vascular ("Bard"). In that case, Judge Campbell concluded that the plaintiffs had properly joined manufacturing defendant, Bard, and plaintiffs' physicians in the same action. *In re Bard IVC Filters Prods. Liab. Litig*. at 167. The court concluded that the medical negligence claim brought by plaintiffs against medical doctors and facilities arose out of the same transaction, occurrence, or series of transactions or occurrences as plaintiffs' other claims "because the claims all stem[med] from the implantation and subsequent failure of the Filter." *Id*. at 169. The facts are barely distinguishable from those in the present case. Here, Plaintiffs'

10

claims against the Cook Defendants and the Medical Defendants arise out of the same transaction, occurrence, or series of both because their claims stem from the implantation and subsequent failure of the filter.

In the Bard case, the plaintiff brought claims against Bard defendants for the defective IVC filter and also asserted medical negligence claims against medical facilities and physicians based on their failure to diagnose the filter's failure in a timely manner. *In re Bard IVC Filters Prods. Liab. Litig*. 2016 U.S. Dist. LEXIS 69025, at 169. The court stated that even though none of the claims specifically involved both the Bard defendants and the medical defendants, that "Plaintiffs' allegations establish a relationship between the Defendants" since the medical negligence claim "alleges that the non-diverse Defendants negligently failed to properly diagnose the cause of [Plaintiff's] chest pain," which caused her harm "by prolonging the time period during which she had fragments of the Filter in her body." *Id.* at 168.

In this case, the relationship between Cook Defendants and the Medical Defendants is even more strongly established since the medical negligence claim asserted by Plaintiffs stems from the <u>exact</u> transaction and occurrence that the product liability claims stem from – the implantation of the IVC filter. In *In re Bard*, there was a series of transactions that connected the defendants; the implantation of the device occurred in 2005 and the facts supporting medical negligence occurred years later in 2013 after the plaintiff experienced pain and underwent subsequent procedures for removal of the device. *Id.* at 155. In the case at bar, the negligence occurred during the same time Mr. Cheung was exposed to the Cook Defendants' defective device; it was during the implant procedure that all of Plaintiffs' available claims arose and, as such, the first requisite element of permissive joinder is met.

11

### *b. There are questions of law or fact common to all defendants in this action.*

The required commonality among law or fact is also satisfied in this case. In *In re Bard*, the court found the claims against all named defendants arose out of the same transaction or occurrence <u>and were likely to involve common questions of fact</u> "because the plaintiff alleged that her injuries were caused by the doctor, the device itself, or a combination of both." *Id*. (citing *Saviour v. Stavropoulos*, No. 15-cv-05362, 2015 U.S. Dist. LEXIS 150793, 2015 WL 6810856 (E.D. Pa. Nov. 5, 2015). Judge Campbell also noted that district courts "in the Third Circuit and in other circuits" are in accord with this school of thought. *Id.* (citing *Reuter v. Medtronics, Inc*. No-10-3019-WJM, 2010 U.S. Dist. LEXIS 144108, 2010 WL 4902662 (D.N.J. Nov. 23, 2010)). Just like that case, Plaintiffs in the present case allege that Decedent's injuries were caused by the defective filter, the doctor, or a combination of both. Thus, the commonality requirement is also fulfilled.

In *Reuter v. Medtronics*, *Inc*., a plaintiff included both companies involved in the design and distribution of a pacemaker and the surgeon that implanted it in her complaint for damages. *Reuter v. Medtronics*, *Inc*., 2010 U.S. Dist. LEXIS 118216 (D.N.J. Nov. 5, 2010). During its analysis of whether or not party joinder was permissible under FRCP 20(a), the court in that case found that the claims against the doctor and the other defendants were "intertwined" because "all of Plaintiffs' claims ar[o]se from the same surgery," and the "non-diverse Defendant installed the product manufactured and distributed by the diverse Defendants." *Id.* at *16. The court found that "the non-diverse Defendant installed the product manufactured and distributed by the diverse Defendants" and that the injury sustained by the plaintiff was "alleged to result from the same event." *Id.* Again, the court stated "Plaintiffs argue that her injury could only be a result of improper implantation, a product defect, or some combination thereof. At this early stage, it is

12

impossible to know the precise contours of the facts," but that the claims were "clearly logically related" and "likely to involve common questions of fact." *Id.* The court in that case continued that there was "potential for overlapping liability" and that the design, the manufacture of the product and the implanting doctor's conduct "w[ould] be central issues," where the severing of claims would "result in the duplication of evidence, increase the cost of litigation, and carr[y] with it the potential for inconsistent verdicts." *Id*. at *16-*17. As the plaintiff in *Reuter v. Medtronics, Inc*., Plaintiffs in this case allege injuries resulting from the same event where the claims are clearly and logically related and likely involve common questions of fact.

> 3. **Even Under the Untenable Fraudulent Misjoinder Doctrine, the Matter Should Be Remanded, as Plaintiffs' Claims Arise From The Same Transaction and Occurrence, and the Medical Defendants Are Indispensable Parties.**

Even if, *arguendo*, this Court adopted the fraudulent misjoinder doctrine, it simply cannot be said that Plaintiffs' joinder of Medical Defendants constitutes the level of egregious conduct to necessitate a finding of fraudulent misjoinder.

In another case involving an IVC filter, the court held that fraudulent misjoinder was inapplicable where a plaintiff included medical defendants and the manufacturer of the device in one action filed in California state court. In assessing whether fraudulent misjoinder applied, the court in *Ruden v. C.R. Bard, Inc*. concluded that the plaintiff "had a reasonable, non-frivolous basis" for joining the medical defendant facility to the suit since the claims "center[ed] on the Filter implanted in his inferior vena cava," and was manufactured by Bard and implanted at the medical facility. *Ruden v. C.R. Bard, Inc.* 2016 U.S. Dist. Lexis 60720 at *145. The court continued that two of plaintiffs' claims (negligence and negligent misrepresentation) were asserted against all defendants and that there was a basis in asserting the claims against both the manufacturing defendant and medical defendant; thus, the court found that the allegations

13

involved joint or alternative liability, satisfying the first part of *CPP* § 379(a)(1).  *Id.* at *146.  The plaintiff's claims were also held to arise out of the "'same transaction, occurrence, or series of transactions or occurrences' because the resolution of this issue shares common facts with other claims, including whether there was a design defect and whether Bard failed to warn Plaintiff of the Filter's dangers." *Id.*

In *Ruden*, the court specifically differentiated the facts of the case from those in *Tapscott* where fraudulent misjoinder applied.  The court stated, in pertinent part:

> "This case is unlike those where fraudulent misjoinder applied.  In *Tapscott*, for example, the claims all involved violation of the same state statute, but differed in virtually every other respect.  The two classes of claims had no facts in common; one involved automobile service contracts, the other retail goods service contracts; and the two classes had no parties in common.  The court concluded that joining the claims against the retail goods class with those against the automobile class was done solely to prevent the retail goods class from being removed to federal court.  Given Plaintiffs' compliance with § 379, the Court does not find the same situation here." *Ruden v. C.R. Bard Inc*. at 148-149 (emphasis added).

The present case facts are clearly more similar to the facts of *Ruden* than those in *Tapscott*.  As in *Ruden*, Plaintiffs have asserted a claim of negligence against both Cook Defendants and Medical Defendants and had a reasonable, non-frivolous reason for bringing such a claim against both type of defendants.  Moreover, as articulated above, the negligence claim against Cook Defendants and Medical Defendants arises out of the same transaction, occurrence, or series of transactions or occurrences and factual commonality is present, satisfying *CCP* § 379.  In *Tapscott*, the claims brought had no facts in common, while, here, the negligence asserted against Cook Defendants and the negligence asserted against the Medical Defendants centers on the same factual scenario of the IVC filter implantation in Mr. Cheung's inferior vena cava.

That the claims against Cook Defendants are different than those asserted against Medical Defendants in this case is of minimal significance.  According to California courts

14

assessing the theory of fraudulent joinder, it simply "cannot be said that there is 'no real connection' between claims asserted against defendants" where certain claims are based on theories of strict liability and negligence for the manufacture of a product and others are based on theories of negligent use or administration of the product. *Ruden v. C.R. Bard, Inc.* at \*142 (citing *N.C. ex rel. Jones v. Pfizer, Inc.*, No. C-12-00531-WHA, 2012 U.S. Dist. Lexis 410, 2012 WL 1029518 (N.D. Cal. Mar. 26, 2012). Cook Defendants make much ado about the difference in claims against the different groups of defendants in this case, but the claims are far more connected than they admit in their Notice of Removal; the basis for every claim asserted in this case is the implantation of the IVC filter into Mr. Cheung's body, and the subsequent failure of the filter, subsequent injuries and wrongful death that followed. Cook Defendants' argument that fraudulent misjoinder applies because the medical malpractice claim is different than the products liability claims against Cook is unsupported by California law and cannot be asserted in good faith.

Cook Defendants' assertion that where there is a MDL pending, a finding of fraudulent misjoinder is made even more apparent is also without merit. Again, the Honorable Judge David Campbell who currently presides over the Bard IVC filter MDL litigation poignantly noted that while the Court "fully" understood the defendant's "desire to remove a case from state court for consolidation in efficiency-promoting multidistrict litigation proceedings," that such an interest "does not authorize the Court to exceed its limited subject matter jurisdiction." *Id.* at \*151. Judge Campbell continued, pointing to the fact that courts in the Northern District of California "have refused to apply the doctrine of fraudulent misjoinder in the multidistrict litigation context despite this substantial interest." *Id.* (citing *Lopez v. Pfeffer*, 2013 U.S. Dist. Lexis 138922, 2013

15

WL 5367723, at *4-6).  It follows that the presence of the Cook MDL bears little significance to Defendants' removal rights in this case where parties have been properly joined.

Finally, the Medical Defendants are indispensable to this action. Cook Defendants' liability is measured, at least in part, by how much it told Medical Defendants and when; Medical Defendants' liability is also measured, partially, by how much Cook Defendants told them and when.  This is an overriding common question of fact, as is the more basic question of whether the filter injured Mr. Cheung, how, and why.  Further, Cook Defendants' communications with Medical Defendants in this case is another series of transactions and occurrences.  Medical Defendants are not only necessary to this action; they are indispensable because there is a common question that could lead to inconsistent judgments if resolved separately in two litigations.

### 4.  28 U.S.C. § 1441(b)(2) Applies And This Case Is Not Removable.

In the Notice of Removal, Cook Defendants make the bold assertion that Medical Defendants' citizenship does not defeat diversity as in-state defendants, but this is inaccurate.  28 U.S.C. § 1441 (b)(2) provides that a civil action may not be removed "if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which the action is brought."  The basis for their contention that this code section does not apply is that Medical Defendants were fraudulently misjoined, but since there is no fraudulent misjoinder in this case, Cook's argument fails.  As aforementioned, all defendants to this action are properly joined under the laws of California; it therefore follows that because Medical Defendants are forum defendants, the case is not removable to federal court.

/ / /

16

### C. This Court Should Award Plaintiffs Their Attorney's Fees Incurred In Bringing This Motion and for Cook Defendants' Groundless Removal.

Cook Defendants improperly removed this action to federal court and, as such, Plaintiffs' respectfully request that this matter be remanded back to state court; Defendants have requested this Court to adopt a doctrine that is not accepted by most courts, but have failed to establish either that the Medical Defendants have been fraudulently joined or fraudulently misjoined.

Cook Defendants' removal of this action was improper and Plaintiffs respectfully request an award of attorney's fees and costs as a result of same. 28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Ninth Circuit has held that courts "granted 'wide discretion' under section 1447(c) to decide whether to award attorney's fees and costs along with an order to remand." *Lopez v. Pfeffer*, 2013 U.S. Dist. Lexis 138922 at *14-15. (citing *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 447 (9th Cir. 1992). Courts generally award fees when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 at 141. According to the Ninth Circuit, a finding of "bad faith" is not required. *Lopez v. Pfeffer* at *15 (citing *Moore*, 981 F. 2d at 446-48).

The court in *Lopez* awarded attorney's fees to plaintiffs where the defendant had removed based on *Tapscott*, finding that the reliance on an Eleventh Circuit case that had dissimilar facts was unreasonable and that the plaintiffs should be reimbursed for the costs incurred in litigating the remand issue. *Id*. Other California courts have also awarded attorney's fees in instances where a defendant removes based on the *Tapscott* ruling and where the facts of that case are not similar to the case being analyzed. *Thakor v. Burlington Ins. Co.*, No. 09-cv-1465 SBA, 2009 U.S. Dist. Lexis 63152, 2009 WL 1974511 (N.D. Cal. July 8, 2009).

Here, Cook Defendants removed this case on a discredited doctrine.  Reliance on *Tapscott* as support for removal is unfounded.  The facts of *Tapscott* bear no relation to the facts of this case.  The removal is therefore objectively unreasonable and Plaintiffs' respectfully request remand of the case to state court as well as attorney's fees in the amount of $10,400.00. [*See* Decl. of Amorina P. Lopez attached hereto].

## CONCLUSION

Plaintiffs respectfully request that the Court grant their Motion for Remand to Santa Clara County Superior Court, and award sanctions in the amount of $10,400.00.

Dated: August 30, 2017                                  Respectfully submitted,

                                                        LOPEZ McHUGH LLP

                                                         /s/ *Amorina P. Lopez*
                                                        Ramon Rossi Lopez
                                                        Matthew R. Lopez
                                                        Amorina P. Lopez


                                                        Attorneys for Plaintiffs
                                                        DARA BERMAN-CHEUNG, SAM
                                                        BERMAN CHEUNG, BAILEY BERMAN
                                                        CHEUNG

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of August, 2017, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Amorina P. Lopez*
Amorina P. Lopez