**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to Plaintiff:

*Anthony Halinski, et al.*
Cause No. 1:17-cv-06066-RLY-TAB

_____

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF COOK'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE
ALTERNATIVE, SEVER FOR IMPERMISSIBLE JOINDER**

The defendants, Cook Group Inc., Cook Inc., Cook Medical LLC, f/k/a Cook Medical Inc., and William Cook Europe, ApS (collectively, "Cook"), respectfully submit as supplemental authority of in support of their Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Sever for Impermissible Joinder (Cause No. 1:17-cv-06066; Dkt. No. 7) the following Slip Opinion entered by the United States Supreme Court on June 19, 2017: *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, et al.*, ___U.S.___ (2017) (Slip Op.), attached hereto as Exhibit 1.

In *Bristol-Myers*, the United States Supreme Court reaffirmed its "settled principles regarding specific jurisdiction." *Id.* Slip Op., at 7. "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, . . . .' When there is no such connection, specific jurisdiction is lacking regardless

of the extent of a defendant's unconnected activities in the State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915. 919 (2011)) (internal citations omitted).

In particular, the Court rejected the "sliding scale approach" used by the California Supreme Court, which relaxed the requisite connection between the forum and the specific claims at issue whenever the plaintiff could demonstrate that the defendant had extensive forum contacts. *Id.* The Supreme Court found that the California approach was without precedential support and resembled "a loose and spurious form of general jurisdiction." *Id.* The Supreme Court held that:

> The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the non-residents—does not allow the State to assert specific jurisdiction over the nonresidents' claims. As we have explained, "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." This remains true even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents.

*Id.* Slip Op., at 8 (quoting *Walden v. Fiore*, 571 U.S. \_\_\_\_\_ (2014) (Slip Op., at 8)) (emphasis in original). Unlike the California residents, the nonresidents could identify no adequate link between the State and their claims: "the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." *Id.* The Court also noted that Bristol-Myers, "did not develop Plavix in California, did not create a marketing strategy for Plavix in California, and did not manufacture, label, package, or work on the regulatory approval of the product in California." *Id.* Slip. Op., at 2. Consequently, the Court found that California courts lacked specific personal jurisdiction over the nonresident plaintiffs' claims. *Id.* Slip Op., at 9.

The same should be true here. Just as in *Bristol-Myers*, the nonresident Plaintiffs in this case were not prescribed a filter in the forum state, did not purchase a filter in the forum state,

2

did not have their filters placed or retrieved in the forum state, and were not otherwise injured by a filter in the forum state.  Likewise, Cook also did not develop filters in the forum state, did not create a marketing strategy for filters in the forum state, and did not manufacture, label, package, or work on the regulatory approval of any filter in the forum state.  As such, just as the Supreme Court found that California courts lacked specific jurisdiction over the nonresident plaintiffs' claims in *Bristol-Myers*, so too should this court find that Missouri courts lack specific personal jurisdiction over the Out-of-State plaintiffs' claims in this case.

Because the Supreme Court's decision in *Bristol-Myers* further supports Cook's argument that the Out-of-State Plaintiffs' claims should be dismissed for lack of personal jurisdiction, Cook respectfully seeks leave to file a Notice of Supplemental Authority in support of its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Sever for Impermissible Joinder.

Dated: July 5, 2017

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/  Andrea Roberts Pierson