IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:
    1:13-cv-1875-RLY-TAB   Gage
    1:14-cv-6016-RLY-TAB   Hill

## ORDER ON AUGUST 31, 2017, STATUS CONFERENCE

The parties appeared by counsel August 31, 2017, for a telephonic status conference to address the Cook Defendants' emergency motion to strike Plaintiffs' preliminary exhibit lists [Filing No. 5945]. Counsel were given an opportunity to be heard. As more fully discussed at the conference, the motion is granted in part.

As the motion accurately reflects, Plaintiffs inexplicably failed to identify the specific exhibits they plan to use at trial in the upcoming trial of Elizabeth Hill. Instead, Plaintiffs merely set forth broad categories of documents, such as "all documents produced by Defendants" or "all exhibits to all depositions taken in MDL 2570." Such sweeping, general statements are neither helpful nor in compliance with Case Management Order 19, which expressly requires specificity. The Cook Defendants' preliminary exhibit list contained the required specificity, though by identifying 3,867 exhibits the list's utility can be reasonably questioned.

Accordingly, Plaintiffs shall file a supplemental exhibit list in the *Hill* case by September 5, 2017, that specifically identifies each exhibit to be used in that case by description and Bates

stamp number.  Moreover, both sides shall make good faith efforts to reduce their final exhibit lists into more manageable and useful lists that accurately reflect the list of exhibits likely to be used at trial.  Given the massive volume of discovery in this case, this undertaking is significant.  Yet it is necessary, appropriate, and required, and will benefit both the parties and the Court.

For these reasons, and in this manner, the Cook Defendants' emergency motion to strike Plaintiffs' preliminary exhibit lists [Filing No. 5945] is granted in part.  This ruling shall apply only to the *Hill* case, though the parties should be mindful of this order in identifying exhibits for use in the *Gage* case.  The Cook Defendants' motion for oral argument [Filing No. 5947] is granted to the extent that the parties were permitted to be heard at the August 31 status conference.

Date:  9/1/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel of record via the Court's ECF system.
Distribution to all non-registered counsel of record shall be made by Plaintiffs' Lead Counsel.

2