# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION MDL 2570, _____ This Document Relates to All Actions _____ | ) ) ) ) ) ) ) ) ) )   No. 1:14-ml-02570-RLY-TAB   MDL No. 2570 |

**ORDER ON DEFENDANTS' MOTION TO BIFURCATE**

Defendants ask the Court to bifurcate Plaintiffs' punitive damages claims during discovery and at trial. [Filing No. 620.] Plaintiffs object to this request. For the following reasons, the Court denies Defendants' motion.

Defendants manufacture medical devices. More than 150 Plaintiffs have joined this multidistrict litigation, alleging various personal injuries from Defendants' vena cava filter devices after implantation. One of the many counts in these complaints is for punitive damages, alleging that Defendants concealed the injury-related risks and acted with conscious indifference to the rights, safety, and welfare of Plaintiffs. Defendants deny Plaintiffs' allegations and stand by their filter devices, continuing to market and sell them to consumers.

Defendants' motion to bifurcate has two primary components. First, Defendants ask the Court to stay discovery of their "financial information" until after the dispositive motion stage of litigation. Defendants want to withhold this broad category of information to see if Plaintiffs' punitive damages claims survive summary judgment. If the claims do survive, Defendants' second request is that the trial be conducted in two stages. At stage one, Defendants' financial information would be withheld to allow the jury to decide the extent of Defendants' liability, if

any, for punitive damages. Then, if the jury finds Defendants are liable, stage two would allow Plaintiffs to present evidence of Defendants' financial information for purposes of calculating a punitive damages award. Importantly, Defendants' proposal to bifurcate the trial makes stage two the only stage at which the jury may hear any information concerning Defendants' finances. [Filing No. 621, at ECF p. 5.]

The Court turns first to Defendants' proposal that discovery be bifurcated. Defendants argue that their financial information is not relevant to liability, so Plaintiffs will not be unfairly prejudiced. Defendants also asserts that if the punitive damages claims survive summary judgment, Plaintiffs will have adequate time to conduct discovery on their financial information. Plaintiffs contend that Defendants have not defined what is so unduly prejudicial to the discovery of its financial information and why.

Courts occasionally bifurcate discovery related to liability and punitive damages due to the sensitivity of financial information. *Flomo v. Bridgestone Americas Holding, Inc.*, No. 106-CV-00627-DFH-JMS, 2009 WL 1456736, at *11 (S.D. Ind. May 20, 2009). "[F]or good cause," the Court may enter a protective order "specifying terms, including time and place, for the disclosure or discovery" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(B). The party requesting the protective order has the burden of demonstrating to the Court that "good cause" exists for its issuance. *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994).

Defendants' request to postpone discovery of its financial information is not well taken because Defendants failed to identify with specificity the discovery material they wish to protect. Defendants seeks broad protection of "sensitive financial information, such as revenues, product margins, net worth, and employee pay." [Filing No. 648, at ECF p. 2.] Plaintiffs argue this is an

2

overly broad category of information which is closely intertwined with issues of liability in this case. Indeed, the lack of specificity makes it difficult for the Court to understand exactly what discovery Defendants want to protect, which in turn could complicate the scope of bifurcated discovery and generate avoidable discovery disputes. Moreover, discovery bifurcation could prejudice Plaintiffs' ability to respond to a motion for summary judgment. Plaintiffs' punitive damages claims are based on Defendants' alleged profiting from Plaintiffs' injuries. As such, discovery of Defendants' financial information may be critical to the survival of Plaintiffs' punitive damages claims at summary judgment.

Defendants also argue that the large number of individuals involved in this case creates a risk that their financial information may be improperly released. Yet Defendants do not object to this risk if the punitive damages claims survive summary judgment. Therefore, postponing such discovery may minimize the risk but it does not alleviate it.

At bottom, the Court concludes that Defendants have failed to establish good cause to support their request to bifurcate discovery. Thus, Defendants' request is denied. This denial, however, is without prejudice due to the complicated nature of this case and Defendants' lack of specificity. *See e.g., Flomo*, 2009 WL 1456736 at *11 (denying a motion to compel discovery of financial information without prejudice due to the sensitivity of financial information and the complicated nature of the case).[1]

The Court next turns to Defendants' proposal that the stages of trial be bifurcated. Bifurcation is a procedural device to separate the trials of certain issues and claims for

---

[1] Denying this motion without prejudice is not an invitation for Defendants to refile a similar motion. Rather, it closes the door on broad discovery protections while leaving it unlocked in case Defendants are later confronted with a genuine need to protect particularized, critically sensitive information and the parties are unable to resolve the situation without involving the Court.

3

convenience, to avoid prejudice, or economize and expedite a trial. Fed. R. Civ. P. 42(b). There is no presumption in favor of bifurcation. *Trinity Homes, LLC v. Regent Ins. Co.*, No. 1:04-CV-1920JDTWTL, 2006 WL 753125, at *2 (S.D. Ind. Mar. 20, 2006). The Court has the discretion to bifurcate the trial, provided that doing so: "1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000). The party seeking bifurcation has the burden of demonstrating that these criteria are met. *Id.*; *BASF Catalysts LLC v. Aristo, Inc.*, No. 2:07-CV-222, 2009 WL 523123, at *2 (N.D. Ind. Mar. 2, 2009).

In this case, Defendants have not convinced the Court that bifurcation is appropriate. Defendants assert that without bifurcation they would be prejudiced because the jury might improperly consider their wealth in determining its liability for punitive damages. Defendants also asserts that judicial economy will be promoted because if it succeeds at stage one, the issue of punitive damages may be completely eliminated, thereby reducing the length of trial. However, Plaintiffs contend that the issues of liability for punitive damages and Defendants' financial information are inextricably intertwined. Plaintiffs argue they would be prejudiced because the evidence cannot be neatly separated.

The Court similarly struggles to agree with Defendants' matter-of-fact assertion that Plaintiffs can be limited to only introducing financial evidence at the second stage of trial. As Plaintiff points out, Defendants' continued marketing and profiting from these devices create a tangible overlap between its liability for punitive damages and its financial information. Screening Defendants' financial information from the first stage of trial leaves Plaintiffs with incomplete evidence for arguing that Defendants are liable for punitive damages. How will a

4

jury determine at stage one whether Defendants preserved their financial interest at the expense of injury to Plaintiffs if all of the financial information is reserved for stage two?  Separating and withholding Defendants' financial information at stage one might even confuse the jury on the issue of liability.  Defendants' liability for punitive damages and its financial information are so closely intertwined in this case that they cannot be separated without prejudicing Plaintiffs.  The trial judge, of course, may revisit these issues, for example, at the final pretrial conference with the benefit of completed discovery, rulings on dispositive motions, and viable trial dates.

      It is apparent to the Court that Plaintiffs need Defendants' financial information to argue that Defendants are liable for punitive damages.  The jury will likewise need Defendants' financial information when examining Defendants' potential liability for punitive damages.  There is no presumption in favor of bifurcation and Defendants have not carried their burden.  Consequently, the Court denies Defendants' request to bifurcate discovery and trial.

Date: 10/30/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all electronically registered counsel of record via CM/ECF.
Distribution to all non-registered counsel of record to be made by Plaintiffs' lead counsel.