# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § § | MDL Docket No. 3:11-MD-2244-K |
| ---------------------------------------------------- This Order Relates To:     *Aoki* – 3:13-cv-1071-K     *Christopher* – 3:14-cv-1994-K     *Greer* – 3:12-cv-1672-K     *Klusmann* – 3:11-cv-2800-K     *Peterson* – 3:11-cv-1941-K ---------------------------------------------------- | § § § § § § § § | |

**ORDER DENYING DEFENDANTS' MOTION FOR BIFURCATION**

Before the Court is Defendants' Motion for Bifurcation [*Aoki* (3:13-cv-1071-K) Doc. 82, *Christopher* (3:14-cv-1994-K) Doc. 70, *Greer* (3:12-cv-1672-K) Doc. 76, *Klusmann* (3:11-cv-2800-K) Doc. 101, and *Peterson* (3:11-cv-1941-K) Doc. 93]. For the reasons set forth below, Defendants' Motion for Bifurcation is DENIED.

Defendants DePuy Orthopaedics, Inc., DePuy Products, Inc., DePuy Synthes, Inc., Johnson & Johnson, Johnson & Johnson Services, Inc., and Johnson & Johnson International ("Defendants") move this Court for a bifurcated trial pursuant to Section 41.009(a) of Texas Civil Practice & Remedies Code. Section 41 provides for a bifurcation trial where, in the first phase, the trier of fact determines liability for compensatory and exemplary damages and, in the second phase, if necessary, the trier

of fact determines the amount of exemplary damages to be awarded, if any. Tex. Civ. Prac. & Rem. Code §41.009(a), (c)-(d).

As Courts in this and other Circuits have noted, "[t]he bifurcation of trial 'is primarily procedural in nature and … federal procedural law controls.'" *Holland v. Harmon*, No. CIV.A. 3:97-CV-0754-D, 1999 WL 58226, *1 (N.D. Tex. Jan. 29, 1999) (quoting *Rosales v. Honda Motor Co.*, 726 F.2d 259, 260 (5th Cir. 1984)); *see also Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 14-15 (2d Cir.1988), *cert. denied,* 490 U.S. 1006 (1989). Accordingly, the applicable standard is instead found in Federal Rule of Civil Procedure 42(b), which permits a court to bifurcate a claim or issue in a trial. Fed. R. Civ. P. 42(b).

The decision to bifurcate is a matter within the sound discretion of the trial court. *See Rosales*, 726 F.2d at 261l; *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994). Rule 42(b) "*allows,* but does not require, a trial court to bifurcate cases 'in furtherance of convenience or to avoid prejudice.'" *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Rather, "since the evidence usually overlaps substantially, the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." *Id.* (citing *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 871 (7th Cir. 1994)).

Case 1:14-ml-02570-RLY-TAB   Document 6000-2   Filed 09/05/17   Page 4 of 4 PageID #:
120081
Case 3:11-cv-01941-K   Document 107   Filed 01/08/16   Page 3 of 3   PageID 9667

Here, substantial overlap exists between the issues of liability, compensatory damages, and exemplary damages, and Defendants have made no showing of prejudice that would justify bifurcation. *See, e.g.*, *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000); *McLaughlin,* 30 F.3d at 870-71; *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 14-15 (2d Cir. 1988).

Defendants' Motion for Bifurcation is DENIED.

**SO ORDERED.**

Signed January 8th, 2016.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE