UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to the Following Actions Only:

Elizabeth Jane Hill
No. 1:14-cv-06016-RLY-TAB

Arthur Gage
No. 1:13-cv-01875-RLY-TAB

## PLAINTIFFS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL (RAJEBI)

Pursuant to Local Rule 5-11(d)(2)(A), the Plaintiffs, Elizabeth Jane Hill and Arthur Gage, respectfully move the Court to maintain under seal Exhibits A-F and I to the Plaintiffs' Memorandum in Opposition to the Cook Defendants' Motion to Exclude No.3: Expert Opinions of Dr. Mohammad Rajebi ("Memorandum"). In support of the motion, the Plaintiffs state:

### LEGAL STANDARD

1. Under Federal Rule of Civil Procedure 26(c)(1)(g), the court may, "for good cause", enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way. *See also Baxter International Inc. v Abbott Laboratories*, 297F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained under seal at least until consent

1

by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3(E.D.Wis. July 10, 2017). As explained below, the Plaintiffs are cautious not to disclose such information until it is clear that the patient consents to such disclosure.

2.    Indiana has generally adopted the definitions of trade secret found in the Uniform Trade Secret Act.[1] *See, e.g. Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[2] Under this standard, a protectable trade secret has four characteristics: (1) information; (2) that derive independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain secrecy that are reasonable under the circumstances. *See, e.g. Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, (S. D. Ind. 2001); *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245-46 (Ind. Ct. App. 2001); *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803,813 (Ind. Ct. App. 2000).

3.    Confidential business information that does not technically fit the definition of a trade secret is entitled to protection if its disclosure would be harmful physically or economically. *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1-3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 209 WL234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").

4.    Good cause likewise exists to protect private health information from public disclosure. *See Cole* 2017 WL 2929523, at *3.

---

[1] The presence of Cook's headquarters in Indiana justified the application of Indiana trade secret law to the issues here, because Indiana is the state where Cook would feel injury or harm. *See., e.g., Micro Data Base Sys., Inc.* 148 F.3d 649 (7th Cir. 1988) (applying Indiana choice of law principles in a trade-secret case and holding that New Hampshire substantive law governed because the entity holding the trade secrets was headquartered there.
[2] The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985)

5. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific v. Carter,* 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight,* 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.) (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Gossel v. Boley Int'l (H.K.) Ltd.,* 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l,* 297 F.3d at 548)).

## DOCUMENTS SOUGHT TO BE SEALED

6. The Plaintiffs' Memorandum in Opposition to the Cook Defendants Motion to Exclude the Expert Opinions of Dr. Mohammed Rajebi ("Memorandum") relies on and cites the Cook confidential information and protected health information contained in the Exhibits discussed individually below.

7. Exhibit A to the Memorandum is a report authored by the physicians and researchers conducting Cook's confidential study of the performance of the Cook Celect Filter, entitled "Short- and Long-Term Retrievability of the Celect Vena Cava Filter." The report, like the study data underlying it, was commissioned by Cook and contains confidential information regarding Cook's clinical study work.

8. Exhibit B to the Memorandum is the Final Report of Cook's internal study of the Cook Celect Filter (described in Dr. Rajebi's deposition and Expert Report as the OUS Study), dated September 2009. The report contains tables and charts compiling data collected

confidentially by Cook as part of a study of the performance of the Cook Celect Filter in patients. The study was conducted by Cook and the final report was not published.

9. Exhibit C to the Memorandum is a report submitted by Plaintiffs' expert Dr. Mohammed Rajebi containing his case-specific opinions with respect to Elizabeth Hill and Arthur Gage. The document, contains an extensive, detailed discussion of the Ms. Hill's and Mr. Gage's medical history.

10. Exhibit D to the Memorandum is the deposition transcript of Dr. Rajebi and contains a discussion of Ms. Hill's and Mr. Gage's medical history and current medical condition.

11. Exhibit E to the Memorandum contains medical records excerpts of Elizabeth Hill.

12. Exhibit F to the Memorandum contains the medical records excerpts of Arthur Gage.

13. Exhibit I to the Memorandum is the deposition transcript excerpts of Mark Zuzga and contains a discussion of Ms. Hill's medical history and current medical condition.

## DISCUSSION

14. Exhibits C-F and I contain information related to the medical records of Plaintiffs Hill and Gage. Courts in the Seventh Circuit have routinely recognized that, while parties' medical information should be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, irrelevant or peripheral information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WI, 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.,* 2015 WL 12964665 at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe,* 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public

interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). All of the above listed documents contain documents listed above contain private, sensitive medical information. The Court should permit these documents, too, to be filed under seal until Plaintiffs consent to what should be disclosed.

15. A proposed order granting this Motion has been filed with this Motion.

WHEREFORE, the Plaintiffs respectfully urge the Court to enter an order granting the Plaintiffs leave to file under seal and maintain under seal the Plaintiffs' Memorandum in Opposition to the Cook Defendants Motion to Exclude the Expert Opinions of Dr. Mohammed Rajebi and Exhibits A-F and I.

Dated: September 6, 2017.

        Respectfully submitted,

        */s/ David P. Matthews*
        Matthews & Associates
        2905 Sackett St.
        Houston, TX 77098
        Telephone: (713) 522-5250
        Facsimile: (713) 535-7184
        E-mail: dmatthews@thematthewslawfirm.com

        */s/Joseph N. Williams*
        Joseph N. Williams., Atty. No. 25874-49
        Riley, Williams, Piatt, LLC
        301 Massachusetts Ave.
        Indianapolis, IN 46204
        Telephone: (317) 633-5270
        Facsimile: (317) 426-3348
        E-mail: jwilliams@rwp-law.com
        *Liaison Counsel to Plaintiffs' Steering Committee*
        *and on behalf of Plaintiffs' Steering Committee*

        */s/ Michael W. Heaviside*
        Michael W. Heaviside, Esq.
        Heaviside Reed Zaic, A Law Corporation

910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
E-mail: mheaviside@hrzlaw.com

/s/ Ben C. Martin
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214)744-7590

*Plaintiffs' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2017, a copy of the foregoing Plaintiffs' Motion to Maintain Document Under Seal (Rajebi) was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ David P. Matthews
David P. Matthews