UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to the Following Actions Only:

Elizabeth Jane Hill
No. 1:14-cv-06016-RLY-TAB

Arthur Gage
No. 1:13-cv-01875-RLY-TAB

## PLAINTIFFS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL (LEVY)

Pursuant to Local Rule 5-11(d)(2)(A), the Plaintiffs, Elizabeth Jane Hill and Arthur Gage, respectfully move the Court to maintain under seal Exhibits A-E, G, and I-N to the Plaintiffs' Memorandum in Opposition to the Cook Defendants' Motion to Exclude No. 8: Expert Opinions of Leigh Ann Levy ("Memorandum"). In support of the motion, the Plaintiffs state:

### LEGAL STANDARD

1.  Under Federal Rule of Civil Procedure 26(c)(1)(g), the court may, "for good cause", enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way. *See also Baxter International Inc. v Abbott Laboratories*, 297F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained under seal at least until consent

1

by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3(E.D.Wis. July 10, 2017). As explained below, the Plaintiffs are cautious not to disclose such information until it is clear that the patient consents to such disclosure.

2. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.) (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Gossel v. Boley INt'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENTS SOUGHT TO BE SEALED

3. TPlaintiffs' Memorandum in Opposition to the Cook Defendants Motion to Exclude the Expert Opinions of Leigh Ann Levy ("Memorandum") relies on and cites the Cook confidential information and protected health information contained in the Exhibits discussed individually below.

4. Exhibits A & B to the Memorandum consists of excerpts from Ms. Levy's deposition (Volumes I and II). These documents contain a discussion of Ms. Hill's and Mr. Gage's medical histories and current conditions.

5. Exhibit C and N to the Memorandum are reports submitted by Plaintiffs' expert Leigh Ann Levy containing her case-specific opinions with respect to Plaintiffs Elizabeth Hill and

Arthur Gage. The documents contain an extensive, detailed discussion of Ms. Hill's and Mr. Gage's medical history.

6. Exhibits A-E, G, and I-N contain information related to the medical records of Plaintiffs Hill and Gage. Courts in the Seventh Circuit have routinely recognized that, while parties' medical information should be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, irrelevant or peripheral information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WI, 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.,* 2015 WL 12964665 at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe,* 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.,* 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). The documents listed above contain private, sensitive medical information. The Court should permit these documents, too, to be filed under seal until Plaintiffs consent to what should be disclosed.

7. A proposed order granting this Motion has been filed with this Motion.

WHEREFORE, the Plaintiffs respectfully urge the Court to enter an order granting the Plaintiffs leave to file under seal and maintain under seal the Plaintiffs' Memorandum in Opposition to the Cook Defendants Motion to Exclude the Expert Opinions of Leigh Ann Levy and Exhibits A-E, G, and I-N.

Dated: September 6, 2017.

Respectfully submitted,


/s/ David P. Matthews
Matthews & Associates
2905 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
E-mail: dmatthews@thematthewslawfirm.com

/s/Joseph N. Williams
Joseph N. Williams., Atty. No. 25874-49
Riley, Williams, Piatt, LLC
301 Massachusetts Ave.
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
E-mail: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
E-mail: mheaviside@hrzlaw.com

/s/ Ben C. Martin
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214)744-7590

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2017, a copy of the foregoing Plaintiffs' Motion to Maintain Under Seal (Levy) was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ *David P. Matthews*
David P. Matthews