# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570
_____

This Document Relates to the Following Action only:

      Elizabeth Jane Hill
      No. 1:14-cv-06016-RLY-TAB

_____

## THE COOK DEFENDANTS' MOTION TO
## MAINTAIN DOCUMENT UNDER SEAL REGARDING REVISED
## BRIEF AND ADDITIONAL BREEDLOVE DECLARATION

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court

to maintain under seal the Cook Defendants' Amended Memorandum in Support of Motion for

Summary Judgment against Plaintiff Elizabeth Hill ("Memorandum"), and Exhibits D, E, I, K, L,

M, P, Q, R, S, T, U, V, and X to that Memorandum. In support of this motion, the Cook

Defendants state:

### LEGAL STANDARD

1.      Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good

cause," enter an order "requiring that a trade secret or other confidential research, development,

or commercial information not be revealed or be revealed only in a specified way." *See also*

*Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents

that "meet the definition of trade secret or other categories of bona fide long-term

---

[1]    The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants").

confidentiality" may be sealed). Likewise, private health information should be maintained under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at \*3 (E.D. Wis. July 10, 2017).

2. Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act.[2] *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[3] Under this standard, a protectable trade secret has four characteristics: (1) information; (2) that possesses independent economic value; (3) that is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. *See, e.g.*, *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001); *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245–46 (Ind. Ct. App. 2001); *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000).

3. Confidential business information that does not technically fit the definition of a trade secret is entitled to protection if its disclosure would be harmful physically or economically. *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at \*1–3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at \*1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").

---

[2] The presence of Cook's headquarters in Indiana justified the application of Indiana trade secret law to the issues here, because Indiana is the state where Cook would feel any injury or harm. *See, e.g.*, *Micro Data Base Sys., Inc. v. Dharma Sys., Inc.,* 148 F.3d 649 (7th Cir. 1998) (applying Indiana choice-of-law principles in a trade-secret case and holding that New Hampshire substantive law governed because the entity holding the trade secrets was headquartered there).

[3] The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

4.      Good cause likewise exists to protect private health information from public disclosure.  *See Cole*, 2017 WL 2929523, at *3. As explained below, the Cook Defendants are cautious not to disclose such information until it is clear the patient consents to such disclosure. Federal Rule of Civil Procedure 5.2 also mandates the redaction of certain highly sensitive personal information pertaining to any individual, including social-security numbers, full dates of birth, taxpayer-identification numbers, and names of minors. F. R. Civ. P. 5.2(a).

5.      The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENTS SOUGHT TO BE SEALED

6.      The Cook Defendants' Memorandum in Support of Motion for Summary Judgment against Plaintiff Elizabeth Hill ("Memorandum") relies on and cites the Cook confidential information and protected health information contained in the Exhibits discussed individually below.

7.      Exhibit D to the Memorandum is a CT scan report for Plaintiff Hill. It contains medical history information of a sensitive, personal nature.

8.      Exhibit E to the Memorandum is an operative report of procedures performed on Plaintiff Hill. It contains medical history information of a sensitive, personal nature.

9.      Exhibit I to the Memorandum is the transcript of the April 19, 2017 deposition of Dr. Mark Zuzga. The deposition testimony includes information drawn from internal Cook documents, including "reportable complaints" data compiled by Cook (pp. 178–80). These data are not publicly available.

10.     Exhibit K to the Memorandum is the Expert Report submitted by Plaintiffs' expert Dr. Alexander Marmureanu. The Report relies on patient complaint files collected and compiled by Cook, which are not available to the public (*see, e.g.,* pp. 4–5, 7–9, 18). It also relies upon and analyzes the results of internal studies of IVC filter performance commissioned by Cook for Cook's proprietary use and not available to the public (pp. 10–14, 17). Attached as is a compilation of internal Cook complaint files that Dr. Marmureanu analyzed in preparing his expert report (pp. 47–95). It consists almost entirely of proprietary data, not publicly available, collected by Cook relating to the performance of its IVC filters.

11.     Exhibit L to the Memorandum consists of excerpts from the deposition of Dr. Mohammad Rajebi. The excepted deposition testimony includes discussion of data from Cook's confidential 2008–2009 OUS study that was reviewed by Dr. Rajebi (pp. 8–10). The OUS study data were compiled by Cook for use in designing and testing its IVC filters and as part of the FDA approval process; these data are not publicly available.

12.     Exhibit M to the Memorandum is an email exchange between Defendants' counsel and Plaintiffs' counsel. The email refers to portions of Dr. Rajebi's expert opinion,

- 4 -

including his analysis of Cook studies involving internal Cook information that is not disclosed to the public.

13.     Exhibit P to the Memorandum is the transcript of the February 8, 2017 deposition of Dr. Mark Zuzga. The deposition testimony discusses internal Cook emails (63–65, 72–73) concerning the design and functionality of the Cook IVC filters. These data are not publicly available.

14.     Exhibit Q to the Memorandum is the Expert Report submitted by Dr. David Garcia. The Report discusses internal Cook complaint data that is not publicly available (pp. 9–10). It also quotes several internal Cook communications and discusses three Cook studies involving Cook data that is not publicly available (pp. 13–18).

15.     Exhibit R to the Memorandum is a case-specific opinion submitted by Plaintiffs' expert Dr. Marmureanu with respect to Plaintiff Hill. The document contains details of Ms. Hill's medical history of a sensitive and personal nature.

16.     Exhibit S to the Memorandum consists of excerpts from the deposition of Dr. Marmureanu. The testimony contains discussion of patient complaint files collected and compiled by Cook, which are not available to the public and discussion of the results of internal Cook studies and experiments, and it refers to internal, confidential Cook communications (pp. 155, 322–23, 477–79).

17.     Exhibit T to the Memorandum is the Expert Report submitted by Plaintiffs' expert Dr. Robert M. McMeeking. The Report includes a discussion of internal Cook data on the structure and specifications of the Cook Celect and Gunther Tulip filters (pp. 11–17). It also discusses results of experiments conducted by Cook on Cook filters for internal use, the results of which are not publicly available. (pp. 20–21, 40–41).

18.     Exhibit U to the Memorandum is the transcript of the deposition of Dr. Robert M. McMeeking. The deposition testimony in Exhibit U includes a discussion of Cook's internal analyses of its IVC filters and proprietary Cook documents (pp. 95–96, 227–29). This information is not publicly available.

19.     Exhibit V to the Memorandum is a medical treatment report for Plaintiff Hill. The report contains medical history information of a sensitive and personal nature.

20.     Exhibit X is a Declaration of Mark Breedlove.  Attached to the Declaration are medical records which contain medical information of a sensitive and personal nature and internal Cook business records regarding the relationship and business dealings between Cook companies.

**DISCUSSION**

21.     Exhibits I, K, L, M, P, Q, S, T, U, and X contain internal Cook information relating to the development, use, performance, and/or sales of Cook's IVC filters. These documents fit the definition of protected confidential information because they rely on information that is not publicly available and the disclosure of which would pose a serious risk of economic harm to Cook. *See Chaib,* 2014 WL 4794194, at *1–3. As the Cook more fully demonstrated in its May 1, 2017 letter to Magistrate Judge Tim A. Baker and the supporting Declaration of Mark Breedlove (attached hereto as **Exhibit A**), Cook invests substantial resources into research and development, including with regard to Cook's IVC filter technology. Breedlove Decl. ¶ 6.  Cook maintains strict confidentiality over its research and development ideas, efforts, and results, and considers such information to be proprietary to the company.  *Id*. And disclosure of such information would therefore result in competitive harm to Cook and could "lead to a windfall to the discovering party." *Star Scientific*, 204 F.R.D. at 416; Breedlove

- 6 -

Decl. ¶¶ 6–7. Disclosure of non-public sales data would likewise cause competitive harm to Cook. *See EEOC v. Abbott Labs., Inc.*, 2012 WL 3842460, at *2–3 (E.D. Wis. Sept. 5, 2012). The Court should permit these documents, and the Memorandum citing and discussing those documents, to be filed under seal.

22.     Exhibits D, E, R, and V contain information related to the medical records and medical history of Plaintiffs Hill and Gage. Courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). The documents listed above contain private, sensitive medical information. Out of an abundance of caution, the Court should permit these documents, too, to be filed under seal until Plaintiffs consent to what should be disclosed.

23.     Additionally, Exhibits A, B, C, D, E, F, and V contain personal identifying information. These exhibits (except for Exhibits D, E, and V, which have been filed under seal because they otherwise contain medical history information of a sensitive, personal nature) have not been filed under seal, but have been filed in redacted form pursuant to Federal Rule of Civil Procedure 5.2(a).

24.     A proposed order granting this Motion has been filed with this Motion.

- 7 -

US.114069821.01

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintain under seal the Cook Defendants' Memorandum in Support of Motion for Summary Judgment against Plaintiff Elizabeth Hill, and Exhibits D, E, I, K, L, M, P, Q, R, S, T, U, V, and X to that Memorandum.

Dated:  September 7, 2017                    Respectfully submitted,


                                             */s/ John T. Schlafer*
                                             Andrea Roberts Pierson (# 18435-49)
                                             John T. Schlafer (# 28771-49)
                                             FAEGRE BAKER DANIELS LLP
                                             300 North Meridian Street, Suite 2700
                                             Indianapolis, Indiana  46204
                                             Telephone:  (317) 237-0300
                                             Facsimile:  (317) 237-1000
                                             Email:  andrea.pierson@faegrebd.com
                                             Email:  john.schlafer@faegrebd.com

                                             James Stephen Bennett (# 22869-02)
                                             FAEGRE BAKER DANIELS LLP
                                             110 W. Berry Street, Suite 2400
                                             Fort Wayne, Indiana  46802
                                             Telephone: (260) 424-8000
                                             Facsimile: (260) 460-1700
                                             Email:  stephen.bennett@faegrebd.com

                                             *Counsel for the defendants, Cook Incorporated,*
                                             *Cook Medical LLC (f/k/a Cook Medical*
                                             *Incorporated), and William Cook Europe ApS*

US.114069821.01

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

*/s/ John T. Schlafer*

US.114069821.01