UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS　　　　Case No. 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES AND　　　　　　　　　　　　　　　MDL No. 2570
PRODUCTS LIABILITY LITIGATION
_____

This document relates to:　Elizabeth Jane Hill
　　　　　　　　　　　　　　No. 1:14-cv-06016-RLY-TAB
_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE THE USE OF DEPOSITION TRANSCRIPTS
OF WITNESSES WHO ARE AVAILABLE TO TESTIFY AT TRIAL**
_____

**I.  Introduction.**

　　Defendants ask the Court to prevent Plaintiff from playing video deposition testimony that was obtained at great expense for the precise purpose of meeting her burden of proof at trial. Defendants do not analyze the law governing the availability of witnesses and use of depositions at trial. They instead raise the specter of "trial by deposition," which is no substitute for legal analysis. In fact, all of the subject witnesses are unavailable per the terms of Rule 32.

　　The unstated premise of Cook's argument is that it can control the evidence in Plaintiff's case-in-chief by requiring Plaintiff to subpoena Indiana witnesses or by shipping witnesses in and out of the courtroom, i.e., if Cook brings someone to Court, Plaintiff is forbidden to show the jury any part of the witness's video deposition. Cook goes so far as to suggest that if Plaintiff plays video deposition testimony, Cook may then put the witness on the stand "immediately following the presentation of his deposition to pose questions to him" in Plaintiff's case. (Def. Memo. at 4.) Although not analyzed in Cook's motion, the law on availability is simple and clear. Respectfully, it compels a denial of Cook's request.

1

## II.  The Factual Basis for Cook's Motion

Cook works from the assumption that because Plaintiff has *designated* 31 depositions, Plaintiff intends to *play* 31 depositions.  Naturally, Plaintiff designated all testimony that might conceivably be useful at trial because failing to designate would waive any opportunity to use it, whether in her case or in rebuttal. That does not imply that Plaintiff intends to play 31 deposition cuts (she does not).

Cook repeatedly refers to "cherry picking" and "sound bites."  First, Cook was present at every one of the depositions and had the opportunity to clarify, rehabilitate, and elicit whatever testimony it chose. After all, most of the subject depositions were of Cook employees or consultants.  Second, trimming a sprawling deposition from seven hours to an hour or a half-hour is efficient, and that is a good thing.  Plaintiff will take the least amount of time possible to present her case.  Video deposition cuts are integral to that plan.  Plaintiff's counsel have distilled the questioning that is most relevant and helpful to proving their case, just as every lawyer does (or should do) in live cross-examination. If any video cut is misleading by omission then Defendants have recourse under the rule of completeness.  They also are free to designate additional testimony within the scope of Plaintiff's designations and to call witnesses in their own case rather than trying to control the evidence Plaintiff presents in hers.

At root, that is what Cooks seeks—to keep from the jury Plaintiff's damaging cross-examination of its employees.  It suggests it can do so by bringing into the courtroom those employees it selects—presumably those whose testimony was most damaging to Cook—thus giving them another bite at the apple.  There would be no point in forcing Plaintiff to call a witness live in her case if the witness is going to give the same answers given on video.  The only purpose could be to "clean up" damaging testimony.  Cook can do that in its case if it wishes; but it not should do so by eliminating admissible evidence from Plaintiff's case.

2

In light of Cook's 31-deposition bogeyman argument, it is important to clarify the scope of testimony under discussion. Of the witnesses Plaintiff has designated, Cook has designated 13 for use in its case.[1] Cook's designations include current employees,[2] former Cook employees,[3] and a medical consultant who has worked with Cook for 20 years.[4] Cook's counsel (Faegre Baker Daniels) represents four of the non-employee witnesses it designated.[5] Defendants designated depositions of four witnesses who live and work in Indiana.[6] Essentially Cook is asking that Plaintiff be denied the ability to do in its case-in-chief what Cook is preparing to do in its own. Cook does not address this disparity in its motion.

Plaintiff does not anticipate presenting in her case-in-chief the deposition testimony of all 13 witnesses that Cook also has designated. Of the witnesses designated only by Plaintiff, Plaintiff's counsel anticipates presenting no more than ten. Five of the ten taken together total just over one hour (three are less than 10 minutes and two more are less than 30 minutes). Only three exceed one hour and none exceeds two hours. If the Court grants Plaintiff's forthcoming motion to exclude evidence of 510(k) clearance, several will be shortened. Of these ten witnesses, five are in Denmark, one is in South Carolina, and one is in California. Only two are in Indiana and Plaintiff's designations of their testimony total about 2.5 hours.

All told, Plaintiff's designations for those witnesses designated only by Plaintiff add up to approximately 7.5 hours, or right at one trial day.

---

[1] Dr. Bridget Bellingar, Jim Carlson, Brian Choules, Leigh Conners, Henrik Gyllun, Ted Heise, Dr. John Kaufman, Dr. Frank Lynch, Dr. Anthony Moreno, Ann Santoro, James Smith, Dr. Paul Timperman, and Dr. Mark Zuzga.
[2] Gyllun, Heise, Smith, and Timperman (on contract to review complaints for a decade)
[3] Carlson, Choules and Conners
[4] Kaufman
[5] Carlson, Choules, Conners, and Kaufman
[6] Carlson, Heise, Smith, and Timperman

3

### III.  Law & Argument

Cook seeks to bar Plaintiff from "offering [as substantive evidence] deposition testimony from any witness who is available to testify at trial pursuant to Rule 45(c)." (Def. Memo. at 1.) Rule 45 does not govern the use of depositions at trial or define the availability of witnesses. The issue is governed by Rule 32 and this Court's CMO 2.  Section L of CMO 2 states:

> Depositions may, under the conditions prescribed in FRCP 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in or transferred or removed to this Court that become part of this MDL) who: (a) was present or represented (including by Lead Counsel or an attorney designated by Lead Counsel) at the deposition; (b) had reasonable notice thereof; or (c) within thirty (30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court to an action that is part of this MDL), fails to show just cause why such deposition should not be usable against such party.

Cook does not dispute that it had notice of and attended the subject depositions. It was free to ask questions for use at trial and did so in several depositions. The relevant provisions of Rule 32(a) are straightforward:

> (3) *Deposition of Party, Agent, or Designee.* An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).
>
> (4) *Unavailable Witness*. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> (A) that the witness is dead;
>
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>
> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; **or**
>
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Cook argues that any witness within the subpoena power is "available" for purposes of Rule 32(a)(4); but the rule is disjunctive—a party may use a deposition "for any purpose" if the Court finds that <u>any one</u> of the conditions in Rule 32(a)(4)(A)-(E) exists.  If a witness is more than 100 miles away, Plaintiff's ability to subpoena that witness does not make the witness available for purposes of Rule 32, which is the fundamental premise to Cook's argument: "The five circumstances in Rule 32 that make a deposition admissible as substantive evidence 'are separated by the word "or," which means that <u>satisfying any one of the subsections 'is enough.'</u>" *Hammer v. Residential Credit Sols.* 2015 WL 7776807 at *33 (N.D. Ill. Dec. 3, 2015) (quoting *Ueland v. United States*, 291 F.3d 993, 996 (7th Cir. 2002)) (emphasis added).

Judge Easterbrook wrote the *Ueland* decision and elaborated on the above quote:

> Subsection (3) [now (4)] lists five circumstances that make a deposition admissible as substantive evidence. These are separated by the word "or"; satisfying *any one* of the subsections thus is enough. Subsection (3)(B) says that a deposition is admissible if "the witness is at a greater distance than 100 miles from the place of trial or hearing ... unless it appears that the absence of the witness was procured by the party offering the deposition".  The party offering the deposition is forbidden to procure the deponent's absence (or distance); <u>this is a far cry from requiring the litigant to procure the deponent's presence</u>.

*Ueland*, 291 F.3d at 996 (7th Cir. 2002) (second emphasis added). *See also id.* ("Use of depositions as substantive evidence is normal in federal practice.")

It is undisputed that all of the witnesses under discussion are "more than 100 miles from the place of hearing or trial."[7]  Cook does not claim Plaintiff has procured any witness's absence. Thus, Cook not only is wrong in conflating the Rule 45 subpoena power with the Rule 32 definition of availability, it is mistaken in claiming that "nothing in the Rules permits parties to

---

[7] The "place of trial" is the courthouse, not the borders of the judicial district as held in *Tatman v. Collins*, 938 F.2d 509, 511 (4th Cir. 1991) ("We hold that for purposes of applying the rule the place of trial is the courthouse where the trial takes place.")

avoid live testimony through the use of depositions." (Def. Memo. at 2.)  That is precisely what Rule 32 allows as interpreted by the Seventh Circuit Court of Appeals.

Cook spends hardly any time advancing this argument.  It instead devotes most of its motion to arguing that routine use of video depositions at trial creates prejudice.  It does not.

Cook first argues that using deposition cuts will "create substantial practical and logistical problems and will unfairly prejudice Cook." (Def. Memo. at 2.)  It is hard to imagine how use of video depositions would be more logistically difficult than requiring live attendance for witnesses located more than 100 miles from the courthouse.  The parties know beforehand the precise length of video depositions, so coordinating their use is more predictable and efficient.  It makes far more "logistical" sense to play a 30-minute video cut than to house a traveling witness overnight in a distant forum.

Cook's arguments regarding "practical problems" rest on the unprecedented assumption that once Plaintiff plays a short video clip, "Cook presumably could either call [the witness] to the stand immediately following the presentation of his deposition to pose questions to him" or it could do so "in its case-in-chief." (Def. Memo. at 4.)  Cook argues from there that the jury would be confused by watching video testimony only to then see the witness live.  While Cook could not call witnesses in Plaintiff's case-in-chief it certainly would be free to call the witnesses in its own case to the extent its examination was not repetitious.  But for Cook to suggest that it can preclude Plaintiff from presenting otherwise admissible evidence in her case merely because Cook might call a given witness in its case would be tantamount to having Cook control Plaintiff's case and order of proof.  In effect, Cook would guarantee that the jury heard Cook's examination of the witness (i.e., version of events) before it heard Plaintiff's even though Plaintiff obtained testimony for the precise purpose of presenting it in her case.  This would have serious consequences for purposes of directed verdict/JMOL**.**  Furthermore, Cook could and

likely would seek to circumscribe Plaintiff's cross-examination through a narrow direct examination.  In short, this argument of juror "confusion" relies on Cook's unsupported assumption that it either can call live witnesses in Plaintiff's case or it can by fashioning the witness for its case dictate whom Plaintiff is permitted to call in her case.  Plaintiff has the burden of proof and must present evidence in her case-in-chief that will survive a JMOL motion. She should not be deprived the opportunity to present video deposition testimony of witnesses she already has shown are unavailable under Rule 32.

Cook next challenges "Plaintiff's strategy" of "choos[ing]—witness by witness—whether to use the witness's deposition or call the witness live, while depriving the Cook Defendants the same choice." (Def. Memo. at 6.)  Plaintiff intends to call witnesses live when doing so outweighs the efficiency of playing a short video clip.  That is her right under the rules.  Cook can call any witness it chooses in its case.  Plaintiff's use of brief video clips is necessary for her to meet her burden and deprives Cook of nothing in its case.  On the other hand, Cook's proposal would lengthen the trial and add an unnecessary layer of logistical complications and expense.

Next, Cook argues that a deponent's status as a corporate "officer, director, managing agent, or designee" does not permit use of the deposition "where the witness is available." (Def. Memo. at 7.)  Cook is mistaken.  As explained by *Wright & Miller*:

> Rule 32(a)(3) allows the deposition of a party to be used by an adverse party for any purpose.  The same free use may be made of the deposition of anyone who at the time of taking the deposition was an officer, director, or managing agent….  This provision of Rule 32 should be liberally construed. <u>The trial court has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, but it may not refuse to allow the deposition to be used merely because the party is available to testify in person.</u>

§ 2145 Deposition of an Adverse Party, 8A Fed. Prac. & Proc. Civ. § 2145 (3d ed.) (emphasis added).  Notably, this passage also endorses the notion that a deposition may be played even if the party is called live. *See also*, *Bays Exploration v. Pensa, Inc.*, 2012 WL 122313 at *1 (W.D.

Okla. Jan. 12, 2012) ("[E]ven if the deponent does not qualify as an 'unavailable witness' under Rule 32(a)(4), his or her testimony by deposition remains authorized if the deponent is an officer, director, or managing agent of Bays."); *Ice Corp. v. Hamilton Sunstrand, Inc.*, 2009 WL 103489 at *2 (D. Kan. Jan. 15, 2009) ("[U]nder Fed. R. Civ. P. 32(a)(3), all or part of a deposition of the officer, director, managing agent, or designee of an adverse party may be used. There is no requirement that the party be unavailable."); *Optional Cap., Inc. v. Kyung Joon Kim*, 2008 WL 11336496 (C.D. Cal. Jan. 17, 2008) (Rule 32(a)(3) allows "for an adverse party's use of another party's deposition at trial, without regard to whether the part witness is unavailable to testify live at trial.")

Of course, none of the witnesses at issue here are available, as discussed above, so this should be a non-issue. Cook believed them to be because it mistakenly concluded that anyone within the subpoena power is "available" under Rule 32. Even if that position were correct, Plaintiff would be permitted to play deposition testimony of any Cook "officer, director, managing agent, or designee," regardless of that witness's availability.

Finally, Cook cites a case from this Court that Cook says rejected use of a Rule 32(a)(3) deposition in favor of live testimony. (Def. Memo. at 7-8) (citing *Berry Plastics Corp. v. Intertape Polymer Corp.*, (S.D. Ind. Dec. 4, 2015)). Cook overlooks the differences between *Berry Plastics* and the case at hand. First, in *Berry Plastics* the defendant objected to "depositions being used at trial to the extent they are repetitious of [the witness's] live testimony." *Id.* at *2. Cook seeks here to foreclose the use of deposition testimony altogether. Second, in *Berry Plastics* the Court was the factfinder. *Id.* The Court stated a preference for live testimony "to examine [the witness's] demeanor and weigh the credibility of his testimony" rather than allowing his "deposition testimony to be <u>read</u> into the record," *id.* (emphasis added), which also would undermine the "significance of cross-examination." Here, the jury will have

8

the opportunity assess the witness's demeanor and credibility because these are video clips of cross-examination, not paper depositions being read into the record. Third, the corporate witness in *Berry Plastics* was available to testify live and in fact testified live. *Id.* at *1-2.  The corporate witnesses at issue here are unavailable under the terms of Rule 32.  Finally, Cook asserts that this Court "went on to order that an opponent could ***not*** use a Rule 30(b)(6) witness's testimony at trial when the witness was available to testify." (Def. Memo. at 8.)  In actuality, this Court <u>permitted</u> use of the deposition testimony as substantive evidence to the extent "it is not repetitious of his live testimony." *Id.*  Not only is this contrary to Cook's characterization of the case but, like the *Wright & Miller* excerpt above, demonstrates the propriety of having both deposition and live testimony of the same witness in the same trial, which Cook argues against throughout its motion.

### IV.    <u>Conclusion</u>

Cook's legal argument rests on the faulty assumption that Rule 32 "availability" is co-extensive with the subpoena power; but it is not.  All of the subject witnesses are more than 100 miles from the place of trial and thus all are unavailable even though some are within the subpoena power.  Even if these witnesses were deemed available under Rule 32, Plaintiff has an independent right to play the depositions for Cook officers, directors, managing agents, and designees regardless of availability.  Cook's claims of prejudice rest largely on the claim that jurors would be confused if they heard from the same witness by deposition in Plaintiff's case and then again live in Defendant's case.  But the *Barry Plastics* decision out of this Court permitted the use of deposition and live testimony of the same witness in a manner consistent with *Wright & Miller* (i.e., avoiding unduly repetitious testimony).  Cook should not be permitted to control the order and content of Plaintiff's case by the choices it makes in its own case.  Plaintiff's counsel have gone to great lengths and tremendous expense to obtain video

testimony that is essential to carrying the burden of proving Plaintiff's case. It should not be left to Defendant to dictate Plaintiff's use of evidence and order of proof. As Judge Easterbrook wrote in the *Ueland* case, the "[u]se of depositions as substantive evidence is normal in federal practice." Cook seeks an abnormal ruling that, respectfully, should be denied.

Respectfully submitted this 7th day of September, 2017.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:     jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX  75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                            */s/ Joseph N. Williams*
                                            Joseph N. Williams