UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

—————————————————————

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION               MDL No. 2570

—————————————————————

This Document Relates to Plaintiff
    Valerie Graham
    Civil Case No. 1:15-cv-00764-RLY-TAB

—————————————————————

**THE COOK DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO ALTER, AMEND OR FOR RELIEF FROM THE COURT'S ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Cook Defendants oppose Plaintiff Valerie Graham's Motion to Alter, Amend or for

Relief from the Court's Order Granting Defendants' Motion for Summary Judgment.  Dkt.

No. 6036.  Although Plaintiff brings her motion pursuant to Federal Rules of Evidence 59(e) and

60(b), Plaintiff's motion fails to satisfy the standard required for bringing either a Rule 59(e)

motion to amend or alter a judgment or a Rule 60(b) motion for relief from judgment.

Furthermore, Plaintiff's claims of error have no substantive merit.

**I.      Procedural History**

Earlier this year, Defendants moved for summary judgment on all of Plaintiff Graham's

claims on the ground that Plaintiff's May 12, 2015 commencement of her action failed to meet

the applicable statutes of limitations.  *See* Dkt. No. 1051.  Plaintiff responded, arguing that the

statute of limitations should have been tolled due to Defendants' alleged "fraudulent

US.114079915.02

concealment in actively concealing and misrepresenting information regarding the safety and efficacy of a flawed product."[1]  Dkt. No. 161, at 12.

On August 2, 2017, this Court entered summary judgment in favor of Defendants, ruling that Plaintiff's claims under the Kansas Product Liability Act ("KPLA") and the Kansas Consumer Protection Act ("KCPA") were time-barred.  Dkt. No. 5575 ("the Order"). Specifically, this Court found that Plaintiff's KPLA claim accrued "soon after her September 9, 2011, retrieval surgery" and her KCPA claim "accrued at the latest when [Plaintiff's surgeon] implanted the Celect filter on November 23, 2009."  Dkt. No. 5575, at 5, 6.  On August 30, 2017, Plaintiff filed her present motion, alleging manifest error in the Court's grant of summary judgment.  *See* Dkt. 6036.

## II.    Legal Standard

Plaintiff bases her motion on Federal Rules of Civil Procedure 59(e) and 60(b).  *See* Pl. Memo at 1.

Rule 59(e) enables a litigant to file a motion to alter or amend a judgment within 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e).  "Motions for reconsideration in the district courts are generally disfavored because 'a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold.'"  *Wine & Canvas Dev. LLC v. Weisser*, No. 1:11-CV-01598-TWP, 2014 WL 1511674, at *1 (S.D. Ind. Apr. 15, 2014) (quoting *Burton v. McCormick*, No. 3:11CV026, 2011 WL 1792849, at *1 (N.D.Ind. May 11, 2011)).  Indeed, the Seventh Circuit has stated that the conditions necessitating a Rule 59(e) motion "rarely arise and the motion to reconsider should be

---

[1] Plaintiff's response brief nominally argued that equitable tolling and equitable estoppel applied to her claim, but the substance of her briefing was focused entirely on the fraudulent concealment argument.

US.114079915.02

equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

The standard for relief under Rule 59 is strict. "To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Manifest error occurs when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party moving for reconsideration, whether asserting manifest error or newly discovered evidence, must "clearly establish" the grounds for amending the previous order. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 (7th Cir. 2001); *Meharg v. Astrazeneca Pharm. LP*, No. 1:08-CV-0184-DFH-TAB, 2009 WL 2998917, at *1 (S.D. Ind. Sept. 14, 2009) (quotation omitted). "A Rule 59(e) motion cannot be used to present evidence that *could and should* have been presented prior to the entry of final judgment." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (quoting *Retired Chicago Police Ass'n v. City of Chicago,* 76 F.3d 856, 867 (7th Cir.1996)).

Rule 60(b) permits a party to move for relief from an adverse judgment in context of "exceptional circumstances." *Roby v. Gilbert*, No. 3:13-CV-1081-JD, 2014 WL 6809808, at *3 (N.D. Ind. Dec. 1, 2014) ("Roby's request for relief is considered under the more stringent standard of Rule 60(b), which is an 'extraordinary remedy' granted only in exceptional circumstances. . . ."); *see also Rouben v. Parkview Hosp., Inc.*, No. 1:10-CV-397, 2013 WL 5966174, at *1 (N.D. Ind. Nov. 8, 2013) ("[A] movant seeking relief under Fed.R.Civ.P. 60(b) must show 'extraordinary circumstances.'") (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 535,

3

125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)).  Courts widely recognize that "Rule 59(e) generally

requires a lower threshold of proof than does 60(b). . . ."  *Helm v. Resolution Tr. Corp.*, 43 F.3d

1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)

(comparing "the exacting standard of Rule 60(b)" to "the more liberal standard of Rule 59(e)").

### III.   Plaintiff's Motion is Procedurally Deficient

#### a.   Plaintiff's motion fails to satisfy the standard for reconsideration under any rule.

Plaintiff purports to move for relief under both Rule 59(e) and 60(b).  Courts may only

entertain the merits of such motions under limited circumstances.  Here, Plaintiff fails to

establish that the relevant circumstances exist under any standard.

##### i.   Plaintiff does not address a "manifest error" in the Order.

Plaintiff primarily argues that this Court made errors in issuing the Order.  Generally,

Plaintiff asserts three arguments in support of her motion: (1) that Defendants' motion for

summary judgment was premature; (2) that Defendants' evidence in support of their summary

judgment was insufficient for the Court to rule that Plaintiff's "injury was reasonably

ascertainable soon after her September 9, 2011, retrieval surgery;" Dkt. No. 5575, at 5; and

(3) that Defendants fraudulently concealed information about Plaintiff's claim from her.

Plaintiff acknowledges that a successful Rule 59(e) motion must demonstrate a "manifest

error" in the Order, yet she does not even try to meet that standard.  Although Plaintiff's

arguments address the Court's application of law in the Order, which she contends was

erroneous, she does not and cannot claim that this was "manifest error" as defined by the

Seventh Circuit.  Manifest error occurs when "the Court has patently misunderstood a party, or

has made a decision outside the adversarial issues presented to the Court by the parties, or has

US.114079915.02

made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Indeed, Plaintiff's cited cases make clear that her motion fails to meet this standard.  Like the movant in *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601 (7th Cir. 2000), Plaintiff's motion simply "contend[s] that the court was wrong" in its prior ruling.  *Id.* at 606.  A Rule 59(e) motion that "merely [takes] umbrage with the court's ruling and rehashe[s] old arguments" does not meet the "manifest error" standard.  *Id.*  In *Bank of Waunakee*, the Seventh Circuit recognized that the motion to reconsider is valuable when it aids the "misunderstood litigant."  906 F.2d at 1191-92.  Plaintiff here presents no argument the she was misunderstood, only that the Court's ruling was (in her view) substantively flawed.  Plaintiff thus fails to meet the manifest error standard required under Rule 59(e), and the Court should deny her motion.

    ii. <u>Plaintiff's motion does not present "extraordinary circumstances."</u>

Plaintiff nominally presents a Rule 60(b) motion before the Court.  However, Plaintiff provides absolutely no discussion of the Rule 60(b) standard and does not clarify how her arguments apply to that standard.  Rule 60(b) provides several bases pursuant to which a litigant might file his or her motion; Plaintiff does not even specify which of these reasons is applicable to her claim.  All of this is sufficient reason to deny her claim.  *See Gonzalez-Servin v. Ford Motor Co.*, No. 1:07-CV-05837-SEB, 2014 WL 1669810, at *1 (S.D. Ind. Apr. 25, 2014) ("Plaintiffs' motion does not specify the subsection of Rule 60(b) on which they rely. . . . Plaintiffs' motion could appropriately be denied based solely on this waiver.  Neither the court nor Defendants should be required to guess what Plaintiffs intend or, worse yet, to articulate the potential arguments for them.").

US.114079915.02

Plaintiff's brief also presents no showing of exceptional circumstances, a showing that courts have held Rule 60(b) requires. *See Roby v. Gilbert*, No. 3:13-CV-1081-JD, 2014 WL 6809808, at *3 (N.D. Ind. Dec. 1, 2014); *Rouben v. Parkview Hosp., Inc.*, No. 1:10-CV-397, 2013 WL 5966174, at *1 (N.D. Ind. Nov. 8, 2013). The Court should therefore deny Plaintiff's motion.

Finally, Plaintiff's failure to meet the threshold for Rule 59(e), discussed in the previous section, forecloses her Rule 60(b) motion as well. Rule 60(b)'s standard is more stringent than that of Rule 59(e). *See Helm v. Resolution Tr. Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993).

### b. Plaintiff has waived two arguments by failing to raise them in her summary judgment response.

In addition, Plaintiff has waived two of her three substantive arguments by failing to raise them in her original summary judgment response. Dkt. No. 161. Plaintiff's response brief made no argument that Defendants' summary judgment motion was premature, nor that Defendants' evidence was insufficient to establish the date by which Plaintiff's injury was reasonably ascertainable. Plaintiff raised each argument for the first time in her motion to reconsider.

"[A] motion to reconsider does not 'serve as the occasion to tender new legal theories [or new evidence] for the first time.'" *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 (7th Cir. 1991) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 666 (N.D. Ill. 1983), *aff'd*, 735 F.2d 1367 (7th Cir.1984)). Stated another way, "a Rule 59(e) motion does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562,

568 (7th Cir. 2010) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir.2000)).

At the time Defendants originally filed for summary judgment, Plaintiff could have argued under Rule 56(d) that she needed to conduct additional discovery before she could respond to Cook's motion.  She did not.  She might have argued that, as she does in her present motion, that Defendants' evidence could not "reasonably impart any basis onto a plaintiff to ascertain" her possible injury.  Dkt. No. 6036, at 5-6.  She did not.  Nor does she offer any explanation or excuse for these omissions.  Plaintiff's failure to include these arguments in her original response waived the arguments, and the Court should refuse to entertain these two newly-raised legal theories at this late date.

## IV.   Plaintiff's Arguments Fail on the Merits

Even if the procedural defects in Plaintiff's argument did not bar the reconsideration she seeks, the arguments she offers in her motion would fail on their merits.

### a.   The Court's grant of summary judgment was not premature.

Plaintiff first argues that she should have been permitted the opportunity to conduct discovery prior to the Order, specifically arguing that the Court requires the deposition of "the Plaintiff, her physician(s), or any other relevant witness" in order to rule on a summary judgment motion.  Dkt. No. 161, at 4.  This argument makes no sense.  Plaintiff is in control of her own testimony and could easily have contacted her own physicians or "other relevant witness[es]."  If a genuine issue of material fact existed within any of these people's knowledge, Plaintiff needs only submit an affidavit to demonstrate the existence of that issue.  Nothing prevented Plaintiff from submitting such affidavits sufficient to create an issue of fact with regard to her or her

US.114079915.02

doctors' knowledge of her claim.  Yet she failed to do so, not only with her original response but even now.

Furthermore, "a district court may decide a summary judgment motion at any time provided that no genuine issue of material fact exists and relief has not been sought under Rule 56(d) [formerly Rule 56(f)] of the Federal Rules of Civil Procedure." *Gray v. Schaub*, 182 F.3d 921 (7th Cir. 1999) (citing *Brill v. Lante Corp.,* 119 F.3d 1266, 1275).  Plaintiff's present brief in essence raises a Rule 56(d) argument, claiming that Plaintiff "cannot present facts essential to justify" her opposition and seeks "time to obtain affidavits or declarations or to take discovery."  Fed. R. Civ. P. 56(d).  But a Rule 59 motion is not a proper method for achieving this relief.  *King v. Cooke*, 26 F.3d 720, 725–27 (7th Cir. 1994) ("[T]he district court was correct that King's first resort should have been to Rule 56(f) rather than to Rule 59.").  Indeed, the Seventh Circuit has repeatedly affirmed orders granting summary judgment where a party failed to raise Rule 56(d) concerns in response to a summary judgment motion.  *See Holl v. Pension Benefit Guar. Corp.*, 234 F.3d 1273 (7th Cir. 2000) ("To the extent Holl argues that the district court acted prematurely because Holl needed the requested information to oppose summary judgment, his argument fails because he should have provided the district court with an affidavit under Federal Rule of Civil Procedure 56(f) asking for a continuance to seek further discovery before the court ruled on PBGC's motion for summary judgment."); *Williams v. Nat'l R.R. Passenger Corp.*, 161 F.3d 1059, 1063–64 (7th Cir. 1998) ("If Williams lacked the opportunity to discover information essential to opposing summary judgment, he should have provided the court with an affidavit under Federal Rule of Civil Procedure 56(f), asking for more time before the court ruled on the summary judgment motion.  He never did so.  On this record, therefore,

8

summary judgment properly was granted.") (citations omitted); *see also Gray v. Schaub*, 182 F.3d 921 (7th Cir. 1999); *King v. Cooke*, 26 F.3d 720, 725–27 (7th Cir. 1994).

Even if this Court were inclined to ignore the impropriety of a Rule 56(d) request in this procedural posture, Plaintiff has still not submitted the affidavit required to support a request for additional discovery. "To prevail on a Rule 56(f) motion, the party seeking a continuance or stay of decision must state why it cannot respond to the motion for summary judgment and support its allegations by affidavit." *Craig & Landreth, Inc. v. Mazda Motor of Am., Inc.*, No. 4:07-CV-0134-SEB-WGH, 2010 WL 107346, at *1 (S.D. Ind. Jan. 6, 2010). With no affidavit, this Court could not grant Plaintiff's request for additional discovery even if it had been timely, and her request that the Court reconsider its grant of summary judgment on this ground fails.

**b. The facts before the Court were sufficient to bar Plaintiff's KPLA claim.**

Plaintiff briefly argues that the evidence before the Court could not "reasonably impart any basis onto a plaintiff to ascertain her IVC device was defective." Dkt. No. 161, at 6. Under the KPLA, the statute of limitations does not delay commencement until a product liability plaintiff ascertains that the product is defective. Instead, the statute of limitations begins to run once "the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." K.S.A § 60-513(b). To be clear, the existence of a product defect is not the same as the existence of an injury. The record evidence is sufficient to support the Court's finding that Plaintiff's filter-related injury occurred at some point prior to her September 9, 2011 retrieval surgery and that Plaintiff could reasonably ascertain that she had been injured in the wake of her retrieval surgery. Dkt. No. 5575, at 5. Plaintiff's motion does not dispute this. The Court made

no finding as to when Plaintiff allegedly gained actual knowledge of a defect because such a finding was irrelevant to its statute-of-limitations determination.  Thus, Plaintiff's argument is off base and the Court should deny Plaintiff's motion.

### c.   Plaintiff's claim of fraudulent concealment is improper.

Plaintiff's final argument is a continuation of the fraudulent concealment argument she asserted in her original summary judgment response brief.  As discussed above, re-arguing the same position asserted at the summary judgment stage is no basis for relief under either Rule 59 or 60.  However, Plaintiff's argument also fails to address either of the Court's rationales for dismissing the fraudulent concealment claim.  First, fraudulent concealment is not available to toll KCPA.  Dkt. No. 5575, at 7; *see Bonura v. Sifers*, 39 Kan. App. 2d 617, 635 (Kan. Ct. App. 2008); *Four Seasons Apartments, Ltd. v. AAA Glass Serv., Inc.*, 37 Kan. App. 2d 248, 251 (Kan. Ct. App. 2007).  Plaintiff does not dispute the Court's conclusion on this point and therefore provides no basis for the Court to alter its ruling.

Second, the Court reasoned that Plaintiff had failed to assert any affirmative conduct by the Cook Defendants.  Dkt. No. 5575, at 7.  Although Plaintiff's present motion asserts facts that could plausibly be relevant to an inquiry into affirmative fraudulent conduct, *see* Dkt. No. 6036, at 12, these are assertions and nothing more.  Plaintiff offers no evidence, via affidavit, exhibit, or otherwise, to support any claim of fraudulent concealment and thus to avoid summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Furthermore, Plaintiff makes no effort to show that these unsupported allegations are newly-discovered facts unavailable to her at the time of her summary judgment briefing.  As discussed earlier, a motion to reconsider cannot consider new evidence unless it was unavailable to Plaintiff prior to judgment.  *See United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

US.114079915.02

Plaintiff's claim of fraudulent concealment lacks the evidentiary backing to support relief in her favor, and the Court should deny her motion.

## V.      Conclusion

Plaintiff's motion to reconsider is procedurally baseless and substantively unsupported. The Court should deny her motion.

<div style="margin-left: 40%">

Respectfully submitted,

</div>

Dated: September 14, 2017          /s/ John T. Schlafer
                                   Andrea Roberts Pierson (# 18435-49)
                                   John Joseph Tanner (# 11856-49)
                                   John T. Schlafer (# 28771-49)
                                   FAEGRE BAKER DANIELS LLP
                                   300 North Meridian Street, Suite 2700
                                   Indianapolis, Indiana  46204
                                   Telephone:  (317) 237-0300
                                   Facsimile:  (317) 237-1000
                                   E-Mail:  andrea.pierson@faegrebd.com
                                   E-mail:   joe.tanner@faegrebd.com
                                   E-Mail:  john.schlafer@faegrebd.com

                                   James Stephen Bennett (# 22869-02)
                                   FAEGRE BAKER DANIELS LLP
                                   110 W. Berry Street, Suite 2400
                                   Fort Wayne, Indiana  46802
                                   Telephone: (260) 424-8000
                                   Facsimile: (260) 460-1700
                                   stephen.bennett@faegrebd.com

                                   *Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.114079915.02

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 14, 2017, a copy of the foregoing THE COOK DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ALTER, AMEND OR FOR RELIEF FROM THE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ John T. Schlafer

US.114079915.02