UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: All Actions _____ | ) ) ) ) ) ) ) ) ) ) 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON DEFENDANTS' OBJECTIONS TO AND APPEAL
FROM ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE
ORDER BARRING PROPOSED DEPOSITION OF KEM HAWKINS**

Plaintiffs noticed the deposition[1] of Kem Hawkins, the former president of Cook Group, Inc., in order to ask him questions regarding the documents sent to and from Hawkins regarding the IVC filters at issue in this case, including those from his personal email account. (*See* generally Filing No. 5480, Plaintiffs' sealed Exs. 1-11). They contend those documents reveal that Hawkins, in his role as the leader of Cook, was intimately involved in the decision-making process and strategy regarding critical issues in this case, including decisions regarding the testing, design, marketing, and production of the Gunther Tulip and Celect IVC Filters. On April 27, 2017, Defendants filed a Motion for Protective Order barring his deposition, and on June 30, 2017, the Magistrate Judge denied Defendants' Motion. Defendants timely filed an Objection. The motion is

---

[1] Plaintiffs also served a subpoena on Hawkins, a third party, for production of documents.

fully briefed and ripe for decision. For the reasons that follow, the court **OVERRULES** Defendants' Objection.

## I. Applicable Law

The Federal Rules of Civil Procedure authorize the entry of an order protecting a party against discovery only when good cause is shown. Fed. R. Civ. P. 26(c). "Good cause" exists under the Rule when justice requires the protection of a "party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As the party moving for a protective order, Defendants have the burden of demonstrating good cause. *Meharg v. I-Flow Corp.*, No. 1:08-cv-184-DFH-TAB, 2009 WL 1404603, at *1 (S.D. Ind. May 15, 2009).

The court may protect a high-ranking corporate executive of "'the burdens of a deposition when the following circumstances exist: (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company.'" *Murillo v. Kohl's Corp.*, No. 16-CV-196-JPS, 2016 WL 6090862, at *2 (E.D. Wis. Oct. 18, 2016) (quoting *Naylor Farms, Inc. v. Anadarko OGC Co.*, Case No. 11-cv-1528-REB-KLM, 2011 WL 2535067, at *1 (D. Colo. June 27, 2011)). This is known as the "apex doctrine." *Id.*

**II.     The Magistrate Judge's Ruling**

In their Motion for Protective Order, Defendants argued the apex doctrine applied because: (1) Hawkins has no unique or personal knowledge relevant to the requested deposition; (2) other current and former Cook executives and employees have already been deposed and have provided better sources for the information sought; and (3) the proposed deposition will serve only to harass Hawkins and waste the parties' time and resources.

The Magistrate Judge found the doctrine was inapplicable for several reasons. First, based on a review of the documents to and from Hawkins, the Magistrate Judge concluded that "Hawkins was involved in the decision-making process and strategy regarding the testing, design, marketing, and production of the [Gunther Tulip and Celect] filters." (Filing No. 5277, Order at 2). He was, therefore, "personally involved with at least two of the IVC filters at issue in this MDL case." *Id.* He also found that Hawkins, unlike the employees who have already been deposed, was involved in "high-level decisions and strategic thinking surrounding the filters at issue." (*Id.* at 2-3). He continued:

> In this regard, Hawkins is the better source for information related to this litigation because he was the president of Cook during the time the Gunther Tulip and Celect IVC filters were manufactured and sold in the United States. Moreover, Hawkins regularly communicated on a personal email account,[2] which Plaintiffs suspect the Cook Defendants did not search when producing responsive documents to their discovery requests. This all suggests that Hawkins has relevant knowledge that is not already available to Plaintiffs.

---

[2] (*See e.g.* Filing No. 5480, Exs. 1, 2, 5, 6, 7, 9, 10).

3

(*Id.* at 3). And finally, the Magistrate Judge rejected Defendants' argument that Plaintiffs' noticed the deposition of Hawkins to harass him because, as shown above, he has personal knowledge of the matters at issue. (*Id.* at 1).

### III. Discussion

Defendants object to the June 30 Order pursuant to Federal Rule of Civil Procedure 72(a), claiming it is clearly erroneous and/or contrary to law. A factual finding is "clearly erroneous" where there is "'the definite and firm conviction that a mistake has been made.'" *Jones v. City of Elkhart*, No. 2:10-cv-402-TLS, 2012 WL 2458606, at *1 (N.D. Ind. June 27, 2012) (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1993)). A conclusion of law is "contrary to law" where the magistrate judge "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Henry v. Centeno*, No. 10 C 6364, 2011 WL 3796749, at *1 (N.D. Ill. Aug. 23, 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.N.Y. 2000)).

Defendants argue the Magistrate Judge clearly erred because: (1) Hawkins has no unique knowledge on the topics Plaintiffs propose; (2) the documents submitted by Plaintiffs under seal fail to show that Hawkins was involved in the decision-making process and strategy regarding the testing, design, marketing and productions of the Gunther Tulip and Celect filters; (3) the Magistrate Judge improperly considered Hawkins' personal email account as relevant; and (4) the Magistrate Judge failed to consider that the deposition of Hawkins is ripe for abuse and harassment.

Review of the sealed documents shows Hawkins' was involved with the strategic decisions regarding the enhancement of the Tulip filter and the development of the Celect

4

filter to increase market share. He was aware of the timetable for the Celect clinical trials and sought to speed up the process to get Celect on the market. Most importantly, the documents reflect that he was aware of the risk that both IVC filters could perforate the wall of the vena cava. Without going into more detail, based on this evidence, the Magistrate Judge's finding that Hawkins has unique, relevant, personal knowledge on the issues sought was not clearly erroneous or contrary to law. Therefore, the Defendants' first and second objections are **OVERRULED**.

With respect to Defendants' third objection, Plaintiffs are entitled to seek relevant documents from Hawkins, a third party, and to ask questions about his personal email account, for what purpose he used it, whether it has been preserved, and whether it has been searched for responsive documents. The Magistrate Judge's finding regarding the relevance of Hawkins' personal email account is not clearly erroneous or contrary to law. Therefore, Defendants' third objection is **OVERRULED**.

Lastly, the Magistrate Judge's finding that Plaintiffs do not seek to harass or abuse Hawkins through his deposition, in light of Hawkins' personal knowledge of the issues relevant to this litigation, is not clearly erroneous or contrary to law. Therefore, Defendants' fourth objection is **OVERRULED**.

## IV. Conclusion

For the reasons just explained, the court **OVERRULES** Defendants' Objections to and Appeal from Order Denying Defendants' Motion for Protective Order Barring Proposed Deposition of Kem Hawkins (Filing No. 5379) and **ORDERS** Defendants to produce Hawkins for deposition within two weeks of the date of this Order.

**SO ORDERED** this 13th day of September 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.