**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions only:

> Elizabeth Jane Hill
> No. 1:14-cv-06016-RLY-TAB

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION PRECLUDING SUBSTANTIVE USE OF TRANSCRIPTS OF DEPOSITIONS OF WITNESSES WHO ARE AVAILABLE TO TESTIFY AT TRIAL**

Plaintiff's response to Cook's motion to preclude use of deposition testimony from witnesses who will appear live at trial is based mainly on: (1) failure to read the language of Rule 32(a)(4)(B), (2) failure to recognize this Court's discretion to decide the format of a particular witness's trial testimony; and (3) failure to understand what Cook is asking the Court for.

First, by insisting that she can present deposition testimony from any of Cook's employees under Rule 32(a)(4)(B) because Cook's headquarters in Bloomington, Indiana, is more than 100 miles from the Winfield K. Denton Federal Building & U.S. Courthouse in Evansville, plaintiff ignores the fact that a Cook witness who is sitting in the courtroom **is by definition within 100 miles of the courthouse**, and therefore is not "unavailable" within the meaning of Rule 32(a)(4)(B). Thus, plaintiff may not use the depositions of such witnesses "for any purpose," just as Cook explained in its opening brief.

Second, plaintiff argues she may use deposition testimony of "party" witnesses (Rule 30(b)(6) designees, officers, and directors) at her whim, but ignores the fact that this Court has recognized that it has discretion to control the manner of presentation of even party witnesses.

Third, plaintiff complains that Cook's motion is an effort to "control Plaintiff's case and order of proof" and "guarantee that the jury hear[s] Cook's examination of the witness . . . before it hear[s] Plaintiff's." (Dkt. 6134 at 6.) Not so. Plaintiff can present witnesses in any order she wishes (subject, of course, to the rules of evidence and this Court's rulings), and will have the first opportunity to examine any witness whom she presents during her case in chief. Cook's motion goes only to what *form* the witnesses' testimony will take—live or videotaped. The law has always favored live testimony when possible, and that is all that Cook seeks here (particularly given that Plaintiff has designated a staggering 31 witnesses by deposition).

Cook asks the Court to rule that testimony from witnesses who are available to testify live at trial will be presented live, rather than through recorded depositions. This will allow the jury to better assess witness credibility, and will allow the parties to streamline the presentation of evidence by calling, examining, and cross-examining witnesses in an orderly fashion. Doing so will also help guard against juror confusion that could result from piecemeal presentation of a combination of deposition and live testimony from those witnesses. These are the very reasons courts have historically preferred live testimony over deposition testimony, and they counsel in favor of requiring live testimony here wherever possible.

## Discussion

### A. Witnesses who are in the courtroom at the time of trial are not "more than 100 miles from the place of hearing or trial," and therefore are not "unavailable" under Fed. R. Civ. P. 32(a)(4)(B).

Plaintiff argues that she can present testimony from Cook witnesses who will be present in the courtroom by deposition because they live and work more than 100 miles from the courthouse and, thus, are "unavailable" under Fed. R. Civ. P. 32(a)(4)(B).

This argument misreads the plain language of Rule 32(a)(4)(B). This rule states that a witness is unavailable if "the witness *is* more than 100 miles from the place of hearing or trial or

2

is outside the United States." Fed. R. Civ. P. 32(a)(4)(B) (emphasis added).  Unlike Rule 45(c)(1)(A), which governs *compelling* a witness to attend a trial or deposition, Rule 32(a)(4)(B) asks not where a witness "resides" or "is employed" in comparison to the courthouse, but asks only where the witness "is" at the time of trial.  By definition, a witness who is sitting inside the place of hearing or trial at the time of trial is not "more than 100 miles" from that location at the relevant time and is not unavailable under this rule.  *See, e.g.*, *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 502 (N.D. Ill. 2011) (the question is the witness's location "on the date of trial," even if the witness lives and works more than 100 miles from the courthouse).  Thus, any Cook witness who is present in the courthouse at the time of trial is not "unavailable" under Fed. R. Civ. P. 32(a)(4)(B), and his or her testimony must be presented live (or not at all).

Plaintiff, in arguing such witnesses are "unavailable," relies on *Ueland v. United States*, 291 F.3d 993 (7th Cir. 2002).  In *Ueland*, plaintiff sought to offer as substantive evidence deposition testimony from a witness who was a federal prisoner housed more than 100 miles from the courthouse at the time of trial.  *Id.* at 996.  The United States objected to the use of deposition testimony, claiming that plaintiff needed to show he had attempted to bring the witness to trial live but failed.  *Id.*  The Seventh Circuit rejected this argument, because the argument improperly combined two separate criteria for unavailability under the rule—one being whether the witness is more than 100 miles from the place of trial (Fed. R. Civ. P. 32(a)(4)(B)) and one being whether the party offering the deposition was unable to procure the witness's attendance by subpoena (Fed. R. Civ. P. 32(a)(4)(D)).  *Id.* at 996-97.  The Seventh Circuit held that only one of those criteria needed to be satisfied to make a witness unavailable, and the undisputed fact that the witness in question would be more than 100 miles from the courthouse **at the time of trial** sufficed to allow his deposition to come into evidence.

3

Unlike *Ueland*, this is a case where witnesses who may normally live and work more than 100 miles from the courthouse will nonetheless be **in the courtroom** when they are called to testify.  Cook is not asserting that plaintiff must first try to compel a witness to come to trial to testify before she can rely on the 100-mile rule, Cook is asserting that the 100-mile rule will not be triggered as to these witnesses in the first place, as Cook will be bringing these witnesses to trial, and the witnesses will be sitting in the courtroom at the time plaintiff intends to offer their testimony.  Thus, under Fed. R. Civ. P. 32(a)(4)(B), these witnesses are not unavailable.[1]

**B.     This Court has discretion to require live testimony even from "party" witnesses (including Rule 30(b)(6) designees, officers, and directors).**

Plaintiff argues that Fed. R. Civ. P. 32(a)(3) allows her to present deposition testimony of "party" witnesses (including Rule 30(b)(6) designees and a party's officers and directors) whenever she wishes, citing the Rule's language saying that she may use such deposition testimony for "any purpose."  But as this Court held in *Berry Plastics Corp. v. Intertape Polymer Corp.*, No. 3:10-CV-00076, 2015 WL 7960986, at *1–2 (S.D. Ind. Dec. 4, 2015), "[a]lthough Rule 32(a)(3) provides that 30(b)(6) depositions may be used 'for any purpose,' nothing in the rule 'indicates that they may be used *at any time* or *in any manner* as a party sees fit.'"  *Id.* (quoting *Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2015 U.S. Dist. LEXIS 122517, at *4 (E.D. Mich. Sept. 15, 2015) (emphasis in original)).

Plaintiff tries to distinguish *Berry*, arguing that this Court reached its conclusion because the case involved a bench trial rather than a jury trial.  But there is nothing in the applicable rule or case law suggesting that the Court's discretion depends on whether the case is a jury or bench trial.  As the Seventh Circuit held in *Fey v. Walston & Co.*, 493 F.2d 1036, 1046 (7th Cir. 1974),

---

[1] Interestingly, had the Court not elected to conduct the trial in Evansville, all (or nearly all) of the Cook company witnesses located within the state of Indiana would have been within 100 miles of the Birch Bayh Federal Building & U.S. Courthouse.  This fact illustrates the need to avoid putting form over substance and, instead, to employ the approach that ensures the presentation of evidence in the manner and form most easily understood by the jury.  No doubt that live testimony better serves that purpose.

4

even under Rule 32(a)(3), "there are limitations which afford a trial court reasonable latitude for expedition of the trial." For example, the court noted that "[u]seless encumbrance of the record cannot be insisted upon," and "[r]epetitious or immaterial matter may be excluded." *Id.* Applying *Fey*, the Northern District of Illinois in *Luxco, Inc. v. Jim Beam Brands Co.* required the parties to explain why deposition designations of party witnesses would not be "repetitious or immaterial in light of their live trial testimony." No. 14 C 0349, 2016 WL 6193794, at *7 (N.D. Ill. Oct. 24, 2016). And this Court required the same in *Berry*, indicating that Rule 30(b)(6) testimony could be introduced by a deposition transcript only "if it is not repetitious of his live testimony" (or for impeachment). *Berry*, 2015 WL 7960986, at *2.

The same rules should apply here. Plaintiff should not be allowed to present deposition testimony of Cook's Rule 30(b)(6) deponent or its officers and directors without first making a showing that such testimony will not be repetitious of their live testimony. If it will be, the preference for live testimony—and for streamlining proceedings and avoiding undue repetition—should control.

      **C.**    **Cook does not seek to somehow control Plaintiff's presentation of her case.**

Plaintiff's final argument in support of being allowed to use deposition testimony from Cook witnesses is an emotional one. She asserts Cook's motion to preclude deposition testimony when witnesses will be available to offer live testimony is "tantamount to having Cook control Plaintiff's case and order of proof" (Br. at 6) and would "guarantee that the jury heard Cook's examination of the witness . . . before it heard Plaintiff's." (*Id.*) But Cook's motion asks only that witnesses who are present in the courtroom at the time of trial be put on live, rather than be presented via deposition testimony. This motion addresses only the **form** by which testimony is presented, not the order in which it is presented or who puts on the witness first.

5

Plaintiff's argument in this regard boils down to this: she wants to put on deposition testimony whenever she wants, of whomever she wants, regardless of whether the witnesses are available to be put on live.[2]  The Seventh Circuit has rejected similar arguments, holding that "contrary to the plaintiff's assertion that deposition testimony must be admitted when offered, the decision to admit deposition testimony is within the sound discretion of the district court." *Oostendorp v. Khanna*, 937 F.2d 1177, 1179-80 (7th Cir. 1991).  Indeed, the court is "charged to 'exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth [and to] avoid needless consumption of time . . . .'"  *Id.* (quoting Fed. R. Evid. 611(a)).

Here, Cook asks that the Court exercise its discretion to require that witnesses who are in the courtroom when Plaintiff wants to present their testimony be put on live, rather than by video.  Cook asks nothing more.  Plaintiff's argument that doing so would somehow impede her ability to control the order of her presentation or would allow Cook to somehow examine these witnesses before she can is simply wrong, and provides no basis for denying Cook's motion.

---

[2]  As Cook noted in its initial motion, Plaintiff seeks to do exactly what she accuses Cook of doing in her response (and that neither party should be permitted to do):  ***cherry-picking the witnesses whose deposition testimony she prefers***.  In addition to Plaintiff's service on Cook's Vice President of Reimbursement, James Gardner, of a subpoena to appear at trial on October 23, 2017, Plaintiff also intends to subpoena for trial two other Cook employees located in Bloomington, Indiana – Scott Blanchard and Jack Hunt.  *See* J. Williams E-mail to A. Pierson, September 8, 2017 (attached).  Plaintiff should not be permitted to do so.

## **Conclusion**

For the reasons set forth above and in Cook's opening memorandum, the Court should preclude the substantive use of deposition testimony of a witness who is available to testify live at trial.

Dated: September 13, 2017			Respectfully submitted,

/s/ Charles F. Webber
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

Charles F. Webber (# 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-7000
Facsimile:   (612) 766-1600
E-Mail:  chuck.webber@faegrebd.com

James Stephen Bennett
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Facsimile:   (260) 460-1700
E-Mail:   stephen.bennett@faegrebd.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2017, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Charles F. Webber

US.114104214.02