UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This document relates to: Hill (1:14-cv-06016-RLY-TAB)

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF'S ATTORNEYS

Plaintiff seeks a pretrial ruling to preclude all evidence, argument, and reference to:

- Advertising by Plaintiff's counsel or plaintiffs' attorneys generally;
- Plaintiff's counsel specializing in personal injury or products liability litigation;
- Contingency fee agreements; and
- The circumstances in which Plaintiff selected counsel.

Evidence of these matters is irrelevant and any mention of them would mislead, confuse, or inflame the jury and cause prejudice to Plaintiff under Federal Rules of Evidence sections 401, 402 and 403.

### A. Reference to Advertising by Counsel for Plaintiff or Other Plaintiffs' Attorneys.

At times during discovery in this action, references to attorney advertising have been made by lawyers and witnesses, particularly to suggest that the cases before this Court are driven by attorney advertising. Evidence of attorney advertising is irrelevant to the issues in this case.

Attorney advertising is allowed by the Rules of Professional Conduct. Mention of any attorney advertising risks unfairly associating Plaintiff's attorneys with some of the (at times deservedly) unpopular forms of attorney advertising. This association would be highly prejudicial to Plaintiff. FRE §403. Because the mention of such advertising is both irrelevant and unfairly prejudicial, the evidence should be excluded. FRE §401, §402 & §403. To the

1

extent it might be deemed somehow relevant, its prejudicial impact would outweigh its relevance. *Int'l Surplus Lines Ins. Co. v. Fireman's Fund Ins. Co.*, 998 F.2d 504, 508 (7th Cir. 1993).

### B. Reference to Plaintiff's Counsel who may Specialize in Personal Injury or Product Liability.

Any reference to Plaintiff's counsel as specializing in personal injury or products liability litigation is not relevant to any issue, but raises a suggestion of "ambulance chasing." Any such suggestion would be prejudicial, particularly given that it is unwarranted with respect to the attorneys trying this case. FRE §401, §402 & §403

### C. Reference to Contingency Fee Agreements.

Defense counsel and/or its witnesses should be precluded from suggesting to the jury that Plaintiff has a contingency fee arrangement with Plaintiff's attorneys or any other suggestion that Plaintiff's counsel may share in any verdict. Obviously those matters are irrelevant to the issues, but would prejudice Plaintiff by suggesting counsel are "only in it for the money," or that Plaintiff and her attorneys are seeking "jackpot justice." These notions already are at play with jurors as Plaintiff's counsel are well-aware. Any mention of Plaintiff's fee arrangements or counsel's share in any award may inflame jurors' passions despite the utter absence of any relevance to the issues in the case. FRE §401, §402 & §403.

### D. Reference to Circumstances by which Plaintiff Selected Counsel.

Argument or evidence regarding how, when, or under what circumstances Plaintiff selected her attorneys, including where her attorneys are located, should be excluded as irrelevant but raise the same concerns as the references addressed in the preceding paragraphs.

WHEREFORE, Plaintiff Elizabeth Hill respectfully requests that Defendants be ordered to refrain from any comment, questioning, suggestion, reference or mention to any of the subject matters or areas specified above.

Respectfully submitted this 14th day of September, 2017.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

        Michael W. Heaviside, Esq.
        HEAVISIDE REED ZAIC, A LAW CORPORATION
        910 17th Street, NW, Suite 800
        Washington, DC 20006
        Telephone: (202) 223-1993
        mheaviside@hrzlaw.com

        Ben C. Martin, Esq.
        THE LAW OFFICES OF BEN C. MARTIN
        3710 Rawlins Street, Suite 1230
        Dallas, TX 75219
        Telephone: (214) 761-6614
        Facsimile: (214) 744-7590
        bmartin@bencmartin.com

        David P. Matthews, Esq.
        MATTHEWS AND ASSOCIATES
        2509 Sackett St.
        Houston, TX 77098
        Telephone: (713) 522-5250
        Facsimile: (713) 535-7184
        dmatthews@thematthewslawfirm.com

        *Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

        */s/ David P. Matthews*
        David P. Matthews