UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This document relates to: Hill (1:14-cv-06016-RLY-TAB)

### PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE ANY DEFENSE

Plaintiff seeks a pretrial ruling to preclude all evidence and argument suggesting the fault of any third-party, i.e., an "empty chair" defense.

1. Cook has withdrawn its affirmative defense of third-party/nonparty fault (called a *Fabre* defense in Florida).[1] (Def. Resp. to Pltf. Mot. for Summ. Judgment (Doc. 6156) at 18.) Theoretically, a defendant who has not asserted a *Fabre* defense may still make an "empty chair" argument that some nonparty's conduct is an alternate or intervening cause of loss. For example, Cook may suggest that a physician was at fault or that the filter never should have been implanted. It could do so without placing the physician on the verdict form. However, under Florida law <u>Cook can make an "empty chair" argument only if it claims that such fault was the sole cause of the Plaintiff's loss, injury, or harm</u>, superseding all other causes. This distinction is acknowledged in *Phillips v. Guarneri*, 785 So. 2d 705 (Fla. 4th DCA 2001), where the court defined an "'empty chair argument'" as "the argument that some non-party is the <u>sole legal cause of the harm alleged</u> but … this non-party is not placed on the verdict form and there is no apportionment of fault." *Id.* at 709 at n.4 (emphasis added); *see also Loureiro v. Pools by Greg, Inc.*, 698 So. 2d 1262, 1264 (Fla. 4th DCA 1997) ("Even had the issue of non-party liability been

omitted from the instructions and verdict the form, [defendant] could still have contended at trial that it was not negligent and the negligence of others was the <u>sole legal cause of injury</u>.") (emphasis added).

2.  Arguing that the nonparty was less than the sole cause—i.e., arguing that the nonparty was only a partial or concurring cause—is simply a veiled nonparty *Fabre* defense seeking to direct some measure of fault away from the party in the courtroom. This is prohibited based on Cook's withdrawal of its nonparty *Fabre* defense.

WHEREFORE, Plaintiff seeks an Order precluding evidence or argument (1) that suggests or implies the jury should reduce its damage award due to the conduct of any nonparty, or (2) that suggests or implies the fault of a nonparty was the cause of Plaintiff's loss, injury, or harm.

Respectfully submitted this 14th day of September, 2017.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

---

[1] *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) (permitting a defendant to allocate fault to nonparties on the verdict form). It is subject to special pleading requirements. § 768.81, Fla. Stat. (2016).

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ David P. Matthews*
David P. Matthews