UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This document relates to: Hill (1:14-cv-06016-RLY-TAB)

### PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO COLLATERAL SOURCES

Plaintiff seeks a pretrial ruling to preclude all evidence and argument regarding collateral sources.

1. Plaintiff Elizabeth Hill's compensable losses have been paid in part by third-party payors with a right of subrogation, including Medicare. Accordingly, there is no right of setoff for these amounts and evidence of collateral sources should be prohibited.

2. The collateral source rule is substantive law for *Erie* purposes. *See, e.g., Fitzgerald v. Expressway Sewerage Constr.* 177 F.3d 71, 74 (1st Cir. 1999) ("Whether damages in a tort suit are mitigable by payments originating with a third party depends, quite obviously, on substantive principles. Hence, the state-law collateral source rule supplies the rule of decision."); *see also Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994) ("The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasors."); *Newman ex rel. Newman v. McNeil Consumer Healthcare*, 10 C 1541, 2013 WL 4460011 at *1 (N.D. Ill. Mar. 29, 2013) ("Whether the collateral source rule is substantive law, and thus whether *Erie* operates in this circumstance, appears to be an open question in the Seventh Circuit. However, the Seventh Circuit recognizes

1

the collateral source rule as a matter of federal procedure as well. *See Lawson v. Trowbridge*, 153 F.3d 368, 380 (7th Cir.1998) (recognizing the 'general rule against admitting' evidence of a collateral source). Thus, under either federal or state law, collateral source evidence is barred as a general rule.")[1]

3. Florida's common law collateral source rule is a rule of both evidence and damages. As a rule of evidence, the collateral source rule excludes evidence of collateral source payments. As a rule of damages, the common law collateral source rule precludes the reduction of damages by any payments made by collateral sources. *Joerg v. State Farm Mutual Auto. Ins.*, Co., 176 So. 2d 1247, 1249 (Fla. 2015); *see also id.* ("It is a basic principle of law that tortfeasors should not receive a windfall due to benefits available to the injured party, however those benefits were accrued."); *Gormley v. GTE Prods. Corp.*, 587 So. 2d 455, 457 (Fla. 1991).

4. Under section 768.76(1), *Florida Statutes*, "there shall be no reduction for collateral sources for which a right of subrogation exists." Because there is no reduction, there is no issue for the jury to determine in this regard and collateral source evidence is irrelevant: "[T]he issue of whether the Plaintiff has received the benefits of any payment under workmen's compensation, social security or other insurance-type programs is not material...." *Cook v. Eney*, 277 So. 2d 848, 849-50 (Fla. 3d DCA 1973).

5. Such evidence is not only irrelevant, but is misleading and prejudicial to Plaintiff. *Id.* at 850 (noting that collateral source evidence would "lead the jury to believe that [the plaintiff] was trying to obtain a double or triple payment for one injury"); *see also Joerg*, 176 So. 2d at

---

[1] *Accord Shirley v. Russell*, 69 F.3d 839, 844 (7th Cir. 1995) (treating admissibility of collateral sources in diversity case as "involv[ing] a controlling question of state law"); *Davis*, 18 F.3d at 1243 ("Married to this substantive [collateral source] rule is an evidentiary rule that proscribes introduction of evidence of collateral benefits out of a concern that such evidence might prejudice the jury.")

1255 ("Evidence of eligibility for Medicare, Medicaid, welfare, and similar social legislation benefits may have an even greater prejudicial impact on juries.") (citing *Parker v. Hoppock*, 695 So. 2d 424, 428 (Fla. 4th DCA 1997) ("The very image of a plaintiff as one who accepts governmental hand-outs carries a substantial likelihood of prejudice that outweighs any marginal probative value."))[2]

4. Even if the amounts here were subject to setoff (which they are not), setoffs are to be addressed by the Court after the verdict. § 768.76(1), *Fla. Stat.*; *Odom v. Carney*, 625 So. 2d 850, 851 (Fla. 4th DCA 1993) ("[T]here must first be an award by the jury of damages for which collateral sources are available before any collateral source setoff may be made.")

WHEREFORE, Plaintiff seeks entry of an Order that (1) grants this motion and (2) forbids evidence, argument, or other overt or implied suggestions that Plaintiff has received collateral source benefits.

Respectfully submitted this 14th day of September, 2017.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

---

[2] Florida's collateral source statute does not prohibit Plaintiff from introducing the full amount of her medical bills to the jury. *See, e.g., Nationwide Mut. Fire Ins. Co. v. Darragh*, 95 So. 3d 897, 899 (Fla. 5th DCA 2012) ("We find no error in the trial court's decision to allow testimony of the full amount of Darragh's past medical bills pursuant to section 768.76, Florida Statutes (2009) and *Goble v. Frohman*, 901 So. 2d 830 (Fla. 2005).")

3

        Michael W. Heaviside, Esq.
        HEAVISIDE REED ZAIC, A LAW CORPORATION
        910 17th Street, NW, Suite 800
        Washington, DC 20006
        Telephone: (202) 223-1993
        mheaviside@hrzlaw.com

        Ben C. Martin, Esq.
        THE LAW OFFICES OF BEN C. MARTIN
        3710 Rawlins Street, Suite 1230
        Dallas, TX  75219
        Telephone: (214) 761-6614
        Facsimile: (214) 744-7590
        bmartin@bencmartin.com

        David P. Matthews, Esq.
        MATTHEWS AND ASSOCIATES
        2509 Sackett St.
        Houston, TX  77098
        Telephone: (713) 522-5250
        Facsimile: (713) 535-7184
        dmatthews@thematthewslawfirm.com

        *Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

        */s/ David P. Matthews*
        David P. Matthews