UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Actions only:

    Elizabeth Jane Hill
    No. 1:14-cv-06016-RLY-TAB

_____

## THE COOK DEFENDANTS' OMNIBUS MOTIONS IN LIMINE

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") respectfully move this Court to issue Orders *in limine* excluding or limiting evidence at trial, and specifically ask that the Court grant Order barring:

1. Testimony or argument about or reference to other lawsuits and claims.

2. Testimony, evidence, or argument that Cook misrepresented information to or withheld information from the FDA or violated FDA reporting requirements related to adverse events.

3. Testimony or evidence concerning Section 522 Letters.

4. Testimony or evidence of Cook's complaint files.

5. Evidence or argument by Plaintiff that Cook should have used the FDA's Pre-Market Approval ("PMA") process to bring the Celect Filter to market instead of the 510(k) process.

6. Testimony or argument by Plaintiff, her attorneys, or her experts based on vague or hypothetical "safety rules" that do not reflect the legal standards applicable to Plaintiff's claims ("Reptile" tactics).

1

7. Testimony, evidence, or argument concerning any alleged promotion by Cook of off-label uses for Celect IVC filters or any off-label retrieval techniques for Celect IVC filters.

8. Testimony, evidence, or argument that CFR requires Cook to warn about off-label uses or retrieval techniques.

9. Testimony, evidence, and arguments that Cook had a post-sale duty to warn about certain risks that Cook learned about after certain dates.

10. Testimony, evidence, or argument concerning regulatory communications outside the United States (from the compensatory damages portion of the trial).

11. Testimony by Plaintiffs' expert Dr. David Kessler concerning Cook's supposed violations of "industry standards" for the design and manufacture of IVC filters.

12. Testimony, evidence, or argument concerning new product designs after the development of the Celect and its IFU, as well as evidence related to the VISTA Program, as irrelevant and inadmissible evidence of subsequent remedial measures.

13. Testimony or evidence of the scientific state of the art that post-dates May 17, 2010, the date that Plaintiff IVC filter was manufactured.

14. Testimony, evidence, or argument concerning risks of IVC Filters that Plaintiff did not experience.

15. Questioning of witnesses about documents and subject matter of which they have no personal knowledge.

16. Expert opinions not disclosed in that expert's report, including medical literature not discussed or disclosed in the expert's report.

17. Expert testimony that simply recites or summarizes contents of Cook documents.

18. Testimony or evidence of medical op-ed articles.

19. Testimony, evidence, or argument concerning the size of any Cook Defendant or related company, the financial condition of any Cook Defendant, other Cook company, or Cook shareholder or family member.

20. Testimony or argument about Cook's ethics or ethical duties.

21. Use of certain specific inflammatory and unfairly prejudicial language and terms.

22. The unauthenticated, inflammatory endoscopy image from evidence altogether or, in the alternative, the repeated and unnecessary display of the inflammatory endoscopy image.

23. Evidence of the Product Strategy Development Overview.

24. The February 9, 2006 Executive Summary.

25. Testimony or evidence regarding Cook's document retention and legal hold practices.

26. Testimony of Courtney Whitelock, including the related testimony and exhibits from the depositions of Dr. Zuzga and Leigh Conners.

27. Any references to the breast implant litigation or any other mass tort.

28. Evidence or argument that Plaintiff Hill is entitled to lost wages, or to any damages not supported by expert testimony.

The Cook Defendants have contemporaneously filed a memorandum explaining the bases for these motions.

WHEREFORE, the Cook Defendants respectfully request the Court to exclude at trial the testimony, evidence, and argument described above, and for all other just and proper relief.

Respectfully submitted,

Dated: September 14, 2017        /s/ *Andrea Pierson*
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

                                                                 /s/ *Andrea Pierson*