IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                             MDL No. 2570

_____

This Document Relates to:
1:14-cv-6016-RLY-TAB    Hill

_____

## ORDER ON THE COOK DEFENDANTS' MOTION TO COMPEL DISCOVERY

### I.    Introduction

With the first of several bellwether trials in this MDL quickly approaching, the parties find themselves in a familiar position—fighting over discovery. The latest dispute touches on a number of issues, including waiver, privilege logs, production of discovery in native file format, and discovery of social media posts. As explained below, the Court grants in part the Cook Defendants' motion to compel [Filing No. 5143] because Plaintiff's objections and responses are deficient in several ways. Nevertheless, the Court denies other parts of the motion to compel given that some of the disputed discovery requests go too far.

## II. Background

This discovery dispute arises from a products liability action regarding a medical device: an implanted filter. Plaintiff seeks damages that include pain and suffering, loss of enjoyment of life, and continuing medical care, including for depression with increased anxiety. This specific case will be a bellwether trial as a part of a larger MDL and is the first such case set for trial.

The Cook Defendants' motion to compel initially addressed nine categories of materials. However, while the motion was pending, the Cook Defendants and Plaintiff resolved several issues. The remaining issues involve waiver, privilege logs, the format of responses, and social media data. [Filing No. 5638, at ECF p. 2–3, 17–18.]

## III. Discussion

Parties may obtain discovery regarding any relevant, non-privileged matter that is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). When a party fails to give discovery responses or the responses are evasive or incomplete, the requesting party may seek an order to compel discovery. *See* Fed. R. Civ. P. 37(a).

Contrary to Plaintiff's offered Florida case law [Filing No. 5458, at ECF p. 3], Seventh Circuit law is well settled that the burden of persuasion falls squarely on the party resisting a motion to compel. *Crabtree v. Angie's List, Inc.*, No. 1:16-cv-00877-SEB-MJD, 2017 WL 413242, at *1 (S.D. Ind. Jan. 31, 2017); *Executive Mgmt. Services, Inc. v. Fifth Third Bank*, No. 1:13-cv-00582-WTL-MJD, 2014 WL 5529895, at *3 (S.D. Ind. Nov. 3, 2014); *Snedker v. Snedker*, No. 2:10-cv-189-LJM-WGH, 2011 WL 3555650, at *1 (S.D. Ind. Aug. 11, 2011); *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009); *McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008).

### a. Blanket Waiver

The Cook Defendants seek as a sanction a blanket waiver of objections to their first interrogatories and first requests due to Plaintiff's delayed response and failure to produce a privilege log. The waiver of all objections is not warranted. Waiver of all objections due to delay is generally reserved as a sanction only for unjustified delays. *See Ribik v. Peerless Indem. Ins. Co.*, No. 2:13-cv-154-JTM-PRC, 2014 WL 2938398, at *3 (N.D. Ind. Jun. 30, 2014). Here, Plaintiff's delay was only 11 days and was caused in part by a hurricane. Under these circumstances, such a harsh sanction would be unjust.

Nor does the lack of a privilege log justify the waiver of all privileges. Failure to provide a privilege log may result in the blanket waiver of discovery objections. *Miller v. City of Plymouth*, No. 2:09-cv-205-JVB-PRC, 2011 WL 1740154, at *4 (N.D. Ind. May 5, 2011). However, a blanket waiver is not an appropriate sanction when the party seeking protection makes a good faith showing that the requested material is privileged. *See Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Soc'y of U.S.*, 406 F.3d 876, 879 (7th Cir. 2005). Similar to *Simpson v. City of Indianapolis*, where the requested material had already been found to be privileged, the Cook Defendants' interrogatories and requests plainly encompass privileged information. No. 1:13-cv-791-RLY-TAB, 2015 WL 332750, at *2 (S.D. Ind. May 4, 2015); *see e.g.* Request No. 20: "Any and all documents that relate to, refer to, or concern any of the facts, allegations, injuries, or damages referred to in the Complaint."

### b. Breadth of Particular Discovery Requests

The Cook Defendants move for an order to compel responses and a privilege log for Interrogatory Nos. 8 and 20 and Request Nos. 2, 12, 20, 27–30, and 37, which cover various topics. Plaintiff objects on privilege grounds and contends that she did not provide responses or a privilege log for those discovery requests because they are so broad that Plaintiff could not tell

3

what the Cook Defendants wanted, and that they would require Plaintiff to log everything she has.  Plaintiff adds that she will respond fully to the requests provided the Cook Defendants narrow them.

The party opposing a motion to compel has the burden to show the discovery requests are improper.  *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009).  Plaintiff's argument does not meet her burden.  Plaintiff's assertion—that the Cook Defendants made providing a privilege log impossible by defining "you" to include Plaintiff, her attorneys, and her representatives—fails to move the Court.  Half of the interrogatories and responses in question do not even contain the word "you."  [Filing No. 5144, at ECF p. 18–20 (Interrogatory No. 20, Request Nos. 2, 20, 27, and 28).]

The rules and Case Management Order #10 are clear: when objecting based on privilege, the objecting party must provide an evaluable basis for the privilege assertion (here, a privilege log) as well as everything not covered by the privilege.[1]  Plaintiff must respond to the Cook Defendants' interrogatories and requests and provide a privilege log in accordance with CMO #10 within 14 days.[2]

### c. Objections Not Asserted in Discovery Responses

Many of Plaintiff's arguments contained in her brief are waived because they are based on objections she did not assert in her responses to the Cook Defendants' interrogatories and

---

[1] Fed. R. Civ. P. 26(b)(5)(A)(ii), 34(b)(2)(C).  CMO #10 spells out the required information: "a) The document date; b) The source of the document; c) The author name and/or author email address as provided in the applicable metadata field of the person(s) who prepared the document to the extent available; d) The recipient name and/or recipient e-mail address as provided in the applicable metadata field of any person(s) to whom the document was disseminated, to the extent available, including any recipient outside of Cook; e) The file type; f) The specific privilege or protection asserted for the document; and g) Information sufficient to enable the other party to evaluate the applicability of the claimed privilege or protection."  [Filing No. 520, at ECF p. 2.]
[2] The Court further addresses Request No. 37 below.

4

requests. Objections to discovery requests must be made in the response to the request. Those not made in the response are waived. Fed R. Civ. P. 33(b)(4), 34(b)(2)(A)–(C); *Jackson v. Clarkson, Inc.*, No. 10-cv-178-DRH, 2010 WL 5014315, at *1 (S.D. Ill. Dec. 3, 2010).

The Cook Defendants' Request No. 37 seeks any and all text messages, e-mails, and social medial posts regarding: the filter in question; filters in general; the Cook Defendants; or Plaintiff's medical condition, recovery, or damages. Plaintiff responded to the request by objecting only that it seeks communications between Plaintiff and her attorney.[3] Thus, her briefed argument—that the request is "vague, overly broad, and exceeds the scope of discovery"—is waived. [Filing No. 5458, at ECF p. 11.] Therefore, Plaintiff must produce the requested materials within 14 days. If any communications are privileged, Plaintiff must provide an accompanying privilege log in accordance with CMO #10.

Through their Request No. 8, the Cook Defendants seek "[a]ny communication between Plaintiff or anyone acting on her behalf (including her attorney) to any third party." [Filing No. 5144, at ECF p. 11 (parenthetical in original).] Plaintiff gave a partial response with no objections. Though this response waives all arguments presented in her briefing, the Court will not order her to produce all of the requested documents irrespective of privilege. Many of the described communications are likely to be privileged because the request expressly includes all of Plaintiff's attorney's communications on her behalf. Further, the Cook Defendants cannot be surprised by potential privilege claims due to this express inclusion. Thus, waiver would be unjust, and it is hard to fathom how allowing Plaintiff to claim privilege would prejudice the

---

[3] Though her objection is technically limited to e-mails, permitting privilege claims for e-mails but not the other listed communication modalities is overly pedantic.

5

Cook Defendants. Still, Plaintiff must produce the non-privileged requested materials with a CMO #10-compliant privilege log within 14 days.

Plaintiff argues that the Cook Defendants' requests and interrogatories regarding evidence Plaintiff contends supports her claims are inappropriate contention interrogatories.[4] However, she waived this argument because, in her responses to each, Plaintiff merely objects that they were premature. Irrespective of whatever basis Plaintiff may have had at the time of logging these objections, the Court struggles to see how such requests are still premature. Discovery closed on June 22, 2017, and the trial is set to begin October 23, 2017. [Filing No. 5889.] Moreover, in her response to the Cook Defendants' motion, Plaintiff does not offer any reason why the requests are still premature. Therefore, Plaintiff must provide responses within 14 days with a privilege log in accordance with CMO #10.

Finally, the Cook Defendants' third Request No. 4 seeks a native file of Plaintiff's Facebook profile that was downloaded on April 16, 2015. Plaintiff responded with a PDF of the requested data, but argues in her briefing that the request is overbroad. Plaintiff waived this argument by providing the PDF. The format issue remains and is discussed below.

### d. PDF Versus Native File

The Cook Defendants seek an order requiring Plaintiff to produce responses—specifically in native file format—to various social media data requests.[5] Plaintiff responds that she already provided the Cook Defendants a PDF of some of the requested information and that both the scope of the requests and the nature of the native file format invades Plaintiff's privacy.

---

[4] [Filing No. 5458, at ECF p. 11–13.] Request Nos. 13–18 and Interrogatory Nos. 11–16. [Filing No. 5144, at ECF p. 6.]
[5] The Cook Defendants' third Request Nos. 4 and 5.

Rule 34(b)(1)(C) provides that parties may specify the format in which electronically stored information is produced, and the comments to the 2006 amendment emphasize the importance of providing ESI in the requested format to avoid data processing issues. Still, the responding party may object to the requested format. Fed. R. Civ. P. 34(b)(2)(D). The issue here, however, is not whether the ESI is more easily processed in one format or another, but whether one format is entirely different and too intrusive.

The Court will limit the Cook Defendants' access to native files. The parties agree there is a difference between a native file and a PDF, and a native file contains considerably more information—namely metadata, which provides much more private information. The metadata contained in native files gives the who, what, when, where, and how of the making of a post, including metadata from non-parties. The Court finds the Cook Defendants have not made a sufficient showing for the metadata in all posts, but the Cook Defendants may request a native file for specific posts.

However, to be entitled to this information, the Cook Defendants must demonstrate the posts' relevance and clearly identify them. For example: "Post by Plaintiff on DD/MM/YYYY at HH:MM beginning, 'Today, I traveled. . . .' Cook Defendants seek this data because Plaintiff's expert, Ms. Levy, expressly relies on the metadata associated with this post on page XX of her report." Given the approaching trial date, the Cook Defendants must promptly make and justify any request for specific native file posts, and Plaintiff will respond without delay.

  **e. Scope of Social Media Requests**

Much of the parties' briefing concerned the scope of the Cook Defendants' social media requests. The specific discovery requests at issue are Interrogatory No. 24, third Request No. 5, and Plaintiff Fact Sheet VII(m). The Court is disinclined to give broad access to private

information, but the Court will grant access to publicly available information and requests narrowly limited by time and content.

Viewing a party's public social media profiles does not violate his or her privacy rights— the very nature of social media limits parties' privacy expectations. *See Higgins v. Koch Dev. Corp.*, No. 3:11-cv-81-RLY-WGH, 2013 WL 3366278, at *2 (S.D. Ind. Jul. 5, 2013); *Davenport v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-cv-632-J-JBT, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012). Therefore, the Court grants the Cook Defendants' motion to the extent the discovery requests seek Plaintiff's publicly available social media. Given that the public information is equally accessible to both parties, Plaintiff need not foot the expense (and effort) of providing to the Cook Defendants what they can find in an internet search.

In Interrogatory No. 24, the Cook Defendants seek Plaintiff's social media "user names, handles, login names or IDs and e-mail addresses applicable to the login or use of the website." [Filing No. 5144, at ECF p. 6.] The briefing suggests that the Cook Defendants already possess Plaintiff's social media usernames. Much of the parties' briefing on this interrogatory concerns Plaintiff's Facebook password, despite the fact that the Cook Defendants did not request it.[6] It is axiomatic that the Court cannot compel a response to an interrogatory that does not exist.[7] Thus, the Court denies the Cook Defendants' briefed request for Plaintiff's password.

---

[6] The Court would not have been inclined to compel a response had the interrogatory expressly asked for Plaintiff's passwords. The Court struggles to see how such staggering access would be proportional to the needs of the case. *See Crabtree v. Angie's List, Inc.*, No. 1:16-cv-00877-SEB-MJD, 2017 WL 413242, at *1 (S.D. Ind. Jan. 31, 2017).

[7] The Cook Defendants argue they are still entitled to production because Plaintiff said in her deposition that she was "fine" with giving them her password. Plaintiff's deposition testimony has no impact on the text of the interrogatory, which is at issue in the Cook Defendants' motion to compel.

Private social media data requires a more involved analysis. The Court may compel private social media data when the seeking party shows it is relevant and proportional to the needs of the case. *Crabtree v. Angie's List, Inc.*, No. 1:16-cv-00877-SEB-MJD, 2017 WL 413242, at *5 (S.D. Ind. Jan. 31, 2017); *EEOC v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 434–35 (S.D. Ind. 2010). The requesting party does not have an unfettered right to rummage through the responding party's social media and must limit the time period and content of the request. *Ye v. Cliff Viessman, Inc.*, No. 14-cv-01531-JTG, 2016 WL 950948, at *3 (N.D. Ill. Mar. 7, 2016); *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012).

Plaintiff objects to the scope of the Cook Defendants' third Request No. 5, arguing that it is overbroad.[8] The Cook Defendants argue they are entitled to the data because Plaintiff is seeking damages including loss of enjoyment of life, depression with increased anxiety, and other continuing medical issues. The Cook Defendants' third Request No. 5 specifically seeks social media data regarding:

> travel to and from [her] vacation home in [another state], [her] travel of more than two hours away from [her] home, [her] relocation to [a new city], [her] hobbies, [her] social activities, [her] claims against Cook, the Filter, vena cava filters generally, [her] medical conditions, [her] recovery, [her] alleged damages, or Cook from April 16, 2015, to present.

[Filing No. 5458, at ECF p. 21.]

In *Mailhoit*, 285 F.R.D. at 571, on which both parties rely, the requesting party sought all social media posts "that reveal, refer, or relate to any emotion, feeling, or mental state" of the plaintiff. The court noted that all statements in one way or another evidence a person's mental state, but a party is not entitled to compel a person to produce all of their statements. *Id.* at 570.

---

[8] Plaintiff also objects that she already provided a PDF of the information in her response to third Request No. 4. This PDF is insufficient because the relevant period for third Request No. 4 ends on April 16, 2016, while the relevant period for third Request No. 5 *begins* on that date.

In contrast, here the Cook Defendants would be entitled to compel a response to interrogatories asking the same questions, which are aimed, not at overall mental state, but at particular aspects of alleged injuries—e.g. the ability to travel more than two hours or participate in social engagements. Therefore, Plaintiff must comply with the request within 14 days.[9]

In their Plaintiff Fact Sheet VII(m), the Cook Defendants request "screenshots of all webpages of each type of social media used by [Plaintiff] . . . showing any and all 'posts' and/or 'messages' from the date of implantation to the present."[10] The Court in *Crabtree*, 2017 WL 413242, denied a similar request. There, the underlying dispute was the number of hours the plaintiffs worked, and the defendant sought all of the plaintiffs' social media data over a period because it might show the plaintiffs taking extended lunch breaks and running errands while supposedly working. *Crabtree*, 2017 WL 413242, at *5.

Here, despite the time limit, the lack of a content limitation dooms this request to the extent it seeks private social media data. If the motion were granted, Plaintiff would have to turn over a screen shot of every private message she sent to anyone on any topic simply because she sent it after the implantation. Plaintiff need not turn over any screen shots of private social media requested in Plaintiff Fact Sheet VII(m).

---

[9] As discussed above, Plaintiff does not have to produce a native file, but the Cook Defendants may request one by complying with the instructions above, provided they make the request within 7 days of Plaintiff's production.

[10] [Filing No. 5144, at ECF p. 6.] Quizzically, Plaintiff's response was both "Not applicable" and that she attached the requested documents, though the Cook Defendants say she did not. Though Plaintiff's briefing does not expressly address this apparent contradiction, the Court does not find that Plaintiff waived her objection to the discovery request. "Not applicable" conveys the same message as Plaintiff's briefed argument that the request exceeds the scope of discovery. Further, because the Cook Defendants' assert that Plaintiff failed to attach, they cannot argue that Plaintiff waived her objection by providing a response.

## IV. Conclusion

For these reasons, the Cook Defendants' motion to compel [Filing No. 5143] is granted in part and denied in part. Plaintiff must provide the Cook Defendants with responses to Request Nos. 2, 8, 12–18, 20, 27–30, and 37; Interrogatory Nos. 8, 11–16, and 20; and third Request No. 5 within 14 days, including an appropriate privilege log in compliance with CMO #10. If the Cook Defendants feel it is necessary, and they comply with the specificity requirements above, they may promptly request a native file for specific social media posts within third Request Nos. 4 and 5. Plaintiff must respond to such request without delay.

Date: 9/15/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to all registered counsel of record via the Court's ECF system.

All non-registered counsel of record will be served by Plaintiffs' Lead Counsel.