IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to Plaintiff:

    Elizabeth Jane Hill
    Civil Case No. 1:14-cv-06016-RLY-TAB

## PLAINTIFF ELIZABETH JANE HILL'S
## FINAL WITNESS LIST AND NOTICE OF WITNESSES TO ATTEND TRIAL

Pursuant to Second Amended Case Management Order No. 19, Plaintiff Elizabeth Jane Hill, by counsel, provides the following Final Witness List and Notice of Witnesses to Attend Trial:

**CASE SPECIFIC WITNESSES EXPECTED TO ATTEND TRIAL:**

1.    **Elizabeth Jane Hill**. Ms. Hill is the Plaintiff. She has been deposed. Please see her deposition. Ms. Hill is expected to testify regarding her injuries from the Cook Celect filter and the implantation of her filter, the failed retrieval of her filter, and the ultimate explantation of her filter, and discussions with her healthcare providers concerning those procedures as well as her general medical history.

2.    **Robert Hill**. Plaintiff's son. Mr. Hill has been deposed. Please see his deposition. He may testify as to his knowledge of Ms. Hill's medical condition and general medical condition both before and after the implantation and explantation of her filter.

3.    **Russell Hill**. Plaintiff's husband. Mr. Hill has been deposed. Please see his deposition. He may testify as to his knowledge of Ms. Hill's medical condition and general medical condition both before and after the implantation and explantation of her filter.

**CASE SPECIFIC WITNESSES EXPECTED TO BE CALLED BY DEPOSITION:**

4.  **Bridget Bellinger, D.O.**  Ms. Bellinger was Ms. Hill's general practice physician.  She has been deposed.  Please see her deposition.

5.  **Leigh Conners.**  Leigh Conners was a regional manager for the region that serviced the Cook product that was placed in Ms. Hill's body and the retrieval set used in her failed retrieval.  Her deposition has been taken.  She also has knowledge of Cook's document destruction.  Please see her deposition.

6.  **Ann Santoro, LCSW**.  Ms. Santoro provided counseling service for Ms. Hill.  She has been deposed.  See her deposition.

7.  **Mark Zuzga, D.O.**   Dr. Zuzga's is the implanting physician and the physician who attempted the retrieval, which was a failure.  He has been deposed. He is expected to testify consistent with the deposition referenced and medical records related to his treatment of Ms. Hill.  The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.  Please see his deposition.

8.   **Anthony Moreno, M.D.**  Dr. Moreno is a physician who performed complicated orthopedic surgery upon Ms. Hill and referred her for implantation of an IVC filter.  Dr. Moreno has been deposed. He is expected to testify consistent with the deposition referenced and medical records related to his treatment of Ms. Hill.  The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.  Please see his deposition.

9.  **Frank Lynch, M.D.**  Dr. Lynch performed complicated retrieval of the Celect filter.  His deposition has been taken.  He is expected to testify consistent with the deposition referenced and medical records related to his treatment of Ms. Hill.  The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.  See his deposition.  Dr. Lynch's opinions are subject to limitations as per Court Order.

**ADDITIONAL CASE SPECIFIC WITNESSES EXPECTED TO BE CALLED TO AUTHENTIC MEDICAL RECORDS:**

The following witnesses may be called either live or by deposition for the limited purpose of authenticating medical records related to their treatment of Ms. Hill, only if the parties fail to reach an agreement regarding the authenticity and admissibility of Ms. Hill's medical records.

10. **A.J. Bidani, M.D**. Dr. Bidani evaluated Ms. Hill's GI systemology. See the medical records.

11. **Umesh Choudhry, M.D.** Mr. Choudhry evaluated Ms. Hill's GI systemology. See the medical records.

In addition, the treating physicians who are to be called by deposition including **Bridget Bellinger, D.O., Ann Santoro, LCSW, Mark Zuzga, D.O., Anthony Moreno, M.D., and Frank Lynch, M.D.** may be called either live or by further deposition for the purpose of authenticating medical records related to their treatment of Ms. Hill.

**COOK CORPORATE WITNESSES EXPECTED TO ATTEND TRIAL:**

12. **Courtney Whitelock**. Courtney Whitelock is a district manager. She had responsibility for the sale of the Cook Celect placed in Ms. Hill and the retrieval set used in the failed retrieval attempt. Her deposition has been taken. Please see her deposition. She also has knowledge of Cook's document destruction.

13. **Torben Anderson**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

14. **Scott Blanchard**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

15. **Mark Breedlove**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

16. **Jennifer Brown**. Plaintiff has taken Ms. Brown's deposition. Ms. Brown has factual information regarding the Cook filters as well as some expertise in the areas evident in her deposition. Defendant has also listed Ms. Brown as an expert and Plaintiff reserves her right to question the witness as an expert. Her deposition has been taken. Please see his deposition as to his testimony as to the specifics of his opinions to the extent questions were asked of him regarding his opinions. Please see the reliance list regarding this witness and the documents reviewed by the witness.

17. **James Carlson**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

18. **Brian Choules**. Plaintiff has taken Mr. Choules' deposition. Mr. Choules has factual information regarding the Cook filters as well as some expertise in the areas evident in her deposition. Defendant has listed Mr. Choules as an expert and Plaintiff reserves her right to question to witness as an expert. His deposition has been taken. Please see his deposition as to his testimony as to the specifics of his opinions to the extent questions were asked of him regarding his opinions. Please see the reliance list regarding this witness and the documents reviewed by the witness.

19. **Jacob Clausen**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

20. **Bruce Fleck**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the

deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

21. **Mark Frye**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

22. **Henrik Gyllun**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

23. **Rita Harden**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

24. **Ted Heise**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

25. **Jack Hunt**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

26. **Ann Berg Jessen**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

27. **April Lavender**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

28. **Arne Molgaard-Nielsen**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

29. **Mette Neiendam Nielsen**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

30. **Tom Roberts**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

31. **James Smith**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

32. **Darrell Talbert**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

33. **Jesper Thyregod**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the

deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

34. **Kem Hawkins**. This witness will be deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

35. **William Voorhees**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

36. **Lars Milling**. Mr. Milling is the Chief Executive Officer (Managing Director) of Wiliam Cook Europe and has served in that role at all times relevant to this action. He had direct involvement with the development and post-market performance of the Celect filter. Mr. Milling may be expected to testify concerning relevant Cook policies, customs and practices; the development and performance of the Celect filter; inquiries and investigations into perforation problems with the Celect filter; and any other matter for which he had direct or supervisory responsibility; and to address company documents pertaining such matters.

37. **Lykee Sylow Iversen**. Ms. Iversen is a Quality Engineer at Wiliam Cook Europe. She is expected to testify to the complaint evaluation process, specific complaints and complaint trends concerning Cook filters and her involvement in inquiries regarding perforation problems with the Celect filter; and to address company documents pertaining to such matters.

38. **Rob Lyles**. The witness is a present employee of Cook Medical. The witness is expected to testify as to his employment with Cook Medical including his leadership roles in the Diagnostic and Interventional product division later renamed the Peripheral Intervention product division. The witness may also testify as to relevant documents he authored, that were located in his custodial file, or which may be otherwise relevant.

39. **Per Hendriksen**. This witness has been deposed. The witness is a present or former employee of Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. Mr. Hendriksen is the inventor of the Celect and Celect Platinum filters, and was the project engineer for vena cava filters between 2003 to 2010. He is expected to testify to the design, development, and history of the IVC filters he was involved with during his work with Cook and to address company documents pertaining to such matters.

40. **James Gardner**.     Mr. Gardner is the Director of Reimbursement and Medical Science Officer for Cook Inc. The witness has been deposed. The witness is a present employee of Cook. The witness is expected to testify consistent with the deposition referenced.

**PLAINTIFF'S EXPERTS EXPECTED TO ATTEND TRIAL:**

41. **Rebecca Betensky, Ph.D.** Dr. Betensky is a statistician. Please see this expert's report, previously provided. Her deposition has been taken. Please see her deposition as to her testimony as to the specifics of her opinions to the extent questions were asked of her regarding her opinions. Please see her reliance list regarding documents reviewed by the witness.

42. **Michael Fishbein, M.D.** Dr. Fishbein is a forensic pathologist. His deposition has been taken. Please see his deposition as to his testimony as to the specifics of his opinions to the extent questions were asked of him regarding his opinions. Please see the reliance list regarding this witness and the documents reviewed by the witness.

43. **David Garcia, M.D.** Dr. Garcia is a hematologist. He also has expertise regarding clinical trials and studies and their methodology. He will testify regarding the lack of proof of efficacy as well as hematological aspects of the case, and the methodology of the Gunther Tulip pilot study, the Smouse retrievability study, and the Lyon Cook study. His deposition has been taken. Please see his deposition as to his testimony as to the specifics of his opinions to the extent questions were asked of him regarding his opinions. Please see the reliance list regarding this witness and the documents reviewed by the witness.

44. **David Kessler, M.D.** Dr. Kessler is a regulatory expert. Dr. Kessler is a former FDA Commissioner. His deposition has been taken. Please see his deposition as to his testimony as to the specifics of his opinions to the extent questions were asked of him regarding his opinions. Please see the reliance list regarding this witness and the documents reviewed by the witness.

45. **Leigh Anne Levy, R.N.** Ms. Levy is a life care planner. Her deposition has been taken. Please see her deposition as to her testimony as to the specifics of his opinions to the extent questions were asked of her regarding her opinions. Please see the reliance list regarding this witness and the documents reviewed by the witness.

46. **Alexander Marmureanu, M.D.** Dr. Marmureanu is a cardiovascular and thoracic surgeon. His deposition has been taken. Please see his deposition as to his testimony as to the specifics of his opinions to the extent questions were asked of him regarding his opinions. Please see the reliance list regarding this witness and the documents reviewed by the witness. Dr. Marmureanu will also discuss case specific matters, the anatomy, the causation of Ms. Hill's problems and future problems and will also testify as to the warnings given in the package insert of the Celect filter, and complications associated with the Celect filter and its retrieval system, as well as the lack of any proof of efficacy of the Celect filter, and the frequency and severity of the various Celect device failure modes, and the product's defects, and related matters.

47. **Robert McMeeking, Ph.D.** Dr. McMeeking is a structural materials and mechanical engineer. He is expected to testify to the assessment of the forces and distortions of, instability, and stress levels of the Cook IVC filters. His deposition has been taken. Please see his deposition as to his testimony as to the specifics of his opinions to the extent questions were asked of him regarding his opinions. Please see the reliance list regarding this witness and the documents reviewed by the witness.

48. **Reza Rajebi, M.D.** Dr. Rajebi is a diagnostic radiologist. His testimony is limited to a review and analysis of diagnostic images. Please see his deposition as to the specific images reviewed and his opinions regarding those, and any further images obtained in discovery.

49. **Robert Johnson, Ph.D.**, Dr. Johnson is an economist. Please see his report.

**OTHER WITNESSES EXPECTED TO BE CALLED BY DEPOSITION:**

50.     **John Kaufman, M.D.**  He has been deposed.  He is an interventional radiologist identified with Cook.  Please see his deposition. The witness is expected to testify consistent with the deposition referenced.   The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant.

51.     **Paul Timperman, M.D.**  He is a radiologist.  He has been deposed.  Dr. Timperman was a consultant with and/or worked for Cook in the capacity of an analyst of radiological images.  Dr. Timperman has been asked about certain films and has given his opinions as to certain films shown to him at his deposition, and Plaintiff intends to present that testimony.

52.     Any person listed on Defendant's witness list.

53.     Witness(es) to address Cook financial records.

54.     Additional witnesses needed for impeachment or rebuttal.

55.     All witnesses who may be necessary to authentic or otherwise law evidentiary foundation for exhibits.

56.     Plaintiff reserves the right to supplement this witness list.


Dated: September 18, 2017                    Respectfully Submitted,

                                             /s/ Joseph N. Williams
                                             Joseph N. Williams, Atty. No. 25874-49
                                             RILEY WILLIAMS & PIATT, LLC
                                             301 Massachusetts Avenue
                                             Indianapolis, IN 46204
                                             Telephone: (317) 633-5270
                                             Facsimile: (317) 426-3348
                                             jwilliams@rwp-law.com

                                             /s/ Joe Johnson
                                             Joe Johnson, Esq.
                                             BABBITT & JOHNSON, P.A.
                                             1641 Worthington Road, Suite 100
                                             Post Office Box 4426 (33402-4426)
                                             West Palm Beach, FL  33409
                                             Telephone:  (561) 684-2500
                                             Facsimile: (561) 684-6308

jjohnson@babbitt-johnson.com

*Attorneys for Plaintiff*


*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
mheaviside@hrzlaw.com

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
THE LAW OFFICE OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
bmartin@bencmartin.com

*/s/ David P. Matthews*
David P. Matthews, Esq.
MATTHEW AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*


**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2017, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ David P. Matthews*
David P. Matthews