IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2570
_____

This Document Relates to

Hill, Elizabeth -
 1:14-cv-06016-RLY-TAB
_____

**COOK DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
FINAL WITNESS LIST OR, ALTERNATIVELY, TO CONTINUE TRIAL**

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") move, pursuant to Local Rules 7-1 and 16-3(a), for an Order (a) striking Plaintiff Elizabeth Jane Hill's Final Witness and Notice of Witnesses to Attend Trial (Dkt. 6338) ("Hill Witness List") and requiring plaintiff within forty-eight hours to file a final witness list that complies with Second Amended Case Management Order No. 19 and includes the witnesses who Plaintiff truly intends to call as witnesses in their case-in-chief or, alternatively, (b) continuing the October 23, 2017 trial setting and resetting the trial for a date no earlier than December 2017.  In support of their Motion, Cook Defendants state:

1. Trial of this matter is scheduled to begin in one month, on October 23, 2017.

2. Under the Court's Second Amended Case Management Order 19 ("CMO 19), yesterday the parties were required to file a final witness list and notice of witnesses to attend trial which was to "identif[y] and notif[y] the other party of the identity of all witnesses who will attend the trial" and "include a brief synopsis of the expected testimony."  Second Amended

Case Management Order 19 at ¶ 12 (Dkt. 5889).  Plaintiff has repeatedly represented that her presentation of evidence will be completed by October 31, 2017, and Cook has scheduled witnesses beginning on November 1, 2017 in reliance on that representation, including at least one expert witness who cannot appear for trial after November 3, 2017.  The experts' testimony will have to be taken out of order if plaintiff's case does not timely conclude.

3.      Despite these repeated representations of the plaintiff's presentation of her case in one week, plaintiff filed a "final" witness list identifying a total of 51 witnesses, including 41 live witnesses and 8 witnesses to be called by deposition.[1]  Plaintiff Elizabeth Jane Hill's Final Witness and Notice of Witnesses to Attend Trial (Dkt. 6338).  Plaintiff has applied no filter to her final witness list, listing instead every single fact witness who has been deposed in the case, an expert whose testimony previously was withdrawn by Plaintiffs and who has never been deposed (Robert Johnson), physicians whose medical records the parties have already stipulated are authentic (Dr. Bidani and Dr. Choudry), a witness whose "opinion" testimony the Court has excluded (Dr. Timperman)[2], and 29 Cook employees.

4.      Indeed, since plaintiff served her preliminary witness list on August 1, 2017, her witness list has grown, not been reduced.  *See* Plaintiff Elizabeth Jane Hill's Preliminary Witness Listed affidavit at Exhibit A.  Plaintiff has added six "new" witnesses to her final list – Courtney Whitelock, Lars Milling, Lykee Sylow Iversen, Rob Lyles, Per Hendricksen, and James Gardner – and removed one witness – Robert Smouse - from the preliminary list.

5.      Contrary to CMO 19, and plaintiff's assurances that her case will be presented in one week, plaintiff has not actually provided any identification of the witnesses who will actually attend trial.  Instead, this is a kitchen sink "final" witness list.

---

[1] The run time for the deposition testimony plaintiff has designated for these 8 witnesses is over seven hours.
[2] Entry for September 14, 2017 (Dkt. 6307).

6. Cook Defendants, by contrast, filed a final witness list that identifies a total of 30 witnesses, and Cook has informally advised plaintiff's counsel that 22 of these individuals are on Cook's "will call" list, while 8 are "may call" witnesses depending on whether they are necessary to rebut issues raised during plaintiff's case. *See* email from A. Pierson dated September 19, 2017, attached at Exhibit B. The "will call" list for Cook includes 7 retained experts, 4 non-retained experts/fact witnesses, 3 fact witness, and 5 treating physicians, with just two witnesses by video deposition.

7. Plaintiff's final witness list is also deficient because it fails to identify with any specificity the topics upon which the witnesses will offer testimony. In most cases, plaintiff states only "[t]his witness has been deposed. The witness is a present or former employee or Cook or is affiliated with Cook in some capacity. The witness is expected to testify consistent with the deposition referenced. The witness may also testify as to documents referred to in the deposition, obtained subsequent to the deposition, or which may be otherwise relevant."[3] (Dkt. 6388 at 5). There are hundreds (if not thousands) of hours of deposition testimony taken during the course of the last two years of this litigation and plaintiff has made absolutely no attempt to narrow the scope of witnesses or testimony for trial. Indeed, as explained above, plaintiff has significantly expanded the universe of potential testimony and witnesses for trial.

8. Plaintiff took a similar approach with her preliminary exhibit list. On August 1, 2017, plaintiff served defendant a list that identified 29 broad categories of documents – failing to specifically identify *any* actual exhibits for trial – contrary to CMO 19's requirement that the parties identify documents specifically. After Cook raised plaintiff's failure to comply with the

---

[3] This same language was used in plaintiff's preliminary list. *See* Ex. B.

Court's order with the Court, Magistrate Judge Baker ordered the plaintiff to comply with CMO 19. Plaintiff's revised list, served September 5, 2017, identifies over 7,000 documents.[4]

9. Put simply, Cook cannot possibly prepare for trial, and the Court cannot try in any reasonable period of time, a case involving over 50 witnesses and 7,000 documents for plaintiff's case alone. If plaintiff truly intends to call more than 50 witnesses in her case-in-chief, plaintiff will not timely complete her presentation of the evidence, and the jury will be required to sit through a trial of more than four weeks – past the Thanksgiving holiday. When the parties requested – and the Court ordered – the trial to begin on October 23, 2017, that date was selected on the understanding that closings would begin early the week of November 20, so that deliberations would be completed before Thanksgiving. Given plaintiff's witness and exhibit lists, that is simply not possible.

10. Moreover, when Cook Defendants' final witness list is taken into account, there are a total of 62 unique witnesses identified, including 16 experts. If one assumes two hours of testimony per fact witness, and four hours per expert witness, that amounts to 156 hours of testimony, and roughly 24 days of trial (assuming 6.5 hours of testimony per day). Under that scenario, trial would take six weeks, and would not conclude until early December.

11. If Plaintiff truly intends to put on her case in a week, as her counsel have repeatedly represented, plaintiff should serve a final witness list that identifies the witnesses plaintiff actually intends to call at trial. Alternatively, if plaintiff maintains that the current witness list reflects the testimony she intends to introduce at trial, the trial should be continued. The Court's current trial setting is not enough time for plaintiff's case, as currently reflected in plaintiff's witness and exhibit lists, and Cook's case to be tried, and is likely not enough time for

---

[4] Final exhibit lists are due September 25, 2017. Given the approach plaintiff has taken with preliminary and final lists thus far, Cook Defendants are concerned that plaintiff's final exhibit list will not reflect the exhibits plaintiff actually intends to offer at trial.

4

plaintiff's case alone.  A continuance would also give the Court more time to rule on the many pending motions in *limine* and dispositive motions, undoubtedly would narrow the witnesses, exhibits, and issues significantly, and would do so in time for the parties to ensure an orderly presentation of the evidence to the jury.

WHEREFORE, Cook respectfully requests that the Court (1) strike plaintiff's final witness list and order plaintiff to provide within 48 hours a final witness list that complies with CMO 19 and includes the witnesses who will truly be called in their one week case-in-chief or, alternatively (2) continue the trial to a date no earlier than December and order the parties to file amended witness and exhibit lists following the Court's ruling on the pending motions in *limine* and dispositive motions.

Respectfully submitted,

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 237-0300
Fax: (317) 237-1000
andrea.pierson@FaegreBD.com
john.schlafer@FaegreBD.com

*Counsel for Cook Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of September, 2017, a copy of the foregoing was sent by electronic mail to Plaintiffs' Co-Lead Counsel, as listed below:

Ben C. Martin
LAW OFFICE OF BEN C. MARTIN
bmartin@bencmartin.com

Michael W. Heaviside
HEAVISIDE REED ZAIC
mheaviside@hrzlaw.com

David P. Matthews
MATTHEWS & ASSOCIATES
dmatthews@thematthewslawfirm.com

Joseph N. Williams
RILEY WILLIAMS & PIATT
jwilliams@rwp-law.com

Matthew Schultz
LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY & PROCTOR, P.A.
mschultz@levinlaw.com

/s/ *Andrea Roberts Pierson*