UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to:<br>     1:14-cv-6016-RLY-TAB    Hill | |

## ORDER ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

### I.    Introduction

Ann Santoro, a licensed mental health counselor, provided counseling to Plaintiff Elizabeth Hill and her husband, Russ Hill.  The Cook Defendants subpoenaed Santoro to take her deposition and to obtain the Hill's counseling records.  Santoro appeared for her deposition and produced her counseling records with Plaintiff, but Santoro does has not produced counseling records involving Mr. Hill.  The Cook Defendants filed a motion to compel Santoro to produce these records.  [Filing No. 5139.]  Santoro's response includes a purported motion for a protective order.  [Filing No. 233 (filed in 1:14-cv-06016-RLY-TAB).]  For the reasons set forth below, the Court grants the Cook Defendants' motion in part, and denies Santoro's motion for a protective order.

### II.    Background

Santoro sought and received a release from Mr. Hill to provide documents stemming from their joint counseling.  However, Santoro asserts Mr. Hill verbally withdrew this release the afternoon before her deposition, and that counsel for Santoro then called counsel for the Cook Defendants to inform them of the withdrawal.  Santoro did not file a motion to quash or serve a

written objection, but orally communicated the objection and asserts that counsel for the Cook Defendants stated they wanted to proceed with the deposition and were not interested in the joint counseling sessions and documents. Neither Plaintiff nor Mr. Hill have filed a motion to quash or served a written objection.

The Cook Defendants assert that during Santoro's deposition, they learned of an allegedly undisclosed meeting between Santoro and Plaintiff when Plaintiff was in the hospital in August 2013. Santoro testified at her deposition that, though Mr. Hill was present, this meeting was "completely different" from and had no "connection at all" to marriage counseling. Rather, the meeting concerned Plaintiff's psychological reaction to her hospitalization.

### III.     Discussion

The Cook Defendants argue that Santoro waived all arguments against production because she failed to timely object to the subpoena, as required by Fed. R. Civ. P. 45. Santoro responded: 1) she timely informed the Cook Defendants of Mr. Hill's withdrawal, 2) even if she was untimely, she cannot waive her patient's privilege, and 3) the Cook Defendants have the burden to show that the documents are not privileged. The Cook Defendants replied that Santoro can waive the privilege, and even if she cannot waive the privilege, the documents in question are not privileged.[1]

The Cook Defendants also object to Santoro's motion for a protective order, which Santoro includes in her response. A new motion may not be filed within a response to an earlier-filed motion. Local Rule 7-1(a); *Rooks v. United States*, 1:15-cv-00079-SEB-DML, 2016 WL

---

[1] The Cook Defendants filed their reply brief well after the deadline. However, the delay was due to Santoro's error in filing her response in 1:14-cv-6016-RLY-TAB, rather than 1:14-ml-2570-RLY-TAB. Understandably, Santoro did not oppose the late filing, so the Court will not further consider this issue.

368024, at *1 (S.D. Ind. Jan. 28, 2016). Therefore, the Court summarily denies Santoro's motion.

Regarding waiver, irrespective of the timeliness of her objection, Santoro cannot waive Mr. Hill's privilege under Florida law.[2] Only the patient or the patient's representative can waive Florida's psychotherapist-patient privilege. Fla. Stat. § 90.503(2), (3); *Attorney ad Litem for D.K. v. Parents of D.K.*, 780 So.2d 301, 306 (Fla. Dist. Ct. App. 2001). Plaintiff relies on *Palm Beach County Sch. Bd. v. Morrison*, 621 So.2d 464 (Fla. Dist. Ct. App. 1993). There, the court found that the psychotherapist had not waived the privilege because the therapist asserted it before there was any disclosure. *Id.* at 469. Here, Santoro asserted the privilege without disclosing documents covered by Mr. Hill's privilege. Thus, though Santoro should have served a written objection following Mr. Hill's revocation, *see* Fed. R. Civ. P. 45, her failure to do so did not waive Mr. Hill's privilege.

The Cook Defendants rely on Fla. Stat. § 90.503(d) to argue that the documents from the joint counseling are not presumptively privileged because Plaintiff put her mental health at issue. The court disagrees. Santoro is asserting the privilege on behalf of Mr. Hill, not Plaintiff. Because Mr. Hill has not put his mental health at issue in this proceeding, Santoro is correct that the "authority of a psychotherapist to claim the privilege is presumed in the absence of evidence to the contrary." § 90.503(3)(d). Therefore, the burden regarding the applicability of the privilege rests on the Cook Defendants to show evidence that the records are not privileged—not on Santoro to show that they are.

---

[2] Florida's privilege law applies because Florida law provides the rule of decision in this diversity action. *See* Fed. R. Evid. 501.

3

The Cook Defendants met this burden for records from the August 2013 hospital visit. The privilege only applies to the patient's records. § 90.503(2); *Oswald v. Diamond*, 576 So. 2d 909, 910 (Fla. Dist. Ct. App. 1991). Santoro's deposition testimony shows that Plaintiff was the sole patient at the visit in question. Therefore, because Mr. Hill has no privilege for these records, and Plaintiff waived her privilege by putting her mental health at issue, the documents from the visit are not privileged. Santoro must produce them within 14 days.

Regarding the rest of the documents, the Cook Defendants argue by analogy to federal privilege law that the psychotherapist-patient privilege of a non-party spouse can be overcome by the needs and nature of the case if the non-party-spouse's privacy is adequately protected. The Cook Defendants note that Florida has not addressed this issue, and the Court declines to apply the offered reasoning to the Florida privilege statute.

The Cook Defendants cite two cases in which federal courts weighed the privilege against the needs of the case, each concluding that the relevance of the marital counseling outweighed the purpose of the psychotherapist-patient privilege: *Tavares v. Lawrence & Memorial Hospital*, No. 3:11-cv-770 (CSH), 2012 U.S. Dist. LEXIS 134881 (D. Conn. Sept. 20, 2012) and *Alden v. Time Warner, Inc.*, No. 94 Civ. 6109 (JFK), 1995 WL 679238 (S.D.N.Y. Nov. 14, 1995). These courts held that marital counseling is highly relevant to the issue of the party-spouse's mental health, and the court can effectively protect the non-party-spouse's privacy in other ways. *See Id.*

The weighing of the privilege versus the other needs of the case was possible in those instances because the privileges were common law. Courts interpret the federal common law of privileges "in light of reason and experience." Fed. R. Evid. 501. At its core, the federal common law disfavors privileges. *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996). Further, federal

4

common-law privileges must "transcend[ ] the normally predominant principal of utilizing all rational means for ascertaining truth." *Trammel v. United States*, 445 U.S. 40, 50 (1980).

The Florida privilege at issue here, however, is statutory. The statute does not afford the Court the authority to weigh the purpose of the privilege against the needs and nature of the case. *See* Fla. Stat. § 90.503. Rather, it expressly lists scenarios to which the privilege would otherwise apply but are excluded from the psychotherapist-patient privilege: communications regarding compulsory hospitalization, communications during a court-ordered examination, and communications relevant to a proceeding in which the patient put her mental health at issue. § 90.503(4)(a)–(c). The Court cannot add another exclusion to the list because Florida interprets its statutes such that "the mention of one thing implies the exclusion of another." *White v. Mederi Caretenders Visiting Servs. of Southeast Fla., LLC*, No. SC16-28, No. SC16-400, 2017 WL 4053930, at *5 (Fla. Sept. 14, 2017). Therefore, the Court finds that the Cook Defendants cannot overcome Mr. Hill's privilege and obtain the contested documents.

## IV. Conclusion

The Court denies Santoro's motion for a protective order. [Filing No. 233 (filed in 1:14-cv-06016-RLY-TAB).] The Court grants the Cook Defendants' motion to compel with respect to records from the August 2013 hospital visit. [Filing No. 5139.] Santoro must provide these records within 14 days, but the Court declines to order Santoro to provide anything further.

Date: 09/20/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to all registered counsel of record via the Court's ECF system.
All non-registered counsel of record will be served by Plaintiffs' Lead Counsel.

5