IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

**This Document Relates to Plaintiff(s):**

**DARA BERMAN-CHEUNG, SAM BERMAN-CHEUNG, BAILEY BERMAN-CHEUNG**

**Civil Case No. 1:17-cv-06076-RLY-TAB**

_____

### PLAINTIFFS' REPLY TO COOK DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

### I. INTRODUCTION

The Cook Defendants' Opposition to Plaintiffs' Motion to Remand offers meritless arguments and ignores the bigger picture of Plaintiffs' rights to litigate this action in state court where it was filed.

Cook Defendants argue in their opposition that the action was properly removed under two "independent" theories, but then combines the theories into a single opposition. Cook's theories for establishing federal jurisdiction are (1) severance under FRCP 21 and (2) procedural misjoinder. Since the claims in the present action stem from the same transactions and/or occurrences and share common questions of law or fact, severance is inappropriate here. Further, as detailed in Plaintiffs' moving papers, Cook Defendants' removal of this action based on procedural misjoinder was improper.

## II. ARGUMENT

### A. Medical Defendants Should Not Be Severed Under FRCP 21.

Cook Defendants' severance arguments are weak. First, they overlook the arguments Plaintiffs make in their moving papers. Second, the arguments made in their opposition are not supported by the applicable law on severance.

Notably, Cook's severance arguments rely on cases outside the Seventh Circuit to support the proposition that whether a party has been permissively joined pursuant to Rule 20 is irrelevant. In an effort to heighten the joinder standard for Plaintiffs, Cook Defendants cite to a Kentucky case that held permissive joinder arguments under Rule 20 are "immaterial" in a FRCP discretionary severance analysis. [Deft's. Opp'n at 4] (citing *Mayfield v. London Women's Care, PLLC*, 2015 WL 3440492 (E.D. Ky. May 28, 2015). The unreported Eastern District of Kentucky and Minnesota cases cited by Cook are not binding authority, nor are they persuasive since Seventh Circuit authority exists on this very point.

Contrary to what Cook posits in the opposition, the joinder of parties under Rule 20 *is* significant to the courts in the Southern District of Indiana when determining whether to sever a claim under Rule 21. In fact, courts in this district provide the following standard of review guidance for severance:

> Federal Rule of Civil Procedure 20 allows joinder of multiple parties only when the right to relief they assert arises out of the same transaction or occurrence, and there are common questions of law or fact that will arise. ***When that is not the case*, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21**. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them." *Hill v. Eli Lilly & Co.*, 2015 U.S. Dist. LEXIS 130934 (S.D. Ind. 2015) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)) (Emphasis added).

Clearly, Cook Defendants' iteration of Kentucky and Minnesota law to this point is inapplicable since this district has unequivocally stated that it considers the propriety of joinder under Rule 20 before severing the claims under Rule 21.[1]

Other courts agree that a determination of whether parties were properly permissively joined under Rule 20 is important in analyzing whether to sever claims under Rule 21. In another case involving an IVC filter, the court considered a defendant's motion to sever the plaintiffs' claims under Rule 21 and ultimately declined to do so, remanding to state court. *See In Re Bard IVC Filters Prods. Liab. Litig.* 2016 U.S. Dist. LEXIS 69025 (D. Ariz. May 23, 2016). The court in that case provided a discretionary severance analysis under Rule 21, noting that courts "can sever and remand claims against non-diverse defendants <u>when the test for permissive joinder has not been satisfied</u>, i.e., when fraudulent misjoinder has occurred." *Id.* at 173 (emphasis added). It follows that Plaintiffs' arguments regarding the proper permissive joinder of parties to this action is material in determining whether to sever claims or parties.

As argued in the motion, the determination of whether a party has been properly joined to an action should be made by the state court where the parties were joined. *See Fore Invs., LLC v. Travelers Indem. Co. of Am.*, 2013 U.S. Dist. LEXIS 95890 (S.D. Ind. 2013). Defendants' removal requires this Court to engage in an improper determination of whether joinder was proper under Rule 20 and then to irrevocably sever parties and claims from the case without first determining if it has jurisdiction over the matter. The better practice would be to bring a motion in state court to challenge joinder and move the state court to sever the action.

---

[1] Plaintiffs acknowledge that even where Plaintiffs' claims are properly joined, the Court has discretion to sever any claims under Rule 21 in the interest of judicial economy and prejudice. However, it is Plaintiffs' position that severance under Rule 21 is inappropriate because it would prejudice Plaintiffs, as provided, *infra*.

3

Nonetheless, Plaintiffs have provided ample support for the proposition that the Medical Defendants were properly joined to this action by meeting the requisite "same transaction or occurrence" and "common questions of law or fact" considerations. Mr. Cheung was implanted with the Cook Defendants' device by the Medical Defendant, Dr. Mell at Stanford Hospital—this was done on one day, at one time, and is one transaction and/or occurrence. Whether the filter was defective, what information about the filter Cook Defendants provided to Medical Defendants, and whether the ultimate injuries sustained in this case are a result of the device, the improper implantation of the device, or both, all share common questions of law or fact. Since the permissive joinder of Medical Defendants was proper, the claims should not be severed under Rule 21.

In *Schulke v. Stryker Orthopaedics*, the court declined to sever the plaintiff's claims where he alleged that "device defects and negligent medical care" caused him injuries. 2016 U.S. Dist. LEXIS 70455 (N.D. Ill. 2016). The court in that case found that that the defendants had been properly joined under Rule 20. The defendant asserted the same arguments that Cook Defendants proffer here—that the claims involving the Medical Defendants center on the care and treatment of Mr. Cheung, and that the claims involving Cook Defendants concern the design, research, manufacture, and development of the device itself, and are, thus, so distinct that severance is appropriate. That court declined the defendant's assertions in support of severance, stating, "so finely parsing [plaintiff]'s claims misses the critical point: all of [plaintiff]'s claims for relief arise out of his hip replacement and revision surgeries and the after-effects of those surgeries, <u>allegedly as a result of medical negligence, product malfunction, or a combination of both</u>." *Id*. at 4. (emphasis added).

The *Schulke* court held that the facts were analogous to the "myriad of district court opinions holding joinder of medical and manufacturing defendants proper where . . . the plaintiff seeks redress for damages arising from the allegedly negligent implantation or removal of an allegedly defective medical device." *Id*. at 6. (emphasis added) (citing *Stephens v. Kaiser Found, Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, (D. Md. 2011) (finding joinder proper where "the very genesis of this case is the surgery and implantation of an allegedly faulty medical device in [the plaintiff's] body," and noting that "[t]he fact that plaintiff might have to offer different evidence to establish his medical negligence and product liability claims cannot alter this analysis"); *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 499 (S.D.W.Va. 2009) ("All of these claims for relief arise out of the same occurrence: [the plaintiff's cardiac defibrillator] surgery and the after effects of that surgery . . . In this case, the medical injuries are intertwined with the claims against [the manufacturer defendant].")). So too, here, all of Plaintiffs' claims stem from medical negligence, product malfunction, or a combination.

**B.  Discretionary Severance Is Not Warranted.**

According to Cook Defendants, the Court should exercise its discretion under Rule 21, because the Medical Defendants are not indispensable parties. Even if the Court finds the Medical Defendants do not constitute necessary and indispensable parties, it should not exercise discretionary severance because it would not be just.

Defendants inaccurately state in their opposition that Plaintiffs do not dispute whether the Medical Defendants are necessary or indispensable parties and that Plaintiffs actually "fail to even mention the issue in their motion to remand." [Deft's Opp'n at 5]. Cook Defendants ostensibly misread Plaintiffs' briefing.

5

As stated in the motion, the Medical Defendants are necessary and indispensable parties to this action. [Pls.' Mot. at 16]. Cook Defendants' liability is measured, at least partially, by how much information (e.g., regarding the filter's risks, benefits, indications, use, efficacy, etc.) they provided to the Medical Defendants about the IVC filter that was ultimately implanted in Mr. Cheung and when the information was provided. The common questions of law and fact could lead to inconsistent judgments if resolved separately in two separate cases; neither the MDL nor the severed state court proceeding would benefit by an inconsistent ruling on a common question of fact.

Even if the Court determines that the Medical Defendants are not indispensable to this action, discretionary severance is not warranted because the severance would not be just, as required by Rule 21. The court in *Schulke* again provides an apt analysis of why discretionary severance would not be warranted in a case like this; the court held that in separate actions, the "defendants could exploit an 'empty chair' defense not available at a joint trial" and that this could expose the plaintiff to "the risk of inconsistent judgments and incomplete recovery." *Schulke v. Stryker* at 8. The court continued that it would not be just to require a plaintiff "to litigate on two fronts in two separate courts with duplicative discovery and all the cost and delay it entails" or to have a plaintiff "double its efforts." *Id*.

Defendants also argue that Plaintiffs' products liability claims are identical to those at issue in the MDL and that severance will benefit both Cook and Plaintiffs. While Plaintiffs' *products liability* claims are *similar* to *some* cases in the MDL, none of the MDL cases have causes of action for medical malpractice against their implanting physicians. As such, if severance is granted here, Plaintiffs would be forced to litigate two separate cases, each of which would be prejudiced by an "empty chair" defense and the risk of jury confusion would be great.

Moreover, judicial efficiency would be lost. Even where the Cook Defendants may not be as burdened, since they are already defending themselves in the MDL, the potential damage to Plaintiffs' case, logistically and substantively, far outweighs any argument in favor of severing the claims for Defendants' sake.

### C. Medical Defendants Were Not Procedurally Misjoined.

Cook Defendants lose sight of the issue at hand in their opposition papers and instead focus on the existence of an MDL to support their arguments regarding subject matter jurisdiction; but, the presence of an MDL does not magically confer jurisdiction on the Court. Cook Defendants are correct—Plaintiffs did not address the authority cited in the notice of removal because the cases relied upon by Cook are non-binding and unpersuasive authority, especially in light of the on-point case law included in Plaintiffs' remand motion. Plaintiffs provided authority that is more recent and more relevant as they are cases dealing with the exact same device—an IVC filter. The cases Cook Defendants depend upon are older than the Plaintiffs' cited cases, rely on a widely unpopular theory of removal, and involve completely different devices than the present action.

For instance, the court in *Sutton v. Davol* relied on the theory of procedural misjoinder which, as stated, is an unpopular theory and has not been adopted by the Seventh Circuit. 251 F.R.D. 500 (E.D. Cal. 2008). Even outside the fact that the court applied the *Tapscott* fraudulent misjoinder doctrine, that case is distinguishable. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). In *Sutton*, the plaintiff's claim against medical defendants arose from their negligent implantation of a patch product *after* it had been recalled; the negligence on the medical defendants' part centered on an implantation that occurred months after the product had been recalled. *Sutton,* 251 F.R.D. 500, at 502. The claims against the healthcare defendants in

that case arose from "their negligent or fraudulent failure. . . to properly comply with the voluntary product recall notices provided to them, resulting in a recalled product being implanted into [the plaintiff]." *Id*. at 504. Alternatively, Mr. Cheung's claims against Cook Defendants and Medical Defendants arose at the exact same time, from the exact same transaction; the *Sutton* plaintiff's claims against defendants in that case arose at different points in time.

### D. The Existence Of An MDL Is Not a Decisive Factor in Remanding This Action.

Plaintiffs cite to two cases involving IVC filters manufactured by Bard, Inc. in their remand motion – *In re Bard IVC Filters Prods. Liab. Litig*. 2016 U.S. Dist. LEXIS 69025 (D. Ariz. May 23, 2016) and *Ruden v. C.R. Bard, Inc. (In re IVC Filters Prods. Liab. Litig.)*, 2016 U.S. Dist. Lexis 60720 (D. Ariz. May 4, 2016). Both of these cases involved the issue of procedural misjoinder of medical defendants to a product liability case regarding IVC filters. Both of these cases were also decided in favor of remand despite an existing MDL. The facts of the present case are identical. As such, just because there is a Cook MDL currently established and Plaintiffs' counsel is active in same should be of little (if any) significance in determining whether this action was properly removed.

### III. CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Remand to Santa Clara County Superior Court, and award sanctions in the amount of $10,400.00, as set forth in Plaintiffs' motion.

Dated: September 20, 2017                                   Respectfully submitted,

                                                                                  /s/ *Amorina P. Lopez*
                                                                                  Ramon Rossi Lopez
                                                                                  Matthew R. Lopez
                                                                                  Amorina P. Lopez

LOPEZ MCHUGH LLP
Attorneys for Plaintiffs
DARA BERMAN-CHEUNG, SAM
BERMAN- CHEUNG, BAILEY
BERMAN-CHEUNG

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ *Amorina P. Lopez*
Amorina P. Lopez