UNITED SATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILTY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to Plaintiff:<br>Elizabeth Jane Hill | |
| Civil Case No.: 1:15-cv-06016-RLY-TAB | |

# Plaintiff's Supplemental Final Witness List and Supplemental Synopses for Cook Witnesses

Plaintiff Elizabeth Hill, by counsel, provides this Final Witness List and Supplemental Synopses for Cook Witnesses. Plaintiff does not concede that either her final witness list or the synopses contained in that list were in any way deficient. In the spirit of compromise, however, Plaintiff provides the following supplement:

## Plaintiff's Will v. May Call List

At Cook's request, and in the spirit of compromise, Plaintiff has removed some witnesses from both her "will call" and "may call" lists. But, Plaintiff expressly states that they remain on the list. These witnesses were removed Plaintiff because considers it highly unlikely they will be called. What Plaintiff cannot do, though, is agree to remove them completely given that she has still not heard Cook's opening statement or seen Cook's case-in-chief. Given these contingencies, some of the elim-

inated witnesses may need to be called. Candidly, this is precisely what Cook has done — in its Final Witness List it included two general categories of witnesses: "Additional witnesses necessary for impeachment or rebuttal" and, "All witnesses who may be necessary to authenticate or otherwise lay evidentiary foundation for exhibits." [Filing No. 6339, at ECF p. 32344.]

What Plaintiff has tried to do is provide her best estimate of who she plans to have testify. This list has now been narrowed to 37 witnesses (only 7 more than Cook identified, not to mention there is substantial overlap in both parties' lists). Furthermore, of these 37, two are for records only and one is only if we get to an amount for punitives – meaning the list only exceeds Cook's list by 4 witnesses.

| **Will Call (live)** | **Will Call (deposition)** | **May call** |
|---|---|---|
| Elizabeth Jane Hill | Ann Santoro, LCSW | Bridget Bellinger, D.O. (deposition) |
| Robert Hill | Mark Zuzga, D.O. | Rebecca Betensky, Ph.D |
| Russell Hill | James Carlson | Leigh Conners (deposition) |
| Jack Hunt | Kem Hawkins | Anthony Moreno, M.D. (deposition) |
| Per Hendriksen | Jacob Clausen | Frank Lynch, M.D. (deposition) |
| James Gardner | | Scott Blanchard |
| Michael Fishbein, M.D. | | Mark Frye |
| David Kessler, M.D. | | Arne Molgaard-Nielsen |
| Robert McMeeking, Ph.D | | Lars Milling |
| Henrik Gyllun | | Mette Neiendam Nielsen |
| Torben Andersen | | James Smith |
| Jesper Thyregod | | Alexander Marmureanu, M.D. |
| Courtney Whitelock | | Robert Johnson, Ph.D (punies only) |
| | | Paul Timperman, M.D. (deposition) |
| | | Tom Roberts |
| | | Jennifer Brown |
| | | Reza Rajebi, M.D. |
| | | A.J. Bidani, M.D. (medical records) |
| | | Umesh Choudry, M.D. (medical records) |

## Plaintiff's Supplemental Synopses for Cook Witnesses

Again, at Cook's request and in the spirit of compromise, Plaintiff provides these supplemental synopses for Cook witnesses. Plaintiff does not concede that the synopses contained in her originally filed Final Witness List were in any way deficient. But, in an effort to quell Cook's concern, Plaintiff provides the following supplement:

1.     **Jack Hunt.** Jack Hunt is an attorney with Cook's in-house legal department, and was designated as Cook's Rule 30(b)(6) corporate designee related to document preservation/destruction. He will be crossed as an adverse witness on topics raised in his deposition, which include, but are not limited to the following: Cook's document retention policy, Cook's Electronic Information Policy, Cook's litigation hold practices generally, Cook's litigation hold practices in this litigation, Cook's specific litigation holds, when Cook was first on notice of IVC filter litigation, Cook's decision-making with regard to the timing of litigation holds, the destruction of documents relevant to this litigation. Mr. Hunt may also be crossed on evidence in the record. Plaintiff further intends to cross Mr. Hunt on the exhibits that were referenced in his deposition.

2.     **Per Hendriksen.** Mr. Hendriksen is a product development engineer with William Cook Europe and was a project engineer for Celect and Celect Platinum. Mr. Hendriksen is listed as an inventor on the patents for the Celect and Celect Platinum filters. He has knowledge of the design, development, testing and performance of both filters including the reasons for their development. Mr. Hen-

driksen also participated in post-marketing complaint investigations and risk analyses. Mr. Hendriksen may be questioned on these areas, any others raised in his deposition, and on any involvement he had with Cook filters as evidenced by the documents produced in litigation.

3. **James Gardner, M.D.** James Gardner is Cook's Director of Third Party Reimbursement and Medical Science Officer. He will be crossed as an adverse witness on topics raised in his deposition, which include, but are not limited to the following: Cook's knowledge of issues (including safety and efficacy) of the Celect filter and IVC filters generally, the e-mails either sent to or from Dr. Gardner related to the Celect filter and/or IVC filters generally, issues related to third party reimbursement for the Celect filter and/or IVC filters generally. Plaintiff may also cross Dr. Gardner on the items stated in his Rule 26 non-retained expert witness disclosure. Dr. Gardner may also be crossed on evidence in the record. Plaintiff further intends to cross Dr. Gardner on the exhibits referenced in his deposition.

4. **Henrik Gyllun.** Mr. Gyllun is the Director of Quality Assurance at William Cook Europe and has been in quality assurance/engineering management for more than a decade. Mr. Gyllun is familiar with QSR, Cook's internal quality systems, FMEA, CAPA, and associated regulatory matters. Mr. Gyllun's responsibilities have included oversight of complaint investigations and risk analyses for Cook filters and he is familiar with the quality system regulations and related policies, procedures and practices, including those pertaining to product design and development. Mr. Gyllun may be questioned on these areas, any others raised in his

deposition, and on any involvement he had with Cook filters as evidenced by the documents produced in litigation.

5.   **Torben Andersen.** Can include this additional if it helps: Mr. Andersen is the Manager of Manufacturing Engineering and was at relevant times a team leader in IVC filter product development. He has familiarity with filter design and development, including FMEA, and was involved in CAPAs concerning filters. He may be questioned in these areas, on any others addressed in his deposition, and on any matters with which he was involved as evidence by the documents produced in litigation.

6.   **Jesper Thyregod.** Mr. Thyregod is the Director of Engineering for William Cook Europe. Mr. Thyregod was a Manager in Product Development during the development of the Celect and Celect Platinum filters and has intimate knowledge of the origin, design and development of these filters as well as associated policies, procedures and practices. He is a signatory on numerous internal documents evaluating the Celect filter and was included in many communications concerning the Celect, both pre- and post-market, including post-market communications concerning adverse events with the Celect. Mr. Thyregod may be questioned on these areas, any others raised in his deposition, and on any involvement he had with Cook filters as evidenced by the documents produced in litigation

7.   **Courtney Whitelock.** Courtney Whitelock was the Cook sales representative that detailed Mrs. Hill's implanting physician. She will be crossed as an adverse witness on topics raised in her deposition, which include, but are not lim-

ited to the following: her detailing of IVC filters generally, her detailing of Mrs. Hill's implanting physician, her practices regarding call notes, the litigation hold that was put in place for Ms. Whitelock, any steps she took to preserve relevant evidence in this case and the dates upon which she did so. Plaintiff may also cross Ms. Whitelock on evidence contained in the record and the exhibits referenced in her deposition.

8.  **Scott Blanchard.** Scott Blanchard works in Cook's IT department and was one of Cook's Rule 30(b)(6) designees on the issues of document retention/destruction. Mr. Blanchard may be called and crossed as an adverse witness on topics contained in his deposition, which include, but are not limited to the following: Cook's Electronic Information Policy, Cook's litigation hold policies and procedures, the method by which Cook can preserve documents and evidence pursuant to a litigation hold, how litigation holds are implemented, and how Cook employees record and store information. Plaintiff may also cross Mr. Blanchard on evidence contained in the record and the exhibits referenced in his deposition.

9.  **Mark Frye**. Mark Frye was a Development Engineer during the time period (2003-2005) when the Tulip filter was being redesigned into what became the Celect filter. He was heavily involved in the engineering and testing process, including fatigue testing and other bench testing, as well as the development of animal studies. He was involved in writing replies to FDA deficiency letters. He will be crossed as an adverse witness on topics raised in his deposition, which include but are not limited to the following: the qualifications of himself and the Tulip redesign

team, the purpose of the Tulip redesign, the advantages of device retrievability, his knowledge of known adverse events associated with IVC filters, and company interactions with FDA. Mr. Frye may also be crossed on evidence in the record. Plaintiff further intends to cross Mr. Frye on the exhibits referenced in his deposition.

10. **Arne Molgaard-Nielsen.** Mr. Molgaard is the Director of Research at William Cook Europe and has been with the company for 44 years. Mr. Molgaard was deeply involved with all aspects of all Cook IVC filters including the concept, design, testing, development, marketing, and post-marketing surveillance of Cook filters and is generally familiar with WCE policies, procedures, and practices pertaining to filters. He was personally involved in *in vitro* and *in vivo* filter tests, kept current on all filter literature, and co-authored articles concerning filters. Mr. Molgaard gave more than 500 pages of deposition testimony. He may be questioned on any matter raised in the deposition and any other matter with which he was involved as evidenced by the documents produced in litigation.

11. **Lars Milling.** Mr. Milling is and was at all relevant times the Managing Director of William Cook Europe. As such, Mr. Milling had final responsibility over all aspects of the IVC filters manufactured by WCE including all policies, procedures and practices pertaining to the filters. Mr. Milling was personally involved in management-level decisions concerning the development and post-marketing performance of the Celect and Celect Platinum filters, including risk and adverse-event analyses and CAPA. Mr. Milling is listed in the minutes of numerous meetings concerning the Celect/Celect Platinum filters and was included in many communi-

cations regarding the filters, including post-market communications concerning adverse events with the Celect. Mr. Milling may be questioned in these areas and on any other matters with which he was involved as evidenced by the documents produced in litigation.

12. **Mette Neiendam Nielsen.** Ms. Nielsen is a regulatory communication specialist with William Cook Europe. She has been involved in and is familiar with quality assurance policies, procedures, and practices, including complaint investigations and regulatory reporting. She also has performed literature reviews and been involved in the drafting of Clinical Evidence Reports for IVC filters as well as the recent IVC Filter Data Summary. Ms. Nielsen may be questioned in these areas as well as others raised in her deposition and on any other matters with which she was involved as evidenced by the documents produced in litigation.

13. **James Smith**. James Smith is the current Cook Peripheral Division Training Coordinator, and has served as both a regional and District Sales Manager. He is in charge of the VISTA program, which is the physician training program con-ducted by Cook. Mr. Smith is very familiar with Cook sales practices, and has a great deal of interaction with the physicians that use Cook products. He will be crossed as an adverse witness on topics raised in his deposition, which include but are not lim-ited to the following: the content of the VISTA program, Cook sales and marketing strategies, Cook sales team training, and off-label promotion. Mr. Smith may also be crossed on evidence in the record. Plaintiff further intends to cross Mr. Smith on the exhibits referenced in his deposition.

14. **Tom Roberts**. Tom Roberts is a VP of Quality Assurance and Corporate Compliance at Cook, Inc., and has worked for Cook for approximately two decades. In this capacity, Mr. Roberts is familiar with the following: regulatory compliance issues regarding Cook IVC Filters; evaluating, investigating, reporting, and responding to Complaints and Adverse Events regarding Cook IVC Filters; analysis and appropriate response to patient safety issues associated with the use of Cook IVC Filters. Mr. Roberts may be questioned on these and other issues raised in his deposition testimony and any involvement he had with Cook IVC Filters as evidenced by the documents produced in this litigation.

15. **Jennifer Brown, Ph.D.** Dr. Brown is the Director of Regulatory Affairs for CRI and Global Director for Regulatory Science, Vascular Division, at Cook and was at relevant times the Director of Regulatory Science for Venous Therapies. She has been involved in drafting and reviewing IFUs, reviewing IVC filter medical literature, and writing journal articles, including the 2009 publication of the Celect long-term retrievability study. She has been involved in 510(k) and other regulatory submissions and communications and has interacted with physicians regarding Cook filters. Dr. Brown was the principal author of Cook's 2016 IVC Filter Data Summary. She may be questioned on any of these areas, as well as others raised in her deposition and on any other matters with which she was involved as evidenced by the documents produced in litigation.

Respectfully submitted,

RILEY WILLIAMS & PIATT, LLC


/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
James A. Piatt, Atty. No. 28320-49
301 Massachusetts Avenue
Indianapolis, IN  46204
Telephone:   (317) 633-5270
Facsimile:    (317) 426-3348
Email:          jwilliams@rwp-law.com

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX  75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Counsel for Plaintiff*

## Certificate of Service

      I hereby certify that on September 21, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

                                           /s/ *Joseph N. Williams*  
                                           Joseph N. Williams