# EXHIBIT 3

### Page 1

```
     UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF INDIANA
          INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC.,  ) Case No.
IVC FILTERS MARKETING,      ) 1:14-ml-2570-RLY-TAB
SALES PRACTICES AND PRODUCT )
LIABILITY LITIGATION        ) MDL No. 2570

     VIDEOTAPED DEPOSITION OF FRANK C. LYNCH, M.D.

     Taken in the offices of McQuaide
Blasko, 1249 Cocoa Avenue, Suite 210, Hershey,
Pennsylvania, on Friday, May 26, 2017, commencing
at 12:06 p.m. before Tiffany L. Mast, Court
Reporter, and Kevin Frank, Videographer.

APPEARANCES:
     FAEGRE BAKER DANIELS
     BY: ANDREA ROBERTS PIERSON, ESQUIRE
     300 North Meridian Street
     Suite 2700
     Indianapolis, Indiana 46204
     (317) 237-1424
     andrea.pierson@FaegreBD.com
     -- For Cook Medical, Inc.

     FAEGRE BAKER DANIELS
     BY: ANNA RUTIGLIANO, ESQUIRE
     300 North Meridian Street
     Suite 2700
     Indianapolis, Indiana 46204
     (317) 237-1191
     anna.rutigliano@FaegreBD.com

     -- For Cook Medical, Inc.
```

### Page 2

```
APPEARANCES: (Continued)

     HEAVISIDE REED ZAIC
     BY: MICHAEL HEAVISIDE, ESQUIRE
     910 17th Street
     Suite 800
     Washington, D.C. 20006
     (202) 223-1993
     info@hrzlaw.com

     -- For Elizabeth Hill

     LAW OFFICES OF BEN C. MARTIN
     BY: BEN C. MARTIN, ESQUIRE
     3710 Rawlins Street, Suite 1230
     Dallas, TX 75219
     (214) 761-6614
     bmartin@bencmartin.com

     -- For Elizabeth Hill

     MCQUAIDE BLASKO
     BY: JONATHAN B. STEPANIAN, ESQUIRE
     1249 Cocoa Avenue
     Suite 210
     Hershey, PA 17033
     (717) 533-4444
     jbstepanian@mqblaw.com
     -- For Frank Lynch, M.D.
```

### Page 3

```
          INDEX TO WITNESSES

WITNESS                              PAGE

FRANK C. LYNCH, M.D.

     By Ms. Pierson:                 8,156

     By Ms. Rutigliano:              --

     By Mr. Heaviside:               83

     By Mr. Martin:                  130

     By Mr. Stepanian:               --

          INDEX TO EXHIBITS
LYNCH                                PAGE
EXHIBITS    DESCRIPTION              MARKED

EXHIBIT 1   BIO OF FRANK C. LYNCH, M.D.   9
EXHIBIT 2   NOTICE OF DEPOSITION          16
EXHIBIT 3   CHART FOR ELIZABETH HILL      17
EXHIBIT 4   COPY OF GREETING CARD FROM    17
            ELIZABETH HILL TO
            FRANK C. LYNCH, M.D.
EXHIBIT 6   PRINTOUT OF WEB PAGE          93
EXHIBIT 7   PRINTOUT OF WEB PAGE          94
EXHIBIT 8   CLINICAL INVESTIGATION
            AGREEMENT                     101

EXHIBIT 9   POWERPOINT PRESENTATION       104

     (Exhibit 5 was not marked.)
```

### Page 4

        MR. MARTIN: On the record today, we have two things to put on the record. Number one, this deposition is being taken pursuant to or with the ruling of Magistrate Baker regarding the -- I don't have this on.
        THE VIDEOGRAPHER: That's okay. You don't need your microphone on. You don't need your microphone for this. That's only for the video portion.
        MR. MARTIN: Okay.
        THE VIDEOGRAPHER: I was just helping him with his jacket.
        MR. MARTIN: Got it.
        THE VIDEOGRAPHER: I apologize.
        MR. MARTIN: That's all right.
        This deposition is being taken pursuant to the recent court order by Judge Baker. I believe it's Judge Baker's order. It is limited to those things that are outlined in the order. It is limited to data as opposed to the opinions with respect to this particular witness's outline in that order, with the specification that there isn't such a bright line. But all of that is explained in the order. We interpreted it as the order is written.

Page 165

1  would cause you not to choose to place vena cava
2  filters?
3  A.     Just based on our discussion today?
4  Q.     Based on treating Mrs. Hill or anything that
5  Mrs. Hill's lawyers have said, would any of those
6  things cause you to change the way that you treat
7  your patients?
8  A.     Those specific things would not. I think,
9  like all physicians in the country, attitudes towards
10 filters have changed somewhat over the year, but
11 nothing specific to our conversation will lead me to
12 practice differently at this point.
13 Q.     Is there anything that you know about
14 Mrs. Hill's case or her condition that would cause
15 you not to choose the Celect filter for patients who
16 require a vena cava filter?
17 A.     I don't know a large amount of what her
18 current condition is. But at this point in time, we
19 still use that Celect filter in our practice. We use
20 the Celect Platinum filter currently in our practice.
21 Q.     Do you have confidence in the safety and
22 efficacy of Cooks vena cava filters?
23 A.     I do.
24 Q.     And does that include the Tulip, the Celect
25 and the Celect Platinum?

Page 166

1  A.     Yes. We choose to use the Celect Platinum
2  because we think it has some favorable features, but
3  I have confidence in all of those devices. I see
4  those patients for retrieval for all three devices.
5  Q.     Thank you, Dr. Lynch.
6         That's all the questions I have. We
7  appreciate your time.
8         MR. MARTIN: I want to put something
9  on the record.
10        Counsel --
11        MS. PIERSON: Do we need the video?
12        MR. MARTIN: No.
13        THE VIDEOGRAPHER: Standby. Going
14 off video. This concludes the video portion of the
15 deposition. It's 3:28 p.m.
16        MR. MARTIN: Counsel for the
17 witness, Dr. Lynch, was nice enough to present
18 Dr. Lynch today, and we were given pretty much a
19 loose, but still three-hour time limit. We were
20 told in very specific terms by the court that this
21 witness was not an opinion witness.
22        We have seen and heard many opinion
23 questions asked of this witness, including future
24 medical questions; including, you know, many, many
25 things. I won't detail it. It's in the record.

Page 167

1       If I had the time or the court's
2  allowance to do so, I could spend the time necessary
3  to go over the rebuttal of those suggested opinions
4  and peer into them. We don't have the time, nor do
5  we have the court's authority to do that. But I
6  want it on the record that I'm not asking this
7  witness those opinions or about those opinions
8  because I'm under court order not to, and we don't
9  have the time to do it.
10       And to the limited extent of the
11 time that we were able to do it, it was done simply
12 to do something on the record, to ask questions
13 about opinion testimony that was brought up by, we
14 think, incorrectly Cook's attorney. And we do not
15 have the time nor the ability nor the court
16 authority to ask these questions; otherwise, we
17 would have.
18        MR. HEAVISIDE: Thank you, Doctor.
19        THE WITNESS: Thank you.
20        (Deposition concluded at 3:28 p.m.)
21
22
23
24
25

Page 168

1              C E R T I F I C A T E
2
3       I do hereby certify that I am a
4  Notary Public in good standing, that the
5  aforesaid testimony was taken before me, pursuant
6  to notice, at the time and place indicated; that
7  said deponent was by me duly sworn to tell the
8  truth, the whole truth, and nothing but the
9  truth; that the testimony of said deponent was
10 correctly recorded in machine shorthand by me and
11 thereafter transcribed under my supervision with
12 computer-aided transcription; that the deposition
13 is a true and correct record of the testimony
14 given by the witness; and that I am neither of
15 counsel nor kin to any party in said action, nor
16 interested in the outcome thereof.
17
18
19
20              <%Signature%>
21              TIFFANY L. MAST, REPORTER
22              NOTARY PUBLIC
23
24
25