UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re:  COOK MEDICAL, INC., IVC          Case No. 1:14-ml-2570-RLY-TAB
FILTERS MARKETING, SALES               MDL No. 2570
PRACTICES AND PRODUCTS LIABILITY
LITIGATION

This Document Relates to Plaintiff:
ELIZABETH JANE HILL

Civil Case No.: 1:15-cv-06016-RLY-TAB

_____

**PLAINTIFF'S FIRST PROPOSED JURY INSTRUCTIONS & VERDICT FORMS**

Tab 1.  Final Instructions (to be read after closing arguments)

Tab 2.  Miscellaneous & Special Instructions (to be read as needed)

Tab 3.  Phase II Instructions (to be read if trial reaches Phase II)

Tab 4.  Plaintiff's Proposed Phase I Verdict Form

Tab 5.  Plaintiff's Proposed Phase II Verdict Form

Submitted this  26th  day of September, 2017.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:  jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering
Committee and on behalf of Plaintiffs'
Steering Committee*

## 1. FINAL INSTRUCTIONS
### (TO BE READ AFTER CLOSING ARGUMENTS)

### Functions of the Court and Jury [7th Cir. 1.01]

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

### Identifying the Defendants as "Cook" [Agreed Special Instruction]

The Defendants in this case are Cook Incorporated, Cook Medical LLC, and William Cook Europe APS.  Throughout these instructions and on the verdict form the Defendants will be referred to collectively as "Cook" or "Defendants."

### No Inference From Judge's Questions [7th Cir. 1.02]

During this trial, I may have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

### All Litigants Equal Before the Law [7th Cir. 1.03]

In this case the Defendants are corporations.  All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

### Evidence [7th Cir. 1.04]

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true. *[I have taken judicial notice of certain facts. You must accept those facts as proved.]*

## Deposition Testimony [7th Cir. 1.05]

During the trial, certain testimony was presented to you by the reading of a deposition and by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## What is Not Evidence [7th Cir. 1.06]

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## Note-Taking [7th Cir. 1.07]

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## Consideration of All Evidence Regardless of Who Produced [7th Cir. 1.08]

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## Limited Purpose of Evidence [7th Cir. 1.09]

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## Weighing the Evidence [7th Cir. 1.11]

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## Definition of "Direct" & "Circumstantial" Evidence [7th Cir. 1.12]

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## Testimony of Witnesses (Deciding What to Believe) [7th Cir. 1.13]

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:
- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## Number of Witnesses [7th Cir. 1.17]

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## Absence of Evidence [7th Cir. 1.18]

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## Spoliation/Destruction of Evidence [7th Cir. 1.20]

Plaintiff contends that Cook at one time possessed evidence showing communications between Cook and the Plaintiff's treating doctors.  However, Cook contends that [*evidence never existed, evidence was not in its possession, evidence was not destroyed, loss of evidence was accidental, etc.*].

You may assume that such evidence would have been unfavorable to Cook only if you find by a preponderance of the evidence that:

(1)  Cook intentionally destroyed the evidence or caused the evidence to be destroyed; and

(2)  Cook destroyed the evidence or caused the evidence to be destroyed in bad faith.[1]

When I say that you must find this by a "preponderance of the evidence," that means you must be persuaded it is more probably true than not true.[2]

## Expert Witnesses [7th Cir. 1.21]

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

---

[1] Committee Notes: "If the facts are not in dispute, the court ordinarily will decide the sanction for an intentional and bad faith spoliation, which might include an instruction with an inference such as that set forth in this instruction."  Plaintiff contends the facts relevant here are not in dispute.

[2] Because Florida uses a "greater weight of the evidence" standard in the substantive instructions, this preponderance language from the Seventh Circuit pattern instruction 1.27 is provided here.

## Demonstrative Exhibits [7th Cir. 1.24]

Certain models and diagrams devices have been shown to you. Those models and devices are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## Summary of the Claims [Fla. 403.2]

The claims in this case are as follows:

1. *Design Defect*:  Elizabeth Hill claims the Celect filter was unreasonably dangerous because of its design and that the defective filter caused her harm.

2. *Negligence*:  Elizabeth Hill claims Cook was negligent in designing, testing, marketing or selling the Celect filter and that Cook's negligence caused her harm.

Elizabeth Hill must prove each of her claims by the greater weight of the evidence.

## Greater Weight of the Evidence [Fla. 403.3]

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.[3]

## Strict Liability – Design Defect [403.7b]

A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user.

A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer.

## Negligence [403.9]

 Negligence is the failure to use reasonable care, which is the care that a reasonably careful company would use under like circumstances.

Negligence is doing something that a reasonably careful company would not do under like circumstances or failing to do something that a reasonably careful company would do under like circumstances.

---

[3] Burden of proof is a matter of substantive law. *See, e.g.*, Seventh Circuit Pattern Jury Instr. 1.28 ("Clear and Convincing Evidence") Cmte. Comments ("The meaning of the 'clear and convincing' standard of proof depends on the substantive law being applied.")

**Violation of a Federal Statute as Evidence of Negligence [Fla. 401.9]**

Under Section 301(a) of the Food, Drug & Cosmetic Act (21 U.S. Code § 331), a manufacturer may not introduce into the stream of commerce any device that is adulterated or misbranded.  Additionally, this law prohibits the adulteration or misbranding of any device already in the stream of commerce.

A medical device is adulterated if its "quality falls below that which it purports or is represented to possess."[4]

A medical device is "misbranded" if its "labeling is false or misleading in any particular."  The term "labeling" includes "labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article."[5]

Violation of this federal statute is evidence of negligence.  It is not, however, conclusive evidence of negligence.  If you find that Cook violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether Cook was negligent.

**Violation of a State Statute as Evidence of Negligence [Fla. 401.9]**

Under Section 499.0054, *Florida Statutes*, it is a violation of Florida law: (1) to disseminate any advertisement of any medical device that is false or misleading in any way; (2) to sell, deliver, or offer for sale any medical device for which the advertising or labeling is false or misleading; or (3) to advertise any medical device that is adulterated, as defined above.[6]

Violation of this state statute is evidence of negligence.  It is not, however, conclusive evidence of negligence.  If you find that Cook violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether Cook was negligent.

**Violation of Standards as Evidence of Negligence [No Standard Instruction]**

You have received evidence of standards within the medical device industry as well as evidence of Cook's internal policies and procedures.

---

[4] Section 501, FDCA (21 USC § 351).
[5] Section 502, FDCA (21 USC § 352(a)(q)) ("misbranded"); 21 USC § 321(m) ("labeling").
[6] *See* § 499.006(7), Fla. Stat. (defining "adulterated"); § 499.003(27), Fla. Stat. (defining "labeling").

Cook's violation of industry standards or its own internal policies and procedures is evidence of negligence.  However, it is not conclusive evidence of negligence.  If you find that Cook violated industry standards or its own internal policies and procedures, you may consider that fact, together with the other facts and circumstances, in deciding whether Cook was negligent.[7]

## Legal Cause [Fla. 403.12]

Negligence or a defect in a product is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the defect or negligence, the loss, injury or damage would not have occurred.

In order to be regarded as a legal cause of loss, injury or damage, negligence or a defect in a product need not be the only cause. A defect in a product or negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause if the defect or negligence contributes substantially to producing such loss, injury or damage.[8]

## Issues on Strict Liability and Negligence [Fla. 403.15]

The issues you must decide on Elizabeth Hill's claims against Cook are as follows:

1. *Design Defect.* You must decide (1) whether the Celect filter failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable to Cook and, if so, (2) whether that failure was a legal cause of the loss, injury or damage to Elizabeth Hill.

2. *Negligence.*  You must decide whether Cook was negligent in the design, testing, marketing, or sale of the Celect filter, and, if so, whether that was a legal cause of the loss, injury or damage to Elizabeth Hill.

## Burden of Proof [Fla. 403.17]

If the greater weight of the evidence does not support one or more of Elizabeth Hill's claims, your verdict should be for Cook on that claim or claims.

---

[7] Violation of industry standards or internal policies constitutes evidence of negligence under Florida law. *See Dean Witter Reynolds, Inc. v. Hammock*, 489 So. 2d 761 (Fla. 1st DCA 1986); *Marks v. Mandel*, 477 So. 2d 1036 (Fla. 3d DCA 1985).  In other words, such violations fit (or may fit) Florida's substantive definition of negligence.

[8] Causation is a matter of substantive state law for *Erie* purposes. *Joyce v. J.C. Penney Corp.*, 389 Fed. Appx. 529, 531 (7th Cir. 2010) ("Under *Erie R.R. v. Tompkins*, federal courts in diversity cases like this one apply state substantive law on the requirement of causation, but follow the federal law of evidence) (citing *Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007))

However, if the greater weight of the evidence does support one or more of Elizabeth Hill's claims, then your verdict should be for Elizabeth Hill and against Cook on that claim or claims.

### Defense Issues [Fla. 403.18]

If the greater weight of the evidence supports one or more of Elizabeth Hill's claims, then you shall consider the defenses raised by Cook.

On the first defense, the issues for you to decide are: [*Defendants to supply/propose*].

### Burden of Proof on Defense Claims [Fla. 403.19]

If the greater weight of the evidence does not support Cook's defenses then your verdict should be for Elizabeth Hill in the total amount of her damages.[9]

### Personal Injury Damages – Introduction/Elements [Fla. 501.1b+501.2a-b]

If your verdict is for Cook, you will not consider the matter of damages. But if the greater weight of the evidence supports one or more of Elizabeth Hill's claims, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage that the greater weight of the evidence shows will fairly and adequately compensate her for her loss, injury or damage, including any damages that Elizabeth Hill is reasonably certain to incur or experience in the future.  You shall consider the following elements:

### Personal Injury Damages – Elements [Fla. 501.2a-b]

Any bodily injury sustained by Elizabeth Hill and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future.  There is no exact standard for measuring such damage.  The amount should be fair and just in the light of the evidence; and

The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Elizabeth Hill in the past and to be so obtained in the future.

---

[9] Modified to eliminate the redundant phrase "and the greater weight of the evidence supports (claimant's) [claim] [one or more of (claimant's) claims]," as the jury must so find in order to entertain affirmative defenses.

## Mortality Tables [Fla. 501.6]

If the greater weight of the evidence shows that Elizabeth Hill has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Elizabeth Hill may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Elizabeth Hill's health, age and physical condition, before and after the injury, in determining the probable length of her life.

## Reduction of Damages to Present Value [Fla. 501.7]

Any amount of damages that you allow for future medical expenses should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Elizabeth Hill for these losses as they are actually experienced in future years.

## Punitive Damages [Fla. 503.1a + 503.1b(2) + b(4)]

There is an additional claim in this case that you must decide.  If you find for Elizabeth Hill and against Cook, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Cook and as a deterrent to others.

The trial of the punitive damages issue is divided into two parts. In this first part, you will decide whether Cook's conduct is such that punitive damages are warranted.  If you decide that punitive damages are warranted, we will proceed to the second part of that issue during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide whether, in your discretion, punitive damages will be assessed and, if so, the amount. If you return for the presentation of additional evidence and argument, that phase of the trial is expected to last no longer than one day.[10]

Elizabeth Hill claims that punitive damages should be awarded against Cook for the acts of its managing agents in connection with the design, testing, marketing, and sale of the Celect filter.  Punitive damages are warranted against Cook if you find by clear and convincing evidence that its managing officials were personally guilty of intentional misconduct or gross negligence which was a substantial cause of loss, injury or damage to Elizabeth Hill. Under those circumstances you may, in your discretion, award punitive damages against Cook. If clear and convincing evidence does not show such conduct by Cook's managing agents, punitive damages are not warranted against Cook.

---

[10] Last clause added to clarify that the second phase would not be another multi-week trial. Routinely given in lengthy *Engle* progeny cases in Florida's First Judicial Circuit.

Elizabeth Hill also claims that punitive damages should be awarded against Cook for its employees' conduct in in connection with the design, testing, manufacture, marketing, and sale of the Celect filter.  Punitive damages are warranted if you find by clear and convincing evidence that its employees were personally guilty of intentional misconduct or gross negligence, which was a substantial cause of loss, injury or damage to Elizabeth Hill and that:

(A)   Cook actively and knowingly participated in such conduct of its employee; or

(B)   Cook's officers, directors, or managers knowingly condoned, ratified, or consented to such conduct; or

(C)   Cook engaged in conduct that constituted gross negligence and that contributed to the loss, damage or injury to Elizabeth Hill.

Under those circumstances you may, in your discretion, award punitive damages against Cook.  If clear and convincing evidence does not show such conduct by its employees, punitive damages are not warranted against Cook.

"Intentional misconduct" means that the managing agent or employee had actual knowledge of the wrongfulness of their conduct and there was a high probability of injury or damage to Elizabeth Hill and, despite that knowledge, he or she intentionally pursued that course of conduct, resulting in loss, injury or damage.

"Gross negligence" means that the conduct of the managing agent or employee was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive.  As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

### Punitive Damages – *Williams* Instruction [No Standard Instruction][11]

When considering whether to award punitive damages, you may consider any harm caused to Elizabeth Hill.

You also may consider harms suffered by other persons not parties to this lawsuit caused by the conduct that harmed Elizabeth Hill in assessing the reprehensibility or wrongfulness of Cook's acts.

---

[11] *Philip Morris USA Inc. v. Williams*, 549 U.S. 346 (2007).

## Selection of Presiding Juror; General Verdict [7th Cir. 1.32]

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

*[Forms of verdict read.]*

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

## Communicating With the Court [7th Cir. 1.33]

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## Disagreement Among Jurors [7th Cir. 1.34]

The verdicts must represent the considered judgment of each juror.  Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

## 2. MISCELLANEOUS & SPECIAL INSTRUCTIONS
   (TO BE READ AS NEEDED)

### Translated Language [7th Cir. 1.22]

Where testimony was given through an interpreter, you should consider only the evidence provided through the official interpreter. Although some of you may know Danish, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the English translation.

### Summaries [7th Cir. 1.23]

*Stipulated*

The parties agree that [*describe summary in evidence*] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain [*describe summary in evidence*] is/are in evidence. [*The original materials used to prepare those summaries also are in evidence.*] It is up to you to decide if the summaries are accurate.

### Cautionary Instruction Before Recess [7th Cir. 2.01]

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

### Stipulations of Fact [7th Cir. 2.05]

The parties have stipulated, or agreed, that [*stipulated fact*]. You must now treat this fact as having been proved for the purpose of this case.

### Judicial Notice [7th Cir. 2.06]

I have decided to accept as proved the fact that [*e.g., the city of Milwaukee is north of the city of Chicago*]. You must now treat this fact as having been proved for the purpose of this case.

### Deposition as Substantive Evidence [7th Cir. 2.08]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*], is about to be presented to you.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify**.**

### Video Deposition Cuts of Other Witnesses [Agreed Non-Standard]

Members of the jury, you will now be shown the video-recorded testimony of [*witness*] taken [*date of deposition*].  It will be obvious to you that the video has been edited.  Edits were made both to shorten the video and to comply with my earlier out-of-court rulings on specific objections or issues raised during the testimony.  You are to accept this testimony as though it were presented here in person.

3. **PHASE II INSTRUCTIONS**
   **(TO BE READ BEFORE PRESENTATION OF PHASE II EVIDENCE)**

### Phase II Opening Instruction [Fla. 503.1c(1)]

Members of the jury, I am now going to tell you about the rules of law that apply to determining whether punitive damages should be assessed and, if so, in what amount. When I finish with these instructions, the parties will present additional evidence. You should consider this additional evidence along with the evidence already presented, and you should decide any disputed factual issues by the greater weight of the evidence. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

### Phase II Determination of Amount of Punitive Damages [Fla. 503.1c(2)]

You are to decide the amount of punitive damages, if any, to be assessed as punishment against Cook and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:

(A) the nature, extent and degree of misconduct and the related circumstances, including the following:

  i. whether the wrongful conduct was motivated solely by unreasonable financial gain; and

  ii. whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Cook through a managing agent, director, officer, or other person responsible for making policy decisions on Cook's behalf; and

(B) Cook's financial resources.

You may in your discretion decline to assess punitive damages.

### Phase II Punitive Damages *Williams* Instruction [No Standard Instruction]

If you decide to award punitive damages, the award should be no greater than the amount that you find necessary to punish Cook for the harm caused to Elizabeth Hill and to deter Cook and others similarly situated from engaging in such misconduct in the future. You may not award damages against Cook for harms suffered by anyone other than Elizabeth Hill.

[TO BE READ AFTER PHASE II CLOSING ARGUMENT]

**Phase II Closing Instruction [Fla. 501.3d]**

Members of the jury, you have now heard and received all of the evidence on the issue of punitive damages. Your verdict on the issues raised by the punitive damages claim of Elizabeth Hill against Cook must be based on the evidence that has been received during the trial of the first phase of this case and on the evidence that has been received in these proceedings and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice or sympathy for or against any party.

Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.

You will be given a form of verdict, which I shall now read to you:

*[Read Phase II verdict form.]*

When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign the verdict. You may now retire to consider your verdict.

16

**4.   PLAINTIFF'S PROPOSED PHASE I VERDICT FORM**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re:  COOK MEDICAL, INC., IVC          Case No. 1:14-ml-2570-RLY-TAB
FILTERS MARKETING, SALES              MDL No. 2570
PRACTICES AND PRODUCTS LIABILITY
LITIGATION

This Document Relates to Plaintiff:
ELIZABETH JANE HILL

Civil Case No.: 1:15-cv-06016-RLY-TAB

_____

**VERDICT – PHASE 1**

We the jury return the following verdict:

1.   Did Elizabeth Hill's Celect filter fail to perform as safely as an ordinary consumer
     would expect when used as intended or in a manner reasonably foreseeable by the
     manufacturer that was a legal cause of loss, injury or damage to Elizabeth Hill?

                        YES _____          NO _____

2.   Was there negligence on the part of Cook that was a legal cause of loss, injury
     or damage to Elizabeth Hill?

                        YES _____          NO _____

     **If you answered NO to <u>both</u> Questions 1 and 2, then your verdict is for Cook and you
should sign and date this verdict form and return it to the court security officer.**

     **If you answered YES to <u>either</u> Question 1 or Question 2, please answer all parts of
Questions 3-5 below.**

3.  What is the total amount of ELIZABETH HILL'S damages for medical expenses incurred?

      a. Past medical expenses?           $ _____

      b. Future medical expenses?        $ _____

4.  What is the total amount of ELIZABETH HILL'S damages for pain and suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, aggravation of a preexisting physical disease or defect, and loss of capacity for the enjoyment of life?

      a. Past damages?                  $ _____

      b. Future damages?                $ _____

TOTAL DAMAGES OF ELIZABETH HILL
(add lines 3(a), 3(b), 4(a) and 4(b)      $ _____

5.      Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damages are warranted against Cook.

                YES _____       NO _____

**Please sign and date the verdict form.**

SO SAY WE ALL this _____ day of November, 2017.

<br>

_____

FOREPERSON (Signature)

<br>

_____

FOREPERSON (Printed Name)

**5.   PLAINTIFF'S PROPOSED PHASE II VERDICT FORM**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re:  COOK MEDICAL, INC., IVC            Case No. 1:14-ml-2570-RLY-TAB
FILTERS MARKETING, SALES                  MDL No. 2570
PRACTICES AND PRODUCTS LIABILITY
LITIGATION

This Document Relates to Plaintiff:
ELIZABETH JANE HILL

Civil Case No.: 1:15-cv-06016-RLY-TAB

_____

**VERDICT – PHASE 2**

We the jury return the following verdict:

1.   What is the total amount of punitive damages, if any, that you find, by the greater
     weight of the evidence, should be assessed against Cook?

                    $ _____

**If you have elected to assess no punitive damages against Cook then you should skip
Question 2 and sign and date the verdict form and return it to the court security officer.
Otherwise, please answer Question 2.**

2.   Was the wrongful conduct giving rise to your punitive damage verdict motivated
     solely by unreasonable financial gain and, if so, was the unreasonably dangerous
     nature of the conduct, together with the high likelihood of injury  resulting from the
     conduct, actually known by Cook or a managing agent, director, officer or other
     person responsible for making policy decisions Cook's behalf?

                    YES _____        NO _____

**Please sign and date the verdict form.**

SO SAY WE ALL this _____ day of November, 2017.

_____

FOREPERSON (Signature)

_____

FOREPERSON (Printed Name)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.


*/s/ Joseph N. Williams*
Joseph N. Williams