UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND             Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates to the Following Actions only:

   Elizabeth Jane Hill
   No. 1:14-cv-06016-RLY-TAB

_____

**THE COOK DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO PLAINTIFF'S ATTORNEYS**

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") offer the following response to Plaintiff's Motion In Limine To Exclude Evidence Relating To Plaintiff's Attorneys [Dkt. 6290].

In the Cook Defendants' view, the categories of evidence Plaintiff seeks to exclude in her motion – Plaintiffs' attorneys' advertising, attorney specialization in products cases, contingency fees, and Plaintiff's selection of counsel – *should* be irrelevant to the trial in this case, and the Cook Defendants have no desire to present evidence on such topics at trial. Nevertheless, Plaintiff's request for an order forbidding such evidence must be considered in the context of the evidence that Plaintiff herself may offer at trial.

Cook has separately moved the Court for an *in limine* order barring Plaintiff from offering any direct or indirect testimony, evidence, or argument about any litigation other than the present case, regardless of whether that litigation involves Cook Celect IVC filters, other

US.114209379

Cook products, or mass tort claims generally.  *See* The Cook Defendants' Memorandum In Support Of Omnibus Motion In Limine [Dkt. 6298] at 2-8, 95-96.  As detailed in Cook's motions, such evidence would be irrelevant, would confuse the issues and mislead the jury, and could only be used to introduce inadmissible character evidence.  In addition, any probative value of such evidence is substantially outweighed by a substantial danger of unfair prejudice to Cook.  *See id.*

Should the Court *grant* Cook's motion and bar Plaintiff from any direct or indirect reference to any other litigation, and Plaintiff, her attorneys, and her experts comply with that order, Cook has no objection to likewise forgoing any offer of evidence or argument concerning the advertising and other practices of Plaintiff's counsel, as Plaintiff's motion requests.

However, should the Court *deny* Cook's motion to exclude evidence or arguments concerning other lawsuits – particularly other lawsuits involving Cook IVC filters or other Cook products – Cook would be entitled to introduce other evidence to explain the existence of those other lawsuits, including evidence and argument about contingent-fee product-liability plaintiffs' attorneys and their advertisements promoting such claims.  If evidence of other lawsuits is admitted, evidence concerning plaintiffs' attorneys and their advertising would be necessary and relevant to demonstrate that those other lawsuits have been brought, not because they necessarily have any merit or because any Cook products necessarily have defects, but because plaintiffs' attorneys have induced a substantial number of people to assert claims based on late-night television or social-network advertisements that say things like "You may be entitled to financial compensation" or "You pay nothing unless we recover for you."

Cook believes that such evidence and argument concerning attorney advertising does the judicial system and its reputation no service, and believes that the better result is for the Court to

US.114209379

exclude *both* sets of evidence – evidence of other lawsuits and evidence of plaintiffs' attorneys' advertising – as irrelevant under Rule 402 and potentially unfairly prejudicial under Rule 403. Therefore, if the Court grants Cook's motion to exclude evidence of other lawsuits, Cook has no objection to the Court granting Plaintiff's present motion concerning plaintiffs' attorneys advertising and related topics.[1] If the Court denies Cook's motion to exclude evidence of other lawsuits, however, Cook opposes Plaintiff's motion based on the need to counter that evidence of other lawsuits.

Finally, with respect to Plaintiff's conclusory request that the Court bar any testimony or evidence of the circumstances under which Plaintiff retained counsel, *see* Dkt. 6290 at 3, Cook urges the Court to deny the motion. Plaintiff's spoliation of evidence (her loss of the retrieved Celect IVC filter, her failure to retain social media information, etc.) may be at issue at trial, and the timing and circumstances of her retention of counsel will certainly be relevant to the question of whether Plaintiff acted reasonably in retaining or discarding these relevant materials. The Court should reserve any ruling on Plaintiff's relevance objections to such evidence until and unless the issue actually arises at trial.

---

[1] Even if the Court grants Cook's motion to exclude evidence and argument concerning other lawsuits, Cook reserves the right to revisit this issue should Plaintiff, her attorneys, or her experts refer directly or indirectly to other lawsuits at trial, even if the reference is inadvertent.

US.114209379

Respectfully submitted,

Dated: September 26, 2017         /s/ *Andrea Pierson*
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

- 4 -

US.114209379

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ *Andrea Pierson*