UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Elizabeth Jane Hill,
      Plaintiff,

        v.

Cook Incorporated, Cook Medical LLC (f/k/a
Cook Medical Incorporated), and William
Cook Europe ApS,
      Defendants.

Case No. 1:14-ml-2570-RLY-TAB

_____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS & VERDICT FORMS**

The Cook Defendants submit the following proposed jury instructions for the trial in

this matter:

1.      Preliminary Instructions (to be read before opening statements)

2.      Final Instructions (to be read after closing arguments)

3.      Miscellaneous & Special Instructions (to be read as needed)

4.      Instructions for punitive damages phase (if needed)

5.      Defendants' Proposed Phase I Verdict Form

6.      Defendants' Proposed Phase II Verdict Form

These proposed instructions are based on the procedural posture and court rulings as

of the date of their submission, and the Cook Defendants reserve the right to alter or amend

these proposed instructions based on further developments before and during the trial,

including but not limited to further rulings by the Court on the parties' pending pretrial

motions, other rulings before and at trial, and the admission of evidence and testimony at trial.

Submitted this  6th  day of October, 2017.

Respectfully submitted,

/s/ *Andrea Pierson*
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

*Counsel for the defendants, Cook Medical LLC (f/k/a Cook Medical Incorporated, Cook Incorporated, and William Cook Europe ApS*

## 1.     PRELIMINARY INSTRUCTIONS.

### PRELIMINARY INSTRUCTION NO. 1

Members of the jury, before we begin the trial, I would like to tell you a little bit about what will occur during the course of the trial. I want to briefly describe how the trial will be conducted and explain what we, me as the judge and the lawyers for both sides, will be doing. At the end of the trial, I will give you some more detailed instructions on how you are to reach your decision.[1]

### PRELIMINARY INSTRUCTION NO. 2

You have been selected as jurors and have taken an oath to well and truly try this cause. You are to perform this duty without bias, sympathy, or prejudice for or against any party. Our system of law does not permit jurors to be governed by bias, sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law does not favor one party over another. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

In this case, the Defendants (which I will be referring to collectively as "Cook") are corporations or other similar forms of business organization. All parties are equal before the law. A corporation or other form of business organization is entitled to the same fair consideration that you would give any individual person.[2]

### PRELIMINARY INSTRUCTION NO. 3

It will take approximately [number] days for you to hear all of the evidence and the arguments of counsel.

During the progress of the trial there will be periods of time during which you will be allowed to separate, such as recesses for rest periods, for lunch periods, and overnight. During those periods of time that you are outside the courtroom and are permitted to separate, you must not talk about this case among yourselves or with anyone else. You may discuss the evidence with your fellow jurors during the trial, but only in the jury room, and only when all of you are present.

---

[1] *McGlothlen v. M & M Enters. Corp.*, 3:14-cv-00174-RLY-MPB (S.D. Ind. Aug. 26, 2016)

[2] Similar to Seventh Circuit Pattern Civil Jury Instructions 1.01, 1.03 (2015)

In addition, you may not use cell phones, laptops, or any other electronic devices to communicate with anyone, including family and friends, about this case. This means that you may not post about the case on social media platforms, such as Twitter and Facebook. However, you may tell people who need to know that you are a juror, and you may give them information about when you will be required to be in court. But you must not talk with them or others about anything else related to the case.

During the trial, do not talk to any of the parties, their lawyers, or any of the witnesses. If an attempt is made by anyone to communicate with you concerning this case, or you realize a fellow juror has violated the rules against contacting third parties, you should report the fact to the court immediately.

There may be publicity in the newspapers, on the radio, on television, or on the Internet, concerning this trial. You should not read or listen to these accounts but should confine your attention to the court proceeding, listen attentively to the evidence as it comes from the witnesses, and reach a verdict solely upon what you hear and see in this court.

During the trial, you may not conduct any independent research about this case, the individuals or corporations involved in the case, or the law. In other words, you should not consult reference materials or search the Internet in order to obtain information about this case or to help you reach a verdict.

You should keep an open mind. You should not form or express an opinion during the trial and should reach no conclusion in this cause until you have heard all of the evidence, the arguments of counsel, and the final instructions as to the law, which will be given to you by the court.[3]

## PRELIMINARY INSTRUCTION NO. 4

I will not provide you with a written transcript of any testimony, but you are allowed to take notes during the trial. Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Do not become so involved in note-taking that you fail to listen carefully to the evidence and observe the witnesses as they testify. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the jury room. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.[4]

---

[3] *McGlothlen v. M & M Enters. Corp.*, 3:14-cv-00174-RLY-MPB (S.D. Ind. Aug. 26, 2016)

[4] Similar to Seventh Circuit Pattern Civil Jury Instruction 1.07 (2015)

## PRELIMINARY INSTRUCTION NO. 5

This case involves a medical device, an inferior vena cava (or IVC) filter, that was implanted in the Plaintiff, Elizabeth Hill (whom I will call "Ms. Hill"), by a physician. The inferior vena cava is a large vein that empties into the heart. It carries blood from the legs and feet and from organs in the abdomen and pelvis. The device, known by its brand name as a "Cook Celect IVC Filter," was designed, manufactured, and marketed by Cook.

Ms. Hill brings two claims in this case:

The first claim is that the Cook Celect Filter implanted in her was defective because of its design. I will call this the "design defect" claim.

The second claim is that Cook was negligent in designing the Cook Celect Filter. I will call this the "negligent design defect" claim.

I will provide detailed instructions about the legal elements of that claim (that is, the things that Ms. Hill must prove) at the conclusion of the trial.

Cook has also asserted defenses to Ms. Hill's claims.  Cook asserts as affirmative defenses (1) that Ms. Hill voluntarily assumed the risk of being injured by the Cook Celect Filter when she gave her signed consent to having the filter implanted; (2) that the Celect filter was unavoidably unsafe and that benefits of the Cook Celect Filter outweighed the danger connected with its use, and (3) that separate forces or actions intervened to cause Ms. Hill's claimed injuries.  I will provide detailed instructions about these defenses, as well, at the conclusion of the trial.[5]

## PRELIMINARY INSTRUCTION NO. 6

Ms. Hill bears the burden of proving her claims and any resulting injuries and damages by a preponderance of the evidence. We sometimes refer to this burden as the greater weight of the evidence.

When I say that a party must prove something by a preponderance of the evidence or the greater weight of the evidence, this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

A greater number of witnesses testifying to a fact on one side or a greater quantity of evidence introduced on one side is not necessarily of the greater weight. The evidence

---

[5] Seventh Circuit Sample Preliminary Instructions, "*Claims and Defenses*" (2015); PubMed Health, https://www.ncbi.nlm.nih.gov/pubmedhealth/PMHT0022265/ (definition of inferior vena cava)]

given upon any fact that convinces you most strongly of its truthfulness is of the greater weight.[6]

## PRELIMINARY INSTRUCTION NO. 7

You are the exclusive judges of the evidence, the credibility of the witnesses, and the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the manner and conduct of the witness while testifying; any interest, bias, or prejudice the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considered in light of all of the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is direct proof of a stated fact, such as testimony of an eyewitness. For example, a witness might testify in a case involving a car accident, "I saw the blue car run a red light." That testimony is direct evidence that the car ran a red light.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts are true. Assume that when you came into the courthouse this morning the sun was shining. A few hours later, you see someone walk in the courtroom with a wet umbrella. You cannot look outside to see whether or not it is raining. Therefore, you have no direct evidence that it is raining. But it would be reasonable for you to conclude that it is raining, and that conclusion would be based on what we call circumstantial evidence.

Both direct and circumstantial evidence can be important in deciding about someone's state of mind, such as his or her purpose or motive in making a decision concerning whether to take some action or not. In reaching your verdict, you may consider both direct and circumstantial evidence. Both are of equal weight in the law.

If there are conflicts in the evidence, it is your duty to reconcile the conflicts, if you can, on the theory that each witness has testified to the truth. You should not disregard the testimony of any witness without a reason and without careful consideration. If you find conflicting testimony that you cannot reconcile, you must determine which of the witnesses you believe and which of them you disbelieve.

In weighing the testimony to determine what or whom you believe, you should use your own knowledge, experience, and common sense gained from day-to-day living.

At times during the trial, a lawyer may make an objection to a question that is asked by another lawyer or to a particular answer that a witness gives. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusions from the fact that an objection was made or from my rulings on those

---

[6] Seventh Circuit Pattern Civil Jury Instruction 1.27 (2015) (modified)

objections. These only relate to the legal questions that I must determine and should not influence your thinking.

If I sustain an objection to a question, the witness may not answer. Do not attempt to guess what the answer might have been, had it been permitted to be given. Similarly, if I tell you not to consider a particular statement, you should put that statement out of your mind; and you may not refer to that statement in your later deliberations.

During the course of the trial, I may ask a question or two of a witness. If I do, that does not indicate that I have any opinion about the facts in the case or that I have any opinion with respect to that witness' credibility.[7]

## PRELIMINARY INSTRUCTION NO. 8

You may have questions that you want to ask a witness. Do not address any questions directly to a witness, the lawyers, or your fellow jurors, because there are rules about what questions may be asked and the answers that witnesses are allowed to give. Instead, if you have questions, raise your hand after the attorneys have asked all of their questions, and before the witness has left the witness stand. Write down your questions. I will collect them and review them with the attorneys. I will then decide whether your questions are permitted by law. If it is permitted, I will ask the witness each question. If it is not permitted, do not speculate why a question was not asked or what the answer may have been.[8]

## PRELIMINARY INSTRUCTION NO. 9

During the trial, certain documents and other things called exhibits may be offered into evidence. When the court admits an exhibit as evidence, each of you should carefully examine it, without discussion, at the time it is submitted to you.

During the progress of the trial, certain exhibits may be offered that the court may rule are not admissible into evidence. You must not concern yourselves with the reasons for the rulings since the admissibility of evidence is strictly controlled by rules of law.

Nothing that I say or do during the trial is intended as any suggestion of what facts or what verdict you should find. Each of you, as jurors, must determine the facts and the verdict.[9]

## PRELIMINARY INSTRUCTION NO. 10

---

[7] Drawn from Seventh Circuit Pattern Civil Jury Instructions 1.02, 1.06, 1.12, 1.13 (2015)

[8] Similar to Seventh Circuit Sample Preliminary Instructions, "Questions by Jurors – Permitted" (2015)

[9] *McGlothlen v. M & M Enters. Corp.*, 3:14-cv-00174-RLY-MPB (S.D. Ind. Aug. 26, 2016)

The trial of this case will proceed as follows:

First, the attorneys will have an opportunity to make opening statements. These statements are not evidence and should be considered only as a preview of what the attorneys expect the evidence will be.

Following the opening statements, witnesses will be called to testify. They will be placed under oath and questioned by the attorneys. Documents and other exhibits may also be received as evidence.

When the evidence is completed, the attorneys will make final statements. These final statements are not evidence but are given to assist you in evaluating the evidence. The attorneys are also permitted to argue, to characterize the evidence, and to attempt to persuade you to reach a particular verdict. You may accept or reject those arguments as you see fit.[10]

**PRELIMINARY INSTRUCTION NO. 11**

These preliminary instructions have been read to you prior to the opening statements of counsel and prior to the introduction of evidence so that you may understand the issues presented for your decision in this case, the rules regarding the burden of proof and the credibility of witnesses, and the manner of weighing the evidence you will hear in this case.

You will receive further instructions after the evidence has been concluded and before the final arguments of counsel.[11]

---

[10] Similar to Seventh Circuit Sample Preliminary Instructions, "Order of Trial" (2015).

[11] *McGlothlen v. M & M Enters.Corp.*, 3:14-cv-00174-RLY-MPB (S.D. Ind. Aug. 26, 2016)

2.     **FINAL INSTRUCTIONS**
       **(TO BE READ AFTER CLOSING ARGUMENTS)**

### Functions of the Court and Jury [7th Cir. 1.01]

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, or fear to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

### Identifying the Defendants as "Cook" [Agreed Special Instruction]

The Defendants in this case are Cook Medical LLC, Cook Incorporated, and William Cook Europe APS.  Throughout these instructions and on the verdict form the Defendants will be referred to collectively as "Cook" or "Defendants."

### No Inference From Judge's Questions [7th Cir. 1.02]

During this trial, I may have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

### All Litigants Equal Before the Law [7th Cir. 1.03]

In this case the Defendants are corporations.  All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

### Evidence [7th Cir. 1.04]

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true. *[I have taken judicial notice of certain facts. You must accept those facts as proved.]*

### Deposition Testimony [7th Cir. 1.05]

During the trial, certain testimony was presented to you by the reading of a deposition and by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

### What is Not Evidence [7th Cir. 1.06]

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

### Note-Taking [7th Cir. 1.07]

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

### Consideration of All Evidence Regardless of Who Produced [7th Cir. 1.08]

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

### Limited Purpose of Evidence [7th Cir. 1.09]

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## Weighing the Evidence [7th Cir. 1.11]

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## Definition of "Direct" & "Circumstantial" Evidence [7th Cir. 1.12]

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## Testimony of Witnesses (Deciding What to Believe) [7th Cir. 1.13]

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

## Lawyer Interviewing Witness [7th Cir. 1.16]

It is proper for a lawyer to meet with any witness in preparation for trial.

## Number of Witnesses [7th Cir. 1.17]

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## Absence of Evidence [7th Cir. 1.18]

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## Spoliation/Destruction of Evidence [7th Cir. 1.20]

Cook contends that, at one time, Mrs. Hill was in possession or had control of:

(1) Her retrieved Celect IVC filter;
(2) Her appointment calendar listing her activities and travel, including medical appointments; and
(3) Her written and electronic communications with her physicians.
Mrs. Hill, however, contends that [to be inserted by Plaintiff].
The unexplained failure of a party to produce evidence within its control may give rise to an inference that, had the evidence been produced, the evidence would have been unfavorable to that party's cause.

However, you may not infer that such evidence would have been unfavorable unless you find by a preponderance of the evidence that:

(1) Plaintiff willfully destroyed the evidence; and
(2) the evidence was destroyed in bad faith.[12]

When I say that you must find this by a "preponderance of the evidence," that means you must be persuaded it is more probably true than not true.

## Expert Witnesses [7th Cir. 1.21, Mod. Fed. JI 76-10 (modified)]

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves,

---

[12] *Miksis v. Howard*, 106 F.3d 754, 762-63 (7th Cir. 1996).

considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

You have heard testimony of expert witnesses who have been called by both sides to give their opinions about whether the design of the Cook Celect Filter was defective, and if so, whether the allegedly defective design caused or contributed to Ms. Hill's injuries.

The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and that their expert testimony relates to questions of fact. It is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decided other fact questions and the same way you decide whether to believe ordinary witnesses. You should consider the soundness of each expert opinion, the reasons for the opinion and the witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in light of all of the evidence. You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or if, for any other reasons, you do not find the witness to be credible. The determination of the facts in this case rests solely with you.

## Demonstrative Exhibits [7th Cir. 1.24]

Certain models and diagrams devices have been shown to you. Those models and devices are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## Summary of the Claims [Fla. 403.2]

The claims in this case are as follows:

     1. Elizabeth Hill claims the Celect filter was unreasonably dangerous because of its defective design and that the defective filter caused her harm.

     2. Elizabeth Hill claims that Cook was negligent in designing the Celect filter, that the filter was defective, and that Cook's negligence caused her harm.

Elizabeth Hill must prove each of her claims by the greater weight of the evidence.

## Greater Weight of the Evidence [Fla. 403.3]

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

## Issues on Strict Liability and Negligent Design [Fla. 403.15]

The issues you must decide on Elizabeth Hill's claims against Cook are as follows:

1. *Strict Liability Design Defect.* You must decide whether Elizabeth Hill has proven by the greater weight of the evidence that (1) her IVC Celect Filter was defective because the risk of danger in the design of the Celect filter outweighed the benefits of that design and, if so, (2) that design was the legal cause of the loss, injury or damage to Elizabeth Hill.

[*or, if court adopts consumer expectations test or instructs on both tests:*]
*1. Strict Liability Design Defect. You must decide whether Elizabeth Hill has proven by the greater weight of the evidence that (1) her IVC Celect Filter was defective because the Celect filter failed to perform as safely as an ordinary doctor in the position of Mrs. Hill's doctor would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer and, if so, (2) that failure was a legal cause of the loss, injury or damage to Elizabeth Hill.*

2. *Negligent Design Defect.* You must decide whether Elizabeth Hill has proven by the greater weight of the evidence that (1) her Celect IVC filter was defective because the risk of danger in the design of the Celect filter outweighed the benefits of that design, (2) Cook was negligent in the design of the Celect filter, and, if so, (3) that negligence was the legal cause of the loss, injury or damage to Elizabeth Hill.[13]

## Design Defect [Fla. 403.7b]

A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

---

[13] *Small v. Amgen, Inc.,* 134 F. Supp. 3d 1358, 1366 (M.D. Fla. 2015)*; Ashby Div. of Consol. Aluminum Corp. v. Dobkin,* 458 So.2d 335, 337 (Fla. Dist. Ct. App. 1984)*; Cassisi v. Maytag Co.,* 396 So.2d 1140, 1143 (Fla. Dist. Ct. App. 1981); *Dugas v. 3M Company,* No. 3:14-cv-1096-J-39JBT, 2016 WL 1271040 at *8 (M.D. Fla. 2016)*; Cooper v. Old Williamsburg Candle Corp.,* 653 F. Supp. 2d 1220, 1223 (M.D. Fla. 2009); *Wolicki-Gables v. Arrow Int'l. Inc.,* 641 F. Supp. 2d 1270, 1287 (M.D. Fla. 2009), aff'd, 634 F.3d 1296 (11th Cir. 2011); *Marzullo v. Crossman Corp.*, 289 F. Supp. 2d 1337, 1343 (M.D. Fla. 2003).

14

A product is unreasonably dangerous because of its design if the risk of danger in the design outweighs the benefits.

[*or, if court adopts consumer expectations test or instructs on both tests:*]

*A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary doctor in the position of Mrs. Hill's doctor would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer.*[14]

The defectiveness of a design is determined based on an objective standard, not from the viewpoint of any specific user.[15]

In deciding whether Elizabeth Hill's Celect IVC filter was defective because of a design defect, you shall consider the state-of-the-art of scientific and technical knowledge and other circumstances that existed at the time of the filter's manufacture, not at the time of the injury.

A manufacturer is not an insurer, nor is it charged with making a product that is accident proof.[16]

## Negligent Design [Fla. 403.9 (modified)]

Negligent design is the failure to use reasonable care, which is the care that a reasonably careful designer would use under like circumstances.

Negligent design is doing something that a reasonably careful designer would not do under like circumstances or failing to do something that a reasonably careful designer would do under like circumstances, which causes the product to be defective.

## Legal Cause [Fla. 403.12 (modified)]

Negligent design or a design defect in a product is the legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the defect or negligence, the loss, injury or damage would not have occurred.

In order to be regarded as the legal cause of loss, injury or damage, negligence or a defect in a product need not be the only cause. A defect in a product or negligence may

---

[14] *Moss v. Wyeth Inc.*, 872 F.Supp.2d 162, 170-71(D. Conn. 2012); *see also Felix v. Hoffmann-LaRoche, Inc.*, 540 So.2d 102, 104 (Fla. 1989).

[15] *Jennings v. BIC Corp.*, 181 F.3d 1250, 1255 (11th Cir. 1999) (citing *Hobart Corp. v. Siegle*, 600 So.2d 503, 505 (Fla. Dist. Ct. App. 1992)); *Fisher v. Bumbo Int'l Trust*, 2014 WL 12026083, at *13 (S.D. Fla. Aug. 20, 2014) (reaffirming *Jennings*).

[16] *Pinchinat v. Graco Children's Prods., Inc.*, 390 F. Supp. 2d 1141, 1148 (M.D. Fla. 2005).

be the legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause if the defect or negligence contributes substantially to producing such loss, injury or damage.

## Burden of Proof [Fla. 403.17]

If the greater weight of the evidence does not support one or more of Elizabeth Hill's claims, your verdict should be for Cook on that claim or claims.

## Defense Issues [Fla. 403.18, 401.22g]

If the greater weight of the evidence supports one or more of Elizabeth Hill's claims, then you shall consider the defenses raised by Cook.

*Assumption of risk.* On Cook's first defense, assumption of the risk, Cook claims that by signing consent forms before her surgeries, Elizabeth Hill voluntarily consented to the risks involved in the surgery and placement of her Celect IVC filter, including the risk of perforation.

A plaintiff assumes the risk of her injury, and accordingly cannot prevail on her claim against a defendant, when she knows of the existence of the danger; realizes and appreciates the possibility of injury as a result of such danger, and, despite having a reasonable opportunity to avoid it, voluntarily and deliberately exposes herself to the danger nonetheless.

You must decide the following questions:

(1) whether Elizabeth Hill knew of the existence of the danger complained of;
(2) whether she realized and appreciated the possibility of injury as a result of such danger; and,
(3) having a reasonable opportunity to avoid it, whether she voluntarily and deliberately exposed herself to such danger.

*Unavoidably unsafe product.* On Cook's second defense, unavoidably unsafe product, Cook claims that the Celect IVC filter placed in Elizabeth Hill was, at the time of its distribution, incapable of being made safe for its intended and ordinary use. Many useful and life-saving drugs, vaccines, and medical devices may nevertheless lead to very serious and damaging consequences. Such a product, properly prepared, and accompanied by proper directions and warnings, is not defective nor is it unreasonably dangerous.

You must decide the following questions (1) whether the Celect IVC filter was, at the time of its distribution in 2010, incapable of being made safe for its intended and ordinary use given the state of knowledge and technology at that time, and (2) whether as of that date, the apparent benefits of the Celect IVC filter outweighed its known risks. In evaluating whether the apparent benefits of the Celect IVC filter outweighed

US.114452512.09                                    16

its known risks, you should consider the value of the benefits, the seriousness of the risks, and the likelihood of both.

*Intervening cause.*  On Cook's third defense, intervening cause, Cook claims that several separate forces or actions are the active and efficient intervening cause of Elizabeth Hill's claimed injuries.  These include for example, Plaintiff's intervening spinal surgeries, Plaintiff's lymphocytic colitis and other abdominal conditions, other causes of her anxiety and depression, and/or  Dr. Zuzga's placement of the filter alone. You must decide the following questions whether some separate force or action was the active and efficient intervening cause of Elizabeth Hill's injuries.

If you conclude that some separate force or action was the intervening cause of Plaintiff's injuries, you must determine whether that intervening cause was foreseeable. If an intervening cause is foreseeable, the original actor negligent actor may still be held liable.

If the greater weight of the evidence supports any or all of Cook's defenses, then your verdict should be for Cook and against Elizabeth Hill.

## Burden of Proof on Defense Claims [Fla. 403.19]

If the greater weight of the evidence does not support any of Cook's defenses and the greater weight of the evidence supports Elizabeth Hill's claim**,** then your verdict should be for Elizabeth Hill in the total amount of her damages.

## Personal Injury Damages – Introduction/Elements [Fla. 501.1b+501.2a-b]

If your verdict is for Cook, you will not consider the matter of damages. But if the greater weight of the evidence supports Elizabeth Hill's claim, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage that the greater weight of the evidence shows will fairly and adequately compensate her for her loss, injury or damage, including any damages that Elizabeth Hill is reasonably certain to incur or experience in the future.  You shall consider the following elements:

## Personal Injury Damages – Elements [Fla. 501.2a-b]

Any bodily injury sustained by Elizabeth Hill and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future.  There is no exact standard for measuring such damage.  The amount should be fair and just in the light of the evidence; and

The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Elizabeth Hill in the past and to be so obtained in the future.

## Mortality Tables [Fla. 501.6]

If the greater weight of the evidence shows that Elizabeth Hill has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Elizabeth Hill may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Elizabeth Hill's health, age and physical condition, before and after the injury, in determining the probable length of her life.

## Reduction of Damages to Present Value [Fla. 501.7]

Any amount of damages that you allow for future medical expenses should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Elizabeth Hill for these losses as they are actually experienced in future years.

## Selection of Presiding Juror; General Verdict [7th Cir. 1.32]

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

*[Forms of verdict read.]*

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

## Communicating With the Court [7th Cir. 1.33]

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

### Disagreement Among Jurors [7th Cir. 1.34]

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

### 3.   MISCELLANEOUS & SPECIAL INSTRUCTIONS
### (TO BE READ AS NEEDED)

#### Translated Language [7th Cir. 1.22]

Where testimony was given through an interpreter, you should consider only the evidence provided through the official interpreter. Although some of you may know Danish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

#### Summaries [7th Cir. 1.23]

*Stipulated*

The parties agree that [*describe summary in evidence*] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain [*describe summary in evidence*] is/are in evidence. [*The original materials used to prepare those summaries also are in evidence.*] It is up to you to decide if the summaries are accurate.

#### Cautionary Instruction Before Recess [7th Cir. 2.01]

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

#### In-Trial Instruction On News Coverage [7th Cir. 2.02 (modified)]

You must not read anything or listen to anything or watch anything with regard to this trial. Other people discussing the trial may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.  It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

## Stipulations of Fact [7th Cir. 2.05]

The parties have stipulated, or agreed, that [*stipulated fact*]. You must now treat this fact as having been proved for the purpose of this case.

## Judicial Notice [7th Cir. 2.06]

I have decided to accept as proved the fact that [*e.g., the city of Milwaukee is north of the city of Chicago*]. You must now treat this fact as having been proved for the purpose of this case.

## Deposition as Substantive Evidence [7th Cir. 2.08]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## Video Deposition Cuts of Other Witnesses [Agreed Non-Standard]

Members of the jury, you will now be shown the video-recorded testimony of [*witness*] taken [*date of deposition*].  It will be obvious to you that the video has been edited. Edits were made both to shorten the video and to comply with my earlier out-of- court rulings on specific objections or issues raised during the testimony.  You are to accept this testimony as though it were presented here in person.

## Damages – No award of Prejudgment Interest [If Necessary]

In determining an amount of damages to award Elizabeth Hill, you must not add interest to the damages. The court will make any calculations related to interest, and you should not consider the issue.[17]

---

[17] *Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla. 1985) (holding that computation of interest where interest is a component of damages is for the court, not the jury).*

**4.    PHASE II INSTRUCTIONS**
         **(TO BE READ BEFORE PRESENTATION OF PHASE II EVIDENCE)**

### Punitive Damages [Ind. 109]

Elizabeth Hill claims she is entitled to an award of punitive damages because (*insert brief statement of claim for punitive damages*).  Elizabeth Hill must prove this claim by clear and convincing evidence.

### Clear and Convincing Evidence [Ind. 113]

Proof by clear and convincing evidence is a higher standard of proof than proof by the greater weight of the evidence.

Proof of a claim by clear and convincing evidence means that the facts supporting that claim are highly probable.

In criminal law we require that crimes be proved by an even higher standard of proof called beyond a reasonable doubt. We do not use this higher standard in civil cases, but the concept of beyond a reasonable doubt helps us to understand the concept of clear and convincing evidence. Clear and convincing evidence is a higher standard than the greater weight of the evidence, but a lower standard than beyond a reasonable doubt.

### Punitive Damages [Ind. 737]

If you decide that Elizabeth Hill is entitled to recover, then in addition to compensatory damages, you may also award punitive damages.

Punitive damages may be awarded if you decide that Elizabeth Hill proved by clear and convincing evidence that either:

     (1) Cook's actions causing her injuries amounted to willful and wanton misconduct; OR
     (2) (A) In the conduct that caused her injuries, Cook acted either:
               a. maliciously;
               b. fraudulently;
               c. oppressively; OR
               d. with gross negligence,
          AND
          (B) Cook's acts causing her injuries were not the result of any of the following:
               a. mistake of fact;
               b. an honest error of judgment;
               c. overzealousness;
               d. ordinary negligence; OR
               e. other human failing.

You may only punish Cook for conduct that harmed Elizabeth Hill.[18]

## Punitive Damages—Terms—Definitions [Ind. 739]

The terms in the previous instruction on punitive damages have the following meanings:

"Gross negligence" is a voluntary act done with reckless disregard of the consequences to another person.

"Wanton or willful" misconduct is an intentional act done with reckless disregard of probable injury to a person, when the defendant knew of that probability.

"Malice" is an act done:

     (1) intentionally,
     (2) without legal authority or excuse, and
     (3) with the intent to injure.

"Fraud" is an act done knowingly or intentionally to cheat or deceive another person.

"Oppressiveness" is an act done in a domineering, overbearing, or controlling manner that subjects another person to a cruel and unjust hardship.

## Measure of Punitive Damages [Ind. 741]

If you decide to award punitive damages, you must determine the amount of money you believe will be adequate to:

     (1) punish Cook for what it did to Elizabeth Hill; and
     (2) discourage Cook and other companies from similar acts in the future.

In deciding the amount of punitive damages, you may consider:

     (a) the amount of actual or potential harm suffered by Elizabeth Hill as a result of Cook's conduct;
     (b) the amount of any civil fines that apply to conduct similar to [*defendant*]'s conduct;
     (c) Cook's financial condition; and
     (d) the degree of reprehensibility of Cook's conduct.

Reprehensible means deserving of severe disapproval. In determining the degree of reprehensibility of Cook's conduct, you should consider the following:

     • Was the harm caused physical as opposed to financial?
     • Did Cook's conduct show a reckless disregard for the health or safety of others?
     • Did Cook's conduct involve repeated actions or was it an isolated incident?
     • Was the harm the result of intentional malice, trickery, or deceit, as opposed to mere accident?

---

[18] *State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 422 (2003).*

&bull; Was the target of Cook's conduct financially vulnerable?

If you award punitive damages, you must state the amount of those damages on the verdict form separately from the amount of any compensatory damages.

### Punitive Damages—Out-of-State Conduct  [Ind. 745]

You may not use evidence of conduct outside the state of Indiana to punish Cook if that conduct was lawful in the place where it occurred.

**5.     DEFENDANTS' PROPOSED PHASE I VERDICT FORM**

### UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA INDIANAPOLIS DIVISION

Elizabeth Jane Hill,
     Plaintiff,

      v.

Cook Incorporated, Cook Medical LLC
(f/k/a Cook Medical Incorporated), and
William Cook Europe ApS,
     Defendants

### VERDICT

We the jury return the following verdict:

1.     Was the design of Elizabeth Hill's Celect IVC filter defective because the risk of danger in the design of the Celect filter outweighed the benefits of that design?

                                                     YES ___     NO___

2.     Was Cook was negligent in the design of Elizabeth Hill's Celect IVC filter because Cook failed to use reasonable care, which is the care that a reasonably careful designer would use under like circumstances?

                                                     YES ___     NO___

3.     If your answer to question 1 and 2 were "Yes," then answer this question:  Did that design defect cause the loss, injury or damage to Elizabeth Hill?

                                                     YES ___     NO___

**If you answered NO to Question 1 or Question 2 or Question 3, then your verdict is for Cook and you should sign and date this verdict form and return it to the court security officer.**

**If you answered YES to Question 1 and Question 2 and Question 3, please answer Questions 4, 5 and 6 below.**

4.      Did Elizabeth Hill voluntarily assume the risks involved in the surgery and placement of her IVC filter?

YES ___     NO___

5.      At the time Elizabeth Hill's Celect IVC Filter was distributed in 2010, was the filter incapable of being made safe for its intended and ordinary use?

YES ___     NO___

6.      Were one or more separate forces or actions independent of Cook's conduct the active and efficient intervening cause of Elizabeth Hill's claimed injuries,?

YES ___     NO___

**If you answered YES to Question 4 or Question 5 or Question 6 then your verdict is for Cook and you should sign and date this verdict form and return it to the court security officer.**

**If you answered YES to Question 1 and Question 2 and Question 3, and answered NO to Question 4 and Question 5, and Question 6, please answer Question 7 below.**

7.      What is the total amount of Elizabeth Hill's damages for incurred medical expenses and pain and suffering?

$ _____

**Please sign and date the verdict form.**

SO SAY WE ALL this _____ day of November, 2017.

FOREPERSON (Signature)     _____

FOREPERSON (Printed Name)_____

**6.     DEFENDANTS' PROPOSED PHASE II VERDICT FORM**

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Elizabeth Jane Hill,
        Plaintiff,

        v.

Cook Incorporated, Cook Medical LLC
(f/k/a Cook Medical Incorporated), and
William Cook Europe ApS,
        Defendants

**VERDICT—PHASE 2**

We the jury return the following verdict:

1.     Has Elizabeth Hill established by clear and convincing evidence that punitive damages are warranted against Cook.

                                                    YES ___     NO___

2.     If you answered "Yes," then answer this question:  What is the total amount of punitive damages, if any, that you find should be assessed against Cook?

                                $ _____

**Please sign and date the verdict form.**

SO SAY WE ALL this _____ day of November, 2017.


        FOREPERSON (Signature)        _____


        FOREPERSON (Printed Name)_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Andrea Pierson