UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This document relates to:   Elizabeth Jane Hill
                            No. 1:14-cv-06016-RLY-TAB

## PLAINTIFF'S PROPOSED STIPULATIONS FOR TRIAL

Plaintiff provided her proposed stipulations to Defendants and the parties planned to submit a set of joint stipulations to the Court. Plaintiff's counsel was advised on the afternoon of October 9 by Cook's counsel that the parties' respective stipulations "are too different" to synthesize into a joint filing. As of this filing Plaintiff's counsel has not seen Cook's proposed stipulations. Plaintiff thus files her proposed stipulations without knowing whether Cook agrees to any of them and without having had an opportunity to agree with or contest Cook's.

### Stipulations of Fact

1. Plaintiff is Elizabeth Jane Hill.

2. Defendants are Cook Incorporated, Cook Medical LLC, and William Cook Europe APS.

3. The product that is the subject of this lawsuit is a Cook Celect Filter that was designed and manufactured by Defendants.

4. Cook promoted the filter as an optionally retrievable filter.

5. The Celect filter became available for use as a permanent filter in the United States on April 20, 2007.

6. The Celect filter became available for use as an optionally retrievable filter in the United States on March 7, 2008.

7. Plaintiff was under the care of orthopedic surgeon Anthony Moreno who saw Plaintiff on April 14, 2010, and recommended she receive an IVC filter.

8. Dr. Moreno did not recommend any specific brand of filter for Plaintiff.

9. On November 17, 2010, vascular surgeon Dr. Mark Zuzga implanted Plaintiff with a Cook Celect filter.

10. The filter implanted in Ms. Hill was expected to and did reach Dr. Zuzga without substantial change in its condition.

11. On March 23, 2011, Dr. Mark Zuzga attempted to remove the Celect filter implanted in Plaintiff but was unable to remove it.

12. On August 14, 2013, it was discovered that the Celect filter had perforated Plaintiff's IVC and into her duodenum.

13. On August 21, 2013, Plaintiff underwent a complicated removal by Dr. Frank Lynch at Penn State University.

**Other Stipulations**

A. The parties stipulate and agree that the parties are prohibited from making any reference or argument, or adducing any evidence or attempting to elicit any evidence suggesting and/or concerning:

1. the failure of either party to call any witness equally available to both parties;

2. collateral sources, i.e., the fact that Plaintiff's medical expenses or other losses may have been satisfied by insurance or other such sources; and

3. the FDA's 510(k) clearance process or clearance of Cook's filters.

B. At the end of each trial day, the parties agree to identify those witnesses they intend to call on the next trial day with the following exception: Plaintiff agrees to provide 48 hours' notice of its intent to call any Cook witness located in Denmark.

  C. Assuming the Court approves, the parties agree that in the unlikely event voir dire and opening statements end before the close of court on October 23, Plaintiff will be permitted to call her first witness on the morning of October 24.

  D. The parties have agreed on Christian Schoenberg as a translator.  Each party will cover Mr. Schoenberg's travel costs and fees incurred during that party's respective case in chief or rebuttal.

  E. The parties agree to exchange demonstrative aids, powerpoint slides, etc., used in opening and closing no less than 30 minutes before opening and closing, with one exception: as to any computer simulations or animations, the parties agree to exchange such materials by 7:00 p.m. the night before opening or closing.  The parties agree to disclose demonstrative aids, powerpoint slides, etc. (but not exhibits) used on direct examination immediately before the witness takes the stand.

  Respectfully submitted this  9th   day of October, 2017.

           /s/ Joseph N. Williams
           Joseph N. Williams, Atty. No. 25874-49
           RILEY WILLIAMS & PIATT, LLC
           301 Massachusetts Avenue
           Indianapolis, IN 46204
           Telephone: (317) 633-5270
           Facsimile: (317) 426-3348
           Email:  jwilliams@rwp-law.com
           *Liaison Counsel to Plaintiffs' Steering*
           *Committee and on behalf of Plaintiffs'*
           *Steering Committee*

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX  75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

     I hereby certify that on October 9, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                        */s/ Joseph N. Williams*
                        Joseph N. Williams