# EXHIBIT A

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Andrew L. Campbell**
*Partner*
andrew.campbell@FaegreBD.com
Direct **+1 317 237 1011**

Faegre Baker Daniels LLP
300 North Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Main **+1 317 237 0300**
Fax **+1 317 237 1000**

October 3, 2017

**VIA E-MAIL**

Matthew Schultz
Levin Papantonio
316 South Baylen Street
Pensacola, FL  32502

      Re:    <u>Cook Filter MDL 510(k) Evidence</u>

Dear Matt:

      In light of the Court's ruling last week on the exclusion of 510(k) evidence, Cook is seeking agreement on the subject areas and documents that will and will not be offered at the upcoming *Hill* trial.

      Based on its review of the Court's ruling and the Court's comments at the *Daubert* hearing on September 25, 2017, Cook submits that the following list of paragraphs and sections of Dr. David Kessler's report should be excluded:

- Section II: ¶¶ 14, 15;
- Section III: ¶¶19-42, 68;
- Section IV: ¶¶73, Table 1, 74-77, 99-108;
- Section VI: ¶¶ 125-128, 131, 136, 151-156, 198 (first two sentences), 200, 203-204, 216(c) (second sentence), 234-236, 248, 277 (last two sentences), 279, 287, 290, 307-311;
- Section VII: All
- Section VIII: All
- Section IX: ¶ 343
- Section X (Conclusions): ¶¶ 359, 360, 365, 366

US.114418398.02

Matthew Schultz                               -2-                           October 3, 2017

These paragraphs address the 510(k) process generally (Section II: ¶¶ 14, 15; Section III: ¶¶19-42, 68) and that process as applied to Cook's filters (Section IV: ¶¶73, Table 1, 74-77, 99-108; Section VII: All; Section VIII: ¶¶ 322-323, 327-329; Section X: ¶¶ 359-360, 365-366).  Other portions of Dr. Kessler's opinions concern Cook's submission of information to FDA during various stages of the 510(k) review process (Section VI: ¶¶ 125-128, 131, 136, 151-156, 198 (first two sentences), 200, 203-204, 216(c) (second sentence), 234-236, 248, 277 (last two sentences), 279, 287, 290, 307-311; Section VIII: ¶¶ 324-326, 330-334; Section IX: ¶ 343).  Given that Cook is not able to present evidence that FDA cleared the Celect, evidence about what Cook did or did not submit to the FDA should also be excluded.  As the *Cisson* court noted in upholding the exclusion of 510(k) evidence, one of the benefits is to avoid a "mini-trial" about "whether Bard had in fact made all of the disclosures it should have made during the [510(k)] process." *Cisson v. C.R. Bard, Inc. (In re C.R. Bard, Inc.)*, 810 F.3d 913, 922 (4th Cir. 2016) (emphasis added).  Accordingly, that information should not be presented to the jury.

Additionally, at many places throughout his report, Dr. Kessler makes comments about a 510(k) application or FDA clearance as part of a chronological timeline (e.g., Section VI: ¶ 289 ("[W]hile the Celect 510(k) application for retrievability was pending . . . ").  We have not identified those clauses here, but we expect that Dr. Kessler will not make any references to 510(k) applications or FDA clearance.

Obviously, other FDA documents will be relevant, including the FDA Guidance documents cited by Cook in its design documents (i.e., the 1999 FDA IVC Filter 510(k) Guidance), along with the 2010 and 2014 FDA Safety Communications, and FDA documents regarding down-classification of IVC filters. Those documents go to Dr. Kessler's claim of adulteration, as well as general aspects of device design.

In addition, in light of the Court's recent ruling on Cook's Motion for Summary Judgment, Dr. Kessler's opinions about alleged misbranding should also be excluded.  At a minimum, alleged misstatements about the OUS Study in the IFU and Cook's promotion and marketing communications are no longer relevant to Mrs. Hill's claims because Dr. Zuzga did not review them prior to or as part of his treatment of Mrs. Hill (See Dkt. 6660 at pp. 4, 6-8).  This includes ¶¶ 43-48, 199 (bullet 6), 225, 246, 247, 249, 335, 338-340, 342, 344-346, 358, and 361 in Dr. Kessler's report.  Additional opinions of Dr. Kessler's may be impacted by the Court's ruling, but Cook (like the Plaintiff) is still evaluating the effect of this opinion.

We hope to reach an agreement with Plaintiff's counsel about the scope of Dr. Kessler's opinions by the close of business on October 5, 2017.  If the parties are unable to reach agreement, then Cook will file the appropriate motion with the Court for resolution at the Final Pre-Trial Conference on October 12, 2017.

US.114418398.02

Matthew Schultz -3- October 3, 2017

Very truly yours,

Andrew L. Campbell

ALC:jmm


cc via email:   Ben C. Martin
                Joseph Johnson
                David Matthews
                Michael Heaviside

US.114418398.02