UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Elizabeth Jane Hill, 1:14-cv-6016-RLY-TAB _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON PLAINTIFF'S MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF CERTAIN DEFENSE EXPERTS**

Plaintiff, Elizabeth Jane Hill, filed an Omnibus Motion to Exclude or Limit the Testimony of Certain Defense Experts. This Entry addresses her motion with respect to Dr. Anthony Venbrux, the Cook Defendants' causation expert.

**I.      Background**

Dr. Venbrux is board-certified in diagnostic radiology with a Certificate of Added Qualification for Angiography and Intervention Radiology. (Expert Report of Dr. Anthony Venbrux ("Expert Report") at 1). From 2002-2015, he was Director of Vascular and Interventional Radiology at the George Washington University Hospital in Washington, D.C. (*Id.*). He currently serves as senior faculty, professor of Radiology and Surgery in the Vascular and Interventional Radiology Division, at the Hospital. (*Id.*).

1

Over the course of his 31-year career, he has placed and retrieved hundreds of IVC filters. (*Id.* at 1, 6). His practice includes both pre- and post-procedure evaluation, interactions with referring physicians, and medical records review. (*Id.* at 2-3). In addition, he has published peer-reviewed articles on IVC filters and has served as the principle investigator in studies on IVC filters. (*Id.* at 2). He is a member of the Society of Interventional Radiology and served on the editorial board of the Journal of Vascular and Interventional Radiology. (*Id.* at 1-2).

## II.     Standard for Expert Testimony

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence and the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Specifically, (1) the expert must be qualified by knowledge, skill, experience, training, or education; (2) the proposed expert testimony must assist the trier of fact in determining a relevant fact at issue in the case; (3) the expert's testimony must be based on sufficient facts or data and reliable principles and methods; and (4) the expert must have reliably applied the principles and methods to the facts of the case. *Lees v. Carthage College*, 714 F.3d 516, 521-22 (7th Cir. 2013) (citations omitted). *See also Lapsley v. Xtek, Inc.*, 689 F.3d 802, 809 (7th Cir. 2012) ("Rule 702 requires that expert testimony be relevant, reliable, and have a factual basis—requirements that must be met before the jury is allowed to hear and perhaps be persuaded by the expert testimony."). As the proponent of the expert testimony at issue, the plaintiff has the burden of demonstrating the expert's admissibility. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

**III.   Discussion**

   **A.   Design Opinion**

   In his expert report, Dr. Venbrux offers the following opinions:

- The design of then Celect filter makes it easy to use.  The Celect has a small profile that makes it easier than some of the other IVC filters to deploy through a small sheath.  *This benefit reduces the risk of trauma or other complications at the insertion site*.  The Celect is also MRI compatible, which allows future MRI diagnostic procedures for the patient.  *The struts are located in a way so they do not impede blood flow*.  (Expert Report at 10) (emphasis added).

- I considered the potential causes of filter tilt based on my experience and the literature, including: malpositioning on placement, patient anatomy, manipulation during or as a result of the spine surgical procedure, trauma or force to the abdomen, and *design of the filter*. (*Id*. at 27) (emphasis added).

- Filter tilt can happen with any conical filter, but *the rate of a significant degree of tilt with filters, including the Celect filter, is rare.  I therefore ruled out the design of the Celect as a cause of tilt in Mrs. Hill to a reasonable degree of medical certainty.*  (*Id.* at 28) (emphasis added).

   Plaintiff argues Dr. Venbrux is not qualified to give an opinion on the design of the Celect filter because he has no training or experience in medical device design, engineering, or metallurgy.  The Cook Defendants respond that he is not giving that type of technical opinion.  Instead, Dr. Venbrux's opinions are limited to the question of whether the design of the Celect filter was a potential cause of Plaintiff's injuries, and whether there was clinical and medical evidence to eliminate it as a possible cause.  In other words, Dr. Venbrux performed a differential etiology, an acceptable methodology for determining legal cause.  *Schultz v. Akzo Nobel Paints, LLC*, 721 F.3d 426, 433 (7th Cir. 2013) (noting there is 'nothing controversial' about using differential etiology to establish legal cause).

3

"[I]n a differential etiology, the doctor rules in all the potential causes of a patient's ailment and then by systematically ruling out causes that would not apply to the patient, the physician arrives at what is the likely cause of the ailment." *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). "The question of whether it is reliable under *Daubert* is made on a case-by-case basis, focused on which potential causes should be 'ruled in' and which should be 'ruled out.'" *Id.* Notably, an expert should account for obvious alternative explanations, but need not "rule out every alternative cause." *Schultz*, 721 F.3d at 434.

As noted above, Dr. Venbrux ruled in "malpositioning on placement, patient anatomy, manipulation during or as a result of the spine surgical procedure, trauma or force to the abdomen, and the design of the filter." (Expert Report at 27). Briefly, he concluded he could not rule out Plaintiff's anatomy (severe scoliosis) as a cause of the tilt, or her 2010 spinal procedure as a contributor to the tilt. (*Id.*). He reviewed the imaging depicting Plaintiff's filter and anatomy, and concluded "to a reasonable degree of medical certainty that her anatomy and spine procedure caused her filter to tilt to the point where the hook was in contact with the IVC wall." (*Id.*). On the other hand, he ruled out the design of the filter as the cause of her injury based on: (1) his clinical experience implanting and retrieving filters for 31 years; (2) the Cook Data Summary demonstrating an overall success rate for the Celect filter of 99.41% and a complication rate of only 0.59%; (3) the risks associated with IVC filters is low based on the literature; and (4) the analysis of the Cook Defendants' epidemiologist's (Dr. Jonathan Fryzek)

4

calculation of the sales and complaint data, which showed an overall success rate of 99.25% and a low perforation rate of 0.1619%. (*Id.* at 6-9, 13, 28).

The court finds Dr. Venbrux's training and experience using IVC filters qualifies him to opinion on the design of the filter as a possible cause of Plaintiff's injuries, and that his methodology—differential etiology—adequately accounted for the design of the filter. *Schultz*, 721 F.3d at 434. The court further finds his observations and experience qualify him to opine on the Celect filter's ease of use and the advantages of its small profile and struts. Plaintiff is free to challenge the factual basis of his opinions on cross-examination. *See Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000) ("The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact.").

### B. "Tilted Upon Insertion"

Dr. Venbrux opined in his expert report that Plaintiff's Celect "filter was tilted upon insertion as a result of Plaintiff's anatomy, and not as a result of the design of the filter." (Expert Report at 27). Plaintiff argues that in his deposition, he said just the opposite: "Without any contrast, it looks tilted, but it's appropriately placed and it's centered appropriately, and those are the important factors." (Deposition of Dr. Anthony Venbrux ("Venbrux Dep.") at 251). Plaintiff omits Dr. Venbrux's explanation that Plaintiff's scoliosis caused a "tilting" in her anatomy, so although the filter was centered within the IVC, the filter appears tilted because "it's in a structure that is curved." (*Id.*). There is no contradiction there.

5

Plaintiff also argues Dr. Venbrux could not identify a perforation on Plaintiff's venogram, but that he relied on a venogram in his report to find a perforation. Again, Plaintiff is mistaken. First, the venogram shown to Dr. Venbrux in his deposition was not Plaintiff's venogram. (Venbrux Dep. Ex. 22). It is dated April 20, 2007, more than three years before Plaintiff received her filter. (*Id.*). Second, Dr. Venbrux stated in his expert report that Plaintiff's IVC filter "appeared outside of the lumen of contrast of her [March 2011] IVC on venogram". (Expert Report at 28). He then explains that the CT imaging shows that the "IVC filter had penetrated into her duodenum." (*Id.* at 29). Again, there is no contradiction in his opinion.

### C. Efficacy

Dr. Venbrux offers the opinion that "[t]he Celect filter performs as he would expect, and has been effective in preventing PE [pulmonary embolism] in his patients." (Expert Report at 10). Plaintiff argues he is not qualified to assert this opinion, and his methodology to determine the efficacy of IVC filters is unreliable. The court does not agree. As stated several times in his Entry, Dr. Venbrux has extensive clinical experience with implanting and retrieving IVC filters. He is qualified to give an opinion on their efficacy.

As for Plaintiff's objection to his methodology, Dr. Venbrux relied on the Cook Data Summary, Dr. Fryzek's epidemiological opinion, and scientific articles to support his opinion on the safety and efficacy of IVC filters. (Expert Report at 6-9, 12-13). His methodology is sound.

6

## IV.     Conclusion

Plaintiff's Motion to Exclude or Limit the Testimony of Certain Defense Experts (Filing No. 5663) is **DENIED** with respect to Dr. Venbrux, and **UNDER ADVISEMENT** with respect to the balance of challenged experts.

**SO ORDERED** this 10th day of October 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.