UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ ) ) ) ) ) ) This Document Relates to: ) ) Elizabeth Jane Hill, ) 1:14-cv-6016-RLY-TAB ) _____ ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON DESIGN DEFECT CLAIMS**

On October 2, 2017, the court granted the Cook Defendants' Motion for Summary Judgment on Plaintiff's negligent failure to warn claim. This Entry addresses their Motion for Summary Judgment on Plaintiff's negligence and strict liability design defect claims.

**I.   Discussion**

As an initial matter, the Master Complaint in this case alleges that "the Cook Defendants were under a duty to act reasonably to design, develop, manufacture, market and sell a product that did not present a risk of harm or injury to [Plaintiff] and to those people receiving their IVC Filters." (Filing No. 213, Master Compl. ¶ 83). At the September 25 hearing, Plaintiff characterized her negligence claim as a negligent testing claim. A manufacturer's duty to test a product "is a subpart of a manufacturer's duty to

1

design a product with reasonable care, and thus is subsumed in [Plaintiff's] claim for defective design." *Adams v. G.D. Searle & Co., Inc.*, 576 So.2d 728, 730-31 (Fla. Dist. Ct. App. 1991). The Cook Defendants move for summary judgment only on Plaintiff's negligent design[1] and strict liability design defect claims, but not on her negligent *testing* claim. Therefore, Plaintiff's negligent testing claim survives summary judgment.

To prevail on a strict product liability action based upon design defect, the plaintiff must prove that (1) a product (2) produced by a manufacturer (3) was defective or created an unreasonably dangerous condition (4) that proximately caused (5) injury. *Pinchinat v. Graco Children's Products, Inc.*, 390 F. Supp. 2d 1141, 1148 (M.D. Fla. 2005). In determining whether the plaintiff had established a defective design, Florida courts previously recognized both the consumer-expectation test and the risk-utility test. *See Tillman v. C.R. Bard, Inc.*, 96 F.Supp.3d 1307, 1338 (M.D. Fla. 2015).

> First, a product may be found defective in design if the plaintiff establishes that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner . . . . Second, a product may alternatively be found defective in design if the plaintiff demonstrates that the product's design proximately caused his injury and the defendant fails to establish, in light of the relevant factors, that, on balance, the benefits of the challenged design outweigh the risk of danger inherent in such design.

*Pinchinat*, 390 F. Supp. 2d at 1148 (quoting *Cassisi v. Maytag Co.,* 396 So.2d 1140, 1145 (Fla. Dist. Ct. App. 1981)). In *Aubin v. Union Carbide Corp.*, 177 So.3d 489 (Fla. 2015), *Aubin*, the Florida Supreme Court rejected the risk-utility test for design defect claims.

---

[1] Negligent design, as that claim is commonly pled, was not mentioned in Plaintiff's Response. Therefore, the court presumes this claim is no longer viable.

177 So.3d at 494 ("[W]e conclude that the definition of design defect first enunciated in *West* [*v. Caterpillar Tractor Co*. 336 So. 2d 80 (Fla. 1976)], which utilizes the consumer expectations test, instead of utilizing the risk utility test best vindicates the purposes underlying the doctrine of strict liability.").

The Cook Defendants moved for summary judgment utilizing the risk-utility test because, they argued, this case involves a complex medical device. *Tillman*, 96 F.Supp.3d at 1339 (applying risk-utility test to a complex medical device). Given the holding in *Aubin*, they moved for summary judgment under the wrong test. That is a problem because they have put forth no evidence of what an ordinary consumer would expect from the Celect IVC filter, whether the consumer is defined as Plaintiff or Dr. Zuzga. In their Reply, the Cook Defendants address consumer expectations, but arguments made for the first time in a Reply are waived. *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998) ("Arguments raised for the first time in a reply brief are waived."). Accordingly, the Cook Defendants' Motion for Summary Judgment on Plaintiff's negligent design (here, testing) and Plaintiff's strict liability design defect claims (Filing No. 5752) is **DENIED**. The Cook Defendants' Motion as it relates to punitive damages and whether Cook Incorporated is a proper defendant remains **UNDER ADVISEMENT**.

**SO ORDERED** this 10th day of October 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.