IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION          Case No: 1:14-ml-2570-RLY-TAB
_____          MDL No. 2570

This Document Relates to:

*Hill v. Cook Medical, Inc. et al.*,
Case No. 1:14-cv-6016-RLY-TAB
_____

## CLARIFICATION OF PLAINTIFF'S "NEGLIGENT DESIGN" CLAIM

On October 10, 2017, the Court entered an Order (Doc. 6761) denying Cook's motion for summary judgment as to "negligent testing." In footnote 1 to the ruling, the Court "presumes this [negligent design] claim is no longer viable" because it was not mentioned in Plaintiff's summary judgment response. Plaintiff wishes to clarify that she has not abandoned her claim that Cook negligently designed the Celect filter, which was properly pled and repeatedly asserted at the summary judgment hearing, as exemplified here: "The duty to test, as the [*Adams*] Court concluded, is a subpart of **a manufacturer's duty to design a product with reasonable care. And that's what our complaint has alleged and that's the case we're going to take to the jury** -- or hope to take to the jury." (Ex. A, Hearing Tr. 9/25/17 at 220.)

Plaintiff's position all along—in her response and at the hearing—has been that Cook's labels of "negligent design" and "negligent testing" seek to pigeonhole Plaintiff's common law negligence count, which includes those but is more broad. Plaintiff certainly never meant to suggest negligence in design or testing were not part of that negligence count, only that her count covers <u>more</u> than just design or failure to warn (which Cook argued was the full extent of the

1

claim). Plaintiff noted in her response that her complaint alleges "the breach of garden variety duties" including "reasonably to **design**, develop, manufacture, market and sell" the product. (Pltf. Summ. Judg. Resp. at 2); and noted that "in actions for negligent design, the ordinary rules of negligence apply." (*Id.*) (quoting *Auburn Mach. Works Co. v. Jones*, 366 So. 2d 1167, 1169 (Fla. 1979)). Plaintiff expressly rejected Cook's contention that her negligence count, labeled by Cook as a "negligent design" claim, was ripe for summary judgment: "Cook's motion addresses Plaintiff's negligence claim only insofar as it relates to warnings and 'design defect.' Even if summary judgment were appropriate on these aspects of the negligence count **(which Plaintiff challenges)**, summary judgment on the entire count would be inappropriate because Cook has made no attempt to prove the absence of any genuine issue of material fact as to the overall reasonableness of its conduct." (Pltf. Resp. to Def. SJ Mot. at 3) (emphasis added). In short, Plaintiff's position was and is that Cook acted unreasonably in designing, developing, manufacturing, marketing and selling the Celect filter—just as she alleged in her complaint. Cook's attempt to winnow the claim into nothing more than design and failure-to-warn has caused confusion; but one thing remaining clear is that even Cook acknowledges Plaintiff brought a claim of negligent design.

Plaintiff's counsel repeatedly referred at hearing to having a negligence claim based on design.

- Mr. Schultz: "They [Cook] had a CAPA investigation a month after this device was cleared for retrievable use in the U.S. to find out what was going on with perforation…. They actually said in their investigation, we **cannot rule out the design as the cause of these perforations** and we're not taking any remedial action because we don't know how to remediate the problem. And **I asked Mr. Gyllun, that was nine years ago, can you here sitting today rule out design as the cause of the perforations; and his answer was no, I cannot rule out design as the cause of perforations with Celect**. Specifically, the difference in the rate between Celect and Tulip. **A jury may very well find that's negligence**, Your Honor…." (Ex. A, Hearing Tr. 9/25/17 at 68-69)

2

- Mr. Schultz: "Your Honor, the *Favors* case at 309 So. 2d 69 -- actually, Judge, it was on a motion to dismiss and **the Court found sufficient allegations in a products liability case that 'the product was negligently designed**, **negligently failed to test**, **and negligently failed to investigate** similar [events] so as to do proper research on the correct causes thereof.' **Those are essentially the very things that we have alleged in our complaint for negligence**." (*Id.* at 94.)

- Mr. Schultz: "That is the reasonable man standard, the reasonable person standard. That's what Florida follows and when you look in the products liability series of the Florida standard jury instructions, that's the question the jury has to answer. And **of course, you can be negligent for failure to test. You can be negligent for failure to investigate. You can be negligent in many ways; and it's our position that Cook was**." (*Id.* at 112.)

- Ms. Pierson: "And **if you look at the master complaint** specifically at paragraph 85 on page 19**, the elements of the negligence claim are articulated and they're described as** failure to warn and **negligent design** and negligent manufacture." (*Id.* at 204.)

- The Court: "Is there a general negligence count in the complaint?"
  Mr. Schultz: "There is, Your Honor. … There is a negligence count and it specifically mentions failure to warn as one of the aspects of negligence. **The negligence count included that they were under a duty to act reasonably to design, develop, manufacture, market and sell a product that did not present an unreasonable risk of harm.**" (*Id.* at 218-19.)

- Mr. Schultz: "I can't file a complaint that says failure to test. But it's part – it's subsumed in a general negligence claim and that's what the *Barfield*, *Jones* and *Favor* cases that I cited and quoted to the Court earlier all say, where **we have negligent design, negligently failed to test, negligently failed to investigate similar events in the past** so as to do proper research on the correct causes thereof. So these shall all just – it's common law negligence, judge. There's nothing magical about it." (*Id.* at 219.)

- Mr. Schultz: "Ms. Pierson said it [the *Adams* case] expressly rejected a general theory of Cook's negligence. In fact, it said there's not a separate cause of action for negligent testing. **The duty to test, as the Court concluded, is a subpart of a manufacturer's duty to design a product with reasonable care. And that's what our complaint has alleged and that's the case we're going to take to the jury** -- or hope to take to the jury." (*Id.* at 220.)

- Ms. Pierson: "I encourage you to look at paragraph 85 of **the master complaint**. It **alleges that Cook breached its duty of care by doing three or four things. All of those things relate to <u>negligent design</u>, negligent warning, negligent manufacture**." (*Id.* at 231.)

3

- Mr. Schultz: "I cited you the *Favors* case, the *Barfield* case, the others that say things like failure to test are subsumed in a negligent design claim, if you want to call it that. **But of course, our claim is that the filter is negligently designed and that it was not properly tested. Those are things a reasonable company would do, and we intend to put on evidence that they didn't do that**." (*Id.* at 286.)

- The Court: "So when I'm instructing the jury in the preliminary instructions, what am I going to say the claims are?"
  Mr. Schultz: "The claims are negligence, strict liability and punitive damages. And if they [Cook] want to call it negligent design – **we don't call it negligent design but failure to design as a reasonably prudent person would is certainly part of the claim**. Failure to test or investigate your device, all of which was in the *Favors* case, is part of the negligence claim." (*Id.* at 286-87.)

- Mr. Schultz: "The law in Florida -- in fact, we cited the *Auburn Machine* case -- Florida Supreme Court said in products liability cases, the normal rules of negligence apply. It's a common law negligence claim; and I think under their design, as in the *Favors* case, they said **negligent design included development, testing, failure to figure out the cause of the problem**. That's why I said several times if they want to call that our negligent design claim, I don't care what it's called. We're going to prove the same thing either way, Your Honor. We pled it as negligence and **it's a negligence count and these are the manners in which they were negligent**." (*Id.* at 290.)

Notably, Ms. Pierson said at the hearing that Plaintiff's summary judgment response "expressly disavow[ed] a negligent design claim and sa[id], we don't have to prove anything about the design. We have a garden variety negligence claim." (*Id.* at 290.) In fact, Plaintiff's response states on the second page she has a "garden variety" negligence claim and then cites immediately to the allegations in the complaint to identify the bases for the claim, including **design**, development, manufacture, market, and sell, which is perfectly consistent with her position at the hearing as demonstrated above. (Pltf. Summ. Judg. Resp. at 2.) "Garden variety" simply means "common, usual, or ordinary; unexceptional."[1] Claims of negligent design, development, etc., are exactly that and were advanced both in Plaintiff's response and repeatedly at the hearing in opposition to Cook's summary judgment motion.

---

[1] http://www.dictionary.com/browse/garden-variety.

4

Respectfully submitted this 10th day of October, 2017.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:  jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX  75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                      */s/ Joseph N. Williams*
                                      Joseph N. Williams