**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                  Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2570
_____

This Document Relates to the Following Actions only:

     Elizabeth Jane Hill
     No. 1:14-cv-06016-RLY-TAB

_____

**COOK DEFENDANTS' RESPONSE TO
<u>PLAINTIFF'S "CLARIFICATION" CONCERNING NEGLIGENT DESIGN</u>**

Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and

William Cook Europe APS (collectively the "Cook Defendants") submit the following response

to the "Clarification of Plaintiff's 'Negligent Design' Claim" filed by Plaintiff on October 10,

2017 [Dkt. 6765]. Plaintiff's submission is not so much a "clarification" as a motion for

reconsideration of the Court's order ruling that any negligent design claim "is no longer viable,"

Dkt. 6761 at 2 n.1, and it also seeks to broaden Plaintiff's negligence claim beyond what is

permitted under Florida law. Following the Court's Order, Plaintiff has at most two remaining

claims: negligent testing and strict liability design defect.[1] The Court should decline to

reconsider its ruling concerning negligent design; the Court correctly observed that Plaintiff

failed to defend the merits of her negligent design claim on either the liability or causation

_____

[1] The Court noted in the Order that negligent testing is subsumed in the concept of negligent
design, but also commented that the negligent testing claim "survives summary judgment"
notwithstanding that the negligent design claim "is no longer viable." Dkt. 6761 at 1-2. Cook is
filing a separate motion addressing this pair of holdings. Regardless, however, the Court clearly
came to the conclusion that Plaintiff's only remaining claim of negligence—if any—centers on
Cook's testing.

elements, and she has thus failed to demonstrate the existence of a genuine issue of material fact on that claim.

Should the Court be inclined to reconsider any aspect of its October 10, 2017 Order on design defect, Cook asks the Court to reach the question of whether Plaintiff has established a genuine issue of material fact on the element of consumer expectations in her design defect claim. Cook properly raised that issue in its reply to answer the arguments raised in Plaintiff's response, and the issue was properly before the Court. The Court will need to address the issue at trial at any event, and it should address the issue now at the summary judgment stage to clarify the issue for trial and potentially eliminate a portion of Plaintiff's claims and shorten the trial.

**A.   The Court correctly concluded that Plaintiff's negligent design claim is not viable.**

In its October 10, 2017 order on summary judgment on design issues, the Court noted:

> Negligent design, as that claim is commonly pled, was not mentioned in Plaintiff's Response. Therefore, the court presumes this claim is no longer viable.

Dkt. 6761 at 2 n.1. The Court was correct: Cook moved for summary judgment on Plaintiff's negligent design claim, Plaintiff's response failed to defend that claim on either liability or causation grounds, and the Court properly concluded that the claim was no longer viable.

Cook timely moved for summary judgment on Plaintiff's claim of negligent design. *See* Dkt. 5753 at 18-19 (seeking summary judgment on design-based claims and detailing elements of negligent design). Cook argued that Plaintiff could not raise a genuine issue of material fact on either of two essential elements of that claim (1) that Cook *breached* the standard of care for product designers, *see id.* at 20-21 ("Dr. Marmureanu's reports offer no opinion … that Cook failed to follow the appropriate standard of care in designing [the Celect filter]."); *see also id.* at 21 (noting Dr. Marmureanu's general report does not even mention standard of care), and

(2) that some negligence by Cook actually *caused* the injuries she claims, *see id.* at 27-30 (citing

authority that causation is necessary element of any tort claim).

Plaintiff's response to Cook's summary judgment motion identified no evidence to show

(1) the standard of care applicable to designers of medical devices, (2) any breach by Cook of

such a standard of care, or (3) any injury to Plaintiff caused by such a breach. *See generally* Pl.

Resp. [Dkt. 6161].[2]  Plaintiff's failure to respond to Cook's motion for summary judgment on

negligent design or to offer any evidence in support of the elements of that claim essentially

conceded the argument, and certainly justifies the Court's presumption that "this claim is no

longer viable." *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir.2010) ("Failure to

respond to an argument ... results in waiver," and "silence leaves us to conclude" a concession.).

In her "clarification," Plaintiff argues that her negligent design claim is still alive because

her attorney mentioned "reasonable care" and "negligent design" several times during the

Court's hearing on the summary judgment motions.  *See* Pl. Clarification at 1, 2-4 [Dkt. 6765].

But these declarations do not preserve the claim for trial in the absence of any evidence.  Merely

orally reasserting a claim is not enough to defeat a motion for summary judgment, and

"conclusory allegations are not sufficient to raise genuine issues of material fact." *Hall v.*

*Printing & Graphic Arts Union*, 696 F.2d 494, 500 (7th Cir. 1982) (citing *Ashwell & Co., Inc. v.*

*Transamerica Insurance Co.*, 407 F.2d 762 (7th Cir. 1969)).  Here, neither Plaintiff's written

response to Cook's motion for summary judgment nor her attorney's oral argument on the

motion identified (or even attempted to identify) any evidence supporting either the standard-of-

care element or the causation element of her negligent design claim.  The Court is correct in

---

[2] Indeed, as noted in Cook's Reply in Support of Summary Judgment, Plaintiff's response cited
no evidence in support of causation on *any* of her theories.  *See* Cook Reply at 6-8 ([Dkt. 6510].

concluding that Plaintiff has effectively abandoned the claim and that the claim is no longer viable.

**B.      Florida law does not permit "garden variety" negligence claims in products cases.**

Plaintiff's "clarification" also tries once again to fabricate a broad "garden variety" negligence claim that does not exist under Florida law.  *See* Pl. Clarification at 1-2, 4 [Dkt. 6765].  Like her response to Cook's summary judgment motion, Plaintiff's present submission cites no case law or other authority that supports such a "garden variety" negligence claim in a products case under Florida law.[3]

As Cook has noted before, Florida law does not recognize the "garden variety" negligence claim that Plaintiff would assert here.  Florida does not recognize separate or independent claims for negligent testing or inspection; such theories are subsumed under a theory of negligent design or manufacture.  *See Adams v. G.D. Searle & Co.*, 576 So.2d 728, 730-31 (Fla. Dist. Ct. App. 1991); *Small v. Amgen, Inc.*, 2 F. Supp. 3d 1292, 1299 (M.D. Fla. 2014); *Hall v. Sunjoy Indus. Grp., Inc.*, 764 F. Supp. 2d 1297, 1302 (M.D. Fla. 2011); *Graham v. Medtronic, Inc.*, No. 6:06-cv-948-Orl-19JG, 2006 WL 2194012, at *2 (M.D. Fla. Aug. 2, 2006). Florida likewise does not recognize separate or independent theories based on failure to train, failure to provide guidance, or failure to report adverse events; such theories (if they exist at all) are subsumed under a theory of negligent failure to warn.  *See Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1329-30 (11th Cir. 2017) (applying Florida law); *Small*, 134 F. Supp. 3d at 1372 ("There is no duty to provide guidance under Florida law."); *id.* (rejecting plaintiff's claim that

---

[3] The only case that Plaintiff has ever cited on this point, *Auburn Mach. Works Co. v. Jones*, 366 So. 2d 1167 (Fla. 1979) (cited in Dkt. 6161 at 2), had nothing to do with defining the scope or nature of a manufacturer's duty to a consumer; it addressed the role in a negligence action of a *plaintiff's* failure to recognize an open and obvious danger.  *Id.* at 1169.

defendants had a duty of pharmacovigilance, which includes the duties to continually monitor, test, and analyze data regarding the safety, efficacy, and prescribing practices of the product).[4]

What Plaintiff dismisses as Cook's attempt to "pigeonhole" her claims, *id.* at 1, is simply the accurate observation that Florida law permits only three types of negligence claims in product cases:  negligent design, negligent manufacture, and negligent failure to warn.  *See Small v. Amgen, Inc.*, 134 F. Supp. 3d 1358, 1366 (M.D. Fla. 2015) (holding that in a product liability action, both strict-liability and negligence claims are limited to these three theories).  This limited range of product liability negligence options is consistent with the Master Consolidated Complaint that Plaintiff adopted, which alleges that Cook was negligent in these same three categories:  design, manufacture, and failure to warn.  *See* Master Consolidated Complaint, at 19, ¶ 85 [Dkt. 213].

In the present case, Plaintiff never asserted a claim for negligent manufacture, *see* Original Complaint [No. 8:14-cv-02738-CEH-AEP (M.D. Fla) Dkt. 1]; Short Form Compl. [No. 1:14-cv-06016-RLY-TAB Dkt. 108]; the Court has dismissed her claim for negligent failure to warn, *see* Dkt. 6660; and, as noted in section A above, Plaintiff has declined to defend her claim for negligent design.  Plaintiff has no other viable negligence claims under Florida law, and her "clarification" cannot alter that fact.  (Cook is aware of the Court's comments in its October 10, 2017 Order concerning Plaintiff's newly asserted "failure to test," and will address that claim in a separate motion.)

---

[4] Any claims based on alleged duties to train and failure to report would be in any event by the learned intermediary and *Buckman* preemption doctrines respectively, and therefore cannot survive as failure to warn claims either.  *See Mink*, 860 F.3d at 1329-30 (rejecting failure to train under the learned intermediary doctrine and failure to report under *Buckman* preemption); *Small*, 2 F. Supp. 3d at 1299.

**C.**     **The Court should address whether Plaintiff has established a genuine issue of material fact under the "consumer expectations" standard for design defect.**

Cook must also take the opportunity of this response to respectfully request that the Court address the issue of whether Plaintiff has created a fact issue under the design-defect the Court adopts in its October 10 Order.  *See* Order at 3 [Dkt. 6761] (declining to reach issue based on waiver). The argument was properly presented in Cook's reply brief, and the Court will need to address both the nature of the standard and the sufficiency of Plaintiff's evidence under the standard at trial.  Dealing with these issues now will provide the parties with needed guidance and may eliminate the need for certain evidence at trial.

In its opening summary judgment brief, Cook applied to Plaintiff's design-defect claim the test that every medical device case decided under Florida law up to this point has applied— the risk-utility test.  Cook Opening MSJ Memo. at 19 [Dkt. 5753] ("Although Florida law generally recognizes both the consumer-expectation test and the risk-utility test for design-defect claims, *Tillman v. C.R. Bard, Inc.*, 96 F. Supp. 3d 1307, 1338 (M.D. Fla. 2015), it applies only the risk-utility test in cases (like this one) that involve a 'complex medical device.'" (citation altered from short form to long form)).  In response, citing *Aubin v. Union Carbide Corp.*, 177 So.3d 489 (Fla. 2015), Plaintiff argued the consumer-expectation test applies instead—a test that no court applying Florida law had ever applied to a medical device claim. Pl. MSJ Resp. at 11[Dkt. 6161].  In its reply, Cook addressed Plaintiff's argument for new law, arguing that she was wrong on the law and pointing out that, even under the consumer-expectations standard, she lacked any evidence to support a claim of design defect.  Cook MSJ Reply at 17-18 [Dkt. 6510] ("Plaintiff cannot rely on the inapposite *Aubin* decision, and the Court should follow *Eghnayem* and the other decisions that apply the risk-benefit test to medical device claims. * * * Even

assuming that Plaintiff's consumer expectations standard applied, the undisputed facts entitle

Cook to summary judgment.").

This is the standard order of battle when arguing a summary judgment motion.

Defendant argues the law is X.  Plaintiff responds by arguing the law is Y.  Defendant then

replies by arguing the law is X not Y, but even if the law is Y, summary judgment is still

appropriate.  There is nothing unusual about this sequence of arguments.  Indeed, the law in the

Seventh Circuit is that, when the nonmovant raises new issues or arguments in response to a

summary judgment motion, the movant is entitled to respond to those new issues or arguments in

its reply brief.  Courts have routinely recognized such replies as wholly proper and have

addressed the substance of the arguments they raise.  For example:

> And for what it is worth, our review of the record satisfies us that [the defendant's] belated citation of Letter Agreement Number 7 [in its summary judgment reply] was a ***natural and reasonable response*** to what the plaintiffs had argued in their memorandum in opposition to the motion for summary judgment.

*Bell v. DaimlerChrysler Corp.*, 547 F.3d 796, 806 (7th Cir. 2008) (emphasis added).

> [The plaintiff's] second part of the argument concerning the stop is that it was improper for the district court to consider defendants' assertion in their reply brief that their detaining him was a *Terry* stop lasting for an undisputed period of seven minutes.  There are several reasons why this argument fails.  First, the ***defendants were properly responding in their reply brief to a theory of the case that [the plaintiff] asserted in response to defendants' motion*** for summary judgment….

*Hardrick v. City of Bolingbrook,* 522 F.3d 758, 763 (7th Cir. 2008) (emphasis added, internal

footnote omitted).

> In their opening brief, [the defendants] stated that the applicable standard of review was *de novo*.  However, in its response, [the plaintiff] challenged this statement and the [defendants] addressed its argument in their reply brief, arguing that they requested, and are entitled to, a jury trial.  [The plaintiff] moved to strike those portions of the reply brief, arguing that the [defendants] did not address this issue in their initial appellate brief and had waived the argument.  However, ***that portion of the [defendants'] reply brief, prompted by [the plaintiff's] standard of review argument in its response brief, necessarily included a consideration of whether the nonmoving party requested a jury***

7

***trial.  Accordingly, it was appropriate for them to first raise it at that point*** and [the plaintiff's] Motion to Strike is denied.

*Central States, Southeast & Southwest Areas Pension Fund v. White,* 258 F.3d 636, 640 n.2 (7th Cir. 2001) (emphasis added).

The merits of Cook's response to Plaintiff's consumer-expectation arguments therefore was not waived and was properly before the Court, and the Court should address those merits. Consideration now is doubly appropriate because, as noted earlier, the Court will have to address these arguments at trial in any event.  A ruling on this issue now would at a minimum clarify the issues surrounding the consumer-expectation test for trial, and it could even eliminate a portion of Plaintiff's claims, in turn shortening the trial.

Respectfully submitted,

Dated: October 11, 2017

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile:  (260) 460-1700
E-Mail:  stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2017, a copy of the foregoing **COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S "CLARIFICATION" CONCERNING NEGLIGENT DESIGN** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.114178093.14