UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                        MDL No. 2570

_____

This Document Relates to Plaintiff
    Elizabeth Jane Hill
    Civil Case No. 1:14-cv-06016-RLY-TAB

_____

## COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT ON NEGLIGENT TESTING

The Cook Defendants[1] respectfully move the Court for summary judgment on Plaintiff's purported claim for negligent testing. Summary judgment should be granted on one of three grounds:

1. If negligent testing is a separate claim (which Florida law holds that it is not, *Adams v. G.D. Searle & Co.*, 576 So. 2d 728, 730–31 (Fla. Dist. Ct. App. 1991)), Cook is entitled to summary judgment on that claim because Plaintiff has never pled a claim for negligent testing.

2. If negligent testing is *not* a separate claim but is subsumed in Plaintiff's claim for negligent design (as this Court recognized in its October 10 Order), Cook is entitled to summary judgment because Plaintiff failed to respond to Cook's motion for summary judgment on her negligent design claim and conceded that the claim is no longer viable.

3. In either event, Cook is entitled to summary judgment on any claim based on

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS (collectively "Cook Defendants").

1

negligent testing because Plaintiff has identified no expert testimony to support a genuine issue of material fact concerning whether any claimed negligence in Cook's testing of the Celect IVC filter caused Plaintiff's claimed injuries.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Plaintiff commenced this action on October 30, 2014.  [Dkt. 684]  In her original complaint, Plaintiff asserted a claim for negligence based on the following allegations concerning Cook's duties:

> At all times relevant hereto, the Defendants, COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK INCORPORATED, and COOK GROUP, INC., were under a duty to act reasonably to ***design, develop, manufacture, market and sell*** a product that did not present a risk of harm or injury to the Plaintiff and to those people receiving the COOK Filter.

Original Complaint ¶ 44 [No. 8:14-cv-02738-CEH-AEP (M.D. Fla) Dkt. 1] (emphasis added). The original complaint did not assert that Cook had a duty to test or that Cook had negligently failed to test.  *See id.*

On September 30, 2015, Plaintiff filed a Short Form Complaint [No. 1:14-cv-06016-RLY-TAB Dkt. 108] adopting certain allegations of the Master Consolidated Complaint for Individual Claims, including allegations of negligence.  The Master Complaint based its claim of negligence on the following allegation concerning Cook's duties:

> At all times relevant hereto, the Cook Defendants were under a duty to act reasonably to ***design, develop, manufacture, market and sell*** a product that did not present a risk of harm or injury to the Plaintiffs and to those people receiving their IVC Filters.

Dkt. 213 ¶ 88 (emphasis added).  Like Plaintiff's original complaint, the Master Complaint does not claim that Cook had a duty to test or that Cook had negligently failed to test.  *See generally id.*

None of the experts Plaintiff has designated to testify at trial opines that Cook's alleged

2

negligence in testing the Celect IVC filter caused Plaintiff's claimed injuries, including Dr. McMeeking, Plaintiff's engineering expert, or Dr. Marmureanu, the only expert Plaintiff has designated to offer case-specific opinions.

On August 11, 2017, Cook moved for summary judgment on all of Plaintiff's claims. Dkt. 5753. In her response to that motion, Plaintiff did not allege that she was asserting a claim for negligent testing. *See generally* Dkt. 6161. In addition, Plaintiff offered no substantive response to Cook's motion for summary judgment on her claim for negligent design. Plaintiff's attorney first raised a claim of negligent testing orally at the September 25, 2017 hearing on the parties' summary judgment motion. *See* 9/25/2017 Tr. at 94, 111.

On October 10, 2017, the Court issued its Order addressing Cook's motion for summary judgment on design claims. *See* Dkt. 6761. With respect to negligent testing, the Court stated:

> As an initial matter, the Master Complaint in this case alleges that "the Cook Defendants were under a duty to act reasonably to design, develop, manufacture, market and sell a product that did not present a risk of harm or injury to [Plaintiff] and to those people receiving their IVC Filters." (Filing No. 213, Master Compl. ¶ 83). At the September 25 hearing, Plaintiff characterized her negligence claim as a negligent testing claim. A manufacturer's duty to test a product "is a subpart of a manufacturer's duty to design a product with reasonable care, and thus is subsumed in [Plaintiff's] claim for defective design." *Adams v. G.D. Searle & Co., Inc.*, 576 So.2d 728, 730-31 (Fla. Dist. Ct. App. 1991). The Cook Defendants move for summary judgment only on Plaintiff's negligent design[1] and strict liability design defect claims, but not on her negligent *testing* claim. Therefore, Plaintiff's negligent testing claim survives summary judgment.
>
> [1]Negligent design, as that claim is commonly pled, was not mentioned in Plaintiff's Response. Therefore, the court presumes this claim is no longer viable.

*Id.* at 1-2 (brackets, emphasis, and footnote in original).

## ARGUMENT

### I. THIS MOTION IS TIMELY

As a threshold matter, Cook's motion for summary judgment on Plaintiff's claim of negligent testing is timely. Cook recognizes that the deadline for summary judgment motions in

3

this case was August 11, 2017, and Cook in fact filed motions for summary judgment on that date addressing all the claims that Plaintiff had identified up to that point.

As discussed above, however, Plaintiff had not disclosed as of August 11 that she intended to assert a claim based on negligent testing; as the Court noted in its order, Plaintiff first characterized her claim as negligent testing at the September 25, 2017 hearing.  *See* Dkt. 6761 at 1.  Neither Plaintiff's original complaint in Florida nor the Master Consolidated Complaint she later adopted asserts that Cook had a duty to test or claims that Cook breached any duty to test.  Indeed, the negligence claims in the two complaints do not even *mention* the word testing.  Plaintiff's response to Cook's initial summary judgment motion as to all claims likewise asserts no claim for negligent testing, and again does not even mention the phrase "negligent testing" or the word "negligence" in connection with Cook's testing of the Celect design.  *See* Dkt. 6161.

The first time that Plaintiff attempted to assert a claim for negligent testing was at the oral argument on the parties' summary judgment motions on September 25, 2017, *see* 9/25/2017 Tr. at 94, 111, and the Court confirmed the existence of that new claim in its October 10, 2017 Order, Dkt. 6761.  Cook could not have moved the Court for summary judgment on a claim until Plaintiff revealed that she was actually asserting the claim, which occurred well *after* the August 11 dispositive motion deadline.  Cook has filed this motion for summary judgment within weeks of Plaintiff's disclosure of her purported claim based on negligent testing.  Cook's motion is timely, and the Court should address its merits.

## II. IF PLAINTIFF'S NEGLIGENT TESTING CLAIM IS A STAND-ALONG CLAIM, COOK IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF NEVER PLED SUCH A CLAIM.

If the Court treats Plaintiff's negligent testing claim as a stand-alone claim, Cook is entitled to summary judgment on that claim because Plaintiff failed to plead such a claim in either of her complaints. As noted above, the Court stated in its October 10, 2017 Order:

> The Cook Defendants move for summary judgment only on Plaintiff's negligent design and strict liability design defect claims, but not on her negligent *testing* claim. Therefore, Plaintiff's negligent testing claim survives summary judgment.

Dkt. 6761 at 2 (emphasis by the Court, footnote omitted). Thus, in holding that the negligent testing claim survives summary judgment, the Order treats the negligent testing claim as a separate claim, distinct from Plaintiff's negligent design claim. *Compare Adams v. G.D. Searle & Co.*, 576 So. 2d 728, 730 (Fla. Dist. Ct. App. 1991) ("We agree … that a manufacturer's duty to inspect and test is not a separate cause of action.").

If Plaintiff's new negligent testing claim is indeed a separate claim, Cook is entitled to summary judgment on that claim. As noted above, Plaintiff has never pled or asserted a claim based on negligent testing. Neither her original separate Complaint nor her adopted Master Complaint ever alleges negligent testing, either separately or in tandem with her negligent design, manufacture, and warning claims.

Plaintiff's failure to plead a claim for negligent testing is fatal to any effort to pursue such a claim here. A claim must be pled in a complaint to be properly asserted and before the court; a party may not simply raise a new claim at the summary judgment stage to try to avoid dismissal. *See Lawmaster v. Ward,* 125 F.3d 1341, 1345 n.2 (10th Cir. 1997) (holding that the court will not consider claims first raised in a motion for summary judgment and not contained in the complaint); *Crest A Apartments Ltd. II v. United States,* 52 Fed. Cl. 607, 613 (Ct. Cl. 2002)

(same).  For this reason, courts have regularly rejected parties' attempts to avoid pleading omissions by the last-minute addition of new claims at the summary judgment stage.  *See, e.g., Sharp v. Rosa Mexicano, D.C., L.L.C.*, 496 F. Supp. 2d 93, 97 n.3 (D.D.C. 2007) (stating that plaintiff may not, "through summary judgment briefs, raise [ ] new claims . . . because plaintiff did not raise them in his complaint, and did not file an amended complaint"); *DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 84 (D.D.C. 2007) (rejecting plaintiff's attempts to broaden its conspiracy claims in its opposition to defendant's motion for summary judgment).

Likewise here, Plaintiff's failure to plead a claim for negligent testing forecloses any attempt to assert such a claim at this late stage of the litigation, and Cook is entitled to summary judgment on the claim.

### III. IF PLAINTIFF'S NEGLIGENT TESTING CLAIM IS A MEANS OF PROVING PLAINTIFF'S CLAIM FOR NEGLIGENT DESIGN, COOK IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF FAILED TO DEFEND HER CLAIM FOR NEGLIGENT DESIGN.

If, on the other hand, the Court treats Plaintiff's negligent testing claim as the vehicle by which Plaintiff asserts her negligent design claim, Cook is entitled to summary judgment because Plaintiff failed to respond to Cook's motion for summary judgment on her negligent design claim, which the Court correctly noted effectively concedes that that claim is no longer viable.  As noted above, the Court stated in its October 10, 2017 order:

> A manufacturer's duty to test a product "is a subpart of a manufacturer's duty to design a product with reasonable care, and thus is subsumed in [Plaintiff's] claim for defective design." *Adams v. G.D. Searle & Co., Inc.*, 576 So.2d 728, 730-31 (Fla. Dist. Ct. App. 1991).
> \*\*\*
> Negligent design, as that claim is commonly pled, was not mentioned in Plaintiff's Response. Therefore, the court presumes ***this claim is no longer viable***.

Dkt. 6761 at 1-2 & n.1 (brackets in original, emphasis added).  In this passage, the Order treats the negligent testing claim as merely a part of Plaintiff's existing negligent design claim.

If Plaintiff's negligent testing claim is merely the means by which Plaintiff asserts her negligent design claim, as the language quoted above suggests, Cook is entitled to summary judgment. As the Court noted in its Order, Plaintiff's response to Cook's summary judgment motion on negligent design failed to demonstrate (or even try to demonstrate) the existence of a genuine issue of material fact as to either the standard-of-care element or the causation element of that claim, effectively conceding that (in the Court's words) "this claim is no longer viable." *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument ... results in waiver," and "silence leaves us to conclude" a concession.). (Plaintiff's *de facto* concession is discussed in detail in the Cook Defendants' Response to Plaintiff's "Clarification" Concerning Negligent Design, Dkt. 6786 at 2-3, and Cook incorporates that discussion by reference rather than repeat it again here.)

The failure of Plaintiff's negligent design claim necessarily takes down with it all parts of that claim, including negligent testing. Thus, if the Court regards Plaintiff's claim of negligent testing as the means through which Plaintiff asserts a claim of negligent design, as the Court's language quoted above suggests, Cook is entitled to summary judgment on any claim of negligent testing or negligent design based on testing.

### IV. ANY CLAIM OF NEGLIGENT TESTING FAILS AS A MATTER OF LAW FOR LACK OF THE REQUIRED SUPPORTING EXPERT TESTIMONY.

Finally, regardless of whether the Court regards Plaintiff's negligent testing claim as freestanding or as part of her negligent design claim, Cook is entitled to summary judgment on the merits of any claim based on negligent testing because any such claim fails as a matter of law for lack of expert evidentiary support. Because any claim that Cook was negligent in its testing of the Celect IVC filter necessarily involves complex scientific and medical issues, Plaintiff must

offer expert testimony to support it.  Here, however, Plaintiff has failed to identify any expert testimony that could support the causation element of a negligent testing claim.

A claim that a manufacturer's negligence in testing caused a plaintiff's injuries necessarily involves complex medical and scientific issues, and Florida law requires a plaintiff to provide expert testimony to establish such causation.  *See, e.g., Jacob v. Korean Air Lines Co., Ltd.*, No. 12-CV-62384, 2014 U.S. Dist. LEXIS 58007, 2014 WL 1584444, at *6 (S.D. Fla. Mar. 20, 2014) ("Although causation is an issue generally left to a jury, medical causation falls beyond the scope of a layperson's knowledge and requires competent medical testimony.") (collecting cases); *Schenone v. Zimmer Holdings, Inc.*, No. 3:12-CV-1046-J-39MCR, 2014 WL 12576790, at *3 (M.D. Fla. Aug. 8, 2014) (citing *Hughes v. Stryker Corp.*, 423 Fed. Appx. 878, 881 & n.4 (11th Cir. 2011)).

Plaintiff has identified no expert who will testify about any of the steps that Plaintiff would need to prove to establish a causal link between a claim of negligent testing and Plaintiff's claimed injuries.  First, Plaintiff would need expert testimony to prove what new or different results Cook would have obtained had it actually performed the testing that Plaintiff claims Cook negligently omitted.  Plaintiff has no expert who has actually performed the supposedly omitted testing or who offers an opinion on any other basis concerning what such testing would have shown.  Second, Plaintiff would need expert testimony about what changes Cook would have made in the design of the Celect IVC filter based on those unknown hypothetical test results.  Again, Plaintiff has identified no expert who offers such testimony.  Finally, Plaintiff would need an expert to testify that had Cook made this undefined design change based on unknown test results, Plaintiff's filter would not have perforated and she would not have suffered the injuries she claims.  Yet again, Plaintiff has no expert who offers any such opinion.

8

In sum, for Plaintiff to prevail on any claim based on negligent testing, freestanding or otherwise, she must offer expert testimony to support all three of these links in the causal chain, and she cannot offer expert testimony to support *any* of them.  Because Plaintiff cannot provide the expert testimony necessary to prove the element of causation in her negligent testing claim, the claim fails for lack of proof and Cook is entitled to summary judgment on that claim.  *See, e.g., Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 905 (7th Cir. 2007); *Tillman v. C.R. Bard, Inc.*, 96 F. Supp. 3d 1307, 1349 (M.D. Fla. 2015).

## CONCLUSION

Regardless of whether the Court treats Plaintiff's newly asserted claim of negligent testing as a separate claim or as a part of her negligent design claim, the claim for negligent testing fails as a matter of law.  The Court should grant the defendants summary judgment as to any claim by Plaintiff based on negligent testing.

Dated: October 16, 2017    Respectfully submitted,

/s/ *John T. Schlafer*
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com


*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2017, a copy of the foregoing COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON NEGLIGENT TESTING was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ *John T. Schlafer*

US.114553843.05