**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff
    Arthur Gage
    Civil Case No. 1:14-cv-06016-RLY-TAB

**COOK DEFENDANTS' RESPONSE TO MOTION FOR SUBSTITUTION OF**
**BANKRUPTCY TRUSTEE AS PLAINTIFF/REAL PARTY-IN-INTEREST**

    The Cook Defendants[1] do not oppose the substitution of the bankruptcy trustee as the real party-in-interest in this case, subject to their positions outlined below.  As noted in Cook's own motion on this issue,[2] Arthur Gage has no standing to assert the claims in this action, and the law is clear that "*only* the trustee has standing to prosecute or defend a claim belonging to the estate." *Cable v. Ivy Tech State College,* 200 F.3d 467, 472 (7th Cir. 1999).  Cook submits this brief response, however, to emphasize two points.  First, the bankruptcy trustee remains subject to all the defenses that Cook had to Plaintiff Gage's claim, as set forth in Cook's motion for summary judgment.  *See* Dkt. 5745, 5749.  Second, the bankruptcy trustee's substitution as plaintiff does not alter Cook's entitlement to the enforcement of judicial estoppel as to any effort to obtain money in this action beyond (1) the amount of all valid claims in Mr. Gage's bankruptcy

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS (collectively "Cook Defendants" or "Cook").

[2] *See* Dkt. 5373, 5374.

proceeding (some $18,880), plus interest, and (2) the fees the trustee incurred in that administration of the bankruptcy case.

> **A.      As the Substituted Plaintiff, the Bankruptcy Trustee Steps into the Shoes of Arthur Gage, and Her Claims Are Subject to All the Defenses that Cook Had Against Mr. Gage.**

The bankruptcy trustee's assertion of the claims formerly owned by Mr. Gage are subject to the same defenses that Cook had against Mr. Gage.  When a bankruptcy trustee steps into the shoes of the debtor to collect property of the estate, *she does so subject to all defenses available against the debtor*. 11 11 U.S.C.§541(a); *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 596 (7th Cir. 2012).  Any substitution of the bankruptcy trustee therefore does not alter the legal analysis with respect to Cook's pending motion for summary judgment.  For example, the Illinois two-year statute of limitations bars Gage's claims and, accordingly, those of a substituted trustee.  *See* Cook Defendants' Memorandum In Support Of Motion For Summary Judgment, Dkt. 5749 (August 11, 2017); Cook Defendants' Reply Memorandum in Support of Motion For Summary Judgment, Dkt. 6501 (September 22, 2017).  Cook's motion also details other grounds for summary judgment on some or all of the claims asserted in this action, and the substitution of the trustee as plaintiff does not affect the merits of Cook's arguments on any of those grounds.

> **B.      Judicial Estoppel Limits the Amount the Trustee Can Recover in This Action to (1) the Amount of All Valid Claims in Mr. Gage's Bankruptcy Proceeding, Plus Interest, and the Fees for Trustee Incurred in that Administration of the Bankruptcy Case.**

Should the Court permit the bankruptcy trustee to pursue Gage's claims on behalf of Gage's creditors, judicial estoppel limits the damages the trustee may recover to the amount of all valid and allowed claims in Gage's bankruptcy proceeding (plus interest)—i.e., the amount necessary to pay Gage's creditors in full—and the trustee's allowed fees and costs incurred in Gage's bankruptcy case.  Mr. Gage himself should not receive any recovery from the claims in

this action.  *See* Cook Defendants' Memorandum In Support Of Motion To Dismiss For Lack Of Standing Or, In The Alternative, To Limit Damages, Dkt. 5374 (July 13, 2017).

As detailed in the Cook Defendants' Memorandum, the sequence of events in Mr. Gage's product liability and bankruptcy cases, from the moment Gage failed to disclose this lawsuit in August 2015 to his reactionary disclosure following Cook's motion to dismiss in July 2017, requires the application of judicial estoppel to prevent him from profiting from his own misrepresentations to the Court.  Nothing in the substitution of the trustee alters or excuses Plaintiff's conduct or argues against the application of judicial estoppel against Mr. Gage.  On the contrary, the trustee's motion to substitute reinforces the egregiousness of Mr. Gage's conduct:  the trustee confirms that Mr. Gage did not inform the trustee of the existence of his claim against Cook until July 2017, *see* Dkt. 6663 ¶¶ 7-8, 21 months after the bankruptcy case was closed and six months after Mr. Gage confirmed his bankruptcy filing in his deposition. And as Cook has previously noted, Mr. Gage has submitted *no evidence*—through affidavit or otherwise—explaining the omission of this lawsuit from his sworn bankruptcy petition.  *See* Cook Defendants' Reply Memorandum In Support Of Motion To Dismiss For Lack Of Standing Or, In The Alternative, To Limit Damages at 8-12, Dkt. 5704 (August 10, 2017).

Under these circumstances, although the trustee should be permitted to pursue recovery of an amount up to the sum of all valid claims in Mr. Gage's bankruptcy proceeding, plus interest, and of her fees in the administration of the bankruptcy case, the Court should not permit the trustee to pursue recovery of any amounts beyond that, and should not permit any portion of any recovery to be awarded to Mr. Gage.  Gage has submitted **nothing** to explain his actions (rather, *inaction*) in the bankruptcy court, and his failure to furnish any defensible explanation for attempting to "fix" his nondisclosure only after being confronted by Cook is fatal to any

3

claim that he is entitled to any portion of the trustee's recovery.  *See id*. at 11 (listing cases); *Dzakula v. McHugh*, 746 F.3d 399 (9th Cir. 2014) (holding judicial estoppel barred undisclosed suit where plaintiff did not amend her schedules until [adversary] filed motion to dismiss action, ***plaintiff did not attempt to explain her initial failure*** to include action on her schedules, bankruptcy court was misled by plaintiff's omission, and plaintiff derived unfair advantage in bankruptcy court by failing to list claim) (emphasis added); *see also Anderson v. Seven Falls Co.*, No. 16-1377, 2017 WL 2533356, at *4 (10th Cir. June 12, 2017) (affirming application of judicial estoppel against debtor, effectively capping damages available to the substituted trustee, and explaining "the fact that [Plaintiff] reopened the bankruptcy proceeding does not cure the perception that she misled the bankruptcy court")(internal citations omitted); *see also Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("The success of our bankruptcy laws requires a debtor's full and honest disclosure.  Allowing [debtor-plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.  This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.")

      The application of judicial estoppel here both protects the trustee and creditors and protects the court system from litigants who fail to make truthful disclosures under oath and then attempt to reap the advantages from their misrepresentations.  *See, e.g., Wiggins v. Citizens Gas & Coke Utility*, 2008 WL 4530679 at *1 (S.D. Ind. 2008); *Anderson v. Seven Falls Company*, No. 12-CV-01490-RM-CBS, 2014 WL 553486, at *3 (D. Colo. Feb. 12, 2014), *aff'd*, No. 16-1377, 2017 WL 2533356 (10th Cir. June 12, 2017).

                                              Respectfully submitted,

Dated: October 16, 2017                /s/ J. Joseph Tanner
                                              Andrea Roberts Pierson (#18435-49)
                                              J. Joseph Tanner (#11856-49)
                                              FAEGRE BAKER DANIELS LLP
                                              300 North Meridian Street, Suite 2700
                                              Indianapolis, Indiana  46204
                                              Telephone:  (317) 237-0300
                                              Facsimile:   (317) 237-1000
                                              E-mail:  andrea.pierson@faegrebd.com
                                              E-mail:  joseph.tanner@faegrebd.com

                                              James Stephen Bennett (# 22869-02)
                                              FAEGRE BAKER DANIELS LLP
                                              110 W. Berry Street, Suite 2400
                                              Fort Wayne, Indiana  46802
                                              Telephone: (260) 424-8000
                                              Facsimile:  (260) 460-1700
                                              E-mail:  stephen.bennett@faegrebd.com

                                              *Counsel for Defendants Cook Incorporated, Cook*
                                              *Medical LLC (f/k/a Cook Medical Incorporated), and*
                                              *William Cook Europe ApS*

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ J. Joseph Tanner