UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Elizabeth Jane Hill, 1:14-cv-6016-RLY-TAB _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON PLAINTIFF'S MOTION FOR CLARIFICATION and
THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON NEGLIGENT TESTING**

On October 10, 2017, the court denied the Cook Defendants' Motion for Summary Judgment on Plaintiff's negligent testing and strict liability design defect claims. In the October 10 Order, the court stated in a footnote: "Negligent design, as that claim is commonly pled, was not mentioned in Plaintiff's Response. Therefore, the court presumes this claim is no longer viable." The court's October 10 Order prompted the parties to file two motions: (1) Plaintiff's Motion for Clarification, which the court considers as one for reconsideration of the October 10 Order; and (2) the Cook Defendants' Motion for Summary Judgment on Negligent Testing Claim.

**I.   Discussion**

In her Motion for Clarification, Plaintiff insists she is bringing a "garden variety"

1

general negligence claim[1] which covers more than just design.  Plaintiff is mistaken.  Under Florida law, there are three types of negligence claims in products cases: negligent design, negligent manufacture, and negligent failure to warn.  *See Adams v. G.D. Searle & Co.*, 576 So.2d 728, 730-31 (Fla. Dist. Co. App. 1991); *Small v. Amgen, Inc.*, 134 F. Supp. 3d 1358, 1366 (M.D. Fla. 2015); *Marzullo v. Crosman Corp.*, 289 F.Supp.2d 1337, 1342 (M.D. Fla. 2003) (same); *see also* 41A Fla. Jur 2d Products Liability § 1 (2017) (under Florida law, a plaintiff must establish the elements of negligence and "also must establish that the product was defective or unreasonably dangerous.").  This limited range of product liability negligence claims is consistent with the Master Consolidated Complaint that Plaintiff adopted, which alleges that the Cook Defendants were negligent in these same three categories: design, manufacture, and failure to warn.  (Filing No. 213, Master Consolidated Compl. ¶ 85).

Here, Plaintiff advanced negligence claims based on design and failure to warn.  The court dismissed her claim for negligent failure to warn; therefore, her only remaining negligence claim is negligent design.  But here, as the court noted in its October 10 Order, Plaintiff failed to defend her negligent design claim.  Because Plaintiff did not meaningfully respond to the Cook Defendants' arguments related to her negligent design claim, the court erred in carving out a claim based on testing.  *Adams v. G.D. Searle & Co., Inc.*, 576 So.2d 728, 730-31 (Fla. Dist. Ct. App. 1991) (holding that negligent testing

---

[1] Plaintiff's reliance on *Auburn Mach. Works Co. v. Jones*, 366 So.2d 1167 (Fla. 1979) provides no support for her argument, because *Auburn* had nothing to do with defining the manufacturer's duty to a consumer; it addressed the role in a negligence action of a *plaintiff's* failure to recognize an open and obvious danger.  *Id.* at 1169.

2

"is a subpart of a manufacturer's duty to design a product with reasonable care, and thus is subsumed in [Plaintiff's] claim for defective design"). The Cook Defendants' Motion for Summary Judgment on Negligent Testing[2] is therefore **GRANTED**, and the Plaintiff's Motion for Clarification (or Reconsideration) is **DENIED**.

In their Response to Plaintiff's Motion for Clarification, the Cook Defendants ask the court to reconsider its ruling on Plaintiff's strict liability design defect claim. During the telephonic status conference held on October 16, 2017, the court confronted Plaintiff's counsel with the fact that Plaintiff's Response did not address causation. Surprised by that omission, counsel informed the court that it had two causation experts, Dr. Marmureanu and Dr. McMeeking, and that its Response addressed causation through its discussion of the *Tillman*[3] case. The *Tillman* case was mentioned on page 13 of Plaintiff's Response under the section entitled "Plaintiff's Failure to Warn Claim." Accordingly, for purposes of a clear record, the court **ORDERS** Plaintiff to file a short brief addressing *all* of the elements of her strict liability design defect claim, with evidence, on or before October 18, 2017, at 2:00 CST. The court will consider Plaintiff's failure to respond as a waiver of the claim.

---

[2] Because the breadth of Plaintiff's negligence claim has been previously argued by both sides at oral argument and in their memoranda of law, the court finds granting the Cook Defendants' Motion for Summary Judgment on Negligent Testing without a formal response from the Plaintiff is proper. *See Sawyer v. U.S.*, 831 F.2d 755, 759 (7th Cir. 1987) ("Summary judgment may be granted by a district court "for a party without a motion, when the outcome is clear, so long as the opposing party has had an adequate opportunity to respond.").
[3] *Tillman v. C.R. Bard, Inc.*, 96 F. Supp. 3d 1307 (M.D. Fla. 2015).

### III. Conclusion

For the reasons set forth above, the court **GRANTS** the Cook Defendants' Motion for Summary Judgment on Negligent Testing (Filing No. 6839) and **DENIES** Plaintiff's Motion for Clarification (Filing No. 6765). Plaintiff is **ORDERED** to file a brief addressing her strict liability design defect claim on or before **October 18, 2017, at 2:00 CST**.

**SO ORDERED** this 17th day of October 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.