UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION MDL 2570, _____ This Document Relates to: Elizabeth Jane Hill, 1:14-cv-6016-RLY-TAB _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON THE COOK DEFENDANTS' OMNIBUS MOTIONS IN LIMINE**

The Cook Defendants move for Orders *in limine* excluding or limiting evidence at trial (Filing No. 6296). Of the 28, they seek rulings on 22. The court now rules as follows:

1. The Cook Defendants' motion to bar testimony or argument about or reference to other lawsuits and claims is **GRANTED**;

2. The Cook Defendants' motion to bar testimony, evidence, or argument that Cook misrepresented information to or withheld information from the FDA or violated FDA reporting requirements related to adverse events is **UNDER ADVISEMENT**.

3. The Cook Defendants' motion to bar testimony or evidence concerning Section 522 Letters is **GRANTED**;

4. The Cook Defendants' motion to bar testimony or evidence of Cook's complaint files, which related to just over 1100 complaints concerning IVC filters that Cook received from various sources, is **GRANTED in part**. The complaint files are relevant to Plaintiff's claims; however, due to their volume, Plaintiff's counsel shall prepare a summary of the complaints pursuant to Federal Rule of Evidence 1006.

1

6. The Cook Defendants' motion to bar testimony or argument by Plaintiff, her attorneys, or her experts based on vague or hypothetical "safety rules" that do not reflect the legal standards applicable to Plaintiff's claims ("Reptile" tactics) is **DENIED**.

7. The Cook Defendants' motion to bar testimony, evidence, or argument concerning any alleged promotion by Cook of off-label uses for Celect IVC filters or any off-label retrieval techniques for Celect IVC filters is **UNDER ADVISEMENT**.

10. The Cook Defendants' motion to bar testimony, evidence, or argument concerning regulatory communications outside the United States (from the compensatory damages portion of the trial) is **GRANTED in part** and **WITHDRAWN in part**.  The Motion is **GRANTED** with respect to (1) the November 2014 EI Field Safety Notice – Updated Product Information; (2) the July 2016 Canadian Dear Healthcare Professional Letter; (3) the January 2017 TGA statement "encouraging formal strategies for IVC filter retrieval; and (4) the March 2007 MHRA Device Alert; and **WITHDRAWN** in all other respects.

11. The Cook Defendants' motion to bar testimony by Plaintiffs' expert Dr. David Kessler concerning Cook's supposed violations of "industry standards" for the design and manufacture of IVC filters is **GRANTED**.

12. The Cook Defendants' motion to bar testimony, evidence, or argument concerning new product designs after the development of the Celect and its IFU, as well as evidence related to the VISTA Program, as irrelevant and inadmissible evidence of subsequent remedial measures is **UNDER ADVISEMENT**.

13. The Cook Defendants' motion to bar testimony or evidence of the scientific state of the art that post-dates May 17, 2010, the date that Plaintiff's IVC filter was manufactured is **UNDER ADVISEMENT**.

14. The Cook Defendants' motion to bar testimony, evidence, or argument concerning risks of IVC Filters that Plaintiff did not experience is **UNDER ADVISEMENT**.

15. The Cook Defendants' motion to bar questioning of witnesses about documents and subject matter of which they have no personal knowledge is **GRANTED**.

16. The Cook Defendants' motion to bar expert opinions not disclosed in that expert's report, including medical literature not discussed or disclosed in the expert's report is **GRANTED**.

17. The Cook Defendants' motion to bar expert testimony that simply recites or summarizes contents of Cook documents is **UNDER ADVISEMENT**.

18. The Cook Defendants' motion to bar testimony or evidence of medical op-ed articles is **UNDER ADVISEMENT**.

19. The Cook Defendants' motion to bar testimony, evidence, or argument concerning the size of any Cook Defendant or related company, the financial condition of any Cook Defendant, other Cook company, or Cook shareholder or family member is **GRANTED**.

20. The Cook Defendants' motion to bar testimony or argument about Cook's ethics or ethical duties is **GRANTED**.

21. The Cook Defendants' motion to bar use of certain inflammatory and unfairly prejudicial language and terms is **DENIED**.  The use of the term "surgery" rather than "procedure"; the incorrect characterization of the Celect filter as being made of steel rather than cobalt-chromium alloy; and Dr. Marmureanu's testimony that the filter is analogous to "a ticking time bomb" are permissible and are subject to attack on cross-examination.

22. The Cook Defendants' motion to bar the endoscopy image of the Plaintiff's IVC filter (shown perforating her duodenum) from evidence is **DENIED**.

23. The Cook Defendants' motion to bar evidence of the Product Strategy Development Overview is **UNDER ADVISEMENT**.

24. The Cook Defendants' motion to bar the February 9, 2006 Executive Summary is **UNDER ADVISEMENT**.

28. The Cook Defendants' motion to bar evidence or argument that Plaintiff Hill is entitled to lost wages, or to any damages not supported by expert testimony, is **GRANTED**.

The parties report they are near or have agreed to stipulations regarding the Cook Defendants' motions to bar evidence numbered in their Omnibus Motion as 5, 8, 9 and 25-27.

**SO ORDERED** this 17th day of October 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.