UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Elizabeth Jane Hill, 1:14-cv-6016-RLY-TAB _____ | ) ) ) ) ) ) ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF COOK'S NON-RETAINED EXPERT BRIAN CHOULES, Ph.D**

The Cook Defendants disclosed Brian Choules, Ph.D, as a non-retained expert on various topics all having to do with the design, development, and testing of Cook's various IVC filters. Briefly, he worked at Cook (MEDI) as an engineer (1998-2002), a Preclinical Bench Testing Manager (2002-2004), and as Technical Director over nonclinical testing (2006-2016).

The Cook Defendants provided a summary disclosure pursuant to Rule 26(a)(2)(C) identifying the following opinions:

1. The design, development, and testing timeline for Tulip, Celect, and Celect Platinum were robust, comprehensive and state of the art.

2. The design control procedure, specification, and design inputs for Tulip, Celect, and Celect Platinum, including all design verification activities were properly performed and documented.

1

    3.    All bench tests, animal tests, and FEA simulations for Tulip, Celect, and Celect Platinum were properly conducted and evidence the safety and efficacy of these filters.

    4.    FEA and other Cook test methods, including set up test protocols, and interpretation of test results and end points.

    5.    Facts concerning the design procedures and design files for the products in question and how they were properly maintained and accurate.

    6.    Analyzing fracture and filter behavior for Tulip, Celect, and Celect Platinum, and his opinion that these designs are safe and effective and not prone to fracture.

"[A] former employee may be a non-retained expert for the purposes of Rule 26(a)(2) if he is a percipient witness and is testifying based upon his personal knowledge of the facts or data at issue in the litigation." *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013). If he testifies beyond the scope of his observation, however, he is treated as a retained expert and must provide a written report pursuant to Rule 26(a)(2)(B). *Martin v. Stoops Buick*, 2016 WL 4088132, at *1 (S.D. Ind. 2016). Here, Plaintiff argues many of Dr. Choules' opinions exceed the scope of his personal knowledge.

The Cook Defendants respond that they have no intention of having Dr. Choules testify beyond the scope of his personal knowledge and experience. In fact, at the hearing held on October 12, 2017, the parties informed the court that they understood the limits of his testimony. Therefore, rather than issue a complicated ruling, the court finds the best course of action is to address any objections to Dr. Choules' testimony at trial.

Accordingly, Plaintiff's Motion (Filing No. 6516) remains **UNDER ADVISEMENT**.

**SO ORDERED** this 19th day of October 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.