UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to the Following Actions only:

    Elizabeth Jane Hill
    No. 1:14-cv-06016-RLY-TAB

### THE COOK DEFENDANTS' BENCH BRIEF CLARIFYING
### THE LIMITS OF THE BUSINESS RECORD EXCEPTION

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") submit the following bench brief to address in advance issues that Cook believes may arise at trial with respect to admissibility of documents under Fed. R. Evid. 803(6). Specifically, Cook anticipates Plaintiff will attempt to introduce at trial documents that do not meet the requirements of the rule.[1] This brief addresses the limits of the business record exception with respect to the

---

[1] Cook notes that, since March 30, 2016, Plaintiff's counsel have been on notice of Cook's position that not all documents Cook produced in discovery or presented in depositions automatically qualify as a business record under Fed. R. Evid. 803(6). *See* Exhibit A (March 30, 2016 Email from D. King to B. Martin, M. Heaviside, and D. Matthews):

> As to whether a document can get in under the exception to the hearsay rule as a record of a regularly conducted activity under Fed.R.Evid 803(6), I explained that *we will have to look at **the specific documents** you propose to offer through that exception [to] the hearsay rule to make sure we can agree that all five (5) of the foundational requirements specified in subsections (A) through (E) of FRE 803(6) are met.* Where we can agree that a document meets Fed.R.Evid. 901(a) and 803(6), we will agree that the document can come in without the need for a deposition of a records custodian or the like.

US.114178134

following categories of documents Plaintiff has identified to Cook for preadmission: (1) corporate emails; and (2) documents created by third parties. In short, all that Cook asks is that the Court consider these types of documents for admission into evidence ***on a document by-document basis***, and not in batches.

### ARGUMENT

For out-of-court statements offered for their truth, the proponent "must establish that an exception applies or that the statements are non-hearsay." *Stephens v. Erickson*, 569 F.3d 779, 793 (7th Cir. 2009). Rule 803(6) excepts from hearsay "Records of a Regularly Conducted Activity." A record of "an act, event, condition, opinion, or diagnosis" may be admissible in evidence *if*:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The central component of the business records exception is reliability. *Bracey v. Herringa*, 466 F.2d 702, 704 n.4 (7th Cir. 1972) ("Professor McCormick said the business records exception to the hearsay rule is justified by 'the element of *unusual reliability* . . . furnished by the fact that in practice regular business records have a comparatively high degree

---

at 2 (emphasis added)). Despite this, Plaintiff's counsel waited under September 12, 2017—some six weeks before trial— to start identifying for Cook "specific documents" it claims are subject to this exception. *See* Exhibit B (September 12, 2017 Email from M. Chavez to A. Pierson) ("Per our call today I have listed below Bates numbers for some specific documents/emails to discuss tomorrow.").

of accuracy. . . .'") (citations omitted) (emphasis in original); *see also United States v. Williams*, 661 F.2d 528, 530 (5th Cir. 1981) ("Construing [Fed. R. Evid. 803(6)], this court has declared, 'it must be established that the records were kept according to a regular procedure and for a routine business purpose tending to insure accuracy, and that the records not consist merely of cumulations of hearsay or uninformed opinion.")  As evidenced by the foundational requirements of the rule, *see* Fed. R. Evid. 803(6)(A)-(C), business records are deemed reliable for two reasons.  First, they are created in a regular, routine fashion.  Fed. R. Evid. 803(6)(C).  Second, they serve a functional need for the business.  Fed. R. Evid. 803(6)(B).  As illustrated by the cases discussed below, however, certain documents that Plaintiff will seek to admit often fail to satisfy one or more of the requisite foundational elements of the Rule.  These documents fall into two categories: (1) corporate emails, particularly considered as a group; and (2) documents created by third parties but contained in a defendant's files.

**I.      Corporate emails are generally hearsay and cannot, as a group, meet the standards of Fed. R. Evid. 803(6) without a specific showing.**

"[T]here is no across-the-board rule that all [business] emails are admissible as business records." *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*, MDL No. 2179, 2012 WL 85447, at *3-4 (E.D. La. Jan. 11, 2012) ("*Deepwater Horizon I*").[2]  In this respect business emails are no different than the forms of communication they have

---

[2] *See also id.* at *3-4 ("The individual elements required to trigger the [business record] exception's applicability show that there is no categorical rule that emails originating from or received by employees of a producing defendant are admissible under the business records exception."); *United States v. Cone*, 714 F.3d 197, 220 (4th Cir. 2013) ("[I]t would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then *ergo* all those e-mails are business records falling within the ambit of Rule 803(6)(B)."); *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 621 n.163 (S.D.N.Y. 2008) ("An e-mail created within a business entity does not, for that reason alone, satisfy the business records exception of the hearsay rule."); *United States v. Cone*, 714 F.3d 197, 219–20 (4th Cir. 2013)("The district court's observation that the e-mails were kept as a "regular operation of the

- 3 -

largely replaced, such as physical mail, interoffice memoranda, and phone calls, none of which are categorically considered "business records." *Deepwater Horizon I*, 2012 WL 85447, at *3-4; *see also United States v. Wells*, 262 F.3d 455, 462 (5th Cir. 2001) ("[T]he rationale underlying [the business records] exception to the rule against hearsay is that the inherent reliability of business records is 'supplied by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation.'") (quoting Fed. R. Evid. 803(6) Notes of Advisory Committee on Proposed Rules).  Rather, to establish admissibility under Rule 803(6), the party seeking admission of corporate emails into evidence must show that *each* email satisfies the foundational elements of the business records exception.  *See supra* n.1

---

business" is ***simply insufficient*** on that basis alone to establish a foundation for admission under Rule 803(6)(B)."); *Brown v. W. Corp.*, No. 8:11CV284, 2014 WL 1794870, at *3 (D. Neb. May 6, 2014) (In rejecting "the assertion that emails among [defendant company] employees fall under a per se exception to the hearsay rule as business records," the court explained "each email must be analyzed to determine whether it meets the elements of the business record exception and whether any additional statements within the emails require a separate exception.); *It's My Party, Inc. v. Live Nation, Inc.,* No. JFM–09–547, 2012 WL 3655470 at *5 (D.Md. Aug. 23, 2012)(explaining e-mail "is typically a more casual form of communication than other records usually kept in the course of business, such that it may not be appropriate to assume the same degree of accuracy and reliability," and excluding particular e-mails on the basis that the "more specificity is required regarding the party's recordkeeping practices to show a particular email in fact constitutes a reliable business record."*); Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 333 (S.D.N.Y. 2009) (Plaintiff's failed to show that employees were under an obligation to create the emails as a record of regularly conducted business activity); *United States v. Ferber*, 966 F. Supp. 90, 99 (D. Mass. 1997)(After holding that a particular e-mail message did not qualify as a business record, the court explained: "Were it otherwise, virtually any document found in the files of a business which pertained in any way to the functioning of that business would be admitted willy-nilly as a business record. This is not the law."); *State of New York v. Microsoft,* 2002 WL 649951 (D.D.C. Apr. 12, 2002) (denying business record status of an e-mail because "while it may have been the regular practice of the employee to send an e-mail following the receipt of a phone call that summarized the call, there had been no showing that it was the regular practice of the employer to require that the employee make and maintain such e-mails"); *Rogers v. Oregon Trail Elec. Consumers Co-op., Inc.*, No. 3:10-CV-1337-AC, 2012 WL 1635127, at *10 (D. Or. May 8, 2012)("Holding emails to some standard under the business records hearsay exception, as opposed to broadly accepting them as admissible business records, is the best approach.").

- 4 -

The *Deepwater Horizon* court articulated the standard under Rule 803(6) as a helpful six-part test for determining whether an email qualifies as a business record:

- First of all, the email must have been sent or received at or near the time of the event(s) recorded in the email.  Thus, one must look at each email's content to determine whether the email was created contemporaneously with the sender's acquisition of the information within the email.[3]
- Second, the email must have been sent by someone with knowledge of the event(s) documented in the email.  This requires a particularized inquiry as to whether the declarant—the composer of the email—possessed personal knowledge of the information in the email.[4]
- Third, the email must have been sent or received in the course of a regular business activity, which requires a case-by-case analysis of whether the producing defendant had a policy or imposed a business duty on its employee to report or record the information within the email.[5]
- Fourth, it must be the producing defendant's regular practice to send or receive emails that record the type of event(s) documented in the email.  This would require proof of a policy of the producing defendant to use email to make certain types of reports or to send certain sorts of communications; it is not enough to say that as a general business matter, most companies receive and send emails as part of their business model.[6]

---

[3] The purpose of this requirement is to ensure that the record was "made close in time to the event, when the memories of any persons who act as the source of the information are fresh, and when the memory of the person who enters the information (if that is a different person) is also fresh."  Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 8.78 (4th ed. 2013).

[4] *See, e.g.*, *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 20 (1st Cir. 2014) (holding district court erred in admitting emails under FRE 803(6) because, among other reasons, "the record contains no evidence that [the author of the email] had the requisite personal knowledge of" the content contained within the email).

[5] *United States v. Jules*, 244 F. App'x 964, 970 (11th Cir. 2007)(explaining each actor must "'be acting in the regular course of business[.]'"); *United States v. McIntyre*, 997 F.2d 687, 699 (10th Cir. 1997)("The essential component of the business records exception is that each actor in the chain of information is under a business duty or compulsion to provide accurate information."); Fed. R. Evid. 803(6) advisory committee note on 1972 proposed rules ("If, however, the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail.").

[6] *United States v. Niebla*, 545 Fed. App'x. 914, 918 n.1 (11th Cir. 2013) (noting that the business records must be "maintained for business purposes in the ordinary course of business"); *Versata Software, Inc. v. Internet Brands, Inc.*, No. 2:08-CV-313-WCB, 2012 WL 2595275, at *1, *5 (E.D. Tex. July 5, 2012) (observing that a proponent will rarely be able to make such a showing: "The essence of [Employee B's] testimony was that e-mails reporting on events pertinent to the business would be sent at a time convenient to the sender if the sender regarded the subject matter of the e-mail as worthy of communicating to others.  That evidence reflects the use of

- Fifth, a custodian or qualified witness must attest that these conditions have been fulfilled—which certainly requires an email-by-email inquiry.
- Lastly, the objecting defendant is permitted under the rule to argue that the particular email should be excluded due to concerns of lack of trustworthiness, based on the information source underlying the email content or the circumstances under which the email was sent and received.

*Deepwater Horizon I*, at *3-4 (footnotes omitted); *see also Rogers v. Or. Trail Elec. Consumers Coop., Inc.*, No. 3:10-CV-1337-AC, 2012 WL 1635127, at *9 (D. Or. May 8, 2012) (noting that *Deepwater Horizon* test is "straightforward and coherent" and that "[h]olding emails to some standard under the business records hearsay exception, as opposed to broadly accepting them as admissible business records, is the best approach").

Applying that test, the *Deepwater Horizon* court determined that various emails proffered in the *Deepwater Horizon* litigation did not qualify as "business records" under Rule 803(6). For example, one such email—which was sent from a BP operations geologist to a BP drilling engineer—read "'[t]hanks for the shitty cement job, Trent.'" *In re Oil Spill by Oil Rig "DEEPWATER HORIZON" in Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2012 WL 423862, at *2 (E.D. La. Feb. 8, 2012)("*Deepwater Horizon II*")(alteration in original).  The plaintiffs argued that the email amounted to a business record, while the defendant argued that the email was an "isolated event" and "was not created in the course of a regularly conducted [business] activity." *Id.* The court sided with the defendant, explaining that "[t]o satisfy" the "regularity" requirement of the business records exception, "it must be demonstrated that BP had a policy or imposed a business duty on its employee to report or record the information within the email." *Id.* As the court explained, there was no proof of such a policy or duty, defeating the plaintiffs' claim under Rule 803(6).  In so concluding, the court emphasized the "casual[]" nature

---

internal communications for information-sharing purposes based on instances of perceived need and convenience, not a system for preparing and retaining business records as a regular and routine practice.").

- 6 -

US.114178134

of the email correspondence. *Id.*; *see also U.S. v. Robinson*, 700 F.2d 205, 209-10 (5th Cir. 1983) ("For the notes to be admissible under Rule 803(6), the government also had to establish that 'it was the regular practice of that business activity' to have the notes made.") (citation omitted). For these reasons, the court concluded that the email was not a business record under Rule 803(6).

Applying that same logic here, Cook respectfully submits that emails that do not record a regularly conducted business activity, such as certain emails Plaintiff intends to introduce at trial, merit case-by-case consideration under the six-part test set forth in *Deepwater Horizon I*—and exclusion, as appropriate, for the reasons articulated in *Deepwater Horizon II*.[7]

---

[7] Plaintiff likewise cannot seek to admit all e-mail messages sent or received by Cook employees as party admissions. As the Seventh Circuit clarified in addressing Rule 801(d)(2)(D) in an employment discrimination action: "The central question regarding [an employee's statements is whether they concerned a matter within the scope of her employment." *Stephens v. Erickson*, 569 F.3d 779, 793 (7th Cir. 2009). "'[N]ot everything that relates to one's job falls within the scope of one's agency or employment.'" *Id.* (quoting *Williams v. Pharmacia, Inc.,* 137 F.3d 944, 950 (7th Cir. 1998)). Rather, "the subject matter of the admission [must] match the subject matter of the employee's job description." *Id*. at 793.

*Deepwater* is also instructive on this issue:

> The mere fact that a producing defendant's employee sent an email while at work from a work computer to a co-employee does not mean that the email was composed or received concerning a matter within the scope of an employee's employment. This "course and scope" inquiry requires a case-by-case analysis to determine whether a particular party employee's statement can be properly admitted as non-hearsay against the party. Therefore, there is no broad rule that all the emails at issue are admissible as party admissions.

*Deepwater Horizon I*, at *3-4. Rule 801(d)(2)(D) deems admissible any statement offered against a party that was made by the party's employee "on a matter within the scope of that [employment] relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). As the court in *Deepwater Horizon* made clear, "[t]he mere fact that a producing defendant's employee sent an email while at work from a work computer to a co-employee does not mean that the email was composed or received concerning a matter within the scope of an employee's employment." *Deepwater Horizon I*, 2012 WL 85447, at *4. Rather, Rule 801(d)(2)(D) calls for a "a case-by-case analysis" that focuses on the precise "'course and scope'" of the employee's employment relationship. *Id.* (citation omitted); *see also Magiera v. City of Dall.*, 389 F. App'x 433, 439 (5th Cir. 2010) (distinguishing "mere water-cooler gossip" from discussions made "'within the course

- 7 -

**II.     Documents created by third parties contained in Cook's files do not automatically qualify as Cook's business records.**

Plaintiff has obtained through discovery a number of documents—authored by third parties and retained in Cook's files—that do not meet the requirements of Rule 803(6). Documents created by persons or entities other than Cook or its employees—including reports or analyses—do not automatically qualify as Cook's business records simply because they were retained in Cook's files. *See United States v. Borrasi*, 639 F.3d 774, 780 (7th Cir. 2011) ("[S]tatements made by third parties in an otherwise admissible business record cannot properly be admitted for their truth unless they can be shown independently to fall within a recognized hearsay exception.")(internal citations omitted); *United States v. Emenogha*, 1 F.3d 473, 483 (7th Cir. 1993) (noting "[i]f any person in the process [of producing a business record] is not acting in the regular course of the business, then an essential link in the trustworthiness chain fails, just as it does when the person feeding the information does not have firsthand knowledge.") (internal citations omitted); *Snyder v. Whittaker Corp.,* 839 F.2d 1085, 1090 (5th Cir. 1988) (holding that a memo between two officers in the sales division of an outside company, received and kept by the witness, insufficient to satisfy Rule 803(6)). The supplier of the information contained in the document, as well as the recorder of the document, must both be acting in the regular course of Cook's business for the third-party document to satisfy Rule 803(6). *See United States v. Yates,* 553 F.2d 518, 521 (6th Cir. 1977) (excluding a letter containing statements made by third party outside the scope of the business).

Cook is not advocating that *no* documents created by third parties and found in Cook's files can be treated as its business records. However, to overcome any failure in "an essential

---

of . . . agency or employment'") (citation omitted); *Kelly v. Labouisse*, 364 F. App'x 895, 896 (5th Cir. 2010) (affirming exclusion of statement made by party's employee because the statement "concerned a matter outside of the scope of [the employee's] employment").

link in the trustworthiness chain," "the hearsay nature of the information provided to the maker" must "fall under another hearsay exception," or have "additional sources of corroboration to cure the hearsay problem." *U.S. v. Emenogha*, 1 F.3d at 483-4.  Cook submits that Plaintiff will be unable to make such a showing with regard to certain documents identified by Plaintiff, and respectfully requests that the Court consider each document individually before ruling on its admissibility under Rule 803(6).

## CONCLUSION

The Cook Defendants respectfully request the Court to consider business emails and third-party documents that Plaintiff seeks to admit under Rule 803(6) on a document-by-document basis.

Respectfully submitted,

Dated: October 20, 2017

/s/ *Andrea Pierson*
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.114178134

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ *Andrea Pierson*

US.114178134