# EXHIBIT A

| | |
|---|---|
| **From:** | Douglas B. King |
| **Sent:** | Wednesday, March 30, 2016 5:57 PM |
| **To:** | Ben Martin |
| **Cc:** | Michael Heaviside; David Matthews; Christopher D. Lee; CookIVCFMDL |
| **Subject:** | RE: depositions |

Ben,

I am generally in agreement with what you have written below, subject to the comments to some of your points that are in this blue font below. If I have not added a comment, it is because I have nothing to add.

Thank you for your cooperation.

Regards,

Doug

**From:** Ben Martin [mailto:bmartin@bencmartin.com]
**Sent:** Wednesday, March 30, 2016 4:36 PM
**To:** Douglas B. King
**Cc:** Christopher D. Lee; Michael Heaviside; David Matthews
**Subject:** depositions

Doug:  This email will clarify some matters we previously agreed upon or discussed over the last several weeks and most recently on Monday afternoon and also this morning.

1. Cook will provide a translator at all of the depositions of the Danes, and the translator will be present for assistance in language issues but will not be translating the entirety of the deposition(s).  I would suggest the additional agreement that the translator will translate the entirety of the deposition in any case in which a witness does not speak English well enough to understand the questions asked in a deposition or to give responses based upon his or her understanding of the questions asked and where the occasional assistance would not lead to an accurate deposition;

Comment:   When you and I spoke about this earlier this week or late last, I do not recall that we discussed the cost of the translator. I recall that, in an earlier conversation involving both Dave and Chris as well as you and me (I think when we were still talking about us lawyers going to Denmark for the depositions), we discussed sharing the cost, though I do not recall coming to any agreement in that earlier call. In any event, I propose that we share the cost equally, as both sides share the same interest in having an accurate record. Think about it and let us know what you folks think. Meanwhile, we will secure one or more potential translators and get quotes from them on cost, and then we can talk further.

2. We are agreeable that Bruce Fleck's deposition will take place on May 12 as referenced in today's correspondence;

3. You will not agree that all documents produced in discovery or those presented in depositions will be considered authentic or a business record under the rule.

Comment: I mentioned that we can probably agree to stipulate to the authenticity, within the meaning of Fed.R.Evid. 901(a), as to documents and other tangible things (and by this I mean to include all of that which is broadly defined in

1

Fed.R.Civ.Pro. 34(a)), that were generated or created by someone who was a Cook employee at the time. I mentioned, however, my concern about attachments to emails from or to Cook employees, as we both know how easy it is to attach things from the Internet or other sources to emails when the person doing the attaching may not really know if what he or she is attaching is "what the proponent claims it is. " As to whether a document can get in under the exception to the hearsay rule as a record of a regularly conducted activity under Fed.R.Evid 803(6), I explained that we will have to look at the specific documents you propose to offer through that exception the hearsay rule to make sure we can agree that all five (5) of the foundational requirements specified in subsections (A) through (E) of FRE 803(6) are met. Where we can agree that a document meets Fed.R.Evid. 901(a) and 803(6), we will agree that the document can come in without the need for a deposition of a records custodian or the like.

4. We have previously agreed to notify Magistrate Baker that he may be called upon to referee a specific objection to a question or possibly to an answer if called upon tomorrow and that we will use this process as an experiment to see if the provisions available as such in the case management plan or other order regarding this methodology will work.

5. We agree that there will be no more than two PSC members (or their designees—some folks on the PSC will not be taking depositions but their law firm or partners or associates or the such may be taking a deposition) asking questions of a witness. We agree that one attorney will finish his or her direct examination and then the second attorney will complete his or her direct examination right after. If there are cross questions by Cook then the redirect examination will be taken and any further redirect examination will be taken in the same manner.

Comment: While we can agree to this, as mentioned when we spoke, we cannot agree that our witnesses can be subjected to repetitive questions, whether by one lawyer or two.

6. I would suggest that we agree all depositions will begin at 9 am unless an attorney who is taking a deposition notifies your firm otherwise.

Thanks. If there is anything you wish to clarify please do so.

Ben C. Martin
*Board Certified in Personal Injury Trial Law & Civil Trial Law*
*by the Texas Board of Legal Specialization*
LAW OFFICES OF BEN C. MARTIN
3219 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 761-6614
(214) 744-7590 (facsimile)
bmartin@bencmartin.com
www.bencmartin.com