UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC         )
FILTERS MARKETING, SALES               )
PRACTICES AND PRODUCT                  )
LIABILITY LITIGATION                   )     1:14-ml-02570-RLY-TAB
_____  )     MDL No. 2570
                                       )
This Document Relates to:              )
                                       )
Elizabeth Jane Hill,                   )
1:14-cv-6016-RLY-TAB                   )
_____  )

**PRELIMINARY JURY INSTRUCTIONS**

**PRELIMINARY INSTRUCTION NO. 1**

Members of the jury, before we begin the trial, I would like to tell you a little bit about what will occur during the course of the trial. I want to briefly describe how the trial will be conducted and explain what we, me as the judge and the lawyers for both sides, will be doing. At the end of the trial, I will give you some more detailed instructions on how you are to reach your decision.

**PRELIMINARY INSTRUCTION NO. 2**

You have been selected as jurors and have taken an oath to well and truly try this cause. It will take approximately two weeks for you to hear all of the evidence and the arguments of counsel.

During the progress of the trial there will be periods of time during which you will be allowed to separate, such as recesses for rest periods, for lunch periods and overnight. During those periods of time that you are outside the courtroom and are permitted to separate, you must not talk about this case among yourselves or with anyone else. In addition, you may not use cell phones, smart phones, the internet, and/or other tools of technology to communicate electronically with anyone, including family and friends, about this case through e-mail, text messaging, Twitter, Facebook, and the like.

During the trial, do not talk to any of the parties, their lawyers or any of the witnesses. If any attempt is made by anyone to communicate with you concerning this case, or you realize a fellow juror has violated the rules against contacting third parties, you should report the fact to the court immediately. There may be publicity in the newspapers, on the radio, on television, or on the internet, concerning this trial. You should not read or listen to these accounts but should confine your attention to the court proceeding, listen attentively to the evidence as it comes from the witnesses, and reach a verdict solely upon what you hear and see in this court.

During the trial, you may not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.

You should keep an open mind. You should not form or express an opinion during the trial and should reach no conclusion in this cause until you have heard all of the evidence, the arguments of counsel, and the final instructions as to the law, which will be given to you by the court.

**PRELIMINARY INSTRUCTION NO. 3**

Plaintiff, Elizabeth Jane Hill, filed the present lawsuit against the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS.

Defendants made and sold a medical product called the Cook Celect IVC (inferior vena cava) filter. This product was placed into a large vein in Plaintiff's body. Plaintiff alleges that the product was defective and caused her injuries.

Defendants deny Plaintiff's claims. Defendants are not required to disprove Plaintiff's claims.

Defendants assert that Plaintiff assumed the risk of the injury she alleges when she consented to have the medical product placed. Defendants also assert that intervening causes, and not any defect in the product, led to Plaintiff's injury.

Plaintiff denied Defendants' assertions. Plaintiff is not required to disprove Defendants' assertions.

## PRELIMINARY INSTRUCTION NO. 4

Plaintiff bears the burden of proving these allegations by a preponderance of the evidence.

When I say that a party has the burden to prove an issue by a preponderance of the evidence, I mean that the party must prove the party's contentions by the greater weight of the evidence. That is, a preponderance of the evidence means that the evidence, when considered and compared to that opposed to it, has more convincing force and produces in your mind a belief that the facts are more likely than not true.

A greater number of witnesses testifying to a fact on one side or a greater quantity of evidence introduced on one side is not necessarily of the greater weight. The evidence given upon any fact that convinces you most strongly of its truthfulness is of the greater weight.

# PRELIMINARY INSTRUCTION NO. 5

You are the exclusive judges of the evidence, the credibility of the witnesses, and the weight to be given to the testimony of each of them.  In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the manner and conduct of the witness while testifying; any interest, bias, or prejudice the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considered in light of all of the evidence in the case.

If there are conflicts in the evidence, it is your duty to reconcile the conflicts, if you can, on the theory that each witness has testified to the truth.  You should not disregard the testimony of any witness without a reason and without careful consideration.  If you find conflicting testimony that you cannot reconcile, you must determine which of the witnesses you believe and which of them you disbelieve.

In weighing the testimony to determine what or whom you believe, you should use your own knowledge, experience, and common sense gained from day-to-day living.

At times during the trial, a lawyer for one side or the other may make an objection to a question that is asked by another lawyer or to a particular answer that a witness gives.  This simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusions from the fact that an objection was

made or from my rulings on those objections.  These only relate to the legal questions that I must determine and should not influence your thinking.

If I sustain an objection to a question, the witness may not answer.  Do not attempt to guess what the answer might have been, had it been permitted to be given.  Similarly, if I tell you not to consider a particular statement, you should put that statement out of your mind; and you may not refer to that statement in your later deliberations.

During the course of the trial, I may ask a question or two of a witness.  If I do, that does not indicate that I have any opinion about the facts in the case or that I have any opinion with respect to that witness' credibility.

## PRELIMINARY INSTRUCTION NO. 6

During the trial, certain exhibits may be offered into evidence. When the court admits an exhibit as evidence, each of you should carefully examine it, without discussion, at the time it is submitted to you.

During the progress of the trial, certain questions may be asked and certain exhibits may be offered that the court may rule are not admissible into evidence. You must not concern yourselves with the reasons for the rulings since the admissibility of evidence is strictly controlled by rules of law.

You must not consider an exhibit or testimony that the court orders stricken from the record. In fact, such a matter is to be treated as though you had never heard it.

Nothing that I say or do during the trial is intended as any suggestion of what facts or what verdict you should find. Each of you, as jurors, must determine the facts and the verdict.

## **PRELIMINARY INSTRUCTION NO. 7**

The trial of this case will proceed as follows:

First, the attorneys will have an opportunity to make opening statements. These statements are not evidence and should be considered only as a preview of what the attorneys expect the evidence will be.

Following the opening statements, witnesses will be called to testify. They will be placed under oath and questioned by the attorneys. Documents and other tangible exhibits may also be received as evidence.

When the evidence is completed, the attorneys will make final statements. These final statements are not evidence but are given to assist you in evaluating the evidence. The attorneys are also permitted to argue, to characterize the evidence, and to attempt to persuade you to reach a particular verdict. You may accept or reject those arguments as you see fit.

**PRELIMINARY INSTRUCTION NO. 8**

These preliminary instructions have been read to you prior to the opening statements of counsel and prior to the introduction of evidence so that you may understand the issues presented for your decision in this action, the rules regarding the burden of proof and the credibility of witnesses, and the manner of weighing the evidence which you will hear in this case.

You will receive further instructions after the evidence has been concluded and before the final arguments of counsel.