IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions only:

Elizabeth Jane Hill
No. 1:14-cv-06016-RLY-TAB

_____

_____

**PLAINTIFF HILL'S BENCH BRIEF IN RESPONSE TO THE COOK DEFENDANTS' BENCH BRIEF CLARIFYING LIMITS OF THE BUSINESS RECORD EXCEPTION**

Plaintiff Hill submits this bench brief in response to the Cook Defendants' ("Cook") bench brief addressing, in advance, issues it speculates may arise at trial with regard to unspecified corporate emails and other unknown (third party) documents and the limitations on admissibility under the business records exception, Fed. R. Evid. 803(6) to be applied to these currently unidentified documents.

**ARGUMENT**

Cook's unsolicited papers seek no relief except to ask the court to examine each piece of evidence before it is admitted at trial in a follow-the-law manner. Cook has neither attached the emails and other documents it discusses in the abstract, nor does it describe the contents of those

documents generally. Plaintiff fully anticipates following the law with regard to foundational arguments for the admissibility of evidence during this trial.

1. <u>Admissibility and Use of Corporate Emails</u>

Cook states that "corporate emails are generally hearsay and cannot, as a group, meet the standards of Fed. R. Evid. 803(6)… " (Def. Mot., at 3)(Doc. #6962). Plaintiff has not indicated how it will argue admissibility of documents she seeks admitted during the course of trial, yet opposes the notion that corporate emails as a whole are generally hearsay. For instance, emails can be non-hearsay documents for several reasons such as, but not limited to:

- Indicating notice to and knowledge possessed by a defendant corporation. *Herrera-Nevarez by Springer v. Ethicon, Inc.*, 2017 WL 3381718, at *5 (N.D. Ill. Aug. 6, 2017)(stating certain email are "admissible for the non-hearsay purpose of showing notice. The Court also expressed... defendants' hearsay objection was not well-taken in any event; the e-mails qualify for admission under Federal Rule of Evidence 803(6)").

- Corporate emails can be a non-hearsay, opposing party's statement under Fed. R. Evid. 801(d)(2)(D). As such, Cooks' general statement that corporate emails are hearsay, if accepted, "would have us exclude a great chunk of corporate testimony from employees because they rely on information that other people have told them in the course of the job." *Mister v. Ne. Illinois Commuter R.R. Corp.*, 571 F. 3d 696, 698 (7th Cir. 2009).

- Emails drafted by witnesses can be used for the purposes allowed under Fed. R. Evid. 801(1)(A) and are not hearsay.

2

- Cook intends to bring some of their witnesses live which will alleviate some hearsay issues regarding many emails.
- Emails can be used with expert witnesses as allowed by Fed. R. Evid. 703.

Again, Plaintiff fully intends to follow the Federal Rules of Evidence as to admissibility arguments when the issues become ripe, whether those issues are exceptions to the hearsay rule or non-hearsay admissibility. Plaintiff can make no further specific opposition to non-specific arguments in Cook's bench brief, i.e., address individual documents which were not provided. Furthermore, Cook's exhibits in support of its brief represent conversations between counsel with regard to all sorts of matters related to admissibility and exhibit lists and show nothing to support Plaintiff's efforts to admit large swaths of documents for any specific stated purpose or under any particular exception to the hearsay rule.

2. Documents Created by Third Parties

Plaintiff has not made admissibility arguments to the Court regarding third party documents and their status as business record exceptions to the hearsay rule under Fed. R. Evid. 803(6). Again, Plaintiff will address the issues as they arise, if they do.

**CONCLUSION**

Defendants' papers do not request specific relief for a specific issue that is ripe, therefore, Plaintiff's papers are responsive to the issue of admissibility of corporate emails generally.

Respectfully submitted,

**RILEY WILLIAMS & PIATT, LLC**

*/s/ Joseph N. Williams*
Joseph N. Williams, IN Atty. No. 25874-49

The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, Indiana 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

Michael W. Heaviside, Esq.
**HEAVISIDE REED ZAIC, A LAW CORPORATION**
910 17th Street, NW, Suite 800
Washington DC, 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin
**THE LAW OFFICES OF BEN C. MARTIN**
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
**MATTHEWS AND ASSOCIATES**
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

             */s/ Ben C. Martin*_____
             Ben C. Martin