UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to the Following Action only:

    Elizabeth Jane Hill
    No. 1:14-cv-06016-RLY-TAB

### THE COOK DEFENDANTS' BENCH BRIEF REGARDING NON-RETAINED EXPERT'S NOTES THAT ARE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION

    Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") submit the following bench brief to address the attorney-client privilege and work-product protection as it relates to select portions of a notebook belonging to Dr. Jen Brown ("Dr. Brown"). Dr. Brown is a Cook employee who was disclosed as a non-retained expert. Dr. Brown kept notes during her preparation for two depositions as a fact witness (before she was disclosed as a non-retained expert) and one deposition as a non-retained expert (after she was disclosed as a non-retained expert). Cook produced Dr. Brown's notes that relate to the formation of her expert opinions. However, on the basis of the attorney-client privilege and work-product protection, Cook withheld a limited selection of notes that Dr. Brown made during conversations with counsel that necessarily would reveal the content of communications between counsel and client and/or counsel's mental impressions. Cook has provided a privilege log to Plaintiffs explaining the basis for the withheld notes. Plaintiffs have challenged the protected nature of the notes and, thus,

US.114918140.03

Cook submits this brief to address the attorney-client privilege and work-product doctrine as it relates to hybrid fact/non-retained experts. In sum, the law supports withholding a limited selection of Dr. Brown's notes that reveal the content of communications between counsel and client and/or counsel's mental impressions.

## ARGUMENT

Parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Graco, Inc. v. PMC Global, Inc.*, No. 08-1304 (FLW), 2011 WL 666056, at *6 (D. N.J. Feb. 14, 2011). "Courts refuse to order discovery if the information being sought is (1) irrelevant to the claim or (2) protected by a recognized privilege." *Id.* (citations omitted). Two such recognized privileges are the attorney-client privilege and the work-product doctrine.

The work-product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3)(A), protects documents and other tangible things prepared in anticipation of litigation from discovery, unless the requesting party can show substantial need for the materials to prepare for its case and the inability to obtain the substantial equivalent without undue hardship. *Bingham v. Baycare Health Sys.*, No. 8:14-cv-73-T-23JSS, 2016 WL 5106946, at * 3 (M.D. Fla. Sept. 20, 2016); *Graco*, 2011 WL 666056, at *7. The work-product protection is extended to expert discovery under Rule 26(b)(4)(B) and (C). *Bingham*, 2016 WL 5106946, at * 3. As illustrated by the cases discussed below, information shared with a non-retained expert witness may be protected under the attorney-client privilege and work-product doctrine to the extent that the information would disclose privileged communications and/or the mental impressions of counsel.

In *Bingham*, the defendant sought to compel the production of a Written Disclosure Statement that plaintiff's non-retained expert relied on in connection with his expert disclosures. 2016 WL 5106946, at * 1. The expert had refused to produce the document on the basis that it was protected from discovery by the work-product doctrine. *Id.* The court noted that although this protection does not extend to an expert's own development of his or her opinion, the work-product doctrine always affords protection to an attorney's mental impressions, conclusions, opinions, or legal theories,. *Id.* at *6. Thus, the court recognized that the Written Disclosure Statement may contain or reveal material impressions of counsel and, thus, ordered the Written Disclosure Statement to be redacted to the extent any attorney opinion work product was embedded within it. *Id.* at *7.

Similarly, in *Graco*, the defendants sought the production of all documents considered or relied upon by plaintiffs' Employee Opinion Witnesses ("EOWs"). 2011 WL 666056, at *1-2. The court found that, in essence, the EOWs were non-retained experts. *Id.* at *14. While Rule 26(b)(4)(B) and (C) permit discovery of facts or data underlying an expert's opinion, the court held that the attorney-client privilege and work-product doctrine precluded discovery into communications between counsel and the EOWs. *Id.*

Finally, in *PACT XPP Techs., A.G. v. Xilinx, Inc*, the court addressed plaintiff's motion to exclude defendants' non-retained expert's disclosures on the basis that defendants had improperly invoked the attorney-client privilege and work product doctrine at defendants' non-retained expert's deposition. No. 2:07-CV-563-RSP, 2012 WL 1205855, at *1 (E.D. Tex. Apr. 11, 2012). In addressing this issue, the court noted:

> Rule 26, as amended in 2010, now protects drafts and certain communications between a party's attorney and a testifying expert from disclosure . . . Although the amended rule explicitly provides these protections for expert witnesses who submit a written expert report under Rule 26(a)(2)(B), *the Rules contemplate that*

>*privileges and protections may be available to protect communications with other types of expert witnesses, such as [non-retained employee experts]. See* Fed. R. Civ. P. 26 advisory committee's note (2010) ('The rule does not itself protect communications between counsel and other expert witnesses, such as those from whom disclosure is required under Rule 26(a)(2)(C) [non-retained experts]. The rule does not exclude protection under other doctrines, such as privilege or independent development of the work-product doctrine.'

*Id.* at *4 (emphasis added). Thus, the court refused to exclude the defendants' non-retained expert disclosure on the basis that the defendants did not improperly invoke the attorney-client privilege and work-product protection at defendants' non-retained expert's deposition. *Id.*

Here, Dr. Brown met with Cook's counsel several times between April and September to prepare for two fact depositions (before she was disclosed as a non-retained expert) and one non-retained expert deposition (after she was so disclosed). Dr. Brown took notes during her preparation for those depositions, and the notes that relate to the formation of her expert opinions have been produced. However, Dr. Brown also made notes during meetings with counsel that necessarily contain the content of communications with counsel and/or the mental impressions, conclusions, opinions, or legal theories of Cook's counsel. Based on the authorities cited above, those notes have properly been withheld.

## CONCLUSION

The Cook Defendants respectfully request that the Court permit the redaction of certain of Dr. Brown's notes that would reveal the content of communications between counsel and client and/or counsel's mental impressions.

- 5 -

            Respectfully submitted,

Dated: November 2, 2017     */s/ Andrea Pierson*
            Andrea Roberts Pierson (#18435-49)
            John T. Schlafer (#28771-49)
            FAEGRE BAKER DANIELS LLP
            300 North Meridian St., Suite 2700
            Indianapolis, Indiana  46204
            Telephone:  317-237-0300
            Facsimile:  317-237-1000
            E-Mail: andrea.pierson@faegrebd.com
            E-Mail: john.schlafer@faegrebd.com

            *Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

- 6 -

## CERTIFICATE OF SERVICE

      I hereby certify that on November 2, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

                                                                                       */s/ Andrea Pierson*