IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to Plaintiff:

    Elizabeth Jane Hill
    Civil Case No. 1:14-cv-06016-RLY-TAB

## PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW

Plaintiff Elizabeth Hill files this Motion for Partial Judgment as a Matter of Law on Defendants' intervening cause defense relating to Plaintiff's "tortuous anatomy."

Defendants have interposed a defense of intervening superseding cause and have argued at trial that the potential intervening causes include Plaintiff's preexisting "tortuous anatomy." Defendants have presented evidence at trial through Dr. Anthony Venbrux that Ms. Hill's anatomy was a cause of her perforation. Under Florida law Defendants cannot prevail on this defenses insofar as it relies on the argument that Ms. Hill's preexisting physical condition was a "cause" of her damages.

A.  **Standard for Judgment as a Matter of Law.**

Under Rule 50, a court should grant judgment as a matter of law when a party has been fully heard on an issue and there is not a legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. *Murray v. Chicago Transit Auth.*, 252 F.3d 880, 886 (7th Cir. 2001). The Court must "view the evidence in the light most favorable to the nonmoving party and ascertain whether there exists any evidence upon which a jury could reach a verdict for the party producing it, upon whom the onus of proof is imposed." *Deimer v. Cincinnati Sub-Zero Prods.*, 58 F.3d 341, 343-44 (7th Cir. 1995) (internal quotations and citations omitted). The standard for granting judgment as a matter of law mirrors the standard for granting summary judgment. *Murray,* 252 F.3d at 886-87.

B.  **Defendants Cannot Prevail on Its Defense that Plaintiff's Preexisting Physical Condition is an Intervening Cause of Plaintiff's Injury.**

Cook claims Ms. Hill has a tortuous anatomy and that although this is not her "fault," her condition nevertheless may serve as an intervening superseding cause of her injury. Florida law controls on the question of causation.[1] Ms. Hill's preexisting physical condition cannot "cause" her injuries under Florida law because **Florida "follows the rule that the tortfeasor takes her victim as she**

---

[1] *Joyce v. J.C. Penney Corp.*, 389 Fed. Appx. 529, 531 (7th Cir. 2010) ("Under *Erie R.R. v. Tompkins*, federal courts in diversity cases like this one apply state substantive law on the requirement of causation, but follow the federal law of evidence).

**finds him.**"[2] The case most often cited is *Silva v. Stein*, 527 So. 2d 943 (Fla. 3d DCA 1988):

> **The defendant is held liable when the defendant's negligence operates upon a** concealed physical condition, such as pregnancy, or a latent disease, or **susceptibility to disease**, **to produce consequences which the defendant could not reasonably anticipate**. The defendant is held liable for unusual results of personal injuries which are regarded as unforeseeable….
>
> One of the illustrations which runs through the English cases is that of the plaintiff with the "eggshell skull," who suffers death where a normal person would have had only a bump on the head.[3]

Stated differently, and applicable here: "**A plaintiff's 'hypersensitivity' does not affect the causal relationship between the defendant's conduct and the plaintiff's damages.** The defendant's initial wrongful conduct is the proximate cause of the plaintiff's damages despite the fact that the wrong may not have caused that same degree of damage to an ordinary person."[4]

Defendant argues that Ms. Hill's "tortuous anatomy" is a preexisting condition that rendered her susceptible to, and ultimately caused, her perforation. That argument is foreclosed as a matter of law even if the outcome for Ms. Hill was not foreseeable. The jury should be so instructed and judgment should be entered in Plaintiff's favor on Defendant's intervening cause defense insofar as it identifies Ms. Hill's preexisting physical condition as an intervening cause.

---

[2] *Fravel v. United States*, 2009 WL 10671272 at *3 (M.D. Fla. Feb. 13, 2009).
[3] *Id.* at 944 (emphasis added).
[4] *Poole v. Lowell Dunn Co.*, 573 So. 2d 51, 54 (Fla. 3d DCA 1990) (emphasis added).

WHEREFORE, Plaintiff respectfully urges the Court to grant Plaintiff's motion and to order judgment as a matter of law on Cook's affirmative defense of intervening cause insofar as it rests upon Ms. Hill's preexisting physical condition or "tortuous anatomy" as a case of her damages.  Plaintiff respectfully requests all other and further relief to which she may be justly entitled.

Dated: November 8, 2017.

Respectfully submitted,

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

/s/ Ben C. Martin
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@bencmartin.com

*/s/ David P. Matthews*_____
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email:
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*_____
Ben C. Martin