## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-
                                     RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Action only:

      Elizabeth Jane Hill
      No. 1:14-cv-06016-RLY-TAB

_____

## THE COOK DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical

Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or

"Cook") submit the following opposition to Plaintiff's Motion for Partial Judgment as a

Matter of Law, Dkt. 7175.  This response supplements the oral response presented by

Cook's attorneys in court on November 8, 2017.

### ARGUMENT

Plaintiff moves the Court for partial JMOL under Rule 50(a) with respect to the

portion of Cook's intervening/superseding cause affirmative defense based on Plaintiff's

preexisting medical condition, specifically her scoliosis.  Plaintiff maintains that any

consideration of these pre-existing conditions is barred, and that portion of the

intervening/superseding cause defense fails, because of the "eggshell skull" rule, which

US.115035985.01

provides that "the tortfeasor takes her victim as she finds her."  Pl. Mtn. at 2-3 (quoting

*Fravel v. United States*, 2009 WL 10671272, at \*3 (M.D. Fla. Feb. 13, 2009).  Plaintiff's

argument fails for at least four independent reasons:

     1.     The rule does not apply in the strict liability context.

     2.     The rule addresses the issue of damages, not causation.

     3.     Plaintiff does not claim that her IVC filter aggravated any existing medical

condition or provoked any latent condition.

     4.     The risk-benefit analysis by Plaintiff's doctors undercuts any application of

the rule.

Any one of these four reasons justifies denial of Plaintiff's motion.

**A.     The eggshell skull rule does not apply in the strict product liability context.**

As a threshold matter, Cook has found no Florida case applying the eggshell skull

rule in a strict-liability product liability case.[1]  As Plaintiff correctly notes, Florida has

applied the rule when "the defendant's ***negligence*** operates upon a concealed physical

condition." Pl. Mtn. at 3 (citing *Silva v. Stein*, 527 So. 2d 943, 944 (Fla. 3d DCA 1988))

(emphasis added) (claiming negligent application of hair treatment).  *See also Fravel*,

2009 WL 10671272 at \*1 (claiming negligent driving); *Hamblen v. Owens,* 127 Fla. 91,

94-95, 172 So. 694  (1937) (claiming negligent inspection and maintenance of step

---

[1] Although one of the cases Plaintiff cites involves "strict liability," it is not a product-liability strict liability claim like the claim at issue here.  Instead, the case addresses the "absolute liability" strict liability that arises from an ultrahazardous activity.  *See Poole v. Lowell Dunn Co.*, 573 So. 2d 51, 54 (Fla. 3d DCA 1990) (applying doctrine to claims based on quarry blasting with dynamite).

US.115035985.01

ladder).  Plaintiff offers no analysis or authority suggesting any reason for the Court to extend the doctrine from the negligence context, which focuses on the conduct of the defendant, to the strict liability context, which focuses on the characteristics of the product.

**B.        The eggshell skull rule is a principle of damages, not causation.**

Plaintiff asks the Court to treat the "eggshell skull" rule as if it were a causation doctrine instead of a damages rule.  *See* Pl. Mtn. at 1 (addressing Cook's argument "that Ms. Hill's preexisting physical condition was a 'cause' of her damages."); *id*, at 3 (arguing rule as justification of JMOL "on Defendant's intervening cause defense insofar as it identifies Ms. Hill's preexisting physical condition as an intervening cause"). Plaintiff is simply wrong in saying that the rule applies to Cook's intervening/superseding cause defense.

The eggshell skull rule addresses whether a hypersensitive plaintiff may recover all the *damages* that flow from a particular act of negligence, even if an ordinary victim of that negligence would not have suffered damages to the same extent.  The rule does *not* address whether the tortious act actually caused any damages in the first place.  As the *Poole* court put it:

> A plaintiff's "hypersensitivity" ***does not affect the causal relationship*** between the defendant's conduct and the plaintiff's damages. The defendant's initial wrongful conduct is the proximate cause of the plaintiff's damages despite the fact that the wrong may not have caused that same **degree of damage** to an ordinary person.

- 3 -

*Poole*, 573 So.2d at 54 (emphasis added).  Thus, nothing in the rule prevents the jury here from considering whether Plaintiff's existing physical condition was a supervening or intervening cause of the perforation of her filter.

### C.    Plaintiff does not claim that her Celect IVC filter aggravated her existing scoliosis.

By its terms, the rule applies only when the damages resulting from a negligent act include (1) the aggravation of an existing injury or sickness or (2) the activation of a latent condition or disease, and provides that a plaintiff may recover damages for the full extent of his or her injuries, including damages for the aggravated or newly activated condition.  As courts applying Florida law have stated the rule:

> [W]here injuries ***aggravate an existing ailment or develop a latent one***, the person whose negligence caused the injury is required to respond in damages for the results of the disease as well as for the original injury.

*Fravel*, 2009 WL 10671272, at \*3 (quoting *Hamblen,* 172 So. at 696) (emphasis added). Consistent with this statement, Florida courts have applied the rule *only* to the aggravation of an existing condition or the activation of a dormant one.  *See Hamblen*, 172 So. at 696 (new injury activated dormant osteomyelitis); *Fravel*, 2009 WL 10671272, at \*3 (traffic accident aggravated preexisting back problems, which in turn aggravated preexisting mental impairments); *Silva*, 527 So.2d at 943 (negligence caused "severe immunological reaction").

Here, the "existing condition" that Plaintiff seeks to bar the jury from considering is Plaintiff's scoliosis.  But Plaintiff does not claim that the tilting or perforation of her Cook IVC filter aggravated her scoliosis in any way, that it adversely affected the surgery

- 4 -

intended to treat that scoliosis, or that it activated any dormant condition.  The eggshell

skull rule thus does not apply here.

> **D.     The risk-benefit analysis performed by Plaintiff's treating physicians make the "eggshell skull" rule inapplicable here.**

Finally, the "eggshell skull" rule does not apply here because Plaintiff's treating

physicians, Dr. Moreno and Dr. Zuzga, specifically considered Plaintiff's scoliosis and

made the conscious medical decision to go ahead with the placement of the IVC filter

notwithstanding that condition.  As the passage that Plaintiff quotes in her motion states,

the "eggshell skull" rule applies "when the defendant's negligence operates upon *a*

*concealed physical condition*."  *See* Pl. Mtn. at 3 (quoting *Silva*, 527 So. 2d at 944

(emphasis added)).  Here, the scoliosis that is the subject of Plaintiff's motion was not a

"concealed physical condition;" both Dr. Moreno and Dr. Zuzga were fully aware of

Plaintiff's scoliosis.  Indeed, the scoliosis was the *very condition that these doctors were*

*treating* when they used the IVC filter, and Dr. Moreno testified that he would not have

performed the procedure without it.

Put another way, this was not a situation where Cook could "take the plaintiff as it

found her."  Cook did not "find her" at all; Plaintiff's own doctors made an independent

decision to use the Celect IVC filter, not only despite but *because of* Plaintiff's known

scoliosis.  Thus, this was not a situation where a manufacturer simply put a product on a

shelf and left consumers to fend for themselves.  The use of the Celect IVC filter in

Plaintiff was the result of a careful risk-benefit analysis by two treating physicians who

- 5 -

Plaintiff agrees were in the best position to judge Plaintiff's physical condition and needs.

Under these circumstances, the rule cannot logically apply.

## CONCLUSION

For the reasons discussed above and in open court on November 8, 2017, Cook

urges the Court to deny Plaintiff's motion for partial JMOL based on the "eggshell skull"

rule.

Respectfully submitted,

Dated: November 9, 2017                          /s/ *Andrea Pierson*
                                                 Andrea Roberts Pierson (# 18435-49)
                                                 John T. Schlafer (# 28771-49)
                                                 FAEGRE BAKER DANIELS LLP
                                                 300 North Meridian Street, Suite 2700
                                                 Indianapolis, Indiana  46204
                                                 Telephone: (317) 237-0300
                                                 Facsimile:  (317) 237-1000
                                                 E-Mail:  andrea.pierson@faegrebd.com
                                                 E-Mail:  john.schlafer@faegrebd.com

                                                 *Counsel for the defendants, Cook Incorporated,*
                                                 *Cook Medical LLC (f/k/a Cook Medical*
                                                 *Incorporated), and William Cook Europe ApS*

- 6 -

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.


/s/ *Andrea Pierson*

US.115035985.01