UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ | ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| This Document Relates to: Brenda Helms, Bankruptcy Trustee for the Estate of Arthur Gage, 1:14-cv-1875-RLY-TAB _____ | ) ) ) ) ) ) | |

**ENTRY ON THE COOK DEFENDANTS' MOTION[1] TO LIMIT DAMAGES**

The Cook Defendants move to limit the damages, if any, Arthur Gage may recover as a result of his failure to disclose this action as an asset in his Chapter 7 bankruptcy case. For the reasons set forth below, the court **DENIES** their Motion.

**I.     Background**

On April 25, 2011, Plaintiff was implanted with a Cook Gunther Tulip IVC filter. (Defendants' Ex. A, Pl. Prof. Form at 1).

On November 14, 2014, Plaintiff commenced this lawsuit against the Cook Defendants, asserting claims for damages related to the implantation of the Tulip filter.

---

[1] This motion was originally entitled "Cook Defendants' Motion to Dismiss for Lack of Standing or, in the Alternative, to Limit Damages." (*See* Filing No. 5373). Since the filing of this Motion, the Trustee, Brenda Helms, has been substituted as the real party-in-interest. The issue of standing is therefore moot. Accordingly, those arguments advanced by the Plaintiff shall be deemed to have been made by the Trustee.

1

(*See* Case No. 1:14-cv-1875-RLY-TAB, Compl.).  On March 18, 2015, Plaintiff served his Plaintiff Profile Form.  In response to the question on that form that asked, "Have you filed for bankruptcy from 5 years prior to the date of first placement of the Inferior Vena Cava Filter [April 2011] to the present?," Plaintiff checked "No."  (Pl. Prof. Form at 3).

On August 10, 2015, Plaintiff filed for Chapter 7 bankruptcy protection, and was represented by attorney Nathan Delman.  (*See generally*, Defendants' Ex. C, Docket Sheet, Bankr. Pet. No. 15-27259 (N.D. Ill.).  Plaintiff did not schedule the present action as an asset.  (*See, e.g.*, Defendants' Ex. D, Bankr. Pet. at 11).

On September 14, 2015, the Trustee of Plaintiff's bankruptcy estate, Brenda Porter Helms, filed her Chapter 7 Report of No Distribution.  (Docket Sheet, Bankr. Pet. No. 15-27259 at 2).  In that report, the Trustee stated that "there is no property available for distribution from the estate over and above that exempted by law."  (*Id.*).  On November 10, 2015, the bankruptcy court issued its Order discharging Plaintiff—abandoning $0.00 of assets, exempting $5,057.00 of assets, and discharging $18,880.00 of scheduled claims without payment.  (*Id.* at 3).  Three days later, the bankruptcy case was closed and the Trustee was discharged.  (*Id.*).

On October 16, 2016, Plaintiff served his response to Cook Interrogatory No. 3, which asked him to "[i]dentify and describe all legal claims ever made by or against you," and requested information concerning such proceedings.  (Defendants' Ex. I, Plaintiff's Answers to Interrogatories at 9).  Plaintiff identified only the settlement of a claim involving a car accident.  (*Id.*).  Plaintiff never updated or filed an amended

2

Plaintiff's Profile Form that either identified the bankruptcy filing or certified that the bankruptcy Trustee had been notified of his claim against the Cook Defendants.

On January 9, 2017, Plaintiff was deposed in this action a second time. When asked if he had ever declared bankruptcy, Plaintiff responded, "Yes." (Plaintiff's Ex. C, Deposition of Arthur L. Gage, Sr. at 146).

On July 13, 2017, the Cook Defendants filed the present Motion. Two days later, Plaintiff's counsel reached out to the Chapter 7 Trustee in an effort to reopen the bankruptcy and correct the omission of the current action from the bankruptcy. The Chapter 7 Trustee agreed to reopen the proceeding, and the bankruptcy court granted the same on August 14, 2017. (*See* Filing No. 6663, Brief in Support of Motion for Substitution of Bankruptcy Trustee as Plaintiff/Real Party-In-Interest at 2). The Chapter 7 Trustee is now the real party-in-interest in this action.

**II.   Discussion**

The Cook Defendants argue that the doctrine of judicial estoppel requires that any monetary recovery be capped at the amount of all valid and allowed claims in Plaintiff's bankruptcy proceeding ($18,880), plus interest, and the fees the Trustee incurred in the administration of the bankruptcy estate. The Trustee responds that Plaintiff inadvertently failed to list this action on his bankruptcy schedule, and capping his damages would make the prosecution of this action economically infeasible.

Judicial estoppel is an equitable doctrine that serves to protect the integrity of the judicial process. *See Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990). It "generally prevents a party from prevailing in one phase of a case on an argument and then relying

3

on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The doctrine is often applied to a debtor's cause of action when the debtor "conceals a legal claim and denies owning the asset in bankruptcy." *Matthews v. Potter*, 316 Fed.Appx. 518, 522 (7th Cir. 2009). However, "judicial estoppel must not be applied in a way to injure innocent creditors," nor to debtors who make innocent and inadvertent mistakes. *Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 360 (7th Cir. 2015); *New Hampshire*, 532 U.S. at 753 (holding that it may be appropriate to resist application of judicial estoppel where a creditor innocently or mistakenly failed to disclose an existing claim in his bankruptcy schedules).

In support of their Motion, the Cook Defendants rely principally on *Wiggins v. Citizens Gas & Coke Utility*, No. 1:03-cv-1882-SEB-JMS, 2008 WL 4530679 (S.D. Ind. Oct. 7, 2008). There, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 1, 2002, alleging that his employer discriminated against him. *Id.* at *1. Approximately two months later, he filed a petition for Chapter 7 bankruptcy protection, and did not disclose his EEOC charge. *Id.* After the Trustee reported no receipt or distribution of assets, the bankruptcy court granted the plaintiff a discharge of his debts and closed the case. *Id.*

Two years later, the plaintiff filed a lawsuit against his employer based on the alleged discrimination set forth in his EEOC charge. *Id.* In response to his employer's interrogatory, the plaintiff denied filing a personal bankruptcy after June 12, 2002. *Id.* Over five years later, and on the eve of trial, the employer notified the court that the plaintiff had, in fact, filed a bankruptcy petition since June 2002 and that he failed to

4

disclose his EEOC charge in his Chapter 7 bankruptcy petition. *Id.* After the employer filed a motion to dismiss, the plaintiff persuaded the bankruptcy court to reopen his case, he declared his employment discrimination claim to the bankruptcy court, and the district court substituted the Trustee as the real party in interest for the plaintiff's claim. *Id.*

The district court held that judicial estoppel applied and that the plaintiff's damages should be capped. Relying on a Fifth Circuit case, the court noted that inadvertence can exist only where the debtor either is unaware of the claims or has no motive to conceal them. *Id.* at *2 (citing *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600-01 (5th Cir. 2005)). The court rejected the plaintiff's assertion that he was unaware of his duty to disclose his claim, noting that "it is not the duty [to disclose] of which debtors must be unaware, but the facts giving rise to their claims." *Id.* at *3. In addition, the court found the plaintiff had motive to conceal based on two facts: (1) he lied in his answer to the defendant's interrogatory denying his filing of a personal bankruptcy after June 12, 2002, and (2) he obtained a discharge of his debts from the bankruptcy court. *Id.* Finally, the court rejected the Trustee's argument that any failure to disclose was cured by the reopening of the bankruptcy case, the amended declaration of his claims, and the Trustee's appearance in the case. *Id.* "Corrective action taken only after being 'caught' and compelled to do so by one's opponent is too late; it is not a defense to the application of judicial estoppel." *Id.*

The Trustee argues that *Metrou*, *supra.*, controls the disposition of this Motion. In *Metrou*, the plaintiff disclosed his worker's compensation claim in his Chapter 7 bankruptcy schedules. *Id.* at 358. After his bankruptcy case was closed, his lawyers

5

informed him he may have a tort claim against someone other than his employer. *Id.* at 359. Thereafter, he filed a lawsuit against two entities he believed contributed to his injuries. *Id.* at 358. The defense moved to dismiss for his failure to list the tort claim on his bankruptcy schedules. *Id.* The plaintiff then notified the Trustee, who reopened his bankruptcy, and moved to be substituted as the real party in interest to plaintiff's claims. *Id.* The district court granted the Trustee's motion. *Id.* In response to a defense motion, the court ruled that the Trustee's damages could not exceed the value of the debts that had not be paid, even though the plaintiff's omission was an innocent mistake. *Id.* The Trustee filed an interlocutory appeal. *Id.* at 359. The question presented was whether "the right to turn the *whole* tort claim over to the Trustee in bankruptcy expires as soon as defendants in the tort suit discover the omission from the bankruptcy." *Id.* (emphasis in original).

The Seventh Circuit reversed. *Id.* at 359-60. The court held that the Trustee was "entitled to pursue [the undisclosed tort claim] as an asset of the estate in bankruptcy." *Id.* at 360. It rejected the imposition of a damages cap, noting such a restriction does not apply to an action maintained by the Trustee "who is not even arguably culpable for misconduct." *Id.* Such a restriction, the court reasoned, could injure creditors in the debtor's bankruptcy estate by "[r]educing the stakes in the tort suit." *Id.*

The court agrees with the Trustee that *Metrou* controls the resolution of this Motion. Although *Wiggins* is far more favorable to the Cook Defendants, the court is bound by the Seventh Circuit's decision in *Metrou*, which issued seven years after the district court's decision in *Wiggins*. Thus, the fact that Plaintiff failed to disclose this

6

action in his bankruptcy schedules—whether intentional or not—is not dispositive. "The rationale of judicial estoppel—to prevent litigants from benefitting from adopting inconsistent positions—does not apply where, as here, the bankruptcy estate is the one pursuing the claim on behalf of the creditors." *Herrera-Nevarez v. Ethicon, Inc.*, No. 17-c-3930, 2017 WL 2591989, at *3 (N.D. Ill. June 15, 2017). "Whether [Plaintiff] tried to hide the claim in bankruptcy" is, as the Seventh Circuit explained, "more appropriately addressed to the bankruptcy judge." *Metrou*, 781 F.3d at 360. The bankruptcy judge "can decide . . . what disposition to make of any proceeds that remain after paying counsel and the creditors." *Id.* If the bankruptcy judge finds the debtor "was trying to deceive his creditors," then he or she "may decide to give the creditors a bonus or perhaps any excess to the defendants in this tort suit." *Id.*

### III. Conclusion

The court finds judicial estoppel does not apply to this proceeding. Therefore, the Cook Defendants' Motion to Limit Damages (Filing No. 5373) is **DENIED**.

**SO ORDERED** this 22nd day of November 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.