

A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By _____
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**
4:06 pm, Dec 06, 2017
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

MDL No. 2570

### TRANSFER ORDER

**Before the Panel:**[*]  Plaintiff and defendant Albeir Y. Mousa, M.D., move under Panel Rule 7.1 to vacate our order conditionally transferring the action listed on Schedule A to MDL No. 2570. Defendants Cook Incorporated and Cook Medical LLC oppose the motions to vacate.

After considering the argument of counsel, we find this action involves common questions of fact with the actions transferred to MDL No. 2570, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Like many of the already-centralized actions, this action involves factual questions arising from allegations that defects in the design of the Cook defendants' inferior vena cava filters make them more likely to fracture, migrate, tilt, or perforate the vena cava, causing injury.  *See In re: Cook Med., Inc., IVC Filters Marketing, Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379 (J.P.M.L. 2014).

In support of the motions to vacate, movants argue that federal subject matter jurisdiction is lacking; and that transfer would cause them prejudice, undue delay, and inconvenience.  Plaintiff further argues that she alleges unique medical negligence claims against her physician.  The Panel regularly holds that jurisdictional issues do not present an impediment to transfer, as movants can present these arguments to the transferee judge.[1]  *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).  We also are not convinced that movants' purported inconvenience or prejudice makes transfer unwarranted.  While transfer of a particular action might inconvenience or delay some parties to that action, such a transfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole.  *See, e.g., In re: Crown Life Ins. Premium Ins. Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

---

[*]  Judge Lewis A. Kaplan and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]  Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

Regarding plaintiff's argument that she brings unique medical negligence claims, the Panel has rejected similar arguments advanced by plaintiffs in actions transferred to MDL No. 2570. *See, e.g.,* Transfer Order, MDL No. 2570, ECF No. 318 (J.P.M.L. Aug. 1, 2017) ("MDLs involving medical devices often include similar claims against healthcare defendants"). We are not persuaded that a different result is warranted here.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable Richard L. Young for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
R. David Proctor           Catherine D. Perry

**IN RE: COOK MEDICAL, INC., IVC FILTERS**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2570

## SCHEDULE A

<u>Southern District of West Virginia</u>

LOWTHER-BERMAN v. COOK INC., ET AL., C.A. No. 2:17-03852
SD/IN Cause No. 1:17-cv-06087-RLY-TAB