UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Adela R. Fernandez 1:17-cv-06058-RLY-TAB _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

# ENTRY ON PLAINTIFF'S MOTION TO RECONSIDER ORDER ON DISMISSAL

Adela R. Fernandez ("Plaintiff") is a resident and citizen of California. (Filing No. 1-1, Petition ¶ 6). Her claims arise out of injuries allegedly sustained after being implanted with an unidentified Cook IVC Filter on January 19, 2015, at the John F. Kennedy Memorial Hospital in Indio, California. (Filing No. 22, Affidavit ¶ 1). The Cook Defendants are residents of and have their principal places of business in Indiana or Denmark (William Cook Europe). (Petition ¶¶ 8-11). Plaintiff filed her Petition in the Missouri Circuit Court for the Twenty-Second Judicial Circuit in St. Louis, Missouri.[1]

---

[1] The Cook Defendants removed the action to the United States District Court for the Eastern District of Missouri. (Filing No. 1, Notice of Removal). The case was later transferred here pursuant to United States Judicial Panel's Conditional Transfer Order. (Filing No. 12, Conditional Transfer Order).

1

On August 8, 2017, the court dismissed Plaintiff's claims without prejudice for lack of personal jurisdiction over the Cook Defendants pursuant to Federal Rule of Civil Procedure 12(b)(2). Specifically, the court held that Plaintiff, who is a citizen of California and had her IVC filter placed in California, could not establish general[2] personal jurisdiction over the Cook Defendants in the State of Missouri. She moves the court to reconsider its ruling because "there is no question that *this* Court, the United States District Court, Southern District of Indiana, has personal jurisdiction over Defendants." (Filing No. 25, Motion to Reconsider at 2) (emphasis added).

"In an MDL proceeding, the MDL court [] has jurisdiction over cases transferred to it under 28 U.S.C. § 1407 if the originating, transferor courts would have jurisdiction." *In re Testosterone Replacement Therapy Prods. Litig. Coordinated Pretrial Proceedings*, 136 F. Supp. 3d 968, 973 (N.D. Ill. 2015) (citing *In re FMC Corp. Patent Litig.*, 422 F.Supp. 1163, 1165 (Jud. Pan. Mult. Lit. 1976) ("Following a transfer, the transferee judge has all the jurisdiction and powers over the pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.")). Here, the originating court in Missouri did not have personal jurisdiction over the Cook Defendants. Therefore, this court does not have personal jurisdiction over the Cook Defendants.

Rather than dismiss her case, Plaintiff asks this court to recommend to the Judicial Panel on Multidistrict Litigation ("JPML") that (1) the Panel transfer this case

---

[2] Plaintiff did not argue specific personal jurisdiction.

2

(presumably to the Central District of California, the district in which her surgery took place) or (2) allow Plaintiff the opportunity to make such request to the Panel herself. As the court explained in its prior Entry, the court does not have the power to transfer an MDL case on its own. *See Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998) (holding that an MDL court holding pretrial proceedings pursuant to § 1407(a) has no authority to invoke § 1404(a) to assign a transferred case to itself for trial). Furthermore, Plaintiff's request for leave to file a motion to transfer with the Panel, sought for the first time in this motion, simply comes too late. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

    For these reasons set forth above, Plaintiff's Motion to Reconsider (Filing No. 5657) is **DENIED**.

**SO ORDERED** this 13th day of December 2017.

                                  RICHARD L. YOUNG, JUDGE
                                  United States District Court
                                  Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.