# Exhibit 3

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PERRY JEWETT and KRISTI JEWETT,<br><br>    Plaintiffs,<br><br>  vs.<br><br>BRIAN R. BAXTER, M.D.; RADIOLOGY ASSOCIATES IMAGING GROUP, LLC; RAPID CITY REGIONAL HOSPITAL, INC.; COOK GROUP, INCORPORATED; COOK MEDICAL, INCORPORATED; COOK MEDICAL, LLC; COOK INCORPORATED; MEDICAL ENGINEERING AND DEVELOPMENT INSTITUTE, INC.; COOK MEDICAL TECHNOLOGIES; COOK DENMARK; COOK DENMARK HOLDING APS; COOK GROUP EUROPE APS; COOK NEDERLAND BV; WILLIAM COOK EUROPE APS; MED INSTITUTE, INC.; and COOK MEDI INSTITUTE, INC.,<br><br>    Defendants. | CIV. 17-5036-JLV<br><br><br><br>ORDER |

## BACKGROUND

Plaintiffs Perry and Kristi Jewett filed this action against defendants in South Dakota state court. (Docket 1-1 at pp. 3-35). The complaint alleges ten counts: medical negligence, vicarious liability, strict products liability failure to warn, strict products liability design defect, negligence, breach of express warranty, breach of implied warranty, violations of consumer fraud and unfair and deceptive trade practices, loss of consortium and punitive damages. Id. at pp. 15-32.

Defendants removed the case to this court. (Docket 1). Defendants then moved the court to sever the defendants. (Docket 6). Defendants also filed a motion to stay the case pending a decision from the United States Judicial Panel on Multidistrict Litigation ("JPML") "on transfer of this case to the Southern District of Indiana as part of MDL[1] No. 2570, *In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation*." (Docket 8 at pp 1-2). Plaintiffs filed a motion to remand the case to state court and a motion to expedite the briefing schedule for the remand motion, or alternatively a motion for *sua sponte* review of jurisdiction. (Dockets 11 & 15).

On May 12, 2017, shortly after defendants' removal and each side's motions, the clerk of the JPML entered a conditional transfer order ("CTO") pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation and 28 U.S.C. § 1407. (Docket 17-1 at p. 1). The CTO transfers this case "to the Southern District of Indiana . . . and, with the consent of that court, [is] assigned to the Honorable Richard L. Young." Id. The CTO goes on to state:

> This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of Indiana. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7-day period, the stay will be continued until further order of the Panel.

Id. In light of the CTO, the court finds it necessary to enter this order resolving defendants' pending motion to stay the case.

---
[1]Multidistrict Litigation.

**DISCUSSION**

"The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997); see Kreditverein der Bank Austria v. Nejezchleba, 477 F.3d 942, 948 (8th Cir. 2007) (citing Jones for this proposition). A "district court ha[s] the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." Contracting Northwest, Inc. v. City of Fredericksburg, Iowa, 713 F.2d 382, 387 (8th Cir. 1983); Gen. Mills Mktg. v. Fritsch GmbH, No. 11-2099, 2012 WL 12894829, at *2 (D. Minn. Apr. 17, 2012) (citing Contracting Northwest for this proposition). "Courts frequently grant stays when an MDL decision is pending, particularly when the plaintiff would not be prejudiced by a slight delay." Noland v. Enter. Holdings, Inc., No. 10-2140, 2010 WL 2555122, at *1 (D. Kan. June 22, 2010) (citing Cajun Offshore Charters, LLC v. BP Prods. N. America, Inc., No. 10-1341, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010)). "When, as here, the MDL panel has already issued a conditional transfer order, the majority of courts have concluded that it is appropriate to stay the case pending a final decision by the MDL panel because the delay is typically brief and a stay would further the aim of judicial efficiency." Id. (collecting cases from United States District Courts from the Southern District of Alabama, Northern District of California, Northern District of Illinois and Eastern District of Louisiana).

In Edens v. Volkswagen Group of American, Inc., the United States District Court for the District of Minnesota considered circumstances parallel

3

to this case. No. 16-CV-0750, 2016 WL 3004629, at *1-2 (D. Minn. May 24, 2016). The Edens defendant moved to stay the case, and a CTO for the case was pending. Id. at *2. The Edens court stated the following on MDLs in connection with this situation:

> The purpose of an MDL is to coordinate or consolidate pretrial proceedings "for the convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Such coordination is necessary to "avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." In re Vioxx Prods. Liab. Litig., 360 F.Supp.2d 1352, 1354 (J.P.M.L. 2005). Therefore, deferring the resolution of certain pretrial matters until the Judicial Panel on Multidistrict Litigation ("JPML") renders a decision as to whether a case should be transferred to the MDL court may be appropriate. Calder v. A.O. Smith Corp., No. 04–cv–1481, 2004 WL 1469370, at *1 (D. Minn. June 1, 2004). Indeed, to conserve judicial resources, "it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel." See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (observing that a majority of courts have reached this conclusion).

Id. On the issue of whether to stay the case, Edens found conservation of judicial resources weighed in favor of a stay. Id. Because a CTO was entered, Edens noted the "JPML will consider [plaintiffs'] objections to transfer . . . ." Id. "Absent a stay, if this case is transferred to the MDL, this Court will have expended its resources familiarizing itself with the facts and law of the case that will be heard by another judge." Id.

Although plaintiffs here may experience prejudice from the stay, the court finds it "would be minimal." Id. Similar to the Edens court, this court "is mindful that there will be some delay and inconvenience to [plaintiffs] if a stay is granted." Id. "But if this case is transferred to the

4

MDL, the efficiencies gained through the MDL will benefit *all* parties." Id. (emphasis in original).

The court finds the advantages of staying the case and conserving judicial resources outweigh the prejudice potentially inflicted on plaintiffs. See id. Based on the above analysis, it is

ORDERED that defendants' motion to stay the case (Docket 8) is granted pending resolution of the CTO in MDL No. 2570, In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation.

Dated June 1, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE