IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 2570 |

This Document Relates to:
1:17-cv-6077-RLY-TAB     Jewett
1:17-cv-6078-RLY-TAB     Givney
1:17-cv-6079-RLY-TAB     Strickland
1:17-cv-6081-RLY-TAB     Brownlow

### PLAINTIFFS' RESPONSE TO THE COOK DEFENDANTS' OPPOSED MOTION FOR LEAVE TO COMPLETE BRIEFING

Pursuant to the Court's Order On Transferred Case [Docket No. 7312], Plaintiffs and the Cook Defendants filed a Joint Notice Identifying Pending Motions and those in need of a ruling [Docket No. 7370] on December 20, 2017 and. On the same date, the Cook Defendants filed an Opposed Motion for Leave to Complete Briefing in *Jewett*, *Givney*, *Strickland*, and *Brownlow* [Docket No. 7371].[1] In support of this Response in Opposition, the Plaintiffs state as follows:

The Cook Defendants argue, without citing any authority or support, that briefing is not complete because the matters were stayed pending transfer to MDL No. 2570, that the briefing remains stayed, and further request a briefing schedule to allow the Cook Defendants additional time to complete additional briefing. Plaintiffs oppose the Cook Defendants' Motion and argue that the stays were only granted pending transfer by the JPML to MDL No. 2570, that the briefing is complete, and each of the cases are ripe for ruling.

---

[1] The Cook Defendants also included the *Osorio* case, 1:17-cv-6072-RLY-TAB, in the Opposed Motion for Leave to Complete Briefing. The *Osorio* case is not included with this Response and a separate Response will be filed separately and directly in the *Osario* case by counsel for the Plaintiff.

Plaintiffs' Response to the Cook Defendants' Opposed Motion for Leave to
Complete Briefing                                                                                                                                          1

# I.
# THE COURT LACKS JURISDICTION TO RULE ON THE COOK DEFENDANTS' MOTION TO SEVER

As more fully argued in Plaintiffs' Motions for Remand and Briefs in Support of Remand, as well as Plaintiffs' Responses to Motions to Stay and Responses to Motions to Sever, all of which are identified in the Joint Notice Identifying Pending Motions [Docket No. 7370], subject-matter jurisdiction is **the** threshold determination in any case brought in federal court. Plaintiffs believe this Court will find that the nondiverse defendants were not fraudulently misjoined. As there is no fraudulent misjoinder in any of the cases in which the Cook Defendants now seek additional briefing, this Court lacks subject matter jurisdiction and the determination of severance or improper joinder under Rule 21 is inappropriate.[2] Therefore, the only proper remedy is to remand each case to the proper state court jurisdiction before considering any other issue.

In *Jewett*, *Givney*, *Strickland*, and *Brownlow*, the Cook Defendants are seeking a briefing schedule that would allow them to file a reply in support of the Motion to Sever in each case. As stated above, in Plaintiffs' Motions and Briefs in Support, as well as Plaintiffs' Notice of Supplemental Authority in nearly identical IVC Filter cases, there is no need for additional delay in order to allow the Cook Defendants to file a Reply, as the question of severance should not be considered prior to remand. And, if this Court finds that the cases shall be remanded to their proper

---

[2] *See In re Bard IVC Filters Prods. Liab. Litig.* [This Order Relates to: *Wayne Ruden v. C.R. Bard, Inc., et al.*,] 2016 U.S. Dist. Lexis 60720 *152 (D. Ariz. May 4, 2016) ("*[A] court's use of Federal Rule of Civil Procedure 21 presumes that the court has subject matter jurisdiction over the claims. Given that CPMC [Health Care Defendant] was nor fraudulent misjoined, **the Court lacks diversity jurisdiction and the proper remedy is to remand...**") (emphasis added); *see also In re Bard IVC Filters Prods. Liab. Litig.* [This Order Relates to: *Bianca Fraser-Johnson, et al., v. C.R. Bard, Inc., et al.*,] 2016 U.S. Dist. LEXIS 69025 *174 (D. Ariz. May 23, 2016) ("*Prior to removal, Bard filed a motion to sever and remand Plaintiffs' claims against the nondiverse Defendants...Because there is no complete diversity between the parties [finding no fraudulent misjoinder], the Court lacks subject matter jurisdiction to resolve this motion.*") (Emphasis added).

Plaintiffs' Response to the Cook Defendants' Opposed Motion for Leave to
Complete Briefing                                                                                      2

state court jurisdictions in which they were originally filed, then this Court lacks jurisdiction to consider any other issue, including severance.

## II.
## Orders on the Cook Defendants' Motions to Stay

The Cook Defendants argue that the stays issued by the United States District Courts stay the briefing in each case and that such briefing remains stayed today. However, the Cook Defendants provide no authority or support for their argument. Moreover, the Orders attached to the Cook Defendants' Opposed Motion for Leave to Complete Briefing confirm that the cases were only stayed pending the JPML decision on Transfer to MDL No. 2570. None of the Orders issued by the United States District Courts order the stay of briefing. Additionally, each of the cases have now been transferred to this MDL No. 2570, and nothing prohibited the Cook Defendants from submitting their briefing in this Court. The intent of the Cook Defendants is clear, and that is they want to continue to delay the ruling on Plaintiffs' Motions for Remand and further prejudice the Plaintiffs from having their matter heard in the proper state court jurisdiction in which they originally filed. Plaintiffs request that the Cook Defendants not be allowed additional time to file additional briefing.

In addition to the request for additional briefing related to the severance noted above, the Cook Defendants further seek additional time to file a Response to Plaintiff's Motion for Remand in *Strickland*. The Cook Defendants again rely on the statement that "[t]he briefing remains stayed." As stated above, the Cook Defendants provide no authority or support for their argument. Moreover, nothing prohibited the Cook Defendants from filing a Response to Plaintiff's Motions for Remand after the stay was issued or after the case was transferred by the JPML to MDL No. 2570. Furthermore, a reading of the Cook Defendants' Responses to each of the Remands is virtually identical and it is anticipated that if allowed additional time to file a Response, the Cook

Plaintiffs' Response to the Cook Defendants' Opposed Motion for Leave to
Complete Briefing                                                                                                     3

Defendants will continue to make the same arguments as they have in prior briefing. The only logical explanation for their request for additional briefing is to continue to delay the ruling on Plaintiff's Motion for Remand and further prejudice Mr. Strickland from having his matter heard in the proper state court jurisdiction in which he originally filed.

### III.
### ALL BRIEFING IS COMPLETE AND THE MATTERS ARE RIPE FOR RULING

The Joint Notice Identifying Pending Motions [Docket No. 7370] properly lists each of the pending motions in need of a ruling. In *Jewett*, *Givney*, *Strickland*, and *Brownlow*, the issues, and specifically, the threshold issue of subject matter jurisdiction at issue in Plaintiffs' Motions for Remand, have been fully briefed and are ripe for ruling by this Court. The ongoing delay by the Cook Defendants based on their wrongful removal, and now request for additional time for briefing that is already complete, continues to unfairly prejudice the Plaintiff. Therefore, Plaintiffs ask this Court to deny the Cook Defendants' Motion for Leave to file Additional Briefing and issue a ruling based on the briefing on file as of the filing of the Joint Notice.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court deny the Cook Defendants' Opposed Motion for Leave to Complete Briefing and proceed expeditiously to rule on, and grant, Plaintiffs' Motions for Remand.

Respectfully Submitted,

/s/David P. Matthews
**David P. Matthews**
Texas Bar No. 13206200
dmatthews@thematthewslawfirm.com
**Julie L. Rhoades**
Texas Bar No. 16811710
jrhoades@thematthewslawfirm.com
**MATTHEWS AND ASSOCIATES**
2509 Sackett St.
Houston, TX 77098
P: 713.522.5250
F: 713.535.7184

**Tim K. Goss**
Texas Bar No. 08222660
tim@freeseandgoss.com
**Rich Freese**
*(pro hac vice application forthcoming)*
rich@freeseandgoss.com
**Kevin L. Edwards – Of Counsel** Texas Bar No. 24040853
kevin@freeseandgoss.com
**Peter de la Cerda – Of Counsel** Texas Bar No. 24045769
peter@freeseandgoss.com
**FREESE & GOSS, PLLC**
3500 Maple Ave., Ste. 1100
Dallas, TX 75219
P: 214.761.6610
F: 214.761.6688

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk for the United States District Court for the Southern District of Texas pursuant to its electronic case filing system (ECF). The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have

Plaintiffs' Response to the Cook Defendants' Opposed Motion for Leave to Complete Briefing                    5

consented to accepting service via this method.  I further certify that the Defendant Savage has been served at the following address of her counsel by certified mail return receipt requested:

    Clare M. Savage, M.D.
    c/o her attorneys of record
    C. Timothy Reynolds
    Steed, Dunhill, Reynolds, Bailey & Stephenson, LLP
    1010 W. Ralph Hall Pkwy., 2nd Floor
    Rockwall, TX 75032

Certified to the 21th day of December, 2017 by:

                                            /s/David P. Matthews
                                            **David P. Matthews**