IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL NO. 2570

_____

This Document Relates to:
1:17-cv-6072-RLY-TAB      Osorio
1:17-cv-6077-RLY-TAB      Jewett
1:17-cv-6078-RLY-TAB      Givney
1:17-cv-6079-RLY-TAB      Strickland
1:17-cv-6081-RLY-TAB      Brownlow
_____

## COOK DEFENDANTS' REPLY IN SUPPORT OF
## MOTION FOR LEAVE TO COMPLETE BRIEFING

"The standard briefing schedule in the Southern District of Indiana allows the Court to receive three briefs: initial motion, the adverse party's response and the moving party's reply. This three-brief process allows the Court to entertain a full hearing on the motion." *Birch v. Kim*, 977 F. Supp. 926, 928 (S.D. Ind. 1997). There is no dispute (at least no reasonable dispute) that the briefing on the jurisdiction-related issues in *Strickland*, *Osorio*, *Jewett*, *Givney*, and *Brownlow* is incomplete. The Cook Defendants therefore ask only to make their record and for the customary three briefs, not for delay.

**I.    The Briefing On The Pending Motions Is Incomplete And The Motions Are Not Yet Ripe For Ruling.**

Each of the above-captioned case was stayed or transferred before the completion of briefing. In *Strickland*, the case was stayed before the Cook Defendants could file a response to the plaintiffs' motion to remand. And in *Strickland*, *Osorio*, *Jewett*, *Givney*, and *Brownlow*, the

cases were stayed before the Cook Defendants could file replies in support of their motions to sever. The plaintiffs don't dispute this.

These cases are now in this Court and subject to this Courts' rules. This Court's rules allow for three briefs: a motion, a response, and a reply. LR 7-1. The plaintiffs don't dispute this either.

All the Cook Defendants are asking for is to complete the briefing on the pending motions so the Court is fully advised of the issues before ruling. The Court has the authority to allow this; for the Court has "substantial inherent power to control and to manage its docket." *Strandell v. Jackson Cty., Ill.*, 838 F.2d 884, 886 (7th Cir. 1987).

Nevertheless, having filed all of the briefs that they are entitled to file, the plaintiffs argue these cases are all the same, and so the Cook Defendants should not be allowed to complete their briefing. If accepted, this position would not only deny the Cook Defendants their reciprocal right to fully brief the issues, it would completely ignore the autonomy of each individual case. Although these cases present the same basic issues, each was filed separately and each arose out of a circuit different than our own: the Fifth Circuit (in the case of *Givney*, *Strickland*, and *Brownlow*), the Eighth Circuit (in the case of *Jewett*), and the Ninth Circuit (in the case of *Osario*). Now that these cases are in this Court, however, Seventh Circuit law applies to the federal questions presented by the parties' motions. *See In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 199 F.R.D. 304, 306 n.1 (S.D. Ind. 2001). This alone counsels in favor of allowing the Cook Defendants to complete their briefing.

Regardless of which party is right on the merits, all parties are entitled to fully make their record. And that is all the Cook Defendants request—the opportunity to fully make their record.

## II. The Plaintiffs Are Wrong On The Merits.

Two final points for the record. First, the Cook Defendants disagree with the plaintiffs' assertion that the Court does not have the authority to sever the non-diverse defendants. The Court quite clearly does have that authority. For "[b]y now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.' Indeed, the [Supreme] Court held in *Newman–Green* that courts of appeals also have the authority to cure a jurisdictional defect by dismissing a dispensable nondiverse party. " *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) (quoting and citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832 & 837 (1989)). That authority should be exercised here. These cases belong in the MDL—an MDL plaintiffs' counsel asked for. The Cook Defendants shouldn't have to defend the same products against the same basic claims in different state courts quite literally spread across the country when an MDL already exists for the purpose for centralizing Cook filter litigation.

Second, and separately, the Cook Defendants also disagree with the plaintiffs' contention that the plaintiffs have not misjoined medical malpractice claims with product liability claims. Although some courts in this context have rejected the concept of procedural misjoinder (or fraudulent misjoinder, as it also called), other district courts have accepted it. *See, e.g., Sutton v. Davol*, 251 F.R.D. 500 (E.D. Cal. 2008) (finding procedural misjoinder where the plaintiff joined products liability claims with medical malpractice claims); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2007 WL 2572048, at *2 (D. Minn. Aug. 30, 2007) (denying remand where the plaintiff joined products liability claims against a defibrillator manufacturer and a medical negligence claim against a physician); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004) (holding the defendants' statutory right of removal had been frustrated by the

3

plaintiffs' improper joinder of a non-diverse doctor and sales representative); *In re Rezulin Prod. Liab. Litig.*, 2003 WL 21276425, at *1-2 (S.D.N.Y. Jun. 2, 2003) (finding a nondiverse physician was procedurally misjoined with claims against a drug manufacturer). The rationale for following those courts that have adopted and applied procedural misjoinder in this context is particularly compelling given the existence of an MDL, which is designed to ensure uniform, efficient resolution of claims involving Cook IVC filters. *See*, *e.g.*, *Sutton*, 251 F.R.D. at 504 ("Defendants' legal and factual position is compelling, especially in the context of MultiDistrict Litigation.").

So each of these—severance and procedural misjoinder—constitutes an independent basis on which to retain jurisdiction over the claims against the Cook Defendants.

## CONCLUSION

The Cook Defendants respectfully request leave to complete briefing on the pending motions and, once having done that, for the Court to retain jurisdiction over these cases.

Dated: December 26, 2017          Respectfully submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone:   (317)237-0300
Facsimile:    (317)237-1000
Andrea.Pierson@FaegreBD.com
John.Schlafer@FaegreBD.com

*Counsel for Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS*

4

## CERTIFICATE OF SERVICE

I certify that on December 26, 2017, a copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR LEAVE TO COMPLETE BRIEFING** was filed electronically. Parties may access this filing through the Court's electronic records system.

/s/ Andrea Roberts Pierson·········
Andrea Roberts Pierson

US.115720790.02