IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570<br><br>**Plaintiffs' Motion to Compel Depositions** |
| This Document Relates to<br>    1:14-cv-06018-RLY-TAB | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

COMES NOW the Plaintiff, Tonya Brand, pursuant to Federal Rules of Civil Procedure 26, 30 and 37 and Local Rule 37-1 and moves to compel the production of documents and the depositions of several Cook agents and/or employees. In support of this motion, the Plaintiff states:

"Ms. Brand was scheduled for spine surgery on March 19, 2009. On that day, Ms. Brand was taken to the OR and Mark Rheudasil, MD placed a Cook Celect into her inferior vena cava. Once the filter was in place, Thomas Morrison, II, MD performed the surgery on her spine. The Cook Celect IVC filter was implanted as a prophylactic measure ostensibly to prevent the development a pulmonary embolus." On June 17, 2011, Ms. Brand pulled a piece of metal out of her thigh which was later confirmed to be a piece of her IVC filter. Dr. Rheudasil's office reported the fact that Ms. Brand's filter had fractured to a Cook sales representative, Tamara Clemmer, on June 22, 2011. On or about Tuesday, June 28, 2011, Darrell Talbert, Cook's global product manager, met with Dr. Rheudasil for the specific purpose of discussing Ms. Brand's fractured filter. On July 14, 2011 there was an unsuccessful attempt to remove the fractured IVC filter. That surgery was performed by Mark Rheudasil, MD. On October 22, 2015, Dr. Rheudasil performed an open

retrieval procedure that successfully removed the main body of her Celect filter but left a piece of the filter behind.

Cook's internal investigation of Ms. Brand's filter fracture began on June 22, 2011 and led to the creation of a document titled the "Single Complaint Report". According to that report, Cook's investigation into Ms. Brand's failed IVC filter was conducted by Lykke S. Iversen, a Cook Quality Engineer. Ms. Iversen was assisted by several other Cook employees including Annette Luneborg, a Complaint Coordinator with Regulatory Affairs and Thomas Willads Jensen, a Product Manager. Cook also consulted with a Dr. Griffin, whose review of Ms. Brand's imaging and medical records was included as part of the report.

Cook provided two versions of the Brand complaint files in discovery. Those complaint files are designated as separate Single Complaint Reports". Both "Single Complaint Report(s)" listed but did not attach 28 documents identified in them as "Attached Files". CMO 4 requires that Cook fully answer Defendant Fact Sheets in all Bellwether cases including Brand. Section VI(D) of the Defendant's Fact Sheet itself specifically requires provision of a true and complete copy of the complaint file (in this case the "Single Complaint Report(s)". Cook has never provided the actual attachments though plaintiff has asked for them on several occasions and without question is entitled to them and seeks an order compelling their production

Plaintiff has asked for the depositions of Darrell Talbert, Lykke S. Iversen, Annette Luneborg, Thomas W. Jensen, Dr. Griffin, Meg Senker Donley and Don Archie.

Cook has refused to tender Mr. Talbert, Ms. Iversen, Ms. Luneborg, Mr. Jensen and Dr. Griffin for deposition even though these individuals were directly involved in the investigation of Ms. Brand's filter failure and drafting of the Single Complaint Report.[1]

---

[1] Cook offered to "allow" plaintiff Brand to take Darrell Talbert's deposition on the condition she take no others on the investigation team.

Cook has also refused to produce Ms. Donley and Mr. Archie for deposition. Meg Senker Donley is a Cook sales representative who had responsibility for selling Cook IVC filters to Dr. Rheudasil, Ms. Brand's implanting physician, at the time he placed the filter in the plaintiff. When Ms. Brand received her IVC filter, Cook had two District Managers assigned to service the hospitals that Dr. Rheudasil used for his surgical procedures, Tamara Clemmer and Meg Donley. Ms. Clemmer and Ms. Donley both made sale calls on Dr. Rheudasil. Ms. Clemmer has been deposed but Cook refuses to tender Ms. Donley for deposition. Don Archie is the Regional Manager who supervised the sales efforts of Ms. Clemmer and Ms. Donley at that time, but Cook has refused to make Mr. Archie available.

Testimony regarding the sales contacts that Cook had with Ms. Brand's implanting physician and the investigation that Cook undertook regarding the failure of Ms. Brand's filter is clearly is relevant to the facts of this specific case and within the scope of permissible discovery. The Cook Defendants have no valid basis for preventing the Plaintiff's counsel from deposing these witnesses.

Pursuant to Fed. R. Civ. P. 37(a)(1) and L.R. 37-1(b), counsel for the Plaintiff certifies that they have attempted to resolve the discovery issues raised in this Motion with counsel for the Cook Defendants by e-mail correspondence and telephone contact, but such efforts were not successful, and this motion is ripe for ruling.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order Compelling the Cook Defendants to produce the documents listed in the Single Complaint Report as the "Attached Files" and which compels the Cook Defendants to produce the following witnesses for deposition: 1) Don Archie; 2) Meg Senker Donley, 3) Dr. Griffin 4) Lykke S. Iversen 5) Thomas Willads Jensen 6) Annette Luneborg and 7) Darrell Talbert.

Dated: January 5, 2018

                                              Respectfully Submitted,

*/s/ Joseph N. Williams*_____
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

*/s/ Michael W. Heaviside*_____
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

*/s/ Ben C. Martin*_____
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@bencmartin.

*/s/ David P. Matthews*_____
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 5th day of January, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                 */s/ Ben C. Martin*
                 Ben C. Martin