# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:
     1:14-cv-06018-RLY-TAB

Plaintiff(s): Tonya and Allen Brand
Defendants: Cook Defendants

## THIRD AMENDED DEFENDANT FACT SHEET

For each case, the Cook Defendants must complete this Defendant Fact Sheet ("DFS") in accordance with the schedule established by the Court's Pretrial Order. In completing this Fact Sheet, you are **under oath and must answer every question**.

The DFS shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. A completed Fact Sheet shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37. Therefore, you must supplement your responses if you learn that they are incomplete or incorrect in any material respect. The questions and requests for production of documents contained in this Fact Sheet are non-objectionable and shall be answered without objection. This Fact Sheet shall not preclude Plaintiffs from seeking additional documents and information on a reasonable, case-by-case basis, pursuant to the Federal Rules of Civil Procedure and as permitted by the applicable Case Management Order.

This DFS must be completed and served on all counsel representing a plaintiff in the action identified in Section I below. Complete fact sheets must be answered and served within 90 days of filing of the lawsuit.

To the extent that a response to the DFS is contained in previously produced documents, the responding defendant(s) may answer by referencing the previously produced document(s). Such reference must contain sufficient information and/or instructions, including Bates numbers, to allow Plaintiff to access the answer requested with minimal effort.

Each document request and interrogatory not only calls for knowledge but also for all knowledge that is available to you by reasonable inquiry, including inquiry of your officers, directors, employees, contractors and agents.

To the extent that the form does not provide enough space to complete your responses or answers, please attach additional sheets as necessary. Please identify any documents that you are producing responsive to a question with Bates-Stamp identifiers.

In filling out this form, "document" and "documents" mean and refer to a writing and/or recording as defined by Federal Rule 34, including, without limitation, the following terms in their broadest sense, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, "communications", State and Federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, radiographs, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

In filling out this form, the word "communication and/or "correspondence" shall mean and refer to any oral, written, spoken, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, seminars, or any other exchange of information between Defendants and any other person or entity.

In filling out this form, "healthcare provider" shall mean any medical provider, doctor, physician, surgeon, pharmacist, hospital, clinic, medical center, physician's office, infirmary, medical/diagnostic laboratory, or any other facility that provides medical care or advice, along with any pharmacy, x-ray department, radiology department, laboratory, physical therapist/physical therapy department, rehabilitation specialist or chiropractor.

In filling out this form, the terms "You", "Your", or "Yours" refer to the person who sold, marketed, researched, designed, manufactured, consulted, or represented a Cook Vena Cava Filter manufactured and/or distributed on behalf of Cook Group Companies, including Cook Medical Incorporated, Cook Incorporated, Cook Group Incorporated and/or William Cook Europe ApS ("Cook Group Defendants") and who is identified in Question I below.

In filling out this form, "key opinion leader" or "thought leader" shall mean and refer to physicians, often academic researchers, who are believed by Defendants to be effective at transmitting messages to their peers and others in the medical community. This term shall mean and refer to any doctors or medical professionals hired by, consulted with, or retained by Defendants to, amongst other things, consult, give lectures, respond to media inquiries, conduct clinical trials, write articles or abstracts, sign their names as authors to articles or abstracts written by others, and occasionally make presentations on their behalf at regulatory meetings or hearings.

## I.  CASE INFORMATION

This DFS pertains to the case captioned above:

Case Number and Court in which action was originally filed, if other than Case No.: 1:14-ml 2570-RLY-TAB, MDL No. 2570:    Northern District of Georgia, Cause No. 1:14-cv-03669

Date this DFS was completed:        10/11/2016

> A.  Please provide the following information on the person or persons who provided the information responsive to the questions posed in this DFS:
>
>> 1.  Name;
>>
>> Rita A. Harden
>>
>> Lissi Walmann
>>
>> 2.  Current position (if no longer employed, last position with Defendant(s));
>>
>> Director, Customer Relations & Regulatory Reporting – Cook Incorporated
>>
>> Coordinator, Regulatory Communications, Regulatory Affairs – William Cook Europe ApS
>>
>> 3.  City of employment (if no longer employed, city of residence).
>>
>> Bloomington, Indiana
>>
>> Bjaeverskov, Denmark

## II.  CONTACTS WITH TREATING AND EVALUATING PHYSICIANS

Plaintiff has identified each healthcare provider who treated and/or evaluated Plaintiff for deep vein thrombosis, pulmonary embolism, and/or associated conditions that led to the use of Defendants' Cook Inferior Vena Cava Filter. As to each such healthcare provider, provide the following information:

> A. CONSULTATION AND OTHER NON-SALES REPRESENTATIVE CONTACTS
>
> As to each identified healthcare provider with whom the Defendants were affiliated, consulted or otherwise had contact outside the context of sales representative contacts, set forth the following:
>
>> 1.    Identity of the healthcare provider(s) contacted.
>>
>> Cook Defendants do not track information regarding all contacts with healthcare providers in a systematic way; however, counsel for Cook Defendants have investigated whether such contacts occurred. Based upon

3

said investigation, Cook Defendants have had contacts with Dr. Mark Rheudasil and Dr. Scott Keller. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

2.      Identity and title of each of Defendants' employees who had such contact with the healthcare provider(s).

Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

3.      Dates of contact/affiliation with healthcare provider(s), if available.

Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. In addition, Cook Defendants' records indicate that Dr. Rheudasil attended an AI Physician Training in Gainesville, FL on February 10-11, 2009. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

4.      Nature and reason for the contact/affiliation with healthcare provider(s).

Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

5.      Set forth any monetary and/or non-monetary benefits, including, but not limited to, money, travel, and device samples, provided to the healthcare provider(s) by any agent of any named Defendant, including amounts, dates, and purpose.

Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

6.      For any device manufactured by any named Defendant, set forth any training provided to or by the healthcare provider including, but not

4

limited to, date, location, healthcare provider's role, cost for attending such training, and subject matter.

Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

7.     Set forth any and all services and/or contractual relationships between the healthcare provider(s) and any named Defendant, including, but not limited to:

a. whether the provider participated in any study or clinical trials as a principal investigator or supervising physician at any study site which was sponsored by Defendant(s) on Defendants' behalf;

Cook Defendants have not identified any such relationships. Discovery and investigation remain ongoing and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

b. whether the provider has spoken on behalf of Defendant(s) or any of its products;

Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

c. whether the provider has served in any capacity on any advisory board, etc.;

Upon information and belief, no. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

d. whether the provider has ever served as a Key Opinion Leader or Thought Leader for, or on behalf of, any of the named defendants;

Cook Defendants have not identified any such relationships. Discovery and investigation remain ongoing and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

e. whether the provider has functioned in any capacity promoting Defendants' products;

Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

f. whether the provider has ever been employed by or under contract to Defendant(s).

Cook Defendants have not identified any such relationships. Discovery and investigation remain ongoing and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

8.    List any written agreements, contracts, letters, memoranda, or other documents setting forth the terms or nature of any contact or affiliation with the healthcare provider; this includes, but is not limited to, any agreements to research or otherwise study any named Defendant's products.

Cook Defendants have not identified any such affiliations. Discovery and investigation remain ongoing and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

9.    For each facility where the healthcare providers were associated, set forth the number and type of Cook Inferior Vena Cava Filter(s) purchased from you, or otherwise provided by you.

Attached hereto as Exhibit B is a spreadsheet containing the responsive information available. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

10.    Set forth any contact between the Defendants and the healthcare provider with regard to the Plaintiff, this includes, but is not limited to, any information or knowledge Defendants have with respect to research studies conducted on or that include information related to Plaintiff's implant or associated lot number.

See responses to section II.B below. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

11.     Set forth all information provided by the healthcare provider to the Defendants with regard to the safety, use, or efficacy of the Defendants' product(s).

See responses to section II.B below and Exhibit A attached hereto. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

## B. SALES REPRESENTATIVE AND OTHER RELATED CONTACTS

As to each sales representative, supervisor of sales representative, Marketing Organization Representatives, medical liaisons, and/or other detail persons ("Representative") who had any contact with an identified physician or healthcare provider, set forth the following:

1.     Identity of healthcare provider(s) contacted.

Cook Defendants do not track information regarding all contacts with healthcare providers in a systematic way; however, Counsel for Cook Defendants have investigated whether such contacts occurred. Based upon said investigation, Cook Defendants have had contacts with Dr. Mark Rheudasil. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

2.     Dates of contact with healthcare provider(s), if available.

Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. Additional information would be contained within Cook Defendants' Trackwise documents regarding PR # 38639 and MEDWATCH report numbered 3002808486-2011-00026, which will be or have been produced with Cook Defendants' productions of documents or ESI. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

3.     Nature and description of the contact with healthcare provider(s).

Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. Additional information would be contained within Cook Defendants' Trackwise documents regarding PR # 38639 and MEDWATCH report numbered 3002808486-2011-00026. Cook Defendants' discovery and investigation remain

7

ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

4.  Identity and last known address and telephone number of Representative(s).

Tamara Clemmer was the sales representative for the relevant healthcare facility at the time of implant. Ms. Clemmer is a current Cook employee and may be contacted through counsel for Cook Defendants.

5.  The work history with you and current relationship, if any, between the specified Defendant(s) and the Representative(s).

Ms. Clemmer was hired by Cook on 3/6/2006 and is a current Cook employee.

6.  Identity of the Representative(s)' supervisor(s) during his/her employment.

Ms. Clemmer's supervisor during the relevant time period was Don Archie, and the current regional manager is Leigh Conners.

7.  Identify all district and/or regional sales managers, Marketing Organization Representatives, medical liaisons, and/or other detail persons ("Representative") who came in contact with any of Plaintiff's identified healthcare provider(s), and their current relationship, if any, with Cook Group Companies, including name, business address, and responsibilities.

See responses to numbers II.B.1-6 above, as well as Exhibit A. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

8.  For each Sales Representative, Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative, please produce the most current Curriculum Vitae or Resume. If the Company is not in possession of a Curriculum Vitae or Resume, produce the portion of that person's personnel file that reflects their educational background and experience over the past 10 years.

Attached hereto as Exhibit C are documents containing the available information that is responsive to this request. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

9.     For each Sales Representative, Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative, please provide whether within the last ten (10) years any of the individuals have been convicted of, or plead guilty to, a felony and/or crime of fraud and dishonesty, and if yes, when the felony and/or crime of fraud and dishonesty occurred.

Counsel for Cook Defendants have not identified any such convictions or guilty pleas. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

10.    Produce all annual, semi-annual or quarterly Plans of Action ("POA") documents used to set out the performance goals and expectations of the sales representatives/teams/territories/company (whether in terms of market share, total prescriptions/new prescriptions, or dollar sales volume); the approved messaging for Representative(s); and that sets out all approved promotional materials (whether approved for "leave behind" or not).

Attached hereto as Exhibit C are documents containing the available information that is responsive to this request. In addition, information related to "approved messaging" may be contained within Cook Defendants' productions of documents or ESI regarding marketing and sales communications and training materials. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

12.[1]   If Defendants or their Representatives, Sales Representatives, Representative(s) or Managers have ever provided any of Plaintiff's healthcare provider(s) with Cook Inferior Vena Cava Filter(s) samples, please provide the identity of the person or entity who received the samples, the date(s) the samples were shipped, the date on which the samples were provided, the number and lot numbers of such samples, and the name of the person who provided the samples.

Counsel for Cook Defendants have not identified any records or other information source showing that samples were provided to any of the healthcare providers. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

---

[1] Numbering error in original form filed with the Court.

9

13.   Set forth all information provided by the healthcare provider to the Representatives, Sales Representatives, Representative(s) or Managers with regard to the Plaintiff.

To the extent it exists, such information would be contained within Cook Defendants' Trackwise documents regarding PR # 38639 and MEDWATCH report numbered 3002808486-2011-00026. Such documents include but are not limited to the following:

CookMDL2570_0074475; CookMDL2570_0074487; CookMDL2570_0074492; CookMDL2570_0074495; CookMDL2570_0074508; CookMDL2570_0074508; CookMDL2570_0074509; CookMDL2570_0074510; CookMDL2570_0074512; CookMDL2570_0074512; CookMDL2570_0074513; CookMDL2570_0074514; CookMDL2570_0074515; CookMDL2570_0074515; CookMDL2570_0074517; CookMDL2570_0074577; CookMDL2570_0074581; CookMDL2570_0074582; CookMDL2570_0074583; CookMDL2570_0074584; CookMDL2570_0074596; CookMDL2570_0074598; CookMDL2570_0074636; CookMDL2570_0074639; CookMDL2570_0074640; CookMDL2570_0074645; CookMDL2570_0074646; CookMDL2570_0074651; CookMDL2570_0074653; CookMDL2570_0074656; CookMDL2570_0074657; CookMDL2570_0074658; CookMDL2570_0074659; CookMDL2570_0074659; CookMDL2570_0074660; CookMDL2570_0074663; CookMDL2570_0074664; CookMDL2570_0074664; CookMDL2570_0100343; CookMDL2570_0100343; CookMDL2570_0100589; CookMDL2570_0100589; CookMDL2570_0100590; CookMDL2570_0100606; CookMDL2570_0100607; CookMDL2570_0100607; CookMDL2570_0100608; CookMDL2570_0100626; CookMDL2570_0310560; CookMDL2570_0310564; CookMDL2570_0310565; CookMDL2570_0310572; CookMDL2570_0310573; CookMDL2570_0310577; CookMDL2570_0310579; CookMDL2570_0310584; CookMDL2570_0310585; CookMDL2570_0310589; CookMDL2570_0310594; CookMDL2570_0310595; CookMDL2570_0310603; CookMDL2570_0310603; CookMDL2570_0310604; CookMDL2570_0310604; CookMDL2570_0314102; CookMDL2570_0314104; CookMDL2570_0743662; CookMDL2570_0743664; CookMDL2570_0743710; CookMDL2570_0743712; CookMDL2570_0743728; CookMDL2570_0743732; CookMDL2570_0743733; CookMDL2570_0743752; CookMDL2570_0743814; CookMDL2570_0743818; CookMDL2570_0743850; CookMDL2570_0743856; CookMDL2570_0743857; CookMDL2570_0743917; CookMDL2570_0743918; CookMDL2570_0743919; CookMDL2570_0743932; CookMDL2570_0743933; CookMDL2570_0743946; CookMDL2570_0743953; CookMDL2570_0743955; CookMDL2570_0743956; CookMDL2570_0743957; CookMDL2570_0743957; CookMDL2570_0743961; CookMDL2570_0743965; CookMDL2570_0743972; CookMDL2570_0743972; CookMDL2570_0743976; CookMDL2570_0743977; CookMDL2570_0744017; CookMDL2570_0744023; CookMDL2570_0744158; CookMDL2570_0744160; CookMDL2570_0744187; CookMDL2570_0744189; CookMDL2570_0744213; CookMDL2570_0744219; CookMDL2570_0744257; CookMDL2570_0744258; CookMDL2570_0744262; CookMDL2570_0744264; CookMDL2570_0744289; CookMDL2570_0744289; CookMDL2570_0744290; CookMDL2570_0744290; CookMDL2570_0744291; CookMDL2570_0744292;

CookMDL2570_0744327; CookMDL2570_0744332; CookMDL2570_0744501;
CookMDL2570_0744502; CookMDL2570_0744503; CookMDL2570_0744505;
CookMDL2570_0744553; CookMDL2570_0744553; CookMDL2570_0744554;
CookMDL2570_0744554; CookMDL2570_0744557; CookMDL2570_0744558;
CookMDL2570_0744559; CookMDL2570_0744559; CookMDL2570_0744560;
CookMDL2570_0744563; CookMDL2570_0744600; CookMDL2570_0744602;
CookMDL2570_0744638; CookMDL2570_0744639; CookMDL2570_0744640;
CookMDL2570_0744640; CookMDL2570_0744667; CookMDL2570_0744667;
CookMDL2570_0744668; CookMDL2570_0744686; CookMDL2570_0744687;
CookMDL2570_0744687; CookMDL2570_0744688; CookMDL2570_0744704.

14. Set forth all information provided by the Representatives, Sales Representatives, Representative(s) or Managers with regard to the Plaintiffs.

Such information would be contained within Cook Defendants' Trackwise documents regarding PR # 38639 and MEDWATCH report numbered 3002808486-2011-00026, including the documents identified by Bates number in response to Section II.B.13 above. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

15. Set forth the date and location of each operation or procedure performed on the Plaintiff which was attended at all by the Sales Representatives, Representative(s) or Managers.

Through their investigation, counsel for Cook Defendants have not identified any such operations or procedures. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

16. State whether the sales representative, Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative while employed by you, or acting as an agent or independent contractor on your behalf, has ever been investigated, reprimanded, and/or otherwise penalized by any person, entity, or government agency for his/her sales or marketing practices, and if so set forth the details thereof.

Cook Defendants are not aware of any such investigation, reprimand, or penalty related to marketing practices. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

11

III.   **INFORMATION REGARDING THE PLAINTIFF: COMMUNICATIONS AND RELATIONSHIPS WITH PLAINTIFF'S HEALTHCARE PROVIDERS**

A.   Identify all data, information, objects, and reports in Defendants' possession or control or which have been reviewed or analyzed by Defendants, with regard to the Plaintiff's medical condition; this also includes, but is not limited to, any study or research that includes Plaintiff's specific implant or associated lot number. Attorney-work product is specifically excluded from this request.

Such information would be contained within Cook Defendants' Trackwise documents regarding PR # 38639 and MEDWATCH report numbered 3002808486-2011-00026, as well as the documents identified by Bates number in response to Section II.B.13 above. Any additional information would be in the possession of Cook Defendants' counsel, as it was obtained during the course of discovery in this matter.

B.   Identify any direct or indirect contact, either written or oral, between the Plaintiff and any employee or representative of the Defendants, including, but not limited to, pre-operative inquiries, post-operative complaints, "Dear Healthcare Provider" letters, "Dear Doctor" letters, "Dear Colleague" letters or other similar type of document or letter concerning Cook Inferior Vena Cava Filters, recall letters, telephone or email contacts or meetings. This request specifically includes, but is not limited to, calls to the M.S.&S. hotline and calls to the Field Assurance Department. For any "Dear Healthcare Provider", "Dear Doctor or "Dear Colleague" letters that you contend were actually sent to the plaintiffs health care providers concerning IVC Filters, please provide: (1) The letter(s) to whom it was sent including the address, (2) Dates sent; and (3) Any document, database, or list which tends to show recipient was and/or received the letter. Please identify the person who provided information responsive to any requests included in the letter.

Through their investigation, counsel for Cook Defendants have not identified any such contacts.

C.   Identify and produce any Physician's Information Request Letters ("PIR") or other similar information request that has ever been initiated between the Plaintiff and any employee or representative of the Defendants relating to Cook Inferior Vena Cava Filters, and identify the date of the request and the recipient, the name and address of the sender or requestor, the corresponding bates number of the request, and whether or not a response to the PIR or other similar information request was sent or provided.

Through their investigation, counsel for Cook Defendants have not identified any such documents.

D.   Produce communications between the Defendants, the sales representative company and/or sales representative(s), Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative identified in section B

above and Plaintiff, to the extent not contained in the complaint file, if any, and identify the Bates numbers of such communications.

Through their investigation, counsel for Cook Defendants have not identified any such communications.

E. Produce and identify any documents that relate in a reasonably direct manner to consulting agreements, if any, between Defendants and any of Plaintiff's healthcare providers, including, but not limited to, all consulting relationships to provide advice on the design, study, testing or use of inferior vena cava devices, or to consult as a thought leader, opinion leader, member of speaker's bureau or similar arrangement. For any of these relationships, please provide the title, location and date of any speaker's programs or conferences attended by Plaintiff's healthcare provider(s), all speakers at the program/conference, and the agenda/brochure for the conference/program.

Through their investigation, counsel for Cook Defendants have not identified any such consulting agreements. Discovery and investigation remain ongoing and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

F. Produce documents that relate in a reasonably direct manner to relationships, if any, between Defendants and any of Plaintiff's healthcare providers to conduct any pre-clinical, clinical, post-marketing surveillance or other study or trial concerning any blood clot preventative systems, including, but not limited to, the Cook Inferior Vena Cava Filters.

Through their investigation, counsel for Cook Defendants have not identified any such relationships. Discovery and investigation remain ongoing and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

G. Produce and identify documents that reflect financial compensation, things of value and promotional items provided by Defendants to Plaintiff's healthcare providers. Please include all fees, expenses, honoraria, royalties, grants, gifts, travel (i.e., airfare, hotel, etc.) and any other payments or things of value given.

See Exhibit A attached hereto. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

H. Identify all Adverse Event Reports, and all versions of any MedWatch forms and/or any other documents submitted to the FDA or any other government agency with regard to the Plaintiff.

Such information would be contained within Cook Defendants' Trackwise documents regarding PR # 38639 and MEDWATCH report numbered 3002808486-2011-00026, as well as the documents identified by Bates number in response to Section II.B.13 above.

13

I.    If you have any evidence or records indicating or demonstrating the possibility that any person, entity, condition, or product, other than the Defendants and their product(s), is a cause of the Plaintiff's injuries, ("Alternate Cause") set forth:

    1.    Identify the Alternate Cause with specificity.

    2.    Set forth the date and mechanism of alternate causation.

Potential alternative causes include the following:

Plaintiff's fault caused or contributed to the conditions alleged in the Complaint;

One or more of the physicians, surgeons, or other healthcare providers who treated Plaintiff, hospitals where Plaintiff was treated, or such entities' employees, agents, contractors or other persons or entities caused or contributed to the conditions alleged in the Complaint; and

Other medical conditions caused or contributed to the conditions alleged in Plaintiff's Complaint.

Cook Defendants have only recently been notified of the events underlying this claim and consequently their discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this response based on information obtained after the date hereof.

J.    If Plaintiff's implanting physician ever contacted you requesting information concerning Cook inferior vena cava filters, its indications, effects, and/or risks? If so please identify and attach any documents which refer to your communication with Plaintiff's Implanting Health Care Provider.

Counsel for Cook Defendants have investigated this issue and have found no responsive information. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

K.    In Plaintiff's Fact Sheet, Plaintiff identified his/her Implanting Health Care Provider(s). For each listed provider, please state and produce the following: Do you have or have you had access to any database or information which purports to track any of Plaintiff's Implanting Health Care Provider's implanting practices with respect to Cook Inferior Vena Cava Filter(s). If yes, please produce or identify the database or document which captures that information.

Cook Defendants do not maintain any such database. Counsel for Cook Defendants have not identified any such information through their investigation. See Exhibit B attached hereto for shipments to the implant healthcare facility.

## IV.    MANUFACTURING INFORMATION

A.     Identify the lot number(s) for the device(s) implanted into the Plaintiff.

E2281661.

B.     Identify the lot number(s) for the device(s) used to implant the Defendants' device(s) into the Plaintiff.

The devices used to implant Cook Defendants' IVC Filters are sold with the individual IVC Filters and do not have a separate lot number.

C.     Identify the location and date of manufacture for each lot set forth in response to A and B above.

William Cook Europe ApS, Bjaeverskov, Denmark, 11/27/2008.

D.     Identify the date of shipping and sale, and the person or entity purchasing, each of Plaintiff's device(s).

Documents containing information responsive to this request have been produced as CookMDL2570_0118458 to Cook MDL2570_0118462 and Cook MDL2570_0196601.

E.     Identify all manufacturing facilities and associated lot number(s) of Plaintiff's implanted device(s), including, but not limited to, all trocars and any other surgical devices or means of implantation included or sold with Plaintiff's implant(s).

See Cook Defendants' responses to IV.A-C above.

F.     Other than Cook related entities, and those entities listed in Sections IV(A-F) herein, the chain of custody of the device from Cook to the healthcare provider.

All Celect IVC Filters are manufactured by William Cook Europe ApS in Bjaeverskov, Denmark. The device at issue was then sold by Cook Medical Incorporated, n/k/a/ Cook Medical, LLC to the implant facility identified by Plaintiff.

V.     **PLAINTIFF'S MEDICAL CONDITION:**

A.     Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of Plaintiff concerning Plaintiff? If yes, please provide: a) the name of the person(s) who contacted you; b) the person(s) who were contacted including their name, address and telephone number; and c) produce or identify any and all documents which reflect any communication between any person and you concerning Plaintiff.

Beyond initial communications from Plaintiff's counsel regarding this pending litigation, any other responsive communications and the requested information

regarding such communications would be contained within Cook Defendants' Trackwise documents regarding PR # 38639 and MEDWATCH report numbered 3002808486-2011-00026, as well as the documents identified by Bates number in response to Section II.B.13 above.

## VI.  DOCUMENTS

Please ensure that the production of documentation includes specific reference to the question to which the documentation is provided in response. Documentation is defined to include all forms of documents, including, but not limited to, paper, email, video, audio, spreadsheets, or otherwise.

A.  Identify and attach complete documentation of all information set forth in I through IV above; except, you may identify but not serve copies of medical records that were provided to Defendants by Plaintiff's counsel.

To the extent such documents exist, they have been produced with Cook Defendants' productions of documents or ESI as referenced in I–IV above, except where indicated that Cook Defendants' investigation remains ongoing.

B.  Aside from any privileged materials, identify and attach all records, documents, and information that refer or relate to the Plaintiff in Defendants' possession or control, to the extent not identified and attached in response to a prior question.

To the extent such documents exist, they have been or will be produced with Cook Defendants' productions of documents or ESI for PR # 38639 and MEDWATCH report numbered 3002808486-2011-00026, as well as the documents identified by Bates number in response to Section II.B.13 above.

C.  Produce a true and complete copy of the Device History Record for the Plaintiff's lot number(s).

Documents responsive to this request have been produced as CookMDL2570_0092215 to CookMDL2570_0092705, CookMDL2570_0592068, and CookMDL2570_0592080.

D.  Produce a true and complete copy of the complaint file relating to the Plaintiff.

Such documents would be contained within Cook Defendants' Trackwise documents regarding PR # 38639 and MEDWATCH report numbered 3002808486-2011-00026, including the documents identified by Bates number in response to Section II.B.13 above.

E.  All call notes, detail notes, call summaries, entries made by sales representatives into any database or e-room, laptop or other computer or handheld device, hard copy documents, emails, and/or notes or records or summaries of calls, contacts and/or communications of any kind regarding each implanting or treating physician for plaintiff during the relevant time period.

Counsel for Cook Defendants have investigated this issue and have found no responsive information. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

F.      Call notes for all of the plaintiffs' providers who were called upon by Defendants.

Counsel for Cook Defendants have investigated this issue and have found no responsive information. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

G.      Detail, sample and voucher history of IVC Filters for the plaintiff's healthcare provider and/or entity.

See Exhibit B attached hereto.

H.      Copies of all medical/scientific articles or information related to any IVC Filter provided by Defendant(s) employees, representatives, sales representatives, contractors or agents to plaintiff's healthcare provider(s).

Unknown at this time. Cook Defendants do not track the requested information in a systematic way. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

I.      Any and all documents reviewed, referred to or relied on in answering this DFS.

Cook Defendants will produce or have produced the requested documents with their productions of documents or ESI.

## VERIFICATION

I, Rita Harden, declare under penalty of perjury subject to all applicable laws:

That I am an authorized agent of Cook Group Companies and that I verify the Defendants' Response to Plaintiff's Fact Sheet addressed to the Cook Defendants in In re: Cook Medical Devices, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation, Case No.: 1:14-ml 2570-RLY-TAB, MDL No. 2570, and that the matters stated therein are not the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Cook Group Companies and deponent is informed that the facts stated therein are true. I hereby certify, in my authorized capacity as an agent for Cook Group Companies, that the responses to the aforementioned Defendants' Fact Sheet are true and complete to the best of Cook Group Companies' knowledge.

*Rita Harden*
[Name]

*Rita Harden*
[Signature]

Cook Incorporated

Customer Relations & Regulatory Reporting

18

Submitted this 28th day of October, 2016.

Douglas B. King, Esq., Co-Lead Counsel
James M. Boyers, Esq.
John C. Babione, Esq.
Kip S. M. McDonald, Esq.
WOODEN McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN  46204-4208
Tel:  (317) 639-6151
Fax:  (317) 639-6444
doug.king@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

Andrea R. Pierson, Esq., Co-Lead Counsel
J. Stephen Bennett, Esq.
Victoria Calhoon, Esq.
John T. Schlafer, Esq.
Nicholas B. Alford, Esq.
Jessica B.Cox, Esq.
FAEGRE BAKER DANIELS
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Tel: +1 (317) 237-0300
Fax: +1 (317) 237-1000
andrea.pierson@FaegreBD.com
stephen.bennett@FaegreBD.com
victoria.calhoon@FaegreBD.com
john.schlafer@FaegreBD.com
nicholas.alford@FaegreBD.com
jessica.cox@FaegreBD.com

Counsel for Cook Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2016, a copy of the foregoing Defendant Fact Sheet

was served by electronic mail to the following:

Michael W. Heaviside
HEAVISIDE REED ZAIC
mheaviside@hrzlaw.com

Ben C. Martin
Law Office of Ben C. Martin
bmartin@bencmartin.com

David P. Matthews
MATTHEWS & ASSOCIATES
dmatthews@thematthewslawfirm.com

Henry B. Staley
Staley Law Firm
henry.staley@staleylawfirm.com