# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to All Actions

### THIRD AMENDED CASE MANAGEMENT ORDER NO. 4
### (PARTY PROFILE FORMS AND FACT SHEETS PROTOCOL)

This Order shall govern (1) all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, including those cases identified in the original Transfer Order and those subsequently transferred as tag-along actions; and (2) all cases directly filed in or removed to this MDL. It is ORDERED as follows:

1. **Plaintiff Profile Sheet**

   a.   The parties have agreed upon the use of a Plaintiff Profile Sheet ("PPS") (**Exhibit 1**), including eight (8) releases, attached to this Order. The PPS shall be completed in each case currently pending, and in all cases that become part of this MDL by virtue of being filed in, removed to, or transferred to this Court.

   b.   Each Plaintiff in this MDL as of the date of the entry of the Second Amended Case Management Order No. 4 shall submit a completed PPS to Defendants within sixty (60) days if the Plaintiff has not already provided a complete Plaintiff Profile Form ("PPF") and Plaintiff Fact Sheet ("PFS") under Case Management Order No. 4 [Dkt. 354] or Amended Case Management No. 4 [Dkt. 614]. In cases in which Plaintiffs have not served a completed PPF or PFS, each Plaintiff shall submit a completed PPS to Defendants within sixty (60) days of the entry of the Second Amended Case Management Order No. 4 and, in future filed cases, within

thirty (30) days of the case becoming part of this MDL. Every Plaintiff is required to provide Defendants with a PPS that is substantially complete in all respects, answering every question in the PPS, even if a Plaintiff can answer the question in good faith only by indicating "not applicable." The PPS shall be signed by Plaintiff under penalty of perjury. If a Plaintiff brings suit as representative or derivative capacity, the PPS shall be completed by the person with the legal authority to represent the estate or person under legal disability. Consortium Plaintiffs shall also sign the PPS, attesting that the responses made to the loss of consortium claim questions in the PPS are true and correct to the best of his or her knowledge, information and belief, formed after due diligence and reasonable inquiry.

    c.    A completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. The interrogatories and requests for production in the PPS shall be answered without objection as to the question posed in the agreed upon PPS. This section does not prohibit a Plaintiff from withholding or redacting information from medical or other records provided with the PPS based upon a recognized privilege. If information is withheld or redacted on the basis of privilege, Plaintiff shall provide Defendants with a privilege log that complies with CMO No. 10.

    d.    Contemporaneous with the submission of a PPS, each Plaintiff shall provide the Defendants with hard copies or electronic files of all medical records in their possession or in the possession of their attorneys or other representatives, including, but not limited to, the records that support product identification and the alleged injury.

  e. Contemporaneous with the submission of a PPS, each Plaintiff shall also produce signed authorizations, which allow counsel for Defendants to obtain medical, insurance, employment, Medicare/Medicaid, and Social Security records from any healthcare provider, hospital, clinic, outpatient treatment center, and/or any other entity, institution, agency or other custodian of records identified in the PPS. The signed authorizations shall be undated and the recipient line shall be left blank. These blank, signed authorizations constitute permission for counsel for the Defendants to obtain the records specified in the authorizations from the records custodians. In the event an institution, agency or medical provider to which a signed authorization is presented refuses to provide responsive records, Plaintiffs' counsel shall resolve the issue with the institution, agency, or provider, such that the necessary records are promptly provided. Counsel for Defendants shall, within twenty (20) days of receipt of any such set of records, provide Plaintiff with hard copies or electronic files of all records received and shall invoice Plaintiff for the reasonable costs of reproducing hard copies of documents. The invoice shall be paid by Plaintiffs within thirty (30) days. If a Plaintiff does not respond to Question VIII.9. of the PPS (which would indicate Plaintiff is not pursuing a claim for emotional distress), then Defendants shall not order records of psychiatric or psychological treatment, mental health counseling, or other such records unless and until a case is moved into the discovery pool.

  f. Each Plaintiff shall immediately preserve and maintain, without deletions or alterations, any content of any personal webpage(s) or social media accounts currently held by them, including but not limited to, photographs, text, links, messages and other postings or profile information that is relevant to the subject matter of this litigation. "Social media" includes, but it not limited to, Facebook, Myspace, Linked In, Friendster, and/or blogs. The Plaintiffs shall preserve this data by downloading it to a suitable storage device, by printing out

copies on paper, or by other means consistent with law and court rules applicable to document and data preservation.

 g. If a Plaintiff does not submit a PPS within the time specified in this Order and the Case Management Plan entered by the Court, Defendants may move to dismiss that Plaintiff's case without prejudice. Before filing such a motion, counsel for the Defendants shall serve written notice upon Plaintiffs' Lead Counsel and counsel for the Plaintiff at issue that a PPS has not been served and a motion to dismiss may be filed. If a PPS is not submitted within five (5) business days of receiving such notice, Defendants may file the motion to dismiss. If no response to the motion to dismiss is filed within fifteen (15) days, the case shall be dismissed without prejudice.

 h. If Defendants receive a PPS in the allotted time but the PPS is not substantially complete, Defendants' counsel shall send deficiency correspondence by e-mail and/or U.S. Mail to Plaintiffs' Lead Counsel and the Plaintiffs' individual representative counsel, identifying the purported deficiencies. Plaintiff shall have twenty (20) days from receipt to serve a PPS that is substantially complete in all respects. Defendants' correspondence shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Should a Plaintiff fail to cure the deficiencies identified and fail to provide responses that are substantially complete within twenty (20) days of service of the deficiency correspondence, Defendants may move for appropriate relief under Fed. R. Civ. P. 37. Any such filing shall be served on co-lead counsel for the Plaintiffs, with any response to such filing to be submitted within ten (10) business days following the date of service. Any such filing should include the efforts the Defendants made to meet and confer regarding the alleged deficiencies in the PPS and failure to cure.

i.  Any Plaintiff who fails to comply with the PPS obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the Court, upon motion of the Defendants.

j.  The PPS shall constitute the initial case-specific discovery response of Plaintiff and the Defendants shall not serve on any Plaintiff any further case-specific discovery unless the case is chosen as a discovery pool case except by leave of court.

**2.  Defendant Profile Form**

a.  The Court has approved the use of the Defendant Profile Form ("DPF") (**Exhibit 2**) attached to this Order. The DPF shall be completed in each case currently pending and in all cases that later become part of this MDL by virtue of being filed in, removed to or transferred to this Court.

b.  For each Plaintiff in a currently filed (non-Bellwether) case that is part of the MDL as of the date of Second Amended Case Management Order No. 4, the Defendants shall comply with the following schedule:

1) The Defendants shall have sixty (60) days from the date of entry of Second Amended Case Management Order No. 4 ("date of entry") to serve a DPF in the one hundred (100) oldest non-Bellwether cases pending in the MDL to serve a DPF;

2) One hundred five (105) days from the date of entry to serve a DPF in the next one hundred (100) oldest cases;

3) One hundred fifty (150) days from the date of entry to serve a DPF in the next one hundred fifty (150) oldest cases;

4) One hundred eighty (180) days from the date of entry to serve a DPF in the next one hundred fifty (150) oldest cases;

5

5) Two hundred ten (210) days from the date of entry to serve a DPF in the next one hundred fifty (150) oldest cases;

6) Two hundred forty (240) days from the date of entry to serve a DPF in the next one hundred fifty (150) oldest cases;

7) Two hundred seventy (270) days from the date of entry to serve a DPF in the next two hundred (200) oldest cases;

8) Three hundred (300) days from the date of entry to serve a DPF in the remaining cases pending at the time of entry; and

9) Once the time for serving DPFs for all cases pending as of the date of entry of Second Amended Case Management Order No. 4 has passed, the Defendants shall have one hundred twenty (120) days from that point or forty-five (45) days from the service of the PPS in each subsequently filed case, whichever is later, to serve their DPF.

c. Defendants are required to provide Plaintiffs with a DPF that is substantially complete in all respects, answering every question in the DPF, even if Defendant can answer the question in good faith only by indicating "not applicable". The DPF shall be signed by Defendants under penalty of perjury. The DPF shall constitute the initial case-specific discovery response of the Defendants and no Plaintiff shall serve upon any Defendant discovery that is case-specific unless the case is chosen as a discovery pool case except by leave of court.

d. A completed DPF shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26-37. The interrogatories and requests for production in the DPF shall be answered without objection as to the question posed in the agreed upon DPF. This section does not prohibit a Defendant from withholding or

redacting information provided with the DPF if based upon a recognized privilege. If information is withheld or redacted on the basis of privilege, Defendants shall provide Plaintiff with a privilege log that complies with CMO 10.

    e.    If a Defendant fails to timely submit a DPF, or submits within the allotted time a DPF that is not substantially complete, the Plaintiffs' lead counsel shall send a deficiency notice by e-mail and/or U.S. Mail to counsel for the Defendants, identifying the purported deficiencies. This correspondence shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Defendants shall have thirty (30) days from receipt of that correspondence to serve a DPF that is substantially complete in all respects. Should Defendants fail to cure the deficiencies identified and fail to provide responses that are substantially complete within thirty (30) days of service of the deficiency correspondence, Plaintiff may move for appropriate relief under Fed. R. Civ. P. 37. Any such filing shall be served on co-lead counsel for the Defendants, with any response to such filing to be submitted within ten (10) business days following the date of service. Any such filing should include the efforts the Plaintiff made to meet and confer regarding the alleged deficiencies in the DPF and failure to cure.

    3.    **Defendant Fact Sheet**

    a.    The parties have agreed upon the use of a Defendant Fact Sheet ("DFS") (**Exhibit 3**), attached to this Order. The DFS shall be completed only in matters that are currently set for Bellwether trial or as directed by separate Order of the Court.

    b.    For each Plaintiff in the three Bellwether cases set for trial, the Defendants may submit an Amended DFS to Plaintiffs within twenty (20) days of the date of entry of Second Amended Case Management Order No. 4. Defendants are required to provide Plaintiffs with a DFS that is substantially complete in all respects, answering every question in the DFS, even if a

7

Defendant can answer the question in good faith only by indicating "not applicable." The DFS shall be signed by Defendants under penalty of perjury.

c.   A completed DFS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. Defendants may object to specific requests on proportionality grounds, but these objections must include specific information similar to a privilege log.

d.   However, the procedure outlined in the preceding paragraph is modified as follows for the DFS served in each of the Bellwether cases set for trial. In those three cases, Plaintiffs may serve a notice of deficiency as outlined above and the parties shall meet and confer within five (5) business days of service of the deficiency letter. Plaintiffs may move for any appropriate relief under Federal Rule of Civil Procedure 37 but not sooner than ten (10) business days after the meet and confer. Any such filing shall be served on Co-Lead Counsel for the subject Defendants, with any response to such filing to be submitted within seven (7) business days following the date of service.

e.   Any Defendant who fails to comply with the DFS obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the Court, upon motion of the Plaintiffs.

**SO ORDERED:** 3/29/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel of record via the Court's ECF system.
Distribution to all non-registered counsel of record to be made by Plaintiffs' Lead Counsel.

8

US.110348043.02