UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC ) <br> FILTERS MARKETING, SALES ) <br> PRACTICES AND PRODUCT ) <br> LIABILITY LITIGATION ) <br> _____ ) <br> ) <br> This Document Relates to: ) <br> DARA BERMAN-CHEUNG, ) <br> SAM BERMAN CHEUNG, and ) <br> BAILEY BERMAN CHEUNG ) <br> ) <br> 1:17-cv-6076-RLY-TAB ) <br> _____ ) | 1:14-ml-02570-RLY-TAB <br> MDL No. 2570 |

**ENTRY ON PLAINTIFFS' MOTION TO REMAND BASED ON LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR AWARD OF COSTS AND ATTORNEYS' FEES**

Before the court is Plaintiffs' Motion to Remand Based on Lack of Subject Matter Jurisdiction and Request for Award of Costs and Attorneys' Fees. For the reasons set forth below, the court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Plaintiffs' Request for an Award of Costs and Attorneys' Fees.

**I.      Background**

On December 4, 2015, Richard Cheung underwent placement of a Gunther Tulip IVC filter. The filter was designed and manufactured by the Cook Defendants (or "Cook") and was implanted by Matthew Mell, M.D. at Stanford Hospital in Redwood City, California. On December 20, 2015, Mr. Cheung passed away from a pulmonary embolism.

1

On March 16, 2017, the Plaintiffs herein, Mr. Cheung's wife and two minor children, filed the present action in the State of California, Santa Clara Superior Court, against the Cook Defendants, Dr. Mell, and Stanford Healthcare (collectively the "Medical Defendants"). In their Amended Complaint, Plaintiffs allege Mr. Cheung passed away as a result of severe tilting of the IVC filter that "impaired its effectiveness in catching blood clots and preventing pulmonary embolism." (Filing No. 1-1, Am. Compl. ¶ 4).

Plaintiffs' Amended Complaint sets forth causes of action against Cook for strict products liability, negligence, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, breach of warranty, and breach of express warranty. (*Id.* ¶¶ 45-143). Plaintiffs also bring a survival action, wrongful death action, and seek punitive damages as to Cook. (*Id.* ¶¶ 153-172). Plaintiffs allege medical malpractice against the Medical Defendants. (*Id.* ¶¶ 144-152). Plaintiffs are citizens of the State of Ohio, the Cook Defendants are citizens of Indiana (and of a foreign state, Denmark), and the Medical Defendants are citizens of the State of California.

On May 4, 2017, Cook removed this action to the United States District Court for the Northern District of California based upon the court's diversity jurisdiction. In their removal papers, Cook argued the court has diversity jurisdiction based on two independent theories: (1) the Medical Defendants should be severed from the case under Federal Rule of Civil Procedure 21; and (2) fraudulent misjoinder, also known as procedural misjoinder.

2

On June 2, 2017, Plaintiffs filed the present motion to remand[1] this cause to the State of California, Santa Clara County Superior Court, because the Medical Defendants are indispensable, non-diverse defendants that defeat diversity under the forum defendant rule.

## II.    The Forum Defendant Rule

The Cook Defendants removed this civil action based on diversity of citizenship. 28 U.S.C. § 1332.  Federal diversity jurisdiction requires that the parties be in complete diversity and that the amount in controversy exceed $75,000.  *Id.*  That standard is met. Removal based on diversity of citizenship is also governed by the forum defendant rule, which reads:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).  "In other words, the forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).  The forum defendant rule is non-jurisdictional;

---

[1] On August 1, 2017, the Judicial Panel for Multidistrict Litigation transferred Plaintiffs' action from the Northern District Court to this court for inclusion in this MDL.

consequently, "noncompliance with the forum-defendant rule is a statutory, not a jurisdictional, defect." *GE Betz, Inc. v. Zee Co., Inc.*, 716 F.3d 615, 625 (7th Cir. 2013). Therefore, the court will address Plaintiffs' motion to remand not on grounds of lack of jurisdiction, but on grounds of a statutory defect in removal procedure. *Id.* (citations omitted). The Cook Defendants, as the parties seeking removal, bear the burden of establishing not only diversity jurisdiction, "but must also clear the 'additional hurdle' of . . . the 'forum defendant rule.'" *Morris v. Nuzzo*, 718 F.3d 660, 664-665 (7th Cir. 2013) (quoting *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000)).

**III.   Discussion**

Plaintiffs move to remand this case back to California state court under the forum defendant rule because the Medical Defendants are citizens of California. In their Response in Opposition, the Cook Defendants argue the Medical Defendants should be severed from this action under Rule 21 of the Federal Rules of Civil Procedure because they are dispensable parties or under the doctrine of "fraudulent" or "procedural" misjoinder.

**A.   Severance**

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action," but that "the court may ... sever any claim against a party." Fed. R. Civ. P. 21. In *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), the Supreme Court held that a court may, pursuant to Rule 21, sever non-diverse, dispensable parties to retain jurisdiction. *Id.* at 832. Such authority, however, "should be exercised sparingly." *Id.* at

4

837. The Supreme Court cautioned the court to "carefully consider whether the dismissal of a non-diverse party will prejudice any of the parties in the litigation." *Id.* at 838.

The Cook Defendants argue the Medical Defendants are dispensable, and thus subject to severance. Even if the court were to find that they are, Rule 21 provides that severance must be "on just terms." Fed. R. Civ. P. 21 (stating "the court may at any time, on just terms . . . drop a party"); *see also Dexis Credit Local v. Rogan*, No. 02 C 8288, 2009 WL 230641, at *3 (N.D. Ill. Jan. 29, 2009) ("Courts may use Rule 21 to dismiss a dispensable non-diverse party to save diversity jurisdiction").

Severance here would not be just. As the Amended Complaint is pled, Plaintiffs' theory is based in the alternative—either the Medical Defendants are liable for negligently implanting the filter in a tilted position, or the Cook Defendants are liable for a defective product that is subject to tilt, or a combination of both. Although the Amended Complaint alleges much more, the court's synopsis illustrates the fact that, if the case is severed, the Cook Defendants could exploit an "empty chair" defense, which could lead to inconsistent verdicts. *See Schulke v. Stryker Orthopaedics*, No. 16 C 2563, 2016 WL 3059114, at *3 (N.D. Ill. May 31, 2016) (denying severance where plaintiff alleged both products liability and medical negligence because, *inter alia*, "the defendants could exploit an 'empty chair' defense not available in a joint trial"). Severance would also require Plaintiffs to litigate in two separate forums, increasing the likelihood of delay and risk of duplicative discovery. *Id.* Accordingly, given the prejudice to Plaintiffs, the court, in its discretion, declines to grant severance.

5

### B.     Fraudulent Misjoinder

In the alternative, the Cook Defendants argue the citizenship of the Medical Defendants should be disregarded because they have been fraudulently misjoined. "The doctrine of fraudulent misjoinder 'refers to a situation where a plaintiff attempts to frustrate a defendant's right to remove by joining a non-diverse party in violation of the applicable joinder rule.'" *Saviour v. Stavropoulos*, No. 15-5362, 2015 U.S. Dist. LEXIS 150793, at *17 (E.D. Penn. Nov. 5, 2015) (quoting *Reuter v. Medtronics, Inc.*, No. 10-3019, 2010 WL 4628439, at *3 (D.N.J. Nov. 5, 2010)). As summarized by the court in *Saviour*, fraudulent misjoinder occurs when: "(1) a defendant has 'no real connection' to the action in violation of the applicable permissive joinder rules, and (2) the violation is 'so egregious as to constitute fraudulent joinder.'" *Id.*

Only the Eleventh Circuit has expressly recognized the fraudulent misjoinder doctrine. *See Fore Invs., LLC v. Travelers Indem. Co. of Am.*, No. 1:12-cv-1702-SEB-DML, 2013 U.S. Dist. LEXIS 95890 (S.D. Ind. July 9, 2013). The Seventh Circuit has not. In fact, in *Fore*, the Southern District of Indiana rejected[2] this doctrine as a cognizable basis of removal. *Id.*, 2013 U.S. Dist. LEXIS, at *19-30. But even if the court were to consider the doctrine, it would find the doctrine inapplicable to the present action.

---

[2] As noted by the court in *Fore*, other judges in the Southern District have considered and analyzed fraudulent misjoinder arguments. *See In re Bridgestone/Firestone, Inc.*, 260 F. Supp. 2d 722, 728 (S.D. Ind. 2003); *Conk v. Richards & O'Neil, LLP*, 77 F.Supp.2d 956, 971 (S.D. Ind. 1999); *Lyons v. Lutheran Hosp. of Indiana*, No. 1:04-cv-728-DFH-VSS, 2004 WL 2272203, at *4-5 (S.D. Ind. Sept. 15, 2004).

In determining whether the Medical Defendants were misjoined, the court applies California's permissive joinder rule, California Code of Civil Procedure § 379(a)(1). *Lyons v. Lutheran Hosp. of Indiana*, No. 1:04-cv-728-DFH-VSS, 2004 WL 2272203, at *4-5 (S.D. Ind. Sept. 15, 2004) (citations omitted), which is "virtually identical" to Federal Rule of Civil Procedure 20, *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 504 (E.D. Cal. 2008).  Section 379(a)(1) provides:

> (a) All persons may be joined in one action as defendants if there is asserted against them:
>
> (1) Any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action; or
> . . .
> (c) Where the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties.

As noted above, Plaintiffs' damages arise from the implantation procedure of a Cook IVC filter.  They allege Mr. Cheung's death was caused by either the Cook Defendants' IVC filter, the Medical Defendants, or a combination of both.  "'To the extent each Defendant tries to shift liability, the design and manufacture of the product and [the doctor's] conduct will be the central issues.'" *Saviour*, 2015 U.S. Dist. LEXIS 150793, at *18 (quoting *Reuter*, 2010 WL 4628439, at *5).  Therefore, Plaintiffs' claims against the Cook Defendants and the Medical Defendants both "arise out of the same transaction [or] occurrence," and will likely involve common questions of fact.  CCCP § 379(a)(1).

Consequently, Plaintiffs joined the Medical Defendants in accordance with applicable joinder rules and were not fraudulently misjoined.

### C.  Attorneys' Fees

Plaintiffs move for attorneys' fees under 28 U.S.C. 1447(c). Fees may be awarded under that section when the moving party "lacks an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The court does not find the Cook Defendants lacked an objectively reasonable basis for seeking removal. Current law allows the court to exercise its discretion to sever the Medical Defendants under Rule 21. Furthermore, although the Southern District of Indiana rejected the fraudulent misjoinder doctrine in *Fore*, no circuit precedent, including the Seventh Circuit, prohibits its application. Accordingly, the court finds the Cook Defendants had an objectively reasonable basis for seeking removal, and will not award fees.

### IV.     Conclusion

The court declines to sever the Medical Defendants from this action pursuant to Rule 21 or under the doctrine of fraudulent misjoinder because they were properly joined. Therefore, removal was improper under the forum defendant rule, 28 U.S.C. § 1441(b)(2).  Accordingly, Plaintiffs' Motion to Remand (Filing No. 6035) is **GRANTED**.  The Clerk is **DIRECTED** to **REMAND** this action to the Santa Clara Superior Court in Santa Clara County, California.

**SO ORDERED** this 11th day of January 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.