IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to: All Actions

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE OR STAY *BRAND* AND SELECT PRODUCT-IN-PLACE REPRESENTATIVE BELLWETHER TRIALS

Plaintiff Tonya Brand hereby files her response to the Cook Defendants' Motion to Continue or Stay *Brand* and Select Product-in-place representative Bellwether Trials, and in support thereof, respectfully shows the Court as follows:

Disregarding hundreds of hours the parties and the court have spent honing a bellwether process that has led to the first two (2) scheduled trials being defense picks (the first one resulting in a defense verdict), Cook comes to the well for a third time to try and change the status of the *Brand* case – this time to have it removed completely as a bellwether trial.

Further disregarding that the *Brand* case has been on the docket as a bellwether for over a year and has been worked up by plaintiff's counsel as a bellwether, Cook suggests that pulling *Brand* down would be no big deal because only a few depositions have been taken—as if taking a few depositions was what has been involved in working up the case until now.  It is three months away from plaintiff's expert deadline to file expert reports and a little over a month until fact discovery is to be completed in the Brand case.  Because the defense has contested putting

putting up case specific Cook witnesses for deposition, plaintiff has filed a motion to compel those depositions and awaits a ruling so that she can conduct that discovery. But Brand has been in almost daily preparation since it was named as a bellwether.  For instance: The Brand filter has been analyzed by electron microscopy.  It has been further analyzed by engineers who are preparing reports at this very time in order that they will be completed by the deadline of April 18, 2018.

Other experts, including those that will have spent months researching and writing their reports have been working diligently with several of plaintiff's counsel.  More experts, including medical experts, have been working on *Brand* for case-specific reports. Literally thousands of hours have been spent by lawyers and Ms. Brand's experts since this case became a bellwether selection through meetings, conference calls, legal research—mainly concerning applicable Georgia law. Creation of case specific documents, gathering and reviewing medical records and creating medical chronologies, and meeting with experts on *Brand* specific as well as general liability and causation has occurred.  Much more has occurred than taking a handful of depositions Cook has agreed to allow Cook's suggestion that the extinguishment of *Brand* would be of no consequence and that the third bellwether process should be started all over again is fantasy.

Cook claims its basis for extinguishing *Brand* as a bellwether is that it is "not representative" as Brand has a "complicated and convoluted medical history.  She received her filter immediately before undergoing a spine surgery in 2009." (*See* Cook's Mot. to Continue, Dkt. 7412, at p. 5.)  Really.  Cook had no compunction in proudly asserting that the *Hill* case--involving a scoliosis patient having undergone a 9½ hour spine surgery wherein Cook's experts testified that the spinal surgery caused the Hill perforation injury--was a good representative

bellwether case. The truth of the matter is Cook wants to try a "no injury" case that it believes it has a better chance to win – not that *Brand* is not a representative case.

1. **Cook's claim that "no injury cases" make up the bulk of this MDL**

Basing its motion to pull down the only plaintiff's pick as a bellwether for what appears to be an imaginary Cook created category of cases called "PIP/No injury", Cook misstates that "a significant portion of the MDL is comprised of no injury cases" and that those "no injury" cases are representative of the MDL. (Cook's Mot., Dkt. 7412, at p. 2.) But upon closer review of the motion, it becomes clear that Cook doesn't even buy into its statement. See the footnote Cook places on page 2 of its brief where it includes as "no injury" cases those involving tilt; Cook also says that because a box called "Other" is checked on the Plaintiff's Fact Sheet (PFS) or Plaintiff Profile Form (PPF) and without any backup whatsoever opines that that "other" means "there is no meaningful injury." In fact, a quick review of a sample of PFS's and PPF's shows that in most cases, the "other" box is checked for clarifying another injury and that "other" is not signifying "no injury". In fact after reviewing a good sampling of the "other" boxes on a Plaintiff Fact Sheet there are many occasions where the plaintiff counsel is simply trying to explain the existing injury outlined on the form that already shows one. Plaintiff attaches to her response a dozen fact sheets or profile forms that make clear "other" being checked is not an indicator the plaintiff is "not injured." See attached Plaintiff Profile forms and Plaintiff Fact Sheets, paying particular attention to the areas of the form listing the injuries and including the boxed designated "other."

2. **Cook's other math**

One of Brand's filter complications is a fractured filter. Because a significant number (11.1%) of the whole of the MDL involves fractured Celect filters and almost 20% of Celect

3

cases in the MDL involves fractures, Cook uses some magical math in an attempt to reduce that number given its pitch is that a fractured Celect is a rarity in the MDL. If one looks at page 4 of Cook's brief – in the tiny footnote at the bottom – one will see that Cook disregards the number of plaintiffs in this MDL and just counts up all the complications thereby "reducing" the appearance of the true number of plaintiffs with fractured Cook filters even after it has admitted a minimum of 11.1%. And this 11.1% understates the percentage of Celect plaintiffs who have Celect fractures compares to the Celect portion of the MDL. That percentage approaches 20%. And then Cook throws in that pesky "others" category it tries to say is synonymous with there being "no injury". Oh, Cook and its numbers.

### 3. *Brand* is representative of the MDL.

We've now tried an embedded filter case with a failed retrieval, but it involved a scoliosis patient. Brand isn't a scoliosis patient but she also had an embedded filter and an unsuccessful attempt to retrieve it. Brand, like Hill, is also a perforation case. But Brand may be the most representative of all of the cases in the MDL because Ms. Brand's filter fractured as well (and 15-20% of all Celect cases filed in the MDL involve a fracture). And we know from the *Hill* case why tilt leads to perforation and perforation leads to fracture. So now we have a case where the relationship of all of these complications can be assessed by a jury. And the fact that it involves an open surgery with remaining struts also does not make it "not representative" of the MDL. See the attached PFS's and PPF's wherein numerous of them involve open retrievals with restrained struts. See exhibits attached particularly where retained fragments with open procedures are referenced as well as the boxes designated "other." If Cook has suggested retained fragments in a fracture case is a rarity that can be disposed of quite easily.

Finally, Brand will address this statement made by Cook: "Trial of the allegations in Brand … would not illuminate any issue relevant to the MDL[.]"(Cook's Mot., Dkt. 7412, at p. 2.) Balderdash. Even if an embedded filter with an inability to retrieve it, perforating, fracturing filter case doesn't show itself as a representative case based on those complications alone, there are numerous issues of liability that are exactly those illuminative to the other cases in the MDL including claims of design defect, failure to warn, negligence, off label use and promotion, and many others.

**4. The class-action**

If Cook truly wanted to (or wants to now) deal with the issues relative to what it claims are the "no injury" cases, the handful of them that have been filed are the subject of a class action. Plaintiff stands ready to discuss and to litigate those claims in an efficient manner within the class action. These claims are all well known to Cook.

**CONCLUSION**

Respectfully, Defendants have not met and cannot meet their burden as movants regarding any of the issues for which it seeks to continue or stay *Brand* and select product-in-place representative bellwether trials. For these reasons, Defendants' motion should be denied in its entirety.

Dated: January 12, 2018

Respectfully Submitted,

*/s/ Joseph N. Williams*_____
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

*/s/ Michael W. Heaviside*_____
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

*/s/ Ben C. Martin*_____
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@bencmartin.

*/s/ David P. Matthews*_____
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of January, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                */s/ Ben C. Martin*
                                Ben C. Martin