IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.  1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to: All Actions | |

**REPLY IN SUPPORT OF COOK DEFENDANTS'
MOTION TO CONTINUE OR STAY *BRAND* AND
SELECT PRODUCT-IN-PLACE REPRESENTATIVE BELLWETHER TRIALS**

Cook's Motion is meant to address an urgent problem: the swelling of this MDL beyond all reasonable proportions due, in large part, to the rampant filing of PIP/No Injury cases. While the Plaintiffs would prefer that this Court ignore the problem, as the JPML Transfer Order creating this MDL contemplates, it is incumbent upon Cook to bring these concerns to the Court's attention and propose a process to identify and resolve such claims. *See In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379, 1381 (J.P.M.L. 2014). While there are many tools that this Court could use to address this problem, one obvious choice is through the efficient use of the bellwether process. Postponing *Brand* and trying first cases from the PIP/No Injury category in its stead is a simple solution. Every week that this problem goes unaddressed, it grows. Indeed, since Cook's opening Motion, new advertisements have been posted encouraging would-be plaintiffs to file PIP/No Injury cases. This has to stop. Cook, therefore, respectfully requests that the Court deprioritize *Brand* and select a PIP/No Injury case to proceed as the third bellwether in *Brand's* place.

**ARGUMENT**

**I.     PIP/No Injury cases are recognized by plaintiffs, they are representative of the MDL, and they are a problem that needs to be resolved.**

Although Plaintiff claims that the PIP/No Injury category of cases is an "imaginary" concoction of Cook's making (see Plaintiff's Response to Defendants' Motion to Continue or Stay Brand and Select Product-in-Place Representative Bellwether Trials, 3 [Dkt. No. 7481]), advertising from plaintiff firms and plaintiff litigation funding websites demonstrate that the PIP/No Injury category is readily accepted by plaintiffs. Indeed, since Cook filed its opening motion on this issue, Pravati Legal Funding (a financier and referral source for IVC filter lawsuits) posted an "IVC Filter Update" on its website advising that, "[i]f you have a retrievable IVC filters (sic) implanted but haven't noticed any symptoms of complications, you may still be eligible for an IVC filter claim. These claims are called Product in Place, or PIP." (Attached hereto as Exhibit A.) Pravati isn't alone. (*See* Cook Defendants' Motion to Continue or Stay *Brand* and Select Product-in-Place Representative Bellwether Trials, Exhibits C [Dkt. No. 7412-3] and D [Dkt. No. 7412-4].) And the drivers behind these cases aren't outside the control of the Plaintiffs' Leadership.

Cook did not create this category; Plaintiffs created this category by advertising for and filing these cases. As contemplated in the JPML's transfer order, Cook is simply identifying these cases for what they really are and seeking to resolve them efficiently. *See In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d at 1381 ("[I]f defendants believe plaintiffs' counsel are filing frivolous claims, it is incumbent upon defense counsel to bring that concern to the attention of the transferee court, and to propose a process to identify and resolve such claims.").

Finally, Plaintiff appears to be confused about Cook's analysis of the "Other" category. Cook readily acknowledges that some plaintiffs appropriately use the "Other" category. For example, in cases where plaintiffs allege "Organ Perforation," some plaintiffs have used the "Other" category to identify the specific bodily structure or organ they allege was perforated. Those cases have not been included in the 33% of cases that Cook identified, and these are not the type of case Cook is talking about. Cook's analysis of the "Other" category has already accounted for these uses of the "Other" category and excluded them from the PIP/No Injury category. The PIP/No Injury category only includes cases that mark the "Other" category but identify no meaningful physical injury in conjunction with it. To illustrate this point, Cook has attached a series of examples excerpted from the Plaintiff Profile Form hereto as Exhibit B. The clearest example is reproduced below:

| V. OUTCOME ATTRIBUTED TO DEVICE | |
|---|---|
| ☐ Migration | ☐ Other |
| ☐ Tilt | ☐ Other |
| ☐ Vena Cava Perforation | ☐ Other |
| ☐ Fracture | ☐ Other |
| ☐ Device is unable to be retrieved | ☐ Other |
| ☐ Bleeding | ☐ Other |
| ☐ Organ Perforation | ☒ Other  FEAR OF THE UNKNOWN |

VI. HOW OUTCOME(S) ATTRIBUTED TO DEVICE DETERMINED

N/A _____ by _____
(e.g. imaging studies, surgery, doctor visits)
_____ by _____
_____ by _____
_____ by _____

VII. CURRENT COMPLAINTS

Describe all injuries and physical complaints you attribute to the device:
FEAR OF THE UNKNOWN AND WHAT COULD HAPPEN GIVEN THAT THE FILTER IS STILL IN MY BODY.

3

This and the attached excerpts are examples of what Cook means when it says "no meaningful physical injury was alleged." To arrive at this conclusion in any given case, Cook simply looks at each plaintiff's allegations, and where a plaintiff makes no allegation of a meaningful physical injury, Cook counts the case as a "No Injury" case. Contrary to Plaintiffs sarcastic comments in their Response Brief, there is nothing fanciful about this process and the resulting numbers.

**II.    *Brand* should be postponed as a bellwether, and a PIP/No Injury case should be tried in its place.**

Cook is not saying that Mrs. Brand never deserves to have her day in court. Cook is simply saying that Mrs. Brand's case should be postponed and deprioritized. Consequently, the time Plaintiff's counsel has spent working *Brand* up will not be lost. When the time comes to try *Brand*, Plaintiff's counsel can still use the work it claims to have already performed. Plaintiff's concerns about lost time are therefore misplaced.

Continuing to spend time and resources working *Brand* up at his juncture, however, would be an inefficient use of the bellwether process and the Court's resources. Rather than try an unrepresentative case like *Brand*, the MDL Court should devote its resources to trying representative PIP/No Injury cases that make up a third of the MDL. Not only are PIP/No Injury cases representative of the MDL, but their continued growth makes their resolution all the more important to address.

**III.   *Brand* is unrepresentative of the MDL because it involves the open removal of a fractured filter—a combination of outcomes that is alleged in only 0.86% of cases.**

Plaintiffs misstate the basis upon which Cook asserts *Brand* is unrepresentative. Plaintiffs claim that Cook's basis for finding that *Brand* is not representative is because she received her filter immediately before undergoing a spine surgery. (*See* Plaintiff's Response to Defendants' Motion to Continue or Stay *Brand* and Select Product-in-Place Representative

Bellwether Trials, 2 [Dkt. No. 7481].)  While it is true that Mrs. Brand had a spine surgery immediately after receiving a filter, this is <u>not</u> the reason Cook claims the case is unrepresentative.  *Brand* is unrepresentative because it involves the open removal of a fractured filter, which accounts for only 0.86% of the cases in the MDL.  Moreover, *Brand* is the only case where a plaintiff alleges that a fractured piece migrated through her thigh.

Contrary to Plaintiff's assertions, the unrepresentativeness of *Brand* has nothing to do with Plaintiff's back surgery.  Indeed, it was Plaintiff's counsel—not Cook—who attempted to discredit the value of cases involving spine surgery.  For example, in post-trial press statements, Plaintiff's counsel claimed that *Hill* "was confounded by many issues unique to [Mrs. Hill]; particularly a long history of complex medical issues including severe scoliosis with multiple *surgical reconstructions of the spine*." Julie Steinberg, *Cook Medical Clot-Trap Plaintiffs Look Ahead After Trial Loss*, Bloomberg BNA: Product Safety & Liability Reporter (Nov. 17, 2017) (emphasis added) (attached as Exhibit C).  If Plaintiff's counsel thought Mrs. Hill's back surgeries and medical history made her case unrepresentative, it is hard to see why Plaintiff's counsel's same logic would not, *a fortiori*, apply to the *Brand* case.

Finally, the Court should not be fooled by Plaintiff's attempt to create the impression that there are "numerous" cases involving the open retrieval of fractured filters simply by attaching a few examples as an exhibit to their Response Brief.  Cook examined Plaintiff's examples and confirmed that these were already accounted for in the 0.86% of cases involving both a fracture and an open retrieval identified in Cook's opening papers.  The implication that these examples illustrate that cases involving the open retrieval of fractured filters is somehow common is sophistry.  As Figure 1 demonstrates, open removals cases are already extremely rare.  Cases alleging open removal and fracture are even smaller—just 0.86%.

5

**Figure 1:**



## CONCLUSION

For the foregoing reasons—and for the reasons set forth in Cook's opening Motion—the Court should postpone *Brand* and instead try a PIP/No Injury case as the third bellwether. Cook respectfully requests, therefore, that the Court grant its Motion to Continue or Stay *Brand* and to Select Product-in-Place Representative Bellwether Trials.

Dated: January 19, 2018

Respectfully submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile:  (260) 460-1700
E-Mail:  stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018, a copy of the foregoing "Reply in Support of Cook Defendants' Motion to Continue or Stay *Brand* and to Select Product-in-Place Representative Bellwether Trials" was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.116019572.05