UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Actions:

   *Pavlock v. Cook Medical, Inc. et al.*,
   Case No. 1:18-cv-06088-RLY-TAB

_____


**COOK DEFENDANTS' MOTION TO STAY DECISION ON
MOTION TO REMAND PENDING OUTSTANDING DISCOVERY
<u>AND</u>
OPPOSITION TO PLAINTIFF'S EMERGENCY REQUEST
FOR EXPEDITED RULING**

      Defendants Cook Incorporated, Cook Group Incorporated, and Cook Medical LLC ("Cook Defendants" or "Cook") respectfully move the Court to stay consideration of Plaintiff's Motion to Remand pending responses to outstanding discovery that the Cook Defendants have served on Plaintiff and Defendant Dr. Adrian D. Wong regarding any side agreements between them.  Cook Defendants further oppose Plaintiff's emergency request for an expedited ruling on Plaintiff's Motion to Remand.  In support of this motion, the Cook Defendants state as follows:

      1.     Plaintiff filed this action in the District Court of Harris County, State of Texas, on or about January 19, 2017.  They did not serve the case on Cook Defendants, however, until February 27, 2017.  Plaintiff is a citizen of Texas.  And while the Cook Defendants are citizens of Indiana, Dr. Wong is a citizen of Texas.  As originally filed, then, the case was not removable.

      2.     On December 22, 2017, shortly after deposing Plaintiff's only medical malpractice expert, George Kuritza, M.D., the Cook Defendants removed this case to the

Southern District of Texas, arguing that Dr. Wong had been fraudulently joined. As noted in Cook's Notice of Removal, Dr. Wong is improperly joined in this matter, because Plaintiff does not have the necessary expert evidence to pursue his medical negligence claim. Therefore, there is no possibility that Plaintiff can establish a cause of action against Dr. Wong.

3. The Cook Defendants then tagged the case for transfer to the MDL on December 22, 2017, and moved to stay consideration of the Notice of Removal or any motion to remand that Plaintiff might file pending the JPML's decision on transfer to MDL No. 2570. Plaintiff filed his Motion to Remand in the Southern District of Texas later that day.

4. Plaintiff initially opposed the JPML's conditional transfer order, but then withdrew his opposition after the Southern District of Texas granted Cook's Motion to Stay.

5. The JPML transferred the case to this Court on January 18, 2018. That same day, Plaintiff filed notice of his pending Motion to Remand and sought an expedited ruling on the same.

6. On January 18, 2018, the Cook Defendants served discovery on both Plaintiff and Dr. Wong, seeking to discover whether Plaintiff and Dr. Wong have any kind of agreement, formal or informal, indicating that Plaintiff does not intend to pursue his case against Dr. Wong to a judgment. The discovery to Plaintiff is attached as **Exhibit A**. The discovery to Dr. Wong is attached as **Exhibit B**.

7. "[T]he standard in the Seventh Circuit requires the Court to look beyond the pleadings when testing for fraudulent joinder." *In re Bridgestone/Firestone Inc. Prods. Liab. Litig.*, 204 F. Supp. 2d 1149, 1153 (S.D. Ind. 2002) (citing *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 654-55 (7th Cir. 1992)). "In deciding whether a defendant has been fraudulently joined, a court isn't limited to the pleadings and may consider summary judgment-

type evidence such as affidavits." *See, e.g.*, *In re: Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, Nos. 14-cv-1434 et. al, 2016 WL 3901366, at *4 (N.D. Ind. July 18, 2016); *Millman v. Biomet Orthopedics, Inc.*, No. 13-cv-77, 2013 WL 6498394, at *2 (N.D. Ind. Dec. 10, 2013); *Siegel v. H Group Holding, Inc.*, No. 07-cv-06830, 6830, 2008 WL 4547334, at * 3 (N.D. Ill. Apr. 9, 2008) ("[A] limited use of . . . other evidence is permissible so long as the evidence is not used to 'pre-try' the case."); *see also LeBlang Motors, Ltd. v. Subaru of Am.*, 148 F.3d 680, 690–91 (7th Cir. 1998) (considering deposition testimony in finding fraudulent joinder); *DaCosta v. Novartis AG*, No. 01-cv-00800, 2002 WL 31957424, at *5 (D. Or. Mar. 1, 2002) ("To resolve fraudulent joinder claims, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings, such as affidavits and deposition testimony.").

8.  Thus, federal courts across the country grant jurisdictional discovery to permit a fraudulent joinder determination to be made on the basis of a more complete record, *even when a motion to remand is pending*. *See, e.g.*, *Misner v. State Farm Fire and Cas. Co.*, No. 14-cv-00873, 2014 WL 6879094, at *6-7 (W.D. Okla. Dec. 4, 2014) (granting defendant's motion to conduct jurisdictional discovery and *for stay on plaintiff's motion to remand*, finding that defendant should be permitted to conduct limited discovery to develop a sufficient factual record to establish fraudulent joinder "before a final decision regarding jurisdiction is made. There is no reason for this case to bounce back and forth between state and federal courts when two depositions are all that is needed to flesh out the allegations of Plaintiffs' petition, and resolve the question of whether any substantial claim against [defendant] exists."); *C.A. v. Am. Honda Motor Co.*, No. 09-cv-2159, 2009 WL 339888, at *1 (D. Md. Oct. 16, 2009) (after plaintiff filed motion to remand, court concluded "that jurisdictional discovery is proper in this case to

3

determine whether it has diversity jurisdiction"); *Cannon v. Fortis Ins. Co.*, No. 07-cv-01145, 2007 WL 4246000, at *3 (W.D. Okla. Nov. 29, 2007) (granting defendant's motion to conduct jurisdictional discovery and defendant's *motion to stay response to remand motion* in order to allow discovery to address fraudulent joinder allegations); *Bloodsworth v. Smith & Nephew*, No. 05-cv-00622, 2005 WL 3470337, at *13 (M.D. Ala. Dec. 19, 2005) (ordering that plaintiff's motion to remand be held in abeyance until such time that limited jurisdictional discovery regarding fraudulent joinder is completed); *Autrey v. United Cos. Lending Corp.*, 872 F. Supp. 925, 927 n.1 (S.D. Ala. 1995) (before ruling on plaintiff's motion to remand and the issue of whether the non-diverse defendant was fraudulently joined, the court allowed the parties "to conduct jurisdictional discovery"); *see generally Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (emphasizing that the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *United States ex rel. Chepurko v. E-Biofules, LLC*, No. 14-cv-00377, 2014 WL 4216049, at *1 (S.D. Ind. Aug. 25, 2014) ("District courts are afforded a wide latitude of discretion in deciding whether to stay proceedings." (citing *Landis*)).

9. The limited discovery already served on Plaintiff and Dr. Wong is necessary to further investigate the Cook Defendants' claim of fraudulent joinder. If the evidence resulting from this discovery shows that Plaintiff has agreed not to pursue his claims against Dr. Wong through trial, this would be another, independent basis on which to deny Plaintiff's pending motion to remand. For "[c]ourts have found joinder to be fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, *or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment*." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (quoting

*Goldberg v. CPC Int'l,* 495 F. Supp. 233, 239 (N.D. Cal. 1980), which in turn cites *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921); *Chicago, Rock Island & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184, 194 (1913); and *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975)) (emphasis added)); *see also*, *e.g.*, *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 425 (5th Cir. 2003) (holding that diverse defendant did not lose its right to remand where plaintiff "signed and post-dated a Notice of Nonsuit before the one-year anniversary of the commencement of her action, but did not notify [the diverse pharmaceutical defendant] of the [non-diverse treating doctor defendant's nonsuit] until after the expiration of the anniversary"). A short stay is therefore in order until the Plaintiff and Dr. Wong adequately respond to the Cook Defendants' pending discovery requests.

10. Finally, Plaintiff seeks an expedited ruling on his Motion to Remand, arguing that an expedited ruling will allow discovery to proceed on its current schedule and to avoid prejudice and delay from delaying the May 7, 2018 trial date in the Harris County District Court. This request should be denied.

11. Plaintiff has not demonstrated, nor can he, that consideration of his motion for remand in the normal course will prejudice him. By all accounts, Mr. Pavlock is in good health, as he is working full time at two jobs as a firefighter. There is no indication that he will not be able to attend at trial even if that trial is delayed while this case is in federal court—where it should remain, given the fraudulent joinder of Dr. Wong.

12. Furthermore, as the Plaintiff himself indicates in his own papers, discovery continues in this case in keeping with the deadlines established by the state court. This belies Plaintiff's claim that the Cook Defendants are attempting to delay the litigation in this matter. Just the opposite: *at Plaintiff's request*, and with Plaintiff's consent, the Cook Defendants

5

continue to litigate this matter in such a way that, wherever the case ends up being tried (and it should be in federal court), that trial will not be unduly delayed. Furthermore, and notwithstanding their January 18, 2018 email to this Court, Plaintiff's counsel has just *today* taken the position that they will not go forward with fact discovery until after remand is decided and have specifically sought to cancel a fact witness deposition set for this Monday, January 22, 2018. Any claim that Cook Defendants have thus caused delay in this action, should there be a remand, is unfounded. Likewise, any claim by Plaintiff that an emergency hearing is necessary to protect Mr. Pavlock's ability to proceed with his case is belied by Plaintiff's own attempt to delay discovery.

13. Accordingly, Cook Defendants respectfully request that the Court stay its consideration of Plaintiff's Motion to Remand until limited jurisdictional discovery on fraudulent joinder can be completed, and the parties can update their briefings based on the result of that discovery. The Cook Defendants further oppose Plaintiff's emergency request for an expedited ruling on the Motion to Remand.

Respectfully submitted,

**FAEGRE BAKER DANIELS LLP**


By:   */s/ Brian J. Paul*
      Brian J. Paul
      Indiana State Bar No. 22501-29
      John T. Schlafer
      Indiana State Bar No. 28771-49
      300 N. Meridian Street, Suite 2700
      Indianapolis, IN  46024
      (317) 237-0300
      (317) 237-1000 FAX
      Email: brian.paul@faegrebd.com
      Email: john.schlafer@faegrebd.com

        John P. Mandler
        Minnesota Bar No. 0194438
        Michelle M. Tessier**
        Minnesota Bar No. 0398776
        90 S. Seventh St.
        2200 Wells Fargo Center
        Minneapolis, MN 55402
        (612) 766-7000
        (612) 766-1600 FAX
        Email: john.mandler@faegrebd.com
        Email: michelle.tessier@faegrebd.com

**JOHNSON, TRENT & TAYLOR, L.L.P.**

        T. Christopher Trent
        State Bar No. 20209400
        Federal ID No. 14244
        Leslee N. Haas
        State Bar No. 24041031
        Federal I.D. No. 36814
        919 Milam, Suite 1700
        Houston, Texas 77002
        Telephone: (713) 222-2323
        Facsimile: (713) 222-2226
        Email: ctrent@johnsontrent.com
        Email: lhaas@johnstontrent.com

**ATTORNEYS FOR THE COOK DEFENDANTS**

**pro hac vice motion to be filed*

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 19th day of January, 2017, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                    */s/ Brian J. Paul*
                     Brian J. Paul