# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions:

*Pavlock v. Cook Medical, Inc. et al.*,
Case No. 1:18-cv-06088-RLY-TAB

## DEFENDANT COOK MEDICAL LLC'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF

To: Plaintiff Jeffrey Alan Pavlock, by and through his attorneys of record, David P. Matthews, Julie L. Rhoades, and Lizy Santiago, MATTHEWS & ASSOCIATES, 2905 Sackett Street, Houston, Texas 77098; Tim K. Goss, Rich Freese, Peter de la Cerda, and Kevin L. Edwards, FREESE & GOSS, 3500 Maple Ave., Suite 1100, Dallas, Texas 75204; and Mark Murray, STEVENSON & MURRAY, 24 Greenway Plaza, #750, Houston, Texas 77046:

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, you are required to answer separately, completely, and in detail, in writing and under oath, the following discovery requests within thirty (30) days after the date of service of these requests.

765479

Respectfully submitted,

**JOHNSON, TRENT & TAYLOR, L.L.P.**

By:     */s/ T. Christopher Trent*
        T. Christopher Trent
        State Bar No. 20209400
        Federal ID No. 14244
        Leslee N. Haas
        State Bar No. 24041031
        Federal I.D. No. 36814
        919 Milam, Suite 1700
        Houston, Texas 77002
        Telephone: (713) 222-2323
        Facsimile: (713) 222-2226
        Email: ctrent@johnsontrent.com
        Email: lhaas@johnsontrent.com

**FAEGRE BAKER DANIELS LLP**
        John P. Mandler
        Minnesota Bar No. 0194438
        Michelle M. Tessier
        Minnesota Bar No. 0398776
        90 S. Seventh St.
        2200 Wells Fargo Center
        Minneapolis, MN 55402
        (612) 766-7000
        (612) 766-1600 FAX
        Email: john.mandler@faegrebd.com
        Email: michelle.tessier@faegrebd.com

        Brian J. Paul
        Indiana State Bar No. 22501-29
        John T. Schlafer
        Indiana State Bar No. 28771-49
        300 N. Meridian Street, Suite 2700
        Indianapolis, IN 46024
        (317) 237-0300
        (317) 237-1000 FAX
        Email: brian.paul@faegrebd.com
        Email: john.schlafer@faegrebd.com

765479

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the below attorneys of record via email, in accordance with FED. R. CIV. P. 33 and 34, on January 18, 2018.

David P. Matthews
Julie L. Rhoades
Lizy Santiago
MATTHEWS & ASSOCIATES
2905 Sackett Street
Houston, Texas 77098

Tim K. Goss
Rich Freese
Peter de la Cerda
Kevin L. Edwards
FREESE & GOSS
3500 Maple Ave., Suite 1100
Dallas, Texas 75204

Mark Murray
STEVENSON & MURRAY
24 Greenway Plaza #750
Houston, TX 77046

*ATTORNEYS FOR PLAINTIFF*

Joel Randal Sprott
Mark T. Phelps
SPROTT, NEWSOME, QUATTENBAUM, MESSENGER
2211 Norfolk, Suite 1150
Houston, Texas 77098

*ATTORNEYS FOR DEFENDANT*
*Dr. ADRIAN A. WONG, MD*

                                      *s/ Leslee Haas*
                                      Leslee Haas

765479

## INSTRUCTIONS

In responding to these Requests and Interrogatories, You are required to produce all information known or reasonably available, regardless of whether such information is in Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives or investigators, including Your attorneys or their agents, employees, representatives, or investigators.

If any of the information requested cannot be produced in full, You are required to specify, to the extent possible, the reasons for Your inability to produce the remainder, and the approximate date when You expect to produce it.

With respect to any information called for by any Request or Interrogatory which is withheld upon a claim of privilege, please state:  (a) the paragraph to which the information is otherwise responsive; (b) its general subject matter; (c) the date or time period to which the information refers; (d) the source of the information; (e) any persons to whom such information has been sent; (f) the identity of every person who has received or any way been given access to the information; (g) the identity of the person from whom the privilege purportedly derives, including the address and telephone number of the person; (h) the specific grounds of the privilege claim; and (i) the identity, address, and telephone number of the person or persons supplying any information considered privileged or confidential.

These Requests and Interrogatories impose a continuing obligation upon You.  If, after producing responsive information, additional information becomes available to You, You must produce such additional information.

765479

## **DEFINITIONS**

1. "You" and "Your" shall refer to the Plaintiff, Jeffrey Pavlock, or any employee, attorney, agent, or other representative thereof.

2. "Dr. Adrian Wong" or "Dr. Wong" when used herein refers to Adrian A. Wong, M.D., to the extent Dr. Wong was named as a defendant in Your suit, or any employee, attorney, agent, or other representative thereof..

3. "Cook Defendants" when used herein refers to Cook Incorporated, Cook Group Incorporated, and Cook Medical LLC (formerly known as Cook Medical Incorporated), to the extent each such company was named as a defendant in Your suit.

4. "Communication" and/or "correspondence" shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, or seminars or any other exchange of information between You and any other person or entity.

5. "Document", "documents" and "documentation" as used herein shall have the broadest possible meaning under Fed. R. Civ. P. 34 and shall include, without limitation, any database, written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of

investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, correspondence and communications (as defined below) of any type (including but not limited to video files, audio files, inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of You or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of You, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on Your behalf.

6. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

7. "Identify" or "identity" with respect to a document means to state the date and author, type of document or some other means of identifying it and its present location or custodian. If any such document was in Your possession, but is no longer in Your possession or subject to Your control, explain the disposition of the document.

765479

8. The term "person(s)" when used herein, means any natural person, as well as corporate and/or governmental entity.

9. "Possession, custody or control" shall mean and refer to any documents in Your possession, custody or control as follows. A document is deemed to be in Your "possession, custody or control" if is in Your physical custody, or if it is in the physical custody of another person or entity and You: (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when You have sought to do so. Such documents shall include, without limitation, documents that are in the custody of Your attorney(s), employees, staff, representatives and agents.

10. "Relating to", "relate to", "referring to", 'refer to", "reflecting", "reflect", "concerning", or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including Documents attached to or used in the preparation of or concerning the preparation of the Documents.

11. The "Subject Filter" refers to the particular Cook Inferior Vena Cava Filter that was implanted in Plaintiff's body and is the subject of Plaintiff's lawsuit.

765479

12. For the purpose of interpreting or construing the scope of these discovery requests, You are instructed to give words their most expansive and inclusive meanings. You should, therefore:

a. construe the words "and" as well as "or" in the disjunctive as necessary to make the request more inclusive;

b. construe the term "including" to mean "including, but not limited to";

c. construe the singular form of a word to include the plural and the plural form to include the singular;

d. construe a masculine noun or adjective to include the feminine and vice versa; and,

e. construe the past tense of a verb to include the present, and the present tense to include the past.

## INTERROGATORIES

**INTERROGATORY NO 1:** Have You, either individually or collectively, at any time entered into any compromise settlement agreement, agreement for non-suit or dismissal, covenant not to sue, hold harmless agreement, guaranty agreement, indemnification agreement, "Mary Carter agreement," "gentleman's agreement," agreement to agree, "deal," high-low agreement, or any type of agreement regarding the verdict or outcome in this case, or reached or entered into any other understanding or arrangement, whether formal or informal, with any entity, person, firm, corporation or party with respect to this lawsuit? If so, please state:

a. the names of the parties to such agreements;

b. the consideration that you have been paid or will receive in connection with any such agreement;

c. the verbatim terms of any such agreement or attach a copy of such agreement to your answers to these Interrogatories;

765479

    d. whether there exists a written document which sets forth all or a part of any agreement described in response to this Interrogatory and state whether it covers all of the agreement, and if not, state what the remaining terms are.

**ANSWER:**

**INTERROGATORY NO 2:** Have You, either individually or collectively, at any time discussed, negotiated, and/or agreed with Dr. Wong (or his counsel) to non-suit or dismiss Dr. Wong with respect to this lawsuit? If so, please state:

    a. the names of the parties to such discussion, negotiation and/or agreement;

    b. the consideration that you have been paid or will receive in connection with any such agreement;

    c. the verbatim terms of any discussion, negotiation, and/or agreement or attach a copy of such arrangement to your answers to these Interrogatories;

    d. whether there exists a written document which sets forth all or a part of any discussion, negotiation and/or agreement described in response to this Interrogatory and state whether it covers all of the discussion, negotiation and/or agreement, and if not, state what the remaining terms are.

**ANSWER:**

765479

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all agreements, contracts, arrangements, understandings, deals or writings evidencing any such agreements, contracts, arrangements, understandings or deals relating to any settlement, assignment, non-waiver agreement, "Mary Carter Agreement," compromise or dismissal of any claim brought by you or on your behalf in the above-captioned cause or any related causes of action which arose out of the incident forming the basis of this lawsuit, against any person, party, firm or corporation, or to any injuries, damages, losses or expenses being claimed by you relating to the accident. This request includes, but is not limited to, documents concerning agreements or understandings of any kind whatsoever, including past, present, and future settlements, deals, agreements, understandings, and conduct by or between you and any other person or entity.

**RESPONSE:**

765479