# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

_____

This Document Relates to:

    *Brand v. Cook Medical, Inc. et al.,*
    Case No. 1:14-cv-06018-RLY-TAB

_____

## **THE COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

The Cook Defendants[1] respectfully urge this Court to deny Plaintiff's Motion to Compel [Dkt, No. 7440] and to quash Plaintiff's six Notices of Deposition (the "Notices") and one Notice of Intent to Serve Subpoena for Deposition (the "Subpoena"), which depositions are the subject of the Motion to Compel.

In summary, of the 28 documents Plaintiff seeks to compel, Cook has produced 23 of them, and has asserted privilege and/or work product protection for the remaining five. Cook clarified this issue in a January 18, 2018, letter that provided specific guidance on Cook's prior production and privilege claims. (*See* Letter attached as Exhibit **A**).[2] Accordingly, there is no longer any dispute over the documents requested.

Regarding the seven case-specific depositions that Plaintiff requests, Amended Case Management Order #19 (Amended Bellwether Trial Plan) [Dkt. No. 3326] and Case

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").
[2] In accordance with Local Rule 5-1(b), a Separate Index of Exhibits to The Cook Defendants' Response to Plaintiff's Motion to Compel has been filed contemporaneously with this Response. The Exhibits referenced in this Response are attached to the Separate Index.

- 2 -

Management Order #20 (Protocol for Depositions in Bellwether Cases) [Dkt. No. 3071] explicitly limits case-specific depositions to "two [ ] witnesses" in addition to plaintiff(s), plaintiff's treating physicians, and sales representatives directly associated with the sale of the specific product implanted in the plaintiff and/or present in the operating room (which depositions have been or will be taken without objection). Despite this clear limitation of two additional case-specific depositions – one of which Cook reserves for its own use – Plaintiff has made no effort to comply with CMO #19.

Accordingly, the Motion to Compel should be denied.

## I. INTRODUCTION

Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery concerning:

> any *nonprivileged* matter that is *relevant* to any party's claim or defense *and proportional to the needs of the case,* considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). Simply put, in order to be discoverable the nonprivileged information must not only be relevant, it must also be proportional to the needs of the case. *Id.* Indeed, this Court has recognized and emphasized this proportionality principle in its rulings and case management orders.

For example, Amended Case Management Order #19 (Amended Bellwether Trial Plan) at ¶ 2 ("CMO #19") [Dkt. No. 3326] and Case Management Order #20 (Protocol for Depositions in Bellwether Cases) at ¶ B ("CMO #20") [Dkt. No. 3071] emphasize proportionality by limiting case-specific fact depositions in bellwether cases. In particular, CMO #19 limits the scope and number of case-specific fact depositions and provides, in relevant part (with emphasis added):

> 2. <u>Bellwether Depositions:</u>  Case-Specific Fact Depositions in Bellwether Cases *shall be limited to* (1) Plaintiff(s), (2) Plaintiff's treating physicians, (3) sales

> representatives *directly associated with the sale of the specific product implanted in the plaintiff,* and (4) *two additional fact witnesses.* The parties agree that the sales representative depositions will generally occur prior to implanting/retrieval physician depositions. If the parties disagree regarding the proper sequencing of depositions and the sequence of questions in depositions in a specific Bellwether case, they will meet and confer prior to contacting the court for assistance in resolving the issue. *Additional Case-Specific depositions may be taken by agreement or by leave of court upon good cause shown.*

In sum, absent good cause shown, the parties are *expressly limited to case-specific depositions of* ***"two [ ] fact witnesses"*** in addition to Plaintiff's deposition, the depositions of her treating physicians, and the depositions of sales representatives directly associated with the sale of Plaintiff's Celect IVC Filter (which depositions have been or will be taken without objection).

Despite these clear limitations on the scope and number of case-specific fact depositions, and without any showing or discussion of good cause, Plaintiff filed her Motion to Compel on January 5, 2018, claiming that she is entitled to take the deposition of *seven* additional case-specific fact witnesses:

- Cook employees Don Archie and Meg Senker Donley – who Plaintiff claims were involved with the sale of her Celect IVC Filter, *despite evidence to the contrary*;

- Cook employees Lykke Sylow Iversen, Thomas Willads Jensen, Annette Luneborg,[3] and Darrell Talbert – who Plaintiff claims were involved in Cook's investigation and the Single Complaint Report with respect to Plaintiff's Celect Filter complaint; and,

- Cook's litigation consultant Dr. Dennis Griffin.[4]

On January 15, 2018, *while her Motion to Compel was pending*, Plaintiff unilaterally scheduled and served Cook with the Notices to take the depositions of the six Cook employees and the Subpoena for the deposition of non-Cook employee Dr. Griffin. Copies of the Notices and Subpoena are attached as Exhibit **B.**

---

[3] Cook has confirmed that Ms. Luneborg is no longer an employee of Cook and, therefore, not subject to Cook's control.

[4] Although not raised in her Motion to Compel, Plaintiff also has requested the case-specific fact deposition of Dr. Paul Timperman – effectively bringing the number of requested additional fact depositions to *eight*.

- 3 -

US.116022111.12

As discussed below, application of the discovery standards set forth in Federal Rule of Civil Procedure 26(b)(1) and this Court's case management orders demonstrate that this Court should deny Plaintiff's Motion to Compel in its entirety and quash the Notices and Subpoena.

## II.   ARGUMENT

### A.   Plaintiff's Motion To Compel Documents Is Moot And Should Be Denied

Plaintiff's motion to compel the production of 28 "Attached Files" to Cook's Single Complaint Report is moot. In its January 18, 2018, letter, Cook (1) explained that 23 of the 28 files previously had been produced, (2) included a chart identifying the 23 files by bates number and production volume, and (3) provided a privilege log identifying the five documents withheld from production on the basis of privilege and/or work product protection.[5] Plaintiff's Motion to Compel documents is therefore moot and should be denied.

### B.   Plaintiff's Motion To Compel Depositions Of Don Archie And Meg Senker Donley Exceeds The Scope Of Sales Representative Depositions Contemplated CMOs #19 and #20

The Court should reject Plaintiff's blanket claims of relevance and discoverability and deny her Motion to Compel the depositions of Cook employees Don Archie (Regional Manager) and Meg Senker Donley (District Manager/sales representative). Plaintiff broadly claims that she is entitled to depose Cook representatives connected with "sales calls" to her implanting physician, Dr. Mark Rheudasil, because "testimony regarding the sales contacts that Cook had with Ms. Brand's implanting physician is relevant to the facts of this case and within the scope of permissible discovery." *See* Plaintiff's Brief in Support of Her Motion to Compel [Dkt. No. 7441] at pp. 2, 12. To the contrary, Mr. Archie and Ms. Donley do *not* fall within the scope of permissible case-specific fact discovery in this bellwether case.

---

[5] As a courtesy, Cook also identified one additional document that had been withheld, which is an email attachment to one of the privileged documents.

- 4 -

CMOs #19 and #20 put clear limitations on the depositions of Cook sales representatives. CMO #19 provides, in relevant part, that case-specific fact depositions shall be limited to "sales representatives *directly associated with the sale of the specific product implanted in the plaintiff.*" *See* Amended Case Management Order #19 [Dkt. No. 3326] at ¶ 2 (emphasis added). CMO #20 reinforces this limitation and provides that "depositions permitted by paragraph 2 of CMO #19" include depositions of "the sales representatives/distributors *directly associated with the sale of the product to the surgeon or present in the operating room during the implantation or revision.*" Case Management Order #20 [Dkt. No. 3071] at ¶ B. 2. B (emphasis added).

Here, Tamara Clemmer was the Cook sales representative directly associated with the sale of Ms. Brand's filter. As Ms. Clemmer explained in her deposition, Dr. Rheudasil – like many other physicians – treats patients at multiple hospitals, including Northside Hospital and St. Joseph's Hospital. (T. Clemmer Dep. at 104:12-105:1, attached as Exhibit **C**). Ms. Clemmer is the sales representative that is responsible for Northside Hospital, the hospital where Ms. Brand received her filter, and Ms. Donley is responsible for St. Joseph's Hospital. (*Id.* at 102:20-103:11; 104:12-105:1). However, at the time of Ms. Brand's filter implant, Ms. Clemmer was responsible for *both* Northside Hospital and St. Joseph's Hospital because she was substituting for Ms. Donley while Ms. Donely was on maternity leave. (*Id.* at 101:23-102:9). Ms. Clemmer's supervisor, Don Archie, simply helps her with administrative responsibilities but otherwise lets her work on her own. (*Id.* at 105:6-20). Moreover, Ms. Clemmer was unsure at her deposition whether Mr. Archie was the supervisor at the time of Ms. Brand's filter placement. (*Id.* at 24:3-8; 100:22-101:9).

In sum, at the time of the sale of Ms. Brand's Celect Filter, Ms. Clemmer was the sales representative that was directly responsible for Dr. Rheudasil and the two hospitals where he

treated patients – *including Northside Hospital where Ms. Brand received her filter.*  Neither Ms. Donley nor Mr. Archie had any involvement in the sale of Ms. Brand's filter to Northside Hospital, St. Joseph's Hospital, or to Dr. Rheudasil.  Ms. Clemmer has been already been deposed and Plaintiff has no justification for expanding the scope of Cook sales representative depositions beyond that of Ms. Clemmer.

Indeed, Plaintiff's general allegations that Mr. Archie "supervised the sales activities of Meg Senker Donely and Tamara Clemmer" and that "Meg Donely is one of two District Managers who had responsibility for 'making sales calls on' Dr. Rheudasil" (s*ee* Plaintiff's Brief in Support of Her Motion to Compel [Dkt. No. 7441] at p. 2) are insufficient under the case management orders to justify their depositions.  Moreover, Plaintiff *has already taken* several depositions of witnesses knowledgeable of sales and marketing issues, including Darrell Talbert (twice, on April 27, 2015, and December 15, 2015), Bruce Fleck (on July 20, 2016), and Jim Smith (on May 9, 2017).

Thus, Plaintiff has not and cannot demonstrate that (1) Mr. Archie or Ms. Donely were *directly associated with the sale* of Ms. Brand's filter, (2) Mr. Archie or Ms. Donely were *present in the operating room* when Ms. Brand's filter was implanted or revised, or (3) there is good cause to expand the limitations of CMOs #19 and #20 to permit more than two depositions of case-specific witnesses to include Mr. Archie or Ms. Donely.  Accordingly, the Court should deny Plaintiff's Motion to Compel the depositions of Mr. Archie and Ms. Donely.

**C.     Plaintiff's Motion To Compel Depositions Of Five Individuals Mentioned In The Single Complaint Report Exceed The "Two Additional Fact Witness" Depositions Permitted By CMOs #19 And #20**

Plaintiff's effort to depose at least five *additional* people (plus Dr. Paul Timperman) associated with Cook's investigation of Mrs. Brand's Celect filter far exceeds the proportionality embodied in CMOs #19 and #20 and should therefore be denied.  Plaintiff claims that Dr. Dennis

Griffin, Lykke Sylow Iversen, Thomas Willads Jensen, Annette Luneborg, and Darrell Talbert (plus Dr. Paul Timperman who is not part of Plaintiff's Motion) "all played a significant role in the Cook Defendants' evaluation of the failure of Tonya Brand's Celect filter." *See* Plaintiff's Brief in Support of Her Motion to Compel [Dkt. No. 7441] at p. 8. In an effort to appear reasonable, Plaintiff claims that she "has not asked to depose every member of the Cook investigation team – only key players, only one of whom has previously been deposed [Darrell Talbert]." *See id.* at p. 2. But her broad claims of relevance and purported reasonableness miss the mark and her Motion to Compel should be denied.

Again, Plaintiff ignores the limitations in CMOs #19 and #20. More importantly, however, Plaintiff has *already deposed a witness about Cook's investigation of Mrs. Brand's Celect Filter*. Indeed, on October 5, 2016, Plaintiff took the deposition of Arne Mölgaard Nielsen and closely questioned him about Mrs. Brand's Single Complaint Report. The topics included a discussion of (1) the background facts as listed in the Single Complaint Report (A. Molgaard-Nielsen Dep. Vol. II at 472:6-481:20 and 487:16-489:15, attached as Exhibit **D**); (2) the investigation timeline and findings (*Id*. at 481:21-487:15 and 518:21-523:18); and (3) Dr. Timperman's review and assessment of Mrs. Brand's complaint (*Id*. at 489:16-505:3 and 506:21-515:22). In addition, Plaintiff has taken depositions of other several other witnesses about the complaint investigation process generally, including Rita Harden (on January 22, 2016), Tom Roberts (on May 20, 2016), Mette Nielsen (on June 3, 2016), Per Hendriksen (on June 15, 2016), and Henrik Gyllun (on July 14, 2017).

In sum, Plaintiff's blanket request for the depositions of at least five *additional* individuals involved in Cook's investigation of Mrs. Brand's Celect filter violates the "two additional fact witnesses" limit of CMOs #19 and #20 and the proportionality prong of the

Federal Rule of Civil Procedure 26(b)(1). The Court should deny Plaintiff's Motion to Compel and quash the Notices for these depositions.

### D. Plaintiff's Subpoena For A Deposition Of Dr. Griffin Should Be Quashed Because Dr. Griffin Is A Litigation Consulting Expert

In addition to the reasons in Section II.C., Plaintiff's Motion to Compel a deposition of Dr. Griffin should be denied because Dr. Griffin is a litigation consulting expert for Cook. Plaintiff is therefore precluded from deposing or otherwise obtaining discovery from Dr. Griffin as a matter of law.

The law precluding discovery from and depositions of consulting experts is well-settled. Federal Rule of Civil Procedure 26(b)(4)(D) protects against another party's discovery of facts and/or opinions of "consulting experts" who are retained in anticipation of litigation and not expected to testify at trial. Rule 26(b)(4)(D) states:

> (D) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
>   (i) as provided in Rule 35(b) [Examiner's Report for Physical and Mental Examinations]; or
>
>   (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P 26(b)(4)(D); *see also Apple Inc. v. Amazon.com, Inc.*, 2013 WL 320760, at *1 (N.D. Cal. Apr. 1, 2013) (when experts serve as litigation consultants, the work-product privilege generally applies to materials reviewed or generated by them in that capacity); *United States v. Nobles,* 422 U.S. 225, 238-39 (1975).

Similarly, Federal Rule of Civil Procedure 26(b)(3) provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for

trial by or for another party or its representative (including the other party's attorney, <u>consultant</u>, surety, indemnitor, insurer, or agent." Fed. R. Civ. P. 26(b) (3) (emphasis added).  A 2015 decision from Magistrate Judge Cherry in the Northern District of Indiana explains the standard for consulting experts:

> "Consulting experts do not offer testimonial evidence during a litigation proceeding, and parties are therefore not entitled to discovery from consulting experts." *Morningware, Inc. v. Hearthware Home Prods., Inc.,* No. 09 C 4348, 2012 WL 3721350, at *6 (N.D.Ill. Aug.27, 2012).
>
> "The central question under [Rule 26(b)(4)(D)] is whether the expert consultation took place in anticipation of litigation." *Canal Barge Co. v. Commonwealth Edison Co.,* NO. 98 C 0509, 2001 WL 845468, at *1 (N.D.Ill. July 25, 2001). "In determining whether a non-testifying expert was retained in anticipation of litigation, courts analyze the total factual situation of the particular case." *Travelers Prop. Cas. Ins. Co. v. Dist. Electrolux Home Prods.,* No. 12 C 02386, 2013 WL 1343163, at *3 (N.D.Ill. Apr.2, 2013). "The Seventh Circuit [Court of Appeals] has further defined 'in anticipation of litigation' to mean that 'the document[s] can fairly be said to have been prepared or obtained because of the prospect of litigation." *Kingdom Auth. v. City of Rockford,* No. 09 C 50240, 2011 WL 245585, at *2 (N.D.Ill. Jan.26, 2011) (quoting *Binks Mfg.,* 709 F.2d at 1118–19). Once it has been determined that Rule 26(b)(4)(D) applies, a party may only discover information from the expert if the party demonstrates that "exceptional circumstances" exist. Fed.R.Civ.P. 26(b)(4) (D).

*CSX Transp., Inc. v. Chicago S. Shore*, 2015 WL 470393, at *4 (N.D. Ind. Feb. 4, 2015).

### 1. Dr. Griffin is a consultant hired by Cook in anticipation of litigation

In assessing whether an expert's consultation took place in anticipation of litigation, "the court must analyze the total factual situation in the particular case."  *Canal Barge Co. v. Commonwealth Edison Co.*, 2001 WL 845468, at *1 (N.D. Ill. July 25, 2001)  (quoting *Hartford Fire Ins. v. Pure Air on the Lake Ltd.,* 154 F.R.D. 202, 207 (N.D. Ind. 1993)).  "To conclude that an expert was hired in anticipation of litigation, a lawsuit need not have been filed, but more than a remote possibility of litigation must have existed." *Canal Barge Co.*, 2001 WL 845468, at *1 (citing *United States v. Bell,* 1994 WL 665295, at *4 (N.D. Cal. Nov.9, 1994).

Here, it cannot be disputed that Cook engaged Dr. Griffin as a consultant in anticipation of litigation. Cook's former counsel, Doug King, sent an agreement to Dr. Griffin dated December 16, 2013, concerning his retention "as a consultant for Wooden & McLaughlin on behalf of [Cook] in connection with the pending inferior vena cava filter lawsuits ('IVCF Cases') detailed on the enclosed list [Brand included thereon]." An executed copy of Mr. King's letter engaging Dr. Griffin as a consulting expert is attached as Exhibit **E**.[6]

In sum, the evidence demonstrates that Dr. Griffin was retained as a consultant "in anticipation of litigation." The broad standard for the term "in anticipation of litigation" encompasses this case. Indeed, the *Brand* matter is specifically identified as a pending lawsuit in Dr. Griffin's consulting expert engagement letter.

### 2. Plaintiff is precluded from deposing Dr. Griffin or otherwise obtaining discovery from Dr. Griffin as a matter of law

As the authority cited above makes clear, Plaintiff is precluded from deposing or otherwise obtaining discovery from Dr. Griffin because he is Cook's litigation consulting expert. Federal Rule of Civil Procedure 26(b)(4)(D) protects against an opposing party's discovery of facts and/or opinions of "consulting experts" who are retained in anticipation of litigation and not expected to testify at trial. In turn, Federal Rule of Civil Procedure 26(b)(3) protects from discovery documents and tangible things that are prepared in anticipation of litigation by a party's consultant.

Further, Federal Rule of Civil Procedure 26(b)(4)(A) makes clear that *only* a "testifying expert" may be deposed:

> (A) *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial….

---

[6] Cook submits that the letter agreement with Dr. Griffin is protected in its entirety and submits a redacted version of the letter merely to evidence Dr. Griffin's relationship as a litigation consultant.

Fed. R. Civ. P. 26(b)(4)(A). Courts in the 7th Circuit have regularly reached the same conclusion, barring the depositions of non-testifying consulting experts. *Sunrise Opportunities, Inc. v. Regier,* 2006 WL 581150, at *8 (N.D. Ill. Mar. 7, 2006) (quashing subpoena to defendant's consulting expert, reasoning that because he will not testify at trial, he cannot be deposed under Rule 26(b)(4)(A)); *Sloan Valve Co. v. Zurn Indus.*, 2012 WL 5499412, at *3 (N.D. Ill. Nov. 13, 2012) (finding that "investigations done by non-testifying experts are protected from deposition discovery by Rule 26(b)(4)(D)" and granting a protective order barring the deposition of a consulting expert); *Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 421 (N.D. Ill. 2011) (denying motion to compel deposition testimony and disclosure of documents from defendant's consulting expert); *Bankers Standard Ins. Co. v. Coplen Constr., Inc.*, 2015 WL 13657145, at *2 (N.D. Ind. July 9, 2015) (denying motion for leave to take deposition of plaintiff's consulting expert because information reviewed or generated by non-testifying, consulting experts is protected from disclosure based on the work product doctrine).

Accordingly, because Cook has retained Dr. Giffin as a non-testifying consulting expert, Cook urges the Court to deny Plaintiff's Motion to Compel Dr. Griffin's deposition and to quash her Subpoena.

### III.   CONCLUSION

For all the foregoing reasons, the Cook Defendants respectfully urge the Court to deny Plaintiff's Motion to Compel in its entirety, to quash Plaintiff's notices of deposition of Don Archie, Meg Senker Donley, Lykke Sylow Iversen, Thomas Willads Jensen, Annette Luneborg, and Darrell Talbert, and to quash Plaintiff's notice of intent to serve a subpoena for the deposition of Dr. Dennis Griffin.

Respectfully submitted,

Dated:  January 19, 2018    /s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (# 11856-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  joe.tanner@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson