# Exhibit B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____          Case No.1:14-ml-2570-RLY-TAB

                                                 MDL No. 2570

This Document Relates to All Actions

_____

**NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION
OF DARRELL TALBERT WITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and through their undersigned attorneys, will take the deposition of DARRELL TALBERT on **January 24, 2018 at 9:00 a.m.** at the offices of Faegre Baker Daniels, LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, IN, 46204, 317/237-1424.  The deposition will be taken before a person authorized by law to administer oaths and will continue from day to day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will be recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2. ¶

Date: January 15, 2018.

s/ *Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2018, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

Andrea Roberts Pierson
andrea.pierson@faegrebd.com
John T. Schlafer
john.schlafer@faegrebd.com
Victoria R. Calhoon
victoria.calhoon@faegrebd.com
Anna C. Rutigliano
Anna.rutigliano@faegrebd.com
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

Charles F. Webber
Chuck.webber@faegrebd.com
FAEGRE BAKER DANIELS LLP
90 S. 7th Street
Minneapolis, MN 55402

/s/ Ben C. Martin
Ben C. Martin

## <u>CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS</u>[1]

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**

Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

1. All documents constituting or containing written communications by or to the witness relating in whole or in part to:

    (a) Tonya Brand, including but not limited to any communications with her healthcare providers: Thomas J. Morrison, III, MD; Peachtree Neurosurery. P.C.; Mark Rheudasil, MD; the Vascular Institute of Georgia MD; Northside Hospital; and Emory St. Joseph Hospital regarding IVC filters in general and/or Tonya Brand's Celect IVC filter in particular.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

(b)   Tonya Brand's Celect IVC filter and the investigation of the reported fracture of Mrs. Brand's Celect IVC filter including but not limited to communications with any Cook entity, employee, agent, representative, and/or consultant; Lykke S. Iversen, Thomas Jensen; Annette Luneborg; Meg Senker Donley; Tamara Clemmer; Lissi Walmann; Tamara Hanson; Inge Throndahl and the Dr. Griffin referenced in the Single Complaint Report at  CookMDL_2570_0100617

2.    Please produce all documents which you authored or reviewed with regard to the investigation of the reported fracture of Mrs. Brand's Celect IVC filter, the creation of the Single Complaint Report (PR 38638) and the creation of the Medwatch report regarding that event, including but not limited to the CD of the images from the x-rays you requested be sent to you as referenced in the Single Complaint Report at CookMDL_2570_0100610.

3.    All documents or communications that you generated or reviewed with regard to your meeting(s) and/or discussions with Mark Rheudasil, MD, with regard to Tonya Brand and/or the reported fracture of Mrs. Brand's Celect IVC filter.

4.    All formal or informal written corporate policies, standards, procedures, or processes that applied to your participation in the investigation of the reported fracture of Mrs. Brand's Celect IVC filter, including but not limited to your contacts with Dr. Mark Rheudasil; your review of any of Mrs. Brand's medical records and radiological images; and, your involvement with the investigation of the event, the compilation of the single Complaint report and creation and submission of the Medwatch report related to Mrs. Brand's Celect IVC filter.

5.    The witness' personnel file, by whatever name (redacted of any protected health information, if applicable, and other matters protected from disclosure by state or federal privacy law).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

This Document Relates to All Actions


_____

Case No.1:14-ml-2570-RLY-TAB

MDL No. 2570

## NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION
## OF LYKKE SYLOW IVERSEN WITH CMO 2 REQUEST FOR DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and

through their undersigned attorneys, will take the deposition of **Lykke Sylow Iversen** on

**Thursday, January 25, 2018, at 9:00 a.m.** at Faegre, Baker, Daniels, 300 North Meridian,

Suite 2700, Indianapolis, IN 46204.  The deposition will be taken before a person authorized

by law to administer oaths and will continue from day to day, excluding Sundays and court-

recognized holidays, until the examination is completed.  The deposition will be recorded

stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2, ¶ D.

Date: January 15, 2018

s/ *Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com

*Co-Lead Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**


       I hereby certify that on January 15, 2018, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:


    Andrea Roberts Pierson
    andrea.pierson@faegrebd.com
    John T. Schlafer
    john.schlafer@faegrebd.com
    Victoria R. Calhoon
    victoria.calhoon@faegrebd.com
    Anna C. Rutigliano
    Anna.rutigliano@faegrebd.com
    FAEGRE BAKER DANIELS LLP
    300 North Meridian Street, Suite 2700
    Indianapolis, Indiana 46204

    Charles F. Webber
    Chuck.webber@faegrebd.com
    FAEGRE BAKER DANIELS LLP
    90 S. 7th Street
    Minneapolis, MN 55402


                                       */s/ Ben C. Martin*_____

       Ben C. Martin

## CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS[1]

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**

Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

1.   All written communications between Ms. Iversen and any other person relating to Tonya Brand or PR 38639.

2.   All documents and things identified as "attached files" on page 2 of the 10/24/14 Brand Single Complaint Report.

3.   All written memoranda, summaries, reports, emails or other such documents created or generated by Dr. Dennis Griffin in connection with PR 38639.

4.   Minutes or other memorialization of any meetings or discussions regarding PR 38639.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

5.   All formal written corporate policies, standards, procedures, or processes that applied to Cook's investigation and adjudication of PR 38639.

6.   All documents constituting or containing speeches, training courses, or other presentations pertaining in any way to complaint handling if: **(i)** presented or planned to be presented by the witness, or **(ii)** drafted, in whole or in part, by the witness for use by another, or **(iii)** reviewed and commented upon by the witness.

7.   A copy of the MDR Tree specific to PR 38639 as referred to at page 5 of the 10/24/14 Brand Single Complaint Report or, if one specific to PR 38639 does not exist, then a copy of a blank or template MDR tree.

8.   Any policies, procedures or instructions for conducting an MDR Decision Tree analysis.

9.   All written memoranda, summaries, reports, emails or other such documents created or generated in connection with or arriving at the "reporting conclusion" at page 7 of the 10/24/14 Brand Single Complaint Report.

10.   The "final imaging" and all imaging and other data/documents contained on the CD(s) referenced at page 8 of the Brand Single Complaint Report.

11.   All written memoranda, summaries, reports, emails or other such documents created or generated in connection with or arriving at the "WCE comments" at page 10 of the 10/24/14 Brand Single Complaint Report.

12.   All written minutes, memoranda, summaries, reports or other such documents created or generated in connection with the meeting of August 10, 2011, or the evaluation performed at that meeting as referenced on page 11 of the 10/24/14 Brand Single Complaint Report.

13.   All data/documents consulted or relied upon in making the statement at page 14 of the 10/24/14 Brand Single Complaint Report that "the occurrence rate for this type of incident did not significantly change over time…."

14.   All data/documents consulted or relied upon in making the entries contained in the "Risk Assessment" section at pages 14-16 of the Brand Single Complaint Report and all documents specifically identified in that section.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION
_____

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

_____

**AMENDED NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION
OF ANNETTE LUNEBORG WITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and through their undersigned attorneys, will take the deposition of **Annette Luneborg** on **Friday, January 26, 2018, at 9:00 a.m.** at the offices of Faegre, Baker, Daniels, 300 North Meridian, Suite 2700, Indianapolis, IN 46204.  The deposition will be taken before a person authorized by law to administer oaths and will continue from day to day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will be recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2, ¶ D.

Date: January 15, 2018

s/ *Ben C. Martin*
_____
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2018, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

Andrea Roberts Pierson
andrea.pierson@faegrebd.com
John T. Schlafer
john.schlafer@faegrebd.com
Victoria R. Calhoon
victoria.calhoon@faegrebd.com
Anna C. Rutigliano
Anna.rutigliano@faegrebd.com
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

Charles F. Webber
Chuck.webber@faegrebd.com
FAEGRE BAKER DANIELS LLP
90 S. 7th Street
Minneapolis, MN 55402

/s/ Ben C. Martin
Ben C. Martin

## <u>CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS</u>[1]

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**

Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

1.   All written communications between Ms. Luneborg and any other person relating to Tonya Brand or PR 38639.

2.   All documents and things identified as "attached files" on page 2 of the 10/24/14 Brand Single Complaint Report.

3.   All written memoranda, summaries, reports, emails or other such documents created or generated by Dr. Dennis Griffin in connection with PR 38639.

4.   Minutes or other memorialization of any meetings or discussions regarding PR 38639.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

5.   All formal written corporate policies, standards, procedures, or processes that applied to Cook's investigation and adjudication of PR 38639.

6.   All documents constituting or containing speeches, training courses, or other presentations pertaining in any way to complaint handling if: **(i)** presented or planned to be presented by the witness, or **(ii)** drafted, in whole or in part, by the witness for use by another, or **(iii)** reviewed and commented upon by the witness.

7.   A copy of the MDR Tree specific to PR 38639 as referred to at page 5 of the 10/24/14 Brand Single Complaint Report or, if one specific to PR 38639 does not exist, then a copy of a blank or template MDR tree.

8.   Any policies, procedures or instructions for conducting an MDR Decision Tree analysis.

9.   All written memoranda, summaries, reports, emails or other such documents created or generated in connection with or arriving at the "reporting conclusion" at page 7 of the 10/24/14 Brand Single Complaint Report.

10.   The "final imaging" and all imaging and other data/documents contained on the CD(s) referenced at page 8 of the Brand Single Complaint Report.

11.   All written memoranda, summaries, reports, emails or other such documents created or generated in connection with or arriving at the "WCE comments" at page 10 of the 10/24/14 Brand Single Complaint Report.

12.   All written minutes, memoranda, summaries, reports or other such documents created or generated in connection with the meeting of August 10, 2011, or the evaluation performed at that meeting as referenced on page 11 of the 10/24/14 Brand Single Complaint Report.

13.   All data/documents consulted or relied upon in making the statement at page 14 of the 10/24/14 Brand Single Complaint Report that "the occurrence rate for this type of incident did not significantly change over time…."

14.   All data/documents consulted or relied upon in making the entries contained in the "Risk Assessment" section at pages 14-16 of the Brand Single Complaint Report and all documents specifically identified in that section.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____          Case No.1:14-ml-2570-RLY-TAB

                                                 MDL No. 2570

This Document Relates to All Actions

_____

**AMENDED NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION
OF THOMAS WILLADS JENSEN WITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and

through their undersigned attorneys, will take the deposition of **Thomas Willads Jensen** on

**Monday, January 29, 2018 at 9:00 a.m.** at the offices of Faegre, Baker, Daniels, 300 North

Meridian, Suite 2700, Indianapolis, IN 46204.  The deposition will be taken before a person

authorized by law to administer oaths and will continue from day to day, excluding Sundays

and court-recognized holidays, until the examination is completed.  The deposition will be

recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2, ¶ D.

Date: January 15, 2018

                                        s/ *Ben C. Martin*
                                        _____
                                        BEN C. MARTIN
                                        Law Office of Ben C. Martin
                                        3710 Rawlins Street, Suite 1230
                                        Dallas, TX 75219
                                        Tel: (214) 761-6614
                                        Fax: (214) 744-7590
                                        bmartin@bencmartin.com

                                        *Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**


I hereby certify that on January 15, 2018, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:


Andrea Roberts Pierson
andrea.pierson@faegrebd.com
John T. Schlafer
john.schlafer@faegrebd.com
Victoria R. Calhoon
victoria.calhoon@faegrebd.com
Anna C. Rutigliano
Anna.rutigliano@faegrebd.com
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

Charles F. Webber
Chuck.webber@faegrebd.com
FAEGRE BAKER DANIELS LLP
90 S. 7th Street
Minneapolis, MN 55402


/s/ Ben C. Martin
Ben C. Martin

## <u>CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS</u>[1]

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**

     Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

     1.    All written communications between Mr. Jensen and any other person relating to Tonya Brand or PR 38639.

     2.    All documents and things identified as "attached files" on page 2 of the 10/24/14 Brand Single Complaint Report.

     3.    All written memoranda, summaries, reports, emails or other such documents created or generated by Dr. Dennis Griffin in connection with PR 38639.

     4.    Minutes or other memorialization of any meetings or discussions regarding PR 38639.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

5.   All formal written corporate policies, standards, procedures, or processes that applied to Cook's investigation and adjudication of PR 38639.

6.   All documents constituting or containing speeches, training courses, or other presentations pertaining in any way to complaint handling if: **(i)** presented or planned to be presented by the witness, or **(ii)** drafted, in whole or in part, by the witness for use by another, or **(iii)** reviewed and commented upon by the witness.

7.   A copy of the MDR Tree specific to PR 38639 as referred to at page 5 of the 10/24/14 Brand Single Complaint Report or, if one specific to PR 38639 does not exist, then a copy of a blank or template MDR tree.

8.   Any policies, procedures or instructions for conducting an MDR Decision Tree analysis.

9.   All written memoranda, summaries, reports, emails or other such documents created or generated in connection with or arriving at the "reporting conclusion" at page 7 of the 10/24/14 Brand Single Complaint Report.

10.   The "final imaging" and all imaging and other data/documents contained on the CD(s) referenced at page 8 of the Brand Single Complaint Report.

11.   All written memoranda, summaries, reports, emails or other such documents created or generated in connection with or arriving at the "WCE comments" at page 10 of the 10/24/14 Brand Single Complaint Report.

12.   All written minutes, memoranda, summaries, reports or other such documents created or generated in connection with the meeting of August 10, 2011, or the evaluation performed at that meeting as referenced on page 11 of the 10/24/14 Brand Single Complaint Report.

13.   All data/documents consulted or relied upon in making the statement at page 14 of the 10/24/14 Brand Single Complaint Report that "the occurrence rate for this type of incident did not significantly change over time…."

14.   All data/documents consulted or relied upon in making the entries contained in the "Risk Assessment" section at pages 14-16 of the Brand Single Complaint Report and all documents specifically identified in that section.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____          Case No.1:14-ml-2570-RLY-TAB
                                                  MDL No. 2570

This Document Relates to All Actions

_____

**NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION
OF  WITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and

through their undersigned attorneys, will take the deposition of **MEG SENKER DONLEY**

on **February 1, 2018 at 9:00 a.m.** at the offices of **Faegre Baker Daniels, LLP, 300 North**

**Meridian Street, Suite 2700, Indianapolis, Indiana 46204**.  The deposition will be taken

before a person authorized by law to administer oaths and will continue from day to day,

excluding Sundays and court-recognized holidays, until the examination is completed.  The

deposition will be recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2, ¶ D.

Date: January 15, 2018.

s/ *Ben C. Martin*
_____
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com

*Co-Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2018, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:


Andrea Roberts Pierson
andrea.pierson@faegrebd.com
John T. Schlafer
john.schlafer@faegrebd.com
Victoria R. Calhoon
victoria.calhoon@faegrebd.com
Anna C. Rutigliano
Anna.rutigliano@faegrebd.com
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

Charles F. Webber
Chuck.webber@faegrebd.com
FAEGRE BAKER DANIELS LLP
90 S. 7th Street
Minneapolis, MN 55402


*/s/ Ben C. Martin*
Ben C. Martin

## CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS[1]

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**

Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

1.      All documents constituting or containing written communications by or to the witness relating in whole or in part to:

      (a)  Tonya Brand, including but not limited to any communications with her healthcare providers: Thomas J. Morrison, III, MD; Peachtree Neurosurgery. P.C.; Mark Rheudasil, MD; the Vascular Institute of Georgia MD; Northside Hospital; and Emory St. Joseph Hospital regarding the Subject IVC Filter and/or Tonya Brand's Celect IVC filter in particular.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

(b)   Tonya Brand's Celect IVC filter and the investigation of the reported fracture of Mrs. Brand's Celect IVC filter including but not limited to communications with any Cook entity, employee, agent, representative, and/or consultant; Lykke S. Iversen, Thomas Jensen; Annette Luneborg; Tamara Clemmer; Lissi Walmann; Tamara Hanson; Don Archie; Inge Throndahl; Darrell Talbert and the individual identified as "Dr. Griffin" referenced in the Single Complaint Report at CookMDL_2570_0100617

2.   Please produce all documents which you authored or reviewed with regard to the sale of the Cook Celect ICV filter that was implanted into Tanya Brand, the investigation of the reported fracture of Mrs. Brand's Celect IVC filter, the creation of the Single Complaint Report (PR 38638) and the creation of the Medwatch report regarding that event.

3.   All documents or communications that you generated or reviewed with regard to your meeting(s) and/or discussions with Mark Rheudasil, MD with regard to the Subject IVC Filter; Tonya Brand; the Celect IVC filter implanted in Mrs. Brand; the reported fracture of Mrs. Brand's Celect IVC filter; and/or the investigation regarding Ms. Brand's fractured filter.

4.   All formal or informal written corporate policies, standards, procedures, or processes that applied to your activities as District Manager selling the Subject Filter.

5.   All documents and communications generated by or received by you with regard to the sale of the Subject Filter including but not limited to emails; Sales Call Reports; notes; text messages and, spreadsheets.

6.   All documents and communications which define, describe, relate to and/or were used to train you to perform your duties as a District Manager providing sales support to Cook's customers who sere purchasing the Subject IVC filter.

7.   To the extent these documents were not provided in response to any of the above requests, all emails; text messages; correspondence; and other communications exchanged between you and Don Archie, Darrell Talbert; Tamara Clemmer; and Tamara Hanson regarding the sale of the Subject IVC filter, Tonya Brand, the reported fracture of Tonya Brand's Celect IVC filter, and the investigation of the reported fracture of the Brand Celect IVC filter.

8.   The witness' personnel file, by whatever name (redacted of any protected health information, if applicable, and other matters protected from disclosure by state or federal privacy law).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____          Case No.1:14-ml-2570-RLY-TAB

MDL No. 2570

This Document Relates to All Actions

_____

**NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION**
**OF  WITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and

through their undersigned attorneys, will take the deposition of **DON ARCHIE** on

**February 2, 2018 at 9:00 a.m.** at the offices of **Faegre Baker Daniels, LLP, 300 North**

**Meridian Street, Suite 2700, Indianapolis, Indiana 46204**.  The deposition will be taken

before a person authorized by law to administer oaths and will continue from day to day,

excluding Sundays and court-recognized holidays, until the examination is completed.  The

deposition will be recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2, ¶ D.

Date: January 15, 2018.

s/ *Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com

*Co-Lead Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 15, 2018, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

Andrea Roberts Pierson
andrea.pierson@faegrebd.com
John T. Schlafer
john.schlafer@faegrebd.com
Victoria R. Calhoon
victoria.calhoon@faegrebd.com
Anna C. Rutigliano
Anna.rutigliano@faegrebd.com
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

Charles F. Webber
Chuck.webber@faegrebd.com
FAEGRE BAKER DANIELS LLP
90 S. 7th Street
Minneapolis, MN 55402

*/s/ Ben C. Martin* _____
Ben C. Martin

## CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS[1]

**Definitions.**  As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**

Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

1.     All documents constituting or containing written communications by or to the witness relating in whole or in part to:

(a)   Tonya Brand, including but not limited to any communications with her healthcare providers: Thomas J. Morrison, III, MD; Peachtree Neurosurery. P.C.; Mark Rheudasil, MD; the Vascular Institute of Georgia MD; Northside Hospital; and Emory St. Joseph Hospital regarding IVC filters in general and/or Tonya Brand's Celect IVC filter in particular.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

    (b)   Tonya Brand's Celect IVC filter and the investigation of the reported fracture of Mrs. Brand's Celect IVC filter including but not limited to communications with any Cook entity, employee, agent, representative, and/or consultant; Lykke S. Iversen, Thomas Jensen; Annette Luneborg; Tamara Clemmer; Meg Senker Donley;  Lissi Walmann; Tamara Hanson; Inge Throndahl; Darrell Talbert and the individual identified as "Dr. Griffin" referenced in the Single Complaint Report at CookMDL_2570_0100617

2.    Please produce all documents which you authored or reviewed with regard to the sale of the Cook Celect ICV filter that was implanted into Tanya Brand, the investigation of the reported fracture of Mrs. Brand's Celect IVC filter, the creation of the Single Complaint Report (PR 38638) and the creation of the Medwatch report regarding that event.

3.    All documents or communications that you generated or reviewed with regard to your meeting(s) and/or discussions with Mark Rheudasil, MD with regard to the Subject IVC Filter; Tonya Brand; the Celect IVC filter implanted in Mrs. Brand; the reported fracture of Mrs. Brand's Celect IVC filter; and/or the investigation regarding Ms. Brand's fractured filter.

4.    All formal or informal written corporate policies, standards, procedures, or processes that applied to your activities as Regional  Manager regarding the selling Cook productions including the Subject Filter.

5.    All documents and communications generated by or received by you from District Managers and sale representatives with regard to the sale of the Subject Filter including but not limited to emails; text messages; notes, reports, Sales Call Reports, spreadsheets and correspondence.

6.    All documents and communications which define, describe, relate to and/or were used to train you to perform your duties as a Regional Manager providing sales support to District Managers and Cook's customers who were purchasing the Subject IVC filter.

7.    All documents and communications which define, describe, related and/or were used to train the District Managers you supervise with regard to providing sales support to Cook's customers who were purchasing the Subject IVC filter.  This request includes but is not limited to training materials provided to Tamara Clemmer and Meg Senker Donley.

8.    To the extent these documents were not provided in response to any of the above requests, all emails; text messages; correspondence; and other communications exchanged between you and Meg Senker Donley, Darrell Talbert; Tamara Clemmer; and Tamara Hanson regarding the sale of the Subject IVC filter, Tonya Brand, the reported fracture of Tonya Brand's Celect IVC filter, and the investigation of the reported fracture of the Brand Celect IVC filter.

9.    The witness' personnel file, by whatever name (redacted of any protected health information, if applicable, and other matters protected from disclosure by state or federal privacy law).

Case 1:14-ml-02570-RLY-TAB Document 7521-3 Filed 01/18/18 Page 26 of 42 PageID #:
Case 1:14-ml-02570-RLY-TAB Document 7521-3 Filed 01/18/18 Page 1 of 1 PageID #: 40108
40835

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

_____

## NOTICE OF INTENT TO SERVE SUBPOENA

Please take notice that the Plaintiffs intend to serve the attached Subpoena to Testify at a

Video Deposition in the above-referenced matter.


Date: January 15, 2018


s/ *Ben C. Martin*                        
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com

*Lead Co-Counsel for Plaintiffs*


### CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2018, I electronically filed the foregoing document with the Clerk
of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF system,
which will send notification of such filing to the CM/ECF participants registered to receive service in the
MDL.

s/ *Ben C. Martin*                        
Ben C. Martin

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

---

### SUBPOENA TO TESTIFY AT A VIDEO DEPOSITION IN A CIVIL ACTION

TO:  Dennis J. Griffin
4501 S. Franklin Street
Englewood, CO 80113

YOU ARE COMMANDED to appear at the time, date and place set forth below to testify at a deposition to be taken in this civil action. The deposition will be recorded stenographically and will be videotaped.

Time:   9:00 a.m.
Date:   Monday, February 5, 2018
Place:  Agren Blando Court Reporting
        216 16th Street, Suite 600
        Denver, CO 80202

The following provisions of Fed. R. Civ. P.45 are attached: Rule 45 (c ), relating to the place of compliance; Rule 45( d), relating to your protection as a person subject to a subpoena; and Rule 45( e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so. A notice of deposition is attached.

Date: January 15, 2018

s/ *Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com

*Lead Co-Counsel for Plaintiffs*

**PLAINTIFF'S EXHIBIT**
**A**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in the MDL.

*s/ Ben C. Martin*
Ben C. Martin

Civil Action No. 1:14-ml-2570-RLY-TAB – MDL No. 2570

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P.*
*45.)*

I received this subpoena for JOHN A. KAUFMAN, M.D., on *(date)*: _____.

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

on *(date)*: _____; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have
also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the
amount of $65.00.

My fees are $ _____ for travel and $ _____ for services, for a total of $
_____.

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                      *Server's signature*


                                                      _____
                                                      *Printed name and title*


                                                      _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

_____

_____

_____

_____

**Federal Rule of Civil Procedure 45 (c), (d), (e) and (g) (Effective 12/1/13)**

(c)   Place of Compliance.

   (1)   For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

      (A)   within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

      (B)   within the state where the person resides, is employed, or regularly transacts business in person, if the person

         (i)   is a party or a party's officer; or

         (ii)   is commanded to attend a trial and would not incur substantial expense.

   (2)   For Other Discovery. A subpoena may command:

      (A)   production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

      (B)   inspection of premises at the premises to be inspected.

(d)   Protecting a Person Subject to a Subpoena; Enforcement.

   (1)   Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   (2)   Command to Produce Materials or Permit Inspection.

      (A)   Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

      (B)   Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

         (i)   At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

         (ii)   These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   (3)   Quashing or Modifying a Subpoena.

      (A)   When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

         (i)   fails to allow a reasonable time to comply;

         (ii)   requires a person to comply beyond the geographical limits specified in Rule 45(c);

         (iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

         (iv)   subjects a person to undue burden.

      (B)   When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

         (i)   disclosing a trade secret or other confidential research, development, or commercial information; or

         (ii)   disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

      (C)   Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

         (i)   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

         (ii)   ensures that the subpoenaed person will be reasonably compensated.

(e)   Duties in Responding to a Subpoena.

   (1)   Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

      (A)   Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

      (B)   Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

      (C)   Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

      (D)   Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   (2)   Claiming Privilege or Protection.

      (A)   Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

         (i)   expressly make the claim; and

         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

      (B)   Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g)   Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

_____

**NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION
OF DENNIS GRIFFIN WITH CMO 2 REQUEST FOR DOCUMENTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 & 30, Plaintiffs, by and through their undersigned attorneys, will take the deposition of **DENNIS J. GRIFFIN, MD** on **February 5, 2018 at 9:00 a.m.** at the offices of **Agren Blando Court Reporting, 216 16th Street, Suite 600, Denver Colorado, 80202**, 303/296-0017.  The deposition will be taken before a person authorized by law to administer oaths and will continue from day to day, excluding Sundays and court-recognized holidays, until the examination is completed.  The deposition will be recorded stenographically and will be videotaped.

Attached is a request to produce or identify documents pursuant to CMO 2. ¶

Date: January 15, 2018.

s/ *Ben C. Martin*
BEN C. MARTIN
Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Tel: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com

*Co-Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2018, a true and correct copy of the foregoing Notice of Deposition was served by U.S. Mail and electronic mail on the following:

Andrea Roberts Pierson
andrea.pierson@faegrebd.com
John T. Schlafer
john.schlafer@faegrebd.com
Victoria R. Calhoon
victoria.calhoon@faegrebd.com
Anna C. Rutigliano
Anna.rutigliano@faegrebd.com
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

Charles F. Webber
Chuck.webber@faegrebd.com
FAEGRE BAKER DANIELS LLP
90 S. 7th Street
Minneapolis, MN 55402

*/s/ Ben C. Martin*
Ben C. Martin

## CMO 2 REQUEST FOR DOCUMENTS TO COOK DEFENDANTS[1]

**Definitions.** As used in this request:

"Documents" has the meaning set forth in Fed. R. Civ. P. 34 and includes **(i)** all attachments to any requested document and **(ii)** all documents specifically referenced or discussed within the requested document.

"Subject IVC Filter" includes: **(i)** every iteration of the Gunther Tulip filter as sold anywhere in the world at any time; **(ii)** every iteration of the Celect filter as sold anywhere in the world at any time; **(iii)** any component part or parts of (i) or (ii) above; **(iv)** any and all prototypes of or modifications to (i) or (ii) or (iii) above; and **(v)** any other filter, including the Celect Platinum and/or any competitor's filter, if discussion, examination, testing, or study of that filter was undertaken in whole or in part for the purpose of comparing that filter's design, performance, safety, or efficacy to that of any or all of (i) or (iv) above.

**Request.**

Please produce the following documents, or identify all previously produced documents responsive to each request, in a manner that corresponds the documents to the request.

1. All documents constituting or containing written communications by or to the witness relating in whole or in part to:

   (a) Tonya Brand, including but not limited to any communications with her healthcare providers: Thomas J. Morrison, III, MD; Peachtree Neurosurery. P.C.; Mark Rheudasil, MD; the Vascular Institute of Georgia MD; Northside Hospital; and Emory St. Joseph Hospital regarding IVC filters in general and/or Tonya Brand's Celect IVC filter in particular.

---

[1] CMO 2, ¶ D states in relevant part:

*[Document Request for Any Deposition]* 1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

*[Document Request for Deposition of Custodial Witness]* 2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

    (b)  Tonya Brand's Celect IVC filter and the investigation of the reported fracture of Mrs. Brand's Celect IVC filter including but not limited to communications with any Cook entity, employee, agent, representative, and/or consultant; Lykke S. Iversen, Thomas Jensen; Annette Luneborg; Meg Senker Donley; Tamara Clemmer; Lissi Walmann; Tamara Hanson; Inge Throndahl, Darrell Talbert and the individual identified as "Dr. Griffin" in the Single Complaint Report at CookMDL_2570_0100617.

    (c)  The investigation of a migration, perforation, penetration, embedment, fracture, and/or any other adverse event or complaint regarding a Subject Filter.

2.    Please produce all documents which you authored or reviewed with regard to the investigation of the reported fracture of Mrs. Brand's Celect IVC filter, the creation of the Single Complaint Report (PR 38638) and the creation of the Medwatch report regarding that event, including but not limited to any the images or medical records you reviewed, the investigation-evaluation, the review of imaging and medical records you performed, your clinical findings and impressions as referenced in the Single Complaint Report at CookMDL_2570_0100617 - 618.

3.    All documents (including but not limited to emails, reports, medical records), referring, relating or pertaining Tonya Brand or to any opinion by deponent concerning the facts, events, or transactions involved in this case.

4.    All documents or communications that you generated or reviewed with regard to any meeting(s) and/or discussions with Mark Rheudasil, MD, with regard to Tonya Brand and/or the reported fracture of Mrs. Brand's Celect IVC filter.

5.    All formal or informal written corporate policies, standards, procedures, or processes that applied to your participation in the investigation of the reported fracture of Mrs. Brand's Celect IVC filter, including but not limited to your review of any of Mrs. Brand's medical records and radiological images; and, your involvement with the investigation of the event, the compilation of the single Complaint report and creation and submission of the Medwatch report related to Mrs. Brand's Celect IVC filter.

6.    All documents or communications that you generated or received with regard to your participation in the investigation of any adverse event or complaint involving the Subject IVC Filter.

7.    Your current resume or curriculum vitae, and list of your deposition and trial testimony.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to ALL ACTIONS

## CASE MANAGEMENT ORDER #2
## (DEPOSITION PROTOCOL)

Pursuant to the agreement of Plaintiffs and the Cook Defendants (collectively the "Parties"), it is **ORDERED** that the following deposition protocol shall be followed in depositions conducted in the above-referenced MDL:

A.     Deposition Notices

1.  This Order applies to all depositions in MDL 2570, which will be noticed and conducted pursuant to Federal Rule of Civil Procedure ("FRCP") 30 and this Order.

2.  This Order, in its entirety, shall be attached to any non-party subpoena or deposition notice.

B.     Number of Depositions Allowed

Any FRCP and/or Local Rule purporting to limit the number of depositions shall not apply in this MDL proceeding. If either side believes that the other is taking unnecessary or irrelevant depositions they may bring the issue to the Court for appropriate resolution, after first making a good faith effort to resolve the issue without the Court's involvement. Notwithstanding this provision, Plaintiffs may take up to ten (10) depositions of the Cook Defendants in addition to ten (10) FRCP 30(b)(6) depositions of the Cook Defendants. Plaintiffs may take additional

1

depositions upon agreement by the Parties or by leave of Court for good cause shown. Consistent with Section III.F.5 of the Case Management Plan (Docket No. 51), the depositions of sales representatives directly associated with the sale of a Cook Filter to a specific Plaintiff's implanting physician shall not count towards this limit.

C.    Scheduling of Depositions

1.    Plaintiffs' and Defendants' Lead Counsel shall attempt to establish by mutual agreement, a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the Parties and third parties; (b) the objective of not subjecting any person to repeated depositions; (c) the need to preserve relevant testimony; (d) the schedule established by this Order; and (e) the schedule set forth in the current Case Management Plan. Counsel for the Parties will attempt to coordinate the scheduling of depositions as much as possible. Lead and Liaison Counsel shall be responsible for providing written notice of any deposition in this MDL to all Counsel.

2.    Absent exigent circumstances, as a general rule, no witness should be deposed in this MDL proceeding on the same subject more than once. A Party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception. Second depositions on new subject matter shall be permitted only upon consent of the parties or an Order of this Court issued for good cause shown. For purposes of this MDL proceeding, any deposition taken in a case not a part of this MDL proceeding shall not be considered a first deposition. This provision does not apply to 30(b)(6) witnesses. A witness for a 30(b)(6) deposition may have his/her deposition taken more than once regarding his/her official and individual capacities.

3.    If counsel are unable to resolve any disputes regarding the timing and scheduling of depositions after good faith efforts, they may present those disputes to the Court

2

for resolution only after first contacting Magistrate Judge Baker's chambers to request his assistance in resolving the dispute without formal motions practice.

4.      For depositions that are not Plaintiff-specific, each side shall be notified at least thirty (30) days in advance of a deposition, absent agreement by the Parties otherwise, time constraints due to Orders by the Court, or by leave of Court.

5.      An officer, director, or managing agent of a corporation or government official served with a notice of deposition or a subpoena regarding a matter about which such a person has no knowledge may submit to the noticing Party within fifteen (15) prior to the date notices an affidavit or declaration so stating and identifying a person within the corporation or government entity believed to have such knowledge. Notwithstanding such affidavit or declaration, the noticing Party may proceed with the deposition, subject to the right of the witness to seek a protective order or other appropriate relief.

6.      Once a deposition has been scheduled, it shall not be taken off the calendar, postponed, rescheduled, or related less than five (5) days in advance of the date it is scheduled to occur, except upon agreement or by leave of Court for good cause.

D.      Documents

1.      For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

2.      Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition

3

notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

        3.     Each Party will provide to the other Party advance notice of any foreign language documents each reasonably anticipates using in a deposition seven (7) days prior to the date of the deposition.

        E.     <u>Depositions of Treating Physicians</u>

        1.     The Parties agree that each side will have a reasonable opportunity to question a deponent treating physician. If a treating physician limits the time for a deposition, the Parties shall have equal time for questioning the treating physician, unless otherwise agreed upon prior to the deposition.

        2.     Prior to the deposition of any of Plaintiffs' treating physicians, Defendants shall ensure that their case-specific discovery responses, including Defense Fact Sheet, pertaining to such treating physician are complete. Defendants shall also produce all discoverable documents requested pertaining to the deponent treating physician to the extent they have not already been produced. The Parties should work to resolve any disputes regarding the completeness of Defendants' document production no later than seven (7) days before the

4

deposition. To the extent such dispute cannot be resolved by this deadline, Plaintiffs shall have the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

3.     At least seventy-two (72) hours prior to the deposition of a treating physician, the Parties will confer to ensure that each side has all medical records obtained from the treating physician.

F.     Location of Depositions

The Parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the deponent, or at such other location as is agreed to by all counsel involved and the deponent.

G.     Attendance at Deposition

While a deponent is being examined about any information subject to the Protective Order entered in this litigation, persons to whom disclosure is not authorized shall be excluded. Unnecessary attendance at depositions is discouraged.

H.     Conduct of Depositions

1.     Based on the number of Plaintiffs and Plaintiffs' counsel involved in this litigation, Plaintiffs shall designate one attorney for the MDL to conduct the examination of each deponent, and examination by other Plaintiffs' attorneys on behalf of the MDL should be limited to matters not previously covered. Counsel for Plaintiffs shall cooperate so that examinations by multiple attorneys for the MDL do not exceed the allotted time, as set forth in FRCP 30(d)(1).

2.     All deposition objections are reserved, except as to the form of the question and responsiveness of the answer. Counsel shall otherwise comply with FRCP 30(c)(2)

concerning objections at depositions. An objection by one Party reserves the objection for all Parties. Excessive and/or abusive use of objections, including speaking objections and coaching of the witness, shall not be counted against the allotted time and under the FRCP and may be grounds for additional time above the maximum allotted time permitted under the FRCP.

I.     Deposition Disputes

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or possibly result in the need to conduct a supplemental deposition, shall be presented to Judge Young or Magistrate Judge Baker by telephone. In the event both Judge Young and Magistrate Judge Baker are not available, all efforts will be made to continue the deposition with full reservation of rights of the interrogation for a ruling at the earliest possible time.

J.     Duration of Depositions

The time limitations on depositions imposed by FRCP 30(d)(1) shall apply in the MDL unless the Parties agree to a different time limitation in the MDL or the Court establishes a different time limitation.

K.     Supplemental Depositions

Each Party not present or represented at a deposition who did not get notice of the deposition as provided herein (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court in any action that is a part of this litigation), request permission to conduct a supplemental deposition of the deponent. If permitted, the deposition shall be treated as the resumption of the deposition

6

originally noticed. Such examination shall not be repetitive of the prior examination of said deponent.

L.   Use of Depositions

Depositions may, under the conditions prescribed in FRCP 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in or transferred or removed to this Court that become part of this MDL) who: (a) was present or represented (including by Lead Counsel or an attorney designated by Lead Counsel) at the deposition; (b) had reasonable notice thereof; or (c) within thirty (30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court to an action that is part of this MDL), fails to show just cause why such deposition should not be usable against such party.

M.   Depositions Outside of the United States

In the event that a Party seeks to depose any individuals residing outside of the United States the Parties agree to meet and confer to establish a protocol with respect to where such depositions shall take place and how interpreters/translators will be utilized. With respect to William Cook Europe ApS ("WCE") employees residing in Denmark, the Parties will meet and confer to agree upon a week in 2015 during which any and all depositions of such employees will take place. Such depositions will take place at one, agreed upon location. Either Party may elect, at their expense, to bring the WCE employees or others to the U.S. for their deposition during the agreed upon week.

The Court DIRECTS the Clerk to file a copy of this Order in 1:14-ml-2570, which shall apply to each member case previously transferred to, removed to, or filed in this district. In cases subsequently filed in this district, a copy of this Order and the most recent Case Management

Plan deadlines will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this Court, a copy of this Order and the most recent Case Management Plan deadlines will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the Parties to review and abide by all Case Management Plan deadlines and Case Management Orders previously entered by the Court. The orders may be accessed through the CM/ECF system.

**SO ORDERED:**  03/04/2015

Tim A. Baker, Magistrate Judge
United States District Court
Southern District of Indiana

**AGREED TO BY:**

_s/ Irwin B. Levin (w/ consent)_

Irwin B. Levin, Esq.
COHEN & MALAD LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel:    (317) 636-6481
Fax:    (317) 636-2593
ilevin@cohenandmalad.com

Lead Counsel for Plaintiffs

_s/ Christopher D. Lee_

Douglas B. King, Esq., Lead Counsel
James M. Boyers, Esq.
Christopher D. Lee, Esq.
John C. Babione, Esq.
Sandra L. Davis, Esq.
Kip S. M. McDonald, Esq.
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:    (317) 639-6151
Fax:    (317) 639-6444
dking@woodmclaw.com
jboyers@woodmclaw.com
sdavis@woodmclaw.com
kmcdonald@woodmclaw.com

Counsel for Cook Defendants

8

1151739-1 (10909-0412)