IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to Plaintiff:

      Tonya Brand
      Civil Case No. 1:14-cv-06018-RLY-TAB

## **Plaintiff Tonya Brand's Emergency Motion to Compel**

Two weeks before the discovery cutoff and one week before the first treating physician deposition, Cook responded to Mrs. Brand's interrogatories with nothing more than a list of objections claiming its "investigation remains ongoing." These interrogatories were intended to flesh out Cook's defenses in this case so that counsel could properly prepare for the upcoming depositions. Given the first deposition is set to begin next Tuesday afternoon, Mrs. Brand brings this emergency motion seeking an order forcing Cook to provide substantive responses immediately. In support of this motion, Plaintiff states the following:

### **Procedural Background**

1.     Case specific and treating physician discovery closes on February 5, 2018. [Filing No. 5889-3, at ECF p. 22181.]

2.     Two treating physicians are currently set for deposition: (1) Thomas Morrison, III, M.D., Plaintiff's orthopedic surgeon (on January 30, 2018); and, (2)

Mark Rheudasil, M.D., Plaintiff's prescribing/implanting physician (on February 2, 2018).[1]

## Argument

### A. Cook refuses to provide any substantive response to Plaintiff's interrogatories even though the discovery cutoff is less than two weeks away.

3.     To ensure that she understood Cook's defenses prior to the discovery cutoff (and prior to the treating physician depositions), Plaintiff served Cook with interrogatories on December 21, 2017.

4.     Three of the five interrogatories specifically address Cook's affirmative defenses and were intended to determine whether Cook intends to either (1) blame Plaintiff's physicians for her injuries, or (2) contend the physicians' care, treatment, or surgeries contributed in any way to the filter's perforations, fractures, or migrations.

5.     This information is particularly crucial given what we observed in the Hill trial. During that case Cook argued, in part, that manipulations occurring during Mrs. Hill's spine surgery may have caused her filter to perforate. While Cook was careful not to overtly accuse the treating physician of substandard care, it argued the surgery was a contributing cause of the perforation. We need to know whether Cook will take a similar tack here.

---

[1] Just yesterday, Ms. Pierson sent an e-mail claiming that Cook intends to depose six other "treating" physicians and Plaintiff's son.

6.    We received Cook's interrogatory responses on the afternoon of January

22, 2018.[2] Cook refused to provide any substantive response. Instead, Cook provided

the following:

**INTERROGATORY NO. 1:** Please describe in detail each and every act or omission on the part of the Plaintiff that you contend was a contributing legal cause of the injury, illness or other losses sued upon in this action.

**ANSWER:** The Cook Defendants object to Interrogatory No. 1 as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "each and every act or omission" on Plaintiff's part. The Cook Defendants further object to Interrogatory No. 1 to the extent it seeks information protected by attorney-client privilege or the work product doctrine. Finally, the Cook Defendants object on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. Cook Defendants will supplement this answer as required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

**INTERROGATORY NO. 2:** Do you contend any person or entity other than Cook is or may be liable in whole or in part for the claims asserted against you in this action? If so please state for each (a) their name, (b) the legal basis for the contention, and (c) the facts and evidence upon which the contention is based.

**ANSWER:** The Cook Defendants object to Interrogatory No. 2 to the extent it seeks information protected by attorney-client privilege or the work product doctrine. The Cook Defendants further object on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. Cook Defendants will supplement its answer as required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

**INTERROGATORY NO. 5:** Please set forth every fact supporting in whole or in part each of the following affirmative defenses:

---

[2] Cook's interrogatory responses are attached as Exhibit 1.

3

(a) your first affirmative defense asserting that Plaintiff's claims are barred by the ' applicable statute of limitations (limitations);

(b) your second affirmative defense asserting that Plaintiff assumed the risk associated with use of the filter (assumption of risk);

(c) your third affirmative defense asserting that Plaintiff's claims are barred by laches (laches);

(d) your sixth affirmative defense asserting that you had no duty to warn Plaintiff of any risks associated with the use of the filter because the filter was supplied to a sophisticated/learned user (learned intermediary);

(e) your ninth affirmative defense asserting that Plaintiffs damages were caused in whole or in part by her comparative negligence, including whether this defense is premised upon any facts distinct from those relied upon for your second, twelfth or thirteenth affirmative defense (comparative fault);

(f) your tenth affirmative defense asserting that Plaintiffs damages were caused by the fault of other products, persons, firms, etc. (non-party fault);

(g) your eleventh affirmative defense asserting that Plaintiffs damages were caused by an intervening or superseding cause (intervening cause);

(h) your twelfth affirmative defense asserting that Plaintiffs harm was caused by misuse of the product by Plaintiff or others (product misuse);

(i) your thirteenth affirmative defense asserting that Plaintiffs harm was caused by modification or alteration of the device after delivery of the device to the initial consumer (product misuse);

(g) your sixteenth affirmative defense asserting that Plaintiffs claim is barred in whole or in party by her failure to mitigate damages (failure to mitigate); and

(k) your seventeenth affirmative defense asserting that Plaintiffs claim is barred because her injuries and damages were caused by medical conditions, diseases, etc., unrelated to the Cook Defendants (preexisting/other conditions).

4

**ANSWER: Objection.** The Cook Defendants object to Interrogatory No. 5, and each of its subparts, as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "every fact" related to the "affirmative defense" information sought. The Cook Defendants further object to Interrogatory No. 5, and each of its subparts, to the extent they seek information protected by the attorney-client privilege or the work product doctrine. Finally, the Cook Defendants object to Interrogatory No. 5, and each of its subparts, on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. The Cook Defendants will supplement its answer as required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

7.      In other words, Cook's responses leave Plaintiff in the exact situation she would have been had she never served the discovery.

8.      We are less than two weeks away from the fact discovery cutoff and one week out from the first treating physician deposition, and Cook tells us that its investigation is "ongoing" and that it will "supplement its answers." The time for that is long gone.

9.      Cook has known about Mrs. Brand's fractured filter since **June 22, 2011** – the date her a nurse called Cook's sales representative to report the incident. Cook has been in litigation with Mrs. Brand for over 3 years and completed a Bellwether trial regarding another IVC filter.

10.     It is beyond comprehension for Cook to claim at this stage that it does not yet know whether it plans to defend its product by asserting the care Mrs. Brand received contributed to the failure of her filter.

11.     Given that these physicians are located in Georgia, these depositions represent their trial testimony. Understanding this, Cook's responses appear to be

calculated to accomplish two things: (1) force Plaintiff to take critical trial testimony without any knowledge of how Cook plans to defend the case; and, (2) avoid confronting the physicians with Cook's argument the medical care somehow contributed to Mrs. Brand's injury. Neither of these desired results are appropriate, and both hamstring Plaintiff's preparation of her case.

## B. Cook also refuses to provide any substantive information in its Defense Fact Sheet.

12.     The problem with Cook's discovery is not limited to the non-responsive interrogatory answers. Cook is still hiding the ball with the information requested in the defense fact sheet.

13.     Case Management Order #20 requires Cook to "ensure that [its] case-specific discovery responses, including fact sheets, pertaining to such treating provider are complete." [Filing No. 3071, at ECF p. 7639-40.]  In that regard, Cook has failed to provide complete responses to the following:

### Excerpts from 3rd Amended Defendant Fact Sheet[3]

3. Dates of contact/affiliation with healthcare provider(s), if available.

**Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. In addition, Cook Defendants' records indicate that Dr. Rheudasil attended an AI Physician Training in Gainesville, FL on February 10-11, 2009.[4] Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore**

---

[3] Cook's third amended defense fact sheet is attached as Exhibit 2.

[4] This is a prime example of the problems we face as Cook has failed to produce copies any of the documents which were given to Dr. Rheudasil during his "AI Physician Training in Gainesville, FL." That training was apparently conducted one month before Mrs. Brand was implanted with a Celect filter.

==reserve   the   right   to   supplement== this   answer   based   on
**information obtained after the date hereof.**

[Ex. 2 at 4.]

H. Copies of all medical/scientific articles or information related to any
IVC Filter provided by Defendant(s) employees, representatives, sales
representatives, contractors or agents to plaintiff's healthcare
provider(s).

**Unknown at this time. Cook Defendants do not track the
requested information in a systematic way. ==Cook Defendants'
discovery and investigation remain ongoing==, and Cook
Defendants therefore reserve the right to supplement this
answer based**

[Ex. 2 at 14.]

I. If you have any evidence or records indicating or demonstrating the
possibility that any person, entity, condition, or product, other than the
Defendants and their product(s), is a cause of the Plaintiff's injuries,
("Alternate Cause") set forth:

    1.    Identify the Alternate Cause with specificity.
    2.
    3.    Set forth the date and mechanism of alternate causation.
           Potential alternative causes include the following:

           Plaintiff's fault caused or contributed to the conditions
           alleged in the Complaint;

           One or more of the physicians, surgeons, or other
           healthcare providers who treated Plaintiff, hospitals where
           Plaintiff was treated, or such entities' employees, agents,
           contractors or other persons or entities caused or
           contributed to the conditions alleged in the Complaint; and

           Other medical conditions caused or contributed to the
           conditions alleged in Plaintiff's Complaint.

==**Cook Defendants have only recently been notified of the events**==
**underlying this claim and consequently ==their discovery and
investigation remain ongoing==, and Cook Defendants therefore**

**reserve the right to supplement this response based on information obtained after the date hereof.**

[Ex. 2 at 14.]

E. All call notes, detail notes, call summaries, entries made by sales representatives into any database or e-room, laptop or other computer or handheld device, hard copy documents, emails, and/or notes or records or summaries of calls, contacts *and/or communications of any kind regarding each implanting or treating physician for plaintiff during the relevant time period.*

**Counsel for Cook Defendants have investigated this issue and have found no responsive information. ==Cook Defendants' discovery and investigation remain ongoing==, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.**

[Ex. 2 at 16.]

14.     Again, here we are less than two weeks from the discovery cutoff and Cook tells us that its "investigation remain[s] ongoing," that it has "only recently been notified of the events," and that it plans to "supplement" its responses.

15.     Cook was required by court order to ensure that its discovery responses were complete [Filing No. 3071, at ECF p. 7639]; it has refused to do so. This refusal prohibits Mrs. Brand from preparing her case for trial.

**C. Mrs. Brand needs an emergency telephonic hearing given that the first deposition is less than a week away.**

16.     Case Management Order #20 gives the parties two options when confronted with such a situation: (1) postpone the deposition until the matter can be addressed by the Court; or (2) take the deposition and reserve the right to take a second deposition once the dispute is resolved. [*Id.* at 7640.]

17.    Unfortunately, neither proposed solution works here. These physicians are extremely difficult to schedule and are located several states away. Furthermore, they oftentimes place time limitations on their deposition (e.g., Dr. Morrison said that he can be deposed for four hours, total).

18.    Mrs. Brand should not have to risk being unable to get a second deposition or being unable to even schedule another deposition because Cook decided not to provide her with any substantive responses to straightforward contention interrogatories and requests made in the defense fact sheet.

19.    Given that the first deposition takes place next Tuesday, Mrs. Brand respectfully requests the Court to set this matter for an emergency telephonic hearing and order Cook to provide her with substantive responses no later than 5:00 p.m., January 26, 2018.

## Conclusion

20.    Pursuant to Fed. R. Civ. P. 37(a)(1) and L.R. 37-1(b), counsel for the Plaintiff certifies that they have attempted to resolve the discovery issues raised in this Motion with counsel for the Cook Defendants by e-mail correspondence, but such efforts were not successful, and this motion is ripe for ruling.

WHEREFORE, Plaintiff respectfully requests that this matter be set for a telephonic hearing on an emergent basis, that the Court enter an Order compelling Cook to completely respond to her Interrogatories and the Defense Fact Sheet, (including the production of all responsive documents), and grant all further just and appropriate relief in the premises.

Dated: January 24, 2018                    Respectfully Submitted,


/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
(317) 633-5270
Fax: (317) 426-3348
jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering
Committee and on behalf of Plaintiffs'
Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
(202) 233-1993
mheaviside@hrzlaw.com

/s/ Ben C. Martin
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
(214) 761-6614
Fax: (214) 74407590
bmartin@bencmartin.

/s/ David P. Matthews
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
(713) 522-5250
Fax: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Joseph N. Williams*
Joseph N. Williams