# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates:
*Brand v. Cook Medical, Inc., et al.*
Case No. 1:14-cv-06018-RLY-TAB

## COOK DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANTS

Cook Incorporated, Cook Medical LLC, formerly known as Cook Medical Incorporated, and William Cook Europe ApS, (collectively, the "Cook Defendants"), hereby provide the following answers and objections to Plaintiff's Interrogatories to Defendants ("Interrogatories").

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. The Cook Defendants' answers and objections are and will be made solely for the purpose of this action (*Brand v. Cook Medical, Inc., et al.*, Case No. 1:14-cv-06018-RLY-TAB), and the Cook Defendants' reserve the right to object to the use of these answers in any other action pending before this or any other Court.

2. The Cook Defendants object to each Interrogatory in its entirety to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest doctrine, the insurer/insured privilege or any other applicable constitutional, statutory, or common law privilege, doctrine, immunity, or rule. Such protected information will not be produced. A privilege log will be produced in accordance with Fed. R.

Civ. P. 26(b)(5) and in the manner required by Case Management Order #10 Protocol concerning Claims of Privilege and Work Product [Docket No. 520] ("Privilege Protocol") or any other applicable Case Management Order in MDL 2570.

3. The Cook Defendants object to each of the Definitions, Instructions and Interrogatories to the extent they seek to impose obligations on Cook Defendants' that are different than those set forth in the Federal Rules of Civil Procedure and/or the Court's Case Management Orders in this matter.

4. The Cook Defendants object to the Interrogatories to the extent they seek information previously requested from Cook Defendants and identified and produced by the Cook Defendants in MDL 2570.

5. The Cook Defendants' answers are made subject to Case Management Order #7 [Docket No. 479] ("Protective Order re PHI"), Case Management Order #8 [Docket No. 481] ("Protective Order on Confidential Information") and Addendum to Case Management Order #8 [Docket No. 4977].

6. The Cook Defendants have conducted a reasonably diligent and comprehensive search for documents sought by the Interrogatories. The Cook Defendants' discovery and investigation remain ongoing, and the Cook Defendants therefore reserve the right to supplement the following answers based on information obtained after the date hereof.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please describe in detail each and every act or omission on the part of the Plaintiff that you contend was a contributing legal cause of the injury, illness or other losses sued upon in this action.

US.115890137.02

**ANSWER:** The Cook Defendants object to Interrogatory No. 1 as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "each and every act or omission" on Plaintiff's part. The Cook Defendants further object to Interrogatory No. 1 to the extent it seeks information protected by attorney-client privilege or the work product doctrine. Finally, the Cook Defendants object on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. Cook Defendants will supplement this answer as required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

**INTERROGATORY NO. 2:** Do you contend any person or entity other than Cook is or may be liable in whole or in part for the claims asserted against you in this action? If so please state for each (a) their name, (b) the legal basis for the contention, and (c) the facts and evidence upon which the contention is based.

**ANSWER:** The Cook Defendants object to Interrogatory No. 2 to the extent it seeks information protected by attorney-client privilege or the work product doctrine. The Cook Defendants further object on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. Cook Defendants will supplement its answer as required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

**INTERROGATORY NO. 3:** Please state whether you possess or to your knowledge have ever possessed any document or electronically stored information (as defined by Fed. R. Civ. P. 34) not generated or obtained in connection with this action which bears the name or other identifying information for Plaintiff. If so, please describe each such document:

**ANSWER:** The Cook Defendants object to Interrogatory No. 3 as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Cook Defendants further object to Interrogatory No. 3 to the extent it seeks information protected by attorney-client privilege or the work product doctrine. Finally, the Cook Defendants object on the basis that Interrogatory No. 3 is vague, ambiguous, and does not adequately describe the information sought, including its request for information "not generated or obtained in connection with this action." The Cook Defendants will reconsider its answer upon clarification of the information sought.

**INTERROGATORY NO. 4:** Please identify by bates number/range the dFMECA referred to as "the reference dFMECA" at page 16 of 17 in the 10/24/14 complaint report, which states: "The potential risk of filter fracture is recognized and addressed in the reference dFMECA PFM 5.3,"

**ANSWER:** Subject to and without waiving any of its General Objections, the Cook Defendants state the referenced dFMECA is revision 10, February 2011, IGTCFS-65-X-FEM/JUG/UNI-CELECT, produced at CookMDL2570_0193974 – CookMDL2570_0193998.

**INTERROGATORY NO. 5:** Please set forth every fact supporting in whole or in part each of the following affirmative defenses:

(a) your first affirmative defense asserting that Plaintiff's claims are barred by the applicable statute of limitations (limitations);

(b) your second affirmative defense asserting that Plaintiff assumed the risk associated with use of the filter (assumption of risk);

(c) your third affirmative defense asserting that Plaintiff's claims are barred by laches (laches);

(d) your sixth affirmative defense asserting that you had no duty to warn Plaintiff of any risks associated with the use of the filter because the filter was supplied to a

4

sophisticated/learned user (learned intermediary);

(e) your ninth affirmative defense asserting that Plaintiff's damages were caused in whole or in part by her comparative negligence, including whether this defense is premised upon any facts distinct from those relied upon for your second, twelfth or thirteenth affirmative defense (comparative fault);

(f) your tenth affirmative defense asserting that Plaintiff's damages were caused by the fault of other products, persons, firms, etc. (non-party fault);

(g) your eleventh affirmative defense asserting that Plaintiff's damages were caused by an intervening or superseding cause (intervening cause);

(h) your twelfth affirmative defense asserting that Plaintiff's harm was caused by misuse of the product by Plaintiff or others (product misuse);

(i) your thirteenth affirmative defense asserting that Plaintiff's harm was caused by modification or alteration of the device after delivery of the device to the initial consumer (product misuse);

(j) your sixteenth affirmative defense asserting that Plaintiff's claim is barred in whole or in party by her failure to mitigate damages (failure to mitigate); and

(k) your seventeenth affirmative defense asserting that Plaintiff's claim is barred because her injuries and damages were caused by medical conditions, diseases, etc., unrelated to the Cook Defendants (preexisting/other conditions).

**ANSWER:** **Objection.** The Cook Defendants object to Interrogatory No. 5, and each of its subparts, as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "every fact" related to the "affirmative defense" information sought. The Cook Defendants further object to Interrogatory No. 5, and each of its subparts, to the extent they seek information protected by the attorney-client privilege or the work product doctrine. Finally, the Cook Defendants object to Interrogatory No. 5, and each of its subparts, on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. The Cook Defendants will supplement its answer as

5

required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

## VERIFICATION

I, _Rita A. Harden_, declare under penalty of perjury subject to all applicable laws:

That I am an authorized agent of Cook Defendants and that I verify the Defendants' Responses to Plaintiff's First Interrogatories addressed to the Cook Defendants in *Brand v. Cook Medical, Inc., et al.*, Case No. 1:14-cv-06018-RLY-TAB, which is part of *In re: Cook Medical Devices, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation*, Case No.: 1:14-ml 2570-RLY-TAB, MDL No. 2570, and that the matters stated therein are not the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Cook Defendants and deponent is informed that the facts stated therein are true. I hereby certify, in my authorized capacity as an agent for Cook Defendants, that the responses to the aforementioned Interrogatories are true and complete to the best of Cook Defendants' knowledge.

_Rita A. Harden_
Rita A. Harden

_Cook Medical, LLC_
Cook Medical, LLC

_Global Director, Communications_
Global Director, Communications

_22 January 2018_
Date

By: _____
Andrea Roberts Pierson (# 18435-49)
Andrew Campbell (# 25516-49)
Anna C. Rutigliano (# 32743-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
andrea.pierson@faegrebd.com
andrew.campbell@faegrebd.com
anna.rutigliano@faegrebd.com

Charles Webber (# 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-8719
Facsimile: (612) 766-1600
chuck.webber@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.115890137.02

**CERTIFICATE OF SERVICE**

I certify that on January 22, 2018, a copy of the foregoing Cook Defendants' Answers and Objections to Plaintiff's Interrogatories to Defendants was served via U.S. mail and electronic mail to the following:

Ben C. Martin (bmartin@bencmartin.com)
**LAW OFFICE OF BEN C. MARTIN**
3219 McKinney Avenue, Suite 100
Dallas, TX 75204

Michael W. Heaviside (mheaviside@hrzlaw.com)
**HEAVISIDE REED ZAIC**
312 Broadway, Suite 203
Laguna Beach, CA 92651

David P. Matthews (dmatthews@thematthewslawfirm.com)
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX 77098

Joseph Williams (jwilliams@rwp-law.com)
**RILEY WILLIAMS & PIATT LLC**
301 Massachusetts Avenue
Suite 300, Indianapolis, IN 46204

_/s/ Andrew Campbell_
Andrew Campbell

US.115890137.02