# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-06018-RLY-TAB

_____

## THE COOK DEFENDANTS' RESPONSE TO
## PLAINTIFF TONYA BRAND'S EMERGENCY MOTION TO COMPEL

Plaintiff's effort to compel the Cook Defendants[1] to identify and describe in detail its evidence and theories regarding contributory fault and alternative causation *before* essential fact and expert discovery has been completed puts the cart before the horse. Indeed, as Cook told Plaintiff, Cook needs to depose Plaintiff's treating physicians and disclose its testifying experts' opinions before it can verify answers to Interrogatories regarding contributory fault and alternative causation. In essence, Plaintiff seeks to force Cook to disclose attorney work-product before deposing the treating physicians whose testimony will inform Cook's experts' conclusions. The law does not support Plaintiff's request.

### I.   BACKGROUND

Cook timely answered Plaintiff's Interrogatories on January 22, 2018. The next day, at 7:03 p.m. EST, Plaintiff's counsel Ben Martin emailed Cook raising concern with three of the Interrogatory answers and portions of the Third Amended Defendant Fact Sheet (which Plaintiff

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

has had since October 28, 2016) ("DFS"). (Exhibit A). At 7:44 p.m. EST, Cook's counsel responded and asked for Mr. Martin's availability to discuss. (*Id.*) In response, Mr. Martin suggested there was not time to meet and confer because Plaintiff's spine surgeon's deposition is scheduled on January 30. (*Id.*) Thus, the next morning, at 9:30 a.m. EST, before conferring with Cook, Plaintiff filed her "emergency" Motion to Compel. (Dkt. 7551). Stated another way, Plaintiff waited until the last minute to serve Interrogatories and raise issues with Cook's DFS that they claim to need for treating physician depositions, and then chose to circumvent the meet and confer process because she had unilaterally manufactured an "emergency."

## II.   ARGUMENT

### A.   The Cook Defendants' Answers To Plaintiff's Interrogatories Are Appropriate At This Stage In The Litigation

The three contested Interrogatories are "contention" Interrogatories primarily directed toward contributory fault and alternative causation that Plaintiff claims are "intended to flesh out Cook's defenses in this case so that counsel could properly prepare for the upcoming depositions." (Dkt. 7551 at p. 1). The Cook Defendants correctly objected to each of these Interrogatories on the basis they are premature: Cook's "investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing." Cook also recognized its duty to supplement its answers as required by the Federal Rules and case management deadlines.

It is a guiding legal principle that "judicial economy and fairness dictates that parties should not be compelled to prematurely take a position, which would force an artificial narrowing of the issues, instead of an informed paring down." *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 2011 WL 4387293, at *2 (S.D. Ind. Sept. 20, 2011) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295 at *2 n. 3 (N.D. Ill., 1995)). Consequently, "[i]n the interest of judicial economy

and fairness, the answers to contention interrogatories often are delayed until the end of discovery." *BASF Catalysts LLC v. Aristo, Inc.*, 2009 WL 187808, at *2 (N.D. Ind. Jan. 23, 2009) (citing *Ziemack,* 1995 WL 729295 at *2); *Med. Assur. Co. v. Weinberger*, 2011 WL 2471898, at *5 (N.D. Ind. June 20, 2011).

Here, compelling more substantive answers to the Interrogatories prior to the depositions of treating physicians and expert disclosures contradicts the twin aim of efficiency and fairness. To do so likely will necessitate multiple supplemental answers along the path of discovery, require Cook to prematurely commit to positions, and force the disclosure of what currently is attorney work product. *See U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545-546 (N.D. Ill. 2005) (finding a contention interrogatory served prior to expert discovery concerning a defendant's theory premature and reasoning that "[t]o grant a plaintiff the opportunity for an early peek at [a] theory seems to be the antithesis of 'fairness.'").

As evidence of the appropriateness of Cook's position, the Court need look no further than Plaintiff's answers to Cook's own contention Interrogatories.  (Exhibit B).  Indeed, Cook's Interrogatories 4 – 11 asked Plaintiff to state her theories of defect, negligence, alternative design, and to whom Cook failed to provide adequate warnings.  Plaintiff objected to each Interrogatory on the basis that discovery is ongoing and experts are required to appropriately respond.  Specifically, each answer and supplemental answer by *Plaintiff* includes some form of the following explanation:

> This Interrogatory seeks information that is only able to be provided through expert witnesses … Plaintiff is not required to marshal all evidence to respond to this Interrogatory … [T]his Interrogatory seeks information protected under the work product doctrine … Subject to and without waiving these objections, Plaintiff states the following:  Discovery is not complete and expert witness designations are not yet due.  Plaintiff will supplement this once the necessary discovery is completed …

- 3 -

> Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.

Plaintiff cannot take the position that Cook is obligated to put forth its theory of the case before completion of fact and expert discovery while at the same time objecting that her own theories are protected.

**B.** **Cook Has Not Hidden Facts Required By The Defendant Fact Sheet**

Plaintiff is incorrect that Cook has not adequately responded to the DFS.

> *3. Dates of contact/affiliation with healthcare provider(s), if available.*
>
> Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. In addition, Cook Defendants' records indicate that Dr. Rheudasil attended an AI Physician Training in Gainesville, FL on February 10-11, 2009. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

(Dkt. 7552-1 at p. 4).  Cook Defendants disclosed that Dr. Rheudasil attended a physician training related to Aortic Intervention (AI).  This training was not tied in any way to IVC filters. Regardless, the Cook Defendants told Plaintiff they will confirm whether any documents exist related to that training.

> *H. Copies of all medical/scientific articles or information related to any IVC Filter provided by Defendant(s) employees, representatives, sales representatives, contractors or agents to plaintiff's healthcare provider(s).*
>
> Unknown at this time. Cook Defendants do not track the requested information in a systematic way. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right the right to supplement this answer based on information obtained after the date hereof.

(*Id*. at 7552-1 at p. 17).  The Cook Defendants produced the information requested here in late 2015 and early 2016 as part of the custodial file of Tamara Clemmer, the responsible sales representative.  In total, five hundred twenty-two (522) documents were produced for Ms. Clemmer, including the following documents specifically related to articles:

> CookMDL2570_0687858, CookMDL2570_0688101, CookMDL2570_0688102, CookMDL2570_0688332, CookMDL2570_0688334, CookMDL2570_0688346, CookMDL2570_0688348, CookMDL2570_0688359, CookMDL2570_0688363, CookMDL2570_0688369, CookMDL2570_0688376, CookMDL2570_0688379, CookMDL2570_0688417, CookMDL2570_0688419, CookMDL2570_0688426, CookMDL2570_0688431, CookMDL2570_0688435, CookMDL2570_0688436, CookMDL2570_0688449, CookMDL2570_0688450, CookMDL2570_0688451, CookMDL2570_0688460, CookMDL2570_0688461, CookMDL2570_0688462, CookMDL2570_0688477, CookMDL2570_0688478, CookMDL2570_0688536, CookMDL2570_0688538, CookMDL2570_0688545, CookMDL2570_0688550, CookMDL2570_0688553, CookMDL2570_0688575, CookMDL2570_0688576, CookMDL2570_0688577, CookMDL2570_0688586, CookMDL2570_0688587, CookMDL2570_0688588, CookMDL2570_0688614, CookMDL2570_0688616, CookMDL2570_0688618, CookMDL2570_0688630, CookMDL2570_0688668, CookMDL2570_0688670, CookMDL2570_0688671, CookMDL2570_0690346, CookMDL2570_0690347, CookMDL2570_0690348, CookMDL2570_0690357, CookMDL2570_0690358, CookMDL2570_0690359, CookMDL2570_0690368, CookMDL2570_0690369, CookMDL2570_0690370, CookMDL2570_0690379, CookMDL2570_0690380, CookMDL2570_0690381, CookMDL2570_0690390, CookMDL2570_0690393, CookMDL2570_0690394, CookMDL2570_0690395, CookMDL2570_0690397, CookMDL2570_0690417, CookMDL2570_0690483, CookMDL2570_0690495, CookMDL2570_0690517, CookMDL2570_0690529, CookMDL2570_0690542, and CookMDL2570_0690585.
>
> ***I. If you have any evidence or records indicating or demonstrating the possibility that any person, entity, condition, or product, other than the Defendants and their product(s), is a cause of the Plaintiff's injuries, ("Alternate Cause") set forth:***
>
> ***1. Identify the Alternate Cause with specificity.***
>
> ***2. Set forth the date and mechanism of alternate causation.***
>
> ***Potential alternative causes include the following:***
>
> ***Plaintiff's fault caused or contributed to the conditions alleged in the Complaint;***

> *One or more of the physicians, surgeons, or other healthcare providers who treated Plaintiff, hospitals where Plaintiff was treated, or such entities' employees, agents, contractors or other persons or entities caused or contributed to the conditions alleged in the Complaint; and*
>
> *Other medical conditions caused or contributed to the conditions alleged in Plaintiff's Complaint.*
>
> Cook Defendants have only recently been notified of the events underlying this claim and consequently their discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this response based on information obtained after the date hereof.

(*Id*. at 7552-1 at p. 14). Like the Interrogatories discussed above, this request seeks information that has not yet been fully developed at this stage in the litigation. The parties have yet to take the depositions of Plaintiff's treating physicians or disclosed expert opinions. At most, the records demonstrate that Plaintiff received her filter on March 19, 2009, and presented to the emergency room with a fractured filter on June 23, 2011. Cook will not know to any degree of meaningful certainty whether any third party's conduct caused or contributed to the fracture until the physicians are deposed and its experts thereafter conduct their analysis. In the meantime, Cook will be conducting fact and expert discovery related to all aspects of Plaintiff's care during that time to ascertain the cause of her injuries.

> *E. All call notes, detail notes, call summaries, entries made by sales representatives into any database or e-room, laptop or other computer or handheld device, hard copy documents, emails, and/or notes or records or summaries of calls, contacts and/or communications of any kind regarding each implanting or treating physician for plaintiff during the relevant time period.*
>
> Counsel for Cook Defendants have investigated this issue and have found no responsive information. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.

- 6 -

(*Id*. at 7552-1 at pp. 16-17). To the extent documents exist responsive this issue, they have already been produced within Ms. Clemmer's custodial file and IRIS data.

### III. CONCLUSION

The Cook Defendants' investigation into its trial theories and defenses is ongoing and will be the subject of forthcoming treater depositions and expert discovery. Consequently, Plaintiff's contention interrogatories are premature and the Cook Defendants' responses in the Defendant Fact Sheet remain accurate. The Cook Defendants respectfully urge the Court to deny Plaintiff's Emergency Motion to Compel in its entirety.

Respectfully submitted,

Dated: January 25, 2018

*/s/ Andrew L. Campbell*
J. Joseph Tanner (# 11856-49)
Andrea Roberts Pierson (# 18435-49)
Andrew L. Campbell (# 25516-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
joe.tanner@faegrebd.com
andrea.pierson@faegrebd.com
andrew.campbell@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.116132802.02

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

*/s/ Andrew L. Campbell*

US.116132802.02