# EXHIBIT A

## Campbell, Andrew L.

| | |
|---|---|
| **From:** | Ben Martin <bmartin@bencmartin.com> |
| **Sent:** | Wednesday, January 24, 2018 12:01 AM |
| **To:** | Campbell, Andrew L. |
| **Cc:** | Pierson, Andrea Roberts; Rutigliano, Anna C.; Joe Williams; Matt Schultz; Michael Heaviside; L Baughman; Tom Arbon; Timothy Bolton |
| **Subject:** | Re: Rheudasil |

We have a spine surgeon's deposition in less than 7 days. You just need to answer the discovery.  We will be filing an emergency motion on this stuff.

As previously indicated I'm traveling tomorrow but will likely have some time to chat about anything you wish to cover including the motion to compel already on file sometime during the day and I don't rightly know when but I can try and better inform you tomorrow morning some time.

Ben



Sent from my iPhone

On Jan 23, 2018, at 6:44 PM, Campbell, Andrew L. <Andrew.Campbell@FaegreBD.com> wrote:

> Ben,
>
> I'm happy to discuss this when we talk about the other discovery. Let me know when you're available tomorrow or later in the week.
>
> Thanks.
>
> Andy Campbell
> (317) 237-1011 (o)
> (317) 417-4746 (c)
>
>> **From:** Ben Martin <bmartin@bencmartin.com>
>> **Date:** January 23, 2018 at 7:03:35 PM EST
>> **To:** "Pierson, Andrea Roberts" <Andrea.Pierson@FaegreBD.com>
>> **Cc:** "Rutigliano, Anna C." <Anna.Rutigliano@FaegreBD.com>, "Symons, Rochelle R." <Rochelle.Symons@FaegreBD.com>, Joe Williams <jwilliams@rwp-law.com>, Matt Schultz <mschultz@levinlaw.com>, Michael Heaviside <mheaviside@hrzlaw.com>, Laura Baughman <lbaughman@baronbudd.com>, "Timothy Bolton" <tbolton@bencmartin.com>, Tom Arbon <tarbon@bencmartin.com>, "David Matthews" <dmatthews@thematthewslawfirm.com>
>> **Subject: RE: Rheudasil**
>>
>> Andrea:

1

**RE: FAULT OF PHYSICIANS AND OTHERS AS REFERENCED IN DISCOVERY RESPONSES**

Good afternoon.  In response to your request for deposition scheduling of further treaters this email will apply to that request as well.  In short order, we have two depositions now scheduled:  Dr. Morrison, Ms. Brand's spine surgeon, on January 30th, and Dr. Rheudasil, Ms. Brand's implanting and explanting physician on February 2.  There is a problem that needs to get resolved very quickly.  We received interrogatory answers from Cook last night that had to do with the responsibility/negligence/fault of treating or other of Ms. Brand's physicians and Cook gave us a bunch of hollow and basically meaningless answers and objections.  The same type of non-answers to defense fact sheets in Brand were provided as well regarding fault of others.

**RE: AI PHYSICIAN TRAINING AND OTHER SALES MATERIALS**

I have cited CMO 20 below that confirms 7 days prior to treater depositions Cook is to completely respond to all discovery sent to it.  See as follows those responses and also please see defense fact sheet non-answers to some other discovery we need prior to Dr. Morrison, Dr. Rheudasil, or the other treaters' depositions and that Cook is required to provide.  For instance, Cook tells us there was an "AI Physician Training" session given to Dr. Rheudasil in February, 2009, yet gives us no documents he was given for or at that training session.  Here are the fact sheet sections and interrogatory answers we are now complaining about.  We once again ask that Cook search its database and documents for all sales and other materials provided to Dr. Rheudasil or the hospitals he worked out of regarding filters (as is required).

Obviously we do not intend to walk into a deposition  of a spine surgeon or implanter or treater with Cook's non-answers as to doctor liability. So please get us right now what we are asking for and have asked for so that the scheduled depositions can go forward and so that we can schedule the others you are requesting.  By the way we do intend to file an emergency motion to compel.  All of that motion practice could be avoided if Cook simply does as it is required under the rules.  *See all below including answers, non-answers, objections, and requirements.*


**CASE MANAGEMENT ORDER #20: PROTOCOL FOR DEPOSITIONS IN BELLWETHER CASES**

G. Depositions of Plaintiffs' Treating Healthcare Providers

*\*\*\**

2. Prior to the deposition of any treating providers, both parties shall ensure that their case-specific discovery responses, including fact sheets, pertaining to such treating provider are complete. The parties

2

shall also produce all discoverable documents requested pertaining to the deponent treating provider to the extent they have not already been produced. The parties should work to resolve any disputes regarding the completeness of the document production no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, either party shall have the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

**EXCERPTS FROM 3RD AMENDED DEFENDANTS' FACT SHEET**

*(Page 4 of 3rd Amended DFS)*

3. Dates of contact/affiliation with healthcare provider(s), if available.

**Attached hereto as Exhibit A is a spreadsheet containing the available information that is responsive to this request. In addition, Cook Defendants' records indicate that Dr. Rheudasil attended an AI Physician Training in Gainesville, FL on February 10-11, 2009. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.**

*(Page 14 of 3rd Amended DFS)*

H. Copies of all medical/scientific articles or information related to any IVC Filter provided by Defendant(s) employees, representatives, sales representatives, contractors or agents to plaintiff's healthcare provider(s).

**Unknown at this time. Cook Defendants do not track the requested information in a systematic way. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based**

*(Page 14 of 3rd Amended DFS)*

I. If you have any evidence or records indicating or demonstrating the possibility that any person, entity, condition, or product, other than the Defendants and their product(s), is a cause of the Plaintiff's injuries, ("Alternate Cause") set forth:

1. Identify the Alternate Cause with specificity.
2. Set forth the date and mechanism of alternate causation. Potential alternative causes include the following:

Plaintiff's fault caused or contributed to the conditions alleged in the Complaint;

3

One or more of the physicians, surgeons, or other healthcare providers who treated Plaintiff, hospitals where Plaintiff was treated, or such entities' employees, agents, contractors or other persons or entities caused or contributed to the conditions alleged in the Complaint; and

Other medical conditions caused or contributed to the conditions alleged in Plaintiff's Complaint.

**Cook Defendants have only recently been notified of the events underlying this claim and consequently their discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this response based on information obtained after the date hereof.**

*(Page 16 of 3rd Amended DFS)*

E. All call notes, detail notes, call summaries, entries made by sales representatives into any database or e-room, laptop or other computer or handheld device, hard copy documents, emails, and/or notes or records or summaries of calls, contacts *and/or communications of any kind regarding each implanting or treating physician for plaintiff during the relevant time period.*

**Counsel for Cook Defendants have investigated this issue and have found no responsive information. Cook Defendants' discovery and investigation remain ongoing, and Cook Defendants therefore reserve the right to supplement this answer based on information obtained after the date hereof.**


**EXCERPTS FROM COOK DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S (*TONYA BRAND'S*) INTERROGATORIES TO DEFENDANTS**

**INTERROGATORY NO. 1:** Please describe in detail each and every act or omission on the part of the Plaintiff that you contend was a contributing legal cause of the injury, illness or other losses sued upon in this action.

**ANSWER:** The Cook Defendants object to Interrogatory No. 1 as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "each and every act or omission" on Plaintiff's part. The Cook Defendants further object to Interrogatory No. 1 to the extent it seeks information protected by attorney-client privilege or the work product doctrine. Finally, the Cook Defendants object on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. Cook Defendants will supplement this answer as required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

**INTERROGATORY NO. 2:** Do you contend any person or entity other than Cook is or may be liable in whole or in part for the claims asserted

against you in this action? If so please state for each (a) their name, (b) the legal basis for the contention, and (c) the facts and evidence upon which the contention is based.

**ANSWER:** The Cook Defendants object to Interrogatory No. 2 to the extent it seeks information protected by attorney-client privilege or the work product doctrine. The Cook Defendants further object on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. Cook Defendants will supplement its answer as required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

**INTERROGATORY NO. 5:** Please set forth every fact supporting in whole or in part each of the following affirmative defenses:

(a) your first affirmative defense asserting that Plaintiff's claims are barred by the ' applicable statute of limitations (limitations);

(b) your second affirmative defense asserting that Plaintiff assumed the risk associated with use of the filter (assumption of risk);

(c) your third affirmative defense asserting that Plaintiff's claims are barred by laches (laches);

(d) your sixth affirmative defense asserting that you had no duty to warn Plaintiff of any risks associated with the use of the filter because the filter was supplied to a sophisticated/learned user (learned intermediary);

(e) your ninth affirmative defense asserting that Plaintiffs damages were caused in whole or in part by her comparative negligence, including whether this defense is premised upon any facts distinct from those relied upon for your second, twelfth or thirteenth affirmative defense (comparative fault);

(f) your tenth affirmative defense asserting that Plaintiffs damages were caused by the fault of other products, persons, firms, etc. (non-party fault);

(g) your eleventh affirmative defense asserting that Plaintiffs damages were caused by an intervening or superseding cause (intervening cause);

(h) your twelfth affirmative defense asserting that Plaintiffs harm was caused by misuse of the product by Plaintiff or others (product misuse);

(i) your thirteenth affirmative defense asserting that Plaintiffs harm was caused by modification or alteration of the device after delivery of the device to the initial consumer (product misuse);

5

(g) your sixteenth affirmative defense asserting that Plaintiffs claim is barred in whole or in party by her failure to mitigate damages (failure to mitigate); and

(k) your seventeenth affirmative defense asserting that Plaintiffs claim is barred because her injuries and damages were caused by medical conditions, diseases, etc., unrelated to the Cook Defendants (preexisting/other conditions).

**ANSWER: Objection.** The Cook Defendants object to Interrogatory No. 5, and each of its subparts, as it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "every fact" related to the "affirmative defense" information sought. The Cook Defendants further object to Interrogatory No. 5, and each of its subparts, to the extent they seek information protected by the attorney-client privilege or the work product doctrine. Finally, the Cook Defendants object to Interrogatory No. 5, and each of its subparts, on the basis that discovery and the Cook Defendants' investigation into the facts surrounding the case, including consulting with experts regarding the same, remain ongoing. The Cook Defendants will supplement its answer as required by the Federal Rules of Civil Procedure and any applicable Case Management deadlines established by the Court.

Ben

---

**From:** Pierson, Andrea Roberts [mailto:Andrea.Pierson@FaegreBD.com]
**Sent:** Tuesday, January 23, 2018 3:03 PM
**To:** Ben Martin <bmartin@bencmartin.com>
**Cc:** Rutigliano, Anna C. <Anna.Rutigliano@FaegreBD.com>; Symons, Rochelle R. <Rochelle.Symons@FaegreBD.com>; Joe Williams <jwilliams@rwp-law.com>; Matt Schultz <mschultz@levinlaw.com>; Michael Heaviside <mheaviside@hrzlaw.com>; Laura Baughman <lbaughman@baronbudd.com>; Timothy Bolton <tbolton@bencmartin.com>; Tom Arbon <tarbon@bencmartin.com>
**Subject:** RE: Rheudasil

Thanks.  We also have the following on our list to schedule for deposition:

Ms. Brand's son
Dr. Keller/ Dr. Murray Robinson
Dr. Richard Reisman
Ceree Dalton
Dr. Robinson
Dr. Levine

Unless you particularly want to reach out to half of these, I will have my paralegal get dates and send them to you.  Thx. Andrea

---

**From:** Ben Martin [mailto:bmartin@bencmartin.com]
**Sent:** Tuesday, January 23, 2018 4:00 PM
**To:** Pierson, Andrea Roberts
**Cc:** Rutigliano, Anna C.; Symons, Rochelle R.; Joe Williams; Matt Schultz; Michael Heaviside; Laura Baughman; Timothy Bolton; Tom Arbon
**Subject:** Re: Rheudasil

Sure thing. Adding on some folks that need to be on emails. Thanks.

Christina please calendar this date.

Sent from my iPhone

On Jan 23, 2018, at 2:51 PM, Pierson, Andrea Roberts <Andrea.Pierson@FaegreBD.com> wrote:

> Ben – I'm not having any luck nailing down a date for this one and will notice it with an offer to schedule.  My plan is to notice for Feb 2, so please hold the date, with the understanding that he may ask us to pick a new date.  Thanks.  Andrea

7