# Exhibit B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to
Case No.: 1:14-CV-06018

## PLAINTIFF TONYA BRAND'S OBJECTIONS AND FIRST SUPPLEMENTAL ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Comes Now Plaintiff Tonya Brand in the above-numbered and styled cause, and serves the following Objections and First Supplemental Answers to Defendants' First Set of Interrogatories to Plaintiff as follows:

Preamble and General Objections

A. Plaintiff reserves all objections as to the competency, relevancy, materiality and admissibility of the information or documents produced in response to these interrogatories and/or requests.

B. Plaintiff objects to these interrogatories and/or requests to the extent they purport to require Plaintiff to provide information or produce documents which are outside her possession, custody or control.

C. Plaintiff objects to these interrogatories and/or requests to the extent they require Plaintiff to produce information or documents that are publicly available on the ground that such information and documents are just as readily obtainable by the Defendant and Plaintiff should not have to bear the burden of disclosure.

D. Plaintiff objects to these interrogatories and/or requests to the extent they are repetitive of other interrogatories or requests or require Plaintiff to provide the same information more than once.

E. Plaintiff objects to these interrogatories and/or requests to the extent they, individually or cumulatively, attempt to impose on the Plaintiff duties and obligations beyond those permitted by the applicable rules of civil procedure.

F. Plaintiff objects to these interrogatories and/or requests to the extent they are overbroad, vague and ambiguous, unduly burdensome, seek information or documents not reasonably calculated to lead to the discovery of admissible evidence, fail to specify the information sought with reasonable particularity or are otherwise outside the scope of discovery permitted by the applicable rules of civil procedure.

G. Plaintiff objects to these interrogatories and/or requests to the extent they seek documents that constitute or disclose proprietary, confidential, personal or business information.

H. Plaintiff objects to these interrogatories and/or requests to the extent they require Plaintiff to provide information that constitutes attorney work product, is protected by the attorney-client privilege or is protected by any other applicable privilege, statute or rule of non-disclosure.

I. Any response or objection to any or all of these interrogatories and/or requests does not mean necessarily that any information exist or is in the possession, custody or control of Plaintiff.

J. In each and every response, or sub-part thereof, where Plaintiff interposes an objection, such objection shall be construed to preserve all of Plaintiff's rights to enter similar objections as to any future supplemental responses to such request. A failure to object shall not

constitute a waiver of any objection that Plaintiff may interpose as to any future supplemental responses.

K.  The specific responses below are based upon information now available to Plaintiff. Plaintiff reserves the right at any time to revise, correct, add to or clarify the objections or responses.

L.  Plaintiff objects to the "Instructions" included in the written discovery as they purport to place upon Plaintiffs burdens beyond those set forth in the applicable rules of civil procedure.

M.  Plaintiff objects to the "Definitions" included in the written discovery as they purport to broaden definitions of certain words or phrases that are otherwise defined within the applicable rules of civil procedure.

## INTERROGATORIES

1.  Identify the name and address of all persons who provided information or assisted in answering these Interrogatories.

**ANSWER:**

**With the aid of counsel, the following persons assisted in answering these interrogatories: Plaintiff Tonya Brand.**

2.  If any person, including but not limited to doctors, nurses, hospital employees, or other healthcare providers, has made any statement, comment or other communication or representation asserting, claiming, implying or otherwise indicating there was some problem, defect or malfunction with the Subject Filter, state the substance of the communication, the name and address of each person who made any such communication, the date and time such communication was made, and the location where such a communication was made.

## ANSWER:

This Interrogatory seeks information that is protected by the attorney-client privilege. Furthermore, this Interrogatory seeks the mental impressions of counsel and, therefore, seeks information protected by the work product doctrine.

Subject to, and without waiving these objections, Plaintiff states the following: Dr. Mark Rheudasil, 2673 Peachtree Dunwoody Rd, Suite 625, Atlanta, GA 30342. Dr. Rheudasil told me that the filter had to be removed because it was fractured, a piece had migrated, and the device was defective and not working properly.

## SUPPLEMENTAL ANSWER:

Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016 that this request is limited to information regarding potential fact witnesses who have spoken directly with Mrs. Brand, Plaintiff responds as follows:

In addition to the above, Plaintiff recalls that following an x-ray taken at Northside Hopital in June of 2011, a nurse approached her as she was getting dressed and said there was a problem with her filter. Plaintiff does not know the name of the nurse.

3. Have Plaintiffs agreed with any person, company, corporation or organization to refrain from suing or to settle with, dismiss, or release them from any cause of action arising out of the occurrences at issue in Your lawsuit? If yes, please state the date and terms of each such agreement, the parties thereto, the amount of money and a detailed description of any other consideration received for each such agreement.

## ANSWER:

The terms "lawsuit" and "occurrences" are not defined and, thus, render the interrogatory overly broad, vague, and ambiguous.

Subject to and without waiving these objections, Plaintiff states the following: No.

4. If You contend that any alternative design for the Subject Filter would have made it in any way safer or if You contend that an alternative design would have prevented any of Your claimed injuries, state the complete factual basis for Your contention including the basis of Your alternate design.

**ANSWER:**

This Interrogatory seeks information that is only able to be provided through expert witnesses. Plaintiff lacks the necessary education, training, and experience to respond to this Interrogatory. Plaintiff also objects as this Interrogatory is overly broad. Plaintiff is not required to marshal all evidence to respond to this Interrogatory. Plaintiff further objects to the extent this Interrogatory seeks information protected under the work product doctrine.

Subject to and without waiving these objections, Plaintiff states the following: Discovery is not complete and expert witness designations are not yet due. Plaintiff will supplement this once the necessary discovery is completed.

**SUPPLEMENTAL ANSWER:**

Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.

5. Describe in detail each design and/or manufacturing defect You allege exists or existed in or with the Subject Filter, including all facts and circumstances that support Your assertion of the existence of a defect, the ways in which the alleged defect caused or contributed to any alleged injuries, and the documents which reflect and/or the individuals with knowledge of such defect.

**ANSWER:**

This Interrogatory seeks information that is only able to be provided through expert witnesses. Plaintiff lacks the necessary education, training, and experience to respond to this Interrogatory. Plaintiff also objects as this Interrogatory is overly broad. Plaintiff is not required to marshal all evidence to respond to this Interrogatory. Plaintiff further objects to the extent this Interrogatory seeks information protected under the work product doctrine.

Subject to and without waiving these objections, Plaintiff states the following: Discovery is not complete and expert witness designations are not yet due. Plaintiff will supplement this once the necessary discovery is completed.

**SUPPLEMENTAL ANSWER:**

Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.

**Generally, Ms. Brand was implanted with an IVC filter that Cook represented was safe and efficacious for protecting Ms. Brand from pulmonary emboli and which could be used as a permanent device or a retrievable filter. Once implanted, the filter fractured and pieces of the filter migrated from her IVC to other parts of her. The filter could not be easily retrieved and had to be recovered via a open surgical procedure. As designed and manufactured the filter was neither safe nor efficacious and presented an unreasonabkle risk of harm to Ms. Brand.**

6. If You assert in Your lawsuit that the Cook Defendants violated any statute, rule, or regulation, specify all statutes, rules, or regulations allegedly violated with respect to the design, manufacture, marketing or sale of the Subject Filter, and describe in complete detail all evidence that supports said allegation.

## ANSWER:

**This Interrogatory seeks information that is only able to be provided through expert witnesses. Plaintiff lacks the necessary education, training, and experience to respond to this Interrogatory. Plaintiff also objects as this Interrogatory is overly broad. Plaintiff is not required to marshal all evidence to respond to this Interrogatory. Plaintiff further objects to the extent this Interrogatory seeks information protected under the work product doctrine. Subject to and without waiving these objections, Plaintiff states the following: Discovery is not complete and expert witness designations are not yet due. Plaintiff will supplement this once the necessary discovery is completed.**

## SUPPLEMENTAL ANSWER:

**Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.**

7. If You assert in Your lawsuit that the Cook Defendants were negligent in any respect regarding the design, manufacture, marketing or sale of the Subject Filter, describe in complete detail all evidence that supports said assertion.

ANSWER:

This Interrogatory seeks information that is only able to be provided through expert witnesses. Plaintiff lacks the necessary education, training, and experience to respond to this Interrogatory. Plaintiff also objects as this Interrogatory is overly broad. Plaintiff is not required to marshal all evidence to respond to this Interrogatory. Plaintiff further objects to the extent this Interrogatory seeks information protected under the work product doctrine. Subject to and without waiving these objections, Plaintiff states the following: Discovery is not complete and expert witness designations are not yet due. Plaintiff will supplement this once the necessary discovery is completed.

SUPPLEMENTAL ANSWER:

Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.

Generally, Ms. Brand was implanted with an IVC filter that Cook represented was safe and efficacious for protecting Ms. Brand from pulmonary emboli and which could be used as a permanent device or a retrievable filter. Once implanted, the filter fractured and pieces of the filter migrated from her IVC to other parts of her. The filter could not be easily retrieved and had to be recovered via a open surgical procedure. As designed and manufactured the filter was neither safe nor efficacious and presented an unreasonabkle risk of harm to Ms. Brand.

8. Describe in detail each basis You have, if any, for alleging the Subject Filter to be unreasonably dangerous.

ANSWER:

This Interrogatory seeks information that is only able to be provided through expert witnesses. Plaintiff lacks the necessary education, training, and experience to respond to this Interrogatory. Plaintiff also objects as this Interrogatory is overly broad. Plaintiff is not required to marshal all evidence to respond to this Interrogatory. Plaintiff further objects to the extent this Interrogatory seeks information protected under the work product doctrine. Subject to and without waiving these objections, Plaintiff states the following: Discovery is not complete and expert witness designations are not yet due. Plaintiff will supplement this once the necessary discovery is completed.

SUPPLEMENTAL ANSWER:

Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.

Generally, Ms. Brand was implanted with an IVC filter that Cook represented was safe and efficacious for protecting Ms. Brand from pulmonary emboli and which could be used

as a permanent device or a retrievable filter. Once implanted, the filter fractured and pieces of the filter migrated from her IVC to other parts of her. The filter could not be easily retrieved and had to be recovered via a open surgical procedure. As designed and manufactured the filter was neither safe nor efficacious and presented an unreasonabkle risk of harm to Ms. Brand.

9. Do You contend that inadequate warnings were given regarding the Subject Filter? If yes, fully and completely describe why the warnings provided were inadequate and what warning should have been given.

**ANSWER:**

This Interrogatory seeks information that is only able to be provided through expert witnesses. Plaintiff lacks the necessary education, training, and experience to respond to this Interrogatory. Plaintiff also objects as this Interrogatory is overly broad. Plaintiff is not required to marshal all evidence to respond to this Interrogatory. Plaintiff further objects to the extent this Interrogatory seeks information protected under the work product doctrine. Subject to and without waiving these objections, Plaintiff states the following: Discovery is not complete and expert witness designations are not yet due. Plaintiff will supplement this once the necessary discovery is completed.

**SUPPLEMENTAL ANSWER:**

Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.

Generally, the Defendants have represented that the IVC filter was safe and effective for preventing pulomonary emboli, that the device could be used safely as a temporary, retrievable filter or a permanently implanted device and the numbers of failures of the device were small. In fact, the filter is not safe, its not effective in preventing pulmonary emboli and the device is not safe for use as a temporary, retrievable filter or a permanent filter. The numbers of filter failures are high and pose a danger to the health of the implanted patient.

10. Identify in detail each and every design change, manufacturing change; warning or instruction change You allege could have been made by Cook Defendants to prevent Your alleged injuries.

**ANSWER:**

**This Interrogatory seeks information that is only able to be provided through expert witnesses. Plaintiff lacks the necessary education, training, and experience to respond to this Interrogatory. Plaintiff also objects as this Interrogatory is overly broad. Plaintiff is not required to marshal all evidence to respond to this Interrogatory. Plaintiff further objects to the extent this Interrogatory seeks information protected under the work product doctrine. Subject to and without waiving these objections, Plaintiff states the following: Discovery is not complete and expert witness designations are not yet due. Plaintiff will supplement this once the necessary discovery is completed.**

**SUPPLEMENTAL ANSWER:**

**Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.**

11. If You contend that Cook Defendants failed to provide adequate warning or instructions regarding the Subject Filter, please (a) identify which physicians You contend received inadequate warnings or instructions; (b) describe what warnings or instructions should have been given; and (c) describe how any alleged inadequate warnings or instructions given caused or contributed to any of Your alleged injuries.

**ANSWER:**

**This Interrogatory seeks information that is only able to be provided through expert witnesses. Plaintiff lacks the necessary education, training, and experience to respond to this Interrogatory. Plaintiff also objects as this Interrogatory is overly broad. Plaintiff is not required to marshal all evidence to respond to this Interrogatory. Plaintiff further objects to the extent this Interrogatory seeks information protected under the work product doctrine. Subject to and without waiving these objections, Plaintiff states the following: Discovery is not complete and expert witness designations are not yet due. Plaintiff will supplement this once the necessary discovery is completed.**

**SUPPLEMENTAL ANSWER:**

**Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.**

12.     If You contend that Cook Defendants breached any express or implied warranty with respect to the Subject Filter, identify the specific warranties that were breached, the source of the warranties, and all documents or other evidence in support of Your assertion of each such breach.

**ANSWER:**

This Interrogatory seeks information that is only able to be provided through expert witnesses. Plaintiff lacks the necessary education, training, and experience to respond to this Interrogatory. Plaintiff also objects as this Interrogatory is overly broad. Plaintiff is not required to marshal all evidence to respond to this Interrogatory. Plaintiff further objects to the extent this Interrogatory seeks information protected under the work product doctrine. Subject to and without waiving these objections, Plaintiff states the following: Discovery is not complete and expert witness designations are not yet due. Plaintiff will supplement this once the necessary discovery is completed.

**SUPPLEMENTAL ANSWER:**

Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.

At the time and place of sale, distribution and supply of the filter to Plaintiff, the Defendants expressly represented and warranted that the filter was safe, and impliedly warranted that the product was reasonably fit for its intended purpose and was marketable quality. At the time of Plaintiff's purchase from Defendants, the filter was not in a merchantable condition, in that: 1) iIt was designed in such a manner so as to be prone to a unreasonably high incident of fracture, perforation of vessels and organs, and/or migration; 2) it was designed in such a manner so as to result in a unreasonably high incident of injury to the organs including the vena cava of its purchaser; and 3) it was manufactured in such a manner so that the exterior surface of the filter was inadequately, improperly and inappropriately designed causing the device to weaken and fail.

Additionally, implied warranties were beached as follows: 1) Cook failed to provide the warning or instruction and/or an adequate warning or instruction which a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the filter would cause harm.

Cook manufactured and/or sold the filter that was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the foreseeable risks associated with the filter design or formulation exceeded the benefits associated with that design. These defects existed at the time the product left Cook's control.

**Cook's filter was unfit and unsafe for use by its intended users as it posed an unreasonable and extreme risk of injury to persons using said products, therefore Cook breached their expressed warranties and the implied warranties associated with the product.**

13. Identify all witnesses and evidence You intend to use to support any claim by You for punitive damages.

## ANSWER:

**Plaintiff objects to this Interrogatory as it seeks the mental impressions of counsel and therefore seeks information protected by the work product doctrine. Plaintiff further objects to this Interrogatory as discovery is early and ongoing, and this Interrogatory seeks information known only to the defendants at this early stage of discovery and that is beyond the scope of plaintiff's knowledge. Plaintiff further objects to this Interrogatory to the extent it seeks information that can only be identified by expert witnesses.**

## SUPPLEMENTAL ANSWER:

**Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff will agree to supplement this response once all experts have been designated and the necessary discovery is complete.**

14. Do You allege that any person or entity not a party to Your lawsuit caused or contributed to Your alleged injuries and damages? If yes, identify each such person or entity and the facts to support Your assertion that each such person or entity caused or contributed to Your alleged injuries and damages.

## ANSWER:

**This Interrogatory seeks information that is only able to be provided through expert witnesses. Plaintiff lacks the necessary education, training, and experience to respond to this Interrogatory. Subject to and without waiving the foregoing objections, Plaintiff states the following:**

No.

15. Identify all persons who are financially dependent upon You in whole or in part.

## ANSWER:

**Plaintiff objects to this Interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information that is neither relevant nor material.**

**SUPPLEMENTAL ANSWER:**

**Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016, Plaintiff states she is not seeking any damages for lost wages or loss of earning capacity therefore the request is not reasonably calculated to lead to the discovery of admissible evidence.**

16. Prior to implantation of the Subject Filter, did any of Your physicians present any alternative treatment options to You? If yes, identify the alternative treatment options presented to You and the physician that presented each option.

**ANSWER:**

**Plaintiff objects to this Interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information that is neither relevant nor material. Filter implantation was presented to the Plaintiff as an appropriate treatment. Plaintiff therefore further object to this Interrogatory to the extent it intends to contend or suggest that plaintiff should have selected an alternative treatment option.**

**SUPPLEMENTAL ANSWER:**

**Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016:**

**No.**

17. Please identify and itemize all medical expenses and charges You claim that You have incurred due to the injuries at issue in Your lawsuit, all future medical expenses You allege that You will incur due to the injuries at issue in Your lawsuit, and any permanent impairment of Your body that You are claiming in Your suit.

**ANSWER:**

**Plaintiff objects to this Interrogatory to the extent it seeks information that can only be provided by expert witnesses. Plaintiff lacks the necessary education, training, and experience necessary to forecast all future medical expenses and may rely upon the testimony of expert witnesses to provide the requested information to the extent necessary. Plaintiff further objects to this Interrogatory as discovery is early and ongoing, and plaintiff is still in the process of gathering the requested information.**

**SUPPLMENTAL ANSWER:**

**Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016:**

**Please refer to Exhibit "A," which is based upon the information available to date.**

**Please also see the medical bills attached to Plaintiff's Supplemental Responses to Request for Production.**

18. If You became eligible for Medicare by reason other than turning age 65, state that other basis here, and when You became eligible for Medicare on that basis.

**ANSWER:**

Plaintiff objects to this Interrogatory as it is overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information that is neither relevant nor material.

**SUPPLMENTAL ANSWER:**

**Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016:**

**Plaintiff became eligible for Medicare on January 1, 2006, as result of having two lumbar fusions and migraines.**

19. If You are enrolled in Medicare, state Your Medicare Health Insurance Claim Number.

**ANSWER:**

**257270409.**

20. Have You ever applied for life or health insurance and been turned down for any reason? If so, identify completely all companies to which You applied and which turned You down, the dates applied and denied coverage, and the reasons given by the insurance company for denying the request for insurance coverage.

**ANSWER:**

Plaintiff objects to this Interrogatory as it overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information that is neither relevant nor material.

**SUPPLMENTAL ANSWER:**

Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016:

No.

21. Identify all healthcare providers who provided any consultation or treatment to You after You were deposed in Your lawsuit against Cook Defendants.

**ANSWER:**

Plaintiff objects to this Interrogatory as it overly broad, not reasonably limited in scope, not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information that is protected by the physician patient privilege and neither relevant nor material.

**SUPPLEMENTAL ANSWER:**

Without waiving any objections and subject to the agreements made with Defense counsel during our phone conference on October 7, 2016:

To the best of Plaintiff's knowledge, the following:

1. Scott Keller, DO (primary care provider), 4120 Five Forks Trickum Rd SW, #105, Lilburn, GA 30047

2. Jeffrie Kamean, MD. (gastroenterology), 2675 N. Decatur Road, Suite 305, Decatur, GA 30033

3. Gwinnett Medical Center (stomach empting study performed), 1000 Medical Center Blvd, Lawrenceville, GA 30046

4. Mark Kucklar, MD. (gastroenterology), 3655 Howell Ferry Rd, Suite 305, Decatur, GA 3003.

22. Identify any change in Your employment status or history after You were deposed in Your lawsuit against Cook Defendants.

**ANSWER:**

**This interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff states the following: The Plaintiff has had no change in her employment status since her deposition of December 10, 2015.**

23. Identify all emails You have sent to any third party or received from any third party (other than Your attorneys) regarding the Subject Filter or the injuries and damages alleged in Your Complaint.

**ANSWER:**

**Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information that is neither relevant nor material. Plaintiff further objects to this Interrogatory to the extent it seeks communications with consulting experts at the request of Plaintiff's counsel and therefore seeks information protected by the work product doctrine.**

24. Please state whether You use or ever have used the websites Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn, Pinterest, or other social media websites? If yes, for each website You have used, including ones not specifically listed above, please provide:

   a. All user names, handles, login names or IDs and e-mail addresses applicable to the login or use of said website;

   b. The approximate date or date range of use for each website.

**ANSWER:**

**Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information that is neither relevant nor material. Plaintiff further objects to this Interrogatory as it seeks to invade Plaintiff's privacy to the extent plaintiff maintain any private or anonymous social media accounts. Plaintiff further objects to this Interrogatory as it seeks to invade the privacy of third parties with whom plaintiff communicated on social media regarding matters unrelated to the pending lawsuit. Subject to and without waiving these objections, Plaintiff states the following: Please see the previously produced attachment to the Plaintiff's Fact Sheet.**

Respectfully submitted,

**LAW OFFICES OF BEN C. MARTIN**

*/s/ Thomas Wm. Arbon*

Ben C. Martin
Thomas Wm. Arbon
The Law Offices of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com
tarbon@bencmartin.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was sent via Certified Mail, Return Receipt Requested, this 14th day of October, 2016, to the following:

Douglas B. King, Esq.
James M. Boyers, Esq.
John C. Babione, Esq.
Kip S. M. McDonald, Esq.
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Tel:   (317) 639-6151
Fax:   (317) 639-6444
doug.king@woodenmclaughlin.com
chris.lee@woodenmclaughlin.com
jim.boyers@woodenmclaughlin.com
john.babione@woodenmclaughlin.com
sandy.jansen@woodenmclaughlin.com
kip.mcdonald@woodenmclaughlin.com

*Counsel for Cook Defendants*

*/s/ Thomas Wm. Arbon*
Thomas Wm. Arbon

## VERIFICATION

BEFORE ME, on this day personally appeared Tonya Brand, Plaintiff herein, who after being by me duly sworn, testified that she has personal knowledge of the facts contained in her Answers to Interrogatories, and that said facts are true and correct to her knowledge and belief.

SIGNED THIS _13_ day of _October_, 2016.

Tonya Brand

SWORN TO AND SUBSCRIBED BEFORE ME on this _13th_ day of _October_, 2016, to certify which witness my hand and seal of office.



Christina Robles Guerra
Commission Expires
03-06-2017

Christina R. Guerra
Notary Public in and for the
State of _Texas_