# EXHIBIT 5

|   |   |
|---|---|
| 1 | JAMES R. OLSON, ESQ. |
|   | Nevada Bar No. 0116 |
| 2 | MAX E. CORRICK, II |
|   | Nevada Bar No. 6609 |
| 3 | OLSON, CANNON, GORMLEY |
|   | ANGULO & STOBERSKI |
| 4 | 9950 West Cheyenne Avenue |
|   | Las Vegas, NV 89129 |
| 5 | Phone: 702-384-4012 |
| 6 | jolson@ocgas.com |
|   | mcorrick@ocgas.com |
| 7 | Attorneys for Defendants |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| TRACY LOWICKI, an individual, and RON LOWICKI, an individual, | Case No.: 2:17-cv-1615-RFB-GWF |
|---|---|
| Plaintiffs, | (Clark County District Court, Case Number: A-17-754402-C) |
| vs. | |
| COURTNEY LUNG, an individual; COOK GROUP INCORPORATED; a corporation; COOK MEDICAL, INCORPORATED; a corporation; MEDICAL ENGINEERING and DEVELOPMENT INSTITUTE, INC., a corporation; MED INSTITUTE, INC.; a corporation; COOK MED INSTITUTE, a corporation; COOK DENMARK INTERNATIONAL APS, a foreign entity most closely resembling a corporation; WILLIAM COOK EUROPE APS; a foreign entity most closely resembling a corporation; and DOES 1 through 100 inclusive, | |
| Defendants. | |

## COOK DEFENDANTS' ANSWER
## (JURY DEMANDED)

COME NOW Defendants Courtney Lung ("Ms. Lung"), Cook Group Incorporated ("CGI"), Cook Medical LLC ("CML"),[1] Medical Engineering & Development Institute

---

[1] "Cook Medical, Incorporated" is incorrectly named in the Complaint and is now known as "Cook Medical LLC (*formerly known as* Cook Medical Incorporated)."

Incorporated ("MED"),[2] and Cook Research Incorporated ("CRI")[3] (collectively, "Cook Defendants")[4], by and through their attorneys of record, and for their Answer to the Complaint of Tracy Lowicki, individually, and Ron Lowicki, individually, by way of admissions and denials thereto, state as follows:

## PARTIES

**Plaintiff**

1. Cook Defendants are without sufficient information as to the allegations in paragraph 1.

2. Cook Defendants are without sufficient information as to the allegations in paragraph 2.

**Defendants**

3. Cook Defendants admit that Ms. Lung has been a resident of Clark County, Nevada for over 20 years and has been selling Cook Celect® vena cava filters, in her capacity as an employee of CML, since it was first cleared by the FDA for use in 2007. Cook Defendants further admit that Ms. Lung describes her current job duty in her LinkedIn page as "tasked with keeping and identifying new areas of business growth while maintaining existing market share in respective hospital chains and clinics." Cook Defendants are without sufficient information as to all other allegations in paragraph 3, in part because Plaintiffs have not identified Tracy Lowicki's prescribing physicians.

4. Cook Defendants admit that CGI is an Indiana Corporation with its principal place of business located at 750 Daniels Way, Bloomington, Indiana, 47404. Cook Defendants deny all other allegations in paragraph 4.

---

[2] Medical Engineering & Development Institute Incorporated is incorrectly named in the Complaint as "Medical Engineering and Development Institute, Inc."
[3] "Med Institute, Inc.," and "Cook Med Institute, Inc." are incorrectly named in the Complaint and are now known together as "Cook Research Incorporated."
[4] Cook Denmark International ApS ("CDI") has not been served in this action.

1

5. Cook Defendants admit that CML is an Indiana Limited Liability Company with its principal place of business located at 400 Daniels Way, Bloomington, Indiana 47404. Cook Defendants further admit that CML markets and sells medical devices for use in various medical applications, including Cook Celect® vena cava filters, which are intended for the prevention of recurrent pulmonary embolism in certain situations as described in the IFU for each medical device. Cook Defendants deny all other allegations in paragraph 5.

6. Cook Defendants admit that CRI is an Indiana Corporation with its principal place of business located at 1 Geddes Way, West Lafayette, Indiana 47906. Cook Defendants deny all other allegations in paragraph 6.

7. Cook Defendants admit that CRI is an Indiana Corporation with its principal place of business located at 1 Geddes Way, West Lafayette, Indiana 47906. Cook Defendants deny all other allegations in paragraph 7.

8. Cook Defendants admit that CDI is based in Denmark. Cook Defendants deny all other allegations in paragraph 8.

9. Cook Defendants admit that WCE is based in Bjaeverskov, Denmark. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter. Cook Defendants deny all other allegations in paragraph 9.

10. Cook Defendants are without sufficient information as to the allegations in paragraph 10.

11. Cook Defendants deny that the allegations in paragraph 11 require an answer from them.

**JURISDICTION AND VENUE**

Cook Defendants are without sufficient information as to the allegations in this paragraph.

2

**GENERAL FACTUAL ALLEGATIONS**

12. Cook Defendants deny the allegations in paragraph 12.

13. Cook Defendants admit that, on or about April 20, 2007, Cook was granted clearance by the FDA to market the Cook Celect® vena cava filter for the intended uses described in the FDA-approved Instructions for Use ("IFU") for that device. Cook Defendants further admit that CML markets and sells Cook Celect® vena cava filters, which are intended for the prevention of recurrent pulmonary embolism in certain situations as described in the IFU for that medical device, and that Ms. Lung is employed by CML as a sales representative. Cook Defendants also admit that WCE developed and manufactures the Cook Celect® vena cava filter. Cook Defendants deny all other allegations in paragraph 13.

14. Cook Defendants admit only that the Cook Celect® vena cava filter is designed and intended for the intended uses described in the FDA-approved IFU for that device and may be retrieved under the circumstances described in the IFU for that device and in accordance with the "Optional Retrieval Procedure" described in the IFU for that device. Cook Defendants are without sufficient information as to the remaining allegations in paragraph 14.

15. Cook Defendants admit that the Cook Celect® vena cava filter is designed and intended for the intended uses described in the FDA-approved IFU for that device and may be retrieved under the circumstances described in the IFU for that device and in accordance with the "Optional Retrieval Procedure" described in the IFU for that device. Cook Defendants are without sufficient information as to the remaining allegations in paragraph 15.

16. Cook Defendants admit only that the Cook Celect® vena cava filter has four anchoring struts for fixation and eight secondary struts shaped to assist in promoting centering of the filter within the cava. Cook Defendants deny all other allegations in paragraph 16.

17. Cook Defendants admit only that Cook Incorporated, acting on behalf of WCE, sought the initial clearance from the FDA to market the Cook Celect® vena cava filter pursuant

3

to Section 510(k) of the Medical Device Amendments to the Food, Drug & Cosmetic Act (the "MDA"). Cook Defendants deny all other allegations in paragraph 17.

18. Cook Defendants admit only that Section 510(k) of the MDA speaks for itself. Cook Defendants deny all other allegations in paragraph 18.

19. Cook Defendants admit only that the cited case speaks for itself. Cook Defendants deny all other allegations in paragraph 19.

20. Cook Defendants deny the allegations in paragraph 20, including its subparts.

## SPECIFIC FACTUAL ALLEGATIONS AS TO PLAINTFF

21. Cook Defendants are without sufficient information as to the allegations in paragraph 21.

22. Cook Defendants are without sufficient information as to the allegations in paragraph 22.

23. Cook Defendants are without sufficient information as to the allegations in paragraph 23.

## FRAUDULENT CONCEALMENT

24. Cook Defendants deny the allegations in paragraph 24.

25. Cook Defendants deny the allegations in paragraph 25.

26. Cook Defendants deny the allegations in paragraph 26.

27. Cook Defendants deny the allegations in paragraph 27.

## CORPORATE/VICARIOUS LIABILITY

28. Cook Defendants deny the allegations in paragraph 28.

29. Cook Defendants deny the allegations in paragraph 29.

30. Cook Defendants deny the allegations in paragraph 30.

31. Cook Defendants deny the allegations in paragraph 31.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
**(Against All Defendants)**

32. Cook Defendants incorporate by reference their response to each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

33. Cook Defendants admit that CML markets and sells Cook Celect® vena cava filters and that Ms. Lung is employed by CML as a sales representative. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter. Cook Defendants deny all other allegations in paragraph 33.

34. Cook Defendants are without sufficient information as to the allegations in paragraph 34.

35. Cook Defendants deny the allegations in paragraph 35.

36. Cook Defendants deny the allegations in paragraph 36.

37. Cook Defendants deny the allegations in paragraph 37, including its subparts.

38. Cook Defendants deny the allegations in paragraph 38.

39. Cook Defendants deny the allegations in paragraph 39.

40. Cook Defendants deny the allegations in paragraph 40, including its subparts.

41. Cook Defendants deny the allegations in paragraph 41.

42. Cook Defendants deny the allegations in paragraph 42.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY – FAILURE TO WARN
**(Against All Defendants)**

43. Cook Defendants incorporate by reference their response to each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

44. Cook Defendants admit that CML markets and sells Cook Celect® vena cava filters and that Ms. Lung is employed by CML as a sales representative. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter. Cook

5

Defendants are without sufficient information as to the IVC filter implanted into Tracy Lowicki. Cook Defendants deny all other allegations in paragraph 44.

45. Cook Defendants deny the allegations in paragraph 45.

46. Cook Defendants deny the allegations in paragraph 46.

47. Cook Defendants deny the allegations in paragraph 47.

48. Cook Defendants deny the allegations in paragraph 48.

49. Cook Defendants deny the allegations in paragraph 49.

50. Cook Defendants deny the allegations in paragraph 50.

51. Cook Defendants deny the allegations in paragraph 51.

52. Cook Defendants deny the allegations in paragraph 52.

53. Cook Defendants are without sufficient information as to the allegations in paragraph 53.

54. Cook Defendants deny the allegations in paragraph 54.

55. Cook Defendants are without sufficient information as to the allegations in paragraph 55.

56. Cook Defendants deny the allegations in paragraph 56.

**THIRD CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY – DESIGN DEFECTS**
**(Against All Defendants Except Courtney Lung)**

57. Cook Defendants incorporate by reference their response to each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

58. Cook Defendants admit that CML markets and sells Cook Celect® vena cava filters. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter. Cook Defendants are without sufficient information as to the IVC filter implanted into Tracy Lowicki. Cook Defendants deny all other allegations in paragraph 58.

6

59. Cook Defendants are without sufficient information as to the allegations in paragraph 59.

60. Cook Defendants deny the allegations in paragraph 60.

61. Cook Defendants deny the allegations in paragraph 61.

62. Cook Defendants are without sufficient information as to the allegations in paragraph 62.

63. Cook Defendants deny the allegations in paragraph 63.

64. Cook Defendants deny the allegations in paragraph 64.

### FOURTH CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT
(Against All Defendants Except Courtney Lung)

65. Cook Defendants incorporate by reference their response to each and every allegation contained in the foregoing paragraph as though fully set forth herein.

66. Cook Defendants admit that CML markets and sells Cook Celect® vena cava filters. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter. Cook Defendants are without sufficient information as to the IVC filter implanted into Tracy Lowicki. Cook Defendants deny all other allegations in paragraph 66.

67. Cook Defendants deny the allegations in paragraph 67.

68. Cook Defendants deny the allegations in paragraph 68.

69. Cook Defendants are without sufficient information as to the allegations in paragraph 69.

70. Cook Defendants deny the allegations in paragraph 70.

71. Cook Defendants deny the allegations in paragraph 71.

7

### FIFTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(Against All Defendants)

72. Cook Defendants incorporate by reference their response to each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

73. Cook Defendants admit that CML markets and sells Cook Celect® vena cava filters and that Ms. Lung is employed by CML as a sales representative. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter. Cook Defendants also admit that the Cook Celect® vena cava filter is designed and intended for the prevention of recurrent pulmonary embolism in certain situations as described in the IFU for that medical device. Cook Defendants deny all other allegations in paragraph 73.

74. Cook Defendants deny the allegations in paragraph 74.

75. Cook Defendants deny the allegations in paragraph 75.

76. Cook Defendants deny the allegations in paragraph 76.

77. Cook Defendants deny the allegations in paragraph 77, including its subparts.

78. Cook Defendants deny the allegations in paragraph 78.

79. Cook Defendants deny the allegations in paragraph 79.

80. Cook Defendants deny the allegations in paragraph 80.

81. Cook Defendants deny the allegations in paragraph 81.

### SIXTH CAUSE OF ACTION
### FRAUDULENT CONCEALMENT
(Against All Defendants)

82. Cook Defendants incorporate by reference their response to each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

83. Cook Defendants deny the allegations in paragraph 83.

84. Cook Defendants deny the allegations in paragraph 84, including its subparts.

85. Cook Defendants deny the allegations in paragraph 85.

8

86. Cook Defendants deny the allegations in paragraph 86.

87. Cook Defendants deny the allegations in paragraph 87.

88. Cook Defendants deny the allegations in paragraph 88.

89. Cook Defendants deny the allegations in paragraph 89.

90. Cook Defendants deny the allegations in paragraph 90.

91. Cook Defendants deny the allegations in paragraph 91.

**SEVENTH CAUSE OF ACTION**
**NEVADA DECEPTIVE TRADE PRACTICES ACT VIOLATIONS**
**(Nev. Rev. Stat. Ch. 598 et seq.)**
(Against All Defendants)

92. Cook Defendants incorporate by reference their response to each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

93. Cook Defendants admit that CML markets and sells Cook Celect® vena cava filters and that Ms. Lung is employed by CML as a sales representative. Cook Defendants further admit that WCE developed and manufactures the Cook Celect® vena cava filter. Cook Defendants also admit that the Cook Celect® vena cava filter is designed and intended for the prevention of recurrent pulmonary embolism in certain situations as described in the IFU for that medical device. Cook Defendants deny all other allegations in paragraph 95.

94. Cook Defendants deny the allegations in paragraph 94.

95. Cook Defendants deny the allegations in paragraph 95, including its subparts.

96. Cook Defendants deny the allegations in paragraph 96.

97. Cook Defendants deny the allegations in paragraph 97.

**EIGHTH CAUSE OF ACTION**
**LOSS OF CONSORTIUM**
(Against All Defendants)

98. Cook Defendants incorporate by reference their response to each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

99. Cook Defendants deny the allegations in paragraph 99.

9

100. Cook Defendants deny the allegations in paragraph 100.

101. Cook Defendants deny the allegations in paragraph 101.

102. Cook Defendants deny the allegations in paragraph 102

## **PUNITIVE DAMAGES ALLEGATIONS**

103. Cook Defendants incorporate by reference their response to each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

104. Cook Defendants deny the allegations in paragraph 104.

105. Cook Defendants deny the allegations in paragraph 105.

106. Cook Defendants deny the allegations in paragraph 106.

107. Cook Defendants deny the allegations in paragraph 107, including its subparts.

108. Cook Defendants deny the allegations in paragraph 108.

109. Cook Defendants deny the allegations in paragraph 109.

## **AFFIRMATIVE DEFENSES**

1. Pleading alternately and independently, and without assuming the burden of proof where it otherwise lies with Plaintiffs, Cook Defendants hereby assert the following affirmative defenses.

2. Plaintiffs' claims are barred by applicable statutes of limitations.

3. Plaintiff Tracy Lowicki assumed or incurred any risks associated with the use of any Cook Defendants' medical device or product in connection with her medical treatment by providing informed consent prior to undergoing medical treatment, thus barring Plaintiffs' recovery in this action.

4. Plaintiffs' claims are barred by the doctrine of laches.

5. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

10

6. Plaintiffs' claims are preempted by the MDA, FDA regulations and other federal law in accordance with the Supremacy Clause of the United State Constitution. See 21 U.S.C. § 360k and *Riegel v. Medtonic*, 552 U.S. 312 (2008).

7. At all times material hereto, Cook Defendants acted in accordance with the applicable standards of care at the time and place.

8. Cook Defendants were not negligent.

9. Any acts or omissions of Cook Defendants alleged to constitute negligence were not the proximate or substantial causes or factors of the subject incident and/or did not result in the injuries and/or losses alleged by Plaintiffs.

10. The incidents and/or damages described in Plaintiffs' Complaint may have been caused or contributed to by Plaintiffs.

11. If Plaintiffs sustained the injuries alleged, proof of which is specifically demanded, said injuries may have been the result of the negligent or careless acts and/or omissions of persons and/or entities over which Cook Defendants exercised no control or right of control.

12. Any negligent acts or omissions proven by Plaintiffs, of other individuals and/or entities, may have constituted intervening and/or superseding causes of the damages and/or injuries alleged to have been sustained by Plaintiffs, and therefore Plaintiffs' claims against Cook Defendants are barred.

13. Plaintiffs' claims may be barred by the doctrine of the assumption of risk.

14. Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to exercise reasonable care and diligence to mitigate damages, if any.

15. Plaintiffs' damages were caused, in whole or in part, by the comparative or contributory negligence of Plaintiffs.

11

16. Cook Defendants believe and therefore aver that evidence accumulated through discovery and provided at trial may establish that Plaintiffs was contributorily or comparatively negligent, and in order to protect the record, Cook Defendants hereby plead contributory or comparative negligence as an affirmative defense.

17. Plaintiffs' damages or losses, if any, were caused or contributed to by the fault of other products, persons, firms, corporations or entities over whom Cook Defendants had and have no control, or right of control, and for whom they owe no legal responsibility, including culpable non-parties who will be discovered through Cook Defendants ongoing investigation and discovery and to which the jury can allocate fault at trial.

18. Cook Defendants had no duty to warn Plaintiffs of any risks associated with the use of any medical device or product for which Cook Defendants are responsible, as any such medical device was supplied to a knowledgeable and sophisticated user of such product, or a learned intermediary, with adequate warnings and IFU, or because that learned intermediary had independent knowledge of any risks associated with the use of such medical device and chose to use it without regard to the adequacy of the warnings and IFU supplied with it.

19. Any medical device or product for which Cook Defendants are responsible conformed to the state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged and labeled, and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

20. Any medical device or product for which Cook Defendants are responsible complied with applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States, or by an agency of the United States, and by Council Directive 93/42/EEC of the European Communities, The Medical Device Directive, BEK no. 1263 of 15.12.2008, Ministry of Health and Prevention, Denmark, The Canadian Medical Device Regulations SOR/98-282 May 1998, The Australian Therapeutic Goods

12

(Medical Devices) Regulations 2002, and the applicable articles of the Japanese Pharmaceutical Affairs Law (MHLW Ministerial Ordinance no. 169,2004) and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

21. A cause of any physical harm sustained by Plaintiff Tracy Lowicki was misuse of any medical device or product for which Cook Defendants are responsible by Plaintiff or by a person or persons not reasonably expected by Cook Defendants at the time the product was sold, and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

22. A cause of any physical harm sustained by Plaintiff Tracy Lowicki was a modification or alteration of any medical device or product for which Cook Defendants are responsible after delivery of the product to the initial user or consumer that was a proximate cause of the harm and was not reasonably expectable by Cook Defendants, and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

23. At all times relevant, the Celect® vena cava filter was not unreasonably dangerous or defective.

24. Plaintiffs' design defect claims may be barred because there is no evidence of a safer alternative design.

25. Plaintiffs' breach of warranty claims are barred because there is a lack of privity between Plaintiffs and Cook Defendants, Cook Defendants did not make any warranties, express or implied, to Plaintiffs, and Plaintiffs did not give Cook Defendants notice of the alleged breach.

26. Plaintiffs' claims are barred because the alleged injuries and damages, if any, were caused by medical conditions, diseases, illnesses, or processes (whether pre-existing or contemporaneous) unrelated to Cook Defendants.

27. Cook Defendants hereby plead any and all defenses, protections and/or limitations afforded under the Patient Protection and Affordable Care Act, Public Law 111-148,

13

enacted on March 23, 2010 and the Health Care and Education Reconciliation Act of 2010, Public Law 111-152, enacted on March 30, 2010, including, but not limited to, a collateral source set-off pursuant to CPLR § 4545(a)

28. Plaintiffs' claim and/or request for damages may be barred or limited and/or precluded by the doctrines of res judicata and/or collateral estoppel.

29. Cook Defendants specifically plead and incorporate by reference as an affirmative defense all applicable caps and limitations upon any award of damages, both compensatory and punitive, which are provided by law.

30. Cook Defendants affirmatively allege that, insomuch as Plaintiffs pray for punitive and/or exemplary damages, an award of such damages should be denied for the reason that such an award is in violation of the due process clauses contained in the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, § 8 of the Nevada Constitution in that:

> (a) Said damages are intended to punish and deter Cook Defendants and thus, this proceeding is essentially criminal in nature;
> (b) In assessing such penalty or exemplary awards, Plaintiffs need only to prove the theory of gross negligence on a preponderance of the evidence standard and not on a "beyond a reasonable doubt" standard as should be required in assessing a punishment award;
> (c) Such awards are unduly vague and do not meet the requirements of due process in that punitive and/or exemplary damages are not based on a clearly defined statutory enactment setting forth specific requirements; and
> (d) Cook Defendants are subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines, but Cook Defendants receive none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

31. Further, Cook Defendants affirmatively allege that the assessment and award of punitive and/or exemplary damages are in violation of the Eighth Amendment of the United States Constitution as it is applied by the Fourteenth Amendment of the U.S. Constitution, and Article 1, § 6 of the Nevada Constitution, in that such awards potentially constitute an excessive fine imposed without the protection of fundamental due process. Cook Defendants affirmatively

allege that, insomuch as Plaintiffs prays for punitive damages, an award of such damages should be denied for the reason that such an award violates the equal protection clause of the Fourteenth Amendment of the U. S. Constitution in that the awarding of disproportionate judgments against Cook Defendants who commit similar offenses resulting in similar injury, but who differ only in material wealth, constitutes an arbitrary and invidious discrimination, prohibited by said equal protection clauses.

32. Any award of punitive damages in this case would be impermissible under the standards established by the United States Supreme Court in the case of *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L.E.2d 809 (1996).

33. Cook Defendants are not subject to suit for punitive damages based upon the facts and conclusions as stated in Plaintiffs' Complaint by reason of NRS §§ 42.001, 42.005, and 42.007.

34. Plaintiffs' claims may be barred or reduced by the provisions of NRS 17.225 and NRS 101.010 et seq., the relevant portions of which are incorporated herein by reference as though same or more fully set forth at length herein.

35. If NRS 17.130 and any other rule, statute, or regulation concerning delay of damages, prejudgment interest, or post-judgment interest is found to be unconstitutional and in violation of the Constitution of the United States of America or the Commonwealth of Nevada, then Cook Defendants should not be charged for any such damages.

36. Cook Defendants demand trial by jury on all issues.

37. To the extent justified by the evidence and developed in discovery, Cook Defendants assert all affirmative defenses set forth in NRCP 8(c).

38. All claims against Cook Defendants should be dismissed or discontinued with prejudice.

## Prayer for Relief

WHEREFORE, Cook Defendants having fully set forth their answers and further answers prays for the following relief:

1. That Plaintiffs take nothing by reason of their Complaint on file herein;

2. For reasonable attorney's fees;

3. For costs of suit incurred and to be incurred herein; and

4. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 12th day of June, 2017.                Respectfully submitted,

**OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI**


       */s/James R. Olson*
By:_____
   JAMES R. OLSON, ESQ.
   Nevada Bar No. 000116
   MAX E. CORRICK, II
   Nevada Bar No. 006609
   9950 W. Cheyenne Avenue
   Las Vegas, NV 89129
   *Attorneys for Cook Defendants*

# **CERTIFICATE OF SERVICE**

On the 12th day of June, 2017, the undersigned, an employee of Olson, Cannon, Gormley, Angulo & Stoberski, hereby served a true copy of **COOK DEFENDANTS' ANSWER** to the parties listed below via the CM/ECF system of United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), to the following:

Peter C. Wetherall
Wetherall Group, Ltd.
9345 West Sunset Road, Suite 100
Las Vegas, NV 89148
702.838.8500 (office)
702.837.5081 (fax)
pwetherall@wetherallgroup.com

*Attorney for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　*/s/Jane Hollingsworth*
　　　　　　　　　　　　　　　　　　　　An Employee of Olson, Cannon, Gormley, Angulo & Stoberski