IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| IN RE: COOK MEDICAL INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to: | |
| Brenda Helms, Bankruptcy Trustee for the Estate of Arthur Gage,<br>1:14-cv-01875-RLY-TAB | |

## MOTION FOR CLARIFICATION OF DESIGNATION STATUS OF JOHN LADISA, PH.D.

COMES NOW the Plaintiff, Brenda Helms, Bankruptcy Trustee for the Estate of Arthur Gage, and files this Motion for Clarification of Designation Status as to Plaintiff's expert, John LaDisa, Ph.D., hereinafter "LaDisa", and for cause therefore would show unto the Court the following:

**I.**

On March 17, 2017, representatives of the Plaintiff Steering Committee (PSC) filed the Rule 26 Expert Disclosures in both *Elizabeth Hill* and *Arthur Gage*, two of the three bellwether cases set for trial in this court. (Ex. A). One of the experts named for both cases was Dr. John LaDisa. Thereafter, Defendants expressed concerns to the Court as to the number of expert witnesses designated by the PSC. The Court directed the PSC to reduce the number of experts listed in their Disclosure or narrow the areas of testimony where overlap may exist.

On April 14, 2017, Joe Williams, Mike Heaviside, David Matthews, Ben Martin and Matt Schultz, PSC counsel, forwarded an email to Andrea Pierson, counsel for Cook, advising that the PSC had met and would be meeting again over the course of the weekend and would put together a list of experts by Monday afternoon. The last sentence of the main text of the email states, "We will reserve the right to change up the lineup and change up the witnesses for those we have dropped once the Hill case is tried—in other words for the Gage case." (Ex. B). There was no objection to that reservation raised in Cook's reply.

On April 18, 2017, Ben Martin forwarded a chart listing each expert and their area of testimony, noting "None" with regard to those being withdrawn. Dr. LaDisa was one of the experts with "None" beside his name. Once again Mr. Martin stated, "As mentioned previously, we do reserve the right to revisit whether we need to expand or re-sort this list for Gage in light of what we experience in the Hill trial; but for now this is meant as a list for both." (Ex. C). Mr. Martin made it clear that the issue would be revisited after the Hill trial. There was no objection included in any email response from counsel for Cook.

**II.**

In accordance with the Court's Case Management Order regarding the Bellwether Trial Plan, Plaintiff Gage filed his Preliminary Witness List (Ex. D) on August 1, 2017, from which Dr. LaDisa's name had been removed in accordance with the terms of the April 14th and April 18th emails, which specifically reserved the right to revisit the original list after the conclusion of the Hill trial.

**III.**

The trial of the Hill case began on October 24, 2017, and a verdict was returned on November 9, 2017.

**IV.**

Thereafter, counsel for Mr. Gage obtained a copy of the trial transcript and it became abundantly clear that the differences in the Cook Tulip IVC filter and the Cook Celect IVC filter necessitated the need for different experts. On January 10, 2018, counsel for Mr. Gage notified counsel for Cook of their intent to call Dr. LaDisa, and/or Dr. Litsky or Dr. Ritchie. (Ex. E). After being advised by co-counsel of the prior reservation, Plaintiff confirmed to counsel for Cook on January 11, 2018 their intent to call Dr. LaDisa as an expert at trial, and provided deposition dates of January 30, February 1st and February 6th. (Ex. F.) Counsel for Cook responded that LaDisa had been withdrawn and all deadlines were long past. (Ex. G).

There is no question that Dr. LaDisa was properly designated on March 17, 2017, and Cook was provided with a copy of his report at that time. The emails of April 14, 2017, and April 18, 2017 clearly show that the Plaintiff Steering Committee was trying to comply with the Court's directive to reduce the number of experts, and, with the knowledge that the Hill case and the Gage case do not have the same injury or even the same device, knew that reserving the right to call Dr. LaDisa, or any of the other experts that were set aside in April of 2017, until after the Hill trial was the only way to comply with the Court's directive and protect the interests of both Plaintiffs. Defendant did not indicate an understanding to the contrary until Plaintiff tried to invoke the right specifically reserved by Mr. Martin. However, on the second page of Cook's Response in Opposition to Plaintiffs' Motion to Exclude or Limit the Expert Testimony of Scott Robertson, Ph.D., Cook states that Dr. Robertson offers rebuttal opinions to two of Plaintiffs' experts, Dr. McMeeking and Dr. LaDisa. (Ex. H). Since their Response in Opposition was filed on September 25, 2017,

after all of the deadlines relevant to designations and discovery had passed, their inclusion of Dr. LaDisa constitutes an acknowledgement of the agreement made between Cook and Mr. Martin and Mr. Williams and evidences a clear anticipation of Dr. LaDisa being called to testify in the Gage trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court clarifies the designation status of Dr. LaDisa, and that Plaintiff be allowed to call Dr. John LaDisa as an expert witness in this case.

Respectfully submitted,

*/s/ Michael T. Gallagher*

Michael T. Gallagher
Federal Bar No. 5395
The Gallagher Law Firm, LLP
2905 Sackett Street
Houston, Texas 77098
(713) 222-8080
(713) 222-0066 - Facsimile
donnaf@gld-law.com
pamm@gld-law.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that we have conferred with defense counsel on this issue by email and they have stated they are opposed to John LaDisa, M.D. being an expert at the trial of this cause and stated Plaintiff should take this issue up with the court.

*/s/ Michael T. Gallagher*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record listed below via First Class Mail, facsimile transmission, or electronic mail on January 26, 2018.

Andrea Roberts Pierson
J. Joseph Tanner
Jessica Benson Cox
Nicholas B. Alford
**FAEGRE BAKER DANIELS LLP**
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
andrea.pierson@faegrebd.com
joe.tanner@faegrebd.com
jessica.cox@faegrebd.com
nicholas.alford@faegrebd.com

Ben C. Martin
**LAW OFFICE OF BEN C. MARTIN**
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219

David P. Matthews
**MATTHEWS & ASSOCIATES**
2905 Sackett Street
Houston, TX  77098
dmatthews@thematthewlawfirm.com

/s/ Michael T. Gallagher
_____
Michael T. Gallagher