# EXHIBIT 5

FILED ✓  
ENTERED ✓ — RECEIVED  
— SERVED ON ✓  
COUNSEL/PARTIES OF RECORD  

APR - 7 2005  

CLERK US DISTRICT COURT  
DISTRICT OF NEVADA  
BY: _____ DEPUTY  

2005 APR -5 P 12: 19

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|   |   |
|---|---|
| MARLENE RUSSING, EDITH SANCHEZ, VIRGINIA SCIBIOR, OLIVIA DUNNICK, and CHARMAINE KA-IPO,<br><br>Plaintiffs,<br><br>v.<br><br>WYETH, a Delaware corporation, and its divisions and subsidiaries; WYETH PHARMACEUTICALS, INC., a Delaware corporation, and its divisions and subsidiaries; PFIZER, INC., a Delaware Corporation, and its divisions and subsidiaries; BAR PHARMAECUTICALS, INC., BARR LABORATORIES, INC., DURAMED PHARMACEUTICALS, INC., previously known as REID ROWELL, INC.; ANNETTE STEPHENS; TRACY LAWYER, JENNIFER JORGENSEN; STEVE TITZER; ANN MARIE MARQUIS; DAVID CARRICO; JULIE BUCHHOLZ; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | CV-S-04-1597-PMP (RJJ)<br><br>O R D E R |

Presently before this Court is Plaintiffs Marlene Russing ("Russing"), Edith Sanchez ("Sanchez"), Virginia Scibior ("Scibior"), Olivia Dunnick ("Dunnick"), Charmane Ka-Ipo's ("Ka-Ipo") Motion to Remand (Doc. #19) filed on December 17, 2004. Defendants Wyeth, Wyeth Pharmaceuticals, Inc., Pfizer Inc. ("Pfizer"), Barr Pharmaceuticals, Inc., Duramed Pharmaceuticals, Inc., Solvay Pharmaceuticals, Inc., Annette Stephens ("Stephens"), Tracy Lawyer ("Lawyer"), Jennifer Jorgensen

1 ("Jorgensen"), Steve Titzer ("Titzer"), Ann Marie Marquis ("Marquis"), and Julie Buchholz
2 ("Buchholz") filed an Opposition (Doc. #27) on January 3, 2005. Defendant Solvay
3 Pharmaceuticals, Inc. joined in Defendant Wyeth's Opposition to Plaintiff's Motion to
4 Remand (Doc. #28) on January 5, 2005. Plaintiffs filed a Reply (Doc. #30) on January 18,
5 2005.

6 **I.     BACKGROUND**

7 Plaintiffs Russing, Sanchez, Scibior, Dunnick, and Ka-Ipo assert that as a result
8 of ingesting the prescribed drug, Prempro, under brand name and/or generic equivalent,
9 they have suffered personal injury in the form of breast cancer. (Not. of Removal, Am.
10 Compl. at 2, 5-6) At all relevant times, Plaintiffs Russing, Sanchez, and Scibior were
11 residents of Nevada. (Id. at 4-5.) At all relevant times, Plaintiff Dunnick was a resident of
12 California. (Id. at 5.) At all relevant times, Plaintiff Ka-Ipo was a resident of Hawaii. (Id.)
13 Defendants Wyeth and Wyeth Pharmaceuticals, Inc., both Delaware corporations, either
14 manufactured or distributed hormone replacement therapy drugs, including Prempro. (Not.
15 of Removal, Am. Compl. at 5.) Defendant Pfizer, also a Delaware corporation,
16 manufactured and distributed hormone replacement therapy drugs prescribed by licensed
17 physicians. (Def. Pfizer Inc.'s Answer to Pls.' First Am. Compl. at 3-4.) Defendants Barr
18 Pharmaceuticals, Inc. and Barr Laboratories, both New Jersey corporations, either
19 manufactured or distributed hormone therapy medication. (Not. of Removal, Am. Compl.
20 at 6.) Barr Laboratories is a wholly owned subsidiary of Barr Pharmaceuticals, Inc. (Id.)
21 Defendant Duramed Pharmaceuticals, Inc., an Ohio corporation, either manufactured or
22 distributed hormone therapy medication. (Not. of Removal, Am. Compl. at 7.) Duramed
23 Pharmaceuticals is a wholly owned subsidiary of Barr Pharmaceuticals, Inc. (Id.)
24 Defendant Solvay Pharmaceuticals, Inc., previously known as Reid Rowell, Inc., a Georgia
25 corporation, either manufactured or distributed hormone replacement therapy medication.
26 (Id.) Defendants Lawyer, Titzer, Marquis and Buchholz, residents of Nevada, were

1  employed by Wyeth as pharmaceutical sales representatives and promoted Wyeth's
2  hormone therapy products. (Defs. Tracy Lawyer, Jennifer Jorgensen, Stephen Titzer, Ann
3  Maria Marquis, Julie Buchholz's Answer and Affirmative Defenses at 5.) Defendant
4  Jorgensen denies she was a resident of Nevada. (Id.) Defendants Lawyer, Titzer, Marquis,
5  Buchholz, and Jorgensen are considered to be the "Detailer Defendants," i.e., those
6  Defendants that marketed and promoted the drugs in Nevada.

7  Plaintiffs originally brought this action in Nevada state district court based on
8  theories of failure to warn under strict products liability for failure to warn (claim 1),
9  negligence (claim 2), breach of implied warranty (claim 3), breach of express warranty
10 (claim 4), deceit by concealment (claim 5), negligent misrepresentation (claim 6), strict
11 products liability for design defect (claim 7). (Not. of Removal, Am. Compl. at 23-29.)
12 Plaintiffs sought punitive damages as to the first, second, fifth, sixth, seventh, and eighth
13 causes of action, in addition to general and special damages. (Id.) On November 19, 2004,
14 Defendants removed this action to the United States District Court for the District of
15 Nevada asserting this Court has diversity jurisdiction under 28 U.S.C. § 1332. (Not. of
16 Removal.)

17 Plaintiffs filed a motion to remand on December 17, 2004. (Mot. to Remand.)
18 In support of their motion, Plaintiffs argue Defendants Stephens, Lawyer, Jorgensen, Titzer,
19 Marquis, Carrico, and Buchholz are Nevada citizens, and thus complete diversity does not
20 exist. (Mot. to Remand at 2.) Defendants oppose remand, arguing that Plaintiffs
21 fraudulently joined the Detailer Defendants to defeat federal diversity jurisdiction.
22 Specifically, Defendants argue that the Detailer Defendants, as sales representatives, owe
23 no duty to patients to warn of or disclose a drug's risks, thus Plaintiffs' claims for
24 negligence and deceit by concealment are precluded. (Wyeth Defs.' Opp. to Pls.' Mot. to
25 Remand at 2.) Furthermore, Defendants argue that the Detailer Defendants did not sell the
26 specific drugs at issue here, further precluding Plaintiffs' claims. (Id.) Finally, Defendants

argue that Plaintiffs are suing for personal injury, rather than pecuniary loss, thus precluding any remaining claims. Defendants contend that because Plaintiffs have no cause of action against the Detailer Defendants, they have been fraudulent joined, thus removal is appropriate and Plaintiff's motion to remand should be denied. (Id. at 2-3.)

## II.  DISCUSSION

Removal jurisdiction under 28 U.S.C. § 1441(a) gives federal district courts jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

An exception to the complete diversity requirement is where the plaintiff fraudulently joins a non-diverse defendant. Id. Fraudulently joined defendants will not defeat removal on diversity grounds. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Joinder is fraudulent, and the non-diverse defendant's presence in the lawsuit is ignored for purposes of determining diversity, if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Id.

The party asserting federal jurisdiction bears the burden of establishing the joinder of the non-diverse plaintiff was fraudulent. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Courts construe the removal statute strictly against removal jurisdiction. Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.

4

1  2003). A court should resolve all doubt as to removability in favor of remand. See Gaus v.
2  Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

3  Defendants removed the action to this Court on the premise that Plaintiffs
4  fraudulently joined the Detailer Defendants, citizens of Nevada, to defeat diversity
5  jurisdiction. As a threshold argument, Defendants argue that as agents of Wyeth, the
6  Detailer Defendants are not vicariously liable for the torts of the principal in which they, as
7  agents, did not participate. Defendants argue that "Plaintiffs have alleged no facts to
8  indicate that the Detailers knew or had any reason to know that the hormone replacement
9  therapy literature and information they received from Wyeth and provided to physicians was
10 inappropriate in any manner." (Wyeth Defs.' Opp'n to Pls.' Mot. to Remand at 13.)
11 Additionally, Defendants assert that the Detailer Defendants had no actual contact with
12 Plaintiffs, and, in support, offer the affidavits of David Carrico, Marquis, Titzer, Lawyer,
13 Buchholz, Jorgensen, and Stephens. (Not. of Removal, Exs. E, F; Wyeth Defs.' Opp'n to
14 Pls. Mot. to Remand, Ex. A.)

15 Plaintiffs respond first by arguing that the Detailer Defendants may be
16 individually liable for fraud and negligent misrepresentation regardless of whether the
17 alleged misconduct occurred during the course of employment. In their Complaint,
18 Plaintiffs alleged that the Detailer Defendants, as agents of Wyeth, intentionally conspired
19 to mislead the medical community regarding the safety of Prempro, that they had a duty to
20 inform both physicians and patients of potential risks of the drug, which they did not, and
21 that the Detailer Defendants had the same knowledge and awareness of Prempro's dangers
22 as Wyeth. (Pl.'s Reply to Def. Wyeth's Opp'n to Mot. to Remand at 8.) Additionally,
23 Plaintiffs argue that, construing all facts in favor of remand, Defendants have failed to
24 demonstrate that there is no possibility that plaintiffs have a colorable claim, and therefore
25 Defendants have not met the burden for removal. (Id.)

26 In Nevada, "an agent who fraudulently makes representations is liable in tort to

5

the injured person although the fraud occurs in a transaction on behalf of the principal." Nev-Tex Oil and Gas v. Precision Rolled Prod., 782 P.2d 1311 (Nev. 1989) (citing Carral v. Lux, 420 P.2d 564, 576 (1966)). In Nev-Tex Oil, the Nevada Supreme Court found a corporation's agent personally liable for fraud, even though the fraud occurred in a transaction on behalf of the corporation. Id. The Court held that the agent's own fraudulent actions subjected him to liability "regardless of whether the corporate veil was correctly pierced." Id. "An officer actively participating in the fraud cannot escape personal liability on the ground that the officer was acting for the corporation. Similarly, it is immaterial that the officer received no benefits from the transaction. The corporation also may be liable, but the individual is not thereby relieved of his or her own responsibility." 3 Fletcher Cyclopedia of Private Corp. § 1143. Furthermore, the rule that an agent may be individually liable for the torts he or she commits in the course of employment is not limited to fraud based claims. "An officer of a corporation may be individually liable for any tort which he commits, and if the tort is committed within the scope of employment, the corporation may be vicariously or secondarily liable under the doctrine of respondeat superior." Semenza v. Caughlin Crafted Homes, 901 P.2d 684, 689 (Nev. 1995).

    The Detailer Defendants, as agents of Wyeth, cannot escape liability by virtue of their agent status. Nevada recognizes that as an agent of a corporation, working to "ensure that physicians are aware of the pharmaceutical company's products so that the physicians can consider whether to prescribe drugs to particular patients," the Detailer Defendants may be personally liable for any fraudulent misrepresentation they make. See Nev-Tex Oil, 782 P.2d at 1311. Defendants argue that "Plaintiffs' artful pleading does not convert their claims against Wyeth into viable causes of actions against Wyeth Detailers merely by virtue of the Detailers performing the duties they were hired to perform by Wyeth." (Wyeth Defs.' Opp'n to Pls.' Mot. to Remand at 13.) However, under Nevada law, it is irrelevant as to whether the Wyeth Detailers were performing jobs that they were hired to do, or that

they gained any personal benefit. Even if the alleged misconduct occurred on behalf of Wyeth, and the Detailers received no material benefit other than salary, the Detailers still may be subjected to liability for Plaintiffs' claims based on fraud or misrepresentation. See 3 Fletcher Cyclopedia of Private Corp. § 1143.

Additionally, the Detailer Defendants' agent status does not shield them from liability for the negligence they may have committed individually. See Semenza, 901 P.2d at 689. In Nevada, to establish Negligence, Plaintiffs must show that "(1) the defendant had a duty to exercise due care towards the plaintiff; (2) the defendant breached the duty; (3) the breach was the actual cause of the plaintiff's injury; and (5) the plaintiff suffered damage." Perez v. Las Vegas Med. Ctr., 805 P.2d 589, 590-91 (Nev. 1991). Nevada courts have not addressed the issue of whether pharmaceutical sales representatives owe a duty of care to the physicians and patients with whom they deal. Nevada does, however, recognize that an agent may be individually liable for his negligence, regardless of whether or not he or she was acting for the sole benefit of the principal. Defendants acknowledge that Nevada has no settled rules regarding the negligence liability for pharmaceutical sales representatives. Because it is not obvious that Nevada would not recognize a duty running from pharmaceutical sales representatives to patients like Plaintiff Vesta Woodhouse, Defendants have not met their burden of demonstrating the joinder of the Detailer defendants was fraudulent. Remand is therefore appropriate.

///
///
///
///
///
///
///

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Doc. #12) is hereby GRANTED. This case is hereby REMANDED to the District Court for the State of Nevada in and for the County of Clark, State of Nevada.

DATED: April 4, 2005

PHILIP M. PRO
Chief United States District Judge



8