# EXHIBIT 6

Case 1:14-ml-02570-RLY-TAB Document 7573-5 Filed 01/26/18 Page 2 of 5 PageID #: 40829
Case 3:04-cv-00675-HDM-RAM Document 39-27-1751 Filed 02/28/05 Page 2 of 4



FILED
05 FEB 28 PM 3:35
LANCE S. WILSON
CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LORRAINE VAN BROCKLIN; et al.,

    Plaintiffs,

vs.

WYETH, a Delaware Corporation; et al.,

    Defendants.

CV-N-04-0675-HDM (RAM)

**ORDER**

Plaintiffs have filed a Motion to Remand seeking an order of this court remanding this case back to the Nevada state court.

## FACTUAL BACKGROUND

This case concerns Plaintiffs' allegations of hormone therapy induced breast cancer stemming from the Plaintiffs' use of the drugs commonly known as "Prempro." The Plaintiffs in this case have elected to opt-out of the National Settlement Program for Prempro related cases, and instead elected to file their cases in Nevada state court. Plaintiffs have not only brought suit against Defendants Wyeth, Wyeth Pharmaceuticals, Pfizer, Inc., but also against the local pharmaceutical representatives who marketed the drugs to local physicians.

A conditional transfer order to the Judicial Panel on Multi-

District Litigation in the Eastern District of Arkansas (commonly known as the "MDL court") was filed with this court on January 10, 2005. The MDL court has been convened pursuant to 28 U.S.C. § 1407, to hear all cases, in all districts, involving alleged Prempro injuries. Wyeth has removed this case to this court on the ground that the drug representatives, the Nevada Defendants, are fraudulently joined.

## ANALYSIS

### Standard for Removal

Removal jurisdiction under 28 U.S.C. § 1441(a) gives federal district courts original jurisdiction over "any civil action brought in a State court of which the district courts of the United States have jurisdiction." Remand is a proper remedy if the federal court lacks subject matter jurisdiction, or if a case is otherwise improperly removed. 28 U.S.C. § 1447. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). Lastly, because of a strong presumption against removal, "the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566 (citing Nishimoto v. Federman-Bachrach and Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

### Fraudulent Joinder

Here, Defendant maintains that the naming of the local pharmaceutical representatives was done solely to defeat diversity

2

jurisdiction. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). A fraudulently joined "defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)). Fraudulently joined defendants will therefore not defeat removal on diversity grounds. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

The court must determine whether diversity jurisdiction existed as of the time the complaint was filed and removal effected. Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002). The party asserting federal jurisdiction bears the burden of establishing that joinder of the non-diverse [defendant] was fraudulent. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Courts construe the removal statute strictly against removal jurisdiction. Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002). "Where doubt regarding the right to removal exists, a case should be remanded to the state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Lastly, a "colorable" claim against a non-diverse defendant will bar removal under the fraudulent joinder doctrine; "doubtful questions" of law must be determined in state court. See

3

Smith v. Southern Pacific Co., 187 F.2d 397, 401 (9th Cir. 1951).

Wyeth argues that the local pharmaceutical representatives are fraudulently joined, as the Plaintiff's cannot maintain any claim against the local Defendants. Here, Plaintiffs have asserted claims for negligence, strict liability, breach of implied and express warranties, deceit by concealment, and negligent misrepresentation against the local pharmaceutical representatives. "The only question [the court has] to determine is whether the complaints evidence a real intention to secure a [judgment], and colorable ground for it was shown as the record stood when the causes were removed from the state court." Id. On the basis of the complaint before it, the court concludes that Plaintiffs have plead facts sufficient to establish "colorable" claims against Defendants. Furthermore, there is no evidence in the record to persuade the court that these Defendants were joined in this action solely to defeat federal diversity jurisdiction.

**CONCLUSION**

Accordingly, Plaintiffs' Motion to Remand (#16) is **GRANTED**. This case is remanded to the Second Judicial District Court for the State of Nevada in and for Washoe County.

It is so ORDERED.

This 28th day of February, 2005.

UNITED STATES DISTRICT JUDGE

4