# EXHIBIT 7



FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD
FEB 10
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: MJ    DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALLY HELLMAN, CAROL JELOSEK, DIANA JOHNSON, and SHARON KALVERT,<br><br>Plaintiffs,<br><br>vs.<br><br>WYETH, a Delaware corporation, and its divisions and subsidiaries; WYETH PHARMACEUTICALS INC., a Delaware corporation, and its divisions and subsidiaries; PFIZER INC., a Delaware Corporation, and its divisions and subsidiaries; BARR PHARMACEUTICALS, INC., BARR LABORATORIES, INC., DURAMED PHARMACEUTICALS, INC., SOLVAY PHARMACEUTICALS, INC., previously known as REID ROWELL, INC.; ANNETTE STEPHENS; TRACY LAWYER; JENNIFER JORGENSEN; STEVE TITZER, ANN MARIE MARQUIS; DAVID CARRICO; JULIE BUCHHOLZ; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No.: CV-S-04-1614-RLH (LRL)<br><br>**O R D E R**<br><br>(Motion to Remand-#19) |

Before the Court is Plaintiffs' **Motion to Remand** (**#19**), filed December 17, 2004. The Court has also considered Defendants' Opposition (#27), filed January 3, 2005, as well as the Plaintiffs' Reply (#29), filed January 18, 2005.

1

AO 72
(Rev. 8/82)

31

# BACKGROUND

Plaintiffs assert they suffered personal injuries and damages after being prescribed and ingesting the drug Prempro. Prempro is a prescription drug that is designed as an estrogen hormone replacement therapy for women who are going through menopause. Plaintiffs allege that the drug was placed in the stream of commerce and sold by said Defendant Pharmaceutical Companies as well as their Drug Sales Representatives. By ingesting the drug Prempro, Plaintiffs allege that the drug caused them to develop breast cancer. Plaintiffs originally brought this action in Nevada state district court on July 24, 2004, under seven causes of action including the theories of strict liability, negligence, breach of implied and express warranties, deceit by concealment, and negligent misrepresentation. On November 19, 2004, Defendants removed this action pursuant to 28 U.S.C. §1441. Defendants based removal on diversity of citizenship under 28 U.S.C. §1332. Plaintiffs subsequently brought the instant Motion to Remand on the basis that Defendant Drug Sales Representatives are Nevada residents and, hence, complete diversity does not exist.[1]

After considering the motions, the Court will grant Plaintiffs' Motion to Remand.

# DISCUSSION

Defendants have removed this action on the premise of fraudulent joinder by Plaintiffs. Specifically, Defendants allege Plaintiffs fraudulently joined the individual Defendant Drug Sales Representatives (hereafter Detailer Defendants) in an attempt to destroy diversity and prevent removal. Defendants maintain Plaintiffs do not have any causes of action against Detailer Defendants. In opposition, Plaintiffs allege Defendants have not met the heavy burden to clearly and convincingly demonstrate facts which constitute fraudulent joinder of the Detailer Defendants.

As a preliminary matter, the Court will strictly construe the removal statute against removal jurisdiction. Boggs v Lewis, 863 F.2d 662, 663 (9th Cir. 1988); Takeda v. Northwestern National Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985). Federal jurisdiction must be rejected if

---

[1] Plaintiffs mistakenly believed that Defendant Jennifer Jorgensen was a resident of Nevada when, in actuality, Defendant Jorgensen is a resident of Washington.

2

AO 72
(Rev. 8/82)

1  there is any doubt as to the right of removal in the first instance. <u>Libhart v Santa Monica Dairy
2  Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979).

3           Due to the large number of cases concerning hormone replacement therapy (HRT)
4  that have come about in Nevada and other states and their subsequent removal to federal court, a
5  review of the strict requirements that must be met for fraudulent joinder in this Circuit is
6  appropriate. The Ninth Circuit has defined fraudulent joinder as occurring when "the plaintiff fails
7  to state a cause of action against a resident defendant, and the failure is obvious according to the
8  settled rules of the state...." <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998)
9  (quoting <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987)). A removing
10  party always has the burden of establishing that removal is proper, <u>see</u> <u>Gaus v Miles, Inc.</u>, 980
11  F.2d 564, 566 (9th Cir. 1992), and courts resolve doubts as to removability in favor of remand, <u>see</u>
12  <u>id.</u>; <u>see also</u> <u>Dodson v Spiliada Maritime Corp.</u>, 951 F.2d 40, 42-43 (5th Cir. 1992) (holding that
13  disputed questions of fact and all ambiguities in state law must be resolved in favor of the
14  nonmoving party). As indicated by the cited cases, Defendants must meet a heavy burden in
15  showing fraudulent joinder of Detailer Defendants has taken place, and remand is appropriate if
16  there is any "colorable" claim that exists under state law against Detailer Defendants. <u>See</u>
17  <u>McCabe</u>, 811 F.2d 1336.

18           The case of <u>Davis v. Prentiss Properties Ltd., Inc.</u> offered an extensive analysis of
19  fraudulent joinder in the Ninth Circuit and how other Circuits have addressed the issue. 66 F.
20  Supp.2d 1112 (C.D. Cal. 1999). As the <u>Davis</u> court held and the Fifth Circuit noted, the burden
21  on Defendant to show that Plaintiff failed to state a cause of action against a resident non-diverse
22  Defendant is a "heavy one." <u>Id.</u> (<u>see</u> <u>Green v Amerada Hess Corp.</u>, 707 F.2d 201, 205 (5th Cir.
23  1983)). "The removing party must prove that there is absolutely no possibility that the plaintiff
24  will be able to establish a cause of action against the in-state defendant in state court, or that there
25  has been outright fraud in the plaintiff's pleadings of jurisdictional facts." <u>Davis</u>, 66 F. Supp.2d at
26  1113 (citing <u>Green</u>, 707 F.2d 201, 205). In another Fifth Circuit case, the court required a

3

AO 72
(Rev. 8/82)

1  compulsory showing "beyond doubt that the plaintiff can prove no set of facts in support of his
2  claim." Keating v Shell Chem. Co., 610 F.2d 328, 333 (5th Cir. 1980). The Davis court also cited
3  a Fourth Circuit decision requiring that the removing party show "[t]hat there is *no possibility* that
4  the plaintiff would be able to establish a cause of action against the in-state defendant in state
5  court...." Davis, 66 F. Supp.2d 1112, 1114 (citing Marshall v Mansville Sales Corp., 6 F.3d 229,
6  232 (4th Cir. 1993) (emphasis in original) (quoting B., Inc., v. Miller Brewing Co., 663 F.2d 545,
7  549 (5th Cir. 1981)). The Davis court also cited an Eleventh Circuit decision which stated that
8  "[i]f there is even a possibility that a state court would find that the complaint states a cause of
9  action against any one of the resident defendants, the federal court must find that joinder was
10 proper and remand the case to state court." Id; Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.
11 1997) (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)). The Davis
12 court's discussion of various other circuits decisions, as well as our own Ninth Circuit cases, ably
13 illustrates that high burden incumbent upon Defendants to show that Plaintiffs have no possible
14 causes of action against Detailer Defendants if Defendants are to successfully establish fraudulent
15 joinder. It is the Court's opinion that Defendants have failed to meet this high burden and the case
16 should be remanded to Nevada state court.

17 In the present action, Defendants must demonstrate that Plaintiffs cannot establish
18 any of the stated causes of actions against Detailer Defendants. The Court is not persuaded by the
19 numerous, non-binding and unreported In re Diet Drug cases cited by Defendants in an effort to
20 illustrate that the Detailer Defendants were fraudulently joined. It is not for this Court to decide
21 whether Plaintiffs will be successful in their cause of action against the Detailer Defendants.
22 Rather, the Court will remand to the state court if there is any "colorable" claim against a non-
23 diverse defendant. See McCabe, 811 F.2d at 1336. The Court finds that Plaintiffs have pled facts
24 sufficient to establish a "colorable" claim against Detailer Defendants under Nevada law.
25 Plaintiffs may have a cause of action against Detailer Defendants for negligent misrepresentation,
26 conspiracy, or breach of implied or express warranties. The determination of the worthiness of

4

1 these causes of actions against the Detailer Defendants could - and should - be made at the State
2 court level. If Defendants find after remand and review by Nevada State District Court that
3 Plaintiffs cannot state a cause of action against Detailer Defendants, then Defendants may renew
4 their petition for removal. Until that time, the merits of the causes of action against Detailer
5 Defendants are to be decided by the Nevada state court under theories of Nevada state law.
6 Consequently, the Court will order that Plaintiffs' Motion to Remand be granted.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (#19) is GRANTED.

Dated: February 10, 2005.

ROGER L. HUNT
United States District Judge