IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570<br><br>**Plaintiffs' Motion to Compel Depositions** |
| This Document Relates to<br>    1:14-cv-06018-RLY-TAB | |

### REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

The Plaintiff's Motion is intended to ensure that the Plaintiff has the opportunity to complete discovery that is relevant to this Bellewether Plaintiff's specific claims and the defenses being asserted against her.  The discovery requested by the Plaintiff is proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties relative access to relevant information, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Rule 26 (b) of the Federal Rules of Civil Procedure.

In their response to Plaintiff's motion, the Cook Defendants' contend that Amended Case Management Order ("CMO") #19 and CMO #20 prohibit the Plaintiff from requesting the depositions at issue.  CMO 19 clearly states "[a]dditional case-specific depositions may be taken by agreement or leave of court upon good cause shown."  Plaintiff's Motion to Compel Discovery clearly establishes a good faith basis for the depositions of: (1) Don Archie; (2) Meg Senker Donley; (3) Dennis Griffin, M.D.; (4) Lykke S. Iversen; (5) Thomas Willads Jensen; (6) Paul Timperman, M.D.; and, (7) Darrell Talbert.[1]

---

[1] Plaintiff's motion included a request for the deposition of Annette Luneborg; however, Cook has now stated that Ms. Luneborg is no longer employed by Cook nor subject to their control.  Under the circumstances, Plaintiff will not continue to seek to compel Cook to produce this witness.  Cook is correct in pointing out that the Plaintiff has

**PLAINTIFF SHOULD BE PERMITTED TO DEPOSE MEG DONLEY AND DON ARCHIE**

Third Amended Case Management Order #4 requires Cook to provide a Defense Fact Sheet ("DFS") that is complete in all respects. Section II (B) of the DFS is devoted to the identification of all "sales representatives, supervisors of sales representatives . . . and all other detail persons who had who had contact with an identified physician or healthcare provider…."[2] In response to this request, Cook stated: "Tamara Clemmer was the sales representative for the relevant *healthcare facility* at the time of implant."[3] [Emphasis added]. The significance of Cook's carefully worded response was not revealed until Ms. Clemmer was deposed and she testified there were actually two representatives who were making sales calls on Ms. Brand's implanting *physician* at the time the filter was placed, Tamara Clemmer and Meg Donley.[4]

Clearly, the intent of CMO #4, CMO #19 and CMO #20 was to give Plaintiff the opportunity to discover not only who was responsible for contacting the Plaintiff's treating physicians about Cook IVC filters but also the content of the information that those representatives provided to said physicians. These CMOs contemplated that the same representatives who had contact with the Plaintiff's implanting physician would be deposed. In Mrs. Brand's case there are two such representatives and the deposition of Ms. Donley is as equally relevant and important to the Plaintiff's ability to properly prepare her case for trial as Ms. Clemmer's deposition. Good cause clearly exists for Plaintiff to be permitted to depose Ms. Donley.

In their response to the Plaintiff's motion, the Cook Defendants claim for the first time that there is some doubt as to whether Don Archie was Ms. Clemmer's sales supervisor at the time Mrs. Brand had her filter implanted. This is in direct conflict with Cook's sworn response to the DFS

---

requested Dr. Paul Timperman's deposition and so, the Plaintiff adds a request that the Court compel his deposition as well.

[2] Exhibit "5", Cook's Third Amended Defendant Fact Sheet at pp. 7-11.
[3] Id. at 8.
[4] Exhibit "6" Sworn Deposition Testimony of Tamara Potter Clemmer, 102:21 to 103; 103:20 to 104:15.

2

which states: "Ms. Clemmer's supervisor during the relevant time period was Don Archie . . . ."[5] Mr. Archie would be knowledgeable with regard to sales information that Cook made available to Ms. Clemmer and Ms. Donley for dissemination to Dr. Rheudasil. He would be knowledgeable regarding the reporting and documentation he received from Ms. Clemmer and Ms. Donley from their contacts with Dr. Rheudasil. Good cause clearly exists for Plaintiff to be permitted to depose Mr. Archie.

### THE PLAINTIFF SHOULD BE PERMITTED TO DEPOSE THE PRINCIPLE INVESTIGATORS COOK RELIED UPON TO INVESTIGATION AND REPORT ON THE ROOT CAUSE OF MRS. BRAND'S FILTER FRACTURE.

The witnesses that the Plaintiff has requested to depose all participated in the complaint investigation performed pursuant to Cook's Quality System Procedure G.QA.6.00. This is a Cook Standard Operating Procedure which applies to all product complaints submitted to Cook.[6] Cook's Quality System Procedure for Complaint Investigation was developed to insure the company was complying with the federal regulations that require Cook to conduct complaint investigations.[7] *See* 21 C.F.R. 820.198. The results of the complaint investigation are shared with various departments including Quality Engineering, Regulatory, Clinical Reviewers, Engineering, Marketing and Operations.[8]

**Lykke Iverson**

Lykke Iversen is the individual Cook selected to lead the root cause investigation regarding Mrs. Brand's filter failure pursuant to G.QA.06.00.[9] According to the Single Complaint Report, Ms. Iversen completed the investigation, was the point of internal communication for the investigation and performed the risk assessment regarding the failure of Mrs. Brand's filter, including an

---

[5] Exhibit "5", Cook's Third Amended Defendant Fact Sheet at p. 8.
[6] Exhibit "9"-Sworn Deposition of Rita Harden (January 22, 2016), pp. 18:21 to 19:4; 47:4 to 49:14 & 55:17 to 16:17; and, Exhibit "10"- G.QA.06.00-Quality System Procedure- Complaint Investigation Cook MDL2570_0025055- MDL2570_0025060.
[7] Exhibit "9"-Sworn Deposition of Rita Harden (January 22, 2016), pp. 47:4 to 49.
[8] *Id*. at 55:17 to 16:17; Exhibit "10"- G.QA.06.00- Quality System Procedure- Complaint Investigation Cook at MDL2570_0025058.
[9] Exhibit "3" Single Complaint Report – PR 38639 - CookMDL2570_0100622.

3

evaluation of the company's "design Failure Mode Effects and Criticality Analysis" and a review of 81 other IVC filter complaints. The Plaintiff should be permitted to examine Ms. Iversen regarding the data that was used to conduct this investigation, the methodology applied to the investigation, and validity of the conclusions reached by the investigation. This is not a generic request for the deposition of witness with a general knowledge of common facts. Ms. Iversen was Cook's lead investigator with regard to failure of the filter at issue in this Bellewether case. Good cause clearly exists for Plaintiff to be permitted to depose Ms. Iversen.

### Thomas W. Jensen

Mr. Jensen is a Product Manager at Cook who assisted Ms. Iversen with her root cause investigation into the failure of Mrs. Brand's Celect filter.[10] He, like Ms. Iversen, was chosen by Cook to participate in the company's analysis of the very event which forms the basis for this trial. According to the Single Complaint Report, Mr. Jensen's participation in this investigation began as early as August 9, 2011 and continued through at least October 24, 2014. The Plaintiff should be permitted depose Mr. Jensen as to the nature of his participation, the information he reviewed, and any input he had into the root cause analysis. Good cause clearly exists for Plaintiff to be permitted to depose Mr. Jensen.

### Darrell Talbert

Section II(A)(2) of the DFS required Cook to identify "each of the Defendants' employees who had contact with the healthcare providers".[11] Darrell Talbert flew to Georgia and met with Dr. Rheudasil, Mrs. Brand's implanting physician. This meeting occurred within a week of Cook being notified that her filter had fractured. The meeting occurred before Dr. Rheudasil discussed his proposed care plan with Mrs. Brand. The Cook Defendants never identified Mr. Talbert as having

---

[10] *Id*. at CookMDL2570_0100621.
[11] Exhibit "5", Cook's Third Amended Defendant Fact Sheet at p. 4.

had contact with Dr. Rheudasil in response to the DFS.[12] Clearly the Plaintiff has a right to depose the Cook employee with regard to the discussion he had with Mrs. Brand's implanting physician regarding her failed Celect filter. Good cause clearly exists for Plaintiff to be permitted to depose Darrel Talbert.

### Paul Timperman, MD

Paul Timperman, MD, is a physician who participated in the review of Mrs. Brand's radiological studies and submitted a report whose findings were incorporated into the Single Complaint Report[13]. The Plaintiff should be permitted to depose Dr. Timperman regarding the images he reviewed, his interpretation of those images, his conclusions and the basis of his conclusions as all of this information is relevant and was provided in the regular course of Cook's business. Good cause clearly exists for Plaintiff to be permitted to depose Dr. Timperman.

### THE PLAINTIFF SHOULD BE PERMITTED TO DEPOSE THE DENNIS GRIFFIN, M.D., AND THE COURT SHOULD COMPEL PRODUCTION OF DR. GRIFFIN'S REPORTS.

The burden rests with the Cook Defendants to prove that Dr. Griffin's work and work product was used solely in anticipation of litigation. "A document or tangible thing is gathered in anticipation of litigation if the document or tangible thing can fairly be said to have been prepared or obtained because of the prospect of litigation and not, even though litigation may already be a prospect, because it was generated as part of the company's regular operating procedure." *DeMoss Rexall Drugs v. Dobson*, 540 N.E.2d 655, 658 (Ind. Ct. App. 1989).

As demonstrated above, the Single Complaint Report was generated by Cook in the regular course of business. By incorporating Dr. Griffin's name, findings and opinions into the Single Complaint Report and making the report available to a variety of departments within Cook and its

---

[12] *Id.*

[13] *Id.* at CookMDL2570_0100609; and, Exhibit "11" – "PR38639 Brand Timperman's revised review.msg," CookMDL2570_0813263 – CookMDL2570_0813266.

affiliated companies, it is clear that Cook did not consider Dr. Griffin's work or work product to have been generated in anticipation of litigation.[14]

Further, the Single Complaint Report has been produced to the Plaintiff's counsel pursuant to the court ordered disclosure under CMO #4.  It is clear that Dr. Griffin's evaluation of Mrs. Brand's medical records and radiological images and his opinions regarding the failure of her filter are not protected by Rule 26(b)(4)(D).  *See White v. Electrolux N. Am., Inc*., 2014 U.S Dist. 47532 (N.D. Ill. April 7, 2014) at *6-7 [holding that the concept of waiver is applicable to Rule 26(b)(4(D)].

> Since work product can be waived, *United States v. Nobles,* 422 U.S. 225, 239-240, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975), it follows that so too can that which is but a component of it. And since bars to disclosure like the work-product doctrine interfere with the public's right to obtain evidence, they are to be strictly construed, *e.g., Trammel v. United States,* 445 U.S. 40, 50, 100 S. Ct. 906, 63 L. Ed. 2d 186 (1980); *In re Grand Jury Subpoenas,* 318 F.3d at 384, and "confined within the narrowest possible limits underlying [their] purpose." *United States v. Goldberger & Dubin, P.C.,* 935 F.2d 501, 504 (2d Cir.1991).

*Id.*  Good cause clearly exists for Plaintiff to be permitted to see the reports Cook attached to the Single Complaint Report for Tonya Brand and to depose Dr. Griffin.

In addition, Plaintiff cannot obtain copies of the reports written by Dr. Griffin and included within the Single Complaint Report from any source other than Cook and Dr. Griffin is the sole source of any information regarding his review of Mrs. Brand's medical records and radiology studies.  Dr. Griffin is the only one who can explain the methodology he used to reach his opinions.  Dr. Griffin's work and opinions are directly related to Plaintiff's claims and the Defendants' defenses in this cause of action.  The Plaintiff should be permitted to review the reports that were made a part of the Single Complaint Report and conduct Dr. Griffin's deposition pursuant to Rule 26(b)(4)(D)(ii) of the Federal Rules of Civil Procedure. *See Polyone Corp. v. Lu*, 2016 U.S. Dist. 73674 (N.D. Ill. May 25, 2016) at *4-5.

---

[14] Exhibit "3" Single Complaint Report – PR 38639, CookMDL2570_0100617 – CookMDL2570_0100618.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order compelling the Cook Defendants to produce CookMDL2570_1302695 and CookMDL2570_1302696 and which compels the Cook Defendants to produce the following witnesses for deposition: (1) Don Archie; (2) Meg Senker Donley; (3) Dennis Griffin, M.D.; (4) Lykke S. Iversen; (5) Thomas Willads Jensen; (6) Paul Timperman, M.D.; and, (7) Darrell Talbert.

Dated:  January 27, 2018

                   Respectfully Submitted,

                   */s/ Joseph N. Williams*
                   Joseph N. Williams, Atty. No. 25874-49
                   Riley Williams & Piatt, LLC
                   301 Massachusetts Avenue
                   Indianapolis, IN 46204
                   Telephone: (317) 633-5270
                   Facsimile: (317) 426-3348
                   Email: jwilliams@rwp-law.com

                   *Liaison Counsel to Plaintiffs' Steering Committee*
                   *and on behalf of Plaintiffs' Steering Committee*

                   */s/ Michael W. Heaviside*
                   Michael W. Heaviside, Esq.
                   Heaviside Reed Zaic, A Law Corporation
                   910 17th Street NW, Suite 800
                   Washington, DC 20006
                   Telephone: (202) 233-1993
                   Email: mheaviside@hrzlaw.com

                   */s/ Ben C. Martin*
                   Ben C. Martin, Esq.
                   Law Office of Ben C. Martin
                   3710 Rawlin Street, Suite 1230
                   Dallas, TX 75219
                   Telephone: (214) 761-6614
                   Facsimile: (214) 74407590
                   Email: bmartin@bencmartin.

                   */s/ David P. Matthews*
                   David P. Matthews, Esq.

                                             Matthew and Associates
                                             2509 Sackett St.
                                             Houston, TX 77098
                                             Telephone: (713) 522-5250
                                             Facsimile: (713) 535-7184
                                             Email: dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of January 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                       */s/ Thomas Wm. Arbon*
                                                       Thomas Wm. Arbon