IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Cause No.    1:14-cv-06018-RLY-TAB (Tonya Brand)

## THE COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

The Court should grant Defendant William Cook Europe ApS ("WCE") summary judgment on all claims against it in this action because Plaintiff did not assert those claims until after the relevant statute of limitations had run.  (This motion is directed *only* at Plaintiff's claims against WCE, and does not affect Plaintiff's claims against any other Cook defendant.)

Georgia imposes a two-year statute of limitations on personal injury claims.  The Complaint and Plaintiff's sworn testimony establish that Plaintiff's cause of action against WCE accrued at the latest on July 14, 2011, but she did not commence any action against WCE until August 27, 2013, well over two years later.  Plaintiff's claims against WCE therefore fail as a matter of law, and WCE is entitled to summary judgment on all of Plaintiff's claims against it.

### RELEVANT FACTS

On March 19, 2009, Plaintiff Tonya Brand was implanted with a Cook Celect Filter. Pls.' Compl. at Law for Money Damages and Demand for Jury Trial (hereafter "Pls.' Renewed Compl.") at ¶ 24 (Doc. #1).  On or about May 7, 2011, Plaintiff began to experience pain on the inside of her right thigh.  *Id*. at ¶ 25.  An ultrasound taken the following day revealed "an object

about the size of a toothpick" in the painful area located in her right thigh. *Id.* at ¶ 26. On or about June 17, 2011, Plaintiff pressed upon a protrusion in her right thigh, causing a 1.5-inch metal wire to pierce through her skin. *Id.* at ¶ 27. *See also* T. Brand Dep. 114:14-118:2, Dec. 10, 2015 (Ex. A) (testifying that she pulled the wire out of her leg on or about June 20, 2011). Plaintiff testified that she immediately knew the wire was a piece of the filter. *See id.* at 117:8-11 ("I mean, once I saw it, I knew exactly what it was. . . . I knew it was a piece of the filter."). On or about June 28, 2011, Plaintiff underwent x-rays "to examine the Cook Celect Filter." Pls.' Renewed Compl.¶ 28. The x-ray report stated that a "second strut had broken from the Cook Filter and migrated to a spot near Plaintiff's spine." *Id.* Surgical removal of the filter was attempted on July 14, 2011, but was unsuccessful. *Id.* at ¶ 29.

On May 1, 2013, Plaintiffs Tonya and Allen Brand commenced this action by filing a complaint naming three defendants—Cook Medical Incorporated a/k/a Cook Medical, Inc., Cook Incorporated, and Cook Group, Inc.—in the United States District Court for the Northern District of Georgia. *See* Compl. at Law for Money Damages and Demand for Jury Trial (hereafter "Compl.") (Case No.: 1:13-cv-01469-SCJ; Doc. #1). Plaintiffs did ***not*** name William Cook Europe ApS ("WCE") as a defendant in that original complaint. *See id.*

On August 27, 2013, Plaintiffs filed a First-Amended Complaint that added WCE as a defendant in addition to the existing defendants. *See* Pls.' First-Am. Compl. at Law for Money Damages and Demand for Jury Trial (hereafter "Am. Compl.") (Case No.: 1:13-cv-01469-SCJ; Doc. #16). On that same date, Plaintiffs sent a Notice of a Lawsuit and Request to Waive Service of a Summons to William Cook Europe ApS via e-mail and certified mail. *See* Letter from Russell T. Button to Douglas B. King and Kip S. McDonald (Aug. 27, 2013) (Ex. B).

Defendants, including WCE, filed their Answer to Plaintiffs' First-Amended Complaint on September 10, 2013. Cook Defs.' Answer to Pls.' First-Am. Compl. at Law for Money Damages and Demand for Jury Trial (Case No.: 1:13-cv-01469-SCJ; Doc. #18). In that Answer,

2

Defendants affirmatively asserted that "Plaintiffs' claims [were] barred by any applicable statute of limitations or statute of repose." *Id.* at 11.

On May 21, 2014, the parties filed a Joint Stipulation to dismiss without prejudice "all claims by the parties." Joint Stip. of Dismissal Without Prejudice (Case No.: 1:13-cv-01469-SCJ; Doc. #30). The Court dismissed the matter on May 22, 2014. *See, e.g.*, Pls.' Renewed Compl. at ¶ 2.

On November 11, 2014, Plaintiffs refiled their suit against the same Defendants, including WCE, in the United States District Court for the Northern District of Georgia. *See generally* Pls.' Renewed Compl (Case 1:14-cv-03669-SCJ; Doc. #1). In this re-filing, Plaintiffs stated that the case was "a renewal action pursuant to O.C.G.A. § 9-2-61 of case number 1:13-CV-1469." *Id.* at ¶ 2.

On December 2, 2014, this matter was transferred to the United States District Court for the Southern District of Indiana for inclusion in MDL No. 2570. Conditional Transfer Order (Case 1:14-cv-03669-SCJ; Doc. # 4); Pls.' Unopposed Mot. To Dismiss Allen Brand's Claims in the Above-Referenced Matter at ¶ 1 (Case No.: 1:14-cv-06018-RLY-TAB; Doc. #187).

On October 7, 2016, Plaintiffs moved to dismiss Plaintiff Allen Brand's claims against Defendants. *Id.* at ¶ 3. Four days later, on October 11, 2016, the Court dismissed Plaintiff Allen Brand's claims. Order Granting Pls.' Unopposed Mot. to Dismiss Allen Brand's Claims (Case No.: 1:14-cv-06018-RLY-TAB; Doc. #189). Plaintiff Tonya Brand's claims were not affected by the dismissal of Allen Brand's claims.

# ARGUMENT

**DEFENDANT WILLIAM COOK EUROPE ApS IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF'S CLAIMS AGAINST IT ARE TIME-BARRED.**

### A. The Applicable Legal Standards.

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant a summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. *See In re Bridgestone/Firestone Inc. ATX ATX II, Wilderness Tires Prod. Liab. Litig.*, No. IP00-1373-C-B/S, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we must look to state law in deciding all matters of substance, including the operation of the relevant statute of limitations.") (citing *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002)).

Georgia law governs the merits of Plaintiff's claims.[1] Under Georgia law, "actions for injuries to the person shall be brought within two years after the right of action accrues." Ga.

---

[1] According to her Short-Form Complaint, Plaintiff lived in Georgia at the time of the placement of her Celect filter, the filter was placed in Georgia by a Georgia physician, and Plaintiff still lives in Georgia. *See* Short-Form Compl. at 1-2 (Dkt. 688 in Case No. 1:14-ml-2570-RLY-TAB). Georgia law thus applies to this matter. *See Jaurequi v. John Deere Co.*, 986 F.2d 170, 172 (7th Cir. 1993) ("The district court, as a transferee court sitting in diversity, is obligated to apply the choice-of-law rules followed by the transferor court"); *Dowis v. Mud Slingers, Inc.*, 621 S.E.2d 413, 414 (Ga. 2005) (Georgia's choice-of-law analysis follows the traditional rule of

Code Ann. § 9-3-33 (West 2017). *See also Smith, Miller & Patch v. Lorentzson*, 327 S.E.2d 221, 222 (Ga. 1985) (product liability claims involving an injury to the person are subject to Ga. Code Ann. § 9-3-33's two-year statute of limitations); *Daniel v. Am. Optical Corp.*, 304 S.E.2d 383, 385 (Ga. 1983) (two-year statute of limitations applies to personal injury claims, irrespective of the legal theory underlying the claim for relief); *Adair v. Baker Bros.*, 366 S.E.2d 164, 165 (Ga. Ct. App. 1988) (two-year personal injury statute applied in personal injury action involving claims for breach of express and implied warranty). A personal injury action accrues when the plaintiff knows or through the exercise of reasonable diligence should have discovered the nature of her injury and the cause of that injury. *King v. Seitzingers, Inc.*, 287 S.E.2d 252, 255 (Ga. Ct. App. 1981).

**B.    Georgia's Statute of Limitations Bars Plaintiff's Claims Against WCE.**

Applying the Georgia statute of limitations to Plaintiff's claims against WCE here, those claims fail as a matter of law. Plaintiff reasonably understood that she had suffered an injury that she specifically attributed to her Celect Filter not later than July 14, 2011. Plaintiff reported pain in her right thigh in May 2011. In mid-June 2011, she physically removed a piece of metal from her right thigh, which she immediately "knew . . . was a piece of the filter." T. Brand Dep. 117:8-11. Within days, medical professionals examined Plaintiff and her Celect filter and concluded (according to Plaintiff) that a "second strut had broken from the Cook Filter and migrated to a spot near Plaintiff's spine." Pls.' Renewed Compl.¶ 28. Doctors attempted to remove the detached strut on July 14, 2011, but were unable to do so. *Id.* at ¶ 29. Based on these undisputed facts from Plaintiff's own Complaint and sworn testimony, Plaintiff's cause of action accrued not later than July 14, 2011.

---

*lex loci delicti*, which means that "a tort action is governed by the substantive law of the state where the tort was committed.").

5

Based on an accrual date of July 14, 2011, Georgia's two-year statute of limitations for personal injury claims required Plaintiff to commence any action against WCE by July 13, 2013. *See* Ga. Code Ann. § 9-3-33. She failed to do so. Instead, she waited until August 27, 2013—more than six weeks after the statute of limitations had run—to commence her action against WCE through the filing of her First Amended Complaint adding WCE as a defendant. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *Moore v. State of Ind.*, 999 F.2d 1125, 1129 (7th Cir. 1993) (under Rule 3, "the filing of a complaint commences a civil action, and thus it is this act that tolls the running of the statute of limitations").

Plaintiff's addition of WCE as a new defendant in an existing case does not make the commencement date as to WCE relate back to the original commencement of the action against the other defendants. Plaintiff "commenced" her action as to WCE when she filed a pleading naming WCE as a defendant, and that occurred on August 27, 2013. *See Cannon v. Metcalfe*, 458 F. Supp. 843, 847 (E.D. Tenn. 1977) ("An action is commenced as against additional party defendants named in an amended complaint as of the date of the filing of the amended complaint"); *Chladek v. Sterns Transp. Co.*, 427 F. Supp. 270, 275–76 (E.D. Pa. 1977) (holding that action against defendant who is added to existing action by amended complaint is "commenced" as to added defendant at the time plaintiff files the amended complaint). That filing was more than two years after her claimed cause of action accrued, and Georgia's statute of limitations therefore bars Plaintiff's claims against WCE as a matter of law. *See, e.g.*, *Daniel*, 304 S.E.2d at 385 ("The personal injury occurred on January 4, 1978, yet the complaint was not filed until May 21, 1981, more than two years after the cause of action accrued. Consequently, this complaint for damages for personal injury, brought under a theory of strict liability, was not timely filed.") (internal references omitted).

Nor does this action's status as a renewal action brought under Ga. Code Ann. § 9-2-61 alter this result or save Plaintiff from the consequences of her late filing against WCE. Under the

renewal statute, the six-month period within which a plaintiff may recommence a previously dismissed case applies *only* to those cases (whether in state or federal court) that were originally commenced "within the applicable statute of limitations." Ga. Code Ann. § 9-2-61(a). *See also Cotton v. NationsBank, N.A*, 548 S.E.2d 40, 41 (Ga. Ct. App. 2001) (affirming summary judgment in a renewal action where the plaintiff's original complaint was not filed within the applicable statute of limitations period). Here, Plaintiff failed to commerce her original cause of action against WCE within the two-year statute of limitations period. Thus, as in *Cotton*, Plaintiff's claims against WCE are time-barred, and "[t]he renewal statute does not change the result." *Cotton*, 548 S.E.2d at 41.

## CONCLUSION

Plaintiff failed to bring suit against Defendant William Cook Europe ApS within the applicable two-year statute of limitations period. Accordingly, Defendant William Cook Europe ApS is entitled to summary judgment on all of Plaintiff's claims against it.

Respectfully Submitted,

Dated:   January 29, 2018

/s/Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
Bruce Jones (admitted *pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

US.115667890.10

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Andrea Roberts Pierson