UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates:
*Brand v. Cook Medical, Inc., et al.*
Case No. 1:14-cv-06018-RLY-TAB

## DECLARATION OF ANDREA ROBERTS PIERSON IN SUPPORT OF THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Andrea Roberts Pierson, declare as follows:

1. I am over 18 years of age and have personal knowledge of the facts and representations set forth in this declaration and am competent to make this declaration.

2. I am one of the attorneys at the law firm of Faegre Baker Daniels LLP, representing William Cook Europe ApS in this matter.

3. Attached as Exhibit A is a true and correct copy of a portion of the deposition transcript of Plaintiff Tonya Brand, taken December 10, 2015.

4. Attached as Exhibit B is a true and correct copy of a Letter from Russell T. Button to Douglas B. King and Kip S. McDonald, dated August 27, 2013.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of January 2018, at Indianapolis, Indiana.

*/s/ Andrea Pierson*
Andrea Roberts Pierson

# EXHIBIT A

```
 1            IN THE UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF INDIANA
 2                   INDIANAPOLIS DIVISION

 3

 4   _____

 5   IN RE:  COOK MEDICAL, INC.,
     IVC FILTERS MARKETING,           Case No. 1:14-ml-2570-RLY-TAB
 6   SALES PRACTICES AND PRODUCTS                   MDL No. 2570
     LIABILITY LITIGATION
 7   _____

 8   This Document Relates to:
         1:14-cv-06018-RLY-TAB
 9   _____

10

11                 VIDEOTAPED DEPOSITION OF

12                        TONYA BRAND

13

14                     December 10, 2015

15                        9:23 a.m.

16
                  Renaissance Concourse Atlanta
17                 Airport Hotel, Gatwick Room
                    1 Hartsfield Center Pkwy
18                      Atlanta, GA 30354

19

20   DENISE MARIE STEWART, RPR, CCR 5780-1830-9308-4160

21                         - - -

22
                   STEWART RICHARDSON & ASSOCIATES
23                Registered Professional Reporters
                         One Indiana Square
24                          Suite 2425
                       Indianapolis, IN 46204
25                        (317)237-3773
```

```
1   subsided, but it just never went away and I went and saw
2   him several times and --
3       Q.   Okay.  Did he indicate to you -- did he figure
4   out why you were having that pain in the upper thigh of
5   your right leg?
6       A.   He ended up doing a [sic] sound.
7       Q.   Okay.  What did the -- what did the ultrasound
8   show?  What do you remember it showing?
9       A.   That there was something in my leg and he was not
10  sure what it was.
11      Q.   Okay.  And that -- okay.  Is that -- was there
12  ultimately a determination made of what that was?  Is that
13  the piece -- the filter?
14      A.   Yes, sir.  That came out approximately June the
15  20th.
16      Q.   June the 20th of 2011?
17      A.   Yes, sir.
18      Q.   Okay.  When you say "that," do me a favor.  Pull
19  it out of the bag and hold it up, so we know which it is
20  that came out on June 20, 2011.
21      A.   (Indicating.)
22          MR. KING:  Okay.  Can you focus in on that,
23  Mr. Cameraman?
24          THE VIDEOGRAPHER:  Yes, sir.
25          MR. KING:  Thank you very much.
```

```
 1              THE WITNESS:  (Indicating.)
 2              MR. KING:  Okay.  And this is the --
 3              THE WITNESS:  Did you get this?
 4              THE VIDEOGRAPHER:  Yes, ma'am.
 5              MR. KING:  Okay.  Can I borrow that for a second
 6     here?
 7              Am I correct that this is about -- looks like
 8     just under 4 centimeters long?
 9              MR. ARBON:  Might have to take it from him.
10              MR. KING:  Yeah.  Go ahead and take it.
11              THE WITNESS:  Yes, sir.
12              MR. KING:  Okay.  Can you hold that up with
13     the -- my ruler so the cameraman can see it?
14              THE VIDEOGRAPHER:  Could you tilt it forward a
15     little bit?
16              MR. KING:  There you go.
17              THE VIDEOGRAPHER:  Okay.
18        Q.    (BY MR. KING)  Careful.  Hold it up a little bit
19     so there is a separation --
20        A.    Between the two?
21        Q.    Yeah.  Just so --
22        A.    How's that?
23              MR. ARBON:  I don't know if that's -- whoa.
24              MR. KING:  Okay.
25              THE VIDEOGRAPHER:  Okay.
```

```
 1      Q.   (BY MR. KING)  So that's the piece that came out
 2  of your leg?
 3      A.   Correct.
 4      Q.   All right.  Tell me about that.  Tell me how that
 5  happened.
 6           THE VIDEOGRAPHER:  Got it.
 7      Q.   (BY MR. KING) Okay.  What were you doing?  Where
 8  were you and tell me about how that happened?
 9      A.   Well, for about two -- excuse me.  For about two
10  weeks the pain, you know, was there.  And whenever I would
11  sit down, I would -- I could feel it because, I mean, it
12  was just right there at the skin and I would, you know,
13  sit there and mess with it.  And it felt just like a tooth
14  pick --
15      Q.   Okay.
16      A.   -- because I could tell it was sharp on both
17  ends.  And so I would just, you know, kind of manipulate
18  it and just mess with it, because it was driving me crazy.
19      Q.   Uh-huh.
20      A.   So like I said, on the -- I think it was about
21  the 20th, I was walking through the kitchen and I had on
22  some shorts and I felt something hit my left leg and I was
23  like, what in the world was that?  So I rubbed my hand on
24  my right thigh and it was sharp like a piece of glass.  So
25  I sat down and there was something protruding out of my
```

```
 1  thigh.
 2       Q.   Okay.
 3       A.   And so I got Tyler, my son, to come and look at
 4  it and we pulled it.  I mean, it just slid right out.
 5       Q.   Pulled it out, like someone might pull a sliver
 6  out of your finger, that kind of thing?
 7       A.   Correct.
 8            I mean, once I saw it, I knew exactly what it
 9  was.
10       Q.   Okay.  What did -- what did you believe it was?
11       A.   I knew it was a piece of the filter.
12       Q.   Okay.  And before that, and you say this -- you
13  began to feel the pain on May, the birthday party day,
14  which was May --
15       A.   Seventh.
16       Q.   Seventh.  Okay.  And then is the 20th is when it
17  came out?
18       A.   Around that area.
19            MR. ARBON:  Could we be clear?
20            MR. KING:  What's that?
21            MR. ARBON:  About the dates.
22            MR. KING:  Yeah.  She said she began to notice
23       this, the severe pain that she said was like
24       lightening was on May the 8th 2011 and June the 20th,
25       2011 is when it came out.
```

```
 1      Q.   (BY MR. KING)   Is that the correct sequence?
 2      A.   Yes, sir.
 3      Q.   Okay.  Thank you.
 4           And you said your son Tyler was present and he'd
 5   actually helped pull it out?
 6      A.   Yes, sir.
 7      Q.   Okay.  What did you do after that?
 8      A.   Me and my husband went to Eastside Medical
 9   Center.
10      Q.   And that would be, what, June 17th, I think it
11   says, somewhere around in there, 17th or 20th?
12      A.   It would be somewhere in there.
13      Q.   Okay.  And then what did they do for you?  What
14   did --
15      A.   They were just astounded.  They really didn't
16   understand what the IVC filter was and I had to explain it
17   to them.  And they did blood work.
18      Q.   Okay.
19      A.   And she told me I needed to follow up with the
20   doctor.
21      Q.   And did you follow-up with Dr. Rheudasil?
22      A.   Dr. Levine again.
23      Q.   Levine.  Okay.
24      A.   Levine.  Yes, sir.
25      Q.   And -- okay.  Let me ask this.  After it came
```

# EXHIBIT B

LAW OFFICES OF
**BEN C. MARTIN, LLP**
3219 McKINNEY AVENUE, SUITE 100
DALLAS, TEXAS 75204

BEN C. MARTIN
BOARD CERTIFIED:
PERSONAL INJURY TRIAL LAW
CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

RUSSELL T. BUTTON

TELEPHONE
(214) 761-6614

FACSIMILE
(214) 744-7590

August 27, 2013

*VIA EMAIL*
*& CMRRR: 7011 2000 0001 8734 5740*
Douglas B. King
Kip S. McDonald
Wooden & McLaughlin LLP
One Indiana Square, Suite 1800
Indianapolis, Indiana 46204

Re: Case No. 1:13-CV-1469; Tonya Brand, et al. V. Cook Medical Incorporated, et al.; USDC for the Northern District of Georgia, Atlanta Division.

Dear All:

I am enclosing the following documents for the above referenced case:

1. *Plaintiffs' First-Amended Complaint at Law for Money Damages and Demand for Jury Trial.*

2. *Plaintiffs' First Request for Production of Documents to Defendant Cook Medical Incorporated.*

3. Pursuant to F.R.C.P. 4(d) and 4(h), enclosed please find a copy of the filed First-Amended Complaint and two copies of a Notice of Lawsuit and Waiver of Service for the above-captioned action. Within thirty days, please sign and return one of the Waivers in the enclosed envelope. Failure to do so can result in the court imposing expenses of service and reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

If you have any questions or concerns, please contact me immediately.

Sincerely,

Russell T. Button

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | |
|---|---|
| Tonya Brand, et al., <br> *Plaintiff* <br> v. <br> Cook Medical Incorporated, et al., <br> *Defendant* | Civil Action No. 1:13-cv-1469 |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: William Cook Europe APS

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 08/27/2013

/s/ Russell T. Button
*Signature of the attorney or unrepresented party*

Russell T. Button
*Printed name*

3219 McKinney Avenue, Suite 100
Dallas, TX 75204
*Address*

rbutton@bencmartin.com
*E-mail address*

214-761-6614
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Tonya Brand, et al, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:13-cv-1469 |
| Cook Medical Incorporated, et al., | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Russell T. Button
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____08/27/2013_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

William Cook Europe APS
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

Tonya Brand, et al, )
*Plaintiff* )
v. ) Civil Action No. 1:13-cv-1469
Cook Medical Incorporated, et al., )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: Russell T. Button
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____08/27/2013_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                                                                                  *Signature of the attorney or unrepresented party*

_____William Cook Europe APS_____
*Printed name of party waiving service of summons*
                                                                                                   *Printed name*

                                                                                                       *Address*

                                                                            *E-mail address*

                                                                            *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.