UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND     Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION         MDL No. 2570

_____

This Document Relates to Plaintiff

     *Tonya Brand*
     No. 1:14-cv-06018-RLY-TAB

_____

**THE COOK DEFENDANTS' EXIGENT MOTION FOR**
**ENLARGEMENT OF FEBRUARY 5, 2018 DEPOSITION DEADLINE**

The Cook Defendants[1] respectfully move this Court for an exigent order enlarging by 28 days the Court's February 5, 2018, deadline for the depositions of the treating physicians of Plaintiff Tonya Brand ("Plaintiff") and case-specific depositions. In support of this motion, the Cook Defendants state as follows:

    1.    Plaintiff's Short Form Complaint alleges that a Celect filter implanted on March 19, 2009, was implanted in a defective and unreasonably dangerous condition. Master Compl. ¶¶ 54, 68, 69, 70, 72, 73; Short Form Compl. [Dkt. 688]. Plaintiff Tonya Brand alleges that the Cook Defendants are liable to her for damages that include her filter retrieval through an open procedure, emotional distress, pain after her filter was placed, and pain that she allegedly continues to experience when she performs many household and personal care activities even after her filter retrieval. Ex. A, Pl. Profile Form and Pl. Fact Sheet at pp. 3, 16-17, June 2, 2017.

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS. All references to the "Cook Defendants" refer to all three entities unless otherwise noted.

US.116130506.02

1

2. Beginning on or before June 2017, the Cook Defendants began attempting to schedule the depositions of Plaintiff's treating physicians. While the parties were engaged in the trial of the *Hill* matter in the Fall of 2017, no depositions were scheduled or took place in *Brand*, but the Cook Defendants' efforts to schedule the depositions of Plaintiff's treating physicians resumed in December 2017 and have continued diligently since that time.

3. As Plaintiff noted in her recently-filed Motion to Compel (Dkt. 7551), treating physician depositions in these matters are extremely difficult to schedule. [Dkt. 7551 at p. 9.] The Cook Defendants agree. Despite substantial efforts to identify dates upon which a portion of Plaintiff's treating physicians are available for deposition, there are multiple physicians with relevant information regarding the care and treatment of Plaintiff for conditions related to her claims in this case who have not yet provided dates for deposition. Indeed, much like the *Hill* matter in which the parties moved for (and received) enlargements of the deadline to obtain treating physician depositions due to the unavailability or lack of responsiveness of the physicians, here – for the same reasons – the parties require more time to obtain the depositions of certain physicians who treated Plaintiff. *See* Dkt. 5380, Granting in Part Dkt. 5062 regarding extending deadlines in *Hill* and *Gage*.

4. At present, only one physician who cared for Plaintiff (Dr. Thomas Morrison) has provided a date on which he will be deposed prior to the current deadline, and his deposition will be taken on January 30, 2018.[2] A second physician, Dr. Gurudatt Setty, Plaintiff's most recent pain physician, is not available for deposition until February 6, 2018 – after the Court's current deadline.

---

[2] This is the only deposition that Plaintiff herself has coordinated and noticed. Otherwise, the Cook Defendants have taken the lead on contacting and noticing the other depositions of Plaintiff's treating physicians.

US.116130506.02

5.      Additionally, a significant portion of Plaintiff's claims against Cook are her allegations that her filter caused her pain before, during and after retrieval, and that filter fragments present following the filter retrieval continue to cause her debilitating pain and emotional distress.  Plaintiff also claims to have suffered (and alleges she will continue to suffer) emotional distress related to her filter.  As a consequence, the Cook Defendants have attempted to schedule to no avail the following physicians who treated Plaintiff for conditions she alleges were caused or exacerbated by her Celect filter:  Dr. Frederick Yilling, Plaintiff's pain physician from November 2010-October 2013; Dr. Scott Keller, Plaintiff's primary care physician; Ceree Dalton, Plaintiff's mental health counselor; Dr. Keith Robinson, Plaintiff's pain physician from February 2007-September 2010; and Dr. Richard Reisman, Plaintiff's pain physician from November 2001-December 2015.  The Cook Defendants have served each of those physicians with a subpoena for deposition, but undoubtedly many of them will require that the depositions be rescheduled upon receipt of the subpoenas given the demands of medical practice.  Furthermore, Ms. Dalton and Dr. Reisman are retired, and no longer have access to Plaintiff's medical records; their retirement status was only discovered during the course of attempting to schedule their depositions.

6.      Other key treating physicians who cared for Plaintiff during the relevant time frame related to her filter and allegations of damages have yet to provide dates for deposition.  For example, Dr. Mark Rheudasil, the vascular surgeon who placed and removed Plaintiff's Celect filter has not yet been deposed, and is unavailable for deposition until a date after February 5, 2018.

7. In addition, the Cook Defendants requested dates for the deposition of Mr. Tyler Brand, Plaintiff's son whom she alleges observed certain of Plaintiff's damages, but to date Plaintiffs have not yet provided a date upon which Mr. Brand will be available for deposition.

8. The current deadline for case specific fact discovery and treating physician depositions is February 5, 2018. Second Amended Case Management Order No. 19, Exhibit C [Dkt. 5889-3].

9. The Cook Defendants require additional time to depose the treating physicians who cared for Plaintiff and Mr. Tyler Brand. Therefore, the Cook Defendants respectfully request that the date for Case Specific Fact Discovery and Treating Physician discovery be enlarged 28 days to March 5, 2018.

10. Enlarging the deadline as requested, to and including March 5, 2018, will not impact any other deadlines in the Court's schedule, and it will not unfairly prejudice Plaintiff in any respect. *See* Second Amended Case Management Order No. 19, Exhibit C [Dkt. 5889-3]. Indeed, Plaintiff's expert disclosure deadline is not until April 18, 2018, more than a month after Cook's proposed deadline.

11. The Cook Defendants conferred with Plaintiff's counsel, Ben Martin, regarding the requested enlargement on January 28, 2018, and Plaintiff objects to the requested enlargement.

WHEREFORE, the Cook Defendants respectfully request that this Court grant its motion and extend the deadline of Case Specific Fact Discovery and Treating Physician Discovery, Fact Discovery by 28 days to March 5, 2018.

Dated:  January 29, 2018

Respectfully submitted,

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
andrea.pierson@faegrebd.com
john.schlafer@faegrebd.com

James Stephen Bennett
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2018, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson