IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
Kelly Ann York-Leskiw

Civil Case No. 1:17-cv-04024

### MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

Pursuant to Rule 83-7(c) of the Local Rules of the United States District Court for the Southern District of Indiana, counsel for Plaintiff Kelly Ann York-Leskiw ("Plaintiff"), including attorneys Benjamin A. Bertram and Blair B. Matyszczyk of Bertram & Graf, L.L.C., hereby request that the Court allow for their withdrawal as counsel of record, and in support thereof, state the following:

1.  Plaintiff, Kelly Ann York-Leskiw, has failed to respond to multiple attempts to contact her by phone, U.S. Mail, and email regarding compliance with discovery deadlines in the above-captioned case. Plaintiff's last known address is P.O. Box 3394, Warminster, Pennsylvania 18974, and all communications by mail have been sent to this address.

2.  On November 6, 2017, a letter was sent via U.S. Mail to Plaintiff regarding the return of her Plaintiff Profile Sheet ("PPS") (letter attached hereto as **Exhibit A**). Counsel did not receive a response from Plaintiff.

3. On November 7, 2017, multiple phone calls were made to Plaintiff regarding her PPS, and Plaintiff hung up the phone (case note attached hereto as **Exhibit B**). A subsequent call was made, and Plaintiff finally spoke stating she wanted to be put on the "do not call list." *Id.*

4. On November 15, 2017, counsel received the package originally sent to Plaintiff enclosing the PPS as "undeliverable" (case note attached hereto as **Exhibit C**). Multiple phone calls were then made to Plaintiff whereby she again stated she wanted to be removed from the "call list," but she would not express whether she wanted to continue her case in court, and instead, hung up. *Id.* Counsel located a phone number for Plaintiff's sister and called the sister in an attempt to reach Plaintiff regarding her PPS and the urgency with which we needed to speak with Plaintiff about her case. *Id.*

5. On November 28, 2017, having not received Plaintiff's completed PPS, counsel for Plaintiff requested a twenty (20) day extension to serve Plaintiff's PPS, which was granted by counsel for Defendants (case note/email attached hereto as **Exhibit D**).

6. On December 21, 2017, having not received Plaintiff's completed PPS, counsel for Plaintiff requested an additional twenty (20) day extension to serve Plaintiff's PPS, which was granted by counsel for Defendants (case note/email attached hereto as **Exhibit E**).

7. On December 22, 2017, counsel for Plaintiff sent an email to Plaintiff regarding her unreturned PPS and the urgency with which we needed to speak with her (case note/email attached hereto as **Exhibit F**). Counsel did not receive a response from Plaintiff.

8. On January 10, 2018, counsel for Plaintiff sent a letter to Plaintiff's last known address indicating that counsel would file a motion to withdraw if a completed PPS was not received by January 25, 2018 (letter attached hereto as **Exhibit G**). The letter was returned to our office as undeliverable.

Counsel for Plaintiff has made multiple efforts to communicate with Plaintiff about her case and the need to serve a PPS in order to comply with this Court's deadlines. Because counsel has Plaintiff has not communicated with counsel regarding her inability and/or unwillingness to comply with discovery deadlines, counsel for Plaintiff lacks authority to provide an answer as to whether Plaintiff intends to move forward with her case.

Counsel for Plaintiff can only state that we have no information as to whether Plaintiff wants to continue pursuing her case, and we do not believe Plaintiff's verbal assertions to remove her from our "call list" are not sufficient enough for us to conclude she does not want to pursue her case any longer.

Based on the above, counsel of record identified herein have reached an impasse in their working relationship with Plaintiff and respectfully request that the Court allow them to sever their attorney client relationship with respect to this matter.

Based on the foregoing, the undersigned Counsel and law firm moves this Court for entry of an order permitting their withdrawal from representation of Plaintiff in the above-captioned case as soon as possible at the Court's convenience so that Plaintiff, if reached by the Court, can seek alternative legal counsel or make a decision as to whether she wants to continue pursuing her case.

A copy of this motion will be served upon Plaintiff at her last known address of P.O. Box 3394, Warminster, Pennsylvania 18974 as well as via email.

Dated:  February 1, 2018 Respectfully submitted,

**BERTRAM & GRAF, L.L.C.**

/s/ Blair B. Matyszczyk
Blair B. Matyszczyk, MO Bar #66067
Benjamin A. Bertram, MO #56945
4717 Grand Avenue, Suite 800
Kansas City, MO 64112
Telephone: (816) 523-2205
Facsimile:  (816) 523-8258
blair@bertramgraf.com
benbertram@bertramgraf.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

 /s/ Blair B. Matyszczyk
*Attorney for Plaintiff*