UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION  _____  This Document Relates to:  Lee Strickland 1:17-cv-6079-RLY-TAB _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON THE COOK DEFENDANTS' MOTION TO SEVER and
PLAINTIFF'S MOTION TO REMAND**

On July 21, 2017, Plaintiff filed this action in the District Court of Dallas County, State of Texas, alleging products liability claims against the Cook Defendants and medical malpractice claims against Trent Proffitt, M.D., Baylor Medical Centers at Garland and McKinney, and Baylor Scott & White ("Medical Defendants"). Even though Plaintiff and the Medical Defendants are citizens of Texas, the Cook Defendants removed the action to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity jurisdiction. In the Cook Defendants' Notice of Removal, they argued Plaintiff's claims against the Cook Defendants were procedurally misjoined with Plaintiff's claims against the Medical Defendants.

On August 9, 2017, the Cook Defendants filed a Motion to Sever the Medical Defendants because, *inter alia*: (1) they are not a necessary and indispensable parties to

1

this action under Federal Rule of Civil Procedure 19, (2) Plaintiff's products liability claims and medical malpractice claims do not arise out of the same transaction or occurrence and do not involve common questions of law or fact, and (3) severance will promote fairness and judicial economy. Plaintiff opposes the motion and moves for remand.

On January 11, 2018, the court entered an Order dealing with the same key facts and legal analysis as raised in the Cook Defendants' Motion to Sever—i.e., whether medical malpractice claims relating to the implant of one of the Cook Defendants' IVC filters brought by a plaintiff against implanting physicians should be severed from the product liability claims against the Cook Defendants. *See Berman-Cheung v. Cook Group, Inc. et al.*, Cause No. 1:17-cv-6076-RLY-TAB (Filing No. 44[1]). The court denied the Cook Defendants' motion to sever and, because the Plaintiff and the Medical Defendants were citizens of California, remanded the action to the California state court. *Id.* In light of that ruling, the Cook Defendants' Motion to Sever (Filing No. 8) is **DENIED** and, because the presence of the Medical Defendants destroys diversity, Plaintiff's Motion to Remand (Filing No. 4) is **GRANTED**. The Clerk is directed to **REMAND** this cause to the District Court of Dallas County, Texas.

**SO ORDERED** this 6th day of February 2018.

                                            RICHARD L. YOUNG, JUDGE
                                            United States District Court
                                            Southern District of Indiana

---

[1] The court's ruling was also filed in Cause No. 1:14-ml-2570, Filing No. 7465.

Distributed Electronically to Registered Counsel of Record.