**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to:

> *Brenda Helms, Bankruptcy Trustee for the Estate of Arthur Gage,*
> *v. Cook Medical, Inc. et al.,*
>
> Case No. 1:14-cv-01875-RLY-TAB

_____

**THE COOK DEFENDANTS' RESPONSE IN**
**OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

### I.   INTRODUCTION

The Cook Defendants[1] respectfully submit this Response in Opposition to Plaintiff's Motion for Clarification of Designation Status of John LaDisa, Ph.D. [Dkt. No. 249] ("Motion for Clarification"). Plaintiff styles her motion as a Motion for Clarification. But the Court should see her motion for what it really is – an eleventh hour motion to amend Plaintiff's August 1, 2017 Preliminary Witness List to add a Dr. LaDisa as an additional (potentially duplicative) engineering expert witness after expert discovery has ended and after Cook filed its *Daubert* motion directed toward Plaintiff's other engineering expert and related summary judgment motion.

The Court should deny Plaintiff's motion to amend and preclude Dr. LaDisa from testifying at trial. First, Plaintiff cannot demonstrate this belated addition is substantially

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

US.116406052.02

- 2 -

justified or harmless as required by *Ballinger v. Casey's General Store, Inc.,* No. 1:10-cv-1439-JMS-TAB, 2012 WL 1099823 (S.D. Ind. March 29, 2012) (Baker, M.J.) and other authorities within the Seventh Circuit.  Second, if Plaintiff is allowed to belatedly add Dr. LaDisa as a witness at trial, it would unfairly prejudice Cook at this late stage, and place the trial scheduled for April 30, 2018 in jeopardy as Cook would need to depose Dr. LaDisa and file any necessary *Daubert* and dispositive motions, the briefing for which could not be completed until the eve of trial.

Finally, Plaintiff will not suffer any prejudice if the Court justifiably precludes Dr. LaDisa from testifying at trial.  Plaintiffs have previously articulated that Dr. McMeeking – *an engineering expert properly disclosed, deposed, and listed on Plaintiff's Preliminary Witness List* – will be relying and testifying about Dr. LaDisa's engineering findings when offering his own expert opinions to the jury in this matter.  See 4/25/2017 email from M. Schultz to A. Pierson, et al., attached as Exhibit A.  Plaintiff does not therefore need multiple engineering experts to testify at trial (offering arguably duplicative testimony to that of Dr. McMeeking). Accordingly, the Court should deny Plaintiff's motion to amend, and preclude Plaintiff from calling Dr. LaDisa as an expert witness at trial.

## II.   BACKGROUND

In the face of this Court's directive to reduce the number of duplicative expert witnesses, Plaintiff had a choice in determining which engineering witness would be offered at trial between four different engineers: Dr. LaDisa, Dr. Litsky, Dr. McMeeking, and Dr. Ritchie. Plaintiff chose Dr. McMeeking as Plaintiff's trial witness, and withdrew Dr. LaDisa, Dr. Litsky, and Dr. Ritchie as testifying experts.  Gage's Preliminary Witness List at 7-8 [Dkt. No. 5567] –

Exhibit D to Plaintiff's Motion for Clarification [Dkt. No. 249-4]; see 4/18/2017 email from B. Martin to A. Pierson, et al. [Dkt. No 249-3] – Exhibit C to Plaintiff's Motion for Clarification.

A week later, Plaintiff's counsel, Matt Schultz, confirmed that while Dr. LaDisa would not be a testifying expert, his opinions would be offered through Dr. McMeeking's testimony in his April 25, 2017 email to Cook's counsel, Andrea Pierson.

> Andrea, per our conversation yesterday I am confirming what I said I suspect was the case with Dr. McMeeking's use of Dr. LaDisa's report.  Namely, he relies on Dr. LaDisa's findings pursuant to Rule 703.  This is manifest in his report, which cites and relies on both Dr. LaDisa's report and Dr. LaDisa's "computational analysis" FEA document (references 30 & 31).  On page 49 of his report, Dr. McMeeking again notes his reliance on Dr. LaDisa's report.

*See* 4/25/2017 email from M. Schultz to A. Pierson, *et al.*, attached as Exhibit A.

Four months later, Plaintiff filed her Preliminary Witness on August 1, 2017 pursuant to CMO Order #19.[2]  *See* Plaintiff Arthur Gage's Preliminary Witness List at 7-8 [Dkt. No. 5567]. Consistent with their prior withdrawal of Dr. LaDisa as a testifying expert, Plaintiff did not include Dr. LaDisa as a potential witness on this list, but rather only included Dr. McMeeking.

Based on Plaintiff's choice, Cook deposed Dr. McMeeking prior to the close of expert discovery, and timely filed a *Daubert* Motion with respect to Dr. McMeeking.  Cook also drafted and filed other *Daubert* motions and a motion for summary judgment which are set for argument on February 14, 2018, in advance of a trial set to begin in less than three (3) months.

---

[2] Second Amended Case Management Order #19 ("CMO #19") reconfirmed and established the following deadlines, among others, for this case:  Close of Non-Expert (Fact) and Expert Discovery – June 22, 2017; **Preliminary Witness and Exhibit Lists –  August 1, 2017**; *Daubert* Motions – August 9, 2017;  Summary Judgment Motions – August 11, 2017;  Motions for Bifurcation of Issues and Claims – February 12, 2018; Motions in Limine – February 26, 2018; Final Witness List and Notice of Witnesses to Attend Trial – March 19, 2018; Final Exhibit List – March 23, 2018;  Jury Instructions and Verdict Forms – April 13, 2018; and Trial Start Date – April 30, 2018.  *See* Second Amended Case Management Order #19 (Third Amended Bellwether Plan) [Dkt. No. 5889, 5889-2] (emphasis added).

### III.  ARGUMENT

**A.  The Court should preclude Plaintiff from adding Dr. LaDisa as an expert witness for trial at this late juncture because his addition now is not substantially justified or harmless.**

As this Court itself recognized, "[w]hen a party fails to identify a witness, the party is *not* allowed to use that witness at trial unless the failure was substantially justified or harmless." *Ballinger v. Casey's General Store, Inc.,* No. 1:10-cv-1439-JMS-TAB, 2012 WL 1099823, at *1 (S.D. Ind. March 29, 2012) (Baker, M.J.) (citing Fed.R.Civ.P. 37(c)(1) and *Dynegy Mktg. & Trade v. Multiut Corp.,* 648 F.3d 506, 515 (7th Cir.2011)) (emphasis added). Indeed, exclusion of the witness is "automatic and mandatory" unless the party offering the witness shows substantial justification or lack of harm for its failure. *See Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). "Whether such a failure is justified or harmless is left to the broad discretion of the Court." *Ballinger,* 2012 WL 1099823, at *1 (citing *Dynegy*, 648 F.3d at 515 and *Westefer v. Snyder,* 422 F.3d 570, 584 n. 21 (7th Cir. 2005). "While the Court need not make explicit findings when determining if the failure was substantially justified or harmless, the Court is guided by four factors: '(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.'" *Id.* (citing *Tribble v. Evangelides,* 670 F.3d 753, 2012 WL 245029, at *4–5 and *Westefer,* 422 F.3d at 584 n. 21). This same standard necessarily should apply in determining whether a party should be permitted to amend its witness list to add a witness who was not timely listed. *See Smith v. Nurse*, No. 14-cv-5514, 2016 WL 4539698 (N.D. Illinois August 31, 2016); *see Woodward v. Algie*, No. 1:13-cv-1435-DKL-RLY, 2016 WL 10489866 (S.D. Ind. July 5, 2016). Simply put, a proposed amendment to add a witness late must be substantially justified or harmless.

Here, there is no dispute that Dr. LaDisa was *not* included as a potential witness on Plaintiff's Preliminary Witness, which was due and filed on August 1, 2017 pursuant to Second Amended Case Management Order #19.  *See* Plaintiff Arthur Gage's Preliminary Witness List at 7-8 [Dkt. No. 5567].  Plaintiffs offer no justification for their failure to list Dr. LaDisa as a potential witness in this matter that would support the belated amendment now as substantially justified or harmless.  The Court should therefore deny Plaintiff's request.

1. **Plaintiff's request to amend her witness list is not substantially justified.**

Plaintiff's Motion for Clarification never demonstrates how Plaintiff's request to add Dr. LaDisa is substantially justified or harmless.  In fact, Plaintiff never applies or even references the standard at all.  Plaintiff does not claim that her properly disclosed engineering expert, Dr. McMeeking, can no longer testify at trial and/or that Dr. McMeeking can no longer rely on Dr. LaDisa's report and opinions and testify to the same as they articulated in April, 2017.

Plaintiff only claims that her failure to list Dr. LaDisa as a witness on her Preliminary Witness List is excused by her counsel's April, 2017 *unilateral* reservation that Plaintiff might change her mind.  Plaintiff relies heavily on her counsel's April 14 and April 18, 2017 emails confirming her withdrawal of Dr. LaDisa as an expert witness at trial but unilaterally "reserv[ing] the right to change up the lineup and change up the witnesses … once the Hill case is tried" and "to revisit" her witnesses.  See Motion for Clarification at pp. 1 2, ¶¶ I, II.  Plaintiff boldly claims that this unilateral reservation somehow ends the inquiry as to whether the Court should allow her to belatedly add Dr. LaDisa as witness for trial.  It does not.  A party cannot grant itself a unilateral, indefinite stay of a court-ordered deadline (i.e. filing a complete preliminary witness list), by simply declaring as much in an email to opposing counsel.  Moreover, to the extent Plaintiff arguably might have reserved a right to add Dr. LaDisa later (which Cook denies), Plaintiff forfeited any right to do so by her inconsistent conduct and

- 5 -

US.116406052.02

inexcusable delay. Simply put, this is not substantial justification for seeking to add Dr. LaDisa a few months before trial.

Had Plaintiff truly intended to call Dr. LaDisa as a witness or even reserve a purported right to list him later, she would have included him as a witness on her August 1, 2017 list, or sought leave of court to be relieved of the Court's order to list all of her witnesses. But Plaintiff did not take these steps, knowing that both the Court and Cook would rely on her withdrawal of Dr. LaDisa and her Preliminary Witness List in *Gage* for the purposes of discovery and motion practice.

Furthermore, even when faced with Cook's *Daubert* motions and motion for summary judgment, Plaintiff did nothing to confirm her alleged reservation of right to re-designate Dr. LaDisa as a witness and call him at trial. Plaintiff did not contact counsel for Cook at the *Daubert* and dispositive motions stage to advise Cook that Dr. LaDisa was a potential witness at trial and did not offer to provide Cook with dates for Dr. LaDisa's deposition at that time.

Most significantly, Plaintiff did not reference or rely on Dr. LaDisa or his opinions in responding to Cook's motion for summary judgment. If Dr. LaDisa's opinions and testimony were, in fact, so critical to Plaintiff's presentation of her claims, one would reasonably expect her to offer Dr. LaDisa's opinions in response to Cook's Motion for Summary Judgment. She did not and this failure is telling.[3]

---

[3] The Court should reject Plaintiff's claim that she needed to review the transcript of the *Hill* trial before she could decide whether to call Dr. LaDisa as a witness in *Gage*. Motion for Clarification at pp. 3-4, ¶ IV. This MDL was created on October 15, 2014, extensive discovery has been taken in cases involving *both* the Cook Celect IVC Filter and the Cook Tulip Filter for over three (3) years, and Plaintiff's counsel have extensive experience in MDLs and medical device cases. It stands to reason that Plaintiff's counsel did not need to review to the transcript of the *Hill* case – which involved a Celect Filter – to determine whether they needed a different expert for this case – which involves a Tulip Filter. Plaintiff's counsel should have been able to make decisions about what expert witnesses they might need at trial by August 1, 2017 (*at the latest*), the date when Plaintiff's Preliminary Witness List was due.

Finally, the Court should reject Plaintiff's blanket, unfounded claim that Cook's reference to Dr. LaDisa in Cook's Response in Opposition to Plaintiff's Motion to Exclude or Limit the Expert Testimony of Scott Robertson, Ph.D. (the "Robertson Response") "constitutes an acknowledgement of the agreement made between Cook and [Plaintiff] and evidences a clear anticipation of Dr. LaDisa being called to testify in the *Gage* trial." Motion for Clarification at pp. 3-4, ¶ IV. There was no "agreement" between Plaintiff and Cook, and Plaintiff can point to no evidence of an agreement. Plaintiff acted unilaterally in claiming an alleged right "to revisit" calling Dr. LaDisa. There was no "acknowledgement" of this alleged right by Cook in its actions or words.

First, as demonstrated above, Cook relied on the fact that Dr. LaDisa had been withdrawn and was not identified in Plaintiff's Preliminary Witness List in preparing and filing its *Daubert* motions and motion for summary judgment. If Cook reasonably believed that Plaintiff would offer Dr. LaDisa as an expert at trial, Cook would have taken steps to explore Dr. LaDisa's opinions in the discovery stage and challenge them at the *Daubert* and dispositive motions stage.

Second, Cook's reference to Dr. LaDisa's opinions in the Robertson Response does not constitute an acknowledgement that Dr. LaDisa could be called to testify at the *Gage* trial. Cook's expert, Scott Robertson, Ph.D., challenges and rebuts the opinions of Dr. LaDisa ***because*** Dr. McMeeking – *whom Plaintiff identified as an expert witness for the Gage trial* – relied on Dr. LaDisa's findings in formulating and presenting his own expert opinions.

In sum, contrary to Plaintiff's suggestions, Cook's and Dr. Robertson's rebuttals to Dr. LaDisa's findings are not an acknowledgement that Dr. LaDisa could or would be called as a witness at trial. Rather, Cook's and Dr. Robertson's rebuttals are challenges to the bases and

US.116406052.02

foundations of Dr. McMeeking's expert report which, by Plaintiff's counsel's admission relies on Dr. LaDisa's report.

### 2. Plaintiff's request to amend her witness list also is not harmless.

Cook will suffer unfair prejudice if Plaintiff is allowed to add Dr. LaDisa as witness for trial. Cook reasonably relied on the fact that Dr. LaDisa, along with Drs. Litsky and Ritchie, were withdrawn as witnesses and not listed on Plaintiff's witness list. For instance, Cook did not seek to depose Dr. LaDisa. Cook also filed its *Daubert* motions on August 9, 2017[4] and its Motion for Summary Judgment on August 11, 2017, again relying on Plaintiff's withdrawal of and failure to list Dr. LaDisa. Plaintiff should not be allowed to change the scope of the evidence now with Cook's motions pending and with trial set to begin in less than three months on April 30, 2018.

There is also no ability to cure the obvious prejudice to Cook that would result from an eleventh hour addition of Dr. LaDisa as a testifier here, without a complete disruption of the briefing and trial schedule in this matter. To remedy the clear prejudice to Cook, Cook would to need to depose Dr. LaDisa, analyze his deposition and proposed trial testimony, file any necessary *Daubert* motion, assess whether it needs to renew its motion for summary judgment, and identify its own witnesses for trial to refute and rebut Dr. LaDisa's testimony and opinions, all while preparing for trial. That simply is not fair, especially considering this is a situation of Plaintiff's own making.

### B. Plaintiff has not shown she will not be harmed or prejudiced if Dr. LaDisa is justifiably excluded because Plaintiff can offer expert testimony from Dr. McMeeking to the extent his testimony meets the strictures of *Daubert*.

---

[4] Notably, Cook moved to exclude the testimony of the experts *that Plaintiff had in fact designated and listed as witnesses for trial* – Dr. Betensky, Dr. Fishbein, Dr.Garcia, Dr.Kessler, Ms. Levy, Dr. Marmureanu, Dr. McMeeking, and Dr. Rajebi.

US.116406052.02

The Court should not hesitate to exclude Dr. LaDisa because Plaintiff will not suffer prejudice or substantial harm in presenting her case. If Dr. LaDisa is justifiably excluded, Plaintiff still can rely on Dr. McMeeking's testimony to the extent it meets the strictures of *Daubert*. Indeed, Plaintiff chose Dr. McMeeking as her trial witness and timely identified him on her August 1, 2017 Preliminary Witness List. Further, as Plaintiff's counsel states, Dr. McMeeking "relies on Dr. LaDisa's findings pursuant to Rule 703." *See* 4/25/2017 email from M. Schultz to A. Pierson, et al., attached as Exhibit A.

In sum, any claims of harm or prejudice to Plaintiff ring hollow and, to the extent they actually might exist, can be easily remedied. Plaintiff does not need Dr. LaDisa. She can rely on Dr. McMeeking.

## IV.   CONCLUSION

In sum, plaintiff withdrew Dr. LaDisa as an expert. Moreover, an email indicating that Plaintiff's counsel may unilaterally change its mind does not constitute good grounds for failure to abide by the Court's order to list witnesses. This is especially true considering Plaintiff

- did not re-designate Dr. LaDisa before the deadline for expert discovery;
- did not identify him as a possible witness on Plaintiff's witness list;
- did not re-designate him before Cook filed its Daubert and summary judgment motions identifying the flaws in Plaintiff's case; and
- did not seek leave of Court to later add witnesses.

Moreover, Plaintiff did not even take action immediately after the *Hill* trial which is her stated reason for her motion.

For all the foregoing reasons, the Cook Defendants respectfully urge the Court to deny Plaintiff's motion to amend her Preliminary Witness List to add Dr. LaDisa as a witness (styled as a Motion for Clarification) and to preclude Plaintiff from calling Dr. LaDisa as an expert witness at trial in this case.

Respectfully submitted,

Dated:  February 7, 2018

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (# 11856-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  joe.tanner@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.116406052.02