UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiffs

*Tonya Brand*
No. 1:14-cv-06018-RLY-TAB

**AGREED MOTION FOR ENLARGEMENT OF
TIME TO CONDUCT INDEPENDENT MEDICAL EXAMINATION**

The Cook Defendants,[1] by counsel, respectfully move this Court for an order enlarging the deadline for conducting an independent medical examination to April 30, 2018. In support of this motion, the Cook Defendants state as follows:

1. On June 7, 2017, this Court issued Case Management Order #21 (Protocol For Independent Medical Examination), which sets forth the protocol for requesting and negotiating the scope of any independent medical examinations of plaintiffs in MDL No. 2570. [Dkt. 4978] ("CMO 21").

2. Paragraph 1 of CMO 21 provides that the Cook Defendants shall request an IME by the "Request Date" set forth in the Second Amended Case Management Order #19 (Third Amended Bellwether Trial Plan) entered by the Court on August 23, 2017 [Dkt. 5889] ("CMO 19").

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS. All references to the "Cook Defendants" refer to all three entities unless otherwise noted.

3. Pursuant to Paragraph 4 of CMO 19 and its Exhibit C, the "Request Date" in the *Brand* matter was February 2, 2018. The Cook Defendants timely requested an IME of Plaintiff Tonya Brand on January 23, 2018.

4. Paragraph 2 of CMO 21 requires that within 7 days of the Request Date (*i.e.*, February 9, 2018) Plaintiff must produce to Cook "any final reports, test results, notes, memoranda, and patient completed or patient-provided information from any prior medical examinations conducted by non-treating (examining) physicians."

5. However, CMO 19 does not set Plaintiff's expert disclosure deadline in *Brand* until April 18, 2018, which makes timely production of the information required in Paragraph 2 of CMO 21 impractical.

6. Paragraph 3 of CMO 21 requires that any IME's requested by the Cook be completed ten days prior to Cook's May 18, 2018, expert disclosure deadline (*i.e.*, May 8, 2018).

7. Paragraph 4 of CMO 21 also provides a protocol for negotiation of the scope, location, and other conditions of any IME, and it requires that the Cook Defendants propose dates, times, locations and details for the IMEs within fourteen days of the Request Date (i.e., February 16, 2018).

8. The timing of expert disclosures in *Brand* makes the above schedule for requesting and negotiating the scope of IMEs in that matter impractical. The Cook Defendants have yet to receive Mrs. Brand's expert disclosures, which are not due until April 18, 2018, and are therefore unable to determine what present injuries or limitations Plaintiff's experts attribute to her filter. As a result, the Cook Defendants cannot evaluate the type or necessity of an IME in the absence of receiving Plaintiff's expert reports.

9. In addition, until the Cook Defendants receive copies of any final reports, test results, or memoranda from the non-treating (examining) physicians whom Plaintiff elects to examine Plaintiff, the Cook Defendants cannot evaluate whether certain imaging and diagnostic tests should be conducted or repeated. CMO 21 contemplates that Plaintiff would produce all such reports, test results and memoranda by April 25, 2018, but leaves only nine business days for the Cook Defendants' experts to assess the information provided, identify any new examination or studies that must be conducted of Plaintiff, and to conduct the IMEs.

10. The Cook Defendants propose that the deadlines in CMO 19 and 21 related to IMEs be reconciled as follows:

   a. Plaintiff's expert disclosure deadline is April 18, 2018. Simultaneous with the disclosure of her expert reports, Plaintiff must disclose the information required by Paragraph 2 of CMO 21.

   b. The Cook Defendants shall provide to Plaintiff the IME protocol described in Paragraph 4 of CMO 21 within 7 days of receipt of Plaintiff's expert reports, *i.e.,* by April 25, 2018, and the parties shall negotiate its scope upon receipt and no later than the close of business on April 27, 2018.

   c. Plaintiff shall submit to the Cook Defendant's IME(s) on or before May 4, 2018. If Plaintiff is unable to submit to the IME within that time, or if the IME facilities and physicians are unable to conduct the IME(s) within that time, the Cook Defendants' expert disclosure deadline shall be adjusted accordingly to ensure no less than two weeks between conducting the last IME of Plaintiff and production of the Cook Defendants' expert reports.

US.116371846.01

11. The Cook Defendants have conferred with Mrs. Brand's counsel regarding this proposed schedule and her counsel does not oppose this motion.

12. This motion is not made for the purpose of delay, neither party will be prejudiced by the requested relief, and good cause exists, as set forth above.

WHEREFORE, the Cook Defendants respectfully request that this Court grant its motion and enter the deadlines described in Paragraph 10 herein.

Dated: February 9, 2018                                   Respectfully submitted,

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson
John T. Schlafer
Anna C. Rutigliano
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
andrea.pierson@faegrebd.com
john.schlafer@faegrebd.com
anna.rutigliano@faegrebd.com

Charles F. Webber
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-8719
Facsimile: (612) 766-1600
chuck.webber@faegrebd.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, f/k/a Cook Medical Incorporated, William Cook Europe APS*

## **CERTIFICATE OF SERVICE**

I certify that on February 9, 2018, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*