IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Cases | |

## Plaintiffs' Response in Opposition to Cook's Motion for Leave to Amend its Master Answer

Plaintiffs, by and through the Plaintiffs' Steering Committee, file this response in opposition to Cook's "Motion for Leave to Amend Answer to Plaintiffs' Master Consolidated Complaint for Individual Claims." [Filing No. 7581.] For the reasons set forth below, Plaintiffs respectfully request the Court **deny** the motion.

## Introduction

Despite having had more than three years to review Plaintiffs' Master Complaint, Cook now asks for leave to insert 26 new affirmative defenses in its Master Answer. This motion comes: (1) 15 months after the deadline to seek amendment in *Gage*; (2) 11 months after the deadline to seek amendment in Brand; (3) after the close of all discovery in *Gage*; (4) approximately six weeks before the close of all discovery in *Brand*; and, (5) less than two months before the start of the *Gage* trial.

Despite carrying the burden to demonstrate good cause under Rule 16, Cook states nothing more than it has received "additional information bearing on the factual allegations of Plaintiffs' Master Complaint." Cook does not describe this "new"

information in even the most general of terms, and it certainly does not allege that something in Plaintiffs' Master Complaint has changed. This MDL is more than 3 years old; we are way past the point in this litigation to add 26 new affirmative defenses. Plaintiffs respectfully request the Court to deny Cook's motion.

## Relevant Procedural Background

Plaintiffs filed their Master Consolidated Complaint on January 30, 2015; Cook responded with its Master Answer on May 20, 2015.[1] Since that time, the Court selected three cases for bellwether trial (the first of which was completed last November). The second trial (*Gage*) is set for April, with the third (*Brand*) following in September.

The cutoff to file a motion for leave to amend a pleading expired in *Gage* on October 26, 2016, and on March 14, 2017, in *Brand*.[2] Discovery in the *Gage* case is closed.[3] Discovery in *Brand* is set to close on February 26, 2018.[4]

Cook filed its motion for leave to amend on January 29, 2018.[5]

---

[1] [*See* Filing No. 213 (Master Complaint), and Filing No. 456 (Master Answer).]

[2] [*See* Filing No. 5889, at ECF p. 22174.]

[3] [Filing No. 5889-2, at ECF p. 22180 (discovery closed on July 22, 2017).]

[4] [Filing No. 5889-3, at ECF p. 22181.] On February 5, 2018, the parties filed an agreed motion requesting an additional three weeks to complete discovery (i.e., up to March 19, 2018). [Filing No. 7617, at ECF p. 41360.] That motion is pending.

[5] [Filing No. 7581.]

## Argument

Rule 16 controls the extension of deadlines once a scheduling order is in place. *E.g., BKCAP, LLC v. Captec Franchise Trust 2000-1*, 3:07-cv-637, 2010 U.S. Dist. LEXIS 27522, at *7 (N.D. Ind. Mar. 23, 2010). When a party seeks to amend its pleadings after the ordered deadline, it must establish "good cause." *Id.* at *2. *Id.* The "good cause" standard focuses on the diligence of the party seeking the amendment. *Id.* As such, Cook has the burden to demonstrate the following:

1. There is "good cause" for waiting 11 months past the deadline to file its motion to amend; and,
2. It has been diligent in seeking the amendment.

Establishing good cause, though, is not the end of the story. Under Rule 15, leave to amend can be still denied for undue delay, bad faith, dilatory motive, or undue prejudice. *E.g., Menendez v. Wal-Mart Stores East, L.P.*, 1:10-cv-53, 2012 U.S. Dist. LEXIS 81725, at **7-8 (N.D. Ind. June 13, 2012). The Seventh Circuit frowns upon motions for leave to amend when they come late in the day: "plaintiff's motion came approximately three years after the start of the litigation and approximately eight months after the plaintiff completed discovery, the district court did not abuse its discretion in denying the plaintiffs leave to amend their complaint." *Alinsky v. United States*, 415 F.3d 639, 648 (7th Cir. 2005) (citation omitted). *See also Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) (denying defendant's attempt to amend answer five months after original answer and one month after discovery closed).

Here, Cook does not establish any good cause to support relief from the case management deadlines, and the amendment would cause undue prejudice. Plaintiffs respectfully request the Court deny Cook's motion.

1. **Cook provides no evidence to establish its diligence or the existence of good cause.**

To establish its diligence and good cause, Cook provides nothing more than these two general statements:

> Since the Cook Defendants filed their original answer to Plaintiffs' Master Complaint, hundreds of additional cases have been filed in and transferred to the MDL, all incorporating by reference Plaintiffs' Master Complaint. These new cases present new facts, new legal issues, and new affirmative defenses. In addition, formal and informal discovery have provided the Cook Defendants with additional information bearing on the factual allegations of Plaintiffs' Master Complaint.
>
> As a consequence, the Cook Defendants now seek to amend their Answer to the Master Complaint to provide updated responses to Plaintiffs' allegations and to assert additional defenses based on the facts and the law developed since the original answer.[6]

These statements fall far short of establishing the good cause Rule 16 requires.

First, these statements recognize the primary problem with Cook's request: Cook has had Plaintiffs' Master Complaint for more than three years. Despite the fact that this MDL has expanded over those three years, Cook admits the new cases "all incorporat[e] by reference Plaintiffs' Master Complaint." In other words: nothing has changed. Cook has been voicing its concern over the increasing scope of this MDL

---

[6] [Filing No. 7581, at ECF p. 40914-15.]

4

for more than a year.  Not once during that time period did Cook ever seek to amend its Master Answer. Distilled to its essence, Cook claims that it should be permitted to amend its Master Answer because after three years it has thought of additional affirmative defenses.  This is not good cause.

Second, there is an even more fundamental problem with Cook's request: it contains no evidence.  It attaches no affidavit.  There are no documents attached demonstrating the "additional information" Cook claims to have only recently discovered requiring an amended answer; no such documents are even referenced in the motion.  Cook does not tell us what new facts have been presented, nor does Cook outline what law it believes has changed that would warrant 26 new affirmative defenses. Its basis for amendment is, by any stretch, simply boilerplate — presented without any specific good cause for waiting three years to request leave to amend.

Magistrate Judge Cosbey held that a motion for leave to amend an answer filed more than a year after the CMO cutoff and at a point when discovery will soon close fell short of establishing "good cause." *Menendez*, 2012 U.S. Dist. LEXIS 81725, at **7-8. Specifically, "allowing [defendant] to add these [22 affirmative] defenses when discovery is in its final stages would unduly prejudice Plaintiffs … .." *Id*. The result should be no different here.

This MDL was formed in October 2014.  The *Brand* case has been in litigation for almost five years.  The *Gage* case has been in litigation for more than three years.  MDL discovery is largely over.  In fact, throughout almost daily meet-and-confer encounters and emails over the past two months Cook has insisted that "general"

5

discovery is over (a mantra this court may recall hearing over the past 18 months as well). Cook leaves the Court guessing why an amendment couldn't have been brought before now. There is no evidence of diligence or any serious suggestion that such evidence exists. Cook has wholly failed to meet its burden to show the diligence required for such a tardy amendment.

**2. Allowing Cook to amend its Master Answer at this stage would cause undue prejudice.**

The prejudice created by allowing Cook to raise new affirmative defenses less than two months before the *Gage* trial and a few weeks before the close of discovery in *Brand* would impose substantial prejudice in both cases. Plaintiffs have been preparing their cases for trial with (what we believed to be) closed pleadings. In other words, Mrs. Brand and Mr. Gage have been conducting discovery and planning their cases for years within a confined set of pleadings and black-and-white Court ordered deadlines for all to see. Cook now wants to add twenty-six new affirmative defenses with virtually no way for Plaintiffs to address them without vacating the trials and taking further discovery.

The necessity of additional discovery is not a hollow claim. Cook wants to now include the following defenses:

- "Plaintiffs' claims are barred because the IVC filter at issue is an unavoidably unsafe product …"

- "Plaintiffs' claims are barred because Plaintiffs were unusually susceptible patients and the IVC filters at issue were reasonably safe products"

- "This Court … lacks personal jurisdiction over one or more of the Cook Defendants"

- "Plaintiffs have failed to join a necessary party under Federal Rule of Civil Procedure 19"[7]

This is not an exhaustive list of the new defenses Cook hopes to insert into this litigation (Cook even includes, "Cook Defendants reserve the right to assert additional further answers as they become known through the investigation and discovery process"); but, each of these defenses would require Plaintiffs to take additional discovery.

Plaintiffs have been litigating this case for years and have spent hundreds of thousands of dollars preparing their cases based upon pleadings that are three years old. If allowing an amended answer at this stage doesn't constitute undue prejudice under Rule 15, then what would?

### 3. Prejudice specific to Tonya Brand.

In addition to the discovery conducted over the years, Mrs. Brand recently served interrogatories specifically drafted to elicit the facts Cook believes supports its affirmative defenses so counsel could prepare for trial. Cook provided boilerplate objections and refused to further answer, forcing Mrs. Brand to file an emergency motion to compel. Magistrate Judge Baker granted that motion in part and required

---

[7] [Filing No. 7581-1, at ECF p. 40939-41.]

7

Cook to respond to the interrogatories by January 28, 2018. Pertinent here, Judge Baker held:

> This MDL was consolidated in 2014. Discovery has been extensive. The Cook Defendants must possess some facts responsive to these straightforward interrogatories. Failing to produce anything under the guise of incomplete research is not acceptable, nor is putting up a smokescreen of objections. Further, this motion came on the eve of a trial deposition of a treating doctor who will not appear at trial. This deposition will be Brand's only opportunity to examine this witness under oath. Nothing in *Tyson* suggests the Court should exercise its discretion to force Brand to go into this important deposition "blind."

Cook then served answers to those interrogatories—defining some basis for its then current defenses. Just one day later Cook moved to amend its Master Answer hoping to add 26 additional affirmative defenses on the eve of the Mrs. Brand's spinal surgeon's deposition.

Mrs. Brand's counsel had no ability to foresee that Cook would wait until the day after this important deposition to show its hand—its 26 new affirmative defenses—and thus were forced to take the deposition of Mrs. Brand's spine surgeon blind of these new defenses. This Court may recall the importance of a spine surgeon's testimony in a case against these defendants. Mrs. Brand does not find the circumstances likely to have been coincidental; regardless, there is no question they were prejudicial.

## Conclusion

Given that Cook filed its motion to amend after the Court imposed deadlines, it must show good cause for its late filing. Cook's burden required evidence of its diligence. Further, for the amended answer to be allowed, there must not be any undue prejudice to Plaintiffs. Cook has not shown good cause for its delay, it has not proven the requisite diligence, and Plaintiffs will suffer great prejudice if Cook were now allowed to amend at this late stage. For any, and for all these reasons Cook's motion to amend should be denied.

Dated: February 12, 2018                    Respectfully Submitted,

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
(317) 633-5270
Fax: (317) 426-3348
jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
(202) 233-1993
mheaviside@hrzlaw.com

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
(214) 761-6614
Fax: (214) 74407590
bmartin@bencmartin.

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
(713) 522-5250
Fax: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Joseph N. Williams*
Joseph N. Williams