UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to Plaintiff
          Brenda Helms, Bankruptcy Trustee for the
          Estate of Arthur Gage
          Civil Case No. 1:14-cv-01875- TWP-MJD

_____

### COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR BIFURCATION OF STATUTE OF LIMITATIONS DEFENSE AND SEPARATE JURIES

The Cook Defendants[1] submit that the undisputed facts in this case show as a matter of

law that Mr. Gage had actual or constructive knowledge of his claims against the Cook

Defendants more than two years before he commenced this action and that the Cook Defendants

are therefore entitled to summary judgment as to all of his claims.  *See generally* Dkt. 5749 at 7-

11 (Cook's Memorandum in Support of Summary Judgment).  Should the Court deny summary

judgment, however, the Cook Defendants respectfully submit that this Court should bifurcate the

trial of this action and try the statute of limitations portion and (if necessary) the merits portion

of the case to separate juries.[2]

A bifurcated trial is necessary and makes sense for several reasons. First, the Court has

broad discretion to bifurcate issues in the interest of efficient case management.  Bifurcation of

_____

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook
Medical Incorporated, and William Cook Europe ApS.  All references to the "Cook Defendants"
refer to all three entities unless otherwise noted.
[2] This motion is independent of the Cook Defendants' separate motion to bifurcate trial of the
compensatory and punitive damages phases of the trial.

the statute of limitations issue could shorten a three-week trial to a few days, conserving substantial judicial and party resources, and jury time.

Second, a deliberate, phased approach is particularly appropriate for a bellwether trial that the parties and the Court will rely on as they consider resolution of other cases.  If the trial is not bifurcated, individualized statute of limitations issues and evidence unique to Mr. Gage would cloud the meaning of any verdict, regardless of which party the verdict favors.

Third, bifurcation with separate juries to hear the limitations issue and the merits of the product liability claim eliminates the evidentiary problems and prejudice inherent in the statute of limitations defense.   For example, Plaintiff will undoubtedly defend against the statute of limitations defense by arguing that Mr. Gage could not clearly blame the IVC filter for his immediate post-placement injuries, but Plaintiff must also argue on the merits claim that the filter was so clearly to blame that Mr. Gage believed immediately after placement that the filter was causing him pain and that he told his doctors that the filter was to blame.  As explained below, the Cook Defendants would face a similar evidentiary dilemma.

Fourth, this proposal will not prejudice Plaintiff.  On the contrary, Plaintiff will also enjoy potential economic advantages, particularly the potential to avoid the expense of arrangements for witnesses, including Plaintiff's multiple expert witnesses.  If Plaintiff somehow establishes that this claim was timely filed, then the trial of the merits of the product liability claim could be tried without any further reference to or discussion of the statute of limitations. A second jury would be immune from any lingering doubt on that issue.

Because the issues proposed to be tried separately are unrelated—with the statute of limitations issue being strictly procedural and the product liability claim being substantive—this case presents an ideal scenario for bifurcation and separate juries (if necessary). Such an order is

2

well within this Court's discretion, is proper and advisable in the bellwether case, and would reflect an exercise of prudent case management.

## I.      This Court Has Broad Discretion To Bifurcate The Statute of Limitations Issue

District courts have broad discretion to order separate trials of discrete issues under Federal Rule of Civil Procedure 42(b).  *See Agrigenetics, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, No. 1:08-CV-00802, 2010 WL 5250378, at *1 (S.D. Ind. Dec. 16, 2010) (citing *Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000)).  Rule 42(b) permits the separate trial of any issue when separation would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."  *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1166 (7th Cir. 1983) (quoting Fed. R. Civ. P. 42(b)).  "Only one of these criteria—avoidance of prejudice or judicial economy—need be met before a court can order separation."  *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999) (citing *MCI*, 708 F.2d at 1166).  Absent a clear showing of abuse, the court's decision to bifurcate under Rule 42(b) will not be overturned on appeal.  *See id*; *see also McLaughlin v. State Farm*, 30 F.3d 861, 870 (7th Cir. 1994).

## II.     Bifurcating The Statute Of Limitations Question And The Liability Claims Is Warranted

The Cook Defendants propose that the initial phase of the jury trial would address whether Mr. Gage commenced the present action within the applicable statute of limitations period, and the second phase—if necessary—would address the merits of Plaintiff's claims against the Cook Defendants and the amount of damages (if any).  As multiple courts have concluded, this two-phased approach offers several case-management benefits, has the potential to conserve judicial resources, and protects the parties from undue prejudice stemming from the simultaneous presentation of evidence relevant to the applicable statutes of limitations and to the

merits. The case's status as an MDL bellwether case only magnifies the justifications for bifurcation.

Bifurcation is a well-established tool that courts have often concluded promotes convenience and judicial economy, expedites proceedings, and avoids prejudice.  *See, e.g.*, *Cholpek v. Federal Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007); *Krocka*, 203 F.3d at 516; *Houseman*, 171 F.3d at 1121; *In re Recombinant DNA Tech. Patent & Contract Litig.*, No. MDL DOCKET 912, 1994 WL 270712, at *26 (S.D. Ind. Dec. 22, 1993) ("bifurcation is an effective method of simplifying factual presentation, reducing costs, and saving time")(internal quotes and citations omitted); *Vandersteen v. Kelly*, No. 07 C 5632, 2010 WL 659327 at *2-3 (N.D. Ill. Feb. 23, 2010) (collecting cases).

The Seventh Circuit has long recognized that resolving statute of limitations issues in a bifurcated trial is a proper use of the bifurcation rule and potentially saves courts and parties time and great expense.  *See, e.g., Stewart v. RCA Corp.*, 790 F.2d 624, 629 (7th Cir. 1986) ("There is little point in holding a full trial if a surgical approach can cut away needless disputes…[t]he statute of limitations is a prime candidate for a limited trial under Rule 42(b), both because the issues may overlap very little with the merits of the case and because the potential savings are greatest when a case is put to death at an early stage"); *Baldwin v. Loew's Inc.*, 312 F.2d 387, 389 (7th Cir. 1963).  Indeed, many courts have bifurcated statute of limitations issues for precisely the reasons the Cook Defendants advance here.[3]

---

[3] *See, e.g., Gomez v. City of Torrance*, 438 Fed. Appx. 626, 628 (9th Cir. 2011)("[D]istrict court did not abuse its discretion in bifurcating the trial into a statute of limitations phase and a liability phase because the statute of limitations issue was dispositive"); *Yung v. Raymark Inds., Inc.*, 789 F.2d 397, 401 (6th Cir. 1986) ("Separate trials on a statute of limitations issue are particularly appropriate."); *Braun v. Berenson*, 432 F.2d 538, 543 (5th Cir. 1970) ("[W]e find the plaintiff's contention that the district court abused its discretion in ordering a separate trial on the limitations issue without merit."); *Burgess-Lester v. Ford Motor Co.*, No. 1:06CV43, 2007 WL

US.115787098.09

### A.    The Evidence Relevant to the Statute of Limitations Issue is Different From the Evidence Relevant to the Merits, Which May Prove Wholly Unnecessary.

The Court should bifurcate trial of the statute of limitations issue in this case because of the potential to save substantial time, expense, and judicial resources.  Resolution of the merits of Plaintiff's claims will involve the questions of whether the Cook Defendants' warnings were inadequate, whether there was a defect in the design or manufacture of the Cook Tulip IVC filter, whether there was a breach of an express or implied warranty, and whether any such defects or breaches caused Mr. Gage any injury.  Each of these liability and causation claims involves highly technical subject matter, and much of the relevant evidence supporting these claims will consist of testimony from numerous witnesses and experts, as well as countless exhibits, on warnings, design, manufacture, and causation issues.

In contrast, the statute of limitations issue—which would be dispositive of all the liability claims—involves far fewer and less complex factual questions.  Adjudicating that issue will consume far less of this Court's (and a jury's) time than the merits portion of the case.

The bodies of evidence relating to the limitations issue and the merits issues thus do not overlap in any substantial or meaningful way.  In particular, the liability theories that Plaintiff seeks to present do not primarily depend on an inquiry into when Mr. Gage knew or reasonably should have known of his injury, but rather on expert evidence of whether a design or manufacturing defect existed, whether the label adequately warned of the risk Mr. Gage encountered, and whether any product defect caused Mr. Gage any injury.

---

3088082, at *1 (N.D. W. Va. Oct. 22, 2007) ("[B]ifurcating the trial on the…statute of limitations defense would promote convenience, avoid prejudice and be conducive to expedition and judicial economy"); *Kimmel v. Paul, Weiss, Rifkind, Wharton & Garrison,* No. 94 Civ. 230(SS), 1995 WL 232737, at *3 (S.D.N.Y. Apr.19, 1995) ("Because [the defendant's] statute of limitations defense raises significant legal issues, the resolution of which will involve issues independent of [the plaintiffs'] underlying claims, I order a separate trial pursuant to Rule 42(b) on the statute of limitations question").

Resolution of the statute of limitations issue in the Cook Defendants' favor would eliminate any need to litigate the merits of Plaintiff's liability claims and thus would avoid the unnecessary cost and expense of protracted litigation.  In other words, the additional evidence relevant only to the substantive liability claims will be presented only if absolutely necessary, that is, only if Plaintiff prevails on the statute of limitations issue.  Given the complexity of evidence involved in the liability theories, this bifurcated approach offers economy of time and resources.  Bifurcation would also defer potentially difficult evidentiary gatekeeper decisions this Court may need to make—and the trial time related to such objections and responses—until such decisions are clearly necessary.

### B.      Bifurcation Avoids Confusion of the Issues and Unfair Prejudice.

In addition to conserving judicial resources and potentially expediting trial, bifurcation of the statute of limitations issue will prevent unfair prejudice arising from the differing evidence relevant to the limitations and merits aspect of the trial.  For example, the potential for confusion and prejudice arises perhaps most prominently on the question of causation.  Causation is a required element for each of Plaintiff's liability claims.  *See Rosenburg v. Cottrell, Inc.*, No. 05-545 MJR, 2007 WL 1068250, at *2 (S.D. Ill. Apr. 6, 2007)("Under Illinois law, proximate cause is an essential element of a products liability action. 'Under both strict liability and negligence, a proximate cause is one that produces an injury through a natural and continuous sequence of events unbroken by any effective intervening cause.'")(citation omitted).  At the same time, Plaintiff's invocation of the discovery rule to overcome Cook's statute of limitations defense requires Plaintiff to demonstrate when Mr. Gage knew or reasonably should have known that his claimed injury was wrongfully caused.  *See Nolan v. Johns-Mansville Asbestos*, 421 N.E.2d 864, 868 (Ill. 1981); *see also Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1138

6

(Ill. 1995)("When a plaintiff uses the discovery rule to delay commencement of the statute of limitations, the plaintiff has the burden of proving the date of discovery").  Forcing Cook to simultaneously litigate Plaintiff's liability claims and invocation of the discovery rule in a single trial hamstrings Cook's defense because they would need to present evidence ***both*** that (a) Mr. Gage knew that his filter had caused his injuries at an early date, and (b) Mr. Gage's filter did not in fact cause his injuries.  Such a scenario is not only confusing to the jury, but also creates an unreasonable risk that the jury might develop bias against Cook Defendants on the liability claims should Plaintiff prevail on the statute of limitations issue.  Bifurcation and separate juries would eliminate these concerns and would prevent a jury from improperly deciding liability based on the arguments concerning the discovery rule.  Separating the trial into two phases would also eliminate the need for limiting instructions to the jury (which would likely be both confusing and ineffective) and potentially shorten resolution of this case.

In sum, the prejudice to the Cook Defendants stemming from having irrelevant and prejudicial evidence spilled into a single-phase trial is by itself a sufficient reason to grant bifurcation.  Combined with the other factors discussed in this Memorandum, the argument for bifurcation is compelling.

### C.    Preliminary Resolution of the Statute of Limitations Would Not Prejudice Plaintiff.

Plaintiff cannot legitimately claim undue prejudice from an early, separate determination of the statute of limitations issue.  On the contrary, Plaintiff and the Cook Defendants alike stand to save time and expense if the verdict in the first phase obviates the need for a longer and more expensive trial.  Under the Cook Defendants' proposal, if Plaintiff meets the burden under the discovery rule and the Court finds the evidence sufficient to toll the statute of limitations on Plaintiff's claims, Plaintiff would have the full opportunity to present and argue the liability

7

claims to a jury.  Plaintiff cannot claim prejudice from a denial of the opportunity to present liability evidence before resolution of the statute of limitations issue.  A plaintiff does not suffer prejudice by not being allowed to present evidence irrelevant to the issue at hand.  *See, e.g.*, *Chlopek*, 499 F.3d at 70; *Krocka*, 203 F.3d at 516.

> **D.** **The Court Should Empanel a Second Jury If Trial of Plaintiff's Merits Claim Is Necessary.**

If Plaintiff prevails on the statute of limitations issue, this Court should empanel a second jury to hear the merits of Plaintiff's claims. This second jury panel would be necessary because, as discussed above, the differing nature of the parties' burdens under the discovery rule and the liability claims creates an unreasonable risk of jury confusion and bias against the Cook Defendants.  Employing a second jury solves these problems.

A separate jury presents no constitutional issue for the very reason that permits bifurcation in the first place:  because the statute of limitations issue does not overlap with the merits of Plaintiff's liability claims.  *See Houseman,* 171 F.3d at 1126–27 (allowing bifurcation because the claims "involve distinct inquiries"); *In re Rhone–Poulenc Rorer Inc.,* 51 F.3d 1293, 1303 (7th Cir.1995) ("the judge must not divide issues between separate trials in such a way that the same issue is reexamined by different juries"); *EEOC v. Dial Corp.,* 156 F.Supp.2d 926, 957 (N.D.Ill.2001) (holding that bifurcation satisfied the Seventh Amendment where there was no "reexamination of factual issues' " in the second trial) (internal quotation marks omitted). Because the statute of limitations issue and the liability claims present discrete matters, the same issues will not be reexamined by different juries, and no constitutional issue arises.

> **E.** **The Bellwether Role of This Trial Supports Bifurcation.**

Finally, the status of *Gage* as a bellwether case also strongly supports the employment of separate juries to hear the statute of limitations and merits portions of the trial.  As the Court has

recognized in adopting its bellwether process, the purpose of bellwether trials is to produce findings on issues of liability, causation, and damages that are as representative and informative as possible.  The Court and the parties can then use those results to inform the future handling and resolution of the IVC filter resolution as a whole.  *See, e.g., Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1051 (9th Cir. 2015) ("A bellwether trial is a test case that is typically used to facilitate settlement in similar cases by demonstrating the likely value of a claim or by aiding in predicting the outcome of tricky questions of causation or liability.").

Here, however, the trial of the statute of limitations and merits portions of the *Gage* case in a single proceeding before a single jury would seriously undercut the value of the trial as a bellwether.  As discussed above, a joint trial of the two issues would permit evidence relating to the statute of limitations to unfairly color jurors' views on the merits of Plaintiff's claims.  This unfair coloring would jeopardize any chance of representative verdicts on either liability and damages and would undercut any confidence that the trial had truly produced the intended information about "typical" conclusions on issues of defect, causation, and damages.

If this case survives summary judgment, the Court, the parties, and their attorneys should have the common expectation that the results of the trial will be helpful in addressing the MDL as a whole.  The dueling natures of the statute of limitations and merits issues threaten to thwart those expectations, and the Court should order the trial of the two issues separately before different juries to prevent harm to the bellwether process.

## CONCLUSION

Bifurcating the statute of limitations phase of trial offers several advantages in the interests of prudent trial management, enhancing efficiency, and deferring resolution of various issues until necessary.  Bifurcation is also imperative to avoid jury confusion and risk of unfair

9

prejudice to the Cook Defendants.  *See Hall v. Babcock & Wilcox Co.,* 69 F. Supp. 2d 716, 733 (W.D. Pa. 1999) (granting defendants' motion for a new trial so separate trials could be held to avoid prejudice to the defendants).  The Cook Defendants therefore respectfully request that this Court bifurcate the statute of limitations issue and liability claims into two phases and try each phase before a separate jury.

Dated: February 12, 2018

*/s/ Andrea Roberts Pierson*

Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 12, 2018, a copy of the foregoing COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Counsel for Defendants will serve any non-CM/ECF registered parties.


*/s/ Andrea Roberts Pierson*

US.115787098.09