# EXHIBIT B

| | |
|---|---|
| **From:** | Justin Sabol |
| **To:** | "CookFilterMDL@FaegreBD.com" |
| **Subject:** | Plaintiff Profile Sheet - Currie Markham, Case No. 1:17-cv-04482-RLY-TAB |
| **Date:** | Thursday, February 01, 2018 3:28:01 PM |
| **Attachments:** | Markham. Currie Plaintiff Profile Sheet.pdf |

Dear Counsel,

      Please find attached the complete Plaintiff Profile Sheet for Currie Markham in the Cook IVC Filter MDL, Case No. 1:17-cv-04482-RLY-TAB.

Best Regards,

Justin A. Sabol
**Paralegal**
**Brenes Law Group, P.C**.
27141 Aliso Creek Rd., Ste 270
Aliso Viejo, CA 92656
(888) 862-6104 Toll Free
(949) 397-9128 Telephone
(949) 607-4192 Facsimile
www.BrenesLawGroup.com



Privileged and Confidential Communication. This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC sections 2510-2521), (b) may contain confidential and/or legally privileged information and/or attorney work-product, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

*MDL No. 2570*

IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION

In completing this **Plaintiff Profile Sheet**, you are under oath and must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.

## I. CASE INFORMATION

**Caption:**  Markham v. Cook    **Date:**  12/4/2017

**Docket No.:**  1:17-cv-04482-RLY-TAB

**Plaintiff(s) attorney and Contact information:**
Troy A. Brenes

Brenes Law Group, P.C.

27141 Aliso Creek Rd., Suite 270

Aliso Viejo, CA 92656

## II. PLAINTIFF INFORMATION

1.  Please State:
    a.  Full name of the person who received the Cook Inferior Vena Cava Filter(s), including maiden name (if applicable):   Currie Markham
    b.  If you are completing this form in a representative capacity (e.g., on behalf of the estate of a deceased person), please list your full name and your relationship to the person listed in 1(a) above:
        [If you are completing this form in a representative capacity, please respond to the remaining questions with respect to the person who received the Cook IVC Filter.]
2.  Spouse:  N/A                          Loss of Consortium?  ☐Yes ☐No
3.  Date of birth:  7/21/1960
4.  Date of death (if applicable):  N/A
5.  Social Security No.:  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
6.  Current Address:  5601 N. Dupont Hwy., Dover, DE 19901
    a.  If you have lived at this address for less than ten (10) years, provide each of your prior residential addresses from 2006 to the present:

| Prior Address | Dates You Lived at this Address |
| --- | --- |
| 3410 Hilltop Ave., Bristol, PA 19007 | 2000 - 2014 |
|  |  |
|  |  |

7. If you have ever been married, provide (a) the name of your current spouse and the date you were married and (b) the name of your ex-spouse(s) and the date of each marriage.

N/A

8. Do you have children? ☒ Yes ☐ No

If yes, please provide the following information with respect to each child:

| Name and Address of Child | DOB | Is the Child Dependent on You? |
|---|---|---|
| Destiny Markham | 7/29/2004 | Yes, disabled for life |
| Dorothy Markham | 10/5/1989 | No |
| Taylor Nicole Markham | 10/10/1994 | No |
| | | |

9. Other than children identified above, identify the name and age of any person who currently resides with you and their relationship to you:

Patricia Markham - 63, Sister

Justin Brezicky - 28, Soon to be Son in law

10. Please state your highest level of education: some high school, high school graduate, some college, college graduate, or post-graduate degree and identify the institution at which you attained your highest level of education.

12th Grade - Ben Salem High School

11. Are you claiming damages for lost wages: ☐ Yes ☒ No

12. If so, for what time period: N/A

13. Please provide the following employment information for the period beginning two years before your IVC filter implant or the past 10 years, whichever is shorter:

| Employer | Job Title/Duties | Dates of Employment | Salary/Pay Rate |
|---|---|---|---|
| Retired 1999 | | | |
| | | | |
| | | | |
| | | | |

    a.    Have you filed for bankruptcy from 2 years prior to the date of first placement of the Inferior Vena Cava Filter to the present?: ☐Yes ☒No

    b.    If so, state the year you filed and whether the bankruptcy trustee been notified of your pending claim.

_____

14. Have you ever served in any branch of the military? ☐Yes ☒No

    a.    If yes, please provide the branch and dates of service, rank upon discharge and the type of discharge you received:

_____

15. Within the last ten (10) years, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty? ☐Yes ☒No

If yes, please set forth where, when and the felony and/or crime of fraud and/or dishonesty:

_____

_____

16. Do you have a computer? ☐Yes ☒No

17. If so, do you now or have you in the past had an account with Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn or other social media websites? ☒Yes ☐No ☐Not Applicable

## III. DEVICE INFORMATION

1. Date of Implant: __November 28, 2012__
2. Reason for Implant: _____Surgery Precaution_____
3. Brand Name: __Gunther Tulip__
4. Mfr. __Cook Medical Inc.__
5. Lot Number: __E2B04973__
6. Placement Physician (Name/Address): __Gustavo Sanchez - 1201 Langhorne-Newtown Rd., Langhorne, PA 19047__
7. Medical Facility (Name/Address): __St. Mary Medical Center - 1201 Langhorne-Newtown Rd., Langhorne, PA 19047__

(This section to be used if more than one filter is at issue)

1. Date of Implant: _____
2. Reason for Implant: _____
3. Brand Name: _____
4. Mfr. _____
5. Lot Number: _____
6. Placement Physician (Name/Address): _____
7. Medical Facility (Name/Address): _____

Have you ever been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for the treatment of the same condition(s) identified in your answer above?

    a.  If yes, please identify any such device(s) or product(s). _____

    b.  When was this device or product implanted in you? _____

    c.  Provide the name, address and phone number of the physician(s) who implanted this other device or product? _____

    d.  Provide the name and address of facilities where the other device or product implanted in you? _____

    e.  State your understanding of why was the other device or product implanted in you? _____

*• Attach medical evidence of product identification*

## IV. RETRIEVAL/REMOVAL/EXPLANT PROCEDURE INFORMATION

    1.  Date of retrieval (including any attempts): _____
    2.  Type of retrieval: _____
    3.  Retrieval physician (Name/Address): _____
    4.  Medical Facility (Name/Address): _____
    5.  Reason for Retrieval: _____

(This section to be used if more than one retrieval attempted)

    1.  Date of retrieval (including any attempts): _____
    2.  Type of retrieval: _____
    3.  Retrieval physician (Name/Address): _____
    4.  Medical Facility (Name/Address): _____
    5.  Reason for Retrieval: _____

    1.  Date of retrieval (including any attempts): _____
    2.  Type of retrieval: _____
    3.  Retrieval physician (Name/Address): _____
    4.  Medical Facility (Name/Address): _____
    5.  Reason for Retrieval: _____

    1.  Date of retrieval (including any attempts): _____
    2.  Type of retrieval: _____
    3.  Retrieval physician (Name/Address): _____
    4.  Medical Facility (Name/Address): _____
    5.  Reason for Retrieval: _____

## V.  OUTCOME ATTRIBUTED TO DEVICE

| | |
|---|---|
| ☐ **Migration** | ☐ Other_____ |
| ☒ **Tilt** | ☐ Other_____ |
| ☒ **Vena Cava Perforation** | ☐ Other_____ |
| ☐ **Fracture** | ☐ Other_____ |
| ☒ **Device is unable to be retrieved** | ☐ Other_____ |
| ☐ **Bleeding** | ☐ Other_____ |
| ☐ **Organ Perforation** | ☐ Other_____ |

## VI. HOW OUTCOME(S) ATTRIBUTED TO DEVICE DETERMINED

Imaging Studies_____ by ____Mid- Delaware Imaging_____
(e.g. imaging studies, surgery, doctor visits)
_____ by _____
_____ by _____
_____ by _____

## VII. CURRENT COMPLAINTS

Describe all injuries and physical complaints you attribute to the device:

I have very bad leg cramps, severe stomach pains, stressed and anxiety which lead to lack of sleep. I am very depressed and find myself crying at times as i am afraid the device will break and kill me. I have a disabled child that is dependant on me for life and am in constant fear that this device will take me away from her.

## VIII. MEDICAL BACKGROUND

1.  Provide your <u>current</u>: Age ___57___ Height ___5'3"___ Weight ___270___
2.  Provide your:  Age ___52___ Weight ___370___ (approximate, if unknown) <u>at the time</u> the Cook Inferior Vena Cava Filter was implanted in you.

5

3. In chronological order, list any and all hospitalizations and outpatient procedures you had in the five (5) year period BEFORE implantation of the Cook Inferior Vena Cava Filter(s). Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each hospitalization or outpatient procedure; and provide the approximate date(s) for each:

| Approximate Date | Doctor or Healthcare Provider Involved (including address) |
|---|---|
| March 2002 | Dr. Ashok Threnki - 3 Cornerstone Drive, Langhorne, PA 19047 |
| | |
| | |

*[Attach additional sheets as necessary to provide the same information for any and all surgeries leading up to implantation of the Cook Inferior Vena Cava Filter(s)]*

4. <u>Before the implantation</u> of the Cook Inferior Vena Cava Filter(s), did you regularly exercise or participate in activities that required lifting or strenuous physical activity?

☒ Yes ☐ No

5. In chronological order, list any and all hospitalizations and outpatient procedures you had AFTER implantation of the Cook Inferior Vena Cava Filter(s). Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each hospitalization or outpatient procedure, and provide the approximate date(s) for each:

| Approximate Date | Doctor or Healthcare Provider Involved (including address) |
|---|---|
| 2015 | Endomitrial Cancer, Complete Hysterectomy<br>Helen F. Graham Cancer Center - 4701 Ogletown Stanton Rd., Newark, DE |
| 2015 | Carpel Tunnel(Both Hands) - Dr. Singh, Dover, DE |
| | |

6. To the extent not already provided in the charts above, provide the name, address, and telephone number of every doctor, hospital or other health care provider from which you have received medical advice and/or treatment in the past seven (7) years:

| Name and Specialty | Address | Approximate Dates/Years of Visits |
|---|---|---|
| Dr. Chaudry | Christiana Cardiovascular<br>4755 Ogletown Stanton Rd<br>Newark, DE 19718 | 2013 - Present |
| Dr. Jacobs | Christiana Care<br>100 Main St., Suite 207<br>Smyrna, DE | 2015 - Present |
| Dr. Singh | 655 Bay Rd.<br>Dover, DE | 2015 - Present |
| Dr. Grace(Psychiatrist) | 156 S. State Street<br>Dover, DE | 2013 - Present |

7. <u>Since the date</u> that the Cook Inferior Vena Cava Filter(s) was implanted, have you regularly exercised, or regularly participated in activities that required lifting, or regularly engaged in strenuous physical activity?

☐Yes ☒No

Describe each activity which you contend has been limited or which you contend that you can no longer engage in because of receiving of your Cook Inferior Vena Cava Filter(s).

Have a hard time doing anything as i am in pain and fear of something happening with the filter.

8. Number of Deep Vein Thromboses before and after implant of your Cook IVC Filter:
    None

9. Number of Pulmonary Emboli before and after the implant of your Cook IVC filter:
    None

10. If you had any of the following conditions beginning five years before your IVC filter implant or after it was implanted, please provide the requested information.

| Condition | Date Range | Treating Doctor and/or Facility |
|---|---|---|
| Lupus<br>☐Yes ☒No | | |
| Crohn's Disease<br>☐Yes ☒No | | |
| Factor V Leiden<br>☐Yes ☒No | | |
| Protein Deficiency<br>☐Yes ☒No | | |
| Spinal fusion/back sx<br>☐Yes ☒No | | |

| Anti-thrombin deficiency ☐Yes ☒No | | |
|---|---|---|
| Prothrombin mutation ☐Yes ☒No | | |

11. For the period beginning five (5) years before your IVC implant to the present date, describe all major health problems and surgeries you recall, other than those listed above.

| Approx. Date  Range | Health Problem or Surgery |
|---|---|
| 2007 - Present | Depression |
| Do not recall | Gastric Sleeve |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

12. If you are seeking damages for emotional distress in this lawsuit, you must respond to this question:

Have you experienced, been diagnosed with or received psychiatric or psychological treatment of any type, including therapy, for any mental health conditions including depression, anxiety or other emotional or psychiatric disorders during the three (3) years prior to the filing of this lawsuit through the present?  ☒Yes ☐No

If yes, specify condition, date of onset, medication/treatment, treating physician and current status of condition:

Severe depression. I see Dr. Grace for this and also take Cymbalta and Lamictal.

_____

_____

8

13. Do you now or have you ever smoked tobacco products?  ☒ Yes ☐ No

   If yes: How long have/did you smoke?  ___15 years, stopped 25 years ago___

14. List each prescription medication you have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present, please provide the following.

| Medication | Reason for Taking | Dates of Use | Pharmacy (with Address if Known) |
|---|---|---|---|
| Cymbalta | Depression | 2013 - Present | |
| Lamictal | Depression | 2013 - Present | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## IX.  PRIOR CLAIM INFORMATION & FACT WITNESSES

1. Have you filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury? ☐ Yes ☒ No.  If yes, specify:

   a. Court in which lawsuit/claim was filed or initiated:_____

   b. Case/Claim Number:_____

   c. Nature of Claim/Injury:_____

2. Have you applied for Workers' Compensation (WC), Social Security disability (SSI or SSD) benefits, or other State or Federal disability benefits since the placement of the device? ☐ Yes ☒ No.  If yes, specify:

   a. Date (or year) of application:_____

   b. Type of benefits sought:  _____

   c. Agency/Insurer from which you sought the benefits:_____

   d. The nature of the claimed injury/disability: _____

e. Whether the claim was accepted or denied: _____

3. Identify by name, address and relationship to you, all persons (other than your healthcare providers) who possess information concerning your injuries and/or current medical condition:

| Name | Address (if known) | Relationship to You |
|---|---|---|
| Patricia Markham | 5601 N. Dupont Hwy., Dover, DE 19901 | |
| Dorothy Markham | 5601 N. Dupont Hwy., Dover, DE 19901 | Daughter |
| | | |
| | | |
| | | |

## X. DOCUMENT REQUESTS

In addition to the requirements in Amended Case Management Order #4, Section 1.d., that each plaintiff shall provide the defendants with hard copies or electronic files of all medical records in their possession or in the possession of their attorneys or other representatives, including, but not limited to, records that support product identification, state whether you have any of the following documents in your possession or in the possession of your attorneys or other representatives. If you do, please provide a true and correct copy of any such documents with this completed Profile Sheet.

1. If you were appointed by a Court to represent the plaintiff in this lawsuit, produce any documents demonstrating such appointment.
   Applies to me and: ☐the documents are attached OR ☐I have no documents OR
   ☒Does not apply to me

2. If you represent the Estate of a deceased person in this lawsuit, produce a copy of the decedent's death certificate and autopsy report (if applicable).
   Applies to me and: ☐the documents are attached OR ☐I have no documents OR
   ☒Does not apply to me

3. Produce any Cook Inferior Vena Cava Filter product packaging, labeling, advertising, or any other product-related items.
   Applies to me and: ☐the documents are attached OR ☒I have no documents OR
   ☐Does not apply to me

4.  Produce all documents concerning any communication between you and the Food and Drug Administration (FDA), or between you and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue, except those communications that are attorney/client or work product privileged or that are between your counsel in this case and Cook or Cook's counsel.

    Applies to me and: ☐ the documents are attached OR ☒ I have no documents OR ☐ Does not apply to me

5.  Produce all documents, correspondence or communication relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or you, except those communications that are attorney/client or work product privileged or that are between your counsel in this case and Cook or Cook's counsel.

    Applies to me and: ☐ the documents are attached OR ☒ I have no documents OR ☐ Does not apply to me

6.  Produce all documents describing risks and/or benefits of Inferior Vena Cava Filters, which you received before your procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s)

    Applies to me and: ☐ the documents are attached OR ☒ I have no documents OR ☐ Does not apply to me

7.  Produce any and all documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

    Applies to me and: ☒ the documents are attached OR ☐ I have no documents OR ☐ Does not apply to me

8.  If you underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

    Applies to me and: ☐ the documents are attached OR ☐ I have no documents OR ☒ Does not apply to me

9.  If you claim lost wages or lost earning capacity, produce copies of your Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date, redacting irrelevant information.

    Applies to me and: ☐ the documents are attached OR ☐ I have no documents OR ☒ Does not apply to me

10. All documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders

Applies to me and: ☐ the documents are attached OR ☒ I have no documents OR ☐ Does not apply to me

## AUTHORIZATIONS

Provide ONE (1) SIGNED ORIGINAL copy of the records authorization form attached in Exhibit A. The form will authorize counsel for the Cook Group Companies to obtain those records identified within this Claimant Profile Form.

## VERIFICATION

I, _Currie MARKh_ declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
[Signature of Claimant]

## VERIFICATION OF LOSS OF CONSORTIUM (if applicable)

I, _____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
[Signature of Consortium Plaintiff]

Printed By: Joshua Sutton 2/5/2018 2:19:07 PM
Name: CURRIE MARKHAM Account #: LP0316401488 Discharge: 11/28/2012
MR #: 3681190

RLY-TAB Document 7683-2 Filed 02/16/18 Page 15 of 39 PageID #: 41864

St. Mary Medical Center
1201 Langhorne-Newtown Road, Langhorne, PA19047
215-710-2185
Diagnostic Imaging

*Records released to Patient*

PATIENT NAME: MARKHAM,CURRIE D          DOB: 07/21/1960 AGE: 52 SEX: F
MED REC NO: M003681190                 PT CLASS: REG SDC
ACCT NO.: LP0316401488                 PT ROOM/BED: CCL05-A
ORDER NO: 1128-0001                    DEPT: Interventional Radiology

ORDERING DR.: SANCHEZ, GUSTAVO MD        ATTENDING DR.: PRYLUCK,DAVID S MD
CC:EDWARDS,ERIC D MD; PRYLUCK,DAVID S MD; ROCK,ANTHONY J DO; SANCHEZ,GUSTAVO MD;

REASON FOR EXAM: PRE OP IVC FILTER PLACEMENT 12:00
COMMENTS: PRE OP IVC FILTER PLACEMENT 12:00
ADMITTING REASON: MORBID OBESITY 278.01
PREGNANT:       LMP:

ORDERED DATE/TIME: 11/28/12 0000          PROCEDURE: IR Request For Service
REPORT DATE/TIME:11/28/12 1414            REPORT NO.: 1128-0396

## Status: Signed

Inferior vena cavagram and inferior vena caval filter placement 11/28/2012.

Complications: None.

Medications: Moderate sedation was monitored by radiology nursing staff.

Indication: 52-year-old female with morbid obesity presents for prophylactic IVC filter placement in advance of gastric bypass surgery.

Procedure: Initially via a right common jugular approach, a diagnostic inferior vena cavagram was obtained to evaluate for caval thrombus, renal vein anatomy/anomalies and location, caval anatomy/anomalies and diameter. After the diagnostic study, an attempt was made to place an inferior vena cava filter via the right internal jugular vein. However, due to the thickness of the patient's neck, the inferior vena cava filter could not be manipulated beyond the distal internal jugular vein. The catheter was withdrawn and hemostasis was achieved with manual compression.

Next, via a right common femoral approach, a diagnostic inferior vena cavagram was obtained to evaluate for caval thrombus, renal vein anatomy/anomalies and location, caval anatomy/anomalies and diameter. Following the diagnostic study, a Gunther Tulip inferior vena caval filter was deployed just below the lowest renal vein. Post placement radiograph demonstrated good position. The sheath was then removed and compression applied to the puncture site until hemostasis was achieved.

Findings: Real time ultrasound demonstrates anechoic and compressible right internal jugular and common femoral veins. Diagnostic inferior vena cavagram demonstrates a normal sized inferior vena cava without evidence of caval thrombus or renal vein or other venous anomaly.

Impression: Successful placement of inferior vena caval filter, as detailed above. Please contact interventional radiology for the retrieval of the inferior vena caval filter after the patient's postoperative recovery.

PAGE:1 OF 2
PATIENT NAME:MARKHAM,CURRIE D
MR#: M003681190
REPORT#:1128-0396

Printed By: Joshua Sutton 2/5/2018 2:15:01 PM
Name: CURRIEMARKHAM Account #: LP0316401488 Discharge: 11/28/2012
MR #: 3681190

ST. MARY'S MEDICAL CENTER
DIAGNOSTIC IMAGING
PT. NAME:MARKHAM,CURRIE D
MED REC NO:M003681190
ACCOUNT#:LP0316401488
REPORT#:1128-0396


TECHNOLOGIST:              REB
READING DOCTOR:          PRYLUCK,DAVID S MD

<<Signature on File>>
ELECTRONICALLY SIGNED BY:              PRYLUCK,DAVID S MD
PRINTED: 1421

PAGE:2 OF 2
PATIENT NAME:MARKHAM,CURRIE D
MR#: M003681190
REPORT#:1128-0396

Printed By: Rosa Dominguez 11/26/2012 07:09
Name: CURRIEMARKHAM Account #: LP0316401488 Discharge: 11/28/2012
MR #: 3681190

M003681190
MARKHAM, CURRIE
11/28/2012   F  52Y 07/21/1960
SANCHEZ, GUSTAVO  MD
LP0316401488
Patient Label



## St. Mary
Medical Center

### PROGRESS NOTES

All entries must be signed, dated and timed.

Date: ____ Time: ____ REF: IGTCFS9-85-1-FEM-TULIP
LOT: E2804973
DESC: Günther Tulip™ Vena Cava Filter Femoral Approach

11-28-12

| 11/28/12 | RM VIR |
| 2 PM | Infra Venuavogram + IVC filter placement |
| | Morbid obesity        Mild sedation per RN |
| | Ø Cips |
| | ① Farted pleut via ⓡ IJ |
| | ② Sheofs pleut breath Tulip via ⓡ CFV |

_____ David S Pyumeno

PROGRESS NOTES

81-00-810072 (REV. 3/09)

## AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

To:

I, the undersigned, hereby authorize and request the Custodian of the above-named entity to disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204 _____ any and all medical records, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.

This authorization specifically does **not** permit Wooden & McLaughlin LLP to discuss any aspect of my medical care, medical history, treatment, diagnosis, prognosis, or any other circumstances revealed by or in the medical records with my medical providers, past or present, ex parte and without the presence of my attorney.  Records requested may include, but are not limited to:

a)   all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, communicable disease testing and treatment records, correspondence, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consent for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports and requisition records, and any other written materials in its possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatments or procedures.  I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. This authorization and release does not allow _____ to request or take possession of pathology/cytology specimens, extracted mesh, pathology/cytology or hematology slides, wet tissue or tissue blocks.

b)   complete copies of all prescription profile records, prescription slips, medication records, orders for medication, payment records, insurance claims forms correspondence and any other records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ **v. Cook Medical Inc., et al.** or (ii) five (5) years after the date of signature of the undersigned below.  The purpose of this authorization is for civil litigation.

### NOTICE

- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS records and information to Wooden & McLaughlin LLP.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Wooden & McLaughlin LLP.

Currie MARKHAM
_____
Name of Patient (Print)

Cerri Markhm
_____
Signature   of   Patient   or   Individual

_____
Former/Alias/Maiden Name of Patient

_____
Date

7/21/60
_____
Patient's Date of Birth

_____
Name of Patient Representative

164 54 5756
_____
Patient's Social Security Number

_____
Description of Authority

5601 N DuPont Hwy
Dover De. 19901
_____
Patient's Address

## AUTHORIZATION AND CONSENT
## TO RELEASE PSYCHOTHERAPY NOTE

Name of Individual:
Social Security Number:
Date of Birth:
Provider Name:

TO:       All physicians, hospitals, clinics and institutions, pharmacists and other healthcare providers

          The Veteran's Administration and all Veteran's Administration hospitals, clinics, physicians and employees

          The Social Security Administration

          Open Records, Administrative Specialist, Department of Workers' Claims

          All employers or other persons, firms, corporations, schools and other educational institutions

The undersigned individual herby authorizes each entity included in any of the above categories to furnish and disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204 and its authorized representatives, true and correct copies of all "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize Wooden & McLaughlin LLP to engage in ex parte communication concerning same.

- This authorization provides for the disclosure of the above-named patient's protected health information for purposes of the following litigation matter: _____ v. Cook Medical, Inc., et al.

- The undersigned individual is hereby notified and acknowledges that any health care provider or health plan disclosing the above requested information may not condition treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization.

- The undersigned individual is hereby notified and acknowledges that he or she may revoke this authorization by providing written notice to Wooden & McLaughlin LLP and/or to one or more entities listed in the above categories, except to the extent that any such entity has taken action in reliance on this authorization.

- The undersigned is hereby notified and acknowledges that he or she is aware of the potential that protected health information disclosed and furnished to the recipient pursuant to this authorization is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- The undersigned is hereby notified that he/she is aware that any and all protected health information disclosed and ultimately furnished to Wooden & McLaughlin LLP in accordance with orders of the court pursuant to this authorization will be shared with any and all co-defendants in the matter of _____ v. Cook Medical, Inc., et al. and is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned.

**I have carefully read and understand the above and do hereby expressly and voluntarily authorize the disclosure of all of my above information to** Wooden & McLaughlin LLP **and its authorized representatives, by any entities included in the categories listed above.**

Date: _____

Individual's Name and Address:

Corrie MARKham

3601 N Dupont Hwy

Dover De 19901

_____
Signature of Individual or Individual's Representative

_____
Printed Name of Individual's Representative (If applicable)

_____
Relationship of Representative to Individual (If applicable)

_____
Description of Representative's authority to act for Individual (If applicable)

**This authorization is designed to be in compliance with the Health Insurance Portability and Accountability Act, and the regulations promulgated thereunder, 45 CFR Parts 160 and 164 (collectively, "HIPAA").**

## AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204, any and all records containing insurance information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature. Records requested may include, but are not limited to:

> applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. By signing this authorization, I expressly do not authorize Wooden & McLaughlin LLP to engage in any ex parte interview or oral communication about me or any information contained in the materials produced without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ **v. Cook Medical, Inc., et al.** or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

NOTICE
* **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
* **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
* **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
* **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
* **The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Wooden & McLaughlin LLP</u>.

_Currie Markham_
Name of Individual

_Signature of Individual or Individual Representative_

Former/Alias/Maiden Name of Individual

Date

_7/21/60_
Individual's Date of Birth

Name of Individual Representative

_164 54 5756_
Individual's Social Security Number

Description of Authority

_3601 N Dupont_
Individual's Address

## AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of <u>Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204</u>, any and all records containing Medicaid information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature. This authorization should also be construed to permit agents or designees of <u>Wooden & McLaughlin LLP</u> to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

    all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospitals, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of _____; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation. By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my medical history by <u>Wooden & McLaughlin LLP</u> without the presence of my attorney.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to <u>Wooden & McLaughlin LLP</u>, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by <u>Wooden & McLaughlin LLP</u>.**
-

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Wooden & McLaughlin LLP.

CurrieMarkham _____

Name of Individual | Signature of Individual or Individual

_____ | _____

Former/Alias/Maiden Name of Individual | Date

7/21/60

Individual's Date of Birth | Name of Individual Representative

164 54 5754

Individual's Social Security Number | Description of Authority

5601 N Dupont

Individual's Address

## AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204, any and all records containing employment information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.  Records requested may include, but are not limited to:

    all applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; all hospital, physician, clinic, infirmary, nurse, dental records; test results, physical examination records and other medical records; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; material safety data sheets, chemical inventories, and environmental monitoring records and all other employee exposure records pertaining to all positions held; and any other records concerning employment with the above-named entity.  I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.  By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my employment history by Wooden & McLaughlin LLP without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below.  A copy of this authorization may be used in place of and with the same force and effect as the original.  The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Wooden & McLaughlin LLP.

| | |
|---|---|
| Name of Employee | Signature of Employee or Employee Representative |
| Former/Alias/Maiden Name of Employee | Date |
| Employee's Date of Birth | Name of Employee Representative |
| Employee's Social Security Number | Description of Authority |
| Employee's Address | |

## AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204, any and all records containing Workers' Compensation information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.  Records requested may include, but are not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records, transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made; investigatory reports and records; applications for employment; records of all positions held; job descriptions of any positions held; salary records; performance evaluations and reports; statements and comments of fellow employees; attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or invoices; and any other records relating to the above-named individual. Copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.  This authorization is for the release of records only and does not allow Wooden & McLaughlin to engage in ex parte communications regarding the subject matter of this release and without the presence of my attorney.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Wooden & McLaughlin LLP.

Currie Markham
Name of Individual

_____
Former/Alias/Maiden Name of Individual

7/21/60
Individual's Date of Birth

164 54 5756
Individual's Social Security Number

5601 N Dupont
Individual's Address

_____
Signature of Individual or Individual Representative

_____
Date

_____
Name of Individual Representative

_____
Description of Authority

Social Security Administration
Consent for Release of Information

Form Approved
OMB No 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

TO:  Social Security  Administration

Currie Markham          7/21/60          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
_____*Name*_____        \*Date of Birth          \*Social Security Number

I authorize the Social Security Administration to release information or records about me to:

\*NAME                                    \*ADDRESS

Wooden  & McLaughlin  LLP               211 N  Pennsylvania  St.        Ste.1800

                                        Indianapolis, IN 46204

\*I want  this  information released  because:          civil litigation
*There may be a charge  for releasing information.*

\*Please  release  the  following  information  selected  from  the  list below:
*You  must  check  at least one  box.  Also,  SSA  will not  disclose  records  unless  applicable  date ranges  are included.*

☐ Social Security  Number

☐ Current  monthly Social Security  benefit  amount

☐ Current  monthly Supplemental Security  Income  payment  amount

☐ My  benefit/payment amounts  from _____  to _____

☐ My  Medicare  entitlement from _____  to _____

☐ Medical  records  from my claims folder(s)  from _____  to _____
   *If you want  SSA  to release  a minor's  medical  records,  do not  use  this  form but  instead  contact
   your local  SSA  office.*

☐ Complete  medical  records  from my claims  folder(s)

☐ Other  record(s)  from  my file  (e.g. applications, questionnaires, consultative  examination reports,
   determinations, etc.)

I am the individual to whom the requested information/record  applies, or the parent  or  legal guardian  of a minor,
or the  legal guardian  of  a legally incompetent  adult.  I declare  under  penalty  of perjury in accordance  with 28
C.F.R.  §  16.41(d)(2004) that  I have  examined  all  the  information  on this  form, and on any  accompanying
statements or forms, and it is true  and correct  to the  best  of my knowledge. I understand  that  anyone  who
knowingly or willfully  seeking  or obtaining  access  to records  about  another  person under  false  pretenses  is
punishable by a fine  of up to $5,000.  I also  understand  that any  applicable  fees  must be paid by me.

\*Signature: _____  – \*Date: _____

Relationship  *(if not  the  individual):* _____     \*Daytime Phone: _____

Form SSA-3288 (07-2010) EF (07-2010)

Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian acting on behalf of a minor, you may complete this form to release only the minor's non-medical records. If you are requesting information for a purpose not directly related to the administration of any program under the Social Security Act, a fee may be charged.

NOTE: Do not use this form to:

Request us to release the medical records of a minor. Instead, contact your local office by calling 1-800-772-1213 (TTY-1-800-325-0778) or

Request information about your earnings or employment history. Instead, complete form SSA-7050-F4 at any Social Security office or online at www.ssa.gov/online/ssa-7050.pdf

How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (•) indicates a required field. Also, we will not honor blanket requests for "all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the information applies.

Fill in the name and address of the individual (or organization) to whom you want us to release your information.

Indicate the reason you are requesting us to disclose the information.

Check the box(es) next to the type(s) of information you want us to release including the date ranges, if applicable.

You, the parent or legal guardian acting on behalf of a minor, or the legal guardian of a legally incompetent adult, must sign and date this form and provide a daytime phone number where you can be reached.

If you are not the person whose information is requested, state your relationship to that person. We may require proof of relationship.

PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. The information you provide will be used to respond to your request for SSA records information or process your request when we release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent.

We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, in accordance with 5 U.S.C. § 552a(b) of the Privacy Act, we may disclose the information provided on this form in accordance with approved routine uses, which include but are not limited to the following: 1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and/or coverage; 2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; 3. To comply with Federal laws requiring the disclosure of the information from our records; and, 4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Additional information regarding this form, routine uses of information, and other Social Security programs are available from our Internet website at www.socialsecurity.gov or at your local Social Security office.

PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778). You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.

Form SSA-3288 (07-2010) EF (07-2010) Destroy Prior Editions



**Medicare**

Beneficiary Services:1-800-MEDICARE (1-800-633-4227)
TTY/TDD:1-877-486-2048

This form is used to advise Medicare of the person or persons you have chosen to have access to your personal health information.

**Where to Return Your Completed Authorization Forms:**
After you complete and sign the authorization form, return it to the address below:

**Medicare BCC, Written Authorization Dept.**
**PO Box 1270**
**Lawrence, KS 66044**

**For New York Medicare Beneficiaries ONLY**
The New York State Public Health Law protects information that reasonably could identify someone as having HIV symptoms or infection, and information regarding a person's contacts. Because of New York's laws protecting the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV, there are special instructions for how you, as a New York resident, should complete this form.

- For question 2A, check the box for *Limited Information,* even if you want to authorize Medicare to release any and all of your personal health information.

- **Then proceed to question 2B.**

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

Instructions for Completing Section 2B of the Authorization Form:
*Please select one of the following options.*

- **Option 1 To include** all information, in the space provided, write: "all information, including information about alcohol and drug abuse, mental health treatment, and HIV". Proceed with the rest of the form.

- **Option 2 To exclude** the information listed above, write "Exclude information about alcohol and drug abuse, mental health treatment and HIV" in the space provided. *You may also check any of the remaining boxes and include any additional limitations in the space provided.* For example, you could write "payment information". Then proceed with the rest of the form.

If you have any questions or need additional assistance, please feel free to call us at 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

Sincerely,


1-800-MEDICARE
Customer Service Representative


Encl.

### Information to Help You Fill Out the
### "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form

By law, Medicare must have your written permission (an "authorization") to use or give out your personal medical information for any purpose that isn't set out in the privacy notice contained in the Medicare & You handbook. You may take back ("revoke") your written permission at any time, except if Medicare has already acted based on your permission.

If you want 1-800-MEDICARE to give your personal health information to someone other than you, you need to let Medicare know in writing.

If you are requesting personal health information for a deceased beneficiary, please include a copy of the legal documentation which indicates your authority to make a request for information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.) Also, please explain your relationship to the beneficiary.

Please use this step by step instruction sheet when completing your "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form. Be sure to complete all sections of the form to ensure timely processing.

1. Print the name of the person with Medicare.

   Print the Medicare number exactly as it is shown on the red, white, and blue Medicare card, including any letters (for example, 123456789A).

   Print the birthday in month, day, and year (mm/dd/yyyy) of the person with Medicare.

2. This section tells Medicare what personal health information to give out. Please check a box in 2a to indicate how much information Medicare can disclose. If you only want Medicare to give out limited information (for example, Medicare eligibility), also check the box(es) in 2b that apply to the type of information you want Medicare to give out.

3. This section tells Medicare when to start and/or when to stop giving out your personal health information. Check the box that applies and fill in dates, if necessary.

4. Medicare will give your personal health information to the person(s) or organization(s) you fill in here. You may fill in more than one person or organization. If you designate an organization, you must also identify one or more individuals in that organization to whom Medicare may disclose your personal health information.

5. The person with Medicare or personal representative must sign their name, fill in the date, and provide the phone number and address of the person with Medicare.

   If you are a personal representative of the person with Medicare, check the box, provide your address and phone number, and attach a copy of the paperwork that shows you can act for that person (for example, Power of Attorney).

6. Send your completed, signed authorization to Medicare at the address shown here on your authorization form.

7. If you change your mind and don't want Medicare to give out your personal health information, write to the address shown under number six on the authorization form and tell Medicare. Your letter will revoke your authorization and Medicare will no longer give out your personal health information (except for the personal health information Medicare has already given out based on your permission).

You should make a copy of your signed authorization for your records before mailing it to Medicare.

### 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

*Currie Markham*  _____  *7/21/60*

1. **Print Name**                    **Medicare Number**            **Date of Birth**
   (First and last name of the person with Medicare)   (Exactly as shown on the Medicare Card)   (mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

   **2A: Check only one box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information (go to question 2b)

   ☐ Any Information (go to question 3)

   **2B: Complete only if you selected "limited information". Check all that apply:**

   ☐ Information about your Medicare eligibility

   ☐ Information about your Medicare claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium payments

   ☐ Other Specific Information (please write below; for example, payment information)

   _____

3. **Check only one box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law-for example, your State may limit how long Medicare may give out your personal health information):

   ☐ Disclose my personal health information indefinitely

   ☐ Disclose my personal health information for a specified period only
   beginning: (mm/dd/yyyy)        and ending: (mm/dd/yyyy) _____

4. Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:

1. Name:   Wooden & McLaughlin LLP

    Address:  211 N. Pennsylvania St., Suite 1800

                 Indianapolis, IN  46204

2. Name: _____

    Address: _____

            _____

3. Name: _____

    Address: _____

            _____

5.

I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form. I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.

_____    321 830 7700

Signature                   Telephone Number         Date (mm/dd/yyyy)

Print the address of the person with Medicare (Street Address, City, State, and ZIP)

_____

_____

☐ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This _only_ applies if someone other than the person with Medicare signed above.

Print the Personal Representative's Address (Street Address, City, State, and ZIP)

_____

_____

Telephone Number of Personal Representative: _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Personal Representative's Relationship to the Beneficiary: _ _ _ _ _ _ _ _ _ _ _ _ _

6. Send the completed, signed authorization to:

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

7. **Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930**. The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.