**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:

*Brenda Helms, Bankruptcy Trustee for the
Estate of Arthur Gage,
v. Cook Medical, Inc. et al.,*

Case No. 1:14-cv-01875-RLY-TAB

---

**COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S COMMENTS REGARDING
WHETHER STATUTE OF LIMITATIONS ISSUE IS JURISDICTIONAL**

Toward the end of the monthly status conference held on February 15, 2018, counsel for Plaintiff raised the issue of whether the Illinois statute of limitations applicable to this product liability action (735 Ill. Comp. Stat. Ann. 5/13-202) is jurisdictional. Having reviewed the issue, the Cook Defendants find no support for Plaintiff's position. On the contrary, Seventh Circuit case law is clear: "'[I]f the right upon which the request for relief is based is a common law right, the time limitation is merely a procedural matter not affecting the jurisdiction of the tribunal.'" *Smith v. City of Chicago Heights*, 951 F.2d 834, 838 (7th Cir. 1992) (citing *Charleston Cmty. Unit School Dist. No. 1 v. Illinois Educ. Labor Relations Bd.*, 203 Ill. App. 3d 619, 623 (Ill. Ct. App. 1990)). Here, all of Mr. Gage's personal injury claims are based on common law rights. As such, the limitation period at issue is procedural, not jurisdictional. *Id.*; *see also Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund v. Van Vorst Indus., Inc.*, 800 F. Supp. 587, 592-93 (N.D. Ill. 1992).

Moreover, the Seventh Circuit has made clear that although "[t]imely suit is a condition of relief, . . . the time limits in litigation *do not detract from a court's adjudicatory competence*." *Wisconsin Valley Imp. Co. v. U.S.*, 569 F.3d 331, 333-334 (7th Cir. 2009) (emphasis added); *Fredman Bros. Furniture Co., Inc. v. Department of Revenue*, 109 Ill.2d 202, 209-210 (Ill. 1985) ("Statutes of limitation only fix the time within which the remedy for a particular wrong may be sought.  They are procedural in nature and are not designed to alter substantive rights.").  As such, the Court retains jurisdiction over the *Gage* matter until a final judgment is entered and it is not divested of its jurisdictional authority once it determines Plaintiff's claims are time-barred in whole, or in part.  The Court, therefore, is well within its right to enter summary judgment on all issues raised in the Cook Defendant's Summary Judgment Motion.

                    Respectfully submitted,

Dated:  February 20, 2018        /s/ Andrea Roberts Pierson
        Andrea Roberts Pierson (# 18435-49)
        J. Joseph Tanner (# 11856-49)
        FAEGRE BAKER DANIELS LLP
        300 North Meridian Street, Suite 2700
        Indianapolis, Indiana  46204
        Telephone:  (317) 237-0300
        Facsimile:  (317) 237-1000
        E-Mail:  andrea.pierson@faegrebd.com
        E-Mail:  joe.tanner@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson