## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS               Case No. 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES AND                  MDL No. 2570
PRODUCTS LIABILITY LITIGATION

_____

This Document Relates to the Following Actions:

1:16-cv-03406; 1:16-cv-06038; 1:16-cv-06039; 1:16-cv-06049; 1:17-cv-00811; 1:17-cv-00858;
1:17-cv-01020; 1:17-cv-01023; 1:17-cv-01449; 1:17-cv-01479; 1:17-cv-01516; 1:17-cv-01634;
1:17-cv-01635; 1:17-cv-01706; 1:17-cv-01790; 1:17-cv-01936; 1:17-cv-01947; 1:17-cv-01980;
1:17-cv-02012; 1:17-cv-02024; 1:17-cv-02055; 1:17-cv-02073; 1:17-cv-02081; 1:17-cv-02269;
1:17-cv-02315; 1:17-cv-02323; 1:17-cv-02324; 1:17-cv-02326; 1:17-cv-02496; 1:17-cv-02531;
1:17-cv-02533; 1:17-cv-02667; 1:17-cv-02679; 1:17-cv-02687; 1:17-cv-02784; 1:17-cv-02927;
1:17-cv-02932; 1:17-cv-03049; 1:17-cv-03064; 1:17-cv-03111; 1:17-cv-03127; 1:17-cv-03132;
1:17-cv-03155; 1:17-cv-03165; 1:17-cv-03178; 1:17-cv-03223; 1:17-cv-03225; 1:17-cv-03228;
1:17-cv-03242; 1:17-cv-03243; 1:17-cv-03270; 1:17-cv-03277; 1:17-cv-03317; 1:17-cv-03331;
1:17-cv-03340; 1:17-cv-03341; 1:17-cv-03376; 1:17-cv-03379; 1:17-cv-03392; 1:17-cv-03396;
1:17-cv-03403; 1:17-cv-03407; 1:17-cv-03409; 1:17-cv-03438; 1:17-cv-03452; 1:17-cv-03462;
1:17-cv-03463; 1:17-cv-03464; 1:17-cv-03468; 1:17-cv-03476; 1:17-cv-03486; 1:17-cv-03527;
1:17-cv-03555; 1:17-cv-03557; 1:17-cv-03564; 1:17-cv-03566; 1:17-cv-03576; 1:17-cv-03586;
1:17-cv-03587; 1:17-cv-03592; 1:17-cv-03593; 1:17-cv-03594; 1:17-cv-03595; 1:17-cv-03597;
1:17-cv-03599; 1:17-cv-03600; 1:17-cv-03602; 1:17-cv-03603; 1:17-cv-03604; 1:17-cv-03618;
1:17-cv-03621; 1:17-cv-03622; 1:17-cv-03629; 1:17-cv-03635; 1:17-cv-03654; 1:17-cv-03657;
1:17-cv-03683; 1:17-cv-03688; 1:17-cv-03695; 1:17-cv-03699; 1:17-cv-03713; 1:17-cv-03714;
1:17-cv-03719; 1:17-cv-03729; 1:17-cv-03732; 1:17-cv-03733; 1:17-cv-03754; 1:17-cv-03756;
1:17-cv-03766; 1:17-cv-03769; 1:17-cv-03774; 1:17-cv-03776; 1:17-cv-03778; 1:17-cv-03796;
1:17-cv-03806; 1:17-cv-03809; 1:17-cv-03810; 1:17-cv-03813; 1:17-cv-03814; 1:17-cv-03815;
1:17-cv-03836; 1:17-cv-03838; 1:17-cv-03840; 1:17-cv-03841; 1:17-cv-03844; 1:17-cv-03847;
1:17-cv-03849; 1:17-cv-03866; 1:17-cv-03903; 1:17-cv-03908; 1:17-cv-03930; 1:17-cv-03931;
1:17-cv-03932; 1:17-cv-03933; 1:17-cv-03958; 1:17-cv-03973; 1:17-cv-03991; 1:17-cv-03992;
1:17-cv-04017; 1:17-cv-04020; 1:17-cv-04025; 1:17-cv-04026; 1:17-cv-04041; 1:17-cv-04042;
1:17-cv-04047; 1:17-cv-04050; 1:17-cv-04051; 1:17-cv-04052; 1:17-cv-04056; 1:17-cv-04085;
1:17-cv-04088; 1:17-cv-04089; 1:17-cv-04090; 1:17-cv-04092; 1:17-cv-04093; 1:17-cv-04094;
1:17-cv-04096; 1:17-cv-04100; 1:17-cv-04112; 1:17-cv-04115; 1:17-cv-04116; 1:17-cv-04118;
1:17-cv-04120; 1:17-cv-04130; 1:17-cv-04131; 1:17-cv-04132; 1:17-cv-04134; 1:17-cv-04137;
1:17-cv-04138; 1:17-cv-04139; 1:17-cv-04157; 1:17-cv-04176; 1:17-cv-04178; 1:17-cv-04179;
1:17-cv-04180; 1:17-cv-04182; 1:17-cv-04183; 1:17-cv-04186; 1:17-cv-04189; 1:17-cv-04190;
1:17-cv-04192; 1:17-cv-04197; 1:17-cv-04211; 1:17-cv-04223; 1:17-cv-04224; 1:17-cv-04225;
1:17-cv-04226; 1:17-cv-04227; 1:17-cv-04228; 1:17-cv-04230; 1:17-cv-04232; 1:17-cv-04234;
1:17-cv-04235; 1:17-cv-04236; 1:17-cv-04237; 1:17-cv-04246; 1:17-cv-04248; 1:17-cv-04249;

1:17-cv-04250; 1:17-cv-04251; 1:17-cv-04252; 1:17-cv-04254; 1:17-cv-04256; 1:17-cv-04259; 1:17-cv-04290; 1:17-cv-04305; 1:17-cv-04308; 1:17-cv-04317; 1:17-cv-04352; 1:17-cv-04353; 1:17-cv-04357; 1:17-cv-04360; 1:17-cv-04389; 1:17-cv-04390; 1:17-cv-04391; 1:17-cv-04400; 1:17-cv-04436; 1:17-cv-04451; 1:17-cv-04482; 1:17-cv-04516; 1:17-cv-04518; 1:17-cv-04520; 1:17-cv-04521; 1:17-cv-04522; 1:17-cv-04528; 1:17-cv-04529; 1:17-cv-06064; 1:17-cv-06069; and 1:17-cv-06076.

_____

## REPLY IN SUPPORT OF THE COOK DEFENDANTS' MOTION TO DISMISS

On February 1, 2018, the Cook Defendants filed their Motion to Dismiss [Doc. No. 7600].  The motion sought to dismiss 235 cases with plaintiffs who failed to comply with Third Amended Case Management Order No. 4 ("CMO No. 4").  There were, generally, four responses to the Motion to Dismiss: (1) requests for more time in 58 cases with no attempt to substantively respond or explain the deficiencies; (2) requests for more time in 14 cases because the plaintiff could not be reached by counsel; (3) production of deficient discovery in 98 cases; and (4) dismissal of the matter or production of a plaintiff profile sheet, medical authorizations, and medical records in 48 cases.[1]

The Cook Defendants respectfully request the Court dismiss cases involving (1) plaintiffs who did not substantively reply to the Motion to Dismiss, (2) plaintiffs who could not be reached, and (3) plaintiffs who produced deficient documents.

### I.    Plaintiffs requesting more time with no explanation and substantive response must be dismissed.

Fifty-eight plaintiffs have "responded" by requesting more time despite offering no substantive response to the Cook Defendants' Motion to Dismiss, offering no explanation for their failure, and making no effort to comply with the case management order (the "No-Response-Plaintiffs.  A list of the No-Response-Plaintiffs has been attached as Exhibit 1.

_____

[1] Seventeen plaintiffs submitted no response whatsoever.  A list of these plaintiffs has been provided to the court.

US.116574906.02

For example, the Cook Defendants sought to dismiss 73 plaintiffs represented by Debra Humphry of Marc J. Bern & Partners LLP.  Counsel did not submit any documents in response to the Cook Defendants' Motion to Dismiss for 57 of those plaintiffs.[2]

The No-Response-Plaintiffs failed to comply with CMO No. 4.  In response to the Cook Defendants' Motion to Dismiss, they've asked for more time anyway.  The No-Response-Plaintiffs ask the Court to overlook their failure, and allow their unsupported request to prevent dismissal.  That request has no basis in fact or law.  The No-Response-Plaintiffs must be dismissed.  CMO No. 4, ¶ 1(g).

**II.     Plaintiffs requesting more time because counsel cannot contact them must be dismissed.**

Fourteen plaintiffs "responded" by requesting more time because counsel could not contact their client (the "Cannot-Contact-Plaintiffs").  A list of the Cannot-Contact-Plaintiffs has been attached as Exhibit 2.  The Cannot-Contact-Plaintiffs fail to provide any substantive response to the Cook Defendants' Motion to Dismiss.  Accordingly, their request has no basis in fact, law, or CMO No. 4.  They must be dismissed.  CMO No. 4, ¶ 1(g).

**III.    Plaintiffs who have submitted deficient plaintiff profile sheets must still be dismissed.**

When faced with dismissal, 98 plaintiffs produced deficient plaintiff profile sheets (the "Non-Compliant-Plaintiffs").  Exhibit 3 is a list the Non-Compliant-Plaintiffs, who have submitted deficient plaintiff profile sheets, failed to submit authorizations, or failed to submit medical records.  Exhibit 4 is a list of the deficiencies the Cook Defendants have identified for each Non-Compliant-Plaintiff.

---

[2] Counsel responded that documents were submitted for Lee D. Gray, 1:17-cv-03486 and William R. Phillippi, 1:17-cv-03733, but none were.  Doc. No. 7672, p. 7.  These plaintiffs have been included in Exhibit 1.  Plaintiff has requested that the Court dismiss Sherry Furney, 1:17-cv-02326.  Doc. No. 7682, p. 5.  That plaintiff has been included in Exhibit 1 too.

For example, David Matthews of the Matthews Law Firm submitted 96 plaintiff profile sheets in response to the Cook Defendants' Motion to Dismiss. **Seventy-five of them are plainly deficient.** *See* Exhibit 3.

Debra Humphrey of Marc J. Bern & Partners LLP listed numerous plaintiffs for which she submitted plaintiff profile sheets too. (See Doc. No. 7672, ¶ 7) First, as mentioned above, two of those plaintiffs never submitted a PPS, authorizations, or medical records. Second, counsel did not bother to check the cases the Cook Defendants sought to dismiss. Counsel's failure is clear because the Cook Defendants did not move to dismiss the majority of the cases counsel lists.

The Cook Defendants sought to dismiss 73 plaintiffs represented by Debra Humphrey of Marc J. Bern & Partners. **Fifty-seven of those plaintiffs, to this day, have not submitted any documents** in response to the Cook Defendants' motion. Of the other 16 plaintiffs, 11 submitted an incomplete PPS, no medical authorizations, no medical records, or some combination of those issues. That leaves, of 73 plaintiffs, 5 that actually complied with CMO No. 4 in response to the Cook Defendants' Motion to Dismiss.

A review of Exhibit 4 reveals that many of the Non-Compliant-Plaintiffs' submissions are simply an attempt to subvert dismissal in spite of their clear failures to comply with CMO No. 4. These responses are marginally superior to not responding at all. The Non-Compliant-Plaintiffs have submitted deficient documents, rather than a "substantially complete" PPS (which includes authorizations and medical records). CMO No. 4, ¶ 1(b). They must be dismissed. CMO No. 4, ¶ 1(g).

**IV.    The Cook Defendants withdraw their motion to dismiss as to the plaintiffs who have been dismissed or have submitted complete records.**

In response to the Cook Defendants' Motion to Dismiss, some plaintiffs were either dismissed or submitted a plaintiff profile sheet, authorization, and medical records.  Those plaintiffs should not be dismissed.  A list of the plaintiffs who have either been dismissed or have produced the requisite records has been attached as Exhibit 5.

## Conclusion

The No-Response-Plaintiffs, the Cannot-Contact-Plaintiffs, and the Non-Compliant Plaintiffs must be dismissed.

Dated: February 23, 2018

Respectfully Submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:      (317) 237-0300
Facsimile:      (317) 237-1000
Andrea.Pierson@FaegreBD.com
John.Schlafer@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:      (260) 424-8000
Facsimile:      (260) 460-1700
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

US.116574906.02

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2018, a copy of the foregoing Reply in Support of the Cook Defendants' Motion to Dismiss was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.   Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

6