UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC | ) | |
| FILTERS MARKETING, SALES | ) | |
| PRACTICES AND PRODUCT | ) | |
| LIABILITY LITIGATION | ) | 1:14-ml-02570-RLY-TAB |
| _____ | ) | MDL No. 2570 |
| | ) | |
| This Document Relates to: | ) | |
| Brenda Helms, Bankruptcy Trustee for the | ) | |
| Estate of Arthur Gage v. Cook Medical, | ) | |
| Inc. et al. | ) | |
| 1:14-cv-1875-RLY-TAB | ) | |
| _____ | ) | |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and

William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture

and distribute the Gunther Tulip inferior vena cava ("IVC") filter.  As its name suggests,

the device is placed into one's inferior vena cava as a means to prevent pulmonary

embolism.

On April 27, 2011, Arthur Gage, the Plaintiff herein, had a Gunther Tulip IVC

filter placed by Dr. Mark Goodwin at Edward Hospital, in Naperville, Illinois.  Both

parties agree that his Tulip filter became malpositioned, with the apex of the filter located

in his right renal vein.  Plaintiff alleges the malpositioned filter is the cause of pain he

suffers in his back, right abdominal region, and leg.  He therefore brings this product

liability action against the Cook Defendants, alleging strict-liability failure to warn,

1

negligent failure to warn, negligent design, negligent manufacturing, and breach of express and implied warranty.  He seeks both compensatory and punitive damages.  Cook now moves for summary judgment.  For the reasons explained below, Cook's motion is **GRANTED in part and DENIED in part**.

## I.    Discussion

Cook moves for summary judgment on multiple grounds.  It first argues Plaintiff's product liability claims are barred based on Illinois's two-year statute of limitations.

### A.    Statute of Limitations

Under Illinois law, the statute of limitations accrues at the time the plaintiff is injured.  *Hutson v. Hartke*, 686 N.E.2d 734, 736 (Ill. App. Ct. 1997).  For purposes of the accrual date, Illinois follows the discovery rule.  *Id.*  "The discovery rule postpones the commencement of the statute of limitations until the injured plaintiff knows or reasonably should know that she has been injured and that her injury was wrongfully caused."  *Id.*  Stated another way, "when a party knows or reasonably should know that an injury has occurred and that it was wrongfully caused, the statute begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed."  *Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 868 (1981).  Plaintiff, as the party asserting the discovery rule, bears the burden of proving the date of discovery.  *Solis v. BASF Corp.*, 979 N.E.2d 419, 429 (Ill. Ct. App. 2012).

Here, Plaintiff testified he began having excruciating pain immediately after the April 27, 2011 surgery.  (Filing No. 5749-3, Deposition of Arthur Gage "Plaintiff Dep." at 238).  He testified that this pain was different than what he had ever experienced

before.  (*Id.* at 239).  He immediately attributed his new-onset pain to the IVC filter.  (*Id.* at 243).  Three days after placement, he told his medical providers that he believed his new onset-pain was caused by the IVC filter.  (*Id.* at 249; Filing No. 5749-6, Deposition of Antonio Pangan, MD at 35-36; Filing No. 5750-1, April 30, 2011 Consultation note).

Plaintiff continued to have pain, which he attributed to his IVC filter.  (Plaintiff Dep. at 243, 248, 250).  His companion, Orajean Daughrity, testified to the same.  (Filing No. 5749-4, Deposition of Orajean Daughrity at 75 ("[H]e said he didn't feel the pain before, that particular pain before he had the IVC filter inserted."; *id.* at 77 (". . . two or three days after the placement of the filter, he started having – complaining about pain in his lower back, in his leg and in his groin area, and that's pain that's been from that time on consistent up to now.")).  And he continued to complain to his physicians that the cause of the pain was, at least in part, from the IVC filter.  (*See*, *e.g.,* Filing No. 6148-4, Oct. 8, 2013 Progress Note; Filing No. 6148-5, Nov. 8, 2013 Progress Note).  At oral argument held on February 14, 2018, Plaintiff's counsel conceded these points.

Given this undisputed evidence, the court must conclude that Plaintiff had knowledge of his injury and its wrongful cause more than two years before he filed the present lawsuit on November 14, 2014.  Therefore, Plaintiff's product liability claims based on failure to warn, defective design, and negligent manufacture are barred under the applicable statute of limitations.  Accordingly, Cook's Motion for Summary Judgment on Plaintiff's product liability claims is **GRANTED**.

### B.      Breach of Warranty Claims

Plaintiff's breach of express and implied warranty claims are subject to a four-year statute of limitations.  *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 454 (Ill. 1982); *Progressive N. Ins. Co. of Ill. v. Ford Motor Co.*, 259 F. Supp. 3d 887, 890 (S.D. Ill. 2017) (citing 810 ILCS 5/2-725).  Because these claims were timely filed, the court must address the merits of these claims.

### 1.      Express Warranty

"To state a claim for breach of express warranty, plaintiffs must allege that (1) the seller made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) [the] seller guaranteed that the goods would conform to the affirmation or promise."  *Indus. Hard Chrome, Ltd. v. Hetran, Inc.,* 64 F. Supp. 2d 741, 747 (N.D. Ill. 1999).  Because "express warranties are contractual in nature, the language of the warranty itself is what controls and dictates the obligations and rights of the various parties."  *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 634 (Ill. App. Ct. 2001).  "To state a claim, the terms of the express warranty must be stated or attached to the complaint and failure to do so renders the claim invalid."  *Bd. of Educ. of City of Chic. v. A, C & S, Inc.*, 546 N.E.2d 580, 595 (Ill. 1989) (internal citation omitted).

Plaintiff argues his warranty claim survives summary judgment because (1) he pled that Cook expressly warranted the filter was safe for its intended use (Compl. ¶ 51); and (2) the Tulip IFU states that the filter is "intended for the prevention of pulmonary embolism," (IFU at 4).

4

An allegation in a complaint is not evidence and is, therefore, insufficient to support his claim. *Lacy v. Berge*, 921 F.Supp. 600, 607 (E.D. Wisc. 1996) ("Mere allegations or denials of the adverse party's pleadings are not enough to prevent issuance of summary judgment."). And the IFU statement is simply meant to state the purpose for which the filter is intended; it does not warrant a particular level of performance or anything else. Therefore, Cook's Motion for Summary Judgment on Plaintiff's breach of express warranty claim is **GRANTED**.

## 2.    Implied Warranty

A product breaches the implied warranty of merchantability if it is not fit for the ordinary purposes for which such goods are used. *Maldonado v. Creative Woodworking Concepts, Inc.*, 796 N.E.2d 662, 666 (Ill. App. Ct. 2003). "To succeed on a claim for breach of implied warranty of merchantability, a plaintiff must allege and prove: (1) a sale of goods, (2) by a merchant of those goods, and (3) the goods were not merchantable quality." *Brandt v. Boston Scientific Corp.*, 792 N.E.2d 296, 299 (Ill. 2003).

"[T]he theories of breach of implied warranty and strict liability are nearly identical. It has been stated that a breach of implied warranty theory is a form of strict liability without the necessity of proving negligence or fault on the part of the defendant." *State Farm Fire & Cas. Co. v. Miller Elec. Co.*, 562 N.E.2d 589, 595 (Ill. App. Ct. 1990) (quoting *Nave v. Rainbo Tire Serv., Inc.*, 462 N.E.2d 620, 625 (Ill. App. Ct. 1984)). Consequently, in both causes of action, the plaintiff must prove the product is defective. *Id.*

Cook argues that none of Plaintiff's experts actually identify a product defect in the design of the Tulip IVC filter.  One of Plaintiff's defective design experts is Dr. Robert McMeeking.  The court denied Cook's motion to exclude his testimony in the *Hill* bellwether.  Dr. McMeeking's opinions, and Cook's challenge to his opinions, apply equally to *Gage*.  Given those circumstances, the court sees no reason to reverse course and *exclude* his design opinions here.  Accordingly, Plaintiff does in fact have evidence of a product defect.[1]  As this is Cook's only argument, its Motion for Summary Judgment on Plaintiff's implied warranty claim must be **DENIED**.

## II.    Conclusion

Cook's Motion for Summary Judgment (Filing No. 5745) is **GRANTED in part** and **DENIED in part**.  Specifically, it is **GRANTED** with respect to Plaintiff's defective design, failure-to-warn, negligent manufacturing, and express warranty claims, and is **DENIED** with respect to Plaintiff's implied warranty claim.  In light of the Bankruptcy Trustee's letter to Plaintiff's counsel dated February 6, 2018, Plaintiff must inform the court, within **ten (10) days** of the date of this Entry, of his intention to either pursue this claim or dismiss it with prejudice.

**SO ORDERED** this 26th day of February 2018.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[1] Because Dr. McMeeking's opinion is sufficient for Plaintiff's breach of implied warranty claim to survive, the court need not address the opinions of Dr. Alexander Marmureanu or Dr. David Garcia.

Distributed Electronically to Registered Counsel of Record.