UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION <br> _____ <br> This Document Relates to: <br> *Tracy Lowicki and Ron Lowicki* <br> 1:17-cv-6071-RLY-TAB <br> _____ | 1:14-ml-02570-RLY-TAB <br> MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS**

Plaintiff, Tracy Lowicki, and her husband, Ron Lowicki, seek damages arising from the June 24, 2012 placement of a Cook Celect IVC filter into Tracy's inferior vena cava. Plaintiffs allege the filter migrated and perforated through Tracy's vena cava wall, piercing an organ.

On April 24, 2017, Plaintiffs filed a Complaint against the Cook Defendants[1] (or "Cook") and Cook sales representative, Courtney Lung, in Clark County, Nevada, for strict products liability, negligence, fraudulent concealment, and deceptive trade practices. Cook removed the action to the United States District Court for the District of Nevada on the basis of diversity jurisdiction. The action was subsequently transferred to

---

[1] The Cook Defendants comprise of the following: Cook Group Incorporated, Medical Engineering and Development Institute, Med Institute, Inc., Cood Med Institute, Inc., Cook Med Institute, Cook Denmark International APS, and William Cook Europe.

1

this MDL by the JPML. Cook contends that the only non-diverse defendant, Ms. Lung, was fraudulently joined and therefore her citizenship should be disregarded for purposes of assessing diversity jurisdiction. Cook moves for judgment on the pleadings, arguing Plaintiffs' claims against Ms. Lung are not viable under Nevada state law.

The court, having read and reviewed the parties' briefs and the applicable law, finds Cook's Motion should be **DENIED**. The court further finds there is not complete diversity between the parties; therefore this case is **REMANDED** to the District Court, County of Clark, Nevada.

**I.     Discussion**

According to the allegations of Plaintiffs' Complaint, Ms. Lung, a resident of Nevada, is the sales representative who sold, marketed, and delivered the Cook Celect IVC filter to Tracy's prescribing physicians and/or the University Medical Center where her placement surgery took place. (Compl. ¶ 3; *see also* Answer ¶ 3). As a sales representative, Ms. Lung made frequent in-person sales calls to Tracy's prescribing physicians; provided educational and training opportunities to her physicians to promote the Celect filter; and at times participated and/or observed her physicians place the device in patients. (*Id.*). Plaintiffs allege, *inter alia*, that:

- Ms. Lung "knew or should have known that at the time she promoted, educated, and delivered or ordered the Cook Celect filter implanted in Plaintiff that the Celect filter had an unreasonably and unexpectedly high risk of fracture,

migration, excessive tilting and tendency to tear the vena cava once implanted in the human body." (*Id.* ¶ 20b).

- Ms. Lung knew or should have known that these risks were substantially higher than the risks posed by similar devices. (*Id.*).

- Despite awareness of these risks, Ms. Lung failed to reveal her knowledge of the risk posed by the product to Tracy's healthcare providers. (*Id.* ¶¶ 20d, 27, 40d 40g, 40h, 50)).

- Despite awareness of these risks, Ms. Lung represented that the device was safe for its intended use. (*Id.* ¶ 40h).

## II. Background

In their Notice of Removal, the Cook Defendants claimed the court had jurisdiction over Plaintiffs' claims because Ms. Lung, a citizen of Nevada, was fraudulently joined. Cook, however, now moves for judgment on the pleadings under the *Iqbal/Twombly* standard of review. Cook's motion thus *assumes* Ms. Lung is a proper defendant, and asks the court to resolve Plaintiffs' claims against her as a matter of law. Before the court may resolve any issue in this case on the merits, it must first determine whether it, in fact, has jurisdiction over Plaintiffs' claims.

The inquiry on a claim of fraudulent joinder is more lenient than the inquiry on a motion to dismiss for failure to state a claim because, unlike the Rule 12(b)(6) inquiry, in evaluating fraudulent joinder, "a federal court is required to interpret *both fact and law* in the light most favorable to the plaintiff." *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d

3

1088, 1096 (S.D. Ill. 2007) (quoting *Hill v. Olin Corp.*, No. 07-cv-54-DRH, 2007 WL 1431865, at *4 (S.D. Ill. May 14, 2007)) (emphasis added).  In other words, Plaintiffs are "entitled to the benefit of the doubt on fairly debatable questions of both fact and law." *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, MDL No. 2385, 3:13-cv-60021-DRH-SCW, 2013 WL 5609340, at *2 (S.D. Ill. Oct. 11, 2013) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

  In the present case, Plaintiffs have shown that the question of whether a sales representative may be subject to liability has not been definitively decided by the Nevada state courts.  *See id.* (finding that under facts alleged, sales representative was not fraudulently joined because the issue of whether sales representative may be held liable under a products liability theory is unsettled); *see also Rundle v. DePuy Orthopaedics, Inc.*, No. 2:11-cv-634-PMP-GWF, 2011 WL 3022569 (D. Nev. July 6, 2011) (same); *Moore v. Medtronic, Inc.*, No. 2:05-cv-1329-KJD-PAL, 2006 WL 1795861, at *3 (D. Nev. June 28, 2006) (granting motion to remand because Nevada law is unclear on "whether a sales representative like Petroni is or is not a 'seller of products' under a theory of strict products liability").  Because this issue of law is debatable, it must be decided in Plaintiffs' favor.

  Having found the issue of a sales representative's liability under the products liability laws of Nevada in Plaintiffs' favor, the court must next determine whether there is a sufficient causal nexus between Plaintiffs' claims and the allegedly wrongful conduct of Ms. Lung.  *See Thompson v. Medtronic, Inc.*, No. 2:06-cv-675-RCJ (PAL), 2006 WL 3544937, at *3 (D. Nev. Dec. 8, 2006) ("A 'sufficient causal nexus' must exist between

4

the plaintiff's claims and the allegedly wrongful conduct of the sales representative"). Here, Plaintiffs allege Ms. Lung marketed and sold the Celect IVC filter to Tracy's prescribing physicians; Ms. Lung knew or should have known at the time she marketed and sold the filter that it posed risks to the patient, including fracture, migration, and tilt; and despite her knowledge of the risks, Ms. Lung represented to Plaintiffs' healthcare providers that the filter was safe and effective for its intended use. These allegations are sufficient to establish a causal nexus. Accordingly, the court must find Ms. Lung was not fraudulently joined.

### III. Conclusion

The court finds Ms. Lung was not fraudulently joined, and that her presence in this case destroys diversity jurisdiction. Accordingly, the Cook Defendants' Motion for Partial Judgment on the Pleadings (Filing No. 7468) is **DENIED**. The Clerk is instructed to **REMAND** this case back to the District Court of Clark County, Nevada.

**SO ORDERED** this 26th day of February 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.