**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to
*Brand v. Cook Medical, Inc., et al.*
Case No. 1:14-cv-06018-RLY-TAB

**PLAINTIFF'S RESPONSE OPPOSING WILLIAM COOK EUROPE ApS'S
MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS AGAINST IT AND BRIEF IN SUPPORT**

## I.   INTRODUCTION

Defendant William Cook Europe ApS ("WCE") has asked the Court to enter a final summary judgment against all of Plaintiff Tonya Brand's claims based upon an asserted statute of limitations defense. In bringing this motion WCE completely ignores Federal Rule of Civil Procedure Rule 15(c)(1)(c) which provides for an amended pleading to relate back to the date of the original pleading under these circumstances. Plaintiff's Original Complaint was filed on May 1, 2013, well in advance of the two (2) year statute of limitations and was amended to include WCE on August 27, 2013, within the 120 days then permitted by Federal Rule of Civil Procedure Rule 4(m) for obtaining service of process. Pursuant to Rule 15(c)(1), the date of filing for the amended complaint relates back to May 1, 2013; therefore, the Plaintiff's claims against WCE were timely filed.

**II.    UNDISPUTED FACTS**

    A.    On March 19, 2009, Plaintiff Tonya Brand is implanted with a Cook Celect Filter.[1]

    B.    On or about June 17, 2011, a piece of metal wire pierces through Mrs. Brand's right thigh and is pulled out of her body.[2]

    C.    On or about June 22, 2011, Dr. Mark Rheudasil's office gives the Cook Defendants notice of the fact that Mrs. Brand has pulled a piece of metal out of her thigh.[3]

    D.    A KUB study performed on June 23, 2011, at Dr. Rheudasil's request, confirms that the Cook Celect filter implanted in Mrs. Brand fractured.[4]

    E.    On June 23, 2011, Darrell Talbert schedules a meeting with Dr. Rheudasil to discuss Mrs. Brand's filter failure. The meeting is set for Tuesday, June 28, 2011[5]

    F.    On July 26, 2011, WCE opens its Single Complaint Report regarding the failure of Mrs. Brand's IVC Cook Celect IVC filter.[6]

    G.    On August 18, 2011, WCE begins drafting its "Customized Letter" addressing Mrs. Brand's Cook Celect IVC filter failure.[7]

    H.    On January 25, 2012, CME circulates a list of "all ongoing product liability claims involving WCE." This list includes Mrs. Brand's claim.[8]

    I.    On May 1, 2013, Plaintiff files her Original Complaint at Law for Money Damages and Demand for Jury Trial which names Cook Medical Incorporated a/k/a Cook Medical, Inc., Cook Incorporated; and Cook Group, Inc. as defendants.[9]

    J.    In the Joint Preliminary Report and Discovery Plan filed on August 1, 2013, the Cook Defendants acknowledge that William Cook Europe, ApS is a necessary party and that the Plaintiff's counsel intends to amend her complaint to add WCE.[10]

---

[1] The Cook Defendants' Memorandum in Support of Motion for Summary Judgment, p. 1 [Doc.7583].
[2] *See, Id.* at p. 2.
[3] Exhibit "1", Excerpts from the medical records of Mark Rheudasil, MD., Bates Nos. 000081-83; and, Exhibit "2", Email from Tamara Clemmer to Darrell Talbert dated June 23, 2011, Bates Nos. CookMDL2570_0074641-645.
[4] *Id.*
[5] Exhibit "2″, Emails from Tamara Clemmer and Darrell Talbert dated June 23, 2011, Bates Nos. CookMDL2570_0074640-641.
[6] Exhibit "3", WCE's Single Complaint Report, Bates Nos. Cook MDL2570_0100608.
[7] Exhibit "4", Email from WCE's Lykke, Sylow Iversen to Thomas Willads Jenson dated August 10, 2011, Bates Nos. CookMDL2570_0074647-651.
[8] Exhibit "5", Email from WCE's Mette Nielsen to Rita Harden, *et al.* dated January 25, 2102, Bates Nos. CookMDL2570_0200522-523
[9] Exhibit "6", Plaintiff's Complaint at Law for Money Damages and Demand for Jury Trial.
[10] Exhibit "7", Joint Preliminary Report and Discovery Plan filed on August 1, 2013, at ¶ 5(a).

K. August 27, 2013, Plaintiffs' First Amended Complaint at Law for Money Damages and Demand for Jury Trial is filed, and William Cook Europe ApS is named as a defendant.[11]

L. On August 27, 2013, Plaintiff emails a copy of the Amended Complaint to the Cook defendants' attorney of record.[12]

M. On September 10, 2013, Cook's attorney of record returns a signed Waiver of Service of Summons on Behalf of William Cook Europe, ApS.[13]

N. On September 10, 2013, WCE files its Answer to the Plaintiffs' First Amended Complaint and is represented by the same attorneys who filed the Cook Defendants' Answer to the Original Complaint.[14]

### III. MATTERS IN DISPUTE

A. Plaintiff disputes WCE and the Cook Defendants' assertion that her claims against WCE are barred by the statute of limitations.

### IV. ARGUMENT AND AUTHORITIES

**Plaintiff's claims against WCE were timely filed as the Amended Complaint relates back to the date the suit was originally filed pursuant to Rule 15(c)(1)(C) of the Federal Rule of Civil Procedure.**

The United States Supreme Court has determined that the purpose of the relation back doctrine is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and in Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere,S.p.A.*, 560 U.S. 538, 550, 130 S.Ct. 2485, 177 L.Ed. 48 (2010). ". . .[R]epose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

---

[11] Exhibit "8", Plaintiffs' First Amended Complaint at Law for Money Damages and Demand for Jury Trial.

[12] See, Cook Defendants' Exhibit "B", Letter from Russell T. Button to Douglas B. King and Kip S. McDonald, dated August 27, 2013, attached to The Cook Defendants' Memorandum in Support of Motion for Summary Judgment [Doc.7583-1].

[13] Exhibit "9", WCE's executed Waiver of Service of Summons.

[14] Exhibit "10", The Cook Defendants' Answer to the Plaintiff's First Amended Complaint.

Because a plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware, such knowledge does not support that party's interest in repose." *Id.*

> Under the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Rule 15(c)(1).

*Krupski*, 560 U.S. at 547. All of the conditions outlined in *Krupski* and Rule 15(c)(1) have been met for relation back to apply.

In their briefing, the Cook Defendants assert that Georgia imposes a two-year statute of limitations on personal injury claims.[15] Assuming without conceding that Georgia law provides the applicable statute of limitations, Section 9-11-15(c) of the Official Code of Georgia states:

> ***Relation back of amendments.*** Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing

---

[15] The Cook Defendants' Memorandum in Support of Motion for Summary Judgment, p. 1 [Doc.7583]. The Plaintiff is not conceding her right to contest any choice of laws issues in this response, but for the purposes of her opposition to the Cook Defendants' Motion for Summary Judgment based on the statute of limitations, she will address the Defendants allegations regarding Georgia law by citing Georgia law where necessary.

4

the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

So, with regard to Rule 15(c)(1)(A), it is clear that Georgia does recognize the "relation back" principle with regard to amended pleadings when the claims arise out of the same conduct, transaction or occurrence as set forth in the original pleading. *See*, *Rasheed v. Klopp Enterprises, Inc.*, 262 S.E.2d 442 (Ga. App., 2005).[17]

The First Amended Complaint filed in this case on August 27, 2013, contains the very same facts and allegations as the Plaintiff's Original Complaint filed on May 1, 2013, with the exception that WCE has been added as a defendant and included in the same causes of action as were alleged against Cook Medical, Inc., a/k/a Cook Incorporated and Cook Group, Inc. There is no question that the amendment in question asserts claims that arose out of the same transaction, or occurrence set out in the original pleading. Clearly, the Plaintiff's amended pleading satisfies Rule 15(c)(1)(B) and O.C.G.A. § 9-11-15(c).

In 2013, the time limit for service provided by Rule 4(m) of the Federal Rules of Civil Procedure was 120 days. The Plaintiff filed her Original Complaint on May 1, 2013. The 120-day time limit for service would have expired on August 29, 2013.

The evidence provided herein demonstrates that WCE knew that it was subject to a product liability claim for Mrs. Brand's failed filter no later than January 25, 2012. That is the date Ms. Mette Nielsen of WCE wrote an email which stated: "Management team would like a list of all

---

[17] The similarity of O.C.G.A. § 9-11-15(c) to Rule 15(c)(1)(B), and the interpretation of that statute by the Georgia courts, demonstrates that there is no significant conflict between the state rule and federal procedure. Under the circumstances, Rule 15(c)(1)(B) would clearly control. *See, Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 1140-41 (1965) *citing*, *National Rental* v. *Szukhent*, 375 U.S. 311, 316 (1964).

5

product liability claims involving WCE. I have attached a list, however I am not sure of the status (open/closed) of five cases (highlighted)."[18] Plaintiff Tonya Brand's claim was included on the list provided by Ms. Nielsen.[19] There is additional evidence that is referenced and cited above which demonstrates that the Cook Defendants were advised of the failure of Mrs. Brand's filter as early as June 22, 2011[20] and that WCE opened its Single Complaint Report regarding the incident as early as July 26, 2011.[21] It is clear that as of August 1, 2013, the Cook Defendants were acknowledging that WCE was a necessary party to the litigation and that the Plaintiff was going to amend her complaint to join WCE as party.[22] Plaintiff actually amended her complaint on August 27, 2103 and emailed a copy of the pleading to the Cook Defendants' attorney of record that same day.[23]

There is no doubt that within the 120 day time period provided by Rule 4(m) for serving the summons and complaint, WCE had received notice of the action and that it was not prejudiced in defending this case on the merits.[24] In addition, it is also clear that WCE knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[25] *See Krupski*, 560 U.S. at 556 ["It is also worth noting that Costa Cruise and Costa

---

[18] Exhibit "5", Email from WCE's Mette Nielsen to Rita Harden, *et al*. dated January 25, 2102, Bates Nos. CookMDL2570_0200522-523.
[19] *Id.*
[20] Exhibit "2", Email from Tamara Clemmer to Darrell Talbert dated June 23, 2011, Bates Nos. CookMDL2570_0074641-645.
[21] Exhibit "3", WCE's Single Complaint Report, Bates Nos. Cook MDL2570_0100608.
[22] Exhibit "7", Joint Preliminary Report and Discovery Plan filed on August 1, 2013, at ¶ 5(a).
[23] *See*, Cook Defendants' Exhibit "B", Letter from Russell T. Button to Douglas B. King and Kip S. McDonald, dated August 27, 2013, attached to The Cook Defendants' Memorandum in Support of Motion for Summary Judgment [Doc.7583-1].
[24] The Cook Defendants' own attorney of record, Mr. Douglas King, signed the waived of service on behalf of WCE and filed WCE's Answer on September 10, 2013. *See*, Exhibit "9", WCE's executed Waiver of Service of Summons and Exhibit "10", The Cook Defendants' Answer to the Plaintiffs' First Amended Complaint.
[25] Exhibit "2", Email from Tamara Clemmer to Darrell Talbert dated June 23, 2011, Bates Nos. CookMDL2570_0074641-645; Exhibit "3", WCE's Single Complaint Report, Bates Nos. Cook MDL2570_0100608; [25] Exhibit "4", Email from WCE's Lykke, Sylow Iversen to Thomas Willads Jenson dated August 10, 2011, Bates Nos. CookMDL2570_0074647-651; Exhibit "5", Email from WCE's Mette Nielsen to Rita Harden, *et al*. dated January

6

Crociere are related corporate entities with very similar names . . . . This interrelationship and similarity heighten the expectation that Costa Crociere should suspect a mistake has been made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities."].

The original Complaint filed on May 1, 2013, was the first cause action the Plaintiff or her counsel of record had ever filed against the Cook Defendants arising from a failure of a Celect IVC filter.[26] While the Plaintiff's attorneys of record were certainly aware of the existence of WCE as being one of the affiliated Cook companies at the time the original Complaint was filed, they misunderstood the role that WCE played with regard to design, manufacture, marketing and sale of the Celect filter that was implanted in Tonya Brand's body. At the time the Plaintiff filed the original suit, the only document that identified the make and model of the IVC filter that was placed in her body was a medical record provided by Northside Hospital which stated that the filter was manufactured by "Cook".[27] Plaintiff's counsel identified the entities that were believed to be involved in the design, manufacture, marketing and sale of "Cook" IVC filters in the United States and included those parties in the original Complaint.[28] The reason WCE was not included in the Complaint filed on May 1, 2013, is that the Plaintiff and her counsel had a misunderstanding of the role William Cook Europe ApS had with regard to events giving rise to the claims at issue, e.g. the design, manufacture, marketing and sale of the Celect IVC filter that was implanted in Mrs. Brand's body in the United States and filed suit on the other Cook Defendants based upon that

---

25, 2102, Bates Nos. CookMDL2570_0200522-523; Exhibit "7", Joint Preliminary Report and Discovery Plan filed on August 1, 2013, at ¶ 5(a); Exhibit "11", Declaration by Ben C. Martin; and, Exhibit "12", Northside Hospital Implant Record/Charge Sheet, Bates No. 000025.

[26] Exhibit "11', Declaration of Ben C. Martin.

[27] *Id.* and Exhibit "12", Northside Hospital Implant Record/Charge Sheet, Bates No. 000025.

[28] Exhibit "11", Declaration of Ben C. Martin.

misimpression.[29] Once that original understanding was corrected (by Cook's counsel) WCE was brought into the case.

The parties began discussing the Joint Preliminary Report and Discovery Plan after the Cook Defendants filed an Answer to the original Complaint. In the course of these discussions, Cook's attorneys told Plaintiff's counsel that WCE was the manufacturer of the Celect filter that's as been implanted in Mrs. Brand. Until that time, no discovery had been exchanged; in fact Plaintiff would not receive Cook's Rule 26 disclosure until August 19, 2013. Nonetheless, Plaintiff's counsel advised the Cook Defendants' that the Complaint would be amended to add WCE as defendant.[30] The Complaint then was so amended.

In the *Krupski* case, the Plaintiff was injured on a cruise ship and brought suit against the company who sold her the ticket, Costa Cruise. *Id*. at 538. The ticket the plaintiff purchased identified Costa Crociere, S.p.A. as the actual carrier. *Id.* Over a period of several months, after the suit was filed and the statute of limitations had expired, Costa Cruise brought Costa Crociere's existence to the plaintiff's attention three times, including through a motion for summary judgment. *Id*. Plaintiff eventually moved for leave to amend and added Costa Crociere to the lawsuit. *Id.* After Costa Crociere was served, Costa Cruise was dismissed and Costa Crociere, represented by the same counsel as Costa Cruise, filed a motion to dismiss Costa Crociere based upon the statute of limitations. *Id.* The District Court granted the motion. Both the U.S. District Court and the Eleventh Circuit, held that Rule 15(c) did not apply to the amended complaint. *Id.* at 538-539.

The Supreme Court reversed the judgment of the Court of Appeals for the Eleventh Circuit holding that:

---

[29] *Id.*
[30] Exhibit "7", Joint Preliminary Report and Discovery Plan filed on August 1, 2013, at ¶ 5(a).

8

> The question under Rule 15(c)(1)(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as defendant but for an error. Rule 15(c)1(C)(ii) asks what the prospective defendant knew or should have known during the rule 4(m) period not what the plaintiff knew or should have known at the time of filing her original complaint.

*Id*. at 548.

In reaching its decision the Supreme Court also provided the following example: "a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the 'conduct, transaction, or occurrence' giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a 'mistake' concerning the proper party's identity notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)1(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him." *Id.* at 549.

There is no question that WCE knew or should have known the Plaintiff's failure to include it in the original Complaint was a mistake and the action should have included WCE. WCE was joined into the suit before the time to complete service had expired under Rule 4(m) and has not suffered any prejudice with regard its ability to defend this cause of action. Pursuant to Rule 15(c)(1) of the Federal Rules of Civil Procedure (as well as under the Georgia rules), Plaintiff's amended complaint adding WCE as a party to this cause of action relates back to the date of the original pleading, May 1, 2013, and WCE's Motion for Summary Judgment based upon the statute of limitations should be denied. *See, Id*. at 553 ["Moreover, the Rule mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion."]; *see also*, *Joseph v. Elan Motorsports Techs. Racing Corp*, 638 F.3d 555, 561 (7th Cir. 2011); *Rasheed v. Klopp Enterprises, Inc.*, 262 S.E.2d 442 (Ga. App., 2005).

**The Official Code of Georgia § 9-21-61 preserves the Plaintiff's claims against WCE and does not support granting a summary judgment based upon the statute of limitations defense.**

O.C.G.A. § 9-2-61(a) provides, in part:

a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

In their Memorandum, the Cook Defendants make note of the fact that on May 21, 2014, the parties filed a Joint Stipulation to Dismiss Without Prejudice "all claims by the parties" and the Court dismissed the matter on May 22, 2014.[31] The Plaintiff did recommence this action on November 11, 2014, within the six month savings period provided for by § 9-2-61(a).[32] The Cook Defendants seem to be arguing that because the case was dismissed and refiled under OCGA § 9-2-61(a), the relation back principles of Rule 15(c)(1) do not apply. That is simply not true.

In *Chinn v. Maxwell*, 316 S.E.2d 546, 547 (Ga. App. 1984), the defendant argued that the two-year statute of limitations barred the plaintiff's renewed cause of action, the trial court granted the motion to dismiss, and the plaintiff appealed. The Court of Appeals of Georgia, reversed the trial court holding:

The present action, although filed after two years had elapsed from the date of the accident, constituted a renewal of the former action, which was filed within the applicable statute of limitation. 'If a plaintiff discontinues or dismisses his case and recommences the same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case.' O.C.G.A. § 9-2-61 (a). In refiling her action, appellant has complied with the requirements of O.C.G.A. § 9-2-61 (a). Consequently, this action is not subject to dismissal on statute of limitation grounds.

*Id.*

---

[31] The Cook Defendants' Memorandum in Support of Motion for Summary Judgment, p. 3 [Doc.7583].
[32] *Id.*

10

The renewal action filed by the Plaintiff on November 11, 2014, stands upon the same footing, as to limitations, as the original case.  At the time the case was dismissed, WCE was timely joined as party defendant pursuant to Rule 15(c)(1) of the Federal Rules of Civil Procedure. *Krupski,* 560 U.S. at 553.  In fact, Rule 15(c)(1) mandated that the amended complaint relate back to May 1, 2013, the date the original Complaint was filed.  Since Section 9-2-61(a) "is a remedial statute and is to be liberally construed, where the first suit is disposed of on grounds not affecting the merits of the case," *Keramidas v. Dep't of Human Res.*, 250 S.E.2d 560, 561 (Ga. App. 1978), the fact the Plaintiff has filed a renewed cause of action does not support granting WCE's motion for summary judgment based upon the statute of limitations defense.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that William Cook Europe ApS's Motion for Summary Judgment as to All Claims Against It be denied and that the Plaintiff be granted all such just and further relief as to which she is fairly entitled.

Dated: February 26, 2018

Respectfully Submitted,

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006

Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@bencmartin.com

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of February 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                    */s/ Ben C. Martin*
                                                    Ben C. Martin, Esq.