# EXHIBIT 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | |
|---|---|
| TONYA BRAND and ALLEN BRAND, <br><br> Plaintiffs, <br><br> v. <br><br> COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK INCORPORATED and COOK GROUP, INC., <br><br> Defendants. | Case No. 1:13-CV-1469-SCJ |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

**This is a complex products liability action involving a Cook Celect® Inferior Vena Cava Filter, the intended use of which is for the prevention of recurrent pulmonary embolism via placement in the vena cava according to the Instructions For Use which accompany the device.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Tonya and Allen Brand allege that a Cook Celect® Inferior Vena Cava Filter ("Celect") was implanted in Mrs. Brand prior to a spinal fusion surgery in March of 2009 due to her previously diagnosed deep vein thrombosis. The Celect was implanted without complication. Over two years later Mrs. Brand alleges she began to experience pain in her right thigh. The Brands allege that the pain was the result of the Celect having fractured and a piece of the device having "pierced through [the] skin" of Mrs. Brand's thigh. A second piece of the device is allegedly located near her spine and the remaining portions of the Celect allegedly cannot be removed.**

**The Brands assert strict products liability, negligence, breach of express & implied warranties, and a loss of consortium claims. The Brands also seek punitive damages. The Defendants deny the allegations, in part based on the hospital and medical records of Mrs. Brand made available to them prior to the filing of this lawsuit.**

(c) The legal issues to be tried as follows:

(1) Whether Plaintiffs can recover damages under the breach of express & implied warranties claims asserted.

(2) Whether Plaintiffs can recover damages under the product liability claims asserted.

(3) Whether Plaintiffs can recover damages under the negligence claims asserted.

(4) Whether Plaintiffs' claims are preempted by the Medical Device Amendments to the Food, Drug & Cosmetic Act, the United States Food & Drug Administration regulations and other federal law in accordance with the Supremacy Clause of the United States Constitution. *See* 21 U.S.C. § 360k; *Riegel v. Medtronic*, 552 U.S. 312 (2008).

(5) Whether Defendants had a duty to warn Plaintiffs of any risks associated with the use of any medical device at issue when such device was supplied to knowledgeable and sophisticated users of such products, or a learned intermediary, with adequate warnings and Instructions For Use ("IFU"), or because that learned intermediary had independent knowledge of any risks associated

with the use of such medical device and chose to use it without regard to the adequacy of the warnings and IFU supplied with it.

(6) Whether an award of punitive damages would be impermissible under the standards established by the United States Supreme Court or would violate the due process requirements of the Fourteenth and Fifth Amendments of the Constitution of the United States of America and the Constitution of Georgia.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: There are no pending related cases in this Court, however there are a number of related cases pending in other jurisdictions, including six in the United States District Court for the Southern District of Indiana; two in the United States District Court of Nevada; one in the United States District Court for the Northern District of Ohio; one in the United States District Court for the Middle District of Pennsylvania; and one in the United States District Court for the Central District of California. In addition, there are three state court cases pending.

|    | Style | Jurisdiction | Action Number |
|----|-------|--------------|---------------|
| 1  | Adams et al., v. Cook et al. | USDC, S. Dist. of IN | 1:13-cv-0013 |
| 2  | Brady et al., v. Cook et al. | USDC, Central Dist. of CA | 2:13-cv-4725 |
| 3  | Cadle v. Cook et al. | USDC, N. Dist. of OH | 5:13-cv-1255 |
| 4  | Huffman et al. v. Cook et al. | USDC, Dist. of NV | 2:12-cv-2000 |
| 5  | Jung v. Cook et al. | USDC, S. Dist. of IN | 1:13-cv-0925 |
| 6  | Naly v. Cook et al. | USDC, S. Dist. of IN | 1:13-cv-0986 |
| 7  | Mencarelli v. Cook | USDC, S. Dist. of IN | 1:13-cv-0954 |
| 8  | Metro v. Cook et al. | USDC, S. Dist. of IN | 1:13-cv-1048 |
| 9  | Ross v. Cook Incorporated | USDC, S. Dist. of IN | 1:13-cv-1060 |
| 10 | True v. Cook Incorporated | USDC, Dist. of NV | 2:13-cv-0413 |
| 11 | Walck v. Cook et al. | USDC, Middle Dist. of PA | 3:13-cv-1839 |
| 12 | Crull v. Cook et al. | Marion (County, IN) Sup. Ct. | 49D10-1208-CT-034324 |
| 13 | Jimenez et al. v. Cook et al. | San Diego (County, CA) Sup. Ct. | 37-2011-056046-CU-PL-NC |
| 14 | Williams v. Cook et al. | St. Joseph (County, IN) Sup. Ct. | 71D04-1302-PI-043 |

(2) Previously Adjudicated Related Cases:

**No cases involving Cook Inferior Vena Cava Filters have been previously adjudicated.**

2. This case is complex because it possesses one or more of the features listed below (please check):

    \_\_\_\_\_ (1)    Unusually large number of parties
    \_\_\_\_\_ (2)    Unusually large number of claims or defenses
    \_x\_ (3)    Factual issues are exceptionally complex
    \_x\_ (4)    Greater than normal volume of evidence
    \_x\_ (5)    Extended discovery period is needed
    \_\_\_\_\_ (6)    Problems locating or preserving evidence
    \_x\_ (7)    Pending parallel investigations or action by government
    \_x\_ (8)    Multiple use of experts
    \_x\_ (9)    Need for discovery outside United States boundaries
    \_\_\_\_\_ (10)  Existence of highly technical issues and proof
    \_x\_ (11)  Unusually complex discovery of electronically stored information

3. **Counsel:**

   The following individually-named attorneys are hereby designated as lead counsel for the parties:

   Plaintiff:     Russell T. Button and Ben C. Martin

   Cook Defendants:   Douglas B. King

4. **Jursidiction:**

   Is there any question regarding this Court's jurisdiction?

   ____ Yes     __x__ No

   If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:

   **William Cook Europe, ApS ("WCE"), the manufacturer of the device at issue, is not a party to this matter. Plaintiffs' counsel intends to amend the Complaint to add WCE.**

   (b) The following persons are improperly joined as parties:

   **Cook Group Incorporated ("CGI") is simply a holding company which does not conduct operations or manufacture, market, distribute or sell products. Counsel for the Defendants will be providing Plaintiffs' counsel with insurance information that should facilitate the dismissal of CGI.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Cook Incorporated d/b/a Cook Medical**
**Cook Medical Incorporated**
**Cook Group Incorporated**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:
(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**The Parties anticipate the amendments as described in paragraph 5.**

## 7. Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a specific scheduling conference with the Court, but the Parties do request, as outlined in paragraph 10 below, that this matter be moved from a four months discovery period to an eight months discovery period. The Parties anticipate this matter will not be ready for trial until the late fall of 2014 to early 2015. The Parties would be happy to discuss and outline for the Court the necessity of changing the discovery period and the timeline for trial. The Parties would, however, respectfully request that out-of-state counsel be permitted to attend any such conference by phone.**

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the Complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.
Cases in this Court are assigned to one of the following three discovery

tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the Complaint and service copies of the Complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The Parties have discussed the anticipated subjects of discovery and as in the other related actions listed in paragraph 1(d)(1) Plaintiffs' counsel will be seeking extensive amounts of discovery regarding the design and development of the device at issue as well as its predicate device. As part of this, Plaintiffs' counsel will be seeking a large volume of electronically stored information from WCE, once they are a party to this matter. WCE is located in Bjaeverskov, Denmark and any document or data acquisition from WCE will have to been done in compliance with the European Union privacy laws. A copy of Plaintiffs' anticipated discovery request from a related action is attached for the Court's review.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rules of this Court, and what other limitations should be imposed? **None.**

(b) Is any party seeking discovery of electronically stored information?
   __X__ Yes          _____ No
   If "yes,"
   (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image file Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g. paper or disk), and the inclusion or exclusion and use of metadata and have agreed as follows:
In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in Paragraph 9 hereof.

**The Parties have had some preliminary discussions regarding ESI but they anticipate the majority of these discussions will take place in the next thirty days. In order to facilitate these discussions, lead counsel for the Defendants recently spent three days at WCE, located in Denmark. The Defendants are currently in the process of finalizing an agreement with an ESI vendor to handle all of the pending IVC filter matters. The Parties do not anticipate any disagreements as to ESI at this time and will only involve the Court in such disagreements if it is absolutely necessary.**

**Other Orders:** .

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)? The parties are not aware of any such orders.

**The Parties anticipate filing an Agreed Protective Order for entry by the Court.**

12. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **July 26, 2013**, and that they participated in settlement discussions previously when a settlement demand was made by plaintiffs prior to the filing of this lawsuit. Other persons who participated in the settlement discussions are listed according to party.

(b)

For Plaintiff: Lead counsel (signature): _/s/ Russell T. Button_

Other participants: Henry B. Staley

For Defendant: Lead counsel (signature): /s/ *Douglas B. King*

Other participants:

(c) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (\_\_\_\_) A possibility of settlement before discovery.
    (\_x\_\_) A possibility of settlement after discovery. **Defendants need the complete hospital and medical records of Mrs. Brand in order to properly evaluate her claims.**
    (\_\_\_\_) A possibility of settlement, but a conference with the judge is needed.
    (\_\_\_\_) No possibility of settlement.

(d) Counsel (\_x\_\_) do or (\_\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **January 10, 2014**.

(e) The following specific problems have created a hindrance to settlement of this case.
**Incomplete hospital and medical records provided by Mrs. Brand presuit. Defendants have provided her counsel with a blank medical authorization**

### 13. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (\_\_\_\_) do consent to having the case tried before a Magistrate Judge of this Court. A completed Consent to the Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this \_\_\_ day of _____, of 20\_\_.

(b) The parties (\_x\_\_) do not consent to having this case tried before a magistrate judge of this Court.

| /s/ *Russell T. Button* | /s/ *Douglas B. King* |
|---|---|
| Counsel for Plaintiff | Counsel for Defendant |

\*\*\*\*\*\*\*\*\*\*\*\*\*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISON

| | |
|---|---|
| TONYA BRAND and ALLEN BRAND, <br><br> Plaintiffs, <br><br> v. <br><br> COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK INCORPORATED and COOK GROUP, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:13-CV-1469-SCJ |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Joint Preliminary Report and Discovery Plan by electronic filing of the same, to all counsel of record in the above-referenced case by using the CM/ECF system.

Dated: August 1, 2013.              Respectfully submitted,

                                    /s/ Douglas B. King
                                    Douglas B. King, Esq.
                                    (*admitted pro hac vice*)

WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, Indiana 46204