# EXHIBIT 10

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISON

| | |
|---|---|
| TONYA BRAND and ALLEN BRAND, ) ) ) | |
| ) | Case No. 1:13-CV-1469-SCJ |
| Plaintiffs, ) ) | |
| v. ) ) | |
| COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK INCORPORATED, COOK GROUP, INC. and WILLIAM COOK EUROPE APS, ) ) ) ) ) ) | |
| Defendants. ) | |

## COOK DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST-AMENDED COMPLAINT AT LAW FOR MONEY DAMAGES AND DEMAND FOR JURY TRIAL

For their Answers to the First-Amended Complaint at Law for Money Damages and Demand for Jury Trial (the "Amended Complaint") of the plaintiffs Tonya Brand and Allen Brand, by way of admissions and denials thereto, the defendants Cook Group Incorporated (sued as "Cook Group, Inc."; "Cook Group"), Cook Incorporated ("Cook"), William Cook Europe ApS ("WCE") and Cook Medical Incorporated (sued as "Cook Medical Incorporated a/k/a Cook Medical, Inc."; "CMI"), (sometimes collectively the "Cook Defendants"), state:

1. To the extent the allegations in paragraph 1 relate to them, Cook Defendants deny the allegations in paragraph 1.

## I. THE PARTIES

2. Cook Defendants are without information as to the allegations in paragraph 2.

3. Cook Defendants admit only that CMI is an Indiana Corporation, that its principal place of business is located at 1025 West Acuff Road, Bloomington, Indiana 47404, and that it regularly conducts business in the State of Georgia and is authorized to do so, and they deny all other allegations in paragraph 3.

4. Admitted, except that CMI is not "a/k/a Cook Medical, Inc."

5. Cook Defendants admit only that Cook Group is the parent company of Cook and that its principal place of business is located at 750 North Daniels Way, P.O. Box 1608, Bloomington, Indiana 47402, and they deny all other allegations in paragraph 5.

6. Cook Defendants admit only that WCE is based in Bjaeverskov, Denmark, and they deny the remaining allegations in paragraph 6.

7. To the extent allegations in paragraph 7 relate to them, Cook Defendants deny the allegations in paragraph 7.

8. To the extent allegations in paragraph 8 relate to them, Cook Defendants deny the allegations in paragraph 8.

9. Cook Defendants admit only that CMI markets and sells medical devices for use in various medical applications, including Cook Celect® vena cava filters, which are intended for the prevention of recurrent pulmonary embolism in certain situations as described in the Instructions For Use ("IFU") for that medical device. Cook Defendants also admit only that Cook develops and manufactures medical devices for use in various medical applications, and that it assisted William Cook Europe ApS ("WCE") in the development of the Cook Celect® vena cava filter, but they deny that Cook manufactures that device because WCE developed and manufactures that device, and they deny all other allegations in paragraph 9.

10. Defendants are without sufficient information as to the allegations in paragraph 10.

## II. STATEMENT OF VENUE AND JURISDICTION

11. Cook Defendants admit only that, if Plaintiffs seek damages in excess of $75,000.00, excluding interests and costs, and that, if Plaintiffs are in fact citizens of Georgia, that then Plaintiffs and Cook Group, Cook and CMI, are citizens of different States under 28 U.S.C. 1332(a)(1), and that if Plaintiffs are in fact citizens of Georgia, that then Plaintiffs are citizens of a State and WCE is a citizen or subject of a foreign state under 28 U.S.C § 1332(a)(2).

12. Cook Defendants admit only that CMI regularly conducts business within this judicial district, and they are without sufficient information as to the remaining allegations in paragraph 12.

### III. FACTUAL BACKGROUND

13. Cook Defendants admit only that CMI markets and sells medical devices for use in various medical applications, including Cook Celect® vena cava filters, which are intended for the prevention of recurrent pulmonary embolism in certain situations as described in the IFU for that medical device. Cook Defendants admit only that Cook develops and manufactures medical devices for use in various medical applications and that it assisted WCE in the design, research, development, and testing of the Cook Celect® vena cava filter, and they deny that Cook manufactures that device, as that device is manufactured by WCE. Cook Defendants admit only that the Cook Celect® vena cava filter can be introduced and placed via an 8.5 French coaxial introducer system, and they deny all other allegations in paragraph 13.

14. Cook Defendants are without information as to the allegations in paragraph 14.

15. Cook Defendants admit only that Cook, acting on behalf of WCE, sought clearance from the United States Food & Drug Administration ("FDA") to

market the Cook Celect® vena cava filter (which Plaintiff refers to as the "Cook Celect Filter Set") pursuant to Section 510(k) of the Medical Device Amendments to the Food, Drug & Cosmetic Act (the "MDA"), and they are otherwise without information as to the allegations in paragraph 15.

16. Cook Defendants admit only that, on or about April 20, 2007, Cook was granted clearance by FDA to market the Cook Celect® vena cava filter for the intended uses described in the FDA-approved IFU for that device, and they are otherwise without information as to the remaining allegations in paragraph 16.

17. Cook Defendants admit only that Section 510(k) of the MDA speaks for itself, and they deny the remaining allegations in paragraph 17.

18. Cook Defendants admit only that the Cook Celect® vena cava filter is intended for the intended uses described in the FDA-approved IFU for that device, and they are without information as to the remaining allegations in paragraph 18.

19. Cook Defendants admit only that pulmonary emboli or "PE" can be fatal and can be caused by deep vein thrombosis or "DVT," and are without sufficient information as to the remaining allegations in paragraph 19.

20. Cook Defendants admit only that the Cook Celect® vena cava filter is designed for the intended uses specified in the IFU, and they are without sufficient information as to the other allegations in paragraph 20.

21. Cook Defendants admit only that the Cook Celect® vena cava filter may be retrieved with the Günther Tulip Vena Cava Filter Retrieval Set, For Jugular Vein Approach (the "Günther Tulip Retrieval Set"), under the circumstances described in the IFU for the Cook Celect®, and in accordance with the "Optional Retrieval Procedure" described in the IFU for that device, and in accordance with the IFU for the Günther Tulip Retrieval Set, that the Cook Celect® vena cava filter is substantially equivalent to and, therefore, based in part on the Cook Günther Tulip™ vena cava filter, and they deny all other allegations in paragraph 21.

22. Cook Defendants admit only that the Cook Celect® vena cava filter has four anchoring struts for fixation and eight secondary struts and they deny all other allegations in paragraph 22.

23. Cook Defendants are without sufficient information as to the allegations in paragraph 23.

24. Cook Defendants are without sufficient information as to the allegations in paragraph 24.

25. Cook Defendants are without sufficient information as to the allegations in paragraph 25.

26. Cook Defendants are without sufficient information as to the allegations in paragraph 26.

27. Cook Defendants are without sufficient information as to the allegations in paragraph 27.

28. Cook Defendants are without sufficient information as to the allegations in paragraph 28.

29. Cook Defendants deny the allegations in paragraph 29.

30. Cook Defendants deny the allegations in paragraph 30.

31. Cook Defendants deny the allegations in paragraph 31.

32. Cook Defendants deny the allegations in paragraph 32.

33. Cook Defendants deny the allegations in paragraph 33.

34. Cook Defendants deny the allegations in paragraph 34.

35. Cook Defendants admit only that the Cook Celect® vena cava filter itself, though not the entire set in which it is solid, is constructed of conichrome, and they deny all other allegations in Paragraph 35.

36. Cook Defendants deny the allegations in paragraph 36.

37. Cook Defendants deny the allegations in paragraph 37.

38. Cook Defendants deny the allegations in paragraph 38.

Case 1:14-ml-02570-RLY-TAB   Document 7719-6   Filed 02/26/18   Page 9 of 17 PageID #:
42217
Case 1:13-cv-01469-SCJ   Document 18   Filed 09/10/13   Page 8 of 16

39. Cook Defendants deny the allegations in paragraph 39.

40. Cook Defendants deny the allegations in paragraph 40.

### IV. COUNT ONE: STRICT PRODUCT LIABILITY

41. Cook Defendants incorporate their answers to paragraphs 1–40 as if fully set forth herein.

42. Cook Defendants deny the allegations in paragraph 42.

43. Cook Defendants deny the allegations in paragraph 43.

44. Cook Defendants deny the allegations in paragraph 44.

**WHEREFORE**, Cook Defendants pray that Plaintiffs take nothing against them by Count One of their Amended Complaint, and for all other proper relief.

### V. COUNT TWO: NEGLIGENCE

45. Cook Defendants incorporate their answers to paragraphs 1–44 as if fully set forth herein.

46. Cook Defendants deny the allegations in paragraph 46.

47. Cook Defendants deny the allegations in paragraph 47.

48. Cook Defendants deny the allegations in paragraph 48, including subparts a, b, c and d thereof.

49. Cook Defendants deny the allegations in paragraph 49, including subparts a, b, c and d thereof.

50. Cook Defendants deny the allegations in paragraph 50.

**WHEREFORE**, Cook Defendants pray that Plaintiffs take nothing against them by Count Two of their Amended Complaint, and for all other proper relief.

### VI.   COUNT THREE:  BREACH OF EXPRESS & IMPLIED WARRANTY

51. Cook Defendants incorporate their answers to paragraphs 1–50 as if fully set forth herein.

52. Cook Defendants deny the allegations in paragraph 52.

53. Cook Defendants deny the allegations in paragraph 53.

54. Cook Defendants deny the allegations in paragraph 54.

55. Cook Defendants deny the allegation in paragraph 55, including subparts a, b and c thereof.

56. Cook Defendants deny the allegations in paragraph 56, including subparts a, b, c and d thereof.

57. Cook Defendants deny the allegations in paragraph 57.

58. Cook Defendants deny the allegations in paragraph 58.

59. Cook Defendants deny the allegations in paragraph 59.

60. Cook Defendants deny the allegations in paragraph 60.

61. Cook Defendants deny the allegations in paragraph 61.

**WHEREFORE**, Cook Defendants pray that Plaintiffs take nothing against them by Count Three of their Amended Complaint, and for all other proper relief.

## VII. COUNT FIVE: LOSS OF CONSORTIUM ON BEHALF OF PLAINTIFF ALLEN BRAND[1]

62. Cook Defendants incorporate their answers to paragraphs 1–61 as if fully set forth herein.

63. Cook Defendants are without information as to the allegations in paragraph 63.

64. Cook Defendants deny the allegations in paragraph 64.

65. Cook Defendants deny the allegations in paragraph 65.

**WHEREFORE**, Cook Defendants pray that Plaintiffs take nothing against them by Count Five of their Amended Complaint, and for all other proper relief.

## VIII. COUNT SIX: PUNITIVE DAMAGES

66. Cook Defendants incorporate their answers to paragraphs 1–65 as if fully set forth herein.

67. Cook Defendants deny the allegations in paragraph 67.

68. Cook Defendants deny the allegations in paragraph 68.

**WHEREFORE**, Cook Defendants pray that Plaintiffs take nothing against them by Count Six of their Amended Complaint, and for all other proper relief.

## IX. FURTHER ANSWERS

For their further answers to Plaintiffs' Amended Complaint, Cook Defendants state as follows:

---

[1] Cook Defendants have styled their Answer to the Amended Complaint as Plaintiffs have, skipping Count Four.

1. Plaintiffs' claims are barred by any applicable statute of limitations or statute of repose.

2. Plaintiff Lara Adams assumed or incurred any risks associated with the use of any Cook Defendants' medical device or product in connection with her medical treatment by providing her informed consent prior to undergoing medical treatment.

3. Plaintiffs' claims are barred by the doctrine of laches.

4. Plaintiffs Second and Third Counts fail to state a claim upon which relief can be granted.

5. Plaintiffs' claims are preempted by the MDA, FDA regulations and other federal law in accordance with the Supremacy Clause of the United State Constitution. *See* 21 U.S.C. § 360k; *Riegel v. Medtronic*, 552 U.S. 312 (2008).

6. Cook Defendants had no duty to warn Plaintiffs of any risks associated with the use of any medical device or product for which Cook Defendants are responsible, as any such medical device was supplied to a knowledgeable and sophisticated user of such product, or a learned intermediary, with adequate warnings and IFU, or because that learned intermediary had independent knowledge of any risks associated with the use of such medical device and chose to use it without regard to the adequacy of the warnings and IFU supplied with it.

7. Any medical device or product for which Cook Defendants are responsible conformed to the state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged and labeled, and Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

8. Any medical device or product for which Cook Defendants are responsible complied with applicable codes, standards, regulations, or specifications of FDA, an agency of the United States; Council Directive 93/42/EEC of the European Community, The Medical Device Directive; BEK no. 1263 of 15.12.2008, Ministry of Health and Prevention, Denmark; The Canadian Medical Device Regulatory SOR/98-282 May 1998; the Australian Therapeutic Goods (Medical Devices) Regulations 2002; and applicable articles of the Japanese Pharmaceutical Affairs Law (MHLW Ministerial Ordinance no. 169, 2004). Plaintiffs are, therefore, not entitled to recover any damages from Cook Defendants.

9. Plaintiffs' damages were caused, in whole or in part, by the comparative or contributory negligence of the Plaintiffs.

10. Plaintiffs' damages or losses, if any, were caused or contributed to by the fault of other products, persons, firms, corporations or entities over whom Cook Defendants had and have no control, or right of control, and for whom they

owe no legal responsibility, including culpable non-parties who will be discovered through Cook Defendants ongoing investigation and discovery and to which the jury can allocate fault at trial.

11.   Plaintiffs' claims against Cook Defendants are barred for the reason that their damages, if any, were cause by an intervening or superseding proximate cause.

12.   A cause of any physical harm sustained by Plaintiffs was misuse of any medical device or product for which Cook Defendants are responsible by Plaintiffs or by a person or persons not reasonably expected by Cook Defendants at the time the product was sold, and Plaintiffs are therefore not entitled to recover any damages from Cook Defendants.

13.   A cause of any physical harm sustained by Plaintiffs was a modification or alteration of any medical device or product for which Defendants are responsible after delivery of the product to the initial user or consumer that was a proximate cause of the harm and was not reasonably expectable by Defendants, and Plaintiffs are therefore not entitled to recover any damages from Cook Defendants.

14.   The Complaint fails to state a claim upon which relief can be granted to the extent that Plaintiffs seek to recover punitive damages from the Cook Defendants.

15. Any award of punitive damages in this case would be impermissible under the standards established by the United States Supreme Court in the case of *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

16. Any punitive damages would violate the due process requirements of the Fourteenth and Fifth Amendments of the Constitution of the United States of America and Constitution of the State of Georgia.

17. Any punitive damages may be awarded only if Plaintiffs prove by clear and convincing evidence that Cook Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

18. Any punitive damages are recoverable only in accordance with O.C.G.A. § 15-12-5.1 and cases decided thereunder.

19. Cook Defendants reserve the right to assert additional further answers as they become known through the investigation and discovery process.

## X. REQUESTED RELIEF

**WHEREFORE,** the Cook Defendants pray that Plaintiffs take nothing against them by their Amended Complaint, and for all other proper relief.

### DEMAND FOR JURY TRIAL

The Cook Defendants demand a trial by jury on all issues so triable.

Submitted this 10th day of September, 2013.

Respectfully submitted,

EVERT WEATHERSBY HOUFF

/s/ *Ivan A. Gustafson*
Ivan A. Gustafson, Esq.
Georgia Bar No. 001630
EVERT WEATHERSBY HOUFF
3455 Peachtree Road, NE, Suite 1550
Atlanta, Georgia 30326

WOODEN & MCLAUGHLIN LLP

/s/ *Douglas B. King*
Douglas B. King, Esq.
Indiana Bar No. 5199-49
(*admitted pro hac vice*)
Kip S. M. McDonald, Esq.
Indiana Bar No. 29170-49
(*admitted pro hac vice*)
WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, Indiana 46204

Attorneys for Defendants Cook Group
Incorporated, Cook Incorporated, William
Cook Europe ApS and Cook Medical
Incorporated

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | |
|---|---|
| TONYA BRAND and ALLEN BRAND, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 1:13-CV-1469-SCJ<br>)<br>) |
| v. | )<br>) |
| COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC., COOK INCORPORATED, COOK GROUP, INC. and WILLIAM COOK EUROPE APS, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing Answer to the Amended Complaint and Jury Demand by electronic filing of the same, to all counsel of record in the above-referenced case by using the CM/ECF system.

Dated: September 10, 2013        Respectfully submitted,

/s/ *Douglas B. King*
Douglas B. King, Esq.
(*admitted pro hac vice*)

WOODEN & MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, Indiana 46204