# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to
*Brand v. Cook Medical, Inc., et al.*
Case No. 1:14-cv-06018-RLY-TAB

### DECLARATION OF BEN C. MARTIN
### IN SUPPORT OF PLAINTIFF'S RESPONSE OPPOSING
### WILLIAM COOK EUROPE APS'S MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am an attorney of record for Tonya Brand in the above referenced cause of action. I have represented Mrs. Brand with regard to her claims arising from the failure of her Cook Celect IVC filter at those relevant times referenced herein.

2. I have personal knowledge of the facts contained herein.

3. The case styled *Tonya Brand and Allen Brand v. Cook Medical Incorporated a/k/a Cook Medical, Inc.; Cook Incorporated and Cook Group, Inc.*, Case No. 1:13-c-v-1469, filed in the United States District Court for the Northern District of Georgia Atlanta Division, is one of the earliest filed against the Cook Defendants with respect to a Cook Celect filter and the first such case to be filed by my law firm.

4. When the original complaint was filed, the medical records provided by Northside Hospital to the Plaintiff's attorneys identified the manufacturer of the Celect

Page 1 of 4

IVC filter placed in Mrs. Brand as "Cook". The records did not identify William Cook Europe ApS as the manufacturer of that filter.

5. Though I was aware of the existence of William Cook Europe ApS as a company that was affiliated with Cook Medical as of May 1, 2013, I did not know that William Cook Europe ApS manufactured the Celect IVC filter that was implanted in Mrs. Brand; therefore, I misunderstood the role that William Cook Europe ApS played with regard to the design, manufacture and sale of the Cook Celect IVC filter that was sold in the United States and implanted in Mrs. Brand's body in 2009.

6. When filing the complaint on May 1, 2013, I named those "Cook Medical" entities that I believed were responsible for design, manufacture, marketing and sale of the Cook Celect IVC filter that was implanted in Mrs. Brand in Atlanta, Georgia, USA. The complaint was signed and filed by Henry B. Staley, Esq. at my direction as I am not licensed to practice law in Georgia and had not yet been admitted *pro hac vice.*

7. The reason William Cook Europe ApS was not included in the Complaint filed on May 1, 2013, is that I had a misunderstanding regarding the role William Cook Europe APS had with regard to the design, manufacture, marketing and sale of the Cook Celect IVC filter that was implanted in Mrs. Brand's body in the United States.

8. The lawsuit was filed based upon that misunderstanding.

9. After the Cook Defendants filed their Answer to the original Complaint, the parties, through my law firm and at my direction and with defense counsel at that time, began discussing the content of the Joint Preliminary Report and Discovery Plan. It was in the course of those discussions, before any discovery had been exchanged or any documents produced by the Defendants, that the Cook attorneys made the argument that

WCE was the manufacturer of the Cook Celect filter that was placed in Mrs. Brand. As result of those discussions, Plaintiff's counsel advised Cook's attorneys that the Complaint would be amended to include WCE.

10. The documents attached as Exhibit "1" to the Plaintiff's Response Opposing William Cook Europe ApS's Motion for Summary Judgment as to All Claims Against It and Brief in Support are true and correct copies of medical records obtained from the records department of Mark Rheudasil, M.D.

11. The documents attached as Exhibits "2," "3," "4" & "5" to the Plaintiff's Response Opposing William Cook Europe ApS's Motion for Summary Judgment as to All Claims Against It and Brief in Support are true and correct copies of documents produced by the Cook Defendants in the course of discovery in the above styled and number causes of action.

12. The documents attached as Exhibits "6," "7", "8", & "10" to the Plaintiff's Response Opposing William Cook Europe ApS's Motion for Summary Judgment as to All Claims Against It and Brief in Support are true and correct copies of pleadings that are on file in the case styled *Tonya Brand and Allen Brand v. Cook Medical Incorporated a/k/a Cook Medical, Inc.; Cook Incorporated and Cook Group, Inc.*, Case No. 1:13-c-v-1469, in the United States District Court for the Northern District of Georgia Atlanta Division.

13. The document attached as Exhibit "9" to the Plaintiff's Response Opposing William Cook Europe ApS's Motion for Summary Judgment as to All Claims Against It and Brief in Support is a true and correct copy of the Waiver of Service of Summons served on the Plaintiff's attorneys of record by William Cook Europe ApS in the case styled *Tonya Brand and Allen Brand v. Cook Medical Incorporated a/k/a Cook Medical, Inc.; Cook*

*Incorporated and Cook Group, Inc.*, Case No. 1:13-c-v-1469, in the United States District Court for the Northern District of Georgia Atlanta Division.

14. The document attached as Exhibit "12" to the Plaintiff's Response Opposing William Cook Europe ApS's Motion for Summary Judgment as to All Claims Against It and Brief in Support is true and correct copy of a medical record obtained from the records department of the Northside Hospital.

I declare under penalty of perjury, that the foregoing is true and correct.

Executed on this 26th day of February 2018.

Ben C. Martin