# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s):

CHARLENE M. CRONE and DONALD L. CRONE

Civil Case No: 1:17-cv-04451

## PLAINTIFFS' SUR-REPLY TO THE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiffs, Charlene M. Crone and Donald L. Crone ("Plaintiffs"), by and through counsel, Motley Rice LLC, submit the following Sur-Reply to the Defendants' Reply in Support of their Motion to Dismiss.

### I. INTRODUCTION

The purpose of this sur-reply is to address certain facts that have been omitted from the Defendants' Reply in Support of their Motion to Dismiss. Since the filing of the Reply herein, Plaintiffs have served an amended PPS. Further, the Defendants have failed to note the prior communications between the parties in their Reply. The following sur-reply is submitted to address these missing facts and communications.

### II. ARGUMENT

Dismissal for failure to prosecute under Rule 41(b) "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." *Kasalo v.*

*Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (citing *Gabriel v. Hamlin,* 514 F.3d 734, 736 (7th Cir. 2008)).  This most extreme sanction is wholly inappropriate herein, for the following reasons:

1. Third Amended Case Management Order No. 4 ("CMO No. 4"), entered by this Court on March 29, 2017, provides that:

> Each Plaintiff in this MDL as of the date of the entry of this Second Amended Case Management Order No. 4 shall submit a completed [Plaintiff Profile Sheet ("PPS")] to Defendants within sixty (60) days if the Plaintiff has not already provided a complete Plaintiff Profile Form ("PPF") and Plaintiff Fact Sheet ("PFS") under Case Management Order No. 4 [Dkt. 354] or Amended Case Management No. 4 [Dkt. 614]. In cases in which Plaintiffs have not served a completed PPF or PFS, each Plaintiff shall submit a completed PPS to Defendants within sixty (60) days of the entry of this Order and, in future filed cases, within thirty (30) days of the case becoming part of this MDL.

CMO No. 4, ¶ 1(b).

2. As related to Plaintiffs' case, the Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) and CMO No. 4 on February 1, 2018.  *See* Dkt. 7600.

3. On February 6, 2018, Plaintiffs served Defendants with a completed PPS, executed authorizations, and medical records in compliance with CMO No. 4.  *See*, Plaintiffs' Ex. A.

4. Also on February 6, 2018, Plaintiffs' counsel communicated with counsel for the Defendants regarding the withdrawal of the instant motion to dismiss as to Plaintiffs. *See*, Plaintiffs' Ex. B.

5. On February 8, 2018, defense counsel confirmed that Defendants would withdraw the motion to dismiss in the instant case. *See*, Plaintiffs' Ex. C.

6. Further, on February 12, 2018, counsel for the Defendants again confirmed to Plaintiffs' counsel that the instant case would not be included in Defendants' list of cases to be dismissed for deficient discovery responses.  *See*, Plaintiffs' Ex. D.

7.      Despite the above communications, Defendants filed a Reply in support of their motion to dismiss related to the instant case on February 23, 2018, seeking dismissal due to six alleged deficiencies[1] with Plaintiffs' PPS document. *See* Dkt. 7710, Exhibit 4, at 29.

8.      On February 26, 2018, Plaintiffs served Defendants with an amended PPS, executed authorizations, and medical records in compliance with CMO No. 4. *See*, Plaintiffs' Ex. E.

9.      Plaintiffs have fully complied with the discovery requirements outlined in CMO No. 4 by way of serving the PPS, an amended PPS, executed authorizations, and medical records.

10.     Further, in light of the prior communications between the parties as outlined above, a dismissal for failure to prosecute under Rule 41(b) would be an extraordinarily harsh sanction that is unwarranted given the clear record of compliance and good faith communications by these Plaintiffs. *Kasalo*, 656 F.3d, at 561.

11.     Prior to filing this sur-reply, counsel for Plaintiffs' attempted to meet and confer with counsel for the Defendants, but received no response by the time of filing.

### III. CONCLUSION

For all the reasons stated above, the Court should deny the Defendants' request for dismissal in the instant matter pursuant to Federal Rule of Civil Procedure 41(b) and CMO No. 4.

Dated: March 1, 2018               Respectfully submitted,

                                   /s/ John C. Duane
                                   John C. Duane
                                   MOTLEY RICE LLC

---

[1] Five of the six alleged deficiencies relate to questions one through five of Section IV regarding Retrieval/Removal/Explant Procedure Information. However, as Plaintiffs clearly stated in their PPS document (and as made abundantly clear in the amended PPS document), Plaintiff Charlene Crone has not undergone a retrieval, removal, or explant procedure. As for the other alleged deficiency with question ten in Section X, Plaintiffs have answered this question as well. Thus, the Defendants' claims of deficiencies with Plaintiffs' PPS are wholly without merit.

*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2018, a copy of the foregoing Response to Defendants' Motion to Dismiss was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ John C. Duane
John C. Duane