UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION  _____  This Document Relates to:  *Ashley Gilbert* 1:16-cv-6049-RLY-TAB _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS'
MOTION TO DISMISS COURTNEY LUNG**

Plaintiff, Ashley Gilbert, is a resident of Nevada who underwent placement of a Cook Celect IVC filter on September 25, 2012, at University Medical Center in Las Vegas, Nevada. She alleges the filter tilted and perforated her vena cava wall and pierced her bowel. As a result, she suffered severe abdominal pain, cardiac complications, sepsis, acute kidney injury, and required multiple corrective surgical procedures.

On March 20, 2016, Plaintiff filed a Complaint against the Cook Defendants[1] (or "Cook") and Cook sales representative, Courtney Lung, in Clark County, Nevada, for strict products liability, negligence, fraudulent concealment, and deceptive trade practices. Cook removed the action to the United States District Court for the District of

---

[1] The Cook Defendants comprise of the following: Cook Group Incorporated; Cook Medical, Incorporated; Medical Engineering and Development Institute, Med Institute, Inc.; MED Institute, Inc. and Cook MED Institute; Cook Medical Denmark International APS; and William Cook Europe APS.

1

Nevada on the basis of diversity jurisdiction, stating that the non-diverse defendant, Ms. Lung, was fraudulently joined and therefore her citizenship should be disregarded for purposes of assessing diversity jurisdiction. The action was subsequently transferred to this MDL by the JPML.

In the present motion, Cook moves to dismiss Ms. Lung under Rule 12(b)(5) and 12(b)(2) of the Federal Rules of Civil Procedure for insufficiency of process and lack of personal jurisdiction. These motions are interrelated "because, where there has been insufficient service of process, the court does not have personal jurisdiction over the individual." *Robinson v. Turner*, 866 F.Supp. 1460, 1462 (S.D. Ind. 1995) (citing *Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir. 1966)). Cook also moves to dismiss Ms. Lung because, *inter alia*, she was fraudulently joined.

## I.   Discussion

The ultimate issue is whether the court has jurisdiction over this diversity case. Whether to address subject matter jurisdiction in a fraudulent joinder analysis or personal jurisdiction for lack of service is a matter left to the court's discretion. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999). Because personal jurisdiction is dispositive, the court exercises its discretion to address that issue only.

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003); *RAR,*

*Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997). Likewise, under Rule 12(b)(5), the plaintiff likewise bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

Federal Rule of Civil Procedure 4(m) requires that the plaintiff's service of process occur within 90 days of the filing date of the complaint. *See* Fed. R. Civ. P. 4. Where a suit is removed to federal court from state court, the time period under Rule 4(m) for service of process begins on the date of removal. *See Cardenas*, 646 F.3d at 1004. If a defendant is not served within 90 days after removal, the court, on its own or on a motion to dismiss brought under Rule 12(b)(5), "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Pro. 4(m). Only if a plaintiff "shows good cause for the failure" must the court extend the time for service "for an appropriate period." *See id.* Absent such a showing of good cause, the court has discretion either to dismiss the action without prejudice or to grant a permissive extension of time to effect service. *See Cardenas*, 646 F.3d at 1006.

    **B.**    **Whether Ms. Lung Waived Service**

Ms. Lung has not been served in over 90 days; that fact is undisputed. Plaintiff contends Ms. Lung waived the right to challenge personal jurisdiction by expressly agreeing to waive service.

3

Email communications between Mr. Brenes and Mr. King[2] reflect that the parties had discussions in early April 2016 regarding two proposals, including a proposal to waive service. The proposals were:

> (1) Defendants would waive and Mr. King would accept service on behalf of all defendants in exchange for Mr. Brenes' agreement not to oppose Cook's request to transfer this and future cases in Clark County, Nevada, to the court in which *Ellingson v. Lung, et al.* had been pending; and
>
> (2) Defendants would not seek removal of the Nevada state court cases filed by Mr. Brenes on fraudulent joinder grounds in exchange for Mr. Brenes not naming Ms. Lung in future lawsuits.

(Filing No. 7608-1, Affidavit of Douglas B. King ("King Aff.") ¶ 5; Filing No. 7569-1, Declaration of Troy A. Brenes ¶¶ 4-5; Filing No. 7369-3, Email communications between Mr. Brenes and Mr. King). Mr. Brenes voiced no objection to these proposals, but informed Mr. King he needed to check with his local counsel before giving Mr. King a final response. (King Aff. ¶ 6; Filing No. 7369-3).

According to Mr. King's affidavit, on April 14, 2016, Mr. Brenes rejected his proposal to coordinate proceedings to the court where *Ellingson* had been assigned. (King Aff. ¶ 8). Mr. Brenes' subsequent actions support Mr. King's testimony. First, Mr. Brenes moved to strike the judge in *Ellingson*, and the court granted the motion. (*Id.* ¶ 12 and Exs. 1-2). Mr. Brenes thus destroyed the consideration Cook had proposed—the assignment of cases to a specific judge—for the waiver he seeks to enforce. Second, on June 27, 2016, Mr. Brenes served Medical Engineering and Development Institute, Inc.;

---

[2] Mr. Brenes is Plaintiff's counsel; Mr. King was Cook's counsel in April 2016.

4

Cook Group Incorporated; and Cook Medical, Incorporated.  (*Id.* ¶¶ 14-16 and Exs. 3-5).  Notably, he did not serve Ms. Lung.

Cook's actions also indicate there was never an agreement to waive service.  For example, on August 3, 2016, Cook filed its Answer to Plaintiff's Complaint, stating that Ms. Lung had not been served.  (Filing No. 5[3], Answer, fn. 1).  And on August 15, 2016, Cook filed a Statement Concerning Removal, again stating that Ms. Lung had not been served.  (Filing No. 10, Statement Concerning Removal ¶ 2).  At the very least, these filings should have put Mr. Brenes on notice that Cook did not view the parties' April 2016 proposal as a binding agreement to waive service.

## II.  Conclusion

For this, and the other reasons advanced by Cook, the court finds the parties did not have a binding agreement to waive service on Ms. Lung, and thus, Plaintiff lacked good cause for her failure to serve her.  Accordingly, Defendants' Motion to Dismiss Courtney Lung for lack of personal jurisdiction is **GRANTED without prejudice**.

**SO ORDERED** this 2nd day of March 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

---

[3] Filing Nos. 5 and 10 are filed in Plaintiff's individual cause number, 1:16-cv-6049-RLY-TAB.