# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Actions:

1:17-cv-02334; 1:17-cv-03171; 1:17-cv-03204; 1:17-cv-03254; 1:17-cv-03466; 1:17-cv-04551;
1:17-cv-04562; 1:17-cv-04668; 1:17-cv-04700; 1:17-cv-04707; 1:17-cv-04727; 1:17-cv-04728;
1:17-cv-04736; 1:17-cv-04755; 1:17-cv-04767; and 1:17-cv-04768.

_____

## REPLY IN SUPPORT OF THE COOK DEFENDANTS' MOTION TO DISMISS

On February 12, 2018, the Cook Defendants filed their Motion to Dismiss [Doc. No. 7643]. The motion sought to dismiss 16 cases with plaintiffs who failed to comply with Third Amended Case Management Order No. 4 ("CMO No. 4"). There were, generally, three responses to the Motion to Dismiss: (1) requests for more time in 7 cases with no attempt to substantively respond or explain the deficiencies; (2) production of deficient discovery in 3 cases; and (3) dismissal of the matter or production of a plaintiff profile sheet, medical authorizations, and medical records in 3 cases.[1]

The Cook Defendants respectfully request the Court dismiss cases involving (1) plaintiffs who did not substantively reply to the Motion to Dismiss or (2) plaintiffs who produced deficient documents.

### I.   Plaintiffs requesting more time with no explanation and substantive response must be dismissed.

---

[1] Three plaintiffs submitted no response whatsoever. A list of these plaintiffs has been provided to the court.

US.116785459.01

Seven plaintiffs, all represented by Debra Humphrey, have "responded" by requesting more time despite offering no substantive response to the Cook Defendants' Motion to Dismiss, offering no explanation for their failure, and making no effort to comply with the case management order (the "No-Response-Plaintiffs.  A list of the No-Response-Plaintiffs has been attached as Exhibit 1.

For example, the Cook Defendants sought to dismiss 11 plaintiffs represented by Debra Humphry of Marc J. Bern & Partners LLP.  Counsel did not submit any documents in response to the Cook Defendants' Motion to Dismiss for 7 of those 11 plaintiffs.

The No-Response-Plaintiffs failed to comply with CMO No. 4.  In response to the Cook Defendants' Motion to Dismiss, they've asked for more time anyway.  The No-Response-Plaintiffs ask the Court to overlook their failure, and allow their unsupported request to prevent dismissal.  That request has no basis in fact or law.  The No-Response-Plaintiffs must be dismissed.  CMO No. 4, ¶ 1(g).

## II. Plaintiffs who have submitted deficient plaintiff profile sheets must still be dismissed.

When faced with dismissal, 3 plaintiffs produced deficient plaintiff profile sheets (the "Non-Compliant-Plaintiffs").  None of the Non-Compliant-Plaintiffs submitted medical records, among other deficiencies.  Exhibit 2 is a list the Non-Compliant-Plaintiffs, who have submitted deficient plaintiff profile sheets, failed to submit authorizations, or failed to submit medical records.

Debra Humphrey of Marc J. Bern & Partners LLP listed numerous plaintiffs for which she submitted plaintiff profile sheets too.  (See Doc. No. 7718, ¶ 5)  Yet again, counsel did not bother to check the cases the Cook Defendants sought to dismiss.  Counsel's failure is clear because the Cook Defendants did not move to dismiss some of the cases counsel lists.

2

The Cook Defendants sought to dismiss 11 plaintiffs represented by Debra Humphrey of Marc J. Bern & Partners.  Seven of those plaintiffs, to this day, have not submitted any documents in response to the Cook Defendants' motion.  Of the other 4 plaintiffs, 3 submitted an incomplete PPS, no medical authorizations, no medical records, or some combination of those issues.  That leaves, of 11 plaintiffs, 1 that actually complied with CMO No. 4 in response to the Cook Defendants' Motion to Dismiss.

The Non-Compliant-Plaintiffs have submitted deficient documents, rather than a "substantially complete" PPS (which includes authorizations and medical records).  CMO No. 4, ¶ 1(b).  They must be dismissed.  CMO No. 4, ¶ 1(g).

### III. The Cook Defendants withdraw their motion to dismiss as to the plaintiffs who have been dismissed or have submitted complete records.

In response to the Cook Defendants' Motion to Dismiss, some plaintiffs were either dismissed or submitted a plaintiff profile sheet, authorization, and medical records.  Those plaintiffs should not be dismissed.  A list of the plaintiffs who have either been dismissed or have produced the requisite records has been attached as Exhibit 3.

### Conclusion

The No-Response-Plaintiffs, the Cannot-Contact-Plaintiffs, and the Non-Compliant Plaintiffs must be dismissed.


Dated: March 5, 2018

                                            Respectfully Submitted,

                                            /s/ Andrea Roberts Pierson
                                            Andrea Roberts Pierson, Co-Lead Counsel
                                            John T. Schlafer
                                            FAEGRE BAKER DANIELS LLP
                                            300 North Meridian Street, Suite 2700
                                            Indianapolis, Indiana  46204

Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Andrea.Pierson@FaegreBD.com
John.Schlafer@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

US.116785459.01

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2018, a copy of the foregoing Reply in Support of the Cook Defendants' Motion to Dismiss was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

                                /s/ Andrea Roberts Pierson