# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                  MDL No. 2570

_____

This Document Relates to the Following Actions:

1:16-cv-03406; 1:16-cv-06038; 1:16-cv-06039; 1:16-cv-06049; 1:17-cv-00811; 1:17-cv-00858;
1:17-cv-01020; 1:17-cv-01023; 1:17-cv-01449; 1:17-cv-01479; 1:17-cv-01516; 1:17-cv-01634;
1:17-cv-01635; 1:17-cv-01706; 1:17-cv-01790; 1:17-cv-01936; 1:17-cv-01947; 1:17-cv-01980;
1:17-cv-02012; 1:17-cv-02024; 1:17-cv-02055; 1:17-cv-02073; 1:17-cv-02081; 1:17-cv-02269;
1:17-cv-02315; 1:17-cv-02323; 1:17-cv-02324; 1:17-cv-02326; 1:17-cv-02496; 1:17-cv-02531;
1:17-cv-02533; 1:17-cv-02667; 1:17-cv-02679; 1:17-cv-02687; 1:17-cv-02784; 1:17-cv-02927;
1:17-cv-02932; 1:17-cv-03049; 1:17-cv-03064; 1:17-cv-03111; 1:17-cv-03127; 1:17-cv-03132;
1:17-cv-03155; 1:17-cv-03165; 1:17-cv-03178; 1:17-cv-03223; 1:17-cv-03225; 1:17-cv-03228;
1:17-cv-03242; 1:17-cv-03243; 1:17-cv-03270; 1:17-cv-03277; 1:17-cv-03317; 1:17-cv-03331;
1:17-cv-03340; 1:17-cv-03341; 1:17-cv-03376; 1:17-cv-03379; 1:17-cv-03392; 1:17-cv-03396;
1:17-cv-03403; 1:17-cv-03407; 1:17-cv-03409; 1:17-cv-03438; 1:17-cv-03452; 1:17-cv-03462;
1:17-cv-03463; 1:17-cv-03464; 1:17-cv-03468; 1:17-cv-03476; 1:17-cv-03486; 1:17-cv-03527;
1:17-cv-03555; 1:17-cv-03557; 1:17-cv-03564; 1:17-cv-03566; 1:17-cv-03576; 1:17-cv-03586;
1:17-cv-03587; 1:17-cv-03592; 1:17-cv-03593; 1:17-cv-03594; 1:17-cv-03595; 1:17-cv-03597;
1:17-cv-03599; 1:17-cv-03600; 1:17-cv-03602; 1:17-cv-03603; 1:17-cv-03604; 1:17-cv-03618;
1:17-cv-03621; 1:17-cv-03622; 1:17-cv-03629; 1:17-cv-03635; 1:17-cv-03654; 1:17-cv-03657;
1:17-cv-03683; 1:17-cv-03688; 1:17-cv-03695; 1:17-cv-03699; 1:17-cv-03713; 1:17-cv-03714;
1:17-cv-03719; 1:17-cv-03729; 1:17-cv-03732; 1:17-cv-03733; 1:17-cv-03754; 1:17-cv-03756;
1:17-cv-03766; 1:17-cv-03769; 1:17-cv-03774; 1:17-cv-03776; 1:17-cv-03778; 1:17-cv-03796;
1:17-cv-03806; 1:17-cv-03809; 1:17-cv-03810; 1:17-cv-03813; 1:17-cv-03814; 1:17-cv-03815;
1:17-cv-03836; 1:17-cv-03838; 1:17-cv-03840; 1:17-cv-03841; 1:17-cv-03844; 1:17-cv-03847;
1:17-cv-03849; 1:17-cv-03866; 1:17-cv-03903; 1:17-cv-03908; 1:17-cv-03930; 1:17-cv-03931;
1:17-cv-03932; 1:17-cv-03933; 1:17-cv-03958; 1:17-cv-03973; 1:17-cv-03991; 1:17-cv-03992;
1:17-cv-04017; 1:17-cv-04020; 1:17-cv-04025; 1:17-cv-04026; 1:17-cv-04041; 1:17-cv-04042;
1:17-cv-04047; 1:17-cv-04050; 1:17-cv-04051; 1:17-cv-04052; 1:17-cv-04056; 1:17-cv-04085;
1:17-cv-04088; 1:17-cv-04089; 1:17-cv-04090; 1:17-cv-04092; 1:17-cv-04093; 1:17-cv-04094;
1:17-cv-04096; 1:17-cv-04100; 1:17-cv-04112; 1:17-cv-04115; 1:17-cv-04116; 1:17-cv-04118;
1:17-cv-04120; 1:17-cv-04130; 1:17-cv-04131; 1:17-cv-04132; 1:17-cv-04134; 1:17-cv-04137;
1:17-cv-04138; 1:17-cv-04139; 1:17-cv-04157; 1:17-cv-04176; 1:17-cv-04178; 1:17-cv-04179;
1:17-cv-04180; 1:17-cv-04182; 1:17-cv-04183; 1:17-cv-04186; 1:17-cv-04189; 1:17-cv-04190;
1:17-cv-04192; 1:17-cv-04197; 1:17-cv-04211; 1:17-cv-04223; 1:17-cv-04224; 1:17-cv-04225;

1:17-cv-04226; 1:17-cv-04227; 1:17-cv-04228; 1:17-cv-04230; 1:17-cv-04232; 1:17-cv-04234; 1:17-cv-04235; 1:17-cv-04236; 1:17-cv-04237; 1:17-cv-04246; 1:17-cv-04248; 1:17-cv-04249; 1:17-cv-04250; 1:17-cv-04251; 1:17-cv-04252; 1:17-cv-04254; 1:17-cv-04256; 1:17-cv-04259; 1:17-cv-04290; 1:17-cv-04305; 1:17-cv-04308; 1:17-cv-04317; 1:17-cv-04352; 1:17-cv-04353; 1:17-cv-04357; 1:17-cv-04360; 1:17-cv-04389; 1:17-cv-04390; 1:17-cv-04391; 1:17-cv-04400; 1:17-cv-04436; 1:17-cv-04451; 1:17-cv-04482; 1:17-cv-04516; 1:17-cv-04518; 1:17-cv-04520; 1:17-cv-04521; 1:17-cv-04522; 1:17-cv-04528; 1:17-cv-04529; 1:17-cv-06064; 1:17-cv-06069; and 1:17-cv-06076.

_____

## PLAINTIFFS' SUR-REPLY IN OPPOSITION TO THE COOK DEFENDANTS' MOTION TO DISMISS

On February 1, 2018, the Cook Defendants filed a Motion to Dismiss [Doc. No. 7600] seeking the dismissal of 235 cases where Cook alleged that the plaintiffs had failed to comply with their obligation to produce Plaintiff Profile Sheets ("PPS") as required by the Third Amended Case Management Order No. 4. ("CMO 4").  By Cook's admission, 218 of the 235 plaintiffs produced the PPS or responded with a request for additional time to produced the PPS.  In its reply, Cook continues to push for dismissal in 187 cases.  Plaintiffs file this sur-reply to show the Court the many reasons dismissal would be improper:

I.  **Dismissal Is An Extreme Sanction That Should Only Be Used To Address Persistent And Willful Misconduct That Cannot Be Addressed By Other Means.**

The Seventh Circuit has a well-established policy favoring resolution of legal disputes on their merits. *Sun v. Bd. of Trustees of Univ. of Ill.,* No. 06–2438, 2007 WL 93313, at * 11 (7th Cir. Jan. 16, 2007); *Daniel v. Power,* 2007 WL 611242, *1 (S.D.Ill. Feb. 25, 2007).  Although courts have within their arsenal the power to dismiss a case as a sanction, *Ramirez v. T&H Lemont, Inc.,* 845 F.3d 772, 781 (7th Cir. 2016), dismissal is to be a "weapon of last resort" that should "be exercised sparingly". *Sun,* 2007 Wl 93313 at *11;, *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co.*, 313 F.3d

2

385, 391 (7th Cir. 2002). Dismissal should only be used to sanction conduct "not adequately dealt with" by other rules and statutes. *Zapata,* 313 F.3d at 391.

The United States Supreme Court has repeatedly emphasized that an order of dismissal should be reserved for those cases where the conduct of the party demonstrates willfulness, bad faith, or fault. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, (357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *National Hockey League v. Metropolitan Hockey Club, Inc.*, (427 U.S. 639, 640, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam); *see also Newman*, 962 F.2d at 591 (finding dismissal to be excessive "[i]f the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties"). To warrant dismissal, a preponderance of the evidence must show "that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations." *Ramirez,* 845 F.3d at 776, 781.

"It is well settled in [the Seventh Circuit] circuit that the ultimate sanction of dismissal should be involved only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (quoting *Grun v. Pneumo Abex Corp*. 163 F.3d 411 (7th Cir. 1998) (quoting *Pyramid Energy Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir.1989)).

**II.     Cook Has Not Followed The Dismissal Procedure Set Forth In CMO 4; Thereby Depriving Plaintiff Of Specified Opportunities To Correct The Alleged Deficiencies.**

The Court's case management orders reflect the Seventh Circuit's view that cases should be resolved on their merits and that dismissal should follow only where there is culpable non-compliance. Specifically, with regard to the fifty (50) page Plaintiff Profile Sheet ("PPS") that every Plaintiff is required to substantially complete within 30 days of becoming part of the MDL, CMO 4, Section 1.g. lays forth the following process for addressing alleged deficiencies in a Plaintiff's PPS:

Step 1: Before filing a Motion to Dismiss, Defendants must serve a written deficiency notice by e-mail and/or U.S. Mail to United Plaintiffs' Lead Counsel and the Plaintiffs' individual representative counsel, identifying the purported deficiencies. The deficiency notice must be specific enough for a meet and confer;

Step 2: The Plaintiff who is alleged to be deficient is to be given 20 days to correct the alleged deficiencies and submit responses to the defense;

Step 3: Should the deficiencies not be cured within the allotted 20 day period, defendants may move for relief, including an order compelling responses, pursuant to Fed.R.Civ.P.37. Any motion for relief shall be served upon co-lead counsel for the plaintiffs and shall include Defendants efforts to meet and confer regarding the alleged deficiencies.

Step 4: Plaintiff shall be allowed ten (10) business days to respond following the date of service of such Fed.R.Civ.P.37 motion upon Plaintiff.

Again, CMO 4 reflects the Seventh Circuit's view that cases should be resolved on their merits, by allowing Plaintiffs' opportunities to correct problems with the PPS form before resorting to the heavy-handed sanction of dismissal. By completely bypassing the steps to address a tardy or deficient PPS outlined in CMO 4 and immediately seeking an outright dismissal, Cook violates both the requirements of CMO 4 and the policy behind Seventh Circuit dismissal law.

### III. Cook Has Made No Showing That Plaintiffs Acted With Willfulness, Bad Faith Or Persistent Disregard For This Proceeding.

Cook has not shown that the Plaintiffs acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake. Neither is there evidence of a

4

pattern of noncompliance with the court's discovery orders. Nevertheless, Cook jumped immediately to seeking dismissal of Plaintiffs' cases, the harshest sanction this Court could impose. There is no conduct warranting dismissal in these 187 cases.

The community of Plaintiffs whose cases Cook seeks to dismiss are generally older (approximately 52% of the Plaintiffs are above the age of 60) and are plagued by health problems. Locating these Plaintiffs and obtaining information from them is, at times, complicated by factors including advanced age, ill health, unforeseen hospitalizations, and deaths. Other times, Plaintiffs are simply overwhelmed by the 50 page Plaintiff Profile Sheet and have difficulty completing it.

Without following the procedures set forth in CMO 4 for allowing Plaintiffs' notice and opportunities to correct or respond to alleged deficiencies, it is impossible to separate the typical cases of isolated error or inadvertence (often due to age or illness) from the rare instances of willful disregard and culpability. Plaintiffs simply have not engaged in a pattern noncompliance with the Court's discovery orders and there is no evidence of willfulness, bad faith or fault. Cook's Motion to Dismiss these cases should be denied.

**IV.     Dismissal Should Be Denied for Each of the Categories of Plaintiff's Identified By Cook.**

Cook initially sought to dismiss 235 cases where Cook contends the plaintiffs failed to comply with their PPS obligation. According to the Cook Defendants the following is true regarding the 187 cases remaining:

- 98 produced a Plaintiff Profile Sheet, with various degrees of deficiencies
- 72 plaintiffs requested an extension of time to respond
- 17 submitted no response

5

Despite the fact that by its own admission, a maximum of 17 Plaintiffs allegedly failed to respond, the Cook Defendants insist on a dismissal for all 187 Plaintiffs remaining. Dismissal is improper for each of the categories of Plaintiffs identified by Cook for the following reasons:

### A. Plaintiffs who submitted PPS sheets that Cook alleges to be deficient.

Cook seeks a blanket dismissal of the claims of 98 plaintiffs who submitted PPS that Cook deems to have "varying" levels of deficiencies.  Out of a fifty page profile form involving numerous releases and medical authorizations,  Cook chooses to pursue the harsh sanction of dismissal for deficiencies as minor as omitting their highest level of education or not providing a prior address.  Again, the better course would be for Cook to identify the alleged deficiencies (which it has now done) and allow Plaintiffs a period of time to address the alleged deficiency and provide additional information where warranted.

### B. Plaintiffs who need additional time.

Seventy-two plaintiffs responded to Cook's Motion to Dismiss and requested an extension of time within which to respond.  Dismissal of these plaintiff's cases is improper.  Under CMO 4, the Cook may file a motion to dismiss without prejudice on any case if:

   a. A PPS has not been served after notice to Plaintiff Counsel on the case and to Co-Lead Counsel for Plaintiff notice that a motion to dismiss would be filed;  *and*

   b. Plaintiff fails to serve a PPS within 5 business days of receipt of the notice.

6

The Court, in turn, can dismiss the case if no response to the motion to dismiss is filed by Plaintiff within 15 days. By the Cook's own account this group of 72 Plaintiffs filed a response to the motion to dismiss. Dismissal is not warranted.

### C. Plaintiffs who have not responded.

Cook contends that 17 Plaintiffs failed to submit a PPS and failed to respond to Motion to Dismiss and as such are ripe for Dismissal. Plaintiffs disagree and assert that upon information and belief, at least eight (8) of the 17 Plaintiffs whose cases Defendants want dismissed filed responses, varying from submission of a PPS to Stipulations of Dismissal. Plaintiffs respectfully request additional time to allow for the parties to confer.

### V. Proposal for Fourth Amended CMO 4.

To afford Plaintiffs the opportunity to have their claims decided on the merits, and decrease the number of discovery disputes which this Honorable Court has to decide in the future, Plaintiffs propose that CMO 4 be amended, as follows:

a. To provide a 60 day period from the date of filing the Short Form Complaint to complete and submit a PPS (CMO 4, Sec.1.b);

b. To provide a 15 business day period within which to submit a PPS, after written notice to Plaintiffs from Defendants that a PPS has not been served and a motion to dismiss may be filed (CMO 4, Sec.1.g); and

c. To provide a 20 business day period within which to cure PPS deficiencies, after written notice to Plaintiffs from Defendants that a PPS is not substantially complete (CMO 4, Sec.1.h).

These amendments will create a clear and reasonable process for ensuring Cook obtains complete PPS forms while allowing Plaintiffs fair opportunities to correct deficiencies that were caused by inadvertence, mistake or exigent circumstances.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully ask that this Court deny the Defendants' motion to dismiss, grant a 60 day extension of time within which to confer and/or comply with CMO 4. Plaintiffs further request that this Court enter an order amending CMO 4 to allow for a reasonable time period for compliance and cure of any deficiencies related to the same. Plaintiffs pray for any relief to which they are justly entitled.

Dated: March 9, 2018

        Respectfully submitted,

        *s/ David P. Matthews*
        David P. Matthews, Bar No. 13206200
        Julie L. Rhoades, Bar No. 16811710
        MATTHEWS & ASSOCIATES
        2905 Sackett Street
        Houston, TX 77098
        Telephone: (713) 522-5250
        Facsimile: (713) 535-7184
        matthewsivc@thematthewslawfirm.com
        dmatthews@thematthewslawfirm.com
        *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2018, a copy of the foregoing Sur-Reply in Opposition of the Cook Defendants' Motion to Dismiss was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

*s/ David P. Matthews*
DAVID P. MATTHEWS