IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND      Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                      MDL No. 2570

_____

This Document Relates to:  All Cases

_____

## COOK DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING GENERAL COMPANY DISCOVERY

The Cook Defendants urge the Court to issue a protective order relieving them of any obligation to respond to the general company discovery propounded by Plaintiffs on January 24, 2018, and barring Plaintiffs from serving any additional general company discovery until and unless they first make a showing of good cause.

## BACKGROUND

Plaintiffs in this MDL began their general company discovery against Cook in January 2015.[1]  Initially, Plaintiffs were authorized to (and did) take 20 depositions of the Cook Defendants (CMO 2 at Dkt. 281) and request 25 custodial files of Cook employees (Order on February 12, 2015, Telephonic Status Conference, Dkt. 244).  In addition, Plaintiffs served on Cook at least 54 Interrogatories (not including Interrogatories derivative of their Requests for Admission) and 75 Requests for Production (not inclusive of subparts).

---

[1] For example, Plaintiffs took two 30(b)(6) depositions on January 15 and 29, 2015, respectively, and served their Master Set of Interrogatories and Requests for Production on January 30, 2015.

1

After nearly two years, Plaintiffs had reached the limits of this company discovery and asked the Court for (and the Court granted) leave to take additional company discovery – six additional depositions (for a total of 26 depositions), and six additional custodial files (for a total of 31 custodial files). (November 4, 2016, Discovery Order, Dkt. 3069).

At a subsequent status conference on November 10, 2016, the Court agreed with Cook that this additional discovery would complete the company discovery in the MDL. The Court therefore determined to cut off general company discovery against Cook, barring some good cause to take some specific additional discovery (*e.g.*, material intervening events, unique discovery needs of a particular case, etc.). The Court stated:

> So my thought would be that once [the additional] depositions are taken and those are finished, then it would be appropriate to establish a cut-off point, with the understanding that if there's an argument for compelling additional discovery, the Court would consider that, which is always the case but -- at least in my court. So I would think that once this additional discovery is finished up, that a cut-off point would be appropriate.

(11/10/16 Tr. at 38-39). The Court reiterated its intention to impose this cut-off later in the same hearing:

> THE COURT: And then also we have the understanding that once the additional discovery has been taken here, that we'll have -- by agreement we'll have a cut-off point for further Cook fact discovery.
> MR. KING: Thank you, Your Honor.
> THE COURT: With the understanding, of course, that if something comes up that's compelling, we'll consider it.

(*Id.* at 40). The Court thus effectively turned the page from two years of general company discovery against Cook to the case-specific fact and expert discovery required to prepare the bellwether cases – *Hill*, *Gage*, and *Brand* – beginning in October 2017 under the deadlines in the Bellwether Trial Plan.

Nevertheless, approximately five months later, Plaintiffs requested yet more depositions, which the Court granted – allowing five additional depositions (for a total of 31 depositions). (May 12, 2017, Order Regarding Local Rule 37-1conferences and Related Discovery Matters, at 2, Dkt. 4650). Plaintiffs have since exhausted these depositions.

Nearly a year later, on January 24, 2018, Plaintiffs served an additional set of general company discovery captioned in "All Actions." (*See* Plaintiffs' Interrogatories and Requests for Production attached as Ex. 1 (the "2018 Company Discovery")). These consist of 24 Interrogatories and 24 Requests for Production seeking information and documents about various Cook entities' expenditures on research, development, and marketing relating to the Celect, Tulip, and Celect Platinum IVC filters. Plaintiffs made no effort, either before or after serving this discovery, to seek the Court's permission to serve additional general company discovery. Plaintiffs have made no attempt either to demonstrate good cause for modification of the Court's discovery cut-off or to show that any new or unique circumstance justifies this additional discovery. Moreover, Cook has confirmed that even were the discovery proper, it does not track research, development, and marketing relating to its filters at the product level. (*See* Darrell Talbert Deposition at 271:19-276:9 ("D. Talbert Depo."), attached as Ex. 2). Thus, Cook does not have

accurate information that is responsive to the 2018 Company Discovery in any event. Counsel for Cook raised this with Plaintiffs' counsel during at least three separate telephone calls and multiple emails, and the parties are at an impasse.

## ARGUMENT

### I. Standard for Protective Order

District courts have "extremely broad discretion in controlling discovery." *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 114CV01589TWPDKL, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016) (quoting *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013)). Consistent with this discretion, Federal Rule of Civil Procedure 26(c) permits a court to restrict discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause by the moving party. *See Breitweiser v. Indiana Dep't of Child Servs.*, No. 115CV01687TWPMJD, 2016 WL 5394405, at *1 (S.D. Ind. Sept. 27, 2016) (citing Fed. R. Civ. P. 26(c)(1)). A district court may grant a protective order against discovery requests based on volume alone. *See, e.g., Marsh v. Marsh Supermarkets, Inc.*, No. 1:06CV1395 JDTTAB, 2007 WL 1021410, at *1 (S.D. Ind. Mar. 29, 2007)( "The excessive breadth of this discovery request alone justifies a protective order"); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, No. 1:12-CV-296, 2012 WL 4854765, at *1 (N.D. Ind. Oct. 11, 2012)("Plaintiff, in an overly broad request, essentially seeks RAP4's whole accounting…").

A party seeking a modification in litigation deadlines, as Plaintiffs implicitly seek here by serving general company discovery after the cut-off, must demonstrate good

4

cause. *See* Fed. R. Civ. P. 16(a)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

## II. Plaintiffs Have Not Attempted to Show Good Cause for Re-Opening of Company Discovery, and Cook is Entitled to a Protective Order

The Court should issue a protective order excusing the Cook Defendants from responding to the 2018 Company Discovery and barring Plaintiffs from serving any additional general company discovery until and unless they demonstrate good cause for re-opening such discovery.

As the transcript passages quoted above show, the Court cut off general company discovery in the MDL in late 2016. Although the Court did not establish a specific date for the cut-off – presumably to permit the parties to complete the additional depositions the court authorized – the Court's intention to end general company discovery of the Cook Defendants after two years was clear. In any event, Plaintiffs cannot reasonably deny that their January 2018 discovery, coming over a year after the Court's November 2016 statements, falls far beyond the Court's intended close of company discovery.

Plaintiffs have made no attempt either to ask the Court's permission to reopen company discovery or to establish the good cause that would be necessary to do so. Plaintiffs do not claim that their new discovery concerning Cook expenditures on research and marketing is based on any new or recently discovered events. Plaintiffs thus could have posed these same questions and requests anytime during the two years the Court allowed for such discovery, but they did not. Moreover, Plaintiffs do not claim that this new discovery is necessary for the claim of some particular plaintiff. Indeed, the

5

discovery is not directed at any information specific to *any* Plaintiff, as Plaintiffs themselves captioned the 2018 Company Discovery for "All Actions."  Moreover, Cook has confirmed that it does not have accurate information that is responsive to the 2018 Company Discovery in any event.  (*See* D. Talbert Depo. at 271:19-276:9).

In sum, Plaintiffs have not attempted to, nor can they, demonstrate the good cause that would be necessary to reopen general company discovery against Cook.  Instead, they simply served the 2018 Company Discovery on Cook long after the Court had cut off such discovery.  The Seventh Circuit has often warned that "discovery is not to be used as a fishing expedition."[2]  Here, Plaintiffs are not only fishing, they are fishing out of season.  Plaintiff's violation of the Court's cut-off of general company discovery entitles Cook to a protective order.

## CONCLUSION

For the reasons set forth above, the Cook Defendants urge the Court to grant their motion and to issue a protective order (1) relieving them of any obligation to respond to the Company Discovery propounded by Plaintiffs on January 24, 2018, and (2) barring Plaintiffs from serving any additional general company discovery until and unless they first make a showing of good cause.

---

[2] *John Wiley & Sons, Ltd. v. McDonnell Boehnen Hulbert & Berghoff LLP*, No. 12 C 1446, 2013 WL 505252, at *3 (N.D. Ill. Feb. 12, 2013) (quoting *E.E.O.C. v. Harvey L. Walner & Associates*, 91 F.3d 963, 971–972 (7th Cir.1996)); *see also Accord Brenneman v. Knight*, 297 Fed.Appx. 534, 538, 2008 WL 4748516, 2 (7th Cir.2008) ("But requiring the staff to conduct a fishing expedition, particularly of the magnitude Brenneman requested, would have imposed too great a burden.").

Dated: March 12, 2018

/s/ *Andrew L. Campbell*
Andrea Roberts Pierson (# 18435-49)
Andrew L. Campbell (#25516-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
andrea.pierson@faegrebd.com
andrew.campbell@faegrebd.com
john.schlafer@faegrebd.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/  *Andrew L. Campbell*