## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND      Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION      MDL No. 2570

_____

This Document Relates to All Actions

_____

### PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiffs in the above-referenced matter hereby propound the following Interrogatories and Request for Production to Defendants COOK, INC.; COOK MEDICAL, LLC (formerly known as COOK MEDICAL, INC.); and WILLIAM COOK EUROPE, APS.

Each interrogatory and request, as provided by law, shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for the objection shall be stated. The answers are to be signed by the person making them, and the objections signed by the attorney making them. Responses to these interrogatories and requests, or objections in lieu thereof, shall be served within thirty (30) days from the service of this document.

Under the Fed. R. Civ. P. 26(e), these interrogatories and requests are continuing in nature. Defendants, therefore, are required to supplement their responses as new or different information becomes known.

DEFINITIONS

1.      "DOCUMENTS" and "DOCUMENTATION" as used in these Interrogatories and Requests is coextensive with the meaning of the terms "DOCUMENTS" and "tangible

things" in Fed. R. Civ. P. 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "DOCUMENTS" and "tangible things" under Fed. R. Civ. P. 34, and the applicable Local Rules. Consistent with the above definition, the term DOCUMENT shall include, without limitation, any database, written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including video files, audio files, inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), DOCUMENTS maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or DOCUMENTS of whatever description or kind, whether produced or authorized by or on behalf of YOU or anyone else, and shall include all non- identical copies and drafts of any of the foregoing now in the possession, custody or control of YOU, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on YOUR behalf.

2.      "Communication" and/or "correspondence" shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, or seminars or any other exchange of information between yourselves or between you and any other person or entity.

3.      "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers. "Computer system," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including the operating system, private- and custom-developed applications, commercial applications, and/or shareware.

4.      "Electronic data" or "data" means the original (native electronic format), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or works-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic

data consists of an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as zip drives, USB drives, storage cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5. "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CDROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

6. "Marketing" means marketing as ordinarily and customarily applied in the field of accounting, including but not limited to any and all indirect and direct methods by which Defendants promote, encourage the sale or purchase of, or otherwise advertise IVC filters to physicians, consumers, patients, or the medical or general public.

7. "Native Electronic Format" shall mean and refer the state of an electronic file as it presently exists on any and all computers, electronic media devices, networks or any other locations where data may be stored (including back-up servers, deleted folders, hidden folders, etc.), with all of the file's original metadata intact, meaning that the metadata fields have not been altered, deleted, updated or modified in any way.

8. "Network" means any hardware and/or software combination that connects two or

more computers together and which allows the computers to share and/or transfer data between them. For the purposes of this definition, the connection between or among the computers need not be either physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, i.e., peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

9.      "Person" means natural person, as well as corporate and/or governmental entity.

10.      "Possession, custody or control" shall mean and refer to any documents in your possession, custody or control. A document is deemed to be in your "possession, custody or control" if is in your physical custody, or if it is in the physical custody of another person or entity and you: (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when you have sought to do so. Such documents shall include, without limitation, documents that are in the custody of your attorney(s), employees, staff, representatives and agents.

11.      "IVC" is used to refer to Inferior Vena Cava.

12.      "IVC Filter" and "IVC Filters" means any Inferior Vena Cava Filter devices manufactured, sold and/or distributed by any of the defendants named to this action or any other entity including without limitation to competitors.

13.      "Cook IVC Filters" means any Inferior Vena Cava Filter devices manufactured, sold and/or distributed by any of the defendants named to this action or any other entity related to any of the defendants named to this action.

5

14.     "Relating to" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including DOCUMENTS attached to or used in the preparation of or concerning the preparation of the DOCUMENTS.

15.     "Research and Development" means research and development as ordinarily and customarily applied in the field of accounting, including but not limited to work directed toward the innovation, introduction, and improvement of products and processes.

15.     "Or" and "and" will be used interchangeably.

16.     Unless otherwise indicated, the "Relevant Period" for the information sought is 2000 to the present.

17.     "YOU," "YOUR," "Cook," or "Defendants" refer to the named defendants to this action (both collectively and individually) as well as all of their partners, directors, officers, employees, servants, agents, attorneys, joint venturers, third-party contractors or other representatives, including all corporations and entities affiliated with Defendants. The terms "YOU" or "YOUR" shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, attorneys, joint venturers, third-party contractors or other representatives. The terms "YOU" or "YOUR" shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, attorneys, joint ventures or other representatives.

<u>INSTRUCTIONS FOR INTERROGATORIES</u>

1.     In responding to these Interrogatories, YOU are required to provide all

information known or reasonably available to YOU, regardless of whether such information is in YOUR possession, custody, or control or in the possession, custody, or control of YOUR agents, consignees, representatives or investigators, including YOUR attorneys or their agents, employees, representatives, or investigators.

2.      Each of these Interrogatories not only calls for YOUR knowledge, but also for all knowledge that is available to YOU through reasonable inquiry of your employees, representatives, and agents.

3.      In answering these Interrogatories, YOU are requested to answer each Interrogatory and subdivision thereof fully, completely and separately after exercising reasonable diligence to secure the information to do so. YOU are hereby notified that at least as to those Interrogatories that are unanswered or as to which YOU claim an inability to answer fully and completely for the reason that discovery is continuing, the undersigned will apply to the court for an order directing that these demands be deemed continuing; that upon acquiring any information responsive thereto after the service of answers hereto, YOU will be required to serve supplemental answers containing such later acquired information; and that YOU will be precluded at the trial of this action from introducing evidence relating to the subject matter of these demands which YOU have not disclosed by these answers or by supplemental answers thereto.

4.      If any Interrogatory is deemed to call for the production of privileged or otherwise protected information or materials, YOU must provide the following information in a written response, designating and identifying the information withheld from production on grounds of privilege and the reason for withholding the information, including a statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure.

5.     If YOU cannot answer any of the following Interrogatories in full and complete detail after exercising due diligence to secure the information to do so, please so state and answer to the extent possible, specifying in each instance YOUR inability to answer the remainder and stating whatever information or knowledge YOU have concerning the unanswered portions, and to the best of YOUR knowledge the names, addresses and telephone numbers of all persons and organizations where such information is, will be or is believed to be.

6.     These Interrogatories impose a continuing obligation upon YOU. If after producing information responsive to these Interrogatories additional information becomes available to YOU, YOU are required to produce such additional information.

7.     All DOCUMENTS produced in response to these Requests shall be either:

(a)     Organized and labeled to correspond with the number of the specific Interrogatory to which the DOCUMENTS are responsive, or

(b)     Produced in the order and in the format and manner that they are kept in the usual course of business (with Bates numbers applied in a manner that does not alter the DOCUMENT's metadata or its optical character recognition ("OCR") in any way).

8.     All DOCUMENTS that exist in electronic form are to be produced in electronic form and in their native form, not in an electronic form that is merely a picture of a DOCUMENT such as a TIFF file, a TIF file, or a PDF file.

9.     All information sought shall include all information that relates in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared or generated or received prior to the relevant time period.

INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

1.     In responding to these Requests, YOU are required to produce all DOCUMENTS known or reasonably available to YOU, regardless of whether such DOCUMENTS are in YOUR

possession, custody, or  control or in the possession, custody, or control of  YOUR agents, consignees, representatives or investigators, including YOUR attorneys or  their agents, employees, representatives, or investigators.

2.      If any of the DOCUMENTS or information Requested cannot be produced in full, YOU are required to specify, to the extent possible, the reasons for YOUR inability to produce the remainder, and the approximate date when YOU expect to produce such DOCUMENTS, if at all.

3.      If any Request is deemed to call for the production of privileged or otherwise protected information or materials, YOU must provide the following information in a written response, designating and identifying those DOCUMENTS or information withheld from production on grounds of privilege:

a)      The reason for withholding the DOCUMENT or information;

b)      A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure;

c)      A brief description of the DOCUMENT, including:

i.      The date of the DOCUMENT;

ii.      The number of pages, attachments, and appendices;

iii.      The name(s) of its author(s) or preparer(s) and identification by employment and title of each such person;

iv.      The name of each person who was sent, shown, or copied on  the DOCUMENT, or has had  access to  or custody of the DOCUMENT, together with an identification of each such person;

v.      The present custodian; and

vi.      The subject matter of the DOCUMENT, and in the case of any

DOCUMENT relating or referring to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

4.      Failure to properly identify any withheld DOCUMENTS may result in the waiver of any right to assert a privilege later.

5.      This Requests impose a continuing obligation upon YOU.   If after producing DOCUMENTS or information responsive to this Demand additional information or DOCUMENTS become available to YOU, YOU are required to produce such additional DOCUMENTS or information.

6.      With respect to each DOCUMENT Requested that has been lost, destroyed, or otherwise disposed of since its preparation or receipt, YOU shall provide the following information separately as to each such DOCUMENT:

a)      A general description of the subject matter, author, recipient(s), date;

b)      The identity of each person who has received a copy or had an opportunity to receive a copy thereof;

c)      The last custodian of the DOCUMENT or copies thereof; and

d)      The full particulars or circumstances whereby the DOCUMENT was disposed of, destroyed, or otherwise lost.

7.      All DOCUMENTS produced in response to these Requests shall be either:

a)      Organized and labeled to correspond with the number of the specific request to which the DOCUMENTS are responsive, or

b)      Produced in the order and in the manner that they are kept in the usual course of business.

8.      All DOCUMENTS requested shall include all DOCUMENTS and information

that relate in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared or generated or received prior to relevant time period.

9.      All DOCUMENTS that exist in electronic form are to be produced in electronic form and in their native electronic format, not in an electronic form that is merely a picture of a DOCUMENT such as a TIFF file, a TIF file, or a PDF file, with the Bates number applied in a manner that does not alter the DOCUMENT's metadata or its optical character recognition ("OCR") in any way.

## RULES OF CONSTRUCTION

1.      "And Or." The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

2.      Singular/Plural. The plural or a word shall include the singular and the singular of a word shall include the plural.

3.      Verb Tense. The past tense of a verb shall include the present tense and the present tense of a word shall include the past tense.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the total expenditures on Research and Development by Cook, Inc. relating to the Günther Tulip IVC filter separately for each year in the Relevant Period.

**ANSWER:**


**INTERROGATORY NO. 2:** Please state the total expenditures on Research and Development by Cook, Inc. relating to the Celect IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state the total expenditures on Research and Development by Cook, Inc. relating to the Celect Platinum IVC filter separately for each year in the Relevant Period.

**ANSWER:**


**INTERROGATORY NO. 4:** Please state the total expenditures on Research and Development by Cook, Inc. relating to all Cook IVC filters separately for each year in the Relevant Period.

**ANSWER:**


**INTERROGATORY NO. 5:** Please state the total expenditures on Marketing by Cook, Inc. relating to the Günther Tulip IVC filter separately for each year in the Relevant Period.

**ANSWER:**


**INTERROGATORY NO. 6:** Please state the total expenditures on Marketing by Cook, Inc. relating to the Celect IVC filter separately for each year in the Relevant Period.

**ANSWER:**


**INTERROGATORY NO. 7:** Please state the total expenditures on Marketing by Cook, Inc. relating to the Celect Platinum IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 8:** Please state the total expenditures on Marketing by Cook, Inc. relating to all Cook IVC filters separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 9:** Please state the total expenditures on Research and Development by Cook Medical, LLC (formerly known as Cook Medical, Inc.) relating to the Günther Tulip IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 10:** Please state the total expenditures on Research and Development by Cook Medical, LLC (formerly known as Cook Medical, Inc.) relating to the Celect IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 11:** Please state the total expenditures on Research and Development by Cook Medical, LLC (formerly known as Cook Medical, Inc.) relating to the Celect Platinum IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 12:** Please state the total expenditures on Research and Development by Cook Medical, LLC (formerly known as Cook Medical, Inc.) relating to all Cook IVC filters separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 13:** Please state the total expenditures on Marketing by Cook Medical, LLC (formerly known as Cook Medical, Inc.) relating to the Günther Tulip IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 14:** Please state the total expenditures on Marketing by Cook Medical, LLC (formerly known as Cook Medical, Inc.) relating to the Celect IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 15:** Please state the total expenditures on Marketing by Cook Medical, LLC (formerly known as Cook Medical, Inc.) relating to the Celect Platinum IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 16:** Please state the total expenditures on Marketing by Cook Medical, LLC (formerly known as Cook Medical, Inc.) relating to all Cook IVC filters separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 17:** Please state the total expenditures on Research and Development by William Cook Europe, ApS relating to the Günther Tulip IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 18:** Please state the total expenditures on Research and Development by William Cook Europe, ApS relating to the Celect IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 19:** Please state the total expenditures on Research and Development by William Cook Europe, ApS relating to the Celect Platinum IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 20:** Please state the total expenditures on Research and Development by William Cook Europe, ApS relating to all Cook IVC filters separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 21:** Please state the total expenditures on Marketing by William Cook Europe, ApS relating to the Günther Tulip IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 22:** Please state the total expenditures on Marketing by William Cook Europe, ApS relating to the Celect IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 23:** Please state the total expenditures on Marketing by William Cook Europe, ApS relating to the Celect Platinum IVC filter separately for each year in the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 24:** Please state the total expenditures on Marketing by William Cook Europe, ApS relating to all Cook IVC filters separately for each year in the Relevant Period.

**ANSWER:**


## REQUESTS FOR PRODUCTION

1.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 1 herein is based.

**RESPONSE:**


2.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 2 herein is based.

**RESPONSE:**


3.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 3 herein is based.

**RESPONSE:**

4.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 4 herein is based.

**RESPONSE:**

5.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 5 herein is based.

**RESPONSE:**

6.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 6 herein is based.

**RESPONSE:**

7.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 7 herein is based.

**RESPONSE:**

8.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 8 herein is based.

**RESPONSE:**

9.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 9 herein is based.

**RESPONSE:**

10.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 10 herein is based.

**RESPONSE:**

11.      Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 11 herein is based.

**RESPONSE:**

12.     Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 12 herein is based.

**RESPONSE:**


13.     Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 13 herein is based.

**RESPONSE:**


14.     Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 14 herein is based.

**RESPONSE:**


15.     Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 15 herein is based.

**RESPONSE:**

16.     Please identify chronologically by bates number/range or, if not previously produced,
produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory
No. 16 herein is based.

**RESPONSE:**

17.     Please identify chronologically by bates number/range or, if not previously produced,
produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory
No. 17 herein is based.

**RESPONSE:**

18.     Please identify chronologically by bates number/range or, if not previously produced,
produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory
No. 18 herein is based.

**RESPONSE:**

19.     Please identify chronologically by bates number/range or, if not previously produced,
produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory
No. 19 herein is based.

**RESPONSE:**

20.     Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 20 herein is based.

**RESPONSE:**

21.     Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 21 herein is based.

**RESPONSE:**

22.     Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 22 herein is based.

**RESPONSE:**

23.     Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 23 herein is based.

**RESPONSE:**

24.     Please identify chronologically by bates number/range or, if not previously produced, produce in chronological order all DOCUMENTS upon which YOUR answer to Interrogatory No. 24 herein is based.

**RESPONSE:**


Dated:  January 24, 2018                         Respectfully Submitted,


                                                 */s/ Joseph N. Williams*
                                                 Joseph N. Williams, Esq. (IN I.D. No. 25874-49)
                                                 **RILEY WILLIAMS & PIATT, LLC**
                                                 301 Massachusetts Avenue
                                                 Indianapolis, IN  46204
                                                 Telephone:  317.633.5270
                                                 Facsimile:  317.426.3348
                                                 Email:  jwilliams@rwp-law.com

                                                 *Liaison Counsel to Plaintiffs' Steering Committee*
                                                 *and on behalf of Plaintiffs' Steering Committee*

                                                 */s/ Michael W. Heaviside*
                                                 Michael W. Heaviside, Esq.
                                                 **HEAVISIDE REED ZAIC, A LAW CORPORATION**
                                                 910 17th Street NW, Suite 800
                                                 Washington, DC 20006
                                                 Telephone:  202.233.1993
                                                 Email:  mheaviside@hrzlaw.com



                                                 */s/ Ben C. Martin*
                                                 Ben C. Martin, Esq.
                                                 **LAW OFFICES OF BEN C. MARTIN**
                                                 3710 Rawlins Street, Suite 1230
                                                 Dallas, TX  75219
                                                 Telephone:  214.761.6614
                                                 Facsimile:  214.744.7590
                                                 Email:  bmartin@bencmartin.com

*/s/ David P. Matthews*

David P. Matthews, Esq.

**MATTHEWS & ASSOCIATES**

2509 Sackett St.

Houston, TX  77098

Telephone:  713.522.5250

Facsimile:  713.535.7184

Email: dmatthews@thematthewslawfirm.com

*PLAINTIFFS' CO-LEAD COUNSEL*


## CERTIFICATE OF SERVICE

I, Ben C. Martin, certify that on the 24th day of January 2018, Plaintiff's counsel caused a true and correct copy of the foregoing Plaintiffs' Interrogatories and Requests for Production and related papers to be served on all counsel of record via email, and/or by depositing the same in the United States First-Class Mail, postage prepaid, addressed as follows:

Andrea Pierson
andrea.pierson@faegrebd.com

Ann C. Rutgliano
anna.rutgliano@faegrebd.com

Chuck Webber
chuck.webber@faegrebd.com

Faegre, Baker, Daniels LLP
300 N. Meridan Street, Suite 2700
Indianapolis, IN 46204

*Counsel for Cook Defendants*


Dated: January 24, 2018

*/s/ Ben C. Martin*

Ben C. Martin, Esq. (TX I.D. No. 13052400)

**LAW OFFICES OF BEN C. MARTIN**

3710 Rawlins Street, Suite 1230

Dallas, Texas 75219

Telephone: 214.761.6614

Facsimile: 214.744.7590

bmartin@bencmartin.com