**Amanda**

| | |
|---|---|
| **From:** | Amanda |
| **Sent:** | Friday, March 23, 2018 1:00 PM |
| **To:** | 'CookFilterMDL@faegrebd.com' |
| **Subject:** | Amended PPF and Authorizations:  Elizabeth Kingery |
| **Attachments:** | ELIZABETH KINGERY.FIRST AMENDED COOK PPF.pdf; ELIZABETH KINGERY.UPDATED COOK AUTHORIZATIONS.pdf |

Counsel:

Attached please find Plaintiff Elizabeth Kingery's First Amended PPF and Authorizations.  Please do not hesitate to contact me with any questions or concerns.

Sincerely,



Amanda L. Washington
MCGLYNN, GLISSON & MOUTON
340 Florida Street
Baton Rouge, LA 70801
Phone: 225-344-3555
Fax: 225-228-2294
Email: Amanda@MGMattorneys.com

# FIRST AMENDED PLAINTIFF PROFILE FORM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

*MDL No. 2570*

IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION

In completing this Plaintiff Profile Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.

## I. CASE INFORMATION

**Caption:** Elizabeth Kingery v. Cook Incorporated et al.   **Date:** March 12, 2018

**Docket No.:** 1:18-cv-00243-RLY-TAB

**Plaintiff(s) attorney and Contact information:**
CURTIS LAW GROUP

12225 Greenville Ave.  Suite 750      Dallas, TX  75243  (214) 890-1000

MCGLYNN, GLISSON & MOUTON

340 Florida Street        Baton Rouge, LA  70801  (225) 344-3555

## II. PLAINTIFF INFORMATION

1. Please State:
   a. Full name of the person who received the Cook Inferior Vena Cava Filter(s), including maiden name (if applicable):  ELIZABETH KINGERY
   b. If you are completing this form in a representative capacity (e.g., on behalf of the estate of a deceased person), please list your full name and your relationship to the person listed in 1(a) above: N/A
      [If you are completing this form in a representative capacity, please respond to the remaining questions with respect to the person who received the Cook IVC Filter.]
2. Spouse: N/A _____ Loss of Consortium?  ☐Yes ☑No
3. Date of birth: ▆▆▆▆▆
4. Date of death (if applicable): _____
5. Social Security No.: ▆▆▆▆▆
6. Current Address: 18224 N. 24th Avenue      Phoenix, AZ  85023
   a. If you have lived at this address for less than ten (10) years, provide each of your prior residential addresses from 2006 to the present:

| Prior Address | Dates You Lived at this Address |
|---|---|
| N/A | |
| | |
| | |

1

7.  If you have ever been married, provide (a) the name of your current spouse and the date
    you were married and (b) the name of your ex-spouse(s) and the date of each marriage.

    MANUEL R. HARO                02/20/1992 to 03/21/2002

    MICHAEL F. SEDILLO            07/21/1975 to 02/1979

8.  Do you have children?   X  Yes    No

    If yes, please provide the following information with respect to each child:

    | Name and Address of Child | DOB | Is the Child Dependent on You? |
    |---|---|---|
    | LISA SEDILLO | ██████ | NO |
    | 18224 N. 24th Avenue     Phoenix, AZ  85023 | | |
    | CHRISTOPHER GONZALES | ██████ | NO |
    | 6717 Coldwater Drive     Waco, TX  76712 | | |

9.  Other than children identified above, identify the name and age of any person who
    currently resides with you and their relationship to you:

    None

10. Please state your highest level of education:  some high school, high school graduate,
    some college, college graduate, or post-graduate degree and identify the institution at
    which you attained your highest level of education.

    Arizona Institute Business Tech (Business Automation) - Some high school

11. Are you claiming damages for lost wages?:        Yes  X  No

12. If so, for what time period ;

13. Please provide the following employment information for the period beginning two years
    before your IVC filter implant or the past 10 years, whichever is shorter.

    | Employer | Job Title/Duties | Dates of Employment | Salary/Pay Rate |
    |---|---|---|---|
    | State of Arizona Tax Dept Unemployment | PSE III Unemployment Eligibility/Tax for Employers | 21 years   Retired 5/27/17 due to health reasons | $16.60/hr. |

a     Have you filed for bankruptcy from 2 years prior to the date of first placement of the Inferior Vena Cava Filter to the present?: ☐ Yes ☒ No

b.     If so, state the year you filed and whether the bankruptcy trustee been notified of your pending claim.

14. Have you ever served in any branch of the military? ☐ Yes ☒ No

a.     If yes, please provide the branch and dates of service, rank upon discharge and the type of discharge you received:

15. Within the last ten (10) years, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty? ☐ Yes ☒ No

If yes, please set forth where, when and the felony and/or crime of fraud and/or dishonesty: .

16. Do you have a computer?  ☒ Yes ☐ No

17. If so, do you now or have you in the past had an account with Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn or other social media websites? ☒ Yes ☐ No ☐ Not Applicable

## III. DEVICE INFORMATION

1. Date of Implant: 06/27/2012
2. Reason for Implant:  History of Pulmonary Embolism, Pre-surgical placement
3. Brand Name:  GUNTHER TULIP
4. Mfr.  COOK
5. Lot Number:  3321269
6. Placement Physician (Name/Address): Dr. Aubrey Palestrant
7. Medical Facility (Name/Address):  Honor Health Deer Valley Medical Center
         19829 N. 27th Avenue      Phoenix, AZ  85027

(This section to be used if more than one filter is at issue)

1. Date of Implant:  N/A
2. Reason for Implant:
3. Brand Name:
4. Mfr.
5. Lot Number:
6. Placement Physician (Name/Address):
7. Medical Facility (Name/Address):

3

Have you ever been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for the treatment of the same condition(s) identified in your answer above?  NO

    a.  If yes, please identify any such device(s) or product(s). _____

    b.  When was this device or product implanted in you? _____

    c.  Provide the name, address and phone number of the physician(s) who implanted this other device or product? _____

    d.  Provide the name and address of facilities where the other device or product implanted in you? _____

    e.  State your understanding of why was the other device or product implanted in you? _____

*• Attach medical evidence of product identification*

## IV. RETRIEVAL/REMOVAL/EXPLANT PROCEDURE INFORMATION

1.  Date of retrieval (including any attempts): N/A _____
2.  Type of retrieval: _____
3.  Retrieval physician (Name/Address): _____
4.  Medical Facility (Name/Address): _____
5.  Reason for Retrieval: _____

(This section to be used if more than one retrieval attempted)

1.  Date of retrieval (including any attempts): N/A _____
2.  Type of retrieval: _____
3.  Retrieval physician (Name/Address): _____
4.  Medical Facility (Name/Address): _____
5.  Reason for Retrieval: _____

1.  Date of retrieval (including any attempts): N/A _____
2.  Type of retrieval: _____
3.  Retrieval physician (Name/Address): _____
4.  Medical Facility (Name/Address): _____
5.  Reason for Retrieval: _____

1.  Date of retrieval (including any attempts): N/A _____
2.  Type of retrieval: _____
3.  Retrieval physician (Name/Address): _____
4.  Medical Facility (Name/Address): _____
5.  Reason for Retrieval: _____

## V. OUTCOME ATTRIBUTED TO DEVICE

| | |
|---|---|
| ☑ Migration | ☑ Other — Three legs of filter protruding out, not sure they will never migrate. (3 protruding legs calcified) |
| ☑ Tilt | ☑ Other — Risks of injury to vein are higher to remove than to leave it in. |
| ☐ Vena Cava Perforation | ☑ Other — Filter in place more than 90 days, too risky to attempt retrieval, future perforation and fracture are likely |
| ☐ Fracture | ☐ Other |
| ☑ Device is unable to be retrieved | ☐ Other |
| ☐ Bleeding | ☐ Other |
| ☐ Organ Perforation | ☐ Other |

## VI. HOW OUTCOME(S) ATTRIBUTED TO DEVICE DETERMINED

Requested removal of IVC filter, MRI w/contrast __ by Dr. Palestrant (Risk to remove, leave it in)
(e.g. imaging studies, surgery, doctor visits)
2nd Opinion:  Viewed MRI on disks _____ by Dr. Sammy Zakhary: (Refused to remove, bloody mess, injury to vena cava.  Leave it in.)

3rd Opinion: Removal req. consult: Viewed MRI by Dr. Money:  3 legs protruding per MRI, risks of
The extent of any possible device failure has not ___ removal high.  If it migrates perforates could be taken
been fully documented by Plaintiff's treating _____ by out.  Complicated, leave it in, too risky
medical provider(s).

## VII. CURRENT COMPLAINTS

Describe all injuries and physical complaints you attribute to the device:
Depression, three doctors refusing removal of IVC filter that could possibly kill me.
Life long on Warfarin as long as IVC filter is in my body.

Damaged veins, constant blood draws, blood too thin, bloody noses, dizziness constantly, hematomas for  simple injury

Constant battle to get my blood to correct level.  Oral surgery, hematoma, swelling.

Had to give myself Lovenox injection shots in stomach because of IVC filter in vena cava.

Trauma:  fear of needles, blood draws, hard to get a vein.  Fear filter will migrate, perforate.
Fear of possible failure in the future.

## VIII. MEDICAL BACKGROUND

1. Provide your current: Age _58_  Height _5'4"_  Weight _158 lbs._
2. Provide your:  Age _53_  Weight _186 lbs._  (approximate, if unknown) at the time the Cook Inferior Vena Cava Filter was implanted in you.

3. In chronological order, list any and all hospitalizations and outpatient procedures you had in the five (5) year period BEFORE implantation of the Cook Inferior Vena Cava Filter(s). Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each hospitalization or outpatient procedure; and provide the approximate date(s) for each:

| Approximate Date | Doctor or Healthcare Provider Involved (including address) |
|---|---|
| None that I can recall | |

*[Attach additional sheets as necessary to provide the same information for any and all surgeries leading up to implantation of the Cook Inferior Vena Cava Filter(s)]*

4. Before the implantation of the Cook Inferior Vena Cava Filter(s), did you regularly exercise or participate in activities that required lifting or strenuous physical activity?

☒Yes ☐No

5. In chronological order, list any and all hospitalizations and outpatient procedures you had AFTER implantation of the Cook Inferior Vena Cava Filter(s). Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each hospitalization or outpatient procedure, and provide the approximate date(s) for each:

| Approximate Date | Doctor or Healthcare Provider Involved (including address) |
|---|---|
| 11/27/2014 Total Right Hip Replacement | Dr. Scott Siverhus Core Institute   JC Lincoln Hospital 18444 N. 25th Avenue  Phoenix, AZ   85023 |
| 06/13/2013 Lumbar Laminectomy | Dr. Andrew Little St. Joseph Hospital 350 W. Thomas Road   Phoenix, AZ   85013 |

6. To the extent not already provided in the charts above, provide the name, address, and telephone number of every doctor, hospital or other health care provider from which you have received medical advice and/or treatment in the past seven (7) years:

| Name and Specialty | Address | Approximate Dates/Years of Visits |
|---|---|---|
| Dr. Amol Rakkar<br>Palo Verde Cancer Specialist | 5601 W. Eugie Avenue<br>Glendale, AZ  85304 | 09/2013 to Present |
| Dr. Lee Frankel, PCP<br>Consultants Internal Medicine | 5701 W. Talavi Blvd. #110<br>Glendale, AZ  85301 | 2003 to Present |
| | | |
| | | |

7. <u>Since the date</u> that the Cook Inferior Vena Cava Filter(s) was implanted, have you regularly exercised, or regularly participated in activities that required lifting, or regularly engaged in strenuous physical activity?

   ☐Yes ☒No

   Describe each activity which you contend has been limited or which you contend that you can no longer engage in because of receiving of your Cook Inferior Vena Cava Filter(s).

   No heavy lifting, No more Zumba, Have to exercise regularly with restrictions due to hip replacements and lumbar laminectomy.

8. Number of Deep Vein Thromboses before and after implant of your Cook IVC Filter:
   Before: 1    After: 1 (No hospitalization, 9 day treatment at home with Lovonox injections)

9. Number of Pulmonary Emboli before and after the implant of your Cook IVC filter:
   0

10. If you had any of the following conditions beginning five years before your IVC filter implant or after it was implanted, please provide the requested information.

| Condition | Date Range | Treating Doctor and/or Facility |
|---|---|---|
| Lupus<br>☐Yes ☒No | | |
| Crohn's Disease<br>☐Yes ☒No | | |
| Factor V Leiden<br>☐Yes ☒No | | |
| Protein Deficiency<br>☒Yes ☐No | 2005 | Dr. Jerry Olshan  Oncologist<br>3411 N. 5th Ave. #400   Phoenix, AZ  85013 |
| Spinal fusion/back sx<br>☒Yes ☐No | 2013 | Dr. Andrew Little   St. Joseph Hospital<br>350 W. Thomas Road   Phoenix, AZ  85013 |

Anti-thrombin deficiency
☐Yes ☑No
Prothrombin mutation
☐Yes ☑No

11. For the period beginning five (5) years before your IVC implant to the present date, describe all major health problems and surgeries you recall, other than those listed above.

| Approx. Date Range | Health Problem or Surgery |
|---|---|
| 2005, 2016 to Present | High Blood Pressure |
| 2005 | Arthritis |
| 2008 | Mitral Valve Prolapse |
| | |
| | |
| | |
| | |
| | |

12. If you are seeking damages for emotional distress in this lawsuit, you must respond to this question:

Have you experienced, been diagnosed with or received psychiatric or psychological treatment of any type, including therapy, for any mental health conditions including depression, anxiety or other emotional or psychiatric disorders during the three (3) years prior to the filing of this lawsuit through the present?  ☐Yes ☒No

If yes, specify condition, date of onset, medication/treatment, treating physician and current status of condition:

Even though I haven't seen a psychologist, I suffer emotional distress over the IVC implanted in me.
Commercials constantly advertising failure of device and causing death gives me anxiety.

13. Do you now or have you ever smoked tobacco products?  ☒Yes ☐No

    If yes: How long have/did you smoke?   7 years.   Quit 21 years ago

14. List each prescription medication you have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present, please provide the following.

| Medication | Reason for Taking | Dates of Use | Pharmacy (with Address if Known) |
|---|---|---|---|
| Warfarin | Deep Vein Thrombosis | 2005 Intermittently 2008 | Walgreens  (All prescriptions 19 Ave Bell   Phoenix, AZ |
| Warfarin | Total Hip Replacement Previous DVT | 6/27/12 to Present (Lifelong til IVC filter removed) | |
| | | | |
| | | | |
| | | | |

---

## IX.  PRIOR CLAIM INFORMATION & FACT WITNESSES

1. Have you filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury? ☐Yes ☒No.  If yes, specify:

    a.  Court in which lawsuit/claim was filed or initiated:_____

    b.  Case/Claim Number:_____

    c.  Nature of Claim/Injury:_____

2. Have you applied for Workers' Compensation (WC), Social Security disability (SSI or SSD) benefits, or other State or Federal disability benefits since the placement of the device? ☐Yes ☒No.  If yes, specify:

    a.  Date (or year) of application: _____

    b.  Type of benefits sought: _____

    c.  Agency/Insurer from which you sought the benefits:_____

    d.  The nature of the claimed injury/disability: _____

e   Whether the claim was accepted or denied

3   Identify by name, address and relationship to you, all persons (other than your healthcare providers) who possess information concerning your injuries and/or current medical condition:

| Name | Address (if known) | Relationship to You |
|------|--------------------|--------------------|
| Lisa Sedillo | 18224 N. 24th Avenue Phoenix, AZ  85023 | Daughter /Medical POA |
|  |  |  |
|  |  |  |
|  |  |  |

## X. DOCUMENT REQUESTS

In addition to the requirements in Amended Case Management Order #4, Section 1.d., that each plaintiff shall provide the defendants with hard copies or electronic files of all medical records in their possession or in the possession of their attorneys or other representatives, including, but not limited to, records that support product identification, state whether you have any of the following documents in your possession or in the possession of your attorneys or other representatives.  If you do, please provide a true and correct copy of any such documents with this completed Profile Sheet.

1.   If you were appointed by a Court to represent the plaintiff in this lawsuit, produce any documents demonstrating such appointment.

   Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☒Does not apply to me

2.   If you represent the Estate of a deceased person in this lawsuit, produce a copy of the decedent's death certificate and autopsy report (if applicable).

   Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☒Does not apply to me

3.   Produce any Cook Inferior Vena Cava Filter product packaging, labeling, advertising, or any other product-related items.

   Applies to me and: ☐the documents are attached OR ☒I have no documents OR ☐Does not apply to me

4. Produce all documents concerning any communication between you and the Food and Drug Administration (FDA), or between you and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue, except those communications that are attorney/client or work product privileged or that are between your counsel in this case and Cook or Cook's counsel.

Applies to me and: ☐the documents are attached OR ☒I have no documents OR ☐Does not apply to me

5. Produce all documents, correspondence or communication relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or you, except those communications that are attorney/client or work product privileged or that are between your counsel in this case and Cook or Cook's counsel.

Applies to me and: ☐the documents are attached OR ☒I have no documents OR ☐Does not apply to me

6. Produce all documents describing risks and/or benefits of Inferior Vena Cava Filters, which you received before your procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s)

Applies to me and: ☐the documents are attached OR ☒I have no documents OR ☐ Does not apply to me

7. Produce any and all documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

Applies to me and: ☒the documents are attached OR ☐I have no documents OR ☐ Does not apply to me

8. If you underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☒ Does not apply to me

9. If you claim lost wages or lost earning capacity, produce copies of your Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date, redacting irrelevant information.

Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☒ Does not apply to me

10. All documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders

Applies to me and: ☐ the documents are attached OR ☐ I have no documents OR ☒ Does not apply to me

## AUTHORIZATIONS

Provide ONE (1) SIGNED ORIGINAL copy of the records authorization form attached in Exhibit A. The form will authorize counsel for the Cook Group Companies to obtain those records identified within this Claimant Profile Form.

## VERIFICATION

I, ___ELIZABETH KINGERY___, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated ___March 12, 2018___ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_Elizabeth Kingery_
[Signature of Claimant]

## VERIFICATION OF LOSS OF CONSORTIUM (if applicable)

I, ___N/A___, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated ___N/A___ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

___N/A___
[Signature of Consortium Plaintiff]

JOHN C LINCOLN HOSPITAL - JCLHN Deer Valley
19829 N. 27TH AVENUE
PHOENIX, AZ 85027
623-879-6100

| | | | |
|---|---|---|---|
| **NAME:** | KINGERY,ELIZABETH | | |
| **MED REC:** | M310853 | **ACCT:** | V011896560 |
| **EXAM DATE:** | 06/27/12 | **DISCHARGE DATE:** | |
| **STATUS:** | ADM IN | **LOCATION:** | D SURG 2FL |
| **ORDER PHYS:** | Siverhus,Scott W MD | **DOB:** | |
| | | **RM/BED:** | D SURG 2FL-2 |

## SPECIAL PROCEDURES

****Signed****

EXAM#
0627-0005 SPEC/INS ENDO VAS VENA CAVA FLTR

INFERIOR VENA CAVA FILTER PLACEMENT

HISTORY: Patient has a past history of pulmonary embolism. She is to undergo placement of a right hip prosthesis today and is referred for placement of an inferior vena cava filter. The rationale, alternatives, technique and potential risks (including but not limited to hemorrhage, infection, contrast toxicity, filter fracture, migration, perforation or infection) of the procedure was explained to the patient and her family prior to any sedation being given. I answered the patient's questions to their satisfaction and the patient provided informed consent.

PROCEDURE: The patient was sedated with divided doses of fentanyl and Versed. The patient's blood pressure, oxygen saturation, cardiac rate and rhythm were continuously monitored by an independent nurse observer for the one-hour duration of the procedure. The patient's vital signs remained stable throughout.

Documented ultrasound evaluation of the right groin showed no evidence for thrombosis.In the common femoral vein. The vein was normal and suitable for access. The skin was cleaned, draped and anesthetized in the standard sterile fashion. Using documented ultrasound guidance, a 21-gauge needle was inserted into the common femoral vein. A guidewire was inserted, the needle removed and replaced with a 5 French dilator. Injection of contrast through the dilator showed that the right iliac veins were unremarkable.

The dilator was removed over a guidewire and replaced with 5 French selective angiographic catheter. The catheter was advanced into the left common femoral vein and a study obtained. The study showed a normal left common and external iliac vein. The inferior vena cava was also unremarkable.There was no evidence of a duplicated inferior vena cava or a large hemiazygos or ascending lumbar vein...

The 5 French selective angiographic catheter was advanced to a second order renal vein branch in the lower pole of the left kidney and a study obtained to determine whether there were any accessory veins passing from the lower pole to the inferior vena cava. No accessory veins were identified. The intrarenal veins were normal. The main renal vein was normal and its entry site into the inferior vena cava was noted.

Do not re-release without proper authorization
Frankel,Lee MD; Siverhus,Scott W MD

NAME: KINGERY,ELIZABETH

MRN: MJ10853
ACCT: V011896560

EXAM# 0627-0005 SPEC/INS ENDO VAS VENA CAVA FLTR

Similarly, the catheter was positioned in a second order branch of the renal vein in the right kidney in its lower pole and a study obtained. No accessory renal veins were identified. The intrarenal veins were normal. The position of the main renal vein was noted.

The catheter was removed over a guidewire and replaced with the delivery sheath for the Tulip inferior vena cava filter. The filter was deployed at the predetermined level, immediately below the renal veins. Angiographic evaluation of the filter showed satisfactory deployment of the limbs. The filter was suitably oriented.

At the conclusion, the sheath was removed and hemostasis obtained. No complications were encountered with the procedure, the patient remained stable throughout.

IMPRESSION:
1. Normal right and left iliac veins and inferior vena cava. Both renal veins were unremarkable. No accessory renal veins were identified entering the vena cava lower down.
2. Uneventful deployment of a Tulip inferior vena cava filter.

Note: My office will contact this patient in 4 to 6 weeks' time for a clinic consult. A determination will be made at that time when to remove the filter.

Dictated on: 06/27/12 0926
Dictated by: Palestrant,Aubrey MD
Transcribed by: SELF EDIT REPORT
Transcribed Date/Time: 06/27/12 0926
Printed Date/Time: 06/27/12 0937

Document electronically signed by: Palestrant,Aubrey MD
Signed Date/Time: 06/27/12 0930

CC: Frankel,Lee MD; Siverhus,Scott W MD

Do not re-release without proper authorization
Frankel,Lee MD; Siverhus,Scott W MD



**John C. Lincoln**
**Deer Valley Hospital**

Interventional Radiology Report

Flowsheet

Honored by Experts. Honored to Serve.

ELIZABETH KINGERY
Patient ID  M310853
Examination  6/27/2012 08:13:34
DOB  ███████                    Age  52 Years              Sex  Female
Height  54"                     Weight  146.9 lbs           BSA  1.72 m³

### Procedure Comments

| Time | Comments |
|------|----------|
| 08:40 | 1% lidocaine with sodium bicarb to right groin |
| 08:41 | Percutaneous stick to right femoral vein |
|       | Wire inserted. C2 catheter advanced otw to IVC. Contrast Injection. |
| 08:42 | C2 catheter advanced otw to left femoral vein, Contrast Injection |
| 08:43 | Catheter advanced to right renal vein. Contrast Injection. |
|       | Catheter advanced to left renal vein. Contrast Injection |
| 08:45 | C2 catheter removed otw. |
|       | 8.5fr sheath advanced otw. |
| 08:46 | Cook Tulip filter deployed infrarenal, Lot# 3321269 |
| 08:48 | Contrast Injection post placement. |
| 08:49 | Procedure complete |
|       | Patient tolerated procedure well |
| 08:50 | Sheath removed and manual pressure held by Lauren RT |
| 08:58 | opsite and 4x4 dressing to puncture site. No bleeding or hematoma noted. |
| 09:02 | Patient transported per department protocol. |

### Procedure

Inferior Venacava Filter Insertion

Local Given        Type

Sheath Access      Entry Site              Sheath Size      Inserted by

| Time | NIBPs [mmHg] | NIBPd [mmHg] | NIBPm [mmHg] | Heart rate [bpm] | SpO2 [%] | Resp rate [/min] | EtCO2 [mmHg] | Consciousness | Respiration | Skin Color | Muscle Function | Circulation | Total Aldrete Score |
|------|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 08:13 |  |  |  |  |  |  |  | 2 | 2 | 2 | 2 | 2 | 10 |
| 08:20 |  |  |  |  |  |  |  | 2 | 2 | 2 | 2 | 2 | 10 |
| 08:25 |  |  |  | 49 | 97 | 0 | 35.0 | 2 | 2 | 2 | 2 | 2 | 10 |
| 08:29 | 138 | 66 | 90 | 51 | 96 | 12 | 38.0 | 2 | 2 | 2 | 2 | 2 | 10 |
| 08:34 | 121 | 70 | 87 | 47 | 98 | 11 | 37.0 | 2 | 2 | 2 | 2 | 2 | 10 |
| 08:39 | 134 | 78 | 97 | 51 | 98 | 18 | 33.0 | 2 | 2 | 2 | 2 | 2 | 10 |
| 08:44 | 104 | 82 | 89 | 47 | 99 | 16 | 35.0 | 2 | 2 | 2 | 2 | 2 | 10 |
| 08:49 | 121 | 76 | 91 | 52 | 98 | 9 | 23.0 | 2 | 2 | 2 | 2 | 2 | 10 |
| 08:54 | 123 | 70 | 88 | 52 |  | 23 | 38.0 | 2 | 2 | 2 | 2 | 2 | 10 |

# AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

To:

I, the undersigned, hereby authorize and request the Custodian of the above-named entity to disclose to Faegre Baker Daniels LLP, 300 N. Meridian Street, Suite 2700 Indianapolis, IN 46204, any and all medical records, including those that may contain protected health information (PHI) regarding ELIZABETH KINGERY_____, whether created before or after the date of signature.

This authorization specifically does not permit Faegre Baker Daniels LLP to discuss any aspect of my medical care, medical history, treatment, diagnosis, prognosis, or any other circumstances revealed by or in the medical records with my medical providers, past or present, ex parte and without the presence of my attorney. Records requested may include, but are not limited to:

a) all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, communicable disease testing and treatment records, correspondence, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consent for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports and requisition records, and any other written materials in its possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatments or procedures. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. This authorization and release does not allow _____ to request or take possession of pathology/cytology specimens, extracted mesh, pathology/cytology or hematology slides, wet tissue or tissue blocks.

b) complete copies of all prescription profile records, prescription slips, medication records, orders for medication, payment records, insurance claims forms correspondence and any other records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of ELIZABETH KINGERY_____ v. Cook Medical Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

## NOTICE

- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Baker Daniels LLP except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS records and information to Faegre Baker Daniels LLP.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.

US.110158128.01

• The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by <u>Faegre Baker Daniels LLP</u>.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Faegre Baker Daniels LLP</u>.

ELIZABETH KINGERY
_____
Name of Patient (Print)

MAIDEN: KINGERY     FORMER: SEDILLO, HARO
_____
Former/Alias/Maiden Name of Patient

█████████
_____
Patient's Date of Birth

█████████
_____
Patient's Social Security Number

18224 N. 24th AVENUE     PHOENIX, AZ  85023
_____
Patient's Address

_____
Signature of Patient or Individual

_____
Date

_____
Name of Patient Representative

_____
Description of Authority

US.116158128.01

## AUTHORIZATION AND CONSENT
## TO RELEASE PSYCHOTHERAPY NOTE

Name of Individual:  ELIZABETH KINGERY
Social Security Number: ███████
Date of Birth: ████  ████
Provider Name:

TO:   All physicians, hospitals, clinics and institutions, pharmacists and other healthcare providers

The Veteran's Administration and all Veteran's Administration hospitals, clinics, physicians and employees

The Social Security Administration

Open Records, Administrative Specialist, Department of Workers' Claims

All employers or other persons, firms, corporations, schools and other educational institutions

The undersigned individual herby authorizes each entity included in any of the above categories to furnish and disclose to Faegre Baker Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204, and its authorized representatives, true and correct copies of all "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session, or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize Faegre Baker Daniels LLP to engage in ex parte communication concerning same.

- This authorization provides for the disclosure of the above-named patient's protected health information for purposes of the following litigation matter: ELIZABETH KINGERY                v. Cook Medical, Inc., et al.

- The undersigned individual is hereby notified and acknowledges that any health care provider or health plan disclosing the above requested information may not condition treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization.

- The undersigned individual is hereby notified and acknowledges that he or she may revoke this authorization by providing written notice to Faegre Baker Daniels LLP and/or to one or more entities listed in the above categories, except to the extent that any such entity has taken action in reliance on this authorization.

- The undersigned is hereby notified and acknowledges that he or she is aware of the potential that protected health information disclosed and furnished to the recipient pursuant to this authorization is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- The undersigned is hereby notified that he/she is aware that any and all protected health information disclosed and ultimately furnished to Faegre Baker Daniels LLP in accordance with orders of the court pursuant to this authorization will be shared with any and all co-defendants in the matter of ELIZABETH KINGERY            v. Cook Medical, Inc., et al. and is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of ELIZABETH KINGERY                            date of signature of the undersigned.

v. Cook Medical, Inc., et al. or (ii) five (5) years after the

I have carefully read and understand the above and do hereby expressly and voluntarily authorize the disclosure of all of my above information to <u>Faegre Baker Daniels LLP</u> and its authorized representatives, by any entities included in the categories listed above.

Date: _____

_____
Signature of Individual or Individual's Representative

Individual's Name and Address:
ELIZABETH KINGERY

_____
Printed Name of Individual's Representative (If applicable)

18224 N. 24th AVENUE

_____
Relationship of Representative to Individual (If applicable)

PHOENIX, AZ  85023

_____
Description of Representative's authority to act for Individual (If applicable)

This authorization is designed to be in compliance with the Health Insurance Portability and Accountability Act, and the regulations promulgated thereunder, 45 CFR Parts 160 and 164 (collectively, "HIPAA").

## AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to Faegre Baker Daniels LLP, Suite 2700, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204, any and all records containing insurance information, including those that may contain protected health information (PHI) regarding ELIZABETH KINGERY                , whether created before or after the date of signature. Records requested may include, but are not limited to:

applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.  By signing this authorization, I expressly do not authorize Faegre Baker Daniels to engage in any ex parte interview or oral communication about me or any information contained in the materials produced without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of ELIZABETH KINGERY                v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

## NOTICE

- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Baker Daniels LLP , except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Faegre Baker Daniels LLP.

US.110158128.01

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Faegre Baker Daniels LLP.

ELIZABETH KINGERY
_____
Name of Individual

MAIDEN: KINGERY   FORMER: SEDILLO, HARO
_____
Former/Alias/Maiden Name of Individual

████████
_____
Individual's Date of Birth

████████
_____
Individual's Social Security Number

18224 N. 24th AVENUE      PHOENIX, AZ  85023
_____
Individual's Address

_____
Signature of Individual or Individual Representative

_____
Date

_____
Name of Individual Representative

_____
Description of Authority

US.110158128.01

## AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of Faegre Baker Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204, any and all records containing Medicaid information, including those that may contain protected health information (PHI) regarding ELIZABETH KINGERY _____, whether created before or after the date of signature. This authorization should also be construed to permit agents or designees of Faegre Baker Daniels LLP to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospitals, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of ELIZABETH KINGERY _____; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of ELIZABETH KINGERY _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation. By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my medical history by Faegre Baker Daniels LLP without the presence of my attorney.

### NOTICE

- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Baker Daniels LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Faegre Baker Daniels LLP.

US.110158128.01

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Faegre Baker Daniels LLP.

ELIZABETH KINGERY
Name of Individual

MAIDEN: KINGERY   FORMER: SEDILLO, HARO
Former/Alias/Maiden Name of Individual

▬▬▬▬▬
Individual's Date of Birth

▬▬▬▬▬
Individual's Social Security Number

18224 N. 24th AVENUE       PHOENIX, AZ  85023
Individual's Address

Signature of Individual or Individual

Date

Name of Individual Representative

Description of Authority

### AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to <u>Faegre Baker Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204</u>, any and all records containing employment information, including those that may contain protected health information (PHI) regarding <u>ELIZABETH KINGERY</u> , whether created before or after the date of signature. Records requested may include, but are not limited to:

all applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; all hospital, physician, clinic, infirmary, nurse, dental records; test results, physical examination records and other medical records; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; material safety data sheets, chemical inventories, and environmental monitoring records and all other employee exposure records pertaining to all positions held; and any other records concerning employment with the above-named entity. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my employment history by <u>Faegre Baker Daniels LLP</u> without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of <u>ELIZABETH KINGERY</u> v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. A copy of this authorization may be used in place of and with the same force and effect as the original. The purpose of this authorization is for civil litigation.

### NOTICE

- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to <u>Faegre Baker Daniels LLP</u>, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by <u>Faegre Baker Daniels LLP</u>.

US.110158128.01

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Faegre Baker Daniels LLP</u>.

ELIZABETH KINGERY
_____
Name of Employee

MAIDEN: KINGERY     FORMER: SEDILLO, HARO
_____
Former/Alias/Maiden Name of Employee

████████
_____
Employee's Date of Birth

████████
_____
Employee's Social Security Number

18224 N. 24th AVENUE     PHOENIX, AZ  85023
_____
Employee's Address

*Elizabeth Kingery*
_____
Signature of Employee or Employee Representative

_____
Date

_____
Name of Employee Representative

_____
Description of Authority

US.110158128 01

## AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to
Faegre Baker Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204, any and all records containing
Workers' Compensation information, including those that may contain protected health information (PHI) regarding
ELIZABETH KINGERY_____, whether created before or after the date of signature.  Records requested may include, but are
not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records, transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made; investigatory reports and records; applications for employment; records of all positions held; job descriptions of any positions held; salary records; performance evaluations and reports; statements and comments of fellow employees; attendance records; all physicians', hospital, medical, health reports, physical examinations; records relating to health or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or invoices; and any other records relating to the above-named individual. Copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will
remain in effect until the earlier of: (i) the date of settlement or final disposition of
ELIZABETH KINGERY_____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the
undersigned below. The purpose of this authorization is for civil litigation  This authorization is for the release of
records only and does not allow Faegre Baker Daniels to engage in ex parte communications regarding the subject
matter of this release and without the presence of my attorney.

### NOTICE

- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Baker Daniels LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Faegre Baker Daniels LLP.

US.110138128.01

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Faegre Baker Daniels LLP.

ELIZABETH KINGERY
Name of Individual

MAIDEN: KINGERY    FORMER: SEDILLO, HARO
Former/Alias/Maiden Name of Individual

▮▮▮▮▮
Individual's Date of Birth

▮▮▮▮▮
Individual's Social Security Number

18224 N. 24th AVENUE        PHOENIX, AZ  85023
Individual's Address

Signature of Individual or Individual Representative

Date

Name of Individual Representative

Description of Authority

US.116138128.01

Social Security Administration
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (*signifies required field).*

TO:  Social Security Administration

ELIZABETH KINGERY
*Name              ██████████            ██████████
                   *Date of Birth        *Social Security Number

I authorize the Social Security Administration to release information or records about me to:

*NAME                                    *ADDRESS

Faegre Baker Daniels LLP                 300 N. Meridian Street, Suite 2700,
                                         Indianapolis, IN 46204

*I want this information released because:      civil litigation
*There may be a charge for releasing information.*

*Please release the following information selected from the list below:
*You must check at least one box. Also, SSA will not disclose records unless applicable date ranges are included.*

□ Social Security Number

□ Current monthly Social Security benefit amount

□ Current monthly Supplemental Security Income payment amount

□ My benefit/payment amounts from _____ to _____

□ My Medicare entitlement from _____ to _____

□ Medical records from my claims folder(s) from _____ to _____
   *If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*

□ Complete medical records from my claims folder(s)

□ Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.)

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that any applicable fees must be paid by me.

*Signature: _____          *Date: _____

Relationship (if not the individual): _____          Daytime Phone: 623-824-8269

Form  SSA-3288 (07-2010) EF (07-2010)

US.110158128.01

## Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor, you may complete this form to release only the minor's non-medical records. If you are requesting information for a purpose not directly related to the administration of any program under the Social Security Act, a fee may be charged.

NOTE: Do not use this form to:

Request us to release the medical records of a minor. Instead, contact your local office by calling 1-800-772-1213 (TTY-1-800-325-0778), or

Request information about your earnings or employment history. Instead, complete form SSA-7050-F4 at any Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

### How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the information applies.

Fill in the name and address of the individual (or organization) to whom you want us to release your information. Indicate the reason you are requesting us to disclose the information.

Check the box(es) next to the type(s) of information you want us to release including the date ranges, if applicable.

You, the parent or legal guardian acting on behalf of a minor, or the legal guardian of a legally incompetent adult, must sign and date this form and provide a daytime phone number where you can be reached.

If you are not the person whose information is requested, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. The information you provide will be used to respond to your request for SSA records information or process your request when we release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent.

We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, in accordance with 5 U.S.C. § 552a(b) of the Privacy Act, we may disclose the information provided on this form in accordance with approved routine uses which include but are not limited to the following: 1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and/or coverage, 2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; 3. To comply with Federal laws requiring the disclosure of the information from our records; and, 4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Additional information regarding this form, routine uses of information, and other Social Security programs are available from our Internet website at www.socialsecurity.gov or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778). *You may send comments on our time estimate above to: SSA, 6401 Security Blvd, Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.*

Form SSA-3288  (07-2010) EF (07-2010) Destroy Prior Editions



# Medicare

Beneficiary Services:1-800-MEDICARE (1-800-633-4227)
TTY/TDD:1-877-486-2048

This form is used to advise Medicare of the person or persons you have chosen to have access to your personal health information.

**Where to Return Your Completed Authorization Forms:**
After you complete and sign the authorization form, return it to the address below:

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

**For New York Medicare Beneficiaries ONLY**
The New York State Public Health Law protects information that reasonably could identify someone as having HIV symptoms or infection, and information regarding a person's contacts. Because of New York's laws protecting the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV, there are special instructions for how you, as a New York resident, should complete this form.

- For question 2A, check the box for *Limited Information,* even if you want to authorize Medicare to release any and all of your personal health information.

- Then proceed to question 2B.

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

US.110158128.01

Instructions for Completing Section 2B of the Authorization Form:
*Please select one of the following options.*

- Option 1 To include all information, in the space provided, write: "all information, including information about alcohol and drug abuse, mental health treatment, and HIV". Proceed with the rest of the form.

- Option 2 To exclude the information listed above, write "Exclude information about alcohol and drug abuse, mental health treatment and HIV" in the space provided. *You may also check any of the remaining boxes and include any additional limitations in the space provided.* For example, you could write "payment information". Then proceed with the rest of the form.

If you have any questions or need additional assistance, please feel free to call us at 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

Sincerely,


1-800-MEDICARE
Customer Service Representative


Encl.

US.110158128.01

**Information to Help You Fill Out the
"1-800-MEDICARE Authorization to Disclose Personal Health Information" Form**

By law, Medicare must have your written permission (an "authorization") to use or give out your personal medical information for any purpose that isn't set out in the privacy notice contained in the Medicare & You handbook. You may take back ("revoke") your written permission at any time, except if Medicare has already acted based on your permission.

If you want 1-800-MEDICARE to give your personal health information to someone other than you, you need to let Medicare know in writing

If you are requesting personal health information for a deceased beneficiary, please include a copy of the legal documentation which indicates your authority to make a request for information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.) Also, please explain your relationship to the beneficiary.

Please use this step by step instruction sheet when completing your "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form. Be sure to complete all sections of the form to ensure timely processing.

1. Print the name of the person with Medicare.

   Print the Medicare number exactly as it is shown on the red, white, and blue Medicare card, including any letters (for example, 123456789A).

   Print the birthday in month, day, and year (mm/dd/yyyy) of the person with Medicare.

2. This section tells Medicare what personal health information to give out. Please check a box in 2a to indicate how much information Medicare can disclose. If you only want Medicare to give out limited information (for example, Medicare eligibility), also check the box(es) in 2b that apply to the type of information you want Medicare to give out.

3. This section tells Medicare when to start and/or when to stop giving out your personal health information. Check the box that applies and fill in dates, if necessary.

4. Medicare will give your personal health information to the person(s) or organization(s) you fill in here. You may fill in more than one person or organization. If you designate an organization, you must also identify one or more individuals in that organization to whom Medicare may disclose your personal health information.

5. The person with Medicare or personal representative must sign their name, fill in the date, and provide the phone number and address of the person with Medicare.

   If you are a personal representative of the person with Medicare, check the box, provide your address and phone number, and attach a copy of the paperwork that shows you can act for that person (for example, Power of Attorney).

6. Send your completed, signed authorization to Medicare at the address shown here on your authorization form.

7. If you change your mind and don't want Medicare to give out your personal health information, write to the address shown under number six on the authorization form and tell Medicare. Your letter will revoke your authorization and Medicare will no longer give out your personal health information (except for the personal health information Medicare has already given out based on your permission).

You should make a copy of your signed authorization for your records before mailing it to Medicare.

## 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

ELIZABETH KINGERY

**1. Print Name**
(First and last name of the person with Medicare)

**Medicare Number**
(Exactly as shown on the Medicare Card)

**Date of Birth**
(mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

**2A: Check only one box below to tell Medicare the specific personal health information you want disclosed:**

☐ Limited Information (go to question 2b)

☐ Any Information (go to question 3)

**2B: Complete only if you selected "limited information". Check all that apply:**

☐ Information about your Medicare eligibility

☐ Information about your Medicare claims

☐ Information about plan enrollment (e.g. drug or MA Plan)

☐ Information about premium payments

☐ Other specific information (please write below; for example, payment information)

_____

**3. Check only one box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law–for example, your State may limit how long Medicare may give out your personal health information):

☐ Disclose my personal health information indefinitely

☐ Disclose my personal health information for a specified period only beginning: (mm/dd/yyyy) _____ and ending: (mm/dd/yyyy) _____

US:110138128.01

4. Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:

1. Name: Faegre Baker Daniels LLP

   Address: 300 N. Meridian Street, Suite 2700

   Indianapolis, IN 46204

2. Name:

   Address:

3. Name:

   Address:

5. I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form. I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.

_Elizabeth Kimpton_                    623-824-8269

Signature                              Telephone Number            Date (mm/dd/yyyy)

Print the address of the person with Medicare (Street Address, City, State, and ZIP)

18224 N. 24th Avenue

Phoenix, AZ  85023

□ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This only applies if someone other than the person with Medicare signed above.

Print the Personal Representative's Address (Street Address, City, State, and ZIP)

Telephone Number of Personal Representative:

Personal Representative's Relationship to the Beneficiary:

US.116130020.01

6. Send the completed, signed authorization to:

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

7. **Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930.** The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

1124493-1 (10909-0412)
US.110158128.01