UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to All Actions

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO THE COOK DEFENDANTS' MOTION FOR
<u>PROTECTIVE ORDER REGARDING GENERAL COMPANY DISCOVERY</u>**

NOW COME Plaintiffs and file Plaintiffs' Response in Opposition to the Cook Defendants' Motion for Protective Order Regarding General Company Discovery [Dkt. 7827]. In support of their response, respond as follows:

### I.   INTRODUCTION

Cook's Motion for Protective Order is truly baffling. It is based entirely on the theory that "the Court cut off general company discovery in the MDL in late 2016" when there has been no statement by the court to that effect, no order to that effect, and no agreement to that effect; and as recently as August 23, 2017, this Court issued an order showing the exact opposite is true. The Court has never issued an MDL wide general discovery deadline and the one issued for the Brand bellwether case has only recently passed. There is no basis to grant Cook's motion for protective order barring general discovery in the MDL and no basis for granting Cook's request that it not be required to answer timely propounded discovery sent to it in January 2018.

1

II. **PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION WERE TIMELY SERVED**

The Second Amended Case Management Order Number 19, entered just over seven months ago, sets out deadlines for the three bellwethers and in its paragraph 5, a section called "Close of Discovery," outlines a discovery completion date for those three bellwether cases. It then sets out in its Exhibit "C" (for the Brand) case what that "Close of Discovery" date is for both *case specific* fact discovery and *fact discovery.* The two dates are different. The *case specific* fact discovery deadline (for Brand) is February 5, 2018. The *fact discovery* deadline is February 26, 2018.

**EXHIBIT C**

| Brand | Date |
|---|---|
| Deadline for Conducting Independent Medical Examination | 2/2/2018 |
| Case Specific Fact Discovery and Treating Physician Discovery | 2/5/2018 |
| Fact Discovery | 2/26/2018 |
| Disclosure of Non Retained Experts | 3/21/2018 |
| Plaintiff Retained Expert Reports | 4/18/2018 |
| Defendant Retained Expert Reports | 5/18/2018 |
| Plaintiff Rebuttal Expert Reports | 6/1/2018 |
| Expert Discovery | 6/29/2018 |
| Affirmative Depo Designations by page and line | 6/29/2018 |
| Preliminary Witness and Exhibit List | 7/2/2018 |
| *Daubert* and Summary Judgment Motions | TBD |
| Motions for bifurcation of issues and claims | 7/23/2018 |
| Counter Depo Designations and Objections | 7/23/2018 |
| Re-direct Depo Designations, Responses to Objections, and Objections to Counter Designations | 7/30/2018 |
| Final Witness List and Notice of Witnesses to Attend Trial | 8/3/2018 |
| Responses to *Daubert* and Motions for Summary Judgment | 8/6/2018 |
| Motions in Limine | 8/06/2018 |

| | |
|---|---|
| Objections to Re-direct and Responses to Objections to Counter Designations | 8/6/2018 |
| Replies to *Daubert* and Motions for Summary Judgment | 8/13/2018 |
| Responses to Motions In Limine | 8/13/2018 |
| Responses to Objections to Re-direct Designations & Submit to Court for Rulings | 8/13/2018 |
| Parties submit stipulations of facts, trial briefs, and notice to Court of use of evidence presentation equipment | 8/13/2018 |
| Hearing on *Daubert*, motions for summary judgment, and motions in limine | TBD |
| Jury Instructions & Verdict Forms | 8/20/2018 |
| Final Pretrial Conference | TBD |
| Jury Selection | 9/10/2018 |
| Trial Start Date | 9/10/2018 |

(08/23/17, Second Amended Case Management Order Number 19, Dkt. 5889.)

The fact discovery deadline in Brand is after the discovery propounded on January 24, 2018, and about which Cook complains. The January 24, 2018, discovery complained about was served timely in accordance with CMO 19 under Brand and timely under any general MDL deadlines as none have been established as to a general discovery deadline. The Court should deny Cook's motion asking that it not be required to answer the referenced discovery.

### III.  THE SUGGESTION THAT "COMPANY DISCOVERY" IS OVER IS UNSUPPORTED, APPEARS NOWHERE IN ANY RECORD, IS NOT IN ANY WRITTEN ORDER, HAS NEVER BEEN PRONOUNCED, AND IS BASELESS

Cook would not likely understate its entitlement to a ruling nor if it has support in the record would not use it to its full advantage. In this case Cook has taken a 65-page transcript of a status conference and has pulled two of the court's statements; presumably they are the best Cook could find:

3

> So my thought would be that once [the additional] depositions are taken and those are finished, then it would be appropriate to establish a cut-off point, with the understanding that if there's an argument for compelling additional discovery, the Court would consider that, which is always the case but -- at least in my court. So I would think that once this additional discovery is finished up, that a cut-off point would be appropriate.

(11/10/16 Tr. at 38-39).

> THE COURT: And then also we have the understanding that once the additional discovery has been taken here, that we'll have -- by agreement we'll have a cut-off point for further Cook fact discovery.
> MR. KING: Thank you, Your Honor.
> THE COURT: With the understanding, of course, that if something comes up that's compelling, we'll consider it.

(*Id*. at 40).

So the court, in a status conference devoted to scheduling and discovery disputes, said that it would, at some point in the future, establish a cutoff point after some additional discovery was taken, and *once there was an agreement* the court would consider issuing a discovery cutoff in the MDL.¹ Even then, the court indicated the parties (after any future deadline was established) would be able to seek discovery if it were needed—even after that future discovery cutoff date. But the court has never set a cutoff date for MDL general discovery and we can all be assured that if it had done so Cook would be the first to specify such an order and to point it out for us all to see. But Cook has not pointed it out. And that is because it does not exist. Indeed, the court, seven months ago, took the opportunity *not* to cut general discovery off in the Brand bellwether and it set out general fact discovery deadlines in the Brand case alone that went into late February 2018. It has not yet done so for the MDL.

---

¹ Plaintiffs do not suggest that the court needs plaintiffs' and defendants' agreement to establish any deadline. Plaintiffs are simply saying that the language used by the court in its statements at the status conference was obviously not intended to establish at that moment a specific deadline for MDL wide discovery.

4

## IV. DEPOSITIONS AND CUSTODIAL FILES

Cook's statements regarding the number of depositions of Cook personnel and custodial files is generally correct. There have been limits set by this court as to the number of depositions and custodial files of Cook personnel. When necessary Plaintiffs have requested that those limits be increased and in some instances the Court allowed further depositions and custodial files. This process has worked and there is no good reason why a blanket deadline for the entirety of general discovery should be entered. The process has worked fine. It is still working. Cook is asking that something be fixed that is not broken.

## V. CONCLUSION

Cook has suggested this Court ordered something it did not order. A casual reading of the portions of the status conference cited by Cook reveals that. All Cook has done is, by wishful thinking or an active imagination, twisted the words of the Court into something the Court never said. In doing so it has attempted to wrongly convince this Court it said something it never said and ordered something it never ordered for a litigation benefit. Plaintiffs believe the court should not be swayed and that a cursory review of the record presented will lead to a clear conclusion that general discovery has not been "cutoff" and that further discovery should occur in the future in the manner it has been occurring. If the court desires at some point to impose a discovery cutoff it should be done after thorough briefing and argument and not through the grant of a baseless motion for protection containing an inaccurate representation of statements or comments this Court made at a status conference that took place 17 months ago.

WHEREFORE, Plaintiffs respectfully request that this Court deny the Cook Defendants' Motion for Protective Order Regarding General Company Discovery.

Dated: April 2, 2018

Respectfully Submitted,

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

/s/ Ben C. Martin
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@bencmartin.

/s/ David P. Matthews
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of April, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                     */s/ Ben C. Martin*
                                                     Ben C. Martin