UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: *Phyllis Pleasant* 1:17-cv-6080-RLY-TAB _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON THE COOK DEFENDANTS' MOTION TO SEVER and PLAINTIFF'S MOTION TO REMAND**

On March 6, 2017, Plaintiff filed the present action in Texas state court alleging products liability claims against Cook Incorporated, Cook Group Incorporated, and Cook Medical, LLC, and medical malpractice claims against Lincoln R. Patel, M.D. and Sanjay Pandya, M.D. (the "Medical Defendants"). Even though Plaintiff and the Medical Defendants are citizens of Texas, the Cook Defendants removed the action to the United States District Court for the Northern District of Texas on the basis of diversity jurisdiction. In the Cook Defendants' Notice of Removal, they argued Plaintiff's claims against the Cook Defendants were procedurally misjoined with Plaintiff's claims against Dr. Patel and Dr. Pandya.

On June 7, 2017, the Cook Defendants filed a Motion to Sever the Medical Defendants under Federal Rule of Civil Procedure 21 because, *inter alia*: (1) they are not

1

necessary and indispensable parties to this action under Federal Rule of Civil Procedure 19; (2) Plaintiff's medical malpractice claims do not arise out of the same transaction or occurrence as Plaintiff's product liability claims; (3) severance will promote fairness and judicial economy; and (4) Plaintiff will not be prejudiced by severance of the Medical Defendants. Plaintiff opposes the motion and moves for remand.

On January 11, 2018, the court entered an Order dealing with the same key facts and legal analysis as raised in the Cook Defendants' Motion to Sever—i.e., whether medical malpractice claims relating to the implant of one of the Cook Defendants' IVC filters brought by a plaintiff against implanting physicians should be severed from the product liability claims against the Cook Defendants. *See Berman-Cheung v. Cook Group, Inc. et al.*, Cause No. 1:17-cv-6076-RLY-TAB (Filing No. 44[1]). The court denied the Cook Defendants' motion to sever and, because the Plaintiff and the Medical Defendants were citizens of California, remanded the action to the California state court. *Id.* In light of that ruling, the Cook Defendants' Motion to Sever (Filing No. 7) is **DENIED** and, because the presence of the Medical Defendants destroys diversity, Plaintiff's Motion to Remand (Filing No. 13) is **GRANTED**. The Clerk is directed to **REMAND** this cause to the District Court of Dallas County, Texas.

**SO ORDERED** this 4th day of April 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[1] The court's ruling was also filed in Cause No. 1:14-ml-2570, Filing No. 7465.

Distributed Electronically to Registered Counsel of Record.