IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                            MDL No. 2570

_____

This Document Relates to:  All Cases
_____

**COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING GENERAL COMPANY DISCOVERY**

The Cook Defendants urge the Court to grant their motion [Dkt. 7827] and to issue a protective order relieving them of any obligation to respond to the general company discovery propounded by Plaintiffs on January 24, 2018.  Plaintiffs' argument—that general company discovery is somehow unlimited and that Plaintiffs may endlessly pursue whatever new discovery may occur to them whenever they wish—suggests that Plaintiffs simply have not been paying attention.  This Court's comments at the November 2016 hearing made crystal clear that the Court intended to end general company discovery, absent of course good cause based on the unique needs of a specific case or intervening events that justified further discovery.  Indeed, as cited below, the agreed agenda for that status conference specifically included the topic of the "Close of company discovery."

Plaintiff's response to Cook's motion [Dkt. 7967] does not even try to demonstrate good cause, and offers no explanation of why the discovery Plaintiffs seek now could not

1

have been timely sought during the company discovery period. The Court should issue the requested protective order.

## ARGUMENT

Plaintiffs' response strains hard to create some factual basis to contradict the Court's direction in November 2016 about a "a cut-off point" for general company discovery, 11/10/16 Tr. at 38-39, but ultimately fails. The Court's intention at the November 2016 status conference is unambiguous, and Plaintiff's effort to fabricate a showing that later orders somehow reopened company discovery does not bear scrutiny.

### A. The Court has Closed General Company Discovery.

As Cook noted in its original motion, and as Plaintiffs acknowledge in their response, the Court agreed at the November 10, 2016, status conference that the additional discovery the Court had just granted Plaintiffs would complete company discovery in the MDL, barring some good cause to take some specific additional discovery (*e.g.*, material intervening events, unique needs of a particular case, etc.):

> So my thought would be that once [the additional] depositions are taken and those are finished, then it would be appropriate to establish a cut-off point, with the understanding that if there's an argument for compelling additional discovery, the Court would consider that, which is always the case but -- at least in my court. So I would think that once this additional discovery is finished up, that a cut-off point would be appropriate.

(11/10/16 Tr. at 38-39). And:

> THE COURT: And then also we have the understanding that once the additional discovery has been taken here, that we'll have -- by agreement we'll have a cut-off point for further Cook fact discovery.

>MR. KING: Thank you, Your Honor.
>THE COURT: With the understanding, of course, that if something comes up that's compelling, we'll consider it.

(*Id*. at 40).  Plaintiff's response mocks these quotations, saying that "presumably they are the best Cook could find," Pl. Resp. at 3 [Dkt. 7967].  Plaintiffs are mistaken; Cook did not somehow take the "best" of a weak body of evidence.  Cook simply did not expect that Plaintiffs would dispute that the Court meant what it said about closing company discovery.

Contrary to Plaintiff's assertion that the November 2016 status conference was "devoted to scheduling and discovery disputes," Pl. Resp. at 4 [Dkt. 7967], the record makes clear that the parties intended the Court to address the close of company discovery, and that the Court in fact did so.  The agreed agenda for that status conference specifically included the topic of the "Close of company discovery":

>Below is the parties' agreed agenda for this Court's November 10, 2016, Status Conference:
>
>1. Deposition Protocol
>2. Deadlines for Bellwether matters
>3. Report on Status of MDL and Discovery
>    a) *Close of Company Discovery*
>4. Request to Appoint PSC Discovery Liaisons

Joint Proposed Agenda For November 10, 2016 Status Conference (Nov. 3, 2016) (undocketed, copy attached as Exhibit A) (emphasis added).

The Court also explicitly noted the topic of closing company discovery when it recited the agenda at the beginning of the hearing:

3

> And there's been an agenda filed and I see deposition protocol deadlines for Bellwether matters, report on the status of MDL and discovery, *close of company discovery*, and request to appoint PSE discovery liaisons.

11/10/16 Tr. at 3:16-19 (emphasis added). The hearing transcript of a whole reflects the Court's and the parties efforts to transition from general company discovery to planning for the newly identified bellwether trials in *Hill*, *Gage*, and *Brand*. *See generally id.* Part of that transition was, of course, ending general company discovery, as the Court directed in the passages quoted above.

As Plaintiff's response correctly observes, the Court issued no formal order specifically terminating company discovery on a particular date. But as Cook noted in its original motion, the hearing transcript makes clear the reason for the "soft" ending of the company discovery period: the Court had just granted Plaintiffs permission to take some additional company depositions, and no one knew exactly when those additional, as-yet unscheduled depositions could be completed. See 11/10/16 Tr. at 18:16-20:10 (Plaintiffs' attorney Martin: "we'd like a few weeks to determine with custodian files, with the deponents – the other six deponents"; Cook attorney King: "I have to talk to my folks about them and we have to work out the schedule.").

No one reading the Court's comments quoted above could reasonably doubt that the Court intended company discovery to end once the additional depositions had been taken. Given the somewhat "fuzzy" cutoff, if Plaintiffs had attempted additional company discovery shortly after the conference, say in the spring or summer of 2017, their argument about the lack of a formal cutoff date might carry

4

some weight.  However, Plaintiffs waited over **14 months** after the Court informed the parties that general company discovery was ending, and long after they conducted the additional depositions described above, before they served the discovery at issue in January 2018.  Nothing in the Court's November 2016 comments or in any subsequent statements from the Court remotely suggests that the Court intended to permit additional written discovery about general company issues at such a late date.

### B. The *Brand* Pretrial Schedule Did Not Reopen General Company Discovery.

Plaintiffs' response tries to create the impression that the Court somehow reopened company discovery by misreading an isolated line in Exhibit C to Docket No. 5889, the schedule of pretrial deadlines for the *Brand* case.  *See* Pl. Resp. at 2-3.  Plaintiff's suggestion that any deadlines on Exhibit C relate to general company discovery is mistaken for three reasons.

First, *everyone* involved in this MDL—Cook, the Plaintiffs, and the Court—has always treated Exhibit C as setting *case-specific* deadlines for the Brand case, just as Exhibits A and B to Docket 5889 set case-specific deadlines for the *Hill* and *Gage* cases respectively.  *No one* has *ever* regarded any of these exhibits/schedules, originally issued as part of CMO # 19 in January 2017 (shortly after the status conference quoted above), *see* Dkt 3015,[1] as permitting additional

---

[1] CMO 19 was amended three times, first on January 4, 2017, Docket 3326, then on August 23, 2017, Docket 5889 (the document Plaintiffs cite), and finally on February 7, 2018, Docket 7624, as discussed in the text below.

general company discovery.  Indeed, in a later joint motion (discussed immediately below), the parties jointly represented to the Court that Exhibit C "***established the deadlines for the* Brand *case.***"  Joint Motion For Enlargement Of Time To Complete Discovery And To Set Deadline For Filing *Daubert* And Dispositive Motions at 1 (Feb. 5, 2018) [Dkt. 7617].  Plaintiffs' attempt here to expand the scope of Exhibit C to general MDL discovery thus contradicts how everyone (including Plaintiffs) has treated the *Brand* schedule.

Second, the deadline language in Docket 5889, Exhibit C, on which Plaintiffs base their argument is obsolete, superseded by agreement of the parties.  In Docket 7624, the Court granted the parties' joint motion to combine both of the discovery deadlines Plaintiff cites into a *single* extended deadline for discovery.  Dkt. 7624 at 1 ("Discovery shall be completed by March 19, 2018.").  Why was this deadline extended?  Not for any reason related to general company discovery.  According to the joint motion signed by Plaintiffs' attorneys, the amended deadline was prompted by the need for additional time to complete *case-specific* discovery in the *Brand* case.  The motion represented to the Court on behalf of both parties:

> 2. CMO 19's Exhibit C includes deadlines for Case Specific Fact Discovery and Treating Physician Discovery (February 5, 2018) and Fact Discovery (February 26, 2018), which have not yet expired.
> 3. A number of depositions remain to be completed in the *Brand* matter, including both treating physicians of Mrs. Brand and certain employees of the Cook Defendants whom plaintiffs believe possess relevant information about the Cook complaint report(s) for Mrs. Brand's filter. The parties require additional time to complete those depositions.

6

Dkt. 7617 at 2. This focus on case-specific discovery needs undercuts Plaintiffs' attempt to reframe the *Brand* scheduling order as addressing general discovery.

Third, Plaintiffs' attempt to imply that they served their January 2018 discovery requests in the *Brand* case pursuant to Exhibit C, *see* Pl. Resp. at 1-2, is fatally undercut by the discovery requests themselves. As the cover page of the requests makes clear, Plaintiffs the general discovery in ***all*** cases in the MDL, not just *Brand*. Dkt. 7827-1 at 1 ("This Document Relates to All Actions").

In sum, Plaintiffs' attempt to retroactively tie the discovery at issue to the *Brand* pretrial schedule fails in the face of the record.

### C. Plaintiffs Have Made No Attempt To Establish Good Cause to Serve New General Company Discovery.

Finally, Plaintiffs make no effort to justify their late discovery or to meet the "good cause" requirement for modification of a litigation schedule. *See* Fed. R. Civ. P. 16(b)(4); indeed, their response does not even *mention* "good cause." Specifically:

- Plaintiffs do not claim that their new discovery concerning Cook expenditures on research and marketing is based on any new or recently discovered events;

- Plaintiffs do not claim that this new discovery is necessary for the claim of some particular plaintiff; and

- Plaintiffs suggest no reason they could not served this same discovery anytime during the two years the Court allowed for such discovery.

7

Plaintiffs' response fails to address any of these deficiencies.

Moreover, Cook does not have accurate information that is responsive to the 2018 Company Discovery and, thus, any purported good cause is fatally undercut by the fact that Cook does not have the information they seek.  *See* D. Talbert Depo. at 271:19-276:9 [Dkt. 7827-2.]  Again, Plaintiff's response ignores this fact entirely.

## CONCLUSION

For the reasons set forth above and in their original submission, the Cook Defendants urge the Court to grant their motion and to issue a protective order (1) relieving them of any obligation to respond to the Company Discovery propounded by Plaintiffs on January 24, 2018, and (2) barring Plaintiffs from serving any additional general company discovery until and unless they first make a showing of good cause.

Dated:  April 16, 2018

/s/ *Andrew L. Campbell*
Andrea Roberts Pierson (# 18435-49)
Andrew L. Campbell (#25516-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
andrea.pierson@faegrebd.com
andrew.campbell@faegrebd.com
john.schlafer@faegrebd.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/  *Andrew L. Campbell*

US.117525190.04