IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to Plaintiff

*Tonya Brand*
No. 1:14-cv-06018-RLY-TAB

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE SPECIFIC REBUTTAL OPINIONS**

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively "Cook") move this Court pursuant to the Federal Rules of Procedure and Evidence to strike certain purported "rebuttal" opinions of Plaintiffs' experts and to bar from the trial of this action any expert testimony concerning any of the opinions expressed in those reports. While Cook believes it has grounds to move to strike all rebuttal opinions disclosed by Plaintiffs because they do not constitute proper rebuttal, Cook respectfully seeks much more streamlined relief, specifically

- To strike the rebuttal report with psychiatric opinions offered by new witness Dr. David Kan;

- To strike one specific purported rebuttal opinion offered by Dr. Harlan Krumholz related to purported misbranding of the Celect IFU; and

- To strike one specific purported rebuttal opinion offered by Dr. Gregory Gordon related to design defect causation.

These opinions reflect the most egregious instances of improper rebuttal testimony and present unfair prejudice to Cook.  For the reasons explained in this memorandum, Cook asks the Court to strike these opinions.  Cook also seeks a deposition on Dr. Gordon's rebuttal opinions at Plaintiff's expense in Indianapolis based on the timing and circumstances of the disclosure of his new opinions.

## BACKGROUND

As the Court is well aware, the parties are on a compressed schedule with respect to the completion of expert discovery before the upcoming September trial.  On April 30, Plaintiff disclosed seven experts:  Dr. Rebecca Betensky, Dr. Michael Fishbein, Dr. Gregory Gordon, Robert W. Johnson, Dr. Harlan Krumholz, Dr. Alan Litsky, and Dr. Robert McMeeking.  A flurry of depositions of these disclosed experts (and Cook's experts) are occurring at various locations throughout the United States during June and July, primarily before the Court's July 17, 2018, dispositive motions deadline.  Plaintiff's counsel represented on June 10, in the midst of the congested deposition schedule (and after all of Cook's expert disclosures had been made) that there would be only one non-engineering rebuttal report on behalf of Plaintiff:  "The only report that would be rebuttal to a non-engineer's report would be Dr. Krumholz . . . I'm not saying we will have a rebuttal to [one of Cook's engineering experts] but we might." Ex. A, June 11, 2018 B. Martin Email to A. Pierson.  The very next day, Plaintiff's counsel backtracked on this representation, disclosing a purported rebuttal report for Dr. Gordon under prejudicial circumstances.  Ultimately, Plaintiff served *four* rebuttal reports and an "addendum" of opinions for a fifth expert—several on a prejudicially timed basis—the travel day before the deposition, at

the deposition, or after the deposition. Cook understands that litigation is admittedly a fluid process, and it does not object to proper rebuttal opinions under Rule 26(e). However, Plaintiff's about-face tactics have interjected an unnecessary element of confusion into the already compressed expert discovery process, and opinions that fall outside the scope of Rule 26(e) are improper.

Most critically for purposes of this motion, very little, if any, of Plaintiff's disclosed rebuttal opinions qualify as proper rebuttal in any event. The rebuttal opinions being offered by the Plaintiff's experts are generally improper bolstering or new opinions that should have been disclosed initially. Some are wholly unsupported. Rather than a blanket motion to strike, which would also be justified, Cook brings this motion to strike certain specific rebuttal opinions, targeting only the most egregious improper rebuttal opinions, and also seeking additional relief related to the prejudicial circumstances surrounding the deposition of Dr. Gordon.

## ARGUMENT

### I. The Legal Framework

#### A. Rule 26 Requires Plaintiffs To Serve *Complete* Initial Expert Reports.

Federal Rule of Civil Procedure 26(a)(2)(B) requires that initial expert reports contain a "complete statement of all opinions the witness will express and the basis and reasons for them" as well as "the data or other information considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). Rule 26(a)(2)(B)'s completeness mandate requires Plaintiffs' experts to include in their initial reports, and *not* in their rebuttal reports, all "opinions, data, testing, or analysis that could have been included in the original report." *Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, 2005 U.S. Dist. LEXIS 38346, at *26-27 (W.D. Okla. Dec. 29, 2005). This completeness requirement is intended "to permit the opposing party sufficient time to prepare to

depose the expert as well as to arrange for expert testimony from other witnesses." *Quarles v. United States*, 2006 U.S. Dist. LEXIS 96392, at *11 (N.D. Okla. Dec. 5, 2006) (quotation omitted).

"If a party fails to provide information . . . as required by Rule 26(a), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37((c)(1); *see also* Fed. R. Civ. P. 26(a)(2)(B) advisory committee notes (1993) ("Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed."). The factors to determine substantial justification or harmlessness are "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evansgelide*, 670 F.3d 753, 760 (7th Cir. 2012).

Rule 37 likewise bars untimely reports (unless the proponent can establish that the failure to provide the reports was substantially justified or harmless). Fed. R. Civ. P. 37(c). New opinions masquerading as "rebuttal reports" are appropriately deemed untimely.

### B. Proper Rebuttal Is Confined To Rebutting the Same Subject Matter in an Adverse Party's Initial Report.

Rule 26(a)(2)(D)(ii) specifies that rebuttal disclosures must be "intended solely to contradict or rebut evidence on the same subject matter identified" by another party's initial expert witness report.

In a prior case, *Bowman v. Int'l Bus. Mach. Corp.*, 2013 WL 1857192, No. 1:11-cv-0593 (S.D. Ind. May 2, 2013), this Court examined the proper scope of rebuttal expert disclosures under Rule 26(a)(2)(D)(ii) and noted several key circumstances particularly relevant to this

motion.  First, the Court observed that "Plaintiffs' interpretation that rebuttal reports merely have to rebut the same 'subject matter' is far too broad.  Indeed, '[t]he proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party.'"  *Bowman v. Int'l Bus. Mach. Corp.*, 2013 WL 1857192, at \*7 (quoting *Peals v. Terre Haute Police Dept.*, 535 F.3d 621, 630 (7th Cir. 2008) (citation omitted)).  Second, the Court reflected that "'if the testimony is offered only as additional support to an argument made in a party's case in chief, it cannot be considered rebuttal evidence.'"  *Id.* (quoting *McAtee v. Buca Restaurants, Inc.*, No. 1:10-cv-1090, 2011 WL 4861867, at \*2 (S.D. Ind. Oct. 13, 2011)).  Third, the Court noted that "'a rebuttal report is one that contradicts or rebuts the arguments or opinions of the opposing party's experts, not one that contains entirely new analyses.'"  *Id.* (quoting *Welch v. Eli Lilly & Co.*, No. 1:06–cv–0641, 2009 WL 700199, at \*5 (S.D. Ind. Mar. 16, 2009)).  And fourth, the Court explained that, "Even more, the 'plaintiff who knows the defendant means to contest an issue that is germane to the prima facie case (as distinct from any affirmative defense) must put in his evidence on the issue as part of his case in chief.'"  *Id.* (quoting *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996)).

Based on these considerations, the Court in *Bowman* approved the magistrate's strike of purported rebuttal opinions that exceeded the scope of contradicting defendant's expert disclosures.  Other district courts in the Circuit have reached similar conclusions.  *See Stanfield v. Dart*, 2013 U.S. Dist. LEXIS 20175, at \*4 (N.D. Ill. Feb 14, 2013) (striking report that did not address the conclusions or methodology of defendant's expert witness but rather contained new arguments and opinions and noting that "[a] party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief"); *Noffsinger v. The Valspar Corp.*, 2011 WL 9795, at \*6-7 (N.D. Ill. Jan. 3, 2011) (limiting a rebuttal expert's opinion to his

5

critique of defendants' experts' opinions and striking parts of the expert's report that went beyond the scope of a proper rebuttal witness); *Larson v. Wis. Cent. Ltd.*, 2012 WL 368379, at *4 (E.D. Wis. Feb. 3, 2012) (rebuttal report should be limited to contradicting or rebutting evidence on same subject matter identified by another party and cannot be used to advance new arguments or evidence).

### C. Rule 26(e)'s Requirement To Supplement Does Not Permit a Party To Avoid the Limits on Rebuttal Disclosures.

As this Court has observed, "Rule 26(e) imposes a duty on the producing party to supplement information that is incorrect or incomplete.  It does not give the producing party a license to disregard discovery deadlines and to offer new opinions under the guise of the 'supplement' label." *Allgood v. General Motors Corp.*, 2007 WL 647496, at *3 (S.D. Ind. Feb. 2, 2007) (striking supplemental report as presenting "entirely new expert evidence on issues that have been in the case since the beginning"); *see also In re Ready-Mixed Concrete Antitrust Litigation*, 261 F.R.D. 154, 159 (S.D. Ind. 2009) ("The purpose of supplementary disclosures is just that—to supplement.  Such disclosures are not intended to provide an extension of the expert designation and report production deadline.").  In other words, Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report." *Id.* (quoting *Allgood*, 2007 WL 647496, at *3).

### II. Plaintiffs' Improper Rebuttal Disclosures

The following "rebuttal" disclosures are improper because (1) they attempt to circumvent the completeness requirement of Rule 26(a)(2)(B); (2) they do not qualify as proper rebuttal reports under Rule 26(a)(2)(D)(ii); and/or (3) they are not permissible supplementation under Rule 26(e).  The Cook Defendants respectfully request that the Court strike these improper disclosures or grant other appropriate relief.

### A. Dr. Kan

Plaintiff served an expert report from newly disclosed psychiatrist Dr. David Kan on June 12. Ex. B. Dr. Kan's report purports to be issued in response to Cook's psychiatric expert Dr. Leventhal, Ex. C, despite that Plaintiff's counsel had specifically represented just one week before, on June 5, that "there will be no rebuttal expert to the Leventhal report." June 5, 2018 Email from B. Martin to A. Pierson, Ex. D.

In his report, Dr. Kan purports to state eight opinions, most of which are cursory, single-sentence statements that wholly lack any stated basis or reason as required by Rule 26(a)(2)B(i). *See* Ex. B (Opinions 1-6). For instance, he suggests, without any rationale, that "Tonya Brand's fears related to the failure of the Cook Celect IVC Filter are serious and significant." Such a conclusory opinion without any substantiation—and the others just like it—fail to meet the Rule 26(a)(2)(B)(i) standard for a complete disclosure. Likewise, opinions 7 and 8, where Dr. Kan purports to blame Cook's filter for any of the conditions identified by Dr. Leventhal, are wholly without any meaningful analysis. They just sprinkle in terms like "reasonable and justified," "medically reasonable," and "reasonable medical probability" without any substance to back up the conclusions. They are therefore subject to exclusion under Rule 37(c) as incomplete disclosures. Fed. R. Civ. P. 37(c).

Moreover, the opinions are not proper rebuttal opinions. First, to the extent Plaintiff wanted to introduce psychiatric evidence at trial, she should have disclosed psychiatric opinions in her case-in-chief by a witness properly qualified to offer them. Plaintiff has long claimed in this case that she suffers from depression and anxiety, which she attributes to the filter failure. She therefore should have proffered expert psychiatric opinions at the outset to support these longstanding claims (rather than attempt to shoehorn them in through certain opinions by other

experts offering opinions outside their areas of expertise). Plaintiff also knew months ago that Cook had requested a psychiatric IME for Ms. Brand and would be disclosing a psychiatric expert. She nonetheless failed to submit a psychiatric opinion in her case-in-chief. She should not now be allowed to correct the mistake by "rebutting" Cook's psychiatric expert, particularly based on the spare opinions that have now been disclosed by Dr. Kan. *See Braun*, 84 F.3d at 237 (emphasizing that expert testimony on matter known to be at issue in the case should have been disclosed during case-in-chief). Especially given that Plaintiff bears the burden of establishing any pain and suffering, including mental and emotional distress, she should not be allowed to belatedly repair the state of her evidence through the guise of a psychiatric "rebuttal" report claiming without any substantiation that her fears are "reasonable and justified" and "serious and significant." *See Stanfield*, 2013 U.S. Dist. LEXIS 20175, at *4.

Second, at least one of the opinions blatantly exceeds the scope of Dr. Leventhal's expert report. Dr. Kan states—again, without any support—that Plaintiff "has been compliant" with her physicians in the treatment of her back pain. But Dr. Leventhal offered no opinions related to treatment of Ms. Brand's back. *See* Ex. C. Third, Dr. Kan's report is not the kind of report that "contradicts" or "rebuts" the expert testimony offered by Cook's expert. As this Court determined in *Bowman*, it is not enough that the proffered rebuttal opinions purport to relate to the same "subject matter." It is not enough therefore, that Dr. Kan attempts to blame the filter for her mental conditions observed by Dr. Leventhal. Dr. Kan does not analyze or criticize Dr. Leventhal's methodology in any meaningful way.[1]

---

[1] In Opinion 7, Dr. Kan suggests that "Dr. Leventhal failed to make any diagnosis of Ms. Brand within reasonable medical probability. He identifies symptoms but makes no diagnoses. Furthermore, Dr. Leventhal's report makes no diagnosis of any mental health condition absent the failure of the Cook Celect IVC Filter." This opinion is non-sensical at best and does not convert the report into proper rebuttal.

For all these reasons, the opinions by Dr. Kan should be struck and Plaintiff should be prohibited from relying on them in support or defense of any motion and at trial. Under the Rule 37(c) standard, Plaintiff cannot establish that the failure to comply with Rule 26(a)(2)(B) was substantially justified or harmless. Cook has been prejudiced by the late disclosure of these psychiatric opinions because Dr. Leventhal did not have a chance to address them and Cook has not been able to depose Dr. Kan before some of Cook's own experts have been deposed, including doctors who might respond to Dr. Kan's opinions about and references to the retrieval procedures, for instance.

Ultimately, Cook questions whether Plaintiff's designation of Dr. Kan reflects any serious intent that he testify at trial. But, absent relief from this Court on this motion, Cook now faces the decision of whether to consume precious time and resources preparing for, traveling, and taking the deposition of this psychiatrist for purposes of trial preparation or a *Daubert* motion. Plaintiff has managed to create this dilemma despite representing that there would be no rebuttal to Dr. Leventhal and by disclosing a report that reflects much less than even a half-hearted effort to comply with the rules. Because the report is incomplete under Rule 26(a)(2)(B), improper rebuttal, and untimely as a disclosure of initial opinions, the report should be struck by this Court under Rule 37(c). Cook seeks a ruling on this motion prior to the close of expert discovery because of the deposition scheduling issue.

### B. Dr. Krumholz

On June 18, Plaintiff served a rebuttal report for Dr. Harlan Krumholz. Ex. E. He is scheduled for deposition in just three days, on June 28. Dr. Krumholz, a cardiologist, purports to offer rebuttal responses to four of Cook's disclosed experts in the regulatory, epidemiology, pulmonology, and vascular surgery fields. Putting aside the future *Daubert* challenge as to Dr.

9

Krumholz, much of Dr. Krumholz's report is improper rebuttal.

The vast majority of Dr. Krumholz's report is simply bolstering. He points out certain disagreement with the analysis by Cook's experts and then refers back to his own report for support. Ex. E, at 3 (purporting to rebut Drs. Morris and Gillepsie by referencing prior report), 4 (purporting to rebut Dr. Gillepsie by referencing prior report), and 5 (purporting to rebut Dr. Fryzek by referencing analysis in prior report). For the bulk of his rebuttal to Cook's regulatory expert Christy Foreman, he relies heavily on the Institute of Medicine, "Medical Devices and the Public's Health, the 510(k) Process at 35 Years" study, published by The National Academies Press, a resource well-known to the plaintiffs in these matters, which he certainly could have cited and addressed in his original report but did not. Cook is not moving the Court to address these issues, however, but does seek specific relief on one aspect of Dr. Krumholz's rebuttal.

Dr. Krumholz attempts to submit an entirely new opinion in his rebuttal report that should have been introduced in plaintiff's case-in-chief. Specifically, the last paragraph of his purported rebuttal to Ms. Foreman attempts to present an opinion that the Celect filter was "mislabeled and misbranded." The adequacy of the label is of course a critical element of Ms. Brand's failure to warn claim. Dr. Krumholz offered no opinions in his prior report about where certain information should have been contained in the Celect IFU. *Cf.* Ex. F. Rebuttal is not the place for Dr. Krumholz newly to set forth a new opinion that the labeling for the Celect filter was inadequate. *See Braun*, 84 F.3d at 237 (noting that a "plaintiff who knows the defendant means to contest an issue that is germane to the prima facie case (as distinct from any affirmative defense) must put in his evidence on the issue as part of his case in chief").

The eleventh-hour disclosure of this opinion by Dr. Krumholz prejudices Cook in a meaningful way. Ms. Foreman, Cook's regulatory expert, has been deprived of the opportunity

to respond in her written report and to explain why Dr. Krumholz is legally and factually wrong. Also, Cook is grappling with how to handle this improperly disclosed opinion at Dr. Krumholz's upcoming deposition.

The mislabeling opinion by Dr. Krumholz is not proper rebuttal because it is a new opinion that should have been disclosed as part of Dr. Krumholz's initial report to the extent he intended to offer such an opinion. For these reasons, Cook asks the Court to strike the offending paragraph from Dr. Krumholz's rebuttal report and to restrict Plaintiff from relying on that opinion in any way, whether in motion practice or at trial.

### C. Dr. Gordon

Plaintiff served a twelve-page rebuttal report for Gordon at approximately 6 p.m. the night before his deposition in Dallas, Texas, on June 12, notwithstanding a previous representation that he would not have a rebuttal report and other failures to respond to inquiry on the subject.  Ex. G, Gordon Rebuttal Report.  Plaintiff's counsel, over defense counsel's objection, provided one day's warning (at 12:03 a.m. on Monday, June 11) that Dr. Gordon would issue rebuttal opinions later that day.  Ex. H, June 11 Email from A. Pierson to B. Martin. Defense counsel objected to this information, citing the timing of the email, the multiple prior inquiries as to whether Dr. Gordon would offer a rebuttal report, and the fact that the deposition was scheduled for the next day.  *Id.*  Dr. Gordon's rebuttal report was served (1) after Cook's counsel specifically asked on May 15 to schedule Dr. Gordon's deposition after any rebuttal reports would be served (Ex. I, May 15, 2018 Email from A. Pierson to L. Baughman); (2) after Cook's counsel requested confirmation 8 days prior to the deposition that there would be no rebuttal report from Dr. Gordon  (Ex. J, June 4, 2018 Email from A. Pierson to J. Williams); and (3) after Plaintiff's counsel assured defense counsel that "[w]e do not expect that Dr. Gordon will

11

Case 1:14-ml-02570-RLY-TAB   Document 8462   Filed 06/27/18   Page 12 of 16 PageID #: 44046

be issuing a rebuttal report" on June 5 (Ex. D, at 2, June 5, 2018 Email from B. Martin to A. Pierson).  While the rebuttal report purports to respond to engineering opinions as to which the parties had agreed to a somewhat later disclosure deadline and was not technically untimely in that respect, the "rebuttal" opinions offered by Dr. Gordon covered a range of topics from medical opinions to complaint reporting to regulatory compliance and could (and should) have been disclosed sooner.  *See* Ex. G.

At the deposition, Dr. Gordon also rather shockingly withdrew a number of his prior opinions attributing Ms. Brand's chronic abdominal pain and myriad health conditions to her filter and filter fragments on the ground that he had *thought about* those opinions more and could no longer express those opinions to a degree of medical certainty.   *See* Ex. K, Gordon Dep. 338:14-339:14.  He withdrew the vast majority of these case-specific opinions regarding Mrs. Brand after substantial deposition time had been spent eliciting testimony regarding his qualification and bases for those opinions.  Although counsel for Plaintiff had knowledge before the deposition that Dr. Gordon would withdraw significant portions of his opinions prior to the deposition, they failed to provide that information to Cook to avoid inefficient use of portions of the 7-hour deposition.  Of course, Cook's preparation for the deposition of Dr. Gordon and its investment in experts to refute Dr. Gordon's opinions also relied on his original opinions as stated on April 30 (and revised on May 29).  Plaintiff's last-minute bait-and-switch tactics have caused significant disruption and expense.

As with Dr. Krumholz, Dr. Gordon's opinions will be the subject of a future *Daubert* motion.  But the circumstances related to the rebuttal disclosures for Dr. Gordon warrant other relief now.  Specifically, at least one of Dr. Gordon's rebuttal opinions should be struck as improper rebuttal.  On the last page of his rebuttal report, Dr. Gordon attempts to introduce the

12

US.118658164.01

new opinion that, had Ms. Brand been implanted with a Tulip filter, it would not have perforated and fractured: "It is my opinion within reasonable medical probability that had Ms. Brand had a Tulip filter, it would not have fractured if used as an alternative . . . ." Ex. G, at 12. But Dr. Gordon's original expert report contained no causation opinions with respect to safer alternative design. *Cf.* Ex. L, Gordon Expert Report. If Dr. Gordon held this opinion, he should have disclosed it upfront, in the original report, so that Cook's experts could respond. The opinion was not timely disclosed. As discussed above, rebuttal is not the proper place for one of Plaintiff's experts to set forth an entirely new opinion on an essential element of one of Plaintiff's claims in the case. *See Braun*, 84 F.3d at 237 (noting that a "plaintiff who knows the defendant means to contest an issue that is germane to the prima facie case (as distinct from any affirmative defense) must put in his evidence on the issue as part of his case in chief"). That specific opinion should be struck as improper rebuttal.

     Moreover, Dr. Gordon's twelve-page rebuttal opinion contains a host of opinions and information, including new statistical references, bolstering of prior opinions, and technical evidence. At minimum, Cook deserved an opportunity to prepare for the deposition and to consult its experts on these twelve pages of new material. But because the report was disclosed less than eighteen hours before Dr. Gordon's deposition and contrary to multiple representations to the contrary, defense counsel lacked that opportunity. Accordingly, at the end of Dr. Gordon's deposition—a deposition already complicated by wasted time and the withdrawal of a number of critical case-specific opinions—defense counsel reserved the right to re-open the deposition for questioning on Dr. Gordon's rebuttal opinions.

     Regardless of whether the Court declines to strike the new causation opinion offered by Dr. Gordon, Cook requests as a matter of fairness that it be allowed to continue Dr. Gordon's

13

deposition in Indianapolis at Plaintiff's expense for purposes of examining him on his rebuttal opinions. Given the breadth and technicality of the disclosed rebuttal opinions, Cook's counsel requires additional time to prepare for the deposition of Dr. Gordon on his rebuttal opinions and to consult its experts, especially considering that up until *one day* before the deposition, defense counsel had been led to believe that Dr. Gordon would *not* have a rebuttal report. Undoubtedly Plaintiff's counsel could have provided more than one day's notice that a report was forthcoming so that the timing issues could have been addressed in advance.

## CONCLUSION

For the reasons stated above, the Cook Defendants urge the Court to grant their motion, to strike the offending "rebuttal" opinions of Plaintiffs' experts Dr. Kan, Dr. Krumholz, and Dr. Gordon, and to prevent Plaintiff from relying on those opinions in motion practice or at trial. Cook further requests that this Court order Plaintiff to make Dr. Gordon available for deposition in Indianapolis at Plaintiff's expense.

At this time, Cook is exercising restraint and declining to seek the costs of this motion.

Respectfully submitted,

Dated: June 27, 2018

/s/ John T. Schlafer
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com

E-Mail:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2018, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ John T. Schlafer

US.118658164.01