IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FIL-TERS MARKETING, SALES PRAC-TICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to All Actions

## Plaintiffs' Steering Committee's Motion for 14-Day Extension of Time to Respond to Cook's Motion for Screening Order

The Plaintiffs' Steering Committee, by liaison counsel, respectfully moves the Court for an additional 14 days to respond to Cook's "Motion for Screening Order and Bellwether Selection Plan."[1] In support, the PSC states the following:

1.     On June 25, 2018, Cook filed a motion asking for a comprehensive case management order and a methodology for selecting future bellwether cases. To be clear, this motion has no bearing on the *Brand* trial, which is set to begin in two months.

2.     The undersigned asked counsel for Cook whether they would agree to a 14-day extension. Counsel for Cook, John Schafler, responded that Cook could not agree, but offered the PSC an additional 3 days (making the due date a Sunday), so long as the PSC "won't complain about not having had time to review [Cook's] reply brief before oral argument," which Cook presumes will take place on July 12, 2018.

---

[1] Dkt. 8449.

3.     Candidly, 13 days total, which includes two weekends and Independence Day, is not sufficient time to address a motion that seeks to change the contours of this entire MDL — particularly when that motion has nothing to do with the upcoming trial.

4.     Furthermore, Cook is quite aware that the parties are pursuing a grueling expert witness deposition schedule, making it difficult to file a response brief within 10 days.

5.     Since Cook's motion has been filed, the parties have scheduled the following expert witness depositions (scheduled throughout the country) — all of which are necessary for the *Brand* trial:

| Expert Witness | Date |
|---|---|
| Harlan Krumholtz (New Haven, CT) | June 28, 2018 |
| Rebecca Betensky (Boston, MA) | July 2, 2018 |
| David Gillespie (Providence, RI) | July 7, 2018 |
| John Fryzek (Washington D.C.) | July 11, 2018 |
| Scott Robertson (Portland, OR) | July 13, 2018 |
| Christy Foreman (Fulton, MD) | July 17, 2018 |
| Evan Fogel (Indianapolis, IN) | July 19, 2018 |
| Michael Ferrante | July 20, 2018 |

| (Los Angeles, CA) | |
|---|---|
| **Kenneth Renkens (Indianapolis, IN)** | July 31, 2018 |
| **Ramen Uberoi (London, England)** | August 3, 2018 |

6.      It's not just expert depositions. Deposition designations are due June 29, 2018, July 23, 2018, and July 30, 2018. The parties have had to prepare preliminary witness and exhibit lists. The dispositive motion deadline is approaching. Motions in limine are due a month.

7.      With all of these depositions and deadlines looming, all the PSC is asking for is 14 additional days to respond to Cook's current motion.

8.      Even if these deadlines were not in place, Cook's motion requires a comprehensive and thoughtful response. In its motion, Cook has all but accused plaintiffs' counsel from around the country of running afoul of Federal Rule 11[2] and made the statement that "Frivolous Cases Have Become the Norm."[3] After levying those type of allegations, Cook refuses to allow us two weeks to respond.

9.      To be abundantly clear, the PSC will demonstrate that Cook's accusations of frivolous lawsuits and lawyers who routinely treat Rule 11 in cavalier fashion are nothing more than baseless accusations. That being said, we need the additional time to marshal the evidence and present it to the Court.

---

[2] Dkt. 8449 at ECF p. 43945.

[3] Dkt. 8449 at ECF p. 43946.

10.     Fourteen additional days would be sufficient.

11.     Under CMO 18, the PSC's response is presumptively due this Thursday, July 5, 2018.[4]

12.     A 14-day extension would make the PSC's response due on or before July 19, 2018.

**Wherefore,** the PSC, by liaison counsel, respectfully requests that it be granted an additional 14 days to respond to Cook's "Motion for Screening Order and Bellwether Selection Plan," and grant all further just and appropriate relief in the premises.

Respectfully submitted,

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:       jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

*/s/ Michael W. Heaviside*

Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

---

[4] Dkt. 2396 at ECF p. 6449.

/s/ Ben C. Martin
Ben C. Martin, Esq.
The Law Offices of Ben C. Martin
3219 McKinney Avenue, Suite 100
Dallas, TX 75204
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com


/s/ David P. Matthews
David P. Matthews, Esq.
Matthews and Associates
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com


*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

I hereby certify that on July 3, 2018 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

/s/ Joseph N. Williams
Joseph N. Williams