IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 2570 |

This Document Relates:

*Brand v. Cook Medical, Inc., et al*
Case No. 1:14-cv-6018-RLY-TAB

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' NON-RETAINED EXPERT RAMAN UBEROI, MD

COMES NOW Tonya Brand, Plaintiff in the above-styled action, by and through undersigned counsel, and hereby respectfully requests that this Court Strike Defendant's Non-Retained Expert Raman Uberoi, MD, and states as follows:

1. Cook disclosed Dr. Uberoi as an expert but did not provide an expert report. Cook characterized Dr. Uberoi as a non-retained expert and provided only a summary of Dr. Uberoi's anticipated opinions. Cook's disclosure now requires untenable travel to the United Kingdom at this late date in the trial schedule to take his deposition because no report was disclosed.[1]

2. As discussed in the incorporated memorandum, the vast majority of Dr. Uberoi's expected opinions concern matters he was not involved in as a consultant for Cook.

3. Federal law, including decisional law from this Court, requires a report when an expert testifies regarding matters with which he was not involved.

---

[1] Cook Defendants' Amended Rule 26(a)(2)(B) and 26(a)(2)(C) Expert Disclosures attached as Exhibit A

1

4. Plaintiff objects to Cook calling Dr. Uberoi under any circumstance because any expert testimony he may give required a report, and any factual testimony he may give is cumulative.

**MEMORANDUM**

**A.     The Law**

The issue here concerns Rule 26(a)(2) and, specifically, whether Dr. Uberoi may be deemed a non-retained expert witness, i.e., one who may provide only a summary of opinions pursuant to Rule 26(a)(2)(C). Rule 26(a)(2)(B) defines an expert witness as "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[2] The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony so the opposing party may form an appropriate response.[3] The consequence of non-compliance with Rule 26(a)(2)(B) is "exclusion of an expert's testimony ... 'unless the failure was substantially justified or is harmless.' "[4]

The difference between retained and non-retained experts is that "non-retained experts gain their information through percipient observations, while retained experts gain their information in any other manner."[5] Hired consultants for clinical and non-clinical studies only qualify as a non-retained expert for opinions based on percipient observations. A treating physician is the most common example of non-retained expert witness because they testify about opinions formed during the course of their treatment of the patient.[6] This is because such opinions are

---

[2] Fed. R. Civ. P. 26(a)(2)(B); see also *Meyers v. National R.R. Passenger Corp.,* 619 F.3d 729, 734 (7th Cir.2010); *Musser v. Gentiva Health Services,* 356 F.3d 751, 757 (7th Cir.2004).
[3] *Meyers,* 619 F.3d at 734; *Musser,* 356 F.3d at 757–58.
[4] *Meyers,* 619 F.3d at 734 (citing *Gicla v. United States,* 572 F.3d 407, 410 (7th Cir.2009) (quoting Rule 37(c)(1))).
[5] *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013) (emphasis added).
[6] *Meyers,* 619 F.3d at 734–35.

based on scientific, technical, or other specialized knowledge.[7] Courts applying the rule agree that not every treating physician is required to provide an expert report pursuant to Rule 26(a)(2)(B).[8] Whether an expert report is necessary is dictated by the nature of the physician's intended testimony.[9]

In *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1 (1st Cir. 2011), the court permitted a summary disclosure because the expert opinion arose not from "enlistment as an expert" but from the witness's "ground-level involvement in the events giving rise to the litigation."[10] On the other hand, said the *Downey* court, if the expert "draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose, within the purview of Rule 26(a)(2)(B)," and must therefore submit an expert report.[11] The Seventh Circuit has cited *Downey* favorably,[12] and this Court has relied on *Downey* with respect to a non-retained expert treating physician:

> Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation. Treating physicians, for example, often have firsthand knowledge of the events giving rise to the litigation and typically are not "retained or specially employed to provide testimony." In such cases, the treating physician need only provide a 26(a)(2)(C) summary disclosure. If the treating physician testifies beyond the scope of his observations, however, he is treated as a retained expert.[13]

---

[7] *Musser,* 356 F.3d at 751, 757 n. 2.
[8] *Musser,* 356 F.3d at 758, n. 3 ("[A]n individual who serves in the capacity of 'treating physician' (or any analogous position) may … be required to submit a report under Rule 26(a)(2)(B)."); *Kondragunta v. Ace Doran Hauling and Rigging Co.*, 2012 WL 1189493 (NDGa 2013) ("[I]f a physician's opinion regarding causation or any other matter was formed and based on observations made during the course of treatment then the Subsection C report will be required. If, however, the physician's opinion was based on facts gathered outside the course of treatment, or if the physician's testimony will involve the use of hypotheticals, then a full Subsection B report will be required." (citations omitted)).
[9] *Musser,* 356 F.3d at 758 n. 3.
[10] *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1, 6 (1st Cir. 2011).
[11] *Id.* at 7.
[12] *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 371 (7th Cir. 2017) (quoting *Downey*'s "ground-level involvement" test for determining whether a report is required).
[13] *Martin v. Stoops Buick*, 2016 WL 4088132 at *1 (S.D. Ind. 2016) (citing *Malibu Media, LLC v. Harrison*, 2014 WL 6474065 at *2 (S. D. Ind. 2014) (citing *Downey*, 633 F.3d at 6) (Dinsmore, M.J.); 2014 WL 7005288 (S.D. Ind. 2014) (adopting R&R) (Lawrence, D.J.)).

This Court recognized in *Malibu Media* that "[n]umerous district courts have accepted this [*Downey*] analysis of the distinction between Rule 26(a)(2)(B) and Rule 26(a)(2)(C) expert witnesses" and concluded: "This Court likewise finds the First Circuit's [*Downey*] analysis persuasive and accordingly will consider whether [the expert's] opinion arises 'from his ground-level involvement in the events giving rise to the litigation.'"[14] The expert in *Malibu Media* was excluded altogether.[15] Failure to comply with the requirement for a report may "result[] in the exclusion of improperly disclosed witnesses…."[16]

The majority of Dr. Uberoi's expert opinions concern events with which he had no "ground-level involvement," and any opinions he may have from "percipient observations" are cumulative and unnecessarily extend the length of the trial.[17]

**B.    The Facts**

B1.    Dr. Uberoi's Intended Testimony

Dr. Uberoi is an interventional radiologist who has participated in numerous studies related to IVC filters, including but not limited to the "OUS Study."[18] Dr. Uberoi was involved in various clinical and non-clinical IVC filter studies (including Celect filters), and he has experience with IVC filters in his practice, but he has very little "ground-level involvement in the events giving rise to the litigation."[19] As the *Downey* court said, if the expert "draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose, within the purview of Rule 26(a)(2)(B)," and must therefore

---

[14] *Malibu Media* at *2.
[15] *Id.* at *4-5.
[16] *Martin*, 2016 WL 408813 at *3.
[17] *Downey at* 6; "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case … if … admitted … would be outweighed by its contribution to the length of the trial…." *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir.1996); *see also United States v. Bradley*, 145 F.3d 889, 894 (7th Cir.1998).
[18] Exh. A at 22.
[19] *Id.*

submit an expert report.[20] Here, Dr. Uberoi only has "ground-level involvement" is limited to the "OUS study", and therefore, all of his remaining opinions required a Rule 26(a)(2)(B) report.

B2.     Dr. Uberoi's Disclosure

Cook provided a summary disclosure identifying the following opinions (verbatim):

1. His opinions about the "OUS study." Dr. Uberoi will offer opinions about the study protocol, the results of imaging from his patients, the final results of the study, and the eventual publication of a portion of the results from the "OUS study" in the IFU and medical literature.

2. His participation in other studies. Dr. Uberoi will testify about the findings, conclusions, and other relevant aspects of the various studies of IVC filters in which he has participated. This includes the reports from the British Society of Inferior Vena Cava Filter Registry published in 2011[21] and 2013[22], as corrected.[23]

3. The retrievability and performance of IVC filters. Dr. Uberoi will testify, based on his personal experiences in both studies and with actual patients, that IVC filters are effective devices that are retrievable and carry an overall low risk of clinically significant complications for patients.

3. His opinions regarding the Celect filter. Dr. Uberoi will testify that, based on his clinical experience and review of the medical literature, the Celect filter is highly retrievable and is associated with a low rate of clinically significant complications.[24]

B3.     Dr. Uberoi's "Ground-Level Involvement" at Cook

Dr. Uberoi's only "ground-level involvement" as a consultant for Cook pertains to the "OUS study," but the opinions he seeks to offer regarding the study are insufficient for a Rule 26(a)(2)(C) disclosure because his opinions rely on "facts supplied by others," which would require a report.[25] Further, his testimony involving his participation in the "OUS study" is

---

[20] *Downey* at 7.
[21] Uberoi, et al., *Inferior Vena Cava Filter Registry Report 2011, BSIR (2011)*.
[22] Uberoi, et al., *British Society of Interventional Radiology (BSIR) Inferior Vena Cava (IVC) Filter Registry*, 36 CARDIOVASC INTERVENT RADIOL 1548-1561 (2013).
[23] Uberoi, et al., *Correction to: British Society of Interventional Radiology (BSIR) Inferior Vena Cava (IVC) Filter Registry*, 36 CARDIOVASC INTERVENT RADIOL [https://doi.org/10.1007/s00270-017-1865-0] (2017).
[24] Exh. A at 22.
[25] *Malibu Media*, 2014 WL 6474065 at *5; *Downey* at 6-7.

cumulative and unnecessary.[26] Thus, all of the expert opinions he seeks to offer for Cook required a report, which he did not submit.

> B4. <u>Dr. Uberoi's Opinion #1</u>: His opinions about the "OUS study." Dr. Uberoi will offer opinions about the study protocol, the results of imaging from his patients, the final results of the study, and the eventual publication of a portion of the results from the "OUS study" in the IFU and medical literature.

Dr. Uberoi is a British interventional radiologist who participated in the "OUS study," but his testimony is cumulative of Cook witnesses who have testified on the purpose, results and methods of the "OUS study."[27] At best, his Rule 26(a)(2)(C) testimony as a non-retained expert would be limited to his contribution to the "OUS study," but those opinions add "very little to the probative force of the other evidence in the case," and any relevance those opinions may have is outweighed by its admission's contribution to the unnecessary extension of the trial.[28]

> B5. <u>Dr. Uberoi's Opinion #2</u>: His participation in other studies. Dr. Uberoi will testify about the findings, conclusions, and other relevant aspects of the various studies of IVC filters in which he has participated. This includes the reports from the British Society of Inferior Vena Cava Filter Registry published in 2011[29] and 2013[30], as corrected.[31]

Dr. Uberoi had no direct involvement in the design, sales and marketing of the Celect filter, but Cook seeks for him to testify to "scientific, technical or other specialized knowledge" that incorporates him under Rule 26, which is impermissible.[32] Dr. Uberoi's findings, conclusions,

---

[26] *Williams*, 81 F.3d at 1443; *Bradley*, 145 F.3d at 894.

[27] Bruce Fleck Deposition at 48:11-24 & 128:10-131:6 attached as Exhibit C (Product manager for Celect with both corporate and personal knowledge of the "OUS study"); William D. Voorhees III, Ph.D Deposition at 136:15-140:24 attached as Exhibit D (CSO/VP of Cook's MED Institute, Inc. involved in Celect FDA clearance and has personal knowledge of "OUS study"); Theodore Heise, Ph.D Deposition at 24:11-14 & 63:23-65:6 & 193:17-197:21 attached as Exhibit E (VP of Regulatory Scientific Affairs at Cook and has personal and corporate knowledge of the "OUS study"); see also Exh. B, p. 18 (Opinion 19) (Jennifer Brown, Ph.D co-authored the Lyon Cook study and relied on the data in "OUS study" in producing the report).

[28] *Williams*, 81 F.3d at 1443.

[29] Uberoi, et al., *Inferior Vena Cava Filter Registry Report 2011, BSIR (2011)*.

[30] Uberoi, et al., *British Society of Interventional Radiology (BSIR) Inferior Vena Cava (IVC) Filter Registry*, 36 CARDIOVASC INTERVENT RADIOL 1548-1561 (2013).

[31] Uberoi, et al., *Correction to: British Society of Interventional Radiology (BSIR) Inferior Vena Cava (IVC) Filter Registry*, 36 CARDIOVASC INTERVENT RADIOL [https://doi.org/10.1007/s00270-017-1865-0] (2017).

[32] *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1 (1st Cir. 2011).

and other aspects of his IVC research are clearly "scientific, technical or other specialized knowledge" that would require those opinions to be distilled into a Rule 26(a)(2)(B) report.[33] A Rule 26(a)(2)(C) disclosure with footnotes referencing articles he has contributed to publishing does not satisfy the rule.[34]

- B6. <u>Dr. Uberoi's Opinion #3</u>: The retrievability and performance of IVC filters. Dr. Uberoi will testify, based on his personal experiences in both studies and with actual patients, that IVC filters are effective devices that are retrievable and carry an overall low risk of clinically significant complications for patients.

Dr. Uberoi is a physician but not a treating physician for Tonya Brand. Any opinion he may give would be precisely the type of expert testimony the courts have required a physician to provide a Rule 26(a)(2)(B) report to be considered for admissibility.[35] A report is required for him to opine on testing or observations that were not directly related to Tonya Brand. As noted and cited above, Dr. Uberoi has no basis to opine on whether IVC filters are effective, easily retrievable or carry a low risk of clinically significant complications for patients absent a report.

- B7. <u>Dr. Uberoi's Opinion #4</u>: His opinions regarding the Celect filter. Dr. Uberoi will testify that, based on his clinical experience and review of the medical literature, the Celect filter is highly retrievable and is associated with a low rate of clinically significant complications.

This opinion should be excluded for the same reasons discussed in section B6 with the expansion to apply to his opinions on the Celect filter.

---

[33] Uberoi, et al., *Inferior Vena Cava Filter Registry Report 2011, BSIR (2011);* Uberoi, et al., *British Society of Interventional Radiology (BSIR) Inferior Vena Cava (IVC) Filter Registry*, 36 CARDIOVASC INTERVENT RADIOL 1548-1561 (2013); Uberoi, et al., *Correction to: British Society of Interventional Radiology (BSIR) Inferior Vena Cava (IVC) Filter Registry*, 36 CARDIOVASC INTERVENT RADIOL [https://doi.org/10.1007/s00270-017-1865-0] (2017).

[34] *Meyers v. National R.R. Passenger Corp.,* 619 F.3d 729, 734 (7th Cir.2010); *Musser v. Gentiva Health Services,* 356 F.3d 751, 757 (7th Cir.2004).

[35] *Id.; see also Kondragunta v. Ace Doran Hauling and Rigging Co.*, 2012 WL 1189493 (NDGa 2013)

**C. Conclusion**

For the reasons set forth above, Plaintiff seeks an Order that excludes Dr. Uberoi in the entirety because he did not submit a compliant Rule 26(a)(2)(B) report, which would have been required for all of his opinions that are not cumulative and unnecessarily lengthen the trial.

Respectfully submitted this 3rd day of July, 2018.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:  jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee*

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX  75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Joseph N. Williams*
Joseph N. Williams