IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION                          Case No. 1:14-ml-2570-RLY-TAB
                                              MDL NO. 2570

This Document Relates:

    *Brand v. Cook Medical, Inc., et al*
    Case No. 1:14-cv-6018-RLY-TAB

---

**PLAINTIFF'S MOTION TO EXCLUDE IMPERMISSIBLE EXPERT WITNESSES MARK ZUZGA, MD AND MARK J. GOODWIN, MD**

COMES NOW Tonya Brand, Plaintiff in the above-styled action, by and through undersigned counsel, and hereby respectfully requests that this Court Exclude Impermissible Expert Witnesses Mark Zuzga, MD and Mark J. Goodwin, MD, and states as follows:

1.   In an attempt to present a friendly implanting physician, Cook has identified two treating physicians in *Hill* and *Gage* — previously dismissed bellwether trials — in its Proposed Witness List and Affirmative Deposition Designations in Tonya Brand's case. These witnesses were not disclosed as expert witnesses in *Brand*, and should not be permitted to testify in this case.

2.   Dr. Zuzga and Dr. Goodwin are not appropriate as fact or lay witnesses in this case because they have no "personal knowledge" of any facts pertaining to Brand, and therefore, these witnesses can only offer "scientific, technical, or other specialized knowledge within the scope of Rule 702."

3.   Dr. Zuzga and Dr. Goodwin can only be considered expert witnesses "retained" or "specially employed" by Cook because they are not Brand's treating physicians.

4.   Dr. Zuzga and Dr. Goodwin have not submitted a Rule 26(a)(2)(B) expert report.

5.    Any general factual testimony these doctors may offer regarding IVC filters is cumulative

and unnecessarily lengthens the trial.

6.    Federal law, including decisional law from this Court, requires exclusion of experts not

disclosed, who have not submitted an expert report and are cumulative of other evidence.

7.    Accordingly, Plaintiff objects to Cook calling Dr. Zuzga and Dr.  Goodwin under any

circumstance.

WHEREFORE, Plaintiff seeks an Order excluding witnesses Drs. Zuzga and Goodwin for the

reasons set forth in the accompanying memorandum of law.

Respectfully submitted this 16th day of July, 2018.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:  jwilliams@rwp-law.com
Liaison Counsel to Plaintiffs' Steering
Committee

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW
CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C.
MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX  75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Joseph N. Williams*
Joseph N. Williams