IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 2570 |

This Document Relates:

*Brand v. Cook Medical, Inc., et al*
Case No. 1:14-cv-6018-RLY-TAB

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO EXCLUDE IMPERMISSIBLE EXPERT WITNESSES MARK ZUZGA, MD AND MARK J. GOODWIN, MD**

COMES NOW Tonya Brand, Plaintiff in the above-styled action, by and through undersigned counsel, and hereby respectfully requests that this Court Exclude Impermissible Expert Witnesses Mark Zuzga, MD and Mark J. Goodwin, MD, and states as follows:

1. In an attempt to present a friendly implanting physician, Cook has identified two treating physicians in *Hill* and *Gage* — previously dismissed bellwether trials — in its Proposed Witness List and Affirmative Deposition Designations in Tonya Brand's case.[1] These doctors have never met or treated Ms. Brand, nor were they disclosed as retained or non-retained expert witnesses in *Brand*.[2] Dr. Zuzga (implanting physician in *Hill* bellwether) and Dr. Goodwin (implanting physician in *Gage* bellwether) have no personal knowledge regarding Tonya Brand, were not disclosed as expert witnesses in *Brand*, and should not be permitted to testify in this case.

2. Dr. Zuzga and Dr. Goodwin are not appropriate as fact or lay witnesses in this case because they have no "personal knowledge" of any facts pertaining to Brand, and therefore, these witnesses

---

[1] Cook Defendants' Preliminary Witness List and Affirmative Deposition Designations are attached as Exhibit A.
[2] Cook Defendants' Amended Rule 26(a)(2)(B) and 26(a)(2)(C) Expert Disclosures is attached as Exhibit B.

can only offer "scientific, technical, or other specialized knowledge within the scope of Rule 702."[3]

3. Dr. Zuzga and Dr. Goodwin can only be considered expert witnesses "retained" or "specially employed" by Cook because they are not Brand's treating physicians.[4]

4. Dr. Zuzga and Dr. Goodwin have not submitted a Rule 26(a)(2)(B) expert report.

5. Any general factual testimony these doctors may offer regarding IVC filters is cumulative and unnecessarily lengthens the trial.

6. Federal law, including decisional law from this Court, requires exclusion of experts not disclosed, who have not submitted an expert report and are cumulative of other evidence.

7. Accordingly, Plaintiff objects to Cook calling Dr. Zuzga and Dr. Goodwin under any circumstance.

**PROCEDURAL BACKGROUND**

Dr. Zuzga and Dr. Goodwin are treating physicians that never treated—much less met—Tonya Brand. They should both be entirely excluded from testifying in this case. This Court entered Second Amended Case Management Order #19 on August 23, 2017 which set forth deadlines for expert disclosure and identifying fact witnesses.[5] Exhibit C to that Order set forth the specific deadlines for this bellwether trial.[6] Cook disclosed its experts on May 30, 2018 after extending the disclosure deadline.[7] Cook apparently intends to offer Drs. Zuzga and Goodwin as fact or lay witnesses because they were not identified as experts and have not submitted a report.[8]

---

[3] Fed. R. Evid. 602 and 701.
[4] *See* Fed. R. Civ. P 26(a)(2).
[5] Doc. 5889.
[6] Doc. 5889-3.
[7] Doc. 8173.
[8] *See* Exh. B.

2

They cannot be fact or lay witnesses because they have no personal knowledge of Brand's case and can only offer specialized knowledge that makes them undisclosed expert witnesses.

## MEMORANDUM

### A. The Law

#### I. *Expert Witness Testimony*

Drs. Zuzga and Goodwin cannot be allowed to testify on behalf of the defense as expert witnesses because: (a) they were not disclosed; and (b) they did not submit a report.

(a) Failure to Disclose

Federal Rule of Civil Procedure 26(a)(2) states "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[9]  "If a party fails to provide information . . . as required by Rule 26(a), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[10] The factors to determine substantial justification or harmlessness are "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date."[11]  Rule 37 likewise bars untimely reports (unless the proponent can establish that the failure to provide the reports was substantially justified or harmless).[12]

Cook has Drs. Zuzga and Goodwin masquerading as *fact* witnesses.  Their appearance on the Preliminary Witness List is not substantially justified or harmless. Cook acted in bad faith by

---

[9] Fed. R. Civ. P. 26(a)(2)(A).
[10] Fed. R. Civ. P. 37(c)(1).
[11] *Tribble v. Evansgelide*, 670 F.3d 753, 760 (7th Cir. 2012).
[12] Fed. R. Civ. P. 37(c); *See also Mitchell v. Ford Motor Co.*, 318 F.App'x 821, 824-25 (11th Cir. 2009) (Eleventh Circuit considers late disclosures grounds for exclusion, finding: "[i]t was within district court's discretion to strike report on ground that expert failed to timely disclose scientific bases for opinion.").

3

willfully withholding their intention to use these unrelated experts without disclosing the evidence at an earlier date.

      (b) <u>Retained/Specially Employed Experts Must Submit a Rule 26(a)(2)(B) Report</u>

Cook's intentional omission of Drs. Zuzga and Goodwin as experts in its expert disclosures notwithstanding, these witnesses are impermissible under Rule 26(a)(2) because the doctors failed to submit a report. Rule 26(a)(2)(B) defines an expert witness as "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[13] The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony so the opposing party may form an appropriate response.[14] The consequence of non-compliance with Rule 26(a)(2)(B) is "exclusion of an expert's testimony ... 'unless the failure was substantially justified or is harmless.' "[15]

The difference between retained and non-retained experts is that "non-retained experts gain their information through percipient observations, while retained experts gain their information in any other manner."[16] A treating physician is the most common example of non-retained expert witness because they testify about opinions formed during the course of their treatment of the patient.[17] This is because such opinions are based on scientific, technical, or other specialized knowledge.[18] Neither doctor ever treated Brand, so an expert report is necessary because of the nature of the physician's intended testimony.[19]

---

[13] Fed. R. Civ. P. 26(a)(2)(B); see also *Meyers v. National R.R. Passenger Corp.,* 619 F.3d 729, 734 (7th Cir.2010); *Musser v. Gentiva Health Services,* 356 F.3d 751, 757 (7th Cir.2004).
[14] *Meyers,* 619 F.3d at 734; *Musser,* 356 F.3d at 757–58.
[15] *Meyers,* 619 F.3d at 734 (citing *Gicla v. United States,* 572 F.3d 407, 410 (7th Cir.2009) (quoting Rule 37(c)(1))).
[16] *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013) (emphasis added).
[17] *Meyers,* 619 F.3d at 734–35.
[18] *Musser,* 356 F.3d at 751, 757 n. 2.
[19] *Musser,* 356 F.3d at 758 n. 3.

In *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1 (1st Cir. 2011), the court permitted a summary disclosure because the expert opinion arose not from "enlistment as an expert" but from the witness's "ground-level involvement in the events giving rise to the litigation."[20] On the other hand, said the *Downey* court, if the expert "draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose, within the purview of Rule 26(a)(2)(B)," and must therefore submit an expert report.[21] The Seventh Circuit has cited *Downey* favorably,[22] and this Court has relied on *Downey* with respect to a non-retained expert treating physician:

> Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation. Treating physicians, for example, often have firsthand knowledge of the events giving rise to the litigation and typically are not "retained or specially employed to provide testimony." In such cases, the treating physician need only provide a 26(a)(2)(C) summary disclosure. If the treating physician testifies beyond the scope of his observations, however, he is treated as a retained expert.[23]

This Court recognized in *Malibu Media* that "[n]umerous district courts have accepted this [*Downey*] analysis of the distinction between Rule 26(a)(2)(B) and Rule 26(a)(2)(C) expert witnesses" and concluded: "This Court likewise finds the First Circuit's [*Downey*] analysis persuasive and accordingly will consider whether [the expert's] opinion arises 'from his ground-level involvement in the events giving rise to the litigation.'"[24] The expert in *Malibu Media* was

---

[20] *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1, 6 (1st Cir. 2011).
[21] *Id.* at 7.
[22] *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 371 (7th Cir. 2017) (quoting *Downey*'s "ground-level involvement" test for determining whether a report is required).
[23] *Martin v. Stoops Buick*, 2016 WL 4088132 at *1 (S.D. Ind. 2016) (citing *Malibu Media, LLC v. Harrison*, 2014 WL 6474065 at *2 (S. D. Ind. 2014) (citing *Downey*, 633 F.3d at 6) (Dinsmore, M.J.); 2014 WL 7005288 (S.D. Ind. 2014) (adopting R&R) (Lawrence, D.J.)).
[24] *Malibu Media* at *2.

excluded altogether.[25] Failure to comply with the requirement for a report may "result[] in the exclusion of improperly disclosed witnesses…."[26]

None of Drs. Zuzga's and Goodwin's expert opinions concern events pertaining to Brand, and therefore, those opinions required a report and must be excluded.

## *II. Fact and Lay Witness Testimony*

Drs. Zuzga and Goodwin are not viable fact witnesses because they have no personal knowledge about Brand or her case. Federal Rule of Evidence 602 provides that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."[27] Personal knowledge can include "inferences and opinions, as long as they are grounded in personal observations and experience."[28]

Drs. Zuzga and Goodwin are equally inappropriate as lay witnesses because any opinions they offer are based on information within the scope of an expert witness. Rule 701 permits testimony from a lay witness if the witness is "not testifying as an expert," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[29] A lay witness's testimony is admissible "only if it is based on first-hand knowledge or observation…."[30] The decision of "whether to admit testimony under Rule 701 is committed to the sound discretion of the trial court and a ruling will not be reversed absent a finding that the trial court abused its discretion."[31]

---

[25] *Id.* at *4-5.
[26] *Martin*, 2016 WL 408813 at *3.
[27] Fed. R. Evid. 602.
[28] *United States v. Wirtz*, 357 F. Supp. 2d 1164, 1169 (D. Minn. 2005) (citation omitted).
[29] Fed. R. Evid. 701.
[30] United States v. Cha, 431 F. App'x 790, 793 (11th Cir. 2011) (quoting *United States v. Marshall,* 173 F.3d 1312, 1315 (11th Cir.1999).
[31] *United States v. Bogan*, 267 F.3d 614, 619 (7th Cir. 2001) (quoting *United States v. Towns,* 913 F.2d 434 (7th Cir.1990).

None of Drs. Zuzga's and Goodwin's disclosed testimony are based on personal knowledge of the facts in Brand's case, and they offer no lay testimony that is not based on scientific, technical or other specialized knowledge. Accordingly, all of their testimony should be excluded.

### III. Cumulative Testimony

Assuming *arguendo* that Drs. Zuzga and Goodwin have any general factual information that is not considered expert testimony but relevant lay testimony, that evidence can only be considered cumulative evidence that unnecessarily expands the trial. "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case … if … admitted … would be outweighed by its contribution to the length of the trial…." [32] Here, Drs. Zuzga and Goodwin have no personal knowledge of any facts particular to Brand's case, and therefore, any testimony they potentially could offer would be limited to non-expert lay testimony concerning IVC filters in their practices. This evidence, if it has any probative value at all, is cumulative of the testimony of Brand's disclosed expert treating physicians and Cook's identified experts and corporate fact witnesses.[33]

### B. The Facts

Drs. Zuzga and Goodwin's deposition testimony is improper as expert, fact or lay witness evidence for the reasons analyzed *supra* and more fully explained *infra*:

---

[32] "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case … if … admitted … would be outweighed by its contribution to the length of the trial…." *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir.1996); *see also United States v. Bradley*, 145 F.3d 889, 894 (7th Cir.1998).

[33] *See* Exh. B at 4-14 (Plaintiff does not concede that Brand's treating physicians can opine regarding efficacy, safety, or any other matter not arising from their treatment of Brand absent a report, which was not provided, as set forth in the contemporaneously filed motions to exclude improper opinions of those same physicians). Deposition of Mark Zuzga, MD is attached as Exhibit C; and Deposition of Mark J. Goodwin, MD is attached as Exhibit D.

### B1. Dr. Zuzga's Disclosed Testimony

Dr. Zuzga is a vascular surgeon with expertise and training in surgeries involving all the arteries in the body except the heart, including procedures to implant IVC filters.[34] His work with filters began in approximately 2002, resulting in thousands of filter implants, including hundreds of Cook filters.[35] Dr. Zuzga implanted the Cook IVC filter in Bellwether Plaintiff Hill.[36] This testimony is irrelevant unless it is being used to lay a foundation to qualify Dr. Zuzga as an expert, which is clearly Cook's intent despite not disclosing him as an expert.

Dr. Zuzga provided expert opinion on the risks of medical products used in surgery, and specifically, Cook elicited his medical opinion that a person's specific anatomy and/or a patient's history of suffering a traumatic event can affect the outcome of surgical procedure.[37] Cook, however, did not get any testimony from Dr. Zuzga about his personal knowledge of any anatomical issues or traumatic events specific to Brand. Thus, this testimony can only be considered an improperly disclosed expert opinion.

In Dr. Zuzga's expert opinion, he believes vena cava filters can be life-saving devices for patients who experience a DVT.[38] Dr. Zuzga agreed that his belief in the safety and efficacy of filters applies to Cook filters such as Celect® ("Celect").[39] Cook elicits testimony from Dr. Zuzga that he has had good results retrieving filters and nothing in his experience suggests Celect filters are less safe than other filters.[40] In fact, Dr. Zuzga testified that he has had good results with filters and that nothing about Celect has made him feel like it is not safe or effective.[41] All of this

---

[34] Exh. C, Zuzga Dep. at 6:4-7:21.
[35] Exh. C, Zuzga Dep. at 62:15-25; 73:14-22 & 74:4-11.
[36] Exh. C, Zuzga Dep. at 7:22-23; Exh. A. (Designation of Mark Zuzga, MD).
[37] Exh. C, Zuzga Dep. at 60:7-61:12.
[38] Exh. C, Zuzga Dep. at 63:1-13.
[39] Id.
[40] Exh. C, Zuzga Dep. at 81:1-6
[41] Exh. C, Zuzga Dep. at 75:15-76:11 & 80:11-16.

testimony can only be admitted as expert testimony because it requires specialized knowledge within the scope of Rule 702, and it is not admissible without a proper Rule 26(a)(2) disclosure and report to substantiate he meets the requisite threshold of admissibility to make those opinions.[42] Cook cannot meet either requirement, and therefore, all of Dr. Zuzga's testimony must be excluded.

### B2. Dr. Goodwin's Disclosed Testimony

Dr. Goodwin is a cardiologist—the medical field involving the heart and vascular systems—who has been in practice over thirty years.[43] Dr. Goodwin is board certified and completed medical school, residency and fellowship by 1986.[44] The qualifications established in this testimony is meant to provide foundation for Dr. Goodwin's undisclosed expert opinion testimony regarding Cook IVC filters.

The substance of testimony Cooks seeks to admit is nothing more than improper expert opinion testimony on efficacy and safety. Dr. Goodwin testified that he frequently prescribes Cook's Tulip® ("Tulip") and Celect filters in his practice and that he has such confidence in those products that he would implant them in himself.[45] This testimony does not qualify as relevant fact, lay or expert testimony; it is irrelevant, prejudicial, and improper expert testimony only being offered as gratuitous evidence to bolster Cook's Celect and Tulip filters.[46] Cook has plenty of other witnesses that are either disclosed experts or Cook employees who have the requisite knowledge and expertise to opine or comment on the safety and efficacy, or lack of safety and efficacy, of Cook's IVC filters, and therefore, Dr. Goodwin's testimony has zero probative value; lacks the proper

---

[42] Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).
[43] Exh. D, Goodwin Dep. at 9:2-18 & 17:6-19.
[44] Exh. D, Goodwin Dep. at 7:5-15 & 21-22.
[45] Exh. D, Goodwin Dep at 85:14-86:5 & 87:6-24.
[46] Fed. R. Evid. 402

foundation; is inadmissible as undisclosed expert testimony; and its cumulative nature unnecessarily lengthens the trial. Therefore, all of Dr. Goodwin's designated testimony should be excluded from admission at trial.

### C. Conclusion

For the reasons set forth above, Plaintiff seeks an Order that excludes Drs. Zuzga and Goodwin from testifying in the entirety because they are undisclosed expert witnesses in violation of Rule 26(a)(2), and neither witness offers any relevant fact or lay testimony that is not cumulative and that will not result in unnecessarily lengthening the trial.

Respectfully submitted this 16th day of July, 2018.

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:  jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee*

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX  75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

        David P. Matthews, Esq.
        MATTHEWS AND ASSOCIATES
        2509 Sackett St.
        Houston, TX 77098
        Telephone: (713) 522-5250
        Facsimile: (713) 535-7184
        dmatthews@thematthewslawfirm.com
        *Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

        */s/ Joseph N. Williams*
        Joseph N. Williams