**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Cause No.: 1:15-cv-06018-RLY-TAB (Tonya Brand)

## COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NON-RETAINED EXPERT RAMAN UBEROI, M.D.

The Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") respectfully request that this Court deny Plaintiff's Motion to Strike Defendants' Non-Retained Expert Raman Uberoi, M.D. (Dkt. 8491). Plaintiff claims that Dr. Uberoi is a retained expert, and must therefore produce a report containing his expert opinions pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), rather than a non-retained expert, for whom Cook may make a summary disclosure under Rule 26(a)(2)(C). For the reasons discussed more fully below, Dr. Uberoi is a non-retained expert, and Plaintiff's motion to strike should be denied.

## LEGAL STANDARD

A party must disclose to the other parties the identity of any expert witness it may use to present evidence at trial. Fed.R.Civ.P. 26(a)(1). Rule 26 divides expert witnesses into two categories: those who are "retained or specially employed to provide expert testimony in the case," Fed.R.Civ.P. 26(a)(2)(B), and all other expert witnesses. *Malibu Media, LLC v. Harrison*, No. 1:12-CV-01117-WTL, 2014 WL 6474065, at *1 (S.D. Ind. Nov. 19, 2014) (citing

1

Fed R. Civ. P. 26(a)(2)(C)). Under Rule 26(a)(2)(B), a retained expert must produce a written report. *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 556 (S.D. Ind. 2003). In contrast, Rule 26(a)(2)(C) permits non-retained experts to forgo producing a written report where the anticipated expert opinion testimony was not formulated in anticipation of the case, but instead from the witness's "ground-level involvement in the events giving rise to the litigation." *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 371 (7th Cir. 2017); *see also Martin*, 215 F.R.D. at 557. Thus, a party listing a non-retained expert need only provide a summary disclosure stating the subject matter of the expected evidence and a summary of the facts and opinions to which the witness will testify. *Slabaugh v. LG Elecs. USA, Inc.*, No. 1:12-CV-01020-RLY, 2015 WL 1396606, at *2 (S.D. Ind. Mar. 26, 2015).

## ARGUMENT

### I. DR. UBEROI IS NOT A RETAINED EXPERT WITNESS AND IS NOT REQUIRED TO PRODUCE A REPORT UNDER RULE 26.

Dr. Uberoi does not meet the criteria of a retained expert under Rule 26(a)(2)(B). To qualify as "retained or specially employed" expert, the proposed witness must be recruited to provide expert opinion testimony that is not predicated on prior firsthand knowledge of the facts giving rise to the litigation. *Malibu*, 2014 WL 6474065, at *2 (citing *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir.2011)).

Plaintiff initiated this action alleging Cook inadequately tested the Celect in its OUS study and now contends that Cook is offering Dr. Uberoi to testify about matters with which he was not involved. (See Pl. Brief at 1). Despite her contention, Plaintiff acknowledges that Dr. Uberoi is an interventional radiologist who has participated in numerous studies related to IVC filters that predate this lawsuit, including the OUS study that Plaintiff's experts contend was

inadequate and misleading. (See Pl. Brief at 4). Plaintiff therefore cannot plausibly argue that Dr. Uberoi lacks preexisting firsthand knowledge of facts giving rise to her claim.

Even if Dr. Uberoi lacked knowledge of the facts giving rise to this litigation, Plaintiff's argument would still fail. The key characteristic of a non-retained expert is that the expert's opinions were not formulated in the course of or in anticipation of a lawsuit. *See Martin,* 215 F.R.D. at 557 (holding physician witnesses to be non-retained experts where their opinion testimony was formulated during the examination and care of the plaintiff, rather than in anticipation of litigation). Cook will offer Dr. Uberoi's opinion testimony arising from his experience conducting IVC filter research (specifically the OUS study and his study and publication of information on all IVC filters from the British Registry) and treating patients with filters, and Plaintiff does not allege otherwise. This proposed testimony, arising from Dr. Uberoi's firsthand knowledge of activities he was personally involved in prior to this case, does not make Dr. Uberoi a "retained expert" and does not require preparation of a Rule 26(a)(2)(B) report. *See Malibu*, 2014 WL 6474065, at *2.

Indeed, the type of opinion testimony Dr. Uberoi will offer is the hallmark of a non-retained expert. *See Malibu*, 2014 WL 6474065, at *2 (noting that the critical distinction between the two the types of experts is that a non-retained expert's conclusions and opinions arise from firsthand knowledge of activities the expert was personally involved in before the commencement of the lawsuit); *see also Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013). As Plaintiff acknowledges in her opening brief, "consultants for clinical and non-clinical studies only qualify as a non-retained expert for opinions based on percipient observations." (Pl. Brief at 2). Because this is the only type of opinion testimony Cook intends to offer, Dr. Uberoi cannot be classified as a retained expert

under Rule 26(a)(2)(B), and there is no merit to Plaintiff's contention that "[t]he majority of Dr. Uberoi's expert opinions concern events with which he had no 'ground-level involvement.'" *See Martin v. Stoops Buick, Inc.*, No. 114CV00298RLYDKL, 2016 WL 4088132, at *4 (S.D. Ind. July 28, 2016) (noting that a percipient witness becomes a retained expert only when he or she gives opinions beyond the scope of his own observation.); (Pl. Brief at 4).

In addition, Plaintiff misreads the language she quotes from *Downey*, which holds that one who "draws the opinion from facts supplied by others, ***in preparation for trial***" is a retained expert. *Downey*, 633 F.3d at 7 (quoted by Plaintiff at page 3) (emphasis added). *Downey* thus does not hold that a non-retained expert may not rely on information from others, only that an expert who relies on facts from others *in preparation for trial* is a retained expert. Dr. Uberoi did not rely on facts from others in preparing for trial; he formed his opinions before and independent of this litigation, and Plaintiff does not claim otherwise. Moreover, Plaintiff's motion fails to identify any supposed fact, either before *or* during the litigation, on which she claims Dr. Uberoi relies for his testimony and opinions. Thus, even if her argument were not legally flawed, it is factually unsupported.

Cook intends to offer Dr. Uberoi's opinions from his time participating in the OUS study and from various other pre-litigation studies in which he evaluated the performance of the Celect and other IVC filters. Plaintiff has failed to show that any of these opinions rely on facts outside Dr. Uberoi's percipient observations or that his opinions were formulated in anticipation of litigation. Should she establish otherwise during Dr. Uberoi's deposition, the Court can properly limit his testimony to the scope of his observations. Until such time, however, Plaintiff's contentions are without merit, and her motion to strike should be denied.

## II. PLAINTIFF'S REMAINING ARGUMENTS DO NOT SUPPORT GRANTING HER MOTION TO STRIKE.

None of Plaintiff's remaining arguments in her motion to strike support the relief she seeks. First, Plaintiff baldly asserts that Dr. Uberoi's proposed opinion testimony concerning matters outside the OUS study require a Rule 26(a)(2)(B) report. (Pl. Br. at 5). Plaintiff is wrong. Where a witness has personal knowledge of the events precipitating the litigation and specialized knowledge concerning its subject matter, that witness may testify to both without producing a report. *See Indianapolis Airport Auth*, 849 F.3d at 370-71 (allowing hybrid witness testimony where witnesses had personal knowledge of the events precipitating the litigation and specialized knowledge concerning its subject matter); *see also* Fed. R. Civ. P. 26, Advisory Committee Notes (2010) ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705."). Dr. Uberoi possesses firsthand knowledge of the OUS study on which Plaintiff in part bases her claims. (See Pl. Brief at 4). He also possesses specialized knowledge about IVC filters, including the Celect, from practicing medicine, participating in the OUS study, and conducting clinical and non-clinical studies on other IVC filters. (See Pl. Brief at 4). Nothing in the rules or the case law requires such an expert to produce a Rule 26(a)(2)(B) report.

Second, Plaintiff mistakenly argues that because Dr. Uberoi did not personally treat her, his opinions regarding IVC filter retrievability, risk, and efficacy require an expert report. (Pl. Br. at 7). Plaintiff provides no legal authority to support her assertion; neither of the cases she cites in any way addresses whether a non-retained expert who is not a treating doctor must serve an expert report.[1] As previously discussed, Dr. Uberoi has extensive experience with IVC filters

---

[1] *See* Pl. Br. at 7 n.35. One of the cases Plaintiff cites involved the exclusion of identified witnesses who had not been designated as experts at all, *see Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004), and the

from his medical practice and participation in numerous research studies involving filters, including the OUS study that specifically assessed whether the Celect—the IVC filter Plaintiff claims caused her injuries—was safe and effective in a prospective series of patients.

Third, Plaintiff argues Dr. Uberoi should be stricken because it would be impermissible for him to provide expert testimony involving scientific, technical or other specialized knowledge because he had no direct involvement in the designing, selling, or marketing of the Celect filter. (Pl. Br. at 6). But Cook does not anticipate asking Dr. Uberoi about design, selling, or marketing the Celect. Plaintiff's argument is vague, overly broad, and unsupported by any authority. As the summary of testimony to which Plaintiff's argument pertains states:

> His participation in other studies. Dr. Uberoi will testify about the findings, conclusions, and other relevant aspects of the various studies of IVC filters in which he has participated. This includes the reports from the British Society of Interventional Radiology's Inferior Vena Cava Filter Registry published in 2011 and 2013, as corrected.

(Dkt. 44511 at 22). Plaintiff's argument has no bearing on any anticipated testimony by Dr. Uberoi and cannot support requiring him to prepare a Rule 26(a)(2)(B) report on topics he has no intention of addressing.

Lastly, Plaintiff's argument that Dr. Uberoi's proposed testimony concerning the OUS study is cumulative and unnecessary fails for several reasons. As a threshold matter, this argument is at best premature. Trial is nearly two months away, and the Court cannot possibly determine if evidence will be cumulative before any evidence has come it. In addition, Plaintiff's apparent intention to call various witnesses (including Cook employees) to talk about the OUS study (see Pl. Br. at 6 n.27) does not mean that Cook is not entitled select witnesses of its choice to testify about the study. Moreover, Dr. Uberoi is the only witness listed by any party

---

other involved the sufficiency of summary disclosures under Rule 26(a)(2)(C), *see Kondragunta v. ACE Doran Hauling & Rigging Co.*, 2013 WL 1189493 at *5-*6 (N.D. Ga. 2013).

who actually participated in the OUS study, and he will undoubtedly have both unique firsthand knowledge and an expert perspective on the study that other witnesses lack.  His testimony will be neither cumulative nor unnecessary.

## CONCLUSION

Dr. Uberoi will testify concerning his observations and opinions formed prior to and independent of this litigation.  By no stretch of the imagination is Dr. Uberoi an expert "*retained or specially employed to provide expert testimony* in the case" under Rule 26(a)(20(B), and Rule 26(a)(2)(C) permits Cook to disclose a summary of his testimony.  Plaintiff does not dispute the sufficiency of that summary, and the Court should deny Plaintiff's motion.

                                                                           Respectfully submitted,

Dated: July 16, 2018  /s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-Mail:  Andrea.Pierson@FaegreBD.com
E-Mail:  John.Schlafer@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Facsimile: (260) 360-1700
Stephen Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, a copy of the foregoing **COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NON-RETAINED EXPERT RAMAN UBEROI, M.D.** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.118932328.02