UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., <br> IVC FILTERS MARKETING, SALES PRACTICES <br> AND PRODUCTS LIABILITY LITIGATION <br> _____ <br> This Document Relates to Plaintiff: <br>     JAMES CRISSMAN <br>     Civil Case No. 1:17-cv-02420-RLY-TAB | Case No. 1:14-ml-2570-RLY-TAB <br> MDL No. 2570 |

**NOTICE OF ATTORNEY FEE LIEN**

Plaintiff's counsel, John T. Kirtley, III, of Ferrer, Poirot & Wansbrough, hereby gives notice of its equitable lien in the settlement proceeds, if any, recovered on behalf of Plaintiff, James Crissman, as allowed under Texas law, pursuant to the firm's contingency fee contract with Plaintiff.

Texas law allows a law firm hired on a contingency fee basis to retain its interest in attorney's fees and expenses, absent good cause for termination. *Mandell & Wright v. Thomas*, 441 S.W.2d 841 (Tex. 1969) (citing *Myers v. Crockett*, 14 Tex. 257 (1855)); *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557 (Tex. 2006); *Rocha v. Ahmad*, 676 S.W.2d 149, 156 (Tex. App. — San Antonio 1984, writ dism'd w.o.j.); *Howell v. Kelly*, 534 S.W.2d 737, 740 (Tex. Civ. App. — Hou. [1st Dist.] 1976, no writ).

In Texas, once a claim is settled, the assigned interest vests, and the contingency fee agreement gives the attorney an equitable lien on the recovery, superior to other liens on the money or property involved, subsequent in point of time." (Emphasis added). 7A C.J.S. Attorney & Client § 385 at p. 758 (1980). See, e.g., *Marre v. United States*, 117 F.3d 297, 308 (5th Cir. 1997)(quoting *In re Willis*, 143 B.R. 428, 431 (Bankr. E.D. Tex. 1992); *Tarrant County Hosp.*

*Dist. v. Jones*, 664 S.W.2d 191, 195-196 (Tex. App. — Fort Worth 1984, no (writ); *Thomson v. Findlater Hardware Co.*, 156 S.W. 301, 303 (Tex. Civ. App. — Austin 1913, no writ); 7A C.J.S. Attorney & Client §320 at pp. 614-615 (1980)

In *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679 (Tex. App. – Hou. [14th Dist.] 2003, pet denied), the court stated: "After judgment, attorneys who earn a contingency fee are equitable owners (not mere claimants) of their portion of the judgment. If we ignore the law firm's equitable interest and order the entire judgment paid to the clients, the law firm will be deprived of property with no assurance it will be returned. Property rights cannot be treated so indifferently." (Emphasis added). Id. at 689.

Respectfully submitted,

/s/ John T. Kirtley, III
John T. Kirtley, III
FERRER, POIROT & WANSBROUGH
Texas Bar No. 11534050
2603 Oak Lawn Avenue, Suite 300
Dallas, Texas 75219
(214) 521-4412
(214) 526-6026 Fax
jkirtley@lawyerworks.com
Asst. molvera@lawyerworks.com
ivcfiling@lawyerworks.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2018, a copy of the foregoing was served electronically and notice of this document will be sent to all parties by operation of the Court's electronic CM/ECF System which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/John T. Kirtley, III
John T. Kirtley, III