IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL NO. 2570

This Document Relates:

*Brand v. Cook Medical, Inc., et al*
Case No. 1:14-cv-6018-RLY-TAB

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO EXCLUDE IMPERMISSIBLE EXPERT TESTIMONY OF PHU THAI, MD

COMES NOW Tonya Brand ("Brand"), Plaintiff in the above-styled action, by and through undersigned counsel, and hereby respectfully requests that this Court Exclude Impermissible Expert Testimony of Phu Thai, MD, and states as follows:

1. Cook disclosed Dr. Thai, one of Brand's treating physicians, as a non-retained expert, but Cook did not provide an expert report to support any of his testimony not directly related to her treatment as his patient.[1]

2. As discussed in the incorporated memorandum, some of summarized opinions Cook disclosed from Dr. Thai's deposition concern matters unrelated to his treatment of Brand.[2]

3. Federal law, including decisional law from this Court, requires a report when a treating physician testifies about opinions that were not formed during the course of their treatment of the patient.

---

[1] Cook Defendants' Amended Rule 26(a)(2)(B) and 26(a)(2)(C) Expert Disclosures attached as Exhibit A
[2] Deposition of Phu Thai, MD attached as Exhibit B; Cook Defendants' Affirmative Deposition Designations attached as Exhibit C.

1

    4. Plaintiff does not object to Cook calling Dr. Thai as a fact witness in its case but does object to any expert testimony not limited to his observations during her treatment.

## **MEMORANDUM**

### A.    The Law

The issue here concerns Rule 26(a)(2) and, specifically, which of Dr. Thai's opinions disclosed by Cook may be deemed opinions by a non-retained expert witness, i.e., one who may provide only a summary of opinions pursuant to Rule 26(a)(2)(C). Rule 26(a)(2)(C) defines an expert witness as "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[3] The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony so the opposing party may form an appropriate response.[4] All other experts that are not retained or specially employed must provide a summary disclosure in accordance with Rule 26(a)(2)(C).[5]

The difference between retained and non-retained experts is that "non-retained experts gain their information through percipient observations, while retained experts gain their information in any other manner."[6] A treating physician is the primary example of a non-retained expert because they testify about opinions formed during the course of their treatment of the patient.[7] This is because such opinions are based on scientific, technical, or other specialized knowledge.[8] Courts applying the rule agree that not every treating physician is required to provide an expert report

---

[3] Fed. R. Civ. P. 26(a)(2)(B); see also *Meyers v. National R.R. Passenger Corp.,* 619 F.3d 729, 734 (7th Cir.2010); *Musser v. Gentiva Health Services,* 356 F.3d 751, 757 (7th Cir.2004).
[4] *Meyers,* 619 F.3d at 734; *Musser,* 356 F.3d at 757–58.
[5] Fed. R. Civ. P. 26(a)(2)(C).
[6] *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013) (emphasis added).
[7] *Meyers,* 619 F.3d at 734–35.
[8] *Musser,* 356 F.3d at 751, 757 n. 2.

pursuant to Rule 26(a)(2)(B).[9] The court in *Meyers v. National R.R. Passenger Corp.*, 619 F.3d at 734-35—controlling law on this issue in the Seventh Circuit—wrote:

> [A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, *but who did not make that determination in the course of providing treatment,* should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).[10]

In *Martin v. Stoops Buick*, 2016 WL 4088132 (S.D. Ind. 2016), this Court addressed the adequacy of the disclosure of treating physicians and relied upon *Meyers*, and other decisional authority, in deciding that the doctors' treatment was subject to a Rule 26(a)(2)(C) disclosure but the additional information the plaintiff disclosed required a report pursuant to Rule 26(a)(2)(B), holding as follows:

> Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation. <u>Treating physicians, for example, often have firsthand knowledge of the events giving rise to the litigation and typically are not "retained or specially employed to provide testimony." In such cases, the treating physician need only provide a 26(a)(2)(C) summary disclosure. If the treating physician testifies beyond the scope of his observations, however, he is treated as a retained expert.</u>[11]

In *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641 (N.D. Ind. 2011), the court reconciles *Meyers* with the 2010 Rule 26 amendments to clarify the distinction between an expert retained to testify and one who will testify for reasons independent of trial preparation, finding that the treating

---

[9] *Musser,* 356 F.3d at 758, n. 3 ("[A]n individual who serves in the capacity of 'treating physician' (or any analogous position) may … be required to submit a report under Rule 26(a)(2)(B)."); *Kondragunta v. Ace Doran Hauling and Rigging Co.*, 2012 WL 1189493 (NDGa 2013) (Carnes, J.E.) ("[I]f a physician's opinion regarding causation or any other matter was formed and based on observations made during the course of treatment then the Subsection C report will be required. If, however, the physician's opinion was based on facts gathered outside the course of treatment, or if the physician's testimony will involve the use of hypotheticals, then a full Subsection B report will be required." (citations omitted)).

[10] *Id.*

[11] *Id* at *1 & 4 (citing *Malibu Media, LLC v. Harrison*, 2014 WL 6474065 at *2 (S. D. Ind. 2014) (citing *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1, 6-7 (1st Cir. 2011) (Dinsmore, M.J.); 2014 WL 7005288 (S.D. Ind. 2014) (adopting R&R) (Lawrence, D.J.) (emphasis added); (citing *Guarantee* 291 F.R.D. at 237).

3

physicians only have to file a summary report pursuant to Rule 26(a)(2)(C) when giving a causation opinion formulated during treatment of the patient.[12] The court's holding in *Coleman* merely qualified *Meyers* following the 2010 Amendment in finding the opinions of treating physicians formed during the course of providing treatment to the plaintiff only required a summary disclosure in compliance with Rule(a)(2)(C).[13] In fact, the court in *Coleman* concedes "[p]hysicians who intend to offer testimony regarding causation of the plaintiff's injuries often go beyond the scope of treatment, requiring the physician to submit a complete expert report."[14] Accordingly, any opinions offered by a treating physician that are not formulated in the course of treatment require a compliant Rule 26(a)(2)(B) report.

Finally, and perhaps most persuasively, this issue came up in *In re Zimmer Nexgen Knee Implant Prod. Liab. Litig.*, 2015 WL 3799534 (N.D. Ill. June 17, 2015). In this MDL bellwether case, the court addressed the opinions of the plaintiff's treating surgeon who initially did the knee replacement that implanted the Zimmer NexGen LPS–Flex Gender Solutions Female knee implants in each knee.[15] The doctor was deposed as a fact witness, but both sides solicited testimony on a wide range of topics beyond his treatment of the patient.[16] Following the deposition, the defense hired an expert to criticize the technique of the plaintiff's surgeon.[17] The doctor then submitted a letter rebutting Zimmer's disclosed criticism, causing the defense to object to the nature and sufficiency of the doctor's disclosure and report.[18] The court found that any

---

[12] *Id.* at 644–46
[13] *Coleman* at 645 ("Because the amendment to Rule 26 attempts to clarify the distinction between an expert retained to testify and one who will testify for reasons independent of trial preparation, the court finds that the amendment overcomes the holding in *Meyers* as far as the physicians at hand are concerned because of the purpose for which they were first sought"); *Martin* at 2; *Meyers* at 734–35; *Meyers* at 734-35 (A physician who did reach his determination in the course of providing treatment is required to submit a report).
[14] *Coleman,* 274 F.R.D. at 644.
[15] *Id.* at *1.
[16] *Id.* at *2.
[17] *Id.*
[18] *Id.* at *2-3.

opinions that exceeded his treatment of the plaintiff required a report, excluded impermissible expert testimony, and held that any of his opinions regarding the subject knee implant and causation that were formed during the treatment of the patient were permissible with a summary disclosure compliant with the rule.[19]

Accordingly, all of the disclosed opinions that were solicited from Dr. Thai that were not formed during his course of treating Brand must be excluded because Dr. Thai has not been "retained or specially employed" by Cook to provide this testimony, and Dr. Thai has not submitted a report.

**B.    The Facts**

    B1.    <u>Dr. Thai's Background and Foundation for his Expert Testimony</u>

Dr. Thai is an internal medicine doctor with Kaiser Permanente in Duluth, Georgia who was Brand's primary care doctor from 2008-2012.[20] Dr. Thai is only qualified to testify as a fact witness and non-retained expert for matters involving his first-hand knowledge during the time he was Brand's primary care doctor.[21] Dr. Thai's testimony regarding IVC filters and pulmonary embolism are based on facts gathered outside the scope of treatment.[22] According to *Meyers*, any of Dr. Thai's testimony not related to Brand's treatment is inadmissible because Cook did not provide a Rule 26(a)(2)(B) report for those opinions.[23]

    B2.    <u>Dr. Thai's Disclosure</u>

Cook provided a summary disclosure identifying the following opinions (verbatim) which Plaintiff seeks to exclude or limit:

    5.    The reasons he refers patients for placement of an IVC filter.

---

[19] *Id.* at *3 & *4-5 (citing *Meyers* at 734-35).
[20] Exh. B, Thai Dep. at 7:3-13, 9:23-10:6, 20:1-5, 22:3-23:2 & 113:1-9.
[21] Exh. A at 11-12; see also *Martin* at *1 & *4 (citations omitted).
[22] *Id.*
[23] *Meyers* at 734-35.

5

14. The medical imaging taken of Mrs. Brand, which provided no explanation or indication that her filter was a source of her abdominal pain.

20. He was not aware that Mrs. Brand had an IVC filter placed and has no record of Mrs. Brand telling him about it.

21. His knowledge of pulmonary embolism and that it is a medical emergency that can lead to death.

22. Mrs. Brand never reported to him that she had taken a piece of metal out of her thigh.

23. Mrs. Brand never discussed with him the attempt to remove her IVC filter.[24]

Dr. Thai refers patients out to interventional radiology for IVC filters when a patient is not a candidate for anticoagulation medicine.[25] Dr. Thai does not choose the filter and does not choose the manufacturer or discuss the risks and benefits of the device.[26] He can only speculate as to the risks and benefits of the device in a patient.[27] Further, Dr. Thai had no records and did not recall any facts regarding Brand's IVC filter complications or the fragment coming out of her thigh.[28]

Critically, Dr. Thai did not refer Brand for placement of an IVC filter so the reasons he refers patients for placement are not relevant to his treatment of Brand. In fact, as Cook acknowledges in its summary disclosure, Dr. Thai was not aware that Brand even had an IVC filter.[29] Because Dr. Thai was not aware of Brand's filter, any knowledge he has generally the risks associated with pulmonary embolism is not related to her treatment.[30] Any knowledge he has about reasons for placement of filters, pulmonary embolism, what happened with Brand's filter over time, and what

---

[24] Exh. A at 11-12.
[25] Exh. B, Thai Dep. at 13:8-14:4.
[26] Exh. B, Thai Dep. at 14:5-21.
[27] Exh. B, Thai Dep. at 14:22-15:10.
[28] Exh. B, Thai Dep. at 177:17-178:10 & 190:3-13.
[29] Exh. A at 12, Opinion # 20.
[30] Exh. B, Thai Dep. at 116:3-13 & 118:11-20.

6

Brand did or did not tell him about the filter were not formed during Dr. Thai's treatment and is inadmissible.

In fact, the only testimony Dr. Thai gave which tangentially relates to her filter was her visit on or about April 17, 2009.[31] Brand presented to Dr. Thai for a follow-up after she went to ER for abdominal pain approximately a month after her back surgery.[32] Brand had an abdominal CT scan done at the ER, and it provided no explanation for her abdominal pain.[33] Dr. Thai was asked whether he believed the abdominal pain was caused by the IVC filter implanted for her back surgery, and Dr. Thai testified he did not have any records indicating she had a filter.[34] Dr. Thai ordered an x-ray of her chest and abdomen to diagnose the abdominal pain.[35] He did not find any acute abnormalities, but he was still asked to quote the radiologist's finding: "IVC filter is in place" into the record.[36] None of this testimony forms the basis for Cook's disclosed opinion that the filter was not a source of any of her abdominal pain.[37] Accordingly, none of the disclosed opinions *supra* were formed during the course of his treatment and should be excluded.

## C. Conclusion

For the reasons set forth above, Plaintiff seeks an Order that excludes any testimony from Dr. Thai that did not arise from his treatment of Brand because he did not submit a compliant Rule 26(a)(2)(B) report.

---

[31] Exh. B, Thai Dep. at 54:1-23
[32] Exh. B, Thai Dep. at 54:1-23 & 56:25-57:11.
[33] Exh. B, Thai Dep. at 56:25-57:11.
[34] Exh. B, Thai Dep. at 57:12-25.
[35] Exh. B, Thai Dep. at 61:24-62:12.
[36] Exh. B, Thai Dep. at 62:13-20
[37] Exh. B, Thai Dep. at 54:1-23, 56:25-57:11 & 61:24-62:20; Exh. A at 12, Opinion # 14.

July 18, 2018                                              Respectfully submitted,


                                                */s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:  jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee*

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com


Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX  75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Joseph N. Williams*
Joseph N. Williams