IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to Plaintiff

   *Tonya Brand*
   No. 1:14-cv-06018-RLY-TAB

_____

**COOK DEFENDANTS' REPLY TO PLAINTIFF TONYA BRAND'S RESPONSE TO MOTION TO STRIKE SPECIFIC REBUTTAL OPINIONS**

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively "Cook") respectfully submit this reply in support of their Motion To Strike Specific Rebuttal Opinions. Nothing in Plaintiff's Response cures the defects in the improper rebuttal opinions that Cook identified, specifically, (1) the improper rebuttal report by Dr. Kan; (2) the rebuttal opinion offered by Dr. Krumholz on misbranding; and (3) the improper rebuttal opinion offered by Dr. Gordon on design defect causation.

As an initial matter, Cook acknowledges Plaintiff's counsel had no obligation to disclose in advance which of its experts might issue rebuttal opinions. But, once Plaintiff's counsel made certain representations regarding these matters, Cook's counsel was entitled to rely on those representations and not be subjected to last-minute bait-and-switch tactics that appeared calculated to prejudice Cook's ability to take informed depositions of Plaintiff's experts. Counsel had concerns about this very issue from the beginning of the deposition process and

therefore repeatedly inquired about the status of any rebuttal opinions so that depositions could be scheduled appropriately—a meaningful time period after any rebuttal disclosure. The exhibits filed with Cook's motion fully support the background facts Cook presented to the Court. Cook will not belabor the point except to say that it strains credulity that Plaintiff's counsel was unaware on June 10, two days before Dr. Gordon's deposition in Dallas, Texas, on June 12, that Dr. Gordon would be issuing a rebuttal opinion under the guise of responding to engineering opinions when his rebuttal ultimately came in the form of a twelve-page report including images delivered to Cook the evening of June 11. Yet the ambiguous representation made on June 10 was, "I'm not saying we will have a rebuttal to Dr. Robertson but we might." Ex. A. *Cf.* Plaintiff's Response (claiming to be "still reading and digesting Dr. Robertson's recently served report" on June 10).

### A. All of Dr. Kan's Rebuttal Opinions Should Be Stricken.

Plaintiff has made an important concession with respect to Dr. Kan. She agrees that Dr. Kan will not be called in her case-in-chief. Response, at 7 ("Plaintiff has no intention of calling Dr. Kan to testify unless Cook calls its psychiatrist Dr. Leventhal."). At minimum, the Court must hold Plaintiff to this representation.

The Court should still strike Dr. Kan's rebuttal opinions as inappropriate, however. As discussed in Cook's motion, Ms. Brand's mental health has been a known issue throughout the case with Ms. Brand long claiming that she suffers from depression and anxiety caused by her filter. Plaintiff bears the burden of substantiating that claim, and Dr. Leventhal should have had the benefit of Dr. Kan's opinions on that issue in fashioning his report. *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996) (noting that "plaintiff who knows the defendant means to contest an issue that is germane to the prima facie case (as distinct from any affirmative defense)

must put in his evidence on the issue as part of his case in chief"). Instead, the disclosures are turned around, with Dr. Kan producing nothing more than inadequate, conclusory statements in support of his purported "rebuttal" opinions.

Plaintiff suggests that Dr. Kan's single-sentence opinion that "Brand's fears related to the failure of the Cook Celect IVC Filter are serious and significant" is supported by his final paragraph referencing the circumstances of Ms. Brand's experiences with her filter. Response, at 6. But the last paragraph is nothing more than a recitation of what Ms. Brand experienced and just as conclusory. The opinion certainly demonstrates no special insight or medical training as one would expect from a board-certified psychiatrist such as Dr. Kan.

Nor do any of Dr. Kan's other opinions rest on an adequate basis or reason as required by Rule 26(a)(2)(B)(i). Put simply, his report contains no bases at all. In contrast, Dr. Leventhal's report undertakes a twenty-page comprehensive analysis of Ms. Brand's medical history and reported lifestyle. He conducts a psychiatric differential diagnosis identifying principal psychiatric disorders most likely to be affecting Ms. Brand. As the bulleted paragraphs on pages 4 and 5 of Plaintiff's own response make clear, Dr. Leventhal offered detailed, medically justified assessments; Dr. Kan merely offered opposing blanket conclusions. *Compare* Def. Ex. B, Report of Dr. Kan *with* Def. Ex. C, Report of Dr. Leventhal. Because Dr. Kan's opinions fail to meet the disclosure requirements of Rule 26(a)(2)(B)(i), they are subject to exclusion on that basis.

While Plaintiff contends that Cook has not been prejudiced by the inadequate disclosure of Dr. Kan's opinions, in fact it has. As Cook noted initially, Dr. Leventhal would have addressed such opinions upfront and other Cook experts might have done so as well. Now Cook is put to the dilemma of deciding whether to invest precious pretrial time and resources to depose

an expert to avoid surprise at trial when the disclosure prompting that dilemma is so bare as to fail the disclosure requirements under Rule 26(a)(2)(B)(i). The proper remedy is for the Court to strike Plaintiff's improper and inadequate disclosure of Dr. Kan's rebuttal opinions.

**B. Dr. Krumholz's misbranding opinion should be struck as untimely disclosed.**

Plaintiff intentionally misconstrues Cook's argument as to why the misbranding opinion by Dr. Krumholz should be excluded. Misbranding has specific and meaningful connotation in the field of prescription drugs and devices. *See* 21 U.S.C. § 352. A newly disclosed opinion by Dr. Krumholz that the device was "misbranded" is not a proper rebuttal opinion because it is an issue on which Plaintiff bears the burden of proof and therefore an opinion that should have been expressed in Plaintiff's initial expert disclosures.[1] *See Braun*, 84 F.3d at 237. It is also not proper rebuttal because it was not an opinion that served to "'contradict, impeach or defuse the impact of the evidence offered by an adverse party.'" *Bowman v. Int'l Bus. Mach. Corp.*, 2013 WL 1857192, at *7 (quoting *Peals v. Terre Haute Police Dept.*, 535 F.3d 621, 630 (7th Cir. 2008) (citation omitted)). Indeed, there is no reference in the last paragraph of Dr. Krumholz's rebuttal opinion as to any error in Ms. Foreman's analysis or disagreement with her conclusions on the issue of labeling. That is because Ms. Foreman did not have an opportunity in her report to address the misbranding claim Dr. Krumholz belatedly raises in his improperly disclosed rebuttal opinion. Had the issue properly been made part of Dr. Krumholz's initial disclosures, then Ms. Foreman undoubtedly would have included additional responsive material in her report as to the issue. Plaintiff should not be allowed to slide in an additional affirmative opinion on such a key claim under the guise of a rebuttal opinion.

---

[1] Incidentally, other plaintiffs represented by the same counsel have disclosed such an opinion as an initial matter.

4

### C. Dr. Gordon's specific causation opinion should be struck and his deposition re-opened.

As described extensively in Cook's initial memorandum and in the beginning of this reply, Plaintiff's counsel was less than straightforward with respect to the issue of a rebuttal disclosure for Dr. Gordon.  Plaintiff's counsel had surely asked Dr. Gordon before June 11 (the day before his deposition) to issue a rebuttal report, and yet one of Plaintiff's counsel represented two days before the deposition on June 10 that there might not be a rebuttal to any engineering opinions and had previously represented seven days before the deposition on June 5 that "we do not expect that Dr. Gordon will be issuing a rebuttal report."  Motion, Exs. A and D.  If Plaintiff's counsel had simply leveled with Cook's counsel more sufficiently in advance of Dr. Gordon's Texas deposition, the timing issues related to the service of Dr. Gordon's rebuttal report might have been addressed through re-scheduling Dr. Gordon's deposition.  As matters stand, Cook was disadvantaged by the timing and respectfully submits that a re-opened deposition of Dr. Gordon in Indianapolis with the exclusive purpose of examining him on his rebuttal opinions is a narrowly tailored remedy.

Second, as Plaintiff essentially acknowledges, *see* Response, at 10-11 (addressing what opinions were disclosed when), the specific causation opinion offered by Dr. Gordon, purportedly in rebuttal, was not properly disclosed with his initial opinions.  *See* Ex. G, at 12. ("It is my opinion within reasonable medical probability that had Ms. Brand had a Tulip filter, it would not have fractured if used as an alternative . . . .").  As with Dr. Krumholz's late disclosure of the misbranding an opinion, a specific causation opinion on which Plaintiff clearly bears the affirmative burden should not be snuck in through Dr. Gordon's rebuttal report.  *See Braun*, 84 F.3d at 237.  That offending opinion should be struck as untimely disclosed.

                          Respectfully submitted,

Dated: July 18, 2018               s/Andrea Roberts Pierson
                                       Andrea Roberts Pierson (# 18435-49)
                                       John T. Schlafer (# 28771-49)
                                       FAEGRE BAKER DANIELS LLP
                                       300 North Meridian Street, Suite 2700
                                       Indianapolis, Indiana  46204
                                       Telephone:  (317) 237-0300
                                       Facsimile:  (317) 237-1000
                                       E-Mail:  andrea.pierson@faegrebd.com
                                       E-Mail:  john.schlafer@faegrebd.com

                                       James Stephen Bennett (# 22869-02)
                                       FAEGRE BAKER DANIELS LLP
                                       110 W. Berry Street, Suite 2400
                                       Fort Wayne, Indiana  46802
                                       Telephone: (260) 424-8000
                                       Facsimile: (260) 460-1700
                                       E-Mail:  stephen.bennett@faegrebd.com


                                       *Counsel for the defendants, Cook Incorporated,*
                                       *Cook Medical LLC (f/k/a Cook Medical*
                                       *Incorporated), and William Cook Europe ApS*

US.118962576.01

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2018, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

s/Andrea Roberts Pierson

US.118962576.01