IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Cause No.: 1:15-cv-06018-RLY-TAB (Tonya Brand)

**COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NON-RETAINED EXPERT JOHN KAUFMAN, M.D.**

The Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") respectfully request that this Court deny Plaintiff's Motion to Strike Defendants' Non-Retained Expert John Kaufman, M.D. (Dkt. 8496). Cook provided a summary disclosure of Dr. Kaufman's expected testimony in accordance with Federal Rule of Civil Procedure 26(a)(2)(C). Plaintiff contends this disclosure is inadequate and that such opinions must be produced in a Rule 26(a)(2)(B) expert report. Plaintiff is incorrect. For the reasons discussed more fully below, Cook's disclosure was more than adequate. In short, Dr. Kaufman will be testifying based only on his percipient observations, and therefore Cook had to produce only a summary of his expected testimony, not a full-blown expert report. Accordingly, Plaintiff's motion to strike should be denied.

**LEGAL STANDARD**

A party must disclose to the other parties the identity of any expert witness it may use to present evidence at trial. Fed. R. Civ. P. 26(a)(1). Rule 26 divides expert witnesses into two

1

categories: those who are "retained or specially employed to provide expert testimony in the case," Fed. R. Civ. P. 26(a)(2)(B), and all other expert witnesses. *Malibu Media, LLC v. Harrison*, No. 1:12-CV-01117-WTL, 2014 WL 6474065, at *1 (S.D. Ind. Nov. 19, 2014) (citing Fed R. Civ. P. 26(a)(2)(C)). Under Rule 26(a)(2)(B), a retained expert must produce a written report. *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 556 (S.D. Ind. 2003). In contrast, Rule 26(a)(2)(C) permits non-retained experts to forgo producing a written report when the anticipated expert opinion testimony stems from the witness's "ground-level involvement in the events giving rise to the litigation." *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 371 (7th Cir. 2017); *see also Martin*, 215 F.R.D. at 557. In lieu of a written report, a party listing a non-retained expert need only provide a summary disclosure stating the subject matter of the expected evidence and a summary of the facts and opinions to which the witness will testify. *Slabaugh v. LG Elecs. USA, Inc.*, No. 1:12-CV-01020-RLY, 2015 WL 1396606, at *2 (S.D. Ind. Mar. 26, 2015).

## ARGUMENT

### I.      DR. KAUFMAN IS NOT REQUIRED TO PRODUCE A REPORT UNDER RULE 26.

As a threshold matter, Plaintiff's motion is premature and urges this Court to preemptively strike testimony and subject matter that has neither been given nor listed in Cook's summary disclosure. As one example, Plaintiff asserts that Dr. Kaufman should be precluded from offering opinions comparing and contrasting perforation rates of the Celect and Tulip. (Pl. Brief at 6). Dr. Kaufman will not present such testimony in this case. Thus, Plaintiff's argument is irrelevant and cannot support requiring him to prepare a Rule 26(a)(2)(B) report on topics he has no intention of addressing. Accordingly, the Court should disregard such arguments and limit its analysis to the contents of Cook's summary disclosure.

### A. Dr. Kaufman possesses sufficient firsthand knowledge to opine on the safety and retrievability of filters.

Plaintiff contends that Dr. Kaufman lacks sufficient firsthand knowledge to opine on filter safety, efficacy, and retrievability. (Pl. Brief at 6). Plaintiff is wrong. There is no dispute that Dr. Kaufman has extensive ground-level experience with IVC filters. (Pl. Brief at 8). Plaintiff admits that Dr. Kaufman participated in the initial retrieval trial in 2002-2003, had 15 patients in the CIVC post market registry study, and that his patients participated in the PRESERVE trial. (Pl. Brief at 5). Moreover, each trial measured retrieval, and both the PRESERVE trial and the CIVC study included safety and efficacy as additional end points. (Kaufman Dep. at 42:1-22).[1] Plaintiff therefore cannot plausibly argue that Dr. Kaufman lacks sufficient firsthand knowledge to opine on filter efficacy, safety, and retrievability.

Further, even if Dr. Kaufman had "limited involvement in retrievability studies," as Plaintiff claims, Plaintiff's argument still fails. Plaintiff acknowledges that "[t]he distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through percipient observations." (Pl. Brief at 2); *see also Malibu*, 2014 WL 6474065, at *2 (noting that the critical distinction between the two the types of experts is that a non-retained expert's conclusions and opinions arise from firsthand knowledge of activities the expert was personally involved in before the commencement of the lawsuit); *accord, Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013). Plaintiff provides no authority—and there is none—where a court considered the degree of involvement beyond percipient observation. Accordingly, Cook will appropriately offer Dr. Kaufman's opinion testimony arising from his experience conducting IVC filter research (specifically the retrieval trial) and treating patients with filters.

---

[1] All citations to "Dep." in this memo are to the August 2, 2017 deposition of Dr. Kaufman unless otherwise noted.

Indeed, the type of opinion testimony Dr. Kaufman will offer is the hallmark of a non-retained expert.  As Plaintiff acknowledges, "consultants for clinical and non-clinical studies only qualify as a non-retained expert for opinions based on percipient observations." (Pl. Brief at 2).  Dr. Kaufman has consulted for Cook for several years. (Kaufman Dep. at 12:7-9) and will only offer opinion testimony arising from his observations conducting filter trials and studies.  Because Plaintiff raises no objection to Dr. Kaufman offering expert testimony on matters in which he had substantive involvement (Pl. Brief at 1), Dr. Kaufman is not a retained expert under Rule 26(a)(2)(B).  *See Martin v. Stoops Buick, Inc.*, No. 114CV00298RLYDKL, 2016 WL 4088132, at *4 (S.D. Ind. July 28, 2016) (noting that a percipient witness becomes a retained expert only when he or she gives opinions beyond the scope of his own observation).

Plaintiff further contends that Dr. Kaufman lacks sufficient involvement in various activities to opine that: (1) filters decrease pulmonary embolism; (2) Cook's filters are as safe, if not safer, than its competitors; (3) the efficacy results from testing on permanent filters can be applied to retrievable filters; or (4) that Cook filters are safe and effective.  (Pl. Brief at 8).  Plaintiff is again wrong on all counts.  Dr. Kaufman has extensive experience participating in studies measuring filter safety, efficacy, and retrievability, and the only relevant question concerning a witness's level of involvement under Rule 26(a)(2)(C) is, again, whether the witness acquired his or her information through percipient observation.  *See Stoops,* 2016 WL 4088132, at *4 (holding that a percipient witness is only retained when he or she offers testimony outside the scope of his or her own observations); (Pl. Brief at 2).  Moreover, Plaintiff raises no objection to Cook calling Dr. Kaufman as a fact witness in this case (Pl. Brief at 1), and it is undisputed that he possesses expertise involving IVC filters. (Pl. Brief at 8).  Therefore, Dr. Kaufman may testify as a non-retained expert regarding his opinions formulated while testing

filters.  *See* Fed. R. Civ. P. 26, Advisory Committee Notes (2010) ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705.").  Nothing in the Rules or the governing case law requires such an expert to produce a Rule 26(a)(2)(B) report.

Finally, Plaintiff quotes Dr. Kaufman's testimony concerning his lack of formal testing, but she takes it out of context by omitting critical portions of his statement.  When asked whether he had performed any formal ***bench testing*** of Cook filters, Dr. Kaufman replied "I have not done any formal testing of Cook – not personally done any formal ***bench testing*** of Cook devices." (Kaufman Dep. at 43:4-6) (emphasis added).  By itself, the section Plaintiff quotes is misleading because Dr. Kaufman testified that he has never done any formal bench testing of Cook devices—not that he has never done any testing at all.  As demonstrated above, Dr. Kaufman has ample experience testing IVC filters.  There is accordingly no basis to strike his testimony.

### B. Dr. Kaufman possesses sufficient firsthand knowledge to opine on matters concerning IVC filter testing in animals.

Plaintiff claims Dr. Kaufman lacks sufficient ground-level involvement in animal studies to opine whether sheep are appropriate models for testing filters.  (Pl. Brief at 7).  But Dr. Kaufman has almost ***three decades*** of experience participating in animal studies.  (Kaufman Dep. at 260-261).  Nonetheless, Plaintiff contends that Dr. Kaufman's experience with both Cook animal studies and animal studies involving permanent filters is insufficient to satisfy the Rule 26(a)(2)(C) requirements.  Plaintiff provides no authority showing that courts consider anything other than first-hand knowledge when evaluating a witness's degree of involvement.  Moreover, Plaintiff acknowledges that a non-retained expert gains his or her information through percipient observation (Pl. Brief at 2), and she acknowledges that Dr. Kaufman gained

"percipient information" from participating in approximately a dozen animal studies (Pl. Brief at 7). Because Cook only offers Dr. Kaufman's opinions formulated from that percipient information, Plaintiff's argument is both legally flawed and unsupported by the facts.

### C. Dr. Kaufman possesses sufficient firsthand knowledge to opine on matters concerning tilt, migration, penetration, and off-label use.

Plaintiff urges this Court to preclude Dr. Kaufman from offering his expert opinions concerning tilt, migration, penetration, and other adverse events and their impact on filter safety. According to Plaintiff, "Dr. Kaufman's own pilot study had a patient whose device migrated into the right atrium, and Dr. Kaufman testified he considered this to be a serious event despite the patient being completely asymptomatic." (Pl. Brief at 8). But Plaintiff's contention goes to the weight and credibility of Dr. Kaufman's testimony and should be addressed during cross-examination at trial—not by filing a motion to strike.

Plaintiff also asserts without support that Dr. Kaufman lacks sufficient involvement in the 2016 panel review of Cook filters to opine on the gravity of perforation in patients who are asymptomatic versus those who are not. Pl. Brief at 8. Dr. Kaufman, however, was the chairman of the panel. (Kaufman Dep. at 288:3-08). Therefore, Plaintiff's contention in this regard is unfounded.

Last, Plaintiff cites *Musser v. Gentiva Health Services*, 356 F.3d 751, 757 n.2 (7th Cir. 2004), in support of her contention that Dr. Kaufman's testimony concerning off-label use should be excluded because it is not based on scientific, technical, or specialized knowledge. (Pl. Brief at 9). In *Musser*, the Seventh Circuit stated that "all witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A), [and] only those witnesses retained or specially employed to provide expert testimony must submit an expert report complying with Rule 26(a)(2)(B)." 356 F.3d at 756–57 (internal quotations and

citations omitted).  The footnote Plaintiff cites only clarified that a treating physician's opinions constitute expert testimony under Rule 26.  *Id.* at 757 n.2.  That is not at issue here.  Dr. Kaufman has never treated Plaintiff.  Accordingly, *Musser* is inapposite and cannot justify requiring Dr. Kaufman to produce a Rule 26(a)(2)(A) expert report.

## CONCLUSION

Dr. Kaufman will testify concerning his observations and opinions formed independently of this litigation.  Dr. Kaufman therefore is ***not*** an expert "retained or specially employed to provide expert testimony in the case" under Rule 26(a)(2)(B).  As a result, Rule 26(a)(2)(C) required Cook to disclose only a summary of his testimony.  Plaintiff does not dispute the sufficiency of that summary, and therefore the Court should deny Plaintiff's motion.

Respectfully submitted,

Dated: July 19, 2018

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
John T. Schlafer
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-Mail:  Andrea.Pierson@FaegreBD.com
E-Mail:  John.Schlafer@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Facsimile: (260) 360-1700
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2018, a copy of the foregoing **COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NON-RETAINED EXPERT JOHN KAUFMAN, M.D.** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.118988158.02