IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 2570 |

This Document Relates:

*Brand v. Cook Medical, Inc., et al*
Case No. 1:14-cv-6018-RLY-TAB

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO EXCLUDE IMPERMISSIBLE EXPERT TESTIMONY OF SCOTT KELLER, DO

COMES NOW Tonya Brand ("Brand"), Plaintiff in the above-styled action, by and through undersigned counsel, and hereby respectfully requests that this Court Exclude Impermissible Expert Testimony of Scott Keller, DO, and states as follows:

1. Cook disclosed Dr. Keller, one of Brand's treating physicians, as a non-retained expert, but Cook did not provide an expert report to support any of his testimony not directly related to her treatment as his patient.[1]

2. As discussed in the incorporated memorandum, some of the testimony Cook designated from Dr. Keller's deposition concern matters unrelated to his treatment of Brand.[2]

3. Federal law, including decisional law from this Court, requires a report when a treating physician testifies about opinions that were not formed during the course of their treatment of the patient.

---

[1] Cook Defendants' Amended Rule 26(a)(2)(B) and 26(a)(2)(C) Expert Disclosures attached as Exhibit A
[2] Deposition of Richard Keller, MD attached as Exhibit B; Cook Defendants' Affirmative Deposition Designations attached as Exhibit C.

1

4. Plaintiff does not object to Cook calling Dr. Keller as a fact witness in its case but does object to any expert testimony not limited to his observations during her treatment.

## **MEMORANDUM**

### A. The Law

The issue here concerns Rule 26(a)(2) and, specifically, which of Dr. Keller's opinions disclosed by Cook may be deemed opinions by a non-retained expert witness, i.e., one who may provide only a summary of opinions pursuant to Rule 26(a)(2)(C). Rule 26(a)(2)(C) defines an expert witness as "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[3] The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony so the opposing party may form an appropriate response.[4] All other experts that are not retained or specially employed must provide a summary disclosure in accordance with Rule 26(a)(2)(C).[5]

The difference between retained and non-retained experts is that "non-retained experts gain their information through percipient observations, while retained experts gain their information in any other manner."[6] A treating physician is the primary example of a non-retained expert because they testify about opinions formed during the course of their treatment of the patient.[7] This is because such opinions are based on scientific, technical, or other specialized knowledge.[8] Courts applying the rule agree that not every treating physician is required to provide an expert

---

[3] Fed. R. Civ. P. 26(a)(2)(B); see also *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir.2010); *Musser v. Gentiva Health Services,* 356 F.3d 751, 757 (7th Cir.2004).
[4] *Meyers,* 619 F.3d at 734; *Musser,* 356 F.3d at 757–58.
[5] Fed. R. Civ. P. 26(a)(2)(C).
[6] *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013) (emphasis added).
[7] *Meyers,* 619 F.3d at 734–35.
[8] *Musser,* 356 F.3d at 751, 757 n. 2.

2

report pursuant to Rule 26(a)(2)(B).[9] The court in *Meyers v. National R.R. Passenger Corp.*, 619 F.3d at 734-35—controlling law on this issue in the Seventh Circuit—wrote:

> [A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, *but who did not make that determination in the course of providing treatment,* should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).[10]

In *Martin v. Stoops Buick*, 2016 WL 4088132 (S.D. Ind. 2016), this Court addressed the adequacy of the disclosure of treating physicians and relied upon *Meyers*, and other decisional authority, in deciding that the doctors' treatment was subject to a Rule 26(a)(2)(C) disclosure but the additional information the plaintiff disclosed required a report pursuant to Rule 26(a)(2)(B), holding as follows:

> Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation. <u>Treating physicians, for example, often have firsthand knowledge of the events giving rise to the litigation and typically are not "retained or specially employed to provide testimony." In such cases, the treating physician need only provide a 26(a)(2)(C) summary disclosure. If the treating physician testifies beyond the scope of his observations, however, he is treated as a retained expert.</u>[11]

In *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641 (N.D. Ind. 2011), the court reconciles *Meyers* with the 2010 Rule 26 amendments to clarify the distinction between an expert retained to testify and one who will testify for reasons independent of trial preparation,

---

[9] *Musser,* 356 F.3d at 758, n. 3 ("[A]n individual who serves in the capacity of 'treating physician' (or any analogous position) may … be required to submit a report under Rule 26(a)(2)(B)."); *Kondragunta v. Ace Doran Hauling and Rigging Co.*, 2012 WL 1189493 (NDGa 2013) (Carnes, J.E.) ("[I]f a physician's opinion regarding causation or any other matter was formed and based on observations made during the course of treatment then the Subsection C report will be required. If, however, the physician's opinion was based on facts gathered outside the course of treatment, or if the physician's testimony will involve the use of hypotheticals, then a full Subsection B report will be required." (citations omitted)).
[10] *Id.*
[11] *Id* at *1 & 4 (citing *Malibu Media, LLC v. Harrison*, 2014 WL 6474065 at *2 (S. D. Ind. 2014) (citing *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1, 6-7 (1st Cir. 2011) (Dinsmore, M.J.); 2014 WL 7005288 (S.D. Ind. 2014) (adopting R&R) (Lawrence, D.J.) (emphasis added); (citing *Guarantee* 291 F.R.D. at 237).

finding that the treating physicians only have to file a summary report pursuant to Rule 26(a)(2)(C) when giving a causation opinion formulated during treatment of the patient.[12] The court's holding in *Coleman* merely qualified *Meyers* following the 2010 Amendment in finding the opinions of treating physicians formed during the course of providing treatment to the plaintiff only required a summary disclosure in compliance with Rule(a)(2)(C).[13] In fact, the court in *Coleman* concedes "[p]hysicians who intend to offer testimony regarding causation of the plaintiff's injuries often go beyond the scope of treatment, requiring the physician to submit a complete expert report."[14] Accordingly, any opinions offered by a treating physician that are not formulated in the course of treatment require a compliant Rule 26(a)(2)(B) report.

Finally, and perhaps most persuasively, this issue came up in *In re Zimmer Nexgen Knee Implant Prod. Liab. Litig.*, 2015 WL 3799534 (N.D. Ill. June 17, 2015). In this MDL bellwether case, the court addressed the opinions of the plaintiff's treating surgeon who initially did the knee replacement that implanted the Zimmer NexGen LPS–Flex Gender Solutions Female knee implants in each knee.[15] The doctor was deposed as a fact witness, but both sides solicited testimony on a wide range of topics beyond his treatment of the patient.[16] Following the deposition, the defense hired an expert to criticize the technique of the plaintiff's surgeon.[17] The doctor then submitted a letter rebutting Zimmer's disclosed criticism, causing the defense to object to the nature and sufficiency of the doctor's disclosure and report.[18] The court found that

---

[12] *Id.* at 644–46
[13] *Coleman* at 645 ("Because the amendment to Rule 26 attempts to clarify the distinction between an expert retained to testify and one who will testify for reasons independent of trial preparation, the court finds that the amendment overcomes the holding in *Meyers* as far as the physicians at hand are concerned because of the purpose for which they were first sought"); *Martin* at 2; *Meyers* at 734–35; *Meyers* at 734-35 (A physician who did reach his determination in the course of providing treatment is required to submit a report).
[14] *Coleman,* 274 F.R.D. at 644.
[15] *Id.* at *1.
[16] *Id.* at *2.
[17] *Id.*
[18] *Id.* at *2-3.

4

any opinions that exceeded his treatment of the plaintiff required a report, excluded impermissible expert testimony, and held that any of his opinions regarding the subject knee implant and causation that were formed during the treatment of the patient were permissible with a summary disclosure compliant with the rule.[19]

Accordingly, all of the disclosed opinions that were solicited from Dr. Keller that were not formed during his course of treating Brand must be excluded because Dr. Keller has not been "retained or specially employed" by Cook to provide this testimony, and Dr. Keller has not submitted a report.

**B.     The Facts**

    B1.     Dr. Keller's Background and Foundation for his Expert Testimony

Dr. Keller is a doctor of osteopathy in Lilburn, Georgia with DeKalb Physicians Group.[20] He was Brand's family physician for about twenty years.[21] Dr. Keller is only qualified to testify as a fact witness and non-retained expert for matters involving his first-hand knowledge of Brand's treatment for chronic neck and low back pain.[22] Some of Cooks' designated testimony is based on facts gathered outside the scope of Dr. Keller's treatment.[23] According to *Meyers*, any of Keller's testimony not related Brand's treatment is inadmissible because Cook did not provide a Rule 26(a)(2)(B) report for those opinions.[24]

    B2.     Dr. Keller 's Testimony Not Related to His Treatment of Tonya Brand

Cook's designated portions of Dr. Keller's deposition testimony includes several portions of his testimony that were not formed during his treatment of Brand. Dr. Keller is not permitted to

---

[19] *Id.* at *3 & *4-5 (citing *Meyers* at 734-35).
[20] Exh. B, Keller Dep at 20:19-22:6.
[21] Exh. B, Keller Dep. at 10:9-17.
[22] Exh. A at 13-14; see also *Martin* at *1 & *4 (citations omitted).
[23] *Id.*
[24] *Meyers* at 734-35.

testify regarding emergency room visits or presentations to other doctors unless those records were part of his chart and important in forming his opinions regarding Brand's treatment.[25] Dr. Keller equally should not be permitted to testify regarding treatment Brand received in his practice for which he has no recollection or involvement.[26] Dr. Keller also did not prescribe diazepam—anti-anxiety medication— for Brand, and cannot opine on her use of the drug because those are not opinions formed during his treatment of her as his patient .[27] Finally, records reflecting what other doctors told her about getting off opioid medications and the link to abdominal pain are not opinions he formed from his personal observations during her treatment.[28] Thus, all of these opinions must be excluded because he has not provided a report that meets the requirements for any of these opinions under the federal rules.

### C. Conclusion

For the reasons set forth above, Plaintiff seeks an Order that excludes any testimony from Dr. Keller that did not arise from his treatment of Brand because he did not submit a compliant Rule 26(a)(2)(B) report.

---

[25] Exh. B, Keller Dep. at 29:17-36:4 (using prior emergency room visits to establish his prior testimony that he treated Brand as far back as the year 2000 is an impermissible exercise to admit her medical history of abdominal pain and narcotic pain medicine use); 36:16-18 & 37:21-38:22 (using exhibits not related to his treatment to establish the timeline for her treatment elicited speculation about why she temporarily left his care from 2005-2006 which implicated inadmissible evidence of collateral sources.  This is not testimony related to her care.); 68:7-12, 69:6-11, 69:15-70:11 (results of her colonoscopy exam); and 81:22-84:11, 85:11-17 & 86:18-23 (Brand's evaluation for chronic constipation evaluation by Dr. Kramer is not an observation or opinion formed in treatment).
[26] Exh. B, Keller Dep. at 43:4-14 & 43:23-46:23.
[27] Exh. B, Keller Dep. at 49:7-16, 50:2-10, 50:24-52:14, 54:8-23, 55:5-8, 57:2-59:7 & 59:17:21.
[28] Exh. B, Keller Dep. at 87:14-88:8, 88:22-89:1, 93:2-6, 94:15-21 & 95:3-96:7.

Respectfully submitted this 19th day of July, 2018.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:  jwilliams@rwp-law.com

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX  75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Joseph N. Williams*
Joseph N. Williams
