# EXHIBIT E

```
           UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF INDIANA
               INDIANAPOLIS DIVISION


IN RE: COOK MEDICAL, INC.,      )
IVC FILTERS MARKETING, SALES    ) Cause No.
PRACTICES AND LIABILITY,        ) 1:14-ML-2570- RLY-TAB
LITIGATION                      ) Indianapolis, Indiana
                                ) September 14, 2017
                                ) 10:08 a.m.
                                )
```

**Before the Honorable
RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE

| | |
|---|---|
| **For Plaintiffs:** | David P. Matthews, Esq.<br>MATTHEWS & ASSOCIATES<br>2905 Sackett Street<br>Houston, TX  77098 |
| | Ben C. Martin, Esq.<br>LAW OFFICES OF BEN C. MARTIN<br>3710 Rawlins Street, Suite 1230<br>Dallas, TX  75219 |
| | Joseph N. Williams, Esq.<br>RILEY WILLIAMS & PIATT, LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN  46204 |
| | Michael W. Heaviside, Esq.<br>HEAVISIDE REED ZAIC<br>910 17th Street NW, Suite 800<br>Washington, D.C.  20006 |

```
For Defendants:              Andrea Roberts Pierson, Esq.
                             John T. Schlafer, Esq.
                             FAEGRE BAKER DANIELS LLP
                             300 N. Meridian St., Suite 2700
                             Indianapolis, IN  46204

                             John Joseph Tanner, Esq.
                             BAKER & DANIELS
                             300 N. Meridian Street
                             Indianapolis, IN  46204




Court Reporter:              Margaret A. Techert
                             United States District Court
                             101 NW Martin Luther King Blvd.
                             Evansville, Indiana  47708



          PROCEEDINGS TAKEN BY MACHINE SHORTHAND
     TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION
```

1   testimony as to whether or not the perforations in these films
2   that he saw and that's it.  It's not -- it's nothing more than
3   that.  It's a limited role that we asked him to play in this
4   case.  It's an important role.  And I -- I think that -- that
5   if there's any prejudice, I'm not seeing it; and certainly the
6   importance of it would outweigh, I guess, whatever prejudice
7   that I'm still not seeing at the time.  I just don't see it.
8              THE COURT:  All right.  Thank you, Mr. Martin.  The
9   Court will deny the motion for leave to designate
10  Dr. Timperman after expert disclosures.  The designation came
11  significantly after our deadline -- our agreed upon deadline.
12  If there was problem in scheduling his deposition within the
13  deadline, parties could have come -- plaintiff could have come
14  to the Court and asked for relief on that.  Maybe we could
15  have worked out an agreement to take his deposition after the
16  deadline.
17             And also, even if I did -- did allow this
18  designation after the deadline, defendants certainly would
19  file a Daubert motion and there's no way that it would even
20  come close to satisfying Daubert standards.  I'm not going to
21  have my name on any opinion where an expert uses a business
22  card to conduct measurements in a complex medical products
23  liability case.  So Daubert -- it wouldn't satisfy Daubert
24  standards.  So I'll deny that motion.
25             Next item, Cook's motion precluding substantive use