# EXHIBIT Q

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No.1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

### NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION OF DEFENSE EXPERT DAVID GILLESPIE, MD

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 and 30, Plaintiffs by and through their undersigned attorneys, will take the deposition of **David Gillespie, MD,** on **Saturday, July 7, 2018 at 9:00 a.m., at Omni Providence Hotel, One West Exchange Street, Providence, RI 02903; 401/598-8000.** The deposition will be taken before a person authorized by law to administer oaths and will continue from day to day, excluding Sundays and Court-recognized holidays, until the examination is completed. The deposition will be recorded stenographically and will be videotaped.

PLEASE TAKE FURTHER NOTICE that the deponent shall bring with him to the deposition: (1) his entire file for this case (including any software, hardware or other equipment used to review images from the OUS study and/or from Ms. Brand's medical records); and (2) the documents set forth in Schedule A, attached hereto.



EXHIBIT 2
WIT: Gillespie
DATE: 7/7/18
Maureen Pollard, RMR

Date: July 1, 2018

                    PLAINTIFFS' COUNSEL

By: */s/ Ben C. Martin*

BEN C. MARTIN
Law Offices of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219
(214) 761-6614 (telephone)
(214) 744-7590 (fax)
bmartin@bencmartin.com

MICHAEL HEAVISIDE
Heaviside Reed Zaic
910 17th Street, Ste. 800
Washington, D.C. 20006
(202) 223-1993
mheaviside@hrzlaw.com

DAVE MATTHEWS
Matthews & Associates
2905 Sackett
Houston, Texas 77098
(713) 522-5250
dmatthews@thematthewslawfirm.com

LEAD CO-COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2018, a true and correct copy of the foregoing Notice of Deposition was served by electronic mail on the following:

Andrea Roberts Pierson
andrea.pierson@faegrebd.com
John T. Schlafer
john.schlafer@faegrebd.com
Victoria R. Calhoon
victoria.calhoon@faegrebd.com
Anna C. Rutigliano
Anna.rutigliano@faegrebd.com
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

Charles F. Webber
Chuck.webber@faegrebd.com
FAEGRE BAKER DANIELS LLP
90 S. 7th Street
Minneapolis, MN 55402

                /s/ Ben C. Martin
                Ben C. Martin

# SCHEDULE A

Please bring with you to the deposition the following documents and information. Please organize and label the documents to correspond to the numbered categories in this request.

1. All documents or information reviewed, considered, and/or relied on by you in forming your opinions and drafting your report, including, but not limited to, all materials listed on any appendices, materials reviewed lists, or any similar list contained in your report(s) in this litigation. Documents produced by the Cook Defendants in this litigation that are identified by Bates Number in your report and medical/scientific literature that is publicly available for purchase, however, need not be produced.

2. All billing records generated by you or by any other entity that document the compensation you have received or will receive for your work in this litigation and other litigation related to IVC filters.

3. Any correspondence, e-mails, or other communications between you and any third party, including any persons who assisted with your report, that pertain to this litigation and the issues related to it. Correspondence, e-mails, or other communications with the attorneys for Defendants shall be produced if and only if those communications:
    a. Relate to compensation for your study or testimony;
    b. Identify facts or data that Defendants' attorneys provided and that you considered in forming any opinion expressed in your report; or
    c. Identify assumptions Defendants' attorneys provided and that you relied upon in forming your opinions. See Fed. R. Civ. P. 26(b)(4)(C).

4. All correspondence with any other expert in this case which refers or relates to this case, including all documents received by you from any other expert in this case, including, but not limited to: Michael Ferrante, Evan Fogel, Christy Foreman, Scott Robertson, Bennett Leventhal, Renu Virmani, Kenneth Renkens, Timothy Morris, William Turton, or any other person you knew or believed to be an expert retained by Defendants to provide opinions in this litigation.

5. Raw data returned from any literature search done by you or someone working under your direction, including any reports of the number of articles returned by the search, any identification of the abstracts or articles returned by the search, and any copies of abstracts or articles downloaded from the search.

6. All notes, modeling, statistical analyses, finite element analysis, other analyses, test documents, projections, calculations, estimations, graphs, tables, charts, animations, recordings (visual or audio), drawings, or other materials generated or written by you, or considered by you but generated by someone working under your supervision and direction, that relate to your work and opinions in this litigation.

7. Any protocol developed or adopted to guide your methodology.

8. Any report, government or industry standard or guidance document, regulation, white paper, study, statistical data, article, memorandum, book, essay, or other literature (draft or otherwise) relied on by you in forming your opinions, and which is not readily accessible to the public.

9.  Any document that constitutes, contains, or reflects any communication by you (or anyone working on your behalf) to anyone at FDA or by anyone at FDA to you (or anyone working on your behalf) which was reviewed or considered by you in forming your opinions.

10. Any audio or visual recording or animation including, but not limited to, podcasts, documentaries, news broadcasts, or any other audio/video recording reviewed, considered, and/or relied on by you in forming your opinions or drafting your report.

11. Any pathological or histological specimen or other tissue reviewed, considered and/or relied upon by you in forming your opinions or drafting your report.

12. Any photograph, x-ray, CT scan, MRI, fluoroscopy, venogram, or other image reviewed, considered, and/or relied on by you in forming your opinions or drafting your report.

13. Screenshots of any website or social media page reviewed, considered, and/or relied upon by you in forming your opinions and drafting your report.

14. Any document or information from any other case or litigation that you reviewed, considered, and/or relied on in forming your opinions and drafting your report, including testimony and affidavits by any witness in any litigation.

15. Any marketing material, advertisement, labeling, or business record of a Cook competitor, including, but not limited to materials from C.R. Bard, Inc., Argon Medical Devices, Inc., ALN, B. Braun, Cordis, Rex Medical, and Boston Scientific Corporation, that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

16. Any marketing material, advertisement, labeling, or business record of a Cook entity that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

17. Any demonstrative exhibits, including samples of devices or tools referenced in your report that you are considering using if called to testify or which you relied on in forming your opinions or drafting your report.

18. Any original or first generation photograph, x-ray, CT scan, MRI, fluoroscopy, venogram, or other image reviewed, considered, and/or relied on by you in forming your opinions and drafting your report.

19. Any industry or professional standards that you reviewed, considered, and/or relied on, or were otherwise guided by, in forming your opinions and drafting your report.

20. Your most current curriculum vitae.

21. All notes, modeling, finite element analysis, other analyses, test documents, calculations, photographs, films or other materials that relate to, or that you reviewed or rely upon for, your work or opinions in this litigation.

22. A first generation or original copy of any photographs or images taken of IVC filters that relate to, or that you reviewed or rely upon for, your work or opinions in this litigation.

23. All IVC filters inspected by you or others to the extent such inspection relates to, or to the extent you rely upon such inspection for, your work or opinions in this litigation.

24. All syllabi, handouts, PowerPoint slides (including notes), or other documents related to: (a) any speeches/lectures or major presentations identified in your CV and/or from (b) any other presentations you have given relating to any matter on which you give an opinion in this case, including but not limited to being a postgraduate course speaker on IVC filters (page 13 of CV) and the following "Major Presentations" listed on your CV: #s 54, 57, 77, 86, 104, 106, 118, 139, 145, 148, 162, 170, 172, 185, 194, 211, 242, 268, and 274.

25. Copies of 1099s, payment stubs, tax returns, invoices, bills, or other documents showing the amount billed and/or paid to you for your expert work in IVC filter litigation against Cook and/or other IVC filter manufacturers.

26. Copies of 1099s, payment stubs, tax returns, invoices/bills, or other documents showing the amount paid to you or to any entity with which you are affiliated by any Cook entity for speeches, presentations, trainings, studies, or any other work of any nature whatsoever.

27. All documents, notes, emails, and communications related to your work as Co-chair of the FDA's consensus panel on IVC filters in 2011, as discussed on page 2 of your report and page 12 of your CV.

28. All documents, notes, emails, drafts, data, and communications related to your work as Co-Principal Investigator for the PRESERVE study, as discussed on page 2 of your report and pages 18 and 59 of your CV.

29. All documents, data, emails and communications regarding any follow-up or tracking you or anyone on your behalf has done to determine the frequency or rate of complications (including but not limited to perforation, penetration, migration, tilt and/or fracture) in your patients from or associated with any IVC filter (whether manufactured by Cook or any other entity), or from IVC filters generally.

30. Documents, forms, protocols, communications and data regarding the methods you or others on your behalf use to track and/or follow-up on your patients with IVC filters to determine if and when they have developed complications, including but not limited to DVT, PE, perforation, penetration, migration, tilt and/or fracture.

31. Forms, protocols, and other documents regarding, relating to, or constituting the methods you employ to determine when it is appropriate to place IVC filters in your patients and when it is appropriate to retrieve IVC filters from your patients.

32. All data, studies, records, photographs, video, images, tracking, and other documents upon which you rely for the statements in your report regarding your clinical experience, including but not limited to:

    a. your statement on page 6 regarding seeing filters capture clots;

    b. your statement on page 6 regarding deaths from PE in patients with and without filters;

    c. your statement on page 10 that based on your clinical experience, penetration/perforation are of no clinical significance;

    d. your statement on page 11 that in your own patients, you have rarely (if ever) seen a fracture and you have never seen a patient with a symptomatic fracture;

    e. your statement on page 11 that you find the Celect in your patients to be effective in preventing PE; and

  f.  your statement on page 37-38 that you have found the Gunther Tulip, Celect Platinum and Celect to perform quite well in your own clinical experience and to perform similarly with respect to tilt, penetration/perforation, fracture, and retrievability.

33. Drafts, correspondence (including with journals submitting drafts and from readers of the published pieces), reviewer comments, and author responses to reviewer comments related to the following publications:

  a.  Hislop S., et al., *Correlation of Intravascular Ultrasound and Computed Tomography Scan Measurements for Placement of Intravascular Ultrasound-Guided Inferior Vena Cava Filters*, J VASC SURG. 2014; 59(4): 1066-72 [Peer-reviewed Publication #87 on CV];

  b.  Qi Y, et al., *Intravascular Ultrasound-Guided IVC Filters In the ICU Population*, Journal of Vascular Surgery, Volume 53, Issue 6, Supplement, June 2011, pages 69S-70S [Abstract #23 on CV]; and

  c.  Kaufman, JA, et al., *Development of a Research Agenda for Inferior Vena Cava Filters: Proceedings from a Multidisciplinary Research Consensus Panel* (J. Vasc. Interv Radiol. 2009 Jun;20(6): 697-707 [Peer-reviewed Publication #65 on CV];

34. Any other documents that you reviewed or considered in connection with formulating and supporting your opinions in this case and which are not otherwise called for in these requests.