**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                        MDL No. 2570

_____

This Document Relates to Plaintiff

    *Tonya Brand*
    No. 1:14-cv-06018-RLY-TAB


_____

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO
EXCLUDE EXPERT OPINIONS OF ROBERT W. JOHNSON AND JAMES A. MILLS**

      Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") move this Court to exclude at trial the testimony of Plaintiffs' experts Robert W. Johnson and James A. Mills.  Their proposed expert testimony fails to meet the standards for such testimony imposed by Rule 702 and by *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and its progeny.

**I.**    **Legal Standard for Admission of Expert Testimony**

      The Seventh Circuit has established three requirements in its application of the *Daubert* standard: (1) the witness must be qualified as an expert by knowledge, skill, experience, training, or education; (2) the expert's reasoning or methodology underlying the testimony must be scientifically reliable; and (3) the testimony must assist the trier of fact to understand evidence or

to determine a fact in issue. *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). The proponent of an expert witness—here, the plaintiff—has the burden under Rule 702 to establish admissibility by a preponderance of the evidence. *Lewis v. CITGO Petrol. Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). Here, Plaintiffs' experts Johnson and Mills applied no methodology and performed no economic analysis in their report, and as such, their testimony will in no way assist the trier of fact. *See* Expert Report of Robert Johnson & James Mills, dated April 30, 2018 ("Johnson and Mills Rept."), attached as **Ex. A**.

## II.     Johnson and Mills's Report

Johnson and Mills work together at Robert W. Johnson & Associates, a company that supplies damages experts to litigants around the country. *Id.*, Ex. A, Johnson and Mills Rept. at Apr. 30, 2018 cover letter and Exs. D-E (prior expert testimony). Johnson is the President; Mills is a Senior Economist. *Id.* at Exs. B-C (CVs). Their report in this case is comprised of two letters addressed to a Mr. William B. Curtis of the Curtis Law Group in Dallas. *Id.* at Apr. 30, 2018 cover letter and Ex. A thereto (second Apr. 30, 2018 letter). The letters are not specific to the *Brand* case. *See id.* Johnson and Mills co-signed the letters, which contain no specific attribution to one author or the other with respect to the letters' contents.[1] *See id.* This motion will therefore consider Johnson and Mills together.

The first of Johnson and Mills's two letters ("cover letter") states that their "primary task was to frame, in economic terms, the financial condition of the Cook entities (Cook, Inc., Cook Medical, Inc. William Cook Europe, APS, and Cook Group, Inc.)." *Id.* at Apr. 30, 2018 cover letter at 1. The cover letter lists the Cook Defendant financial information that they reviewed, which includes some (but not all) of the company financial information the Cook Defendants

---

[1] The letters refer to their author in the singular ("I"), but do not specify which author is being referenced.

have produced to Plaintiff.[2]  The cover letter then refers the reader to the second letter, referred to as a "Financial Condition Report," which is said to contain the authors' opinion.  *Id.* at Apr. 30, 2018 cover letter at 1.

The second letter begins the same as the first, setting forth the financial and other information that was reviewed.  It goes on to comment on the financial information produced by the Cook Defendants, suggesting, among other things that the documents "are not complete financial statements" (apparently because some are unaudited), that they contain errors, and that they are not current.  *Id.* at Ex. A, April 30 Letter #2, at 2.  Johnson and Mills do not specify what the alleged errors are, only their amounts.  *Id*.  They provide some commentary on the limitations of relying on "old data" or "one financial metric, such as net worth," noting that "[c]urrent net worth doesn't indicate whether the company is profitable."  *Id.* at 3.  Johnson and Mills's ultimate conclusion is: "Due to the preceding we are unable, at this time, to render a complete opinion as to the financial condition of these entities . . . ."  *Id.*

Notwithstanding that the cover letter expressly states that "I have not yet created or prepared any exhibits," (*Id.* at Apr. 30, 2018 cover letter at 1) appended to the back of the second letter is a slide deck (branded with the Robert W. Johnson & Associates logo) entitled "Punitive Damages."  *Id.* at Ex. A, April 30 Letter #2 slides.  The slide deck again merely summarizes the financial information reviewed, and then lists, by year and by category, certain line items lifted directly from the Cook Defendants' financials.  *Id.*  For Cook, Inc., it recites figures for sales, equity, cash, and research & development; for Cook Medical, Inc., it recites figures for sales,

---

[2] The cover letter notes that Johnson and Mills reviewed no information for Cook Group, Inc., which is not a defendant in this case. Both the Magistrate and the District Judge have ruled that neither production of Cook Group, Inc. financial information nor additional production of financial information by the Cook Defendants is required. Dkts. 4108, 4437.

income before tax, equity, and cash on hand; and for WCE, it recites figures for net sales, profit, equity, cash on hand, cash flow, capital expenditures, dividends, and audit and accounting fees.[3] *Id.*

Critically, the slide deck contains *no analysis* of any kind. *Id.* Johnson and Mills performed no computations on the figures presented, and present no commentary about them. *Id.* This is not surprising, given that the second letter expressly disclaims rendering an opinion about the financial condition of the Cook Defendants (despite that having been the "primary task" for which Johnson and Mills were retained). *Id.* at Ex. A, April 30 Letter #2, at 1 and 3.

### III. Johnson and Mills's Proposed Expert Testimony Is Not Based on a Reliable Methodology.

Expert testimony is admissible only if it is based on reliable methodology. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993); *Higgins v. Koch Dev. Corp.*, 794 F.3d 697, 704 (7th Cir. 2015). Johnson and Mills's expert testimony does not rest on a reliable methodology, and the Court should exclude it.

Unlike a case where the Court must evaluate whether the particular methodology used by an expert meets the *Daubert* standards for reliability, here there was *no* methodology employed, *no* analysis done, and *no* opinions rendered. Instead, Johnson and Mills concede unequivocally that they are unable to render any opinions, and make no effort to set forth any methodology that they would use if they had rendered an opinion. This omission should be the end of the inquiry. The Court cannot evaluate for reliability a methodology that has been neither articulated nor applied.

---

[3] The WCE figures are presented in US Dollars in the slide deck, but they appear on WCE's financial statements in Danish Krone. The letters provide no information provided about how and when any currency conversion was made.

4

By way of illustration, the content of Johnson and Mills's letters falls short even of an affidavit recently rejected in this District, which provided "no information about the methodology used", and "deficient" factual support for the conclusions therein—because again, Johnson and Mills set forth no methodology and no conclusions whatsoever. *Webber v. Butner*, No. 116CV01169TWPDML, 2017 WL 6508879, at *5 (S.D. Ind. Dec. 20, 2017); *see Zamecnik v. Indian Prairie Sch. Dist. No. 204*, 636 F.3d 874, 881 (7th Cir. 2011) (striking expert report that provided no indication of methodology or how that methodology was applied).

**IV.     Johnson and Mills's Proposed Expert Testimony Would Not Assist the Jury.**

The purported subject of Johnson and Mills's putative expert testimony, the Cook Defendants' financial condition, is not provided in their report. That is, nowhere do they opine as to the financial condition or net worth of the Cook Defendants so their testimony cannot assist the jury. Furthermore, the financial condition of the Cook Defendants is not relevant to Plaintiff's product liability claims or the Cook Defendants' defense.[4] Moreover, to the extent the Court disagrees and it becomes appropriate for the jury to hear evidence on the Cook Defendants' financial condition in a punitive damages phase, such evidence cannot be presented through Johnson and Mills. The facts found in Johnson and Mills's slide deck do not require presentation by an expert; they are merely figures "cut and pasted" from Cook Defendants' financials.

Having wholly disclaimed providing any analysis or opinion at the time of Plaintiffs' expert disclosure deadline, Johnson and Mills should not be permitted to present to the jury any

---

[4] The Seventh Circuit and other courts in this District have held that a corporate defendant's net worth is generally not relevant to the assessment of punitive damages. See *Zazu Designs v. L'Oreal, S.A.*, 979 F. 2d 499, 508-509 (7th Cir. 1992) (finding a corporation's net worth irrelevant to the assessment of punitive damages against it); *Yund v. Covington Foods, Inc.,* 193 F.R.D. 582, 588-589 (S.D. Ind. 2000) (same); *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.,* 932 F. Supp. 220, 223 (N.D. Ill. 1996) (excluding evidence of net worth as irrelevant, unfairly prejudicial, and an invasion of privacy). The Cook Defendants also recognize that other courts have found net worth relevant to the issue of punitive damages. This circuit and this district, however, take a different view.

5

analysis or opinion that was not contained within their letters or slide deck. Fed. R. Civ. Proc. 26(a)(2)(B). They could not explain what any of the figures in Cook's financial mean, or how those figures relate to one another, because they have disclosed no such opinions or analysis. Without any context or analysis, Johnson or Mills's presentation would be no more helpful to the jury than the jurors themselves simply reading the figures (which are facts, not expert opinion). "[A]n expert . . . must testify to something more than what is 'obvious to the layperson' in order to be of any particular assistance to the jury." *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001) (quoting *Ancho v. Pentek Corp.*, 157 F.3d 512, 519 (7th Cir.1998)); *see also Burton v. Riverboat Inn Corp.*, No. 4:12-CV-40-WGH-RLY, 2013 WL 6153231, at *2 (S.D. Ind. Nov. 20, 2013) (expert testimony should be excluded if it "duplicate[s] facts already established"). Under the circumstances, Johnson and Mills have disclosed no opinions or supporting analysis, have applied no reliable methodology, and have proposed no proper expert testimony. Their mere recitation of figures from the Cook Defendants' financial statements would not be at all helpful to the jury, and the Court should exclude their testimony.

## CONCLUSION

For the reasons stated above, the Cook Defendants urge the Court to grant their motion and to bar from the trial in this action the testimony of Plaintiff's experts Robert W. Johnson and James A. Mills.

    Respectfully submitted,

    /s/ John T. Schlafer
    Andrea Roberts Pierson (# 18435-49)
    John T. Schlafer (# 28771-49)
    FAEGRE BAKER DANIELS LLP
    300 North Meridian Street, Suite 2700
    Indianapolis, Indiana  46204

Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com


*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ John T. Schlafer