UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to All Matters.

_____

## THE COOK DEFENDANTS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court to maintain under seal the Cook Defendants' Memorandum in Support of Motion for Summary Judgment Based on Federal Preemption, the Lavender Declaration, and Exhibits A and A1 through A55 to the Lavender Declaration. In support of this motion, the Cook Defendants state:

### LEGAL STANDARD

1.      Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed).

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants").

2. Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act.[2] *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[3] Under this standard, a protectable trade secret has four characteristics: (1) information; (2) that possesses independent economic value; (3) that is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. *See, e.g.*, *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001); *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245–46 (Ind. Ct. App. 2001); *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000).

3. Confidential business information that does not technically fit the definition of a trade secret is entitled to protection if its disclosure would be harmful physically or economically. *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1–3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").

4. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.);

---

[2] The presence of Cook's headquarters in Indiana justifies the application of Indiana trade secret law to the issues here, because Indiana is the state where Cook would feel any injury or harm. *See, e.g.*, *Micro Data Base Sys., Inc. v. Dharma Sys., Inc.*, 148 F.3d 649 (7th Cir. 1998) (applying Indiana choice-of-law principles in a trade-secret case and holding that New Hampshire substantive law governed because the entity holding the trade secrets was headquartered there).

[3] The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

*see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENTS SOUGHT TO BE SEALED

5. The Cook Defendants' Memorandum in Support of Motion for Summary Judgment Based on Federal Preemption ("Memorandum") relies on and cites the Cook confidential information and protected health information contained in the Exhibits discussed individually below.

6. The Declaration of April Lavender recounts Cook's communications with the Food and Drug Administration (FDA) in connection with the development and approval process for the Gunther Tulip and Celect filters. The document discusses and refers to internal Cook documents that reflect Cook's strategic thinking and design process and have not been made publicly available.

7. Exhibit A to the Lavender Declaration is an Index of documents related to Cook's 510(k) submissions to the FDA for the Gunther Tulip and Celect filters and filter retrieval device, as well as related correspondence. The items listed in the Index are Exhibits A1 through A55 to the Lavender Declaration, as described below; each contains or refers to Cook internal

data and/or strategic decision-making related to the design, testing, and approval processes for its IVC filters and related devices.

8.  Exhibits A1.1 and A1.2 to the Lavender Declaration are subdivided portions of Cook's 510(k) Premarket Notification for the Gunther Tulip filter (K983823). The Notification consists almost entirely of internal Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

9.  Exhibit A2 to the Lavender Declaration is a "Not Substantially Equivalent" (NSE) letter from the FDA to Cook concerning Cook's 510(k) submission (K983823). The letter refers to Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

10. Exhibit A3 to the Lavender Declaration is a 510(k) Premarket Notification for the Gunther Tulip's permanent placement indication (K000855). The Notification consists almost entirely of internal Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

11. Exhibit A4 to the Lavender Declaration is an FDA response to Cook's 510(k) submission (K000855) posing three questions to Cook seeking clarification of aspects of its submission. Like the Notification to which it responds, the letter references internal Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

12. Exhibit A5 to the Lavender Declaration is a Cook letter in reply to the questions posed by the FDA in Exhibit A4. Like the Notification and FDA response letter to which it refers, the letter references internal Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

13. Exhibit A6 to the Lavender Declaration is an additional FDA response to the Cook's 510(k) submission (K000855) seeking additional information with respect to the third question posed by the FDA in Exhibit A4. The letter references internal Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

14. Exhibit A7 to the Lavender Declaration is a Cook response to the FDA letter in Exhibit A6. The document presents the results of an internal Cook study of the Gunther Tulip filter to test a specific aspect of performance (pp. 5–9). Although this study data was submitted to the FDA as part of the approval process, it is not publicly available.

15. Exhibit A8 is an FDA letter granting clearance for Cook's 510(k) submission (K000855). Like the Notification to which it refers, the letter references internal Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

16. Exhibit A9 to the Lavender Declaration is an additional 510(k) Premarket Notification for a function of the Gunther Tulip filter (K032426). The Notification consists almost entirely of internal Cook technical and study data related to the development and testing

of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

17.     Exhibit A10 to the Lavender Declaration is a Cook record of telephone contact with an FDA representative. The document involves Cook's development and approval process for the Gunther Tulip filter and thus reflects internal Cook information that is not publicly available.

18.     Exhibit A11 to the Lavender Declaration is an email from April Lavender attaching an information sheet related to the Gunther Tulip filter and excerpts from a study. The email and attachments incorporate internal Cook information on the design process for its IVC filters that is not publicly available.

19.     Exhibit A12 to the Lavender Declaration is a Cook record of telephone contact for a discussion related to the contents of Cook's 510(k) submission (K032426). The document involves Cook's development and approval process for the Gunther Tulip filter and thus reflects internal Cook information that is not publicly available.

20.     Exhibit A13 to the Lavender Declaration consists of email correspondence between Cook representative Jennifer Bosley and an FDA representative concerning the results of a Cook study that Cook had submitted to the FDA as part of the approval process. The study data referred to in this email is internal Cook data reflecting the design and development process for the Gunther Tulip filter and that is not publicly available.

21.     Exhibit A14 to the Lavender Declaration is a Cook record of telephone contact for a discussion related to the contents of Cook's 510(k) submission (K032426). The document involves Cook's development and approval process for the Gunther Tulip filter and thus reflects internal Cook information that is not publicly available.

22. Exhibit A15 to the Lavender Declaration consists of email correspondence between Cook representative Jennifer Bosley and an FDA representative concerning draft and revised instructions for use (IFUs). This correspondence related to the approval process for the Gunther Tulip filter contains information about Cook's internal process in designing and testing the filter and its strategic considerations as part of the approval process; such information is not available to the public.

23. Exhibit A16 to the Lavender Declaration is a Cook record of telephone contact for a discussion related to the contents of Cook's 510(k) submission (K032426). The document involves Cook's development and approval process for the Gunther Tulip filter and thus reflects internal Cook information that is not publicly available.

24. Exhibit A17 to the Lavender Declaration is a letter from Cook to the FDA attaching a revised 510(k) summary for the Gunther Tulip filter as well as a draft IFU, in response to a request from the FDA. The letter's attachments contain Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

25. Exhibit A18 to the Lavender Declaration is an FDA clearance letter with respect to Cook's 510(k) submission for the Gunther Tulip (K032426). Like the 510(k) Notification to which it refers, the letter references internal Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

26. Exhibit A19 to the Lavender Declaration is a Cook notice of modification to the FDA concerning the Gunther Tulip filter (K072240). The letter's attachments contain extensive Cook technical and study data related to the development and testing of the Gunther Tulip filter

and explaining the modification in question. This information reflects Cook's confidential design and development process. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

27. Exhibit A20 to the Lavender Declaration is an FDA response to Exhibit A19 stating that the Notification in Exhibit A19 contained certain deficiencies in the submitted data and recommending certain changes to the proposed IFU. Like the Notification to which it responds, the letter references internal Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

28. Exhibits A21.1 and A21.2 to the Lavender Declaration are subdivided portions of Cook's response to the FDA letter in Exhibit A20. The Cook letter attaches more than 100 pages of internal study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

29. Exhibit A22 to the Lavender Declaration is an FDA clearance letter for the notice submitted by Cook with respect to the Gunther Tulip filter (K032426). Like the 510(k) Notification to which it refers, the letter references internal Cook technical and study data related to the development and testing of the Gunther Tulip filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

30. Exhibit A23 to the Lavender Declaration is a 510(k) Premarket Notification submission to the FDA for the Cook 2nd Generation Vena Cava filter (K042607). The letter's attachments contain extensive Cook technical and study data related to the development and testing of the filter and explaining the modification in question. This information reflects Cook's

confidential design and development process. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

31.     Exhibit A24 to the Lavender Declaration is a Cook record of telephone contact for a discussion related to the contents of Cook's 510(k) submission (K042607). The document involves Cook's development and approval process for the Cook filter and thus reflects internal Cook information that is not publicly available.

32.     Exhibit A25 to the Lavender Declaration is an email from Cook representative Jennifer Bosley to the FDA responding to the FDA's request for additional study data concerning Cook's 510(k) submission (K042067). The document refers to Cook internal study data and involves Cook's development and approval process for the Cook filter; it thus reflects internal Cook information that is not publicly available.

33.     Exhibit A26 to the Lavender Declaration is a Cook record of telephone contact related to the FDA's request for additional study data in support of Cook's 510(k) submission (K042067). The document refers to Cook internal study data and involves Cook's development and approval process for the Cook filter; it thus reflects internal Cook information that is not publicly available.

34.     Exhibit A27 to the Lavender Declaration is a letter from the FDA to Cook concerning Cook's 510(k) submission (K042067) stating that further data is needed. The letter makes specific references to internal Cook data submitted to the FDA as part of the approval process and identifies areas where more data is required. The internal Cook data to which the letter refers is integral to Cook's confidential processes in developing and testing its IVC filters; apart from its required disclosure to the FDA, such data is not publicly available.

35. Exhibit A28 to the Lavender Declaration is Cook's response to the FDA's letter in Exhibit A27. The letter discusses internal Cook data related to the development and testing of Cook filters in detail. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

36. Exhibit A29 to the Lavender Declaration is a Cook record of telephone contact related to the FDA's request for additional study data in support of Cook's 510(k) submission (K042067). The document refers to Cook internal study data and involves Cook's development and approval process for its IVC filters; it thus reflects internal Cook information that is not publicly available.

37. Exhibit A30 to the Lavender Declaration is a Cook record of telephone contact with an FDA representative related to Cook's 510(k) submission (K042067). The document is an internal company record that involves Cook's development and approval process for its IVC filters; it thus reflects internal Cook information that is not publicly available.

38. Exhibit A31 to the Lavender Declaration is a "Not Substantially Equivalent" (NSE) letter from the FDA to Cook concerning Cook's 510(k) submission (K042067). The letter makes specific references to internal Cook data submitted to the FDA as part of the approval process and identifies areas where more data is required. The internal Cook data to which the letter refers is integral to Cook's confidential processes in developing and testing its IVC filters; apart from its required disclosure to the FDA, such data is not publicly available.

39. Exhibit A32 to the Lavender Declaration is an email from the FDA to Cook representatives concerning teleconference discussions that occurred in response to the FDA's letter in Exhibit A31. The email makes specific reference to a number of aspects of the study data Cook submitted in support of its 510(k) notification, and discusses strategic considerations

concerning those data and how deficiencies in them can be addressed. It thus reflects internal Cook deliberations related to the approval process as well as internal Cook study data. This information is not publicly available.

40. Exhibit A33 to the Lavender Declaration is an internal Cook email attaching the minutes of a meeting between Cook and FDA representatives concerning the approval process for the Celect filter. The email reflects Cook's confidential deliberations related to the development and approval process for the Celect filter. This information is not publicly available.

41. Exhibits A34.1, A34.2 and A34.3 to the Lavender Declaration are subdivided portions of a Cook PowerPoint presentation on the Celect filter. The presentation contains data, graphics, and photographs drawn from internal Cook data, and the language of the presentation itself reflects Cook's strategic process in the development and marketing of the Celect filter. This information is not publicly available.

42. Exhibit A35 to the Lavender Declaration is a 510(k) Premarket Notification submission to the FDA for the Cook Celect filter (K061815). The letter's attachments contain extensive Cook technical and study data related to the development and testing of the Celect filter. This information reflects Cook's confidential design and development process. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

43. Exhibit A36 to the Lavender Declaration is an FDA request for further information to Cook concerning Cook's 510(k) submission (K061815). The letter makes specific references to internal Cook data submitted to the FDA as part of the approval process and identifies areas where more data is required. The internal Cook data to which the letter refers is

integral to Cook's confidential processes in developing and testing the Celect filter; apart from its required disclosure to the FDA, such data is not publicly available.

44. Exhibit A37 to the Lavender Declaration is a Cook record of telephone contact related to the FDA's request for additional study data in support of Cook's 510(k) submission (K061815). The document refers to Cook internal study data and involves Cook's development and approval process for the Celect filter; it thus reflects internal Cook information that is not publicly available.

45. Exhibit A38 to the Lavender Declaration is an email from Cook representative Theodore Heise responding to the FDA letter in Exhibit A37. Like the FDA letter, the email refers to Cook internal study data and involves Cook's development and approval process for the Celect filter; it thus reflects internal Cook information that is not publicly available.

46. Exhibit A39 to the Lavender Declaration consists of minutes from a meeting between Cook and the FDA concerning Cook's 510(k) submission for the Celect filter (K061815). The minutes refer to Cook internal study data and gaps that need to be filled in those data to gain FDA approval. It thus reflects not only Cook proprietary study data, but Cook's deliberative process in designing the Celect filter and seeking FDA approval. This information is not publicly available.

47. Exhibits A40.1, A40.2, and A40.3 to the Lavender Declaration are subdivided portions of Cook's response to the FDA's request for additional information with respect to Cook's 510(k) submission for the Celect filter (K061815). The letter summarizes the contents of 6 DVDs of Cook internal study data responsive to the FDA request, and it attaches nearly 300 pages of such data in printed form. This internal data relates to Cook's development and

approval process for the Celect filter; it thus reflects Cook information that is not publicly available.

48. Exhibit A41 to the Lavender Declaration consists of an email exchange between Cook representatives and the FDA related to the additional information Cook submitted in support of its 510(k) filing for the Celect filter (K061815) in Exhibits A40.1, A40.2, and A40.3. The email identifies further areas in which additional information is needed. The email makes specific references to internal Cook data submitted to the FDA as part of the approval process and which is integral to Cook's confidential processes in developing and testing the Celect filter; apart from its required disclosure to the FDA, such data is not publicly available.

49. Exhibit A42 to the Lavender Declaration consists of an email exchange between Cook representatives and the FDA related to the additional information Cook submitted in support of its 510(k) filing for the Celect filter (K061815) in Exhibits A40.1, A40.2, and A40.3. The email identifies further areas in which additional information is needed. The email makes specific references to internal Cook data submitted to the FDA as part of the approval process and which is integral to Cook's confidential processes in developing and testing the Celect filter; apart from its required disclosure to the FDA, such data is not publicly available.

50. Exhibit A43 to the Lavender Declaration is a Cook record of telephone contact related to the FDA's request for additional study data in support of Cook's 510(k) submission (K061815). The document refers to Cook internal study data and involves Cook's development and approval process for the Celect filter; it thus reflects internal Cook information that is not publicly available.

51. Exhibit A44 to the Lavender Declaration is an email exchange between Cook representatives and the FDA related to Cook's plan to respond further to the FDA's request for

more information as to Cook's 510(k) submission for the Celect filter (K061815). The email exchange refers to internal Cook data submitted to the FDA as part of the approval process and which is integral to Cook's confidential processes in developing and testing the Celect filter; apart from its required disclosure to the FDA, such data is not publicly available.

52. Exhibit A45 to the Lavender Declaration is Cook's response to the FDA's further request for additional information with respect to Cook's 510(k) submission for the Celect filter (K061815). The letter's attachments include discussions of Cook testing data (pp. 16–19) and draft IFUs for the Celect filter (pp. 20–41). These internal data relate to Cook's development and approval process for the Celect filter; the information thus reflects Cook information that is not publicly available.

53. Exhibit A46 to the Lavender Declaration is an email from the FDA to Cook requesting further information related to Cook's 510(k) submission for the Celect filter (K061815). Specifically, the email requests further information on certain patient data compiled by Cook. Such data are integral to Cook's development and testing process, and are not publicly available.

54. Exhibit A47 to the Lavender Declaration is Cook's response to the FDA email in Exhibit A46. The email attaches an internal Cook discussion of patient data. Such data are integral to Cook's development and testing process, and are not publicly available.

55. Exhibit A48 to the Lavender Declaration is an email from Cook representative Bill Voorhees to the FDA concerning physical testing data comparing the Gunther Tulip and Celect filters that was included in Cook's 510(k) submission for the Celect filter (K061815). The document refers to Cook internal study data and involves Cook's development and approval

process for the Celect filter; it thus reflects internal Cook information that is not publicly available.

56. Exhibit A49 to the Lavender Declaration is an email from the FDA to Cook concerning the proper standards for labeling in the IFU included as part of Cook's 510(k) submission for the Celect filter (K061815). The email refers to Cook's draft IFU and involves Cook's development and approval process for the Celect filter; it thus reflects internal Cook information that is not publicly available.

57. Exhibit A50 to the Lavender Declaration is Cook's response to the email in Exhibit A49. The email refers to Cook's draft IFU and involves Cook's development and approval process for the Celect filter; it thus reflects internal Cook information that is not publicly available.

58. Exhibit A51 to the Lavender Declaration is the FDA's reply to the email in Exhibit A50. The email refers to Cook's draft IFU and involves Cook's development and approval process for the Celect filter; it thus reflects internal Cook information that is not publicly available.

59. Exhibit A52 to the Lavender Declaration is an FDA clearance letter for Cook's 510(k) submission for the Celect filter (K061815). Like the 510(k) Notification to which it refers, the letter references internal Cook technical and study data related to the development and testing of the Celect filter. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

60. Exhibit A53 to the Lavender Declaration is a 510(k) Premarket Notification for Cook's Celect and Gunther Tulip filter retrieval set (K073374). The Notification consists almost entirely of internal Cook technical and study data related to the development and testing of the

filters and retrieval set. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

62. Exhibit A54 to the Lavender Declaration is Cook's response to an FDA request for additional information concerning its 510(k) submission for the Celect and Gunther Tulip filter retrieval set (K073374). The letter contains forth internal Cook study on the filters and draft IFUs for the retrieval set. This information is confidential to Cook; although it was submitted to the FDA as part of the approval process, it is not publicly available.

62. Exhibit A55 to the Lavender Declaration is an FDA clearance letter for Cook's 510(k) submission for the Celect and Gunther Tulip filter retrieval set (K073374). Like the 510(k) Notification to which it refers, the letter references internal Cook technical and study data related to the development and testing of the Celect and Gunther Tulip filter retrieval set. Although this information was submitted to the FDA as part of the approval process, it is not publicly available.

**DISCUSSION**

63. The Memorandum, the Lavender Declaration, and Exhibits A and A1 through A55 to the Lavender Declaration all contain or refer to internal Cook information relating to Cook's strategic decision-making in the process of seeking FDA approval for its IVC filters, or to the development, use, performance, and/or sales of Cook's IVC filters. These documents fit the definition of protected confidential information because they rely on information that is not publicly available and the disclosure of which would pose a serious risk of economic harm to Cook. *See Chaib,* 2014 WL 4794194, at *1–3. As the Cook more fully demonstrated in its May 1, 2017 letter to Magistrate Judge Tim A. Baker and the supporting Declaration of Mark Breedlove (attached hereto as **Exhibit A**), Cook invests substantial resources into research and

development, including with regard to Cook's IVC filter technology. Breedlove Decl. ¶ 6. Cook maintains strict confidentiality over its research and development ideas, efforts, and results, and considers such information to be proprietary to the company. *Id*. And disclosure of such information would therefore result in competitive harm to Cook and could "lead to a windfall to the discovering party." *Star Scientific*, 204 F.R.D. at 416; Breedlove Decl. ¶¶ 6–7. Disclosure of non-public sales data would likewise cause competitive harm to Cook. *See EEOC v. Abbott Labs., Inc.*, 2012 WL 3842460, at *2–3 (E.D. Wis. Sept. 5, 2012). The Court should permit these documents to be filed under seal.

64. A proposed order granting this Motion has been filed with this Motion.

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintain under seal the Cook Defendants' Memorandum in Support of Motion for Summary Judgment Based on Federal Preemption, the Lavender Declaration, and Exhibits A and A1 through A55 to the Lavender Declaration.

Dated: July 18, 2018                                Respectfully submitted,

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (# 11856-49)
Nicholas B. Alford (# 31867-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-Mail: andrea.pierson@faegrebd.com
E-Mail: joe.tanner@faegrebd.com
E-Mail: nicholas.alford@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*
