IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC.,
IVC FILTERS MARKING,                                    1:14-ml-02570-RLY-TAB
SALES PRACTICED AND
PRODUCTS LIABILITY LITIGATION MDL          MDL No: 2570

_____

This Document Relates to Plaintiff(s):

DUSTIN DECANN

Civil Case # 1:18−cv−00229−RLY−TAB

_____

**MOTION FOR EXTENSION OF TIME TO FILE**
**F.R.C.P. RULE 25(a)(1) MOTION TO SUBSTITUTE PARTY PLAINTIFF**

COMES NOW, Plaintiff, DUSTIN DECANN, by and through his undersigned counsel, pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, and hereby files his MOTION FOR EXTENSION OF TIME TO FILE F.R.C.P. RULE 25(a)(1) MOTION TO SUBSTITUTE PARTY PLAINTIFF, and in support thereof states the following:

Plaintiff's counsel filed a Notice of Suggestion of Death on March 5, 2018. Dkt. 10. ("Notice of Suggestion of Death"). Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the Motion to Substitute Party should have been filed within ninety (90) days of the filing of the suggestion of death. Due to an administrative/calendaring error, the Motion to Substitute Party was not filed until June 26, 2018, twenty-three (23) days late. The undersigned moves this Honorable Court to grant an extension to file the Motion to Substitute Party.

Rule 25(a)(1) of the Federal Rules of Civil Procedure, states: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made

by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed.R.Civ.P 25(a)(1). Courts have applied Federal Rule 6(b)(1)(B) to the rigid time requirements of Rule 25(a)(1) when equity so demands and prejudice does not result.

According to Federal Rule 6(b)(1)(B), if a party has failed to act within a specified time, the court may extend the time specified, where good cause is shown and the party failed to act because of excusable neglect. In determining what is considered excusable neglect, Plaintiff's counsel requests this Court to apply the four-factor equitable test identified by the Supreme Court, which examines: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853 (9th Cir.2004) (en banc).

In this case, there is no danger of prejudice to defendants. Defendants are aware of Mr. DeCann's death and have been supplied with his Death Certificate and the Letter of Administration naming Amber Taylor as personal representative of the estate. These documents were submitted to Defendants on June 1, 2018. Additionally, Plaintiff's counsel's delay of three weeks does not negatively impact the proceedings, as the proceedings are still in the early stages. The delay was caused by a calendaring error. Calendaring errors have been accepted as acts of excusable neglect previously. See, *e.g.*, *Pincay*, 389 F.3d at 860. Plaintiff's counsel has acted in good faith to remedy its error by requesting an extension from this Court and Plaintiff's counsel has not been previously negligent in this case. See, *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 593-94 (7th Cir. 2012)(the court included whether the movant was previously dilatory in determining excusable neglect).

WHEREFORE, Plaintiff, DUSTIN DECANN, respectfully requests this Court GRANT his Motion For Extension of Time to File F.R.C.P. Rule 25(a)(1) Motion to Substitute Party Plaintiff, providing an extension of time up to and including  July 27, 2018 , and any other relief this Court deems just and reasonable.

Respectfully Submitted,

*/s/ Robert J. Fenstersheib*

_____
Robert J. Fenstersheib
Florida Bar #307300
The Law Offices of Robert J. Fenstersheib
& Associates, P.A.
520 Hallandale Beach Blvd.
Hallandale, FL 33009
P: (954) 456-2488
F: (954) 212-2757
Email: rjf@fenstersheib.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2018 , I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Robert J. Fenstersheib
_____
Robert J. Fenstersheib
Florida Bar #307300
The Law Offices of Robert J. Fenstersheib
& Associates, P.A.
520 Hallandale Beach Blvd.
Hallandale, FL 33009
P: (954) 456-2488
F: (954) 212-2757
Email: rjf@fenstersheib.com