## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                      MDL No. 2570

---

This Document Relates to:

    *Brand v. Cook Medical, Inc. et al.,*
    Case No. 1:14-cv-06018-RLY-TAB

---

## THE COOK DEFENDANTS' BRIEF
## IN SUPPORT OF PLAINTIFF'S MOTION TO
## MAINTAIN DOCUMENTS UNDER SEAL [DKT. NO. 8555]

### I.    INTRODUCTION

Plaintiff has filed Plaintiff's Brief in Support of Motion to Exclude Impermissible Expert

Testimony of Mark Rheudasil, M.D. [Dkt. No. 8553] ("Plaintiff's Brief in Support").  Plaintiff has

submitted as a supporting exhibit a document designated as "Confidential – Subject to Protective

Order" by the Cook Defendants[1], pursuant to Case Management Order #8 (Stipulated Protective

Order on Confidential Information).    In accordance with Local Rules 5-11(d)(1) and 5-

11(d)(2)(A)(ii), Plaintiff filed this confidential document (Plaintiff's Exhibit B) ***under seal.***

Further, Plaintiff has filed Plaintiff's Motion to Maintain Documents Under Seal [Dkt. No. 8555].

As parties designating the documents as confidential, the Cook Defendants submit this

Brief in Support of Plaintiff's Motion to Maintain Documents Under Seal and respectfully request

that the Clerk of this Court maintain these confidential documents ***under seal***.

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

US.119110653.02

The Clerk should maintain Plaintiff's Exhibit B to Plaintiff's Brief in Support [Dkt. No. 8553] under seal because there is good cause for sealing such document.  The document references and discusses confidential and sensitive information regarding patient medical history, conditions, and treatment.  There is good cause to maintain the document ***under seal*** in order to protect patient medical privacy.

## II.    THE APPLICABLE LEGAL STANDARD

1.    Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed).  Likewise, private health information should be maintained under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at \*3 (E.D. Wis. July 10, 2017).

2.    **Medical Privacy** – With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at \*1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at \*1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at \*3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen*

- 2 -

*Pharmaceuticals, Inc.*, 2017 WL 2929523, at \*3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at \*3.

3. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## III. THE CONFIDENTIAL DOCUMENT AT ISSUE THAT SHOULD BE MAINTAINED UNDER SEAL

**Exhibit B [Dkt. Nos. 8554-1, 2, 3, 4, 5, 6, 7]** is the Deposition of Mark Rheudasil, M.D. taken on February 28, 2018. Dr. Rheudasil is the vascular surgeon who prescribed and implanted the Celect IVC filter in Plaintiff Tonya Brand and later retrieved it. In his deposition, Dr. Rheudasil discusses Mrs. Brand's medical history, conditions, and treatment. Such information should be maintained under seal to protect Mrs. Brand's medical privacy.

US.119110653.02

**IV.     THERE IS GOOD CAUSE TO MAINTAIN THE DOCUMENT UNDER SEAL**

Good cause exists to maintain under seal **Exhibit B [Dkt. Nos. 8554-1, 2, 3, 4, 5, 6, 7].**
This document discusses in detail the medical history, conditions, and treatment of Mrs. Brand.

As set forth above, courts in the Seventh Circuit have routinely recognized that, while
parties' medical information may be made public where it is relevant to the claims at issue and/or
necessary to the disposition of the case, other information may be kept under seal with good cause.
*See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee
Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at
*3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's
acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977),
against the Court's (and parties') interest in the accurate resolution of the conflict and the public
interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D.
Wis. July 10, 2017).  Private health information should be maintained under seal at least until
consent by the patient is obtained. *See generally id.* at *3.

The Court should permit **Exhibit B [Dkt. Nos. 8554-1, 2, 3, 4, 5, 6, 7]** to be maintained
under seal in order to the protect Mrs. Brand's medical privacy.

**V.  CONCLUSION**

For all the foregoing reasons, the Cook Defendants respectfully request that the Court issue
an Order directing the Clerk to maintain **Exhibit B [Dkt. Nos. 8554-1, 2, 3, 4, 5, 6, 7]** to Plaintiff's
Brief in Support **under seal**.  This document discusses in detail the medical history, conditions,
and treatment of Plaintiff Tonya Brand.  It should be maintained under seal for good cause to
protect Mrs. Brand's medical privacy.

- 4 -

In accordance with Local Rule 5-11(e)(4), the Cook Defendants have submitted a proposed

order maintaining the document under seal.

Respectfully submitted,

Dated:  July 30, 2018                         /s/ Andrea Roberts Pierson
                                              Andrea Roberts Pierson (# 18435-49)
                                              J. Joseph Tanner (# 11856-49)
                                              Nicholas B. Alford (# 31867-49)
                                              FAEGRE BAKER DANIELS LLP
                                              300 North Meridian Street, Suite 2700
                                              Indianapolis, Indiana  46204
                                              Telephone:  (317) 237-0300
                                              Facsimile:  (317) 237-1000
                                              E-Mail:  andrea.pierson@faegrebd.com
                                              E-Mail:  joe.tanner@faegrebd.com
                                              E-Mail:  nicholas.alford@faegrebd.com

                                              *Counsel for the defendants, Cook Incorporated,
                                              Cook Medical LLC (f/k/a Cook Medical
                                              Incorporated), and William Cook Europe ApS*

- 5 -

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.119110653.02