UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC ) <br> FILTERS MARKETING, SALES ) <br> PRACTICES AND PRODUCT ) <br> LIABILITY LITIGATION ) <br> _____ ) <br> ) <br> This Document Relates to: ) <br> *Brown, Makeba* 1:17-cv-04263 ) <br> _____ ) | 1:14-ml-02570-RLY-TAB <br> MDL No. 2570 |

**PLAINTIFF'S MOTION FOR INDIVIDUAL**
**RELIEF FROM THE JULY 6, 2018 ORDER OF DISMISSAL**

PLAINTIFF hereby requests an Order granting her individual relief from the Court's final Order Dismissing 113 "No Injury" Cases (Doc. 8506), on the grounds set forth herein.

1. Following entry of the dismissal, the undersigned received a call from his client, Plaintiff Makeba Brown, stating her belief that she does not belong on the list of "no injury" cases, as further described below.

2. As set forth in Plaintiff's complaint and the Plaintiff's Profile Sheet required by this Court, she was implanted with a Gunther Tulip filter on October 26, 2006. Ms. Brown was advised by her doctors that the filter could not be removed, but lacked medical documentation substantiating that claim.

3. Given this lack of objective medical documentation, and the fact that Ms. Brown had suffered no other known "injury" from the filter, her case was included among the 113 "no injury" cases dismissed on July 5, 2018. (Doc. 8506, Ex. A at 5.)

1

4.	Ms. Brown alerted the undersigned on July 30, 2018, that upon her understanding and belief based upon conversations with her treating physician, she is on lifetime anticoagulants, incurring out-of-pocket expenses of approximately $250/month, and that but for the presence of the filter in her body, the anticoagulants would not be required. Ms. Brown has an appointment on August 24, 2018, to address this issue and learn whether her physician will supply a letter or other medical documentation to support this claim.

5.	Plaintiff avers that the need for lifetime anticoagulants, if solely or concurrently caused by the presence of the filter, would constitute an "injury" causing economic loss to Ms. Brown.

6.	Plaintiff and Plaintiff's counsel are in an awkward procedural posture. Ideally, Ms. Brown could address this matter with her physician on August 24 and, if the physician is not able or willing to opine that her need for lifetime anticoagulants is due to the filter, this motion for relief would not be brought. However, Ms. Brown's appointment is beyond the time period permitted to appeal the order of dismissal, and the right to appeal is conditioned upon this motion being filed within the appeal period for the original dismissal order.

7.	Specifically, Fed. R. App. P. 4(a)(1)(A) provides 30 days in which to appeal the Court's original dismissal of July 5, 2018. Under Fed. R. App. P. 4(a)(4)(A)(vi), the time to appeal the dismissal would run from the date this motion is denied were it to be denied, so long as it was filed within 28 days of the dismissal. Thus, it is true Ms. Brown presently lacks objective evidence to support the grant of relief ultimately sought by this motion; but given her good-faith belief that such evidence is forthcoming, counsel is compelled to file this motion within 28 days of the dismissal. Otherwise, were Ms. Brown to obtain medical

2

verification, and were the Court eventually to deny the relief she seeks, she would be left without an appellate remedy.

8. Under these circumstances, Plaintiff respectfully requests the Court to allow her 60 days to obtain objective medical verification that she is on indefinite or lifetime anticoagulants resulting in economic loss to her and that the presence of the filter is the legal cause of her need for anticoagulants.[1]

9. Before expiration of the 60-day grace period, the undersigned either would amend and supplement this motion with objective verification to support relief or, if no verification can be obtained, the undersigned would withdraw this motion voluntarily.

10. The undersigned conferred with counsel for the defense who was unable to consent to this motion.

11. Plaintiff has submitted a proposed Order granting the relief sought herein.

WHEREFORE, Plaintiff seeks an Order that (1) reserves ruling on the merits of this motion, and (2) grants Plaintiff 60 days from entry of the Order to withdraw the motion or amend and supplement the motion.

Respectfully submitted this  2nd  day of August, 2018.

---

[1] Although Ms. Brown's appointment is only weeks away, counsel seeks a 60-day period for two reasons. First, it is possible Ms. Brown's treating physician would decline to write her a letter but would support her claim for relief by an entry into the medical records, requiring counsel to obtain the records before pursuing the matter further (or withdrawing this motion should the records not support her claim). Second, the undersigned begins a trial in Escambia County, Florida, on September 4, and would be in trial upon the expiration of any shorter reasonable deadline. (*Danielson v. Philip Morris USA, Inc.*, Escambia Cir. Case No. 2007-CA-2737).

*/s/ Matthew D. Schultz*
Matthew D. Schultz (FBN 640328)
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Tel: (850) 435-7140
mschultz@levinlaw.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

<i>/s/ Matthew D. Schultz</i><br>
Matthew D. Schultz (FBN 640328)<br>
Levin, Papantonio, Thomas, Mitchell,<br>
Rafferty & Proctor, P.A.<br>
316 S. Baylen St., Suite 600<br>
Pensacola, FL 32502<br>
Tel: (850) 435-7140<br>
mschultz@levinlaw.com<br>
Counsel for Plaintiff