**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.*,
Case No. 1:14-cv-6018-RLY-TAB

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE OR LIMIT ARGUMENT AND EVIDENCE REGARDING THE SURGEON GENERAL'S CALL TO ACTION**

COMES NOW Tonya Brand, Plaintiff in the above-styled action, by and through undersigned counsel, and hereby respectfully requests that the Court Exclude or Limit Argument and Evidence Regarding the Surgeon General's Call to Action, and states as follows:

1. Plaintiff believes that Cook will seek to distract from Mrs. Brand's severe past and future medical injuries, the extreme malfunction of the Cook Celect IVC filter that caused those injuries, and Cook's culpability for selling this device, by changing the subject. Specifically, Plaintiff fears that in extensive argument and witness questioning Cook will belabor something that is inconsequential to the case at hand, specifically, what the United States Surgeon General said in 2008 when issuing a "call to action."

2. What the Surgeon General said a decade ago is inadmissible because it is not relevant. There is no fact of consequence in this action that these statements will prove or disprove. Moreover, any alleged relevance is substantially outweighed by the unfair prejudice to Mrs. Brand. The jury will be confused and misled into believing that the United States Surgeon General somehow compelled an action of relevance here, when this is not true. Moreover,

1

decade's old statements unrelated to Mrs. Brand's tort action will cause undue delay and waste time. The document, and Cook's arguments related to it, also constitute hearsay.

3. The Federal Rules of Evidence, and controlling authority interpreting the evidentiary standards for admission of evidence and permissible argument, compel the conclusion that "call to action" arguments are inadmissible. *See* FED. R. EVID. 401, 402, 403, 801, 802; *see also* authorities cited in Plaintiff's Memorandum.

WHEREFORE, Plaintiff seeks an order, for the reasons set forth in the accompanying memorandum of law and the exhibit filed in support thereof, excluding any statement, argument, evidence, questioning and inference that the United States Surgeon General issued a "call to action" in 2008 regarding pulmonary embolism, and for such further relief to which she may be justly entitled.

Dated: August 6, 2018.                              Respectfully Submitted,

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlins Street, Suite #1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
Email: bmartin@bencmartin.com
*Plaintiffs' Co-Lead Counsel*


*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs Steering Committee
and on behalf of Plaintiffs Steering Committee*

*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com
*Plaintiffs' Co-Lead Counsel*

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*
Ben C. Martin