**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.*,
Case No. 1:14-cv-6018-RLY-TAB

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO**
**EXCLUDE OR LIMIT ARGUMENT AND EVIDENCE REGARDING THE**
**SURGEON GENERAL'S CALL TO ACTION**

Plaintiff Tonya Brand ("Mrs. Brand") files this memorandum of law in support of
Plaintiff's Motion in Limine to Exclude or Limit Argument and Evidence Regarding the Surgeon
General's Call to Action, and would respectfully show the Court that the motion should be granted
for the reasons set forth below.

**I.     INTRODUCTION AND RELIEF SOUGHT**

Defendant Cook should not be allowed to distract from the facts relevant to Mrs. Brand's
severe injuries, and the Celect filter's malfunction causing those injuries, by belaboring a statement
made by the United States Surgeon General in 2008. The Surgeon General's decades-old opinion
has no tendency to show any consequential fact in this action. The issues here are Tonya Brand's
injuries caused by Cook's Celect filter, and Cook's liability for the filter it sold. Any probative
value of the Surgeon General's call to action – and there is none – will be outweighed by the
substantial chance that the jury will be confused and misled into believing that the federal
government in some way sides with Cook. Allowing irrelevant arguments, which have no bearing

1

on the state of the Cook Celect filter, will also waste time. Accordingly, Cook should be prohibited from discussing or attempting to introduce any evidence regarding the United States Surgeon General's call to action.

## II.   LEGAL STANDARDS

"Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Fitzpatrick v. City of Fort Wayne*, 259 F.R.D. 357, 361 (N.D. Ind. 2009) (quot. mark & cit. om.); *see also Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (district court's authority to rule on motions *in limine* is derived from its inherent authority to control the course of trials). Motions *in limine* fall within the ambit of trial court discretion. *See Empire Bucket, Inc. v. Contractors Cargo Co*., 739 F.3d 1068, 1071 (7th Cir. 2014) ("we review the district court's ruling under an abuse of discretion standard").

"Irrelevant evidence is not admissible." FED. R. EVID. 402. To be relevant, the evidence must (a) have any tendency to make a fact more or less probable than it would be without the evidence, *and* (b) that fact must be of consequence in determining the action. FED. R. EVID. 401. Independently, even evidence that has a tendency to make a consequential fact more probable may be inadmissible. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Independently, out-of-court statements offered to prove the truth of the matter asserted constitute hearsay and as such are inadmissible. FED. R. EVID. 801, 802, 803.

## III.   ARGUMENT AND AUTHORITIES

What the Surgeon General said a decade ago is inadmissible because it is not relevant. There is no fact of consequence in this action that these "call to action" statements will prove or

disprove. Moreover, any alleged relevance is substantially outweighed by the unfair prejudice to Mrs. Brand. The jury will be confused and misled into believing that the United States Surgeon General somehow compelled or condoned actions of consequence here, but this is not true. Debating decade's old statements unrelated to Mrs. Brand's tort action will cause undue delay. Independently, the document is hearsay; it is an out-of-court statement that is the culmination of other out-of-court statements at a 2006 workshop,[1] and Cook will use it as proof of the verity of the matter asserted. Thus, for three independent reasons (irrelevant, unduly prejudicial, and hearsay), all statements, argument, evidence, inference, and questioning regarding the Surgeon General's call to action should be excluded.

**A. Cook Will Use the Surgeon General's Call to Action to Mislead the Jury into Believing that the United States Government Approved of Cook's Conduct and Believes the Filter Works.**

In the last trial, Cook belabored the 2008 Surgeon General's call to action report at length, using the United States government's imprimatur to argue that the filters worked to prevent blood clots, as well as to legitimize Cook's conduct. Cook's opening statement stressed the call to action as follows:

> This knowledge, this need to prevent pulmonary embolism, it's something that physicians have talked about and our health institutes have talked about for many years. But the recognition that pulmonary embolism is such a prevalent and deadly condition came to the attention of the United States, the U.S. Surgeon General in 2008. And the U.S. Surgeon General issued this document, which was a call to action to prevent pulmonary embolism and deep vein thrombosis.
>
> The surgeon general called upon doctors across multiple disciplines, and he called upon different agencies of government to come together and to think of ways to prevent PE and to raise awareness about PE. He noted some of the statistics and numbers that I talked to you about earlier, that 350- to 600,000 of Americans each year suffer from DVT and PE, and that at least 100,000 American deaths may be directly or indirectly related to these diseases.

---

[1] "This Call to Action came out of a Surgeon General's Workshop on DVT/PE held in May 2006." Steven K. Galson, M.D., M.P.H., *Forward from the Acting Surgeon General, The Surgeon General's Call to Action to Prevent Deep Vein Thrombosis and Pulmonary Embolism*, available at https://www.ncbi.nlm.nih.gov/books/NBK44187/.

He noted that anticoagulants are a therapy, a good therapy for patients who are at risk of developing blood clots. But he also noted that another therapy option is the use of a permanent or retrievable, implantable filter in the vena cava. These filters act like miniature umbrellas with holes that can trap blood clots and thus prevent PE without stopping the flow of blood. That was in 2008.

So in 2008, the surgeon general and many other important institutes recognized the value of preventing PE and that this is a condition that we can prevent that affects hundreds of thousands of people each year. By 2008, Cook Medical and William Cook Europe, they were already focused on this fight. By that time, Cook Medical had been working on PE awareness and tools to fight PE for close to two decades.[2]

Thus, Cook's trial strategy as revealed in its opening statement was both to tell the jury that Cook acted at the direction of the Surgeon General *and* to tell the jury that the Surgeon General thinks that what Cook is selling is necessary and traps blood clots.

The strategy was further effectuated through the witness testimony Cook elicited and counsel's tactic of testifying in the guise of leading questions. Cook's counsel questioned witness Breedlove regarding the Surgeon General's call to action, announcing it as a fact,[3] asking him to review it,[4] and leading the witness.[5] Cook's witness suggested what the Surgeon General thought.[6] Cook's counsel made sure to mention "the United States Surgeon General issu[ing] his Call to action" after the Court sustained plaintiff's counsel's objection.[7] Cook's counsel continued to repeatedly discuss the "Surgeon General Call to Action" in additional questioning.[8] The Surgeon General's actions and purported thoughts were cited for a hundred thousand patient deaths from

---

[2] Ex. 1, excerpts from the Trial Transcript in *In re Cook Medical, Inc., IVC Filters Marketing, Sales and Practices and Product Liability Litig.,* MDL No. 2570, *Hill,* No. 1:14-cv-6016-RLY-TAB (S.D. Ind.) ("Hill TT"), at 229:4 – 230:8.

[3] *Id*. at Hill TT2360:12-14 (Breedlove Direct, "the Surgeon General came out with a call to action").

[4] The Surgeon General's call to action was admitted as DX 1453. *Id*. at Hill TT175:11-14.

[5] *Id*. at Hill TT2362:2-20.

[6] *See id*. at Hill TT2363:18 (discussing what "the Surgeon General deemed.").

[7] *Id*. at Hill TT 2362:25 – 2363:1.

[8] *Id*. at Hill TT2365:6 (question to Breedlove); *see also id*. at 2365:9 ("the Surgeon General issued his report in 2008").

4

pulmonary embolisms in a single year.[9] Using a question as an excuse to testify to the jury, Cook's counsel stated that, "[t]here's some statements in the Call to Action about things like PE killing more – more people than AIDS, breast cancer and motor vehicle accidents combined."[10] The Court sustained Plaintiff's objection that Cook's counsel was testifying and leading her own witness.[11]

Thus, it is clear that unless this *limine* motion is granted, Cook will hammer home the theme that the United States Surgeon General approved of Cook's behavior.

**B. Evidence and Argument Regarding the 2008 Call to Action Is Inadmissible Because It Is Irrelevant, and Any Alleged Probative Value Is Substantially Outweighed by the Danger of Unfair Prejudice, Confusing the Issues, Misleading the Jury, Undue Delay, Wasting Time, and Needless Cumulative Evidence.**

**1. The Surgeon General's 2008 call to action is not relevant.**

The Surgeon General's 2008 statements, which grew out of a 2006 workshop, are inconsequential to Mrs. Brand's injuries, the cause of those injuries, Cook's Celect filter, or Cook's culpability to Mrs. Brand. Therefore, this matter is inadmissible for lack of relevance.

Relevance requires an examination of the facts in consequence in the case. *See, e.g., Mitchell v. City of Chicago*, 862 F.3d 583, 587 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 683 (2018) (district court correctly found that evidence and argument related to lack of DNA evidence was irrelevant and properly excluded; the court examined the facts of consequence in the case and determined there was no "tendency to prove liability"). Plaintiff has this day filed a separate *limine* motion explaining that no competent data, as defined by Cook's own expert, demonstrates that the Celect filter specifically, or retrievable filters generally, save lives or capture clots. In the last trial, Cook used the call to action to bolster its arguments that the filters capture clots and save lives,

---

[9]  Ex. 1, Hill TT2363:21 – 2364:1.
[10]  *Id*. at Hill TT2365:13-15.
[11]  *Id*. at Hill TT2365:21; *see also id*. at Hill TT2362:2-20.

and to cloak Cook's conduct with federal government approval. The Surgeon General's call to action is inadmissible as irrelevant.

2. **The Surgeon General distraction is not relevant and will unfairly mislead and confuse the jury.**

A motion *in limine* should be granted where, as here, "a meritless argument would prove substantially more prejudicial than probative." *See United States v. Hook*, 195 F.3d 299, 309 (7th Cir. 1999) (district court did not abuse its discretion in granting a motion *in limine* prohibiting argument regarding ERISA plan where the argument was incorrect). The only purpose in inserting the Surgeon General into the case is to mislead the jury and conflate government-sanctioned conduct with Cook's conduct. If the Surgeon General's call to action is not excluded, the dangers enumerated in Rule 403 will come to pass, as demonstrated by Cook's harping on the Surgeon General's call to action in the last trial. Mrs. Brand will be unfairly prejudiced, the jury will be misled and confused, and the issue will cause needless delay.

Cook should not be allowed to confuse and mislead the jury. When it comes to the admission of governmental administrative findings, this Court "retains significant discretion as to whether such material ought to be admitted." *Young v. James Green Mgmt., Inc*., 327 F.3d 616, 624 (7th Cir. 2003) (citing *Halloway v. Milwaukee County*, 180 F.3d 820, 827 n. 9 (7th Cir. 1999); further cit. om.). A district court "must always determine whether the prejudicial effect of admitting such unreliable information may outweigh its probative value and thereby render it inadmissible under Fed. R. Evid. 403." *Young*, 327 F.3d at 624 (cit. om.) (finding district court did not abuse its discretion in refusing to admit EEOC determinations). It is unfair to allow one party to buttress factual contentions about safety by "using the imprimatur of the Surgeon General of the United States." *Philip Morris USA, Inc. v. Pollari*, 228 So. 3d 115, 130 (Fla. Ct. App. 2017).

The *Pollari* decision discussed Surgeon General reports about tobacco, found them inadmissible, and further concluded that error in admitting them was not harmless.

Raising the specter of the United States government, and suggesting to the jury that the government told Cook to make the filter, is unfairly prejudicial to Mrs. Brand because it will improperly tell the jury that federal government action "absolved the defendants from liability for negligence." *Gruca v. Alpha Therapeutic Corp.*, 51 F.3d 638, 645 (7th Cir. 1995). The Seventh Circuit reached this conclusion in *Gruca*, explaining that:

> Whether the FDA was negligent in its regulation of fractionators was not an issue before the jury. By directing the jury's attention to the FDA's regulatory role and away from the defendants' own conduct, Alpha suggested that the FDA's actions ***absolved the defendants from liability for negligence. Such an argument is impermissible***.

*Id.* (citing *Davis v. FMC Corp., Food Processing Mach. Div.*, 771 F.2d 224, 233 (7th Cir. 1985)) (emphasis added). The same conclusion is compelled here: the evidence is inadmissible.

### 3. In addition, this tangent will waste time, cause undue delay and is needlessly cumulative.

Cook should not be allowed to bog down the trial with something that the Surgeon General said in 2008.[12] And, at the last trial, Cook's fixation on the Surgeon General elicited needlessly cumulative testimony. Specifically, when asked how Cook reacted to the "call to action," witness Breedlove stated that, "this is information that I think we knew of already," and explains why Cook already knew.[13] Thus, Cook can tell its story without misleading the jury with repeated references to the "United States Surgeon General."

---

[12] *See, generally, Fitzpatrick, supra*, 259 F.R.D. at 363 ("the Court does not want to become bogged down with 'trial[s] within a trial' over disciplinary events in Daniel's past.") (quoting *White v. Gerardot*, No. 1:05–CV–382, 2008 WL 4723998, at *2 (N.D.Ind. Oct. 24, 2008) (citing *Soller v. Moore*, 84 F.3d 964, 968 (7th Cir. 1996)); *also* citing Fed. R. Evid. 403).
[13] Ex. 1, Hill TT2363:13-17.

**C. Independently, the Report Is Inadmissible Hearsay.**

Hearsay is inadmissible absent exceptions that do not apply here. FED. R. EVID. 802, 803.

"'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current

trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the

statement." FED. R. EVID. 801. As one appeals court has found, Surgeon General reports are

"hearsay because they consisted of multiple levels of out-of-court statements by several declarants

who did not testify at trial, and were offered to prove their truth." *Pollari*, 228 So. 3d at 120.

Cook clearly intends to use the call to action to belabor out of court declarations and assert

their truth to the jury. In the last trial, Cook used the call to action as an excuse to argue what

"physicians have talked about and our health institutes have talked about for many years," and

what "many other important institutes" allegedly said. *See* Ex. 1, Hill TT229:4 – 230:8 (quoted

above). However, third-party statements "do not become admissible for their truth by virtue of

their presence in a public record and instead must have an independent basis for admissibility."

*Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013) (collecting cases).

The call to action document does not qualify as a public record admissible in this case. The

public records exception is defined as follows:

> A record or statement of a public office if:
> (A) it sets out:
>> (i) the office's activities;
>> (ii) a matter observed while under a legal duty to report . . .; or
>> (iii) in a civil case … factual findings from a legally authorized
>> investigation; and
> (B) the opponent does not show that the source of information or other
> circumstances indicate a lack of trustworthiness.

FED. R. EVID. 803(8).

The Surgeon General report is not a public record under the office activities category

because it is not a record or report of the activities of the Surgeon General's Office. *See Pollari,*

228 So. 3d at 121. The second category is inapplicable because the report was not based on a public official's first-hand observation of an event. *See id.*[14] The third category does not apply to the report at issue in this case because it represents consensus opinions presented at a May 2006 workshop rather than factual findings in an investigation.[15]

Independently, even assuming for the sake of argument that the report constitutes office activities, matters observed, or fact findings in an investigation, it is *still* inadmissible under Subsection (B) of Rule 803(8) because it lacks trustworthiness for the purposes for which Cook will use it here. *See* FED. R. EVID. 803(8)(B) (public records exception does not apply if the opponent shows "that the source of information or other circumstances indicate a lack of trustworthiness"). Cook will use the call to action document to prove the truth of out-of-court statements asserted in it, and to do so in a way that would be unfairly prejudicial. As quoted above, Cook used the Surgeon General's statements in the last trial to argue that filters were needed to save a hundred thousand lives a year. Mrs. Brand has amassed evidence, in *Daubert* motions and other motions *in limine* filed in this case, that the Cook Celect filter and retrievable filters do not save lives or capture blood clots; therefore, the call to action is an untrustworthy source to prove otherwise.[16]

---

[14] The third prong did not apply in *Pollari*, because it was decided under Florida law, and Plaintiff does not cite the decision as to the third prong.

[15] *See, e.g., Jordan*, 712 F.3d at 1133 (reports "do not become admissible for their truth by virtue of their presence in a public record and instead must have an independent basis for admissibility") (police reports; collecting cases); *cf. also Young*, 327 F.3d at 624-25 (district court did not abuse its discretion in refusing admission of EEOC determinations where party "pointed to no evidentiary material available to the EEOC that was not otherwise available to the jury during trial").

[16] As demonstrated in another motion *in limine* filed this day, there is no evidence that Cook's Celect filter specifically, or retrievable filters generally, save lives or capture clots, and any attempt to prove efficacy will rely on patient populations with medical conditions distinguishable from Tonya Brand's.

IV.   **CONCLUSION**

Plaintiff asks that the Court grant this motion *in limine* and prohibit Cook from making and/or introducing any statement, argument, evidence, questioning or inference related to the United States Surgeon General's call to action. This subject is inadmissible for three independent reasons: a) it is not relevant (FED. R. EVID. 401-02); b) any probative value is substantially outweighed by unfair prejudice, confusion, misleading, and delay (FED. R. EVID. 403); *and* c) the document and Cook's associated arguments are hearsay (FED. R. EVID. 801-03). Plaintiff prays for such other and further relief to which she may be justly entitled.

Dated: August 6, 2018.                    Respectfully Submitted,

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlins Street, Suite #1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
Email: bmartin@bencmartin.com
*Plaintiffs' Co-Lead Counsel*

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs Steering Committee
and on behalf of Plaintiffs Steering Committee*

*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com
*Plaintiffs' Co-Lead Counsel*

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*
Ben C. Martin

11