**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

wysy

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions only:

    *Brand v. Cook Medical, Inc. et al.,*
    Case No. 1:14-cv-06018-RLY-TAB

**THE COOK DEFENDANTS' OMNIBUS MOTIONS IN LIMINE**
**(PREVIOUSLY-DECIDED AND RENEWED)**

    Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") submit their Omnibus Motions in Limine (Previously-Decided and Renewed).  Cook previously filed the motions below in the *Hill* matter and the number assigned to the motions in limine below correspond to their numbers in *Hill*.  To the extent Cook is not renewing a motion filed in *Hill* that motion is designated **[Omitted].**

    The Cook Defendants respectfully move this Court to issue Orders *in limine* excluding or limiting evidence at trial, and specifically ask that the Court grant Order barring:

    1.    Testimony or argument about or reference to other lawsuits and claims.

    2.    Testimony, evidence, or argument that Cook misrepresented information to or withheld information from the FDA or violated FDA reporting requirements related to adverse events.

    3.    Testimony or evidence concerning Section 522 Letters.

2

4. Testimony or evidence of Cook's complaint files.

5. Evidence or argument by Plaintiff that Cook should have used the FDA's Pre-Market Approval ("PMA") process to bring the Celect Filter to market instead of the 510(k) process.

6. Testimony or argument by Plaintiff, her attorneys, or her experts based on vague or hypothetical "safety rules" that do not reflect the legal standards applicable to Plaintiff's claims ("Reptile" tactics).

7. Testimony, evidence, or argument concerning any alleged promotion by Cook of off-label uses for Celect IVC filters or any off-label retrieval techniques for Celect IVC filters.

8. Testimony evidence, or argument that federal regulations require Cook to warn about off-label uses or retrieval techniques.

9. Testimony, evidence, and arguments that Cook had a post-sale duty to warn about certain risks that Cook learned about the placement of Plaintiff's filter.

10. Testimony, evidence, and arguments concerning certain regulatory communications outside of the United States, specifically (1) the November 2014 EI Field Safety Notice—Updated Product Information; (2) the July 2016 Canadian Dear Healthcare Professional Letter; (3) the January 2017 TGA statement "encouraging formal strategies for IVC filter retrieval; and (4) the March 2007 MHRA Device Alert.

11. **[Omitted]**

12. Testimony, evidence, or argument concerning new product designs after the development of the Celect and its IFU and evidence related to the VISTA Program.

13. Testimony or evidence of the scientific state of the art that post-dates November 27, 2008, the date that Plaintiff's IVC filter was manufactured.

14. **[Omitted].**

15. Questioning of witnesses about documents and subject matter of which they have no personal knowledge.

16. Expert opinions not disclosed in that expert's report, including medical literature not discussed or disclosed in the expert's report.

17. Expert testimony that simply recites or summarizes contents of Cook documents.

18. Testimony or evidence of medical op-ed articles.

19. Testimony, evidence, or argument concerning the size of any Cook Defendant or related company, or concerning the financial condition of any Cook Defendant, other Cook company, or Cook shareholder or family member.

20. Testimony or argument about Cook's alleged ethics or ethical duties.

21. **[Omitted]**.

22. **[Omitted]**.

23. Evidence of the Product Strategy Development Overview.

24. Evidence of or testimony concerning the February 9, 2006 Executive Summary.

25. Testimony or evidence regarding Cook's document-retention and litigation-hold practices.

26. **[Omitted].**

27. Any references to the breast implant litigation or any other mass tort.

28. **[Omitted].**

29. Evidence or argument regarding the Lyon Publication.

30. Evidence or argument regarding the Alexander e-mail.

The Cook Defendants have contemporaneously filed a memorandum explaining the bases for these motions.

3

WHEREFORE, the Cook Defendants respectfully request the Court to exclude at trial the testimony, evidence, and argument described above, and for all other just and proper relief.

Respectfully submitted,

Dated: August 6, 2018

/s/ *Andrea Pierson*
Andrea Roberts Pierson (# 18435-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ *Andrea Pierson*

US.119138292.02