# EXHIBIT A

```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF INDIANA
                   INDIANAPOLIS DIVISION


IN RE: COOK MEDICAL, INC.,      )
IVC FILTERS MARKETING, SALES    ) Cause No.
PRACTICES AND LIABILITY,        ) 1:14-ML-2570- RLY-TAB
LITIGATION                      ) Evansville, Indiana
                                ) October 23, 2017
                                ) 9:23 a.m.
                                )
```

**Before the Honorable
RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
JURY TRIAL- VOLUME 1

**For Plaintiffs:**                David P. Matthews, Esq.
                                   MATTHEWS & ASSOCIATES
                                   2905 Sackett Street
                                   Houston, TX  77098


                                   Matthew D. Schultz, Esq.
                                   LEVIN PAPANTONIO THOMAS MITCHELL
                                   RAFFERTY & PROCTOR PA
                                   316 S. Baylen Street, Suite 600
                                   Pensacola, FL  32502


                                   Joseph N. Williams, Esq.
                                   RILEY WILLIAMS & PIATT, LLC
                                   301 Massachusetts Avenue
                                   Indianapolis, IN  46204

```
For Defendants:           Andrea Roberts Pierson, Esq.
                          Jessica Benson Cox, Esq.
                          FAEGRE BAKER DANIELS LLP
                          300 N. Meridian St., Suite 2700
                          Indianapolis, IN  46204


                          Charles F. Webber, Esq.
                          Bruce G. Jones, Esq.
                          FAEGRE BAKER DANIELS LLP
                          90 S. 7th Street
                          Minneapolis, MN  55402




Court Reporter:           Margaret A. Techert
                          United States District Court
                          101 NW Martin Luther King Blvd.
                          Evansville, Indiana  47708



         PROCEEDINGS TAKEN BY MACHINE SHORTHAND
    TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION
```

1  on some of these, and I'll try to get them to you as quick as
2  I can.
3              MS. PIERSON:  Thank you, Your Honor.
4              THE CLERK:  All rise.  Court is in recess.
5                (A recess was taken at this time.)
6              THE CLERK:  All rise.  Court is in session.  Please
7  be seated.
8              THE COURT:  Okay.  Back on the record here.  The
9  parties asked the Court to give rulings on motions in limine
10 and other pending motions prior to the presentation of opening
11 statements.  These rulings will pertain to opening statements.
12             I believe No. 2 was requested, and we'll show that
13 granted.  I find no relevance to design.  There's no fraud on
14 the FDA claim and preempted by *Buckman*.
15             No. 9 is denied.  It's irrelevant to consumer
16 expectation.
17             No. 12 is granted with the exception of impeachment.
18 It may be used for impeachment purposes if that is
19 appropriate.
20             Thirteen, granted in part, denied in part.
21 Testimony or evidence of scientific state of the art that
22 post-dates May 17, 2010, the date the IVC filter was
23 manufactured, I'm going to grant that to the date of
24 implant -- or excuse me, deny that to the date of implant.
25             Testimony, evidence, argument regarding risk of IVC

1  filters that plaintiff did not experience, that's denied.
2  It's relevant as to what they knew.
3           Seventeen is granted.  Eighteen is granted.
4  Twenty-three, evidence of product strategy development
5  overview, granted in part, denied in part.  I find it's
6  relevant.  What is it's relevance?  This document refers to
7  the Tulip and the Birds Nest.  There's no relevance there.
8  However, to the extent it mentions the Celect filter, we'll
9  find that it is relevant.
10           Twenty-four regarding the February 9, 2006 executive
11 summary regarding filter migration, I'm going to keep that
12 under advisement.  We'll need a foundation for that.
13           Twenty-six, testimony of Courtney Whitelock, I don't
14 find that it's not relevant since apparently there was no
15 contact prior to the implant with Dr. Zuzga.  If that evidence
16 comes in that changes that, we'll change our ruling on that.
17           Then regarding the empty chair, we'll show that
18 granted, and I deny the request on consent forms.
19           The Daubert on Dr. Kessler will show the Court finds
20 that Dr. Kessler is indeed qualified to testify in this trial.
21           Okay.  Anything else?
22           MS. PIERSON:  Your Honor, just a couple of things.
23 The Kessler Daubert motion as the starting point, the
24 qualification was was it a small part of that brief.  He has
25 many, many opinions, some of which we think are excluded now,

```
 1  Whitelock, the Court has granted?
 2            THE COURT:  Yes.
 3            MR. WEBBER:  And then as for motion in limine No.
 4  13 dealing with scientific state of the art, my understanding
 5  is the Court has granted that subject to changing the date in
 6  our motion from May 17, 2010 --
 7            THE COURT:  To the date of implant.
 8            MR. WEBBER:  -- to the date of implant but otherwise
 9  granted.
10            THE COURT:  Correct.
11            MR. WEBBER:  Very good.  Thank you, Your Honor.
12            MS. PIERSON:  Sorry.  May I ask one clarifying
13  question on that too?  Then we have an easy one, exhibits that
14  we agreed to that we just need to admit.
15            THE COURT:  Okay.
16            MS. PIERSON:  So in the course of our opening
17  statements today, these rulings on subsequent remedial
18  measures and state of the art and determining what's the date
19  of relevancy.  It is -- given the rulings that you've just
20  made, I think it's important for us to be able to say if the
21  plaintiffs will be permitted to say there was testing that
22  took place on feasibility for a new design in 2007, 2008,
23  2009.
24            If that is your ruling that they can talk about
25  those things, then we need to be able to say that there was --
```