UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to the Following Actions only:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-06018-RLY-TAB

**THE COOK DEFENDANTS' OMNIBUS MOTIONS IN LIMINE (NEW)**

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") submit their Omnibus Motions in Limine (New). Cook has also filed its previously-decided and renewed motions in limine in this matter renewing many of motions it filed in the *Hill* matter - which totaled 30 in all. For the convenience of the Court and to distinguish between previously-filed and new motions, Cook identifies its new motions in limine beginning with the number 31.

The Cook Defendants respectfully move this Court to issue Orders *in limine* excluding or limiting evidence at trial, and specifically ask that the Court grant an Order barring;

31. Testimony or references to the Celect filter being withdrawn, recalled, replaced, or discontinued.

32. Any video depicting surgical procedures of individuals who are not Mrs. Brand.

33. Testimony or evidence of Dr. Gordon and his company's development of a Class II medical device.

34. Testimony by James Carlson, Ph.D., regarding evidence of an alleged pattern of tilt, perforation, and fracture and reliance on such testimony.

35. Dr. Paul Timperman's deposition "measurements" of images from the OUS Study and opinions from Krumholz and Gordon relying on these "measurements."

36. Plaintiff's Expert Dr. Krumholz's criticisms of the complaint handling process for Mrs. Brand.

37. Evidence or argument related to confidentiality designations.

38. Evidence and opinions that Cook failed to warn of frequency of specific risks.

39. Evidence and argument that Cook presented inadequate or misleading information to the FDA regarding the IFU.

40. Real and photographic evidence of filters.

41. Belatedly produced and inflammatory images of Plaintiff's stapled abdomen and scars.

42. Testimony or opinions by Plaintiff that her filter caused physical pain or injuries for which she has no expert support.

43. Any testimony purporting to opine as to the migration of filter fragments through Mrs. Brand's body.

44. Testimony or evidence relating to Tulip marketing documents.

The Cook Defendants have contemporaneously filed a memorandum explaining the bases for these motions.

WHEREFORE, the Cook Defendants respectfully request the Court to exclude at trial the testimony, evidence, and argument described above, and for all other just and proper relief.

Respectfully submitted,

Dated: August 6, 2018        /s/ *Andrea Pierson*
Andrea Roberts Pierson (# 18435-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  john.schlafer@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ *Andrea Pierson*