# EXHIBIT C

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 2017-03885

| | | |
|---|---|---|
| JEFFREY ALAN PAVLOCK<br>Plaintiff,<br><br>V.<br><br>ADRIAN A. WONG, M.D.; COOK INCORPORATED; COOK INCORPORATED a/k/a COOK MEDICAL INCORPORATED; COOK GROUP, INC., AND COOK MEDICAL, LLC,<br>Defendants. | * | IN THE DISTRICT COURT OF<br><br>HARRIS COUNTY, T E X A S<br><br>295TH JUDICIAL DISTRICT |

---

REPORTER'S RECORD

CERTIFIED DAILY COPY

MAY 9, 2018

---

On the 9th day of May, 2018, the Jury Trial came on to be heard in the above-entitled and -numbered cause; and the following proceedings were had before the Honorable Caroline Baker, Judge Presiding, held in Houston, Harris County, Texas:

Proceedings reported by computerized stenotype machine; Reporter's Record produced by computer-assisted transcription.

its evidence. It's rank hearsay because it's somebody different. There is no -- it didn't come from the clip files. There is no hearsay exception on the first level or on the second level. So for those reasons we would object to the animation. I can go into the other inaccuracies --

THE COURT: Let me get a response because we've keeping the jury waiting long enough.

MR. MATTHEWS: Yes, Your Honor. They're substantially similar in every aspect of what occurred. The case of *Coastal Industrial vs. Trinity* shows that we can always -- the defendants can point out, as we can point out, if there are minor differences in the video, the animation. The animation was created at the direction of Greg Gordon as to what occurred with Mr. Pavlock, both the implant, the attempted explants, and then the surgery, all of which are depicted in the animation. It's used for demonstrative purposes only; and if he wants to point out the differences, he certainly can. We can, as well. It's up to the discretion of the court to allow it.

THE COURT: How long ago did you provide the copy of the animation>.

MR. MATTHEWS: Yesterday.

MR. MANDLER: We got that at 8:30

laid, that it's showing the same procedure and the same vein in another patient and with the same type of issue, how it's lodged and how it had to be removed?

MR. MATTHEWS: Without the blood?

THE COURT: Without the blood, without the cutting open, without showing afterwards the person, you know, because that's not Mr. Pavlock with that scar.

MR. MATTHEWS: yes, that's Mr. Pavlock.

THE COURT: That is Mr. Pavlock.

MR. MANDLER: He showed that in opening. That is not the issue.

THE COURT: Anyway, take out THE other part with the other patient showing to be opened up and all that. That can be -- the procedure on Mr. Pavlock can certainly be testified to, described. If you have photographs or video of the actual procedure on Mr. Pavlock, that would be something you could show. But on this one I'm going to sustain the 403 with regard to the cutting open and the unnecessary, you know, blood and gore. But the actual procedure of the actual -- if the predicate is going to be this shows the procedure being done on the same vein in another patient with the same issues that he believed occurred here with the perforation of what it takes to remove it, you can do that?

record, we join on the objection as well.

THE COURT: Sure.

MR. MANDLER: We would like to see the video once they cut out what you order them to cut out before it's played.

THE COURT: Would you do that please, maybe by the -- before whenever you are going to play it, make sure he see it first.

MR. MATTHEWS: I would like to play the first portion of this video.

THE COURT: The first portion I didn't have an issue with.

MR. MANDLER: I understand Dr. Gordon testified that the hook he saw outside of the -- the actual hook outside of the vena cava for the first time on -- in June of 2017. The video shows it out the very first time Dr. Brodie attempted in May of 2015. So they have it outside 2 years before Dr. Gordon just testified he could say it was outside. So that's inaccurate by his own testimony.

THE COURT: Well, you can on cross-examine, if you believe --

MR. MATTHEWS: I'll point it out. I think the case law is if you have an animation and there are differences, you point it out.

THE STATE OF TEXAS
COUNTY OF HARRIS

I, Kimberly Kidd, Official Court Reporter in and for the 295th District Court of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct daily copy transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Daily Copy Record of the proceedings truly and correctly reflects the exhibits, if any, admitted, tendered in an offer of proof or offered into evidence.

WITNESS my hand this the 9th day of May, 2018.

/s/Kimberly Kidd
Kimberly Kidd, Texas CSR No. 2437
Expiration Date: 12/31/19
Official Court Reporter
295th District Court
Harris County, Texas
201 Caroline, 14th Floor
Houston, Texas 77002
(832) 927-1378