# EXHIBIT J

```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF INDIANA
                   INDIANAPOLIS DIVISION


IN RE: COOK MEDICAL, INC.,      )
IVC FILTERS MARKETING, SALES    ) Cause No.
PRACTICES AND LIABILITY,        ) 1:14-ML-2570- RLY-TAB
LITIGATION                      ) Indianapolis, Indiana
                                ) September 14, 2017
                                ) 10:08 a.m.
                                )
```

**Before the Honorable
RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE

**For Plaintiffs:**          David P. Matthews, Esq.
                             MATTHEWS & ASSOCIATES
                             2905 Sackett Street
                             Houston, TX   77098


                             Ben C. Martin, Esq.
                             LAW OFFICES OF BEN C. MARTIN
                             3710 Rawlins Street, Suite 1230
                             Dallas, TX   75219


                             Joseph N. Williams, Esq.
                             RILEY WILLIAMS & PIATT, LLC
                             301 Massachusetts Avenue
                             Indianapolis, IN   46204


                             Michael W. Heaviside, Esq.
                             HEAVISIDE REED ZAIC
                             910 17th Street NW, Suite 800
                             Washington, D.C.   20006

1  testimony as to whether or not the perforations in these films

2  that he saw and that's it.  It's not -- it's nothing more than

3  that.  It's a limited role that we asked him to play in this

4  case.  It's an important role.  And I -- I think that -- that

5  if there's any prejudice, I'm not seeing it; and certainly the

6  importance of it would outweigh, I guess, whatever prejudice

7  that I'm still not seeing at the time.  I just don't see it.

8              THE COURT:  All right.  Thank you, Mr. Martin.  The

9  Court will deny the motion for leave to designate

10 Dr. Timperman after expert disclosures.  The designation came

11 significantly after our deadline -- our agreed upon deadline.

12 If there was problem in scheduling his deposition within the

13 deadline, parties could have come -- plaintiff could have come

14 to the Court and asked for relief on that.  Maybe we could

15 have worked out an agreement to take his deposition after the

16 deadline.

17             And also, even if I did -- did allow this

18 designation after the deadline, defendants certainly would

19 file a Daubert motion and there's no way that it would even

20 come close to satisfying Daubert standards.  I'm not going to

21 have my name on any opinion where an expert uses a business

22 card to conduct measurements in a complex medical products

23 liability case.  So Daubert -- it wouldn't satisfy Daubert

24 standards.  So I'll deny that motion.

25             Next item, Cook's motion precluding substantive use