# EXHIBIT U

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to
Case No. 1:14-cv-06018

**PLAINTIFF TONYA BRAND'S OBJECTIONS AND
RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS
TO PLAINTIFF TONYA BRAND**

Comes Now Plaintiff Tonya Brand in the above-numbered and styled cause, and serves the following Objections and Responses to Defendants' First Set of Requests for Admissions to Plaintiff Tonya Brand as follows:

**GENERAL OBJECTIONS**

Plaintiff objects to each and every one of the Defendants' "Definitions" and "Instructions" as they exceed the scope of permissible discovery, are vague, overly broad, ambiguous, harassing are likely to cause confusion. The Plaintiff also objects to the extent the definitions and instructions seek to impose obligations upon Plaintiff that are not required by the Rules of Civil Procedure and seek to inquire into matters that are confidential and/or would be protected from discovery by the attorney/client privilege, work product privilege, and/or the physician/patient privilege and consulting expert exemptions. The Plaintiff also objects to the extent the definitions and instructions seek to compel the Plaintiff to produce documents over which she has no right of possession or control.

In answering Defendant's discovery requests, Plaintiff will comply with the Rules of Civil Procedure, and give those definitions and meanings to words as are commonly applied in the community.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**:   Admit that between March 19, 2009, and October 22, 2015, you took a prescription medication in amounts or at intervals inconsistent with the dosage prescribed by your physician(s).

**RESPONSE**:

**Objection: Plaintiff objects to this request as it is compound, vague and overly broad.  The Plaintiff also objects to the extent the request as stated is misleading and likely to confuse the trier of fact.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Admitted in part and denied in part.  Plaintiff admits that a medical record produced at Mrs. Brand's second deposition references an instance in March of 2014 in which Mrs. Brand told her physician that on occasion she took 1 to 2 hydrocodone as needed per day for pain.**

**REQUEST NO. 2:**   Admit that between March 19, 2009, and the present date, one or more of your physicians has told you that you were taking too much narcotic pain medication, for example, Valium.

**RESPONSE**:

**Objection: Plaintiff objects to this request as it is compound, vague and overly broad.  The Plaintiff also objects to the extent the request as stated is misleading and likely to confuse the trier of fact.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied as stated.  Plaintiff admits that in a medical records produced by the Mountain East Family Medical Center, the is notation from October 27, 2014 in which Dr. Keller questioned whether the prescription for Valium written to treat her anxiety which stated she could take up to 3 tablets per day should be changed to a different medication intended for daily use and discussed limiting the prescription forValium to 30 per month.**

**REQUEST NO. 3:**   Admit that prior to May 1, 2011, you knew your filter was not properly centered, had perforated the vena cava, or was fractured.

**RESPONSE**:

**Denied**.

2

**REQUEST NO. 4:**    Admit that prior to May 1, 2011, you knew you had suffered an injury as a result of your March 19, 2009, medical procedures.

**RESPONSE**:

**Denied.**

**REQUEST NO. 5:**    Admit that prior to May 1, 2011, you knew you had suffered an injury caused by your Filter.

**RESPONSE**:

**Denied.**

**REQUEST NO. 6:**    Admit that prior to March 19, 2009, you sought medical treatment for abdominal pain, spinal/back pain, hip pain, and thigh pain.

**RESPONSE**:

**Objection: Plaintiff objects to this request as it is compound and overly broad.  The Plaintiff also objects to the extent the request as stated is misleading and likely to confuse the trier of fact.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Admitted in part and denied in part..  Plaintiff admits that prior to March 19, 2009 she did have complaints of pain in these areas of her body, but she denies that such complaints were same or continuous for all of the referenced body parts.**
**REQUEST NO. 7:**    Admit that between March 19, 2009 and October 22, 2015, you were involved in one or more car accidents.

**RESPONSE**:

**Objection: Plaintiff objects to this request as it is compound and overly broad.  The Plaintiff also objects to the extent the request as stated is misleading and likely to confuse the trier of fact. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Plaintiff admits she was involved in one automobile accident between March 19, 2009 and October 22, 2015.**

**REQUEST NO. 8:**    Admit that you were injured in one or more car accidents between March 19, 2009 and October 22, 2015.

**RESPONSE**:

3

**Objection: Plaintiff objects to this request as it is compound and overly broad.  The Plaintiff also objects to the extent the request as stated is misleading and likely to confuse the trier of fact. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied.**

**REQUEST NO. 9:**   Admit that you received medical treatment for injuries suffered during one or more car accidents between March 19, 2009, and October 22, 2015.

**RESPONSE**:

**Objection: Plaintiff objects to this request as it is compound and overly broad.  The Plaintiff also objects to the extent the request as stated is misleading and likely to confuse the trier of fact. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied.**

**REQUEST NO. 10:**  Admit that between March 19, 2009, and October 22, 2015, you sustained a blow or trauma to your abdomen (excluding the surgical procedures you underwent on March 19, 2009, and October 22, 2015).

**RESPONSE**:

**Objection: Plaintiff objects to this request as it is compound and overly broad.  The Plaintiff also objects to the extent the request as stated is misleading and likely to confuse the trier of fact. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied.**

**REQUEST NO. 11:**  Admit that you have never provided Emory St. Joseph's Hospital of Atlanta with a Request for Preservation of Pathology Materials and/or Medical Devices from Upcoming Procedure letter or with a substantially similar letter informing Emory St. Joseph's Hospital of Atlanta of the need to collect, preserve, and document the Filter as potential evidence in litigation.

**RESPONSE**:

**Objection: Plaintiff objects to this request as it is compound and overly broad.  The Plaintiff also objects to the extent the request as stated is misleading and likely to confuse the trier of fact.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Plaintiff admits she did not provide Emory St. Joseph's Hospital with a letter, but she did orally request that the hospital collect and preserve the filter.**

**REQUEST NO. 12:**  Admit that you did not provide Emory St. Joseph's Hospital of Atlanta with a Chain of Custody form or similar document that memorializes the chain of custody for the Filter.

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it is misleading and likely to confuse the trier of fact.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Plaintiff admits she did not provide Emory St. Joseph's Hospital with a Chain of Custody Form, but she did orally request that the hospital collect and preserve the filter.**

**REQUEST NO. 13:**   Admit that between October 27, 2015 and December 10, 2015, the Filter was in your exclusive possession and control.

**RESPONSE**:

**Admitted.**

**REQUEST NO. 14:**   Admit that person(s) other than you accessed, viewed, and/or touched the Filter between October 27, 2015 and December 10, 2015.

**RESPONSE**:

**Objection: Plaintiff objects to this request as it is compound and overly broad.  The Plaintiff also objects to the extent the request as stated is misleading and likely to confuse the trier of fact.  Subject to and without waivingany objections, the Plaintiff responds as follows:**

**Admitted in part and denied in part..  Plaintiff admits other people viewed the filter, but it remained in her custody and she denies anyone else accessed or touched the filter during that time period,  with the exception of Cook's counsel opening the container containing the Filter and pouring the filter and the pieces of the filter onto a piece of paper during her deposition on December 10, 2015.**

**REQUEST NO. 15:**   Admit that you did not pull the Fragment from your right thigh/groin.

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it is misleading and likely to confuse the trier of fact.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Plaintiff admits that she did not personally pull the piece of her IVC filter from her right thigh, but states that her son Tyler pulled the piece out of her right thigh.**

**REQUEST NO. 16:**   Admit that from June 17, 2011, to December 10, 2015, the Fragment was in your exclusive possession and control.

**RESPONSE**:

**Admitted.**

**REQUEST NO. 17:** Admit that there is no Chain of Custody form or other document that contemporaneously records all person(s) who viewed, accessed, or touched the Fragment.

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it is compound, overly broad, misleading and likely to confuse the trier of fact. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Admitted in part and denied in part.. Plaintiff the admits that there is no chain of custody form or other document that contemporaneously records *all* persons who viewed the filter but to the best of her knowledge there are records which document who accessed or touched the fragment prior to it being turned over to the custody of the Defendants' counsel**.

**REQUEST NO. 18:** Admit that the Fragment was not stored in accordance with Case Management Order #1 (Pathology and Medical Device Protocol) dated February 20, 2015.

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it is compound, vague, overly broad, misleading and likely to confuse the trier of fact. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied as stated. From January 15, 2016 until the fragment was turned over to the custody of the Defendants the fragment was stored in accordance with CMO #1 and # 14. Also the fragment came out of Plaintiff's thigh years before CMO #1 or #14 were entered.**

**REQUEST NO. 19:** Admit that the Filter was not stored in accordance with Case Management Order #1 (Pathology and Medical Device Protocol) dated February 20, 2015.

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it is compound, overly broad, misleading and likely to confuse the trier of fact. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied as stated. From January 15, 2016 until the Filter was turned over to the custody of the Defendants the filter was stored in accordance with CMO #1 and #14.**

**REQUEST NO. 20:**  Admit that between March 19, 2008, and the present date you have written to your physicians or healthcare providers by email regarding your medical condition(s) or treatment(s).

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it is compound.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Admit.**

**REQUEST NO. 21:**  Admit that between March 19, 2008, and the present date you have received emails from your physicians and healthcare providers regarding your medical condition(s) and/or medical treatment(s).

**RESPONSE**:
**Objection: Plaintiff objects to this request as stated because it is compound.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Admit.**

**REQUEST NO. 22:**  Admit that on or before March 19, 2009, all questions that you posed regarding your Filter were answered by Dr. Rheudasil or your other healthcare providers.

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it is compound, vague, overly broad, misleading and likely to confuse the trier of fact.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Admitted in part and denied in part..  Dr. Rheudasil explained the matters described in Plaintiff's deposition.**

**REQUEST NO. 23:**  Admit that on March 19, 2009, you were not a patient with a condition listed in the "Intended Use" section at page 3 of the Filter's Instructions for Use (CookMDL2570_0012338- CookMDL2570_0012349).

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it is vague, overly broad and calls for an expert opinion without establishing the witness' qualifications to offer such an opinion.  The plaintiff objects as the request, as stated, is misleading and likely to confuse the trier of fact.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Admitted.**

**REQUEST NO. 24:** Admit that Dr. Rheudasil's decision to place your Filter for medical conditions outside the "Intended Use" in the Filter's Instructions for Use was not the result of any communication from or by any Cook Defendant.

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it is compound, vague, overly broad, misleading and likely to confuse the trier of fact. Plaintiff objects to the extent the request requires her to speculate as to the thought processes of Dr. Rheudasil. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied as stated.**

**REQUEST NO. 25:** Admit that the Filter was not defectively manufactured.

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it calls for an expert opinion without establishing the witness' qualifications to offer such an opinion. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied.**

**REQUEST NO. 26:** Admit that Dr. Morrison's decision to refer you to Dr. Rheudasil for placement of an IVC Filter was medically appropriate.

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it is vague, overly broad and calls for an expert opinion without establishing the witness' qualifications to offer such an opinion. The plaintiff objects as the request, as stated, is misleading and likely to confuse the trier of fact. Plaintiff also objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1. Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied. Dr. Morrison testified he referred Mrs. Brand to Dr. Rheudasil because he was asking him to perform the portion of the back surgery that utilized an anterior approach to expose Mrs. Brand's spine. Dr. Morrison testified Dr. Rheudasil needed to evaluate her prior to the operation because Mrs. Brand had a history of prior surgeries involving her abdomen. Dr. Morrison did not say that he referred Mrs. Brand to Dr. Rhuedasil specifically for placement of an IVC filter. (Deposition of Thomas Morrison, III, MD at 16:13 to 18:4; 44:16 to 45:16 & 50:4 to 50:22).**

**REQUEST NO. 27:**  Admit that Dr. Rheudasil's decision to place an IVC Filter on March 19, 2009, was medically appropriate.

**RESPONSE**:

**Objection:**  Plaintiff objects to this request as stated because it is vague, overly broad and calls for an expert opinion without establishing the witness' qualifications to offer such an opinion.  Plaintiff objects to this Request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission.  The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objections, the Plaintiff responds as follows:

**Admitted in part and denied in part..  Plaintiff admits that given the information Cook provided to physicians about the Celect IVC filter, including Dr. Rheudasil, and the information withheld by Cook as to the safely and efficacy of the Celect IVC filter as of March 19, 2009, it was not below the standard of care for Dr. Rhuedasil to decide to place the Celect Filter at that time.**

**REQUEST NO. 28:**  Admit that you elected to proceed with implantation surgery despite being apprised of the risks of implantation of the Filter by Dr. Rheudasil.

**RESPONSE**:

**Objection:** Plaintiff objects to this request as it is misleading and likely to confuse the trier of fact.  Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission.  The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission.  Subject to and without waiving any objections,  the Plaintiff responds as follows:

**Denied as stated.**

**REQUEST NO. 29:** Admit that you did not rely on any advertising, marketing, or other communications from Cook when you elected to have the Filter implanted.

**RESPONSE**:

**Objection:**  Plaintiff objects to this request as it is misleading and likely to confuse the trier of fact.  Plaintiff also objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission.  The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission.  Subject to and without waiving any objections, the Plaintiff responds as follows:

**Admitted in part and denied in part.. Mrs. Brand was not provided any advertising, marketing or other communications from Cook when Dr. Rheudasil explained to her that he was going to place the Filter as part of the back surgery.**

**REQUEST NO. 30:** Admit that the selection of the Filter was within the exclusive province of your physician, Dr. Mark Rheudasil.

**RESPONSE**:

**Objection:** Plaintiff objects to this request as it is misleading and likely to confuse the trier of fact. Plaintiff objects on the ground that this calls for speculation on her part as to what Dr. Rheudasil was permitted to do. Plaintiff objects to this request as stated because it calls for an expert opinion without establishing the witness' qualifications to offer such an opinion. Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1. Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objections, the Plaintiff responds as follows:

**Denied as stated.**

**REQUEST NO. 31:** Admit that the placement of the Filter was within the exclusive province of your physician, Dr. Mark Rheudasil.

**RESPONSE**:

**Objection:** Plaintiff objects to this request as it is misleading and likely to confuse the trier of fact. Plaintiff objects on the ground that this calls for speculation on her part as to what Dr. Rheudasil was permitted to do. Plaintiff objects to this request as stated because it calls for an expert opinion without establishing the witness' qualifications to offer such an opinion. Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1. Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objections, the Plaintiff responds as follows:

**Admitted in part and denied in part.. Plaintiff admits that Dr. Rheudasil is the surgeon who placed the Filter in her body and that he was one of her physicians.**

**REQUEST NO. 32:** Admit that you relied on Dr. Rheudasil to select the appropriate Filter on March 19, 2009.

**RESPONSE**:

**Objection:** Plaintiff objects to this request as it is compound, misleading and likely to confuse the trier of fact. Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1. Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objection, the Plaintiff responds as follows:

**Admitted.**

**REQUEST NO. 33:** Admit that Dr. Rheudasil was not negligent in his selection of the Cook Celect IVC Filter.

**RESPONSE**:

**Objection: Plaintiff objects to this request as stated because it calls for an expert and a legal opinion without establishing the witness' qualifications to offer such an opinion. Plaintiff objects to this request as it is compound, misleading and likely to confuse the trier of fact. Plaintiff objects to this Request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1. Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objection, the Plaintiff responds as follows:**

**Admitted in part and denied in part.. Plaintiff admits that given the information Cook provided to physicians about its Celect IVC filter, including Dr. Rheudasil, and the information withheld by Cook as to the safely and efficacy of the Celect IVC filter, as of March 19, 2009 it was not below the standard of care for Dr. Rhuedasil to choose the Celect Filter.**

**REQUEST NO. 34:** Admit that Dr. Morrison was not negligent in his referral of you to Dr. Rheudasil for evaluation and/or placement of an IVC Filter.

**RESPONSE**:

**Objection:** Plaintiff objects to this request as stated because it calls for an expert and a legal opinion without establishing the witness' qualifications to offer such an opinion. Plaintiff objects to this request as it is compound, misleading and likely to confuse the trier of fact. Plaintiff objects to this Request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1. Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objections, the Plaintiff responds as follows:

**Denied as stated. Dr. Morrison testified he referred Mrs. Brand to Dr. Rheudasil because he was asking him to perform the portion of the back surgery that utilized an anterior approach to expose Mrs. Brand's spine. Dr. Morrison testified Dr. Rheudasil needed to evaluate her prior to the operation because Mrs. Brand had a history of prior surgeries involving her abdomen. Dr. Morrison did not say that he referred Mrs. Brand to Dr. Rheudasil specifically for placement of an IVC filter. (Deposition of Thomas Morrison, III, MD at 16:13 to 18:4; 44:16 to 45:16 & 50:4 to 50:22).**

**REQUEST NO. 35:** Admit that Cook was not negligent with respect to the manufacture of the Filter.

**RESPONSE**:

**Objection:** **Plaintiff objects to this request as stated because it calls for an expert and a legal opinion without establishing the witness' qualifications to offer such an opinion. Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1. Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied.**

**REQUEST NO. 36:** Admit that the Filter is an unavoidably unsafe medical product within the meaning of Restatement (Second) of Torts § 402A Comment k.

**RESPONSE**:

**Objection:** **Plaintiff objects to this request as stated because it calls for an expert and a legal opinion without establishing the witness' qualifications to offer such an opinion. Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1. Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied.**

**REQUEST NO. 37:** Admit that you did not receive a warranty for the Filter.

**RESPONSE**:

**Objection:  Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission.  The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied.**

**REQUEST NO. 38:**  Admit that none of your treating physicians told you that your Filter was defective.

**RESPONSE**:

**Objection:  Plaintiff objects to this request as it is misleading, compound, vague, calls for a legal conclusion, and is likely to confuse the trier of fact.  Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission.  The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied as stated.  Plaintiff's treating physicians told her that her Filter fractured while in her body.  The Filter was not designed to fracture while implanted in her body and so was defective.**

**REQUEST NO. 39:**  Admit that none of your treating physicians has told you that your Filter caused any of the injuries or damages alleged by you the Complaint or Plaintiff's Profile Forms and Fact Sheets.

**RESPONSE**:

**Objection:  Plaintiff objects to this request as it is vague, compound and overly broad.  The request is misleading and likely to confuse the trier of fact.  Plaintiff objects to this Request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1. Defendants have served 46 requests for admission.  The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied as stated.**

**REQUEST NO. 40:**  Admit that you posted on social media regarding your Filter.

13

**RESPONSE**:

**Objection:  Plaintiff objects to this request as it is vague and overly broad.  Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission.  The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission.  Subject to and without waiving any objection, the Plaintiff responds as follows:**

**Denied as stated.  Plaintiff does not recall posting any comments specific to her Filter on social media, nor has she seen any such post.**

**REQUEST NO. 41:**  Admit that you posted on social media regarding your 2011 or 2015 Filter retrieval procedures.

**RESPONSE**:

**Objection: Plaintiff objects to this request as it is compound, vague and overly broad.  Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission.  The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission.  Subject to and without waiving any objection, the Plaintiff responds as follows:**

**Admitted in part and denied in part..  Plaintiff did post comments about her upcoming open surgery to retrieve the IVC filter in October of 2015.**

**REQUEST NO. 42:**  Admit that the list attached as Exhibit A reflects all of the physicians you saw for conditions related to your Filter between the March 19, 2009, implant of the Filter and the present date.

**RESPONSE**:

**Objection:  Plaintiff objects to this request as it is vague, compound and overly broad.  Plaintiff objects to this Request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission.  The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied as stated.  The list on Exhibit "A" includes some healthcare providers who are not physicians and who  provided care for conditions the Plaintiff does not attribute to her Filter such as her knee pain and knee replacement surgery.**

**REQUEST NO. 43:** Admit that the list attached as Exhibit B reflects all of the medications you were prescribed between the March 19, 2009, implant of the Filter and the present date.

**RESPONSE**:

**Objection:  Plaintiff objects to this request as it is overly broad and compound.  Plaintiff objects to this request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Admitted in part and denied in part..  Plaintiff admits that Exhibit "B" appears to be a list of medications that were prescribed to her at various times during the 9-year period referenced herein, that has been compiled by the Defendants from the medical and pharmacy records that have been obtained during the discovery in this cause of action.  The Plaintiff does not have sufficient information or knowledge to be able to admit or deny that Exhibit "B" reflects *all* the medications she was prescribed since March 19, 2009.**

**REQUEST NO. 44:** Admit that no physician has ever told you that your abdominal pain is or was caused by your Filter.

**RESPONSE**:

**Objection: Plaintiff objects to this Request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission.  The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Admitted.**

**REQUEST NO. 45:** Admit that no physician has told you that pain in your hip, leg, or spine was caused by your Filter or any fragment thereof.

**RESPONSE**:

**Objection:  Plaintiff objects to this request as it is overly broad and compound.  Plaintiff objects to this Request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1.  Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied.**

**REQUEST NO. 46:** Admit that no physician has ever told you that your anxiety and/or depression is or was caused by your Filter or any fragment thereof.

**RESPONSE**:

**Objection: Plaintiff objects to this Request on the ground that Defendant has exceeded the limit of 25 requests for admission imposed by Local Rule 36-1. Defendants have served 46 requests for admission. The Defendants have not sought the Court's leave or offered good cause to exceed Rule 36-1's limits on requests for admission. Subject to and without waiving any objections, the Plaintiff responds as follows:**

**Denied.**

    Respectfully submitted,

    **LAW OFFICES OF BEN C. MARTIN**

    */s/ Thomas Wm. Arbon*_____
    Ben C. Martin*, Texas Bar No. 13052400*
    Thomas Wm. Arbon, Texas Bar No. 01284275
    The Law Offices of Ben C. Martin
    3710 Rawlins Street, Suite 1230
    Dallas, Texas 75219
    Telephone: (214) 761-6614
    Facsimile: (214) 744-7590
    bmartin@bencmartin.com
    tarbon@bencmartin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, **April 16, 2018**, a true and correct copy of the Plaintiff's Objections and Responses to Defendants' First Set of Requests for Admissions was served by U.S. Mail and electronic mail on the following:

Andrea Pierson
Andrea.pierson@faegrebd.com
Ann C. Rutgliano
Anna.rutigliano@faegrebd.com
Chuck Webber
Chuck.webber@faegrebd.com
Faegre, Baker, Daniels, LLP
300 N. Meridan Street, Suite 2700
Indianapolis, IN 46204

*Counsel for Cook Defendants*

                                                  */s/ Thomas Wm. Arbon*_____
                                                  Thomas Wm. Arbon