IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff:

    Tonya Brand
    Civil Case No. 1:14-cv-06018-RLY-TAB

## Plaintiff's Motion to Limit the Testimony of Kenneth Renkens, M.D.

Plaintiff Tonya Brand, by and through counsel, respectfully requests the Court limit the expert witness opinion testimony of Kenneth Renkens, M.D. In support of this motion, Plaintiff states the following:

    1.    Cook designated Dr. Renkens as a medical expert witness and provided a written report.

    2.    According to his report, Dr. Renkens plans to testify about the anatomical relationship between Plaintiff's IVC filter and an "osteophyte" located at her L2-L3 vertebrae.[1]

    3.    Cook hopes to use Dr. Renkens to plant the following seed in jurors' minds: **before** the Celect filter perforated Plaintiff's IVC, it got "caught up" on an

---

[1] An osteophyte is a "bony outgrowth or protuberance" in the bones of the spine. *Stedman's Medical Dictionary for the Health Professions and Nursing* 1057 (5th ed. 2005).

osteophyte in her spine. In other words, the catastrophic filter failure had nothing to do with its design and had everything to do with Plaintiff's anatomy.

4. Dr. Renkens, though, was unable to offer an opinion to a reasonable degree of medical certainty that such an event occurred.

5. Because Dr. Renkens' opinions fall short of the required evidentiary standard they cannot assist the jury and should be excluded.

6. Furthermore, in his deposition Dr. Renkens explained that he was not offering any causation opinions and was not even asked to render such opinions. Given this testimony, Cook should not be permitted to ask Dr. Renkens any causation questions at trial.

7. The support for Plaintiff's request is more comprehensively set forth in her brief, which has been filed contemporaneously.

**Wherefore,** Plaintiff, Tonya Brand, by counsel, respectfully requests the Court to exclude both Dr. Renkens' opinions related to the relationship between Plaintiff's filter and her osteophytes and any other causation opinion that Cook asks him to proffer.

Respectfully Submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
(317) 633-5270
Fax: (317) 426-3348
jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street NW, Suite 800
Washington, DC 20006
(202) 233-1993
mheaviside@hrzlaw.com


/s/ *Ben C. Martin*
Ben C. Martin, Esq.
THE LAW OFFICE OF BEN C. MARTIN
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
(214) 761-6614
Fax: (214) 74407590
bmartin@bencmartin.


/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEW AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
(713) 522-5250
Fax: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 28th day of August, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                               /s/ *Joseph N. Williams*
                                               Joseph N. Williams