IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff:

    Tonya Brand
    Civil Case No. 1:14-cv-06018-RLY-TAB

## Plaintiff's Memorandum in Support of Motion to Limit the Testimony of Kenneth Renkens, M.D.

Plaintiff, Tonya Brand, by Counsel, tenders the following Memorandum in support of her Motion to Limit the Testimony of Kenneth Renkens, M.D.:

### Introduction

Dr. Renkens is a spinal surgeon, board certified in neurological surgery.[1] Cook hopes to use Dr. Renkens to plant the following seed in jurors' minds: **before** the Celect filter perforated Plaintiff's IVC, it got "caught up" on an osteophyte found at her L2-L3 vertebrae.[2] In other words, the filter's catastrophic failure had nothing to do with its design and had everything to do with Plaintiff's anatomy.

---

[1] Renkens Report, Appendix 1 at 3. A true and correct copy of Dr. Renkens' report (along with appendices 1 and 2) is attached as Exhibit 1.

[2] "Osteophytes" are spurs that grow on the bones of the spine or around the joints. *Stedman's Medical Dictionary for the Health Professions and Nursing* 1057 (5th ed. 2005)

The problem with Cook's plan, though, is that Dr. Renkens offered no opinions to reasonable degree of medical certainty that this was, more likely than not, what actually happened. In fact, he specifically disavowed any such opinion explaining that he could not determine whether the filter perforated before or after it got "caught up" on the osteophyte. Even in his written report, Dr. Renkens would only go so far as to say that Plaintiff's anatomy "**may** have impacted her filter."

Expert testimony cannot be based upon some speculative idea of what **may** have happened. If Cook wanted to argue to the jury that the filter got "caught up" on Plaintiff's L2-L3 osteophyte before there was ever a perforation (and it was this snag that caused the filter to perforate and fracture) then Cook needed to proffer expert testimony to a reasonable degree of medical certainty that this is more likely than not what happened. An expert's testimony about a mere **possibility** does not suffice, and Dr. Renkens' opinions should be excluded.

### Standard for Admission of Expert Opinion Testimony

For expert testimony to be admissible, the expert must (1) be qualified by knowledge, skill, experience, training, or education; (2) assist the jury in determining a relevant issue; (3) base his testimony on sufficient facts or data and reliable principles and methods; and, (4) reliably apply those principles and methods to the facts of the case. *E.g., Lees v. Carthage Coll.*, 714 F.3d 516, 521-22 (7th Cir. 2013). As the proponent of Dr. Renkens' testimony, Cook bears the burden of demonstrating the admissibility of his testimony. *E.g., Lewis v. CITGO Petroleum Corp.,* 561 F.3d 698, 705 (7th Cir. 2009).

In evaluating Dr. Renkens' proposed testimony, the court must determine whether it is "reliable" and "relevant." *Lees*, 714 F. 3d at 521. To be relevant, the testimony must assist the jury in understanding the evidence or in determining a fact in issue. *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993). Instead of speaking in terms of "possibilities," an expert who wishes to opine on causation must opine to a reasonable degree of medical certainty that his conclusion is more likely than not correct before that opinion can be helpful to the jury. *See, e.g., Swint v. Mae*, 798 S.E.2d 23, 25 (Ga. Ct. App. 2017).

Dr. Renkens' causation opinions—according to his own testimony and report—are too speculative to be of any help to the jury.

## Argument

In his report, Dr. Renkens offers an opinion related to the relationship between Cook's Celect IVC filter and Mrs. Brand's spinal anatomy:

> The axial CT images show that the osteophyte was in contact with the vena cava, with the vena cava draping over the osteophyte. This was on the Lumbar CT done before her March 19, 2009 ALIF surgery and filter placement.[3]

When asked why this statement was included in his report, Dr. Renkens testified, "[T]he filter **could** have got caught up on the osteophyte."[4] But this opinion only has relevance if the jury is asked to infer the next step — the filter got "caught up" on

---

[3] Ex. 1 at 7.

[4] Renkens Depo. at 55:10-11 (emphasis supplied). A true and correct copy of the referenced portions of Dr. Renkens' deposition is attached as Ex. 2.

Plaintiff's L2-L3 osteophyte **before** it perforated her IVC. In other words, it was Plaintiff's anatomy that caused the filter to perforate (not a defect in the filter's design).

Such an inference is well-beyond that of a lay person and requires expert testimony beyond a mere possibility; it requires expert testimony to a reasonable degree of medical certainty. *See, e.g., Swint*, 798 S.E.2d at 25. Dr. Renkens made clear in his deposition, though, that he can offer no such testimony because he never figured out whether the filter perforated before or after Plaintiff's IVC purportedly made contact with her L2-L3 osteophyte:

> Q. … But is it your opinion that when the filter leg was touching the osteophyte, as demonstrated in the April 10, 2009 CT, that the leg was outside the wall of the vena cava or inside the wall of the vena cava?
>
> A. I believe I told you that **I had no opinion** whether it was outside … .[5]

Shortly thereafter, Dr. Renkens again explained, "I had no opinion regarding whether it was through the wall."[6] If there was any doubt that Dr. Renkens has no idea—and therefore can't testify as to—whether Plaintiff's L2-L3 osteophyte caused the perforation, he dispelled that notion:

> Q. So, you — you cannot offer any opinion on what caused the perforation?
>
> A. I can't offer any opinion.[7]

---

[5] Ex. 2 at 90:13-20 (objection omitted) (emphasis supplied).

[6] Ex. 2 at 91:22-23.

[7] Ex. 2 at 60:18-:20.

Dr. Renkens' lack of causation opinion was not limited to whether Plaintiff's anatomy caused the perforation; Dr. Renkens repeatedly testified that he was not offering **any** opinions regarding causation:

> Q. So you were not asked to determine what caused the filter to fail?
>
> A. No.
>
> Q. And you're not giving us — or you don't plan to give us any opinions on what caused the filter to fail?
>
> A. Yes. I — I don't plan to do that.[8]

The only reason Cook wants Dr. Renkens to testify about the relationship between Plaintiff's filter and her osteophyte is to have the jury take the next step and infer it was the osteophyte—not a defect in the filter—that caused her filter to fail. To make that inference, though, the jury would have to conclude the filter had not perforated before it came into contact with the osteophyte. It is this conclusion, though, that Dr. Renkens cannot support with any testimony to a reasonable degree of medical certainty. Yet, if he is permitted to testify about the relationship between the filter and osteophyte, the jury may well reach that conclusion without any reliable expert testimony paving the way.

In his report, Dr. Renkens summarized perfectly why he shouldn't be permitted to provide this testimony: "When considering this case, one must bear in mind

---

[8] Ex. 2 at 14:8-15:1.

that Mrs. Brand had an anatomic abnormality that **may** have impacted her filter."[9] In his written report, which he was permitted to review with counsel before finalizing, Dr. Renkens couldn't describe Cook's causation theory as anything more than a mere possibility, which falls far short of what is required. Dr. Renkens' opinions regarding any relationship between Plaintiff's filter and her osteophytes, and what caused her filter to fail, should be excluded.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests the Court exclude both Dr. Renkens' opinions related to the relationship between Plaintiffs' filter and her osteophytes and any other causation opinion that Cook asks him to proffer.

Respectfully Submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
(317) 633-5270
Fax: (317) 426-3348
jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street NW, Suite 800
Washington, DC 20006
(202) 233-1993

---

[9] Ex. 1 at 10 (emphasis supplied).

mheaviside@hrzlaw.com


/s/ *Ben C. Martin*
Ben C. Martin, Esq.
THE LAW OFFICE OF BEN C. MARTIN
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
(214) 761-6614
Fax: (214) 74407590
bmartin@bencmartin.


/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEW AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
(713) 522-5250
Fax: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Joseph N. Williams*
Joseph N. Williams