**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

This Document Relates to:

　　Brand v. Cook Medical, Inc. et al.,
　　Case No. 1:14-cv-06018-RLY-TAB

**THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL THE COOK**
**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE THE**
**TESTIMONY OF JON FRYZEK, MPH, PH.D. AND EXHIBITS THERETO**

　　　　Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court

to maintain under seal The Cook Defendants' Response to Plaintiff's Motion to Exclude the

Testimony of Jon Fryzek, MPH, Ph.D. ("Cook Defendants' Response") and **Exhibits A and B**

thereto.  In support of this motion, the Cook Defendants state:

**LEGAL STANDARD**

　　　　1.　　　　Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good

cause," enter an order "requiring that a trade secret or other confidential research, development,

or commercial information not be revealed or be revealed only in a specified way."  *See also*

*Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents

that "meet the definition of trade secret or other categories of bona fide long-term

confidentiality" may be sealed).  Likewise, private health information should be maintained

---

[1]　　The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
　　Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2.     **Trade Secrets** – Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act.[2] *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[3] Under this standard, a protectable trade secret has four characteristics: (1) information; (2) that possesses independent economic value; (3) that is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. *See, e.g.*, *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001); *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245–46 (Ind. Ct. App. 2001); *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000).

3.     Other confidential business or commercial information that does not technically fit the definition of trade secret is similarly entitled to the same level of protection as trade secrets if its disclosure would be harmful physically or economically. *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1-3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").

4.     **Research and Development** – Federal courts, including this court, have consistently held that product development, research, and testing documents and information are

---

[2]   The presence of Cook's headquarters in Indiana justified the application of Indiana trade secret law to the issues here, because Indiana is the state where Cook would feel any injury or harm. *See, e.g.*, *Micro Data Base Sys., Inc. v. Dharma Sys., Inc.*, 148 F.3d 649 (7th Cir. 1998) (applying Indiana choice-of-law principles in a trade-secret case and holding that New Hampshire substantive law governed because the entity holding the trade secrets was headquartered there).

[3]   The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

US.119915267.01

entitled to protection from disclosure as confidential and proprietary business information. Such information constitutes confidential business information because "a competitor's access to [a company's] research and development . . . present[s] potential dangers and may lead to a windfall to the discovering party." *Star Scientific,* 204 F.R.D. at 416 (S.D. Ind. 2001) (Baker, J.); *see also United States ex rel. Long v. GSD&M Idea City LLC*, 2014 WL 12648520, at *2 (N.D. Tex. Jan. 3, 2014) ("[I]nformation in which the producing party has a commercial interest, such as . . . research data, . . . has been found to constitute confidential commercial information."); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (exhibits were "sealable in their entirety because they contain[ed] HP's confidential product testing and evaluation process"); *cf. Andrx Pharm., LLC v. GlaxoSmithKline, PLC,* 236 F.R.D. 583, 586 (S.D. Fla. 2006) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information." (citation omitted)), *affirmed,* 2006 WL 2403942 (S.D. Fla. 2006).

5.     **Post-Market Product Analysis** – Similarly, post-market product analysis is also entitled to protection from disclosure as confidential and proprietary business information. Disclosure of such proprietary post-market analysis information is harmful because it would "provide a blueprint for competitors." *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009); *see also Star Scientific*, 204 F.R.D. at 415 (research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge").

6.     **Sales, Marketing, and Public Relations –** Confidential marketing plans or sales strategies have been held to constitute protectable trade secrets or protected confidential business information. *See, e.g.*, *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995) (trade

- 3 -

secret material for sports drink includes information regarding the pricing, distribution and marketing of the drink and not just the drink formula); *Star Scientific*, 204 F.R.D. at 415 (research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge"); *Burk v. Heritage Serv. Equip.*, 737 N.E.2d 803, 814 (Ind. Ct. App. 2000) (finding that employee unfairly used marketing information and sales strategies in breach of the Indiana trade secrets clause); *see also Brunswick Corp. v. Jones*, 784 F.2d 271 (7th Cir. 1986) (confidential marketing strategies held protectable); *AGS Capital Corp., Inc. v. Prod. Action Intern., LLC*, 884 N.E.2d 294, 311 (Ind. Ct. App. 2008) (stolen information related to marketing strategy would "put [a company's competitors] at a severe disadvantage").  Good cause exists to maintain the confidentiality of such strategic plans and analysis when disclosure of that information would reveal the company's "response to changing market situations and competitive threats within the marketplace, and could therefore give a competitor insight into '[the company's] internal thinking'" and when publicizing this material "would allow [the company]'s competitors the benefit of this information without incurring the effort or expense." *Bradburn Parent/Teacher Store, Inc. v. 3M*, 2004 WL 1146665, at *4 (E.D. Pa. May 19, 2004) (citation omitted).

7.      **Regulatory Affairs** – Courts have held that information related to regulatory compliance and/or submission efforts and strategies constitutes confidential business information. *See, e.g.*, *Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, 2009 WL 3444938, at *1 (E.D. Wisc. Oct. 23, 2009) (good cause existed to seal deposition testimony and internal company emails containing proprietary commercial information and strategy related to an FDA filing).  Such proprietary information, like confidential information regarding pricing and sales,

- 4 -

is confidential because "the information is created to enhance [companies'] business and give them a competitive edge". *Star Scientific*, 204 F.R.D. at 415.

8.      **Complaint Handling** – Internal complaint handling procedures and materials constitute trade secrets in Indiana if they contain (1) information; (2) that derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts reasonable under the circumstances to maintain its secrecy. *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245-46 (Ind. Ct. App. 2001); *see also, e.g.*, *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423-24 (S.D. Ind. 2001); *Rep. Servs. Inc. v. Liberty Mut. Ins. Cos.*, 2006 WL 1635655, at *5 (E.D. Ken. June 9, 2006) (concluding that claims handling and training materials "had economic value to [defendant] due to (1) their confidential nature, (2) the time, effort, and expense [defendant] invested in creating these materials, (3) the evolutionary process surrounding the development of these materials, (4) the competitive nature of the [industry's] business, and (5) the fact that competitors in [that] industry do not disclose information about their claims handling policies and procedures to one another.").

9.      **Internal Information on Corporate Structure and Business Operations** – Courts also have determined that information about a corporation's internal business operations and corporate structure is confidential and proprietary and, therefore, entitled to protection from public disclosure. *E.g., True Health Chiropractic, Inc. v. McKesson Corporation,* 2015 WL 3409721 (USDC N.D. Cal.) (May 27, 2015) at *4 (granting motion to seal confidential and proprietary information about the defendant's internal business operations and corporate structure).

US.119915267.01

10.     **Confidential Financial Information –** Similarly, Courts have determined that highly-sensitive and confidential information including financial records, production records, manufacturing records, sales records, customer information, and vendor information is entitled to protection from public disclosure. *See e.g., ABRO Indus., Inc. v. 1 New Trade, Inc.*, 2015 WL 13655677 (USDC N.D. Ind.) (Sept. 16, 2015) at *3 (granting plaintiff's motion for a protective order with respect to confidential information about its financial records, sales, customers, and pricing).

11.     **Communications with Consulting Experts –** Federal Rule of Civil Procedure 26(b)(4)(D) protects against an opposing party's discovery of facts and/or opinions of "consulting experts" who are retained in anticipation of litigation and not expected to testify at trial.  Furthermore, Federal Rule of Civil Procedure 26(b)(3) protects from discovery documents and tangible things that are prepared in anticipation of litigation by a party's consultant.

12.     **Medical Privacy –** With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

US.119915267.01

Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

13.    The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENTS SOUGHT TO BE SEALED

14.    The Cook Defendants' Response relies on, cites, or discusses Cook confidential business information regarding complaint handling and post-market product analysis and surveillance.

15.    For example, the Cook Defendants' Response relies on, cites, or discusses the following complaint handling and post-market product analysis and surveillance information and documents previously filed under seal:

   a.    The Expert Report of Jon Fryzek, MPH, Ph.D (previously filed under seal by
          Plaintiff at Dkt. 8628-2) - Dr. Fryzek's report extensively discusses Cook's

complaint handling and post-market surveillance.  Dr. Fryzek's report has been designated as "Confidential" by Cook.

b.     Deposition of Lykke Iversen (Dkt. 9602-1) and Single Complaint Report (Dkt. 9602-2) which discuss Cook's complaint handling.

c.     J. Fryzek Trial Testimony in *Hill* (November 1, 2017) which discusses Cook's complaint handling and post-market surveillance.

d.     Deposition of Christy Foreman (Dkt. 8704-1) which discusses complaint handling techniques.  This deposition has be designated "Confidential."

16.     Further, the Cook Defendants' Response relies on, cites, or discusses the Cook confidential business information regarding complaint handling and post-market product analysis and surveillance contained in **Exhibits A and B** to the Response as discussed below.

17.     **Exhibit A** is the deposition transcript of Jon Fryzek, Ph.D., occurring on July 11, 2018.  As part of his testimony, Dr. Fryzek offers opinions related to incidence rates of perforation of Cook's Celect and Tulip filters.  Dr. Fryzek is also asked questions concerning documents produced by Cook marked "Company Confidential," and the deposition transcript itself is designated and stamped: "Confidential – Subject to Protective Order."  Based on the foregoing, this transcript should be maintained under seal for good cause since it contains confidential business information of Cook regarding post-market product analysis and complaint handling.  (Most of Dr. Fryzek's deposition transcript was filed under seal by Plaintiff at Dkt. 8628-3, but Cook is providing the entire transcript, rather than a portion, for the Court's reference.)

18.     **Exhibit B** are excerpts from the deposition transcript of Rita Harden, Cook's Director of Customer Relations and Director of Regulatory Reporting.  Ms. Harden was deposed

on January 22, 2018, as Cook's corporate representative regarding post-market surveillance and regulatory reporting.  Ms. Harden testified concerning Cook's complaint handling process, and her deposition transcript is designated and stamped: "Confidential."  Based on the foregoing, this transcript excerpt should be maintained under seal for good cause since it contains confidential business information of Cook regarding complaint handling.

## DISCUSSION

19.     The Cook Defendants' Response and **Exhibits A and B** contain, reference, or cite internal confidential and proprietary Cook information relating to and concerning complaint handling and post-market product analysis and surveillance.  Such information has been designated as "Confidential" by Cook.

20.     The Cook Defendants' Response and **Exhibits A and B** and the information they contain fit the definition of protected confidential business information because they are and rely on information that is not publicly available and the disclosure of which would pose a serious risk of economic harm to Cook. *See Chaib,* 2014 WL 4794194, at *1-3.

21.     As Cook more fully demonstrated in its May 1, 2017 letter to Magistrate Judge Tim A. Baker and the supporting Declaration of Mark Breedlove (attached hereto as **Exhibit 1**), Cook invests substantial resources into product research, development, and testing, including with regard to Cook's IVC filter technology.   Breedlove Decl. ¶ 6.   Cook maintains strict confidentiality over its research and development ideas, efforts, and results, and considers such information to be proprietary to the company.  *Id.*   And disclosure of such information would therefore result in competitive harm to Cook and could "lead to a windfall to the discovering party."  *Star Scientific*, 204 F.R.D. at 416; Breedlove Decl. ¶¶ 6-7.   Likewise, Cook invests considerable resources in, derives commercial advantage from, and maintains strict

confidentiality over, its post-market product analysis, its sales, marketing, and public relations information, its regulatory affairs strategies and information, and its complaint handling procedures. *Id.* at ¶¶ 8-15. Disclosure of Cook's non-public post-market product analysis, its sales, marketing, and public relations information, its regulatory affairs efforts and strategies, and its complaint handling procedures and information would likewise cause competitive harm to Cook. Breedlove Decl. ¶¶ 8-15; *see EEOC v. Abbott Labs., Inc.*, 2012 WL 3842460, at *2-3 (E.D. Wis. Sept. 5, 2012).

22.     The Court should order The Cook Defendants' Response and **Exhibits A and B** thereto to be maintained under seal for good cause in order to protect Cook's interest in its confidential and proprietary information related to complaint handling and post-market product analysis and surveillance.

23.     A proposed order granting this Motion has been filed with this Motion**.**

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintain under seal The Cook Defendants' Response to Plaintiff's Motion to Exclude the Testimony of Jon Fryzek, MPH, Ph.D. and **Exhibits A and B** thereto.

- 10 -

Respectfully submitted,


Dated:  September 14, 2018                     */s/ Victoria R. Calhoon*
                                               Andrea Roberts Pierson (# 18435-49)
                                               Victoria R. Calhoon (# 28492-49)
                                               Anna C. Rutigliano (# 32743-49)
                                               FAEGRE BAKER DANIELS LLP
                                               300 North Meridian Street, Suite 2700
                                               Indianapolis, Indiana 46204
                                               Telephone: (317) 237-0300
                                               Facsimile: (317) 237-1000
                                               andrea.pierson@faegrebd.com
                                               victoria.calhoon@faegrebd.com
                                               anna.rutigliano@faegrebd.com


                                               *Counsel for the defendants, Cook Incorporated,*
                                               *Cook Medical LLC (f/k/a Cook Medical*
                                               *Incorporated), and William Cook Europe ApS*

US.119915267.01

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

*/s/ Victoria R. Calhoon*　　　　　　　　　

US.119915267.01