IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB

MDL No. 2570

This Document Relates to:
*Brand*; Case No.: 1:14-cv-06018-RLY-TAB

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RELATED
TO DEFENDANTS' TESTIFYING EXPERT DR. DAVID GILLESPIE**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Tonya Brand ("Plaintiff") files

this Motion to Compel Discovery Related to Defendants' Expert Dr. David Gillespie ("Motion to

Compel") and respectfully shows the Court the following:

1.    Defendants have hired vascular surgeon Dr. David Gillespie as a testifying expert

in this litigation.

2.    Defendants produced an expert report signed by Dr. Gillespie on May 30, 2018.[1]

The expert report is 42 single-spaced pages with 139 lengthy footnotes.

3.    Plaintiff's counsel took the deposition of Dr. Gillespie on July 7, 2018.

4.    During the deposition, Dr. Gillespie testified under oath that Defense counsel wrote

portions of his report: "I met with my counsel, and we wrote it together."[2]  Dr. Gillespie further

testified that someone from Defense counsel's law firm typed the expert report.[3]  Incredibly, Dr.

---

[1] *See* Expert Report of Dr. David Gillespie (attached as Exhibit B to Plaintiff's Memorandum in Support of Motion to Compel Discovery Related to Dr. David Gillespie's Deposition).
[2] *See* Dr. David Gillespie Deposition Transcript at 17:4-8 (Attached as Exhibit E to Plaintiff's Memorandum in Support of Motion to Compel Discovery Related to Dr. David Gillespie's Deposition).
[3] *Id.* at 332:19-22.

Gillespie testified that the entire 42 page report – with 139 footnotes – was written during two, six hour meetings with Defense counsel.[4]  Throughout the deposition, Dr. Gillespie had a difficult time recalling basic information in his expert report, and it became apparent that he was unfamiliar with numerous portions of the report's most important content  – no doubt because he did not write it.[5]  Dr. Gillespie repeatedly refused to answer questions or answered non-responsively, likely due to this unfamiliarity.

5.       Caught red-handed, Dr. Gillespie and/or Defense counsel then took the extraordinary step of altering Dr. Gillespie's billing invoices **after the deposition** to make it appear as though the Dr. Gillespie had worked extensively to write the report.  The undisputed evidence demonstrates that Dr. Gillespie presented a billing invoice at the July 7 deposition showing that he spent only 9 hours "working on writing my deposition" for the period of May 17, 2018 thru June 1, 2018.[6]  In a blatant attempt to change the evidence, just three days later on July 10, Defense counsel emailed to Plaintiff's counsel a new billing invoice for the identical time period – but with a **completely different description of activities** for Dr. Gillespie.[7]  In the new bill, Defense counsel and/or Dr. Gillespie deleted all of the activity descriptions listed on the invoice that they had produced at the deposition.[8]  Instead, they attached a new, separate page with entirely different activity descriptions purporting to show that Dr. Gillespie had spent **double** the amount of time writing the report![9]

---

[4] *Id*. at 18:15-25 and 19:1-12.
[5] *Id.* at 68:12-24, 71:19-23, 147:16-23, 207:2-6, and 222:5-9.
[6] The invoice is attached to the Deposition Transcript of Dr. Gillespie as Exhibit 4.
[7] *See* Second invoice for Dr. David Gillespie covering May 17-June 1, 2018 (attached as Exhibit G to Plaintiff's Memorandum in Support of Motion to Compel Discovery Related to Dr. David Gillespie's Deposition).
[8] *Id.*
[9] *Id.*

6.      In another additional effort to cover up the true genesis of the report, on August 10, 2018, Dr. Gillespie submitted an "Errata" sheet that contradicted his deposition testimony.[10]  In Dr. Gillespie's revisionist history, he "met with counsel on several other occasions and spent time writing and editing the report on my own without counsel present."[11]

7.      "Experts should not be attorneys' puppets who merely parrot opinions ginned up by counsel."  *Johnson v. City of Rockford,* 2018 WL 1508482, at *6 (N.D. Ill. March 27, 2018).

8.      The work product doctrine does not apply to draft reports when counsel provides facts, data, or assumptions that are incorporated into the final report.  *United States ex rel. Wall v. Vista Hospice Care,* 319 F.R.D. 498, 508-509 (N.D. Tex. 2016); *see also Johnson,* 2018 WL 1508482, at *5-6.  When counsel takes over the expert's function, it cannot be fairly said that the report was "prepared" by the expert – and the work product doctrine does not apply.  *See Johnson,* 2018 WL 1508482 at *4 n.1, citing *Bekaert Corp. v. City of Dyersburg,* 256 F.R.D. 573, 578 (W.D. Tenn. 2009).  Moreover, Federal Rule of Civil Procedure 26(b)(4) does not protect the identity of the person who typed an expert report.  *See Johnson*, 2018 WL 1508482, at *5-7.  Therefore, the Court should grant this Motion to Compel and allow Plaintiff to discover (a) email and other correspondence between Dr. Gillespie and Defense counsel; (b) drafts of Dr. Gillespie's expert report; and (c) the identity of the person(s) who typed Dr. Gillespie's drafts and final expert report, along with the identification of the portions typed by each such person.

---

[10] *See* Errata Sheet of Dr. David Gillespie (Attached as Exhibit H to Plaintiff's Memorandum in Support of Motion to Compel Discovery Related to Dr. David Gillespie's Deposition).
[11]*Id.*

9.      Plaintiff's deposition notice to Dr. Gillespie contained a series of document requests.  Defendants' objections to Request Nos. 3, 5 and 6 are legally incorrect and without foundation.  Plaintiff's document requests seek various facts and data provided by Defense counsel and considered by Dr. Gillespie, as allowed by Federal Rule of Civil Procedure 26(b)(4)(C). Defendants' work product objections under Rule 26(b)(4)(B) are legally inappropriate, because the plain language of the Rule allows discovery of facts and data provided by counsel.  Defendants' statement that they have provided all documents "relied upon" by Dr. Gillespie is a legal red herring, because the Rule allows discovery of facts or data considered by the expert, which is much broader than "relied upon."   Therefore, the Court should grant Plaintiff's Motion to Compel and order Defendants to produce all documents responsive to Request Nos. 3, 5, and 6 in accordance with Rule 26(b)(4)(C).

10.     Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The conduct of Defendant, Dr. Gillespie, and/or Defense counsel necessitated this Motion to Compel.  Therefore, Plaintiff requests that Defendant, Dr. Gillespie, and/or Defense counsel pay Plaintiff's reasonable expenses incurred in making the Motion to Compel, including attorneys' fees.

For all of the foregoing reasons, Plaintiff requests that the Court grant this Motion to Compel Discovery Related to Defendants' Testifying Expert Dr. David Gillespie – and order Defendants to produce to Plaintiff's counsel: (a) email and other correspondence between Dr. Gillespie and Defense counsel; (b) drafts of Dr. Gillespie's expert report; (c) an affidavit identifying the person(s) who typed Dr. Gillespie's expert report and who typed each portion; and (d) documents responsive to Request Nos. 3, 5, and 6 attached to Dr. Gillespie's Deposition Notice. Plaintiff also requests that the Court order Defendants to produce Dr. Gillespie and all authors and typists of his report for deposition within a reasonable time after production of the aforementioned documents. Plaintiff further seeks her reasonable expenses, including attorneys' fees, along with all further relief to which she is justly entitled.

Date: September 19, 2018

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlins Street, Suite #1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
Email: bmartin@bencmartin.com
Plaintiffs' Co-Lead Counsel

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006

5

Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com
*Plaintiffs' Co-Lead Counsel*

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2018, a copy of Plaintiffs' Motion to Compel Discovery Related to Defendants' Testifying Expert Dr. David Gillespie was served on counsel of record listed below by electronic mail and first class U.S. Mail:

| | |
|---|---|
| Andrea Roberts Pierson<br>andrea.pierson@FaegreBD.com<br>Victoria R. Calhoon<br>victoria.calhoon@gaegrebd.com<br>Anna C. Rutigliano<br>anna.rutigliano@gaegrebd.com<br>**Faegre Baker Daniels LLP**<br>300 N. Meredian Street, Suite 2700<br>Indianapolis, IN 46204 | Charles Webber<br>chuck.webber@faegrebd.com<br>**Faegre Baker Daniels LLP**<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |

*/s/ Ben C. Martin*
Ben C. Martin