# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                  MDL No. 2570

_____

This Document Relates to Plaintiff

    *Tonya Brand*
    No. 1:14-cv-06018-RLY-TAB

_____

## COOK DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE TO TAKE THE VIDEOTAPED ORAL DEPOSITION OF DEFENSE EXPERT DAVID GILLESPIE, MD WITH SCHEDULE A REQUEST FOR DOCUMENTS

Defendants Cook Incorporated, Cook Medical, LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants") respond and object to Plaintiff's Notice to Take the Videotaped Oral Deposition of Defense Expert David Gillespie, MD ("Notice"), including the requests for documents included in Schedule A (the "Requests") as follows:

## GENERAL OBJECTIONS

1.      The Cook Defendants object to the Requests to the extent that they seek to impose a burden on Dr. David Gillespie, M.D. ("Dr. Gillespie") that is greater than the burdens imposed by the Federal Rules of Civil Procedure.

2.      The Cook Defendants object to the Requests to the extent they seek documents and information sheltered from disclosure by the trial-preparation protection provisions for draft reports or disclosures found in Federal Rule of Civil Procedure 26(b)(4)(B) and for communication between a party's attorney and expert witnesses found in Rule 26(b)(4)(C).

3.      The Cook Defendants object to the Requests to the extent they seek documents and information publicly available and equally-accessible to Plaintiffs in this litigation, including documents produced in response to written discovery in this action.

4.      The Cook Defendants object to the Requests that are not reasonably limited in time or scope, including but not limited to the phrases "all" or "any" documents. As a result, these Requests are not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the Parties' relative access to relevant information, the Parties' resources, the importance of the information in resolving the issues, and whether the burden or expense of the Requests outweighs their likely benefit. Thus, Dr. Gillespie has undertaken a reasonably diligent and proportional search for the documents and information sought in the Requests.

5.      The Cook Defendants object to the Requests to the extent they are duplicative; overbroad; unduly burdensome, due to the time and expense involved with identifying, collecting, and preparing for production every document referenced in a responsive document; and seek documents not relevant to any party's claims or defenses, as they require the production of documents that have no bearing on the products at issue in this case.

6.      These General Objections are incorporated into each response below.  To the extent that any of the General Objections are cited specifically in response to any topic or request, those citations are provided for the benefit of Plaintiff to supply extra clarity as to the specific bases for objecting to a particular topic or request and do not constitute a waiver of any other objections.  During the deposition, the Cook Defendants reserve the right to present further objections to the nature and scope of Plaintiff's examination.

2

## SPECIFIC OBJECTIONS AND RESPONSES TO EXHIBIT A

**REQUEST NO. 1**:  All documents or information reviewed, considered, and/or relied on by you in forming your opinions and drafting your report, including, but not limited to, all materials listed on any appendices, materials reviewed lists, or any similar list contained in your report(s) in this litigation. Documents produced by the Cook Defendants in this litigation that are identified by Bates Number in your report and medical/scientific literature that is publicly available for purchase, however, need not be produced.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to Request No. 1 on the basis that it is vague, ambiguous, overly broad, and unduly burdensome.  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that a copy of Dr. Gillespie's updated reliance list will be produced at deposition.  However, by prior agreement, articles that are generally available in the public domain do not need to be produced.  In addition, all discovery materials, medical records, and Cook documents relied upon have been previously produced. Consequently, all documents or information that were relied upon by Dr. Gillespie in preparation for this deposition or in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 2**:  All billing records generated by you or by any other entity that document the compensation you have received or will receive for your work in this litigation and other litigation related to IVC filters.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request because the phrase "other litigation related to IVC filters" renders the Request overbroad, unduly burdensome, not relevant, and imposes limits beyond those set forth in the Federal Rules of Civil Procedure.  Subject to and without waiving said objections, any billing submitted by Dr. Gillespie to date regarding the Brand matter will be produced at deposition.

3

**REQUEST NO. 3:**   Any correspondence, e-mails, or other communications between you and any third party, including any persons who assisted with your report, that pertain to this litigation and the issues related to it. Correspondence, e-mails, or other communications with the attorneys for Defendants shall be produced if and only if those communications:

    a.       Relate to compensation for your study or testimony;
    b.       Identify facts or data that Defendants' attorneys provided and that you considered in forming any opinion expressed in your report; or
    c.       Identify assumptions Defendants' attorneys provided and that you relied upon in forming your opinions. *See* Fed. R. Civ. P. 26(b)(4)(C).

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to Request No. 3 on the basis that it is vague, ambiguous, overly broad, and unduly burdensome.  Moreover, this Request seeks documents and information sheltered from disclosure by the trial-preparation protection provisions for draft reports or disclosures found in Federal Rule of Civil Procedure 26(b)(4)(B) and for communication between a party's attorney and expert witnesses found in Rule 26(b)(4)(C).  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession.  An updated reliance list will be produced at the time of deposition.  All responsive invoices that currently exist will be produced at deposition.

**REQUEST NO. 4:**   All correspondence with any other expert in this case which refers or relates to this case, including all documents received by you from any other expert in this case, including, but not limited to: Michael Ferrante, Evan Fogel, Christy Foreman, Scott Robertson, Bennett Leventhal, Renu Virmani, Kenneth Renkens, Timothy Morris, William Turton, or any other person you knew or believed to be an expert retained by Defendants to provide opinions in this litigation.

4

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.   Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession.   An updated reliance list will be produced at the time of deposition.   All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 5**:   Raw data returned from any literature search done by you or someone working under your direction, including any reports of the number of articles returned by the search, any identification of the abstracts or articles returned by the search, and any copies of abstracts or articles downloaded from the search.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.   Moreover, this Request seeks documents and information sheltered from disclosure by the trial-preparation protection provisions for draft reports or disclosures found in Federal Rule of Civil Procedure 26(b)(4)(B) and for communication between a party's attorney and expert witnesses found in Rule 26(b)(4)(C).   Subject to and without waiving any of the foregoing objections, there are no responsive documents.

**REQUEST NO. 6**:   All notes, modeling, statistical analyses, finite element analysis, other analyses, test documents, projections, calculations, estimations, graphs, tables, charts, animations, recordings (visual or audio), drawings, or other materials generated or written by you, or considered by you but generated by someone working under your supervision and direction, that relate to your work and opinions in this litigation.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.   Moreover, this Request seeks documents and information sheltered from disclosure by the trial-preparation protection provisions for draft reports or

disclosures found in Federal Rule of Civil Procedure 26(b)(4)(B) and for communication between a party's attorney and expert witnesses found in Rule 26(b)(4)(C).  Subject to and without waiving any of the foregoing objections, any responsive documents will be provided at the deposition.

**REQUEST NO. 7**:  Any protocol developed or adopted to guide your methodology.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  Subject to and without waiving said objections, there are no responsive documents.

**REQUEST NO. 8**:  Any report, government or industry standard or guidance document, regulation, white paper, study, statistical data, article, memorandum, book, essay, or other literature (draft or otherwise) relied on by you in forming your opinions, and which is not readily accessible to the public.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession.  An updated reliance list will be produced at the time of deposition.  All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 9**:   Any document that constitutes, contains, or reflects any communication by you (or anyone working on your behalf) to anyone at FDA or by anyone at

FDA to you (or anyone working on your behalf) which was reviewed or considered by you in forming your opinions.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  Subject to and without waiving said objections, there are no responsive documents.

**REQUEST NO. 10**:  Any audio or visual recording or animation including, but not limited to, podcasts, documentaries, news broadcasts, or any other audio/video recording reviewed, considered, and/or relied on by you in forming your opinions or drafting your report.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  Subject to and without waiving said objections, there are no responsive documents.

**REQUEST NO. 11**:  Any pathological or histological specimen or other tissue reviewed, considered and/or relied upon by you in forming your opinions or drafting your report.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  Subject to and without waiving said objections, there are no responsive documents.

**REQUEST NO. 12**:  Any photograph, x-ray, CT scan, MRI, fluoroscopy, venogram, or other image reviewed, considered, and/or relied on by you in forming your opinions or drafting your report.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession.  An updated reliance list will be produced at the time of deposition.  All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 13**:  Screenshots of any website or social media page reviewed, considered, and/or relied upon by you in forming your opinions and drafting your report.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession.  An updated reliance list will be produced at the time of deposition.  All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 14**:  Any document or information from any other case or litigation that you reviewed, considered, and/or relied on in forming your opinions and drafting your report, including testimony and affidavits by any witness in any litigation.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession.  An updated reliance list will be produced at the time of deposition.  All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 15**:  Any marketing material, advertisement, labeling, or business record of a Cook competitor, including, but not limited to materials from C.R. Bard, Inc., Argon Medical Devices, Inc., ALN, B. Braun, Cordis, Rex Medical, and Boston Scientific Corporation, that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  Subject to and without waiving said objections, there are no responsive documents.

**REQUEST NO. 16**:  Any marketing material, advertisement, labeling, or business record of a Cook entity that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

9

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession.  An updated reliance list will be produced at the time of deposition.  All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 17**:  Any demonstrative exhibits, including samples of devices or tools referenced in your report that you are considering using if called to testify or which you relied on in forming your opinions or drafting your report.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object that this Request is premature.  At this time, the demonstrative exhibits that Dr. Gillespie may use to assist him in his testimony are unknown with any degree of specificity.  That being said, Dr. Gillespie may use any of the documents he considered and identified in his report and/or reliance list and any demonstrative exhibits previously used in this litigation.  The Cook Defendants will supplement this Request as a later date and in accordance with the Court's deadline for such disclosures.

**REQUEST NO. 18**:  Any original or first generation photograph, x-ray, CT scan, MRI , fluoroscopy, venogram, or other image reviewed, considered, and/or relied on by you in forming your opinions and drafting your report.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the

basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference. The Cook Defendants further object that the request is vague and ambiguous as to the terms "original or first generation." Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession. An updated reliance list will be produced at the time of deposition. All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 19**: Any industry or professional standards that you reviewed, considered, and/or relied on, or were otherwise guided by, in forming your opinions and drafting your report.

**OBJECTION/RESPONSE**: The Cook Defendants restate and incorporate by reference each of their General Objections. The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference. Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession. An updated reliance list will be produced at the time of deposition. All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 20**:  Your most current curriculum vitae.

**OBJECTION/RESPONSE**:   A copy of the requested document has already been produced as an exhibit to Dr. Gillespie's report and is in Plaintiff's possession.

**REQUEST NO. 21**:  All notes, modeling, finite element analysis, other analyses, test documents, calculations, photographs, films or other materials that relate to, or that you reviewed or rely upon for, your work or opinions in this litigation.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  The Cook Defendants further object that the request is vague, ambiguous, overbroad, and compound.  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession.  An updated reliance list will be produced at the time of deposition.  All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 22**:  A first generation or original copy of any photographs or images taken of IVC filters that relate to, or that you reviewed or rely upon for, your work or opinions in this litigation.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  The Cook Defendants further object that the request

12

is vague and ambiguous as to the terms "first generation or original copy."  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession.  An updated reliance list will be produced at the time of deposition.  All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 23**: All IVC filters inspected by you or others to the extent such inspection relates to, or to the extent you rely upon such inspection for, your work or opinions in this litigation.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is duplicative of Requests including but not limited to Request No. 1, the response to which is hereby incorporated by reference.  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that all documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are outlined in his report and reliance list, a copy of which has already been produced and is in Plaintiff's possession.  An updated reliance list will be produced at the time of deposition.  All documents or information that were relied upon by Dr. Gillespie in forming his opinions in this litigation are either in Plaintiff's possession already or are publicly available.

**REQUEST NO. 24**:  All syllabi, handouts, PowerPoint slides (including notes), or other documents related to: (a) any speeches/lectures or major presentations identified in your CV and/or from (b) any other presentations you have given relating to any matter on which you give an opinion in this case, including but not limited to being a postgraduate course speaker on IVC filters (page 13 of CV) and the following "Major Presentations" listed on your CV: #s 54, 57, 77, 86, 104, 106, 118, 139, 145, 148, 162, 170, 172, 185, 194, 211, 242, 268, and 274.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to Request No. 24 on the basis that it is vague, ambiguous, overly broad, and unduly burdensome.  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that any responsive presentations of Dr. Gillespie are listed in his CV, a copy of which has been produced and is in Plaintiff's possession.  To the extent that responsive documents are available in the public domain, they are equally available to Plaintiff and will not be produced.  Any additional responsive documents in Dr. Gillespie's possession, custody, or control than can be located following a reasonably diligent search in view of the limited notice given by Plaintiff will be produced at deposition.

**REQUEST NO. 25**:  Copies of 1099s, payment stubs, tax returns, invoices, bills, or other documents showing the amount billed and/or paid to you for your expert work in IVC filter litigation against Cook and/or other IVC filter manufacturers.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants also restate and incorporate by reference their Objection/Response to Request No. 2.  Dr. Gillespie otherwise objects to this request because it unduly invades his privacy and seeks more information and documents than are needed to discover relevant information.  Furthermore, this request is overly broad and not proportional to the needs of the case.

**REQUEST NO. 26**:  Copies of 1099s, payment stubs, tax returns, invoices/bills, or other documents showing the amount paid to you or to any entity with which you are affiliated by any Cook entity for speeches, presentations, trainings, studies, or any other work of any nature whatsoever.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants also restate and incorporate by reference

14

their Objection/Response to Request No. 2.  Dr. Gillespie otherwise objects to this request because it unduly invades his privacy and seeks more information and documents than are needed to discover relevant information.  Furthermore, this request is overly broad, unduly burdensome, seeks documents outside the possession, custody, or control of Dr. Gillespie, and is not proportional to the needs of the case.

**REQUEST NO. 27**:  All documents, notes, emails, and communications related to your work as Co-chair of the FDA's consensus panel on IVC filters in 2011, as discussed on page 2 of your report and page 12 of your CV.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to Request No. 27 on the basis that it is vague, ambiguous, overly broad, and unduly burdensome.  Furthermore, Dr. Gillespie objects to the extent that the documents sought are confidential.  Subject to and without waiving any of the foregoing objections, the Cook Defendants state that to the extent that responsive documents are available in the public domain or have already been produced to Plaintiff, they are equally available to Plaintiff and will not be produced.  Any additional responsive documents in Dr. Gillespie's possession, custody, or control than can be located following a reasonably diligent search in view of the limited notice given by Plaintiff will be produced at deposition. If any documents are located but are confidential, the confidential documents will not be produced.

**REQUEST NO. 28**:  All documents, notes, emails, drafts, data, and communications related to your work as Co-Principal Investigator for the PRESERVE study, as discussed on page 2 of your report and pages 18 and 59 of your CV.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to Request No. 28 on the basis that it is vague, ambiguous, overly broad, and unduly burdensome.  Furthermore, Dr.

Gillespie objects to the extent that the documents sought are confidential.  Dr. Gillespie's report does not mention or rely upon any responsive materials other than those that are in the public domain or have already been produced to Plaintiff, which are equally available to Plaintiff. Subject to and without waiving any of the foregoing objections, the Cook Defendants state that to the extent that responsive documents are available in the public domain, they are equally available to Plaintiff and will not be produced.  Any additional responsive documents in Dr. Gillespie's possession, custody, or control than can be located following a reasonably diligent search in view of the limited notice given by Plaintiff will be produced at deposition. If any documents are located but are confidential, the confidential documents will not be produced.

**REQUEST NO. 29**:  All documents, data, emails and communications regarding any follow-up or tracking you or anyone on your behalf has done to determine the frequency or rate of complications (including but not limited to perforation, penetration, migration, tilt and/or fracture) in your patients from or associated with any IVC filter (whether manufactured by Cook or any other entity), or from IVC filters generally.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to Request No. 29 on the basis that it is vague, ambiguous, compound, overly broad, and unduly burdensome. Furthermore, Dr. Gillespie objects to the extent that the documents sought are confidential. Subject to and without waiving any of the foregoing objections, the Cook Defendants state that to the extent that responsive documents are available in the public domain or have already been produced to Plaintiff, they are equally available to Plaintiff and will not be produced.  Any additional responsive documents in Dr. Gillespie's possession, custody, or control than can be located following a reasonably diligent search in view of the limited notice given by Plaintiff will be produced at deposition. If any documents are located but are confidential, the confidential

documents will not be produced. Patient medical records and any other protected health information are confidential and privileged and will not be produced.

**REQUEST NO. 30**:  Documents, forms, protocols, communications and data regarding the methods you or others on your behalf use to track and/or follow-up on your patients with IVC filters to determine if and when they have developed complications, including but not limited to DVT, PE, perforation, penetration, migration, tilt and/or fracture.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to Request No. 30 on the basis that it is vague, ambiguous, compound, overly broad, and unduly burdensome. Furthermore, Dr. Gillespie objects to the extent that the documents sought are confidential. Subject to and without waiving any of the foregoing objections, the Cook Defendants state that to the extent that responsive documents are available in the public domain or have already been produced to Plaintiff, they are equally available to Plaintiff and will not be produced.  Any additional responsive documents in Dr. Gillespie's possession, custody, or control than can be located following a reasonably diligent search in view of the limited notice given by Plaintiff will be produced at deposition. If any documents are located but are confidential, the confidential documents will not be produced. Patient medical records and any other protected health information are confidential and privileged and will not be produced.

**REQUEST NO. 31**:  Forms, protocols, and other documents regarding, relating to, or constituting the methods you employ to determine when it is appropriate to place IVC filters in your patients and when it is appropriate to retrieve IVC filters from your patients.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to Request No. 31 on the basis that it is vague, ambiguous, compound, overly broad, and unduly burdensome. Furthermore, Dr. Gillespie objects to the extent that the documents sought are confidential.

17

Subject to and without waiving any of the foregoing objections, the Cook Defendants state that to the extent that responsive documents are available in the public domain or have already been produced to Plaintiff, they are equally available to Plaintiff and will not be produced.  Any additional responsive documents in Dr. Gillespie's possession, custody, or control than can be located following a reasonably diligent search in view of the limited notice given by Plaintiff will be produced at deposition. If any documents are located but are confidential, the confidential documents will not be produced. Patient medical records and any other protected health information are confidential and privileged and will not be produced.

**REQUEST NO. 32**:  All data, studies, records, photographs, video, images, tracking, and other documents upon which you rely for the statements in your report regarding your clinical experience, including but not limited to:

    a.   your statement on page 6 regarding seeing filters capture clots;

    b.   your statement on page 6 regarding deaths from PE in patients with and without filters;

    c.   your statement on page 10 that based on your clinical experience, penetration/perforation are of no clinical significance;

    d.   your statement on page 11 that in your own patients, you have rarely (if ever) seen a fracture and you have never seen a patient with a symptomatic fracture;

    e.   your statement on page 11 that you find the Celect in your patients to be effective in preventing PE; and

    f.   your statement on page 37-38 that you have found the Gunther Tulip, Celect Platinum and Celect to perform quite well in your own clinical experience and to perform similarly with respect to tilt, penetration/perforation, fracture, and retrievability.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to Request No. 32 on the

basis that it is vague, ambiguous, compound, overly broad, and unduly burdensome. Furthermore, Dr. Gillespie objects to the extent that the documents sought are confidential. Subject to and without waiving any of the foregoing objections, the Cook Defendants state that to the extent that responsive documents are available in the public domain or have already been produced to Plaintiff, they are equally available to Plaintiff and will not be produced.  Any additional responsive documents in Dr. Gillespie's possession, custody, or control than can be located following a reasonably diligent search in view of the limited notice given by Plaintiff will be produced at deposition. If any documents are located but are confidential, the confidential documents will not be produced. Patient medical records and any other protected health information are confidential and privileged and will not be produced.

**REQUEST NO. 33**:  Drafts, correspondence (including with journals submitting drafts and from readers of the published pieces), reviewer comments, and author responses to reviewer comments related to the following publications:

    a. Hislop S., et al., *Correlation of Intravascular Ultrasound and Computed Tomography Scan Measurements for Placement of Intravascular Ultrasound-Guided Inferior Vena Cava Filters*, J VASC SURG. 2014; 59(4): 1066-72 [Peer-reviewed Publication #87 on CV];

    b. Qi Y, et al., *Intravascular Ultrasound-Guided IVC Filters In the ICU Population*, Journal of Vascular Surgery, Volume 53, Issue 6, Supplement, June 2011, pages 69S-70S [Abstract #23 on CV]; and

    c. Kaufman, JA, et al., *Development of a Research Agenda for Inferior Vena Cava Filters: Proceedings from a Multidisciplinary Research Consensus Panel* (J. Vasc. Interv Radiol. 2009 Jun;20(6): 697-707 [Peer-reviewed Publication #65 on CV];

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to Request No. 33 on the basis that it is vague, ambiguous, compound, overly broad, and unduly burdensome. Furthermore, Dr. Gillespie objects to the extent that the documents sought are confidential.

19

Subject to and without waiving any of the foregoing objections, the Cook Defendants state that to the extent that responsive documents are available in the public domain or have already been produced to Plaintiff, they are equally available to Plaintiff and will not be produced.  Any additional responsive documents in Dr. Gillespie's possession, custody, or control than can be located following a reasonably diligent search in view of the limited notice given by Plaintiff will be produced at deposition. If any documents are located but are confidential, the confidential documents will not be produced.

**REQUEST NO. 34**:  Any other documents that you reviewed or considered in connection with formulating and supporting your opinions in this case and which are not otherwise called for in these requests.

**OBJECTION/RESPONSE**:  The Cook Defendants restate and incorporate by reference each of their General Objections.  The Cook Defendants further object to this Request on the basis that it is vague, ambiguous, overbroad, and compound, both in itself and by referring to other Requests that are themselves vague, ambiguous, overbroad, and/or compound.  The Cook Defendants therefore restate and incorporate by reference their Objections/Responses to each of the foregoing Requests.  Subject to and without waiving any of the foregoing objections, all documents on which Dr. Gillespie relied are reflected on his reliance list, a copy of which will be produced at his deposition.  Any documents that are responsive to this Request are either in Plaintiff's possession already or are publicly available.

Dated:  July 5, 2018

Respectfully submitted,

**FAEGRE BAKER DANIELS LLP**

By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Victoria R. Calhoon (# 28492-49)
Anna C. Rutigliano (# 32743-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Andrea.pierson@faegrebd.com
Victoria.calhoon@faegrebd.com
Anna.rutigliano@faegrebd.com

Charles Webber (# 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-8719
Facsimile: (612) 766-1600
Chuck.webber@faegrebd.com

**ATTORNEYS FOR THE COOK
DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of July, 2018, a copy of the foregoing Responses and

Objections to Plaintiff's Notice to Take the Videotaped Oral Deposition of Defense Expert David

Gillespie, MD With Schedule A Request for Documents was served on the following counsel of

record by email and first class mail, postage prepaid:

Ben C. Martin (bmartin@bencmartin.com)
Thomas W. Arbon (tarbon@bencmartin.com)
**LAW OFFICE OF BEN C.MARTIN**
3710 Rawlins Street, Suite #1230
Dallas, TX 75219

Michael W. Heaviside (mheaviside@hrzlaw.com)
**HEAVISIDE REED ZAIC**
312 Broadway, Suite 203
Laguna Beach, CA 92651

David P. Matthews (dmatthews@thematthewslawfirm.com)
**MATTHEWS &ASSOCIATES**
2905 Sackett Street
Houston, TX 77098

Joseph Williams (jwilliams@rwp-law.com)
**RILEY WILLIAMS &PIATT LLC**
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson