# EXHIBIT G

```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
 2                      INDIANAPOLIS DIVISION

 3

 4  IN RE: COOK MEDICAL, INC.,      )
    IVC FILTERS MARKETING, SALES    ) Cause No.
 5  PRACTICES AND LIABILITY,        ) 1:14-ML-2570- RLY-TAB
    LITIGATION                      ) Evansville, Indiana
 6                                  ) September 25, 2017
                                    ) 9:13 a.m.
 7                                  )

 8

 9

10               Before the Honorable
                 RICHARD L. YOUNG
11
              OFFICIAL REPORTER'S TRANSCRIPT OF
12                    MOTIONS HEARING

13

14

15  For Plaintiffs:            David P. Matthews, Esq.
                               MATTHEWS & ASSOCIATES
16                             2905 Sackett Street
                               Houston, TX  77098
17

18                             David C. DeGreeff, Esq.
                               WAGSTAFF & CARTMELL LLP
19                             4740 Grand Avenue, Suite 3000
                               Kansas City, MO  64112
20

21                             Matthew D. Schultz, Esq.
                               LEVIN PAPANTONIO THOMAS MITCHELL
22                             RAFFERTY & PROCTOR PA
                               316 S. Baylen Street, Suite 600
23                             Pensacola, FL  32502

24

25
```

| | | |
|---|---|---|
| 17:13:33 | 1 | standards, which he hadn't mentioned at all in his report.  He |
| 17:13:36 | 2 | says that well, yes, the industry standards are essentially |
| 17:13:39 | 3 | defined by the FDA regulations.  So they're still -- violation |
| 17:13:43 | 4 | of industry standards is what I'm concerned about here. |
| 17:13:46 | 5 | Again, he didn't put that in his report. |
| 17:13:48 | 6 | What I'm concerned about is that if you foreclose us |
| 17:13:53 | 7 | and the plaintiffs from talking about FDA regulations and the |
| 17:13:56 | 8 | 510(k) process specifically, plaintiffs will simply try to |
| 17:14:00 | 9 | shift all that to industry standards; and then we will have to |
| 17:14:04 | 10 | come back and say well, if the industry standard was to follow |
| 17:14:07 | 11 | the FDA regulations and the FDA processes, then we've got to |
| 17:14:10 | 12 | be able to bring in all the information about the 510(k) |
| 17:14:14 | 13 | process because that demonstrates that we were complying with |
| 17:14:17 | 14 | industry standards.  I just want to raise that now.  We've got |
| 17:14:21 | 15 | a separate motion in limine addressing that issue of |
| 17:14:24 | 16 | Dr. Kessler extending his testimony from his report, but I |
| 17:14:28 | 17 | wanted to alert the Court to it because it does relate to the |
| 17:14:31 | 18 | ruling in this issue.  Thank you. |
| 17:14:33 | 19 | THE COURT:  Thank you.  Regarding the motion filed |
| 17:14:46 | 20 | by the plaintiffs regarding the 510(k), the Court will grant |
| 17:14:52 | 21 | that motion.  I find they raise some relevance to it, some |
| 17:14:59 | 22 | contextual to it but I believe any relevance is substantially |
| 17:15:03 | 23 | outweighed by the risk of prejudice here.  Mr. Jones, you were |
| 17:15:11 | 24 | very earnest in your argument here but it's hard for a |
| 17:15:15 | 25 | District Court to tell the Supreme Court that I'm not going to |

| | | |
|---|---|---|
| 17:15:19 | 1 | follow what their precedent is.  And it seems that *Lohr* is |
| 17:15:23 | 2 | pretty strong precedent in this area and the 4th Circuit has |
| 17:15:28 | 3 | followed that, and I believe the 7th Circuit would follow that |
| 17:15:32 | 4 | as well.  So 510(k) evidence won't come in. |
| 17:15:39 | 5 | And just as a personal aside here.  All these cases, |
| 17:15:45 | 6 | judges are always educated in some fashion about industries or |
| 17:15:51 | 7 | products, patents, process, that type of thing.  When I |
| 17:15:57 | 8 | started digging into this case and trying to learn a little |
| 17:16:00 | 9 | bit about it, I didn't know the difference between a PMA and a |
| 17:16:06 | 10 | 510(k).  Just assumed that if it's going in front of the FDA, |
| 17:16:11 | 11 | it's all safety related; but it appears not.  That's not the |
| 17:16:16 | 12 | case. |
| 17:16:17 | 13 | A PMA, of course, signs off on safety but then |
| 17:16:24 | 14 | subsequent to that, if a new product comes out, it just seems |
| 17:16:28 | 15 | to me is there product equivalent to what we signed off before |
| 17:16:31 | 16 | and that's all they're doing.  So I think the confusion there, |
| 17:16:36 | 17 | I initially assumed that that was all safety related but it's |
| 17:16:42 | 18 | not.  And so I think the risk of misleading the jury and |
| 17:16:47 | 19 | causing jury confusion bringing in 510(k) evidence would cause |
| 17:16:53 | 20 | that -- cause that problem for the jury.  So we'll grant that |
| 17:16:58 | 21 | motion. |
| 17:16:59 | 22 | MS. PIERSON:  Your Honor, just one clarifying point. |
| 17:17:01 | 23 | We obviously heard exactly what you previously -- exactly what |
| 17:17:05 | 24 | you just said.  But as that ruling applies to Dr. Kessler's |
| 17:17:10 | 25 | testimony -- |