**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-06018-RLY-TAB

**THE COOK DEFENDANTS' BRIEF**
**IN SUPPORT OF PLAINTIFF'S MOTION TO**
**MAINTAIN DOCUMENTS UNDER SEAL [DKT. NO. 8575]**

**I.      INTRODUCTION**

Plaintiff has filed Plaintiff's Brief in Support of Motion to Exclude Impermissible Expert

Testimony of Richard Reisman, M.D. [Dkt. No. 8572] ("Plaintiff's Brief in Support of Motion to

Exclude").   Plaintiff has submitted as supporting exhibits various documents designated as

"Company Confidential" or "Confidential" by the Cook Defendants[1], pursuant to Case

Management Order #8 (Stipulated Protective Order on Confidential Information).  In accordance

with Local Rules 5-11(d)(1) and 5-11(d)(2)(A)(ii), Plaintiff filed these confidential documents

**(Plaintiff's Exhibit B [Dkt. Nos. 8574-1 through 8574-8])** *under seal.*  Further, Plaintiff has

filed Plaintiff's Motion to Maintain Documents Under Seal [Dkt. No. 8575].

As the parties designating the documents as confidential, the Cook Defendants submit

this Brief in Support of Plaintiff's Motion to Maintain Documents Under Seal and respectfully

request that the Clerk of this Court maintain these confidential documents ***under seal***.

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
     Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

The Clerk should maintain **Plaintiff's Exhibit B [Dkt. Nos. 8574-1 through 8574-8]** to Plaintiff's Brief in Support of Motion to Exclude under seal because there is good cause for sealing such documents.  The documents are the deposition transcript of Richard Reisman, M.D., occurring on February 22, 2018, and Cook's Affirmative Designations of excerpts from the deposition transcript.  In his deposition, Dr. Reisman discusses Plaintiff Mrs. Brand's medical conditions and his treatments thereof.  There is good cause to maintain the documents **under seal** in order to protect Mrs. Brand's interest in the privacy of her sensitive and confidential medical information.

## II.    THE APPLICABLE LEGAL STANDARD

1.      Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed).  Likewise, private health information should be maintained under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2.      **Medical Privacy –** With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26,

US.119809557

2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at \*3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at \*3.

3.      The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## III.    THE CONFIDENTIAL DOCUMENTS AT ISSUE THAT SHOULD BE MAINTAINED UNDER SEAL

**Exhibit B [Dkt. Nos. 8574-1 through 8574-8]** are the deposition transcript of Richard Reisman, MD (presented and highlighted with Cook's Affirmative Designations thereof), occurring on February 22, 2018.  As part of his testimony, Dr. Reisman discusses in detail Mrs. Brand's medical conditions and his treatments thereof.  The original deposition transcript is

designated and stamped: "Confidential – Subject to Protective Order." Thus, this transcript should be maintained under seal for good cause since it contains medical privacy information.

## IV. THERE IS GOOD CAUSE TO MAINTAIN THE DOCUMENTS UNDER SEAL

Good cause exists to maintain **Exhibit B [Dkt. Nos. 8574-1 through 8574-8]** under seal. The documents contain private, sensitive, and confidential medical information regarding Mrs. Brand.

As set forth above, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt,* 2016 WL 2997504, at *1; *Gibson,* 2015 WL 12964665, at *1; *Noe,* 2008 WL 5070463, at *3. The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen,* 429 U.S. at 599–600, against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole,* 2017 WL 2929523, at *3. Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

**Exhibit B [Dkt. Nos. 8574-1 through 8574-8]** contain private, sensitive, and confidential medical information regarding Mrs. Brand. Plaintiff's medical history, conditions, and treatment are highly relevant to the issues in this case. However, out of an abundance of caution, the Court should permit these documents to be filed under seal until Plaintiff consents to what should be disclosed.

## V   CONCLUSION

For all the foregoing reasons, the Cook Defendants respectfully request that the Court issue an Order directing the Clerk to maintain **Exhibit B [Dkt. Nos. 8574-1 through 8574-8]** to Plaintiff's Brief in Support of Motion to Exclude ***under seal***. The documents contain private,

US.119809557

sensitive medical information regarding Mrs. Brand.   There is good cause to seal these documents to protect Mrs. Brand's interest in her medical privacy.

In accordance with Local Rule 5-11(e)(4), the Cook Defendants have submitted a proposed order maintaining the documents under seal.

Respectfully submitted,

Dated: September 27, 2018

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (# 11856-49)
Nicholas B. Alford (# 31867-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  joe.tanner@faegrebd.com
E-Mail:  nicholas.alford@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.119809557

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.119809557