# EXHIBIT  B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

| | |
|---|---|
| In Re:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No:  1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

---

This Document Relates to All Actions

---

## COOK DEFENDANTS' RESPONSES AND OBJECTIONS TO SCHEDULE A TO THE NOTICE OF DEPOSITION OF JON P. FRYZIK [SIC]

Cook Incorporated, Cook Medical LLC, formerly known as Cook Medical Incorporated, and William Cook Europe ApS, (collectively "Cook Defendants") hereby provide the following objections and responses to the Schedule A requests for production of documents accompanying the Notice To Take The Videotaped Oral Deposition of Defense Expert Jon P. Fryzik [sic].

## OBJECTIONS AND RESPONSES TO SCHEDULE A

1. All documents or information reviewed, considered, and/or relied on by you in forming your opinions and drafting your report, including, but not limited to, all materials listed on any appendices, materials reviewed lists, or any similar list contained in your report(s) in this litigation.  Documents produced by the Cook Defendants in this litigation that are identified by Bates Number in your report, and medical literature that is publically available for purchase, however, need not be produced.

   **RESPONSE**: Plaintiffs already possess all documents reviewed by Dr. Fryzek. Moreover, by prior agreement, articles that are generally available in the public domain do not need to be produced.  Consequently, there are no responsive documents that are not already in Plaintiffs' possession.

2. All billing records generated by you or by any other entity that documents the compensation you have received or will receive for your work on this litigation and other litigation related to IVC filters.

   **RESPONSE**: Dr. Fryzek will produce the invoices that document his compensation for his work on this litigation.  There are no other responsive documents to this request.

3.  Any correspondence, e-mails, or other communications between yourself and any third party, including any persons who assisted with your report, that pertain to this litigation and the issues related to it.  Correspondence, e-mails, or other communications with the attorneys for Plaintiffs shall be produced if and only if those communications:

    a.    Relate to compensation for your study or testimony;
    b.    Identify facts or data that Plaintiffs' attorneys provided and that you considered in forming your opinions expressed in your report; or
    c.    Identify assumptions Plaintiffs' attorneys provided and that you relied upon in forming your opinions.  *See* Fed. R. Civ. P. 26(b)(4)(C).

    **RESPONSE:** As to communications between Dr. Fryzek and others who assisted with the report and non-attorney communications or communications with attorneys for the Plaintiff, there are no responsive documents.  As to attorney communications with Cook's counsel (presumably this is what was meant), the parties have agreed not to produce these communications with experts.  All facts or data provided to Dr. Fryzek that he considered in forming his opinions are referenced in his report and its exhibits.  For information relating to his compensation, see Cook's response to Request No. 2.

4.  All correspondence with any other expert in this case which refers or relates to this case, including all documents received by any other expert in this case, including, but not limited to: Elisa Harvey, Gerald Lynch, Harold Pellerite, Kenneth Perry, Scott Robertson, Renu Virmani, or any other person you knew or believed to be an expert retained by Defendants to provide opinions in this litigation.

    **RESPONSE**:  There are no responsive documents to this request.

5.  Raw data returned from any literature search done by you or someone working under your direction, including any reports of the number of articles returned by the search, any identification of the abstracts or articles returned by the search, and any copies of abstracts or articles downloaded from the search.

    **RESPONSE**: See Dr. Fryzek's report and Exhibit D to Dr. Fryzek's report.  Dr. Fryzek's report and exhibits identify the search terms and results from the literature search.  The search is able to be replicated with this information.  Moreover, by prior agreement, articles that are generally available in the public domain do not need to be produced.  Consequently, there are no responsive documents that are not already in Plaintiffs' possession.

6.  All notes, modeling, statistical analyses, finite element analysis, other analyses, test documents, projections, calculations, estimations, graphs, tables, charts, animations, recordings (visual or audio), drawings, or other materials generated or written by you, or considered by you but generated by someone working under your supervision and direction, that relate to your work and opinions in this litigation.

US.113017132.02

**RESPONSE**:  This information is contained in Dr. Fryzek's report and its exhibits. There are no additional responsive documents.

7.  Any protocol developed or adopted to guide your methodology.

**RESPONSE**:  See Cook's response to Request No. 5.  The standards and protocols that informed the methodology for Dr. Fryzek's work have been identified in his report.

8.  Any report, government or industry standard or guidance document, regulation, white paper, study, statistical data, article, memorandum, book, essay, or other literature (draft or otherwise) relied on by you in forming your opinions, and which is not readily accessible to the public.

**RESPONSE**:  There are no responsive documents to this request.

9.  Any audio or visual recording or animation, including, but not limited to, podcasts, documentaries, news broadcasts, or any other audio/video recording reviewed, considered, and/or relied on by you in forming your opinions and drafting your report.

**RESPONSE**:  There are no responsive documents to this request.

10. Any demonstrative exhibits, including samples of devices or tools referenced in your report that you are considering using if called to testify or which you relied on in forming your opinions or drafting your report.

**RESPONSE**:  This request is premature.  At this time, the demonstrative exhibits that Dr. Fryzek may use to assist him in his testimony are unknown with any degree of specificity.  That being said, Dr. Fryzek may use any of the documents he considered and identified in his report and any demonstrative exhibits previously used in this litigation. Cook will supplement this request at a later date and in accordance with the Court's deadline for such disclosures.

11. Any original or first generation photograph, x-ray, CT scan, MRI, fluoroscopy, venogram, or other image reviewed, considered, and/or relied on by you in forming your opinions and drafting your report.

**RESPONSE**:  There are no responsive documents to this request.

12. Screenshots of any website or social media page reviewed, considered, and/or relied upon by you in forming your opinions and drafting your report.

**RESPONSE**:  There are no responsive documents to this request.

13. Any document or information from any other case or litigation that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

US.113017132.02

**RESPONSE**:  There are no responsive documents to this request.

14. Any industry or professional standards that you reviewed, considered, and/or relied on, or were otherwise guided by, in forming your opinions and drafting your report.

   **RESPONSE**:  Plaintiffs are already in possession of this information, which is contained in the Expert Report, and there are no documents or additional information responsive to this request that have not already been produced.

15. Any marketing material, advertisement, labeling, or business record of a Cook competitor, including, but not limited to materials from C.R. Bard, Inc., Argon Medical Devices, Inc., and Boston Scientific Corporation, that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

   **RESPONSE**:  There are no responsive documents to this request.

16. Any marketing material, advertisement, labeling, or business record of a Cook entity that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

   **RESPONSE**:  Plaintiffs are already in possession of this information, which is contained in the Expert Report and Exhibit B, and there are no documents or additional information responsive to this request that have not already been produced.

17. Your most current curriculum vitae.

   **RESPONSE**:  Plaintiffs are already in possession of Dr. Fryzek's most current curriculum vitae, which was produced with his Expert Report.

18. Any document constituting, containing, or reflecting the content of the lectures numbered 2, 4, 6 or 7 on page 5 of your March 2017 CV.

   **RESPONSE**:  There are no responsive documents to this request.

19. Any syllabi, handouts, PowerPoint slides (including notes), or other documents from courses or individual lectures you have taught or presented regarding epidemiology, statistics or drugs and medical devices for the courses listed in pages 3-4 of your March 2017 CV and or the lectures numbered 2, 4, 6 or 7 on page 5 of your March 2017 CV.

   **RESPONSE**:  These presentations are Dr. Fryzek's intellectual work product developed for teaching within his profession.  With this consideration in mind, Dr. Fryzek agrees to produce the PowerPoint slides from the following three presentations: (1) 2015 Instructor, Seminar in Pharmacoepidemiology, University of Michigan School of Public Health; (2) 2015 Lecturer, "Cancer epidemiology: understand the environmental, behavioural and biologic causes of cancer and cancer survivorship," Cancer Biology, Johns Hopkins University; and (3) 2014-2017 Lecturer, Analytic Approaches to

4

Regulatory Science, Georgetown University.  These presentations are Dr. Fryzek's intellectual work product developed for teaching within his profession. There are no other responsive documents to this request.

20. Copies of 1099s, payment stubs, tax returns, or other documents showing the amount paid to you for your expert work in IVC filter litigation against Cook and other IVC filter manufacturers.

    **RESPONSE**: Dr. Fryzek is producing the invoices he prepared for his work in this case in response to Request No. 2.  Dr. Fryzek otherwise objects to this request because it unduly invades his privacy and seeks more information and documents than are needed to discover relevant information.  Furthermore, this request is overly broad and not proportional to the needs of the case.

21. Copies of 1099s, payment stubs, tax returns, or other documents showing the amount paid to you for your expert work in various litigation identified on page 3-4 of your expert report.

    **RESPONSE**:  Dr. Fryzek's report contains a complete list of prior testimony for the last four years as required by Rule 26(a)(2)(B)(v). To the extent that this request seeks information beyond the requirements of Rule 26(a)(2)(B)(v), the request is overly broad and not proportional to the needs of this case.  Dr. Fryzek further objects to this request because it unduly invades his privacy and seeks more information and documents than are needed to discover relevant information.

22. Any other documents which you reviewed or considered in connection with formulating and supporting your opinions in this litigation and which are not otherwise called for in these requests.

    **RESPONSE**:  All documents reviewed and considered have been identified.  Cook reserves the right to supplement this request as discovery is ongoing.

Dated:   July 5, 2017

/s/ *Andrew L. Campbell*
Andrew L. Campbell
J. Joseph Tanner
Andrea Roberts Pierson
FAEGRE BAKER DANIELS, LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Tel: 317-237-0300
Fax: 317-237-1000
Andrea.pierson@faegrebd.com

*Counsel for the Cook Defendants*

5

US.113017132.02

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 5th day of July, 2017, a copy of the foregoing was sent by electronic mail to

Plaintiffs' Co-Lead Counsel, as listed below:

Ben C. Martin
LAW OFFICE OF BEN C. MARTIN
bmartin@bencmartin.com

Michael W. Heaviside
HEAVISIDE REED ZAIC
mheaviside@hrzlaw.com

David P. Matthews
MATTHEWS & ASSOCIATES
dmatthews@thematthewslawfirm.com

Joseph N. Williams
RILEY WILLIAMS & PIATT
jwilliams@rwp-law.com

Matt Schultz
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY & PROCTOR, P.A.
mschultz@levinlaw.com

/s/ *Andrew L. Campbell*

6

US.113017132.02