# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:
*Brand*; Case No.: 1:14-cv-06018-RLY-TAB

### RESPONSE TO AMENDED NOTICE OF VIDEO DEPOSITION OF GREGORY I. GORDON, M.D.

TO:  Andrea Roberts Pierson
Faegre Baker Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
andrea.pierson@FaegreBD.com

**Request No. 1:** All documents or information reviewed, considered, and/or relied on by you in forming your opinions and drafting your report, including, but not limited to, all materials listed on any appendices, materials reviewed lists, or any similar list contained in your report(s) in this litigation. Documents produced by the Cook Defendants in this litigation that are identified by Bates Number in your report, and medical literature that is publically available for purchase, however, need not be produced.

**Response:   Plaintiff objects to this request as it is over broad and seeks to compel production of materials which are protected work product pursuant to Fed. R. Civ. P. 26(b) (3)(A) & (B) and (4)(B) &(C). Subject to and without waiving this objection, Plaintiff responds as follows:**

**Responsive facts and data considered by the witness in forming his opinions are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018.**

**Request No. 2:** All billing records generated by you or by any other entity that documents the compensation you have received or will receive for your work in connection with any litigation involving IVC filters.

1

**Response:** Plaintiff objects to this request as it is overly broad and exceeds the scope of permissible discovery. Subject to and without waiving any objections, the Plaintiff responds as follows: Please refer to the invoices invoices attached, hereto.

**Request No. 3:** Any correspondence, e-mails, or other communications between yourself and any third party that pertain to this litigation and the issues related to it. Correspondence, e-mails, or other communications with the attorneys for Plaintiffs shall be produced if and only if those communications:

   a. Relate to compensation for your study or testimony;

   b. Identify facts or data that Plaintiffs' attorneys provided and that you considered in forming your opinions expressed in your report; or

   c. Identify assumptions Plaintiffs' attorneys provided and that you relied upon in forming your opinions. See Fed. R. Civ. P. 26(b)(4)(C).

**Response:** Plaintiff objects to this request as it is vague and overbroad. The Plaintiff objects to the request as it exceeds the scope of permissible discovery and seeks materials which are protected work product pursuant to Fed. R. Civ. P. 26(3)(A) & (B) and (b)(4)(B) & (C). Subject to and without waiving this objection, Plaintiff responds as follows:

**None.**

**Request No. 4:** All correspondence with any other expert in this case which refers or relates to this case, including all documents received by any other expert in this case, including, but not limited to:

Rebecca Betensky, PhD
Michael C. Fishbein, MD
Robert W. Johnson
Harlan M. Krumholz, MD, SM
Alan S. Litsky, MD, Sc.D
Robert McMeeking, PhD

**Response:** Plaintiff objects to the request to have Dr. Gordon produce "all documents received by any other expert in this case," without identification of the source or sender of such documents. This request is overly broad and seems to request production of documents not in Dr. Gordon's possession. Plaintiff objects to producing protected work product pursuant to Fed. R. Civ. P. 26(b) (3 (A) & (B) and (4)(B) &(C). Subject to and without waiving these objections, Plaintiff responds as follows:

**None.**

**Request No. 5.:** All correspondence and documents regarding Tonya Brand, and/or between you and Tonya Brand, excluding communications with counsel of record for Mrs. Brand.

2

**Response:** Plaintiff objects to the request to have Dr. Gordon produce "all correspondence and documents regarding Tonya Brand" without identification of the source or sender of such documents. This request is vague and overly broad. Subject to and without waiving these objections, Plaintiff responds as follows:

**None.**

**Request No. 6:** There is no request provided under No. 6.

**Request No. 7:** Raw data returned from any literature search done by you or someone working under your direction, including any reports of the number of articles returned by the search, any identification of the abstracts or articles returned by the search, and any copies of abstracts or articles downloaded from the search.

**Response:**

**None, with exception of the facts and data considered by the witness in forming his opinions which are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018.**

**Request No. 8**. All notes, statistical analyses, test documents, projections, calculations, estimations, graphs, tables, charts, animations, recordings (visual or audio), drawings, or other materials generated or written by you, or someone working under your supervision and direction, that relate to your work and opinions in this litigation.

**Response:** Plaintiff objects to this request as it is vague, overly broad and exceeds the scope of permissible discovery. The Plaintiff objects producing materials which are protected work product pursuant to Fed. R. Civ. P. 26(b)(3)(A)&(B) and (4)(B)&(C). Subject to and without waiving this objection, Plaintiff responds as follows:

**None, with exception of the facts and data considered by the witness in forming his opinions which are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018.**

**Request No. 9.** Any protocol developed or adopted to guide your methodology.

**Response:** None, other than standard medical analyses and standard methods of diagnosis, as explained in Dr. Gordon's report.

**Request No. 10:** Any protocol received, reviewed, or provided to/from you regarding review of the or reporting on imaging related to patients implanted with IVC filters.

**Response:** None, other than standard medical analyses and standard methods of diagnosis, as explained in Dr. Gordon's report.

**Request No. 11.**     All communications between you and any Cook Defendant**.**

**Response:    Plaintiff objects to this request as it is vague, overly broad and exceeds the scope of permissible discovery.  Plaintiff objects to the extent the request seeks information that , if it exists, would be equally available to the Defendants.  Subject to and without waiving any objections, the Plaintiff responds as follows:**

 **None.**

**Request No. 12:**  Any records or documents reviewed by you that specifically relate to plaintiff, Tonya Brand, including, but not limited to, all medical records, occupational and educational records, therapy records, social security disability records, medical bills, financial records, tax records, and pharmaceutical records.

**Response:    Responsive records and documents considered by the witness in forming his opinions are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018.**

**Request No. 13:**  Any report, white paper, study, statistical data, article, memorandum, book, essay, or other literature (draft or otherwise) relied on by you in forming your opinions, and which is not readily accessible to the public.

**Response:    Responsive facts, authorities and data considered by the witness in forming his opinions are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018.**

**Request No. 14:**  Any audio or visual recording or animation, including, but not limited to, podcasts, documentaries, news broadcasts, or any other audio/video recording reviewed, considered, and/or relied on by you in forming your opinions and drafting your report.

**Response:    Dr. Gordon's  report references the images that he reviewed considered and relied upon.  His report also identifies the radiologic imaging he considered and relied upon.  Attached are copies of the additional photographs the filter that he has reviewed.**

**Request No. 15:**  Any demonstrative exhibits, including samples of devices or tools referenced in your report that you are considering using if called to testify or which you relied on in forming your opinions or drafting your report.

**Response:    Plaintiff objects to this request as it is exceeds the scope of permissible discovery and seeks information regarding the Plaintiff's trial strategy which is protected work product. Subject to and without waiving this objection, Plaintiff responds as follows:**

**Dr. Gordon's report references the radiologic imaging he considered and relied upon.  Dr. Gordon has seen exemplar Celect, Gunther Tulip, and Celect Platinum filters.  The**

4

**exemplar Celect, Celect Platinum, and Gunther . Tulip filters were provided by Defendants.**

**Plaintiff's have not yet determined what demonstrative exhibits may be used at trial but will comply with any orders from the Court regarding the exchange of such exhibits?**

**Request No. 16:** Any original or first generation photograph, x-ray, CT scan, MRI, fluoroscopy, venogram, or other image reviewed, considered, and/or relied on by you in forming your opinions and drafting your report.

**Response:** Responsive considered by the witness in forming his opinions are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018. The images he reviewed with in a digital format not film.

**Request No. 17:** Screenshots of any website or social media page reviewed, considered, and/or relied upon by you in forming your opinions and drafting your report.

**Response:** None.

**Request No. 18:** Any document or information from any other case or litigation that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

**Response:** None, other than what is cited in Dr. Gordon's report and reliance list.

**Request No. 19:** Any industry or professional standards that you reviewed, considered, and/or relied on, or were otherwise guided by, in forming your opinions and drafting your report.

**Response:** None, other than what is cited and discussed in Dr. Gordon's report and reliance list.

**Request No. 20:** Any marketing material, advertisement, labeling, or business record of a Cook competitor, including, but not limited to materials from C.R. Bard, Inc., Argon Medical Devices, Inc., and Boston Scientific Corporation, that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

**Response:** None.

**Request No. 21:** Any marketing material, advertisement, labeling, or business record of a Cook entity that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

**Response:** None, other than what is cited in Dr. Gordon's report and reliance list.

**Request No.22:** Your most current curriculum vitae.

5

**Response:** Dr. Gordon's curriculum vitae was previously provided to Defendants on or about April 30, 2018, in addition, an updated CV is attached.

**Request No. 23:** All notes, modeling, finite element analysis, other analyses, test documents, calculations, photographs, films or other materials that relate to your work and opinions in this litigation.

**Response:** Plaintiff objects to this request as it is overly broad and vague. The Plaintiff objects to the request as it exceeds the scope of permissible discovery and seeks materials which are protected work product pursuant to Fed. R. Civ. P. 26(b)(3)((A) & (B) and (4)(B) & (C). Subject to and without waiving this objection, Plaintiff responds as follows:

None, other than the responsive facts, authorities and data which are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018.

**Request No. 24:** A first generation or original copy of any photographs taken of IVC filters relied upon for your expert reports or otherwise included in your expert report.

**Response:** Plaintiff has attached copies of the photographs of the IVC filter that he has seen. Note that these were not done with film so there are no first generation or original copies.

**Request No. 25:** All IVC filters inspected by you or others in the course of the creation of the content relied upon in your report.

**Response:** Plaintiff objects to this request on the grounds that it is vague and confusing. It is not clear who the "others" are, or what "in the course of the creation of the content relied upon in your report" means. See response to Request No. 15 for identification of filters inspected by Dr. Gordon.

**Request No. 26:** Any other documents which you reviewed or considered in connection with formulating and supporting your opinions in this litigation and which are not otherwise called for in these requests.

**Response:** Plaintiff objects to producing drafts of expert reports, which are protected work product pursuant to Fed. R. Civ. P. 26(b)(4)(B). Plaintiff also objects to this request on the grounds that it is overly broad and fails to describe with reasonable particularity the items requested. Subject to and without waiving these objections, Plaintiff responds as follows:

All responsive facts and data considered by Dr. Gordon in forming his opinions have been identified and/or produced to Defendants on or about April 30, 2018.

In addition, Dr. Gordon has had the opportunity to review the following:

**The Expert Reports produced by the Defendants' for their expert witnesses and the following articles cited by the defense experts:**

| Lead Author | Other Authors | Title | Source | Year |
|---|---|---|---|---|
| McClendon J | O'Shaughnessy BA, Smith RS, et al | Comprehensive Assessment of Prophylactic Preoperative Inferior Vena Cava Filters for Major Spinal Reconstruction in Adults | Spine 2012; 37:1122 – 1129 | 2012 |
| Ozturk C | Ganiyusufoglu K, Alanay A, Aydogon M, Onat L & Hamzaoglu A | Efficacy of Prophylactic Placement of Inferior Vena Cava Filter in Patients Undergoing Spinal Surgery | SPINE Volume 35, Number 20, pp 1893–1896 | 2010 |
| Dazley JM | Wain R, Vellinga RM, Cohen B & Agulnick MA | Prophylactic Inferior Vena Cava Filters Prevent Pulmonary Embolisms in High-Risk Patients Undergoing Major Spinal Surgery | J Spinal Disord Tech 2012;25:190–195 | 2012 |
| Cain JE | Major MR, Lauerman WC, West JL, Wood KB & Fueredi GA | The Morbidity of Heparin Therapy After Development of Pulmonary Embolus in Patients Undergoing Thoracolumbar or Lumbar Spinal Fusion | SPINE Volume 20, Number 14, pp 1600-1603 | 1995 |
| Epstein NE | | Adjacent level disease following lumbar spine surgery: A review | Surg Neurol Int 2015;6:S591-9 | 2015 |

Date: June 7, 2018

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlins Street, Suite #1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590

Email: bmartin@bencmartin.com
Plaintiffs' Co-Lead Counsel

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com
*Plaintiffs' Co-Lead Counsel*

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, a copy of Plaintiffs' **RESPONSE TO AMENDED NOTICE OF VIDEO DEPOSITION OF GREGORY I. GORDON, M.D.** was served on counsel of record listed below by electronic mail and first class U.S. Mail:

| | |
|---|---|
| Andrea Roberts Pierson<br>andrea.pierson@FaegreBD.com<br>Victoria R. Calhoon<br>victoria.calhoon@gaegrebd.com<br>Anna C. Rutigliano<br>anna.rutigliano@gaegrebd.com<br>**Faegre Baker Daniels LLP**<br>300 N. Meredian Street, Suite 2700<br>Indianapolis, IN 46204 | Charles Webber<br>chuck.webber@faegrebd.com<br>**Faegre Baker Daniels LLP**<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |

                                            */s/ Ben C. Martin*
                                            Ben C. Martin