# **EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:
*Brand*; Case No.: 1:14-cv-06018-RLY-TAB

### RESPONSE TO NOTICE OF VIDEO DEPOSITION OF HARLAN KRUMHOLZ, MD

TO:   Andrea Roberts Pierson
      Faegre Baker Daniels LLP
      300 North Meridian Street, Suite 2700
      Indianapolis, IN 46204
      andrea.pierson@FaegreBD.com

**Request No. 1:** All documents or information reviewed, considered, and/or relied on by you in forming your opinions and drafting your report, including, but not limited to, all materials listed on any appendices, materials reviewed lists, or any similar list contained in your report(s) in this litigation. Documents produced by the Cook Defendants in this litigation that are identified by Bates Number in your report, and medical literature that is publically available for purchase, however, need not be produced.

**Response:** Plaintiff objects to this request as it is over broad and seeks to compel production of materials which are protected work product pursuant to Fed. R. Civ. P. 26(b) (3)(A) & (B) and (4)(B) &(C). Subject to and without waiving this objection, Plaintiff responds as follows:

**Responsive facts and data considered by the witness in forming his opinions are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018 as well as his rebuttal report served on June 18, 2018.**

**Request No. 2:** All billing records generated by you or by any other entity that documents the compensation you have received or will receive for your work on Cook IVC Filter litigation, which includes both the *Brand* case and *Pavlock* case.

1

**Response:** Plaintiff objects to this request as it is overly broad and exceeds the scope of permissible discovery.  Subject to and without waiving any objections, the Plaintiff responds as follows:  To date, the witness has not generated an invoice in the Brand case .

**Request No. 3:**  All billing records generated by you or by any other entity that documents the compensation you have received for your work related to litigation involving against  IVC filters filter manufactures other than Cook.

**Response:** Plaintiff objects to this request as it is overly broad and exceeds the scope of permissible discovery.  Subject to and without waiving any objections, the Plaintiff responds as follows:  To date,  the witness has not generated an invoice in the Brand case.

**Request No. 4:**  Any correspondence, e-mails, or other communications between yourself and any third party that pertain to Cook IVC Filter litigation and the issues related to it.  Correspondence, e-mails, or other communications with the attorneys for Plaintiffs shall be produced if and only if those communications:

   a. Relate to compensation for your study or testimony;

   b. Identify facts or data that Plaintiffs' attorneys provided and that you considered in forming your opinions expressed in your report; or

   c. Identify assumptions Plaintiffs' attorneys provided and that you relied upon in forming your opinions. See Fed. R. Civ. P. 26(b)(4)(C).

**Response:** **Plaintiff objects to this request as it is vague and overly broad. The Plaintiff objects to the request as it exceeds the scope of permissible discovery and seeks materials which are protected work product pursuant to Fed. R. Civ. P. 26(3)(A) & (B) and (b)(4)(B) & (C). Subject to and without waiving this objection, Plaintiff responds as follows:**

**None.**

**Request No. 5:**  All correspondence with any other expert in this case which refers or relates to this case, including all documents received by any other expert in this case, including, but not limited to:

Rebecca Betensky, PhD
Michael C. Fishbein, MD
Robert W. Johnson
Gregory I. Gordon, MD
Alan S. Litsky, MD, Sc.D
Robert McMeeking, PhD

**Response:** **Plaintiff objects to the request to have Dr. Krumholz produce "all documents received by any other expert in this case," without identification of the source or sender of such documents.  This request is overly broad and seems to request production of**

2

**documents not in Dr. Krumholz' possession.  Plaintiff objects to producing protected work product pursuant to Fed. R. Civ. P. 26(b) (3 (A) & (B) and (4)(B) &(C). Subject to and without waiving these objections, Plaintiff responds as follows:**

**None.**

**Request No. 6:** Raw data returned from any literature search done by you or someone working under your direction, including any reports of the number of articles returned by the search, any identification of the abstracts or articles returned by the search, and any copies of abstracts or articles downloaded from the search.

**Response:     Plaintiff objects to this request as it is vague and overly broad. The Plaintiff objects to the request as it exceeds the scope of permissible discovery and seeks materials which are protected work product pursuant to Fed. R. Civ. P. 26(3)(A) & (B) and (b)(4)(B) & (C). Subject to and without waiving this objection, Plaintiff responds as follows:**

**None, with exception of the facts and data considered by the witness in forming his opinions which are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018 as well as his rebuttal report served on June 18, 2018.**

**Request No. 7**. All notes, statistical analyses, test documents, projections, calculations, estimations, graphs, tables, charts, animations, recordings (visual or audio), drawings, or other materials generated or written by you, or someone working under your supervision and direction, that relate to your work and opinions in this litigation.

**Response:     Plaintiff objects to this request as it is vague, overly broad and exceeds the scope of permissible discovery. The Plaintiff objects  producing materials which are protected work product pursuant to Fed. R. Civ. P. 26(b)(3)(A)&(B) and (4)(B)&(C). Subject to and without waiving this objection, Plaintiff responds as follows:**

**None, with exception of the facts and data considered by the witness in forming his opinions which are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018 as well as his rebuttal report served on June 18, 2018.**

**Request No. 8.** Any protocol developed or adopted to guide your methodology.

**Response:     None, other than standard analyses and standard methods of diagnosis, as explained in Dr. Krumholz' report.**

**Request No. 9:** Any records or documents reviewed by you that specifically relate to plaintiff, Tonya Brand, including, but not limited to, all medical records, occupational and educational

3

records, therapy records, social security disability records, medical bills, financial records, tax records, and pharmaceutical records.

**Response:** **Responsive records and documents considered by the witness in forming his opinions are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018 as well as his rebuttal report served on June 18, 2018.**

**Request No. 10:** Any report, white paper, study, statistical data, article, memorandum, book, essay, or other literature (draft or otherwise) relied on by you in forming your opinions, and which is not readily accessible to the public.

**Response: Responsive records and documents considered by the witness in forming his opinions are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018 as well as his rebuttal report served on June 18, 2018.**

**Request No. 11:** Any audio or visual recording or animation, including, but not limited to, podcasts, documentaries, news broadcasts, or any other audio/video recording reviewed, considered, and/or relied on by you in forming your opinions and drafting your report.

**Response: Responsive records and documents considered by the witness in forming his opinions are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018 as well as his rebuttal report served on June 18, 2018.**

**Request No. 12:** Any demonstrative exhibits, including samples of devices or tools referenced in your report that you are considering using if called to testify or which you relied on in forming your opinions or drafting your report.

**Response:** **Plaintiff objects to this request as it exceeds the scope of permissible discovery and seeks information regarding the Plaintiff's trial strategy which is protected work product. Subject to and without waiving this objection, Plaintiff responds as follows:**

**Plaintiff has not yet determined what demonstrative exhibits may be used at trial but will comply with any orders from the Court regarding the exchange of such exhibits?**

**Request No. 13:** Any original or first-generation photograph, x-ray, CT scan, MRI, fluoroscopy, venogram, or other image reviewed, considered, and/or relied on by you in forming your opinions and drafting your report.

**Response:** **As stated in Dr. Krumholz' report, he did have the opportunity to review of imaging of Ms. Brand with Dr. Greg Gordon. The images he reviewed were presented in a digital format, not film, and he does not have possession of the original or first-generation images.**

4

**Request No. 14**: Screenshots of any website or social media page reviewed, considered, and/or relied upon by you in forming your opinions and drafting your report.

**Response:** None.

**Request No. 15:** Any document or information from any other case or litigation that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

**Response:** Plaintiff objects to this request as it is vague, overly broad and exceeds the scope of permissible discovery. The Plaintiff objects producing materials which are protected work product pursuant to Fed. R. Civ. P. 26(b)(3)(A)&(B) and (4)(B)&(C). Subject to and without waiving this objection, Plaintiff responds as follows:

**None, other than what is cited in Dr. Krumholz' reports and reliance list which have been previously produced to the Defendants.**

**Request No. 16**: Any industry or professional standards that you reviewed, considered, and/or relied on, or were otherwise guided by, in forming your opinions and drafting your report.

**Response:** **Responsive records and documents considered by the witness in forming his opinions are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018 as well as his rebuttal report served on June 18, 2018.**

**Request No. 17:** Any marketing material, advertisement, labeling, or business record of a Cook competitor, including, but not limited to materials from C.R. Bard, Inc., Argon Medical Devices, Inc., and Boston Scientific Corporation, that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

**Response:** None.

**Request No. 18:** Any marketing material, advertisement, labeling, or business record of a Cook entity that you reviewed, considered, and/or relied on in forming your opinions and drafting your report.

**Response:** **Responsive records and documents considered by the witness in forming his opinions are identified in his report and attached reliance list which were provided to Defendants on or about April 30, 2018**

**Request No. 19:** Your most current curriculum vitae.

**Response:** **Dr. Krumholz' curriculum vitae was previously provided to Defendants on or about April 30, 2018.**

**Request No. 20:** All notes, modeling, finite element analysis, other analyses, test documents, calculations, photographs, films or other materials that relate to your work and opinions in this litigation.

**Response:** Plaintiff objects to this request as it is overly broad and vague. The Plaintiff objects to the request as it exceeds the scope of permissible discovery and seeks materials which are protected work product pursuant to Fed. R. Civ. P. 26(b)(3)((A) & (B) and (4)(B) & (C). Subject to and without waiving this objection, Plaintiff responds as follows:

None, other than the responsive facts, authorities and data which are identified in his report and reliance list which were provided to Defendants on or about April 30, 2018 as well as his rebuttal report served on June 18, 2018.

**Request No. 21:** A first generation or original copy of any photographs taken of IVC filters relied upon for your expert reports or otherwise included in your expert report.

**Response:** None, other than the copies of the photographs which are included in his report and or listed in reliance list which were provided to Defendants on or about April 30, 2018. Note that the images he reviewed were in a digital format and not on film so there are no first generation or original copies.

**Request No. 22:** All IVC filters inspected by you or others in the course of the creation of the content relied upon in your report.

**Response:** Plaintiff objects to this request on the grounds that it is vague, confusing and exceeds the scope of permissible discovery. It is not clear who the "others" are, or what "in the course of the creation of the content relied upon in your report" means.

**Request No. 23:** The web site address for the video of IVC filter implantation and removal that you referenced in your Feb. 8, 2018, deposition in the *Pavlock* case.

**Response:** The Plaintiff objects to the request as it exceeds the scope of permissible. See, FRCP 26(a)(2). Subject to and without waiving this objection, Plaintiff responds as follows:

Dr. Krumholz does not recall the specific website address but will supplement if the information can be located.

**Request No. 24:** Drafts, correspondence (including with journals submitting drafts and from readers of the published pieces), reviewer comments, and author responses to reviewer comments related to the following publications:

  a. Bikdeli B, Wang Y, Minges KE, et al. Vena Caval Filter Utilization and Outcomes in Pulmonary Embolism: Medicare Hospitalizations From 1999 to 2010. J Am Coll Cardiol. 2016;67(9):1027‐35.

6

    b. Bikdeli B, Ross JS, Krumholz HM. Data Desert for Inferior Vena Caval Filters: Limited Evidence, Supervision, and Research. JAMA Cardiol. 2017;2(1):3‐4.

    c. Bikdeli B, Chatterjee S, Desai NR, et al. Inferior Vena Cava Filters to Prevent Pulmonary Embolism: Systematic Review and Meta‐Analysis. J Am Coll Cardiol. 2017; 70(13): 1587‐1597.

    d. Bikdeli B, Jiménez D, Kirtane AJ, et al. Systematic review of efficacy and safety of retrievable inferior vena caval filters. Thromb Res. 2018;165:79‐82.

**Response:     Plaintiff objects to this request as it is overly broad. The Plaintiff objects to the request as it exceeds the scope of permissible discovery.  See, FRCP 26(a)(2).**

**Request Nos. 25:** Compensation statements and documents related to research agreement(s) between Medtronic and you, either personally or through Yale University or the Center for Outcomes Research and Evaluation at Yale University.

**Response:     Plaintiff objects to this request as it is overly broad and seeks confidential/proprietary documents. The Plaintiff objects to the request as it exceeds the scope of permissible discovery. See, FRCP 26(a)(2).**

**Request No. 26:** Compensation statements and documents related to research agreement(s) between  Johnson & Johnson (Janssen) and you, either personally or through the Center for Outcomes Research and Evaluation at Yale University.

**Response:     Plaintiff objects to this request as it is overly broad and seeks confidential/proprietary documents. The Plaintiff objects to the request as it exceeds the scope of permissible discovery. See, FRCP 26(a)(2).**

**Request No. 27:** Consulting agreements or contracts between the Food and Drug Administration and the Center for Outcomes Research and Evaluation at Yale University.

**Response:     Plaintiff objects to this request as it is overly broad and seeks confidential/proprietary documents. The Plaintiff objects to the request as it exceeds the scope of permissible discovery. See, FRCP 26(a)(2).**

**Request No. 28:**  The set of comorbidities identified in Reference 1999 in Table 4 of Bikdeli B, Wang Y, Minges KE, et al. Vena Caval Filter Utilization and Outcomes in Pulmonary Embolism: Medicare Hospitalizations From 1999 to 2010. J Am Coll Cardiol. 2016;67(9):1027‐35.

**Response:     Plaintiff objects to this request as it is overly broad. The Plaintiff objects to the request as it exceeds the scope of permissible discovery.  See, FRCP 26(a)(2).**

**Request No. 29:**  Any other documents which you reviewed or considered in connection with formulating and supporting your opinions in this litigation and which are not otherwise called for in these requests.

**Response:**   Plaintiff objects to producing drafts of expert reports, which are protected work product pursuant to Fed. R. Civ. P. 26(b)(4)(B).  Plaintiff also objects to this request on the grounds that it is overly broad, fails to describe with reasonable particularity the items requested and exceeds the scope of permissible discovery.  See, FRCP 26(a)(2).  Subject to and without waiving these objections, Plaintiff responds as follows:

**All responsive facts and data considered by Dr. Krumholz in forming his opinions have been identified and/or produced to Defendants in his initial report on or about April 30, 2018 and in his rebuttal report produced June 18, 2018.**

Date: June 21, 2018	*/s/ Ben C. Martin*
	Ben C. Martin, Esq.
	The Law Office of Ben C. Martin
	3710 Rawlins Street, Suite #1230
	Dallas, TX 75219
	Telephone: (214) 761-6614
	Facsimile: (214) 744-7590
	Email: bmartin@bencmartin.com
	Plaintiffs' Co-Lead Counsel

	*/s/ Joseph N. Williams*
	Joseph N. Williams, Atty. No. 25874-49
	Riley Williams & Piatt, LLC
	301 Massachusetts Avenue
	Indianapolis, IN 46204
	Telephone: (317) 633-5270
	Facsimile: (317) 426-3348
	Email: jwilliams@rwp-law.com
	*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

	*/s/ Michael W. Heaviside*
	Michael W. Heaviside, Esq.
	Heaviside Reed Zaic, A Law Corporation
	910 17th Street NW, Suite 800
	Washington, DC 20006
	Telephone: (202) 233-1993
	Email: mheaviside@hrzlaw.com
	*Plaintiffs' Co-Lead Counsel*

                    */s/ David P. Matthews*
                    David P. Matthews, Esq.
                    Matthew and Associates
                    2509 Sackett St.
                    Houston, TX 77098
                    Telephone: (713) 522-5250
                    Facsimile: (713) 535-7184
                    Email: dmatthews@thematthewslawfirm.com
                    *Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2018, a copy of Plaintiffs' **RESPONSE TO AMENDED NOTICE OF VIDEO DEPOSITION OF GREGORY I. GORDON, M.D.** was served on counsel of record listed below by electronic mail and first class U.S. Mail:

| | |
|---|---|
| Andrea Roberts Pierson<br>andrea.pierson@FaegreBD.com<br>Victoria R. Calhoon<br>victoria.calhoon@gaegrebd.com<br>Anna C. Rutigliano<br>anna.rutigliano@gaegrebd.com<br>**Faegre Baker Daniels LLP**<br>300 N. Meredian Street, Suite 2700<br>Indianapolis, IN 46204 | Charles Webber<br>chuck.webber@faegrebd.com<br>**Faegre Baker Daniels LLP**<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |

                    */s/ Ben C. Martin*
                    Ben C. Martin