# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND       Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

---

This Document Relates to the Following Actions only:

      *Brand v. Cook Medical, Inc. et al.,*
      Case No. 1:14-cv-06018-RLY-TAB

---

### COOK DEFENDANTS' REPLY IN SUPPORT OF
### MOTION TO EXCLUDE SPECIFIC TREATING PHYSICIAN TESTIMONY

Several motions have been filed concerning the proper scope of the treating physicians'
testimony.  The bottom line is that Cook believes and has argued to this Court that Plaintiff's
treating physicians should be able to testify fully to the knowledge and decisions they employed
in their treatment of Plaintiff, but should not be allowed to testify under *Daubert* as to opinions for
which they have inadequate qualifications or used inadequate methodology that go beyond their
decisions in treating Plaintiff.  That position is well supported by the *Daubert* standards governing
admission of treating physician testimony.  In the context of this motion, Cook submits that this
Court should exclude testimony by Drs. Rheudasil and Morrison regarding the cause of Plaintiff's
filter failure, specifically including (1) opinions concerning whether Plaintiff's ALIF surgery and
her anatomy contributed to the failure of the filter, (2) Dr. Rheudasil's additional opinion that
perforations lead to fracture, and (3) Dr. Morrison's additional opinions regarding the efficacy of
Plaintiff's filter.  Plaintiff has conceded in her response that Dr. Rheudasil should not be permitted

to testify that perforations lead to fracture.  Plaintiff's Response in Opposition to Defendants'

Motion To Exclude Specific Treating Physician Testimony ("Response"), Dkt. 9128, at 2, n.4.

Accordingly, this reply has a very limited scope, but Cook also refers the Court to its prior

responsive filings relative to Plaintiff's motions on the proper, admissible scope of treating

physician testimony:   Dkt. 8736 (The Cook Defendants' Response to Plaintiff's Motions to

Exclude "Impermissible" Testimony of Dr. Mark Rheudasil, Dr. Thomas Morrison, Dr. Scott

Keller, Dr. Phu Thai, and Dr. Richard Resiman) and Dkt. 9127 (The Cook Defendants' Response

to Plaintiff's *Daubert* Motion to Exclude "Impermissible" Testimony of Dr. Mark Rheudasil).

### A.	Dr. Rheudasil's and Dr. Morrison's Inadmissible Causation Testimony

Contrary to Plaintiff's Response, Cook has not moved to exclude the physicians' percipient

observations during their treatment of Plaintiff.  *Cf.* Response, Dkt. 9128, at 2.  Rather, Cook's

motion concerns more limited and specific testimony.  As noted in Cook's motion, Dr. Rheudasil

was asked whether there was "anything [he] did that caused or contributed to this filter failure," to

which he answered "No," over objection.  Excerpts from Deposition of Mark Rheudasil, dated

February 28, 2018 ("Rheudasil Dep."), Dkt. 8674-1, at 170:22-25, Motion Ex. A**.**  Likewise, Dr.

Morrison has opined that the ALIF surgery did not cause the filter failure, *see* excerpts from

Deposition of Thomas Morrison, dated January 30, 2018 ("Morrison Dep."), Dkt. 8674-2, at 19:3-

13, Motion Ex. C, and that neither her bone spurs nor osteophytes caused Plaintiff's filter to

perforate her IVC and/or fracture.  *Id*. at 92:8-14, 92:23-93:6, 93:8-21, 93:23-94:9.  The problem

with this testimony is that neither of these witnesses is qualified to offer, nor employed any

methodology to support, opinions on the causes of Plaintiff's filter failure.  Causation is one of the

most contested issues in this litigation, and both parties agree that *retained* experts addressing that

issue must satisfy *Daubert* standards.  Logically, the testimony of these *non-retained* treating

physician experts must be held to the same standard.[1]  *See Higgins v. Koch Dev. Corp.*, 794 F.3d 697, 704 (7th Cir. 2015) ("Treating physicians are no different than any other expert for purposes of Rule 702; before proffering expert testimony, they must withstand *Daubert* scrutiny like everyone else.").  Plaintiff argues otherwise, but this is simply not a topic on which the physicians can rely solely on their *observations* from treating Plaintiff.

Case law supports Cook's position.  Plaintiff criticizes Cook's reliance on *Higgins* and suggests the Court should look to *In re Zimmer Nexgen Knee Implant Prod. Liab. Litig.*, 2015 WL 3799534 (N.D. Ill. June 17, 2015), but Plaintiff's criticism is misplaced.  In *In re Zimmer Nexgen Knee Implant Prod. Liab. Litig.*, MDL No. 2272, No. 11 C 5468, 2015 WL 3799534, at *4 (N.D. Ill. June 17, 2015), the plaintiff sought to introduce the opinion testimony of her treating physician on several topics.  The district court focused on *when* the non-retained experts had formed the opinions: which opinions were formed before or during the plaintiff's treatment, and were therefore divorced from any litigation influences, and which were formed after treatment, for the purpose of testimony at trial.  *Id.* at *5 ("[T]he question the court must answer is which of his opinions were formed during his treatment, and which after.").  The question of timing related to the court's determination of whether an expert disclosure under Rule 26(a)(2)(B) was necessary for the specific opinions or if the Rule 26(a)(2)(C) summary disclosure would suffice.  *Id.* at *4.  In addressing what the district court characterized as "[t]he most difficult question," it concluded that the doctor could testify about his cementing technique and the elimination of several possible causes of plaintiff's loosening specifically because those opinions were formed *during* the doctor's treatment of the plaintiff, and outside the process of litigation.  *Id.* at *8.

---

[1] Plaintiff even purports to agree that the doctors cannot offer opinions on the cause(s) of Plaintiff's filter failure: "Plaintiff agrees that these doctors are not situated in this litigation to offer opinions regarding how or why the filter failed…."  Response, Dkt. 9128, at 5.

Specifically, the doctor would be permitted to testify to those opinions at trial *notwithstanding* the lack of a Rule 26(a)(2)(B) report. *Id.* at *8.

Even assuming this analysis provides a proper framework to address Cook's *Daubert* challenge to Dr. Rheudasil's and Dr. Morrison's causation opinions, including that the ALIF surgery and Plaintiff's anatomy did not cause the filter to perforate and fracture, Plaintiff cannot establish that their opinions were formed during treatment of Plaintiff. Unlike a decision as to the right amount of cement to use in a knee implant, which reflects an in-the-moment determination, asking whether actions during surgery or aspects of Plaintiff's anatomy might have affected the *subsequent* filter perforation and fracture plainly call for *post hoc* speculation by the treating physicians. And to be clear, it is speculation because, as noted in Cook's opening memorandum and reiterated here, Drs. Rheudasil and Morrison described no methodology that either used to reach these opinions. There is no evidence, for instance, that they engaged in the type of differential etiology that would otherwise be expected for opinions addressing causation. *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007) (noting that "[d]etermining the reliability of an expert's differential diagnosis is a case-by-case determination" and excluding treating physician's opinions on causation because of inadequate evidence of rigorous standards).

In any event, the recent Seventh Circuit decision in *Higgins* provides the best guide to this Court. 794 F.3d at 697. In *Higgins*, the Seventh Circuit affirmed this Court's conclusion that a treating physician could not—consistent with *Daubert* requirements—properly provide an opinion as to causation. The Seventh Circuit emphasized the lack of evidence of qualification of the physician to opine on matters of causation and the utter absence of evidence that the treating physician performed an appropriate differential etiology. Just so here. As explained in Cook's opening memorandum, Drs. Rheudasil and Morrison are not qualified to address matters of

causation regarding filter failure, and there is no evidence in their deposition testimony that they conducted any type of differential etiology to properly "rule out" actions during surgery or Ms. Brand's anatomy as a cause of filter failure. Accordingly, their opinions in this regard are subject to exclusion just as were the opinions of the treating physician in *Higgins*. *Id.* at 705.

Notably, Plaintiff seems to agree with Cook's description of the precedential *Higgins* decision. Response, Dkt. 9128, at 6-7. Plaintiff attempts to squeak around it, however, by characterizing as "mere factual observations" Dr. Rheudasil's and Dr. Morrison's opinions that the surgery and Ms. Brand's anatomical circumstances (specifically, osteophytes and bone spurs, including near the location of the filter placement) could have caused or contributed to Ms. Brand's filter failure. *Id.* at 7. But these opinions are not like the factual observations during treatment of whether enough cement was used, as discussed in *In re Zimmer*, but resemble the after-the-fact partial differential etiology unsupported by adequate qualifications or methodology rejected in *Higgins*. Finally, Plaintiff does not attempt to establish any methodology by either of the treating physicians with respect to their opinions "ruling out" the surgery and Ms. Brand's anatomy. That means that the admissibility of these opinions turns on whether this Court deems that they pass *Daubert* standards without being supported by any reliable methodology. Cook submits that they do not.

**B.      Dr. Morrison's Inadmissible Opinions on Plaintiff's Filter's Efficacy.**

In its opening memorandum, Cook also explained that this Court should exclude certain opinions by Dr. Morrison related to the efficacy of Plaintiff's filter, i.e., whether it had caught a clot. Morrison Dep. at 98:1-12; 104:18-25. As explained in Cook's memorandum, Dr. Morrison has no meaningful experience with filters and conducted no analysis to reach this opinion. Plaintiff

makes no contrary argument in her response.  These opinions are likewise subject to exclusion under *Daubert*.

## CONCLUSION

This Court should exclude the following opinions of Drs. Rheudasil and Morrison for failure to meet *Daubert* standards:

- Dr. Rheudasil's testimony that perforation leads to fracture.  Rheudasil Dep., Dkt. 8674-1, at 161:1-2; 200:13-14; 201:5-6 (conceded by Plaintiff).

- Dr. Rheudasil's testimony that he did nothing to contribute to Plaintiff's filter failure. *Id.* at 170:22-25.

- Dr. Morrison's testimony that the ALIF surgery did not cause or contribute to the filter failure.  Morrison Dep., Dkt. 8674-2, at 19:3-13.

- Dr. Morrison's testimony that neither Plaintiff's bone spurs nor osteophytes caused Plaintiff's filter to perforate her IVC and/or fracture.  *Id*. at 92:8-14, 92:23-93:6, 93:8-21, 93:23-94:9.

- Dr. Morrison's opinions concerning the efficacy of Plaintiff's filter.  *Id.* at 98:1-12, 104:18-25.

Dated: October 8, 2018                              Respectfully submitted,

                                                    /s/ *Andrea Roberts Pierson*
                                                    Andrea Roberts Pierson (#18435-49)
                                                    Jessica Benson Cox (#26259-49)
                                                    Victoria R. Calhoon (#28492-49)
                                                    Anna C. Rutigliano (#32743-49)
                                                    FAEGRE BAKER DANIELS LLP
                                                    300 North Meridian Street, Suite 2700
                                                    Indianapolis, Indiana 46204
                                                    Telephone: (317) 237-0300
                                                    Facsimile: (317) 237-1000
                                                    andrea.pierson@faegrebd.com
                                                    jessica.cox@faegrebd.com
                                                    victoria.calhoon@faegrebd.com
                                                    anna.rutigliano@faegrebd.com

                                                    *Counsel for the Defendants, Cook Incorporated,*
                                                    *Cook Medical LLC (f/k/a Cook Medical*
                                                    *Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2018, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

s/Andrea Roberts Pierson

US.120288435.03