# EXHIBIT D

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION


IN RE: COOK MEDICAL, INC.,       )
IVC FILTERS MARKETING, SALES     ) Cause No.
PRACTICES AND LIABILITY,         ) 1:14-ML-2570- RLY-TAB
LITIGATION                       ) Evansville, Indiana
                                 ) October 24, 2017
                                 ) 8:45 a.m.
                                 )
```

**Before the Honorable
RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
JURY TRIAL- VOLUME 2

**For Plaintiffs:**                David P. Matthews, Esq.
                                   MATTHEWS & ASSOCIATES
                                   2905 Sackett Street
                                   Houston, TX  77098


                                   Matthew D. Schultz, Esq.
                                   LEVIN PAPANTONIO THOMAS MITCHELL
                                   RAFFERTY & PROCTOR PA
                                   316 S. Baylen Street, Suite 600
                                   Pensacola, FL  32502


                                   Joseph N. Williams, Esq.
                                   RILEY WILLIAMS & PIATT, LLC
                                   301 Massachusetts Avenue
                                   Indianapolis, IN  46204

```
For Defendants:            Andrea Roberts Pierson, Esq.
                           Jessica Benson Cox, Esq.
                           FAEGRE BAKER DANIELS LLP
                           300 N. Meridian St., Suite 2700
                           Indianapolis, IN  46204


                           Charles F. Webber, Esq.
                           Bruce G. Jones, Esq.
                           FAEGRE BAKER DANIELS LLP
                           90 S. 7th Street
                           Minneapolis, MN  55402




Court Reporter:            Margaret A. Techert
                           United States District Court
                           101 NW Martin Luther King Blvd.
                           Evansville, Indiana  47708



          PROCEEDINGS TAKEN BY MACHINE SHORTHAND
      TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION
```

DAVID KESSLER

Direct Examination by Mr. Schultz .............325
Cross-examination by Ms. Pierson ..............347
Redirect examination by Mr. Schultz ...........356
Cross-examination by Ms. Pierson ..............426
Redirect examination by Mr. Schultz ...........561
Recross-examination by Ms. Pierson ............572
Redirect examination by Mr. Schultz ...........586
Recross-examination by Ms. Pierson ............594

```
 1  is not new.  This is what he opined on, and it is all evidence
 2  based.  It's not pure opinion.
 3            MS. PIERSON:  You granted a motion in limine on this
 4  topic, Your Honor, that witnesses are not permitted to talk
 5  about things of which they do not have personal knowledge.
 6  He's not permitted to read from or narrate from Cook documents
 7  or other documents and simply say here's what the document
 8  says.  He doesn't have personal knowledge, and he doesn't have
 9  the expert qualification to interpret it.
10            THE COURT:  In his testimony, Mr. Schultz, is he
11  just going to recite a bunch of Cook documents?  I think I've
12  said we're not going to do that.
13            MR. SCHULTZ:  His testimony, Your Honor, is
14  essentially this:  Here is a regulatory standard,
15  representations, adulteration whether quality falls below what
16  it was represented to be and misbranding, which is whether
17  representation was false or misleading in any particular.  The
18  jury can't know the falsity without the context.  So the point
19  is twofold.
20            They had animal studies, and they uniformly when
21  they compared Celect to Tulip, four studies in particular,
22  uniformly showed Celect perforated/penetrated more than Tulip.
23  And then they went and made the representation that Tulip --
24  or Celect improved on Tulip's design.  Celect had all the same
25  features and benefits of Tulip.  Celect minimized its caval
```

1  simply not appropriate in this context.  It's up to the jury
2  to decide.  Was this misbranding?  Was this adulterated?  And
3  they'll be given jury instructions presumably that address the
4  question of defect and what they should consider on defect,
5  but for Dr. Kessler to be permitted to do it is not
6  appropriate.
7           MR. SCHULTZ:  That question remains pending, Your
8  Honor.  I brought it up yesterday.  If the Court's ruling is
9  Dr. Kessler cannot say -- make that final leap and say, "In my
10 opinion, it was adulterated and misbranded," that's fine.  Our
11 position on it is he should be allowed to because that does
12 not tell the jury how to -- what box to check on the verdict
13 form.  Those are the circumstances in which experts are not
14 allowed to do that; otherwise, experts are allowed to testify
15 in ultimate issues.
16          MR. SCHULTZ:  That is a separate issue, Your Honor,
17 from whether we can simply put up the standard and let the
18 jury see it for themselves.
19          THE COURT:  I'll allow you to put up the standard,
20 but I'm not going to allow him to give an opinion as to
21 whether it's misbranding or adulterated.
22          MR. SCHULTZ:  Understood, Your Honor.
23          MS. PIERSON:  Your Honor, the next slide is this one
24 that says sticking out, sticking out, sticking out.
25          THE COURT:  What number?