**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Actions only:

    *Brand v. Cook Medical, Inc. et al.,*
    Case No. 1:14-cv-06018-RLY-TAB

_____

**THE COOK DEFENDANTS' MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO COMPEL PLAINTIFF TO PAY HER**
**PROPORTIONATE SHARE OF DR. RAMAN UBEROI'S DEPOSITION FEE**

In support of its Motion to Compel Plaintiff to Pay Her Proportionate Share of Dr.

Uberoi's Deposition Fee, Cook states:

    **I.**        **PROCEDURAL AND FACTUAL BACKGROUND**

    1.      On May 31, 2018, Cook served its expert disclosures, including identifying Dr.

Raman Uberoi as a non-retained expert. Dr. Uberoi is an interventional radiologist who

participated in the Celect filter study.  He is therefore a percipient fact witness (akin to a treating

physician) and is testifying based on his personal knowledge of the facts at issue in the litigation,

*i.e.*, the Celect filter study.

    2.      On June 5, 2018, Plaintiff asked Cook whether it intended to call Dr. Uberoi at

trial and, if so, they wanted to depose him. (*See* 6/4-5/18 Email, attached as Exhibit A). Cook

confirmed that it intended to call Dr. Uberoi at trial and, thereafter, coordinated a date for his

deposition.

US.120124142.04

3.      On July 3, 2018, Plaintiff filed a "Motion to Strike Defendants' Non-Retained Expert Raman Uberoi, MD" (Dkt. 8491) ("Motion to Strike"), requesting, among other things, the need for an expert report.

4.      On July 16, 2018, Cook responded to the Motion to Strike (Dkt. 8556), explaining that Dr. Uberoi is a non-retained expert and, thus, no report was required.

5.      On July 24, 2018, Judge Young heard argument on Plaintiff's Motion to Strike. Plaintiff argued that the Court should strike Dr. Uberoi as a witness and that his deposition should not be allowed to proceed because, among other reasons, he did not disclose a report. (*See* 7/24/18 Trans. at 5:3-9:22, attached as Exhibit B). Judge Young delayed a ruling on whether to strike Dr. Uberoi's testimony as cumulative, but, in the interim, permitted the deposition of Dr. Uberoi to proceed without an expert report. (*Id*. at 29:10-13).

6.      Both parties served notices for Dr. Uberoi's deposition to take place in London, England. Plaintiff complained about deposing Dr. Uberoi in London, (*Id*. at 7:16-18; 9:24-10:8), so Cook offered to host the deposition via video at its counsel's office in Indianapolis. (*Id*. at 14:4-12). Plaintiff rejected the offer. (*Id*. at 15:25-16:17).

7.      Thereafter, Plaintiff informed Cook that she intended to obtain a videographer and court reporter for the deposition. (*See* 7/28-31/18 Email, attached as Exhibit C).

8.      Plaintiff also requested that she be permitted to start the deposition, *i.e.*, take the "direct [and] redirect." (*Id.*). Cook agreed, and offered to split the time equally (three hours per side) and, as a result, split the bill for Dr. Uberoi's time equally. (*Id.*). Plaintiff refused, saying that she would not "pay[ ] [a] penny" for Dr. Uberoi's time. (*Id.*).

9.      Cook noted that as a non-retained expert, Dr. Uberoi's function was akin to a treating physician. In the past, Cook and Plaintiff have shared the cost for treating physician

US.120124142.04

depositions. (*See Id.*; Case Management Order #20: Protocol for Depositions in Bellwether Cases (Dkt. 3071) ("The noticing party shall be responsible for paying the provider for his or her time during the deposition. Within 30 days of the deposition, the opposing party shall reimburse the noticing party for the cost and time spent questioning during the deposition.")). Plaintiff again objected to paying for any of Dr. Uberoi's time. (*See* Exhibit C).

10.     Moreover, Plaintiff contended that Dr. Uberoi was Cook's expert and, thus, Plaintiff would need "the bulk of the time to question him." (*See* Exhibit C).  Cook ultimately agreed to split the time five hours for Plaintiff and two hours for Cook.

11.     On August 3, 2018, the parties took Dr. Uberoi's deposition, with Plaintiff spending her allotted five hours and Cook spending its allotted two hours. (*See* 8/7/18 Letter, attached as Exhibit D).

12.     During the deposition, Plaintiff repeatedly insinuated that Cook had paid Dr. Uberoi for his time. (*See* 8/3/2018 Deposition of Raman Uberoi, M.D. ("Dr. Uberoi Depo.") at 24:11-25:16; 26:6-26:14; 31:18-32:10, attached as Exhibit E).

13.     Dr. Uberoi testified that he would have been equally willing to meet and work with Plaintiff's counsel prior to the deposition. (*Id*. at 258:14-259:10).

14.     Dr. Uberoi's deposition fee was £1,000 per hour, for a total of £7,000 or $9,060 USD. (*See* Exhibit D; 8/3/2018 Dr. Uberoi Trans. at 25:2-3).

15.     On August 7, 2018, Cook requested that Plaintiff pay half of Dr. Uberoi's deposition fee ($4,530) but, if she refused, Cook would seek payment for Plaintiff's proportionate share of the deposition ($6,471). (*See* Exhibit D).

US.120124142.04

16.     Cook reiterated that Dr. Uberoi is a non-retained expert, both parties noticed the deposition, and Dr. Uberoi voluntarily appeared for the deposition as an independent third-party witness. (*Id.*).

17.     Plaintiff has refused to pay any portion of Dr. Uberoi's deposition fee and, thus, Cook paid the full amount.

18.     Cook now moves to compel Plaintiff to pay her proportionate share of Dr. Uberoi's deposition fee ($6,471), representing her five hours of questions.

19.     Pursuant to Fed. R. Civ. P. 37(a)(1) and L.R. 37-1(b), Cook certifies that it has attempted to resolve this issue by both written and telephone communications, but such efforts were not successful.

## II.      <u>LEGAL STANDARD</u>

Pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), "unless manifest injustice would result, the court <u>must require</u> that the party <u>seeking</u> discovery . . . pay the expert a reasonable fee for the time spent in responding to discovery under Rule 26(b)(4)(A) [*i.e.*, giving a deposition]." Fed. R. Civ. Pro. 26(b)(4)(E) (emphasis added). As explained in the 1993 Advisory Committee Notes, "the expert's fees for the deposition will ordinarily be borne by the party taking the deposition." *Id.* at Advisory Committee Notes – 1993 Amendment at Subdivision (b). Importantly, "the Federal Rules do not distinguish between retained and non-retained experts in Rule 26(b)(4)(E) . . . [and] 'squarely directs that all testifying experts who are deposed be paid a reasonable fee.'" *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 238 (N.D. Ill. 2013) (quoting *Hoover v. United States*, No. 01 C 2372, 2002 WL 1949734, at *6 (N.D.Ill. Aug. 22, 2002)).

US.120124142.04

### III.  **ARGUMENT**

Here, Cook disclosed Dr. Uberoi as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C). In the context of Plaintiff's Motion to Strike Dr. Uberoi, Judge Young tacitly confirmed Dr. Uberoi's status as a non-retained expert by allowing him to be deposed without an expert report. (*See* Exhibit B, at 29:10-13).  Regardless, for purposes of paying an expert's deposition fee, Rule 26 does not distinguish between retained and non-retained experts. *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. at 238.  Moreover, the Rules are clear that "unless manifest injustice would result, the court <u>must require</u> that the party <u>seeking</u> discovery . . . pay the expert a reasonable fee for the time spent in responding to discovery under Rule 26(b)(4)(A) [*i.e.*, giving a deposition]." Fed. R. Civ. Pro. 26(b)(4)(E). Thus, based on the facts as outlined above, Plaintiff should be compelled to pay her proportionate share of Dr. Uberoi's deposition fee.

Here, "manifest injustice" would not result from compelling Plaintiff to pay her proportionate share. In the past, Plaintiff and Cook have split the cost of the depositions for treating physicians, and Dr. Uberoi's deposition should be no different. Dr. Uberoi is an independent third-party whose connection to the litigation was his participation in the Celect filter study. Thus, he is a percipient fact witness regarding that study, not Cook's "paid expert," as Plaintiff insinuated at the deposition. Moreover, Dr. Uberoi testified that he would have been equally willing to meet and work with Plaintiff's counsel prior to the deposition. Perhaps most importantly, Plaintiff should not be permitted to skirt her obligation to pay for her portion of the deposition to create a fiction at trial that Cook has paid Dr. Uberoi, and Plaintiff has not, to suggest he is biased in favor of Cook.

US.120124142.04

Simply put, Plaintiff demanded taking Dr. Uberoi's deposition, noticed his deposition, insisted on using Plaintiff's own videographer and court reporter, was adamant that she have five hours of deposition time (leaving Cook with only two hours), and requested that she be allowed to conduct the direct and re-direct examinations. In the spirt of cooperation, Cook agreed to each of these demands. In turn, Cook requested that the parties split Dr. Uberoi's deposition fee (a value proposition for Plaintiff, given the imbalance in deposition time), which Plaintiff flatly rejected.

Again, given Plaintiff's questioning at Dr. Uberoi's deposition regarding Cook's payment for his time, Cook anticipates that Plaintiff will argue that Dr. Uberoi is Cook's "paid expert," and that Plaintiff has not paid him anything. Permitting Plaintiff to argue bias for an independent third-party non-retained percipient expert witness will only serve to prejudice Cook. Particularly where, as here, the Federal Rules explicitly contemplate that the requesting party will bear the cost of the deposition.  Fed. R. Civ. Pro. 26(b)(4)(E); *see also id.* at Advisory Committee Notes – 1993 Amendment at Subdivision (b).

## IV.        CONCLUSION

For the foregoing reasons, Cook respectfully asks that the Court compel Plaintiff to fully comply with Rule 26(b)(4)(E) and pay her proportionate share of Dr. Uberoi's deposition fee.

6

Respectfully submitted,

Dated:  October 11, 2018

/s/ *Jessica Benson Cox*

Andrea Roberts Pierson (# 18435-49)
Andrew L. Campbell (#25516-49)
Jessica Benson Cox (#26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  andrew.campbell@faegrebd.com
E-Mail:  jessica.cox@faegrebd.com

Charles F. Webber (# 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
E-Mail:  chuck.webber@faegrebd.com

*Counsel for the defendants, Cook Incorporated,*
*Cook Medical LLC (f/k/a Cook Medical*
*Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiff will serve any non-CM/ECF registered parties.

/s/ *Jessica Benson Cox*

7