# EXHIBIT A

**From:** Joseph N. Williams [mailto:jwilliams@rwp-law.com]
**Sent:** Tuesday, June 05, 2018 8:45 AM
**To:** Pierson, Andrea Roberts
**Subject:** Re: One more question

So you understand prior to our call, there is nothing inconsistent with our position. With Choules and Brown we deposed them initially in their corporate capacity as fact witnesses. Cook then designated them as non-retained experts and specifically listed opinions each would be giving. We explained that we needed the opportunity to depose Choules and Brown on those specific opinions — opinions that were not provided until the designation. We weren't saying anything other than we need to explore specific opinions if they are planning to give those opinions. Had we known during the first deposition that Choules and Brown were planning to give very specific opinions, then we would likely have not requested a second deposition on their opinions. The Choules/Brown situation is opposite to what we have here.

Our non-retained experts are either treating physicians or Cook's agents. Both of these categories of witnesses were deposed initially with the knowledge that they would be giving specific opinions. For example, we all knew that Dr. Morrison would be giving mixed fact/opinion testimony based upon his diagnosis, treatment, prognosis of Mrs. Brand. There is no need to re-depose these people because we all went into the deposition with full knowledge of what these people were going to say, generally.

Hope this helps you understand prior to the call.

Joseph N. Williams
Riley Williams & Piatt, LLC
317.633.5270
www.rwp-law.com

sent from my jPad

On Jun 5, 2018, at 7:48 AM, Pierson, Andrea Roberts <Andrea.Pierson@FaegreBD.com> wrote:

> Joe,
>
> Your side took the opposite position on cooks nonretained experts in Hill. I remember this being an issue with Choules and Brown, where plaintiffs insisted on a right to redepose because they were designated as nonretained experts, even though they had been previously deposed. I'm not saying we will want to redepose, but please note there does seem to be a shift in plaintiffs position that seems difficult to square.
>
> Let's talk live. We are more likely to be productive if we do. How about this afternoon around 4?
>
> Sent from my iPhone

On Jun 5, 2018, at 7:29 AM, Joseph N. Williams <jwilliams@rwp-law.com> wrote:

Andrea,

As promised, I looked into the issue of non-retained experts. All of the witnesses Plaintiff has designated as non-retained experts have been deposed so there is no reason to depose them again no matter if they are called live at trial or not. It is possible we would call one or more of them live at trial, but we haven't made that decision yet.

Cook has designated not-yet-deposed-non-retained-experts (apologies for the excessive hyphenation). If there are any such witnesses you intend to call at trial, we do need to know who they are so that we can depose them.  To be clear, we may still object to your calling at trial for instance, Uberoi, for whom Cook failed to provide a report. Regardless, we still need to know what non-retained experts we need to cut and which ones we need to depose.

Let's talk further this week (we can discuss dep designations and the status conference at the same time). I'm pretty open other than Wednesday and Thursday morning.

Sincerely,

Joe

Joseph N. Williams
Riley Williams & Piatt, LLC
317.633.5270
www.rwp-law.com

sent from my jPad

On Jun 4, 2018, at 5:48 PM, Joseph N. Williams <jwilliams@rwp-law.com> wrote:

> Sounds good.
>
> Joseph N. Williams
> Riley Williams & Piatt, LLC
> 317.633.5270
> www.rwp-law.com
>
> ---
>
> **From:** Pierson, Andrea Roberts <Andrea.Pierson@FaegreBD.com>
> **Sent:** Monday, June 4, 2018 5:47:42 PM
> **To:** Joseph N. Williams
> **Subject:** RE: One more question
>
> NP – I have June 29 as the deadline to complete expert discovery and expert depositions. My calendar says second amended CMO 19. I remember this came up in Hill too.
>
> I will look at my list and get back to you, if you will do the same with your list. Agreed? Thanks.

3

Andrea

**From:** Joseph N. Williams [mailto:jwilliams@rwp-law.com]
**Sent:** Monday, June 04, 2018 5:29 PM
**To:** Pierson, Andrea Roberts
**Subject:** Re: One more question

I'm not sitting in front of my computer, do You know what order thats in and what the deadline is? Also, are you calling any of your nonretained experts live? If so, please provide some dates for those depositions so we can make sure everything gets done. Thanks, Andrea.

Joseph N. Williams
Riley Williams & Piatt, LLC
317.633.5270
www.rwp-law.com

**From:** Pierson, Andrea Roberts <Andrea.Pierson@FaegreBD.com>
**Sent:** Monday, June 4, 2018 4:00:52 PM
**To:** Joseph N. Williams
**Subject:** One more question

When your team talks, can you confirm the nonretained experts in your designation are all by deposition? If live, we theoretically have an upcoming deadline to depose them. Not saying we would, but would be helpful to know we are on the same page. Thanks.

Andrea