# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff

> *Tonya Brand*
> No. 1:14-cv-06018-RLY-TAB

**COOK DEFENDANTS' CORRECTED MOTION
AND MEMORANDUM IN SUPPORT OF
RENEWED MOTION *IN LIMINE* NO. 9**

**9.    The Court should bar Plaintiffs from offering testimony, evidence, and arguments that Cook had a post-sale duty to warn about certain risks that Cook learned about after the July 14, 2011, attempted retrieval of Plaintiff's filter.**

Cook respectfully asks the Court to bar Plaintiff from offering any evidence or argument that Cook had a post-sale duty to warn about *any* risk (including about the severity and frequency of the alleged risk) that Cook learned about after Plaintiff's attempted filter retrieval on July 14, 2011. The Court denied a similar motion in the *Hill* case on the ground that such evidence was relevant to consumer expectations, the Florida legal standard applied in *Hill*. *See* 10/23/17 Transcript at 165:15-16, ("No. 9 is denied.  It's irrelevant [sic] to consumer expectation."). But Georgia law governs the present case, and the Court should revisit its decision.

As a threshold matter, Plaintiff has not asserted that she suffered any injuries because of any alleged failure to warn postdating her first retrieval attempt on July 14, 2011. Consequently, such evidence is not relevant. In addition, she has identified no expert who will testify to any such failure or any resulting injury, and any evidence or argument thus could not as a matter of law support such a claim. The only effect of such evidence would be to mislead the jury and unfairly prejudice Cook.

In addition, all such evidence would be irrelevant to the claims Plaintiff *has* asserted: What Cook knew or should have known after Plaintiff's first retrieval attempt has no bearing on any of Plaintiff's claims. At that point, her filter had already fractured, tilted, migrated, and perforated. Once a plaintiff experiences a risk or complication, after-the-fact warnings about the very same risk or complication would necessarily be irrelevant. The only thing that a post-retrieval-attempt warning conceivably could have done is lead to an earlier open procedure to remove it, not avoid it altogether. Thus, anything that Cook learned after July 14, 2011, is irrelevant to any claim or defense in this case. Here, that means that any evidence about what Cook allegedly knew or should have known about the risks of Celect filters after July 14, 2011, is irrelevant and its introduction would only waste time, cause undue delay, confuse the issues, and mislead the jury. Fed. R. Evid. 402, 403.

Dated:  October 15, 2018	Respectfully submitted,

        /s/ Andrea Roberts Pierson
        Andrea Roberts Pierson (# 18435-49)
        Victoria R. Calhoon (# 28492-49)
        Anna C. Rutigliano (# 32743-49)
        FAEGRE BAKER DANIELS LLP
        300 North Meridian Street, Suite 2700
        Indianapolis, Indiana  46204
        Telephone:  (317) 237-0300
        Facsimile:  (317) 237-1000
        andrea.pierson@faegrebd.com
        victoria.calhoon@faegrebd.com
        anna.rutigliano@faegrebd.com

        Charles F. Webber (Minn. # 215247)
        FAEGRE BAKER DANIELS LLP
        2200 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN 55402
        Telephone: (612) 766-8719
        Facsimile: (612) 766-1600
        chuck.webber@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2018, a copy of the foregoing **COOK DEFENDANTS' CORRECTED MOTION AND MEMORANDUM IN SUPPORT OF RENEWED MOTION *IN LIMINE* NO. 9** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/  *Andrea Roberts Pierson*