UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                    MDL No. 2570
_____

This Document Relates to:

    *Brand v. Cook Medical, Inc. et al.,*
    Case No. 1:14-cv-06018-RLY-TAB
_____

**THE COOK DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING MOTIONS FOR SUMMARY JUDGMENT AND MOTION IN LIMINE 39**

    The Cook Defendants make this brief submission to bring the Court's attention to a recent decision by the United States Court of Appeals for the Seventh Circuit that directly bears on one of the issues in this case. In *Dolin v. GlaxoSmithKline,* LLC, 901 F.3d 803 (7th Cir. August 22, 2018), *rehearing and rehearing en banc denied* (Sept. 20, 2018), the Seventh Circuit held that where no reasonable jury could conclude that the Food and Drug Administration would have approved a label change to a prescription drug, federal preemption entitles the drug's manufacturer to judgment as a matter of law on a state-law failure-to-warn claim based on that label change. *See id.* at 813-815.

    This holding bears directly on Plaintiff's claim that the Cook Defendants should have included information about a "window of retrievability" in the IFU for the Celect IVC filter, despite FDA's express rejection of such an addition to the Tulip IFU, and that Cook should have conducted additional clinical studies, despite FDA's heavy involvement with Cook's pre-clearance clinical studies for the Tulip and Celect. As detailed in Cook's summary judgment and

motion *in limine* submissions,[1] Cook argues that FDA's rejection of the retrievability window language preempts Plaintiff's failure-to-warn claim based on that language. The *Dolin* decision strongly supports such preemption.

Based on this supplemental authority and the argument previously submitted, the Cook Defendants urge the Court to grant their motions, to enter summary judgment on Plaintiff's warning claims based on failure to warn of a "window of retrievability," and to exclude any evidence or testimony about such a window at trial.

                                              Respectfully submitted,

Dated: October 16, 2018                 */s/ Andrea Roberts Pierson*
                                              Andrea Roberts Pierson (# 18435-49)
                                              Jessica Benson Cox (# 26259-49)
                                              FAEGRE BAKER DANIELS LLP
                                              300 North Meridian Street, Suite 2700
                                              Indianapolis, Indiana 46204
                                              Telephone: (317) 237-0300
                                              Facsimile: (317) 237-1000
                                              Email: andrea.pierson@faegrebd.com
                                              Email: jessica.cox@faegrebd.com

                                              Charles Webber (# 215247)
                                              Bruce Jones (# 179553)
                                              FAEGRE BAKER DANIELS LLP
                                              2200 Wells Fargo Center
                                              90 South Seventh Street
                                              Minneapolis, MN 55402
                                              Telephone: (612) 766-8719
                                              Facsimile: (612) 766-1600
                                              Email: chuck.webber@faegrebd.com
                                              Email: bruce.jones@faegrebd.com

---

[1] *See* The Cook Defendants' Reply Memorandum in Support of Motion for Summary Judgment (Dkt. 9371) at pp. 32-35; Cook Defendants' Memorandum of Law in Support of Motion for Summary Judgment Based on Federal Preemption (Dkt. 8669) at 18-20; The Cook Defendants' Omnibus Memorandum in Support of Newly Filed Motions in Limine (Dkt. 8894) MIL 39, at pp. 38-45. *See also* Cook Defendants' Response to Plaintiff's Motion in Limine Regarding the FDA's 510(k) Clearance of the Celect IVC Filter and Its "Low Complaint Rate" and to Exclude or Limit the Expert Testimony of Christy Foreman, MBE (Dkt. 9062) at pp. 26-27 (addressing portion of Christy Foreman's report that discusses FDA's editing of the Clinical Studies portion of the IFU).

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018, a copy of the foregoing THE COOK DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING MOTIONS FOR SUMMARY JUDGMENT AND MOTION IN LIMINE 39 was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/  Andrea Roberts Pierson