# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-6018-RLY-TAB

**PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING COOK'S "CORRECTION" OF ITS MIL NO. 9 [Dkt. 9439]**

At the last minute, Cook has changed its position in two different manners as to when its post-sale duty to warn imposed by Georgia law terminated. Originally, in a motion in limine, it argued that the duty terminated on October 15, 2015, when Ms. Brand's filter was retrieved by an open procedure, a date with which Ms. Brand agreed. Then, when it was too late for Ms. Brand to adequately respond, it requested in a motion to correct that motion in limine that it be allowed to argue for a July 14, 2011 cutoff date (when there was an unsuccessful intravenous attempt to retrieve the filter) and it went ahead and argued in in a summary judgment reply brief that it owed no post-sale duty at all (no duty to warn after the filter was implanted on March 8, 2009). Because allowing this last-minute gamesmanship will severely and unfairly prejudice Ms. Brand, the Court should reconsider the order granting the motion to correct the motion in limine and strike that section of the summary judgment reply.

1

**FACTUAL AND PROCEDURAL BACKGOUND**

In the Cook Defendants' Memorandum in Support of Motion for Summary Judgment (the "MSJ") (Dkt. 8651) filed July 20, 2018, Cook did not argue that it had no post-sale duty to warn (i.e., no duty to warn after implantation of the Celect filter in Ms. Brand on March 19, 2009) or that such duty imposed by Georgia law terminated as of any particular date. Indeed, it made no argument for summary judgment unique to a post-sale duty to warn. In the Cook Defendants' Memorandum in Support of Omnibus Motions in Limine (Previously-Decided and Renewed) (the "MIL") (Dkt. 8889) at 38-40, filed August 7, 2008, for MIL No. 9, Cook argued that the duty to warn should terminate on October 15, 2015, the date Ms. Brand's filter was retrieved through an open procedure.

In reliance on Cook's agreement that it owed a post-sale duty to warn until October 15, 2015, Ms. Brand did two things. First, in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (the "MSJ Opposition") (Dkt. 9146) filed September 14, 2018, it did not make any argument as to why a post-sale duty to warn existed in this case or address it separately from the pre-sale duty to warn, because it assumed Cook conceded such duty existed until October 15, 2015. Rather, Ms. Brand responded to Cook's arguments on duty to warn based on Cook's knowledge both before and after implantation and before and after July 14, 2011, without trying to uniquely justify the Court's consideration of the post-implantation evidence. Second, in Plaintiff's Responses to the Cook Defendants' Omnibus Motions in Limine (Previously-Decided and Renewed) and Authority in Support (the "MIL Opposition") (Dkt. 9261) at 30, filed September 25, 2018, Ms. Brand agreed that Cook's duty to warn terminated on October 15, 2015.

On October 9, 2018, less than two weeks before the October 22, 2018 hearing, in The Cook Defendants' Reply Memorandum in Support of Motion for Summary Judgment (the "MSJ Reply") (Dkt. 9371) at 44-52, Cook argued for the first time that it owed no duty to warn Ms. Brand after her March 19, 2009 implantation and requested a summary judgment to that effect and made other arguments for summary judgment unique to the post-sale duty to warn.

And, on October 15, 2018, only a week before the hearing, Cook filed Cook Defendants' Motion to Correct Memorandum in Support of Previously-Decided and Reviewed Motion in Limine No. [Dkt. No. 8889, at 38-40] (the "Motion to Correct") (Dkt. 9407) in which it asked the Court to allow it to amend MIL No. 9 to move the date of the termination of its post-sale duty to warn from October 15, 2015, to July 14, 2011. Pursuant to Local Rule 7-1, by not indicating in its text that Ms. Brand opposed the Motion to Correct and by submitting a proposed order granting it, Cook implicitly represented to the Court that it was "routine or uncontested." Consistent with that Rule allowing it to rule upon a "routine or uncontested motion before the response deadline passes," the Court granted the motion to correct on October 18, 2018, using the proposed order submitted by Cook. Dkt. 9439.

## ARGUMENT

As set forth above, Cook implicitly represented that the Motion to Correct was "routine or uncontested" under Local Rule 7-1(d).  Cook did so despite knowing that it was neither.  Cook know this because weeks before in the MSJ Response, Ms. Brand had cited to significant amounts of evidence dating after July 14, 2011, regarding Cook's knowledge of the dangers of the Celect filter about which it failed to warn and Ms. Brand had specifically argued therein that Cook's duty to warn extended past that date. Since the Court obviously granted the Motion to Correct only

3

because it had been misled into believing it was "routine or unopposed" when it was not, it should reconsider and withdraw its Order (Dkt. 9439).

After the Court does that, it should deny the Motion to Correct because granting it would severely and unfairly prejudice Ms. Brand. Ms. Brand agreed in the MIL Opposition not to argue that Cook had a duty to warn after October 15, 2015.  If the Court grants the Motion to Correct, Ms. Brand will be deprived of the opportunity to brief for the Court the complex and substantial law and evidence demonstrating the existence of and relevance of Cook's duty to warn after July 14, 2011. There certainly is not time for Ms. Brand to do so before the hearing on the 22nd while she is preparing for oral argument on literally scores of motions. In short, fundamental fairness demands that the Court deny the Motion for Correction.

Dated:  October 19, 2018.

Respectfully Submitted,

*/s/ Joseph N. Williams*_____
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee
and on behalf of Plaintiffs' Steering Committee*


*/s/ Michael W. Heaviside*_____
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

4

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@bencmartin.com

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*
Ben C. Martin