UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to:

    *Brand v. Cook Medical, Inc. et al.,*
    Case No. 1:14-cv-06018-RLY-TAB

_____

**THE COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE POST-SALE WARNING ARGUMENT FROM COOK'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

      This afternoon—on the last business day before the Court is scheduled to hear Cook's motion for summary judgment—Plaintiff served a document entitled "Plaintiff's Motion To Strike New Post-Sale Warning Argument In The Cook Defendants' Reply In Support Of Motion For Summary Judgment," Dkt. 9452.  Plaintiff's motion is untimely and unfounded, and the Court should deny it.

      As a threshold matter, Plaintiff has had Cook's reply memorandum in support of its motion for summary judgment (Dkt. 9371) for 10 days, since its service on October 9, 2018.  Plaintiff admits this, *see* Dkt. 9452 at 3, yet offers no explanation for why she did not bring her motion—or even raise with Cook's attorneys the issue addressed by the motion—until the Friday afternoon before the Monday hearing on the summary judgment motion.

      As for the merits of Plaintiff's argument, it is incorrect on all counts.  First, Cook did indeed mention a post-sale duty to warn for the first time in its reply brief, but that is because Plaintiff injected it into the case for the first time in her response to Cook's summary-judgment

1

motion. It is not <u>Cook</u> that is introducing a new issue into the case, it is <u>Plaintiff</u>. Plaintiff <u>never pleaded a claim</u> that Cook breached any post-sale duty to warn or that any breach of any such duty caused Plaintiff injury.  *See* Amended Short Form Complaint (Brand), dated 9/30/2015 [Dkt. 688]; Master Consolidated Complaint for Individual Claims [Dkt. 213].  Consistent with this omission, none of Plaintiff's expert disclosures identified any opinion that Cook had breached a post-sale duty to warn or that such a breach had injured Plaintiff.  In fact, Plaintiff's failure to plead the claim is the first argument that Cook raised against the claim in its reply memorandum.  *See* Dkt. 9371 at 45-46.

Once Cook was aware from Plaintiff's summary-judgment response that she intended to assert such a claim, Cook addressed the claim in its reply, both objecting to the late attempt to assert the claim and pointing out the lack of any legal, expert, or other evidentiary support for the claim. *See* Dkt. 9371 at 44-52.  Plaintiff can hardly fault Cook for failing to argue that it is entitled to summary judgment on a claim that Plaintiff had never asserted before her summary-judgment response.

Second, contrary to Plaintiff's assertion, Cook does <u>not</u> agree and has <u>never</u> agreed "that it owed a post-sale duty to warn until October 15, 2015," Dkt. 9452 at 2.  In fact, in its Motion In Limine No. 9, Cook moved to exclude evidence or argument that "Cook had a post-sale duty to warn about certain risks that Cook learned about after the October 15, 2015 retrieval of Plaintiff's filter."  Dkt. 8889 at 38.  (Cook recently realized that it had listed the wrong date, and moved to correct the date to July 14, 2011.  *See* Dkt. 9407.)  Nothing in either of these motions suggested any agreement by Cook that Plaintiff had a viable cause of action for post-sale failure to warn before these dates.

Third, Plaintiff's requested alternative relief of 15 additional days to try to come up with evidence to support such a claim is meritless as well.  Discovery closed long ago. Plaintiff knew when she filed her summary-judgment response that she had not pleaded a post-sale duty-to-warn

claim, and that she would need to offer evidence to support it (if the Court permitted her to belatedly inject the claim into the case at all).  She failed to offer any such evidence, and the Court should reject her unjustified request for a second chance.  The Court should deny Plaintiff's motion.

Respectfully submitted,

Dated: October 19, 2018

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  jessica.cox@faegrebd.com

Charles Webber (# 215247)
Bruce Jones (# 179553)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-8719
Facsimile: (612) 766-1600
Email:  chuck.webber@faegrebd.com
Email:  bruce.jones@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2018, a copy of the foregoing The Cook Defendants' Response To Plaintiff's Motion To Strike "New" Post-Sale Warning Argument From Cook's Reply In Support Of Motion For Summary Judgment was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*
