IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to:<br>*Brand*; Case No.: 1:14-cv-06018-RLY-TAB | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH
THE NOTICE OF VIDEO DEPOSITION OF AAKRITI GUPTA, MD**

Pursuant to the Federal Rules of Civil Procedure and the work product doctrine, Plaintiff Tonya Brand ("Plaintiff") files this Memorandum in Support of Motion to Quash the Notice of Video Deposition of Aakriti Gupta, MD ("Notice") and respectfully shows the Court the following:

**SUMMARY OF ARGUMENT**

Both the Federal Rules of Civil Procedure and the work product doctrine ban discovery of non-testifying experts who have been retained or specially employed by a party in anticipation of litigation or to prepare for trial.

Dr. Aakriti Gupta is a consulting, non-testifying expert retained by the Plaintiff in anticipation of litigation and to assist in preparation for trial. Dr. Gupta will not testify at trial. Under Federal Rule of Civil Procedure 26(b)(4)(D) and the work product doctrine, Defendants are not entitled to depose or obtain documents from Dr. Gupta.

Moreover, "exceptional circumstances" do not exist in this case. Defendants have already deposed and received documents related to the facts obtained and opinions held by Plaintiff's

testifying expert, Dr. Harlan Krumholz. Discovery from Dr. Gupta would be duplicative, unduly burdensome, and a waste of time and money.

Independently, the deposition was noticed several months too late. The deadline for the completion of expert discovery was June 29, 2018. *See* Second Amended CMO #19. Although the parties by agreement took some expert depositions after that date, Plaintiff did not agree to this deposition at all, and certainly not after the deadline. During his June 28, 2018 deposition, Dr. Krumholz freely revealed that Dr. Gupta acted as his research assistant in this case. *See* Krumholz Deposition at 8:25-10:7, attached as Exhibit A. In fact, Dr. Gupta attended Dr. Krumholz's deposition. *Id*. Yet, Defendants never met and conferred with Plaintiff's counsel to request the deposition of Dr. Gupta, and they waited nearly three months, until September 20, 2018, to unilaterally notice Dr. Gupta's deposition – well after the June 29, 2018 expert discovery deadline.

Finally, even assuming *arguendo* that Defendants may obtain limited discovery of Dr. Gupta – and they *cannot* – the document requests served by Defendants are overbroad, unduly burdensome, and well beyond the scope of Dr. Gupta's role in this case. Therefore, the Court should grant Plaintiff's Motion to Quash the Notice of Video Deposition of Aakriti Gupta, MD, along with the accompanying document requests.

## ARGUMENT

On September 20, 2018, Defendants served Plaintiff with a Notice of Video Deposition of Aakriti Gupta, MD ("Notice") to be taken on November 6, 2018. *See* Notice, attached as Exhibit B. The Notice also contained a lengthy document request with a response date of October 30, 2018. *Id.* The notice and document request were served nearly three months *after* the June 29, 2018 deadline for expert discovery. Thus, the notice and document request are incredibly late and untimely. For this reason alone, the Court should grant this Motion to Quash.

Dr. Gupta is a consulting expert, who was hired in anticipation of litigation and to assist in trial preparation. She is not a testifying witness, and she will not testify at trial.

Federal Rule of Civil Procedure 26(b)(4)(D) bans discovery into the "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," unless "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means" exist. FED. R. CIV. P. 26(b)(4)(D).

The party seeking discovery of facts known or opinions held by a non-testifying expert bears the burden of demonstrating the existence of exceptional circumstances. *In re Shell Oil Refinery,* 132 F.R.D. 437, 440 (E.D. La. 1990). This burden has been described as a "heavy" one. *Id.* at 442. "The exceptional circumstances requirement has been interpreted by the courts to mean an inability to obtain equivalent information from other sources." *Id.* at 442; *see also Higher One, Inc. v. TouchNet Info. Sys., Inc.*, 298 F.R.D. 82, 86–87 (W.D.N.Y. 2014) ("Exceptional circumstances may be established by demonstrating that the party seeking discovery is unable to obtain equivalent information that is essential to the preparation of the case from other sources. This includes situations in which the object or condition observed by the non-testifying expert is no longer observable by experts hired by the party seeking discovery. A second situation commonly recognized as constituting exceptional circumstances is when it is possible to replicate the expert discovery, but the costs would be judicially prohibitive. Another example of 'exceptional circumstances' is when there are no other available experts in the same field or subject area.").

As previously stated, Dr. Gupta is a consulting expert, who will not testify at trial. Therefore, under Federal Rule of Civil Procedure 26(b)(4)(D), Defendants are not entitled to depose or make document requests of Dr. Gupta.

Moreover, there are no exceptional circumstances under which it is impracticable for Defendants to obtain facts or opinions on the same subject matter. In fact, Defendants have already taken a lengthy, full-day deposition of testifying expert Dr. Harlan Krumholz on the same subject matter. During that deposition, which resulted in a three-hundred-and twenty-five (325) page transcript, Defendants had the opportunity to discover, and did in fact discover, the opinions held by Dr. Krumholz and the basis for those opinions. Dr. Krumholz answered all of Defendants' questions; there is no reason -- especially several months *after* the close of expert discovery -- to retread the same ground by asking Dr. Gupta the same questions. Finally, Defendants cannot show that there are no other experts available in the same field or subject area. Indeed, Defendants have their own experts. Thus, Defendants cannot meet their heavy burden to show that it is impracticable to obtain the facts and opinions sought in their discovery requests of Dr. Gupta. Therefore, the Court should grant Plaintiff's Motion to Quash the Notice of Video Deposition of Aakritia Gupta, MD.

Defendants' Schedule A document requests are also prohibited by Rule 26(b)(4)(D) for the same aforementioned reasons. Additionally, and without agreeing to the validity of the production requests, the document wish-list is overbroad and unduly burdensome. For example, Request No. 2 seeks billing records for Dr. Gupta's work on a Texas state court case, and Request No. 3 seeks billing records "for work related to litigation against IVC filter manufacturers *other than Cook*." *See* Exhibit B (emphasis added). Request No. 4 seeks "*Any* correspondence, e-mails, or other communications between yourself and *any* third party that pertain to Cook IVC Filter litigation

*and the issues related to it*." *Id.* This request would arguably include any communication Dr. Gupta has ever had regarding IVC filters -- whether related to Ms. Brand's case or not -- including communications regarding Dr. Gupta's peer-reviewed publications on filters. As another example, with no limitation on time or subject matter, Request No. 6 seeks "Raw data returned from *any* literature search done by you or someone working under your direction, including any reports of the number of articles returned by the search, any identification of the abstracts or articles returned by the search, and any copies of abstracts or articles downloaded from the search." *Id.* It is highly doubtful that such wildly overbroad discovery is allowable of a testifying expert, let alone a *consulting, non-testifying* expert.

## CONCLUSION

Cook's discovery requests related to Dr. Gupta are untimely. Moreover, discovery from Dr. Gupta would be duplicative, unduly burdensome, overly broad, a waste of time and money, and well beyond the scope of Dr. Gupta's consulting role in this case. This Court should not sanction such a fishing expedition, especially three months after the close of expert discovery. For each of these reasons, the Court should issue a protective order and grant Plaintiff's Motion to Quash the Notice of Video Deposition of Aakriti Gupta, MD and the accompanying document requests.

Date:  October 19, 2018          */s/ Ben C. Martin*
                                 Ben C. Martin, Esq.
                                 The Law Office of Ben C. Martin
                                 3710 Rawlins Street, Suite #1230
                                 Dallas, TX 75219
                                 Telephone: (214) 761-6614
                                 Facsimile: (214) 744-7590
                                 Email: bmartin@bencmartin.com
                                 Plaintiffs' Co-Lead Counsel

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs Steering Committee
and on behalf of Plaintiffs Steering Committee*

*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com
*Plaintiffs' Co-Lead Counsel*

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

       I hereby certify that on October 19, 2018, a copy of Plaintiffs' Memorandum in Support of Motion to Quash the Notice of Video Deposition of Aakriti Gupta, MD was served on counsel of record listed below by electronic mail and first class U.S. Mail:

| | |
|---|---|
| Andrea Roberts Pierson<br>andrea.pierson@FaegreBD.com<br>Victoria R. Calhoon<br>victoria.calhoon@gaegrebd.com<br>Anna C. Rutigliano<br>anna.rutigliano@gaegrebd.com<br>**Faegre Baker Daniels LLP**<br>300 N. Meredian Street, Suite 2700<br>Indianapolis, IN 46204 | Charles Webber<br>chuck.webber@faegrebd.com<br>**Faegre Baker Daniels LLP**<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |

                                                                  */s/ Ben C. Martin*
                                                                  Ben C. Martin