UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.*,
Case No. 1:14-cv-06018-RLY-TAB

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION TO EXCLUDE PORTIONS OF DEFENDANTS' DEPOSITION TESTIMONY**

The defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively "Cook" or "the Cook Defendants"), urge the Court to deny Plaintiff Tonya Brand's Omnibus Motion to Exclude Portions of Defendants' Deposition Testimony [Dkt. 9461]. Rule 30(e)(1) expressly permits deponents to change the substance of deposition testimony to correct or clarify their answers, and the only Seventh Circuit case that Plaintiff cites in fact contradicts Plaintiff's argument. Moreover, contrary to Plaintiff's assertions, the errata at issue do not contradict the deponents' original testimony. Finally, the trial testimony that Plaintiff asks the Court to exclude does not track or connect with her objections to the errata entries.

**THE COURT SHOULD DENY PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF DEFENDANT'S WITNESSES' DEPOSITION TESTIMONY.**

A. **Rule 30(e)(1) permits deponents to change the form or content of their testimony in deposition transcripts.**

Despite the plain language of Federal Rule of Civil Procedure 30(e), Plaintiff asks this Court to "exclude" various changes submitted in the errata sheets of Dr. David Gillespie, Dr. Jon

US.120663251.02

Fryzek, Dr. Timothy Morris, Lykke Iversen, and Tamara Clemmer. Indeed, Plaintiff goes even further, asking the Court to bar these witnesses from testifying *at trial* in a manner consistent with the amended deposition passages. Plaintiff's motion contradicts the language of Rule 30(e)(1), and the law of this Court offers no support for Plaintiff's requested relief.

Federal Rule of Civil Procedure 30(e)(1) grants persons who have been deposed the right to review the transcripts of those depositions and to make any necessary corrections in form or substance to their testimony. The Rule states:

> The deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form *or substance*, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1) (emphasis added). Any changes to the original deposition testimony that the deponent makes must be appended by the designated officer to the back of the transcript. Fed. R. Civ. P. 30(e)(2).

Consistent with this plain language, both the Seventh Circuit and this Court have repeatedly held that Rule 30(e) allows a "party to change a deposition from what he or she said to what he or she meant." *Odongo v. Brightpoint N. Am., L.P.*, No. 116CV00685TWPDML, 2018 WL 4539265, at *6 (S.D. Ind. Sept. 21, 2018); *see also Thorn v. Sundstrand Aero. Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) (holding that deponent's effort to "change his deposition from what he said to what he meant" is "permitted by Fed. R. Civ. P. 30(e)"); *Paul Harris Stores, Inc. v. PricewaterhouseCoopers, LLP*, No. 1:02-cv-1014-LJM-VSS, 2006 WL 2644935, at *2 (S.D. Ind. Sept. 14, 2006) (quoting *Thorn*, 207 F.3d at 389).

Ignoring this authority, Plaintiff's motion argues that the Court should exclude the witnesses' amended testimony because the witnesses' errata sheets supposedly impermissibly contradict and/or alter the substance of each witnesses' original deposition testimony, a position

purporting to rely on *Thorn*. (Dkt. 9462 at 1-2). But even if Plaintiff's claims of contradiction were true (which they are not, as discussed in section B below), the *Thorn* decision does not support Plaintiff's argument for several reasons.

First, the *Thorn* decision did not address the use or admissibility at trial of amended deposition testimony, the topic of Plaintiff's present motion; *Thorn* held only that a court may disregard substantive changes to deposition testimony *in the context of a motion for summary judgment*. *See Thorn*, 207 F.3d at 389. This is consistent with the purpose of a summary judgment motion: to determine whether the non-moving party can establish the existence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(a). Just as a court addressing a summary judgment motion may disregard an affidavit that tries to create a genuine issue of material fact by contradicting previous deposition testimony, *see, e.g., Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 532-33 (7th Cir. 1999), so (under *Thorn*) it may disregard a substantive change to a deposition transcript that tries to do the same thing. *See, e.g., Golsen-Dunlap v. Elan Motorsports Techs.*, Inc., No. 1:04-CV-00104-LJM, 2012 WL 3027947, at *5 (S.D. Ind. July 24, 2012) (citing *Thorn*, 207 F.3d at 389)). Indeed, in the same sentence from the *Thorn* decision on which Plaintiff bases her argument, the decision makes that parallel explicit:

> We also believe, *by analogy to the cases which hold that a subsequent affidavit may not be used to contradict the witness's deposition,* [citations omitted], that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a "not."

*Thorn*, 207 F.3d at 389 (emphasis added). *Thorn*'s summary judgment analysis does not apply here, and that aspect of the *Thorn* decision is inapposite.

Plaintiff's motion also fails to mention that this Court has previously rejected a party's motion to do just what she asks here: to extend *Thorn* and strike a deponent's errata changes. In

*United States ex rel. Robinson v. Indiana Univ. Health Inc.*, 204 F. Supp. 3d 1040 (S.D. Ind. 2016), the defendant moved to strike eight changes from the relator's deposition errata sheet on the ground that the sheet "made substantive changes to her deposition testimony," relying (like Plaintiff here) on the *Thorn* decision. *Id.* at 1041. This Court discussed the *Thorn* decision at length, emphasizing the summary judgment context of that decision, and ultimately "decline[d] to extend Thorn as Defendants request" and denied the motion to strike. *Id.* at 1045 (holding that "*Thorn* neither contemplates nor authorizes such authority"); *see also Edwards v. Jolliff-Blake*, No. 17-1848, 2018 WL 5668775, at *10 (7th Cir. Nov. 1, 2018).

Indeed, if Plaintiff's flawed view of the law were correct, the Court and the parties would have a lot of work to do to exclude Plaintiff's own experts' testimony based on substantive changes in deposition testimony through errata sheets. Among the worst offenders are Plaintiff's experts Dr. Krumholz (for example: "21/6 Change 'That's correct.' to 'No.'"; "216/5 Delete entire answer and replace with the word 'Incorrect.'") and Dr. Gordon (for example: "294:15/ should be 'no. The data is correct.' / clarification based on review of report"; "359:4/ 'unnecessary' should be 'necessary'/ correction of a misstatement").

If Plaintiff truly believes that some deponent's correction of deposition testimony in an errata sheet contradicts rather than clarifies or corrects the testimony as transcribed, her remedy is to use the original transcript as impeachment at trial if the need arises. *See Thorn,* 207 F.3d at 389 ("the rule requires that the original transcript be retained (this is implicit in the provision of the rule that any changes made by the deponent are to be appended to the transcript) so that the trier of fact can evaluate the honesty of the alteration."); 8A Wright & Miller, *Federal Practice and Procedure* § 2118 (3d ed.) ("the preferable rule seems to be that the original answers must of course remain in the record" and can be used for impeachment purposes at trial). The jury can

then decide if a contradiction indeed exists and, if so, whether to believe the live testimony or the original transcript.

> **B.    The errata sheet changes to which Plaintiff objects do not contradict the deponents' original testimony.**

Even assuming for the sake of argument that circuit law permitted the Court to bar deponents' trial testimony as Plaintiff requests, the Court should nevertheless deny Plaintiff's motion because the testimony she contends should be excluded as contradictory is not in fact inconsistent with any witness's original testimony.

First, Plaintiff contends that Dr. Gillespie's addition noting that he met with counsel on "several other occasions" contradicts his prior testimony that he met with Cook's counsel two times to write his report.  (Dkt. 9462 at 4).  But Plaintiff points to nothing in the amendment suggesting that the other meetings also involved writing his report.  Plaintiff also ignores the compound nature of the question at issue ("When did you write your report, or when did you work with Cook's lawyers to write your report?"), which justifies the clarification that Dr. Gillispie's amendment provides.

Likewise, Dr. Gillespie's amendment indicating that he did not utilize a single overarching methodology in forming his opinions does not contradict his statement that he did not follow a "specific" methodology—that is, *one* methodology—to reach every opinion in his report.  *See* Black's Law Dictionary at 1406 (7th ed. 1999) (defining "specific" as "[o]f or relating to a particular named thing").  Indeed, the amendment itself explains that Dr. Gillespie used "the various methodologies detailed in [his] report" (i.e., an extensive review of the medical literature and a differential diagnosis concerning Plaintiff's individual case).  This merely echoed Dr. Gillespie's on-the-record clarification at his deposition that his methodology was indeed outlined in his report.

With respect to Dr. Fryzek's errata, Plaintiff does not even claim that the amendment is inconsistent with that expert's original testimony, merely that the addition went beyond the scope of the question asked.  *See* Dkt. 9462 at 5 ("that was not the question asked of him").  Plaintiff cites no authority for barring live testimony *at trial* on a particular subject simply because a witness's testimony about that subject *at his deposition* went beyond the scope of the question.  If Cook attempts to offer the passage at issue at trial, Plaintiff is of course free to object on the ground of non-responsiveness.

Dr. Morris's clarification in his errata sheet ("Yes, *that was one of her characteristics.*") simply clarifies the context of his answer.  That clarification was made necessary in by the awkwardness and inelegance of Plaintiff's attorney's question ("So there -- so just in looking at your -- at your answer, you got a patient who had high risk for PE from her patient characteristics, and her patient characteristic was that she was destined to get a lumbar surgery from an anterior approach. True?").  There is no contradiction.

Mr. Iversen's corrected response merely clarified the confusion created by his own original, somewhat muddled response:

| Page/Line # | Original Text | Errata Text | Reason Given |
|---|---|---|---|
| P91, Lines 1-14 | Q. Right. And it says that William Cook Europe's investigation procedures related to images have changed since he came. Correct?<br><br>A. Since -- when we did the first investigation here and until the second, yeah, that's correct.<br><br>Q. And the change was using that greater than 3 millimeter definition?<br>A. That is what he -- we didn't ask him to do that, but that is what he thinks is correct I believe. That's why we do it. | Q. Right. And it says that William Cook Europe's investigation procedures related to images have changed since he came. Correct?<br><br>A. Since -- when we did the first investigation here and until the second, yeah, that's correct.<br><br>Q. And the change was using that greater than 3 millimeter definition?<br>A. *No. The change in the process was having a radiologist to review the imaging, not using the 3 mm definition. The 3 mm definition was just what the radiologist used during his review.* | "Clarification to show what I meant." |

Again, there is no contradiction between Mr. Iversen's original and changed testimony.

Finally, the change Ms. Clemmer submitted in her errata sheet—clarifying that Celect filters was at that time still on the market in certain kits—is consistent with her original testimony. In response to Plaintiff's attorney's compound and leading request that Ms. Clemmer agree to the premise of his question, she testified:

> Q. I understand that the Cook Celect filter is no longer on the market in the United States of America. I mean, we, we -we both will have that understanding during the deposition. You understand that. And so when I ask about the placement of a Celect filter, this obviously would be when they were being placed; right?
> A. Understood, yes*.*

Clemmer Dep. at 112:18-113:6. When Ms. Clemmer amended her original response, she added the sentence, "Since the Platinum introduction, they are sold in only certain kits, but are on the market." This clarification is in no way inconsistent with her original response to Plaintiff's attorney's question asking whether that she understood the his premise—*i.e.*, that the questions Plaintiff's attorney posed relating to placing the Celect referred to the time period in which the filter was being placed. Her amendment simply resolved the ambiguity created by Plaintiff's counsel's erroneous understanding of how long the Cook Celect filter had been marketed in the United States.

In sum, none of the errata corrections Plaintiff cites is inconsistent with the witnesses' original testimony, and none of them justifies any relief here.

      **C.**    **The specific relief Plaintiff seeks does not correspond to the errata to which she objects.**

Finally, even assuming for the sake of argument that Plaintiff's motion had both a legal and a factual basis, the relief she seeks—exclusion of the specific trial testimony listed on pages 8-9 of her memorandum—does not track the errata objections in the motion.

For example, Plaintiff requests in her Motion that the Court exclude Dr. Morris' opinion that "the use of an 'anterior approach' has no effect on the risk of pulmonary embolism.'" 9462 at 9. But Dr. Morris never suggests, either in his deposition testimony or in his errata sheet, that he holds any opinion that an anterior approach had no effect on Mrs. Brand's risk of PE. On the contrary, Dr. Morris answered "yes" on the record when asked by Plaintiff's attorney whether Mrs. Brand's lumbar surgery from an anterior approach was a "patient characteristic" that placed her at risk for PE, and later clarified in his errata that the anterior approach was "one of the characteristics" that placed her at risk, rather than the sole characteristic. (See P motion, p. 6 of 11 for chart outlining testimony change). Plaintiff's request that the Court bar Dr. Morris from offering an opinion that he has never testified to—that "the use of an "anterior approach has no effect on the risk of pulmonary embolism"—makes no sense.

Similarly, Plaintiff asks the Court to bar Tamara Clemmer from testifying that "the IVC Celect Filter is still on the market." Dkt. 9462 at 9. But Ms. Clemmer's deposition was taken on June 15, 2017, and she prepared her errata sheet at a time when the Celect *was* still on the market in a limited context. As Plaintiff and her attorneys are well aware, as of the date of this response, the Celect is no longer on the market in the United States, even in that limited context. If Ms. Clemmer is asked at trial about the

8

current status of the Celect at the time of trial, she will answer truthfully.  But Plaintiff's request that the Court bar her from testifying about the issue based on a then-correct statement in her 18-month-old errata sheet has no logic.

In sum, the specific testimony that Plaintiff's motion asks the Court to exclude consists largely of testimony that the witnesses in question have never given, either in their deposition or in their errata sheets.  The Court should deny Plaintiff's effort to foreclose legitimate trial testimony based on exaggerated and incorrect characterizations of errata sheets.

## CONCLUSION

The controlling law provides this Court with no authority to strike deposition errata or to bar live trial testimony reflected in such errata, and even if it did, the errata Plaintiff cites are in no way inconsistent with the deponents' original testimony.  The Court should therefore deny Plaintiff's Omnibus Motion to Exclude Portions of Defendants' Deposition Testimony.

Dated: November 6, 2018                    Respectfully submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
Jessica Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  jessica.cox@faegrebd.com

Charles Webber (# 215247)
Bruce Jones (# 179553)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-8719
Facsimile: (612) 766-1600

Email: chuck.webber@faegrebd.com
Email: bruce.jones@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2018, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*