UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ | ) ) ) ) ) ) ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| This Document Relates to: Tonya Brand, 1:14-cv-06018-RLY-TAB _____ | | |

**ENTRY ON PLAINTIFF'S MOTION TO EXCLUDE
THE TESTIMONY OF TIMOTHY MORRIS, M.D.**

The Cook Defendants offer the testimony of Timothy Morris, M.D., a pulmonologist, who opines on the efficacy of IVC filters. Plaintiff brings *Daubert* challenges to Dr. Morris's opinions regarding: (1) why IVC filters are used; (2) whether the placement of IVC filters improves the mortality of some patients with pulmonary embolism ("PE"); (3) whether the Celect IVC filter in particular prevents PE and saves lives; and (4) whether Plaintiff avoided a PE and deep vein thrombosis ("DVT") as a result of her IVC filter. (Expert Report of Dr. Morris[1] at 14-22 and Appendix A at 8). Because the court finds Dr. Morris is qualified to offer opinions in this case and bases his opinions on a reliable methodology, the court **DENIES** Plaintiff's Motion.

---

[1] Dr. Morris's Expert Report is found in Filing Nos. 8650-1, 8650-2, and 8650-3.

1

## I. Standard for Expert Testimony

Federal Rule of Evidence 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) establish the framework for analyzing the admissibility of expert testimony. *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 607 (7th Cir. 2006). To be admissible, expert testimony must satisfy four requirements under Rule 702: (1) the expert must be qualified by knowledge, skill, experience, training, or education; (2) the proposed expert testimony must assist the trier of fact in determining a relevant fact at issue in the case; (3) the expert's testimony must be based on sufficient facts or data and reliable principles and methods; and (4) the expert must have reliably applied the principles and methods to the facts of the case. *Lees v. Carthage College*, 714 F.3d 516, 521-22 (7th Cir. 2013) (citations omitted). As the proponent of the expert testimony at issue, the Cook Defendants have the burden of demonstrating the expert's admissibility. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

## II. Discussion

### A. Qualifications

Dr. Morris is an academic pulmonary and critical care physician, and he serves as the University of California, San Diego Medical Center's clinical consultant in pulmonary embolism and deep vein thrombosis. (Filing No. 8650-1, Expert Report of Timothy Morris, M.D. at 1). He is also the Medical Director of the clinical pulmonary physiology laboratory. (*Id.*).

His clinical practice primarily centers on patients who suffer from pulmonary embolism and deep vein thrombosis. (Filing No. 8650-4, Deposition of Timothy Morris, M.D. ("Morris Dep.") at 8). In that capacity, he prescribes IVC filters. (*Id.* at 9). Moreover, Dr. Morris has spent most of his career focusing on PE and the transition between DVT and PE, written original research on the transition between the two, written review chapters in major pulmonary textbooks which included an opinion on IVC filters, and given presentations to both the American Thoracic Society and the American College of Chest Physicians regarding PE and IVC filter data. (*Id.* at 11).

Plaintiff challenges his qualifications because he does not select which IVC filter a patient should receive nor insert them as part of his clinical practice. (*Id.* at 9-10). Under Rule 702, an expert is qualified if he draws on specialized "knowledge, skill, experience, training, or education" to formulate his opinion. Dr. Morris's distinguished academic and clinical career easily satisfies Rule 702's requirement. The fact that he prescribes IVC filters, but does not select or place them, may be challenged on cross-examination. *Walker v. Soo Line R. Co.*, 208 F.3d 581, 591 (7th Cir. 2000); *Traharne v. Wayne/Scott Fetzer Co.*, 156 F.Supp.2d 697, 706 (N.D. Ill. 2001).

  B. **Methodology**

    1. **The Efficacy of the Celect**

Dr. Morris opines that IVC filters, including the Celect, are effective in reducing the incidence of PE. (Expert Report at 14-18, 26); *see also* Morris Dep. at 76-82). In support of that opinion, Dr. Morris cites numerous peer-reviewed, published studies specifically addressing that issue and reporting PE rates for it. (*Id.* at 14-18, 26; *see also*

3

*id.* at 32-40 (listing references); Morris Dep. at 76-82 (discussing studies by Angel, Bikdeli, Jia, Doody, Sangwaiya, and Zhou).

Plaintiff argues that the majority of the studies Dr. Morris relied upon involved different devices—i.e., permanent, non-retrievable filters or filters other than the Cook Celect IVC filter. This lack of relevant studies, she continues, is evidenced in Dr. Morris's deposition when he could not find, in reviewing the articles he relied upon, a sentence in the published literature specifically saying that the Celect filter is effective at reducing the risk of PE.

Plaintiff's arguments are not supported by the record. First, a review of Dr. Morris's Expert Report does include studies addressing the Celect. (Expert Report at 26 (reporting PE rates from multiple studies, including those from Doody and Sangwaiya, focused on the Celect)). Dr. Morris addressed the same in his deposition. (Morris Dep. at 78-82). Second, although Dr. Morris could not find a specific sentence which stated that the Celect is effective at reducing the incidence of PE, he was able to review the data from those articles and testified that the data supported his opinion. (*Id.*; *see also id.* at 99 (testifying that although the studies "don't contain the sentence that you said . . . they contain the numbers that support" his opinion on the Celect)). The data is what is relevant to his opinion, not one specific sentence.

Next, Plaintiff takes issue with the lack of randomized control trials ("RTCs") to prove efficacy for the Celect. At deposition, Plaintiff questioned Dr. Morris on a Celect pilot study by Anita Rajasekhar which studied IVC placement for venous thromboembolism prophylaxis in high risk patients. (*Id.* at 101). The Rajasekhar study

concluded that an RTC in such patients was feasible. (*Id.* at 103). Dr. Morris explained that the study "look[ed] at an entirely new indication for IVC filters"—that being, the insertion of an IVC filter in trauma patients who were on *anticoagulants*. (*Id.* at 105) Conducting an RTC on an IVC filter in which anticoagulants are withheld from patients is a completely different scenario. (*Id.* at 106). As Dr. Morris explained, the control group would receive no anticoagulant therapy at all, potentially putting their lives at "grave risk." (*Id.* at 61). Consequently, an RTC like the one Plaintiff advocates cannot be done. (*Id.* at 61-62 ("So it would be an unethical trial now to do something like that."). Therefore, he continued, the medical community has extrapolated data and compared PE rates for new filters to PE rates while on anticoagulants. (*Id.* at 62, 91-92).

Dr. Morris's reliance on peer-reviewed studies, and his methodology in interpreting the data from those studies, meets the reliability standard of Rule 702. Accordingly, Dr. Morris's opinion that the Celect is effective in preventing PE is admissible.

### 2. The Benefits of the Celect

Plaintiff also challenges Dr. Morris's opinion that she received a benefit from the Celect filter: she avoided the occurrence of PE and DVT. Plaintiff claims Dr. Morris's opinion is speculative because "he opines that there is no evidence that [the filter] didn't protect her." (Filing No. 8650, Motion at 6).

Dr. Morris did not claim that Plaintiff suffered a DVT and that her filter caught the clot. Instead, he opined:

5

> The reason for placing IVC filters is to prevent PEs in high-risk situations. Despite her substantial perioperative risk, at no point did [Plaintiff] suffer from PE or DVT as a result of her high-risk complicated spinal operation. As such, there is no evidence that her IVC filter failed to do what it was intended to do.

(Expert Report, Appendix A at 8). He also opined, to a reasonable degree of medical certainty, that the decision to place an IVC in Plaintiff was correct, and that, were he her doctor, he would have prescribed an IVC filter for her prior to her surgery. (*Id.*). Because Plaintiff fails to identify any methodological issues with Dr. Morris's opinion, his opinion satisfies Rule 702's admissibility requirements.

### C. Additional Opinions

Plaintiff offered no argument in support of her *Daubert* challenge to Dr. Morris's opinions regarding: (1) why IVC filters are used and (2) whether the placement of IVC filters improves the mortality of some patients with PE. Consequently, her *Daubert* challenge is deemed waived. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

## III. Conclusion

Dr. Morris's opinions meet the requirements of Rule 702. Accordingly, Plaintiff's Motion to Exclude the Testimony of Timothy Morris, M.D. (Filing No. 8647) is **DENIED**.

**SO ORDERED** this 7th day of November 2018.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.