IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This Document Relates to:<br>*Brand*; Case No.: 1:14-cv-06018-RLY-TAB | |

## PLAINTIFF TONYA BRAND'S REPLY IN SUPPORT OF HER MOTION TO QUASH THE NOTICE OF VIDEO DEPOSITION OF AAKRITI GUPTA, MD

Plaintiff Tonya Brand ("Plaintiff" or "Ms. Brand") files this Reply in Support of her Motion to Quash the Notice of Video Deposition ("Notice") of Aakriti Gupta, MD ("Dr. Gupta") and respectfully shows the Court the following:

### ARGUMENT

The facts set forth by Cook actually prove Plaintiff's argument that no "exceptional circumstances" exist to support the taking of non-testifying consultant Dr. Aakriti Gupta's deposition. The 325- page deposition of testifying expert Dr. Harlan Krumholz – cited by Cook on pages 4-5 of its Response – demonstrates that Dr. Gupta worked under his "direction" and "supervision." Thus, Dr. Gupta possesses the same information as Dr. Krumholz, and another deposition would not elicit any new information that Cook did not already have the opportunity to obtain from Dr. Krumholz during his 8 hours of testimony. Discovery of Dr. Gupta would be duplicative, unduly burdensome, and a waste of time and money. *See TCL Communication Technology Holdings, LTD v. Telefonaktiebolaget LM Ericssson, et al.,* 2016 WL 6922051, at *3

(C.D. Cal. May 31, 2016) (refusing to allow the deposition of two non-testifying consultants who worked "at the direction and under the guidance" of the testifying experts.).

Likewise, Cook's argument related to Dr. Gupta's attendance at the examination of Ms. Brand by Dr. Krumholz also proves the absence of any "exceptional circumstances." Dr.Krumholz and Dr. Gupta possess the same knowledge and information related Ms. Brand's examination. "Exceptional circumstances may be established by demonstrating that the party seeking discovery is unable to obtain equivalent information that is essential to the preparation of the case from other sources." *Higher One, Inc. v. TouchNet Info. Sys., Inc.,* 298 F.R.D. 82, 86-87 (W.D.N.Y. 2014). Cook, however, already obtained equivalent information when it deposed Dr. Krumholz for 8 hours. An additional deposition of non-testifying consultant Dr. Gupta is the very definition of duplicative, wasteful, and unduly burdensome discovery.

The remainder of Cook's Response is full of innuendo, speculation, and irrelevant information. Cook argues that Dr. Gupta's attendance at Dr. Krumholz's deposition somehow entitles it to take the consultant's deposition. This is a big "so what?" Non-testifying consultants attend depositions of testifying experts as a routine part of litigation – hardly "exceptional circumstances." Tellingly, Cook does not cite any case law for the proposition that attendance/assistance by a consultant at an expert deposition constitutes the "exceptional circumstances" necessary to bootstrap the additional deposition of the consultant.

Cook's lengthy discussion of Dr. Gupta's payment arrangement in the Texas state court case referred to as *Pavlock* is equally irrelevant. It strains credulity to think that Dr. Gupta's work as a consultant in Texas is somehow relevant and an "exceptional circumstance" to justify discovery in this Indiana MDL case brought by Ms. Brand. The Court should grant Plaintiff's Motion to Quash the Video Deposition of Dr. Aakriti Gupta.

**CONCLUSION**

Under Federal Rule of Civil Procedure 26(b)(4)(D) and the work product doctrine, Defendants are not entitled to depose or obtain documents from Dr. Gupta. Defendants have not shown any "exceptional circumstances" to avoid the protections afforded by Rule 26(b)(4)(D) and the work product doctrine. Therefore, the Court should grant Plaintiff's Motion to Quash the Video Deposition of Dr. Aakriti Gupta.


Date: November 8, 2018

/s/ Ben C. Martin
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlins Street, Suite #1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
Email: bmartin@bencmartin.com
Plaintiffs' Co-Lead Counsel

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs Steering Committee
and on behalf of Plaintiffs Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com
*Plaintiffs' Co-Lead Counsel*

          */s/ David P. Matthews*
          David P. Matthews, Esq.
          Matthew and Associates
          2509 Sackett St.
          Houston, TX 77098
          Telephone: (713) 522-5250
          Facsimile: (713) 535-7184
          Email: dmatthews@thematthewslawfirm.com

          *Plaintiffs' Co-Lead Counsel*


## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

          */s/ Ben C. Martin*
          Ben C. Martin