UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| This Document Relates to: | | |
| Tonya Brand, 1:14-cv-06018-RLY-TAB | | |

**ENTRY ON PLAINTIFF'S MOTION TO LIMIT
THE TESTIMONY OF KENNETH RENKENS, M.D.**

The Cook Defendants offer the testimony of Kenneth Renkens, M.D. Plaintiff does not challenge Dr. Renkens' qualifications. Instead, she moves to exclude "Dr. Renkens' opinions regarding any relationship between Plaintiff's filter and her osteophytes, and what caused her filter to fail." (Filing No. 9051, Motion at 6). For the reasons explained below, Plaintiff's motion is **DENIED**.

**I.   Background**

Dr. Renkens is a board-certified neurosurgeon who focuses his practice on spinal surgery and is a founding partner and board member of Indiana Spine Group. (Filing No. 9052-1, Expert Report of Kenneth Renkens, M.D., at 1). He performs over 300 spinal surgeries each year and has performed over 200 ALIF procedures, the type of procedure Plaintiff had and for which she had a filter placed. (*Id.* at 2, 3; Filing No. 9201-3,

1

Deposition of Kenneth Renkens, M.D. at 41). He is familiar with both traction and claw-type osteophytes as well as the vascular structure involved in an ALIF procedure. (Renkens Dep. at 104-05). In addition, he regularly reads imaging as part of his neurological practice. (*Id.* at 92-93).

In his Expert Report, Dr. Renkens reviewed Plaintiff's imaging and found:

> The [January 15, 2009] axial CT images show that the osteophyte was in contact with the vena cava, with the vena cava draping over the osteophyte. This was on the Lumbar CT done before her March 19, 2009 ALIF surgery and filter placement.
>
> The April 10, 2009 CT scan shows evidence that the filter leg is at the level of L2-L3, communicating with the osteophyte present in this same location prior to the ALIF procedure.

(Expert Report at 7). Dr. Renkens also performed a differential diagnosis, considering all potential causes of Plaintiff's neck and back pain. He ruled in Plaintiff's degenerative disc disease and osteophytes as a cause for her existing neck and back pain and ruled out the two filter fragments from her IVC filter remaining at the L2-L3 level and right psoas as the cause of the pain. (*Id.* at 8). He opined that "[t]here is no correlation between the locations of the two fragments [of her filter] and her complaints of pain." (*Id.*).

## II.     Discussion

Plaintiff moves to exclude Dr. Renkens' testimony related to the relationship between the location of Plaintiff's IVC filter and her spinal anatomy—i.e., that the filter leg is in the same location as her osteophytes. Plaintiff argues this testimony "only has relevance if the jury is asked to infer the next step – that the filter got 'caught up' on Plaintiff's osteophyte **before** it perforated her IVC." (Filing No. 9051, Motion at 4)

2

(emphasis in original). In other words, Plaintiff fears the jury will infer that "it was Plaintiff's anatomy that caused the filter to perforate" and not a defect in the design of the filter. (*Id.*).

At his deposition, Dr. Renkens testified that Plaintiff's CT images showed that a leg of the "filter could have got caught up on the osteophyte [at L2-L3]." (Renken Dep. at 55; *see also id.* at 56 (testifying "a leg of the filter ended up in her L2-3 osteophytes"); *id.* at 57 ("Q: And that – your opinion is that it got caught on that osteophyte? A. Yes."); *id.* at 69 (testifying the filter leg "was touching the osteophyte at the level of L2-3, yes")). He explained, "[Plaintiff] had more prominent osteophytes at L2-3, so that those were the most prominent osteophytes, bone spurs, that were present. And it just happened to be where the vena cava was located, and it just happened to be where the legs of the filter ended up in her postop imaging studies." (*Id.* at 55). Dr. Renkens made clear that he was *not* offering an opinion on whether the filter perforated[1] before it touched the osteophyte. (*Id.* at 57). And he was *not* offering an opinion on what caused the filter to break. *Id.* at 56, 59; *see also id.* at 58 (testifying he was not offering an opinion on whether the filter fractured before it perforated the IVC). Instead, he was giving "an anatomical description of where the filter ended up." (*Id.*). Plaintiff's fear that the jury may infer

---

[1] Plaintiff asked Dr. Renkens whether the IVC filter would "have had to perforate through the wall of the vena cava before it could get caught on the osteophyte?" (*Id.* at 57). He explained that the vena cava is 2 millimeters thick with a pliable wall. (*Id.*). Thus, like a finger poking into Saran wrap, "the leg of the [filter] could push through, and it could get caught on that osteophyte *without* perforating." (*Id.* at 57-58) (emphasis added). Therefore, the leg could get caught on the osteophyte regardless of whether the leg was perforating through or pushing against the vena cava wall.

that "it was the osteophyte—not a defect in the filter—that caused the filter to fail" is not a reason to exclude a qualified and relevant expert opinion. Plaintiff's Motion to Limit the Testimony of Kenneth Renkens, M.D. (Filing No. 9050) is therefore **DENIED**.

**SO ORDERED** this 8th day of November 2018.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.