**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-6018-RLY-TAB

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PAY COOK EXPERT DR. RAMAN UBEROI'S DEPOSITION FEE.**

Plaintiff Tonya Brand ("Plaintiff" or "Brand") submits this Response to the Cook Defendants' ("Cook") Motion to Compel Plaintiff to Pay Cook Expert Dr. Raman Uberoi's Deposition Fee (the "Motion"), and respectfully shows the Court the following:

**SUMMARY OF ARGUMENT**

Cook and Plaintiff have an agreement whereby each party pays the deposition fees of its own experts. The parties have conducted numerous expert depositions under this agreement and course of dealing. Dr. Raman Uberoi is a Cook expert, no matter what the Cook Defendants want to call him. Moreover, Plaintiff informed Cook in writing prior to Dr. Uberoi's deposition that it would not pay Dr. Uberoi's fees. Cook's Motion is a blatant attempt to breach this agreement and shift Dr. Uberoi's exorbitant costs to Ms. Brand. Therefore, the Court should deny Cook's Motion.

## ARGUMENT

**I.      Cook And Plaintiff Have An Agreement To Pay The Deposition Fees Of Their Own Experts.**

Cook's Motion is an attempt to breach a long-standing agreement in this litigation whereby each party pays the deposition fees of its own experts. *See Affidavit of Ben C. Martin, attached hereto as Exhibit A.* Plaintiff and Cook agreed at the beginning of this lawsuit to pay the deposition fees of their own experts. As proof of this agreement and course of dealing, the parties have conducted two rounds of depositions, and each side has paid for its own experts. Because the parties have an agreement to pay for their own experts, the Court should deny Cook's Motion.

Importantly, Ms. Brand told Cook prior to the deposition that she would <u>not</u> pay any fees associated with Dr. Uberoi. In a July 31, 2018 e-mail, Plaintiff's counsel informed Cook attorney Jessica Benson Cox: "<u>We aren't paying for Uberoi. We opposed the deposition. Whatever you want to call him he is your expert. We will agree to cancel it completely if that is what you wish.</u>" Exhibit A, July 31, 2018 e-mail from Ben Martin to Jessica Benson Cox. Cook acknowledges this undisputed fact in its Memorandum. *See* Cook Defendants' Memorandum at ¶ 8, p.2. Thus, Cook knew before the Dr. Uberoi deposition that it was responsible for the expert fees. The Court should see through Cook's Motion as an attempt to conduct an after-the-fact bait and switch regarding Dr. Uberoi's deposition fees.

**II.      Cook Owns and Controls Dr. Uberoi as its Expert.**

Cook claims that Dr. Uberoi is an unretained, independent physician, but Cook had repeated communications with Dr. Uberoi regarding his opinions in the IVC filter litigation for at least nine months prior to his deposition. *Exhibit B, Deposition of Raman Uberoi, M.D.* (Aug. 3, 2018) at 15:24-16:8; 18:12-19:20 [hereinafter "Uberoi Dep."]. In fact, after being alerted to an issue by Cook's counsel, Dr. Uberoi – for the first time in his career – published a correction to

one of his articles regarding IVC filters.  *Id*. at 131:15-25; 135:2-22.  Cook paid Dr. Uberoi five hundred pounds per hour (which is approximately $650.00 dollars per hour) to prepare for the deposition. *Id*. at 24:6-25:8; 26:6-14.  Prior to his deposition, Dr. Uberoi spent 25 to 30 hours reading expert reports from Tonya Brand's case provided to him by Cook's counsel, along with other undisclosed documents provided by Cook, and meeting with Cook's attorneys go to over the questions they planned to ask him at the deposition.  *Id*. at 32:12-34:21; 45:16-21. Dr. Uberoi was not Ms. Brand's treating physician, has no first-hand knowledge of Ms. Brand's case, and is not an independent fact witness.  Cook has asked Dr.Uberoi to testify live at trial, and has offered to pay for his time and travel expenses to do so.  *Id*. at 365:4-366:2.  The overwhelming evidence is that Cook owns and controls Dr. Uberoi.  Therefore, the Court should deny Cook's Motion, and Cook should bear the cost of Dr. Uberoi's deposition fees.

## CONCLUSION

Cook should honor its agreement and pay the deposition costs of its expert, Dr. Raman Uberoi.  The Court should deny Cook's Motion.

Dated: November 12, 2018.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:  jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee*

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C.
MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com


Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW
CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*


## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.


*/s/ Ben C. Martin*_____
Ben C. Martin