IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following:

*Daniella Barrera*
Case No. 1:17-cv-03179-RLY-TAB

*John Brandes*
Case No. 1:17-cv-03129-RLY-TAB

*James M. Estes*
Case No. 1:17-cv-03780-RLY-TAB

*Hani Ghaith*
Case No. 1:18-cv-00896-RLY-TAB

*David Hare*
Case No. 1:17-cv-02067-RLY-TAB

*Nancy Rhines*
Case No. 1:18-cv-00852-RLY-TAB

*Jankie Sammy*
1:18-cv-00887-cv-00887-RLY-TAB

*Diane M. Vlna*
Case No. 1:18-cv-02689-JMS-DML

**PLAINTIFFS' MOTION TO TRANSFER VENUE**

Pursuant to 28 U.S.C. section 1404(a), Plaintiffs Daniella Barrera, John Brandes, James M. Estes, Hani Ghaith, David Hare, Nancy Rhines, Jankie Sammy, and Diane M. Vlna move for transfer of their cases for case-specific pretrial proceedings and for trial to the venue that would

1

have been correct absent direct filing, as specified in paragraph 7 of each Plaintiff's Short Form Complaint.[1] In support, Plaintiffs respectfully show as follows:

## I.
## SUMMARY OF PLAINTIFFS' ARGUMENT

Plaintiffs seek transfer of their cases to the venue where, absent direct filing, their cases could have been properly filed because given the completed status of non-case-specific issues, their cases will no longer benefit from inclusion in this MDL, and because case-specific discovery for each case can be more efficiently and conveniently conducted in the proposed alternative venues, where the cases can then be tried.

## II.
## BACKGROUND

Plaintiffs at issue in this motion are individuals whose cases were directly filed in this MDL Court via the agreed Short Form Complaint ("SFC") template, wherein each Plaintiff indicated in his/her SFC the "District Court and Division in which venue would be proper absent direct filing."[2] As reflected in each Plaintiff's SFC[3] and as set forth in the chart attached hereto as Exhibit A, absent direct filing, none of the Plaintiffs at issue would have filed in this district court. Instead, each of the moving Plaintiffs would have filed in the district where the surgery occurred, all or most of their implanting and treating physicians reside or practice, and their cause of action accrued.

---

[1] Paragraph 7 of the Short Form Complaint is as follows: "District Court and Division in which venue would be proper absent direct filing: _____."

[2] The form of the Short Form Complaint was determined by agreement of the parties. MDL Doc. 318 (Notice of Agreement re: SFC).

[3] Exhibit B is a compilation of each Plaintiff's SFC, organized in alphabetical order by last name.

## III.
## ARGUMENT AND AUTHORITIES

Under 28 U.S.C. section 1404(a), the court may "[f]or the convenience of parties and witnesses, in the interest of justice . . .transfer any civil action to any other district or division where it might have been brought."[4] Transfer of venue is appropriate under section 1404(a) when the moving party establishes that (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Commissioning Agents, Inc. v. Long*, 187 F. Supp. 3d 980, 985 (S.D. Ind. 2016); *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, No. 1:14–CV–88–TWP, 2014 WL 3818289, at *2 (S. D. Ind. Aug. 4, 2014); *State Farm Mut. Auto. Ins. Co. v. Bussell*, 939 F. Supp. 646, 651 (S. D. Ind. 1996).

MDL cases are mature and appropriate to remand for trial once common fact and expert discovery has been completed, Daubert motions for non-case specific experts have been resolved, and non-case-specific dispositive motions have been ruled on. *See In re Bard IVC Filters Prods Liab. Litig.*, MDL 15-02641-PHX-DGC, 2018 WL 4279834 (D. Ariz. Sept. 7, 2018) (Bard IVCF MDL court held cases mature and appropriate to remand to transferee court once common fact and expert discovery was completed, Daubert motions for non-case specific experts were resolved, and motion for summary judgment on preemption was ruled on). Although these MDL cases were direct-filed and thus, not subject to the JPML remand process, there is no reason that the same standard regarding maturity of the cases should not apply.

---

[4] The cases at issue were not transferred to this court by the Judicial Panel for Multidistrict Litigation and were instead, directly filed in this court.

Transfer of these direct-filed cases for case specific pretrial issues and for trial is appropriate at this time because all common fact[5] and expert discovery in this multidistrict litigation has been completed, and this Court has ruled on *Daubert* motions related to non-case-specific experts and on Defendants' summary judgment motion on preemption. *See, e.g.,* MDL Doc. 6541 (Entry for Sept. 25, 2017 wherein, *inter alia*, motion for summary judgment on preemption was denied); MDL Doc. 6910 (Entry on the Cook Defendants' Motion to Exclude Expert Opinions of Dr. Robert McMeeking). Thus, these cases are mature and nearly ready for trial such that they will no longer benefit from inclusion in this MDL.

The remaining case-specific discovery for each case can be more efficiently handled in the venue where the Cook product was implanted, warnings were allegedly given to the implanting physicians and each plaintiff, subsequent treatment was provided, each Plaintiff and all or most of their families reside, and all or the majority of the nonparty case-specific witnesses (primarily treating physicians) reside or practice, as indicated by the chart attached as Exhibit A. *See In re TMJ Implants*, 872 F. Supp. 1018, 1038 (D. Minn. 1995) (suggesting remand of cases that no longer benefited from inclusion in consolidated pretrial proceedings because discovery could more efficiently be conducted in the transferor district).

Because these cases will no longer benefit from inclusion in this MDL, this Court should to transfer venue for further case-specific proceedings to the courts where filing would have been appropriate absent direct filing – the court listed in each plaintiff's Short Form Complaint paragraph 7, as indicated in the chart attached hereto as Exhibit A. Also, because jurisdiction for each Plaintiff is proper in the proposed transferee district, as indicated for each Plaintiff in Exhibit A, and the transfer will serve the convenience of the parties, the convenience of the witnesses, and

---

[5] Defendants asserted that discovery was complete as early as November 10, 2016, almost two years ago. MDL Doc. 6857 at 16 - 24 (transcript of status conference).

the interest of justice, these cases should be transferred to the proposed transferee district for each case.

## IV.
## PRAYER

Plaintiffs pray that this motion be granted and that their cases be transferred to the venue indicated in their SFCs, as listed in Exhibit A, and for such further relief, at law and in equity, as Plaintiffs may be justly entitled.

Dated: Nov. 13, 2018            By:     /s/ David P. Matthews
                                        DAVID P. MATTHEWS
                                        Matthews & Associates
                                        2905 Sackett
                                        Houston, Texas 77098
                                        (713) 522-5250
                                        dmatthews@thematthewslawfirm.com

                                        **COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018, a true and correct copy of the foregoing motion was filed electronically, and notice of the filling of this document will be sent to all parties by operation of the Court's electronic filing system, to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ David P. Matthews                    .