UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC  )
FILTERS MARKETING, SALES  )
PRACTICES AND PRODUCT  )
LIABILITY LITIGATION  )  1:14-ml-02570-RLY-TAB
_____  )  MDL No. 2570
 )
This Document Relates to:  )
 )
Tonya Brand,  )
1:14-cv-06018-RLY-TAB  )
_____  )

**ENTRY ON THE COOK DEFENDANTS' MOTION TO EXCLUDE SPECIFIC TESTIMONY OF TREATING PHYSICIANS**

Cook moves to exclude certain testimony of non-retained experts Dr. Mark Rheudasil and Dr. Thomas Morrison. Dr. Rheudasil is the vascular surgeon who inserted and removed Plaintiff's IVC filter. Dr. Morrison is the neurosurgeon who performed Plaintiff's ALIF surgery immediately after Dr. Rheudasil inserted the filter and provided exposure—i.e., moved the IVC and abdominal contents aside to gain access to Plaintiff's spine. Cook argues that Dr. Rheudasil and Dr. Morrison impermissibly opine on the cause(s)[1] of Plaintiff's filter failure. The court, having read and reviewed the parties'

---

[1] Cook also objected to Dr. Rheudasil's opinion that filter perforation lead to filter fracture, and Dr. Morrison's opinions regarding the efficacy of Plaintiff's filter. Plaintiff concedes Rheudasil's opinion should be excluded under Rule 702 and makes no contrary argument regarding Dr. Morrison's efficacy opinions. Therefore, the court's analysis is limited to their opinions on causation.

1

submissions, the designated evidence, and the applicable law now finds Cook's motion to exclude should be **GRANTED**.

## I. Discussion

A party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). That disclosure must include a full written report "if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The 2010 Amendment to Rule 26 added 26(a)(2)(C), stating that non-retained witnesses who happen to be experts must provide summary disclosures. A summary disclosure must state the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C).

"[A] treating physician can provide an expert opinion without submitting a [Rule 26(a)(2)(B)] written report if the physician's opinion was formed during the course of the physician's treatment, and not in preparation for trial." *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013) (citing *Meyers v. Nat'l R.R. Passenger Corp.,* 619 F.3d 729, 734–35 (7th Cir. 2010)). Such opinions may include opinions on causation if he formed such opinions during the course of treatment. *See id*. In *Meyers,* the Seventh Circuit held:

> [A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, *but who did not make that determination in the course of providing treatment,* should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).

2

619 F.3d at 734–35 (emphasis added).  Although *Meyers* preceded the 2010 Amendment, the summary disclosure mandate of 26(a)(2)(C) creates a minimum requirement for non-retained experts and thus does not disturb the holding in *Meyers*.  *See Piskorowski v. Target Corp.*, No. 12-cv-8865, 2014 WL 321436, at *2 (N.D. Ill. Jan. 29, 2014) (noting "the amendments did not alter who was reqired to file an expert disclosure" but rather altered the type of disclosures required for experts not retained or specially employed).

During Dr. Rheudasil's deposition, he was asked: "Doctor, was there anything that you did that caused or contributed to this filter fracture?"  He answered, "No."  (Filing No. 8674-1, Deposition of Mark Rheudasil, M.D. at 170-71).  Dr. Morrison testified that the ALIF surgery did not cause the filter fracture.  (Filing No. 8674-2, Deposition of Thomas Morrison, M.D. at 19 ("Q: Okay.  Now, if someone were to suggest that anything you did in that procedure caused or contributed to causing the failure of this filter in this patient, what would you say?  A: I don't think anything we did in this procedure had an effect on the filter.").  He explained, "When we're doing the surgery, you know, we're operating down at L4-5 and L5-S1, and the filter was placed up more in the L2 area, L3 area. You know, very top of L3, mostly L2, up maybe to L1. So [*sic*] we're kind of like not in the same ballpark.…" (*Id*. at 99).  Dr. Morrison also opined that neither Plaintiff's bone spurs or osteophytes caused Plaintiff's filter to perforate her IVC and/or fracture.  (*Id.* at 93) ("I'm not a filter expert, but I don't see any reason why they would, or I don't think so.").

In *In re Zimmer Nexgen Knee Implant Prod. Liab. Litig.*, MDL No. 2272, 2015 WL 3799534 (N.D. Ill. June 17, 2015), the plaintiff sought to introduce the opinion

3

testimony of her treating surgeon on certain subjects, including the alignment of the knee implants, his cementing technique, and the cause of the loosening of the femoral and tibial components. *Id.* at *5. The district court noted that the critical question was when plaintiff's treating surgeon formed his opinions—during the course of treatment, for which a Rule 26(a)(2)(C) summary disclosure was adequate, or after the course of treatment for purposes of litigation, for which an expert disclosure under Rule 26(a)(2)(B) was required. *Id.* The district court held that his opinions on cementing and his elimination of possible causes for the loosening of the implant, including the plaintiff's bone structure, the alignment of the knee joint, her activity, trauma to the knee, and so forth, were formed during the course of treatment. *Id*. Therefore, the district court held the treating surgeon was not required to submit an expert report under Rule 26(a)(2)(B).

Like the treater in *In re Zimmer*, Plaintiff argues her treating surgeons may testify on causation because their opinions are based on their training, expertise, and observations during treatment. The court disagrees. Neither Dr. Rheudasil nor Dr. Morrison formed their opinions during the course of treatment. The first time these opinions were introduced was during their deposition testimony for purposes of this litigation. It is, therefore, inadmissible.

## II. Conclusion

For the reasons set forth above, Cook's Motion to Exclude Specific Treating Physician Testimony (Filing No. 8671) is **GRANTED**.

**SO ORDERED** this 13th day of November 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.