UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to the Following Actions only:

*Brand v. Cook Medical, Inc. et al.*,
Case No. 1:14-cv-06018-RLY-TAB

**THE COOK DEFENDANTS' REPLY IN SUPPORT
OF ITS MOTION TO COMPEL PLAINTIFF TO PAY HER
PROPORTIONATE SHARE OF DR. RAMAN UBEROI'S DEPOSITION FEE
AND RESPONSE TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**

If this Court considers Plaintiff's late Response,[1] the Cook Defendants submit the following reply:

As Plaintiff's Response confirms, she plans to paint Dr. Uberoi as Cook's "paid expert" and is attempting to avoid her obligation to pay Dr. Uberoi's deposition fee to argue this fiction at trial. In fact, Dr. Uberoi is a percipient fact witness who has participated in numerous studies involving IVC filters, including but not limited to the Celect filter study and its publication in the medical literature. He is an independent fact witness who is qualified to testify about these studies and publications by his knowledge, experience, and training as an interventional radiologist. As a result, Cook properly disclosed him as a non-retained expert witness who was

---

[1] As noted in her Motion for Extension of Time (Dkt. 9596), Plaintiff's Response was due on October 25, 2018. Plaintiff filed her Response (Dkt. 9597) on November 12, 2018. As such, Cook recognizes that the Court may elect to strike the filing for failure to comply with the deadlines set by the local rules. *See Blackford v. JPMorgan Chase Bank, N.A.*, No. 1:14-CV-01717-JMS-DKL, 2015 WL 13640380, at *1 (S.D. Ind. Sept. 14, 2015) (quoting *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) and citing *Cleveland v. Porca Co.*, 38 F.3d 289, 298 (7th Cir. 1992)).

not required to submit an expert report, and Judge Young agreed. (*See* Dkt. 9394-3 at 29:10-13). Cook does not own or control Dr. Uberoi.[2] Indeed, Dr. Uberoi testified that he would have been just as willing to meet and work with Plaintiff's counsel prior to the deposition as he was to meet and work with Cook's counsel. (*See* Dkt. 9394-6 at 258:14-259:10). The fact that Cook paid Dr. Uberoi for his time preparing for the deposition simply does not matter, and does not somehow convert Dr. Uberoi into a retained expert. Under these circumstances, "the court *must* require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) [i.e., giving a deposition]." Fed. R. Civ. Pro 26(b)(4)(E); *see also* Notes of Advisory Committee on Rules – 1993 Amendment ("the expert's fees for the deposition will ordinarily be borne by the part[ies] taking the deposition."). Thus, Dr. Uberoi should be handled like any other percipient fact witness (like treating physicians) and his fee should be shared by both parties.[3] (*See* Case Management Order #20: Protocol for Depositions in Bellwether Cases, Dkt. 3071).

Accordingly, Cook respectfully asks that the Court compel Plaintiff to fully comply with Rule 26(b)(4)(E) and pay her proportionate share of Dr. Uberoi's deposition fee.

---

[2] *See also* Dkt. 9394-4 (email from Jessica Cox to Ben Martin outlining that Dr. Uberoi is a non-retained expert witness whose function is akin to that of a treating physician and who would not be subject to Cook and Plaintiff's agreement to pay for their respective retained expert witness expenses.).
[3] Cook and Plaintiff have split the deposition cost for four percipient fact witnesses in this litigation—Dr. Richard Reisman, Dr. Thomas Morrison, Dr. Phu Thai, and Dr. Scott Keller.

Respectfully submitted,

Dated:  November 19, 2018

/s/ *Jessica Benson Cox*
Andrea Roberts Pierson (# 18435-49)
Andrew L. Campbell (#25516-49)
Jessica Benson Cox (#26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  andrew.campbell@faegrebd.com
E-Mail:  jessica.cox@faegrebd.com

Charles F. Webber (# 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-7000
Facsimile:   (612) 766-1600
E-Mail:  chuck.webber@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2018, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiff will serve any non-CM/ECF registered parties.

/s/ *Jessica Benson Cox*