UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION  _____  This Document Relates to:  Tonya Brand, 1:14-cv-06018-RLY-TAB _____ | ) ) ) ) ) ) ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON PLAINTIFF'S MOTION TO EXCLUDE
THE TESTIMONY OF BENNETT L. LEVENTHAL, M.D.**

Dr. Bennett L. Leventhal is a psychiatrist who was asked by the Cook Defendants to conduct a psychiatric evaluation of Plaintiff to determine whether alternate causes may have caused or contributed to her physical and emotional injuries. In his Expert Report, Dr. Leventhal concludes that "it does not appear to be the case" that Plaintiff's filter and related complications "are the cause of [Plaintiff's] pain, discomfort, and loss of function." (Filing No. 8612-1, Expert Report of Dr. Leventhal at 1). Plaintiff now moves to exclude his testimony because: (1) he never examined Plaintiff; (2) he failed to state his conclusions to a reasonable degree of medical certainty; (3) his differential diagnosis is flawed; and (4) his opinions will not assist the jury in determining a fact in issue. For the reasons explained below, the court **DENIES** Plaintiff's motion.

1

## I. Standard for Expert Testimony

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence and the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993). Specifically, (1) the expert must be qualified by knowledge, skill, experience, training, or education; (2) the proposed expert testimony must assist the trier of fact in determining a relevant fact at issue in the case; (3) the expert's testimony must be based on sufficient facts or data and reliable principles and methods; and (4) the expert must have reliably applied the principles and methods to the facts of the case. *Lees v. Carthage College*, 714 F.3d 516, 521-22 (7th Cir. 2013); *see also Lapsley v. Xtek, Inc.*, 689 F.3d 802, 809 (7th Cir. 2012) ("Rule 702 requires that expert testimony be relevant, reliable, and have a factual basis—requirements that must be met before the jury is allowed to hear and perhaps be persuaded by the expert testimony."). As the proponent of the expert testimony at issue, the Cook Defendants have the burden of demonstrating the expert's admissibility. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

## II. Discussion

### A. Plaintiff's Objections

Plaintiff's first two objections—that Dr. Leventhal never examined Plaintiff and that he failed to state his conclusions to a reasonable degree of medical certainty—are rejected. As to the first objection, Dr. Leventhal never examined Plaintiff because "he

was not given the opportunity[1] for an appropriate, direct, clinical examination of [Plaintiff]." (Filing No. 8612-1, Expert Report of Dr. Leventhal at 1). As to the second objection, Dr. Leventhal specifically stated that he "was able to use the available materials to develop opinions to a reasonable degree of medical certainty." (*Id.*; *see also id.* at 20 ("These opinions are offered to a reasonable degree of medical certainty.")). The court now turns to the third objection regarding Dr. Leventhal's differential diagnosis.

Despite Plaintiff's failure to submit to a clinical examination by Dr. Leventhal, he was able to construct a differential diagnosis of Plaintiff's "most likely" psychiatric disorders based upon Plaintiff's medical records, two videotaped depositions of Plaintiff, and the depositions of Plaintiff's treating physicians; namely, Dr. Mark Rheudasil, Dr. Thomas Morrison, Dr. Scott Keller, Dr. Phu Thai, and Dr. Richard Reisman. (*Id.* at 10 ("Based on the available records, it has been possible to construct a psychiatric differential diagnosis to reflect principal psychiatric disorders most likely to be affecting Ms. Brand."); *see also id.*, Appendix 1). He also reviewed the Independent Medical Examination of Dr. William Turton, an Indianapolis-based physician who is board-certified in Internal Medicine as well as the reports of Plaintiff's own experts, Dr. Gregory Gordon and Dr. Harlan Krumholz. (*Id.*, Appendix 1).

Dr. Leventhal began his differential diagnosis by stating:

The differential includes five major categories of psychiatric disorders: 1. Somatic Symptom and Related Disorders; 2. Depressive Disorders; 3.

---

[1] The parties dispute the reasons why Dr. Leventhal did not conduct a psychiatric evaluation of Plaintiff.

3

Substance-Related and Addictive Disorders; 4. Anxiety Disorders; and 5. Obsessive Compulsive and Related Disorders. These disorders can co-exist so that they both separately, and together, contribute to [Plaintiff's] clinical picture. Within each category of disorder, there are specific syndromes that, to varying extents, are reflected in the record of [Plaintiff's] symptoms; they have the strong likelihood of playing a major role in her current clinical presentation.

(*Id.* at 10). He defined each disorder by its DSM-5[2] and ICD[3] codes. He then explained, based upon the medical documentation before him, that the record indicates Plaintiff meets the criteria for Somatic Symptom Disorder with the specification Predominantly Pain that is Persistent and of Moderate Severity, meets at least some of the criteria for Major Depressive Disorder, Persistent Depressive Disorder, and Opioid Use Disorder, and might meet four of the criteria for Generalized Anxiety Disorder. (*Id.* at 11-17). He reached the following conclusions to a medical degree of certainty:

> [Plaintiff] has a long history of medical and psychiatric problems that contribute to her current clinical status.
>
> 1. [Plaintiff] has reported a history of abdominal and other pains that are of a similar nature and pattern for approximately twenty years, before and after the placement of the vena cava filter and its subsequent complications.
>
> 2. [Plaintiff] has psychiatric symptoms and disorders that complicate her medical and surgical disorders. These have been present for many years, both before and after the placement of her vena cava filter.
>
> 3. [Plaintiff] has a long history of frequent use, and possible misuse, of medical services. This does not appear to have changed in relationship to the placement of the vena cava filter and its complications.
>
> 4. Despite her many medical symptoms, visits and procedures, [Plaintiff] lives an active life that apparently has not been substantially, adversely impacted by the placement of the vena cava filter and its complications.

---

[2] Diagnostic and Statistical Manual of Mental Disorders, 5th Edition.
[3] International Classification of Disease.

(*Id.* at 20).

Plaintiff argues that Dr. Leventhal "does not use the differential diagnosis to hone in on the most likely cause of [Plaintiff's] medical conditions." (Filing No. 8612, Motion at 5). In his Expert Report, Dr. Leventhal observed, based on the medical records provided, that Plaintiff's excessive behaviors, depression, and anxiety have a confounding effect on her physical ailments. The court finds, in the circumstances presented here, that *Daubert* does not require Dr. Leventhal to identify a *single* cause of Plaintiff's mental (and physical) conditions because the etiology of psychiatric illness is multi-factorial. *Cf. In re Neurontin Marketing Sales Practices & Prod. Liab. Litig.*, MDL No. 1629, 2009 WL 3756328, at *9 (Aug. 14, 2009) ("Suicide is a multi-factorial phenomenon with factors which cannot be ruled out by a testable, established scientific method."); *see also United States v. Simmons*, 470 F.3d 1115, 1123 (5th Cir. 2006) (noting courts are given broad discretion to determine the reliability of psychiatric, psychological, or other social science testimony); *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1297-98 (8th Cir. 1997) (same); *Tucker v. SmithKline Beecham Corp.*, 701 F.Supp.2d 1040, 1063 (S.D. Ind. 2010) (explaining a differential diagnosis "provides a framework under which all reasonable hypotheses are ruled in as possible causes of a medical problem and then some of these possible causes are ruled out to the extent reliable evidence makes it appropriate to do so"). The court therefore finds Dr. Leventhal's opinions on Plaintiff's psychiatric disorders, which are based on his

knowledge, skill, education, training, and experience, are sufficiently reliable to present to a jury.

### B. Evidence of Opioid Use

In the event Dr. Leventhal is allowed to testify, Plaintiff seeks the exclusion of any reference to Plaintiff's opioid use. As part of his differential diagnosis, Dr. Leventhal was required to rule in all potential causes of her physical and emotional injuries. *See Joas v. Zimmer, Inc. (In re Zimmer NexGen Knee Implant Prods. Liab. Litig.)*, 218 F.Supp.3d 700, 716 (N.D. Ill. Oct. 21, 2016) ("A differential etiology requires that an expert rule in all 'reasonable' potential causes before systematically excluding them."), *aff'd, In re Zimmer NexGen Knee Implant Prods. Liab. Litig.*, 884 F.3d 746 (7th Cir. 2018). He found there was "ample evidence in the record"—over 18 years of documented pain medications—to suggest that Plaintiff meets the criterion of Opioid Use Disorder, which is a cause of the mental health injuries of which she complains. This evidence is part of her medical record and essential to Dr. Leventhal's differential diagnosis. It is admissible.[4]

### C. Assist the Jury

Plaintiff also argues Dr. Leventhal's opinions will not assist the jury. The court does not agree. Dr. Leventhal's opinions regarding Plaintiff's mental health conditions and long-term use pain medications will assist the jury in determining whether Plaintiff's

---

[4] Plaintiff raises a Rule 403 objection to this evidence in a footnote. This same objection was raised in her Motion in Limine No. 14. (Filing No. 8873 at 44). The court will rule on this objection when it issues its rulings on her Motion in Limine.

pain and emotional distress were a result of the Celect filter or, as Cook contends, pre-existing conditions unrelated to the filter.

## III. Conclusion

The court finds Dr. Leventhal's opinions are relevant and reliable and will assist the jury in resolving this case. Accordingly, Plaintiff's Motion to Exclude the Testimony of Bennett L. Leventhal, M.D. (Filing No. 8611) is **DENIED**.

**SO ORDERED** this 19th day of November 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.