# EXHIBIT D

## Hasic, Eldin

| | |
|---|---|
| **From:** | Pierson, Andrea Roberts |
| **Sent:** | Wednesday, January 24, 2018 1:55 PM |
| **To:** | Hasic, Eldin; Jones, Bruce |
| **Subject:** | FW: Cook Medical, Inc. - Bird's Nest Filter |

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**From:** John Crone [mailto:john.crone@andruswagstaff.com]
**Sent:** Wednesday, January 24, 2018 1:52 PM
**To:** Pierson, Andrea Roberts
**Cc:** rr@roxellrichards.com; carlos.h@masstortslaw.com; jseldomridge@millerfirmllc.com; Dhumphery@bernllp.com; layne@shraderlaw.com; Legal@lukefirm.com; efile@rplezialaw.com; bmartin@bencmartin.com; jwilliams@rwp-law.com; Breann Plasters
**Subject:** Re: Cook Medical, Inc. - Bird's Nest Filter

Ms. Pierson,

As you are aware, the agreed upon Short Form Complaint contains an "other" check box to be utilized when a plaintiff is indicating which device caused his or her injury. Thus the parties envisioned that additional products could become involved in this litigation.

More importantly, the fact that a product was subject to the premarket approval process rather than the 510(k) process does not mean that any claims related to a PMA device are preempted. While medical devices manufacturers commonly rely upon *Riegel* for this proposition, courts post-*Riegel* have not agreed. *See, e.g., Stengel v. Medtronic Inc.*, 704 F.3d 1224, 1233 (9th Cir. 2013) (holding parallel state law claims not preempted in context of PMA devices).

I'd urge your client to reconsider whether these individual cases present the proper forum to present this issue to the Court. If your client ultimately decides to move forward with its planned motion, Ms. Sales-Orr will respond appropriately.

Best regards,

John



On Wed, Jan 24, 2018 at 9:08 AM, Pierson, Andrea Roberts <Andrea.Pierson@faegrebd.com> wrote:

Counsel:


It has come to our attention through review of records that the filter at issue in the cases listed below is the Bird's Nest Filter. The Bird's Nest filter is a filter approved by the FDA through the rigorous PMA process. The Bird's Nest PMA status is confirmed publicly on the FDA website here:  https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfPMA/pma.cfm?id=P850049.

1

Because the Bird's Nest filter is a PMA device, the claims alleged by the 10 plaintiffs below are pre-empted pursuant to the Supreme Court's preemption doctrine in *Riegel* (express preemption) and *Buckman* (implied preemption).  These cases should  have been screened before filing and Cook has grounds to dismiss them with prejudice.  Accordingly, if these cases are not dismissed within ten (10) days from this e-mail, Cook will file a dispositive motion to dismiss the cases in the list below. Indeed, plaintiffs' master complaint specifically alleges that "Cook Filters" were all cleared though the FDA's 510(K) process (Master Complaint, ¶ 30).  The following paragraph discusses differences between the 510(K) process and the PMA process and refers to the PMA process as "the more rigorous premarket approval process."  (*Id.*, ¶ 31).  Because the short-form complaints incorporate the long-form complaint, Plaintiffs have no grounds to assert claims against a PMA filter like the Bird's Nest, and attempts to specifically articulate claims against the Bird's Nest are preempted under the combined effects of *Riegel* and *Buckman*.

|  |
|---|
| Duffy, Elizabeth & Gary |
| Heard, Juanita |
| Muhammad, Ernest |
| Ortiz, Ivan |
| Purvis, Herman |
| Sales-Orr, Annette |
| Stroech, Dorothy |
| Thomas, Mary (GA) |
| Wendt, William |
| Wilson, Marie |

Andrea Roberts Pierson
*Partner*
andrea.pierson@FaegreBD.com     Download vCard
D: +1 317 237 1424 | M: +1 317 414 0459 | F: +1 317 237 1000

**Faegre Baker Daniels LLP**
300 N. Meridian Street | Suite 2700 | Indianapolis, IN 46204, USA

--
**John R. Crone**

Associate Attorney



Andrus Wagstaff, PC
7171 West Alaska Drive
Lakewood, CO 80226
Direct: 720-208-9417
Office: 303-376-6360
Fax: 303-376-6361
john.crone@andruswagstaff.com
www.andruswagstaff.com