# EXHIBIT E

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF INDIANA
 2                         INDIANAPOLIS DIVISION

 3

 4   IN RE: COOK MEDICAL, INC.,      )
     IVC FILTERS MARKETING, SALES    ) Cause No.
 5   PRACTICES AND LIABILITY,        ) 1:14-ML-2570- RLY-TAB
     LITIGATION                      ) Evansville, Indiana
 6                                   ) September 25, 2017
                                     ) 9:13 a.m.
 7                                   )

 8

 9

10                       Before the Honorable
                          RICHARD L. YOUNG
11
                    OFFICIAL REPORTER'S TRANSCRIPT OF
12                         MOTIONS HEARING

13

14

15   For Plaintiffs:             David P. Matthews, Esq.
                                 MATTHEWS & ASSOCIATES
16                               2905 Sackett Street
                                 Houston, TX   77098
17

18                               David C. DeGreeff, Esq.
                                 WAGSTAFF & CARTMELL LLP
19                               4740 Grand Avenue, Suite 3000
                                 Kansas City, MO   64112
20

21                               Matthew D. Schultz, Esq.
                                 LEVIN PAPANTONIO THOMAS MITCHELL
22                               RAFFERTY & PROCTOR PA
                                 316 S. Baylen Street, Suite 600
23                               Pensacola, FL   32502

24

25
```

```
 1                              Joseph N. Williams, Esq.
                                RILEY WILLIAMS & PIATT, LLC
 2                              301 Massachusetts Avenue
                                Indianapolis, IN  46204
 3

 4                              Michael W. Heaviside, Esq.
                                Julia Reed Zaic, Esq.
 5                              HEAVISIDE REED ZAIC
                                910 17th Street NW, Suite 800
 6                              Washington, D.C.  20006

 7

 8
     For Defendants:            Andrea Roberts Pierson, Esq.
 9                              Jessica Benson Cox, Esq.
                                FAEGRE BAKER DANIELS LLP
10                              300 N. Meridian St., Suite 2700
                                Indianapolis, IN  46204
11

12                              Charles F. Webber, Esq.
                                Bruce G. Jones, Esq.
13                              FAEGRE BAKER DANIELS LLP
                                90 S. 7th Street
14                              Minneapolis, MN  55402

15
                                John Joseph Tanner, Esq.
16                              BAKER & DANIELS
                                300 N. Meridian Street
17                              Indianapolis, IN  46204

18

19                              Abigail M. Butler, Esq.
                                BAKER & DANIELS LLP
20                              111 E. Wayne Street, Suite 800
                                Fort Wayne IN  46802
21

22

23

24

25
```

```
 1  Court Reporter:              Margaret A. Techert
                                 United States District Court
 2                               101 NW Martin Luther King Blvd.
                                 Evansville, Indiana  47708
 3

 4

 5           PROCEEDINGS TAKEN BY MACHINE SHORTHAND
          TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
12:55:01  1  is focused on safety.
12:55:03  2              It reiterated in *Lohr* that even though substantial
12:55:06  3  equivalence review is device specific, the *Lohr* court rejected
12:55:10  4  the manufacturer's contention that the 510(k) imposed device
12:55:14  5  specific comments were requirements.  The devices, when
12:55:19  6  reviewed and cleared under the 510(k) review process, are not
12:55:24  7  cleared for safety.  They received a substantial equivalence
12:55:29  8  determination.
12:55:33  9              My colleague mentioned the back-and-forth between
12:55:37 10  Cook and the FDA and what the FDA -- their reporting required
12:55:39 11  from the Cook defendants while they were -- while the FDA was
12:55:43 12  reviewing and clearing their 510(k) applications.  The
12:55:45 13  back-and-forth that occurred, the application didn't take five
12:55:49 14  years at a time.  Some were submitted and cleared the exact
12:55:52 15  same year.  But the point being is that under the regulations,
12:55:54 16  the FDA can ask for whatever information they want while
12:55:59 17  they're reviewing that application.  And if they ask for
12:56:01 18  additional information in order to make a substantial
12:56:03 19  equivalence determination, equivalent to the comparator,
12:56:07 20  equivalent to the predicate, in order to gather that
12:56:11 21  information, they make the request; and then the manufacturer
12:56:14 22  has three options under the 510(k) process.
12:56:17 23              They can provide the information.  They can submit a
12:56:20 24  new 510(k) submission with the information, or they can submit
12:56:25 25  a premarket approval application to the FDA in order to answer
```

```
12:56:30  1  those questions.  At every step of the way, the Cook
12:56:35  2  defendants had the opportunity to respond to these requests
12:56:38  3  with a premarket approval application, which would be a
12:56:43  4  completely different treatment under the current standing law,
12:56:45  5  if we were actually here on a PMA case.  That regulation is,
12:56:49  6  for the record, 21 CFR 807.87(l).
12:56:54  7              At the end of the day, when these devices were
12:56:58  8  cleared, they received a substantially equivalence letter and
12:57:01  9  the bottom line is under 21 CFR 807.97, the letters
12:57:08 10  specifically say that under the premarket notification
12:57:11 11  procedures, if a device is deemed substantially equivalent to
12:57:17 12  a product that was a premade 1976 device, meaning under the
12:57:22 13  medical device amendments, before the amendments in 1990 or
12:57:26 14  post -- or if the substantial equivalent is a post 199 -- I'm
12:57:32 15  sorry 1976 device that has been reclassified to a class 1 or
12:57:38 16  class 2, they are prohibited from representing that these
12:57:41 17  devices were approved.  It is misbranding if they do so.
12:57:50 18              The last one I'd like to make is that counsel
12:57:52 19  mentioned special controls.  The amendments in 1990 actually
12:57:58 20  relaxed some of the requirements.  Prior to 1990, under the
12:58:01 21  medical device amendment, the FDA was required, actually, by
12:58:06 22  Congress to go through and develop device specific
12:58:10 23  requirements, performance standards, for every medical device
12:58:13 24  that was on the market.  That became a very onerous process.
12:58:17 25              Part of the change that the Act went through in 1990
```