## IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| | **LIST OF PROPOSED JURY INSTRUCTIONS** |
| This Document Relates to<br>        1:14-cv-06018-RLY-TAB | |

## PLAINTIFF'S PROPOSED REQUESTS TO CHARGE

COMES NOW Tonya Brand, Plaintiff in the above-styled action, and hereby files these Requests to Charge as follows:

> **Section I.**       **Plaintiff's Proposed Seventh Circuit Pattern Charges;**
>
> **Section II.**      **Plaintiff's Proposed Georgia Pattern Charges;**
>
> **Section III.**     **Plaintiff's Proposed Modified Pattern Charges; and**
>
> **Section IV.**     **Plaintiff's Special Requests to Charge 1-18.**

Plaintiff Tonya Brand hereby submits the following proposed attachments, Sections I, II, III, and IV as directed in CMO 19, Exhibit C. Plaintiff respectfully requests the Court to give her latitude to make adjustments to the proposed jury instructions after the Court rules on pending *Motions In Limine* and after the evidence is concluded in the trial. Plaintiff also notes that the instructions are not always in the order in which she anticipates that they will be made.

Finally, Plaintiff notes that she has included instructions in italics regarding her failure to warn claims. Plaintiff plans to file a motion to reconsider the Court's ruling on Cook's Motion for

1

Summary Judgment [Doc. No. 9696].  She recognizes that the italicized instructions should be removed should the Court deny her motion for reconsideration.

## SECTION I.
## <u>PLAINTIFF'S PROPOSED SEVENTH CIRCUIT PATTERN JURY CHARGES</u>

**[Special Instruction] Identifying the Defendants as "Cook"**

The Defendants in this case are Cook Incorporated, Cook Medical LLC, and William Cook Europe APS. Throughout these instructions and on the verdict form the Defendants will be referred to collectively as "Cook" or "Defendants."

**[7th Cir. 1.01] Functions of the Court and Jury**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**[7th Cir. 1.02] No Inference From Judge's Questions**

During this trial, I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**[7th Cir. 1.04] Evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true. *[I have taken judicial notice of certain facts. You must accept those facts as proved.]*

**[7th Cir. 1.05] Deposition Testimony**

During the trial, certain testimony was presented to you by the reading of a deposition and by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**[7th Cir. 1.06] What is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.

Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**[7th Cir. 1.07] Note-Taking**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**[7th Cir. 1.08] Consideration of All Evidence Regardless of Who Produced**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**[7th Cir. 1.09] Limited Purpose of Evidence**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**[7th Cir. 1.11] Weighing the Evidence**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**[7th Cir. 1.12] Definition of "Direct" & "Circumstantial" Evidence**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who

claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**[7th Cir. 1.13] Testimony of Witnesses (Deciding What to Believe)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

**[7th Cir. 1.17] Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**[7th Cir. 1.18] Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**[7th Cir. 1.20] Spoliation/Destruction of Evidence**

Plaintiff contends that Cook at one time possessed evidence showing (1) communications between Cook and the Plaintiff's treating doctors; (2) communications between Cook's sales representatives and their managers, and (3) communications between Cook and doctors who participated in the OUS Study. However, Cook contends that [*evidence never existed, evidence was not in its possession, evidence was not destroyed, loss of evidence was accidental, etc.*]. You may assume that such evidence would have been unfavorable to Cook only if you find by a preponderance of the evidence that:

(1) Cook intentionally destroyed the evidence or caused the evidence to be destroyed; and

(2) Cook destroyed the evidence or caused the evidence to be destroyed in bad faith.

When I say that you must find this by a "preponderance of the evidence," that means you must be persuaded it is more probably true than not true.

**[7th Cir. 1.21] Expert Witnesses**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**[7th Cir. 1.24] Demonstrative Exhibits**

Certain models, diagrams and devices have been shown to you. Those models, diagrams and devices are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**[7th Cir. 1.32] Selection of Presiding Juror; General Verdict**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

*[Forms of verdict read.]*

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**[7th Cir. 1.33] Communicating With the Court**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**[7th Cir. 1.34] Disagreement Among Jurors**

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

8

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## [7th Cir. 1.22] Translated Language

Where testimony was given through an interpreter, you should consider only the evidence provided through the official interpreter. Although some of you may know Danish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

## [7th Cir. 1.23] Summaries

*Stipulated*

The parties agree that [*describe summary in evidence*] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain [*describe summary in evidence*] is/are in evidence. [*The original materials used to prepare those summaries also are in evidence.*] It is up to you to decide if the summaries are accurate.

**[7th Cir. 2.01] Cautionary Instruction Before Recess**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**[7th Cir. 2.06] Judicial Notice**

I have decided to accept as proved the fact that [*e.g., the city of Milwaukee is north of the city of Chicago*]. You must now treat this fact as having been proved for the purpose of this case.

**[7th Cir. 2.08] Deposition as Substantive Evidence**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## SECTION II.
## PLAINTIFF'S PROPOSED GEORGIA PATTERN CHARGES

**§ 02.010 Pleadings**

You have been considering the case of Tonya Brand, as Plaintiff, v. Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS, as Defendants, Civil Action No. 1:14-cv-06018-RLY-TAB.   Plaintiff filed this action in the United States District Court for the Northern District of Georgia, in which she contends Cook Incorporated and its related entities failed to provide adequate warnings regarding their product, designed a defective product and were negligent with respect to their warnings, testing and design, and that this conduct proximately caused injury. Defendants Cook et al filed an answer to the petition in which they deny Plaintiff's claims.

I have outlined briefly the written contentions of the parties as set forth in the pleadings. The pleadings are not evidence; they are only claims or contentions of the parties.

**§ 60.010 Torts; Ordinary Negligence (Ordinary Diligence)**

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

**§ 60.060 Torts; One Act Sufficient**

The plaintiff must prove that the defendant was negligent in one or more ways alleged in order to recover. It is not necessary for the plaintiff to prove that the defendant was negligent in every way that the plaintiff claims. If you find no negligence at all on the part of the defendant, then the plaintiff's case against the defendant ends.

**§ 60.200 Torts; Proximate Cause; Definition**

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or *some similar event,* might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

**§ 60.202 Torts; Proximate Cause; Foreseeability; Natural and Probable Consequence; Intervening Cause Rules (Chain Reaction Situation)**

A defendant may be held liable for an injury when that person commits a negligent act that puts other forces in motion or operation resulting in the injury when such other forces are the natural and probable result of the act that the defendant committed and that reasonably should have been foreseen by the defendant. When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery. If the chain reaction that resulted from the defendant's alleged negligence, if any, meets the above tests, then the plaintiff may recover.

**§ 62.640 Strict Liability; Design Defect**

A product may be found to be defective because of its particular design. Although a manufacturer is not required to ensure that a product design is incapable of producing injury, the manufacturer has a duty to exercise reasonable care in choosing the design for a product.

**§ 62.660 Strict Liability; Design Defect; Risk-Utility Test and Factors**

To determine whether a product suffers from a design defect, you must balance the inherent risk of harm in a product design against the utility or benefits of that product design. You must decide whether the manufacturer acted reasonably in choosing a particular product design by considering all relevant evidence, including the following factors:

1) the usefulness of the product;

2) the severity of the danger posed by the design;

3) the likelihood of that danger;

4) the avoidability of the danger, considering the user's knowledge of the product, publicity surrounding the danger, the effectiveness of warnings, and common knowledge or the expectation of danger;

5) the user's ability to avoid the danger;

6) the technology available when the product was manufactured;

7) the ability to eliminate the danger without impairing the product's usefulness or making it too expensive;

8) the feasibility of spreading any increased cost through the product's price or by purchasing insurance;

9) the appearance and aesthetic attractiveness of the product;

14

10) the product's utility for multiple uses;

11) the convenience and durability of the product;

12) alternative designs for the product available to the manufacturer; and

13) the manufacturer's compliance with industry standards or government regulations.

If you decide that the risk of harm in the product's design outweighs the utility of that particular design, then the manufacturer exposed the consumer to greater risk of danger than the manufacturer should have in using that product design, and the product is defective. If after balancing the risks and utility of the product, you find by a preponderance of the evidence that the product suffered from a design defect, then the plaintiff is entitled to recover.

## § 62.670 Strict Liability; Design Defect; Compliance with Industry Standards or Government Regulations

In determining whether a product was defective, you may consider proof of a manufacturer's compliance with federal or state safety (and non-safety) standards or regulations and industrywide customs, practices, or design standards. Compliance with such standards or regulations is a factor to consider in deciding whether the product design selected was reasonable considering the feasible choices of which the manufacturer knew or should have known. However, a product may comply with such standards or regulations and still contain a design defect.

### *§ 62.683 Continuing Duty to Warn*

*A manufacturer's duty to warn arises when the manufacturer knows or reasonably should know of the danger presented by the use of a product. Therefore, a manufacturer has a continuing duty to adequately warn the public of defects in a product even after that product has left the control of the manufacturer to be sold or distributed to the consumer.*

15

**§ 66.001 Tort Damages; Preliminary Instructions**

Damages are given as pay or compensation for injury done.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

**§ 66.040 Tort Damages; Expenses; Generally; Medical Expenses**

In all cases, necessary expenses resulting from the injury are a legitimate item of damages.

As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

**§ 66.301 Tort Damages; Life Expectancy; Generally**

You may determine the life expectancy of a person when his age is shown without any other direct evidence on the subject. You are also entitled to consider the evidence pertaining to his health, habits, surroundings, and method of living, in deciding this matter.

**§ 66.302 Tort Damages; Life Expectancy; Mortality Tables**

There is another way in which you may determine the life expectancy of the plaintiff. There has been introduced into evidence a copy of the 1949 mortality tables. If you desire to determine from this table the life expectancy of a person, look up that person's age in one column, and across from the age column, you will find the life expectancy of a person of that age. Life expectancy shown on any such table is merely a guide that you may follow while considering the evidence as a whole.

### § 02.520 Verdict in Writing

Whatever your verdict in the case, it must be agreed to by each juror; it must be in writing, dated, and signed by your foreperson; and it must be returned and read aloud in court. You may write your verdict on the back of the plaintiff's petition.

### § 02.530 Court has No Interest in Case

I want to emphasize that anything the court did or said during the trial of this case was not intended to and did not intimate, hint, or suggest to you which of the parties should prevail in this case. Whichever of the parties is entitled to a verdict is a matter entirely for you to determine, and whatever your verdict, it must be agreed upon by all of you.

The court's interest in the matter is that the case be fairly presented according to law and that you--as honest, conscientious, impartial jurors--consider the case as the court has instructed you and return a verdict that speaks the truth as you find the truth of the case to be.

### § 02.550 Sympathy

Your verdict should be a true verdict based upon your opinion of the evidence according to the laws given you in this charge. You are not to show favor or sympathy to one party or the other. It is your duty to consider the facts objectively without favor, affection, or sympathy to either party.

In deciding this case, you should not be influenced by sympathy or prejudice (because of race, creed, color, religion, national origin, sexual preference, local or remote residence, economic (or corporate) status) for or against either party.

**§ 02.570 Jury; Final Instructions**

Your verdict must be unanimous. One of your first duties in the jury room will be to select one of your number to act as foreperson, who will preside over your deliberations and who will sign the verdict to which all six of you freely and voluntarily agree.

You should start your deliberations with an open mind. You should carefully consider all of the evidence in the case and deliberate with an aim toward reaching a unanimous verdict consistent with your consciences and oaths as jurors. Avoid premature, fixed opinions. Consult with one another and consider each other's views.  Each of you must decide this case for yourself, but you should do so only after discussion and consideration of the case with your fellow jurors. Do not hesitate to change an opinion if convinced that it is wrong. However, you should never surrender honest convictions or opinions in order to be congenial or to reach a verdict solely because of the opinions of the other jurors.

You may go now to the jury room, but do not begin your deliberations until I send you the pleadings, exhibits, and verdict form, which I will do shortly. Then you may begin your deliberations.

# SECTION III.
## PLAINTIFF'S PROPOSED MODIFIED GEORGIA PATTERN CHARGES

### § 60.001 Torts; Introduction

The case before you is one in which the plaintiff must prove by a preponderance of the evidence that the negligence of the defendant, if any, or a defect in the product, if any, was a proximate cause of the injuries to the plaintiff.

### § 60.010 Torts; Ordinary Negligence (Ordinary Diligence)

Ms. Brand contends that Cook is liable because of its negligence in failing to warn, in designing, and in testing the CELECT® IVC filter.

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful manufacturers under the same or similar circumstances. To recover damages for Cook's negligence, Ms. Brand must establish by a preponderance of the evidence that she was injured and that her injury was proximately caused by the defendant's negligence.

### § 62.610 Strict Liability; General Explanation and Burden of Proof

Ms. Brand contends that Cook is liable because of a defective CELECT® IVC filter manufactured by Cook.

The manufacturer of a product that is sold as new property may be liable or responsible to any person who is injured because of a defect in the product that existed at the time the manufacturer sold the product. However, a manufacturer of a product is not an insurer, and the fact that a product may cause an injury does not necessarily make the manufacturer liable. To recover damages under this rule, Ms. Brand must establish the following three elements by a preponderance of the evidence:

(a) the product was defective;

(b) the defect existed at the time the product left Cook's control; and

(c) the defect in the product was the proximate cause of Ms. Brand's injury.

The type[s] of product defect[s] alleged by Ms. Brand *are* [is] a design defect *and/or a defect because of inadequate warning*.  There is not a single general way to define what constitutes a defect in a product.  Whether or not a product is defective is a question of fact to be determined by you, the jury, in each case, based on the instruction that I will give you.

Suggested Pattern Civil Jury Instructions, Council of Superior Court Judges § 62.610 (modified to include party names); O.C.G.A. § 51-1-11; *Banks v. ICI Americas, Inc.*, 264 Ga.732 (1994); and *S K. Hand Tool Corp. v. Lowman*, 223 Ga. App. 712 (1996).

**§ 62.640 Strict Liability; Design Defect**

A product may be found to be defective because of its particular design.  Although Cook is not required to ensure that a product design is incapable of producing injury, Cook has a duty to exercise reasonable care in choosing the design for a product.

Suggested Pattern Jury Instructions, Counsel of Superior Court Judges of Georgia, § 62.640, Vol. 1, 5th Edition (modified to include party names); O.C.G.A. § 51-1-11; *Hunt v. Harley-Davidson Motor Co., Inc.*, 147 Ga. App. 44 (1978); and *Banks v. ICI Americas Inc.,* 264 Ga. 732 (1994).

*§ 62.680 Defect Due to Inadequate Warning*

*Cook had a duty to give an adequate warning of known or reasonably foreseeable dangers arising from the use of its CELECT® Filter.  Cook owes this duty to warn to all persons whom the manufacturer should reasonably foresee may use or be affected by the product.  Cook's duty to warn may have been breached by:*

20

a) *failing to provide an adequate warning of the CELECT® Filter's potential dangers or*

b) *failing to adequately communicate to the ultimate user(s) the warning provided.*

*A product, however well or carefully made, that is sold without an adequate warning of such danger may be said to be in a defective condition.  If you find by a preponderance of the evidence that Cook did not warn or did not adequately warn when a warning should have been given, then you may find the CELECT® Filter to be defective for that reason, and Ms. Brand is entitled to recover.*

*Suggested Pattern Jury Instructions, Counsel of Superior Court Judges of Georgia, § 62.680, Vol. 1, 5th Edition (modified to include party and product names); O.C.G.A. § 51-1-11;Center Chemical Co. v. Parzini, 234 Ga. 868 (1975); Chrysler Corp. v. Batten, 264 Ga. 723 (1994); Wilson Foods Corporation v. Turner, 218 Ga. App. 74 (1995); McComb v. Synthes (U.S.A.), 277 Ga. 252, 253 (2003).*

## § 66.001 Damages; Preliminary Instructions

Damages are given as pay or compensation for injury done.

Where one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that Ms. Brand is entitled to recover, you should award to Ms. Brand such sums as you believe are reasonable and just in this case.

Suggested Pattern Civil Jury Instructions, Counsel of Superior Court Judges, § 66.001 (modified to include party names); O.C.G.A. § 51-12-4; and O.C.G.A. § 51-12-9.

## § 66.501 Tort Damages; Pain and Suffering; Generally

Pain and suffering is a legal item of damages.  The measure is the enlightened conscience of fair and impartial jurors.  Questions of whether, how much, and how long Ms. Brand has suffered or will suffer are for you to decide.

Suggested Pattern Civil Jury Instructions, Council of Superior Court Judges, § 66.501(modified to include party names);
*Western, etc. Railroad Co. v. Young*, 83 Ga. 512, 515 (1889);
*Redd v. Peters*, 100 Ga. App. 316 (1959).

**§ 66.502 Tort Damages; Pain and Suffering; Mental**

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

In evaluating Ms. Brand's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which Ms. Brand must limit activities.

Suggested Pattern Civil Jury Instructions, Council of Superior Court Judges, § 66.502 [2nd paragraph as to willful or wanton act omitted]; *OB-GYN Associates of Albany v. Littleton*, 259 Ga. 663 (1989); *Southern Railway Co. v. Jackson*, 146 Ga. 243 (1916); *Chapman v. Western Union Telegraph Co.*, 88 Ga. 763 (1892); *Nationwide Mutual Fire v. Lam*, 248 Ga. App. 134 (2001); *Lee v. State Farm Mutual*, 272 Ga. 583 (2000); *American Security Co. v. Cook*, 49 Ga. 723 (1934); *Stephens v. Waits*, 53 Ga. App. 44 (1936); *Williams v. Vinson*, 104 Ga. App. 886, 893 (1961); *Langren v. Hodges*, 60 Ga. App. 567 (1939); and *Atlanta Coastline Railroad Co. v. Ouzts*, 82 Ga. App. 36, 62 (1950).

**§ 66.503 Tort Damages; Pain and Suffering; Future**

If you find that Ms. Brand's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe Ms. Brand will endure.  In making such award, your standard should be your enlightened conscience as impartial jurors.  You would be entitled to take into consideration the fact that Ms. Brand is receiving a present cash award for damages not yet suffered.

Suggested Pattern Civil Jury Instructions, Counsel of Superior Court Judges, § 66.503 (modified to include party names); *Southern Railway Co. v. Bottoms*, 35 Ga. App. 804 (1926); *Brock v. Cato*,

75 Ga. App. 79, 82 (1947); *Williams v. Vinson*, 104 Ga. App. 886, 893 (1961); *Shore v. Ferguson*, 142 Ga. 657 (1914); *Everett v. Holmes*, 126 Ga. App. 208 (1972).

### § 66.700 Punitive Damages; Liability (Phase I)

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may award punitive damages, Ms. Brand must prove that Cook's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. Ms. Brand must prove that Cook is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

Suggested Pattern Civil Jury Instructions, Council of Superior Court Judges, § 66.700 (modified to include party names); and O.C.G.A. § 51-12-5.1(a)-(b).

### § 02.040 Punitive Damages; Clear and Convincing; Defined (Phase I)

As to the issue of punitive damages, Ms. Brand must prove to a reasonable certainty by clear, convincing, and decisive evidence that Ms. Brand is entitled to relief. This is a different and higher burden of proof than a mere preponderance of the evidence.

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence but less than beyond a reasonable doubt.

Suggested Pattern Civil Jury Instructions, Council of Superior Court Judges, § 02.040 (modified to include party names); and *Clark v. Cotton*, 263 Ga. 861 (1994).

### § 66.702 Punitive Damages; Liability (Phase I)

If Ms. Brand fails to prove by clear and convincing evidence, that Cook was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the

presumption of conscious indifference to consequences, then you would not be authorized to award punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an award (imposition) of punitive damages.

Punitive damages, when authorized, are awarded (imposed) not as compensation but solely to punish, penalize, or deter a defendant.  In your verdict you should specify whether you do or do not decide to impose punitive damages.

Suggested Pattern Civil Jury Instructions, Council of Superior Court Judges, § 66.702 (modified to include party names); and *Alliance Transp. Inc. v. Mayer*, 165 Ga. App. 344, 345 (1983).

### § 66.741 Punitive Damages; Measure of Damages (Phase II)

The measure of punitive damages is your enlightened conscience as an impartial jury.

Suggested Pattern of Civil Jury Instructions, Counsel of Superior Court Judges, § 66.741 (modified); and O.C.G.A. § 51-12-5.1.

### § 66.750 Punitive Damages; (Phase II)

Given that you have determined that punitive damages should be awarded against Cook, you must now decide what amount of damages should be awarded that will be sufficient to punish, penalize, or deter Cook in light of the circumstances of this case.

In considering the amount of punitive damages, you may consider the following factors:

1) the nature and egregiousness or reprehensibility of Cook's conduct;

2) the extent and duration of Cook's wrongdoing and the likelihood of its recurrence;

3) the intent of Cook in committing the wrong;

4) the profitability of Cook's wrongdoing;

5) the amount of compensatory damages you have previously awarded; and

24

6)  the financial circumstances, that is, the financial condition and/or the net worth of Cook.

Council of Superior Court Judges Suggested Pattern Civil Jury Instructions, 66.750 [modified]; *Hospital Authority of Gwinnett County vs. Jones,* 259 Ga. 759 (1989) (reversed on other grounds); and *Holman vs. Burgess,* 199 Ga. App. 61, 63 (1991).

### § 66.760 Punitive Damages; Reprehensibility (Phase II)

In making your award, you should consider the degree of the reprehensibility of Cook's wrongdoing.  You should consider all of the evidence, both aggravating and mitigating, to decide how much punishment, penalty or deterrence Cook's conduct deserves.   In assessing reprehensibility, you may consider whether

1)  the harm caused was physical, as opposed to economic;

2)  the conduct showed an indifference to or a reckless disregard of the health or safety of others; and

3)  the conduct involved repeated actions or was an isolated incident.

Suggested Pattern Civil Jury Instructions, Council of Superior Court Judges, § 66.760 (modified).

### § 66.780 Punitive Damages; Conclusion (Phase II)

Any award you make should be both reasonable and just in light of your previous award of compensatory damages, the conduct and circumstances of Cook, and the purpose of punitive damages.

Suggested Pattern Civil Jury Instructions, Council of Superior Court Judges, § 66.780 (modified)

## SECTION IV
## <u>PLAINTIFF'S SPECIAL REQUESTS TO CHARGE</u>

### PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 1

### <u>BURDEN OF PROOF</u>

In a civil case such as this, the Plaintiff has the burden of proving the elements of her case. Plaintiff's burden is a preponderance of the evidence. Preponderance of the evidence means "more likely than not."  Plaintiff does not need to prove her case beyond a reasonable doubt.  If the evidence is sufficient for you to believe it is more likely than not Defendant's negligence caused the damages alleged, Plaintiff has carried her burden.

## <u>AUTHORITY</u>:

*AMLI Residential Properties, Inc. v. Georgia Power Co.* 293 Ga. App. 358, 364, 667 S.E. 2d 150, 155 (2008); and

*English v. Crenshaw Supply Co.,* 193 Ga. App. 354, 362, 387, S.E. 2d 628 (1989) (Beasley, J., concurring in part)("a preponderance of the evidence, that is, that it is more likely than not…").

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 2**

<u>INFERENCES</u>

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**<u>AUTHORITY</u>:**

Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 104.20 (6th ed. 2012).

## PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 3

<u>INTERVENING ACT</u>

If the character of the intervening act claimed to break the connection between the original wrongful act and subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrongdoer, the causal connection is not broken, and the original wrongdoer is responsible for all of the consequences resulting from the intervening act.

**AUTHORITY:**

*Goldstein, Garber & Salama, LLC v. JB*, 300 Ga. 840 (2017); and

*Ontario Sewing Mach. Co., LTV v. Smith*, 275 Ga. 683 (2002).

### PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 4

#### PRODUCTS LIABILITY – MANUFACTURER'S DUTY TO WARN

You must decide whether adequate efforts were made by Cook to communicate all risks that were known to Cook or reasonably should have been known to Cook to the physician who implanted the CELECT ® Filter in Ms. Brand, and whether the warning that Cook communicated was adequate. A warning is inadequate if it does not provide a complete disclosure of both the existence of the risk and the extent of the danger and the severity of any potential injury involved.

**AUTHORITY:**

*Chrysler Corp. v. Batten*, 264 Ga. 723, 724 (1994);

*Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 335 (1984);

*Watkins v. Ford Motor Co*., 190 F. 3d 1213, 1220 (11th Cir. 1999);

*Stapleton v. Kawasaki Heavy Indus., Inc.,* 608 F.2d 571, 573 (5th Cir. 1979);

*White v. W.G.M. Safety Corp.*, 707 F. Supp. 544, 549 (S.D. Ga. 1988);

*Bryant v. Hoffman-La Roche, Inc*., 262 Ga. App. 401, 410 (2003); and

*Sands v. Kawasaki Motors Corp.*, 2009 WL 3152859, at *5 (S.D. Ga. Sept. 30, 2009).

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 5**

*PRODUCTS LIABILITY – DUTY TO WARN OF KNOWN DANGERS AND DANGERS THAT SHOULD HAVE BEEN KNOWN*

In considering whether Cook violated its duty to warn, you may consider not only what dangers Cook knew at the time the product was sold, but also what Cook should have known at that time by the application of reasonable, developed human skill.

**AUTHORITY:**

*Bishop v. Farhat*, 227 Ga. App. 201, 206 (1997).

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 6**

*PRODUCTS LIABILITY – DEFECT DUE TO INADEQUATE WARNING; MANUFACTURER HELD TO THE KNOWLEDGE AND SKILL OF AN EXPERT*

*In cases such as the instant case, a manufacturer is held to the knowledge and skill of an expert. This is relevant in determining (1) whether the manufacturer knew or should have known of a danger in its product and (2) whether the manufacturer was negligent in failing to communicate this superior knowledge. The manufacturer's status as an expert means that at a minimum, it must keep abreast of scientific knowledge, discoveries, and advances and is presumed to know what is imported thereby.*

*Even more importantly, a manufacturer has a duty to test and inspect its product. The extent of research and experiment must be commensurate with the dangers involved. A product must not be made available without disclosures of these dangers that the application of reasonable foresight would reveal. Nor, may a manufacturer rely unquestioningly on others to sound such disclosure concerning a danger in this product. Rather, each manufacturer must bear the burden of showing that its own conduct was proportionate to the scope of its duty.*

**AUTHORITY:**

*Borel v. Fibreboard Paper Prods., Corp.*, 493 F 2d 1076, 1080-1090 (5th Circuit); and

*The Corporation of Mercer University v. National Gypsum Co., et al.*, 1986 WL 12445 (M.D. Ga. 1986).

## PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 7

<u>NEGLIGENCE PER SE</u>

Brand contends that Cook violated 21 C.F.R. §§ 803 & 807 by failing to make necessary adverse incident reports and to notify the FDA and consuming public when the Celect filter was no longer substantially equivalent based on post-marketing events and safety signals. Such violation is called negligence *per se,* which means negligence as a matter of law. It is your duty to decide whether such violation took place or not.

**<u>AUTHORITY</u>:**

*Central R.R. & Banking Co. v. Smith,* 78 Ga. 694 (1886);

*Wilson v. Georgia Power & Light Co.,* 200 Ga. 207, 208 (1946); and

*Ford Motor Co. v. Carter,* 141 Ga. App. 371, 374; 239 Ga. 647, 662 (1977).

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 8**

<u>LIMITING INSTRUCTION:  FDA 510(k) CLEARANCE</u>

The fact that Cook submitted the CELECT® IVC filter for clearance by the Food and Drug Administration, (the "FDA"), and the FDA cleared the device for sale in the United States is not evidence of any finding by the FDA that the CELECT® Filter is safe and effective for its intended uses.

The reason for this has to do with the process by which medical devices are presented to the FDA and cleared for sale.  As you know, the CELECT® IVC filter is a medical device.  A prescription medical device must be authorized by the FDA to be sold in the United States.  Under the Food, Drug and Cosmetic Act – the federal law that governs medical devices – there are two different processes by which the FDA allows medical devices to be sold.

One is called the Premarket Approval process.  (You may hear this referred to as a "PMA.") This process requires that the manufacturer submit a "premarket application" containing detailed information regarding the safety and efficacy of its devices, of which the FDA then does a detailed review.

The CELECT® Filter did not go through the PMA process.  The CELECT® Filter went through the second process which is called the "510(k) process."  Under this process, the FDA permits a medical device to be sold in the United States if it is shown to be substantially equivalent to a pre-existing, legally marketed medical device – that is, to another medical device that has previously been cleared by the FDA for sale in the United States.  This pre-existing device is called the "predicate device."

The FDA cleared the CELECT® under the 510(k) process in 2007.  This meant that the CELECT® Filter device could legally be sold and used in the United States.  It does *not* mean that the FDA specifically investigated or approved the device for safety or effectiveness, and therefore, you may not consider the clearance by the FDA as evidence that the CELECT® is a safe or effective medical device.  Also, you may not consider the FDA's clearance of the CELECT® Filter implanted in Ms. Brand when considering if Cook satisfied any standard of care in designing the device.

**AUTHORITY**:

21 USCA § 360 et seq.;

Safe Medical Devices Act of 1990, Pub. L. No. 101–629, § 12(a)(1)(A)(ii);

*Medtronic, Inc. v. Lohr*, 518 U.S. 470, 493 (1996); and

*Winebarger v. Boston Sci. Corp.*, No. 3:15CV211-RLV, 2015 WL 5567578, at *7 (W.D.N.C. Sept. 22, 2015).

## PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 9

### FDA – AVAILABILITY OF WITNESSES

Federal law prohibits current FDA employees from testifying in court regarding any function of the FDA, and prohibits current and former FDA employees from testifying about information acquired in the discharge of their official duties, without authorization of the Commissioner of the FDA. As a result, neither side in this case was able to present testimony from current FDA employees or former FDA employees regarding the discharge of their duties related to this case.

**AUTHORITY:**

*U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951);

 21 U.S.C. §371(a);

*IN RE: Bard IVC Filters Products Liability Litigation*, NO. MDL 15-2641-PHX-DGC Doc. 10588 (filed 03/30/18) and,

FDA Staff Manual Guides §1410.10(1)(A)(1) (2005).

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 10**

<u>INDUSTRY STANDARDS</u>

A failure to follow industry standards and regulations can be considered as evidence of negligence.

**<u>AUTHORITY</u>:**

*Smith v. CSX Transportation, Inc.*, 306 Ga. App. 897, 703 S.E.2d 671 (2010)

*Byrom v. Douglas Hospital, Inc.*, 338 Ga. App. 768, 792 S.E.2d 404 (2016)

*Luckie v. Piggly-Wiggly Southern, Inc.*, 173 Ga. App. 177, 325 S.E.2d 844 (1984)

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 11**

PRE-EXISTING CONDITIONS

Cook takes Mrs. Brand in whatever condition it finds her.  The sick or diseased, as well as the healthy, may recover for injuries proximately caused by the negligence of another.  Cook cannot complain that its conduct would have caused a healthy person less injury than it caused Mrs. Brand.  Cook bears the risk that its liability will be increased by reason of the actual physical condition of Mrs. Brand.  To cause a condition, or to aggravate or make it worse, is an injury for which damages are recoverable.  Your damages award should include any aggravation or worsening of a pre-existing condition you find was caused by Cook's negligence and/or strict liability.

**AUTHORITY:**

*Coleman v. Atlanta Obstetrics & Gynecology Group, P.A.*, 194 Ga. App. 508, 510, 390 S.E.2d 856, 858 (1990) ("it has long been the rule that a tortfeasor takes a plaintiff in whatever condition he finds him. 'A negligent actor must bear the risk that his liability will be increased by reason of the actual physical condition of the other toward whom his act is negligent.'") (*quoting* Rest. (2d) of Torts § 461, Comment a (1965));

*Binns v. MARTA*, 168 Ga. App. 261, 264, 308 S.E.2d 674, 676 (1983) ("It is well established that recovery may be had for aggravation of a pre-existing condition or disease")

*Whatley v. Henry*, 65 Ga. App. 668, 16 S.E.2d 214, 216 (1941) ("The sick or diseased, as well as the healthy, may recover for injuries proximately caused by the negligence of another [including] aggravation of, such sickness or disease.");

*Bray v. Latham*, 81 Ga. 640, 8 S.E. 64 (1888) ("To cause sickness wrongfully, or to aggravate or protract it, is an injury to health for which damages are recoverable."); and

*Georgia Law of Damages,* § 4:5 (2012) ("The defendant cannot complain that his negligently inflicted injury would in a normal person cause less injury than it does in a person already impaired.").

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 12**

<u>DAMAGES:  PLAINTIFF COMPETENT TO TESTIFY CONCERNING HER INJURIES</u>

Ms. Brand is competent to testify concerning her injuries and it is not necessary for her to submit expert medical testimony or evidence establishing that the occurrence in question caused any onset of symptoms or the receipt of medical treatment.  Also you, the jury, may conclude such a causal connection from your own common knowledge.

**<u>AUTHORITY</u>:**

*Hutcheson v. Daniels*, 224 Ga. App. 560, 561 (1997) (where no significant lapse of time between date of alleged negligence event and the onset of the physical injury);

*Jordan v. Smoot*, 191 Ga. App. 74(1) (1989); and

*Madden v. Solomon*, 196 Ga. App. 512, 513 (1990).

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 13**

<u>DAMAGES – PAIN AND SUFFERING; GENERALLY</u>

I charge you that if you find in favor of Ms. Brand, you may consider the pain and suffering which Ms. Brand has endured as a result of the negligence of Cook, if any. If you find that she suffered pain, either mental or physical, or both mental and physical, up to the present time, you may make an allowance therefore up to the present time. If you find that her injuries are such as will probably cause future pain and suffering, either mental or physical, or both mental and physical, you would also be authorized to allow compensation for such future mental and physical pain and suffering.

Now in connection with the subject of pain and suffering, I charge you that the impairment of bodily or physical faculties, if any, may cause physical or mental suffering whether there is a direct pecuniary loss or not. I charge you that every person is entitled to retain and enjoy each and every power of body and mind with which he has been endowed, and no one, without being answerable in damages, can wrongfully deprive another by a physical injury of such power or faculty or materially impair the same.

Deprivation or impairment of such can be classed with pain and suffering. If one be handicapped by physical injuries from performing the tasks incident to her station in life, or if the character of the injuries be such as to cause one mental anxiety, or dread of physical suffering, reasonably certain to continue in the future, you may consider such elements in assessing damages for pain and suffering. Such loss or impairment of any power or faculty is a matter for compensation and may be considered by you in determining damages for pain and suffering, if any.

39

In arriving at the damages to be awarded for pain and suffering, you should act impartially and in accordance with your conscience.  The amount should be reasonable and just as to all parties and should compensate Ms. Brand for the injuries sustained.  The only guide for you in determining compensation for mental and physical pain and suffering is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate Ms. Brand with fairness to Cook.

As can be seen, there is no mathematical formula for determining damages for pain and suffering.  The legal guide is the enlightened conscience of the jury.  However, counsel are permitted, in arguing their case, to present any reasonable theory to you for your consideration in determining such an amount.

**AUTHORITY**:

*The Atlanta Street Railroad Company v. Jacobs*, 88 Ga. 647, 651-653, 15 S.E. 825 (1891);

*City Council of Augusta v. Drawdy*, Ga App. 543, 547, 43 S.E. 2d 569 (1947); and

*Florida Central and Peninsular Railroad Company v. Burney*, 98 Ga. 1, 6-8, 26 S.E 730 (1895).

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 14**

<u>DAMAGES:  PROOF OF PERMANENT INJURY</u>

I charge you that with respect to the permanency, if any, of Ms. Brand's injury, a permanent injury may be proved either by the opinions of physicians or by proof of facts from which you would be authorized to infer that the injury was permanent.

**<u>AUTHORITY</u>:**

*Southern Railway Co. v. Clariday*, 124 Ga. 958, 959, 53 S.E. 461 (1905).

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 15**

<u>DAMAGES:  MEDICAL EXPENSES - FUTURE</u>

Members of the jury, if you find that Ms. Brand is entitled to a recovery in this action, Ms. Brand seeks to recover not only for her past medical expenses, but for medical expenses that may be incurred in the future.  If you find that Ms. Brand is entitled to recover and that the evidence shows with reasonable certainty that Ms. Brand will sustain future medical expenses proximately caused by Cook's actions, and if you find that the evidence shows with reasonable certainty the amount of such future medical expenses, Ms. Brand would be entitled to recover those amounts, reduced to present case value.

**<u>AUTHORITY</u>:**

*Bennett v. Haley*, 132 Ga. App. 512, 208 S.E. 2d 302 (1974); and

*Peak v. Cody*, 113 Ga. App. 674, 149 S.E. 2d 519 (1964).

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 16**

<u>PUNITIVE DAMAGES – REQUIRED RECOVERY OF COMPENSATORY DAMAGES (PHASE I)</u>

There can be no recovery of punitive damages in this case unless there is first a recovery by Ms. Brand of compensatory damages.


**<u>AUTHORITY</u>:**

*Motor Finance Company vs. Harris*, 150 Ga. App. 762 (1979).

**PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 17**

**<u>COLLATERAL SOURCES</u>**

The presence or absence of insurance or benefits of any type, whether liability insurance, health insurance, or employment-related benefits for either the plaintiff or the defendant, shall not be considered by the jury in any way in deciding the issue of damages. The existence or lack of insurance or benefits shall not enter into the jury's discussions or deliberations in any way in deciding the issues in the case. The jury shall decide this case solely on the basis of the testimony and evidence presented in the courtroom, as well as the other instructions given to the jury by the court.

**<u>AUTHORITY</u>**:

*Amalgamated Transit Union Local 1324 v. Roberts et al*, 263 Ga. 405 (1993); and

*Hoeflick v. Bradley*, 282 Ga. App. 123 (2006).

## PLAINTIFF'S SPECIAL REQUEST TO CHARGE NO. 18

### EFFECT OF VERDICT

Members of the Jury, you are not to be concerned with the effect or result of whatever verdict you may render in this case.  Your entire responsibility is to find a true verdict under the evidence introduced in the case and the law given you in the charge by the Court, and as to the effect or result of such verdict, that is a matter in which you are not at all concerned.

**AUTHORITY:**

*Adams v. Camp Harmony Assn.*, 190. Ga. App. 506, 508 (1989).

This 10th day of December, 2018.

                                 Respectfully Submitted,

                                   */s/ Joseph N. Williams*_____
                                   Joseph N. Williams, Atty. No. 25874-49
                                   Riley Williams & Piatt, LLC
                                   301 Massachusetts Avenue
                                   Indianapolis, IN 46204
                                   Telephone: (317) 633-5270
                                   Facsimile: (317) 426-3348
                                   Email: jwilliams@rwp-law.com

                                   *Liaison Counsel to Plaintiffs' Steering Committee*
                                   *and on behalf of Plaintiffs' Steering Committee*

                                   */s/ Michael W. Heaviside*_____
                                   Michael W. Heaviside, Esq.
                                   Heaviside Reed Zaic, A Law Corporation
                                   910 17th Street NW, Suite 800
                                   Washington, DC 20006
                                   Telephone: (202) 233-1993
                                   Email: mheaviside@hrzlaw.com

                                   */s/ Ben C. Martin*_____
                                   Ben C. Martin, Esq.
                                   The Law Office of Ben C. Martin
                                   3710 Rawlin Street, Suite 1230
                                   Dallas, TX 75219
                                   Telephone: (214) 761-6614
                                   Facsimile: (214) 74407590
                                   Email: bmartin@bencmartin.

                                   */s/ David P. Matthews*_____
                                   David P. Matthews, Esq.
                                   Matthew and Associates
                                   2509 Sackett St.
                                   Houston, TX 77098
                                   Telephone: (713) 522-5250
                                   Facsimile: (713) 535-7184
                                   Email: dmatthews@thematthewslawfirm.com
                                   *Plaintiffs' Co-Lead Counsel*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 10th  day of December, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Ben C. Martin*

Ben C. Martin

47