UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to:
*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-06018-RLY-TAB

## <u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS & VERDICT FORMS</u>

The Cook Defendants submit the following proposed jury instructions for the trial in this

matter:

   I.   Preliminary Instructions (to be read before opening statements)

   II.   Final Instructions (to be read after closing arguments)

   III.   Special Purpose Instructions (to be read as needed during trial)

   IV.   Phase II Indiana Punitive Damages Instructions (if needed)

   V.   Phase II Alternative Georgia Punitive Damages Instructions (if needed)

   VI.   Defendants' Proposed Phase I Verdict Form—liability and compensatory damages

   VII.   Defendants' Proposed Phase II Verdict Form—liability for and amount of punitive damages

These proposed instructions are based on the procedural posture and court rulings as of

the date of their submission.  In particular, the Cook Defendants note that the Court has not yet

ruled in full on Cook's pending motions for summary judgment.  By including instructions for

certain claims, the Cook Defendants do not concede that the jury should be instructed on any

claim as they have moved for summary judgment in full.  The Cook Defendants also maintain

the positions asserted in the pending Motion To Bifurcate, including that Indiana substantive law

should be applied to Plaintiff's claim for punitive damages.  Should the Court disagree,

alternative Georgia punitive instructions are also included.

The Cook Defendants reserve the right to alter or amend these proposed instructions

based on further developments before and during the trial, including but not limited to further

rulings by the Court on the parties' pending pretrial motions, other rulings before and at trial, and

the admission of evidence and testimony at trial.

Submitted this 10th day of December, 2018.

Respectfully submitted,

/s/ *Andrea Pierson*
Andrea Roberts Pierson (# 18435-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com

*Counsel for the Defendants, Cook Medical LLC*
*f/k/a Cook Medical Incorporated, Cook*
*Incorporated, and William Cook Europe ApS*

## I.       PRELIMINARY INSTRUCTIONS

### PRELIMINARY INSTRUCTION NO. _____

Members of the jury, before we begin the trial, I would like to tell you a little bit about what will occur during the course of the trial. I want to briefly describe how the trial will be conducted and explain what we, me as the judge and the lawyers for both sides, will be doing. At the end of the trial, I will give you some more detailed instructions on how you are to reach your decision.

**Source:**  Preliminary Instruction No. 1, *Hill v. Cook Medical, Inc.*, Dkt. No. 6973, at 2.

## PRELIMINARY INSTRUCTION NO. ___

You have been selected as jurors and have taken an oath to well and truly try this cause. It will take approximately three weeks for you to hear all of the evidence and the arguments of counsel.

During the progress of the trial there will be periods of time during which you will be allowed to separate, such as recesses for rest periods, for lunch periods and overnight. During those periods of time that you are outside the courtroom and are permitted to separate, you must not talk about this case among yourselves or with anyone else. In addition, you may not use cell phones, smart phones, the internet, and/or other tools of technology to communicate electronically with anyone, including family and friends, about this case through e-mail, text messaging, Twitter, Facebook, and the like.

During the trial, do not talk to any of the parties, their lawyers or any of the witnesses. If any attempt is made by anyone to communicate with you concerning this case, or you realize a fellow juror has violated the rules against contacting third parties, you should report the fact to the court immediately. There may be publicity in the newspapers, on the radio, on television, or on the internet, concerning this trial. You should not read or listen to these accounts but should confine your attention to the court proceeding, listen attentively to the evidence as it comes from the witnesses, and reach a verdict solely upon what you hear and see in this court.

During the trial, you may not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.

You should keep an open mind. You should not form or express an opinion during the trial and should reach no conclusion in this cause until you have heard all of the evidence, the arguments of counsel, and the final instructions as to the law, which will be given to you by the court.

**Source:**  Preliminary Instruction No. 2, *Hill v. Cook Medical, Inc.*, Dkt. No. 6973, at 3-4.

## PRELIMINARY INSTRUCTION NO. ____

Plaintiff, Tonya Brand, filed the present lawsuit against the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS.

Defendants made and sold a medical product called the Cook Celect IVC (inferior vena cava) filter. This product was placed into a large vein in Plaintiff's body. Plaintiff alleges that the product was defectively designed and caused her injuries.

Defendants deny Plaintiff's claims. Defendants are not required to disprove Plaintiff's claims.

Defendants assert that Plaintiff assumed the risk of the injury she alleges when she consented to have the Cook Celect IVC filter placed. Defendants also assert that intervening causes, and not any defect in the design of the product, led to Plaintiff's injury.

Plaintiff denied Defendants' assertions. Plaintiff is not required to disprove Defendants' assertions.


**Source:**  Modified Preliminary Instruction No. 3, *Hill v. Cook Medical, Inc.*, Dkt. No. 6973, at 5.


**Basis for Modification:**  Modified to reference Tonya Brand and the specific circumstances of the case.

## PRELIMINARY INSTRUCTION NO. ____

Plaintiff bears the burden of proving these allegations by a preponderance of the evidence.

When I say that a party has the burden to prove an issue by a preponderance of the evidence, I mean that the party must prove the party's contentions by the greater weight of the evidence. That is, a preponderance of the evidence means that the evidence, when considered and compared to that opposed to it, has more convincing force and produces in your mind a belief that the facts are more likely than not true.

A greater number of witnesses testifying to a fact on one side or a greater quantity of evidence introduced on one side is not necessarily of the greater weight. The evidence given upon any fact that convinces you most strongly of its truthfulness is of the greater weight.

**Source:** Preliminary Instruction No. 4, *Hill v. Cook Medical, Inc.*, Dkt. No. 6973, at 6.

## PRELIMINARY INSTRUCTION NO. ____

You are the exclusive judges of the evidence, the credibility of the witnesses, and the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the manner and conduct of the witness while testifying; any interest, bias, or prejudice the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considered in light of all of the evidence in the case.

If there are conflicts in the evidence, it is your duty to reconcile the conflicts, if you can, on the theory that each witness has testified to the truth. You should not disregard the testimony of any witness without a reason and without careful consideration. If you find conflicting testimony that you cannot reconcile, you must determine which of the witnesses you believe and which of them you disbelieve.

In weighing the testimony to determine what or whom you believe, you should use your own knowledge, experience, and common sense gained from day-to-day living.At times during the trial, a lawyer for one side or the other may make an objection to a question that is asked by another lawyer or to a particular answer that a witness gives.  This simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusions from the fact that an objection was made or from my rulings on those objections. These only relate to the legal questions that I must determine and should not influence your thinking.

If I sustain an objection to a question, the witness may not answer. Do not attempt to guess what the answer might have been, had it been permitted to be given. Similarly, if I tell you not to consider a particular statement, you should put that statement out of your mind; and you may not refer to that statement in your later deliberations.

During the course of the trial, I may ask a question or two of a witness. If I do, that does not indicate that I have any opinion about the facts in the case or that I have any opinion with respect to that witness' credibility.

**Source:**  Preliminary Instruction No. 5, *Hill v. Cook Medical, Inc.*, Dkt. No. 6973, at 7-8.

**PRELIMINARY INSTRUCTION NO. ____  [OPTIONAL]**

You may take notes during this trial.

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the jury room. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

**Source**:  Modified Seventh Circuit Sample Preliminary Instructions, "Note-Taking – Allowed" (2009 rev.), *available at* http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf, p. 416.

**Basis for Modification**:  Modified to reference permission to take notes.

## PRELIMINARY INSTRUCTION NO. ___

During the trial, certain exhibits may be offered into evidence. When the court admits an exhibit as evidence, each of you should carefully examine it, without discussion, at the time it is submitted to you.

During the progress of the trial, certain questions may be asked and certain exhibits may be offered that the court may rule are not admissible into evidence. You must not concern yourselves with the reasons for the rulings since the admissibility of evidence is strictly controlled by rules of law.

You must not consider an exhibit or testimony that the court orders stricken from the record. In fact, such a matter is to be treated as though you had never heard it.

Nothing that I say or do during the trial is intended as any suggestion of what facts or what verdict you should find. Each of you, as jurors, must determine the facts and the verdict.

**Source:**  Preliminary Instruction No. 6, *Hill v. Cook Medical, Inc.*, Dkt. No. 6973, at 9.

## PRELIMINARY INSTRUCTION NO. ___

The trial of this case will proceed as follows:

First, the attorneys will have an opportunity to make opening statements. These statements are not evidence and should be considered only as a preview of what the attorneys expect the evidence will be.

Following the opening statements, witnesses will be called to testify. They will be placed under oath and questioned by the attorneys. Documents and other tangible exhibits may also be received as evidence.

When the evidence is completed, the attorneys will make final statements. These final statements are not evidence but are given to assist you in evaluating the evidence. The attorneys are also permitted to argue, to characterize the evidence, and to attempt to persuade you to reach a particular verdict. You may accept or reject those arguments as you see fit.

**Source:**  Preliminary Instruction No. 7, *Hill v. Cook Medical, Inc.*, Dkt. No. 6973, at 10.

## PRELIMINARY INSTRUCTION NO. ___

These preliminary instructions have been read to you prior to the opening statements of counsel and prior to the introduction of evidence so that you may understand the issues presented for your decision in this action, the rules regarding the burden of proof and the credibility of witnesses, and the manner of weighing the evidence which you will hear in this case.

You will receive further instructions after the evidence has been concluded and before the final arguments of counsel.

**Source:**  Preliminary Instruction No. 8, *Hill v. Cook Medical, Inc.*, Dkt. No. 6973, at 11.

## II.  FINAL INSTRUCTIONS

**FINAL INSTRUCTION NO. _____**

Members of the jury, the evidence has been completed, and plaintiff's counsel and defense counsel will make their final arguments to you in a few moments. You and I now play the most important part of our respective roles in this case. I will now instruct you on the law that you are to apply to the evidence you have heard in this case.

These instructions are my responsibility, and it is your duty to follow the rules of law stated in these instructions even if you might personally disagree with them. Regardless of any opinion you may have as to what the law ought to be, your duty as jurors is to base your verdict upon the law as set out in these instructions.

It is your responsibility to determine the facts from the evidence in this case. Then you are to apply the law to the facts and in this way decide the case.

**Source:**  Final Instruction No. 1, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 2.

16

**FINAL INSTRUCTION NO. _____**

Neither by these instructions nor by any ruling or remark I have made during the trial, nor from questions that I may have asked a witness, do I mean to indicate any opinion as to the facts or as to what your verdict should be. You are the sole and exclusive judges of the facts.

**Source:**  Final Instruction No. 2, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 3.

## FINAL INSTRUCTION NO. _____

These instructions that I am reading to you will be sent into the jury room along with the exhibits admitted into evidence.

If I have stated any rule, direction, or idea in these instructions in varying ways, I have not intended any special emphasis on the point, and you should not give the point any special emphasis. For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others. You must consider all the instructions as a whole, and you are to regard each instruction in light of all the others.

**Source:**  Final Instruction No. 3, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 4.

**FINAL INSTRUCTION NO. _____ (Intro to Claims/Proof)**

Plaintiff, Tonya Brand, filed the present lawsuit against the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively "Cook" or the "Cook Defendants").

The Cook Defendants made and sold a medical product called the Cook Celect IVC (inferior vena cava) filter. This product was placed into a large vein in Plaintiff's body. Plaintiff alleges that the product was defectively designed and caused her injuries. Plaintiff bears the burden of proving both that the product was defectively designed and that the defective design caused her injuries.

The Cook Defendants deny Plaintiff's claims. They are not required to disprove Plaintiff's claims.

The Cook Defendants assert that Plaintiff assumed the risk of the injury she alleges when she consented to have the Cook Celect IVC filter placed. They also assert that intervening causes, and not any defect in the design of the product, led to Plaintiff's injury. Defendants bear the burden of proof on these defenses.

Plaintiff denies the Cook Defendants' assertions. Plaintiff is not required to disprove the Cook Defendants' assertions.

**Source**:  Modified Final Instruction No. 4, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 5.

**Basis for Modification:**  Modified to reference Tonya Brand and the parties' respective burdens of proof on Plaintiff's claims and Defendants' affirmative defenses.

**FINAL INSTRUCTION NO. \_\_\_\_**

The Defendants in this case are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

**Source:**   Modified 7th Circuit Pattern Civil Instruction 1.03 (2017 rev.), *available at* http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

**Basis for Modification:**  Modified to shorten instruction.

## FINAL INSTRUCTION NO. _____

Opening statements of counsel were for the purpose of acquainting you in advance with the facts that they expected the evidence to show. Closing arguments of counsel are for the purpose of discussing the evidence that has actually been presented to you.

Mere assertions alone by counsel in opening statements or final arguments or in the asking of questions of witnesses do not constitute any evidence whatever in this case. You should disregard such assertions because they are not proof of any facts.

Counsel have the duty and the right to address you and to explain the testimony to help you better understand the questions you must decide. However, if they inadvertently misstate the law or misstate the evidence, you must not follow their mistakes. It is your duty to follow the law as I instruct you and to consider the evidence detailed by the witnesses and shown by the exhibits admitted into evidence.

During the course of trial, it often becomes the duty of counsel to make objections and for me to rule on them in accordance with the law. The fact that objections are made or opposed should not influence you in any way.

In your deliberations, you are not to pay any attention to any testimony that was stricken, or any statements of counsel or other statements made to the court concerning those matters.

You are to try the case upon the evidence and the legitimate inferences that you may draw from that evidence. You should not be concerned with why the court decided, at various times throughout the trial, that certain evidence should or should not be admitted. Whether such evidence is admissible is purely a question of law, and you should draw no inferences from the court's rulings on these matters. In admitting evidence to which an objection is made, the court

does not determine what weight should be given to such evidence, nor does it pass judgment on the credibility of the witnesses or exhibits.

**Source:**  Final Instruction No. 5, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 6-7.

**FINAL INSTRUCTION NO. _____**

The evidence consists of sworn testimony, deposition testimony, and the exhibits received in evidence, and any facts that I instruct you have been established and proven.

**Source:**  Final Instruction No. 6, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 8.

**FINAL INSTRUCTION NO. _____**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are transcribed. You are to treat deposition testimony and deposition summaries the same as the testimony of witnesses who appeared in the trial.

**Source:** Final Instruction No. 7, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 9.

### FINAL INSTRUCTION NO. _____

You may recall that I instructed you at the beginning of the trial about direct evidence and circumstantial evidence. Direct evidence is direct proof of a stated fact, such as testimony of an eyewitness. For example, a witness might testify in a case involving a car accident, "I saw the blue car run a red light." That testimony is direct evidence that the car ran a red light.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts are true. You may remember my earlier example of circumstantial evidence. Assume that when you came into the courthouse this morning the sun was shining. Assume that the courtroom curtains are drawn and you cannot look outside. As you sit in the courtroom, you see someone walk in with an umbrella that is dripping wet. A few minutes later, you see someone else walk in the courtroom with a wet umbrella. You cannot look outside to see whether or not it is raining. Therefore, you have no direct evidence that it is raining. But it would be reasonable for you to conclude that it is raining, and that conclusion would be based on what we call circumstantial evidence.

In reaching your verdict, you may consider both direct and circumstantial evidence. Both are of equal weight in the law.

**Source:**  Modified Final Instruction No. 8, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 10.

**Basis for Modification:**  Modified to eliminate illustrative example referencing "state of mind" because of irrelevance of intent to design defect claim.

## FINAL INSTRUCTION NO. _____

Certain demonstrative exhibits have been shown to you. These include certain charts, models, diagrams, animations, graphs, sketches, or demonstrations. These exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

The court has admitted the [insert tangible exhibits admitted]. You may consider them as evidence in this case.

**Source:** Final Instruction No. 9, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 11.

**FINAL INSTRUCTION NO. _____**

It is proper for a lawyer to meet with any witness in preparation for deposition or trial.

**Source:** Final Instruction No. 10, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 12.

## FINAL INSTRUCTION NO. ____

You are the judges of the credibility—that is, the believability—of all the witnesses. Especially where the testimony of witnesses conflicts, you must determine whom you will believe and whom you will not believe and what is the truth.

In determining the credibility of the witnesses, you may consider many factors, including their interest or lack of interest in the result of this suit; their manner and bearing on the witness stand; their means or lack of means of knowing the facts about which they have testified; the extent to which they are either supported or contradicted by other evidence; their power of memory or the lack of memory; and any consistent or inconsistent statements made by them. From considering all the evidence, you will give to each witness the credit to which he or she is entitled.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Also, the innocent failure to recall something is not an uncommon experience. On the other hand, in other situations, inconsistencies or discrepancies may be intentional falsehoods. In weighing the effect of any discrepancy, always consider whether it involves an important fact or an unimportant detail, and whether you believe the discrepancy results from an innocent mistake or a deliberate falsehood.

In weighing the evidence, keep in mind that the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence. You may find that the testimony of a few witnesses or just one witness about a particular fact or issue is more credible than the testimony of a larger number of witnesses who testified differently. Your job is to

consider the testimony of each witness, and to decide which witnesses and which evidence seem to you to be most accurate and trustworthy.

**Source:**  Final Instruction No. 11, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 13-14.

## FINAL INSTRUCTION NO. _____

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's testimony in court.

If you believe any witness has been impeached and thus discredited, it is up to you to give the testimony of that witness the weight, if any, that you think it deserves. If you believe a witness has knowingly testified falsely about any significant matter, you have a right to distrust that witness's testimony on other matters, and you may reject all the testimony of that witness or give it such weight as you think it deserves.

**Source:**  Final Instruction No. 12, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 15.

## FINAL INSTRUCTION NO. _____

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Source:**  Final Instruction No. 13, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 16.

**FINAL INSTRUCTION NO. _____**

Generally, a witness may not express an opinion. However, one who follows a profession or special line of work is permitted to express an opinion because of the knowledge, skill, experience, training, or education of the witness. The purpose of such testimony is to assist you in arriving at a just verdict.

You should judge the testimony of the expert witness in the same manner as you judge the testimony of any other witness. In determining its weight, you may also take into consideration the expert's skill, experience, knowledge, veracity, familiarity with the facts of this case, and the general rules for determining the credibility of witnesses.

**Source:**  Final Instruction No. 14, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 17.

**FINAL INSTRUCTION NO. _____**

You should consider only the evidence provided through the official interpreter. Although some of you may know Danish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

**Source:** Final Instruction No. 15, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 18.

**FINAL INSTRUCTION NO. _____**

During the trial, you had the opportunity to take notes. While some people find taking notes to be helpful in assisting their memories, a few words of caution are again necessary. There can be a tendency to attach undue importance to matters that are written down. You should be careful not to let yourselves fall into that trap. For example, you may have considered some testimony unimportant at the time it was presented and thus you might not have written it down, but you now may feel it has greater importance in light of all of the evidence presented. You must consider the evidence as you recall it now.

Use your notes only as a tool to add to your own individual memory. Your notes are not evidence and are not necessarily a complete outline of the proceedings or a list of the highlights from the trial. Your memory should be your greatest asset in deliberating and rendering a decision in this case.

**Source:**  Final Instruction No. 16, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 19.

## FINAL INSTRUCTION NO. _____

In determining your verdict, you may consider your experiences as persons in many walks of life, and you may consider the evidence as you have heard and seen it in light of your experience.

In other words, you will go to your jury room armed not only with the evidence, but also with your common sense.

**Source:** Final Instruction No. 17, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 20.

**FINAL INSTRUCTION NO. ___**

In these instructions, you will hear references to the term "preponderance of the evidence."  The term "preponderance of the evidence" means evidence which, when considered and compared with that opposed to it, has more convincing force and produces in your mind a belief that the facts are more likely true than not true.

In these instructions, I will use the phrase "if you find."  That phrase means "if you find from a preponderance of the evidence," as I have just defined it for you.

**Source:**  Final Instruction No. 18, *Hill v. Cook*, Dkt. No. 7196, at 21.

**FINAL INSTRUCTION NO. \_\_\_**

Plaintiff has the burden of proof as to her claim, which means that she must prove

whatever it takes to make her case, except for any admissions by Defendants. Plaintiff must

prove her case by a preponderance of the evidence.

**Source:**  Modified Ga. Pattern Instruction No. 02.020 (Burden of Proof; Generally;
Preponderance of Evidence, Defined).


**Basis for Modification**:  Modified from Georgia pattern because of prior instruction setting
forth definition of preponderance of evidence.

## FINAL INSTRUCTION NO. ___

Plaintiff contends that Cook is liable because of a defect in the design of the Celect filter.

The manufacturer of a product that is sold as new property may be liable or responsible to any person who is injured because of a defect in the product that existed at the time the manufacturer sold the product.  However, a manufacturer of a product is not an insurer, and it is not required to ensure that a product's design is incapable of producing an injury. To recover damages for product liability based on a design defect, Plaintiff must establish the following three elements by a preponderance of the evidence:

1)      the product was defective in design;

2)      the defect existed at the time the filter left the control of Cook; and

3)      the defect in the design of the filter was the proximate cause of Plaintiff's injury.

The type of product defect alleged by Plaintiff is a design defect.  There is no single general way to define what constitutes a design defect in a product.  Whether or not a product is defective in design is a question of fact to be determined by you, the jury, in each case, based on the instructions that I will give you.


**Source:**  Modified Ga. Pattern Instruction No. 62.610 (Strict Liability in Tort; General Explanation and Burden of Proof); O.C.G.A. §51-1-11; *Jones v. Norditrack, Inc.*, 550 S.E.2d 101, 103-104 (Ga. 2001); *Center Chemical Co. v. Parzini,* 234 Ga. 868 (1975); *Banks v. ICI Americas Inc.,* 264 Ga. 732 (1994)*; S K Hand Tool Corp. v. Lowman,* 223 Ga. App. 712 (1996); Modified Ga. Pattern Instruction 62.640 (Strict Liability; Design Defect); *see also Hunt v. Harley-Davidson Motor Co. Inc.,* 147 Ga. App. 44 (1978); *Banks v. ICI Americas Inc.,* 264 Ga. 732 (1994); O.C.G.A. §51-1-11.
.

**Basis for Modification**:  Modified to reflect that plaintiff's defect claim is a design defect claim and to consolidate Georgia patterns.

## FINAL INSTRUCTION NO. ___

A defect in a product is a proximate cause of loss, injury, or damage if it directly and in natural continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the defect, the loss, injury, or damage would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.

There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury.

**Source:**  Modified Final Instruction No. 23, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 21; Modified Ga. Pattern Instruction 60.200 (Proximate Cause); *see also* O.C.G.A. §§51-12-3, 51-12-8, 51-12-9.

**Basis for Modification**:  Modified to incorporate proximate cause definition provided in *Hill* as more understandable but materially the same as the referenced Georgia pattern instruction.

**FINAL INSTRUCTION NO. ___**

To determine whether a product suffers from a design defect, you must balance the inherent risk of harm in a product design against the utility or benefits of that product design. You must decide whether Cook acted reasonably in choosing the Celect design by considering all relevant evidence, including the following factors:

1)   the usefulness of the product;

2)   the severity of the danger posed by the design;

3)   the likelihood of that danger;

4)   the avoidability of the danger, considering the user's knowledge of the product, publicity surrounding the danger, and common knowledge or the expectation of danger;

5)   the user's ability to avoid the danger;

6)   the technology available when the product was manufactured;

7)   the ability to eliminate the danger without impairing the product's usefulness or making it too expensive;

8)   the feasibility of spreading any increased cost through the product's price;

9)   the convenience and durability of the product;

10)  alternative designs for the product available to the manufacturer; and

11)  the manufacturer's compliance with industry standards or government regulations pertaining to the design of the product.

The heart of a design defect claim under this test is the reasonableness of selecting from among alternative product designs and adopting the safest feasible one.

If you decide that the risk of harm in the product's design outweighs the utility of that particular design, then the manufacturer exposed the consumer to greater risk of danger than the manufacturer should have in using that product design, and the product is defective. If after balancing the risks and utility of the product, you find by a preponderance of the evidence that the product suffered from a design defect, then the plaintiff is entitled to recover if the design defect was the proximate cause of her injury.

40

**Source:**  Adapted from Ga. Pattern Instruction 62.650 (Strict Liability; Design Defect; Risk-Utility Test and Factors); *Banks v. ICI Americas Inc.*, 264 Ga. 732 (1994); *Bryant v. Hoffmann-La Roche, Inc.*, 262 Ga. App. 401, 413 (2003); *Jones v. NordicTrack, Inc.*, 274 Ga. 115 (2001).

**Basis for Modification**:  This proposed instruction has been modified to adapt it to the facts and circumstances of the claim in this case.  In particular, the instruction is modified to eliminate the following factors as irrelevant to the evaluation of a specific-purpose, implanted medical device:

- The appearance and aesthetic attractiveness of the product
- The product's utility for multiple uses.

The instruction is also modified to eliminate the reference to insurance as unfairly prejudicial and generally inadmissible under Georgia law.  *See, e.g.*, *Bilbija v. Lane*, 2018 WL 3219388, at *1 (S.D. Ind. Jul. 2, 2018) (referencing rules of evidence and case law support for exclusion of liability insurance evidence); *Conley v. Gallup*, 213 Ga. App. 487 (1994) (specifying that insurance is generally inadmissible under Georgia law).

The instruction is further modified to eliminate a reference to "effectiveness of warnings" as improper for this case based on the Court's 12-6-18 partial ruling on summary judgment and the relevance and application of the learned intermediary doctrine in a medical device context. The instruction is also modified to specify that "industry standards and government regulations" are those pertaining to the design of the product in light of design defect as the remaining claim in the case.  *See Kelley v. Hedwin Corp.*, 308 Ga.App. 509, 707 S.E.2d 895, 899-900 (Ga. App., 2011) (referencing compliance with government packaging and shipping regulations in affirming grant of summary judgment on negligent design claim); *America v. Gentry*, 254 Ga. App. 888, 564 S.E.2d 733, 738-39 (Ga. App., 2002) (allowing jury to consider whether Volkswagen complied with federal safety standard for design of two-point passive restraint system); *Moore v. ECI Management*, 542 S.E.2d 115, 119-120, 246 Ga. App. 601 (Ga. App., 2000) (referencing industry custom of leaving power cord unattached in evaluating defective design claim based on theory that washer/dryer unit should have been sold with cord attached or a rejection feature on the terminal block to prevent miswiring); *Jackson v. Int'l Harvester Co.,* 190 Ga. App. 765, 766, 380 S.E.2d 306, 308 (1989) (finding no error in allowing evidence that design of the I.H.C. machine was substantially similar to that of others in the industry with respect to design defect claim).

Language was added to reflect Georgia law regarding the importance of safer alternative design under the *Banks*'s factors.

Finally, the instruction was modified to reference causation as an element of proof before Plaintiff may recover.

**FINAL INSTRUCTION NO. ___**

In determining whether a product was defective, you may consider evidence of alternative designs that would have made the product safer and could have prevented or minimized the plaintiff's injury.  In determining the reasonableness of Cook's choice of product design, you should consider

1)      the availability of an alternative design at the time Cook designed the Celect, between 2004 and 2006;

2)      the level of safety from an alternative design compared to the actual design;

3)      the feasibility of an alternative design, considering the market and technology at the time the product was designed, between 2004 and 2006;

4)      the economic feasibility of an alternative design; and

5)      any adverse effects on the manufacturer or the product from using an alternative design.


**Source:**  Modified Ga. Pattern Instruction No. 62.660 (Strict Liability; Design Defect; Alternative Design Evidence); *Banks v. ICI Americas Inc.*, 264 Ga. 732 (1994); *Wilson Foods Corporation v. Turner,* 218 Ga. App. 74 (1995).


**Basis for Modification**:  Modified to include reference to period of design for Celect for convenience of jury.

## FINAL INSTRUCTION NO. ___

In determining whether the Celect was defective in design, you may consider proof of Cook's compliance with federal or state safety standards or regulations and industrywide customs, practices, or standards pertaining to filter design.  Compliance with such design standards or regulations is a factor to consider in deciding whether the product design selected was reasonable considering the feasible choices of which the manufacturer knew or should have known.  However, a product may comply with such standards or regulations and still contain a design defect.

**Source:**  Modified Ga. Pattern Instruction No. 62.670 (Strict Liability; Design Defect; Compliance with Industry Standards or Government Regulations); *Banks v. ICI Americas Inc.*, 264 Ga. 732 (1994); *Doyle v. Volkswagenwerk Artiengesellschaft*, 267 Ga. 574 (1997).

**Basis for Modification:**  Modified to specify "design standards and regulations" as those relevant to evaluating a design defect. Further, as noted above, the Georgia cases that reference industry standards and government regulations under the *Banks* analysis do so generally in the context of design/engineering standards for purposes of evaluating a design defect claim.  *See Kelley v. Hedwin Corp.*, 308 Ga.App. 509, 707 S.E.2d 895, 899-900 (Ga. App., 2011) (referencing compliance with government packaging and shipping regulations in affirming grant of summary judgment on negligent design claim); *America v. Gentry*, 254 Ga. App. 888, 564 S.E.2d 733, 738-39 (Ga. App., 2002) (allowing jury to consider whether Volkswagen complied with federal safety standard for design of two-point passive restraint system); *Moore v. ECI Management*, 542 S.E.2d 115, 119-120, 246 Ga. App. 601 (Ga. App., 2000) (referencing industry custom of leaving power cord unattached in evaluating defective design claim based on theory that washer/dryer unit should have been sold with cord attached or a rejection feature on the terminal block to prevent miswiring); *Jackson v. Int'l Harvester Co.,* 190 Ga. App. 765, 766, 380 S.E.2d 306, 308 (1989) (finding no error in allowing evidence that design of the I.H.C. machine was substantially similar to that of others in the industry with respect to design defect claim).

**FINAL INSTRUCTION NO. ___**

In deciding whether Plaintiff's Celect IVC filter was defective in design, you shall

consider the state of the art of scientific and technical knowledge and other circumstances that

existed at the time the filter was manufactured in November 2008.

**Source:**  Modified Final Instruction No. 22, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, filed 11-09-17, at 25.

**Basis for Modification:**  Modified to reflect date of manufacture of Plaintiff's device for convenience of jury.

## FINAL INSTRUCTION NO. ___

If you find that Plaintiff proved her claim by a preponderance of the evidence, then you must consider Cook's defenses, which are explained in the next instruction.

**Source:** Final Instruction No. 24, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 27.

## FINAL INSTRUCTION NO. ___

If Plaintiff proves her claim by a preponderance of the evidence, then you shall consider the defenses raised by the Cook Defendants.

Cook's first defense is assumption of risk.

Cook claims that by agreeing to placement of the IVC filter after consultation with her physicians and by signing consent forms before her IVC filter placement, Plaintiff voluntarily assumed the risk of her injury.

If a person knows of a product's risks and is aware of the danger but nevertheless proceeds to make use of the product, she cannot later hold another person responsible for any injury suffered due to taking such a risk. If you find by a preponderance of the evidence that

1)      Plaintiff knew of the danger posed by the product;

2)      she understood and appreciated the risks of that defect; and

3)      she knowingly and voluntarily exposed himself/herself to such a risk,

then Plaintiff would not be entitled to recover for the resulting injury or damages, and you would return a verdict for Cook.

**Source:**  Modified version of Final Instruction No. 25, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 28-29; **Assumption of Risk**—Modified Ga. Pattern Instruction No. 62.710; *Center Chemical Co. v. Parzini*, 234 Ga. 868 (1975); *Beringause v. Fogleman Truck Lines Inc.*, 200 Ga. App. 822, 824 (1991); *Sharpnack v. Hoffinger Industries Inc.*, 223 Ga. App. 833 (1996); *Raymond v. Amanda Co., LTD.*, 925 F. Supp. 1572 (N.D. Ga. 1996).

**Basis for Modification**:  Modified to reflect specific circumstances of Plaintiff's claim and Cook's defenses.  Modified to remove word "unreasonably" from reference to "mak[ing] use of product" as unduly prejudicial and superfluous to meaning and application of instruction.

## FINAL INSTRUCTION NO. ___

Cook's second defense is intervening cause.

An intervening cause supersedes the prior wrong as the legal cause of the injury by breaking the sequence between the prior wrong and the injury. You must decide the following questions:

(1)     whether some cause or causes occurred after the product defect occurred;

(2)     whether such other cause or causes were not reasonably foreseeable to Cook; and

(3)     whether such other cause or causes were the legal cause of loss, injury, or damage to Plaintiff.

When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original act, then there can be no recovery, and you would return a verdict for Cook.

**Source—**Modified version of Final Instruction No. 25, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 29; *see also* Ga. Pattern Instruction No. 60.202 (Torts; Proximate Cause; Foreseeability; Natural and Probable Consequence; Intervening Cause Rules (Chain Reaction Situation); *Stern v. Wyatt,* 140 Ga. App. 704, 705 (1976); *Stapleton v. Amerson,* 96 Ga. App. 471, 472 (1957).

**Basis for Modification—**Modified from prior *Hill* instruction to eliminate specific reference to "natural cause" and to include reference to multiple "causes" for clarity.  Also adapted from Georgia instruction.

## FINAL INSTRUCTION NO. ___

If you find Cook has proven by a preponderance of the evidence either that Plaintiff assumed the risk of her injury or that an intervening cause or causes were the legal cause of her injury, then your verdict should be for Cook and against Plaintiff.

**Source:**  Modified Final Instruction No. 27, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 31.

**Basis for Modification**:  Modified for clarity.  See also following instruction, also modified from *Hill* Final Instruction No. 27.

**FINAL INSTRUCTION NO. _____**

If you find that Plaintiff has not proven her claim by a preponderance of evidence, or that Cook has proven one or both of its defenses by a preponderance of evidence, then you should not consider the question of damages.

If you find Plaintiff has proven her claim by a preponderance of the evidence, you should determine and write on the verdict form, in dollars, the total amount of her past loss, injury, or damage that a preponderance of the evidence shows will fairly and adequately compensate Plaintiff for her past loss, injury, or damage.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties. If you believe from a preponderance of the evidence that Plaintiff is entitled to recover, you should award to her such sums as you believe are reasonable and just in this case.

**Source:**  Modified Final Instruction No. 27, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 31; Modified Ga. Pattern Instruction No. 66.001 (Damages); O.C.G.A. § 51-12-9; O.C.G.A. § 51-12-4.

**Basis for Modification:**  Modified to clarify when damages should be awarded and combined with Georgia pattern.  Also modified to eliminate reference to future losses based on claims remaining in this case, including based on the state of expert testimony.

## FINAL INSTRUCTION NO. ___

If you believe that a party has suffered damages as alleged, under the law, that party is bound to reduce those damages, as much as is practicable, by the use of ordinary care and diligence. If you believe that by the use of such care, that party could have reduced or mitigated her damages, you must determine to what extent and reduce such damages to that extent.

**Source:**  Modified Ga. Pattern Instruction 66.015 (Damages; Duty to Lessen); O.C.G.A. §51-12-11; *Mallock v. Kicklighter*, 10 Ga. App. 605 (1912).

**Basis for Modification:**  Modified to remove reference to negligence in light of remaining design defect claim and to clarify instruction for circumstances of this case.

## FINAL INSTRUCTION NO. ___

In all cases, necessary expenses resulting from the injury are a legitimate item of damages. As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary and proximately caused by the design defect.

**Source:**  Modified Ga. Pattern Instruction No. 66.040 (Tort Damages; Expenses; Generally; Medical Expenses); O.C.G.A. §51-12-7; *Georgia Power Co. v. Clark*, 69 Ga. App. 273 (1943); *Georgia Railway and Power Co. v. Ryan*, 24 Ga. App. 290 (1919).

**Basis for Modification**:  Modified to refer to medical expense damages proximately caused by the design defect in light of multi-factorial health condition of Plaintiff.

**FINAL INSTRUCTION NO. ____**

Again, neither the fact that this lawsuit was filed, nor the fact that I have instructed you on the legal claims and damages is to be considered by you to be any indication by the court as to which party should prevail in this action. That decision is left up to you.

**Source:**  Final Instruction No. 29, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 33.

**FINAL INSTRUCTION NO. ____**

I remind you that your duty is to decide this case without bias, sympathy, or prejudice for or against either side. Your duty is to weigh the evidence carefully, and to apply the law in these instructions to the facts as you find them.

**Source:** Final Instruction No. 30, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 34.

**FINAL INSTRUCTION NO. _____**

Upon retiring to the jury room, select one of your members as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in the verdict form and date it. When you wish to return your verdict, you will notify the bailiff.

**Source:** Final Instruction No. 31, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 35.

## FINAL INSTRUCTION NO. _____

The verdict must represent the considered judgment of each juror. Any verdict, whether for the plaintiff or defendants, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

You should give fair and equal consideration to all the evidence, and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are the impartial judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

**Source:**  Final Instruction No. 32, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 36.

## FINAL INSTRUCTION NO. _____

From now until you are discharged, you must remain together in a group, and in the charge of the bailiff. During your deliberations, you are not to talk with anyone other than your fellow jurors. If you need anything (other than food or refreshments or other accommodations) the only proper way to communicate with the court is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the bailiff.

No member of the jury may ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching on the merits of the case except in writing, or orally here in open court. Remember that you have already heard all of the evidence in this case and you have all of the law applicable to this case in these instructions. Therefore, it is unlikely that I would be able to answer any questions about the evidence or the law in this case.

You will notice from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person — not even to the court — how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.


**Source:** Final Instruction No. 33, *Hill v. Cook Medical, Inc.*, Dkt. No. 7196, at 37.

### III.    SPECIAL PURPOSE INSTRUCTIONS

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Source:**  7th Cir. Civil Pattern Instruction No. 1.09.

## SUMMARIES

*Stipulated*

The parties agree that [*describe summary in evidence*] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain [*describe summary in evidence*] is/are in evidence. [*The original materials used to prepare those summaries also are in evidence.*] It is up to you to decide if the summaries are accurate.

**Source:**  7th Cir. Civil Pattern Instruction No. 1.23.

## CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**Source:**  7th Cir. Civil Pattern Instruction No. 2.01.

## IN-TRIAL INSTRUCTION ON NEWS COVERAGE

You must not read anything or listen to anything or watch anything with regard to this trial. Other people discussing the trial may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.  It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

**Source:**  7th Cir. Civil Pattern Instruction No. 2.02 (modified).

**STIPULATIONS OF FACT**

The parties have stipulated, or agreed, that [*stipulated fact*]. You must now treat this fact as having been proved for the purpose of this case.

**Source:**  7th Cir. Civil Pattern Instruction No. 2.05.

## JUDICIAL NOTICE

I have decided to accept as proved the fact that [*e.g., the city of Milwaukee is north of the city of Chicago*]. You must now treat this fact as having been proved for the purpose of this case.

**Source:**  7th Cir. Civil Pattern Instruction No. 2.06.

**DEPOSITION AS SUBSTANTIVE EVIDENCE [7TH CIR. 2.08]**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify**.**

**Source:**  7th Cir. Civil Pattern Instruction No. 2.08.

**[Alternative] Video Deposition Cuts of Other Witnesses [Agreed Non-Standard]**

Members of the jury, you will now be shown the video-recorded testimony of [*witness*] taken [*date of deposition*]. It will be obvious to you that the video has been edited. Edits were made both to shorten the video and to comply with my earlier out-of-court rulings on specific objections or issues raised during the testimony. You are to accept this testimony as though it were presented here in person.

## IV.    PHASE II INDIANA PUNITIVE DAMAGES INSTRUCTIONS

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. _____

Plaintiff also claims she is entitled to an award of punitive damages because (*insert brief statement of claim for punitive damages*).  Plaintiff must prove this claim by clear and convincing evidence.

**Source**:  Ind. Civil Pattern Instruction No. 109.

**PHASE II PUNITIVE DAMAGES INSTRUCTION NO. ____**

Proof by clear and convincing evidence is a higher standard of proof than proof by the greater weight of the evidence.

Proof of a claim by clear and convincing evidence means that the facts supporting that claim are highly probable.

In criminal law we require that crimes be proved by an even higher standard of proof called beyond a reasonable doubt. We do not use this higher standard in civil cases, but the concept of beyond a reasonable doubt helps us to understand the concept of clear and convincing evidence. Clear and convincing evidence is a higher standard than the greater weight of the evidence, but a lower standard than beyond a reasonable doubt.

**Source:**  Ind. Civil Pattern Instruction No. 113.

**PHASE II PUNITIVE DAMAGES INSTRUCTION NO. \_\_\_\_**

If you decide that Plaintiff is entitled to recover, then in addition to compensatory damages, you may also award punitive damages.

Punitive damages may be awarded if you decide that Plaintiff proved by clear and convincing evidence that either:

(1) Cook's actions causing her injuries amounted to willful and wanton misconduct; OR

(2) (A) In the conduct that caused her injuries, Cook acted either:

      a. maliciously;

      b. fraudulently;

      c. oppressively; OR

      d. with gross negligence,

AND

(B) Cook's acts causing her injuries were not the result of any of the following:

      a. mistake of fact;

      b. an honest error of judgment;

      c. overzealousness;

      d. ordinary negligence; OR

      e. other human failing.

You may only punish Cook for conduct that harmed Plaintiff.[1]

**Source:**  Ind. Civil Pattern Instruction No. 737 (modified).

---

[1] *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003).

**PHASE II PUNITIVE DAMAGES INSTRUCTION NO. ____**

The terms in the previous instruction on punitive damages have the following meanings:

"Gross negligence" is a voluntary act done with reckless disregard of the consequences to another person.

"Wanton or willful" misconduct is an intentional act done with reckless disregard of probable injury to a person, when the defendant knew of that probability.

"Malice" is an act done:

(1) intentionally,

(2) without legal authority or excuse, and

(3) with the intent to injure.

"Fraud" is an act done knowingly or intentionally to cheat or deceive another person.

"Oppressiveness" is an act done in a domineering, overbearing, or controlling manner that subjects another person to a cruel and unjust hardship.


**Source:**  Ind. Civil Pattern Instruction No. 739.

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. _____

If you decide to award punitive damages, you must determine the amount of money you believe will be adequate to:

    (1) punish Cook for what it did to Plaintiff; and

    (2) discourage Cook and other companies from similar acts in the future.

In deciding the amount of punitive damages, you may consider:

    (a) the amount of actual or potential harm suffered by Plaintiff as a result of Cook's conduct;

    (b) the amount of any civil fines that apply to conduct similar to Cook's conduct;

    (c) Cook's financial condition; and

    (d) the degree of reprehensibility of Cook's conduct.

Reprehensible means deserving of severe disapproval. In determining the degree of reprehensibility of Cook's conduct, you should consider the following:

    • Was the harm caused physical as opposed to financial?

    • Did Cook's conduct show a reckless disregard for the health or safety of others?

    • Did Cook's conduct involve repeated actions or was it an isolated incident?

    • Was the harm the result of intentional malice, trickery, or deceit, as opposed to mere accident?

    • Was the target of Cook's conduct financially vulnerable?

If you award punitive damages, you must state the amount of those damages on the verdict form separately from the amount of any compensatory damages.

**Source:** Modified Ind. Civil Pattern Instruction No. 741.

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. _____

You may not use evidence of conduct outside the state of Indiana to punish Cook if that conduct was lawful in the place where it occurred.


**Source:**  Ind. Civil Pattern Instruction No. 745 (modified).

## V.      PHASE II ALTERNATIVE GEORGIA PUNITIVE DAMAGES INSTRUCTIONS

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. ___

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may impose punitive damages, the plaintiff must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

**Source:**  Ga. Pattern Instruction No. 66.700.

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. ___

Plaintiff must prove to a reasonable certainty by clear, convincing, and decisive evidence that she is entitled to punitive damages. This is a different and higher burden of proof than a mere preponderance of the evidence.

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence (but less than beyond a reasonable doubt).

**Source:**  Modified Ga. Pattern Instruction No. 66.701 *Yablon v. Metropolitan Life Ins. Co.*, 200 Ga. 693 (1946); *Wall et al. v. Wood*, 174 Ga. 508 (1931); *Liberty National Bank and Trust Co. et al. v. Diamond*, 229 Ga. 677 (1972); *Freeman v. Saxton*, 243 Ga. 571 (1979); *Clarke v. Cotton*, 263 Ga. 861 (1994).

**Basis for Modification:**  Georgia Pattern 66.701 refers to Georgia Pattern 02.040 and requires adaptation to the issue under consideration.

### PHASE II PUNITIVE DAMAGES INSTRUCTION NO. ___

If Plaintiff fails to prove, by clear and convincing evidence, that Cook was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an imposition of punitive damages.

Punitive damages, when authorized, are imposed not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether Plaintiff should or should not receive punitive damages.

**Source:** Adapted Ga. Pattern Instruction No. 66.702; *Alliance Transp. Inc. v. Mayer*, 165 Ga. App. 344, 345 (1983).

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. ___

In considering the amount of punitive damages, you may consider the following factors:

1) the nature and egregiousness (reprehensibility) of the defendant's conduct;

2) the extent and duration of the defendant's wrongdoing and the possibility of its recurrence;

3) the intent of the defendant in committing the wrong;

4) the financial circumstances, that is, the financial condition and or the net worth of the defendant; and

5) the amount of actual damages awarded.

**Source:** Adapted Ga. Pattern Instruction No. 66.750 (as applicable).

## VI.  DEFENDANTS' PROPOSED PHASE I VERDICT FORM—LIABILITY AND COMPENSATORY DAMAGES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

This Document Relates to:
*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-06018-RLY-TAB

## VERDICT FORM

**1.   Has the Plaintiff proven, by a preponderance of the evidence, that the design of the Celect IVC filter was defective?**

_____ Yes                  _____ No

If your answer to Question 1 is "yes," then go to Question 2.  If your answer to Question 1 is "no," then the foreperson should sign and date this form.

**2.   Has Plaintiff proven, by a preponderance of the evidence, that the Celect IVC filter's defective design was the proximate cause of the loss, injury, or damage to Plaintiff?**

_____ Yes                  _____ No

If your answer to Question 2 is "yes," then go to Questions 3 and 4.  If your answer to Question 2 is "no," then the foreperson should sign and date this form.

**3.   Has Cook proven, by a preponderance of the evidence, that Plaintiff knowingly and voluntarily exposed herself to the danger she has complained of?**

_____ Yes                  _____ No

78

**4.   Has Cook proven, by a preponderance of the evidence, that some unforeseeable cause or causes were the sole legal cause of loss, injury, or harm to Plaintiff?**

_____ Yes                  _____ No

If you answered "yes" to Question 3 <u>or</u> Question 4, then your verdict is for Cook and the foreperson should sign and date this verdict form.

If you answered "yes" to Questions 1 and 2 and "no" to Question 3 <u>and</u> Question 4, please answer Question 5.

**5.   What is the total amount of Plaintiff's damages for incurred medical expenses and pain and suffering?**

$_____

**The Foreperson should sign and date the Verdict Form.**

FOREPERSON (Signature)   _____

FOREPERSON (Printed Name)   _____

## VII.   DEFENDANTS' PROPOSED PHASE II VERDICT FORM—LIABILITY FOR AND AMOUNT OF PUNITIVE DAMAGES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to:
*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-06018-RLY-TAB


**PUNITIVE DAMAGES VERDICT FORM**


**1.  Has Plaintiff proven, by clear and convincing evidence, that punitive damages should be awarded against Cook?**

_____ Yes                    _____ No

If your answer to Question 1 is "yes," then go to Question 2.  If your answer to Question 1 is "no," then the foreperson should sign and date this form.

**2.  What is the total amount of punitive damages, if any, that you find should be assessed against Cook?**

$_____


**The Foreperson should sign and date this verdict form.**


FOREPERSON (Signature)   _____


FOREPERSON (Printed Name)   _____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 10, 2018, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the CM/ECF participants registered to receive service in this MDL.


/s/ *Andrea Pierson*
Andrea Roberts Pierson (# 18435-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com