UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-06018-RLY-TAB

## COOK DEFENDANTS' SUPPLEMENTAL SUBMISSION IN LIGHT OF SUMMARY JUDGMENT ON FAILURE TO WARN CLAIMS

On December 5, 2018, this Court issued an order granting (among other things) the Cook Defendants' motion for summary judgment on plaintiff's claims for strict liability and negligent failure to warn.  *See* Dkt. 9696 at 1, 4-8.  In light of that ruling, the Cook Defendants submit the following supplementation concerning the effect of that ruling on other pending motions.

**A.    The Grant of Summary Judgment on Plaintiff's Failure-to-Warn Claims Entitles the Cook Defendants to Summary Judgment on Plaintiff's Claim based on Negligence Per Se.**

The Court noted in its December 5, 2018 order that plaintiff asserted a claim for negligence per se, but the Court's order did not expressly address the merits of that claim.  In fact, the failure of Plaintiff's failure-to-warn claims also defeats her negligence per se claim.

In her response to the Cook Defendants' motion for summary judgment, plaintiff made clear that her negligence per se claim did not assert a separate cause of action, but merely provided an alternative means of supporting the duty underlying her failure to warn claim.

> ***In support of her failure to warn causes of actions set forth in Counts I and III, Ms. Brand pleads negligence per se in Count IV*** based on Cook's violations of 21

> C.F.R. §§ 803 & 807 by failing to make necessary adverse incident reports and to notify the FDA and consuming public when the Celect filter was no longer substantially equivalent based on post-marketing events and safety signals. *See* Master Complaint ¶ 91(e) & (f). Accordingly, those portions of her negligence per se cause of action are not preempted and the Court should not grant summary judgment on them.

Dkt. 9146 at 66 (emphasis added). Plaintiff's attorney reiterated this point at oral argument on Cook's summary judgment motion:

> Now, let me address briefly the negligence per se. The starting point is that Georgia law imposes a duty on manufacturers. We discussed them sort of, ***adequately warn doctors through whatever means,*** instructions for use, dear doctor letters, direct communications through sales representatives, public communications. That duty exists independent of the Food Drug and Cosmetic Act. There's not a unique new duty imposed by that statute. Already existed under Georgia law. Failed duty to warn lasts a long time.
> Now, two Courts of Appeals, the Fifth and the Ninth, have held that ***because negligence per se doesn't actually constitute a separate cause of action but rather only a method to substitute a statutory standard for a parallel common law*** -- not statutory, common law duty of reasonable care that Section 337 of the FDCA does not preempt a state law failure to warn claim that uses 21 CFR Section 803 and 807 as setting the standards for public warnings through the FDA and directly to the consuming public. Fifth and Ninth circuits.

Oct. 23, 2018 Tr. at 192:18-193:10 (emphasis added). Plaintiff's negligence per se claim is thus part of the duty element of her failure-to-warn claims.

But as the Court ruled in its December 5, 2018 order, plaintiff's failure to warn claims fail as a matter of law for a lack of evidence of causation. *See* Dkt. 9696 at 1. Given this failure of causation, the question of whether and from what source a duty to warn arose is moot, as is plaintiff's attempt to derive such a duty from a negligence per se theory. The Court's ruling on plaintiff's failure to warn claim thus necessarily disposes of the negligence per se claim as well, and the Court should enter summary judgment on plaintiff's Count IV alleging negligence per se.

### B. The Court's Grant of Summary Judgment on Plaintiff's Failure to Warn Claim Necessarily Defeats Plaintiff's Opposition to Many of Defendants' Motions In Limine.

Plaintiffs' responses to the Cook Defendants' motions in limine frequently argued that particular testimony or a particular document demonstrated actual or constructive notice to the Cook Defendants about a particular risk and, therefore, that the evidence was relevant to the Cook Defendants' claimed failure to warn of that risk and admissible. The Cook Defendants disputed many of these relevance arguments. Nevertheless, even assuming *arguendo* that plaintiff's warning-based relevance arguments had merit as to this evidence, those arguments no longer support Plaintiff's opposition to the Cook Defendants' motions because the failure-to-warn claims underlying those arguments are gone.

Specifically, the Cook Defendants submit that the plaintiff's warning-based relevance arguments opposing the following Cook Defendants' motions in limine are now moot given the Court's dismissal of the warnings claims, and the Court should therefore grant these currently pending motions in limine and exclude the evidence or testimony described.

**From Docket 9261:**

2. Evidence and Argument that Cook Misrepresented Information to and Withheld Information from the FDA and Violated FDA Reporting Requirements Related to Adverse Events. Dkt. 9261 at 4-11. ("The FDA's declaration of [risks] to be serious adverse events constitutes evidence of the necessity of warning about them and doing so specifically.")**.**

3. 522 Letters. Dkt. 9261 at 4-11 (failure to warn is only argument). Specifically, Plaintiff argued: "Further, the Court had granted summary judgment on failure to warn in Hill, so the 522 Order's relevance to that claim simply did not matter. It does in this case." The Court's dismissal of the failure to warn claim, however, makes the circumstances here materially identical to those in *Hill*.

4. Evidence Cook's Complaint Files and Any Testimony Concerning Those Files, Including References to Them in Internal Company Communications and Expert Reliance Materials. Dkt. 9261 at 11-14 ("In this case, evidence about the complaints is relevant not only to Brand's design defect claims, but also to her failure to warn claims.").

8. Testimony, Evidence, Or Argument That CFR Requires Cook To Warn About Off- Label Uses Or Retrieval Techniques.  Dkt. 9261 at 28-29 (failure to warn is only argument).

10. Regulatory Communications Outside the United States.  Dkt. 9261 at 30 ("such evidence is clearly admissible on the issues of notice, knowledge, scienter, and state of the art.").

20. Cook's Ethics Or Ethical Duties.  Dkt. 9261 at 66-68 (failure to warn is only argument).

24. February 9, 2006 Executive Summary.  Dkt 9261 at 71-73 ("Simply put, Cook had knowledge of its defective IVC filter…").

29. The November 2009 Lyon Publication.  Dkt. 9261 at 85-93 ("The Lyon Study is relevant to Plaintiff's' failure to warn claims").

30. The Alexander email.  Dkt. 9261 at 98-102 (arguing that the memo "relates to the submission of the Lyon article, which misrepresents the Celect filter's perforation rate").

**From Docket 9263:**

36. Evidence Concerning Cook's Handling of Mrs. Brand's Single Complaint Form.  Dkt. 9263 at 26-30 ("Cook's Single Complaint Report regarding Brand, including but not limited to Cook's handling of same, is relevant to Brand's failure to warn")

37. Evidence that Cook's experts are under a confidentiality order.  Dkt. 9263 at 30-31 ("Plaintiff states that her experts are entitled to opine regarding why the information, designated confidential, should have been shared with the medical community so that Brand's physicians, and physicians in general, could have made appropriate decisions when evaluating the risks and benefits of using the Celect filter.").

38. All Evidence Regarding Information Cook Failed to Provide the Medical Community, Including the Frequency of Specific Risks Is Relevant. Dkt. 9263 at 31-39 (failure to warn is only argument).

39. Evidence and Argument that Cook Submitted Inadequate and Misleading Information to the FDA Regarding the IFU.  Dkt. 9263 at 39-43.  This IFU evidence can only relate to Plaintiff's failure-to-warn claims.

    **C.    The Court's Grant of Summary Judgment on Plaintiff's Failure to Warn Claim Necessarily Renders Irrelevant Multiple Opinions by Plaintiff's Experts Dr. Gordon and Dr. Krumholz.**

Finally, Cook has challenged on *Daubert* grounds multiple opinions offered by Plaintiff's experts Dr. Gordon and Dr. Krumholz that relate to Cook's product warnings or to actual or constructive company knowledge.  *See generally* Dkt. 8630, 8631, 8633, 8635; *see also* Dkt.

US.121146336.04

8461, 8462 (Motion to Strike Specific Rebuttal Reports (including those of Drs. Gordon and Krumholz) and supporting memorandum) .  The Court's grant of summary judgment on Plaintiff's failure-to-warn claims, however, renders all of that evidence irrelevant and moots the *Daubert* challenges to the failure-to-warn opinions.  Many of these specific expert opinions fall within one or more of the motion-in-limine categories detailed in section B above, but for the sake of completeness, Cook notes that the Court's grant of summary judgment on Plaintiff's warning claims renders irrelevant any opinions any of Plaintiff's experts might seek to offer on any of the following topics:

- The Celect Instructions For Use.
- Warnings or instructions Cook gave or should have given.
- The 2009 Lyon Publication.
- Conduct by Cook after November 28, 2008 (the date of manufacture of Plaintiff's filter).
- Cook's alleged concealment of or failure to disclose information to physicians regarding risks associated with the Celect IVC filter.
- Failure to warn in the IFU or otherwise.
- Cook's alleged concealment or nondisclosure of alleged risks, adverse event reports, and complaint reports.
- Internal Cook documents allegedly withheld from or not disclosed to physicians.
- Opinions that Plaintiff's treatment would have been different had different warnings been given.
- Opinions that Plaintiff's radiologist or other radiologists fail to diagnose perforation or fracture because Cook allegedly did or did not disclose information
- Opinions that the Celect IVC filter is misbranded.

                                                                    Respectfully submitted,

Dated: December 12, 2018                    */s/ Andrea Roberts Pierson*
                                                          Andrea Roberts Pierson (# 18435-49)
                                                          Jessica Benson Cox (# 26259-49)
                                                          FAEGRE BAKER DANIELS LLP
                                                          300 North Meridian Street, Suite 2700
                                                          Indianapolis, Indiana 46204
                                                          Telephone:  (317) 237-0300
                                                          Facsimile:  (317) 237-1000
                                                          Email:  andrea.pierson@faegrebd.com
                                                          Email:  jessica.cox@faegrebd.com

        Charles Webber (# 215247)
        Bruce Jones (# 179553)
        FAEGRE BAKER DANIELS LLP
        2200 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN 55402
        Telephone: (612) 766-8719
        Facsimile: (612) 766-1600
        Email: chuck.webber@faegrebd.com
        Email: bruce.jones@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.121146336.04

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2018, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*

US.121146336.04