## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
_____

Case No. 1:14-ml-2570-RLY-TAB

MDL No. 2570

This Document Relates to Plaintiff

    *Tonya Brand*
    No. 1:14-cv-06018-RLY-TAB

_____

## COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ON FAILURE-TO-WARN CLAIMS

The Court should deny  Plaintiff's motion for reconsideration of the Court's December 5, 2018, grant of summary judgment on Plaintiff's failure-to-warn claims, Dkt. 9726.  The motion falls far short of the high standard necessary to justify reconsideration, simply reargues positions and evidence the Court has already considered and rejected, and fails to address most of the critical points IN the Court's Order.

## ARGUMENT

Although  Plaintiff  states  that  she  is  "mindful  of  the  standard"  for  motions  for reconsideration, Dkt. 9726 at 1, she never actually identifies what that standard is and never addresses how her arguments might fall within that standard.  In fact, they do not.

The Seventh Circuit has stated that "[m]otions to reconsider are granted for "compelling reasons," such as a change in the law which reveals that an earlier ruling was erroneous…, not for addressing arguments that a party should have raised earlier."  *Solis v. Current Dev. Corp.*,

557 F.3d 772, 780 (7th Cir. 2009) (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006)).  This Court has set a similar high bar:

> A motion to reconsider serves "a limited purpose" and … is proper where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Likewise, the court may also grant such a motion where a "controlling or significant change in the law or facts" has arisen since the submission of the issue to the court. Problems such as these rarely arise, though, and "the motion to reconsider should be equally rare.

*Higgins v. Koch Development Corp.*, 2013 WL 12290826, at *1 (S.D. Ind. Nov. 25, 2013) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Plaintiff's motion meets none of these criteria.  She does not claim that the Court "patently misunderstood" her arguments, that the Court made a decision beyond the scope of the issues raised, or that there has been a "controlling or significant change in the law or the facts." *Id.*  She does not argue that the Court has failed to *apprehend* some fact or proposition of law, merely that the Court's *reasoning* is incorrect. *Compare Crawford v. Professional Transportation, Inc.*, 2017 WL 3535134, at *1 (S.D. Ind. Aug. 17, 2017) (reconsideration appropriate when Court "has made an error not of reasoning but of apprehension"). In short, nothing in Plaintiff's motion offers any of the recognized justifications for reconsideration of the Court's order, and Plaintiff does not argue that it does.  She simply complains that the Court got it wrong and should reverse itself.  That is not the proper office of a motion to reconsider.

The Court should also reject Plaintiff's motion for reconsideration because it offers nothing new on the causation issue on which the Court based its ruling, and certainly offers nothing that Plaintiff could not have offered in her prior submissions.  *See, e.g., Solis*, 557 F.3d at 780 (7th Cir. 2009) (noting that party "was not entitled to a second—or in his case, a third—bite at the apple" through a motion for reconsideration).  In fact, Section A of Plaintiff's motion

does not address the causation issue at all, but simply argues that Cook's warnings to doctors were inadequate.  *See* Dkt. 9726 at 2-3 (heading:  "The evidence is sufficient to raise a fact issue concerning adequacy of the warning…").  But the Court's ruling on Cook's summary-judgment motion did not even address the adequacy of Cook's warnings and, given its finding of no causation, the Court did not need to do so.  Although the Order noted the breach of the duty to warn as an element of the claim, *see* Dkt. 9696 at 4, the Court's ruling rests firmly on its conclusion that Plaintiff had failed to offer evidence sufficient to permit the jury to find causation.  No additional argument concerning or reconsideration of the adequacy of Cook's warnings could possibly affect that conclusion of no causation.[1]

Although Plaintiff's section B does address causation, it offers nothing that Plaintiff did not argue in her original response (Dkt. 9146) or in her supplemental response addressing the "continuing duty to warn" (Dkt. 9590).  The Court has already considered Plaintiff's arguments and evidence concerning Dr. Rheudasil's responses to questions about a hypothetically unsafe and defective Celect.  *See* Dkt. 9696 at 7.   Indeed, the very passage from Dr. Rheudasil's deposition testimony that Plaintiff quotes in her current motion as support for her argument is among the passages that the Court quoted in its Order *rejecting* Plaintiff's position.  *Compare* Dkt. 9726 at 3 (Plaintiff's motion quoting Rheudasil deposition at 157:21-158:14) *with* Dkt.

---

[1] In any event, the premise of Plaintiff's argument—that evidence exists that Celect filters perforate and fracture three to 18 times as often as Tulip filters (Dkt. 9726 at 2)—distorts the medical evidence and ignores the miniscule absolute numbers.  The documents Plaintiff cites show the difference in perforation rates for the products as .15% (Celect) versus .009% (Tulip) and fracture rates that are even smaller – roughly .007 (Tulip) v. .05 (Celect).  *See* Dkt. 8642-1 at 120.

Moreover, Plaintiff never asked Dr. Rheudasil if he considered the difference between .15% and .009% perforation rate to be a "material safety difference" that would have changed his decision to place a Celect filter in Plaintiff.  Indeed, his testimony regarding his belief that all filters perforate and that perforation is a benign event belies any claim to the contrary.  *See* Dkt. 8660-3 at 11.  Absent such testimony, the evidence Plaintiff cites could not possibly affect the Court's decision on causation.

9696 at 6 n.3 (quoting same passage).  And footnote 3 on page 6 of the Court's Order already addresses in detail (1) the argument in Plaintiff's current motion that Dr. Rheudasil did not know of specific risks unique to the Celect, *see* Dkt. 9726 at 3-4, and (2) the absurdity of Plaintiff's reliance on hypothetical questions that *assume* the Celect is unsafe and ask the doctor whether he would have used such an unsafe product, Dkt. 9726 at 3.  This Court has already received *five* submissions from the parties that addressed Dr. Rheudasil and the IFU. *See* Dkt. 8651 (Cook's memo), 9146 (Plaintiff's response), 9371 (Cook's reply), 9590 (Plaintiff's supplement), 9622 (Cook's supplement).  Plaintiff's motion for reconsideration adds nothing new to that discussion.

Finally, even assuming for the sake of argument that every argument raised in Plaintiff's motion for reconsideration were brand new, overwhelmingly persuasive, and within the scope of a proper motion for reconsideration, Plaintiff's motion would still fail because it ignores the multiple alternative grounds for summary judgment that the Court identifies in its summary judgment order.  The Court's order notes multiple gaps in the causation chain, each one of which is fatal to her warnings claims.  In addition to the two issues Plaintiff mentions (Dr. Rheudasil's knowledge of the differences between the Tulip and the Celect and whether he read the IFU), the Court concluded that Plaintiff could not establish causation because:

1. Plaintiff produced no evidence that Dr. Rheudasil recalled or actually relied on the IFU (even assuming he had once read it[2]), Dkt. 9696 at 6 n.2;

---

[2] The cases Plaintiff cites do not support her claim that summary judgment should be denied because Dr. Rheudasil could not specifically recall whether he had read the Celect IFU.  *See Weilbrenner v. Teva Pharms. USA, Inc.*, 696 F. Supp. 2d 1329, 1332 (M.D. Ga. 2010); *In re Stand 'n Seal, Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 63540, *20 N.D. Ga. July 15, 2009). Unlike the circumstances in those cases, Dr. Rheudasil not only admitted that he could not recall reading the Celect IFU, he also expressly *denied* having relied on *any* information from Cook in making his decision to place a filter, and he unambiguously stated that he chose the filter and treated Plaintiff based only on his own education, training, and experience.  *See* Rheudasil Dep. at 66:25-67:12, 67:22-25 (Dkt. 8660-3 at 4, 6); Dkt. 9696 at 6 n.2.

2. The undisputed evidence shows that Dr. Rheudasil based his decision to use the Celect filter for Plaintiff on his own education, training, and experience, not on any information from Cook, *id.* at 6-7;

3. The undisputed evidence shows that Dr. Rheudasil continued to use the Celect filter even after he learned of Plaintiff's 2011 perforation and fracture, *id.* at 7;

4. The undisputed evidence shows that nothing about Plaintiff's experience with the Celect filter between 2011 and 2015 changed Dr. Rheudasil's mind about using the filters generally or the Celect specifically, *id.*; and

5. Plaintiff produced no evidence that any additional warning would have altered Dr. Rheudasil's decision to place Plaintiff's Celect filter, the timing of his retrieval of that filter, or anything else about his treatment of Plaintiff, *id.* at 7, 8.

Plaintiff's motion to reconsider fails to address or even acknowledge these independent grounds for the Court's conclusion, each of which establishes as a matter of law that Plaintiff cannot meet the element of causation on her failure-to-warn claims.

## CONCLUSION

For these reasons, the Cook Defendants urge the Court to deny Plaintiff's motion for reconsideration.

---

The third case Plaintiff cites relies on Minnesota law, which has no application here.  *See Staka v. Johnson & Johnson (In re Levaquin Prods. Liab. Litig.)*, 2011 U.S. Dist. LEXIS 148892, *10 (D. Minn. Dec. 28, 2011) (citing *J & W Enters. v. Econ. Sales,* 486 N.W.2d 179, 181 (Minn. Ct. App. 1992)).

Respectfully submitted,

Dated: December 14, 2018

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  jessica.cox@faegrebd.com

Charles Webber (# 215247)
Bruce Jones (# 179553)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-8719
Facsimile: (612) 766-1600
Email:  chuck.webber@faegrebd.com
Email:  bruce.jones@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2018, a copy of the foregoing **COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ON FAILURE-TO-WARN CLAIMS** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.  Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson