UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Tonya Brand, 1:14-cv-06018-RLY-TAB _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON PLAINTIFF'S MOTION IN LIMINE REGARDING THE FDA'S 510(k) CLEARANCE OF THE CELECT FILTER AND ITS "LOW COMPLAINT RATE" AND TO EXCLUDE OR LIMIT THE EXPERT TESTIMONY OF CHRISTY FOREMAN, MBE**

In the present motion, Plaintiff moves in limine to preclude evidence of (1) the Food and Drug Administration's ("FDA") clearance of the Celect through 510(k) review; (2) the FDA's post-market surveillance of the Celect; (3) evidence of the Celect's low complaint rate; and (4) Christy Foreman's opinions related to those issues. Having read and reviewed the parties' submissions, the relevant case law, and the designated evidence, the court **DENIES** Plaintiff's motion.

**I.    Discussion**

   **A.    510(k) Review**

Medical devices like the IVC filter must be approved by the FDA by either the premarket approval process, 21 U.S.C. § 360e(a), or by the less rigorous process known

as "510(k)" review, 21 U.S.C. § 360c(f)(1)(A).  The 510(k) process requires that the device be "substantially equivalent" to another device already cleared by the FDA.  The Celect filter at issue in this case was cleared through 510(k) review.

Plaintiff moves to exclude this evidence under Federal Rules of Evidence 402 and 403: it is not relevant under Rule 402 because the 510(k) process does not provide a reasonable assurance of the device's safety and efficacy; it is not admissible under Rule 403 because any probative value the evidence might have is substantially outweighed by the danger of confusing the issues, and misleading the jury; and admission of the evidence would result in a mini-trial of the 510(k) process and enforcement.

Courts generally find evidence of the 510(k) process is relevant but are divided on whether the probative value of the evidence is substantially more prejudicial than probative.  *Compare In re C.R. Bard, Inc., MDL No 2187, Pelvic Repair Sys. Prods. Liab. Litig.*, 810 F.3d 913, 922 (4th Cir. 2016) (applying Georgia law and holding "the district court did not abuse its discretion when it determined that allowing the 510(k) evidence in on the question of design defect would be substantially more prejudicial than probative); *Kaiser v. Johnson & Johnson*, No. 2:17-CV-114-PPS, 2018 WL 1358407, at * 4 (N.D. Ind. March 16, 2018) (applying Indiana law and excluding evidence under Rule 403), *with In re Bard IVC Filters Prods. Liab. Litig.*, 289 F.Supp.3d 1045, 1049 (D. Ariz. 2018) (applying Georgia law and holding evidence was admissible under Rule 403); *Retractable Tech., Inc. v. Becton*, No. 2:08-CV-16-LED-RSP, 2013 WL 11322723, at *2 (E.D. Tex. Aug. 29, 2013) (noting that 510(k) evidence is "relevant to put in context the relationship between the 510(k) process and the safety of a given device"); *McCracken v.*

2

*Depuy Orthopaedics, Inc.*, No. 11 dp 20485, 2013 WL 12141334, at * 5 (N.D. Ohio July 26, 2013) (holding evidence of the 510(k) process was admissible under Rule 403).

The court finds evidence of the Celect's 510(k) review is relevant. Georgia's risk-utility test for design defect cases "incorporates the concept of 'reasonableness,' i.e., whether the manufacturer acted reasonably in choosing a particular product design[.]" *Banks v. ICI Ams., Inc.*, 450 S.E.2d 671, 673 (Ga. 1994). A factor the jury may consider in determining whether a manufacturer acted reasonably is whether it complied with federal regulations. *Id.* at 675 & n. 6.

The court further finds the probative value of the evidence outweighs any prejudicial effect. As observed by the *In re Bard Filters* court, "[b]oth sides, through appropriate expert testimony, will be permitted to tell the jury about the role of the FDA in its oversight of medical device manufacturers, the regulatory clearance process for devices like IVC filters, and [Cook's] participation in the 510(k) process and its compliance (or lack thereof) with the process." 289 F.Supp.3d at 1049 (citing cases). Cook will not, however, be permitted to present evidence or argument that the Celect was approved by the FDA or that clearance of the device through the 510(k) process constitutes a finding by the FDA that the device is safe and effective. Plaintiff, of course, may present evidence that the FDA clearance process only requires substantial equivalence to a predicate device, that 510(k) regulations are not safety regulations, that Plaintiff's filter placement was "off label," and the like. Accordingly, Plaintiff's motion to exclude evidence of the Celect's 510(k) clearance is **DENIED**.

### B. Post-Market Surveillance

Plaintiff intends to offer evidence of the Celect's alleged propensity to perforate, tilt, fracture, and migrate to other surrounding organs. In response, Cook seeks to offer evidence that the Celect was never recalled by the FDA, that the FDA never observed any violations of Cook's quality system during its inspections between 2000 and 2014, and that the FDA never used any enforcement action against Cook. This evidence is relevant to Cook's defense—that is design and development decisions regarding the Celect were reasonable and that its product is safe. Accordingly, Plaintiff's motion to exclude this evidence is **DENIED**.

### C. Low Complaint/Complication Rates

Christy Foreman has a bachelor's and master's in biomedical engineering. (Filing No. 8702-1, Expert Report of Christy Foreman at 3). She worked at the FDA for over twenty years in various positions and currently serves as a consultant to companies seeking to obtain FDA approval or clearance of medical devices. (*Id.* at 3-5). Plaintiff does not object to Foreman's qualifications. She does object, however, to her opinion on the Celect's complaint rate.

Foreman's report includes five tables, two of which contain the complaint data on the Celect. Table 4.2-1 reflects the complaint rates for all Cook IVC filters (Bird's Nest (1.13%), Tulip (0.54%), Celect (0.59%), and Celect Platinum (0.56%)). (Filing No. 8702-1, Expert Report of Christy Foreman at 43). Table 4.3-4 reflects the occurrence rate for certain "event types" (PE, fracture, migration, IVC occlusion, perforation of the vena cava, and retrieval difficulties) for the Celect. (*Id.* at 43-44). So, for example,

4

Table 4.3-4 shows that the Celect has a facture rate of 0.066% and perforation rate of 0.153%. (*Id.* at 44). Foreman calculated the occurrence rate by dividing the total number of complaints received by Cook (numerator) by the Celect's total sales (the denominator). (*Id.*; Filing No. 8704-1, Deposition of Christy Foreman "Foreman Dep." at 59). Foreman relied on Dr. Frysek's methodology to determine the numerator and denominator. (Foreman Dep. at 59). Sales data, she explained, is not perfect, but it has been "accepted by the FDA" and, based on her experience at the FDA, she concluded that sales are a "reasonable approximation" of how many IVC filters have actually been used in patients. (*Id.* at 61, 65-66 ("In my experience from the years that I worked at the [FDA] . . . , where I actually had to talk to hospitals about pulling product off the shelves, this is not the type of product where hospitals would have hundreds of products sitting on the shelves.")).

Plaintiff challenges her testimony because there is no way to know whether these numbers are accurate. Some patients/hospitals may not report adverse events,[1] and some IVC filters may have been sold to hospitals but not used in patients. (*Id.* at 65, 73-75). Cook responds that it does not intend to offer the complaint/occurrence rates as the *actual* complication rates for the Celect. With that limitation, her testimony is admissible.

---

[1] The court presumes Foreman's use of the term "adverse event rate" refers to the "occurrence rate" as used in the Tables, and not to the "adverse events" which manufacturers are required to report to the FDA (known as Medical Device Reports).

5

### D.  Foreman's Opinions

Based on the rulings above, Foreman's opinions, and her additional opinions set forth in her Expert Report (to which no objection was posed), are admissible.

## II.  Conclusion

For the reasons explained above, the court **DENIES** Plaintiff's Motion in Limine Regarding the FDA's 510(k) Clearance of the Celect IVC Filter and Its "Low Complaint Rate" and to Exclude or Limit the Expert Testimony of Christy Foreman, MBE (Filing No. 8701).

**SO ORDERED** this 18th day of December 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.