IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to Plaintiff:<br><br>Tonya Brand<br>Civil Case No. 1:14-cv-06018-RLY-TAB | |

# **Plaintiff's Response to Cook's Motion to Adopt Trial Procedures**

Plaintiff Tonya Brand, by counsel, provides the following responses to Cook's proposed trial procedures:

1.  The parties shall exchange electronic copies of their trial exhibits by December 28, 2018. Hard copies of exhibits will be exchanged at trial when the exhibit is introduced.

**Plaintiff's position:** The parties have exchanged their exhibit lists and each has possession of every exhibit contained on both lists. There is simply no reason to exchange electronic copies of exhibits prior to trial and doing so simply amounts to busy work.

2.  Each side shall have 35 minutes for voir dire, and 60 minutes for opening statements.

**Plaintiff's position:** Plaintiff proposes 80 minutes for voir dire and 90 minutes for opening statements.

*Voir Dire.* Thirty-five minutes does not give the parties adequate time to develop cause challenges and learn what is necessary to exercise their peremptory challenges. Given that the opening panel will likely seat 16 potential jurors, a 35-minute voir dire allows for slightly more than 2 minutes per perspective juror. This case involves an out-of-state plaintiff suing a prominent Indiana company. That issue alone counsels in favor of more than 2 minutes per perspective juror. Throwing in issues of pain and suffering, punitive damages, and the FDA (to name a few), makes it nearly impossible for the parties to adequately examine the venire. Given what is at stake, Plaintiff respectfully suggests that 80 minutes would be appropriate as that would be 5 minutes per prospective juror.

*Opening statement.* Cook's opening statement went well over an hour during the *Hill* trial. While Plaintiff does not wish to overly extend opening statements, given the complexity of this trial, she respectfully suggests 90 minutes and believes that would be appropriate.

3. Each party shall narrow their "may call" list to 10 witnesses by December 21.

**Plaintiff's position:** There is a fundamental misunderstanding as to why Plaintiff's "may call" list contains 39 witnesses. Cook has taken the position that it will not agree to the admission of documents it produced in this case, which come from its own internal files, and are relevant *without a sponsoring witness.* Cook further refused to allow Plaintiff to play the depositions of current Cook employees. It is for these two reasons that Plaintiff's "may call" list is 39 witnesses long. Not knowing

what documents will be admitted (either by agreement or over objection) makes it impossible for Plaintiff to narrow her "may call" list. As this Court understands, if we narrow our "may call" list and then it turns out that we need to call someone to get a specific document admitted, Cook will object and argue that such a person was not on a witness list.

If Cook were to stipulate to the admission of certain documents (again, documents from its own files that are relevant) then there would not be a need for a 39-person "may call" witness list. But given Cook's choice not to stipulate, Plaintiff's "may call" witness list needs to remain as it is. This problem is compounded by Cook's objections to Plaintiff's offer of deposition testimony of Cook witnesses in lieu of bringing Cook witnesses to trial—whether Indiana or Denmark witnesses.

    4.      The parties shall not refer to or argue, or adduce any evidence or attempt to adduce any evidence of, the other party's failure to call any witness equally available to both parties.

    **Plaintiff's position:** Agreed.

    5.      Plaintiff will notify the Cook Defendants of the witnesses for the first day of trial by 5:00 p.m. Eastern time on Friday, January 11, 2019. By noon Eastern time on each day of trial, the parties shall notify each other of the witnesses to be called on the following trial day. If no trial is to be held on Friday, the parties will notify each other by Friday at noon Eastern time (rather than Thursday at noon) of the witnesses to be called the following Monday.

    **Plaintiff's position:** Agreed.

6. By 7:00 p.m. Eastern each evening, the parties will notify each other of the exhibits they reasonably anticipate they may use on direct examination the following trial day. If no trial is to be held the next day, no notice of exhibits need be given until 7:00 p.m. the evening before the next trial day.

**Plaintiff's position:** There is no legal basis or reason why any party should be required to show the opposing party its exhibits prior to the examination of any witness. The court will likely disallow either party from showing the jury a trial exhibit unless it is admitted.

7. By 9:00 p.m. on Friday, January 11, 2019, Plaintiff will notify the Cook Defendants which witnesses residing in Denmark she intends to call to testify during the week of January 14. By Friday, January 18, Plaintiff will notify the Cook Defendants which witnesses residing in Denmark she intends to call to testify during the week of January 21. In no event, however, shall any witness residing in Denmark be called to testify on less than four calendar days' notice. As an example, if Plaintiff wishes to call a witness who resides in Denmark to testify on Monday, January 21, she must notify Cook of that fact no later than 9:00 a.m. on Thursday, January 17.

**Plaintiff's position:** This is a problem of Cook's own making. Plaintiff has proposed playing depositions for Cook's Denmark witnesses. Cook refused. As part of that refusal, Cook stated that it would make its witnesses available whenever Plaintiff wishes to call those witnesses in her case-in-chief.

Plaintiff understands that it takes time to get witnesses from Denmark to Indianapolis. But any inconvenience comes from Cook's decision to refuse to allow the

Denmark witnesses's deposition to be played. Plaintiff will also need to have Danish witnesses prove up documents because Cook has refused to the agree to the admission of relevant company documents even if they came from Cook's own files without a sponsoring witness. The sponsoring witness may be Danish or local. Plaintiff suggests that if a Danish witness is in Indianapolis when called, they can testify live. If they are not, then Plaintiff will play the deposition as the Federal Rules allow and in accordance with the agreed CMO that spells out depositions may be used for any purpose. That would include the purpose of playing them at trial. Whether these witnesses are in Indianapolis and for how long is simply a choice that Cook needs to make.

7. Any party who wishes to call a witness from the "may-call" witness list must give the other party 48 hours' notice, unless that witness's testimony will be presented by deposition.

**Plaintiff's position:** *See* Plaintiff's responses to paragraphs 3 and 7.

8. Plaintiff will give Cook 24 hours' notice that she intends to rest her case in chief. Within five hours after receiving such notice, Cook will inform Plaintiff of the first witness it intends to call in its case in chief.

**Plaintiff's position:** Agreed.

9. Christian Schoenberg shall serve as a Danish translator, should a translator be required. Each party will cover Mr. Schoenberg's travel costs and fees during that party's respective case in chief or rebuttal.

**Plaintiff's position:** Agreed.

10. The parties shall exchange any exhibits, computer simulations, or animations to be shown to the jury during opening statement by noon Eastern time on Saturday, January 12, 2019. (This does not include argument outlines, timelines, and the like). Any objections to any such material shall be lodged with the other party by noon Eastern time on Sunday, January 13. The parties shall exchange any animations or computer simulations to be used on direct examination by 5:00 p.m. Eastern time the day before the animation or simulation will be used. Demonstrative aids and documents used on cross-examination need not be exchanged beforehand.

**Plaintiff's position:** Animations or computer simulations for opening or for examination of any witness should be exchanged farther in advance.  In both Hill and Pavlock Cook objected to animations just before they were to be played thus creating delay and in some instances the need to go forth without animations.  Plaintiff suggests that animations be exchanged 5 days prior to their being offered so that the court will have time to deal with objections well in advance of a witness being called who will use an animation and prevent delay.  As to actual trial exhibits plaintiff suggests that neither party be allowed to show the actual trial exhibits in opening unless they have been preadmitted.  This would not preclude, however, to a reference to an exhibit (without actually showing it) that a party expect to be an actual trial exhibit.  Demonstrative aids other than animations and computer simulations need not be exchanged until after opening statement for demonstrative aids to be used in opening statements or after the completion of a witness's testimony.  This exchange

is simply so the parties will have the demonstrative aids that were used with a witness.

11. With respect to expert witnesses, neither party will offer evidence of the specific dollar amount paid to any of the other party's experts for the expert's work in this case, but may put in evidence the expert's hourly rate for work in this case.

**Plaintiff's position:** The amount of money and the hourly rate paid to an expert for his or her work on or attributable to the Brand case is relevant to the expert's bias or prejudice and is a proper subject of cross examination. Plaintiff is willing to stipulate that the amount of money paid to an expert for other Cook and/or other IVC filter cases will not be offered into evidence by either side. This is consistent with the Court's MIL ruling that evidence of other Cook IVC filter litigation shall not be offered into evidence.

12. If either party impeached a witness using deposition or trial testimony from another lawsuit, the questioning party shall not refer to the other lawsuit by name or refer to or suggest the existence of another lawsuit, but shall refer to the testimony in question as "prior testimony," or "earlier testimony."

**Plaintiff's position:** Agreed.

Respectfully Submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
(317) 633-5270
Fax: (317) 426-3348
jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street NW, Suite 800
Washington, DC 20006
(202) 233-1993
mheaviside@hrzlaw.com


/s/ *Ben C. Martin*
Ben C. Martin, Esq.
THE LAW OFFICE OF BEN C. MARTIN
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
(214) 761-6614
Fax: (214) 74407590
bmartin@bencmartin.


/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEW AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
(713) 522-5250
Fax: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

- 8 -

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of December, 2018, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Joseph N. Williams*
Joseph N. Williams