UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| This Document Relates to: Tonya Brand, 1:14-cv-06018-RLY-TAB | | |

**ENTRY ON THE PLAINTIFF'S MOTION TO EXCLUDE
THE IMPERMISSIBLE TESTIMONY OF
MARK RHEUDASIL, M.D. (Filing No. 8552),
THOMAS MORRISON, M.D. (Filing No. 8548),
SCOTT KELLER, D.O. (Filing No. 8592),
PHU THAI, M.D. (Filing No. 8565), and
RICHARD REISMAN, M.D. (Filing No. 8571)**

In five separately-filed motions, Plaintiff moves to exclude the non-retained expert testimony of her treating physicians: (1) Dr. Mark Rheudasil, the vascular surgeon who inserted and retrieved Plaintiff's Celect IVC filter; (2) Dr. Thomas J. Morrison, the neurosurgeon who performed Plaintiff's anterior lumbar interbody fusion ("ALIF") procedure; (3) Dr. Scott Keller, Plaintiff's family physician for about 20 years; (4) Dr. Phu Thai, Plaintiff's primary care doctor from 2008-2012; and (5) Dr. Richard Reisman, the pain management doctor who treated Plaintiff's chronic pain from November 2001 to December 2006, and briefly from September 4, 2015 to November 17, 2015.

I.   **Applicable Law**

Experts who are "retained or specially employed" must file an expert report. Fed. R. Civ. P. 26(a)(2)(B). A treating physician is an expert witness when he testifies about opinions formed during the course of treatment. *Meyers v. Nat'l R. R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010). A treating physician need not file an expert report under Rule 26(a)(2)(B) when he "limits his testimony to his observation, diagnosis and treatment." *Krischel v. Hennessy*, 533 F.Supp.2d 790, 795 (N.D. Ill. 2008) ("When a treating physician limits his testimony to his observation, diagnosis and treatment, there is no need for a Rule 26(a)(2)(B) report."). Rather, he may file a summary disclosure stating the facts and opinions on which he is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

II.  **Discussion**

Here, Plaintiff's treating physicians filed a summary disclosure as required by Rule 26(a)(2)(C). In each of the five motions to exclude, Plaintiff argues her treating physicians' opinions were not formed during the course of treatment and should, therefore, be excluded for failing to file a Rule 26(a)(2)(B) report. The court now turns to each specific motion.

   A.   **Dr. Rheudasil**

Plaintiff moves to exclude (1) Dr. Rheudasil's opinions regarding the safety and efficacy of IVC filters generally and Cook filters specifically; (2) his testimony regarding other patients and his experience with IVC filters; and (3) his testimony discussing the risks and benefits of IVC filters. Upon review of the deposition designations at issue, the

2

court finds Dr. Rheudasil's testimony is tied to his treatment decisions for Plaintiff and are admissible. Her Motion to Exclude Impermissible Expert Testimony of Mark Rheudasil, M.D. (Filing No. 8552), is **DENIED**.

### B. Dr. Morrison

Plaintiff moves to exclude Dr. Morrison's testimony and opinions concerning: (1) symptoms Plaintiff did not discuss during her visits with him; (2) the informed-consent process; (3) the behavior of bone spurs over time; (4) the risk of pulmonary embolism ("PE") from spinal surgery, (5) his observation of the PE-related death of a past spinal surgery patient; (6) the risks of anticoagulation during a lumbar fusion surgery; (7) the risk inherent in all medical devices; (8) the fact that he has never read instructions or literature on Cook's IVC filters; and (9) his understanding of risks and benefits of IVC filters from medical training and practice. These topics all relate to his treatment of Plaintiff and are otherwise based on his knowledge and experience as a neurosurgeon. Consequently, they are admissible. Plaintiff's Motion to Exclude Impermissible Expert Testimony of Thomas Morrison, M.D. (Filing No. 8548) is **DENIED**.

### C. Dr. Keller

Plaintiff moves to exclude portions of Dr. Keller's testimony based on: (1) Plaintiff's medical records concerning her emergency room visits; (2) other visits to other doctors; (3) Plaintiff's prescription for and use of diazepam; and (4) other doctors' advice to get off such opioid medications and their link to her abdominal pain. Dr. Keller may not testify about the treatment she received in the emergency room or from other doctors (like Dr. Kramer, Dr. Kukler and Dr. Franz) unless those records were part of his chart

3

and important in forming his opinions regarding her treatment. In addition, Dr. Keller may not testify regarding treatment Plaintiff received in his practice from Dr. Franz for which he has no recollection or involvement. Moreover, Dr. Keller may not testify about other medications she was prescribed from other doctors unless he, for example, changed the dosage or otherwise counseled her about those medications. Finally, Dr. Keller may not opine about Dr. Kramer's advice to Plaintiff about discontinuing opioid medications and the link to her constipation. Plaintiff's Motion to Exclude Impermissible Testimony of Scott Keller D.O. (Filing No. 8592) is therefore **GRANTED in part** and **DENIED in part**.

### D. Dr. Thai

Plaintiff moves to exclude portions of Dr. Thai's testimony regarding: (1) the reasons he refers patients for placement of an IVC filter; (2) the risks and benefits of IVC filter placement; (3) his knowledge of PE; (4) Plaintiff's failure to mention she had an IVC filter and that a part of the filter emerged from her thigh; and (5) the CT scan taken of Plaintiff, which provided no explanation or indication that her filter was a source of her abdominal pain. The first three topics listed above are not related to his treatment of Plaintiff and are inadmissible. In addition, he may testify that Plaintiff had a CT scan which provided no explanation for the source of her abdominal pain, but he may not testify the *filter* was *not* a source of her abdominal pain. However, the information (or lack thereof) she provided to Dr. Thai goes to her claim of damages and her own diligence in providing Dr. Thai with information he needed for her treatment. Plaintiff's

4

Motion to Exclude Impermissible Testimony of Phu Thai, M.D. (Filing No. 8565) is therefore **GRANTED in part** and **DENIED in part**.

### E. Dr. Reisman

Plaintiff moves to exclude Dr. Reisman's testimony about (1) why patients like her are referred for pain management; (2) the risks associated with certain medications prescribed to Plaintiff; (3) the depression and anxiety that generally result from chronic pain (and from which Plaintiff suffered); and (4) his practice's policies and procedures (which were applicable to all patients including Plaintiff). His knowledge of the need for pain management, medication risks, the results of chronic pain on the mental health of the patient, and his policies and procedures informed his treatment of Plaintiff. Accordingly, it is properly within the scope of Rule 26(a)(2)(C). Plaintiff's Motion to Exclude Impermissible Expert Testimony of Richard Reisman, M.D. (Filing No. 8571) is **DENIED**.

## III. Conclusion

For the reasons set forth above, (1) Plaintiff's Motion to Exclude Impermissible Expert Testimony of Mark Rheudasil, M.D. (Filing No. 8552), is **DENIED**; (2) Plaintiff's Motion to Exclude Impermissible Expert Testimony of Thomas Morrison, M.D. (Filing No. 8548) is **DENIED**; (3) Plaintiff's Motion to Exclude Impermissible Testimony of Scott Keller D.O. (Filing No. 8592) is **GRANTED in part** and **DENIED in part**; (4) Plaintiff's Motion to Exclude Impermissible Testimony of Phu Thai, M.D. (Filing No. 8565) is **GRANTED in part** and **DENIED in part**; and (5) Plaintiff's

Motion to Exclude Impermissible Expert Testimony of Richard Reisman, M.D. (Filing No. 8571) is **DENIED**.

**SO ORDERED** this 2nd day of January 2019.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.