IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL NO. 2570

This Document Relates:

*Brand v. Cook Medical, Inc., et al*
Case No. 1:14-cv-6018-RLY-TAB

## PLAINTIFF'S MOTION FOR CLARIFICATION OF THIS COURT'S ORDER TO BIFURCATE THE TRIAL

COMES NOW Tonya Brand ("Brand"), Plaintiff in the above-styled action, by and through undersigned counsel, and hereby files the following motion seeking clarification of this Court's Order bifurcating the trial.

On January 11, 2019, this Court entered its Order bifurcating the trial pursuant to Federal Rule of Civil Procedure 42(b). (Doc. 9892). This Order is consistent with the substantive law set forth in Georgia's punitive damage statute. That statute states, in relevant part, as follows:

> (d)(1) An award of punitive damages must be specifically prayed for in a complaint. In any case in which punitive damages are claimed, **the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made.…**
>
> (2) If it is found that punitive damages are to be awarded, the trial shall immediately be recommenced in order to receive such evidence as is relevant to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case.…

O.C.G.A. § 51-12-5.1 (emphasis added). Plaintiff brings this motion to address whether this trial has been bifurcated or trifurcated. The Georgia Supreme Court holds its punitive damage statute

expressly requires a bifurcation of the punitive damages issues where the trier of fact first decides whether to award punitive damages and then reconvenes to decide the amount to be awarded. *See Webster v. Boyett*, 269 Ga. 191, 192–93 (1998).  In *Webster*, the Supreme Court of Georgia determined that the trial court may use its gate-keeping function to hold potentially prejudicial evidence until the punitive phase of trial, but the trial court must allow the jury to determine liability, compensatory damages, and whether punitive damages should be imposed in the first phase or trifurcate the trial to determine liability and compensatory damages in the first phase, whether there should be punitive damages imposed in the second phase, and the amount of the punitive damages in the third phase.  *Id.*

*Webster* involves a DUI road wreck case where the defendant had a prior DUI that the trial court excluded during the liability phase of the trial. *Id.* at 192.  The Georgia Supreme Court concluded that the trial court did not abuse its discretion in holding that evidence until the punitive phase of trial.  *Id.* at 193.  Here, the evidence regarding the Lyon study is being withheld until the punitive damages phase under this mechanism; however, the court's ruling does not indicate whether or not the jury will hear evidence of the underlying punitive conduct during the first phase.

Accordingly, Plaintiff submits this court must allow punitive conduct evidence during the first phase of the trial unless the court elects to trifurcate the trial under Georgia's punitive damage statute. *Id.*  Nothing in this law contravenes or impacts the court's authority pursuant to Rule 42(b) to decide how to conduct the evidence phases of the trial.  *Id.* at 192.  The statute just simply requires the court to choose the procedure and encourages it to choose bifurcation.

The Supreme Court cautions trial courts not to employ a trifurcated procedure "in most cases." *Id.*  The court holds, "[t]rifurcation expends limited judicial resources by requiring the

judge and jury to hear evidence and render a verdict in three separate proceedings." *Id.* The reason to avoid trifurcated trial is because the liability issues, witnesses, and evidence on both compensatory and punitive damages do not differ substantially, so a second phase is duplicative of evidence and unnecessarily extends the trial. *Id.* That is precisely the case here. A bifurcated trial preserved judicial economy and affords the trial court with the discretion to make rulings on what evidence should or should not come in during the first phase regarding the defendants' conduct. Plaintiff believes this is the Court's intention and the most efficient method to proceed with trial in accordance with Georgia law.

WHEREFORE, Plaintiff wishes the court to clarify its Order by advising Plaintiff if the trial is bifurcated or trifurcated for the reasons set for *supra*.

Respectfully submitted this 13th day of January, 2019.

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:  jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 13, 2019, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                              */s/ Joseph N. Williams*
                                              Joseph N. Williams