UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:

  *Brand v. Cook Medical, Inc. et al.,*
  Case No. 1:14-cv-06018-RLY-TAB

---

**COOK DEFENDANTS' BENCH BRIEF REGARDING EVIDENCE AND ARGUMENT CONCERNING PLAINTIFF'S FEAR OF FUTURE INJURY**

The Defendants (collectively "Cook") respectfully urge the Court to enter an order *in limine* excluding from trial any testimony, evidence, or argument concerning Plaintiff's claimed fear of future injury relating to the fragments of her Celect filter that remain in her body. There are two independent but mutually reinforcing reasons why the Court should do so.

First, Plaintiff has unilaterally limited her complaints of filter-related physical pain and symptoms to two narrow periods: (1) pulling the filter strut from her leg in June 2011, and (2) her open surgery for removal of the main portion of the filter on October 22, 2015. In so limiting her claims, she has necessarily disavowed any claim of pain (now or in the future) relating to the filter fragments that remain in her body. But as Plaintiff acknowledged in her own proposed jury instructions, Georgia law holds that mental suffering is not a legal item of damages unless there is physical suffering as well. Thus, because Plaintiff does not claim that she will suffer any physical pain in the future as a result of her filter, she likewise cannot claim any future mental suffering, including any fear of future injury.

Second, assuming that Plaintiff could recover for a fear of future injury at all given the limitations she has imposed on her claims, she can seek such a recovery **only** if her fear of future injury is a **reasonable** fear. Here, Plaintiff's fear of future injury from the filter fragments remaining in her body has no reasonable basis in medicine or science. On the contrary, her treating physician has testified that the chance of either of the remaining fragments migrating at all is low.

**A. Evidence and Argument Concerning Plaintiff's Claimed Fear of Future Injuries is Inadmissible Because Georgia Law Requires Physical Pain to Accompany Any Claim of Mental Pain and Plaintiff Has Limited Her Claims of Pain to Two Past Periods.**

The Court should bar Plaintiff from offering any testimony or argument about her claimed fear of future injuries from her filter. In addition to Plaintiff's own anticipated testimony on the issue, the depositions of Plaintiff's family members shows that they also intend to repeatedly portray Plaintiff as nearly paralyzed by fear that the remaining fragments will migrate and severely injure her.[1]

Plaintiff's attorneys have represented to the Court that Plaintiff is claiming filter-related pain only as to two instances: the extrusion of the filter strut from her leg and the open surgery to remove the main filter. Plaintiff's attorney stated:

> I made a suggestion last night to Cook's counsel, which we had discussed a few months back, and what we said we planned to do at trial and **what we will do at trial is limit Ms. Brand's claims of pain to two specific instances.** One, when the filter strut came out of

---

[1] *See, e.g.,* Allen Brand Jr. Dep. at 46:11-47:15 ("anxiety is through the roof every day. She's always worried just because there's, you know, loose pieces in her that can move, and activities have pretty much changed a lot to almost nothing."), 50:21-51:6 ("But I just know she's always kind of on edge, like stressed out and anxious and worries all the time about it, the pieces that are still in her."); Ashley White Dep. at 48:1-11 ("She would love to be able to get out and do stuff with them. She's scared to, afraid of bending over because she's still got fragments in her."), 59:20-60:22 ("She's scared to do a lot of things because of the possibility of them moving and then just the stress that it's already put her under, the surgeries that she's had to go through just to get them removed and then the potential of what it could have done."), 77:10-16 ("she's just doesn't do a whole bunch, depressed. She would love to do her yard, but she can't, I mean, fear of bending over, the other two pieces moving.").

        her thigh and her son removed it; and two, the physical pain associated with the open procedure.

1/9/2019 Tr. at 23:15-21 (emphasis added).  Under this limitation, Plaintiff makes no claim that she will experience physical pain in the future, and in any event she has no expert who will testify to the likelihood of any such future pain.[2]  Given these representations, Plaintiff can make no claim for mental distress based on a fear of future injury, and any testimony or argument about such fear should be excluded as irrelevant and unfairly prejudicial.

        Absent any claim or evidence of future physical pain, Georgia law does not permit Plaintiff to recover for future mental pain, including future fear of physical pain or injury.  The relevant law is laid out in Plaintiff's own proposed jury charge on damages, which proposes:

> Pain and suffering includes mental suffering, but **mental suffering is not a legal item of damage unless there is physical suffering also**.
> In evaluating Ms. Brand's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which Ms. Brand must limit activities.

Dkt 9718 at 22 (citing, among other authorities, Suggested Pattern Civil Jury Instructions, Council of Superior Court Judges, § 66.502).  This language reflects Georgia's version of the "impact rule," which requires an underlying physical injury or pain for any claim of mental distress:

---

[2] Indeed, Plaintiff's attorney cited the lack of supporting expert testimony as the reason for Plaintiff's limitation of her pain claims to the two identified periods.  He stated:
> Throughout the case, throughout discovery and even in Mrs. Brand's deposition, she said: I've had abdominal pain that I attribute to the filter.  I've had other pain that I attribute to the filter.  But when we had our medical experts look at this, Dr. Gordon in particular, he said other than the two instances we're talking about, the filter strut out of the thigh and the pain related to the open procedure, he couldn't say with a reasonable degree of medical certainty that that pain is 100 percent caused by the filter.  So we're not going to make that claim at trial.

1/9/2019 Tr. at 23:22-24:6.

3

US.121513448.3

> [T]he current Georgia impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) **the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress.**

*Lee v. State Farm Mut. Ins. Co.*, 533 S.E.2d 82, 85 (Ga. 2000) (emphasis added). Under this standard, mental pain and anguish are limited to the period of physical injury or pain—or, with respect to future damages, to the period in the future in which a plaintiff claims that she will or is likely to suffer physical pain. If a plaintiff suffers from no "physical injury" during a defined period, then no physical injury can "cause" any mental suffering or distress during that period. Put another way, "a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." *Ryckeley v. Callaway*, 412 S.E.2d 826, 828 (Ga. 1992). If Plaintiff here does not claim that she will suffer any physical suffering or injury in the future—and she has represented to the Court that she will not make such a claim—the impact rule bars her from recovering for any future *mental* suffering as well. As her own proposed instruction states, "mental suffering is not a legal item of damage unless there is physical suffering also."

Georgia law also makes clear that the mere continued presence of two filter fragments in Plaintiff's body does not constitute a "physical injury" sufficient to support a claim for fear or other mental distress; there must be actual physical symptoms. For example, in *Cure v. Intuitive Surgical Inc.*, 705 F. App'x 826, 828–29 (11th Cir. 2017), the court applied Georgia law to address the plaintiffs' claims that metal shavings found in their brains had been shed by instruments used during their heart surgeries. *Id.* at 827. The court affirmed the dismissal of the claims, holding that "the presence of metal shavings in the plaintiffs' brains does not, under Georgia law, constitute a legally recognizable injury in itself." *Id.* at 829. Because the plaintiffs' allegations of *actual* injuries—that they had suffered and would suffer "physical, neurological, and mental effects"—

were simply "vague, conclusory statements" untethered to any claim of identifiable symptoms, the court held that the complaint "did not contain sufficient factual matter…to state a claim to relief." *Id.  See also Boyd v. Orkin Exterminating Co.*, 381 S.E.2d 295, 298 (Ga. App. 1989) (rejecting claim that mere presence of elevated levels of chemical in children's blood constituted an "injury," holding that "[a]bsent any indication that the presence of these metabolites had caused or would eventually cause actual disease, pain, or impairment of some kind, this testimony must be considered insufficient to support an award of actual damages in any amount.").  Likewise here, Plaintiff cannot rely on the mere presence of two filter fragments in her body to satisfy the requirement of a physical injury to support her claim of mental distress from a fear of future injury.

Plaintiff *might* have an argument that she could recover damages for future fear or other mental distress *if* she claimed that, although she is suffering no filter-related physical pain now, there exists some reasonable probability that she will or may suffer physical pain or injury in the future.  *But she makes no such claim*—as noted above, she has *expressly* limited her claims of filter-related pain to two specific periods in the past, and she makes no claim that she is entitled to any damages for any physical pain that she will or may experience in the future.  In the absence of any claim that she will suffer any future compensable *physical* pain, she cannot recover for any future *mental* pain—like her claimed fear that her filter may migrate—because "mental suffering is not a legal item of damage unless there is physical suffering also."

To be clear, what Cook seeks to bar through this brief is testimony or argument concerning Plaintiff's claimed **fear** of future injury from the fragments remaining in her body.  This brief does not address any actual **risk** that such future injury may come about.  Indeed, Plaintiff does not claim that she is entitled to damages based on any supposed risk that she will suffer any filter-related pain or injury in the future.  Nor could she make such a claim; her expert Dr. Gordon's

US.121513448.3

report offers no opinion about the likelihood that Plaintiff will suffer any complications in the future as a result of her experience with her Celect filter:

> Q. Dr. Gordon, your report contains no quantification of the likelihood that Mrs. Brand will suffer any future complications, correct?
> A. Correct.

Gordon Dep. at 234:14-17 (Dkt. 8664-3). Although Dr. Gordon had originally opined that Plaintiff would suffer future physical symptoms as a result of her IVC filter, he expressly disavowed that opinion at his deposition and testified without ambiguity that he could not say with a reasonable degree of certainty that the two filter fragments that remained in her body were causing her any physical pain or injury:

> Q. It was your opinion in your report that Mrs. Brand would live with continuous pain, pin pricks on her nerves for the rest of her life, correct?
> A. Yes.
> **Q. And at the time that you wrote your report you believed that was caused by the fragments that are left in her body, correct?**
> **A. I think it's a possibility but, again, as I mentioned, I don't think I can say with a degree of medical certainty anymore.**
> Q. Are you also for today then withdrawing your opinion that Mrs. Brand's retained filter fragments are causing her any type of pain or injury?
> A. I cannot say with a medical degree of certainty that it is causing her pain and injury.
> Q. As it relates to the -- the opinions you intend to offer at the trial of this case, **are you withdrawing all of your opinions that relate to Mrs. Brand's pain or injury from her filter other than the three that you mentioned earlier**: thigh pain in her groin at the time that it came out, the 2011 procedure and pain related to the open procedure and the four to six weeks after?
> **A. Yes, ma'am.**
> Q. All other opinions are withdrawn?
> **A. All other opinions regarding her pain are withdrawn.**

Gordon Dep. at 338:14-39:14 (emphasis added) (Dkt. 8664-3).

Nor could Plaintiff herself supply any competent evidence of any risk of future pain or injury; although a plaintiff is certainly permitted to testify to her *current* physical pain, any projection of future pain or injury requires expert testimony:

6

> [L]ay witnesses, including the plaintiff, are not competent to opine as to the permanency of the plaintiff's injuries, or whether the plaintiff will continue to experience pain and suffering in the future as a result of such injuries. Such matters are medical questions and must be addressed by competent medical testimony.

Mary Donne Peters, *The Admissibility of Expert Testimony in Georgia* § 11:6 ("Future pain and suffering and medical expenses") (Sept. 2018 update) (footnotes omitted). "The diagnosis and **potential continuance** of a disease are medical questions to be established by physicians as expert witnesses and not by lay persons." *Hunnicutt v. Hunnicutt*, 228 S.E.2d 881, 881 (Ga. 1976) (emphasis added); *see also Ray v. Woods*, 92 S.E.2d 820, 822 (Ga. App. 1956) ("the testimony of a plaintiff is not competent as to his future pain and suffering and as to his future disability") (citing *Atlanta Street Ry. Co.* v. *Walker,* 21 S. E. 48 (1893)); *Eberhart v. Morris Brown College*, 352 S.E.2d 832, 834 Ga. App. 1987) (same, adding "'[I]t is not one of those matters which jurors must be credited with knowing by reason of common knowledge." (citations omitted)).

In sum, Plaintiff cannot pursue a claim for future mental distress, including fear of future physical pain, given her unilateral limitation of her claims for physical pain to two periods in the past. Given that she has no claim for future fear or other mental distress, any evidence or argument concerning such fear makes no fact of consequence to this action more or less likely, and is therefore irrelevant and inadmissible. Fed. R. Evid. 401, 402. And even assuming the Court were to find that such evidence had some marginal relevance, the unfair prejudice to Cook—testimony and argument about fear of future pain that Plaintiff cannot support but Cook cannot refute—far outweighs any arguable probative value. The Court should exclude any testimony or argument on the subject.

**B. Evidence and Argument Concerning Plaintiff's Claimed Fear of Future Injuries is Inadmissible Because Her Claimed Fear has No Reasonable Basis.**

Even assuming for the sake of argument that Georgia law would permit Plaintiff to recover for a fear of future pain or injury despite claiming no actual physical pain or injury in the future, the Court should nevertheless exclude any testimony or argument concerning Plaintiff's fear of future pain or injury because that fear is *unreasonable* as a matter of law.

Under Georgia law, fear of future injury or disease in a tort case is compensable only if the fear is *reasonable*. *See, e.g.*, *Watson v. Augusta Brewing Co.*, 52 S.E. 152, 153 (1905). ("One may not recover…for mental suffering which is not reasonable, or which is merely fanciful."); *Russaw v. Martin*, 472 S.E.2d 508, 512 (Ga. App. 1996) (affirming summary judgment where claim for fear of contracting HIV from needle stick was "per se unreasonable as a matter of law"); *Johnson v. American Nat. Red Cross*, 569 S.E.2d 242, 248 (Ga. App. 2002) (same holding, even where testing available could not conclusively rule out HIV exposure).[3] So here, Plaintiff's claimed fear that the remaining filter fragments will or may migrate and injure her is unreasonable as a matter of law because she can offer no expert testimony or other evidence that such an event will or is likely to occur. *See also Neal v. Neal*, 873 P.2d 871, 876 (Idaho 1994) ("Damages are recoverable

---

[3] This requirement that a plaintiff's fear be "reasonable" before a plaintiff may recover based on the fear is consistent with other legal contexts in which Georgia law requires a fear to be "reasonable" before a particular law may apply. *See, e.g., Anderson v. Mergenhagen*, 642 S.E.2d 105, 108 (Ga. App. 2007) (holding that stalking statute requires conduct "which causes emotional distress by placing such person in *reasonable fear* for such person's safety" (emphasis added, quoting OCGA § 16-5-90(a)(1))); *Miraliakbari v. Pennicooke*, 561 S.E.2d 483, 488 (Ga. App. 2002) (holding restraints necessary for finding of "false imprisonment" is sufficient "if they operate upon the will of the person threatened, and result in a *reasonable fear* of personal difficulty or personal injuries" (emphasis added, citation omitted)); *Eubanks v. Nationwide Mut. Fire Ins. Co.*, 393 S.E.2d 452, 456 (Ga. App. 1990) (noting that defenses of self-defense and justification "claim authority for the act under the legal excuse of *reasonable fear* of immediate serious bodily harm to oneself or another" (emphasis added)).

for emotional distress claims resulting from the present fear of developing a future disease only if the mental injury alleged is shown to be sufficiently genuine and the fear reasonable."); *Reynolds v. Highland Manor, Inc.*, 954 P.2d 11, 15 (Kan. App. 1998) ("Anxiety about a disease or condition developing from a physical injury is not recoverable as an element of mental distress where the medical evidence indicates the chance of such occurring is slight.").

Plaintiff has no support for any claim that her alleged mental anxiety based on fear of future injury from the remaining filter fragments is reasonable. As noted in the previous section, her own expert Dr. Gordon's report offers no quantification of the likelihood that Plaintiff will suffer any future injuries or symptoms as a result of her filter. Gordon Dep. at 234:14-17 (Dkt. 8664-3). In addition, Plaintiff's treating physician Dr. Rheudasil has testified that Plaintiff's risk of any additional complications from her remaining filter fragments is low. Rheudasil Dep. at 192-93:5-8 (Dkt. 8674-1) ("I think the likelihood of those fragments ever causing her a problem, in my opinion, are quite low; however, that's probably not zero."); *id.* at 197:9-13 ("9 A. I think that the fragments that she still has are not in a location where they are likely to cause her any symptoms whatsoever. And I think the chances of them becoming something that would be relevant or a concern to her health are low."). Dr. Rheudasil has in fact refused to perform all the testing that Plaintiff (or her attorneys) have requested for such concerns because, given the low probability of further complications, he believes the risks of radiation from the screening procedures outweigh the benefits. *Id.* at 195:13-17 ("At some interval, I believe, relatively infrequently, in my mind, I don't disagree with an occasional x-ray to take a look at these. But I, personally, don't think a CT scan is necessary unless she's having clinical symptoms.").

The Georgia Supreme Court addressed a claim similar to Plaintiff's claim of future injury fear in *Watson v. Augusta Brewing Co.*, 52 S.E. 152 (1905). The *Watson* case is still good law,

9

and has been cited by Georgia courts on this point as recently as 2004. *See Daniel v. Smith*, 597 S.E.2d 432, 440 (Ga. App. 2004). In addition, as far as Cook can determine, *Watson* is the most on-point case of *any* vintage with respect to the issue presented here. In *Watson*, the plaintiff had accidentally drunk several pieces of glass in a beverage as a result of the defendant's alleged negligence. In addition to the injuries from the ingestion and removal of the glass pieces, the plaintiff sought damages for his continuing anxiety that he might yet suffer additional injuries from the internal cuts, or from a piece of glass that the doctor might have failed to remove. The court rejected the plaintiff's claim for continuing mental anxiety about future injury on the ground that it lacked any reasonable basis:

> The only remaining point to be considered is whether or not the plaintiff in this case can recover for mental suffering growing out of his injury, and, if so, to what extent. It is a familiar principle that, where a physical injury has been sustained, the person injured may recover for mental suffering caused by or growing out of his bodily hurt. **One may not recover, however, for mental suffering which is not reasonable, or which is merely fanciful.** It can hardly be disputed that a reasonable fear of death constitutes mental suffering of a very keen sort. It is not unreasonable, we think, for one who has swallowed several pieces of glass to entertain a very vivid and poignant apprehension of an untimely end; and the mental anguish caused by this dread may constitute an element of damage in a suit for damages on account of the physical injury. **But after the glass has been removed from his stomach, and he is apparently restored to his former condition of health and vigor, his fears, so far as a damage suit are concerned, should cease. He may not continue for an indefinite period to vex his soul with dread on account of having been "cut on the inside," and hold the defendant liable for his apprehensions.** It follows, therefore, that so much of the petition as seeks to recover on account of mental suffering endured since the glass was removed from the plaintiff's stomach should be stricken; and direction is given that, when the case is tried again, the special demurrer be sustained in so far as it attacks this portion of the petition.

52 S.E. at 153 (emphasis added).

The same analysis applies here. Plaintiff may seek recovery for damages based on the mental pain she actually suffered in the two periods to which she has limited her claims; the jury is entitled to hear her testimony not only about the physical pain she suffered during those periods,

10

but also about any mental pain or fear she may have experienced as a result of the emergence of the filter from her leg and of the surgery to remove the filter.  But Plaintiff is not entitled to blame any continuing anxiety she may have now or in the future on Cook when most of the filter itself has been removed and when she can offer no evidence from either her treating doctor or her retained expert that she has any reason to continue worrying about additional future complications from the two filter fragments that remain in her body.  Without evidence of some likelihood that a feared outcome will occur, "[a] fear of future damages is too speculative to form the basis for recovery."  *Finnerty v. State Bank & Trust Co.*, 687 S.E.2d 842, 845 (Ga. App. 2009) (affirming dismissal of claim of future risk where plaintiff "failed to demonstrate that the Bank's purported unlawful disclosure made it 'probable' that he would suffer any identity theft or that any specific persons actually have accessed his confidential personal information as a result of the purported unlawful disclosure").

In sum, Plaintiff cannot pursue a claim for future mental distress such as fear of future physical pain where she can offer no evidence that her fear is reasonable.  In the absence of such evidence, any evidence or argument concerning such fear makes no fact of consequence to this action more or less likely and is therefore irrelevant and inadmissible.  Fed. R. Evid. 401, 402. And again, even assuming the Court were to find that such evidence had some marginal relevance, the unfair prejudice to Cook far outweighs any arguable probative value.  The Court should exclude any testimony or argument on the subject.

## CONCLUSION

For the foregoing reasons, Cook respectfully urges the Court to enter an order *in limine* excluding from trial any testimony, evidence, or argument concerning Plaintiff's claimed fear of future filter-related pain or medical complications.

11

                                            Respectfully submitted,

Dated: January 13, 2019         */s/ Andrea Roberts Pierson*
                                          Andrea Roberts Pierson (# 18435-49)
                                          Jessica Benson Cox (# 26259-49)
                                          FAEGRE BAKER DANIELS LLP
                                          300 North Meridian Street, Suite 2700
                                          Indianapolis, Indiana 46204
                                          Telephone:  (317) 237-0300
                                          Facsimile:  (317) 237-1000
                                          Email:  andrea.pierson@faegrebd.com
                                          Email:  jessica.cox@faegrebd.com

                                          Charles Webber (MN # 215247)
                                          Bruce Jones (MN # 179553)
                                          FAEGRE BAKER DANIELS LLP
                                          2200 Wells Fargo Center
                                          90 South Seventh Street
                                          Minneapolis, MN 55402
                                          Telephone: (612) 766-8719
                                          Facsimile: (612) 766-1600
                                          Email:  chuck.webber@faegrebd.com
                                          Email:  bruce.jones@faegrebd.com

                                          *Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.121513448.3

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2019, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*

US.121513448.3