UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to the Following Actions only:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-06018-RLY-TAB

### COOK'S BENCH BRIEF REGARDING THE VCA-2 ANIMAL STUDY

As a result of pretrial discussions with Plaintiff's counsel, Cook has reason to believe Plaintiff will attempt to address evidence of the VCA-2 animal study during opening statements. Cook therefore submits the following bench brief to address the admissibility of the VCA-2 animal study. The Court should exclude the study at trial because it represents evidence of the scientific state of the art that post-dates the manufacture of Plaintiff's filter, evidence that the Court already ruled inadmissible. (*See* Court's Entry on the Parties Motion in Limine at p. 3).

### ARGUMENT

Georgia employs the risk-utility test for determining whether a product was defectively designed. This balancing test includes a number of factors, one of which concerns state of the art evidence. Under the test, the jury may consider evidence of the state-of-the-art "at the time the product was manufactured." *Banks v. ICI Americas, Inc.*, 450 S.E.2d 671, 674 (Ga. 1994); *See also* Georgia Suggested Pattern Jury Instructions – Civil 62.650 (directing jurors deciding reasonableness of a manufacturer's design to consider "the technology available when the product was manufactured."). Additionally, "a manufacturer's duty to implement safer alternative designs

1

is limited to the time the product is manufactured, not months or years later when technology may have changed . . . Any other rule would render a manufacturer a perpetual insurer of the safety of its products, contrary to established Georgia law." *Ford Motor Co. v. Reese*, 684 S.E.2d 279, 284 (Ga. Ct. App. 2009); *see also Williamson v. Walmart Stores, Inc.*, No. 3:14-CV-97 CDL, 2015 WL 1565474, at *6 (M.D. Ga. Apr. 8, 2015); *Benson v. Krystal Koach, Inc.*, No. 1:08-CV-2841-CAP, 2010 WL 11597751, at *5 (N.D. Ga. Nov. 17, 2010). These cases establish that evidence of ***scientific knowledge or technological advances*** that did not exist at the time a product was manufactured is irrelevant to the determination of whether the product was defectively designed under Georgia law.

### VCA-2 Is Inadmissible Because It Post-Dates The Manufacture of Plaintiff's Filter

VCA-2 was an animal study conducted by Cook to assess the safety and performance of its IVC filters. The study's protocol was approved on March 5, 2008, and testing continued until September 30, 2009, when the results were memorialized in a report. Evidence of VCA-2 is inadmissible because any scientific knowledge derived from it post-dates the manufacture of Plaintiff's filter.

On November 19, 2018, the Court granted Cook's motion in limine regarding "testimony or evidence of the scientific state of the art that post-dates December 11, 2008, the date that Plaintiff's IVC filter was manufactured." *See* Court's Entry on the Parties' Motions in Limine at p. 3 (Dkt. 9634). Later, the parties stipulated that the proper date of manufacture for Plaintiff's filter is November 27, 2008. *See* The Parties' Proposed Stipulation of Facts at p. 1 (Dkt. 9767). Thus, any evidence of scientific knowledge that post-dates November 27, 2008, is irrelevant and inadmissible.

Cook's analysis of the VCA-2 study results was not completed until September 30, 2009. Therefore, any scientific knowledge derived from VCA-2 necessarily post-dates the manufacture of Plaintiff's filter by nearly ten months. Plaintiff will likely argue that the study *pre-dates* the manufacture of Plaintiff's filter because it was initiated in March 2008, but this argument is unavailing because the only thing that occurred before November 27, 2008 was testing, which does not constitute scientific knowledge.  Test results do not become scientific knowledge until they have been analyzed.  Indeed, Fleming did not discover penicillin when mold developed on a culture plate while he was away on vacation; he discovered it when he returned and found that the culture had anti-bacterial properties.  Similarly, any scientific knowledge resulting from VCA-2 was not acquired during testing; it was acquired when the results of such testing were realized by Cook, which was not until after the manufacture of Plaintiff's filter.  The Court should exclude evidence of VCA-2 in accordance with its prior order excluding state of the art evidence post-dating November 27, 2008.

## CONCLUSION

For the foregoing reasons, Cook respectfully urges the Court to exclude from trial any testimony, evidence, or argument concerning the VCA-2 animal study.


Dated: January 13, 2019

Respectfully submitted,

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  jessica.cox@faegrebd.com

3

        Charles Webber (# 215247)
        Bruce Jones (# 179553)
        FAEGRE BAKER DANIELS LLP
        2200 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN 55402
        Telephone: (612) 766-8719
        Facsimile: (612) 766-1600
        Email: chuck.webber@faegrebd.com
        Email: bruce.jones@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2019, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

        */s/ Andrea Roberts Pierson*