UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Tonya Brand, 1:14-cv-06018-RLY-TAB _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION OF COURT'S ORDER TO BIFURCATE**

In the court's Order dated January 11, 2019, it stated:

The Cook Defendants' Motion to Bifurcate (Filing No. 8681) is **GRANTED** pursuant to Federal Rule of Civil Procedure 42(b). In the first phase, the jury shall determine liability and compensatory damages, and in the second phase, the jury shall determine punitive damages if necessary.

(Filing No. 9892).

Plaintiff moves for clarification of the court's Order because, under Georgia's punitive damages statute, the first phase of the trial requires the jury to "first resolve from the evidence produced at trial whether an award of punitive damages shall be made." O.C.G.A. § 51-12-5.1(d)(1).

The court's January 11 Order on bifurcation was not based on Georgia's punitive damages statute; rather, it was based on Federal Rule of Civil Procedure

1

42(b).  This is permissible because this case is being tried in federal court.  *See. e.g., Sellers v. Baisier*, 792 F.2d 690, 694 (7th Cir. 1986) ("Bifurcated trials are permissible in federal court under Federal Rule of Civil Procedure 42, however, and Rule 42 may be applied in diversity cases even though the state law employed to determine the substantive issues in the case prohibits bifurcated trials.").  Accordingly, the court reiterates its prior bifurcation ruling.  In the first phase of the trial, the jury will determine whether the Cook Defendants are liable for design defect and, if so, whether Plaintiff is entitled to compensatory damages.  If the jury finds in favor of Plaintiff in the first phase of the trial, the trial will enter a second phase, at which time the jury will determine whether Plaintiff is entitled to punitive damages.  As no affirmative relief was allowed, Plaintiff's Motion for Clarification (Filing No. 9896) is **DENIED**.

**SO ORDERED** this 16th day of January 2019.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.