UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| This Document Relates to: Tonya Brand, 1:14-cv-06018-RLY-TAB | | |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S DESIGN DEFECT, NEGLIGENCE PER SE, and PUNITIVE DAMAGES CLAIMS**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook") move for summary judgment on the design defect, negligence per se, and punitive damages claims brought by the Plaintiff herein, Tonya Brand. For the reasons set forth below, Cook's motion is **GRANTED in part** and **DENIED in part**.

**I.    Background**[1]

On March 19, 2009, Dr. Mark Rheudasil implanted a Cook Celect inferior vena cava ("IVC") filter into Plaintiff's IVC immediately before her spinal fusion surgery. Roughly two years later, she began to experience pain on the inside of her right thigh.

---

[1] The facts were previously discussed in the court's Entry on the Cook Defendants' Motion for Summary Judgment on Plaintiff's Failure to Warn Claims.

1

Soon thereafter, she noticed something protruding out of her thigh, pulled it out, and discovered it was part of her IVC filter. In July 2011, Dr. Rheudasil attempted to retrieve the filter percutaneously but was unsuccessful. It was eventually removed through open surgery in October 2015.

## II. Discussion

### A. Design Defect

Plaintiff's design defect claims are brought under strict liability and negligence principles. Under Georgia law, the standards for both claims are the same. *Jones v. Norditrack, Inc.*, 550 S.E.2d 101, 103 n.5 (2001); *Ogletree v. Navistar Int'l Transp. Corp.*, 522 S.E.2d 467, 469 (Ga. 1999) (risk-utility and general negligence principles "cannot be treated as distinct theories of recovery"). Consequently, the court will address both theories together.

To recover on her design defect claim, Plaintiff must establish that: (1) the design of the Celect is defective and (2) the Celect's defective design caused Plaintiff's injuries. *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, 711 F.Supp.2d 1348, 1364 (M.D. Ga. 2010). A product is defective under Georgia law if "the risks inherent in a product design [outweigh] the utility of the product so designed." *Banks v. ICI Ams., Inc.*, 450 S.E.2d 671, 674 (Ga. 1994). The factors relevant to the risk-utility analysis include, but are not limited to, the state of the art at the time the product is manufactured; the gravity and severity of the danger posed by the design; the likelihood of the danger; and the avoidability of the danger. *Id.* "A manufacturer's proof of compliance with federal regulations is also a factor to be considered." *Id.* The most

important factor, however, is "whether the design chosen was a reasonable one from among the feasible choices of which the manufacturer was aware or should have been aware." *Id.* (internal quotation marks omitted).

On the issue of defect, Cook argues Plaintiff has offered no evidence that the Celect is not reasonably safe for its intended or foreseeable use, and Plaintiff has offered no evidence that the Celect is defective because it fractures too often. On the issue of causation, Cook argues Plaintiff has offered no evidence that a differently designed filter would not have fractured, and her experts have failed to rule out all other possible causes of her filter fracture. Plaintiff's experts, most notably Dr. McMeeking, Dr. Krumholz, and Dr. Gordon, have offered admissible expert opinions which adequately address these issues under Georgia law. Accordingly, Cook's Motion for Summary Judgment on Plaintiff's design defect claims is **DENIED**.

    **B.**    **Negligence Per Se**

At the hearing on January 8, 2019, Plaintiff conceded she has no negligence per se claim since the failure to warn claim has been summarily dismissed. Accordingly, Cook's Motion for Summary Judgment on Plaintiff's negligence per se claim is **GRANTED**.

    **C.**    **Punitive Damages**

The issue of punitive damages is **UNDER ADVISEMENT**.

**III.**    **Conclusion**

As noted above, the Cook Defendants' Motion for Summary Judgment (Filing No. 8649) on Plaintiff's strict liability and negligence design defect claims is **DENIED**, their

Motion for Summary Judgment on Plaintiff's negligence per se claim is **GRANTED**, and their Motion for Summary Judgment on Plaintiff's claim for punitive damages claim is **UNDER ADVISEMENT**.

**SO ORDERED** this 16th day of January 2019.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.