## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to:

*Henry Austin*, 1:18-cv-01313
*Robert Davis*, 1:18-cv-01375
*Elizabeth Duffy*, 1:17-cv-00254
*Brent Fichtner*, 1:18-cv-00286
*Juanita Heard*, 1:17-cv-04592
*Ernest Muhammad*, 1:17-cv-03542
*Jimmie Nixon*, 1:17-cv-04693
*Ivan Ortiz*, 1:17-cv-01802
*Herman Purvis*, 1:17-cv-02556
*Annette Sales-Orr*, 1:16-cv-02636
*Dorothy Stroech*, 1:17-cv-03543
*Mary Thomas (GA)*, 1:16-cv-035521
*William Wendt*, 1:18-cv-03283
*Marie Wilson*, 1:17-cv-03337

## PLAINTIFFS' SURREPLY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BASED UPON FEDERAL PREEMPTION IN BIRD'S NEST FILTER CASES

Plaintiffs, identified above, hereby submit this surreply opposition to the Cook Defendants'

Motion for Judgment on the Pleadings Based on Federal Preemption in Bird's Nest Filter Cases

(DN 9644).

## INTRODUCTION

This MDL has *undeniably* been focused on Cook Celect and Gunther Tulip filters -- and

not on Bird's Nest filters. Thus, it is disingenuous for the Cook Defendants to argue that Plaintiffs'

Bird's Nest filter claims should be dismissed (without opportunity to amend) merely because past allegations and discovery efforts were not directed at the Bird's Nest device.

Furthermore, Cook Defendants cannot evade controlling Seventh Circuit's caselaw (as well as opinions from other Circuits') holding that not every claim against a PMA-approved product is preempted. The Cook Defendants merely pay minimal lip service to this body of controlling law, but ultimately argue that there is *no set of facts* any plaintiffs in any case could allege they would agree may avoid preemption. This is exactly what many post-*Lohr* and *Riegel* courts, including those within the Seventh Circuit, have warned against. *See Hofts v. Howmedica Osteonics Corp.*, 597 F.Supp.2d 830, 832 (S.D. Ind. 2009).   Plaintiffs' state law claims that "parallel" federal violations should be held to escape preemption.[1]

I.    **NOW THAT DEFENDANTS HAVE PUT PREEMPTION AT ISSUE, PLAINTIFFS SHOULD HAVE THE OPPORTUNITY TO CONDUCT RELEVANT DISCOVERY AND FILE AMENDED SHORT FORM COMPLAINTS, IF NECESSARY.**

The Master Long-Form Complaint does not specifically address Bird's Nest filters because the vast majority of cases in this MDL do not involve injuries caused by Bird's Nest filters. This fact is obvious.   Similarly, preemption-avoiding allegations (called into play by the regulatory history of the Birds' Nest filter) were not emphasized in the Master Long Form Complaint because the overwhelming majority of claims in this MDL involve filters not subject to the preemption arguments Cook Defendants raise here.   Indeed, until recently, neither Plaintiffs nor the Cook Defendants have focused intently upon issues unique to the relatively small subset of Birds' Nest cases. That is, while Birds Nest cases have been on file for years, it was not until January 2018 that Cook Defendants asserted a pre-market approval preemption defense; and another ten months

---

[1] Plaintiffs have not asserted claims for manufacturing defects.  Plaintiffs also do not contest the Cook Defendants' preemption arguments as they relate to design defect claims.

passed before the Cook Defendants actually filed their preemption motion.[2]  Given that the Master
Complaint was drafted at a time when the Birds' Nest filter cases were not the main focus of the
litigation, and given that Seventh Circuit law (in addition to federal procedural rules) contemplates
allowing Plaintiffs to amend a complaint should a Court find its allegations insufficient to assert a
non-preempted claim, Plaintiffs should be permitted to amend their short form complaints with
additional allegations relating to the Birds Nest filter. *See Bausch v. Stryker Corp.*, 630 F.3d 546,
558 (7th Cir. 2010).[3]

The fact that this litigation was not heavily focused on the Bird's Nest filter at the outset
was also reflected in discovery practices.  That is, discovery in this MDL has been limited nearly
from the outset to non-Bird's Nest filters.  Judge Baker's February 20, 2015 discovery order
limited search terms for purposes of discovery and explicitly rejected inclusion of Bird's Nest or
Celect Platinum filters as "these devices are not at issue in this litigation." *See* **Exhibit A**,
2/20/2015 Order on February 12, 2015, Telephonic Status Conference, DN 244. Nearly two years
later, counsel for Cook Defendants rejected Plaintiff's requests for discovery related to Bird's Nest
filters, relying on Judge Baker's 2/20/2015 Order. *See* **Exhibit B**, January 20, 2017 letter from
Douglas B. King to Ben C. Martin, at p. 3, 4 ("…you knew we would not be producing documents
concerning the Celect Platinum or Bird's Nest filter based on Judge Baker's 2/20/2015 Order.").

Knowing that the pleadings and discovery in the MDL were not previously focused on the
Bird's Nest filter, it is disingenuous of Cook Defendants to cite the years of discovery efforts and
the allegations of the Master Long-Form Complaint as support for its preemption arguments and

---

[2] In fact, in the *Sales-Orr* case, the Cook Defendants have already litigated a motion for judgment on the pleadings, alleging Ms. Sales-Orr's claims were barred by Georgia's statute of repose/statute of limitations. PMA preemption was not raised as a defense. *See* DN 32 (filed 3/27/2017).
[3] Cook Defendants claim *Bausch*'s holdings regarding pleading, permitting discovery prior to disposition, and permitting leave to amend are somehow limited to design defect or manufacturing defect claims. But the *Bausch* court was not suggesting only such causes of action warrant its conclusions in this respect, nor is there any logical basis to imply any such distinction here.

denial of Plaintiffs' requests for discovery and to amend their pleadings.  Although Plaintiffs do not believe amendment is necessary (because the Seventh Circuit does not require pleadings to preemptively consider affirmative defenses) these requests were included to allow Plaintiffs to specifically discover, and allege, matters specific to the Bird's Nest filter should the Court feel that additional information is necessary to permit Plaintiffs to proceed past the pleading stage for the few cases involving this device.

## II. PLAINTIFFS' FAILURE TO WARN CLAIMS ARE NOT PREEMPTED—"CATEGORICALLY" OR OTHERWISE.

Despite the Seventh Circuit's clear holdings that no such "categorical" preemption exists, the Cook Defendants continue to essentially argue that *no* claims imaginable could avoid preemption, even those premised upon a "parallel" violation of federal and state law.

### a) Cook Defendants had a federal duty not to misbrand their devices.

Cook Defendants correctly pinpoint the issue: is a medical device manufacturer required by federal law to provide adequate warnings after the FDA has approved a device, even a PMA-approved one?  The clear answer is yes.[4]  Cook Defendants essentially argue that their federal misbranding duties are toothless, meaningless and place no requirements on them whatsoever. They go so far as to say that have *no* duty to warn post-PMA approval, nor do they have any obligation to update their labeling to warn of new risks or even to correct prior inadequacies that

---

[4] The FDA agrees that its general adverse-event reporting and labeling regulations do not conflict with a claim alleging a failure to warn on this basis, concluding that these obligations do not impose "device-specific federal requirements". *See* Brief for the U.S. as Amicus Curiae, *Medtronic, Inc. v. Stengel*, 2014 WL 2111719, p. 12 (May 2014) ("But here, respondents attack petitioner's conduct *after* its device received premarket approval … That conduct … would have been governed not by the terms of the device's premarket approval, but rather by FDA's general regulations governing adverse-event reporting and labeling revision in light of new safety information. Accordingly, respondent's failure-to-warn claim – whether styled as arising from petitioner's failure to make adverse event reports to FDA or from its failure to make a CBE revision to the device's labeling – is not expressly preempted."). *See also,* https://www.fda.gov/MedicalDevices/DeviceRegulationandGuidance/HowtoMarketYourDevice/PremarketSubmissions/PremarketApprovalPMA/ucm134504.htm ("A PMA supplement *must be submitted* when unanticipated adverse effects, increases in the incidence of anticipated adverse events, or device failures necessitate a labeling, manufacturing or device modification.") (emphasis added).

4

could put patients at risk.  This was not the legislature's intent when it enacted these statutes.[5] Indeed, the Cook Defendants cannot genuinely argue that they are not subject to federal misbranding regulations. Moreover, a formal enforcement action or finding by the FDA is not a prerequisite to assert a parallel claim. *Hughes v. Boston Scientific Corp.*, 631 F.3d 762, 772 (5th Cir. 2011).

Though they place much emphasis on Plaintiffs' citation to 21 CFR § 814.39, Plaintiffs have not alleged that the Cook Defendants' statutory ability to update the Birds Nest filter labeling alone is what is operative here. Section 814.39 is the *mechanism* by which Defendants can unilaterally update their labeling, it is not the federal law relied upon which in isolation *requires them to do so*. *McMullen* makes clear that 21 CFR § 814.39 (and 21 CFR 821.1 which is not at issue here) *alone or considered together* do not impose a requirement to add or update warnings to make medical devices safer. But the *McMullen* Court did not analyze the effect of federal misbranding statutes, nor was it looking to the Bird's Nest PMA itself. Rather, the Court explicitly noted that *had* there been federal statutes alleged which required a post-sale warning, they *would not* be preempted. *McMullen v. Medtronic, Inc.*, 421 F.3d , 482, 488 (7th Cir. 2005) ("If he is correct that there are both state and federal requirements to this effect, then the state requirements would not be different from, or in addition to, the federal requirements and McMullen's claim will not be preempted…").  Cook Defendants offer no explanation for how they can side-step federal requirements prohibiting them from misbranding their products or selling misbranded products.

---

[5] The Bird's Nest PMA approval letter itself states: "The sale, distribution, and use of this device are restricted to prescription use in accordance with 21 CFR 801.109 within the meaning of section 520(e) of the Federal Food, Drug, and Cosmetic Act (act) under authority of section 51S(d)(l)(B)(ii) of the act." *See* DN 9645-2, p. 1. 21 CFR 801.109 describes "prescription use" devices and requires device manufacturers to include instructions for use and "relevant" hazards and side effects so that a practitioner authorized to use the device can do so safely. *See* 21 CFR § 801.109(c)-(d).

**b) Plaintiffs' proposed Amended Short Form Complaint adequately alleges a failure to warn claim premised upon Cook Defendants' failure to report adverse events in violation of the FDCA.**

*Bausch* instructs that Plaintiffs need not provide more specificity in pleading than what has already been pled (and certainly not more than what has been proposed in Plaintiffs' SFCs). A plaintiff cannot reasonably be expected to list all the specific facts supporting a defendant's violation of federal law prior to discovery. *Bausch*, 630 F.3d at 558. Regardless, even without this clear Seventh Circuit guidance, the fact remains that this Court has already seen evidence showing a pattern of non-reporting adverse events related to Cooks' IVC filters. Without any discovery related to Bird's Nest filters, this is enough.

Cook Defendants cite cases (one with a different procedural posture) involving different states' laws from the Eighth, Eleventh, and Sixth Circuits to support their argument that such claims are "categorically" (impliedly) preempted. They ignore *Bausch* (controlling here), *Stengel* and *Hughes* and fail to cite altogether to *Fisk* or *McAfee*, in which companion district courts in this circuit explicitly held such claims are not expressly or impliedly preempted. *See Fisk v. Medtronic, Inc.*, 2017 WL 4247983 (N.D. Ind. 2017) and *McAfee v. Medtronic, Inc.*, 2015 WL 3617755 (N.D. Ind. 2015). Moreover, courts in *this* Circuit have pointed to the Seventh Circuit's divergence from the Eighth's regarding MDA preemption. *See Cavender v. Medtronic, Inc.*, 2017 WL 136354, *9-10 (S.D. Ind. 2017) (detailing how *Bausch* and *Sprint Fidelis* conflict and relying, in part, on the plaintiff's allegations that the defendant failed to adequately follow adverse event reporting procedures in holding plaintiff's claims were not preempted). To the extent that there is a Circuit split on this issue, the Seventh Circuit is aligned with the Fifth and the Ninth, not the Circuits holding these claims cannot proceed.

**c) The state laws at issue support a state law duty to warn paralleling the federal duty to report.**

California is not the only state to recognize a "parallel" duty here. Plaintiffs, in fact, listed additional cases in which courts in the applicable jurisdictions *expressly* held failure-to-report to the FDA claims were consistent with the relevant state law. *See* Plfs' Opp (DN 9780) at fn. 7 (*Williams v. Smith & Nephew, Inc.* (123 F.Supp.3d 733, 742 (D. Md. 2015) (Maryland has a "parallel" duty to warn, including to warn a third party like the FDA); *Hughes v. Boston Scientific Corp.*, 631 F.3d 762, 775-76 (5th Cir. 2011) (negligence claim premised on a failure to report adverse events was consistent with a parallel duty to warn under Mississippi state law)); *see also*, *Rosen v. St. Jude Medical, Inc.*, 41 F.Supp.3d 170, 185 (N.D. N.Y. 2014) (concluding New York state law supports a "parallel" duty similar to the finding in *Hughes*).[6]

Citing to courts which have determined otherwise in states not applicable here, Cook Defendants urge this Court to adopt a similar stance for all twelve other state laws at issue. And, rather than addressing each particular state law with the detail and care that a dispositive preemption motion requires, Defendants instead admonish this Court not to engage in "judicial adventurism". But preemption is an affirmative defense and the **burden is on Cook Defendants** to show that dismissal *with prejudice* is warranted at the pleading stage. Apparently, Cook Defendants are fine with this Court deciding an issue of unsettled state law *if it is in their favor* (despite not having clear cut guidance from a controlling state court on the issue) but otherwise believes this Court must abstain.

---

[6] In fact, many other courts have likewise followed this trend and concluded various different state laws support a "parallel" duty to report adverse events to the FDA. *See Angeles v. Medtronic, Inc.*, 863 N.W.2d 404, 416-19 (Minn. Ct. App. 2015) (relying on a general duty to warn under Minnesota law to find a "parallel" claim); *Scovil v. Medtronic, Inc.*, 2015 WL 880614, *7-8 (D. Nev. 2015) (relying on Nevada's duty that a manufacturer must warn of dangers it knows about that are not already warned of); *Waltenburg v. St. Jude, Inc.*, 33 F.Supp.3d 818, 839-40 (W.D. Ky. 2014) (relying on Kentucky law that a manufacturer owes an ongoing duty to warn); *O'Neil v. St. Judge Medical, Inc.*, 2013 WL 6173803, *3 (W.D. Wash. 2013) (Washington law parallels a failure to follow federal reporting standards); *McLaughlin v. Bayer Corp.*, 172 F.Supp.3d 804, 838 (E.D. Penn. 2016) (Pennsylvania law imposes a duty under Section 388 of the Restatement (Second) of Torts that a duty to warn can be discharged to a third person who it can reasonably rely to communicate the warnings to the ultimate users).

7

To clarify, not every state has expressly addressed the exact question of whether there is an independent state law duty which "parallels" federal adverse event reporting requirements. But each state law does include duties to warn which echo the rationales for such a conclusion and which follow the holdings of *Coleman*, *Williams*, *Hughes* and courts in this state like *Fisk*. This also highlights why it would be appropriate to have a more individualized analysis if the cases subject to this motion are ultimately remanded: the Cook Defendants' attempt to boil down each state's law at issue in a few short pages in an effort to urge this Court declare no state (but California) supports a "parallel" state law duty is misguided and does not provide any truly meaningful or substantial analysis considering the careful decision any court facing  dispositive preemption motion must face.

## III.   PLAINTIFF'S BREACH OF WARRANTY CLAIMS ARE NOT PREEMPTED.

In their reply, the Cook Defendants do not address the recent, on-point Seventh Circuit case, *Hofts v. Howmedica Osteonics Corp.*, holding that a plaintiff's breach of express warranty claim against a medical device manufacturer represented a parallel claim to the federal requirements and was not preempted by the MDA. 597 F.Supp.2d 830 (S.D. Ind. 2009).  Instead, the Cook Defendants selectively quote from Plaintiffs' Master Complaint (and ignore entirely the allegations in Plaintiff's Proposed Amended Short Form Complain) in a manner that misconstrues the basis of Plaintiffs' claim. Plaintiffs' express warranty claims are based on "voluntary affirmative statements and material omissions" made by the Cook Defendants outside of the product's FDA' approved materials *and*  also upon the failure of the Birds Nest filter to conform to the representations made in the product's FDA approved labeling. [Master Complaint ¶ 95; Proposed Amended Complaint ¶ 19].   Courts have previously held that breach of express warranty claims of the sort Plaintiffs allege here are not preempted. *E.g. Mitchell v. Collagen,* 126 F.3d 902,

8

915 (7th Cir.1997), cert. denied, 523 U.S. 1020, 118 S.Ct. 1300, 140 L.Ed.2d 467 (1998) (holding that express warranty claims arise from the representations of the parties and do not interfere with operation of the PMA); *Huber v. Howmedica Osteonics Corp.*, 2008 WL 5451072 (holding that express warranty claim based on rate of failure printed on medical device label was not preempted).

With regard to Plaintiffs' implied warranty claims, Plaintiffs' Master Complaint clearly alleges that the filter "did not conform to representations made by the Defendants" and "deviated in a material way from the design specifications, formulas or performance standards." [Master Complaint ¶ 104(b) and 104(d)]. The Cook Defendants may complain that the implied warranty allegations are not more specific, but the Seventh Circuit recognizes that, when seeking a dismissal at the pleading stage, it is the *defendant* that must show the implied warranty allegations to rest on standards other than those permitted by the FDA. *Hofts*, 597 F.Supp.2d at 840. That showing has not been made by the Cook Defendants in the present case.

## IV.   PLAINTIFFS' NEGLIGENCE PER SE CLAIMS ARE NOT PREEMPTED.

Again, the Cook Defendants fail to address the caselaw Plaintiffs provided in their opposition, showing that certain states *do* allow negligence per se claims to proceed, even when they are grounded upon FDCA obligations. *See Howard v. Zimmer, Inc.*, 299 P.3d 463 (Okla. 2013), *Coleman v. Medtronic, Inc.*, 223 Cal.App.4th 413 (Cal. Ct. App. 2014); *Bass v. Stryker Corp.*, 669 F.3d 501 (5th Cir. 2012) (Texas). Moreover, they do not recognize the distinction that this Court in *Moore v. Hamilton Southeastern  School District*, 2013 WL 4607228, *10 (S.D. Ind. 2013) recognized as applicable here: a negligence per se claim borrows the federal duty for the standard of care, but the tort itself is grounded upon state common law. This is relevant here.

While there may be some states at issue which do not recognize such a claim (such as Florida, which is addressed by the Cook Defendants), there are others beyond Oklahoma,

9

California, Texas, and Indiana which do. *See Prohaska v. Sofamor, SNC*, 138 F.Supp.2d 422, 448 (W.D. N.Y. 2001) ("Also under New York law, a cause of action exists under negligence per se when the underlying claim is for misbranding or otherwise illegally omitting product warnings required by the FDCA. A violation of a statute or regulation may serve as the basis for negligence per se."); *In re Smith & Newphew Birmingham Hip Resurfacing Hip Implant Products Liability Litig.*, 300 F.Supp.3d 732, 747 (D. Md. 2018) (concluding that negligence per se claims are not preempted, as they are "parallel", on a motion to dismiss involving 42 different states/jurisdictions); *Hughes*, 631 F.3d at 771-72 (Mississippi). This Court should not agree to dismiss Plaintiffs' negligence per se claims with prejudice absent clear case law the state law at issue agrees the claim is not viable.

## V.    PLAINTIFFS' PROPOSED SHORT FORM COMPLAINTS SUPPORT PARALLEL CLAIMS BASED UPON VIOLATIONS OF STATE CONSUMER PROTECTION ACTS.

Rather than address any of the allegations contained in Plaintiffs' proposed SFCs, the Cook Defendants rely instead on the Master Long-Form Complaint. Plaintiffs provided, in Exhibit A to the proposed SFC, a myriad of allegations related to the Cook Defendants' violation of federal law, which parallel state consumer protection act claims related to misleading advertising and deceiving consumers. *See* Exhibit 1 to DN 9780, *e.g.*, ¶ 19-20, 24-26. Defendants were not allowed to make untruthful or deceptive statements related to the marketing and promotions of their devices, under either federal or state law. *Id.*

Moreover, the Cook Defendants'reply again ignores Seventh Circuit precedent that Plaintiffs do not need to plead more specifically in order to assert a "parallel" claim. Finally, they did not raise any Rule 9(b) argument in their original motion papers, and "[i]t is well-settled that

new arguments cannot be made for the first time in reply." *Shlay v. Montgomery*, 802 F.2d 918, 922 n. 2 (7th Cir. 1986).

## CONCLUSION

For the foregoing reasons, as well as those previously asserted, the Cook Defendants' motion for judgement on the pleadings should be denied. Alternatively, Plaintiffs continue to request leave to amend their SFCs, if necessary, and limited discovery prior to the disposition of this motion.

Respectfully submitted,

**MATTHEWS & ASSOCIATES**

/s/David P. Matthews
David P. Matthews (Texas Bar No.: 13206200)
dmatthews@thematthewslawfirm.com
Julie L. Rhoades (Texas Bar No. 16811710)
jrhoades@thematthewslawfirm.com
2509 Sackett St.
Houston, TX 77098
P: 713.522.5250
F: 713.535.7184
**FREESE & GOSS, PLLC**
Tim K. Goss (Texas Bar No. 08222660)
tim@.freeseandgoss.com

Rich Freese (Pro Hac Vice to be filed)
rich@freeseandgoss.com
3500 Maple Ave., Ste. 1100
Dallas, TX 75219
P: 214.761.6610
F: 214.761.6688

*Counsel for Plaintiffs*

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

*/s/ David P. Matthews*