UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:

> *Brand v. Cook Medical, Inc. et al.*,
> Case No. 1:14-cv-06018-RLY-TAB

---

### COOK DEFENDANTS' REPLY REGARDING EVIDENCE AND ARGUMENT CONCERNING PLAINTIFF'S FEAR OF FUTURE INJURY

The Defendants (collectively "Cook") submit this reply to Plaintiff's Opposition to Cook Defendants' Motion to Limit Plaintiff's Evidence Regarding Future Fear of Injury, Brand Dkt. 273.[1] Plaintiff's response fails to address in any way the two independent reasons Cook has offered for excluding this evidence:

(1) Plaintiff's own unilateral limitation of her claims for damages for pain to two past periods based on a lack of expert support for any claims of pain in any other periods; and

(2) the objective unreasonableness of Plaintiff's fear of future pain or injury in the absence of any factual basis for such a fear.

---

[1] For reasons that are unclear, Plaintiff filed her response in the separate docket relating to her case, rather than the MDL docket in which Cook filed its original submission.  See MDL Dkt.

US.121570882.01

### A. Evidence and Argument Concerning Plaintiff's Claimed Fear of Future Injuries is Inadmissible Because Georgia Law Requires Physical Pain to Accompany Any Claim of Mental Pain and Plaintiff Has Limited Her Claims of Pain to Two Past Periods.

Plaintiff's response fails to address or even acknowledge her own unilateral limitation of her claim for pain to the extrusion of the filter strut from her leg and the open surgery to remove the main filter. *See* 1/9/2019 Tr. at 23:15-24:6. Given these representations, Plaintiff can make no claim for mental distress based on a fear of future injury, and any testimony or argument about such fear should be excluded as irrelevant and unfairly prejudicial.

Plaintiff fails to address the rule that "mental suffering is not a legal item of damage unless there is physical suffering also," the standard her own proposed jury instruction sets out. *See* Dkt. 9718 at 22. Instead, Plaintiff essentially argues that once a plaintiff has suffered a physical injury from a product, the plaintiff can recover for fear of future paid forever based on that injury, even long after any product-related physical pain has ended and long after any actual danger of physical pain or further injury has passed. Plaintiff cites no Georgia law that supports such a right to perpetual recovery for fear of future pain from a past injury with no current symptoms and no evidence of likely future symptoms, and Cook's research has uncovered no case that would even arguably support such a recovery.

Without evidence of some current or likely future injury, Plaintiff cannot establish that "the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress." *Lee v. State Farm Mut. Ins. Co.*, 533 S.E.2d 82, 85 (Ga. 2000) (quoted in Plaintiff's response). If a plaintiff suffers from no "physical injury" during a defined period, then no physical injury can "cause" any mental suffering or distress during that period. Put another way, "a recovery for

emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." *Ryckeley v. Callaway*, 412 S.E.2d 826, 828 (Ga. 1992).

This is admittedly an unusual situation; it is rare that a Plaintiff will unilaterally and conclusively disavow any claim for future pain and suffering. But Plaintiff here has done just that, expressly limiting her claim for filter-related pain to two specific periods in the past. The logical and necessary consequence of that limitation is to foreclose any claim for future filter-related mental pain, including the fear of future physical pain or injury.

Contrary to Plaintiff's assertion, the mere presence of the remaining two fragments in her body, without further symptoms, does not constitute a "physical injury" under Georgia law sufficient to support a claim for mental distress. *See, e.g., Cure v. Intuitive Surgical Inc.*, 705 F. App'x 826, 828–29 (11th Cir. 2017);[2] *Boyd v. Orkin Exterminating Co.*, 381 S.E.2d 295, 298 (Ga. App. 1989).

In sum, Plaintiff cannot pursue a claim for future mental distress, including fear of future physical pain, given her unilateral limitation of her claims for physical pain to two periods in the past. Evidence and argument relating to such fears are irrelevant and unfairly prejudicial, and the Court should exclude them. Fed. R. Evid. 401, 402.

---

[2] Plaintiff's attempt to distinguish *Cure v. Intuitive Surgical Inc.*, 705 F. App'x 826, 828–29 (11th Cir. 2017) badly misreads that case. Contrary to Plaintiff's assertion, the issue in Cure was not class certification; although the plaintiff pled the case as a class action, the trial court dismissed the case on the merits for failure to state a claim. *Id*. at 827. And contrary to Plaintiff's implication, the *Cure* court **did** address the viability of a claim for mental pain in the absence of evidence of current or future physical symptoms. The court held that claims of mental anguish failed to state a claim in the absence of "allegation that the plaintiffs had or will experience any particular symptom as a result of the defendants' purported negligence." *Id*. at 829.

B. **Evidence and Argument Concerning Plaintiff's Claimed Fear of Future Injuries is Inadmissible Because Her Claimed Fear has No Reasonable Basis.**

Plaintiff's response does not address or even mention the lack of any reasonable basis for any future fear of pain.

- Plaintiff does not deny that she cannot recover mental anguish based on a fear of future pain unless that fear is a *reasonable* fear.

- She does not claim that she is entitled to recover damages for mental anguish based on an **unreasonable** fear of future pain or injury.

- She does not dispute that she has no evidence of any reasonable basis for a fear of future pain or injury. Specifically:

    o She has no evidence that either of her remaining fragments will move or is likely to move.

    o None of her treating doctors opines that she will or is likely to suffer any additional filter-related pain or injury in the future.

    o She has expressly limited her claims to two periods in the past, *see* 1/9/2019 Tr. at 23:18-19 ("what we will do at trial is limit Ms. Brand's claims of pain to two specific instances."), necessarily disclaiming any claim for future pain.

The closest Plaintiff comes to contesting this issue is her assertion without citation that she "need not offer expert testimony that the filter poses some actual future threat to her." *Id*. at 3. She is mistaken; as previously discussed, the *Watson*, *Cure*, and *Boyd* cases all make clear that neither past injury nor the presence of chemicals or foreign items in the body, without more, is not sufficient to state a claim for future mental distress or fear of that distress. *See, e.g.*, *Watson v. Augusta Brewing Co.*, 52 S.E. 152, 153 (1905) ("One may not recover…for mental suffering which

US.121570882.01

is not reasonable, or which is merely fanciful."). And because the risk of future medical complications is not a matter within the knowledge of lay knowledge, expert testimony of the likelihood of future injury would be necessary. *See, e.g., Hunnicutt v. Hunnicutt*, 228 S.E.2d 881, 881 (Ga. 1976) ("The diagnosis and potential continuance of a disease are medical questions to be established by physicians as expert witnesses and not by lay persons."). Plaintiff does not claim to have such expert testimony.

Moreover, even assuming for the sake of argument that Plaintiff could theoretically establish a claim of mental anguish from fear of future pain without "some actual future threat," Plaintiff here can because she has **expressly disavowed any claim of future pain**. *See* 1/9/2019 Tr. at 23:15-24:6.

In sum, a claim of mental anguish based on fear of future pain or injury is viable under Georgia law **only** if the fear is *reasonable*. *See, e.g.*, *Russaw v. Martin*, 472 S.E.2d 508, 512 (Ga. App. 1996) (affirming summary judgment where claim for fear of contracting HIV from needle stick was "per se unreasonable as a matter of law"). Plaintiff does not and cannot claim that her fear of future pain is reasonable, and the Court should exclude any testimony or argument on that topic.

## CONCLUSION

For the foregoing reasons, Cook respectfully urges the Court to enter an order *in limine* excluding from trial any testimony, evidence, or argument concerning Plaintiff's claimed fear of future filter-related pain or medical complications.

Respectfully submitted,

Dated: January 21, 2019

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)

US.121570882.01

FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  jessica.cox@faegrebd.com

Charles Webber (MN # 215247)
Bruce Jones (MN # 179553)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-8719
Facsimile: (612) 766-1600
Email:  chuck.webber@faegrebd.com
Email:  bruce.jones@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.121570882.01

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2019, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*