IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC.,
IVC FILTERS MARKING,                    1:14-ml-02570-RLY-TAB
SALES PRACTICED AND
PRODUCTS LIABILITY LITIGATION MDL       MDL No: 2570
_____

This Document Relates to Plaintiff(s):

AMBER TAYLOR, as Personal Representative
of the Estate of Dustin DeCann

Civil Case # 1:18−cv−00229−RLY−TAB
_____

## MOTION TO VACATE ORDER OF DISMISSAL AND REINSTATE CASE

COMES NOW, Plaintiff, AMBER TAYLOR, personal representative of the Estate of Dustin DeCann, by and through her undersigned counsel, hereby files her MOTION TO VACATE ORDER OF DISMISSAL AND REINSTATE CASE, pursuant to Fed. R. Civ. P. 60(b)(1). Plaintiff states as follows:

Original Party Plaintiff, Dustin DeCann, by and through his undersigned counsel, filed his Short Form Complaint against Defendants on January 26, 2018 in the Southern District of Indiana, MDL No. 2570. On February 7, 2018, Original Party Plaintiff died. Plaintiff's counsel was unable to timely submit Plaintiff's Profile Sheet due to Original Party Plaintiff's sudden death. Plaintiff's Counsel attempted to meet and confer with Defendants prior to the deadline for submission; however, Defendants did not respond to Plaintiff's Counsel's attempts. Instead, Defendants sent Plaintiff's Counsel a notice for "Failure to Timely Submit Plaintiff Profile Sheet."

On March 5, 2018, Plaintiff's Counsel filed a Notice of Suggestion of Death on the record and initiated the probate process, to have Ms. Amber Taylor appointed as Personal Representative of Dustin

DeCann's Estate and ultimately Substituted as Party Plaintiff. (Doc. No. 10). Simultaneously, by motion to this Court, Plaintiff's Counsel requested a time extension to file Plaintiff's Profile Sheet. (Doc. No. 11). On April 18, 2018, Plaintiff's motion was denied as Moot, as this Court ordered the Plaintiff Profile Sheet "…to be filed within 45 days." (Doc. No. 12). Forty-five days after April 18, 2018, was June 2, 2018.

Plaintiff submitted her Plaintiff Profile Sheet to Defendants, via the online secure portal, on June 1, 2018, prior to the deadline imposed by this Court. (Exhibit A). Unfortunately, due to mistake and excusable neglect, Plaintiff's Counsel did not file Plaintiff's Profile Sheet with this Court. Plaintiff's Counsel complied with the Case Management Order No. 4, by submitting Plaintiff's Profile Sheet and associated documents to Defendants via the online secure portal and by notifying Defendants of Plaintiff's submission via email within 24 hours of submission. (Exhibit B). Because Plaintiff's Counsel neglected to file Plaintiff's Profile Sheet with this Court in addition to complying with Case Management Order No. 4, Plaintiff's case was dismissed. (Doc. No. 25).

Pursuant to Fed. R. Civ. P. 60(b)(1), the court may relieve a party or its legal representative from a final judgment or order for "mistake, inadvertence…or excusable neglect." This relief must be sought on motion and within one (1) year of entry of the order. Fed. R. Civ. P. 60(c). Furthermore, this rule, like all of the Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983). In determining what is considered excusable neglect, Plaintiff's counsel requests this Court to apply the four-factor equitable test, which examines: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Pincay v. Andrews, 389 F.3d 853 (9th Cir.2004) (en banc); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions).

In this case, there is no danger of prejudice to Defendants, as the Defendants received Plaintiff's Profile Sheet timely. Further, there will be no impact on the proceedings, as Defendants submitted their

Defendant Profile Form to Plaintiff prior to Plaintiff's Dismissal. (Exhibit C). Additionally, Plaintiff's Counsel is prepared to submit a Case Categorization form upon the reopening of this case, prior to the January 31, 2019, deadline. The delay was inadvertent, as Plaintiff's counsel understood this Court's Order as requiring filing of Plaintiff's Profile Sheet with the Defendants and not within the Court docket. Plaintiff's counsel acted in good faith.

WHEREFORE, Plaintiff, AMBER TAYLOR, respectfully requests this Court GRANT her Motion to Vacate Order of Dismissal and Reinstate Case, vacating the judgment of dismissal and allowing her case to be reinstated and added to the active docket, and any other relief this Court deems just and reasonable.

Respectfully Submitted,

*/s/ Robert J. Fenstersheib*
_____
Robert J. Fenstersheib
Florida Bar #307300
Fenstersheib Law Group, P.A.
520 Hallandale Beach Blvd.
Hallandale, FL 33009
P: (954) 456-2488
F: (954) 212-2757
Email: rjf@fenstersheib.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

    */s/ Robert J. Fenstersheib*
    _____
    Robert J. Fenstersheib
    Florida Bar #307300
    Fenstersheib Law Group, P.A.
    520 Hallandale Beach Blvd.
    Hallandale, FL 33009
    P: (954) 456-2488
    F: (954) 212-2757
    Email: rjf@fenstersheib.com