UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

———————————————————————

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION              MDL No. 2570

———————————————————————

This Document Relates Only to the Following Case:

Bonnie Stanley, 1:17-cv-001931-RLY-TAB

———————————————————————

**DEFENDANTS' OPPOSITION TO
PLAINTIFF STANLEY'S MOTION TO
<u>VACATE COURT ORDER DISMISSING HER CASE</u>**

On July 5, 2018, the Court dismissed 113 cases that Plaintiffs had self-identified as "No Injury" cases.  *See* Order Dismissing 113 Pending "No Injury" Cases (the "Order"), Dkt. 8506. Plaintiff Bonnie Stanley, one of the plaintiffs from that list, now asks the Court to vacate the Court's Order on grounds that "her case was included in the 'no injury' group in error."  Pl.'s Mot., Dkt. 9960, p .1.

Cook opposes Plaintiff's motion to vacate the Order dismissing her case for two reasons. First, Plaintiff Stanley ***self-identified the case*** as a "No Injury" case pursuant to Plaintiffs' undisclosed methodology and Plaintiffs' leadership stated that while they were "surprise[d]" a case such as hers was on the list, it was Plaintiffs' express intent to dismiss all such self-selected cases.  While Plaintiffs' failure to provide any definitions or methodology about how they selected the cases prevents Cook from determining how and why the case came to be on Plaintiffs' list, Plaintiff Stanley had months to determine whether her case was a "No Injury" cases before the Order was entered.  If any error occurred, it is for reasons that only Plaintiff Stanley and Plaintiffs' leadership may explain.  Second, the Court's Order permits plaintiffs to

seek reinstatement of dismissed cases under limited circumstances reserved for cases that develop legally cognizable injuries in the future.  Because Plaintiff Stanley's Motion is premised on allegations related to complications that occurred in 2013 that she has known about for years, her case fails to meet either of the conditions for reinstatement.  Accordingly, Plaintiff's Motion to stay the Order dismissing her case should be denied.

I.    **Plaintiffs Voluntarily Self-Selected the Case for Dismissal and Plaintiffs' Leadership Confirmed It Was Their Express Intent to Dismiss Self-Designated "No Injury" Cases Such as This One**

Plaintiff Stanley claims in her Motion that "her case was included in the 'No Injury' group in error" and/or "inadvertently added to the 'No Injury' plaintiff group."  *See* Pl.'s Mot.

Cook did not designate the list of No Injury cases – Plaintiffs voluntarily did so themselves – and Plaintiffs never articulated the methodology by which they populated the list. As the Court may recall, Plaintiffs self-selected and circulated an initial list of 115[1] "No Injury" cases out of the 4000-plus cases pending in the MDL at the time, erroneously representing to the Court and to Cook that the "No Injury" issue plaguing this MDL was limited to just these 115 cases and was not as significant and widespread as Cook had determined through its review of the inventory.

- February 2018:   In response to Cook raising the PIP/No Injury issue and providing statistics that such cases were the predominant case type in the MDL, Plaintiffs' leadership presented at the February 15, 2018 hearing a list of "115 cases that are ***product-in place cases with no injury*** that we received from the listing from the Plaintiffs' counsel in the MDL."  Feb. 15, 2018 Hearing Tr., 18:11-21 (emphasis added).[2]

---

[1]  Plaintiffs' list of "No Injury" cases initially had 115 cases.  By the time these cases were finally dismissed, the list was reduced to 113 because two other cases were dismissed in the meantime for other reasons.

[2]  The hearing transcript excerpts cited herein are attached as exhibits.  Specifically, the February 15, 2018 hearing excerpts are attached as **Exhibit A**, the May 2, 2018 excerpts are attached as **Exhibit B**, and the June 14, 2018 hearing excerpts are attached as **Exhibit C**.

US.121720481

- <u>May 2018</u>:  The parties met-and-conferred over the coming weeks regarding the dismissal of the 115 cases.  By the May 2, 2018 hearing, Plaintiffs stated they were ready to dismiss the 115 cases if terms could be agreed regarding refiling in the case of a future injury:  "I'll work with them to get those 115 dismissed, Your Honor….these folks will be able to – without the state of limitations problem staring them in the face, be able to file their cases once there is an injury; and our concern was that they would claim the statute a problem. Of course, if they're no injury now, then there shouldn't be."   May 2, 2018, Hearing Tr:29:10-20 (statements by Plaintiffs' Co-Lead Counsel Ben Martin).

- <u>June 2018</u>:  Parties continued to meet-and-confer but negotiations broke down over the terms of the Order.  During the June 14, 2018, hearing, the Court discussed the terms of the Order paragraph-by-paragraph until satisfactory language was found.  *See* June 14, 2018 Hearing Tr., 27:6-8.

- <u>July 2018</u>:  The Court entered the Order dismissing the 113 remaining cases on the list on July 5, 2018, some five months after Plaintiffs first presented the list.

At all times, the selection of the 115 cases for the No Injury List was purely a self-designation process on the part of individual Plaintiffs' counsel coordinated by Plaintiffs' leadership.  Plaintiffs never articulated a methodology or definitions that would permit Cook to understand how the 115 cases were selected or how the list could be replicated.  Cook's counsel noted the lack of a coherent process by which these cases were selected on numerous occasions, stating, for example, at the June 14 hearing:  "the claims here that – you know, keep in mind they said these are no injury cases.  These are their allegations…Clearly there was no definition given and no methodology identifying these cases." Ex. C., June 14, 2018 Hearing Tr., 22:5-11.

In any event, it took over five months from when the cases were first self-disclosed to when they were ultimately dismissed.  Plaintiff Stanley did not at any point request to have her case removed from the list and Plaintiffs' leadership did not consider her case to be listed in error.  On the contrary, Plaintiff's Co-Lead Counsel Ben Martin asked the Court at the June 14, 2018 hearing to dismiss cases such as Plaintiff Stanley's case:  "It surprises me that there's one in here with unable to retrieve because that's actually a cognizable injury but if they're agreeing

- 3 -

to dismiss it, let's let the Plaintiff dismiss the case." *Id.*, 20:13-17.  Because Plaintiffs have never articulated the definitions or methodology, if any, by which they self-selected the "No Injury" cases, Cook had no input into what cases would be placed on the list or what process was followed to generate the list, making it impossible for Cook to determine what would even constitute an erroneous "No Injury" listing.  If any case was added to the list in error, Plaintiffs had months between February and July 2018 to review the list and alert the Court and Plaintiffs' leadership to that issue before the cases were finally dismissed on July 5, 2018.

Because Plaintiffs confirmed to the Court at the June hearing that all self-selected cases should be dismissed, irrespective of what they had alleged in their PPS forms, Plaintiff Stanley's case was not dismissed in error and the Court's Order should not be vacated.

## II.     Plaintiff Has Not Followed the Process for Potential Reinstatement Set Forth in the Court's Order and Does Not Allege Any New Facts

The Court's Order clearly sets out the narrow conditions for reinstatement of a dismissed case.  The Court's Order permits a case to be potentially reinstated in two circumstances related to manifestation of future injury.  Plaintiff has failed to follow the proper procedure to attempt reinstatement, and she fails to meet either condition for reinstatement.

First, the Order permits plaintiffs to "refile cases in the MDL in the event a legally cognizable injury occurs in the future with the statute of limitations after that injury occurs." Order, ¶ 3.  The Order makes clear that "[n]o plaintiff, however, may refile his or her case *if the future claim is based solely on one of the injuries, complications and/or outcomes listed in his or her individual case*" while it was pending.  *Id.* (emphasis added).  Here, Plaintiff Stanley seeks to vacate the Order on the basis of retrieval attempts made on May 24, 2013 and July 29, 2013 and alleged presence of clot after the attempts.  *See* Pl.'s Mot., PPS Excerpts, Dkt. 8506-1.  Because these alleged complications occurred in 2013, they were known to Plaintiff for years and plainly

- 4 -

are not a new "legally cognizable injury" that could potentially serve as a basis for reinstatement. *See* Order, ¶ 3.  Indeed, these same allegations were part of Plaintiff Stanley's case before it was voluntarily dismissed, making her plainly ineligible for reinstatement.

Second, the Court noted in the Order that some "Plaintiffs have stated that some injury allegations made in response to discovery may have been incorrect." *Id.*, ¶ 4.  Accordingly, the Court's Order permits "[t]o the extent an allegedly cognizable injury was claimed but does not actually exist at the time of dismissal, *should that alleged cognizable injury occur in the future*, the case may be refiled in the MDL under this Order on the basis of that future injury." *Id.* (emphasis added).  Again, the basis for reinstatement must be based on a future injury that a plaintiff had suspected or alleged in error but that had not yet materialized.  Here, Plaintiff Stanley is not claiming any new injury, but is instead seeking to vacate the Court's Order based on alleged complications that occurred in 2013, over five years ago.  Because she is neither claiming a new legally cognizable injury nor a previously alleged injury that had not materialized at the time the Order was entered, Plaintiff Stanley's case fails to meet the requirements of the Order for potential reinstatement.

Indeed, Plaintiffs seek to do here exactly what the Order was intended to prevent, as the Court noted at the June 14, 2018, hearing:

> I mean, you can't stipulate that there's – in these 114 cases, that there's – you can't stipulate that there's – in these 114 cases that there's no injury and then later on come back and say: Oh, yeah, there was an injury. That makes no sense.

Ex. C., June 14, 2018 Hearing Tr., 23:18-22.

Accordingly, the Court's Order should not be vacated and Plaintiff Stanley's case should remain dismissed.

US.121720481

Respectfully submitted,


Dated:  February 1, 2019

*/s/ James Stephen Bennett*
James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone:  (260) 424-8000
Facsimile:   (260) 460-1700
E-Mail:  stephen.bennett@faegrebd.com

Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (# 11856-49)
Nicholas B. Alford (# 31867-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  joe.tanner@faegrebd.com
E-Mail:  nicholas.alford@faegrebd.com

US.121720481

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2019, a copy of the foregoing DEFENDANTS'

OPPOSITION TO PLAINTIFF STANLEY'S MOTION TO VACATE COURT ORDER

DISMISSING HER CASE was filed electronically, and notice of the filing of this document will

be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants

registered to receive service in this matter.  Parties may access this filing through the Court's

system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.


*/s/James Stephen Bennett*

US.121720481