# EXHIBIT C

SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION
UNITED STATES DISTRICT COURT

IN RE: COOK MEDICAL, INC.,        )
IVC FILTERS MARKETING, SALES      ) Cause No.
PRACTICES AND LIABILITY           ) 1:14-ML-2570-RLY-TAB
LITIGATION                        ) Indianapolis, Indiana
                                  ) **June 14,** 2018
                                  ) 2:34 p.m.
                                  )

**Before the Honorable
RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE

**For Plaintiffs:**           Ben C. Martin, Esq.
                              LAW OFFICES OF BEN C. MARTIN
                              3710 Rawlins St., Suite 1230
                              Dallas, TX  75219

                              Joseph N. Williams, Esq.
                              RILEY WILLIAMS & PIATT, LLC
                              301 Massachusetts Avenue
                              Indianapolis, IN  46204

                              Michael W. Heaviside, Esq.
                              HEAVISIDE REED ZAIC
                              910 17th Street NW, Suite 800
                              Washington, D.C.  20006

1  the list of the names of the cases and we're done.  There's
2  absolutely nothing wrong with this order dismissing the 114
3  pending cases except for Paragraphs 3 and 4 and referencing
4  that exhibit that lists all of these complications that we
5  from Day 1 have said are injuries.
6          You know what I think happened, Your Honor, if I can
7  maybe -- I think when the Plaintiffs' lawyers filed the
8  cases -- I'll let the Court take a look at that first.  I
9  think probably what happened, there's 114 cases here.  I think
10 probably when the Plaintiffs' lawyers -- there may have been a
11 tilted filter or something.  But nobody's ever -- nobody's
12 ever described an injury like a perforation or anything.
13         It surprises me that there's one in here with unable
14 to retrieve because that's actually a cognizable injury but if
15 they're agreeing to dismiss it, let's let the Plaintiff
16 dismiss that case.  And they -- and they may put that they've
17 got mental anguish.  Okay.  Here's check mark for pain.  Well,
18 we can't -- because they've alleged that they had pain, okay,
19 we can't agree that pain is not a legally cognizable result
20 from an injury.  I'm afraid later on that we're going to get
21 stuck with the problem of our having stipulated that pain is
22 not a complication of an IVC filter.  It is part of the
23 process.  You can have pain from an IVC filter.
24         And you know, when it lists DVT, you can have a DVT.
25 All I'm saying, Your Honor, is that in No. 3 and No. 4, when

1  and they just said: We'll just move to dismiss; we're done
2  with the negotiations. So we apologize for making your time
3  on this thing when we could have done this before the hearing
4  but we sent it on June 6th.
5       Secondly, the claims here that -- you know, keep in
6  mind they said these are no injury cases. These are their
7  allegations. Not something we've described. We're using
8  their words here. So for Ben to on the one hand to say, well,
9  we can't agree to this being a no injury and at the same time
10 saying these cases are no injury cases, it kind of proves the
11 point I made earlier about definition and methodology.
12 Clearly there was no definition given and no methodology
13 identifying these cases. But we are where we are. We have
14 114 cases.
15      We already agreed we'd get rid of Paragraph 3 and
16 say these are only related to the MDL. Paragraph 4, we're
17 entitled to some protection because the way they have it now,
18 they can reassert a claim that they dismissed a long time ago
19 and we have no idea when the triggering of statute of
20 limitations begins. We need to have something where it has to
21 be a new injury alleged. You can't rely on an old injury to
22 trigger statute of limitations. You can't rely on the old
23 injury as part of the claim. You can't -- you can only have a
24 new injury to bring the claim again.
25      And they already agreed -- and I don't know whether

1  they've pulled back on this.  You already agreed, Mr. Martin,
2  that we would have it refiled an MDL if a new claim presented
3  itself.  That was part of your proposed order as well.
4           THE COURT:  Excuse me.  I didn't hear that.
5           MR. BENNETT:  That if it's refiled, it's refiled in
6  the MDL.  So we ask that you keep Paragraph 4 in place or some
7  version of it.
8           MR. MARTIN:  That's not all that Paragraph 4 says,
9  Your Honor.  Paragraph 4 says you can never file a case -- you
10 can never file a case with one of those complications that's
11 listed on that lengthy list of complications.
12          MR. BENNETT:  For those cases.  This is related just
13 to the 114 cases.  It even says "for any of these cases."  It
14 doesn't say period, across the board.  We've limited it to
15 just these cases.  But it says they cannot refile their cases
16 if the future claim is based on one of the injuries,
17 complications and outcomes listed for any of these cases.
18          THE COURT:  I mean, you can't stipulate that
19 there's -- in these 114 cases, that there's -- you can't
20 stipulate that there's -- in these 114 cases that there's no
21 injury and then later on come back and say:  Oh, yeah, there
22 was an injury.  That makes no sense.
23          MR. WILLIAMS:  No, Your Honor, and I understand
24 that.  I think, if I may, where the confusion is, is let's say
25 that on this list of 114, Mr. Matthews has a case -- I know

1  right here.  He said basically said what's in Paragraph 4 and
2  what you said.  I don't know why he has a problem with
3  Paragraph 4.  All you need to do is modify Paragraph 3 and
4  we're done and we can email you over a new Exhibit A with just
5  a case name and the number and we can enter it today.
6              THE COURT:  Well, I'm not going to let you folks out
7  of here without getting an agreement on this.  I did that
8  before and it didn't work out.
9              So Paragraph 3, in exchange for dismissal without
10 prejudice, the parties stipulate that all the injuries,
11 complications and outcomes claimed to date by the 114
12 Plaintiffs in Exhibit A are not cognizable injuries caused by
13 a Cook IVC filter in the cases listed in Exhibit A.
14             MR. MARTIN:  I don't think they agreed to take it
15 out and we ask it be taken out.
16             MR. BENNETT:  We can simply say in Paragraph 3 this
17 order only applies to the 114 cases listed in Exhibit A.
18             THE COURT:  I think that's implied but I mean, if
19 you want to put that in there, if that would make you feel
20 better, you can do that.
21             MR. WILLIAMS:  If they change that -- sorry, Your
22 Honor.  I think that's redundant but if they want to put that
23 sentence in as Paragraph 3 --
24             MR. BENNETT:  I'm doing that for you.  I don't care.
25             MR. WILLIAMS:  That's fine.