# Exhibit 1

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF INDIANA
 2                       INDIANAPOLIS DIVISION

 3

 4  IN RE: COOK MEDICAL, INC.,    )
    IVC FILTERS MARKETING, SALES  ) Cause No.
 5  PRACTICES AND LIABILITY,      ) 1:14-ML-2570-RLY-TAB
    LITIGATION                    ) Evansville, Indiana
 6                                ) January 9, 2019
                                  ) 9:13 a.m.
 7                                )

 8

 9

10                     Before the Honorable
                        RICHARD L. YOUNG
11
                   OFFICIAL REPORTER'S TRANSCRIPT OF
12                        MOTION HEARINGn

13

14  For Plaintiffs:              Roger L. Mandel, Esq.
                                 Jeeves Mandel Law Group
15                               12222 Merit Drive
                                 Dallas, TX  75251
16

17                               Ben C. Martin, Esq.
                                 Law Offices of Ben C. Martin
18                               3710 Rawlins Street, Suite 1230
                                 Dallas, TX  75219
19

20                               Denman H. Heard, Esq.
                                 Heard Law Firm, PLLC
21                               2925 Richmond Ave., Suite 15
                                 Houston, TX  77098
22

23                               Laura Baughman, Esq.
                                 Baron & Budd
24                               3102 Oak Lawn Avenue
                                 Dallas, TX  75219
25
```

```
 1                                    Michael W. Heaviside, Esq.
                                      Heaviside Reed Zaic
 2                                    910 17th Street NW, Suite 800
                                      Washington, D.C.  20006
 3

 4

 5     For Defendants:                 Andrea Roberts Pierson, Esq.
                                       Jessica Benson Cox, Esq.
 6                                     Charles F. Webber, Esq.
                                       Anna Rutigliano, Esq.
 7                                     Ryan Hurley, Esq.
                                       Bruce G. Jones, Esq.
 8                                     Faegre Baker Daniels, LLP
                                       300 N. Meridian St., Suite 2700
 9                                     Indianapolis, IN  46204

10

11

12

13     Court Reporter:                 Margaret A. Techert
                                       United States District Court
14                                     101 NW Martin Luther King Blvd.
                                       Evansville, Indiana  47708
15

16           PROCEEDINGS TAKEN BY MACHINE SHORTHAND
        TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION
17

18

19

20

21

22

23

24

25
```

1  standard, that doesn't work either for a whole host of
2  reasons.
3          THE COURT: Thank you. We'll get something out on
4  that. Next?
5          MR. MANDEL: Next, Your Honor, the objections to the
6  deposition designations of Dr. Rheudasil.
7          MS. PIERSON: I just want to put one stipulation on
8  the record before you go. I tried to do it earlier and we got
9  off track. I apologize for interrupting, Mr. Mandel.
10 Mr. Martin and Mr. Heaviside and Ms. Baughman and I had some
11 conversations about -- on the evidence of the financial
12 condition of the Defendants, should we get to the stage of
13 considering that evidence in a punitive incentives phase, how
14 would that be handled.
15         This issue came up because there are two experts,
16 Mr. Johnson and Mr. Mills that the Plaintiffs have designated
17 to talk about financial issues of the Defendants. We've moved
18 to exclude their testimony on Daubert and you may recall at
19 the last hearing the parties agreed to put this aside and try
20 to work something out. So, Mr. Martin or Mr. Heaviside, step
21 up and I want you to say if I've got this wrong. I think
22 where things stand today, some progress that we can report
23 today, is the parties have agreed that in lieu of admitting
24 evidence of financial things, net worth and the like, that
25 there will be a stipulation that would be read to the jury

1 that would list the net worth of the Defendants.

2 　　　　We've provided a form stipulation that we agreed to
3 with Mr. Matthews in Pavlock, and I think they've agreed that
4 the form is right.  We've agreed to that, as it relates to the
5 three named Defendants.  The Plaintiffs have suggested that
6 the net worth of Cook Group should be added to that.  We
7 object but we want to tee that issue up on a different day.

8 　　　　I did want to report to the Court that we've reached
9 that agreement as it relates to the three named Defendants and
10 on the Daubert motion on Mr. Johnson and Mills, I don't recall
11 if they have any Cook Group related opinions.  So maybe we
12 could just continue to table that until we work out this last
13 part.  Do I have that right?

14 　　　　THE COURT:  Mr. Heaviside side.

15 　　　　MR. HEAVISIDE:  Yes.  I'll try to be more direct
16 than a lot of the information you've received today.  We got
17 figures from Ms. Pierson regarding Cook Inc., Cook Medical and
18 William Cook Europe.  Now, in this enterprise, the important
19 questions are, assuming we get there:  What amount of money
20 would be sufficient to deter this -- I'm going to say aberrant
21 behavior.  That's issue one.  And two, what is their ability
22 to pay?

23 　　　　So there's four entities that are relevant.  Our
24 understanding is that Cook Group Inc. is the mothership.
25 Seems pretty obvious that if this group, these three figures

1  combined, produce a figure of X but the mothership produces a
2  figure of 50X, we think that that figure is relevant to those
3  two questions I just laid out for you.
4           So I have absolutely no reason to dispute the
5  figures that we were given, none whatsoever.  Of course, we
6  won't but we do feel that we're going to need the figures for
7  Cook Group Inc. or to include in the stipulation the agreement
8  from the CMO that the mothership pays for the judgment
9  incurred by these three entities.  So that's where we are.
10           THE COURT:  Okay.
11           MS. PIERSON:  As I said, that last piece of it let's
12 table for a different day.  This issue just came up yesterday.
13 We'll probably have to brief it.
14           THE COURT:  I would need a great deal more
15 information to be able to make some kind of determination on
16 that.
17           MS. PIERSON:  I just wanted to put on the record
18 that we have an agreement as to the three named Defendants so
19 that neither side needs to be thinking about or worrying about
20 what evidence would be put on in a punitive incentives phase
21 that involves financial condition of the three named
22 defendants.
23           THE COURT:  Right.
24           MS. PIERSON:  And you don't need to rule on the
25 Johnson and Mills motion right now.