Exhibit 2

```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
 2                     INDIANAPOLIS DIVISION

 3

 4  IN RE: COOK MEDICAL, INC.,       )
    IVC FILTERS MARKETING, SALES     ) Cause No.
 5  PRACTICES AND LIABILITY,         ) 1:14-ML-2570-RLY-TAB
    LITIGATION                       ) Indianapolis, Indiana
 6                                   ) February 1, 2019
                                     ) 8:25 a.m.
 7                                   )

 8

 9

10                      Before the Honorable
                         RICHARD L. YOUNG
11
                   OFFICIAL REPORTER'S TRANSCRIPT OF
12                     JURY TRIAL - VOLUME 14

13

14  For Plaintiffs:
                                Ben C. Martin, Esq.
15                              Law Offices of Ben C. Martin
                                3710 Rawlins Street, Suite 1230
16                              Dallas, TX  75219

17

18                              Joseph N. Williams, Esq.
                                Riley Williams and Piatt, LLC
19                              301 Massachusetts Ave., Ste 300
                                Indianapolis, IN  46204
20

21                              Denman H. Heard, Esq.
                                Heard Law Firm, PLLC
22                              2925 Richmond Ave., Suite 15
                                Houston, TX  77098
23

24

25
```

```
                          Laura Baughman, Esq.
                          Baron & Budd
                          3102 Oak Lawn Avenue
                          Dallas, TX  75219


                          Michael W. Heaviside, Esq.
                          Heaviside Reed Zaic
                          910 17th Street NW, Suite 800
                          Washington, D.C.  20006



                          Misty A. Farris, Esq.
                          Fears Nachawati
                          5473 Blair Road
                          Dallas, TX  75231




For Defendants:           Andrea Roberts Pierson, Esq.
                          Jessica Benson Cox, Esq.
                          Charles F. Webber, Esq.
                          Kip McDonald, Esq.
                          Bruce G. Jones, Esq.
                          Faegre Baker Daniels, LLP
                          300 N. Meridian St., Suite 2700
                          Indianapolis, IN  46204




Court Reporter:           Margaret A. Techert
                          United States District Court
                          101 NW Martin Luther King Blvd.
                          Evansville, Indiana  47708


         PROCEEDINGS TAKEN BY MACHINE SHORTHAND
   TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION
```

1            THE COURT:  Show jury's polled.  It is indeed a
2   unanimous verdict.
3            Members of the jury, you kept me up late tonight.
4   So that is your verdict.  And I want to thank you very much
5   for your service.  I'm going to have you go back into the jury
6   room just for a few minutes while I conduct a few matters out
7   here, and then I'll bring you back out here shortly.  But
8   we'll get you home shortly.  Thank you very much.
9            (Jury exited the courtroom at this time.)
10           THE COURT:  Please be seated.
11           Okay.  Verdict has been returned.  There is a motion
12  for summary judgment that's been filed on the punitive damages
13  claim I've had under advisement.  I assume that the parties
14  want to address that at some point in time as well.  But we
15  need to figure out how we're going to proceed on here today.
16  I don't want to argue that tonight, quite frankly.  I don't
17  think you all want to do that either.
18           My thought would be to bring them back maybe on
19  Monday afternoon to begin proceedings.  We could have
20  argument.  And then, assuming that that motion would be
21  denied, we'd proceed on with punitive damages.
22           Mr. Martin or Mr. Heard, how do you wish to proceed
23  on that?  Is most of your evidence in already on that issue or
24  how -- how would you plan to proceed?
25           MR. MARTIN:  Yes, Your Honor.  We believe -- we've

1  looked at this, and I think we could put on, certainly, our
2  evidence within -- within an hour or less, and we can marshal
3  that all up this weekend and have a good efficient approach to
4  that on Monday or whenever the Court so chooses.
5            THE COURT:  Ms. Pierson.
6            MS. PIERSON:  Your Honor, we'd like to argue the
7  motion on summary judgment on punitive damages first, if we
8  could.  And if it's possible to get a decision from Your Honor
9  first, that would be our preference.
10           We'll do this whenever Your Honor thinks it's
11 appropriate, obviously, but if we had the ability to present
12 evidence on Tuesday as opposed to Monday, that would
13 certainly -- in light of the fact that it's midnight on Friday
14 night, we've got several people from out of town here for the
15 weekend.  We'd prefer to do it on Tuesday if that's a
16 possibility.
17           THE COURT:  Would anybody have any concern if I went
18 back and talked to the jurors just for a moment to determine
19 what their preference would be?
20           MR. HEARD:  None at all.
21           MR. WILLIAMS:  No.
22           THE COURT:  They're not going to be happy.  Reminds
23 me of my old state court days when we used to have them come
24 back on a habitual offender charge.  They figure that they're
25 done.  Well, wait a second; have to come back on this.

```
 1              So let me talk to them and see what their --
 2   certainly, I'm not going to talk to them about any of the
 3   merits, just procedure as to how we're going to proceed and
 4   let them know that we're going to do that.  Okay.
 5              (A recess was taken at this time.)
 6              THE COURT:  Please be seated.  They've agreed that
 7   Tuesday morning would be a good time for them to come back.
 8   That will give them an opportunity for Monday to check in with
 9   employers, and we need to provide them some additional
10   information that they can take back to their employers so they
11   know.  We'll come back then on Tuesday at 8:00 and proceed on
12   with the next phase of the trial.
13              Anybody have anything else that we need to talk
14   about?
15              MS. PIERSON:  So, Judge, can we argue the motion for
16   summary judgment on Monday then, or you want to do that first
17   thing Tuesday morning?  Or what's your preference?
18              THE COURT:  Let's do that first thing Tuesday
19   morning.  Why don't we do that.
20              MS. PIERSON:  Can we do our directed verdict on
21   Tuesday morning too?
22              THE COURT:  Right.  Yeah, we can do all that on
23   Tuesday morning.  That would be good.
24              MS. PIERSON:  You may not recall it, Judge, but when
25   we were together for the motion in limine hearing, we put on
```

1   the record that the parties had reached an agreement to a
2   stipulation as to net worth for the three named defendants in
3   lieu of -- the plaintiffs had disclosed a couple of experts on
4   that topic.  We filed a *Daubert* motion.
5              So the way we agreed to resolve that was by a
6   stipulation.  We've agreed to the form of it.  We just haven't
7   shared the numbers for that with the plaintiffs yet, but we'll
8   do that over the weekend, between now and Tuesday.
9              THE COURT:  If we put all that on paper, that would
10  be great.
11             MS. PIERSON:  That sounds good.  It would be helpful
12  to know what the Court sees as the scope of the evidence, if
13  possible, between now and then.  And we prepared a bench brief
14  on that point -- or a motion that we'll file with the Court
15  over the weekend so that we can talk about that and get an
16  idea of what each side might expect to present in terms of
17  scope.
18             THE COURT:  All right.  I don't know what other --
19  what other evidence would be out there other than financial.
20             MS. PIERSON:  Hard to imagine.
21             THE COURT:  Hard to imagine, yeah.  But, certainly,
22  I'm open to whatever -- whatever suggestions you might have
23  that are -- that are out there.
24             Mr. Martin.
25             MR. MARTIN:  Yes, sir.  Again, we've discussed there