# IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570<br><br>**LIST OF PROPOSED JURY INSTRUCTIONS** |
| This Document Relates to<br>    1:14-cv-06018-RLY-TAB | |

## PLAINTIFF'S PROPOSED REQUESTS TO CHARGE CONCERNING PUNITIVE DAMAGES

COMES NOW Tonya Brand, Plaintiff in the above-styled action, and hereby files these Requests to Charge on punitive damages under Indiana law.

Dated February 4, 2019.

Respectfully Submitted,

 */s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49

Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

/s/ Ben C. Martin
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@bencmartin.com

/s/ David P. Matthews
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Ben C. Martin
Ben C. Martin

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**

Members of the jury, the evidence concerning punitive damages has been completed, and plaintiff's counsel and defense counsel will make their final arguments to you in a few moments. As before, you and I now play the most important part of our respective roles in this case. I will now instruct you on the law that you are to apply to the evidence you have heard in this phase of this case.

These instructions are my responsibility, and it is your duty to follow the rules of law stated in these instructions even if you might personally disagree with them. Regardless of any opinion you may have as to what the law ought to be, your duty as jurors is to base your verdict upon the law as set out in these instructions.

It is your responsibility to determine the facts from the evidence in this case. Then you are to apply the law to the facts and in this way decide the case.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**

These instructions that I am reading to you will be sent into the jury room along with the exhibits admitted into evidence in this phase of the trial.

The instructions you received previously, for example, concerning your role in judging credibility and weighing the evidence, all continue to apply in this phase of the trial. If you would like to review those instructions, please inform the bailiff.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 3**

In addition to compensatory damages, you may award punitive damages.

Punitive damages may be awarded if you decide that Tonya Brand proved by clear and convincing evidence that either:

(1) The Cook Defendants' actions amounted to willful and wanton misconduct; OR

(2) (A) The Cook Defendants' acted either:

    a. maliciously;

    b. fraudulently;

    c. oppressively; OR

    d. with gross negligence,

AND

(B) The Cook Defendants' acts were not the result of any of the following:

    a. mistake of fact;

    b. an honest error of judgment;

    c. overzealousness;

    d. ordinary negligence; OR

    e. other human failing.

**SOURCE:** Indiana Model Civil Jury Instructions 737 (Punitive Damages)

**GIVEN** _____  **REFUSED** _____  **MODIFIED** _____

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 4

The terms of the previous instruction on punitive damages have the following meanings:

"Gross negligence" is a voluntary act or failure to act done with reckless disregard of probable injury to a person, when the defendants knew of that probability and, if the Cook Defendants failed to act, they had the opportunity to avoid the risk.

"Wanton and willful" misconduct is an intentional act or failure to act done with reckless disregard to the probable injury to a person, when the defendants knew of that probability and, if the defendants failed to act, they had the opportunity to avoid the risk.

"Malice" is an act or failure to act done:

(1) intentionally,

(2) without legal authority or excuse, and

(3) with the intent to injure.

"Fraud" is an act, a failure to act, or a concealment done knowingly or intentionally to cheat or deceive another person.

"Oppressiveness" is an act or failure to act done in a domineering, overbearing, or controlling manner that subjects another person to a cruel and unjust hardship.

**SOURCE:** Indiana Model Civil Jury Instructions 739 (Punitive Damages—Terms--Definitions)

**GIVEN** _____   **REFUSED** _____   **MODIFIED** _____

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

When I say that a particular party must prove something by "clear and convincing evidence," this is what I mean: When you have considered all of the evidence, you are convinced that it is highly probable that it is true. This is a higher burden of proof than "more probably true than not true." Clear and convincing evidence must persuade you that it is "highly probably true."

**SOURCE:** Seventh Circuit Pattern Civil Jury Instructions 1.28 (Clear and Convincing Evidence)

**GIVEN** _____  **REFUSED** _____  **MODIFIED** _____

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 6**

If you decide to award punitive damages, you must determine the amount of money you believe will be adequate to:

(1) punish the Cook Defendants for what they did to Tonya Brand; and

(2) deter the Cook Defendants and other companies from similar acts in the future.

In deciding the amount of punitive damages, you many consider:

(a) the amount of actual or potential harm suffered by Tonya Brand as a result of the Cook Defendants' conduct;

(b) the amount of any civil fines or penalties that apply to conduct similar to the Cook Defendants' conduct;

(c) the Cook Defendants' financial condition; and

(d) the degree of represensibility of the Cook Defendants' conduct.

Reprehensible means deserving of severe disapproval. In determining the degree of reprehensibility of the Cook Defendants' conduct, you should consider the following:

- Was the harm caused physical as opposed to financial?

- Did the Cook Defendants' conduct show a reckless disregard for the health or safety of others?

- Did the Cook Defendants' conduct involve repeated actions or was it an isolated incident?

- Was the harm the result of intentional malice, trickery, or deceit, as opposed to mere accident?

- Was the target of the Cook Defendants' conduct financially vulnerable?

**SOURCE:** Indiana Model Civil Jury Instructions 741 (Measure of Punitive Damages)

**GIVEN** _____        **REFUSED** _____        **MODIFIED** _____

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

You may not use evidence of out-of-state conduct to punish the Cook Defendants if that conduct was lawful in the place where it occurred.

**SOURCE:** Indiana Model Civil Jury Instructions 745 (Punitive Damages—Out-of-State Conduct)

**GIVEN** _____    **REFUSED** _____    **MODIFIED** _____

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8**

As before, the foreperson will preside over your deliberations in this phase of the trial and will be your representative here in court.

A verdict form has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in the verdict form and date it.

When you wish to return your verdict, you will notify the bailiff.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 9**

From now until you are discharged, you must remain together in a group, and in the charge of the bailiff. During your deliberations, you are not to talk with anyone other than your fellow jurors. If you need anything (other than food or refreshments or other accommodations) the only proper way to communicate with the court is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the bailiff.

No member of the jury may ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching on the merits of the case except in writing, or orally here in open court. Remember that you have already heard all of the evidence in this case and you have all of the law applicable to this case in these instructions. Therefore, it is unlikely that I would be able to answer any questions about the evidence or the law in this case.

You will notice from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person — not even to the court — how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.