UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |
| This Document Relates to: *Brand v. Cook Medical, Inc. et al.,* Case No. 1:14-cv-06018-RLY-TAB | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM PUNITIVE-DAMAGES PHASE

The Cook Defendants submit the following proposed jury instructions for the punitive-damages phase of the trial in this matter. The Cook Defendants reserve the right to alter or amend these proposed instructions and verdict form based on further developments, including but not limited to further rulings by the Court and the admission of evidence at trial.

Submitted this 4th day of February, 2019.

Respectfully submitted,

/s/ *Andrea Pierson*

Andrea Roberts Pierson (# 18435-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com

*Counsel for the Defendants, Cook Medical LLC f/k/a Cook Medical Incorporated, Cook Incorporated, and William Cook Europe ApS*

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. \_\_\_\_

Plaintiff claims she is entitled to an award of punitive damages. She must prove this claim by clear and convincing evidence.[1]

---

[1] Ind. Civil Pattern Instruction No. 109.

**PHASE II PUNITIVE DAMAGES INSTRUCTION NO. \_\_\_\_**

Proof by clear and convincing evidence is a higher standard of proof than proof by the greater weight of the evidence, which was the standard that applied to the first part of the trial.

Proof of a claim by clear and convincing evidence means that the facts supporting that claim are highly probable.

In criminal law we require that crimes be proved by an even higher standard of proof called beyond a reasonable doubt. We do not use this higher standard in civil cases, but the concept of beyond a reasonable doubt helps us to understand the concept of clear and convincing evidence, which is only minutely below the reasonable doubt standard.[2]  Clear and convincing evidence is a higher standard than the greater weight of the evidence, but a lower standard than beyond a reasonable doubt.

---

[2] Ind. Civil Pattern Instruction No. 113 (modified); *Westray v. Wright*, 834 N.E.2d 173, 179 (Ind. Ct. App. 2005) ("a plaintiff must prove the facts supporting punitive damages by clear and convincing evidence, a burden that is 'but minutely below the "reasonable doubt" standard.'") (quoting *Orkin Exterminating Co. v. Traina,* 486 N.E.2d 1019, 1022 (Ind. 1986), *superseded in part on other grounds by Erie Ins. Co. v. Hickman,* 605 N.E.2d 161, 162 (Ind. 1992)).

**PHASE II PUNITIVE DAMAGES INSTRUCTION NO. \_\_\_\_**

There is a presumption that the defendant's actions, although you found them to constitute a design defect, were nevertheless unintentional human failings.[3] The plaintiff may rebut that presumption only if she is able to prove by clear and convincing evidence that punitive damages may be awarded.

---

[3] *Budget Car Sales v. Stott,* 656 N.E.2d 261, 266 (Ind. Ct. App. 1995) ("*Orkin* describes the defendant against whom punitive damages are sought in a tort action as being 'cloaked with the presumption that his actions, thought tortious, were nevertheless noniniquitous human failings.'") (quoting *Orkin Exterminating Co. v. Traina,* 486 N.E.2d 1019, 1022 (Ind. 1986), *superseded in part on other grounds by Erie Ins. Co. v. Hickman,* 605 N.E.2d 161, 162 (Ind. 1992)).

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. \_\_\_\_

In considering whether to award punitive damages, you may only consider conduct by Cook in the Celect design process that occurred before or on April 20, 2007, when the design of the Celect was completed. You must not base your decision on any conduct that occurred after April 20, 2007.[4]

---

[4] Court's ruling on telephone conference February 4, 2019.

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. \_\_\_\_

Punitive damages may be (but are not required to be) awarded if you decide that Plaintiff proved by clear and convincing evidence that either:

(1) Cook's actions in designing the Celect before April 20, 2007 caused Plaintiff's injuries and amounted to willful and wanton misconduct; OR

(2) (A) In the design process for the Celect, prior to April 20, 2007, Cook acted:

    a. maliciously;

    b. fraudulently;

    c. oppressively; OR

    d. with gross negligence,

AND

(B) Cook's actions were not the result of any of the following:

    a. mistake of fact;

    b. an honest error of judgment;

    c. overzealousness;

    d. ordinary negligence; OR

    e. other human failing.[5]

---

[5] Ind. Civil Pattern Instruction No. 737 (modified). *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003); *Crabtree ex rel. Kemp v. Estate of Crabtree*, 837 N.e.2d 135, 138 (Ind. 2005) ("There is no freestanding claim for punitive damages apart from the underlying cause of action"); *see also Purnick v. C.R. England, Inc.*, 269 F.3d 851, 853 (7th Cir. 2001) (affirming trial court's standard of requiring "clear and convincing evidence of proximate cause" to prove punitive damages) (applying Indiana law).

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. \_\_\_\_

The terms in the previous instruction on punitive damages have the following meanings:

"Wanton or willful" misconduct is an intentional act done with reckless disregard of probable injury to a person, when the defendant knew of that probability.

"Malice" is an act done:

(1) intentionally,

(2) without legal authority or excuse, and

(3) with the intent to injure.

"Fraud" is an act done knowingly or intentionally to cheat or deceive another person.

"Oppressiveness" is an act done in a domineering, overbearing, or controlling manner that subjects another person to a cruel and unjust hardship.

"Gross negligence" is a voluntary act done with reckless disregard of the consequences to another person.[6]

---

[6] Ind. Civil Pattern Instruction No. 739 (modified).

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. \_\_\_\_

Punitive damages are not awarded as of right. This means that even if the Plaintiff has met her burden of proof by the clear and convincing evidence standard that I mentioned earlier, you are not required to award punitive damages. You may choose whether or not to award punitive damages.[7]

---

[7] *Smith v. Wade*, 461 U.S. 30, 52-53 (1983) (noting punitive damages are "never awarded as of right" and a jury can always choose not to award punitive damages).

## PHASE II PUNITIVE DAMAGES INSTRUCTION NO. ____

If you decide to award punitive damages, you must determine the amount of money you believe will be adequate to:

(1) punish Cook for its design of the Celect; and

(2) discourage Cook and other companies from similar acts in the future.

In deciding the amount of punitive damages, you may consider:

(a) the amount of actual or potential harm suffered by Plaintiff as a result of Cook's conduct;

(b) the amount of any civil fines that apply to conduct similar to Cook's conduct;

(c) Cook's financial condition; and

(d) the degree of reprehensibility of Cook's conduct in designing the Celect.

Reprehensible means deserving of severe disapproval. In determining the degree of reprehensibility of Cook's conduct, you should consider the following:

• Was the harm caused physical as opposed to financial?

• Did Cook's conduct in the design process prior to April 20, 2007, show a reckless disregard for the health or safety of others?

• Was the harm the result of intentional malice, trickery, or deceit, as opposed to mere accident?[8]

---

[8] Ind. Civil Pattern Instruction No. 741 (modified).

**PHASE II PUNITIVE DAMAGES INSTRUCTION NO. \_\_\_\_**

You may not use evidence of out-of-state conduct to punish Cook if that conduct was lawful in the place where it occurred.[9]

---

[9] Ind. Civil Pattern Instruction No. 745.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONYA BRAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:14-cv-6018-RLY-TAB |
| vs. ) | |
| ) | |
| COOK MEDICAL, LLC, COOK ) | |
| INCORPORATED, AND WILLIAM ) | |
| COOK EUROPE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PUNITIVE DAMAGES VERDICT FORM**

1. **Has Plaintiff proven, by clear and convincing evidence, that punitive damages should be awarded against Cook?**

   ____ Yes          ____ No

   If your answer to Question 1 is "yes," then go to Question 2. If your answer to Question 1 is "no," then skip Question 2 and the foreperson should sign and date this form.

2. **What is the total amount of punitive damages, if any, that you find should be assessed against Cook?**

   $_____

**The Foreperson should sign and date this verdict form.**

FOREPERSON (Signature) _____

FOREPERSON (Printed Name) _____

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *Andrea Pierson*

Andrea Roberts Pierson (# 18435-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com