**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

> *Brand v. Cook Medical, Inc. et al.,*
> Case No. 1:14-cv-06018-RLY-TAB

**THE COOK DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO SEAL COURT**
**PROCEEDINGS FOR DISCUSSION OF NET WORTH AND**
**TO REDACT OFFICIAL TRANSCRIPT**

The Cook Defendants[1] are privately held companies whose financial information is not publicly disclosed. Plaintiff has announced her intention to introduce evidence of the Cook Defendants' net worth in the punitive-damages phase of this trial. Cook acknowledges that Plaintiff may introduce this evidence and that the jury may consider it, but the information is highly sensitive and should not be aired in manner that anyone—including Cook's competitors—is free to see and hear it. In accordance with Local Rule 5-11(d)(2)(A), Local Rule 80-2(b), and Paragraph 11 of Case Management Order #8 (*Stipulated Protective Order on Confidential Information*) [Dkt. 481], the Cook Defendants respectfully move the Court to seal the court proceedings for discussion of the Cook Defendants' highly confidential net worth and redact the official transcript of court proceedings regarding that information.

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed).  Other confidential business or commercial information that does not technically fit the definition of trade secret is entitled to the same level of protection as trade secrets if its disclosure would be harmful economically.  *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1–3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").  Courts have determined that highly sensitive and confidential information, including financial records, is entitled to protection from public disclosure.  *See e.g., ABRO Indus., Inc. v. 1 New Trade, Inc.*, 2015 WL 13655677 (N.D. Ind. Sept. 16, 2015) at *3 (granting plaintiff's motion for a protective order with respect to confidential information about its financial records, sales, customers, and pricing); *Flomo v. Bridgestone Americas Holding, Inc.*, 2009 WL 1459736, at *11 (S.D. Ind. May 20, 2009) (noting that where a company is not publicly traded, special concerns are implicated regarding production of sensitive financial information).

Paragraph 11 of Case Management Order #8 (*Stipulated Protective Order on Confidential Information*) [Dkt. 481] ("CMO #8") provides: "During the trial of any case, if a party seeks to introduce into evidence documents which are subject to this Order, Cook shall make the appropriate request of the Court to protect against the dissemination of such trade secret or commercially confidential documents."   The Cook Defendants' financial information was

US.121829642.04

produced to Plaintiff subject to the confidentiality protections of CMO #8.  *Id.* ("Confidential information may be further designated as "Attorneys' Eyes Only" if a Defendant produces materials or provides testimony that it believes in good faith would, if disclosed, cause substantial economic harm to the competitive position of the entity from which the information was obtained, including, but not limited to: (a) profits and profit margins.").

To avoid a lengthy presentation of evidence to the jury regarding the Cook Defendants' financial condition, the parties have agreed to stipulate to the net worth of each of the Cook Defendants.  That stipulation is based upon financial information that was produced to Plaintiff under the "Attorneys' Eyes Only" confidentiality provisions of CMO #8.

## II.    ARGUMENT

The Court should seal the courtroom for the discussion of the Cook Defendants' net worth. As family-owned, private companies, the Cook Defendants are entitled to a higher degree of protection with respect to their confidential financial information.  *See* CMO #8 [Dkt. 481]; *Flomo,* 2009 WL 1459736, at *11.

Indeed, this Court has noted Cook's private-company status when limiting the discovery of financial information in this matter.  In Magistrate Baker's March 15, 2017, Order on Discovery of Cook Group, Inc.'s Financial Information, he noted, "[t]o require Cook Group, Inc., *a privately held company,* to fling open its books for Plaintiffs' inspection simply goes too far."  [Dkt. 4108, p. 3 (citing *Flomo v. Bridgestone Americas Holding, Inc.*, 2009 WL 1456736, at *11 (S.D. Ind. May 20, 2009) (emphasis added)).]  In overruling Plaintiff's objections to that Order, this Court noted that "denying Plaintiffs' request for the financial information of Cook Group, Inc. – *a non-public company* – was not clearly erroneous or contrary to law."  [Dkt. 4437, p. 6 (emphasis added).]

3

While the Cook Defendants acknowledge that court proceedings generally are open to the public, sealing of the court proceedings for just a short time during the discussion of the Cook Defendants' net worth is warranted in this situation. *See, e.g.*, *Litton Indus., Inc. v. Chesapeake & Ohio Ry. Co.*, 129 F.R.D. 528, 530 (E.D. Wis. 1990) (recognizing that the courtroom can be cleared so that only the jury will remain where disclosure of information would provide a competitor with an unfair advantage and would harm present customer relationships).

"The Seventh Circuit has maintained that the open court system (1) promotes community respect for the rule of law, (2) provides a check on the activities of judges and litigants, and (3) fosters more accurate fact finding." *Doe v. City of Marion, Indiana*, 2002 WL 32072794, at *1 (N.D. Ind. Feb. 1, 2002). But none of these general policy reasons warrant the open disclosure of the Cook Defendants' confidential financial information. The disclosure of the confidential financial information of three privately-held companies will have no effect on whether the community respects the rule of law. It will not serve to provide a check on the litigants' activities or foster more accurate fact finding; as indicated by the parties' Stipulation, the parties agree that the Cook Defendants' financial information is subject to disclosure to the jury.

Disclosure of the Cook Defendants' confidential financial information would serve none of the public-policy reasons behind the open-court system and could subject the Cook Defendants to significant economic harm. The Cook Defendants' competitors – a majority of which are public companies – could use this information to gain a competitive edge over the Cook Defendants, not just in the medical device market, but also in the other markets and industries where the Cook Defendants compete. *See* Declaration of Kelly Fischer (attached as Exhibit A), at ¶ 5. Moreover, the public disclosure of this information could also adversely affect the Cook Defendants' business relationships with their creditors, debtors, suppliers, and customers. *See id.* at ¶ 5.

4

The public interest that may have been served by a public trial on Plaintiff's design-defect claims does not translate to a public interest in discussions about the Cook Defendants' net worth. The public does not have the right to know the financial condition of privately held entities. *See, e.g., Litton Indus., Inc.*, 129 F.R.D. at 530 (noting that courts have recognized the right to privacy in financial affairs); *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, 2016 WL 1364942, at *4 (S.D.N.Y. Mar. 28, 2016) ("[D]etailed financial information concerning a privately held business, not previously disclosed to the public . . . warrant[s] confidential treatment."); *McCracken v. Verisma Sys., Inc.*, 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017) ("Courts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding [sensitive business information] can overcome the presumption of access.").

Disclosing the Cook Defendants' financial information to the public and Cook's competitors after it was produced to Plaintiff with "Attorneys' Eyes Only" protections does not advance the public interest. To the contrary, the Cook Defendants have a valid interest in keeping their financial information private. *See* Declaration of Kelly Fischer at ¶¶ 4-5. Accordingly, the courtroom should be closed to the public and to any person affiliated with Plaintiff who is not bound by the "Attorneys' Eyes Only" provision of CMO #8 during any mention of the Cook Defendants' net worth. In addition, all testimony and arguments related to the Cook Defendants' private financial information should be redacted from the official transcript of court proceedings.

## CONCLUSION

The Cook Defendants respectfully request that the Court issue an Order sealing the courtroom for the discussion of the Cook Defendants' net worth and directing the Court Reporter to redact any testimony or evidence of the Cook Defendants' net worth from  the official transcript

US.121829642.04

of court proceedings.  The Cook Defendants' financial information is private information — the disclosure of which could harm the Cook Defendants.  Thus, there is good cause to seal the courtroom for the discussion of the Cook Defendants' net worth and to redact the official transcript of court proceeding accordingly.

Respectfully submitted,

Dated:  February 4, 2019

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (#26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegrebd.com
E-Mail:  jessica.cox@faegrebd.com

Charles F. Webber (# 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
E-Mail:  chuck.webber@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

6

US.121829642.04

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2019, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.


/s/ Andrea Roberts Pierson

US.121829642.04