IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 2570 |

This Document Relates:

*Brand v. Cook Medical, Inc., et al*
Case No. 1:14-cv-6018-RLY-TAB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' MOTION TO SEAL COURT PROCEEDINGS FOR DISCUSSION OF NET WORTH AND TO REDACT THE OFFICIAL TRANSCRIPT**

Plaintiff Tonya Brand opposes Cook's motion to seal the courtroom regarding the net worth of the Cook Defendants and to redact the evidence from the official transcript of the record. Cook's argument is not supported by Seventh Circuit law and should be denied for the following reasons:

**INTRODUCTION**

Cook seeks protection from public view of its financial net worth by requesting the courtroom be sealed and then the record be redacted to hide this piece of evidence from the public and any later courts of review. Seventh Circuit law disfavors sealing proceedings, and these requests have been uniformly rejected. *See Union Oil Company of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000); *see also In re Continental Illinois Securities Litigation,* 732 F.2d 1302 (7th Cir.1984). Ever since *Continental Illinois,* the Seventh Circuit has insisted that only genuine trade secrets, or information within the scope of a requirement such as Fed.R.Civ.P. 6(e)(2) ("matters occurring before the grand jury"), may be held in long-term confidence. It is

true that portions of discovery may be conducted in private to expedite disclosure, but most portions of discovery that are filed and form the basis of judicial action must eventually be released. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984). While Cook's financial net worth may not be information Cook wants in the public record, it is not of such importance that this Court should seal it from public view and redact it from the record.

## LEGAL STANDARD

Sealing the courtroom and withholding evidence from the public record is not "good cause" to protect Cook's trade secrets. *See* Fed.R.Civ.P. 26(c)(1)(G); *see also Baxter International v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), *Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000), *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), and related cases. The United States Supreme Court and the Seventh Circuit have a long tradition that litigation is open to the public. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978) (22 hours of President Nixon's recorded conversations were played for the jury and the public in the courtroom regarding Watergate); *New York Times Co. v. United States,* 403 U.S. 944 (1971) (denying a motion to close even a portion of the argument in the *Pentagon Papers* case); *Coe v. Cook County,* 162 F.3d 491 (7th Cir.1998) (discussing the presumptive inappropriateness of anonymity in litigation). At the end of the day, judicial proceedings are public rather than private. *Union Oil Company of California v. Leavell*, 220 F.3d at 568. "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification." *Id.*

Paragraph 11 of Case Management Order # 8 states, "[d]uring the trial of any case, if any party seeks to introduce into evidence documents which are subject to this Order, Cook shall

make the appropriate request of the Court to protect against the dissemination of such trade secret or commercially confidential documents." Nothing in this provision requires this Court to set aside the Seventh Circuit's tradition of maintaining pubic proceedings in open court. "The Seventh Circuit has maintained that the open court system (1) promotes community respect for the rule of law, (2) provides a check on the activities of judges and litigants, and (3) fosters more accurate fact finding." *Does v. City of Marion, Indiana*, 2002 WL 32072794, at 1 (N.D. Ind. Feb. 1, 2002). The Cook Defendants desire to seal the courtroom and redact evidence from the record does not overcome these principals.

## ARGUMENT

Cook argues that none of the public policy reasons for maintaining an open court system are present in allowing its net worth to made available in the public record. The Cook Defendants posit that public disclosure of confidential financial information would cause Cook significant economic harm, and therefore, public disclosure of this information should be prohibited. Plaintiff disagrees.

The public will now know that the jury in this case found the Celect IVC filter defective. If this jury decides to also punish and deter Cook from making future decisions to bring a defective product to market by imposing punitive damages, the record should reflect the evidence from which the jury reaches their decision. Plaintiff understands the Cook Defendants' desire to keep their financial information sealed from competitors and to prevent adverse effects on its business relationships. But this desire is simply not a legal justification to seal the courtroom and redact evidence from the record.

Litigation about trade secrets are regularly conducted in public and even disputes about claims of national security are litigated in the open. *Leavell*, 220 F.3d at 567; *citing New York*

*Times Co. v. United States,* 403 U.S. 713 (1971) (the briefs in the *Pentagon Papers* case); *United States v. Progressive, Inc.,* 467 F.Supp. 990, rehearing denied, 486 F.Supp. 5 (W.D.Wis.), appeal dismissed, 610 F.2d 819 (7th Cir.1979) (information regarding the hydrogen bomb plans case). The Seventh Circuit Court of Appeals explained in *Leavell* that "calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing." *Leavell* at 567.

Cook and Plaintiff are not in arbitration where secrecy is maintained. Judicial proceedings are public rather than private property, *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 27–29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994); *In re Memorial Hospital of Iowa County, Inc.,* 862 F.2d 1299, 1302–03 (7th Cir.1988), and the record and decisions in this case should be as open as possible. "What happens in the halls of government is presumptively public business." *Leavell* at 568.

Requests to seal proceedings in order to implement Cook's preference for seclusion has been uniformly rejected by the Seventh Circuit. *See, e.g., United States v. Ladd,* 218 F.3d 701 (7th Cir.2000); *Citizens First National Bank v. Cincinnati Insurance Co.,* 178 F.3d 943 (7th Cir.1999); *Pepsico, Inc. v. Redmond,* 46 F.3d 29 (7th Cir.1995) (chambers opinion); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893 (7th Cir.1994); *In re Continental Illinois Securities Litigation,* 732 F.2d 1302 (7th Cir.1984). This Court should similarly reject the Cook Defendant's request to seal the courtroom and redact the record regarding its financial net worth.

WHEREFORE, Plaintiff requests this Court deny Cook's motion to seal the courtroom and redact the record during the punitive damages phase of the trial.

Respectfully submitted this 5th day of February, 2019.

>   */s/ Joseph N. Williams*
>   Joseph N. Williams, Atty. No. 25874-49
>   RILEY WILLIAMS & PIATT, LLC
>   301 Massachusetts Avenue
>   Indianapolis, IN 46204
>   Telephone: (317) 633-5270
>   Facsimile: (317) 426-3348
>   Email:  jwilliams@rwp-law.com
>   *Liaison Counsel to Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 5, 2019, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                */s/ Joseph N. Williams*
                Joseph N. Williams