UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TONYA BRAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:14-cv-6018-RLY-TAB |
| vs. | ) | |
| | ) | |
| COOK MEDICAL, LLC, COOK | ) | |
| INCORPORATED, and WILLIAM COOK | ) | |
| EUROPE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINAL JURY INSTRUCTIONS**

1

## FINAL INSTRUCTION NO. 1

Members of the jury, the evidence has been completed, and plaintiff's counsel and defense counsel will make their final arguments to you in a few moments.  You and I now play the most important part of our respective roles in this case.  I will now instruct you on the law that you are to apply to the evidence you have heard in this case.

These instructions are my responsibility, and it is your duty to follow the rules of law stated in these instructions even if you might personally disagree with them. Regardless of any opinion you may have as to what the law ought to be, your duty as jurors is to base your verdict upon the law as set out in these instructions.

It is your responsibility to determine the facts from the evidence in this case.  Then you are to apply the law to the facts and in this way decide the case.

## FINAL INSTRUCTION NO. 2

Neither by these instructions nor by any ruling or remark I have made during the trial, nor from questions that I may have asked a witness, do I mean to indicate any opinion as to the facts or as to what your verdict should be.  You are the sole and exclusive judges of the facts.

## FINAL INSTRUCTION NO. 3

These instructions that I am reading to you will be sent into the jury room along with the exhibits admitted into evidence.

If I have stated any rule, direction, or idea in these instructions in varying ways, I have not intended any special emphasis on the point, and you should not give the point any special emphasis.  For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others.  You must consider the instructions as a whole and you are to regard each instruction in light of all the others.

# FINAL INSTRUCTION NO. 4

Plaintiff, Tonya Brand, filed the present lawsuit against the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS.  I will refer to the Defendants as "the Cook Defendants" or "Cook."

Cook made and sold a medical product called a Celect IVC Filter.  IVC is a term you have heard during this trial, and it means inferior vena cava.  It's one of the largest veins in the human body. The Celect IVC Filter was placed into Plaintiff's IVC in 2009. The Celect IVC Filter was removed in 2015. She claims that the product was defective in its design and caused her injuries.  Cook denies Plaintiff's claims.  Cook says that the product was not defective.  Cook also says that Plaintiff assumed the risk of the injury she alleges when she consented to have the Cook Celect IVC filter placed, and that intervening causes, and not any defect in the product, led to Plaintiff's injury.

## FINAL INSTRUCTION NO. 5

Opening statements of counsel were for the purpose of acquainting you in advance with the facts that they expected the evidence to show.  Closing arguments of counsel are for the purpose of discussing the evidence that has actually been presented to you.

Mere assertions alone by counsel in opening statements or final arguments or in the asking of questions of witnesses do not constitute any evidence whatever in this case. You should disregard such assertions because they are not proof of any facts.

Counsel have the duty and the right to address you and to explain the testimony to help you better understand the questions you must decide.  However, if they inadvertently misstate the law or misstate the evidence, you must not follow their mistakes.  It is your duty to follow the law as I instruct you and to consider the evidence detailed by the witnesses and shown by the exhibits admitted into evidence.

During the course of the trial, it often becomes the duty of counsel to make objections and for me to rule on them in accordance with the law.  The fact that objections are made or opposed should not influence you in any way.

In your deliberations, you are not to pay any attention to any testimony that was stricken, or any statements of counsel or other statements made to the court concerning those matters.

You are to try the case upon the evidence and the legitimate inferences that you may draw from that evidence.  You should not be concerned with why the court decided,

at various times throughout the trial, that certain evidence should or should not be admitted.  Whether such evidence is admissible is purely a question of law, and you should draw no inferences from the court's rulings on these matters.  In admitting evidence to which an objection is made, the court does not determine what weight should be given to such evidence, nor does it pass judgment on the credibility of the witnesses or exhibits.

## FINAL INSTRUCTION NO. 6

The evidence consists of sworn testimony, deposition testimony, and the exhibits received in evidence, and any facts that I instruct you have been established and proven.

## FINAL INSTRUCTION NO. 7

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are transcribed.  You are to treat deposition testimony the same as the testimony of witnesses who appeared in the trial.

## FINAL INSTRUCTION NO. 8

You may recall that I instructed you at the beginning of the trial about direct evidence and circumstantial evidence.  Direct evidence is direct proof of a stated fact, such as testimony of an eyewitness.  For example, a witness might testify in a case involving a car accident, "I saw the blue car run a red light."  That testimony is direct evidence that the car ran a red light.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts are true.  You may remember my earlier example of circumstantial evidence.  Assume that when you came into the courthouse this morning the sun was shining.  Assume that the courtroom curtains are drawn and you cannot look outside.  As you sit in the courtroom, you see someone walk in with an umbrella that is dripping wet.  A few minutes later, you see someone else walk in the courtroom with a wet umbrella.  You cannot look outside to see whether or not it is raining.  Therefore, you have no direct evidence that it is raining.  But it would be reasonable for you to conclude that it is raining, and that conclusion would be based on what we call circumstantial evidence.

In reaching your verdict, you may consider both direct and circumstantial evidence.  Both are of equal weight in the law.

10

## FINAL INSTRUCTION NO. 9

Certain demonstrative exhibits have been shown to you.  These include certain charts, models, diagrams, animations, graphs, sketches, or demonstrations.  These exhibits are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

The court has admitted the Celect IVC filter, the Tulip IVC filter, the Bird's Nest IVC filter, the Celect IVC filter placement kit, and the Celect filter strut which exited through Plaintiff's thigh.  You may consider them as evidence in this case.

## FINAL INSTRUCTION NO. 10

It is proper for a lawyer to meet with any witness in preparation for deposition or trial.

## FINAL INSTRUCTION NO. 11

You are the judges of the credibility — that is, the believability — of all the witnesses.  Especially where the testimony of the witnesses conflicts, you must determine whom you will believe and whom you will not believe and what is the truth.

In determining the credibility of the witnesses, you may consider many factors, including their interest or lack of interest in the result of this suit; their manner and bearing on the witness stand; their means or lack of means of knowing the facts about which they have testified; the extent to which they are either supported or contradicted by other evidence; their power of memory or the lack of memory; and any consistent or inconsistent statements made by them.  From considering all the evidence, you will give to each witness the credit to which he or she is entitled.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently.  Also, the innocent failure to recall something is not an uncommon experience.  On the other hand, in other situations, inconsistencies or discrepancies may be intentional falsehoods.  In weighing the effect of any discrepancy, always consider whether it involves an important fact or an unimportant detail, and whether you believe the discrepancy results from an innocent mistake or a deliberate falsehood.

In weighing the evidence, keep in mind that the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence.  You may find

that the testimony of a few witnesses or just one witness about a particular fact or issue is more credible than the testimony of a larger number of witnesses who testified differently.  Your job is to consider the testimony of each witness, and to decide which witnesses and which evidence seem to you to be most accurate and trustworthy.

## FINAL INSTRUCTION NO. 12

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's testimony in court.

If you believe any witness has been impeached and thus discredited, it is up to you to give the testimony of that witness the weight, if any, that you think it deserves.  If you believe a witness has knowingly testified falsely about any significant matter, you have a right to distrust that witness's testimony on other matters, and you may reject all the testimony of that witness or give it such weight as you think it deserves.

**FINAL INSTRUCTION NO. 13**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## FINAL INSTRUCTION NO. 14

Generally, a witness may not express an opinion.  However, one who follows a profession or special line of work is permitted to express an opinion because of the knowledge, skill, experience, training, or education of the witness.  The purpose of such testimony is to assist you in arriving at a just verdict.

You should judge the testimony of the expert witness in the same manner as you judge the testimony of any other witness.  In determining its weight, you may also take into consideration the expert's skill, experience, knowledge, veracity, familiarity with the facts of this case, and the general rules for determining the credibility of witnesses.

## FINAL INSTRUCTION NO. 15

All parties are equal before the law.  Corporations, such as the Cook Defendants, are entitled to the same fair consideration that you would give any individual person.

## FINAL INSTRUCTION NO. 16

During the trial, you had the opportunity to take notes.  While some people find taking notes to be helpful in assisting their memories, a few words of caution are again necessary.   There can be a tendency to attach undue importance to matters that are written down.  You should be careful not to let yourselves fall into that trap.  For example, you may have considered some testimony unimportant at the time it was presented and thus you might not have written it down, but you now may feel it has greater importance in light of all of the evidence presented.  You must consider the evidence as you recall it now.

Use your notes only as a tool to add to your own individual memory.  Your notes are not evidence and are not necessarily a complete outline of the proceedings or a list of the highlights from the trial.  Your memory should be your greatest asset in deliberating and rendering a decision in this case.

## FINAL INSTRUCTION NO. 17

In determining your verdict, you may consider your experiences as persons in many walks of life, and you may consider the evidence as you have heard and seen it in light of your experience.

In other words, you will go to your jury room armed not only with the evidence, but also with your common sense.

## FINAL INSTRUCTION NO. 18

In these instructions, you will hear references to the term "preponderance of the evidence."  The term "preponderance of the evidence" means evidence which, when considered and compared with that opposed to it, has more convincing force and produces in your mind a belief that the facts are more likely true than not true.

In these instructions, I will use the phrase "if you find."  That phrase means "if you find from a preponderance of the evidence," as I have just defined it for you.

## FINAL INSTRUCTION NO. 19

Plaintiff claims that the Celect filter was unreasonably dangerous because of its defective design and that the defect caused her injury.

Plaintiff must prove this claim by a preponderance of the evidence.

## FINAL INSTRUCTION NO. 20

### Design Defect

The manufacturer of a product that is sold as new property may be liable or responsible to any person who is injured because of a defect in the product that existed at the time the manufacturer sold the product.  However, a manufacturer of a product is not an insurer, and the fact that a product may cause an injury does not necessarily make the manufacturer liable.  To recover damages under this rule, a person injured by an allegedly defective product must establish the following three elements by a preponderance of the evidence:

> 1) the product was defective,

> 2) the defect existed at the time the product left the manufacturer's control, and

> 3) the defect in the product was the proximate cause of the plaintiff's injury.

The type of product defect alleged by Plaintiff is design defect.  There is no single general way to define what constitutes a defect in a product.  Whether or not a product is defective is a question of fact to be determined by you, the jury, in each case, based on the instruction that I will give you.

## FINAL INSTRUCTION NO. 21

To determine whether a product suffers from a design defect, you must balance the inherent risk of harm in a product design against the utility or benefits of that product design. You must decide whether Cook acted reasonably in choosing a particular product design by considering all relevant evidence, including the following factors:

1) the usefulness of the product;

2) the severity of the danger posed by the design;

3) the likelihood of that danger;

4) the avoidability of the danger, considering the doctor's knowledge of the product, publicity surrounding the danger, and common knowledge or the expectation of danger;

5) the doctor's ability to avoid the danger;

6) the state of the art when the product was manufactured;

7) the ability to eliminate the danger without impairing the product's usefulness or making it too expensive;

8) the convenience and durability of the product;

9) alternative designs for the product available to the manufacturer; and

10) the manufacturer's compliance with industry standards or government regulations pertaining to the design of the product.

If you decide that the risk of harm in the product's design outweighs the utility of that particular design, then the manufacturer exposed the consumer to greater risk of danger than the manufacturer should have in using that product design, and the product is defective. If after balancing the risks and utility of the product, you find by a

24

preponderance of the evidence that the product suffered from a design defect, then the plaintiff is entitled to recover.

## FINAL INSTRUCTION NO. 22

In determining whether a product was defective, you may consider evidence of alternative designs that would have made the product safer and could have prevented or minimized the plaintiff's injury.  In determining the reasonableness of Cook's choice of product design, you should consider

1)     the availability of an alternative design at the time Cook designed the Celect;

2)     the level of safety from an alternative design compared to the actual design;

3)     the feasibility of an alternative design, considering the market and technology at the time the product was designed;

4)     the economic feasibility of an alternative design; and

5)     any adverse effects on the manufacturer or the product from using an alternative design.

## FINAL INSTRUCTION NO. 23

In determining whether a product was defective, you may consider proof of a manufacturer's compliance with federal or state safety standards or regulations and industrywide customs, practices, or design standards.  Compliance with such standards or regulations is a factor to consider in deciding whether the product design selected was reasonable considering the feasible choices of which the manufacturer knew or should have known.  However, a product may comply with such standards or regulations and still contain a design defect.

You may also consider the state of the art of scientific and technical knowledge and other circumstances that existed at the time the filter was manufactured in November 2008.

## FINAL INSTRUCTION NO. 24

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.  To constitute proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person who is not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury.

## FINAL INSTRUCTION NO. 25

Medical devices like the IVC filter must be cleared by the Food and Drug Administration ("FDA") by the process known as "510(k)" review.  The 510(k) process requires that the device be "substantially equivalent" to another device already cleared by the FDA as safe and effective.  The Celect filter at issue in this case was cleared through 510(k) review.

## FINAL INSTRUCTION NO. 26

It is undisputed that Plaintiff's physicians did not commit medical malpractice.

## FINAL INSTRUCTION NO. 27

If you find that Plaintiff has not proven her claim by a preponderance of the evidence, then your verdict should be for Cook and against Plaintiff.

If you find that Plaintiff has proven her claim by a preponderance of the evidence, then you must consider Cook's defenses, which are explained in the next instruction.

## FINAL INSTRUCTION NO. 28

### Cook's Defenses

The Cook Defendants have raised two defenses.  They are explained below.

***Assumption of Risk***.  Cook's first defense is assumption of risk.

Cook claims that by agreeing to placement of the IVC filter after consultation with her physicians and by signing consent forms before her IVC filter placement, Plaintiff voluntarily assumed the risk of her injury.

If a person knows of a product's risks and is aware of the danger but nevertheless proceeds to make use of the product, she cannot later hold another person responsible for any injury suffered due to taking such a risk.  If you find by a preponderance of the evidence that

1)      Plaintiff knew of the danger posed by the defective product,

2)      Plaintiff understood and appreciated the risks; and

3)      Plaintiff knowingly and voluntarily exposed herself to such a risk,

then Plaintiff is not entitled to recover for the resulting injury or damages, and you should return a verdict for Cook.

***Intervening cause***.   Cook's second defense is intervening cause.  An intervening cause supersedes the prior wrong as the legal cause of the injury by breaking the sequence between the prior wrong and the injury.  If you find some independent act or omission

1)      that was not foreseeable by defendant,

2)      was not triggered by defendant's act, and

3)      which was sufficient of itself to cause the injury,

then Plaintiff is not entitled to recover for the resulting injury or damages, and you should return a verdict for Cook.

## FINAL INSTRUCTION NO. 29

If you find Cook has proven either defense by a preponderance of the evidence, then your verdict should be for Cook and against Plaintiff.

If you find Cook has not proven either defense by a preponderance of the evidence and you find Plaintiff has proven her design defect claim by a preponderance of the evidence, then you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage that a preponderance of the evidence shows will fairly and adequately compensate Plaintiff for her loss, injury, or damage. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the Plaintiff has suffered or will suffer are for you to decide.

In determining the amount of damages, you should consider the following elements: any bodily injury sustained by Plaintiff and any resulting pain and suffering, physical impairment, disfigurement, mental anguish, inconvenience, interference with normal living, interference with enjoyment of life, and fear of extent of injury.

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

Plaintiff in this case has limited her claims of physical pain related to the Celect filter to two periods: when the filter strut actually came out of her thigh in June 2011, and when she had the open procedure to remove her filter, on October 22, 2015. She does not claim that she has suffered or will suffer physical pain related to the Celect filter at any

34

other time, and any damages you award Plaintiff for physical pain must relate to those two periods.

If you find that the Plaintiff's mental anguish and fear will continue into the future, you should award damages for such future mental anguish and fear as you believe Plaintiff will endure.  You would be entitled to take into consideration the fact that Plaintiff is receiving a present cash award for damages not yet suffered.

**FINAL INSTRUCTION NO. 30**

Again, neither the fact that this lawsuit was filed, nor the fact that I have instructed you on the legal claims and damages is to be considered by you to be any indication by the court as to which party should prevail in this action.  That decision is left up to you.

## FINAL INSTRUCTION NO. 31

I remind you that your duty is to decide this case without bias, sympathy, or prejudice for or against either side.  Your duty is to weigh the evidence carefully, and to apply the law in these instructions to the facts as you find them.

## FINAL INSTRUCTION NO. 32

Upon retiring to the jury room, select one of your members as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in the verdict form and date it. When you wish to return your verdict, you will notify the bailiff.

## FINAL INSTRUCTION NO. 33

The verdict must represent the considered judgment of each juror.  Any verdict, whether for the plaintiff or defendants, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

You should give fair and equal consideration to all the evidence, and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are the impartial judges of the facts.  Your sole interest is to ascertain the truth from the evidence in the case.

## FINAL INSTRUCTION NO. 34

From now until you are discharged, you must remain together in a group, and in the charge of the bailiff.  During your deliberations, you are not to talk with anyone other than your fellow jurors.  If you need anything (other than food or refreshments or other accommodations) the only proper way to communicate with the court is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the bailiff.

No member of the jury may ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching on the merits of the case except in writing, or orally here in open court.  Remember that you have already heard all of the evidence in this case and you have all of the law applicable to this case in these instructions. Therefore, it is unlikely that I would be able to answer any questions about the evidence or the law in this case.

You will notice from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person — not even to the court — how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

40