UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

1:18-cv-02724  Maxine H. Mitchell
1:18-cv-02826  Carol Anne Nicholls
1:18-cv-01812  Aja N. Rock

### RESPONSE OF MAXINE H. MITCHELL, CAROL ANNE NICHOLLS, and AJA N. ROCK TO DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO THE COURT'S CASE CATEGORIZATION ORDER and/or MOTION TO EXTEND TIME TO RESPOND

Now Come Plaintiffs Maxine H. Mitchell (Case No. 1:18-cv-02724), Carol Anne Nichols (Case No. 1:18-cv-02826), and Aja N. Rock (Case No. 1:18-cv-01812) and respectfully request that this Honorable Court deny the Defendants' Motion To Dismiss Without Prejudice Pursuant To The Court's Case Categorization Order, or grant Plaintiffs' Motion to Extend Time To Respond. In support of Plaintiffs' request, Plaintiffs show this Honorable Court as follows:

### FACTS

On November 21, 2018, this Court entered an Order requiring Plaintiffs to complete and serve Categorization Forms to email addresses: CookFilterMDL@FaegreBD.com and plaintiffscoleadcousnelmdl@gmail.com before December 22, 2018. [Dkt. 9638].

On January 17, 2019, this Court entered an Amended Order Regarding Plaintiffs' Failure To Produce Categorization Forms that required Plaintiffs to comply with "the Court's Categorization Orders by January 31, 2019" and that ordered Defendants to, by February 7, 2019, provide a list of plaintiffs that failed to comply with the order for entry of dismissal

1

without prejudice. [Dkt. 9956]. Plaintiffs' counsel recognizes his obligation to monitor the docket and would never intentionally fail to respond to a case management order. Instead, Plaintiffs' counsel respectfully states he and his office were unaware of these Orders until the morning of February 5, 2019. Although Plaintiffs' counsel's office monitors numerous email notifications from the Court regarding many matters, and periodically checks the Court's website for orders and notices, these Categorization Orders were missed.

On the morning of February 5, 2019, the undersigned began reviewing summaries of ECF activity received during January and discovered the January 17, 2019 Order. Upon reviewing that Order and its associated Orders, counsel realized that the January 31, 2019 deadline had passed several days earlier. Immediately, the undersigned, along with his staff, prepared the required Categorization Forms for Plaintiffs Mitchell, Nicholls and Rock and sent them, along with the required specific medical records, to the designated email addresses prior to the February 7, 2019, date for Defendants to file the list of plaintiffs that failed to comply with the Court's Orders. The electronic transmissions, Categorization Forms, and redacted records for Plaintiffs Mitchell, Nicholls, and Rock that were served on February 5, 2019 are attached as Exhibits A, B, and C respectively. Upon information and belief, these forms were served prior to Defendants' filing of their Motion to Dismiss on February 5, 2019. [Dkt. 10063]. In addition, Plaintiffs' counsel telephoned Defendants' counsel to discuss the matter and left a message.

Prior to January 31, 2019, counsel for these Plaintiffs had fully satisfied all other obligations of this litigation including providing the required Plaintiff Fact Sheets, Plaintiff Profile Forms, and Plaintiff Authorizations. Counsel for Plaintiffs has taken an active role in representing Plaintiffs and did not intentionally refuse to respond to the Court's Orders. Moreover, counsel has discussed this matter with his staff and reviewed internal procedures with

them to make sure **all** Court notifications are monitored and the Court's website is more frequently checked in order to make sure something like this does not happen again.

## ARGUMENT AND CITATION TO AUTHORITY

F.R.C.P. 6(b)(1)(B) provides, in general, that when "an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." In this Circuit, a two-pronged inquiry exists when a party seeks an extension pursuant to F.R.C.P. 6(b)(1)(B): "[f]irst the moving party must demonstrate that his failure to meet the deadline was because of neglect. Neglect exists where the failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness. Second, the moving party must establish that his act was excusable. Whether a case of neglect is excusable is an equitable determination that must take into account all relevant circumstances surrounding the party's failure to act, including the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Zingerman v. Feeman Decorating Co., 99 Fed. Appx. 70, 72 (7th Cir. 2004) (*citing and quoting* Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993). *See also*, Robb v. Norfolk & Western Ry. Co., 122 F.3d 354, 359 (7th Cir. 1997) (stating that a court may consider whether a missed filing deadline is attributable to negligence).

Here, Plaintiffs' counsel not seeing the email summaries of ECF activity that must have contained the Court's Case Categorization Orders within the numerous email notifications from the Court, and his resulting lack of awareness of the Case Categorization Orders, resulted in

3

Plaintiffs missing the deadline(s) to comply with this Court's Orders regarding the Case Categorization Forms. This omission to act should satisfy the first prong of the inquiry.

As to the second prong, Plaintiffs respectfully maintain that this omission to act constitutes excusable neglect. First, the undersigned has taken control over the monitoring of ECF activity summaries to ensure that **all** Court notifications are monitored, and that other reasonable measures are taken to ensure that no additional Court notifications including Orders are missed. Moreover, Plaintiffs submitted the requisite forms and documents within five (5) days of the January 31, 2019 deadline in an effort to minimize the length of the delay and any possible prejudice to Defendants. See Ruiz v. Carmeuse Lime, Inc., No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind. July 14, 2011) (stating that the danger of prejudice was minimal when the response was filed seventeen (17) days after it was originally due). Indeed, Plaintiffs attempted to submit their forms and records before Defendants' February 7, 2019, deadline for Defendants in order to minimize the work related to compiling the list. Defendants have now received all of the requisite Categorization forms, and Plaintiffs submit that the prejudice to Defendants is minimal compared to the burden that would befall Plaintiffs should this Court grant Defendants' motion. Plaintiffs recognize that missing the deadlines impacts these judicial proceedings. However, the record contains no evidence of bad faith on the part of Plaintiffs. Indeed, Plaintiffs' counsel acted in good faith at all times when dealing with this Court and Defendants' counsel.

WHEREFORE, Plaintiffs Mitchell, Nicholls, and Rock respectfully request this Court accept Plaintiffs categorization forms and associated records *nunc pro tunc* and DENY Defendants' Motion to Dismiss or, in the alternative, GRANT Plaintiffs' Motion To Extend Time to Respond to February 5, 2019.

Respectfully Submitted,

This 7th day of February, 2019,

                    PRINCENTHAL & MAY, LLC

                    /s/   David K. May
                    David K. May, Esq.
                    Georgia Bar No. 478948
                    Attorney for Plaintiffs

750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328
Tel:       678-534-1980
Fax:      404-806-0624
E-Mail:   david@princemay.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, a copy of the foregoing RESPONSE OF MAXINE H. MITCHELL, CAROL ANNE NICHOLLS, and AJA N. ROCK TO DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO THE COURT'S CATEGORIZATION ORDER and/or MOTION TO EXTEND TIME TO RESPOND was filed electronically, and a notice of filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

This 7th day of February, 2019.

                         PRINCENTHAL & MAY, LLC

                         /s/   David K. May
                         David K. May, Esq.
                         Georgia Bar No. 478948
                         Attorney for Plaintiffs

750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328
Tel:           678-534-1980
E-Mail:      david@princemay.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:
1:18-cv-02724  Maxine H. Mitchell
1:18-cv-02826  Carol Anne Nicholls
1:18-cv-01812  Aja N. Rock

## AFFIDAVIT OF DAVID K. MAY

Before me, the undersigned authority, personally appeared David K. May who, being by me duly sworn, deposed as follows:

My name is David K. May. I am over eighteen (18) years of age. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am an attorney for Princenthal & May, LLC, the attorneys representing Plaintiffs Maxine H. Mitchell, Carol Anne Nicholls, and Aja N. Rock.

I have read the above Response of Maxine H. Mitchell, Carol Anne Nicholls, and Aja N. Rock To Defendants' Motion to Dismiss Without Pejudice Pursuant To the Court's Case Categorization Order and/or Motion To Extend Time To Respond, and everything contained therein is true and correct.

On February 5, 2019, I personally oversaw the service of the completed Case Categorization and requisite medical records for these Plaintiffs via email to email addresses CookFilterMDL@FaegreBD.com and plaintiffscoleadcounselmdl@gmail.com and pursuant to this Court's Order.

FURTHER AFFIANT SAYETH NOT


This 7th day of February, 2019

David K. May
Attorney for Plaintiffs

Sworn to and subscribed before me,

This 7th day of February, 2019.

NOTARY PUBLIC