IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
INDIANA INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-MDL No. 2570 |

This Document Relates to Plaintiff(s)
Whitney Fry    Civil Case # 1:17-cv-4145
Janet Bujanda  Civil Case # 1:17-cv-4143

### RESPONSE OF WHITNEY FRY AND JANET BUJANDA TO DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO THE COURT'S CASE CATEGORIZATION ORDER AND/OR MOTION TO EXTEND TIME TO RESPOND

Now Comes Plaintiffs Whitney Fry (Case No. 1:17-cv-4145) and Janet Bujanda (1:17-cv-04143), and respectfully requests that this Honorable Court deny the Defendants' Motion To Dismiss Without Prejudice Pursuant To The Court's Case Categorization Order, or grant Plaintiff's Motion to Extend Time To Respond.  In support of Plaintiffs' request, Plaintiffs show this Honorable Court as follows:

### FACTS

On November 21, 2018, this Court entered an Order requiring Plaintiffs to complete and serve Categorization Forms to email addresses: CookFilterMDL@FaegreBD.com and plaintiffscoleadcousnelmdl@gmail.com before December 22, 2018. [Dkt. 9638].

On January 17, 2019, this Court entered an Amended Order Regarding Plaintiffs' Failure To Produce Categorization Forms that required Plaintiffs to comply with the Court's Categorization Orders by January 31, 2019 and that ordered Defendants to, by February 7, 2019, provide a list of plaintiffs that failed to comply with the order for entry of dismissal without prejudice. [Dkt. 9956].

Plaintiffs' counsel recognizes his obligation to monitor the docket and would never intentionally fail to respond to a case management order. Instead, Plaintiffs' counsel respectfully states he and his office were unaware of these Orders until the afternoon of February 7, 2019. Although Plaintiffs' counsel's office monitors numerous email notifications from the Court regarding many matters and periodically checks the Court's website for orders and notices, these Categorization Orders were missed.

On the afternoon of February 7, 2019, the undersigned began receiving ECF activity in the form of responses opposing dismissal based on the Categorization Orders and discovered the January 17, 2019 Order.  Upon reviewing that Order and its associated Orders, counsel realized that the January 1, 2019 deadline had passed several days earlier. Immediately, the undersigned, along with his staff, began preparing the required Categorization Forms for Plaintiffs Fry and Bujanda and sent them, along with the required specific medical records, to the designated email addresses on February 8, 2019.  The electronic transmissions, Categorization Forms, and redacted records for Fry and Bujanda that were served on February 8, 2019 are attached as Exhibits A and B respectively.

Prior to January 31, 2019, counsel for these Plaintiffs had fully satisfied all other obligations of this litigation including providing the required Plaintiff Fact Sheets, Plaintiff Profile Forms, and Plaintiff Authorizations. Counsel for Plaintiffs has taken an active role in representing Plaintiffs and did not intentionally refuse to respond to the Court's Orders. Moreover, counsel has discussed this matter with his staff and reviewed internal procedures with them to make sure all Court notifications are monitored and the Court's website is more frequently checked in order to make sure something like this does not happen again.  An affidavit in support of these facts is attached as Exhibit C.

## ARGUMENT AND CITATION TO AUTHORITY

F.R.C.P. 6(b)(l)(B) provides, in general, that when "an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." In this Circuit, a two- pronged inquiry exists when a party seeks an extension pursuant to F.R.C.P. 6(b)(1)(B): "[f]irst the moving party must demonstrate that his failure to meet the deadline was because of neglect. Neglect exists where the failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness. Second, the moving party must establish that his act was excusable. Whether a case of neglect is excusable is an equitable determination that must take into account all relevant circumstances surrounding the party's failure to act, including the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Zingerman v. Feeman Decorating Co*., 99 Fed. Appx. 70, 72 (7th Cir. 2004) (citing and quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). See also, *Robb v. Norfolk & Western Ry. Co*., 122 F.3d 354, 359 (ih Cir. 1997) (stating that a court may consider whether a missed filing deadline is attributable to negligence).

Here, Plaintiffs' counsel not seeing the email summaries of ECF activity that must have contained the Court's Case Categorization Orders within the numerous email notifications  from the Court, and his resulting lack of awareness of the Case Categorization Orders, resulted in Plaintiffs missing the deadline(s) to comply with this Court's Orders regarding the Case Categorization Forms.  This omission to act should satisfy the first prong of the inquiry.

As to the second prong, Plaintiffs respectfully maintain that this omission to act constitutes excusable neglect. First, the undersigned has taken control over the monitoring of ECF activity

summaries to ensure that all Court notifications are monitored, and that other reasonable measures are taken to ensure that no additional Court notifications including Orders are missed. Moreover, Plaintiffs submitted the requisite forms and documents within eight (8) days of the January 31, 2019 deadline in an effort to minimize the length of the delay and any possible prejudice to *Defendants. See Ruiz v. Carmeuse Lime, Inc*., No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind. July 14, 2011) (stating that the danger of prejudice was minimal when the response was filed seventeen (17) days after it was originally due).  Plaintiffs submit that the prejudice to Defendants is minimal compared to the burden that would befall Plaintiffs should this Court grant Defendants' motion. Plaintiffs recognize that missing the deadlines impacts these judicial proceedings. However, the record contains no evidence of bad faith on the part of Plaintiffs. Indeed, Plaintiffs' counsel acted in good faith at all times when dealing with this Court and Defendants' counsel.

WHEREFORE, Plaintiffs Fry and Bujanda respectfully request this  Court accept Plaintiffs categorization forms and associated records *nunc* pro *tunc* and DENY Defendants' Motion to Dismiss or, in the alternative, GRANT Plaintiff's Motion To Extend Time to Respond to a later date the Court deems appropriate.

Respectfully submitted,


 */s/* Robert J. Evola
Robert J. Evola #624860
SL Chapman LLC
330 North Fourth Street
Suite 330
St. Louis, MO 63102
Phone: (314) 588-9300
Fax: (314) 588-9302
RobertE@slchapman.com

***Counsel for Plaintiffs***

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2019, a copy of the foregoing Response Of Whitney Fry And Janet Bujanda to Defendants' Motion To Dismiss Without Prejudice Pursuant To The Court's Categorization Order and/or Motion To Extend Time To Respond was filed electronically, and a notice of filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

Respectfully submitted,

<u>/s/ Robert J. Evola</u>
Robert J. Evola #624860
SL Chapman LLC
330 North Fourth Street
Suite 330
St. Louis, MO 63102
Phone: (314) 588-9300
Fax: (314) 588-9302
RobertE@slchapman.com

Lead Counsel for Plaintiffs