IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

_____

This Document Relates to:

Adrian Chambers, Cause No. 1:19-cv-00126

Mark Clancy, Cause No. 1:17-cv-02399

_____

## PLAINTIFFS ADRIAN CHAMBERS' AND MARK CLANCY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO THE COURT'S CASE CATEGORIZATION ORDER

COMES NOW Plaintiffs Adrian Chambers (1:19-cv-00126) and Mark Clancy (1:17-cv-02399) (collectively "Plaintiffs") hereby oppose the Motion to Dismiss filed by Defendants on February 5, 2019, and respectfully state as follows:

1. On October 2, 2018, the Court entered the Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan which stated the purpose of the process was to "ensure that pending and future cases allege a cognizable injury and for a plan to select additional cases as bellwethers for trial."

2. On November 21, 2018, the Court entered an order requiring Plaintiffs with pending cases to categorize their claims, and to complete and serve Categorization Forms to email addresses CookFilterMDL@Faegrebd.com and plaintiffscoleadcounselmdl@gmail.com before December 22, 2018.

3. On January 17, 2019, the Court entered an amended order advising that all Plaintiffs that have not complied with the Court's order to provide Categorization Forms by January 31, 2019, were subject to having their cases dismissed without prejudice.

4. On February 5, 2019, Cook filed Defendants' Motion to Dismiss Without Prejudice Pursuant to the Court's Case Categorization Order and requested the dismissal of Plaintiffs' cases.

5. Upon review of Defendant's Motion to Dismiss without Prejudice, Plaintiffs' counsel was surprised to find his firm had two cases included. Counsel then immediately reviewed the files for those two Plaintiffs' cases, and found that Plaintiff Chambers' case was filed on January 14, 2019, and that a categorization form was inadvertently not filed in Plaintiff Clancy's case.

6. Counsel immediately served the Categorization forms on the Defendants on February 6, 2019 – the very next day. See Service Emails attached as **Exhibit A**. Had Defendants reached out to Plaintiffs' counsel at any point prior to filing the motion to dismiss and advised that no categorization form had been received, Plaintiffs' counsel would have provided the completed form the very same day.

7. Plaintiff Clancy had already served a Plaintiff Profile Sheet and done everything to comply with the prior case management orders. The Defendants have now received his Categorization Form (the day after filing the motion to dismiss) and have suffered no prejudice. To dismiss this case even without prejudice would place an undue burden on and unfairly prejudice the Plaintiff.

8. With regard to Plaintiff Chambers, his case was not filed until January 14, 2019. Counsel was unclear of the date the categorization form would be due on newly filed cases. The

categorization form sets out the requirements for filing, but does not address newly filed cases and specifically what date the categorization form would be due for newly filed cases. Therefore, the categorization form deadline was calendared for the same time the Plaintiff Profile Form was due to be served, February 14, 2019. After receiving the Motion to Dismiss on February 5, 2019, the categorization form was immediately prepared and served on February 6, 2019 – the very next day.  Defendants have suffered no prejudice, and to dismiss this case even without prejudice would place an undue burden on and unfairly prejudice the Plaintiff.

9. Plaintiffs' counsel did not intentionally refuse to respond to the Court's Order requiring categorization forms, and upon becoming aware of the needed categorization forms immediately complied.

10. Plaintiffs would be irreparably harmed if their cases were dismissed.

WHEREFORE, Plaintiffs move the Court to deny the Cook Defendants' Motion to Dismiss Plaintiffs Adrian Chambers' (1:19-cv-00126) and Mark Clancy's (1:17-cv-02399) cases. A proposed order is also provided herewith.

Respectfully submitted this 8th day of February, 2019.

Respectfully submitted,

/s/ *David C. DeGreeff*_____
David C. DeGreeff
MO Bar #: 55019
**WAGSTAFF & CARTMELL, LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1183
(816) 531-2372 - Facsimile
ddegreeff@wcllp.com

**ATTORNEYS FOR PLAINTIFF**

I hereby certify that on this 8th day of February, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ *David C. DeGreeff*_____
David C. DeGreeff