**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE:  COOK IVC FILTERS ) | |
| PRODUCTS LIABILITY LITIGATION ) | No. 1:14-ml-02570 |
| ) | MDL No. 2570 |

This document applies to:

Bonnie Stanley, Case No. 1:17 cv 1931            February 15, 2019

## REPLY IN SUPPORT OF MOTION TO VACATE

The plaintiff, Bonnie Stanley, hereby respectfully submits this Reply to the defendant Cook's Opposition to the Plaintiff's Motion to Vacate the Court's Order dismissing 113 "no injury" cases, one of which was the subject case. For the reasons set forth more fully below, the plaintiff submits that her case involves two failed attempts to remove an IVC filter, as well as a "significant" clot around her filter.  Respectfully, this case should not have been placed on the "no injury" list.  Accordingly, the plaintiff respectfully urges the Court to grant the motion to vacate and to restore Ms. Stanley's case to the MDL.

**I.      FACTS**

Bonnie Stanley is a 61 year old retired nurse who has suffered for several years from chronic hernias.  As a result thereof, she has had multiple abdominal surgeries.  Additionally, as a result of her Heparin usage, she has contracted Heparin-induced thrombocytopenia.  During one of her abdominal surgeries, a Cook Celect IVC Filter was placed for the purpose of preventing pulmonary embolisms and DVTs.  The filter was placed on November 27, 2012 at Hartford Hospital.

Thereafter there were two attempts to retrieve the filter as a result of clot formation.  The first attempt was undertaken on May 24, 2013 by Mohiuddin Cheema, M.D. at Hartford Hospital.  During this first attempt it was noted that there was a "small amount of thrombus . . . stuck in the IVC filter."[1]  The second retrieval attempt was performed on August 5, 2013.  At this point the report notes, "A significant clot entrapped in the IVC filter." [2]  The retrieval attempt was abandoned.  The report notes the decision was made to "leave the filter permanently for this patient."

Accordingly, the medical records for Bonnie Stanley indicate that two attempts were made to retrieve the IVC filter.  The medical records further confirm the existence of a "significant" clot entrapped in the IVC filter.  Thus, the subject case clearly is not a "product in place" "no injury" case within the meaning of these terms.  Stanley has undergone procedures and has suffered real and significant injuries as a result of her filter.

At the time Ms. Stanley initiated her case, she fully disclosed in her Plaintiff's Profile Sheet that she had suffered two failed attempts to remove the filter, and the fact that a clot was present and in place.  (Exhibit A to Motion, Profile form)  Accordingly, the full extent of Ms. Stanley's injury has been disclosed since the commencement of her action.  Cook is not contesting Stanley's injuries for purposes of this motion.  Moreover, upon information and belief, this is the only one of the 113 cases on the list where the case was improperly placed on the list.

---

[1] Abdominal Aortography report Hartford Hospital, May 24, 2013. (Exhibit A, confidential information redacted.)
[2] Report of Venogram, Hartford Hospital, August 5, 2013. (Exhibit B, confidential information redacted.)

2

## II.  DISCUSSION

### A.  Stanley never agreed to dismiss her case.

In its opposition, Cook suggests that the plaintiff Stanley had agreed, and even had "self-selected" her case for dismissal. The plaintiff Stanley respectfully submits that nothing could be further from the truth. Stanley never agreed or self-selected her case for dismissal.

On January 30, 2018, plaintiffs' leadership sent an email seeking information regarding cases that were "product in place" cases (Exhibit C, email from Christina Guerra, 1/30/18). The email indicated that leadership was gathering information so as "to provide information at our next conference about product in place cases." There was never any mention in the email that the cases were subject to dismissal.

The plaintiff misinterpreted the meaning of the term "product in place" and incorrectly responded that the Stanley case was one such case. (Exhibit D, email from Melissa Curran, paralegal at Walsh Woodard LLC.) Admittedly, this was a mistake on the plaintiff's part. Stanley had two retrieval attempts and a clot in place and even though her filter was still inside her body, this was not a "product in place" case as the term was being used by leadership in its January 30th email.

After responding to this email, Stanley never received any other notice informing that her case was subject to dismissal prior to receiving the Court's Order dismissing the case.[3] Stanley never consented or agreed to dismissal of her case, and never even

---

[3] A telephone conference was conducted by leadership counsel on February 1, 2018. Leadership provided only two days' notice of the scheduling of this telephone conference. (See Exhibit C.) Undersigned plaintiff's counsel is a small firm and simply did not have coverage for anyone to participate in the telephone conference on such notice.

3

knew her case was being considered for dismissal at any time prior to the Court's Order.

### B. Plaintiff Stanley was unaware that her case was subject to dismissal in the five months preceding the Court's order.

In its Objection, Cook faults Stanley for not taking any action in the "five months from when the cases were first self-disclosed to when they were ultimately dismissed." (Cook Objection, pg. 3). Specifically, Cook argues:

> Plaintiffs had months between February and July of 2018 to review the list and alert the Court and plaintiffs' leadership to that issue before the cases were finally dismissed on July 5, 2018.

Again, plaintiff respectfully submits that Cook's criticism is not valid. Stanley never objected during that five month period because she had no knowledge during that five month period that a list of cases even existed or that her name was on that list. Besides the January 30th email, Stanley had never been informed that she was included on a list of 113 cases that were going to be dismissed because of "no injury." If Stanley had been aware of such inclusion, Stanley would have taken all efforts possible to remove herself from such list. The lack of effort, however, was not due to any negligence on the part of Stanley. It was due to the fact that Stanley was unaware of the existence of any such list.

### C. Stanley should be entitled to notice before dismissal.

If Cook was seeking to dismiss Stanley's case, Cook first would have filed a motion to dismiss with certification to undersigned counsel informing of the intended dismissal. There would then be a period of time for Stanley to object to said motion and the motion would not be considered by the Court until the expiration of said time period

4

for objection. In short, Stanley would have the opportunity to be heard on the issue of dismissal.

At the very least, Stanley should be entitled to the same degree of notice that she would have received had the defendant moved for the dismissal of her case. An email from leadership asking for information to use at a status conference does not constitute notice of dismissal. Obviously, when counsel is informed of an action potentially dismissing the case, counsel considers and responds to said inquiry in a much different fashion than an email from leadership counsel simply asking for information about the cases.[4]

"[F]ailure to give notice violates the most rudimentary demands of due process law." *See e.g. Peralta v. Heights Medical Ctr., Inc.,* 485 U.S. 80, 84, 108 S.Ct. 896, 99 L. Ed 2d 75 (1988) (internal quotations and citations omitted). In cases where a party has not received notice of a judgment, a judge has the power in the exercise of sound discretion to grant relief under Rule 60(b)(6). *Radack v. Norwegian American Line Agency, Inc.,* 318 F.2d 538, 543 (1963). As noted by the court in *Keane v. HSBC Bank USA,* 874 F.3d 763 (1st Cir. 2017):

> We have said that dismissal is appropriate "in the face of extremely protracted inaction (measured in years) disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Such language implies that dismissal for failure to prosecute is usually not appropriate for garden variety, isolated instances of attorney negligence. . . . the strong preference for adjudicating disputes on the merits counsels against *sua sponte* dismissals where there has never been any consideration of the merits.

*Id.* at 765 – 66 (internal quotations omitted).

---

[4] The transcript of the hearing before the Court on June 14, 2018 appears to suggest that efforts would be made to contact every lawyer with a case on the list. (Exhibit E, Court transcript, June 14, 2018, pg. 36, lines 1 -6.) Unfortunately, Stanley never received any such contact.

5

Plaintiff respectfully submits that through no fault of her own, she never received any notice informing of the severity and the seriousness of the action that was being considered. There are certain logistical difficulties that arise during the pendency of any MDL where a large number of cases are being managed by a small group of counsel. Admittedly there was error on the part of undersigned counsel in responding to leadership's January 30th email. However, the error of counsel in this case is no way commensurate with the severity of the penalty of case dismissal. *Keane v. HSBC Bank USA,* 874 F.3d 763, 767 (1st Cir. 2017). (The penalty of dismissal should be reserved for the most severe disobedience or improper conduct.)

### D. The Court has broad authority to open a judgment based on a factual mistake.

Pursuant to Fed. R. Civ. P. 60(b)(1), the court may relieve a party or its legal representative from a final judgment or order for "mistake, inadvertence . . .or excusable neglect." This relief must be sought on motion and within one (1) year of entry of the order. Fed. R. Civ. P. 60(c). Furthermore, this rule, like all of the Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459, (9th Cir. 1983). In determining what is considered excusable neglect, plaintiff's counsel requests this Court to apply the four-factor equitable test, which examines: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993); *Pincay v. Andrews,* 389 F.3d 853 (9th Cir. 2004) (*en banc*); *Briones v. Riviera Hotel & Casino*, 116

F. 3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions.)

Applying these standards to the present case, there is no danger of prejudice to the defendants, as the progression of the MDL was in no way affected by the inclusion of the *Stanley* case on the list, nor would it be affected by the reinstatement of the *Stanley* case in the MDL. Additionally, the factual circumstances of the *Stanley* case were accurately included in the plaintiff's Profile Form and, thus, the defendants have been aware of the nature of the claim since the start of her proceeding.

The subject motion is timely filed within one year of the dismissal and was promptly filed upon plaintiff's counsel learning of the dismissal. As indicated previously in motion, during the five month period prior to dismissal, Stanley was unaware of its inclusion on the list. Again, the plaintiff submits that to the extent there has been any delay on the plaintiff's part, it would not have any impact on the overall proceedings of the case.

Lastly, the plaintiff submits that at all times she acted in good faith with regards to this matter. The plaintiff respectfully submits that Stanley has a meritorious case that is worthy of inclusion of the subject MDL and the plaintiff urges the Court not to permit dismissal of the case for what was essentially an inadvertent characterization of the case on the part of counsel in responding to an email from other plaintiff's counsel.

The law manifests a strong preference that cases be resolved on their merits. *See Ortiz-Anglada v. Ortiz-Perez*, 183 F.3d 65, 66 (1st Cir. 1999) ("[D]isposition on the merits is favored . . ."). "Where the moving party has been prevented from presenting

7

the merits of his case by the conduct of which he complains, Rule 60(b) relief is most appropriate." *Ervin v. Wilkinson*, 701 F.2d 59, 61 (7th Cir. 1983).

Accordingly, for all the foregoing reasons in the interest of justice, Stanley respectfully moves the Court to vacate its dismissal and allow Stanley an adjudication on the merits of her case.

>                        **Respectfully submitted for the**
>                        **Plaintiff:  Bonnie Stanley**
>
>
>                        By:  /s/  Michael J. Walsh
>                             Michael J. Walsh #CT09111
>                             Walsh Woodard LLC
>                             527 Prospect Avenue
>                             West Hartford, CT  06105
>                             P: 860-549-8440
>                             F: 860-549-8443
>                             mwalsh@walshwoodard.com

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on February 15, 2019, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

>                          /s/  Michael J. Walsh