**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

**Case No. 1:14-ml-2570-RLY-TAB**
**MDL No. 2570**

This Document Relates to Plaintiff(s):

| | |
|---|---|
| Barry Vaughan | Case No. 1:18-cv-01389 |
| Bessie Bell | Case No. 1:17-cv-00212 |
| Eric Friend | Case No. 1:18-cv-00370 |
| Faith Farrington | Case No. 1:17-cv-02985 |
| Helga Crittendon | Case No. 1:17-cv-03055 |
| James Wright | Case No. 1:18-cv-01514 |
| Jason Francis | Case No. 1:18-cv-00936 |
| Joann Boze | Case No. 1:17-cv-01268 |
| Kathryn Simons | Case No. 1:18-cv-02366 |
| Katherine Dulski | Case No. 1:19-cv-00153 |
| Kevin Perry | Case No. 1:18-cv-00619 |
| Lorna Hartzog | Case No. 1:17-cv-00018 |
| Marlene Johnson | Case No. 1:17-cv-02994 |
| Michael Boivin | Case No. 1:18-cv-00431 |
| Nathan Haddad | Case No. 1:17-cv-00690 |
| Nicky Mobley | Case No. 1:19-cv-00231 |
| Rick Cervantes | Case No. 1:18-cv-01071 |
| Ronald Smith | Case No. 1:17-cv-04762 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT**
**TO THE COURT'S CASE CATEGORIZATION ORDER**

COME NOW the Plaintiffs, Barry Vaughan, Bessie Bell, Eric Friend, Faith Farrington,

Helga Crittendon, James Wright, Jason Francis, Joann Boze, Kathryn Simons, Katherine Dulski,

Kevin Perry, Lorna Hartzog, Marlene Johnson, Michael Boivin, Nathan Haddad, Nicky Mobley,

Rick Cervantes, and Ronald Smith, by and through counsel, and respectfully request that this

Honorable Court deny the Defendants' Motion to Dismiss Without Prejudice Pursuant to the

Court's Case Categorization Order.   In support of Plaintiffs' request, Plaintiffs show this Honorable Court as follows:

## Facts

On November 21, 2018, this Court entered an Order requiring Plaintiffs to complete and serve Categorization Forms to Defendants and Plaintiff's leadership by December 22, 2018. *See* Dkt. 9638. On January 17, 2019, this Court entered an Amended Order Regarding Plaintiffs' Failure to Produce Categorization Forms that required Plaintiffs to comply with the Court's Categorization Orders by January 31, 2019 and that ordered Defendants to, by February 7, 2019, provide a list of plaintiffs that failed to comply with the order for entry of dismissal without prejudice. *See* Dkt. 9956. Plaintiffs' counsel recognizes his obligation to monitor the docket and would never intentionally fail to respond to a case management order. Instead, Plaintiffs' counsel respectfully states he and his office were unaware of these orders until February 6, 2019. Although Plaintiffs' counsel's office monitors numerous email notifications from the Court regarding many matters and periodically checks the Court's website for orders and notices, these Categorization Orders were missed.

On February 6, 2019, the undersigned began receiving ECF activity in the form of responses opposing dismissal based on the Categorization Orders and discovered the January 17, 2019 Order. Upon reviewing that Order and its associated Orders, counsel realized that the January 31, 2019 deadline had passed several days earlier.  Immediately, the undersigned began preparing the required Categorization Forms for the above-mentioned Plaintiffs and sent them, along with the required, specific medical records to the designated email addresses on February 15, 2019. A true and correct copy of the emails serving Plaintiffs' Categorization Forms and medical records is attached as Exhibit A.

Prior to January 31, 2019, counsel for Plaintiffs had fully satisfied and complied with all other obligations of this litigation including providing the required Plaintiff Fact Sheets, Plaintiff Profile Forms, and medical records and Plaintiff Authorizations.  Counsel for Plaintiffs has taken an active role in representing Plaintiffs and did not intentionally refuse to respond to the Court's Orders. Plaintiffs' counsel remedied the above-described error shortly after it was brought to his attention and submitted all outstanding documented pursuant to this Court's Orders regarding the Case Categorization Forms. Additionally, counsel has communicated with his staff and revised his internal procedures to ensure a situation like this does not happen in the future.

## Argument and Authority

F.R.C.P. 6(b)(1)(B) provides, in general, that when "an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect."   In this Circuit, a two-pronged inquiry exists when a party seeks an extension pursuant to F.R.C.P. 6(b)(1)(B): "[f]irst the moving party must demonstrate that his failure to meet the deadline was because of neglect. Neglect exists where the failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness. Second, the moving party must establish that his act was excusable.  Whether a case of neglect is excusable is an equitable determination that must take into account all relevant circumstances surrounding the party's failure to act, including the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Zingerman v. Feeman Decorating Co.*, 99 Fed. Appx. 70, 72 (7th Cir. 2004)(citing and quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  See also, *Robb v. Norfolk & Western Ry. Co.*, 122

F.3d 354, 359 (7th Cir. 1997)(stating that a court may consider whether a missed filing deadline is attributable to negligence).

Here, Plaintiffs' counsel not seeing the email summaries of ECF activity that must have contained the Court's Case Categorization Orders within the numerous email notifications from the Court, and his resulting lack of awareness of the Case Categorization Orders, resulted in Plaintiffs failing to submit the Categorization Forms and related medical records until after the January 31, 2019 deadline.  Plaintiffs' counsel respectfully submits that the failure to meet the deadline was due to his omission to act, satisfying the first prong of the inquiry.

As to the second prong, Plaintiffs respectfully maintain that this omission to act constitutes excusable neglect. First, the undersigned has taken control over the monitoring of ECF activity summaries to ensure that all Court notifications are monitored and that other reasonable measures are taken to ensure that no additional Court notifications including Orders are missed.  Moreover, Plaintiffs submitted the requisite forms and documents within fifteen days of the January 31, 2019 deadline in an effort to minimize the length of the delay and any possible prejudice to the Defendants. *See Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind. July 14, 2011)(stating that the danger of prejudice was minimal when the response was filed within seventeen (17) days after it was originally due.  Plaintiffs submit that the prejudice to Defendants is minimal compared to the burden that would befall Plaintiffs should this Court grant Defendants' motion. Indeed, Plaintiffs have otherwise submitted complete Plaintiff Profile Sheets that evidence they have legitimate claims and, moreover, have been completed in full, providing the requisite medical information and healthcare providers, as well as executed authorization forms for Defendants to obtain their medical records. The Categorization Form merely provides Defendants with information they already had by way of

the medical records and authorizations provided in conjunction with the Plaintiff Profile Forms and sheets.  Plaintiffs recognize that missing the deadlines impacts these judicial proceedings. However, the record contains no evidence of bad faith on the part of Plaintiffs. Indeed, Plaintiffs' counsel acted in good faith at all times when dealing with this Court and Defendants' counsel.

Plaintiffs' counsel also respectfully submits that his error in failing to comply with this Court's Categorization Orders was an inadvertent mistake constituting excusable neglect, and thus Plaintiffs should be afforded relief under Rule 60(b) as well as Rule 6(b)(1)(B). In this Circuit, excusable neglect may include omissions through carelessness and mistake, and after the Supreme Court's elaboration on the standard for excusable neglect in *Pioneer*, may be shown without identifying any 'extraordinary' circumstance. *Robb*, supra, 122 F.3d at 359, citing *Pioneer*, supra, 997 F.2d at 302. Determining whether a mistake warrants relief for the party under Rule 60(b) is usually left to the discretion of the district court; however, "this discretion is not limitless, for it must be exercised after careful consideration of "all relevant circumstances surrounding the omission" in a particular case, including the equitable factors set forth in *Pioneer*." *Robb*, 122 F.3d at 363 (internal citations omitted).

Under F.R.C.P 60(b), "excusable neglect" is broad enough to include attorney carelessness. *Chapman v. Maytag Corp.*, NO. IP 99-0039-C-F/D, 2000 U.S. Dist. LEXIS 8079, at *4 (S.D. Ind. Mar. 10, 2000), citing *Robb*, supra, 122 F.3d at 358-59. This Court in *Chapman* granted relief under F.R.C.P 60(b)(1) when plaintiff's counsel missed the deadline to file a response to defendant's summary judgment motion because it was not calendared, even though plaintiff's counsel did not know why the motion's response deadline was not calendared despite undertaking a thorough investigation regarding same and admitting that he knew about the summary judgment motion, finding that plaintiff's counsel was negligent in failing to check the

docket sheet for a status. *Chapman*, 2000 U.S. Dist. LEXIS 8079 at *3-5. This Court found that because plaintiff's counsel in *Chapman* was actively litigating the case, and in the absence of prejudice to the defendant and plaintiff's counsel's showing that the plaintiff can make a reasonable response, plaintiff's counsel's negligence was excusable. *Chapman*, 2000 U.S. Dist. LEXIS 8079, at *5. Cf. *Robb*, supra, 122 F.3d at 361-63 (vacating the trial court's order denying relief under Rule 60(b)(1) for missing a filing deadline due to the trial court's failure to consider the equitable factors set forth in *Pioneer*).

Here, Plaintiffs' counsel fully states that his error in failing to timely submit the Categorization Forms with relevant medical records was an inadvertent mistake due to human error, and Plaintiffs did not intentionally refuse to respond or comply with this Case Management Order. Plaintiffs' counsel has been actively litigating Plaintiffs' cases and has complied with all previous Orders entered by this Court regarding same. Plaintiffs' counsel's error, and his resulting failure to see the Categorization Orders amongst the numerous filings in the Master Docket and lack of awareness of the Categorization Orders, resulted in his omission to act. Plaintiffs' counsel has since updated his office's policies regarding carefully monitoring the Master Docket and ensuring that all ECF notifications for relevant orders and filings are checked and read. Plaintiffs' counsel's office quickly, and in good faith, drafted and served all 18 outstanding Categorization Forms with the relevant medical records attached for the Plaintiffs herein within fifteen days of the deadline. Here, Defendants would suffer minimal prejudice for this delay. See *Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind. July 14, 2011) (stating that the danger of prejudice was minimal when the response was filed seventeen (17) days after it was originally due). There is no evidence of bad faith on the part of Plaintiffs and they have adequately complied with the Court's Categorization Orders in good

faith. Therefore, relief should be granted to Plaintiffs under F.R.C.P 60(b)(1), as well as under F.R.C.P. 6(b)(l)(B), after considering and applying the relevant standards for inadvertent mistake and excusable neglect.

WHEREFORE, Plaintiffs respectfully request that his Honorable Court deny Defendants' Motion to Dismiss the above-captioned cases.

Respectfully Submitted,

**THE POTTS LAW FIRM, LLP**

By: /s/ Nathaniel K. Scearcy
Nathaniel K. Scearcy
1901 West 47th Place, Suite 210
Westwood, Kansas 66205
Phone: (816) 931-2230
Fax: (816) 931-7030
nscearcy@potts-law.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of February, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.


/s/ *Nathaniel K. Scearcy*
Nathaniel K. Scearcy