# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | MDL No. 2570<br><br>HON. JUDGE RICHARD L. YOUNG<br><br>MAG. JUDGE: TIM A. BAKER |
| This Document Relates to:<br><br>*James Stipanovich and Connie Stipanovich v. Cook Medical, Inc., et al.*;<br><br>Case No. 1:16-cv-02858 | |

## MOTION TO SUBSTITUTE PARTY PLAINTIFF AND AMEND COMPLAINT

Counsel, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, moves this Court for an Order substituting widow/Personal Representative Connie Stipanovich as plaintiff on behalf of the deceased Plaintiff, James Stipanovich and to memorialize this substitution on the amended Short Form Complaint.

1. Plaintiffs filed a products liability lawsuit against defendants on October 20, 2016.

2. Counsel for Plaintiffs was subsequently notified that Plaintiff James Stipanovich died on June 18, 2018. A Notice and Suggestion of Death is filed concomitantly with this Motion.

3. Plaintiff James Stipanovich's product liability action against defendants survived his death and was/is not extinguished.

4. Connie Stipanovich, surviving widow and Trustee/Representative of the estate of Plaintiff James Stipanovich, is a proper party to substitute for plaintiff-decedent James Stipanovich and Connie Stipanovich and has proper capacity to proceed forward with the

surviving products liability claim on Plaintiffs' behalf, pursuant to Fed. R. Civ. P. 25(a)(1).  Connie Stipanovich was appointed Trustee/Personal Representative of The James and Constance Stipanovich Trust upon the death of Plaintiff James Stipanovich.  A copy of the pertinent pages of The James and Constance Stipanovich Trust are attached hereto as "Exhibit A."

5. Plaintiffs' Short Form Complaint ("SFC") should be amended to show Connie Stipanovich as the new party Plaintiff.  A copy of the proposed amended SFC is attached hereto as "Exhibit B."

6. Undersigned counsel has conferred with defendants' counsel and none oppose this Motion.

   WHEREFORE, Counsel for Plaintiff(s) request that this Honorable Court grant this Motion to Substitute Party Plaintiff.  Counsel for Plaintiff(s) further request that this Honorable Court grant that the SFC be amended to show the substituted Plaintiff and to order the clerk to file the amended SFC in the case docket.

Dated: February 19, 2019         Respectfully Submitted,

                                 By: /s/ *Nathan Buttars*
                                 Nathan Buttars, UT Bar # 13659
                                 T. Aaron Stringer, UT Bar # 12681
                                 LOWE LAW GROUP
                                 6028 S. Ridgeline Drive, #200
                                 Ogden, UT 84405
                                 Tel: 801-917-8500
                                 Fax: 801-917-8484
                                 nate@lowelawgroup.com
                                 aaron@lowelawgroup.com
                                 *Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Motion to Substitute Party Plaintiff and Amend Complaint* has contemporaneously with or before filing been served on all parties or their attorneys on the Court's ECF System, which will send notification of such filing to all counsel of record.

Dated: February 19, 2019                               /s/ Nathan Buttars

# Exhibit A

# JAMES AND CONSTANCE STIPANOVICH TRUST

On   5-10-16  , James J. Stipanovich and Constance A. Stipanovich, husband and wife, as Settlors and Co-Trustees, establish this Agreement.

## Article I. Declarations

**1.1 Trust name.** The name of this trust is the James and Constance Stipanovich Trust.

**1.2 Identifications.** Settlors are married to each other. Settlors' living children are Steven Stipanovich, Sandy Morelli, and Russ Stipanovich.

**1.3 Purpose.** This trust is established to provide management of assets during Settlors' lifetimes and to act as the means of distributing Settlors' assets after both settlors have died. Trustee agrees to hold, administer, and distribute the assets it receives in accordance with this Agreement.

**1.4 Additions.** Settlors, either of them, or any other person may transfer assets to Trustee at any time by assignment, will, beneficiary designation, or any other means.

**1.5 Registration.** If permitted by law, this trust is exempt from registration.

## Article II. Retained Control

**2.1 Amendment and revocation.** During Settlors' lifetimes, this Agreement may be revoked partially or completely or amended in any respect. Each settlor has the power to revoke and amend unilaterally with respect to separate property contributed by him or her. Both settlors acting together have the power to revoke or amend with respect to joint property contributed by them and to generally revoke or amend this Agreement. After the death of one of the Settlors, this Agreement may be revoked partially or completely or amended in any respect by the surviving Settlor. The power to amend or revoke may be exercised by Settlors (or either of them) at any time and without the consent of Trustee or anyone else, but the revocation or amendment must be in writing. No amendment, however, may increase the duties or responsibilities of Trustee without Trustee's written consent.

## Article III. Trustee

**3.1 Definition.** The term "Trustee" refers to the one or to those acting as Trustee or Trustees, regardless of number. Individual trusts under this Agreement need not have the same Trustee.

**3.2 Named successor.** If an original trustee becomes unable or unwilling to serve, the remaining trustee shall continue to serve. When all original trustees become unable or unwilling to serve, Sandy Morelli shall succeed as Trustee.

**3.3 Additional trustee.** Trustee may appoint a professional co-trustee to serve under this Agreement.

**3.4 Resignation.** A trustee may resign by giving notice of resignation in the manner provided in this Agreement. The determination that an individual trustee is disabled, as defined in this Agreement, constitutes the resignation of that person as a trustee.

**3.5 Removal of a trustee.** In the case of each trust established under this Agreement, a majority of the current income beneficiaries in the nearest generation to Settlor who are competent adults have the right to remove a trustee, with or without cause.

**3.6 Appointment of successor.** If a successor trustee is or becomes unable or unwilling to serve, no one shall succeed that person so long as another trustee is then serving. If, at any time, there is no one willing and able to serve as Trustee of a trust established under this Agreement, a majority of the current income beneficiaries in the nearest generation to Settlor who are competent adults may appoint a successor trustee within 30 days of the vacancy. If the appointment is not made within 30 days of the vacancy, a court having jurisdiction shall appoint a successor trustee. If the prior trustee is removed, neither a person who possesses or shares the power to remove a trustee nor anyone who is related or subordinate (within the meaning of IRC 672(c)) to such a person may be appointed a successor, additional, or special trustee.

**3.7 Professional trustee.** The term *professional trustee* means a bank, trust company, other entity that provides trustee services to the general public, or an individual who regularly serves or holds himself or herself out as a fiduciary for trusts and estates.

**3.8 Successor in interest.** Any reference to a fiduciary in this Agreement or to an entity referenced in this Article shall include any successor in interest to that entity arising by merger, consolidation, reorganization in another form, or name change.

**3.9 Substitute fiduciary.** If Trustee is unable or unwilling to exercise a fiduciary power, from time to time, regarding a specific trust matter or asset, Trustee may appoint, or petition a court having jurisdiction to appoint, a special trustee to exercise the fiduciary power on a temporary or permanent basis or may request that the court exercise the fiduciary power on a temporary or permanent basis.

*Pages 3-7 are intentionally removed.*

policies as may have accrued. In the event that litigation shall be required to enforce payment of any proceeds, Trustee is entitled to recover its expenses out of other trust assets, or, if there are none, Trustee is entitled to indemnification from other sources in a manner satisfactory to Trustee as a precondition to instituting suit.

**6.7 Notices.** Any notice required under this Agreement must be in writing and signed by the person(s) giving notice and shall be effective when delivered or mailed to the party to whom notice is to be given.

**6.8 Construction.** In construing this instrument, consideration shall be given to the fact that the singular and plural and the masculine, feminine, and neuter may have been used interchangeably. The text and not the headings of the Articles and paragraphs of this Agreement shall control construction or interpretation of this Agreement.

**6.9 Child and descendant.** Unless named in the paragraph of Article I entitled "Identifications," a "child" or "descendant" of Settlors or of another is limited to those persons so defined under Michigan law but does not include persons adopted after age 21 or any adoptee older than the adoptive parent.

## Article VII. Administrative Powers

Trustee has the power to perform every act that a reasonable and prudent investor would perform incident to the collection, preservation, management, use, and distribution of the trust assets to accomplish the desired result of administering the trust legally and in the best interests of the trust beneficiaries, without the approval of any court or beneficiary. During Settlor's lifetime, however, Settlor may direct Trustee with respect to any matter concerning the administration, distribution, or investment of trust assets. Trustee shall have no liability for following Settlor's direction. Subject to the foregoing, and except as otherwise provided in this Agreement, Trustee possesses, in addition to or in substitution for, but not otherwise in limitation of, common-law and statutory powers, the following authority.

**7.1 Take control of assets.** Take possession, custody, or control of assets transferred to the trust.

**7.2 Retention of assets.** Retain assets that Trustee may receive, including assets in which Trustee is personally interested, in accordance with the Michigan prudent investor rule set forth in MCL 700.1501–.1512.

**7.3 Receipt of assets.** Receive assets from fiduciaries or other sources that are acceptable to Trustee.

*Pages 9-10 are intentionally removed.*

**7.20 Compromise.** Effect a fair and reasonable compromise with any debtor or obligor or extend, renew, or in any manner modify the terms of any obligation owing to the trust. If Trustee holds a mortgage, pledge, or other lien upon the property of another person, Trustee may, in lieu of foreclosure, accept a conveyance or transfer of encumbered assets from the owner in satisfaction of the indebtedness secured by lien.

**7.21 Make payments.** Pay Trustee's compensation or other expenses incident to the administration of the trust.

**7.22 Exercise rights and options.** Sell or exercise subscription or conversion rights and exercise stock options and warrants.

**7.23 Principal and income allocations.** Make reasonable allocations of receipts and disbursements between principal and income in Trustee's discretion.

**7.24 Agents.** Employ, and pay reasonable compensation for services performed by, persons, including auditors, investment advisers, accountants, appraisers, brokers, custodians, rental agents, realtors, or agents, even if they are associated with Trustee, to advise or assist Trustee in the performance of administrative duties; act without independent investigation upon their recommendations; and instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary.

**7.25 Attorneys.** Employ and pay reasonable compensation to an attorney to perform necessary legal services or to advise or assist Trustee in the performance of Trustee's administrative duties, even if the attorney is associated with the trustee, and to act without independent investigation upon the attorney's recommendation.

**7.26 Legal proceedings.** Prosecute, defend, arbitrate, settle, release, compromise, and agree to indemnify claims or proceedings in any jurisdiction or under alternative dispute resolution procedures for the protection of trust assets and the protection of Trustee in the performance of Trustee's duties.

**7.27 Business interests.** Consent to or participate in, directly or through a committee or other agent, the reorganization, consolidation, merger, dissolution, or liquidation of any business enterprise; continue or participate in any business or venture in any manner, in any form, for any length of time; or change the form, in any manner, of any business or venture in which Settlor was engaged at the time of death.

**7.28 Exoneration.** Provide for the exoneration of Trustee from personal liability in any contract entered into on behalf of the trust.

*Pages 12-17 are intentionally removed.*

WITNESSES:

/s/ _____  /s/ _____
                              Settlor, James J. Stipanovich

/s/ _____  /s/ _____
                              Trustee, James J. Stipanovich

                             /s/ _____
                              Settlor, Constance A. Stipanovich

                             /s/ _____
                              Trustee, Constance A. Stipanovich

STATE OF MICHIGAN )
MANISTEE COUNTY  )

Acknowledged before me in Manistee County, Michigan, on 5-10-16 by James J. Stipanovich.

/s/ _____
Michael Herring
Notary public, State of Michigan, County of Kent.
My commission expires 11-19-2016.
Acting in the County of Manistee.

STATE OF MICHIGAN )
MANISTEE COUNTY  )

Acknowledged before me in Manistee County, Michigan, on 5-10-16 by Constance A. Stipanovich.

/s/ _____
Michael Herring
Notary public, State of Michigan, County of Kent.
My commission expires 11-19-2016.
Acting in the County of Manistee.

Drafted by and when recorded return to:
Michael Herring P72665
2050 Celadon Dr. Suite A7
Grand Rapids, MI 49525

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
James Stipanovich and Connie Stipanovich

Civil Case # 1:16-cv-2858-RLY-TAB

## FIRST AMENDED SHORT FORM COMPLAINT

COMES NOW the Plaintiff(s) named below, and for Complaint against the Defendants named below, incorporate The Master Complaint in MDL No. 2570 by reference (Document 213). Plaintiff(s) further show the court as follows:

1. Plaintiff/Deceased Party:

   James Stipanovich

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   Connie Stipanovich

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   Connie Stipanovich

4. Plaintiff's/Deceased Party's state of residence at the time of implant:

   Michigan

1

5. Plaintiff's/Deceased Party's state of residence at the time of injury:

   Michigan

6. Plaintiff's/Deceased Party's current state of residence:

   Michigan

7. District Court and Division in which venue would be proper absent direct filing:

   Western District of Michigan, Southern Division

8. Defendants (Check Defendants against whom Complaint is made):

   ☑ Cook Incorporated

   ☑ Cook Medical LLC

   ☑ William Cook Europe ApS

9. Basis of Jurisdiction:

   ☑ Diversity of Citizenship

   ☐ Other: _____

   a. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

      Paragraphs 6-28, inclusive.

   b. Other allegations of jurisdiction and venue:

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim

    (Check applicable Inferior Vena Cava Filters):

    - [✓] Günther Tulip® Vena Cava Filter
    - [ ] Cook Celect® Vena Cava Filter
    - [ ] Gunther Tulip Mreye Cook Celect
    - [ ] Platinum
    - [ ] Other: _____

11. Date of Implantation as to each product:

    10/02/2005

12. Hospital(s) where Plaintiff was implanted (including City and State):

    Spectrum Health Blodgett Hospital
    Grand Rapids, MI

13. Implanting Physician(s):

    Richard Wilcox, MD

14. Counts in the Master Complaint brought by Plaintiff(s):

    - [✓] Count I:    Strict Products Liability – Failure to Warn
    - [✓] Count II:   Strict Products Liability – Design Defect
    - [✓] Count III:  Negligence
    - [✓] Count IV:   Negligence Per Se

| | | |
|---|---|---|
| ✓ | Count V: | Breach of Express Warranty |
| ✓ | Count VI: | Breach of Implied Warranty |
| ✓ | Count VII: | Violations of Applicable __Michigan__ (insert State) Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices |
| ✓ | Count VIII: | Loss of Consortium |
| ☐ | Count IX: | Wrongful Death |
| ☐ | Count X: | Survival |
| ✓ | Count XI: | Punitive Damages |
| ☐ | Other: | _____ (please state the facts supporting this Count in the space, immediately below) |
| ☐ | Other: | _____ (please state the facts supporting this Count in the space, immediately below) |

15. Attorney for Plaintiff(s):

    T. Aaron Stringer, Nathan Buttars

16. Address and bar information for Attorney for Plaintiff(s):

   \* T. Aaron Stringer, UT Atty. No. 12681
   \* Nathan Buttars, UT Atty. No. 13659
   \* (Admitted pro hac vice)
   **LOWE LAW GROUP**
   6028 S. Ridgeline Drive, Suite 200
   Ogden, UT 84405
   Telephone: 801-917-8500
   Facsimile: 801-917-8484
   aaron@lowelawgroup.com
   nate@lowelawgroup.com

      Respectfully submitted,

      **LOWE LAW GROUP**

      */s/ T. Aaron Stringer*
      T. Aaron Stringer, UT Atty. No. 12681
      Nathan Buttars, UT Atty. No. 13659
      (Admitted pro hac vice)
      **LOWE LAW GROUP**
      6028 S. Ridgeline Drive, Suite 200
      Ogden, UT 84405
      Telephone: 801-917-8500
      Facsimile: 801-917-8484
      aaron@lowelawgroup.com
      nate@lowelawgroup.com

      *Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.