## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to Plaintiff:

ANN L. SIDNER

Case No. 1:17-cv-1889

### PLAINTIFF ANN L. SIDNER'S RESPONSE IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO THE COURT'S CASE CATEGORIZATION ORDER

COMES NOW the Plaintiff, Ann L. Sidner, through her counsel of record, Wes S. Larsen of the firm James, Vernon & Weeks, P.A., and respectfully requests that the Court deny the Defendants' Motion to Dismiss without Prejudice Pursuant to the Court's Case Categorization Order.

### I. Facts and Procedural Background:

Plaintiff Ann L. Sidner filed her Short Form Complaint in this Court via electronic filing on June 8, 2017. She subsequently served her Plaintiff Profile Form and Plaintiff Fact Sheet, complete with her medical records and the previously adopted medical records categorization form, together with all required signed authorizations, shortly thereafter on June 19, 2017, pursuant to MDL 2570 Case Management Order Nos. 4, 6, and 13. The Defendants' waiver of

service was subsequently filed on July 19, 2017.

On November 21, 2018, this Court entered an Order requiring all plaintiffs in MDL 2570 to complete and serve updated Categorization Forms to Defendants and lead plaintiffs' counsel by December 22, 2018. See Dkt. 9638. On January 17, 2019, this Court entered an Amended Order requiring all MDL plaintiffs to comply with the Court's Categorization Order by January 31, 2019; the Court's Amended Order also ordered Defendants to provide a list of plaintiffs that failed to comply with the order for entry of dismissal without prejudice. See Dkt. 9956.

The undersigned counsel for Plaintiff Ann L. Sidner acknowledges the duty to proactively monitor the MDL docket and timely comply with all of this Court's orders. Nevertheless, while Plaintiff Sidner's counsel receives a daily summary of all filings in MDL 2570 (as well as all individual filings in Plaintiff Sidner's member case), counsel unintentionally failed to see the Court's Orders regarding the recently adopted Categorization Form. As a result, Plaintiff Sidner did not submit a Categorization Form by the Court's mandated deadline.

However, during a conversation with defense counsel on February 19, 2019 regarding a different member case, counsel for Plaintiff Sidner learned of the Categorization Form requirement and the pending Motion to Dismiss regarding Plaintiff Sidner's case. The undersigned counsel immediately complied with the Court's requirement and served a completed Categorization Form with medical records attached to the designated email addresses as instructed in the Court's Order. A true and correct copy of the email serving Plaintiff Sidner's Categorization Form is attached as Exhibit A.

Prior to the Court's recent Categorization Orders, counsel for Plaintiff Sidner had fully satisfied and complied with all other obligations of this litigation including timely serving the required Plaintiff Fact Sheet, Plaintiff Profile Form, and medical records and Plaintiff

Authorizations. Counsel for Plaintiff Sidner has taken an active role in representing Ms. Sidner over the past two years and did not intentionally refuse to respond to the Court's Orders. Plaintiff's counsel remedied the above-described error immediately after it was brought to his attention in conversation with defense counsel.

## **II. Argument:**

Federal Rule of Civil Procedure 6(b)(1)(B) states that when "an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In the case of *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the U.S. Supreme Court was "called upon to decide whether an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute 'excusable neglect'. . . . Finding that it can, we affirm." *Pioneer Inv. Servs. Co.*, 507 U.S. at 383, 113 S. Ct. at 1492, 123 L. Ed. 2d 74.

In the context of federal bankruptcy law, the *Pioneer* Court found that "by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' [Bankruptcy] Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co.*, 507 U.S. at 388, 113 S. Ct. at 1495, 123 L. Ed. 2d 74. The United States Court of Appeals for the Seventh Circuit, in applying *Pioneer* in a non-bankruptcy setting, adopted a two-pronged test for situations in which a party seeks an extension pursuant to F.R.C.P. 6(b)(1)(B):

> First the moving party must demonstrate that his failure to meet the deadline was because of neglect. Neglect exists where the failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness. Second, the moving party must establish that his act was excusable. Whether a case of

neglect is excusable is an equitable determination that must take into account all relevant circumstances surrounding the party's failure to act, including the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Zingerman v. Feeman Decorating Co.*, 99 Fed. Appx. 70, 72 (7th Cir. 2004) (citing and quoting *Pioneer Inv. Servs. Co.*, supra). *See also Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) (holding that a court may consider whether a missed filing deadline is attributable to negligence).

Here, Plaintiff Sidner's counsel neglect in not seeing the Court's Case Categorization Orders within the numerous ECF email notification summaries from the Court, and counsel's resulting lack of awareness of the Case Categorization Orders, resulted in Plaintiff Sidner failing to submit the Categorization Form and related medical records until after the January 31, 2019 deadline. Plaintiff's counsel respectfully submits that the failure to meet the deadline was due entirely to his neglect and omission to act, satisfying the first prong of the inquiry.

As to the second prong of the test, Plaintiff Sidner respectfully maintains that this omission to act constitutes excusable neglect. As a result of the present situation, the undersigned counsel has established more stringent procedures for monitoring ECF filing email summaries to ensure that all Court notifications are monitored, and that other reasonable measures are taken to ensure that no additional Court notifications including Orders are missed or neglected. Moreover, Plaintiff Sidner submitted the requisite Categorization Form and documents on February 19, 2019 within a matter of hours after learning of the requirement and deficiency, in an effort to minimize the length of the delay and any possible prejudice to the Defendants. Plaintiff therefore complied with the Court's requirement less than three weeks after the Court's deadline. *See Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind.

July 14, 2011) (stating that the danger of prejudice was minimal when the response was filed within seventeen (17) days after it was originally due).

Plaintiff Sidner submits that the prejudice to Defendants is minimal compared to the burden that would befall Plaintiff should this Court grant Defendants' Motion, particularly because of potential statute of limitations implications should the case be dismissed. Indeed, Plaintiff has timely complied with all of the Court's prior orders concerning submission of a complete Plaintiff Profile Form, Plaintiff Fact Sheet, signed authorizations, and the medical records evidencing that she has a legitimate claim. The present Categorization Form merely provides Defendants with a summary of information they already had by way of the medical records, authorizations, and prior categorization form provided in conjunction with Plaintiff's previous submissions. Plaintiff Sidner recognizes that missing the deadlines impacts these judicial proceedings. However, the record contains no evidence of bad faith on the part of Ms. Sidner. Indeed, her counsel acted in good faith at all times when dealing with this Court and Defendants' counsel.

Plaintiff's counsel also respectfully submits that his error in failing to comply with the Court's Categorization Orders was an inadvertent mistake constituting excusable neglect, and thus Plaintiff should be afforded relief under Rule 60(b) as well as Rule 6(b)(1)(B). In this Circuit, excusable neglect may include omissions through carelessness and mistake, and after the U.S. Supreme Court's elaboration on the standard for excusable neglect in *Pioneer*, may be shown without identifying any "extraordinary" circumstance. *Robb*, supra, 122 F.3d at 359, citing *Pioneer*, supra, 997 F.2d at 302. Determining whether a mistake warrants relief for the party under Rule 60(b) is usually left to the discretion of the district court; nevertheless, "this discretion is not limitless, for it must be exercised after careful consideration of 'all relevant

circumstances surrounding the omission' *in a particular case*, including the equitable factors set forth in *Pioneer*." *Robb*, 122 F.3d at 363 (emphasis in original).

Under F.R.C.P 60(b), "excusable neglect" is broad enough to include attorney carelessness. *Chapman v. Maytag Corp.*, NO. IP 99-0039-C-F/D, 2000 U.S. Dist. LEXIS 8079, at *4 (S.D. Ind. Mar. 10, 2000), citing *Robb*, supra, 122 F.3d at 358-59. This Court in *Chapman* granted relief under F.R.C.P 60(b)(1) in finding that the plaintiff's counsel was neglectful when he missed a deadline to file a response to the defendant's summary judgment motion because it was not calendared, even though plaintiff's counsel did not know why the motion's response deadline was not calendared despite undertaking a thorough investigation regarding the same and admitting that he was aware of the pending motion. *Chapman*, 2000 U.S. Dist. LEXIS 8079 at *3-5. This Court found that because the plaintiff's counsel in *Chapman* was actively litigating the case, there was an absence of prejudice to the defendant, and plaintiff's counsel had shown that the plaintiff could make a reasonable response, plaintiff's counsel's negligence was excusable. *Chapman*, 2000 U.S. Dist. LEXIS 8079, at *5; cf. *Robb*, supra, 122 F.3d at 361-63 (vacating the trial court's order denying relief under Rule 60(b)(1) for missing a filing deadline due to the trial court's failure to consider the equitable factors set forth in *Pioneer*).

Here, Plaintiff Sidner's undersigned counsel fully admits that his error in failing to timely submit the Categorization Form with corresponding medical records was an inadvertent mistake due to human error, and Plaintiff Sidner did not intentionally refuse to respond or comply with this Court's Order. Plaintiff's counsel has been actively litigating Plaintiff Sidner's case and has complied with all previous Orders entered by this Court. Plaintiff's counsel's error, his resulting failure to see the Categorization Orders amongst the numerous filings in the Master Docket, and his lack of awareness of the Categorization Orders, resulted in his omission to act. Plaintiff's

counsel has since updated his internal procedures regarding carefully monitoring the Master Docket and ensuring that all ECF notifications for relevant orders and filings are checked and read.

Immediately upon learning of the deficiency and the pending Motion to Dismiss, the undersigned counsel quickly and in good faith completed and served Plaintiff Sidner's Categorization Form with the relevant medical records. Defendants have suffered minimal prejudice for this delay. *See Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind. July 14, 2011) (stating that the danger of prejudice was minimal when the response was filed seventeen (17) days after it was originally due). There is no evidence of bad faith on the part of Plaintiff Sidner and she has now adequately complied with the Court's Categorization Orders in good faith. Therefore, relief should be granted to Plaintiff Sidner under F.R.C.P 60(b)(1), as well as under F.R.C.P. 6(b)(l)(B), after considering and applying the relevant standards for inadvertent mistake and excusable neglect.

In light of the above arguments, Plaintiff Ann L. Sidner respectfully requests that the Court deny Defendants' Motion to dismiss her case.

Dated: February 19, 2019.

Respectfully Submitted,

**JAMES, VERNON & WEEKS, P.A.**

By: _____

Wes S. Larsen
1626 Lincoln Way
Coeur d'Alene, ID 83814
Phone: (208) 667-0683
Fax: (208) 664-1684
Email: wes@jvwlaw.net

*Attorney for Plaintiff Ann L. Sidner*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 19, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

Wes S. Larsen