IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INIDIANPOLIS DIVISON

IN RE COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION,

Case No.: 1:14-ml-2570-RLY-TAB
MDL No.: 2570

This Document Relates to Plaintiffs:

RAYMOND JACKSON and
SHIRLEY JACKSON

Case No.: 1:16-cv-02483-RLY-TAB

**PLAINTIFFS RAYMOND AND SHIRLEY JACKSON'S RESPONSE IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO THE COURT'S CASE CATEGORIZATION ORDER**

Now come Plaintiffs Raymond and Shirley Jackson, by and through their counsel, Stuart F. Cubbon of the law firm of Cubbon and Associates Co., L.P.A. and respectfully requests that the Court deny the Defendants' Motion to Dismiss without Prejudice Pursuant to the Court's Case Categorization Order.

I. Facts and Procedural Background

Plaintiff Raymond and Shirley Jackson filed their Short Form Complaint in this Court via electronic filing on September 16, 2016. They subsequently served their Plaintiff Profile Form and Plaintiff Fact Sheet, complete with their medical records, and all required signed

authorizations, shortly thereafter on December 1, 2016, and December 2, 2016, pursuant to MDL 2570 Case Management Order Nos. 4, 6, and 13.

On November 21, 2018, this Court entered an Order requiring all plaintiffs in MDL 2570 to complete and serve updated Categorization Forms to Defendants and lead plaintiffs' counsel by December 22, 2018. See Docket 9638. On January 17, 2019, this Court entered an Amended Order requiring all MDL plaintiffs to comply with the Court's Categorization Order by January 31, 2019; the Court's Amended Order also ordered Defendants to provide a list of plaintiffs that failed to comply with the order for entry of dismissal without prejudice. See Docket 9956. The undersigned counsel for Plaintiffs Raymond and Shirley Jackson acknowledge the duty to proactively monitor the MDL docket and timely comply with all of this Court's orders.

Nevertheless, while Plaintiffs' counsel receives a daily summary of all filings in MDL 2570 (as well as all individual filings in Plaintiffs' member case), counsel unintentionally failed to see the Court's Orders regarding the recently adopted Categorization Form. As a result, Plaintiffs Raymond and Shirley Jackson did not submit a Categorization Form by the Court's mandated deadline.

However, upon reviewing the numerous email notifications in this matter on February 19, 2019, counsel for Plaintiffs learned of the Categorization Form requirement and the pending Motion to Dismiss regarding Plaintiffs' case. The undersigned counsel immediately complied with the Court's requirement and served a completed Categorization Form with medical records attached to the designated email addresses as instructed in the Court's Order. A true and correct copy of the email serving Plaintiffs' Categorization Form is attached as Exhibit A.

Prior to the Court's recent Categorization Orders, counsel for Plaintiffs Jackson had fully satisfied and complied with all other obligations of this litigation including serving the required

Plaintiff Fact Sheet, Plaintiff Profile Form, and medical records and Plaintiff Authorizations. Counsel for the Plaintiffs has taken an active role in representing Mr. and Mrs. Jackson over the past two years and did not intentionally refuse to respond to the Court's Orders.

Plaintiff's counsel remedied the above-described error immediately after it was discovered.

## II. Argument:

Federal Rule of Civil Procedure 6(b)(1)(B) states that when "an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." In the case of *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the U.S. Supreme Court was "called upon to decide whether an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute `excusable neglect'. . . . Finding that it can, we affirm." *Pioneer Inv. Servs. Co.,* 507 U.S. at 383, 113 S. Ct. at 1492, 123 L. Ed. 2d 74.

In the context of federal bankruptcy law, the Pioneer Court found that "by empowering the courts to accept late filings `where the failure to act was the result of excusable neglect,' [Bankruptcy] Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co.,* 507 U.S. at 388, 113 S. Ct. at 1495, 123 L. Ed. 2d 74. The United States Court of Appeals for the Seventh Circuit, in applying Pioneer in a non-bankruptcy setting, adopted a two-pronged test for situations in which a party seeks an extension pursuant to F.R.C.P. 6(b)(1)(B):

> First the moving party must demonstrate that his failure to meet the deadline was because of neglect. Neglect exists where the failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness. Second, the moving party must establish that his act was excusable. Whether a case of neglect is excusable is an equitable determination that must take into account all relevant circumstances surrounding the party's failure to act, including the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Zingerman v. Feeman Decorating Co.*, 99 Fed. Appx. 70, 72 (7th Cir. 2004) citing and quoting *Pioneer Inv. Servs. Co., supra*. See also *Robb v. Norfolk & Western Ry. Co.,* 122 F.3d 354, 359 (7th Cir. 1997) holding that a court may consider whether a missed filing deadline is attributable to negligence.

Here, Plaintiffs' counsel's neglect in not seeing the Court's Case Categorization Orders within the numerous ECF email notification summaries from the Court, and counsel's resulting lack of awareness of the Case Categorization Orders, resulted in Plaintiffs failing to submit the Categorization Form and related medical records until after the January 31, 2019 deadline. Plaintiffs' counsel respectfully submits that the failure to meet the deadline was due entirely to his neglect and omission to act, satisfying the first prong of the inquiry.

As to the second prong of the test, Plaintiffs respectfully maintain that this omission to act constitutes excusable neglect. As a result of the present situation, the undersigned counsel has established more stringent procedures for monitoring ECF filing email summaries to ensure that all Court notifications are monitored, and that other reasonable measures are taken to ensure that no additional Court notifications including Orders are missed or neglected. Moreover, Plaintiffs submitted the requisite Categorization Form and documents on February 19, 2019 within a matter of hours after learning of the requirement and deficiency, in an effort to minimize the length of the delay and any possible prejudice to the Defendants. Plaintiffs therefore complied

with the Court's requirement within nineteen (19) days after the Court's deadline. See *Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind. July 14, 2011) stating that the danger of prejudice was minimal when the response was filed within seventeen (17) days after it was originally due.

   Plaintiffs submit that the prejudice to Defendants is minimal compared to the burden that would befall Plaintiffs should this Court grant Defendants' Motion, particularly because of potential statute of limitations implications should the case be dismissed. Indeed, Plaintiffs have timely complied with all of the Court's prior orders concerning submission of a complete Plaintiff Profile Form, Plaintiff Fact Sheet, signed authorizations, and the medical records evidencing that they have a legitimate claim. The present Categorization Form merely provides Defendants with a summary of information they already have by way of the medical records, authorizations, and prior categorization form provided in conjunction with Plaintiffs' previous submissions. Plaintiffs recognize that missing the deadlines impacts these judicial proceedings. However, the record contains no evidence of bad faith on the part of Mr. or Mrs. Jackson, individually or jointly. Their counsel acted in good faith at all times when dealing with this Court and Defendants' counsel.

   Plaintiffs' counsel also respectfully submits that his error in failing to comply with the Court's Categorization Orders was an inadvertent mistake constituting excusable neglect, and thus Plaintiffs should be afforded relief under Rule 60(b) as well as Rule 6(b)(1)(B). In this Circuit, excusable neglect may include omissions through carelessness and mistake, and after the U.S. Supreme Court's elaboration on the standard for excusable neglect in Pioneer, may be shown without identifying any "extraordinary" circumstance. *Robb, supra*, 122 F.3d at 359, citing *Pioneer, supra*, 997 F.2d at 302. Determining whether a mistake warrants relief for the

Case 1:14-ml-02570-RLY-TAB   Document 10197   Filed 02/20/19   Page 6 of 9 PageID #: 69175

party under Rule 60(b) is usually left to the discretion of the district court; nevertheless, "this discretion is not limitless, for it must be exercised after careful consideration of 'all relevant circumstances surrounding the omission' in a particular case, including the equitable factors set forth in *Pioneer*." *Robb*, 122 F.3d at 363 (emphasis in original).

Under F.R.C.P 60(b), "excusable neglect" is broad enough to include attorney carelessness. *Chapman v. Maytag Corp.*, No. IP 99-0039-C-F/D, 2000 U.S. Dist. LEXIS 8079, at *4 (S.D. Ind. Mar. 10, 2000), citing *Robb, supra*, 122 F.3d at 358-59. This Court in *Chapman* granted relief under F.R.C.P 60(b)(1) in finding that the plaintiff's counsel was neglectful when he missed a deadline to file a response to the defendant's summary judgment motion because it was not calendared, even though plaintiff's counsel did not know why the motion's response deadline was not calendared despite undertaking a thorough investigation regarding the same and admitting that he was aware of the pending motion. *Chapman,* 2000 U.S. Dist. LEXIS 8079 at *3-5. This Court found that because the plaintiff's counsel in *Chapman* was actively litigating the case, there was an absence of prejudice to the defendant, and plaintiff's counsel had shown that the plaintiff could make a reasonable response, plaintiff's counsel's negligence was excusable. *Chapman,* 2000 U.S. Dist. LEXIS 8079, at *5; cf. *Robb, supra*, 122 F.3d at 361-63 (vacating the trial court's order denying relief under Rule 60(b)(1) for missing a filing deadline due to the trial court's failure to consider the equitable factors set forth in *Pioneer*).

Here, Plaintiffs' counsel fully admits that his error in failing to timely submit the Categorization Form with corresponding medical records was an inadvertent mistake due to human error, and Plaintiffs did not intentionally refuse to respond or comply with this Court's Order. Plaintiffs' counsel has been actively litigating Plaintiffs Raymond and Shirley Jackson's case and has complied with all previous Orders entered by this Court. Plaintiffs' counsel's error,

his resulting failure to see the Categorization Orders amongst the numerous filings in the Master Docket, and his lack of awareness of the Categorization Orders, resulted in his omission to act. Plaintiffs' counsel has since updated his internal procedures regarding carefully monitoring the Master Docket and ensuring that all ECF notifications for relevant orders and filings are checked and read.

Immediately upon learning of the deficiency and the pending Motion to Dismiss, the undersigned counsel quickly and in good faith completed and served Plaintiffs Jackson's Categorization Form with the relevant medical records. Defendants have suffered minimal prejudice for this delay. See *Ruiz v. Carmeuse Lime, Inc.,* No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind. July 14, 2011) (stating that the danger of prejudice was minimal when the response was filed seventeen (17) days after it was originally due). There is no evidence of bad faith on the part of Plaintiffs and they have now adequately complied with the Court's Categorization Orders in good faith. Therefore, relief should be granted to Plaintiffs Raymond and Shirley Jackson under F.R.C.P 60(b)(1), as well as under F.R.C.P. 6(b)(1)(B), after considering and applying the relevant standards for inadvertent mistake and excusable neglect.

In light of the above arguments, Plaintiffs Raymond and Shirley Jackson respectfully requests that the Court deny Defendants' Motion to dismiss their case.

Respectfully submitted,

CUBBON AND ASSOCIATES CO., L.P.A.

*/s/ Stuart F. Cubbon*
Stuart F. Cubbon, OH Bar No.: 0006520
CUBBON AND ASSOCIATES CO., L.P.A.
One SeaGate, Suite 1845, Toledo, OH 43604
419-243-7243
Fax: 419-243-9512
stucubbon@cubbon.com

## **CERTIFICATE OF SERVICE**

  I hereby certified that on February 20, 2019 a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

              */s/ Stuart F. Cubbon*

**EXHIBIT A**

## Victoria Case

| | |
|---|---|
| **From:** | Victoria Case |
| **Sent:** | Tuesday, February 19, 2019 3:08 PM |
| **To:** | 'plaintiffscoleadcounselmdl@gmail.com'; 'CookFilterMDL@FaegreBD.com' |
| **Subject:** | Raymond and Shirley Jackson v. Cook Medical 1:16-cv-02483 |
| **Attachments:** | categorization form and exhibits.pdf |

Attached is the Categorization Form with relevant medical records (and pictures) attached which is being filed today.

*We're moving February 27, 2019.  Please note our new address below.  Thank you.*

Thank you,

Victoria A. Case, J.D.
Special Projects Manager
Cubbon and Associates Co., L.P.A.
One SeaGate
Suite 1845
Toledo, OH  43604
419-243-7243
Fax:  419-243-9512

---

I am using the Free version of SPAMfighter.
SPAMfighter has removed 439 of my spam emails to date.

Do you have a slow PC? Try a free scan!

1