UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION          MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Action Schedules attached as Exhibits A, B, C, and D

_____

**DEFENDANTS' SECOND AMENDED MOTION TO DISMISS
PURSUANT TO THE COURT'S CASE CATEGORIZATION ORDER**

On October 2, 2018, the Court entered its Order on Cook Defendants' Motion for Screening

Order and Bellwether Plan (Dkt. 9322) (the "Categorization Order").  On November 21, 2018, the

Court entered another order setting deadlines, giving instructions, and attaching the categorization

form (Dkt. 9638) (collectively, the "Categorization Orders").  After months of debate on the "No

Injury" issue, the Court entered the Categorization Order.  It required all Plaintiffs to designate

their cases in one of seven categories and provide a "specific medical record evidencing the

claimed complications, outcomes, and injuries."  Categorization Order at ¶ 1.  The Court also

required the Cook Defendants to prepare a census documenting the categorizations made.  *Id.* at ¶

2.

Many plaintiffs failed to comply with the Court's Categorization Order, which set the

deadline for categorization as December 22, 2018.  As a result, the Court extended the deadline to

January 31, 2019.  *See* Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms

("Final Deadline Order"), Dkt. 9956, p. 1 (requiring Plaintiffs to "categorize [using the agreed

form], including the requirement to produce specific medical records, within seven days, by

January 31, 2019"). The Court expressly provided that any case failing to comply with the Categorization Order and the Final Deadline Order "shall be dismissed without prejudice." *Id.* The Court ordered the Cook Defendants to provide it with a list of plaintiffs that had failed to comply by February 7, 2019. *Id.*

On February 5, 2019, the Cook Defendants filed a Motion to Dismiss Without Prejudice Pursuant to the Court's Case Categorization Order (Dkt. 10063) (the "First Motion"). On February 18, 2019, the Cook Defendants filed an Amended Motion to Dismiss Without Prejudice Pursuant to the Court's Case Categorization Order (Dkt. 10182) (the "Amended Motion"). After filing the Amended Motion, the Cook Defendants determined that some plaintiffs who had complied with the Case Categorization Order by submitting medical records were inadvertently included in the motion.[1] In addition, some plaintiffs submitted medical records in response to the Cook Defendants' Amended Motion. The Cook Defendants have taken those submissions into account as well, and all plaintiffs that have submitted a categorization form and medical record as of this filing have been accounted for. However, many plaintiffs remain non-compliant: (1) many still have not submitted a categorization form and (2) many have not submitted any record in support of their categorization.

The Cook Defendants respectfully asks the Court to dismiss without prejudice the cases that have failed to comply with the Categorization Order. Specifically, **the Cook Defendants ask the Court to dismiss a total of 429 cases**: 238 cases that have failed to submit a case

---

[1] Before filing the Amended Motion, Cook Defendants re-reviewed every submission and email sent to the Filter MDL mailbox. However, for plaintiffs that did not actually submit forms to the Cook Defendants (e.g., submitted a link to a file storage location), some links were "dead" when the Cook Defendants attempted to re-retrieve the categorization forms to which plaintiffs sent a link. As a result, the Cook Defendants were unable to re-review those submissions, but the Cook Defendants contacted the attorneys representing those plaintiffs and have removed them from Exhibit A.

US.122057798.02

categorization form by deadlines set by the Court and 191 cases that have failed to provide a specific medical record supporting their chosen category.

**A.  The Court should dismiss all cases that failed to submit a categorization form.**

The Court should dismiss 229 cases that have failed to submit a categorization form as required by the Court's Categorization Orders, despite an effective five-week extension and their identification in Cook Defendants' First Motion and Amended Motion.  These cases are identified by plaintiff name, case number, and lead counsel in the Schedule of Plaintiffs that Have Failed to Produce a Categorization Form attached as **Exhibit A**. The Cook Defendants request the Court dismiss without prejudice the 229 non-compliant cases.

**B.  The Court should dismiss all cases that failed to provide specific medical records in support of their claimed injuries.**

The Court should dismiss 191 cases that have failed to provide a specific medical record supporting their chosen category.  These cases are identified by plaintiff name, cause number, and lead counsel in **Exhibit B**.  These 191 cases should be dismissed for failure to provide a specific medical record in support of their chosen category.

**C.  Plaintiffs that submitted categorization forms in response to the Cook Defendants' First Motion have been moved to Exhibit C.**

In response to the Cook Defendants' First Motion and Amended Motion, 335 plaintiffs submitted categorization forms.  That is, after the Cook Defendants filed their First Motion on February 5, 2019, a number of plaintiffs noted their error and attempted to correct it by submitting a categorization form.  The plaintiffs who submitted categorization forms following the First Motion or Amended are listed in **Exhibit C.**  The Cook Defendants are not asking for dismissal of cases listed on Exhibit C.[2]

---

[2] Cases listed on Exhibit C are separate and apart from cases listed on Exhibits A and B.  Exhibit C is a list of plaintiffs previously on Exhibit A that subsequently submitted categorization forms.

**D.      Cases filed after the Court's first Categorization Order on November 21, 2018, require a new deadline for compliance.**

The Cook Defendants included in their First Motion cases that had been filed after the Court's November 21, 2018, Categorization Order (Dkt. 9638).  These cases, which should be included in the bellwether pool and have not complied with the Court's Categorization Orders, require a new deadline by which those plaintiffs must comply with the Court's previous categorization orders.  These cases are identified by plaintiff name, cause number, and lead counsel in **Exhibit D**.

The Cook Defendants request dismissal of all cases listed on Exhibit A and Exhibit B, and do not request dismissal of cases listed on Exhibit C and Exhibit D.  However, the Cook Defendants request that the Court issue a deadline for submission of categorization forms for all cases listed on Exhibit D.  Consistent with the Court's prior orders, the Cook Defendants respectfully request that any case that is dismissed for failure to comply with the Court's Categorization Orders and subsequently refiled must be refiled in the Southern District of Indiana.

Dated:  February 21, 2019                     /s/ James Stephen Bennett
                                              James Stephen Bennett (# 22869-02)
                                              FAEGRE BAKER DANIELS LLP
                                              110 West Berry Street, Suite 2400
                                              Fort Wayne, Indiana  46802-2322
                                              Telephone:  (260) 424-8000
                                              Facsimile:  (260) 460-1700
                                              E-Mail:  Stephen.Bennett@FaegreBD.com

                                              Andrea Roberts Pierson (# 18435-49)
                                              FAEGRE BAKER DANIELS LLP
                                              300 North Meridian Street, Suite 2700
                                              Indianapolis, Indiana  46204
                                              Telephone:  (317) 237-0300
                                              Facsimile:  (317) 237-1000
                                              E-Mail:  Andrea.Pierson@FaegreBD.com

US.122057798.02

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 21, 2019, a copy of the foregoing DEFENDANTS' SECOND AMENDED MOTION TO DISMISS PURSUANT TO THE COURT'S CASE CATEGORIZATION ORDER was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ James Stephen Bennett*

US.122057798.02