IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2570

_____

This Document Relates to Plaintiff(s)

 1:17-cv-00041 Tanika James
 1:17-cv-00222 Runell H. Williams

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO THE COURT'S CASE CATEGORIZATION ORDER**

On November 21, 2018, the Court entered an Order requiring Plaintiffs to complete and serve Categorization Forms to email addresses CookFilterMDL@FaegreBD.com and plaintiffscoleadcounselmdl@gmail.com.

Defendants filed a Motion to Dismiss (DN 10063) on February 5, 2019, an Amended Motion to Dismiss (DN 10182) on February 18, 2019, and a Second Amended Motion to Dismiss (DN 10211) on February 21, 2019. The above two cases were listed in the exhibit lists attached to these motions to dismiss as cases in which Plaintiff has not submitted a Case Categorization Form per the Court's November 21, 2018 Order.

It is true that Plaintiffs' counsel for Tanika James and Runell Williams did not submit case categorization forms for these two Plaintiffs, despite submitting them for every other Plaintiff that counsel represents in this MDL. However, this is because counsel had already previously moved for dismissal and/or to withdraw as counsel of record for these two Plaintiffs in November. *See* DN 9609 (Tanika James) and DN 9610 (Runell Williams). In fact, as indicated in both motions, prior to filing them, Plaintiffs' counsel had asked defense counsel to stipulate to voluntary

1

dismissal of both cases without prejudice, but never received agreement from defense counsel. Counsel likewise indicated in her service email to defense of other case categorization forms that these two Plaintiffs did not have forms being submitted because she had moved for voluntary dismissal in November.

After the first Motion to Dismiss for failure to submit a case categorization form was filed, Plaintiff's counsel reached out to defense counsel on February 8, 2019, asking whether Defendant would (finally) agree to stipulate to dismissal without prejudice in these two cases. On February 11, 2019, defense counsel agreed to Plaintiff's counsel's proposal, and the stipulated motions to dismiss without prejudice were filed in both cases on February 13, 2019 (see DN 10153- Tanika James and DN 10154 – Runell Williams). Both motions indicate in a footnote that the prior motions to dismiss were moot with respect to these two Plaintiffs now that the stipulations were filed.

Despite these events, defense included both cases again in their Amended Motion to Dismiss filed on February 18, 2019. On February 19, 2019, Plaintiff's counsel asked defense counsel whether it was their position that Case Categorization Forms still needed to be submitted in these two cases, despite the fact that the parties had now agreed to dismiss both cases without prejudice. Plaintiff's counsel did not receive a response and these two cases were yet again included in the latest Second Amended Motion to Dismiss filed yesterday.

Counsel files this response to advise the Court that the failure to submit case categorization forms for these two cases was not a willful or negligent disregard of this Court's categorization order, but was because counsel simply thought it was unnecessary in light of the previously-filed and agreed upon stipulations to dismiss without prejudice filed in both cases. Counsel does not oppose dismissal without prejudice of these two cases given the request to already do so.

Dated: February 22, 2019.

        Respectfully submitted,

        **SHRADER & ASSOCIATES, L.L.P.**

        */s/ A. Layne Stackhouse*
        A. Layne Stackhouse (KY# 94038)
        3900 Essex Lane, Suite 390
        Houston, TX 77027
        T: (713) 782-0000
        F: (713) 571-9605
        layne@shraderlaw.com

        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

        */s/ A. Layne Stackhouse*