IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

| | |
|---|---|
| Robert Ball | 1:18-cv-02847 |
| Natalie and Ronald Fleshman | 1:18-cv-03001 |
| Jamie Fraley | 1:17-cv-03928 |
| James and Carol Furnas | 1:18-cv-01519 |
| Dennis and Janet Galloway | 1:18-cv-01504 |
| LaSonja Hardaway | 1:18-cv-01202 |
| Cynthia Lake | 1:18-cv-01507 |
| Steven Ridgeon | 1:18-cv-01274 |
| Patricia Williams | 1:17-cv-01472 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS AMENDED MOTION TO DISMISS**

The Court should deny Defendants' Amended Motion to Dismiss (CM/ECF Doc 10211) as it pertains to each of the above referenced Plaintiffs.  Each of the above referenced Plaintiffs have been identified on Exhibit B of Defendants' Motion as Plaintiffs who did not submit a specific medical record supporting their selected category, and Defendants seek dismissal of their cases on such grounds.  The sanction Defendants seek would be wholly improper and unduly prejudicial to the Plaintiffs under the circumstances, and should be denied.

1

Each of the above referenced Plaintiffs assert that they have fully complied with the Court's Case Categorization Order. The reason that a specific medical record was not initially produced with these particular Plaintiffs' case categorization forms is that each of the Plaintiffs at issue were categorized as a "Category 2," - "[c]ases where only non-physical injuries, such as worry, stress, or fear of future injury, have been alleged." As each of these Plaintiffs only identified non-physical injuries on their categorization forms, Plaintiffs did not believe a specific medical record was required as medical records and treatment are generally not associated with such an allegation.

Plaintiffs are unclear what specific medical record Defendants are seeking in support of this categorization. Following Defendants Motion, Plaintiffs filed Amended Case Categorization forms for each of the above referenced Plaintiffs, with the exception of Patricia Williams, that contained specific medical records documenting the filter at issue being placed. See attached Exhibit A (email transmission of Amended Case Categorization Forms).[1] With regard to Patricia Williams, a review of her case led to a recategorization with a specific medical record in support thereof. See attached Exhibit B (email transmission of Patricia Williams Amended Case Categorization form).

In sum, Plaintiffs had a good faith belief that they complied with the terms of the Court's Case Categorization Order when they made their initial submissions. There was no bad faith, nor was there an attempt to avoid their obligations. To the extent the Plaintiffs misunderstood what was required to support a Category 2 classification, they respectfully pray for further guidance from the Court, with which they will readily comply. Defendants have suffered no

---

[1] With regard to James Furnas, Plaintiffs identified him as both a Category 2 and Category 7 (DVT). Plaintiff believed this "dual categorization" was the proper course of action under the Court's Case Categorization Order as he did not posses medical support for the DVT allegation, and indicated the same. Plaintiff simply included the dual categorization so Defendants had access to the information, while attempting to comply with the Order regarding support for categorizations.

prejudice with regard to the actions of these Plaintiffs, and dismissal would be improper and unduly prejudicial to these Plaintiffs.

Respectfully submitted,

/s/Michael S. Kruse
Michael S. Kruse, E.D. Mo. Bar # 57818MO
**NIEMEYER, GREBEL & KRUSE, LLC**
10 S. Broadway, Suite 1125
St. Louis, MO 63102
Telephone: (314) 241-1919
Facsimile: (314) 665-3017
kruse@ngklawfirm.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 26th day of February, 2019.

/s/ Michael S. Kruse