UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION MDL | Case No. 1:14-ml-2570-RLY-TAB No. 2570 |

This Document Relates Only to the Following Cases:

Dixon v. Cook Incorporated et al., 1:17-cv-03495-RLY-TAB
Matoushek v. Cook Incorporated et al., 1:17-cv-03563-RLY-TAB
Orszulak v. Cook Incorporated et al., 1:17-cv-04031-RLY-TAB
Sarkisian v. Cook Incorporated et al., 1:17-cv-04607-RLY-TAB
Feather v. Cook Incorporated et al., 1:18-cv-00405-RLY-TAB

## PLAINTIFF'S OPPOSITION TO THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS PURSUANT TO THE COURT'S CASE CATEGORIZATION ORDER

On February 21, 2019, the Cook Defendants ("defendants") filed their operative second amended motion to dismiss cases that they deem noncompliant with this Court's October 2, 2018 and November 21, 2018 categorization orders (Dkt 9322, 9638). Defendants identified five plaintiffs represented by the undersigned, each of whom timely complied with the categorization orders but could not produce a "medical" record of their severe emotional distress injuries. As these plaintiffs complied to the extent possible, and this Court has recognized the viability of emotional distress injuries despite defendants' prior arguments to the contrary, defendants' demand for dismissal is improper. Moreover, defendants' series of dismissal motions present alarming inconsistencies that should be reconciled prior to any resolution. Plaintiffs respectfully request that this Court deny defendants' operative motion without prejudice based on those irregularities, or otherwise grant such relief as each plaintiff individually requests below.

I.

## THIS COURT SHOULD AGAIN REJECT THE COOK DEFENDANTS' ATTEMPT TO DISMISS EMOTIONAL INJURY CASES AS "PIP/No Injury" CASES

In the Cook Defendants' Motion for Screening Order and Bellweather Selection Plan, defendants defined their "PIP/No Injury" cases as those with no "*symptomatic* bodily injury . . . ." (Dkt 8449 at p. 1, emphasis in original; *see also id.* at 11-12). This Court rejected that overbroad definition and instead ordered seven categories, designating for dismissal only those cases involving successful, first-time and routine retrieval of the IVC filter. (Dkt 9322 at p. 1, 3). In fact, of the seven categories this Court identified, only one required *symptomatic* bodily injury. *Id.* at p. 3. Cases asserting mental distress were explicitly reserved for motion practice or trial. *Id.* at p. 2, 4 at n. 1. Having lost this issue when presented directly, defendants now seek to circumvent this Court's categorization order as to their mental distress victims who have not undergone formal, documented treatment.

Each of the five targeted plaintiffs timely complied with this Court's categorization order by filing their required form. To be sure, this Court additionally called for plaintiffs to confirm categorization by "submitting a specific medical record evidencing the claimed complications, outcomes, and injuries." However, while emotional harm constitutes a recognized legal injury, by personal choice or cultural norms many persons elect not to treat with mental health professionals for such injuries. Plaintiffs seeking support of friends, family, clergy, a family physician who notes only physical ailments or even their own introspection are no less injured than those finding solace with a psychiatric professional or prescription medication. The impossibility of tendering a non-existent medical record made plaintiffs' timely categorization the only means of complying with this Court's order.

Plaintiffs further informed defendants of their emotional distress injuries by timely serving their Plaintiff Profile Sheets ("PPS") complete with verification. While not a "medical" record, plaintiffs put defendants on notice of the basis for their claims. In fact, plaintiffs' forthright PPS testimony served as defendants' basis for bringing their motion. (Dkt 8449, p. 2, 7-9). Defendants were further forewarned that plaintiffs would seek compensation for "emotional trauma" and "past and future emotional distress" by the master pleadings in this multidistrict litigation. (Master Consolidated Complaint for Individual Claims, p. 3, 15, 17, 19, 23, 25, 32, 35, 36). Had defendants found past and future emotional trauma or distress impermissible bases to support a case, they had every opportunity to challenge this master complaint through a responsive motion to dismiss. They did not.

In opposition to defendants' categorization motion, the Plaintiffs' Steering Committee ably argued that in some states "damages for the mental distress caused by a reasonable fear of injury may be recovered even in the absence of a physical injury." (Dkt 8591, p. 4). This Court recognized an emotional injury category that would proceed. (Dkt 9322, p. 2, 4 at n. 1). Defendants have failed to assert any substantive basis to revisit this issue, much less sought to employ proper motions practice challenging specific plaintiffs' rights to proceed under the substantive laws of their states. Defendants' attempt to circumvent these processes through misapplying this Court's categorization order should accordingly be denied.

**II.**

## THE COOK DEFENDANTS' FAILURE TO DEFINE A MEANINGFUL CLASS OF CASES TO BE DISMISSED SHOULD PRECLUDE THEIR SCATTERSHOT APPROACH TO DISMISSALS

Defendants' purported purpose for a categorization order was providing "a screening mechanism to ensure pending and future filed cases allege a cognizable injury and that cases are

properly categorized before the bellwether trial pool is selected." (Dkt 8449, p. 2). However, defendants have failed to apply any meaningful categorization methodology and contradicted themselves repeatedly as to which plaintiffs should be subject to dismissal. Setting aside that plaintiffs represented by the undersigned have complied with categorization as addressed *supra*, they cannot know with certainty why or, in some instances, even if defendants target them for dismissal.

Initially, defendants' categorization motion claimed that 10 plaintiffs represented by the undersigned fell in their "PIP/No Injury" category while identifying only nine on their exhibit. (Dkt. 8449 at p. 6 and Exh. B, p. 4). Defendants' original motion to dismiss based on this Court's categorization orders identified none of the nine as targeted plaintiffs. (Dkt 10063 and Exh. A thereto). Defendants subsequently filed their first amended motion to dismiss after they "determined that some plaintiffs who had complied with the Case Categorization Order were *inadvertently included* in the motion." (Dkt 10182, p. 2, emphasis added).

Trusting but always confirming, the undersigned then reviewed the first amended motion and identified five targeted clients where the original identified none. Only three overlapped with the nine from defendants' original categorization motion. (*Compare* Dkt. 8449 at Exh. B, p. 4 *with* Dkt 10182-2 at p. 3, 5-6). Of the five, defendants left the undersigned a voicemail advising that plaintiff Mr. Richard Feather was inadvertently targeted and would be removed. *See* Ex. 1 (E-mail to defense counsel including forwarded voice message). However, defendants then again named Mr. Feather in their operative second amended complaint. (Dkt 10211-2 at p. 3). To date, defendants have not replied as to whether they currently seek dismissal of Mr. Feather's case.

4

If defendants believe that individual plaintiffs cannot survive motions practice as to their past and future emotional trauma or distress claims under their substantive state law, they have a myriad of options under the Federal Rules of Civil Procedure to vindicate their position. Instead, defendants have brought chaos to categorization as they've made it impossible for plaintiffs to know who may be subject to targeted motions practice or why. Adding to the confusion, defendants cannot be countenanced to contend that an amendment excludes targeted plaintiffs when it actually adds them, or for advising opposing counsel that a plaintiff will be removed from a motion when he will actually again be named. Plaintiffs respectfully request that defendants be held to their word, in writing and in verbal messaging, and that their motion be denied without prejudice to their refilling an accurate and substantive motion to which all plaintiffs may respond.

### III.

### THE ESTATES OF PLAINTIFFS PATRICIA DIXON AND ANN MATOUSHEK DO NOT OBJECT TO DISMISSAL WITHOUT PREJUDICE

During the course of reviewing defendants' motions, the undersigned became aware of the recent passing of plaintiffs Ms. Dixon and Ms. Matoushek. Insofar as their estates will not be substituting in their appearance, and the alternative is a formal suggestion of death and ultimate dismissal without prejudice pursuant to Rule 25(a)(1), this response respectfully states no objection to defendants' current request for dismissal without prejudice. To do otherwise would place form above substance, unnecessarily consuming this Court's and the parties' resources. Should this Court grant plaintiffs' requested alternate relief as to deny defendants' motion without prejudice to their refilling an accurate and substantive motion, a formal suggestion of death upon the record will be promptly filed.

## CONCLUSION

This Court granted defendants' categorization motion only in part, notably recognizing that emotional injury claims would proceed. The emotional injury plaintiffs identified in the caption above each timely complied with this Court's categorization order to the extent possible. Insofar as defendants' are permitted to proceed with their motion despite their undoubtedly inadvertent inaccuracies and contradictions, plaintiffs respectfully request that this Court deny it as to Mr. Orszulak, Mr. Sarkisian and Mr. Feather's individual cases.

Dated: February 27, 2019           Respectfully submitted,

      /s/ Brian A. Goldstein
Brian A. Goldstein (NY Bar No. 2715019)
Cellino & Barnes, P.C.
2500 Main Place Tower
350 Main Street
Buffalo, New York 14202-3725
(716) 888-8888
Fax: (716) 854-6291
E-Mail: brian.goldstein@cellinoandbarnes.com