IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL NO. 2570

This document relates to:
SCOTT JACKSON
Civil Case No. 1:17-cv-3054

KERRY MAROWSKI
Civil Case No. 1:16-cv-03436

TINA WISDOM
Civil Case No. 1:17-cv-349

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO THE COOK DEFENDANTS' S AMENDED MOTION TO DISMISS PURSUANT TO
THE COURT'S CASE CATEGORIZATION ORDER**

COME NOW Plaintiffs Scott Jackson, Kerry Marowski, and Tina Wisdom, through undersigned counsel, who respectfully request that the Court deny Defendants' Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order. All three Plaintiffs here timely served their Case Categorization forms to Defendants but were unable to produce a related medical record of their emotional distress injuries. As the Plaintiffs complied to the greatest extent possible, and this Court already recognized the viability of emotional distress injuries, Plaintiffs respectfully request that this Court deny the Defendants' Motion to Dismiss as it relates to the three above-captioned Plaintiffs.

**Argument**

The Case Categorization Order issued by this Court defines seven categories by which the individual cases in this MDL would be sorted. (Dkt 9322 at p. 1, 3). Of those categories, only one

– cases involving a successful, first-time and routine removal of the IVC filter – required immediate dismissal. *Id.* at p. 3. The Court recognized the viability of emotional distress injuries and explicitly reserved those claims for further motion practice or trial. *Id.* at p. 2, 4 at n. 1.

The master pleadings in this litigation also put Defendants on notice that Plaintiffs would seek damages for "emotional trauma" and "past and future emotional distress." (Master Consolidated Complaint for Individual Claims, p. 3, 15, 17, 19, 23, 25, 32, 35, 36). The Defendants had every opportunity to contest that master complaint through a responsive motion to dismiss. They did not. Additionally, the Plaintiffs' Steering Committee ably argued that in some states "damages for the mental distress caused by a reasonable fear of injury may be recovered even in the absences of a physical injury." (Dkt. 8591, p. 4). This Court recognized that an emotional injury category would proceed. (Dkt. 9322, p. 2, 4 at n. 1). The Defendants could have challenged the Plaintiffs' right to make such emotional damages claims under the substantive law of their states. Again, they did not.

Instead, the Defendants seek to do an end-run around the law on this issue by setting an arbitrary bar that Plaintiffs who have not received formal medical treatment for their emotional distress injuries cannot meet.

On December 19, Plaintiffs timely submitted Case Categorizations Forms in compliance with the Court's Categorization Order. Ex. A. Original Submitted Case Categorization Forms. All three Plaintiffs selected Category 2 - "Cases where only non-physical injuries, such as worry, stress or fear of future injury, have been alleged." See *Id*. None of the above-captioned Plaintiffs were able to submit a medical record regarding their mental/emotional distress injuries, as none exist. However, following Defendants' Motion, out of an abundance of caution, Plaintiffs supplemented

their case categorization form to include the medical records showing implantation of a Cook IVC filter device. Ex. B, Supplemented Case Categorization Forms.

Emotional harm constitutes a recognized legal injury, one that often goes untreated by medical professionals as is the case here. It does not make it any less of an injury to the Plaintiffs. Plaintiffs acted on a good faith belief that they were complying with the terms of the Court's Case Categorization Order when they made their initial submissions. The impossibility of tendering a non-existent medical record made Plaintiffs' timely submission of the correct form the only way they could comply with this Court's order. To the extent that the Categorization Order requires the Plaintiffs to further substantiate their Category 2 claims, the Plaintiffs pray for further guidance from this Court on how to comply before their cases be dismissed.

Considering the above, Plaintiffs ask this Court to deny the Defendant's Motion to Dismiss as it pertains to the above-captioned Plaintiffs. In the alternative, Plaintiffs ask for further guidance from the Court regarding compliance with the Case Categorization Order when selecting Category 2 claims.

RESPECTFULLY SUBMITTED this 7th day of March, 2019.

          MURRAY LAW FIRM

          */s/Stephen B. Murray, Jr.*
          Stephen B. Murray, Jr. (LA Bar No. 23877)
          650 Poydras Street, Suite 2150
          New Orleans, Louisiana 70130
          (504) 525-8100
          smurrayjr@murray-lawfirm.com
          *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2019, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of notice of electronic filing.

/s/Stephen B. Murray, Jr
Stephen B. Murray, Jr.