# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-6018-RLY-TAB

---

## <u>PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE BILL OF COSTS</u>

Plaintiff Tonya Brand respectfully moves the Court for an extension of time to file her Bill of Costs and for relief from the deadlines provided in Local Rule 54-1. This Court has discretion to excuse a party's noncompliance with local rules, and there is good cause for extending the time to file the Bill of Costs. Plaintiff requests that the Court grant her an extension until March 15, 2019 to file the Bill of Costs.

### A.      The Court has discretion to excuse noncompliance with local rules.

Local Rule 54-1 states that the prevailing party must file a Bill of Costs or move for an extension of time to file within 14 days of the entry of Final Judgment. Thus, Plaintiff should have filed her Bill of Costs by February 26, 2019. Farris Affidavit at ¶ 2. However, this Court has discretion to allow Plaintiff additional time to file her Bill of Costs, and in this case, it is appropriate to do so.

The Seventh Circuit has stated that "the district court has broad discretion to excuse noncompliance with local rules." *Lumpkins-Benford v. Allstate Ins. Co.*, 567 F. App'x 452, 456

(7th Cir. 2014). *See also Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) ("we have repeatedly held that the district court has broad discretion to require strict compliance with local rules or to relax the rules and excuse noncompliance"). The Ninth Circuit has held, in a case very similar to this one, that a district court has discretion to allow a late-filed Bill of Costs regardless of the deadline provided in the local rule. The Ninth Circuit upheld the order as within the court's discretion in permitting noncompliance with the local rule because the defendant was not prejudiced. *Bank of Am. Nevada v. Allum*, 100 F.3d 961 (9th Cir. 1996).

Defendants here likewise are not prejudiced and will have the same opportunity to challenge any items submitted that they contend are not recoverable or unnecessary. Farris Affidavit at ¶ 6. The delay has been short—a mere 10 days. Farris Affidavit at ¶ 7. No unreasonable delay or prejudice prevents the Court from providing the relief requested.

Fed. R. Civ. P. 6(b)(1) provides that the Court has authority to extend the time for acting even after the deadline has passed "if the party failed to act because of excusable neglect." This authority extends to rulings on Local Rule 54-1. *Gonzalez v. Houlihan's Restaurants, Inc.*, No. 05 C 7193, 2010 WL 1664931, at *1 (N.D. Ill. Apr. 23, 2010) (noting the provisions of Fed. R. Civ. P. 6(b)(1) for authority to extend time under Local Rule 54-1).

**B.     There is good cause for an extension to file the Bill of Costs.**

This was a complex case and a lengthy trial, which increases the work necessary to prepare the Bill of Costs. Farris Affidavit at ¶ 4. That complexity is multiplied by the fact that it was a bellewether trial. *Id.* Depositions and discovery obtained through the MDL proceedings were relevant to this case and were used in the trial. *Id.* Thus, expenses must be tabulated and properly allocated to the Brand case. Because of the amount of work involved in creating the Bill of Costs,

it could not be completed within the 14 days allowed by the local rules, and there is good cause to allow an extension. *Cf. Bloom v. Calderon*, 72 F.3d 109, 109 (9th Cir. 1995) (granting extension of time for filing brief in "recognition of the complexity of death penalty cases and of the fact that such cases require far more time to prepare than does the ordinary case").

Plaintiff's failure to move for an extension of time was the result of excusable neglect, which, as noted above, can provided a basis for extending the time for action: "When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). *See also Gonzalez v. Houlihan's Restaurants, Inc.*, No. 05 C 7193, 2010 WL 1664931, at *1 (N.D. Ill. Apr. 23, 2010) (noting the provisions of Fed. R. Civ. P. 6(b)(1) for authority to extend time under Local Rule 54-1).

The Court's authority to accept late filings caused by "excusable neglect" allows the Court "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 392, 113 S. Ct. 1489, 1495, 1497, 123 L. Ed. 2d 74 (1993) (discussing parallel "excusable neglect" provision of Fed. R. Bankr. P. 9006(b)(1) but applying the reasoning to use of the term elsewhere in the Federal Rules of Civil Procedure); *United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013) ("*Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). Thus, "excusable neglect" can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer*, 507 U.S/ at 394, 113 S.Ct. at 1497.

The determination of whether neglect is excusable "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."

*Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498. Factors to be considered include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Plaintiff realized that preparing the Bill of Costs would be a substantial project that would require significant time to complete. However, Plaintiff's counsel inadvertently failed to file for an extension of time explaining these circumstances to the Court within the time provided by Local Rule 54-1. Farris Affidavit at ¶ 9. In this case, Plaintiff's neglect was excusable. Defendants have not suffered prejudice by the delay of less than two weeks. Farris Affidavit at ¶¶ 6-7. There is no action that Defendant would have taken or not taken based on Plaintiff's short delay in filing the Bill of Costs. Farris Affidavit at ¶ 7. Submitting the Bill of Costs is ministerial procedure, absent a request for the Court to review the costs claimed. Accepting the Bill of Costs at this point will not disrupt the judicial proceedings in any way. Farris Affidavit at ¶ 8. Plaintiff, while researching issues related to the Bill of Costs, understanding that the project would be substantial, inadvertently failed to timely move for the necessary extension. Farris Affidavit at ¶ 9. And Plaintiff acted in good faith in researching and working to prepare the Bill of Costs. Farris Affidavit at ¶ 10. Indeed, there is no reasonable basis to conclude that Plaintiff's failure to timely file was in bad faith. Given the short delay and the lack of prejudice to Defendants, the equitable factors weigh in favor of granting an extension of time to file the Bill of Costs.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully urges the Court to grant her an extension of time until March 15, 2019 to file her Bill of Costs.

Dated March 8, 2019.

4

Respectfully Submitted,

*/s/ Joseph N. Williams*_____
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering
Committee and on behalf of Plaintiffs'
Steering Committee*

*/s/ Michael W. Heaviside*_____
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

*/s/ Ben C. Martin*_____
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@bencmartin.com

*/s/ David P. Matthews*_____
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184

*Plaintiffs' Co-Lead Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

<u>*/s/ Ben C. Martin*</u>
Ben C. Martin