**EXHIBIT A – AFFIDAVIT OF MISTY A. FARRIS**

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-6018-RLY-TAB

State of Texas )
) 
County of Dallas )

## AFFIDAVIT OF MISTY A. FARRIS

BEFORE ME, the undersigned authority, this day personally appeared Misty A. Farris, who after being by me duly sworn, on oath deposes and says:

1. I am an attorney with the firm Fears Nachawati in Dallas. I was one of the attorneys representing the Plaintiff Tonya Brand at trial. I have personal knowledge of the statements made herein.

2. The final judgment was signed February 12, 2019. Under Local Rule 54-1, Plaintiff should have filed her Bill of Costs by February 26, 2019.

3. Undersigned counsel began research and preparation for filing the Bill of Costs within the time provided by Local Rule 54-1.

1

4. Preparing the Bill of Costs was complicated by the complexity of the trial and the use in the trial of depositions and discovery from the MDL. These complications prevented Plaintiff's counsel from being able to present the Bill of Costs by February 26, 2019.

5. Undersigned counsel inadvertently failed to file a motion for extension before February 26, 2019 informing the Court that an extension of time was needed to file the Bill of Costs. Plaintiff's counsel's failure to timely file the Bill of Costs or an extension to file the Bill of Costs was the result of excusable neglect.

6. Defendants have not been, and will not be, prejudiced if the Court grants Plaintiff an extension of time to file the Bill of Costs. The taxing of costs is ministerial unless Defendants object to the items submitted, and they will have the same opportunity to challenge any items submitted that they contend are not recoverable or unnecessary.

7. The delay has been short—a mere 10 days. There is no action that Defendant would have taken or not taken based on the short delay in filing the Bill of Costs.

8. Accepting the Bill of Costs at this point will not disrupt the judicial proceedings in any way.

9. Undersigned counsel, while researching issues related to the Bill of Costs, understanding that the project would be substantial, inadvertently failed to timely move for the necessary extension.

10. And Plaintiff and her counsel acted in good faith in researching and working to prepare the Bill of Costs. Plaintiff had absolutely nothing to gain through delay and has acted as quickly as possible, given the initial oversight of undersigned counsel.

11. Plaintiff's counsel believes that cause of the failure to timely file for the extension was excusable neglect.

I declare under penalty of perjury that the foregoing is true and correct.

Further affiant saith not.

*Misty Farris* (signature)

Misty A. Farris

Executed this 8th day of March, 2019.

**VERONICA CANIZALES**
Notary Public, State of Texas
Comm. Expires 07-24-2022
Notary ID 129894131

*V. Canizales* (signature)

NOTARY PUBLIC FOR THE STATE OF TEXAS
My Commission Expires: 07/24/2022

3