UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION            MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Action Schedules attached as Exhibits A, B, C, and D

_____

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
SECOND AMENDED MOTION TO DISMISS PURSUANT TO THE
COURT'S CASE CATEGORIZATION ORDER**

The Cook Defendants submit this reply in support of their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order ("Second Amended Motion") (Dkt. 10211).[1] There are still plaintiffs that (1) failed to submit any categorization form, (2) failed to submit a medical record in support of their chosen categorization, or (3) require a deadline by which they must comply with the Court's prior categorization orders.

On October 2, 2018, the Court entered its Order on Cook Defendants' Motion for Screening Order and Bellwether Plan (Dkt. 9322) (the "Categorization Order"). On November 21, 2018, the Court entered another order setting deadlines, giving instructions, and attaching the categorization form (Dkt. 9638) (collectively, the "Categorization Orders"). After months of debate on the "No Injury" issue, the Court entered the Categorization Order. It required all Plaintiffs to designate their cases in one of seven categories and provide a "specific medical record evidencing the claimed complications, outcomes, and injuries." Categorization Order at ¶ 1. The Court also

---

[1]

- 2 -

required the Cook Defendants to prepare a census documenting the categorizations made. *Id.* at ¶ 2.

Many plaintiffs failed to comply with the Court's Categorization Order, which set the deadline for categorization as December 22, 2018. As a result, the Court extended the deadline to January 31, 2019. *See* Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms ("Final Deadline Order"), Dkt. 9956, p. 1 (requiring Plaintiffs to "categorize [using the agreed form], including the requirement to produce specific medical records, within seven days, by January 31, 2019"). The Court expressly provided that any case failing to comply with the Categorization Order and the Final Deadline Order "shall be dismissed without prejudice." *Id.* The Court ordered the Cook Defendants to provide it with a list of plaintiffs that had failed to comply by February 7, 2019. *Id.*

On February 21, 2019, the Cook Defendants filed their Second Amended Motion (Dkt. 10211).[2] Since filing the First Motion, Amended Motion, and Second Amended Motion, noncompliant plaintiffs continued submitting categorization forms and medical records. The Cook Defendants have taken those submissions into account, and all plaintiffs that have submitted a categorization form and specific medical record as of this Reply have been accounted for in Exhibits A and B, as well as on the census. However, many plaintiffs remain non-compliant: (1) many still have not submitted a categorization form and (2) many have not submitted any record in support of their categorization.

---

[2] On February 5, 2019, the Cook Defendants filed a Motion to Dismiss Without Prejudice Pursuant to the Court's Case Categorization Order (Dkt. 10063) (the "First Motion"), and on February 18, 2019, the Cook Defendants filed an Amended Motion to Dismiss Without Prejudice Pursuant to the Court's Case Categorization Order (Dkt. 10182) (the "Amended Motion"). Responses to the First Motion and the Amended Motion are moot, as the Cook Defendants filed their Second Amended Motion and filed revised exhibits current through the date they filed the Second Amended Motion.

- 2 -

The Cook Defendants respectfully asks the Court to dismiss without prejudice the cases that have failed to comply with the Categorization Order. Specifically, **the Cook Defendants ask the Court to dismiss a total of 336 cases**: 161 cases that have failed to submit a case categorization form by deadlines set by the Court and 175 cases that have failed to provide a specific medical record supporting their chosen category. The Cook Defendants will provide an up-to-date census at the upcoming status hearing.

### A. The Court should dismiss all cases that failed to submit a categorization form.

The Court should dismiss 161 cases that have failed to submit a categorization form as required by the Court's Categorization Orders, despite a more than ten-week extension and their identification in Cook Defendants' First Motion, Amended Motion, and Second Amended Motion. These cases are identified by plaintiff name, case number, and lead counsel in the Schedule of Plaintiffs that Have Failed to Produce a Categorization Form attached as **Updated Exhibit A**. The Cook Defendants request the Court dismiss without prejudice the 161 non-compliant cases.

### B. The Court should dismiss all cases that failed to provide specific medical records in support of their claimed injuries.

The Court should dismiss 175 cases that have failed to provide a specific medical record supporting their chosen category. These cases are identified by plaintiff name, cause number, and lead counsel in **Updated Exhibit B**. There are a group of cases that failed to submit a medical record but allege they are unable to comply with the Court's Categorization Orders by submitting a specific medical record. Those cases remain on Exhibit B and have been bolded. These 175 cases should be dismissed for failure to provide a specific medical record in support of their chosen category.[3]

---

[3] The Cook Defendants removed plaintiffs that have submitted medical records in support of their chosen categorization. The Cook Defendants note that their removal of plaintiffs from Exhibit B is not an indication that the specific medical records submitted to the Cook Defendants support plaintiffs' chosen categorization, but rather than

C. **Plaintiffs that submitted categorization forms in response to the Cook Defendants' First Motion have been moved to Exhibit C.**

In response to the Cook Defendants' First Motion, Amended Motion, and Second Amended Motion 403 plaintiffs submitted categorization forms. That is, after the Cook Defendants filed their First Motion on February 5, 2019, many plaintiffs noted their error and attempted to correct it by submitting a categorization form. The plaintiffs who submitted categorization forms following the First Motion, Amended Motion, or Second Amended Motion are listed in **Updated Exhibit C.** The Cook Defendants are not asking for dismissal of cases listed on Exhibit C.[4] These cases are or will be included in the census provided to the Court at the upcoming hearing.

D. **Cases filed after the Court's first Categorization Order on November 21, 2018, require a new deadline for compliance.**

The Cook Defendants included in their First Motion cases that had been filed after the Court's November 21, 2018, Categorization Order (Dkt. 9638). These cases, which should be included in the bellwether pool and have not complied with the Court's Categorization Orders, require a new deadline by which those plaintiffs must comply with the Court's previous categorization orders. These cases are identified by plaintiff name, cause number, and lead counsel in **Updated Exhibit D**. They have since been removed from Exhibit A but these plaintiffs still must comply with the Court's Categorization Order, thus they require a new deadline.

---

plaintiffs have submitted some specific records in support of their categorization. The Cook Defendants reserve the right to brief the sufficiency of the specific medical records submitted in support of categorizations and the legitimacy of Category 2 cases at a later time.

[4] Cases listed on Exhibit C are separate and apart from cases listed on Exhibits A and B. Exhibit C is a list of plaintiffs previously on Exhibit A that subsequently submitted categorization forms.

**Conclusion**

The Cook Defendants request dismissal of all cases listed on Updated Exhibit A and Updated Exhibit B, and do not request dismissal of cases listed on Updated Exhibit C and Updated Exhibit D.  However, the Cook Defendants request that the Court issue a deadline for submission of categorization forms for all cases filed after the November 21, 2018, Categorization Order that have not submitted a categorization form.  Consistent with the Court's prior orders, the Cook Defendants respectfully request that any case that is dismissed for failure to comply with the Court's Categorization Orders and subsequently refiled must be refiled in the Southern District of Indiana.  The Cook Defendants will provide the Court with an up-to-date census at the upcoming status hearing.  That list census be current through the day prior to the hearing.

Dated:  March 14, 2019         */s/ James Stephen Bennett*
James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone:  (260) 424-8000
Facsimile:  (260) 460-1700
E-Mail:  Stephen.Bennett@FaegreBD.com

Andrea Roberts Pierson (# 18435-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  Andrea.Pierson@FaegreBD.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2019, a copy of the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND AMENDED MOTION TO DISMISS PURSUANT TO THE COURT'S CASE CATEGORIZATION ORDER was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ James Stephen Bennett*

US.122355077.02