# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-6018-RLY-TAB

### PLAINTIFF'S AMENDED MOTION FOR EXTENSION OF TIME TO FILE RESPONSES TO POST-TRIAL MOTIONS

Plaintiff Tonya Brand respectfully moves the Court for an extension of time to file her responses to The Cook Defendants' Motion for Judgment as a Matter of Law and Motion for New Trial. This motion supersedes and replaces Plaintiff's Motion for Extension of Time to File Response to Post-Trial Motions filed March 19, 2019 (Doc. 10334). Plaintiff's responses are currently due on March 26, 2019.

1. Because of the length of the briefs in support of those motions (Docs 10295 & 10297) and the complexity of the issues involved, Plaintiff's counsel will not be able to adequately address the issues they set forth within the time provided under Loc. R. 7-1(c)(3)(A).

2. This deadline has not been previously extended.

3. This extension will not interfere with any case deadlines.

4. Plaintiff requests an extension of 60 days, until and including May 24, 2019.

5. Defendants have already agreed to a 14 day extension of the deadline to respond and are considering Plaintiff's request for a 60 day extension.

6.      Defendants filed briefs in support of their Motion for Judgment as a Matter of Law and their Motion for New Trial that significantly exceed the normal 35 page limit. The Memorandum in Support of the Motion for Judgment as a Matter of Law ("JMOL Brief") (Doc. 10295) is 39 pages, while the Memorandum in Support of the Motion for New Trial ("MNT Brief") (Doc. 10297) is 46 pages.

7.      The JMOL Brief challenges the adequacy of the evidence supporting Plaintiff's design defect judgment on the basis that there was legally insufficient evidence to support essentially every element of the cause of actions. As a legal matter, it presents numerous complex issues of Georgia product liability law and federal law regarding evidentiary insufficiency which will require significant time to adequately brief. Even more time consuming will be reviewing almost the entirety of the 4399 page trial transcript to identify the evidence supporting the elements of Plaintiff's cause of action. Indeed, Plaintiff will have to review significantly more than those 4399 pages, because the transcript does not contain the large amount of deposition testimony (six witnesses testified for approximately eight hours via videotaped deposition testimony) played for the jury which contains significant relevant evidence to be cited in the response. Simply put, it will take a long time to meticulously review thousands of pages of transcript and deposition excerpts to compile all the supporting evidence,

8.      The MNT Brief presents five different grounds for new trial: (1) & (2) qualification and *Daubert* challenges to the testimony of Drs. Krumholz and Gordon, (3) challenge to the admission of an exhibit, (4) challenge to the admission of testimony regarding past and potential future movement of the filter fragments and Plaintiff's fear of same (which effectively incorporates another *Daubert* challenge to Dr. Gordon), and (5) a claim of misconduct by Plaintiff's counsel. These challenges present complex evidentiary issues, especially regarding the admission of the

expert testimony of Drs. Krumholz and Gordon, such that drafting a response will take a significant amount of time. Further, just responding to the Krumholz and Gordon challenges will require meticulous review of the 1,338 pages of their trial testimony taking a lot of time. Likewise, responding to the other evidentiary challenges and the lawyer misconduct claim will require review of significant sections of the transcript, a long process as well.

9. The lawyer taking the lead on the drafting of the responses, Roger L. Mandel, has an extremely busy practice with many deadlines in the next 60 days such that he cannot devote all of his time every day to drafting the responses such as would be required to possibly complete them with only a 14 day extension. In addition, Mr. Mandel will be out of the office eight days in April attending pre-planned meetings and a conference, such that even a 30 day extension would be insufficient.

10. If permission is granted, Plaintiff will comply with all requirements of Loc. R. 7-1(e)(3).

WHEREFORE Plaintiff respectfully requests that the Court grant her an extension until May 24, 2019, to file her responses to the Cook Defendants' Motion for Judgment as a Matter of Law and Motion for New Trial.

Dated March 20, 2019.

Respectfully Submitted,


*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
The Law Office of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@bencmartin.com

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184

*Plaintiffs' Co-Lead Counsel*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*
Ben C. Martin
