**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-06018-RLY-TAB

**THE COOK DEFENDANTS' BRIEF**
**IN SUPPORT OF PLAINTIFF'S MOTION TO**
**MAINTAIN DOCUMENTS UNDER SEAL [DKT. NO. 9262]**

## I.   INTRODUCTION

Plaintiff has filed **Plaintiff's Responses to the Cook Defendants' Omnibus Motions in
Limine (Previously Decided and Renewed) and Authority in Support [Dkt. No. 9261]
*under seal.*** Plaintiff also has submitted as supporting exhibits various documents – including
documents designated as "Company Confidential" or "Confidential" by the Cook Defendants[1],
pursuant to Case Management Order #8 (Stipulated Protective Order on Confidential
Information). In accordance with Local Rules 5-11(d)(1) and 5-11(d)(2)(A)(ii), Plaintiff filed
these documents specifically, **Plaintiff's Exhibits A-OOO *under seal.*** Finally, Plaintiff has
filed Plaintiff's Motion to Maintain Documents Under Seal [Dkt. No. 9262].

The Cook Defendants submit this Brief in Support of Plaintiff's Motion to Maintain
Documents Under Seal and respectfully request that the Clerk of this Court maintain the
documents ***under seal.***

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

The Clerk should maintain **Plaintiff's Responses to the Cook Defendants' Omnibus Motions in Limine (Previously Decided and Renewed) and Authority in Support [Dkt. No. 9261] and Exhibits A-BBB, DDD-HHH, JJJ-MMM, and OOO thereto** *under seal* because there is good cause for sealing the documents.  The documents contain Cook confidential, proprietary, and sensitive internal company information on trade secrets, product research and development, post-market product analysis, sales, marketing, and public relations, regulatory affairs, or complaint handling.  The documents also contain private, sensitive medical information regarding Plaintiff Ms. Brand.  Accordingly, there is good cause to seal the documents to prevent public disclosure of the Cook Defendants' confidential business information and competitive harm to the Cook Defendants, and to protect Ms. Brand's interest in her medical privacy.

## II.    THE APPLICABLE LEGAL STANDARD

1.    Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed).  Likewise, private health information should be maintained under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2.    **Trade Secrets –** Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act.[2] *See, e.g., Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414

---

[2]   The presence of Cook's headquarters in Indiana justified the application of Indiana trade secret law to the issues here, because Indiana is the state where Cook would feel any injury or harm. *See, e.g.,*

(S.D. Ind. 2001).[3]   Under this standard, a protectable trade secret has four characteristics: (1) information; (2) that possesses independent economic value; (3) that is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances.  *See, e.g.*, *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001); *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245-46 (Ind. Ct. App. 2001); *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000).

3.      Other confidential business or commercial information that does not technically fit the definition of trade secret is similarly entitled to the same level of protection as trade secrets if its disclosure would be harmful physically or economically.  *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1–3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").

4.      **Research and Development –** Federal courts, including this court, have consistently held that product development, research, and testing documents and information are entitled to protection from disclosure as confidential and proprietary business information.  Such information constitutes confidential business information because "a competitor's access to [a company's] research and development . . . present[s] potential dangers and may lead to a windfall to the discovering party."  *Star Scientific,* 204 F.R.D. at 416 (S.D. Ind. 2001) (Baker, J.); *see also United States ex rel. Long v. GSD&M Idea City LLC*, 2014 WL 12648520, at *2

---

*Micro Data Base Sys., Inc. v. Dharma Sys., Inc.,* 148 F.3d 649 (7th Cir. 1998) (applying Indiana choice-of-law principles in a trade-secret case and holding that New Hampshire substantive law governed because the entity holding the trade secrets was headquartered there).

[3]  The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

US.122287821

(N.D. Tex. Jan. 3, 2014) ("[I]nformation in which the producing party has a commercial interest, such as . . . research data, . . . has been found to constitute confidential commercial information."); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (exhibits were "sealable in their entirety because they contain[ed] HP's confidential product testing and evaluation process"); *cf. Andrx Pharm., LLC v. GlaxoSmithKline, PLC,* 236 F.R.D. 583, 586 (S.D. Fla. 2006) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information." (citation omitted)), *affirmed,* 2006 WL 2403942 (S.D. Fla. 2006).

5.      **Post-Market Product Analysis** – Similarly, post-market product analysis is also entitled to protection from disclosure as confidential and proprietary business information. Disclosure of such proprietary post-market analysis information is harmful because it would "provide a blueprint for competitors." *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009); *see also Star Scientific*, 204 F.R.D. at 415 (research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge").

6.      **Sales, Marketing, and Public Relations** – Confidential marketing plans or sales strategies have been held to constitute protectable trade secrets or protected confidential business information. *See, e.g.*, *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995) (trade secret material for sports drink includes information regarding the pricing, distribution and marketing of the drink and not just the drink formula); *Star Scientific*, 204 F.R.D. at 415 (research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge"); *Burk v. Heritage Serv. Equip.*, 737 N.E.2d 803, 814 (Ind. Ct. App. 2000) (finding that employee unfairly

- 4 -

used marketing information and sales strategies in breach of the Indiana trade secrets clause); *see also Brunswick Corp. v. Jones*, 784 F.2d 271 (7th Cir. 1986) (confidential marketing strategies held protectable); *AGS Capital Corp., Inc. v. Prod. Action Intern., LLC*, 884 N.E.2d 294, 311 (Ind. Ct. App. 2008) (stolen information related to marketing strategy would "put [a company's competitors] at a severe disadvantage").  Good cause exists to maintain the confidentiality of such strategic plans and analysis when disclosure of that information would reveal the company's "response to changing market situations and competitive threats within the marketplace, and could therefore give a competitor insight into '[the company's] internal thinking'" and when publicizing this material "would allow [the company]'s competitors the benefit of this information without incurring the effort or expense." *Bradburn Parent/Teacher Store, Inc. v. 3M*, 2004 WL 1146665, at *4 (E.D. Pa. May 19, 2004) (citation omitted).

7.      **Regulatory Affairs –** Courts have held that information related to regulatory compliance and/or submission efforts and strategies constitutes confidential business information. *See, e.g.*, *Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, 2009 WL 3444938, at *1 (E.D. Wisc. Oct. 23, 2009) (good cause existed to seal deposition testimony and internal company emails containing proprietary commercial information and strategy related to an FDA filing).  Such proprietary information, like confidential information regarding pricing and sales, is confidential because "the information is created to enhance [companies'] business and give them a competitive edge". *Star Scientific*, 204 F.R.D. at 415.

8.      **Complaint Handling** – Internal complaint handling procedures and materials constitute trade secrets in Indiana if they contain (1) information; (2) that derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of

US.122287821

efforts reasonable under the circumstances to maintain its secrecy. *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245-46 (Ind. Ct. App. 2001); *see also, e.g.*, *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423-24 (S.D. Ind. 2001); *Rep. Servs. Inc. v. Liberty Mut. Ins. Cos.*, 2006 WL 1635655, at \*5 (E.D. Ken. June 9, 2006) (concluding that claims handling and training materials "had economic value to [defendant] due to (1) their confidential nature, (2) the time, effort, and expense [defendant] invested in creating these materials, (3) the evolutionary process surrounding the development of these materials, (4) the competitive nature of the [industry's] business, and (5) the fact that competitors in [that] industry do not disclose information about their claims handling policies and procedures to one another.").

9.      **Internal Information on Corporate Structure and Business Operations –** Courts also have determined that information about a corporation's internal business operations and corporate structure is confidential and proprietary and, therefore, entitled to protection from public disclosure. *E.g.,* *True Health Chiropractic, Inc. v. McKesson Corporation,* 2015 WL 3409721 (USDC N.D. Cal.) (May 27, 2015) at \*4 (granting motion to seal confidential and proprietary information about the defendant's internal business operations and corporate structure).

10.     **Confidential Financial Information –** Similarly, Courts have determined that highly-sensitive and confidential information including financial records, production records, manufacturing records, sales records, customer information, and vendor information is entitled to protection from public disclosure. *See e.g., ABRO Indus., Inc. v. 1 New Trade, Inc.*, 2015 WL 13655677 (USDC N.D. Ind.) (Sept. 16, 2015) at \*3 (granting plaintiff's motion for a protective

- 6 -

order with respect to confidential information about its financial records, sales, customers, and pricing).

11.    **Communications with Consulting Experts** – Federal Rule of Civil Procedure 26(b)(4)(D) protects against an opposing party's discovery of facts and/or opinions of "consulting experts" who are retained in anticipation of litigation and not expected to testify at trial.  Furthermore, Federal Rule of Civil Procedure 26(b)(3) protects from discovery documents and tangible things that are prepared in anticipation of litigation by a party's consultant.

12.    **Medical Privacy** – With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause.  *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008).  The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

13.    The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings."  *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially

US.122287821

operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.).  Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption."  *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## III.    THE CONFIDENTIAL DOCUMENTS AT ISSUE THAT SHOULD BE MAINTAINED UNDER SEAL

**Exhibit A [Dkt. No. 9265-1]** is excerpts from the deposition of Jon P. Fryzek, Ph.D. occurring on July 11, 2018.  As part of his testimony, Mr. Fryzek discusses the post-market handling of complaints related to Cook IVC filters.  This deposition transcript is also designated and stamped: "Confidential – Subject to Protective Order."  Based on the foregoing, this transcript should be maintained under seal for good cause since it contains post-market product analysis and complaint handling information.

**Exhibit B [Dkt. No. 9265-2]** is the Single Complaint Report for Ms. Brand.  It contains details regarding Cook's handling of Ms. Brand's filter complaint, as well as, Ms. Brand's medical information.  This document was produced beginning at page CookMDL2570_0743733 and was designated and stamped, "Company Confidential."  Based on the foregoing, this document should be maintained under seal for good cause since it contains medical privacy, post-market product analysis, and complaint handling information.

**Exhibit C [Dkt. No. 9265-3]** is one page from a Single Complaint Report.  It contains details regarding the complaint, products affected, and controls.  This document was produced at CookMDL2570_0743749 and was designated and stamped, "Company Confidential."  Based on

US.122287821

the foregoing, this document should be maintained under seal for good cause since it contains post-market product analysis and complaint handling information.

Exhibit D [Dkt. No. 9265-4] is an exhibit from the deposition of Rita Harden, Cook's Directors of Customer Relations and Regulatory Reporting, taken on January 22, 2016.   It consists of internal company emails and communications discussing complaint handling and communications between Cook and the FDA.   These documents were produced beginning at CookMDL2570_0199010 and were designated and stamped, "Company Confidential."   Based on the foregoing, these documents should be maintained under seal for good cause since they contain post-market product analysis, complaint handling, and regulatory affairs information.

Exhibit E (1) [Dkt. No. 9265-5] and Exhibit E (2) [Dkt. No. 9265-6] are exhibits 166 and 167 from the deposition of Tom Roberts, Cook's President, Quality Assurance, and Chief Compliance Officer, taken on May 20, 2016.   The exhibit consists of emails to and from various Cook employees regarding potential adverse events related to IVC filters and the direction for handling concerns in the market.   These documents were produced beginning at IVC00001324 and beginning at CookMDL2570_0332044.   They were designated and stamped, "Confidential: Subject to Protective Order," and "Company Confidential," respectively.   Based on the foregoing, these documents should be maintained under seal for good cause since they contain sales, marketing, and public relations, and complaint handling information.

Exhibit F [Dkt. No. 9265-7] is an exhibit from the deposition of Rita Harden, Cook's Directors of Customer Relations and Regulatory Reporting, taken on January 22, 2016.   It consists of internal company emails discussing complaints regarding IVC filters.   These emails were produced beginning at CookMDL2570_0199119.   They were designated and stamped, "Company Confidential."   Based on the foregoing, these documents should be maintained under

US.122287821

seal for good cause since they contain post-market product analysis and complaint handling information.

**Exhibit G [Dkt. No. 9265-8]** is an internal Cook report. The report is a listing of all Celect filter complaints, including the date, hospital, employee assigned to the case, and current status of each. This document was produced beginning at CookMDL2570_0015049. It was designated and stamped, "Company Confidential." Based on the foregoing, this document should be maintained under seal for good cause since it contains complaint handling information.

**Exhibit H [Dkt. No. 9265-9]** is a letter from the FDA to Cook Medical regarding post-market surveillance of Cook's Gunther Tulip filter. The document was produced beginning at CookMDL2570_0375085 and was designated and stamped, "Company Confidential." Based on the foregoing, this document should be maintained under seal for good cause since it contains post-market product analysis and complaint handling information.

**Exhibit I [Dkt. No. 9265-10]** is a compilation of excerpts from the testimony of Harold Pellerite, during the *Hill* trial, and filed under seal by Plaintiff. In his testimony, Mr. Pellerite offers his opinion regarding the regulatory landscape and approval of filters by the FDA. Based on the foregoing, this transcript should be maintained under seal for good cause since it contains regulatory affairs information.

**Exhibit J [Dkt. No. 9265-11]** is a compilation of excerpts from the Expert Report on Efficacy and Safety of Celect Inferior Vena Cava (IVC) Filters by Harlan M. Krumholz MD, SM, dated April 2018. In these excerpts, Dr. Krumholz's gives his opinion relating to Ms. Brand's medical conditions, Cook research and development, Cook post-market product analysis, and Cook's complaint handling. Based on the foregoing, these excerpts should be

- 10 -

maintained under seal for good cause since they contain research and development, post-market product analysis, complaint handling, and medical privacy information.

**Exhibit K [Dkt. No. 9265-12]** is a summary of perforation complaints compiled from Cook documents produced at CookMDL2570_0412259, 0912280, and 1300899.  Each of those documents were designated and stamped, "Company Confidential."  Based on the foregoing, this document should be maintained under seal for good cause since it contains a compilation of post-market product analysis and complaint handling information.

**Exhibit L [Dkt. No. 9266-1]** is an exhibit from the deposition testimony of Dr. Mark Rheudasil, occurring on February 28, 2018.  The exhibit is a series of internal Cook emails discussing the types of filters typically ordered from a specific hospital.  Based on the foregoing, these documents should be maintained under seal for good cause since they contain sales, marketing, and public relations information.

**Exhibit M [Dkt. No. 9266-2]** is an exhibit from the deposition testimony of Cook employee, Tamara Clemmer - Peripheral Intervention Department.  The exhibit consists of Ms. Clemmer's notes from various Cook customers, including the names of hospitals and comments about doctors, filter types, and each medical practice.  Based on the foregoing, these documents should be maintained under seal for good cause since they contain sales, marketing, and public relations information.

**Exhibit N [Dkt. No. 9266-3]** is an exhibit from the deposition testimony of Cook's Associate General Counsel, Jack Hunt.  The exhibit consists of an email and spreadsheet.  Together, they contain information on customers complaints and demands by patient name, as well as, Cook's comments and handling of each.  They were produced beginning at CookMDL2570_0200522 and were designated and stamped, "Company Confidential."  Based

- 11 -

on the foregoing, these documents should be maintained under seal for good cause since they contain post-market product analysis, complaint handling, and medical privacy information.

Exhibit O [Dkt. No. 9266-4] is a compilation of excerpts from the deposition transcript of Tamara Clemmer, occurring on June 15, 2017.  Ms. Clemmer is the District Sales Manager for Cook. In these excerpts she discusses Cook's handling of Ms. Brand's complaint.   This deposition transcript is designated and stamped: "Confidential – Subject to Protective Order." Based on the foregoing, this transcript should be maintained under seal for good cause since it contains complaint handling and medical privacy information.

Exhibit P [Dkt. Nos. 9266-5 – 9266-6] is an internal Cook document titled, "New IVC Filter Product Marketing Plan," dated February 23, 2004.  It contains details about market potential, market background, competition, target audience, branding, etc.  It was produced beginning at CookMDL2570_0735209.  It was produce in native format with its slip sheet designated and marked, "Company Confidential."  Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

Exhibit Q [Dkt. No. ????] is described by Plaintiff as CookMDL2570_0719191. However, this Exhibit does not appear to have been filed.  Nevertheless, utilizing the bates number, this document is an internal Cook email from Bruce Fleck describing the results of a sales training meeting.  The email was produced beginning at CookMDL2570_0719191 and designated and stamped, "Company Confidential."  Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

**Exhibit R (1) [Dkt. No. 9303-1 ???]** is described by Plaintiff as exhibit 9 to the deposition of Anthony Venbrux, occurring on July 14, 2017.   It is an internal email communication from Bruce Fleck of Cook Medical Inc. regarding VISTA Training for IVC Filters and DVT Therapies and IVC Filter courses for physicians.  The document was produced at CookMDL2570_0719191 and was designated and stamped, "Company Confidential."  The email should be maintained under seal for good cause because it contains sales, marketing, and public relations information.

**Exhibit R (2) [Dkt. No. 9303-2]** is Cook IVC Filter Seminar Agenda.  It contains the agenda for the seminar provided to physicians by Cook Medical.   It was produced at CookMDL2570_0731427. The agenda was produced in native format, with its slip sheet designated and marked, "Company Confidential."  Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

**Exhibit S [Dkt. No. 9266-7]** is a compilation of excerpts from the deposition transcript of Anthony Venbrux. M.D., occurring on July 14, 2017.  In his testimony, Dr. Venbrux provides commentary on physician compensation and Cook's presentations to physicians.  This deposition transcript is designated and stamped: "Confidential – Subject to Protective Order."  Based on the foregoing, this transcript should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

**Exhibit T [Dkt. No. 9266-8]** is a series of emails between Andrew Trostle, Cook's Mid-Atlantic Regional Manager, and Bruce Fleck, Cook's Product Specialist for Venous Therapies. The emails discuss the filter market, competition, filter studies, and physician training. They were produced beginning at Cook MDL2570_0321535 and were designated and stamped,

"Company Confidential."  Based on the foregoing, these emails should be maintained under seal for good cause since they contain sales, marketing, and public relations information.

**Exhibit U [Dkt. No. 9266-9]** is an email from Bruce Fleck, Cook's Product Specialist for Venous Therapies regarding physician training for IVC filters.  The email was produced at CookMDL2570_0691907 and was designated and marked, "Company Confidential."  Based on the foregoing, this email should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

**Exhibit V [Dkt. No. 9266-10]** is a power point presentation titled, The Role of Retrievable Vena Cava Filters in Preventing Pulmonary Embolism, by Bruce Fleck, Cook's Product Specialist for Venous Therapies, dated September 27, 2006.  The presentation includes data relating to Cook filters, and its competitors' filters.  The presentation was produced beginning at CookMDL2570_0730286.  It was produced in native format with its slip sheet designated and stamped, "Company Confidential." Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

**Exhibit W [Dkt. No. 9266-11]** is a power point presentation titled, Vena Cava Filters, by Courtney Lung, Cook's District Manager, dated May 2011.  The presentation includes data relating to Cook filters, and its competitors' filters.  It contains market data and filter images. The presentation was produced beginning at CookMDL2570_0403628.  It was produced in native format with its slip sheet designated and stamped, "Company Confidential."  Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

- 14 -

**Exhibit X [Dkt. No. 9266-12]** is Cook's 2005 IVC Filter Business Plan for Europe.  It contains market analysis, drivers, limiters, objectives, and strategies, as well as, other confidential and proprietary information relating to Cook's business plan.  It was produced beginning at Cook MDL 2570_0728372.  The business plan was produced in native format, with its slip sheet designated and marked, "Company Confidential."  Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

**Exhibit Y [Dkt. No. 9266-13]** is Cook IVC Filter Seminar Agenda.  It contains the agenda for the seminar provided to physicians by Cook Medical.  It was produced at Cook MDL 2570_0731427.  The agenda was produced in native format, with its slip sheet designated and marked, "Company Confidential." Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

**Exhibit Z [Dkt. No. 9266-14]** is a compilation of excerpts from the deposition transcript of Bruce Fleck, occurring on July 20, 2016.  The testimony in the excerpts relates to Mr. Fleck's travel and meeting with physicians regarding the Celect filter.  This deposition transcript is designated and stamped: "Confidential – Subject to Protective Order."  Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

**Exhibit Z (1) [Dkt. No. 9266-15]** is a compilation of excerpts from the deposition transcript of James Smith, occurring on May 9, 2017.  The testimony in the excerpts relates to Cook's handling of complaints and its training of physicians.  This deposition transcript is designated and stamped: "Confidential – Subject to Protective Order."  Based on the foregoing,

US.122287821

this document should be maintained under seal for good cause since it contains complaint handling and sales, marketing and public relations information.

Exhibit AA [Dkt. No. 9266-16] is a compilation of excerpts from the deposition transcript of Thomas Morrison, M.D., occurring on January 30, 2018. The testimony in the excerpts relate to Cook's handling of complaints and, specifically, the handling of Ms. Brand's complaint. This deposition transcript is designated and stamped: "Confidential – Subject to Protective Order." Based on the foregoing, this document should be maintained under seal for good cause since it contains complaint handling and medical privacy information.

Exhibit BB [Dkt. No. 9303-4] is an internal Cook document titled, "New IVC Filter Product Marketing Plan," dated February 23, 2004. It contains details about market potential, market background, competition, target audience, branding, etc. It was produced at CookMDL2570_0735209. It was product in native format with its slip sheet designated and marked, "Company Confidential." Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relation information.

Exhibit CC [Dkt. No. 9303-5] is a power point presentation titled, The Role of Retrievable Vena Cava Filters in Prevention Pulmonary Embolism, by Bruce Fleck, Cook's Product Specialist for Venous Therapies, dated September 27, 2006. The presentation includes data relating to Cook's filters, and its competitors' filters. The presentation was produced at CookMDL2570_0730286. It was produced in native format with its slip sheet designated and stamped, "Company Confidential." Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

Exhibit DD [Dkt. No. 9303-6] is a compilation of excerpts from the deposition transcript of Jesper Thyregod, Director of Engineering for William Cook Europe, occurring on June 1,

- 16 -

2016.   Mr. Thyregod testifies regarding internal testing and handling of complaints.   This deposition transcript is designated and stamped:   "Confidential – Subject to Protective Order." Based on the foregoing, this transcript should be maintained under seal for good cause since it contains complaint handling and post-market product analysis information.

**Exhibit EE [Dkt. No. 9303-7]** is a letter from the FDA to Cook Medical, dated June 1, 2012, regarding device modification.   The document was produced beginning at Cook IVCF 005099.  It was designated and stamped, "Company Confidential."   Based on the foregoing, this document should be maintained under seal for good cause since it contains post-market product analysis and regulatory affairs information.

**Exhibit FF [Dkt. No. 9303-8]** is confidential email correspondence and communications among Cook employees concerning product design and development of the Celect filter.   This document was produced by Cook beginning at CookMDL2570_0765339.  It was designated and stamped "Company Confidential."   Based on the foregoing, this document should be maintained under seal for good cause since it contains research and development information.

**Exhibit GG [Dkt. No. 9303-9]** is a confidential email communication between a Cook employee and Cook consultant concerning product design and development of Cook filters.   This document was produced by Cook at CookMDL2570_0765319; and was designated and stamped "Company Confidential."   Based on the foregoing, this document should be maintained under seal for good cause since it contains research and development information.

**Exhibit HH [Dkt. No. 9303-10]** is a compilation of an email from Bruce Fleck, Senior Marketing Manager for Cook Medical to various individuals, brainstorming notes, and an internal power point.   This compilation of documents not only includes internal marketing and development documents, but it also includes brainstorming notes from an internal research and

- 17 -

development meeting.  The email was produced at CookMDL2570_0490785 and marked and stamped, "Company Confidential."  The brainstorming notes and power point were produced in native format with a slip sheet designated and stamped "Company Confidential."  Based on the foregoing, this compilation should be maintained under seal for good cause since it contains research and development and sales, marketing, and public relations information.

**Exhibit II [Dkt. No. 9303-11]** is an excerpt from the expert report of Robert M. McMeeking, Ph.D., dated April 2018.  In his report, Dr. McMeeking goes into great detail about Ms. Brand's medical conditions and her experience with the Celect filter as well as filter design.  Based on the foregoing, this document should be maintained under seal for good cause since it contains medical privacy and product research and development information.

**Exhibit JJ [Dkt. No. 9303-12]** is a Cook Non-Clinical Test Report titled, Performance Study of Celect Vena Cava and Celect Platinum Filters in Pigs for Approximately 2 Weeks.  It was produced by Cook beginning at CookMDL2570_0207170.  The report was produced in native format with its slip sheet designated and stamped, "Company Confidential."  Based on the foregoing, this report should be maintained under seal for good cause since it contains product research and development information.

**Exhibit KK [Dkt. No. 9303-13]** is a Cook No-Clinical Test Report, titled Comparison Penetration Testing.  It was produced by Cook beginning at CookMDL2570_0805629.  The report was produced in native format with its slip sheet designated and stamped, "Company Confidential."  Based on the foregoing, this report should be maintained under seal for good cause since it contains product research and development information.

**Exhibit LL [Dkt. No. 9303-14]** is a compilation of excerpts from the deposition testimony of Mark Rheudasil, M.D., occurring on February 28, 2018.  The testimony relates to

US.122287821

Dr. Rheudasil's treatment of Ms. Brand.  Based on the foregoing, these excerpts should be maintained under seal for good cause since they contain medical privacy information.

**Exhibit MM [Dkt. No. 9303-15]** is a series of internal Cook emails discussing, in part, Dr. Rheudasil's IVC filter complications in June, 2011 and a proposed meeting between Cook and Dr. Rheudasil.  Based on the foregoing, these documents should be maintained under seal for good cause since they contain sales, marketing, and public relations and post-market product analysis information.

**Exhibit NN [Dkt. No. 9303-16]** is a compilation of excerpts from the deposition testimony of Mark Rheudasil, M.D., occurring on February 28, 2018.  The testimony relates to Dr. Rheudasil's treatment of Ms. Brand.  Based on the foregoing, these excerpts should be maintained under seal for good cause since they contain medical privacy information.

**Exhibit OO [Dkt. No. 9303-17]** is a series of emails between Andrew Trostle, Cook's Mid-Atlantic Regional Manager, and Bruce Fleck, Cook's Product Specialist for Venous Therapies.  The emails discuss the filter market, competition, filter studies, and physician training.  They were produced beginning at Cook MDL2570_0321535.  The documents were designated and stamped, "Company Confidential."  Based on the foregoing, these emails should be maintained under seal for good cause since they contain sales, marketing, and public relations information.

**Exhibit PP [Dkt. No. 9303-18]** is a compilation of excerpts from the deposition testimony of Mark Rheudasil, M.D., occurring on February 28, 2018.  The testimony relates to Dr. Rheudasil's treatment of Ms. Brand.  Based on the foregoing, these excerpts should be maintained under seal for good cause since they contain medical privacy information.

US.122287821

**Exhibit QQ [Dkt. No. 9304-1]** is and exhibit and appendix to the expert report of Dr. Jon Fryzek, dated May 30, 2018. Dr. Fryzek offers opinions in his report related to rates of perforation of Cook's Celect and Tulip filters. The report states on its cover page (not included with the exhibit and appendix submitted) that it is confidential and subject to the protective order in this case. Based on the foregoing, this report should be maintained under seal for good cause since it contains confidential business information of Cook regarding post-market product analysis and complaint handling.

**Exhibit RR [Dkt. No. 9304-2]** is the expert report of Dr. Greg Gordon, dated April 30, 2018. In his report, Dr. Gordon goes into great detail about Ms. Brand's medical conditions and her experience with the Celect filter. Based on the foregoing, the report should be maintained under seal for good cause since it contains medical privacy information.

**Exhibit SS [Dkt. No. 9304-3]** is an excerpt from the transcript of the *Hill* trial from October 23, 2017. The excerpt contains statements and rulings on various motions. Mrs. Hill's medical treatment, medical documents, and treater are mentioned in the excerpt. Plaintiff Ms. Brand has filed the *Hill* trial excerpt under seal. Out of an abundance of caution, the excerpt should be maintained under seal for good cause because it contains medical privacy information.

**Exhibit TT [Dkt. No. 9304-4]** is an email and Executive Summary distributed by Line Hedegaard Larsen, of the Clinical Research Department at William Cook Europe, Aps. It provides testing data and complaint information for both the Tulip and Celect filters. This document was produced at CookMDL2570_0455053. It was designated and marked, "Company Confidential – Attorneys' Eyes Only." Based on the foregoing, these documents should be maintained under seal for good cause since they contain post-market product analysis, research and development, and complaint handling information.

**Exhibit UU [Dkt. No. 9304-5]** is a compilation of excerpts from the deposition transcript of James Hunt, Cook's Custodian of Records, occurring on April 17, 2018.  The testimony contained in the excerpt relates to an internal Cook document titled, "Executive Summary," and contains testing and complaint data.  This deposition transcript is designated and stamped: "Confidential – Subject to Protective Order."  Based on the foregoing, this document should be maintained under seal for good cause since it contains post-market product analysis, research and development, and complaint handling information.

**Exhibit VV [Dkt. No. 9304-6]** is an exhibit from the deposition of Cook employee, Tamara Clemmer from the Peripheral Intervention Department.  The exhibit is an email string about Cook's investigation of an adverse event complaint.  It contains information about Cook's handling of the complaint, as well as, medical information about the patient involved.  The document has been designated and stamped: "Company Confidential."  Based on the foregoing, the document should be maintained under seal for good cause since it contains complaint handling and medical privacy information.

**Exhibit WW [Dkt. No. 9304-7]** is an exhibit from the deposition of Cook employee, Tamara Clemmer from the Peripheral Intervention Department.  The exhibit consists of Ms. Brand's medical records.  Based on the foregoing, this document should be maintained under seal for good cause since it contains medical privacy information.

**Exhibit XX [Dkt. No. 9304-8]** is an exhibit from the deposition of Cook employee, Tamara Clemmer from the Peripheral Intervention Department.  The exhibit consists of Ms. Clemmer's notes from various Cook customers, including the names of hospitals and comments about doctors, filter types, and each medical practice.  Based on the foregoing, these

- 21 -

documents should be maintained under seal for good cause since they contain sales, marketing, and public relations information.

**Exhibit YY [Dkt. No. 9304-9]** is an exhibit to the deposition transcript of James Hunt, Cook's Custodian of Records, occurring on April 17, 2018.  It consists of an internal Cook email and spreadsheet regarding IVC filter complaints.  The email and spreadsheet were produced at CookMDL2570_0200522 and designated and stamped, "Company Confidential."  Based on the foregoing, this document should be maintained under seal for good cause since it contains post-market product analysis and complaint handling information.

**Exhibit ZZ [Dkt. No. 9304-10]** is an excerpt from the deposition transcript of Tamara Clemmer, occurring on June 15, 2017.  Ms. Clemmer is the District Sales Manager for Cook.  In this transcript she shares information about Cook's handling of Ms. Brand's complaint.  This deposition transcript is designated and stamped:  "Confidential – Subject to Protective Order." Based on the foregoing, this transcript should be maintained under seal for good cause since it contains complaint handling and medical privacy information.

**Exhibit AAA [Dkt. No. 9304-11]** is an excerpt from the deposition transcript of Scott Blanchard, occurring on March 14, 2017.  Mr. Blanchard as Cook's 30(b)(6) witness testified about Cook's internal procedures relating to record retention and deletion as well as complaint handling.  This deposition transcript is designated and stamped:  "Confidential – Subject to Protective Order."  Based on the foregoing, this transcript should be maintained under seal for good cause since it contains complaint handling information.

**Exhibit BBB [Dkt. No. 9304-12]** is the Cook Legal Department: Procedure for Document Hold (25 April 2012).  It contains confidential company information for when, why, and how legal holds are issued.  This document was produced at CookMDL2570_0006307 and is

US.122287821

designated and stamped, "Confidential."   Based on the foregoing, this transcript should be maintained under seal for good cause since it contains complaint handling information.

**Exhibit CCC [Dkt. No. 9304-13]** is the Lyon *et al.* Publication titled, Short- and Long-term Retrievability of the Celect Vena Cava Filter: Results from a Multi-institutional Registry.  It is a publicly available document and, therefore, should not be sealed.

**Exhibit DDD [Dkt. No. 9304-14]** is an excerpt from the Cook Medical Outside the United States Protocol.   The excerpt contains definitions utilized in the protocol to guide investigators in the study.    This document was produced in native format at CookMDL2570_0200922, with its slip sheet was designated and stamped, "Company Confidential."  It was also produced with a cover sheet indicating, "Confidential – filed pursuant to stipulated protective order on confidential information."   Based on the foregoing, this document should be maintained under seal for good cause since it contains research and development information.

**Exhibit EEE [Dkt. No. 9304-15]** is a compilation of excerpts from the Expert Report on Efficacy and Safety of Celect Inferior Vena Cava (IVC) Filters by Harlan M. Krumholz MD, SM, dated April 2018.   In these excerpts, Dr. Krumholz's provides his opinions about Ms. Brand's medical conditions, Cook's research and development, Cook's post-market product analysis, and Cook's complaint handling.   Based on the foregoing, these excerpts should be maintained under seal for good cause since they contain research and development, post-market product analysis, complaint handling, and medical privacy information.

**Exhibit FFF [Dkt. No. 9304-16]** is a compilation of excerpts from the deposition of Mark Rheudasil, M.D., occurring on February 28, 2018.    The testimony relates to

Dr. Rheudasil's treatment of Ms. Brand.  Based on the foregoing, these excerpts should be maintained under seal for good cause since they contain medical privacy information.

**Exhibit GGG [Dkt. No. 9304-17]** is an email distributed by Line Hedegaard Larsen, of the Clinical Research Department at William Cook Europe, Aps.  The email circulated an Executive Summary that provided testing data and complaint information for both the Tulip and Celect filters.  This document was produced at CookMDL2570_0455053.  It was designated and marked, "Company Confidential – Attorneys' Eyes Only."  Based on the foregoing, this document should be maintained under seal for good cause since it contains post-market product analysis, research and development, and complaint handling information.

**Exhibit HHH [Dkt. No. 9304-18]** is excerpts from the deposition of David L. Gillespie, MD, occurring on July 7, 2018.  As part of his testimony, Dr. Gillespie offers opinions on Ms. Brand's medical conditions.  Dr. Gillespie also testifies concerning post-market product analysis and complaint handling documents produced by Cook marked "Company Confidential."  This deposition transcript is also designated and stamped:  "Confidential – Subject to Protective Order."  Based on the foregoing, this transcript should be maintained under seal for good cause since it contains confidential post-market product analysis, complaint handling, and medical privacy information.

**Exhibit III [Dkt. No. 9304-19]** is the Cook Celect Filter Set Instructions for Use ("IFU").  This document is publicly available and, therefore, should not be sealed.

**Exhibit JJJ [Dkt. No. 9304-20]** is a compilation of excerpts from the deposition of Bruce Fleck, occurring on April 10, 2018.  The testimony contained in the excerpts relates to Cook's complaint handling and complaint processes.  This deposition transcript is designated and stamped:  "Confidential – Subject to Protective Order."  Based on the foregoing, this

US.122287821

document should be maintained under seal for good cause since it contains post-market product analysis and complaint handling information.

Exhibit KKK [Dkt. No. 9304-21] is a compilation of confidential email communications involving Cook's Global Project Manager for Peripheral Intervention, Darrell Talbert.   The emails discuss post-market complaint handling related to filters and filter studies.   These emails were produced beginning at CookMDL2570_0733522 and were designated and stamped: "Company Confidential."   Based on the foregoing, these communications should be maintained under seal for good cause since they contain post-market product analysis and complaint handling information.

Exhibit LLL [Dkt. No. 9304-22] is an internal email communication and attachment from Bruce Fleck of Cook Medical Inc, to the North American sales representative team regarding IVC filters.   This document was produced at CookMDL2570_0301715 and was designated and stamped, "Company Confidential."   This document should be maintained under seal for good cause because it contains sales, marketing, and public relations information.

Exhibit MMM [Dkt. No. 9304-23] is an excerpt from the Cook Medical Outside the United States Protocol.   The excerpt contains definitions utilized in the protocol to guide investigators in the study.   This document was produced in native format at CookMDL2570_0200922, with its slip sheet designated and stamped, "Company Confidential." It was also produced with a cover sheet indicating, "Confidential – filed pursuant to stipulated protective order on confidential information."   Based on the foregoing, this document should be maintained under seal for good cause since it contains product research and development information.

- 25 -

Exhibit NNN [Dkt. No. 9304-24] is the Lyon *et al.* Publication titled, Short- and Long-term Retrievability of the Celect Vena Cava Filter: Results from a Multi-institutional Registry.  It is a publicly available document and, therefore, should not be sealed.

Exhibit OOO [Dkt. No. 9304-25] is a compilation of excerpts from the deposition of Bruce Fleck, occurring on April 10, 2018.  The testimony contained in the excerpts relate to Mr. Fleck's educational background and experience both at Cook and prior to his employment at Cook.  This deposition transcript has been designated and stamped:  "Confidential – Subject to Protective Order."  Based on the foregoing, this document should be maintained under seal for good cause since it contains sales, marketing, and public relations information.

Finally, **Plaintiff's Responses to the Cook Defendants' Omnibus Motions in Limine (Previously Decided and Renewed) and Authority in Support [Dkt. No. 9261]** relies on or references the Cook confidential business and commercial information contained in the exhibits discussed above and filed under seal.  **Plaintiff's Responses to the Cook Defendants' Omnibus Motions in Limine (Previously Decided and Renewed) and Authority in Support [Dkt. No. 9261]** also relies on or references the medical privacy information contained in the exhibits discussed above and filed under seal by Ms. Brand and which she has not consented to releasing publicly.

## IV.    THERE IS GOOD CAUSE TO MAINTAIN THE DOCUMENTS UNDER SEAL

Good cause exists to maintain **Plaintiff's Exhibit A-KK, MM, OO, QQ, TT-VV, XX-BBB, DDD-EEE, GGG-HHH, JJJ-MMM, and OOO** *under seal.*  The documents contain Cook confidential business and commercial information, and the Cook Defendants would face competitive and economic harm if such materials were made publicly available. The documents contain and constitute confidential, proprietary, and sensitive internal company information on trade secrets, product research and development, post-market product analysis, sales, marketing,

- 26 -

and public relations, regulatory affairs, or complaint handling information.  The documents should not be disclosed to the public.

The Cook Defendants' May 1, 2017 letter to Magistrate Baker and the Declaration of Mark Breedlove (attached here for reference as **Exhibit 1**) are instructive and demonstrate good cause to maintain **Plaintiff's Exhibit A-KK, MM, OO, QQ, TT-VV, XX-BBB, DDD-EEE, GGG-HHH, JJJ-MMM, and OOO** *under seal*.  Cook invests substantial resources into product research, development, and testing, including with regard to Cook's IVC filter technology.  Breedlove Decl. ¶ 6.  Cook maintains strict confidentiality over its research and development ideas, efforts, and results, and considers such information to be proprietary to the company.  *Id*.  And disclosure of such information would therefore result in competitive harm to Cook and could "lead to a windfall to the discovering party."  *Star Scientific*, 204 F.R.D. at 416; Breedlove Decl. ¶¶ 6-7.  Likewise, Cook invests considerable resources in, derives commercial advantage from, and maintains strict confidentiality over, its post-market product analysis, its sales, marketing, and public relations information, its regulatory affairs strategies and information, and its complaint handling procedures.  *Id*. at ¶¶ 8-15.  Disclosure of Cook's non-public post-market product analysis, its sales, marketing, and public relations information, its regulatory affairs efforts and strategies, and its complaint handling procedures and information would likewise cause competitive harm to Cook.  Breedlove Decl. ¶¶ 8-15; *see EEOC v. Abbott Labs., Inc.*, 2012 WL 3842460, at *2-3 (E.D. Wis. Sept. 5, 2012).

In sum, good cause exists to maintain **Plaintiff's Exhibit A-KK, MM, OO, QQ, TT-VV, XX-BBB, DDD-EEE, GGG-HHH, JJJ-MMM, and OOO** *under seal.*  Cook's trade secrets, product research and development, post-market product analysis, sales, marketing, and public relations, regulatory affairs, and complaint handling information are confidential and

US.122287821

proprietary.   The disclosure of such information and documents would result in competitive harm to Cook.  **Plaintiff's Exhibit A-KK, MM, OO, QQ, TT-VV, XX-BBB, DDD-EEE, GGG-HHH, JJJ-MMM, and OOO** should be sealed.

Further, good cause exists to maintain **Plaintiff's Exhibits B, J, N-O, AA, II, LL, NN, PP, RR-SS, VV-WW, ZZ, EEE-FFF, and HHH** *under seal* because the documents contain private, sensitive, and confidential medical information regarding Ms. Brand.

As set forth above, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause.  *See Westedt,* 2016 WL 2997504, at *1; *Gibson,* 2015 WL 12964665, at *1; *Noe,* 2008 WL 5070463, at *3.   The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen,* 429 U.S. at 599–600, against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole,* 2017 WL 2929523, at *3.  Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

**Plaintiff's Exhibits B, J, N-O, AA, II, LL, NN, PP, RR-SS, VV-WW, ZZ, EEE-FFF, and HHH** contain private, sensitive, and confidential medical information regarding Ms. Brand. Plaintiff's medical and psychiatric history, conditions, and treatment are highly relevant to the issues in this case.  However, out of an abundance of caution, the Court should permit these documents to be filed under seal until Plaintiff consents to what should be disclosed.

Finally, good cause exists to maintain **Plaintiff's Responses to the Cook Defendants' Omnibus Motions in Limine (Previously Decided and Renewed) and Authority in Support [Dkt. No. 9261]** *under seal* because it relies on or references the Cook confidential business and

commercial information contained in the exhibits discussed above and filed under seal. Plaintiff's Responses should be maintained under seal to protect Cook's interest in its confidential and proprietary business and commercial information.  Good cause also exists to seal **Plaintiff's Responses to the Cook Defendants' Omnibus Motions in Limine (Previously Decided and Renewed) and Authority in Support [Dkt. No. 9261]** because it discusses and contains private, sensitive, and confidential medical information regarding Ms. Brand which she has not consented to releasing publicly and which, out of an abundance of caution, should remain sealed.

## V.     CONCLUSION

For all the foregoing reasons, the Cook Defendants respectfully request that the Court issue an Order directing the Clerk to maintain **Plaintiff's Responses to the Cook Defendants' Omnibus Motions in Limine (Previously Decided and Renewed) and Authority in Support [Dkt. No. 9261] and Exhibits A-BBB, DDD-HHH, JJJ-MMM, and OOO thereto** *under seal.* The documents contain Cook confidential, proprietary, and sensitive internal company information on trade secrets, product research and development, post-market product analysis, sales, marketing, and public relations, regulatory affairs, or complaint handling.  There is good cause to seal the documents to prevent public disclosure and competitive harm to the Cook Defendants.   The documents also contain private, sensitive medical information regarding Ms. Brand.  Accordingly, there is good cause to seal these documents out of an abundance of caution to protect Ms. Brand's interest in her medical privacy.

In accordance with Local Rule 5-11(e)(4), the Cook Defendants have submitted a proposed order maintaining the documents under seal.

US.122287821

Respectfully submitted,

Dated: March 22, 2019

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
J. Joseph Tanner (# 11856-49)
Nicholas B. Alford (# 31867-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-Mail: andrea.pierson@faegrebd.com
E-Mail: joe.tanner@faegrebd.com
E-Mail: nicholas.alford@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

- 30 -

US.122287821

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2019, a copy of the foregoing was served electronically, and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.122287821