## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                         MDL No. 2570
_____

This Document Relates to:

Cause No.        1:14-cv-06018-RLY-TAB (Tonya Brand)
_____

## COOK DEFENDANTS' OBJECTIONS TO
## PLAINTIFF'S AMENDED BILL OF COSTS

Plaintiff asks the Court to tax nearly half a million dollars in costs ($443,002.28, to be exact) against Cook.  But the great majority of the costs she seeks are either non-recoverable as a matter of law or recoverable at a much lower rate than she requests.  In addition, many of the costs Plaintiff claims are described with so little detail that it is impossible to evaluate or determine their reasonableness, necessity, or purpose.  Neither the Court nor Cook should be forced to wade through hundreds of pages to determine which of Plaintiff's expenses are eligible for recovery.  *See Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009) ("Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable.").  For reasons discussed in more detail below, Cook respectfully asks the Court to award Plaintiff $90,627.35 in costs, and not the $443,002.28 that she seeks.

## I.     THE STANDARD FOR THE AWARD OF COSTS.

To be recoverable under Federal Rule of Civil Procedure 54(d), an item of cost must satisfy two requirements:

1. The cost requested must be taxable under a federal statute. *See Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 450 (7th Cir. 2007).

2. The cost must be "both reasonable and necessary to the litigation." *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008).

*Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

As for the first requirement, the only federal statute upon which Plaintiff relies for her costs claim is 28 U.S.C. § 1920, which permits a court to tax as costs only the following items:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923]; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

"[F]ederal courts are bound by the limitations set out in 28 U.S.C. § 1821 and §1920," and district courts may not award costs that are not specifically listed in those provisions. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Thus, "[e]xpenses that are not on the statutory list must be borne by the party incurring them." *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996).

2

As for the second requirement, Plaintiff bears the burden of proving that the costs she requests were "necessarily incurred and reasonable." *Trustees of Chicago Plastering*, 570 F.3d at 906 (although there is a presumption in favor of awarding costs to a prevailing party, that presumption applies only to the decision <u>whether</u> a prevailing party will recover costs; there is no presumption that the <u>amount</u> of costs the prevailing party claims is correct). The party seeking costs "must prove with evidence and not merely with *ipse dixit* statements—that the costs were actually incurred, were reasonable in amount, and were necessary." *Berry Plastics Corp. v. Intertape Polymer Corp.*, 2017 WL 167829, at *2 (S.D. Ind. Jan. 17, 2017).

## II.   PLAINTIFF'S CLAIMED COSTS

To make the following discussion easier to follow, Cook submits with this brief a chart (Exhibit C) showing each category of costs Plaintiff claims, the amount that she claims for each category, Cook's objections to those claims, and Cook's position on how much (if anything) the Court should award for each category. What follows is a brief discussion of each category of costs and any authority that applies to the award of that specific item of costs.

### A.  Fees of the Clerk

Plaintiff seeks an award of $400 for the filing fee in this case. Section 1920(1) specifically allows this cost, and Cook does not object to it. **Allowable cost:  $400.**

### B.  Fees for Service of the Summons and Complaint

Plaintiff seeks an award of $21.51 for the supposed costs of serving the summons and complaint in this case. But Plaintiff offers no explanation of who performed this service or how it was performed, and she provides no documentation of the $21.51 charge. *See* Dkt. 10311 ¶ 3. That leaves the Court without a basis to know whether the charge was really necessary. *See Collins*, 96 F.3d at 1058-59. Cook therefore objects to this claimed cost. **Allowable cost:  $0.**

## C.  Fees for Deposition Transcripts and Video Recordings

Plaintiff seeks an award of $233,970.44 for fees for printed transcripts and electronic recordings of depositions, hearings, and trial proceedings that she claims were necessarily obtained for use in the case under section 1920(2).  Plaintiff's request is excessive for four reasons, one or more of which apply to the bulk of Plaintiff's requests.  Rather than repeat the full analysis below for each deposition transcript at issue, Cook will use "shorthand" phrases to denote the four objections that follow (adding detail where necessary), with the understanding that Cook respectfully refers the Court back to the following four paragraphs for a fuller explanation of each "shorthand" phrase.

**First**, Plaintiff is not entitled to recover the costs of deposition transcripts of people who did not testify at trial either live or through those depositions.  Deposition transcript costs are recoverable only if the deposition was "necessarily obtained for use in the case."  28 U.S.C. § 1920; *Berry Plastics*, 2017 WL 167829, at *2.  Other than a bald assertion, Plaintiff's submissions offer nothing to suggest that transcripts of inadmissible testimony, or of testimony of witnesses who did not testify at trial and whose testimony was not used in the determination of any issue in the case, were "necessary to the case."  Such *ipse dixit* assertions are insufficient to support a request for costs, and the Court should reject such requests.  *See Berry Plastics*, 2017 WL 167829, at *2.  Cook will refer this in the discussion below as the "**no evidence of necessity**" objection to Plaintiff's request to recover the cost of deposition transcripts.

**Second**, even assuming for the sake of argument that Plaintiff had met her burden of demonstrating that a particular deposition was necessary for trial, the party seeking costs for the deposition transcript must provide the court with the number of deposition pages and the cost per page so that the Court can calculate the recoverable amount.  *See, e.g., Engate, Inc. v. Esquire*

4

*Deposition Servs. LLC*, 2006 WL 695650, at *4 (N.D. Ill. Mar. 13, 2006) ("Because defendants have failed to provide the Court with the [price per-page] needed to calculate what (if any) portion of the defendants' transcripts were necessary, the Court disallows these claimed costs."). For many of the depositions for which Plaintiff seeks costs, Plaintiff has failed to meet her burden to document the number of pages involved, the cost per page, or both.  Cook will refer to this as the "**no proof of pages**" objection to Plaintiff's request to recover deposition-transcript costs.

**Third**, even where Plaintiff had met her burden of both demonstrating the necessity of a particular deposition and documenting that deposition's length and page rate, the costs Plaintiff seeks for most of the transcripts exceed those permitted by law.  Recovery of costs for transcripts under 28 U.S.C. section 1920(2) is limited to the copy rate established by the Judicial Conference of the United States.  *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) ("the Judicial Conference rates apply to deposition charges by official and private court reporters"); *see also* Local R. 80-1(c). During the period in which the relevant depositions were taken, the approved rate for original copies was $3.65 per page.  *See* https://www.uscourts.gov/services-forms/federal-court-reporting-program#rates.  Plaintiff is not entitled to amounts that exceed that approved rate.  Court-reporter-appearance fees fall within this cap, and thus are not taxable as costs to the extent that such fees, when added to the charge for the deposition transcript, cause the total charge per page to exceed the approved rate.  *Berry Plastics*, 2017 WL 167829, at *3 (appearance fees are not taxable to the extent the total deposition cost exceeds the rates approved by the Judicial Conference); *Trading Tech.*, 750 F. Supp. 2d at 978 (same). Cook will refer to this as the **"per-page cost limitation"** objection to Plaintiff's request to recover deposition-transcript costs.  In addition, should the Court overrule

Cook's "no proof of pages" objection to a particular transcript and award costs for a transcript for which Plaintiff has provided no documentation of the number of pages and costs per page, any such award would be limited to $3.65 per page, in accordance with the Judicial Conference rates discussed above.

**Fourth**, Plaintiff is not entitled to recover ancillary transcript-related costs incurred solely for the convenience of counsel.  This exclusion includes things like rough drafts, exhibit scanning, color exhibit scanning, shipping, converting deposition footage, "realtime" transcription, exhibit management, master tapes, video testimony digitization, DVD creation or duplication, video-text synchronization, equipment rental, and "Picture in Picture Package." *Berry Plastics*, 2017 WL 167829, at *2.[1]  Plaintiff's costs request is filled with such non-recoverable expenses, and she has made no attempt to segregate such expenses from expenses that may be properly recoverable as costs.  Cook will refer to this as the "**ancillary costs**" objection to Plaintiff's request to recover deposition-transcript costs. For each of the depositions

---

[1] *See also Lawson v. Sun Microsystems, Inc.*, 2016 WL 231317, at *2 (S.D. Ind. Jan. 19, 2016) ("Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable"); *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 780 (S.D. Ind. 2003) ("The costs of numerous extra services such as 'Live Note Hookup,' expedited delivery, rough drafts, ASCII discs, Real Time, E Transcript 'Rough Copy,' and the costs of extra copies of exhibits cannot fairly be shifted"); *Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, 2016 WL 316865, at *6 (N.D. Ill. Jan. 26, 2016) ("[M]aking a document searchable 'is the equivalent of work counsel would perform in the absence of OCR. [citation] The same can be said of 'volume mastering,' 'unitization,' 'document imaging,' 'CD duplication,' and 'media formatting…Costs associated with these activities are not recoverable"); *Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, 2016 WL 612792, at *4 (N.D. Ill. Feb. 16, 2016) (holding that "real-time transcription services are a convenience, *not a necessity*"); *DSM Desotech, Inc. v. 3D Sys. Corp.*, 2013 WL 3168730, at *4 (N.D. Ill. June 20, 2013) (disallowing costs for "rough drafts" and "rough ASCII" copies, and for "video synchronization"); *Llantan v. Harry S. Truman College*, 2011 U.S. Dist. LEXIS 145488, at *3-4 (N.D. Ill. Dec. 19, 2011) (collecting cases to show that "[t]he great weight of authority in this District holds that costs for mini-scripts and [litigation support] diskettes are not recoverable" in the absence of proof that these "tools were reasonably necessary for the litigation and not merely for convenience").

for which Plaintiff has sought an award of costs, Cook has identified these non-recoverable charges that Plaintiff has lumped into her requested total, and Cook has identified the total non-recoverable charges by witness on Exhibit A to this submission.

On these legal grounds, Cook makes the following objections to the specific deposition transcript costs described in the Affidavit (Dkt. 10311) and the Declaration (Dkt. 10321) accompanying Plaintiff's original and amended Bill of Costs.

**Witnesses listed in original declaration (Dkt. 10311)**

1.      **Dr. Rebecca Betensky.**  Plaintiff seeks costs of $1,668.79 for the deposition transcript and videotaping of her expert Dr. Rebecca Betensky.  *See* Dkt. 10311 ¶ 4.

Objections:

- No evidence of necessity: Dr. Betensky did not testify at trial.[2]

- No proof of pages: Plaintiff does not identify the number of pages for Dr. Betensky's deposition transcript or the price per page, preventing Cook or the Court from determining whether the amounts charged are reasonable and within the Judicial Conference limits. *Engate*, 2006 WL 695650, at *4.

- Ancillary costs: (*e.g.,* rough-draft, exhibit-management, delivery, and handling charges) totaling $513.39 (*see* rows 2-5 in Exhibit A).

**Allowable cost:  $0**

---

[2] Plaintiff claims that Dr. Krumholz used Dr. Betensky's deposition in offering his opinions, and implies that such use makes the cost of the Betensky deposition recoverable.  *See* Dkt. 10311 ¶ 4. Cook is aware of no authority for the proposition that a party may recover as costs the expense of materials that an expert used to form opinions, and Plaintiff cites none.  *Id*.  Plaintiff also fails to explain why a <u>deposition</u> was required to convey any necessary information to her other experts.

      2.    **Allen Brand.**  Plaintiff seeks costs of $98.20 for the deposition transcript of her husband Allen Brand.  *See* Dkt. 10311 ¶ 6.

      <u>Objections</u>:

- No evidence of necessity.  Allen Brand was not a witness at trial.
- No proof of pages

    **Allowable cost:  $0**

      3.    **Tonya Brand.**  Plaintiff seeks costs of $3,125.40 and $458 for copies and videotapes of her two depositions.  *See* Dkt. 10311 ¶ 7.

      <u>Objections</u>:

- Not reasonably necessary for Plaintiff to pay for a videotape of her deposition when her testimony was also transcribed, and there was no legitimate risk she would not testify at trial.  *See Lawson v. Sun Microsystems, Inc.*, 2016 WL 231317, at *3 (S.D. Ind. Jan. 19, 2016) (denying videographer fees for plaintiff's deposition where his deposition was also provided in written form, and there was no real risk he would not testify at trial).
- No proof of pages
- Ancillary costs totaling $399.40 (*see* rows 6-8 in Exhibit A).

    **Allowable cost:  $0**

      4.    **Tyler Brand.**  Plaintiff seeks costs of $749.60 for the deposition transcript of her son Tyler Brand.  *See* Dkt. 10311 ¶ 8.

      <u>Objections</u>:

- No evidence of necessity:  Tyler Brand did not testify at trial.

- No proof of pages

- Ancillary costs totaling $114.90 (*see* rows 9 and 10 in Exhibit A).

**Allowable cost:  $0**

5.      **James Carlson.**  Plaintiff seeks costs of $2,321.76 and $4,685.14 (a total of $7,006.90) for copies and videotapes of James Carlson's two depositions.  *See* Dkt. 10311 ¶ 11.

Objections:

- **Per-page-cost** limitation: Plaintiff is entitled to recover only $927.10 for the deposition transcript (254 pages x $3.65), not the $1,111.40 she seeks (*i.e.*, $184.30 must be disallowed).

- Ancillary costs totaling $4,165.50 (*see* rows 11-21 in Exhibit A).

**Allowable cost:  $2,657.10**

6.      **Tamara Clemmer.**  Plaintiff seeks costs of $3,291.40 for the deposition transcript and videotaping of Tamara Clemmer.  *See* Dkt. 10311 ¶ 14.

Objections:

- No evidence of necessity:  Tamara Clemmer did not testify at trial.

- Per-page cost limitation:  entitled to recover only $1,273.85 for the deposition transcript, not the $1,430.90 she seeks (*i.e.*, $157.05 must be disallowed).

- Ancillary costs totaling $1,790 (*see* in rows 22-28 in Exhibit A).

**Allowable cost:  $0**

7.      **Meg Senker Donley.**  Plaintiff seeks costs of $4,484.43 for the deposition transcript and videotaping of Meg Senker Donley. *See* Dkt. 10311 ¶ 15.

Objections:

- No evidence of necessity:  Meg Senker Donley did not testify at trial

- No proof of pages

- Ancillary costs totaling $2,210.23 (see rows 29-39 in Exhibit A).

**Allowable cost:  $0**

8.      **Dr. Michael Ferrante.**  Plaintiff seeks costs of $2,410 for the deposition transcript and video-recording of Cook's expert Dr. Michael Ferrante.  *See* Dkt. 10311 ¶ 16.

Objections:

- No evidence of necessity:  Dr. Ferrante did not testify at trial.

- No proof of pages

- Because the video of Dr. Ferrante's deposition was not used either at trial or in pretrial proceedings, Plaintiff has not established that the $2,410 cost of the video was necessary to the case, and that cost is not recoverable.

- Ancillary costs totaling $1,450 (see rows 40-45 in Exhibit A).

**Allowable cost:  $0.**

9.      **Dr. Michael Fishbein.**  Plaintiff seeks costs of $896.39 for the deposition transcript and videotaping of her expert Dr. Michael Fishbein.  *See* Dkt. 10311 ¶ 17.

Objections:

- No proof of pages

- Ancillary costs totaling $177.19 (see rows 46-48 in Exhibit A).

**Allowable cost:  $0**

10

10.    **Dr. Christy Foreman.**  Plaintiff seeks costs of $8,130.96 for the deposition transcript and videotaping of Cook's expert Dr. Christy Foreman.  *See* Dkt. 10311 ¶ 19.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $2,062.25 for the deposition transcript, not the $2,252 she seeks (*i.e.*, a reduction of $189.75).

- Ancillary costs totaling $4,810.21 (see rows 49-63 in Exhibit A).

**Allowable cost:  $3,131.00**

11.    **Dr. Jon Fryzek.**  Plaintiff seeks costs of $3,106.85 for the deposition transcript of Cook's expert Dr. Jon Fryzek.  *See* Dkt. 10311 ¶ 21.

Objections:

- Ancillary costs totaling $1,745.30 (see rows 64-71 in Exhibit A).

**Allowable cost:  $1,431.55**

12.    **Dr. James Gardner.**  Plaintiff seeks costs of $3,230.91 for the deposition transcript of former Cook employee Dr. James Gardner.  *See* Dkt. 10311 ¶ 22.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $777.45 for the deposition transcript, not the $873.30 she seeks (a reduction of $95.85).

- Ancillary costs totaling $1,612.61 (see rows 72-81 in Exhibit A).

**Allowable cost:  $1,452.45**

**13.** **Dr. David Gillespie.**  Plaintiff seeks costs of $7,834.40 for the deposition transcript of Cook's expert Dr. David Gillespie.  *See* Dkt. 10311 ¶ 23.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $1,449.05 for the deposition transcript, not the $1,488.75 she seeks (a reduction of $39.70).

- Ancillary costs totaling $4,995.65 (see rows 82-93 in Exhibit A).

**Allowable cost:  $2,799.05**

**14.** **Dr. Gregory Gordon.**  Plaintiff seeks costs of $2,152.50 for the deposition transcript of their expert Dr. Gregory Gordon.  *See* Dkt. 10311 ¶ 24.

Objections:

- No proof of pages

- Ancillary costs totaling $60.50, as detailed in row 94 in Exhibit A).

**Allowable cost:  $0**

**15.** **Dr. Dennis Griffin.**  Plaintiff seeks costs of $4,884.15 for the deposition transcript of Cook's witness Dr. Dennis Griffin.  *See* Dkt. 10311 ¶ 25.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $1,540.30 for the deposition transcript, not the $1,603.60 she seeks (a reduction of $63.30).

- Ancillary costs totaling $2,934.60 (see rows 95-105 in Exhibit A).

**Allowable cost:  $1,886.25**

**16.     Henrick Gyllun.**  Plaintiff seeks costs of $5,067.44 for the deposition transcript of Henrick Gyllun.  *See* Dkt. 10311 ¶ 26.

> Objections:
>
> - Per-page cost limitation: Plaintiff is entitled to recover only $1,536.65 for the deposition transcript, not the $1,726.10 she seeks (a reduction of $189.45).
>
> - Ancillary costs totaling $2,406.34 (see rows 106-116 in Exhibit A).

**Allowable cost:  $2,471.65**

**17.     Kem Hawkins.**  Plaintiff seeks costs of $6,636.06 for the deposition transcript of former Cook president Kem Hawkins.  *See* Dkt. 10311 ¶ 28.

> Objections:
>
> - Per-page cost limitation: Plaintiff is entitled to recover only $1,175.30 for the deposition transcript, not the $1,207.50 she seeks (a reduction of $32.20).
>
> - Ancillary costs totaling $4,303.46 (see rows 117-124 in Exhibit A).

**Allowable cost:  $2,300.40**

**18.     James Bernard Hunt.**  Plaintiff seeks costs of $2,632.60 for the deposition transcript of Cook's Associate General Counsel James Bernard Hunt and costs of $478.85 for a copy of his subsequent videotaping.  *See* Dkt. 10321 ¶ 31.

> Objections:
>
> - No evidence of necessity. Mr. Hunt did not testify at trial. Plaintiff asserts that Mr. Hunt testified about Cook's document retention policies and the authenticity of certain documents and that Mr. Hunt's

"deposition testimony was necessary on these topics at the time it was taken." *Id.* But Plaintiff does not identify the documents she claims were the subject of Mr. Hunt's testimony, she does not claim such documents were used or admitted at trial, and she provides no explanation of how or why his deposition was "necessarily obtained for use in the case." Cook's document-retention policies were not at issue at trial.

- Per-page cost limitation: Plaintiff is entitled to recover only $536.30 for the deposition transcript, not the $582.20 she seeks.

- Ancillary costs totaling $1,974.25 (see rows 125-136 in Exhibit A).

**Allowable cost:  $0**

19.     **Lykke Sylow Iversen.**  Plaintiff seeks costs of $4,722.20 for the deposition transcript of Lykke Sylow Iverson.  *See* Dkt. 10311 ¶ 32.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $1,387 for the deposition transcript, not the $1,425 she seeks (a reduction of $38.00).

- Ancillary costs totaling $2,362.20 (see rows 137-146 in Exhibit A).

**Allowable cost:  $2,322**

20.     **Dr. John Kaufman.**  Plaintiff seeks costs of $5,584.29 for the deposition transcript of Dr. John Kaufman.  *See* Dkt. 10311 ¶ 34.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $1,529.35 for
  the deposition transcript, not the $1,717.90 she seeks (a reduction of
  $188.55).

- Ancillary costs totaling $2,741.39 (see rows 148-155 in Exhibit A).

**Allowable cost:  $2,654.35.**

21.   **Dr. Scott Keller.**  Plaintiff seeks costs of $415.50 for a copy of the
deposition transcript of Dr. Scott Keller.  *See* Dkt. 10311 ¶ 35.

Objections:

- No proof of pages

- Ancillary costs totaling $78, as detailed in row 156 in Exhibit A).

**Allowable cost:  $0**

22.   **Dr. Harlan Krumholz.**  Plaintiff seeks costs of $2,042.94 for the
deposition transcript of Cook employee Dr. Harlan Krumholz.  *See* Dkt. 10311 ¶ 36.

Objections:

- No proof of pages

- Ancillary costs totaling $235.19 (see rows 157-160 in Exhibit A).

**Allowable cost:  $0.**

23.   **Dr. Alan Litsky.**  Plaintiff seeks costs of $1,119.60 the deposition
transcript of Dr. Alan Litsky.  *See* Dkt. 10311 ¶ 38.

Objections:

- No evidence of necessity. Plaintiff withdrew Dr. Litsky as a witness,
  and he did not testify at trial

- No proof of pages

- Ancillary costs totaling $137.45 (see rows 160 and 161 in Exhibit A).

**Allowable cost:  $0**

24.     **Dr. Robert McMeeking.**  Plaintiff seeks costs of $3,321.54 for the deposition transcript of Plaintiff's expert Dr. Robert McMeeking.  *See* Dkt. 10311 ¶ 39.

Objections:

- Ancillary costs totaling $850.04 (see rows 162-168 in Exhibit A).

**Allowable cost:  $2,471.50**

25.     **Dr. Timothy Morris**.  Plaintiff seeks costs of $3,749.48 for the deposition transcript of Cook's expert Dr. Timothy Morris.  *See* Dkt. 10311 ¶ 40.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $894.25 for the deposition transcript, not the $1,004.50 she seeks (a reduction of $110.00).

- Ancillary costs totaling $1,904.98 (see rows 169-180 in Exhibit A).

**Allowable cost:  $1,734.25**

26.     **Dr. Thomas Morrison.**  Plaintiff seeks costs of $2,332.80 for the deposition transcript of her implanting surgeon Dr. Thomas Morrison.  *See* Dkt. 10311 ¶ 41.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $459.90 for the deposition transcript, not the $516.60 she seeks (a reduction of $56.70).

- Ancillary costs totaling $1,356.90 (see rows 182-188 in Exhibit A).

**Allowable cost: $919.20**

27.     **Mette Neiendam Nielsen.**  Plaintiff seeks costs of $2,993.82 for the deposition transcript of Mette Neiendam Nielsen.  *See* Dkt. 10311 ¶ 43.

> Objections:

- The amount that Plaintiff seeks does not match with either of two invoices that Plaintiff submits in support of her request regarding this deposition, or the sum of the two invoices together. *See* Dkt. 10321-1 at 50-51.
- Per-page cost limitation: Plaintiff is entitled to recover only $1,237.35 for the deposition transcript itself (339 pages x $3.65) plus $990 in video recording, for a total of $2,197.35.
- Ancillary costs totaling $2,044.59 (see rows 189-198 in Exhibit A).

**Allowable cost:  $2,197.35**

28.     **Dr. Richard Reisman.**  Plaintiff seeks costs of $2,539.05 for a copy of the deposition transcript of Dr. Richard Reisman.  *See* Dkt. 10311 ¶ 44.

> Objections:

- No proof of pages
- Ancillary costs totaling $694.50 (see rows 199-201 in Exhibit A).

**Allowable cost:  $0.**

29.     **Dr. Kenneth Renkens.**  Plaintiff seeks costs of $2,522.90 for the deposition transcript of Cook's expert Dr. Kenneth Renkens.  *See* Dkt. 10311 ¶ 45.

> Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $489.10 for the deposition transcript, not the $502.50 she seeks (a reduction of $13.40).

- Ancillary costs totaling $1,370.40 (see rows 205-212 in Exhibit A).

**Allowable cost: $1,139.10**

30.  **Dr. Mark Rheudasil.**  Plaintiff seeks costs of $2,257.25 for the deposition transcript of her interventional radiologist Dr. Mark Rheudasil.  *See* Dkt. 10311 ¶ 46.

Objections:

- No proof of pages

- Ancillary costs totaling $546.65 (see rows 202-204 in Exhibit A).

**Allowable cost: $0.**

31.  **Dr. Scott Robertson.**  Plaintiff seeks costs of $7,734.06 and $6,125.55 for the deposition transcripts of Cook's expert Dr. Scott Robertson.  *See* Dkt. 10311 ¶ 48.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $2,784.95 for the deposition transcript, not the $3,128.30 she seeks (a reduction of $343.35).

- Ancillary costs totaling $8,177.03 (see rows 213-225 in Exhibit A).

**Allowable cost: $4,799.95**

32.  **Dr. Phu Thai.**  Plaintiff seeks costs of $1,457.84 for the deposition transcript of Dr. Phu Thai. *See* Dkt. 10311 ¶ 50.

Objections:

- No evidence of necessity: Dr. Thai did not testify at trial.

- No proof of pages

- Ancillary costs totaling $268.09 (see rows 226-228 in Exhibit A).

**Allowable cost: $0**

33.    **Dr. Roman Uberoi.**  Plaintiff seeks costs of $8,224.57 and $6,004.18 for the deposition transcripts of Dr. Roman Uberoi.  *See* Dkt. 10311 ¶ 53.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover $1,766.60 for the depositions, not the $3,363.80 she seeks (a reduction of $1,597.20)

- Ancillary costs totaling $9,114.95 (see rows 229-236 in Exhibit A).

**Allowable cost:  $3,216.60**

**Witnesses listed in supplemental declaration (Dkt. 10320-1)**

1.    **Scott Blanchard.**  Plaintiff seeks costs of $1872.99 and $4,533.25 for the deposition transcripts of Cook employee Scott Blanchard.  *See* Dkt. 10311 ¶ 4.

Objections:

- No evidence of necessity: Mr. Blanchard did not testify at trial.

- Per-page cost limitation: Plaintiff is entitled to recover only $1,788.50 for the deposition transcripts, not the $2,038.70 she seeks.

- Ancillary costs totaling $2,707.54 (see rows 237-250 in Exhibit A)

**Allowable cost:  $0**

2.    **Mark Breedlove.**  Plaintiff seeks costs of $3,664.24 for the deposition transcript of Cook employee Mark Breedlove.  *See* Dkt. 10321 ¶ 5.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $1,332.25 for the deposition, not the $1,551.25 she seeks.

- Ancillary costs totaling $1,207.99 (see rows 251-258 in Exhibit A)

**Allowable cost: $2,142.25.**

**3.     Dr. Jennifer Brown.**  Plaintiff seeks costs of $5,992.73, $2,199.06, and $2,414.30 for video recording and transcribing the deposition of Cook's non-retained expert Dr. Jennifer Brown.  *See* Dkt. 10321 ¶ 2.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $3,168.20 for the deposition transcripts, not the $3,664.24 she seeks.

- Ancillary costs totaling $5,367.29 (see rows 259-271 in Exhibit A)

**Allowable cost: $4,708.20**

**4.     Brian Choules.**  Plaintiff seeks costs of $4,185.51 and $1,715.73 for the deposition transcripts and videotaping of Brian Choules, Ph.D.  *See* Dkt. 10321 ¶ 2.

Objections:

- Per-page cost limitation: Plaintiff is entitled to recover only $2,179.05 for the deposition transcripts, not the $2,390.30 she seeks.

- Ancillary costs totaling $1,735.94 (see rows 272-280 in Exhibit A)

**Allowable cost: $3,814.05**

**5.     Jacob Clausen.**  Plaintiff seeks costs of $1,390 the deposition transcript of Jacob Clausen.  *See* Dkt. 10321 ¶ 7.

Objections:

- No evidence of necessity: Mr. Clausen's testimony was ruled inadmissible at trial, Dkt. 9634 ¶ 4(f), and he did not testify at trial.

- Ancillary costs totaling $1,000 (see rows 281-283 in Exhibit A).

**Allowable cost:  $0**

6.      **Bruce Fleck.**  Plaintiff seeks costs of $5,675.17 and $4,701.32 for the deposition transcripts and videotaping of Bruce Fleck.  *See* Dkt. 10321 ¶ 8.

Objections:

- Ancillary costs totaling $5,477.29 (see rows 284-296 in Exhibit A)

- Per-page cost limitation: Plaintiff is entitled to recover only $3,456.55 for the deposition transcripts, not the $3,704.20 she seeks.

**Allowable cost:  $4,511.55.**

7.      **Mark Frye.**  Plaintiff seeks costs of $3,106.85 for the deposition transcript and videotaping of Mark Frye.  *See* Dkt. 10321 ¶ 9.

Objections:

- Ancillary costs totaling $1,174.10 (see rows 297-303 in Exhibit A)

- Per-page cost limitation: Plaintiff is entitled to recover only $1,427.15 for the deposition, not the $1,603.10 she seeks.

**Allowable cost:  $2,387.15**

8.      **Rita Harden.**  Plaintiff seeks costs of $4,931.88 for the deposition transcripts and videotaping of Rita Harden.  *See* Dkt. 10321 ¶ 10.

Objections:

- Ancillary costs totaling $2,211.98 (see rows 304-313 in Exhibit A)

- Per-page cost limitation: Plaintiff is entitled to recover only $1,419.85 for the deposition transcript, not the $1,594.90 she seeks.

**Allowable cost:  $2,474.85**

9.      **Theodore William Heise.**  Plaintiff seeks costs of $3,525.43 for the deposition transcript and videotaping of Theodore William Heise, Ph.D..  *See* Dkt. 10321 ¶ 11.

Objections:

- Ancillary costs totaling $1,061.68 (see rows 314-320 in Exhibit A)

- Per-page cost limitation: Plaintiff is entitled to recover only $1,303.05 for the deposition transcript, not the $1,338.75 she seeks.

**Allowable cost:  $2,358.05**

10.      **Per Hendriksen.**  Plaintiff seeks costs of $4,659.15 for the deposition transcripts and videotaping of Per Hendriksen.  *See* Dkt. 10321 ¶ 12.

Objections:

- Ancillary costs totaling $2,136.85 (see rows 321-330 in Exhibit A)

- Per-page cost limitation: Plaintiff is entitled to recover only $1,244.65 for the deposition transcript, not the $1,398.10 she seeks.

**Allowable cost:  $2,299.65**

11.      **Anna Jessen.**  Plaintiff seeks costs of $3,729.78 for the deposition transcripts and videotaping of Anna Jessen.  *See* Dkt. 10321 ¶13.

Objections:

- Because the video of Anna Jessen's deposition was not used either at trial or in pretrial proceedings, Plaintiff has not established that the

$1,235 cost of the video was necessary to the case, and that cost is not recoverable.

- Ancillary costs totaling $1,137.68 (see rows 331-337 in Exhibit A)
- Per-page cost limitation: Plaintiff is entitled to recover only $1,390.65 for the deposition transcript, not the $1,562.10 she seeks.

**Allowable cost:  $1,390.65**

**12.    April Lavender.**  Plaintiff seeks costs of $3,271.65 and $1,738.40 for the deposition transcripts and videotaping of April Lavender.  *See* Dkt. 10321 ¶ 14.

Objections:

- Ancillary costs totaling $1,707.55 (see rows 338-345 in Exhibit A)
- Per-page cost limitation:  Plaintiff is entitled to recover only $1,496.50 for the depositions transcripts, not the $1,742.50 she seeks.

**Allowable cost:  $2,891.50**

**13.    Arne Molgaard-Neilsen.**  Plaintiff seeks costs of $2,493.42 and $2,993.82 for the deposition transcripts and videotaping of Arne Molgaard-Neilsen.  *See* Dkt. 10321 ¶ 15.

Objections:

- Ancillary costs totaling $2,104.94 (see rows 346-353 in Exhibit A)
- Per-page cost limitation:  Plaintiff is entitled to recover only $2,200.95 for the deposition transcripts, not the $2,472.30 she seeks.

**Allowable cost:  $2,970.95**

**14.    Tom Roberts.**  Plaintiff seeks costs of $5,012.64 for the deposition transcript of Cook employee Tom Roberts.  *See* Dkt. 10321 ¶ 16.

Objections:

- Ancillary costs totaling $2,205.94 (see rows 354-363 in Exhibit A)

- Per-page cost limitation: Plaintiff is entitled to recover only $1,412.55 for the deposition transcript, not the $1,586.70 she seeks.

**Allowable cost:  $2,562.55**

**15.     Darrel Talbert.**  Plaintiff seeks costs of $2,362.95, $2,793.82, and $3,981.65 for the deposition transcripts of Cook employee Darrel Talbert.  *See* Dkt. 10321 ¶ 17.

Objections:

- Ancillary costs totaling $3,148.42 (see rows 364-376 in Exhibit A).

- Per-page cost limitation:  Plaintiff is entitled to recover only $2,898.10 for the deposition transcripts, not the $3,215 she seeks.

**Allowable cost:  $5,438.10**

**16.     Jesper Thyregod.**  Plaintiff seeks costs of $5,079.01 for the deposition transcript and videotaping of Jesper Thyregod.  *See* Dkt. 10321 ¶ 18.

Objections:

- Ancillary costs totaling $2,231.31 (see rows 377-387 in Exhibit A)

- Per-page cost limitation: Plaintiff is entitled to recover only $1,449.05 for the deposition transcript, not the $1,627.70 she seeks.

**Allowable cost:  $2,599.05**

**17.     Dr. Paul Timperman.**  Plaintiff seeks costs of $6,170.19 and $3,980.45 for the deposition transcripts and videotaping of Dr. Paul Timperman.  *See* Dkt. 10321 ¶ 19.

Objections:

- Ancillary costs totaling $5,535.79 (see rows 388-400 in Exhibit A)

- Per-page cost limitation: Plaintiff is entitled to recover only $2,536.75 for the deposition transcripts, not the $2,744.85 she seeks.

**Allowable cost:  $4,266.75**

**18.     William Voorhees.**  Plaintiff seeks costs of $3664.24 for the deposition transcript and videotaping of former Cook employee William Voorhees.  *See* Dkt. 10321 ¶ 20.

Objections:

- Ancillary costs totaling $2,191.95 (see rows 401-409 in Exhibit A)

- Per-page cost limitation: Plaintiff is entitled to recover only $1,047.55 for the deposition transcript, not the $1,176.70 she seeks.

**Allowable cost:  $1,912.55**

**D.     Fees for Daily Trial Transcripts**

Plaintiff seeks an award of $27,811.02 for daily trial transcripts in this case.  According to Plaintiff, daily transcripts were necessary because they were the basis for ongoing motion practice and aided trial preparation.  Dkt. 10311 ¶ 55.  Plaintiff identifies no motions or trial preparation materials created using any transcript from trial.  Other than a bald assertion, she provides no basis to conclude such costs were necessary or reasonable. *See Berry Plastics*, 2017 WL 167829, at *2. (party seeking costs "must prove with evidence and not merely with *ipse dixit* statements—that the costs were actually incurred, were reasonable in amount, and were necessary").

In addition, Plaintiff cannot recover costs for the real-time services included in her request because such services are not "necessarily obtained for use in the case" under section 1920. *See Cascades Computer Innovation, LLC v. Samsung Electronics Co.*, 2016 WL 612792, at *4 (N.D. Ill. Feb. 16, 2016) ("real-time transcription services are a convenience, *not a necessity*").  Thus, even assuming that Plaintiff could demonstrate that daily trial transcripts had been necessarily obtained, she would not be entitled to the amount she seeks.

**Allowable cost:  $0.**

### E.     Fees for Hearing Transcripts

Plaintiff seeks the following costs for transcripts of hearings:

- $262.80 for hearing held on September 25, 2017.

- $468.90 for hearings held on October 22 and 23, 2018.

- $261.00 for hearing held on November 13, 2018.

Plaintiff baldly asserts that the transcripts were necessary for trial preparation and to ensure compliance with the Court's orders. Dkt. 10311 ¶¶ 56-58.  Other those a bald assertions, she provides no basis to conclude such costs were necessary or reasonable. Thus, they are not recoverable. *See Berry Plastics*, 2017 WL 167829, at *2.

**Allowable cost:  $0**

### F.     Witness Fees

Plaintiff seeks the following costs for witnesses:

- $535.84 for Dr. Harlan Krumholz.

- $205.28 for Dr. Michael Fishbein.

- $370.56 for Dr. Gregory Gordon.

- $370.56 for Dr. Robert McMeeking.

Cook does not object to these costs.

**Allowable cost: $1,482.24.**

### G.      Fees for Exemplification and Copies

Section 1920(4) allows recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Plaintiff seeks costs of $195,701.44 for this category.  But her request is excessive for multiple reasons.

**First**, Plaintiff is not entitled to recover costs of unidentified copies and exhibits.  When a party does not identify the materials underlying her claim for costs, "it is impossible to determine whether the costs were necessary for use in the case." *Vigortone Ag Prod., Inc. v. PM Ag Prod.*, Inc., 2004 WL 1899882, at *9 (N.D. Ill. Aug. 12, 2004).  As a result, Plaintiff's failure to identify a single exhibit or any copied materials is fatal to her request for recovery.  *See Trading Techs.*, 750 F. Supp. 2d at 981 ("[Plaintiff's] omission of any information identifying the exhibits themselves, or the specific work performed in creating each exhibit, is fatal to [plaintiff's] recovery); *Taneff v. Calumet Twp.*, 2009 WL 500558, at *4 (N.D. Ind. Feb. 26, 2009) ( "copying costs that are not discernable from supporting documentation are not allowed").

**Second**, Plaintiff seeks non-compensable costs for staff transportation, meals, lodging, and airfare, as well as fees for consulting, "case building", and "conceptualizing content" through the "case review process."  None of these are listed in section 1920, so none of them are recoverable.  *See, e.g., Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) (outlays for travel and related expenses by attorneys and support staff are not listed in section 1920, and thus not recoverable); *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 781 (S.D. Ind. 2003) (finding it difficult to conceive how "trial consulting" could fall within section 1920

and reducing plaintiff's exemplification costs from $136,653.12 to $5,000, in part because they were well in excess of any reasonable figure for the case).

**Third**, there is "[n]o doubt [section 1920] does not obligate the losing party to pay for the victor's 'glitz.'" *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). The term "exemplification" in section 1920 generally covers only "means of presentation [that] furthe[r] the illustrative purposes of an exhibit" where "the nature and context of the information being presented genuinely called for the means of illustration that the party employed." *Id.* The Seventh Circuit gave as an example "[e]nlarging a crucial document" where it is "the only practical means of permitting a witness to point out the forensic features of that document." *Id.* "Exemplification that was not reasonably necessary to the presentation of one's case to the court does not qualify for reimbursement under section 1920(4)." *Id.* at 429.

**Fourth**, Plaintiff is not entitled to recover costs for teleconferencing, shipping and delivery, clerical work, offices supplies, or equipment rental. The law is well settled that shipping and delivery costs are ordinary business expenses, and thus not recoverable. *Wahl v. Carrier Mfg. Co.,* 511 F.2d 209, 217–18 (7th Cir. 1975) ("the expense of transporting exhibits is not a proper element of costs"); *Lawson v. Sun Microsystems, Inc.*, 2016 WL 231317, at *2 (S.D. Ind. Jan. 19, 2016) ("Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable"). The same is true for telephone and conferencing expenses. *See, e.g., Wahl*, 511 F.2d at 217 (holding charges for telephone calls were not recoverable); *Hillmann*, 2017 WL 3521098, at *5 (declining to award telephone costs because they represent ordinary business expenses).[3] Parties likewise may not recover costs for

---

[3] *See also Menasha Corp. v. News Am. Mktg. Instore, Inc.*, No. 00 C 1895, 2003 WL 21788989, at *3 (N.D. Ill. July 31, 2003) (same); *Mihailovich v. Laatsch*, No. 99 C 4780, 2002 WL 91897, at *4 (N.D. Ill. Jan. 24, 2002) ("[C]harges for telephone calls are not recoverable costs.");

document scanning, binders, custom tabs, and other extraneous expenses because they are not "necessary" within the meaning of section 1920. *See, e.g., Berry Plastics*, 2017 WL 167829, at *8 (holding that "[s]uch charges are not compensable"); *Lawson*, 2016 WL 231317, at *2 ("[T]he court finds no support in § 1920 for the costs for "extras" such as exhibit binders, page protectors, and exhibit tabs"); *Patel ex rel. R.P. v. Menard, Inc.*, 2012 WL 1365434, at *5 (S.D. Ind. Apr. 19, 2012) (holding costs for binders, indexes and labels were not compensable costs under section 1920); *Eli Lilly,* 264 F. Supp. 2d at 781 (denying "war room" equipment rental fees).

Plaintiff's request for costs includes multiple examples of non-recoverable costs in all of these excluded categories. Cook therefore makes the following objections to the costs of exemplification and copies described in the Affidavit and Declaration accompanying Plaintiff's Bill of Costs. For convenience, these objections are presented in the same order and groupings Plaintiff's attorney used in his Declaration, Dkt 10311; the objections are also tracked on Cook's attached Exhibit B.

### 1.    Courtroom Pixels.

Plaintiff seeks costs of $50,613.37 for preparation of PowerPoint presentations at trial. Plaintiff claims the presentations allowed her counsel to organize evidence and focus the jury's attention at trial. *See* Dkt. 10311 ¶ 64. Plaintiff has not identified or provided information about any specific PowerPoint presentations used in her case. That omission alone is fatal to her request. *See Trading Techs.*, 750 F. Supp. 2d at 981; *see also Cooper v. White*, 2007 WL 647342, at *2 (N.D. Ill. February 28, 2007) (denying plaintiff's costs for exemplification because

---

*Olivarius v. Tharaldson Prop. Mgmt. Inc.*, No. 08 C 463, 2012 WL 1117468, at *4 (N.D. Ill. Apr. 3, 2012) (denying costs for room rental expenses and other fees associated with depositions conducted via videoconference).

plaintiff did not identify any exhibits or demonstratives, making it impossible to conclude that the exemplifications were necessary for use in the case).

Even if Plaintiff had identified specific presentations, Cook is aware of no authority suggesting that expenses related to counsel "organizing their case" or "maintaining the jury's attention" are recoverable as costs, and Plaintiff cites none.  At best, Plaintiff's expenses are the type of "glitz" the Seventh Circuit holds is not a recoverable cost.  *See Cefalu,* 211 F.3d at 428. At worst, they are a thinly veiled attempt to recover attorney's fees not authorized under section 1920 or any other source of law in this case.  Moreover, even assuming such costs were recoverable, the $50,613.37 award Plaintiff seeks is well in excess of any reasonable figure for PowerPoint presentations and Cook urges the Court to reduce any hypothetical award substantially to $5,000.  *See Eli Lilly*, 264 F. Supp. 2d 753 at 781 (reducing plaintiff's exemplification costs from $136,653.12 to $5,000 based in part on excessiveness of request).

Even assuming that costs were available for organization and maintenance of the jury's attention were taxable costs (which they are not) and that Plaintiff had identified specific information about the costs (which she did not), Plaintiff's request would still include $14,033.12 of non-compensable costs consisting of trial-consulting fees and fees for air fare, lodging, meals, travel, and transportation, including ride sharing services, rooms at the Conrad, airfare to and from Dallas, Texas, and room service.  *See* Exhibit B Rows 2-19; Dkt. 10312-1 at 16; Dkt. 10312-2 at 4.  These expenses have nothing to do with Plaintiff creating presentations, but are instead "the sort of things that a lawyer includes with a bill for professional services."  *Calderon*, 112 F.3d at 276 (citing *Missouri v. Jenkins*, 491 U.S. 274, 285-89 (1989)); *see also Eli Lilly*, 264 F. Supp. 2d at 781.  As explained above, such costs are not compensable under <u>any</u> portion of section1920.

The court should deny the entirety of Plaintiff's request to recover Courtroom Pixels' costs.

**Allowable cost:  $0**

2.     **Courtroom Concepts.**

Plaintiff seeks costs of $27,897 for preparation of multi-media presentations, $19,940 for preparation of pre-synced deposition cuts to be played at trial, and $27,750 for handling of multi-media presentations in the courtroom, for total media costs of $75,587.  *See* Dkt. 10311 ¶65. According to Plaintiff's attorney's declaration, the multi-media presentations allowed her counsel to make a focused and comprehensible presentation of complex and voluminous evidence to the jury; the deposition cuts were necessary to show only permitted testimony to jurors; and the presence of Courtroom Concepts allowed Plaintiff to share exemplification products with the jury.  *See id.*  Plaintiff has not identified any presentation or deposition footage for which she seeks costs and has provided no information about their substance. Again, such omissions are fatal to her recovery.  *See Trading Techs.*, 750 F. Supp. 2d at 981; *see also Cooper v. White*, 2007 WL 647342, at *2.

And again, even assuming Plaintiff had provided adequate specific information about her claimed costs, the $75,587 in costs that Plaintiff seeks is well in excess of any reasonable figure for multimedia presentations, and Cook urges the Court to reduce any hypothetical award substantially, to $5000.  *See Eli Lilly*, 264 F. Supp. 2d 753 at 781 (reducing plaintiff's exemplification costs from $136,653.12 to $5,000 based on part in excessiveness of request).

In addition, Plaintiff seeks $4,475 of non-compensable costs encompassing consulting fees, video digitizing, and syncing video footage to transcripts.  *See* Exhibit B Rows 20-22. These expenses are not recoverable and incurred solely for the convenience of counsel.  *Berry*

*Plastics*, 2017 WL 167829, at *2 ("ASCII discs, video synchronization, etc., are considered for the convenience of counsel and are not recoverable").

    **Allowable cost:  $0**

        **3.**        **Van Ausdall and Farrar, Inc.**

    Plaintiff seeks costs of $16,586.08[4] for demonstrative exhibits created by Van Ausdall and Farrar Inc.  Dkt. 10311 ¶ 66.  According to Plaintiff, the exhibits were intended to assist the jury and focus their attention on important points at trial.  *See* Dkt. 10311 ¶65.  Plaintiff has not identified any specific demonstrative exhibits prepared by this vendor that were used in her case and has provided no information about their substance.  Again, such omissions are fatal to her recovery.  *See Trading Techs.*, 750 F. Supp. 2d at 981; *see also Cooper*, 2007 WL 647342, at *2.  Moreover, as Cook explained above, there is no authority suggesting a party may recover as costs the expense of maintaining the jury's attention; at best such costs constitute the type of "glitz" the Seventh Circuit disallows. *See Cefalu,* 211 F.3d at 428.

    Plaintiff also seeks $5,970.08 of non-compensable costs including document scanning and folders. *See* Exhibit B Rows 25-40.  These are not recoverable under 28 U.S.C. section 1920.  *See Berry Plastics*, 2017 WL 167829, at *8 (holding that "[s]uch charges are not compensable").

    **Allowable cost:  $0**

        **4.**        **Elite Document Technology.**

    Plaintiff seeks costs of $29,892.02 for demonstrative copies of depositions made by Elite Document Technology.  Dkt. 10311 ¶ 67.  According to Plaintiff, not all of the depositions copied were played during trial, but all were used in direct trial preparation.  *See* Dkt. 10311 ¶67.

---

[4] The invoices from Van Ausdall & Farrar indicate that the materials ordered were shipped via "UPSGND," but the invoices do not list a separate shipping charge (or even sales tax) from the total amount. To the extent UPS shipping costs were incurred, those costs should be denied as ordinary business expenses.

Plaintiff has not identified any copied materials used in her case and has not provided any
information about their substance.  Again, such omissions are fatal to her recovery. *Trading
Techs.*, 750 F. Supp. 2d at 981; *see also Taneff v. Calumet Twp.*, No. 2:07-CV-216-PRC, 2009
WL 500558, at *4 (N.D. Ind. Feb. 26, 2009) (holding "copying costs that are not discernable
from supporting documentation are not allowed").

In addition, Plaintiff's request includes $2,099.80 of non-compensable costs including
costs for binders, binding, tabs, folders, labels, redwells, and custom tabbing. *See* Exhibit B
Rows 41-54.  These are not recoverable under 28 U.S.C. section 1920. *See Berry Plastics*, 2017
WL 167829, at *8; *Engate*, 2006 WL 695650, at *5 (declining to award costs for "extras" such
as "binding, tabbing and custom filing" because such expenses are not "necessary" within the
meaning of section 1920).

**Allowable cost:  $0.**

### 5.    Medical Records.

Plaintiff seeks an award of $2,349.81 for obtaining copies of her medical records.  Dkt.
10311 ¶ 68.  Cook does not object to the costs of $197.75 from HIM Quality Solutions, Inc. and
the costs of $235.76 from MRO.  Cook does, however, object to the remaining $1,916.30.
Plaintiff offers no documentation for this remaining $1,916.30, making it impossible for Cook or
the Court to ascertain whether such costs were necessarily incurred or reasonable.

**Allowable cost:  $433.51**

### 6.  Van Ausdall and Farrar, Inc.[5]

Plaintiff seeks costs of $5,090.51 for renting printers from Van Ausdall and Farrar Inc. so
that her attorneys "could more economically print and product copies at trial."  Dkt. 10311, ¶69.

---

[5] Plaintiff's bill of costs includes several separate requests related to vendor Van Ausdall and
Farrar, Inc., and Cook therefore addresses the requests separately.

First, costs for equipment rental simply are not recoverable under section 1920.  *See Eli Lilly*, 264 F. Supp. 2d at 781 (denying "war room" equipment-rental fees).  Second, this is a classic example of a cost incurred purely for the convenience of counsel, and such costs are unrecoverable.  Third, Plaintiff claims that this printing and copying included copies of exhibits used or anticipated to be used, deposition cuts, trial preparation materials, and drafts and briefing prepared during trial.  *See* Dkt. 10311 ¶69.  But she does not identify any specific copies, exhibits, deposition cuts, or other materials used in her case, and she has not provided any information about their substance.  Moreover, she offers no support for her assertion that the rental of the copier was "more economical" than other means of obtaining copies.  Such omissions by themselves are fatal to her recovery.  *See Trading Techs.*, 750 F. Supp. 2d at 981; *Taneff*, 2009 WL 500558, at *4.

   **Allowable cost:  $0**

   ### 7.    Printer Toner.

   Plaintiff seeks costs of $199.48 for replacement toner purchased from Amazon and Office Depot respectively.  Dkt. 10311 ¶67.  Plaintiff fails to identify any specific materials that the toner cartridges were used to print or copy.  This omission by itself is fatal to her recovery. *See Berry Plastics*, 2017 WL 167829, at *7 ("[Plaintiff's] invoices, without more, do not sufficiently inform the court that the specific toner cartridges listed on them were used to make exemplifications which were "necessarily obtained for use in the case") (internal quotes omitted); *see also Trading Techs.*, 750 F. Supp. 2d at 981; *Taneff*, 2009 WL 500558, at *4. Moreover, Plaintiff only offers a single bald assertion to support her contention that the printer toner costs were necessary for use in the case.  Dkt. 10311 ¶70.  Without evidence to support her claims, her request for reimbursement should be denied. *Berry Plastics* 2017 WL 167829, at *2.

34

Finally, as the cost of the rental of a copier is not recoverable under section 1920 (*see Eli Lilly,* 264 F. Supp. 2d at 781), the cost of toner for in that rented copier is likewise outside the scope of recoverable costs.

**Allowable cost:  $0**

### 8.      Platinum Intelligent Data Solutions.

Plaintiff seeks costs of $14,513.17 for copies made by Platinum Intelligent Data Solutions. Plaintiff claims these copies became necessary during the period when the rented printer/copier required repairs.  *See* Dkt. 10311 ¶71.  Once again, Plaintiff fails to identify any copies, exhibits, deposition cuts, or other materials used in her case, and provides no information about their substance.  Such omissions are fatal to her recovery. *See Trading Techs.*, 750 F. Supp. 2d at 981; *see also Taneff,* 2009 WL 500558, at *4.  Plaintiff is therefore not entitled to the $14,513.17 she seeks.

Plaintiff also seeks $2,897.39 in non-compensable costs for binders, custom tabs, index tabs, archival fees, color scans, delivery, media formatting and manually replacing blue slipsheets with yellow slipsheets.  *See, e.g.,* Dkt. 10313-3 at 14.  These costs are not recoverable under section 1920.  *See Berry Plastics*, 2017 WL 167829, at *8; *Engate*, 2006 WL 695650, at *5.

**Allowable cost:  $0**

### 9.      Van Ausdall and Farrar, Inc.

Plaintiff seeks an award of $870 for shredding services provided by Van Ausdall and Farrar, Inc.  According to Plaintiff, obtaining a shredding service was necessary to ensure confidentiality of evidence subject to the Protective Order in this case.  Dkt. 10311 ¶72.  Costs for shredding services are not enumerated under section 1920, Cook is aware of no authority that

permits a party to recover as costs the expense of destroying evidence, and Plaintiff cites none. Even assuming section 1920 authorized recovery of such costs, Plaintiff could have simply returned the confidential evidence to Cook pursuant to the Protective Order and avoided the unnecessary expense of hiring a shredding service. *See* Dkt. 481 ¶12.

      **Allowable cost:  $0**

## **CONCLUSION**

Plaintiff has failed to establish her entitlement to the award of costs that she seeks. Cook respectfully asks the Court to reduce Plaintiff's requested costs as detailed above and award her a total of $90,627.35.

Dated: April 12, 2019                Respectfully submitted,

                                 */s/ Andrea Roberts Pierson*
                                 Andrea Roberts Pierson (# 18435-49)
                                 J. Joseph Tanner (# 11856-49)
                                 Nicholas B. Alford (# 31867-49)
                                 FAEGRE BAKER DANIELS LLP
                                 300 North Meridian Street, Suite 2700
                                 Indianapolis, Indiana 46204
                                 Telephone:  (317) 237-0300
                                 Facsimile:  (317) 237-1000
                                 E-Mail:  andrea.pierson@faegrebd.com
                                 E-Mail:  joe.tanner@faegrebd.com
                                 E-Mail:  nicholas.alford@faegrebd.com

                                 *Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 12, 2019, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

37