# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to: All Actions | |

**PLAINTIFFS' MOTION TO REMAND AND TRANSFER VENUE**

Pursuant to 28 U.S.C. § 1407(a) and 28 U.S.C. § 1404(a), Plaintiffs file this Motion to Remand and Transfer their cases for case-specific pretrial proceedings and for trial to the venue of their choosing, and respectfully show the Court the following:

1. It is undisputed that all common fact and expert discovery in this Multidistrict Litigation ("MDL") has been completed. Since 2016, counsel for Defendant Cook Medical, Inc. ("Cook") has repeatedly represented to the Court that MDL discovery has been over.

2. The Court has ruled on *Daubert* motions related to non-case specific experts and various motions for summary judgment brought by Cook.

3. Thus, all MDL pretrial proceedings have been completed.

4. Moreover, the Court has gone well above and beyond pretrial proceedings by conducting two bellwether jury trials to verdict.

4. Both 28 U.S.C. § 1407(a) and *Lexecon, Inc, v. Milberg Weiss*, 523 U.S. 26 (1998) ("*Lexecon*") mandate remand of each transferred case from the MDL to the transferor district court "at or before the conclusion of such pretrial proceedings."

5.      Because all pretrial proceedings in the MDL have concluded, the Court should apply 28 U.S.C. § 1407(a) and *Lexecon*, and remand all transferred cases back to their respective transferor district courts.

6.      Similarly, pursuant to 28 U.S.C. § 1404(a), the Court should transfer all direct-filed cases to the district court venue where those cases would have been brought absent the MDL, as specified in Paragraph 7 of each Plaintiff's Short Form Complaint.[1]  These cases no longer benefit from inclusion in the MDL, because pre-trial proceedings have ended.  Case-specific discovery for each of these actions can be far more efficiently and conveniently conducted in the district where each Plaintiff's surgery occurred, the implanting and treating physicians reside and practice, and the causes of action accrued.  Jurisdiction for each Plaintiff is proper in the proposed transferee district, and the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.[2]

## PRAYER

Plaintiffs pray that this motion be granted and that their cases be remanded and transferred for case specific pretrial proceedings and for trial, and for such further relief, at law and in equity, as Plaintiffs may be justly entitled.

---

[1] Paragraph 7 of the Short Form Complaint is as follows:  "District Court and Division in which venue would be proper absent direct filing: _____."  The form of the Short Form Complaint was determined by agreement of the parties. MDL Doc. 318 (Notice of Agreement re: SFC).

[2] Two groups of direct-filed Plaintiffs in this MDL have previously filed Motions to Transfer pursuant to 28 U.S.C. § 1404(a).  Both Motions to Transfer are pending before the Court.  *See* MDL Docs. 9602 and 9694.

| | | |
|---|---|---|
| Dated: April 12, 2019 | By: | */s/ Ben C. Martin* |
| | | Ben C. Martin, Esq. |
| | | The Law Office of Ben C. Martin |
| | | 3710 Rawlin Street, Suite 1230 |
| | | Dallas, TX 75219 |
| | | Telephone: (214) 761-6614 |
| | | Facsimile: (214) 74407590 |
| | | Email: bmartin@bencmartin.com |

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*
Ben C. Martin