IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to: All Actions | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO REMAND AND TRANSFER VENUE

Pursuant to 28 U.S.C. §§ 1407(a) and 1404(a), Plaintiffs file this Memorandum of Law in Support of Plaintiffs' Motion to Remand and Transfer Venue and respectfully show the Court the following:

### I.
### SUMMARY OF ARGUMENT

All pretrial proceedings in this MDL are over. All common fact discovery and expert discovery have been completed. The Court has ruled on numerous *Daubert* motions and the Cook Defendants' ("Cook") Motion for Summary Judgment on preemption. The Court has even presided over two bellwether jury trials to verdict. Retaining cases in the MDL will provide no additional benefits and will only serve to delay compensation to thousands of injured Plaintiffs – exactly the result desired by Cook.

Both 28 U.S.C. § 1407(a) and *Lexecon, Inc, v. Milberg Weiss*, 523 U.S. 26, 118 S.Ct. 956 (1998) ("*Lexecon*") mandate remand of each transferred case from the MDL to the transferor district court "at or before the conclusion of such pretrial proceedings." Section 1407 "obligates" remand of "any pending case to its originating court when, at the latest, those pretrial proceedings

have run their course." *Lexecon,* 118 S.Ct. at 962. Because all pretrial proceedings "have run their course," the Court is obligated to remand all transferred cases back to their respective transferor courts.

Likewise, the Court should transfer all direct-filed cases to the venue of each Plaintiff's choosing. Each Plaintiff has already pleaded the District Court and Division of his or her choosing in the agreed upon Short Form Complaint ("SFC") filed with the Court.[1] Absent the MDL, each Plaintiff would have filed his or her case in the venue listed on the SFC. It is black letter law that a plaintiff is entitled to his or her choice of forum. *See In re National Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003), quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). Because it is undisputed that all pretrial proceedings have ended, the Court should honor each Plaintiff's choice of venue as indicated on the SFC and transfer all direct-filed cases under 28 U.S.C. § 1404(a).[2]

## II.
## BACKGROUND

This MDL launched in October of 2014. The purpose of this MDL was to conduct all pretrial proceedings for more than 5,000 Plaintiffs in the Cook IVC Filter litigation. That purpose has come to an end, because all pretrial proceedings have concluded. Therefore, the time is ripe to remand all transferred cases back to their original transferor courts, and to transfer all direct-filed cases to the venues pleaded in each Plaintiff's SFC.

---

[1] The form of the Short Form Complaint was determined by agreement of the parties. MDL Doc. 318 (Notice of Agreement re: SFC).

[2] Two groups of direct-filed Plaintiffs in this MDL have previously filed Motions to Transfer pursuant to 28 U.S.C. § 1404(a). Both Motions to Transfer are pending before the Court. *See* MDL Docs. 9602 and 9694.

Throughout the past 4.5 years, the Court has patiently and diligently presided over voluminous discovery, countless motions, and even conducted two jury trials. The Court has issued more than 20 Case Management Orders. The Court has resolved numerous discovery disputes. It has ruled on all Plaintiff and Defendant *Daubert* motions. It has ruled on Cook's Motion for Summary Judgment on preemption. At this point, the Court has skillfully and dutifully navigated all pretrial procedures, and MDL discovery is closed.

Cook knows that discovery is closed. Starting in 2016, Cook has told this Court repeatedly that MDL discovery is over – in motions, briefs, letters, and hearings. In the fall of 2016, Cook was so anxious for plaintiffs to cease discovery that it insisted during a status conference that discovery was over--bringing forth the requirement from this Court that Plaintiffs send to Cook a letter with everything Plaintiffs still needed.[3] Plaintiffs complied and sent the attached letter dated November 24, 2016.[4]

At a May 2, 2018 hearing before the Court, Cook again unambiguously stated that discovery is closed.

> Ms. Pierson: "[T]here was a long list of grievances that Mr. Martin had with Cook about things that Cook had not produced, and you told the plaintiffs essentially: Send them a list of what your grievances are and Cook, you take care of that list. We did. That was back in 2016 and early 2017.
>
> It's our position from that point on that discovery was closed, and we had this issue come up in the *Hill* case and made the argument then company discovery is closed. We produced millions of pages of documents. We spent so much time and money letting the plaintiffs discover everything they wanted to discover about these products, but we ought not be responding to new things. The issue in that motion is again, we're asking Your Honor to make clear company discovery was closed a long time ago. We're not going back and redoing that. But the parties have fully briefed the issue and we stand on our papers and are prepared for you to rule whenever you are prepared to rule.[5]

---

[3] Defendants asserted that discovery was complete as early as November 10, 2016, more than two years ago. MDL Doc. 6857 at 16 – 24 & 39-40 (transcript of status conference).
[4] Exhibit A, Letter to Douglas King, Esq. dated November 24, 2016.
[5] Exhibit B, May 2, 2018 Hearing Transcript at 37:8-25; 38:1-2.

Thus, it is undisputed that all common fact and expert discovery, and all pretrial proceedings are closed.

Despite its prior representations to the Court, Cook's overriding goal is to delay Plaintiffs' valid claims for as long as possible and to keep the MDL going. So Cook wants to use discovery as both a sword and a shield. The Court's October 2, 2018 Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan serves as a great example of Cook's delay tactics. Cook filed a motion with the Court and requested the above-referenced Order. Cook obtained the Order, and Plaintiffs diligently worked to comply with Step No. 1 of the Order. Cook, however, has dragged its feet and failed to provide a census to the Court as required by the Order. Critically, despite tremendous time and effort expended by the Court, at the pace that trials are progressing in the MDL, thousands of deserving Plaintiffs will never get their day in Court. That is not the point of an MDL. Because all pretrial proceedings have ended, and because it will be faster for Plaintiffs to obtain trials in the venues of their choosing, it is time for the Court to remand all transferred cases to the transferor courts and all direct-filed cases to the venues pleaded by Plaintiffs in their SFCs.

## III.
## ARGUMENT

This MDL consists of two types of Plaintiffs: 1) Plaintiffs who filed their cases outside the Southern District of Indiana and had their cases transferred into this MDL pursuant to 28 U.S.C. § 1407(a); and 2) Plaintiffs who direct-filed their cases in this MDL for pretrial purposes only and who pleaded their choice of venue for trial in the agreed upon Short Form Complaint.

Because all pretrial proceedings have concluded, Section 1407(a) mandates that the Court remand all transferred cases to their respective transferor courts. For so-called direct-filed claims,

the Court should apply 28 U.S.C. § 1404(a) to transfer such cases to the venue chosen by each respective Plaintiff as set forth in his or her individual SFC.

A.  **Pursuant To The MDL Statute And *Lexecon*, The Court Is Obligated To Remand All Transferred Cases To The Transferor Court**.

Title 28 U.S.C. § 1407(a) authorizes transfer of civil actions with common issues of fact "to any district for coordinated pre-trial proceedings," but imposes a duty to remand any such action "at or before the conclusion of such pre-trial proceedings." *Id.*; *Lexecon,* 118 S.Ct. at 959.

The Supreme Court has held that remand is an "obligation." *Lexecon,* 118 S.Ct. at 962. "[S]ection 1407 not only authorizes the Panel to transfer for coordinated or consolidated pretrial proceedings, but obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *Id.* The use of the word "shall . . . 'creates an obligation impervious to judicial discretion.'" *Id.* citing *Anderson v. Yungkau,* 329 U.S. 482, 485, 67 S.Ct. 428, 430 (1947). "The language [in Section 1407(a)] is straightforward, and with a straightforward application ready to hand, statutory interpretation has no business getting metaphysical." *Lexecon,* 118 S.Ct. at 963.

Straightforward application of Section 1407(a) and the Supreme Court's teaching in *Lexecon* mandates remand of all transferred cases to their respective transferor courts. As Cook has repeatedly told the Court, discovery is finished. Further, the Court has ruled on numerous *Daubert* motions and Cook's Motion for Summary Judgment regarding preemption. The Court has even conducted two bellwether jury trials to verdict. Simply put, the Court has skillfully concluded its task of presiding over pretrial proceedings, and there is nothing left for the MDL to do. The time is ripe to remand all transferred cases to the transferor courts pursuant to 28 U.S.C. §1407(a).

**B.      Pursuant To 28 U.S.C. § 1404(a), The Court Should Transfer All Direct-Filed Cases To The Court of Each Plaintiff's Choosing, Because Retaining Cases In The MDL Will Provide No Additional Benefits And Will Only Result In Delay For Injured Plaintiffs.**

Some Plaintiffs filed their cases directly in the MDL via the agreed upon SFC template solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407. In paragraph 7 of the SFC, each Plaintiff pleaded his or her desired "District Court and Division in which venue would be proper absent direct filing." Absent the existence of the MDL, Plaintiffs would have filed their Complaints in the District Court and Division pleaded in the SFC. The Court should transfer these "direct-filed" cases to the venue of each Plaintiff's choosing, because it is black letter law that a plaintiff is entitled to his or her choice of forum. *See In re National Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003), quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").

The proper mechanism for the Court to transfer direct-filed cases out of the MDL is 28 U.S.C. § 1404(a). Under Section 1404(a), the Court may "[f]or the convenience of parties and witnesses, in the interest of justice . . .transfer any civil action to any other district or division where it might have been brought." Transfer of venue is appropriate under section 1404(a) when the moving party establishes that (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Commissioning Agents, Inc. v. Long,* 187 F. Supp. 3d 980, 985 (S.D. Ind. 2016); *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.,* No. 1:14–CV–88–TWP, 2014 WL 3818289, at *2 (S.D. Ind. Aug. 4, 2014); *State Farm Mut. Auto. Ins. Co. v. Bussell,* 939 F. Supp. 646, 651 (S.D. Ind. 1996).

Similar to a Section 1407(a) remand, MDL courts routinely transfer cases under Section 1404(a) at or before the conclusion of pretrial proceedings.  Direct-filed cases are mature and appropriate to transfer for trial once common fact and expert discovery has been completed, *Daubert* motions for non-case specific experts have been resolved, and non-case-specific dispositive motions have been ruled on.  *See In re Bard IVC Filters Prods Liab. Litig.,* MDL 15-02641-PHX-DGC, Case Management Order No. 42, Document No. 16343 at *6 (D. Ariz. March 21, 2019) (Bard IVCF MDL Order that it will transfer directly filed cases to the proper district under 28 U.S.C. §1404(a))[6]; *In re Incretin Mimetics Products Liability Litigation,* 2013 WL 12171761, at *1 (S.D. Cal. Nov. 13, 2013) ("Upon completion of all pretrial proceedings applicable to a case directly filed in the MDL Proceedings, and subject to any agreement that may be reached concerning a waiver of the requirements for transfer pursuant to *Lexecon, Inc., v. Milberg Weiss,* 523 U.S. 26 (1988), this Court will transfer such cases to a federal district court of proper venue as defined by 28 U.S.C. 1391."); *In re American Medical Systems., Inc., Pelvic Repair Systems Products Liability Litigation,* MDL 12-02325, Document No. 244 at *3 (S.D. W.Va. August 22, 2012) ("The direct filing of actions in MDL No. 2325 in the Southern District of West Virginia is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407. . . . At the conclusion of all pretrial proceedings, the court, pursuant to 28 U.S.C. § 1404(a), will transfer each case filed directly in the Southern District to a federal district court of proper venue as defined by 28 U.S.C. § 1391[.]").[7]

As previously discussed, all pretrial proceedings have concluded in this MDL.  In fact, for more than two years, Cook has told this Court that MDL discovery is closed.  Transfer of these direct-filed cases for case-specific pretrial issues and for trial is appropriate at this time, because all

---

[6] For the Court's convenience, MDL 15-02641, Document No. 16343 is attached to this Memorandum as Exhibit C.
[7] For the Court's convenience, MDL 12-02325, Document No. 244 is attached to this Memorandum as Exhibit D.

common-fact and expert discovery in this MDL has been completed, and the Court has ruled on *Daubert* motions related to non-case-specific experts and on Cook's summary judgment motion on preemption. The remaining case-specific discovery can be more efficiently handled in the venue where the Cook product was implanted, warnings were allegedly given to the implanting physicians and each Plaintiff, subsequent treatment was provided, each Plaintiff and all or most of their families reside, and all or the majority of the nonparty case-specific witnesses (primarily treating physicians) reside or practice. Put differently, because most case-specific discovery will occur at the place of injury, the place of treatment, and the place of each Plaintiff's residence, transfer under Section 1404(a) will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.

Thus, retaining cases in the MDL will provide no additional benefits and only serve to cause delay for injured Plaintiffs. The Court should honor the forum selection of each Plaintiff, and follow established MDL precedent by transferring all direct-filed cases under Section 1404(a).

## IV.
## CONCLUSION

The Court should remand all transferred cases to their respective transferor courts under 28 U.S.C. § 1407. Pursuant to 28 U.S.C. § 1404(a), the Court should transfer all direct-filed cases to the District Court and Division chosen by each Plaintiff as set forth in his or her SFC.

Dated: April 12, 2019                                Respectfully Submitted,

  /s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

/s/ Ben C. Martin
Ben C. Martin, Esq.
Martin Baughman, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@martinbaughman.com

/s/ David P. Matthews
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                          */s/ Ben C. Martin*
                                                          Ben C. Martin