IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | § § § § § | Case No.1:14-ml-2570-RLY-TAB MDL No. 2570 |
| | § | |
| | § | |
| This Document Relates to All Actions | § | |
| | § | |

**PLAINTIFFS' STEERING COMMITTEE (PSC)'S MOTION TO AMEND THE MARCH 16, 2016 ORDER ON RULES, POLICIES, PROCEDURES GUIDELINES RELATING TO ESTABLISHING COMMON BENEFIT FEE AND EXPENSE FUND**

Come now the Plaintiffs' Steering Committee (PSC) in the Cook MDL and file the attached Motion to Amend the March 16, 2016 Order on Rules, Policies, Procedures Guidelines Relating to Establishing Common Benefit Fee and Expense Fund.

**I.     Modification of Common Benefit Assessment Percentages.**

The Plaintiffs' Steering Committee ("PSC') seeks amendment of IV (B) (3) of the March 16, 2016 Order on Rules, Policies, Procedure, Guidelines Relating to Establishing Common Benefit Fee and Expense Fund to provide for an increase in the assessments for common benefit attorneys' fees and costs, from a total of eight percent (six percent for attorney's fees and two percent for costs) to a total of fourteen percent (nine percent for fees and five percent for costs). This increase is necessary because the scope, size, duration, and cost of this litigation have outstripped the PSC's expectations at the time that they requested the current assessment percentages of six and two percent. The requested percentages are still well within reason and consistent with the amounts approved in other MDLs. Importantly, the requested assessment amount remains a holdback, not an order of disbursement.

The March 16, 2016 order established policies, procedures, and guidelines for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation. In exchange for receiving the benefit of work performed for plaintiffs' common benefit, all plaintiffs and attorneys who reach settlements or recover monetary damages or other monetary relief are subject to an assessment of their gross monetary recovery. The order established assessment amounts of 6 percent for attorneys' fees and 2 percent for expenses. At the time that the PSC requested the Court designate these percentages, it was expected that this MDL would be smaller and of a shorter duration than it has turned out to be.

As the Court is aware, this MDL commenced with only 27 active cases by transfer of the Judicial Panel on Multidistrict Litigation to this Court by order dated October 15, 2014. At the onset of this MDL, the PSC was fully aware of the need for substantial further discovery and eventual trials. When the PSC requested the initial assessment, they estimated that the MDL would comprise approximately 1000 cases. Those expectations were reasonable and drove the choice of conservative assessment percentages.[1]  Now there are nearly 6,000 active cases in this MDL, making it the 10th largest out of the 207 MDLs pending across the nation as of March 15, 2019.

As the MDL grew in size, and as the parties prepared for multiple bellwether trials, the number of hours and dollars expended on common benefit work has come to dwarf the PSC's

---

[1] *See, e.g., In Re: Kugel Mesh Hernia Patch Prods. Liab. Litig.,* MDL No. 1842 (D.R.I.), ECF No. 2382 (in case involving Bard, assessments of 8% percent for attorneys' fees and 4% percent for costs) (attached as Exhibit A to ECF No. 271); *In re Nuvaring Prods. Liab. Litig.,* MDL No. 1908, ECF No. 1129 (E.D. Mo.) (11% for fees, 4.5% for costs); *In re: Depuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.,* MDL No. 22-44 (N.D. Tex.), ECF No. 889 (7% for fees; 3% for costs); *In re Bair Hugger Forced Air Warming Prods. Liab. Litig.,* MDL 2666, ECF No. 47 (D.Minn.) (10-16% for fees; 2% for costs); *In re Genetically Modified Rice Litig.,* MDL No. 1811, ECF No. 2574 (6-8% for fees; 3% for costs); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.,* MDL No. 1708, 2008 U.S. Dist. LEXIS 17535, at *52 (D. Minn. Mar. 7, 2008) (14.375% of global settlement amount as a common benefit fee award).

initial estimates. Consistent with the order, participating counsel have submitted their contemporaneously recorded time, in excess of 75,000 hours to Co-Lead Counsel. This massive collective undertaking has been to the benefit of the thousands of plaintiffs who have filed cases in this MDL, putting them in a position to resolve their cases. It has included, in part, the following: review of millions of pages of Cook documents; taking/defending 140 corporate, case-specific and expert depositions; identification and preparation of numerous experts and expert reports; appearance at 58 status conferences; negotiation of multiple discovery disputes and Case Management Orders; extensive briefing and argument of over 100 motions *in limine*; briefing and argument of more than 50 *Daubert* motions and dozens of other dispositive motions, including a motion based on preemption related to 510(k)-cleared devices that resulted in additional expert fees and expenses, as well as effort lasting the better part of a year; and the full trial of three bellwether cases (two in the MDL and one in state court in Texas). In addition, the parties are litigating their respective appeals stemming from the bellwether trials. The number of hours and dollars expended will only grow, and likely substantially because the Plaintiffs' Steering Committee will be addressing resolution of the MDL and the litigation as a whole, including remand/transfer, preparation of trial packages (including expert depositions on common issues, identification of key documents and cuts of fact witness depositions), issues attendant to the Defendant's attempt at global dismissal of cases, and efforts to reach and then implement settlement.

It is common for MDL courts to approve increases in assessment percentages as the litigation takes shape and the full scope of work required reveals itself. It is impossible to predict with any certainty litigation costs, which, among other factors, are also driven by the defendants' strategy and tactics, and by what is discovered in discovery. In light of those practical realities,

courts commonly approve comparable or greater increases in initial assessment percentages. *See In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545, ECF No. 2894, CMO No. 138 (N.D. Ill. Oct. 15, 2018) (increasing total assessment from 10% to 19.5%)); *In re Benicar (Olmesartan) Prods. Liab. Litig.*, MDL No. 2606, ECF No. 1215, CMO No. 40 (D.N.J. Oct. 25, 2018) (increasing total assessment from 8% to 9.5%); *In re Bextra and Celebrex Marketing Sales Practices and Prod. Liab. Litig.*, MDL No. 1699, ECF No. 2507, PTO No 8A (N.D.Cal. July 7, 2008) (finding initial fee assessment of 2% inadequate and raising fee assessment to 8-10%); *In re Orthopedic Bone Screw Products Liab. Litig.*, MDL 1014, 1996 U.S. Dist. LEXIS 23300 at *10-11 (E.D. Pa. June 17, 1996) (12% fee assessment); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS at *2, *15-16 (approving master settlement overriding prior holdback amounts). Even with the increase requested, the total assessment percentage of fourteen percent still falls within amounts approved in MDLs of comparable scale. *See* cases cited *supra* note 1.

Thus, the overall assessment here at 14% with 9% allocated for attorneys' fees is consistent with holdback orders entered by other courts. And the total of 5% specifically to be allocated for costs remains a modest amount by any standard.

II.     Conclusion

In sum, Plaintiffs request that the Court enter an order increasing the assessment percentages set out in Section IV(B)(3) to nine percent for attorneys' fee and five percent for expenses.

The accompanying proposed Order reflects the requested relief described above.

Date: April 12, 2019

Respectfully Submitted,

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering
Committee and on behalf of Plaintiffs'
Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW
CORPORATION
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

/s/ Ben C. Martin
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@martinbaughman.com

/s/ David P. Matthews
David P. Matthews, Esq.
MATTHEW AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*
Ben C. Martin, Esq.