# Exhibit A

# JAMES AND CONSTANCE STIPANOVICH TRUST

On __5-10-16__, James J. Stipanovich and Constance A. Stipanovich, husband and wife, as Settlors and Co-Trustees, establish this Agreement.

## Article I. Declarations

**1.1 Trust name.** The name of this trust is the James and Constance Stipanovich Trust.

**1.2 Identifications.** Settlors are married to each other. Settlors' living children are Steven Stipanovich, Sandy Morelli, and Russ Stipanovich.

**1.3 Purpose.** This trust is established to provide management of assets during Settlors' lifetimes and to act as the means of distributing Settlors' assets after both settlors have died. Trustee agrees to hold, administer, and distribute the assets it receives in accordance with this Agreement.

**1.4 Additions.** Settlors, either of them, or any other person may transfer assets to Trustee at any time by assignment, will, beneficiary designation, or any other means.

**1.5 Registration.** If permitted by law, this trust is exempt from registration.

## Article II. Retained Control

**2.1 Amendment and revocation.** During Settlors' lifetimes, this Agreement may be revoked partially or completely or amended in any respect. Each settlor has the power to revoke and amend unilaterally with respect to separate property contributed by him or her. Both settlors acting together have the power to revoke or amend with respect to joint property contributed by them and to generally revoke or amend this Agreement. After the death of one of the Settlors, this Agreement may be revoked partially or completely or amended in any respect by the surviving Settlor. The power to amend or revoke may be exercised by Settlors (or either of them) at any time and without the consent of Trustee or anyone else, but the revocation or amendment must be in writing. No amendment, however, may increase the duties or responsibilities of Trustee without Trustee's written consent.

## Article III. Trustee

**3.1 Definition.** The term "Trustee" refers to the one or to those acting as Trustee or Trustees, regardless of number. Individual trusts under this Agreement need not have the same Trustee.

**3.2 Named successor.** If an original trustee becomes unable or unwilling to serve, the remaining trustee shall continue to serve. When all original trustees become unable or unwilling to serve, Sandy Morelli shall succeed as Trustee.

**3.3 Additional trustee.** Trustee may appoint a professional co-trustee to serve under this Agreement.

**3.4 Resignation.** A trustee may resign by giving notice of resignation in the manner provided in this Agreement. The determination that an individual trustee is disabled, as defined in this Agreement, constitutes the resignation of that person as a trustee.

**3.5 Removal of a trustee.** In the case of each trust established under this Agreement, a majority of the current income beneficiaries in the nearest generation to Settlor who are competent adults have the right to remove a trustee, with or without cause.

**3.6 Appointment of successor.** If a successor trustee is or becomes unable or unwilling to serve, no one shall succeed that person so long as another trustee is then serving. If, at any time, there is no one willing and able to serve as Trustee of a trust established under this Agreement, a majority of the current income beneficiaries in the nearest generation to Settlor who are competent adults may appoint a successor trustee within 30 days of the vacancy. If the appointment is not made within 30 days of the vacancy, a court having jurisdiction shall appoint a successor trustee. If the prior trustee is removed, neither a person who possesses or shares the power to remove a trustee nor anyone who is related or subordinate (within the meaning of IRC 672(c)) to such a person may be appointed a successor, additional, or special trustee.

**3.7 Professional trustee.** The term *professional trustee* means a bank, trust company, other entity that provides trustee services to the general public, or an individual who regularly serves or holds himself or herself out as a fiduciary for trusts and estates.

**3.8 Successor in interest.** Any reference to a fiduciary in this Agreement or to an entity referenced in this Article shall include any successor in interest to that entity arising by merger, consolidation, reorganization in another form, or name change.

**3.9 Substitute fiduciary.** If Trustee is unable or unwilling to exercise a fiduciary power, from time to time, regarding a specific trust matter or asset, Trustee may appoint, or petition a court having jurisdiction to appoint, a special trustee to exercise the fiduciary power on a temporary or permanent basis or may request that the court exercise the fiduciary power on a temporary or permanent basis.

*Pages 3-7 are intentionally removed.*

policies as may have accrued. In the event that litigation shall be required to enforce payment of any proceeds, Trustee is entitled to recover its expenses out of other trust assets, or, if there are none, Trustee is entitled to indemnification from other sources in a manner satisfactory to Trustee as a precondition to instituting suit.

**6.7 Notices.** Any notice required under this Agreement must be in writing and signed by the person(s) giving notice and shall be effective when delivered or mailed to the party to whom notice is to be given.

**6.8 Construction.** In construing this instrument, consideration shall be given to the fact that the singular and plural and the masculine, feminine, and neuter may have been used interchangeably. The text and not the headings of the Articles and paragraphs of this Agreement shall control construction or interpretation of this Agreement.

**6.9 Child and descendant.** Unless named in the paragraph of Article I entitled "Identifications," a "child" or "descendant" of Settlors or of another is limited to those persons so defined under Michigan law but does not include persons adopted after age 21 or any adoptee older than the adoptive parent.

## Article VII. Administrative Powers

Trustee has the power to perform every act that a reasonable and prudent investor would perform incident to the collection, preservation, management, use, and distribution of the trust assets to accomplish the desired result of administering the trust legally and in the best interests of the trust beneficiaries, without the approval of any court or beneficiary. During Settlor's lifetime, however, Settlor may direct Trustee with respect to any matter concerning the administration, distribution, or investment of trust assets. Trustee shall have no liability for following Settlor's direction. Subject to the foregoing, and except as otherwise provided in this Agreement, Trustee possesses, in addition to or in substitution for, but not otherwise in limitation of, common-law and statutory powers, the following authority.

**7.1 Take control of assets.** Take possession, custody, or control of assets transferred to the trust.

**7.2 Retention of assets.** Retain assets that Trustee may receive, including assets in which Trustee is personally interested, in accordance with the Michigan prudent investor rule set forth in MCL 700.1501–.1512.

**7.3 Receipt of assets.** Receive assets from fiduciaries or other sources that are acceptable to Trustee.

*Pages 9-10 are intentionally removed.*

**7.20 Compromise.** Effect a fair and reasonable compromise with any debtor or obligor or extend, renew, or in any manner modify the terms of any obligation owing to the trust. If Trustee holds a mortgage, pledge, or other lien upon the property of another person, Trustee may, in lieu of foreclosure, accept a conveyance or transfer of encumbered assets from the owner in satisfaction of the indebtedness secured by lien.

**7.21 Make payments.** Pay Trustee's compensation or other expenses incident to the administration of the trust.

**7.22 Exercise rights and options.** Sell or exercise subscription or conversion rights and exercise stock options and warrants.

**7.23 Principal and income allocations.** Make reasonable allocations of receipts and disbursements between principal and income in Trustee's discretion.

**7.24 Agents.** Employ, and pay reasonable compensation for services performed by, persons, including auditors, investment advisers, accountants, appraisers, brokers, custodians, rental agents, realtors, or agents, even if they are associated with Trustee, to advise or assist Trustee in the performance of administrative duties; act without independent investigation upon their recommendations; and instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary.

**7.25 Attorneys.** Employ and pay reasonable compensation to an attorney to perform necessary legal services or to advise or assist Trustee in the performance of Trustee's administrative duties, even if the attorney is associated with the trustee, and to act without independent investigation upon the attorney's recommendation.

**7.26 Legal proceedings.** Prosecute, defend, arbitrate, settle, release, compromise, and agree to indemnify claims or proceedings in any jurisdiction or under alternative dispute resolution procedures for the protection of trust assets and the protection of Trustee in the performance of Trustee's duties.

**7.27 Business interests.** Consent to or participate in, directly or through a committee or other agent, the reorganization, consolidation, merger, dissolution, or liquidation of any business enterprise; continue or participate in any business or venture in any manner, in any form, for any length of time; or change the form, in any manner, of any business or venture in which Settlor was engaged at the time of death.

**7.28 Exoneration.** Provide for the exoneration of Trustee from personal liability in any contract entered into on behalf of the trust.

*Pages 12-17 are intentionally removed.*

WITNESSES:

/s/ _____    /s/ _____
                                   Settlor, James J. Stipanovich

/s/ _____    /s/ _____
                                   Trustee, James J. Stipanovich

                                   /s/ _____
                                   Settlor, Constance A. Stipanovich

                                   /s/ _____
                                   Trustee, Constance A. Stipanovich


STATE OF MICHIGAN  )
MANISTEE COUNTY    )

Acknowledged before me in Manistee County, Michigan, on 5-10-16 by James J. Stipanovich.

/s/ _____
Michael Herring
Notary public, State of Michigan, County of Kent.
My commission expires 11-19-2016.
Acting in the County of Manistee.

STATE OF MICHIGAN  )
MANISTEE COUNTY    )

Acknowledged before me in Manistee County, Michigan, on 5-10.16 by Constance A. Stipanovich.

/s/ _____
Michael Herring
Notary public, State of Michigan, County of Kent.
My commission expires 11-19-2016.
Acting in the County of Manistee.

Drafted by and when recorded return to:
Michael Herring P72665
2050 Celadon Dr. Suite A7
Grand Rapids, MI 49525