IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Actions | |

**Plaintiff's Response to Cook Defendants'
Motion for Extension of Time [Filing N0. 10516]**

The Plaintiffs' Steering Committee, by counsel, objects to Cook's motion for an extension of time to respond to the PSC's motion to amend the Court's March 16, 2016, Order establishing a common benefit fund. In support, the PSC states the following:

**Argument**

In preparation for the April 29th statute conference, the PSC moved the Court to amend its prior common benefit order only with regard to the recovery percentages assessed against MDL cases in light of the substantial time the PSC has invested in this litigation to date. [*See* Filing No. 10442.][1] To ensure the motion was heard at the April 29, 2019, status conference, and pursuant to CMO #18, the PSC filed this motion 17 days before the status conference.[2] Pursuant to that same CMO, Cook's response was due on **April 22, 2019**. [*See* Filing No. 2396, at ECF p. 6449 (stating

---

[1] The original common benefit order can be found at Filing No. 1246.

[2] CMO #18, which sets deadlines for motions to be heard at monthly status conferences, can be found at Filing No. 2396.

Cook's response must be filed at least 7 days prior to the status conference).] After that deadline expired, Cook filed a request for an extension of time. [*See* Filing No. 10516.] The motion should be denied for that reason alone.

Fundamentally, though, there is no prejudice to Cook. There is no reason for Cook to respond to the PSC's request (Cook doesn't provide any reason other than wanting to respond "thoughtfully and thoroughly"). [Filing No. 10516, at ECF p. 79713.] The PSC has simply asked for an increase in the common benefit assessment in light of the fact that (among other things) the PSC has already spent more than 75,000 hours on this case, appeared at 58 status conferences (soon to be 59), and tried three multi-week jury trials. [*See* Filing No. 10422, at ECF p. 79550.] Put frankly: the PSC's motion does not concern Cook; it concerns the relationship between the PSC and MDL Plaintiffs and their counsel. In its extension request, Cook does not provide any reason why it should be permitted to delay resolution of the PSC's motion on an issue that only concerns the parties and lawyers on one side of this litigation. [*See generally* Filing No. 10516.]

The prejudice to the PSC, though, is palpable. Cook has already settled one state court case (that we know of) subject to the common benefit assessment. Given that case was settled prior to the PSC's motion for an assessment increase, the recovery was subject to the 8% assessment. The longer the delay on the PSC's motion, the more chance there is for cases to be settled under the lower common benefit assessment.

The PSC complied with CMO #18 to ensure that its motion would be heard at Monday's status conference. Cook failed to file a response or move for an extension of time prior to its deadline of April 22, 2019. Given that there is no prejudice to Cook and the prejudice to the PSC is real, the PSC respectfully requests that the Court deny Cook's motion. Should Cook be able to file its response on or before close of business on Friday April 26, 2019 (ensuring the motion can be heard at Monday's status conference), then the PSC does not object to that late filing. If Cook cannot make that deadline, however, then the PSC respectfully requests the motion be denied.

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:      jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3710 Rawlins Street, Suite 1230

Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

I hereby certify that on April 24, 2019 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

/s/ *Joseph N. Williams*
Joseph N. Williams

4