Case 1:14-ml-02570-RLY-TAB   Document 10549-2   Filed 04/26/19   Page 1 of 10 PageID #: 79829

§ 15:117.Common benefit fees—Empirical data on..., 5 Newberg on Class...

**5 Newberg on Class Actions § 15:117 (5th ed.)**

**Newberg on Class Actions** | November 2018 Update
William B. Rubenstein [a0]

**Chapter 15. Attorney's Fees**

**VI. Common Benefit Fees** [*]

§ 15:117. Common benefit fees—Empirical data on frequency and size

The Treatise's author has previously published a short article collecting data on common benefit fees [1] and has subsequently developed a larger database of common fund fee awards, with an article on the topic forthcoming. [2] That database enables review of seven pieces of pertinent data from MDL cases involving common benefit assessments.

Figure 1 below shows how MDL cases involving common benefit funds have increased over time. The study identified one case between 1971 and 1980, two cases between 1981 and 1990, five cases between 1991 and 2000, 32 cases between 2001 and 2010, and 12 cases in the four years since 2011 (which approximates 30 cases in a decade).

**Figure 1**
**Number of MDL Cases Assessing Common Benefits—By Decade**

Image 1 within document in PDF format.

Figure 2 breaks down MDLs with common benefit fees by subject matter. It shows that medical and pharmaceutical products liability is by far the most common domain for common benefit funds. The study identified 41 medical and pharmaceutical products liability cases featuring a common benefit order, seven mass tort cases, one securities case, two antitrust cases, and one (non-medical, non-pharmaceutical) products liability case. The centrality of medical and pharmaceutical cases is explained by the fact that the claims of individual plaintiffs in these cases are often large enough to be (individually) economically viable, meaning that individual plaintiffs are often represented by retained attorneys. These factors are the typical predicates for the entry of a common benefit order.

**Figure 2**
**MDL Cases Assessing Common Benefits—By Subject Matter**

Image 2 within document in PDF format.

Figure 3 charts the size of 49 MDLs in which common benefit fees have been assessed. The mean number of member and related cases in those MDLs was 3,937; the median was 1,848. These cases range from eight MDLs with fewer than 500 cases to five MDLs with more than 10,000 cases. The MDL involving an assessment of common benefit fees with the fewest number of member and related cases had 21; the MDL with the most member and related cases had 28,361.

**Figure 3**
**MDL Cases Assessing Common Benefits—Quantity of Individual Cases**

Image 3 within document in PDF format.

Case 1:14-ml-02570-RLY-TAB   Document 10549-2   Filed 04/26/19   Page 2 of 10 PageID #: 79830

§ 15:117.Common benefit fees—Empirical data on..., 5 Newberg on Class...

Figures 4 and 5 look at the actual size of common benefit holdbacks for both attorney's fees and costs. Figure 4 provides data on 35 instances of common benefit assessments.[3] The mean assessment for common benefit fees (separate from any assessment for costs) was 4.99%; the median fee assessment was 4%. The minimum (nonzero) fee assessment was 1.5%; the maximum fee assessment was 12.25%. Figure 5 provides data on cost assessments. There are data on 26 such instances. The mean assessment for common benefit costs (separate from any assessment for fees) was 2.49%; the median cost assessment was 2%. The minimum (nonzero) cost assessment was 0.7%; the maximum cost assessment was 6%.

**Figure 4**
**MDL Cases Assessing Common Benefits—Percentages Assessed for Fees**

 Image 4 within document in PDF format.

**Figure 5**
**MDL Cases Assessing Common Benefits—Percentages Assessed for Costs**

 Image 5 within document in PDF format.

Figures 6 and 7 show the total percentages withheld (fees and costs) and the total percentages ultimately awarded (fees and costs), enabling a comparison between what courts hold back initially and what they award in the end. Figure 6 shows data on 71 instances in which common benefit fees were withheld, with the mean total assessment being 6.45% and the median total assessment 6%. The minimum (nonzero) total assessment was 1%; the maximum total assessment was 17.25%. Figure 7 shows 29 instances in which common benefit fees were finally approved. The mean award percentage was 7.32% and the median award percentage was 6%. The minimum (nonzero) award percentage was 1.8% and the maximum award percentage was 18.5%. These data tend to confirm the sense that common benefit assessments are typically later awarded in full to the PSC and that rarely is any money returned to the primary attorneys.

**Figure 6**
**MDL Cases Assessing Common Benefits—Total Percentages Assessed (Fees and Costs)**

 Image 6 within document in PDF format.

**Figure 7**
**MDL Cases Assessing Common Benefits—Total Percentages Awarded (Fees and Costs)**

 Image 7 within document in PDF format.

Westlaw. © 2018 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| | |
|---|---|
| a0 | Bruce Bromley Professor of Law<br>Harvard Law School |
| * | Professor Rubenstein thanks Todd Logan, Harvard Law School Class of 2015, for his help in preparing this unit and Kyle Dandelet, Harvard Law School Class of 2010, for his help in editing it. |
| 1 | William B. Rubenstein, On What a "Common Benefit Fee" is, is Not, and Should Be, 3 Class Action Att'y Fee Dig. 87 (2009). |
| 2 | William B. Rubenstein and Todd Logan, *Common Benefit Fees in MDLs: A Comprehensive Empirical Analysis* (draft on file with the author). |
| 3 | The empirical study employs the word "instances" rather than "cases" because some MDLs involve not one but various common benefit assessments (levied, for instance, on different sub-groups of plaintiffs). |

Case 1:14-ml-02570-RLY-TAB   Document 10549-2   Filed 04/26/19   Page 3 of 10 PageID #: 79831

§ 15:117.Common benefit fees—Empirical data on..., 5 Newberg on Class...

End of Document © 2019 Thomson Reuters. No claim to original U.S. Government Works.



Figure 1



Figure 2



Figure 3



Figure 4



Figure 5



Figure 6



Figure 7