UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to All Actions

**THE COOK DEFENDANTS' MOTION
IN SUPPORT OF A CASE MANAGEMENT ORDER
REGARDING COORDINATION WITH STATE COURT LITIGATION**

**INTRODUCTION**

This Court previously indicated that it would "address specific coordination matters as they arise in this litigation." *See* Order on the Cook Defendants' Case Management Order Regarding Coordination with State Court Litigation (Oct. 17, 2016) [Dkt. 2824]. A specific coordination matter has arisen, and the Cook Defendants hereby move the Court to address it by entering the attached proposed case management order ("CMO") regarding coordination with state court litigation.[1] Specifically, Plaintiffs are attempting to use pending state court trial dates and deadlines as an excuse for delaying additional bellwether trials in this MDL. As of April 26, 2019, there were **69** state court cases. At the same time, however, there were more than **5,600** cases in the MDL. Even though the MDL is more than **80 times larger** than all the combined state court cases, Plaintiffs are attempting to argue that one-off, individual state court cases should set the pace of this MDL. The Court, however, should not let the tail wag the dog; the Court should not

---

[1] The proposed CMO is attached as Exhibit A.

1

slow the pace of the MDL simply because one-off state court cases are moving along on a parallel track.

Rather than slow the pace of the MDL, this Court should instead encourage state courts to increase their coordination with this Court. The Court can do this by entering the attached CMO and sending an impartial letter to state courts summarizing (1) the status of common fact discovery conducted in this MDL, (2) the content of any discovery-related case management orders that this Court has entered, and (3) the process and status of this Court's bellwether selection process, including a calendar of expected trial and hearing dates so that state courts may take advantage of these opportunities to learn about the litigation.

## DISCUSSION

**I.    Coordination with State Courts Is a Generally Accepted and Encouraged Practice in Complex Multidistrict Litigation.**

Coordination among federal and state courts in complex, multidistrict litigation is a basic precept of efficient mass tort management. As outlined in the Manual for Complex Litigation (Fourth), "[s]tate and federal judges, faced with the lack of a comprehensive statutory scheme, have undertaken innovative efforts to coordinate parallel or related litigation so as to reduce costs, delays, and duplication of effort that often stem from such dispersed litigation." *See* Fed. Judicial Ctr., Manual for Complex Litigation (Fourth), 230 (2004). Indeed, "[s]tate and federal judges also have initiated state–federal cooperation between jurisdictions to minimize conflicts that distract from the primary goal of resolving the parties' disputes." *See* Fed. Judicial Ctr., Manual for Complex Litigation (Fourth), 231 (2004). Cognizant that the potential efficiencies created by an MDL extend beyond federal courts, the JPML has published a guide for MDL judges noting that "[c]oordination with state judges can be very important" and that MDL judges should "[t]ake it upon [themselves] to reach out to [their] state court colleagues from the outset." *See* J.P.M.L &

Fed. Judicial Ctr., Ten Steps to Better Case Management: *A Guide for Multidistrict Litigation Transferee Judges*, 6 (2d Ed., 2014). Simply put, coordination with parallel and related state court litigation is commonplace and expected.

Cook acknowledges that this Court has limited jurisdiction to order the state courts to take any action, and it is not requesting that the Court do so. Rather, Cook believes that this Court is in the best position to take the lead on encouraging coordination and opening channels for communication between and amongst state courts. The proposed CMO, therefore, is simply an attempt to foster cooperation, communication, and coordination amongst the courts to create efficiencies and conserve the resources of the judiciary, the parties, and the witnesses.

## II.     State Court Litigation Should Not Set the Pace of the MDL

As of April 26, 2019, there were 69 state court cases pending in 11 different states. Only 13 of these cases have a trial date pending. These trial dates are summarized in Table 1 below:

**Table 1 – Summary of State Court Cases with Pending Trial Dates:**

| Trial Date | Case Name | Court | Product |
|---|---|---|---|
| 07/08/2019 | *Strickland, Lee v. Cook*[2] | District Court for Dallas County, TX | Celect |
| 09/03/2019 | *Brownlow, Gary v. Cook* | Dallas County District Court, TX | Celect |
| 10/14/2019 | *Ellingson, Link v. Cook* | Eighth Judicial District Court, County of Clark, NV | Celect |
| 10/15/2019 | *Coleman, Geraldine v. Cook* | Muscogee County, State of Georgia | Günther Tulip™ |
| 11/05/2019 | *Murphy, Darkori v. Cook*[3] | Dallas County District Court | Günther Tulip™ |
| 11/05/2019 | *Givney, Gregory v. Cook* | Dallas County District Court, TX | Günther Tulip™ |

---

[2] Although currently slated for a July trial date, we anticipate that *Strickland* will likely be moved to September.
[3] Between *Murphy* and *Givney*, only one will be tried on November 5, 2019, the other is expected to be moved to the first quarter of 2020.

| | | | |
|---|---|---|---|
| 03/03/2020 | *Pleasant, Phyllis v. Cook* | Dallas County District Court, TX | Celect |
| 3/16/2020 | *Kalb v. Cook* | Sacramento County, Superior Court, CA | Celect |
| 4/07/2020 | *Rousseau v. Cook* | Deschutes County, OR | Celect |
| 4/27/2020 | *Jewett v. Cook* | Pennington County Circuit Court, South Dakota | Günther Tulip™ |
| 5/22/2020 | *Osorio v. Cook* | Riverside County, Superior Court, CA | Celect |
| 6/22/2020 | *Berman-Cheung v. Cook* | Santa Clara County, Superior Court, CA | Günther Tulip™ |
| 7/21/2020 | *Pierce, Dorothy v. Cook* | Sutter County Superior Court, CA | Günther Tulip™ |

Given there are over 5,600 cases pending in federal court—compared to the 69 cases pending in state courts—these 13 state court cases should not serve as a substitute for the federal bellwether trials that will be tried by this Court in accordance with the Federal Rules of Evidence and Civil Procedure. Simply put, because there are many more federal cases than there are state cases, federal bellwether trials are much more informative. Consequently, this Court should set the pace of the overall litigation, not one-off state court cases. Entering the proposed CMO and communicating with state courts about this Court's bellwether plan will increase the ability of all the courts to coordinate their dockets in an efficient manner while not interfering with this Court's bellwether plan.

### III.   Coordination Is Appropriate Here

Coordination will help reduce costs, delays, duplicative efforts, and inconsistent rulings. This MDL has been pending for nearly five years, longer than any individual state court case.

Discovery is more advanced and organized than in any state court action. The parties have completed significant discovery and have resolved numerous discovery disputes. If the parties were to duplicate this discovery in state court cases, it could result in significant cost and delay, as well as conflicting rulings. The Court can help avoid such inefficiencies simply by summarizing in an impartial letter to state courts the work that has already been completed in the MDL. Specifically, the parties have already completed the following discovery:

- Document Production: Cook has reviewed and produced well-over 900,000 pages. The parties have also agreed to a protocol for production of documents and electronically stored information. (Dkt. 521.) Further, the parties have negotiated and agreed to a privilege protocol (Dkt. 520) and to protective orders regarding protected health and confidential information. (Dkts. 479, 481.)

- Depositions: The parties agreed on a deposition protocol (Dkt. 281), and the Plaintiffs have already deposed numerous present or former employees of Cook.

In addition to gaining efficiencies by communicating with state courts about discovery, this Court can also create efficiencies by communicating with state courts about this Court's bellwether selection and trial plan. The bellwether process exists to efficiently and effectively test claims and defenses of representative cases and to help the parties and the courts conserve resources while reaching resolution. This purpose will be frustrated by uncoordinated, dispersed litigation. The parties may spend significant time and resources testing claims and defenses of specific state court cases that are not easily applied to the litigation, while the limited resources of the parties and witnesses are diverted from the more informative federal bellwether process. Here, the Court has already identified its bellwether selection process and has devised a bellwether trial plan. *See* Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan (Dkt.

9322). The Court should communicate this plan to state courts so that state courts can take this information into account as they plan their own dockets.

Given the above, coordination between state courts and this MDL Court is particularly appropriate, and this Court is in the best position to take the lead in developing that coordination and cooperation by opening channels of communication between and amongst state courts.

## CONCLUSION

Thus, for the forgoing reasons, the Cook Defendants respectfully request that the Court enter Cook's Proposed Case Management Order Regarding Coordination with State Court Litigation and sending an impartial letter to state courts summarizing (1) the status of common fact discovery conducted in this MDL, (2) the content of any discovery-related case management orders that this court has entered, and (3) the process and status of this Court's bellwether selection process, including a calendar of expected trial and hearing dates so that state courts may take advantage of these opportunities to learn about the litigation.

Dated: April 29, 2019

        Respectfully submitted,

        /s/ Andrea Roberts Pierson
        Andrea Roberts Pierson (# 18435-49)
        FAEGRE BAKER DANIELS LLP
        300 North Meridian Street, Suite 2700
        Indianapolis, Indiana 46204
        Telephone:   (317) 237-0300
        Facsimile:    (317) 237-1000
        Andrea.Pierson@FaegreBD.com

        James Stephen Bennett (# 22869-02)
        FAEGRE BAKER DANIELS LLP
        110 W. Berry Street, Suite 2400
        Fort Wayne, Indiana 46802
        Telephone:   (260) 424-8000
        Facsimile:    (260) 460-1700
        Stephen.Bennett@FaegreBD.com

        *Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2019, a copy of the foregoing Motion to in Support of a Case Management Order Regarding Coordination with State Court Litigation was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson