UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to All Actions

_____

**[PROPOSED] CASE MANAGEMENT ORDER REGARDING COORDINATION WITH STATE COURT LITIGATION (CMO ___)**

Due to the importance of coordination between state and federal courts in national mass tort litigation, the Court enters this Order regarding coordination between state and federal courts involved in Cook IVC Filter product liability litigation. The Court wishes to scrupulously respect the sovereignty and authority of the state courts managing Cook IVC Filter litigation, and it enters this Order in the hopes of increasing cooperation and coordination for the benefit of the judiciary, the parties, and the witnesses involved in this litigation.

### I.  ROLES AND RESPONSIBILITIES OF THE PARTIES

The Plaintiffs and Defendants in this litigation, and in particular lead and liaison counsel for the same, shall work to coordinate to the extent practicable the conduct of this litigation with other actions involving the marketing, sales practices, and products liability litigation of Cook IVC filters ("Devices"), as described by the United States Judicial Panel on Multidistrict Litigation's October 15, 2014 order establishing this MDL. Such coordination is intended to conserve scarce judicial resources, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation, while at the same time protecting the interests of the MDL plaintiffs and the state court plaintiffs.

It is contemplated by the Court that all discovery conducted in these proceedings may be utilized in any related state court action, in accordance with that state's law and rules of evidence and procedure, and vice versa, subject to the common benefit fee and expense fund case management order. (Dkt. 1246.) The Court encourages state courts with actions involving the Devices to adopt this Order or a similar order. The Court also encourages parties in those state court actions to agree to abide by the terms of this Order.

The role and responsibilities of Cook and the Plaintiffs' Leadership Counsel ("PLC") include, without limitation, the following:

### A. Coordinate Discovery with State Court Actions.

Where possible, the parties should work together to avoid duplicative, disproportionate, and unnecessary discovery in state court litigation. To facilitate this process, the Court orders that depositions noticed in this MDL may be cross-noticed in any state court proceeding.

This Court is also cognizant that it has entered multiple discovery-related Case Management Orders. Because it would be inefficient to re-hash out each of these Case Management Orders in individual state court actions, the Court orders that, where feasible, the parties inform state courts of all applicable and relevant Case Management Orders entered by this Court so that state court judges may consider whether similar Case Management Orders make sense in their jurisdictions.

### B. Communications between the PLC and Counsel in State Court Actions and/or State Courts.

The PLC shall make reasonable efforts to ensure that plaintiffs' counsel in state court actions and the state courts are kept apprised of the course of these MDL proceedings. This includes regular contact with state court counsel to inform them of any motions or hearings before this Court, the status of discovery, the status of the MDL proceedings, deadlines in the MDL, and

any other relevant issues or information in the MDL.  Counsel for both parties will be available to consult and answer any questions regarding the MDL proceedings.  Counsel for both parties may coordinate any necessary telephone conferences, meetings, and discovery efforts with the state court actions.  Nothing in this Order is intended to violate the attorney-client privilege or any related state privilege doctrine.

## II.     COORDINATION BETWEEN THE MDL COURT AND STATE COURTS

In order to achieve the full benefits of this MDL proceeding, this Court may take efforts to coordinate with state courts presiding over related cases.  Coordination may include periodic status updates and, where appropriate, joint orders, conferences, or hearings that will allow the parties in the state court actions to fully utilize any discovery conducted in the MDL proceedings and vice versa.  The Court expects counsel for parties in the MDL proceeding to take reasonable steps to assure such coordination is achieved wherever practicable.  To that end, counsel for the parties shall jointly submit to the Court periodic status reports on the state cases, along with contact information for all state court judges presiding over such cases.  The status reports shall clearly identify new state court cases.

## III.    INITIAL IMPARTIAL LETTER TO STATE COURT JUDGES SUMMARIZING COMMON FACT DISCOVERY AND THIS COURT'S BELLWETHER PLAN

To facilitate the development of coordination between this Court and state courts, this Court will send an initial impartial letter to each presently unremovable state court action summarizing the status of common fact discovery conducted in this MDL and informing the state courts of any discovery-related Case Management Order, including this Court's Order on Rules, Policies, Procedures, Guidelines Relating to Establishing Common Benefit Fee and Expense Fund. The Court will also inform the state courts of this Court's bellwether selection process and

3

periodically update these state courts regarding this Court's expected trial and hearing dates so that state courts may take advantage of these opportunities to learn about the litigation if they choose to do so.

    IT IS SO ORDERED.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record