# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES, AND                 Case No: 1:14-ml-2570-RLY-TAB
PRODUCT LIABILITY LITIGATION                                        MDL No. 2570

This Document Relates to:
1:15-cv-01609; 1:16-cv-01791; 1:16-cv-02474; 1:16-cv-02475; 1:16-cv-02680;
1:16-cv-02695; 1:16-cv-02698; 1:16-cv-02700; 1:16-cv-02701; 1:16-cv-02708;
1:16-cv-02710; 1:16-cv-02712; 1:16-cv-02714; 1:16-cv-02971; 1:16-cv-02973;
1:16-cv-02974; 1:16-cv-02976; 1:16-cv-03002; 1:16-cv-03012; 1:16-cv-03015;
1:16-cv-03031; 1:16-cv-03034; 1:16-cv-03040; 1:16-cv-03159; 1:16-cv-03160;
1:16-cv-03321; 1:16-cv-03324; 1:16-cv-03446; 1:16-cv-03511; 1:17-cv-00489;
1:17-cv-01016; 1:17-cv-01627; 1:17-cv-01628; 1:17-cv-01629; 1:17-cv-01633;
1:17-cv-01634; 1:17-cv-02321; 1:17-cv-02323; 1:17-cv-02324; 1:17-cv-02325;
1:17-cv-02447; 1:17-cv-02450; 1:17-cv-02622; 1:17-cv-02624; 1:17-cv-02625;
1:17-cv-03040; 1:17-cv-03042; 1:17-cv-03043; 1:17-cv-03052; 1:17-cv-03064;
1:17-cv-03597; 1:17-cv-03599; 1:17-cv-03600; 1:17-cv-03602; 1:17-cv-03825;
1:17-cv-04026; 1:17-cv-04091; 1:17-cv-04093; 1:17-cv-04095; 1:17-cv-04096;
1:17-cv-04098; 1:17-cv-04100; 1:17-cv-04204; 1:17-cv-04400; 1:17-cv-04432;
1:17-cv-04433; 1:18-cv-00022; 1:18-cv-00114; 1:18-cv-00117; 1:18-cv-00327;
1:18-cv-00381; 1:18-cv-00383; 1:18-cv-00757; 1:18-cv-00759; 1:18-cv-00762;
1:18-cv-00764; 1:18-cv-01054; 1:18-cv-01056; 1:18-cv-01057; 1:18-cv-01058;
1:18-cv-01061; 1:18-cv-01064; 1:18-cv-01179; 1:18-cv-01394; 1:18-cv-01395;
1:18-cv-01400; 1:18-cv-01407; 1:18-cv-01470; 1:18-cv-01666; 1:18-cv-01775;
1:18-cv-01860; 1:18-cv-01861; 1:18-cv-01862; 1:18-cv-01863; and
1:18-cv-01964

## **STIPULATION DISMISSING 95 PENDING CASES**

Above-titled Plaintiffs and Defendants Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS agree that the 95 cases captioned above, and listed in the attached Exhibit A, are dismissed without prejudice, with each party to bear its own costs.[1] These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally

---

[1] Please be advised Cook Defendants included the above-captioned cases in their Second Amended Motion to Dismiss for Failure to Submit a Case Categorization Form, (see Dkt. 10211). Because these cases are being dismissed, the motion to dismiss is moot with respect to these plaintiffs.

cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A, however, may refile his or her case if the future claim is based on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this Court. To the extent that an allegedly cognizable injury occurs in the future, the case may be filed in the MDL under this Order on the basis of that future injury.

Dated this 30th of April, 2019.

        Respectfully submitted,

        /s/ William B. Curtis
        CURTIS LAW GROUP
        12225 Greenville Ave.
        Suite 750
        Dallas, TX  75243
        Tel:  (214) 890-1000
        bcurtis@curtis-lawgroup.com
        ATTORNEY FOR PLAINTIFFS

        /s/ Andrea Roberts Pierson
        Andrea Roberts Pierson
        FAEGRE BAKER DANIELS LLP
        300 N. Meridian Street, Suite 2700
        Indianapolis, IN 46204
        Tel: 317-237-8274
        Fax: 317-237-1000
        Andrea.Pierson@FaegreBD.com
        ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that on April 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

      /s/ Andrea Roberts Pierson
      Andrea Roberts Pierson