IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND        Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                        MDL NO. 2570

This document relates to:
JACQUELYN DURRANT
Civil Case No. 1:17-cv-2259

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO VACATE COURT'S ORDER
DISMISSING PLAINTIFF'S CASE AND/OR MOTION FOR NEW TRIAL**

NOW INTO COURT comes Plaintiff Jacquelyn Durrant, through undersigned counsel, to file this Motion to Vacate the Court's Order. The Plaintiff's categorization as a Category 1 Case, subject to dismissal by this Court, occurred as a result of a clerical error by her counsel. The correct medical records indicate that Ms. Durrant's case should be classified as a Category 5 case per the Case Categorization Submission forms. She respectfully requests that this Court, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, vacate its Order Dismissing Category 1 Cases as it pertains to Case No. 1:17-cv-2259, and reinstate said case in this litigation. In the alternative, the Plaintiff requests the court grant a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

1.

The Plaintiff's counsel served the categorization forms and requisite medical records on Defendants on February 7, 2019. See Exhibit A. Plaintiff previously timely filed a Plaintiff Profile Sheet and complied with prior case management orders. The categorization form submitted by counsel on Feb. 7, 2019 listed Plaintiff Jacquelyn Durrant as a Category 1: "Successful First Removal Without Complication or Physical Injury." See Ex. A at 2. This was based on an attached

medical record that showed a successful retrieval of the filter in 2006. However, Ms. Durrant had a second Cook-manufactured filter implanted in 2008, which was later deemed irretrievable after an unsuccessful removal attempt that year. See. Ex. B at 6. Having seen that the client had a successful first removal, Plaintiff's counsel identified her as a Category 1 case – overlooking the records indicating the implantation and unsuccessful removal of a second IVC filter device. Plaintiff submitted a corrected case categorization form to the Defendants on May 3, 2019, indicating that Ms. Durrant's case is correctly categorized as a Category 5: "Failed Retrieval and Complicated Retrieval." See Ex. C. Again, this error was solely a clerical one on the part of Plaintiff's counsel.

2.

Under Federal Rule of Civil Procedure 60(b), a court may, "on motion and just terms…relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons, including "mistake, inadvertence, surprise, or excusable neglect." Here, the Plaintiff's listing as a Category 1 case, subject to immediate dismissal, came as a result of pure mistake and inadvertence on the part of her counsel. Her medical records, attached to Exhibit B, show that her Cook-manufactured Guenther Tulip IVC filter was deemed irretrievable after an unsuccessful removal attempt. See Ex. B at 6. Her categorization as a Category 1 was solely due to mistake and inadvertence on the part of Plaintiff's counsel, for which they apologize to this Court. Plaintiff's counsel ask that this Court forgive the inadvertent clerical error and vacate its May 1, 2019 Order as it pertains to Jacquelyn Durrant's case and reinstate her claims in this matter.

3.

Additionally, under Federal Rule of Civil Procedure 59, a court may "on motion, grant a new trial on all or some of the issues – and to any party…" Fed. R. Civ. P. 59(a)(1). 'A Rule 59

Motion is appropriate to seek the reargument of a dispositive motion such as a Summary Judgment Order" *Toops v. U.S. Fidelity and Guar. Co.,* 871 F.Supp. 284, 294 (S.D. Tex. 1994). A motion for a new trial is addressed to the sound discretion of the trial judge. *Durant v. Surety Homes Corp.*, 582 F.2d 1081, 1088 (7th Cir. 1978). A court may grant a new trial or a rehearing based on a manifest error of law or mistake of fact. See, e.g. *McConney* v. Great Atlantic & Pac. Tea Co.,455 F. Supp. 1143 (E.D.Pa. 1978). Here, as established above, the dismissal of Plaintiff Jacquelyn Durrant came solely as a result of a mistake of fact created by her counsel. Plaintiff's counsel now prays that, in the alternative to granting relief under Rule 60, this Court grant the Plaintiff reconsideration and/or a new trial under Rule 59.

4.

WHEREFORE, PLAINTIFF Jacquelyn Durrant respectfully request this Court vacate the Order Dismissing Category 1 Cases as it pertains to her case, 1:17-cv-2259, and reinstate her case in the Multi-District Litigation Case No. 1:17-ml-2750-RLY-TAB.

DATED: May 3, 2019

MURRAY LAW FIRM
*/s/ Stephen B. Murray, Jr.*
Stephen B. Murray, Jr. (LA Bar No. 23877)
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
(504) 525-8100
smurrayjr@murray-lawfirm.com
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *Stephen B. Murray, Jr.*