UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA INDIANAPOLIS
DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

## CASE CATEGORIZATION SUBMISSION Instructions

Pursuant to the Court's Order regarding case categorization (Doc. 9322), each plaintiff is required to certify the respective outcomes, complications, and injuries claimed by submitting specific medical records evidencing the claimed complication, outcomes, and injuries into one of seven categories outlined by the Court in its Order ("Categorization Process"). The following requirements apply to the Categorization Process:

1. Each plaintiff must submit the attached Categorization Form by **December 22, 2018**. Forms shall be served on Cook at CookFilterMDL@FaegreBD.com, per CMO-6, and on Plaintiffs' Leadership at plaintiffscoleadcounselmdl@gmail.com. Any plaintiff that fails to submit this Form by the deadline may be subject to dismissal upon motion by a party and at the discretion of the Court.

2. Each plaintiff may select more than one of the seven categories outlined in the Categorization Form, with the understanding that only the "highest" alleged category will be considered for purposes of the census ordered by the Court and that each category alleged requires a specific medical record. Once the appropriate category is marked, the claimed outcome/complication/injury must be briefly described. For example, the description can be "asymptomatic perforation," "failed retrieval attempt," "fractured filter with retained fragment," "emotional distress claim," etc.

3. The category selected must be supported by attaching specific medical record(s) confirming the injury/complication/category selected, with the relevant line or portion highlighted. Submission of an entire medical file, or references to previously produced records are also not permitted and shall be treated as a non-compliance with the Court's Order.

4. This Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan

EXHIBIT B

only and is not admissible and is not to be considered relevant for any other purpose.

# Categorization Form

A. Plaintiff's Name: Jacquelyn Durrant

B. Plaintiff's Case Number: 1:17-cv-2259

C. Plaintiff's Counsel (Lead Firm Name): Murray Law Firm

D. Categorization (check each that applies and briefly describe):

1. Successful First Removal Without Complication or Physical Injury Cases: "Cases where Plaintiffs' profile sheet and further follow-up shows that the Gunter Tulip or Celect IVC filter was successfully removed on the first, routine, percutaneous retrieval attempt and no physical symptom or filter complication was alleged during the time the filter was in place or in connection with the retrieval process."

   Check here for Category 1: ☐

2. Cases Alleging Mental Distress and Embedment: "Cases where only non-physical injuries, such as worry, stress, or fear of future injury, have been alleged."

   Check here for Category 2: ☐

   Briefly describe claimed complication/outcome/injury:_____

3. Stenosis of the IVC and Anticoagulation Cases: "(a) Cases where the plaintiff has alleged scarring or stenosis of the IVC caused by the Cook filter; and (b) Cases where the plaintiff has alleged a need for [anti]coagulation on a permanent or long term basis because of an unretrieved or irretrievable filter."

   Check here for Category 3: ☐

   Briefly describe claimed complication/outcome/injury:_____

4. Embedded and High Risk Cases: "Cases where the Plaintiff has been advised that the Cook IVC filter is embedded, cannot be retrieved, or that the risk of retrieval outweighs the benefits of retrieval."

   Check here for Category 4: ☐

   Briefly describe claimed complication/outcome/injury:_____

5. Failed Retrieval and Complicated Retrieval Cases[1]: "(a) Cases where the plaintiff has undergone one or more failed retrieval procedures; and (b) Cases where Plaintiff's Filter was retrieved but required the use of a non-routine, complicated retrieval method."

   Check here for Category 5: ✓

   Briefly describe claimed complication/outcome/injury: Failed retrieval attempt and embedded filter.

6. Non-Symptomatic Injury Cases: "Cases where the Plaintiff alleges non-symptomatic filter movement, migration, penetration, perforation, thrombosis, occlusion, or the presence of a clot in the filter that has not produced physical symptoms or complications."

   Check here for Category 6: ☐

   Briefly describe claimed complication/outcome/injury:_____

7. Symptomatic Injury Cases: "Cases where the Plaintiff alleges medical symptoms, conditions, or complications caused by one or more of the following conditions"

   Check here for Category 7: ☐.  **Circle all sub-categories that apply below**:

   (a) IVC thrombotic occlusion – consisting of an occluding thrombus in the IVC after filter insertion (documented by imaging or autopsy);

   Briefly describe claim of symptomatic injury:
   _____

   (b) filter embolization – consisting of post-deployment movement of the filter to a distant anatomic site;

   Briefly describe claim of symptomatic injury:
   _____

   (c) filter fracture – consisting of any loss of a filter's structural integrity documented by imaging or autopsy;

   Briefly describe claim of symptomatic injury:
   _____

   (d) filter migration – consisting of a change in filter position of more than 2 cm (when compared to its deployed position) and as documented by imaging; Briefly describe claim of symptomatic injury:

---

[1] Plaintiffs that have undergone open removal surgery shall categorize as Category No. 7.

(e) penetration or perforation – consisting of a filter strut or anchor extending 3 or more mm outside the wall of the IVC as demonstrated on imaging;

Briefly describe claim of symptomatic injury:_____

(f) recurrent pulmonary embolism (PE) – consisting of PE that occurs after filter placement is documented by pulmonary arteriography, cross sectional imaging, lung scan, or autopsy;

Briefly describe claim of symptomatic injury:_____

(g) DVT or other blood clot caused by filter;

Briefly describe claim of symptomatic injury:_____

(h) infection;

Briefly describe claim of symptomatic injury:_____

(i) bleeding;

Briefly describe claim of symptomatic injury:_____

(j) death; and

Briefly describe claim of symptomatic injury:_____

(k) open-removal and/or open heart surgery- any case where a plaintiff has had an open surgical procedure, including open heart surgery, to remove his or her IVC filter.

Briefly describe claim of symptomatic injury:_____

E. Certification: The undersigned counsel affirms that the categorization is based on a review of the available medical records including imaging records and reports. The submission of the specific medical record(s) attached, and submission of this form, are counsel's certification that the outcome, complication, or injury represented in Section D is the proper categorization for Plaintiff's case to the best of counsel's knowledge and belief.

Plaintiff's Counsel Name: Stephen B. Murray, Jr.

Plaintiff's Counsel's Firm: Murray Law Firm

4

Plaintiff's Counsel's Signature:

## SP Venography Vena Cava Inferior S&I (09/16/2008 10:45)

*(Status: Final)*

Inferior venacavogram, IVC filter removal.

History: Family history of clotting abnormality and patient gives a history of a pulmonary embolus as well. Patient had recent surgery.

Informed consent was obtained. Sterile technique was observed. 1% lidocaine used locally for anesthesia.

Ultrasound was used to evaluate the right internal jugular vein, choose an entry site, and guide a micropuncture needle in place. An ultrasound image was saved.

Fluoroscopy was then used with exchange technique to place a 5 French flush catheter in the inferior vena cava and contrast was injected. This showed normal flow in the vena cava. There is no evidence of clot. There were no abnormalities identified of the inferior vena cava. It was noted that the filter was tilted towards the left with the tip adjacent to the wall and no contrast extending beyond it. Also in the legs appear to be outside the column of contrast.

Attempts were made at removing the IVC filter using the snare technique. Because the position of the tip of the filter this could not be engaged. Attempts to remove the filter also were performed using a 5 French pigtail catheter and multiple different types of snares without success. I consulted with Dr. Heaston who was available and we both attempted to remove the filter. Access was obtained in the right common femoral vein, placing a wire and balloon adjacent to the filter with inflation the balloon to move the filter medially. The wire and balloon were able to be snared but the snare would not pass over the filter tip hook. This suggested that the tip of the filter has become endothelialized within the wall and therefore not amenable to removal. The filter was therefore left in place. Patient understood this and tolerated the procedure well.

This filter is designed to the left in the vena cava permanently if necessary and leaving the filter in should not cause significant problems other than some increased risk of clotting

---



**Utah Valley Hospital**

**SP Venography Vena Cava Inferior S&I**

EMPI: 540391269
MRN: 11-83-83
ENC: 46411856
ANC: (44) 080916.135

ROOM:
DOB: 06/23/1958
AGE: 50Y Age At Date Of Note

Name: DURRANT, JACQUELYN DANSIE
Authored By: COLLINS, JOHN S.
Authored For: COLLINS, JOHN S.

---

of the filter over time and migration. Hemostasis was obtained at the entry sites.

There were no complications.

Impression:
1. No evidence of clot within the filter or abnormality the inferior vena cava.
2. There is tilting of the filter as described above which made this not amenable to removal although multiple attempts were made. Therefore it will be the left in permanently. See above

Authored By: JOHN S. COLLINS, MD
Authored For: JOHN S. COLLINS, MD
Electronically Signed: JOHN S. COLLINS, MD (09/29/2008 13:14)
Ordered By: KELLY M. THORPE, NP

---



**Utah Valley Hospital**

**SP Venography Vena Cava Inferior S&I**

EMPI: 540391269
MRN: 11-83-83
ENC: 46411856
ANC: (44) 080916.135

ROOM:
DOB: 06/23/1958
AGE: 50Y Age At Date Of Note

Name: DURRANT, JACQUELYN DANSIE
Authored By: COLLINS, JOHN S.
Authored For: COLLINS, JOHN S.

---

Printed on 08/15/2017 at 07:25

Footer: Version 0.01 05/21/08

SP Venography Vena Cava Inferior S&I