IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
Belinda Sue Halley

Civil Case # 1:17-cv-00971

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM**

Plaintiff Belinda Sue Halley respectfully files this Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b) and asks the Court to grant Plaintiff's Motion for the following reasons:

- Plaintiff did not receive Defendant's Motion to Dismiss or the Court's Order regarding categorization forms because the ECF notifications went to Counsel's spam filter. The attached affidavit by Plaintiff's information technology company confirms that a proprietary filter is utilized to filter suspected spam emails from undersigned's email. Plaintiff's failure to comply with the Court's order was inadvertent.

- When balancing the harm to the parties, the dismissal of Plaintiff's claims far outweighs the prejudice to Defendant in not receiving Plaintiff's categorization forms. Defendant cannot show it has been unfairly prejudiced by failure to receive the form since the information contained within the form was previously provided in Plaintiff's Fact Sheet, profile form and records.

## I.

## **EXHIBITS**

**Exhibit A:**  Affidavit of Kyle Maulden, May 10, 2019

**Exhibit B:**  Categorization Form and Records, May 9, 2019

**Exhibit C:**  Electronic correspondence with Blake Angelino

## **II.**

## FACTS

On March 30, 2017, Plaintiff filed her Complaint (Case No. 1:17-cv-00971). Plaintiff's case was transferred into MDL 2570 on April 12, 2017. Plaintiff complied with all Court orders and discovery requirements including the Plaintiff profile form, the Plaintiff Fact Sheet and corresponding records.

Defendants filed their Motion for Screening Order and Bellwether Selection Plan. Defendants' "Proposed Plan" was to promote the Court's goals of (1) trying Product-In-Place/No Injury bellwether cases and (2) ensuring that the cases in the MDL allege a legally cognizable injury. Defendants filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Their Motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Form. The Court granted Defendants' Second Amended Motion to Dismiss. Plaintiff's claim was specifically dismissed as he had failed to file her Case Categorization Form by the designated deadline of December 22, 2018.

As indicated in an affidavit signed by Counsel's information technology company, Counsel did not receive a copy of the orders sent by ECF. *See* Exhibit A. A spam filter flagged the Court's order and Defendant's Motion as suspected spam. The ECF notifications were filtered out of Counsel's email. As a result, Counsel was not able to submit the categorization form and corresponding records. Counsel had been receiving some notices from the Court prior to and after this incident. Consequently, Counsel had no reason to suspect that she was not receiving critical orders.

Counsel never received a call from Plaintiff's Steering Committee informing her of the Motion to Dismiss. Counsel found out on May 8, 2019 from another Plaintiff law firm that her cases had been dismissed per the Court's order. Plaintiff never intended to fail to comply with the Court's order. Plaintiff had within her custody at the time of filing, records demonstrating her injuries and evidence of product identification as required by the Court. Plaintiff's categorization form and highlighted records are attached as Exhibit B.

In the ten years that undersigned has been practicing law, she has never disobeyed or failed to abide by a Court order. This was an unfortunate error caused by an issue with the spam filter connected to undersigned's outlook email. Undersigned has resolved the issue and is now receiving all notices directly to her email. Counsel has taken the necessary steps to ensure that this never occurs again. Plaintiff respectfully requests that the Court reconsider its Order dismissing Plaintiff's case for this reason. Plaintiff has conferred with Defense counsel by phone on several occasions and has already served the categorization forms and highlighted records. *See* Ex. C.

### III.

### LEGAL STANDARD

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990)). Motions to reconsider are appropriate for those situations where the court has "patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension." *Id*.

It is well settled that in determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Bank of Waunakee*, 906 F.2d at 1191. Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380,395 (US. 1993). These circumstances include the danger of prejudice to the Defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id*.

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." FED. R. CIV. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..." FED. R. CIV. P. 60(b)(1).

## IV.

## ARGUMENT & AUTHORITIES

The dismissal of Plaintiff's case has caused irreparable harm. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant, the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and records. *See, e.g.*, *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.").

As discussed above, the information that is sought within the categorization form was already available to Defendant through: (1) Plaintiff's Fact Sheet; (2) Plaintiff's Profile Form; and (3) Plaintiff's medical records. Conversely, the dismissal of Plaintiff's claims because of inadvertent failure of undersigned to comply with the order is catastrophic to Plaintiff. *See Central Ill. Carpenters Health & Welfare Trust Fund v. Rice Equip. Co.*, No. 14 CV 3390, 2015 WL 43 78192, at *3, 2015 U.S. Dist. LEXIS 92214, at *8 (D.C. Ill. July 15, 2015) (finding that Counsel who failed to receive an email prior to entry of default because it was in spam showed "good cause" for the failure to receive the notice of default.). Considering on balance the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

## V.

## CONCLUSION

Plaintiff respectfully requests that the Court reconsider its dismissal of Plaintiff's claims and reinstate Plaintiff's case.

**Dated: May 13, 2019**

Respectfully submitted,

**BRUERA LAW FIRM, PLLC**

*/s/ Sofia E. Bruera*

Sofia E. Bruera, Bar No. 24062189
3100 Timmons Ln, Suite 310
Houston, TX 77027
Telephone: (832) 430-4000
Facsimile: (832) 558-3523
E-Mail: sofia@brueralaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on **May 13, 2019** a copy of the foregoing Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claim for Failure to Submit Case Categorization Form has been E-Filed.

*/s/ Sofia E. Bruera*

Sofia E. Bruera