**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to All Actions

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE COOK DEFENDANTS' MOTION IN SUPPORT OF A CASE MANAGEMENT ORDER REGARDING COORDINATION WITH STATE COURT LITIGATION**

COME NOW Plaintiffs and file their response in opposition to the Cook Defendants' Motion in Support of a Case Management Order Regarding Coordination with State Court Litigation (Doc. No. 10573) (hereinafter, "Cook's Coordination Motion" or "Cook's Motion"). Plaintiffs respectfully ask the Court to deny Cook's motion for the following reasons:

**I.**
**INTRODUCTION**

Cook's motion should be denied because it is unnecessary, because this Court previously denied an almost identical motion in 2016 in this case (Doc. No. 2824), and because the relief Cook seeks violates or threatens to violate the due process rights of state court plaintiffs and comity between the state and federal courts.

As in 2016, Cook asks this Court to order itself to send a letter to state courts summarizing the status of MDL fact discovery, the content of this Court's discovery-related case management orders, and the Court's bellwether selection process. Most — if not all — of this information is already publicly available on this Court's website, and all of it is known to defense counsel, who

1

are fully capable of communicating with the various state courts. Thus, the only reason for Cook to ask this Court to send such a letter is to attempt to have this Court impermissibly influence the trial calendar of the various state courts, resulting in a delay of the state court plaintiffs' day in court.

Cook acknowledges "that this Court has limited jurisdiction to order the state courts to take any action." Cook's Motion at 3. In fact, this Court has no jurisdiction over the setting of state court trial dates, and interference in such matters is a fundamental violation of the state courts' sovereignty and authority. As in 2016, this Court should deny Cook's motion.

## II.
## ARGUMENT AND AUTHORITIES

**A. Cook's Proposed Case Management Order is Unnecessary.**

There is no need for this Court to enter Cook's proposed CMO because the relief requested has been achieved already via this Court's existing CMOs and website, and/or because Cook itself, as a party to each State court action, is fully capable of informing the state court judges of the status of the MDL. Specifically, each measure of relief sought by Cook in its proposed order is unnecessary for the following reasons:

●   **Use of MDL Discovery in State Court**:  Cook seeks an order stating that "It is contemplated by the Court that all discovery conducted in these proceedings may be utilized in any related state court action." Exhibit A to Cook's Motion, at 2. This Court already entered an order on March 16, 2016 on Rules, Policies, Procedures, Guidelines Relating to Establishing Common Benefit Fee and Expense Fund (Dkt. 1246) (hereinafter, "Common Benefit Order") which accomplishes this. Specifically, pursuant to the Common Benefit Order, state court plaintiffs' counsel have the option of executing an agreement which provides them with access to

the common benefit work product of the MDL, including depositions and discovery, in exchange for payment of a common benefit fee.

Cook also asks this Court to order the parties "to avoid duplicative, disproportionate, and unnecessary discovery in state court litigation."  The Court's Common Benefit Order already does this by requiring participating plaintiffs' counsel to sign a Joint Prosecution and Confidentiality Agreement in which counsel agree to conduct discovery in such a way as to minimize cost, maximize judicial efficiency, and assure the just and speedy resolution of actions.   Common Benefit Order, Doc. No. 1246 at page 4785.

Finally, Cook asks the Court to order the parties in the MDL proceeding "to take reasonable steps to assure [discovery] coordination is achieved wherever practicable."  Exhibit A to Cook's Motion, at 3.  Cook failed to identify any such steps that should or could be taken, beyond what is already in place.  Such an amorphous order is unnecessary and unenforceable.

Cook has failed to explain why another order is needed on this topic.  Cook sought this same relief in its 2016 motion, and the Court denied it as unnecessary.

- **Cross Noticing of Depositions in State Court**: Cook seeks an order stating that "depositions noticed in this MDL may be cross-noticed in any state court proceeding." Exhibit A to Cook's Motion, at 2.  As a practical matter, the cross-noticing of depositions is routinely done in related cases without the need for a coordination order.  Moreover, Cook has insisted for years that discovery in the MDL is over, so it is unclear why an order is needed that allows for the cross noticing of depositions that in all likelihood will not occur.  In any event, a uniform order mandating that cross noticing is appropriate in all instances is improper for timing and other reasons.  For example, it would be improper to cross notice an expert deposition (as Cook recently tried to do) in state court cases that have not yet reached the expert discovery stage or in states

where expert depositions are not allowed (*e.g.*, Pennsylvania).  Cook sought this same relief in its 2016 motion, and the Court denied it as unnecessary.

- **Informing State Courts of CMOs and the status of MDL proceedings**:  Cook seeks an order requiring the parties to "inform state courts of all applicable and relevant Case Management Orders entered by this Court so that state court judges may consider whether similar Case Management Orders make sense in their jurisdictions."  Exhibit A to Cook's Motion, at 2. Cook also seeks an order requiring Plaintiffs' Liaison Counsel to inform state court plaintiffs' counsel and state courts of the status of MDL proceedings, including "any motions or hearings before this Court, the status of discovery, the status of MDL proceedings, deadlines in the MDL, and any other relevant issues or information in the MDL." *Id*. at 2-3.  Neither request is necessary for two independent reasons.  First, this Court's Case Management Orders are on its publicly available website and accessible to all state court plaintiffs' counsel and state court judges. Second, Cook is a defendant in each state court case and may at any time inform the state court plaintiffs' counsel and judges of the case management orders and the status of the MDL.  There is no reason for this court to order to parties to inform the state courts of anything.  Cook sought this same relief in its 2016 motion, and the Court denied it as unnecessary.

- **Letter from MDL Court to State Court Judges:** Cook seeks an order from this Court directing itself to send an "impartial" letter to each state court judge summarizing the status of MDL discovery, the MDL CMOs, and the MDL bellwether selection process, hearing and trial dates.  Cook fails to explain why the Court's website along with Cook's own communications with state courts cannot achieve the same goal without the need of a Coordination CMO. Cook sought this same relief in its 2016 motion, and the Court denied it as unnecessary.

4

In summary, all of the relief requested by Cook was previously requested in 2016 and denied as unnecessary. (Doc. No. 2824.) What has changed since 2016 (and presumably motivated Cook to file the instant motion) is that currently there are multiple trial settings in State courts. As explained below, it would be improper and unnecessary for this MDL Court to attempt to influence State Court trial settings.

### B. The Federal MDL Court Lacks Authority to Order Specific Acts of Coordination by State Courts, Including the Setting of (or Delay of) Trials.

It is undisputed that no single forum has jurisdiction or authority over all Cook IVC Filter cases. In fact, this Court has remanded multiple Cook IVC filter cases to state court, including eight of the thirteen cases with current trial settings, because it recognized that it lacked jurisdiction over the cases. *See* Table 1. It is also undisputed that no formal mechanism exists for a federal MDL court to exercise control over related cases pending in state courts. *See* Fed. Judicial Ctr., Manual for Complex Litigation (Fourth), 230 (2004) ("no legal basis exists for exercising exclusive federal control over state litigation.").[1] Instead, under our federalist system, state and federal courts generally operate independently of one another. Attempts by one court to exert control over proceedings in a parallel court are impermissible because they exceed the authority of the court.

---

[1] The Manual explains the limits on an MDL court's power to interfere in state court proceedings: "The federal court's power to interfere with parallel or related proceedings in state court is limited by the Anti-Injunction Act, which prohibits federal courts from enjoining or staying state court proceedings except as expressly authorized by an act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. The exceptions under the Act are narrowly construed." Fed. Judicial Ctr., Manual for Complex Litigation (Fourth), 239 (2004). *See also Adkins v. Nestlé Purina Petcare Co.*, 779 F.3d 481, 485 (7th Cir. 2015) (allowing state court proceedings to move forward and rejecting "the unstated premise ... that [the Anti-Injunction Act] allows whatever a federal court thinks is good litigation management.").

In its Common Benefit Order, this Court properly "recognize[d] the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine." Common Benefit Order at 4.  This includes, of course, the setting of trial dates and conduct of trials.  Plaintiffs are aware of no authority which would allow an MDL judge to insert himself into a parallel state court action to influence the timing of a state court's trial setting, and Cook has cited none.  Indeed, it would be fundamentally unfair and constitute a violation of due process to deny or delay a state court plaintiff's day in court in such a manner.

Moreover, Cook does not need this Court to dictate or influence trial dates in State courts, as Cook is fully capable of negotiating trial dates and communicating its trial conflicts.  In its motion, Cook presented the court with a list of trial dates for thirteen state court cases.  Cook neglected to inform the court that in eight of those cases, Cook agreed to the trial dates, and in the other five the court managed to set the cases for trial without any coordination or other apparent problem.  This fact is important.  Cook is asking this federal court to involve itself in the means and details of thirteen cases that are set for trial along with the remainder of the cases that have been filed in state court.  Yet, Cook was able to work out trial settings by agreement and without involvement of the state court judges or this Court in at least eight of thirteen cases and the state courts were able to set the rest.  *See* Table 1.  There has been no need for coordination of anyone or anything—much less the federal judge who properly declined to accept jurisdiction over most of these cases and has no jurisdiction under any statute at all for the remainder.  *See id.*

6

**Table 1 – Summary of State Court Cases with Pending Trial Dates:**

| Trial Date | Case Name | Court | Product | Remanded | Trial Setting Agreed |
|---|---|---|---|---|---|
| 7/8/2019 | *Strickland, Lee v. Cook* | Dallas County Distrist Court, TX | Celect | Yes (2x) | Agreed |
| 9/3/2019 | *Brownlow, Gary v. Cook* | Dallas County Distrist Court, TX | Celect | Yes | Agreed |
| 10/14/2019 | *Ellingson, Link v. Cook* | Eighth Judicial District Court, County of Clark, NV | Celect | Never removed | Agreed |
| 10/15/2019 | *Coleman, Geraldine v. Cook* | Muscogee County, State of Georgia | Günther Tulip™ | Never removed | Court Set |
| 11/5/2019 | *Murphy, Darkori v. Cook* | Dallas County District Court, TX | Günther Tulip™ | Never removed | Agreed |
| 11/5/2019 | *Givney, Gregory v. Cook* | Dallas County District Court, TX | Günther Tulip™ | Yes | Agreed |
| 3/3/2020 | *Pleasant, Phyllis v. Cook* | Dallas County District Court, TX | Celect | Yes | Agreed |
| 3/16/2020 | *Kalb v. Cook* | Sacramento County, Superior Court, CA | Celect | Never removed | Court Set |
| 4/7/2020 | *Rousseau v. Cook* | Deschutes County, OR | Celect | Never removed | Agreed |
| 4/27/2020 | *Jewett v. Cook* | Pennington County Circuit Court, South Dakota | Günther Tulip™ | Yes | Court Set |
| 5/22/2020 | *Osorio v. Cook* | Riverside County, Superior Court, CA | Celect | Yes | Court Set |
| 6/22/2020 | *Berman-Cheung v. Cook* | Santa Clara County, Superior Court, CA | Günther Tulip™ | Yes | Court Set |
| 07/21/2020 | *Pierce, Dorothy v. Cook* | Sutter County Superior Court, CA | Günther Tulip™ | Yes | Agreed |

### C.  Cook's Proposed Coordination Order Would Unnecessarily Disadvantage Plaintiffs.

Plaintiffs urge the Court to deny Cook's Coordination Order, as it will result in delay of

trials and impairment of Plaintiffs' due process rights.  *See* Fed. Judicial Ctr., Manual for Complex

Litigation (Fourth), 230 (2004) ("Coordination can delay or otherwise affect pending litigation,

conferring an advantage to one side in contentious, high-stakes cases."). Litigants in both the state and federal court systems have a right to fair treatment and application of the laws. To the extent that state court judges alter their anticipated role as fully independent actors because of perceived needs for judicial coordination, Plaintiffs' expectations regarding the applicable law, standards and procedural rules for their case may be thwarted.

Cook asserts — without citation to a transcript or a single document — that "Plaintiffs are attempting to use pending state court trial dates and deadlines as an excuse for delaying additional bellwether trials in this MDL… Plaintiffs are attempting to argue that one-off, individual state court cases should set the pace of this MDL." Cook's Motion at 1. This is false. Absent a fair settlement offer, Plaintiffs' counsel want to try as many cases as possible, as soon as possible, in as many forums as possible, and each individual Plaintiff of course wants his or her day in court sooner rather than later. Cook's Coordination Order seeks the opposite – *i.e.*, delay – to the benefit of Cook and the detriment of Plaintiffs.

There is no reason for MDL trial settings (which are non-existent currently) to slow the pace of state court trial settings, or vice-versa. Coordination efforts that suggest fast-moving state court actions should be slowed or halted in light of federal MDL proceedings unfairly further Cook's interest in delay while depriving Plaintiffs of a speedy resolution via a state court forum. Critically, what Cook flippantly refers to as "one-off" cases are real people with real cases filed in state courts, and these plaintiffs are as entitled to their day in court as federal court plaintiffs, regardless of how many cases are filed in one forum versus the other. There is no authority for the proposition urged by Cook that the number of cases filed in federal court would somehow justify this Court interfering in state court proceedings to delay or prevent cases from going to trial. As explained above, this would be unprecedented and unconstitutional.

Plaintiffs urge the Court to reject Cook's Coordination Order, the purpose of which appears to be encourage state court judges to defer trial dates in the supposed interest of state-federal coordination.  Such a course of action strongly implicates concerns for due process, federalism and fairness and should not be taken here as it is unnecessary for the multitude of reasons explained above.

## III.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs ask the Court to deny Cook's Motion in Support of a Case Management Order Regarding Coordination with State Court Litigation and to grant unto Plaintiffs all other and further relief to which they may be justly entitled.

Dated: May 13, 2019

<div style="margin-left:40%">

Respectfully Submitted,

/s/ Joseph N. Williams_____
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee
and on behalf of Plaintiffs' Steering Committee*


/s/ Ben C. Martin_____
Ben C. Martin, Esq.
Martin Baughman, PLLC
3710 Rawlin Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@martinbaughman.com

</div>

*/s/ Michael W. Heaviside*
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*
Ben C. Martin