IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This Document Relates to Plaintiff(s)<br><br>JOSEPH KEITH ANDERS<br>Case No.: 1:17-cv-01327-RLY-TAB | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF
ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO
SUBMIT CASE CATEGORIZATION FORM**

Plaintiff Joseph Keith Anders respectfully files this Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b) and asks the Court to grant Plaintiff's Motion for the following reasons:

- Plaintiff did not receive Defendant's Motion to Dismiss his case for failure to comply with the order regarding categorization forms because the ECF system inadvertently stopped generating notices to the email address on file for plaintiff's counsel. The ECF team has since "regenerated" the email address for plaintiff and notices are now being sent to and received by plaintiff's counsel. Plaintiff's failure to comply with the court's order was inadvertent and/or constitutes excusable neglect.

- When balancing the harm to the parties, the dismissal of Plaintiff's claims far outweighs the prejudice to Defendant in not receiving Plaintiff's categorization form. Defendant cannot show it has been unfairly prejudiced by failure to receive the form since the information contained within the form was previously provided to defendants in 2017 in Plaintiff's Fact Sheet, profile form and records.

1

## FACTS

On April 26, 2017, Plaintiff filed his Complaint (Case No. 1:17-cv-01327-TWP-MJD). On May 4, 2017 plaintiff's counsel received a docket text remark indicating that the *Anders v. Cook, Inc.* pending action had been transferred as a member action to MDL 2570. Plaintiff promptly complied with Court orders and discovery requirements including the Plaintiff Profile Form, the Plaintiff Fact Sheet and corresponding records.

Defendants filed their Motion for Screening Order and Bellwether Selection Plan. Defendants' "Proposed Plan" was to promote the Court's goals of (1) trying Product-In-Place/No Injury bellwether cases and (2) ensuring that the cases in the MDL allege a legally cognizable injury. Defendants filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Plaintiff did not receive service of that motion through the ECF system nor directly from Defendants.

Defendants' Motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Form. The Court granted Defendants' Second Amended Motion to Dismiss. Plaintiff's claim was specifically dismissed as he had failed to file his Case Categorization Form by the designated deadline of December 22, 2018.

As indicated in the declaration signed by plaintiff's counsel, counsel did not receive any of Defendants' motions either through ECF at the time it was filed nor did plaintiff's counsel receive any of Defendants' motions by direct service. (See Declaration of Jeffrey Bowersox.)

The first notice received by plaintiff's counsel that Defendant had filed a motion seeking dismissal of Mr. Anders' case was a May 8, 2019 ECF email indicating that an order dismissing Mr. Anders' case had been entered. A paralegal at plaintiff's counsel's office, Kimberly Riedl, checked plaintiff's individual case docket and discovered the dismissal order on that same day. Counsel was traveling and did not receive the actual notice until May 9, 2019. (See Declaration of Kimberly Riedl.)

At the request of plaintiff's counsel, Ms. Riedl contacted the ECF department at the Southern District of Indiana to find out why the firm was not receiving email from the court through the ECF system. The docket clerk could not provide Ms. Riedl with a definitive answer but instead said she would "regenerate" the ECF notice of dismissal to the email address on record for plaintiff's counsel (which the clerk confirmed was jeffrey@bowersoxlaw.com).

Since the time the clerk "regenerated" the ECF notice of dismissal, electronic filings in the master docket have now been received by plaintiff's counsel. Prior to the clerk regenerating the email as just described, plaintiff's counsel was not receiving court-generated email related to any filing in the master docket.

Upon learning of the dismissal order, Plaintiff's counsel prepared the Categorization Form and promptly served it upon Defendant Cook at CookFilterMDL@FaegreBD.com and Plaintiff's Leadership at plaintiffscoleadcounselmdl@gmail.com. Plaintiff's injuries are categorized as Category 4 "embedded and high-risk cases" because his physician has informed him that the risk of retrieval of the IVC filter outweighs the benefits of retrieval.

Plaintiff has long-ago completed his Plaintiff Fact Sheet and his Plaintiff Profile Form and has cured all asserted deficiencies as of July 10, 2017. Plaintiff has sought in good faith to timely complete all of his court-ordered obligations in pursuit of his litigation and has now completed and served the Categorization Form.

## **LEGAL STANDARD**

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). Motions to reconsider are appropriate for those situations where the court has

"patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension." *Id.*

It is well settled that in determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Bank of Waunakee*, 906 F.2d at 1191. Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380,395 (US. 1993). These circumstances include the danger of prejudice to the Defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id.*

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." FED. R. CIV. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..." FED. R. CIV. P. 60(b)(1).

## IV.
## ARGUMENT & AUTHORITIES

The dismissal of Plaintiff's case has caused irreparable harm. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant, the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and records. See, e.g., *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.").

As discussed above, the information that is sought within the categorization form was already available to Defendant through: (1) Plaintiff's Fact Sheet; (2) Plaintiff's Profile Form; and (3) Plaintiff's medical records which were timely served upon Defendant nearly two years ago. Conversely, the dismissal of Plaintiff's claims because of inadvertent failure of undersigned to comply with the order is catastrophic to Plaintiff. *See Central Ill. Carpenters Health & Welfare Trust Fund v. Rice Equip. Co.*, No. 14 CV 3390, 2015 WL 4378192, at *3, 2015 U.S. Dist. LEXIS 92214, at *8 (D.C. Ill. July 15, 2015) (finding that Counsel who failed to receive an email prior to entry of default because it was in spam showed "good cause" for the failure to receive the notice of default). In this matter, the ECF system inadvertently ceased to automatically serve Plaintiff's counsel with court filings. Considering on balance the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

## V.
## CONCLUSION

Plaintiff respectfully requests that the Court reconsider its dismissal of Plaintiff's claims and reinstate Plaintiff's case.

Dated: May 15, 2019.

Respectfully submitted,

**Bowersox Law Firm, P.C.**
 /s/ Jeffrey A. Bowersox
Jeffrey A. Bowersox, OSB No. 81442
**Bowersox Law Firm, P.C.**
3 Centerpointe Drive, Suite 190
Lake Oswego, OR 97035
Telephone: (503) 452-5858
Facsimile: (503) 345-6893
Jeffrey@bowersoxlaw.com
*Lead Counsel for Plaintiff*