UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAOPLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:
Cause No. 1:18-cv-00081-RLY-TAB
Lillie Sauls v. Cook Incorporated et al

---

**PLAINTIFF LILLIE SAULS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM and MOTION TO REINSTATE**

Plaintiff Lillie Sauls respectfully files this Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b) and requests the Court reconsider its order dismissing Plaintiff's case without prejudice [Document No. 10622]. Plaintiff and asks the Court to grant her Motion and reinstate her case for the following reasons:

• When balancing the harm to the parties, the harm of dismissal to Plaintiff far outweighs the prejudice to Defendant. Defendant cannot show it has been unfairly prejudiced by failure to receive Plaintiff's characterization form because the information contained within the form was previously provided in Plaintiff's Profile Form, and medical records.

• Because of Plaintiff's understanding of the relief requested in Defendants' Motion for Screening Order and Bellwether Selection Plan, Plaintiff inadvertently failed to recognize the applicability of the Court's Case Categorization order to her case. Plaintiff's failure to comply with the Court's order was inadvertent and not intentional.

## I.
## EXHIBITS

Exhibit A: Affidavit of Licea D. Sims, May 15, 2019

Exhibit B: Categorization Form and attached Records, May 15, 2019

Exhibit C: Plaintiff Profile Form

## II.
## FACTS

On January 10, 2018, Plaintiff filed her Complaint directly with the MDL Court. Plaintiff complied with all Court orders and discovery requirements including serving her Plaintiff Profile Form and corresponding medical records on February 7, 2018.

Plaintiff's counsel represents plaintiffs in various MDLs.  The task of monitoring the various filings and notifications in these MDLs is assigned to the firm's senior paralegal.  MDL-related notifications are delivered to the paralegal via email. Immediately upon delivery, the notifications are automatically segregated into a designated MDL folder.  This folder often receives hundreds of notices each day and is therefore reviewed regularly.  The paralegal must review all notifications in order to determine which, if any, apply to Plaintiff because in this MDL, all notifications are served under the general MDL docket rather than in any plaintiff's particular case.

On June 25, 2018, Defendants filed their Motion for Screening Order and Bellwether Selection Plan.  In this motion,  Defendants argued that a disproportionate number of filed cases were product in place/no injury cases. Defendants noted Plaintiffs' lead counsel had self-identified 115 cases among the MDL that were "baseless" and ought to be dismissed. Defendants proposed a plain to screen for any additional product in place/no injury cases for the purposes of bellwether case selection.  Defendants' proposed a plaintiff file a categorization form either demonstrating a Bodily Injury, as defined, or that case would be designated as a PIP/No Injury case. Defendants suggested cases that were undisputedly PIP/No Injury cases (like the "Plaintiffs 115") would be identified and jointly submitted for dismissal. If a plaintiff failed to categorize, Defendants' proposed remedy was to give a notice of non-compliance, allow a 30-day compliance period, and then dismiss the case if a plaintiff still failed to comply.

Based on the language of Defendants' motion, Plaintiff's counsel's understood that (1) Plaintiffs' and Defendants' lead counsel would review the medical records that had already been submitted to them via the Plaintiff Profile Form and would classify the cases *for purposes of bellwether selection* per their definitions and (2) Plaintiff's case-specific counsel would receive a notice of noncompliance and a 30 day compliance period to remedy any issues. The paralegal thereafter reviewed incoming notifications taking particular care to identify any notice of noncompliance.

The Court entered an Order on January 17, 2019 giving notice to all noncompliant plaintiffs that their cases would be dismissed in seven days if they remained noncompliant. The paralegal did not realize this order applied to Plaintiff because the paralegal had not received a notice of noncompliance and the Order did not include a list of noncompliant plaintiffs.

Defendants filed a motion to dismiss noncompliant cases on February 5, 2019, filed an amended motion on February 18, and filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019 (the Motion). The Motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; or (2) failed to submit medical records in support of a Case Categorization Form. The Court granted Defendants' Second Amended Motion to Dismiss on May 8, 2019.

In this instance, the paralegal reviewed MDL notices on the evening of Thursday, May 9, 2019. The paralegal realized Plaintiff's case was among those dismissed for failure to serve a Categorization Form. The paralegal then set out to determine (1) whether a notice of noncompliance was issued to Plaintiff, and (2) whether Plaintiff's case was one of the 700+ cases that had been dismissed. It was. The paralegal has been unable to locate a notice of noncompliance.

Plaintiff never intended to not comply with the Court's order. Plaintiff's counsel believed that it had provided the requisite information when it served Plaintiff's Profile Form and her medical records. Plaintiff had within her custody at the time of filing, records demonstrating her injuries and evidence of product identification as required by the Court. See **Exhibit A**. Plaintiff served her Categorization Form on Defendants on May 15, 2019. See **Exhibit B**.

Plaintiff's counsel mistakenly understood that a notice of noncompliance would be forthcoming if Plaintiff had not provided sufficient information to categorize her case as an injury case. Plaintiff's counsel mistakenly understood that any filings directly affecting Plaintiff's case would be served under the case specific cause number. Undersigned counsel understands that this is not the case and has taken steps to insure that all filings and orders that might directly affect Plaintiff's case will be reviewed with the knowledge that Plaintiff's case number may not be specifically identified in said documentation. Plaintiff respectfully requests that the Court reconsider its Order dismissing Plaintiff's case for this reason, and reinstate this case. Plaintiff served the categorization forms and highlighted records on Defendants on May 15, 2019. See **Exhibit B**.

### III.
### LEGAL STANDARD

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). When determining whether to provide relief under Fed. R. Civ. P. 59(e), a court

must balance (1) finality, and (2) the need to render just decisions based on facts. *Bank of Waunakee*, 906 F.2d at 1191.

Fed. R. Civ. P. 60(b) provides opportunity for relief, upon motion and "such terms as are just," from a final judgment on the basis of mistake, inadvertence or excusable neglect. FED. R. CIV. P. 60(b). When analyzing whether relief is deserved under Fed. R. Civ. P. 60(b), a court must take into account all relevant circumstances surrounding a party's omission. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (US. 1993). Such circumstances include (1) the danger of prejudice to the defendant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay; and (4) whether the movant acted with good faith. *Id*.

## IV.
## ARGUMENT & AUTHORITIES

The dismissal should be reconsidered and this case reinstated because the balance between finality and the interest of rendering judgments based upon facts weighs in favor of reinstatement. The dismissal should be reconsidered and this case reinstated because Plaintiff's failure to comply with the order was a result of mistake, inadvertence, or excusable neglect.

Plaintiff failed to comply with the Order because her counsel believed Plaintiffs Lead Counsel was handling case characterization for purposes of bellwether selection only. Plaintiff also failed to comply with the Order because her counsel believed any notification of deficiency would be served through Plaintiff's actual cause number. These beliefs were, of course, mistaken. While Plaintiff's counsel acted under this mistaken belief, his actions constituted inadvertence and/or excusable neglect.

Plaintiff has been punished with death-penalty sanctions as a result. "[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in

selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint." *See e.g., Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993). When awarding death penalty sanctions, a court should consider whether "the litigant has shown a clear pattern of delay, willfully disobedient behavior, or failure to conform to lesser sanctions" as well as "the frequency of the plaintiff's noncompliance with deadlines, the effect of delay on the judge's calendar, the culpability of the plaintiff, prejudice to the defendant, the possible merits of the suit, and the social objectives of the litigation." *See, e.g.,* Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011); Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir. 1993).

    These factors do not weigh in favor of imposing death penalty sanctions upon Plaintiff. Plaintiff did not willfully disobey the Court's Order. Rather, Plaintiff's counsel was operating under a misapprehension. Neither Plaintiff or her counsel were aware that they were noncompliant. Other than the deadlines surrounding the Case Characterization Form, Plaintiff has never failed to meet deadlines and has not failed to comply with other orders of this Court. Plaintiff has never been sanctioned by this Court for any wrongful behavior, thus it is impossible that Plaintiff failed to conform to lesser sanctions.

    The dismissal of Plaintiff's case has caused irreparable harm, and that harm is much more significant than the prejudice, if any, suffered by Defendants. Plaintiff understands the Court ordered her and others to provide a Case Characterization Form, however for the sole purposes of analyzing prejudice, Plaintiff would note the information requested in the Categorization Forms was already disclosed to Defendants through Plaintiff's Profile Form and medical records.

[1]**Exhibit C.** Defendants admit they were able to easily identify PIP/No Injury cases without Case Categorization Forms.[2]

Again, Plaintiff recognizes that she inadvertently and mistakenly failed to comply with the Court's order. However, solely for the purpose of weighing harm to Plaintiff, Plaintiff would submit that this dismissal comes by way of an inadvertent failure to provide, pursuant to this Court's order, particular information that Defendants already knew. Certainly, Defendants need Case Characterization Forms in the event that a plaintiffs' level of injury is unidentifiable; and certainly blanket orders promote efficiency in the MDL process. However, this particular case has been dismissed due to an inadvertent failure to serve a Characterization Form containing information that was already in the possession of the Defendants. This result is unduly prejudicial to Plaintiff.

Plaintiff has been severely injured by Defendants' IVC filters. Plaintiff's filter migrated, perforated the Vena Cava, and perforated her kidneys. As a result, Plaintiff experiences pain and decreased renal function. Also as a result, Plaintiff must carefully monitor her renal health more so than she would have had she never been implanted with the IVC filter. These complications have decreased Plaintiff's quality of life and have increased her medical care expenses. Plaintiff's case has merit. Plaintiff respectfully submits to this Court that dismissing this case due to mistake, inadvertence, excusable neglect, and/or as a death-penalty sanction, results in a

---

[1] Plaintiff's Profile Form informed Defendants that she has suffered organ perforation, Vena Cava perforation, migration, tilt, and that the device cannot be retrieved. Plaintiff suffers from severe pain and must take pain medicine for her symptoms. Plaintiff also alleges the IVC filter has caused decreased renal function. **Exhibit C** at p. 4-5.

[2] "Cook analyzed the MDL Inventory before the May Status Conference and determined that almost half of all cases were PIP/No Injury cases." *Cook Defendants' Motion For Screening Order and Bellwether Selection Plain* (Doc. 8449)at p. 2. Cook "*easily* identified an additional 115 No Injury Cases" and "*easily* identified" another 115 in a second tranche. *Id.* at p. 5 (emphasis added). Cook claims it "doubled and tripled the number of identified PIP/No Injury cases that merit immediate dismissal" and all of these statements were made before Cook received any Categorization Forms. *See id* (quotation made in Cook Defendants' Motion for Screening Order which resulted in plaintiffs' requirement to provide Case Characterization Forms).

manifest injustice to Plaintiff. Considering the balance of the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

## V. CONCLUSION

Plaintiff respectfully requests that the Court reconsider its dismissal of Plaintiff's claims, and reinstate Plaintiff's case.

Dated: May 15, 2019

Respectfully submitted,

THE SPENCER LAW FIRM

_____
David L. Augustus
Bar No. 24036159
E-mail: davidaugustus@spencer-law.com
Kimberlyann A. Robards
Bar No. 24086249
E-mail: kimrobards@spencer-law.com
4635 Southwest Freeway, Suite 900
Houston, Texas 77027
Telephone: (713) 961-7770
Facsimile: (713) 961-5336

***Attorneys for Plaintiff Lillie Sauls***

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2019, I electronically filed this document with the clerk of the court using the CM/ECF system which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

_____
David L. Augustus