IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
Helene Dodd (ESTATE)        Civil Case #   1:17-cv-00537
Stephanie Lanita McCain     Civil Case #   1:17-cv-03969

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFFS' CLAIMS FOR FAILURE TO SUBMIT A CASE CATEGORIZATION FORM**

COME NOW the Plaintiffs, Helene Dodd (Estate) and Stephanie Lanita McCain (collectively, "Plaintiffs"), by counsel, and respectfully request that this honorable Court reconsider the dismissal of their claims under Federal Rules of Civil Procedure 59(e) and 60(b) and reinstate their cases in this MDL for the reasons set forth herein.

## INTRODUCTION

Dismissal of Plaintiffs' claims would be unfairly prejudicial and the harm caused to Plaintiffs Dodd and McCain would greatly outweigh any prejudice suffered by Defendants as a result of the slight delay in receiving the categorization forms. Defendants were already in receipt of substantially the same information through the Plaintiff Profile Sheets submitted on behalf of Plaintiffs in March, 2017, *see* "Exhibit A". In light of the extraordinary circumstances explained herein, it was implausible for Plaintiffs to timely respond to Defendants' Motion to Dismiss in regards to Dodd and McCain.

## FACTS

Counsel for Plaintiffs was unaware that a categorization form was required to be produced to Defendants on or before December 22, 2018. No order containing this requirement was filed in Plaintiffs Dodd or McCain's individual dockets. Prior to this order, Plaintiffs submitted Plaintiff Profile Sheets and medical records to Defendants in March, 2017. In the case of Dodd, numerous supplements to the Plaintiff Profile Sheet, included in Exhibit B, were also submitted upon request by Defendants.

Plaintiffs' counsel first became aware of this Order on February 18, 2019 when Defendants filed their Motion to Dismiss (the "Motion"). At this time, Plaintiffs' counsel received notification through the MDL's ECF alerts that defendants had filed a motion to dismiss regarding a number of plaintiffs, including some represented by Andrus Wagstaff. Defendants' Motion included an exhibit which listed the names of the plaintiffs whose cases they sought to have dismissed, along with counsel for each plaintiff listed in a separate column. The exhibit named approximately 485 plaintiffs. This Motion was, again, not filed in the dockets of the individual Plaintiffs.

Upon receipt of the Motion, counsel reviewed the list of plaintiffs, and utilized the column reflecting lead counsel to determine which Andrus Wagstaff plaintiffs were named and would require a response. Once counsel identified the relevant plaintiffs, they diligently worked to complete the case categorization forms. These categorization forms, along with corresponding medical records, were properly served as to thirteen (13) plaintiffs where Andrus Wagstaff was named as counsel in the Motion. A response on behalf of these plaintiffs was timely filed with this Court. For the reasons explained below, Plaintiffs Dodd and McCain were inadvertently not included in this response.

Plaintiffs Dodd and McCain were listed in Defendants' Motion; however, in spite of the fact that notices of appearance had been entered by Andrus Wagstaff in both Plaintiffs' cases in

June of 2018, there was no mention of Andrus Wagstaff as counsel for Plaintiffs in the Motion. The fact that defense failed to list Andrus Wagstaff as counsel for Dodd or McCain, combined with the fact that neither the original categorization order, nor the subsequent Motion were filed in Plaintiffs' individual case dockets, made it a practical impossibility for Andrus Wagstaff to identify Plaintiffs Dodd and McCain among the nearly 500 plaintiffs listed in the Motion and timely respond on Plaintiffs' behalf. Andrus Wagstaff was unaware that Plaintiffs were named in Defendants' Motion until May 8, 2019 when the Order granting dismissal was entered and their cases were closed. As further explained below, it is unfairly prejudicial for Plaintiffs to be unable to pursue their claims due to an inadvertent oversight which Defendants directly contributed to and which did not cause Defendants any true harm or prejudice.

## STANDARD OF REVIEW

According to Seventh Circuit precedent, Fed. R. Civ. P. 59(e) applies to a post-judgment motion on the merits made within ten days of a judgment. *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir. 1986). Rule 59(e) of the Federal Rules of Civil Procedure allows a court to grant relief at its discretion. Fed. R. Civ. P. 59(e). That is, under Rule 59(e), this Court may amend a judgment "[. . .] if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 852 (7th Cir. 2010) (internal quotation marks omitted). Accordingly, the threshold applied to a Rule 59(e) motion applies here and the Court has discretion to grant the relief Plaintiffs seek.

Seventh Circuit precedent establishes that it is unusual for a "district court to terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008), *Furnace v. Bd. Of Trs.,* 218

F.3d 666, 669 (7th Cir. 2000). Further, "[a] dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir.1983). Absent those circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice. *Barnhill v. U.S.*, 11 F.3d 1360 (7th Cir. 1993). In light of this precedent disfavoring any dismissal with prejudice, Plaintiffs' innocence in a brief delay in serving categorization forms, and the fact that Defendants were already in receipt of Plaintiffs' Plaintiff Profile Sheets and medical records, it is clear that there is a lack of "extreme circumstances" and dismissal of their cases with prejudice is not warranted.

While Rule 59(e) applies to Plaintiffs' Motion, even under Rule 60(b) their cases should be reinstated. Rule 60(b) allows for relief from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). This rule is designed to address mistakes attributable to special circumstances, such as the ones in the case of plaintiffs Dodd and McCain. *Russel v. Delco Remy Div. of General Motors Corp.* 51 F.3d 746 (7th Cir. 1995).

## LEGAL ARGUMENT

A motion for reconsideration performs a valuable function where the Court has made a decision outside the adversarial issues presented to the Court by the parties. *Bank of Waunakee v. Rochester Cheese Sales, Inc.* 906 F.2d 1185 (7th Cir. 1990). Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence of a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). In the

instant matter, the decision was made by the Court to dismiss the cases of Dodd and McCain based on a failure to respond to a motion to dismiss and not based on the merits of Plaintiffs' claims. Plaintiffs' motion for reconsideration should be granted so that an unnecessary appeal can be avoided and the cases can ultimately be decided on their merits.

Most circumstances that qualify for Rule 60(b) relief involve "factual information that comes to light only after the judgment, and could not have been learned earlier." *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002). Andrus Wagstaff, having entered notices of appearance in the cases of both Dodd and McCain, could not have been aware that they would not receive notices or be listed as counsel for the plaintiffs at issue. These facts were only learned upon the entering of the order of dismissal and closing of the cases in the MDL.

While this Motion for Reconsideration, being filed within ten days of the judgement, should be evaluated under the standards applied to Rule 59(e), even under the more stringent standard used in evaluating the Rule 60(b) standard this motion should be granted. The litigants here rise to the level of the exceptional circumstances required to meet this standard because they satisfy one or more of Rule 60(b)'s grounds for relief from judgement, specifically, mistake or excusable neglect. *Van Skiver v. U.S.* 952 F.2d 1241, (10th Cir. 1979). In *A.F. Dormeyer Co. v. M.J. Sales & Distributing Co.*, where an attorney mailed his answer to plaintiff's counsel instead of filing it with the court, the seventh circuit held that a defendant's failure to file an answer with the court was attributable to mistake and excusable neglect within the meaning of Rule 60(b), and vacated their default judgement. 16 Fed.R.Serv.2d 138 (7th Cir. 1972). Similarly, this Court should find that failure of Andrus Wagstaff to timely respond to a motion to dismiss in regards to plaintiffs who they were not listed as representing constitutes excusable neglect under Rule 60(b).

## CONCLUSION

Plaintiffs have sought in good faith to timely comply with all Court Orders and have now completed and served their case categorization forms, along with corresponding medical records, upon Defendants. *See* "Exhibit B." When balancing harm to the parties, dismissal of Plaintiff's claims far outweighs any prejudice caused to the defendants by the delay in receipt of these case categorization forms. As such, plaintiffs Dodd and McCain respectfully move this honorable court to vacate its order granting dismissal and reinstate their cases in MDL 2570.

Respectfully submitted,

*/s/ C.J. Cuneo*
C.J. Cuneo
**ANDRUS WAGSTAFF**
7171 West Alaska Drive
Lakewood, CO 80226
Telephone: (303) 376-6360
Cj.cuneo@andruswagstaff.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ C.J. Cuneo*