**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to:

Cause No.   1:14-cv-06018-RLY-TAB (Tonya Brand)
_____

**COOK DEFENDANTS' MOTION FOR LEAVE TO FILE
SUPPLEMENTAL SUBMISSION REGARDING
PLAINTIFF'S AMENDED BILL OF COSTS**

The Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") respectfully request leave to file a supplemental submission in response to Plaintiff's Second Amended Bill of Costs and the new arguments and new documentation offered by Plaintiff in her Response to the Cook Defendants' Objections to Plaintiff's Amended Bill of Costs. These arguments and materials did not appear in Plaintiff's original Bill of Costs or Amended Bill of Costs, and Cook Defendants have not previously had an opportunity to respond to them. In support of this request, the Cook Defendants state:

1.  Plaintiff filed her original Bill of Costs on March 15, 2019 (Dkt. 10310) and an Amended Bill of Costs on March 18, 2019 (Dkt. 10320), seeking total costs of $443,002.28. Each of these submissions was accompanied by an affidavit or a declaration by Plaintiff's attorney and by various supporting invoices and receipts. None of these submissions included any breakdown of

the sums listed on the invoices and receipts or any division between those items that are allowable as costs and those that are not.

2. On April 12, 2019, the Cook Defendants filed their objections to Plaintiff's Bill of Costs (Dkt. 10435). Cook's response broke down Plaintiff's requested costs item by item and provided several charts dividing the allowable costs from those that are not.

3. On May 10, 2019, Plaintiff filed her response to Cook's objections (Dkt. 10636). In that response, Plaintiff concedes that $110,416.46 in costs she originally sought in her Amended Bill of Costs are not recoverable as a matter of law. *See* Dkt. 10636 at 26. For the remaining costs, the response offers several new explanations and justifications that were not included in Plaintiff's attorney's original affidavit and declaration. Plaintiff's response also attaches several charts listing and totaling specific requested costs (Dkt. 10636-1) and additional supporting invoices and materials (Dkt. 10636-2).

4. At the same time Plaintiff filed her response to Cook's objections, she also submitted a second amended Bill of Costs (Dkt. 10637), which seeks reduced total costs of $332,585.82.

5. Based on Plaintiff's new amendments to her Bill of Costs, the new analysis offered in her response to Cook's objections, and the new supporting materials she has submitted, Cook believes it is entitled to respond to Plaintiff's Bill of Costs. *See, e.g., Lafayette Life Ins. Co. v. City of Menasha, Wis.*, No. 4:09 CV 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) ("A surreply brief is occasionally allowed when it raises or responds to some new issue or development in the law"); *Merril Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 2009 WL 3762974, *1 (N.D. Ind. Nov. 9, 2009); *Illiana Surgery & Med. Ctr. LLC v. Hartford Fire Ins. Co.*, No. 2:07 CV 3, 2012 WL 776694, at *3 (N.D. Ind. Mar. 7, 2012) (granting leave to file sur-reply where plaintiff raised new issues and attached new exhibits to reply brief).

6.     Out of an abundance of caution, however, Cook formally moves the Court for leave to file an additional submission on the issue of costs, a submission that will address Plaintiff's second amended Bill of Costs and the new arguments and supporting materials reflected in her response to Cook's original objections.  All of the points that Cook intends to raise in this new submission are points that Cook will raise in the oral argument on the costs issue, but Cook believes that the Court would benefit (1) from having the relevant authority cited to it in advance of the hearing and (2) from having the multiple calculations at issue before it in writing at the hearing.

7.     Cook therefore asks the Court for an Order granting Cook leave to submit a supplemental submission on the issue of costs.  Because of the volume and complexity of the issues and other demands on the time of the Cook attorneys addressing those issues, Cook asks that the Court grant Cook 30 days, until June 13, 2019, to file this submission.

8.     Cook's attorneys have attempted to consult with Plaintiff's attorneys to determine whether Plaintiff has any objection to the relief Cook seeks in this motion, but as of the date of this motion they have received no response from Plaintiff's attorneys.

Dated: May 17, 2019						Respectfully submitted,

							/s/ *Andrea Roberts Pierson*
							Andrea Roberts Pierson (# 18435-49)
							J. Joseph Tanner (# 11856-49)
							Nicholas B. Alford (# 31867-49)
							FAEGRE BAKER DANIELS LLP
							300 North Meridian Street, Suite 2700
							Indianapolis, Indiana 46204
							Telephone:  (317) 237-0300
							Facsimile:  (317) 237-1000
							E-Mail:  andrea.pierson@faegrebd.com
							E-Mail:  joe.tanner@faegrebd.com
							E-Mail:  nicholas.alford@faegrebd.com

							*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUBMISSION REGARDING PLAINTIFF'S AMENDED BILL OF COSTS** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ *Andrea Roberts Pierson*