IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTSLIABILITY LITIGATION                                      MDL No. 2570

_____

This Document Relates to Plaintiff BARBIE LYNN KRATOCHVIL

Civil Case # 1:17-cv-00457

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE
CATEGORIZATION FORM AND MOTION TO REINSTATE**

Plaintiff Barbie Lynn Kratochvil respectfully files this Motion for Reconsideration under

Federal Rule of Civil Procedure 59(e) and 60(b) and requests the Court reconsider its order

dismissing Plaintiff's case without prejudice [Document Nos. 10622 and 14]. Plaintiff asks the

Court to grant the Motion and reinstate this in this MDL for the reasons set forth herein.

## <u>INTRODUCTION</u>

Dismissal of Plaintiff's claims would be unfairly prejudicial, and the harm caused to

Plaintiff would greatly outweigh any prejudice suffered by Defendants as a result of the slight

delay in receiving the categorization forms. Defendants were already in receipt of substantially the

same information through the Plaintiff Profile Sheets and medical records submitted on behalf of

Plaintiff on April 5, 2017. In light of the extraordinary circumstances explained herein, Plaintiff

was unable to timely respond to Defendants' Motion to Dismiss.

1

## FACTS

On February 13, 2017, Plaintiff Barbie Lynn Kratochvil filed her Short Form Complaint directly with the MDL Court. Plaintiff complied with all Court orders and discovery requirements including serving her Plaintiff Profile Form and corresponding medical records on April 5, 2017.

Defendants filed their Motion for Screening Order and Bellwether Selection Plan. Defendants' "Proposed Plan" was to promote the Court's goals of (1) trying Product-In-Place/No Injury\ bellwether cases and (2) ensuring that the cases in the MDL allege a legally cognizable injury. Defendants filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Their Motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Form. The Court granted Defendants' Second Amended Motion to Dismiss. Plaintiff's claim was specifically dismissed for failure to file a Case Categorization Form by the designated deadline of December 22, 2018.   Because many plaintiffs failed to meet that deadline, the Court extended the deadline to January 31, 2019.  *See* Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms ("Final Deadline Order"), Dkt. 9956, p. 1. However, on May 7, 2019, this Court revised its order providing plaintiffs an additional 15 days, or no later than May 22, 2019, to submit the Case Categorization Form along with supporting medical records to Cook Defendants and Plaintiffs' Leadership. *See* Revised Second Amended Order Regarding Case Categorization Forms, Dkt. 10617, p. 2. Plaintiff complied with the Court's order on May 16, 2019 by submitting the Case Categorization Form and previously provided medical records as directed by the Court. *See* Exhibit A.

As indicated in a Declaration signed by counsel's paralegal Mr. David Whitener, who was overseeing and monitoring the IVC filings, created an email Rule for the MDL ECF notifications

that caused all notifications to be automatically sent to a subfolder where they could be reviewed all together on a periodic basis. *See* Exhibit B. In December Mr. Whitener transferred the IVC, case responsibilities to a newly hired paralegal Ms. Shawna Carl but inadvertently neglected to review the recent filings in this IVC litigation, which resulting in missing the initial December 22, 2018, deadline set by this Court to submit Case Categorization forms for Plaintiff. *See id.* Following the transfer of the IVC cases, Mr. Whitener discovered on or about May 15, 2019, that Ms. Carl had a misunderstanding regarding her responsibility in reviewing the IVC MDL dockets in that she had not been reviewing them for purposes of confirming Plaintiff was meeting court-imposed deadlines. *See* Exhibits B and C. As soon as this misunderstanding was discovered, Mr. Whitener and Ms. Carl worked together diligently to remedy the situation and comply with this Court's Order of May 7, 2019 by submitting the Case Categorization Form and previously provided medical records as directed by the Court. *See* Exhibits A, B, and C.

The law firm never received a call from Plaintiff's Steering Committee informing them of the Motion to Dismiss. Plaintiff never intended to fail to comply with the Court's order. All necessary steps have been taken to ensure that this never occurs again. It is unfairly prejudicial for Plaintiff to be unable to pursue her claims due to an inadvertent oversight. Plaintiff respectfully requests that the Court reconsider its Order of dismissal and reinstate Plaintiff's case.

## **LEGAL STANDARD**

A motion for reconsideration performs a valuable function where the court has made a decision outside the adversarial issues presented to the court by the parties. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185 (7th Cir.1990). A motion to reconsider is appropriate where: "(1) the Court has patently misunderstood a party"; (2) the court has "made a decision outside the adversarial issues presented to the Court by the parties"; (3) the court has "made an

error not of reasoning but of apprehension"; or (4) there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* at 1191.

It is well settled that in determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Id.* Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include the danger of prejudice to the defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id.*

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." Fed. R. Civ. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..." Fed. R. Civ. P. 60(b)(1).

## ARGUMENT & AUTHORITIES

The dismissal of Plaintiff's case has caused irreparable harm. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant, the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and medical records for a second time that were previously submitted with Plaintiff's Profile Form. *See, e.g.*, *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.")

4

As discussed above, the information that is sought within the categorization form was already available to Defendant through: (1) Plaintiff's Profile Sheet; (2) Plaintiff's Medical Record Designation; and (3) Plaintiff's medical records. Conversely, the dismissal of Plaintiff's claims because of inadvertent failure of undersigned to comply with the order is disastrous to Plaintiff. Plaintiff has sought in good faith to timely comply with all Court Orders and has now completed and served her case categorization forms, along with corresponding medical records, upon Defendants. *See* Exhibit A.  Therefore, in balancing the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

## **CONCLUSION**

When balancing harm to the parties, dismissal of Plaintiff's claims far outweighs any prejudice caused to the Defendants by the delay in receipt of these case categorization forms. As such, Plaintiff respectfully moves this honorable Court to vacate its order granting dismissal and reinstate her case in MDL 2570.

Dated:  May 20, 2018

Respectfully Submitted,
**SILL LAW GROUP PLLC**

By:   */s/ Katie Griffin*
Katie Griffin (OK Bar No. 30829)
1101 N. Broadway Ave., Suite 102
Oklahoma City, Oklahoma 73103
Email:  katie@sill-law.com
Tel: (405) 509-6300
Fax: (405) 509-6268

*Attorneys for Plaintiffs*