UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.: 1:18-cv-00675 |
| This Document Relates to Plaintiff | MDL No. 2570 |
| <u>ESTATE OF THERESA MILKE</u> | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM**

Plaintiff Brian Milke, as independent administrator of the Estate of Theresa Milke respectfully files this Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b) and requests the Court reconsider its order dismissing Plaintiff's case without prejudice [Document Nos. 10622 and 12], and in support thereof states the following:

## INTRODUCTION

Dismissal of Plaintiff's claims would be highly prejudicial, greatly outweighing any prejudice suffered by Defendants as a result of their receipt of Plaintiff's Categorization Form on May 21, 2019.

## FACTS

On March 6, 2018, Plaintiff filed a Short Form Complaint directly into the MDL. Plaintiff subsequently served the Plaintiff Profile Form and corresponding documentation on Defendants. Plaintiff's claim was subsequently dismissed for failure to file a Case Categorization Form by December 22, 2018, and subsequently January 31, 2019. On May 7, 2019, Plaintiffs were given an additional 15 days to comply, by May 22, 2019. On May 8, 2019, this Court

granted Defendants' Second Amended Motion to Dismiss (Filing No. 10211) to dismiss for failure to comply with the orders for categorization, Filings Nos. 9322 and 9638.

On May 21, 2019, prior to the May 22, 2019 deadline, Plaintiff complied with the May 7, 2019 order by providing the Case Categorization Form and supporting medical documentation. *See* Exhibit A.

Due to the email Rule created by Plaintiff's counsel, all master case notifications were automatically sent to one subfolder. While monitoring for filings under 1:18-cv-00675, Plaintiff's counsel inadvertently failed to discovery the Case Categorization From deadlines in the master case, where they were provided per the local rules. As soon as this failure was discovered, Plaintiff's counsel worked to comply with the May 7, 2019 order by submitting the required form per the order's instructions. *See* Exhibit B.

## LEGAL STANDARD

In determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Id*. A motion to reconsider is appropriate where: "(1) the Court has patently misunderstood a party"; (2) the court has "made a decision outside the adversarial issues presented to the Court by the parties"; (3) the court has "made an error not of reasoning but of apprehension"; or (4) there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* at 1191.

Likewise, when examining a case under 60(b), the Court takes into account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a

final judgment on the basis of "excusable neglect." Fed. R. Civ. P. 60(b). "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..." Fed. R. Civ. P. 60(b)(1).

"[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint." *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993).

## ARGUMENT

The dismissal of Plaintiff's case results in substantial prejudice to Plaintiff, while the prejudice to Defendants from Plaintiff's providing the Case Categorization Form on May 21, 2019, prior to the May 22, 2019 deadline, is small. Plaintiff has now provided the form to Defendants per the order. Therefore, in balancing the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

## CONCLUSION

When balancing harm to the parties, dismissal of Plaintiff's claims far outweighs any prejudice caused to the Defendants by the delay in receipt of these case categorization forms. As such, Plaintiff respectfully moves this honorable Court to vacate its order granting dismissal and reinstate her case in MDL 2570.

Dated: May 21, 2019

By:   /s/ Daniel R. Seidman
         Attorney for Plaintiff

Daniel R. Seidman
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
(618) 235-7622
f: (224) 603-8345
No. 6308142
dseidman@seidmanlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

By: /s/ Daniel R. Seidman
Attorney for Plaintiff

Daniel R. Seidman
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
(618) 235-7622
f: (224) 603-8345
No. 6308142
dseidman@seidmanlaw.net