IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to Plaintiff(s)

**Heather Valvo** Case Number: 1:16-cv-01285

## MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT A CASE CATEGORIZATION FORM

Plaintiff Heather Valvo respectfully moves this Court pursuant to Federal Rule of Civil Procedure 59(e) and 60(b) for an order vacating the dismissal of her action entered on May 8, 2019, on the following grounds:

1. Plaintiff's failure to comply with the Court's order was inadvertent and due to her counsel's excusable neglect.

2. When balancing the harm to the parties, the dismissal of Plaintiff's claims far outweighs the prejudice to Defendant in not receiving Plaintiff's categorization forms.

Upon receipt of the dismissal order, Plaintiff's counsel prepared the Categorization Form and has now served it upon Defendant Cook at CookFilterMDL@FaegreBD.com and Plaintiff's Leadership at plaintiffscoleadcounselmdl@gmail.com. *See* Exhibit "A". Plaintiff's injuries are categorized as Category 5 and Category 7. Category 5 includes cases where "the plaintiff has undergone one or more failed retrieval procedures; and (b) Cases where Plaintiff's Filter was retrieved but required the use of a non-routine, complicated retrieval method". Category 7 includes "cases where the Plaintiff alleges medical symptoms, conditions or complications

caused by ... penetration or perforation – consisting of a filter strut or anchor extending 3 or more mm outside the wall of the IVC as demonstrated on imaging".

Plaintiff therefore requests the court enter an order vacating the dismissal of her case and reinstatement of her case in the MDL.

Dated: May 22, 2019

                                Respectfully submitted,

                                */s/ Keith D. Griffin*

                                Keith D. Griffin, SBN 204388
                                Girardi | Keese
                                1126 Wilshire Boulevard
                                Los Angeles, California 90017-1904
                                Telephone: (213) 977-0211
                                Fax: (213) 481-1554
                                kgriffin@girardikeese.com

## I. PROCEDURAL AND SUBSTANTIVE FACTS

On May 25, 2016, Plaintiff filed her Complaint (Case No. 1:16-cv-01285). Plaintiff's case was transferred into MDL 2570 on June 8, 2016. Plaintiff has been substantially compliant with all Court orders and discovery requirements including Plaintiff's profile form, the Plaintiff's Fact Sheet and corresponding medical records which were submitted on June 27, 2016.

Defendants filed their Motion for Screening Order and Bellwether Selection Plan on October 2, 2018. Defendants' filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Their Motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Form. The Court granted Defendants' Motion. Plaintiff's claim was specifically dismissed as she had failed to file her Case Categorization Form by the designated deadline.

On May 8, 2019, Counsel was informed through his staff that this case had been dismissed per the Court's order. (Affidavit of Keith D. Griffin, ¶ 2) Prior to receiving this dismissal order, Counsel believed that this case was in good standing with the Court. (*Ibid.*) Plaintiff had always planned to comply with the Court's order, as she had done each time before, and had within her custody at the time of filing, records that demonstrated her injuries and evidence of product identification as required by the Court. Plaintiff's categorization form and highlighted records are attached as Exhibit "B". (*Ibid.*)

Due to a clerical oversight by a former temp paralegal at the undersigned's office, Counsel did not submit the categorization form and corresponding records. (Griffin Affidavit, ¶ 3) The temp paralegal had been covering the monitoring of IVC EFC filings, including reviewing the filings and preparing necessary forms for the individual cases, during the time in which my Counsel's fulltime paralegal was on maternity leave. (*Ibid.*) Her emails were

3

forwarded to him during her absence. (*Ibid.*) Girardi Keese had been receiving several hundred emails regarding this case and other mass tort MDLs and regrettably the Order regarding production of the Categorization Form was overlooked. (Griffin Affidavit, at ¶ 4) To make matters worse, the Defendant's Motion to Dismiss for Failure to File the Case Categorization Form was filed on the temp paralegal's last day of employment and the day before the permanent paralegal's return from maternity leave. (Griffin Affidavit, at ¶ 5) The Motion went unreported and unopposed. (*Ibid.*)

Upon learning of the oversight and the Dismissal Order, Girardi Keese promptly completed the Case Categorization Forms and submitted the same with the relevant medical records on May 16, 2019. (Griffin Affidavit, at ¶ 6, *See* Exhibit "B"). On information and belief, this case is now in full clerical compliance with all necessary submissions on file.

Accordingly, due to counsel's inadvertence and excusable neglect, Plaintiff respectfully requests that the Court reconsider its Order dismissing Plaintiff's case. (*Ibid.*)

## II.  LEGAL STANDARD

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Motions to reconsider are appropriate for those situations where the court has "patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension." *Id.*

4

It is well settled that in determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Bank of Waunakee*, 906 F.2d at 1191. Courts also have ample discretion to grant relief under FRCP 59(e). *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1110 (8th Cir. 2017).

Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (U.S. 1993). These circumstances include the danger of prejudice to the Defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id.*

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." FED. R. CIV. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect..." FED. R. CIV. P. 60(b)(1). The purpose of FRCP 60(b) is to balance the principle of the finality of a judgment with the court's interest in seeing that justice is done in light of all the facts. *Charter Township of Muskegon v. City of Muskegon* (6th Cir. 2002) 303 F.3d 755, 760; *Bouret-Echevarria v. Caribbean Aviation Maintenance Corp.* (1st Cir. 2015) 784 F3d 37,41-42) Additionally, in multidistrict litigation actions, judges have "greater discretion" to set and enforce deadlines. *Freeman v. Wyeth* (8th Cir. 2014) 764 F3d 806, 809-810.

### III. LEGAL ARGUMENT

The dismissal of Plaintiff's case, if not vacated, will cause irreparable harm that is much more significant than any prejudice suffered by Defendant in failing to receive Plaintiff's categorization forms. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant in failing to timely receive the categorization form and records, the harm is much more significant to Plaintiff. See e.g., B*arnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993)("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.")

Further, because Rule 60(b) is remedial, where timely relief is sought from a default judgment and the movant has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *In re Roxford Foods, Inc.* (9th Cir. 1993) 12 F.3d 875, 881; *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.* (2nd Cir. 1996) 92 F3d 57, 59-61; *Wehrs v. Wells* (7th Cir. 2012) 688 F3d 886, 890. Thus, if this Court were to deny Plaintiff's Motion, the dismissal of Plaintiff's claims because of inadvertent failure of counsel to comply with the order would be catastrophic to Plaintiff. A dismissal on the basis of a technicality will result in an unjust resolution, not decided on the merits. Considering on balance the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

## IV. CONCLUSION

Plaintiff respectfully requests that this Court reconsider its dismissal of Plaintiff's claim and reinstate Plaintiff's case.

Dated by: May 22, 2019                                 Respectfully submitted,

/s/ Keith D. Griffin
Keith D. Griffin, SBN 204388
Girardi | Keese
1126 Wilshire Boulevard
Los Angeles, California 90017-1904
Telephone: (213) 977-0211
Fax: (213) 481-1554

kgriffin@girardikeese.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Keith D. Griffin
Keith D. Griffin

7