IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No.  1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to: All Actions

**EXHIBIT A**
**TO**
**COOK DEFENDANTS' MOTION FOR ENTRY OF**
**AMENDED BELLWETHER SELECTION PLAN PROTOCOL**

**[PROPOSED ORDER]**
**AMENDED CASE MANAGEMENT ORDER # 25**
**(BELLWETHER SELECTION PLAN PROTOCOL)**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No.  1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to: All Actions

---

**[PROPOSED ORDER]**
**AMENDED CASE MANAGEMENT ORDER # 25**
**(BELLWETHER SELECTION PLAN PROTOCOL)**

This Case Management Order outlines the protocol for compliance with Paragraphs 5 through 8 of the Court's previous Order on the Cook Defendants' Motion for Screening Order And Bellwether Selection Plan (Filing No. 9322) (hereinafter "Order").

1.      Using information provided by the Plaintiffs, Cook prepared a census for the court of all cases in the MDL and whether they are category 1, 2, 3, 4, 5, 6, or 7, and submitted the Census to the court on February 22, 2019, in compliance with Paragraph 2 of the Order.

2.      On April 25, 2019, Cook provided the Plaintiffs' Steering Committee with a list of all the Tulip cases that Plaintiffs' counsel self-selected as Category 5 or Category 6 (the "Tulip Bellwether Pool"); as well as a list of every Celect case that Plaintiffs' counsel self-selected as a Category 5 or Category 6 case (the "Celect Bellwether Pool"). Each list was numbered, assigning each case a unique number, starting with one.

3.      By **May 19, 2019**, Plaintiffs are directed to provide any edits or corrections they have to the Tulip Bellwether Pool and the Celect Bellwether Pool to Cook.

4.      By **May 22, 2019**, the parties shall jointly submit a final joint Tulip Bellwether Pool list and a final Celect Bellwether Pool list to the Court.  Each list shall again be numbered identifying each case with a unique number, starting with one.

5.      On **May 23, 2019**, the Court will then use random selection to identify 24 cases from Categories 5 and 6 from the bellwether pools: 16 Tulip and 8 Celect (the "Initial Bellwether Discovery Cases").    Specifically,    the    Court    will    randomly    select    cases    using https://www.random.org to generate random numbers within the range of unique numbers assigned to the Tulip Bellwether Pool and the Celect Bellwether Pool while in the presence of counsel for both Plaintiffs and Defendants.

6.      By **May 30, 2019**, all Initial Bellwether Discovery Case plaintiffs shall submit updated medical authorizations to an agreed-on third-party medical records vendor, an updated Plaintiff Profile Sheet as provided for in Third Amended Case Management Order 4 (if applicable), and all medical records in plaintiffs' possession, custody, or control to Cook.

7.      The parties shall update the Court on the status of medical records collection as to the Initial Bellwether Discovery Cases on at the **June 13, 2019**, hearing.

8.      On **July 3, 2019**, the Plaintiffs Steering Committee must provide a list to counsel for Cook that identifies any plaintiff in the Bellwether Pool with a case transferred by the JPML pursuant to 28 USC Section 1407(a) who refuses to waive the venue rights recognized under *Lexecon* so that the case may be tried in this venue as a bellwether trial.  Any party who refuses to waive *Lexecon* shall appear at the July 11, 2019, status conference and show cause as to the basis for the alleged *Lexecon* right; why said refusal is proper; and must certify that he/she has discussed the waiver with the individual plaintiff and refuses to make said waiver in good faith.

9.      On **July 11, 2019**, the parties shall appear before the Court and exercise their strikes to establish the next set of bellwether trials.   Plaintiffs and Cook may each strike from consideration 4 Tulip cases and 2 Celect cases.  Plaintiffs shall exercise their first strike, then Cook shall follow with its first strike, and the parties will continue to exercise alternating strikes until all strikes are exhausted.  Should any party refuse to waive *Lexecon* in a case, such a refusal will constitute one of the six strikes for the side, or, in the alternative, the opposing side will receive an additional strike for each non-waiving party.  The opposing side will also have the option of requesting that the Court try the case in which the party refused to waive *Lexecon* via an inter-district transfer, with the consent of the transferor district.  Thus, such a non-waiver of *Lexecon* will not eliminate the case from the Trial Pool.  The 12 remaining cases comprise the Bellwether Pool.

10.     On **August 5, 2019**, the parties will each submit briefs (no more than 12 pages total) containing a summary of facts and the parties' positions on why cases should or should not be selected as a bellwether case for each of the 12 remaining cases.

11.     At the **August 15, 2019**, hearing, the Court will hear argument on the selection of specific cases for trial as the next bellwether trials.

12.     The Court will select three representative cases as the next bellwether trials: two Tulip cases and a Celect case.

13.     Prior to the **September 2019** hearing (exact date to be scheduled), the parties shall confer and submit to the Court proposed pretrial deadlines for the three cases selected as the next bellwether trials. The Court will determine case-specific pretrial schedules and deadlines, including the exact trial start dates, in a separate order.

ENTER:

Dated:_____          _____
                                           Hon. Richard L. Young
                                           United States District Judge
                                           Southern District of Indiana


Distribution to all electronically registered counsel of record via CM/ECF.
Distribution to all non-registered counsel of record to be made by Plaintiffs' lead counsel.