# EXHIBIT B

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**James Stephen Bennett**
*Partner*
stephen.bennett@FaegreBD.com
Direct **+1 260 460 1725**

Faegre Baker Daniels LLP
110 West Berry Street ▾ Suite 2400
Fort Wayne ▾ Indiana 46802-2322
Main **+1 260 424 8000**
Fax **+1 260 460 1700**

April 4, 2019

**VIA E-MAIL TO: jwilliams@rwp-law.com**
**ORIGINAL TO FOLLOW BY U.S. MAIL**

Joseph N. Williams, Esq.
Riley Williams & Piatt LLC
301 Massachusetts Avenue
Indianapolis, Indiana 46204

Re:   Categorization and Dismissal of Noncompliant, Category 1, and Category 2 Cases

Dear Joseph:

I hope you are enjoying the warm weather in Florida – it definitely beats the weather we have had here in Indiana lately. As we discussed during our call on Monday, I am reaching out to see if the parties can come to an agreement for implementing the Court's Categorization Order (Doc. 9322; *see also* Docs. 9638 & 9907) without unnecessary motion practice. Certainly, we should try to narrow the issues ahead of the status conference in Evansville.

The Categorization Order required plaintiffs to categorize each case into its "highest" category and to submit a specific medical record in support of each claimed category. Although the deadline to complete categorization was at the end of January, we honored late submissions received as of March 31, 2018. The lists attached as **Amended Exhibit A**[1] and **Amended Exhibit B** contain cases that have failed to submit the categorization form and to submit the categorization record respectively. *See* Doc. 9907 ("All plaintiffs that have not complied with the Court's Categorization Orders by [the January deadlines] shall be dismissed...."). As these cases remain noncompliant after the ample time afforded to complete the categorization, they should be dismissed per the Court's Order. Thus, I ask that we jointly present these cases for dismissal next week. Again, the motion to dismiss has been fully briefed, and all responses with late categorizations have been accounted for in the attached Amended Exhibits.

Additionally, the Categorization Order provides that Category 1 cases are "subject to immediate dismissal" because they are cases where no complication or injury occurred, and the filter was

---

[1]   We are referring to these lists as Amended Exhibits in reference to the original lists that were attached to Cook's Second Motion to Dismiss Pursuant to the Court's Categorization Order, Doc. 10226.

Joseph N. Williams, Esq. -2- April 4, 2019

subsequently removed through conventional means without issue. Accordingly, the cases in **Exhibit 1** that have selected Category 1 as the "highest category" should also be dismissed at the next hearing.

There are also about another 50 cases that selected Category 1 in addition to some other category(ies), attached as **Exhibit 2**. Although the Categorization Order permits plaintiffs to claim multiple categories, we fail to see how a case could simultaneously be in Category 1 and another category, because Category 1 is reserved for cases where no injury occurred, and the filter was removed percutaneously without issue. We will be reaching out to counsel in these cases to clarify these inexplicable categorizations.

Finally, there are around 400 plaintiffs that have selected Category 2 as their highest category. These are Product-in-Place (PIP) cases only claiming "non-physical injuries, such as, worry, stress, or fear of future injury." From our review, these plaintiffs have submitted predominantly implant records that indicate the filter was placed in their bodies and presumably remains there, but they have not submitted medical or psychiatric records that would corroborate the claims of emotional distress. Consistent with past practice, if Plaintiffs are willing to voluntarily dismiss Category 2 cases without forcing Cook to resort to motion practice, I think we could work together on some language that protects everyone's interests.

I look forward to discussing these issues further once you return from Spring Break.

Very truly yours,

J. Stephen Bennett

JSB/eh

Attachments

US.122607241.03