IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

1:14-ml-2570-RLY-TAB

MDL No. 2570

_____

This Document Relates to:

Plaintiff **JOHN F. IRVING** and **PAMELA IRVING**, Civil Case # 1:16-cv-03468
Plaintiff **JADA BAKER**, Civil Case # 1:17-cv-02435
Plaintiff **TERESA WALKER**, Civil Case # 1-18-cv-00516

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DISMISSING PLAINTIFFS' CLAIMS FOR FAILURE TO SUBMIT CASE
CATEGORIZATION FORM AND MOTION TO REINSTATE**

Plaintiffs John Irving & Pamela Irving, Jada Baker, and Teresa Walker respectfully submit

this Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and

request that the Court reconsider its order dismissing Plaintiffs' cases without prejudice (Filing

No. 10622), stating the following in support:

**INTRODUCTION**

Dismissal of Plaintiffs' claims is unfairly prejudicial under the circumstances described

and sworn to below, and the harm caused to Plaintiffs greatly outweighs any prejudice suffered by

Defendants due to delayed service of categorization forms. This is particularly true where

Defendants were already in receipt of substantially the same information through the Plaintiff

Profile Sheets/Forms, CMO #13 Categorization Forms, and complete medical records previously

submitted and timely served.

Further, Plaintiffs have now served the Case Categorization Forms pursuant to the Court's

Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan and

Order Regarding Case Categorization and Census.

1

**FACTS**

On December 22, 2016, Plaintiff Irving filed his Short Form Complaint in this matter. On February 6, 2017, Plaintiff timely uploaded and served on Defendants a Plaintiff Profile Sheet, Plaintiff Fact Sheet, authorizations for the release of information, and supporting medical records. *See* Ex. A. On May 2, 2017, Plaintiff timely uploaded and served on Defendants the Categorization Form and supporting medical records pursuant to Case Management Order No. 13. *See* Ex. B.

On July 19, 2017, Plaintiff Baker filed her Short Form Complaint in this matter. On August 18, 2017, Plaintiff timely uploaded and served on Defendants a Plaintiff Profile Sheet, authorizations for the release of information, supporting medical records, and CMO #13 Categorization Form. *See* Ex. C.

On February 22, 2018, Plaintiff Walker filed her Short Form Complaint in this matter. On March 16, 2018, Plaintiff timely uploaded and served on Defendants a Plaintiff Profile Sheet, authorizations for the release of information, supporting medical records, and CMO #13 Categorization Form. *See* Ex. D.

In October 2018 and November 2018, respectively, the Court entered its Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan and Order Regarding Case Categorization and Census. Defendants filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Their Motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Form.

Because many plaintiffs failed to meet that deadline, the Court extended the deadline to January 31, 2019. *See* Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms ("Final Deadline Order"), Dkt. 9956, at 1. On May 7, 2019, this Court revised its order providing

plaintiffs an additional 15 days to submit the Case Categorization Form along with supporting medical records to Cook Defendants and Plaintiffs' Leadership. *See* Revised Second Amended Order Regarding Case Categorization Forms, Dkt. 10617, at 2. Plaintiffs' cases were dismissed by this Court's Order (Filing No. 10622) on May 8, 2019.

The undersigned's Firm employs both a paralegal and an attorney with extensive MDL experience to monitor electronic filings. The primary method of review for IVC filings is to search email subject lines and document descriptions for particular case numbers and order types, such as Pretrial Orders and Case Management Orders. Additionally, the Firm utilizes an Outlook email "rule" enabled to check for email subject lines pertaining to Plaintiffs' individual case numbers, as well as Pretrial Orders and Case Management Orders.

However, Defendants' dismissal motions were not filed on the individual case dockets, and the census and bellwether selection orders were not designated as PTO's or CMO's. The Firm erroneously but in good faith believed such motions and orders would be filed in individual cases. Having spoken to Ms. Amy Holtz regarding this matter, counsel now understands the process of electronic filing in the master docket and the necessity to carefully review all filings regardless of caption or subject line.

Further, and perhaps most critically, Plaintiffs' counsel was inadvertently omitted from Plaintiffs' Leadership emails and therefore never received any communication about the census process or possible dismissal. *See* Ex. E (Declaration of Ben Martin).

At no point did the Defendants or Plaintiffs' leadership contact undersigned counsel regarding the census order, possible dismissal, or anything else—whether by email, phone, or regular mail. In a routine, periodic review of the individual dockets—for the purpose of double-checking that no activity had been overlooked—counsel discovered the dismissal order for the first

time on 3:33 p.m. on May 28, 2019. (Although the order was entered in each of the individual cases, it was also entered on the master docket, and the subject line of the sole electronic notification did not include any individual case names or numbers: "Activity in Case 1:14-ml-02570-RLY-TAB IN RE: COOK MEDICAL INC. Order on Motion to Dismiss.")

Upon discovering the order, Plaintiffs' counsel immediately reached out to Plaintiffs' leadership, who confirmed that the undersigned was omitted from communications from leadership. *See* Ex. E. The undersigned then immediately contacted counsel for the Defendants to explain the situation and to attempt to develop a stipulation for reinstatement; however, Defendants' counsel has not responded. Counsel then completed the census forms and served them on Defendants and Plaintiffs' leadership on May 29, 2019. *See* Ex. F. Moreover, as stated, the undersigned spoke with this Court's law clerk by phone about the proper procedure for filing this motion.

Plaintiffs never intended to ignore the Court's orders, and, as described, Plaintiffs have previously served all requested information in a timely and complete manner. Counsel believed the email system of checking subject lines for individual case numbers would ensure nothing applicable was missed, but it is clear that system failed. (Counsel has received thousands of electronic notices in MDL 2570 that do not specifically pertain to the Firm's cases but will endeavor to more carefully review each of them, including those previously entered and those entered from this point forward.). All necessary steps have been taken to confirm that this mistake never occurs again.

Moreover, the undersigned has represented more than 150 plaintiffs in MDL's throughout the country, and it is the usual practice to require receipt of direct emails or letters from Defendants or Leadership in circumstances like this, particularly where a case is subject to possible dismissal.

4

(Having said that, the undersigned's Firm has never faced a dismissal under those circumstances, because the Firm has always timely and completely complied with all orders and any deficiency notices.) As described, counsel did not receive emails of any kind from Leadership, but that issue has also been addressed and should not cause repeated problems moving forward.

## **LEGAL STANDARD**

A motion for reconsideration performs a valuable function where the court has made a decision outside the adversarial issues presented to the court by the parties. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185 (7th Cir. 1990). A motion to reconsider is appropriate where: "(1) the Court has patently misunderstood a party"; (2) the court has "made a decision outside the adversarial issues presented to the Court by the parties"; (3) the court has "made an error not of reasoning but of apprehension"; or (4) there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* at 1191.

In determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Id*. Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include the danger of prejudice to the defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id*.

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." Fed. R. Civ. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal

representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..." Fed. R. Civ. P. 60(b)(1).

## ARGUMENT

Weighing the harm to Plaintiffs in comparison to the prejudice suffered by Defendants, the harm to Plaintiffs is much more significant. Plaintiffs' legal actions, each based on documented medical injuries supported by records and scans, have been wiped off the books. Defendants, on the other hand, were already in receipt of Plaintiff Profile Sheets, authorizations for the release of information, and supporting medical records, as well as Categorization Forms and supporting medical records pursuant to Case Management Order No. 13.

Plaintiffs have sought in good faith to timely comply with all orders and have now completed and served the case categorization forms, along with corresponding medical records, on Defendants. *See* Ex. F. Further, counsel has undertaken all efforts to ensure this type of oversight never happens again. Additionally, given the delays in serving census forms generally and the volume of cases from which to select bellwethers, reinstatement of these cases is not likely to meaningfully delay MDL proceedings.

Therefore, in balancing the factors discussed above and the unique circumstances surrounding this error, Plaintiffs respectfully request that the Court reconsider its decision and reinstate Plaintiffs' actions. *See Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.").

## **CONCLUSION**

For these reasons, Plaintiffs respectfully move this honorable Court to vacate its order granting dismissal and reinstate these actions in MDL 2570.


Dated:  May 29, 2019                               Respectfully submitted,

                                                   John F. Irving & Pamela Irving, Plaintiffs
                                                   Jada Baker, Plaintiff
                                                   Teresa Walker, Plaintiff

                                        By:        /s/ Sean T. Keith
                                                   Sean T. Keith, ABA 93158
                                                   Keith, Miller, Butler,
                                                        Schneider & Pawlik, PLLC
                                                   224 S. 2nd St., Rogers, AR  72756
                                                   Ph. (479) 621-0006/Fax (479) 631-6890
                                                   skeith@arkattorneys.com

                                                   *Attorney for Plaintiffs*

7

## **VERIFICATION**

I, Sean T. Keith, counsel for Plaintiff, attest under oath and penalty of perjury that the

foregoing is true and correct.

_Sean T. Keith_
Sean T. Keith


**STATE OF ARKANSAS**          )
                                                    ) **ss.**
**COUNTY OF BENTON**          )

Be it remembered that on this 29th day of May, 2019, before me, the undersigned Notary Public, duly commissioned and acting in and for the County and State aforesaid, personally appeared Sean T. Keith, who stated that he had executed this document for the consideration and purposes therein mentioned and set forth.

_Catherine Patterson_
Notary Public

My Commission Expires:

12/08/24

CATHERINE PATTERSON
BENTON COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires December 08, 2024
Commission No. 12402320

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on 5/29/2019, I filed the foregoing via the Court's electronic filing

system, which shall send notice of the filing and a copy thereof to all counsel of record.

<u>/s/ Sean T. Keith</u>
Sean T. Keith