UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Jacqueline Durrant, 1:17-cv-00259

**DEFENDANTS' OPPOSITION TO
PLAINTIFF DURRANT'S MOTION TO
<u>VACATE COURT ORDER DISMISSING HER CASE</u>**

On May 1, 2019, pursuant to the Court's Screening Order and Bellwether Selection Plan (the "Categorization Order," Dkt. 9322), as implanted by subsequent orders, the Court dismissed with prejudice the actions brought by Plaintiff Jacqueline Durrant and 27 other Plaintiffs who had self-selected Category 1 as their "highest" injury category.  *See* Order Dismissing Category 1 Cases, Dkt. 10588.  The Court's dismissal of these 27 cases came after myriad notices and warnings that the Category 1 cases would be dismissed between October 2, 2018, and May 1, 2019, including orders of this Court, motions filed by the Cook Defendants, and presumably communications sent by the Plaintiffs' Steering Committee.  Nevertheless, Plaintiff Durrant now asks the Court to vacate the Court's Order on grounds that her case was "miscategorized" as Category 1 due to "solely a clerical [error] on the part of Plaintiff counsel."  Plaintiff's Motion to Vacate, Dkt. 10604 at 2.

Cook urges the Court to deny Plaintiff Durrant's motion to vacate the Order dismissing her case for two reasons.  First, the mistake she claims is not a judicial clerical error and therefore cannot be addressed under Rule 60(a) as she argues.  Plaintiff must instead meet the

US.123113407

much stricter requirements of Rule 60(b), which is an extraordinary remedy reserved for extraordinary circumstances absent here. Second, the Court should not vacate the dismissal of the case because Plaintiff's case is time-barred under applicable Utah law, and reinstatement would therefore be futile.

**I.     Plaintiff's Mistake is Not a Judicial Clerical Error Under Rule 60(a), and She Does Not Meet the Standard for the Extraordinary Relief Under Rule 60(b).**

Although Plaintiff requests relief under Rule 60(a) to correct an alleged clerical error or, in the alternative, a new trial under Rule 59(a), neither of those Rules is the proper procedural vehicle to address her request.

With respect to Rule 60(a), the first ground offered for her motion, Plaintiff identifies no "clerical error" on the part of the Court that would justify relief under that Rule. "[W]hether 60(a) is available depends upon whether the judgment said what the judgment actually meant." *Klingman v. Levinson*, 877 F.2d 1357, 1360 (7th Cir. 1989). In other words, "'[i]f the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows for a correction; if the judgment captures the original meaning but is infected by error, then the parties must seek another means of authority to correct the mistake.'" *Id.* (quoting *United States v. Griffin*, 782 F.2d 1393, 1396 (7th Cir. 1986) (internal citations to equivalent cases from other circuits omitted)); *see also U.S. v. Tait*, 963 F.2d 375 (Table); 1992 WL 103696, at *2 (7th Cir. 1992) (explaining that "courts have refused to recognize attorney error or neglect [i.e. Rule 60(b)(1), not 60(a)] when the failure to file an appeal in a timely manner is due to palpable oversight, *administrative or clerical errors by an attorney* or his staff…." (emphasis added, internal citations omitted).

Here, the Court did exactly what it intended: it dismissed Category 1 cases based the Plaintiffs' self-categorization under the Court's Categorization Order. *See* Dkt. 9322 at 4

(stating that Category 1 cases would be "subject to immediate dismissal"). Plaintiff Durrant acknowledges she self-categorized her case as Category 1 on February 7, 2019, Dkt. 10604 at 1, and the Court therefore committed no clerical error in dismissing her case based on that Category 1 categorization. Accordingly, Plaintiff Durrant "must seek another means of authority to correct the mistake." *Klingman*, 877 F.2d at 1360; *Tait*, 1992 WL 103696, at *2.

The proper procedural vehicle to address Plaintiff Durrant's request would be Rule 60(b), which governs requests to vacate an order. The bar for relief under Rule 60(b) is high: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted). As the Seventh Circuit has long held, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989) (party's attorney failed to attend property sale to make bid on behalf of judgment creditor). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982) (denying party's efforts to increase judgment due to miscalculations related to undercharges as "careless" and untimely)).

Here, Plaintiff Durrant's motion explains that her attorney erred. Although her amended complaint asserts claims as to two Cook filters placed in 2006 and 2008, Plaintiff Durrant's

- 3 -

attorney says that she (the attorney) categorized the case as Category 1 because the first filter had been removed in 2006 without issue, rather than as Category 5 based on the failed 2008 retrieval attempt for the second filter, which remains in Plaintiff's body.  *See* Pl. Mot. at 1-2.  Plaintiff Durrant's attorney apparently also did not timely identify her error despite the fact that Plaintiff Durrant's case was repeatedly identified as a Category 1 case in the censuses sent to and communications with the PSC, including the first census provided on February 22, 2019 and the list of dismissals attached to the letter sent to the PSC on April 4, 2019 (*see* Dkt. 10857-2 (copy of letter)).  Although Cook does not question the sincerity of Plaintiff's claim of mistake, Rule 60(b) relief is an "extraordinary remedy [reserved for] exceptional circumstances," *Dickerson*, 32 F.3d at 1116, and as the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such an exceptional remedy.[1]

Plaintiff Durrant also cites Rule 59(a) as a ground for her motion, but Rule 59(a) is not available here.  Rule 59(a) is a *posttrial* remedy and does not apply where, as here, a case was dismissed before trial.  *See* Fed. R. Civ. P. 59(1)(a)(1)(A)-(B) (defining the scope of Rule 59(a) as requests for "grant [of] a new trial on all or some of the issues….(A) after a jury trial….or (B) after an nonjury trial…").  Put differently, a Rule 59(a) motion may be brought after a jury trial or a bench trial, but not before any trial has taken place.

Plaintiff thus has failed to establish that her case qualifies for relief under Rule 59, Rule 60(a), or rule 60(b), and the Court should deny her motion to vacate the dismissal.

---

[1]   Cook also notes that Plaintiff Durrant did not categorize her case as Category 1 until February 7, 2019, *after* the initial (twice extended) January 31, 2019 deadline for Plaintiffs to categorize.  Plaintiff was thus initially noncompliant with the Court's Categorization Order, and her case part of Cook's first motion to dismiss noncompliant cases.  *See* Dkt. 10063 (listing Plaintiff Durrant's case as #198 in Exhibit A to Cook's initial motion to dismiss noncompliant cases).

- 4 -

**II.     Plaintiff's Claims Are Time-Barred as a Matter of Law, and Vacating the Dismissal of Her Action Would Be Futile.**

Even if the Court were inclined to excuse or overlook Plaintiff Durrant's attorney's claimed mistake in categorizing her case, the Court should nevertheless deny her motion to vacate its order of dismissal because her action time-barred on its face by almost five years and the vacation of the dismissal would thus be futile.

**A.     Utah's Statutes of Limitations.**

Under Utah law,[2] the longest statute of limitations that could apply to any of Plaintiff Durrant's claims is four years. Utah has a two-year statute of limitations for product liability claims and a four-year statute of limitations for personal injury claims based on other theories, such as negligence and warranty. *See* Utah. Code Ann. § 78B-6-706 (2-year statute of limitations for claims under Utah Product Liability Act); § 788-2-307(3) (setting statute of limitations at four years for all claims unless a specific statute sets a different limit). "Claims for negligence and breach of implied warranty are not governed by the [Utah Products Liability] Act." *Misener v. Gen. Motors*, 924 F. Supp. 130, 132 (D. Utah 1996) (citing *Dansie v. Anderson Lumber Co.*, 878 P.2d 1155, 1159 (Utah Ct. App. 1994)). Accordingly, the two-year statute of limitation applies to Plaintiff Durrant's strict liability claims (Counts I & II) and four-year statute of limitations applies to her remaining claims. Cook therefore analyzes the issue primarily under the longer four-year statute.

---

[2]     Per her Amended Complaint, Plaintiff Durrant resided in Utah at the time of her filter placement, resided in Utah at the time of her alleged injury, and continues to reside in Utah. *See* Am. Compl., Dkt. 1:17-cv-2259, ¶¶ 4-6. Based on these facts, a full choice-of-law analysis is not necessary to conclude that Utah substantive law applies to her case. *See e.g., Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1959 (Utah 2002) (explaining that Utah applies the Restatement's most significant relationship test to resolve choice-of-law issues in both tort and contract) (internal citations omitted).

The Utah Supreme Court has explained that as a "general rule, a statute of limitations begins to run 'upon the happening of the last event necessary to complete the cause of action.'" *Russell Packard Dev., Inc. v. Carson*, 108 P.3d 741, 746 (Utah 2005) (quoting *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981). "Mere ignorance of the existence of a cause of action will neither prevent the running of the statute of the limitations nor excuse a plaintiff's failure to file a claim within the relevant statutory period." *See id.*

Utah recognizes a limited "discovery rule" exception to the general rule. *See Becton Dickinson & Co. v. Reese*, 668 P.2d 1254, 1257 (Utah 1983) ("where there are exceptional circumstances that would make application of the general rule irrational or unjust, this Court has adopted the discovery rule by judicial action"). The District of Utah addressed application of the discovery rule in *McHenry v. Utah Valley Hosp. a Div. of Intermountain Health Care, Inc.*, 724 F. Supp. 835 (D. Utah 1989), *aff'd*, 927 F.2d 1125 (10th Cir. 1991), noting that Utah courts have applied the exception on behalf of:

 (1) "radiation victims who had no knowledge they had been subjected to carcinogenics [sic] until symptoms appeared several years later," *Maughan v. SW Servicing*, 758 F.2d 1381 (10th Cir. 1985);

 (2) "survivors who did not find the decedent's body until after the period for timely commencement of a wrongful death suit," *Myers*, 635 P.2d 84; and

 (3) "a patient in whom a surgical needle was left and not discovered until after the statute had run," *Christiansen v. Rees*, 436 P.2d 435 (Utah 1968).

*McHenry*, 724 F. Supp. at 838-39.

The *McHenry* court explained that "[t]he *sine que non* of these exceptions seems to be that the plaintiff had no way of knowing the injury had occurred until after the statute had run and therefore no way of affixing or exploring potential liability within the statutory period." *Id*. at 839.

Conversely, the "'discovery rule' does not apply where *the plaintiff had timely access to or actual knowledge regarding the nature and cause of his injury and potentially liable parties*." *Id*. (emphasis added). In other words, "'[a] plaintiff need not have certain knowledge of negligence in order to have 'discovered' it. All that is necessary is that the [plaintiff] be aware of facts that would lead an ordinary person, using reasonable diligence, to conclude that al claim for negligence may exist.'" *Jensen v. IHC Hosps., Inc.*, 82 P.3d 1076, 1090 (Utah 2003) (quoting Model Utah Jury Instructions 6.37 (1993) and citing *Collins v. Wilson*, 984 P.2d 960 (Utah 1999)).

Applying these principles, Utah courts have held the discovery rule does not apply when a plaintiff has either actual knowledge about the claim or the ability to acquire it through basic due diligence. Thus, in *Becton Dickinson*, the Utah Supreme Court held that a patent counterclaim was time-barred because the defendant knew the disputed patent had issued five years prior and "[i]n any event, due diligence on his part would have unearthed the inventor and his assignee as shown on the face of the patent." 668 P.2d at 1258. The same court held in a construction dispute involving Brigham Young University that nothing "warrant[ed] use of the discovery rule" because it was "undisputed that BYU had discovered the leakage and improper pipe insulation no later than May of 1979" and thus "BYU knew of its cause of action against Paulsen three and a half years before the limitation period expired." *BYU v. Paulsen Constr. Co.*, 744 P.2d 1370, 1374 (Utah 1987). Finally, *McHenry* itself was a personal injury case

- 7 -

arising out of the unexpected descent of an electronic gate that knocked over the plaintiff at his place of business. *McHenry*, 724 F. Supp. at 836. The court held that "the 'date of discovery' was the day in January 1980 when the gate fell on [the plaintiff] and 'the discovery rule has no application when an action easily could have been filed between the date of discovery and end of the limitation period.'" *Id.* at 839 (declining to reconsider dismissal, awarding portion of attorney's fees, and quoting *BYU v Paulsen Constr. Co.*, 744 P.2d at 1374).

Cases interpreting the two-year statute of limitations for strict liability claims have applied the same analysis and reach the same results, refusing to apply the discovery exception to the statute where the plaintiff knew of the claim or had enough information to trigger the due diligence requirement. For example, in *McCollin v. Synthes, Inc.*, the court dismissed an action involving a bone graft as untimely because the plaintiff knew or should have discovered he had a claim by the time he had a second surgery in 1991 to replace the bone grafts from the first surgery, which had failed to grow. 50 F. Supp. 2d 1119, 1124 (D. Utah 1999). The court rejected plaintiff's argument that the "discovery rule should toll the statute of limitations beyond the date of the second surgery, because [plaintiff] did not learn of the 'cause' of his injury until he viewed" a news program in 1993 that discussed the device. *Id.* See also *Adams v Am. Med. Sys., Inc.*, 705 F. App'x 744 (10th Cir. 2017) (affirming dismissal of product liability claims where plaintiff knew her mesh device had migrated two years before filing); *Ziots v. Strkyer Corp.*, 655 F. App'x 622, 625-26 (10th Cir. 2016) (plaintiff treated with allegedly defective pain pump should have discovered identity of correct manufacturer through diligent review of medical records and further inquiry because "duly diligent inquiry would have revealed Stryker as the manufacturer of the pain pump long before February 13, 2013."); *Griffiths-Rast v. Sulzer Spine Tech*, 216 F. App'x 790, 796 (10th Cir. 2007) ("It seems clear in a normal case a

reasonable jury could *not* find that it would take over two years to determine the manufacturer of a trademarked medical device when the party knows the correct name of that device.").

      **B.    Plaintiff's Claim Is Time-Barred Because It Is Based on a 2008 Failed Retrieval Attempt.**

Here, Plaintiff Durrant asks the Court to vacate dismissal of her case and to re-categorize as Category 5 (i.e. failed and complicated retrievals) based on a failed retrieval attempt in 2008. Pl. Mot. at 2 & Pl. Mot., Ex. C. Specifically, Plaintiff offers as her Exhibit C a medical record showing that on September 16, 2008, she underwent "IVC filter removal" by Dr. John Collins at Utah Valley Hospital and stating that "[t]here is tilting of the filter as described [in the body of the record] which made this not amenable to removal although multiple attempts were made. Therefore it will be left in permanently." *Id.*, Ex. C.

Based on this record and on Plaintiff Durrant's own characterization of her claim, the claim is time-barred as a matter of law:

- The "date of discovery" of Plaintiff's claim that her filter cannot be retrieved is necessarily September 16, 2008, the date her physician unsuccessfully attempted to remove the filter during a medical procedure, concluded that the filter was "not amenable" to removal, and left the filter in place.
- Plaintiff did not file her action until June 30, 2017, almost nine years later, well beyond both the two-year and the four-years statutes limiting those claims.

Plaintiff Durrant thus knew that her filter could not be removed – the substance of her claim – on the date of her failed filter retrieval attempt procedure, and the statute of limitations began to run on that date. Accordingly, "the discovery rule has no application when [her] action easily could have been filed between the date of discovery and end of the limitation period" on her last claims in September 2012, almost five years before she filed. *McHenry*, 724 F. Supp. at 839.

Moreover, several courts have explained that in cases involving plaintiffs undergoing a second surgical procedure to remove and/or replace a medical device, the accrual date cannot logically be any later than the date of the second surgery or procedure. *See e.g., Shepherd v. Danek Med, Inc.* 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1999) ("[A]ny arguable application of the 'discovery rule would terminate upon removal of the System."); *Porter v. Danek Med. Inc.*, 1999 WL 1117090, at *1 (S.D. Tex. Aug. 16, 1999) (same); *Neuhauser v. A. H. Robins Co.*, 573 F. Supp. 8, 9 (S.D. Ind. 1983) ("[T]he plaintiff's cause of action must be said to have accrued no later than June 1978, when her last gynecological surgery was performed … the time to file suit expired in 1980, well before plaintiff's filing in October 1981.")

The fact of the failed retrieval attempt put Plaintiff on reasonable notice to investigate whether she had and wished to pursue legal claims premised on that failed retrieval attempt. Any additional information she needed, such as product identification and identity of the manufacturer, was readily accessible through her own medical records. *See Becton Dickinson*, 668 P.2d at 1258 (explaining that plaintiff could have uncovered identity of patent inventor and assignee through basic diligence during the four-year limitation period); *Ziots*, 655 F. App'x at 625-626 (affirming dismissal of time-barred case because plaintiff had duty and could have easily obtained information about manufacturer of her device through medical records and inquiring with the hospital); *Griffiths-Rast*, 216 F. App'x at 796.

As the Court knows, Cook IVC filters are designed for permanent use, and filter irretrievability in and of itself is not a compensable injury. But even assuming for the sake of argument that irretrievability alone *were* a compensable injury, as Plaintiff Durrant claims, that "injury" undeniably occurred and was within her actual and constructive knowledge on September 16, 2008, the date of the failed retrieval surgery, and her cause of action accrued on

- 10 -

that date.  Put simply, Plaintiff had actual knowledge that her filter cannot be removed on the date she underwent an unsuccessful medical procedure to try and remove it.  Plaintiff's commencement of the action on June 30, 2017 is thus seven years beyond the statute of limitations for her product liability claims and five years beyond the applicable statute for her other claims.  *See Shepherd*, 1999 WL 1129705, at *1; *Porter v. Danek Med. Inc.*, 1999 WL 1117090, at *1; *Neuhauser v. A. H. Robins Co.*, 573 F. Supp. at 9.

In sum, all of Plaintiff Durrant's claims are time-barred as a matter of law.  Vacation of the dismissal of her action would therefore be futile, and the Court should deny Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff Durrant's Motion to vacate the dismissal of her case.

Respectfully submitted,


Dated: May 29, 2019              */s/ Andrea Roberts Pierson*
                                                          Andrea Roberts Pierson (# 18435-49)
                                                          Jessica Benson Cox (# 26259-49)
                                                          FAEGRE BAKER DANIELS LLP
                                                          300 North Meridian Street, Suite 2700
                                                          Indianapolis, Indiana  46204
                                                          Telephone:  (317) 237-0300
                                                          Facsimile:  (317) 237-1000
                                                          Email:  andrea.pierson@faegrebd.com
                                                          Email:  jessica.cox@faegrebd.com

US.123113407

Bruce Jones (MN # 179553)
Charles Webber (MN # 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-8719
Facsimile:   (612) 766-1600
Email:  bruce.jones@faegrebd.com
Email:  chuck.webber@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

### CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2019, a copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF DURRANT'S MOTION TO VACATE COURT ORDER DISMISSING HER CASE was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*

US.123113407