UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                           MDL No. 2570

This Document Relates Only to the Following Case:

Joseph K. Anders, 1:17-cv-01327

### DEFENDANTS' OPPOSITION TO PLAINTIFF ANDERS'S MOTIONS TO VACATE AND/OR RECONSIDER THE COURT ORDER DISMISSING HIS CASE

The Court should deny Plaintiff Joseph K. Anders's two motions to vacate and/or reconsider the order dismissing his case (Dkts. 10641 & 10674).[1] On May 8, 2019, pursuant to the Court's Categorization and Screening Order (Dkt. 9322), the Court dismissed Plaintiff's case along with dozens of other cases because they either did not comply with the Categorization and Screening Order at all ("Exhibit A Case(s)") or did not provide any medical records in support of their categorizations ("Exhibit B Case(s)"). *See* Order on the Cook Defendants' Second Amended Motion to Dismiss (the "Order"), Dkt. 10622 at 5 (listing Plaintiff Anders's case in "Exhibit A"). Plaintiff Anders now asks the Court (1) to vacate and/or reconsider the Court's Order based on his assertion that his counsel was somehow unaware of the requirement to

---

[1] Plaintiff Anders has filed two motions requesting substantively identical relief. First, on May 13, 2019, Plaintiff filed an unspecified, brief "Motion" asking the Court to vacate the dismissal of his case (Dkt. 10641). Then, on May 15, 2019, Plaintiff filed a duplicate, but expanded, Motion for Reconsideration of Order Dismissing Plaintiff's Claims for Failure to Submit Case Categorization Form (Dkt. 10674). As the second motion is the more substantive motion, Cook assumes Plaintiff intended to withdraw the first motion and interprets the second motion to be the operative motion.

categorize and (2) to permit him belatedly to categorize as Category 4.  *See* Dkt. 10641 at 1; 10674 at 1, 3.

Cook urges the Court to deny Plaintiff Anders's motions to vacate and/or reconsider the Order dismissing his case for three reasons.  First, the Court's Order permits re-entry into the MDL only under limited circumstances not applicable here – the occurrence of a future injury.  Second, the proper procedural vehicle for the relief Plaintiff seeks would be Rule 60(b), which is an extraordinary remedy reserved for extraordinary circumstances absent here.  Under Rule 60(b), mere failure on the part of counsel to stay diligent and monitor a docket is not the kind of extraordinary situation that would justify relief from the Order.  Indeed, notice regarding categorization was provided to Plaintiffs on no fewer than 10 occasions over a seven-month period, rendering any failure to be aware of the categorization requirement facially unreasonable.

Finally, vacation and/or reconsideration of the dismissal would be futile because Plaintiff has failed to cure the deficiency as required by the Court's Categorization and Screening Order (9322).  While Plaintiff submitted a Categorization Form to Cook the same day he filed his first motion, he still has not provided any specific medical record in support of his proposed categorization as Category 4, as required by the Order.  Thus, his case still would have been dismissed as part the same Order, albeit as an Exhibit B Case instead of as an Exhibit A Case.  *See* Order, Dkt. 10622 ("Exhibit B cases did not submit medical records in support of their Case Categorization Form.").

**I.  Plaintiff Anders Is Not Entitled to Reentry in the MDL Based on The Terms of The Court's Order**

As an initial matter, Plaintiff is barred from re-entry into the MDL based on the terms of the Order itself.  Specifically, the Court's Order states:

> **No plaintiff** listed in Exhibit A or Exhibit B, however, **may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court**. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of the future injury.

Order, Dkt. 10622 at 1-2 (emphasis added). Thus, the order permits cases dismissed under the Order to re-file in some limited circumstances – development of a future injury – but otherwise does not permit reentry into the MDL.

Here, Plaintiff Anders concedes that his Category 4 claim is based on information that was already known, and is not a new injury claim. *See* Dkt. 10674 at 5 (alleging that "the information sought within the categorization form was" provided earlier through PFS/PPS and medical records produced in 2017). Accordingly, the Order precludes Plaintiff from re-litigating these claims.

## II.     Plaintiff Is Not Entitled to the Extraordinary Relief Provided By Rule 60(b)

### A.     The Proper Procedural Vehicle to Address Plaintiff's Motion is Rule 60(b)

Although Plaintiff Anders requests relief under both Rule 60(b) and Rule 59(e), the proper procedural vehicle to address his request is Rule 60(b), which governs requests to vacate an order. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted). Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly,

"some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015). Indeed, even in situations where a lawyer's actions may be negligent or worse, the errors are imputed to the party (under principles of agency law) rather than burdening the opposing party in litigation. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

In his second motion, Plaintiff specifies that his motion is being brought pursuant to Rule 60(b)(1) due to the alleged inadvertence and excusable neglect on the part of his counsel with monitoring the docket. *See* 10674 at 1. "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing Rule 60(b) premised on excusable neglect, "the most important consideration is 'the reason for the delay,'" and if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was

or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).[2]

### B. Plaintiff's Complete Failure To Monitor The Docket Is Not Reasonable And Does Not Justify Extraordinary Relief Under Rule 60(b)

Here, Plaintiff Anders argues that "Plaintiff's failure to comply with the court's order was inadvertent and/or constitutes excusable neglect." Dkt. 10674 at 1. Plaintiff argues that his counsel did not receive any ECF notices or service regarding categorization and that he was unaware that failure to categorize would lead to dismissal until the order of dismissal was entered on May 8, 2019. *Id.* at 2.

Plaintiff Anders fails to establish any "good reason for missing the deadline." An MDL Plaintiff's attorney has a duty to monitor both the individual case docket and the master MDL docket, and a failure to monitor both dockets is facially unreasonable.

On the home page of the Cook Filter MDL, this Court has provided substantial background information to parties and their counsel regarding MDL 2570. In particular, the site includes a copy of the General Order Regarding Notice Procedure (Dkt. 2771). That Order

---

[2]     Plaintiff's second motion also cites Rule 59(e) as a claimed alternate source of relief, but Rule 59(e) is not applicable here. Rule 59(e) "allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Egonwan v. Cook Cnty. Sherriff's Dep't*, 602 F.2d 845, 852 (7th Cir. 2010). "Motions under Rule 59(e) cannot be used to introduce evidence that could have been presented earlier." *Id.* Nor can Rule 59(e) be used as "a vehicle for a party to undo its own procedural failures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).
    Here, as noted above, Plaintiff's request for relief is not premised on any new case law or newly discovered evidence, but on his claim that his attorney was not aware of the requirement to categorize and thus failed to do so in the time available. *See* Dkt. 10674 at 2. Such concerns are the purview of Rule 60(b), not 59(e). *See e.g., Moro*, 91 F.3d 872, 876 ("holding that Rule 59(e) is not "a vehicle for a party to undo its procedural failures."). In any event, Cook notes that Rule 59(e) is also a high bar that Plaintiff cannot meet. *See e.g., Caisse Nationale de Credit Agricole v CBI Indus.,* 90 F.3d 1264, 1270 (7th Cir. 1996) ("A party moving for reconsideration pursuant to Rule 59(e) bears a heavy burden of establishing that the court should reverse its prior judgment.").

explains that because of the size of the MDL, the Court had to discontinue for technical reasons the practice of "spreading" filings and orders to all individual cases. *Id.* It expressly notes that the Clerk's Office has been adding any "attorney who filed a Notice of Appearance in a member case at the time when the new complaint is filed to the service list of the master case" and that counsel in the individual cases receives service of filings on the master docket without having to enter an appearance. *Id.* at 2. The Court's homepage for the MDL also includes a copy of the Amended Order Establishing Policies and Procedures, Dkt. 3309, which governs service of documents in the MDL. The Order provides in pertinent part that "[a]ll counsel of record shall register for electronic filing, as required by Local Rule 5-3" and that "[r]egistered counsel of record will be served electronically with all orders issued by the Court and all filings made by the parties."

These Orders gave Plaintiffs' attorneys clear notice of the filing and service procedures in the MDL and of what dockets attorneys and their support staff should track for relevant filings. Moreover, the Cook Defendants repeatedly communicated with the Plaintiffs Steering Committee and Court between January and April 2019 that non-compliant cases would be dismissed. *See, e.g.*, April 4, 2019 Letter from S. Bennett to J. Williams (Dkt. 10857-2). Presumably the PSC shared that information with the larger group of plaintiffs' counsel in this MDL. Plaintiff Anders also does not dispute that Cook properly served Plaintiff by filing electronically in the master docket or that ECF notices were sent to all counsel that registered for electronic service as required by the Court. Simply put, Plaintiff has no reasonable explanation for failing to be aware of the categorization process and consequences for noncompliance under the Court's Categorization and Screening Order. His complaints about not receiving service on the individual docket or hard copy service offer no excuse because those practices are not

required or feasible in this MDL, as the Court explained in the General Order Regarding Notice Procedure (Dkt. 2771) and the Amended Order Establishing Policies and Procedures (Dkt. 3309).

Moreover, Plaintiff Ander's counsel has experience in other MDLs and, respectfully, knew his obligation to keep abreast of developments on the master docket of an MDL and to request updates and clarifications from Plaintiffs' leadership as needed. *See Pioneer*, 507 U.S. at 395 (holding that courts may take into "account of all relevant circumstances surrounding the party's omission"); *Raymond*, 442 F.3d at 606 (adopting *Pioneer* approach to Rule 60(b)(1) issues). Specifically, Plaintiff's counsel advertises on his web site as "Practice Areas" and "areas we specialize in" various other products that have been or are part of mass torts, including four different hip products, the mesh litigation, a knee product, two pharmaceutical drugs, and the talcum powder and roundup herbicide consumer products.[3] As counsel is actively evaluating cases for filing in almost a dozen MDLs, there can be no excuse for his failure to ignore this litigation for over seven months.

Finally, even assuming for the sake of argument that an experienced MDL attorney could justify a court's indulgence for missing an obscure or isolated deadline or docket entry, no even marginally diligent counsel could possibly have been unaware of the categorization requirement in the Cook Filter MDL. As the Court is well aware, the categorization process was the culmination of months of work and was addressed across multiple meet-and-confer sessions with Plaintiffs' leadership and multiple docket entries. In fact, individual MDL **Plaintiffs and their attorneys were appraised of categorization on no fewer than 10 separate occasions**:

---

[3] *See* Bowersox Law Firm, P.C., "Practice Areas," (accessed May 28, 2019), available at http://www.bowersoxlaw.com/practice-areas.

- 7 -

- **October 2, 2018**:  Court enters its Order on [Cook's] Motion for Screening Order and Bellwether Selection Plan (Dkt. 9322).  In the Order, the Court defines the categories and orders categorization for all cases, with deadlines and format to be determined at the next conference.
- **November 12, 2018**: – The Court enters the parties' proposed order regarding categorization and the census (Dkt. 9600).  The order includes the Categorization Form to be used and sets a December 22, 2018, deadline for Plaintiffs to categorize.
- **November 21, 2018:**  After the parties moved to amend the order adopted as Dkt. 9600, the Court enters Parties' Order Regarding Case Categorization and Census that again includes the Categorization Form and reiterates the December 22, 2018 deadline to categorize.  *See* Dkt. 9638.
- **January 8, 2019** – During the *Brand* trial, Cook's counsel provides an update to the Court regarding categorization.  Court directs that Plaintiffs will have until January 15, 2019 to complete categorization.  *See* Dkt. 9875 (entry memorializing hearing).
- **January 14, 2019** – The Court enters its Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), extending the deadline to categorize to January 31, 2019, and providing that failure to categorize would lead to dismissal.
- **January 17, 2019** – The Court amends a technical issue regarding the Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), again confirming January 31, 2019 as the categorization deadline and re-iterating that failure to categorize would lead to dismissal.  *See* Dkt. 9956.
- **February 5, 2019** – Cook files its Motion to Dismiss cases that were noncompliant with the Court's Categorization Order (Dkt. 10063).  The Motion to Dismiss includes Plaintiff Anders's case as case no. 8 on Exhibit A (10063-1 at 1).
- **February 18, 2019** – Cook files its Amended Motion to Dismiss (Dkt. 10182). The Amended Motion to Dismiss includes Plaintiff Anders's case as the third case on Exhibit A (10182-1 at 1).
- **February 21, 2019 –** Cook files its Second Amended Motion to Dismiss (Dkt. 10211). The Second Amended Motion to Dismiss again includes Plaintiff Anders's case as the third case on Exhibit A (10211-1 at 1).
- **March 14, 2019** – Cook files a reply in support of the Motion to Dismiss (Dkt. 10307).
- **April 4, 2019 –** Cook's counsel sends a letter to Plaintiffs' leadership asking for entry of dismissal in the remaining noncompliant Exhibit A and Exhibit B cases.  Updated Exhibit A and B lists are provided with the letter (*see* Dkt. 10857-2 (copy of letter). Plaintiffs' leadership's repeatedly represented to the Court that these lists were shared with counsel in individual cases.

There is no legitimate excuse for Plaintiff's attorney's clear failure to comply with the Categorization and Screening Order given the 10 times notice was provided of the categorization requirement and the risk of dismissal.  Any minimal diligence over the 7-month period between the Court initially ordering categorization on October 2, 2018 until its entry of dismissal in the

noncompliant cases on May 8, 2019, would have appraised Plaintiff's counsel of the requirement to categorize.  Under these facts, Plaintiff's neglect was undeniably unreasonable and cannot be excused under Rule 60(b).  As discussed above, Rule 60(b) relief is an extraordinary remedy and mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such exceptional relief.  *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

In sum, Plaintiff has failed to provide a reasonable or excusable explanation for his failure to categorize – the initial December 22, 2018 deadline was effectively extended four months through end of April and notice regarding the requirement to categorize was provided through multiple means over a seven-month period.  Rule 60(b) relief is an "extraordinary remedy [reserved for] exceptional circumstances," *Dickerson*, 32 F.3d at 1116, and as the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such an exceptional remedy.  Indeed, errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – i.e. the Cook Defendants.  *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.

Plaintiff thus has failed to establish that his case qualifies for relief under Rule 60(b), and the Court should deny his motion to vacate the dismissal.  *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

### III. Vacating the Dismissal of Plaintiff's Case Would Be Futile Because He Remains Noncompliant with the Court's Categorization and Screening Order

Finally, the Court should deny Plaintiff's motion to vacate and/or reconsider the dismissal of the case because he has failed to supply a specific medical record in support of selecting Category 4 in the Categorization Form that he submitted to Cook the same day he filed

his first Motion. Thus, Plaintiff remains noncompliant with the Categorization and Screening Order, making his effort to re-file his case futile.

Specifically, the Categorization and Screening Order required Plaintiffs to support "each category alleged [with] a specific medical record." *See* Dkt. 9638, Order Regarding Case Categorization and Census (adopting Categorization Form and including definition in Form); Case Categorization Form, Dkt. 9638-1, Instruction No. 2. The categorization is incomplete without the record. Indeed, the Court's Order dismissed two classes of noncompliant cases: those that had failed to categorize (Exhibit A Cases) and ***those that had categorized but not supplied the specific medical record(s) in support*** (Exhibit B Cases). *See* Order, Dkt. 10622 at 1. The Court dismissed Plaintiff Anders's case as an Exhibit A Case. *Id.* at 5 (listing Plaintiff Anders's case).

Even were the Court inclined to excuse the neglect that led to the failure to categorize despite numerous opportunities to do so, vacating the dismissal would be futile because Plaintiff Anders still lacks the specific medical record necessary to complete the categorization. In other words, the Case Categorization Form Plaintiff Anders submitted would have moved his case from Exhibit A to Exhibit B, but his case would still have been dismissed because Exhibit B Cases were also dismissed by the same Order. Without a supporting specific medical record, Plaintiff's allegation that "his physician has informed him that the risk of retrieval of the IVC filter outweighs the benefits of retrieval, Dkt. 10674 at 2, remains exactly that – an unverified allegation. Categorization required more: certification that the categorization "is based on a review of the available medical records" and support of the category chosen with the "specific medical record(s) attached." Categorization Form, 9638-1, ¶ E.

Accordingly, the Court further should deny Plaintiff Anders's motions, because his case nevertheless would have been dismissal as an Exhibit B case under the Court's Categorization and Screening Order.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff Anders's two motions to vacate and/or reconsider the dismissal of his case. Plaintiff is not entitled to the extraordinary relief requested. Moreover, granting the relief would be futile because Plaintiff Anders's case would still be noncompliant and would have been dismissed regardless.

Respectfully submitted,

Dated: May 29, 2019

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  jessica.cox@faegrebd.com

Bruce Jones (MN # 179553)
Charles Webber (MN # 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-8719
Facsimile:  (612) 766-1600
Email:  bruce.jones@faegrebd.com
Email:  chuck.webber@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

- 11 -

US.123295817

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2019, a copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF ANDERS'S MOTIONS TO VACATE AND/OR RECONSIDER THE COURT ORDER DISMISSING HIS CASE was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.123295817