UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Estate of Theresa Milke, 1:18-cv-00675

### DEFENDANTS' OPPOSITION TO PLAINTIFF MILKE'S MOTIONS TO RECONSIDER THE COURT ORDER DISMISSING HIS CASE

The Court should deny Plaintiff Brian Milke's motion to reconsider (really to vacate) the order dismissing his case (Dkt. 10749). On May 8, 2019, pursuant to the Court's Categorization and Screening Order (Dkt. 9322), the Court dismissed Plaintiff's case along with dozens of others because they either did not comply with the Categorization and Screening Order at all (the "Exhibit A" cases) or did not provide any medical records in support of their categorizations (the "Exhibit B" cases). *See* Order on the Cook Defendants' Second Amended Motion to Dismiss (the "Order"), Dkt. 10622 at 6 (listing Plaintiff Milke's case in "Exhibit A"). Plaintiff Milke now asks the Court reconsider the Court's Order based on his assertion that his counsel was somehow unaware of the requirement to categorize and the corresponding deadlines. *See* Dkt. 10749 at 2.

Cook urges the Court to deny Plaintiff Milke's motion to reconsider the Order dismissing his case for three reasons. First, the Court did not give Plaintiff an additional 15 days to categorize as he claims; therefore, the categorization form he submitted on May 21, 2019, after his case was dismissed, is not timely. Second, the Court's Order permits re-entry into the MDL only under limited circumstances not applicable here – the occurrence of a future injury. Third, although

US.123339246.01

Plaintiff styles his motion as a "motion to reconsider," given the present posture, the proper procedural vehicle for the relief he seeks is Rule 60(b), which is an extraordinary remedy reserved for extraordinary circumstances absent here. Under Rule 60(b), mere failure on the part of counsel to stay diligent and monitor a docket is not the kind of extraordinary situation that would justify relief from the Order. Indeed, notice regarding categorization was provided to Plaintiffs on no fewer than 10 occasions over a seven-month period, rendering any failure to be aware of the categorization requirement facially unreasonable.

I.  **The Court Did Not Give Plaintiff a 15-Day Extension; Therefore, His Submission of a Categorization Form After Dismissal Is Not Timely Or A Cure For The Noncompliance That Led To His Dismissal**

Plaintiff Milke first argues that on May 7, 2019, this Court issued an order giving Plaintiffs "an additional 15 days to comply" with the Categorization and Screening Order, and that he subsequently complied with that order by submitting a categorization form and supporting medical records on May 21, 2019. Dkt. 10749 at 1-2.

Plaintiff is mistaken; the Court did not grant him an extension. On May 7, 2019, the Court issued a Revised Second Amended Order Regarding Case Categorizations to "streamline the case categorization procedure." Dkt. 10617 at 2. Because there was some confusion as to whether plaintiffs who had filed their cases after November 14, 2018 would be required to categorize, the Court ordered plaintiffs *in those later-filed cases* to categorize "within 15 days." *Id.* In the same Order, the Court stated that "[t]he cases listed in Exhibit A [including Plaintiff Milke's case] and B shall be dismissed by separate order" – *i.e.*, Order Dkt. 10622. If the Court had intended to give Plaintiff Milke and others who filed their cases before November 2018 another extension, the Court would have said so in the May 7, 2019 order. Instead, the Court *dismissed* all Exhibit A and Exhibit B cases, including Plaintiff Milke's.

**II.    Plaintiff Milke Is Not Entitled to Reentry in the MDL Based on The Terms of The Court's Order**

In addition, Plaintiff is barred from re-entry into the MDL based on the terms of the Order itself.  Specifically, the Court's Order states:

> **No plaintiff** listed in Exhibit A or Exhibit B, however, **may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court**. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of the future injury.

Order, Dkt. 10622 at 1-2 (emphasis added).  Thus, the Order permits cases dismissed under the Order to re-file in certain limited circumstances – development of a future injury – but otherwise does not permit reentry into the MDL.  Plaintiff's claims are based on information that was already known, and are not new injury claims.  Accordingly, the Order precludes Plaintiff from reentering the MDL.

**III.    Plaintiff Is Not Entitled to the Extraordinary Relief Provided By Rule 60(b)**

   **A.    The Proper Procedural Vehicle to Address Plaintiff's Motion is Rule 60(b)**

Although Plaintiff Milke requests relief under both Rule 60(b) and Rule 59(e), the proper procedural vehicle to address his request is Rule 60(b), which governs requests to vacate an order. Rule 60(b)'s bar is high:  "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."  *Lomas &*

*Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015). Indeed, where a lawyer's actions may be negligent or worse, the lawyer's errors are imputed to the party (under principles of agency law) and are not permitted to burden the opposing party. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994). Nor can a party avoid this result by attributing the fault to some lower level actor in the lawyer's office. *See, e.g., Lombardo v. United States,* 860 F.3d 547, 552 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1032 (2018).

In his motion, Plaintiff states that he brings his motion under Rule 60(b)(1) based on excusable neglect on the part of his counsel in monitoring the docket. *See* 10749 at 2. "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing a Rule 60(b) motion premised on excusable neglect, "the most important consideration is 'the reason for the delay'"; if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322

F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).[1]

### B. Plaintiff's Complete Failure To Monitor The Docket Is Not Reasonable And Does Not Justify Extraordinary Relief Under Rule 60(b)

Here, Plaintiff Milke argues his counsel was unaware of the Court's Case Categorization deadlines because they only monitored the individual case docket and did not monitor the master MDL docket. *See* Dkt. 10749 at 2. This argument fails to offer any "good reason for missing the deadline."

An MDL Plaintiff's attorney has a duty to monitor both the individual case docket and the master MDL docket, and a failure to monitor both dockets is facially unreasonable. On the home page of the Cook Filter MDL, this Court has provided substantial background information to parties and their counsel regarding MDL 2570. In particular, the site includes a copy of the General Order Regarding Notice Procedure (Dkt. 2771), which explains that because of the size of the MDL, the Court had to discontinue for technical reasons the practice of "spreading" filings and orders to all individual cases. *Id.* That order expressly notes that the Clerk's Office has been

---

[1] Plaintiff's motion also cites Rule 59(e) as a claimed alternate source of relief, but Rule 59(e) does not apply here. Rule 59(e) "allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Egonwan v. Cook Cnty. Sherriff's Dep't*, 602 F.2d 845, 852 (7th Cir. 2010). "Motions under Rule 59(e) cannot be used to introduce evidence that could have been presented earlier," *id.,* nor can Rule 59(e) be used as "a vehicle for a party to undo its own procedural failures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).
 Here, Plaintiff's request for relief is not premised on any new case law or newly discovered evidence, but on his claim that his attorney was not aware of the requirement to categorize and thus failed to do so in the time available—a textbook "procedural failure." *See* Dkt. 10749 at 2. Such concerns are the purview of Rule 60(b), not 59(e). In any event, Rule 59(e) also sets a high bar that Plaintiff cannot meet, for the reasons discussed in the text. *See e.g., Caisse Nationale de Credit Agricole v CBI Indus.,* 90 F.3d 1264, 1270 (7th Cir. 1996) ("A party moving for reconsideration pursuant to Rule 59(e) bears a heavy burden of establishing that the court should reverse its prior judgment.").

- 5 -

adding any "attorney who filed a Notice of Appearance in a member case at the time when the new complaint is filed to the service list of the master case" and that counsel in the individual cases receives service of filings on the master docket without having to enter an appearance. *Id.* at 2. The Court's MDL homepage also includes a copy of the Amended Order Establishing Policies and Procedures, Dkt. 3309, which governs service of documents in the MDL. The Order provides in pertinent part that "[a]ll counsel of record shall register for electronic filing, as required by Local Rule 5-3" and that "[r]egistered counsel of record will be served electronically with all orders issued by the Court and all filings made by the parties."

These orders gave Plaintiff's attorneys clear notice of the filing and service procedures in the MDL and of what dockets attorneys and their support staff should track for relevant filings. Moreover, the Cook Defendants repeatedly communicated with the Plaintiffs Steering Committee and Court between January and April 2019, making clear that non-compliant cases would be dismissed. *See, e.g.*, April 4, 2019 Letter from S. Bennett to J. Williams (Dkt. 10857-2). Presumably the PSC shared that information with the larger group of plaintiffs' counsel in this MDL. Plaintiff Milke does not dispute that the Court and Cook properly served all Plaintiffs with information concerning the categorization and dismissal process by filing materials electronically in the master docket or that ECF notices were sent to all counsel that registered for electronic service as required by the Court. Simply put, Plaintiff has no reasonable explanation for failing to be aware of the categorization process and consequences for noncompliance under the Court's Categorization and Screening Order. His complaints about not receiving service on his case's individual docket provide no excuse because those practices are not required or feasible in this MDL, as the Court explained in the General Order Regarding Notice Procedure (Dkt. 2771) and the Amended Order Establishing Policies and Procedures (Dkt. 3309).

Finally, even assuming for the sake of argument that Plaintiff's attorneys could justify a court's indulgence for missing an obscure or isolated deadline or docket entry, not even marginally diligent counsel could *not* have been unaware of the categorization requirement in the Cook Filter MDL.  As the Court knows, the categorization process was the culmination of months of work and was addressed across multiple meet-and-confer sessions with Plaintiffs' leadership and multiple docket entries.  In fact, individual MDL Plaintiffs and their attorneys were appraised of categorization on **no fewer than 10 separate occasions**:

- **October 2, 2018**:  Court enters its Order on [Cook's] Motion for Screening Order and Bellwether Selection Plan (Dkt. 9322).  In the Order, the Court defines the categories and orders categorization for all cases, with deadlines and format to be determined at the next conference.

- **November 12, 2018**: – The Court enters the parties' proposed order regarding categorization and the census (Dkt. 9600).  The order includes the Categorization Form to be used and sets a December 22, 2018, deadline for Plaintiffs to categorize.

- **November 21, 2018:**  After the parties moved to amend the order adopted as Dkt. 9600, the Court enters Parties' Order Regarding Case Categorization and Census that again includes the Categorization Form and reiterates the December 22, 2018 deadline to categorize.  *See* Dkt. 9638.

- **January 8, 2019** – During the *Brand* trial, Cook's counsel provides an update to the Court regarding categorization.  Court directs that Plaintiffs will have until January 15, 2019 to complete categorization.  *See* Dkt. 9875 (entry memorializing hearing).

- **January 14, 2019** – The Court enters its Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), extending the deadline to categorize to January 31, 2019, and providing that failure to categorize would lead to dismissal.

- **January 17, 2019** – The Court amends a technical issue regarding the Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), again confirming January 31, 2019 as the categorization deadline and re-iterating that failure to categorize would lead to dismissal.  *See* Dkt. 9956.

- **February 5, 2019** – Cook files its Motion to Dismiss cases that were noncompliant with the Court's Categorization Order (Dkt. 10063).  The Motion to Dismiss includes Plaintiff Milke's case on Exhibit A (10063-1 at 17).

- **February 18, 2019** – Cook files its Amended Motion to Dismiss (Dkt. 10182).  The Amended Motion to Dismiss includes Plaintiff Milke's case on Exhibit A (10182-1 at 6).

US.123339246.01

- **February 21, 2019** – Cook files its Second Amended Motion to Dismiss (Dkt. 10211). The Second Amended Motion to Dismiss again includes Plaintiff Milke's case on Exhibit A (10211-1 at 5).
- **March 14, 2019** – Cook files a reply in support of the Motion to Dismiss (Dkt. 10307).
- **April 4, 2019** – Cook's counsel sends a letter to Plaintiffs' leadership asking for entry of dismissal in the remaining noncompliant Exhibit A and Exhibit B cases. Updated Exhibit A and B lists are provided with the letter (*see* Dkt. 10857-2 (copy of letter)). Plaintiffs' leadership has repeatedly represented to the Court that these lists were shared with counsel in individual cases.

There can be no legitimate excuse for Plaintiff's attorneys' clear failure to comply with the Categorization and Screening Order given that notice was provided 10 times of the categorization requirement and the risk of dismissal. Any minimal diligence over the 7-month period between the Court initially ordering categorization on October 2, 2018 and its entry of dismissal in the noncompliant cases on May 8, 2019, would have appraised Plaintiff's counsel of the requirement to categorize. Under the facts here, Plaintiff's neglect was undeniably unreasonable and cannot be excused under Rule 60(b). As discussed above, Rule 60(b) relief is an extraordinary remedy and mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such exceptional relief. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

In sum, Plaintiff has failed to provide a reasonable or excusable explanation for his failure to categorize – the initial December 22, 2018 deadline was effectively extended four months through end of April, and notice regarding the requirement to categorize was provided through multiple means over a seven-month period. As the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain the exceptional remedy offered by Rule 60(b). Errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – i.e. the Cook Defendants. *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.

- 8 -

Plaintiff has failed to establish that his case qualifies for relief under Rule 60(b), and the Court should deny his motion to vacate the dismissal. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff Milke's motion to reconsider the dismissal of his case. Plaintiff is not entitled to the extraordinary relief requested.

Respectfully submitted,

Dated: June 3, 2019

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  jessica.cox@faegrebd.com

Bruce Jones (MN # 179553)
Charles Webber (MN # 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-8719
Facsimile:   (612) 766-1600
Email:  bruce.jones@faegrebd.com
Email:  chuck.webber@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.123339246.01

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, a copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF MILKE'S MOTION TO RECONSIDER THE COURT ORDER DISMISSING HIS CASE was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.123339246.01