UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                MDL No. 2570

_____

This Document Relates Only to the Following Case:

Samuel Taubler, 1:16-cv-01640
Heather Valvo, 1:16-cv-01285

_____

### DEFENDANTS' OMNIBUS OPPOSITION TO MOTIONS TO RECONSIDER DISMISSALS OF THEIR CASES FILED BY TWO PLAINTIFFS <u>REPRESENTED BY THE GIRARDI KEESE FIRM</u>

The Court should deny the two motions to reconsider filed by Girardi Keese on behalf of Plaintiffs Samuel Taubler and Heather Valvo (Dkts. 10758-59).  On May 8, 2019, pursuant to the Court's Categorization and Screening Order (Dkt. 9322), the Court dismissed Plaintiffs' cases along with dozens of others because they either did not comply with the Categorization and Screening Order at all (the "Exhibit A" cases) or did not provide any medical records in support of their categorizations (the "Exhibit B" cases).  *See* Order on the Cook Defendants' Second Amended Motion to Dismiss (the "Order"), Dkt. 10622 at 3 (listing Plaintiffs' cases in "Exhibit A").  Plaintiffs now ask the Court (1) to reconsider the Court's Order based on the assertion that their counsel was somehow unaware of the requirement to categorize and (2) to permit them belatedly to categorize as Category 7.  *See* Dkts. 10758-59 at 1.

Cook urges the Court to deny Plaintiffs' motions to reconsider the Order dismissing their cases for three reasons.  <u>First</u>, the Court's Order permits re-entry into the MDL only under limited circumstances not applicable here – the occurrence of a future injury.  <u>Second</u>, although Plaintiffs

style their motions as "motions to reconsider," given the present posture, the proper procedural vehicle for the relief they seek is Rule 60(b), which is an extraordinary remedy reserved for extraordinary circumstances absent here.  Under Rule 60(b), mere failure on the part of counsel to stay diligent and monitor a docket is not the kind of extraordinary situation that would justify relief from the Order.  Indeed, notice regarding categorization was provided to Plaintiffs on no fewer than 10 occasions over a seven-month period, rendering any failure to be aware of the categorization requirement facially unreasonable.  <u>Finally</u>, reconsideration of the dismissal would be futile in Plaintiff Taubler's case because his claims are time-barred under applicable Pennsylvania law.

**I.      Plaintiffs Are Not Entitled to Reentry in the MDL Based on The Terms of The Court's Order**

As an initial matter, Plaintiffs are barred from re-entry into the MDL based on the terms of the Order itself.  Specifically, the Court's Order states:

> **No plaintiff** listed in Exhibit A or Exhibit B, however, **may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court**. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of the future injury.

Order, Dkt. 10622 at 1-2 (emphasis added).  Thus, the Order permits cases dismissed under the Order to re-file in certain limited circumstances – development of a future injury – but otherwise does not permit reentry into the MDL.  Plaintiffs' claims are based on information that was already known, and are not new injury claims.  Accordingly, the Order precludes Plaintiffs from reentering the MDL.

II.     **Plaintiffs Are Not Entitled to the Extraordinary Relief Provided By Rule 60(b)**

   A.     **The Proper Procedural Vehicle to Address Plaintiffs' Motions is Rule 60(b)**

Although Plaintiffs request relief under both Rule 60(b) and Rule 59(e), the proper procedural vehicle to address their request is Rule 60(b), which governs requests to vacate an order. Rule 60(b)'s bar is high: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015). Indeed, even where a lawyer's actions may be negligent or worse, the lawyer's errors are imputed to the party (under principles of agency law) and are not permitted to burden the opposing party. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994). Nor can a party avoid this result by attributing the fault to some lower level actor in the lawyer's office. *See, e.g., Lombardo v. United States,* 860 F.3d 547, 552 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1032 (2018).

US.123338362.02

In their motions, Plaintiffs specify that their motions are being brought pursuant to Rule 60(b)(1) due to the alleged inadvertence and excusable neglect on the part of a "former temp paralegal" in monitoring the docket.  *See* Dkts. 10758-59 at 1.  "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing a Rule 60(b) motion premised on excusable neglect, "the most important consideration is 'the reason for the delay'"; if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).[1]

---

[1]     Plaintiffs' motions also cite Rule 59(e) as a claimed alternate source of relief, but Rule 59(e) does not apply here.  Rule 59(e) "allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Egonwan v. Cook Cnty. Sherriff's Dep't*, 602 F.2d 845, 852 (7th Cir. 2010).  "Motions under Rule 59(e) cannot be used to introduce evidence that could have been presented earlier," *id.,* nor can Rule 59(e) be used as "a vehicle for a party to undo its own procedural failures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Here, Plaintiffs' request for relief is not premised on any new case law or newly discovered evidence, but on their claim that their attorney overlooked the requirement to categorize and thus failed to do so in the time available—a textbook "procedural failure." *See* Dkts. 10758-59 at 1. Such concerns are the purview of Rule 60(b), not 59(e).  In any event, Rule 59(e) also sets a high bar that Plaintiffs cannot meet, for the reasons discussed in the text. *See e.g., Caisse Nationale de Credit Agricole v CBI Indus.,* 90 F.3d 1264, 1270 (7th Cir. 1996) ("A party moving for reconsideration pursuant to Rule 59(e) bears a heavy burden of establishing that the court should reverse its prior judgment.").

**B.     Plaintiffs' Complete Failure To Monitor The Docket Is Not Reasonable And Does Not Justify Extraordinary Relief Under Rule 60(b)**

Here, Plaintiffs argue that their "failure to comply with the Court's order was inadvertent and due to [their] counsel's excusable neglect." Dkts. 10758-59 at 1.  Plaintiffs argue their counsel simply "overlooked" the Court's Case Categorization order *and* Defendant's Motion to Dismiss for Failure to File the Case Categorization Form.  *Id.* at 3.

This argument fails to offer any "good reason for missing the deadline."  An MDL Plaintiff's attorney has a duty to monitor both the individual case docket and the master MDL docket, and a failure to monitor both dockets is facially unreasonable.  On the home page of the Cook Filter MDL, this Court has provided substantial background information to parties and their counsel regarding MDL 2570.   In particular, the site includes a copy of the General Order Regarding Notice Procedure (Dkt. 2771), which explains that because of the size of the MDL, the Court had to discontinue for technical reasons the practice of "spreading" filings and orders to all individual cases.  *Id.*  That order expressly notes that the Clerk's Office has been adding any "attorney who filed a Notice of Appearance in a member case at the time when the new complaint is filed to the service list of the master case" and that counsel in the individual cases receives service of filings on the master docket without having to enter an appearance.   *Id.* at 2.  The Court's MDL homepage also includes a copy of the Amended Order Establishing Policies and Procedures, Dkt. 3309, which governs service of documents in the MDL.  The Order provides in pertinent part that "[a]ll counsel of record shall register for electronic filing, as required by Local Rule 5-3" and that "[r]egistered counsel of record will be served electronically with all orders issued by the Court and all filings made by the parties."

These orders gave Plaintiffs' counsel clear notice of the filing and service procedures in the MDL and of what dockets attorneys and their support staff should track for relevant filings.

US.123338362.02

Moreover, the Cook Defendants repeatedly communicated with the Plaintiffs Steering Committee and Court between January and April 2019, making clear that non-compliant cases would be dismissed. *See, e.g.*, April 4, 2019 Letter from S. Bennett to J. Williams (Dkt. 10857-2). Presumably the PSC shared that information with the larger group of plaintiffs' counsel in this MDL.  Plaintiffs also do not dispute that the Court and Cook properly served all Plaintiffs with information concerning the categorization and dismissal process by filing materials electronically in the master docket or that ECF notices were sent to all counsel that registered for electronic service as required by the Court.  Simply put, Plaintiffs have no reasonable explanation for failing to be aware of the categorization process and consequences for noncompliance under the Court's Categorization and Screening Order.

Moreover, Plaintiffs' counsel have experience in other MDLs and, respectfully, knew of their obligations to keep abreast of developments on the master docket of an MDL and to request updates and clarifications from Plaintiffs' leadership as needed.  *See Pioneer*, 507 U.S. at 395 (holding that courts may take into "account of all relevant circumstances surrounding the party's omission"); *Raymond*, 442 F.3d at 606 (adopting *Pioneer* approach to Rule 60(b)(1) issues). Specifically, Plaintiffs' counsel tout their mass tort experience on their website, listing mass torts as one of their practice areas and stating that they have "the well-earned reputation of being path-breakers in cases involving mass torts."[2]  In light of counsel's "well-earned reputation" in mass tort litigation, there can be no excuse for their failure to monitor this litigation for over seven months.

---

[2]        *See* Girardi Keese, "Mass Torts," (accessed May 31, 2019), available at https://www.girardikeese.com/Personal-Injury/Mass-Tort.shtml.

- 6 -

Finally, even assuming for the sake of argument that experienced MDL attorneys could justify a court's indulgence for missing an obscure or isolated deadline or docket entry, not even marginally diligent counsel could possibly have been unaware of the categorization requirement in the Cook Filter MDL. As the Court is well aware, the categorization process was the culmination of months of work and was addressed across multiple meet-and-confer sessions with Plaintiffs' leadership and multiple docket entries. In fact, individual MDL Plaintiffs and their attorneys were appraised of categorization on **no fewer than 10 separate occasions**:

- **October 2, 2018**: Court enters its Order on [Cook's] Motion for Screening Order and Bellwether Selection Plan (Dkt. 9322). In the Order, the Court defines the categories and orders categorization for all cases, with deadlines and format to be determined at the next conference.
- **November 12, 2018**: – The Court enters the parties' proposed order regarding categorization and the census (Dkt. 9600). The order includes the Categorization Form to be used and sets a December 22, 2018, deadline for Plaintiffs to categorize.
- **November 21, 2018:** After the parties moved to amend the order adopted as Dkt. 9600, the Court enters Parties' Order Regarding Case Categorization and Census that again includes the Categorization Form and reiterates the December 22, 2018 deadline to categorize. *See* Dkt. 9638.
- **January 8, 2019** – During the *Brand* trial, Cook's counsel provides an update to the Court regarding categorization. Court directs that Plaintiffs will have until January 15, 2019 to complete categorization. *See* Dkt. 9875 (entry memorializing hearing).
- **January 14, 2019** – The Court enters its Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), extending the deadline to categorize to January 31, 2019, and providing that failure to categorize would lead to dismissal.
- **January 17, 2019** – The Court amends a technical issue regarding the Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), again confirming January 31, 2019 as the categorization deadline and re-iterating that failure to categorize would lead to dismissal. *See* Dkt. 9956.
- **February 5, 2019** – Cook files its Motion to Dismiss cases that were noncompliant with the Court's Categorization Order (Dkt. 10063). The Motion to Dismiss includes Plaintiffs' cases on Exhibit A (10063-1).
- **February 18, 2019** – Cook files its Amended Motion to Dismiss (Dkt. 10182). The Amended Motion to Dismiss includes Plaintiffs' cases on Exhibit A (10182-1).
- **February 21, 2019 –** Cook files its Second Amended Motion to Dismiss (Dkt. 10211). The Second Amended Motion to Dismiss again includes Plaintiffs' cases on Exhibit A (10211-1).
- **March 14, 2019** – Cook files a reply in support of the Motion to Dismiss (Dkt. 10307).
- **April 4, 2019 –** Cook's counsel sends a letter to Plaintiffs' leadership asking for entry of dismissal in the remaining noncompliant Exhibit A and Exhibit B cases. Updated

US.123338362.02

Exhibit A and B lists are provided with the letter (*see* Dkt. 10857-2 (copy of letter)). Plaintiffs' leadership has repeatedly represented to the Court that these lists were shared with counsel in individual cases.

There can be no legitimate excuse for Plaintiffs' attorneys' clear failure to comply with the Categorization and Screening Order given that notice was provided 10 times of the categorization requirement and the risk of dismissal.  Any minimal diligence over the 7-month period between the Court initially ordering categorization on October 2, 2018 and its entry of dismissal in the noncompliant cases on May 8, 2019, would have appraised Plaintiffs' counsel of the requirement to categorize.  Plaintiffs cannot escape the consequences of their failure to comply with the Categorization and Screening order by attempting to shift blame on a "former temp paralegal" because counsel has a responsibility to train, manage, supervise, and properly instruct their staff and thus failure of staff are borne by counsel and the firm.  *See e.g.,* ABA, Model Rules of Prof. Resp. § 5.3; *Matter of Galbasani*, 786 P.2d 971, 975 (Az. 1990) (en banc) (analyzing Arizona's adopted version of Model Rule 5.3 and holding "it does mandate an independent duty of supervision."); *see also Lombardo,* 860 F.3d at 554 (denying 60(b) relief in case where counsel had relied on a "trusted paralegal" instead of researching and calculating the deadline himself.)

Under these facts, Plaintiffs' neglect was undeniably unreasonable and cannot be excused under Rule 60(b).  As discussed above, Rule 60(b) relief is an extraordinary remedy and mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such exceptional relief.  *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

In sum, Plaintiffs have failed to provide a reasonable or excusable explanation for their failure to categorize – the initial December 22, 2018 deadline was effectively extended four months through end of April, and notice regarding the requirement to categorize was provided through

multiple means over a seven-month period.  As the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain the exceptional remedy offered by Rule 60(b).  Errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – *i.e.*, the Cook Defendants.  *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.

Plaintiffs have failed to establish that their cases qualify for relief under Rule 60(b), and the Court should deny their motions to vacate the dismissal. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

III.    **Plaintiff Taubler's Claims Are Time-Barred as a Matter of Law and Vacating the Dismissal of His Action Would Be Futile.**

Even if the Court were inclined to excuse or overlook Plaintiff Taubler's failure to categorize his case, vacation of the order of dismissal would be futile because Plaintiff's own categorization submission demonstrates that his action is time-barred by over two years under applicable Pennsylvania law.

A.    **Pennsylvania Statute of Limitations Law**

Per his short-form complaint, Plaintiff Taubler currently resides and has resided in Pennsylvania at all relevant times, including at time of filter placement and time of his alleged injuries.  *Taubler* Dkt. 1, Complaint, ¶¶ 4-7.  Thus, Pennsylvania substantive law applies to his claims.[3]  Under Pennsylvania law, product liability actions grounded in theories of negligence, design defect, and failure to warn are subject to a two-year statute of limitations.[4]  *Juday v. Merck*

---

[3]    Per his short-form complaint, Plaintiff Taubler indicates that he currently resides and has resided in Pennsylvania at all relevant times, including the time of filter placement and time of his alleged injuries.  *Taubler* Dkt. 1, ¶¶ 4-7.  As Plaintiff Taubler has no connection to other states, Pennsylvania substantive law applies whether Indiana or Pennsylvania choice-of-law rules are used.

[4]    Plaintiff's warranty claims are also time-barred because Pennsylvania applies a 4-year statute of limitations to warranty claims, 42 Pa. Con. Stat § 5525, counted from the date of sale.

US.123338362.02

& *Co., Inc.*, 2017 WL 1374527, at *2 (E.D. Pa. Apr. 17, 2017); 42 Pa.C.S. §5524(2).  "The statute of limitations begins to run as soon as the right to institute and maintain a suit arises," *i.e.*, the date the claimed injury is first inflicted.  *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005).  Stated differently, the clock starts "from the time when the injury was done even though the damage may not have been known, or may not in fact have occurred, until afterwards."  *Danysh v. Eli Lilly and Co.*, 2011 WL 4344601, at *7 (M.D. Pa. July 13, 2011), report and recommendation adopted, 2011 WL 4344595 (M.D. Pa. Sept. 15, 2011), aff'd, 461 F. App'x 75 (3d Cir. 2012) (quoting *Bernath v. Le Fever*, 189 A.342, 344 (Pa. 1937)).   Pennsylvania applies a limited "discovery rule" that "allows a party who has not suffered an immediately ascertainable injury" to toll the commencement of the limitations period where "the injury or its cause was neither known nor reasonably knowable" during that time. *Fine*, 870 A.2d at 858 (citing *Lewey v. H.C. Frick Coke Co.*, 31 A. 261 (Pa. 1895)).

**B.**     **Plaintiff's Claim Is Time-Barred Because It Is Based On a 2012 Failed Retrieval Attempt.**

Plaintiff Taubler attached to his motion a categorization form for Categories 5 and 7, respectively alleging "attempted removal without success 5/2/2012" and "the filter caused tear in vena cava."  Dkt. 10758-3 at 4-5.  The supporting medical records he provided are all from 2012 and show that on May 2, 2012, he underwent an unsuccessful attempt to remove his filter, and that a "small tear in the vena cava" was observed.  *Id.* at 8-10 (noting that the procedure was stopped and decision was made to leave the filter in place after multiple attempts to snare the filter failed).

---

Here, the date of sale could not have been any later than the February 7, 2012, placement date, rendering the warranty claims-time barred by the time Plaintiff filed his complaint on June 24, 2016, more than four years later. *Taubler* Dkt. 1, Complaint, ¶ 11.

Based on these records and on Plaintiff Taubler's own characterization of his claims, the claims are time-barred as a matter of Pennsylvania law:

- Plaintiff necessarily became aware that his filter could not be retrieved and his claims accrued not later than May 2, 2012, the date on which his physician (1) unsuccessfully attempted to remove the filter during a medical procedure, (2) concluded that the filter had torn the vena cava and could not be removed, and (3) decided to leave the filter in place.

- Plaintiff did not file his action until June 24, 2016, over four years later, and more than two years after the statute of limitations expired.

Plaintiff Taubler knew that his filter could not be removed and had caused a small tear in the vana cava – the substance of his claim – on the date of his failed filter-retrieval attempt procedure, and the statute of limitations began to run on that date.  *See Danyish*, 2011 WL 4344601, at *7 (explaining that statute of limitations starts "from the time when the injury was done even though the damage may not have been known…."), *aff'd*, 461 F. App'x 75 (3d Cir. 2012); *Fine*, 870 A.2d at 857 ("The statute of limitations begins to run as soon as the right to institute and maintain a suit arises.").   Simply put, Plaintiff Taubler's own submissions demonstrate that he knew or should have known of the injuries he now claims not later than May 2012 and, thus, the two-year statute of limitations governing his claims expired in May 2014, well before Plaintiff Taubler filed his complaint until June 2016.  The limited "discovery rule" does not provide Plaintiff with any additional time because a failed retrieval claim, by its nature, is a "readily knowable" and "immediately ascertainable injury." *Fine*, 870 A.2d at 858.

Indeed, several courts have explained that in cases involving plaintiffs undergoing a surgical procedure to remove and/or replace a medical device, the accrual date cannot logically be

any later than the date of that removal surgery or procedure.  *See e.g., Shepherd v. Danek Med, Inc.* 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1999) ("[A]ny arguable application of the 'discovery rule would terminate upon removal of the System."); *Porter v. Danek Med. Inc.*, 1999 WL 1117090, at *1 (S.D. Tex. Aug. 16, 1999) (same); *Neuhauser v. A. H. Robins Co.*, 573 F. Supp. 8, 9 (S.D. Ind. 1983) ("[T]he plaintiff's cause of action must be said to have accrued no later than June 1978, when her last gynecological surgery was performed … the time to file suit expired in 1980, well before plaintiff's filing in October 1981.")

As the Court knows, Cook IVC filters are designed for permanent use, and filter irretrievability in and of itself is not a compensable injury.  But even assuming for the sake of argument that irretrievability alone *were* a compensable injury, as Plaintiff Taubler primarily claims, that "injury" undeniably occurred and was within his actual and constructive knowledge on May 2, 2012, the date of the failed retrieval surgery, and his cause of action accrued on that date.  Put simply, Plaintiff had actual knowledge that his filter could not be removed and had torn his vena cava on the date he underwent an unsuccessful medical procedure to try and remove it. Plaintiff's commencement of the action on June 24, 2016 is thus over two years beyond the statute of limitations for his personal injury claims.  *See Shepherd*, 1999 WL 1129705, at *1; *Porter*, 1999 WL 1117090, at *1; *Neuhauser v. A. H. Robins Co.*, 573 F. Supp. at 9.

In sum, all of Plaintiff Taubler's claims are time-barred as a matter of law.  Vacation of the dismissal of his action would therefore be futile, and the Court should deny Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motions to reconsider the dismissal of their cases.  Plaintiffs are not entitled to the extraordinary relief requested. Moreover,

granting the relief would be futile in the case of Plaintiff Taubler because his claims are time-barred.

Respectfully submitted,

Dated: June 3, 2019
              */s/ Andrea Roberts Pierson*
              Andrea Roberts Pierson (# 18435-49)
              Jessica Benson Cox (# 26259-49)
              FAEGRE BAKER DANIELS LLP
              300 North Meridian Street, Suite 2700
              Indianapolis, Indiana  46204
              Telephone:  (317) 237-0300
              Facsimile:   (317) 237-1000
              Email:  andrea.pierson@faegrebd.com
              Email:  jessica.cox@faegrebd.com

              Bruce Jones (MN # 179553)
              Charles Webber (MN # 215247)
              FAEGRE BAKER DANIELS LLP
              2200 Wells Fargo Center
              90 South Seventh Street
              Minneapolis, Minnesota  55402
              Telephone:  (612) 766-8719
              Facsimile:   (612) 766-1600
              Email:  bruce.jones@faegrebd.com
              Email:  chuck.webber@faegrebd.com

              *Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.123338362.02

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 3, 2019, a copy of the foregoing DEFENDANTS' OMNIBUS OPPOSITION TO MOTIONS TO RECONSIDER DISMISSALS OF THEIR CASES FILED BY TWO PLAINTIFFS REPRESENTED BY THE GIRARDI KEESE FIRM was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*

- 14 -