UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                   MDL No. 2570

This Document Relates Only to the Following Case:

Judith Ogden, 1:16-cv-00551-SEB-DKL

**DEFENDANTS' OPPOSITION TO
PLAINTIFF OGDEN'S MOTIONS TO RECONSIDER
THE COURT ORDER DISMISSING HER CASE**

The Court should deny Plaintiff Judith Ogden's motion to vacate the order dismissing her case (Dkt. 10734). On May 8, 2019, pursuant to the Court's Categorization and Screening Order (Dkt. 9322), the Court dismissed Plaintiff's case along with dozens of others because they either did not comply with the Categorization and Screening Order at all (the "Exhibit A" cases) or did not provide any medical records in support of their categorizations (the "Exhibit B" cases). *See* Order on the Cook Defendants' Second Amended Motion to Dismiss (the "Order"), Dkt. 10622 at 3 (listing Plaintiff Ogden's case in "Exhibit A"). Plaintiff Ogden now asks the Court to vacate the Court's Order based on her assertion that counsel discovered "Plaintiff's case was inadvertently and mistakenly categorized as a non-injury case and as a result, no Categorization Form was tendered" but that "[u]pon further review, it has come to Plainitff's counsel's attention that such categorization was in error as Plaintiff [underwent a failed filter retrieval attempt]."

Cook urges the Court to deny Plaintiff Ogden's motion to vacate the Order dismissing her case for two reasons. First, the Court's Order permits re-entry into the MDL only under limited circumstances not applicable here – the occurrence of a future injury. Second, Rule 60(b), which

US.123352307

is an extraordinary remedy reserved for extraordinary circumstances absent here. Under Rule 60(b), mere failure on the part of counsel to stay diligent and monitor a docket is not the kind of extraordinary situation that would justify relief from the Order. Indeed, notice regarding categorization was provided to Plaintiffs on no fewer than 10 occasions over a seven-month period, rendering any failure to review and properly categorize a case facially unreasonable.

### I. Plaintiff Ogden Is Not Entitled to Reentry in the MDL Based on The Terms of The Court's Order

As an initial matter, Plaintiff is barred from re-entry into the MDL based on the terms of the Order itself. Specifically, the Court's Order states:

> **No plaintiff** listed in Exhibit A or Exhibit B, however, **may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court**. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of the future injury.

Order, Dkt. 10622 at 1-2 (emphasis added). Thus, the Order permits cases dismissed under the Order to re-file in certain limited circumstances – development of a future injury – but otherwise does not permit reentry into the MDL. Here, Plaintiff Ogden's claims are based on information that was already known, and are not new injury claims. *See* 10734 at 1 (discussing "further review" of the already existing records). Accordingly, the Order precludes Plaintiff from reentering the MDL.

### II. Plaintiff Is Not Entitled to the Extraordinary Relief Provided By Rule 60(b)

#### A. The Proper Procedural Vehicle to Address Plaintiff's Motion is Rule 60(b)

As Plaintiff Ogden styles her motion as a motion to vacate dismissal, the proper procedural vehicle to address her request is Rule 60(b), which sets a high bar: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third,

and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015). Indeed, where a lawyer's actions may be negligent or worse, the lawyer's errors are imputed to the party (under principles of agency law) and are not permitted to burden the opposing party. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994). Nor can a party avoid this result by attributing the fault to some lower level actor in the lawyer's office. *See, e.g., Lombardo v. United States,* 860 F.3d 547, 552 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1032 (2018).

"The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing a Rule 60(b) motion premised on excusable neglect, "the most important consideration is 'the reason for the delay'"; if the moving party cannot

"demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

  **B.** **Plaintiff's Failure to Determine the Proper Categorization of The Case In The Ample Time Provided By The Court Is Not Reasonable And Does Not Justify Extraordinary Relief Under Rule 60(b)**

In her motion, Plaintiff acknowledges that counsel made a conscious decision not to categorize the case because counsel understood the case to be "non injury" but has now – post-dismissal – concluded that it should have been categorized as Category 5 based on another review of the records. *See* 10734 at 1. Counsel's firm has other cases in the MDL that were timely categorized.

Plaintiff fails to offer any "good reason for missing the deadline." Although Plaintiff Ogden was originally represented by the Branch Firm, she now appears to be represented by the Meyers & Flowers firm, which filed the present motion. However, no substitution of counsel was filed, and no explanation for that failure is offered. This omission is significant. On the home page of the Cook Filter MDL, this Court has provided substantial background information to parties and their counsel regarding MDL 2570. In particular, the site includes a copy of the General Order Regarding Notice Procedure (Dkt. 2771), which explains that because of the size of the MDL, the Court had to discontinue for technical reasons the practice of "spreading" filings and orders to all individual cases. *Id.* That order expressly notes that the Clerk's Office has been adding any "attorney who filed a Notice of Appearance in a member case at the time when the new complaint is filed to the service list of the master case" and that counsel in the individual cases

US.123352307

receives service of filings on the master docket without having to enter an appearance. *Id.* at 2. The Court's MDL homepage also includes a copy of the Amended Order Establishing Policies and Procedures, Dkt. 3309, which governs service of documents in the MDL. The Order provides in pertinent part that "[a]ll counsel of record shall register for electronic filing, as required by Local Rule 5-3" and that "[r]egistered counsel of record will be served electronically with all orders issued by the Court and all filings made by the parties."

Had Plaintiff Ogden's new firm filed a substitution of counsel, the Clerk of the Court would have taken the steps summarized above to ensure notice was being sent to the proper parties, which likely would have prompted an earlier re-review of the records by Plaintiff's new attorneys. Whenever the case was transferred between Plaintiffs' firms, it was incumbent on both former and current counsel to review the case, determine whether it had an "injury," and categorize it accordingly. They did not do so.

In any event, as the Court knows, the categorization process was the culmination of months of work and was addressed across multiple meet-and-confer sessions with Plaintiffs' leadership and multiple docket entries. In fact, individual MDL Plaintiffs and their attorneys were appraised of categorization on **no fewer than 10 separate occasions**:

- **October 2, 2018**: Court enters its Order on [Cook's] Motion for Screening Order and Bellwether Selection Plan (Dkt. 9322). In the Order, the Court defines the categories and orders categorization for all cases, with deadlines and format to be determined at the next conference.
- **November 12, 2018**: – The Court enters the parties' proposed order regarding categorization and the census (Dkt. 9600). The order includes the Categorization Form to be used and sets a December 22, 2018, deadline for Plaintiffs to categorize.
- **November 21, 2018:** After the parties moved to amend the order adopted as Dkt. 9600, the Court enters Parties' Order Regarding Case Categorization and Census that again includes the Categorization Form and reiterates the December 22, 2018 deadline to categorize. *See* Dkt. 9638.
- **January 8, 2019** – During the *Brand* trial, Cook's counsel provides an update to the Court regarding categorization. Court directs that Plaintiffs will have until January 15, 2019 to complete categorization. *See* Dkt. 9875 (entry memorializing hearing).

- **January 14, 2019** – The Court enters its Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), extending the deadline to categorize to January 31, 2019, and providing that failure to categorize would lead to dismissal.
- **January 17, 2019** – The Court amends a technical issue regarding the Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), again confirming January 31, 2019 as the categorization deadline and re-iterating that failure to categorize would lead to dismissal.  *See* Dkt. 9956.
- **February 5, 2019** – Cook files its Motion to Dismiss cases that were noncompliant with the Court's Categorization Order (Dkt. 10063).  The Motion to Dismiss includes Plaintiff Ogden's case on Exhibit A (10063-1 at 17).
- **February 18, 2019** – Cook files its Amended Motion to Dismiss (Dkt. 10182).  The Amended Motion to Dismiss includes Plaintiff Ogden's case on Exhibit A (10182-1).
- **February 21, 2019 –** Cook files its Second Amended Motion to Dismiss (Dkt. 10211).  The Second Amended Motion to Dismiss again includes Plaintiff Ogden's case on Exhibit A (10211-1 at 5).
- **March 14, 2019** – Cook files a reply in support of the Motion to Dismiss (Dkt. 10307).
- **April 4, 2019 –** Cook's counsel sends a letter to Plaintiffs' leadership asking for entry of dismissal in the remaining noncompliant Exhibit A and Exhibit B cases.  Updated Exhibit A and B lists are provided with the letter (*see* Dkt. 10857-2 (copy of letter)).  Plaintiffs' leadership has repeatedly represented to the Court that these lists were shared with counsel in individual cases.

There can be no legitimate excuse for Plaintiff's attorneys' clear failure to comply with the Categorization and Screening Order given that notice was provided 10 times of the categorization requirement and the risk of dismissal.  Because there was a seven-month period between the Court initially ordering categorization on October 2, 2018 and its entry of dismissal in the noncompliant cases on May 8, 2019, counsel had plenty of time to review and re-review case files to ensure cases were properly categorized.  Under the facts here, Plaintiff's neglect in failing to determine that she had a Category 5 "injury" claim at some point during this period was undeniably unreasonable and cannot be excused under Rule 60(b).  As discussed above, Rule 60(b) relief is an extraordinary remedy and mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such exceptional relief.  *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

In sum, Plaintiff has failed to provide a reasonable or excusable explanation for her failure to categorize. The initial December 22, 2018 deadline was effectively extended four months through end of April, and notice regarding the requirement to categorize was provided through multiple means over a seven-month period. Counsel has categorized other cases and was aware of the importance of reviewing the files to ensure cases were properly categorized. With several extensions and multiple months to review and re-review cases, the failure to timely categorize is unreasonable and does not justify Rule 60(b) relief. As the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain the exceptional remedy offered by Rule 60(b). Errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – i.e. the Cook Defendants. *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.

Plaintiff has failed to establish that her case qualifies for relief under Rule 60(b), and the Court should deny her motion to vacate the dismissal. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff Ogden's motion to vacate the dismissal of her case. Plaintiff is not entitled to the extraordinary relief requested.

Respectfully submitted,

Dated: June 3, 2019

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  jessica.cox@faegrebd.com

- 7 -

Bruce Jones (MN # 179553)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-8719
Facsimile:   (612) 766-1600
Email:  bruce.jones@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, a copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF OGDEN'S MOTION TO RECONSIDER THE COURT ORDER DISMISSING HER CASE was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson