UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.: 1:18-cv-00675 |
| This Document Relates to Plaintiff | MDL No. 2570 |
| <u>ESTATE OF THERESA MILKE</u> | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO <u>SUBMIT CASE CATEGORIZATION FORM</u>**

Plaintiff has moved for relief under Rule 59(e) as well as 60(b). With respect to Rule 59(e), on May 7, 2019, all plaintiffs who were not in compliance with the January 31 deadline were given 15 additional days to comply; However, Plaintiff's case was dismissed before this extended deadline. With respect to Rule 60(b), Plaintiff's failure to comply with the original case categorization deadline was inadvertent and in good faith, a mistake shared by many plaintiffs, and one that has not prejudiced Defendants. Therefore, equitable factors would require the Court to reinstate Plaintiff's case.

**I.   The plain language of the May 7, 2019 order granted Plaintiff an additional 15 days to complete the case categorization process**

On May 7, 2019, this Court issued its Revised Second Amended Order Regarding Case Categorization Forms. (Filing No. 10617). The Court noted that "many Plaintiffs" had failed to meet the December 22 deadline, and therefore the case categorization deadline was extended to January 31, 2019, and any case failing to comply would be dismissed without prejudice. *Id.* The Court noted that many plaintiffs continued to submit categorization forms subsequent to

Defendants' Second Amended Motion to Dismiss. *Id*. The Court then provided that 1.) dismissals of the cases in Exhibits A and B to Defendants' Second Amended Motion to Dismiss would occur through separate order, and 2.) "All Plaintiffs who have not complied with the January 31 deadline are **ORDERED** to categorize their cases using the form provided in Filing No. 9638-1, supported by specific medical documentation, and to submit the same to the Cook Defendants and Plaintiffs' Leadership, within **15 days** of the date of this Order." *Id.* (Emphasis in the original). The plain language of the Court's order allows an extension for "All Plaintiffs who have not complied with the January 31 deadline[.]" *Id.* Plaintiff submitted the required form and documentation prior to this new deadline.

Although Plaintiff's dismissal was without prejudice, Decedent Theresa Milke can sustain no future injury, which is required in order to refile. (Filing No. 10622). Therefore, in effect, the dismissal is with prejudice.

Defendants have not argued that reinstating Plaintiff's case would be futile, as they have argued in other similar responses. Plaintiff completed the case categorization form with supporting documentation. Plaintiff timely complied with the plain language of the May 7, 2019 order. Defendants note in their response that statements made regarding the order might limit its application only to plaintiffs filing after November 14, 2018. (Filing No. 10915, 2). However, Plaintiff's counsel would have had no knowledge of these circumstances, nor does this limitation appear in the express language of the order.

Plaintiff submits that dismissal of Plaintiff's case, in effect with prejudice, conflicts with the May 7, 2019 order granting Plaintiff until May 22, 2019 to comply with the case categorization procedure. Therefore, this dismissal should be vacated under Rule 59(e).

## II. Plaintiff's counsel's inadvertent actions are excusable under Rule 60(b).

The excusable neglect standard under Rule 60(b)(1) is an equitable standard. The purpose for this rule is to prevent cases to be decided by dismissals as a result of missed deadlines. *Newgen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016). Such judgments are generally disfavored. This is because it is an underlying principal of the Federal Rules of Civil Procedure that cases should be decided on the merits instead of technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d Cir. 2015). Here, the dismissal of Plaintiff's case is in effect with prejudice, due to the type of technical failure squarely within the ambit of 60(b)(1).

<u>Defendants rely on case law that has been superseded by the Supreme Court</u>.

For clarification, Defendants rely on case law before 1993 holding that excusable neglect under 60(b)(1) can never include negligence. However, the Supreme Court in *Pioneer Inv. Services Co v. Brunswick Assoc's Ltd. P'ship*, 507 U.S. 380, (1993), adopted a "flexible understanding" of Rule 60(b)(1) that "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Id* at 394; *See also Tate v. Riverboat Services, Inc.*, 305 F. Supp.3d 916, 919-922 (N. Dist. IN, 2004). (finding excusable neglect where there was genuine confusion about deadlines where multiple similar cases were pending, there was little prejudice to the non-movants, and the movant had acted inadvertently, in good faith). Defendants rely on cases superseded by the *Pioneer* decision in essentially conflating the 60(b)(1) standard with a due-care standard. (*See* Response, Filing No. 10915, 3-4).

60(b) provides that the Court has discretion to reinstate Plaintiff's case for the reasons of: "(1) mistake, inadvertence, . . . or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Pr. 60(b)(1), (6). Trial on the merits is strongly favored over default judgments, especially "where the default has not been willful." *A.F. Dormeyer Co. v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 43 (7th Cir. 1972).

Excusable neglect is an equitable doctrine without precise definition. *Pioneer*, 507 U.S. at 395. Factors that may be considered include the impact of the delay on the judicial proceedings, the prejudice to the non-moving party, whether the movant acted in good faith. *Id.*

In *A.F. Dormeyer*, counsel had erroneously operated under the local rules to which he was familiar, instead of that of the applicable court, and in doing so failed to file a responsive pleading. There the district court entered a default judgment, and later denied a motion to vacate the judgment. The 7th Circuit reversed, finding counsel's error to constitute excusable neglect. 461 F.2d at 43.

<u>The error was inadvertent and made in good faith.</u>

Here, Plaintiff's counsel missed the original case categorization deadline, inadvertently and in good faith. Once discovered, Plaintiff's counsel acted expeditious to comply with the case categorization procedure, as well as to file the present motion. Plaintiff's counsel did so before the May 22, 2019 deadline. In Defendants' words in its Second Amended Motion to Dismiss, "many plaintiffs" failed to meet the original deadline. (Doc. 10211, 1-2). As of March 14, 2019, 336 cases had still failed to comply with the categorization order, per Defendants' reply brief. (Doc. 10307). Many plaintiffs have found themselves in the same or similar circumstances as Plaintiff. This would seem to be paradigmatic circumstances for this Court to reinstate Plaintiff's case under Rule 60(b)(1).

Defendants characterize Plaintiff's counsel as "not even marginally diligent[.]" However, well over one hundred plaintiffs are in the same position as Plaintiff, and according to Defendants, over three hundred plaintiffs have failed to comply with the categorization order. Plaintiff's counsel's error was a common one.

Out of the 10,000-plus master docket entries in this matter, three entries, and three additional withdrawn or stricken entries, concern deadlines for Plaintiff's (now completed and tendered) categorization form. Plaintiff's counsel had incorrectly assumed that dispositive motions for individual cases would not be filed in the master docket. As Defendants detail at length, this assumption was in error. However, it was in good faith, and inadvertent.

Defendants argue that any diligent counsel should have easily discovered the deadline due to, for example, the order on Defendants' motion for a screening order and bellwether selection plan. However, this entry contained no deadlines. (Filing No. 9322). Defendants argue that what seems to have been oral statements made to the Court during a different plaintiff's trial should have plainly put Plaintiff on notice of a deadline. That docket entry reads, in its entirety:

> The parties appear for the motions hearing set this date. Plaintiffs appear by Ben Martin, Joe Williams. Mike Heaviside, Roger Mandel, Laura Baughman, Misty Farris and Denman Heard; Defendants appear by Andrea Pierson, Chuck Webber, Jessica Cox, Ryan Hurley Kip McDonald, Bruce Jones and Anna Rutigliano. The court hears argument from the counsel. Court is adjourned until 9:00 a.m. tomorrow.

(Filing No. 9875). Defendants have exaggerated the notice-providing qualities of this entry.

Defendants argue that "[a]ny minimal diligence over the 7-month period" between the Court's October 2, 2018 order, without deadlines, and the dismissal on May 8, 2019, would have necessarily led to the discovery of the deadlines. This 7-month period contains 1,300 master docket entries. For counsel who, erroneously, were not expecting dispositive motions to appear in the master docket, three to six entries out of 1,300 entries are frankly easy to miss, without affirmative efforts in place to screen for such needles, so to speak, in the 1,300 master docket emails. Plaintiff's counsel, in good faith, but in error, had not yet put such efforts in place.

<u>There has been no prejudice to Defendants.</u>

Defendants have sustained no prejudice whatsoever by Plaintiff's tardy submission. In their response brief, Defendants do not argue that they have sustained any prejudice. (*See* Filing No. 10915). Defendants received Plaintiff's submission before the extended May 22, 2019 deadline that, according to the May 7, 2019 order, extended the deadline for "[a]ll Plaintiffs who ha[d] not complied with the January 31 deadline[.]" (Filing No. 10617). If Plaintiff's submission on May 21, 2019 was one of many received before the May 22, 2019 deadline, it is difficult to imagine how Defendants could be prejudiced by the timing of Plaintiff's submission.

*The delay, compared with the de facto April deadline, has been short.*

Defendants' response indicates that, practically speaking, the deadline was extended "through the end of April[.]" (Filing No. 10915, 6). Plaintiff's submission was tendered merely weeks later. Therefore, the delay, practically speaking, is short. The timing of the submission, presumably one of many received before the May 22, 2019 deadline, will not materially affect the judicial proceedings.

Due to the good faith inadvertence of Plaintiff's counsel's error, the lack of any prejudice to Defendants, and the common nature of this error, which appears to have been widely shared by well over one hundred plaintiffs in the same position, Plaintiff respectfully requests this Court to vacate its dismissal, which in effect is a dismissal with prejudice.

Dated: June 4, 2019                     By:     /s/ Daniel R. Seidman
                                                Attorney for Plaintiff


Daniel R. Seidman
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
(618) 235-7622
f: (224) 603-8345
No. 6308142
dseidman@seidmanlaw.net

## CERTIFICATE OF SERVICE

      I hereby certify that on June 4, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                                   By:    /s/ Daniel R. Seidman
                                                                                  Attorney for Plaintiff

Daniel R. Seidman
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
(618) 235-7622
f: (224) 603-8345
No. 6308142
dseidman@seidmanlaw.net