IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
Pamela Beard

Civil Case # 1:17-cv-01559

## MOTION TO VACATE ORDER OF DISMISSAL AND REINSTATE CASE

COMES NOW, Plaintiff, PAMELA BEARD, by and through her undersigned counsel, hereby files her MOTION TO VACATE ORDER OF DISMISSAL AND REINSTATE CASE, pursuant to Fed. R. Civ. P. 60(b)(1). Plaintiff states as follows:

- Plaintiff did not receive Defendant's Motion to Dismiss her case for failure to comply with the order regarding categorization forms because while the categorization form had been completed, Plaintiff was not aware that it had not been sent to Defendants. Lead counsel for this suit left the firm around the time these forms were due, and in the resulting reassignment of cases, the failure on the part of counsel for Plaintiff to send Defendants the completed forms was not noticed until Plaintiff was provided with the notice of the dismissal. Plaintiff's failure to comply with the court's order was inadvertent and/or constitutes excusable neglect.

- When balancing the harm to the parties, the dismissal of Plaintiff's claims far outweighs the prejudice to Defendant in not receiving Plaintiff's categorization form. Defendant cannot show it has been unfairly prejudiced by failure to receive the form since the information contained within the form was previously provided to Defendants in 2017 in Plaintiff's Fact Sheet, profile form and records.

**FACTS**

On May 12, 2017, Plaintiff filed her Short Form Complaint (Case No. 1:17-cv-1559-TWP-MJD) against Defendants. Plaintiff promptly complied with Court orders and discovery requirements including the Plaintiff Profile Form, the Plaintiff Fact Sheet and corresponding records.

Defendants filed a Motion that requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Form. Notice of the Court's granting of that motion (Doc. 9322) was provided to Plaintiff in the form of a Case Categorization Submission Instructions document, filed with the Court on November 21, 2018. This document designated a December 22, 2018 deadline for Plaintiffs to submit a Case Categorization Form and related supporting documents.

The previous lead attorney on this case, Zachary P. McFarlane, who was the primary point of contact for all documents and motions regarding this suit, left Plaintiff's firm in mid-January, 2019. Prior to his departure, all emails and correspondence were sent to his personal law firm email address (zmcfarlane@fittslawfirm.com), and Attorney McFarlane stated that he had provided all necessary documents and updates regarding this case. In fact, these forms had been completed in house and our firm was under the impression that they had been submitted to the required email addresses. During the weeks leading up to his departure, a number of cases were being shuffled and/or reassigned, and Plaintiff inadvertently and unintentionally missed the December 22, 2018 deadline to provide the necessary documents pursuant to this Court's order.

Defendants filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. The Court granted Defendants' Second Amended Motion to Dismiss. Plaintiff's claim was specifically dismissed as she had failed to file her Case Categorization Form by the designated deadline.

The first notice received by Plaintiff's counsel that Defendant had filed a motion seeking dismissal of Ms. Beard's case was a May 9, 2019 email indicating that an order dismissing Ms. Beard's case had been entered. Shortly after being put on notice of Plaintiff's error, counsel for Plaintiff filed an Appearance of Counsel, designating a new lead counsel and providing an updated email address for future court documents.

Upon learning of the dismissal order, Plaintiff's counsel located the prepared the Categorization Form that had been previous filled out and is prepared to promptly serve it upon Defendant Cook at CookFilterMDL@FaegreBD.com and Plaintiff's Leadership at Plaintiffscoleadcounselmdl@gmail.com. Plaintiff's injuries are categorized as Category 4 "embedded and high-risk cases" and Category 5 "failed retrieval and complicated retrieval cases" because the attempted removal of the IVC filter was unsuccessful as the filter had tilted and the hook had become embedded into the vena caval wall.

Plaintiff has previously provided her Plaintiff Fact Sheet and his Plaintiff Profile Form prior to this inadvertent administrative error, and at all times Plaintiff has sought in good faith to timely complete all of his court-ordered obligations in pursuit of her litigation.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 60(b)(1), the court may relieve a party or its legal representative from a final judgment or order for "mistake, inadvertence…or excusable neglect." This relief must be sought on motion and within one (1) year of entry of the order. Fed. R. Civ. P. 60(c). Furthermore, this rule, like all of the Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983). In determining what is considered excusable neglect, Plaintiff's counsel requests this Court to apply the four-factor equitable test, which examines: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Pincay v. Andrews, 389 F.3d 853 (9th Cir.2004) (en banc); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions).

## ARGUMENTS & AUTHORITIES

The dismissal of Plaintiff's case has caused irreparable harm. When weighing the prejudice suffered by Defendant from this error to the harm to Plaintiff, the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and records. See, e.g., Barnhill v. United States, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating

the underlying action in favor of one party, the court must be guided by a certain measure of restraint.").

The dismissal of Plaintiff's claims because of inadvertent failure of Plaintiff's counsel to comply with the order is catastrophic to Plaintiff. See Central Ill. Carpenters Health & Welfare Trust Fund v. Rice Equip. Co., No. 14 CV 3390, 2015 WL 4378192, at *3, 2015 U.S. Dist. LEXIS 92214, at *8 (D.C. Ill. July 15, 2015) (finding that Counsel who failed to receive an email prior to entry of default because it was in spam showed "good cause" for the failure to receive the notice of default). In this matter, the departure of the lead counsel from Plaintiff's firm, and the prior/subsequent reassignment and shuffling of cases led to Plaintiff inadvertently missing the above-mentioned deadlines. Considering all factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

WHEREFORE, Plaintiff, PAMELA BEARD, respectfully requests this Court GRANT her Motion to Vacate Order of Dismissal and Reinstate Case, vacating the judgment of dismissal and allowing her case to be reinstated and added to the active docket, and any other relief this Court deems just and reasonable.

Respectfully Submitted,

/s/ *Bryant Fitts*
Bryant Fitts
Texas State Bar No.: 24040904
Colton R. Shufelt
Texas State Bar No.: 24103934
Fitts Law Firm, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Office: (713) 871-1670
Fax: (713) 583-1492
E-Mail: bfitts@fittslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *Bryant Fitts*
Bryant Fitts