IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB  <br><br>MDL No. 2570 |

This Document Relates to Plaintiff(s)

JOSEPH KEITH ANDERS
Case No.: 1:17-cv-01327-RLY-TAB

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTIONS TO VACATE AND/OR RECONSIDER THE COURT ORDER DISMISSING HIS CASE FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM**

**Reasons to Reconsider and Vacate Dismissal**

**1. Plaintiff was not served with any of defendants' motions and/or court orders related to case categorization and/or proposals to dismiss plaintiff's case.**

Specifically, although defendants assert that plaintiff and his attorney was apprised of the categorization on no fewer than ten occasions, (Def Resp at 7 and 8) and that "plaintiff does not dispute that Cook properly served plaintiff * * * or that ECF notices were sent to all counsel that registered for electronic service," *those assertions are incorrect*. The court's ECF system apparently malfunctioned and failed to serve plaintiff's counsel.

After June 1, 2017, plaintiff was not served with any of defendants' motions and/or the court's orders (with the exception of the case-specific version of Doc. 10622 filed as Doc. 12 on May 8, 2019 in plaintiff's individual docket). (See Motion to Reconsider Doc 10674, Dec. of Bowersox Doc. 10674-1, Dec. of Riedl Doc. 10674-11, Dec. of Bowersox, Ex 1A filed contemporaneously herewith.)

The court's General Amended Order Establishing Policies and Procedures (Doc. 3309) specifically states that "registered counsel of record will be served electronically with all orders issued by the court and all filings made by the parties." (Amended Order at 4.)

1

Service is mandated by FRCP 5(a), which requires that "unless these rules provide otherwise, a written motion, * * * and an order stating that service is required, must be served on every party." Rule 5(b)(2)(E) provides that service of motions and orders may be made by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing - in either of which events service is complete upon filing or sending, *but it is not effective if the filer or sender learns that it did not reach the person to be served*;" (emphasis added).

As demonstrated by plaintiff's motion for reconsideration (Doc. 10674) and the Declarations of plaintiff's attorney, Jeffrey Bowersox (Doc.10674-1) and Bowersox Law Firm's paralegal, Kim Riedl, (Doc. 10674-11) service of the motions and orders described above was not made on plaintiff's attorney even though plaintiff's attorney was a registered user of the court's ECF system. Attached to the Supplemental Declaration of Bowersox is Exhibit 1(A) which is a screenshot of Bowersox's Microsoft Outlook folder related to the IVC/Cook Medical case following a search for all email sent to Bowersox by the court's ECF system from April 26, 2017 through May 13, 2019. As can be seen from the screenshot Exhibit, no email was received by Bowersox from the court's ECF system after June 1, 2017 until May 10, 2019.

Failure to serve plaintiff and his attorney pursuant to FRCP 5 is alone adequate basis for the court to reconsider its previous dismissal of plaintiff's action.

### 2. Plaintiff is Not Asking to File a New Complaint and is Not Re-entering the MDL

Plaintiff is asking for reinstatement of his existing complaint. He is not filing a new complaint or attempting to re-enter the MDL.

### 3. Reconsideration and Relief From Judgment Under FRCP 59 and/or FRCP 60

The excusable neglect standard under Rule 60(b)(1) is an equitable standard. The purpose for this rule is to prevent cases to be decided by dismissals as a result of missed deadlines. *Newgen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016). Such judgments are generally disfavored. This is because it is an underlying principal of the Federal Rules of Civil Procedure

that cases should be decided on the merits instead of technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d Cir. 2015). Here, the dismissal of Plaintiff's case is in effect with prejudice, due to the type of technical failure squarely within the ambit of 60(b)(1).

      <u>Defendants rely on case law that has been superseded by the Supreme Court.</u>

      Defendants rely on case law before 1993 holding that excusable neglect under 60(b)(1) can never include negligence. However, the Supreme Court in *Pioneer Inv. Services Co v. Brunswick Assoc's Ltd. P'ship*, 507 U.S. 380, (1993), adopted a "flexible understanding" of Rule 60(b)(1) that "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." Id at 394; See also *Tate v. Riverboat Services, Inc.*, 305 F. Supp.3d 916, 919-922 (N. Dist. IN, 2004). (finding excusable neglect where there was genuine confusion about deadlines where multiple similar cases were pending, there was little prejudice to the non-movants, and the movant had acted inadvertently, in good faith). Defendants rely on cases superseded by the Pioneer decision in essentially conflating the 60(b)(1) standard with a due-care standard. (See Response, Filing No. 10915, 3-4).

      FRCP 60(b) provides that the Court has discretion to reinstate Plaintiff's case for the reasons of: "(1) mistake, inadvertence, . . . or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Pr. 60(b)(1), (6). Trial on the merits is strongly favored over default judgments, especially "where the default has not been willful." *A.F. Dormeyer Co. v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 43 (7th Cir. 1972).

      Excusable neglect is an equitable doctrine without precise definition. Pioneer, 507 U.S. at 395. Factors that may be considered include the impact of the delay on the judicial proceedings, the prejudice to the non-moving party, whether the movant acted in good faith. *Id.*

      In *A.F. Dormeyer*, counsel had erroneously operated under the local rules to which he was familiar, instead of that of the applicable court, and in doing so failed to file a responsive pleading. There the district court entered a default judgment, and later denied a motion to vacate

3

the judgment. The 7th Circuit reversed, finding counsel's error to constitute excusable neglect. 461 F.2d at 43.

*Plaintiff was not served by the ECF system; moreover any error was inadvertent and made in good faith.*

Here, Plaintiff's counsel missed the original case categorization deadline because he was not served with defendants' motion nor with the court's order. Moreover, any error made by plaintiff's counsel was inadvertent and in good faith. Once discovered, Plaintiff's counsel acted expeditious to comply with the case categorization procedure, as well as to file the present motion. Plaintiff's counsel did so before the May 22, 2019 deadline. In Defendants' words in its Second Amended Motion to Dismiss, "many plaintiffs" failed to meet the original deadline. (Doc. 10211, 1-2). As of March 14, 2019, 336 cases had still failed to comply with the categorization order, per Defendants' reply brief. (Doc. 10307). Many plaintiffs have found themselves in the same or similar circumstances as Plaintiff. This would seem to be paradigmatic circumstances for this Court to reinstate Plaintiff's case under Rule 60(b)(1).

Defendants characterize Plaintiff's counsel as "not even marginally diligent[.]" However, well over one hundred plaintiffs are in the same position as Plaintiff, and according to Defendants, over three hundred plaintiffs have failed to comply with the categorization order. Plaintiff's counsel's error was a common one and moreover, in this instance, occurred due to a failure of the ECF service system.

Defendants argue that any diligent counsel should have easily discovered the deadline due to, for example, the order on Defendants' motion for a screening order and bellwether selection plan. However, this entry contained no deadlines. (Filing No. 9322). Defendants argue that what seems to have been oral statements made to the Court during a different plaintiff's trial should have plainly put Plaintiff on notice of a deadline. That docket entry reads, in its entirety:

> The parties appear for the motions hearing set this date. Plaintiffs appear by Ben Martin, Joe Williams. Mike Heaviside, Roger Mandel, Laura Baughman, Misty Farris and Denman Heard; Defendants appear by Andrea Pierson, Chuck Webber, Jessica Cox, Ryan Hurley Kip McDonald, Bruce Jones and Anna Rutigliano. The court hears argument from the counsel. Court is adjourned until 9:00 a.m. tomorrow. (Filing No. 9875).

Defendants have exaggerated the notice-providing qualities of this entry.

Defendants argue that "[a]ny minimal diligence over the 7-month period" between the Court's October 2, 2018 order, without deadlines, and the dismissal on May 8, 2019, would have necessarily led to the discovery of the deadlines. This 7-month period contains 1,300 master docket entries. Plaintiff's counsel, in good faith, did not independently search the docket in the absence of ECF service. Moreover, FRCP 5 and basic rules of due process require that plaintiff be served with the motions and orders. Plaintiff was not served.

### *There has been no prejudice to Defendants.*

Defendants have sustained no prejudice whatsoever by Plaintiff's tardy submission. In their response brief, Defendants do not argue that they have sustained any prejudice. (See Filing No. 10888). Defendants received Plaintiff's submission before the extended May 22, 2019 deadline that, according to the May 7, 2019 order, extended the deadline for "[a]ll Plaintiffs who ha[d] not complied with the January 31 deadline[.]" (Doc. 10617). If Plaintiff's case categorization submission on May 10, 2019 was one of many received before the May 22, 2019 deadline, it is difficult to imagine how Defendants could be prejudiced by the timing of Plaintiff's submission.

### *The delay, compared with the de facto April deadline, has been short.*

Defendants' response indicates that, practically speaking, the deadline was extended "through the end of April[.]" (Doc. 10888 at 9, 6). Plaintiff's submission was tendered less than two weeks later. Therefore, the delay, practically speaking, is short. The timing of plaintiff's submission, presumably one of many received before the May 22, 2019 deadline, will not materially affect the judicial proceedings.

Due to the failure of the ECF system to serve plaintiff's attorney, the good faith inadvertence of Plaintiff's counsel's error, the lack of any prejudice to Defendants, and the common nature of this error, which appears to have been widely shared by well over one hundred plaintiffs in the same position, Plaintiff respectfully requests this Court to vacate its dismissal, which in effect is a dismissal with prejudice.

### Defendants' Insistence on Dismissal for Failure to Comply With a Case Categorization Form is Unfair and is a Deprivation of Plaintiff's Right to a Jury Trial

The case categorization form and orders implementing that procedure appear to be a management tool encouraged by Cook to obtain dismissal of cases it does not believe have merit. However, the proper procedure for a dismissal on the merits, such as effectively exist with the dismissal of plaintiff Anders' case under the current order, is a motion for summary judgment.

The case categorization form requires plaintiff to fit into categories that may not be entirely consistent with his injury. Moreover, the categorization order requires plaintiff to submit an existing *medical record* in support of his claim even if such a record would not necessarily exist in the ordinary course of medical care.

In plaintiff Anders' case, he has been informed on two occasions by medical providers that his IVC filter should not be retrieved because the risk that he would face in undergoing such a removal would exceed the benefit of removal at this time. However, neither of those physicians reduced that advice to a chart note and plaintiff does not have an existing chart note that enables him to comply with the categorization order.

This is a denial of plaintiff's right to due process and his constitutional right to a jury trial. Procedures are in place in the Federal Rules of Civil Procedure for dismissal of claims on the merits when plaintiff is unable to provide adequate basis to go forward with a claim. In particular, defendants can and should file a Rule 56 motion for summary judgment if they believe that plaintiff's claim is not merited under operative diversity state

law, in this case, Oregon state law. Plaintiff would then have an opportunity to present evidence in a form other than an existing chart note. Plaintiff could obtain a declaration of a physician that would support his claim. The declaration is not a *medical record*, nonetheless it would be adequate to support plaintiff's continued right to pursue his claim under the complaint he has filed and that has been managed in the MDL.

If defendants truly believe that Mr. Anders' claim does not belong in the MDL because of the physical and emotional injuries he has sustained (and based on the particular facts of his case) defendants can and should ask that the case be remanded to the Oregon District Court for individual attention in accordance with the Federal Rules of Civil Procedure and Oregon state law regarding product liability and personal injury that apply to the merits of Mr. Anders' personal injury/product liability claim.

In the alternative, plaintiff's case should be reinstated and he should be given 30 days thereafter to obtain and serve a physician's declaration or report supporting plaintiff's Category 4 categorization.

## Conclusion

Defendants have obtained a dismissal of plaintiff's case without proper notice to plaintiff in violation of Federal Rules of Civil Procedure Rule 5, plaintiff's basic due process right to notice and an opportunity to be heard and his constitutional right to a jury trial. Plaintiff's claim is an individual personal injury claim that has been consolidated for pretrial purposes. Defendants have attempted to leverage the court's good-faith attempt to manage the litigation to effectively obtain a dismissal with prejudice of plaintiff's existing, valid, personal injury and product liability claims as they exist under Oregon law through defendants' mechanism of a "case categorization form." The correct procedure for evaluation and possible dismissal would be a motion for summary judgment under Rule 56.

Because plaintiff did not receive notice of the motion and/or orders in the case (prior to the order dismissing his case) the court should reconsider its order dismissing his case, vacate the order and reinstate plaintiff's case. Further, any attempt to dismiss plaintiff's case on its merits should be established through the proper procedural safeguards of summary judgment, rather than defendants' method of case/docket management by imposing unfair burdens upon plaintiff to use medical records that do not exist when other evidence establishing his claim can and will be produced upon motion for summary judgment.

In the alternative, plaintiff requests the court reinstate his case and grant him thirty days from the entry of order to obtain the declaration of a physician that will support his Category 4 categorization.

Dated: June 5, 2019.

Respectfully submitted,

**Bowersox Law Firm, P.C.**
 */s/ Jeffrey A. Bowersox*
Jeffrey A. Bowersox, OSB No. 81442
**Bowersox Law Firm, P.C.**
3 Centerpointe Drive, Suite 190
Lake Oswego, OR 97035
Telephone: (503) 452-5858
Facsimile: (503) 345-6893
Jeffrey@bowersoxlaw.com
***Lead Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

By:   /s/ Jeffrey A. Bowersox
Jeffrey A. Bowersox, OSB No. 81442
**Bowersox Law Firm, P.C.**
3 Centerpointe Drive, Suite 190
Lake Oswego, OR 97035
Telephone: (503) 452-5858
Facsimile: (503) 345-6893
Jeffrey@bowersoxlaw.com
*Lead Counsel for Plaintiff*