IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND             Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                              MDL NO. 2570

This document relates to:
JACQUELYN DURRANT
Civil Case No. 1:17-cv-2259

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF JACQUELYN DURRANT'S REPLY IN SUPPORT OF
HER MOTION TO VACATE ORDER DISMISSING HER CASE**

NOW INTO COURT comes Plaintiff Jacquelyn Durrant, to file this Reply Brief in Support of her Motion to Vacate. This Court's dismissal of the Plaintiff's suit resulted from a mere clerical mistake by her counsel and should be reinstated. As a result of the Defendant's defective IVC filter product, the Plaintiff suffered an injury in the form of a tilted filter and failed retrieval surgery – as indicated by the medical records that Plaintiff served on the Defendants nearly two years ago.

Only now, when Plaintiff's counsel seeks to correct a serious – but honest – mistake on their part, do the Defendants attempt to claim her suit is time-barred. As Utah law on the subject allows, the Plaintiff filed her case within two years of discovering that the injuries she suffered were caused by the defective nature of her Cook filter. The Plaintiff – and her counsel – ask this Court to allow them to correct this error and reinstate her lawsuit.

**I.      The Federal Rules Allow This Court to Reinstate the Plaintiff's Complaint.**

In this matter, the Plaintiff Jacquelyn Durrant seeks to have this Court's Order dismissing her lawsuit against the Defendants vacated and her complaint reinstated pursuant to Fed. R. Civ. P. 60(b). Rule 60(b)(1) allows for a court to grant relief from a judgment due to "mistake,

inadvertence, surprise, or excusable neglect..." In *Pioneer Inv. Servs. Co. v. Brunswick Associs. Ltd. Partnership*, the Supreme Court adopted a liberal standard for what constitutes "excusable neglect." "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993). For the Court, the determination of what constitutes "excusable neglect" under Rule 60(b) is:

> at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith.

*Id.* at 395.

The Seventh Circuit has recognized this expanded, post-*Pioneer*, standard for granting relief under Rule 60(b). See *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997). "[U]nder *Pioneer*, "excusable neglect" could include '*omissions through carelessness and mistake.*'" *Id.*, citing *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993) (emphasis original). And while some may consider Rule 60(b) relief an extraordinary remedy, it no longer requires a showing of "extraordinary circumstance" to establish excusable neglect. See *Robb*, 122 F.3d at 359; see also *Matter of Singson*, 41 F.3d 316, 319-320 (7th Cir. 1994).[1] In their opposition, the Defendants cite exclusively pre-*Pioneer* case law, or case law that does not analyze the effect of the *Pioneer* case on the excusable neglect standard.

Here, the Plaintiff asks that this Court recognize the "mistake, inadvertence, or excusable neglect," in her attorney's erroneous Case Categorization Form filing. As stated in the original

---

[1] The *Singson* case does analyze the term "excusable neglect" as it applies to the U.S. Bankruptcy Code. However, the Seventh Circuit has also recognized that "the term bears the same or similar meaning through the federal procedural domain." *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996).

Motion to Vacate, Plaintiff's counsel inadvertently mis-categorized her case, relying on the wrong set of medical records. This mistake caused no prejudice to the Defendants, as the medical records evidencing the second IVC filter implant were served with Ms. Durrant's Plaintiff Profile Form nearly two years ago. Plaintiff timely filed her PPS on July 28, 2017. That PPS also indicates, in Section V. Outcome Attributed to Device, that Plaintiff Durrant's filter was migrated, tilted, and unable to be retrieved. Defendants were well on notice, prior to the case census process and the Case Categorization Forms, of the injuries claimed by Plaintiff.

Plaintiff also represents that reinstating her complaint will have no real impact on the wider proceedings in this MDL. The mistake here by Plaintiff's counsel they now seek to remedy, while serious, was made in an effort to comply in good faith with this Court's Categorization Order. Plaintiff now asks that this Court recognize her incorrect categorization as a Category 1 case for the excusable neglect that it was and vacate its prior order of dismissal.

## II.     The Plaintiff's Claims are Not Time-Barred Under Utah Law

Instead of dealing solely with the Plaintiff's legitimate grounds for Rule 60(b) relief from the order dismissing her claims, the Defendants now wish to argue that her claim is time-barred under Utah law. While the Plaintiff believes that this case lacks the discovery and development of the facts necessary to determine whether or not the statute of limitations has run on her claim, she also believes that her case clearly falls within the statute of limitations and the discovery rule outlined in Utah law. It is clear that reinstatement of Plaintiff's lawsuit would not be futile.

### i. *Utah's Discovery Rule applies in this case.*

Plaintiff does not dispute Defendant's characterizations of the various statutes of limitations that apply to her claims. Under Utah law, product liability claims apply a two-year

3

statute of limitations, while general negligence and personal injury claims apply a four-year statute.

Generally a "statute of limitations begins to run upon the happening of the last event necessary to complete the cause of action." *Warren v. Provo City Corp.*, 838 P.2d 1125, 1128–29 (Utah 1992) (quotations and citations omitted). However, Utah law recognizes certain circumstances under which a statute of limitations is tolled "until the discovery of facts forming the basis for the cause of action:" (1) where the discovery rule is mandated by statute; (2) where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct; and/or (3) where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust. *Id.* at 1129.

Here, both the first and second situations apply: 1) with regard to the Utah Products Liability Act, the discovery rule is statutorily mandated, and 2) the Plaintiff alleged that Defendants engaged in concealment or misleading conduct that would've prevented her from discovery the cause of her injuries.

> ii. *Plaintiff's product liability claims fall within the two-year statute of limitations.*

The Utah Products Liability Act requires a plaintiff to bring an action "shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, *both the harm and its cause*." Utah Code Ann. §79B-6-706. "In doing so, the "cause" which must be discovered is the legal cause, and not merely the "but for" cause." *Bridgewaters v. Toro Co.*, 819 F.Supp. 1002, 1009 (D.Utah 1993).

In this matter, Plaintiff Jacquelyn Durrant did not discover that the defective Gunther Tulip filter was the legal cause of her injuries until April 2016, when she saw a commercial

regarding lawsuits against the Defendants for this specific product. Ex. A, Declaration of Jacquelyn Durrant.

The Plaintiff's case is factually distinguishable from those cited by Defendants. In *McCollin v. Synthes*, the bone screws implanted in the plaintiff were not alleged to be defective in their design or manufacture. See *McCollin v. Synthes*, 50 F.Supp.2d 1119, 1122-1124 (D.Utah 1999). Similarly, in *Adams v. Am. Med. Sys., Inc.*, it was factually apparent that the mesh product itself caused her injuries nearly immediately after they occurred. *Adams v Am. Med. Sys., Inc.*, 705 F. App'x 744 747-748 (10th Cir. 2017). Finally, in *Ziots v. Stryker Corp.*, the factual record also showed that plaintiff knew the pain pump device itself caused her injury, but failed to exercise due diligence in discovering the manufacturer of the product. *Ziots v. Stryker Corp.*, 655 F. App'x 622, 625-26 (10th Cir. 2016).

Here, Ms. Durrant did not know that a defect in the design or manufacture of the Gunther Tulip device itself caused the filter to tilt, migrate, and become irretrievable. No doctor, including the one who performed the failed retrieval surgery, told her that a flaw in the device itself caused her injury. Ex. A, Declaration of Jacquelyn Durrant. Additionally, the facts alleged in the Master Complaint in this litigation set out a pattern of conduct by the Defendants that obfuscated the defective nature of the device, including continuing to promote the filters as safe when they knew of their defective nature. See Master Consolidated Complaint for Individual Claims at ¶¶29-50.  It was not until April of 2016 that Plaintiff was put on notice that the Cook Defendants' filter products may have been defective, and that such defect may have caused her injuries. See Ex. A, Declaration of Jacquelyn Durrant.

Whether or not a plaintiff, through due diligence, should have discovered the cause of her injury in a product liability context is a factual inquiry. Here, this Court should ask if it's

reasonable to have expected an ordinary person with no sophisticated medical knowledge to have discovered that the Gunther Tulip device itself caused her injuries, when no doctor involved in the diagnosis of those injuries identified the filter itself as the cause, and when the facts alleged in the complaint show a pattern of deception and concealment of the defective nature of the device by the Defendants. It is clear that Plaintiff could not have discovered the cause of her injury until the point at which she factually did, in April of 2016.

The statute of limitations on Plaintiff's product liability claims against the Defendants did not begin to run until she discovered the injurious nature of the Gunther Tulip filter device, in April of 2016. "Any other interpretation … would place an injured party in a possible Catch 22 situation of having to file a lawsuit against a manufacturer of a product without evidence that the manufacture's product is defective, or face losing the lawsuit due to passage of the applicable statute of limitations." *Bridgewaters*, 819 F.Supp. at 1009. Given that Plaintiff filed her Short Form Complaint in July 2017, her claims fall well within the two-year statute of limitations.

> iii. *Defendant's misleading and deceptive conduct also toll the statute of limitations.*

In the Master Consolidated Complaint, the Plaintiffs (as a whole) allege a series of misleading and deceptive acts by the Cook Defendants that would fulfill the second circumstance under which Utah law applies the discovery doctrine in tort claims. "[W]hen a plaintiff alleges that a defendant took affirmative steps to conceal the plaintiff's cause of action," Utah law applies a more liberal interpretation of the discovery rule. *Berenda v. Langford*, 914 P.2d 45, 51 (Utah 1996).

> In such a situation, the plaintiff can avoid the full operation of the discovery rule by making a prima facie showing of fraudulent concealment and then demonstrating that given the defendant's actions, a reasonable plaintiff would not have discovered the claim earlier.

*Id.*

6

Here, the Plaintiff alleges just that. In the Master Consolidated Complaint, Plaintiffs allege that the Defendants "failed to disclose to physicians, patients and/or Plaintiffs that its Cook Filters were subject to breakage, tilt, inability of removal, and migration even though they knew or should have known the same was true." Master Consolidated Complaint at ¶44. Further, the Defendants "continued to promote the Cook Filter as safe and effective even when inadequate clinical trials had been performed to support long or short to safety and/or efficacy." *Id.* at ¶45.

Again, as result of Defendant's conduct, the Plaintiff did not discover that the defective filter may have caused her injuries until April of 2016. No doctor she saw, including the one who attempted the failed retrieval surgery, told her that the irretrievable nature of the filter came as result of the design or manufacture of the filter itself. Indeed, given the conduct of the Defendants in promoting these products, her doctors themselves likely did not know of the problems with the Gunther Tulip filter.

Again, this illustrates the difficulties of attempting to answer these heavily fact-based inquiries in the form of a routine request for Rule 60(b) relief due to a clerical error by Plaintiff's counsel. This format, in a non-bellwether case where no discovery has been conducted beyond the submission of a Plaintiff Profile Sheet, does not lend itself to deciding a question more suited for summary judgment after a more full discovery has been conducted.

The application of the discovery rule to a given statute of limitations, under Utah law, is a question for a trier of fact. See *Berenda*, 914 P.2d at 54. "Close calls are for juries, not judges, to make." *Id.* This Court should not deny the Plaintiff's request to vacate its previous judgment based on a statute of limitations argument. Even if the Court is inclined to hear these arguments

out, it is clear, based on the available facts, that Plaintiff's claims fall within the statute of limitations.

## Conclusion

Plaintiff asks this Court to correct a serious, but ultimately honest, error on the part of her counsel. Their categorization of her case, mistakenly, as a Category 1, was due to a mere clerical error in identifying and serving the correct medical records. Under Fed. R. Civ. P. 60(b), this Court has the discretion to grant relief from a judgment due to "mistake, error, or excusable neglect," on the part of a party – or in this case, her counsel. The Defendant's arguments regarding the statute of limitations should not be decided in this procedural vehicle, but even if they were, the facts available show that Plaintiff filed her claims well within the requisite time period.

WHEREFORE, the Plaintiff respectfully asks that this Court VACATE its previous Order as it regards her case and REINSTATE her lawsuit against the Defendants.

DATED: June 5, 2019

>MURRAY LAW FIRM
>*/s/ Stephen B. Murray, Jr.*
>Stephen B. Murray, Jr. (LA Bar No. 23877)
>650 Poydras Street, Suite 2150
>New Orleans, Louisiana 70130
>(504) 525-8100
>smurrayjr@murray-lawfirm.com
>*Attorney for Plaintiff*

8

## CERTIFICATE OF SERVICE

  I hereby certify that on June 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                     /s/ *Stephen B. Murray, Jr.*