UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO PLAINTIFF:**<br><br>*Betty Bain*<br><br>Individual case No. 1:17-cv-3085 | **Case No. 1:14-ml-2570-RLY**<br>**MDL No. 2570** |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM

Plaintiff Betty Bain respectfully files this Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b) and requests that the Court reconsider its order dismissing Plaintiff's case without prejudice [Document No. 10622], and in support thereof states the following:

### INTRODUCTION

Dismissal of Plaintiff's claims would be highly prejudicial under circumstances described and sworn to below, and the harm caused to Plaintiff greatly outweighs any prejudice suffered by Defendants due to delayed service of categorization forms. This is particularly true where Defendants were already in receipt of substantially the same information through the Plaintiff Profile Form, executed authorizations, CMO #13 Categorization Forms, and complete medical records previously submitted and timely served.

Further, Plaintiff has now served the Case Categorization Forms pursuant to the Court's Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan and Order Regarding Case Categorization and Census.

## FACTS

On September 5, 2017, Plaintiff filed her Short Form Complaint in this matter. On October 3, 2017, Plaintiff timely uploaded and served on Defendants a Plaintiff Profile Form and corresponding authorizations and medical records per the Court's orders and discovery requirements.

In October 2018 and November 2018, respectively, the Court entered its Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan and Order Regarding Case Categorization and Census. Defendants filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Their Motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Form. *See* Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms ("Final Deadline Order"), Dkt. 9956, at 1. On May 7, 2019, this Court revised its order providing plaintiffs an additional 15 days to submit the Case Categorization Form along with supporting medical records to Cook Defendants and Plaintiffs' Leadership. *See* Revised Second Amended Order Regarding Case Categorization Forms, Dkt. 10617, at 2. Plaintiff's case was dismissed by this Court's Order (Filing No. 10622) on May 8, 2019.

The undersigned's Firm employs both a paralegal and an attorney with extensive MDL experience to monitor electronic filings. The primary method of review for IVC filings is to search email subject lines and document descriptions for particular case numbers and order types, such as Pretrial Orders and Case Management Orders. Additionally, the Firm utilizes an Outlook email "rule" enabled to send all master case notifications automatically to one subfolder. Plaintiff's counsel inadvertently failed to discover the Case Categorization Form deadlines in the master case, where they were provided per the local rules. As soon as this failure was discovered, Plaintiff's counsel worked to comply with the May 7, 2019, order by submitting the required form per the order's instructions. *See* Exhibits B and C.

At no point did the Defendants or Plaintiffs' leadership contact the undersigned counsel regarding the census order, possible dismissal, or anything else – whether by email, phone, or regular mail. In a routine, periodic review of the individual dockets – for the purpose of double-checking that no activity had been overlooked – counsel discovered the dismissal order for the first time on June 3, 2019.

## LEGAL STANDARD

A motion for reconsideration performs a valuable function where the court has made a decision outside the adversarial issues presented to the court by the parties. *Bank of Waunakee v. Rochester Cheese Sales, Inic.*, 906 F.2d 1185 (7th Cir. 1990). A motion to reconsider is appropriate where: "(1) the Court has patently misunderstood a party"; (2) the court has "made a decision outside the adversarial issues presented to the Court by the parties"; (3) the court has "made an error not of reasoning but of apprehension"; or (4) there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* At 1191.

In determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Id.* Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include the danger of prejudice to the defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id.*

Rules 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." Fed. R. Civ. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect …" Fed. R. Civ. P. 60(b)(1).

## ARGBUMENT

The dismissal of Plaintiff's case has caused irreparable harm. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant, the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and medical records for a second time that were previously submitted with Plaintiff's Profile Form. *See, Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.")

As discussed above, the information that is sought within the categorization form was already available to Defendant through: (1) Plaintiff's Profile Form; (2) Plaintiff's Medical Record Designation; and (3) Plaintiff's medical records. *See* Exhibit D. Conversely, the dismissal of Plaintiff's claims because of inadvertent failure of the undersigned to comply with the order is disastrous to Plaintiff. Plaintiff has sought in good faith to timely comply with all Court Orders and has now completed and served her case categorization forms, along with corresponding medical records, upon Defendants. *See* Exhibits B and C. Therefore, in balancing the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

## CONCLUSION

For these reasons, Plaintiff respectfully moves this honorable Court to vacate its order granting dismissal and reinstate her case in MDL 2570.

Dated: 6/5/2019                Respectfully submitted,

                                                                         /s/ Levi M. Plesset
Levi M. Plesset, Bar No. 296039
MILSTEIN JACKSON FAIRCHILD
& WADE, LLP
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067

Telephone: (310) 396-9600  
Facsimile: (310) 396-9635  
lplesset@mjfwlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BAIN, BETTY ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | Cause No. 1:14-ml-2570-RLY-TAB |
| ) | MDL No. 2570 |
| COOK GROUP, INC., COOK MEDICAL ) | |
| INCORPORATED a/k/a COOK ) | |
| MEDICAL, INC., COOK MEDICAL, ) | |
| LLC, COOK INCORPORATED, ) | |
| MEDICAL ENGINEERING AND ) | |
| DEVELOPMENT INSITUTE, INC., ) | |
| COOK MEDICAL TECHNOLOGIES, ) | |
| COOK DENMARK INTERNATIONAL ) | |
| APS, COOK DENMARK HOLDING APS, ) | |
| COOK GROUP EUROPE APS, COOK ) | |
| NEDERLAND BV, WILLIAM COOK ) | |
| EUROPE APS ) | |
| ) | |
| Defendant(s). ) | |

**ORDER GRANTING MOTION TO APPEAR *PRO HAC VICE***

This cause has come before the Court upon the motion of Levi Plesset, counsel for Betty Bain, for leave to appear and participate *pro hac vice* in the above-captioned cause only. Being fully advised, it is now ORDERED that the motion be, and hereby is, GRANTED.

Applicant's contact information should be entered as follows:
Levi Plesset
Milstein Jackson Fairchild & Wade, LLP
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067
Telephone: (310) 396-9600
Facsimile: (310) 396-9635
lplesset@mjfwlaw.com

Dated: _____                    _____
                                        Tim A. Baker
                                        United States District Court
                                        Southern District of Indiana

Distribution list:

To all registered counsel by CM/ECF
To PHV applicant via U.S. Mail
    Levi M. Plesset
    Milstein Jackson Fairchild & Wade, LLP
    10250 Constellation Blvd., Suite 1400
    Los Angeles, CA 90067