# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to Plaintiff:

ROGER PETERSEN

Civil Case No. 1:19-cv-01235

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS

COMES NOW, Plaintiff Roger Petersen ("Plaintiff"), by and through his counsel of record, and files this Response in Opposition to Defendants' Motion for Judgment on the Pleadings (Doc. 10856). Plaintiff respectfully requests that this Court deny Defendants' Motion and, in support thereof, states as follows:

1) Defendants' filed their Motion for Judgement on the Pleadings on May 28, 2019, based on their contention that Plaintiff is a Category 2 claimant based on the Categorization Form(s) and records that they had received.

2) Plaintiff's case was filed on March 27, 2019. Plaintiff submitted his Categorization Form per the Court's Order, alleging a Category 2 injury because at the time, counsel was under the belief that Plaintiff had not suffered from injuries other than mental distress. On further examination of the medical records, the record is clear that Plaintiff has suffered injury beyond those listed under Category 2 in the Categorization Form. In fact, the

medical records supplied to counsel for Cook, note that Plaintiff is suffering from multiple thromboses with the placement of the IVC filter.[1]

3. Category 2 is defined as "[C]ases where only non-physical injuries, such as worry, stress, or fear of future injury, have been alleged."

4. Plaintiff does allege mental distress but also suffers from blood clots likely caused by the IVC, and as such, his injuries extend beyond mental distress.

5. Cook's reliance on the Categorization form is misplaced. Cook cannot use the Categorization form as grounds for a Motion for Judgment on the Pleadings. The Categorization form clearly states that it "is not admissible and is not to be considered relevant for any other purpose."

6. Cook misconstrues Plaintiff's Plaintiff Profile Form ("PPF"). It is clear from the PPF that Plaintiff has suffered from injuries that do not squarely fit into Category 2. The PPF notes that Plaintiff has suffered from "blood clot in leg and lung."

Because Cook cannot rely on the Categorization form and the PPF does not assert only mental distress and because Plaintiff has produced records demonstrating injuries beyond mental distress this case does not fall squarely within the definition of Category 2.

Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendants' Motion for Judgment on the Pleadings.

Dated: Thursday, June 06, 2019        **THE MILLER FIRM, LLC**

                                      */s/ Jeff T. Seldomridge*
                                      Jeff T. Seldomridge, VSB # 89552

---

[1] An Amended Categorization form has been served of counsel for Cook.

108 Railroad Ave.<br>
Orange, VA 22960<br>
Phone: (866) 529-3323<br>
Fax: (540) 672-3055<br>
jseldomridge@millerfirmllc.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

          /s/ *Jeff T. Seldomridge*
          Attorney for Plaintiff