IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Actions | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO COOK DEFENDANTS' MOTION FOR ENTRY OF AMENDED BELLWETHER SELECTION PLAN PROTOCOL**

The Plaintiffs' Steering Committee, by counsel, provides the following response in opposition to Cook's request to amend the current bellwether selection plan protocol [Filing No. 10787]:

## Introduction

> **"To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'"**[1]

Cook's motion raises an important question:  whether a party may be penalized for exercising a procedural right? Tellingly, Cook offers no authority (or even rationale) for the punitive measures it seeks to impose. That is because the clear answer to whether the exercise of available procedural rights can be penalized is "no".

Cook proposes that Case Management Order #25 be modified so as to penalize Plaintiffs for exercising their *Lexecon* right to select the venue in which their cases

---

[1] *Bordenkircher v. Hayes,* 434 U.S. 357, 363 (1978).

will be tried at the close of MDL pre-trial proceedings.[2] More specifically, the amended procedure Cook proposes would require any Plaintiff who refuses to waive their *Lexecon* right to (1) appear at the July 11, 2019 status conference, (2) show cause as to the basis for their *Lexecon* right, (3) show cause as to why their refusal to waive *Lexecon* is proper, (4) certify that *Lexecon* matters were discussed between Plaintiff and attorney, and (5) certify that the refusal to waive *Lexecon* is made in good faith. [Filing No. 10787-1, at ECF p. 81186.]  Then, even after these punitive requirements are met on a case-by-case basis for each Plaintiff, Cook proposes that the whole of the Plaintiffs' side be "punished" by losing a strike each time a Plaintiff from the Bellwether Trial Pools refuses to waive *Lexecon*. [*Id.,* at ECF p. 81187. ]

By making the exercise of their *Lexecon* rights costly, Cook is attempting to pressure Plaintiffs into acquiescing to the venue that Cook deems most advantageous. If Cook can persuade the Court to require every Plaintiff who refuses to waive *Lexecon* to appear and show cause for his/her decision, then Plaintiffs essentially operate under a threat: you either waive your *Lexecon* right or you will be called into Court to defend why your action "is proper" (which itself wrongly implies a presumption of impropriety). This Court should decline to modify CMO #25 (Bellwether Selection Plan Protocol) so as to penalize Plaintiffs for exercising their procedural rights.

---

[2] Plaintiffs do not oppose Cook's proposed amendments to CMO #25 that adjust plan deadlines to conform to the Court's May 23, 2019 selection of the Discovery Pool.

# Argument

A. **Plaintiffs Should Not Be Required To Show Cause For Exercising Their Recognized Right To Select The Venue In Which Their Cases Will Be Tried At The Close Of MDL Pre-Trial Proceedings.**

The very act of requiring Plaintiffs to show cause why their exercise of a procedural right "is proper" is misguided. Show cause proceedings are generally used when a person is believed to be in violation of a court order. *E.g. Matter of O'Connor*, 83 N.E.3d 693 (Ind. 2017) (show cause proceeding relating to attorney's disobedience to Court order disbarring him from practice); *Cunningham v. Hiles,* 435 N.E.2d 49 (Ind. Ct. App. 1982) (show cause proceeding relating to violation of land covenant); *Bartlemay v. Witt,* 892 N.E.2d 219, 224 (Ind. Ct. App. 2008) (show cause proceeding relating to party's failure to produce documents as previously ordered by the court). That is not the case here. Far from violating any law or court order, Plaintiffs have merely chosen to retain and invoke a procedural right recognized by the United States Supreme Court.[3] The invocation of a procedural right is not misconduct; it is an integral part of the judicial process. Cook has not cited a single case where a party was ordered to appear and show cause for exercising a constitutional, statutory or decisional right.

---

[3] Cook does not contest that a *Lexecon* right of remand exists for Plaintiffs whose cases were transferred into the MDL by order of the JPML pursuant to 38 U.S.C. § 1407(a). For a thorough discussion of the basis for Plaintiffs' asserted *Lexecon* rights for Plaintiffs whose cases were directly filed into the MDL, Plaintiff respectfully directs the Court to (1) The Plaintiff Steering Committee's Bench Brief on *Lexecon* and the Bellwether Selection Process, and (2) The Plaintiff Steering Committee's Reply in Support of Its Bench Brief on *Lexecon* and the Bellwether Selection Process.

### B. Under Analogous Circumstances, Courts Have Held that the Appropriate Exercise of Available Procedural Rights Cannot be Penalized.

While Plaintiffs are unaware of any case where a plaintiff was penalized for invoking his or her *Lexecon* rights (and Cook has cited none), there are several cases where penalties for exercising procedural rights have been rejected under analogous circumstances. For example, in *United States v. Jackson,* the United States Supreme Court struck down a provision of the Federal Kidnapping Act stating that a defendant who pled guilty would not be subject to the death penalty. 390 U.S. 570, 581 (1968). While recognizing that there might be reasonable objectives behind the provision, the Court held that defendants who exercised their rights to plead not guilty and demand a jury trial could not be penalized with harsher sentences than those who opted to waive those rights.

Courts have applied similar logic to protect a host of other procedural rights from punitive restrictions. For instance, courts have recognized that a defendant should not be penalized for exercising the right to appeal. *Wasman v. United States,* 486 U.S. 559 (1984) (unless new evidence justifying a longer sentence is introduced in the second proceeding, a criminal defendant who exercises his right to a retrial cannot be given a harsher sentence than he received in the first trial as punishment for the successful appeal or to discourage similar appeals by other). Nor should a litigant be penalized for using the full span of time allotted before filing and serving his complaint. *Ortega v. Chicago Bd. of Educ.,* 280 F. Supp. 3d 1072, 1096 (N.D. Ill. 2017) (refusing to deny plaintiff pre-judgment interest due to delay in filing the case

when the case was filed within the period permitted by the rules, noting that imposing a shorter timeline would "penalize employment discrimination plaintiffs for exercising procedural rights to which they are entitled"). Thus, it is a recognized – and uncontroversial – principle that an individual many not be punished for exercising an available procedural right.

C. **The PSC does not object to conforming the dates included in CMO #25 to the current status of the bellwether selection protocol.**

The PSC does not object to the proposed dates included in Cook's proposed amended CMO #25. The PSC, however, does not intend this statement to mean that they have waived the issues set forth in their *Lexecon* bench brief and reply [*see* Filing Nos. 10715, 10901].[4]

## Conclusion

Plaintiffs request that the Court modify the plan deadlines as proposed by Cook, but that all other amendments requested by Cook in its Motion for Entry of Amended Bellwether Selection Plan Protocol be denied.[5] Plaintiffs additionally request all other and further relief to which they may be justly entitled.

---

[4] Cook has decided to remove its prior footnote stating that Plaintiffs themselves have "confirmed" a *Lexecon* waiver. The PSC agrees with that decision as Cook should not have included it in the first place. For the PSC's reasoning, *see* Filing No. 10901, at ECF p. 81734-735.

[5] Again, without waiving the *Lexecon* arguments previously made [*see* Filing Nos. 10715, 10901], the PSC has attached a proposed amended order that removes Cook's proposed punitive measures.

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:        jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

I hereby certify that on June 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

/s/ *Joseph N. Williams*
Joseph N. Williams