# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff:

HURIEYA MORTON

Civil Case No. 1:19-cv-00415

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS

COMES NOW, Plaintiff Hurieya Morton ("Plaintiff"), by and through her counsel of record, and files this Response in Opposition to Defendants' Motion for Judgment on the Pleadings (Doc. 10856). Plaintiff respectfully requests that this Court deny Defendants' Motion and, in support thereof, states as follows:

1) Defendants' filed their Motion for Judgement on the Pleadings on May 28, 2019, based on their contention that Plaintiff is a Category 2 claimant based on the Categorization Form(s) and records that they had received.

2) Plaintiff filed her complaint on January 28, 2019.[1] Plaintiff submitted her Categorization Form per the Court's Order, alleging a Category 2 injury, relying on the language of the Categorization Form.[2]

3. Category 2 is defined as "[C]ases where only non-physical injuries, such as worry, stress, or fear of future injury, have been alleged."

5. Cook's reliance on the Categorization form is misplaced. Cook cannot use the Categorization form as grounds for a Motion for Judgment on the Pleadings. The Categorization form clearly states that it "is not admissible and is not to be considered relevant for any other purpose."

6. Cook misconstrues Plaintiff's Plaintiff Fact Sheet ("PFS"). It is clear from the PFS that Plaintiff has suffered from injuries that go away beyond Category 2. The PFS notes that Plaintiff has suffered from "internal bleeding" and that the IVC filter has moved "to another location."

Because Cook cannot rely on the Categorization form and the PFS does not assert only mental distress, this case does not fall squarely within the definition of Category 2.

Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendants' Motion for Judgment on the Pleadings.

Dated: Thursday, June 06, 2019                    **THE MILLER FIRM, LLC**

                                                  */s/ Jeff T. Seldomridge*
                                                  Jeff T. Seldomridge, VSB # 89552

---

[1] Plaintiff filed her Complaint to protect her statute of limitations without all of her medical records. Plaintiff's counsel, at this current time, has been unable to obtain all of the medical records showing Plaintiff's injuries.
[2] "This Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

108 Railroad Ave.  
Orange, VA 22960  
Phone: (866) 529-3323  
Fax: (540) 672-3055  
jseldomridge@millerfirmllc.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                        /s/ *Jeff T. Seldomridge*  
                        Attorney for Plaintiff