UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAOPLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:
Cause No. 1:18-cv-00081-RLY-TAB
Lillie Sauls v. Cook Incorporated et al

### PLAINTIFF LILLIE SAULS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM and MOTION TO REINSTATE

Plaintiff Lillie Sauls respectfully files this Reply in Support of her Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b) and requests the Court reconsider its order dismissing Plaintiff's case without prejudice [Dkt. 10622].

### I.
### SAULS COMPLIED WITH THE COURT'S MAY 7, 2019 ORDER REQUIRING CATEGORIZATION WITHIN 15 DAYS THEREOF

Sauls has fully complied with the Court's May 7, 2019 Revised Second Amended Order regarding Case Categorization Forms [Dkt. 10617]. In that order, the Court required "[a]ll Plaintiffs who have not complied with the January 31 deadline" to submit their case categorization form and supporting medical documentation to the Cook Defendants and Plaintiffs' Leadership by May 22, 2019. Sauls fully complied with this order by submitting her case categorization form and supporting medical documentation to the Cook Defendants and Plaintiffs' Leadership on May 15, 2019. *See* Exhibit 1 hereto. As indicated in her case categorization form and supporting medical documentation, the filter implanted in Sauls has

migrated from the inferior vena cava to the renal vein, has perforated the inferior vena cava and protrudes into the right renal pelvis, causing pelviectasis, reduction in kidney function, and pain. The filter cannot be removed and Sauls has an increased risk for kidney stones and infection.

## II.
## SAULS HAS MET HER BURDEN UNDER RULE 59(e)

Defendants ignore both the basis of the relief requested by Sauls and the evidence submitted in support thereof. Defendants claim Sauls' counsel failed to stay diligent and monitor the docket. [Dkt. 10897 at p. 2.][1] This is not true, as established in Exhibit A to the Motion (hereafter, Exhibit A) (stating that MDL court filings were monitored and reviewed daily).

Defendants claim Sauls is not entitled to relief under Rule 59(e) because her "request for relief is not premised on any new case law or newly discovered evidence" but is premised solely upon a "procedural error" by Sauls' counsel. [Dkt. 10897 at n. 1]. This is not the sole avenue for relief under 59(e), as is clearly established in *Moro v. Shell Oil Co.*, 91 F.3d 872 (7th Cir. 1996), a case cited by Defendants. *Moro* notes, "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence *or* a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id* at 876, citing *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (emphasis added). Sauls argues both an error of law and fact are present here.

Furthermore, Sauls does not seek relief from any "procedural error." Sauls seeks relief from a death penalty sanction imposed upon her pursuant to FED. R. CIV. P. 16(f)(c) for failure "to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(c). Sauls' failure to obey the

---

[1] Defendants claim Sauls seeks relief "due to the alleged inadvertence and excusable neglect on the part of her counsel in monitoring the docket." [Dkt. 10897 at p. 3], citing Plaintiff's Motion at p. 1. To be clear, Plaintiff's counsel *never* failed to monitor the docket, they failed to recognize that the Order granting Defendants' Motion for Screening Order and Bellwether Selection Plain [Dkt. 9322, hereafter, the Order] and subsequent filings related thereto, applied to Sauls' case.

Order was not due to a "procedural error": the failure occurred because Sauls' counsel believed she *was already compliant* and would be notified prior to dismissal if this were untrue. Exhibit A at p. 2. Sauls contends this death penalty sanction is not warranted in this case, both as a matter of fact and as a matter of law. As such, Sauls is entitled to seek reconsideration under Rule 50(e).

Sanctions, especially death penalty sanctions, must be just. In *Long v. Steepro*, the Seventh Circuit notes that it stands "particularly vigilant in requiring proportionality 'where the draconian sanction of dismissal is imposed.'" *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000), quoting *Marrocco v. General Motors Corp.*, 966 F.2d 220, 223-24 (7th Cir. 1992). The Seventh Circuit also held, "This ultimate sanction is reserved for cases in which the offending party has demonstrated willfulness, bad faith, or fault." *Id.*, citing *Downs v. Westphal*, 78 F.3d 1252, 1256 (7th Cir. 1996) Fault, however, "suggests objectively unreasonable behavior; it does not include conduct that we would classify as a mere mistake or slight error in judgment." *Id.* at 987. "Absent these circumstances [of willfulness, bad faith, or fault], the careful exercise of judicial discretion *requires* that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice." *Id.* at 986, quoting *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986) (emphasis added) (internal quotations omitted).

Sauls established in her Motion that death penalty sanctions are not warranted here because Sauls has not (1) engaged in prior sanctionable conduct; (2) shown a clear pattern of delay; (3) engaged in willfully disobedient behavior; (4) failed to conform to lesser sanctions; (5) frequently failed to comply with deadlines; (6) acted culpably; or (7) severely prejudiced the defendant.  All of these are factors a court should consider when awarding death penalty

sanctions. *See, e.g. Kasalo v. Harris & Harris, Ltd.* 656 F.3d 557, 561. None of these, however, weigh in favor of imposing death penalty sanctions against Sauls.

Sauls' counsel were monitoring the docket and believed Sauls was in compliance. *See* Exhibit A at p. 2. Rule 59(e) allows Sauls to bring this mistake of fact to the Court's attention. The evidence presented in the Motion could not have been presented earlier because Sauls' counsel only became aware that they were operating under a mistaken belief after the Court dismissed this case. Once this discovery was made, Sauls presented evidence to the Court to establish that death penalty sanctions were not warranted because neither Sauls nor her counsel acted with willfulness, bad faith, or fault with respect to the Order. Sauls has met her burden for relief under Rule 59(e).

Defendants claim "Rule 59(e) also sets a high bar that Plaintiff cannot meet, for the reasons discussed in the text" [Dkt. 10897 at n.1]. Defendants fail, however, to describe this "high bar"[2] – and this omission immediately follows Defendants' incorrect recitation that "new case law or newly discovered evidence" is the "only" justification for relief under Rule 59(e). The "reasons discussed in the text" of Defendants' Opposition apply only to Sauls' request for relief under Rule 60(b), which requires a completely different showing than Rule 59(e). Defendants fail to recognize that while mistake, inadvertence, or excusable neglect are not bases for relief under Rule 59(e), they are also not bases for imposing death penalty sanctions. A manifest error in law and in fact in imposing this death penalty sanction is the basis of Sauls' request for relief under Rule 59(e). In sum, Defendants have failed to correctly identify even the factors supporting relief under Rule 59(e) and fail to address Sauls' argument and evidence thereunder. The Motion should be granted and Sauls' case reinstated.

---

[2] The sole case cited by Defendants, *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) does not contain the quote Defendants offer, nor any other language setting forth a "heavy burden" to be met before reconsideration will be granted under Rule 59(e). *See id* at 1264 *et seq.*

## III.
## SAULS HAS MEET HER BURDEN UNDER RULE 60(b)

Sauls has alternatively sought relief under Rule 60(b) because her counsel's belief that she was compliant with the Order was a result of mistake, inadvertence, or excusable neglect. Defendants' Opposition fails to address the current legal requirements for this standard. Defendants' Opposition instead relies on outdated and inapplicable legal standards. As reiterated below, Sauls' Motion should be granted under Rule 60(b) because of mistake, inadvertence, and/or excusable neglect.

Defendants cite *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989) for the proposition that "excusable neglect" means something more than negligence, carelessness, or a failure to exercise due care. *Id.* at 967. In *Lomas,* an attorney did not attend a foreclosure sale because he "became distracted and failed to realize the time." *Id.* at 968. The Seventh Circuit held that this was not excusable neglect because the attorney "offered no real excuse, beyond carelessness for his failure to attend the sale." *Id.* The United States Supreme Court, however, subsequently construed the term "excusable neglect" in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) and determined, "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* Defendants rely on an incorrect and outdated standard for Rule 60(b).

The Supreme Court in *Pioneer* also distinguished the burden imposed by Rule 60(b)(1), under which Sauls seeks relief, from that required by Rule 60(b)(6):

> Rule 60(b)(1) . . . permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment. Rule 60(b)(6) goes further, however. . . . To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. If a party is partly to blame for the delay,

> relief must be sought within one year under subsection (1) and the party's neglect must be excusable
>
> ….
>
> *[I]nability* to comply with earlier deadlines [takes a] case outside the scope of "excusable neglect" "because 'neglect' in the context of its subject matter carries the idea of negligence and not merely of non-action."

*Id.* at 393-94, quoting *Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (internal citations omitted)(emphasis in original). The Supreme Court further adopted the four nonexclusive factors set out in Sauls' Motion for guiding the equitable purpose of the rule: (1) the danger of prejudice to the non-movant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reasons for the delay; and (4) whether the movant acted with good faith. *Id.* at 395.

All but one of the cases relied upon by Defendants regarding the burden and factors for relief under Rule 60(b) predate *Pioneer*. The sole exception is *Dickerson v. Bd. of Educ.*, 32 F.3d 1114 (7th Cir. 1994), which itself relies almost exclusively upon cases pre-dating the *Pioneer* decision, does not mention *Pioneer*, and does not consider the *Pioneer* factors. *See Dickerson*, 32 F.3d at 1114 *et seq.* Understandably, the Seventh Circuit has expressly disapproved all of its prior cases that were inconsistent with *Pioneer* – including *Dickerson. See Robb v. Norfolk & Western Ry. Co.,* 122 F.3d 354 (7th Cir. 1997).

The Seventh Circuit made abundantly clear in *Robb* that "excusable neglect can include omissions through carelessness and mistake." *Robb*, 122 F.3d at 358 (internal quotations omitted). *Robb* also distinguished post-*Pioneer* decisions like those cited by Defendants. *See* Opposition at p. 4. *Robb* established that a mistake resulting in a missed deadline can be excusable neglect, distinguishing such mistakes, on the one hand, from situations of "neglecting a case altogether (i.e., 'slumbering')" or abandoning the litigation for years, on the other hand.

*Id.* at 360. Sauls' motion squarely falls within the excusable standard of Rule 60(b), where death penalty sanctions are clearly unjust.

As described in the Motion, there is no prejudice to Defendants because the information in the Categorization Form is duplicative of that contained in the Plaintiff Profile Form.[3] Defendants do not deny this lack of prejudice. Instead, Defendants assert that *Sauls* is not prejudiced by the dismissal. This is a reversal of *Pioneer*'s first factor: prejudice to the *non-movant.* Furthermore, it is untrue.

If the Court does not reconsider and reinstate Sauls' case, she will be prejudiced. Sauls has identified her substantial injuries caused by the IVC filter: tilting and migration of the device, predisposition for kidney stones and other infections, perforation of the inferior vena cava, organ perforation, severe pain, and increased medical expenses.  In Sauls' situation, the device also cannot be retrieved. If Sauls is unable to continue with her case, she will not be able to recover for the substantial injuries she has already incurred. In this case, the dismissal is prejudicial and unjust because Sauls has thoroughly reported her injuries to Defendants.  Additionally, Sauls has fully complied with the Court's May 7, 2019 order by submitting her case categorization form and supporting medical documentation to the Cook Defendants and Plaintiffs' Leadership on May 15, 2019.

Because Defendants have been aware of the information contained in the Characterization Form, there has been no delay as a result of Sauls' excusable neglect.[4] Defendants have had the information establishing Sauls' injuries, and the nature of those injuries, since before the Order. Moreover, the Court amended the deadline to serve her categorization *before* Sauls' case was dismissed and Sauls has complied with that amended deadline.

---

[3] *See* Motion at p. 6-7.
[4] *See* Motion at p. 6-7.

Sauls also addressed in the Motion the last two factors: the reason for the delay and whether she or her counsel acted in bad faith.[5] Counsel did review notices served in the general MDL. *See* Exhibit A at p. 1. Again, this is not about Plaintiff's counsel ignoring the MDL, failing to monitor the MDL, or even being unaware that case categorization was occurring. Rather, this is about Plaintiff's counsel's mistaken belief that Plaintiff was already in compliance with the Order. Sauls' counsel understood that (1) Plaintiffs' and Defendants' Leadership counsel would review the medical records that had already been submitted to them via the Plaintiff Profile Form and would classify the cases *for purposes of Bellwether selection* per their definitions and (2) Plaintiff's case-specific counsel would receive a notice of noncompliance and a 30 day compliance period if there were any issues. *See* Motion at p. 3 and Exhibit A at p. 2. Sauls' failure to comply with the Order is excusable neglect because Sauls believed she was compliant and she did not believe the Order applied to her case. *See* Exhibit A. Sauls did not act in bad faith.

[Remainder of the Page Left Blank Intentionally]

---

[5] *Id.*

## IV.
## CONCLUSION

Sauls has met her burden under both Rule 59(e) and 60(b) as shown above and in the Motion. Accordingly, Plaintiff respectfully requests that the Court reconsider its dismissal of her claims and reinstate Plaintiff's case.

Dated: June 6, 2019

Respectfully submitted,

THE SPENCER LAW FIRM

_____
David L. Augustus
Bar No. 24036159
E-mail: davidaugustus@spencer-law.com
Kimberlyann A. Robards
Bar No. 24086249
E-mail: kimrobards@spencer-law.com
4635 Southwest Freeway, Suite 900
Houston, Texas 77027
Telephone: (713) 961-7770
Facsimile: (713) 961-5336

*Attorneys for Plaintiff Lillie Sauls*

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2019, I electronically filed this document with the clerk of the court using the CM/ECF system which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

_____
David L. Augustus