IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION               MDL No. 2570

This Document Relates to the Following Actions:

Gardner, Estella, 1:17-cv-03004-RLY-TAB
Key, Charles, 1:17-cv-03005-RLY-TAB
King, Martrie, 1:17-cv-06069-RLY-TAB
Rose, Penny, 1:17-cv-06069-RLY-TAB
Routh, Clarence, 1:17-cv-06069-RLY-TAB
Rubicine, Frank, 1:18-cv-00510-RLY-TAB
Graham, Carla, 1:19-cv-00173-RLY-TAB
Bunner, Roger, 1:19-cv-01036-RLY-TAB
Cockrell Jerry, 1:19-cv-01037-RLY-TAB
Dickey, Vicki, 1:19-cv-01038-RLY-TAB
Franklin, Dennis, 1:19-cv-01042-RLY-TAB
Jordan, James, 1:19-cv-01068-RLY-TAB
Remo, Glenda, 1:19-cv-01074-RLY-TAB
Sanchas, Mattie, 1:19-cv-01078-RLY-TAB
Sears, Donald, 1:19-cv-01080-RLY-TAB
Severa, Gary, 1:19-cv-01144-RLY-TAB
Ware, Betty, 1:19-cv-01145-RLY-TAB

**SPECIFIED PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants have moved for judgment on the pleadings with respect to numerous cases, including the claims of the Plaintiffs enumerated above. For multiple separate, independent, and adequate reasons, Defendants' motion should be denied as to these Plaintiffs.

**I.    DEFENDANTS HAVE NOT BORNE THEIR BURDEN UNDER F.R.CIV.P. 12(c)**

Defendants misstate their burden under F.R.Civ.P. 12(c), and have not borne that burden in any event. "A party moving to dismiss under Fed.R.Civ.P. 12(c) bears a weighty burden." *In re*

1

*Ready-Mixed Concrete Price Fixing Lit.*. No. 1:05-CV-00979-SEB-VS, 2006 WL 2849711 (S.D.In. Sept. 29, 2006) at 1. "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears <u>beyond doubt</u> that the plaintiff cannot prove any facts that would support his claim for relief.'" *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998) (*quoting Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993)) (emphasis supplied). "Thus, to succeed, the moving party must demonstrate there are not material issues of fact to be resolved." *Id.*

Defendants have not submitted any evidence in support of the motion. "Where, as here, the parties submit no evidence outside the pleadings, a motion for judgment on the pleadings is reviewed under the standard of a Fed.R.Civ.P. 12(b)(6), Fed.R.Civ.P., motion to dismiss." *In re Ready-Mixed*, No. 1:05-CV-00979-SEB-VS, 2006 WL 2849711 (S.D.Ind. Sept. 29, 2006) at 1. That is the standard under which Defendants' motion should be judged. And as Plaintiffs were constrained by the pleading format and requirements of this MDL, this can hardly be held against them.

Defendants' arguments regarding "judicial notice" of the Categorizations Forms – reasoning so convoluted it takes a half-page footnote to explain – should be rejected. Plaintiffs understood the purpose of the Categorization Forms was to provide and aid to docket management for the Court, and the furtherance of the bellwether trial process. Indeed, Defendants' tactics contravene *the express purpose and terms of the Form as promulgated by the Court itself:*

> 4. The Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's [*sic*] Motion for Screening Order and Bellwether Selection Plan only **and is not admissible and is not to be considered relevant for any other purpose.**

Doc. 9638-1 at 1-2 (Court-promulgated Categorization Form) (emphasis supplied).

Contrary to the express terms of the Form – which Plaintiffs accepted in good faith – Defendants are now attempting to turn it into a *fait accompli* with respect to Plaintiffs' claims, rather than bear their own "heavy burden" on the motion. There is no place for that. This is why the only cases Defendants can cite in their footnote are all inapposite. They all involve *ex judicio* materials such letters of intent to sell goods, etc. Defendants' Memorandum in Support at 4 n.2. None of them involve case management materials, prepared within the confines of a fairly artificial categorization method, which expressly disclaimed any evidentiary value. The Categorization Forms are certainly useful. There is no call, however, to make them the sole sword upon which to impale Plaintiffs.

In any event, with or without consideration of the Categorization Forms, Defendants have not proved "<u>beyond doubt</u> that the plaintiff cannot prove any facts that would support his claim for relief.'" *Northern Ind. Gun & Outdoor Shows* 163 F.3d at 452 (quotations omitted) (emphasis supplied). Neither have the Defendants, as the moving parties, "demonstrate[d] there are not material issues of fact to be resolved." *Id.* (alteration supplied).[1] Indeed, Defendants have not submitted any discussion of Plaintiffs' specific case facts *whatsoever* – let alone giving Plaintiffs a full and fair opportunity to refute such specific allegations in turn. Defendants offer no basis to dismiss these claims.

---

[1] Defendants' suggestion that the Court should do their own work for them, by converting their motion into one for summary judgment, should also be rejected. Defendants are presumably well-familiar with the 0tenets of F.R.Civ.P. 56 and the procedural safeguards and evidentiary rigor demanded. Defendants' tactical decision to forego such motions directly informs the weakness of the motion they did ultimately bring.

### II.     THE MOTION IS PARTICULARLY OPPRESSIVE AS TO RECENTLY FILED CASES

Furthermore, the dismissal motion is particularly oppressive as to recently filed cases.  As the Court can see, this comprises the majority of the cases joining this opposition.[2]  With one exception, these cases were filed less than three months ago.  The Court's orders on the categorization program were somewhat ambiguous as to recently-filed cases, but these Plaintiffs nevertheless duly and promptly served categorization forms to their best of their present ability in good faith and an attempt to be helpful to the Court – despite not having half a year or more to prepare them, as did virtually all other plaintiffs.  It would be grossly unjust to dismiss these cases before they have had a full opportunity for discovery and to further explore and refine their cases.

WHEREFORE, the foregoing Plaintiffs respectfully request the Order of the Court DENYING Defendants' motion for judgment on the pleadings as it relates to these cases; in the alternative, for sufficient time to fully prepare their evidence in such cases; and for such other and further relief as this Court deems just and proper.

Dated: June 6, 2019                                     Respectfully Submitted,

**THE DRISCOLL FIRM, P.C.**

By:     */s/ Gregory J. Pals*
        Gregory J. Pals #48820 (MO)
        211 N. Broadway, 40th Floor
        St. Louis, MO 63102
        Tel: (314) 932-3232
        Fax: (314) 932-3233
        greg@thedriscollfirm.com
        *Attorneys for Plaintiffs*

---

[2] Specifically, Carla Graham, Roger Bunner II, Jerry Cockrell, Vicki Dickey, Dennis Franklin, James Jordan, Glenda Remo, Mattie Sanchas, Donald Sears, Gary Severa, and Betty Ware.

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF Filing system. Notice of this filing will be served on all parties of record by operation of the ECF system, and parties may access the filing through the ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Gregory J. Pals*