IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL NO. 2570 |

This document relates to:
TINA WISDOM
Civil Case No. 1:17-cv-349

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW INTO COURT comes Plaintiff Tina Wisdom, through undersigned counsel, to file this response in opposition to the Defendant's Motion for Judgment on the Pleadings in Category 2 Cases for Failure to State a Claim. As a result of the Defendants' defective IVC filter products, the Plaintiff suffered a cognizable injury in the form of severe emotional distress, for which she seeks damages in accordance with Ohio law. Despite the Defendants' blanket pronouncements about what is and is not recoverable under tort law, they fail to deal with the laws of the individual state under which the Plaintiff's claims are made.

Further, the Defendants seek to use the arbitrarily bounded Case Categorization Forms to do an end-run around the actual claims made by Plaintiff in her pleadings and previous discovery. For the following reasons, this Court should DENY Defendant's Motion for Judgment on the Pleadings as it applies to Plaintiff Tina Wisdom and Civil Case No. 1:17-cv-349. In the alternative, any dismissal of Plaintiff's claim should be *without* prejudice, so that she may re-file in the event of a future cognizable injury.

## STANDARD OF REVIEW

The Defendants have now asked this Court to grant them Judgment on the Pleadings in the matters of 64 plaintiffs, including the instant Plaintiff, Tina Wisdom. A district court may only grant a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) if, after viewing all of the facts in a light most favorable to the non-moving party, it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). "The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true." *Id*. The Court must "accept the plaintiff['s] well-pled facts as true and construe reasonable inferences in [the plaintiff's] favor." *Tierney v. Advocate Health & Hosps. Corp.,* 797 F.3d 449, 451 (7th Cir. 2015). The moving party bears a heavy burden to gain relief under Rule 12(c). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir.1998) (quoting Craigs, Inc. v. General Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir.1993)) (emphasis added). "Thus, to succeed, the moving party must demonstrate there are not material issues of fact to be resolved." *Id*.

    i.    *This Court should not take Judicial Notice of the Case Categorization Forms*

The Defendants ask this Court, in a footnote, to take judicial notice of the Plaintiff's Case Categorization form. Plaintiff disputes that the judicial notice procedure is appropriate in this case. Essentially, what Defendants are really asking is that the Court find the Categorization Forms to be the sole source of undisputed material facts in this case.

In deciding a Rule 12(c) motion, a court may take judicial notice of "matters of public record." *Wood*, 925 F.2d at 1582. This also includes attachments to pleadings, which are incorporated into the pleadings themselves. See *Williamson v. Currain*, 714 F.3d 432, 435-436 (7th Cir. 2013). The Defendant would have this Court expand the definition of documents attached to or referenced by pleadings to incorporate documents that did not come into existence until three years after the pleading that supposedly referenced them – in this case, the Master Consolidated Complaint. Strictly speaking, these Categorization Forms are not the kind of documents or facts that the judicial notice procedure was intended for, and this Court should not accept them here.

Defendant asks this Court to take notice of the Categorization Forms for the reason that they "cannot reasonably be disputed." Defs.' Memorandum in Support of Judgment on the Pleadings, p. 4, fn. 5. "In order for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessey v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995). The question for this Court, then, is "What, exactly, is the fact that Defendants wish us to take notice of?" In *Hennessey*, the 7th Circuit found that a dispute over the significance of a document, rather than the contents themselves, was enough to decline to take judicial notice of it. See 69 F.3d at 1354-55. Plaintiff does not dispute the Case Categorization form, its contents on their face, or the medical records she attached indicating the implantation of a Günther Tulip Vena Cava filter. However, she does dispute its significance to this pleading, namely Defendants' claims that it constitutes the sole source of her factual allegations against them.

The form approved by the Court represents that "[t]his Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and **is not admissible and is not to be considered**

3

**relevant for any other purpose**." Case Categorization Form, Rec. Doc. 9638-1 (emphasis added). Said Order makes no mention of using it to determine undisputed facts for purposes of a Rule 12(c) motion or a summary judgment motion. The Plaintiff, in good faith and in accordance with this Court's Census Order, submitted a Case Categorization Form and requisite records. Now, the Defendants seek to weaponize this Form against the Plaintiff – in direct contravention of the stated purpose of the Form itself.

If this Court is to decide a Motion for Judgment on the Pleadings, it should truly decide it on the pleadings, and not take judicial notice of the Categorization Forms as evidence of facts that Plaintiff disputes. However, if this Court does take notice of the Forms, it should also take notice of Plaintiff's Profile Form and include its contents in the allegations on which it bases grant or denial of judgment on the pleadings.

    ii.    *Conversion to Summary Judgment*

This Court should not write Defendants' pleadings for them. If Defendants wished to file a motion for summary judgment under Rule 56, they were free to do so. They did not. However, if this Court finds it appropriate to convert their motion into one for summary judgment, then the Rule 56 standard should apply and this Court should allow the submission of appropriate evidence. A grant of summary judgment requires that "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. *Board of Education v. Pico*, 457 U.S. 853, 863 (1982). In this case, the Plaintiff submits a Declaration that

disputes Defendant's characterization of the material facts relevant to her claims. See Ex. B, Declaration of Tina Wisdom.

## Law & Argument

### I.  Plaintiff States a Plausible Claim For Mental and Emotional Damages.

In claiming that Plaintiff may not recover for mental and emotional damages absent a physical injury, the Defendants makes blanket statements about general "principles" of tort law rather than individualized analysis of applicable state law. Even then, a survey of state law indicates that, when the Defendants refer to "long standing principles of tort law," they in fact mean outdated ones. As one treatise notes, "a clear majority of the jurisdictions … [have] rejected any requirement of a contemporaneous physical trauma" to recover mental and emotional damages. 4A Stuart M. Speiser, Charles F. Krause, and Alfred W. Gans, *American Law of Torts* §16:11 (2019). In this case, that includes the law of the jurisdiction applicable to the Plaintiff.

> a. *Ohio tort law allows for claims of mental and emotional suffering damages without an accompanying physical injury.*

As the Defendants correctly note, the definition and scope of liability in tort law are questions of state substantive law. *Shady Grove Orthopedic Assocs., PA v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010). The Plaintiff here, Tina Wisdom, resides in Ohio, her injuries took place in Ohio, and she pleaded her short-form complaint, at least in part, under Ohio law. It is clear that Ohio law explicitly allows for the recovery of damages for mental and emotional distress even without a physical injury accompanying it. "Today, plaintiffs may be compensated for emotional distress despite the lack of a contemporaneous physical injury." *Williams v. Warren Gen. Hosp.*, 115 Ohio App.3d 87, 89 (Ohio App. 11th Dist. 1996). To recover said damages, a plaintiff must

demonstrate that he or she "was in fear of physical consequences to his [or her] own person." *Id.* at 90.

Here, based on the pleadings alone, it is clear that the Plaintiff lives in fear of physical consequences to her own person. As pleaded in the complaint, the Cook IVC filter devices were "subject to breakage, tilt, inability of removal, and migration." Master Consolidated Complaint, Rec. Doc. 213 at ¶44. Again, assuming the allegations in the pleadings as true, the Cook Filters "suffer from a design defect causing [them] to be unable to withstand the normal anatomical and physiological loading cycles exerted *in vivo*." *Id.* at pp. 49. The Günther Tulip filter – the model implanted in the Plaintiff here – is alleged to cause perforation of the venal caval wall. *Id.* at 42.

These all illustrate the serious physical consequences that Plaintiff now lives in fear of as a result of having this device embedded in her body. Taking these allegations in the light most favorable to the non-moving party, as required in deciding a Rule 12(c) motion, it is clear that Defendants' motion should fail as it applies to Plaintiff Tina Wisdom.

> b. *If this Court considers facts outside the pleadings, the Plaintiff provided evidence of her mental and emotional damages, as well as physical injury.*

As discussed above, if this Court should either 1) choose to take judicial notice of the Plaintiff's Case Categorization form, or 2) convert this motion to one for summary judgment, then the Plaintiff asks this Court to also consider the materials attached to this pleading, namely her Plaintiff Profile Form served in this matter, and a Declaration signed by the Plaintiff.

Plaintiff was implanted with a Cook Günther Tulip Vena Cava Filter on May 11, 2007. Ex. B, Declaration of Tina Wisdom. In 2015, a Dr. Garcia at Metrohealth Medical Center in Cleveland, Ohio, informed her that the filter was now embedded in my vena cava. *Id.* She filed the instant lawsuit on February 2, 2017. *Id.* In 2018, Dr. Jose Navia at the Cleveland Clinic, in Cleveland, Ohio, again informed her that the filter was likely irretrievable. *Id.*

6

The Profile Form that Plaintiff timely served on Defendants indicates that the filter is unable to be retrieved, as well as the Plaintiff's claims of anxiety and fear of death. See Ex. A, Plaintiff Profile Form at p. 2-3. However, as of the current time, Plaintiff and her counsel have been unable to locate written medical records regarding the irretrievable diagnoses by both Dr. Garcia and Dr. Jose Navia. Ex. B, Declaration. In accordance with this Court's categorization order and the given instructions, the Plaintiff only checked the categories for which she could obtain medical records by the Court's deadline. Once Plaintiff obtains those medical records, she intends to resubmit a Categorization Form recategorizing her claims accordingly.

      *c. The Plaintiff's case is distinguishable from those cited by Defendant.*

The cases and examples cited by the Defendant's for the proposition that Plaintiff cannot recover mental and emotional damages absent a physical injury are all readily distinguishable from the instant matter. Chiefly, each of them applies a different state's substantive law than that applicable to the Plaintiff. The IVC filter case cited, *Perez*, applies the substantive tort law of New York, which does require demonstration of a contemporaneous physical injury. *Perez v. B. Braun Med. Inc.,* 2018 WL 2316334, at *3 (S.D.N.Y May 9, 2018). The other mass tort cases cited again do not apply Ohio law.

The sole Ohio case provided by the Defendants is quickly recognizable as a far cry from the factual situation presented by the Plaintiff's case. In *Williams v. Warren Gen. Hosp.*, the Court declines to extend Ohio's rule – which does <u>not</u> require contemporaneous physical injury – to a situation in which the plaintiff claimed mental and emotional damages from merely having a conversation with her doctors regarding chemotherapy. See *Williams*, 115 Ohio App.3d at 92-93.[1] Obviously, the Plaintiff's case here is quite a different matter – Ms. Wisdom lives in fear that the IVC filter device embedded inside her body will break, as they have wont to do – and

---

[1] As cited above, the *Williams* case actually stands for the proposition that, under Ohio law, mental and emotional

7

harm her in serious ways. These fears are not unfounded, and have been realized by many plaintiffs in this litigation. This Court should deny Defendant's motion as it applies to Plaintiff's tort claims and allegations of mental and emotional distress damages.

## II. Plaintiff's Non-Tort Claims Should Still Stand as a Matter of Law

### a. Implied Warranty

Defendants' arguments regarding the availability of a breach of implied warranty cause of action – whether in tort or contract – also fail to analyze those claims under Ohio law, and for that reason, should fall. Defendant argues that 1) Plaintiff cannot show an action in tort absent a physical injury; 2) Plaintiff cannot show a cause of action for breach of contract without a physical injury and 2) even if the Plaintiff could show a cognizable injury in tort or contract, her filter has not failed, therefore she cannot show that the goods were not as warranted. Even if we accept the elements as proposed by Defendants, it is clear that Plaintiff can, in fact, show all three.

The crux of the argument, again, is that Defendant is entitled to dismissal of Plaintiff's implied warranty claims because damages for mental and emotional distress, absent a physical injury, are unavailable. As shown above, this is not the case under Ohio law. "Today, plaintiffs may be compensated for emotional distress despite the lack of a contemporaneous physical injury." *Williams v. Warren Gen. Hosp.*, 115 Ohio App.3d 87, 89 (Ohio App. 11th Dist. 1996). On the face of the pleadings alone – the standard for a Rule 12(c) Motion, Plaintiff clearly states a claim for implied warranty. See Master Consolidated Complaint, Rec. Doc. 213 at ¶¶100-110. This Court should deny the Defendant's motion as it applies to this claim.

Additionally, if the Court decides to consider matters outside the pleadings in the form of the Case Categorization Forms submitted by the Defendants and the PPF and Declaration

attached here by the Plaintiff, then they clearly demonstrate a plausible case – or at least a question of material fact – regarding both Plaintiff's physical injury and the merchantability of the Günther Tulip Filter. The Plaintiff's filter was diagnosed as irretrievable in 2015 during a visit to Metrohealth Medical Center. As a result of the filter's failure to meet the safe condition warranted by the Defendant, the Plaintiff suffered a physical injury. Again, this Court should deny Defendant's motion as it pertains to Plaintiff's claims of breach of implied warranty.

    b.  *Consumer Fraud*

Despite the Master Consolidated Complaint, with its consumer fraud allegations fully pleaded, having been filed three years ago, Defendants choose this moment to attempt to strike those allegations from the 64 Category 2 Plaintiffs. And again, the Defendants fail to analyze the allegations in the complaint in light of the individual state substantive law that might apply to the Plaintiff. The Plaintiff does not feel that this particular motion – with its parameters and scope previously set by this Court's Order – is an appropriate vehicle to address whether the Master Consolidated Complaint meets the pleading requirements of Fed. R. Civ. P. 9(b) or not. However, Plaintiff will address the arguments raised by Defendants here.

Rule 9(b) of the Federal Rules of Civil Procedure states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Pleadings subject to Rule 9(b) require a complaint to "plead with particularity the who, when and how of the alleged frauds." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008).

Defendant singles out a single paragraph of the Master Consolidated Complaint and claims that it encompasses the whole universe of allegations related to consumer fraud. In doing

so, they ignore the more specific allegations in the Complaint incorporated by reference into Count VII:[2]

- **WHO:** "Through its false, untrue and misleading promotion of Cook's IVC Filters, *Defendants* induced *Plaintiffs* to purchase and/or pay for the purchase of Cook's IVC Filters." Master Consolidated Complaint at ¶115 (emphasis added). Also, "*Defendants* failed to disclose to *physicians*, *patients* and/or *Plaintiffs* that its Cook Filters were subject to breakage, tilt, inability of removal, and migration even though they knew or should have known the same was true." *Id.* at ¶44.

- **WHEN:** The Master Consolidated Complaint alleges that Defendants knew or should've known that the Celect and Tulip filters were not as safe as they promoted them to be as early as 2008. See *id.* at ¶¶39-44.

- **HOW:** "At all times relevant hereto, the Defendants continued to promote the Cook Filter as safe and effective even when inadequate clinical trials had been performed to support long or short to safety and/or efficacy." *Id.* at ¶45. "The Defendants specifically advertise the conichrome construction of the filter as a frame which "reduces the risk of fracture." *Id.* at ¶48.

When the factual allegations in the Master Complaint are taken along with those in Count VII, said Complaint states an adequate claim for common law fraud. However, the Master Consolidated Complaint, in fact, pleads a cause of action under the applicable consumer protection laws of the Plaintiff(s) home states.

Plaintiff, in fact, alleges that the Defendant's actions violated provisions of the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1345.01 *et seq*. See Master Consolidated Complaint, Rec. Doc. 213 at ¶151. Said Act prohibits a supplier from "commit[ting] an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code §1345.02(A). This includes representing "[t]hat the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not." Ohio Rev. Code §1345.02(B)(2).

---

[2] See Master Consolidated Complaint, Rec. Doc. 213 at ¶112.

The Act uses language nearly identical to that of the Illinois Consumer Protection Act analyzed in the *Windy City Metal Fabricators* case, where the Court found that, because neither fraud nor mistake were elements of law, the notice pleading standard of Fed. R. Civ. P. 8 applied rather than the heightened standard of Rule 9(b). *Windy City Metal Fabricators & Supply, Inc.*, 536 F.3d at 669-670. Here, this Court should find the same – that merely the notice pleading standard applies to claims and that the Master Consolidated Complaint meets that standard with regard to Plaintiff's claims under the Ohio Consumer Sales Practices Act.

    *c. Punitive Damages*

Defendant's argument that Plaintiff cannot recover punitive damages relies on their previous argument that she cannot recover compensatory damages for mental and emotional distress absent physical injury. As thoroughly explained above, this argument cannot hold water under Ohio law, in which a plaintiff may recover emotional distress damages absent a contemporaneous physical injury. See *Williams,* 115 Ohio App.3d at 89.

## Conclusion

As shown above, Defendant's blanket assertion that Plaintiff(s) cannot recover for mental and emotional distress damages absent a physical injury is flatly untrue. Looking at the applicable state law reveals that an Ohio plaintiff can recover in such circumstances. In this case, the Plaintiff also alleges – though not on the particular Categorization Form - that she also suffers physical injuries stemming from the filter. This Court should DENY Defendant's Motion for Judgment on the Pleadings as it pertains to Plaintiff Tina Wisdom. In the alternative, if this Court finds it necessary to dismiss Plaintiff's claims, she requests that it be *without prejudice*, so that she may refile in the event that the filter causes an injury this Court finds to be cognizable.

DATED: June 6, 2019

        MURRAY LAW FIRM
*/s/Devin A. Lowell*
Devin A. Lowell (LA Bar No. 36555)
Stephen B. Murray, Jr. (LA Bar No. 23877)
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
(504) 525-8100
dlowell@murray-lawfirm.com
smurrayjr@murray-lawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *Devin A. Lowell*