IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL NO. 2570

This document relates to:
ZACKARIAH ALBRECHT
Civil Case No. 1:16-cv-03429-RLY-TAB

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW INTO COURT comes Plaintiff Zackariah Albrecht, through undersigned counsel, to file this response in opposition to the Defendant's Motion for Judgment on the Pleadings in Category 2 Cases for Failure to State a Claim. As a result of the Defendants' defective IVC filter products, the Plaintiff suffered a cognizable injury in the form of severe emotional distress, for which he seeks damages in accordance with California law. Despite the Defendants' blanket pronouncements about what is and is not recoverable under tort law, they fail to deal with the laws of the individual state under which the Plaintiff's claims are made.

Further, the Defendants seek to use the arbitrary bounds of the Case Categorization Forms to do an end-run around the actual claims made by Plaintiff in his pleadings and previous discovery. For the following reasons, this Court should DENY Defendant's Motion for Judgment on the Pleadings as it applies to Plaintiff Zackariah Albrecht and Civil Case No. 1:17-cv-349. In the alternative, any dismissal of Plaintiff's claim should be *without* prejudice, so that he may re-file in the event of a future cognizable injury.

## STANDARD OF REVIEW

The Defendants have now asked this Court to grant them Judgment on the Pleadings in the matters of 64 plaintiffs, including the instant Plaintiff, Zackariah Albrecht. A district court may only grant a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) if, after viewing all of the facts in a light most favorable to the non-moving party, it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). "The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true." *Id*. The Court must "accept the plaintiff['s] well-pled facts as true and construe reasonable inferences in [the plaintiff's] favor." *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). he moving party bears a heavy burden to gain relief under Rule 12(c). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir.1998) (quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993)) (emphasis added). "Thus, to succeed, the moving party must demonstrate there are not material issues of fact to be resolved." *Id*.

## Law & Argument

I. **The Defendants Cannot Carry Their Burden Under Rule 12(c).**

   a. *This Court should not take judicial notice of the Categorization Forms.*

The Defendants ask this Court, in a footnote, to take judicial notice of the Plaintiff's Case Categorization form. Plaintiff disputes that the judicial notice procedure is appropriate in this

2

case. Essentially, what Defendants are really asking is that the Court find the Categorization Forms to be the sole source of undisputed material facts in this case. This Court should not take judicial notice of the Forms or consider them in deciding this motion on the pleadings.

In deciding a Rule 12(c) motion, a court may take judicial notice of "matters of public record." *Wood*, 925 F.2d at 1582. This also includes attachments to pleadings, which are incorporated into the pleadings themselves. See *Williamson v. Currain*, 714 F.3d 432, 435-436 (7th Cir. 2013). The Defendant would have this Court expand the definition of documents attached to or referenced by pleadings to incorporate documents that did not come into existence until three years after the pleading that supposedly referenced them – in this case, the Master Consolidated Complaint. Strictly speaking, these are not the kind of documents or facts that the judicial notice procedure was intended for, and this Court should not accept them here.[1]

Defendant also asks this Court to take notice of the Categorization Forms for the reason that they "cannot reasonably be disputed." Defs.' Memorandum in Support of Judgment on the Pleadings, p. 4, fn. 5. "In order for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessey v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995). The question for this Court, then, is "What, exactly, is the fact that Defendants wish us to take notice of?"

In *Hennessey*, the 7th Circuit found that a dispute over the significance of a document, rather than the contents themselves, was enough to decline to take judicial notice of it. See 69 F.3d at 1354-55. Plaintiff does not dispute the Case Categorization form, its contents on their face, or the medical records she attached indicating the implantation of a Günther Tulip Vena

---

[1] Of the Defendants' cited examples of judicial notice, none involve case management or even discovery materials in litigation.

Cava filter. However, he does dispute its significance to this pleading, namely Defendants' claims that it constitutes the sole source of his factual allegations against them.

The form approved by the Court represents that "[t]his Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and **is not admissible and is not to be considered relevant for any other purpose**." Case Categorization Form, Rec. Doc. 9638-1 (emphasis added). Said Order makes no mention of using it to determine undisputed facts for purposes of a Rule 12(c) motion or a summary judgment motion. The Plaintiff, in good faith and in accordance with this Court's Census Order, submitted a Case Categorization Form and requisite records. Now, the Defendants seek to weaponize this Form against the Plaintiff – in direct contravention of the stated purpose of the Form itself.

If this Court is to decide a Motion for Judgment on the Pleadings, it should truly decide it on the pleadings, and not take judicial notice of the Categorization Forms as evidence of facts that Plaintiff disputes.

    b. *Without the Categorization Forms, Defendant's Argument Fails.*

Defendants rely solely on this Court taking judicial notice of the Case Categorization Forms as the cornerstone of their entitlement to judgment on the pleadings. Without that leg to stand on, they cannot show that they are entitled to judgment on the pleadings – much less that there are undisputed material facts. Looking solely at the Plaintiff's well-plead facts in the form of the Master Consolidated Complaint and his Short Form Complaint, it is clear that Defendants' Motion fails on its face, and this Court should deny it in full.

**II.     Even If This Court Considers Materials Outside the Pleadings, the Plaintiff States a Plausible Claim For Mental and Emotional Damages.**

In claiming that Plaintiff may not recover for mental and emotional damages absent a physical injury, the Defendants makes blanket statements about general "principles" of tort law rather than individualized analysis of applicable state law. Even then, a survey of state law indicates that, when the Defendants refer to "long standing principles of tort law," they in fact mean outdated ones. As one treatise notes, "a clear majority of the jurisdictions … rejected any requirement of a contemporaneous physical trauma" to recover mental and emotional damages. 4A Stuart M. Speiser, Charles F. Krause, and Alfred W. Gans, *American Law of Torts* §16:11 (2019). In this case, that includes the law of the jurisdiction applicable to the Plaintiff.

> *a. California tort law allows for claims of mental and emotional suffering damages without an accompanying physical injury.*

As the Defendants correctly note, the definition and scope of liability in tort law are questions of state substantive law. *Shady Grove Orthopedic Assocs., PA v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010). The Plaintiff here, Zackariah Albrecht, resides in California, his injuries took place in California, and he pleaded his short-form complaint, at least in part, under California law. It is clear that California law explicitly allows for the recovery of damages for mental and emotional distress even without a physical injury accompanying it. "[D]amages for negligently inflicted emotional distress may be recovered in the absence of physical injury or impact …" *Burgess v. Superior Court*, 831 P.2d 1197, 1201 (Cal. 1992). Such damages can be sought "as a result of a breach of duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two." *Wooden v. Raveling*, 61 Cal.App.4th 1035, 1038 (Cal.App.2nd 1998).

Here, the Plaintiff clearly alleges that Defendants breached a duty they either assumed or had imposed on them by law. Taking the negligence court as one example:

> At all times relevant hereto, the Cook Defendants were under a duty to act reasonably to design, develop, manufacture, market and sell a product that did not present a risk of harm or injury to the Plaintiffs and to those people receiving their IVC Filters.

See Master Consolidated Complaint, Rec. Doc. 213 at ¶83.

> Despite the aforementioned duty on the part of the Cook Defendants, they committed one or more breaches of their duty of reasonable care and were negligent in:
>
> a. unreasonably and carelessly failing to properly warn of the dangers and risks of harm associated with the Cook IVC Filters, specifically its incidents fracture, migration, perforation and other failure;
> b. unreasonably and carelessly manufacturing a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal placement within the human body;
> c. unreasonably and carelessly designed a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal placement within the human body; and
> d. unreasonably and carelessly designed a product that presented a risk of harm to the Plaintiffs and others similarly situated in that it was prone to fail.

*Id.* at ¶85. Taking these allegations in the light most favorable to the non-moving party, as required in deciding a Rule 12(c) motion, Plaintiff has adequately plead a case for relief – even for recovery of mental and emotional damages. It is clear that Defendants' motion should fail.

  b. *The Plaintiff's case is distinguishable from those cited by Defendant.*

The cases and examples cited by the Defendant's for the proposition that Plaintiff cannot recover mental and emotional damages absent a physical injury are all readily distinguishable from the instant matter. Chiefly, each of them is applying a different state's substantive law than that applicable to the Plaintiff. The IVC filter case cited, *Perez*, applies the substantive tort law of New York, which does require demonstration of a contemporaneous physical injury. *Perez v. B. Braun Med. Inc.,* 2018 WL 2316334, at *3 (S.D.N.Y May 9, 2018). The other mass tort cases

6

cited again do not apply California law. This Court should deny Defendant's motion as it applies to Plaintiff's tort claims and allegations of mental and emotional distress damages.

**III.     Plaintiff's Non-Tort Claims Should Still Stand as a Matter of Law**

    *a.  Consumer Fraud*

Despite the Master Consolidated Complaint, with its consumer fraud allegations fully pleaded, having been filed three years ago, Defendants choose this moment to attempt to strike those allegations from the 64 Category 2 Plaintiffs. And again, the Defendants fail to analyze the allegations in the complaint in light of the individual state substantive law that might apply to the Plaintiff. The Plaintiff does not feel that this particular motion – with its parameters and scope previously set by this Court's Order – is an appropriate vehicle to address whether the Master Consolidated Complaint meets the pleading requirements of Fed. R. Civ. P. 9(b) or not. However, Plaintiff will address the arguments raised by Defendants here.

Rule 9(b) of the Federal Rules of Civil Procedure states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Pleadings subject to Rule 9(b) require a complaint to "plead with particularity the who, when and how of the alleged frauds." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 663, 669 (7th Cir. 2008).

Defendant singles out a single paragraph of the Master Consolidated Complaint and claims that it encompasses the whole universe of allegations related to consumer fraud. In doing so, they ignore the more specific allegations in the Complaint incorporated by reference into Count VII:[2]

> - **WHO:** "Through its false, untrue and misleading promotion of Cook's IVC Filters, *Defendants* induced *Plaintiffs* to purchase and/or pay for the purchase of Cook's IVC Filters." Master Consolidated Complaint at ¶115 (emphasis added).

---
[2] [2] See Master Consolidated Complaint, Rec. Doc. 213 at ¶112.

> Also, "*Defendants* failed to disclose to *physicians*, *patients* and/or *Plaintiffs* that its Cook Filters were subject to breakage, tilt, inability of removal, and migration even though they knew or should have known the same was true." *Id.* at ¶44.

- **WHEN:** The Master Consolidated Complaint alleges that Defendants knew or should've known that the Celect and Tulip filters were not as safe as they promoted them to be as early as 2008. See *id.* at ¶¶39-44.

- **HOW:** "At all times relevant hereto, the Defendants continued to promote the Cook Filter as safe and effective even when inadequate clinical trials had been performed to support long or short to safety and/or efficacy." *Id.* at ¶45. "The Defendants specifically advertise the conichrome construction of the filter as a frame which "reduces the risk of fracture." *Id.* at ¶48.

When the factual allegations in the Master Complaint are taken along with those in Count VII, said Complaint states an adequate claim for common law fraud. However, the Master Consolidated Complaint, in fact, pleads a cause of action under the applicable consumer protection laws of the Plaintiff(s) home states.

Plaintiff alleges that the Defendant's actions violated provisions of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1770 *et seq*. This Act prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer," including the representation "that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." See Cal. Civ. Code 1770(a)(7).

The Act uses language nearly identical to that of the Illinois Consumer Protection Act analyzed in the *Windy City Metal Fabricators* case, where the Court found that, because neither fraud nor mistake were elements of law, the notice pleading standard of Fed. R. Civ. P. 8 applied rather than the heightened standard of Rule 9(b). *Windy City Metal Fabricators & Supply, Inc.*, 536 F.3d at 669-670. Here, this Court should find the same – that merely the notice pleading

8

standard applies to claims and that the Master Consolidated Complaint meets that standard with regard to Plaintiff's claims under the California Consumer Legal Remedies Act.

    *b. Punitive Damages*

Defendant's argument that Plaintiff cannot recover punitive damages relies on their previous argument that she cannot recover compensatory damages for mental and emotional distress absent physical injury. As thoroughly explained above, this argument cannot hold water under California law, in which a plaintiff may recover emotional distress damages absent a contemporaneous physical injury. See *Burgess v. Superior Court*, 831 P.2d 1197, 1201 (Cal. 1992. Plaintiff makes no claims for loss of consortium.

## Conclusion

This Court should not allow the Defendants to weaponize a case management tool, the Categorization Forms, in order to improperly seeking dismissal of adequate-plead claims. However, if this Court does consider materials outside the pleadings, Defendant's blanket assertion that Plaintiff(s) cannot recover for mental and emotional distress damages absent a physical injury is flatly untrue. Looking at the applicable state law reveals that a California plaintiff can recover in such circumstances. This Court should DENY Defendant's Motion for Judgment on the Pleadings as it pertains to Plaintiff Zackariah Albrecht. In the alternative, if this Court finds it necessary to dismiss Plaintiff's claims, he requests that it be *without prejudice*, so that he may refile in the event that the filter causes an injury this Court finds to be cognizable.

DATED: June 6, 2019

        MURRAY LAW FIRM
        */s/Devin A. Lowell*
        Devin A. Lowell (LA Bar No. 36555)
        Stephen B. Murray, Jr. (LA Bar No. 23877)
        650 Poydras Street, Suite 2150
        New Orleans, Louisiana 70130
        (504) 525-8100
        dlowell@murray-lawfirm.com
        smurrayjr@murray-lawfirm.com
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Devin A. Lowell*