IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL NO. 2570

This document relates to:
KERRY MAROWSKI
Civil Case No. 1:16-cv-03436

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW INTO COURT comes Plaintiff Kerry Marowski, to file this response in opposition to the Defendant's Motion for Judgment on the Pleadings in Category 2 Cases for Failure to state a claim. As a result of the Defendants' defective IVC filter products, the Plaintiff suffered a cognizable injury, for which she seeks damages in accordance with Massachusetts law. Now the Defendants seek to use the arbitrary bounds and limitations of a case management tool crafted by this Court to do an end-run around the actual claims made by Plaintiff in her pleadings and previous discovery. For the following reasons, this Court should DENY Defendant's Motion for Judgment on the Pleadings as it applies to Plaintiff Kerry Marowski and Civil Case No. 1:16-cv-03436. In the alternative, any dismissal of Plaintiff's claim should be *without* prejudice, so that she may re-file in the event of a future cognizable injury.

**STANDARD OF REVIEW**

The Defendants have asked this Court to grant them Judgment on the Pleadings in the matters of 64 plaintiffs, including the instant Plaintiff, Kerry Marowski. A district court may only grant a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) if, after viewing all of the facts in a light most favorable to the non-moving party, it is beyond doubt that

the non-movant can plead no facts that would support his claim for relief. *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). "The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true." *Id.* The Court must "accept the plaintiff['s] well-pled facts as true and construe reasonable inferences in [the plaintiff's] favor." *Tierney v. Advocate Health & Hosps. Corp.,* 797 F.3d 449, 451 (7th Cir. 2015). The moving party bears a heavy burden to gain relief under Rule 12(c). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998) (quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993)) (emphasis added). "Thus, to succeed, the moving party must demonstrate there are not material issues of fact to be resolved." *Id*.

  i. *Conversion to Summary Judgment*

  This Court should not write Defendants' pleadings for them. If Defendants wished to file a motion for summary judgment under Rule 56, they were free to do so. They did not. However, if this Court finds it appropriate to convert their motion into one for summary judgment, then the Rule 56 standard should apply and this Court should allow the submission of appropriate evidence. A grant of summary judgment requires that "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. *Board of Education v. Pico*, 457 U.S. 853, 863 (1982). In this case, the Plaintiff submits a Declaration that

disputes Defendant's characterization of the material facts relevant to her claims. See Ex. B, Declaration of Kerry Marowski.

## Law & Argument

**I.   The Defendants Cannot Carry Their Burden Under Fed. R. Civ. P. 12(c).**

  *a. This Court should not take judicial notice of the case categorization forms.*

The Defendants ask this Court, in a footnote, to take judicial notice of the Plaintiff's Case Categorization form. Plaintiff disputes that the judicial notice procedure is appropriate in this case. Essentially, what Defendants are really asking is that the Court find the Categorization Forms to be the sole source of undisputed material facts in this case. This Court should not take judicial notice of the Forms or consider them in deciding this motion on the pleadings.

In deciding a Rule 12(c) motion, a court may take judicial notice of "matters of public record." *Wood*, 925 F.2d at 1582. This also includes attachments to pleadings, which are incorporated into the pleadings themselves. See *Williamson v. Currain*, 714 F.3d 432, 435-436 (7th Cir. 2013). The Defendant would have this Court expand the definition of documents attached to or referenced by pleadings to incorporate documents that did not come into existence until three years after the pleading that supposedly referenced them – in this case, the Master Consolidated Complaint. Strictly speaking, these are not the kind of documents or facts that the judicial notice procedure was intended for, and this Court should not accept them here.[1]

Defendant also asks this Court to take notice of the Categorization Forms for the reason that they "cannot reasonably be disputed." Defs.' Memorandum in Support of Judgment on the Pleadings, p. 4, fn. 5. "In order for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessey v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995).

---

[1] Of the Defendants' cited examples of judicial notice, none involve case management or even discovery materials in litigation.

The question for this Court, then, is "What, exactly, is the fact that Defendants wish us to take notice of?"

In *Hennessey*, the 7th Circuit found that a dispute over the significance of a document, rather than the contents themselves, was enough to decline to take judicial notice of it. See 69 F.3d at 1354-55. Plaintiff does not dispute the Case Categorization form, its contents on their face, or the medical records she attached indicating the implantation of a Günther Tulip Vena Cava filter. However, she does dispute its significance to this pleading, namely Defendants' claims that it constitutes the sole source of her factual allegations against them.

The form approved by the Court represents that "[t]his Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and **is not admissible and is not to be considered relevant for any other purpose**." Case Categorization Form, Rec. Doc. 9638-1 (emphasis added). Said Order makes no mention of using it to determine undisputed facts for purposes of a Rule 12(c) motion or a summary judgment motion. The Plaintiff, in good faith and in accordance with this Court's Census Order, submitted a Case Categorization Form and requisite records. Now, the Defendants seek to weaponize this Form against the Plaintiff – in direct contravention of the stated purpose of the Form itself.

If this Court is to decide a Motion for Judgment on the Pleadings, it should truly decide it on the pleadings, and not take judicial notice of the Categorization Forms as evidence of facts that Plaintiff disputes.

    b. *Without the Categorization Forms, Defendant's Argument Fails.*

Defendants rely solely on this Court taking judicial notice of the Case Categorization Forms as the cornerstone of their entitlement to judgment on the pleadings. Without that leg to stand on,

they cannot show that they are entitled to judgment on the pleadings – much less that there are undisputed material facts. Looking solely at the Plaintiff's well-plead facts in the form of the Master Consolidated Complaint and her Short Form Complaint, it is clear that Defendants' Motion fails on its face, and this Court should deny it in full.

## II. If This Court Looks Beyond the Pleadings, the Plaintiff States a Plausible Claim For Mental and Emotional Damages, As Well As Physical Injury.

In claiming that Plaintiff may not recover for mental and emotional damages absent a physical injury, the Defendants makes blanket statements about general "principles" of tort law rather than individualized analysis of applicable state law. As discussed above, this Court should not go beyond the pleadings in this matter to decide this motion for relief under Rule 12(c). Looking solely at those, both the Master Complaint and Plaintiff Marowski's Short Form Complaint here clearly sets out viable tort claims. The Defendants do not dispute this. Even if this Court does look beyond the pleadings, as requested by Defendants, Plaintiff asks that it also consider those materials the evidence her pleaded physical injury as well.

### a. If this Court considers facts outside the pleadings, the Plaintiff has provided evidence physical injury.

As discussed above, if this Court should either 1) choose to take judicial notice of the Plaintiff's Case Categorization form, or 2) convert this motion to one for summary judgment, then the Plaintiff asks this Court to also consider the materials attached to this pleading, namely her Plaintiff Profile Form served in this matter, and a Declaration signed by the Plaintiff. Considering those, it is clear that Plaintiff has suffered a physical injury – rendering the Defendant's argument that she cannot recover mental and emotional damages moot.

Plaintiff was implanted with a Cook Günther Tulip Vena Cava Filter on March 23, 2007. Ex. B, Declaration of Kerry Marowski. Sometime later, an interventional radiologist at Yale

5

hospital informed her that the filter had become embedded and irretrievable. *Id*. She filed the instant lawsuit on December 20, 2016. *Id.* The Profile Form that Plaintiff timely served on Defendants indicates that the filter is unable to be retrieved, as well as the Plaintiff's claims of anxiety and fear of death. See Ex. A, Plaintiff Profile Form. If categorized appropriately, Plaintiff Marowski is actually a Category 4: "Embedded and High Risk" Plaintiff.

This Court's Case Categorization Order required the Plaintiff to only mark the Category for which she could provide a specific medical record, a requirement that she adhered to. However, in her Plaintiff Profile Form, the Plaintiff alleged not only her fear and anxiety caused by the implantation of the IVC filter device, but also that the filter has been diagnosed as irretrievable by an interventional radiologist at Yale New Haven Hospital. Ex. A, Plaintiff Profile Form of Kerry Marowski. Plaintiff represents that she has been unable as of yet to locate a written medical record evidencing that diagnoses, but continues to request them from the relevant facilities. Once Plaintiff obtains those medical records, she intends to resubmit a Categorization Form recategorizing her claims accordingly.

If this Court consider the Categorization Form in deciding this motion, then it should also accept the allegations made in the Plaintiff's Profile Form and the facts set out in her Declaration. On examining those, it is clear that there is at least a genuine dispute as to whether Plaintiff suffers a physical injury contemporaneous with the psychic one caused by the Defendants' defective Tulip filter.

### III. Plaintiff's Non-Tort Claims Should Still Stand as a Matter of Law

#### a. Implied Warranty

As with the tort claims, this Court should decline to take judicial notice of the Case Categorization forms and deny the Defendant's motion in full. However, if the Court decides to

consider matters outside the pleadings in the form of the Case Categorization Forms submitted by the Defendants and the PPF and Declaration attached here by the Plaintiff, then they clearly demonstrate a plausible case – or at least a question of material fact – regarding both Plaintiff's physical injury and the merchantability of the Günther Tulip Filter. The Plaintiff's filter was diagnosed as irretrievable during a visit to Yale Medical Center. See Ex. B, Declaration of Kerry Marowski. As a result of the filter's failure to meet the safe condition warranted by the Defendant, the Plaintiff suffered a physical injury. This raises a clear question of material fact regarding her claims. Again, this Court should deny Defendant's motion as it pertains to Plaintiff's claims of breach of implied warranty.

   b. *Consumer Fraud*

Despite the Master Consolidate Complaint, with its consumer fraud allegations fully pleaded, having been filed three years ago, Defendants choose this moment to attempt to strike those allegations from the 64 Category 2 Plaintiffs. And again, the Defendants fail to analyze the allegations in the complaint in light of the individual state substantive law that might apply to the Plaintiff. The Plaintiff does not feel that this particular motion – with its parameters and scope previously set by this Court's Order – is an appropriate vehicle to address whether the Master Consolidate Complaint meets the pleading requirements of Fed. R. Civ. P. 9(b) or not. However, Plaintiff will address the arguments raised by Defendants here.

Rule 9(b) of the Federal Rules of Civil Procedure states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Defendant singles out a single paragraph of the Master Consolidated Complaint and claims that it encompasses the whole universe of allegations related to consumer fraud. In doing

so, they ignore the more specific allegations in the Complaint incorporated by reference into Count VII:[2]

- **WHO:** "Through its false, untrue and misleading promotion of Cook's IVC Filters, *Defendants* induced *Plaintiffs* to purchase and/or pay for the purchase of Cook's IVC Filters." Master Consolidated Complaint at ¶115 (emphasis added). Also, "*Defendants* failed to disclose to *physicians*, *patients* and/or *Plaintiffs* that its Cook Filters were subject to breakage, tilt, inability of removal, and migration even though they knew or should have known the same was true." *Id.* at ¶44.

- **WHEN:** The Master Consolidated Complaint alleges that Defendants knew or should've known that the Celect and Tulip filters were not as safe as they promoted them to be as early as 2008. See *id.* at ¶¶39-44.

- **HOW:** "At all times relevant hereto, the Defendants continued to promote the Cook Filter as safe and effective even when inadequate clinical trials had been performed to support long or short to safety and/or efficacy." *Id.* at ¶45. "The Defendants specifically advertise the conichrome construction of the filter as a frame which "reduces the risk of fracture." *Id.* at ¶48.

When the factual allegations in the Master Complaint are taken along with those in Count VII, said Complaint states an adequate claim for common law fraud. However, the Master Consolidated Complaint, in fact, pleads a cause of action under the applicable consumer protection laws of the Plaintiff(s) home states.

Further, Plaintiff also alleges that the Defendant's actions violated provisions of the consumer protection laws of Massachusetts, Mass. Gen. Laws Ch. 93A § 1 *et seq*, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." *Id.* at § 2. These statutes use language nearly identical to that of the Illinois Consumer Protection Act analyzed in the *Windy City Metal Fabricators* case, where the Court found that, because neither fraud nor mistake were elements of law, the notice pleading standard of Fed. R. Civ. P. 8 applied rather than the heightened standard of Rule 9(b). *Windy City Metal Fabricators & Supply, Inc.*, 536 F.3d at 669-670. Here, this Court should

---

[2] See Master Consolidated Complaint, Rec. Doc. 213 at ¶112.

find the same – that merely the notice pleading standard applies to claims and that the Master Consolidated Complaint meets that standard with regard to Plaintiff's claims under the consumer protection laws of Massachusetts state.

   c. *Punitive Damages*

Defendant's argument that Plaintiff cannot recover punitive damages relies on their previous argument that she cannot recover compensatory damages for mental and emotional distress absent physical injury. As shown above, Plaintiff both 1) has adequately plead her claims for damages, both physical and emotional, and 2) has factually suffered a physical injury as a result of Defendants' defective implant device. Thus, her claim for punitive damages should be maintained at this time as well. Plaintiff makes no claims for loss of consortium.

## Conclusion

This Court should not allow the Defendants to weaponize a case management tool, the Categorization Forms, in order to improperly seeking dismissal of adequate-plead claims. However, if this Court does consider materials outside the pleadings, Defendant's blanket assertion that Plaintiff(s) cannot recover for mental and emotional distress damages absent a physical injury is flatly untrue. Looking at both the pleadings and the matters outside them, Plaintiff clearly alleges a viable case for both physical injury and emotional damages. This Court should DENY Defendant's Motion for Judgment on the Pleadings as it pertains to Plaintiff Kerry Marowski. In the alternative, if this Court finds it necessary to dismiss Plaintiff's claims for lack of a cognizable injury, she requests that it be *without prejudice*, so that she may refile in the event that the filter causes an injury this Court finds to be cognizable.

DATED: June 6, 2019

        MURRAY LAW FIRM
        */s/Devin A. Lowell*
        Devin A. Lowell (LA Bar No. 36555)
        Stephen B. Murray, Jr. (LA Bar No. 23877)
        650 Poydras Street, Suite 2150
        New Orleans, Louisiana 70130
        (504) 525-8100
        dlowell@murray-lawfirm.com
        smurrayjr@murray-lawfirm.com
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.


        /s/ *Devin A. Lowell*