IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff:
CRAIG STANLEY
Civil Case No. 1:17-cv-4355

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE DEFENDANTS'
MOTION FOR JUDGEMENT ON THE PLEADINGS**

---

### I. Introduction

AND NOW comes the Plaintiff, Craig Stanley ("Plaintiff,") by and through his undersigned counsel, D. Aaron Rihn, Esquire, and the law firm of Robert Peirce & Associates, P.C., and files this Response in Opposition of Defendants' Motion for Judgment on the Pleadings in Category 2 Cases for Failure to State a Claim (Doc. 10856). As a result of the Defendants' defective IVC filter products, the Plaintiff suffered a cognizable injury, for which he seeks damages. While Plaintiff Craig Stanley was originally categorized as Category 2, this categorization is inaccurate. Upon further review of Plaintiff Craig Stanley's medical records, Plaintiff Craig Stanley is actually a Category 4 because the IVS filter is embedded within his body and cannot be retrieved. However, regardless as to whether Plaintiff is Category 2 or Category 4, Plaintiff's claim is recoverable under Pennsylvania tort law. Specifically, Pennsylvania law allows for damages for severe emotional distress.

Moreover, the Defendants seek to use the arbitrarily bounded Case Categorization

Forms to do an end-run around the actual claims made by Plaintiff in his pleadings and previous discovery. For the following reasons, this Court should deny Defendants' Motion for Judgment on the Pleadings as it applies to Plaintiff Craig Stanley in Case No. 1:17-cv-4355. In the alternative, any dismissal of Plaintiff's claim should be without prejudice, so that he may re-file in the event of a future cognizable injury.

## II. Standard of Review

The Defendants have now asked this Court to grant them Judgment on the Pleadings in the matters of sixty-four plaintiffs, including the instant plaintiff, Craig Stanley. A district court may only grant a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) only if there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Sikirica v. Nationwise Insur. Co.*, 416 F.3d 214, 220 ( 3d Cir. 2005). *Front Street Development Associates, L.P. v. Conestoga Bank*, 161 A.3d 302, 307 (Pa. Super. 2017). In making that determination on a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits. *Columbia Casualty Co. v. Fed. Insur. Co.*, 742 F.Supp.2d 591, 595 (E.D. Pa. 2010).

### i. *This Court should not take Judicial Notice of the Case Categorization Forms*

The Defendants ask this Court, in a footnote, to take judicial notice of the Plaintiff's Case Categorization form. Plaintiff disputes that the judicial notice procedure is appropriate in this case. Essentially, what Defendants are really asking is that the Court find the Categorization Forms to be the sole source of undisputed material facts in this case. In deciding a Rule 12(c) motion, a court may take judicial notice of matters of public record, including attachments to pleadings. *See Front Street Development Associates*, 161 A.3d at 307. Defendants would have this Court expand the definition of documents attached to or referenced by pleadings to

incorporate documents that did not come into existence until three years after the pleading that supposedly referenced them – in this case, the Master Consolidated Complaint. Strictly speaking, these Categorization Forms are not the kinds of documents or facts that the judicial notice produced was intended for, and this Court should not accept them here. Further, the Categorization Form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." It makes no mention of using it to determine undisputed facts for purposes of a Rule 12(c) motion or summary judgment motion. The Plaintiff, in good faith and in accordance with this Court's Census Order, submitted a Case Categorization Form and requisite records. Now, the Defendants seek to weaponize this Form against the Plaintiff – in direct contravention of the stated purpose of the Form itself.

If this Court is to decide a Motion for Judgment on the Pleadings, it should truly decide it on the pleadings, and not take judicial notice of the Categorization Forms as evidence of facts that Plaintiff disputes. However, if this Court does take notice of the Forms, it should also take notice of Plaintiff's Profile Form and include its contents in the allegations on which it bases a grant or denial of the judgment on the pleadings.

  *ii.* ***Conversion to Summary Judgment***

This Court should not write Defendants' pleadings for them. If Defendants wish to file a motion for summary judgment under Rule 56, they were free to do so. They did not. However, if this Court finds it appropriate to convert their motion into one for summary judgment, then the Rule 56 standard should apply, and this Court should allow the submission of appropriate evidence. A grant of summary judgment requires that "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any doubt as to the existence of a genuine issue of material fact must be resolved

against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. *Board of Education v. Pico*, 457 U.S. 853, 863 (1982). In this case, the Plaintiff submitted a Declaration that disputes Defendant's characterization of the material facts relevant to his claims.

### III.  Legal Analysis

#### A. Plaintiff Was Mis-Categorized as Category 2 When He is Category 4.

Upon review of Plaintiff Craig Stanley's claim, he was incorrectly categorized as Category 2. Plaintiff submitted his Categorization Form per the Court's Order on December 3, 2018, alleging a Category 2 injury because at the time, counsel was under the belief that Plaintiff had not suffered from injuries other than mental distress. On further examination of the medical records, the record is clear that Plaintiff has suffered injury beyond those listed under Category 2 in the Categorization Form. In fact, the medical records attached as Exhibit 1 note that the presence of the IVC filter in an extraluminal location would make retrieval difficult or unachievable. Category 2 is defined as "cases where only non-physical injuries, such as worry, stress, or fear of future injury, have been alleged." Category 4, however, is defined as "cases where the Plaintiff has been advised that the Cook IVC filter . . . cannot be retrieved, or that the risk of retrieval outweighs the benefits of retrieval."

Plaintiff does not only allege mental distress, but also alleges that the IVC filter is not removable. Accordingly, his injuries extend beyond mental distress and place him within Category 4. It is clear from Plaintiff's Plaintiff Profile Form ("PPF") that Plaintiff has suffered from injuries that do not squarely fit into Category 2. Attached as Exhibit 2. The PPF notes that Plaintiff has a harder time walking than he did prior to the IVC filter, and that the retrieval of Plaintiff's IVC filter is unachievable. Thus, based on the mis-categorization, Defendants'

Motion should be denied.

### B. Plaintiff States a Plausible Claim for Mental and Emotional Damages.

In claiming that Plaintiff may not recover for mental and emotional damages absent a physical injury, the Defendants make blanket statements about general "principles" of tort law rather than an individualized analysis of applicable state law. Even then, a survey of state law indicates that, when the Defendants refer to "long standing principles of tort law," they in fact mean outdated ones. As a treatise notes, "a clear majority of the jurisdictions . . . [have] rejected any requirement of a contemporaneous physical trauma" to recover mental and emotional damages. 4A Stuart M. Speiser, Charles F. Krause, and Alfred W. Gans, *American Law of Torts* §16:11 (2019). In this case, that includes the law of the jurisdiction applicable to the Plaintiff.

#### i. *Pennsylvania tort law allows for claims of mental and emotional suffering damages without an accompanying physical injury.*

As the Defendants correctly note, the definition and scope of liability in tort law are questions of state substantive law. *Shady Grove Orthopedic Assocs., PA v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010). The Plaintiff here, Craig Stanley, resides in Pennsylvania, his injuries took place in Pennsylvania, and he pleaded his short-form complaint, at least in part, under Pennsylvania law. It is well settled Pennsylvania law that plaintiffs may recover damages for mental and emotional distress even without a physical injury accompanying it. In Sinn v. Burd, the Supreme Court of Pennsylvania allowed recovery for serious mental distress without physical harm in situations "where a reasonable person normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the event." 404 A.2d 672, 683 (Pa. 1979).

Here, based on the pleadings alone, it is clear that the Plaintiff lives in constant fear of physical consequences to his own person due to the embedded IVC filter. As pleaded in the complaint, the Cook IVC filter devices were "subject to breakage, tilt, inability of removal, and migration." Master Consolidated Complaint, Rec. Doc. 213 at ¶ 44. Again, assuming the allegations in the pleadings are true, the Cook Filters "suffer from a design defect causing [them] to be unable to withstand the normal anatomical and physiological loading cycles exerted *in vivo*." *Id.* at 49. The model, Cook Celect Vena Cava Filter, implanted in Plaintiff is alleged to cause perforation of the venal caval wall. *Id.* at 42.

These all illustrate the serious physical consequences that Plaintiff now lives in fear of as a result of having this device stuck in his body. Taking these allegations in light most favorable to the non-moving party, as required in deciding at Rule 12(c) motion, it is clear that Defendants' Motion should fail as it applies to Plaintiff Craig Stanley.

> ii.  *If this Court considers facts outside the pleadings, the Plaintiff provided evidence of his mental and emotional damages, as well as physical injury.*

As discussed above, if this Court should either (1) choose to take judicial notice of the Plaintiff's Case Categorization form, or (2) convert this motion to one for summary judgment, then the Plaintiff asks this Court to also consider his Plaintiff Profile Form served in this matter. Plaintiff was implanted with a Cook Celect Vena Cava Filter on April 27, 2011. In 2017, a Dr. Stephen Iorfido, D.O. at Penn Highlands Healthcare in DuBois, Pennsylvania, informed him that the filter was now projecting in extraluminal location and retrieval would be unachievable. He filed the instant lawsuit on November 29, 2017. The Profile Form that Plaintiff timely served on Defendants indicates that the filter is unable to be retrieved, as well as the Plaintiff's claims of anxiety and fear.

### *iii.    The Plaintiff's case is distinguishable from those cited by Defendant.*

The cases and examples cited by the Defendant's for the proposition that Plaintiff cannot recovery mental and emotional damages absent a physical injury are all readily distinguishable form the instant matter. Chiefly, each one of them applies a different state's substantive law than that applicable to the Plaintiff. The IVC filter case cited, *Perez*, applies the substantive tort law of New York, which does require demonstration of a contemporaneous physical injury. *Perez v. B. Braun Med. Inc.*, 2018 WL 2316334, a *3. (S.D.N.Y. May 9, 2018). The other mass tort cases cited, again, do not apply Pennsylvania law.

The sole Pennsylvania case provided by the Defendant is differentiated from the factual situation presented by the Plaintiff's case. In *Brinkman v. Shirley*, the plaintiff suffered emotional injuries upon learning the prosthetic valve placed in him had potential defects. *See Brinkman*, 732 F.Supp. 33, 33 (M.D. Pa. 1989). In this case, however, the prosthetic heart valve had not malfunctioned. *Id.* at 34. Obviously, the Plaintiff's case here is quite a different matter – Mr. Stanley lives in fear that the IVC filter device embedded inside his body will break, as they have been known to do, and harm him in serious ways. These fears are not unfounded and have been realized by many plaintiffs in this litigation. This Court should deny Defendant's motion as it applies to Plaintiff's tort claims and allegations of mental and emotional distress damages.

## IV.    Conclusion

As shown above, Defendants' blanket statement assertion that Plaintiffs cannot recover for mental and emotional distress damages absent a physical injury is flatly untrue. Looking at the applicable state law reveals that a Pennsylvania plaintiff can recover in such circumstances.

In this case, the plaintiff suffers additional injuries by the filter being incapable of being removed. Thus, this Court should deny Defendants' Motion for Judgment on the Pleadings as it pertains to Plaintiff Craig Stanley. In the alternative, if this Court finds it necessary to dismiss Plaintiff's claims, he requests that it be without prejudice, so that he may refile in the event that the filter causes an injury this Court finds to be cognizable.

          Respectfully submitted,

Dated: June 7, 2019          */s/ D. Aaron Rihn*
D. AARON RIHN, ESQUIRE
Pa. ID No.: 85752
ROBERT PEIRCE & ASSOCIATES, P.C.
707 Grant Street
Suite 2500
Pittsburgh, PA 15219
Tel: (412) 281-7229
Fax: (412) 281-4229
Email: arihn@peircelaw.com

*Counsel for Plaintiff*

## CERTIFICATION OF SERVICE

I hereby certify that on June 7, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *D. Aaron Rihn*
D. AARON RIHN, ESQUIRE