STATE OF GEORGIA, COUNTY OF COBB

**<u>AFFIDAVIT IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION</u>**

Fareesh S. Sarangi, after being duly sworn upon his oath, makes this affidavit in support of Plaintiffs' Motion for Reconsideration and states the following:

1.

I am the attorney at Sarangi Law, LLC, attorneys of record for Plaintiffs herein. I have personal knowledge of the facts set forth herein and if called upon as a witness I would be competent to testify thereto. Each of these facts and statements herein are true and correct to the best of my knowledge. I make this affidavit in support of Plaintiffs' Motion for Reconsideration of the Court's Order Dismissing Plaintiffs' Claims for Failure to Submit a Case Categorization Form.

2.

I am experienced in litigating cases in multidistrict litigations (MDL), and have represented claimants in multiple previous MDLs including transvaginal mesh, hernia mesh, Bard IVC filters, Xarelto, and the Cook IVC filter MDL.

3.

Sometime in the late summer of 2018 I realized our law firm was not receiving email notifications regarding case status. I contacted the ECF help desk at the Court, and while we were not able to determine the specific cause of the email issue, I provided a second email address to be added to these two cases to ensure I would continue receiving the emails from the Court.

4.

Our law firm began receiving emails at the new email address for these two cases, but the emails were in "summary form." I was not concerned at the time because I believed this was the new format from the Court given the volume of emails generated by this litigation.

5.

As a redundancy check to ensure I did not miss any key Orders, in addition to reviewing the summary emails, I personally began reviewing all new Orders on the Court website every Friday from that date forward.

6.

I never saw the Order requiring submission of a Case Categorization form, and did not receive any notices regarding the filing of any motions to dismiss with respect to the Case Categorization forms, nor did I see the Court's Order dismissing the two cases listed herein.

7.

On or about May 28, 2019, while conversing with another attorney involved in this MDL, I learned the Court had dismissed several cases for failure to serve a Case Categorization form. That was the first time I became aware of the requirement and the dismissals.

8.

Prior to that date, I believed the cases were in good standing, and we had submitted the Fact Sheet and Medical Records for Rose McNally (1:17-cv-01853) on June 30, 2017, and for Sandy Smith (1:17-cv-01854) on June 21, 2017. The medical records submitted were culled for easy review and digestion, and clearly identified the injuries each Plaintiff suffered. The medical

2

records submitted on behalf of Plaintiff McNally totaled seven (7) pages, while records submitted on behalf of Plaintiff Smith totaled eleven (11) pages.

9.

After realizing these two cases had been dismissed, I spoke to Laura Townsend, Deputy in Charge/Case Administrator at the ECF help desk at the Court. This phone conversation occurred on May 30, 2019.

10.

Ms. Townsend confirmed that a second email address had been entered for the cases herein, and we should have been receiving full Notices of Electronic Filings (NEF) as they occurred, but for a selection having been checked indicating we were only to receive summary emails.

11.

At no time when I spoke to the ECF help desk when adding a second email address did I request to receive "summary" emails in lieu of full notices, and neither myself nor Ms. Townsend are aware of why that selection was checked in my secondary email. Ms. Townsend confirmed my primary email address did not have that selection, and I had elected to receive full notices from the Court when I registered my primary email address.

12.

At Ms. Townsend's request, I forwarded her a copy of the most recent summary email we had received, and she confirmed we were not even receiving the full summary. As an example, for May 23, 2019, the summary we received noted approximately twelve (12) events, whereas

3

Ms. Townsend indicated that, even in summary form, we should have received notice of more than sixty (60) filings.

13.

Ms. Townsend also confirmed that, in addition to receiving truncated summary emails instead of full notices, we were also not receiving the summary emails with the frequency with which they were being sent.

14.

On May 31, 2019, Ms. Townsend escalated the matter to the Technical Services Director at the Court, and also corrected our account to receive full NEF messages. An email from Ms. Townsend is included with this affidavit, confirming our exchange.

15.

Thereafter, we began receiving full notifications, and an email screenshot showing the summary emails, as well as the full notices beginning on May 31, 2019 are included with this affidavit.

16.

In discussing the Case Categorization Order, the specific motions to dismiss, and the Court's corresponding Order dismissing the two cases, Ms. Townsend confirmed there would have been no way for us to receive any notice whatsoever that our cases were implicated if we were not receiving the Court's NEFs.

17.

Ms. Townsend confirmed that case specific notifications are disabled by the Court as a result of the high volume of emails generated.  As a result, we would not have received any case-specific notifications regarding these two cases.

18.

Ms. Townsend further confirmed that none of the listed documents would have been posted to the Court's website.  To find the specific documents identified, we would have had to log into Pacer and sift through more than 10,000 filings.

19.

Ms. Townsend noted that unless we had specific knowledge of the filing of these documents and further information such as document numbers or dates filed, it would have been "impossible" to locate the documents by searching Pacer.

20.

On May 31, 2019, I contacted counsel for Cook to explain we had not received notice of their motion to dismiss our cases, nor had we received notice of the Court's order regarding the Case Categorization requirements.

21.

I requested Cook stipulate to the reinstatement of the two cases listed herein.  I provided Cook's counsel with a summary of the specific issues, the steps we took to address them, and provided a draft copy of this affidavit to ensure they could evaluate the situation and would stipulate to the reinstatement.

22.

On June 4, 2019, in a one sentence response, Cook refused to stipulate to the reinstatement of the cases.

23.

On June 3, 2019, I submitted the Case Categorization form for each of the plaintiffs whose cases were dismissed. Proof of the submission is included as an attachment to this affidavit.

Fareesh S. Sarangi, Esq.

Sworn to and subscribed before me, this the 7th day of June, 2019.

Notary Public

## **Email from Laura Townsend, referenced in paragraph 14 of Counsel's affidavit**



Laura_Townsend@insd.uscourts.gov

to me

Fri, May 31, 2:09 PM (7 days ago)

 

I had our Technical Services Director look into the issues with your ECF notifications not being received. She wondered if your email server might be blocking the emails due to their size?

She advised that even though you are receiving notifications from other courts, your primary email account (sarangilaw.com) may still be blocking emails from our court. She suggested you adjust your settings to allow emails from any address that ends in @insd.uscourts.gov.

As far as your secondary email account (the gmail address) I can confirm that the settings have been changed so that you should now receive individual NEFs for any activity in the master MDL case (1:14-ml-2570).

Please advise if you need further assistance, or if you do not start receiving the notifications.

Thanks,

Laura Townsend
Deputy in Charge/Case Administrator
U.S. District Court
Southern District of Indiana
210 U.S. Courthouse
121 W. Spring Street
New Albany, IN  47150
(812) 542-4510

**Screenshot of email inbox referenced in paragraph 15 of Counsel's affidavit**

| | Sender | Subject | Date |
|---|---|---|---|
| ☐ ☆ ⅀ | insd_cmecf | Activity in Case 1:14-ml-02570-RLY-TAB IN RE: COOK MEDICAL INC. Waiver of Service Executed - ... | May 31 |
| ☐ ☆ ▶ | insd_cm. .. Laura_T. 3 | Activity in Case 1:14-ml-02570-RLY-TAB IN RE: COOK MEDICAL INC. Waiver of Service Executed - ... | May 31 |
| ☐ ☆ ▶ | insd_cmecf .. me 4 | Inbox  Summary of ECF Activity - that ends in @insd.uscourts.gov. > > As far as your secondary ... | May 31 |
| ☐ ☆ ▶ | Laura_Townsend | Inbox  test - Townsend Deputy in Charge/Case Administrator US District Court Southern District... | May 30 |
| ☐ ☆ ⅀ | insd_cmecf | Summary of ECF Activity - and parties in a case (including pro se litigants) to receive one free el... | May 21 |
| ☐ ☆ ⅀ | insd_cmecf | Summary of ECF Activity - and parties in a case (including pro se litigants) to receive ... | |
| ☐ ☆ ⅀ | insd_cmecf | Summary of ECF Activity - and parties in a case (including pro se litigants) to receive one free el... | May 17 |
| ☐ ☆ ⅀ | insd_cmecf | Summary of ECF Activity - and parties in a case (including pro se litigants) to receive one free el... | May 16 |
| ☐ ☆ ⅀ | insd_cmecf | Summary of ECF Activity - and parties in a case (including pro se litigants) to receive one free el... | May 14 |
| ☐ ☆ ⅀ | insd_cmecf | Summary of ECF Activity - and parties in a case (including pro se litigants) to receive one free el... | May 10 |
| ☐ ☆ ⅀ | insd_cmecf | Summary of ECF Activity - and parties in a case (including pro se litigants) to receive one free el... | May 2 |