IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:

COOK MEDICAL INC., IVC FILTERS      Case No.: 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

_____      MDL No. 2570

This document Relates to Plaintiff(s)

SANDY SMITH
Case Number: 1:17-cv-1854-RLY-TAB
_____

**MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING
PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT A CASE CATEGORIZATION
FORM**

Plaintiff Sandy Smith respectfully moves this Court pursuant to Federal Rule of Civil

Procedure 59(e) and 60(b) for an order vacating the dismissal of her action entered on May 8,

2019 on the following grounds:

1. Despite being diligent and compliant with the Court's notices of electronic filings (NEF) requirements, Plaintiff did not receive Notice of any of the Case Categorization Requirements, Defendant's Motion to Dismiss, or the Court's Order Dismissing Plaintiff's case.

2. Plaintiff's failure to comply with the Court's order was inadvertent, in good faith, and due to circumstances beyond her counsel's control.

3. When balancing the harm to the parties, the dismissal of Plaintiff's claims far outweighs the prejudice to Defendant in not receiving Plaintiff's categorization forms when Plaintiff had timely provided a narrow set of medical records indicating Plaintiff's injuries and proof of product identification.

### 1.      PROCEDURAL AND SUBSTANTIVE FACTS

On June 5, 2017 Plaintiff filed her Complaint.  Subsequently, undersigned counsel entered a Notice of Appearance on Plaintiff's behalf and registered to receive notices of electronic filings (NEF).  Plaintiff's case was transferred into the MDL, and prior to the instant Order, Plaintiff had been fully compliant with all Court orders and discovery requirements. Specifically, Plaintiff served the Plaintiff's profile form, Plaintiff's Fact Sheet, signed authorizations, and corresponding medical records on June 21, 2017.  Plaintiff has not been notified of any deficiencies with respect to the aforementioned documents.

At some time during the summer of 2018, undersigned counsel became aware that his office had suddenly stopped receiving NEFs from the Cook IVC MDL. (*Affidavit of Fareesh S. Sarangi*, ¶ 3).  Upon learning the firm was not receiving the Court's notices, Counsel immediately contacted the ECF help desk at the Court and added a second email address to ensure we would receive proper notices, since the help desk could not identify the reasons the primary email address had stopped receiving NEFs. (*Ibid*.)  Thereafter, the firm again began receiving emails at the secondary email address, but the emails were in "summary" form. (*Id*, ¶ 4.)  Counsel was not concerned as he assumed the Court was issuing summary emails because of the volume of notices generated by the litigation. (*Ibid*.)  As an extra step to ensure he remained aware of key events in the litigation and to remain in compliance, counsel reviewed the summary emails and, in addition, checked the Court's website weekly to review all recent Orders. (*Id*, ¶ 5.)

On or about May 28 during a casual conversation with another colleague involved in this litigation, Counsel became aware the Court had dismissed several cases for failure to provide a Case Categorization form. (*Id*, ¶ 7.)  Prior to learning of this dismissal order, Counsel believed that this case was in good standing with the Court. (*Id*, ¶ 8.)  Counsel had complied with all

previous Court orders and had timely served records that demonstrated Plaintiff's injuries and evidence of product identification as required by the Court. (*Ibid*.)

Immediately upon learning of the dismissal of Plaintiff's case, Counsel contacted Laura Townsend, Deputy in Charge/Case Administrator at the ECF help desk at the Court to understand what had happened, and why we had not received notice of the Court's Order, or the Motion to Dismiss. (*Id*, ¶ 9.)   Ms. Townsend confirmed we had a second email address on file, but for reasons she was not able to explain, we were receiving incomplete summaries, as opposed to full NEFs. (*Id.,* ¶ 10-13.)  Ms. Townsend was unable to resolve the matter on that date, but escalated the matter to the Technical Services Director for further investigation. (*Id*, ¶ 14.)   The following day, Ms. Townsend confirmed she had corrected our email notifications to include NEFs rather than summaries, and she confirmed with our office that we were now receiving full notifications. (*Id*, ¶ 15.)   Ms. Townsend also confirmed that without receiving proper NEFs from the Court, it would have been "impossible" to know the Court had issued the Case Categorization Order because it would only be discoverable by logging into Pacer and sifting through more than 10,000 filings in the master docket. (*Id*, ¶ 16.)  Specifically, Ms. Townsend explained that the Order was not posted to the Court's website, and unless we knew the Court had issued the Order, the document number, or date of filing of the Order, we would not have been able to find it. (*Id*, ¶ 17-19.)

The same conditions and issues prevented us from receiving notice of Defendant's Motion to Dismiss Plaintiff's case. (*Ibid*)  On May 31, 2019, Counsel sent a detailed email to counsel for Cook, advising them of the specific notice issues, and the steps undersigned Counsel took to ensure we would be in compliance with the Court's Orders. (*Id*, ¶ 20.)  Because of the lack of notice, Counsel requested Cook withdraw their motion to dismiss, and stipulate to

reinstatement of Plaintiff's case. (*Id*, ¶ 20.)  Counsel included a draft of the affidavit submitted in support of this motion, as well as a detailed explanation of Counsel's diligence in trying to stay compliant, and the circumstances beyond Counsel's control that made it impossible to comply with this particular Order. (*Id*, ¶ 21.)  On June 4, 2019, Cook refused to stipulate to reinstatement of Plaintiff's case. (*Id*, ¶ 22.)   The previous day, June 3, 2019, Counsel had submitted the Case Categorization form for Plaintiff, and once again served the medical records indicating and supporting category of injury. (*Id*, ¶ 23.)

## II.   **LEGAL STANDARD**

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Service of the notice must be reasonably structured to assure that the person to whom it is directed receives it. *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965).

In determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Bank of Waunakee*, 906 F.2d at 1191. Courts also have ample discretion to grant relief under FRCP 59(e). *Chapman v. Hiland Partners GP Holdings, LLC,* 862 F.3d 1103, 1110 (8th Cir. 2017.)  Additionally, in multidistrict litigation actions, judges have "greater discretion" to set and enforce deadlines. *Freeman v. Wyeth* (8th Cir. 2014) 764 F. 3rd 806, 809-810.

Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (U.S. 1993). These circumstances include the

danger of prejudice to the Defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, and whether the movant acted within good faith. *Id.*

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "inadvertence." FED. R. CIV. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…" FED. R. CIV. P. 60(b)(1). The purpose of FRCP 60(b) is to balance the principle of the finality of a judgment with the court's interest in seeing that justice is done in light of all the facts. *Charter Township of Muskegon. City of Muskegon* (6th Cir. 2002) 303 F.3d 755, 760; *Bouret-Echevarria v. Caribbean Aviation Maintenance Corp.* (1st Cir. 2015) 784 F.3d 37, 41-42.)

### III.   <u>**LEGAL ARGUMENT**</u>

A. **The Court should vacate its Order dismissing Plaintiff's case and reinstate her case because Plaintiff did not receive Notice of the Motion to Dismiss and was not afforded an opportunity to comply or object**.

As a preliminary matter, the dismissal of Plaintiff's case should be vacated and her case reinstated because she did not receive notice of the pending action to dismiss her case, and was not afforded an opportunity to present her objections. *Mullane,* 339 U.S. at 314.  As outlined in detail above, Plaintiff's counsel made significant efforts to comply with the Court's requirements in this case, and prior to this most recent Order, was in full compliance.  Per the Court's Amended Order Establishing Policies and Procedures (Doc. 3309), Counsel registered with the Court's electronic filing system, and was receiving NEFs. (*Affidavit of Fareesh S. Sarangi*, ¶ 3.) When Counsel became aware he was no longer receiving emails from the Court, he investigated the matter with the Court's technical support staff, and provided an alternate email address to

ensure he would receive NEFs again. (*Id*, ¶ 4). Counsel also took the extra step of reviewing the Court's posted orders weekly as a redundancy check to ensure compliance. (*Id*, ¶ 5.) This is not a case in which notice was received, but overlooked, ignored, or wrongly categorized. Further, it is not a situation where Counsel stopped receiving emails and did nothing to ensure to rectify the situation.

Service is mandated by FRCP 5 generally, and Rule 5(b)(2)(E), when describing the requirements of service through the court's electronic filing system notes, "but [service] is not effective if the filer or sender learns that it did not reach the person to be served." In this matter, in addition to not receiving the service of the aforementioned documents, Counsel immediately informed Defendants he did not receive service, and requested they withdraw their motion to dismiss and stipulate to reinstatement of Plaintiff's case. (*Affidavit of Fareesh S. Sarangi*, ¶ 21.) Despite Defendants' refusal, the Court should reinstate Plaintiff's case on the basis of lack of notice, despite best efforts on her Counsel's part to comply with the notice requirements.

### B. Even if the Court imputes Notice, Counsel's failure to comply with the Court's Case Categorization Order was inadvertent and in good faith.

As noted, FRCP 60(b) specifically allows the Court discretion to reinstate Plaintiff's case for "inadvertent" and "good faith" failure to comply with the Court's Order. Even if the Court were to somehow impute proper notice in this case, Counsel would note that he took several significant steps to ensure he would be in compliance with the Court's orders. In addition to immediately following up when learning of the first email/NEF problems, Counsel provided a second email address, checked the court's website weekly, reviewed the summary emails, and was in compliance with all prior Court orders. (*Affidavit of Fareesh Sarangi, generally*.) Despite his best efforts, Counsel could not have discovered the Court's Order, or the Motion to Dismiss

filed by Defendants, and as a result, could not comply or assert an objection. (*Id*, ¶ 16-19.)  Any error on the part of Counsel must be viewed as "inadvertent" and in "good faith."

In situations like this, the Supreme Court in *Pioneer*, 507 U.S. at 395, provided guidance and directs courts to evaluate the impact of the delay on the judicial proceedings, the prejudice to the non-moving party, and whether the movant acted in good faith. *Id*.

Defendants cannot argue they were prejudiced by the delay, nor can they argue that Plaintiff's failure to provide the Case Categorization form delayed their ability to identify appropriate bellwether cases.  When Counsel served Plaintiff's documents upon Defendants, two years ago, he provided a complete set of documents and authorizations from which Defendants could easily categorize Plaintiff's injuries.  (*Affidavit of Fareesh S. Sarangi*, ¶ 8.)  Counsel only served the relevant records that identified Plaintiff's injuries and proof of product identification. (*Id*.)  The medical record submission for Plaintiff totaled only eleven (11) pages, an amount easy to review and categorize. (*Id*.)  As such, Defendants all the information necessary to categorize Plaintiff's injury, and had they wished to choose Plaintiff's case as a bellwether selection, certainly the absence of a one-page form containing the same information previously submitted would not have prevented them from doing so, defeating any claim of prejudice or delay.  Within a week of learning of the Court's Order, Counsel submitted the case categorization form along with the previously served medical records. (*Id*, ¶ 23.)

The dismissal of the Plaintiff's case, if not vacated, will cause irreparable harm that is much more significant than any prejudice suffered by Defendant in failing to receive Plaintiff's categorization forms. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant in failing to timely receive the categorization form and records, the harm is much more significant to Plaintiff. See e.g., *Barnhill v. United States*, 11 f.3d 1360, 1367 (7th

Cir. 1993)("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.")

Further, because Rule 60(b) is remedial, where timely relief is sought from a default judgment and the movant has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *In re Roxford Foods, Inc.* (9th Cir. 1993) 12 F.3d 875, 881; *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.* (2nd Cir. 1996) 92 F3d 57, 59-61; *Wehrs v. Wells* (7th Cir. 2012) 688 F3d 886, 890.

Thus, if this court were to deny Plaintiff's Motion, the dismissal of Plaintiff's claims because of inadvertent failure of counsel to comply with the order would be catastrophic to Plaintiff.

## IV.   **CONCLUSION**

A dismissal without notice or the opportunity to comply or object, and on the basis of a technicality will result in an unjust resolution, not decided on the merits. Considering on balance the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.


Dated by: June 7, 2019                    Respectfully submitted,


                                          /s/ Fareesh Sarangi
                                          _____
                                          Fareesh Sarangi, Georgia Bar No. 735110
                                          Sarangi Law, LLC
                                          3350 Riverwood Parkway, Suite 1900
                                          Atlanta, GA 30339
                                          Telephone: (404) 996-5157
                                          Fax: (678) 981-8390
                                          Fareesh@SarangiLaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Fareesh Sarangi

_____

Fareesh Sarangi