UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Bellwether-Pool
Eligible Cases (i.e. Category 5 and 6 Cases)

### COOK DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR POSITION ON THE *LEXECON* ISSUE

The Court will hear argument on the *Lexecon* issue on June 13, 2019. *See* Entry for May 23, 2019, Dkt. 10881; *see also* Dkts. 10715; 10786; 10901 (parties' briefing on *Lexecon* issue). In an effort to streamline the Court's consideration of the relevant law, the Cook Defendants respectfully submit the authorities described below.[1]

I.  **The Manual For Complex Litigation and the Duke Law Center Guidelines and Best Practices For Large and Mass-Tort MDLs**

The Manual for Complex Litigation addresses directly the issue before this Court for 23 of 24 cases in the Bellwether Discovery Pool – *all* 23 of which were filed in this Court originally pursuant to 28 U.S.C. § 1391:

> The Supreme Court ruled in *Lexecon* that a transferee court did not have the authority to transfer cases from another district to itself by ruling on a pretrial motion for change of venue.  **Nothing in that decision, however, precludes the transferee judge from presiding over cases that litigants filed in the transferee district originally,** that transferor courts transferred by ruling on motions [to] change

---

[1] In the interest of judicial economy, and so that the Court may consider all of the relevant authorities together, Cook is providing hard copy materials of the supplemental authorities cited herein, along with the authorities previously provided to the Court in hard copy on May 23, 2019, in conjunction with its responsive bench brief on *Lexecon* (Dkt. 10786).

1

> venue, or that the parties consented to have tried in the transferee district.

FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION p. 463, § 22.93 (4TH ED. 2004) (emphasis added). That passage is dispositive of the issue before the Court.

Similarly, the DUKE LAW CENTER GUIDELINES AND BEST PRACTICES FOR LARGE AND MASS-TORT MDLS (2D ED. 2018) (hereinafter "Duke Law Manual"), provides key guidance on the issues before the Court as well. Prepared in collaboration with representatives of both the plaintiff and defense mass tort bars, as well as judges with MDL experience,[2] the Duke Law Manual recommends the following best practices regarding *Lexecon*:

- Best Practice 1E(i): "The transferee court should adopt a strategy for facilitating the availability of the broadest possible pool of candidates from which to select bellwether cases." (p. 21); and

- Best Practice 1E(iv): "The transferee judge should adopt rules that will *minimize the risks that parties will attempt to 'game'* the bellwether trial-selection process, resulting in trials that are not representative of the case pool as a whole." (p. 26) (emphasis added).

Like the Manual for Complex Litigation, the Duke Law Manual notes that an MDL court "**may only conduct trials of cases originally filed in that court**" under the Supreme Court's decision in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Duke Law Manual at 21 (emphasis added). The Manual likewise explains that an MDL court "**avoids the *Lexecon* problem**" when it conducts trials in cases that were originally filed in the MDL court.[3] *Id.* at 22 (emphasis added).

---

[2]   Counsel from plaintiffs' firms with cases in this MDL such as Weitz & Luxemburg and Lief Cabraser participated in the process. *See* Duke Law Center for Judicial Studies, MDL STANDARDS AND BEST PRACTICES i-iii (2d ed. 2018) (Foreword), available at https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf.

2

Further, as Judge Eldon E. Fallon made clear in his seminal paper *Bellwether Trials In Multidistrict Litigation*, this Court's authority to conduct trials of cases directly filed into this MDL is absolute:

> **A case filed directly into the MDL, whether by a citizen of the state in which the MDL sits or by a citizen of another jurisdiction, vests the transferee court with complete authority over every aspect of that case. This is because the transferee court is no longer cognizable as the transferee court under 28 U.S.C. 1407, but is technically the forum court.** Therefore, by filing cases directly into the MDL, plaintiffs, in effect, waive their *Lexecon* objections, thereby subjecting their cases to trial within the MDL.

Eldon E. Fallon, et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tulane L. Rev. 2323, 2357 (2008) (emphasis added). Contrary to Plaintiffs' bench brief (Dkt. 10715 at 3), Judge Fallon rejects the notion that an allegation in a complaint can unilaterally create or preserve a *Lexecon* right that does not otherwise exist by statute or an explicit direct filing order. *Id.* at 2357 n.116 ("While this alternative appears attractive, it may not be effective. Although there is no case law on this subject, it is doubtful that a litigant can unilaterally place conditions on a court order," explaining further than absent a direct filing order by the court, "a plaintiff may not have that right at all.").

## II.     Relevant Case Law from Federal Circuit and District Courts

The Supreme Court held in *Lexecon* that "[a] district court conducting pretrial proceedings pursuant to § 1407(a) has no authority to invoke § 1404(a) to assign a transferred case to itself for trial." 523 U.S. at 27. Simply put, a case transferred by the JPML to an MDL must be remanded for trial to the district where the case originated. 28 U.S.C. § 1407(a). Nothing about this holding, however, mandates that a case that was originally filed in the MDL (as opposed to being transferred there by the JPML) be sent to another district for trial. Likewise, nothing about the *Lexecon* holding creates a right to transfer for cases properly venued in this Court pursuant to section 1391. As

Judge Fallon notes, in that situation, the MDL court has "**complete authority**" over the case—including authority to try the case. Fallon, 82 Tul. L. Rev. at 2357 (emphasis added).

This Court's complete authority to try any of the 23 Bellwether Discovery Pool cases originally filed in this venue is supported not only by the plain language of section 1407(a), but also by the case law cited in Cook's Bench Brief and additional case law summarized below.

- In the *African-American Slave Descendants Litigation*, the JPML transferred 10 suits to an MDL in the Northern District of Illinois that were brought by plaintiffs from "around the country seeking monetary relief under both federal and state law for harms stemming from the enslavement of black people in America." 471 F.3d 754, 756 (7th Cir. 2006). After the MDL was created, the plaintiffs "filed a consolidated complaint, and **since venue in Chicago was proper** and, in any event, not objected to by the parties . . . **the district court was unquestionably authorized, notwithstanding [*Lexecon*] to determine the merits of the suit**." *Id.* (internal citations omitted) (emphasis added).

- *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903-04 (E.D. La. 2007) ("As noted, the three cases that are the subject of the instant motion **were filed directly in this district** pursuant to Pretrial Order No. 11 [*i.e.*, the Vioxx MDL direct filing order] by citizens who do not reside in Louisiana, as were approximately 2,000 other cases. **This MDL Court technically has complete authority over every aspect of these cases**, limited only by the provisions of Pretrial Order No. 11.") (emphasis added)).

- *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, 910 F. Supp. 2d 891, 963 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014) ("To begin with, the Court's resolution of pre-trial motions does not constitute a "trial proceeding" that the Court may not conduct under [*Lexecon*]. . . . **And regardless, the Court is not acting pursuant to 28 U.S.C. § 1407 with respect to this Settlement, as the [plaintiff's] complaint was filed directly in this district**.") (emphasis added)).

Similarly, multiple other district courts have concluded that cases originally filed in the MDL court cannot be "remanded" pursuant to section 1407 and *Lexecon*, noting that that the only way venue could be changed would be pursuant to a fact-sensitive analysis under 28 U.S.C. § 1404(a), the general change-of-venue statute:

- *In re Norplant Contraceptive Prods. Liab. Litig.*, 946 F. Supp. 3, 4 (E.D. Tex. 1996) ("If a party avoids the need for an MDL transfer order by filing directly in this court, the court is unable to rely on § 1407 for the efficient remand of such case to the proper venue after pretrial proceedings are concluded. Instead, the court is forced to engage in the more

4

burdensome task of relying on 28 U.S.C. § 1404(a) in evaluating the need for a change of venue.").

- *In re Prempro Prod. Liab. Litig.*, 2008 WL 1970244, at *1 (E.D. Ark. May 7, 2008) ("This case involves only non-Arkansas Plaintiffs, and was directly filed in the Eastern District of Arkansas. By filing directly in this MDL 1507 Transferee Court, rather than in what would otherwise be a more appropriate venue, Plaintiffs not only bypass the multidistrict litigation statute providing for transfer and later remand, but also threaten to burden this court with unnecessary transfer decisions under § 1404(a).").

Finally, the Cook Defendants ask the Court to consider the additional case law summarized below, which supports the proposition that Plaintiffs did not (and cannot) unilaterally create a mandatory right to transfer to another venue for trial simply by identifying additional venues in their short-form complaints:

- In *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759 (7th Cir. 2006), the Seventh Circuit found a forum-selection clause mandatory and enforceable when it provided that venue "SHALL BE PROPER ONLY" in the named forum and noted that "where venue is specified with mandatory or obligatory language, the clause shall be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Id.* at 762.

- In *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753 (7th Cir. 1992), the Seventh Circuit found a forum-selection clause mandatory and enforceable when it provided that "all disputes . . . shall be filed" in the named forum, "manifest[ing] an intent to make venue compulsory and exclusive." *Id.* at 756. Non-mandatory forum-selection language indicates only that venue would be permissible in the named forum. *See id.*

The Short Form Complaint is a pleading; not a contract and not an order of this Court. Setting aside for the moment the allegations in Plaintiffs' pleadings before the JPML and the Master Complaint which allege this District as a proper – if not the most appropriate – venue, nothing in Plaintiffs' Short Form Complaint resembles the mandatory and obligatory contractual language found to be enforceable in *Muzumdar* or *Paper Express*. In any event, the Cook Defendants never agreed that this language would operate as a forum selection clause, and thus allow plaintiffs who chose to file in the Southern District of Indiana—an unquestionably proper venue—to try their cases elsewhere. As the Southern District of New York, sitting as an MDL court in the *LIBOR-Based*

*Financial Instruments Antitrust Litigation*, held: "[a] plaintiff may not unilaterally change venue by the device of amending its complaint, but instead must move for a change of venue." 2015 WL 6243526, at *21 (S.D.N.Y. Oct. 20, 2015). The plaintiffs in that litigation had attempted to avoid personal jurisdiction problems by "fil[ing] an amended complaint purporting to assert venue and personal jurisdiction in [the MDL court]," as opposed to the transferor court, but the court's holding categorically rejected that maneuver.

Dated: June 10, 2019

        Respectfully submitted,

        /s/ Andrea Roberts Pierson
        Andrea Roberts Pierson (# 18435-49)
        FAEGRE BAKER DANIELS LLP
        300 North Meridian Street, Suite 2700
        Indianapolis, Indiana 46204
        Telephone:   (317) 237-0300
        Facsimile:   (317) 237-1000
        Andrea.Pierson@FaegreBD.com

        James Stephen Bennett (# 22869-02)
        FAEGRE BAKER DANIELS LLP
        110 W. Berry Street, Suite 2400
        Fort Wayne, Indiana 46802
        Telephone:   (260) 424-8000
        Facsimile:   (260) 460-1700
        Stephen.Bennett@FaegreBD.com

        *Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2019, a copy of the foregoing Cook Defendants' Notice of Supplemental Authority in Support of Their Position on *Lexecon* was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson