IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This Document Relates to Plaintiff(s)<br><br>**Samuel Taubler** Case Number: 1:16-cv-01640 | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM**

Plaintiff Samuel Taubler has respectfully moved for relief under Federal Rule of Civil Procedure 59(e) and 60(b) for an order to vacate the dismissal of his action entered on May 8, 2019. As framed in his Opposition, Plaintiff's failure to comply with the original case categorization deadline was inadvertent and due to his counsel's excusable neglect. The dismissal of Plaintiff's claims far outweighs the prejudice to Defendants in not receiving Plaintiff's categorization forms, which have been transmitted to Defendants.

**I.        Plaintiff Has Met His Burden Under Rule 59(e).**

Motions to reconsider are appropriate for those situations where the court has "patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) It is well settled that in determining whether to

provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Bank of Waunakee*, 906 F.2d at 1191.

To support a motion for reconsideration based on newly discovered evidence, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Engelhard Indus., Inc., v. Research Instrumental Corp.*, 324 F.2d 347,352 (9th Cir. 1963) Further, disposition of a motion for reconsideration is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion. *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991)

Here, it was not until after the dismissal of Plaintiff's case that Plaintiff's counsel first learned that Plaintiff was not in compliance with the Court's Order regarding the submission of the Case Categorization Form. Counsel had previously reasonably believed that this case was in good standing with the Court.

Defendants cite *Caisse Nationale de Credit Agricole v. CBI Indus* for the proposition that "a party moving for reconsideration pursuant to 59(e) bears a heavy burden of establishing that the court should reverse its prior judgment." 90 F.3d 1264, 1270 (7th Cir. 1996). *Caisse* is distinguishable because it concerns a party seeking to defeat a motion for summary judgment by attempting to argue matters that could have been heard during the pendency of the previous motion. *Id*. Here, Plaintiff is not attempting to reargue an already rejected legal theory but asserting newly acquired evidence to prove that he did not submit his Case Categorization Form due to his counsel's inadvertence and excusable neglect.

**II.       Plaintiff's Counsel's Inadvertent Actions are Excusable Under Rule 60(b).**

Plaintiff also seeks relief under Rule 60(b) due to his counsel's excusable neglect of missing the case categorization deadline. The excusable neglect standard under Rule 60(b)(1) is an equitable one. The purpose for this rule is to prevent cases to be decided by dismissals as a result of missed deadlines. *Newgen, LLC v. Safe Cig, LLC*, 840 F.3d 606,616 (9th Cir. 2016). Such judgments are generally disfavored. This is because it is an underlying principal of the Federal Rules of Civil Procedure that cases should be decided on the merits instead of technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31,47 (2d Cir. 2015).  Here, the dismissal of Plaintiff's case is in effect with prejudice, due to the type of technical failure that falls within the framework of Rule 60(b).

Further, Defendants' Opposition relies on outdated and inapplicable legal standards. For this reason alone, Plaintiff's Motion should be granted under Rule 60(b) because of mistake, inadvertence, and/or excusable neglect.

More specifically, Defendants cite *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989) for the proposition that "excusable neglect" means something more than negligence, carelessness, or a failure to exercise due care. *Id*. at 967. In *Lomas*, an attorney did not attend a foreclosure sale because he "became distracted and failed to realize the time". *Id*. at 968. The Seventh Circuit held that this was not excusable neglect because the attorney "offered no real excuse, beyond carelessness for his failure to attend the sale". *Id*. The United States Supreme Court, however, subsequently construed the term "excusable neglect" in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) and determined, "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to

3

comply with a filing deadline is attributable to negligence." *Id*. As such, Defendants are relying on an incorrect and outdated standard for Rule 60(b).

In fact, the majority of the cases relied upon by Defendants regarding the burden and factors for relief under Rule 60(b) predate *Pioneer* except for *Dickerson v. Bd. of Educ*., 32 F.3d 1114 (7th Cir. 1994), which itself relies almost exclusively upon cases pre-dating the *Pioneer* decision. *Dickerson* does not mention *Pioneer* and does not consider the *Pioneer* framework. *See Dickerson*, 32 F.3d at 1114 et seq. Understandably, the Seventh Circuit has expressly disapproved all of its prior cases that were inconsistent with *Pioneer* – including *Dickerson*. See *Robb v. Norfolk & Western Ry. Co*., 122 F.3d 354 (7th Cir. 1997)

As framed in Plaintiff's Motion, the dismissal of Plaintiff's case, if not vacated, will cause irreparable harm that is much more significant than any prejudice suffered by Defendant in failing to timely receive Plaintiff's categorization forms. Plaintiff's counsel missed the original case categorization deadline, inadvertently and in good faith. Once the technical error was discovered, Plaintiff's counsel acted to put Plaintiff in immediate compliance with the case categorization form and filed the Motion at issue here. Plaintiff's technical error was also not uncommon as over three hundred plaintiffs failed to comply with the case categorization order.

Accordingly, when weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant in failing to timely receive the categorization form and records, the harm is much more significant to Plaintiff. See e.g., B*arnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993)("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.") The dismissal of Plaintiff's claims because of the inadvertent failure of counsel to comply with the

4

order would be catastrophic to Plaintiff and will result in an unjust resolution, based on a technicality.

Further, because Rule 60(b) is remedial, where timely relief is sought from a default judgment and the movant has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *In re Roxford Foods, Inc.* (9th Cir. 1993) 12 F.3d 875, 881; *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.* (2nd Cir. 1996) 92 F3d 57, 59-61; *Wehrs v. Wells* (7th Cir. 2012) 688 F3d 886, 890.

### III.   CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court reconsider its dismissal of Plaintiff's claim and vacate the Court's prior Order of dismissal, reinstating Plaintiff's case.

Dated by: June 10, 2019                                                   Respectfully submitted,


/s/ Keith D. Griffin
Keith D. Griffin, SBN 204388
Girardi | Keese
1126 Wilshire Boulevard
Los Angeles, California 90017-1904
Telephone:  (213) 977-0211
Fax:  (213) 481-1554

kgriffin@girardikeese.com


**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Keith D. Griffin
Keith D. Griffin