**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to 64 Category 2 Cases
Pending as of May 24, 2019

_____

**COOK DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION FOR JUDGMENT ON THE PLEADINGS
IN CATEGORY 2 CASES FOR FAILURE TO STATE A CLAIM**

Multiple plaintiffs have filed responses to the Cook Defendants' motion for judgment on the pleadings to dismiss Category 2 cases (Dkts. 10856-57) (hereafter, "Cook" and the "Motion to Dismiss"). As outlined below in Section I, however, multiple plaintiffs have voluntarily dismissed their cases and/or recategorized after Cook filed the Motion to Dismiss. As such, only plaintiffs represented by one firm—the 17 Driscoll Law plaintiffs ("Driscoll Plaintiffs")—have raised objections that remain active and ripe for the Court's disposition.[1] *See* Dkt. 10953.

For the reasons further described herein, the Driscoll Plaintiffs have failed to provide any facts or argument (legal or otherwise) in their briefing that would suggest their claims have merit or should survive Cook's Motion to Dismiss. Cook requests that the Court dismiss these 17 claims per to the terms of dismissal for Category 2 cases that the Court has recommended (Dkt. 10632), and that the parties have used in the pending stipulations to dismiss Category 2 cases, which are noted below.

---

[1] Cook will submit a complete listing of docket entries pertaining to this Motion to Dismiss that may be considered moot by the Court based on the developments discussed in Section I to the Court and the Plaintiffs Steering Committee in advance of the hearing on Thursday, June 13.

**I.    Updated Status on Cases Subject to the Motion**

1. On May 28, 2019, Cook filed the instant Motion to Dismiss, initially requesting dismissal of 64 pending Category 2 cases listed in Exhibit A attached thereto. (Dkts. 10856-1; 10857-1).

2. Since the filing of the Motion to Dismiss, **twenty-four** (**24)** of these plaintiffs have agreed to voluntarily dismiss their cases, and stipulations to that effect have been filed. Cook asks the Court to enter these stipulations, along with several pending stipulations to dismiss other Category 2 cases that were filed before the Motion to Dismiss. Specifically, Cook asks the Court to enter the following pending stipulations to dismiss Category 2 cases: Dkts. 10688, 10712, 10705, 10708-10, 10713, 10716, 10718, 10722, 10728-29, 10731, 10735, 10737-38, 107447, 10752-53, 10844-48, 10893-99, 10906, 10909, 11021, 11023, and 11026.

3. Since the filing of the Motion to Dismiss, **seven (7) plaintiffs** have also provided medical records supporting categorization in a category higher than Category 2. Cook has accepted those re-categorizations and is, therefore, withdrawing these plaintiffs from the instant Motion to Dismiss.[2]

4. The deadline to respond to the Motion to Dismiss expired on June 7, 2019. **Nine (9) plaintiffs** failed to respond to the Motion to Dismiss by that deadline, as outlined in attached **Exhibit A**. For the reasons more fully articulated in the brief in support of the Motion to Dismiss (Dkt. 10857), and because these plaintiffs have filed no objection to the Motion to Dismiss, Cook requests that the Court dismiss the cases filed by these **Exhibit A** Plaintiffs.

---

[2]    Those seven plaintiffs are: Cassandra Beamon, Marybeth King, Edrick Malone, Charlene Roberson, Paul Shields, Craig Stanley, and Kimberly Wetherbee.

5.     The Miller Law and Murray Law Firms filed substantive objections with respect to **six (6)** cases not otherwise addressed above on behalf of plaintiffs Albrecht, Cooper, Marowski, Morton, Peterson and Wisdom. *See* Dkts. 10942-43; 10948; 1056-58. With respect to those six cases, Cook has agreed to give counsel for these plaintiffs additional time to consider dismissal and/or recategorization. Based on that understanding, Cook has withdrawn those cases from the Motion to Dismiss for the time being. If the parties are not able to come to a final understanding regarding those cases, Cook will present their substantive arguments for the Court to resolve at that time.[3]

6.     Accordingly, that leaves the substantive omnibus opposition filed by the Driscoll Plaintiffs (Dkt. 10953) as the only ripe opposition to the Motion to Dismiss. Cook responds to those arguments below and asks the Court to dismiss the 17 cases filed by the Driscoll Plaintiffs, which are listed in the attached **Exhibit B**.

**II.    The Driscoll Plaintiffs' Claims Fail as a Matter of Law and Their Arguments to Stave Off Dismissal Are Without Merit.**

In their omnibus opposition, the Driscoll Plaintiffs criticize Cook's decision to bring the instant Motion to Dismiss under Rule 12(c) as "convoluted" and attack the categorization requirement as "fairly artificial," and a "sword [to] impale Plaintiffs," dismissing the Court's Orders as a "constrained [] pleading format and requirements of this MDL," and "oppressive as to recently filed cases." Dkt. 10953 at 3-4.

---

[3]     There is one other case in this category, Alta Glenn (1:17-cv-01641). While Plaintiff Glenn did not file a formal response in opposition to the Motion to Dismiss, the Cook Defendants are continuing to discuss the appropriate disposition of this case with plaintiff's counsel, pending counsel's ability to contact Plaintiff Glenn. Therefore, the Cook Defendants have excluded that case from the instant request for dismissals.

- 3 -

The Driscoll Plaintiffs' arguments are without merit for four reasons. First, the Driscoll Plaintiffs have not pointed to *a single* disputed material fact regarding their 17 cases: they categorized as Category 2, they do not dispute any of the substantive law Cook relies on, and they have no applicable medical records to create a genuine issue of fact as to whether or not they have suffered a cognizable injury. Under the Rule 12(c) case law that they cite, "there are no[] material issues of fact to be resolved," Dkt. 10953 at 3 (citing *N. Ind. Gun & Outdoor Shows v City of S. Bend*, 163 F.3d 449, 452 (7th Cir 1998)), and Cook is therefore entitled to entry of judgment as a matter of law. Second, judicial notice of the fact these Plaintiff categorized as Category 2 is proper because the Driscoll Plaintiffs chose their own categorization and cannot (and indeed do not) dispute them.[4] Third, the Court invited motion practice as part of its Categorization and Screening Order (Dkt. 9322 at n.1) and Cook's Motion to Dismiss is properly presented as an extension of that process.

Finally, the Driscoll Plaintiffs' arguments regarding timeliness are without merit because the Court has determined the appropriate deadlines and already granted extensions. The Driscoll Plaintiffs use Category 2 *en masse* as a placeholder category while they investigate whether they qualify for some other category. That is a misuse of both the categorization process and an open flaunt to counsel's Rule 11 obligations that require case screening **before** filing, not the other way around. Cook has accepted amended categorizations and reached understandings with counsel where one or two plaintiffs needed additional time to determine if pertinent records could be located. For the Driscoll Plaintiffs, lack of screening is not the exception, but the rule, and the

---

[4] Again, Cook has accepted amended categorizations in those instances were plaintiffs subject to the Motion to Dismiss had records qualifying them for higher categories.

Court should categorically reject that improper tactic and intentional misuse of the Court's categorization framework, and dismiss their cases.

As noted above, the screening order this Court implemented is not only appropriate but recommended as a consensus best practice in MDL management, as is the propriety of resolving omnibus dispositive motions.[5]  Here, the categories were developed by the Court based on the parties' briefing on the issues, and the categorization form was adopted by agreement with plaintiffs' leadership, so plaintiffs had input at all stages of the process.  *See e.g.,* Pl. Resp. to Cook Defs. Mot. for Screening Order and Bellwether Selection Plan, Dkt. 8591 at 2 (arguing that motion practice would be necessary to determine if disputed injury cases had value).  The real issue here is not that the categorization form or the categories the Court created are too rigid, but that the Driscoll Plaintiffs do not have a single medical record demonstrating a complication or injury that would make them eligible for categorization—accompanied by a medical certification—in a higher category.

### A. Cook is Entitled to Dismissals in These Cases Because the Driscoll Plaintiffs Have Not Pointed to Any Material Fact in Dispute.

The Driscoll Plaintiffs' response provides no substantive opposition to the underlying merits of Cook's arguments.

Cook's Motion to Dismiss relies on numerous legal authorities and cites cases from over 20 states for the proposition that standalone emotional distress claims are not permitted as a matter of law in the medical device context, especially in these product-in-place cases where there is no evidence of product malfunction or physical injury to the plaintiff.  *See generally* Def. Br. Dkt. 10857 at 2. The Driscoll Plaintiffs do not provide any substantive argument or evidence against

---

[5]     *See* Cook Defendants' Response to Plaintiffs' Motion for Remand and Transfer at 30-34 (contemporaneous filing) (citing Duke Law Manual and JPML Guidelines).

US.123483236.02

the legal or factual underpinnings of Cook's argument, in any of their 17 cases. Rather, their whole opposition boils down to semantic arguments about admissibility or propriety of judicial notice regarding the fact of their Category 2 status—categorizations they acknowledge self-disclosing. *See* Dkt. 10953 at 4 (stating "these Plaintiffs nevertheless duly and promptly served categorization forms to [sic] their best of their present ability…."). While Cook addresses those procedural arguments below, there is no factual or legal dispute on the substantive question before the Court. Indeed, their response is a tacit acknowledgment that these plaintiffs do not have any medical records to support a cognizable claim against Cook, nor applicable law to suggest "fear alone" is a compensable injury.

Simply put, these are Category 2 cases. They are, by definition, only alleging standalone emotional distress claims; and their claims fail for all the legal reasons stated in Cook's opening brief—substantive law that the Driscoll Plaintiffs do not even attempt to dispute. Accordingly, Cook has met its "heavy burden" under Rule 12(c) and is entitled to entry of judgment as a matter of law in these cases on their present claims.

### B. Rule 12(c) and Judicial Notice of the Categorization Forms Are Appropriate Because Plaintiffs' Self-Categorizations Are Not Disputed.

Plaintiffs' argument that Rule 12(c) is an improper vehicle to bring this motion and that the Court cannot or should not take judicial notice of the Plaintiffs' Category 2 status is misplaced.

Cook has explained in its opening brief why the Court under Seventh Circuit case law may consider the fact of these Plaintiffs' categorizations. (Dkt. 10857 at 4 n.5). As explained therein, the categorization information is not subject to reasonable dispute and, indeed, is not disputed by the Driscoll Plaintiffs because they acknowledge self-disclosed it. Dkt. 10953 at 4. Moreover, Seventh Circuit caselaw permits courts to take review on a 12(c) motion information that is implied by a pleading. While the categorization forms are not pleadings, it is appropriate for the Court to

consider them as extensions of the operative allegations in the short-form complaints because the categorization forms *for the first time certify* with medical support that a claimed complication or injury has actually occurred with respect to that individual case. If the categorization forms are not an extension of the pleadings, then no Plaintiff in this MDL could survive a *Twombly-Iqbal* challenge to the sufficiency of their complaints because the short-form complaint and the Plaintiffs' Master Complaint, Dkt. 213, fail to plead plausible factual allegations that an injury has occurred in any individual case. The short-form complaint merely provides that a Cook filter has been placed in each plaintiff's body on the date and location listed. *See* Short-Form Complaint, ¶¶ 11-13. But the short-form complaint never provides, for example, in a failed retrieval case when and where the failed retrieval occurred, or in Category 4-7 cases which complication generally alleged in the Master Complaint occurred in that plaintiff's specific case (i.e. is the plaintiff claiming perforation, post-placement PE, fracture, etc.). Cook merely asks the Court to consider the categorizations because it supplies critical information that no standalone complaint could survive without in the absence of the MDL.

Cook brought the Motion to Dismiss under Rule 12(c) instead of Rule 56 because the issue is logistically easier to present for the Court's review under Rule 12(c) because the only relevant factual issue is Plaintiffs' self-designated selection as Category 2. Under the Driscoll Plaintiffs' interpretation of applicable procedure, Cook should have brought this as a motion for summary judgment attaching 64 identical exhibits all showing that these plaintiffs self-categorized as Category 2. Or perhaps Cook should have attached 64 affidavits stating that none of the 64 plaintiffs had as of May 24, 2019, submitted a medical record in discovery showing some physical injury. The Court should reject that invitation, take judicial notice of their undisputed

categorization as Category 2, and dismiss their cases because they have not presented any *substantive* opposition to the merits of the issue before the Court.

> **C. The Court's Categorization and Screening Order Contemplated Motion Practice on Category 2 and Cook's Motion to Dismiss is Properly Brought Under that Framework.**

The Driscoll Plaintiffs argue that the categorization forms are "inadmissible and [are] not considered to be relevant for any other purpose" based on language in Instruction No. 4 on the form. *See* Dkt. 10953 (quoting Case Categorization Form, Dkt. 9638-1).

As the Driscoll Plaintiffs note in that same section of their argument, the categorization forms were prepared "for the purpose of complying with the Court's [Categorization and Screening Order, Dkt. 9322]." Cook's Motion to Dismiss is part of that same purpose because the Motion to Dismiss is testing the legal sufficiency of a category created by the same order. The Court's Categorization and Screening Order expressly stated that non-bellwether pool categories would still remain eligible for motion practice, and Cook's Motion to Dismiss is well within that ambit. *See* Dkt. 9322 ("Cases in Categories 2, 3, 4, and 7 remain for motion practice or trial."). Thus, there is no procedural bar to the Cook relying on the categorization forms or the Court taking notice of them, because the categorization framework itself contemplated motion practice based on the fact of those categorizations. In any event, the Driscoll Plaintiffs do not dispute the fact that they are Category 2—*i.e.* that the only evidence they have only supports claims of standalone emotional distress—and that is a fact that Cook could establish in other, though logistically more cumbersome, ways.

> **D. The Driscoll Plaintiffs' Timing Arguments Are Unpersuasive Because the Court Has Already Granted Extensions and Rule 11 Requires Case Screening Before Filing.**

- 8 -

Finally, the Driscoll Plaintiffs argue that the timing of the categorization deadlines is unfair and "oppressive," especially for recently filed cases. *See* Dkt. 10953 at 4. Cook disagrees.

This MDL has been ongoing for over four years, and the categorization process for filed case lasted over five months from November 2018 until end of April 2019. Any ambiguity over whether recently-filed cases needed to categorize and how long they had to do so was unequivocally resolved by the Court in its Revised Second Amended Order Regarding Case Categorization Forms (Dkt. 10617), that the Court entered on May 7, 2019 (the "May Order"). The Court ordered all cases filed after the categorization process began to categorize in 15 days (i.e. May 22, 2019) if they had not already done so, and provided new cases filed after the entry of the May Order have 30 days to categorize. Dkt. 10617 at 2. These issues were discussed at the general hearing before the May Order was entered and Plaintiffs' leadership had opportunity to provide input. Moreover, MDL courts routinely enter similar orders, and are encouraged to do so. *See e.g,* CMO-8 and CMO-10, *Nexgen* MDL, Case No. 1:11-cv-05468 (N.D. Ill.), Dkts. 1265, 1652; *see also* Cook Defendants' Response to Plaintiffs' Motion for Remand and Transfer Venue, pp. 30-34 (contemporaneous filing) (citing Duke Law Manual and JPML Guidelines).

Counsel has a duty to investigate whether a claim has merit attaches ***before*** filing a case; therefore, counsel in most instances should already have in their possession records that can establish the basis of a claim before filing. Fed. R. Civ. P. 11(b). That an individual plaintiff believes he or she may have a claim based on watching plaintiffs' counsel's own advertising about this litigation is a trigger for counsel to begin to investigate if the claim has merit, not to consider the plaintiff's subjective impressions as the end of the investigation. *See id.* ("By presenting to the court a pleading … an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief **formed after an inquiry reasonable under the**

**circumstances**" that the claim is legally and factually sound and otherwise not frivolous.) *Id.* (emphasis added).

Finally, it bears mention that the terms of dismissal for Category 2 cases that the parties have used in the pending stipulations permit the re-filing of a case under the appropriate circumstances, such as subsequent discovery of a complication or injury not already litigated. Accordingly, if the Driscoll Plaintiffs complete their investigations and uncover facts on which to base a claim higher than Category 2 and that claim is otherwise legally viable, they could re-file in the MDL. But, the Driscoll Plaintiffs cannot do what they are currently doing and forego that investigation before filing—the investigation is both a Rule 11 obligation and specific requirement in this MDL under the Court's May Order.

## CONCLUSION

For the foregoing reasons, the Cook Defendants ask the Court to take the following actions:

(1) Enter all voluntary stipulations to dismiss currently pending on the master docket. For reference, those docket numbers are: Dkts. 10688, 10712, 10705, 10708-10, 10713, 10716, 10718, 10722, 10728-29, 10731, 10735, 10737-38, 107447, 10752-53, 10844-48, 10893-99, 10906, 10909, 11021, 11023, and 11026.

(2) Dismiss the nine (9) cases on **Exhibit A** that have not opposed the Motion to Dismiss per the terms of dismissal used in the pending stipulations cited above; and

(3) Dismiss the seventeen (17) cases filed by the Driscoll Plaintiffs on **Exhibit B** because their claims fail as a matter of law, again under the same terms used in the pending stipulations.

Respectfully submitted,

Dated:  June 10, 2019

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (#26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204-1750
Telephone:     (317) 237-0300
Facsimile:      (317) 237-1000
Andrea.Pierson@FaegreBD.com
Jessica.Cox@FaegreBD.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone:     (260) 424-8000
Facsimile:      (260) 460-1700
Stephen.Bennett@FaegreBD.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2019, a copy of the foregoing reply brief was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

/s/ *Andrea Roberts Pierson*

- 11 -

US.123483236.02