IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL NO. 2570 |

This document relates to:
DEBORAH KELLY
Civil Case No. 1:16-cv-01768

**PLAINTIFF'S AMENDED RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW INTO COURT comes Plaintiff Deborah Kelly, to file this Amended response in opposition to the Defendant's Motion for Judgment on the Pleadings in Category 2 Cases for Failure to state a claim. As a result of the Defendants' defective IVC filter products, the Plaintiff suffered a cognizable injury, for which she seeks damages in accordance with Colorado Law. Now the Defendants seek to a case management to do an end-run around the actual claims made by Plaintiff in her pleadings and previous discovery. For the following reasons, this Court should DENY Defendant's Motion for Judgment on the Pleadings as it applies to Plaintiff Deborah Kelly and Civil Case No. 1:16-cv-01768. In the alternative, any dismissal of Plaintiff's claim should be *without* prejudice, so that she may re-file in the event of a future cognizable injury.

**STANDARD OF REVIEW**

The Defendants have asked this Court to grant them Judgment on the Pleadings in the matters of 64 plaintiffs, including the instant Plaintiff, Deborah Kelly. A district court may only grant a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) if, after viewing all of the facts in a light most favorable to the non-moving party, it is beyond doubt that the

non-movant can plead no facts that would support his claim for relief. *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). "The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true." *Id.* The Court must "accept the plaintiff['s] well-pled facts as true and construe reasonable inferences in [the plaintiff's] favor." *Tierney v. Advocate Health & Hosps. Corp.,* 797 F.3d 449, 451 (7th Cir. 2015). The moving party bears a heavy burden to gain relief under Rule 12(c). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998) (quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993)) (emphasis added). "Thus, to succeed, the moving party must demonstrate there are not material issues of fact to be resolved." *Id*.

      A grant of summary judgment requires that "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. *Board of Education v. Pico*, 457 U.S. 853, 863 (1982). In this case, material facts still exist and so as a matter of law this case should not be dismissed.   Ms. Kelly still has both economic and non-economic damages due to the defective Cook manufactured Select Platinum IVC filter.   On August 6, 2015, the Cook Select retrievable filter was placed. ***See Exhibit A.*** Then on December 11, 2015, her doctor recommended it be removed to avert any potential long-term complications from the device.  Ms. Kelly not only has economic damages from this surgery and the removal

surgery. *See Exhibit B.* She also has extensive pain and suffering emotional harms and losses related to the surgeries. This is a procedure that she was awake and was scared she was going to die given the issues she was aware about with the Cook filters. She also had sleepless nights given her anxiety about her cook filter both before and after the cook removal surgery. She will testify, it was traumatic having to be awake during the removal procedure as they made in incision in her leg and then had to go up the vena cava to get the medical device out of her body. She still fears whether metal particles still remain in the vena cava and does not know for sure whether her doctor got all the pieces out even if it was considered a successful removal. She had severe anxiety not being able to sleep at night both before and after the surgery. Bottomline, facts exist in this case that she has harms and losses associated with the Cook Select Platinum Filter, and individual case specific discovery still must be undertaken. It would absolutely be premature to dismiss her case at this time when no individual case discovery has taken place other than some forms she filled out. Ms. Kelly deserves her day in court, and dismissal would be too premature at this point in time.

## Law & Argument

### I. The Defendants Cannot Carry Their Burden Under Fed. R. Civ. P. 12(c).

#### a. *This Court should not take judicial notice of the case categorization forms.*

The Defendants ask this Court, in a footnote, to take judicial notice of the Plaintiff's Case Categorization form. Plaintiff disputes that the judicial notice procedure is appropriate in this case. Essentially, what Defendants are really asking is that the Court find the Categorization Forms to be the sole source of undisputed material facts in this case. This Court should not take judicial notice of the Forms or consider them in deciding this motion on the pleadings. The

Defense hasn't even requested Plaintiff Kelly's deposition, and had they not just relied on some form they would clearly see that material facts clearly still exist in her case.

In deciding a Rule 12(c) motion, a court may take judicial notice of "matters of public record." *Wood*, 925 F.2d at 1582. This also includes attachments to pleadings, which are incorporated into the pleadings themselves. See *Williamson v. Currain*, 714 F.3d 432, 435-436 (7th Cir. 2013). The Defendant would have this Court expand the definition of documents attached to or referenced by pleadings to incorporate documents that did not come into existence until three years after the pleading that supposedly referenced them – in this case, the Master Consolidated Complaint. Strictly speaking, these are not the kind of documents or facts that the judicial notice procedure was intended for, and this Court should not accept them here.[1]

Defendant also asks this Court to take notice of the Categorization Forms for the reason that they "cannot reasonably be disputed." Defs.' Memorandum in Support of Judgment on the Pleadings, p. 4, fn. 5. "In order for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessey v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995). The question for this Court, then, is "What, exactly, is the fact that Defendants wish us to take notice of?"

In *Hennessey*, the 7th Circuit found that a dispute over the significance of a document, rather than the contents themselves, was enough to decline to take judicial notice of it. See 69 F.3d at 1354-55. Plaintiff does not dispute the Case Categorization form, its contents on their face, or the medical records she attached indicating the implantation of a Günther Select Platinum Vena Cava filter. However, she <u>does dispute</u> its significance to this pleading, namely Defendants' claims that it constitutes the sole source of her factual allegations against them.

The form approved by the Court represents that "[t]his Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for

4

Screening Order and Bellwether Selection Plan only and **is not admissible and is not to be considered relevant for any other purpose**." Case Categorization Form, Rec. Doc. 9638-1 (emphasis added). Said Order makes no mention of using it to determine undisputed facts for purposes of a Rule 12(c) motion or a summary judgment motion. The Plaintiff, in good faith and in accordance with this Court's Census Order, submitted a Case Categorization Form and requisite records. Now, the Defendants seek to weaponize this Form against the Plaintiff – in direct contravention of the stated purpose of the Form itself. If this Court is to decide a Motion for Judgment on the Pleadings, it should truly decide it on the pleadings, and not take judicial notice of the Categorization Forms as evidence of facts that Plaintiff disputes.

      b. *Without the Categorization Forms, Defendant's Argument Fails.*

Defendants rely solely on this Court taking judicial notice of the Case Categorization Forms as the cornerstone of their entitlement to judgment on the pleadings. Without that leg to stand on, they cannot show that they are entitled to judgment on the pleadings – much less that there are undisputed material facts. Looking solely at the Plaintiff's well-plead facts in the form of the Master Consolidated Complaint and her Short Form Complaint, it is clear that Defendants' Motion fails on its face, and this Court should deny it in full.

**II. If This Court Looks Beyond the Pleadings, the Plaintiff States a Plausible Claim For Mental and Emotional Damages, As Well As Physical Injury.**

  In claiming that Plaintiff may not recover for mental and emotional damages absent a physical injury, the Defendants makes blanket statements about general "principles" of tort law rather than individualized analysis of applicable state law. As discussed above, this Court should not go beyond the pleadings in this matter to decide this motion for relief under Rule 12(c). Looking solely at those, both the Master Complaint and Plaintiff Kelly's Short Form

5

Complaint here clearly sets out viable tort claims. The Defendants do not dispute this. Even if this Court does look beyond the pleadings, as requested by Defendants, Plaintiff asks that it also consider those materials the evidence.

### III. Plaintiff's Non-Tort Claims Should Still Stand as a Matter of Law

*a. Implied Warranty*

As with the tort claims, this Court should decline to take judicial notice of the Case Categorization forms and deny the Defendant's motion in full. However, if the Court decides to consider matters outside the pleadings in the form of the Case Categorization Forms submitted by the Defendants, then they clearly demonstrate a plausible case – or at least a question of material fact – regarding both Plaintiff's mental/emotional injury and the merchantability of the Cook Select Platinum Filter. This raises a clear question of material fact regarding her claims. Again, the Court should deny Defendant's motion as it pertains to Plaintiff's claims of breach of implied warranty.

*b. Consumer Fraud*

Despite the Master Consolidate Complaint, with its consumer fraud allegations fully pleaded, having been filed three years ago, Defendants choose this moment to attempt to strike those allegations from the 64 Category 2 Plaintiffs. And again, the Defendants fail to analyze the allegations in the complaint in light of the individual state substantive law that might apply to the Plaintiff. The Plaintiff does not feel that this particular motion – with its parameters and scope previously set by this Court's Order – is an appropriate vehicle to address whether the Master Consolidate Complaint meets the pleading requirements of Fed. R. Civ. P. 9(b) or not. However, Plaintiff will address the arguments raised by Defendants here.

Rule 9(b) of the Federal Rules of Civil Procedure states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Defendant singles out a single paragraph of the Master Consolidated Complaint and claims that it encompasses the whole universe of allegations related to consumer fraud. In doing so, they ignore the more specific allegations in the Complaint incorporated by reference into Count VII:[2]

- **WHO:** "Through its false, untrue and misleading promotion of Cook's IVC Filters, *Defendants* induced *Plaintiffs* to purchase and/or pay for the purchase of Cook's IVC Filters." Master Consolidated Complaint at ¶115 (emphasis added). Also, "*Defendants* failed to disclose to *physicians*, *patients* and/or *Plaintiffs* that its Cook Filters were subject to breakage, tilt, inability of removal, and migration even though they knew or should have known the same was true." *Id.* at ¶44.

- **WHEN:** The Master Consolidated Complaint alleges that Defendants knew or should've known that the Celect and Select Platinum filters were not as safe as they promoted them to be as early as 2008. See *id.* at ¶¶39-44.

- **HOW:** "At all times relevant hereto, the Defendants continued to promote the Cook Filter as safe and effective even when inadequate clinical trials had been performed to support long or short to safety and/or efficacy." *Id.* at ¶45. "The Defendants specifically advertise the conichrome construction of the filter as a frame which "reduces the risk of fracture." *Id.* at ¶48.

When the factual allegations in the Master Complaint are taken along with those in Count VII, said Complaint states an adequate claim for common law fraud. However, the Master Consolidated Complaint, in fact, pleads a cause of action under the applicable consumer protection laws of the Plaintiff(s) home states.

Further, Plaintiff also alleges that the Defendant's actions violated provisions of the consumer protection laws of Colorado, C.R.S.A. § 6-1-105 These statutes use language similar to that of the Illinois Consumer Protection Act analyzed in the *Windy City Metal Fabricators* case, where the Court found that, because neither fraud nor mistake were elements of law, the notice pleading standard of Fed. R. Civ. P. 8 applied rather than the heightened standard of Rule

7

9(b). *Windy City Metal Fabricators & Supply, Inc.*, 536 F.3d at 669-670. Here, this Court should find the same – that merely the notice pleading standard applies to claims and that the Master Consolidated Complaint meets that standard with regard to Plaintiff's claims under the consumer protection laws of Massachusetts state.

### *c. Punitive Damages*

Defendant's argument that Plaintiff cannot recover punitive damages relies on their previous argument that she cannot recover compensatory damages for mental and emotional distress absent physical injury. As shown above, Plaintiff has adequately plead her claims for damages.

### **Conclusion**

This Court should not allow the Defendants to use a case management tool, the Categorization Forms, in order to improperly seeking dismissal of adequate-plead claims. However, if this Court does consider materials outside the pleadings, Defendant's blanket assertion that Plaintiff(s) cannot recover for mental and emotional distress damages absent a physical injury is flatly untrue. Looking at both the pleadings and the matters outside them, Plaintiff clearly alleges a viable case for emotional damages. This Court should DENY Defendant's Motion for Judgment on the Pleadings as it pertains to Plaintiff Deborah Kelly. In the alternative, if this Court finds it necessary to dismiss Plaintiff's claims for lack of a cognizable injury, she requests that it be *without prejudice*, so that she may refile in the event that the filter causes an injury this Court finds to be cognizable.

8

DATED: June 12, 2019

        BACHUS & SCHANKER, LLC
*/s/ J. Christopher Elliott*
J. Christopher Elliott, Esq.
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Tel: (303) 893-9800
Fax: (303) 893-9900
celliott@coloradolaw.net
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *J. Christopher Elliott*

9