**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                      MDL No. 2570

_____

This Document Relates to:

Cause No.      1:14-cv-06018-RLY-TAB (Tonya Brand)
_____


**COOK DEFENDANTS' SUR-REPLY**
**IN OPPOSITION TO PLAINTIFF'S AMENDED BILL OF COSTS**

## TABLE OF CONTENTS

Page

I.      PLAINTIFF INCURRED THE COST OF DAILY TRIAL TRANSCRIPTS SOLELY FOR THE CONVENIENCE OF HER COUNSEL AND THOSE COSTS THEREFORE ARE NOT RECOVERABLE........................................................ 2

II.     PLAINTIFF INCURRED THE COST OF HEARING TRANSCRIPTS SOLELY FOR THE CONVENIENCE OF HER COUNSEL AND THOSE COSTS THEREFORE ARE NOT RECOVERABLE ..................................................... 4

III.    PLAINTIFF HAS FAILED TO SATISFY HER BURDEN UNDER 28 U.S.C. § 1920 TO PROVE THAT THE COSTS SHE SEEKS WERE REASONABLE AND NECESSARY............................................................................................ 5

IV.     PLAINTIFF MAY NOT RECOVER DEPOSITION TRANSCRIPTION COSTS BEYOND THE REASONABLE RATE ESTABLISHED BY THE JUDICIAL CONFERENCE OF THE UNITED STATES .................................................. 7

V.      PLAINTIFF'S "ADDITIONAL DESCRIPTIONS" DO NOT JUSTIFY AWARDING DEPOSITION COSTS THAT WERE NOT REASONABLY NECESSARY TO HER CASE............................................................................. 8

VI.     PLAINTIFF FAILS TO PROVIDE SUFFICIENT SUPPORT OR DETAIL SUPPORTING HER CLAIMS FOR COPYING AND OTHER COSTS....................... 22

VII.    PLAINTIFF'S COPYING COSTS WERE INCURRED SOLELY FOR THE CONVENIENCE OF COUNSEL AND ARE THEREFORE NOT RECOVERABLE ............................................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Berry Plastics Corp. v. Intertape Polymer Corp.*,
   2017 WL 167829 (S.D. Ind. Jan. 17, 2017)................................................................. passim

*Capps v. Drake*,
   No. 314CV00441NJRDGW, 2017 WL 1178254 (S.D. Ill. Mar. 30, 2017) .....................3, 4, 6

*Cengr v. Fusibond Piping Systems, Inc.*,
   135 F.3d 445 (7th Cir. 1998) ..............................................................................................7, 8

*Engate, Inc. v. Esquire Deposition Servs. LLC*,
   No. 01 C 6204, 2006 WL 695650 (N.D. Ill. Mar. 13, 2006) ........................................3, 4, 5, 9

*Gruppo v. FedEx Freight Sys., Inc.*,
   No. CIVA05CV02370MSKKLM, 2008 WL 3211287 (D. Colo. Aug. 6, 2008) ..........9, 23, 24

*Halasa v. ITT Educ. Servs., Inc.*,
   No. 1:10-CV-437-WTL-MJD, 2012 WL 639520 (S.D. Ind. Feb. 27, 2012)...................5, 6, 8

*Hunt Const. Grp., Inc. v. Allianz Glob. Risks U.S. Ins. Co.*,
   No. 1:04-CV-1720JDTTAB, 2007 WL 2316460 (S.D. Ind. Aug. 7, 2007) .............................7

*Johnson v. Washington Cty. Kennel Club, Inc.*,
   No. 5:16CV157-MW/GRJ, 2017 WL 10505036 (N.D. Fla. Sept. 20, 2017) .........................24

*Kaiser v. Johnson & Johnson*,
   No. 217CV00114PPSJEM, 2018 WL 3989467 (N.D. Ind. Aug. 20, 2018)............................7

*Knox Energy, LLC v. Gasco Drilling, Inc.*,
   No. 1:12CV00046, 2018 WL 3617889 (W.D. Va. July 30, 2018) ........................................24

*Mary M. v. N. Lawrence Cmty. Sch. Corp.*,
   951 F. Supp. 820 (S.D. Ind.), *rev'd on other grounds*, 131 F.3d 1220 (7th Cir.
   1997) ........................................................................................................................................9

*Mortera v. Target Corp.*,
   No. 17 C 3485, 2019 WL 1532960 (N.D. Ill. Apr. 9, 2019)....................................................8

*Rawal v. United Air Lines, Inc.*,
   No. 07 C 5561, 2012 WL 581146 (N.D. Ill. Feb. 22, 2012).................................................3, 4

*Stallings v. City of Johnston City*,
   No. 13-CV-422-DRH-SCW, 2016 WL 4474683 (S.D. Ill. Aug. 25, 2016) .........................3, 4

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
    750 F. Supp. 2d 962 (N.D. Ill. 2010) ........................................................................5

*Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*,
    570 F.3d 890 (7th Cir. 2009) ....................................................................1, 2, 5, 7

*Wiley v. Oboikovitz*,
    No. 08 C 5316, 2011 WL 6019767 (N.D. Ill. Nov. 29, 2011)..........................5, 7, 9

**FEDERAL STATUTES**

28 U.S.C. § 1920........................................................................................................5

28 U.S.C. § 1924........................................................................................................6

**RULES**

S.D. Ind. L.R 80(c)................................................................................................7, 8

Plaintiff's response to Cook Defendants' Objections to her Amended Bill of Costs cuts her claim for costs from $443,002.28 to $332,585.82, a reduction of $110,416.4.   Plaintiff provides no explanation of how she could have miscalculated so badly and offers no apology to the Court or to Cook for asking for a staggering $110,000 in costs that she now acknowledges she had no right to claim.

With respect to the remaining claims, much of Plaintiff's latest submission seeks to avoid her burden of proving that the costs she claims were reasonable and necessary.   Plaintiff spends considerable space arguing that a prevailing party is presumptively entitled to recover costs, and the case law she cites focuses on this presumption.   *See* Dkt. 10636 at 1-3.   Cook has never disputed this presumption, and agrees that as the prevailing party, Plaintiff is entitled to recover costs that are reasonable and necessary.   However, *Plaintiff* bears the burden of proving that the costs she seeks are reasonable and necessary.   *See, e.g., Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009) ("Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable."); *Berry Plastics Corp. v. Intertape Polymer Corp.*, 2017 WL 167829, at *2 (S.D. Ind. Jan. 17, 2017) (holding that party seeking costs "must prove with evidence and not merely with *ipse dixit* statements—that the costs were actually incurred, were reasonable in amount, and were necessary.").

Indeed, the history of Plaintiff's requests for costs in this case cautions particular scrutiny on whether the claimed costs were reasonable and necessary.   Plaintiff argues that her attorney's submission of a Bill of Costs "under penalty of perjury" is sufficient proof that her claimed costs were reasonable and necessary:

> Counsel for Ms. Brand filled out Southern District of Indiana Bill of Costs Form AO 133 and declared "under penalty of perjury that the foregoing costs are correct and were

1

necessarily incurred in this action and that the services for which the fees have been charged were actually and necessarily performed."

*See* Dkt. 10636 at 7.  But Plaintiff's counsel had previously declared under the same penalty of perjury that Plaintiff had reasonably and necessarily incurred costs of $443,002.28, *see* Dkt. 10320, yet now admits without explanation that a quarter of that amount, over $110,000, was **NOT** in fact reasonably or necessarily incurred.  This casualness in the evaluation of what costs are properly recoverable strongly supports strict application of the requirement in *Cork Plastering* and *Berry Plastics* that a prevailing party provide actual *evidence* in support of a request for costs. Plaintiff's Revised Bill of Costs still largely fails to meet this burden.  Despite the reduction of over $110,000, Plaintiff still has failed to justify much of the remaining claimed costs as reasonable or necessary, and the Court should deny them.

## I.   PLAINTIFF INCURRED THE COST OF DAILY TRIAL TRANSCRIPTS SOLELY FOR THE CONVENIENCE OF HER COUNSEL AND THOSE COSTS THEREFORE ARE NOT RECOVERABLE

The Court should decline to award Plaintiff $27,811.02 in costs for daily trial transcripts because such costs were incurred solely for the convenience of her counsel. Plaintiff originally claimed that daily trial transcripts served as the "the basis for ongoing motion practice and provided needed assistance in ongoing planning and preparations during the trial." (Dkt. 10311 at para 55).  She now asserts, however, that knowledge of the daily trial transcript was necessary to effectively cross-examine medical and scientific experts, to test their credibility, to prepare Plaintiff's witnesses for their own testimony, and for motions during and after trial. (Dkt. 10636 at 5).

Plaintiff's latest explanation offers no compelling reason for the Court to conclude that the amounts requested were reasonably incurred or necessary.   Most cases do not involve daily transcripts, and the attorneys handling them are still able to effectively cross-examine experts,

2

prepare for witness testimony, and bring motions. Indeed, Plaintiff's counsel could just as effectively (and more cheaply) have prepared for cross-examination by taking careful notes during trial, particularly considering the myriad paralegals, attorneys, and support staff who were present on Plaintiff's side throughout the trial. *See Capps v. Drake*, No. 314CV00441NJRDGW, 2017 WL 1178254, at *5 (S.D. Ill. Mar. 30, 2017) ("Plaintiff's counsel could have prepared for closing argument just as well by taking careful notes during trial, particularly considering her paralegal was present throughout the duration of trial"); *Rawal v. United Air Lines, Inc.*, No. 07 C 5561, 2012 WL 581146, at *2 (N.D. Ill. Feb. 22, 2012) (finding decision to obtain daily transcript a matter of convenience rather than necessity). Any inefficiencies caused by Plaintiff's counsel should be borne by Plaintiff—not Cook. *See Stallings v. City of Johnston City*, No. 13-CV-422-DRH-SCW, 2016 WL 4474683, at *5 (S.D. Ill. Aug. 25, 2016) ("[W]ith two defense attorneys present, it is clear that daily copy was merely a convenience to avoid having to take notes. Although this is perfectly acceptable, it is not something the opposing party should be required to fund, as the purpose is exclusively for counsel's convenience");

Further, simply characterizing costs as necessary without providing evidence of necessity does not justify an award of costs. *See Berry Plastics*, 2017 WL 167829, at *2 (the party seeking costs "must prove with evidence and not merely with *ipse dixit* statements—that the costs were actually incurred, were reasonable in amount, and were necessary"); *see also Engate, Inc. v. Esquire Deposition Servs. LLC*, No. 01 C 6204, 2006 WL 695650, at *3 (N.D. Ill. Mar. 13, 2006) (holding defendant's assertion that trial transcripts were "necessarily obtained for use in the case" was unavailing and not cured by later stating on reply that the transcripts were needed "to prepare for argument on a motion" without explaining why the transcripts were necessary for the particular motion). At minimum, Plaintiff must identify which motions and

witnesses were prepared with daily trial transcripts and must explain why those transcripts were necessary for specific motions. *See Engate*, 2006 WL 695650, at \*3. Because she has not, the Court should deny her request.

## II.   PLAINTIFF INCURRED THE COST OF HEARING TRANSCRIPTS SOLELY FOR THE CONVENIENCE OF HER COUNSEL AND THOSE COSTS THEREFORE ARE NOT RECOVERABLE

The Court should reject Plaintiff's request for the costs of hearing transcripts for similar reasons. Plaintiff contends that copies of hearing transcripts were necessary for trial preparation and to ensure compliance with the Court's orders, specifically that transcripts regarding *Daubert* motions were necessary to prepare cross-examination and to ensure the proper scope of testimony for each expert witness and that transcripts regarding motions *in limine* were necessary to track the Court's evidentiary rulings with precision. (*Id.* at 5-6). These contentions fail for multiple reasons.

First, copies of hearing transcripts can hardly be deemed necessary for compliance with the Court's orders when **the orders themselves contain the Court's *Daubert* and evidentiary rulings.** Simply downloading the orders from PACER would have allowed Plaintiff to adequately track the Court's evidentiary rulings without incurring unnecessary costs.

In addition, Plaintiff's attorneys could just as effectively and more cheaply have prepared for cross-examination by taking careful notes during hearings, particularly considering the attendance of multiple Plaintiff's attorneys at each hearing. *See Capps*, 2017 WL 1178254, at \*5; *see also Rawal*, 2012 WL 581146, at \*2. Cook should not be forced to subsidize Plaintiff's apparent inefficiency. *See Stallings*, 2016 WL 4474683, at \*5

Finally, Plaintiff once again relies solely on naked assertions that transcripts were necessary and reasonable for motions *in limine* and trial preparation without explaining how or providing evidence to support her claims. As previously discussed, such assertions are wholly

4

insufficient to justify an award for costs. *See Berry Plastics*, 2017 WL 167829, at *2; s*ee also Engate*, 2006 WL 695650, at *3; *Wiley v. Oboikovitz*, No. 08 C 5316, 2011 WL 6019767, at *2 (N.D. Ill. Nov. 29, 2011) (denying deposition costs and noting: "Defendants, however, conclusorily assert the depositions were reasonable; they do not explain why any of them were reasonable or necessary.")

## III.   PLAINTIFF HAS FAILED TO SATISFY HER BURDEN UNDER 28 U.S.C. § 1920 TO PROVE THAT THE COSTS SHE SEEKS WERE REASONABLE AND NECESSARY.

As to both deposition transcripts and other court vendor costs, Plaintiff has failed to meet section 1920's requirement that she establish that the costs claimed are reasonable and necessary. The "party seeking an award of costs carries the burden of showing that the requested costs under were necessarily incurred and reasonable." *Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).  This burden is not a mere formality. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 969 (N.D. Ill. 2010). "Rather, the burden of proof gives teeth to the requirement that before a prevailing party may require its adversary to pay costs, the prevailing party must prove with evidence and not merely with *ipse dixit* statements—that the costs were actually incurred, were reasonable in amount, and were necessary." *Id.*  "Where there is a failure of proof, the party who has failed to carry its burden bears the consequences." *Id.*; *see also Wiley,* 2011 WL 6019767, at *2.

In the face of this authority, Plaintiff asks the Court to adopt instead a standard by which costs may be recovered based ***solely*** on (1) a completed Bill of Costs Form AO 133 and (2) a non-specific boilerplate declaration stating the costs sought are necessary and reasonable. Plaintiff bases her argument almost entirely on a costs decision in *Halasa v. ITT Educ. Servs.,*

*Inc.*, No. 1:10-CV-437-WTL-MJD, 2012 WL 639520, at *2 (S.D. Ind. Feb. 27, 2012).[1]  In *Halasa*,  a party challenged a request for deposition costs on the ground that the request "failed to provide any statement regarding the necessity of the depositions."   The court overruled the challenge, noting the objecting party did not argue that any of the depositions were not reasonably necessary, but only that the defendant had not demonstrated their reasonableness. *Id.*

In sharp contrast here, as discussed in Cook's original objection and in this submission, Cook has raised multiple specific challenges to Plaintiff's requests for deposition costs, including (1) Plaintiff's failure to provide evidence (as opposed to a mere statement) demonstrating that certain costs were necessary and reasonable (Dkt. 10320 at 4); (2) Plaintiff's failure to conform her requests to the limits imposed by the Judicial Conference (Dkt. 10320 at 4-5); and (3) specific challenges to the necessity of certain deposition costs as not reasonably necessary to her case. (*See, e.g., id.* at 8).   Moreover, as noted above, Plaintiff's attorneys themselves now concede that a quarter of the costs they originally swore under oath were reasonable and necessary are in fact not even arguably recoverable.   Thus, in contrast to *Halasa*, the circumstances here provide many reasons to require Plaintiff to actually present proof that each of her claimed costs was reasonable and necessary.

In addition, even assuming that the situation in *Halasa* were analogous to the present circumstances, the *Halasa* decision is an outlier.  As the cases cited above and in Cook's original

---

[1] The only other case Plaintiff cites in support of her "take my word for it" standard for costs, *Capps v. Drake*, 2017 WL 1178254 (S.D. Ill. March 30, 2017), is wholly inapposite here.  In *Capps*, the defendants urged the court to reject the plaintiff's Bill of Costs in its entirety on the ground that the plaintiff had not submitted a separate affidavit attesting that the costs sought were correct and necessarily incurred, as required by 28 U.S.C. § 1924.  *Id.* at *2.  The court rejected this argument, holding that the Bill of Costs form itself, which mirrored the section 1924 requirements and was signed under penalty of perjury, was sufficient to satisfy that specific statutory requirement.  *Id.*  The decision neither holds nor suggests that an attorney's mere *ipse dixit* assertion of reasonableness and necessity is a sufficient basis to award costs.

objection show, the vast majority of costs decisions in the Seventh Circuit and in this District require more than mere lip service to the "reasonable and necessary" standard; they demand that a party seeking costs for a deposition transcript actually prove *with evidence* how and why the transcript was "reasonable and necessary."   *See, e.g., Cork Plastering Co.*, 570 F.3d at 906 ("Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable."); *Berry Plastics*, 2017 WL 167829, at *2 (party seeking costs "must prove with evidence and not merely with *ipse dixit* statements—that the costs were actually incurred, were reasonable in amount, and were necessary."); *Wiley,* 2011 WL 6019767, at *2.

## IV.  PLAINTIFF MAY NOT RECOVER DEPOSITION TRANSCRIPTION COSTS BEYOND THE REASONABLE RATE ESTABLISHED BY THE JUDICIAL CONFERENCE OF THE UNITED STATES

The Court should deny any deposition costs where the per-page charge exceeds the rate established as reasonable by the Judicial Conference of the United States.  Although Plaintiff argues that the rates established by the Judicial Conference have not been adopted in this district. Plaintiff is mistaken.  Under S.D. Ind. L.R 80(c), "[c]urrent schedules of official transcript fees, electronic public access (PACER) fees, and clerk's office printing fees are established by the Judicial Conference and maintained on file in the clerk's office."  This adoption necessarily expresses the district's view that the Judicial Conference rates are reasonable.  *See Hunt Const. Grp., Inc. v. Allianz Glob. Risks U.S. Ins. Co.*, No. 1:04-CV-1720JDTTAB, 2007 WL 2316460, at *4 (S.D. Ind. Aug. 7, 2007)(citing *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998)); *see also Kaiser v. Johnson & Johnson*, No. 217CV00114PPSJEM, 2018 WL 3989467, at *3 (N.D. Ind. Aug. 20, 2018) (noting that plaintiff conceded Judicial Conference rate is controlling, and holding that "Plaintiff is thus entitled to recover no more than $3.65 per page

7

for each deposition"); *but cf. Halasa*, 2012 WL 639520 at *3 (noting Southern District has not formally adopted Judicial Conference rate and declining to impose limit).

Because these schedules apply equally to deposition transcripts ordered from private court reporters, *see Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) ("[T]he Judicial Conference materials which discuss the regular copy rates are totally lacking in a distinction between transcripts ordered from official or private court reporters. We therefore decline to adopt a distinction, and find that the Judicial Conference rates apply to deposition charges by private court reporters"), Plaintiff is barred from recovering deposition costs exceeding $3.65 per page.  Neither Plaintiff's original Bill of Costs (Dkt. 10310), nor her Amended Bill of Costs (Dkt. 10320), nor her latest Revised Bill of Costs (Dkt. 10637) makes any effort to conform her requests for transcript fees to the limits imposed by the Judicial Conference as adopted in Local Rule 80(c).  If Plaintiff cannot be bothered to present her claim for transcript costs in a form that permits the Court to determine whether her request complies with the law—even after Cook pointed out the problem in its objections—Plaintiff cannot expect the Court to do so for her.  *Mortera v. Target Corp.*, No. 17 C 3485, 2019 WL 1532960, at *2 (N.D. Ill. Apr. 9, 2019) ("[T]he party seeking costs…is responsible for proving that the specific costs that it seeks to recover were reasonable and necessary") (internal quotations omitted). Plaintiff has not met her burden, and the Court should reject her claimed transcript fees as detailed in Cook's original objections.

## V. PLAINTIFF'S "ADDITIONAL DESCRIPTIONS" DO NOT JUSTIFY AWARDING DEPOSITION COSTS THAT WERE NOT REASONABLY NECESSARY TO HER CASE

Plaintiff attempts to fill some of the gaps in her Amended Bill of Costs with new "additional descriptions," but those efforts fail for multiple reasons.  Rather than repeat the full analysis for each deposition transcript at issue, Cook will again use "shorthand" phrases to

denote the three objections that follow (in addition to those originally raised and adding detail where necessary), with the understanding that Cook respectfully refers the Court back to the following four paragraphs for a fuller explanation of each "shorthand" phrase.

**First**, it was unnecessary and unreasonable to seek costs for deposition transcripts for witnesses that would not be offered at trial or used for dispositive motions. *Wiley v. Oboikovitz*, No. 08 C 5316, 2011 WL 6019767, at *2 (N.D. Ill. Nov. 29, 2011) ("Since not called as witnesses or used for a summary judgment motion, it was unnecessary to write up the depositions. No costs related to the four depositions will be awarded"). Cook will refer to this as the "**unnecessary witness**" objection to Plaintiff's request to recover deposition-transcript costs.

**Second**, simply asserting that copies of deposition testimony were necessary to prepare Plaintiff's experts, to use in pre-trial *Daubert* motions, and for cross-examination, without identifying the specific expert, motion, or defense witness, is insufficient to justify awarding costs for copies of deposition transcripts. *See Berry Plastics*, 2017 WL 167829, at *2; s*ee also Engate*, 2006 WL 695650, at *3. Cook will refer to this as the "**no explanation of use**" objection to Plaintiff's request to recover deposition-transcript costs.

**Third**, Plaintiff's counsel's inability to predict how or even if a deposition transcript would be used at trial does not justify awarding costs, particularly under the circumstances here where witnesses and testimony were not in fact designated for use at trial. *Mary M. v. N. Lawrence Cmty. Sch. Corp.*, 951 F. Supp. 820, 831 (S.D. Ind.) ("[D]efendant should not be required to pay for plaintiff counsel's abundance of caution"), *rev'd on other grounds*, 131 F.3d 1220 (7th Cir. 1997); s*ee also Gruppo v. FedEx Freight Sys., Inc.*, No. CIVA05CV02370MSKKLM, 2008 WL 3211287, at *5 (D. Colo. Aug. 6, 2008) ("[T]he Defendants have only established that they obtained [the witness's] deposition out of an

unfounded abundance of caution. This is insufficient to arise to the level of "necessarily obtained" sufficient to warrant the taxation of the costs of the deposition transcript"). Plaintiff provides no authority suggesting otherwise, and a contrary ruling from the Court would effectively justify parties seeking costs for every deposition transcript regardless of whether a transcript was necessary to the case. Cook will refer to this as the "**overcautious**" objection to Plaintiff's request to recover deposition-transcript costs.

For these reasons, Cook makes the following objections to the specific deposition transcript costs as described and listed in Plaintiff's Response to Cook's objections to her Amended Bill of Costs.

1. **Dr. Rebecca Betensky.** Plaintiff seeks costs of $1,155.40 for the deposition transcript and videotaping of her expert Dr. Rebecca Betensky. *See* Dkt. 10636 ¶ G.1.

   Objections:

   • Unnecessary witness costs

   • No explanation of use

   **Allowable Cost: $0**

2. **Scott Blanchard.** Plaintiff seeks $3,698.70 for the deposition transcripts of Cook employee Scott Blanchard. *See* Dkt. 10636 ¶ G.2.

   Objections:

   • Unnecessary witness costs

   • No explanation of use

   **Allowable Cost: $0**

3. **Allen Brand.** Plaintiff seeks costs of $98.20 for the deposition transcript of Allen Brand. *See* Dkt. 10636 ¶ G.3.

Objections:

- Unnecessary witness costs

- Overcautious

**Allowable Cost: $0**

4. **Tonya Brand.** Plaintiff seeks $1,270.60 for copies and videotapes of her two depositions. *See* Dkt. 10636 ¶ G.4.

Objections:

- No explanation of use

**Allowable Cost: $0**

5. **Tyler Brand.** Plaintiff seeks $634.70 for the deposition transcript of her son Tyler Brand. *See* Dkt. 10636 ¶ G.5.

Objections:

- Unnecessary witness costs

- Overcautious

**Allowable Cost: $0**

6. **Mark Breedlove.** Plaintiff seeks costs of $2,456.25 for the deposition transcript of Cook employee Mark Breedlove. *See* Dkt. 10636 ¶ G.6.

Objections:

- No explanation of use

**Allowable Cost: $0**

7. **Dr. Jennifer Brown.** Plaintiff seeks costs of $5,168.80 for video recording and transcribing the deposition of Cook's non-retained expert Dr. Jennifer Brown. *See* Dkt. 10636 ¶ G.7.

Objections:

- Unnecessary witness costs

- No explanation of use

**Allowable Cost: $4,708.20**

8. **James Carlson.** Plaintiff seeks costs of $4,116.80 for copies and videotapes of James Carlson's two depositions. *See* Dkt. 10636 ¶ G.8.

Objections:

- No explanation of use

Allowable Costs: $2,657.10

9. **Dr. Brian Choules.** Plaintiff seeks costs of $4,165.30 for the deposition transcripts and videotaping of Brian Choules, Ph.D. *See* Dkt. 10321 ¶ G.9.

Objections:

- Unnecessary witness costs

**Allowable Cost: $3,814.05**

10. **Jacob Clausen.** Plaintiff seeks costs of $390 for the deposition transcript of Jacob Clausen. *See* Dkt. 10636 ¶ G.10.

Objections:

- Unnecessary witness costs

- No explanation of use

**Allowable Cost: $0**

11. **Tamara Clemmer.** Plaintiff seeks costs of $1,500.50 for the deposition transcript and videotaping of Tamara Clemmer. *See* Dkt. 10636 ¶ G.11.

Objections:

- Unnecessary witness costs

- No explanation of use

**Allowable Cost: $0**

12. **Meg Senker Donley.** Plaintiff seeks costs of $1,774.20 for the deposition transcript and videotaping of Meg Senker Donley. *See* Dkt. 10636 ¶ G.12.

   <u>Objections:</u>

- Unnecessary witness costs

- No explanation of use

**Allowable Cost: $0**

13. **Dr. Michael Ferrante.** Plaintiff seeks costs of $960 for the deposition transcript and video recording of Cook's expert Dr. Michael Ferrante. *See* Dkt. 10636 ¶ G.13.

   <u>Objections:</u>

- Unnecessary witness costs

- No explanation of use

- Overcautious

**Allowable Cost: $0**

14. **Dr. Michael Fishbein.** Plaintiff seeks costs of $719.20 for the deposition transcript and video recording of her expert Dr. Michael Fishbein. *See* Dkt. 10636 ¶ G.14.

   <u>Objections:</u>

- No explanation of use

**Allowable Cost: $0**

15. **Bruce Fleck.** Plaintiff seeks costs of $4,829.20 for the deposition transcripts and videotaping of Bruce Fleck. *See* Dkt. 10636 ¶ G.15.

Objections:

- Unnecessary witness costs

**Allowable Cost: $4,511.55**

16. **Dr. Christy Foreman.** Plaintiff seeks costs of $3, 390.75 for the deposition transcript and videotaping of Cook's expert Dr. Christy Foreman. *See* Dkt. 10636 ¶ G.16.

Objections:

- No explanation of use

**Allowable Cost: $3,131.00**

17. **Mark Frye.** Plaintiff seeks costs of $2,633.10 for the deposition transcript and videotaping of Mark Frye. *See* Dkt. 10636 ¶ G.17.

Objections:

- No explanation of use

**Allowable Cost: $2,387.15**

18. **Dr. Jon Fryzek.** Plaintiff seeks costs of $1,431.55 for the deposition transcript of Cook's expert Dr. Jon Fryzek. *See* Dkt. 10636 ¶ G.18. These costs are not in dispute.

**Allowable Cost: $1,431.55**

19. **Dr. James Gardner.** Plaintiff seeks costs of $1,518.30 for the deposition transcript of former Cook employee Dr. James Gardner. *See* Dkt. 10636 ¶ G.19.

**Objections:**

- No explanation of use

**Allowable Cost: $1,452.45**

20. **Dr. David Gillespie.** Plaintiff seeks costs of $2,838.75 for the deposition transcript of Cook's expert Dr. David Gillespie. *See* Dkt. 10636 ¶ G.20.

**Objections:**

- No explanation of use

**Allowable Cost: $2,799.05**

21. **Dr. Gregory Gordon.** Plaintiff seeks costs of $2,092.00 for the deposition transcript of their expert Dr. Gregory Gordon. *See* Dkt. 10636 ¶ G.21.

   <u>Objections:</u>

- No explanation of use

**Allowable Cost: $0**

22. **Dr. Dennis Griffin.** Plaintiff seeks costs of $2,538.00 for the deposition transcript of Dr. Dennis Griffin. *See* Dkt. 10636 ¶ G.22.

   Objections:

- No explanation of use

**Allowable Cost: $1,886.25**

23. **Henrick Gyllun.** Plaintiff seeks costs of $2,661.10 for the deposition transcript of Henrick Gyllun. *See* Dkt. 10636 ¶ G.23.

   <u>Objections:</u>

- No explanation of use

**Allowable Cost: $2,471.65**

24. **Rita Harden.** Plaintiff seeks costs of $2,619.90 for the deposition transcripts and videotaping of Rita Harden. *See* Dkt. 10636 ¶ G.24.

   <u>Objections:</u>

- Unnecessary witness costs
- No explanation of use

**Allowable Cost: $2,474.85**

25. **Kem Hawkins.** Plaintiff seeks costs of $2,332.50 for the deposition transcript of former Cook president Kem Hawkins. *See* Dkt. 10636 ¶ G.25.

Objections:

- Unnecessary witness costs:

- No explanation of use

**Allowable Cost: $2,300.40**

26. **Theodore Heise.** Plaintiff seeks costs of $2,463.75 for the deposition transcript and videotaping of Theodore Heise. *See* Dkt. 10636 ¶ G.26.

Objections:

- Unnecessary witness costs:

- No explanation of use

**Allowable Cost: $2,358.05**

27. **Per Hendriksen.** Plaintiff seeks costs of $2,523.15 for the deposition transcripts and videotaping of Per Hendriksen. *See* Dkt. 10636 ¶ G.27.

Objections:

- No explanation of use

**Allowable Cost: $2,299.65**

28. **James Bernard Hunt.** Plaintiff seeks costs of $1,598.05 for the deposition transcript and videotaping of Cook's Associate General Counsel James Bernard Hunt. *See* Dkt. 10636 ¶ G.28.

Objections:

- Unnecessary witness costs

16

**Allowable Cost: $0**

29. **Lykke Sylow Iversen.** Plaintiff seeks costs of $2,360 for the deposition transcript of Lykke Sylow Iverson. *See* Dkt. 10636 ¶ G.29.

Objections:

- No explanation of use

**Allowable Cost: $2,322**

30. **Anna Jessen.** Plaintiff seeks costs of $2,592.10 for the deposition transcripts and videotaping of Anna Jessen. *See* Dkt. 10636 ¶ G.30.

Objections:

- No explanation of use

**Allowable Cost: $1,390.65**

31. **Dr. John Kaufman.** Plaintiff seeks costs of $2,842.90 for the deposition transcript of Dr. John Kaufman. *See* Dkt. 10636 ¶ G.31.

Objections:

- No explanation of use

**Allowable Cost: $2,654.35**

32. **Dr. Scott Keller.** Plaintiff seeks costs of $337.50 for a copy of the deposition transcript of Dr. Scott Keller. *See* Dkt. 10636 ¶ G.32.

Objections:

- No explanation of use
- Overcautious

**Allowable Cost: $0**

17

33. **Dr. Harlan Krumholz.** Plaintiff seeks costs of $1,807.75 for the deposition transcript of Cook employee Dr. Harlan Krumholz. *See* Dkt. 10636 ¶ G.33.

Objections:

- No explanation of use

**Allowable Cost: $0**

34. **April Lavender.** Plaintiff seeks costs of $3,302.50 for the deposition transcripts and videotaping of April Lavender. *See* Dkt. 10636 ¶ G.34.

Objections:

- No explanation of use

**Allowable Cost: $2,891.50**

35. **Dr. Alan Litsky.** Plaintiff seeks costs of $982.15 for the deposition transcript of Dr. Alan Litsky. *See* Dkt. 10636 ¶ G.35.

Objections:

- Unnecessary witness costs
- Overcautious

**Allowable Cost: $0**

36. **Dr. Robert McMeeking.** Plaintiff seeks costs of $2,471.50 for the deposition transcript of Plaintiff's expert Dr. Robert McMeeking. *See* Dkt. 10636 ¶ G.36. These costs are not in dispute.

**Allowable Cost: $2,471.50**

37. **Dr. Timothy Morris.** Plaintiff seeks costs of $1,944.50 for the deposition transcript of Cook's expert Dr. Timothy Morris. *See* Dkt. 10636 ¶ G.37.

Objections:

- No explanation of use

**Allowable Cost: $1,734.25**

38. **Dr. Thomas Morrison.** Plaintiff seeks costs of $976.50 for the deposition transcript of her implanting surgeon Dr. Thomas Morrison. *See* Dkt. 10636 ¶ G.38.

Objections:

- No explanation of use

**Allowable Cost: $919.20**

39. **Arne Molgaard-Nielsen.** Plaintiff seeks costs of $4,342.30 for the deposition transcript of Arne Molgaard-Nielsen. *See* Dkt. 10636 ¶ G.39.

Objections:

- No explanation of use

**Allowable Cost: $2,970.95**

40. **Mette Neiendam Nielsen.** Plaintiff seeks costs of $2,301.25 for the deposition transcript of Mette Neiendam Nielsen. *See* Dkt. 10636 ¶ G.40.

Objections:

- No explanation of use

**Allowable Cost: $2,197.35**

41. **Dr. Richard Reisman.** Plaintiff seeks costs of $1,844.55 for a copy of the deposition transcript of Dr. Richard Reisman. *See* Dkt. 10636 ¶ G.41.

Objections:

- No explanation of use
- Overcautious

**Allowable Cost: $0**

42. **Dr. Kenneth Renkens.** Plaintiff seeks costs of $1,152.50 for the deposition transcript of Cook's expert Dr. Kenneth Renkens. *See* Dkt. 10636 ¶ G.42.

Objections:

- No explanation of use

**Allowable Cost: $1,139.10**

43. **Dr. Mark Rheudasil.** Plaintiff seeks costs of $1,710.60 for the deposition transcript of her interventional radiologist Dr. Mark Rheudasil. *See* Dkt. 10636 ¶ G.43.

Objections:

- No explanation of use

**Allowable Cost: $0**

44. **Tom Roberts.** Plaintiff seeks costs of $2,806.70 for the deposition transcript of Cook employee Tom Roberts. *See* Dkt. 10636 ¶ G.44.

Objections:

- No explanation of use

**Allowable Cost: $2,562.55**

45. **Dr. Scott Robertson.** Plaintiff seeks costs of $6,283.30 for the deposition transcript of Cook's expert Dr. Scott Robertson. *See* Dkt. 10636 ¶ G.45.

Objections:

- No explanation of use

**Allowable Cost: $4,799.95**

46. **Darrel Talbert.** Plaintiff seeks costs of $5,990 for the deposition transcript of Cook employee Darrel Talbert. *See* Dkt. 10636 ¶ G.46.

Objections:

- No explanation of use

**Allowable Cost: $5,438.10**

47. **Dr. Phu Thai.** Plaintiff seeks costs of $1,189.75 for the deposition transcript of Dr. Phu Thai. *See* Dkt. 10636 ¶ G.47.

Objections:

- Unnecessary witness costs

- Overcautious

**Allowable Cost: $0**

48. **Jesper Thyregod.** Plaintiff seeks costs of $2,847.70 for the deposition transcript and videotaping of Jesper Thyregod. *See* Dkt. 10636 ¶ G.48.

Objections:

- No explanation of use

**Allowable Cost: $2,599.05**

49. **Dr. Paul Timperman.** Plaintiff seeks costs of $4,714.85 for the deposition transcripts and videotaping of Dr. Paul Timperman. *See* Dkt. 10636 ¶ G.49.

Objections:

- No explanation of use

**Allowable Cost: $4,266.75**

50. **Dr. Raman Uberoi.** Plaintiff seeks costs of $4,813.80 for the deposition transcripts of Dr. Raman Uberoi. *See* Dkt. 10636 ¶ G.50.

Objections:

- No explanation of use

**Allowable Cost: $3,216.60**

51. **William Voorhees.** Plaintiff seeks costs of $2,111.70 for the deposition transcript and videotaping of former Cook employee William Voorhees. *See* Dkt. 10636 ¶ G.51.

Objections:

- No explanation of use

**Allowable Cost: $1,912.55**

## VI.   PLAINTIFF FAILS TO PROVIDE SUFFICIENT SUPPORT OR DETAIL SUPPORTING HER CLAIMS FOR COPYING AND OTHER COSTS.

Plaintiff's response attempts to justify the tens of thousands of dollars she seeks for payments to various litigation contractors, but she provides neither legal nor factual support for her claims.  In addition to the objections raised in Cook's original objections, Cook raises the following response to Plaintiff's reply and to her new Bill of Costs.

At the threshold, Plaintiff repeatedly cites cases that permit the general types of costs she claims (*e.g.*, copying costs, costs of demonstrative exhibits, etc.) and then extrapolates those awards to argue that of course her costs of the same general type must also be recoverable.  *See, e.g.*, Dkt. 10636 at 23 (citing cases permitting costs for demonstrative exhibits and then baldly asserting "Thus, there is no doubt that Ms. Brand may recover her costs for exhibits and graphics utilized to aid the jury and the Court.").  But the question at hand, of course, is ***not*** whether a particular type might be allowable in some case, but whether Plaintiff here has met her burden of showing that her particular incurring of such costs was reasonable and necessary in the context of the trial ***in this case***.  As noted in Cook's original objection, Plaintiff has failed to meet this burden.

Second, Plaintiff repeatedly tries to justify an award of costs for a particular sophisticated trial tool—graphics technician, demonstrative exhibits, animations, PowerPoints—by arguing that Cook used similar tools in its presentations.  *See, e.g.*, Dkt. 10636 at 24 ("the Cook

Defendants had their own graphics technician"); *id.* ("the Cook Defendants played numerous animations at trial, which Plaintiff believes cost many hundreds of thousands of dollars").  But Cook's use of litigation tools whose costs are not recoverable does not make Plaintiff's costs for those same litigation tools recoverable, and Plaintiff cites no authority to suggest that it does.

Third, although Plaintiff concedes that some $110,000 of the costs she originally sought are not in fact recoverable and asserts that she has deducted such costs from her total, *see, e.g.*, Dkt. 10636 at 23, 24, she has still provided no analysis whatever of how she arrived at her new figures.  Plaintiff's original Bill of Costs simply took vendor invoices and recited their totals without doing any analysis of whether individual charges on those invoices were or were not recoverable.  Cook itself had to do that analysis, which it attached as exhibits to its original objections.  Now, in her third Bill of Costs, Plaintiff still has not offered the Court any analysis or breakdown of what charges on her vendor invoices she is claiming.  Plaintiff somehow arrived at total figures that she lists in her Revised Bill of Costs, but she never shows the math that got her to those figures.  If Plaintiff cannot be bothered to provide the Court with the information necessary for the Court to determine whether specific invoice items were reasonable and necessary—or even whether Plaintiff **claims** particular items are reasonable and necessary— Cook submits that Plaintiff has failed to meet her burden of providing the Court with a sound, documented, and defensible basis for awarding costs for these vendors.  *See Berry Plastics*, 2017 WL 167829, at *8 ("[I]t is reasonable to assume [plaintiff] would put some effort into explaining, at least in general, what was copied").

## VII.   PLAINTIFF'S COPYING COSTS WERE INCURRED SOLELY FOR THE CONVENIENCE OF COUNSEL AND ARE THEREFORE NOT RECOVERABLE

Plaintiff seeks reimbursement $29,892.02 in copying costs paid to Elite Document Technology.[2] Originally, Plaintiff claimed that copies produced by Elite Document Technology were used in direct trial preparation and were necessarily incurred. (Dkt. 10311 at para 67). She now contends that: (1) these costs were incurred because she had to provide copies of deposition transcripts to Cook, to the Court, and to each witness; and (2) the copies were necessary for cross-examination, impeachment, witness preparation and so that Plaintiff's counsel would "be prepared for any eventuality." (Dkt. 10636 at 25).

As discussed previously, Plaintiff's counsel's inability to predict how or even if a deposition transcript would be used at trial does not justify awarding costs, particularly under the circumstances here where witnesses and testimony were not designated for use at trial. *Johnson v. Washington Cty. Kennel Club, Inc.*, No. 5:16CV157-MW/GRJ, 2017 WL 10505036, at *1 (N.D. Fla. Sept. 20, 2017) ("Perhaps Defendants ordered the transcript as a prophylactic measure or out of convenience, but that is not enough to warrant a recovery of costs); *see also Knox Energy, LLC v. Gasco Drilling, Inc.*, No. 1:12CV00046, 2018 WL 3617889, at *3 (W.D. Va. July 30, 2018) (declining to award service fees where witness was only subpoenaed out of an "abundance of caution"). Plaintiff provides no authority suggesting otherwise, and a contrary ruling from the Court would have the effect of permitting parties to seek every deposition transcript in a case irrespective of necessity. *See Gruppo*, 2008 WL 3211287, at *5 n. 3 ("Taken to its logical extreme, any witness' trial testimony might vary from deposition testimony given by that witness. Thus, the Defendants' argument would suggest that every witness' deposition

---

[2] Again, this objection is in addition to the objections raised in Cook's original objections.

24

transcript would be "necessarily obtained" for use at trial, just in case it became necessary to impeach the witness").

## **CONCLUSION**

Plaintiff has failed to establish her entitlement to the award of costs that she seeks. Cook respectfully asks the Court to reduce Plaintiff's requested costs as detailed in its Objections to Plaintiff's Amended Bill of Costs (Dkt. 10435) and award her a total of $90,627.35.

Dated: June 13, 2019      Respectfully submitted,

            */s/ Andrea Roberts Pierson*
            Andrea Roberts Pierson (# 18435-49)

            Nicholas B. Alford (# 31867-49)
            FAEGRE BAKER DANIELS LLP
            300 North Meridian Street, Suite 2700
            Indianapolis, Indiana 46204
            Telephone:  (317) 237-0300
            Facsimile:  (317) 237-1000
            E-Mail:  andrea.pierson@faegrebd.com

            E-Mail:  nicholas.alford@faegrebd.com

            *Counsel for the Defendants, Cook Incorporated,*
            *Cook Medical LLC (f/k/a Cook Medical*
            *Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2019, a copy of the foregoing **COOK DEFENDANTS'**

**SUR-REPLY IN OPPOSITION TO PLAINTIFF'S AMENDED BILL OF COSTS** was filed

electronically, and notice of the filing of this document will be sent to all parties by operation of

the Court's electronic filing system to CM/ECF participants registered to receive service in this

matter.  Parties may access this filing through the Court's system.  Lead Counsel for Defendants

will serve any non-CM/ECF registered parties.


*/s/ Andrea Roberts Pierson*

26