IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

In Re:  COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:
Cause No.  1:16-cv-02693
Amanda Contreras v. Cook Medical, Inc. et. al.

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE FOR FAILURE
TO SUBMIT CATEGORIZATION FORM
and
MOTION TO REINSTATE**

Plaintiff Amanda Contreras respectfully files this Motion for Reconsideration under

*Federal Rule of Civil Procedure* 59(e) and 60(b) and requests the Court reconsider its order

dismissing Plaintiff's case without prejudice [Document 30].  Plaintiff asks the Court to

grant his/her Motion and reinstate her case for the following reasons:

- Plaintiff did not receive Defendant's Motion to Dismiss or the Court's Order regarding categorization forms, because the ECF notifications went to Counsel's spam filter.  The attached affidavit by Plaintiff's Counsel confirms that the law firms e-mail filter is utilized to screen suspect spam e-mails from the attorneys' e-mail accounts.  Plaintiff's failure to comply with the Court's Order was inadvertent.
- When balancing the harm to the parties, the dismissal of Plaintiff's claims far outweighs the prejudice to Defendant in not receiving Plaintiff's categorization forms.  Defendant cannot show it has been unfairly prejudiced by failure to receive the form, since the information contained within the form was previously provided in Plaintiff's Fact Sheet, profile form and records.

## I.

## EXHIBITS

Exhibit A:    Affidavit of Shane Greenberg, Esq, June 7, 2019

Exhibit B:    Categorization Form

Exhibit C:    Plaintiff's Electronic Communication with Defense Counsel

## II.

## FACTS

On October 7, 2016, Plaintiff Amanda Contreras filed her Complaint (Case No. 1:16-cv-02693).  Plaintiff's case was transferred into MDL 25770 on October 19, 2016. Plaintiff complied with all Court Orders and discovery requirements, including serving her Plaintiff's Fact Sheet and corresponding records.

Plaintiff's Counsel represents Plaintiffs in various MDLs.  The task of monitoring the various ECF filings and notifications in these MDLs falls to the firm's associate counsel.  MDL-related ECF notifications appear in the associate counsel's e-mail.  The e-mail often receives hundreds of ECF notices each day and is, therefore, reviewed regularly. However, the associate did not realize that in this MDL the ECF notices of filings and orders are served under the general MDL only and that each document must be opened in order to determine whether it is applicable to a particular case.  That is, each ECF notification must be reviewed in order to determine which, if any, apply to Plaintiff. Notably, the firm's associate had previously received an ECF notice on another MDL case in which the associate was advised there was a deficiency, as a Plaintiff Profile Form had not been submitted.  Plaintiff was thereafter given time to comply.

Defendants filed their Motion for Screening Order and Bellwether Selection Plan. Defendants "Proposed Plan" was to promote the Court's goals of 1) trying Product-In-Place ("PIP")/No Injury ("NI") Bellwether cases; and 2) ensuring the cases in the MDL allege a legally cognizable injury. Defendants filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. This Motion requested the Court dismiss any claims that 1) failed to submit a Case Categorization Form; and 2) failed to submit medical records in support of their Case Categorization Form. The Court granted Defendants' Second Amended Motion to Dismiss. Plaintiff's claim was specifically dismissed, as she had failed to file her Case Categorization Form by the designated deadline of December 22, 2018.

After the filing of Defendants' Motion, Plaintiff anticipated receiving through the ECF a notice of deficiency if anything was missing from Plaintiff's previously submitted Plaintiff Profile Form. Due to the fact the firm's associate was looking for documents referencing Plaintiff's cause number, the Court's November 21, 2018, Order requiring each Plaintiff to file the Case Categorization Form was missed. Because the associate was unaware of the November 21, 2018 Order, Plaintiff did not realize Defendants' Second Amended Motion to Dismiss pursuant to the Court's Case Categorization Order filed on February 21, 2019, was applicable to Plaintiff Amanda Contreras' matter.

On June 5, 2019, as the associate was reviewing another case's docket, it was learned for the first time that the herein case and another case had been dismissed on May 8, 2019. Moreover, at this same time, the associate became aware that numerous ECF notices for MDL 2570 were actually not being delivered to her inbox, but were posting to

the junk mail folder, although the associate had never created a rule for this to occur.  This fact explains why the associate only became aware of the herein Order and its effect on the herein case and one other on June 5, 2019.

In summary, as indicated in the affidavit submitted herewith, the associate did not receive a copy of the Orders sent by ECF.  **Exhibit A.**  A spam filter flagged the Court's Order and Defendant's Motion as suspected spam.  The ECF notifications were filtered out of the associate's e-mail.  As a result, Plaintiff was not able to submit the Categorization Form and corresponding records.  The associate had been receiving some notices from the Court prior to and after this incident.  Consequently, there was no reason to suspect that she was not receiving critical Orders.

Plaintiff's counsel never received a call from Plaintiff's Steering Committee informing them of the Motion to Dismiss.  Rather, the associate found out on June 5, 2019, when she independently accessed the system's docket.  Plaintiff never intended to fail to comply with the Court's Order.  Plaintiff had within her custody at the time of filing, records demonstrating her injuries and evidence of product identification, as required by the Court.  Plaintiff's Categorization Form is are attached hereto as **Exhibit B**, without the records, so as to protect Plaintiff's privacy concerns on the ECF.

This was an unfortunate error caused by a misunderstanding and an issue with the spam filter connected to the undersigned's Outlook e-mail.  Undersigned has resolved this issue and is now receiving all notices directly to her e-mail.  Plaintiff's counsel has taken the necessary steps to ensure this never occurs again for this reason.

Plaintiff respectfully requests the Court reconsider its Order dismissing Plaintiff's case. Had Plaintiff been aware of the November 21, 2018 Order, the Categorization Form would have been completed and submitted, per the Court's Order, as Plaintiff's Counsel had all required information in possession. Plaintiff served the Categorization Forms and highlighted records. *See* **Exhibit C.**

## III.

## LEGAL STANDARD

A motion to reconsider is appropriate where "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

It is well settled that in determining whether to provide *Federal Rules of Civil Procedure* Rule 59(e) relief, the Court must balance the (1) finality and (2) the need to render just decision on the basis of all the facts. *Bank of Waunakee,* 906 F.2d at 1191. Likewise, when examining a case under 60(b), the Court must take account of all relevant circumstances surrounding the party's omission. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (U.S. 1993). These circumstances include the danger of prejudice to the defendant, the length of delay and its potential impact on

judicial proceedings, the reasons for the delay and whether the movant acted with good faith. *Id.*

Rule 60(b) of the *Federal Rules of Civil Procedure* provides discretionary relief from a final judgment on the basis of "excusable neglect." *Id.* The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." *Federal Rules of Civil Procedure* Rule 60(b)(1).

## IV.

## <u>ARGUMENT & AUTHORITIES</u>

The dismissal of Plaintiff's case has caused irreparable harm. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendants, the harm to Plaintiff is much more significant than the prejudice suffered by Defendants in failing to receive the Categorization Form and records. *See, e.g., Barnhill v. United States,* 11 F.3d 1360, 1367 (7th Cir. 1993). "[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the most powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint." *Id.*

When considering such harsh sanctions, a court should consider whether "the litigant has shown a clear pattern of delay, willfully disobedient behavior, or failure to conform to lesser sanctions," as well as "the frequency of the plaintiff's noncompliance with deadlines, the effect of the delay on the judge's calendar, the culpability of the

plaintiff, prejudice to the defendant, the possible merits of the suit, and the social objectives of the litigation." *See, e.g., Kasalo v. Harris & Harris, Ltd.,* 656 F.3d 557, 561 (7th Cir. 2011); *Owen v. Wangerin,* 985 F.2d 312, 317 (7th Cir. 1993).

These factors do not weigh in favor of imposing this harsh terminating sanction upon Plaintiff.  Plaintiff did not willfully disobey the Court's Order.  Rather, Plaintiff's Counsel was operating under a mistaken belief.  Neither Plaintiff nor her Counsel were aware they were non-compliant.  Other than the deadlines surrounding the Case Characterization Form, Plaintiff has never failed to meet deadlines and has not failed to comply with other Orders of this Court.  Plaintiff has never been sanctioned by this Court for any wrongful behavior, so it is impossible that Plaintiff failed to conform to lesser sanctions.

Plaintiff understands the Court ordered her and others to provide a Case Characterization Form, however, for the sole purpose of analyzing prejudice, the information that is sought within the Categorization Form was already available to Defendants through: (1) Plaintiff's Fact Sheet; and her medical records.  Thus, the prejudice to Defendants is minimal to non-existent. Conversely, the dismissal of Plaintiff's claims because of inadvertent failure of undersigned to comply with the Order is catastrophic to Plaintiff. *See Central Ill. Carpenters Health & Welfare Trust Fund v. Rice Equip. Co.,* No. 14 CV 3390, 2015 WL 43 78192, at *3, 2015 U.S. Dist. LEXIS 92214, at *8 (D.C. Ill. July 15, 2015) (finding counsel who failed to receive an e-mail prior to entry

of default because it was in spam showed "good cause" for failure to receive notice of default).

Plaintiff has been severely injured by Defendants' IVC filters. Plaintiff's filter is unable to be removed. As a result, Plaintiff has suffered from multiple pulmonary embolisms and deep vein thrombosis. These complications have decreased Plaintiff's quality of life and have increased her medical care expenses. Plaintiff's case clearly has merit.

Considering on balance the factors discussed above, Plaintiff submits that dismissing her case due to mistake, inadvertence, excusable neglect as a terminating sanction results in a manifest injustice to Plaintiff.

## V.

## **CONCLUSION**

Plaintiff respectfully requests the Court reconsider its dismissal of Plaintiff's claims and reinstate Plaintiff's case.

**Dated:**      **June 7, 2019**                     Respectfully submitted,

                                                     **MORRIS LAW FIRM**

                                                     James A. Morris, Esq. (SBN 296852)
                                                     4111 W. Alameda Ave., Suite 611
                                                     Burbank, CA  91505
                                                     Tel: (747) 283-1144
                                                     Fax: (747) 283-1143
                                                     *jmorris@jamlawyers.com*
                                                     *Attorneys for Plaintiff*

# "EXHIBIT A"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to:
Cause No.  1:16-cv-02693
Amanda Contreras v. Cook Medical, Inc. et. al.

## **DECLARATION OF SHANE E. GREENBERG**

I, SHANE E. GREENBERG, declare:

1. I am an attorney, duly licensed to practice law before all Courts of the State of California, at MORRIS LAW FIRM, attorneys of record for Plaintiff AMANDA CONTRERAS.  I have personal knowledge of the facts stated herein, and if called as a witness I could and would competently testify thereto.

2. This Declaration is filed in support of PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR CATEGORIZATION FORM and MOTION TO REINSTATE in the above-referenced cause number.

3. I am employed as an associate at the Morris Law Firm.  As an employee, I was assigned work on specific cases regarding injuries caused by a Cook Medical IVC Filter and to monitor any case related activity in MDL 2670.

4. In addition to MDL 2570, Morris Law Firm represents numerous plaintiffs in other MDLs. I was assigned the task of monitoring the various notices of filing in multiple MDLs to determine whether they apply to our specific cases.  These incoming notices number into

hundreds of notices per day.  In order to more efficiently monitor all these notices, I have been looking out for notices specifically drafted to one of our cases.  I did not realize that in this MDL the notices of filings and orders were served under the general MDL only and that you needed to open each document to determine if it was applicable to a particular case.

5. I previously had received a notice of deficiency for this case in which I was advised there was a deficiency in that a Plaintiff Profile Form had not been submitted in which I was given time to comply with the issues.  After the filing of Defendants' motion, I anticipated receiving a notice of deficiency if anything was missing from my prior submitted Plaintiff Profile Form.  Because I was looking for anything referencing our client's cause number, I inadvertently overlooked the Court's November 21, 2018 order requiring each Plaintiff to file the Case Categorization Form.

6. Because I was unaware of the November 21, 2018 Order, I did not realize that Defendants' Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order filed on February 21, 2019, was applicable to Amanda Contreras' matter.

7. On June 5, 2019, I was reviewing the individual docket for another Cook matter and saw for the first time that this case was closed.  I then looked at the Order and saw that this case and another case had been dismissed on May 8, 2019.  At this same time, I became aware that MDL notices for the MDL 2570 were actually not arriving to my inbox but had migrated to the junk folder although I had never created a rule for this to occur.  This fact would explain why I only became aware of this Order and its effect on my two cases until June 5, 2019.

8. Had I been aware of the November 21, 2018 Order, I would have completed the categorization form and submitted it per the Court's Order as I had all information in my possession to do so.

9.     Plaintiff's failure to comply was inadvertent and not intentional. Thus, without this case being reinstated, Plaintiff will suffer irreparable harm.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 7th day of June 2019, at Burbank, California.

Shane E. Greenberg

# "EXHIBIT B"

only and is not admissible and is not to be considered relevant for any other purpose.
64915

## Categorization Form

A.    Plaintiff's Name:                                   Amanda Contreras

B.    Plaintiff's Case Number:                        1:16-cv-2693

C.    Plaintiff's Counsel (Lead Firm Name):   James A. Morris, Jr.

D.    Categorization (check each that applies and briefly describe):

1.    Successful First Removal Without Complication or Physical Injury Cases: "Cases where Plaintiffs' profile sheet and further follow-up shows that the Gunter Tulip or Celect IVC filter was successfully removed on the first, routine, percutaneous retrieval attempt and no physical symptom or filter complication was alleged during the time the filter was in place or in connection with the retrieval process."

      Check here for Category 1:_____

2.    Cases Alleging Mental Distress and Embedment: "Cases where only non-physical injuries, such as worry, stress, or fear of future injury, have been alleged."

      Check here for Category 2:_____

      Briefly describe claimed complication/outcome/injury:_____

3.    Stenosis of the IVC and Anticoagulation Cases: "(a) Cases where the plaintiff has alleged scarring or stenosis of the IVC caused by the Cook filter; and (b) Cases where the plaintiff has alleged a need for [anti]coagulation on a permanent or long term basis because of an unretrieved or irretrievable filter."

      Check here for Category 3:_____

      Briefly describe claimed complication/outcome/injury:_____

4.    Embedded and High Risk Cases: "Cases where the Plaintiff has been advised that the Cook IVC filter is embedded, cannot be retrieved, or that the risk of retrieval outweighs the benefits of retrieval."

      Check here for Category 4:_____

      Briefly describe claimed complication/outcome/injury:_____

5. <u>Failed Retrieval and Complicated Retrieval Cases</u>[1]:  "(a) Cases where the plaintiff has undergone one or more failed retrieval procedures; and (b) Cases where Plaintiff's Filter was retrieved but required the use of a non-routine, complicated retrieval method."

Check here for Category 5:_____

Briefly describe claimed complication/outcome/injury:_____

6. <u>Non-Symptomatic Injury Cases:</u> "Cases where the Plaintiff alleges non-symptomatic filter movement, migration, penetration, perforation, thrombosis, occlusion, or the presence of a clot in the filter that has not produced physical symptoms or complications."

Check here for Category 6:_____

Briefly describe claimed complication/outcome/injury:_____

7. <u>Symptomatic Injury Cases:</u> "Cases where the Plaintiff alleges medical symptoms, conditions, or complications caused by one or more of the following conditions"

Check here for Category 7:__X__.  **Circle all sub-categories that apply below:**

(a) IVC thrombotic occlusion – consisting of an occluding thrombus in the IVC after filter insertion (documented by imaging or autopsy);

Briefly describe claim of symptomatic injury:

_____

(b) filter embolization – consisting of post-deployment movement of the filter to a distant anatomic site;

Briefly describe claim of symptomatic injury:

_____

(c) filter fracture – consisting of any loss of a filter's structural integrity documented by imaging or autopsy;

Briefly describe claim of symptomatic injury:

_____

(d) filter migration – consisting of a change in filter position of more than 2 cm (when compared to its deployed position) and as documented by imaging;  Briefly describe claim of symptomatic injury:

---

[1] Plaintiffs that have undergone open removal surgery shall categorize as Category No. 7.

(e) penetration or perforation – consisting of a filter strut or anchor extending 3 or more mm outside the wall of the IVC as demonstrated on imaging;

Briefly describe claim of symptomatic injury:_____

(f) recurrent pulmonary embolism (PE) – consisting of PE that occurs after filter placement is documented by pulmonary arteriography, cross sectional imaging, lung scan, or autopsy;

Briefly describe claim of symptomatic injury: Recurrent pulmonary embolism_____

(g) DVT or other blood clot caused by filter;

Briefly describe claim of symptomatic injury:_____

(h) infection;

Briefly describe claim of symptomatic injury:_____

(i) bleeding;

Briefly describe claim of symptomatic injury:_____

(j) death; and

Briefly describe claim of symptomatic injury:_____

(k) open-removal and/or open heart surgery- any case where a plaintiff has had an open surgical procedure, including open heart surgery, to remove his or her IVC filter.

Briefly describe claim of symptomatic injury:_____

E.   Certification: The undersigned counsel affirms that the categorization is based on a review of the available medical records including imaging records and reports. The submission of the specific medical record(s) attached, and submission of this form, are counsel's certification that the outcome, complication, or injury represented in Section D is the proper categorization for Plaintiff's case to the best of counsel's knowledge and belief.

Plaintiff's Counsel Name:          James A. Morris, Jr.

Plaintiff's Counsel's Firm:          Morris Law Firm

Plaintiff's Counsel's Signature

4

# "EXHIBIT C"

## Cook MDL 2570-Case Categorization Submission-Amanda Contreras

Shane Greenberg

Fri 6/7/2019 1:58 PM

**To:** Cook Filter MDL <cookfiltermdl@faegrebd.com>; plaintiffscoleadcounselmdl@gmail.com <plaintiffscoleadcounselmdl@gmail.com>
**Cc:** Jim Morris <jmorris@jamlawyers.com>; Jocelyn Barton <jbarton@jamlawyers.com>; Jessica Dance <jdance@jamlawyers.com>

🔖 1 attachments (6 MB)
Categorization Form-Contreras.pdf;

Please find the completed Categorization Form for Amanda Contreras (Case No. 1:16-cv-2693).

Thank you.
Shane

Shane E. Greenberg
Associate
Morris Law Firm
4111 West Alameda Avenue Suite 611
Burbank, CA 91505
Telephone: (747) 283-1144
Facsimile: (747) 283-1143

## <u>CERTIFICATE OF SERVICE</u>

I certify that on **June 7, 2019,** a copy of the foregoing PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE FOR FAILURE TO SUBMIT CATEGORIZATION FORM and MOTION TO REINSTATE has been e-filed.

*/s/ James A. Morris, Jr.*

_____

James A. Morris, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on **June 17, 2019,** a copy of the foregoing: PLAINTIFF's MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE FOR FAILURE TO SUBMIT CATEGORIZATION FORM AND MOTION TO REINSTATE has been e-filed on the main docket matter: 1:14-ml-2570.

*/s/ James A. Morris, Jr.*

_____

James A. Morris, Jr.