IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
BONNIE ELAZAB and DEAN ELAZAB

CIVIL CASE # 1:17-cv-00417-RLY-TAB

## PLAINITFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFFS' CLAIM FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORMS AND MOTION FOR REINSTATEMENT OF CASE AND ANY AND ALL EQUITABLE RELIEF

Plaintiff's, Bonnie Elazab and her husband Dean Elazab, respectfully file this Motion for Reconsideration under Federal Rule 60(b) and requests the Court reconsider its order dismissing Plaintiff's case without prejudice. Plaintiff respectfully requests that this Court grant this Motion and reinstate their case in the MDL for the reasons set forth herein.

On the 8th day of May 2019, this Honorable Court entered an order dismissing the claim of Bonnie Elazab and in turn the consortium claim of her husband Dean without prejudice. The genesis of the Court's order was the failure on the part of the plaintiff, Bonnie Elazab, to file a case categorization form[1]. Undersigned counsel was first made aware of the dismissal by way of a specific personalized email sent by class counsel and received on Saturday, June 8, 2019. The primary focus of that correspondence was the scheduling of hearings on June 13, 2019. However,

---

[1] The plaintiff, Bonnie Elazab, served her case categorization form as per this Court's order of November 16, 2018 on June 18, 2019. (Please see Exhibit "A"). Because the case categorization form and the exhibits attached to the form contained sensitive personal medical information, undersigned counsel pretermits the filing of this form into the public record.

1

there was a reference to cases that were dismissed by this Court on May 8, 2019 for failing to file the appropriate case categorization form.

The plaintiffs respectfully request that this Honorable Court take note of the extrinsic procedural history of this specific case. Following the initial filing, undersigned counsel uploaded Plaintiff's Fact Sheet, Plaintiff's Profile Form, and other documents as per the Court's order. This was done on or about March 7, 2017. In response to this document upload, undersigned counsel received a notice of deficiency from the Cook defendant. This notice was sent to undersigned counsel by a specific email, as well as U.S. mail. (Please see Exhibit "B"). Interestingly, after a discussion with Cook representatives, it was determined that there was no deficiency relative to the plaintiffs' submission. (Please see Exhibit "C"). Undersigned counsel was left with the impression that the Cook defendants had sufficient information to understand the complete nature of the claim of Bonnie Elazab and the consortium claim of her husband Dean Elazab in light of the upload of March 7, 2017.

After the notice of deficiency was satisfied, undersigned counsel, a sole practitioner, assigned the task of monitoring this Court's docket to his long-time personal assistant Carole Nungesser. Mrs. Nungesser had monitored dockets in the Pradaxa case, as well as the BP case pending here in Louisiana. In the most unfortunate turn of events, Mrs. Nungesser was diagnosed with breast cancer in the spring of 2018. She ultimately died of metastatic disease on December 19, 2018. Mrs. Nungesser courageously worked in undersigned's office until December 4, 2018. At no time, was undersigned counsel advised by his long-time assistant of the need for the filing of the case categorization form. More importantly, undersigned counsel was unaware of this Courts change in docket notification relative to tailored emails with case specific information as previously noted relative to the deficiency issue raised in this case at the time of the upload of the

Plaintiff's Fact Sheet, Plaintiff's Profile Form, and other documents. Furthermore, undersigned took solace in his past experiences and assumed that any deficiency or defect in the plaintiff's individual case would be known by class counsel and the need to take curative measures would have been communicated by class counsel.

Following notification by class counsel in the correspondence of June 8, 2019 of the issue raised in this motion, undersigned counsel began to review filings of this Court's docket. There are several motions pending before the Court that focus on the issue of the failure to file timely case categorization forms. As noted in many of these motions, a motion for reconsideration performs a valuable function. A motion for reconsideration performs a valuable function where the court has made a decision outside the adversarial issues presented to the court by the parties. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990). A motion to reconsider is appropriate where: "(1) the Court has patently misunderstood a party"; (2) the Court has "made a decision outside the adversarial issues presented to the Court by the parties"; (3) the Court has "made an error not of reasoning but of apprehension"; or (4) there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* at 1191.

When examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include the danger of prejudice to the defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id.*

In light of the fact that information necessary to categorize Plaintiffs' case was submitted in conjunction of the initial filings of March 7, 2017, it is respectfully submitted that Cook defendant has suffered no substantial prejudice. Furthermore, the impact of the failure to file the

3

categorization form is apparently minimal relative to this judicial proceeding. Undersigned counsel would submit that his actions in this matter have been conducted in good faith and it was never his intention to prejudice either the proceeding or counsel in this case.

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment, order, or proceeding on the basis of "excusable neglect" Fed. R. Civ. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relive a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." Fed. R. Civ. P. 60(b)(1).

Undersigned counsel received a specific email directed to his personal email address by class counsel on June 8, 2019. Undersigned immediately read the email and realized that there was a reference to a deficiency resulting from the failure to file case categorization form. Undersigned received this critical email despite apparent change in Court policy relative to pleadings affecting specific cases. Undersigned counsel only notes this fact to encourage the Court's understanding that only emails relative to these plaintiffs' specific case were being monitored by undersigned counsel. It is respectfully submitted that since this case was dismissed without prejudice, this Court should exercise its discretion and issue all equitable relief pursuant to rule to reinstate the claim of Bonnie Elazab and the consortium plaintiff, Dean Elazab, in case number 1:17-cv-00417.

## CONCLUSION

The dismissal of Plaintiffs' case on a technical requirement of failing to timely file a case categorization form is prejudicial to the plaintiffs in this case even though the dismissal is without prejudice. It is apparent that the Cook defendants and counsel for Plaintiff's Steering Committee had sufficient information to understand the nature of Plaintiffs' claim based on the initial filings and uploads of March 7, 2017. Therefore, considering the foregoing, it is prayed that this

Honorable Court recall and vacate its judgment of May 9, 2019 as it relates to the claim of Bonnie Elazab, and reinstate case number 1:17-cv-00417, i.e. Bonnie Elazab and Dean Elazab.

Respectfully submitted:

THOMAS B. CALVERT
A PROFESSIONAL LAW CORPORATION

BY:    /s/ Thomas B. Calvert
    THOMAS B. CALVERT (LA Bar # 14129)
    3850 North Causeway Boulevard
    Suite 940-Two Lakeway
    Metairie, LA 70002
    Telephone: (504) 830-7610
    Facsimile: (504) 830-7611
    E-mail:    tom@calvertaplc.com

Counsel for plaintiffs, Bonnie Elazab and Dean Elazab

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

   /s/ Thomas B. Calvert
   Thomas B. Calvert