IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALE PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-02570-RLY-TAB<br><br>MDL NO. 2570 |
| This Document Relates to:<br>Cause No. 1:18-CV-06089-RLY-TAB<br>Christine Kay v. Cook Medical, Inc. et al. | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER (FILING NO. 10211) DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT <u>CASE CATEGORIZATION FORM</u>**

Plaintiff, Christine Kay, respectfully files this Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b) and request the Court reconsider its order dismissing Plaintiff's case without prejudice [Filing No. 10622] and reinstate Plaintiff's Case on the Court's Master Docket, Cause No. 1:14-ml-02570 and Member Case Docket, Case No. 1:18-cv-06089.

Plaintiff asks the Court to grant Plaintiff's Motion for the following reasons:

- Plaintiff's counsel received no notice and/or was not served via ECF, US Postal Mail, Facsimile, Electronic Mail, telephone, and any other means of (1) the Court's order for plaintiffs to submit a <u>Case Categorization Submission Form</u> [File No. 9638], (2) Defendants Motion to Dismiss [Filing No. 9322], and (3) the Court's Order dismissing Plaintiff, Christine Kay's, case [Case No. 1:18-CV-06089; Filing No. 10].

- Plaintiff's Counsel did not receive the notice for two reasons: (1) a clerical oversight in which a former Paralegal was tasked with registering counsel with the ECF and monitoring the Docket, which she confirmed she completed, when in fact, she had not registered Counsel in the ECF and was not monitoring the Docket, and (2) Plaintiff was not served with notice of the Case Categorization Submission Form requirements by Plaintiffs' lead counsel Bentford E. Martin, Esq., Michael W. Heaviside, Esq., David P. Matthews, Esq., or Plaintiff's Liason counsel, Joseph Williams (hereafter "Lead Counsel"), which Lead Counsel was required to do for plaintiffs not registered under the ECF.

- Plaintiff did not have an opportunity to address the non-compliance as counsel was not included in a mass meet and confer email sent by Lead Counsel to plaintiffs that were not in compliance with the Case Categorization Form to remedy the situation with Defendants — this email was never sent to Plaintiff, Christine Kay, or her counsel.

- When balancing the harm to the parties, the dismissal of Plaintiff's claim far outweighs the prejudice to Defendant in not receiving Plaintiff's categorization forms. Defendant cannot

show it has been unfairly prejudiced by failure to receive the form since the information contained within the form was previously provided in Plaintiff's Fact Sheet, profile form, and open records. Plaintiff has a meritorious claim against Defendants and deserves to have her matter decided on the merits as opposed to being decided based on a technicality stemming from Plaintiff's counsel not being notified or served of the requirements, amounting to inadvertence and excusable neglect. Plaintiff therefore requests that the Court enter an Order vacating the dismissal of her case and reinstatement of her case in the MDL.

## I.

## EXHIBITS

**Exhibit A:**   Affidavit of Gabriel Mendoza, June 20, 2019

**Exhibit B:**   Meet and Confer E-mail to Non-compliant plaintiffs never sent to this Plaintiff, dated April 9, 2019

**Exhibit C:**   Categorization Form and Records and Compliance with Order Filing No. 9638

**Exhibit D:**   Plaintiff's Profile Sheet sent February 21, 2018

## II.

## FACTS

On December 27, 2017, Plaintiff filed her Complaint (Case No. 3:17-cv-02577-BTM-KSC). Plaintiff's case was transferred into MDL 2570 on January 29, 2018. Plaintiff complied with all Court orders and discovery requirements including the Plaintiff profile form, the Plaintiff Fact Sheet and corresponding records.

Defendants filed their Motion for Screening Order and Bellwether Selection Plan. Defendants' "Proposed Plan" was to promote the Court's goals of (1) trying Product-In-Place/No Injury bellwether cases and (2) ensuring that the cases in the MDL allege a legally cognizable injury. Defendants filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Their Motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Form. On May 8, 2019, the Court granted Defendants' Second Amended Motion to Dismiss. Plaintiff's claim was specifically dismissed as she had failed to file her Case Categorization Form by the designated deadline of December 22, 2018.

Plaintiff's counsel received no notice and/or was not served via ECF, US Postal Mail, Facsimile, Electronic Mail, telephone, and any other means of (1) the Court's order for plaintiffs to submit a <u>Case Categorization Submission Form</u> [File No. 9638], (2) Defendants Motion to Dismiss [Filing No. 9322], and (3) the Court's Order dismissing Plaintiff, Christine Kay's, case [Case No. 1:18-CV-06089; Filing No. 10]. (Affidavit of Gabriel Mendoza, ¶ 2)

Plaintiff's Counsel did not receive the notice for two reasons: (1) a clerical oversight in which a former Paralegal was tasked with registering Counsel for the ECF and in monitoring the filings, which she indicated she was doing, when in fact, she had not registered counsel for the ECF and was not monitoring the filings; and (2) Plaintiff was not served with the Order for Case Categorization Submission requirements by Plaintiffs' lead counsel Bentford E. Martin, Esq., Michael W. Heaviside, Esq., David P. Matthews, Esq., or Plaintiff's Liason counsel, Joseph Williams (hereafter "Lead Counsel"), which Lead Counsel was required to do for plaintiffs not registered under the ECF. (Affidavit of Gabriel Mendoza, ¶ 3)

From the time Plaintiff's case was transferred to the MDL (on or about January 29, 2018), Plaintiff's counsel believed he was registered for the Southern District of Indiana's ECF. (Affidavit of Gabriel Mendoza, ¶ 4) A paralegal that no longer works for counsel's firm was tasked with registering counsel for the District's ECF and monitoring the Docket. (*Ibid*.) Said Paralegal indicated that she complied and was monitoring the filings with her e-mail as the primary address. (*Ibid*.) In reality, unknown to Plaintiff's counsel, Counsel was not registered for the District's ECF and the Docket was not being monitored. (*Ibid*.) Counsel believed it was reasonable to delegate this monitoring task to Plaintiff given the thousands of filings, the continuous new Plaintiffs being added, and the hundreds of filings on a daily basis for the Master case. (*Ibid*.) When the former paralegal left, counsel for Plaintiff believed that the former paralegal provided monitoring responsibilities to the new Paralegal, which did not happen. (*Ibid*.) At all times, Counsel for Plaintiff believed the Docket and filings were being monitored and that all necessary steps were taken to monitor the case. (*Ibid*.)

On June 17, 2019, counsel for Plaintiff just so happened to check the member docket [Case No. 1:18-CV-06089] and discovered the Order dismissing Plaintiff's case. (Affidavit of Gabriel Mendoza, ¶ 5) It was only then that counsel discovered that the Court ordered plaintiffs to comply with the Case Categorization Form (filing No. 9638). (*Ibid*.) It was also only then that counsel discovered Defendants' Motion to Dismiss (Filing No. 10211). (*Ibid*.)

Counsel spoke with the Paralegal that was hired to replace the former Paralegal, who indicated she had not been receiving notices. (Affidavit of Gabriel Mendoza, ¶ 6). It was confirmed no ECF notices were being provided via electronic service. (*Ibid*.) It was further confirmed that Lead Counsel, nor any other parties had served and/or provided notice to Plaintiff's counsel of the Order regarding Case Categorization. (*Ibid*.)

On June 18, 2019, Plaintiff was able to reach Amy Holtz, Courtroom Deputy, who indicated to counsel's surprise that counsel was never registered for the Southern District of Indiana's ECF system. (Affidavit of Gabriel Mendoza, ¶ 7) Ms. Holtz further indicated that if Plaintiff's counsel was not in the ECF system, Lead Counsel should have served counsel with a hard copy of the Order for Categorization — which Lead Counsel did not. (*Ibid*.) Plaintiff's counsel made telephone calls to other attorneys on the dismissed list and discovered many were in the same boat. (*Ibid*.) Plaintiff's counsel further discovered that on or about April 9, 2019, Lead Counsel sent non-compliant plaintiffs an email and opportunity to meet and confer with Defendants to remedy the situation, which was never sent to this Plaintiff. (*Ibid*.) (*See also* Exhibit B)

Upon learning of the oversight and the Dismissal Order, Plaintiff's counsel immediately submitted an ECF Attorney Registration Form, and submitted the Case Categorization Forms and relevant medical records. (Affidavit of Gabriel Mendoza, ¶ 8; *see also* Exhibit C) Counsel became registered with the ECF on June 19, 2019. (*Ibid*.)

As indicated on the Categorization Form, Plaintiff's case is a **Category 4 and 7 case**, which is the most serious of cases as defined by the Form. (*See* Exhibit C) As indicated on the Form, the IVC filter was implanted and embedded since 2011, and all four of the Filter struts have penetrated

and perforated through the wall of the intrarenal inferior vena cava. For the sole purposes of analyzing prejudice, the information that is sought within the categorization form was already available to Defendant through: (1) Plaintiff's Fact Sheet; (2) Plaintiff's Profile Form; and (3) Plaintiff's medical records. (Affidavit of Gabriel Mendoza, ¶ 9; *see also* Exhibit D) Plaintiff's action deserves to be determined based on the merits of her case, and not on a technicality. (*Ibid.*) Hundreds of Plaintiffs are constantly being added into the case and there are several thousand plaintiffs in the MDL 2570 litigation, and there would no prejudice to Defendants for the Court to withdraw the dismissal of a single meritorious and serious case, especially where the case remains pending. (*Ibid.*)

As the Court is aware, this is not a typical case where the Docket is less than 100 filings. (Affidavit of Gabriel Mendoza, ¶ 10) The Master Docket as of the date of this Motion is over 11,000 filings. (*Ibid.*) Given the extraordinary circumstances, counsel for Plaintiff was reliant on members of his firm, Lead Counsel, and other parties to stay abreast to the filings in the Master case. (*Ibid.*) Counsel for Plaintiff acknowledges that a mistake was made by him and his firm and is willing to accept a sanction for his conduct. (*Ibid.*) However, dismissing the meritorious claim of a deserving and blameless Plaintiff is an extreme sanction that should not be imposed where there is no client culpability, where Counsel's actions amount to excusable neglect. (*Ibid.*) Counsel for Plaintiff has otherwise not missed any deadlines or been sanctioned by this Court (nor any Court for that matter). (*Ibid.*) For these reasons and in balancing the factors above, Plaintiff respectfully requests that the Court reconsider the Order dismissing Plaintiff Claim and reinstate Plaintiff into the MDL.

### III.

### **LEGAL STANDARD**

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there

has been a controlling or significant change in the facts since the submission of the issue to the court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990)). Motions to reconsider are appropriate for those situations where the court has "patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension." *Id*.

It is well settled that in determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Bank of Waunakee*, 906 F.2d at 1191. Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380,395 (US. 1993). These circumstances include the danger of prejudice to the Defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id*.

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." FED. R. CIV. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..." FED. R. CIV. P. 60(b)(1). The purpose of FRCP 60(b) is to balance the principle of the finality of judgment with the Court's interest in seeing that justice is done in light of all the facts. *Charter Township of Muskegon v. City of Muskegon* (6th Cir. 2002) 303 F.3d 755, 760. Additionally, in multidistrict litigation actions, judges have "greater discretion to set and enforce deadlines. "*Freeman v. Wyeth* (8th Cir. 2014) 764 F.3d 806, 809-810.

### IV.

### <u>ARGUMENT & AUTHORITIES</u>

The dismissal of Plaintiff's case has caused irreparable harm, and was the result of mistake, inadvertence, and excusable neglect. Plaintiff was unable to comply for two reasons: (1) a clerical oversight in which a former Paralegal indicated counsel was registered for the ECF and that the

Paralegal was monitoring the filings through her email, when in fact, counsel was not registered, and (2) Plaintiff was not served with notice of the Case Categorization Submission Form requirements by Lead Counsel, which Lead Counsel was required to do for plaintiffs not registered under the ECF for situations such as this.

When awarding death penalty sanctions, a court should consider whether "the litigant has shown a clear pattern of delay, willfully disobedient behavior, or failure to conform to lesser sanctions" as well as "the frequency of the Plaintiff's non-compliance with deadlines, the effect of delay on the judge's calendar, the culpability of the Plaintiff, prejudice to the defendant, the possible merits of the suit, and the social objectives of the litigation." *See*, *e.g.*, *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2911); *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993).

Dismissals for violation of court orders is granted only in "extreme circumstances" and after consideration of lesser sanctions. *Ferdik v. Bonzelet* 963 F.2d 1258, 1260-1261(9th Cir. 1992). Sanctions against a blameless Plaintiff are too extreme where blame should be cast on the attorney. *Shea v. Donohoe Const. Co., Inc.*, 795 F.2d 1071, 1078 (DC Cir. 1986). *See, e.g., Dahl v. City of Huntington Beach*, 84 F.3d 363, 366-367 (9th Cir. 1996) ("the degree of a plaintiff's personal responsibility is relevant to the propriety of dismissal.")

Courts have found excusable neglect where a firm's paralegal's oversight resulted in a missed deadline. *Pincay v. Andrews* 289 F.3d 853, 860 (9th Cir. 2004) Furthermore, excusable neglect is appropriate when there is a breakdown in communication, where everything done was everything that apparently needed to be done, and it was the breakdown in communication that resulted in non-compliance. *Boles v. Weidner*, 449 N.E. 2d 288, 291 (Ind. 1983). In *Boles*, the defendant gave a lawsuit to his insurance agent and tasked him to provide it to the agency. (*Id.*) Defendant's insurance agent did not provide it to the agency, and default was taken. (*Id.*) The Supreme Court of Indiana found this to be excusable neglect as the defendant had taken the steps expected of him. (*Id.*)

Here, Plaintiff did not wilfully disobey the Court's Order. Rather, Plaintiff and Plaintiff's Counsel never received notice of the Order for Case Categorization Form. Just as the party in *Boles*, Plaintiff's counsel believe he took the steps necessary to monitor the case. Plaintiff tasked a paralegal to register him for the ECF and monitor the Docket, which is entirely reasonable. *See, e.g., Pincay v. Andrews* 289 F.3d at 860 ("such delegation has become an integral part of the struggle to keep down the costs of legal representation.") Plaintiff's counsel is aware that counsel has the obligation to monitor the Docket. However, in a case such as this, where there are over 11,000 filings with hundreds of filings every day, it is reasonable to delegate the task to a paralegal for monitoring. Plaintiff's counsel had taken the steps expected of him to adequately monitor the case. Unfortunately, the notices were not being received as the former paralegal failed to register Plaintiff for the ECF and was not monitoring the docket as tasked and as represented.

Given that Plaintiff's counsel was unknowingly not registered under the ECF, Lead Counsel should have been mail serving Plaintiff's counsel the documents filed, especially Court Orders such as the Categorization Form orders. This never occurred. In fact, Plaintiff's counsel was not included in an email to non-compliant plaintiffs by Lead Counsel that would have allowed this Plaintiff to meet and confer and remedy the non-compliance. *See* Exhibit B.

Furthermore, when weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant, the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and records. *See, e.g.*, *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.").

Plaintiff has a meritorious claim. Plaintiff is a **Category 4 and 7** Plaintiff, and she is blameless to counsel's fault. The dismissal of her claim has caused irreparable harm, and that harm is much more significant than the prejudice, if any, suffered by Defendants. Plaintiff understands the Court ordered her and others to provide a Case Characterization Form, however, for the sole

purposes of analyzing prejudice, the information that is sought within the categorization form was already available to Defendant through: (1) Plaintiff's Fact Sheet; (2) Plaintiff's Profile Form; and (3) Plaintiff's medical records. *See* Exhibit D.

Conversely, the dismissal of Plaintiff's claims because of inadvertent failure of undersigned to comply with the order is catastrophic to Plaintiff. Plaintiff has a meritorious claim, and her claim deserves to be determined based on the merits of her case, and not on a technicality. Hundreds of Plaintiffs are constantly being added into the case, and there would be no prejudice to Defendants for the Court to withdraw the dismissal of a Plaintiff's meritorious case, especially where the case remains pending.

As the Court is aware, this is not a typical case where the Docket is less than 100 filings. The Master Docket as of the date of this Motion is over 11,000 filings. Given the extraordinary circumstances, counsel for Plaintiff was reliant on members of his firm, Lead Counsel, and other parties to stay abreast to the filings in the Master case. Counsel for Plaintiff acknowledges that a mistake was made by him and his firm and is willing to accept a sanction for his conduct. Counsel for Plaintiff has otherwise not missed any deadlines or been sanctioned by this Court (nor any Court for that matter). Dismissing the meritorious claim of a deserving and blameless Plaintiff is an extreme sanction that should not be imposed where there is no client culpability, where Counsel's actions amounts to excusable neglect.

Considering on balance the factors discussed above, Plaintiff respectfully requests that the Court reinstate Plaintiff's case.

## V.

## **CONCLUSION**

      Considering the factors noted above, Plaintiff respectfully requests that the Court reconsider its dismissal of Plaintiff's claims and reinstate Plaintiff's case.

Dated: June 20, 2019　　　　　　　　　　　　Respectfully Submitted,

                                                    EASTON & EASTON, LLP

                                                    */s/ Gabriel M. Mendoza*
                                                    Gabriel M. Mendoza, Esq.
                                                    Bar No. 300821
                                                    W. Douglas Easton, Esq.
                                                    Bar No. 47721
                                                    Easton & Easton, LLP
                                                    650 Town Center Drive, Suite 1850
                                                    Costa Mesa, California 92626
                                                    Tel: (714) 850-4590
                                                    Fax: (714) 850-1978
                                                    Email:Gmendoza@eastonlawfirm.com
                                                    Counsel for Plaintiff, CHRISTINE KAY

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June 2019, I electronically filed this Motion to Reconsider and its Attachments with the clerk of the court using the CM/ECF system which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

                */s/ Gabriel M. Mendoza*
                Gabriel M. Mendoza, Esq.
                Attorney for Plaintiff, CHRISTINE KAY