IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALE PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL NO. 2570 |

This Document Relates to:
Cause No. 1:18-CV-06089-RLY-TAB
Christine Kay v. Cook Medical, Inc. et al.

**AFFIDAVIT OF GABRIEL M. MENDOZA
IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

| | |
|---|---|
| **STATE OF CALIFORNIA** | § |
| | § |
| **COUNTY OF ORANGE** | § |

BEFORE ME, the undersigned authority, on this day personally appeared Gabriel M. Mendoza, the underside affiant, who being by me duly sworn, on his oath stated:

1.    My name is Gabriel Mendoza. I am over 21 years of age, of sound mind, and capable of making this affidavit. I have personal knowledge of the facts set out in this affidavit, and they are true and correct. I am making this affidavit in support of Plaintiff, Christine Kay's Motion for Reconsideration of the Court's Order (Filing No. 10211) Dismissing Plaintiff's Claims for Failure to Submit Case Categorization Form and for an order reinstating her case into the MDL.

2.    I received no notice and/or was not served via ECF, US Postal Mail, Facsimile, Electronic Mail, telephone, and any other means of (1) the Court's order for plaintiffs to submit a Case Categorization Submission Form [File No. 9638], (2) Defendants Motion to Dismiss [Filing No. 9322], and (3) the Court's Order dismissing Plaintiff, Christine Kay's, case [Case No. 1:18-CV-06089; Filing No. 10].

3.    I did not receive the notice for two reasons: (1) a clerical oversight in which a former Paralegal was tasked with registering Counsel for the ECF and in monitoring the filings, which she indicated she was doing, when in fact, she had not registered counsel for the ECF and

1

was not monitoring the filings; and (2) Plaintiff was not served with the Order for Case Categorization Submission requirements by Plaintiffs' lead counsel Bentford E. Martin, Esq., Michael W. Heaviside, Esq., David P. Matthews, Esq., or Plaintiff's Liason counsel, Joseph Williams (hereafter "Lead Counsel"), which Lead Counsel was required to do for plaintiffs not registered under the ECF.

4.      From the time Plaintiff's case was transferred to the MDL (on or about January 29, 2018), I believed I was registered for the Southern District of Indiana's ECF. A paralegal that no longer works for counsel's firm was tasked with registering counsel for the District's ECF and monitoring the Docket.  Said Paralegal indicated that she complied and was monitoring the filings with her e-mail as the primary address. In reality, unknown to me, I was not registered for the District's ECF and the Docket was not being monitored. I believed it was reasonable to delegate this monitoring task to the paralegal given the thousands of filings, the continuous new Plaintiffs being added, and the hundreds of filings on a daily basis for the Master case. When the former paralegal left, it was believed that the former paralegal provided monitoring responsibilities to the new Paralegal. At all times, I believed the Docket and filings were being monitored and that all necessary steps were taken to monitor the case.

5.      On June 17, 2019, I just so happened to check the member docket [Case No. 1:18-CV-06089] and discovered the Order dismissing Plaintiff's case. It was only then that I discovered that the Court ordered plaintiffs to comply with the Case Categorization Form (filing No. 9638). It was also only then that I discovered Defendants' Motion to Dismiss (Filing No. 10211).

6.      I spoke with the Paralegal that was hired to replace the former Paralegal, who indicated she had not been receiving notices. To my dismay, it was confirmed no ECF notices were being provided via electronic service. It was further confirmed that Lead Counsel, nor any other parties had served and/or provided notice to me or my firm of the Order regarding Case Categorization.

7.      On June 18, 2019, I was able to reach Amy Holtz, Courtroom Deputy, who indicated to my surprise that I was never registered for the Southern District of Indiana's ECF system. Ms. Holtz further indicated that if we were not in the ECF system, Lead Counsel should

have served counsel with a hard copy of the Order for Categorization — which Lead Counsel did not. I made telephone calls to other attorneys on the dismissed list and discovered many were in the same boat. I further discovered that on or about April 9, 2019, Lead Counsel sent non-compliant plaintiffs an email and opportunity to meet and confer with Defendants to remedy the situation, which was never sent to this Plaintiff. (*See* Exhibit B of Plaintiff's Motion)

8.       Upon learning of the oversight and the Dismissal Order, I immediately submitted an ECF Attorney Registration Form (and was registered on June 19, 2019), and submitted the Case Categorization Forms and relevant medical records. I became registered with the ECF on June 19, 2019.

9.       As indicated on the Categorization Form, Plaintiff's case is a **Category 4 and 7 case**, which is the most serious of cases as defined by the Form. (*See* Exhibit C of Plaintiff's Motion). As indicated on the form, the IVC filter was implanted and embedded since 2011, and all four of the Filter struts have penetrated and perforated through the wall of the intrarenal inferior vena cava. For the sole purposes of analyzing prejudice, the information that is sought within the categorization form was already available to Defendant through: (1) Plaintiff's Fact Sheet; (2) Plaintiff's Profile Form; and (3) Plaintiff's medical records. (*See* Exhibit D of Plaintiff's Motion) Plaintiff's action deserves to be determined based on the merits of her case, and not on a technicality. Hundreds of Plaintiffs are constantly being added into the case and there are several thousand plaintiffs in the MDL 2570 litigation, and there would no prejudice to Defendants for the Court to withdraw the dismissal of a single meritorious and serious case, especially where the case remains pending.

10.     As the Court is aware, this is not a typical case where the Docket is less than 100 filings. The Master Docket as of the date of this Motion is over 11,000 filings. Given the extraordinary circumstances, I was reliant on members of our firm, Lead Counsel, and other parties to stay abreast to the filings in the Master case.  I acknowledge that an oversight and breakdown in communication was made by me and my firm and I am willing to accept a sanction for my conduct. However, dismissing the meritorious claim of a deserving and blameless Plaintiff is an extreme sanction that should not be imposed where there is no client culpability, where my actions amount to excusable neglect. I have otherwise not missed any deadlines or been sanctioned by this Court (nor any Court for that matter). For these reasons and in balancing the factors above, Plaintiff respectfully requests that the Court rescind the Order dismissing Plaintiff Claim and reinstate Plaintiff into the MDL.

Further Affiant Sayeth not.

Dated: 6/20/19

_____
Gabriel M. Mendoza,
Attorney for Plaintiff,
CHRISTINE KAY

SUBSCRIBED AND SWORN TO BEFORE ME on this _____ day of June 2019, to certify which witness my hand seal of office.

_____
Notary Public
In and For the State of California

*See attached Jurat with Affiant Statement.*

4

## CALIFORNIA JURAT WITH AFFIANT STATEMENT          GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], not Notary)

1
2
3
4
5
6

_____        _____
*Signature of Document Signer No. 1*        *Signature of Document Signer No. 2 (if any)*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _____ **ORANGE** _____

AMERA HAJALI
Notary Public – California
Orange County
Commission # 2216738
My Comm. Expires Oct 2, 2021

*Place Notary Seal and/or Stamp Above*

Subscribed and sworn to (or affirmed) before me

on this _____ **20TH** _____ day of _____ **JUNE** _____, 20 **19** ,
by            *Date*                    *Month*            *Year*

(1) _____ **GABRIEL M. MENDOZA** _____

(and (2) _____ ),
                    *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
                    *Signature of Notary Public*

───────────── **OPTIONAL** ─────────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: **AFFIDAVIT OF GABRIEL M. MENDOZA**

Document Date: **JUNE 20, 2019** _____ Number of Pages: **4**

Signer(s) Other Than Named Above: **NO OTHER SIGNERS**

©2019 National Notary Association