IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALE PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-02570-RLY-TAB<br><br>MDL NO. 2570 |
| This Document Relates to:<br>Cause No. 1:18-CV-06089-RLY-TAB<br>Christine Kay v. Cook Medical, Inc. et al. | |

**PLAINTIFF, CHRISTINE KAY'S, REPLY TO DEFENDANTS' OMNIBUS OPPOSITION TO MOTIONS TO RECONSIDER DISMISSALS OF THEIR CASES <u>FILED BY TWENTY-SIX PLAINTIFFS</u>**

Defendants' sweeping opposition does not adequately address the merits of Plaintiff's Moving Papers for reconsideration and reinstatement of her case. Plaintiff, Christine Kay's (hereinafter referred to as Ms. Kay), arguments are not simply a copy and paste of the Motions of other plaintiffs who were not in compliance to the Court's Order to submit a Categorization Form. The gravamen of Defendants arguments, i.e., of "Attorneys' failure to monitor the docket," do not address the unique factual scenario in Ms. Kay's moving papers where counsel took the necessary steps to ensure that the docket was being monitored, believed it was being monitored based on statements of a former paralegal, only to find that those representations were not true.

Delegation of a task such as monitoring the Master Docket here was reasonable and taking the steps to ensure that it was being monitored was not careless or ignorant, e.g., by confirming with the Paralegal that the docket was being monitored. It would be in the interests of justice to determine Ms. Kay's case on the merits as opposed to a technicality, and Defendants can show no prejudice (and do not dispute this fact) to reinstatement of Ms. Kay's case into the MDL 2570 — a matter with thousands of litigants and still more being added.

Further, Defendants purposefully mischaracterize *Lombardo v. United States*, 860 F3.3d 547 (7th Cir. 2017) which is a case surrounding the doctrine of equitable tolling, not Rule 60(b)

relief, and further which is a case that completely disregards the role of the paralegal in denying the equitable tolling relief. (*Infra*. § II.A)

Given that good cause is present for Rule 60(b) relief, Ms. Kay and her counsel request the Court to find that it would serve justice to reinstate Ms. Kay's cause of action.

I. **PLAINTIFFS ARE ENTITLED TO RE-ENTRY IN THE MDL UNDER FRCP RULE 60(B)**

Rule 60(b) specifically indicates that "on motion and just terms, the court may **relieve a party or its legal representative from a final judgment, order, or proceeding**." (*See Fed. R. Civ. P*. 60(b)) [emphasis added] It is understood that there is an order that permits re-entry only upon new information [filing no. 10622]. Ms. Kay seeks relief pursuant to Rule 60(b) from that order and makes her request for reconsideration and reinstatement appropriately under the law, which Defendants do not dispute.

II. **MS. KAY IS ENTITLED TO THE RELIEF OFFERED BY RULE 60(B) AND DISMISSAL OF A CASE IS ONLY GRANTED IN EXTREME CIRCUMSTANCES**

   A. **Counsel had taken the Appropriate Steps to make sure the Docket was Properly Monitored**

Defendants have wrongly lumped Ms. Kay into a category of Plaintiffs that allegedly put forth the same set of facts that boils down to a complete failure to monitor the Docket. Ms. Kay's moving papers make it clear that counsel took the appropriate steps to monitor the docket, and it was reasonable to delegate these tasks to a paralegal, who had made representations that counsel was registered under the ECF and that the docket was being monitored[1].

Furthermore, Defendants omit from the Courts Order Establishing Policies and Procedures that state "Plaintiffs' Lead Counsel will be responsible for serving paper copies of orders and filing on pro se parties and/or counsel of record who do not receive electronic notification." Ms. Kay and her counsel never received service of any copies of orders from Plaintiffs' Lead Counsel or

---

[1] Ms. Kay's Moving papers have briefed these issues in detail as to why this is excusable neglect.

the Steering Committee.

Defendants' intentionally mischaracterize *Lombardo v. United States*, 860 F.3d 547 (7th Cir. 2017), wrongly stating that 60(b) relief was denied where counsel relied on a "trusted paralegal." In *Lombardo*, the relief was not sought under 60(b), and was sought under the doctrine of equitable tolling. (*Id*. at 552). The court went on to distinguish Rule 60(b) and equitable tolling, stating that a motion under rule 60(b) did not have to contend with longstanding precedent in the context of equitable tolling that a statute of limitations error does not justify equitable tolling." (*Id*. at 559) In fact, the court went on to disregard the "trusted paralegal" argument altogether, holding that the miscalculation of a statute of limitation is simply not enough to trigger equitable tolling. (*Id*. at 554)

The events that led to non-compliance — i.e. misrepresentations, taking appropriate steps to ensure the docket was being monitored, and no communication from Lead Counsel — are regrettable yet amount to excusable neglect (and are more thoroughly argued in Ms. Kay's moving papers). Given that there is good cause to reinstate Ms. Kay's matter, Ms. Kay and her counsel respectfully request the Court grant Ms. Kay's Motion for Reconsideration and reinstate her cause into the MDL.

**B. The MDL Litigation is an Extraordinary Circumstance that Justifies Rule 60(b) Relief**

As Defendants correctly point out, whether a party's neglect is excusable takes into account all relevant circumstances surrounding the party's omission. The relevant circumstances surrounding this MDL litigation are extraordinary: Aside from the particular events that led to counsel's non-compliance and excusable neglect outlined in Ms. Kay's moving papers, this is not a simple case where there is one or a few plaintiffs on one side, one or a few Defendants on the other, and only 100 – 200 filings in the docket. The Master Docket has over 11,000 filings and there are thousands of Plaintiffs and counsel on each side.

Ms. Kay's counsel believed he took the appropriate steps to monitor the docket. Delegating the monitoring task to a Paralegal to oversee the Master Docket with its thousands of filings was

appropriate. If oversight occurred, due to the extraordinary nature of this case, counsel trusted the procedures and the system to notify him of important requirements, e.g., Lead Counsel serving the Order for the Categorization Form. Ms. Kay should not have to bear the terminating weight of the deficiencies that led to non-compliance, especially given the merit of her claim, the very real injury she suffers from due to this faulty product, and the extraordinary circumstances of this case.

### C. It is in the Interests of Justice to Determine Ms. Kay's Case on the Merits as Opposed to Dismissing it due to a Technicality

Defendants make no argument against the fact that they suffer no prejudice if Ms. Kay's motion is granted — that is because Defendants suffer none. This is due to the fact that even in 2019, new Plaintiffs from across the Country are joining the MDL, and the lists continue to grow. The 26 plaintiffs identified by Defendants (and presumably still more prior) have now complied with the Categorization Form requirements and suffer real injuries at the hands of this product.

> It is well established that:
>> "In the normal course of events, **justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of courts**. We have previously indicated the limited appropriateness of the sanction of a dismissal: **A [dismissal] is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct**, or when other less drastic sanctions have proven unavailing.' Absent those circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interest of justice. […]
>>
>> In sum […] in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint. […] Thus, when contemplating the extreme sanction of judgment or dismissal under its inherent powers, it is appropriate for a district court to consider the egregiousness of the conduct in question in relation to all aspects of the judicial process."
>> (_Barnhill v. United States_, 11 F.3d 1360, 1367(7th Cir. 1993)) [emphasis added]

It would be in the interests of justice to determine Ms. Kay's case on the merits versus dismissing her case on a technicality. Ms. Kay suffers a very real harm due to this product, has had it embedded in her since 2011, and falls into a Category 4 and 7 plaintiffs.

Further, the conduct here is far from egregious. The deficiency here was not purposeful or gamesmanship. It was not a repeated deficiency and counsel has never missed a deadline or been sanctioned by this Court, or any. The failure was not repeated and will never be repeated again. As stated in the moving papers, counsel acknowledges the oversight and is willing to accept a less harsh sanction for this first (and what will be only) offense. Because it is in the interests of justice, Ms. Kay and her counsel respectfully request the Court grant her motion.

### III.   CONCLUSION

Given that good cause is pled on Ms. Kay's moving papers, the appropriateness of Rule 60(b), and that it would be in the interests of justice to reinstate Ms. Kay's cause into the MDL, Ms. Kay and her counsel respectfully requests this Court to grant Ms. Kay's Motion for Reconsideration of the Order Dismissing her case [filing no. 10622] and requests reinstatement into the MDL.

Dated: June 21, 2019                              Respectfully Submitted,

                                                  EASTON & EASTON, LLP


                                                  */s/ Gabriel M. Mendoza*
                                                  Gabriel M. Mendoza, Esq.
                                                  Bar No. 300821
                                                  W. Douglas Easton, Esq.
                                                  Bar No. 47721
                                                  Easton & Easton, LLP
                                                  650 Town Center Drive, Suite 1850
                                                  Costa Mesa, California 92626
                                                  Tel: (714) 850-4590
                                                  Fax: (714) 850-1978
                                                  Email:Gmendoza@eastonlawfirm.com
                                                  Counsel for Plaintiff, CHRISTINE KAY

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June 2019, I electronically filed "Plaintiff, Christine Kay's, Reply to Defendants' Omnibus Opposition to Motions to Reconsider Dismissals of their Cases Filed By Twenty-Six Plaintiffs" with the clerk of the court using the CM/ECF system which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Gabriel M. Mendoza*
Gabriel M. Mendoza, Esq.
Attorney for Plaintiff, CHRISTINE KAY