IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates To:
Cause No. 1:17-cv-00218
Eric J. Slobodjian v. Cook Medical, Inc., et al

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM AND MOTION TO REINSTATE**

Plaintiff, Eric Slobodjian, respectfully files this Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b) and requests the Court reconsider its Order dismissing Plaintiff's case without prejudice [Document No. 10622 in the MDL, and Document No. 17 in the individual case]. Plaintiff asks the Court to grant the Motion and reinstate this case in this MDL for the reasons set forth herein.

## INTRODUCTION

Dismissal of Plaintiff's claims would be unfairly prejudicial, and the harm caused to Plaintiff would greatly outweigh any prejudice suffered by Defendant as a result of the slight delay in receiving the categorization forms. Defendants were already in receipt of substantially the same information through medical records produced with Plaintiff's CMO 13 submission on September 8, 2017, and the Plaintiff Profile Sheets and medical records submitted on behalf of Plaintiff on September 8, 2017. In light of the extraordinary circumstances explained herein which establish "excusable neglect", Plaintiff was unable to timely respond to Defendant's Motion to Dismiss.

## FACTS

On January 20, 2017 Plaintiff, Eric Slobodjian, filed his Short Form Complaint directly with the MDL Court. Plaintiff complied with all Court orders and discovery requirements including serving a CMO 13 Submission with corresponding records on September 8, 2017 and Plaintiff Profile Form and corresponding medical records on September 8, 2017.

Defendants filed their Motion for Screening Order and Bellwether Selection Plan. Defendants' "Proposed Plan" was to promote the Court's goals of (1) trying Product-In-Place/No Injury/ Bellwether cases and (2) ensuring that the cases in the MDL allege a legally cognizable injury. Defendants filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Their Motion requested the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of the Case Categorization Form. The Court granted Defendant's Second Amended Motion to Dismiss. Plaintiff's claim was specifically dismissed for failure to file a Case Categorization Form by the designated deadline of December 22, 2018. Because many plaintiffs failed to meet the deadline, the Court extended the deadline to January 31, 2019. *See* Order Regarding Plaintiff's Failure to Produce Case Categorization Forms ("Final Deadline Order"), Dkt. 9956, p.1. However, on May 7, 2019, this Court revised its order providing plaintiff's an additional 15 days, or no later than May 22, 2019, to submit the Case Categorization Form along with supporting medical records to Cook Defendants and Plaintiffs' Leadership. *See* revised Second Amended Order Regarding Case Categorization Form, Dkt. 10617, p. 2. Plaintiff complied with the Court's Order on June 20, 2019, by submitting the Case Categorization Form and previously provided medical records as directed by the Court. *See* Exhibit "1".

As indicated in a Declaration signed by the undersigned counsel's case manager, Ashley Nelson, she was responsible for overseeing and monitoring all IVC filing, but encountered an e-

mail error that inadvertently transferred all MDL ECF notifications automatically to an email address that did not exist, where they could not be reviewed. *See* Exhibit 2. Ms. Nelson's proper email address is anelson@kirkendalldywer.com, the email address listed for her on MDL ECF notification list is aelson@kirkendalldwyer.com. Since December of 2017, notifications of any filings in this IVC litigation routed to Ms. Nelson were inadvertently routed to a nonexistent email address which resulted in Plaintiff's Counsel missing the initial December 22, 2018, deadline set by this Court to submit Case Categorization Forms for Plaintiff. *See id.* Following a check of the docket of this MDL, Paralegal, Tiffany Burnside, discovered on or about June 13, 2019, the Order On the Cook Defendants' Second Amended Motion to Dismiss (Dkt. No. 10211). Ms. Burnside informed Ms. Nelson of the filing. As soon as this error was discovered, Ms. Nelson along with the help of Case Manager, Allison Smith, diligently worked to remedy the situation and comply with the Court's Order of May 7, 2019, by submitting the Case Categorization Form and previously provided medical records as directed by the Court. *See* Exhibits 1 and 2.

Neither the undersigned counsel nor his law firm ever received a call from the Plaintiff's Steering Committee informing them of the Motion to Dismiss. Plaintiff never intended to fail to comply with the Court's order. All necessary steps have been taken to ensure that this never occurs again. Under these circumstances, it would be unfairly prejudicial for Plaintiff to be unable to pursue viable claims due to an inadvertent oversight. Plaintiff respectfully request that the Court reconsider its Order of dismissal and reinstate Plaintiff's case.

## **LEGAL STANDARD**

A motion for reconsideration performs a valuable function where the court has made a decision outside the adversarial issues presented to the court by the parties. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185 (7th Cir. 1990). A motion to reconsider is appropriate

where: "(1) the Court has patently misunderstood a party"; (2) the court has "made a decision outside the adversarial issues presented to the Court by the parties"; (3) the court has "made an error not of reasoning but of apprehension"; (4) there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* at 1191.

It was settled that in determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decision on the basis of all of the facts. *Id.* Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include the dange of prejudice to the defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id.*

## ARGUMENT & AUTHORITIES

The dismissal of Plaintiff's case has caused irreparable harm. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant, the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and medical records for a second time that were previously submitted with Plaintiff Profile Form. *See, e.g. Barnhill v. United States,* 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.")

As discussed above, the information that is sought within the categorization form was already available to Defendant though: (1) Plaintiff's Profile Sheet: (2) Plaintiff's Medical Record Designation; and (3) Plaintiff's medical records. Conversely, the dismissal of Plaintiff's

claims because of inadvertent failure of undersigned to comply with the order is disastrous to Plaintiff.  Plaintiff has sought in good faith to timely comply with all Court Orders and has no served Plaintiff's Case Categorization Forms, along with corresponding medical records, upon Defendants.  See Exhibit A.  Therefore, in balancing the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

## **CONCLUSION**

When balancing harm to the parties, dismissal of Plaintiff's claims far outweighs any prejudice cause to the Defendants by the delay in receipt of these Case Categorization Forms. As such, Plaintiff respectfully moves this Honorable Court to vacate its order granting dismissal and reinstate Plaintiff's case in MDL. 2570.

Dated:  June 21, 2019

Respectfully Submitted,

**Kirkendall Dwyer LLP**

/s/ Andrew F. Kirkendall
Andrew Kirkendall
Texas Bar No. 24050882
Alexander G. Dwyer
Texas Bar No. 24054271
Kirkendall Dwyer LLP
4343 Sigma Rd., Ste 200
Dallas, TX 75244
Phone: 214-271-4027
Fax: 214-253-0629
ak@kirkendalldwyer.com
ad@kirkendalldwyer.com

***Attorney for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Andrew F. Kirkendall
Andrew F. Kirkendall
Kirkendall Dwyer LLP