**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB <br> MDL No. 2570 |

This Document Relates to Plaintiff (s)

Oscar Hightower, Civil Case No. 1:18-cv-568-RLY-MPB
Tammy Wills and Gregory Wills, Civil Case No. 1:18-cv-569-RLY-MPB

**PLAINTIFFS' TAMMY WILLS, GREGORY WILLS AND OSCAR HIGHTOWER'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFFS' CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORMS AND MOTION FOR REINSTATEMENT OF CASE AND ANY AND ALL EQUITABLE RELIEF**

Plaintiffs, Tammy Wills and her husband Gregory Wills, and Oscar Hightower respectfully file this Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) and request that this Court reconsider its Order dismissing Plaintiffs' cases without prejudice [Docket No. 10622], stating the following in support:

**INTRODUCTION**

Dismissal of Plaintiffs' claims is unfairly prejudicial, and the harm caused to the Plaintiffs greatly outweighs any prejudice suffered by the Defendants as a result of the delay in receiving the Case Categorization Forms.  This is especially true given that Defendants were already in possession of substantially the same information by way of the Plaintiffs' timely filed and served Plaintiff Profile Sheets and medical records.

**FACTS**

A Short Form Complaint was filed on behalf of Oscar Hightower on February 27, 2018. On March 28, 2018, the Plaintiff's Plaintiff Fact Sheet, HIPAA authorizations and complete

1

medical records were served on Defendants [See Exhibit "A"].  Further, an Amended Plaintiff

Fact Sheet and supplemental medical records were served on July 12, 2018 [Exhibit "A"].  A

Short Form Complaint was filed on behalf of Tammy and Gregory Wills on February 27, 2018.

On April 5, 2018 the Plaintiff Fact Sheet, HIPAA authorizations and complete medical records

were served on Defendants. [See Exhibit "B"]. Each of these complaints set forth claims of

actual injuries sustained by each Plaintiff as a result of a Cook IVC filter.

Plaintiffs' counsel represents plaintiffs in various MDLs and, therefore, has established a

specific protocol for reviewing the voluminous filings and notifications in these MDLs. The

undersigned as well as an experienced paralegal are tasked with monitoring the e-mail

notifications and filtering them into the appropriate MDL case folders. Hundreds of notifications

and filings are received daily, which is why two people are to be monitoring such filings, to

minimize the risk of missing critical case notifications, which may require action on our part. The

paralegal diligently tasks any deadlines required of the undersigned when she identifies

notifications which apply to Plaintiffs' cases. This has been an especially daunting undertaking

because in this MDL all notifications are entered on the Master Docket as opposed to each

Plaintiff's case.

Upon reviewing the Defendants' Motion for Screening Order and Bellwether Selection

Plan, filed on January 25, 2018, it appeared to the undersigned that Plaintiff's Leadership Counsel,

having already identified approximately 115 cases in the MDL that were "baseless," would be

tasked with reviewing and complying with Defendants' proposed plan to screen for product in

place/no injury cases. The motion also contained a proposed provision as part of this plan for notice

of non-compliance and a 30-day compliance period prior to dismissal, if Plaintiffs still failed to

comply.

Based on the language in Defendants' Motion, the undersigned understood that the Plaintiffs' and Defendants' lead counsel would review the records already submitted with the Plaintiff Profile Sheet and would categorize these cases for purposes of the Bellwether selection, per their own criteria. Additionally, any specific Plaintiff's counsels who had not provided adequate information or failed to comply with submitting a Plaintiff Profile Sheet would be notified and afforded a 30-day compliance period prior to dismissal. On November 21, 2018, the Court adopted the Defendants' proposed plan in a filing titled "Case Categorization Submission Instructions." [Docket No. 9638-1].  The undersigned's paralegal was on specific alert to monitor for notices of non-compliance or deficiencies. No notice was ever received for these specific Plaintiffs, and none of the Plaintiff Fact Sheets received deficiency notices after service. While the Court did enter an Order on January 17, 2019, giving notice that all non-compliant plaintiffs would have their cases dismissed in seven days if they remained non-compliant, the paralegal or attorney, reasonably, did not realize this Order applied to these specific Plaintiffs. The Order only appeared on the Master Docket, it did not include a list of cases deemed non-compliant and notice was never received from Defendants' or Plaintiffs' lead counsel regarding any deficiency. On May 8, 2019, the Court granted Defendants' Second Amended Motion to Dismiss.

On Saturday, June 8, 2019, the undersigned's firm received an email notification from lead counsel acknowledging that there had been an issue with MDL-related email correspondence and that several firms had been identified as not receiving their emails. The undersigned was one such firm. This issue has since been remedied. Upon reading the information in the June 8, 2019 email regarding the Court's upcoming status conference to address deficiencies, the undersigned undertook to investigate each Plaintiff's case. It wasn't until receiving said email that Plaintiffs' counsel was made aware that the Court's May 8, 2019

3

Order effectively dismissed each of Plaintiff's cases. Additionally, both the undersigned and his paralegal checked all correspondence and notices for information, again confirming none had been received regarding noncompliance.

Plaintiffs' counsel never intended to not comply with the Court's Orders and has previously served all requested information in a timely and complete manner. Furthermore, Plaintiffs' counsel has now served all outstanding Case Categorization Forms. [See Exhibit "C"]. Furthermore, Plaintiffs' counsel misunderstood the Court's Order and had a good faith belief that its directive applied to Plaintiff's leadership and, at a minimum that if Plaintiffs were non-compliant, notice would be forthcoming. Plaintiff's counsel has made adjustments to their process for reviewing all notifications and Orders for this MDL, given the unique nature of the filing and docketing system. Each notification and filing will be reviewed with the understanding that they will not identify the specific cases to which they apply. Plaintiffs respectfully request that the Court reconsider its Order dismissing Plaintiffs' cases for the foregoing reasons and reinstate their cases.

## LEGAL STANDARD

A motion for reconsideration performs a valuable function where the court has made a decision outside the adversarial issues presented to the court by the parties. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990). A motion to reconsider is appropriate where: "(1) the Court has patently misunderstood a party"; (2) the court has "made a decision outside the adversarial issues presented to the Court by the parties"; (3) the court has "made an error not of reasoning but of apprehension"; or (4) there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* at 1191.

In determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality,

and (2) the need to render just decisions on the basis of all the facts. *Id*. Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include the danger of prejudice to the defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id*.

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." Fed. R. Civ. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ...." Fed. R. Civ. P. 60(b)(1).

## ARGUMENT & AUTHORITIES

Plaintiffs have suffered irreparable harm. Dismissal should be reconsidered and Plaintiffs' cases reinstated because in weighing the harm caused by the finality of a dismissal against the prejudice suffered by Defendants, the harm to the Plaintiffs is much more significant. Plaintiffs have brought these claims based on documented medical injuries with significant impacts and are now unable to seek any redress entirely from those who caused these injuries. By comparison, the Defendants cannot reasonably claim a prejudice when they possess all of the documents and information by way of the accurately and timely served Plaintiff Fact Sheet, authorizations for release of information and supporting medical records and scans pursuant to Case Management Order No. 13. Furthermore, Plaintiffs' failure to comply was a result of mistake, inadvertence or excusable neglect.

Plaintiffs have not demonstrated a pattern of ignoring the Court's orders and have recently complied by serving the Case Categorization Form along with the relevant corresponding medical records [See Exhibit "D"].  Plaintiffs' Counsel mistakenly believed Plaintiff's Leadership Counsel was undertaking to categorize the cases and that a notice of noncompliance would be forthcoming either by mail or through Plaintiffs' specific case numbers, if any issues arose. Counsel has undertaken measures to ensure this does not occur again. These beliefs, while mistaken, constitute inadvertence and/or excusable neglect. Surely with the apparent number of cases subject to similar circumstances and volume of cases from which to select Bellwether cases, reinstatement of Plaintiffs' cases would not cause a meaningfully delay in litigation.

"[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint." See e.g., *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993).  When awarding death penalty sanctions, such as was done in this case, a court should consider whether "the litigant has shown a clear pattern of delay, willfully disobedient behavior, or failure to conform to lesser sanctions" as well as "the frequency of the plaintiff's noncompliance with deadlines, the effect of delay on the judge's calendar, the culpability of the plaintiff, prejudice to the defendant, the possible merits of the suit, and the social objectives of the litigation." See, e.g., *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011); *Owen v. Wangerin, 985 F.2d 312, 317* (7th Cir. 1993).

The Plaintiffs' actions were neither willful, nor indicative of a specific pattern of delay. Therefore, in balancing the factors discussed above and the circumstances surrounding this error, Plaintiffs respectfully request that the Court reconsider its decision and reinstate Plaintiffs' actions.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Court reconsider its dismissal of Plaintiffs' claims and reinstate Plaintiffs' cases.

RESPECTFULLY SUBMITTED this 25th day of June, 2019

By: */s/ Timothy E. Grochocinski*

Timothy E. Grochocinski (Illinois No. 6295055)
tim@nbafirm.com
NELSON BUMGARDNER ALBRITTON P.C.
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
Phone: 708-675-1975
Fax: 708-675-1786

***Attorney for Plaintiffs***

## VERIFICATION

I, Timothy E. Grochocinski, counsel for Plaintiffs, attest under oath and penalty of perjury that the foregoing is true and correct.

*/s/ Timothy E. Grochocinski*

## Certificate of Service

I hereby certify that on June 25, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Timothy E. Grochocinski*

8

**<u>Index of Exhibits pursuant to Local Rule 5-1(b)</u>**

Exhibit "A" –  Proof of Service of Plaintiff Fact Sheet and Amended Plaintiff Fact Sheet for Oscar Hightower

Exhibit "B" –  Proof of Service of Plaintiff Fact Shee for Tammy and Gregory Wills

Exhibit "C" –  Proof of Service of Categorization Forms for Oscar Hightower and Tammy and Gregory Wills