UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION<br>_____<br>**THIS DOCUMENT RELATES TO PLAINTIFF:**<br><br>*Betty Bain*<br><br>Individual case No. 1:17-cv-3085 | Case No. 1:14-ml-2570-RLY<br>MDL No. 2570 |

**PLAINTIFF'S REPLY TO DEFENDANTS' OMNIBUS OPPOSITION TO MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM**

Defendants' "omnibus opposition" has little to do with Ms. Bain's case and the issue at hand, as Ms. Bain's case is not time barred nor did she argue that she received an extension to submit her categorization form. The only germane issue brought up by defendants in their "omnibus opposition" is that failing to timely submit the form is, according to defendants, not excusable neglect and thus Ms. Bain's case must be dismissed. Respectfully, it would be in the interests of justice to determine Ms. Bain's case on the merits and defendants can show no prejudice to the reinstatement of Ms. Bain's case into the MDL 2570. Given that good cause is present for Rule 60(b) relief, Ms. Bain and her counsel respectfully request that this Court reinstate Ms. Bain's complaint.

**I.  PLAINTIFFS ARE ENTITLED TO RE-ENTRY IN THE MDL UNDER FRCP RULE 60(B)**

Rule 60(b) specifically indicates that "[o]n motion and upon such terms are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [. . .] or (6) any other reason justifying relief from the operation of the judgment. (FRCP 60(b).) While defendants submit that a calendaring

error is not "excusable neglect" under FRCP 60(b), Plaintiff submits that the overwhelming authority on the issue in federal courts across the country is that where defendants suffer no prejudice, a calendaring error is excusable neglect.  Indeed, the Ninth Circuit Court of Appeal stated "that the district court's decision could not be supported by the record, and therefore the court abused its discretion by denying plaintiffs relief from judgment.  The panel held that defendants were not prejudiced by plaintiffs' two-day delay in filing the Second Amended Complaint, that the length of the delay and its potential impact on the proceedings were minimal, and that plaintiffs' counsel simply misunderstood a docket entry and made a calendaring error of the type that is sometimes committed even by sophisticated law firms." (M.D. v. Newport-Mesa Unified Sch. Dist., 840 F.3d 640, 642 (2016).)

As set forth in Plaintiff's motion for reconsideration/reinstatement, her counsel miscalendared the submission date for her case categorization form and as soon as they caught the error, they submitted the required form.  Further, a vast majority—if not all—of the information provided on the form was already in defendants' possession by way of other discovery vehicles.  Thus, defendants are simply exploiting an excusable mistake and have not and will not suffer prejudice by reinstatement.  Indeed, to dismiss Plaintiff's case would be a windfall for defendants and would not further this Court's interest in fairness and justice.

      A.      **It is in the Interests of Justice to Determine Ms. Bain's Case on the Merits.**

Defendants do not claim that they would suffer prejudice upon reinstatement of Ms. Bain's claim.  They were in possession of the information on the missing form and are now in receipt of the form.  It is well established that:

> "In the normal course of events, **justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of courts**. We have previously indicated the limited appropriateness of the sanction of a dismissal: **A [dismissal] is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct**, or when other less drastic sanctions have proven unavailing.' Absent those circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interest of justice. […]

> In sum […] in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint. […] Thus, when contemplating the extreme sanction of judgment or dismissal under its inherent powers, it is appropriate for a district court to consider the egregiousness of the conduct in question in relation to all aspects of the judicial process." (*Barnhill v. United States*, 11 F.3d 1360, 1367(7th Cir. 1993)) [emphasis added]

It would be in the interests of justice to determine Ms. Bain's case on the merits and not dismissing her case. Ms. Bain suffers a very real harm due to this product and has had it embedded in her since 2009.

Further, the conduct here is far from egregious. The deficiency here was not purposeful or gamesmanship. It was not a repeated deficiency and counsel has never missed a deadline or been sanctioned by this Court, or any. The failure was not repeated and will never be repeated again. As stated in the moving papers, counsel acknowledges the oversight and is willing to accept a less harsh sanction for this first (and what will be only) offense. Because it is in the interests of justice, Ms. Bain and her counsel respectfully request the Court grant her motion.

## II.     CONCLUSION

Given that good cause is pled on Ms. Bain's moving papers, the appropriateness of Rule 60(b), and that it would be in the interests of justice to reinstate Ms. Bain's cause into the MDL, Ms. Bain and her counsel respectfully requests this Court to grant Ms. Bain's Motion for Reconsideration of the Order Dismissing her case [filing no. 10939] and requests reinstatement into the MDL.

Dated: 6/25/2019                              Respectfully submitted,

                                                                    /s/ Levi M. Plesset
Levi M. Plesset, Bar No. 296039
MILSTEIN JACKSON FAIRCHILD
& WADE, LLP
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067
Telephone: (310) 396-9600
Facsimile: (310) 396-9635
lplesset@mjfwlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 25th day of June 2019, a copy of the foregoing was filed electronically with the Clerk of Court to be served via the Court's electronic case filing system on all counsel of record.

/s/ Levi M. Plesset