UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                    MDL No. 2570

_____

This Document Relates Only to the Following Cases:

  John F. Irving, 1:16-cv-03468

## DEFENDANTS' CASE-SPECIFIC OPPOSITION TO
## MOTION TO RECONSIDER DISMISSAL
## <u>FILED BY PLAINTIFF IRVING</u>

As the Court is aware, Cook has filed an omnibus response in opposition to the numerous motions to reconsider and or vacate dismissals for failure to categorize filed by plaintiffs in the last month-and-a-half. *See* Omnibus Opposition, Dkt. 11189. Cook's Omnibus Opposition covered the omnibus motion to reconsider filed jointly by Plaintiffs Baker, Irving, and Walker. *See id.* Cook notes that while Plaintiffs Baker, Irving, and Walker have presented an affidavit indicating that they were inadvertently excluded from PSC's email list, that fails to excuse why they did not timely categorize their cases in the months of time provided to do so and notified on the master docket nine separate times, as explained in Cook's Omnibus Opposition. *See* Dkt. 11189 at 8-9.

With respect to Plaintiff Irving's case specifically, Cook has determined it is necessary to supplement[1] its Omnibus Opposition because Plaintiff Irving's case is time-barred by more than two years under applicable state law; therefore, his motion to reconsider should also be denied

---

[1] The parties agreed to extend the response brief deadline in this case to June 26, 2019, with the reply deadline extended to July 8, 2019. *See* Dkt. 11092.

1

because reinstating the case would be futile.

Specifically, the medical records Plaintiff Irving submitted with his belated categorization date back to a November 2011 failed retrieval attempt. Plaintiff Irving filed his short-form complaint on December 22, 2016. *See* Irving Dkt. 1. Per his short-form complaint, Plaintiff Irving has resided in Connecticut at all relevant times and had his filter placed in Connecticut. *Id.*, ¶¶ 4-6. Thus, his claims would be governed by Connecticut law, whether Indiana or Connecticut choice-of-law rules are used.

Under Connecticut law, product liability claims must be brought "within three years from the date when the injury . . . is first sustained or discovered or in the exercise of reasonable care should have been discovered." Conn. Gen. Stat. § 52-577a(a); *Fenton v. United Techs. Corp.*, 204 F. Supp. 2d 367, 368 n. 1 (D. Conn. 2002). In determining when the statute begins to run, "[t]he focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." *Peerless Ins. Co. v. Tucciarone*, 708 A.2d 611, 614 (Conn. App. Ct. 1998) (quoting *Catz v. Rubenstein*, 513 A.2d 98, 102 (Conn. 1986)).

Plaintiff Irving discovered his injuries on November 10, 2011, when he underwent an unsuccessful retrieval attempt. *See* Irving Medical Records, Attached as Exhibit 1. Specifically, the physician noted that "the procedure was aborted" following "multiple attempts to try and pull off the wall." *Id.* As with other failed retrieval cases the Cook Defendants have briefed, the statute of limitations logically could not have accrued any later than the date of the failed retrieval procedure because Plaintiff Irving knew he underwent this procedure and that the retrieval attempt was unsuccessful. While Connecticut has a discovery rule, that rule is premised on discovery of facts (which in the failed retrieval context are self-evident), not on "discovery of applicable legal theories." *Peerless, Inc.*, 708 A.2d at 614. Thus, Connecticut's three-year statute of limitations

expired on November 10, 2014, and Plaintiff Irving failed to file his complaint until December 22, 2016. His claims are therefore time-barred by more than two years. *Id.* Accordingly, it would be futile to reinstate Plaintiff Irving's claims.

Respectfully submitted,

Dated: June 26, 2019
*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: andrea.pierson@faegrebd.com
Email: jessica.cox@faegrebd.com

Bruce Jones (MN # 179553)
Charles Webber (MN # 215247)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-8719
Facsimile: (612) 766-1600
Email: bruce.jones@faegrebd.com
Email: chuck.webber@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2019, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*