IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND RLY-TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to the following cases:

1:17-cv-01697, Joshua Rich Craig v. Cook Incorporated et al.

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM**

Plaintiff, JOSHUA RICH CRAIG, has respectfully moved for relief under Federal Rule 59(e) as well as 60(b) for an order to vacate the dismissal of the action entered on May 8, 2019. As framed in Plaintiff's Motion to Reconsider and Reinstate, Plaintiff's failure to comply with the original case categorization deadline was inadvertent and due to Plaintiff's counsel's excusable neglect.

**INTRODUCTION**

As noted in Plaintiff's initial Motion on this matter, Plaintiff's Counsel's excusable neglect was the result of misinterpreting the Court's May 7, 2019 order—an Order which was ambiguous in its meaning and in its applicability. Additionally, due to a routing error involving email alerts from the Court, Plaintiff's Counsel was unaware of the need to submit the categorization forms and <u>previously provided</u> medical records.

Defendants' Opposition argues that Plaintiff's neglect was not excusable—but rather was a result of Plaintiff's "carelessness" and "failure to exercise due care."

As will be more fully outlined below, Federal Courts around the Country have repeatedly noted that failures to act based upon ambiguous court orders are quintessential examples of "excusable neglect." Furthermore, Defendants' Motion fails to demonstrate that they are prejudiced by the Court reconsidering their prior order and extending the time which Plaintiff was granted in order to submit the required documents. Defendants fail to acknowledge that the required medical records were previously provided to them—and in fact, Defendants relied on these submitted documents in a concurrent effort to dismiss case against five other Plaintiffs citing to medical records already provided to Defendants in this matter. There is no prejudice to Defendants' ability to litigate this case due to a submission of documents in light of the fact that <u>Defendants are using those submitted documents</u> to litigate this case. As such, equitable factors would require the Court to reinstate Plaintiff's case.

## LEGAL ARGUMENT AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), when a court sets a deadline, it may, for good cause, extend a party's time if "the party failed to act because of excusable neglect." District courts have discretion in determining whether or not good cause exists because of excusable neglect. *See generally Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). Moreover, the determination of whether a party's negligence is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824-825 (9th Cir. 1996) (holding that the Supreme Court's analysis of "excusable neglect" applies to Rule 6(b)). Relevant considerations include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was

2

within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

**A.     The May 7, 2019 order was Ambiguous on its face and Plaintiff had good reason to believe that an additional 15 days had been granted to complete the case categorization process**

On May 7, 2019, this Court issued its Revised Second Amended Order Regarding Case Categorization Forms. (Filing No. 10617). The Court noted that "many Plaintiffs" had failed to meet the December 22 deadline, and therefore the case categorization deadline was extended to January 31, 2019, and any case failing to comply would be dismissed without prejudice. *Id*. The Court noted that many plaintiffs continued to submit categorization forms subsequent to Defendants' Second Amended Motion to Dismiss. Id.

The Court then provided that: 1.) dismissals of the cases in Exhibits A and B to Defendants' Second Amended Motion to Dismiss would occur through separate order, and 2.) "All Plaintiffs who have not complied with the January 31 deadline are **ORDERED** to categorize their cases using the form provided in Filing No. 9638-1, supported by specific medical documentation, and to submit the same to the Cook Defendants and Plaintiffs' Leadership, within **15 days** of the date of this Order." *Id*. (Emphasis in the original).

A reasonable reading of the Court's order allows an extension for "All Plaintiffs who have not complied with the January 31 deadline[.]" *Id*. Plaintiff submitted the required form and documentation prior to this new deadline.

Defendants, unsurprisingly, have a differing view on the language of the Court's order, claiming that if "the Court had any intention to give another extension to these already-listed Plaintiffs, who had filed their cases before November 2018, the Court would have said so in the

3

May Order." (Filing No. 10915, 3). However, by Plaintiff's reading, this is precisely what the Court did.

The ambiguity of the Court's order is thus established by recognizing the two divergent interpretations expressed by 1) numerous Plaintiff's across the Country, and 2) by Defense Counsel.

Courts have routinely found that confusion caused by an ambiguous Court Order constitutes "excusable neglect":

> Regrettably, our June 19, 1988 order concerning time of service on Roedel is ambiguous in that it failed to state whether the time for service ran from the date of our order or from thirty days after the filing of the second amended complaint. The ambiguity creates excusable neglect for the delay

Spear, Leeds & Kellogg v. Pub. Serv. Co. of New Hampshire, 700 F. Supp. 791, 794 (S.D.N.Y. 1988)

> [T]he court then will face the question whether as a matter of construction the order unambiguously means either date of filing or date of execution, or whether it is ambiguous and, if it is ambiguous, the meaning to be given to it. Local rule and custom may bear on this also. Finally, whether the order is ambiguous or not, the court may wish to consider whether plaintiff should be allowed relief under Rule 6(b) for "excusable neglect."

Clements v. Fla. E. Coast Ry. Co., 473 F.2d 668, 670 (5th Cir. 1973)

> Nonetheless, ambiguity in a rule or court order can give rise to excusable neglect sufficient to warrant an extension of time.

United States v. Roberts, 978 F.2d 17, 24 (1st Cir. 1992).

> However, the undersigned also recognizes that the timing and order of Plaintiff's receipt of the summary judgment documents and this Court's *Roseboro* Notice proceeded in an unorthodox manner, which may have caused ambiguity with regard to Plaintiff's rights and responsibilities in the face of a dispositive motion. Ambiguity of this sort can give rise to excusable neglect in failing to act within a specified time.

Givens v. Smith, No. 5:12CV145, 2014 WL 4250371, at *9 (N.D.W. Va. Aug. 27, 2014), aff'd, 597 F. App'x 179 (4th Cir. 2015)

Plaintiff timely complied with the plain language of the May 7, 2019 order. Defendants note in their response that statements made regarding the order might limit its application only to plaintiffs filing after November 14, 2018. (Filing No. 10915, 2). However, Plaintiff's counsel would have had no knowledge of these circumstances, nor does this limitation appear in the express language of the order. Counsel had previously reasonably believed that this case was in good standing with the Court and had received no correspondence to the contrary.

Plaintiff submits that dismissal of Plaintiff's case, in effect with prejudice, conflicts with the May 7, 2019 order granting Plaintiff until May 22, 2019 to comply with the case categorization procedure. Therefore, this dismissal should be vacated under Rule 59(e).

**B. Plaintiff's Counsel's Loss of Email Alerts is excusable neglect under Rule 60(b).**

Defendants argue that Plaintiff's inadvertent re-routing of MDL emails is not "excusable neglect" and cite to the 5th Circuit's holdings in Onwuchekwe.

However, Defendants fail to note that part of the district court's rationale in finding it to be "inexcusable neglect" was the fact that the non-responsive party's excuse of not receiving emails was seemingly contrived as the party responded to some emails filed through the system, and claimed to never have received one lone email. "Moreover, the district court did not abuse its discretion in doubting that Appellants' counsel never received such an email. Appellants had no difficulty receiving any other communications sent via the court's system." Onwuchekwe v. Okeke, 404 F. App'x 911, 912 (5th Cir. 2010).

In the case at bar, no such contrivances exist. Defendant has not even argued that Plaintiff actually received the email alerts in this matter. Plaintiff's Counsel truly, and inadvertently, rerouted alerts in this matter and was thus unaware of any of the alerts sent by the Court.

5

Furthermore, the emails sent to counsel in a traditional district court case are minimal. Conversely, in the 10,000-plus master docket entries in this matter, three entries, and three additional withdrawn or stricken entries, concern deadlines for Plaintiff's (now completed and tendered) categorization form. Plaintiff's counsel had incorrectly believed that dispositive motions for individual cases would not be filed in the master docket. As Defendants detail at length, this belief was in error. However, it was in good faith, and inadvertent.

Defendants argue that any minimal diligence over the 7-month period between the Court's October 2, 2018 order, without deadlines, and the dismissal on May 8, 2019, would have necessarily led to the discovery of the deadlines. **This 7-month period contains 1,300 master docket entries**. For counsel who, erroneously, were not expecting dispositive motions to appear in the master docket, three to six entries out of 1,300 entries is an extremely small needle to find in a large haystack. The deluge of alerts from the master docket is inapposite to the one to two emails received monthly in a traditional district court matter.

Defendants argue that any diligent counsel should have easily discovered the deadline due to, for example, the order on Defendants' motion for a screening order and bellwether selection plan. However, this entry contained no deadlines. (Filing No. 9322). Defendants argue that what seems to have been oral statements made to the Court during a different plaintiff's trial should have plainly put Plaintiff on notice of a deadline. That docket entry reads, in its entirety:

> The parties appear for the motions hearing set this date. Plaintiffs appear by Ben Martin, Joe Williams. Mike Heaviside, Roger Mandel, Laura Baughman, Misty Farris and Denman Heard; Defendants appear by Andrea Pierson, Chuck Webber, Jessica Cox, Ryan Hurley Kip McDonald, Bruce Jones and Anna Rutigliano. The court hears argument from the counsel. Court is adjourned until 9:00 a.m. tomorrow.

(Filing No. 9875). Defendants have seemingly exaggerated the notice-providing qualities of this entry. Certainly, Plaintiff's ignorance of the submission requirements is excusable given the nature of the filings cited in Defendants' Opposition.

As the Court is well aware, the excusable neglect standard under Rule 60(b)(1) is an equitable standard. The purpose for this rule is to prevent cases to be decided by dismissals as a result of missed deadlines. Newgen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016). Such judgments are generally disfavored. This is because it is an underlying principal of the Federal Rules of Civil Procedure that cases should be decided on the merits instead of technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d Cir. 2015). Here, the dismissal of Plaintiff's case is in effect with prejudice, due to the type of technical failure squarely within the ambit of 60(b)(1).

*Defendants rely on case law that has been superseded by the Supreme Court.*

Additionally, Defendants rely on outdated case law and inapplicable standards. Defendants argue that excusable neglect under 60(b)(1) can never be granted when a party has been negligent. However, the Supreme Court in *Pioneer Inv. Services Co v. Brunswick Assoc's Ltd. P'ship*, 507 U.S. 380, (1993), adopted a "flexible understanding" of Rule 60(b)(1) that "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Id* at 394; See also *Tate v. Riverboat Services, Inc.*, 305 F. Supp.3d 916, 919-922 (N. Dist. IN, 2004). (finding excusable neglect where there was genuine confusion about deadlines where multiple similar cases were pending, there was little prejudice to the non-movants, and the movant had acted inadvertently, in good faith).

Defendants' reliance on cases superseded by the *Pioneer* decision is an attempt to conflate the 60(b)(1) standard with a due-care standard. (*See* Opposition, Filing No. 11189, 4-11). 60(b)

7

provides that the Court has discretion to reinstate Plaintiff's case for the reasons of: "(1) mistake, inadvertence, . . . or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Pr. 60(b)(1), (6). Trial on the merits is strongly favored over default judgments, especially "where the default has not been willful." *A.F. Dormeyer Co. v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 43 (7th Cir. 1972).

Excusable neglect is an equitable doctrine without precise definition. *Pioneer*, 507 U.S. at 395. Factors that may be considered include the impact of the delay on the judicial proceedings, the prejudice to the non-moving party, whether the movant acted in good faith. *Id.*

In *A.F. Dormeyer*, counsel had erroneously operated under the local rules to which he was familiar, instead of that of the applicable court, and in doing so failed to file a responsive pleading. There the district court entered a default judgment, and later denied a motion to vacate the judgment. The 7th Circuit reversed, finding counsel's error to constitute excusable neglect. 461 F.2d at 43.

### *Plaintiff will be greatly prejudiced if reconsideration and reinstatement is denied; Defendants have not articulated any prejudice if reconsideration and reinstatement is granted*

As framed in Plaintiff's Motion, the dismissal of Plaintiff's case, if not vacated, will cause irreparable harm that is much more significant than any prejudice suffered by Defendants in failing to timely receive Plaintiff's categorization forms. Plaintiff's counsel missed the original case categorization deadline, inadvertently and in good faith. Once the technical error was discovered, Plaintiff's counsel acted to put Plaintiff in immediate compliance with the case categorization form and filed the Motion at issue here. Plaintiff's technical error was a common misunderstanding, evidenced by over three hundred plaintiffs inadvertently failing to comply with the case categorization order.

Accordingly, when weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant in failing to timely receive the categorization form and records, the harm is much more significant to Plaintiff. See e.g., <u>Barnhill v. United States</u>, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.") The dismissal of Plaintiff's claims because of the inadvertent failure of counsel to comply with the order would be catastrophic to Plaintiff and will result in an unjust resolution, based on a technicality.

Furthermore, as noted above, Defendants cannot demonstrate prejudice because they are already relying on the Medical Records submitted by Plaintiffs in this matter. Defendants have attempted to argue for dismissal based upon statutes of limitation arrived at (erroneously) through medical records submitted by Plaintiffs. There is no prejudice to Defendants for allowing Plaintiffs to be re-entered as parties in the MDL because Defendants already had access, through Plaintiffs' submission of documents, to the documents which should have been entered in accordance with the November 2018 and May 2019 orders.

Furthermore, because Rule 60(b) is remedial, where timely relief is sought from a default judgment and the movant has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *In re Roxford Foods, Inc.* (9th Cir. 1993) 12 F.3d 875, 881; *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.* (2nd Cir. 1996) 92 F3d 57, 59-61; *Wehrs v. Wells* (7th Cir. 2012) 688 F3d 886, 890.

*<u>The error was inadvertent and made in good faith</u>*.

Here, Plaintiff's counsel missed the original case categorization deadline, inadvertently and in good faith. Once discovered, Plaintiff's counsel acted expeditious to comply with the case

9

categorization procedure, as well as to file the present motion. Plaintiff's counsel did so before the May 22, 2019 deadline.

Furthermore, as there are well over one hundred plaintiffs in the same position as Plaintiff, and over three hundred plaintiffs have failed to comply with the categorization order. Plaintiff's counsel's error was a common one, and thus not emblematic of "bad faith." Such commonality of the very same mistake either connotes that there was incompetence on a nearly universal scale—or that the Court's order was ambiguous, and that the need for submission of the materials was not as well distributed as Defendants' argue.

*The delay, compared with the de facto April deadline, has been short.*

Defendants' response indicates that, practically speaking, the deadline was extended through the end of April. (Filing No. 10915, 6). Plaintiff's submission was tendered mere weeks later. Therefore, the delay, practically speaking, is short. The timing of the submission, presumably one of many received before the May 22, 2019 deadline, will not materially affect the judicial proceedings.

*The MDL Litigation is an Extraordinary Circumstance that Justifies Rule 60(b) Relief*

As Defendants correctly point out, whether a party's neglect is excusable takes into account all relevant circumstances surrounding the party's omission. The relevant circumstances surrounding this MDL litigation are extraordinary. Aside from the particular events that led to Plaintiff's counsel's non-compliance and excusable neglect outlined in Plaintiff's Motion, this is not a simple case where there is one or a few plaintiffs on one side, one or a few Defendants on the other, and only 100 – 200 filings in the docket. The Master Docket has over 11,000 filings and there are thousands of Plaintiffs and counsel involved in these proceedings. Delegating the monitoring task to a Paralegal to oversee the Master Docket with its thousands of filings was

appropriate. If oversight occurred, due to the extraordinary nature of this case, counsel trusted the procedures and the system to notify him of important requirements, e.g., Lead Counsel serving the Order for the Categorization Form. Plaintiff should not have to bear the terminating weight of the deficiencies that led to non-compliance, especially given the merit of the claim, the very real injury Plaintiff suffers from due to this faulty product, and the extraordinary circumstances of this case.

*It is in the Interests of Justice to Determine Plaintiff's Case on the Merits as Opposed to Dismissing it due to a Technicality.*

Defendants make no argument against the fact that they suffer no prejudice if Plaintiff's motion is granted — that is because Defendants suffer none. This is due to the fact that even in 2019, new Plaintiffs from across the Country are joining the MDL, and the lists continue to grow. The 26 plaintiffs identified by Defendants (and presumably still more prior) have now complied with the Categorization Form requirements and suffer real injuries at the hands of this product.

It would be in the interests of justice to determine this Plaintiff's case on the merits versus dismissing the case on a technicality. Plaintiff here suffers a very real harm due to this product. Further, the conduct here is far from egregious. The deficiency here was not purposeful or gamesmanship. The failure will never be repeated again. As stated in the moving papers, counsel acknowledges the oversight and immediately complied with the Court's order once the deficiency was learned. Because it is in the interests of justice, Plaintiff and Plaintiff's counsel respectfully request the Court Grant Plaintiff's Motion.

## CONCLUSION

Due to the good faith inadvertence of Plaintiff's counsel's error, the lack of any prejudice to Defendants, and the common nature of this error, which appears to have been widely shared by well over one hundred plaintiffs in the same position, Plaintiff respectfully requests this Court to

11

vacate its dismissal, which in effect is a dismissal with prejudice, and reinstate Plaintiff's claim. It would be in the interests of justice to reinstate Plaintiff, JOSHUA RICH CRAIG's case into the MDL and grant Plaintiff's Motion for Reconsideration of the Order dismissing Plaintiff's case (filing and to Reinstate 10997) and Plaintiff respectfully requests reinstatement into the MDL.

Dated:  June 27, 2019

Respectfully submitted,

**MORRIS//ANDERSON d/b/a Bighorn Law**


By:____/s/ *Kimball Jones*_____
**NATHAN R. MORRIS, ESQ.** Nevada Bar # 11040
**KIMBALL JONES, ESQ.** Nevada Bar No.: 12982
Nathan@bighornlaw.com
Kimball@bignornlaw.com
716 S. Jones Blvd.
Las Vegas, Nevada 89107
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Further, parties may access this filing through the Court's electronic records system.

/s/ Evelyn Shaw
**An Employee** of Morris//Anderson d/b/a Bighorn Law, LLC