IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Plaintiff **JOHN F. IRVING**, Civil Case # 1:16-cv-03468
Plaintiff **JADA BAKER**, Civil Case # 1:17-cv-02435
Plaintiff **TERESA WALKER**, Civil Case # 1-18-cv-00516

## PLAINTIFFS' RESPONSE TO DEFENDANTS' OMNIBUS OPPOSITION TO MOTIONS TO RECONSIDER DISMISSALS OF THEIR CASES FILED BY TWENTY-SIX PLAINTIFFS AND REQUEST FOR ORAL ARGUMENT

Plaintiffs John Irving, Jada Baker, and Teresa Walker respectfully submit this RESPONSE to Defendants' Omnibus Motion To Reconsider Dismissals and Request For Oral Argument stating the following in support:

### INTRODUCTION

The three plaintiffs cases listed above were lumped into an "omnibus opposition" with twenty-three other plaintiffs despite counsel for both parties agreeing that these cases were unique from the other cases.

### FACTS

On May 28, 2016 Plaintiffs' counsel first became aware that all three of the cases had been dismissed as a result of a failure to file a second categorization form. On May 29, 2019 a Motion to Reconsideration and Motion To Reinstate was filed with this court along with the second categorization forms with the defense. The brief in support included among other things an affidavit from Ben Martin, Co lead counsel, stating that Plaintiffs's counsel would not have

1

received any communication from Plaintiffs Leadership regarding the categorization forms or possible dismissal.

Plaintiffs' counsel was contacted by Defense counsel, Andrea Pierson, on June 12, 2019 in which she attached an email string dated June 4, 2019 between herself and Joe Williams discussing the possibility of reinstatement of these three cases dependent upon a separate agreement between herself and plaintiff leadership regarding other ancillary matters. The June 12, 2019 email from Ms. Pierson raised the issue of a motion to extend the response due date to June 26, 2019 and the plaintiffs' reply to July 8, 2019.[1] It was agreed that two weeks would be extended for Defense to respond and that the Plaintiffs' would have until July 8, 2019 to file a reply.

That motion for extension was filed by the defendants on June 12, 2019 and in such motion the Defendants' stated "Since the filing of Plaintiffs' motion, the Cook Defendants have engaged in talks with Plaintiffs' counsel regarding a possible resolution to this issue. In particular, this motion presents **unique considerations not shared by the other motions to reconsider and/or vacate** filed by other plaintiffs, and the Cook Defendants have been in discussions with both the PSC and these Plaintiffs' individual counsel regarding these issues. However these discussions are ongoing and additional time is needed to determine if the parties will be able to resolve the issue or if the briefing will need to be completed and presented to the Court."[2]

Eight days later following the agreement by Plaintiff of the extension of time and with no further communication, the Defendants filed the "Omnibus Opposition" on June 20, 2019 and included Plaintiffs three cases with twenty three others despite the agreement.[3]

---

[1] See Exhibit 1
[2] See Document 11092 filed in 1:15-ml-2570-RLY-TAB
[3] See Document 11189

## LEGAL STANDARD

It is well settled that in determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Id.* Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include the danger of prejudice to the defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id.*

## ARGUMENT

Whether an omnibus motion is an appropriate way to respond to individual cases is not for this counsel to determine. However, one of the clear drawbacks is that each case or at least group of cases within the different law firms are unique. That uniqueness of these three cases is reflected in the fact that all go unmentioned in the Omnibus motion other than to put them in the style of the pleading. In Defendant Cooks responses to other Plaintiffs' Motions To Reconsider it is made clear that the Plaintiffs counsel were informed by Plaintiff leadership that there was a pending motion to dismiss. That is not the facts for these three cases. Further, although it is plaintiffs' belief that a motion to reinstate is not the proper forum to discuss statute of limitations issues, the Defendant does not make those arguments about these three plaintiffs in the omnibus motion.

Plaintiffs will not rehash the arguments made and the facts laid out in their initial Motion to Reconsider and Reinstate. However to argue plaintiffs' counsel was not "diligent" in monitoring these cases is simply inaccurate. Plaintiffs' counsel and staff operate under a best practices system in which they believed was appropriate based upon their experience in other MDLs. It is clear that in the Cook MDL this best practice, which included among other things having rules set up in

email to automatically save relevant filings to specific folders, electronic search by multiple people of the emails sent from the Court and manual review of the docket for specific references to the client's case number and names, was not enough. Those best practices have been changed for this MDL to include the opening of each and every email by multiple parties. But a mistake in best practices cannot be categorized as a failure to be diligent and to label this as a failure to "monitor" is simply untrue.

Therefore, in balancing the factors discussed above and the unique circumstances of this error, Plaintiffs respectfully request that the Court reconsider its decision and reinstate Plaintiffs' actions. *See Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.").

## REQUEST FOR ORAL ARGUMENT

Pursuant to local rule 7-5 plaintiffs would request an oral argument because the issues involving this matter are unique to each individual firm and drastic in their prejudicial nature if the motion to reconsider is not granted. It is not believed that oral argument by the undersigned on behalf of the three plaintiffs listed would take more than 15 to 20 minutes. A separate motion has also been filed.

## CONCLUSION

For these reasons, Plaintiffs respectfully move this honorable Court to vacate its order granting dismissal and reinstate these actions in MDL 2570.

Dated: June 28, 2019

4

        Respectfully submitted,

        John F. Irving, Plaintiff
        Jada Baker, Plaintiff
        Teresa Walker, Plaintiff

By:   /s/ Sean T. Keith
        Sean T. Keith, ABA 93158
        Keith, Miller, Butler,
        Schneider & Pawlik, PLLC
        224 S. 2nd St., Rogers, AR  72756
        Ph. (479) 621-0006/Fax (479) 631-6890
        skeith@arkattorneys.com

        *Attorney for Plaintiffs*

## VERIFICATION

I, Sean T. Keith, counsel for Plaintiff, attest under oath and penalty of perjury that the foregoing is true and correct.

_____
Sean T. Keith

**STATE OF ARKANSAS** )
                                    ) ss.
**COUNTY OF BENTON** )

Be it remembered that on this 28th day of June, 2019, before me, the undersigned Notary Public, duly commissioned and acting in and for the County and State aforesaid, personally appeared Sean T. Keith, who stated that he had executed this document for the consideration and purposes therein mentioned and set forth.

_____
Notary Public

My Commission Expires:

12/8/24

```
CATHERINE PATTERSON
BENTON COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires December 08, 2024
Commission No. 12402320
```

6

## CERTIFICATE OF SERVICE

I hereby certify that on 5/29/2019, I filed the foregoing via the Court's electronic filing system, which shall send notice of the filing and a copy thereof to all counsel of record.

/s/ Sean T. Keith
Sean T. Keith