# EXHIBIT 1

**Sean Keith**

| | |
|---|---|
| **From:** | Sean Keith |
| **Sent:** | Wednesday, June 12, 2019 12:55 PM |
| **To:** | Pierson, Andrea Roberts |
| **Cc:** | Hasic, Eldin; Jones, Bruce; Mason Boling |
| **Subject:** | RE: Baker, Irving, Walker |

July 8 is fine.  Thanks.

~Sean

**From:** Pierson, Andrea Roberts [mailto:Andrea.Pierson@FaegreBD.com]
**Sent:** Wednesday, June 12, 2019 12:54 PM
**To:** Sean Keith <SKeith@arkattorneys.com>
**Cc:** Hasic, Eldin <Eldin.Hasic@FaegreBD.com>; Jones, Bruce <Bruce.Jones@FaegreBD.com>; Mason Boling <MBoling@arkattorneys.com>
**Subject:** RE: Baker, Irving, Walker

The court has a rule that replies have to be filed 3 days in advance.  We can either make your reply deadline July 8, or we can shorten the response time to June 24 and reply to July 2.

**From:** Sean Keith <SKeith@arkattorneys.com>
**Sent:** Wednesday, June 12, 2019 1:33 PM
**To:** Pierson, Andrea Roberts <Andrea.Pierson@FaegreBD.com>
**Cc:** Hasic, Eldin <eldin.hasic@FaegreBD.com>; Jones, Bruce <Bruce.Jones@FaegreBD.com>; Mason Boling <MBoling@arkattorneys.com>
**Subject:** RE: Baker, Irving, Walker

We would like to have until July 9 to respond.  I can't say anything regarding communication from leadership because we were never on the list.  Thanks.

~Sean

**From:** Pierson, Andrea Roberts [mailto:Andrea.Pierson@FaegreBD.com]
**Sent:** Wednesday, June 12, 2019 12:30 PM
**To:** Sean Keith <SKeith@arkattorneys.com>
**Cc:** Hasic, Eldin <Eldin.Hasic@FaegreBD.com>; Jones, Bruce <Bruce.Jones@FaegreBD.com>; Mason Boling <MBoling@arkattorneys.com>
**Subject:** RE: Baker, Irving, Walker

NP on the reply.  I don't want anyone working on a holiday!  The next status conference is July 11, so we'd just need your response a few days before that.  We can include that in the MET so that you don't have to file a separate motion.  How about July 8?

Thanks for the info on the SOL.  I'm not up to speed on the facts of your cases, but will pass this along to folks who are and we will get back to you.  We've reached agreement with a couple of other lawyers in similar ethical positions to reinstate but then dismiss the case without prejudice, where they agree there is an SOL issue that would prevent them

from pursuing the case in good faith. Should we reach agreement on the SOL, just know that's an option to which we are open.

Let's get more time on the briefing and then turn back to this. I asked the PSC to tell us how many noticed they sent out to the plaintiffs group about cases being listed in categories slated to be dismissed (as you can see below) as a condition to reinstating Baker. Do you know? We'd like to know how many times notice was given and on which you were excluded.

Thanks.

Andrea

---

**From:** Sean Keith <SKeith@arkattorneys.com>
**Sent:** Wednesday, June 12, 2019 1:23 PM
**To:** Pierson, Andrea Roberts <Andrea.Pierson@FaegreBD.com>
**Cc:** Hasic, Eldin <eldin.hasic@FaegreBD.com>; Jones, Bruce <Bruce.Jones@FaegreBD.com>; Mason Boling <MBoling@arkattorneys.com>
**Subject:** RE: Baker, Irving, Walker

Thank you, Andrea. I am happy to agree to a two-week extension of time on the Response to allow you more time to determine whether you can agree to reinstatement of our cases. Having said that, an extension would mean our Reply is due in the middle of the Fourth of July holiday, so we would need your assurance that you likewise would not oppose a one-week extension on our reply time.

I believe our motion states a strong argument that I plan on making to the Court in person after the briefing is done. I cannot agree under these circumstances to dismiss the Irving and Walker cases on the basis of the statute of limitations.

Teresa Walker's case was filed in August 2016 in St. Louis County before being transferred to Indiana. Her first failed retrieval was in 2014. All of her treatment was in Arkansas, a state with a three-year statute of limitations plus the discovery rule.

Although Mr. Irving's failed retrieval was in 2011, Connecticut (the state of his residence and treatment) likewise has a three-year statute of limitations plus the discovery rule. Mr. Irving completed a Plaintiff Fact Sheet in this case, and in response to the question about the date he first attributed his injuries to the filter, he answered "Fall 2016." As far as I know, that is the only sworn testimony on the subject.

Regardless, it would almost certainly create an ethical issue for me to agree to reinstate only one (or two) cases when the basis for dismissal was the same for all three.

I would request that you at a minimum stipulate to reinstate Baker, and we can argue the two other cases to the Court if necessary (although it is unclear to me what Cook's argument would be with respect to Walker in particular).

Thank you for reaching out.

~Sean

---

**From:** Pierson, Andrea Roberts [mailto:Andrea.Pierson@FaegreBD.com]
**Sent:** Wednesday, June 12, 2019 9:48 AM
**To:** Sean Keith <SKeith@arkattorneys.com>
**Cc:** Hasic, Eldin <Eldin.Hasic@FaegreBD.com>; Jones, Bruce <Bruce.Jones@FaegreBD.com>
**Subject:** FW: Baker, Irving, Walker

Sean –

I know you previously spoke with my office about possible reinstatement of Baker, Irving and Walker. Joe Williams raised the issue with me last week, and I sent him the messages below. I've not received a substantive response to the condition below to reinstate Baker yet. (Joe is planning to discuss it with Ben, but Ben has been in trial, as I understand it.) I also asked Joe to ask you if you would take a look at the SOL on Irving and Walker – they seem to be time barred, and I'm wondering if we might come to some agreement on those.

In any event, given the response deadline to your motions in some of these cases is this week, I'm writing to request a two-week extension of time while we sort through the issues on whether we can agree to reinstatement of one or more of these cases. We plan to file the MET today. Would you let me know if you object please?

Thanks.

Andrea


**From:** Pierson, Andrea Roberts
**Sent:** Tuesday, June 04, 2019 5:35 PM
**To:** Joseph N. Williams (jwilliams@rwp-law.com) <jwilliams@rwp-law.com>
**Subject:** RE: Shaun Keith

One clarification. My email below relates to the Baker case. Shaun has two other cases – Irving and Walker – that appear to be facially time-barred. We can't stipulate to reinstate those and would request that he take a closer look at whether there is a good faith basis to pursue them given the SOL issues.

Thanks.

**From:** Pierson, Andrea Roberts
**Sent:** Tuesday, June 04, 2019 3:55 PM
**To:** Joseph N. Williams (jwilliams@rwp-law.com) <jwilliams@rwp-law.com>
**Subject:** Shaun Keith

Joe – I took a look at Shaun Keith's motion to reinstate and understand the issue with his omission from the PSC's notices to the larger group. Cook is willing to agree to reinstate his case only on two conditions (1) the PSC doesn't point to his reinstatement when we ask the court to draw a line in enforcing the Category 1 dismissals and dismissals for failure to comply with the Court's Categorization Order; and (2) you share with us the number of times and dates on which the PSC communicated to the larger group the cases that were on the Exhibit A, B or category 1 lists before the Court dismissed the cases. I'm not asking for the actual communication – just the number of times and dates on which the PSC made them aware that their cases were on a list that would be dismissed if they didn't comply.

Thx.

Andrea