**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No.: 1:14-ml-2570-RLY-TAB |
| THIS DOCUMENT RELATES TO:<br>David Parker | This document relates to:<br>1:17-cv-00692-JMS-DML |

## MOTION TO VACATE ORDER OF DISMISSAL AND REINSTATE CASE

Plaintiff, David Parker, through counsel, respectfully moves this court to vacate its order of dismissal dated May 8, 2019, and reinstate Plaintiff's case. In support of this motion, Plaintiff states:

1. Plaintiff did not receive Defendants' Motion to Dismiss his case for failure to comply with the order regarding categorization forms because Plaintiff's counsel for this suit, Nathan A. Duncan, was in the process of leaving this firm and moving out of state at the time the motion was filed and these forms were due. Mr. Duncan was the only attorney at his firm to receive the court's notices regarding Defendant's motion and the Court's subsequent orders. The failure on the part of counsel for Plaintiff to send Defendants the completed forms was not noticed until June 27, 2019 when Mr. Duncan was reviewing past case notices to provide information to substitute counsel. Plaintiff's failure to comply with the court's order was inadvertent and/or constitutes excusable neglect.

2. When balancing the harm to the parties, the dismissal of Plaintiff's claims far outweighs the prejudice to Defendant in not receiving Plaintiff's categorization form. Defendant

cannot show it has been unfairly prejudiced by failure to receive the form since the information contained within the form was previously provided to defendants in 2017 in Plaintiff's Fact Sheet, profile form and records.

3. Counsel has prepared the appropriate Categorization Form and is prepared to served it upon Defendant Cook at CookFilterMDL@GaegreBD.com and Plaintiff's Leadership at plaintiffscoleadcounselmdl@gmail.com should the Court sustain this motion. This Categorization Form, along with supporting medical records, is attached hereto as Exhibit A. Based on the supporting medical records, Plaintiff believes his injuries are categorized as Category 4 "embedded and high-risk cases" and Category 5 "Failed Retrieval and Complicated Retrieval cases" because his physician indicated that during the attempted retrieval, a broken strut remained embedded in the surrounding tissue and posterior IVC wall. The strut is not mobile. Imaging studies show the presence of osteophytosis of the right L3 vertebrae surrounding the broken strut (see Exhibit A).

4. Plaintiff respectfully asks this Court for its consideration and in so weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant, find that the dismissal has caused irreparable harm and is much more significant than the prejudice suffered by defendant when Plaintiff inadvertently failed to tender the categorization form and supporting documents.

## **Legal Standard**

Pursuant to Fed. R. Civ. P. 60(b)(1), the court may relieve a party or its legal representative from a final judgment or order for "mistake, inadvertence…or excusable neglect." This relief must be sought on motion and within one (1) year of entry of the order. Fed. R. Civ. P. 60(c). Furthermore, this rule, like all of the Federal Rules of Civil Procedure, "is to be liberally

construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983). In determining what is considered excusable neglect, Plaintiff's counsel requests this Court to apply the four-factor equitable test, which examines: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Pincay v. Andrews, 389 F.3d 853 (9th Cir.2004) (en banc); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions).

## ARGUMENTS & AUTHORITIES

The dismissal of Plaintiff's case has caused irreparable harm. When weighing the prejudice suffered by Defendant from this error to the harm to Plaintiff, the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and records. See, e.g., Barnhill v. United States, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.").

The dismissal of Plaintiff's claims because of inadvertent failure of Plaintiff's counsel to comply with the order is catastrophic to Plaintiff. See Central Ill. Carpenters Health & Welfare Trust Fund v. Rice Equip. Co., No. 14 CV 3390, 2015 WL 4378192, at *3, 2015 U.S. Dist. LEXIS 92214, at *8 (D.C. Ill. July 15, 2015) (finding that Counsel who failed to receive an email prior to entry of default because it was in spam showed "good cause" for the failure to receive the notice of default). In this matter, the departure of the lead counsel from Plaintiff's firm and

the prior/subsequent reassignment and shuffling of cases led to Plaintiff inadvertently missing the above-mentioned deadlines. Considering all factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

**WHEREFORE**, Plaintiff, David Parker, respectfully requests this Court GRANT his Motion to Vacate Order of Dismissal and Reinstate Case, vacating the judgment of dismissal and allowing his case to be reinstated and added to the active docket, and any other relief this Court deems just and reasonable.

Respectfully Submitted,

/s/ Nathan A. Duncan
Nathan A. Duncan
Missouri Bar No. 60186
399 N. Main
Logan, UT 84321
Phone: 435-787-9700
nduncan@peckhadfield.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Nathan A. Duncan
Nathan A. Duncan