UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Eric Slobodjian, 1:17-cv-00218
Ethel Odom, 1:17-cv-00388
James Million, 1:17-cv-00530
Ricky Phillips, 1:17-cv-01456
Betsy Davis, 1:18-cv-01879
Nicki O'Brien, 1:18-cv-02500
Benjamin Cropp Jr., 1:18-cv-03003

_____

**DEFENDANTS' OPPOSITION TO**
**MOTIONS TO RECONSIDER DISMISSAL FILED BY**
**PLAINTIFFS REPRESENTED BY THE KIRKENDALL LAW FIRM**

As the Court is aware, Cook has filed an omnibus response in opposition to the numerous

motions to reconsider and/or vacate dismissals for failure to categorize filed by plaintiffs in the

last month-and-a-half.  *See* Omnibus Opposition, Dkt. 11189.  On June 24, 2019, Plaintiffs

Slobodjian, Odom, Million, Phillips, Davis, O'Brien, and Cropp, Jr. (collectively, "Plaintiffs"), all

of whom are represented by the Kirkendall Dwyer firm, filed similar motions to reconsider

dismissal of their cases.  *See* Dkts. 11222-26; 11228-29.  Cook has determined it is necessary to

supplement its Omnibus Opposition to address Plaintiffs' motions for three reasons.  First,

Plaintiffs' motions are not timely under Rule 59(e), and Plaintiffs are not entitled to the

extraordinary relief provided by Rule 60(b).  Second, vacation of the dismissals would be futile

because Plaintiffs are still noncompliant with the Court's Categorization and Screening Order

because they have failed to provide a "specific medical record" in support of their belated

categorizations, instead each submitting a document dump of 60-plus pages, and over 500 pages in three of the seven cases.  Third, Plaintiff Davis's claims are wholly barred by the Tennessee statute of repose, and reinstatement is particularly unwarranted with respect to her case.

**I.      Plaintiffs' Motions are Untimely Under Rule 59(e)**

Plaintiffs style their motions as "motion[s] to reconsider," and seek relief pursuant to both Rule 59(e) and Rule 60(b).  However, motions to reconsider under Rule 59(e) "must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  "When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, [courts] treat it as a Rule 60(b) motion."  *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014).

Here, the Court dismissed Plaintiffs' cases on May 8, 2019.  *See* Order on the Cook Defendants' Second Amended Motion to Dismiss (the "Order"), Dkt. 10622.  Accordingly, the 28-day deadline for Plaintiffs to file motions for reconsideration under Rule 59(e) expired on June 5, 2019.  Plaintiffs' motions are therefore untimely as Rule 59(e) motions and must be treated as Rule 60(b) motions.[1]  As Cook has demonstrated in its previously-filed responses to plaintiffs' motions for reconsideration, Plaintiffs are not entitled to the extraordinary relief provided by Rule 60(b).  *See, e.g.*, Omnibus Opposition, Dkt. 11189 at 4-11.

---

[1]   In its Omnibus Opposition, Cook argued that based on the factual grounds for relief asserted, all the motions to reconsider before the Court should be treated as Rule 60(b) motions to vacate. *See* Dkt. 11189 at 6 n. 3.  For any motion to reconsider filed after June 4, 2019, including the seven motions filed by these Plaintiffs, Rule 60(b) is the only option because of timeliness reasons as well.

## II. Vacation of the Dismissals Would be Futile Because Plaintiffs Remain Noncompliant with the Categorization and Screening Order

In pertinent part, the Case Categorization Form provides that "each category selected <u>must</u> be supported by attaching <u>specific medical record(s)</u> confirming the injury/complication/category selected, with the relevant line or portion highlighted.  Submission of an entire medical file, or references to previously produced records are also not permitted and shall be treated as a non-compliance with the Court's Order."  Dkt. 9638-1, Case Categorization Form, Instruction No. 3 (emphasis in original).

Plaintiffs failed to follow this key instruction and therefore remain noncompliant. Specifically, Plaintiffs have impermissibly (1) provided "references to previously produced records," Dkts. 11222-26; 11228-29 at 4 (Plaintiffs stating in their motions that they are producing "medical records for a second time that were previously submitted with the Plaintiff Profile Form," and (2) submitted what appear to be the "entire medical file[s]" in their possession, instead of specific, highlighted records.  Specifically, Plaintiffs re-submitted the following voluminous records:

- Plaintiff Slobodjian:  73 pages of medical records;

- Plaintiff Odom:  1,360 pages of medical records;

- Plaintiff Million:  643 pages of medical records;

- Plaintiff Phillips:  567 pages of medical records;

- Plaintiff Davis:  268 pages of medical records;

- Plaintiff O'Brien:  264 pages of medical records; and

- Plaintiff Cropp, Jr.:  60 pages of medical records.

- 3 -

The Case Categorization Form that the Court approved requires counsel in each case to certify that the "specific medical record(s) attached, and submission of this form … that the outcome, complication, or injury represented in Section D is the proper categorization for [each] Plaintiff's case." Dkt. 9638-1, ¶ E. Thus, a central tenet of categorization was certification by Plaintiffs' counsel of claimed injuries and complications in a manner readily verifiable by Cook's counsel. The categorization process did not contemplate that Plaintiffs could satisfy its requirements through a general collection and production of medical records (which Plaintiffs are already separately obligated to provide through the PPS process under CMO-4, as amended). Document dumping is noncompliance because it frustrates the very purpose of the categorization process, and it impermissibly shifts from Plaintiffs to Cook the burden of identifying the claims Plaintiffs are asserting and the evidentiary support for those claims. Because Plaintiffs remain noncompliant with the Court's Categorization and Screening Order, reinstatement of their claims would be futile. *See* Dkt. 10622 (dismissing noncompliant "Exhibit B" cases due to failure to provide records in addition to the "Exhibit A" cases such as the Plaintiffs here that were dismissed for failing to categorize).

## III.   Plaintiff Davis's Claims Are Barred By The Tennessee Statute of Repose

While Plaintiffs' failure to submit specific records prevents determining whether the claims are timely-filed under the statute of limitations and have substantive merit, Cook has determined that the case of Plaintiff Davis is time-barred by the Tennessee statute of repose on the face of the complaint, and reinstatement of her case would therefore be particularly futile.

As this Court ruled when it ruled on this issue in 2017 (*see* Dkt. 4918), Tennessee has adopted a statute of repose that requires a product liability action "must be brought" within

- 4 -

10 years of the date the product was first purchased for use or consumption.  Specifically, the

Tennessee statute of repose provides in relevant part:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by [specific statutes]... **in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption,** or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter...

Tenn. Code Ann. § 29-28-103(a) (emphasis added).  The Tennessee Products Liability Act of 1978

comprehensively defines "product liability action" as:

> "Product liability action" for purposes of this chapter shall include all actions brought for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product.  It shall include, but not be limited to, all actions based upon the following theories:  strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any substantive legal theory in tort or contract whatsoever.

Tenn. Code Ann. § 29-28-102(6).  This Court has previously found the combination of these two

provisions extinguish all Tennessee product liability claims asserted outside the 10-year window.

*See* Entry on Motion for Judgment on the Pleadings Based on the Statute of Repose, Dkt. 4918

at 9.

Here, Plaintiff Davis currently resides in Tennessee and alleges that she suffered her

injuries in Tennessee.  *See Davis* Complaint, Case No. 1:17-cv-01879, Dkt. 1, ¶¶ 5–6.  Thus, her

claims would be governed by Tennessee law.  Per her Complaint, Plaintiff Davis received her filter

on October 1, 2007, but did not file her case until June 19, 2018.  *See id.*, ¶ 11.  Because the latest

possible purchase date for Plaintiff Davis's filter cannot be any later than when she received the

device in October 2017, all of her claims are barred by the Tennessee statute of repose because she

- 5 -

did not file her case until almost 11 years after the latest possible purchase date of her filter. Accordingly, reinstating Plaintiff Davis's case would be further futile because her complaint establishes that all her claims are time-barred as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motions to vacate the dismissal of their cases.

Respectfully submitted,


Dated: July 3, 2019

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  jessica.cox@faegrebd.com

Bruce Jones (MN # 179553)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-8719
Facsimile:  (612) 766-1600
Email:  bruce.jones@faegrebd.com
Email:  chuck.webber@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

- 6 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2019, a copy of the foregoing DEFENDANTS'
OPPOSITION TO MOTIONS TO RECONSIDER DISMISSAL FILED BY PLAINTIFFS
REPRESENTED BY THE KIRKENDALL LAW FIRM was filed electronically and notice of the
filing of this document will be sent to all parties by operation of the Court's electronic filing system
to CM/ECF participants registered to receive service in this matter.  Parties may access this filing
through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF
registered parties.

*/s/ Andrea Roberts Pierson*