UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Cases

**COOK DEFENDANTS' NOTICE OF COURT'S
ORDERS AFFECTING PLAINTIFFS' PENDING
<u>GLOBAL MOTION FOR REMAND AND TRANSFER</u>**

Pending before the Court is Plaintiffs' Motion to Remand and Transfer all cases to the federal districts where plaintiffs reside. *See* Dkts. 10438-39. Cook filed its brief in opposition on June 10, 2019. Dkt. 11029. Plaintiffs have not filed a reply and the time to do so has now passed. Plaintiffs' motion is therefore ripe for ruling. Three recent rulings by this Court confirm that motion should be denied. One ruling holds that plaintiffs who originally filed their cases in the Southern District do not have a "*Lexecon* right" to try their cases in another district. Two other rulings hold that a total of 15 cases are "not ready for transfer" to another district for trial. Because these three orders together resolve many of the factual and legal issues relevant to Plaintiffs' global motion to remand and transfer, the Cook Defendants submit this notice as a supplement to its briefing on that motion.

**I.   The Court's Order on *Lexecon* Confirms That Cases Originally Filed in This Court Cannot Be Remanded.**

The Court heard argument on the *Lexecon* issue at the general hearing on June 13, 2019. *See* **Exhibit 1**, Entry for June 13, 2019, Dkt. 11131. Following the hearing, the Court ruled that "[t]here is no direct-filing order entered in this case which contemplates that cases filed directly

shall be remanded to the individual plaintiff's home district for trial." *Id*. at p. 2. "Moreover," the Court noted, "the parties agree that the Southern District of Indiana is the proper venue under 28 U.S.C. § 1391." *Id.* Accordingly, the Court confirmed it has "complete authority over cases originally filed in this court, just as it would over any other case originally filed in this district." *Id.* This necessarily includes the authority to hold trials in such cases. The Court thus instructed the parties "to continue working up those cases [i.e., 23 of the 24 Bellwether Discovery Pool cases] under the terms of the current Bellwether Selection Plan Protocol (CMO-25)." *Id.*

In light of this ruling, the vast majority of cases that were originally filed in this Court are not eligible for automatic remand or transfer upon the conclusion of pretrial proceedings. The cases therefore must remain in this Court unless and until the Court elects to transfer them upon a proper motion and analysis of the relevant factors applicable to a general change-of-venue request under 28 U.S.C. § 1404(a).

**II.     The Court's Denials of Two Motions to Transfer Dictate That the Pending Global Motion to Transfer Should Likewise Be Denied as Premature.**

On June 17, 2019, the Court denied two motions to transfer filed by a total of 15 plaintiffs. *See* **Exhibits 2-3**, Orders on Plaintiffs' Motion to Transfer Venue, Dkts. 11138-39. The Court ruled that "these cases are not ready for transfer" for three reasons: (1) only two bellwether cases have been tried to date, and both of those involved the Celect filter, not the Tulip; (2) the Court entered a screening order and bellwether selection plan order only last October; and (3) pursuant to that plan, three new bellwethers cases are to be tried, but the Court has not yet selected which cases those will be. *Id.* at 1-2. The Court therefore ruled that based "[o]n this record, Plaintiffs' Motion[s to Transfer] must be DENIED." *Id.* at 2.

Plaintiffs' global motion to remand and transfer should be denied for the same reasons. If 15 cases are not ripe for remand or transfer, then surely *thousands* of cases are not ripe for re-

mand or transfer.  Simply put, Plaintiffs' global motion to remand and transfer is premature, and it should be denied as such.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in its brief in opposition, Cook respectfully requests the Court to deny Plaintiffs' Motion for Remand and Transfer and to direct the parties to continue working up new bellwether cases as contemplated by CMO-25 and proceed with other common work remaining in this MDL.

Respectfully submitted,

Dated:  July 3, 2019

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson (# 18435-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204-1750
Telephone:     (317) 237-0300
Facsimile:      (317) 237-1000
Andrea.Pierson@FaegreBD.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone:     (260) 424-8000
Facsimile:      (260) 460-1700
Stephen.Bennett@FaegreBD.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.123711836

- 4 -

## CERTIFICATE OF SERVICE

    I hereby certify that on July 3, 2019, a copy of the foregoing COOK DEFENDANTS' NOTICE OF COURT'S ORDERS AFFECTING PLAINTIFFS' PENDING GLOBAL MOTION FOR REMAND AND TRANSFER was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

                                                    /s/ Andrea Roberts Pierson