IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to All Actions

**ORDER ON COMMON BENEFIT ASSESSMENT
FOR NON-PARTICIPATING COUNSEL**

Counsel for the parties appeared July 3, 2019, for a telephonic status conference to address an issue involving common benefit assessment for non-participating counsel. This issue arose because of a settlement in an Ohio state court matter (the "*Pennington*" case) that is not in this MDL. The *Pennington* case involves claims against Cook as well as separate medical malpractice claims. The *Pennington* settlement requires Cook to pay a portion of the settlement proceeds. Cook is prepared to make this payment, but sought guidance from this Court regarding whether a common benefit assessment must be withheld from these proceeds in light of this Court's March 16, 2016, order. [Filing No. 1246.]

The March 16 order provides in relevant part, "All plaintiffs' attorneys who currently have cases pending in this Court or in any state court shall, within 30 days of this order, designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of each Agreement." [Filing No. 1246, at ECF p.3.] Pennington's counsel did not do this. The March 16 order further provides that settlement proceeds are subject to an 8% assessment, which consists of 6% for attorneys' fees and 2% for expenses. [Id. at 14.] The

order further provides, "Moreover, if a Non-Participating Counsel receives common benefit work or otherwise benefits from the common benefit work product, such counsel and the cases in which she/he has a fee interest may be subject to an increased assessment." [*Id*.]  Thus, this Court's March 16 order expressly contemplates that even counsel representing plaintiffs in cases that are not involved in the MDL may be required to pay 8% or more of any settlement proceeds if such counsel benefitted from the work done in the MDL.

During the July 3 status conference, Plaintiffs' counsel represented that Pennington benefitted from the work done in the MDL.  Counsel gave two specific examples supported by emails exchanged between Plaintiffs' counsel and Pennington's counsel.  First, Plaintiffs' counsel discussed sending Pennington's counsel an expert witness deposition taken in the MDL to be used by Pennington in connection with a motion to compel.  Whether Plaintiffs provided this deposition is not entirely clear.  Second, Plaintiffs' counsel and Pennington's counsel discussed, and apparently reached an agreement, to allow Pennington to use two depositions of Cook employees taken in the MDL in lieu of having to arrange for the employees' live testimony.  These specific instances demonstrate a good faith basis to find that Pennington benefitted from the work done in the MDL.  As a result, payments made by Cook to Pennington, as Non-Participating Counsel, are subject to the requirements of this Court's March 16 order.

Accordingly, the Court orders that Cook shall withhold 8% of the settlement funds paid by Cook to Pennington.  At the time the settlement proceeds are paid to Pennington, Cook shall pay these funds to the Plaintiffs' Steering Committee.  The PSC shall hold these funds in trust until a court of competent jurisdiction determines how much, if any, of these funds may be retained by the PSC.

Date: 7/3/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel of record via the Court's ECF system.
Distribution to all non-registered counsel of record shall be made by Plaintiffs' Lead Counsel.