IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Plaintiff **JOHN F. IRVING** and **PAMELA IRVING**, Civil Case # 1:16-cv-03468

### PLAINTIFFS' SUPPLEMENTAL REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFFS' CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM AND MOTION TO REINSTATE

Plaintiffs John and Pamela Irving offer the following Supplemental Reply in Support of their Motion for Reconsideration and Motion to Reinstate:

### INTRODUCTION

Cook filed an Omnibus Response relating to Plaintiffs' Motion on June 20, 2019. *See* Doc. 11189. Plaintiffs John Irving & Pamela Irving filed a Reply to Cook's Omnibus Response and filed a Request for Oral Argument on June 28, 2019. *See* Doc. 11265 (Reply); Doc. 11266 (Motion for Argument).[1] Cook filed a second Response—without leave of the Court or agreement of the parties—on June 26, 2019, specific to the Irving case. *See* Doc. 11244 (Case-Specific Response).

Cook begins its second Response by noting again that "Plaintiffs Baker, Irving, and Walker have presented an affidavit indicating that they were inadvertently excluded from PSC's email list, [but] that fails to excuse why they did not timely categorize their cases in the months of time provided to do so and notified on the master docket nine separate times, as explained in Cook's

---

[1] Those filings also relate to Plaintiff Jada Baker, Civil Case # 1:17-cv-02435; and Plaintiff Teresa Walker, Civil Case # 1-18-cv-00516.

1

Omnibus Opposition." *See* Response, at 1. This position not only exaggerates the "notification," it conflicts with Cook's previous representations about the significance of the leadership email omission.

In its Motion for Extension of Time, Cook stated: "In particular, this [Plaintiffs'] motion presents ***unique considerations not shared by the other motions to reconsider and/or vacate*** filed by other plaintiffs, and the Cook Defendants have been in discussions with both the PSC and these Plaintiffs' individual counsel regarding these issues. However, these discussions are ongoing and additional time is needed to determine if the parties will be able to resolve the issue or if the briefing will need to be completed and presented to the Court." *See* Doc. 11092, ¶ 4 (emphasis added).

Cook did *not* continue those discussions with the undersigned. Instead, Cook filed an Omnibus Response and followed that with a supplementary second Response. Plaintiffs incorporate the arguments made in the prior Reply to the Omnibus Response. Further, with respect to the Irving case, Plaintiffs state as follows:

## **LEGAL STANDARD**

Under Connecticut law, claims for product liability must be brought within three years from the date the injury, death, or property damages is first sustained or discovered, or in the exercise of reasonable care should have been discovered. Conn. Gen. Stat. Ann. § 52-577a.

Connecticut's general negligence statute of limitations, section 52-584, uses virtually the same "discovery of injury" language as the product liability statute of limitations. *See Ives v. NMTC, Inc.*, 746 A.2d 236, 240, n.1 (Conn. 1999) (noting that the court will refer interchangeably to the two statutes of limitations), *overruled in part by Tarnowsky v. Socci*, 816 A.2d 728 (Conn. App. 2003), *aff'd by Tarnowsky v. Socci*, 856 A.2d 408 (Conn. 2004); *see Tarnowsky*, 816 A.2d at

733 ("[t]here is no relevant distinction, except for a difference in the stated limitation periods, between the discovery language contained in §§ 52-577a and 52-584"). Thus, the same rules of accrual apply.

"A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence …. They are therefore necessary ingredients for actionable harm." *Catz v. Rubenstein*, 513 A.2d 98 (Conn. 1986). Moreover, under § 52-577a, "a claimant is not time barred until he knows, or should have known, the identity of the negligent person who caused his injury to occur." *Tarnowsky*, 816 A.2d at 733.

Thus, a products liability cause of action accrues when the plaintiff discovers or should have discovered (1) they have been injured, (2) the causal connection of defendant's conduct, and (3) the identity of the defendant. *See id.*

## ARGUMENT

First, Cook should not get another bite at the apple by filing a second response without leave of the Court or agreement of the parties. The parties did agree to extend the response time on June 12, 2019, as reflected by Cook's Motion for Extension of Time, due to Cook's representation that the cases presented "unique considerations."

However, Cook apparently changed its mind and decided instead to include Plaintiffs' cases in its Omnibus Response. Although Cook raised statute of limitations issues in that Omnibus Response with respect to some cases, it did not do so for the Irvings' case. Cook therefore waived that argument and should not be permitted to raise it separately in a second Response, filed nearly a week later than the first Response without leave of Court. Plaintiffs' counsel certainly did not

agree that an extension of time would permit Cook to file multiple responses relating to the same individual case(s).

Regardless, this is not the proper procedural posture for determining fact-intensive statute of limitations questions. The sole issue raised by Plaintiffs' Motion is whether Plaintiffs' cases should be reinstated in light of the categorization confusion. If Cook wishes to attack the statute of limitations, the Irvings' case should be reinstated and put on a discovery track. Cook may then file a motion for summary judgment if the facts support it. *See Tarnowsky*, 816 A.2d 728 (explaining that summary judgment is the usual vehicle for resolving statute of limitations disputes).

As it stands now, the only admissible testimony regarding the statute of limitations and the discovery rule is Mr. Irving's statement in his Plaintiff Fact Sheet. *See* Ex. A, at 8 (Q: "When Did you first attribute these bodily injuries to the Cook Inferior Vena Cava Filter(s)?" A: "Fall 2016"). Cook asserts that "the statute of limitations logically could not have accrued any later than the date of the failed retrieval procedure because Plaintiff Irving knew he underwent this procedure and that the retrieval attempt was unsuccessful." *See* Second Response, at 2.

But that is not the standard. Nothing in Cook's second response shows that Mr. Irving knew the causal connection of defendant's conduct or the identity of the defendant at the time of the failed retrieval, which are prerequisites under Connecticut law. *Tarnowsky*, *supra*. It is possible, for example, that Mr. Irving attributed the retrieval problems to his own body, to his surgeon's performance, or to something else entirely. *See, e.g., Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304 (11th Cir. 2017) (upholding a denial of summary judgment as to the statute of limitations because it was possible plaintiff's injuries were related "to the implantation surgery, along with any complications, as opposed to the Pinnacle device itself"); *see also Perryman v. Mentor*

*Worldwide, LLC*, No. 16-16645 (11th Cir., Aug., 28, 2018) (unpublished) (reversing a grant of summary judgment where plaintiff "'thought the problems were related to [her] personally or perhaps caused by some other factor besides the [product],'" and plaintiff "never suspected that ObTape was defective or that a specific defect in her ObTape implant had caused her injuries until she saw a commercial in 2013 that reported the existence of vaginal sling defects"). Likewise, it is possible that Mr. Irving did not recognize the defendant's causal conduct or even Cook's identity until seeing news articles or attorney advertisements in the Fall of 2016—the date he offered under oath in response to the PFS question.

For these reasons, the statute of limitations issue is too fact-intensive to resolve at this stage. As the Court wrote in *Tarnowsky*:

> The result that we reach in this case is entirely consistent with the policy of allowing just claims to be vindicated in the courts of this state. It is not just to require a claimant to forfeit a cause of action because of his failure to bring a timely lawsuit against an as yet undetermined tortfeasor. Real life injury claims should not be governed by fictitious legal constructs. We are not prepared to require an injured claimant to abide by a timetable that imputes to him the knowledge of a relationship of which he did not know and had no reason to know. The plaintiff is entitled to his day in court for a factual determination of what he should have known and when he should have known it.

816 A.2d 728 (2003).

Additionally, Cook's second Response fails to discuss causes of action other than strict liability, although Plaintiffs pleaded actions including negligence, warranty breaches, and consumer protection law violations. *See* 1:16-cv-03468-TWP-MJD, Doc. 1.0 (Short Form Complaint), ¶ 14. Again, then, Cook has not produced sufficient proof for judgment as a matter of law on the issue of the statute of limitations.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully move this honorable Court to vacate its order granting dismissal and reinstate Plaintiffs' actions in MDL 2570.

Dated:  July 8, 2019

Respectfully submitted,

John F. Irving & Pamela Irving, Plaintiffs

By: /s/ Sean T. Keith
Sean T. Keith, ABA 93158
Keith, Miller, Butler,
Schneider & Pawlik, PLLC
224 S. 2nd St., Rogers, AR  72756
Ph. (479) 621-0006/Fax (479) 631-6890
skeith@arkattorneys.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on 7/8/2019, I filed the foregoing via the Court's electronic filing system, which shall send notice of the filing and a copy thereof to all counsel of record.

      /s/ Sean T. Keith
      Sean T. Keith