UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This Document Relates To:<br>Jerome Milner And Mia Clinton, As Beneficiaries Of Vera Holder | Civil Case # 1:19-CV-00294 |

### RESPONSE OF PLAINTIFFS JEROME MILNER AND MIA CLINTON, AS BENEFICIARIES OF VERA HOLDER, TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO SERVE CASE CATEGORIZATION FORM

Plaintiffs Jerome Milner and Mia Clinton, as beneficiaries of Vera Holder, respond to Defendants' Motion to Dismiss for Failure to Serve Case Categorization Form (Doc. 11230). This Court should deny the motion as to Plaintiffs' complaint. First, due to the timing of the filing of Plaintiffs' case (on January 25, 2019), none of the Court's orders requiring the service of Case Categorization Forms applies to Plaintiffs' case. Second, Plaintiffs served a Case Categorization Form on Defendants on June 28, 2019. And, dismissal could work a harsh injustice by giving Defendants a statute-of-limitations argument based on a new filing date that would be more than three years after Vera Holder's death – even though dismissal of the present case would be without prejudice and based on timing of service of discovery, not an actual failure to serve it. Finally, because

1

Plaintiffs have served their form, Defendants have suffered no prejudice from the short delay in Plaintiffs' service.

Accordingly, this Court should deny Defendants' Motion as directed to Plaintiffs.

## I.     Relevant Facts and Procedural Background

Vera Holder died on January 28, 2016, from her Cook IVC filter causing her common iliac vein to rupture, resulting in her bleeding to death. After Ms. Holder's death, Plaintiffs Jerome Milner and Mia Clinton, as the surviving beneficiaries and personal representatives of the estate of Vera Holder, investigated her death and hired counsel to investigate her death and to pursue any causes of action against the manufacturer of her IVC filter for her wrongful death. Plaintiffs and their counsel subsequently discovered that Ms. Holder's IVC filter was a Cook Celect and filed an action for wrongful death against Cook in this MDL on January 25, 2019. [Civil Case No. 1:19-CV-002924.]

Prior to the filing of Plaintiffs' wrongful death suit, on October 4, 2019, this Court entered its Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan. [Doc. 9322.] Therein, the Court ordered that the cases in the MDL be categorized by the MDL plaintiffs into one of seven categories for the preparation of a census of the filed cases and the selection of additional bellwether cases. On November 21, 2018, this Court entered its Order Regarding Case Categorization and Census (the "First Categorization Order") [Doc. 9638], requiring plaintiffs with cases filed in this MDL to serve Case Categorization Forms on Defendants by December 22, 2018. On January 17, 2019 – one week before Plaintiffs filed their action – this Court entered its Amended Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (the "First Amended

2

Categorization Order") [Doc. 9956], extending the deadline to January 31, 2019, for plaintiffs who had failed to serve a Case Categorization Form.

Again, Plaintiffs filed their suit against Defendants on January 25, 2019. At the time, none of the Court's prior orders regarding case categorization applied to cases that had not previously been filed; and, thus, the orders did not apply to Plaintiffs' suit.

On May 7, 2019, this Court entered its Revised Second Amended Order Regarding Case Categorization Forms ("Second Amended Categorization Order") [Doc. 10617]. Therein, the Court ordered that cases that had not complied with the January 31 deadline (which did not apply to Plaintiffs' case) were to serve their Case Categorization Forms "within 15 days of the date of this Order." It further ordered for the first time that "newly-filed" actions must serve a Case Categorization Form, requiring forms "within 30 days of the filing of the Complaint or of the transfer date to this MDL, whichever is applicable." The order, however, defined "newly-filed" cases as those "filed as of May 3, 2019, or later." As Plaintiffs' lawsuit was filed on January 25, 2019, this provision did not apply to them either.

Without providing Plaintiffs a notice that Defendants contended that Plaintiffs owed Defendants a Case Categorization Form, Defendants filed a motion to dismiss Plaintiffs' case for failure to serve a Case Categorization Form.

On June 28, 2019, Plaintiffs served on Defendants the Case Categorization Form and supporting documentation for the complaint on behalf of Vera Holder.

/ / /

/ / /

**II.      This Court Should Not Dismiss the *Milner/Clinton (fbo Holder)* Complaint.**

   A.   <u>The Court's Orders on Case Categorization Forms Did Not Apply to Plaintiffs' Suit.</u>

As set forth above, in light of the timing of the Court's orders and the filing of Plaintiffs' complaint, the Court's orders regarding case-categorization do not apply to Plaintiffs' lawsuit.  None of the Court's orders prior to Plaintiffs' filing date applied to cases filed after those orders.  The language of the Court's first three orders on Case Categorization Forms did not address future filings and only ordered service of Case Categorization Forms in those cases filed prior to the orders.  The last of the orders entered prior to Plaintiffs' filing date, "Amended Order Regarding Plaintiffs' *Failure to Produce* Case Categorization Forms" (filed Jan. 17, 2019) (emphasis added), applied on its face to cases for which MDL plaintiffs had already failed to serve required forms.  Plaintiffs had certainly not failed to produce a case categorization order, as their *case was not filed until eight days later*.  Moreover, the order required Case Categorization Forms on January 31, 2019 – six days after Plaintiffs' lawsuit was filed.

The only order after Plaintiffs filed their suit – the Court's Second Amended Categorization Order – set two different deadlines for two different categories of cases, but Plaintiffs' case did not fall within either category.  First, the Court ordered that "Plaintiffs who have not complied with the January 31 deadline" were to serve their Case Categorization Forms "within 15 days of the date of this Order."  Again, Plaintiffs were not subject to the January 31 deadline and, thus, were not subject to this provision of the order.  Second, the Court ordered that "newly-filed" actions must serve a Case

Categorization Form "within 30 days of the filing of the Complaint or of the transfer date to this MDL, whichever is applicable." But, the order defined "newly-filed" cases as those "filed as of May 3, 2019, or later." As a case filed on January 25, 2019, this provision also does not apply to Plaintiffs' case.

Thus, Plaintiffs' case fell in an area of filed cases that are simply not addresses by the Court's orders for Case Categorization Forms.

Because Plaintiffs have not violated any of this Court's orders, there is no grounds for dismissal.

B.  Dismissal of Plaintiffs' Case Could Work a Harsh Injustice.

In addition to the fact that Plaintiffs have not violated an order applicable to them, this Court should not dismiss Plaintiffs' case because dismissal, even without prejudice, could work a harsh injustice on Plaintiffs.

Plaintiffs filed their lawsuit just shy of the three-year anniversary of the death of Vera Holder. Though Plaintiffs do not believe that date is the accrual date for their wrongful-death claim, Defendants are almost certain to argue that the date of Ms. Holder's death is the accrual date for Plaintiffs' claims; and, if Plaintiff have to refile after a dismissal without prejudice, Defendants will assert a statute-of-limitations argument based on a new filing date that will be more than three years post Ms. Holder's death. While Plaintiffs do not believe that such an argument has merit (and that the discovery rule would compel a different accrual date), Plaintiffs should not have to face that argument and the potential loss of their claim – particularly under these circumstances where they have

provided the Case Categorization Form and the orders in question do not apply to their case.

    C.    <u>As the Result of Plaintiffs' Service of a Completed Case Categorization Form, Defendants Have Received All Information to Which They Are Entitled and Have Suffered No Prejudice from Any Delay.</u>

Finally, as a result of Plaintiffs' service of their Case Categorization Form and supporting documents, Defendants have suffered no prejudice by the timing of Plaintiffs' service of their materials even if the Second Amended Categorization Order applied to their case and service was late under that Order. This is particularly true given that Plaintiffs' lawsuit, like the vast majority of cases in this MDL, is effectively stayed while common discovery and bellwether trials are ongoing. Defendants have received from Plaintiffs all information required from them at this stage in the litigation. Further, due to the date of filing, Plaintiffs' case was not eligible for selection as a bellwether case. Thus, there is no argument that the lack of a Categorization Form removed the case from consideration as a bellwether trial in the Court's last selection.

Thus, Defendants have suffered no harm as a result of the timing of Plaintiffs' service of their Case Categorization Form.

**III.    Conclusion**

For the foregoing reasons, this Court should deny Defendants' motion to dismiss as to Plaintiffs Jerome Milner and Mia Clinton, as beneficiaries of Vera Holder.

Respectfully Submitted:  July 8, 2019

                DALIMONTE RUEB STOLLER, LLP.

*/s/ Paul L. Stoller*
Paul L. Stoller (AZ Bar No. 016773)
*Admitted Pro Hac Vice*
2425 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
Ph: (602) 888-2807
paul@drlawllp.com

*Counsel for Plaintiffs Jerome Milner and Mia Clinton, as beneficiaries of Vera Holder*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Donna M. Berrios*