**EXHIBIT 1**

 Gmail

**Baird Brown <bairdbrownlaw@gmail.com>**

---

## Jeanette Pelt Fact Sheet 1:19-cv-00860
1 message

**Baird Brown** <bairdbrownlaw@gmail.com>                                    Wed, Jul 10, 2019 at 10:14 AM
To: CookFilterMDL@faegrebd.com

Dear Counsel,

We have attached a PPF for Jeanette Pelt, 1:19-cv-00860

Kindest regards,

Taurin Robinson

Law Offices of Baird Brown, PC
3055 Wilshire Boulevard, Suite 980
Los Angeles, CA 90010
(213) 487-8880 telephone
(213) 487-8884 fax

---

 **PFSPelt2(closed)2.pdf**
1909K

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

*MDL No. 2570*

IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION

In completing this **Plaintiff Profile Sheet**, you are under oath and must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.

## I. CASE INFORMATION

**Caption:** Pelt v. Cook Medical, LLC, et al.           **Date:** 2/27/2019

**Docket No.:** 1:19-cv-00860-RLY-TAB

**Plaintiff(s) attorney and Contact information:**

 Baird A. Brown, Esq.

 Law Offices of Baird A. Brown, PC

 3055 Wilshire Blvd., 12th Floor

 Los Angeles, CA 90010

## II. PLAINTIFF INFORMATION

1. Please State:
   a. Full name of the person who received the Cook Inferior Vena Cava Filter(s), including maiden name (if applicable): Jeanette Pelt
   b. If you are completing this form in a representative capacity (e.g., on behalf of the estate of a deceased person), please list your full name and your relationship to the person listed in 1(a) above: _____
   [If you are completing this form in a representative capacity, please respond to the remaining questions with respect to the person who received the Cook IVC Filter.]
2. Spouse: _____   Loss of Consortium?  ☐Yes ☐No
3. Date of birth: 6/27/1954
4. Date of death (if applicable): _____
5. Social Security No.: 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
6. Current Address: 2721 White Oak Drive, Apt. E23, Decatur, GA 30032
   a. If you have lived at this address for less than ten (10) years, provide each of your prior residential addresses from 2006 to the present:

| Prior Address | Dates You Lived at this Address |
| --- | --- |
| 3893 Kensington Rd., Decatur, GA 30032 | 1/2016 - 4/2016 |
| 244 Buchanan Terrace, Decatur, GA 30030 | 09/2007 - 10/2015 |
|  |  |

7. If you have ever been married, provide (a) the name of your current spouse and the date you were married and (b) the name of your ex-spouse(s) and the date of each marriage.

Albert Richard - 1988 - 1998 - Divorced

Charles Stubbs - 02/1983 - 07/1986 - Divorced

Ernest Gregory Pate - 03/1976 - 06/1979 - Divorced

8. Do you have children? ☑Yes ☐No

If yes, please provide the following information with respect to each child:

| Name and Address of Child | DOB | Is the Child Dependent on You? |
|---|---|---|
| Alex H. Pelt, Sr., Atlanta, GA | 9/15/73 | No |
| Alison L. Pate, Atlanta, GA | 9/10/76 | No |
| Armorya L. Pate, Atlanta, GA | 4/19/79 | No |
| | | |

9. Other than children identified above, identify the name and age of any person who currently resides with you and their relationship to you:

LaNell Hughes - Granddaughter - 20 yrs old

10. Please state your highest level of education: some high school, high school graduate, some college, college graduate, or post-graduate degree and identify the institution at which you attained your highest level of education.

11. Are you claiming damages for lost wages: ☐Yes ☑No

12. If so, for what time period: _____

13. Please provide the following employment information for the period beginning two years before your IVC filter implant or the past 10 years, whichever is shorter:

| Employer | Job Title/Duties | Dates of Employment | Salary/Pay Rate |
|---|---|---|---|
| Disabled since 1995 | | | |
| | | | |
| | | | |
| | | | |

a.   Have you filed for bankruptcy from 2 years prior to the date of first placement of the Inferior Vena Cava Filter to the present?: ☐Yes ☑No

b.   If so, state the year you filed and whether the bankruptcy trustee been notified of your pending claim.

_____

14. Have you ever served in any branch of the military? ☐Yes ☑No

a.   If yes, please provide the branch and dates of service, rank upon discharge and the type of discharge you received:

_____

15. Within the last ten (10) years, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty? ☐Yes ☑No

If yes, please set forth where, when and the felony and/or crime of fraud and/or dishonesty:

_____

_____

16. Do you have a computer?  ☑Yes ☐No

17. If so, do you now or have you in the past had an account with Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn or other social media websites? ☑Yes ☐No ☐Not Applicable

## III. DEVICE INFORMATION

1. Date of Implant: 2/10/2009
2. Reason for Implant: Blood clot
3. Brand Name: Gunther Tulip
4. Mfr. Cook Medical
5. Lot Number: 2165912
6. Placement Physician (Name/Address): Melissa Seely-Morgan, MD
7. Medical Facility (Name/Address): DeKalb Medical Center
                                                    495 Winn Way, Decatur, GA 30030

(This section to be used if more than one filter is at issue)

1. Date of Implant: _____
2. Reason for Implant: _____
3. Brand Name: _____
4. Mfr. _____
5. Lot Number: _____
6. Placement Physician (Name/Address): _____
7. Medical Facility (Name/Address): _____

Have you ever been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for the treatment of the same condition(s) identified in your answer above?  No

    a. If yes, please identify any such device(s) or product(s). _____

    b. When was this device or product implanted in you? _____

    c. Provide the name, address and phone number of the physician(s) who implanted this other device or product? _____

    d. Provide the name and address of facilities where the other device or product implanted in you? _____

    e. State your understanding of why was the other device or product implanted in you? _____

*• Attach medical evidence of product identification*

## IV. RETRIEVAL/REMOVAL/EXPLANT PROCEDURE INFORMATION

1. Date of retrieval (including any attempts):_____
2. Type of retrieval: _____
3. Retrieval physician (Name/Address): _____
4. Medical Facility (Name/Address): _____
5. Reason for Retrieval: _____

(This section to be used if more than one retrieval attempted)

1. Date of retrieval (including any attempts):_____
2. Type of retrieval: _____
3. Retrieval physician (Name/Address): _____
4. Medical Facility (Name/Address): _____
5. Reason for Retrieval: _____

1. Date of retrieval (including any attempts):_____
2. Type of retrieval: _____
3. Retrieval physician (Name/Address): _____
4. Medical Facility (Name/Address): _____
5. Reason for Retrieval: _____

1. Date of retrieval (including any attempts):_____
2. Type of retrieval: _____
3. Retrieval physician (Name/Address): _____
4. Medical Facility (Name/Address): _____
5. Reason for Retrieval: _____

## V.  OUTCOME ATTRIBUTED TO DEVICE

| | |
|---|---|
| ☐ **Migration** | ☐ **Other** _____ |
| ☑ **Tilt** | ☐ **Other** _____ |
| ☑ **Vena Cava Perforation** | ☐ **Other** _____ |
| ☐ **Fracture** | ☐ **Other** _____ |
| ☑ **Device is unable to be retrieved** | ☐ **Other** _____ |
| ☐ **Bleeding** | ☐ **Other** _____ |
| ☐ **Organ Perforation** | ☐ **Other** _____ |

## VI. HOW OUTCOME(S) ATTRIBUTED TO DEVICE DETERMINED

 CT Scan _____ by Ramin Ahmadi, MD _____
(e.g. imaging studies, surgery, doctor visits)
_____ by _____

_____ by _____

_____ by _____

## VII. CURRENT COMPLAINTS

Describe all injuries and physical complaints you attribute to the device:

 Swelling in the legs after filter implant, significant weight loss approximately (over 200

 pounds), shortness of breath, pain at filter site.

## VIII. MEDICAL BACKGROUND

1. Provide your <u>current</u>: Age  64     Height 5'6"       Weight  180
2. Provide your:   Age  55     Weight 400+      (approximate, if unknown) <u>at the</u>
   <u>time</u> the Cook Inferior Vena Cava Filter was implanted in you.

5

3. In chronological order, list any and all hospitalizations and outpatient procedures you had in the five (5) year period BEFORE implantation of the Cook Inferior Vena Cava Filter(s).  Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each hospitalization or outpatient procedure; and provide the approximate date(s) for each:

| Approximate Date | Doctor or Healthcare Provider Involved (including address) |
|---|---|
|  |  |
|  |  |
|  |  |

*[Attach additional sheets as necessary to provide the same information for any and all surgeries leading up to implantation of the Cook Inferior Vena Cava Filter(s)]*

4. <u>Before the implantation</u> of the Cook Inferior Vena Cava Filter(s), did you regularly exercise or participate in activities that required lifting or strenuous physical activity?

   ☐Yes ☐No

5. In chronological order, list any and all hospitalizations and outpatient procedures you had AFTER implantation of the Cook Inferior Vena Cava Filter(s).  Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each hospitalization or outpatient procedure, and provide the approximate date(s) for each:

| Approximate Date | Doctor or Healthcare Provider Involved (including address) |
|---|---|
|  |  |
|  |  |
|  |  |

6. To the extent not already provided in the charts above, provide the name, address, and telephone number of every doctor, hospital or other health care provider from which you have received medical advice and/or treatment in the past seven (7) years:

| Name and Specialty | Address | Approximate Dates/Years of Visits |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

7. <u>Since the date</u> that the Cook Inferior Vena Cava Filter(s) was implanted, have you regularly exercised, or regularly participated in activities that required lifting, or regularly engaged in strenuous physical activity?

☐Yes ☑No

Describe each activity which you contend has been limited or which you contend that you can no longer engage in because of receiving of your Cook Inferior Vena Cava Filter(s).

_____

_____

8. Number of Deep Vein Thromboses before and after implant of your Cook IVC Filter:
   3 _____

9. Number of Pulmonary Emboli before and after the implant of your Cook IVC filter:
   0 _____

10. If you had any of the following conditions beginning five years before your IVC filter implant or after it was implanted, please provide the requested information.

| Condition | Date Range | Treating Doctor and/or Facility |
|---|---|---|
| Lupus<br>☐Yes ☑No |  |  |
| Crohn's Disease<br>☐Yes ☑No |  |  |
| Factor V Leiden<br>☐Yes ☑No |  |  |
| Protein Deficiency<br>☐Yes ☑No |  |  |
| Spinal fusion/back sx<br>☐Yes ☑No |  |  |

| Anti-thrombin deficiency ☐Yes ☑No | | |
|---|---|---|
| Prothrombin mutation ☐Yes ☑No | | |

11. For the period beginning five (5) years before your IVC implant to the present date, describe all major health problems and surgeries you recall, other than those listed above.

| Approx. Date Range | Health Problem or Surgery |
|---|---|
| 1993 to date | Diabetes |
| 1999 to date | Hypertension |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

12. If you are seeking damages for emotional distress in this lawsuit, you must respond to this question:

Have you experienced, been diagnosed with or received psychiatric or psychological treatment of any type, including therapy, for any mental health conditions including depression, anxiety or other emotional or psychiatric disorders during the three (3) years prior to the filing of this lawsuit through the present?  ☑Yes ☐No

If yes, specify condition, date of onset, medication/treatment, treating physician and current status of condition:

Depresion - Duloxetine 20 MG Prescribed by Carolyn Crumper, NP

13. Do you now or have you ever smoked tobacco products? ☐Yes ☑No

    If yes: How long have/did you smoke? _____

14. List each prescription medication you have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present, please provide the following.

| Medication | Reason for Taking | Dates of Use | Pharmacy (with Address if Known) |
|---|---|---|---|
| Metformin | Diabetes | 1993 to date | 2035 Candler Rd. Decatur Walgreens |
| Warfarin | Blood clots | 2007 to date | 2035 Candler Rd. Decatur Walgreens |
| Atorvastin | Cholesterol | 2005 to date | 2035 Candler Rd. Decatur Walgreens |
| Topamax | Pain | 2005 to date | 2035 Candler Rd. Decatur Walgreens |
| Benazepril | Blood pressure | 2005 to date | 2035 Candler Rd. Decatur Walgreens |
| Insulin | Diabetes | 1993 to date | 2035 Candler Rd. Decatur Walgreens |
| Coumadin | Blood clots | 2005 to 2007 | 2035 Candler Rd. Decatur Walgreens |

## IX.  PRIOR CLAIM INFORMATION & FACT WITNESSES

1. Have you filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury? ☐Yes ☑No.  If yes, specify:

    a.  Court in which lawsuit/claim was filed or initiated:_____

    b.  Case/Claim Number:_____

    c.  Nature of Claim/Injury:_____

2. Have you applied for Workers' Compensation (WC), Social Security disability (SSI or SSD) benefits, or other State or Federal disability benefits since the placement of the device? ☐Yes ☑No.  If yes, specify:

    a.  Date (or year) of application:_____

    b.  Type of benefits sought:  _____

    c.  Agency/Insurer from which you sought the benefits:_____

    d.  The nature of the claimed injury/disability:  _____

e.   Whether the claim was accepted or denied:_____

3.   Identify by name, address and relationship to you, all persons (other than your healthcare providers) who possess information concerning your injuries and/or current medical condition:

| Name | Address (if known) | Relationship to You |
|------|--------------------|--------------------|
| Effie Yang | Conyers, GA | Sister |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## X. DOCUMENT REQUESTS

In addition to the requirements in Amended Case Management Order #4, Section 1.d., that each plaintiff shall provide the defendants with hard copies or electronic files of all medical records in their possession or in the possession of their attorneys or other representatives, including, but not limited to, records that support product identification, state whether you have any of the following documents in your possession or in the possession of your attorneys or other representatives.  If you do, please provide a true and correct copy of any such documents with this completed Profile Sheet.

1.   If you were appointed by a Court to represent the plaintiff in this lawsuit, produce any documents demonstrating such appointment.
     Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☑Does not apply to me

2.   If you represent the Estate of a deceased person in this lawsuit, produce a copy of the decedent's death certificate and autopsy report (if applicable).
     Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☑Does not apply to me

3.   Produce any Cook Inferior Vena Cava Filter product packaging, labeling, advertising, or any other product-related items.
     Applies to me and: ☐the documents are attached OR ☑I have no documents OR ☐Does not apply to me

4. Produce all documents concerning any communication between you and the Food and Drug Administration (FDA), or between you and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue, except those communications that are attorney/client or work product privileged or that are between your counsel in this case and Cook or Cook's counsel.

   Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☑Does not apply to me

5. Produce all documents, correspondence or communication relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or you, except those communications that are attorney/client or work product privileged or that are between your counsel in this case and Cook or Cook's counsel.

   Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☑Does not apply to me

6. Produce all documents describing risks and/or benefits of Inferior Vena Cava Filters, which you received before your procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s)

   Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☐ Does not apply to me

7. Produce any and all documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

   Applies to me and: ☑the documents are attached OR ☐I have no documents OR ☐ Does not apply to me

8. If you underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

   Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☑ Does not apply to me

9. If you claim lost wages or lost earning capacity, produce copies of your Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date, redacting irrelevant information.

   Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☑ Does not apply to me

10. All documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders

Applies to me and: ☐ the documents are attached OR ☐ I have no documents OR ☒ Does not apply to me

## AUTHORIZATIONS

Provide ONE (1) SIGNED ORIGINAL copy of the records authorization form attached in Exhibit A. The form will authorize counsel for the Cook Group Companies to obtain those records identified within this Claimant Profile Form.

## VERIFICATION

I, **Jeanette Pelt**_____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated

_5/18/2019_____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

*Jeanette Pelt*
[Signature of Claimant]

## VERIFICATION OF LOSS OF CONSORTIUM (if applicable)

I, _____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
[Signature of Consortium Plaintiff]

## AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

To:

I, the undersigned, hereby authorize and request the Custodian of the above-named entity to disclose to Faegre Baker Daniels LLP, 300 N. Meridian Street, Suite 2700 Indianapolis, IN 46204, any and all medical records, including those that may contain protected health information (PHI) regarding _____Jeanette Pelt_____, whether created before or after the date of signature.

This authorization specifically does **not** permit Faegre Baker Daniels LLP to discuss any aspect of my medical care, medical history, treatment, diagnosis, prognosis, or any other circumstances revealed by or in the medical records with my medical providers, past or present, ex parte and without the presence of my attorney. Records requested may include, but are not limited to:

a)   all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, communicable disease testing and treatment records, correspondence, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consent for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports and requisition records, and any other written materials in its possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatments or procedures.   I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. This authorization and release does not allow _____**Jeanette Pelt**_____ to request or take possession of pathology/cytology specimens, extracted mesh, pathology/cytology or hematology slides, wet tissue or tissue blocks.

b)   complete copies of all prescription profile records, prescription slips, medication records, orders for medication, payment records, insurance claims forms correspondence and any other records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of ___Pelt_____**v. Cook Medical Inc., et al.** or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

### NOTICE

- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Baker Daniels LLP except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS records and information to Faegre Baker Daniels LLP.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**

- **The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by <u>Faegre Baker Daniels LLP</u>.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Faegre Baker Daniels LLP</u>.

Jeanette Pelt
_____
Name of Patient (Print)

_Pelt_
_____
Former/Alias/Maiden Name of Patient

_6/27/1954_
_____
Patient's Date of Birth

_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_
_____
Patient's Social Security Number

_2721 White Oak Dr. Apt. E23_
_____
Patient's Address   _Decatur, GA. 30032_

_____
Signature   of   Patient   or   Individual

_5/18/2019_
_____
Date

_____
Name of Patient Representative

_____
Description of Authority

**AUTHORIZATION AND CONSENT**
**TO RELEASE PSYCHOTHERAPY NOTE**

Name of Individual:
Social Security Number:
Date of Birth:
Provider Name:

TO:  All physicians, hospitals, clinics and institutions, pharmacists and other healthcare providers

The Veteran's Administration and all Veteran's Administration hospitals, clinics, physicians and employees

The Social Security Administration

Open Records, Administrative Specialist, Department of Workers' Claims

All employers or other persons, firms, corporations, schools and other educational institutions

The undersigned individual herby authorizes each entity included in any of the above categories to furnish and disclose to Faegre Baker Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204, and its authorized representatives, true and correct copies of all "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize Faegre Baker Daniels LLP to engage in ex parte communication concerning same.

- This authorization provides for the disclosure of the above-named patient's protected health information for purposes of the following litigation matter: ___Pelt___ v. Cook Medical, Inc., et al.

- The undersigned individual is hereby notified and acknowledges that any health care provider or health plan disclosing the above requested information may not condition treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization.

- The undersigned individual is hereby notified and acknowledges that he or she may revoke this authorization by providing written notice to Faegre Baker Daniels LLP and/or to one or more entities listed in the above categories, except to the extent that any such entity has taken action in reliance on this authorization.

- The undersigned is hereby notified and acknowledges that he or she is aware of the potential that protected health information disclosed and furnished to the recipient pursuant to this authorization is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- The undersigned is hereby notified that he/she is aware that any and all protected health information disclosed and ultimately furnished to Faegre Baker Daniels LLP in accordance with orders of the court pursuant to this authorization will be shared with any and all

  co-defendants in the matter of ___Pelt___ v. Cook Medical, Inc., et al. and is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of ___Jeanette Pelt___ date of signature of the undersigned.

I have carefully read and understand the above and do hereby expressly and voluntarily authorize the disclosure of all of my above information to **Faegre Baker Daniels LLP** and its authorized representatives, by any entities included in the categories listed above.

Date: **5/18/2019**

Individual's Name and Address:
**Jeanette Pelt**

2721 White Oak Dr. Apt.E23

Decatur, Ga. 30032

_Jeanette Pelt_
Signature of Individual or Individual's Representative

_____
Printed Name of Individual's Representative (If applicable)

_____
Relationship of Representative to Individual (If applicable)

_____
Description of Representative's authority to act for Individual (If applicable)

**This authorization is designed to be in compliance with the Health Insurance Portability and Accountability Act, and the regulations promulgated thereunder, 45 CFR Parts 160 and 164 (collectively, "HIPAA").**

## AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to Faegre Baker Daniels LLP, Suite 2700, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204, any and all records containing insurance information, including those that may contain protected health information (PHI) regarding _____Jeanette Pelt_____, whether created before or after the date of signature. Records requested may include, but are not limited to:

applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. By signing this authorization, I expressly do not authorize Faegre Baker Daniels to engage in any ex parte interview or oral communication about me or any information contained in the materials produced without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____Pelt_____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

### NOTICE

- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Baker Daniels LLP , except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Faegre Baker Daniels LLP.**

US.110158128.01

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Faegre Baker Daniels LLP</u>.

**Jeanette Pelt**
_____
Name of Individual

_____
Former/Alias/Maiden Name of Individual

_____
Individual's Date of Birth

_____
Individual's Social Security Number

_____
Individual's Address

_____
Signature of Individual or Individual Representative

_5/18/2019_
Date

_____
Name of Individual Representative

_____
Description of Authority

## AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of Faegre Baker Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204, any and all records containing Medicaid information, including those that may contain protected health information (PHI) regarding _____Jeanette Pelt_____, whether created before or after the date of signature. This authorization should also be construed to permit agents or designees of Faegre Baker Daniels LLP to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospitals, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of _____Jeanette Pelt_____; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____Pelt_____v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation. By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my medical history by Faegre Baker Daniels LLP without the presence of my attorney.

### NOTICE

- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Baker Daniels LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Faegre Baker Daniels LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Faegre Baker Daniels LLP.

Jeanette Pelt
_____
Name of Individual

Pelt
_____
Former/Alias/Maiden Name of Individual

6/27/1954
_____
Individual's Date of Birth

262 - 15 - 8733
_____
Individual's Social Security Number

2721 WhiteOak Dr. Apt. E23
_____
Individual's Address   Decatur, GA 30032

Jeanette Pelt
_____
Signature   of   Individual   or   Individual

5/18/2019
_____
Date

_____
Name of Individual Representative

_____
Description of Authority

**AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to
Faegre Baker Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204, any and all
records containing employment information, including those that may contain protected health
information (PHI) regarding _____Jeanette Pelt_____, whether created before or after the date
of signature. Records requested may include, but are not limited to:

> all applications for employment, resumes, records of all positions held, job descriptions of
> positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports,
> statements and reports of fellow employees, attendance records, worker's compensation files; all
> hospital, physician, clinic, infirmary, nurse, dental records; test results, physical examination
> records and other medical records; any records pertaining to medical or disability claims, or work-
> related accidents including correspondence, accident reports, injury reports and incident reports;
> insurance claim forms, questionnaires and records of payments made; pension records, disability
> benefit records, and all records regarding participation in company-sponsored health, dental, life
> and disability insurance plans; material safety data sheets, chemical inventories, and environmental
> monitoring records and all other employee exposure records pertaining to all positions held; and
> any other records concerning employment with the above-named entity. I expressly request that
> all covered entities under HIPAA identified above disclose full and complete protected medical
> information. By signing this authorization, I expressly do not authorize any ex parte interview or
> oral communication about me or my employment history by Faegre Baker Daniels LLP without the
> presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this
authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of
____Pelt_____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature
of the undersigned below. A copy of this authorization may be used in place of and with the same force
and effect as the original. The purpose of this authorization is for civil litigation.

**NOTICE**
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Baker Daniels LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Faegre Baker Daniels LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to  Faegre Baker Daniels LLP.

**Jeanette Pelt**

Name of Employee

_Pelt_

Former/Alias/Maiden Name of Employee

_6/27/1954_

Employee's Date of Birth

_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_

Employee's Social Security Number

_2721 White Oak Dr. Apt. E 23_

Employee's Address _Decatur, GA. 30032_

Signature of Employee or Employee Representative

_5/18/2019_

Date

Name of Employee Representative

Description of Authority

## AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to
Faegre Baker Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204, any and all records containing
Workers' Compensation information, including those that may contain protected health information (PHI) regarding
____Jeanette Pelt____, whether created before or after the date of signature. Records requested may include, but are
not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records, transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made; investigatory reports and records; applications for employment; records of all positions held; job descriptions of any positions held; salary records; performance evaluations and reports; statements and comments of fellow employees; attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or invoices; and any other records relating to the above-named individual. Copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will
remain in effect until the earlier of: (i) the date of settlement or final disposition of
__Pelt_____ **v. Cook Medical, Inc., et al.** or (ii) five (5) years after the date of signature of the
undersigned below. The purpose of this authorization is for civil litigation. This authorization is for the release of
records only and does not allow Faegre Baker Daniels to engage in ex parte communications regarding the subject
matter of this release and without the presence of my attorney.

### NOTICE

- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to <u>Faegre Baker Daniels LLP</u>, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by <u>Faegre Baker Daniels LLP</u>.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Faegre Baker Daniels LLP.

**Jeanette Pelt**

Name of Individual

*Pe H*

Former/Alias/Maiden Name of Individual

*6/27/1954*

Individual's Date of Birth

*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*

Individual's Social Security Number

*2721 White Oak Dr. Apt. E23*

Individual's Address *Decatur, GA. 30032*

*Jeanette Pelt*

Signature of Individual or Individual Representative

*5/18/2019*

Date

Name of Individual Representative

Description of Authority

Social Security Administration
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

TO:  Social Security Administration

Jeanette Pelt

6/27/1954

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

\*Name

\*Date of Birth

\*Social Security Number

I authorize the Social Security Administration to release information or records about me to:

\*NAME

\*ADDRESS

Faegre Baker Daniels LLP

300 N. Meridian Street, Suite 2700,
Indianapolis, IN 46204

\*I want this information released because:     civil litigation
*There may be a charge for releasing information.*

---

\*Please release the following information selected from the list below:
*You must check at least one box. Also, SSA will not disclose records unless applicable date ranges are included.*

☑ Social Security Number

☑ Current monthly Social Security benefit amount

☐ Current monthly Supplemental Security Income payment amount

☐ My benefit/payment amounts from _____ to _____

☐ My Medicare entitlement from _____ to _____

☐ Medical records from my claims folder(s) from _____ to _____
*If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*

☐ Complete medical records from my claims folder(s)

☐ Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.)

---

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that any applicable fees must be paid by me.

\*Signature: Jeanette Pelt

\*Date: 5/18/2019

Relationship (if not the individual): _____

Daytime Phone: 404-974-7554

Form SSA-3288 (07-2010) EF (07-2010)

US.110158128.01

### 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1. **Print Name**   Jeanette Pelt          Medicare Number   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-A          Date of Birth   6/27/1954

   (First and last name of the person with Medicare)   (Exactly as shown on the Medicare Card)   (mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

   2A:  **Check only one box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information  (go to question 2b)

   ☐ Any Information  (go to question 3)

   2B:  **Complete only  if you selected "limited information". Check all that apply:**

   ☐  Information  about your Medicare  eligibility :

   ☐ Information about your Medicare  claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium  payments

   ☐ Other s pecific information (please write below; for example, payment  information)

   _____

3. **Check only one box below indicating how long Medicare can use this  authorization to disclose your personal health information** (subject to applicable  law-for example, your State may limit how long Medicare may give out your  personal health information):

   ☐  Disclose my personal health information indefinitely

   ☐ Disclose my personal health information for a specified period only
   beginning:  (mm/dd/yyyy) _____ and ending: (mm/dd/yyyy) _____

DEKALB MEDICAL CENTER
2701 NORTH DECATUR RD.                          RADIOLOGY SERVICES
DECATUR, GA 30033                               (404) 501-2660


PATIENT #: 0140552407          NAME:  PELT, JEANETTE
MED RECORD #:000710182              ATTENDING PHYS:
BIRTHDATE: 06/27/1954    SEX:F       ORDERING PHY: SRINIVASIAH, JAYANTHI
                              ADMITTING PHYS:

DIAGNOSIS: DVT
RM/SOURCE:
Date              Chk-in #:        Exam
200902101115      3836450          IR TRANSCATH IVC FILTER PLACE


Exam Start Date and Time:  02/10/2009 at 08:45
 Exam Stop Date and Time:  02/10/2009 at 09:10


A 54-year-old female with DVT for IVC filter placement.

Procedure-  After written informed consent was obtained, the patient was
placed supine.  The right neck was prepped and draped in the usual
sterile fashion and 2% lidocaine was used to anesthetize the skin and
subcutaneous tissues.  Under direct ultrasound guidance, the right
internal jugular vein was accessed using a micropuncture needle.  A
0.018 guidewire was advanced through the needle, which was exchanged for
a transitional catheter.  The inner portion of the catheter and the wire
were removed and a Bentson wire was placed into the inferior vena cava.
The transitional catheter was removed and a pigtail catheter was placed
over the wire.  Contrast injection was performed in the inferior vena
cava, demonstrating no clot and adequate renal inflow for direction of
filter placement.  The pigtail catheter was removed over the wire.  The
venotomy was sterilely dilated.  The filter deployment device was placed
under fluoroscopic guidance, into the inferior vena cava.  The filter
was deployed in an infrarenal position.  The patient tolerated the
procedure without difficulty and remained stable throughout her stay.
Conscious sedation was administered and vital signs were monitored
throughout the procedure.

Impression-

Successful placement of an inferior vena cava filter under fluoroscopic
and ultrasound guidance.


MSM/lh

    TRANSCRIBED BY: LESLIE HASLEM,  MEDICAL SECRETARY
    READ BY:  MELISSA SEELY-MORGAN,  Radiologist

GÜNTHER



VENA CAVA FILTER



Patient
Guide

# COOK®

www.cookgroup.com

COOK INCORPORATED
P.O. Box 489, Bloomington, IN 47402-0489 U.S.A.
812 339-2235, Toll Free: 800 457-4500
Toll Free FAX: 800 554-8335
COPYRIGHT COOK INCORPORATED 2003
PG-GTVCF1103

**COOK®**
**GUNTHER TULIP™ VENA CAVA**
**FILTER SET**
**IGTCFS—65—JUG**
**LOT NO. 2165912**

# COOK®

Patient: PELLY JEANETTE (F)
DOB: 06-27-1954
Date: 10-16-2018 09:08 AM
Primary, Latest Study
Instance: 60/91

Ref. Phys.: AHMADI^RAMIN^^^MD
Study: CT Abdomen
Series: ABD WO 3.0 B41s (CT)
Image Type: ORIGINAL\PRIMARY\AXIAL\CT_SOM5 SPI

Zoom: 72.07%
Quality: Diagnostic
Distance: Patient Geometry
Center/Width: 40.00 +/- 150.00 [LINEAR]
KvP: 130.00
Exposure: 120.00mAs
Slice Thickness: 3.00mm

R

P

A

L



AMERICAN HEALTH **Imaging**

2774 North Decatur Rd
Decatur, GA 30033
Phone #: (404)292-2277
Fax #: (404)292-2294
www.americanhealthimaging.com

**Name:** Jeanette Pelt
**DOB:** 6/27/1954
**Gender:** Female

**Exam Date:** 10/16/2018 09:05 AM
**Patient ID:** AHI-961807
**Accession #:** 1864959

**Ordering Physician:** Ramin Ahmadi, MD
**Exam Name:**　　　CT Abdomen | 74150

CLINICAL: Back pain. IVC filter evaluation.

FINDINGS:

The lung bases are unremarkable. No hiatal hernia is appreciated. No focal lesions are seen within the liver or spleen without contrast.

There is vascular calcification involving the aorta and splenic artery as well as the iliac arteries. No aneurysm is appreciated. There is no oral or intravenous contrast. No intestinal obstruction or ascites is seen. No abdominal wall hernia is seen. The pancreas, gallbladder and biliary tree appear unremarkable.

There is a concavity of the superior endplate of T12. This is present to be related to degenerative changes. An acute or subacute endplate fracture cannot be excluded. Clinical correlation is suggested. If indicated a follow-up MRI may be of further evaluation.

There is vacuum phenomenon at T10-11, T11-12, T12-L1 and L1-2. No listhesis is seen at any level. There is a disc bulge at several lumbar levels, most prominently at L3-4.

The IVC filter tip ends at the mid L2 level. This is below the level of the renal veins. There is a 4 degree anterior tilt of the sagittal images with a 7 degree left lateral tilt on the coronal images. No obvious clot formation is seen without intravenous contrast. There are 4 struts. All of these struts protrude through the walls of the IVC consistent with grade 2 perforation. There is a possible grade 3 perforation involving the left posterior strut and the right posterior sharp. The remainder of the examination is unremarkable.

IMPRESSION:

There is an IVC filter in place. No significant migration of the filter is seen. There is a mild degree of tilt. No fracture of the filter components is seen. No clot formation seen within the IVC without contrast. The 4 struts 2 of them have grade 2 perforation's and the other 2 have grade 3 perforations. The remainder of the examination is as described above.

Report Electronically Signed by: Thomas Brown, M.D.
Report Electronically Signed on: 10/16/2018 12:41 PM

*Radiology Report from an ACR Accredited Facility*