UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Oscar Hightower, 1:18-cv-00568
Tammy Wills, 1:18-cv-00569

**DEFENDANTS' OPPOSITION TO
MOTIONS TO RECONSIDER DISMISSAL
FILED BY PLAINTIFFS WILLS AND HIGHTOWER**

As the Court is aware, Cook has filed an omnibus response in opposition to the motions to reconsider and/or vacate dismissals for failure to categorize filed by numerous plaintiffs to date (the "Omnibus Opposition," Dkt. 11189), and that Omnibus Opposition generally applies to the motion to reconsider and reinstate subsequently filed by Plaintiffs Wills and Hightower on June 25, 2019 (*see* Pl. Mot., Dkt. 11235). Moreover, as Cook noted in its response to the Kirkendall Dwyer firm's motions, Rule 59(e) has a 28-day deadline and "'[w]hen a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, [courts] treat it as a Rule 60(b) motion.'" Dkt. 11292 (quoting *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014)). Here, Plaintiffs Wills and Hightower's request to reconsider their dismissals was filed outside that 28-day window and thus must be analyzed under the strict standard of Rule 60(b), and they are not entitled to the extraordinary relief provided by Rule 60(b) for the reasons stated in the Omnibus Opposition.

US.123801782

Cook has determined that a supplemental response is necessary because these two cases are facially meritless and reinstating them would therefore be futile. Specifically:

1. Plaintiff Wills is a citizen of Indiana and cannot establish subject matter jurisdiction in federal court because Cook is also a citizen of Indiana. His case also fails on the merits because all of the claims raised in the belated categorization form are barred both by the Indiana statute of repose and statute of limitations.

2. Reinstatement of Plaintiff Hightower's case would be futile because his Category 7(g) DVT/PE injury claims are time-barred under Texas law and his Category 7(d) migration claim is actually a mere tilt claim that does not state a legally cognizable injury.

Because both Plaintiffs' cases are without merit, their motion for reconsideration and reinstatement should be denied for reasons of futility.

**I.  Plaintiff Wills's Case Cannot Be Reinstated Because It Lacks Subject Matter Jurisdiction**

As Cook noted during the bellwether plan discussions in the summer of 2018 and again as part of its Response in Opposition to Plaintiffs' Motion for Remand and Transfer (Dkt. 11029 at 33), there are some cases in the MDL filed by Indiana plaintiffs that lack diversity jurisdiction. Plaintiff Wills's case is such a case. In fact, Plaintiff Wills alleges in her short-form complaint that the basis for jurisdiction is "Diversity of Citizenship," but she is a resident of Indiana, had the filter placed in Indiana, and alleges her injury occurred in Indiana. *See* Complaint, *Wills* Dkt. 1, ¶¶ 4-8. By all accounts, she is a citizen of Indiana for jurisdictional purposes. Cook, of course, is also a citizen of Indiana, as established by the master pleadings. *See* Master Complaint, Dkt. 213, ¶¶ 9-20 (jurisdictional allegation regarding the Cook Defendants' location and activities in Indiana); Master Am. Answer, Dkt. 8080, ¶ 28 ("Cook Defendants admit that CGI, CML, CI, and CMIT reside in Southern District of Indiana and are headquartered in

Bloomington, Indiana."). Because Plaintiff Wills and the Cook Defendants are citizens of the same state, there is no complete diversity jurisdiction between the plaintiff and the defendants.

When the parties lack complete diversity, there is no subject matter jurisdiction and the case must be dismissed for lack of jurisdiction. *See Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996) ("Because plaintiff Webster is a real party in interest, and defendant Prudential Reinsurance is a necessary and indispensable party, plaintiff's motion will be denied. It follows that this case must be dismissed for lack of subject matter jurisdiction because the parties are not completely diverse."); *Gard v. I-Flow Corp.*, 2012 WL 5332042, at *2 (N.D. Ind. Oct. 26, 2012) (dismissing the case for lack of subject matter jurisdiction because addition of Indiana-based defendants through the amended complaint "divested the Court of subject matter jurisdiction for lack of complete diversity."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501-02 (2006) (explaining that "when a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety."). The lack of diversity of jurisdiction thus makes any reinstatement of Plaintiff Wills's claims futile, because the Court would need to dismiss it in any event for lack of subject matter jurisdiction.

In addition, Plaintiff Wills's claims are barred by Indiana's statute of limitations and statute of repose at the time she originally filed her case in this Court. Indiana has a 10-year statute of repose for product-liability claims and a 2-year statute of limitations for personal injury actions. *See* Ind. Code § 34-20-3-1(b) (stating that "a product liability action must be commenced: (1) within two (2) years after the cause of action accrues; or (2) within ten (10) years after the delivery of the product to the initial user or consumer."). The statute gives the plaintiff two years to file a case if the cause of action accrues between the 8th and 10th years after the initial delivery. *Id.*

US.123801782

With her belated categorization, Plaintiff Wills claimed Categories 7(a), 7(g), and 7(i), and wrote in the following descriptions:

- Category 7(a): "7/17/14 venogram showed persistent occlusion of left iliac vein and also partial occlusion of IVC in region of IVC filter";
- Category 7(g): "3/18/2010 hospitalization for PE & DVT after IVC implant"; and
- Category 7(j): "3/18/2010 hospitalization for hematuria."

*See* Wills Categorization Form, attached as **Exhibit A**.

Plaintiff Wills filed her case on February 27, 2018. *See generally* Complaint, *Wills* Dkt. 1. Because Plaintiff Wills received her filter on October 8, 2007, that is the latest possible delivery date and her claims are barred by the statute of repose because they were not filed until some ten-and-a-half years later on February 27, 2018. Plaintiff Wills is not eligible for the extension of the statute of repose because her claims did not accrue between the 8th and 10th years after delivery.

With respect to the statute of limitations, Plaintiff Wills wrote in her categorization form that her claimed injuries were discovered in March 2010 and July 2014 and attached medical records that support those discovery dates. This means that she needed to commence her action based on those claims not later than March 2012 and July 2016 respectively to be timely under the 2-year statute of limitations for personal injury claims in Indiana. But Plaintiff Wills did not commence this action until February 2018, well after the expiration of the statute of limitations on both claims.

Plaintiff Wills's claims are thus barred by both the Indiana statute of repose and Indiana statute of limitations before she incorrectly filed this case in this Court,[1] and reinstatement would be futile.

## II. Reinstatement of Plaintiff Hightower's Case Would Be Futile Because His Only Timely Claims Under Texas Law Is a General Tilt Claim That is Not a Legally Cognizable Injury.

Reinstatement of Plaintiff Hightower's case would be futile because his Category 7(g) claims are long-time barred and his Category 7(d) claim is a mere tilt, product-in-place claim that fails to sustain a legally cognizable injury on its own.  In his belated categorization form, Plaintiff Hightower claimed Categories 7(d) and 7(g), and described those claimed injuries as follows:

- Category 7(d): "4/1/2018 Report by Dr. Khatti based on an image study showed filter to have a medial lateral tilting present, suspected to be greater than 15%"; and

- Category 7(g): "6/13/2006 hospitalization for DVT & PE post IVC filter; 9/24/2006 hospitalization for DVT+PE; 6/25/09 hospitalizations for DVT+PE."

*See* Hightower Categorization Form, attached as **Exhibit B**.

Plaintiff Hightower alleges that he received the filter in Texas, that his injury occurred in Texas, and that the Southern District of Texas would have been the proper venue to address his claims.  *See* Complaint, *Hightower* Dkt. 1, ¶¶ 4-5, 7.  Thus, his case appears to be governed by Texas substantive law.[2]

---

[1] Indiana has a savings statute commonly referred to as the Journey's Account Statute that may preserve a claim filed in the wrong court in some instances by permitting a plaintiff to file a new case in the proper court and receive tolling for the time difference between the first and second filings.  *See* Ind. Code § 34-11-8-1.  Plaintiff Wills is not entitled to relief under that statute because her claims were time-barred before they were incorrectly filed in this Court and thus the tolling effects of the savings statute would be of no avail.

[2] Plaintiff Hightower's short-form complaint indicates that he currently resides in Louisiana.  *See id.*, ¶ 6.  Louisiana has a one-year statute of limitations.  *See* La. Stat. Ann.-C.C. Art. §§ 3492, 3595.  As Cook demonstrates herein that Plaintiff Hightower's case is time-barred

Texas has a two-year statute of limitations for personal injury claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003; *see also Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 753 (Tex. Ct. App. 1995) ("For the purposes of this section, negligence claims normally accrue when the duty of ordinary care is breached and strict liability claims generally accrue on the date of the injury."); *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015) ("[A] cause of action generally accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."). Texas courts have made clear that the statute of limitations is analyzed from an objective perspective, and discovery of the claim on medical imaging or surgical intervention regarding the product at issue both serve as objective triggers for the statute of limitations by which the plaintiff is presumed to know that his or her claims have begun to accrue. *See Pavich v. Zimmer, Inc.*, 157 F.3d 903 (5th Cir. 1998) (holding that plaintiff's cause of action accrued under Texas law on the day x-rays verified fractures in the implanted spinal rods); *Shepherd v. Danek Med.,* 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1999) ("[A]ny arguable application of the 'discovery rule' would terminate upon removal of the System."). Indeed, although Texas has a limited discovery rule, it only applies in cases where "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Comput Assocs. Int'l v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996).

Here, Plaintiff Hightower acknowledges in his belated categorization form that his Category 7(d) injuries are premised on hospitalizations that occurred in June 2006, September 2006, and June 2009. *See* Exh. B. Because an episode of alleged DVT/PE that requires

---

by the two-year statute of limitations in Texas, his claims would also be time-barred if the shorter statute of limitations under Louisiana law applied.

US.123801782

hospitalization is a readily discernible injury, any legal claims that a Cook IVC filter caused those events would have begun to accrue no later than the date of those hospitalizations. *See Comput Assocs.*, 918 S.W.2d at 456 (holding that discovery rule only applies in cases where injury is "inherently undiscoverable" until the time it becomes discoverable); *Pavich*, 157 F.3d 903 (confirmation of claim on imaging triggers statute of limitations). Plaintiff Hightower's Category 7(g) claims therefore accrued in June 2008, September 2008, and June 2011 respectively, several years before he filed the action on February 27, 2018.[3]

The only claim that appears facially timely is Plaintiff Hightower's tilt claim, which was allegedly discovered through an imaging study on April 1, 2018, after the case had already been filed. *See* Exhibit B. The problem with that claim, however, is that it is miscategorized and is not a legally cognizable injury. The purpose of Category 7(d) is to identify migration cases where there has been a "change in filter position of more than 2 cm (when compared to its deployed position)" confirmed on imaging. *See* Exh. B (defining Category 7(d)). Here, neither Plaintiff Hightower's categorization form nor the accompanying medical records suggest that his entire filter has migrated two or more centimeters; they merely state that "a medial lateral tilt, suspected to be greater than 15%" was noted on imaging. *See id.* Plaintiff Hightower has conflated the very different concepts of tilt and migration, and there is no indication in the materials he submitted that his filter has moved above or below from its originally deployed position.

---

[3]   In the event this case is reinstated, Cook specifically reserves its right to argue that the Indiana statute of repose applies to this case based on design, manufacture, marketing, and other activities being centered in Indiana, and that Plaintiff Hightower's claims would therefore be barred under the statute of repose because he received his filter on May 17, 2004 but did not file the case until almost 14 years later on March 2, 2018.

As the Court may recall from the recent briefing and hearing on Category 2 claims (which were overwhelmingly voluntary dismissed), Cook cited to the *Perez* case from the Southern District of New York where the court held that mere tilt of an IVC filter is not a legally cognizable injury: "accepting that the likely tilt is an actual tilt, no more is said about it than that it may lead to a series of actual injuries." *Perez v. B. Braun Med., Inc.*, 2018 WL 2316334, at *5 (S.D.N.Y. May 9, 2018). In that same briefing, Cook also cited to multiple pacemaker "fear of injury" cases from the early 1990s in which courts held that mere fear of defect is not an injury. *See* Dkt. 10857. Indeed, one of those cases was from Texas, and that court held that "[t]here is no cause of action under Texas law where a plaintiff's product is and has been functioning without incident. Texas law does not recognize a claim seeking to recover for alleged concern or anxiety that a functioning product might fail at some future unknown time." *Lauterbach v. Shiley, Inc.*, 1991 WL 148137, at *9 (S.D. Tex. Mar. 29, 1991). Here, there is no indication that Plaintiff Hightower has suffered any injury after the tilting of the filter was noted on imaging in 2018, and the claimed episodes of DVT/PE occurred years ago, and any claims surrounding those events are long-time barred, for the reasons noted above.

Most plaintiffs categorized cases involving allegations of mere tilt as Category 2 and subsequently stipulated to voluntary dismissals. Thus, for the reasons explained by the *Perez* court, mere tilt of an IVC filter is not a legally cognizable injury in this MDL. Any remaining cases that offer evidence only of tilt – to the extent they are miscategorized as some other category – should be dismissed, and Cook intends to ask counsel in any such cases to dismiss voluntarily. As Plaintiff Hightower's only timely claim here is a mere tilt claim, he fails to establish a legally cognizable injury, and reinstatement of his case would therefore be futile.

US.123801782

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motions to vacate the dismissal of their cases for the reasons stated in the Omnibus Opposition and also because reinstatement of these particular cases would be futile for the reasons stated herein.

Respectfully submitted,


Dated: July 10, 2019   */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
Email:  andrea.pierson@faegrebd.com
Email:  jessica.cox@faegrebd.com

Bruce Jones (MN # 179553)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-8719
Facsimile:   (612) 766-1600
Email:  bruce.jones@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2019, a copy of the foregoing DEFENDANTS' OPPOSITION TO MOTIONS TO RECONSIDER DISMISSAL FILED BY PLAINTIFFS WILLS AND HIGHTOWER was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*

US.123801782