IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiffs:

Scott and Cheryl Thomson- Docket No.: 1:16-cv-02410

Edna Governale- Docket No.: 1:17-cv-00420

Carol Ann Mooney- Docket No. 1:17-cv-01551

Benjamin Auerbach- Docket No.: 1:17-cv-04218

Nilda Gil- Docket No.: 1:18-cv-02498

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORMS AND MOTION FOR REINSTATEMENT**

Plaintiffs respectfully file this Motion for Reconsideration under Federal Rules of Civil Procedure 60(b) and request that this Court reconsider the Order dismissing Plaintiffs' cases without prejudice, stating the following in support:

**INTRODUCTION**

Dismissal of Plaintiffs' claims would be unfairly prejudicial, and the harm caused to Plaintiffs would greatly outweigh any prejudice suffered by Defendant as a result of the delay in receiving the Case Categorization Forms. Defendants were already in timely receipt of substantially the same information through medical records produced with Plaintiffs' submissions of Plaintiff Profile Forms, Plaintiff Fact Sheets, Plaintiff Profile Sheets, and medical records submitted on behalf of Plaintiffs. In light of the extraordinary circumstances explained herein which establish "excusable neglect", Plaintiffs were unable to timely respond to Defendant's Motion to Dismiss.

## FACTS

On September 9, 2016, Plaintiffs Scott and Cheryl Thomson filed their Short Form Complaint directly with the MDL Court. Plaintiffs served required discovery and corresponding medical records on May 1, 2017.

On February 9, 2017, Plaintiff Edna Governale filed her Short Form Complaint directly with the MDL Court. Plaintiff served a Plaintiff Fact Sheet on June 22, 2017 with corresponding medical records and a Plaintiff Profile Form with corresponding medical records on April 24, 2017.

On May 11, 2017, Plaintiff Carol Ann Mooney filed her Short Form Complaint directly with the MDL Court. Plaintiff served a Plaintiff Fact Sheet on July 21, 2017 with corresponding medical records, and a Plaintiff Profile Form on July 21, 2017 with corresponding medical records.

On November 13, 2017, Plaintiff Benjamin Auerbach filed his Short Form Complaint directly with the MDL court. Plaintiff served a Plaintiff Profile Sheet on January 26, 2018 with corresponding medical records.

On August 14, 2018, Plaintiff Nilda Gil filed her Short Form Complain directly with the MDL Court. Plaintiff served a Plaintiff Fact Sheet on September 27, 2018 with corresponding medical records, a Plaintiff Profile Form on September 27, 2018 with corresponding medical records, and a Plaintiff Profile Sheet on September 25, 2018 with corresponding medical records.

On May 8, 2019, this Court issues an Order on Cook Defendants' Second Amended Motion to Dismiss (Document No. 10211). The firm only became aware of the categorization dismissals

by an email on July 10, 2019 from the Plaintiff's Leadership Counsel. The firm immediately contacted the leadership's firm and learned that appropriate action needed to be taken to was motion this Court for reinstating the subject cases. Prior to that, the firm had not received notice of dismissal from plaintiff's leadership or defense counsel.

The Plaintiffs' law firm has the undersigned counsel and a paralegal receive electronic filings. These are checked by plaintiff names, as well as Case Management Orders and Pre-Trial Orders.

With regard to the present matter, the relevant papers were filed on the general docket and were not case-specific. The firm was in good faith monitoring case-specific dockets but made the erroneous assumption that dismissal matters would be addressed to the case-specific dockets. In the firm's experience in other litigations, dismissal motions were addressed on individual dockets and correspondence form defense counsel. The firm will now set in place procedures such that all general docket matters will be reviewed for individual case matters and that we are on all Leadership Firm's email lists.

The subject Plaintiffs have previously served all discovery in a timely and complete manner. There has always been an intention to follow the Court's Orders and cooperate with defense counsel who has already received completed fact sheets and medical records detailing each Plaintiffs' injuries. Additionally, Plaintiffs served the completed Case Categorization Forms and corresponding medical records on July 10, 2019. *See Ex. 1*.

Under these circumstances, it would be unfairly prejudicial for Plaintiffs to be unable to pursue viable claims due to an inadvertent oversight. Plaintiffs respectfully request that the Court reconsider the Order of dismissal and reinstate Plaintiffs' cases.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 60(b)(1), the court may relieve a party or its legal representative from a final judgment or order for "mistake, inadvertence… or excusable neglect." This relief must be sought on motion within one (1) year of entry of the order. Fed R. Civ. P. 60(c). Furthermore, this rule, like all of the Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v. Watts, 722 F.2d 456, 459 (9th Cir. 1983). The Court must take account of all relevant circumstances surrounding the party's omission. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). In determining what is considered excusable neglect, Plaintiffs' counsel requests this court apply the four-factor equitable test, which examines: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004) (en banc); Briones v Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for considerations of rule 60(b) motions).

## ARUGUMENT AND AUTHORITIES

The dismissal of Plaintiffs' cases has caused irreparable harm. When weighing the prejudice suffered by the Defendant from this error to the harm to Plaintiffs, the harm to Plaintiffsis much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and records. See, e.g., Barnhill v United States, 11 F.3d 1360, 1367 (7th Cir. 1993). Plaintiffs have brought these claims based on documented medical injuries with significant impacts and is now unable to seek any redress entirely from those who caused the injuries. By

comparison the Defendants cannot reasonably claim a prejudice when they possess all of the documents and information by the way of the accurately and timely served Plaintiff Fact Sheets, authorizations for release of information and supporting medical records, and said medical records. Furthermore, Plaintiffs' failure to comply was a result of mistake, inadvertence, or excusable neglect.

Additionally, Plaintiffs have not demonstrated a pattern of ignoring the Court's orders and has recently complied by serving the Case Categorization Form along with the relevant corresponding medical records *See Ex. 1*. Plaintiffs' Counsel mistakenly believed that the case would be put on the docket under the cases name as it had been previously, rather than buried in the hundreds of cases in general docket. Furthermore, Counsel never received a call from Plaintiff's Steering Committee informing him of the Motion to Dismiss. Counsel has taken measures to ensure this does not occur again. This belief, while mistaken, constitute inadvertence and/or excusable neglect. Surely with the apparent number of cases subject to similar circumstances and the volume of cases from which to select bellwether cases, reinstatement of Plaintiffs case would not cause a meaningful delay in litigation.

"Although a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint." See e.g., Barnhill v United States, 11 F.3d 1360, 1367 (7th Cir. 1993). When awarding death penalty sanctions, such as was done in this case, a court should consider whether "the litigant has shown a clear pattern of delay, willfully disobedient behavior, or failure to conform to lesser sanctions as well as frequency of the plaintiff's noncompliance with deadlines, the effect of delay on the judge's calendar, the culpability of the plaintiff, prejudice to the defendant, the possible merits of the suit,

and the social objective of the litigation." See, eg., Kasalo v Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011); Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir. 1993).

The Plaintiffs' actions were neither willful, nor indicative of a specific pattern of delay. Therefore in balancing the factors discussed above and the circumstances surrounding this error, Plaintiffs respectfully request that the Court reconsider its decision and reinstate Plaintiffs' actions.

## CONCLUSION

When balancing harm to the parties, dismissal of Plaintiffs' claims far outweighs any prejudice cause to the Defendants by the delay in receipt of these Case Categorization Forms. As such,for the forgoing reasons, Plaintiffs respectfully moves this Honorable Court to vacate its order granting dismissal  and reinstate Plaintiff's case in MDL. 2570.

RESPECTFULLY SUBMITTED this 10th day of June, 2019.

**RHEINGOLD GIUFFRA
RUFFO & PLOTKIN, LLP**
*/s/David B. Rheingold*
David B. Rheingold, Esq.
NY Bar No. 2516001
551 5th Avenue, 29th Floor
NY,NY 10176
drheingold@rheingoldlaw.com
P: 212 684-1880
F: 212 689-8156

## VERIFICATION

I, David. B. Rheingold, counsel for Plaintiffs, attest under oath and penalty of perjury that the forgoing is true and correct.

**RHEINGOLD GIUFFRA RUFFO & PLOTKIN, LLP**
*/s/David B. Rheingold*
David B. Rheingold, Esq.
NY Bar No. 2516001
551 5th Avenue, 29th Floor
NY,NY 10176
drheingold@rheingoldlaw.com
P: 212 684-1880
F: 212 689-8156

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

**RHEINGOLD GIUFFRA
RUFFO & PLOTKIN, LLP**
*/s/David B. Rheingold*
David B. Rheingold, Esq.
NY Bar No. 2516001
551 5th Avenue, 29th Floor
NY, NY 10176
drheingold@rheingoldlaw.com
P: 212 684-1880
F: 212 689-8156