IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:
Cause No. 1:16-cv-02693
Amanda Contreras v. Cook Medical, Inc. et. al.

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM**

Plaintiff AMANDA CONTRERAS has respectfully moved for relief under Federal Rule 59(e), as well as 60(b), for an Order to Vacate the dismissal of the action entered on May 8, 2019. As framed in Plaintiff's Motion to Reconsider and Reinstate, Plaintiff's failure to comply with the original case categorization deadline was inadvertent and due to Plaintiff's excusable neglect.

## INTRODUCTION

Defendants' sweeping opposition does not adequately address the merits of Plaintiff's Moving Papers for reconsideration and reinstatement of her case. Defendants' Opposition argues that Plaintiff's neglect was not excusable, but rather, due to Plaintiff's "carelessness" and "failure to exercise due care." However, there is clearly good cause for relief based upon excusable neglect.

## I. PLAINTIFF IS ENTITLED TO RE-ENTRY IN THE MDL UNDER FRCP RULE 60(B)

Rule 60(b) specifically indicates that "on motion and just terms, the court may **relieve a party or its legal representative from a final judgment, order, or proceeding.**" (See *Fed. R. Civ. P.* (60(b)) [emphasis added]. It is understood that there is an order that permits re-entry only upon new information. [Document 10622]. Ms. Contreras seeks relief pursuant to Rule 60(b) from that order and makes her request for reconsideration and reinstatement appropriately under the law, which Defendants do not dispute.

As the Court is well aware, the excusable neglect standard under Rule 60(b)(1) is an equitable standard. Rule 60(b) provides that the Court has discretion to reinstate Plaintiff's case for reasons of: "(1) mistake, inadvertence, …or excusable neglect, . . . or (6) any other reason justifying relief from the operation of judgment." Fed.R. Civ. Pro. 60(b)(1)(6). Trial on the merits is strongly favored over default judgments, especially "where the default has not been willful." *A. F. Dormeyer Co. v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 43 (7th Cir. 1972).

Excusable neglect is an equitable doctrine without precise definition. *Pioneer Inv. Services Co. v. Brunswick Assoc's Ltd. P'ship* 507 U.S. 380 (1993). Factors that may be considered include the impact of the delay on the judicial proceedings, the prejudice to the non-moving party and whether the movant acted in good faith. *Id.*

## II. MS. CONTRERAS IS ENTITLED TO THE RELIEF OFFERED BY RULE 60(b) AND DISMISSAL OF A CASE IS ONLY GRANTED IN EXTREME CIRCUMSTANCES

### A. Counsel has taken the appropriate steps to ensure the Docket was properly monitored

Defendants have wrongly lumped Ms. Contreras into a category of Plaintiffs that allegedly set forth the same set of facts, which boils down to a complete failure to monitor the docket. Ms. Contreras' moving papers make it clear that counsel took appropriate steps to monitor the docket; however, the ECF notifications went to counsel's spam filter.[1]

The events that led to non-compliance -- i.e., not receiving notifications from the ECF docket due to the spam issue -- are regrettable, yet amount to excusable neglect (and are more thoroughly argued in Ms. Contreras' moving papers). Given there is good cause to reinstate Ms. Contreras' matter, Ms. Contreras and her counsel respectfully request the Court grant Ms. Contreras' Motion for Reconsideration and reinstate her case into the MDL.

Defendants' citation to *Onwucheckwe v. Okeke*, 404 F. App'x 911, 912 (5th Cir. 2010), is inappropriate and misplaced. First, it is an out-of-circuit case. Second, *Onwucheckwe* is unpublished and clearly states, the case "is not precedent" (except under limited circumstances not relevant here). *Id.* Third, Defendants failed to comply with both FED. R. APP. P. 32.1(a) and Fifth Circuit Local Rule 47.5.4, both of which require a party

---

[1] Ms. Contreras' moving papers have briefed these issues in detail as to why this is excusable neglect.

citing to an unpublished opinion to file and serve a copy of that opinion, when the disposition is not available in a publicly accessible electronic database. Fourth, the case is clearly distinguishable on the facts. There, the Court *did not believe* that appellant's counsel failed to receive the e-mail notification, as counsel "had no difficulty receiving any other communications via the court's system." 404 F. App'x at 912. As explained in Plaintiff's moving papers and herein, this was clearly, not the case with Ms. Contreras' counsel, who did not receive *numerous* notifications.

Defendants' citation to *Crocker v. Child Dev. Sch. Inc.*, 2011 U.S. Dist. LEXIS 112255, 2011 WL 4501560, is likewise, not persuasive. The *Crocker* Court notably likened the delay of the therein plaintiff's attorney to the "digital age equivalent of 'the dog ate my homework.'" 2011 U.S. Dist. LEXIS 112255, at *15. However, there, the evidence showed counsel's e-mail difficulties were "the result of inadequate data storage space in the e-mail inbox, due to a failure to delete messages and clear data space when the service was at capacity." *Id.* This is why the Court likened counsel's "inability to manage an office e-mail system . . . as excusable neglect." *Id.* No such e-mail mis-management occurred in the instant case. The notifications at issue herein were not bouncing due to lack of space, but rather, were landing in counsel's spam folder, because the system identified the notifications as spam, which occurred notwithstanding proper e-mail system management and counsel's ongoing diligence in monitoring the docket. Notably, this is another out-of-circuit case, occurring in the United States District Court for the Middle District of Alabama, Eastern Division.

Finally, Defendants cite to yet a third inapplicable and non-binding case, that is, a Florida state case -- *Emerald Coast Util. Auth. v. Bear Marcus Pointe, LLC*, 227 So.2d 752, 757 (Fl. Ct. App. 2017). However, in that case, the Court determined counsel made a conscious decision to use a defective e-mail system and failed to actively check the trial court's electronic docket. Again, these are not the circumstances of the herein case before this Court. Plaintiff's counsel did not use a defective e-mail system. To the contrary, as has been experienced by other plaintiffs' counsel in this proceeding, notifications have been unexpectantly determined to be spam in a wholesale manner. Also, while in *Emerald Coast*, counsel wholly failed to monitor the electronic docket, Plaintiff's counsel herein has actively monitored the docket. The fact that Defendants have cited three out-of-circuit cases, each of which are clearly, factually distinguishable, demonstrates there is no authority for Defendants' unreasonable position that Ms. Contreras should be denied her day in Court over these understandable, excusable circumstances, which counsel has corrected.

### B. The MDL Litigation is an Extraordinary Circumstance that Justifies Rule 60(b) Relief

As Defendants correctly point out, whether a party's neglect is excusable takes into account all relevant circumstances surrounding the party's omission. The relevant circumstances surrounding this MDL Litigation are extraordinary: Aside from the particular events that led to the counsel's non-compliance and excusable neglect outlined in Ms. Contreras' moving papers, this is not a simple case with only one or a few plaintiffs on one side, one or a few Defendants on the other side, and merely 100-200 filings in the

docket. The Master Docket has over 11,000 filings with thousands of Plaintiffs, and counsel on each side.

Ms. Contreras' counsel believed she took the appropriate steps to monitor the docket and its thousands of filings. If oversight occurred, due to the extraordinary nature of this case, counsel trusted the procedures and system to notify her of important requirements, i.e., Lead Counsel serving the Order for the Categorization Form. Ms. Contreras should not have to bear the terminating weight of the deficiencies that led to non-compliance, especially given the merit of her claim, the very real injury she suffers due to this faulty product, and the extraordinary circumstances of this case.

### C. It Is in the Interests of Justice to Determine Ms. Contreras' Case on the Merits, as Opposed to Dismissing it due to a Technicality.

Defendants make no argument against the fact that they suffer no prejudice if Ms. Contreras' motion is granted, because they will suffer none. This is due to the fact that Ms. Contreras has complied with the Categorization Form Requirement and suffer real injuries at the hands of this product.

It is well established that:

> In the normal course of events, **justice is dispensed by the hearing of cases on their merits; only when the interest of justice are best served by dismissal can this harsh sanction be consonant with the role of courts.** We have previously indicated the limited appropriateness of the sanction of a dismissal: **A [dismissal] is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct or when other less drastic sanctions have proven unavailing.**'

\* \* \*

> In sum [...] in selecting the powerful option of terminating the underlying action in favor of on party, the court must be guided by a certain measure of restraint. [...] Thus, when contemplating the extreme sanction of judgment or dismissal under its inherent powers, it is appropriate for a district court to consider the egregiousness of the conduct in question in relation to all aspects of the judicial process.
> (*Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir 1993))
> [emphasis added]

It would be in the interests of justice to determine Ms. Contreras' case on the merits versus dismissing her case on a technicality. Ms. Contreras has suffered real harm due to this product.

Further the conduct here is far from egregious. The deficiency was neither purposeful nor an exercise of gamesmanship. It was not a repeated deficiency and counsel was never previously sanctioned by the Court. The failure was not repeated and will never be repeated again. As stated in the moving papers, counsel acknowledges the issue with spam e-mail. Because it is in the interests of justice, Ms. Contreras and her counsel respectfully request the Court grant her motion.

### III. CONCLUSION

Given that good cause is pled on Ms. Contreras' moving papers, the appropriateness of Rule 60(b) and that it would be in the interests of justice to reinstate Ms. Contreras' case into the MDL, Ms. Contreras and her counsel respectfully request this Court grant Ms. Contreras' Motion for Reconsideration of the Order Dismissing Her Case [(Document 10622] and reinstate her case into the MDL.

**Dated:     July 10, 2019**                    Respectfully submitted,

                                                    **MORRIS LAW FIRM**

_[signature]_

James A. Morris, Esq. (SBN 296852)
4111 W. Alameda Ave., Suite 611
Burbank, CA 91505
Tel: (747) 283-1144
Fax: (747) 283-1143
_jmorris@jamlawyers.com_
***Attorneys for Plaintiff Amanda Contreras***

## CERTIFICATE OF SERVICE

I certify that on **July 10, 2019,** a copy of the foregoing: **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERAION OF THE COURT'S DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM** has been e-filed.

/s/ *James A. Morris, Jr.*

_____
James A. Morris, Jr.