# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL NO. 2570 |
| This Document Relates To: ) ) | |
| Plaintiff Louis A. Paciocco ) | |

Civil Case # 1:17-cv-03100-RLY-TAB

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM AND MOTION TO REINSTATE**

Plaintiff LOUIS V. PACIOCCO respectfully files this Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) and requests the Court reconsider its order dismissing Plaintiff's case without prejudice [Document No. 10622 in the MDL, and Document No. 11 in the individual case]. Plaintiff asks the Court to grant the Motion and reinstate this case in this MDL for the reasons set forth herein.

## INTRODUCTION

Dismissal of Plaintiff's claims would be unfairly prejudicial, and the harm caused to Plaintiff would greatly outweigh any prejudice suffered by Defendants as a result of the delay in receiving the case categorization form. Defendants were already in receipt of substantially the same information through Plaintiff's Complaint and Plaintiff's Profile Sheet. Due to counsel's "excusable neglect", Plaintiff was unable to timely respond to Defendants' Motion to Dismiss.

## FACTS

On September 6, 2017, Plaintiff, LOUIS V. PACIOCCO, filed his Short Form Complaint

directly with the MDL Court (Case No. 1:17-cv-03100-RLY-TAB). Plaintiff timely submitted his Plaintiff Profile Sheet along with medical records on October 20, 2017. Defendants filed their Motion for Screening Order and Bellwether Selection Plan. Defendants' "Proposed Plan" was to promote the Court's goals of (1) trying Product-In-Place/No Injury/bellwether cases and (2) ensuring that the cases in the MDL allege a legally cognizable injury. Defendants filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Their Motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Form. The Court granted Defendants' Second Amended Motion to Dismiss. Plaintiff's claim was specifically dismissed for failure to file a Case Categorization Form by the designated deadline of December 22, 2018. Because many plaintiffs failed to meet that deadline, the Court extended the deadline to January 31, 2019. See Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms ("Final Deadline Order"), Dkt. 9956, p. 1. However, on May 7, 2019, this Court revised its order providing plaintiffs an additional 15 days, or no later than May 22, 2019, to submit the Case Categorization Form along with supporting medical records to Cook Defendants and Plaintiffs' Leadership. See Revised Second Amended Order Regarding Case Categorization Forms, Dkt. 10617, p. 2. Plaintiff complied with the Court's order on July 10, 2019, by submitting the Case Categorization Form and highlighted medical records as directed by the Court.

  Plaintiff's Counsel inadvertently missed the initial December 22, 2018, deadline set by this Court to submit a Case Categorization form for Plaintiff. The first Plaintiff's Counsel knew of the dismissals, or even the requirement for serving Case Categorization forms, was when an

email was sent by Plaintiffs' liaison counsel on June 8, 2019. Neither the undersigned counsel nor her law firm ever received any contact from the Plaintiffs' Steering Committee prior to that date informing them of the Motion to Dismiss. Immediately upon verifying that Plaintiff's case had been dismissed for failure to serve a Case Categorization firm, Plaintiff's Counsel undertook efforts to secure the medical records needed to support the case categorization for this case, which is High Risk and Filter Fracture (Symptomatic). The appropriate medical records were secured and highlighted, and served to Defendants with the Case Categorization form signed by Plaintiff's Counsel.

  By way of explanation, although not excuse, of Plaintiff's Counsel's delay in serving a Case Categorization form, Plaintiff's Counsel submits that the sheer volume of emails received in this MDL case, with no separate designation for filings specific to Plaintiff's individual case, caused Plaintiff's Counsel to overlook the fact that Plaintiff's case had been dismissed (and indeed, to overlook the deadline for serving a Case Categorization form). Plaintiff's Counsel's firm was, in good faith monitoring case-specific dockets, but made the erroneous assumption that any motions for dismissals would be addressed to the case-specific dockets. Based on the firm's experience with other multidistrict litigations, Plaintiff's Counsel expected that any dismissal motions would be filed on the individual dockets, with simultaneous correspondence from defense counsel. This did not occur in this case.

  Plaintiff's Counsel has already put procedures in place so that all general docket matters will be reviewed for individual case matters.  In addition, while no previous emails had been received from Plaintiff's Leadership Counsel prior to the June 8, 2019 email, Plaintiff's Counsel has since confirmed that she is on the appropriate email lists. Plaintiff never intended to fail to

comply with the Court's order, and Plaintiff's lack of compliance was not willful. Plaintiff's Counsel regrets and apologizes to the Court for the error. Under these circumstances, it would be unfairly prejudicial for Plaintiff to be unable to pursue viable claims due to an inadvertent oversight. Plaintiff respectfully requests that the Court reconsider its Order of dismissal and reinstate Plaintiff's case.

LEGAL STANDARD

A motion for reconsideration performs a valuable function where the court has made a decision outside the adversarial issues presented to the court by the parties. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir.1990). A motion to reconsider is appropriate where: "(1) the Court has patently misunderstood a party"; (2) the court has "made a decision outside the adversarial issues presented to the Court by the parties"; (3) the court has "made an error not of reasoning but of apprehension"; or (4) there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." Id. at 1191. It is well settled that in determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. Id. Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include the danger of prejudice to the defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id*. Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." Fed. R. Civ. P. 60(b). The rule states that "on motion and upon such

terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..." Fed. R. Civ. P. 60(b)(1).

## ARGUMENT AND AUTHORITIES

The dismissal of Plaintiff's case has caused irreparable harm. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendants, the harm to Plaintiff is much more significant than the prejudice suffered by Defendants in failing to receive the categorization form and medical records. *See, e.g., Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.") As discussed above, the information that is sought within the categorization form was already available to Defendant through Plaintiff's Profile Sheet. Conversely, the dismissal of Plaintiff's claims because of inadvertent failure of undersigned to comply with the order is disastrous to Plaintiff. Plaintiff has sought in good faith to timely comply with all Court Orders and has now completed and served Plaintiff's Case Categorization forms, along with corresponding highlighted medical records, upon Defendants. Therefore, in balancing the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

## CONCLUSION

When balancing harm to the parties, dismissal of Plaintiff's claims far outweighs any prejudice caused to the Defendants by the delay in receipt of the Case Categorization forms. As such, Plaintiff respectfully moves this honorable Court to vacate its order granting dismissal, and

reinstate Plaintiff's case in MDL 2570.

Dated: July 11, 2019

                                              Respectfully submitted,

                                              */s/ Charlotte L. Itoh*
                                              David M. Fine
                                              Charlotte L. Itoh
                                              Fine Law Firm
                                              220 Ninth Street NW
                                              Albuquerque, New Mexico 87102
                                              Telephone: (505) 243-4541
                                              Facsimile: (505) 242-2716
                                              david@thefinelawfirm.com
                                              charlotte@thefinelawfirm.com

I hereby certify that on July 11, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Charlotte L. Itoh*