**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
tterry@christiansenlaw.com
**KEELY A. PERDUE, ESQ.**
Nevada Bar No. 13931
keely@christiansenlaw.com
**CHRISTIANSEN LAW OFFICES**
810 South Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone:   (702) 240-7979
Facsimile:   (866) 412-6992
*Attorneys for Plaintiff Elaine Splan*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY ACTION | Case No. 1:14-ML-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to:<br><br>1:19-cv-06907-RLY | |

### PLAINTIFF ELAINE SPLAN'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO SERVE CASE CATEGORIZATION FORM

Plaintiff Elaine Splan, by and through her undersigned counsel, hereby submits her Opposition to Defendants' Motion to Dismiss for Failure to Serve Case Categorization Form.[1] At the outset, Plaintiff acknowledges the submission of her Case Categorization Form was approximately one month late. However, the circumstances surrounding this non-compliance are extraordinary and do not support the dismissal of Plaintiff's case. Plaintiff's case was recently transferred to this MDL on March 19, 2019. On April 17, 2019, Plaintiff timely submitted her

---

[1] Plaintiff acknowledges that, pursuant to Local Rule 7-1, a response is due within fourteen (14) days after service of the underlying motion. However, Plaintiff's counsel did not become aware of the instant Motion to Dismiss until the undersigned received an email from Riley Williams & Piatt LLC on July 10, 2019, advising the undersigned of the upcoming July 12, 2019 hearing.

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

1. Plaintiff Profile Sheet in accordance with the Third Amended Case Management Order No. 4. As soon as Plaintiff learned of this Court's Revised Second Amended Order Regarding Case Categorization Forms [ECF No. 10617], Plaintiff promptly submitted her Case Categorization Form on June 26, 2019. Given that Defendants were already in receipt of substantially the same information through the timely submission of Plaintiff's Profile Sheet, dismissal of Plaintiff's claims would be unfairly prejudicial. The prejudice caused to Plaintiff by such dismissal would substantially outweigh the prejudice suffered by Defendants, if any, as a result of the slight delay in receiving the Case Categorization Form in this matter. In light of the extraordinary circumstances explained herein, Plaintiff respectfully requests that the instant Motion to Dismiss be denied.

This Opposition is based upon the pleadings and papers on file in this action, the Declaration of Counsel and Points and Authorities set forth herein, and argument to be made by counsel at the time of the hearing.

**DECLARATION OF KEELY A. PERDUE, ESQ. IN SUPPORT OF PLAINTIFF ELAINE SPLAN'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO SERVE CASE CATEGORIZATION FORM**

I, KEELY A. PERDUE, ESQ., declare as follows:

1. On February 14, 2019, Plaintiff Elaine Splan ("Plaintiff") filed her Complaint against the Cook Defendants in the United States District Court, District of Nevada.

2. On March 19, 2019, Plaintiff's case was transferred from Nevada to this MDL in the Southern District of Indiana.

3. Plaintiff's counsel was notified of the transfer by way of electronic service. Consequently, Plaintiff's counsel was under the impression that they were already registered for electronic service in this matter.

4. Prior to the commencement of Plaintiff's case, on October 4, 2018, this Court entered its Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan [ECF No. 9322]. Therein, the Court ordered that the cases in the MDL be categorized by the MDL plaintiffs into one of seven categories for the preparation of a census of the filed cases and the selection of additional bellwether cases.

5.  On November 21, 2018, this Court entered its Order Regarding Case Categorization and Census [ECF No. 9638], requiring plaintiffs with cases filed in this MDL to serve Case Categorization Forms on Defendants by December 22, 2018.

6.  On January 17, 2019, this Court entered its Amended Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms [ECF No. 9956], extending the deadline to January 31, 2019, for plaintiffs who had failed to serve a Case Categorization Form.

7.  As mentioned above, Plaintiff's case was recently transferred to this MDL on March 19, 2019. At that time, none of the Court's prior orders regarding case categorization applied to cases that had not previously been filed and, thus, the orders did not apply to Plaintiff.

8.  On March 28, 2019, Plaintiff's counsel received written correspondence from Blake Angelino, requesting that Plaintiff submit her Plaintiff Profile Sheet within 5 business days otherwise Cook may move to dismiss Plaintiff's counsel pursuant to Third Amended Case Management Order No. 4 ("CMO No. 4").

9.  That same day, Plaintiff's counsel responded to Mr. Angelino via written correspondence, explaining that the Conditional Transfer Order was just recently filed on March 19, 2019 and, thus, Plaintiff's Profile Sheet was not due until April 18, 2019.

10. On April 17, 2019, Plaintiff timely submitted her Plaintiff Profile Sheet pursuant to CMO No. 4.

11. On May 7, 2019, this Court entered its Revised Second Amended Order Regarding Case Categorization Forms ("Second Amended Categorization Order") [ECF No. 10617], wherein this Court ordered that cases that had not complied with the January 31 deadline were to serve their Case Categorization Forms within 15 days of the date of the Order. It further ordered that "newly-filed" actions (i.e., those filed as of May 3, 2019 or later) must serve a Case Categorization Form within 30 days of the filing of the Complaint or of the transfer date to this MDL, whichever is applicable.

12. However, unbeknownst to Plaintiff's counsel at that time, counsel was not registered for electronic filing and did not receive service of a paper copy of the Second Amended Categorization Order from Plaintiffs' Lead Counsel.

13. Plaintiff's counsel did not receive service of paper copies of any filings or orders in this MDL from Plaintiffs' Lead Counsel until June 25, 2019.

14. On June 25, 2019, Plaintiff's counsel received this Court's Order Regarding Service to Counsel of Records [ECF No. 11188] via regular mail. This Order required any counsel who wants to be served with orders or other filings to register for electronic filing and, effective July 19, 2019, relieved Plaintiffs' Lead Counsel of its obligation to make paper service of orders or other filings on counsel of records who are not registered for electronic filing.

15. That same day, on June 25, 2019, Plaintiff's counsel registered for electronic filing. The registration was approved on June 26, 2019.

16. Plaintiff's counsel also immediately began reviewing the lengthy MDL docket, which contains more than 11,000 entries, to determine if any prior orders had been issued, but not served.

17. Plaintiff's counsel discovered the Second Amended Categorization Order and promptly served Plaintiff's Case Categorization Form on June 26, 2019.

18. Defendants filed the instant Motion to Dismiss for Failure to Serve Case Categorization Form on June 24, 2019—two days prior to the date on which Plaintiff's counsel's registration for electronic filing become effective and two days prior to the submission of Plaintiff's Case Categorization Form.

19. Although the Certificate of Service indicates "Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties", Plaintiff's counsel did not receive service of the instant Motion.

20. Plaintiff's counsel did not become aware of the instant Motion to Dismiss until the undersigned received an email from Riley Williams & Piatt LLC on July 10, 2019, advising the undersigned of the upcoming July 12, 2019 hearing.

21. Plaintiff's counsel acknowledges that on June 18, 2019, the Cook Defendants sent an email to Peter S. Christiansen, Esq., notifying him that a Case Categorization Form had not been received and a motion to dismiss may be filed if not received within 3 days. However, that email was sent solely to Mr. Christiansen, despite that Plaintiff's Complaint identifies three (3)

attorneys from Christiansen Law Offices that represent the Plaintiff in this matter—Peter S. Christiansen, R. Todd Terry, and Keely A. Perdue. Nevertheless, the email notification was sent solely to Mr. Christiansen and was inadvertently overlooked.

22. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of July, 2019, in Las Vegas, Nevada.



KEELY A. PERDUE, ESQ.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### **LEGAL ARGUMENT**

Pursuant to FRCP 41(b), Defendants seek to dismiss Plaintiff's case for failure to serve a Case Categorization Form in compliance with the Court's Orders. FRCP 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

The harsh sanction of dismissal for failure to prosecute under FRCP 41(b) is only appropriate in cases where there has been a pattern of delay tactics or contumacious behavior, or when less drastic sanctions have proven ineffective. *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir.1985); *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986); *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir.1983). When deciding whether to dismiss a case for want of prosecution, a district court should take into account the particular circumstances of the case, including the frequency and magnitude of the plaintiff's failure to comply with court deadlines and the resulting prejudice to defendants and the court, as well as the potential merit of the claim. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998).

A district court's dismissal is reviewed for an abuse of discretion; however, the district court's discretion is not unfettered. *Schilling v. Walworth County Park & Planning Comm'n*, 805

F.2d 272, 275 (7th Cir. 1986). Upon review, particular attention is given to the entire procedural history of the case as well as the status of the case at the time of the dismissal in order to determine whether the sanction of dismissal constituted an abuse of discretion. *Id*. (internal citations omitted); *see also Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir. 1983).

### A. PLAINTIFF WILL BE UNFAIRLY PREJUDICED IF HER CASE IS DISMISSED DUE TO NOTHING MORE THAN A MERE TECHNICALITY.

The instant matter was recently transferred to this MDL on March 19, 2019. In light of the time frame in which this transfer occurred, the Court's prior orders regarding case-categorization do not apply to Plaintiff's case. The only case-categorization order applicable to this case based on the date of transfer is the Court's Second Amended Categorization Order, which required Plaintiff to submit her Case Categorization Form by May 22, 2019.

However, Plaintiff's counsel's electronic filing registration did not become effective until June 26, 2019, and Plaintiff did not receive service of a paper copy of the Second Amended Categorization Order from Plaintiffs' Lead Counsel. Despite Plaintiff's counsel's attempt to actively monitor the electronic docket, which has more than 11,000 entries, counsel did not realize the Second Amended Categorization Order had been filed until June 25, 2019. Plaintiff submitted her Case Categorization Form the following day on June 26, 2019.

In *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 fn. 2 (7th Cir. 1987), the Seventh Circuit expressed, as dicta, that FRCP 41(b) would be an inappropriate basis for a dismissal solely for the plaintiff's failure to comply with a single discovery order. Absent a continuing pattern of delay, noncooperation and disobedience in this matter, dismissal of Plaintiff's case is inappropriate. Other than the deadline set-forth in the Second Amended Categorization Order, Plaintiff has complied with all Court Orders and discovery requirements, including service of Plaintiff's Profile Sheet and corresponding records.

Aside from the particular events that led to Plaintiff's non-compliance with respect to the timely submission of her Case Categorization Form, this is not a simple case with only one or a few plaintiffs, or one or a few Defendants, and merely 100-200 filings in the docket. Rather, the Master Docket in this case has over 11,000 filings with thousands of Plaintiffs, and numerous

counsel on each side. Plaintiff's counsel believed she took the appropriate steps to review and monitor the docket and its thousands of filings. If oversight occurred, due to the extraordinary nature of this case, counsel trusted the procedures and system to notify her of important requirements, which unfortunately did not occur (i.e., Lead Counsel serving the Second Amended Categorization Order).

While Plaintiff recognizes her compliance with the Second Amended Categorization Order was approximately one month late, such non-compliance is harmless. Defendants were already in possession of substantially the same information through the timely submission of Plaintiff's Profile Sheet. By contrast, Plaintiff will suffer significant prejudice if her case is dismissed, as her lawsuit was filed just shy of the two-year statute of limitations. The prejudice caused to Plaintiff by such dismissal would substantially outweigh the prejudice suffered by Defendants, if any, as Plaintiff has complied with the Case Categorization Form requirement with only a slight delay. Further, it is Plaintiff's understanding that, due to the date of filing, Plaintiff's case was not eligible for selection as a bellwether case and, thus, there is no argument that the lack of a timely submitted Case Categorization Form from Plaintiff removed the case from consideration as a bellwether trial in the Court's last selection.

It is well established that:

> In the normal course of events, **justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of courts**. We have previously indicated the limited appropriateness of a sanction dismissal: **A [dismissal] is a harsh sanction which should usually be employed in extreme situations, when there is a clear record of delay or contumacious conduct or when other less drastic sanctions have proven unavailing**.

*Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) (emphasis added). It is certainly in the interests of justice to determine Plaintiff's case on the merits versus dismissing her case on a mere technicality and nothing more than a single instance of untimely compliance with a court order. Further, the conduct at issue here is far from egregious. The instant deficiency was neither repeated, purposeful nor an exercise of gamesmanship. Plaintiff has never failed to meet deadlines and has not failed to comply with any other Orders of this Court. Plaintiff has never been

sanctioned by the Court for any wrong behavior, so it is impossible that Plaintiff failed to conform to lesser sanctions. Because it is in the interests of justice to decide cases on their merits, it would be inappropriate to dismiss Plaintiff's case at this juncture.

In sum, Plaintiff should not be subjected to case terminating sanctions based on a single instance of non-compliance with a court order. Additionally, Plaintiff should not have to bear the terminating weight of the deficiencies that led to non-compliance in the first place, especially given the merit of her claim, the very real, life-threatening injury she suffers due to Defendants' faulty product, and the extraordinary circumstances of this case.

## II.
## CONCLUSION

Based on the foregoing facts, law, and analysis, Plaintiffs respectfully request that this Court enter an Order denying Defendants' Motion to Dismiss for Failure to Serve Case Categorization Form.

Dated this 11th day of July, 2019.

CHRISTIANSEN LAW OFFICES

By_____
PETER S. CHRISTIANSEN, ESQ.
R. TODD TERRY, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Plaintiff Elaine Splan*

8

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of CHRISTIANSEN LAW OFFICES, and that on this 11th day of July, 2019, I caused the foregoing document entitled **PLAINTIFF ELAINE SPLAN'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO SERVE CASE CATEGORIZATION FORM** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.



9