IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Actions:

*Mark Marchionne v. Cook Incorporated, et al. 1:18-cv-02245*
*Richard Jones v. Cook Incorporated, et al. 1:18-cv-02150*

### PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFFS' CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM AND MOTION TO REINSTATE

COMES NOW the above Plaintiffs by and through their counsel, and respectfully files this Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b) and requests the Court reconsider its Order Dismissing Plaintiffs' case without prejudice. Plaintiffs ask the Court to grant the Motion and reinstate the above-referenced cases in this MDL for the reasons set forth herein.

1. Plaintiffs did not receive Defendant's Motion to Dismiss or the Court's Order regarding categorization forms due to a clerical error. Plaintiffs' failure to comply with the Court's Order was inadvertent.

2. When balancing the harm to the parties, the dismissal of Plaintiffs' claims far outweighs the prejudice to Defendant in not receiving Plaintiffs' categorization forms. Defendant cannot not show it has been unfairly prejudiced by failure to receive the forms, since the information contained within the form was previously provided in Plaintiffs' Profile Form and records.

## FACTS

Plaintiffs' Counsel represents Plaintiffs in various MDLs. The task of monitoring the various ECF filings and notifications in these MDLs falls on the undersigned Counsel's paralegal. Often, hundreds of ECF notices are received each day from various MDLs. As indicated in a Declaration signed by the undersigned counsel's paralegal, Ashley Torres, she was responsible for overseeing and monitoring all IVC fillings, but encountered an e-mail error that inadvertently transferred all ECF notifications from this MDL to a subfolder where they could not be reviewed. *See* Exhibit A. This error was discovered following an email that was received on July 10, 2019, from Plaintiffs' Liaison Counsel, informing Plaintiffs' Counsel of the hearing regarding the dismissal of cases for failure to comply with the categorization order scheduled on July 12, 2019. As soon as this error was discovered, Ms. Torres diligently worked to remedy the situation and complied with the Court's Order of May 7, 2019 by submitting the Case Categorization Form and highlighted medical records. *See* Exhibit B and C.

This was an unfortunate error and Plaintiffs never intended to fail to comply with the Court's order. All necessary steps have been taken to ensure that this never occurs again. Plaintiffs respectfully request the court reconsider its Order of dismissal and reinstate Plaintiffs' cases.

## LEGAL STANDARD

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party"; (2) the court has "made a decision outside the adversarial issues presented to the Court by the parties"; (3) the court has "made an error not of reasoning but of apprehension"; or (4) there has been a "controlling or significant change in the law or facts since the submission of the issue to the court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)

It is well settled that in determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Id*. At 1191. Likewise, when examining a case under 60(b), the Court must take account of all relevant circumstances surrounding the party's omission. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (U.S. 1993). These circumstances include the danger of Prejudice to the defendant, the length of delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted with good faith. *Id.*

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgement on the basis of "excusable neglect." Fed. R. Civ. P. 60(b). The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertent, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

## ARGUMENT & AUTHORITIES

The dismissal of Plaintiffs' cases will cause irreparable harm. When weighing the harm to Plaintiffs in comparison to the prejudice suffered by Defendant, the harm to Plaintiffs is much more significant than the prejudice suffered by Defendant in failing to receive the Categorization Form and records. *See, e.g., Barnhill v. United States*, 11F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion as appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.").

As stated above, the information that is sought within the Categorization Form was already available to Defendant through the Plaintiff Profile Form and medical records. Neither Plaintiffs nor their Counsel were aware they were non-compliant regarding this matter. Other than the deadline surrounding the Categorization Form, Plaintiffs have never failed to meet deadlines and

have not failed to comply with other Orders of this Court. Considering the balance of the factors discussed above, the dismissal of Plaintiffs' claims because of inadvertent failure of the undersigned to comply with the order would be disastrous to Plaintiffs.

## **CONCLUSION**

Plaintiffs respectfully request the Court reconsider its dismissal of Plaintiffs' claims and reinstate Plaintiffs' cases in MDL 2570.

Dated: July 11, 2019

Respectfully submitted,

**REICH & BINSTOCK, LLP**

By: /s/ Robert J. Binstock
Robert J. Binstock
State Bar No. 02328350
E-mail: bbinstock@reichandbinstock.com
4265 San Felipe, Suite 1000
Houston, Texas  77027
Telephone:  (713) 622-7271
Facsimile:  (713) 623-8724

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By: /s/ Robert J. Binstock<br>
Robert J. Binstock