# BOWERSOX LAW FIRM P.C.

Jeffrey A. Bowersox
Jeffrey@bowersoxlaw.com

July 12, 2019

*Via ECF System*
Honorable Richard L. Young
United States District Court
Southern District of Indiana
46 East Ohio Street
Indianapolis, IN 46204

> In Re:  Cook Medical, Inc. IVC Filters, Marketing, Sales Practices and Products Liability Litigation
> MDL Case No. 1:14-ml-2570-RLY-TAB
> Joseph Keith Anders; Case No. 1:17-cv-01327-RLY-TAB

Dear Judge Young:

    Thank you for allowing me an opportunity to briefly address some of the issues relevant to Mr. Anders' motion to reconsider and to reinstate his case during our telephone hearing today. I know that the court read the briefs filed in this matter and we discussed during argument the unusual event that occurred where the ECF system stopped generating notices to my office related to any matters in the Cook MDL. As I noted in my brief, FRCP 5(b)(2)(E) specifies that service through the ECF system is "not effective if the filer or sender learns that it did not reach the person to be served."

    We also discussed the fact that Mr. Anders does not have an existing medical record charting the statements made to him by his physicians that the risk associated with removing his IVC would outweigh the benefit expected to be gained through removal.

    As I noted on the phone today, I have no idea why Mr. Anders' physicians did not chart those conversations. I presume that on the occasions where he was informed of the risk versus benefit of removing the IVC, a discussion of the IVC was not the primary purpose of his visit; as for example the discussion with his urologist in Arizona.

    Although I did not mention this during our conversation on the record. It is important to note that plaintiff has fully and timely complied with all discovery requests in this case. This includes timely serving his PFS and PPD and responding and curing any alleged deficiencies asserted by Cook. Defendants have had all of plaintiff's medical records and PFS/PPD answers since mid-2017.

Honorable Richard L. Young  BOWERSOX LAW FIRM, P.C.
July 12, 2019
Page 2

     As a result of having all discovery for over two years, it's difficult to imagine that any prejudice arises to defendants that would any way compare to the irreparable harm that would be suffered by plaintiff if his case remains dismissed. Plaintiff is not now able to allege new or different injuries from those asserted in his original complaint. So, the dismissal order is effectively the end of his case unless the dismissal is vacated.

     I appreciate the challenge the court faces in managing a docket of this size. Even so, justice favors that claims be resolved on their merits whenever possible. Under the totality of the circumstances of Mr. Anders' case, it would be just and proper to vacate the prior dismissal and reinstate his case, allowing him 30 days to obtain a declaration or other medical evidence supporting his case categorization. Plaintiff requests the court to so order.

     Respectfully submitted,

     Jeffrey A. Bowersox

JAB:kr

Service of this letter will be made
electronically on all ECF-registered counsel of
records via email generated by the court's
ECF system.