IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION

Case No. 1:14-ml-2570-RLY-TAB

MDL No. 2570

This Document Relates to Plaintiff

**Heather Valvo** Case Number: 1:16-cv-01285

## SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
## MOTION FOR RECONSIDERATION AND REINSTATEMENT PURSUANT TO
## F.R.C.P 59(e) and 60(b)

I, Keith D. Griffin, after being duly sworn upon his oath, makes this supplemental
affidavit in support of Plaintiff Heather Valvo's Motion for Reconsideration and state the
following:

1.         I am an attorney of the law firm of Girardi | Keese, attorneys of record for
Plaintiff, Heather Valvo, herein. I have personal knowledge of the facts set forth herein
and if called upon as a witness I would be competent to testify thereto. Each of the facts
and statements herein are true and correct. I make this affidavit in support of Plaintiff's
Motion for Reconsideration and Reinstatement Pursuant to F.R.C.P. 59(e) and 60(b) of
the Court's Order Dismissing Plaintiff's Claims For Failure to Submit a Case
Categorization Form.

2.         For the purpose of ensuring a complete record, I wanted to take this opportunity
to advise the Court of an important fact raised at the end of the hearing on Plaintiffs'
various motions for reinstatement. I was not able to be heard during the hearing on the

Motion on July 12, 2019 due to the length of the hearing and the Court's need to move on to other issues. I was present on the phone.

3.     The last point raised in the hearing by other Plaintiff counsel related to the fact that all of the information requested in the Case Categorization Form had been previously supplied to Defendant's counsel well before this issue arose with the Case Categorization Form deadline. This same factual scenario is true for Plaintiff Heather Valvo.

4.     The Case Categorization Form sought to place Plaintiffs into various categories including (1) successful first removal without complication or physical injury cases, (2) cases alleging mental distress and embedment, (3) stenosis of the IVC and anticoagulation cases, (4) embedded and high risk cases, (5) failed retrieval and complicated retrieval cases, (6) non-symptomatic injury cases and (7) symptomatic injury cases. The Case Categorization Form also requested specific medical records be produced. Plaintiff had previously provided the categorization form information via the Plaintiff Fact Sheet and Profile Form and had already submitted bookmarked medical records in 2016.

5.     Heather Valvo's Plaintiff Fact Sheet with signed authorizations, Plaintiff Profile Form and bookmarked medical records were submitted to Defendant's counsel on June 27, 2016. Attached as **Exhibit "1"** is a true and correct copy of that email and its attachments.

6.     In summary, Plaintiff submitted all of the information contained in the Case Categorization Form, including specific identification of claimed injury and bookmarked medical records over three years ago.

///

///

///

7.      Plaintiff respectfully requests that the Court reinstate this case as the delayed submission of the Case Categorization Form was based on a clear oversight which has now been rectified and the information contained in the Case Categorization Form had been previously submitted to counsel for Defendant via the Plaintiff Fact Sheet, Profile Form, and bookmarked medical records that were submitted on June 27, 2016.

FURTHER, AFFIANT SAITH NOT.

_____
KEITH D. GRIFFIN

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of _Los Angeles_
Subscribed and sworn to (or affirmed) before me on this _12_ day of _July_ 2019 by _Keith D Griffin_ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature_____(seal)

ANTHONY TORRES
Notary Public - California
Los Angeles County
Commission # 2269018
My Comm. Expires Dec 1, 2022

# Exhibit "1"

**Alexa F. Galloway**

| | |
|---|---|
| **From:** | Patricia Paz |
| **Sent:** | Friday, July 12, 2019 9:37 AM |
| **To:** | Alexa F. Galloway |
| **Subject:** | FW: Re:  Cook IVC MDL 2570 Litigation - PPF/PFS/Bookmarked medical records for Plaintiff Heather Valvo |

**From:** Anne Kurke
**Sent:** Monday, June 27, 2016 1:04 PM
**To:** CookIVCFMDL@woodmclaw.com
**Cc:** Litigation Support Team; !NA KCC IVC (IVC@kccllc.com); Keith Griffin
**Subject:** Re: Cook IVC MDL 2570 Litigation - PPF/PFS/Bookmarked medical records for Plaintiff Heather Valvo

Dear Counsel,

A completed MDL 2570 Plaintiff Fact Sheet with signed authorizations, Plaintiff Profile Form and bookmarked medical records for Plaintiff Heather Valvo has been uploaded and submitted to:

https://filetransfer.woodmclaw.com/filedrop/kjachimiak@woodmclaw.com per CMO #6.

With Kind regards,

*Anne Kurke*

G I R A R D I | K E E S E
L A W Y E R S
**Assistant to Keith Griffin, Esq.**
1126 Wilshire Boulevard
Los Angeles, CA 90017
(213) 977-0211 ex. 317
(213) 481-1554 fax
akurke@girardikeese.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

*MDL No. 2570*

IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION

In completing this **Plaintiff Profile Form**, you are under oath and must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.

## I. CASE INFORMATION

Caption:  In Re: Cook Medical, Inc., et al.           Date: May 24, 2016
Docket No.:  1:16-cv-1285
Plaintiff(s) attorney and Contact information:
Thomas V. Girardi and Keith D. Griffin
Girardi Keese
1126 Wilshire Boulevard
Los Angeles, CA  90017

## II. PLAINTIFF INFORMATION

Name:  Heather Renee Valvo
Spouse:  Michael Paul Valvo           Loss of Consortium? ☑Yes☐ No
Address:  22330 Homestead Pl., Santa Clarita, CA  91350
Date of birth:  10/23/1980
Social Security No.:  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

## III. DEVICE INFORMATION[1]

Date of Implant: 01/30/2009
*Reason for Implant:*  Pulmonary Embolism following birth of twins
Brand Name:  Gunther Tulip Vena Cava Filter           Mfr.  Cook Medical, Inc.
Lot Number:
Placement Physician:  Sanjeev Khanna, M.D.
Medical Facility:  Henry Mayo Newhall Memorial Hospital

---

[1] Note: In lieu of device information, the relevant procedure/operating records may be provided, as long as all requested information is fully legible on the face of said records.

Date of Implant: _____

*Reason for Implant:* _____

Brand Name: _____  Mfr. _____

Implanting Physician: _____

Medical Facility: _____

### • *Attach medical evidence of product identification.*

## IV. RETRIEVAL/REMOVAL/EXPLANT PROCEDURE INFORMATION

Date of retrieval (including any attempts): 03/13/2009

*Type of retrieval:* (1) 11 French - multiple catheters & multiple snares

Retrieval physician: Sanjeev Khanna, M.D.

Medical Facility: Henry Mayo Newhall Memorial Hospital

Reason for Retrieval: Scheduled removal for temporary filter

Date of retrieval (including any attempts): 03/26/2009

*Type of retrieval:* (1) French Sheath  (2) Reverse Curve Visceral Catheter  (3) 035 Glidewire Technique

Retrieval physician: Anil N. Wadhwani, M.D.

Medical Facility: Henry Mayo Newhall Memorial Hospital

Reason for Retrieval: First attempt failed

Date of retrieval (including any attempts): 07/23/2015

*Type of retrieval:* Endovascular Laser

Retrieval physician: William Kuo, M.D.

Medical Facility: Stanford Hospital

Reason for Retrieval: Significant Pain/Perforation/Organ Perforation (removal of IVC filter)

Date of retrieval (including any attempts): _____

*Type of retrieval:* _____

Retrieval physician: _____

Medical Facility: _____

Reason for Retrieval: _____

## V.  OUTCOME ATTRIBUTED TO DEVICE

| | |
|---|---|
| ✓ Migration | ☑ Other Spine Perforation |
| ✓ Tilt | ☐ Other |
| ✓ Vena Cava Perforation | ☐ Other |
| Fracture | ☐ Other |
| Device is unable to be retrieved | ☐ Other |
| Bleeding | ☐ Other |
| ✓ Organ Perforation | ☐ Other |

## VI.  HOW OUTCOME(S) ATTRIBUTED TO DEVICE DETERMINED

 Retrieval Surgery _____ by Dr. Kuo, Stanford Hospital _____

(e.g. imagine studies, surgery, doctor visits)
 CT with contrast _____ by Henry Mayo Newhall Hospital ____

_____ by _____

_____ by _____

## VII.  CURRENT COMPLAINTS

Describe all current complaints you attribute to the device:
-Not able to have more children.
-Premenopause at early age due to hysterectomy
-Weight gain - significant
-Psychological anguish of weight gain and inability to have more children.

## VIII.  PAST HISTORY

Number of Deep Vein Thromboses: 0 _____    Number of Pulmonary Emboli: 1 _____

Prior to, or following placement of the device, have you ever had or been diagnosed with:

| | |
|---|---|
| ☐ | Lupus |
| ☐ | Crohn's Disease |
| ☐ | Factor V Leiden |
| ☐ | Protein Deficiency |
| ☐ | Spinal fusion or other back procedures |
| ☐ | Anti-thrombin deficiency |
| ☐ | Prothrombin mutation |

Are you claiming damages for lost wages: ☐ Yes      ☑ No
If so, for what time period: _____
Have you filed for bankruptcy from 5 years prior to the date of first placement of the Inferior Vena Cava Filter to the present?: ☐ Yes ☑ No
If so, when, and has the bankruptcy trustee been notified of your pending claim?
_____

Do you have a computer? ☑ Yes ☐ No

If so, are you a member of Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn or other social media websites?
☑ Yes ☐ No

Please provide all user names, handles, login names, or IDs and/or email addresses associated with each type of social media used.  Please do not include any passwords:

Facebook: Heather Valvo, hppysmyls@earthlink.net

Instagram: hppysmyls, hppysmyls@earthlink.net

## IX. LIST ALL TREATING PHYSICIANS FROM TEN (10) YEARS PRIOR TO THE DATE OF FIRST PLACEMENT OF THE INFERIOR VENA CAVA FILTER, TO THE PRESENT.  INCLUDE ALL PRIMARY CARE PHYSICIANS, INTERVENTIONAL RADIOLOGISTS, VASCULAR SURGEONS, HEMATOLOGISTS, PSYCHIATRISTS, PSYCHOLOGISTS, OR ANY OTHER SPECIALISTS.

Primary Care Physicians:

Name: Maria Sandra A. Umali, M.D.

Address: 22621 Lyons Ave., Newhall, CA  91321

Approximate Period of Treatment: 10/2002 - Present

Name: _____

Address: _____

Approximate Period of Treatment: _____

Interventional Radiologists, Vascular Surgeons and/or Hematologists:

Name: Kuo, William T., M.D.

Address: 300 Pasteur Dr., H3142, Palo Alto, CA  94304

Approximate Period of Treatment: 07/22/2015 - 07/24/2015

Name: Wickramasinghe, Himanshu V., M.D.

Address: 23928 Lyons Ave., #203, Newhall, CA  91321

Approximate Period of Treatment: 01/2009 - 06/2009

Name: _____

Address: _____

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

<u>Psychiatrists/Psychologists (Complete this answer only if making a claim for emotional/psychological injury other than usual "pain and suffering and mental anguish"):</u>

Name: Robert Dosh, Ph.D

Address: 25050 Peachland Ave., Newhall, CA  91321

Approximate Period of Treatment: 2009 - 2014

Name: _____

Address: _____

Approximate Period of Treatment: _____

*Attach additional pages as needed to identify other health care providers you have seen.*

| Date | Procedure | Doctor/Facility |
|---|---|---|
| 2011 June | Removal of ovarian cyst | Dr. Navid Navizhdeh<br>23823 Valencia Blvd., #140<br>Valencia, CA  91355 |
| 2013 November | Rt. knee surgery | Dr. Bleecher<br>Southern California Orthopedic Institute<br>24051 Newhall Ranch Rd.<br>Valencia, CA  91355 |
| 2014 June | Hysterectomy | Dr. Navid Navizhdeh<br>23823 Valencia Blvd., #140<br>Valencia, CA  91355 |
| July 2015 | Filter Retrieval | Dr. William Kuo<br>300 Pasteur Dr. h3142<br>Palo Alto, CA  94304 |
| June 2015 | Rt. Ovary removal | Dr. Roscoe Marter<br>23803 McBean Pkwy<br>Valencia, CA  91355 |
| 2015 August | Rt. Carpel Tunnel release | Dr. Rodney Gabriel<br>444 San Vicente Blvd., #600<br>Los Angeles, CA  90048 |
| Feb 2016 | Appendectomy | Dr. Edgar Enriquez<br>Henry Mayo Newhall Memorial Hospital<br>23845 McBean Pkwy<br>Valencia, CA  91355 |

## AUTHORIZATIONS

Provide ONE (1) SIGNED ORIGINAL copy of the records authorization form attached in Exhibit A. The form will authorize counsel for the Cook Group Companies to obtain those records identified within this Claimant Profile Form.

## VERIFICATION

I, _Heather Valvo_, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _6/2/2016_ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_Heather Valvo_
[Signature of Claimant]

## VERIFICATION OF LOSS OF CONSORTIUM (if applicable)

I, _Michele Villi_, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _6/2/2016_ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

[Signature of Consortium Plaintiff]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No.: 1:14-ml 2570-RLY-TAB
MDL No. 2570

This Document Relates:

Case No:

1:16-cv-1285

Plaintiff: Heather Valvo
             [Name of Plaintiff]

## PLAINTIFF FACT SHEET

Each plaintiff who allegedly suffered injury as a result of a Cook Inferior Vena Cava Filter must complete the following Plaintiff Fact Sheet ("Fact Sheet"). In completing this Fact Sheet, you are **under oath and must answer every question**. You must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details as requested, please provide as much information as you can and then state that your answer is incomplete and explain why, as appropriate. If you select an "I Don't Know" answer, please state all that you do know about that subject. If any information you need to complete any part of the Fact Sheet is in the possession of your attorney, please consult with your attorney so that you can fully and accurately respond to the questions set out below. If you are completing the Fact Sheet for someone who cannot complete the Fact Sheet herself, please answer as completely as you can.

The Fact Sheet shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. A completed Fact Sheet shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37. Therefore, you must supplement your responses if you learn that they are incomplete or incorrect in any material respect. The questions and requests for production of documents contained in this Fact Sheet are non-objectionable and shall be answered without objection. This Fact Sheet shall not preclude Cook Defendants from seeking additional documents and information on a reasonable, case-by-case basis, pursuant to the Federal Rules of Civil Procedure and as permitted by the applicable Case Management Order.

1

In filling out this form, "healthcare provider" shall mean any medical provider, doctor, physician, surgeon, pharmacist, hospital, clinic, medical center, physician's office, infirmary, medical/diagnostic laboratory, or any other facility that provides medical care or advice, along with any pharmacy, x-ray department, radiology department, laboratory, physical therapist/physical therapy department, rehabilitation specialist, chiropractor, or other persons or entities involved in your diagnosis, care and/or treatment.

In filling out this form, the terms "You" or "Your" refer to the person who received a Cook Vena Cava Filter manufactured and/or distributed by Cook Group Companies, including Cook Medical Incorporated, Cook Incorporated, Cook Group Incorporated and/or William Cook Europe ApS ("Cook Group Defendants") and who is identified in Question I. 1 (a) below.

To the extent that the form does not provide enough space to complete your responses or answers, please attach additional sheets as necessary. Information provided by Plaintiff will only be used for the purposes related to this litigation and may be disclosed only as permitted under the protective order in this litigation.

Nothing herein prohibits the plaintiff from withholding any materials or information protected by a claim of privilege, however, a privilege log will be made available to Cook Defendants' counsel.

## I. BACKGROUND INFORMATION

1. Please state:

   a) Full name of the person who received the Cook Inferior Vena Cava Filter(s), including maiden name: __Heather Renee Valvo (Wesley)__

   b) If you are completing this form in a representative capacity (e.g., on behalf of the estate of a deceased person), please list your full name and your relationship to the person listed in 1 (a) above: _____

   _____

   [If you are completing this form in a representative capacity, please respond to the remaining questions with respect to the person who received the Cook IVC Filter.]

   c) The name and address of your primary attorney:

2. Your Social Security Number: __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__

3. Your date of birth: __10/23/1980__

4. Your current residential address: __22330 Homestead Pl., Santa Clarita, CA  91350__

5.      If you have lived at this address for less than ten (10) years, provide each of your prior residential addresses from 2000 to the present:   Not applicable

| Prior Address | Dates You Lived at this Address |
|---|---|
|  |  |
|  |  |
|  |  |

6.      Have you ever been married? Yes ☑ No ☐

If yes, provide the names and addresses of each spouse and the inclusive dates of your marriage to each person.

Michael "Mike" Valvo - 22330 Homestead Pl., Santa Clarita, CA  91350

07/30/2005 - Present

7.      Do you have children? Yes ☑ No ☐

If yes, please provide the following information with respect to each child:

| Full Name of Child | Date of Birth | Home Address (if different from your own) | Whether Biological/Adopted |
|---|---|---|---|
| Troy Michael Valvo | 01/17/2009 | 22330 Homestead Pl., Santa Clarita, CA 91350 | Biological |
| Cheyenne Michelle Valvo | 01/17/2009 | 22330 Homestead Pl., Santa Clarita, CA 91350 | Biological |
|  |  |  |  |
|  |  |  |  |

8.      Identify the name and age of any person who currently resides with you and their relationship to you:

Michael Valvo, 38, husband

Troy Michael Valvo, 7, son

Cheyenne Michelle Valvo, 7, daughter

9.    Identify all secondary and post-secondary schools you attended, starting with high school and please provide the following information with respect to each:

| Name of School | Address | Dates of Attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
| Saugus High School | Santa Clarita, CA | 1995 - 1999 | Diploma | General |
| Tidewater Community College | Chesapeake, VA | 1999 - 2000 | None | |
| College of the Canyons | Valencia, CA | 1999 - 2007 | A.S. | Computer Business Applications |

10.    Please provide the following information for your employment history over the past ten (10) years up until the present:

| Name of Employer | Address | Job Title/Description of Duties | Dates of Employment | Salary/Rate of Pay |
|---|---|---|---|---|
| Storms Publishing | Valencia, CA | Marketing Assistant | 2014 - 2015 | $18.00/hr |
| Wazu Publishing | Santa Clarita, CA | Owner | 2009 - current | Varies |
| Pierson Wealth Mgmt | Santa Clarita, CA | Admin. Assistant | 2013 - 2014 | $16.00/hr |
| Eternal Valley | Santa Clarita, CA | Family Service Couns. | 2012 - 2013 | $48,000/year |

11.    Have you ever served in any branch of the military? Yes ☐ No ☑

If yes, please provide the following information:

a.    Branch and dates of service, rank upon discharge and the type of discharge you received: _____

b.    Were you discharged from the military at any time for any reason relating to your medical, physical, or psychiatric condition? Yes ☐ No ☐

If yes, state what that condition was: _____

_____

12.    Within the last ten (10) years, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty? Yes ☐ No ☑

4

If yes, please set forth where, when and the felony and/or crime of fraud and/or dishonesty:

_____

_____

## II. CLAIM INFORMATION

1)  Have you ever received a Cook Inferior Vena Cava Filter? Yes ☑ No ☐

    If yes, please check the box(es) for each type of Cook Inferior Vena Cava Filter you have received:

    ☐ Cook Celect®

    ☑ Günther Tulip®

    ☐ Other (please identify): _____

2)  For each Cook Inferior Vena Cava Filter identified above, please provide the following information:

    a)  The date each Cook Inferior Vena Cava Filter was implanted in you: 01/30/2009

    b)  The product code and lot number of each Cook Inferior Vena Cava Filter you received if you are aware of them: Unknown

    c)  Location of the Cook Inferior Vena Cava Filter, if known: n/a

3)  Describe your understanding of the medical condition for which you received the Cook Inferior Vena Cava Filter(s): Pulmonary Embolism

4)  Give the name and address of the doctor who implanted the Cook Inferior Vena Cava Filter(s): Sanjeev Khanna, M.D., 3525 Olentangy River Rd.,#5362, Columbus, OH  43214

5)  Give the name and address of the hospital or other healthcare facility where the Cook Inferior Vena Cava Filter was implanted: Henry Mayo Newhall Memorial Hospital 23845 McBean Pkwy, Valencia, CA  91355

6)  Have you ever been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for the treatment of the same condition(s) identified in your answer to (3) above? No

5

If yes, please identify any such device(s) or product(s).

When was this device or product implanted in you?

Did the implantation take place before, at the same time, or after the procedure during which you were implanted with a Cook Inferior Vena Cava Filter?

Who was the physician(s) who implanted this other device or product?

Where was the other device or product implanted in you?

Why was the other device or product implanted in you?

7)   Prior to implantation with a Cook Inferior Vena Cava Filter, did you receive any written and/or verbal information or instructions regarding the Cook Inferior Vena Cava Filter(s), including any risks or complications that might be associated with the use of the same?

Yes [  ]   No [  ]   Don't Know [✔]

If yes:

a)   Provide the date you received the written and/or verbal information or instructions:

b)   Identify by name and address the person(s) who provided the information or instructions:

c)   What information or instructions did you receive?

d)   If you have copies of the written information or instructions you received, please attach copies to your response.

e)   Were you told of any potential complications from the implantation of the Cook Inferior Vena Cava Filter(s)?   Yes [  ]   No [  ]   Don't Know [  ]

f)   If yes to (e), by whom?

g)   If yes to (e), what potential complications were described to you?

8)   Do you believe that the Cook Inferior Vena Cava Filter remains implanted in you?  If so,
NO

a)   Has any doctor recommended removal of the Cook Inferior Vena Cava Filter(s)?

Yes [  ]   No [  ]

If yes, identify by name and address the doctor who recommended removal and state your understanding of why the doctor recommended removal.

6

9) Has any physician ever told you that he or she removed any Cook Inferior Vena Cava Filter(s) from you, in whole or in part?

Yes ✔ No ☐ Don't Know ☐

If yes:

a) Identify the date, name of the medical provider and the name/address of the medical facility where you told of the potential complications resulting from or caused, in whole or in part, by the implantation of Cook Inferior Vena Cava Filter(s)? 06/15/2015 - Moran, Julieta, M.D. - Henry Mayo Newhall Memorial Hospital ER - 23845 McBean Pkwy, Valencia, CA 91355

b) Where, when and by whom was the Cook Inferior Vena Cava Filter(s), or any portion of it, removed? Stanford Hospital, 07/23/2015, Dr. Kuo

c) Explain why you consented to have the Cook Inferior Vena Cava Filter(s), or any portion of it, removed? Significant pain & danger due to protrusion

d) Does any medical provider, physician, entity, or anyone else acting on your behalf have possession of any portion of the Cook Inferior Vena Cava Filter (such as a broken strut, etc.) that was previously implanted in you and subsequently removed? Yes ☐ No ☐ Don't Know ✔

e) If yes, please state name and address of the person or entity having possession of same.

10) Do you claim that you suffered bodily injuries as a result or the implantation of Cook Inferior Vena Cava Filter(s)? Yes ✔ No ☐

If yes:

a) Describe the bodily injuries, including any emotional or psychological injuries, that you claim resulted from the implantation, attempted removal and/or removal of the Cook Inferior Vena Cava Filter(s)? Constant pain from device. Not able to have more children, pre menopause at an early age due to hysterectomy. Significant weight gain, psychological anguish of weight gain & inability to have more children. Scar tissue and daily pain due to that I had to undergo as a result of the filter.

b) When is the first time you experienced symptoms of any of the bodily injuries you claim in your lawsuit to have resulted from the Cook Inferior Vena Cava Filter(s)? October 2009

c)  When did you first attribute these bodily injuries to the Cook Inferior Vena Cava Filter(s)? October 2009

d)  To the best of your knowledge and recollection, please state the approximate date when you first saw a health care provider for each of the bodily injuries you claim to have experienced relating to the Cook Inferior Vena Cava Filter(s).

October 2009

e)  Are you currently experiencing symptoms related to your claimed bodily injuries?

Yes ☑ No ☐

If yes, please describe your current symptoms in detail. Pain from scar tissue from surgeries. Still cannot have more kids. Still in pre-menopause.

f)  Are you currently seeing, or have you ever seen by a doctor or healthcare provider for any of the bodily injuries or symptoms listed above? Yes ☑ No ☐

If yes, please list all doctors you have seen for treatment of any of the bodily injuries you have listed above.

| Provider Name and Address | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
| Dr. Navid Navizadeh 23823 Valencia Blvd., #140, Valencia, CA 91355 | Tubes tied/Hysterectomy | October 2009 / June 2014 |
| Dr. Maria Sandra Umali 22621 Lyons Ave., Newhall, CA 91321 | Internal Pain | October 2009 - Present |
| | | |

g)  Were you hospitalized at any time for the bodily injuries you listed above?

Yes ☑ No ☐

If yes, please provide the following:

| Hospital Name and Address | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
| Henry Mayo Newhall Memorial Hospital 23845 McBean Pkwy, Valencia, CA 91355 | Tubes tied, Hysterectomy, Internal pain | October 2009 - current |
| | | |
| | | |

8

11)   Are you making a claim for lost wages or lost earning capacity?

Yes ☐ No ☑

If yes, state the annual gross income you derived from your employment for each year, beginning five (5) years prior to the implantation of the Cook Inferior Vena Cava Filter(s) until the present:

12)   Are you making a claim for lost out-of-pocket expenses?   Yes ☑ No ☐

If yes, please identify and itemize all out-of-pocket expenses you have incurred. Plaintiff will provide at a later time.

13)   Has anyone filed a loss of consortium claim in connection with your lawsuit regarding the Cook Inferior Vena Cava Filter(s)?

Yes ☑ No ☐

If yes, identify by name and address the person who filed the loss of consortium claim ("Consortium Plaintiff") and state the relationship of that person to you, along and state the specific nature of the claim.  Michael P. Valvo, Husband, 22330 Homestead Pl., Santa Clarita, CA  91350. Emotional, physical and monetary loss.

14)   Please indicate whether the Consortium Plaintiff alleges any of the damages set forth below:

| Claims | Yes/No |
|---|---|
| Loss of services of spouse | Yes |
| Impaired sexual relations | Yes |
| Lost wages/lost earning capacity | Yes |
| Lost out-of-pocket expenses | Yes |
| Physical injuries | Yes |
| Psychological injuries/emotional injuries | Yes |
| Other   - Children | Yes |

15)   Please list the name and address of any healthcare providers the Consortium Plaintiff has sought treatment for any physical, emotional, or psychological injuries or symptoms alleged to be related to his/her claim.

1. Dr. Leonel Hunt, 444 S. San Vicente Blvd., #800, Los Angeles, CA  90048

2. Dr. Jason Berkley, 444 S. San Vicente Blvd., #801, Los Angeles, CA  90048

3. Dr. Robert Dosh, 25050 Peachland Ave., Newhall, CA  91321

16) Have you or anyone acting on your behalf had any communication, oral or written, with any of the Cook Defendants and/or their representatives?

Yes ☐ No ☐ Don't Know ☑.

If yes, set forth: (a) the date of the communication, (b) the method of communication, (c) the name of the person with whom you communicated, and (d) the substance of the communication.

### III. MEDICAL BACKGROUND

1) Provide your *current*: Age 35    Height 5'5"    Weight 260lbs

2) Provide your: Age 28    Weight 180lbs    (approximate, if unknown) *at the time* the Cook Inferior Vena Cava Filter was implanted in you.

3) In chronological order, list any and all surgeries, procedures and/or hospitalizations you had in the ten (10) year period BEFORE implantation of the Cook Inferior Vena Cava Filter(s). Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each surgery or procedure; and provide the approximate date(s) for each:

| Approximate Date | Description of Surgery of Hospitalization | Doctor or Healthcare Provider Involved (including address) |
|---|---|---|
| September 2005 | Breast Augmentation - Lipo | Dr. Richard Mack 16311 Ventura Blvd., #1080 Encino, CA  91436 |
| April 2008 | Ovarian Torsion | Dr. Navid Navizadeh 23823 Valencia Blvd., #140 Valencia, CA 91355 |
| January 2009 | C-Section | Dr. Navid Navizadeh 23823 Valencia Blvd., #140 Valencia, CA 91355 |

*[Attach additional sheets as necessary to provide the same information for any and all surgeries leading up to implantation of the Cook Inferior Vena Cava Filter(s)]*

4)    In chronological order, list any and all surgeries, procedures and/or hospitalizations you had AFTER implantation of the Cook Inferior Vena Cava Filter(s).  Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each surgery or procedure; and provide the approximate date(s) for each:

| Approximate Date | Description of Surgery of Hospitalization | Doctor or Healthcare Provider Involved (including address) |
|---|---|---|
| March 13, 2009 | Attempted filter retrieval | Dr. Anil N. Wadhwani, 23845 McBean Pkwy Valencia, CA  91355 |
| March 27, 2009 | Attempted filter retrieval | Dr. Sanjeev Khanna 23845 McBean Pkwy Valencia, CA  91355 |
| October 2009 - Present | Pain from device & affects after hospitalizations | Henry Mayo Newhall Memorial Hospital 23845 McBean Pkwy Valencia, CA  91355 |
| October 2009 | Tubal Ligation & Endometrial Ablation | Dr. Navid Navizadeh 23823 Valencia Blvd., #140 Valencia, CA  91355 |

5)    To the extent not already provided in the charts above, provide the name, address, and telephone number of every doctor, hospital or other health care provider from which you have received medical advice and/or treatment in the past ten (10) years:  Not applicable

| Name and Specialty | Address | Approximate Dates/Years of Visits |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

6)   *Before the implantation* of the Cook Inferior Vena Cava Filter(s), did you regularly exercise or participate in activities that required lifting or strenuous physical activity? (Please describe all range of physical activities associated with daily living, physical fitness, household tasks, and employment-related activities.)

Yes ✓  No ☐

If yes, please describe each activity in detail.
Running (exercise), daily activities, household work, gym.

7)   *Since the date* that the Cook Inferior Vena Cava Filter(s) was implanted, have you regularly exercised, or regularly participated in activities that required lifting, or regularly engaged in strenuous physical activity? (Please describe all range of physical activities associated with daily living, physical fitness, household tasks, and employment-related activities.)

Yes ☐  No ✓

If yes, please describe each activity in detail.

8)   To the best of your knowledge, have you ever been told by a doctor or another health care provider, that you have suffered, may have suffered, or presently do suffer from any of the following:

☐   Lupus
☐   Crohn's Disease
☐   Factor V Leiden
☐   Protein Deficiency
☐   Spinal fusion or other back procedures
☐   Anti-thrombin deficiency
☐   Prothrombin mutation

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

THE FOLLOWING QUESTIONS ARE CONFIDENTIAL AND SUBJECT TO THE PROTECTIVE ORDER APPLICABLE TO THIS CASE.

A)   Have you been diagnosed with and/or treated for any drug, alcohol, chemical and/or any other addiction or dependency during the five (5) years prior to the filing of this lawsuit through the present?   Yes ☐ No ☑

If yes, specify type and time period of dependency, type of treatment received, name of treatment provider, and current status of condition:

B)   Have you experienced, been diagnosed with or received psychiatric or psychological treatment of any type, including therapy, for any mental health conditions including depression, anxiety or other emotional or psychiatric disorders during the five (5) years prior to the filing of this lawsuit through the present? Yes ☑ No ☐

If yes, specify condition, date of onset, medication/treatment, treating physician and current status of condition:
ADHD, Anxiety  Dr. Jonathan Whitfield/Dr. Robert Dosh

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

9)   Do you now or have you ever smoked tobacco products? Yes ☐ No ☑

If yes:

How long have/did you smoke?_____

10)   Other than the implantation of the Cook Inferior Vena Cava Filter device that is the subject of your lawsuit, are you aware of any other Vena Cava Filter(s) implanted inside your body?   Yes ☐ No ☑

If yes, please provide the following information:

a)   Product name:_____

b)   Date of procedure placing it and name and address of doctor who placed it:

_____

c)   Condition sought to be treated through placement of the device:

_____

13

d)      Any complications you encountered with the medical product or procedure:

_____

e)      Does that product remain implanted inside of you today?    Yes ☐ No ☑

11)    List each prescription medication you have taken for more than three (3) months at a time, within the last five (5) years prior to implant, giving the name and address of the pharmacy where you received/filled the medication, the reason you took the medication, and the approximate dates of use. Did not use medications for more than 3 months with in the last 5 years prior to implant.

| Medication and Dosage | Pharmacy Name and Address | Reason for Taking Medication | Approximate Date(s) of Use |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

14

## IV. INSURANCE INFORMATION

1) Provide the following information for any past or present medical insurance coverage within the last ten (10) years:

| Insurance Company Name and Address | Policy Number | Name of Policy Holder/Insured (if different than yourself) | Approximate Dates of Coverage |
|---|---|---|---|
| Anthem Blue Cross | Does not recall | Michael P. Valvo | 2008 - 2011 |
| Blue Cross/Blue Shield of Colorado | W1Z130002807 | Michael P. Valvo | 2011- 2016 |
| Cigna | U59976085 | Michael P. Valvo | 2016 - current |
| | | | |
| | | | |

3) To the best of your knowledge, have you been approved to receive or are you receiving Medicare benefits due to age, disability, condition or any other reason or basis?

Yes ☐ No ☑

If yes, please specify the date on which you first became eligible: _____

*[Please note: if you are not currently a Medicare-eligible beneficiary, but become eligible for Medicare during the pendency of this lawsuit, you must supplement your response at that time. This information is necessary for all parties to comply with Medicare regulations. See 42 U.S.C. 1395y(b)(8), also known as Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and 42 U.S.C. 1395y(b)(2) also known as the Medicare Secondary Payer Act.]*

## V. PRIOR CLAIM INFORMATION

1)  Have you filed a lawsuit or made a claim in the last ten (10) years, other than in the present suit relating to any bodily injury?

    Yes ☐  No ☑

    If yes, please specify the following:

    a)  Court in which lawsuit/claim was filed or initiated:_____

    b)  Case/Claim Number:_____

    c)  Nature of Claim/Injury:_____

2)  Have you applied for Workers' Compensation (WC), Social Security disability (SSI or SSD) benefits, or other State or Federal disability benefits within the past ten (10) years?

    Yes ☑  No ☐

    If yes, please specify the following:

    a)  Date (or year) of application: June 2014

    b)  Type of benefits sought: State Disability

    c)  Agency/Insurer from which you sought the benefits: California State Disability

    d)  The nature of the claimed injury/disability: Hysterectomy Recovery

    e)  Whether the claim was accepted or denied: Accepted

## VI. FACT WITNESSES

1) Identify by name, address and relationship to you, all persons (other than your healthcare providers) who possess information concerning your injuries and/or current medical condition:

| Name | Address | Relationship to You | Information You Believe Person Possesses |
|------|---------|---------------------|------------------------------------------|
| Michael P. Valvo | 22330 Homestead Pl. Santa Clarita, CA  91350 | Spouse | Complete knowledge |
| | | | |
| | | | |
| | | | |
| | | | |

## VII. IDENTIFICATION OF DOCUMENTS AND OTHER ELECTRONICALLY STORED INFORMATION (ESI)

For the period beginning three (3) years prior to the implantation of the Cook Inferior Vena Cava Filter, please identify all research, including on-line research, that you conducted regarding the medical complaints or condition for which you received the Cook Inferior Vena Cava Filter (pulmonary thromboembolism, anticoagulant therapy, etc.)  Identify the date, time, and source, including any websites visited.  (Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.)

No information gathered.

_____

_____

_____

_____

## VIII. DOCUMENT REQUESTS

1)      DOCUMENTS. State whether you have any of the following documents in your possession, custody, and/or control.  If you do, please provide a true and correct copy of any such documents with this completed Fact Sheet.

      a)      If you were appointed by a Court to represent the plaintiff in this lawsuit, produce any documents demonstrating such appointment.

          i.      Not Applicable ✔_____

          ii.      The documents are attached _____   [OR]  I have no documents_____

      b)      If you represent the Estate of a deceased person in this lawsuit, produce a copy of the decedent's death certificate and autopsy report (if applicable).

          i.      Not Applicable ✔_____

          ii.      The documents are attached _____   [OR]  I have no documents_____

      c)      Produce any communications (sent or received) in your possession, which shall include materials accessible to you from any computer on which you have sent or received such communications, concerning the Cook Inferior Vena Cava Filter(s) or subject of this litigation, including, but not limited to all letters, emails, blogs, Facebook posts, Tweets, newsletters, etc. sent or received by you. (Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.)

          i.      Not Applicable ✔_____

          ii.      The documents are attached _____   [OR]  I have no documents_____

      d)      Produce all documents, including journal entries, lists, memoranda, notes, diaries, photographs, video, DVDs or other media, discussing or referencing the Cook Inferior Vena Cava Filter(s), the injuries and/or damages you claim resulted from the Cook Inferior Vena Cava Filter(s), and/or evidencing your physical condition

from three (3) years prior to the implantation of Cook Inferior Vena Cava Filter(s) to present.  (Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.)

    i.      Not Applicable ☑️_____

    ii.     The documents are attached _____  [OR]  I have no documents_____

e)    Produce any Cook Inferior Vena Cava Filter product packaging, labeling, advertising, or any other product-related items in your possession, custody or control.

    i.      Not Applicable ☑️_____

    ii.     The documents are attached _____  [OR]  I have no documents_____

f)    Produce all documents concerning any communication between you and the Food and Drug Administration (FDA), or between you and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue, except those communications which are attorney/client or work product privileged.

    i.      Not applicable ☑️_____

    ii.     The documents are attached _____  [OR]  I have no documents_____

g)    Produce all documents, correspondence or communication in your possession, custody or control relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or you, except those communications which are attorney/client or work product privileged.

    i.      Not applicable ☑️_____

    ii.     The documents are attached _____  [OR]  I have no documents_____

h)    Produce all documents describing risks and/or benefits of inferior vena cava filters, which you received before your procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s) implanted in you.

    i.      Not applicable _____

    ii.     The documents are attached _____  [OR]  I have no documents ☑️_____

i)   Produce any and all documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

    i.   Not applicable _____

    ii.   The documents are attached _____ [OR]  I have no documents ☑ _____

j)   If you underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

    i.   Not applicable _____

    ii.   The documents are attached _____ [OR]  I have no documents ☑ _____

k)   If you claim lost wages or lost earning capacity, produce copies of your Federal and State tax returns for the five (5) years prior to implantation of the Cook Inferior Vena Cava Filter(s) to the present redacting irrelevant information.

    i.   Not applicable ☑ _____

    ii.   The documents are attached _____ [OR]  I have no documents _____

l)   All documents in your possession, custody or control concerning payment by Medicare on behalf of the injured party and relating to the injuries claimed in this lawsuit.  This includes, but is not limited to Interim Conditional Payment summaries and/or estimates prepared by Medicare or its representatives regarding payments made on your behalf for medical expenses relating to the subject of this litigation.

    i.   Not Applicable ☑ _____

    ii.   The documents are attached _____ [OR]  I have no documents _____

*[Please note: if you are not currently a Medicare-eligible beneficiary, but become eligible for Medicare during the pendency of this lawsuit, you must supplement your response at that time. This information is necessary for all parties to comply with Medicare regulations. See 42 U.S.C. 1395y(b)(8), also known as Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and 42 U.S.C. 1395y(b)(2) also known as the Medicare Secondary Payer Act.]*

m)   Screenshots of all webpages of each type of social media used by you (including, but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn) showing any and all "posts" and/or "messages" from the date of implantation to the present.

i.      Not Applicable _____

ii.     The documents are attached _____ [OR]   I have no documents ☑ _____

## VERIFICATION

I, _Heather Valvo_ , declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet dated _6/2/2016_ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

[Signature of Plaintiff]

## VERIFICATION OF LOSS OF CONSORTIUM (if applicable)

I, _____ , declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet dated _6.2.2016_ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

[Signature of Consortium Plaintiff]

1152643-1 (10909-0412)

## AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

To:

I, the undersigned, hereby authorize and request the Custodian of the above-named entity to disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204 _____ any and all medical records, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.

This authorization specifically does **not** permit Wooden & McLaughlin LLP to discuss any aspect of my medical care, medical history, treatment, diagnosis, prognosis, or any other circumstances revealed by or in the medical records with my medical providers, past or present, ex parte and without the presence of my attorney.  Records requested may include, but are not limited to:

a)   all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, communicable disease testing and treatment records, correspondence, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consent for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports and requisition records, and any other written materials in its possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatments or procedures.  I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. This authorization and release does not allow _____ to request or take possession of pathology/cytology specimens, extracted mesh, pathology/cytology or hematology slides, wet tissue or tissue blocks.

b)   complete copies of all prescription profile records, prescription slips, medication records, orders for medication, payment records, insurance claims forms correspondence and any other records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ **v. Cook Medical Inc., et al.** or (ii) five (5) years after the date of signature of the undersigned below.  The purpose of this authorization is for civil litigation.

### NOTICE

- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS records and information to Wooden & McLaughlin LLP.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Wooden & McLaughlin LLP</u>.

Heather Renee Valvo

Name of Patient (Print)

Heather Renee Wesley

Former/Alias/Maiden Name of Patient

10/23/1980

Patient's Date of Birth

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

Patient's Social Security Number

22330 Homestead Pl., Santa Clarita, CA 91350

Patient's Address

Signature of Patient or Individual

4/15/16

Date

Name of Patient Representative

Description of Authority

## AUTHORIZATION AND CONSENT
## TO RELEASE PSYCHOTHERAPY NOTE

Name of Individual: Heather Renee Valvo
Social Security Number: 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
Date of Birth: 10/23/1980
Provider Name:   Heather Renee Valvo

TO:    All physicians, hospitals, clinics and institutions, pharmacists and other healthcare providers

      The Veteran's Administration and all Veteran's Administration hospitals, clinics, physicians and employees

      The Social Security Administration

      Open Records, Administrative Specialist, Department of Workers' Claims

      All employers or other persons, firms, corporations, schools and other educational institutions

   The undersigned individual herby authorizes each entity included in any of the above categories to furnish and disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204 and its authorized representatives, true and correct copies of all "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize Wooden & McLaughlin LLP to engage in ex parte communication concerning same.

- This authorization provides for the disclosure of the above-named patient's protected health information for purposes of the following litigation matter: _____ v. Cook Medical, Inc., et al.

- The undersigned individual is hereby notified and acknowledges that any health care provider or health plan disclosing the above requested information may not condition treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization.

- The undersigned individual is hereby notified and acknowledges that he or she may revoke this authorization by providing written notice to Wooden & McLaughlin LLP and/or to one or more entities listed in the above categories, except to the extent that any such entity has taken action in reliance on this authorization.

- The undersigned is hereby notified and acknowledges that he or she is aware of the potential that protected health information disclosed and furnished to the recipient pursuant to this authorization is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- The undersigned is hereby notified that he/she is aware that any and all protected health information disclosed and ultimately furnished to Wooden & McLaughlin LLP in accordance with orders of the court pursuant to this authorization will be shared with any and all co-defendants in the matter of _____ v. Cook Medical, Inc., et al. and is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

• A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned.

**I have carefully read and understand the above and do hereby expressly and voluntarily authorize the disclosure of all of my above information to Wooden & McLaughlin LLP and its authorized representatives, by any entities included in the categories listed above.**

Date: 6/15/11

_____
Signature of Individual or Individual's Representative

Individual's Name and Address:
Heather Renee Valvo
_____
Printed Name of Individual's Representative (If applicable)

22330 Homestead Place
_____
Relationship of Representative to Individual (If applicable)

Santa Clarita, CA  91350
_____
Description of Representative's authority to act for Individual (If applicable)

**This authorization is designed to be in compliance with the Health Insurance Portability and Accountability Act, and the regulations promulgated thereunder, 45 CFR Parts 160 and 164 (collectively, "HIPAA").**

## AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204, any and all records containing insurance information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature. Records requested may include, but are not limited to:

> applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. By signing this authorization, I expressly do not authorize Wooden & McLaughlin LLP to engage in any ex parte interview or oral communication about me or any information contained in the materials produced without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ **v. Cook Medical, Inc., et al.** or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

NOTICE
- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Wooden & McLaughlin LLP</u>.

Heather Renee Valvo
_____
Name of Individual

Heather Renee Wesley
_____
Former/Alias/Maiden Name of Individual

10/23/1980
_____
Individual's Date of Birth

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
_____
Individual's Social Security Number

22330 Homestead Place, Santa Clarita, CA 91350
_____
Individual's Address

_____
Signature of Individual or Individual Representative

10/15/16
_____
Date

_____
Name of Individual Representative

_____
Description of Authority

## AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of <u>Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204</u>, any and all records containing Medicaid information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature. This authorization should also be construed to permit agents or designees of <u>Wooden & McLaughlin LLP</u> to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospitals, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of _____; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.  By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my medical history by <u>Wooden & McLaughlin LLP</u> without the presence of my attorney.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to <u>Wooden & McLaughlin LLP</u>, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by <u>Wooden & McLaughlin LLP</u>.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to  Wooden & McLaughlin LLP.

Heather Renee Valvo
_____
Name of Individual
Heather Renee Wesley
_____
Former/Alias/Maiden Name of Individual
10/23/1980
_____
Individual's Date of Birth
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
_____
Individual's Social Security Number
22330 Homestead Place, Santa Clarita, CA 91350
_____
Individual's Address

Signature   of   Individual   or   Individual
6/15/16
_____
Date

_____
Name of Individual Representative

_____
Description of Authority

### AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204, any and all records containing Workers' Compensation information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature. Records requested may include, but are not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records, transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made; investigatory reports and records; applications for employment; records of all positions held; job descriptions of any positions held; salary records; performance evaluations and reports; statements and comments of fellow employees; attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or invoices; and any other records relating to the above-named individual. Copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ **v. Cook Medical, Inc., et al.** or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation. This authorization is for the release of records only and does not allow Wooden & McLaughlin to engage in ex parte communications regarding the subject matter of this release and without the presence of my attorney.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Wooden & McLaughlin LLP.

Heather Renee Valvo
_____
Name of Individual

Heather Renee Wesley
_____
Former/Alias/Maiden Name of Individual

10/23/1980
_____
Individual's Date of Birth

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
_____
Individual's Social Security Number

22330 Homestead Place, Santa Clarita, CA 91350
_____
Individual's Address

_____
Signature of Individual or Individual Representative

6/15/16
_____
Date

_____
Name of Individual Representative

_____
Description of Authority

## AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to
Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204,  any and all
records containing employment information, including those that may contain protected health
information (PHI) regarding _____, whether created before or after the date
of signature.  Records requested may include, but are not limited to:

all applications for employment, resumes, records of all positions held, job descriptions of positions
held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and
reports of fellow employees, attendance records, worker's compensation files; all hospital, physician,
clinic, infirmary, nurse, dental records; test results, physical examination records and other medical
records; any records pertaining to medical or disability claims, or work-related accidents including
correspondence, accident reports, injury reports and incident reports; insurance claim forms,
questionnaires and records of payments made; pension records, disability benefit records, and all
records regarding participation in company-sponsored health, dental, life and disability insurance plans;
material safety data sheets, chemical inventories, and environmental monitoring records and all other
employee exposure records pertaining to all positions held; and any other records concerning
employment with the above-named entity.  I expressly request that all covered entities under HIPAA
identified above disclose full and complete protected medical information.  By signing this authorization,
I expressly do not authorize any ex parte interview or oral communication about me or my employment
history by Wooden & McLaughlin LLP without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this
authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of
_____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of
signature of the undersigned below.  A copy of this authorization may be used in place of and
with the same force and effect as the original.  The purpose of this authorization is for civil
litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any
  time, provided the revocation is in writing to Wooden & McLaughlin LLP, except to the
  extent that the entity has already relied upon this Authorization to disclose protected
  health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom
  this authorization is directed may not condition treatment, payment, enrollment or
  eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information
  (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the
  recipients and that, in such case, the disclosed PHI no longer will be protected by federal
  privacy regulations.**
- **The individual signing this authorization understands information authorized for release
  may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to
  receive a copy of all documents requested via this authorization within a reasonable
  period of time after such records are received by Wooden & McLaughlin LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to  Wooden & McLaughlin LLP.

Heather Renee Valvo
_____
Name of Employee

Heather Renee Wesley
_____
Former/Alias/Maiden Name of Employee

10/23/1980
_____
Employee's Date of Birth

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
_____
Employee's Social Security Number

22330 Homestead Place, Santa Clarita, CA 91350
_____
Employee's Address

_____
Signature of Employee or Employee Representative

6/15/14
_____
Date

_____
Name of Employee Representative

_____
Description of Authority

Social Security Administration
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

TO:  Social Security  Administration

**Heather Renee Valvo**          10/23/1980                    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

*Name                                    *Date of Birth                    *Social Security  Number

I authorize the Social Security  Administration to release information or records about me to:

| *NAME | *ADDRESS |
|---|---|
| Wooden  &McLaughlin  LLP | 211 N. Pennsylvania St.          Ste.1800 |
|  | Indianapolis, IN 46204 |

*I want this information released  because:              civil litigation
*There may be a charge  for releasing information.*

*Please release the following information selected  from the list below:
*You must  check  at least one box.  Also,  SSA  will not disclose  records  unless applicable  date ranges  are included.*

☐ Social Security  Number

☐ Current  monthly Social Security  benefit  amount

☐ Current  monthly Supplemental Security Income  payment amount

☐ My benefit/payment amounts  from                              to

☐ My Medicare  entitlement from                                        to

☐ Medical records  from my claims folder(s) from                    to
    *If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*

☐ Complete  medical records  from my claims folder(s)

☐ Other record(s)  from my file (e.g. applications, questionnaires, consultative examination reports,
    determinations, etc.)

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor,
or the legal guardian of a legally incompetent adult.  I declare under penalty of perjury in accordance with 28
C.F.R.  §  16.41(d)(2004) that  I have examined all the information on this form, and on any accompanying
statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who
knowingly or willfully seeking or obtaining access  to records about another  person under false pretenses is
punishable by a fine of up to $5,000.  I also understand that any applicable fees must be paid by me.

*Signature:                                                    *Date:

Relationship *(if not the individual)*:                    *Daytime Phone:

Form SSA-3288 (07-2010) EF (07-2010)

_ ._ - --

Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor, you may complete this form to release only the minor's non-medical records. If you are requesting information for a purpose not directly related to the administration of any program under the Social Security Act, a fee may be charged.

NOTE: Do not use this form to:

Request us to release the medical records of a minor. Instead, contact your local office by calling 1-800-772-1213 (TTY-1-800-325-0778); or

Request information about your earnings or employment history. Instead, complete form SSA-7050-F4 at any Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (•) indicates a required field. Also, we will not honor blanket requests for "all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the information applies

Fill in the name and address of the individual (or organization) to whom you want us to release your information.

Indicate the reason you are requesting us to disclose the information.

Check the box(es) next to the type(s) of information you want us to release including the date ranges, if applicable.

You, the parent or legal guardian acting on behalf of a minor, or the legal guardian of a legally incompetent adult, must sign and date this form and provide a daytime phone number where you can be reached.

If you are not the person whose information is requested, state your relationship to that person. We may require proof of relationship.

PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. The information you provide will be used to respond to your request for SSA records information or process your request when we release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent.

We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, in accordance with 5 U.S.C. § 552a(b) of the Privacy Act, we may disclose the information provided on this form in accordance with approved routine uses, which include but are not limited to the following: 1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and/or coverage; 2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; 3. To comply with Federal laws requiring the disclosure of the information from our records; and, 4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Additional information regarding this form, routine uses of information, and other Social Security programs are available from our Internet website at www.socialsecurity.gov or at your local Social Security office.

PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778). You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.

Form SSA-3288 (07-2010) EF (07-2010) Destroy Prior Editions



**Medicare**

Beneficiary Services:1-800-MEDICARE (1-800-633-4227)
TTY/IDD:1-877-486-2048

This form is used to advise Medicare of the person or persons you have chosen to have access to your personal health information.

**Where to Return Your Completed Authorization Forms:**
After you complete and sign the authorization form, return it to the address below:

**Medicare BCC, Written Authorization Dept.**
**PO Box 1270**
**Lawrence, KS 66044**

**For New York Medicare Beneficiaries ONLY**
The New York State Public Health Law protects information that reasonably could identify someone as having HIV symptoms or infection, and information regarding a person's contacts. Because of New York's laws protecting the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV, there are special instructions for how you, as a New York resident, should complete this form.

- For question 2A, check the box for *Limited Information,* even if you want to authorize Medicare to release any and all of your personal health information.

- **Then proceed to question 2B.**

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

**Instructions for Completing Section 2B of the Authorization Form:**
*Please select one of the following options.*

- **Option 1 To include** all information, in the space provided, write: "all information, including information about alcohol and drug abuse, mental health treatment, and HIV". Proceed with the rest of the form.

- **Option 2 To exclude** the information listed above, write "Exclude information about alcohol and drug abuse, mental health treatment and HIV" in the space provided. *You may also check any of the remaining boxes and include any additional limitations in the space provided.* For example, you could write "payment information". Then proceed with the rest of the form.

If you have any questions or need additional assistance, please feel free to call us at 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

Sincerely,


1-800-MEDICARE
Customer Service Representative


Encl.

## Information to Help You Fill Out the
## "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form

By law, Medicare must have your written permission (an "authorization") to use or give out your personal medical information for any purpose that isn't set out in the privacy notice contained in the Medicare & You handbook. You may take back ("revoke") your written permission at any time, except if Medicare has already acted based on your permission.

If you want 1-800-MEDICARE to give your personal health information to someone other than you, you need to let Medicare know in writing.

If you are requesting personal health information for a deceased beneficiary, please include a copy of the legal documentation which indicates your authority to make a request for information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.) Also, please explain your relationship to the beneficiary.

Please use this step by step instruction sheet when completing your "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form. Be sure to complete all sections of the form to ensure timely processing.

1. Print the name of the person with Medicare.

   Print the Medicare number exactly as it is shown on the red, white, and blue Medicare card, including any letters (for example, 123456789A).

   Print the birthday in month, day, and year (mm/dd/yyyy) of the person with Medicare.

2. This section tells Medicare what personal health information to give out. Please check a box in 2a to indicate how much information Medicare can disclose. If you only want Medicare to give out limited information (for example, Medicare eligibility), also check the box(es) in 2b that apply to the type of information you want Medicare to give out.

3. This section tells Medicare when to start and/or when to stop giving out your personal health information. Check the box that applies and fill in dates, if necessary.

4. Medicare will give your personal health information to the person(s) or organization(s) you fill in here. You may fill in more than one person or organization. If you designate an organization, you must also identify one or more individuals in that organization to whom Medicare may disclose your personal health information.

5. The person with Medicare or personal representative must sign their name, fill in the date, and provide the phone number and address of the person with Medicare.

   If you are a personal representative of the person with Medicare, check the box, provide your address and phone number, and attach a copy of the paperwork that shows you can act for that person (for example, Power of Attorney).

6. Send your completed, signed authorization to Medicare at the address shown here on your authorization form.

7. If you change your mind and don't want Medicare to give out your personal health information, write to the address shown under number six on the authorization form and tell Medicare. Your letter will revoke your authorization and Medicare will no longer give out your personal health information (except for the personal health information Medicare has already given out based on your permission).

You should make a copy of your signed authorization for your records before mailing it to Medicare.

**1-800-MEDICARE Authorization to Disclose Personal Health Information**

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

| Heather Renee Valvo | | 10/23/1980 |
|---|---|---|
| **1. Print Name** | **Medicare Number** | **Date of Birth** |
| (First and last name of the person with Medicare) | (Exactly as shown on the Medicare Card) | (mm/dd/yyyy) |

2. Medicare will only disclose the personal health information you want disclosed.

   **2A: Check only one box below to tell Medicare the specific personal health information you want disclosed:**

   D Limited Information (go to question 2b)

   D Any Information (go to question 3)

   **2B: Complete only if you selected "limited information". Check all that apply:**

   D. Information about your Medicare eligibility

   D Information about your Medicare claims

   D Information about plan enrollment (e.g. drug or MA Plan)

   D Information about premium payments

   D Other Specific Information (please write below; for example, payment information)

   _____

3. **Check only one box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law-for example, your State may limit how long Medicare may give out your personal health information):

   D Disclose my personal health information indefinitely

   D Disclose my personal health information for a specified period only
   beginning: (mm/dd/yyyy) _____ and ending: (mm/dd/yyyy) _____

4. Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:

1. Name: Wooden & McLaughlin LLP

   Address: 211 N. Pennsylvania St., Suite 1800

   Indianapolis, IN 46204

2. Name: _____

   Address: _____

   _____

3. Name: _____

   Address: _____

   _____

5. I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form. I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.

_Signature_ _____ _Telephone Number_ (111-914-8281 _Date_ (mm/dd/yyyy) 11/15/16

Print the address of the person with Medicare (Street Address, City, State, and ZIP)

_____

_____

☐ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This only applies if someone other than the person with Medicare signed above.

Print the Personal Representative's Address (Street Address, City, State, and ZIP)

_____

_____

Telephone Number of Personal Representative: _____

Personal Representative's Relationship to the Beneficiary: _____

6. **Send the completed, signed authorization to:**

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

7. **Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission.  If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930.**  The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

Official Copy


**Stanford**
HEALTH CARE
STANFORD MEDICINE

STANFORD HOSPITAL
450 BROADWAY STREET
REDWOOD CITY CA 94063

VALVO,HEATHER
MRN: 32391997
DOB: 10/23/1980, Sex: F
Adm: 7/23/2015

## CLINICAL LAB RESULTS

### Lab Results

No results found

Unless otherwise noted in the Comment section of the result, all tests are performed at Stanford Hospital and Clinics, 300 Pasteur Drive, Stanford, CA 94305, Dr. Daniel Arber, Laboratory Director

### RAD Results [07/25/15 - 07/25/15]

**IR IVC FILTER RETRIEVAL [467244937]**                          Resulted: 07/25/15 1028, Result status: Final result

| | |
|---|---|
| Ordering provider: | Kuo, William Tom, MD  07/01/15 1309 |
| Performed: | - 07/23/15 1409 |
| Narrative: | Complex IVC Filter Retrieval : 7/23/2015 2:09 PM |

Resulted by:  Kuo, William Tom, MD
Shc_Int_Unsolicited_Results
Resulting lab:  IR LAB

HISTORY: 34 year old woman with history of post-partum PE and IVC filter placement in 2009 following a c-section. Recent imaging shows no evidence of DVT, but there is multifocal filter leg penetration. The patient has suffered from severe abdominal pain since the filter was placed. She is here to undergo complex IVC filter retrieval.

OPERATORS:

1. WILLIAM KUO, MD, Attending physician.
2. Sirish Kishore, MD, Fellow.

ATTENDING PRESENCE: WILLIAM KUO, the attending physician, was present and actively participated in all aspects of the procedure.

MEDICATIONS: Heparin 6000 units

SEDATION: General Anesthesia; please refer to the anesthesia records for further details

IMAGE GUIDANCE
1. Fluoroscopy
2. Ultrasound

RADIATION DOSE
Air Kerma 1778 mGy
Fluoroscopy time (minutes): 14.4 minutes

CONTRAST
Isovue 55 mL

PROCEDURES:
1. Single abdominal x-ray over the IVC filter
2. Ultrasound of the right internal jugular vein
3. IVC venogram
4. Complex IVC filter retrieval with 2 hours additional procedure time
5. Follow-up IVC venogram
6. Balloon venoplasty of IVC
7. Completion  IVC venogram

TECHNIQUE: The risks, benefits, and alternatives were discussed and informed consent was obtained. The patient was positioned supine on the fluoroscopy table. GETA was administered by the anesthesia team. The right neck was prepped and draped in the usual sterile fashion. Universal Protocol steps were performed to confirm the patient's identity, planned procedure(s), and all personnel in the room. A single abdominal x-ray was obtained over the IVC filter. The right internal jugular vein was accessed using a micropuncture kit under ultrasound guidance. A 0.035" Amplatz wire was then advanced into the inferior vena cava. After dilation with a 10F dilator, a 14F sheath was advanced into the inferior vena cava. Contrast venography of the inferior vena cava was performed.

Rigid forceps were inserted, and we initiated careful blunt dissection around the filter apex. The apex of the filter was freed from the left posterior wall of the IVC, and we were able to sheath the apex. The forceps were then exchanged for a tri-lobed snare to capture the hook, and we attached the snare to a pressure gauge. Despite 6 lbs of tension, the filter legs would not release from the

Official Copy


**Stanford**
**HEALTH CARE**
STANFORD MEDICINE

STANFORD HOSPITAL
450 BROADWAY STREET
REDWOOD CITY CA 94063

VALVO,HEATHER
MRN: 32391997
DOB: 10/23/1980, Sex: F
Adm: 7/23/2015

---

**RAD Results (07/25/15 - 07/25/15) (continued)**

**IR IVC FILTER RETRIEVAL [467244937] (continued)**          Resulted: 07/26/15 1028, Result status: Final result

cava. During this maneuver, the hook became straightened and would not retain the snare. We removed the snare and then inserted a 5-Fr Omniflush to in the filter cone. We then inserted a long Glidewire through the interstices of the filter and captured the tip using the tri-lobed snare to complete wire loop formation.

We then calibrated a 12F laser sheath per protocol and inserted this coaxially over the wire loop. The laser sheath was advanced to the point of resistance. After laser activation, we were able to capture the filter legs using only 3 pounds of traction, taking care to pull the penetrating filter leg back into the IVC. The entire filter was removed. Post-retrieval venography was then performed. We then inserted a 20 mm x 2 cm Atlas gold balloon and performed balloon venoplasty along the site of prior filter implantation. Completion IVC venography was performed. The sheath was removed, and manual pressure was applied to achieve hemostasis. The dermatotomy was closed using 4-0 monocryl and dermabond.

The patient tolerated the procedure well. There were no immediate complications.

FINDINGS:

1. Ultrasound of the right neck shows a patent right internal jugular vein with proper intraluminal needle placement.

2. Abdominal x-ray shows a Gunther Tulip IVC filter.

3. IVC venogram shows no acute thrombus. The filter tip is embedded along the left posterior caval wall. There is multifocal leg penetration.

4. Images show complex filter retrieval using rigid forceps, wire-loop method, and laser sheath technique.

5. Follow-up IVC venogram shows residual mild stenosis at the site of prior filter implantation.

6. Images show balloon venoplasty along the infrarenal IVC.

7. Completion IVC venogram shows improved IVC caliber and robust flow through the IVC. There is no acute thrombus and no acute injury.

**Impression:**          IMPRESSION:

1. Successful complex retrieval of an embedded and penetrating Gunther-Tulip IVC filter.

2. Successful balloon venoplasty of the IVC with improvement in caliber.

PLAN:

1. Routine monitoring in PACU prior to discharge.

2. Follow-up phone call in 1 week.

3. Follow-up with local PCP in 1 month.

I have personally reviewed the images for this examination and agreed with the report transcribed above.

**Specimen Information**

| Type | Source | Collected On |
|------|--------|--------------|
|      |        | 07/23/15 1409 |

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|--------------------|------|----------|---------|------------------|
| 22 - IR | IR LAB | Unknown | 300 Pasteur Drive Stanford CA 94305 | 12/10/10 1221 - Present |

# INVOICE

| | |
|---|---|
| **Invoice #:** | **32230749** |

| | |
|---|---|
| **Inv. Date:** | 6/19/2015 |
| **Due Date:** | 6/29/2015 |
| **Terms:** | Net 10 |

**HEATHER VALVO**

22330 HOMESTEAD PL

SANTA CLARITA, CA 91350

| | |
|---|---|
| **Patient:** | VALVO, HEATHER |
| **Account #:** | 4338669 |
| **Claim/File #:** | |

**Shipping:**
22330 HOMESTEAD PL

SANTA CLARITA, CA 91350

**Facility: HENRY MAYO   \*\*\***

| Description | Quantity | Unit Price | Extension |
|---|---|---|---|
| \* Note: Hard Copy Page Count: 14 | 14 | $0.00 | $0.00 |
| Labor Cost $0.25 Per Image, Pages 1-200 | 14 | $0.25 | $3.50 |

|  |  |  |
|---|---|---|
| Product Total: | $ 3.50 | |
| State Tax: | | 7.50% |
| City/local Tax: | | 1.50% |
| Sales Tax: | $ 0.31 | (9.00%) |
| Postage: | $ 0.00 | |
| | -------------------- | |
| Grand Total: | $ 3.81 | |
| Credits/Payments: | $ 3.81 | |
| | -------------------- | |
| **Amount Due:** | **$ 0.00** | **PAID IN** |
| | **FULL** | |

<u>Please Note:</u> This information has been disclosed to you from records that may be protected by state and federal confidentiality rules (42 CFR, part 2). The federal rules prohibit you from making any further disclosure of protected information unless further disclosure is expressly permitted by written consent of the person to whom it pertains, or is otherwise permitted by 42 CFR, part 2.

**Payment Options:**
- Use your credit card online at payportal.iodincorporated.com
- Use your credit card by phone at 866-420-7455 Option 1
- By mail; please include the payment sheet (page 2) with your check to ensure that your payment is properly applied!

In an effort to improve the quality of our service we are seeking your feedback. The survey should take no more than five minutes to complete. Please complete the survey at http://survey.iodincorporated.com/ and thank you in advance for your time and input.

*iod incorporated   TaxID No. 65-0765287*
*PO Box 19072, Green Bay WI, 54307-9072*
*Phone: 866-420-7455 Option 1 \* Fax: 920-406-6537*

**Page 1 of 2**

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

Printed on:

| | |
|---|---|
| Name:  VALVO,HEATHER | Ord Dr:  WICKRAMASINGHE, HIMANSHU V M.D. |
| Pt #:    V00004781783 | Adm Dr: |
| MR #:  M000114795 | |
| Age:   28                    Sex: F | Room#: RAD |

Procedure Location: SPECIAL PROCEDURES
Date Procedure Ordered:     03/26/09          Order#: 0326-0009    Report#: 0329-0156

ANIL N. WADHWANI M.D.

:ANIL N. WADHWANI M.D. 03/29/09 1446

| Richard Goldman, M.D., Medical Director | Louis Adler, M.D. | Matthew Charms, M.D. |
|---|---|---|
| Jason Deutsch, M.D. | Gerald Roth, M.D. | Ted Hittle, M.D. |
| David Chou, M.D. | Daniel Kirsch, M.D. | Ira Smalberg, M.D. |
| Anil Wadhwani, M.D. | Bruce Yawitz, M.D. | Peter Joyce, M.D. |

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

Printed on:

| | |
|---|---|
| Name: VALVO,HEATHER | Ord Dr:  WICKRAMASINGHE, HIMANSHU V M.D. |
| Pt #:   V00004781783 | Adm Dr: |
| MR #: M000114795 | |
| Age:   28          Sex: F | Room#: RAD |

Procedure Location: SPECIAL PROCEDURES
Date Procedure Ordered:      03/26/09          Order#: 0326-0009    Report#: 0329-0156

Operative note: After informed consent, the right neck was prepped and draped in standard sterile fashion. 1% lidocaine was used for local anesthesia. The right internal jugular vein was accessed with micropuncture needle under ultrasound guidance. The tract was dilated, and a 5 French multisidehole straight catheter was advanced into the infrarenal cava. Cavogram was performed in THE AP projection. The catheter was then exchanged for a 11 French sheath over A J-wire. Through this, initial attempts were made to advance the snare retrieval device to capture the hook without success. Subsequently, alternative methods were utilized to capture the hook, including a reverse curve visceral catheter TO redirected tip of the filter, as well as a large loop snare utilizing the reverse catheter, and 035 Glidewire technique. Both of these alternative techniques failed, suggesting that the hook is embedded within the wall of the vein. At this time it was decided to terminate further attempts.

FINDINGS:

1. Initial cavagram demonstrates the IVC to be patent. There is no significant clot within the indwelling filter. As before, the filter is tilted, with the apex directed medially.

2. Failed attempt retrieving IVC Filter despite utilizing a multiple alternative techniques as described above. Despite maneuvering the filter, the filter would reposition into its original orientation. I believe this is related to ingrowth of the hook of the filter into the adjacent wall. Given the high risk of caval injury, further attempts were terminated.

IMPRESSION: Failed attempts retrieving the IVC filter. There is no significant clot within the filter on the initial cavagram.

| Richard Goldman, M.D., Medical Director | Louis Adler, M.D. | Matthew Charms, M.D. |
|---|---|---|
| Jason Deutsch, M.D. | Gerald Roth, M.D. | Ted Hittle, M.D. |
| David Chou, M.D. | Daniel Kirsch, M.D. | Ira Smalberg, M.D. |
| Anil Wadhwani, M.D. | Bruce Yawitz, M.D. | Peter Joyce, M.D. |

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

Printed on:

| | |
|---|---|
| Name: VALVO,HEATHER | Ord Dr:  WICKRAMASINGHE, HIMANSHU V M.D. |
| Pt #:   V00004781783 | Adm Dr: |
| MR #:  M000114795 | |
| Age:   28          Sex: F | Room#: RAD |

Procedure Location: SPECIAL PROCEDURES
Date Procedure Ordered:     03/26/09          Order#: 0326-0009   Report#: 0329-0156

***Signed***

PROCEDURE: SP INFERIOR VENA CAVA W/SERIAL

SP INFERIOR VENA CAVA W/SERIAL

EXAMINATION DATE AND TIME:  Mar 27, 2009 10:45:00 AM

COMPARISON: None.

REASON FOR STUDY:  28-year-old female history of deep vein thrombosis and PE. She had failed attempt at IVC Filter retrieval. She represents now for second attempt.

PROCEDURE:

1. Cavagram.

2. Failed retrieval of IVC Filter.

3. Fluoroscopic guidance.

4. Ultrasound guidance for venous access.

Physician Wadhwani

COMPLICATIONS:   None

ASA classification: 2.

| | | |
|---|---|---|
| Richard Goldman, M.D., Medical Director | Louis Adler, M.D. | Matthew Charms, M.D. |
| Jason Deutsch, M.D. | Gerald Roth, M.D. | Ted Hittle, M.D. |
| David Chou, M.D. | Daniel Kirsch, M.D. | Ira Smalberg, M.D. |
| Anil Wadhwani, M.D. | Bruce Yawitz, M.D. | Peter Joyce, M.D. |

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

Printed on:

| | |
|---|---|
| Name: VALVO,HEATHER | Ord Dr: WICKRAMASINGHE, HIMANSHU V M.D. |
| Pt #:    V00004727312 | Adm Dr: |
| MR #: M000114795 | |
| Age:   28          Sex: F | Room#: RAD |

Procedure Location: SPECIAL PROCEDURES
Date Procedure Ordered:     03/13/09          Order#: 0313-0006     Report#: 0313-0165

| Richard Goldman, M.D., Medical Director | Louis Adler, M.D. | Matthew Charms, M.D. |
|---|---|---|
| Jason Deutsch, M.D. | Gerald Roth, M.D. | Ted Hittle, M.D. |
| David Chou, M.D. | Daniel Kirsch, M.D. | Ira Smalberg, M.D. |
| Anil Wadhwani, M.D. | Bruce Yawitz, M.D. | Peter Joyce, M.D. |

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

Printed on:

| | |
|---|---|
| Name:  VALVO,HEATHER | Ord Dr:  WICKRAMASINGHE, HIMANSHU V M.D. |
| Pt #:   V00004727312 | Adm Dr: |
| MR #:  M000114795 | |
| Age:   28          Sex: F | Room#: RAD |

Procedure Location: SPECIAL PROCEDURES
Date Procedure Ordered:     03/13/09        Order#: 0313-0006    Report#: 0313-0165

does not demonstrate any evidence of clot, stenosis or occlusion.

Sequential dilatations of the venotomy site were performed to 11 French was performed. A retrieval set was used to try and remove the filter. Despite multiple attempts, multiple catheters in the use of 2 snares I was unable to retrieve the filter. I believe that since the filter is tilted the bulk is embedded in the IVC wall. At this time the risks outweigh the benefits of the removal. All wires and catheters were removed from the patient. Hemostasis was achieved with 10 minutes of manual compression of the neck.
FINDINGS:

The IVC filter is tilted at this time. On the initial deployment. The filter was upright without tilt in its orientation.

Patent right interval jugular vein

IMPRESSION: Inability to retrieve the IVC filter. I believe that due to the filter's tilt, the hook is embedded in the IVC wall. Despite multiple  snares, wires and catheters - the filter was unable to be retrieved. The risks outweigh the benefits in a prolonged attempt to retrieve this filter. Therefore all wires and catheters were removed from this patient.


SANJEEV KHANNA M.D.


:SANJEEV KHANNA M.D. 03/13/09 1518

| Richard Goldman, M.D., Medical Director | Louis Adler, M.D. | Matthew Charms, M.D. |
|---|---|---|
| Jason Deutsch, M.D. | Gerald Roth, M.D. | Ted Hittle, M.D. |
| David Chou, M.D. | Daniel Kirsch, M.D. | Ira Smalberg, M.D. |
| Anil Wadhwani, M.D. | Bruce Yawitz, M.D. | Peter Joyce, M.D. |

Page 2

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

|  |  | Printed on: |
|---|---|---|
| Name: VALVO,HEATHER | Ord Dr: WICKRAMASINGHE, HIMANSHU V M.D. | |
| Pt #: V00004727312 | Adm Dr: | |
| MR #: M000114795 | | |
| Age: 28 | Sex: F | Room#: RAD |

Procedure Location: SPECIAL PROCEDURES
Date Procedure Ordered:  03/13/09    Order#: 0313-0006  Report#: 0313-0165

***Signed***

PROCEDURE: SP INFERIOR VENA CAVA W/SERIAL

IVC FILTER REMOVAL

EXAMINATION DATE AND TIME: Mar 13, 2009 1:14:00 PM

COMPARISON: None.

REASON FOR STUDY: IVC RETRIEVAL

Physicians: Khanna

MEDICATIONS:   Versed 4 mg IV, fentanyl 200 mammograms IV.

TECHNIQUE:   The risks, benefits, alternatives to the procedure were discussed in
depth with the patient. Risks such as bleeding, infection, vascular injury,
vascular perforation, inability to retrieve the filter were discussed in depth
with the patient. IV conscious sedation were also identified. Signed consent
was then obtained.

Spot imaging over the abdomen demonstrates a comfortable at filter which is tilted
towards the right. On the initial IVC deployment. The filter was straight in
its alignment. It is now tilted. The patient was laid supine on the
angiographic table. The right neck was prepped and draped in usual sterile
fashion. Using standard micropuncture and ultrasound guidance access into the
right  internal jugular vein was performed. A microwire was inserted without
difficulty and a 5 French dilator and sheath followed. A 5 French pigtail was
positioned within the right common iliac vein and IVC gram was performed which

| Richard Goldman, M.D., Medical Director | Louis Adler, M.D. | Matthew Charms, M.D. |
|---|---|---|
| Jason Deutsch, M.D. | Gerald Roth, M.D. | Ted Hittle, M.D. |
| David Chou, M.D. | Daniel Kirsch, M.D. | Ira Smalberg, M.D. |
| Anil Wadhwani, M.D. | Bruce Yawitz, M.D. | Peter Joyce, M.D. |

Page 1

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

Printed on:

| | |
|---|---|
| Name:  VALVO,HEATHER | Ord Dr:  WICKRAMASINGHE, HIMANSHU V M.D. |
| Pt #:   V00004579615 | Adm Dr: UMALI,MARIA |
| MR #:  M000114795 | |
| Age:   28              Sex: F | Room#: MS05 P20444-1 |

Procedure Location: SPECIAL PROCEDURES

| Date Procedure Ordered: | 01/30/09 | Order#: 0130-0001 | Report#: 0130-0229 |
|---|---|---|---|

FINDINGS: The IVC does not demonstrate any evidence of clot, stenosis or occlusion.

IMPRESSION: Successfull placement of a retrievable Gunther tulip IVC filter. This was placed at the level of the renal veins.

SANJEEV KHANNA M.D.

:SANJEEV KHANNA M.D. 01/30/09 1816

| | | |
|---|---|---|
| Richard Goldman, M.D., Medical Director | Louis Adler, M.D. | Matthew Charms, M.D. |
| Jason Deutsch, M.D. | Gerald Roth, M.D. | Ted Hittle, M.D. |
| David Chou, M.D. | Daniel Kirsch, M.D. | Ira Smalberg, M.D. |
| Anil Wadhwani, M.D. | Bruce Yawitz, M.D. | Peter Joyce, M.D. |

Page 2

## Henry Mayo Newhall Memorial Hospital
### 23845 McBean Parkway Valencia California 91355

Printed on:

| | |
|---|---|
| Name: VALVO,HEATHER | Ord Dr: WICKRAMASINGHE, HIMANSHU V M.D. |
| Pt #: V00004579615 | Adm Dr: UMALI,MARIA |
| MR #: M000114795 | |
| Age: 28        Sex: F | Room#: MS05 P20444-1 |

Procedure Location: SPECIAL PROCEDURES
Date Procedure Ordered:     01/30/09          Order#: 0130-0001    Report#: 0130-0229

***Signed***

PROCEDURE: SP IVC FILTER PLACEMENT

IVC FILTER PLACEMENT

EXAMINATION DATE AND TIME:  Jan 30, 2009 6:09:00 PM

COMPARISON: None.

REASON FOR STUDY:  pulmonary embolism

MEDICATIONS: Versed 2 mg IV, fentanyl 100 mcg IV

TECHNIQUE: The risks, benefits, alternatives to the procedure were discussed in depth with the patient. Signed consent was then obtained. The patient was laid supine on the angiographic table. The right groin was prepped and draped in usual sterile fashion. Using ultrasound guidance identification of a patent right common femoral vein was performed. This area was anesthetized with 1% lidocaine. Using standard micropuncture technique access into the right common femoral vein was performed. A 0.018 guidewire was inserted without difficulty. A 4 French sheath followed. The microwire was exchanged for a 0.035 Benson guidewire and a pigtail catheter was then positioned at the confluence of the iliac veins.

An IVC gram was performed which demonstrates patency of the IVC. There is no evidence of clot, stenosis or occlusion. A retrievable Gunther pull-up filter was then placed at the level of the renal veins. No immediate complications were encountered. Hemostasis was achieved with 15 minutes of manual compression.

| | | |
|---|---|---|
| Richard Goldman, M.D., Medical Director | Louis Adler, M.D. | Matthew Charms, M.D. |
| Jason Deutsch, M.D. | Gerald Roth, M.D. | Ted Hittle, M.D. |
| David Chou, M.D. | Daniel Kirsch, M.D. | Ira Smalberg, M.D. |
| Anil Wadhwani, M.D. | Bruce Yawitz, M.D. | Peter Joyce, M.D. |



**TOWER IMAGING VALENCIA**

*Imaging by Specialists*

23929 McBean Parkway, Bldg F. – Ste. 109, Valencia, CA 91355 · Tel: (661) 753-5400 · Fax: (661) 753-5401
www.towerimaging-valencia.com

directed toward the right kidney.

The lung bases are clear.

The liver is enlarged measuring 21 cm. Fatty infiltration of the liver is noted.

The spleen, pancreas, gallbladder, both adrenal glands and both kidneys are normal.

The bowel shows scattered colonic diverticula. There is no evidence of diverticulitis. Specifically, the diverticulitis noted previously has resolved. A normal appendix is noted.

No abnormal lymphadenopathy is identified.

The aorta is normal in course and caliber.

The urinary bladder is distended with urine and appears unremarkable.

The uterus is absent.

No suspicious osteolytic or osteoblastic lesions are identified.

IMPRESSION: There is no evidence of acute pathology in the abdomen or pelvis. Incidental findings are described above.

ROTH,GERALD M.D.

04/27/15  1241

Thank you for the courtesy of this referral.

Tower Imaging Valencia, 23929 McBean Parkway Suite 109, Valencia, CA 91355
(661) 753-5400 Ph  (661) 753-5401 Fax
MRI ·  CT · Ultrasound · X-Ray · Fluoroscopy · DEXA



## TOWER IMAGING VALENCIA

*Imaging by Specialists*

23929 McBean Parkway, Bldg F. – Ste. 109, Valencia, CA 91355 · Tel: (661) 753-5400 · Fax: (661) 753-5401
www.towerimaging-valencia.com

Signed

UMALI, MARIA S. M.D.
VALVO,HEATHER R/DOE: 04/27/15  1/2

Patient:      VALVO,HEATHER R
DOB:          10/23/1980
MRN:          M000114795
Exam ID:      0427-0009 VC/CT ABD PELV WO CONT
Exam DT:      04/27/15

**CT EXAMINATION OF THE ABDOMEN AND PELVIS WITHOUT IV CONTRAST**

**EXAMINATION DATE AND TIME:**   Apr 27, 2015 12:33:00 PM

COMPARISON:   2/26/2015

REASON FOR STUDY:   RLQ ABDOMINAL PAIN

COMMENT:   Unenhanced CT examination of the abdomen and pelvis is performed.
Using a Philips 64 channel CT scanner, data is obtained through the abdomen and
pelvis and reconstructed into 3 mm thick axial and 3 mm thick coronal images.
No intravenous contrast was administered.  Oral contrast was administered.

The total DLP in mGy*cm is 1372.7.
Series number    CTDI in mGy
2                25.6

Scout view shows an IVC filter in place. As before, one of the prongs is

Tower Imaging Valencia, 23929 McBean Parkway Suite 109, Valencia, CA 91355
(661) 753-5400 Ph  (661) 753-5401 Fax
MRI · CT · Ultrasound · X-Ray · Fluoroscopy · DEXA

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

Printed on:

| | |
|---|---|
| Name:  VALVO,HEATHER R | Ord Dr:   MORAN,JULIETA M.D. |
| Pt #:    V00013280665 | Adm Dr: |
| MR #:  M000114795 | |
| Age:   34              Sex: F | Room#: ED3 |
| DOB: 10/23/1980 | |
| Procedure Location: ULTRASOUND | |
| Date Procedure Ordered:  06/14/15 | Order#: 0614-0009     Report#: 0614-0242 |

JANE DASCALOS M.D./TR:            Date:06/14/15  Time:1543

| Richard Goldman, M.D., Medical Director | Srinivas Peddi, M.D. | Ted Hittle, M.D. |
|---|---|---|
| Omar Sahagun, M.D. | Gerald Roth, M.D. | Ira Smalberg, M.D. |
| Ian Levin, M.D. | Daniel Kirsch, M.D. | Jane Dascalos, M.D. |
| Joshua Hanelin, M.D. | Bruce Yawitz, M.D. | James Hill, M.D. |

Henry Mayo Newhall Memorial Hospital
23845 McBean Parkway Valencia California 91355

Printed on:

| | |
|---|---|
| Name:  VALVO,HEATHER R | Ord Dr:  MORAN,JULIETA M.D. |
| Pt #:   V00013280665 | Adm Dr: |
| MR #: M000114795 | |
| Age:   34          Sex: F | Room#: ED3 |
| DOB: 10/23/1980 | |
| Procedure Location: ULTRASOUND | |
| Date Procedure Ordered: 06/14/15 | Order#: 0614-0009   Report#: 0614-0242 |

***Signed***

TRANSABDOMINAL AND TRANSVAGINAL ULTRASOUND EXAMINATION OF THE FEMALE PELVIS

EXAMINATION DATE AND TIME:   Jun 14, 2015 03:33:00 PM

COMPARISON:   5/3/2015

REASON FOR STUDY:    Abdominal Pain

COMMENT:    Transabdominal and transvaginal examination of the pelvis is performed. Transit

Prior hysterectomy.

The right ovary is sonographically normal measuring 2.4 cm.

The left ovary is sonographically normal measuring 2.3 cm.

Arterial flow was documented to the left ovary. The technologist was unable to detect  arterial flow to the right ovary after several attempts. Venous flow to the right ovary was detected.

No evidence for free fluid.

IMPRESSION:   The technologist was unable to detect arterial flow to the right ovary after several attempts. Venous flow to the right ovary was detected. Therefore, recommend clinical correlation to exclude right ovarian torsion.

| | | |
|---|---|---|
| Richard Goldman, M.D., Medical Director | Srinivas Peddi, M.D. | Ted Hittle, M.D. |
| Omar Sahagun, M.D. | Gerald Roth, M.D. | Ira Smalberg, M.D. |
| Ian Levin, M.D. | Daniel Kirsch, M.D. | Jane Dascalos, M.D. |
| Joshua Hanelin, M.D. | Bruce Yawitz, M.D. | James Hill, M.D. |

Page 1

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

|  |  |
|---|---|
| | Printed on: |
| Name: VALVO,HEATHER R | Ord Dr: MORAN,JULIETA M.D. |
| Pt #:  V00013280665 | Adm Dr: |
| MR #: M000114795 | |
| Age:  34          Sex: F | Room#: ED3 |
| DOB: 10/23/1980 | |
| Procedure Location: CAT SCAN | |
| Date Procedure Ordered: 06/14/15 | Order#: 0614-0057    Report#: 0615-0070 |

hepatomegaly.

There is an IVC filter with a prong extending beyond the IVC and abutting the lower pole of right kidney. This could be a cause of chronic discomfort.

There is diverticulosis of the colon without evidence of active inflammation.

Dr. Maynard provided a preliminary interpretation to the emergency room at 7:05 p.m..

JOHN G. MARDIAT M.D./TR:          Date:06/15/15  Time:0834

| Richard Goldman, M.D., Medical Director | Srinivas Peddi, M.D. | Ted Hittle, M.D. |
|---|---|---|
| Omar Sahagun, M.D. | Gerald Roth, M.D. | Ira Smalberg, M.D. |
| Ian Levin, M.D. | Daniel Kirsch, M.D. | Jane Dascalos, M.D. |
| Joshua Hanelin, M.D. | Bruce Yawitz, M.D. | James Hill, M.D. |

Page 3

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

Printed on:

| | |
|---|---|
| Name:  VALVO,HEATHER R | Ord Dr:  MORAN,JULIETA M.D. |
| Pt #:    V00013280665 | Adm Dr: |
| MR #:  M000114795 | |
| Age:    34          Sex: F | Room#: ED3 |
| DOB: 10/23/1980 | |
| Procedure Location: CAT SCAN | |
| Date Procedure Ordered:  06/14/15 | Order#: 0614-0057    Report#: 0615-0070 |

hepatic abnormalities are identified. The spleen is at the upper limits of normal for size just under 12 cm in coronal length. The gallbladder is nondistended obviously inflamed and is without calcified gallstones. The pancreas has a normal contour. The stomach and duodenum appear unremarkable. There is no evidence of ascites.

The adrenal glands appear grossly unremarkable. Both kidneys are normal in size, shape and position and are without hydronephrosis or urolithiasis or a significant mass.

There is no evidence of retroperitoneal lymphadenopathy. There is an inferior vena cava filter in place. One prong of the filter protrudes anterolaterally from the IVC and abuts the lower pole of the right kidney. This could be a cause of chronic discomfort or hematuria. This has not changed since a previous examination of 4/27/2015.

The small bowel is of normal appearance. There are nondistended and there is no obvious inflammation. The colon has a normal appearance as well. The appendix is well-visualized and is noninflamed. There is diverticulosis of the left colon and sigmoid colon without evidence of active inflammation.

Images through the pelvis demonstrate a 3 cm right ovarian cyst. The patient is a previous hysterectomy. The urinary bladder appears unremarkable. The osseous structures are intact.

IMPRESSION:

This patient has severe diffuse fatty infiltration of the liver with

| | | |
|---|---|---|
| Richard Goldman, M.D., Medical Director | Srinivas Peddi, M.D. | Ted Hittle, M.D. |
| Omar Sahagun, M.D. | Gerald Roth, M.D. | Ira Smalberg, M.D. |
| Ian Levin, M.D. | Daniel Kirsch, M.D. | Jane Dascalos, M.D. |
| Joshua Hanelin, M.D. | Bruce Yawitz, M.D. | James Hill, M.D. |

**Henry Mayo Newhall Memorial Hospital**
**23845 McBean Parkway Valencia California 91355**

Printed on:

| | |
|---|---|
| Name:  VALVO,HEATHER R | Ord Dr:  MORAN,JULIETA M.D. |
| Pt #:   V00013280665 | Adm Dr: |
| MR #:  M000114795 | |
| Age:   34          Sex: F | Room#: ED3 |
| DOB: 10/23/1980 | |
| Procedure Location: CAT SCAN | |
| Date Procedure Ordered:  06/14/15 | Order#: 0614-0057    Report#: 0615-0070 |

**\*\*\*Signed\*\*\***

CT ABD PELV W CONT

DATE:  Jun 14, 2015 06:57:00 PM

REASON FOR STUDY:   Abdominal Pain

COMPARISON:   Previous CT scan of the abdomen and pelvis dated 4/27/2015

Technique: Enhanced CT examination of the abdomen and pelvis is performed.
Using a Philips multi channel CT scanner, data is obtained through the abdomen
and pelvis and reconstructed into 5 mm thick axial and 3 mm thick coronal
images.  100 cc of Omnipaque 350 was administered.  Oral contrast material was
administered.

Total DLP: 2852.3 mGy\*cm
Series 1: 0.08 mGy CTDI
Series 2: 27. 8 mGy CTDI
Series 3: 28.1 mGy CTDI

FINDINGS:

The lung bases are clear. No basilar infiltrates pleural effusions. There is
partially imaged fluid collection in the right lower chest wall that may be the
lower portion of a breast prosthesis.

The liver demonstrates severe diffuse fatty infiltration with hepatomegaly.
Liver measures over 20 cm in coronal length. No definite significant focal

| | | |
|---|---|---|
| Richard Goldman, M.D., Medical Director | Srinivas Peddi, M.D. | Ted Hittle, M.D. |
| Omar Sahagun, M.D. | Gerald Roth, M.D. | Ira Smalberg, M.D. |
| Ian Levin, M.D. | Daniel Kirsch, M.D. | Jane Dascalos, M.D. |
| Joshua Hanelin, M.D. | Bruce Yawitz, M.D. | James Hill, M.D. |

Page 1

MAY-29-2015  02:05PM   FROM-HIM                    6612001229          T-588   P.001/002   F-828

## Henry Mayo
Newhall Hospital

Page 1 of 2

## AUTHORIZATION FOR USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION

Completion of this document authorizes the disclosure and use of health information, about you. Failure to provide all information requested may invalidate this authorization.

Name of Patient: _Heather Renee Valvo_

Address: _22330 Homestead Pl, Santa Clarita CA 91350_

Date of Birth: _10/23/80_

Telephone: _661-904-8281_

### USE AND DISCLOSURE OF HEALTH INFORMATION

I hereby authorize Henry Mayo Newhall Hospital to release to:

_SELF (Heather Valvo)_

(Persons/Organizations authorized to receive the information)

_____

(Address – street, city, state, zip code)

The following information:

a.
- ☐ All health information pertaining to my medical history, mental or physical condition and treatment received; **or**
- ☒ Only the following records or types of health information from date of service(s):

_2009  present (nt)_

- ☐ History and physical exam
- ☒ X-ray reports
- ☐ X-ray films / images
- ☐ Laboratory test results
- ☐ Complete billing record
- ☐ Itemized bill
- ☐ Photographs, videotapes
- ☐ Discharge Summary
- ☐ Other (specify):
- ☐ Diagnosis & treatment codes
- ☐ Progress Notes
- ☐ Consultation reports

_____

b. I specifically authorize release of the following information (check as appropriate):
- ☐ Mental health treatment information (initial) _____
- ☐ HIV test results (initial) _____
- ☐ Alcohol/drug treatment information (initial) _____

### Purpose

Purpose of requested use or disclosure: ☒ Patient request; **or** ☐ Other:

_Heather Valvo_

Rev. 03/2015

# INVOICE



## PAYMENT SHEET

## PLEASE RETURN THIS WITH YOUR PAYMENT.

**MAKE PAYMENT TO:**

iod incorporated
PO Box 19072
Green Bay, WI 54307-9072

TaxID No. 65-0765287

| | |
|---|---|
| Invoice No: | **32230749** |
| Requester: | **HEATHER VALVO** |
| Account #: | **4338669** |
| Patient Name: | **VALVO, HEATHER** |
| Amount Due: | **0.00** |

Amount Paid $

Check No

To make an online payment, please go to payportal.iodincorporated.com

iod incorporated   TaxID No. 65-0765287
PO Box 19072, Green Bay WI, 54307-9072
Phone: 866-420-7455 Option 1 * Fax: 920-406-6537

**Page 2 of 2**