IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION

Case No. 1:14-ml-2570-RLY-TAB

MDL No. 2570

This Document Relates to Plaintiff(s)

**Samuel Taubler** Case Number: 1:16-cv-01640

## SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND REINSTATEMENT PURSUANT TO F.R.C.P 59(e) and 60(b)

I, Keith D. Griffin, after being duly sworn upon his oath, makes this supplemental affidavit in support of Plaintiff Samuel Taubler's Motion for Reconsideration and state the following:

1.     I am an attorney of the law firm of Girardi | Keese, attorneys of record for Plaintiff, Samuel Taubler, herein. I have personal knowledge of the facts set forth herein and if called upon as a witness I would be competent to testify thereto. Each of the facts and statements herein are true and correct. I make this affidavit in support of Plaintiff's Motion for Reconsideration and Reinstatement Pursuant to F.R.C.P. 59(e) and 60(b) of the Court's Order Dismissing Plaintiff's Claims For Failure to Submit a Case Categorization Form.

2.     For the purpose of ensuring a complete record, I wanted to take this opportunity to advise the Court of an important fact raised at the end of the hearing on Plaintiffs'

various motions for reinstatement. I was not able to be heard during the hearing on the Motion on July 12, 2019 due to the length of the hearing and the Court's need to move on to other issues. I was present on the phone.

3.      The last point raised in the hearing by other Plaintiff counsel related to the fact that all of the information requested in the Case Categorization Form had been previously supplied to Defendant's counsel well before this issue arose with the Case Categorization Form deadline. This same factual scenario is true for Plaintiff Samuel Taubler.

4.      The Case Categorization Form sought to place Plaintiffs into various categories including (1) successful first removal without complication or physical injury cases, (2) cases alleging mental distress and embedment, (3) stenosis of the IVC and anticoagulation cases, (4) embedded and high risk cases, (5) failed retrieval and complicated retrieval cases, (6) non-symptomatic injury cases and (7) symptomatic injury cases. The Case Categorization Form also requested specific medical records be produced. Plaintiff had previously provided the categorization form information via the Plaintiff Fact Sheet and Profile Form and had already submitted bookmarked medical records in 2016.

5.      Samuel Taubler's Plaintiff Fact Sheet with signed authorizations, Plaintiff Profile Form and bookmarked medical records were submitted to Defendant's counsel on August 2, 2016. Attached as **Exhibit "1"** is a true and correct copy of that email and its attachments.

6.      In summary, Plaintiff submitted all of the information contained in the Case Categorization Form, including specific identification of claimed injury and bookmarked medical records almost three years ago.

///

///

7.     Plaintiff respectfully requests that the Court reinstate this case as the delayed submission of the Case Categorization Form was based on a clear oversight which has now been rectified and the information contained in the Case Categorization Form had been previously submitted to counsel for Defendant via the Plaintiff Fact Sheet, Profile Form, and bookmarked medical records that were submitted on August 2, 2016.

FURTHER, AFFIANT SAITH NOT.

_____
KEITH D. GRIFFIN

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

State of California, County of _Los Angeles_
Subscribed and sworn to (or affirmed) before me on this _12th_ day
of _July_____ _2019_ by _Keith D Griffin_
proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.

Signature_____(seal)

ANTHONY TORRES
Notary Public - California
Los Angeles County
Commission # 2269018
My Comm. Expires Dec 1, 2022

# Exhibit "1"

**Alexa F. Galloway**

| | |
|---|---|
| **From:** | Patricia Paz |
| **Sent:** | Friday, July 12, 2019 9:38 AM |
| **To:** | Alexa F. Galloway |
| **Subject:** | FW: Cook IVC MDL 2570 Litigation - PPF/PFS/Bookmarked medical records for Plaintiff Lois Mills, Edwin Quinones and Samuel Taubler |

**From:** Anne Kurke
**Sent:** Tuesday, August 02, 2016 2:16 PM
**To:** CookIVCFMDL@woodmclaw.com
**Cc:** Litigation Support Team; !NA KCC IVC (IVC@kccllc.com); Keith Griffin
**Subject:** Re: Cook IVC MDL 2570 Litigation - PPF/PFS/Bookmarked medical records for Plaintiff Lois Mills, Edwin Quinones and Samuel Taubler

Dear Counsel,

Completed MDL 2570 Plaintiff Fact Sheets with signed authorizations, Plaintiff Profile Forms and bookmarked medical records for Plaintiff Lois Mills, Edwin Quinones and Samuel Taubler has been uploaded and submitted to:

https://filetransfer.woodmclaw.com/filedrop/kjachimiak@woodmclaw.com per CMO #6.

With Kind regards,

*Anne Kurke*

G I R A R D | K E E S E
L A W Y E R S
**Assistant to Keith Griffin, Esq.**
1126 Wilshire Boulevard
Los Angeles, CA 90017
(213) 977-0211 ex. 317
(213) 481-1554 fax
akurke@girardikeese.com

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

*MDL No. 2570*

IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION

In completing this **Plaintiff Profile Form**, you are under oath and must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.

## I. CASE INFORMATION

Caption:  In Re: Cook Medical, Inc,, et al.        Date: July 7, 2016

Docket No.:  1:16-cv-1640

Plaintiff(s) attorney and Contact information:

Thomas V. Girardi and Keith D. Griffin

Girardi Keese

1126 Wilshire Boulevard

Los Angeles, CA  90017

## II. PLAINTIFF INFORMATION

Name:  Samuel Joseph Taubler

Spouse:  Debra A. Taubler          Loss of Consortium? ☑Yes ☐ No

Address:  5657 Newport Road, Clarksburg, PA  15725

Date of birth:  02/20/1960

Social Security No.:  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

## III. DEVICE INFORMATION[1]

Date of Implant: 02/07/2012

*Reason for Implant:* Deep Vein Thrombosis

Brand Name: Cook Celect Vena Cava Filter        Mfr.  Cook Medical

Lot Number:  E2795390

Placement Physician: Chet Phitayakorn, M.D.

Medical Facility:  Jefferson Regional Medical Center

---

[1] Note: In lieu of device information, the relevant procedure/operating records may be provided, as long as all requested information is fully legible on the face of said records.

Date of Implant: 02/07/2012
*Reason for Implant:* Deep Vein Thrombosis
Brand Name: Cook Celect Vena Cava Filter          **Mfr.** Cook Medical
Implanting Physician: Chet Phitayakorn, M.D.
Medical Facility: Jefferson Regional Medical Center

• *Attach medical evidence of product identification.*

## IV. RETRIEVAL/REMOVAL/EXPLANT PROCEDURE INFORMATION

Date of retrieval (including any attempts): 05/02/2012
*Type of retrieval:* Surgery - Inferior Venogram (Unsuccessful)
Retrieval physician: Chet Phitayakorn, M.D.
Medical Facility: Jefferson Regional Medical Center
Reason for Retrieval: Plaintiff was informed it should be removed


Date of retrieval (including any attempts):
*Type of retrieval:*
Retrieval physician:
Medical Facility:
Reason for Retrieval:


Date of retrieval (including any attempts):
*Type of retrieval:*
Retrieval physician:
Medical Facility:
Reason for Retrieval:


Date of retrieval (including any attempts):
*Type of retrieval:*
Retrieval physician:
Medical Facility:
Reason for Retrieval:


## V. OUTCOME ATTRIBUTED TO DEVICE

| | |
|---|---|
| ☐ Migration | ☐ Other |
| ☑ Tilt | ☐ Other |
| ☑ Vena Cava Perforation | ☐ Other |
| ☑ Fracture | ☐ Other |
| ☑ Device is unable to be retrieved | ☐ Other |
| ☑ Bleeding | ☐ Other |
| ☑ Organ Perforation | ☐ Other |

## VI.  HOW OUTCOME(S) ATTRIBUTED TO DEVICE DETERMINED

Surgery - Inferior Venogram _____ by Dr. Chet Phitayakorn _____
(e.g. imagine studies, surgery, doctor visits)
_____ by _____
_____ by _____
_____ by _____

## VII.  CURRENT COMPLAINTS

Describe all current complaints you attribute to the device:
_____
_____
_____
_____
_____

## VIII.  PAST HISTORY

Number of Deep Vein Thromboses: 3 _____   Number of Pulmonary Emboli: 3 _____

Prior to, or following placement of the device, have you ever had or been diagnosed with:

- [ ] Lupus
- [ ] Crohn's Disease
- [ ] Factor V Leiden
- [ ] Protein Deficiency
- [ ] Spinal fusion or other back procedures
- [ ] Anti-thrombin deficiency
- [ ] Prothrombin mutation

Are you claiming damages for lost wages: [ ] Yes   [✓] No
If so, for what time period: _____
Have you filed for bankruptcy from 5 years prior to the date of first placement of the Inferior Vena Cava Filter to the present? [ ] Yes [✓] No
If so, when, and has the bankruptcy trustee been notified of your pending claim?
_____

Do you have a computer? [ ] Yes [✓] No

If so, are you a member of Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn or other social media websites?
[ ] Yes [✓] No

Please provide all user names, handles, login names, or IDs and/or email addresses associated with each type of social media used.  Please do not include any passwords:

Not Applicable

**IX. LIST ALL TREATING PHYSICIANS FROM TEN (10) YEARS PRIOR TO THE DATE OF FIRST PLACEMENT OF THE INFERIOR VENA CAVA FILTER, TO THE PRESENT.  INCLUDE ALL PRIMARY CARE PHYSICIANS, INTERVENTIONAL RADIOLOGISTS, VASCULAR SURGEONS, HEMATOLOGISTS, PSYCHIATRISTS, PSYCHOLOGISTS, OR ANY OTHER SPECIALISTS.**

Primary Care Physicians:

Name: Dr.  Jose Mejia

Address: Execela Health Chestnut Ridge, 555 State Route 217, Suite 1, Latrobe, PA  15650

Approximate Period of Treatment: 1/1/2013-Present

Name: Dr. Francis Meyers

Address: Execela Health Chestnut Ridge, 555 State Route 217, Suite 1, Latrobe, PA  15650

Approximate Period of Treatment: 1/1/1989 - 1/1/2013

Interventional Radiologists, Vascular Surgeons and/or Hematologists:

Name: Dr. Kyung Park

Address: Jefferson Regional Medical Center, 575 Coal Valley Road, Suite 504, Jefferson Hills, PA 15025

Approximate Period of Treatment: 2008

Name: Dr. Daniel Rubin

Address: Jefferson Regional Medical Center, 575 Coal Valley Road, Suite 504, Jefferson Hills, PA 15025

Approximate Period of Treatment: 1996 - Present

Name:

Address:

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

Psychiatrists/Psychologists (Complete this answer only if making a claim for emotional/psychological injury other than usual "pain and suffering and mental anguish"):

Name: _____

Address: _____

Approximate Period of Treatment: _____

Name: _____

Address: _____

Approximate Period of Treatment: _____

*Attach additional pages as needed to identify other health care providers you have seen.*

## AUTHORIZATIONS

Provide ONE (1) SIGNED ORIGINAL copy of the records authorization form attached in Exhibit A. The form will authorize counsel for the Cook Group Companies to obtain those records identified within this Claimant Profile Form.

## VERIFICATION

I, _SAMUEL J. TAUBle_ declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _7/4/16_ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

[Signature of Claimant]

## VERIFICATION OF LOSS OF CONSORTIUM (if applicable)

I, _Debra A. Tauble_ declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _7-5-2016_ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

[Signature of Consortium Plaintiff]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

Case No.: 1:14-ml 2570-RLY-TAB
MDL No. 2570

This Document Relates:

Case No:

1:16-cv-1640
_____

Plaintiff: Samuel Joseph Taubler
_____
[Name of Plaintiff]

## PLAINTIFF FACT SHEET

Each plaintiff who allegedly suffered injury as a result of a Cook Inferior Vena Cava Filter must complete the following Plaintiff Fact Sheet ("Fact Sheet"). In completing this Fact Sheet, you are **under oath and must answer every question**. You must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details as requested, please provide as much information as you can and then state that your answer is incomplete and explain why, as appropriate. If you select an "I Don't Know" answer, please state all that you do know about that subject. If any information you need to complete any part of the Fact Sheet is in the possession of your attorney, please consult with your attorney so that you can fully and accurately respond to the questions set out below. If you are completing the Fact Sheet for someone who cannot complete the Fact Sheet herself, please answer as completely as you can.

The Fact Sheet shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. A completed Fact Sheet shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37. Therefore, you must supplement your responses if you learn that they are incomplete or incorrect in any material respect. The questions and requests for production of documents contained in this Fact Sheet are non-objectionable and shall be answered without objection. This Fact Sheet shall not preclude Cook Defendants from seeking additional documents and information on a reasonable, case-by-case basis, pursuant to the Federal Rules of Civil Procedure and as permitted by the applicable Case Management Order.

In filling out this form, "healthcare provider" shall mean any medical provider, doctor, physician, surgeon, pharmacist, hospital, clinic, medical center, physician's office, infirmary, medical/diagnostic laboratory, or any other facility that provides medical care or advice, along with any pharmacy, x-ray department, radiology department, laboratory, physical therapist/physical therapy department, rehabilitation specialist, chiropractor, or other persons or entities involved in your diagnosis, care and/or treatment.

In filling out this form, the terms "You" or "Your" refer to the person who received a Cook Vena Cava Filter manufactured and/or distributed by Cook Group Companies, including Cook Medical Incorporated, Cook Incorporated, Cook Group Incorporated and/or William Cook Europe ApS ("Cook Group Defendants") and who is identified in Question I. 1 (a) below.

To the extent that the form does not provide enough space to complete your responses or answers, please attach additional sheets as necessary. Information provided by Plaintiff will only be used for the purposes related to this litigation and may be disclosed only as permitted under the protective order in this litigation.

Nothing herein prohibits the plaintiff from withholding any materials or information protected by a claim of privilege, however, a privilege log will be made available to Cook Defendants' counsel.

## I. BACKGROUND INFORMATION

1.      Please state:

a)      Full name of the person who received the Cook Inferior Vena Cava Filter(s), including maiden name: Samuel Joseph Taubler

b)      If you are completing this form in a representative capacity (e.g., on behalf of the estate of a deceased person), please list your full name and  your relationship to the person listed in 1 (a) above: Not Applicable

[If you are completing this form in a representative capacity, please respond to the remaining questions with respect to the person who received the Cook IVC Filter.]

c)      The name and address of your primary attorney:

2.      Your Social Security Number: 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

3.      Your date of birth: 02/20/1960

4.      Your current residential address:    5657 Newport Road, Clarksburg, PA  15725

5.   If you have lived at this address for less than ten (10) years, provide each of your prior residential addresses from 2000 to the present:   Not applicable

| Prior Address | Dates You Lived at this Address |
|---|---|
| Not Applicable | |
| | |
| | |

6.   Have you ever been married? Yes ✔ No ☐

If yes, provide the names and addresses of each spouse and the inclusive dates of your marriage to each person.

Debra A. Taubler, 5657 Newport Road, Clarksburg, PA 15725

1979 - Present

7.   Do you have children? Yes ✔ No ☐

If yes, please provide the following information with respect to each child:

| Full Name of Child | Date of Birth | Home Address (if different from your own) | Whether Biological/Adopted |
|---|---|---|---|
| Jason Taubler | 01/09/1982 | 207 Gemmell Rd, Homer City, PA 15748 | Biological |
| | | | |
| | | | |

8.   Identify the name and age of any person who currently resides with you and their relationship to you:

Debra A. Taubler, 55, Spouse

3

9.   Identify all secondary and post-secondary schools you attended, starting with high school and please provide the following information with respect to each:

| Name of School | Address | Dates of Attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
| Blairsville High School | Blairsville, PA | 1974 - 1978 | Diploma | General |
|  |  |  |  |  |
|  |  |  |  |  |

10.   Please provide the following information for your employment history over the past ten (10) years up until the present:

| Name of Employer | Address | Job Title/Description of Duties | Dates of Employment | Salary/Rate of Pay |
|---|---|---|---|---|
| United States Postal Service | Indiana, PA | Letter Carrier | 1990 - 2016 | $59,000 |
|  |  |  |  |  |
|  |  |  |  |  |

11.   Have you ever served in any branch of the military? Yes ✓ No ☐

If yes, please provide the following information:

a.   Branch and dates of service, rank upon discharge and the type of discharge you received: United States Coast Guard, 1978-1983, E4, Honorable Discharge (Medical)

b.   Were you discharged from the military at any time for any reason relating to your medical, physical, or psychiatric condition? Yes ✓ No ☐

If yes, state what that condition was: Stage 4 Hodgkin's Disease

12.   Within the last ten (10) years, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty? Yes ☐ No ✓

4

If yes, please set forth where, when and the felony and/or crime of fraud and/or dishonesty:

Not Applicable

## II. CLAIM INFORMATION

1) Have you ever received a Cook Inferior Vena Cava Filter? Yes ☑ No ☐

If yes, please check the box(es) for each type of Cook Inferior Vena Cava Filter you have received:

☑ Cook Celect®

☐ Günther Tulip®

☐ Other (please identify): _____

2) For each Cook Inferior Vena Cava Filter identified above, please provide the following information:

   a) The date each Cook Inferior Vena Cava Filter was implanted in you: 02/07/2012

   b) The product code and lot number of each Cook Inferior Vena Cava Filter you received if you are aware of them: Lot Number E2795390

   c) Location of the Cook Inferior Vena Cava Filter, if known: Right Groin

3) Describe your understanding of the medical condition for which you received the Cook Inferior Vena Cava Filter(s): To prevent DVT from traveling to lungs

4) Give the name and address of the doctor who implanted the Cook Inferior Vena Cava Filter(s): Dr. Chet Phitayakorn, 565 Coal Valley Road, Suite 365, Jefferson Hills, PA 15025

5) Give the name and address of the hospital or other healthcare facility where the Cook Inferior Vena Cava Filter was implanted: Jefferson Regional Medical Center, 565 Coal Valley Road, Jefferson Hills, PA 15025

6) Have you ever been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for the treatment of the same condition(s) identified in your answer to (3) above? No

5

If yes, please identify any such device(s) or product(s).  Not Applicable

When was this device or product implanted in you? Not Applicable

Did the implantation take place before, at the same time, or after the procedure during which you were implanted with a Cook Inferior Vena Cava Filter?  Not Applicable

Who was the physician(s) who implanted this other device or product? Not Applicable

Where was the other device or product implanted in you? Not Applicable

Why was the other device or product implanted in you? Not Applicable

7)   Prior to implantation with a Cook Inferior Vena Cava Filter, did you receive any written and/or verbal information or instructions regarding the Cook Inferior Vena Cava Filter(s), including any risks or complications that might be associated with the use of the same?

Yes ☐ No ☐ Don't Know ☑

If yes:

a)   Provide the date you received the written and/or verbal information or instructions:

b)   Identify by name and address the person(s) who provided the information or instructions:

c)   What information or instructions did you receive?

d)   If you have copies of the written information or instructions you received, please attach copies to your response.

e)   Were you told of any potential complications from the implantation of the Cook Inferior Vena Cava Filter(s)?  Yes ☐ No ☑ Don't Know ☐

f)   If yes to (e), by whom?

g)   If yes to (e), what potential complications were described to you?

8)   Do you believe that the Cook Inferior Vena Cava Filter remains implanted in you?  If so,

a)   Has any doctor recommended removal of the Cook Inferior Vena Cava Filter(s)?
Yes ☑ No ☐

If yes, identify by name and address the doctor who recommended removal and state your understanding of why the doctor recommended removal.

6

9) Has any physician ever told you that he or she removed any Cook Inferior Vena Cava Filter(s) from you, in whole or in part?

Yes ✓ No ☐ Don't Know ☐

If yes:

a) Identify the date, name of the medical provider and the name/address of the medical facility where you told of the potential complications resulting from or caused, in whole or in part, by the implantation of Cook Inferior Vena Cava Filter(s)? 05/02/2012, Dr. Chet Phitayakorn, 565 Coal Valley Rd, Jefferson Hills PA 15025

b) Where, when and by whom was the Cook Inferior Vena Cava Filter(s), or any portion of it, removed? 05/02/2012, Dr. Phitayakorn, Jefferson Regional

c) Explain why you consented to have the Cook Inferior Vena Cava Filter(s), or any portion of it, removed? Physician informed plaintiff IVC Filter should be removed

d) Does any medical provider, physician, entity, or anyone else acting on your behalf have possession of any portion of the Cook Inferior Vena Cava Filter (such as a broken strut, etc.) that was previously implanted in you and subsequently removed? Yes ☐ No ✓ Don't Know ☐

e) If yes, please state name and address of the person or entity having possession of same.

10) Do you claim that you suffered bodily injuries as a result or the implantation of Cook Inferior Vena Cava Filter(s)? Yes ✓ No ☐

If yes:

a) Describe the bodily injuries, including any emotional or psychological injuries, that you claim resulted from the implantation, attempted removal and/or removal of the Cook Inferior Vena Cava Filter(s)? Plaintiff's lung was perforated and had to have it drained for approximately five days.

b) When is the first time you experienced symptoms of any of the bodily injuries you claim in your lawsuit to have resulted from the Cook Inferior Vena Cava Filter(s)? 05/02/2012

c)      When did you first attribute these bodily injuries to the Cook Inferior Vena Cava Filter(s)? Plaintiff attributed injuries to the filter on 5/2/2012 when his physician attempted to remove the filter and was unsuccessful.

d)      To the best of your knowledge and recollection, please state the approximate date when you first saw a health care provider for each of the bodily injuries you claim to have experienced relating to the Cook Inferior Vena Cava Filter(s).
Plaintiff saw Dr. Phitayakorn on 5/2/2012.

e)      Are you currently experiencing symptoms related to your claimed bodily injuries?

Yes [ ]  No [✓]

If yes, please describe your current symptoms in detail.

f)      Are you currently seeing, or have you ever seen by a doctor or healthcare provider for any of the bodily injuries or symptoms listed above? Yes [✓]  No [ ]

If yes, please list all doctors you have seen for treatment of any of the bodily injuries you have listed above.

| Provider Name and Address | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
| Dr. Chet Phitayakorn, 565 Coal Valley Road Jefferson Hills, PA 15025 | Collapsed Lung | 05/02/2012 - 05/05/2012 |
| | | |
| | | |

g)      Were you hospitalized at any time for the bodily injuries you listed above?

Yes [✓]  No [ ]

If yes, please provide the following:

| Hospital Name and Address | Condition Treated | Approximate Dates of Treatment |
|---|---|---|
| Jefferson Regional Medical Center, 565 Coal Valley Road, Jefferson Hills, PA 15025 | Punctured Lung | 05/02/2012 - 05/05/2012 |
| | | |
| | | |

8

11)     Are you making a claim for lost wages or lost earning capacity?

Yes ☐ No ☑

If yes, state the annual gross income you derived from your employment for each year, beginning five (5) years prior to the implantation of the Cook Inferior Vena Cava Filter(s) until the present:

12)     Are you making a claim for lost out-of-pocket expenses?   Yes ☐ No ☑

If yes, please identify and itemize all out-of-pocket expenses you have incurred.

13)     Has anyone filed a loss of consortium claim in connection with your lawsuit regarding the Cook Inferior Vena Cava Filter(s)?

Yes ☐ No ☑

If yes, identify by name and address the person who filed the loss of consortium claim ("Consortium Plaintiff") and state the relationship of that person to you, along and state the specific nature of the claim.

14)     Please indicate whether the Consortium Plaintiff alleges any of the damages set forth below:

| Claims | Yes/No |
|---|---|
| Loss of services of spouse | No |
| Impaired sexual relations | No |
| Lost wages/lost earning capacity | No |
| Lost out-of-pocket expenses | No |
| Physical injuries | No |
| Psychological injuries/emotional injuries | No |
| Other | No |

15)     Please list the name and address of any healthcare providers the Consortium Plaintiff has sought treatment for any physical, emotional, or psychological injuries or symptoms alleged to be related to his/her claim. Not applicable

9

16)     Have you or anyone acting on your behalf had any communication, oral or written, with any of the Cook Defendants and/or their representatives?

Yes [ ] No [ ] Don't Know [✓].

If yes, set forth: (a) the date of the communication, (b) the method of communication, (c) the name of the person with whom you communicated, and (d) the substance of the communication.

### III. MEDICAL BACKGROUND

1)     Provide your *current*: Age __56__  Height __5'11"__  Weight __200lbs__

2)     Provide your: Age __52__  Weight __200lbs__ (approximate, if unknown) *at the time* the Cook Inferior Vena Cava Filter was implanted in you.

3)     In chronological order, list any and all surgeries, procedures and/or hospitalizations you had in the ten (10) year period BEFORE implantation of the Cook Inferior Vena Cava Filter(s). Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each surgery or procedure; and provide the approximate date(s) for each:

| Approximate Date | Description of Surgery of Hospitalization | Doctor or Healthcare Provider Involved (including address) |
|---|---|---|
| 05/05/2008 | Bypass | Dr. Kyung Park 565 Coal Valley Road, Jefferson Hills, PA 15025 |
| | | |
| | | |

*[Attach additional sheets as necessary to provide the same information for any and all surgeries leading up to implantation of the Cook Inferior Vena Cava Filter(s)]*

4)   In chronological order, list any and all surgeries, procedures and/or hospitalizations you had AFTER implantation of the Cook Inferior Vena Cava Filter(s).  Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each surgery or procedure; and provide the approximate date(s) for each:

| Approximate Date | Description of Surgery of Hospitalization | Doctor or Healthcare Provider Involved (including address) |
|---|---|---|
| 2/1/2016 | Defib - Pacemaker | Dr. Barry Alpert<br>565 Coal Valley Road, Jefferson Hills, PA 15025 |
|  |  |  |
|  |  |  |
|  |  |  |

5)   To the extent not already provided in the charts above, provide the name, address, and telephone number of every doctor, hospital or other health care provider from which you have received medical advice and/or treatment in the past ten (10) years:

| Name and Specialty | Address | Approximate Dates/Years of Visits |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

11

6)   *Before the implantation* of the Cook Inferior Vena Cava Filter(s), did you regularly exercise or participate in activities that required lifting or strenuous physical activity? (Please describe all range of physical activities associated with daily living, physical fitness, household tasks, and employment-related activities.)

Yes ✓ No ☐

If yes, please describe each activity in detail.
Plaintiff was a mail carrier and walked up to 15 miles per day.

7)   *Since the date* that the Cook Inferior Vena Cava Filter(s) was implanted, have you regularly exercised, or regularly participated in activities that required lifting, or regularly engaged in strenuous physical activity? (Please describe all range of physical activities associated with daily living, physical fitness, household tasks, and employment-related activities.)

Yes ✓ No ☐

If yes, please describe each activity in detail.
Approximately one month after placement of the Cook Inferior Vena Cava filter was implanted the plaintiff was able to resume his previous activities.

8)   To the best of your knowledge, have you ever been told by a doctor or another health care provider, that you have suffered, may have suffered, or presently do suffer from any of the following:

☐   Lupus
☐   Crohn's Disease
☐   Factor V Leiden
☐   Protein Deficiency
☐   Spinal fusion or other back procedures
☐   Anti-thrombin deficiency
☐   Prothrombin mutation

12

* * * * * * * * * * * * *

THE FOLLOWING QUESTIONS ARE CONFIDENTIAL AND SUBJECT TO THE PROTECTIVE ORDER APPLICABLE TO THIS CASE.

A)  Have you been diagnosed with and/or treated for any drug, alcohol, chemical and/or any other addiction or dependency during the five (5) years prior to the filing of this lawsuit through the present?   Yes ☐ No ☑

If yes, specify type and time period of dependency, type of treatment received, name of treatment provider, and current status of condition:

B)  Have you experienced, been diagnosed with or received psychiatric or psychological treatment of any type, including therapy, for any mental health conditions including depression, anxiety or other emotional or psychiatric disorders during the five (5) years prior to the filing of this lawsuit through the present?   Yes ☐ No ☑

If yes, specify condition, date of onset, medication/treatment, treating physician and current status of condition:

* * * * * * * * * * * * *

9)  Do you now or have you ever smoked tobacco products?   Yes ☑ No ☐

If yes:

How long have/did you smoke? Plaintiff smoked for 35 years

10) Other than the implantation of the Cook Inferior Vena Cava Filter device that is the subject of your lawsuit, are you aware of any other Vena Cava Filter(s) implanted inside your body?   Yes ☐ No ☑

If yes, please provide the following information:

a)  Product name: Not Applicable

b)  Date of procedure placing it and name and address of doctor who placed it:
    Not Applicable

c)  Condition sought to be treated through placement of the device:
    Not Applicable

13

d)      Any complications you encountered with the medical product or procedure:

**Not Applicable**

e)      Does that product remain implanted inside of you today?   Yes ☐ No ☐

Not Applicable

11)   List each prescription medication you have taken for more than three (3) months at a time, within the last five (5) years prior to implant, giving the name and address of the pharmacy where you received/filled the medication, the reason you took the medication, and the approximate dates of use.

| Medication and Dosage | Pharmacy Name and Address | Reason for Taking Medication | Approximate Date(s) of Use |
|---|---|---|---|
| Coreg 6.25  2x/day | Rite-Aid, Indiana, PA | Heart | 1/1/2007 - Present |
| Digitek 12.5 mcg, daily | Rite-Aid, Indiana, PA | Heart | 1/1/2007 - Present |
| Cozar 25 mg, daily | Rite-Aid, Indiana, PA | Heart | 1/1/2007 - Present |
| Bumetianide 2mg,daily | Rite-Aid, Indiana, PA | Heart | 1/1/2007 - Present |
| Celexa | Rite-Aid, Indiana, PA | Anxiety | 1/1/2013 - Present |

## IV. INSURANCE INFORMATION

1) Provide the following information for any past or present medical insurance coverage within the last ten (10) years:

| Insurance Company Name and Address | Policy Number | Name of Policy Holder/Insured (if different than yourself) | Approximate Dates of Coverage |
|---|---|---|---|
| Blue Cross | R50917623 | Sam Taubler | 1990 - Present |
| Tricare | 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 | Sam Taubler | 1978 - Present |
| | | | |
| | | | |
| | | | |

3) To the best of your knowledge, have you been approved to receive or are you receiving Medicare benefits due to age, disability, condition or any other reason or basis?

Yes ☐  No ☑

If yes, please specify the date on which you first became eligible: _____

*[Please note: if you are not currently a Medicare-eligible beneficiary, but become eligible for Medicare during the pendency of this lawsuit, you must supplement your response at that time. This information is necessary for all parties to comply with Medicare regulations. See 42 U.S.C. 1395y(b)(8), also known as Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and 42 U.S.C. 1395y(b)(2) also known as the Medicare Secondary Payer Act.]*

## V. PRIOR CLAIM INFORMATION

1) Have you filed a lawsuit or made a claim in the last ten (10) years, other than in the present suit relating to any bodily injury?

Yes ☐ No ☑

If yes, please specify the following:

a) Court in which lawsuit/claim was filed or initiated: _____

b) Case/Claim Number: _____

c) Nature of Claim/Injury: _____

2) Have you applied for Workers' Compensation (WC), Social Security disability (SSI or SSD) benefits, or other State or Federal disability benefits within the past ten (10) years?

Yes ☑ No ☐

If yes, please specify the following:

a) Date (or year) of application: 2016 _____

b) Type of benefits sought: Social Security Disability _____

c) Agency/Insurer from which you sought the benefits: Social Security _____

d) The nature of the claimed injury/disability: Heart _____

e) Whether the claim was accepted or denied: Plaintiff has not received a response. ___

16

## VI. FACT WITNESSES

1) Identify by name, address and relationship to you, all persons (other than your healthcare providers) who possess information concerning your injuries and/or current medical condition:

| Name | Address | Relationship to You | Information You Believe Person Possesses |
|------|---------|---------------------|------------------------------------------|
| Debra Taubler | 5657 Newport Road, Clarksburg, PA  15725 | Spouse | Complete knowledge |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## VII. IDENTIFICATION OF DOCUMENTS AND OTHER ELECTRONICALLY STORED INFORMATION (ESI)

For the period beginning three (3) years prior to the implantation of the Cook Inferior Vena Cava Filter, please identify all research, including on-line research, that you conducted regarding the medical complaints or condition for which you received the Cook Inferior Vena Cava Filter (pulmonary thromboembolism, anticoagulant therapy, etc.) Identify the date, time, and source, including any websites visited. (Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.)

Not applicable.

17

_____

_____

_____

_____

## VIII. DOCUMENT REQUESTS

1)   DOCUMENTS. State whether you have any of the following documents in your possession, custody, and/or control.  If you do, please provide a true and correct copy of any such documents with this completed Fact Sheet.

    a)   If you were appointed by a Court to represent the plaintiff in this lawsuit, produce any documents demonstrating such appointment.

        i.   Not Applicable ☑ _____

        ii.   The documents are attached _____   [OR]   I have no documents_____

    b)   If you represent the Estate of a deceased person in this lawsuit, produce a copy of the decedent's death certificate and autopsy report (if applicable).

        i.   Not Applicable ☑ _____

        ii.   The documents are attached _____   [OR]   I have no documents_____

    c)   Produce any communications (sent or received) in your possession, which shall include materials accessible to you from any computer on which you have sent or received such communications, concerning the Cook Inferior Vena Cava Filter(s) or subject of this litigation, including, but not limited to all letters, emails, blogs, Facebook posts, Tweets, newsletters, etc. sent or received by you. (Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.)

        i.   Not Applicable ☐ _____

        ii.   The documents are attached _____   [OR]   I have no documents X_____

    d)   Produce all documents, including journal entries, lists, memoranda, notes, diaries, photographs, video, DVDs or other media, discussing or referencing the Cook Inferior Vena Cava Filter(s), the injuries and/or damages you claim resulted from the Cook Inferior Vena Cava Filter(s), and/or evidencing your physical condition

18

from three (3) years prior to the implantation of Cook Inferior Vena Cava Filter(s) to present.  (Research conducted to understand the legal and strategic advice of your counsel is not considered responsive to this request.)

    i.      Not Applicable ☐

    ii.     The documents are attached _____ [OR] I have no documents **X**

e)    Produce any Cook Inferior Vena Cava Filter product packaging, labeling, advertising, or any other product-related items in your possession, custody or control.

    i.      Not Applicable ☐

    ii.     The documents are attached _____ [OR] I have no documents **X**

f)    Produce all documents concerning any communication between you and the Food and Drug Administration (FDA), or between you and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue, except those communications which are attorney/client or work product privileged.

    i.      Not applicable ☐

    ii.     The documents are attached _____ [OR] I have no documents **X**

g)    Produce all documents, correspondence or communication in your possession, custody or control relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or you, except those communications which are attorney/client or work product privileged.

    i.      Not applicable ☐

    ii.     The documents are attached _____ [OR] I have no documents **X**

h)    Produce all documents describing risks and/or benefits of inferior vena cava filters, which you received before your procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s) implanted in you.

    i.      Not applicable _____

    ii.     The documents are attached _____ [OR] I have no documents ☑

i)   Produce any and all documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

    i.   Not applicable _____.

    ii.   The documents are attached _____ [OR] I have no documents ☑_____

j)   If you underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

    i.   Not applicable _____

    ii.   The documents are attached __X____ [OR] I have no documents ☐_____

k)   If you claim lost wages or lost earning capacity, produce copies of your Federal and State tax returns for the five (5) years prior to implantation of the Cook Inferior Vena Cava Filter(s) to the present redacting irrelevant information.

    i.   Not applicable ☑_____

    ii.   The documents are attached _____ [OR] I have no documents_____

l)   All documents in your possession, custody or control concerning payment by Medicare on behalf of the injured party and relating to the injuries claimed in this lawsuit. This includes, but is not limited to Interim Conditional Payment summaries and/or estimates prepared by Medicare or its representatives regarding payments made on your behalf for medical expenses relating to the subject of this litigation.

    i.   Not Applicable ☑_____

    ii.   The documents are attached _____ [OR] I have no documents_____

*[Please note: if you are not currently a Medicare-eligible beneficiary, but become eligible for Medicare during the pendency of this lawsuit, you must supplement your response at that time. This information is necessary for all parties to comply with Medicare regulations. See 42 U.S.C. 1395y(b)(8), also known as Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and 42 U.S.C. 1395y(b)(2) also known as the Medicare Secondary Payer Act.]*

m)   Screenshots of all webpages of each type of social media used by you (including, but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn) showing any and all "posts" and/or "messages" from the date of implantation to the present.

i.      Not Applicable __X_____

ii.     The documents are attached _____ [OR]  I have no documents☐_____

## VERIFICATION

I, *Samuel Joseph Taubler*, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet dated *7/4/16* and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

[Signature of Plaintiff]

## VERIFICATION OF LOSS OF CONSORTIUM (if applicable)

I, *Debra A Taubler*, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Plaintiff Fact Sheet dated *1-5-2016* and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

[Signature of Consortium Plaintiff]

22

## AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

To:

I, the undersigned, hereby authorize and request the Custodian of the above-named entity to disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204 _____ any and all medical records, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.

This authorization specifically does **not** permit Wooden & McLaughlin LLP to discuss any aspect of my medical care, medical history, treatment, diagnosis, prognosis, or any other circumstances revealed by or in the medical records with my medical providers, past or present, ex parte and without the presence of my attorney. Records requested may include, but are not limited to:

a)   all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, communicable disease testing and treatment records, correspondence, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consent for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports and requisition records, and any other written materials in its possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatments or procedures. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. This authorization and release does not allow _____ to request or take possession of pathology/cytology specimens, extracted mesh, pathology/cytology or hematology slides, wet tissue or tissue blocks.

b)   complete copies of all prescription profile records, prescription slips, medication records, orders for medication, payment records, insurance claims forms correspondence and any other records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____v. Cook Medical Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

### NOTICE

- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs this authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS records and information to Wooden & McLaughlin LLP.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to
Wooden & McLaughlin LLP.

Samuel Joseph Taubler
_____
Name of Patient (Print)

Former/Alias/Maiden Name of Patient
02/20/1960
_____
Patient's Date of Birth

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
_____
Patient's Social Security Number

5657 Newport Road, Clarksburg, PA  15725
_____
Patient's Address

_____
Signature    of    Patient    or    Individual

7/5/16
_____
Date

_____
Name of Patient Representative

_____
Description of Authority

## AUTHORIZATION AND CONSENT
## TO RELEASE PSYCHOTHERAPY NOTE

Name of Individual: Samuel Joseph Taubler
Social Security Number: 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
Date of Birth: 02/20/1960
Provider Name:

TO:          All physicians, hospitals, clinics and institutions, pharmacists and other healthcare providers

The Veteran's Administration and all Veteran's Administration hospitals, clinics, physicians and employees

The Social Security Administration

Open Records, Administrative Specialist, Department of Workers' Claims

All employers or other persons, firms, corporations, schools and other educational institutions

The undersigned individual herby authorizes each entity included in any of the above categories to furnish and disclose to <u>Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204</u> and its authorized representatives, true and correct copies of all "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize <u>Wooden & McLaughlin LLP</u> to engage in ex parte communication concerning same.

- This authorization provides for the disclosure of the above-named patient's protected health information for purposes of the following litigation matter: _____ v. Cook Medical, Inc., et al.

- The undersigned individual is hereby notified and acknowledges that any health care provider or health plan disclosing the above requested information may not condition treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization.

- The undersigned individual is hereby notified and acknowledges that he or she may revoke this authorization by providing written notice to <u>Wooden & McLaughlin LLP</u> and/or to one or more entities listed in the above categories, except to the extent that any such entity has taken action in reliance on this authorization.

- The undersigned is hereby notified and acknowledges that he or she is aware of the potential that protected health information disclosed and furnished to the recipient pursuant to this authorization is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- The undersigned is hereby notified that he/she is aware that any and all protected health information disclosed and ultimately furnished to <u>Wooden & McLaughlin LLP</u> in accordance with orders of the court pursuant to this authorization will be shared with any and all co-defendants in the matter of _____ v. Cook Medical, Inc., et al. and is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned.

**I have carefully read and understand the above and do hereby expressly and voluntarily authorize the disclosure of all of my above information to Wooden & McLaughlin LLP and its authorized representatives, by any entities included in the categories listed above.**

Date: 7/5/16

_____
Signature of Individual or Individual's Representative

Individual's Name and Address:

Samuel Joseph Taubler

_____
Printed Name of Individual's Representative (If applicable)

5657 Newport Road

_____
Relationship of Representative to Individual (If applicable)

Clarksburg, PA  15725

_____
Description of Representative's authority to act for Individual (If applicable)

**This authorization is designed to be in compliance with the Health Insurance Portability and Accountability Act, and the regulations promulgated thereunder, 45 CFR Parts 160 and 164 (collectively, "HIPAA").**

## AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204, any and all records containing insurance information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature. Records requested may include, but are not limited to:

applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. By signing this authorization, I expressly do not authorize Wooden & McLaughlin LLP to engage in any ex parte interview or oral communication about me or any information contained in the materials produced without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Wooden & McLaughlin LLP.

Samuel Joseph Taubler
_____
Name of Individual

_____
Signature of Individual or Individual Representative

_____
Former/Alias/Maiden Name of Individual

7/5/16
_____
Date

02/20/1960
_____
Individual's Date of Birth

_____
Name of Individual Representative

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
_____
Individual's Social Security Number

_____
Description of Authority

5657 Newport Road, Clarksburg, PA  15725
_____
Individual's Address

## AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204, any and all records containing Medicaid information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature. This authorization should also be construed to permit agents or designees of Wooden & McLaughlin LLP to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospitals, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of _____; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.  By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my medical history by Wooden & McLaughlin LLP without the presence of my attorney.

NOTICE
- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
- The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to  Wooden & McLaughlin LLP.

Samuel Joseph Taubler

Name of Individual

Signature of Individual or Individual

Former/Alias/Maiden Name of Individual

Date    7/5/16

02/20/1960

Individual's Date of Birth

Name of Individual Representative

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

Individual's Social Security Number

Description of Authority

5657 Newport Road, Clarksburg, PA  15725

Individual's Address

## AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204, any and all records containing employment information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.  Records requested may include, but are not limited to:

> all applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; all hospital, physician, clinic, infirmary, nurse, dental records; test results, physical examination records and other medical records; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; material safety data sheets, chemical inventories, and environmental monitoring records and all other employee exposure records pertaining to all positions held; and any other records concerning employment with the above-named entity.  I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.  By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my employment history by Wooden & McLaughlin LLP without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below.  A copy of this authorization may be used in place of and with the same force and effect as the original.  The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Wooden & McLaughlin LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Wooden & McLaughlin LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Wooden & McLaughlin LLP.

Samuel Joseph Taubler
_____
Name of Employee

_____
Signature of Employee or Employee Representative

7/5/16
_____
Date

_____
Former/Alias/Maiden Name of Employee

02/20/1960
_____
Employee's Date of Birth

_____
Name of Employee Representative

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
_____
Employee's Social Security Number

_____
Description of Authority

5657 Newport Road, Clarksburg, PA  15725
_____
Employee's Address

**AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to
Wooden & McLaughlin LLP, 211 N. Pennsylvania St., Suite 1800, Indianapolis, IN 46204, any and all
records containing Workers' Compensation information, including those that may contain protected health
information (PHI) regarding _____, whether created before or after the date of
signature. Records requested may include, but are not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records,
> transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident
> reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made;
> investigatory reports and records; applications for employment; records of all positions held; job descriptions of any
> positions held; salary records; performance evaluations and reports; statements and comments of fellow employees;
> attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health
> or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments
> made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or
> invoices; and any other records relating to the above-named individual. Copies (NOT originals) of all x-rays, CT
> scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any
> corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and
> complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this
authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of
_____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of
the undersigned below. The purpose of this authorization is for civil litigation.  This authorization is for the
release of records only and does not allow Wooden & McLaughlin to engage in ex parte communications
regarding the subject matter of this release and without the presence of my attorney.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any
  time, provided the revocation is in writing to Wooden & McLaughlin LLP, except to the
  extent that the entity has already relied upon this Authorization to disclose protected
  health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom
  this authorization is directed may not condition treatment, payment, enrollment or
  eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information
  (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the
  recipients and that, in such case, the disclosed PHI no longer will be protected by federal
  privacy regulations.**
- **The individual signing this authorization understands information authorized for release
  may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to
  receive a copy of all documents requested via this authorization within a reasonable
  period of time after such records are received by Wooden & McLaughlin LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Wooden & McLaughlin LLP.

Samuel Joseph Taubler
_____
Name of Individual

_____
Signature of Individual or Individual Representative

7/5/16
_____
Date

Former/Alias/Maiden Name of Individual
02/20/1960
_____
Individual's Date of Birth

_____
Name of Individual Representative

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
_____
Individual's Social Security Number

_____
Description of Authority

5657 Newport Road, Clarksburg, PA  15725
_____
Individual's Address

Social Security Administration
Consent for Release of Information

Form Approved
OME No. 0960-0566

SSA will not honor this form unless all required fields have been completed (*signifies required field).

TO: Social Security Administration

| Samuel Joseph Taubler | 02/20/1960 | 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 |
|---|---|---|
| *Name | *Date of Birth | *Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

*NAME                                                    *ADDRESS

Woodds  &McLaughlin  LLP                                211 N. Pennsylvania  St.                    Ste. 1800

                                                        Indianapolis, IN 46204

*I want this information released because:              civil litigation
There may be a charge  for releasing information.

*Please release the following information selected from  the list below:
You must check  at least one box. Also, SSA will not disclose records unless applicable date ranges are included.

☐ Social Security Number

☐ Current  monthly Social Security benefit amount

☐ Current  monthly Supplemental Security income payment amount

☐ My benefit/payment amounts  from _____ to _____

☐ My Medicare  entitlement from _____ to _____

☐ Medical records from my claims folder(s) from _____ to _____
    If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.

☐ Complete  medical records from my claims folder(s)

☐ Other  record(s)  from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.)

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult.  I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000.  I also understand that any applicable fees must be paid by me.

*Signature: _____  7/19/16  *Date: _____

Relationship (if not the individual): _____          *Daytime Phone: _____

Form SSA-3288 (07-2010) EF (07-2010)

Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor, you may complete this form to release only the minor's non-medical records. If you are requesting information for a purpose not directly related to the administration of any program under the Social Security Act, a fee may be charged.

NOTE: Do not use this form to:

Request us to release the medical records of a minor. Instead, contact your local office by calling 1-800-772-1213 (TTY-1-800-325-0778), or

Request information about your earnings or employment history. Instead, complete form SSA-7050-F4 at any Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (•) indicates a required field. Also, we will not honor blanket requests for "all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the information applies.

Fill in the name and address of the individual (or organization) to whom you want us to release your information.

Indicate the reason you are requesting us to disclose the information.

Check the box(es) next to the type(s) of information you want us to release including the date ranges, if applicable.

You, the parent or legal guardian acting on behalf of a minor, or the legal guardian of a legally incompetent adult, must sign and date this form and provide a daytime phone number where you can be reached.

If you are not the person whose information is requested, state your relationship to that person. We may require proof of relationship.

PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. The information you provide will be used to respond to your request for SSA records information or process your request when we release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent.

We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, in accordance with 5 U.S.C. § 552a(b) of the Privacy Act, we may disclose the information provided on this form in accordance with approved routine uses, which include but are not limited to the following: 1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and/or coverage; 2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; 3. To comply with Federal laws requiring the disclosure of the information from our records; and, 4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Additional information regarding this form, routine uses of information, and other Social Security programs are available from our Internet website at www.socialsecurity.gov or at your local Social Security office.

PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778). You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.

Form SSA-3288 (07-2010) EF (07-2010) Destroy Prior Editions



# Medicare

Beneficiary Services:1-800-MEDICARE (1-800-633-4227)
TTY/TDD:1-877-486-2048

This form is used to advise Medicare of the person or persons you have chosen to have access to your personal health information.

**Where to Return Your Completed Authorization Forms:**
After you complete and sign the authorization form, return it to the address below:

**Medicare BCC, Written Authorization Dept.**
**PO Box 1270**
**Lawrence, KS 66044**

**For New York Medicare Beneficiaries ONLY**
The New York State Public Health Law protects information that reasonably could identify someone as having HIV symptoms or infection, and information regarding a person's contacts. Because of New York's laws protecting the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV, there are special instructions for how you, as a New York resident, should complete this form.

- For question 2A, check the box for *Limited Information*, even if you want to authorize Medicare to release any and all of your personal health information.

- **Then proceed to question 2B.**

**Instructions for Completing Section 2B of the Authorization Form:**
*Please select one of the following options.*

- **Option 1 To include** all information, in the space provided, write: "all information, including information about alcohol and drug abuse, mental health treatment, and HIV". Proceed with the rest of the form.

- **Option 2 To exclude** the information listed above, write "Exclude information about alcohol and drug abuse, mental health treatment and HIV" in the space provided. *You may also check any of the remaining boxes and include any additional limitations in the space provided.* For example, you could write "payment information". Then proceed with the rest of the form.

If you have any questions or need additional assistance, please feel free to call us at 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

Sincerely,


1-800-MEDICARE
Customer Service Representative


Encl.

### Information to Help You Fill Out the
### "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form

By law, Medicare must have your written permission (an "authorization") to use or give out your personal medical information for any purpose that isn't set out in the privacy notice contained in the Medicare & You handbook. You may take back ("revoke") your written permission at any time, except if Medicare has already acted based on your permission.

If you want 1-800-MEDICARE to give your personal health information to someone other than you, you need to let Medicare know in writing.

If you are requesting personal health information for a deceased beneficiary, please include a copy of the legal documentation which indicates your authority to make a request for information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.) Also, please explain your relationship to the beneficiary.

Please use this step by step instruction sheet when completing your "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form. Be sure to complete all sections of the form to ensure timely processing.

1. Print the name of the person with Medicare.

   Print the Medicare number exactly as it is shown on the red, white, and blue Medicare card, including any letters (for example, 123456789A).

   Print the birthday in month, day, and year (mm/dd/yyyy) of the person with Medicare.

2. This section tells Medicare what personal health information to give out. Please check a box in 2a to indicate how much information Medicare can disclose. If you only want Medicare to give out limited information (for example, Medicare eligibility), also check the box(es) in 2b that apply to the type of information you want Medicare to give out.

3. This section tells Medicare when to start and/or when to stop giving out your personal health information. Check the box that applies and fill in dates, if necessary.

4. Medicare will give your personal health information to the person(s) or organization(s) you fill in here. You may fill in more than one person or organization. If you designate an organization, you must also identify one or more individuals in that organization to whom Medicare may disclose your personal health information.

5. The person with Medicare or personal representative must sign their name, fill in the date, and provide the phone number and address of the person with Medicare.

   If you are a personal representative of the person with Medicare, check the box, provide your address and phone number, and attach a copy of the paperwork that shows you can act for that person (for example, Power of Attorney).

6. Send your completed, signed authorization to Medicare at the address shown here on your authorization form.

7. If you change your mind and don't want Medicare to give out your personal health information, write to the address shown under number six on the authorization form and tell Medicare. Your letter will revoke your authorization and Medicare will no longer give out your personal health information (except for the personal health information Medicare has already given out based on your permission).

You should make a copy of your signed authorization for your records before mailing it to Medicare.

**1-800-MEDICARE Authorization to Disclose Personal Health Information**

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

| Samuel Joseph Taubler | | 02/20/1960 |
|---|---|---|
| **1. Print Name** | **Medicare Number** | **Date of Birth** |
| (First and last name of the person with Medicare) | (Exactly as shown on the Medicare Card) | (mm/dd/yyyy) |

2. Medicare will only disclose the personal health information you want disclosed.

   **2A:  Check only one box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information (go to question 2b)

   ☐ Any Information (go to question 3)

   **2B:  Complete only if you selected "limited information". Check all that apply:**

   ☐ Information about your Medicare eligibility

   ☐ Information about your Medicare claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium payments

   ☐ Other Specific Information (please write below; for example, payment information)

   _____

3. **Check only one box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law-for example, your State may limit how long Medicare may give out your personal health information):

   ☐ Disclose my personal health information indefinitely

   ☐ Disclose my personal health information for a specified period only
   beginning:  (mm/dd/yyyy)          and ending: (mm/dd/yyyy) _____

4. Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:

1. Name: Wooden & McLaughlin LLP

   Address: 211 N. Pennsylvania St., Suite 1800

   Indianapolis, IN 46204

2. Name: _____

   Address: _____

   _____

3. Name: _____

   Address: _____

   _____

5.

I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form. I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.

_____          724541-1515          7/19/16
Signature                Telephone Number      Date (mm/dd/yyyy)

Print the address of the person with Medicare  (Street Address, City, State, and ZIP)

_____

_____

☐ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This only applies if someone other than the person with Medicare signed above.

Print the Personal Representative's Address (Street Address, City, State, and ZIP)

_____

_____

Telephone Number of Personal Representative: _____

Personal Representative's Relationship to the Beneficiary: _____

6. **Send the completed, signed authorization to:**

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

7. **Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930.** The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

## JEFFERSON REGIONAL MEDICAL CENTER
### Cardiovascular & Thoracic Surgery

| Patient Name: | TAUBLER, SAMUEL J | | |
|---|---|---|---|
| Med Rec: | 596501 | DOB: | 02/20/1960 |
| Account: | 3518042480 | Location: | JSS |
| Admit Date: | 02/07/2012 | MedSvc: | JSS |
| Attending Physician: | PHITAYAKORN, CHET | | |

DATE OF PROCEDURE: 02/07/2012
SURGEON:  CHET PHITAYAKORN, M.D.
ASSISTANT:

PREOPERATIVE DIAGNOSIS: Recurrent deep venous thrombosis lower extremity and impending abdominal surgery in the next three days.

POSTOPERATIVE DIAGNOSIS: Recurrent deep venous thrombosis lower extremity and impending abdominal surgery in the next three days.

ANESTHESIA:

PROCEDURE PERFORMED: Insertion of removable inferior vena cava filter into the right femoral vein.

DESCRIPTION OF PROCEDURE: After satisfactory routine prep and drape was done, 1 percent Xylocaine was used for infiltration in the right groin. Micropuncture was made into the femoral vein. Good free flow of blood. Stylet was inserted. Dilator was inserted. Angled guidewire 0.035 was inserted up into the abdominal aorta, exchanged to an 8 French sheath to the level of L3 and L4. Inferior venogram was performed. It showed the tip was above the common iliac vein below the renal vein in a good position. The Tulip removable filter then was assembled and advanced and then deployed at the inferior vena cava below the renal vein above the iliac vein. It hooked into the inferior vena cava in a very good position. Applicator then was removed. The skin puncture site was stapled with staples and the patient tolerated it well.

CC:
CP/sae
D-02/07/2012 12:47:43
T-02/08/2012 10:53:27
JOB#-3927946
D#-3270685

Signed by PHITAYAKORN, CHET, MD on  08-Feb-2012 16:24:23 -05:00

- 1 -

# JEFFERSON
## REGIONAL MEDICAL CENTER

**Intraoperative/Endoscopy Record**

Case Number: 99600

| |
|---|
| TAUBLER, SAMUEL J |
| Age: 51   DOB: Feb 20, 1960 |
| Sex: M |
| MR #: 596501 |
| Acct #: 3518042480 |
| Pt. Type: JSC |

OXYGEN DELIVERY METHOD:   NA

### SPECIMENS / CULTURES

DESCRIPTION
No Specimen

### SPONGE / TOWEL / SHARPS / INSTRUMENT COUNTS

PERFORMS REQUIRED COUNTS:   Y

| COUNT TYPE | SPONGES/ TOWELS | NEEDLES/ SHARPS/ MISC. | INSTRUMENTS | CIRCULATOR | SCRUB |
|---|---|---|---|---|---|
| Preop | Baseline | Baseline | NA | Bobnes, Deborah J., RN | DiLembo,Philip R. |
| Closing 1 | Correct | Correct | NA | Clark, Caye C., RN | DiLembo,Philip R. |
| NA | | | | | |

### IMPLANTS

IMPLANT?  Y

| COMMENT | ACTUAL QUANTITY USED | LOT NUMBER | SERIAL NUMBER | MANUFACTURER | CATALOG NUMBER | SITE |
|---|---|---|---|---|---|---|
| FILTER VENA CAVA CELECT UNI | 1 | E2795390 | | Cook | G48378 | Right Groin |

Postop Destination:   PACU

Signed by PHITAYAKORN, CHET, MD on 10-Feb-2012 06:45:21 -0500

Patient Identification/Verification
of Case Record by Physician:



OR0166

# JEFFERSON REGIONAL MEDICAL CENTER
## Cardiovascular & Thoracic Surgery

| Patient Name: | TAUBLER, SAMUEL J | | |
|---|---|---|---|
| Med Rec: | 596501 | DOB: | 02/20/1960 |
| Account: | 3518604743 | Location: | 5NTH |
| Admit Date: | 05/02/2012 | MedSvc: | MSS |
| Attending Physician: | PHITAYAKORN, CHET | | |

DATE OF PROCEDURE: 05/02/2012
SURGEON:   CHET PHITAYAKORN, M.D.
ASSISTANT:

PREOPERATIVE DIAGNOSIS: Post insertion inferior vena cava filter.

POSTOPERATIVE DIAGNOSIS: Post insertion inferior vena cava filter.

PROCEDURES PERFORMED:

1.  Inferior venogram.
2.  Attempt to remove inferior vena cava filter without any success.
3.  Insertion of right chest tube due to perforation of the superior vena cava with the guidewire.
4. Insertion of central venous pressure line.

ANESTHESIA:

PROCEDURE DESCRIPTION: After satisfactory routine prep and drape then was done, 1 percent Xylocaine was used for infiltration in the right side the neck. Micropuncture was made into the internal jugular vein. Guidewire then was inserted and then exchanged to a 5-French sheath. Angled guidewire was manipulated down into the inferior vena cava. It was noted to have some obstruction at the junction to the subclavian vein. Then the guidewire was passed down and the dye was injected. It was noted that there was dye extravasation into the chest. The guidewire then was removed. The 5-French sheath then was removed. The patient during this time hypotension, from the blood pressure of 90 to about 70. It was decided to put a chest tube on the right side. Routine prep and drape then was done. One percent Xylocaine was used for infiltration in the fourth intercostal space. A 36 chest tube then was inserted. Draining only about 200 mL of the bright red blood and the fluoroscopic x-ray was done. It showed the right lung was clear. Then suture was applied to the chest tube. Due to the patient had a small intravenous, a central venous pressure line was inserted into the right groin with routine prep and drape done. A 16 Angiocath was inserted into the femoral vein. Catheter inserted. Central venous pressure then inserted. Then the patient was run to the central venous pressure line. The patient was very stable and the chest tube is not draining any more blood. It was decided to proceed, go to the left side. One percent Xylocaine used for infiltration after routine prep and drape was already done before to the left internal jugular vein. Micropuncture was made into internal jugular vein. Good free flow of blood. Stylet was inserted. Guidewire then followed down into the inferior vena cava and followed with 8-French sheath all the way down. Then the snare was used to snare the inferior vena cava filter. Dye was injected into inferior venogram. It showed the inferior vena cava filter was tilted to the left side, attached to the inferior vena cava. After many attempts unable to snare the inferior vena cava filter, a triple

- 1 -

## JEFFERSON REGIONAL MEDICAL CENTER
### Cardiovascular & Thoracic Surgery

| Patient Name: | TAUBLER, SAMUEL J | | |
|---|---|---|---|
| Med Rec: | 596501 | DOB: | 02/20/1960 |
| Account: | 3518604743 | Location: | 5NTH |
| Admit Date: | 05/02/2012 | MedSvc: | MSS |
| Attending Physician: | PHITAYAKORN, CHET | | |

lumen snare then was used. Also unable to snare the inferior vena cava filter. After many, many attempts and unable to snare, it was decided to stop the procedure. The inferior vena cava dye was injected. No perforation. The catheter then was removed. During this time, the patient was stable. His blood pressure running with the vasopressor approximately about 100-110. The puncture site then was stapled with staples and a dressing applied. The chest tube is draining only about 200 mL to 250 mL.

CC:
CP/amr
D-05/02/2012 17:13:30
T-05/05/2012 20:04:48
JOB#-3987689
D#-3317291


Signed by PHITAYAKORN, CHET, MD on  06-May-2012 09:46:41 -04:00

- 2 -

# JEFFERSON REGIONAL MEDICAL CENTER
## Discharge Summary

| Patient Name: | TAUBLER, SAMUEL J | | |
|---|---|---|---|
| Med Rec: | 596501 | DOB: | 02/20/1960 |
| Account: | 3518604743 | Location: | 5NTH |
| Admit Date: | 05/02/2012 | MedSvc: | MSS |
| Attending Physician: | PHITAYAKORN, CHET | | |

DATE OF ADMISSION:  05/02/2012
DATE OF DISCHARGE:  05/06/2012

The patient was admitted to hospital, 52-year-old because the patient had a tear in his superior vena cava and had hemothorax.  A chest tube was inserted.  Subsequently, the chest tube was removed.  The patient then was discharged.  He has attempted to remove IVC filter without any success.

Medication the same at home including Prevacid 1 tab q.4 hours p.r.n. for pain.  Instructed to return to the office in 10 day.

CC:
CP/rks
D-05/06/2012 10:38:00
T-05/07/2012 06:06:01
JOB#-3989821
D#-3317642
CHET PHITAYAKORN, M.D.

Signed by PHITAYAKORN, CHET, MD on  07-May-2012 13:11:57 -04:00

## JEFFERSON REGIONAL MEDICAL CENTER
### Cardiology Consult

| Patient Name: | TAUBLER, SAMUEL J | | |
|---|---|---|---|
| Med Rec: | 596501 | DOB: | 02/20/1960 |
| Account: | 3518604743 | Location: | JSC |
| Admit Date: | 05/02/2012 | MedSvc: | JSS |
| Attending Physician: | PHITAYAKORN, CHET | | |

CONSULTATION TO:      Chantal E. Trice, CRNP
DATE OF REQUEST:  05/02/2012

HISTORY OF PRESENT ILLNESS: This is an 52-year-old male with a very complex past medical history. He has a history of coronary artery disease with a LIMA to the diagonal, SVG to the LAD, SVG to the OM, OM1 and OM2 and SVG to the PDA and mitral valvuloplasty, a St. Jude AICD for cardiomyopathy and an ejection fraction of 30 percent, paroxysmal atrial fibrillation, Hodgkin's disease with splenectomy, pancreatitis, left subclavian stenosis, DVT in December of 2011 in the lower extremity and an IVC filter placed in 2012. He presents today as an outpatient for scheduled removal of the IVC filter
though Dr. Phitayakorn had failed in the attempt though he had tried multiple accesses. There was a small tear in the vena cava. He does presently have a chest tube to the right upper lobe. He has bilateral dressings in the right and left IJ, which are dry and intact. I see no visible signs of hematoma. He is on the hypotensive side. His estimated blood loss in the Operating Room was 400. Currently his blood pressure is running in the 80s after narcotic administration for postoperative pain, which currently he is complaining of 8:10. He is in a normal sinus rhythm and I will obtain an EKG.

PAST MEDICAL HISTORY:

1. As noted above.
2. Deep vein thrombosis.
3. IVC filter.
4. Hodgkin's.
5. Coronary artery disease with CABG.
6. Mitral valve annuloplasty. St. Jude AICD.
7. Paroxysmal atrial fibrillation.
8. Anticoagulation was held.
9. Lipids.
10. Splenectomy.
11. Pancreatitis.
12. Left subclavian stenosis.
13. His ejection fraction is 30 percent.

REVIEW OF SYSTEMS: A twelve-point review of systems is negative except as noted. His aspirin and Coumadin have been held for this procedure.

MEDICATIONS AS AN OUTPATIENT INCLUDE:

1. Aldactone 25 mg p.o. daily.
2. Nitrostat 0.4 mg p.o. daily.
3. Coumadin 5 mg p.o. nightly, held.
4. Coreg 6.25 p.o. b.i.d.
5. Tylenol 325/25 as needed at bedtime.

- 1 -

## JEFFERSON REGIONAL MEDICAL CENTER
### Cardiology Consult

| Patient Name: | TAUBLER, SAMUEL J | | |
|---|---|---|---|
| Med Rec: | 596501 | DOB: | 02/20/1960 |
| Account: | 3518604743 | Location: | JSC |
| Admit Date: | 05/02/2012 | MedSvc: | JSS |
| Attending Physician: | PHITAYAKORN, CHET | | |

6.  Prilosec 20 mg p.o. daily.
7.  Cozaar 25 mg p.o. daily.
8.  Digoxin 0.125 mg orally.
9.  Xanax 0.25 b.i.d. p.r.n.
10. Celexa 20 mg p.o. daily.
11. Bumex 2 mg p.o. daily.

ALLERGIES: HE HAS NO KNOWN ALLERGIES

FAMILY HISTORY: Noncontributory.

SOCIAL HISTORY: He does not smoke. He uses alcohol socially.

REVIEW OF SYSTEMS: Twelve-point review of systems is negative except as noted.

PHYSICAL EXAMINATION:
GENERAL: Currently he is in the immediate postoperative period.
VITAL SIGNS: He is normal sinus rhythm on the monitor with sats in the 99 with O2 by face mask. His blood pressure is 90/67 with a Dobutamine drip. His pulse is 77 and regular, respirations are 20 and easy. He is in postoperative pain.
HEENT: He is atraumatic, normocephalic. Pupils are equal and reactive to light. Sclerae without any injection.
NECK: Supple. He has bilateral dressings on the IJs in an attempted access. They are dry and intact. His neck is without any hematoma. I do not appreciate any lymphadenopathy. His trachea is midline.
CARDIOVASCULAR: His rate and rhythm are regular. S1, S2. I do not appreciate any murmurs, rubs, or gallops. Point of maximal impulse is not displaced.
LUNGS: Clear to auscultation. He has good expansion of the thorax on deep inspiration. He has a chest tube draining frank heme on the right upper lobe.
ABDOMEN: Soft. Bowel sounds are present in all four quadrants. No hepatosplenomegaly. No rebound tenderness. No bruits or masses.
EXTREMITIES: Lower extremities without any cyanosis or clubbing. No edema. No calf tenderness.
NEURO: He is alert and oriented though somewhat groggy. He is sedate post pain medication.

LABORATORY DATA: BUN is 28, creatinine is 1.2. White count 10.3, Hemoglobin and hematocrit 13.8 and 40.9, platelets 302.

His chest x-ray is pending.

His total OR fluid is 4850. He is already diuresed 2600 in the recovery room.

ASSESSMENT AND PLAN:

- 2 -

## JEFFERSON REGIONAL MEDICAL CENTER
### Cardiology Consult

| Patient Name: | TAUBLER, SAMUEL J | | |
|---|---|---|---|
| Med Rec: | 596501 | DOB: | 02/20/1960 |
| Account: | 3518604743 | Location: | JSC |
| Admit Date: | 05/02/2012 | MedSvc: | JSS |
| Attending Physician: | PHITAYAKORN, CHET | | |

    1.   Postoperative Day #0 of failed attempt for removal of IVC filter with a small tear in the vena cava. No hematoma. Chest tube is intact.
2. Coronary artery disease, coronary artery bypass graft.
3. History of deep vein thrombosis.
4. Paroxysmal atrial fibrillation, cardiomyopathy, implantable cardiac defibrillator.
5. Hodgkin's.
6. Left subclavian stenosis history.
7. Maintain blood pressure, watch for volume overload. Strict I and O.
8. Check an automatic implantable cardiac defibrillator.
9. We also can follow up with an echocardiogram.
10. I will obtain an EKG and discuss with Dr. Rubin.

DICTATED BY CHANTAL TRICE, CRNP / DANIEL RUBIN, M.D.
CC:
CET/clm
D-05/02/2012 11:05:28
T-05/02/2012 11:54:40
JOB#-3987303
D#-3315700


Signed by RUBIN, DANIEL A., MD on  16-May-2012 14:09:47 -04:00

Jefferson Regional Medical Center
565 Coal Valley Road
Pittsburgh, PA 15236-0119
(412) 469-5000

DIAGNOSTIC IMAGING DEPARTMENT
(412) 469-5718

Diagnostic Imaging Report

Patient  TAUBLER, SAMUEL    MRN:   596501
Date of Birth:   02/20/1960    Account Number:    3518604743
Attending Provider:    CHET PHITAYAKORN  Date of Service:    05/05/2012
Ordering Provider:    CHET PHITAYAKORN  Location:    5NTH 510401
Dictating Provider:    BRANDON CHAN M.D. May  6 2012  4:23A    Medical Service:    MSS
Gender:    Male    Acc No:    2725523


        Filed by _____
(2725523)(RESULT) CHEST PORTABLE SEPARATE RESULT?()
ASI BEGIN:
START RESULTS:

***Final Report***


ACCESSION: (2725523)
SPECIAL CASE: (\)
TEACHING CASE: (\)
ACR CODE: (\)
EXAMINATION:    RAD CHEST PORTABLE (May  5 2012 )(ACCNO: 2725523)
       Reason: CHEST TUBE REMOVAL
INDICATION:   PROCEDURE: CHEST PORTABLE
 52 years old Male, with CHEST TUBE REMOVAL;
ADDITIONAL  None.
COMPARISON: 5/5/12 6:25 a.m..

FINDINGS:    Right chest tube removed.  No pneumothorax.

No other significant change.

CONCLUSION:    CONCLUSION :
No pneumothorax.

CC:  CHET PHITAYAKORN

Dictated By:    BRANDON CHAN M.D. May  6 2012  4:23A

Electronically Signed By:    BRANDON CHAN M.D. at May  6 2012  4:21A

Transcribed By:    May  6 2012  4:21A

READING DOCTOR: (030692)

READING DATE: (05/06/2012 04:21AM)
RELEASE RESULTS: (Y)
TRANSCRIBED BY: (RADWH)
END VIEW:
ASI END:

Jefferson Regional Medical Center
565 Coal Valley Road
Pittsburgh, PA 15236-0119
(412) 469-5000

DIAGNOSTIC IMAGING DEPARTMENT
(412) 469-5718

Diagnostic Imaging Report


Patient  TAUBLER, SAMUEL    MRN:   596501
Date of Birth:    02/20/1960      Account Number:     3518604743
Attending Provider:    CHET PHITAYAKORN  Date of Service:        05/05/2012
Ordering Provider:    CHET PHITAYAKORN  Location:      5NTH 510401
Dictating Provider:    BRANDON CHAN M.D. May  5 2012 11:11P    Medical Service:      MSS
Gender:    Male    Acc No:      2725462



         Filed by _____
(2725462)(RESULT) CHEST PORTABLE SEPARATE RESULT?()
ASI BEGIN:
START RESULTS:

***Final Report***


ACCESSION: (2725462)
SPECIAL CASE: (\)
TEACHING CASE: (\)
ACR CODE: (\)
EXAMINATION:        RAD CHEST PORTABLE (May  5 2012 )(ACCNO: 2725462)
        Reason: PULM EVAL
INDICATION:   PROCEDURE: CHEST PORTABLE
 52 years old Male, with PULM EVAL;
ADDITIONAL  None.
COMPARISON: 5/4/12.

FINDINGS:    Unremarkable anterior sternotomy.        Right chest tube stable.  Minimal decreasing right
lateral chest wall decreasing emphysema.


Right IJV line with tip in SVC.
Cardiomediastinal silhouette is moderately enlarged. Right sided pacemaker with wire leads in the right
ventricle.


Trachea midline and without narrowing.

Increasing inflation with a small hypoinflation remaining with diffuse airspace disease still remaining likely
increasing.

Bony structures are unremarkable given patients age, and body habitus..

CONCLUSION:        CONCLUSION :
Increasing inflation with a small hypoinflation remaining with diffuse airspace disease still remaining likely increasing.

CC:  CHET PHITAYAKORN

Dictated By:     BRANDON CHAN M.D. May  5 2012 11:11P

Electronically Signed By:         BRANDON CHAN M.D. at May  5 2012 11:09P

Transcribed By:        May  5 2012 11:09P

READING DOCTOR: (030692)
READING DATE: (05/05/2012 11:09PM)
RELEASE RESULTS: (Y)
TRANSCRIBED BY: (RADWH)
END VIEW:
ASI END:

Jefferson Regional Medical Center
565 Coal Valley Road
Pittsburgh, PA 15236-0119
(412) 469-5000

DIAGNOSTIC IMAGING DEPARTMENT
(412) 469-5718

Diagnostic Imaging Report

Patient  TAUBLER, SAMUEL    MRN:  596501
Date of Birth:    02/20/1960    Account Number:    3518604743
Attending Provider:    CHET PHITAYAKORN  Date of Service:    05/04/2012
Ordering Provider:    WILLIAM R. SIMS    Location:    ICCU 200301
Dictating Provider:    TODD GOODNIGHT M.D. May  4 2012 10:58A  Medical Service:    MSS
Gender:    Male    Acc No:    2725069

              Filed by _____
(2725069)(RESULT) CHEST PORTABLE SEPARATE RESULT?()
ASI BEGIN:
START RESULTS:

***Final Report***


ACCESSION: (2725069)
SPECIAL CASE: (\)
TEACHING CASE: (\)
ACR CODE: (\)
EXAMINATION:    RAD CHEST PORTABLE (May  4 2012 )(ACCNO: 2725069)
        Reason: EVALUATE HEMOTHORAX
INDICATION:   History of hemothorax

Comparison: 5/3/12

Technique: Single view chest radiograph

FINDINGS: Tubes and lines are unchanged.

There is no pneumothorax.  Summary status emphysema is present.

Bilateral patchy consolidation is unchanged.  Right hemidiaphragm is elevated and there is a probable small effusion. The lung volumes are shallow.

CONCLUSION:    Probable small right pleural effusion.

CC:  WILLIAM R. SIMS, CHET PHITAYAKORN

Dictated By:    TODD GOODNIGHT M.D. May  4 2012 10:58A

Electronically Signed By:    TODD GOODNIGHT M.D. at May  4 2012 10:58A

Jefferson Regional Medical Center
565 Coal Valley Road
Pittsburgh, PA 15236-0119
(412) 469-5000

DIAGNOSTIC IMAGING DEPARTMENT
(412) 469-5718

Diagnostic Imaging Report

Patient  TAUBLER, SAMUEL    MRN:  596501
Date of Birth:    02/20/1960     Account Number:    3518604743
Attending Provider:    CHET PHITAYAKORN  Date of Service:        05/03/2012
Ordering Provider:      CHET PHITAYAKORN  Location:        ICCU 200301
Dictating Provider:      PHILIP WILDENHAIN M.D. May  3 2012  8:33A  Medical Service:        MSS
Gender:        Male    Acc No:        2724487

        Filed by _____
(2724487)(RESULT) CHEST PORTABLE SEPARATE RESULT?()
ASI BEGIN:
START RESULTS:

***Final Report***

ACCESSION: (2724487)
SPECIAL CASE: (\)
TEACHING CASE: (\)
ACR CODE: (\)
EXAMINATION:        RAD CHEST PORTABLE (May  3 2012 )(ACCNO: 2724487)
        Reason: R CT
INDICATION:    Chest pain, weakness

Comparison: Portable chest dated 5//2012.

Technique: AP portable upright chest

FINDINGS: A defibrillator overlies the right chest.  There is also a catheter noted on the right which is
unchanged as well.  The patient is status post median sternotomy.  A right thoracostomy tube is in place.
There is no pneumothorax.

The heart is not enlarged and there is no congestive failure, pleural effusion, or left-sided pneumothorax.
Minimal basilar atelectatic changes are seen bilaterally unchanged from the prior study.  The contour of
the hilar regions the mediastinal structures is unchanged.

CONCLUSION:        1. There is no right-sided pneumothorax.  Some subcutaneous emphysema
persists along the right lower chest.
2. Bilateral lower lobe atelectasis stable when compared to the reference study.

CC:  CHET PHITAYAKORN

Dictated By:      PHILIP WILDENHAIN M.D. May  3 2012  8:33A

Electronically Signed By:        PHILIP WILDENHAIN M.D. at May  3 2012  8:33A

Transcribed By:          May  3 2012  8:33A

READING DOCTOR: (033183)
READING DATE: (05/03/2012 08:33AM)
RELEASE RESULTS: (Y)
TRANSCRIBED BY: (RADWH)
END VIEW:
ASI END:

Jefferson Regional Medical Center
565 Coal Valley Road
Pittsburgh, PA 15236-0119
(412) 469-5000

DIAGNOSTIC IMAGING DEPARTMENT
(412) 469-5718

Diagnostic Imaging Report

Patient  TAUBLER, SAMUEL    MRN:   596501
Date of Birth:    02/20/1960     Account Number:    3518604743
Attending Provider:    CHET PHITAYAKORN  Date of Service:        05/02/2012
Ordering Provider:     CHET PHITAYAKORN  Location:       ICCU 200301
Dictating Provider:    LATIKA SINHA M.D. May  2 2012 12:12P      Medical Service:         JSS
Gender:       Male      Acc No:      2724113


          Filed by _____
(2724113)(RESULT) CHEST PORTABLE SEPARATE RESULT?()
ASI BEGIN:
START RESULTS:

***Final Report***


ACCESSION: (2724113)
SPECIAL CASE: (\)
TEACHING CASE: (\)
ACR CODE: (\)
EXAMINATION:       RAD CHEST PORTABLE (May  2 2012 )(ACCNO: 2724113)
          Reason: PORTABLE CHEST X-RAY - OR
INDICATION:   OR film

Comparison: 12/5/10

Technique: Portable upright

FINDINGS: There is increased asymmetric opacity involving the right lung. There is increased vascularity noted bilaterally. The heart size is within normal limits. Patient status post median sternotomy. There is a right-sided chest tube. There is also a right-sided pacer and a catheter in the right side, unchanged since 2008

CONCLUSION:       Asymmetric increased opacity involving the right hemithorax. Lines and tubes, unchanged, as described above. There is increased vascularity bilaterally

CC: CHET PHITAYAKORN

Dictated By:    LATIKA SINHA M.D. May  2 2012 12:12P

Electronically Signed By:    LATIKA SINHA M.D. at May  2 2012 12:12P

Transcribed By:    May  2 2012 12:12P

Jefferson Regional Medical Center
565 Coal Valley Road
Pittsburgh, PA 15236-0119
(412) 469-5000

DIAGNOSTIC IMAGING DEPARTMENT
(412) 469-5718

Diagnostic Imaging Report

Patient  TAUBLER, SAMUEL    MRN:   596501
Date of Birth:    02/20/1960    Account Number:    3518604743
Attending Provider:    CHET PHITAYAKORN  Date of Service:    05/02/2012
Ordering Provider:    CHET PHITAYAKORN  Location:    ICCU 200301
Dictating Provider:    LATIKA SINHA M.D. May  2 2012 12:08P    Medical Service:    JSS
Gender:    Male    Acc No:    2724143


        Filed by _____
(2724143)(RESULT) CHEST PORTABLE SEPARATE RESULT?()
ASI BEGIN:
START RESULTS:

***Final Report***


ACCESSION: (2724143)
SPECIAL CASE: (\)
TEACHING CASE: (\)
ACR CODE: (\)
EXAMINATION:    RAD CHEST PORTABLE (May  2 2012 )(ACCNO: 2724143)
        Reason: PNEUMOTHORAX
INDICATION:    Evaluate for pneumothorax

Comparison: Done earlier in the same day

Technique: Single portable upright

FINDINGS: There is a right sided pacer, in good position. There is also a catheter noted in the right,
unchanged from 2008. There is median sternotomy.
There is a right-sided chest tube noted.
There is haziness involving the entire right hemithorax, improved significantly compared to the study done
earlier. New interval findings of subcutaneous emphysema on the right lower chest

CONCLUSION:    Improvement in aeration involving the right hemithorax

CC:  CHET PHITAYAKORN

Dictated By:    LATIKA SINHA M.D. May  2 2012 12:08P

Electronically Signed By:    LATIKA SINHA M.D. at May  2 2012 12:08P

Transcribed By:    May  2 2012 12:08P

## JEFFERSON REGIONAL MEDICAL CENTER
### Pulmonary/CCM Consult

| Patient Name: | TAUBLER, SAMUEL J | | |
|---|---|---|---|
| Med Rec: | 596501 | DOB: | 02/20/1960 |
| Account: | 3518604743 | Location: | ICCU |
| Admit Date: | 05/02/2012 | MedSvc: | MSS |
| Attending Physician: | PHITAYAKORN, CHET | | |

CONSULTATION TO:     EMIL A. DELIERE, M.D.
ATTENDING MD:        PHITAYAKORN, CHET
DATE OF REQUEST:   05/02/2012

Mr. Taubler is a 52-year-old gentleman who was in 2008 suffered a deep venous thrombosis with a pulmonary embolism which was treated in the standard fashion. He also has coronary disease, post bypass grafting. He has a history of lymphoma and is a 1/2 pack per day cigarette smoker but has a benign exam which will be discussed later. The details as to why such was placed initially is not available at this time but he had an inferior vena caval filter placed when he had his initial thromboembolic phenomenon. An attempt was made to remove such today but, unfortunately, this proved to be ineffective as the study had to be aborted secondary to what is felt to be a tear in his superior vena cava from the guidewire. Approximately 400 mL blood loss was felt to have occurred. He is been stable from a blood pressure standpoint, currently in the PAC Unit NAD is about to be transferred to the Intensive Care Unit. Unfortunately, a chest x-ray has not yet been obtained. His chemistries show a low-grade with a BUN and creatinine of 28 and 1.2 respectively although some concern is an anion gap of 18. This is currently unexplained as this occurred prior to his surgical intervention. He had a hemoglobin on admission of 17.

PHYSICAL EXAMINATION:
GENERAL: The patient is postoperative at this point in time. He is awake, but is relatively lethargic yet.
NECK:  Is currently without jugular venous distention or adenopathy but multiple bandages have been applied.
CHEST: Examination reveals good airflow bilaterally without expiratory prolongation, wheezing, rales, or other signs referable to airways disease.
CARDIAC: Exam shows post bypass graft scarring. No gallop or murmur is heard.
ABDOMEN: Benign.
EXTREMITIES: Show no clubbing, cyanosis or edema including the site of the initial deep venous thrombosis.

IMPRESSION:

   1.   Superior vena caval injury from guidewire for attempt of removal of inferior vena caval filter.
2. Post filter placement for previous thromboembolic phenomenon.
3. Smoker but no evidence of airways disease.
4. Coronary artery disease, post bypass grafting.
5. History of lymphoma.

PLAN: We will await the chest x-ray with interest. Close attention to his

- 1 -

## JEFFERSON REGIONAL MEDICAL CENTER
### Pulmonary/CCM Consult

| | | | |
|---|---|---|---|
| **Patient Name:** | TAUBLER, SAMUEL J | | |
| **Med Rec:** | 596501 | **DOB:** | 02/20/1960 |
| **Account:** | 3518604743 | **Location:** | ICCU |
| **Admit Date:** | 05/02/2012 | **MedSvc:** | MSS |
| **Attending Physician:** | PHITAYAKORN, CHET | | |

hematocrit and hemoglobin have to be paid as well as his blood pressure. A chest tube has been placed for drainage of any extravasation of blood into the pleural cavity but this is currently draining only strawberry-colored material.

CC:
EAD/clm
D-05/02/2012 10:17:00
T-05/02/2012 11:17:12
JOB#-3987254
D#-3315666

Signed by DELIERE, EMIL A., MD on  03-May-2012 14:13:00 -04:00

**JEFFERSON REGIONAL MEDICAL CENTER**
Mahpareh Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel. (412) 469-5745  Fax (412) 469-5913

PATIENT NAME: **TAUBLER, SAMUEL J**

| | | | |
|---|---|---|---|
| MED REC #: | **59-65-01** | FINANCIAL #: 3518604743 | |
| BIRTHDATE: | **02/20/1960** | ADMITTED: | **05/02/2012** |
| AGE: **52 years** | SEX: **Male** | PRINTED: | 5/7/2012  16:33 |
| PHYSICIAN NAME: | **Chet Phitayakorn** | LOCATION: | **5NTH 5104 01** |

---

## Microbiology

PROCEDURE: MRSA Surveillance Screen
        SOURCE: Nares                              COLLECTED: 05/06/2012 12:00 EDT
                                                   RECEIVED: 05/06/2012 14:16 EDT
                                                   ACCESSION: 12-127-0477

*** FINAL REPORT ***

Final Report                                       Verified:05/07/2012 14:29 EDT
Nares surveillance screen negative for Methicillin Resistant Staphylococcus Aureus .

---

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f = FOOTNOTES | * = ABNORMAL | # = INTERP DATA |
|---|---|---|---|---|---|---|---|

PAGE 1 OF 1
Addendum

## JEFFERSON REGIONAL MEDICAL CENTER
Mahpareh  Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel. (412) 469-5745   Fax  (412) 469-5913

PATIENT NAME: **TAUBLER, SAMUEL J**

| | | | |
|---|---|---|---|
| MED REC #: | **59-65-01** | FINANCIAL #: | **3518604743** |
| BIRTHDATE: | 02/20/1960 | ADMITTED: | **05/02/2012** |
| AGE: **52 years** | SEX: **Male** | PRINTED: | 5/6/2012  17:04 |
| PHYSICIAN NAME: | **Chet Phitayakorn** | LOCATION: | 5NTH 5104 01 |

| Chemistry |
|---|

| General Chemistry |
|---|

| | | Collected Date | 05/06/2012 | 05/05/2012 | 05/04/2012 | 05/03/2012 |
|---|---|---|---|---|---|---|
| | | Day of Stay | Sun | Sat | Fri | Thu |
| | | Collected Time | 07:25 EDT | 07:00 EDT | 05:25 EDT | 05:07 EDT |
| Ref Range | Units | Test | | | | |
| 74-106 | mg/dL | Glucose Level | 90 | | 99 | 98 |
| 9-20 | mg/dL | BUN | **21  H** | 17 | **23  H** | **21  H** |
| 0.7-1.3 | mg/dL | Creatinine # | 0.8 | 0.9 | 1.2 | 1.3 |
| | mL/min/1.73M2 | Non-Af-Am eGFR | >60 | >60 | >60 | 58 |
| | mL/min/1.73M2 | Af-Am eGFR | >60 | >60 | >60 | >60 |
| 137-146 | mmol/L | Sodium Level | **135  L** | **135  L** | **132  L** | **128  L** |
| 3.5-5.2 | mmol/L | Potassium Level | 4.6 | 5.0 | 5.0 | 4.3 |
| 95-110 | mmol/L | Chloride | 96 | 99 | 99 | 97 |
| 22-31 | mmol/L | CO2 | 30 | 27 | 25 | 25 |
| 7-16 | mmol/L | Anion Gap | 9 | 9 | 8 | **6  L** |
| 8.4-10.2 | mg/dL | Calcium | 8.4 | | 8.5 | 8.5 |
| 2.5-4.5 | mg/dL | Phos | | | 3.8 | **5.1  H** |
| 1.6-2.3 | mg/dL | Magnesium | | | | 1.7 |
| 6.4-8.3 | gm/dL | Total Protein | | | | **5.5  L** |
| 3.9-5.1 | gm/dL | Albumin Level | | | **3.1  L** | **3.1  L** |
| 3.9-5.1 | gm/dL | Albumin Level | | | | **3.1  L** |
| 0.2-1.3 | mg/dL | Bili Total | | | | 0.8 |
| 0.0-0.3 | mg/dL | Bili Direct # | | | | 0.0 |
| 15-50 | unit/L | AST | | | | 35 |
| 13-69 | unit/L | ALT | | | | 36 |
| 50-136 | unit/L | Alk Phos | | | | 88 |

05/02/2012 5:50:00 AM EDT Creatinine:
An estimated glomerular filtration rate (eGFR) can be calculated from the serum creatinine.  It is not valid and therefore not provided in patients under 18 years of age.  Studies show that in patients with stable creatinine levels, eGFR values less than 60 mL/min/1.73m2 may indicate at least stage 3 chronic kidney disease (CKD).  Clinical correlation and follow-up in such patients are recommended.  The eGFR calculation has shown to be valid up to 60 mL/min/1.73m2.  Values that exceed this level will be reported as >60.  Therefore, eGFR cannot be used to determine if a patient has stage 1 or 2 CKD.  The national Kidney Foundation has developed the following staging system to facilitate the assessment and management of kidney disease:
Stage 1, eGFR >=90; Stage 2, eGFR 60-89; Stage 3, eGFR 30-59; Stage 4, eGFR 15-29;
Stage 5, eGFR <15.

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f =FOOTNOTES | * = ABNORMAL | # = INTERP DATA |
|---|---|---|---|---|---|---|---|

**JEFFERSON REGIONAL MEDICAL CENTER**
Mahpareh  Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel. (412) 469-5745   Fax (412) 469-5913

PATIENT NAME: **TAUBLER, SAMUEL J**

| | | | |
|---|---|---|---|
| MED REC #: | **59-65-01** | FINANCIAL #: | **3518604743** |
| BIRTHDATE: | **02/20/1960** | ADMITTED: | **05/02/2012** |
| AGE:**52 years**  SEX: **Male** | | PRINTED: | 5/6/2012  17:04 |
| PHYSICIAN NAME: **Chet Phitayakorn** | | LOCATION: | **5NTH 5104 01** |

| Chemistry |
|---|

| General Chemistry |
|---|

05/03/2012 5:07:00 AM EDT Bili Direct:
This test was performed on the Ortho Vitros 5,1 chemistry analyzer.  Direct Bilirubin test results vary significantly from one method to another.  If, in the course of monitoring a patient, the assay method is changed, a new baseline should be established.

| | | | Collected Date | 05/02/2012 | 05/02/2012 | 05/02/2012 |
|---|---|---|---|---|---|---|
| | | | Day of Stay | Wed | Wed | Wed |
| | | | Collected Time | 15:03 EDT | 10:05 EDT | 05:50 EDT |
| Ref Range | Units | | Test | | | |
| 74-106 | mg/dL | | Glucose Level | | | 77 |
| 9-20 | mg/dL | | BUN | 21 H | 24 H | 28 H |
| 0.7-1.3 | mg/dL | | Creatinine | 1.1 | 1.0 | 1.2 |
| | mL/min/1.73M2 | | Non-Af-Am eGFR | >60 | >60 | >60 |
| | mL/min/1.73M2 | | Af-Am eGFR | >60 | >60 | >60 |
| 137-146 | mmol/L | | Sodium Level | 137 | 135 L | 137 |
| 3.5-5.2 | mmol/L | | Potassium Level | 4.2 | 4.6 | 4.4 |
| 95-110 | mmol/L | | Chloride | 104 | 104 | 98 |
| 22-31 | mmol/L | | CO2 | 25 | 23 | 21 L |
| 7-16 | mmol/L | | Anion Gap | 9 | 8 | 18 H |
| 8.4-10.2 | mg/dL | | Calcium | | | 10.0 |

| Rapid Blood Glucoses |
|---|

| | | Collected Date | 05/03/2012 | 05/02/2012 | 05/02/2012 |
|---|---|---|---|---|---|
| | | Day of Stay | Thu | Wed | Wed |
| | | Collected Time | 11:38 EDT | 20:29 EDT | 11:56 EDT |
| Ref Range | Units | Test | | | |
| 74-106 | mg/dL | RBG | 175 H | 108 H | 147 H |

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f=FOOTNOTES | * = ABNORMAL | # = INTERP DATA |
|---|---|---|---|---|---|---|---|

## JEFFERSON REGIONAL MEDICAL CENTER
Mahpareh  Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel.  (412) 469-5745   Fax  (412) 469-5913

PATIENT NAME: **TAUBLER, SAMUEL J**

| | |
|---|---|
| MED REC #: **59-65-01** | FINANCIAL #: **3518604743** |
| BIRTHDATE: **02/20/1960** | ADMITTED: **05/02/2012** |
| AGE:**52 years**   SEX: **Male** | PRINTED: **5/6/2012  17:04** |
| PHYSICIAN NAME: **Chet Phitayakorn** | LOCATION: **5NTH 5104 01** |

---

### Cardiac Markers

| | | | CollectedDate<br>Day of Stay<br>Collected Time | 05/02/2012<br>Wed<br>15:03 EDT | 05/02/2012<br>Wed<br>10:05 EDT |
|---|---|---|---|---|---|
| Ref Range | Units | Test | | | |
| | ng/mL | Troponin-I # | | <0.1 | <0.1 |
| | pg/mL | NT-pro BNP # | | | 318 |

05/02/2012 10:05:00 AM EDT Troponin-I:
Normal:                                   0.0-0.5 ng/mL
Abnormal (indeterminate):   0.6-1.5 ng/mL
Consistent with AMI:             >1.5 ng/mL

05/02/2012 10:05:00 AM EDT NT-pro BNP:
This test was performed on the Vitros 3600 chemistry analyzer.  Vitros NT-pro BNP test results should not be used
interchangeably with other manufacturers' BNP results.

The decision thresholds are:
patients under 75 years        125 pg/mL
patients 75 years and older  450 pg/mL

Heterophilic antibodies in human serum can react with reagent immunoglobulins, interfering with in-vitro immunoassays.
Patients routinely exposed to animals or to animal serum products can be prone to this interference and anomalous
values may be observed.  Additional information may be required for diagnosis.

---

### Hematology

---

### Cell Counts

| | | | 05/05/2012 | 05/04/2012 | 05/03/2012 | 05/03/2012 |
|---|---|---|---|---|---|---|
| | | Collected Date<br>Day of Stay<br>Collected Time | Sat<br>07:00 EDT | Fri<br>05:25 EDT | Thu<br>05:07 EDT | Thu<br>00:58 EDT |
| Ref Range | Units | Test | | | | |
| 4.30-10.10 | x10(3)/mcL | WBC | 12.13 H | 14.48 H | 11.37 H | 11.39 H |
| 4.12-5.57 | x10(6)/mcL | RBC | 3.34 L | 3.40 L | 3.70 L | 3.74 L |
| 13.3-17.5 | gm/dL | Hgb | 11.2 L | 11.8 L | 12.4 L | 12.5 L |
| 37.0-51.0 | % | Hct | 34.3 L | 34.6 L | 37.5 | 38.1 |
| 82.0-98.0 | fL | MCV | 102.7 H | 101.8 H | 101.4 H | 101.9 H |

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f=FOOTNOTES | * = ABNORMAL | # = INTERP DATA |
|---|---|---|---|---|---|---|---|

PAGE 3 OF 7
Final

**JEFFERSON REGIONAL MEDICAL CENTER**
Mahpareh Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel. (412) 469-5745   Fax (412) 469-5913

PATIENT NAME: **TAUBLER, SAMUEL J**

| | |
|---|---|
| MED REC #: **59-65-01** | FINANCIAL #: 3518604743 |
| BIRTHDATE: **02/20/1960** | ADMITTED: **05/02/2012** |
| AGE:**52 years**   SEX: **Male** | PRINTED: 5/6/2012 17:04 |
| PHYSICIAN NAME: **Chet Phitayakorn** | LOCATION: **5NTH 5104 01** |

## Hematology

### Cell Counts

| | | Collected Date | 05/05/2012 | 05/04/2012 | 05/03/2012 | 05/03/2012 |
|---|---|---|---|---|---|---|
| | | Day of Stay | Sat | Fri | Thu | Thu |
| | | Collected Time | 07:00 EDT | 05:25 EDT | 05:07 EDT | 00:58 EDT |
| Ref Range | Units | Test | | | | |
| 27.7-33.5 | pg | MCH | 33.5 | 34.7 H | 33.5 | 33.4 |
| 31.5-35.5 | gm/dL | MCHC | 32.7 | 34.1 | 33.1 | 32.8 |
| 11.6-15.3 | % | RDW | 15.1 | 15.2 | 15.1 | 15.0 |
| 123-347 | x10(3)/mcL | Platelet | 267 | 256 | 279 | 284 |
| 9.5-12.6 | fL | MPV | 9.9 | 9.5 | 9.8 | 9.6 |

| | | Collected Date | 05/02/2012 | 05/02/2012 | 05/02/2012 | 05/02/2012 |
|---|---|---|---|---|---|---|
| | | Day of Stay | Wed | Wed | Wed | Wed |
| | | Collected Time | 20:04 EDT | 15:03 EDT | 10:05 EDT | 05:50 EDT |
| Ref Range | Units | Test | | | | |
| 4.30-10.10 | x10(3)/mcL | WBC | 11.82 H | 12.18 H | 10.35 H | 8.94 |
| 4.12-5.57 | x10(6)/mcL | RBC | 3.53 L | 3.72 L | 4.07 L | 5.06 |
| 13.3-17.5 | gm/dL | Hgb | 12.1 L | 12.6 L | 13.8 f | 17.4 |
| 37.0-51.0 | % | Hct | 35.7 L | 37.3 | 40.9 | 49.8 |
| 82.0-98.0 | fL | MCV | 101.1 H | 100.3 H | 100.5 H | 98.4 H |
| 27.7-33.5 | pg | MCH | 34.3 H | 33.9 H | 33.9 H | 34.4 H |
| 31.5-35.5 | gm/dL | MCHC | 33.9 | 33.8 | 33.7 | 34.9 |
| 11.6-15.3 | % | RDW | 15.1 | 15.0 | 14.9 | 14.9 |
| 123-347 | x10(3)/mcL | Platelet | 244 | 286 | 302 | 362 H |
| 9.5-12.6 | fL | MPV | 9.8 | 9.6 | 9.5 | 9.9 |

05/02/2012 10:05 EDT  Hgb:
This test was repeated to confirm the result.

### Differential

| | | Collected Date | 05/05/2012 | 05/04/2012 | 05/03/2012 | 05/02/2012 |
|---|---|---|---|---|---|---|
| | | Day of Stay | Sat | Fri | Thu | Wed |
| | | Collected Time | 07:00 EDT | 05:25 EDT | 05:07 EDT | 10:05 EDT |
| Ref Range | Units | Test | | | | |
| 15.0-45.0 | % | Lymph Auto | 8.6 L | 7.8 L | 17.3 | 22.5 |

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f =FOOTNOTES | * = ABNORMAL | # = INTERP DATA |
|---|---|---|---|---|---|---|---|

## JEFFERSON REGIONAL MEDICAL CENTER
Mahpareh Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel. (412) 469-5745  Fax (412) 469-5913

PATIENT NAME: **TAUBLER, SAMUEL J**

| | | | |
|---|---|---|---|
| MED REC #: **59-65-01** | | FINANCIAL #: **3518604743** | |
| BIRTHDATE: **02/20/1960** | | ADMITTED: **05/02/2012** | |
| AGE:**52 years**   SEX: **Male** | | PRINTED: **5/6/2012 17:04** | |
| PHYSICIAN NAME: **Chet Phitayakorn** | | LOCATION: **5NTH 5104 01** | |

| Hematology |
|---|

| Differential |
|---|

| | | Collected Date | 05/05/2012 | 05/04/2012 | 05/03/2012 | 05/02/2012 |
|---|---|---|---|---|---|---|
| | | Day of Stay | Sat | Fri | Thu | Wed |
| | | Collected Time | 07:00 EDT | 05:25 EDT | 05:07 EDT | 10:05 EDT |
| Ref Range | Units | Test | | | | |
| 5.3-10.0 | % | Mono Auto | 16.4 H | 11.3 H | 14.4 H | 7.2 |
| 40.0-80.0 | % | Neutro Auto | 74.2 | 80.5 H | 67.0 | 68.3 |
| 0.1-4.0 | % | Eos Auto | 0.7 | 0.3 | 1.1 | 1.7 |
| 0.0-3.5 | % | Basophil Auto | 0.1 | 0.1 | 0.2 | 0.3 |
| 1.20-3.40 | x10(3)/mcL | Lymph Abs | 1.04 L | 1.13 L | 1.97 | 2.33 |
| 0.23-1.00 | x10(3)/mcL | Mono Abs | 1.99 H | 1.64 H | 1.64 H | 0.75 |
| 1.30-8.00 | x10(3)/mcL | Neutro Abs | 9.00 H | 11.66 H | 7.62 | 7.06 |
| 0.00-0.59 | x10(3)/mcL | Eos Abs | 0.09 | 0.04 | 0.12 | 0.18 |
| 0.00-0.07 | x10(3)/mcL | Basophil Abs | 0.01 | 0.01 | 0.02 | 0.03 |
| 0-5 | % | Band Man | | 2 | | |
| 40-70 | % | Segs Man | | 79 H | | |
| 21-55 | % | Lymph Man | | 7 L | | |
| 2-9 | % | Monocyte Man | | 12 H | | |
| 1.40-6.50 | x10(3)/mcL | Segs Man Abs | | 11.73 H | | |
| 1.30-3.70 | x10(3)/mcL | Lymph Man Abs | | 1.01 L | | |
| 0.11-0.59 | x10(3)/mcL | Mono Man Abs | | 1.74 H | | |
| | | Diff Comment | | | See Below | |
| | | PLT Morph | Normal | Normal | Few Large Plt | |

05/03/2012  05:07 EDT  Diff Comment
   A manual WBC Differential has been performed to confirm the automated WBC Differential.

| | | Collected Date | 05/02/2012 |
|---|---|---|---|
| | | Day of Stay | Wed |
| | | Collected Time | 05:50 EDT |
| Ref Range | Units | Test | |
| 15.0-45.0 | % | Lymph Auto | 20.1 |
| 5.3-10.0 | % | Mono Auto | 11.3 H |
| 40.0-80.0 | % | Neutro Auto | 66.0 |
| 0.1-4.0 | % | Eos Auto | 2.0 |
| 0.0-3.5 | % | Basophil Auto | 0.6 |
| 1.20-3.40 | x10(3)/mcL | Lymph Abs | 1.80 |
| 0.23-1.00 | x10(3)/mcL | Mono Abs | 1.01 H |
| 1.30-8.00 | x10(3)/mcL | Neutro Abs | 5.90 |

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f =FOOTNOTES | * = ABNORMAL | # = INTERP DATA |
|---|---|---|---|---|---|---|---|

PAGE 5 OF 7
Final

**JEFFERSON REGIONAL MEDICAL CENTER**
Mahpareh Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel. (412) 469-5745   Fax (412) 469-5913

PATIENT NAME: **TAUBLER, SAMUEL J**

| | | | |
|---|---|---|---|
| MED REC #: | **59-65-01** | FINANCIAL #: | **3518604743** |
| BIRTHDATE: | **02/20/1960** | ADMITTED: | **05/02/2012** |
| AGE:**52 years** | SEX: **Male** | PRINTED: | **5/6/2012  17:04** |
| PHYSICIAN NAME: **Chet Phitayakorn** | | LOCATION: | **5NTH 5104 01** |

## Hematology

### Differential

| | | Collected Date | 05/02/2012 |
|---|---|---|---|
| | | Day of Stay | Wed |
| | | Collected Time | 05:50 EDT |

| Ref Range | Units | Test | |
|---|---|---|---|
| 0.00-0.59 | x10(3)/mcL | Eos Abs | 0.18 |
| 0.00-0.07 | x10(3)/mcL | Basophil Abs | 0.05 |

### RBC Morphology

| | | Collected Date | 05/05/2012 | 05/04/2012 | 05/03/2012 |
|---|---|---|---|---|---|
| | | Day of Stay | Sat | Fri | Thu |
| | | Collected Time | 07:00 EDT | 05:25 EDT | 05:07 EDT |

| Ref Range | Units | Test | | | |
|---|---|---|---|---|---|
| | | Aniso | Occasional | Occasional | Occasional |
| | | Micro | | Occasional | |
| | | Macro | Occasional | Occasional | Occasional |
| | | Polychrom | | | Occasional |
| | | Stippled RBC | Present | | |
| | | H-J Bodies | Present | | |
| | | Ovalocyte | | | Rare |
| | | Target Cell | | | Rare |
| | | Tear Cell | | Rare | |
| | | Echinocyte | Rare | Rare | |

## Coagulation

| | | Collected Date | 05/05/2012 | 05/02/2012 |
|---|---|---|---|---|
| | | Day of Stay | Sat | Wed |
| | | Collected Time | 07:00 EDT | 05:50 EDT |

| Ref Range | Units | Test | | |
|---|---|---|---|---|
| 9.5-11.8 | second(s) | PT | 12.1 H | 12.0 H |
| | | INR # | 1.14 | 1.13 |
| 24.5-34.6 | second(s) | PTT # | | 29.2 |

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f =FOOTNOTES | * = ABNORMAL | # = INTERP DATA |
|---|---|---|---|---|---|---|---|

**JEFFERSON REGIONAL MEDICAL CENTER**
Mahpareh  Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel.  (412) 469-5745   Fax  (412) 469-5913

PATIENT NAME: **TAUBLER, SAMUEL J**

| | | | |
|---|---|---|---|
| MED REC #: | **59-65-01** | FINANCIAL #: | **3518604743** |
| BIRTHDATE: | **02/20/1960** | ADMITTED: | **05/02/2012** |
| AGE:**52 years** | SEX: **Male** | PRINTED: | **5/6/2012  17:04** |
| PHYSICIAN NAME: **Chet Phitayakorn** | | LOCATION: | **5NTH 5104 01** |

| Coagulation |
|---|

05/02/2012 5:50:00 AM EDT INR:
A recommendation of an INR of 2.0 to 3.0 is made for all indications for oral anticoagulation except mechanical prosthetic heart valves and prevention of recurrent myocardial infarction for which an INR of 2.5 to 3.5 is recommended.

05/02/2012 5:50:00 AM EDT PTT:
The therapeutic APTT range for patients receiving heparin at Jefferson Regional Medical Center is 2.2 to 3.2 times the patient's baseline APTT (47.8 - 86.1 seconds based upon our laboratory's normal population).  This range correlates to a heparin concentration 0.3 to 0.5 U/mL.

| Microbiology |
|---|

```
        PROCEDURE: MRSA Surveillance Screen
           SOURCE: Nares                          COLLECTED: 05/02/2012 20:04 EDT
                                                   RECEIVED: 05/02/2012 21:26 EDT
                                                  ACCESSION: 12-123-1747

*** FINAL REPORT ***

Final Report                                      Verified:05/04/2012 07:26 EDT
Nares surveillance screen negative for Methicillin Resistant Staphylococcus Aureus .
```

| Blood Bank |
|---|

| Blood Bank Tests |
|---|

| | |
|---|---|
| Collected Date | 05/02/2012 |
| Day of Stay | Wed |
| Collected Time | 08:00 EDT |

| Test | |
|---|---|
| BB ID# | 0682 AVD |
| BB ID# | 0682 AVD |
| ABORh Interp | B POS |
| ABSC Interp | Negative |

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f =FOOTNOTES | * = ABNORMAL | # = INTERP DATA |
|---|---|---|---|---|---|---|---|



TAUBLER, SAMUEL

ID:000596501

02-MAY-2012 07:04:08

JEFFERSON REGIONAL MEDICAL CTR-JSC   ROUTINE RECORD

20-FEB-1960 (52 yr)
Male   Caucasian

Room:1209
Loc:30

| | | |
|---|---|---|
| Vent. rate | 69 | BPM |
| PR interval | 162 | ms |
| QRS duration | 116 | ms |
| QT/QTc | 402/430 | ms |
| P-R-T axes | 62   49 | 153 |

Normal sinus rhythm
Intraventricular conduction delay
Non-specific ST-T wave abnormality
Abnormal ECG
When compared with ECG of 07-FEB-2012 08:26,
No significant change was found

Technician:SHANNON CRABB
Test Ind:

Referred by:  CHET PHITAYAKORN,M.D.        Confirmed By:  MICHAEL NATHANSON, M.D.

SID: 000596501 EID:5 EDT: 11:54 02-MAY-2012 ORDER: 000500001 ACCOUNT: 351860743

Page 1 of 1

25mm/s   10mm/mV   150Hz   7.1.1   12SL 239   CID: 22

## JEFFERSON REGIONAL MEDICAL CENTER
Mahpareh  Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel.  (412) 469-5745   Fax  (412) 469-5913

| | |
|---|---|
| PATIENT NAME: **TAUBLER, SAMUEL J** | |
| MED REC #: **59-65-01** | FINANCIAL #: **3518042480** |
| BIRTHDATE: **02/20/1960** | ADMITTED: **02/07/2012** |
| AGE: **51 years**   SEX: **Male** | PRINTED: **2/7/2012  19:34** |
| PHYSICIAN NAME: **Chet Phitayakorn** | LOCATION: **OPS** |

| Chemistry |
|---|

| General Chemistry |
|---|

Collected Date    02/07/2012
Day of Stay       Tue
Collected Time    08:09 EST

| Ref Range | Units | Test | |
|---|---|---|---|
| 74-106 | mg/dL | Glucose Level | 110 H |
| 9-20 | mg/dL | BUN | 17 |
| 0.7-1.3 | mg/dL | Creatinine # | 0.9 |
| | mL/min/1.73M2 | Non-Af-Am eGFR | >60 |
| | mL/min/1.73M2 | Af-Am eGFR | >60 |
| 137-146 | mmol/L | Sodium Level | 140 |
| 3.5-5.2 | mmol/L | Potassium Level | 4.6 |
| 95-110 | mmol/L | Chloride | 103 |
| 22-31 | mmol/L | CO2 | 26 |
| 7-16 | mmol/L | Anion Gap | 11 |
| 8.4-10.2 | mg/dL | Calcium | 9.4 |

02/07/2012 8:09:00 AM EST Creatinine:
An estimated glomerular filtration rate (eGFR) can be calculated from the serum creatinine.  It is not valid and therefore not provided in patients under 18 years of age.  Studies show that in patients with stable creatinine levels, eGFR values less than 60 mL/min/1.73m2 may indicate at least stage 3 chronic kidney disease (CKD).  Clinical correlation and follow-up in such patients are recommended.  The eGFR calculation has shown to be valid up to 60 mL/min/1.73m2.  Values that exceed this level will be reported as >60.  Therefore, eGFR cannot be used to determine if a patient has stage 1 or 2 CKD.  The national Kidney Foundation has developed the following staging system to facilitate the assessment and management of kidney disease:
Stage 1, eGFR >=90; Stage 2, eGFR 60-89; Stage 3, eGFR 30-59; Stage 4, eGFR 15-29; Stage 5, eGFR <15.

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f =FOOTNOTES | * = ABNORMAL | # = INTERP DATA |
|---|---|---|---|---|---|---|---|

## JEFFERSON REGIONAL MEDICAL CENTER
Mahpareh Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel. (412) 469-5745   Fax (412) 469-5913

PATIENT NAME: **TAUBLER, SAMUEL J**

MED REC #: **59-65-01**
BIRTHDATE: **02/20/1960**
AGE: **51 years** SEX: **Male**
PHYSICIAN NAME: **Chet Phitayakorn**

FINANCIAL #: **3518042480**
ADMITTED: **02/07/2012**
PRINTED: **2/7/2012 19:34**
LOCATION: **OPS**

## Hematology

### Cell Counts

|  |  | Collected Date | 02/07/2012 |
|  |  | Day of Stay | Tue |
|  |  | Collected Time | 08:09 EST |

| Ref Range | Units | Test |  |
|---|---|---|---|
| 4.30-10.10 | x10(3)/mcL | WBC | 12.62 H |
| 4.12-5.57 | x10(6)/mcL | RBC | 5.14 |
| 13.3-17.5 | gm/dL | Hgb | 17.6 H |
| 37.0-51.0 | % | Hct | 51.8 H |
| 82.0-98.0 | fL | MCV | 100.8 H |
| 27.7-33.5 | pg | MCH | 34.2 H |
| 31.5-35.5 | gm/dL | MCHC | 34.0 |
| 11.6-15.3 | % | RDW | 14.5 |
| 123-347 | x10(3)/mcL | Platelet | 395 H |
| 9.5-12.6 | fL | MPV | 9.8 |

### Differential

|  |  | Collected Date | 02/07/2012 |
|  |  | Day of Stay | Tue |
|  |  | Collected Time | 08:09 EST |

| Ref Range | Units | Test |  |
|---|---|---|---|
| 40-70 | % | Segs Man | 74 H |
| 21-55 | % | Lymph Man | 18 L |
| 2-9 | % | Monocyte Man | 6 |
| <=3 | % | Eos Man | 1 |
|  | % | React Lymph Man | 1 |
| 1.40-6.50 | x10(3)/mcL | Segs Man Abs | 9.34 H |
| 1.30-3.70 | x10(3)/mcL | Lymph Man Abs | 2.40 |
| 0.11-0.59 | x10(3)/mcL | Mono Man Abs | 0.76 H |
| 0.00-0.70 | x10(3)/mcL | Eos Man Abs | 0.13 |
|  |  | PLT Morph | Rare large plt |

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f =FOOTNOTES | * = ABNORMAL | # = INTERP DATA |

**JEFFERSON REGIONAL MEDICAL CENTER**
Mahpareh Mostoufi, M.D., Director
PO Box 18119, Pittsburgh, PA 15236
Tel. (412) 469-5745   Fax (412) 469-5913

PATIENT NAME: **TAUBLER, SAMUEL J**

MED REC #: **59-65-01**
BIRTHDATE: **02/20/1960**
AGE: **51 years**  SEX: **Male**
PHYSICIAN NAME: **Chet Phitayakorn**

FINANCIAL #: **3518042480**
ADMITTED: **02/07/2012**
PRINTED: **2/7/2012  19:34**
LOCATION: **OPS**

| Hematology |
| --- |
| RBC Morphology |

|  |  | Collected Date | 02/07/2012 |
|---|---|---|---|
|  |  | Day of Stay | Tue |
|  |  | Collected Time | 08:09 EST |

| Ref Range | Units | Test |  |
|---|---|---|---|
|  |  | Aniso | Occasional |
|  |  | Macro | Occasional |
|  |  | Polychrom | Occasional |
|  |  | H-J Bodies | Present |

| Coagulation |
| --- |

|  |  | Collected Date | 02/07/2012 |
|---|---|---|---|
|  |  | Day of Stay | Tue |
|  |  | Collected Time | 08:09 EST |

| Ref Range | Units | Test |  |
|---|---|---|---|
| 9.5-11.8 | second(s) | PT | 11.7 |
|  |  | INR # | 1.11 |
| 24.5-34.6 | second(s) | PTT # | 26.0 |

02/07/2012 8:09:00 AM EST INR:
A recommendation of an INR of 2.0 to 3.0 is made for all indications for oral anticoagulation except mechanical prosthetic heart valves and prevention of recurrent myocardial infarction for which an INR of 2.5 to 3.5 is recommended.

02/07/2012 8:09:00 AM EST PTT:
The therapeutic APTT range for patients receiving heparin at Jefferson Regional Medical Center is 2.2 to 3.2 times the patient's baseline APTT (47.8 - 86.1 seconds based upon our laboratory's normal population).  This range correlates to a heparin concentration 0.3 to 0.5 U/mL.

| LEGEND: | E = CORRECTED | C = CRITICAL | L = LOW | H = HIGH | f=FOOTNOTES | * = ABNORMAL | # = INTERP DATA |
|---|---|---|---|---|---|---|---|



TAUBLER, SAMUEL

ID:000596501

07-FEB-2012 08:26:31     JEFFERSON REGIONAL MEDICAL CTR-JSC   ROUTINE RECORD

20-FEB-1960 (51 yr)
Male    Caucasian

Room:1222
Loc:30

| Vent. rate | 75 | BPM |
| PR interval | 154 | ms |
| QRS duration | 112 | ms |
| QT/QTc | 362/404 | ms |
| P-R-T axes | 28   59 | 155 |

Technician:JOAN JENKINS
Test ind:

Sinus rhythm with frequent Premature ventricular complexes
Borderline criteria for Left ventricular hypertrophy
Left atrial enlargement
ST & T wave abnormality, consider lateral ischemia
Abnormal ECG
When compared with ECG of 06-DEC-2010 07:28,
Premature ventricular complexes are now Present
ST less elevated in Anterior leads

Referred by: CHET PHITAYAKORN,M.D.     Confirmed By:  PETER LEMIS, M.D.

25mm/s     10mm/mV     150Hz     7.1.1     12SL 231     CID: 13

SID: 000596501 EID:20 EDT: 11:14 07-FEB-2012 ORDER: 000500001 ACCOUNT: 3518042480

Page 1 of 1