UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL 2570

This document relates to:
**JOSHUA JORDAN WILLIAMS**
**1:19-cv-00232-RLY-TAB**

### PLAINTIFF, JOSHUA JORDAN WILLIAMS, AMENDED RESPONSE TO DEFENDANT MOTION TO DISMISS FOR FAILURE TO FILE CASE CATEGORIZATION FORM

COMES NOW Plaintiff Joshua Jordan Williams (hereinafter "Plaintiff") and hereby moves this Court to deny Defendants Cook Incorporated, et al (hereinafter "Defendant") Motion to Dismiss Plaintiff's case for the reason set forth below as follows:

1. Plaintiff submitted their case categorization form to Defendants on July 15, 2019. (*See* Attachment A). Plaintiff's case categorization form was submitted within twenty-one (21) days of Defendant's Motion to Dismiss filed on June 24, 2019 [Doc. 11230].

   Plaintiff did not violate any Court Order regarding his case categorization form. Defendant's Motion to Dismiss is based on the Court's Order of May 7, 2019 that does not apply to Plaintiff. The Order [Doc. 10617] required Plaintiffs that had not complied with the January 31, 2019 deadline to file a case categorization form within fifteen (15) days. The Order provides in pertinent part as follows:

   > All Plaintiffs who have not complied with the January 31st deadline are ORDERED to categorize their cases using the form provided in Filing No 9638-1, supported by specific medical documents, and to submit the same to the Cook Defendants and Plaintiffs' Leadership, **within 15 days of the date of this Order.**

2. Plaintiff was not subject to this Order because he had not failed to comply with the January 31, 2019 deadline to file his case categorization form because his case was not filed until January 31, 2019. [Doc. 1] (*See* Attachment C).  Moreover no other case categorization orders entered by the Court specifically applied to cases filed on January 31, 2019.

3. On October 2, 2018, this Court entered its Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan. [Doc. 9322]  Therein, the Court ordered that the cases in the MDL be categorized by the MDL plaintiffs into one of seven categories for the preparation of a census of the filed cases and the selection of additional bellwether cases. On November 12, 2018, this Court entered its Order Regarding Case Categorization and Census (the "first Categorization Order") [Doc. 9638], requiring plaintiffs with cases filed in this MDL to serve case categorization forms on Defendants by December 22, 2018.  On January 17, 2019 – approximately two weeks before Plaintiff filed his action – this Court entered its Amended Order Regarding Plaintiffs' Failure to Produce case categorization forms (the "First Amended Categorization Order") [Doc. 9956], extending the deadline to January 31, 2019, for plaintiffs who had failed to serve a case categorization form.

4. Plaintiff filed his suit against Defendants on January 31, 2019 [Doc. 1].  At the time, none of the Court's prior orders regarding case categorization specifically applied to his case.

5. On May 7, 2019, this Court entered its Revised Second Amended Order Regarding Case Categorization forms ("Second Amended Categorization Order") [Doc. 10617].  Therein, the Court ordered that cases that had not complied with the January 31 deadline (which did not apply to Plaintiff's case) were to serve their case categorization forms "within 15 days of the date of this Order."  It further ordered for the first time that "newly-filed" actions must serve a case categorization form, requiring forms "within 30 days of the filing of the Complaint or

of the transfer date to this MDL, whichever is applicable." The order, however, defined "newly-filed" cases as those "filed as of May 3, 2019, or later."[1] Plaintiff's lawsuit was filed on January 31, 2019, and this provision did not apply to him.

6. Defendants' Proposed Order on [Doc. 11230], their Motion to Dismiss would allow Plaintiff to file a motion to reinstate his case within thirty (30) days if the Court grants Defendant's motion, as long as his case was filed within the statute of limitations [Doc. 11355]. Plaintiff has now filed his case categorization form (Attachment B). The date Plaintiff's IVC Filter was partially removed was December 6, 2017 and Plaintiff's case was filed on January 31, 2019, well within the State of California's two-year statute of limitations for product liability cases. (Cal. Code Civ. P. 338). Even if Plaintiff's case were filed for the first time on July 15, 2019, it would be filed within California's (and Indiana's) two-year statute of limitations.

7. Plaintiff filed his Plaintiff Profile Form with accompany medical records in a timely manner on March 15, 2019 (*See* Attachment B).

8. The information requested in the case categorization form was provided to Defendants on March 15, 2019 in Plaintiff's Profile Form and Fact sheet and attached medical records.

9. Defendants Motion to Dismiss Plaintiff's case for failure to file his case categorization form was filed on June 24, 2019. Plaintiff filed his case categorization form with accompanying highlighted medical records with twenty-one (21) days of this motion.

10. Plaintiff has complied with all other orders of this Court regarding the case categorization form.

---

[1] When the phrase "as of" is used in conjunction with a date it is "used to indicate a date or time at which something beings or ends" e.g. takes effect as of July 1." *(See* Attachment C).

11. Defendants are not prejudiced by Plaintiff's filing his case categorization form on July 15, 2019.  Defendant's lack of prejudice is evidenced by the fact they received the same information in Plaintiff's Fact Sheet and attached medical records on March 15, 2019 and their having received the case categorization forms within twenty-one (21) days of filing their motion to dismiss. Moreover, Defendant proposed order on their motion [Doc. 11355] would allow Plaintiff to reinstate his case as long as a case categorization form was filed along with the Motion to Reinstate.

12. Neither Plaintiff nor his Counsel were aware they were non-compliant with any court order. Other than the deadline to respond to Defendant's Motion to Dismiss (*See* Plaintiff's Motion Seeking Leave to File this Response), Plaintiff never failed to meet deadlines and has not failed to comply with other Orders of this Court. Considering the factors discussed above, the dismissal of Plaintiffs' claim because of failure to comply any orders concerning the case categorization form would be prejudicial and unfair to Plaintiff given the lack of prejudice to Defendants as demonstrated herein.

WHEREFORE, Plaintiff, Joshua Jordan Williams, respectfully request that Defendants' Motion to Dismiss for failure to file a case categorization form and accompanying medical records be denied.

Respectfully submitted,

THE DYSART LAW FIRM, P.C.

By: /s/ Christopher W. Dysart
Christopher W. Dysart, MO Bar #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, MO 63017
(636) 590-7110
cdysart@dysart-law.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following via the Court's electronic filing system and/or U.S. mail, postage prepaid on this 16th day of July, 2019:

      /s/ Christopher W. Dysart
      **Christopher W. Dysart**