IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff (s)

Oscar Hightower, Civil Case No. 1:18-cv-568-RLY-MPB
Tammy Wills and Gregory Wills, Civil Case No. 1:18-cv-569-RLY-MPB

**PLAINTIFFS TAMMY WILLS, GREGORY WILLS AND OSCAR HIGHTOWER'S REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFFS' CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORMS AND MOTION FOR REINSTATEMENT OF CASE AND ANY AND ALL EQUITABLE RELIEF**

Plaintiffs, Tammy Wills and her husband Gregory Wills, and Oscar Hightower have respectfully moved for relief under Federal Rules of Civil Procedure 60(b) for an order to vacate the dismissal of the actions entered on May 8, 2019. As framed in Plaintiffs' Motion for Reconsideration and Reinstatement, Plaintiffs' failure to comply with the original case categorization deadline was inadvertent and due to Plaintiffs' counsel's excusable neglect.

### I.    INTRODUCTION

As noted in Plaintiffs' initial Motion on this matter, Plaintiffs' counsel never intended to not comply with the Court's Orders and has previously served all requested information in a timely and complete manner. Furthermore, the outstanding Case Categorization Forms have now been served on the Defendants. While Plaintiffs will not rehash the arguments made and facts laid out in their initial Motion for Reconsideration, it must be made clear that Plaintiffs' counsel and staff operate under a system of best practices which they believed was appropriate based on their

1

experiences in other MDLs. It is now clear that this system of "best practices" was not enough for this MDL, and those practices have been changed to remedy the issue.

The Plaintiffs' actions were neither willful, nor indicative of a specific pattern of delay. Therefore, in balancing the factors discussed herein and the circumstances surrounding this error, Plaintiffs respectfully request that the Court reconsider its decision and reinstate Plaintiffs' actions.

With respect to Plaintiffs' particular cases, Defendants' main argument is that Plaintiffs' cases are time-barred, and as a result, reinstatement of Plaintiffs' cases would be futile.[1] As explained herein, decision on Defendants' statute of limitations defenses is premature at this juncture. To the extent the Court is inclined to consider Defendants' statute of limitations defenses, the cases should be reinstated and assigned to a discovery track so that discovery on these issues can occur and the issues can then be fully briefed and presented for decision.

## II. LEGAL STANDARD

The excusable neglect standard under Rule 60(b)(1) is an equitable standard. Rule 60(b) provides that the Court has discretion to reinstate a Plaintiff's case for reasons of: "(1) mistake, inadvertence, …or excusable neglect, …or (6) any other reason justifying relief from the operation of judgment." Fed.R.Civ. Pro. 60(b)(1)(6). Trial on the merits is strongly favored over default judgments, especially "where the default has not been willful." *A.F. Dormeyer Co. v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 43 (7th Cir. 1972).[2] Factors that may be considered in assessing

---

[1] With respect to Mrs. and Mr. Wills' claims, Defendants also argue that this Court lacks subject matter jurisdiction. Plaintiffs are looking into this argument. However, this argument presents another compelling reason for reinstatement (*i.e.,* this Court arguably did not have jurisdiction to dismiss the case with prejudice in the first place). To the extent Defendants are correct, and this Court lack subject matter jurisdiction over Mr. and Mrs. Wills' claims, the Court should first reinstate the action and dismiss these claims without prejudice so that they can be refiled in the appropriate forum.

[2] In *A.F. Dormeyer*, counsel had erroneously operated under the local rules to which he was familiar, instead of that of the applicable court, and in doing so failed to file a responsive pleading.

2

whether relief under Rule 60(b) is warranted include (1) the impact of the delay on the judicial proceedings, (2) the prejudice to the non-moving party, and (3) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Assoc's Ltd. P'ship* 507 U.S. 380 (1993).[3]

### III.   ARGUMENT

#### A.   All Factors Weigh in Favor of Reinstatement.

In the present cases, there has been no delay of the overall judicial proceedings as a result of Plaintiffs' failure to timely file the supplemental Case Categorization Forms. As indicated during the oral argument on July 12, 2019, the Bellweather selection process is well underway and proceeding. As such, factor one weighs in favor of reinstatement.

In addition, there is no prejudice to Defendants. Plaintiffs failed to timely file an administrative form that merely provided a summary of information that was already in Defendants' possession. As such, there is no prejudice to Defendants and factor two weighs in favor of reinstatement.

Finally, Plaintiffs acted in good faith. The failure to timely file the Case Categorization Forms was an inadvertent mistake, not an act by Plaintiffs in bad faith. As such, as all three factors clearly weigh in favor of relief under Rule 60 and the same should be granted.

---

There the district court entered a default judgment, and later denied a motion to vacate the judgment. The 7th Circuit reversed, finding counsel's error to constitute excusable neglect. 461 F.2d at 43.

[3] Defendants rely on outdated case law and inapplicable standards. Defendants argue that excusable neglect under 60(b)(1) can never be granted when a party has been negligent. However, the Supreme Court in *Pioneer Inv. Services Co v. Brunswick Assoc's Ltd. P'ship*, 507 U.S. 380, (1993), adopted a "flexible understanding" of Rule 60(b)(1) that "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Id* at 394; *see also Tate v. Riverboat Services, Inc.*, 305 F. Supp.3d 916, 919-922 (N. Dist. IN, 2004) (finding excusable neglect where there was genuine confusion about deadlines where multiple similar cases were pending, there was little prejudice to the non-movants, and the movant had acted inadvertently, in good faith). Defendants' reliance on cases superseded by the *Pioneer* decision is an attempt to conflate the 60(b)(1) standard with a due-care standard, which is improper.

**B.      Plaintiffs will be greatly prejudiced if reconsideration and reinstatement is denied; Defendants have not articulated any prejudice if reconsideration and reinstatement is granted.**

As framed in Plaintiffs' Motion, the dismissal of Plaintiffs' cases, if not vacated, will cause irreparable harm that is much more significant than any prejudice suffered by Defendants in failing to timely receive Plaintiffs' categorization forms.  Plaintiffs' counsel missed the original case categorization deadline, inadvertently and in good faith.  Once the technical error was discovered, Plaintiffs' counsel acted to put Plaintiffs in immediate compliance with the case categorization form and filed the Motion at issue here.  Plaintiffs' technical error was a common misunderstanding, evidenced by over three hundred plaintiffs inadvertently failing to comply with the case categorization order.

Accordingly, when weighing the harm to Plaintiffs in comparison to the prejudice suffered by Defendants in failing to timely receive the categorization form and records, the harm is much more significant to Plaintiffs.  *See e.g., Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint.").  The dismissal of Plaintiff's claims because of the inadvertent failure of counsel to comply with the order would be catastrophic to Plaintiff and will result in an unjust resolution, based on a technicality.

Furthermore, as noted above, Defendants cannot demonstrate prejudice because they are already relying on the Medical Records submitted by Plaintiffs in this matter.  Defendants have attempted to argue for dismissal based upon statutes of limitation arrived at (erroneously) through medical records submitted by Plaintiffs.  There is no prejudice to Defendants for allowing Plaintiffs

4

to be re-entered as parties in the MDL because Defendants already had access, through Plaintiffs' timely submission of documents, to the information contained on the belatedly filed Case Categorization Forms.

Furthermore, because Rule 60(b) is remedial, where timely relief is sought from a default judgment and the movant has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *In re Roxford Foods, Inc.*, 12 F.3d 875, 881 (9th Cir. 1993)*; American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F3d 57, 59-61 (2nd Cir. 1996)*; Wehrs v. Wells*, 688 F3d 886, 890 (7th Cir. 2012).

**C.   The Error Was Inadvertent and Made in Good Faith.**

Here, Plaintiffs' counsel missed the original case categorization deadline, inadvertently and in good faith. Once discovered, Plaintiffs' counsel acted expeditious to comply with the case categorization procedure, as well as to file the present motion.

Furthermore, as there are well over one hundred plaintiffs in the same position as the instant Plaintiffs, and over three hundred plaintiffs have failed to comply with the categorization order. Plaintiffs counsel's error was a common one, and thus not emblematic of "bad faith." Such commonality of the very same mistake either connotes that there was error on a large scale and that the need for submission of the supplemental Case Categorization Forms was not as well distributed as Defendants' argue.

Defendants' citation to *Onwucheckwe v. Okeke,* 404 Fed.Appx. 911, 912 (5th Cir. 2010), is inappropriate and misplaced. First, it is an out-of-circuit case. Second, the case is clearly distinguishable on the facts. There, the Court *did not believe* that appellant's counsel failed to receive the e-mail notification, as counsel "had no difficulty receiving any other communications via the court's system." 404 Fed.Appx. at 912. As explained in Plaintiffs' moving papers and

herein, this was clearly not the case with Plaintiff Wills and Plaintiff Hightower's counsel, who did not receive *numerous* notifications.

Defendants' citation to *Crocker v. Ch;ld Dev. Sch. Inc.,* 2011 U.S. Dist. LEXIS 112255, 2011 WL 4501560, is likewise not persuasive. The *Crocker* Court notably likened the delay of the therein plaintiff's attorney to the "digital age equivalent of 'the dog ate my homework.'" 2011 U.S. Dist. LEXIS 112255, at *15. However, there, the evidence showed counsel's e-mail difficulties were "the result of inadequate data storage space in the e-mail inbox, due to a failure to delete messages and clear data space when the service was at capacity." *Id.* This is why the Court likened counsel's "inability to manage an office e-mail system ... as excusable neglect." *Id.* No such e-mail mismanagement occurred in the instant case. The notifications at issue herein were not bouncing due to lack of space, but rather, were landing in counsel's spam folder, because the system identified the notifications as spam, which occurred notwithstanding proper e-mail system management and counsel's ongoing diligence in monitoring the docket. Notably, this is another out-of-circuit case, occurring in the United States District Court for the Middle District of Alabama, Eastern Division.

Finally, Defendants cite to yet a third inapplicable and non-binding case, a Florida state case – *Emerald Coast Util. Auth. v. Bear Marcus Pointe, LLC,* 227 So.2 752, 757 (Fl. Ct. App. 2017). However, in that case, the Court determined counsel made a conscious decision to use a defective e-mail system and failed to actively check the trial court's electronic docket. Again, these are not the circumstances of the herein case before this Court. Plaintiffs' counsel did not use a defective e-mail system. To the contrary, as has been experienced by other plaintiffs' counsel in this proceeding, notifications have been unexpectantly determined to be spam in a wholesale manner. Also, while in *Emerald Coast* counsel wholly failed to monitor the electronic docket,

6

Plaintiffs' counsel here has actively monitored the docket. The fact that Defendants have cited three out-of-circuit cases, each of which are clearly factually distinguishable, demonstrates there is no authority for Defendants' unreasonable position that Plaintiffs Wills and Hightower should be denied their day in Court over these understandable, excusable circumstances, which counsel has corrected.

**D.     Defendants' Arguments that Plaintiffs' Cases Are Time-Barred Are Premature and Based on an Erroneous Interpretation of when the Statute of Limitations Begins to Run.**

With respect to Mrs. Wills' claims, which Defendants argue are governed by Indiana law, Indiana Code Section 34-20-3-1 provides that any product liability action must be commenced: (1) within two years after the cause of action accrues, or (2) within ten years after the delivery of the product to the initial user or consumer. Further, if the cause of action accrues at least eight years but less than ten years after that initial delivery, the action may be commenced at any time within two years after the cause of action accrues. Ind. Code § 34-20-3-1(b).

"The 'discovery rule' states that the statute of limitations begins 'to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another.'" *Morgan v. Columbus McKinnon Corp.*, 837 N.E.2d 546, 549 (Ind.Ct.App. 2005). In other words, under Indiana's discovery rule, a cause of action accrues, and the statute of limitation begins to run, when a claimant knows or in the exercise of ordinary diligence should have known of the injury. *Landers v. Wabash Center, Inc.,* 983 N.E.2d 1169, 1172 (Ind.Ct.App. 2013). The party pleading a statute of limitation bears the burden of proving the suit was commenced beyond the statutory time allowed. *Id.* Once the party makes a *prima facie* case, the burden shifts to the other party to prove such facts as will prevent the running of the statute. *Id.* Nevertheless, the ultimate burden of persuasion remains on the party asserting

the bar. *Id.* Determining when a cause of action accrues is generally a question of law. *Id.* However, where, as here, application of a statute of limitation rests on questions of fact, it is an issue for the finder of fact to decide. *Id.*

With respect to Mr. Hightower's claims, which Defendants argue are governed by Texas law, the discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *Computer Associates Intern., Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). When a plaintiff discovers or should have discovered the cause of his injury and whether a particular plaintiff exercised due diligence in so discovering are questions of fact. *Pirtle v. Kahn*, 177 S.W.3d 567, 572 (Tex.App. Houston (1st Dist.) 2005).

This is not the proper procedural posture for determining fact-intensive statute of limitation questions. The only issue raised by Plaintiffs' Motion is whether Plaintiffs' cases should be reinstated in light of the categorization issue. If Defendants wish to assert statute of limitations defenses, both the Wills and the Hightower cases should be reinstated an put on a discovery track. If the Court is inclined to decide this issue at this stage we request opportunity to brief the issue and to be heard.

As it stands now, the only admissible testimony regarding the statute of limitations and the discovery rule are the Plaintiffs' Fact Sheets and Case Categorization Forms. But that is not the standard. Nothing in Defendants' Response shows that either Plaintiffs Wills or Hightower knew the causal connection of any defendant's conduct or the identity of the defendant(s) at the time of their initial injuries. It is possible, for example, that one or both of the Plaintiffs attributed their initial bleeding event to their own body, or to something else entirely. *Perryman v. Mentor Worldwide, LLC*, 748 Fed.Appx. 212, 214-15 (11th Cir. 2018) (unpublished) (reversing a grant of

summary judgment where plaintiff '"thought the problems were related to [her] personally or perhaps caused by some other factor besides the [product],'" and plaintiff "never suspected that ObTape was defective or that a specific defect in her ObTape implant had caused her injuries until she saw a commercial in 2013 that reported the existence of vaginal sling defects"). Likewise, it is possible that Plaintiffs Wills and Hightower did not recognize any defendant's identity and/or causal conduct until seeing news articles or attorney advertisements. For these reasons, the statute of limitations issue is too fact-intensive to resolve at this stage of the case.

In addition, with respect to Plaintiff Hightower's case, Defendants' argument that his migration claim[4] should be dismissed is meritless. Defendants' assertion that "a medial lateral tilt, suspected greater than 15%" as noted on imaging is insufficient to advance a claim (including a migration claim) in the instant MDL is unsupported. Defendants offer pure attorney argument to advance a theory that Mr. Hightower's migration claim (even if solely a "tilt claim") is "not a legally cognizable injury." This is unsupported by any evidence, and Defendants' citation to a case from the Southern District of New York is unavailing. The fact is that Plaintiff Hightower has a device in his body that is not working as intended and has, at a minimum, tilted "greater than 15%." Defendants' attempt to deprive Plaintiff Hightower of due process concerning these issues is improper and he should be afforded the opportunity to seek redress for the same.

### IV.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully move this honorable Court to vacate its order granting dismissal and reinstate Plaintiffs' actions in MDL 2570.

---

[4] Defendants acknowledge that Plaintiff Hightower's migration claim "appears facially timely," and is this not time-barred. *See* Defendants' Response, at 7.

RESPECTFULLY SUBMITTED this 17th day of July, 2019

By: */s/ Timothy E. Grochocinski*

Timothy E. Grochocinski (Illinois No. 6295055)
tim@nbafirm.com
NELSON BUMGARDNER ALBRITTON P.C.
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
Phone: 708-675-1975
Fax: 708-675-1786

*Attorney for Plaintiffs*

## VERIFICATION

I, Timothy E. Grochocinski, counsel for Plaintiffs, attest under oath and penalty of perjury that the foregoing is true and correct.

*/s/ Timothy E. Grochocinski*

## Certificate of Service

I hereby certify that on July 17, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Timothy E. Grochocinski*