# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions:

All Cases Dismissed by Order Dkt. No. 10622
With a Pending Motion to Vacate That Order

## COOK DEFENDANTS' MOTION FOR
## EXTENSION OF TIME TO RESPOND TO MOTIONS
## AND ADDITIONAL FILINGS REGARDING CATEGORIZATION

Defendants Cook Incorporated, Cook Medical LLC, f/k/a Cook Medical Incorporated, and William Cook Europe ApS (collectively, "Cook Defendants") respectfully move the Court for an extension of the due date to file their response(s) in opposition to additional motions to reconsider and/or vacate the Court's Order on the Cook Defendants' Second Amended Motion to Dismiss, and related additional filings made by plaintiffs. Specifically, the Cook Defendants request that the Court permit them to file their response(s) within 14 days after Plaintiffs' leadership provides the affidavit requested by the Court at the July 12, 2019 hearing. In support of this Motion, the Cook Defendants state:

1. On July 12, 2019, the Court held a hearing to address the motions to reconsider and/or vacate filed by numerous plaintiffs whose cases were dismissed for failure to timely comply with the Court's Categorization Order (*see* Dkt. 10622 (dismissal order)).[1]

---

[1] The Court agreed with the Cook Defendants that all of these motions are to be treated as Rule 60(b)(1) motions to vacate on grounds of excusable neglect.

US.123937124

2. At the hearing, the Court reinstated three cases involving plaintiffs because their counsel, Mr. Sean Keith, provided an affidavit from Plaintiffs' leadership explaining that he had been inadvertently left off the leadership's emails to counsel in individual cases regarding categorization.

3. The Plaintiffs' leadership stated at the hearing that they sent five emails regarding categorization to counsel in individual cases between November 2018 and early May 2019.

4. Several different lawyers who called into the hearing argued that they also had not received emails regarding categorization from the Plaintiffs' leadership.

5. The Court then ordered Plaintiffs' leadership to review all communications sent to counsel in individual cases regarding categorization and provide an affidavit confirming whether any additional counsel were not sent any of these update emails.

6. Based on the Court's statements and rulings at the hearing, the Cook Defendants understand that (1) the Court will consider reinstating plaintiffs' cases if their counsel was not sent any communications regarding categorization by Plaintiffs' leadership and (2) the Court will deny all motions to reconsider and/or vacate where counsel was sent communications regarding categorization by Plaintiffs' leadership.

7. The Cook Defendants are providing an updated chart to Plaintiffs' leadership with the docket numbers of all motions filed and will ask Plaintiffs' leadership to review the emails with respect to all motions filed to date, including motions that were not ripe for discussion at the last hearing.

8. There were multiple additional motions to reconsider and/or vacate filed after the cutoff date for such motions to be argued at the July hearing. *See* Dks. 11348, 11350 (2 cases), 11340 (5 cases), and 11362. Counsel in some of these cases called into the hearing and attempted

US.123937124

to argue their motions anyway. In response, the Cook Defendants asked the Court to preclude argument on cases that were not fully briefed and ripe for discussion under the timetables established by CMO-18.

9. After the hearing, counsel in several cases where the motions were fully briefed filed additional documents varyingly styled as letters to the Court, notices, and supplemental affidavits, as part of an effort to provide additional argument on the issue. *See* Dkts. 11373-74, 11376, and 11403-04.

10. These additional filings came too late and were unnecessary because the motions to which these filings relate were already fully briefed in time for the July 12 hearing.

11. The number of docket entries associated with this issue is approaching 100. The constant flurry of filings is preventing the Cook Defendants from efficiently reviewing and responding to the numerous motions and supplemental arguments, and it is placing an undue strain on the Court's staff. At the hearing itself, constant interjections by counsel, repetitive arguments, arguments made out of turn, and attempts by counsel to argue unripe motions all undermined the orderly conduct of the hearing.

12. Although the Cook Defendants' omnibus response in opposition (Dkt. 11189) serves as a general opposition to all motions to reconsider and/or vacate, including the subsequently filed motions, the Cook Defendants may need to respond more specifically to the recently filed motions or to address the supplemental filings. For example, the Court may recall that the Cook Defendants argued at the hearing that reinstatement of half the cases would be futile due to continued noncompliance with categorization requirements, lack of support for the claim made in the record provided or categorization as Category 1, and legal bars by applicable statutes of limitation and/or repose.

13. The Cook Defendants suspect that these issues are also present in some of the recently filed motions to vacate and/or reconsider. Indeed, the Cook Defendants filed a supplemental brief in response to a motion filed by two plaintiffs that narrowly missed the hearing cutoff date, and argued that (1) the first case cannot be reinstated because the Court lacks subject matter jurisdiction over a case filed by an Indiana plaintiff, and (2) it would be futile to reinstate the second case because the hospitalizations at issue occurred outside the statute of limitations period and the only timely claim fails to raise a legally cognizable injury. *See* Dkt. 11329.

14. In an effort to minimize additional filings on this issue and to prevent similar disorder at upcoming hearings, the Cook Defendants respectfully ask the Court to grant them a general extension for responsive briefing on this issue until Plaintiffs' leadership files the affidavit requested by the Court. Specifically, the Cook Defendants ask the Court to permit the Cook Defendants to provide any additional response necessary to these motions within 14 days after the Plaintiffs' leadership provides the affidavit requested by the Court. The affidavit will narrow the number of live motions by defining which cases may be eligible for reinstatement (because counsel was not sent an email about case categorization) and which cases are not eligible for reinstatement (because leadership sent counsel an email about case categorization).

15. Once the affidavit is filed, the Cook Defendants would then have 14 days to present any additional arguments in opposition to reinstatement, such as noncompliance with the categorization order, jurisdictional issues, and timeliness issues.

## CONCLUSION

For the foregoing reasons, the Cook Defendants ask the Court to allow them 14 days, after Plaintiffs' leadership identifies cases eligible for reinstatement through its affidavit, within which to file any additional responses regarding the motions to reconsider and/or vacate.

                                                               Respectfully submitted,

Dated:  July 22, 2019                          /s/ *Andrea Roberts Pierson*
                                                               Andrea Roberts Pierson
                                                               FAEGRE BAKER DANIELS LLP
                                                               300 North Meridian Street, Suite 2700
                                                               Indianapolis, Indiana  46204
                                                               Telephone: (317) 237-0300
                                                               Facsimile:  (317) 237-1000
                                                               andrea.pierson@faegrebd.com

                                                               James Stephen Bennett
                                                               FAEGRE BAKER DANIELS LLP
                                                               110 West Berry Street, Suite 2400
                                                               Fort Wayne, Indiana  46802-2322
                                                               Telephone:  (260) 424-8000
                                                               Facsimile:   (260) 460-1700
                                                               stephen.bennett@faegrebd.com

                                                               *Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

                                                               /s/ *Andrea Roberts Pierson*