IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
<u>Darin French</u>

Civil Case #<u> 1:18-CV-00103-RLY-TAB</u>

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM AND MOTION TO REINSTATE**

Plaintiff Darin French respectfully files this Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Submit Case Categorization Form and Motion to Reinstate under Federal Rule of Civil Procedure Rule 59(e) and 60(b) and requests the Court reconsider its Order Dismissing Plaintiff's case without prejudice [Document Number 11]. Plaintiff asks the Court to grant the Motion and reinstate this case in this MDL for the reasons set forth herein.

**INTRODUCTION**

Dismissal of Plaintiff's claims would be unfairly prejudicial, and the harm caused to Plaintiff would greatly outweigh any prejudice suffered by Defendants as a result of not receiving the medical information through "categorization forms." Defendants were already in receipt of substantially the same information through the Plaintiff Profile Sheets and medical records submitted by Plaintiff on February 22, 2018. In light of the extraordinary circumstances explained herein, Plaintiff was unable to timely respond to Defendant's Motion to Dismiss.

1

## FACTS

On January 12, 2018, Plaintiff Darin French filed his Short Form Complaint directly with the MDL Court. Plaintiff complied with all Court Order and discovery requirements, including serving his Plaintiff Profile Form and corresponding medical records on February 20, 2018.

Defendants apparently filed their Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Their Motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Form. The undersigned law firm did not receive notice that this motion was filed. The Court granted Defendants' Second Amended Motion to Dismiss, and Plaintiff's claim was specifically dismissed for failure to file a Case Categorization Form by the designated deadline of December 22, 2018. The undersigned law firm did not receive notice of this dismissal. Ultimately, this Court revised its Order, providing Plaintiffs an additional to no later than May 22, 2019, to submit the Case Categorization Form along with supporting medical records to Cook Defendants and Plaintiffs' Leadership. *See* Revised Second Amended Order Regarding Case Categorization Forms, Dkt. 10617, p. 2. Again, the undersigned law firm did not receive notice of this extension.

On or about Thursday, June 7, 2019, undersigned counsel heard about dismissals in the Cook MDL through a discussion on an unrelated email. Counsel immediately began making efforts to locate the dismissal and case categorization orders. On that same day, undersigned counsel reached out to one of the Plaintiff's lead attorneys on the Plaintiffs' Steering Committee. After some research by that attorney, undersigned counsel was informed that dismissals had been made.

Upon hearing the news about the dismissals, undersigned counsel began researching Pacer and court filings. Counsel learned that, in fact, the instant case had been dismissed and that, apparently, notices had not been received by this law firm due to a spam filter, similar to other law firms, set to reject emails with more than 100 recipients. On the first business day following that discovery, June 10, 2019, **Plaintiff complied with the Court's Order and submitted the Case Categorization Form and previously provided medical records. See Exhibit A.**

Neither the undersigned counsel nor her law firm ever received a call or email from defense counsel or the court's electronic filing system informing them of the Motion to Dismiss. Plaintiff never intended to fail to comply with the Court's Order. All necessary steps have been taken to ensure that this never occurs again. Under these circumstances, it would be unfairly prejudicial for Plaintiff to be unable to pursue viable claims due to an inadvertent oversight and technical omission. Plaintiff respectfully requests that the Court reconsider its Order of dismissal and reinstate Plaintiff's case.

## **LEGAL STANDARD**

A motion for reconsideration performs a valuable function where the court has made a decision outside the adversarial issues presented to the court by the parties. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990). A motion to reconsider is appropriate where "(1) the Court has patently misunderstood a party."; (2) the Court has "made a decision outside the adversarial issues presented to the Court by the parties"; (3) the Court has "made an error not of reasoning but of apprehension"; or (4) there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court," *Id* at 1191.

It is well settled that in determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Id*.

Likewise, when examining a case under 60(b), the Court must take account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include the danger of prejudice to the Defendant, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted within good faith. *Id.*

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." Fed. R. Civ. P. 60(b). The rule states that "on motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect… "Fed. R. Civ. P. 60(b)(1).

## ARGUMENTS & AUTHORITIES

The dismissal of Plaintiff's case, if not corrected, would cause irreparable harm. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant, the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and medical records for a second time that were previously submitted with Plaintiff's Profile Form. *See, e.g., Barnhill v. United States*, 11 F. 3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the Court must be guided by a certain measure of restraint.").

The information sought within the categorization form was already available to Defendant through (1) Plaintiff's Profile Sheet, (2) Plaintiff's Medical Record Designation; and (3) Plaintiff's medical records. Conversely, the dismissal of Plaintiff s claims because of an inadvertent failure of undersigned to comply with the order is disastrous to Plaintiff. Plaintiff has sought in good faith

to timely comply with all Court Orders and has now completed and served Plaintiff's Case Categorization Forms, along with corresponding medical records, upon Defendants. See Exhibit A. Therefore, in balancing the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's case.

## CONCLUSION

When balancing harm to the parties, dismissal of Plaintiff's claims far outweighs any prejudice caused to the Defendants by the delay in receipt of these case categorization forms. As such, Plaintiff respectfully moves this Honorable Court to vacate its order granting dismissal and reinstate Plaintiff's case in MDL 2570.

Dated June 10, 2019.

                                          Respectfully submitted,

                                        **VAN WEY, PRESBY & WILLIAMS, PLLC**

                                        By: /s/ ___Ellen A. Presby_____
                                            Ellen A. Presby
                                            Texas Bar No. 16249600
                                            Kay L. Van Wey
                                            Texas Bar No. 20461950

                                            Van Wey, Presby & Williams, PLLC
                                            12720 Hillcrest Road, Suite 600
                                            Dallas, Texas 75230
                                            Email: courtfilings@vanweylaw.com
                                            Tel: (214) 329-1350
                                            Fax: (800) 489-5082

                                        **ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 10, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                 By:  */s/ Ellen A. Presby*