IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiffs:

1:16-cv-02290, Carmen Simpson and David Simpson v. Cook Incorporated et al

### MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SUBMIT A CASE CATEGORIZATION FORM

Plaintiffs Carmen Simpson and David Simpson respectfully move this Court pursuant to Federal Rule of Civil Procedure 60(b) for an order vacating the dismissal of their action entered on May 8, 2019 on the following grounds:

1. Plaintiffs' failure to comply with the Court's order was inadvertent and due to their counsel's excusable neglect.

2. When balancing the harm to the parties, the dismissal of Plaintiff's claims far outweighs the prejudice to Defendant in not receiving Plaintiffs' categorization forms.

Plaintiffs' counsel was under the impression that Categorization Forms for all clients represented by her were served upon Defendant on February 23-February 25, 2019.

### FACTS

On August 26, 2016, Plaintiffs filed their Short Form Complaint in this matter. On April 28, 2017, Plaintiffs served on Defendant a Plaintiff Profile Form and corresponding authorizations and medical records per the Court's orders and discovery requirements.

Plaintiffs' original counsel left the firm and the undersigned counsel took over this case. The undersigned counsel realized she was not getting the court's emails despite making a Notice of Appearance. This was corrected in February 2018 and the undersigned counsel saw that multiple cases she represented her clients in were listed on Defendant's Second Amended Motion to Dismiss Pursuant to the Court's Case Categorization Order on February 21, 2019. Their motion requested that the Court dismiss any claims that (1) failed to submit a Case Categorization Form; and (2) failed to submit medical records in support of their Case Categorization Forms ("Final Deadline Order, Dot. 9956 at 1). Plaintiffs' case was dismissed by this Court's Order (Filing No. 10622) on May 8, 2019.

Plaintiffs' counsel was under the impression all Categorization Forms and medical records for her clients listed on Defendant's Seconded Amended Motion to Dismiss on February 21, 2019 were served on Defendant and Plaintiff's Leadership between February23-February 26, 2019.  Plaintiff's name was listed on Exhibit C "Schedule of Plaintiffs that Submitted Categorization Forms Following Cook Defendants' Motion to Dismiss" on March 14, 2019. Plaintiffs' counsel inadvertency failed to discover that Plaintiff's case listed on the Court's Order on May 8, 2019. As soon as the failure was discovered, Plaintiffs' counsel submitted the requested document per the order's instructions.

At no point did the Defendants or Plaintiff's leadership counsel contact the undersigned counsel regarding the census order, dismissal, or anything else. Plaintiffs' counsel thought the entire time that this case had complied with all orders issued by this court. Plaintiffs' Categorization Form and medical records have been complete since February.  It was only by a routine review of individual dockets, counsel discovered the dismissal order for the first time on July 10, 2019.

## **LEGAL STANDARD AND ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 60(b)(1)(B), when a court sets a deadline, it may, for good cause, extend a party's time if "the party failed to act because of excusable neglect." When examining a case under 60(b), the Court must take into account all relevant circumstances surrounding the party's omission. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993). Some considerations to include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, and including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

Plaintiffs' Counsel was under the impression that the Categorization Form and medical records was already submitted in this matter. Plaintiffs' counsel was not on high alert for dismissals due to the failure of submitting a Categorization Form. Plaintiff's Counsel's belief was further solidify with the Exhibit filed by Defendant on March 14th, 2019 that listed this case had complied with the Categorization Order. Had Plaintiffs' counsel known the Categorization Form and medical records was not received, she would have promptly served it upon Defendants. Due to this misunderstanding, Plaintiffs' Counsel truly, and inadvertently did not realize a Categorization Form and medical records was not served and Plaintiffs were subject to dismissal.

The dismissal of Plaintiffs' case has caused irreparable harm. When weighing the harm to Plaintiffs in comparison to the prejudiced suffered by Defendant, the harm to the Plaintiffs is much more significant than the Defendant failing to receive the Categorization Form and medical records. Defendant already had a Plaintiff Fact Sheet and medical records. In addition, the dismissal of Plaintiff' claims because of the inadvertent failure of the undersigned counsel to

comply with all Court Order has been completed and served the Case Categorization Form and relevant medical records upon Defendants and Leadership Counsel. *See* Exhibit A. Therefore, Plaintiffs requests that the Court reinstate Plaintiff's case.

## **CONCLUSION**

For these reasons, Plaintiff respectfully moves this honorable Court to vacate its order granting dismissal and reinstate their case in MDL 2570.

Dated:7/23/2019                                              Respectfully submitted,

/s/Caroline U. Hollingsworth
Caroline U. Hollingsworth
HENINGER GARRISON DAVIS, LLC
2224 1St Avenue North
Birmingham, Alabama 35203
TEL: 205-326-3336
FAX: 205-326-3332
caroline@hgdlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/Caroline U. Hollingsworth
Counsel for the Plaintiffs