IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVF FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s):

| | |
|---|---|
| Fernita Catchings | Civil Case No. 1:16-cv-2382 |
| William Rogers Keltee | Civil Case No. 1:17-cv-303 |
| Jodi Lanzer | Civil Case No. 1:17-cv-69 |
| Marilyn Major | Civil Case No. 1:16-cv-2383 |
| Chester Papierski | Civil Case No. 1:17-cv-434 |
| Cassandra Ross | Civil Case No. 1:16-cv-2385 |
| Slater Smith | Civil Case No. 1:16-cv-2899 |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFFS' CLAIMS FOR FAILURE TO SUBMIT CASE CATEGORIZATION FORM AND MOTION TO REINSTATE**

Plaintiffs, Fernita Catchings, William Rogers Keltee, Jodi Lanzer, Marilyn Major, Chester Papierski, Cassandra Ross, and Slater Smith, respectfully file this Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Submit Case Categorization Forms and Motion to Reinstate under Federal Rule of Civil Procedure Rule 59(e) and 60(b) and requests the Court reconsider its Order Dismissing Plaintiffs' cases without prejudice [Document No. 10622]. Plaintiffs ask the Court to grant the Motion and reinstate their cases in the MDL for the reasons set forth herein.

## FACTS

Plaintiffs' counsel acknowledges that it was the excusable neglect of Plaintiffs' counsel that caused this information to fail to be submitted timely to the Defendants. Plaintiffs' counsel ***profusely apologizes*** for the unintended oversight and has taken all

necessary steps to comply with all future court orders.  However, dismissal of Plaintiffs' claims would be unfairly prejudicial because the harm caused to the Plaintiffs would greatly outweigh any prejudice suffered by Defendants as a result of not receiving the medical information through the categorization forms that they had already received through the receipt of the Plaintiff Profile Sheet.  The information being requested through the categorization forms is either the same or substantially similar to that information already received by the Defendants regarding the Plaintiffs. The Plaintiffs received said information from Plaintiffs as follows:

| Plaintiff | Date Complaint Filed | Date Plaintiff Profile Sheet Sent to Defendants |
|---|---|---|
| Fernita Catchings | September 6, 2016 | September 23, 2016 |
| Rogers William Keltee, Jr. | January 30, 2017 | March 22, 2017 |
| Jodi Lanzer | January 9, 2017 | February 17, 2017 |
| Megan Rogers as personal representative of Marilyn Major | September 6, 2016 | October 6, 2016 |
| Chester Papierski Alice Papierski | February 10, 2017 | February 14, 2017 |
| Cassandra Ross | September 6, 2016 | September 29, 2016 |
| Slater Smith | | November 13, 2016 |

As detailed above, Plaintiffs' complaints were filed in the previous 2-3 years.  With the exception of the filing of the categorization form, all previous Court Orders and discovery requirements have been met.  Defendants have been in receipt of medical and personal profile information as well as releases for additional medical information for the Plaintiffs' for approximately 2 to 3 years.

Beginning in late 2018, Plaintiffs' counsel experienced personnel changes including the attorney who was managing this case moving firms and a staff member taking a leave of absence for a medical procedure that resulted in unexpected complications.  Both

unexpected circumstances caused an oversight managing the cases herein, including the overlooked Orders requiring the filing of the categorization forms and the subsequent Motion to Dismiss that included Plaintiffs' cases.  While in the course of sorting through the various files under the care of Plaintiffs' counsel, it was discovered on July 23, 2019 that these pleadings were not completed and served on the Defendants.  Plaintiffs' counsel also did a thorough review of the court's docket to confirm not only the missed submission of categorization forms but also the subsequent dismissal of its cases.  Immediately upon discovery of these issues, Plaintiffs' counsel took action to reach out to Plaintiffs Steering Committee to determine how to rectify the situation. Within forty-eight (48) hours or learning of this oversight, Plaintiffs prepared and served their case categorization forms on Defendants and filed the instant Motion.

Plaintiffs' counsel was not directly contacted by the Defendants regarding these dismissals nor the failure to submit these forms via email or otherwise. Plaintiffs, nor its counsel, had any intention of willfully failing to comply with the Orders of this Court.  All necessary steps have been taken by Plaintiffs' counsel's office to ensure that the docket is being properly monitored so that no Orders of this Court nor Motions filed by opposing parties will be neglected in the future.

Counsel for Plaintiffs respectfully requests the Court to allow Plaintiffs to comply with the Court's order and reinstate their case. The failure to comply was no fault of Plaintiffs and rests solely on counsel for Plaintiffs' shoulders.  Plaintiffs' counsel is also simultaneously submitting the categorization forms to Defendants that includes information that is the same or substantially similar to that already in Defendants' possession.

## **LEGAL STANDARD AND ARGUMENT**

A motion for reconsideration performs a valuable function where the court has made a decision outside the adversarial issues presented to the court by the parties. *Bank of Rochester Cheese Sales, Inc.* 906 F.2d1185 (7th Cir. 1990). In determining whether to provide Rule 59(e) relief, the Court must balance the finality and the need to make a decision on the basis of all the facts. *Id.* Similarly, when making a determination under Rule 60(b) the Court must consider the circumstances regarding a party's omission. *Pioneer Investment Services co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). The considerations include: the danger of prejudice to the Defendants, the length of the delay and it potential impact on judicial proceedings, the reasons for the delay, and whether movant acted in good faith. *Id.*

Specifically, Rule 60(b) provides discretionary relief from a final judgment on the basis of "excusable neglect". The rules states that "on motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect…" Fed. R. Civ. P. 60(b)(1).

The dismissal of Plaintiffs' cases, if not corrected, would cause irreparable harm. When weighing the harm to Plaintiffs in comparison to the prejudice suffered by Defendants, the harm to Plaintiffs is much more significant than the prejudice suffered by Defendants failing to receive the categorization form and medical records that were already submitted with the Plaintiff Profile Form. *See, e.g., Barnhill v. United States,* 11 F.3d 1360 (7th Cir. 1993). ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of

terminating the underlying action in favor of one party, the Court must be guided by a certain measure of restraint.")

The information sought within the categorization form was already available to Defendants through (1) Plaintiff's Profile Sheet, (2) Plaintiff's Medical Record Designation; and (3) Plaintiff's medical records.  Conversely, the dismissal of Plaintiff's claims because of an inadvertent failure of undersigned to comply with the order is disastrous to Plaintiffs.  Plaintiffs have sought in good faith to timely comply with all Court Orders and has completed and served Plaintiffs' Case Categorization Forms, along with corresponding medical records, upon Defendants.  *See Exhibit 1*.  Therefore, in balancing the factors discussed above, Plaintiffs requests that the Court reinstate Plaintiffs' cases.

## CONCLUSION

When balancing harm to parties, dismissal of Plaintiffs' claims far outweighs any prejudice caused to Defendants by the delay in receipt of case categorization forms.  As such, Plaintiffs respectfully move this Honorable Court to vacate its order granting dismissal and reinstate Plaintiffs' cases in MDL 2570.


Dated 7/25/2019


/s/ Matthew L. White
Matthew L. White
Gray and White Law
713 E. Market St.
Suite 200
Louisville, KY 40202
Phone: 502-805-1800
mwhite@grayandwhitelaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

      /s/ Matthew L. White