IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | NO. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| _____ | |
| This document Relates to Plaintiff:<br>     JUSTIN ROSE | |
| Civil Case No. 1:18-cv-01410 | |
| _____ | |

## MOTION TO REINSTATE

Plaintiff, Justin Rose, by and through counsel undersigned, respectfully moves this Court for an order reinstating *Rose v. In re: Cook Medical, Inc., et al.,* 1:18-cv-01410.

The Court entered its Order (10622) On The Cook Defendants' Second Amended Motion to Dismiss (10211) on May 8, 2019. Plaintiff's case was included on Exhibit B, for failure to provide records in support of plaintiff's categorization form. Plaintiff submits that Mr. Rose's case was included in this list in error and should not have been dismissed, as the records had been fully submitted as of that date.

On April 17, 2019, undersigned counsel received an email from Joseph Williams, from Riley Williams & Piatt. (See Exhibit 1 attached). The email included a chain of emails with defense counsel regarding several of undersigned counsel's cases, including Mr. Rose's. That chain of emails was in response to a motion that undersigned counsel had filed the previous week. In the chain of emails was a message from Blake Angelino, an attorney with Faegre Baker Daniels, that states, "It looks like these cases were properly included in our letter, but it also

looks like you're right, Brian submitted forms for these cases last week on the 10th. I'll count these as submitted." Mr. Angelino stated in another email that while records had been received for plaintiff's cases, they did not appear to be complete. He asked that full copies be resubmitted.

On May 2, 2019, undersigned counsel contacted defense counsel to inform them that eight of the firm's cases, including Mr. Rose's case, were *still* included on the list for dismissal. Undersigned counsel confirmed that requests for records and images were still pending for the cases, including Mr. Rose's. The email concluded, "I just want o [sic] make sure they don't get dismissed, pursuant to our previous emails." (See Exhibit 2 hereto).

On May 3, 2019, the day the records were received by undersigned counsel, counsel submitted Mr. Rose's supporting highlighted records via email. (See Exhibit 3 hereto).

On May 10, 2019, the date they were received, plaintiff's counsel uploaded imaging studies, reports and a letter to Cook's counsel via Cook counsel's secure website. (See Exhibit 4 hereto).

On June 6, 2019, the date they were received, plaintiff's counsel sent additional imaging studies and plaintiff's expert report to Cook's counsel via Federal Express. (See Exhibit 5 hereto).

Plaintiff understands and appreciates that the Court set specific deadlines. Plaintiff's counsel fully communicated with defense counsel, and an agreement was reached that the records would be provided as soon as they were received, which was done on May 3, 2019. This was not a matter of plaintiff's counsel being deficient or simply choosing not to comply with the Court's order. The hospital had not provided the appropriate records in the appropriate time

frame. The day they were received, they were submitted to defense counsel, and this was done prior to the date of the Court's order for dismissal.

Under these circumstances, plaintiff respectfully requests this Court to order the reinstatement of *Rose v. In re: Cook Medical, Inc., et al.,* 1:18-cv-01410.

RESPECTFULLY SUBMITTED this 26th day of July, 2019.

**SNYDER AND WENNER, P.C.**

/s/ David A. Wenner
By_____
David A. Wenner, Esq.
2200 East Camelback Road, Suite 213
Phoenix, AZ  85016
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ David A. Wenner
_____