**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE:  COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION            Case No.  1:14-ml-2570-RLY-TAB

MDL 2570


This document relates to:

**JOSHUA JORDAN WILLIAMS**

**1:19-cv-00232-RLY-TAB**


**PLAINTIFF, JOSHUA JORDAN WILLIAMS,**
**MOTION FOR REINSTATEMENT OR RECONSIDERATION OF ORDER**
**DISMISSING JOSHUA JORDAN WILLIAMS CASE**
**FOR FAILURE TO FILE CASE CATEGORIZATION FORM**

COMES NOW Plaintiff Joshua Jordan Williams (hereinafter "Plaintiff") and hereby moves the Court to reinstate his case and/or reconsider its Order of July 23, 2019 dismissing his case for failure to file a Case Categorization Form for the reasons set forth below as follows:

1. Plaintiff requests that the Court reinstate his case because Defendants Cook Incorporated, et al.'s (hereinafter "Defendant") proposed order [Doc. 11355] on its motion to dismiss Plaintiff's Complaint [Doc. 11230] would allow Plaintiff to reinstate his case within 30 days if he has submitted his Case Categorization Form along with evidence supporting medical records have been filed. Defendant's proposed order provides, in pertinent part, as follows:

   > To the extent not barred by applicable statutes, such as the statute of limitations or statute of repose, Plaintiff may move to reinstate his/her case

     in the Southern District of Indiana within 30 days of the entry of this Order. The motion for reinstatement must attach a complete Case Categorization Form, and evidence that specific records in support of the Case Categorization Form have been submitted to Cook Defendant prior to filing the motion for reinstatement.
     [Doc. 11355]

2. Plaintiff submitted a completed Case Categorization Form to Defendants on July 15, 2019. (*See* Attachment A). Plaintiff submitted specific, highlighted medical records to Defendant in support of the Case Categorization Form on July 15, 2019 (*See* Attachment B - B.4).

3. There is no statute of limitation or statute of repose which bars Plaintiff's claims. Plaintiff's IVC filter was implanted on December 9, 2008 in the State of California. Plaintiff's IVC filter was removed on December 6, 2017 in the State of California. California has a two-year statute of limitation for personal injury/product liability cases. (Cal. Code Div. P 335.1). The statute of limitations for Plaintiff's case does not expire until December 6, 2019. There is no statute of repose in the State of California applicable to Plaintiffs claim again Defendant.

4. Alternatively, Plaintiff respectfully requests that this Court reconsider his Order dismissing his Complaint, without prejudice, on July 23, 2019] Doc 11425].

5. In the present case, Plaintiff filed his Case Categorization Form on July 15, 2019. The Court by its Order of July 23, 2019 [Doc. 11425] considered moot those cases Defendant had sought to dismiss because they had filed their Case Categorization Form after Defendant filed their Motion to Dismiss on June 24, 2016 [Doc. 11230]. Moreover, the Court's Order on July 23, 2019 states Plaintiffs' case is being dismissed because there is no Case Categorization Form on file. Plaintiff filed his Case Categorization Form,

however, on July 15, 2019, prior to entry of the Court's Order on July 23, 2019. [Doc. 11425]

6. Plaintiff filed his Case Categorization Form on July 15, 2019, within twenty-one days of the filing of Defendant Motion to Dismiss [Doc. 11230] filed on June 24, 2019.

7. Plaintiff's counsel's failed to observe that any of the Court's previous orders filed prior to the filing of Plaintiff's case on January 31, 2019, concerning the submission of a Case Categorization Form applied to Plaintiff's case.

8. Plaintiff filed his case on January 31, 2019.  Most of this Court's Orders concerning the Case Categorization Form were filed prior to the date Plaintiff's Complaint was filed.

9. Plaintiff did not violate any specific Court Order regarding the filing of his Case Categorization Form. Defendant's Motion to Dismiss is based on the Court's Order of May 7, 2019 that arguably does not apply to Plaintiff. The Order [Doc. 10617] required Plaintiffs that had not complied with the January 31, 2019 deadline to file a Case Categorization Form within fifteen (15) days.  The Order provides in pertinent part as follows:

> All Plaintiffs who have not complied with the January 31st deadline are ORDERED to categorize their cases using the form provided in Filing No 9638-1, supported by specific medical documents, and to submit the same to the Cook Defendants and Plaintiffs' Leadership, **within 15 days of the date of this Order.**

10. Plaintiff was not subject to this Order because he had not failed to comply with the January 31, 2019 deadline to file his Case Categorization Form because his case was not filed until January 31, 2019. [Doc. 1] (*See* Attachment C).  Moreover no other case categorization orders entered by the Court appeared to apply to cases filed on January 31, 2019.

11. On October 2, 2018, this Court entered its Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan. [Doc. 9322]  Therein, the Court ordered that the cases in the MDL be categorized by the MDL plaintiffs into one of seven categories for the preparation of a census of the filed cases and the selection of additional bellwether cases.  On November 12, 2018, this Court entered its Order Regarding Case Categorization and Census (the "first Categorization Order") [Doc. 9638], requiring plaintiffs with cases filed in this MDL to serve case categorization forms on Defendants by December 22, 2018.  On January 17, 2019 – approximately two weeks before Plaintiff filed his case – this Court entered its Amended Order Regarding Plaintiffs' Failure to Produce case categorization forms (the "First Amended Categorization Order") [Doc. 9956], extending the deadline to January 31, 2019, for plaintiffs who had failed to serve a case categorization form.

12. Plaintiff filed his suit against Defendants on January 31, 2019 [Doc. 1].  At the time, none of the Court's prior orders regarding case categorization appeared to specifically apply to his case.

13. On May 7, 2019, this Court entered its Revised Second Amended Order Regarding Case Categorization forms ("Second Amended Categorization Order") [Doc. 10617].  Therein, the Court ordered that cases that had not complied with the January 31 deadline (which did not appear to apply to Plaintiff's case) were to serve their case categorization forms "within 15 days of the date of this Order."  It further ordered for the first time that "newly-filed" actions must serve a case categorization form, requiring forms "within 30 days of the filing of the Complaint or of the transfer date to this MDL, whichever is applicable."  The order, however, defined "newly-filed" cases as those "filed as of May 3,

2019, or later."[1]  Plaintiff's lawsuit was filed on January 31, 2019, and this provision did not appear to apply to his case.

14. Defendants' Proposed Order on their Motion to Dismiss [Doc. 11230] would allow Plaintiff to file a motion to reinstate his case within thirty (30) days if the Court grants Defendant's motion, as long as his case was filed within the statute of limitations [Doc. 11355].  Plaintiff has filed his Case Categorization Form on July 15, 2019 (*See* Attachment A).  The date Plaintiff's IVC Filter was partially removed was December 6, 2017 and Plaintiff's case was initially filed on January 31, 2019, well within the State of California's two-year statute of limitations for product liability cases. (Cal. Code Civ. P. 335.1).  California does not have a statute of repose that applies to his case.

15. Plaintiff filed his Plaintiff Profile Form with accompany medical records in a timely manner on March 15, 2019 (*See* Attachment B - B.4).

16. The information requested in the Case Categorization Form was arguably provided to Defendants on March 15, 2019 in Plaintiff's Profile Form and Fact sheet and attached medical records.

17. Defendants Motion to Dismiss Plaintiff's case for failure to file his Case Categorization Form was filed on June 24, 2019.  Plaintiff filed his Case Categorization Form with accompanying highlighted medical records on July 15, 2019, within twenty-one (21) days of Defendant's motion.

18. Plaintiff has complied with all other orders of this Court.

---

[1] When the phrase "as of" is used in conjunction with a date it is "used to indicate a date or time at which something beings or ends" e.g. takes effect as of July 1." *(See* Attachment E*)*.

19. Defendants are not prejudiced by Plaintiff's filing his Case Categorization Form on July 15, 2019. Defendant's lack of prejudice is evidenced by the fact they received the same information in Plaintiff's Fact Sheet and attached medical records on March 15, 2019 and their having received the Case Categorization Form within twenty-one (21) days of filing their motion to dismiss. Moreover, Defendant proposed order on their motion [Doc. 11355] would allow Plaintiff to reinstate his case as long as a Case Categorization Form and accompanying medical records were filed along with the Motion to Reinstate.

20. Neither Plaintiff nor his Counsel were aware they were non-compliant with any Court Order. Considering the factors discussed above, the dismissal of Plaintiffs' claim because of failure to comply any orders concerning the Case Categorization Form would be prejudicial and unfair to Plaintiff given the lack of prejudice to Defendants as demonstrated herein.

## LEGAL STANDARD AND ARGUMENT

21. A motion for reconsideration performs a valuable function where the court has made a decision outside the adversarial issues presented to the court by the parties. *Bank of Rochester Cheese Sales, Inc.* 906 F.2d1185 (7th Cir. 1990). In determining whether to provide Rule 59(e) relief, the Court must balance the finality and the need to make a decision on the basis of all the facts. *Id.* Similarly, when making a determination under Rule 60(b) the Court must consider the circumstances regarding a party's omission. *Pioneer Investment Services co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). The considerations include: the danger of prejudice to the Defendants, the length of the delay and it potential impact on judicial proceedings, the reasons for the delay, and whether movant acted in good faith. *Id.*

22. Specifically, Rule 60(b) provides discretionary relief from a final judgment on the basis of "excusable neglect." The rules states that "on motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect…" Fed. R. Civ. P. 60(b)(1).

23. The dismissal of Plaintiffs' cases, if not corrected, would cause irreparable harm. When weighing the harm to Plaintiffs in comparison to the prejudice suffered by Defendants, the harm to Plaintiffs is much more significant than the prejudice suffered by Defendants failing to receive the categorization form and medical records that were already submitted with the Plaintiff Profile Form. *See, e.g., Barnhill v. United States,* 11 F.3d 1360 (7th Cir. 1993). ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the Court must be guided by a certain measure of restraint.").

24. The information sought within the categorization form was already available to Defendants through (1) Plaintiff's Profile Sheet, (2) Plaintiff's Medical Record Designation, (3) Plaintiff's medical records; and (4) Plaintiff's Case Categorization Form received on July 15, 2019. Conversely, the dismissal of Plaintiff's claims is prejudicial to Plaintiff. Plaintiff has sought in good faith to timely comply with all Court Orders and has completed and served Plaintiff's Case Categorization Form, along with corresponding medical records, upon Defendants. *See* Attachment D. Therefore, in balancing the factors discussed above, Plaintiff requests that the Court reinstate Plaintiff's cases.

## CONCLUSION

When balancing harm to parties, dismissal of Plaintiff's claims far outweighs any prejudice caused to Defendants by the delay in receipt of Plaintiff's Case Categorization Form. As such, Plaintiff respectfully move this Honorable Court to vacate its order granting dismissal and reinstate Plaintiff's case in MDL 2570.

WHEREFORE, Plaintiff, Joshua Jordan Williams, respectfully request that the Court reinstate his case, and for such other relief as the Court deems necessary and proper.

Respectfully submitted,

THE DYSART LAW FIRM, P.C.

By: /s/ Christopher W. Dysart
Christopher W. Dysart, MO Bar #37069
16020 Swingley Ridge Rd., Ste. 340
Chesterfield, MO 63017
(636) 590-7110
cdysart@dysart-law.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following via the Court's electronic filing system and/or U.S. mail, postage prepaid on this 30th day of July, 2019:

/s/ Christopher W. Dysart
**Christopher W. Dysart**