IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Actions | |

## The PSC's Motion to Strike Cook's "Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations [sic] from Five States"

Plaintiffs, by and through the Plaintiffs' Steering Committee, respectfully move the Court to strike Cook's *Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations* [sic] *from Five States*.[1] In support of this motion, the PSC states the following:

1. When Cook asked for an order requiring Case Categorization Forms, it told this Court that the "goal" was "to properly categorize cases and draw bellwether cases from those categories." [Filing No. 8913, at ECF p. 55986.][2]

2. The Case Categorization Forms expressly reflected the limited purpose

---

[1] Cook's motion can be found at Filing No. 11502 and its brief in support at Filing No. 11503.

[2] Cook also told the Court, "PIP/No Injury chases are a problem in this MDL. They are the largest single case type in the MDL and, based upon what Plaintiffs have told Cook about their cases to date, they make up more than **one half** of the entire MDL inventory." [Filing No. 8913, at ECF p. 55985.] Based upon Cook's own case census, we now know that wasn't true.

Cook had touted:

> 4. This Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose.

[*E.g.,* Filing No. 9638-1, at ECF p. 64997-64998 (emphasis added)]. This unequivocal limiting language is not new; Cook included it in prior submissions to the Court. [*See* Filing No. 9600-1, at ECF p. 64822.] Yet, Cook chose not mention this language anywhere its motion or brief.

    3.    At this point in the litigation, the categorization forms have served their limited purpose as the bellwether selection process is now all but complete.

    4.    Cook now attempts to use the categorization forms for an improper purpose: as the sole evidence supporting a request for 149 summary judgment orders. [*See, e.g.,* Filing No. 11503, at ECF p. 85145-85149.]. Seeking summary judgment when case-specific discovery never started (and has been stayed for years) harbors a host of problems;[3] but one problem cuts across each Cook request — the Court has already ordered Cook's supporting evidence to be inadmissible and irrelevant. *See,* Filing No. 9638-1, at ECF p. 64997-64998 (quoted *supra* at ¶ 2); *Cairel v. Alderden,* 821 F.3d 823, 830 (7th Cir. 2016) (summary judgment evidence must be admissible at trial).

---

[3] Should the Court deny this motion to strike, both the PSC and the 149 individual cases will file response briefs demonstrating on the merits that summary judgment is improper.

5. Rather than have the Court wade through 150 response briefs, the Court should grant this motion and strike Cook's omnibus motion for summary judgment for doing precisely what Cook told this Court would not be done — use case categorization forms for some purpose other than the Court's bellwether selection plan.

**Wherefore,** the Plaintiffs' Steering Committee respectfully requests the Court grant this motion, strike Cook's *Omnibus Motion for Summary Judgment Based On Applicable Statute of Limitations (sic) from Five States*, and grant all further just and appropriate relief in the premises.

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:        jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

      I hereby certify that on August 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

                                        /s/ *Joseph N. Williams*
                                        Joseph N. Williams