**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to the Following Actions:

All Cases Dismissed by Order Dkt. No. 10622 With a Pending Motion to Vacate That Order

**THE COOK DEFENDANTS' SUPPLEMENTAL OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR RECONSIDERATION AND/OR VACATION**

On July 12, 2019, the Court heard argument on the motions for reconsideration and/or vacation filed by plaintiffs whose cases were dismissed for their failure to timely categorize. *See* Dkt. 9322 (Screening and Categorization Order); 10622 (order dismissing noncompliant cases). Per the Court's instructions (*see* Entry for July 12, 2019, Dkt. 11387), the Plaintiffs' leadership has filed an affidavit, as amended, identifying firms that were not copied on their emails regarding categorization, *see* Amended Affidavit of Ben Martin, Dkt. 11472 (the final "Affidavit").[1]

In the interest of closing the loop on this issue that has consumed a substantial amount of the Court's time in the last three months, Cook[2] provides this supplemental response to stress the importance of orderly docket management in this MDL and state their final position on these issues. Specifically, Cook asks the Court: (1) to enter a minute order notifying Plaintiffs that

[1] Mr. Martin also emailed the Court and Cook's counsel to explain that the law firm of Milstein, Jackson, Fairchild, and Wade LLP should have been listed in the Affidavit. The Cook Defendants therefore consider that firm to be part of the Affidavit for purposes of this brief.

[2] The defendants are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

motions for reconsideration will be strongly disfavored in this MDL going forward, (2) to deny the pending motions for reconsideration and/or vacation filed by any Plaintiffs not listed in the Affidavit, and (3) to the extent the Court is inclined to provide relief to any Plaintiffs listed in the Affidavit, to require those Plaintiffs to file new cases – and pay the associated fees to the Court – in light of the tremendous burdens imposed on the Court by their failure to monitor the docket and timely comply with the Court's Orders.

## I. The Court Should Strongly Disfavor The Filing of Motions for Reconsideration By Noncompliant Plaintiffs on Issues Going Forward Because Orderly Docket Management Is of Paramount Importance in this MDL

In 2018, the number of federal civil cases consolidated in an MDL surpassed the number of all other civil cases for the first time, with 52% of all pending civil matters housed in an MDL.[3] Courts have responded to this dramatic rise in consolidated litigation with a consensus recognition that docket management is of the utmost importance in an MDL. For example, in affirming dismissal with prejudice of a case dismissed by an MDL court, the Seventh Circuit explained that "**[d]istrict courts handling complex, multidistrict litigation must be given wide latitude with regard to case management in order to achieve efficiency.** That discretion extends to dismissing individual suits for noncompliance with the court's orders, including discovery orders." *Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (emphasis added).

The Seventh Circuit's view in *Dzik* is broadly echoed by numerous courts around the country. *See e.g., Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("[W]e recognize that our circuit generally prefers merits dispositions over default judgments. But that interest must be weighed against the unique problems an MDL judge faces, especially when the MDL litigation

3 *See e.g.,* Dave Simpson, "MDLs Surge to Majority of Entire Federal Civil Caseload," Law 360 (March 14, 2019), available at https://www.law360.com/articles/1138928/mdls-surge-to-majority-of-entire-federal-civil-caseload.

involves hundreds of attorneys representing thousands of clients. The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.") (internal citations omitted); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 628 F.3d 157, 161 (5th Cir. 2010) ("We do not speculate on whether the motions to continue or dismiss without prejudice might have had some merit had this been ordinary two-party litigation. The challenge to case administration arose here from the court's obligation to manage thousands of claims against numerous defendants in an efficient and expeditious manner that would best serve justice for both plaintiffs and defendants. That multiparty background heavily influenced the trial court and permeates this court's review"); *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) ("In sum, multidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts. The district court needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line.") (internal citations omitted).

Plaintiffs' widespread failure to follow the master docket and timely comply with the Court's orders frustrates the orderly progression of this litigation. The problem is exacerbated when those same Plaintiffs file motions for reconsideration to attempt to re-litigate issues after the fact. This Court has made clear in orders that are entered in every new case (and also made readily available on the Court's homepage for the MDL) that counsel must register for electronic filing, follow the master docket, and use the master docket for all motion practice. These procedures are essential for orderly progression of this litigation and were largely dictated by technical considerations that gave the Court little room to do things differently. Going forward counsel must be expected to abide by these procedures.

Moreover, the orderly progression of mass tort litigation to ultimate resolution necessarily implicates strict docket management, including discovery, categorization, screening, and dispositive motion practice, and Plaintiffs' opposition to dispositive motions on substantive or procedural grounds, if any, must be raised *before* the Court rules on the issue, not *after* the Court has gone through a briefing schedule, oral argument, and entered an order. The parties and the Court are focused on moving this litigation forward and cannot afford to be delayed again by failure of counsel in individual cases to monitor the docket and keep their cases compliant.

## II. The Court Should Deny the Motions Filed by Plaintiffs Not Listed in The Affidavit and Require Any Plaintiff Permitted to Reenter the MDL to Pay New Filing Fees

Regarding the pending motions, Cook understands that the Court is considering providing relief to Plaintiffs' firms that were not sent emails about categorization by the Plaintiffs' leadership. From review of the Affidavit, Cook notes that it lists many firms with pending motions for reconsideration and/or vacation. There are, however, some pending motions filed by Plaintiffs not listed in the Affidavit, indicating that their counsel was sent emails about categorization. Accordingly, the Court should deny the motions filed by Plaintiffs not listed in the Affidavit.

With respect to the pending motions filed by Plaintiffs listed in the Affidavit, Cook notes that those Plaintiffs missed **nine docket entries** about categorization, *see* Cook Defendants' Omnibus Opposition, Dkt. 11189, and it is within the sound discretion of the Court to deny those motions.[4] While the Plaintiffs listed in the Affidavit did not receive emails from Plaintiffs' leadership, the proper notice procedure in this MDL is following the master docket, not email communications from Plaintiffs' leadership, and there is no good excuse for failing to follow the

[4] For example, the Seventh Circuit recently affirmed a district court's award of nearly $35,000 in sanctions against defense counsel that missed two ECF notifications: one notification for a motion filed by plaintiffs and a second notification for a hearing the Court issued to discuss why the defendant did not respond to the plaintiff's motion. *Seventh Avenue, Inc. v. Shaf Int'l, Inc.*, 909 F.3d 878, 880 (7th Cir. 2018).

docket for months as these Plaintiffs did. Thus, if the Court permits any Plaintiff to reenter the MDL, the Court should require those Plaintiffs to pay a new filing fee. The additional fee is appropriate to compensate the Court for the substantial burdens imposed by these Plaintiffs' failure to timely comply with the Court's Categorization and Screening Order and as a warning to all parties in this litigation that the Court's orders and deadlines must be followed.

Additionally, Cook has argued that granting many of the pending motions would be futile because of other problems in those cases, such as continued noncompliance with categorization requirements or clear bars under applicable statutes of limitation and/or repose.[5] Therefore, if the Court permits any Plaintiff to reenter the MDL, the Court should order counsel to review their cases and only re-file if there is a good faith basis for prosecuting the action.

**CONCLUSION**

For the foregoing reasons, the Cook Defendants urge the Court to:

(1) Issue a minute entry declaring that motions for reconsideration will be strongly disfavored by the Court going forward;

(2) Deny the motions for reconsideration and/or vacation filed by Plaintiffs not listed in the Affidavit; and

(3) If the Court is inclined to permit any Plaintiff to reenter the MDL, to impose the following conditions:

a. Require those Plaintiffs to file a new case and/or pay to the Court the equivalent of a new case filing fee; and

b. Require those Plaintiffs to review their cases and re-file them only if there is a good faith belief for continuing to prosecute those actions under applicable law.

---

5 Cook notes specifically that the *Hightower* case lacks subject matter jurisdiction because Plaintiff Hightower is from Indiana and thus his case lacks diversity jurisdiction. *See* Cook's Response, Dkt. 11339.

Respectfully submitted,

Dated: August 12, 2019

/s/ *Andrea Roberts Pierson*

Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (#26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1750
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Andrea.Pierson@FaegreBD.com
Jessica.Cox@FaegreBD.com

James Stephen Bennett (# 22869-02)
Eldin Hasic (# 32627-02)
FAEGRE BAKER DANIELS LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802-2322
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
Stephen.Bennett@FaegreBD.com
Eldin.Hasic@FaegreBD.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2019, a copy of the foregoing The Cook Defendants' Supplemental Omnibus Response in Opposition to Plaintiffs' Motions for Reconsideration and/or Vacation was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*