**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS        Case No. 1:14-ml-02570-RLY-TAB
MARKETING, SALES PRACTICES AND                 MDL No. 2570
PRODUCTS LIABILITY LITIGATION

_____

This Relates to All Actions

_____

## PLAINTIFFS' POSITION STATEMENT REGARDING BELLWETHER SELECTION

In anticipation of the August 20, 2019 Status Conference and pursuant to the Court's direction in Amended Case Management Order #25 (Document 11388), the Plaintiffs offer the following summary of facts and statement of position on why cases should or should not be selected as bellwethers.

### RELEVANT BACKGROUND

In February, 2018 the Court was advised by defense counsel that : 1) Fear only cases have overtaken the MDL in large part; 2) The product in place/no injury cases represent the single largest claimed group; 3) Frivolous cases had become the greatest percentage of cases in this MDL; and that as a result 4) "We think the next group of bellwether cases should come from the no injury bucket." If these gratuitous assertions were ever accurate, they are certainly not accurate now.

In stark contrast to the defense's assertions as pointed out above, the results of the "Census" it submitted to the Court on February 22, 2019, after Court order, painted quite a different picture. Indeed, symptomatic injury cases (Category 7) represented the vast majority of cases in the MDL—not "fear" cases, not product in place cases, not "no injury" cases, and not "frivolous" cases.  Unfortunately, these results were not disclosed to the Court until after the  Court's October 2, 2018, order excluding Category 7 symptomatic injury cases from participation in the bellwether process.

The current bellwether selection process involved the random selection of 24 cases (8 Celect and 16 Tulip) without control for any variable other that they must come from the group of asymptomatic injuries.  Over 60% of the pool of 24 were promptly eliminated because either they turned out to be symptomatic injuries or were otherwise disqualified— leaving a total of 7 cases (4 Tulip and 3 Celect), all of which exhibit significant comorbidities or other circumstances which divest them of the core element of representativeness and cast doubt on their propriety as bellwether cases.

## SPECIFIC CASES

**1.)**     **Celect Cases**

**Eddie Clark Burrage:**

DOB: 11/5/54 (Age 64)

Implanted Cook Celect on 6/20/2013 in Tuscaloosa, Alabama

Reason for Implant:  DVT & bilateral saddle PE found during followup one week after hospitalization for a seizure. No contraindication to anticoagulation medication (placed on Lovenox & Coumadin).

Injury: On 2/3/16 diagnosed with four struts perforating the vena cava 4 mm outside the wall.  No involvement with other organs or vessels and no treatment since the discovery of the perforation.

Factors that mitigate against this case being a proper bellwether:  Poorly controlled Type 2 diabetes patient with recent amputation of the large toe on left foot. Current infection of the foot which may require amputation.  Other significant health issues consistent with poorly controlled diabetes. Widowed and cannot travel without great difficulty and and has no one to assist in travel or while in trial.  Scheduled for hemorrhoid surgery.  Diagnosed bipolar disorder. Has seizure disorder.

**David Miller:**

Implanted with a Cook Celect on October 4, 2011, in Westchester, Va.

Age: 68

Reason for implant: DVT and PE

Injuries:  Thrombosis: Duplex ultrasound identified injury on October 9, 2011 and on February 27,2017, CT abdomen/pelvis noted several filter struts extending beyond IVC wall noted as unchanged from prior exam (noted compared to 06/07/16 report)

Factors that mitigate against this case being a proper bellwether: June 15, 2018 filing. There will be a statute of limitations issue.  We do not suggest the issue would fall in favor if Cook, but like in Gage, it will be an issue.  Bilateral chronic venous stasis which can predispose for blood clots along with other possible hypercoagulability issues.  These issues are major issues for a case involving filter complications and predisposing conditions for blood clots and should mitigate or disqualify this case as being a representative bellwether.

**Stephen Forrester:**

Date of birth: May 9, 1962 (52)

Factors that mitigate against this case being a proper bellwether:

Implanted Cook Celect on July 12, 2011, in Atlanta, Georgia

Reason for implant: Motor vehicular accident resulting in cervical spine injury with subarachnoid hemorrhage preventing anticoagulation

Injury:   CT scan July 6, 2018, showed slight filter strut penetration beyond the confines of the IVC wall of unknown clinical significance

Factors that mitigate against this case being a proper bellwether: Arguably a slight filter strut penetration is not a perforation at all as it does not fit the definition of 3 mm outside the wall.  So, if the case were to be tried the court would be trying what Cook would argue is a case with no current injuries and the plaintiff would be unable to rebut that suggestion for trial purposes.  ***This does not qualify as a Category 5 or 6 case.  It is disqualified from the bellwether pool.***

**2.)    Tulip Cases**

**Dorian Harris:**

Date of birth 11/9/73 (45)

Implanted Gunther Tulip on 8/9/2009 in Riverdale, Georgia

Reason for Implant:   2 weeks postpartum, she was admitted to hospital with bilateral PE & placed on heparin.

Injury: After review of plain film on August 24, 2017, physician indicated that an embedded filter was likely given the filter's long-term placement (almost 10 years) which made the filter "practically impossible to retrieve."   Review of her 2017 CT scan shows perforation (6 prongs) not engaging any organ or vessel.  No known symptoms.

Factors that mitigate against this case being a proper bellwether:  Client suffers from mental health conditions such as bipolar disorder, schizoaffective disorder, and major depressive disorder since 2010, so much so that she was unable to consistently work for years. Medical records support a 2017 incident in which she was jailed for driving under the influence and immediately after her release, she was hospitalized for a psychotic incident in which she reported hallucinations and a desire to walk into traffic to harm herself. Client is HIV positive.  This would likely be disclosed during the trial proceedings.  The condition leads to her tiring easy, which may make travel and endurance for trial difficult.

**James A. Johnson:**

Implanted Gunther Tulip on January 9, 2007, in Los Angeles, California

Age 81

Reason for Implant:  Had coronary artery bypass grafting surgery 2 months prior with noted history of intracranial mass.  Admitted January 2007 for headache & visual changes and underwent debulking of pituitary tumor a few days after this procedure, and had respiratory distress leading to intubation & mechanical ventilation. While intubated, diagnosed with acute DVT and IVC filter was placed for that reason.

 Injury:  Diagnosed in 2017 as having multiple perforations with the most significant extending 9 mm outside the vena cava wall. No known organ involvement.

 Factors that mitigate against this case being a proper bellwether:  Age 81 with many comorbid conditions.   After the January 2007, hospitalization, Johnson was hospitalized several times with complications from subdural hematoma requiring craniotomies.  He has had several instances of acute mental status deterioration during these multiple hospitalizations in 2007. Major chronic conditions include coronary artery disease

requiring bypass surgery, atrial fibrillation requiring pacemaker, renal disease, and diabetes. His age and litany of chronic, major conditions are large deterrents to client being able to attend and sit through his trial.

**Hilda Ervin:**

Age 71, lives in Cedar Hill, Missouri

Implanted on December 2, 2011 with a Gunther Tulip in St. Louis County, Missouri

Reason for implant: DVT's

Injuries: Failed attempted retrieval on September 17, 2012 resulting in embedded filter.

Factors that mitigate against this case being a proper bellwether: The case is not representative of the MDL given the fact that an embedded filter without symptomology is not itself representative.   Plaintiff's comorbidities are chronic obstructive pulmonary disease, depression and anxiety, and a fractured vertebra.

**David McDermitt:**

Age 81

Implanted with a Gunther Tulip on January 8, 2007

Reason for implant:  DVT and PE and had experienced a retroperitoneal bleed as a result of Coumadin therapy

Injuries: 2 mm perforation of the inferior vena cava

Factors that mitigate against this case being a proper bellwether:  Arguably a 2 mm perforation is not a perforation at all as it does not fit the definition of 3 mm outside the wall. Thus, not only would this case involve an arguably uninjured plaintiff *(This case does not qualify as a Category 5 or 6 case at all.  It is disqualified from the bellwether pool),* but

the plaintiff is elderly and would have difficulty traveling and attending a trial. The plaintiff

is morbidly obese with numerous other health problems including a major injury to his

quadriceps muscles for which he had recent surgery and for which he is undergoing physical

therapy at this time, basal cell carcinoma, heart disease, bulging disc causing pain and which

was recently diagnosed.

## CONCLUSION

Two of the cases, McDermitt and Forrester, are disqualified as they do not appear to

be Category 5 or Category 6 cases.  Four of the remaining cases, Johnson, Miller, Harris, and

Burrage are not representative Bellwether Plaintiffs and have major factors that would

appear to make them untriable.  The only case that appears to qualify as a Category 5 or

Category 6 case that fits as a bellwether is the Hilda Ervin case.

Dated: August 13, 2019.                    Respectfully Submitted,

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs Steering Committee
and on behalf of Plaintiffs Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
Email: mheaviside@hrzlaw.com

/s/ Ben C. Martin
Ben C. Martin, Esq.
Martin Baughman, PLLC

3710 Rawlins Street, Suite 1230
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
Email: bmartin@martinbaughman.com

*/s/ David P. Matthews*
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Ben C. Martin*
Ben C. Martin, Esq.