**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

---

This Document Relates to All Cases

---

**COOK DEFENDANTS' RESPONSE TO THE PLC'S MOTION TO STRIKE**
**OMNIBUS MOTION FOR SUMMARY JUDGMENT**

The Court should deny the Plaintiffs' Steering Committee's motion[1] asking the Court to strike Cook's Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations from Five States.[2]  Cook's motion does not improperly use information Plaintiffs provided in their categorization forms; on the contrary, the motion asks the Court to use that information just as the Court intended, and just as the Court itself has itself already used the information.

**BACKGROUND**

Cook has moved the Court for summary judgment in 149 cases from five states based on those states' respective statutes of limitations.[3]  The motion notes that all of these Plaintiffs filed their complaints more than two years (in the Michigan cases, three years) after the occurrence of the injuries they now claim.  Because each of these five states has rejected the "discovery rule"

---

[1] Dkt. 11518.
[2] Dkt. 11502, 11503.
[3] Although the PSC designates its motion as relating to "All Cases" in the MDL, Cook's motion was actually directed to only 149 cases, which are listed in Exhibit A to the motion, Dkt. 11502-1.

exception to its statute of limitation or, in Texas, has adopted a very limited discovery rule that does not apply here, these states' statutes of limitations bar the untimely claims of these 149 Plaintiffs. *See generally* Dkt. 11503.

Cook's motion was accompanied by a chart of the 149 cases that assembled information provided by these Plaintiffs in their Short-Form Complaints, their categorization forms, and their medical records. For each Plaintiff, the chart provides the Plaintiff's name, case number, state of residence and placement, lead attorney, implant date, self-designated category of claimed injury, description of injury and date, and filing date. *See* Dkt. 11502-1, 11502-1. For purposes of the statute-of-limitations argument asserted in the Omnibus Motion, there are two material facts relating to each Plaintiff: (1) the date of the occurrence of the injury claimed, gleaned from the medical records the Plaintiff submitted with the categorization form, and (2) the date of commencement of the action, based on the filing date of the Plaintiff's Short-Form Complaint.

## ARGUMENT

The PSC's motion does not dispute the legal basis for the summary judgments the Cook Defendants seek, and it does not claim that any of the information that the 149 Plaintiffs at issue submitted in their respective categorization forms is inaccurate or outdated. The PSC argues only that Cook's motion is barred by the following language in the Case Categorization Forms:

> This Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose.

Dkt. 9638-1 at 1-2. The PSC's argument fails for multiple reasons.

First, contrary to the PSC's assertion, Cook's Omnibus Motion for Summary Judgment does ***not*** use the Categorization Forms for some "other purpose" referred to in the passage the PSC quotes; Cook's motion in fact directly carries out the purpose of the Screening Order the

passage cites.  One of the purposes of the categorization process was to compel Plaintiffs to identify the specific filter-related injuries they were claiming, which would permit Cook to raise issues about and the Court to consider which of those claims were legally viable and which were not.  Cook's Omnibus Motion raises just such an issue presented by these Plaintiffs' identification of their claims.  Based on the injuries that these Plaintiffs state they are claiming, these Plaintiffs' claims are time-barred and thus not legally viable.  This motion is not a use of the categorization forms for a purpose other than that intended by the case screening Order; this motion is a direct and intended result of that case screening process.

The PSC's motion assumes that the sole purpose of the Court's categorization process was to assist in the selection of bellwether cases.  *See* Dkt. 11418 at 2 ("At this point in the litigation, the categorization forms have served their limited purpose as the bellwether selection process is now all but complete.").  The PSC is incorrect.  The Court established the categorization process *to screen meritless cases* as well as to aid in bellwether selection.

Both Cook's motion for case screening and the Court's Order granting it compel this conclusion. The Cook Defendants' Motion for Screening Order and Bellwether Selection Plan— the very motion referred to in the PSC's quote from the Case Categorization Form (Dkt. 11518 at 2)—devoted nine pages to the need for screening meritless cases, *see* Dkt. 8449 at 1-9, and only three to separately urging the bellwether plan.  The Court's Order establishing the categorization requirement likewise *separately* addressed the issues of case screening and bellwether planning.  First, the Court granted in part Cook's motion for a screening order, Dkt. 9322 at 1 ("Cook's Motion for Screening Order is **GRANTED IN PART.**"), requiring Plaintiffs to categorize their claimed injuries and setting out the seven possible categories, *id.* at 1-3.  Then, separately, the

- 3 -

Court granted in part Cook's motion for a bellwether selection plan. *Id.* at 3 ("Cook's motion for Bellwether Selection Plan is **GRANTED IN PART.**").

The substance of the Court's Order also makes clear that it was not intended for bellwether planning alone.  The Court required Plaintiffs to categorizes their claims in one or more of seven numbered categories and Cook to prepare a case census by category, Dkt. 9322 at 3 ¶¶ 1-2, but the Court limited the possible bellwether trials to cases from categories 5 and 6 alone, *id.* at 4 ¶¶ 5-8.  Had the Court intended categorization solely to assist the bellwether selection process, it would have had no need to require Plaintiffs to separate their claimes into categories 1, 2, 3, 4, and 7.  Moreover, the Order *itself* specifically uses Plaintiffs' categorizations for non-bellwether selection purposes, directing that "[c]ases in Category 1 are subject to immediate dismissal."  *Id.* at 4, ¶ 3; *see also* Case No. 1:18-cv-03836-RLY-TAB, Ckt. 10 (Order Dismissing Category 1 cases).

In addition, the Order expressly contemplates further, non-bellwether related motion practice for categories 2, 3, 4, and 7, *see id.* at 4 n.1 ("Cases in Categories 2, 3, 4, and 7 remain for motion practice or trial."), and such practice has occurred.  With respect to Category 2 cases, the Court later set a deadline for the voluntary dismissal of Category 2 cases, *see* Dkt. 10632, established a briefing schedule for dismissal motions for non-dismissed cases, *id.*, and granted dismissal of a number of Category 2 cases based wholly on their Category 2 status, *see* Dkt. 11377; *see also* Case No. 1:19-cv-01145-RLY-TAB, Dkt 11.  The Court both intended and has employed Plaintiffs' categorization forms for case-screening purposes, and the PSC's assumption that the use of the forms was limited to bellwether planning is in error.

Finally, the Court's Order addressing later-filed cases makes clear that the purpose of the screening order goes well beyond the bellwether selection process.  In its May 7, 2019, Revised

US.124192389.02

Second Amended Order Regarding Case Categorization Forms, Dkt. 10617, the Court addressed an ambiguity in its original order concerning new cases either filed in or transferred to the MDL after the date of the original categorization order.  The Court ordered that (1) cases filed after the original categorization started in November, 2018, were required to categorize within 15 days of the order and (2) newly filed cases were required to categorize within 30 days of filing in or transfer to the MDL.  *See* Dkt. 10617 at 2.  If the purpose of categorization were limited to bellwether selection only, the Court would have had no reason to require new cases to categorize.  The Court's May 2019 Order that all cases categorize, including new cases filed *after* the bellwether pool was selected, conclusively demonstrates that the purpose of the categorization process is broader than merely aiding bellwether selection.

The PSC also errs in asserting that "Cook now attempts to use the categorization forms for an improper purpose: as the sole evidence supporting a request for 149 summary judgment orders."  Dkt. 11518 at 2.  Not only does Cook not offer the forms as the "sole evidence" in support of its motion, it does not offer the forms as "evidence" at all.  Cook's motion cites exactly two pieces of *actual* evidence as to each of the 149 Plaintiffs:

(1)    A medical record provided by that Plaintiff that identifies the date by which the Plaintiff's claimed injury occurred.  The PSC apparently has no objection to Cook's use of Plaintiffs' medical records as evidence, as the PSC's motion does not mention them.

(2)    The date that Plaintiff commenced the action at issue, taken from the docket entry for the Plaintiff's short-form complaint.  Again, the PSC offers no objection to Cook's citation to or the Court's use of this docket information in ruling on Cook's motion.

US.124192389.02

These two pieces of undisputed evidence are all the that Court needs to resolve the motion; the result turns on the purely legal question of the application of the statutes of limitation to these facts.

Although Cook included information from the categorization form in Exhibit A chart to Cook's Omnibus motion for the convenience of the Court and the parties, none of that information is "evidence" used to support the motion.  In particular, the categorization of a Plaintiff's case as Category 3 instead of Category 4 or Category 5 has nothing to do with merits of the motion as to that Plaintiff; the motion is not directed to a particular *category* of cases, but to all cases—regardless of category—in which a Plaintiff in one of five states has failed to commence an action within two or three years of the occurrence of the injury alleged.  The specific injury each Plaintiff alleges is of course taken from the categorization form, but that is not *evidence*; that is just what the Plaintiff *claims*.  *Cf., e.g., Shreve v. Franklin Cnty.*, 743 F.3d 126 (6th Cir. 2014) ("pleadings are not evidence").  The PSC does not argue that any of the 149 Plaintiffs' categorization forms misstates any Plaintiff's claimed injuries; it objects only to the use of those claims as "evidence."  But Cook has not offered the claims as evidence, only as the Plaintiffs' own statements of the nature of the injuries they claim.

## CONCLUSION

Nothing in Cook's Omnibus Motion violates either the letter or the spirit of the Court's screening order.  The 149 cases in Cook's motion—in which Plaintiffs failed to meet the applicable statute of limitations, often by years—are just the sort of meritless cases that the screening order was intended to aid in identifying and eliminating.  The Court should deny the PSC's motion to strike Cook's Omnibus Motion.

Dated:  August 16, 2019

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (#26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204-1750
Telephone:      (317) 237-0300
Facsimile:      (317) 237-1000
Andrea.Pierson@FaegreBD.com
Jessica.Cox@FaegreBD.com


James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone:      (260) 424-8000
Facsimile:      (260) 460-1700
Stephen.Bennett@FaegreBD.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.124192389.02

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 16, 2019, a copy of the foregoing response brief was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.


/s/ *Andrea Roberts Pierson*