IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND RLY-TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-<br><br>MDL No. 2570 |

This Document Relates to the following cases:

1:17-cv-04339, Perry Sylvain v. Cook Incorporated et al.
1:17-cv-04345, James Cooper v. Cook Incorporated et al.
1:17-cv-04200, Kristi Craft v. Cook Incorporated et al.
1:17-cv-04340, Larry John Vaughan, Jr. v. Cook Incorporated et al.
1:17-cv-01697, Joshua Rich Craig v. Cook Incorporated et al.
1:17-cv-04171, Alma Rodriguez v. Cook Incorporated et al.
1:18-cv-01833, Galen Page Schatzman v. Cook Incorporated et al.
1:18-cv-00647, Arthur Wayne Schermerhorn v. Cook Incorporated et al.

## **PLAINTIFF'S MOTION TO SEAL DOCUMENTS**

NOW COMES Plaintiff, James Cooper, and respectfully moves this Honorable Court for an Order to seal Exhibits 1, 2, and 3 of Defendants' Omnibus Opposition to Motions to Reconsider Dismissals of Cases Filed by Twenty-Six Plaintiffs [Document No. 11189] and to further seal Exhibit 1 of Plaintiff's Motion for Reconsideration [Document No. 11000], and would show the Court the following:

1. On June 10, 2019, Plaintiff filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b) [Document No. 11000] requesting the court to reconsider its Order dismissing Plaintiff's case without prejudice [Document No. 10622] for failure to submit a Categorization form which Plaintiff submitted along with medical records on May 16, 2019.

2. Along with filing the aforementioned Motion for Reconsideration, Plaintiff filed Exhibit 1 thereto, which contained partially redacted medical records which were only accessible through this MDL.

3. Thereafter, on June 20, 2019, the Cook Defendants filed their Omnibus Opposition to Plaintiff's Motion for Reconsideration relative to 26 Plaintiffs [Document No. 11189].

4. The Cook Defendants' Omnibus Opposition [Document No. 11189] attached as exhibits the medical records of five Plaintiffs, three of which are represented by the Undersigned Counsel, including Plaintiff James Cooper, as supporting Exhibits 1, 2, 3, 4 and 5 to Defendants' opposition. These sensitive and protected medical records had pertinent Plaintiff medical treatment highlighted in yellow.

5. The protected medical records that the Cook Defendants attached as Exhibit 2 to their Omnibus Opposition relative to Plaintiff, James Cooper, are being publicly displayed and can now be accessed over the internet through a Google search. (Please see Group Exhibit "A" attached hereto).

6. Plaintiff James Cooper, called our office to inform us that he conducted a Google search of his name and found and was able to access without a password, protected health records relative to his IVC Filter procedure(s). (Please see attached Declaration of Kimball Jones, Esq. attached hereto as Exhibit "B")

7. Prior to Plaintiff submitting his Case Categorization forms to Defendants and prior to the filing of the Cook Defendants' Omnibus Opposition, James Cooper's personal and protected health records were kept confidential. (Please see attached Declaration of Kimball Jones, Esq. attached hereto as Exhibit "B")

8. When Plaintiff submitted his medical records along with the PPF, CMO 13, Settlement Data Form and Case Categorization Form submissions, he had every reason to believe that this information would be kept confidential once tendered to the Defendants.

9. Plaintiffs similarly situated within this MDL may have also had their personal medical information compromised relative to the exhibits attached to the Cook Defendants' Omnibus Opposition in such a way that their medical records may be obtained by a search over the internet. For these reasons, the aforementioned exhibits to the Cook Defendants' Motion should be ordered sealed, and in the interests of judicial economy, it is further requested that said Order extend to the Undersigned Counsel's two other Plaintiffs (specifically, Alma Rodriguez, 1:17-cv-04171; and Galen Page Schatzman, 1:18-cv-01833), and that on a going-forward basis all medical records of any Plaintiff within this MDL that Defendants intend on using as an exhibit be filed under seal.

WHEREFORE, Premises Considered, Plaintiff respectfully requests that this Honorable Court orders the following:

1. The entry of an Order to seal any and all further medical records of any Plaintiff within this MDL that Defendants intend on using as an exhibit for filing prior to filing in this MDL;

2. That Exhibits 1, 2, and 3 of Defendants' Omnibus Opposition to Motions to Reconsider Dismissals of Cases Filed by the Undersigned Counsel's five Plaintiffs [Document No. 11189] be sealed by the Clerk, available for viewing on the Court's ECF system only by parties in MDL 2570; and

3. That Exhibit 1 of Plaintiff's Motion for Reconsideration [Document No. 11000] be sealed by the Clerk, available for viewing on the Court's ECF system only by parties in MDL 2570.

4. On a going forward basis all medical records of any Plaintiff within this MDL that Defendants intend on using as an exhibit be filed under seal.

Dated:  August 16, 2019

          Respectfully submitted,

          **MORRIS//ANDERSON d/b/a Bighorn Law**

          By:   /s/ *Kimball Jones*
          **KIMBALL JONES, ESQ.-**  Nevada Bar No.: 12982
          Kimball@bignornlaw.com
          Evelyn@bighornlaw.com
          716 S. Jones Blvd.
          Las Vegas, Nevada 89107
          *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.  Further, parties may access this filing through the Court's electronic records system.

/s/ Evelyn Shaw
An Employee of **Morris//Anderson d/b/a Bighorn Law, LLC**