# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Jose Del Cid v. Cook et al 1:17-cv-01704

## PLAINTIFF'S OPPOSITION TO COOK'S OMNIBUS MOTION FOR SUMMARY JUDGEMENT

The above-titled Plaintiff respectfully asks this Court to deny Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS ("Cook") Motion for Summary Judgement on two grounds. First, Plaintiff's claims are not time barred under Virginia law. Second, Cook is again attempting to use the Case Category Submission as grounds for dismissal when the agreement between the parties clearly stated that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2.  The Case Categorization form expressly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's

Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

3. Plaintiff did not know nor could he have known that his injuries were caused by a defective Cook IVC Filter until late 2016 when he was first informed that his filter was defective. See Affidavit of Jose Del Cid. **Exhibit A.**

4. Cook has not taken a single deposition in this case or served any interrogatories in this case or reviewed all of Plaintiff's medical records.

## STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. *See In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig.*, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002))

**ARGUMENT**

**I.      Plaintiff filed his Personal Injury Claims within Virginia's Statute of Limitations.**

Under Virginia law, a cause of action in product liability action accrues "when the person knew or should have known of the injury and its causal connection to the device." Va. Code § 8.01-249. The relevant code section expressly states that the cause of action accrues:  "In products liability actions . . . for injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew or should have known of the injury and its causal connection to the device." Va. Code § 8.01-249.

Here, Plaintiff did not discover until the end of 2016 the causal connection between his injuries and the defective Cook IVC Filter. See **Exhibit A**. On May 23, 2017, Plaintiff filed his complaint against Cook, only months after discovering the causal connection between his injuries and Cook's defective IVC Filter. See Complaint. **Exhibit B**.

Cook's entire argument for summary judgement is based on a faulty understanding of Virginia Code. Cook claims that Virginia Code permits an injured party only two years from the slightest injury. Dck 11503 ¶ 15. However, Cook does not provide this Court with all of the relevant Virginia law. Virginia Code permits injured parties to seek redress when, as in this case, a defendant's medical product is defective and it injuries a citizen of Virginia. Va. Code § 8.01-249.

Furthermore, Cook claims in its memorandum that this Court should rule on its motion for summary judgement based solely on a limited and select number of medical records. Dck 11503 ¶ 16. Medical records that in no way convey any information regarding Plaintiff's knowledge of the causal connection between his injuries and the defective nature of the Cook IVC Filter. What is more, Cook has not taken a single deposition, served a single interrogatory,

or even reviewed all of Plaintiff's medical records. Without taking any of those critical discovery steps, Cook, in a motion for summary judgement that includes 30 other Virginia Plaintiffs and excludes the relevant Virginia law asks this Court to prematurely grant its motion. This, while Cook claims that Plaintiff's Counsel has filed this case without merit. Dck 11503 ¶ 2. However, in its sweeping motion, Cook does not even take the time to point the Court to any facts to buttress its arguments. *Roe v. Doe*, 28 F.3d 404, 406 (4th Cir. 1994). As such, this Court should reject Cook's Motion for Summary Judgement.

## II.     Cook's Reliance on the Categorization Form is Misplaced.

Cook cannot use the Categorization Case form as grounds for a Motion for Judgment on the Pleadings. The Categorization Case form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." The "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only . . . ."  Reliance on the Categorization form is a breach of the party's agreement and such behavior should not be permitted by this Court. Furthermore, Cook cannot point to any information in the Plaintiff Profile Form that Plaintiff knew of the causal connection between his injuries and Cook's defective IVC Filter until the end of 2016.

Because Cook cannot rely on the Categorization form and the PFS does not supply any support for Cook's tortured arguments, this Court should deny the motion.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Summary Judgement and grant Plaintiff any relief that this Court deems appropriate.

Friday, August 16, 2019                              */s/  Jeff Seldomridge*
                                                                    Jeff Seldomridge VSB # 89552
                                                                    The Miller Firm, LLC
                                                                    108 Railroad Ave.

>Orange, VA 22960
>Phone: (866) 529-3323
>Fax: (540) 672-3055
>jseldomridge@millerfirmllc.com
>*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on 16th of August, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

>*/s/ Jeff Seldomridge*
>Jeff Seldomridge