IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | CASE NO.: 1:14-ML-2570-RLY-TAB |

THIS DOCUMENT RELATES TO:

Julia Hope Roemer                                   Civil Case # 1:19-cv-01401

## MOTION TO VACATE ORDER OF DISMISSAL
## AND TO REINSTATE CASE

Pursuant to Fed. R. Civ. P. 60(b), Plaintiff Julia Hope Roemer moves this court to vacate its order dated July 24, 2019, dismissing her case (the "Order") and to reinstate Plaintiff's case. The Order is based on a mistake of fact – that Plaintiff failed to serve on Defendants her Case Categorization Form ("CCF") prior to entry of the Order. However, Ms. Roemer served a completed CCF on Defendants on July 12, 2019. *See* Exhibit A hereto. Further, under the circumstances, it would be unjust for Plaintiff's case to be dismissed, even without prejudice. Plaintiff's counsel discussed her case with Defendants' counsel at the Court's hearing on July 12 and complied with the Defendants' request to cure the delinquent CCF that day. And, if plaintiff is forced to refile her complaint months after her original filing date, she could face a statute-of-limitations argument by Defendants that she does not face with her original-filed complaint.

Accordingly, this Court should vacate the dismissal of Plaintiff's case and reinstate the original complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Background**

Roemer had a Celect IVC filter implanted on June 3, 2010. Her Celect filter subsequently failed, fracturing and perforating an adjacent structure.

On October 4, 2019, this Court entered its Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan. [Doc. 9322.] Therein, the Court ordered that the cases in the MDL be categorized by the MDL plaintiffs into one of seven categories for the preparation of a census of the filed cases and the selection of additional bellwether cases. On November 21, 2018, this Court entered its Order Regarding Case Categorization and Census (the "First Categorization Order") [Doc. 9638], requiring plaintiffs with cases filed in this MDL to serve Case Categorization Forms on Defendants by December 22, 2018. On January 17, 2019 – one week before Plaintiffs filed their action – this Court entered its Amended Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (the "First Amended Categorization Order") [Doc. 9956], extending the deadline to January 31, 2019, for plaintiffs who had failed to serve a Case Categorization Form.

Plaintiff filed her case in this MDL on April 5, 2019. [*See* 19-cv-1401.] At the time, none of the Court's prior orders regarding case categorization applied to cases that had not previously been filed; and, thus, the orders did not apply to Plaintiffs' suit.

On May 7, 2019, this Court entered its Revised Second Amended Order Regarding

Case Categorization Forms ("Second Amended Categorization Order") [Doc. 10617]. Therein, the Court ordered that cases that had not complied with the January 31 deadline (which did not apply to Plaintiffs' case) were to serve their Case Categorization Forms "within 15 days of the date of this Order." It further ordered for the first time that "newly-filed" actions must serve a Case Categorization Form, requiring forms "within 30 days of the filing of the Complaint or of the transfer date to this MDL, whichever is applicable." The order, however, defined "newly-filed" cases as those "filed as of May 3, 2019, or later." As Plaintiffs' lawsuit was filed on April 5, 2019, this provision did not apply to it either.

On June 24, Defendants moved to dismiss Plaintiff's case, among dozens of others, for the alleged failure to timely serve a CCF. [Doc. 11230.]

On June 11, 2019, Defendants submitted a proposed form of order that addressed their pending motion. [Doc. 11355.] Therein, Defendants proposed that any of the cases dismissed pursuant to their motion could be reinstated by filing a motion for reinstatement with a completed CCF within thirty days of entry of the order. [*Id.* at 1-2.]

On July 12, 2019, this Court held a hearing on several of Defendants' pending motions, including the motion to dismiss directed to Plaintiff Roemer's complaint. Plaintiff's counsel, John Dalimonte and Paul Stoller, appeared telephonically for the hearing. During the call, Plaintiff's counsel expressly discussed the *Roemer* case with defense counsel and informed counsel and the Court that the CCF was being served that day or, at the latest, by the following Monday (July 15). Defense counsel indicated that

would be acceptable and expressly referenced their proposed form of order [Doc. 11355].[1]

Plaintiff served her CCF on July 12, 2019, while the hearing was still in progress. [*See* Ex. A.] Further, based on Defendants' statements that (1) service that day (or the following Monday) was acceptable and (2) Defendants' submitted form of order would permit thirty days to remedy any delinquent CCFs within 30 days, counsel for Plaintiff did not argue to the Court regarding the motion to dismiss as directed to the *Roemer* case.

On July 23, 2019 – 11 days after Plaintiff served her CCF on Defendants – this Court entered its Order. [Doc. 10; 19-cv-01410.] Therein, the Court dismissed the *Roemer* case. However, unlike Defendants' proposed form of order, the Court's Order did not include the language permitting plaintiffs to serve a CCF and to file a motion to reinstate the case within thirty days of the order.

**II.     This Court Should Vacate the Order Dismissing the *Roemer* Complaint.**

Federal Rule of Civil Procedure 60(b) allows the court to relieve a party or its legal representative from a final judgment or order for "mistake, inadvertence…or excusable neglect." Rule 60(b)(6) further permits the court to do so for "any other reason that justifies relief." This relief must be sought within a reasonable time on motion and within one (1) year of entry of the order. Fed. R. Civ. P. 60(c) for mistake, inadvertence or excusable neglect. Furthermore, this rule, like all of the Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983).

---

[1] Of note, Plaintiff's counsel also expressly discussed with defense counsel and the Court several other cases and consented on the record to dismissal of those cases.

4

      A.      <u>The Dismissal of Plaintiff's Case Was a Mistake.</u>

As set forth in the above facts, Plaintiff timely served her CCF based on discussions of counsel. The CCF was served well before the Court's Order of July 23 and should have been removed by Defendants from the list of cases to be dismissed. Simply, her inclusion in the Order was a mistake based on the circumstances of events here: counsel for both sides expressly discussed her case and the timing of service of her CCF during the Court's telephonic hearing on July 12, Defendants informed Plaintiff's counsel that her CCF could be served that day (or by the following Monday), and Plaintiff served the CCF that day (and before the hearing was even completed). Plaintiff's counsel understood that her case would be removed from the Defendants' proposed form of order based on those events.

However, Plaintiff was nonetheless included in the list of cases dismissed by this Court's Order. Plaintiff's submit that was a mistake, and the Court should vacate the dismissal of Plaintiff's claim pursuant to Rule 60(b)(1). Rule 60(b)(1) provides for relief from final judgments that are the product of mistake, inadvertence, surprise or excusable neglect. This provision applies to errors by judicial officers as well as parties. *See Buggs v. Elgin, Joliet & Eastern Ry. Co.*, 852 F.2d 318, 322 (7th Cir.1988); *Bank of California v. Arthur Anderson & Co.*, 709 F.2d 1174, 1176 (7th Cir.1983).

      B.      <u>The Interests of Justice Demand Plaintiff's Case Be Reinstated.</u>

Additionally, this Court should vacate the dismissal of Plaintiff's case in the interests of justice. The circumstances preceding the dismissal of Plaintiff's case demonstrate that it would be a grave injustice to allow the dismissal of Plaintiff's case to stand. First, Plaintiff timely served her CCF based on the representations of Defendants'

counsel. Second, on their face, the Court's orders requiring service of CCFs did not apply to Plaintiff's case, which was filed in the window of cases not addressed by the Court's orders. Third, particularly under the circumstances here (including the foregoing reasons that the dismissal was unjust), the dismissal of Plaintiff's case could work injustice – subjecting her to a statute-of-limitations argument that she should not have to face given her timely filing of her complaint. Fourth, due to the timing of Plaintiff's service of her completed CCF, Defendants have suffered no prejudice.

We address each of these in turn:

1. <u>Defendants told Plaintiff that she could serve her CCF when she did.</u>

As set forth above, Plaintiff's counsel appeared for the telephonic hearing on July 12, 2019, specifically to address Ms. Roemer's claim. Upon appearing, Plaintiff's counsel discussed Ms. Roemer's case with counsel for Defendants and informed Defendant's counsel that Ms. Roemer's CCF would be served that day or the following Monday (the first day following the weekend after the Friday hearing) at the latest. Defense counsel indicated that was acceptable and specifically stated that the order Defendants had submitted for their Motion to Dismiss would provide Plaintiffs 30 days to serve their CCFs in any event. Based on those statements, Plaintiff did not argue further regarding her case. Indeed, Plaintiff served her CCF on Defendants while the July 12 hearing was still ongoing. [*See* Ex. A, served at 2:33 p.m. EDT.]

2. <u>The Court's Orders on CCFs did not apply to Plaintiff's suit.</u>

As set forth above, in light of the timing of the Court's orders and the filing of Plaintiff's complaint, the Court's orders regarding case-categorization do not apply to

6

Plaintiff's lawsuit. None of the Court's orders prior to Plaintiff's filing date applied to cases filed after those orders. The language of the Court's first three orders on Case Categorization Forms did not address future filings and only ordered service of Case Categorization Forms in those cases filed prior to the orders. The last of the orders entered prior to Plaintiffs' filing date, "Amended Order Regarding Plaintiffs' *Failure to Produce* Case Categorization Forms" (filed Jan. 17, 2019) (emphasis added), applied on its face to cases for which MDL plaintiffs had already failed to serve required forms. Plaintiffs had certainly not failed to produce a case categorization order, as their *case was not filed until eight days later*. Moreover, the order required Case Categorization Forms on January 31, 2019 – more than two months before Plaintiff's lawsuit was filed.

The only order after Plaintiffs filed their suit – the Court's Second Amended Categorization Order – set two different deadlines for two different categories of cases, but Plaintiffs' case did not fall within either category. First, the Court ordered that "Plaintiffs who have not complied with the January 31 deadline" were to serve their Case Categorization Forms "within 15 days of the date of this Order." Again, Plaintiff was not subject to the January 31 deadline and, thus, not subject to this provision of the order. Second, the Court ordered that "newly-filed" actions must serve a Case Categorization Form "within 30 days of the filing of the Complaint or of the transfer date to this MDL, whichever is applicable." But, the order defined "newly-filed" cases as those "filed as of May 3, 2019, or later." As a case filed on April 5, 2019, this provision also does not apply to Plaintiff's case.

Thus, Plaintiff's case fell in an area of filed cases that are simply not addresses by the Court's orders for Case Categorization Forms.

Because Plaintiff did not violate any of this Court's orders, there was no grounds for dismissal.

### 3. Dismissal of Plaintiff's case could work a harsh injustice.

In addition to the fact that Plaintiff did not violate an order applicable to her, dismissal of Plaintiff's case, even without prejudice, could work a harsh injustice on her.

Plaintiff timely filed her lawsuit within two years of the filter's failure. If Plaintiff has to refile after a dismissal without prejudice (which will cause a five to six month delay post her original filing date), Defendants will almost assuredly argue the statute-of-limitations argument has run between the original-complaint filing date and the filing of her new action. While Plaintiff does not believe that such an argument has merit (and that the discovery rule would compel a different accrual date), Plaintiff should not have to face that argument and the potential loss of her claim when she timely filed under any argument in the first instance; this is particularly true under these circumstances where she provided her CCF based on communication with Defendants' counsel and the orders in question do not apply to her case.

### 4. As the Result of Plaintiff's service of a completed CCF prior to dismissal, Defendants received all Information to which they were entitled and have suffered no prejudice from any delay.

Finally, as a result of Plaintiff's service of her CCF and supporting documents, Defendants have suffered no prejudice by the timing of Plaintiff's service of her materials even if the Second Amended Categorization Order applied to her case and service was late

under that Order. This is particularly true given that Plaintiff's lawsuit, like most cases in this MDL, is effectively stayed while common discovery and bellwether trials are ongoing. Defendants have received from Plaintiff all information required from her at this stage in the litigation. Further, due to the date of filing, Plaintiff's case was not eligible for selection as a bellwether case. Thus, there is no argument that the lack of a CCF removed the case from consideration as a bellwether trial in the Court's last selection.

Thus, Defendants have suffered no harm as a result of the timing of Plaintiff's service of her CCF.

**III.   Conclusion**

For the foregoing reasons, this Court should vacate its order dated July 24, 2019, as to the dismissal of Plaintiff's case and reinstate her case.

RESPECTFULLY SUBMITTED this 29th day of August 2019.

DALIMONTE RUEB STOLLER, LLP.

/s/ Paul L. Stoller
Paul L. Stoller (AZ Bar No. 016773)
*Admitted Pro Hac Vice*
2425 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
Ph: (602) 888-2807
paul@drlawllp.com

*Counsel for Plaintiff Julia Hope Roemer*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                            /s/   *Donna M. Berrios*