IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

# ORDER

Parties appeared by counsel August 29, 2019, for a telephonic status conference. The Court first addressed Defendants' request to update the bellwether trial orders. Defendants asked to extend certain protocols for *ex parte* contact with physicians to three new bellwether cases, as well as any additional bellwether cases that may be added. Plaintiffs opposed this, asserting that the *ex parte* contact that has occurred has resulted in improper advocacy, thereby potentially influencing physicians' opinions. Defendants proposed that counsel consider implementing certain parameters for future *ex parte* contacts in order to avoid any such concerns by all parties. The Court encouraged counsel to exchange and consider such parameters. The Court will address this issue, to the extent necessary, at the next telephonic status conference. The parties shall submit any proposed or agreed upon parameters to Courtroom Deputy Amy Holtz, via email, no later than noon on September 4, 2019.

The Court next addressed Defendants' request that the Court attempt to coordinate with an Ohio state court that has before it a motion to compel settlement and a motion for sanctions, which is set for a hearing in Ohio on September 5, 2019. This motion to compel and for sanctions necessarily implicates this Court's order on common benefit assessment for non-

participating counsel. [Filing No. 11297.] Defendants asked this Court to contact the state court judge prior to September 5 to discuss issues that overlap in the motion to compel and for sanctions and the order on common benefit assessment. The Court declined to do so for several reasons. First, this Court's common benefit assessment order is clear. Second, any communication this Court might attempt to have with the Ohio state court judge before the September 5 hearing might unnecessarily complicate resolution of matters pending before the state court. Third, this Court recognizes that, in some circumstances, coordination between a federal court handling an MDL and state courts handling similar cases may be appropriate. Indeed, Judge Young recently granted Defendants' motion for a coordination order [Filing No. 10537]. However, the specific terms of that order have not yet been issued, as apparently the parties are negotiating these terms. It is better to allow the parties to continue their discussions over that order and give Judge Young the opportunity to put a coordination order in place that he deems appropriate.

      Finally, the Court addressed possible amendments to the common benefit assessment order that may help avoid the foregoing disputes in the future. However, the parties admittedly have not had a full opportunity to address possible amendments before consideration by this Court. The parties shall work in good faith to agree upon any proposed amendments to the common benefit assessment order. The parties may file a motion seeking any such agreed upon amendments, or if agreement cannot be reached, the parties can jointly move for their respective, proposed amendments.

Date: 8/30/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel of record via the Court's ECF system.