# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

## <u>EXHIBIT B TO MOTION TO DISMISS</u>
## <u>NOTICE LETTERS</u>

### <u>Sub-Exhibit 1</u>

FAEGRE BAKER
DANIELS

FaegreBD.com

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 12, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Rhett A. McSweeney
MCSWEENEY LANGEVIN LLC
2116 2nd Avenue South
Minneapolis, MN 55404
ram@westrikeback.com

   **Re:**  Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Rhett A. McSweeney:

We received a Plaintiff Profile Sheet ("PPS") for Charles Uzzle ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7   Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8   Plaintiff failed to provide information regarding their children.
- II.9   Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10  Plaintiff failed to provide their highest level of education.
- II.11  Plaintiff failed to answer if they were claiming damages for lost wages.
- II.13.a Plaintiff failed to answer if they have filed for bankruptcy from 2 years prior to the date of their implant.
- II.15  Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16  Plaintiff failed to answer if they have a computer.
- II.17  Plaintiff failed to provide information regarding their social media accounts.
- VI.   Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VII.   Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1  Plaintiff failed to provide current age, height and/or weight.

- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3     Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.3      Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4      Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5      Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.

Rhett A. McSweeney                                                                                    6/12/2019

- X.6          Plaintiff failed to answer if they are in possession of any documents
               describing risks and/or benefits of Inferior Vena Cava Filters which they
               received before their procedure, including but not limited to any risks
               and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.9          Plaintiff failed to answer if they claim lost wages or lost earning capacity
               and, if so, produce copies of their Federal and State tax returns for the
               period beginning three years before you claim your wage loss began to the
               present date.
- X.10         Plaintiff failed to answer if they are in possession of any documents
               concerning payments on behalf of the injured party for medical treatment
               relating to the injuries claimed in this lawsuit, including, but not limited to
               any lien notices and documents which identify potential lien holders.
- *VP          Plaintiff failed to sign the verification page.
- *VC          Consortium Plaintiff failed to sign the verification page.

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case
Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ.
P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All
plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is
"complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P.
37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to
disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the
equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical
authorizations and produce all the medical records in their possession, among other documents, when
submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to
serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the
deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4,
¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for
Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and
produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case
pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If
the documents are too large to send as attachments to an e-mail, please submit them using the
following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not
limited to dismissal.

Rhett A. McSweeney                                                                6/12/2019

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

**<u>EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS</u>**

**<u>Sub-Exhibit 2</u>**

FaegreBD.com

# FAEGRE BAKER DANIELS

USA • UK • CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street • Suite 2700
Indianapolis • Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

## VIA E-MAIL AND FIRST CLASS MAIL

Douglass A. Kreis
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
dkreis@awkolaw.com; athane@awkolaw.com;
CRoberts@awkolaw.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Douglass A. Kreis:

We received a Plaintiff Profile Sheet ("PPS") for Lashonda Savage ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2    Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.5    Plaintiff failed to complete their social security number.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.

Douglass A. Kreis                                                                                6/7/2019

- II.17    Plaintiff failed to provide information regarding their social media accounts.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- VIII.1   Plaintiff failed to provide current age, height and/or weight.
- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3     Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.3      Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4      Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.

Douglass A. Kreis                                                                    6/7/2019

- X.5     Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- X.6     Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.9     Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- X.10    Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP     Plaintiff failed to sign the verification page.
- MA      Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Douglass A. Kreis

6/7/2019

Very truly yours,

Kip S.M. McDonald

Cc:   Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS**</u>

<u>**Sub-Exhibit 3**</u>

US.119355742.01

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

May 10, 2019

**VIA E-MAIL AND FIRST CLASS MAIL**

Richard J. Plezia
RICHARD J. PLEZIA & ASSOCIATES
2909 Hillcroft Ave.
Suite 575
Houston, TX 77057
rick@rplezialaw.com; thomas@rplezialaw.com

  **Re:** Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Richard J. Plezia:

We received a Plaintiff Profile Sheet ("PPS") for Shirley De Leonard ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a Plaintiff failed to provide their prior addresses.
- II.9 Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10 Plaintiff failed to provide their highest level of education.
- II.13 Plaintiff failed to provide their employment information.
- III.2 Plaintiff failed to provide the reason for the implant.
- III.8 Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- IV.1 Plaintiff failed to provide the date of retrieval.
- IV.2 Plaintiff failed to provide the type of retrieval.
- IV.3 Plaintiff failed to provide the name and address of the retrieval physician.
- IV.4 Plaintiff failed to provide the name and address of the facility where the retrieval procedure took place.
- IV.5 Plaintiff failed to provide the reason for the retrieval.
- V. Plaintiff failed to provide the outcome attributed to the device.

Richard J. Plezia                                                                                      5/10/2019

- VI.    Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VII.   Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.3 Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.6 Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.8 Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9 Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- *VP    Plaintiff failed to sign the verification page

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Richard J. Plezia                                                    5/10/2019

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION               MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS**</u>
<u>**NOTICE LETTERS**</u>

<u>**Sub-Exhibit 4**</u>

FaegreBD.com

## FAEGRE BAKER DANIELS

USA ▾ UK ▾ CHINA

---

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

May 16, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Richard J. Plezia
RICHARD J. PLEZIA & ASSOCIATES
2909 Hillcroft Ave.
Suite 575
Houston, TX 77057
rick@rplezialaw.com; thomas@rplezialaw.com

  **Re:**  Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Richard J. Plezia:

We received a Plaintiff Profile Sheet ("PPS") for Liinda Mull ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2   Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- III.8   Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- IV.1   Plaintiff failed to provide the date of retrieval.
- IV.2   Plaintiff failed to provide the type of retrieval.
- IV.3   Plaintiff failed to provide the name and address of the retrieval physician.
- IV.4   Plaintiff failed to provide the name and address of the facility where the retrieval procedure took place.
- IV.5   Plaintiff failed to provide the reason for the retrieval.
- VI.   Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VIII.8  Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9  Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.

Richard J. Plezia                                                    5/16/2019

- **X.1**      Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- **X.10**     Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

_____

**<u>EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS</u>**

**<u>Sub-Exhibit 5</u>**

FaegreBD.com

# FAEGRE BAKER
## DANIELS

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

May 10, 2019

## VIA E-MAIL AND FIRST CLASS MAIL

Richard J. Plezia
RICHARD J. PLEZIA & ASSOCIATES
2909 Hillcroft Ave.
Suite 575
Houston, TX 77057
rick@rplezialaw.com;  thomas@rplezialaw.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Richard J. Plezia:

We received a Plaintiff Profile Sheet ("PPS") for Henry Zeck ("Plaintiff").  However, it is devoid of any meaningful response to numerous sections, for example:

- II.2     Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.6.a     Plaintiff failed to provide their prior addresses.
- II.7     Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.11     Plaintiff failed to answer if they were claiming damages for lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.13.a     Plaintiff failed to answer if they have filed for bankruptcy from 2 years prior to the date of their implant.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.

Richard J. Plezia                                                              5/10/2019

- II.17    Plaintiff failed to provide information regarding their social media accounts.
- III.2    Plaintiff failed to provide the reason for the implant.
- III.5    Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- IV.1     Plaintiff failed to provide the date of retrieval.
- IV.2     Plaintiff failed to provide the type of retrieval.
- IV.3     Plaintiff failed to provide the name and address of the retrieval physician.
- IV.4     Plaintiff failed to provide the name and address of the facility where the retrieval procedure took place.
- IV.5     Plaintiff failed to provide the reason for the retrieval.
- V.       Plaintiff failed to provide the outcome attributed to the device.
- VI.      Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1   Plaintiff failed to provide current age, height and/or weight.
- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.

Richard J. Plezia                                                                                            5/10/2019

- VIII.14    Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1    Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2    Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3    Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.1    Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2    Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3    Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4    Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5    Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- X.6    Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Coo
- X.7    Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.
- X.8    Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.9    Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- X.10    Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP    Plaintiff failed to sign the verification page

Richard J. Plezia                                                                                    5/10/2019

- **MR**       Plaintiff failed to provide any medical records
- **MA**       Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:   Michael Heaviside - mheaviside@hrzlaw.com
      Ben Martin – bmartin@bencmartin.com
      David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS**</u>
<u>**NOTICE LETTERS**</u>

<u>**Sub-Exhibit 6**</u>

US.119355742.01

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

May 10, 2019

<u>**VIA E-MAIL AND FIRST CLASS MAIL**</u>

Richard J. Plezia
RICHARD J. PLEZIA & ASSOCIATES
2909 Hillcroft Ave.
Suite 575
Houston, TX 77057
rick@rplezialaw.com; thomas@rplezialaw.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Richard J. Plezia:

We received a Plaintiff Profile Sheet ("PPS") for Carl Chester ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- III.2      Plaintiff failed to provide the reason for the implant.
- III.8      Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- IV.1      Plaintiff failed to provide the date of retrieval.
- IV.2      Plaintiff failed to provide the type of retrieval.
- IV.3      Plaintiff failed to provide the name and address of the retrieval physician.
- IV.4      Plaintiff failed to provide the name and address of the facility where the retrieval procedure took place.
- IV.5      Plaintiff failed to provide the reason for the retrieval.
- V.      Plaintiff failed to provide the outcome attributed to the device.
- VI.      Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.2      Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

Richard J. Plezia                                                                        5/10/2019

- VIII.3      Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4      Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5      Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6      Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.8      Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9      Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10     Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1        Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2        Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3        Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP         Plaintiff failed to sign the verification page

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions.

Richard J. Plezia                                                                    5/10/2019

CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

**<u>EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS</u>**

**<u>Sub-Exhibit 7</u>**

US.119355742.01

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

May 10, 2019

<u>**VIA E-MAIL AND FIRST CLASS MAIL**</u>

Richard J. Plezia
RICHARD J. PLEZIA & ASSOCIATES
2909 Hillcroft Ave.
Suite 575
Houston, TX 77057
rick@rplezialaw.com; thomas@rplezialaw.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Richard J. Plezia:

We received a Plaintiff Profile Sheet ("PPS") for Randy Ellis ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2     Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.4     Plaintiff's representative failed to complete Plaintiff's date of death.
- II.5     Plaintiff failed to complete their social security number.
- II.6.a   Plaintiff failed to provide their prior addresses.
- II.7     Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10   Plaintiff failed to provide their highest level of education.
- II.11   Plaintiff failed to answer if they were claiming damages for lost wages.
- II.13   Plaintiff failed to provide their employment information.
- II.13.a  Plaintiff failed to answer if they have filed for bankruptcy from 2 years prior to the date of their implant.
- II.14   Plaintiff failed to answer if they have ever served in the military.

Richard J. Plezia                                                                    5/10/2019

- II.15   Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16   Plaintiff failed to answer if they have a computer.
- II.17   Plaintiff failed to provide information regarding their social media accounts.
- III.8   Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- IV.1   Plaintiff failed to provide the date of retrieval.
- IV.2   Plaintiff failed to provide the type of retrieval.
- IV.3   Plaintiff failed to provide the name and address of the retrieval physician.
- IV.4   Plaintiff failed to provide the name and address of the facility where the retrieval procedure took place.
- IV.5   Plaintiff failed to provide the reason for the retrieval.
- V.   Plaintiff failed to provide the outcome attributed to the device.
- VI.   Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VII.   Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1   Plaintiff failed to provide current age, height and/or weight.
- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.

Richard J. Plezia                                                                                    5/10/2019

- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1  Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2  Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3  Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.1  Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2  Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3  Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.10  Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP  Plaintiff failed to sign the verification page
- MA  Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Richard J. Plezia                                                          5/10/2019

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

**<u>EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS</u>**

**<u>Sub-Exhibit 8</u>**

US.119355742.01

## FAEGRE BAKER DANIELS

---

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

May 16, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Richard J. Plezia
RICHARD J. PLEZIA & ASSOCIATES
2909 Hillcroft Ave.
Suite 575
Houston, TX 77057
rick@rplezialaw.com; thomas@rplezialaw.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Richard J. Plezia:

We received a Plaintiff Profile Sheet ("PPS") for Leonard Anderson ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2    Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.13    Plaintiff failed to provide their employment information.
- III.5    Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- IV.1    Plaintiff failed to provide the date of retrieval.
- IV.2    Plaintiff failed to provide the type of retrieval.
- IV.3    Plaintiff failed to provide the name and address of the retrieval physician.
- IV.4    Plaintiff failed to provide the name and address of the facility where the retrieval procedure took place.
- IV.5    Plaintiff failed to provide the reason for the retrieval.
- VI.    Plaintiff failed to provide how the outcome(s) attributed to the device was determined.

Richard J. Plezia                                                                                  5/16/2019

- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- *VP    Plaintiff failed to sign the verification page

As a result, Plaintiff is in violation of discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS**</u>
<u>**NOTICE LETTERS**</u>

<u>**Sub-Exhibit 9**</u>

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

<u>**VIA E-MAIL AND FIRST CLASS MAIL**</u>

Debra J. Humphrey
MARC J. BERN & PARTNERS, LLP
60 East 42nd St.
Suite 950
New York, NY 10165
Dhumphrey@bernllp.com; acolella@bernllp.com;
aterron@bernllp.com; anunez@bernllp.com; jluna@bernllp.com;
kwang@bernllp.com

**Re:**   Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Debra J. Humphrey:

We received a Plaintiff Profile Sheet ("PPS") for Ezill Brown ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2     Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10   Plaintiff failed to provide their highest level of education.
- II.13   Plaintiff failed to provide their employment information.
- III.8   Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- IV.2    Plaintiff failed to provide the type of retrieval.
- IV.3    Plaintiff failed to provide the name and address of the retrieval physician.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.2  Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

Debra J. Humphrey                                                                6/7/2019

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.3       Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4       Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5       Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- X.6       Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.7       Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

Debra J. Humphrey                                                          6/7/2019

- X.10    Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- MA      Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND     Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION     MDL No. 2570

_____

**<u>EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS</u>**

**<u>Sub-Exhibit 10</u>**

US.119355742.01

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA • UK • CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street • Suite 2700
Indianapolis • Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 12, 2019

<u>**VIA E-MAIL AND FIRST CLASS MAIL**</u>

David M. Langevin
MCSWEENEY LANGEVIN LLC
2116 Second Avenue South
Minneapolis, MN 55404
dave@westrikeback.com; jon@westrikeback.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear David M. Langevin:

We received a Plaintiff Profile Sheet ("PPS") for Neal Aycock ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.13.a    Plaintiff failed to answer if they have filed for bankruptcy from 2 years prior to the date of their implant.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.

David M. Langevin                                                                                              6/12/2019

- **III.8**  Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- **IV.1**  Plaintiff failed to provide the date of retrieval.
- **IV.2**  Plaintiff failed to provide the type of retrieval.
- **IV.3**  Plaintiff failed to provide the name and address of the retrieval physician.
- **IV.4**  Plaintiff failed to provide the name and address of the facility where the retrieval procedure took place.
- **IV.5**  Plaintiff failed to provide the reason for the retrieval.
- **VII.**  Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- **VIII.1**  Plaintiff failed to provide current age, height and/or weight.
- **VIII.2**  Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- **VIII.3**  Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- **VIII.4**  Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- **VIII.5**  Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- **VIII.6**  Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- **VIII.7**  Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- **VIII.8**  Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- **VIII.9**  Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- **VIII.10**  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- **VIII.11**  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- **VIII.12**  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- **VIII.13**  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- **VIII.14**  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- **IX.1**  Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- **IX.2**  Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.

David M. Langevin                                                                                6/12/2019

- IX.3        Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.8         Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.9         Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- *VP         Plaintiff failed to sign the verification page.
- MA          Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

David M. Langevin

6/12/2019

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:   Michael Heaviside - mheaviside@hrzlaw.com
      Ben Martin – bmartin@bencmartin.com
      David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

**EXHIBIT B TO MOTION TO DISMISS**
**NOTICE LETTERS**

**Sub-Exhibit 11**

## FAEGRE BAKER
### DANIELS

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

<u>**VIA E-MAIL AND FIRST CLASS MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for Linda Goss ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).

Basil E. Adham                                                                                      6/7/2019

- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3     Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.3      Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4      Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5      Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- X.6      Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).

Basil E. Adham                                                                      6/7/2019

- X.10    Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP     Plaintiff failed to sign the verification page.
- MA      Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                     Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                      MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS**</u>

<u>**Sub-Exhibit 12**</u>

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

May 16, 2019

<u>**VIA E-MAIL AND FIRST CLASS MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for David Billiet ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VI.    Plaintiff failed to provide how the outcome(s) attributed to the device was determined.

Basil E. Adham                                                                    5/16/2019

- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.1       Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2       Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3       Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.

Basil E. Adham                                                                                           5/16/2019

- **X.4** Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- **X.5** Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- **X.6** Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Coo
- **X.7** Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.
- **X.8** Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- **X.9** Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- **X.10** Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- **\*VP** Plaintiff failed to sign the verification page
- **MA** Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions.

Basil E. Adham                                                                    5/16/2019

CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS          Case No. 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES AND                 MDL No. 2570
PRODUCTS LIABILITY LITIGATION

_____

<u>**EXHIBIT B TO MOTION TO DISMISS**</u>
<u>**NOTICE LETTERS**</u>

<u>**Sub-Exhibit 13**</u>

FaegreBD.com

## FAEGRE BAKER
### DANIELS

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

May 16, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Jeff Seldomridge
THE MILLER FIRM LLC
108 Railroad Avenue
Orange, VA 22960
jseldomridge@millerfirmllc.com; pemery@millerfirmllc.com

      **Re:**     Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Jeff Seldomridge:

We received a Plaintiff Profile Sheet ("PPS") for Steven Adams ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VI.    Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.

Jeff Seldomridge                                                                                                    5/16/2019

- VIII.1   Plaintiff failed to provide current age, height and/or weight.
- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3     Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- MA       Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical

Jeff Seldomridge                                                                            5/16/2019

authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

———————————————————————

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND      Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION      MDL No. 2570

———————————————————————

<u>**EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS**</u>

<u>**Sub-Exhibit 14**</u>

FaegreBD.com

# FAEGRE BAKER
## DANIELS

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

<u>**VIA E-MAIL AND FIRST CLASS MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for Thomas Kemper ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.

Basil E. Adham                                                                                    6/7/2019

- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1   Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2   Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3   Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.3   Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4   Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5   Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.

Basil E. Adham                                                                                        6/7/2019

- X.6   Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.8   Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.10   Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP   Plaintiff failed to sign the verification page.
- MA   Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Basil E. Adham                                                                6/7/2019

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS**</u>
<u>**NOTICE LETTERS**</u>

<u>**Sub-Exhibit 15**</u>

FaegreBD.com

## FAEGRE BAKER DANIELS

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

  **Re:** Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for Cindy Orange ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5  Plaintiff failed to complete their social security number.
- II.7  Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8  Plaintiff failed to provide information regarding their children.
- II.9  Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10  Plaintiff failed to provide their highest level of education.
- II.11  Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12  Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13  Plaintiff failed to provide their employment information.
- II.14  Plaintiff failed to answer if they have ever served in the military.
- II.15  Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16  Plaintiff failed to answer if they have a computer.
- II.17  Plaintiff failed to provide information regarding their social media accounts.
- VII.  Plaintiff failed to describe all injuries and physical complaints they attribute to the device.

Basil E. Adham                                                                                          6/7/2019

- VIII.1   Plaintiff failed to provide current age, height and/or weight.
- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1   Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2   Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3   Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.3   Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4   Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5   Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.

Basil E. Adham                                                          6/7/2019

- X.6    Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.7    Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.
- *VP    Plaintiff failed to sign the verification page.
- MA    Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Basil E. Adham                                                                                          6/7/2019

Cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS       
MARKETING, SALES PRACTICES AND        Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION        MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS**</u>
<u>**NOTICE LETTERS**</u>

<u>**Sub-Exhibit 16**</u>

**FAEGRE BAKER DANIELS**

FaegreBD.com

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Douglass A. Kreis
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street
Suite 200
Pensacola, FL 32502
dkreis@awkolaw.com; athane@awkolaw.com;
CRoberts@awkolaw.com

**Re:** Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Douglass A. Kreis:

We received a Plaintiff Profile Sheet ("PPS") for Phyllis Earley ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7   Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8   Plaintiff failed to provide information regarding their children.
- II.9   Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10   Plaintiff failed to provide their highest level of education.
- II.11   Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12   Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13   Plaintiff failed to provide their employment information.
- II.13.a   Plaintiff failed to answer if they have filed for bankruptcy from 2 years prior to the date of their implant.
- II.14   Plaintiff failed to answer if they have ever served in the military.
- II.15   Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16   Plaintiff failed to answer if they have a computer.
- II.17   Plaintiff failed to provide information regarding their social media accounts.

Douglass A. Kreis                                                                          6/7/2019

- VIII.1  Plaintiff failed to provide current age, height and/or weight.
- VIII.2  Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.6  Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7  Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8  Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9  Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10 Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11 Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.13 Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14 Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1  Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2  Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3  Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.1  Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2  Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3  Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4  Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5  Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.

Douglass A. Kreis                                                                                      6/7/2019

- X.6   Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.7   Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.
- X.8   Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.9   Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- X.10   Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP   Plaintiff failed to sign the verification page.
- MA   Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

Douglass A. Kreis                                                    6/7/2019

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald


Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS**</u>
<u>**NOTICE LETTERS**</u>

<u>**Sub-Exhibit 17**</u>

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for Margaret Woolever ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.13.a    Plaintiff failed to answer if they have filed for bankruptcy from 2 years prior to the date of their implant.
- II.13.b    Plaintiff failed to provide the year bankruptcy was filed and if the trustee has been notified of their pending claim.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.

Basil E. Adham                                                                                     6/7/2019

- II.17    Plaintiff failed to provide information regarding their social media accounts.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1   Plaintiff failed to provide current age, height and/or weight.
- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3     Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.3      Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.

Basil E. Adham                                                                                                6/7/2019

- X.4      Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5      Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- X.6      Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.8      Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.10     Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP      Plaintiff failed to sign the verification page.
- MA       Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Basil E. Adham                                                                                          6/7/2019

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS**</u>

<u>**Sub-Exhibit 18**</u>

US.119355742.01

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 18, 2019

<u>**VIA E-MAIL AND FIRST CLASS MAIL**</u>

Jeff Seldomridge
THE MILLER FIRM LLC
108 Railroad Avenue
Orange, VA 22960
jseldomridge@millerfirmllc.com; pemery@millerfirmllc.com

  **Re:**  Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Jeff Seldomridge:

We received a Plaintiff Profile Sheet ("PPS") for Jeremiah Beck ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7   Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8   Plaintiff failed to provide information regarding their children.
- II.9   Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10   Plaintiff failed to provide their highest level of education.
- II.11   Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12   Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13   Plaintiff failed to provide their employment information.
- II.14   Plaintiff failed to answer if they have ever served in the military.
- II.15   Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16   Plaintiff failed to answer if they have a computer.
- II.17   Plaintiff failed to provide information regarding their social media accounts.
- IV.5   Plaintiff failed to provide the reason for the retrieval.
- V.   Plaintiff failed to provide the outcome attributed to the device.

Jeff Seldomridge                                                                                    6/18/2019

- VI.        Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VII.       Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1     Plaintiff failed to provide current age, height and/or weight.
- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3     Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4     Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5     Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6     Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7     Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8     Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9     Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10    Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11    Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12    Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13    Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14    Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1       Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2       Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3       Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.9        Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- *VP        Plaintiff failed to sign the verification page.
- MA         Plaintiff failed to provide signed medical authorizations.

Jeff Seldomridge                                                                  6/18/2019

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:   Michael Heaviside - mheaviside@hrzlaw.com
      Ben Martin – bmartin@bencmartin.com
      David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

**EXHIBIT B TO MOTION TO DISMISS**
**NOTICE LETTERS**

**Sub-Exhibit 19**

FaegreBD.com

## FAEGRE BAKER
## DANIELS

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

## VIA E-MAIL AND FIRST CLASS MAIL

Andrew F. Kirkendall
KIRKENDALL DWYER LLP
4343 Sigma Road
Suite 200
Dallas, TX 75244
ak@kirkendalldwyer.com; akirkendall@kirkendalldwyer.com;
adwyer@kirkendalldwyer.com; anelson@kirkendalldwyer.com;
cmcnabb@kirkendalldwyer.com

**Re:**     Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Andrew F. Kirkendall:

We received a Plaintiff Profile Sheet ("PPS") for Henry Marshall ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2     Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.5     Plaintiff failed to complete their social security number.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.

Andrew F. Kirkendall                                                                 6/7/2019

- VII.       Plaintiff failed to describe all injuries and physical complaints they attribute to the device.

- VIII.1     Plaintiff failed to provide current age, height and/or weight.

- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

- VIII.3     Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).

- VIII.4     Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.

- VIII.6     Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.

- VIII.7     Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).

- VIII.8     Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.

- VIII.9     Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.

- VIII.10    Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.

- VIII.11    Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.

- VIII.12    Plaintiff failed to answer and describe if they were seeking damages for emotional distress.

- IX.1       Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.

- IX.2       Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.

- *VP        Plaintiff failed to sign the verification page.

- MA         Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions.

Andrew F. Kirkendall                                                                            6/7/2019

CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald


Cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

---

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

**EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS**

**Sub-Exhibit 20**

US.119355742.01

FaegreBD.com

## FAEGRE BAKER
## DANIELS

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

<u>**VIA E-MAIL AND FIRST CLASS MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

  **Re:** Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for Diane Burleson ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2 Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.5 Plaintiff failed to complete their social security number.
- II.6.a Plaintiff failed to provide their prior addresses.
- II.7 Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8 Plaintiff failed to provide information regarding their children.
- II.9 Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10 Plaintiff failed to provide their highest level of education.
- II.13 Plaintiff failed to provide their employment information.
- II.13.a Plaintiff failed to answer if they have filed for bankruptcy from 2 years prior to the date of their implant.
- II.13.b Plaintiff failed to provide the year bankruptcy was filed and if the trustee has been notified of their pending claim.
- II.14 Plaintiff failed to answer if they have ever served in the military.

Basil E. Adham                                                                                    6/7/2019

- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- III.5    Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- III.6    Plaintiff failed to provide the name and address of the placement physician.
- III.7    Plaintiff failed to provide the name and address of the facility where the implant procedure took place.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- IV.1    Plaintiff failed to provide the date of retrieval.
- IV.2    Plaintiff failed to provide the type of retrieval.
- IV.3    Plaintiff failed to provide the name and address of the retrieval physician.
- IV.4    Plaintiff failed to provide the name and address of the facility where the retrieval procedure took place.
- IV.5    Plaintiff failed to provide the reason for the retrieval.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10    Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11    Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12    Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13    Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.

Basil E. Adham                                                                                            6/7/2019

- VIII.14 Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1 Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2 Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3 Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP Plaintiff failed to sign the verification page.
- MA Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Basil E. Adham                                                                                    6/7/2019

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald


Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS  
MARKETING, SALES PRACTICES AND   Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION    MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS**</u>
<u>**NOTICE LETTERS**</u>

<u>**Sub-Exhibit 21**</u>

**FAEGRE BAKER DANIELS**

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

> **Re:**   Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for Gail Kingsland ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5     Plaintiff failed to complete their social security number.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1   Plaintiff failed to provide current age, height and/or weight.
- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

Basil E. Adham                                                                                      6/7/2019

- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3     Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP      Plaintiff failed to sign the verification page.
- MA       Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical

Basil E. Adham                                                                    6/7/2019

authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS**</u>

<u>**Sub-Exhibit 22**</u>

US.119355742.01

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

<u>**VIA E-MAIL AND FIRST CLASS MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

   **Re:**  Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for Damon Good ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7  Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8  Plaintiff failed to provide information regarding their children.
- II.9  Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10  Plaintiff failed to provide their highest level of education.
- II.11  Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12  Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13  Plaintiff failed to provide their employment information.
- II.14  Plaintiff failed to answer if they have ever served in the military.
- II.15  Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16  Plaintiff failed to answer if they have a computer.
- II.17  Plaintiff failed to provide information regarding their social media accounts.
- III.1  Plaintiff failed to provide the date of implant.
- III.2  Plaintiff failed to provide the reason for the implant.

Basil E. Adham                                                                                        6/7/2019

- III.3     Plaintiff failed to provide the brand name.

- III.4     Plaintiff failed to provide the manufacturing number of the implant.

- III.5     Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.

- III.6     Plaintiff failed to provide the name and address of the placement physician.

- III.7     Plaintiff failed to provide the name and address of the facility where the implant procedure took place.

- III.8     Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.

- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.

- VIII.1    Plaintiff failed to provide current age, height and/or weight.

- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).

- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.

- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).

- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.

- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).

- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.

- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.

- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.

- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.

- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.

- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.

- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.

- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.

- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.

Basil E. Adham                                                                 6/7/2019

- IX.3   Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.1    Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2    Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3    Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4    Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5    Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- X.6    Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.7    Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.
- X.8    Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.9    Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- X.10   Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP    Plaintiff failed to sign the verification page.
- MA     Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is

Basil E. Adham                                                                                              6/7/2019

"complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND               Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                MDL No. 2570

_____

<u>**EXHIBIT B TO MOTION TO DISMISS**</u>
<u>**NOTICE LETTERS**</u>

<u>**Sub-Exhibit 23**</u>

US.119355742.01

FaegreBD.com

## FAEGRE BAKER DANIELS

USA ▾ UK ▾ CHINA

---

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Craig D. Rosenbaum
ROSENBAUM & ROSENBAUM, P.C.
100 Wall Street
15th Floor
New York, NY 10005
cr@rosenbaumnylaw.com; kk@rosenbaumnylaw.com;
ec@rosenbaumnylaw.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Craig D. Rosenbaum:

We received a Plaintiff Profile Sheet ("PPS") for Ruchelle Walker ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2    Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.13.a    Plaintiff failed to answer if they have filed for bankruptcy from 2 years prior to the date of their implant.
- II.13.b    Plaintiff failed to provide the year bankruptcy was filed and if the trustee has been notified of their pending claim.
- II.14    Plaintiff failed to answer if they have ever served in the military.

Craig D. Rosenbaum                                                                 6/7/2019

- II.15   Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16   Plaintiff failed to answer if they have a computer.
- II.17   Plaintiff failed to provide information regarding their social media accounts.
- III.5   Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- III.8   Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- VIII.1   Plaintiff failed to provide current age, height and/or weight.
- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1   Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2   Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3   Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.

Craig D. Rosenbaum                                                      6/7/2019

- X.1        Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2        Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3        Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4        Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5        Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- X.6        Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.7        Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.
- X.8        Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.9        Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- X.10       Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when

Craig D. Rosenbaum                                                    6/7/2019

submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald


Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

---

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

**<u>EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS</u>**

**<u>Sub-Exhibit 24</u>**

FaegreBD.com

# FAEGRE BAKER
## DANIELS

USA ▾ UK ▾ CHINA

---

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

## VIA E-MAIL AND FIRST CLASS MAIL

T. Aaron Stringer
LOWE LAW GROUP
6028 So. Ridgeline Drive
Suite 200
Ogden, UT 84405
aaron@lowelawgroup.com; nate@lowelawgroup.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear T. Aaron Stringer:

We received a Plaintiff Profile Sheet ("PPS") for Sandra Yerman ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10   Plaintiff failed to provide their highest level of education.
- II.11   Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12   Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13   Plaintiff failed to provide their employment information.
- II.14   Plaintiff failed to answer if they have ever served in the military.
- II.15   Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16   Plaintiff failed to answer if they have a computer.
- II.17   Plaintiff failed to provide information regarding their social media accounts.
- VIII.3  Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).

T. Aaron Stringer                                                                                                    6/7/2019

- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.3       Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4       Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5       Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- X.6       Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.8       Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.9       Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.

T. Aaron Stringer                                                                                      6/7/2019

- X.10    Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP     Plaintiff failed to sign the verification page.
- MA      Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                  Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                   MDL No. 2570

_____

**<u>EXHIBIT B TO MOTION TO DISMISS
NOTICE LETTERS</u>**

**<u>Sub-Exhibit 25</u>**

# FAEGRE BAKER
## DANIELS

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

## VIA E-MAIL AND FIRST CLASS MAIL

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for Betty Poteat ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2     Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.5     Plaintiff failed to complete their social security number.
- II.6.a   Plaintiff failed to provide their prior addresses.
- II.7     Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10   Plaintiff failed to provide their highest level of education.
- II.11   Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12   Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13   Plaintiff failed to provide their employment information.
- II.14   Plaintiff failed to answer if they have ever served in the military.
- II.15   Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16   Plaintiff failed to answer if they have a computer.

Basil E. Adham                                                                    6/7/2019

- II.17    Plaintiff failed to provide information regarding their social media accounts.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10    Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11    Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12    Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13    Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14    Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1    Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2    Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3    Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP    Plaintiff failed to sign the verification page.
- MA    Plaintiff failed to provide signed medical authorizations.

Basil E. Adham                                                                                    6/7/2019

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald


Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com