IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to
Plaintiffs:

David Billiet, 1:18-cv-2697

Damon Good, 1:19-cv-1711

Gail Kingsland, 1:19-cv-1645

---

**EXHIBIT A – Notice Letters**

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

May 16, 2019

**VIA E-MAIL AND FIRST CLASS MAIL**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for David Billiet ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VI.    Plaintiff failed to provide how the outcome(s) attributed to the device was determined.

Basil E. Adham                                                                                      5/16/2019

- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.1       Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2       Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3       Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.

Basil E. Adham                                                                          5/16/2019

- **X.4**  Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.

- **X.5**  Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.

- **X.6**  Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Coo

- **X.7**  Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

- **X.8**  Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

- **X.9**  Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.

- **X.10**  Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.

- **\*VP**  Plaintiff failed to sign the verification page

- **MA**  Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions.

Basil E. Adham                                                                                    5/16/2019

CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

FaegreBD.com

# FAEGRE BAKER DANIELS

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

**Re:**  Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for Damon Good ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7  Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8  Plaintiff failed to provide information regarding their children.
- II.9  Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10  Plaintiff failed to provide their highest level of education.
- II.11  Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12  Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13  Plaintiff failed to provide their employment information.
- II.14  Plaintiff failed to answer if they have ever served in the military.
- II.15  Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16  Plaintiff failed to answer if they have a computer.
- II.17  Plaintiff failed to provide information regarding their social media accounts.
- III.1  Plaintiff failed to provide the date of implant.
- III.2  Plaintiff failed to provide the reason for the implant.

Basil E. Adham                                                                                                    6/7/2019

- III.3     Plaintiff failed to provide the brand name.

- III.4     Plaintiff failed to provide the manufacturing number of the implant.

- III.5     Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.

- III.6     Plaintiff failed to provide the name and address of the placement physician.

- III.7     Plaintiff failed to provide the name and address of the facility where the implant procedure took place.

- III.8     Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.

- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.

- VIII.1    Plaintiff failed to provide current age, height and/or weight.

- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).

- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.

- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).

- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.

- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).

- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.

- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.

- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.

- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.

- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.

- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.

- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.

- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.

- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.

Basil E. Adham                                                                          6/7/2019

- IX.3    Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.1    Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2    Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3    Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4    Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5    Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- X.6    Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.7    Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.
- X.8    Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.9    Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- X.10    Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP    Plaintiff failed to sign the verification page.
- MA    Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is

Basil E. Adham                                                                      6/7/2019

"complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:    Michael Heaviside - mheaviside@hrzlaw.com
       Ben Martin – bmartin@bencmartin.com
       David Matthews – dmatthews@thematthewslawfirm.com

FaegreBD.com

# FAEGRE BAKER DANIELS

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

June 07, 2019

## VIA E-MAIL AND FIRST CLASS MAIL

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for Gail Kingsland ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5    Plaintiff failed to complete their social security number.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

Basil E. Adham                                                                    6/7/2019

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP       Plaintiff failed to sign the verification page.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical

Basil E. Adham                                                                              6/7/2019

authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald

Cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com