# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Brand v. Cook Medical, Inc. et al.,*
Case No. 1:14-cv-06018-RLY-TAB

### DECLARATION OF ANDREA PIERSON RELATING TO
### THE COOK DEFENDANTS' MOTION FOR NEW TRIAL

I am an attorney at Faegre Baker Daniels LLP and lead trial counsel for the Cook Defendants in the above-captioned matter, and I have personal knowledge of the matters discussed in this declaration.

1. On September 10, 2019, I received an email that Courtroom Deputy Tina Doyle had sent to the attorneys for both parties seeking a copy of Plaintiff's Exhibit 1913 from the *Brand v. Cook* trial. I sent Ms. Doyle a copy of the exhibit, as did Plaintiff's attorneys. These two versions forwarded to the Court were different. I submit this declaration to clarify how the different versions of Exhibit 1913 were presented and treated at trial.

2. Early in the trial, during the testimony of Dr. Krumholz, Plaintiff's attorneys offered a completely unredacted version of Exhibit 1913 as an exhibit. This is the version of the exhibit that Plaintiff's attorneys sent to Ms. Doyle in response to her email. This version of Exhibit 1913 was never admitted into evidence. A true and correct copy of this version of the unredacted exhibit is attached to this Declaration as Exhibit A.

- 2 -

3. When Plaintiff's attorney offered the unredacted Exhibit 1913, I objected to the admission of the exhibit on several grounds on behalf of Cook.  During the bench discussion with the Court, I pointed out that the exhibit referred to the MDL proceedings a number of times, and Plaintiff's attorney agreed that those MDL references should be redacted and did so manually with a black pen.  With that concession, the Court overruled my objections and admitted the Exhibit.  These discussions appear at pages 494:13-496:22 and 502:4-503:11 of the trial transcript.  This version of Exhibit 1913 was the version shown to the jury during the trial.

4. At the close of the evidence, as the parties were preparing the exhibits to go to the jury room with the jury, the attorneys for the parties agreed that Exhibit 1913 as submitted to the jury would omit references to products other than the Celect IVC filter, the product at issue in the *Brand* case.  The parties created a new version of Exhibit 1913, which redacted both (1) references to the MDL litigation and (2) references to the Tulip, the Celect Platinum, and other Cook products.  This is the version of the exhibit that I sent to Ms. Doyle in response to her email.  A true and correct copy of this exhibit (with the MDL *and* other product redactions) is attached to this Declaration as Exhibit B.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed on September 18, 2018.

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2019, a copy of the foregoing Declaration of Andrea Pierson Relating to the Cook Defendants' Motion for New Trial was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone:   (317) 237-0300
Andrea.Pierson@FaegreBD.com