**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to 46 Category 6 and 7 Cases
(Listed in Exhibit A by Cause Number Order)

**COOK DEFENDANTS' OMNIBUS**
**MOTION FOR SUMMARY JUDGMENT**
**IN 46 MISCATEGORIZED NO INJURY CASES**

For the reasons set forth fully in the accompanying memorandum, the Cook Defendants[1] move for summary judgment with respect to the 46 cases filed by the plaintiffs listed in **Exhibit A** and ask the Court to enter judgment in those cases because the Categorization Forms and supporting records they submitted fail to demonstrate that any legally cognizable injury occurred in those cases.

The motion covers a non-exhaustive list of three types of "no injury" cases: (1) 27 cases where the only claimed complication is tilt, which is not a cognizable injury under applicable case law and the Court's categorization framework (the "Tilt-Only Cases"); (2) ten cases where the medical records submitted demonstrate only that the Plaintiff received a filter and do not support any of the claimed complications/injuries selected in the accompanying Case Categorization Form (the "Placement-Only Cases"); and (3) nine cases where the medical records demonstrate that the filter was successfully removed percutaneously on the first attempt

---

[1] As used in this memorandum, "Cook" and "the Cook Defendants" refer to Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS.

without indication of any legally cognizable injury while the filter was in the Plaintiff's body or in connection with the retrieval process (the "Successfully Removed Filter Cases").

The terms of dismissal should be the same as those recently used for the dismissal of Category 1 and Category 2 cases:

(1) In the nine Successfully Removed Filter Cases, the dismissal should be with prejudice.

(2) In the 27 Tilt-Only Cases and ten Placement-Only Cases where it appears that the filter remains placed in the Plaintiff's body, the dismissal should be with prejudice as to all claims, injuries, complications, and outcomes alleged in Plaintiffs' short-form complaints, PPS forms, and Categorization Forms to date. With respect to re-filing in the event of a future injury, the Court should allow re-filing only in the Southern District of Indiana within the applicable statute of limitations period.

Respectfully Submitted,

Dated: October 1, 2019

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone:    (317) 237-0300
Andrea.Pierson@FaegreBD.com
Jessica.Cox@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone:    (260) 424-8000
Stephen.Bennett@FaegreBD.com

*Attorneys for the Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2019, a copy of the foregoing **COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT IN 46 MISCATEGORIZED NO INJURY CASES** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*