UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This document relates to:

RAUL CARILLO

Civil Case # 1:17-cv-02819-RLY-TAB

**PLAINTIFF RAUL CARILLO'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS**

Cook has moved for summary judgment on 144 cases, relying solely on a spreadsheet of its own creation as evidence. Because the "date of injury" on the spreadsheet does not accurately reflect when Mr. Carillo discovered his injury, Cook is incorrect that this case is time-barred. Mr. Carillo timely filed his claims.

**Burden of Proof on Affirmative Defense**

"A party pleading a statute of limitations bears the burden of proving the suit was commenced beyond the statutory time allowed. . . . However, a party who relies on facts in avoidance of a statute of limitations has the burden of proving those facts. *T.C.S. by State, Dept. of Pub. Welfare v. Ellis*, 576 N.E.2d 633, 634 (Ind. Ct. App. 1991). Summary judgment is inappropriate where a "question of fact exists as to when [a] plaintiff knew or could have discovered that an injury had been sustained as a result of the tortious act of another". *Page v. Hines*, 594 N.E.2d 485, 487 (Ind. Ct. App. 1992) (citing *Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559 (Ind. 1992)).

In the event Texas's statute of limitations applies, "When an opponent to a summary judgment based on a statute of limitations pleads discovery of the cause of action as the ground for 'tolling' the statute, the movant still has the burden to negate why the statute should not have been tolled." *Gregg v. Galo*, 720 S.W.2d 116, 119 (Tex. App. 1986).

### Relevant facts

Mr. Carillo was implanted with a Cook Filter on August 14, 2007. Affidavit of Raul Carillo, ¶3, attached as **Exhibit 1**. He had a CT scan of his abdomen and pelvis in March 2015 but was not informed that he had any perforation or his vena cava, which is the injury at issue in this litigation. *See id.* at ¶ 4; DE 11726-1, p. 7 (PDF p. 8). He was informed of this perforation in 2019. Exhibit 1, ¶ 5.

In support of his claims, Plaintiff's counsel provided Cook with the imaging study from 2015. There was no representation that Mr. Carillo discovered his injury on that date, or that any of his treating physicians informed him of any findings on that CT scan. The spreadsheet attached to Cook's Motion is therefore incorrect. It notes a "diagnosis" of 2015, simply because Plaintiff's counsel provided Cook with a CT scan from 2015.

### Argument

Cook has not supplied this Court with any evidence that Mr. Carillo was actually informed of any diagnosis of vena cava perforation more than two years prior to filing this lawsuit. Cook has the burden of proof to show that this case is time-barred. *T.C.S., supra; Gregg, supra.* It has not done so, but even if the Court were to assume that its inaccurate spreadsheet were "evidence," Plaintiff has submitted evidence proving facts in avoidance of the statute of limitations, i.e. that Mr. Carillo did not discover his injury in 2015. At the very least, this evidence raises a question of material fact that cannot be resolved at summary judgment.

Cook's argument is based on a correct statement of Indiana law, but an incorrect application of it. "[T]he date upon which a plaintiff 'discovered facts which, in the exercise of ordinary diligence, should lead to the discovery of [causation] and resulting injury, is often a question of fact.'" *Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (citation omitted, bracket in original). Cook suggests that all 144 plaintiffs addressed in its motion were "armed with" information of their injuries that would put them on notice that the Cook Filter caused harm. DE 11726, p. 13. However, Mr. Carillo did not possess this information because his physicians did not inform him that he had a vena cava perforation. Without this information, he could not, through any degree of diligence, discover the cause of an injury about which he was unaware. Under these circumstances, summary judgment must be denied.

The same result would hold if Cook's defense were raised under Texas law (as it argues in the alternative). *Pavich v. Zimmer, Inc.*, 157 F.3d 903 (5th Cir. 1998), cited in Cook's Memorandum, does not support its position. *Pavich* notes that the discovery rule applies where the "nature of the injury" is not visible to the naked eye, not the result of a sudden trauma, and not "readily discernable through palpation." *Id.* In these circumstances, the statute begins to run when the plaintiff should know of his injury. *Id.* It cannot be said that a plaintiff should know of his injury when he has attended medical appointments but has not been informed of his injury by the only professionals who are competent to diagnose it. *Accord Haussecker v. Childs*, 935 S.W.2d 930, 935 (Tex. App. 1996) (aff'd 974 S.W.2d 31 (Tex. 1998) ("Discovery of the 'nature' of an injury ... must include knowledge sufficient to determine whether the injury is a temporary sickness or a permanent condition, and should include some medical confirmation upon diligent inquiry.")

## Conclusion

There is no evidence that Mr. Carillo was diagnosed with any health condition relevant to her claims more than two years prior to filing his lawsuit. His case was timely filed and Cook's Motion should be denied.

Dated:   October 2, 2019

/s/ Joseph R. Johnson
Joseph R. Johnson, #372250, FL
BABBITT & JOHNSON, P.A.
Suite 100
1641 Worthington Road
West Palm Beach, FL  33409
Tel:  (561) 684-2500
Fax: (561) 684-6308
jjohnson@babbitt-johnson.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Joseph R. Johnson
Joseph R. Johnson