UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This document relates to:

DIANNA COLEMAN

Civil Case No: 1-16-cv-2894

## PLAINTIFF DIANA COLEMAN'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS

Cook has moved for summary judgment on 144 cases, relying solely on a spreadsheet of its own creation as evidence. Because the "date of injury" on the spreadsheet does not accurately reflect when Ms. Coleman discovered his injury, Cook is incorrect that this case is time-barred. Ms. Coleman timely filed her claims.

### Burden of Proof on Affirmative Defense

"A party pleading a statute of limitations bears the burden of proving the suit was commenced beyond the statutory time allowed. . . . However, a party who relies on facts in avoidance of a statute of limitations has the burden of proving those facts. *T.C.S. by State, Dept. of Pub. Welfare v. Ellis*, 576 N.E.2d 633, 634 (Ind. Ct. App. 1991). Summary judgment is inappropriate where a "question of fact exists as to when [a] plaintiff knew or could have discovered that an injury had been sustained as a result of the tortious act of another". *Page v. Hines*, 594 N.E.2d 485, 487 (Ind. Ct. App. 1992) (citing *Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559 (Ind. 1992)).

## Relevant facts

Ms. Coleman was implanted with a Cook Filter on November 11, 2011. Affidavit of Diana Coleman, ¶3, attached as **Exhibit 1**. There was one attempt to remove the filter on September 12, 2012, which was unsuccessful. *Id.*, ¶4. She was never informed that the filter perforated her vena cava. *Id.*, ¶5.

In support of his claims, Plaintiff's counsel provided Cook with the imaging study from 2012. There was no representation that Ms. Coleman discovered her injury on that date, or that any of her treating physicians informed her of any findings on that CT scan. The spreadsheet attached to Cook's Motion is therefore incorrect. It notes a "diagnosis" of 2012, simply because that is the date that a physician attempted to remove the filter.

## Argument

Cook has not supplied this Court with any evidence that Ms. Coleman was actually informed of any diagnosis of vena cava perforation more than two years prior to filing this lawsuit. Cook has the burden of proof to show that this case is time-barred. *T.C.S., supra.*. It has not done so, but even if the Court were to assume that its inaccurate spreadsheet were "evidence," Plaintiff has submitted evidence proving facts in avoidance of the statute of limitations, i.e. that Ms. Coleman did not discover her injury in 2012. At the very least, this evidence raises a question of material fact that cannot be resolved at summary judgment.

Cook's argument is based on a correct statement of Indiana law, but an incorrect application of it. "[T]he date upon which a plaintiff 'discovered facts which, in the exercise of ordinary diligence, should lead to the discovery of [causation] and resulting

injury, is often a question of fact.'" *Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (citation omitted, bracket in original). Cook suggests that all 144 plaintiffs addressed in its motion were "armed with" information of their injuries that would put them on notice that the Cook Filter caused harm. DE 11726, p. 13. However, Ms. Coleman did not possess this information because her physicians did not inform her that she had a vena cava perforation. Without this information, she could not, through any degree of diligence, discover the cause of an injury about which she was unaware.

The knowledge possessed by any plaintiff in this MDL must be analyzed in light of the nature of the claims. The basis of these lawsuits is that Cook did not provide sufficient information to doctors that its filters were associated with excessive perforations, particularly perforations of the vena cava. The learned intermediary doctrine will apply in these cases, under which the manufacturer's duty to warn flows to a physician rather than the patient. *See Walton v. Bayer Corp.*, 643 F.3d 994, 999-1000 (7th Cir. 2011). No matter how diligent Plaintiff was in seeking information, her information was limited by what was available to her physician. Because Cook failed to provide physicians with sufficient information to advise patients that adverse events were due to defects with the Cook filter, plaintiffs were prevented from discovering the cause of their injuries. Under these circumstances, summary judgment must be denied.

## Conclusion

There is no evidence that Ms. Coleman was diagnosed with any health condition relevant to her claims more than two years prior to filing his lawsuit. Her case was timely filed and Cook's Motion should be denied.

Dated: October 2, 2019          /s/ Joseph R. Johnson
                                             Joseph R. Johnson, #372250, FL
                                             BABBITT & JOHNSON, P.A.
                                             Suite 100
                                             1641 Worthington Road
                                             West Palm Beach, FL  33409
                                             Tel: (561) 684-2500
                                             Fax: (561) 684-6308
                                             jjohnson@babbitt-johnson.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which wills end notification of such filing to the CM/ECF participants registered to receive service in this MDL.


                                             /s/ Joseph R. Johnson
                                             Joseph R. Johnson