UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This document relates to:

HEIDI BOATNER

Civil Case # 1:15-cv-01187

## PLAINTIFF HEIDI BOATNER'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS

Cook has moved for summary judgment on 144 cases, relying solely on a spreadsheet of its own creation as evidence. Because the "date of injury" on the spreadsheet does not accurately reflect when Ms. Boatner discovered her injury, Cook is incorrect that this case is time-barred. Ms. Boatner timely filed his claims.

### Burden of Proof on Affirmative Defense

"A party pleading a statute of limitations bears the burden of proving the suit was commenced beyond the statutory time allowed. . . . However, a party who relies on facts in avoidance of a statute of limitations has the burden of proving those facts. *T.C.S. by State, Dept. of Pub. Welfare v. Ellis*, 576 N.E.2d 633, 634 (Ind. Ct. App. 1991). Summary judgment is inappropriate where a "question of fact exists as to when [a] plaintiff knew or could have discovered that an injury had been sustained as a result of the tortious act of another". *Page v. Hines*, 594 N.E.2d 485, 487 (Ind. Ct. App. 1992) (citing *Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559 (Ind. 1992)).

In the event Texas's statute of limitations applies, "When an opponent to a summary judgment based on a statute of limitations pleads discovery of the cause of action as the ground for 'tolling' the statute, the movant still has the burden to negate why the statute should not have been tolled." *Gregg v. Galo*, 720 S.W.2d 116, 119 (Tex. App. 1986).

## Relevant facts

Ms. Boatner was implanted with two different Cook filters: one on July 15, 2009 and one on May 29, 2010. Affidavit of Heidi Boatner, ¶¶3-4, attached as **Exhibit 1**. The second one was removed on September 20, 2010. *See id.* at ¶5; DE 11726-1, p. 7 (PDF p. 8). She was informed around that time that the filter had perforated the "caval wall." Her treating physician advised her that this was an ordinary complication, which suggested that this perforation was not related to any defect or irregularity in the filter. Exhibit 1, ¶5. In 2014 she learned that the filter was perforating her vena cava, and that this was not an ordinary complication but was instead an adverse event that happened excessively with Cook filters. *Id.*, ¶¶5-6.

## Argument

Cook has the burden of proof to show that this case is time-barred. *T.C.S., supra; Gregg, supra*. It has not done so, but even if the Court were to assume that its inaccurate spreadsheet were "evidence," Plaintiff has submitted evidence proving facts in avoidance of the statute of limitations, i.e. that Ms. Boatner did not discover her injury until 2014. The relevant injury is the excessive perforations that form the basis for this lawsuit. At most, Cook can show that there was some perforation of the caval wall in 2010, which would not have put Ms. Boatner on notice that she had an injury for

purposes of this lawsuit. At the very least, Plaintiff's evidence raises a question of material fact that cannot be resolved at summary judgment.

Cook's argument is based on a correct statement of Indiana law, but an incorrect application of it. "[T]he date upon which a plaintiff 'discovered facts which, in the exercise of ordinary diligence, should lead to the discovery of [causation] and resulting injury, is often a question of fact.'" *Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (citation omitted, bracket in original). Cook suggests that all 144 plaintiffs addressed in its motion were "armed with" information of their injuries that would put them on notice that the Cook Filter caused harm. DE 11726, p. 13. However, Ms. Boatner did not possess this information because her physicians did not inform her that anything pertaining to the filter was out of the ordinary. Without this information, she could not, through any degree of diligence, discover the cause of an injury.

The knowledge possessed by any plaintiff in this MDL must be analyzed in light of the nature of the claims. The basis of these lawsuits is that Cook did not provide sufficient information to doctors that its filters were associated with excessive perforations, particularly perforations of the vena cava. The learned intermediary doctrine will apply in these cases, under which the manufacturer's duty to warn flows to a physician rather than the patient. *See Walton v. Bayer Corp.*, 643 F.3d 994, 999-1000 (7th Cir. 2011). No matter how diligent Plaintiff was in seeking information, his information was limited by what was available to her physician. Because Cook failed to provide physicians with sufficient information to advise patients that adverse events were excessive, and were due to defects with the Cook filter, plaintiffs were prevented

from discovering the cause of their injuries. Under these circumstances, summary judgment must be denied.

The same result would hold if Cook's defense were raised under Texas law (as it argues in the alternative). *Pavich v. Zimmer, Inc.*, 157 F.3d 903 (5th Cir. 1998), cited in Cook's Memorandum, does not support its position. *Pavich* notes that the discovery rule applies where the "nature of the injury" is not visible to the naked eye, not the result of a sudden trauma, and not "readily discernable through palpation." *Id.* In these circumstances, the statute begins to run when the plaintiff should know of his injury. *Id.* It cannot be said that a plaintiff should know of her injury when she has attended medical appointments but has not been informed of her injury by the only professionals who are competent to diagnose it. *Accord Haussecker v. Childs*, 935 S.W.2d 930, 935 (Tex. App. 1996) (aff'd 974 S.W.2d 31 (Tex. 1998) ("Discovery of the 'nature' of an injury … must include knowledge sufficient to determine whether the injury is a temporary sickness or a permanent condition, and should include some medical confirmation upon diligent inquiry.")

## Conclusion

There is no evidence that Ms. Boatner was diagnosed with any health condition relevant to her claims more than two years prior to filing his lawsuit. Her case was timely filed and Cook's Motion should be denied.

Dated:   October 2, 2019

_/s/ Joseph R. Johnson_
Joseph R. Johnson, #372250, FL
BABBITT & JOHNSON, P.A.
Suite 100
1641 Worthington Road
West Palm Beach, FL  33409
Tel:  (561) 684-2500
Fax: (561) 684-6308
jjohnson@babbitt-johnson.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

_/s/ Joseph R. Johnson_
Joseph R. Johnson