UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This document relates to:

TERESA LOOSE

Civil Case # 1:16-cv-3399

### PLAINTIFF TERESA LOOSE'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS

Cook has moved for summary judgment on 144 cases, relying solely on a spreadsheet of its own creation as evidence. Because the "date of injury" on the spreadsheet is not an actual date of injury, and because the date listed is a mistake in Teresa Loose's case, Cook is incorrect that this case is time-barred. Ms. Loose timely filed her claims.

### Burden of Proof on Affirmative Defense

"A party pleading a statute of limitations bears the burden of proving the suit was commenced beyond the statutory time allowed. . . . However, a party who relies on facts in avoidance of a statute of limitations has the burden of proving those facts. *T.C.S. by State, Dept. of Pub. Welfare v. Ellis*, 576 N.E.2d 633, 634 (Ind. Ct. App. 1991). Summary judgment is inappropriate where a "question of fact exists as to when [a] plaintiff knew or could have discovered that an injury had been sustained as a result of

the tortious act of another". *Page v. Hines*, 594 N.E.2d 485, 487 (Ind. Ct. App. 1992) (citing *Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559 (Ind. 1992)).

### **Relevant facts**

Ms. Loose had CT scans in 2010, 2012, and 2016. In 2017 she was informed that, based on a read of the 2016 scan, she had a perforation of her vena cava, and furthermore that the perforation was related to her Cook Gunther Tulip filter. *See* Affidavit of Teresa Loose, ¶__, attached as **Exhibit 1**. She had never been diagnosed with such a perforation before. *Id.*

In support of her claims, Ms. Loose's counsel provided the required Case Categorization Forms to defense counsel, along with the CT scans and reports from those scans. Because all of the CT scans from 2010 to 2016 were on the same disc, Plaintiff's counsel mistakenly printed the 2010 scan, rather than the relevant 2016 scan, when providing these forms. The Amended Case Categorization Form notes the date of diagnosis as February 2016 (attached as **Exhibit 2**). *See also* Affidavit of Joseph Johnson (counsel for Plaintiff) attached as **Exhibit 3**.

The spreadsheet attached to Cook's Motion is incorrect. It notes a "diagnosis" of 2010, simply because Plaintiff's counsel provided Cook with a CT scan from 2010. That scan was not diagnostic of any relevant health condition. The 2016 scan was. Plaintiff filed her lawsuit in 2016.

### **Argument**

Cook has not supplied this Court with any evidence that Ms. Loose was diagnosed with a vena cava perforation before 2016. In lieu of evidence, it has provided its own "summary," in the form of a spreadsheet. However, that summary is not derived

from any evidence of a diagnosis prior to 2016. The actual document that Ms. Loose submitted in support of her claim show a diagnosis of 2016.

Cook has the burden of proof to show that this case is time-barred. *T.C.S., supra.* It has not done so, but even if the Court were to assume that its inaccurate spreadsheet were "evidence," Plaintiff has submitted evidence proving facts in avoidance of the statute of limitations, i.e. that there was no diagnosis prior to 2016. At the very least, this evidence raises a question of material fact that cannot be resolved at summary judgment.

The same result would hold if Cook's defense were raised under Michigan law (as it argues in the alternative). Even under the strictest reading of *Trentadue v. Gorton*, 738 N.W.2d 664 (Mich. 2007) Ms. Loose's cause of action accrued no earlier than 2016, the earliest indication of any health condition related to her filter. She filed her case the same year.

### Conclusion

There is no evidence that Ms. Loose was diagnosed with any health condition relevant to her claims prior to 2016. Her case was timely filed and Cook's Motion should be denied.

Dated:   October 2, 2019

/s/ Joseph R. Johnson
Joseph R. Johnson, #372250, FL
BABBITT & JOHNSON, P.A.
Suite 100
1641 Worthington Road
West Palm Beach, FL  33409
Tel:  (561) 684-2500
Fax: (561) 684-6308
jjohnson@babbitt-johnson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Joseph R. Johnson
Joseph R. Johnson