UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This Document Relates To:<br>Sandy Carpenter | Civil Case # 1:18-CV-00928 |

### PLAINTIFF SANDY CARPENTER'S RESPONSE IN OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS [DOCS. 11725 AND 11726]

Plaintiff Sandy Carpenter ("Carpenter') responds in opposition to Defendants' Renewed Omnibus Motion for Summary Judgment and Memorandum in Support of Omnibus Motion for Summary Judgment based on Applicable Statute of Limitations [sic] from Five States (Docs. 11725 and 11726) ("Motion") as it relates to Carpenter's Complaint.  This Court should deny the Motion as to Carpenter.

Substantively, the Motion rests on a false factual premise: that Plaintiff claims that there was a problem with her Celect filter on or about October 22, 2014.  That is simply not true.  Defendants identify the October 22, 2014, date as the "date of injury" for Carpenter because she served imaging taken on that date with her Case Categorization Form ("CCF").  But, Carpenter does not claim (and has never claimed) that her filter had failed at that time.  Rather, Carpenter submitted multiple images over time of her Celect IVC filter with her CCF to demonstrate the failure of her filter.  The October 22, 2014,

1

image of Carpenter's Celect filter demonstrates the filter intact and in place in Plaintiff's inferior vena cava ("IVC") on that date; that image is the baseline, demonstrating the location of her IVC filter when it was intact and in place, it is not evidence of failure or harm at that time. In contrast, the image of Plaintiff's filter on April 22, 2016, shows the filter significantly migrated (cranially) and tilted as compared to the October 22, 2014, image; April 22, 2016, is the earliest known date of the filter's failure, not October 2014. Carpenter's claim was timely filed on March 21, 2018, within two years of April 22, 2016.

Procedurally, Defendants' Motion is improper: it relies on the contents of Carpenter's CCF to provide the (erroneous) factual basis for its argument. The CCF, as approved by this Court, expressly precludes use of the CCF for any purpose other than "complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only." Thus, Defendants' use of the CCF and information provided therewith in their Motion is improper.

Accordingly, this Court should deny Defendants' Motion as directed to Plaintiff.

## I.      Relevant Facts and Procedural Background

Plaintiff is one of 144 cases listed in Exhibit A to Defendants' Motion. Plaintiff Carpenter was implanted with a Cook Celect Platinum filter on December 18, 2012. *See* Plaintiff Carpenter's Controverting Statement of Facts ("CSOF"), filed contemporaneously herewith, ¶1. Imaging of Plaintiff was taken on October 22, 2014. *Id.* ¶ 2. That imaging demonstrates the Celect IVC filter in place and intact. *Id.*

2

On January 5, 2015, Carpenter had another image taken that includes her Celect IVC filter. *Id.* ¶ 3. Again, that imaging demonstrates the Celect IVC filter in place and intact. *Id.*

On April 22, 2016, Plaintiff had another scan of her IVC filter. *Id.* ¶ 4. <u>That image demonstrates that the IVC filter had migrated in the IVC toward her heart and significantly tilted as compared to the position of the filter in October 2014.</u> *Id.* Defendants have presented no evidence of any filter failure (migration, tilt, or otherwise) or injury to Plaintiff at an earlier date. Plaintiff was not aware of any problem with her IVC filter prior to April 22, 2016. *Id.* ¶ 5.

Based on the April 2016 imaging, Plaintiff filed her complaint in this litigation on March 21, 2018. As required by the Court's order regarding case categorization (Doc. 9322), she served Defendants with her CCF on December 21, 2018; with the CCF, she provided the imaging of her Celect filter on three dates stated above (October 22, 2014, January 5, 2015, and April 22, 2016) to demonstrate the change in location of her IVC filter. *Id.* ¶ 4. Specifically, the migration and tilt of Plaintiff's Celect IVC filter on April 22, 2016, is demonstrated by the comparison to its location in the earlier two images.

/ / /

/ / /

**II.     Summary Judgment Is Inappropriate for the *Carpenter* Complaint; This Court Should Deny Defendants' Motion.**

A.     Plaintiff Carpenter's Claim Is Timely Under the Statute of Limitations.

Defendants' Motion as directed to Carpenter is based solely on Defendants' contention that, by submitting an October 22, 2014, image with her CCF, Plaintiff Carpenter is somehow claiming that she was injured on that date. That, however, is not Plaintiff's claim, and the purported October 22, 2014, date of injury is not an undisputed fact. In fact, the filter image does not support a claim that there was any filter failure or injury as of that date. Nor is there any admissible evidence – let alone undisputed evidence – that Carpenter claims she was injured (or that her claims accrued) as of that date or knew or reasonably should have known that she was injured on that date. To the contrary, the only undisputed fact is that Carpenter had an image on October 22, 2014, which showed her Celect IVC filter to be intact and in position. It was not until April 22, 2016, that Carpenter's Celect IVC filter failed. Thus, at a minimum (and based on Cook's factually erroneous claim of injury date), the date of the Celect filter's failure and her injury (let alone the accrual of Carpenter's claims) are, at a minimum, disputed. For purposes of Defendants' Motion, the date of injury is April 22, 2016 – well within two years of Carpenter's filing date.

1.     This Court's standard on summary judgment

Summary judgment is only appropriate when no genuine issues of material fact exist and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In applying this standard, "[t]he evidence of the non-movant is to be believed, and all justifiable

inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Thus, if a reasonable trier of fact could find in favor of the non-moving party, summary judgment is improper. *Id.* at 248.

Here, those facts are that Plaintiff had an image taken on October 22, 2014. That image shows her Celect IVC filter in place and intact at the time. Plaintiff had another image taken on January 5, 2015. That image also shows her Celect IVC filter to be in place and intact on that date. Plaintiff had a third image taken on April 22, 2016. That image shows that her Celect IVC filter had moved from its location of implantation in her IVC toward her heart and tilted significantly. There is no evidence of filter failure or any related injury to Plaintiff prior to that date. And, Plaintiff was not aware of any problem related to her filter prior to that date.

2.    Texas law on statute of limitations[1]

It is undisputed that Texas law applies to Carpenter's claim. *See* Motion, Ex. A. Under Texas law, a plaintiff must commence a suit for personal injuries within two years after the day the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code § 16.003. As the accrual date in section 16.003(a) is not defined by statute, the courts are charged with the responsibility of articulating the rules governing accrual. *See, e.g., S.V. v. R.V.*, 933

---

[1] Plaintiff recognizes that, in its renewed Motion, Cook contends that the Indiana statute of limitations applies to her claim; Plaintiff disagrees. Regardless, Texas and Indiana law on the statute of limitations are substantially the same as it relates to Plaintiffs' products-liability claim: both statutes are two years and have a liberal discovery rule. *See* Ind. Code § 34-20-3-1 (two-year statute of limitations on products claims); *Degussa Corp. v. Mullens*, 744 N.E.2d 407 (In. 2001) (recognizing discovery rule on products cases). Thus, the result of the application of the statute is the same under the laws of both states: Plaintiff's claim is timely.

S.W.2d 1, 4 (Tex. 1996). In most cases, a cause of action accrues when a wrongful act causes an injury. *See S.V.*, 933 S.W.2d at 4. However, in those cases when "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable," the discovery rule applies. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1994). Under that rule, a cause of action does not accrue until a plaintiff knows or, through the exercise of reasonable care and diligence, "should have known of the wrongful act and resulting injury." *S.V.*, 933 S.W.2d at 4 (citing *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994)).

3.    <u>Plaintiff's claims were timely filed.</u>

Here, in the first instance, the Court need not analyze the discovery rule. The evidence viewed in the light most favorable to Plaintiff Carpenter is that her filter did not suffer any failure (and Plaintiff did not suffer any injury) on October 22, 2014. While Defendants posit that as the accrual date for Plaintiff's claim, the image on which they base that contention (solely because Plaintiff provided it with her CCF) shows the Celect IVC filter in place and intact. Indeed, the subsequent image of the filter dated January 5, 2015, also shows her filter in place and intact. It is not until April 22, 2016, that an image shows the filter out of position and significantly tilted. Defendants have not presented any evidence – admissible or otherwise – that the filter had failed prior to that date.

Plaintiff filed her lawsuit on March 21, 2018 – well within the two-year anniversary of the April 22, 2016, imaging. Thus, her claim was timely under Tex. Civ. Prac. & Rem. Code § 16.003 (and under Ind. Code § 34-20-3-1).

6

Further, even if the October 22, 2014, image somehow demonstrated a filter failure (which it does not), this Court would need to look to the discovery rule to determine whether Plaintiff knew or reasonable should have known at that time of an injury. *S.V.*, 933 S.W.2d at 4. There is absolutely no evidence, however, that she knew or reasonably should have known that her filter had failed or was the cause of any injury at that time. Plaintiff herself testified via her declaration (submitted with Plaintiff's CSOF) that no doctor told her that there was any problem with her IVC filter prior to April 22, 2016, and she was not aware that her filter had migrated or tilted. CSOF ¶ 6. Nor was she aware of any physical symptoms that she would have attributed to her IVC filter. *Id.* ¶ 7. Thus, even if Defendants contend that the October 22, 2014, image demonstrates injury (which, it does not), there is an issue of fact for resolution by the jury. *See Childs v. Haussecker*, 974 S.W.2d 31, 44-45 (Tex. 1998) ("Inquiries involving the discovery rule usually entail questions for the trier of fact."; holding issues of fact as to when plaintiff knew or should have known that he/she was injured and the cause of the injury precluded summary judgment on statute of limitations); *Lyons v. Richmond Community Sch. Corp.*, 19 N.E.3d 254, (In. 2014) (Indiana Supreme Court: "the application of the discovery rule necessarily involves questions of fact").

B.    Defendants' Motion is Procedurally Improper.

Defendants' Motion is procedurally improper. In contravention of the CCF form itself and this Court's orders, Defendants rely on Carpenter's CCF and information as the basis for its Motion as directed to her. Use of the CCF in that manner is inappropriate both because of the express limitations this Court placed on the use of the CCF and also because

the Court has stayed litigation and discovery in non-bellwether individual cases.  Thus, the

Motion is based both on inadmissible evidence and an incomplete and misleading record.

When requesting the Court to order plaintiffs to serve CCFs, Defendants claimed

the "goal" of the forms was "to properly categorize cases and draw bellwether cases from

those categories." [Doc. 8913, ECF P. 55986.]  To that end, the CCF expressly states that

it "is for the purpose of complying with the Court's Order on the Cook Defendant's Motion

for Screening Order and Bellwether Selection Plan only and is not admissible and is not to

be considered relevant for any other purpose."   (Emphasis added.)   Nonetheless,

Defendants' Motion relies exclusively on Carpenter's CCF for its basis despite the fact the

Court has already ordered this evidence to be inadmissible and irrelevant.  *See* Doc. 9638-

1, at ECF p. 64997-64998; *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016) (summary

judgment evidence must be admissible at trial).

Further, Defendants' reliance on a single piece of information – taken out of context

from Carpenter's CCF – demonstrates why summary judgment is improper at this time.

With the exception of the bellwether cases, discovery and all proceedings have been stayed

in all individual cases.  There has been no opportunity for individual Plaintiffs to develop

their evidence or to provide context for isolated facts that Defendants attempt to pluck from

forms whose only purpose is to organize and categorize cases.  While Defendants' Motion

spends considerable space excoriating MDL plaintiffs' counsel for filing cases that

Defendants claim lack merit, it is Defendants who have attempted to deprive plaintiffs of

their day in Court by repeatedly asking the Court to require plaintiffs to provide the same

information again and again in a game of "gotcha" to procedure plaintiffs out of court

without the opportunity to prove their case.  Defendants' Motion is the culmination of those

efforts: taking out of context one piece of evidence (and without even individual argument

as to Plaintiff Carpenter's case) and attempting to have the Court decide individual cases

on the merits in batches rather than on their own facts.

Carpenter's case demonstrates the impropriety and injustice of Defendants' attempt.

In addition to the improper use of the CCF (which it represented to the Court, and the Court

ordered, was solely for another purpose), Defendants take a single "fact" – that Carpenter

had a scan on a specific date and provided the records for that scan with her CCF – and

attempt to bootstrap that into the definitive accrual date of Plaintiff's claim.  As set forth

above, this is factually inaccurate – both as to when the filter failed and the accrual date of

Plaintiff's claim.  It highlights exactly why Defendants' attempt is improper: individual

cases must be decided on individual facts and in the context of discovery in the actual case,

and fact discovery has not proceeded in any non-bellwether individual case.

## III.   Conclusion

For the foregoing reasons, this Court should deny Defendants' motion for summary

judgment as to Plaintiff Sandy Carpenter.

9

Respectfully Submitted:  October 2, 2019.

DALIMONTE   RUEB   STOLLER,
LLP.

/s/  Paul L. Stoller
Paul L. Stoller (AZ Bar No. 016773)
*Admitted Pro Hac Vice*
2425 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
Ph: (602) 888-2807
paul@drlawllp.com

*Counsel for Plaintiff Sandy Carpenter*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.


/s/ Donna M. Berrios