IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS        MDL NO. 2570
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:
**KELLY M. DEVINE**
**Case No. 1:19-cv-811**

## PLAINTIFF KELLY DEVINE'S RESPONSE IN OPPOSITION TO DEFENDANT COOK MEDICAL'S OMINIBUS MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff Kelly Devine ("Plaintiff"), through the undersigned counsel, and for his Response in Opposition to the Defendant Cook Medical's ("Cook" or "Defendant") Omnibus Motion for Summary Judgment, states as follows:

### INTRODUCTION

Plaintiff Kelly Devine alleges in his Short Form Complaint that he was implanted with a Cook Gunther Tulip Inferior Vena Cava Filter ("Cook filter" or "IVC filter"). *See* Plaintiff's Short Form Complaint, Doc. No. 1, at 1-3. Plaintiff alleges that he was implanted with the Cook filter in Ann Arbor, Michigan on October 22, 2007, and has suffered injuries therefrom. *See id.* at 3-4. Subsequently, Plaintiff filed the lawsuit pending in this Court on February 25, 2019. *See id.* at 1.

Cook addresses choice of law issues regarding the applicable personal injury statute of limitations and the subsequent effect on the viability of Plaintiff's other claims. *See generally* Defendant's Memorandum, Doc. No. 11726. Plaintiffs will agree that Indiana procedural law applies to this Motion. Should this Court determine that Michigan procedural law applies to this Motion, the result is the same, in that, the Motion should be denied. Plaintiff disagrees that the injuries suffered are time barred and therefore disagree to that effect on all remaining claims. Additionally, Cook makes baseless claims that Plaintiff and Plaintiff's counsel have pursued

1

meritless claims with hopes of their cases being swept in to a global settlement. *See id.* Not only are such claims disingenuous and made to dramatize the burden on Defendants, they are completely false. It is improper for Defendant to bring a case-specific or individualized challenge to the statute of limitations through this Omnibus Motion. Regardless, Defendant has failed to sustain its burden as specifically relating to Plaintiff. For these reasons alone, Defendant's Motion should be denied.

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Plaintiff's Statement of Material Facts are as follows:

1. Cook has not taken Plaintiff's deposition in any capacity regarding this litigation. *See generally* Defendant's Memorandum, Doc. No. 11726.

2. Cook has not taken the deposition of Plaintiff's treating physicians, implanting physician, or any other physician charged with his care related to his IVC filter. *See id.*

3. Plaintiff filed, contemporaneously with this Response, his Motion to Amend and Add Claims, and Leave to File his First Amended Short Form Complaint ("motion for leave"). *See* Doc. No.11964. For the sake of brevity and to avoid repetition, Plaintiff incorporates and adopts all allegations, facts, and arguments in his motion for leave as if fully set forth herein. *See id.* Specifically, Plaintiff's motion for leave seeks to add a claim for fraudulent concealment which tolls the Statute of Limitations, and to incorporate allegations of new injuries caused by the IVC filter that were sustained within the Statute of Limitations. *See id.*

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Cook's so-called statement of undisputed facts, as alleged in its memorandum of law in support of this Motion, does not support summary judgment. *See* Doc. No. 11726, at 5-9. In response to Cook's statement of undisputed facts, Plaintiffs state the following:

2

1.      On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs admit.

2.      Through subsequent orders, the Court set deadlines (and later gave multiple extensions) and adopted the form that plaintiffs were required to use. *See* Orders, Dkts. 9638, 9907 & 10617. In pertinent part, the Case Categorization From (Dkt. 9638-1) stated that "plaintiff[s] may select more than one of the seven categories outlined in the Categorization Form, with the understanding that only the 'highest' alleged category will be considered for purposes of the census ordered by the Court" and that "each category alleged requires a specific medical record." *See* Dkt. 9638-1.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs admit.

3.      The Categorization Form further required that counsel certify that "the categorization is based on a review of the available medical records including imaging reports and records" and that "submission of the specific medical record(s) … are counsel's certification that the outcome, complication, or injury represented in [the Form] is the proper categorization for Plaintiff's case to the best of counsel's knowledge and belief.". *Id*. at 4.

3

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs admit.

4.     All Plaintiffs listed in Exhibit A have provided Categorization Forms and supporting records, and they are categorized in the census in Categories 3 to 7. Category 1 cases were subject to immediate dismissal under the Categorization and Screen Order and were subsequently dismissed (Dkt. 10588), and nearly all Category 2 cases have also been dismissed as a result of voluntary dismissals and motion practice.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

5.     Due to the number of cases subject to this motion, the Cook Defendants have reviewed Plaintiffs' short-form complaints, Categorization Forms, and supporting medical records, and summarized the relevant information from those materials in Exhibit A.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

6.     Exhibit A provides the following information for all 144 Plaintiffs' cases:

- Plaintiff's Name;

- Plaintiff's Case Number;

- Plaintiff's Home State (as denoted by the state of current residence and state of alleged injury in the Plaintiff's filter;

- The Plaintiff's highest category in the census;

4

- A short description of the categories selected in each Plaintiff's Categorization Form, along with the dates on the specific medical record(s) submitted in support of those claim; and

- The filing date of Plaintiff's case.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

7.      Of the 144 cases at issue here, 143 Plaintiffs represent in their complaints that they reside in Alabama, Idaho, Michigan, Texas, or Virginia and allege that their injuries occurred in their home states. Although Plaintiff Sandra Jackson left the state-specific fields of her short-form complaint blank, all available records indicate that she is from Virginia and underwent all her relevant medical care in Virginia.[11] Additionally, all 144 Plaintiffs filed their cases in this Court; none of them were transferred from other districts by the JPML.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

8.      In each of the cases on Exhibit A involving Plaintiffs from Alabama, Idaho, Texas and Virginia, the date on which each Plaintiff first filed his or her lawsuit is more than two years after the date of the injury that Plaintiff relies on in the medical record(s) the Plaintiff submitted as evidence of injury with that Plaintiff's categorization form.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

9.      In each of the cases on Exhibit A involving Plaintiffs from Michigan, the date on which each Plaintiff filed his or her action is more than three years after the date of the injury that Plaintiff relies on in the medical record(s) that the Plaintiff submitted as evidence of injury with that Plaintiff's categorization form.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

10.      With respect to the 28 Virginia Plaintiffs subject to the motion, the dates in Exhibit A indicate that their claims accrued before July 1, 2016.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter and to these individual plaintiffs. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

11.      As part of summary judgment briefing on the warranty claim in the *Gage* case, the Cook Defendants submitted the Affidavit of Kevin brines and a copy of the "Cook Defendants' Memorandum in Support of Its Second and Renewed Motion for Summary Judgment, Dkt. 7805, pp. 17-18 (Brines Affidavit), p. 28 (copy of terms and conditions). Mr. Brines explained in his Affidavit that it "is the ordinary business practice of Cook" to include the terms and conditions as part of ever filter sale. *Id.* at 18, 5. He also identified the terms and conditions in effect at the time of Mr. Gage's filter sale in April 2011. *See id.* Those terms and conditions include the following relevant provisions: (1) an Indiana choice-of-law rules provision, (2) disclaimer of implied

6

warranties, and (3) reduction of the statue of limitations on implied warranties to one year and one day, as permitted by the Indiana UCC. *See id.* at 28.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter and calls for a legal conclusion to which no response is required. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

12.     With respect to Plaintiffs from the three states that recognize independent breach of warranty claims in the personal injury context – Alabama, Michigan, and Texas – there are 10 Plaintiffs who filed their claims within four years of the date of the filter placement procedures: Michigan Plaintiffs Diondrae Boone, George Hubert, and Walter Simpson; and Texas Plaintiffs Audra Boggs, Jasmine Bowen, Marcella Brady, Justin Gonzalez, Salvador Lozano, Sharon Sharp, and Estate of Annette Weaver. *See* Exhibit A. However, all 10 of these Plaintiffs received their filters after April 2011, and their filters were accompanied by the "Cook Invoice Terms and Conditions" that reduced the limitations period for claims of breach-of-warranty claims to one year and one day. *See* Exhibit A (listing placement dates); Dkt. 7805, pp. 17-18, 28.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter and calls for a legal conclusion to which no response is required. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

## **ARGUMENT**

### I.     **Summary Judgment Standard**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See*

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *see also,* Fed. R. Civ. P. 56(a).  To satisfy this initial burden, the movant must inform the court of the basis for the motion and identify the portions of the record that **show the absence of a genuine issue of material fact**.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added). In *Celotex*, the Supreme Court plainly stated:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Id.*  Cook "must discharge the burden the Rules place upon [it]: It is not enough to move for summary judgement without supporting the motion in any way of with a conclusory assertion." *Id.*  The non-movant is entitled to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, and all internal conflicts in it resolved favorably to him. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986).  When the evidence is viewed in this way, if a fair-minded jury could return a verdict for the non-moving party, summary judgment must be denied.  *See Anderson,* 477 U.S. at 252.

Summary judgment is to be granted cautiously in order to preserve substantive rights, and must be "used sparingly since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury." *Exxon Corp. v. National Foodline Corp.*, 579 F.2d 1244, 1246 (Cust. & Pat. App. 1978); *Egelston v. State University College at Geneso*, 535 F.2d 752, 754 (2nd Cir. 1976).

Cook has not satisfied its burden to show the absence of a genuine issue of material fact, as detailed in multiple instances below, and therefore Cook's Motion for Summary Judgment should be denied.

## II.        Statute of Limitations

### a.  Indiana Law

Plaintiff incorporates and adopt Plaintiff's Statement of Material Facts ("SOMF") one through three (1-3) as if fully set forth herein. *See supra* at p. 2.

### 1.        Discovery Rule

Plaintiffs agree with Defendants that this Court should apply the Indiana discovery rule to determine the proper statute of limitations for Plaintiffs' claims.

Indiana imposes a two-year statute of limitations period on product liability claims. *See* Ind. Code Section 34-20-3-1 ("a product liability action must be commenced…within two years after the cause of action accrues"). As noted by Defendants, there is no definition of "accrues" within the statute. To determine the accrual date, Indiana courts hold that the statute of limitations, "begins to run from the date that the plaintiff **knew or should have discovered** that she suffered an injury or impingement, **and** that it was **caused by the product** or act of another." *Nelson v. Sandoz Pharms. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (quoting *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001)) (emphasis added).  To determine when a reasonably diligent plaintiff should have discovered the claimed injury, Indiana courts ask, "whether a reasonable person in plaintiff's position…possessing the information plaintiff did when she did, could have discovered through the exercise of ordinary diligence that the product caused her harm." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995).

The use of the word "and" in *Nelson*, requires that Plaintiff know not just of the injuries but also that the injuries were caused by his IVC filter. *See Nelson*, 288 F.3d at 966.  Considering Plaintiff's lawsuit was filed on February 25, 2019 and he sustained new injuries caused by the IVC filter in 2019, the two-year statute of limitations required by Indiana law has been met.  Plaintiff

could not have possibly made the causal connection between his injuries and the IVC filter before February 25, 2019 because he did not sustain those injuries until 2019. *See* SOMF 3.  Plaintiff has not been deposed with regards to this litigation and therefore, Defendants have failed to satisfy their burden of proof regarding both elements of knowledge and causal connection.  *See* Plaintiff's SOMF 1.

Furthermore, Cook continues to expand on the analysis of the accrual date, which should be analyzed from an objective perspective, without citing any applicable authority in support of its deficient arguments. *See* Doc. No. 11726, at 3-5.  "The plaintiff's suspicion, standing alone, about the source of her injury is generally insufficient to trigger the onset of the limitations period…, but the limitations period will begin to run when a physician [informs the plaintiff] there is a 'reasonable' possibility, if not probability that a specific product caused the plaintiff's injury." *Nelson*, 288 F.3d at 966 (quoting *Degussa*, 744 N.E.2d at 411).

However, Defendants inject language attributed to *Nelson*, which is not in fact used or even alluded to in this Court's decision. *See* Doc. No. 11726, at 12-13.  At no point in *Nelson* does the court mention imaging or the use of medical imaging to discover injuries to the plaintiffs. *See id.*; *see generally Nelson*, 288 F.3d 954.  Not only is there no mention of imaging in *Nelson*, Defendants provide no evidence to show that Plaintiff was ever informed by a physician of any injuries, let alone injuries specifically attributed to his IVC filter. It is axiomatic that to make the causal connection between Plaintiff's injuries and the IVC filter, he must first sustain injury.  The first notification that the new symptoms and injuries Plaintiff was experiencing could be attributed to his IVC filter occurred in 2019.  *See* SOMF 3.

Cook has failed to reference any medical records or deposition testimony that Plaintiffs' claims in this instant matter are time-barred.  *See generally* Doc. No. 11726.  All we are left with

are conclusory statements that lack foundation, are speculative, and are tantamount to hearsay. Defendant has not met their burden to show that Plaintiffs' lawsuit was filed outside of the statute of limitations governed by Indiana law, and therefore Cook's Motion for Summary Judgment based on Plaintiffs' claims being time barred by Indiana law should be denied.

### 2.      Fraudulent Concealment

In Indiana,

> It is established by the overwhelming weight of authority that equity will step in with its doctrine of estoppel to prevent an inequitable resort to the statute of limitations by one who has intentionally and fraudulently concealed a cause of action from a party for such length of time that the statute has run.

*Wojcik v. Almase,* 451 N.E.2d 336, 339 (Ind. Ct. App. 1983) (citation omitted).  Furthermore,

> A cause of action normally accrues when the injurious action occurs although the plaintiff may not learn of the injurious act until later. However, if there is a concealment which prevents the plaintiff from learning of the cause of action, the statute is tolled during such concealment.

*Id.* (citation omitted).

The doctrine of "fraudulent concealment does toll the statute of limitations; Indiana law narrowly defines concealment." *Tolen v. A.H. Robins Co., Inc.,* 570 F.Supp. 1146, 1151 (N.D.Ind. Aug. 26, 1983) (citation omitted).  "The concealment must be active and intentional; passive silence is insufficient to trigger the fraudulent concealment doctrine, absent allegations that the defendant was in a continuing fiduciary relationship with the plaintiff." *Id.* (citation omitted). "The affirmative acts of concealment must be calculated to mislead and hinder the plaintiff from obtaining information by the use of ordinary diligence, or to prevent inquiry or elude investigation." *Id.* at 1152 (citation omitted).  "Further, there must be some trick or contrivance intended by the defrauder to exclude suspicion and prevent inquiry." *Id.* (citation omitted). "In

addition, Indiana law requires a showing of reasonable care and due diligence on the part of the plaintiff." *Id.* (citation omitted).

Here, Plaintiff incorporates and adopt SOMF 3 as if fully set forth herein. *See supra* at p. 2. The facts established in this Response show Cook's affirmative acts of concealment that hindered Plaintiffs from inquiring and discovering that the IVC filter was defective. *See id.* Only upon exercising reasonable care and due diligence, Plaintiff discovered his causes of action against Cook.

Moreover, Cook ignores the disjunctive portion of Ind. Code § 34-20-3-1 which states affirms that, under the IPLA, "any product liability action [must be brought] within ten (10) years after the delivery of the product to the initial user or consumer." Ind. Code § 34-20-3-1. Indiana law construes this provision as a 'statute of repose' that is constitutional on its face. *See AlliedSignal, Inc. v. Ott,* 785 N.E.2d 1068, 1073 (Ind. 2003) (citations omitted). Indiana courts found that "the statute constitutional as applied to a plaintiff who is injured by a product within ten years of its initial delivery, but who has neither knowledge of nor any ability to know of that injury until more than ten years have passed." *Id.* at 1074 (citation omitted). The *Prater* court "found our decision in *Martin v. Richey,* 711 N.E.2d 1273 (Ind.1999), controlling." *Id.* at 1073. "In *Martin*, we held that art. 1, § 12,

> preclude[s] the application of a two-year medical malpractice statute of limitations when a plaintiff has no meaningful opportunity to file an otherwise valid tort claim within the specified statutory period because, given the nature of the asserted malpractice and the resulting injury or medical condition, plaintiff is unable to discover that she has a cause of action. Stated another way, the medical malpractice statute of limitations is unconstitutional as applied when plaintiff did not know or, in the exercise of reasonable diligence, could not have discovered that she had sustained an injury as a result of malpractice, because in such a case the statute of limitations would impose an impossible

condition on plaintiff's access to courts and ability to pursue an otherwise valid tort claim.

*Id.* at 1073-74.

Even if the two-year statute of limitations applies, Cook's argument still fails as discussed above.  Plaintiff did not know, nor did he reasonably discover that he sustained injuries resulting from the IVC filter until the injuries occurred in 2019.

### b.  Michigan Law

Plaintiff incorporates and adopts Plaintiff's Statement of Material Facts one through three (1-3) as if fully set forth herein.  *See supra* at p. 2.

Cook fraudulently concealed Plaintiff's causes of action.  "One who seeks to invoke equitable estoppel generally must establish that there has been (1) a false representation or concealment of a material fact, (2) an expectation that the other party will rely on the misconduct, and (3) knowledge of the actual facts on the part of the representing or concealing party."  *Bearup v. General Motors Corp.,* 2009 WL 249456, *6 (Mich. Ct. App. 2009) (citation omitted). Furthermore,

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

*Doe v. Roman Catholic Archbishop of Archdiocese of Detroit,* 629 N.W.2d 398, 405 (Mich. Ct. App. 2004) (citation omitted).

Here, the facts show that Cook concealed material facts from implanting physicians and their patients about defective propensities of their device.  *See* SOMF 3.  These implanting physicians and patients expected the device was safe for implantation and relied on Cook's

13

representations indicating as much.  *See id.*  Cook had knowledge of the actual facts that the devices were defective and not suitable permanent implantation.  *See id.*

Regardless, Plaintiff did not discover his injuries, but exercised reasonable diligence in discovering his injuries caused by the defective device.  *See* SOMF 3. "Under the discovery rule, the statute of limitations begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, an injury and the causal connection between the plaintiff's injury and the defendant's breach."  *Bearup,* 2009 WL 249456, *4 (citation omitted). "Application of the discovery rule has been deemed proper because of the latent nature of a plaintiff's injury or an inability to discover the causal connection between the injury and the defendant's breach."  *Id.* (citation omitted).  "The rationale for applying the discovery rule is to avoid the extinguishment of a cause of action before the plaintiff is even aware of the possible cause of action."  *Id.* (citation omitted).

> "[T]he discovery rule only applies if the legislature specifically provides for the discovery rule, which it has done for … for actions brought against certain defendants alleging injuries from unsafe property, MCL 600.5839(1), actions alleging breach of warranty, MCL 600.5833, and actions alleging fraudulent concealment of the existence of a claim or the identity of any person who is liable for the claim, MCL 600.5855.

Plaintiff has never been deposed in this litigation, therefore it is impossible for Cook to determine if or when Plaintiff became aware of a possible cause of action.  *See* SOMF 1. Additionally, Plaintiff could not make the causal connection between his injuries and Defendants' IVC filter until he sustained those injuries in 2019, which is well within the applicable Statute of Limitations.  Therefore, Cook's Motion for Summary Judgment based on Plaintiffs' claims being time barred under Michigan law should be denied.

### III.    Plaintiff's Claims Do Not Fail as a Matter of Law

In the context of this Motion for Summary Judgment, Defendant confusingly makes flawed arguments tantamount to a challenge to the sufficiency of Plaintiffs' claims.  *See* Doc. No. 11726, at 24-34.  This is not appropriate in the context of this Motion.  Defendant did not file a motion pursuant to Rule 12(b)(6) or Rule 12(c) and therefore waived its challenges as to the sufficiency of Plaintiff's claims.  Furthermore, even if Defendant's arguments are deemed proper in the context of this Motion for Summary Judgment, this Motion should be denied as premature as discovery is ongoing.  Regardless, Defendant's Motion should be denied as moot since Plaintiff's motion for leave is currently pending and should be granted.  *See* SOMF 3.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of ruling on the Defendant's Motion, the Court should accept Plaintiffs' well-pleaded factual allegations as true and construe all reasonable inferences in his favor. *See Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015).

### a.    Plaintiff's Implied Breach of Warranty Claims Are Viable

Michigan law, not Indiana law, governs Plaintiff's implied breach of warranty claims. Regardless of the proper law that applies, Defendant restates the same arguments relating to its

deficient statute of limitations arguments.  *See* Doc. No. 11726, at 25-30.  Plaintiff incorporates and adopts all arguments, facts, and authority specified in each section above as if fully set forth herein.  *See supra,* at p. 1-15.  Since Plaintiff's claims are not time-barred his breach of implied warranty claims stand.

Furthermore, in support of its deficient argument that these warranty claims fail pursuant to MI law, Defendant references a biased affidavit of Kevin Brines that was produced for litigation purposes and, at a minimum, triggers Mr. Brines' deposition.  *See* Doc. No. 11726, at 29-30.  Furthermore, Defendant's reliance on *Gage* is completely misplaced because, clearly, Plaintiff is different than the plaintiff(s) in that case. *See id.*  The Court in *Gage* applied IN law, but MI law applies to the merits of Plaintiff's claims.

### b.       Plaintiff's Consumer Fraud Claims Are Viable

Plaintiff incorporates and adopts all arguments, facts, and authority specified in each section above as if fully set forth herein.  *See supra,* at p. 1-16.  Defendant cites *Home Owners Ins. Co. v. ADT LLC,* 109 F.Supp.3d 1000, 1009 (E.D. Mich. 2015) as support of its argument, but fails to provide sufficient context of its argument.  *See* Doc. No. 11726, at 31-32.  Defendant fails to specify if this ruling was entered in a motion for summary judgment or entered in a Rule 12(b)(6) or 12(c) motion.  Thereafter, Defendant confusingly challenges Plaintiffs' Master Complaint which is inappropriate within the parameters of a case-specific challenge.

### c.       Plaintiff's Punitive Damages Claim Is Viable

To the extent Plaintiff's punitive damages claim is derivative in nature, Defendant's Motion as to this claim should be denied since all of Plaintiff's claims survive.  Michigan recognizes exemplary damages for the same sort of conduct that has been held to give rise to punitive damages in states where punitive damages are allowed. *See*, *Yamaha Motor Corp., U.S.A.*

16

*v. Tri-City Motors & Sports, Inc.*, 171 Mich. App. 260, 281 (Ct. App. Mich. 1988) ("Generally, exemplary damages are recoverable in damage actions which are based upon tortious acts involving malice, fraud, insult, or wanton and reckless disregard of the plaintiff's rights. Such damages are compensatory, not punitive, in nature. *Rinaldi v. Rinaldi*, 122 Mich. App. 391, 396, 333 N.W.2d 61 (1983).)" *See also, Cooley v. Lincoln Elec. Co.*, 776 F.Supp.2d 511, 522 (In MDL products liability action, MDL judge noted that "if the Court finds the evidence sufficient to sustain a punitive damages award under one state's law, that conclusion normally would compel a similar finding under the law of any other state with the same or less strict legal standards for an award of punitive damages."). The facts here are sufficient to give rise to exemplary and punitive damages under Michigan law.

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff Kelly Devine respectfully requests this Court deny Defendant's Motion for Summary Judgment.

Dated: October 3, 2019

Respectfully submitted,

**FLINT LAW FIRM, LLC**

By:    */s/ Laci M. Whitley*
Laci M. Whitley, IL Bar No. 6614263
FLINT LAW FIRM, LLC
222 E. Park St., Suite 500
Edwardsville, IL        62025
Phone: (618) 288-4777
Fax: (618) 288-2864
lwhitley@flintlaw.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By:     <u>*/s/ Laci M. Whitley*   </u>
        Attorney for Plaintiff

18