UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570<br><br>Civil Case # 1:17-cv-2174 |
| This Document Relates to:<br>  Valeriun Breaux-Nabors | |

### PLAITNIFF'S OPPOSITION TO COOK'S ONMIBUS MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff(s) named above and respectfully asks this Court to deny Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS ("Cook") Motion for Summary Judgment on two grounds. First, Plaintiff's claims are not barred under Texas law. Second, Cook is attempting to use the Case Category Submission as grounds for dismissal when the agreement between the parties clearly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose.

### STATEMENT OF UNDISPUTED FACTS

1. On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2. The Case Categorization form expressly states that the "Case Categorization Submission is for the purpose of complying with the Court's Order on the Cook

1

> Defendant's Motion for Screening Order and Bellwether Selection Plan and is not admissible and is not to be considered relevant for any other purpose."

3. Plaintiff did not know, nor could have known that her injuries were caused by a defective Cook IVC Filter until July 2016 when she was first informed that her filter was defective.

4. Cook has not taken a single deposition, served any interrogatories, or reviewed all of Plaintiff's medical records.

## STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. *See In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig.*, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002)).

## ARGUMENT

I. **Plaintiff Filed Her Personal Injury Claims Within the Texas Statute of Limitations**

Under Texas law, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues. Tex. (Civ. Prac. & Rem.) Code Ann. § 16.003(a). Generally, accrual occurs on the date "the plaintiff first becomes entitled to sue the defendant based upon a legal wrong attributed to the latter", even if the plaintiff is unaware of the injury. *Zidell v. Bird*, 692 S.W.2d 550, 554 (Tex.Ct.App.1985). The "discovery rule" is an exception to this general rule. See *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990). Under Texas' discovery rule, the limitations period is tolled until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the nature of her injury. See id.; *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988).

Defendant contends that medical imaging and/or physician recommendation about the IVC Filter serves as a trigger of the statute of limitations. However, the Court in *Comput Assocs. Int'l, v Altai, Inc.,* "has permitted application of the discovery rule exception to the statute of limitations. Generally, application has been permitted in those cases where the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." 918 S.W.2d 453 456 (Tex. 1996). Although federal courts often grant summary judgment because a statute of limitations has expired, they refuse to grant summary judgment for defendant if there is an issue of fact as to when the limitations period began, such as in products-liability actions in which the statutory period

3

begins to run when plaintiff knew or should have known that the injury was caused by defendant's product. *Terrebonne Parish School Board v. Mobil Oil Corporation*, 310 F.3d 870 (5th Cir. 2002).

      Here, there is an issue of fact as it is impossible for Defendant to know when Plaintiff obtained the relevant information necessary to connect her injury to the IVC Filter. Defendants are quick to rush for summary judgment without ever taking a single deposition or serve any interrogatories. Without allowing the discovery process to evolve in the way it was designed, Defendant is attempting to prematurely dismiss many claims that may have merit. While the injury may be "objectively verifiable" through imaging, it was "inherently undiscoverable" in nature and thus formal discovery is needed to learn what was known and when it was known. Plaintiff has a history of Deep Vein Thrombosis and spinal ailments. She experienced a fall in 2011, brought upon by her DVT, which led to the IVC Filter being put in place. She has experienced pain, swelling, and other problems associated with DVT with *and* without the filter. Without proper discovery, it is impossible to determine what knowledge Plaintiff had about her condition in relation to the filter. Depositions are needed to reveal the exact nature of information relayed to Plaintiff during her hospital and physician visits. The discovery process will reveal the necessary evidence to know when Plaintiff could have known about her injury. What we do know is the Plaintiff connected her injury with the IVC Filter on or before July 2016. Whether any facts gathered from future depositions would show a reasonable opportunity to discover her injury before July 2016 is impossible to know at this time.

Because it is impossible to determine when Plaintiff knew or could have known the nature of her injury without proper discovery, this Court should deny Defendant's Motion for Summary Judgment.

**II.     Cook's Reliance on the Categorization Form is Misplaced.**

Cook cannot use the Categorization Case form as grounds for a Motion for Judgment on the Pleadings. The Categorization Case form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." The "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only . . . ." Reliance on the Categorization form is a breach of the party's agreement and such behavior should not be permitted by this Court. Furthermore, Cook cannot point to any information in the Plaintiff Profile Form that Plaintiff knew of the causal connection between his injuries and Cook's defective IVC Filter until the end of 2016.

Because Cook cannot rely on the Categorization form and the PFS does not supply any support for Cook's tortured arguments, this Court should deny the motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Summary Judgment and grant any relief that this Court deems appropriate.

Dated October 3, 2019

                                                      Brown & Crouppen, P.C.

                                                      */s/*  Seth S. Webb
                                                      Seth S. Webb, Attorney (Bar No. 51236)
                                                      *Admitted Pro Hac Vice*
                                                      Brown & Crouppen, P.C.
                                                      211 North Broadway, Suite 1600
                                                      St. Louis, MO 63102
                                                      (314) 222-2222
                                                      SethW@getbc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 3rd day of October 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Seth S. Webb*
Seth S. Webb
