# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
Eva Bartolotta and Michael Bartolotta

Civil Case # 1:18-cv-230

## AMENDED SHORT FORM COMPLAINT

COMES NOW the Plaintiff(s) named below, and for Complaint against the Defendants named below, incorporate The Master Complaint in MDL No. 2570 by reference (Document 213). Plaintiff(s) further show the court as follows:

1. Plaintiff/Deceased Party:

    Eva Bartolotta

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

    Michael Bartolotta

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

    N/A

4. Plaintiff's/Deceased Party's state of residence at the time of implant:

    Michigan

1

5. Plaintiff's/Deceased Party's state of residence at the time of injury:

   Michigan

6. Plaintiff's/Deceased Party's current state of residence:

   Michigan

7. District Court and Division in which venue would be proper absent direct filing:

   Eastern District of Michigan

8. Defendants (Check Defendants against whom Complaint is made):

   - [✓] Cook Incorporated
   - [✓] Cook Medical LLC
   - [✓] William Cook Europe ApS

9. Basis of Jurisdiction:

   - [✓] Diversity of Citizenship
   - [ ] Other: _____

   a. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

   23, 24, 25, 26 ,27, 28

   b. Other allegations of jurisdiction and venue:

   N/A

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim

    (Check applicable Inferior Vena Cava Filters):

    - [✓] Günther Tulip® Vena Cava Filter
    - [ ] Cook Celect® Vena Cava Filter
    - [ ] Gunther Tulip Mreye
    - [ ] Cook Celect Platinum
    - [ ] Other: _____

11. Date of Implantation as to each product:

    October 18, 2004

12. Hospital(s) where Plaintiff was implanted (including City and State):

    Hurley Medical Center

    Flint, MI

13. Implanting Physician(s):

    Dr. Amar (Muniyappa) Amaresh

14. Counts in the Master Complaint brought by Plaintiff(s):

    - [✓] Count I: Strict Products Liability – Failure to Warn
    - [✓] Count II: Strict Products Liability – Design Defect
    - [✓] Count III: Negligence
    - [✓] Count IV: Negligence Per Se

3

☑ Count V: Breach of Express Warranty

☑ Count VI: Breach of Implied Warranty

☑ Count VII: Violations of Applicable ___Michigan___ (insert State) Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices

☑ Count VIII: Loss of Consortium

☐ Count IX: Wrongful Death

☐ Count X: Survival

☑ Count XI: Punitive Damages

☑ Other: Fraud and Fraudulent Concealment (please state the facts supporting this Count in the space, immediately below)

☑ Other: ___Unjust Enrichment___ (please state the facts supporting this Count in the space, immediately below)

_See attached Supplemental Sheet to Plaintiff's First Amended Complaint_

_____

_____

_____

_____

15. Attorney for Plaintiff(s): _____

Laci M. Whitley, IL Bar No. 6614263
_____

16. Address and bar information for Attorney for Plaintiff(s):

4

| Laci M. Whitley, Flint Law Firm, LLC |
|---|
| 222 East Park Street, Suite 500, P.O. Box 189, Edwardsville, IL 62025 |
| lwhitley@flintlaw.com  Phone: (618) 288-4777   Fax: (618) 288-2864 |

Respectfully submitted,

**FLINT LAW FIRM, LLC**


   */s/ Laci M. Whitley*
Laci M. Whitley, IL Bar No. 6614263
 **FLINT LAW FIRM, LLC**
222 East Park Street, Suite 500  P.O. Box 189
Edwardsville, IL 62025
Phone: (618) 288-4777 Fax: (618) 288-2864
lwhitley@flintlaw.com
***Attorney for Plaintiff***

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to Plaintiff Eva Bartolotta, et al.
Case No. 1:18-cv-230-RLY-TAB

## SUPPLEMENTAL SHEET TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**I.  Common Law Fraud and Fraudulent Concealment Claims:**

Defendants falsely and fraudulently represented and continue to represent to the medical and healthcare community, Plaintiff, and the public that the IVC Product had been tested and was found to be safe and effective. The representations made by Defendants were, in fact, false. When Defendants made their representations, Defendants knew and/or had reason to know that those representations were false, and Defendants willfully, wantonly, and recklessly disregarded the inaccuracies in their representations and the dangers and health risks to users of the IVC Product. These representations were made by Defendants with the intent of defrauding and deceiving the medical community, Plaintiff, and the public, and also inducing the medical community, Plaintiff, and the public, to recommend, prescribe, dispense, and purchase the IVC Product for use as a means of treatment for blood clots, all of which evinced a callous, reckless, willful, and depraved indifference to the health, safety, and welfare of Plaintiff.

In representations to Plaintiff and/or to Plaintiff's healthcare providers, Defendants fraudulently concealed and intentionally or recklessly omitted the following material information: a) That the Defendants' IVC Product was not as safe as other products and procedures available to treat blood clots; b) That the Defendants' IVC Product was less effective than other products

and procedures available to treat blood clots; c) That the risk of adverse events with the Defendants' IVC Product was higher than with other products and procedures available to treat blood clots; d) The Defendants' IVC Product was not adequately tested; e) That the limited clinical testing revealed the Defendants' IVC Product had a higher risk of adverse effects, in addition to, and above and beyond those associated with other products and procedures available to treat blood clots; f) That Defendants deliberately failed to follow up on the adverse results from clinical studies and formal and informal reports from physicians and other healthcare providers and buried and/or misrepresented those findings; g) That Defendants deliberately chose to forego studies that might reveal the true rate of adverse events or otherwise necessitate the need to reveal information as to adverse events to the Plaintiff, the medical community, or the regulatory authorities; h) That Defendants were aware of dangers in the Defendants' IVC Product in addition to and above and beyond those associated with other products and procedures available to treat blood clots; i) That the Defendants' IVC Product was defective, and that it caused dangerous and adverse side effects, including but not limited to filter breaking and falling out of place; metal fragments moving through the blood and resulting injuries to organs; development and/or exacerbation of blood clots, chest pain, confusion, heart rhythm problems, hypotension, lightheadedness, nausea, neck pain, shortness of breath, hemorrhaging or internal bleeding, death, pulmonary embolism, and stroke; j) That patients needed to be monitored more regularly than usual while using the Defendants' IVC Product and that in the event the product needed to be removed that the procedures to remove them had a very high failure rate and/or needed to be performed repeatedly; k) That the Defendants' IVC Product was manufactured negligently; l) That the Defendants' IVC Product was manufactured defectively; and m) That the Defendants' IVC Product was designed negligently, and designed defectively.

Defendants were under a duty to disclose to Plaintiff and his physicians, the defective nature of the Defendants' IVC Product, including, but not limited to, the risks mentioned above, failure, and permanent injury. Defendants had sole access to material facts concerning the defective nature of the product and its propensity to cause serious and dangerous side effects and hence, cause dangerous injuries and damage to persons who used the Defendants' IVC Product. Defendants' concealment and omissions of material fact concerning the safety of the IVC Product were made purposefully, willfully, wantonly, and/or recklessly to mislead, to cause Plaintiff's physicians and healthcare providers to purchase, prescribe, and/or dispense the IVC Product; and/or to mislead Plaintiff into reliance and cause Plaintiff to use the Defendants' IVC Product. At the time these representations were made by Defendants, and at the time Plaintiff used the IVC Product, Plaintiff was unaware of the falsehood of these representations, and reasonably believed them to be true.

Defendants knew and had reason to know that the Defendants' IVC Product could and would cause severe and grievous personal injury to the users of the Defendants' IVC Product, and that they were inherently dangerous in a manner that exceeded any purported, inaccurate, or otherwise downplayed warnings. In reliance upon these false representations, Plaintiff was induced to, and did use the IVC Product, thereby sustaining severe and permanent personal injuries and damages. Defendants knew or had reason to know that Plaintiff and his physicians and other healthcare providers had no way to determine the truth behind Defendants' concealment and omissions, and that these included material omissions of facts surrounding the use of the Defendants' IVC Product, as described in detail herein. Plaintiffs reasonably relied on revealed facts which foreseeably and purposefully suppressed and concealed facts that were critical to understanding the real dangers inherent in the use of the Defendants' IVC Product. Having

knowledge based upon Defendants' research and testing, or lack thereof, Defendants blatantly and intentionally distributed false information, including but not limited to assuring Plaintiff, the public, and Plaintiff's healthcare providers and physicians, that the Defendants' IVC Product was safe for use as a means of providing relief from blood clots and was as safe or safer than other products and/or procedures available and on the market. As a result of Defendants' research and testing, or lack thereof, Defendants intentionally omitted, concealed and suppressed certain results of testing and research to healthcare professionals, Plaintiff, and the public at large.

Defendants had a duty when disseminating information to the public to disseminate truthful information; and a parallel duty not to deceive the public, Plaintiff, Plaintiff's healthcare providers, and the United States Food and Drug Administration ("FDA").  The information distributed to the public, the medical community, the FDA, and Plaintiffs, by Defendants included, but was not limited to websites, information presented at medical and professional meetings, information disseminated by sales representatives to physicians and other medical care providers, reports, press releases, advertising campaigns, television commercials, print advertisements, billboards and other commercial media containing material representations, which were false and misleading, and contained omissions and concealment of the truth about the dangers of the use of the Defendants' IVC Product.  Defendants intentionally made material misrepresentations to the medical community and public, including Plaintiffs, regarding the safety of the Defendants' IVC Product specifically that the IVC Product did not have dangerous and/or serious adverse health safety concerns, and that the Defendants' IVC Product was as safe or safer than other means of treating blood clots. Defendants intentionally failed to inform the public, including Plaintiff, of the high failure rate, the difficulty or impossibility of removing the IVC Product, and the risk of permanent

injury.  Defendants chose to over-promote the purported safety, efficacy and benefits of the Defendants' IVC Product instead.

Defendants' intent and purpose in making these misrepresentations was to deceive and defraud the public, the medical community, and Plaintiffs; to gain the confidence of the public, the medical community, and Plaintiff; to falsely assure them of the quality and fitness for use of the Products; and induce Plaintiff, the public and the medical community to request, recommend, prescribe, dispense, purchase, and continue to use the Defendants' IVC Product.  Defendants made claims and representations in its documents submitted to the FDA and its reports to the public and to healthcare professionals and in advertisements that the Defendants' IVC Product had innovative beneficial properties and did not present serious health risks.  These representations, and others made by Defendants, were false when made and/or were made with the pretense of actual knowledge when such knowledge did not actually exist, and were made recklessly and without regard to the true facts.  These representations, and others made by Defendants, were made with the intention of deceiving and defrauding Plaintiff, Plaintiff's healthcare professionals and other members of the healthcare community, and were made in order to induce Plaintiff, and his respective healthcare professionals, to rely on misrepresentations, and caused Plaintiff to purchase, rely, use, and request the Defendants' IVC Product and his healthcare professionals to dispense, recommend, or prescribe the Defendants' IVC Product.  Defendants recklessly and/or intentionally falsely represented the dangerous and serious health and safety concerns inherent in the use of the Defendants' IVC Product to the public at large, for the purpose of influencing the sales of products known to be dangerous and defective, and/or not as safe as other alternatives.

Defendants willfully and intentionally failed to disclose the truth, failed to disclose material facts and made false representations, for the purpose of deceiving and lulling Plaintiffs, as well as

their healthcare professionals, into a false sense of security, so that Plaintiffs and their healthcare providers would rely on Defendants' representations, and Plaintiff would request and purchase the Defendants' IVC Product, and that his healthcare providers would dispense, prescribe, and recommend the Defendants' IVC Product.  At the time the representations were made, Plaintiff and his healthcare providers did not know the truth about the dangers and serious health and/or safety risks inherent in the use of the Defendants' IVC Product. Plaintiff did not discover the true facts about the dangers and serious health and/or safety risks, nor did Plaintiff discover the false representations of Defendants, nor would Plaintiff with reasonable diligence have discovered the true facts or Defendants' misrepresentations. Had Plaintiff known the true facts about the dangers and serious health and/or safety risks of the Defendants' IVC Product, Plaintiff would not have purchased, used, or relied on Defendants' IVC Product.  Defendants' wrongful conduct constitutes fraud and deceit, and was committed and perpetrated willfully, wantonly, and/or purposefully on Plaintiff.

Defendants fraudulently concealed from and/or failed to disclose to or warn Plaintiff, his physicians and the medical community that their IVC Product was defective, unsafe, and unfit for the purposes intended, and that it was not of merchantable quality.  Defendants were under a duty to Plaintiffs to disclose and warn of the defective nature of the IVC Product because: a) Defendants were in a superior position to know the true quality, safety and efficacy of the Defendants' IVC Product; b) Defendants knowingly made false claims about the safety and quality of the Defendants' IVC Product in the documents and marketing materials Defendants provided to the FDA, physicians, and the general public; and c) Defendants fraudulently and affirmatively concealed the defective nature of the Defendants' IVC Product from Plaintiff.  The facts concealed and/or not disclosed by Defendants to Plaintiff were material facts that a reasonable person would

have considered to be important in deciding whether or not to purchase and/or use the Defendants' IVC Product. Defendants intentionally concealed and/or failed to disclose the true defective nature of the IVC Product so that Plaintiff would request and purchase the Defendants' IVC Product, and that his healthcare providers would dispense, prescribe, and recommend the Defendants' IVC Product, and Plaintiffs justifiably acted or relied upon, to his detriment, the concealed and/or non-disclosed facts as evidenced by his purchase of the Defendants' IVC Product. Defendants, by concealment or other action, intentionally prevented Plaintiff and Plaintiff's physicians and other healthcare providers from acquiring material information regarding the lack of safety and effectiveness of the Defendants' IVC Product, and are subject to the same liability to Plaintiff for Plaintiff's pecuniary losses, as though Defendants had stated the non-existence of such material information regarding the Defendants' IVC Product's lack of safety and effectiveness and dangers and defects, and as though Defendants had affirmatively stated the non-existence of such matters that Plaintiff was thus prevented from discovering the truth. Defendants therefore have liability for fraudulent concealment under all applicable law, including, inter alia, Restatement (Second) of Torts § 550 (1977).

As a direct and proximate result of Defendants' conduct, Plaintiff experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and will likely undergo future medical treatment and procedures, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

**II.     Unjust Enrichment Claim:**

Plaintiff paid for, either directly or through his implanting physician, the Defendants' IVC Product for the purpose of treatment of blood clots or other similar conditions. Defendants have accepted payment by Plaintiff and others on Plaintiff's behalf for the purchase of the Defendants'

IVC Product.  Plaintiff has not received the safe and effective medical devices for which he paid. It would be inequitable for Defendants to keep this money since Plaintiff did not in fact receive a safe and effective medical device as represented by Defendants.