IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
*Jerri White*

Civil Case No.: 1:18-cv-101

**PLAINTIFF'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS**

**COMES NOW** Plaintiff Jerri White and files this response to Cook Defendants' motion and memorandum for summary judgment based on applicable statute of limitations and shows the Court as follows:

**I.      INTRODUCTION AND RELEVANT FACTS**

Cook Defendants bring their motion for summary judgment in an attempt to whittle down the number of Plaintiffs but Cook's motion seeks for the most stringent interpretations of Indiana and Alabama law in reviewing the choice of law and statute of limitations. First, Indiana's statute of limitations does not apply to this case. Further, Cook's law and analysis on Alabama's statute of limitations is seriously flawed. Alabama law is clear that a discovery rule exists when facts have been concealed and, therefore, applies to this case.

Plaintiff Jerri White's Cook Celect IVC Filter was implanted on October 5, 2010. *See* Affidavit of Jerri White, attached hereto as Exhibit A at ¶ 2. Plaintiff was never told of the true risks associated with the Cook Celect IVC Filter prior to implant. *Id*. A few months later, on

January 24, 2011, Plaintiff tried to have the device retrieved but the removal procedure failed. Plaintiff was never told and did not learn that the reason for the failed retrieval could be due to defects with the filter itself until around the spring of 2017 when she heard a radio ad. *Id*. at ¶ 3. Thus, Plaintiff had no way of knowing that that she had a cause of action relating to the defective design of the Cook Celect filter until that time. Plaintiff's Complaint was filed on or about January 12, 2018 within the statute of limitations period. For all of these reasons, Cook's motion is due to be denied.

## II.     STANDARD OF REVIEW

Summary judgment is only appropriate when the movant shows there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue of trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Daugherty v. Page*, 906 F.3d 606, 609-610 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III.     ARGUMENT AND AUTHORITIES

#### A.     Indiana's Statute of Limitations Does Not Apply to Plaintiff's Case.

Plaintiff hereby incorporates the response to summary judgment filed, or to be filed, by Plaintiffs' Steering Committee on this responsive filing date.  If, however, the Court is not persuaded to deny Cook's motion to apply Indiana law (it should), it would still be improper for the Court to dismiss Plaintiff's claims because Indiana applies a discovery rule to products liability cases.  *Degussa Corp. v. Mullens*, 744 N.E.2d 407 (In. 2001).

#### B.     The Discovery Rule Exists in Alabama and Applies to Plaintiff's Claims.

Plaintiff was wholly unaware that there could be any connection between the failure to remove the device and the device's defectiveness.  There was no way for Plaintiff to have discovered this at the time of the failed retrieval.  There is no notation in the medical records that the product failed or that the doctor believed the device was defective.  Thus, Cook's argument that the statute of limitations started running on the exact date of the procedure is flawed.

Further, Cook's motion wholly fails to account for its own actions and fraudulent conduct in promoting the use of Cook IVC filters, including affirmative misrepresentation and omissions regarding the efficacy and safety of such products.

Alabama law is clear that when there is even "an *inference* as to whether a plaintiff was defrauded, and if so, when the plaintiff discovered the fraud, the case is **one for the trier of fact**." *Ryan v. Charles Townsend Ford, Inc.*, 409 So. 2d 784, 786-87 (Ala. 1981) (emphasis added); see also *Jim Walter Homes, Inc. v. Kendrick*, 810 So.2d 645, 650 (Ala. 2001) (citing *Kindred v. Burlington Northern R.R.,* 742 So.2 2d 155, 157 (Ala. 1999) (issue of when accrual of cause of action occurs is a question of fact to be decided by jury).  Ala. Code § 6-2-3 states "[i]n actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be

considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." *Id.*

Alabama courts have explained its rationale for the discovery rule as follows: "Fraud, in the nature of it, implies that the party has been misled and that, by the wrong of another, he is accepting and resting in a false sense of security. A party thus situated is not required to presume fraud or suspect it, until something comes to him leading a just person to suspect and make inquiry." *Williams v. Bedenbaugh*, 215 Ala. 200, 110 So. 286 (Ala. 1926). Most significantly, Alabama holds that "[a]lthough the wording of § 6-2-3 indicates that it applies only to fraud actions, that section and its predecessor have long been held to apply to any cause of action that has been fraudulently concealed from a plaintiff." *See Tonsmeire v. Tonsmeire*, 233 So. 2d 465, 467 (Ala. 1970); *Van Antwerp v. Van Antwerp*, 5 So. 2d (Ala. 1941); *see also Crisman v. Odeco, Inc.*, 932 F.2d 413, 417 n.4 (5th Cir. 1991) (factual determination as to when plaintiff was put on notice).

In another multi-district litigation, *In re Vioxx Prods Liab. Litig.*. 478 F. Supp. 2d 897 (E.D. La. 2007), the court was presented with this same issue. The Vioxx MDL had many, if not all, of the same overarching claims as this MDL litigation relating to the Vioxx medication. The Vioxx MDL Court held summary judgment was <u>inappropriate</u> stating as follows:

> While Alabama does not recognize the discovery rule for personal injury claims, see *Moon v. Harco Drugs, Inc.*, 435 So. 2d 218, 220 (Ala. 1983), fraud claims in Alabama do not accrue "until the discovery by the aggrieved party of the fact constituting the fraud." See Ala. Code § 6-2-3. Moreover, "**[a]though the wording of § 6-2-3 indicates that it applies only to fraud actions, that section and its predecessor have long been held to apply to any cause of action that has been fraudulently concealed from a plaintiff."** *Rutledge v. Freeman*, 914 So. 2d 364, 369-71 (Ala. Civ. App. 2004) (emphasis added). **The Court finds that genuine issues of material fact exit with respect to whether the discovery of the [plaintiffs'] right of action "was concealed by some activity** of [Merck], amounting to a fraud." *Van Antwerp v. Van Antwerp*, 5 So. 2d 73, 80 (Ala. 1941).

*Id*. at 908 (emphasis added).

This Court should make the same finding in this case. Case specific discovery has not been conducted absent 10,000-foot view information being disclosed in the Plaintiff Profile Forms and Case Categorization Forms. Moreover, the evidence known at this stage shows Cook made misrepresentations to doctors across the country regarding the risks of its IVC Filters. Plaintiff, unaware of the true risks of the product at the time of implant, has testified she would not have had the IVC Filter implanted had she known the actual risk. *See* Ex. A. Thus, viewing the evidence in the most favorable light to Plaintiff, summary judgment is not proper at this stage.

### C. Plaintiff Adequately Plead Fraudulent and Deceptive Concealment.

Plaintiff's Master Complaint in this case contains numerous allegations that the Cook Defendants had knowledge of the defects with its IVC Filters yet failed to warn doctors and patients. *See* Master Complaint at ¶¶ 3, 4, 46, 50, 52, 55, 56, 57, 58, 77, 81-88, 91, 95, 103-106, 113-120 (continued in Plaintiff's SFC at ¶ 14). Moreover, the tolling provision included in the Master Complaint at ¶¶195-200 support Plaintiff's claims that Cook's withholding of pertinent information prevented Plaintiff from discovering the cause of her injuries.

Additionally, as noted above, Plaintiff testified she was not fully informed of the true risks associated with the Cook IVC Filter and had she been made aware, she would not have had the implant surgery. See Ex. A. Plaintiff, therefore, has submitted substantial evidence which require this Court to deny Cook's motion for summary judgment at this stage.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is due to be denied. If the Court is not inclined to deny the motion outright it should stay its ruling pending further fact discovery. Further, Plaintiff requests this Court rule on the matter without hearing.

Respectfully submitted this the 3rd day of October, 2019.

                */s/ Calle Mendenhall*
                Calle Mendenhall
                **FARRIS, RILEY & PITT, LLP**
                1700 Financial Center
                505 20th Street North
                Birmingham, AL 35203
                T:  205-324-1212
                F:  205-324-1255
                cmendenhall@frplegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3rd, 2019, a copy of the foregoing motion and memorandum was filed electronically and notice of the filing of these documents will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Calle M. Mendenhall*_____