UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Audra Boggs v. Cook, et al.
1:18-cv-00958

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS**

COMES NOW, Plaintiff Audra Boggs ("Plaintiff"), by and through counsel, and submits this Response in Opposition to Defendants' Omnibus Motion for Summary Judgment Based on Statute of Limitations, and in support thereof states as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendants' Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations is not only fundamentally flawed as it pertains to the law in the state of Texas, but also lists a date of injury four years prior to her even being implanted with a filter, and is severely premature. Defendants correctly state in Exhibit A to their Memorandum in Support of their motion that Plaintiff was implanted with a Cook filter on May 14, 2014. However, for some reason they list the date of her injury as May 19, 2010, a full four years before even having a filter. This is impossible, and Defendants should withdraw their motion as it pertains to this Plaintiff. The images submitted as part of the Case Categorization Form are from a CT scan that took place on May 9, 2016. While these images show clear perforation, the CT report merely states the filter is in place, therefore Plaintiff could not have been made aware of any injury on

this date. Even if she had, Plaintiff filed her case on March 26, 2018, less than two years from the date of the images submitted.

Defendants base their motion on documents submitted solely in support of the Case Categorization form required by the Court. These documents are limited to only those images that support the category that Plaintiff's case falls into. Defendants have not taken a single deposition in this case or served any interrogatories, or reviewed all of Plaintiff's medical records. The report by her physician that does not say the filter is perforated would be part of the normal discovery process, but was not submitted with the Case Categorization form as it did not support the category and therefore would violate the brevity requirement of this Court's order. It was not until an eye trained to look for such perforations reviewed the images that an injury was even discovered. Plaintiff will obviously offer expert testimony to support this fact, and would produce the full medical records as part of the normal discovery process. Defendants' motion is far too premature and exposes the very reason the Case Categorization forms are not to be used as discovery: the form and medical document support is limited for brevity. Therefore, Defendants' motion must be denied as based on incomplete law and severely premature.

## ARGUMENT

### I.      Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant also "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). "A district court should grant summary judgment only if the pleadings, depositions, answers to

interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. A.H. Robbins Co.,* 766 F.2d 1102, 1104 (7th Cir. 1985).  When considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party.  *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

> **II.    For Choice of Law Analysis, Seventh Circuit Precedent Holds that Foreign Cases Filed Directly in a Multidistrict Litigation Are Treated as Having Originated Outside of the MDL District, and Therefore Indiana Choice of Law Rules, Nor Indiana Law, Apply to Plaintiffs' Case.**

As a threshold matter, Indiana choice of law rules and Indiana law do not apply when determining the applicable statute of limitations in a multidistrict litigation.  Defendants' simplistic statement that Indiana choice of law rules and Indiana law apply merely because Plaintiffs filed their claims directly in this MDL court ignores Seventh Circuit precedent and is legally incorrect.  In the Seventh Circuit, it is black letter law that for choice of law analysis, "[F]oreign cases filed directly in a district court as part of an ongoing multidistrict litigation are treated as having originated <u>outside</u> of that district." *Dobbs v. DePuy Orthopedics, Inc.,* 842 F.3d 1045, 1048 (7th Cir. 2016) (emphasis added), citing with approval *In re Watson Fentanyl Patch Prods. Liab. Litig.,* 977 F.Supp.2d 885, 888-89 (N.D. Ill. 2013) (in direct filed product liability case, MDL court applied the law of the state where the Plaintiff purchased and used the prescribed product, <u>not</u> the MDL forum); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011) (similarly applying the law of the state where Plaintiff purchased and used the product rather than the MDL forum in foreign direct filed cases).  Tellingly, Defendants' Motion for Summary Judgment ignores the Seventh Circuit's holding in *Dobbs*.  The Court should reject Defendants' erroneous

choice of law argument, refuse to apply Indiana law to Plaintiff's foreign direct filed case, and deny Defendants' Motion for Summary Judgment.[1]

### III. Plaintiff Filed Her Personal Injury Claims within Texas's Statute of Limitations, and Defendants' Motion Is Severely Premature.

As discussed above, Texas law applies to Plaintiff's claim. Under Texas law, a plaintiff must commence a suit for personal injuries within two years after the day the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code § 16.003. As the accrual date in section 16.003(a) is not defined by statute, the courts are charged with the responsibility of articulating the rules governing accrual. *See, e.g., S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex. 1996). In most cases, a cause of action accrues when a wrongful act causes an injury. *See S.V.,* 933 S.W.2d at 4. However, in those cases when "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is not objectively verifiable," the discovery rule applies. *Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 456 (Tex. 1994). Under this rule, a cause of action does not accrue until a plaintiff knows or, through exercise of reasonable case and diligence, should have known of the wrongful act and resulting injury. *S.V.,* 933 S.W.2d at 4 (citing *Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 262 (Tex. 1994)).

Regarding this individual case, the Court need not even decide based on the discovery rule. Plaintiff submitted images from a May 9, 2016 CT scan that, when looked at for perforations by a trained eye, clearly show a severe perforation of the filter into adjacent organs. Plaintiff filed this action on March 26, 2018, well within the two year statute of limitation period. Regardless, the actual report for this particular scan merely says, "An inferior vena cava filter is in place." **See Exhibit A.** This is the only mention of the filter in the report. Plaintiff was never

---

[1] Plaintiffs incorporate by reference the Response of Plaintiffs' Steering Committee to the Cook Defendants' Renewed Omnibus Motion for Summary Judgment, which provides a more detailed analysis of the choice of law argument made herein.

made aware that there was an injury regarding the filter; much less that any such injury resulted from a defect in the medical device. Plaintiff did not discover the injury until these images were received by Plaintiff's counsel and reviewed with an eye toward discovering perforations or fractures in IVC filters. It is not known why Defendants put on their chart found in Exhibit A to their Memorandum in Support of this motion that the injury occurred May 19, 2010. Defendants correctly put on the chart that Plaintiff was implanted with the filter in question on May 14, 2014, four years after Defendants seem to think the injury occurred.

Additionally, Defendants claim that this Court should rule based solely on a limited and select number of medical records. These medical records in no way convey any information regarding Plaintiff's knowledge of the injury, or its causal connection to the defective nature of Defendants' IVC filter. The CT report that corresponds to the CT images was not produced as part of the Case Categorization form, as it did not support the category selection. The Court was clear that medical records that were not relevant to the category should not be produced in the interest of brevity. Defendants will receive the full medical records through the normal MDL discovery process. However, Defendants chose to file their motion without a complete understanding of the facts. This is one of the exact reasons the Case Categorization forms are not to be used as discovery. They are incomplete and narrowly tailored to the order. Defendants have not noticed a single deposition in this case, nor propounded any discovery. As such, this Court should reject Defendants' Motion for Summary Judgment.

## CONCLUSION

Defendants mistakenly identify Plaintiff's injury date four years before Plaintiff was implanted with a filter at all. The images submitted to Defendants were from a CT performed less than two years before Plaintiff filed her claim. Even still, the report for these images merely

states the filter is in place, and does not mention perforation.  Given the Texas's law regarding the accrual of personal injury cases involving medical devices, Plaintiff filed this action well within the Texas statute of limitations.  Therefore, for the foregoing reasons Plaintiff respectfully requests that this Court deny Defendants' Motion for Summary Judgment and grant Plaintiff any relief that this Court deems appropriate.

Dated: October 3, 2019                     /s/ Willard J. Moody, Jr.
                                                   Willard J. Moody, Jr.
                                                   THE MOODY LAW FIRM, INC.
                                                   500 Crawford Street, Suite 200
                                                   Portsmouth, Virginia 23704
                                                   Phone: (757) 358-2301
                                                   Fax: (757) 399-3019
                                                   Email: will@moodyrrlaw.com

                                                   *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                   /s/ Willard J. Moody, Jr.
                                                   Willard J. Moody, Jr.