UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES, AND           Case No.: 1:14-ml-2570-RLY-TAB
PRODUCT LIABILITY LITIGATION                        MDL No. 2570

---

This Document Relates to:

George Southern, Jr., et al. v. Cook, et al.
1:18-cv-03575

---

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS

COME NOW, Plaintiffs George Southern, Jr. and Edith Southern ("Plaintiffs"), by and through counsel, and submit this Response in Opposition to Defendants' Omnibus Motion for Summary Judgment Based on Statute of Limitations, and in support thereof state as follows:

### INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants' Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations is not only fundamentally flawed as it pertains to the law in the Commonwealth of Virginia, but also severely premature. Defendants cite to the Virginia code on statute of limitations without pointing to the code section which outlines when the discovery rule applies. This is misleading to the Court, disingenuous, and unnecessarily costly to the Plaintiffs especially if a hearing is required to simply state the law to the Court. Virginia statute clearly outlines a discovery rule for personal injury cases involving medical devices, such as this one. This code section is absent from Defendants' instant motion.

Additionally, Defendants base the motion on documents submitted solely in support of the Case Categorization form required by the Court. These documents are limited to only those

images that support the category that Plaintiffs' case falls into. Defendants have not taken a single deposition in this case or served any interrogatories, or reviewed all of Plaintiff's medical records. Importantly, only the images from a CT scan were submitted along with the Case Categorization form, as they clearly show severe perforation of the filter and support the category marked by the Plaintiffs. However, the report from Plaintiff's physician regarding this CT scan, states only that the filter is in place, and therefore never put the Plaintiffs on notice of any issue with the filter that is the subject of this lawsuit. This report would be part of the normal discovery process, but was not submitted with the Case Categorization form as it did not support the category and therefore would violate the brevity requirement of this Court's order. It was not until an eye trained to look for such perforations reviewed the images that an injury was even discovered. Plaintiffs will obviously offer expert testimony to support this fact, and would produce the full medical records as part of the normal discovery process. Defendants' motion is far too premature and exposes the very reason the Case Categorization forms are not to be used as discovery: the form and medical document support is limited for brevity. Therefore, Defendants' motion must be denied as based on incomplete law and severely premature.

## ARGUMENT

### I. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant also "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). "A district court should grant summary judgment only if the pleadings, depositions, answers to

interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. A.H. Robbins Co.,* 766 F.2d 1102, 1104 (7th Cir. 1985). When considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

    **II.**    **For Choice of Law Analysis, Seventh Circuit Precedent Holds that Foreign Cases Filed Directly in a Multidistrict Litigation Are Treated as Having Originated Outside of the MDL District, and Therefore Indiana Choice of Law Rules, Nor Indiana Law, Apply to Plaintiffs' Case.**

As a threshold matter, Indiana choice of law rules and Indiana law do not apply when determining the applicable statute of limitations in a multidistrict litigation. Defendants' simplistic statement that Indiana choice of law rules and Indiana law apply merely because Plaintiffs filed their claims directly in this MDL court ignores Seventh Circuit precedent and is legally incorrect. In the Seventh Circuit, it is black letter law that for choice of law analysis, "[F]oreign cases filed directly in a district court as part of an ongoing multidistrict litigation are treated as having originated <u>outside</u> of that district." *Dobbs v. DePuy Orthopedics, Inc.,* 842 F.3d 1045, 1048 (7th Cir. 2016) (emphasis added), citing with approval *In re Watson Fentanyl Patch Prods. Liab. Litig.,* 977 F.Supp.2d 885, 888-89 (N.D. Ill. 2013) (in direct filed product liability case, MDL court applied the law of the state where the Plaintiff purchased and used the prescribed product, <u>not</u> the MDL forum); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011) (similarly applying the law of the state where Plaintiff purchased and used the product rather than the MDL forum in foreign direct filed cases). Tellingly, Defendants' Motion for Summary Judgment ignores the Seventh Circuit's holding in *Dobbs*. The Court should reject Defendants' erroneous

choice of law argument, refuse to apply Indiana law to Plaintiffs' foreign direct filed case, and deny Defendants' Motion for Summary Judgment.[1]

### III. Plaintiffs Filed Their Personal Injury Claims within Virginia's Statute of Limitations, and Defendants' Motion Is Severely Premature.

Defendants' argument regarding the Virginia statute of limitations is irresponsibly outdated. It is correct that Virginia imposes a two-year statute of limitations on personal injury claims. Va. Code Ann. § 8.01-230. However, Defendants cite to a 1998 District Court case for their entire, albeit short, argument that Virginia does not have a discovery rule. This case was decided before Virginia statute was amended to include a discovery rule specifically for personal injury cases involving medical devices. A simple glance at the Virginia code section defining accrual of certain actions would reveal the amendment. It is disturbing that Defendants would file a motion for summary judgment for all Virginia cases in this MDL based on bad law.

Virginia law clearly states a cause of action shall be deemed to accrue "[i]n products liability actions…for injury to the person resulting from or arising as a result of the implantation of any medical device, **when the person knew or should have known of the injury and its causal connection to the device**." Va. Code Ann. § 8.01-249(9) (emphasis added). Not only would the Virginian plaintiff have to know about the injury, he or she would also have to know about the causal connection to the device in question. This black letter law is not cited to in Defendants' instant motion, and many Virginian plaintiffs in this MDL now have to respond and possibly argue at a hearing, including Mr. and Ms. Southern.

Regarding this individual case, Plaintiffs submitted images from a July 24, 2014 CT scan that, when looked at for perforations by a trained eye, clearly show a severe perforation of the

---

[1] Plaintiffs incorporate by reference the Response of Plaintiffs' Steering Committee to the Cook Defendants' Renewed Omnibus Motion for Summary Judgment, which provides a more detailed analysis of the choice of law argument made herein.

filter into adjacent organs. However, the actual report for this particular scan merely says, "IVC filter in place." **See Exhibit A.** This is the only mention of the filter in the report. Plaintiffs were never made aware that there was an injury regarding the filter; much less that any such injury resulted from a defect in the medical device. Plaintiffs did not discover the injury until these images were received by Plaintiffs' counsel and reviewed with an eye toward discovering perforations or fractures in IVC filters. This was in March of 2017. Plaintiffs filed their case November 15, 2018 after further investigation into the images.

Additionally, Defendants claim that this Court should rule based solely on a limited and select number of medical records. These medical records in no way convey any information regarding Plaintiffs' knowledge of the injury, or its causal connection to the defective nature of Defendants' IVC filter. The CT report that corresponds to the CT images was not produced as part of the Case Categorization form, as it did not support the category selection. The Court was clear that medical records that were not relevant to the category should not be produced in the interest of brevity. Defendants will receive the full medical records through the normal MDL discovery process. However, Defendants chose to file their motion without a complete understanding of the facts. This is one of the exact reasons the Case Categorization forms are not to be used as discovery. They are incomplete and narrowly tailored to the order. Defendants have not noticed a single deposition in this case, nor propounded any discovery. As such, this Court should reject Defendants' Motion for Summary Judgment.

## **CONCLUSION**

Given the Commonwealth's black letter law regarding the accrual of personal injury cases involving medical devices, Plaintiffs filed this action well within the Virginia statute of limitations. Therefore, for the foregoing reasons Plaintiffs respectfully request that this Court

deny Defendants' Motion for Summary Judgment and grant Plaintiffs any relief that this Court deems appropriate.

Dated: October 3, 2019  /s/ Willard J. Moody, Jr.
Willard J. Moody, Jr.
THE MOODY LAW FIRM, INC.
500 Crawford Street, Suite 200
Portsmouth, Virginia 23704
Phone: (757) 358-2301
Fax: (757) 399-3019
Email: will@moodyrrlaw.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Willard J. Moody, Jr.
Willard J. Moody, Jr.