**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 3326 |
| This Document Relates to:<br>SHARON H. FRANKLIN and PAUL A. FRANKLIN,<br>Case No. 1:17-cv-2162 | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**COOK'S OMNIBUS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Sharon Franklin and Paul Franklin ("Plaintiffs") respectfully request that this Court deny the Cook Defendants' ("Cook's") Motion for Summary Judgment. As discussed herein, Plaintiffs timely filed their claims under both Indiana law and Virginia law. Indeed, Plaintiffs filed their claims within two years of when they knew or should have known of Plaintiff Sharon Franklin's injury and its causal connection to Cook's defective product. As such, Plaintiffs timely served notice of their claims with the filing of their lawsuit on June 22, 2017.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On May 23, 2009, Plaintiff Sharon Franklin received a Cook IVC filter during an implantation procedure. *See*, Affidavit of Plaintiff Sharon Franklin, attached hereto as Plaintiffs' Exhibit A, at 1.

2. On July 9, 2011, Plaintiff Sharon Franklin's doctors attempted to retrieve her Cook Medical IVC filter during a hospital procedure. *Id*.

3. Following the attempted retrieval procedure, Plaintiff Sharon Franklin's doctors told her that they had been unsuccessful in retrieving her IVC filter. *Id*.

4. Plaintiff's doctors did not tell her that her Cook Medical IVC filter was the cause of the unsuccessful retrieval attempt. *See*, Plaintiffs' Exhibit A, at 1.

5. Plaintiff Sharon Franklin did not know nor could she have known that her injuries were caused by a defective Cook Medical IVC Filter until 2016 when she was first saw television ads regarding defects with Cook Medical's IVC filters. *Id*.

6. Plaintiffs filed suit herein on June 22, 2017. *See*, Plaintiffs' Short Form Complaint, attached hereto as Exhibit B.

7. On October 2, 2018, the Court entered its Categorization and Screening Order (Dkt. 9322) which instructed all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

8. On September 5, 2019, Cook filed a Renewed Omnibus Motion for Summary Judgment Based on the Applicable Statute of Limitations. *See*, Docket No. 11725.

9. In support of Cook's Motion for Summary Judgment as it relates to these Plaintiffs, Cook relies exclusively upon Plaintiffs' Case Categorization Form in asserting that the statute of limitations expired two years after a failed filter retrieval attempt in 2011. *See,* Ex. A to Cook's Memorandum in Support of Their Renewed Omnibus Motion for Summary Judgment (Docket No. 11726-1), at 12.

10. Cook has not deposed Plaintiff Sharon Franklin in the instant case. *See*, Plaintiffs' Exhibit A, at 1.

## SUMMARY JUDGMENT STANDARD

The standard for consideration of a motion for summary judgment is that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, courts cannot "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). Rather, courts reviewing a defendant's motion for summary judgment must draw any permissible inference from the underlying fact **in the light most favorable to the plaintiff**. *Matsushita Elec. Indus. Co*. v. *Zenith Radio Corp*., 475 U.S. 574, 587-88 (1986) (emphasis added). To satisfy this initial burden, the movant must inform the court of the basis for the motion and identify the portions of the record that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

Thus, Cook "must discharge the burden the Rules place upon [it]: It is not enough to move for summary judgement without supporting the motion in any way of with a conclusory assertion." *Id*. The non-movant is entitled to have the credibility of her evidence as forecast assumed, her version of all that is in dispute accepted, and all internal conflicts in it resolved favorably to her. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). When the evidence is viewed in this way, if a fair-minded jury could return a verdict for the non-moving party, summary judgment must be denied. *See Anderson*, 477 U.S. at 252.

### ARGUMENT AND AUTHORITIES[1]

### A. PLAINTIFFS TIMELY FILED THEIR CLAIMS UNDER INDIANA LAW.

Indiana's two-year statute of limitations for personal injury begins "to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Barnes v. A.H. Robins Co.*, 476 N.E. 2d 84, 87-

---

[1] Whether the Court decides to apply Indiana law or Virginia law in the instant case, Plaintiffs submit that the analysis should result in the denial of Cook's Motion for Summary Judgment.

88 (Ind. 1985). The issue is generally one of fact for the jury. *Degussa Corp. v. Mullens*, 744 N.E. 2d 407, 411 (Ind. 2001) (quoting *Van Dusen v. Stotts*, 712 N.E.2d 491, 499 (Ind. 1999)); *also see Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (stating that the issue is often a question of fact). The issue "*may* become a matter of law" if, for example, "a plaintiff's doctor expressly informs the plaintiff that there is a 'reasonable possibility, if not a probability' that an injury was caused by an act or product." *Id*. (emphasis added). But to determine when a reasonably diligent plaintiff should have discovered the claimed injury, Indiana courts ask, "whether a reasonable person in plaintiff's position...possessing the information plaintiff did when she did, could have discovered through the exercise of ordinary diligence that the product caused her harm." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995).

In this case, Cook does not contend that Plaintiff Sharon Franklin was put on inquiry notice by any doctor communications which would cause the statute of limitations to run as a matter of law. Indeed, Plaintiff Sharon Franklin's doctors did not tell her that Cook's IVC filter was the cause of the unsuccessful retrieval attempt in 2011. *See*, Plaintiffs' Exhibit A, at 1. Rather, Cook relies exclusively upon Plaintiffs' Case Categorization Form in asserting that her statute of limitations expired two years after a failed retrieval attempt in 2011. *See,* Ex. A to Cook's Memo, at 12.

However, Cook can point to nothing in the record demonstrating that Plaintiff Sharon Franklin had notice of a defective filter inside her. On the contrary, the evidence shows that Plaintiff Sharon Franklin had no idea that it was a defective IVC filter device that had caused her problems until 2016. *See,* Plaintiffs' Exhibit A, at 1. Specifically, she was unaware that the failed retrieval attempt in 2011 might be related to defects with her Cook filter device until she saw television advertisements in 2016. *See,* Plaintiffs' Exhibit A, at 1. As stated above, Plaintiff

Sharon Franklin's doctors did not tell her that Cook's IVC filter was the cause of the 2011 unsuccessful retrieval attempt. *Id.*

Thus, the evidence before the Court simply does not trigger a scenario where the issue should become "a matter of law," as outlined above in *Degussa Corp. v. Mullens*. 744 N.E. 2d 407, 411 (Ind. 2001). Plaintiffs' statute did not begin to run until a reasonable person in Plaintiff Sharon Franklin's position...possessing the information she possessed, could have discovered through the exercise of ordinary diligence that Cook's filter caused her harm. *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995). In this case, that reasonable person in Plaintiff Franklin's position would not have discovered that Cook's filter caused their harm before the date that they saw advertisements related to Cook's filter on television, which was in 2016. *See,* Plaintiffs' Exhibit A, at 1. Thereafter, on June 22, 2017, Plaintiffs filed their complaint against Cook, which was well within two years after Plaintiff Sharon Franklin knew or should have discovered that she suffered an injury, and that Cook's defective filter device might have been the cause. *See*, Plaintiffs' Exhibit B. Accordingly, genuine issues of fact exist as to when Plaintiff Sharon Franklin knew or should have known of an injury and its causal connection to Cook's IVC filter device. Therefore, under an analysis of Indiana law, the Court should deny Cook's Motion for Summary Judgement.

**B.     PLAINTIFF TIMELY FILED HER CLAIMS UNDER VIRGINIA LAW.**

Should the Court apply Virginia law herein, the result would be the same. Virginia's statute of limitations for all personal injury actions is two years. Va. Code. Ann. § 8.01-243(a). Va. Code. Ann. § 8.01-203 provides:

> In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person or damage to property, when the breach of contract occurs in actions ex contractu and not when the resulting

> damage is discovered, except where the relief sought is solely equitable or where otherwise provided under § 8.01-233, subsection C of § 8.01-245, §§ 8.01-249, 8.01-250 or other statute.

Significantly, in 2016, the Virginia legislature adopted a discovery rule for personal injury actions involving medical devices. Indeed, "[I]n products liability actions against parties other than health care providers as defined in § 8.01-581.1 for injury to the person resulting from or arising as a result of the implantation of any medical device, [the cause of action accrues] **when the person knew or should have known of the injury and its causal connection to the device.**" Va. Code Ann. § 8.01-249 (2016) (emphasis added). Thus, contrary to Cook's assertions, the plain language of Virginia's 2016 amendment demonstrates that Virginia does in fact follow a discovery rule in applying the statute of limitations in medical device cases such as the instant case. And as discussed herein, under Virginia's discovery rule, Plaintiff Sharon Franklin did not know or have reason to know of her injuries and the causal connection to Cook's filter until 2016.

In the instant case, genuine issues of fact exist as to whether Plaintiff Sharon Franklin knew or had reason to know of her injuries and the causal connection to Cook's filter before 2016. As discussed above, Cook relies exclusively upon Plaintiffs' Case Categorization Form in asserting that the statute of limitations expired two years after a failed retrieval attempt in 2011. *See,* Ex. A to Cook's Memo, at 12. On the contrary, Plaintiff Sharon Franklin did not discover the causal connection between her injuries and Cook's IVC filter until 2016. *See,* Plaintiffs' Exhibit A, at 1. Thereafter, on June 22, 2017, Plaintiffs filed their complaint against Cook, which was well within two years after discovering the causal connection between Plaintiff's injuries and Cook's defective device. *See*, Plaintiffs' Exhibit B. Accordingly, genuine issues of fact exist as to when Plaintiff Sharon Franklin knew or should have known of an injury and its causal connection to Cook's IVC filter device. As such, this Court should deny Cook's Motion for Summary Judgement.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs Sharon Franklin and Paul Franklin respectfully request that the Court deny Cook's Motion for Summary Judgment Based on the Applicable Statute of Limitations.

Dated: October 3, 2019                           Respectfully submitted,

/s/ *John C. Duane*
John C. Duane
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
jduane@motleyrice.com
(843) 216-9000

***Counsel for Plaintiffs Sharon and Paul Franklin***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

      /s/ *John C. Duane*
      John C. Duane
      MOTLEY RICE LLC
      28 Bridgeside Blvd.
      Mount Pleasant, SC 29464
      jduane@motleyrice.com
      (843) 216-9000