**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 3326 |
| This Document Relates to:<br>Michelle D. McGee,<br>Case No. 1:17-cv-02221 | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**COOK'S OMNIBUS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Michelle D. McGee ("Plaintiff") respectfully requests that this Court deny the Cook Defendants' ("Cook's") Motion for Summary Judgment. As discussed herein, Plaintiff timely filed her claims under both Indiana law and Texas law. Indeed, Plaintiff filed her claims within two years of when she knew or should have discovered an injury and its causal connection to Cook's defective product. As such, Plaintiff timely served notice of her claims with the filing of her lawsuit on June 29, 2017.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On October 25, 2010, Plaintiff Michelle D. McGee received a Cook IVC filter during an implantation procedure. *See*, Affidavit of Plaintiff Michelle D. McGee, attached hereto as Plaintiff's Exhibit A, at 1.

2. On April 21, 2011, Plaintiff's doctors retrieved her Cook Medical IVC filter during a hospital procedure. *Id*.

3. At the time of the removal procedure, Plaintiff's doctors did not tell her that the filter device had moved due to any problems with the Cook IVC filter device. *Id*.

1

4.	In October 2015, Plaintiff first learned that her IVC filter device could have caused her injuries when she saw television advertisements regarding potential defects with Cook Medical IVC filters like the one she had received.  *See*, Plaintiff's Exhibit A, at 1.

6.	Plaintiff filed suit herein on June 29, 2017.  *See*, Plaintiff's Short Form Complaint, attached hereto as Exhibit B.

7.	On October 2, 2018, the Court entered its Categorization and Screening Order (Dkt. 9322) which instructed all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

8.	On September 5, 2019, Cook filed a Renewed Omnibus Motion for Summary Judgment Based on the Applicable Statute of Limitations.  *See*, Docket No. 11725.

9.	In support of Cook's Motion for Summary Judgment as it relates to this Plaintiff, Cook relies exclusively upon Plaintiff's Case Categorization Form in asserting that the statute of limitations expired two years after Plaintiff's April 21, 2011, migration event and IVC filter retrieval.  *See,* Ex. A to Cook's Memorandum in Support of Their Renewed Omnibus Motion for Summary Judgment (Docket No. 11726-1), at 10.

10.	Cook has not deposed Plaintiff in the instant case.  *See*, Plaintiff's Exhibit A, at 1.

## **SUMMARY JUDGMENT STANDARD**

The standard for consideration of a motion for summary judgment is that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, courts cannot "weigh the evidence and determine the truth of the matter."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, courts reviewing a defendant's motion for summary judgment must draw any permissible inference from the underlying fact **in the light most favorable to the plaintiff**. *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (emphasis added). To satisfy this initial burden, the movant must inform the court of the basis for the motion and identify the portions of the record that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

Thus, Cook "must discharge the burden the Rules place upon [it]: It is not enough to move for summary judgement without supporting the motion in any way of with a conclusory assertion." *Id*. The non-movant is entitled to have the credibility of her evidence as forecast assumed, her version of all that is in dispute accepted, and all internal conflicts in it resolved favorably to her. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). When the evidence is viewed in this way, if a fair-minded jury could return a verdict for the non-moving party, summary judgment must be denied. *See Anderson*, 477 U.S. at 252.

## ARGUMENT AND AUTHORITIES[1]

### A.   PLAINTIFF TIMELY FILED HER CLAIMS UNDER INDIANA LAW.

Indiana's two-year statute of limitations for personal injury begins "to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Barnes v. A.H. Robins Co.*, 476 N.E. 2d 84, 87-88 (Ind. 1985). But the issue is generally one of fact for the jury. *Degussa Corp. v. Mullens*, 744 N.E. 2d 407, 411 (Ind. 2001) (quoting *Van Dusen v. Stotts*, 712 N.E.2d 491, 499 (Ind. 1999)); *also see Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (stating that the issue is often a question of fact). The issue "*may* become a matter of law" if, for example, "a

---

[1] Whether the Court decides to apply Texas law or Indiana law in the instant case, Plaintiff submits that the analysis should result in the denial of Cook's Motion for Summary Judgment.

plaintiff's doctor expressly informs the plaintiff that there is a 'reasonable possibility, if not a probability' that an injury was caused by an act or product." *Id*. (emphasis added). But to determine when a reasonably diligent plaintiff should have discovered the claimed injury, Indiana courts ask, "whether a reasonable person in plaintiff's position...possessing the information plaintiff did when she did, could have discovered through the exercise of ordinary diligence that the product caused her harm." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995).

In this case, Cook does not contend that Plaintiff was put on inquiry notice by any doctor's communications such as to possibly cause the statute of limitations to run as a matter of law. Indeed, Plaintiff Michelle McGee's doctors did not tell her that her IVC filter had moved or migrated due to any problems with the device. *See*, Plaintiff's Exhibit A, at 1. Rather, Cook relies exclusively upon Plaintiff's Case Categorization Form in asserting that her statute of limitations expired two years after a migration and filter retrieval surgery in 2011. *See* Ex. A to Cook's Memo, at 10.

However, Cook can point to nothing in the record demonstrating that Plaintiff had notice of a defective filter inside her. On the contrary, Plaintiff had no idea that it was a defective IVC filter device that had caused her problems until October 2015. *See* Plaintiff's Exhibit A, at 1. Specifically, she was unaware that the migration and filter retrieval surgery in 2011 might be related to defects with her Cook filter device until she saw television advertisements in October 2015. *Id*. As stated above, Plaintiff's doctors did not tell her that Cook's IVC filter was the cause of the 2011 migration or device retrieval surgery. *Id*.

Thus, the evidence before the Court simply does not trigger a scenario where the issue should become "a matter of law," as outlined above in *Degussa Corp. v. Mullens*. 744 N.E. 2d 407, 411 (Ind. 2001). Plaintiff's statute did not begin to run until a reasonable person in Plaintiff's

4

position...possessing the information she possessed, could have discovered through the exercise of ordinary diligence that Cook's filter caused her harm. *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995). In this case, that reasonable person in Plaintiff McGee's position would not have discovered that Cook's filter caused her harm before the date when she saw advertisements related to Cook's filter on television, which was in October 2015. *See,* Plaintiffs' Exhibit A, at 1. Thereafter, on June 29, 2017, Plaintiff filed her complaint against Cook, which was well within two years after Plaintiff knew or should have discovered that she suffered an injury, and that Cook's defective filter device might have been the cause. *See,* Plaintiff's Exhibit B. Accordingly, genuine issues of fact exist as to when Plaintiff Michelle McGee knew or should have known of an injury and its causal connection to Cook's IVC filter device. Therefore, under an analysis of Indiana law, the Court should deny Cook's Motion for Summary Judgement.

      **B.     PLAINTIFF TIMELY FILED HER CLAIMS UNDER TEXAS LAW.**

Should the Court apply Texas law herein, the result would be the same. Under Texas law, the two-year statute of limitations does not commence until the particular claim "accrues." Tex. Civ. Prac. & Rem. Code § 16.003. While a claim generally "accrues" at the time of injury, the discovery rule in Texas provides an exception to the general rule of accrual. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990). The Texas Supreme Court has ruled that under the discovery rule, "a cause of action is deferred" in cases in which "the alleged wrongful act and resulting injury were inherently undiscoverable at the time they occurred but may be objectively verified." *Hovey v. Cook Inc.*, 97 F. Supp.3d 836, 841 (S.D.W.Va. 2015) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996)).

In *Hovey*, the plaintiff experienced an abscess weeks after her May 2003 implant surgery with a urethral sling device. *Id*. at 838. The plaintiff asserted that she did not become aware that her sling device had caused her problems until 2013 when she saw some information on the

5

Internet. *Id*. at 839. The defendant argued that the discovery rule was inapplicable because the plaintiff's injuries, which she was aware of and received treatment for in 2003, were not inherently undiscoverable. *Id*. at 841.

The *Hovey* Court disagreed with the defendant, finding that the discovery rule applies "when the 'alleged wrongful act and the resulting injuries' are both inherently undiscoverable, that is, 'unlikely to be discovered within the prescribed limitations period despite due diligence.' … Together, the 'alleged wrongful act and the resulting injuries' are considered the nature of the injury." *Id*. Thus, the *Hovey* Court found that the plaintiff did not know and was unlikely to discover before the expiration of the statutory period that a wrongful act was to blame for her sling injuries; therefore, the nature of her injuries was inherently undiscoverable. *Id*. Critically, the *Hovey* Court also found that the issue of when the plaintiff "knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury" was a question best left to the jury. *Id*. at 843.

In this case, Plaintiff underwent an IVC filter removal procedure in April of 2011due to a malpositioned filter device. However, like the plaintiff in *Hovey*, Plaintiff did not become aware that defects with her Cook IVC filter had caused her problems until October of 2015 when she saw television advertisements related to Cook's IVC filters. *See*, Plaintiff's Exhibit A, at 1. Plaintiff then filed suit herein on June 29, 2017, well within two years of discovering the connection between the defects with her filter device and her injuries. Thus, under Texas law, genuine issues of fact exist as to whether Plaintiff knew or should have discovered before the expiration of the statutory period that a wrongful act was to blame for her filter injuries. Plaintiff asserts that the nature of her injuries was inherently undiscoverable until October 2015, and Cook has provided

no evidence to refute this assertion. Accordingly, Plaintiff respectfully requests that the Court deny the instant motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff Michelle McGee respectfully requests that the Court deny Cook's Motion for Summary Judgment Based on the Applicable Statute of Limitations.

Dated: October 3, 2019

Respectfully submitted,

/s/ *John C. Duane*
John C. Duane
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
jduane@motleyrice.com
(843) 216-9000

***Counsel for Plaintiff Michelle D. McGee***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

      /s/ *John C. Duane*
      John C. Duane
      MOTLEY RICE LLC
      28 Bridgeside Blvd.
      Mount Pleasant, SC 29464
      jduane@motleyrice.com
      (843) 216-9000