IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This Document Relates to:<br>144 Cases From Five States Listed In Exhibit A to Cook's Renewed Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations from Five States | |

## The PSC's Response to Cook's Omnibus Motion for Summary Judgment Based Upon Statutes of Limitation

The Plaintiffs' Steering Committee provides the following response to Cook's omnibus summary judgment motion [Filing No. 11725] to address only Cook's contention that Indiana choice of law principles apply to cases filed directly in this district:[1]

### Introduction

Cook claims Indiana's choice of law rules apply because these 144 cases were filed directly in this district. Yet three years ago—**in this litigation**—Cook claimed the opposite. In 2016, Cook moved for summary judgment in the Valerie Graham case. As a Kansas resident, Ms. Graham elected to file her lawsuit in this district and submitted a short-form complaint noting that her case would have been filed in Kansas federal court absent this MDL. In a section of its summary judgment brief

---

[1] The PSC chose to respond to Cook's choice of law argument because the issue pertains to all plaintiffs who directly filed their case in this district. Any issues specific to an individual plaintiff will be addressed by that plaintiff and his or her attorney.

entitled "Choice of Law Analysis," Cook told this Court that Kansas—not Indiana—choice of law principles applied because "courts have found that the 'better approach is to treat foreign direct filed cases … as if they were transferred from a judicial district sitting in the state where the case originated." [Filing No. 1051, at ECF p. 4252.] Based upon this statement of law Cook concluded: "Kansas is the originating state and Kansas choice-of-law provisions apply." [*Id*. at ECF p. 4253.] Cook chose not to mention these prior statements in its current brief.

Whether we phrase it in terms of estoppel, a prior admission, or just plain fairness, Cook cannot take one legal position when it thinks it helps and then take the opposite position when it thinks it doesn't. At a minimum, if Cook wants to flip-flop then it should have alerted the Court to that fact and explained why such a change was warranted. What Cook shouldn't be permitted to do though, is choose not to tell the Court about its prior staked-out position and hope that no one remembers in an MDL with nearly 12,000 filings.

Cook's choices didn't stop there. Cook also failed to disclose a Seventh Circuit case directly adverse to its current position: *Dobbs v. Depuy Orthopedics, Inc.*, 842 F.3d 1045 (7th Cir. 2016). In *Dobbs*, the Seventh Circuit held, "[F]oreign cases filed directly in a district court as part of an ongoing multidistrict litigation are treated as having originated outside of that district." *Id*. at 1048. Again at a minimum, Cook should have disclosed this binding precedent and made whatever argument it believed justified placing it aside. What Cook isn't allowed to do is pretend binding precedent doesn't exist.

Under both Cook's prior claims to this Court and controlling precedent one thing is clear: Indiana's choice of law principles do not apply to out-of-state plaintiffs who filed their cases directly into this MDL.[2]

## Argument

### 1. Summary judgment standard.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant also "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. A.H. Robbins Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985). When considering a motion for summary judgment, the court must view the facts and draw

---

[2] Cook's prior briefing in the *Graham* summary judgment context calls into question Cook's adamant position that there was no "direct filing order" triggering the Supreme Court's *Lexecon* decision. The Court will recall that the PSC argued that there **was** such an order; Cook claimed there wasn't. Yet here's what Cook said in the *Graham* context: "When a case based on diversity is part of an MDL and is directly filed in the MDL forum **as the result of a direct filing order**, courts have found that the 'better approach is to treat foreign direct filed cases … as if they were transferred from a judicial district sitting in the state where the case originated.'" [Filing No. 1051, at ECF p. 4252.] Cook then explained, "applying this law to the present case leads to the application of Kansas law." [*Id.* at ECF p. 4253.]

3

all reasonable inferences in the light most favorable to the non-moving party. *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

2. **In prior briefing before this Court, Cook conceded that plaintiffs' home state choice of law principles should apply.**

On February 2, 2016, Cook moved for summary judgment in *Graham v. Cook*, Case No. 1:15-cv-764, arguing among other things the case was time-barred. [*See generally* Filing No. 1051.] Just like the 144 cases here, the *Graham* case was not transferred to this district by the JPMDL; it was directly filed. [*See* Master Case List, p. 8.]³

In a section entitled "Choice of Law Analysis," Cook made clear that direct-filed cases like *Graham* are subject to the choice of law principles of their **home** forum, not the forum of the MDL court:

> When a case based on diversity is part of an MDL and is directly filed in the MDL forum as the result of a direct filing order, courts have found that the "better approach is to treat foreign direct filed cases [i.e., cases originating outside of this Court's judicial district but filed directly into the MDL] as if they were transferred from a judicial district sitting in the state where the case originated." *In re Yasmin*, 2011 U.S. Dist. LEXIS 39820, at *15, *18 (S.D. Ill. April 11,

[Filing No. 1051, at ECF p. 4252.] Cook went on: "Applying this law to the present case leads to the application of Kansas law." [*Id.*, at ECF p. 4253.]

---

³ Given that this volume of the Master Case List spans more than 300 pages, the PSC does not attach it here. It is located on the Court's website at the following link: https://www.insd.uscourts.gov/sites/insd/files/MDL%202570%20Schedule%20A.pdf

The doctrine of judicial estoppel provides guidance here. As Justice Ginsburg explained: "judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quotation omitted). Judicial estoppel protects the integrity of the judicial process by preventing parties from "playing fast and loose with the courts," and is "intended to prevent improper use of judicial machinery." *Id*. at 750 (quotations omitted). This is precisely what Cook attempts to do here. Given its prior position on choice of law, the Court should reject Cook's contrary position out of hand.

3. **Seventh Circuit precedent holds that foreign cases filed directly in an MDL are treated as having originated <u>outside</u> of the MDL district. Therefore, neither Indiana choice of law rules nor Indiana law apply to these Plaintiffs.**

In *Dobbs,* 842 F.3d 1045, an Illinois plaintiff direct-filed his case in the Northern District of Ohio MDL. The case was later transferred from the Ohio MDL to the Northern District of Illinois. The Seventh Circuit held that the case originated in Illinois and that Illinois choice of law rules applied. *Id*. at 1048.

> Dobbs's claim . . . was filed in the Northern District of Ohio only because the DePuy multidistrict litigation was already in progress there. Dobbs's complaint stated that the Northern District of Illinois was the appropriate venue absent the multidistrict litigation. That advises treating the Northern District of Illinois as the original venue.
>
> In fact, district courts in our circuit have taken that approach: **foreign cases filed directly in a district court as part of ongoing multidistrict litigation are treated as having originated outside of that district.** We ratify that approach here and apply Illinois's choice-of-law rules.

5

*Id.* at 1048 (emphasis added) (citing, *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F. Supp. 2d 885, 888-89 (N.D. Ill. 2013), and *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-MD-02100-DRH, 2011 WL 1375011, at *5 (S.D. Ill. Apr. 12, 2011)).

The *Watson Fentanyl* decision—cited with approval by the Seventh Circuit in *Dobbs*—involved another case filed directly in an MDL court sitting in the Northern District of Illinois. 977 F. Supp. 2d at 886. The case concerned an Ohio resident who died in Ohio after using a fentanyl patch that was prescribed, purchased, and administered in Ohio. The Northern District of Illinois MDL court applied Ohio law and rejected attempts to apply Illinois law, or even Illinois' choice of law rules.

> [T]he prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including choice of law rules) that applies is the law of the state where the case originated. The Court agrees with the cases just cited and concludes that the choice of law rules that apply are those of the state where the case originated.

*Id.* at 888 (internal citations omitted).

The *Watson Fentanyl* MDL court then went on to analyze the meaning of the term "originated":

> **[A] direct-filed case in an MDL proceeding is considered to have originated in the state where the plaintiff purchased and used the prescribed product.** That is how the place of filing is determined in [the] overwhelming majority of product liability cases, and it is a reasonable approach to determining the choice of law issue that has been presented.

*Id.* at 889 (emphasis added). Because the plaintiff was prescribed and used the fentanyl patch at his Ohio residence, the Illinois MDL court ruled that Ohio law should apply to this foreign direct filed case.[4]

*In re Yasmin*—cited with approval by both the *Dobbs* and *Watson Fentanyl* courts—involved numerous cases that originated outside of that court's judicial district and that were filed directly in the Southern District of Illinois MDL. Similar to Cook's faulty reasoning, the *Yasmin* plaintiffs argued that because the court was sitting in diversity in Illinois, Illinois was the proper forum and Illinois choice of law principals should control. *Id*. Judge Herndon rejected that argument and emphasized in bold type: **"Illinois choice of law principals do not control simply because this MDL Court is sitting in diversity in Illinois."** *Id*. (emphasis in original). Judge Herndon further wrote:

> The Court concludes that the better approach is to treat foreign direct filed cases as if they were transferred from a judicial district sitting in the state where the case originated.  For purposes of this analysis, the Court considers the originating state to be the state where the plaintiff purchased and was prescribed the subject drug.  Thus, for a foreign direct filed member action involving a plaintiff that purchased and was prescribed the subject drug in Tennessee, the Court will treat that plaintiff's claims as if they were transferred to this MDL from a district court in Tennessee.

*Id., at \*6. See also In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.,* 76 F. Supp. 3d 294, 303 (D. Mass. 2015) ("The home forum designation of the direct

---

[4] Similar to the approach taken by the Seventh Circuit, the *Watson Fentanyl* MDL court also noted that it could have applied California choice of law rules, because Plaintiffs' complaint suggested that they would have filed their lawsuit in California.  But even applying California choice of law rules, the Illinois MDL court concluded that Ohio law should apply and **not** the law of the MDL forum.  *Id.* at 889-90.

7

filing plaintiffs is the best evidence I have of what these plaintiffs would have done absent direct filing. Just as Mississippi plaintiffs would have had a choice between at least two proper forums in the absence of direct filing, so too do they have such an option with the direct filing procedure. I will therefore consider the forum that the direct filing plaintiffs designated on their short form complaints as the originating forum for the choice of law analysis."); *Wahl v. General Electric Co.,* 983 F.Supp. 2d 937, 943 (M.D. Tenn. 2013) ("Most of the courts that have considered this peculiar procedural posture have stated that it is appropriate to apply choice of law rules of the 'originating' jurisdiction [i.e. where the case would have been brought but for the CMO permitting direct filing], rather than the choice of law rules of the MDL Court. These courts have generally reasoned that the direct filing procedure is simply designed to promote judicial economy and conserve the parties' resources, not to alter the choice of law rules."); *In re Avandia Marketing, Sales Practices and Prods Liability Litig.,* 2012 WL 3205620, at *2 (E.D. Pa. August 7, 2012) ("The Court has concluded, as have other MDL courts, that such [direct filed] cases should be governed by the law of the states where Plaintiffs received treatment and prescriptions for Avandia. This ruling will promote uniform treatment between those Plaintiffs whose cases were transferred into the MDL from their home states and those who filed directly into the MDL.").

Thus, there are two different approaches for examining choice of law issues for direct filed cases in this MDL: (1) focus on the court designated by the plaintiff in the Short Form Complaint as the place of proper venue as discussed in the *Dobbs, In re*

*Fresenius Granuflo,* and *Wahl* cases; or (2) focus on the place where the plaintiff received the IVC filter prescription and treatment as held in the *In re Watson Fentanyl, In re Yasmin*, and *In re Avandia* cases. Under both approaches, neither Indiana choice of law rules nor Indiana law apply to these cases. It is undisputed that the foreign direct-filed Plaintiffs' Short Form Complaints unambiguously listed venue choices—just as the plaintiff in *Graham*—at locations outside of Indiana. Moreover, all 144 plaintiffs subject to this Motion purchased and were prescribed their IVC filters outside of Indiana.[5] Therefore, the Court should reject Cook's attempt to apply Indiana law.

4. **Cook's motion for summary judgment ignores controlling precedent and distorts the meaning of the term "originated."**

Tellingly, Cook omits from its brief any discussion of the Seventh Circuit's *Dobbs* case. No doubt this is because the Seventh Circuit's black letter holding completely contradicts Cook's argument. *See supra.* In fact, most of the cases Cook cites stand for nothing more than the unremarkable proposition that federal courts sitting in diversity apply forum choice of law rules to determine substantive law. [*See, e.g.,* Filing No. 11726, at ECF p. 86054-55.] These cases, however, are irrelevant because they do not pertain to foreign direct filed cases in an MDL—or have anything to do with an MDL for that matter.

Interestingly, Cook does cite the *In re Watson Fentanyl* and *In re Yasmin* cases. [*Id.,* at ECF p. 86055.] Cook even cites *In re Watson Fentanyl* for the proposition that

---

[5] No doubt, in most cases, the venue designated by a particular Plaintiff in the Short Form Complaint will be the same place where the Plaintiff received his or her IVC filter and treatment.

"the prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including the choice of law rules) that applies is the law of the state where the case originated." [*Id.*, citing *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F. Supp. 2d at 888 (citing *In re Yasmin & Yaz (Drospirenone) Mktg. Sales Practices & Prod. Liab. Litig.*, 2011 WL 1375011.] Thus, Cook's Motion for Summary Judgment completely supports the PSC's position that neither Indiana law nor Indiana choice of law rules apply to these 144 foreign direct-filed cases.

In a desperate effort to make an end-run around this well-established body of law, Cook engages in a game of legal gymnastics to twist the meaning of the term "originate." First, Cook ignores the fact that the *Watson Fentanyl* and *Yasmin* MDL courts both ruled that the law of the MDL forum does **not** apply to foreign direct-filed cases. Second, Cook conveniently omits any discussion as to how these MDL courts came to their respective conclusions that the place where the plaintiff was prescribed and treated determines the applicable law.

Instead, Cook distorts this Court's prior *Lexecon* order regarding **jurisdiction and venue** over cases directly filed in this Court. But jurisdiction and venue are not the same as choice of law. As Cook knows, the Court did not address any choice of law issues in its *Lexecon* ruling. Moreover, the Court has never been presented with the choice of law issue for cases directly filed in the MDL, and the parties have never fully briefed the issue for the Court until now. Furthermore, in the context of the *Lexecon* briefing, Cook never alerted this Court to the fact that it had previously

acknowledged the existence of a direct-filing order **in this identical context.** Cook's argument concerning the meaning of the term "originated" is both factually and legally incorrect. The Court should reject Cook's attempt to apply Indiana law and deny Cook's Motion for Summary Judgment.

## Conclusion

For choice of law analysis, the law of the Seventh Circuit holds that "foreign cases filed directly in a district court as part of ongoing multidistrict litigation are treated as having originated outside of that district." *Dobbs*, 842 F.3d at 1048. The Court should reject Cook's attempt to apply Indiana choice of law rules and Indiana law to these 144 foreign direct filed Plaintiffs. The Court should also deny Cook's Motion for Summary Judgment in its entirety.

Date: October 3, 2019

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
Martin Baughman, PLLC
3710 Rawlins Street, Suite #1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com
*Plaintiffs' Co-Lead Counsel*

/s/ *Joseph N. Williams*
Joseph N. Williams (#25874-49)
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993
mheaviside@hrzlaw.com
*Plaintiffs' Co-Lead Counsel*

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEW AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2019, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Joseph N. Williams*
Joseph N. Williams