UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC.. IVC FILTERS
MARKETING, SALES PRACTICES, AND
PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document relates to:

Glenda Horton, 16-cv-00175-PLY-TAB

### PLAINTIFF GLENDA HORTON'S OPPOSITION TO COOK'S RENEWED OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS

Plaintiff Glenda Horton submits the following response in opposition to Cook's renewed omnibus motion for summary judgment based upon the statute of limitations.

### STATEMENT OF MATERIAL FACTS IN DISPUTE

1. On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2. The Case Categorization form expressly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose." *See* Dkt. 9638-1, p.1 ¶4.

3. Plaintiff learned for the first time in mid 2015 that some inferior vena cava filters may be defective and could cause her injuries. Shortly thereafter, she learned from one of her doctors that the filter implanted in her may be defective and may be causing injury to her. (See Declaration of Plaintiff Glenda Horton attached as Exhibit 1).

1

4. Plaintiff filed her Short Form Complaint in this case on January 21, 2016. (See Exhibit 2).

## STANDARD OF REVIEW

Summary judgment is only appropriate where the pleadings, depositions, answers to interrogatories, affidavits and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. of Civ. Pro. 56 (a). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In ruling on a motion for summary judgment, the Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *See generally National American Ins. Co. v. Artisan and Truckers Cas. Co*, 796 F.3d 717, 723 (7th Cir. 2015).

## ARGUMENT

**I.  SUMMARY JUDGMENT IS NOT PROPER BASED UPON THE STATUTE OF LIMITATIONS.**

  **A.  Questions of Fact Exist Whether Plaintiff's Claims are Time Barred Under Indiana Law.**

Cook argues that it is entitled to summary judgment because all of Plaintiff's claims are time barred by the Indiana statute of limitations. Accepting Cook's position for purposes of this motion only that the Indiana statute of limitations governs this case, Cook's motion must be denied because questions of fact exist on whether Plaintiff's claims are time barred.

Cook correctly notes that the Indiana statute of limitations requires a plaintiff to commence her product liability claims "within two (2) years after the cause of action accrues." Ind. Code §34-20-3-1 (b) (1). Since 1985, Indiana courts have applied a discovery rule for when a claim "accrues," and the two-year statute of limitations begins to run from the date the plaintiff

knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another. *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001), *see also Aregood v. Givaudan Flavors Corp.*, 2017 WL 1234087, *9-11 (April 4, 2017) (Discussing history of Indiana discovery rule.).

The date upon which a plaintiff discovered sufficient facts is ordinarily a question of fact. *Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 967 (7th Cir. 2002). The limitations period will begin to run when a physician suggests there is a "reasonable possibility, if not a probability" that a specific product caused the plaintiff's injury. *Degussa* at 411. Thus, a medical diagnosis conveyed to the plaintiff that causally connects a plaintiff's exposure to a product and his injuries is sufficient to start the statute of limitations. *Evenson v Osmose Wood Preserving Co. of America, Inc.*, 899 F.2d 701, 705 (7th Cir. 1990). While events short of a doctor's diagnosis may provide a plaintiff with evidence of a reasonable possibility that another's product caused her injuries, "a plaintiff's mere suspicion or speculation that another's product caused the injuries is insufficient to trigger the statute." *Degussa* at 411.

In this case, Plaintiff was not aware that the Cook IVC filter caused her injury until mid-2015 when, after learning that some filters may be defective and cause injuries, she learned from one of her doctors that the filter implanted in her may be defective and causing injury. Plaintiff filed her lawsuit on January 21, 2016, well-within the two-year statute of limitations. Accordingly, at the very least the statute of limitations is a question of fact, and summary judgment must be denied. *Degussa* at 411, *Nelson,* 288 F.3d at 967 (District Court erred in granting summary judgment where defendant failed to show that plaintiff received information from a doctor or other source advising her that the product caused her injuries.), (*Cunningham v. Masterwear, Inc.*, 2006 WL 517612 (S.D. Ind. March 1, 2006) (Discovery rule was a question of

fact where plaintiffs were never informed that they had a specific injury and that there was a reasonable possibility that their injury was caused by a specific act.)

Cook argues that cases applying Indiana law have held that "the accrual date logically cannot be any later than the date of a procedure to correct and/or remove a device." (Cook's Memorandum of Law, p.14). In each of the cases cited by Cook in which summary judgment was granted under the Indiana discovery rule, however, there is uncontroverted evidence that a healthcare professional told the plaintiff that there was a reasonable possibility that the product caused injury[1]. *See In re Mirena IUD Products Liability Litigation,* 29 F.Supp.3d 345, 354-355 (S.D. N.Y. 2014) (Indiana statute of limitations began to run when doctors told plaintiff that IUD device had migrated into her abdomen and caused ovarian cysts and needed to be removed as soon as possible.), *Cossman v. DaimlerChrysler Corp.,* 108 Cal.App.4th 370, 380 (2003) (Product liability claim under Indiana law "accrued in 1994 when doctors told both Mr. and Mrs. Cossman that she suffered from mesothelioma that was likely caused by exposure to asbestos."), *Withers v. Sterling Drug, Inc.*, 319 F.Supp. 878, 879-881 (S.D. Ind. 1970) (In a case that predates Indiana's adoption of the discovery rule, statute of limitations began to run when specialist told plaintiff in 1963 that her eye problems were caused by her use of drug, and not in 1969 when plaintiff was told that her eye problems were permanent.), *Neuhauser v. A.H. Robins Co., Inc.*, 573 F.Supp. 8, 9 (S.D. Ind. 1983) (In a case that predates Indiana's adoption of the discovery rule, statute of limitations began to run in June, 1974 when plaintiff suffered miscarriage where doctor advised plaintiff five months earlier that presence of Dalkon Shield could cause problems, including miscarriage, if it was not removed immediately.), *In re Bard IVC Filters Products*

---

[1] Cook's discussion of *Wojcik v. Almase*, 451 N.E.2d 336 (Ind. Ct. App. 1983) provides no assistance to the Court, as it predates Indiana's adoption of the discovery rule in 1985, and does not involve any type of discovery rule analysis.

*Liability Litigation*, 2018 WL 3957737 (D. Ariz. August 17, 2018) (Applying Nebraska discovery rule, plaintiff discovered that she had been injured as a matter of law at some point in time before the IVC was removed on April 7, 2011, as before that date plaintiff had responded to a tv ad about "problems" with IVC filters and had spoken with medical professionals who told her that pain was caused by the device.).

In this case, Cook has not presented any evidence that Plaintiff was told by any of her medical providers or otherwise possessed information that the IVC caused an injury to her more than two years before she filed suit. While the 2008 surgery might lead a person to have suspicions about the IVC, that is insufficient under Indiana law to trigger the statute of limitations. *Degussa*, 744 N.E.2d at 411. Because Cook has not and cannot at this time show that Plaintiff knew or should have known that she had been injured by the IVC as a matter of law more than two years before she filed suit, summary judgment must be denied.

**B.    Questions of Fact Exist Whether Plaintiff's Claims are Time Barred Under Idaho Law.**

Cook argues alternatively that, if the two-year Idaho statute of limitations applies, Plaintiff's claim is time barred because there is no discovery rule exception to the statute. As the Idaho case law cited by Cook explains, however, a "defendant will be estopped from raising the statute of limitations as a bar to plaintiff's action where defendant's representations or conduct dissuaded the plaintiff prosecuting his or her cause of action during the statutory period." *Theriault v. A.H. Robins Co., Inc.*, 698 P.2d 365, 369 (Idaho. 1985). Additionally, the Idaho statute of limitations includes a fraudulent concealment exception that applies when the "fact of damage has … been fraudulently and knowingly concealed from the injured by an alleged wrongdoer …," in which case the two year statute does not begin to run until "the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the

condition or matter complained of…" Idaho Code §5-219 (4). Whether the fraudulent concealment or equitable estoppel exceptions apply involves questions of fact for the jury to resolve. *See Allen v. A.H. Robins. Co, Inc.*, 752 F.2d 1365, 1370-1376 (9th Cir. 1985) (Applying Idaho law).

As discussed above, Plaintiff did not become aware of her claim until 2015, and the filing of her complaint in 2016 falls well within the Idaho statute of limitations. The Master Complaint alleges fraudulent concealment and equitable estoppel, (See Dkt. #213, ¶195-200), and Cook has not identified any uncontested facts in its motion that would prevent either of these doctrines from applying here. Because the motion for summary judgment was filed before Plaintiff has been given an opportunity to conduct any discovery on these issues, Plaintiff requests that the motion either be denied at this time, or that it be entered and continued until Plaintiff has been given an opportunity to complete discovery.

## II. COOK'S RELIANCE UPON THE CATEGORIZATION FORM IS IMPROPER.

The sole case specific "evidence" presented by Cook in support of its motion for summary judgment is taken from the Case Categorization form. While this evidence is insufficient to show as a matter of law that Plaintiff's claims are time barred, it should not be considered by the Court at all, as the form itself says that it "is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only…" and "is not admissible and is not to be considered relevant for any other purpose." Reliance on the Categorization form is a breach of the party's agreement, and such behavior should not be permitted by this Court.

### III. COOK'S MOTION FOR SUMMARY JUDGMENT ON THE CONSUMER FRAUD CLAIM SHOULD BE DENIED.

In addition to the statute of limitations, Cook also argues that it is entitled to summary judgment on Plaintiff's consumer fraud claim before any discovery has commenced because the claim was not pled with the specificity required by Fed. R. Civ. P. 9 (b)  (See Cook Defendants' Memorandum, p.30-32).  The inquiry for summary judgment is not whether the complaint is specific enough, but rather whether a genuine issue of fact exists on the merits of the claim.  *See Stayanoff v. Biomet, Inc.* 2018 WL 6605138 (N.D. Ind. December 14, 2018).  Cook has not come forward with any evidence showing that Plaintiff cannot prove her consumer fraud claim, and its argument that the complaint fails to comply with the heightened pleading requirements of Rule 9 (b) provides no basis to grant summary judgment at this time.  *Id.* (Summary judgment denied where defendant only argues that complaint does not satisfy Rule 9 (b) without showing how plaintiff would lose on trial on the merits of the claim.),  *see also Molex Inc v. Wyler*, 365 F.Supp.2d 901, 912 (N.D. Ill. 2005) (Even if complaint failed to meet Rule 9 (b) pleading requirements, summary judgment would not be granted, as plaintiff should be given an opportunity to amend under Rule 15 or be allowed the use of discovery procedures.).  Cook does not even suggest to this Court that no question of material fact exists on the merits of the consumer fraud claim, and summary judgment must be denied.

## **CONCLUSION**

Questions of fact exist whether Plaintiff's claims are time barred by the statute of limitations. Accordingly, Cook's motion for summary judgment must be denied.

Respectfully submitted,

/s/ Craig D. Brown
Craig D. Brown, Esq. IL Bar No. 6210554
Meyers & Flowers, LLC
3 N. Second Street, Suite 300
St. Charles, IL 60174
(630) 232-6333
(630) 845-8982 (fax)
cdb@meyers-flowers.com

STATE OF ILLINOIS       )
                        )
COUNTY OF KANE          )

## CERTIFICATE OF MAILING

I, Craig D. Brown, an attorney, hereby certify that on October 3, 2019, I caused a copy of the foregoing document to be filed using the Court's CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Craig D. Brown
Craig D. Brown, Esq. IL Bar No. 6210554
Meyers & Flowers, LLC
3 N. Second Street, Suite 300
St. Charles, IL 60174
(630) 232-6333
(630) 845-8982 (fax)
cdb@meyers-flowers.com