UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC.. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document relates to:

David Hollebeek and Julie Hollebeek, 16-cv-00174-PLY-TAB

**PLAINTIFF DAVID HOLLEBEEK'S OPPOSITION TO
COOK'S RENEWED OMNIBUS MOTION FOR SUMMARY JUDGMENT
BASED ON APPLICABLE STATUTE OF LIMITATIONS**

Plaintiffs David Hollebeek and Julie Hollebeek submit the following response in opposition to Cook's renewed omnibus motion for summary judgment based upon the statute of limitations.

**STATEMENT OF MATERIAL FACTS IN DISPUTE**

1. On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2. The Case Categorization form expressly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose." *See* Dkt. 9638-1, p.1 ¶4.

3. Plaintiff David Hollebeek learned for the first time in mid 2015 that some inferior vena cava filters may be defective and could cause injuries. Shortly thereafter, he learned that

1

the filter implanted in him may be defective and may be causing injury to him. (See Declaration of Plaintiff David Hollebeek attached as Exhibit 1).

4. Plaintiffs filed their Short Form Complaint in this case on January 21, 2016. (See Exhibit 2).

## STANDARD OF REVIEW

Summary judgment is only appropriate where the pleadings, depositions, answers to interrogatories, affidavits and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. of Civ. Pro. 56 (a). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In ruling on a motion for summary judgment, the Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *See generally National American Ins. Co. v. Artisan and Truckers Cas. Co*, 796 F.3d 717, 723 (7th Cir. 2015).

## ARGUMENT

I. **SUMMARY JUDGMENT IS NOT PROPER BASED UPON THE STATUTE OF LIMITATIONS.**

   A. **Questions of Fact Exist Whether Plaintiffs' Claims are Time Barred Under Indiana Law.**

Cook argues that it is entitled to summary judgment because all of Plaintiffs' claims are time barred by the Indiana statute of limitations. Accepting Cook's position for purposes of this motion only that the Indiana statute of limitations governs this case, Cook's motion must be denied because questions of fact exist on whether Plaintiffs' claims are time barred.

Cook correctly notes that the Indiana statute of limitations requires a plaintiff to commence her product liability claims "within two (2) years after the cause of action accrues."

Ind. Code §34-20-3-1 (b) (1).  Since 1985, Indiana courts have applied a discovery rule for when a claim "accrues," and the two-year statute of limitations begins to run from the date the plaintiff knew or should have discovered that he suffered an injury or impingement, and that it was caused by the product or act of another.  *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001), *see also Aregood v. Givaudan Flavors Corp.*, 2017 WL 1234087, *9-11 (April 4, 2017) (Discussing history of Indiana discovery rule.).

The date upon which a plaintiff discovered sufficient facts is ordinarily a question of fact. *Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 967 (7th Cir. 2002).  The limitations period will begin to run when a physician suggests there is a "reasonable possibility, if not a probability" that a specific product caused the plaintiff's injury.  *Degussa* at 411.  Thus, a medical diagnosis conveyed to the plaintiff that causally connects a plaintiff's exposure to a product and his injuries is sufficient to start the statute of limitations.  *Evenson v Osmose Wood Preserving Co. of America, Inc.*, 899 F.2d 701, 705 (7th Cir. 1990).  While events short of a doctor's diagnosis may provide a plaintiff with evidence of a reasonable possibility that another's product caused her injuries,  "a plaintiff's mere suspicion or speculation that another's product caused the injuries is insufficient to trigger the statute." *Degussa* at 411.

In this case, Plaintiff David Hollebeek was not aware that the Cook IVC filter caused him injury until mid-2015 when, after learning that some filters may be defective and cause injuries, he also learned that the filter implanted in him may be defective and causing injury.  Plaintiffs filed their lawsuit on January 21, 2016, well-within the two-year statute of limitations. Accordingly, at the very least the statute of limitations is a question of fact, and summary judgment must be denied.  *Degussa* at 411, *Nelson,* 288 F.3d at 967 (District Court erred in granting summary judgment where defendant failed to show that plaintiff received information

3

from a doctor or other source advising her that the product caused her injuries.), (*Cunningham v. Masterwear, Inc.*, 2006 WL 517612 (S.D. Ind. March 1, 2006) (Discovery rule was a question of fact where plaintiffs were never informed that they had a specific injury and that there was a reasonable possibility that their injury was caused by a specific act.)

Cook argues that cases applying Indiana law have held that "the accrual date logically cannot be any later than the date of a procedure to correct and/or remove a device." (Cook's Memorandum of Law, p.14). In each of the cases cited by Cook in which summary judgment was granted under the Indiana discovery rule, however, there is uncontroverted evidence that a healthcare professional told the plaintiff that there was a reasonable possibility that the product caused injury[1]. *See In re Mirena IUD Products Liability Litigation,* 29 F.Supp.3d 345, 354-355 (S.D. N.Y. 2014) (Indiana statute of limitations began to run when doctors told plaintiff that IUD device had migrated into her abdomen and caused ovarian cysts and needed to be removed as soon as possible.), *Cossman v. DaimlerChrysler Corp.,* 108 Cal.App.4th 370, 380 (2003) (Product liability claim under Indiana law "accrued in 1994 when doctors told both Mr. and Mrs. Cossman that she suffered from mesothelioma that was likely caused by exposure to asbestos."), *Withers v. Sterling Drug, Inc.*, 319 F.Supp. 878, 879-881 (S.D. Ind. 1970) (In a case that predates Indiana's adoption of the discovery rule, statute of limitations began to run when specialist told plaintiff in 1963 that her eye problems were caused by her use of drug, and not in 1969 when plaintiff was told that her eye problems were permanent.), *Neuhauser v. A.H. Robins Co., Inc.*, 573 F.Supp. 8, 9 (S.D. Ind. 1983) (In a case that predates Indiana's adoption of the discovery rule, statute of limitations began to run in June, 1974 when plaintiff suffered miscarriage where

---

[1] Cook's discussion of *Wojcik v. Almase*, 451 N.E.2d 336 (Ind. Ct. App. 1983) provides no assistance to the Court, as it predates Indiana's adoption of the discovery rule in 1985, and does not involve any type of discovery rule analysis.

doctor advised plaintiff five months earlier that presence of Dalkon Shield could cause problems, including miscarriage, if it was not removed immediately.), *In re Bard IVC Filters Products Liability Litigation*, 2018 WL 3957737 (D. Ariz. August 17, 2018) (Applying Nebraska discovery rule, plaintiff discovered that she had been injured as a matter of law at some point in time before the IVC was removed on April 7, 2011, as before that date plaintiff had responded to a tv ad about "problems" with IVC filters and had spoken with medical professionals who told her that pain was caused by the device.).

In this case, Cook has not presented any evidence that Plaintiff David Hollebeek was told by any of his medical providers or otherwise possessed information that the IVC caused an injury to him more than two years before he filed suit. While the 2009 surgery might lead a person to have suspicions about the IVC, that is insufficient under Indiana law to trigger the statute of limitations. *Degussa*, 744 N.E.2d at 411. Because Cook has not and cannot at this time show that Plaintiff David Hollebeek knew or should have known that he had been injured by the IVC as a matter of law more than two years before suit was filed, summary judgment must be denied.

**B. Questions of Fact Exist Whether Plaintiffs' Claims are Time Barred Under Michigan Law.**

Cook argues alternatively that, if the three-year Michigan statute of limitations applies, Plaintiffs' claims are time barred because there is no discovery rule exception to the statute. As the Michigan case law cited by Cook explains, however, Michigan has many tolling provisions for the statute of limitations, including a fraudulent concealment statute. *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 671 (Mich. 2007). This statute provides that, "[i]f a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim … the action may be commenced at any time

within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations." Mich. Comp. Laws, Ann. §600.5855.

As discussed above, Plaintiffs did not become aware of the claims until 2015, and the filing of the complaint falls well within the two-year time provision of the Michigan fraudulent concealment statute. The Master Complaint alleges fraudulent concealment, (See Dkt. #213, ¶195-200), and Cook has not identified any uncontested fact in its motion which show that the fraudulent concealment statute does not apply as a matter of law. Because the motion for summary judgment was filed before Plaintiffs were given the opportunity to conduct any discovery on the fraudulent concealment issue, Plaintiffs request that the motion either be denied at this time, or that it be entered and continued until Plaintiffs have been given an opportunity to take discovery.

## II.  COOK'S RELIANCE UPON THE CATEGORIZATION FORM IS IMPROPER.

The sole case specific "evidence" presented by Cook in support of its motion for summary judgment is taken from the Case Categorization form. While this evidence is insufficient to show as a matter of law that Plaintiffs' claims are time barred, it should not be considered by the Court at all, as the form itself says that it "is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only…" and "is not admissible and is not to be considered relevant for any other purpose." (Dkt. #963801, p.1-2). Reliance on the Categorization form is a breach of the party's agreement, and such behavior should not be permitted by this Court.

**III.     COOK'S MOTION FOR SUMMARY JUDGMENT ON THE CONSUMER FRAUD CLAIM SHOULD BE DENIED.**

In addition to the statute of limitations, Cook also argues that it is entitled to summary judgment on the consumer fraud claim before any discovery has commenced because the claim was not pled with the specificity required by Fed. R. Civ. P. 9 (b)  (See Cook Defendants' Memorandum, p.30-32).  The inquiry for summary judgment is not whether the complaint is specific enough, but rather whether a genuine issue of fact exists on the merits of the claim.  *See Stayanoff v. Biomet, Inc.* 2018 WL 6605138 (N.D. Ind. December 14, 2018).  Cook has not come forward with any evidence showing that Plaintiffs cannot prove the consumer fraud claim, and its argument that the complaint fails to comply with the heightened pleading requirements of Rule 9 (b) provides no basis to grant summary judgment at this time.  *Id.* (Summary judgment denied where defendant only argues that complaint does not satisfy Rule 9 (b) without showing how plaintiff would lose on trial on the merits of the claim.), *see also Molex Inc v. Wyler*, 365 F.Supp.2d 901, 912 (N.D. Ill. 2005) (Even if complaint failed to meet Rule 9 (b) pleading requirements, summary judgment would not be granted, as plaintiff should be given an opportunity to amend under Rule 15 or be allowed the use of discovery procedures.).  Cook does not even suggest to this Court that no question of material fact exists on the merits of the consumer fraud claim, and summary judgment must be denied.

## CONCLUSION

Questions of fact exist whether Plaintiffs' claims are time barred by the statute of limitations. Accordingly, Cook's motion for summary judgment must be denied.

                              Respectfully submitted,

                              /s/ Craig D. Brown
                              Craig D. Brown, Esq. IL Bar No. 6210554
                              Meyers & Flowers, LLC
                              3 N. Second Street, Suite 300
                              St. Charles, IL 60174
                              (630) 232-6333
                              (630) 845-8982 (fax)
                              cdb@meyers-flowers.com

**STATE OF ILLINOIS** )
)
**COUNTY OF KANE** )

### CERTIFICATE OF MAILING

I, Craig D. Brown, an attorney, hereby certify that on October 3, 2019, I caused a copy of the foregoing document to be filed using the Court's CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Craig D. Brown
Craig D. Brown, Esq. IL Bar No. 6210554
Meyers & Flowers, LLC
3 N. Second Street, Suite 300
St. Charles, IL 60174
(630) 232-6333
(630) 845-8982 (fax)
cdb@meyers-flowers.com