# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

---------------------------------------------------------------

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION               MDL No. 2570

---------------------------------------------------------------

This Document Relates to Plaintiff:
Lynell Margaret Fox, 1:15-cv-01822

---------------------------------------------------------------

## PLAINTIFF'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' RENEWED OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS FROM FIVE STATES

Plaintiff Lynell Margaret Fox respectfully opposes Cook Defendants' Renewed Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations From Five States.

## I.    STATEMENT OF MATERIAL FACTS IN DISPUTE

According to the Federal Rules, "the court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

Here, Defendants' summary judgment motion should be denied because there exist genuine disputes as to material facts such as what state's statute of limitations laws should apply and when the claim accrued. Defendants have argued in their omnibus motion that Indiana law should apply and that Plaintiff's claims therefore expired, at the latest, when she underwent her attempted removal procedures in 2011. Defs.' Br. 14. Defendants alternatively argue in their omnibus motion that Plaintiff's claims are time barred under Virginia law. Defs.' Br. 23-24. As shall be demonstrated herein, the earliest date from which Plaintiff's claims began to accrue, under both Indiana and Virginia law, would have been in late 2015, when she began to hear advertisements regarding the

filter. Pl.'s Aff. Ex. A. Plaintiff then filed her case soon after on November 19, 2015.  Pl.'s Short

Form Compl. 1, Nov. 19, 2015, ECF No. 1.

## II.   ARGUMENTS

Defendants' omnibus motion should be denied for several reasons.  First, Indiana statute of

limitations should not apply to this case, but even if Indiana law were to apply, Plaintiff's case was

timely filed.  Additionally, Plaintiff's case is also not time barred under current Virginia law.  Lastly,

Defendants' motion and stance are premature for this stage of the case.

### A.   Indiana Statute of Limitations Should Not Apply

Defendants state in their omnibus motion that MDL courts should "apply the choice-of-law

rules of the state where the case 'originated.'" Defs.' Br. 10; *see also In re Watson Fentanyl Patch*

*Prods. Liability Litig.*, 977 F. Supp. 2d 885, 887 (N.D. Ill. 2013) (concluding that "choice of law

rules that apply are those of the state where the case originated.").  Plaintiff agrees with this

statement.  Defendants are incorrect, however, in their interpretation of the term "originated" when

they assert in their omnibus motion that because Plaintiff's case, and the 143 other cases subject to

said motion, "were originally filed in this court, these cases 'originated' here in the Southern

District." Defs.' Br. 10.  Courts in the Seventh Circuit have concluded that a case directly filed into

an MDL should be treated as if they were "transferred from a judicial district sitting in the state

where the case originated."  *In re Yasmin & Yaz (Dropsirenone) Mktg., Sales Practices & Prods.*

*Liab.   Litig.*, 2011 U.S. Dist.   LEXIS 39820 18 (S.D. Ill. 2011). In that drug case, the term

"originating" refers to "the state where the plaintiff purchased and was prescribed the subject drug."

*Id.* The same should be applied to Plaintiff's case. Plaintiff was implanted with her IVC filter in

Virginia, so her case originated in Virginia.  As a result, Virginia's choice of law rules should apply to Plaintiff's case.

Furthermore, agreement with Defendants' argument that the forum (Indiana) choice of law rules apply has the potential to set a wrongly prejudicial standard for future MDL plaintiffs who would not know what choice of law rules could apply to their case at the time in which their claim accrues, especially if a relevant MDL has not yet been established for their claim.  Therefore, not only is it contrary to established case law to rule in Defendants' favor as to what state's choice of law rules should apply, but it would also be unjust for both the 144 Plaintiffs subject to Defendants' omnibus motion and plaintiffs in future MDL proceedings.

Indiana choice of law rules should not apply to Plaintiff's case.  The Response of Plaintiffs' Steering Committee to the Cook Defendants' Renewed Omnibus Motion for Summary Judgment, filed by the Plaintiffs' Steering Committee, echoes and substantiates this, and Plaintiff hereby incorporates the PSC's Response by reference.  *See* Resp. Pls.'Steer. Comm. to Cook Comm. Defs.' Renw. Omni. Mot. Summ. J.

## B.    Plaintiff's Claims Survive Application of Indiana Law

Indiana statute of limitations rules should not apply to this case.  Even if said rules were to apply, Plaintiff's case is not time barred under Indiana law.

Indiana Code states that a plaintiff must commence a products liability action "within two (2)  years after the cause of action accrues." Ind. Code § 34-20-3-1 (Burns 1998). The term "accrues" is not defined within the Indiana statutes, but Indiana courts have found that the two years begin "to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Barnes v. A.H. Robins Co.*,

476 N.E.2d 84, 87-88 (Ind. 1985); *see also Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 842-43 (Ind. 1992) (extending the discovery rule established in *Barnes* to all tort claims).  Here, Plaintiff did not know, nor should she have discovered, that she had suffered an injury that was caused by the act of another until she began to hear about news of potential lawsuits regarding IVC filters in September of 2015. Pl.'s Aff. Ex. A.

Defendants argue both that 1) the statute of limitations begins to run at the time of a diagnosis by a physician of an injury or the discovery of the injury on imaging (*See* Defs.' Br. at 13), and 2) that accrual cannot be "any later than the date of a procedure to correct and/or remove the device." (Defs.' Br. at 14).  These strict arguments contradict the fairness the Indiana courts have sought to implement by way of the discovery rule.  *See Barnes* (the discovery rule allows a fair opportunity to investigate and to decide whether to bring claims in court).  Although Plaintiff underwent failed attempted removal procedures and imaging of her filter on June 14, 2011 and June 23, 2011, these procedures are insufficient to qualify as diagnoses by her physician of an injury. Defendants already have a copy of medical records showing that nothing in the physician's dictation from these two 2011 procedures indicates that the inability to retrieve the filter was something the physician thought, at the time, was an injury, nor that the inability to retrieve the filter was the fault of someone else.  Instead, the physician simply rescheduled Plaintiff for a second retrieval attempt following the first failed attempt, and then later opted to keep the filter in place permanently after the failed second attempt.  Medical records to be admitted in this case, and depositions and other discovery in this case will further dive into the physician's actions and mindset, but nothing in these two dictations reviewed by Defendants thus far demonstrate the physician's urgency as to the events at the time, and there is nothing noted as explained by physician to Plaintiff that would lead a reader

to believe that an injury had been diagnosed back in 2011.  This is not to say that Plaintiff was not and is not injured; this is simply to show that back in 2011, Plaintiff's healthcare providers were not yet aware of the injuries caused by defective IVC filters in general, let alone Plaintiff's, and as such, it is unreasonable to conclude that a layperson like Plaintiff knew or should have discovered in 2011 that she had suffered an injury caused by her product.  As a result, there still remains a genuine dispute as to the material fact of when Plaintiff's claim accrued if Indiana law is to apply, and as such, Defendants' omnibus motion for summary judgment based on Indiana statute of limitations should be denied.

### B.   Plaintiff's Claims Survive Application of Virginia Law

Under Virginia law, Plaintiff's products liability claim accrues "when the person knew or should have known of the injury and its causal connection to the device." Va. Code Ann. § 8.01-249(9) (2016).  There is a genuine dispute between Plaintiff and Defendants as to the material fact of when Plaintiff knew or should have known of her injury and its causal connection to her IVC filter.  Plaintiff did not know and had no reason to suspect that she was injured by her device until at least after she witnessed advertisements in 2015 regarding the potential lawsuits regarding the IVC filter.  *See* Pl.'s Aff. Ex. A.  Even then, she still could not have clearly known about the connection to her device, as even her doctors had not discussed the issues with her at that time.  Nonetheless, she diligently consulted with her attorneys to further investigate, and her case was promptly filed a few months thereafter in November of 2015, well within two years from when she first suspected she had a defective device inside of her.  Pl.'s Short Form Compl. 1, Nov. 19, 2015, ECF No. 1.

Defendants attempt in their omnibus motion to distinguish Plaintiff's case from other cases filed just seven months later by arguing that the current version of the Virginia statute of limitations should not apply to cases filed before July 1, 2016.  Defs' Br. at 24 n.14.  While it is true that the Virginia statutes were amended in 2016 to add the discovery rule provision for medical device, S.B. 90, 2016 Leg., Reg. Sess. (Va. 2016), Plaintiff's claims should not be time barred and excluded from the 2016 statute's application because doing so would greatly prejudice individuals whose claims originated in Virginia and who were implanted with and injured by the exact same devices at issue in this MDL as others were, just at an earlier date.  Doing so would severely limit the potential pool of Virginia plaintiffs who could bring their claims in this MDL, restricting Virginians to only those who experienced an injury after 2016, well after this MDL was established.  Plaintiff urges this Court to interpret the 2016 Virginia amendment as applicable to her case, not only for her own interest, but also in the interest of justice and fairness for the many others who were injured by Defendants' products prior to 2016.  This does not open the door too broadly for claims in this MDL; instead, it is feared that ruling in Defendants' favor would close the door too tightly and preclude individuals who have been wrongfully injured by Defendants' devices from seeking the legal recourse they deserve.

Under fair application of current Virginia law, there are clear signs that Plaintiff's claims were timely filed, and as such, a genuine issue of material facts exists.  Defendants' omnibus motion for summary judgment based on Virginia statute of limitations should be denied.

## C.   Defendant's Summary Judgment Arguments Regarding Non-Tort Claims Are Moot

Defendants' omnibus motion includes arguments that Plaintiff's claims of express warranty, implied warranty, consumer fraud, and punitive damages fail as a matter of law.  It is not necessary

to address these arguments here as they relate to whether to grant summary judgment, as Plaintiff has already demonstrated herein why there still exist several genuine issues of material fact that preclude the granting of summary judgment. Plaintiff requests the Court defer consideration of these arguments until after further discovery is conducted, should Defendants choose to still raise these issues at a later date in this case.

### D.    Defendants' Omnibus Motion for Summary Judgment is Premature

Defendants' Omnibus Motion for Summary Judgment is premature, as it was filed based upon limited and improperly used information, and before substantive discovery can be conducted.

Federal Rules dictate that the party seeking summary judgment must show that "there is no genuine dispute as to any material fact" before summary judgment can be granted. Fed. R.Civ. P. 56(a). Further, a Seventh Circuit Appeals Court has interpreted that "a district court should grant a summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits" show that genuine dispute of facts. *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985).

For their omnibus motion, Defendants rely upon their review of "Plaintiffs' short-form complaints, Categorization Forms, and supporting medical records." Defs' Br. ¶ 5. As discussed above, both Indiana and Virginia apply the discovery rule, and these limited documents Defendants rely upon for their omnibus motion are insufficient to reasonably conclude that there is absolutely no genuine dispute of material facts in this case relating to when the statute of limitations accrued. Additionally, Defendants' omnibus motion is reliant upon the most basic of information gathered at this early a stage in Plaintiff's case. Furthermore, Defendants' omnibus motion is wrongly reliant upon information from Plaintiff's Case Categorization Submission, the form of which clearly states

"is for the purpose of complying with the Court's Order...and is not admissible and is not to be considered relevant for any other purpose."  Pl.'s Case Cat. Subm. ¶ 4.

Defendants further urge in its omnibus motion that this Court should grant summary judgment now so as to "promote orderly docket management." Defs.' Br. 3. Again, as discussed above, the existence of the discovery rule in both Indiana and Virginia leaves a genuine dispute of material facts.  Defendants' argument to grant the motion to streamline the process is nothing more than an attempt to unfairly cut down on the number of cases in this MDL in a manner that would be unfairly prejudicial to the type of plaintiffs the discovery rule was implemented to protect.  *See Barnes* (the discovery rule allows a fair opportunity to investigate and to decide whether to bring claims in court).  Docket management is not orderly if it involves unfair dismissal of cases entitled to additional time in order to further investigate genuine issues of material fact.  Defendants' omnibus motion was prematurely filed, and it should be denied to allow further investigation into the disputed material facts.

### III.   CONCLUSION

Review of the facts in a summary judgment motion should be done "in the light most favorable to the non-moving parties." *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir.  2003). The fact that Defendants brought this motion by way of filing an omnibus motion before any significant discovery could be conducted signifies that Defendants are trying to broadly sweep 144 legitimate claims under the rug.  Every case is different, and only by allowance of this case to continue in this MDL can Plaintiff's facts regarding whether her case was timely filed come to light. Until then, there exist genuine issues as to this and other material facts, and accordingly, Cook

Defendants' Renewed Omnibus Motion For Summary Judgment Based On Applicable Statute of Limitations From Five States should be DENIED.

Respectfully submitted,

THE NATIONS LAW FIRM

  /s/ Howard L. Nations
Howard L. Nations
Texas State Bar No. 14823000
3131 Briarpark Dr., Suite 200
Houston, TX 77042
(713) 807-8400
(713) 807-8423 (Fax)
cdb@howardnations.com

ATTORNEY FOR PLAINTIFF