**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

———————————————————————

IN RE COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES, AND                    Case No: 1:14-ml-2570-RLY-TAB
PRODUCT LIABILITY LITIGATION                        MDL No. 2570

———————————————————————

This Document Relates to:

*Sacha E. Delvalle v Cook Incorporated et al.*
1:18-cv-02347-RLY-TAB

———————————————————————

## PLAINTIFF SACHA DELVALLE'S OPPOSITION TO COOK'S OMNIBUS MOTION FOR SUMMARY JUDGEMENT

The above-titled Plaintiff respectfully asks this Court to deny Cook Incorporated, Cook

Medical, LLC, and William Cook Europe ApS ("Cook") Motion for Summary Judgement Based

on Applicable Statute of Limitations. Defendants have prematurely brought their motion prior to

the commencement of any discovery, and their reliance on the Categorization Forms in support of

their motion is inappropriate. Cook is again attempting to use the Case Category Submission as

grounds for dismissal when the agreement between the parties clearly stated that the "Case

Category Submission is for the purpose of complying with the Court's Order on the Cook

Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible

and is not to be considered relevant for any other purpose."

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322,

    ordering all MDL plaintiffs to categorize their cases in one of seven categories and to

    support those selections with specific medical records.

2.  The Case Categorization form expressly states that the "Case Category Submission is for

    the purpose of complying with the Court's Order on the Cook Defendant's Motion for

1

Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

3.  Cook has not taken a single deposition, served any interrogatories, or reviewed all of Plaintiff's medical records.

4.  Cook has not taken the deposition of Plaintiff's treating physicians, implanting physician, or any other physician charged with her care related to her IVC filter.

5.  Issues about what type of abnormalities in the IVC filter placement or movement constitute an injury and the fact that no medical depositions have been taken makes Cook's motion premature.

## STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." Maroules v. Jumbo, Inc., 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miller v. A.H. Robins Co., 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. Zillak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. See In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig., 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we

must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing Horbach v. Kaczmarek, 288 F.3d 969, 976 (7th Cir. 2002))

## **Defendants' Motion for Summary Judgment should be denied because it is premature.**

Federal Rule of Civil Procedure 56(c) mandates that motions for summary judgment must be supported by factual contentions found in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Notably, "Summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Smith v. Amada Machine Tools America, Inc*., 2017 WL 418666, at *3 (E.D. Mich. Feb. 8.2017); *see also Holland v. FCA US LLC,* 656 Fed. Appx. 232, 235 (6th Cir. Aug. 16, 2016) ("A pre-discovery motion for summary judgment is premature, as granting summary judgment absent any opportunity for discovery offends concepts of fundamental fairness."); *El-Shabazz v. Wehrrneyer*, 2019 WL 1675700, at *5 (S. D. Ind. Apr. 17, 2019) ("Thus far, no discovery has taken place, so summary judgment would be premature.").

In the instant matter, Defendants have yet to evaluate the entirety of Plaintiffs medical records, serve a single interrogatory or request for admission, or take any deposition. Thus, Defendants cannot plausibly petition the court to evaluate the presence of any issues of material fact when the record is completely void of those facts. However, providing adequate time for case-specific discovery ensures that each party has the opportunity to determine the existence of any genuine issues of material fact. For instance, as revealed in the second bellwether trial, *Tonya Brand v. Cook, et al*., 1:14- cr-6018 (S.D. Ind. Jan. 14, 2019), numerous factual contentions and evidence indicate Defendants actively misrepresented and concealed from Ms. Brand and her

physicians the significant risks associated with the IVC filters. This revelation, however, was not available to Ms. Brand until after the conclusion of discovery:

In 2004, Defendants conducted a scientific animal study, VCA1, to evaluate the Celect filter's percentage of penetration of the caval wall in sheep. (*See Tonya Brand v. Cook, et al*., 1:14-cr-6018 (S.D. Ind. Jan. 14, 2019), Trial Tr. Vol. 1 at 422:8-22). Though the VCA1 study revealed that "13% showed penetration of the caval wall", Defendants reported to the FDA that there were **no** perforations. (Id. at 422:23-423:10) (emphasis added).

In another animal study, the Zaragoza study, Defendants tested the design of the Celect filter in six sheep. (*Id*. at 43 1:4-15). The Zaragoza study revealed that four out of the six Celect filters had perforations. *Id*. Notably, three separate animal studies (in 2004, 2005, and 2008) showed perforations in the animals of the IVC. (*Id*. at 443:15-18). Despite this knowledge, Defendants failed to report this information to the FDA. (*Id.* at 432:1-3).

Even more so, Defendants' own executive summary yielded the conclusion that, "The risk analysis and the clinical evaluation have identified some safety concerns associated with the new design of the filter." (*Id*. at 451:13-19). For example, during the design phase, Defendants defined "perforation" in a way that was beyond the scope of any previous standard or study as opposed to the standard definition in the field. (*Id*. at 538:6-21). Additionally, Defendants failed to implement definitive tests that allowed perforations to be detected during testing. (*Id*. at 543:5-23).

In fact, upon selling their IVC filters, Defendants were receiving numerous complaints about perforations and catastrophic damage, including death. (Id. at 493 :4-494:8). Even in the midst of clear safety concerns with patients, Defendants' primary concern was that the filter was costing business. (*Id*. at 486:15-18).

As established *supra*, it is undeniable that there is evidence of fraud and concealment in the Brand bellwether case. However, both parties must be afforded the opportunity to engage in case-specific discovery to determine what—if any—connection exists between Defendants' actions and Plaintiff in the instant matter. Because neither party has yet to be afforded this opportunity, Defendants' premature motion for summary judgment is due to be denied.[1]

Furthermore, as noted in the Manual for Complex Litigation, "In other cases, however, particularly those involving "mature" mass torts, the judge and parties prefer at the outset to discover **plaintiff-specific information** or to conduct discovery from plaintiffs concurrently with discovery from the defendants." (MCL 4th § 22.8) (emphasis added). In fact, "**individual discovery** of all plaintiffs" is necessary when years of litigation has failed to produce a global settlement. (*See id*. At §22.81) (emphasis added). Moreover, after the completion of common discovery, the MDL court should arrange for case-specific discovery to occur in plaintiffs' home states. (*See id*. At § 22.32); *In re Orthopedic Bone Screw Prods. Liab. Litig*., MDL No. 1014, 1998 WL 118060, at *1 (E.D. Pa. Jan. 12, 1998) (remanding case after managing all aspects of civil procedure and discovery). This honorable Court has expended years managing this mature, complex litigation, including general discovery and several bellwether trials. However, in the absence of case-specific discovery, a fully informed decision on the merits is simply unattainable. Thus, Defendants' premature motion for summary judgment is due to be denied.

---

[1]

Plaintiff further posits that case-specific discovery should occur in his home state. It is well established that the court has the discretionary power to remand "when everything that remains to be done is case-specific." In re Bridgestone/Firestone, Inc., 128 F. Supp.2d 1196, 1197-98 (S.D. md. 2001) (citing In re Patenaude, 210 F.3d 135, 145 (3rd Cir. 2000)). Because only casespecific discovery and motion practice remain in Plaintiffs case, the Court should deny Defendant's motion for summary judgment.

## ARGUMENT

**Cook's Reliance on the Categorization Form is Misplaced**.

Cook cannot use the Categorization Case form as grounds for a Motion for Judgment on the Pleadings. The Categorization Case form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." The "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only . . . ." Reliance on the Categorization form is a breach of the party's agreement and such behavior should not be permitted by this Court. Furthermore, Cook cannot point to any information in the Plaintiff Profile Form that Plaintiff knew of the causal connection between his injuries and Cook's defective IVC Filter until the end of 2016. Because Cook cannot rely on the Categorization form and the PFS does not supply any support for Cook's tortured arguments, this Court should deny the motion.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Summary Judgement and grant Plaintiff any relief that this Court deems appropriate.

Dated October 3, 2019

/s/  Joseph H. Saunders
Joseph H. Saunders FBN # 341746
Saunders & Walker, P.A
3491 Gandy Boulevard North, Suite 200
Pinellas Park, FL 33781
Phone: (727) 579-4500
Fax: (727) 577-9696
Email: joe@saunderslawyers.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on 3rd of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/Joseph H. Saunders
Joseph H. Saunders