IN THE UNITED STATES DISTRICT COURT
SOUTHERNG DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| *Carol Ramos v. Cook Incorporated, et al.*<br>*Case No. 1:17-cv-02975-RLY-TAB* | |

**Plaintiff Carol Ramos' Response in Opposition to Defendant Cook's Omnibus Summary Judgment Motion**

Under Federal Rule of Civil Procedure 56 and S.D. Ind. Local rule 56-1, Plaintiff Carol Ramos opposes Defendant Cook's omnibus summary judgment motion and respectfully submits the following response in opposition. Defendant Cook's motion should be denied as to Plaintiff Carol Ramos because a genuine issue of material fact exists under the Texas discovery rule regarding when she learned of Defendant Cook's wrongful act and her resulting injury and Defendant Cook has not met its burden of establishing its affirmative defense regarding the statute of limitations.

A. **Statement of Material Facts in Dispute**

1. Plaintiff Carol Ramos received an IVC filter implant in Texas in 2007. Affidavit of Carol A. Ramos, ¶ 3, attached as Exhibit 1.

2. Plaintiff Carol Ramos did not know that she had been harmed, that her IVC filter was defective, or that her IVC filter could be causing her an injury until approximately October 14, 2015, when she first saw a television commercial discussing injuries from IVC filters and contacted her attorney. Ex. 1, ¶ 4.

3. Before that date, neither Plaintiff Carol Ramos' doctors nor anyone else informed her that she was injured or that her IVC filter was causing her any injury. *Id.*

4. Plaintiff Carol Ramos filed this action on August 29, 2017. *See* Plaintiff's Short Form Complaint, copy attached as Exhibit 2.

5. Defendant Cook has not deposed Plaintiff Carol Ramos, and has engaged in limited discovery. Ex. 1, ¶ 6.

## B. Legal Standard

Summary judgment should not be granted unless there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On summary judgment, a court may not make credibility determinations, weigh the evidence, or decide which inference to draw from the facts; these jobs are for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Moreover, the facts must be construed in the light most favorable to the non-moving party. *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A court sitting in diversity looks to state law on matters of substance, including the relevant statute of limitations.[1] *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002). *See also Brandau v. Howmedica Osteonics Corp.*, 439 Fed. Appx. 317, at *1 (5th Cir. 2011) (Texas statute of limitations applied in diversity case). Under Texas law, which is

---

[1] Contrary to Cook's argument that Indiana choice of law rules and Indiana law apply, the Plaintiff's Steering Committee has submitted a response to the Cook Defendants' renewed omnibus motion for summary judgment. For the reasons explained in that submission, Plaintiff respectfully submits that the Court should reject Cook's choice of law arguments.

the law of Plaintiff Carol Ramos' home state, the statute of limitations is an affirmative defense and a defendant moving for summary judgment on the statute of limitations bears the burden of conclusively establishing both the elements of that defense and negating the discovery rule. *See, e.g., Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833-34 (Tex. 2018).

### C. Argument and Authorities

Generally, a personal injury action must be filed "not later than two years after the day the cause of action accrues" under Texas law. Tex. Civ. Prac. & Rem. Code § 16.003(a). But the Texas discovery rule "represents an exception to this general rule of accrual." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). "When applied, the rule operates to toll the running of the period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury." *Id*. Under the Texas discovery rule, the plaintiff must discover both the alleged wrongful act and resulting injury before the claim will accrue. *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996); *Woodruff v. A.H. Robins Co., Inc.*, 742 F.2d 228, 229 (Texas discovery rule requires that plaintiff have knowledge of cause of injury).

The Texas discovery rule applies specifically to injuries from defective implanted medical devices such as the IVC filter at issue here, which are inherently undiscoverable as a matter of law. *See, e.g.*, *Brandau*, 439 Fed. Appx. at *5 ("Although there is no Texas case that directly places Brandau's injury in a category to which the discovery rule is applicable, the Fifth Circuit applying Texas law has repeatedly held that the discovery rule defers the accrual of injuries resulting from implanted devices . . . . As Brandau asserts products liability claims based on injury from a surgically implanted device, the discovery

rule is applicable in this case."); *Woodruff v. A.H. Robins Co., Inc.*, 742 F.2d 228, 229-230 (5th Cir. 1984) (applying Texas discovery rule in case involving implanted IUD; vacating summary judgment and remanding case). *See also In re DePuy Orths. Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753 (5th Cir. 2018) (in metal-on-metal hip implant litigation, Texas statute of limitations did not accrue when patients began to experience hip-related pain; despite patients' and surgeons' diligence, neither group linked patients' symptoms to potential defect in hip implants for several years after implantation).

As in other similar cases involving implanted medical devices, injuries from implanted IVC filters fall within a category deemed inherently undiscoverable under Texas law. *Brandau*, 439 Fed. Appx. at *4-5; *Woodfruff*, 742 F.2d at 230. As in other similar cases involving implanted medical devices, injuries from implanted IVC filters also are objectively verifiable with medical scans and tests. *See S.V.*, 933 S.W.2d at 7 (giving example of leaving sponge in patient's body as one that is objectively verifiable). Accordingly, the Texas discovery rule applies here.

Because the evidence before the Court shows that Plaintiff Carol Ramos did not know that she had been harmed, that her IVC filter was defective, or that her IVC filter could be causing her an injury until she first saw a television commercial discussing IVC filter injuries on approximately October 14, 2015, her claim did not accrue under the Texas discovery rule until that date. *See Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1141 (5th Cir. 1997) (action against drug manufacturer accrued under discovery rule when patient read newspaper article regarding drug, connected drug to her symptoms, and sought medical and legal advice regarding her use of the drug); *Woodruff*, 742 F.2d at

229-230 (vacating summary judgment in favor of Dalkon Shield manufacturer where Texas discovery rule applied and claim did not accrue until patient read newspaper article suggesting possible causal connection between the Dalkon Shield and her pelvic infection). She filed suit on August 29, 2017, within two years of first seeing the television commercial on approximately October 14, 2015.

To the extent that Cook relies on Plaintiff's Case Categorization Form as support, Plaintiff Ramos respectfully submits that Cook's reliance on the Form is improper here. Among other things, the Form states that it "is not admissible and is not to be considered relevant for any other purpose." The agreement between the parties further provides that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

Accordingly, Defendant Cook's motion for summary judgment on the statute of limitations should be denied as to Plaintiff Carol Ramos.

### D. Conclusion

For these reasons, Plaintiff Carol Ramos respectfully requests that this Court deny Defendant Cook's motion for summary judgment as to her and grant her all other relief the Court deems just and proper.

Dated: October 3, 2019

                                            Respectfully Submitted,

                                            **WENDT LAW FIRM, P.C.**

/s/ Samuel M. Wendt
Samuel M. Wendt, Esq
MO Bar# 53573
4717 Grand Avenue, Ste 130
Kansas City, MO 64112
Phone: (816) 531-4415
Fax: (816) 531-2507
Email: sam@wendtlaw.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participating registered to received service in this MDL.

/s/ Samuel M. Wendt
Samuel M. Wendt