**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC<br>IVC FILTERS MARKETING, SALES<br>PRACTICES AND PRODUCTS LIABILITY<br>LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Plaintiff: William J. Davis
Civil Case No. 1:18-cv-2985

**PLAINTIFF WILLIAM J. DAVIS' OPPOSITION TO COOK'S OMNIBUS
MOTION FOR SUMMARY JUDGMENT**

Plaintiff William J. Davis respectfully asks this Court to deny Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS's (collectively "Cook") Ominbus Motion for Summary Judgment for the following reasons: (i) Alabama's "saving statute" tolled Plaintiff's statute of limitations; (ii) Cook failed to meet its burden of production because it did not attach any admissible evidence in support of its Motion; (iii) the Motion is premature because Plaintiff has not had an opportunity to conduct discovery; and (iv) the Motion is improper under the facts of Mr. Davis' case.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On December 30, 2010, Plaintiff underwent a Cook Gunther Tulip IVC implant procedure. *See* Short Form Complaint, Doc. 1 at ¶¶ 10-11.

2. As of the filing of this Opposition (October 3, 2019), Plaintiff has not had the Cook IVC filter removed.

3. On September 27, 2018, Plaintiff filed his Short Form Complaint and incorporated by reference the allegations of the Master Complaint in MDL No. 2570. *Id.*

4. Plaintiff's Short Form Complaint alleges the following case-specific causes of action: (i) strict products liability – failure to warn; (ii) strict products liability – design defect; (iii) negligence; (iv) negligence per se; (v) breach of express warranty; (vi) breach of implied warranty; and (vii) violations of Alabama law prohibiting consumer fraud and unfair and deceptive trade practices. *Id.*

5. Plaintiff's case was not selected as a bellwether or discovery pool case. Accordingly, CMO No. 4 prohibited Plaintiff from serving any case specific discovery. *See* Third Amended CMO 4, Doc. 4226 at ¶2(c).

6. Other than the Plaintiff Profile Form and the Defendant Profile Form, no interrogatories have been served and no case-specific depositions have taken place.

7. On October 2, 2018, the Court entered its Categorization and Screening Order, ordering all MDL plaintiffs to categorize their cases into one or more categories listed on the form and to support those selections with specific medical records. Case Categorization Order, Doc. 9322

8. The Case Categorization Form expressly states: "This Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose." Case Categorization Form, Doc. 9638-1.

9. On September 5, 2019, Defendants filed their Renewed Omnibus Motion for Summary Judgment Based On Applicable Statute of Limitations From Five States. The Motion seeks to bar Plaintiff's lawsuit based on statute of limitations grounds.

## STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

## CHOICE OF LAW

This Court previously ruled that it would treat foreign direct filed cases as if they were transferred from the judicial district sitting in the state where the case originated. *See In re Cook Medical, Inc.,* 1:14-ml-02570-RLY-TAB, MDL No. 2570, 2017 WL 2362003, *2 *citing In re Yasmin,* No. 3:09-md-2100-DRH-PMF, MDL No. 2100, 2011 U.S. Dist. LEXIS 39820, at *18, 2011 WL 1344534 (S.D. Ill. April 11, 2011). Because this case originated in Huntsville, Alabama, the Northern District of Alabama is considered the Transferor Court for choice of law purposes. *See id*. Accordingly, the Alabama statute of limitations applies.

## ARGUMENT

Alabama imposes a two-year statute of limitations on personal injury claims. *See* Ala. Code § 6-2-38. Alabama imposes a four-year statute of limitations on warranty claims. *See* Ala. Code § 7-2-725. While Alabama does not have a discovery rule, Alabama does have a "savings clause" which tolls causes of action premised on material misstatements. As discussed more

3

fully below, claims involving fraud (or negligent misrepresentations) are tolled until the Plaintiff discovers the facts exposing the tortious conduct. *See* Ala. Code § 6-2-3.

**I.     Ala. Code § 6-2-3 Tolled the Statute of Limitations.**

Ala. Code § 6-2-3, known as "the savings clause," equitably tolls the statute of limitations on tort claims that involve legal fraud. *See* Ala. Code § 6-2-3. Under Alabama law *any* material misrepresentation is considered legal fraud. *See* Ala. Code § 6-5-101. For purposes of Alabama's savings clause, a negligent misrepresentation constitutes legal fraud and tolls the applicable statute of limitations. *See Miller v. City of Birmingham*, 235 So.3d 220, 233 ("A negligent misrepresentation constitutes legal fraud"); *see* Ala. Code § 6-5-101 ("Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute fraud").

Ala. Code § 6-2-3 reads as follows:

> In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.

Ala. Code § 6-2-3.

Accordingly, fraud claims in Alabama do not accrue "until the discovery by the aggrieved party of the fact constituting the fraud." *See* Ala. Code § 6-2-3. Moreover, "[a]lthough the wording of Ala. Code § 6-2-3 indicates that it applies only to fraud actions, that section and its predecessor have long been held to apply to any cause of action that has been fraudulently concealed from a plaintiff." *Rutledge v. Freeman*, 914 So. 2d 364, 369-71 (Ala. Civ. App. 2004).    In the present case, there are questions of fact as to whether Cook

misrepresented the safety and efficacy of the Cook IVC filter and at what point Plaintiff reasonably discovered those misrepresentations.

In *Miller v. City of Birmingham*, the Supreme Court of Alabama expressly noted that "the question of when a person of reasonable prudence would have discovered the alleged fraud is generally a question of fact within the purview of a jury." 235 So.3d 220, 234 (2017). "The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases in which the plaintiff <u>actually knew</u> of facts that would have put a reasonable person on notice of fraud." *Id. citing Hicks v. Globe Life & Accident Insurance Co.,* 584 So.2d 458, 463 (Ala. 1991) (emphasis in original).

On several occasions, MDL courts have declined to rule on SOL issues involving Alabama plaintiffs due to questions of fact presented under Ala. Code § 6-2-3. For example, the Court in *In re Vioxx Prods, Liab. Litig.* 478 F. Supp. 2d 897 (2007) stated the following:

> Determining when these respective periods began to run in this case is difficult at this stage of the litigation. While Alabama does not recognize the discovery rule for personal injury claims, *see Moon v. Harco Drugs, Inc.,* 435 So. 2d 218, 220 (Ala. 1983), fraud claims in Alabama do not accrue "until the discovery by the aggrieved party of the fact constituting the fraud," *see* Ala. Code § 6-2-3. Moreover, "[a]lthough the wording of § 6-2-3 indicates that it applies only to fraud actions, that section and its predecessor have long been held to apply to any cause of action that has been fraudulently concealed from a plaintiff." *Rutledge v. Freeman,* 914 So. 2d 364, 369-71 (Ala. Civ. App. 2004). The Court finds that genuine issues of material fact exist with respect to whether the discovery of the Edmonds' right of action "was concealed by some activity of [Merck], amounting to a fraud." *Van Antwerp v. Van Antwerp,* 242 Ala. 92, 5 So. 2d 73, 80 (Ala. 1941). Accordingly, summary judgment is inappropriate in the Edmonds' case.

*Id.* at 908.

Similarly, in *In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Him Implant Products Liability Litigation*, 2018 WL 6067505 (2018) the MDL Court found it was improper to rule on the issue of fraudulent concealment, until after the conclusion of discovery:

> [I]f the plaintiffs have adequately alleged fraudulent concealment, claims arising under the laws of Alabama, Idaho, Michigan and New York *should be decided after discovery*.

*Id.* at *11 (emphasis added).

There is record evidence in this MDL that Cook intentionally, recklessly, and/or negligently misrepresented the safety and efficacy of its IVC filters.[1]  Accordingly, there are questions of fact as to when Plaintiff and/or his Physician discovered these misrepresentations. Defendants' Motion must therefore be denied.

## II.     Cook Cannot Rely on the Case Categorization Form.

Cook is moving for summary judgment on an affirmative defense and therefore carries the initial burden of production to prove its assertion with the types of record evidence listed in Federal Rule of Civil Procedure 56(c)(1).  Because Cook failed to support its allegation with admissible record evidence, it is procedurally improper and must therefore be denied.  *See* F.R.C.P. 56(c)(1)(B) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence").

Federal Rule of Civil Procedure 56 imposes an initial burden of production on the party moving for summary judgment.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the moving party bears the burden of persuasion on an issue at trial, it must "lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the

---

[1]     These allegations were expressly pled in the MDL Master Comp. at ¶¶ 2-5; 29-52.  Moreover, this Court may take judicial notice of the evidence supporting these claims, which was introduced at trial in *Tonya Brand v. Cook, et al.,* 1:14-cr-6018 (MDL 2570).

6

non-movant on the claim." *Hotel 71 Mezz Lender LLC v. National Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015). Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

"Under Alabama law the statute of limitations is an affirmative defense, and the party asserting an affirmative defense bears the burden to prove that defense." *In re Stevens*, 2015 Bankr. LEXIS 2624 (Bankr. N.D. Ala., Aug. 6, 2015); *McLaughlin Equip. Co. v. Newcourt Credit Group, Inc.*, 2004 U.S Dist. LEXIS 13939, *11-12 (S.D. Ind. Feb. 18, 2004) (noting the statute of limitations is an affirmative defense for which the defendant bears the burden of proof). In the present case, Cook maintains the burden of proof as to its statute of limitations defense. Federal Rule of Civil Procedure 56 requires Cook to support its factual assertion by pointing to materials in the record. Fed. R. Civ. Proc. 56 (c).

The only evidence Cook introduced in support of its Motion for Summary Judgment is an incomplete summary of Plaintiff's Case Categorization Form. Importantly, the Case Categorization Form is not admissible and is not to be considered for *any purpose other than complying with the Court's screening order and bellwether selection plan*. *See* Case Categorization Form, Doc. 9638-1 (emphasis added). Accordingly, the Case Categorization Form is not evidence and should not be considered by the Court in ruling on the Motion for Summary Judgment.

Because Cook has failed to introduce any admissible record evidence it has failed to meet its burden of production under Fed. R. Civ. Proc. 56 and its Motion must therefore be denied.

### III. Cook's Motion for Summary Judgment is Premature.

Cook's Motion for Summary should be denied as premature. In the present case, CMO 4 prevented the parties from conducting fact specific discovery beyond the Plaintiff Profile Form and the Defendant Profile Form. *See* Third Amended CMO 4, Doc. 4226 at ¶2(c). As a general rule, a party must be given some opportunity to conduct discovery before the Court rules on a motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery*"); *Costello Porter v. Providers Fidelity Life Ins.*, 958 F.2d 836, 839 (8th Cir. 1992) ("Summary Judgment is inappropriate until [the non-movant] has had an adequate opportunity to conduct discovery"); *Columbia Ins. Co. v. Integrated Stealth Tech., Inc.,* 16-CV-3091, 2017 WL 2766435, at *2 (C.D. Ill. June 26, 2017) (Holding that Defendant's Motion for Summary Judgement is premature because plaintiff had little opportunity to conduct fact discovery and plaintiff intended to retain an expert); *Vaughn v. United States SBA*, 65 F.3d 1322 at n.1 (6th Cir. 1995) ("[A] defendant's motion for summary judgment pursuant to FRCP 56(b) ordinarily cannot be considered until plaintiff has had some opportunity to conduct discovery").

Plaintiff respectfully requests that the Motion for Summary Judgment be denied until Plaintiff's counsel has had an opportunity to conduct limited case-specific discovery. Federal Rule of Civil Procedure 56(d), authorizes this Court to deny a Motion for Summary Judgment as premature when Plaintiff has not had adequate time to complete discovery. As noted in the attached Declaration, additional discovery will allow Plaintiff's counsel to further develop facts supporting Plaintiff's fraudulent concealment allegations; facts supporting when Plaintiff was injured; and facts supporting when Plaintiff's IVC filter failed. See Declaration of Matthew Mokwa, attached hereto as **Exhibit A**.

**IV.     There are Questions of Fact as to When Plaintiff's Injuries Occurred.**

As noted *supra*, there are questions of fact as to when Plaintiff was injured and whether or not Plaintiff's IVC filter caused those injuries. *See id*. There are also unresolved questions of fact as to the extent of Plaintiff's injuries.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Summary Judgement and grant Plaintiff any relief that this Court deems appropriate.

DATED: October 3, 2019

        Respectfully Submitted,

        **THE MAHER LAW FIRM, P.A.**

        By: s/ Matthew S. Mokwa
        Matthew S. Mokwa (FL Bar No. 47761 )
        (admitted *pro hac vice*)
        **The Maher Law Firm, P.A.**
        271 W. Canton Ave., Suite 1
        Winter Park, FL 32789
        407-839-0866 (Telephone)
        321-304-6039 (Fax)
        mmokwa@maherlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing.

        */s/ Matthew S. Mokwa*