## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

_____

This Document Relates to Plaintiff(s):

ESTATE OF ARMANDO BENAVIDES
Civil Case No. 1:17-cv-02047-RLY-TAB

LAVONNE and TIMOTHY CORDER
Civil Case No. 1:17-cv-02327-RLY-TAB

TANJA and CORNELIUS DOUGLASS
Civil Case No. 1:17-cv-01478-RLY-TAB

CORINTHIA FORD
Civil Case No. 1:16:cv-03388-RLY-TAB

PATRICIA J. and ROY J. GEBERTH
Civil Case No. 1:16-cv-02600-RLY-TAB

GENTRIECE JACKSON
Civil Case No. 1:18-cv-03012-RLY-TAB

COLLEEN LINDER
Civil Case No. 1:17-cv-04670-RLY-TAB

EDWARD and SARAH LYNN LUNDERMAN
Civil Case No. 1:15-cv-01542-RLY-TAB

WALTER and CHRISTINE SIMPSON
Civil Case No. 1:18-cv-01016-RLY-TAB

MARK SPYKER
Civil Case No. 1:18-cv-02010-RLY-TAB

JERRY and ANNIA TUBBS
Civil Case No. 1:18-cv-02978-RLY-TAB

CONNIE and CALVIN YANDELL
Civil Case No. 1:18-cv-01073-RLY-TAB
_____

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO COOK DEFENDANTS' RENEWED
MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT BASED ON
APPLICABLE STATUTE OF LIMITATIONS**

---

     **COME NOW** Plaintiffs and file this response to Cook Defendants' motion and

memorandum for summary judgment based on applicable statute of limitations and shows the

Court as follows:

## I.    INTRODUCTION AND SUMMARY

     Plaintiffs respectfully request that this Honorable Court deny the Motion for Summary

Judgment of Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS ("Cook")

on three grounds. First, under choice of law rules, Indiana law does *not* apply.  Second,

Plaintiffs' claims are not time barred under the laws of this jurisdiction or the laws of their home

states. Third, Cook cannot support their assertions factually because they are not entitled to

simply rely upon the Case Category Submission as grounds for dismissal.

     The following cases are at issue and are represented by undersigned counsel:

> *Estate of Armando Benavides*, 1:17-cv-02047
> *Lavonne and Timothy Corder*, 1:17-cv-02327
> *Tanja & Cornelius Douglass*, 1:17-cv-01478
> *Corinthia Ford*, 1:16-cv-03388
> *Patricia J. & Roy J. Geberth*, 1:16-cv-02600
> *Gentriece Jackson*, 1:18-cv-03012
> *Colleen Linder,* 1:17-cv-04670
> *Edward and Sarah Lynn Lunderman*, 1:15-cv-01542
> *Walter and Christine Simpson*, 1:18-cv-01016
> *Mark Spyker*, 1:18-cv-02010
> *Jerry and Annia Tubbs*, 1:18-cv-02978

*Connie and Calvin Yandell*, 1:18-cv-01073

Cook has not taken a single deposition, served any interrogatories, or reviewed all of the medical records in these twelve cases, and therefore cannot support its Motion for Summary Judgment with anything other than baseless arguments.

## II.   STATEMENT OF UNCONTESTED FACTS

1.     On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2.     The Case Categorization form expressly states that the "Case Category Submission is for the purpose of complying with the Court's Order on Cook's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

3.     Cook has not taken a single deposition, served any interrogatories, or reviewed all of Plaintiffs' medical records in the twelve cases at issue herein.

## III.   THE STANDARD FOR SUMMARY JUDGMENT

"[S]ummary judgment procedure is governed by federal law." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1104 (7th Cir. 1985) (citing Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law:

> As a court sitting in diversity, we must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.

*In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig.*, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) (citing *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002)). Whether the law that is applied is that of the forum state or that of the originating home states, the Defendants' Motion for Summary Judgment should be denied.

**IV.   LEGAL ARGUMENT**

**A.  INDIANA LAW DOES NOT APPLY TO THIS ACTION**

Plaintiffs incorporate by reference the brief filed by the Plaintiffs' Steering Committee to demonstrate how Indiana's choice of law rules and Indiana law do not apply to the cases at issue. See, e.g., *Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1048 (7th Cir. 2016); *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F.Supp.2d 885, 888-89 (N.D. Ill. 2013) *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.*, 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011).

**B.  IN THE EVENT INDIANA LAW IS APPLIED, IT WOULD NOT BAR ANY CLAIMS**

Cook admits that Indiana has a limited discovery rule.  Cook Memorandum of Law, p. 12 (citing *Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983).  A number of Plaintiffs have IVC filters in their bodies that have not yet tilted, fractured or migrated; therefore the injury is *ongoing* because of the ticking time bomb that resides in their bodies and needs to be monitored or removed.  Lack of discovery on the cases at issue is sufficient to demonstrate that Cook has failed to meet its burden for summary judgment.

In addition, Plaintiffs have alleged fraudulent conduct on the part of Cook. This doctrine estops a defendant from utilizing the statute of limitations as a defense when they have committed fraud:

> The doctrine of fraudulent concealment operates to estop a defendant from asserting a statute of limitations defense when that person, by deception or a violation of a duty, has concealed material facts from the plaintiff thereby preventing discovery of a wrong. Thus, equitable estoppel can arise either from active efforts to conceal the malpractice or from failure to disclose material information when a fiduciary or confidential relationship exists between the physician and patient. The physician's failure to disclose that which he knows, or in the exercise of reasonable care should have known, constitutes constructive fraud.

*Hughes v. Glaese*, 659 N.E.2d 516, 518 (Ind. 1995). See also, *Hospital Corp. v. Hiland*, 547 N.E.2d 869, 873 (Ind.App. 1989); *Cacdac v. Hiland*, 561 N.E.2d 758 (Ind. 1990); *Van Dusen v. Stotts*, 712 N.E.2d 491 (Ind. 1999). When the concealment is active, the period of estoppel is not affected by the date of termination of the relationship but continues for a reasonable time after "*the plaintiff discovers the alleged malpractice* or *discovers information* which in the exercise of reasonable diligence would lead to discovery of the malpractice." 659 N.E.2d at 518 (emphasis added, citation omitted).

Allegations of Cook's fraud have been proffered since the onset of this litigation. For example, Plaintiffs' Master Complaint contains the following averments:

> 44. While not inclusive of all medical studies published during the relevant time period, the above references show that the Defendants *failed to disclose* to physicians, patients and/or Plaintiffs that its Cook Filters were subject to breakage, tilt, inability of removal, and migration even though they knew or should have known the same was true.

> 45. At all times relevant hereto, the Defendants continued to promote the Cook Filter as safe and effective even when inadequate clinical trials had been performed to support long or short to safety and/or efficacy.

46. The Defendants *concealed* the known risks and failed to warn of known or scientifically knowable dangers and risks associated with the Cook Filters, as aforesaid.

.   .   .

114. Defendants engaged in *unfair, unconscionable, deceptive, fraudulent and misleading* acts or practices in violation of all states' consumer protection laws, identified below.

115. Through its *false, untrue and misleading* promotion of Cook's IVC Filters, Defendants induced Plaintiffs to purchase and/or pay for the purchase of Cook's IVC Filters.

116. Defendants *misrepresented* the alleged benefits and characteristics of Cook's IVC Filters; *suppressed, omitted, concealed, and failed to disclose* material information concerning known adverse effects of Cook's IVC Filters; *misrepresented* the quality and efficacy of Cook's IVC Filters as compared to much lower-cost alternatives; *misrepresented* and advertised that Cook's IVC Filters were of a particular standard, quality, or grade that they were not; *misrepresented* Cook's IVC Filters in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiffs would have opted for an alternative IVC Filter or method of preventing pulmonary emboli.

117. Defendants' conduct created a likelihood of, and in fact caused, confusion and misunderstanding. Defendants' conduct *misled, deceived,* and damaged Plaintiffs, and Defendants' *fraudulent, misleading, and deceptive* conduct was perpetrated with an intent that Plaintiffs rely on said conduct by purchasing and/or paying for purchases of Cook's Filters. Moreover, Defendants knowingly took advantage of Plaintiffs, who were reasonably unable to protect their interests due to ignorance of the harmful adverse effects of Cook's IVC Filters.

118. Defendants' conduct was *willful, outrageous, immoral, unethical, oppressive, unscrupulous, unconscionable,* and substantially injurious to Plaintiffs and offends the public conscience.

Document 213 Filed 01/30/15 (emphasis added).  These averments were supported with

evidence disclosed at the <u>Brand</u> trial that began January 15, 2019 (1:14-ML-2570).  For example:

My personal opinion is, if the new is not considered safe, the current should be stopped, based on theoretical calculations and testing.

We are trying to get some knowledge of the movement of a cava with an implanted filter, but nobody seems to have a dynamic evaluation.

To me it is very important that we at WCE can have the same conclusion as what was send to the FDA.

We do not want to hide that the filter broke at a test at a clinical relevant diameter, but to use the result to prove the safety….

Trial Exhibit PX-1148 (attached hereto as Exhibit A).

… the Celect Filter may increase the risk of migration during use compared to the Tulip.

.   .   .

"Without further detailed analysis, it was my conclusion that the new filter would be unlikely to fulfil the conformity assessment requirements unless some supportive human clinical data is established"

.   .   .

The risk analysis and the clinical evaluation have identified some safety concerns associated with the new design of the filter. The literature has been reviewed extensively, and discussions have been going on for the past 3 years. However, to date it has not been possible to find any clear evidence of the existing available data that could clarify and justify the safety risks identified. If you can provide some new evidence or inputs which can clarify these safety concerns, we would be happy to take these inputs into considerations [sic].

Trial Exhibit PX-1099 (attached hereto as Exhibit B).

Q Now, you told this jury a couple of days ago, essentially, that you believed the email message that attached this manuscript, that it was an effort by upper management -- by upper management to hide a picture of the sheep aorta that had perforated, correct?

A And that was my opinion.

January 15, 2019 Trial Testimony of Harlan M. Krumholz, M.D., 1079:23 – 1080:3 (attached hereto as Exhibit C).

Q -- can you explain -- you've already explained the concordance between Dr. Timperman and Dr. Gordon. There's obviously a discrepancy -- well, first of all, there's a big discrepancy between what Cook told the FDA and what all three of these sets of doctors found. Would you agree?

A That's true.

Trial Testimony of Harlan M. Krumholz, M.D., 577:18-23 (attached hereto as Exhibit C).

A They concluded that such a trial would be feasible, that in their -- based on what they found, they said, yeah, this went around the block. We think there's no reason to think it can't work. You could do it.

Q So did Cook then sponsor or conduct a larger randomized-control trial on the Celect after they determined it was feasible?

A Not that I'm aware.

Trial Testimony of Harlan M. Krumholz, M.D., 709:2-9 (attached hereto as Exhibit C).

Let's just put on the screen for a moment Plaintiff's Exhibit 1841.

This is a document we discussed yesterday regarding the observations -- a summary of observations from the OUS clinical investigators, including observations of 8, 6, 10, 5, and greater than 3 millimeters outside the IVC. In this letter from April of 2007, did Cook disclose this information regarding these struts outside the wall from the OUS study to the FDA?

A They did not.

Q Are you aware, based on your review of the communications between Cook and the FDA, of any communication at any time where Cook revealed to the FDA that there were these multiple struts outside the wall between 3 and 10 millimeters?

A I'm not aware of any communication in which they told the FDA that there had been these penetrations described by their site investigators.

Trial Testimony of Harlan M. Krumholz, M.D., 630:19 – 631:10 (attached hereto as Exhibit C).

A No, it's not possible to make an informed decision because some of the key information was not in the public domain.

Q Known to Cook, but not disclosed?

A That's right.

Trial Testimony of Harlan M. Krumholz, M.D., 954:23 – 955:1 (attached hereto as Exhibit C).

Q In the 2009 time frame, did doctors know the dangers that the Celect posed in terms of perforation and -- perforation? Was that disclosed by Cook?

A No.

Q Was there publicity in 2009 to put doctors on alert that the Celect filter had this tendency to perforate the vena cava –

A No.

Q -- at a high rate?

A No.

Trial Testimony of Harlan M. Krumholz, M.D., 955:18 – 956:2 (attached hereto as Exhibit C).

Q Have you read the final reported of OUS?

A Yes, sir.

Q Does it show fracture --

A No, sir.

Q -- that particular filter?

A It doesn't mention any fracture, sir.

Q Did they disclose that?

A No, sir.

January 19, 2019 Trial Testimony of Gregory I. Gordon, M.D., 1674:25 – 1675:7 (attached hereto as Exhibit C). These documents and portions of trial testimony are just a mere smattering of evidence showing Cook committed fraud upon the medical community.

### C.  THE LAWS OF PLAINTIFFS' HOME STATES SIMILARLY PROVIDE FOR TOLLING IN THE EVENT OF FRAUDULENT CONCEALMENT

1.  <u>Idaho Law Supports a Claim for Fraudulent Concealment to Toll the Statute of Limitations</u>

Residents of Idaho are protected by the statutory doctrine of fraudulent concealment:

Where harm has been fraudulently and knowingly concealed from injured party, the statute of

limitations begins when the plaintiff knows of the harm or should reasonably have been put on inquiry thereof.  I.C. § 5-219(4).  Suit may be brought within one year after this time.  *Id.*  This applies to personal injury cases, including "[a]n action to recover damages for professional malpractice, or for an injury to the person, or for the death of one caused by the wrongful act or neglect of another, including any such action arising from breach of an implied warranty or implied covenant…."  *Id.  Johnson v. Gorton*, 495 P.2d 1 (Idaho 1972)("Fraudulent concealment … does toll the statute of limitations in a malpractice action until the plaintiff discovers or should have discovered the injury resulting from negligent treatment."); see also, *Johnson v. Stoddard*, 526 P.2d 835 (Idaho 1974).  Cook fraudulently concealed information from the medical community in general, and from the instant plaintiffs in particular.  Therefore, the following case involving residents of Idaho should not be dismissed:

*Lavonne and Timothy Corder*, 1:17-cv-02327

2.  <u>Michigan Law Supports a Claim for Fraudulent Concealment to Toll the Statute of Limitations</u>

Fraudulent Concealment tolls an action in Michigan, allowing a plaintiff to bring an action within two years of when the claim was or should have been discovered:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim, the action may be commenced at any time within two years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim.

MCLA 600.5855.  Thus, under Michigan law relating to products liability, a cause of action accrues when a plaintiff discovers, or should discover through reasonable diligence, the possible cause of action. *Roseville Plaza Ltd. Partnership v. U.S. Gypsum Co.*, 31 F.3d 397 (C.A.6 (MI),1994).  "[F]raudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a

right of action." *De Haan v. Winter*, 241 N.W. 923 (Mich. 1932).  Cook is guilty of fraudulent

actions.  Therefore, the following cases involving residents of Michigan should not be dismissed:

> *Tanja & Cornelius Douglass*, 1:17-cv-01478
> *Corinthia Ford*, 1:16-cv-03388
> *Walter and Christine Simpson*, 1:18-cv-01016
> *Mark Spyker*, 1:18-cv-02010

   3.   Virginia Law Supports a Claim for Fraudulent Concealment to Toll the Statute of
        Limitations

Virginia provides for tolling under the fraudulent concealment doctrine; to establish

fraudulent concealment as a grounds for equitable tolling, a plaintiff must demonstrate that (1)

the defendant fraudulently concealed facts that are the basis of plaintiff's claim; (2) the plaintiff

failed to discover those facts within the statutory period, despite (3) the exercise of due diligence.

*Schmidt v. Household Fin. Corp.*, II, 661 S.E.2d 834 (Va. 2008) (citation omitted).  Fraudulent

concealment is available in Virginia personal injury actions.  See, e.g., *Jenkins v. ICAFS, Inc.*, 84

Va. Cir. 515, 2012 WL 8699763 (2012) (plaintiff injured when he used a pull-down stairway to

an attic).  Cook is liable for fraudulent concealment; therefore, the following case involving

residents of Virginia should not be dismissed:

> *Patricia J. & Roy J. Geberth*, 1:16-cv-02600.

   4.   Texas Law Supports a Claim for Fraudulent Concealment to Toll the Statute of
        Limitations

Texas has a discovery rule that is applicable to personal injury actions:

> [A] party must have a reasonable opportunity to discover an injury and bring suit
> within a reasonable time after the party knows, or reasonably should have known
> of an injury.

*Rotella v. Pederson*, 144 F.3d 892, 896 (5th Cir. 1998) (citing *Neagle v. Nelson*, 685 S.W.2d 11,

12 (Tex. 1985)).  The discovery rule provides a two-year statute of limitations after the

*wrongdoing* is discovered.  *Neagle*, 685 S.W.2d at 12.  The statute of limitations for Plaintiffs

who were unaware of Cook's wrongdoing should not be deemed to begin until the Plaintiffs learned of Cook's wrongdoing.  Furthermore, as stated hereinabove, not all Plaintiffs have experienced tilt, migration or fracture; their injuries are ongoing.

Texas also provides for tolling in cases of fraudulent concealment, including personal injury cases:

> The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which if pursued, would lead to discovery of the concealed cause of action.

*Rotella*, supra, 144 F.3d at 897.  Cook clearly fraudulently concealed information from the public.  Therefore, the following cases involving residents of Texas should not be dismissed:

> *Estate of Armando Benavides*, 1:17-cv-02047
> *Gentriece Jackson*, 1:18-cv-03012
> *Colleen Linder*, 1:17-cv-04670
> *Edward and Sarah Lynn Lunderman*, 1:15-cv-01542
> *Jerry and Annia Tubbs*, 1:18-cv-02978
> *Connie and Calvin Yandell*, 1:18-cv-01073

### D.  COOK IMPROPERLY RELIES UPON CATEGORIZATION CASE FORMS

Cook cannot rely upon Categorization Case forms to support its Motion for Summary Judgment. These forms clearly state that they are "not admissible and [ ] not to be considered relevant for any other purpose." They are solely "for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan…." Thus, Cook cannot rely on the Categorization Case forms.  No other information is provided to support Cook's assertions regarding the statute of limitations, so this Court should deny the Motion for Summary Judgment.

## V.     <u>**CONCLUSION**</u>

For the forgoing reasons, the Plaintiffs identified hereinabove respectfully request that this Court deny Cook's Motion for Summary Judgment.

Dated: October 3, 2019                                  Respectfully submitted,

<u> /s/ *Matthew R. Lopez*                     </u>
Ramon Rossi Lopez
Matthew R. Lopez
Amorina P. Lopez
LOPEZ MCHUGH LLP

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Matthew R. Lopez*
Matthew R. Lopez