IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to Plaintiffs:

1:17-cv-00679, Myrtle Williams and Wilson Williams v. Cook Incorporated et al

## PLAINTIFF'S OPPOSITION TO COOK'S OMNIBUS MOTION FOR SUMMARY JUDGMENT

Plaintiffs Myrtle Williams and Wilson Williams respectfully asks this Court to deny Defendant's Motion and Memorandum for Summary Judgement based on applicable statute of limitations and shows the Court as follows:

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      On October 2, 2018, the Court entered its Categorization and Screening Order, Doc. No. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2.      The Case Categorization form itself states that "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

3.      Plaintiff Myrtle Williams was unaware until around July 2015 that her injuries could have been a result of a defective Cook IVC filter when she began to see advertisements on television regarding the IVC filter.

4.      Upon discovering the connection between her injuries and the defective IVC, Plaintiffs filed a lawsuit on March 7, 2017.

5.      Aside from the abbreviated Plaintiff Profile Form and limited medical records, Cook has not taken Plaintiffs' deposition or served additional interrogatories.

<u>**STANDARD OF REVIEW**</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant also "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. A.H. Robbins Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985). When considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

<u>**ARGUMENT**</u>

**I.     Indiana's Statute of Limitations Does not Apply in Plaintiff's Case.**

Plaintiffs hereby incorporated the response to summary judgment filed, or to be filed, by Plaintiffs' Steering Committee on this responsive filing date. However, if the Court chooses to accept Cook's motion to apply Indiana law (it should deny), it is still improper for this Court to dismiss Plaintiffs' claims because Indiana applies a discovery rule to product liability cases.

*Degussa Corp. v. Mullens*, 744 N.E.2d 407 (Ind. 2011); *see also Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 842-843 (Ind. 1992).

The date which a plaintiff discovers sufficient facts to put them on notice is ordinarily a question of fact. *Nelson v. Sandoz Pharmaceuticals Corp.* 288 F.3d 954, 967 (7th Cir. 2002).  As noted by Defendants, there is no definition of "accrues" within the statute. To determine the accrual date, Indiana courts hold that the statute of limitations "begins to run from the date that the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another. *Id.* at 966; (quoting *Degussa Corp. v. Mullens,* 744, N.E. 2d. 407, 410 (Ind. 1992). Indiana courts ask, "whether a reasonable person in plaintiff's position…possessing the information plaintiff did when she did, could have discovered through the exercise of ordinary diligence that the product caused her harm." *Horn v. A.O. Smith, Corp.,* 50 F.3d 1365, 1370 (7th Cir. 1995).

In the present case, Plaintiff Myrtle Williams did not make the connection that her injuries were caused from the defective nature of the IVC filter until around July 2015 when tshe saw advertisements on television. Plaintiffs worked with their attorneys to investigate and subsequently filed this lawsuit in March 2017, within the time frame of Indiana's discovery rule. In addition, case specific discovery has not been conducted in this case with the exception of limited information contained in Plaintiff Profile Forms and Case Categorization Forms.  The limited medical records and responses in no way conveys Plaintiffs' knowledge of the casual connection between the injuries and the defective nature of the Cook IVC Filter.  Thus, viewing evidence in the most favorable light to Plaintiffs, summary judgment is not proper at this stage.

**II.    Plaintiffs filed their Personal Injury Claim within Virginia's Statute of Limitations.**

Virginia law states that a cause of action in a product liability begins to accrue "against parties other than health care providers…for injury to the person resulting from or arising as result of the implantation of any medical device, when the person knew or should have known of the injury and its casual connection to the device." Va. Code § 8.01-249.  Here, Plaintiffs did not discover that Ms. William's injuries were related to a defective filter until around July 2015. Plaintiffs contacted a lawyer and subsequently filed this lawsuit on March 7, 2017.

Cook argues under the Virginia Code, an injury party has only two years from just the hint of injury. *See* Doc No. 11503 ¶ 15. However, Virginia law actually permits parties to file claims when, as in this case, a defendant's medical device is defective and injuries a Virginian citizen. Va. Code § 8.01-249(9).

As discussed above, Plaintiffs did not become aware the defective nature of the IVC filter until around July 2015 when they witnessed advertisements regarding potential lawsuits of the IVC filter. The filing of the complaint in March 2017 falls well within the two-year time provision of the Virginia law.   In addition, Cook is asking this Court to rule on a motion for summary judgment based solely on a limited number of medical records. *See* Doc. No. 11503 ¶ 16. As stated above, these medical records and limited information in no way coveys any information regarding Plaintiffs' knowledge of the casual connection between the injuries and the defective nature of the Cook IVC filter.

Defendants argue that the 28 Plaintiffs in this lawsuit should not get the benefit of the new discovery rule in Virginia. *See* Doc. No. 11726 at 24 n. 14. While the Virginia statute was amended in 2016 to add the discovery rule provision for medical devices, S.B. 90, 2016 Leg., Reg. Sess. (VA. 2016), Plaintiffs' claims should not be time barred and excluded from the benefits of the 2016 statute provisions. Barring Plaintiffs' claims would greatly prejudice individuals and severely

4

limit the potential pool of Virginia plaintiffs who could bring their claims in this MDL. Plaintiffs ask this Court to interpret the 2016 Virginia amendment as applicable in their case, for their own interest and also in the interest of justice and fairness for others who were injured by Defendants' products prior to 2016. In ruling in the Defendants' favor in this matter, would preclude individuals who have been wrongfully injured by their devices from seeking the legal recourse they deserve.

Therefore, under fair application of Virginia law, Plaintiffs' claims were timely filed and this Court should reject Cook's Motion for Summary Judgment.

## III.     Cook's Reliance Upon the Categorization Form is Improper.

Cook's Omnibus Motion for Summary Judgment exceeds the scope of intended purposes of the Plaintiffs' Case Categorization Forms. Cook requested an order requiring Case Categorization Forms with the intent of "properly categoriz[ing] cases and draw[ing] bellwether cases from these categories." Doc. No. 8913, Doc. No. 55986. The Case Categorization Forms stated that Plaintiff submissions are, "for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection plan *only.*" *E.g.* Doc. No. 9638-1, Doc. No. 64997-64998 (emphasis added). Plaintiff submissions are "not admissible and [are] not to be considered relevant for any other purpose." Id. Therefore, reliance on the Case Categorization Forms is a breach of the party's agreement. Since Cook cannot rely on the Case Categorization Forms, this Court should deny the motion.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Cook's Motion for Summary Judgement and grant Plaintiffs any relief that this Court deems appropriate.


Date: October 3, 2019                                    /s/ *Caroline U. Hollingsworth*
                                                        Caroline U. Hollingsworth

Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Phone: (205) 326-3336
Fax: (205) 326-3332
caroline@hgdlawfirm.com
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify on 3rd of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *Caroline U. Hollingsworth*
Caroline U. Hollingsworth