IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITAGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff:

1:18-cv-01839 Bryan, Lucretia

**PLAINTIFF LUCRETIA BRYAN'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT <u>BASED ON APPLICABLE STATUTE OF LIMITATIONS</u>**

Plaintiff Lucretia Bryan responds in opposition to Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS ("Cook") Renewed Omnibus Motion for Summary Judgment and Memorandum in Support of Omnibus Motion for Summary Judgment based on Applicable Statue of Limitations from Five States (Docs. 11725 and 11726)  and respectfully asks this Court to deny Cook's Motion on two grounds.  First, Plaintiff's claims are not time-barred under Virginia law. Second, Cook is attempting to use the Case Category Submission as grounds for dismissal when the agreement between the parties clearly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose.  Ultimately, Defendants' Motion is albeit procedurally improper.  It is based on piecemealed Virginia law and relies on a document, approved by this Court that expressly precludes its use for any purpose other than compliance with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only.

Accordingly, this Court should deny Cook's Motion as it relates to Plaintiff, Lucretia Bryan.

## STATEMENT OF UNDISPUTED FACTS

1.      On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2.      The Case Categorization form expressly states that the "Case Categorization Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan and is not admissible and is not to be considered relevant for any other purpose."

3.      Plaintiff did not know, nor could have known that her injuries were caused by a defective Cook IVC Filter until late (July/August) 2016, at the earliest, when she first learned that her filter was defective.

4.      Cook has not taken a single deposition, served any interrogatories, or reviewed all of Plaintiff's medical records.

## STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable

inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. *See In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig.*, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002)).

## ARGUMENT

**I.      Plaintiff filed her Personal Injury Claims within Virginia's Statute of Limitations.**

Under Virginia law, a cause of action in a product liability action accrues "when the person knew or should have known of the injury and its causal connection to the device." Va. Code § 8.01-249. An exception to Virginia law has been carved out specifically to address the accrual of the statute of limitations when an injury as the result of the implantation of a medical device is at issue. The relevant code section expressly states that the case of action accrues: "In products liability actions against parties other than health care providers as defined in § 8.01-581.1 for injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew or should have known of the injury and its causal connection to the device." Va. Code § 8.01-249 (9).

In the case at issue, Plaintiff is adamant that she was unaware of the causal connection between her injuries and the defective Cook IVC filter until late (July/August) 2016 at the earliest. **See Exhibit A-Affidavit of Plaintiff, Lucretia Bryan**. Plaintiff specifically alleges that at the time she contacted undersigned, she had no knowledge that the filter implanted inside of her body was problematic nor was she aware that it was a filter manufactured by Cook. Furthermore, Cook

is attempting to achieve a grant of summary judgment in the Plaintiff's case based on a faulty and selective interpretation of Virginia law. Cook claims that the Virginia Code only permits an injured party two years from the date of the slightest injury. Doc. 11503 ¶15.  However, this is simply incorrect and based on an assumption that Plaintiff had knowledge of her an injury well before July 2016.  Despite Cook's skewed representation, Virginia Code does in fact, permit injured parties to seek redress when, as in the instant case, a defendant's medical product and/or device is defective and causes injury to a Virginia citizen. Va. Code § 8.01-249 (9).

   The Cook defendants should not be allowed to single-handedly determine when the plaintiff had personal knowledge of her injury simply based on brief information and limited medical records.  The disconnect between Plaintiff's own knowledge and that alleged by Cook clearly establishes an issue of fact as it is erroneous and nearly impossible for the Defendant to know when Plaintiff obtained the relevant information necessary to causally connect her injury, let alone come to the realization that she had an injury,  to the IVC Filter based on the limited information they have obtained to date.  In an attempt to accomplish a blanket dismissal of numerous meritorious cases, Cook has demonstrated a blatant disregard for the evolution of discovery process.  Cook has not taken the Plaintiff's deposition nor that of any treating physicians. The Defendant has not served upon Plaintiff a single interrogatory or even made an attempt to review all of the Plaintiff's medical records.  While Defendant alleges that Plaintiff's entire case hinges on one procedure, that, Plaintiff understood to be a verification of the satisfactory placement of the filter, it is evident that formal discovery is needed to learn what was known and when it was known.  Plaintiff has a history of Deep Vein Thrombosis and clotting and coagulation disorders. She has experienced pain, swelling, and other problems associated with DVT with and without the filter. Without conducting proper discovery, it is impossible to determine what knowledge Plaintiff

had about her condition in relation to the filter. Depositions are needed to reveal the exact nature of information relayed to Plaintiff during her hospitalizations and/or physician visits. The discovery process will reveal all pertinent information and/or the required evidence to ascertain when Plaintiff could have known about her injury, after all, this is what the discovery process has been put in place to do. It is impossible to determine when Plaintiff knew or could have known the nature of her injury without conducting proper discovery. Thus, simply stated, Cook's Motion for Summary Judgment is relentlessly premature all while alleging that Plaintiff possesses meritless claim. Doc. 11503 ¶ 2. In its broad Motion, Cook does not adequately point the Court to any facts to strengthen its arguments. *Roe v. Doe*, 28 F.3d 404. 406 (4th Cir. 1994). As a result of Cook's failure to perform adequate discovery and their blatant disregard to participate in the discovery process, the Court should deny Cook's Motion for Summary Judgment.

II.     **Cook's Reliance on the Categorization Form is Misplaced.**

Cook cannot use the Categorization Case form as grounds for a Motion for Judgment on the pleadings. The Case Categorization form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." The "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only . . . ." Reliance on the Case Categorization form is a breach of the party's agreement and such behavior should not be permitted by this Court. Furthermore, Cook cannot point to any information in the Plaintiff Profile Form that Plaintiff knew of the causal connection between her injuries and Cook's defective IVC Filter until late (July/August 2016) at the earliest. Because Cook cannot and should not be allowed to rely on the Case Categorization form and since the PFS does not supply any support for Cook's tortured arguments, this Court should deny the motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Summary Judgment and grant Plaintiff, Lucretia Bryan, any relief that this Court deems appropriate.

Dated:  October 3, 2019                              Respectfully submitted,

                                                     /s/Amanda L. Washington     __
                                                     Amanda L. Washington
                                                     **McGlynn, Glisson, & Mouton**
                                                     340 Florida Street
                                                     Baton Rouge, LA 70801
                                                     Phone: (225) 344-3555
                                                     Fax: (225) 228-2294
                                                     Email: Amanda@mgmattorneys.com

                                                     **Attorney for Plaintiff**


## CERTIFICATE OF SERVICE

On this 3rd day of October 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                     /s/Amanda L. Washington
                                                     Amanda L. Washington