IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITAGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff:

1:18-cv-02628 Fox, Gregory

**PLAINTIFF GREGORY FOX'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS**

Plaintiff Gregory Fox responds in opposition to Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS ("Cook") Renewed Omnibus Motion for Summary Judgment and Memorandum in Support of Omnibus Motion for Summary Judgment based on Applicable Statue of Limitations from Five States (Docs. 11725 and 11726) and respectfully asks this Court to deny Cook's Motion on two grounds. First, Plaintiff's claims are not time-barred under Texas law. Second, Cook is attempting to use the Case Category Submission as grounds for dismissal when the agreement between the parties clearly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose. Ultimately, Defendants' Motion is albeit procedurally improper. It is based on an incorrect interpretation of Texas law and relies on a document, approved by this Court that expressly precludes its use for any purpose other than compliance with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only.

Accordingly, this Court should deny Cook's Motion as it relates to Plaintiff, Gregory Fox.

## STATEMENT OF UNDISPUTED FACTS

1. On October 2, 2018, the Court entered its Categorization and Screening Order, Doc. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2. The Case Categorization form expressly states that the "Case Categorization Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan and is not admissible and is not to be considered relevant for any other purpose."

3. Plaintiff did not know, nor could have known that his injuries were caused and/or related to a defective Cook IVC Filter until August 2016 when he first learned that these types of filters were defective and could cause deep vein thrombosis.

4. Cook has not taken a single deposition, served any interrogatories, or reviewed all of Plaintiff's medical records.

## STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable

inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. *See In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig.*, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002)).

## ARGUMENT

### I. Plaintiff filed his Personal Injury Claims within the Texas Statute of Limitations.

Under Texas law, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues. Tex. (Civ. Prac. & Rem.) Code Ann. § 16.003(a). Generally, accrual occurs on the date "the plaintiff first becomes entitled to sue the defendant based upon a legal wrong attributed to the latter", even if the plaintiff is unaware of the injury. *Zidell v. Bird*, 692 S.W.2d 550, 554 (Tex.Ct.App.1985). The "discovery rule" is an exception to this general rule. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990). Under Texas' discovery rule, the limitations period is tolled until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the nature of his injury. *See id.*; *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988). Defendant contends that medical imaging and/or physician recommendation about the IVC Filter serves as a trigger of the statute of limitations. However, the Court in *Comput Assocs. Int'l, v Altai, Inc.*, "has permitted application of the discovery rule exception to the statute of limitations. Generally, application has been permitted in those cases

where the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." 918 S.W.2d 453 456 (Tex. 1996). Although federal courts often grant summary judgment because a statute of limitations has expired, they refuse to grant summary judgment for defendant if there is an issue of fact as to when the limitations period began, such as in products-liability actions in which the statutory period begins to run when plaintiff knew or should have known that the injury was caused by defendant's product. *Terrebonne Parish School Board v. Mobil Oil Corporation*, 310 F.3d 870 (5th Cir. 2002).

Here, there is an issue of fact as it is impossible for Defendant to know when Plaintiff obtained the relevant information necessary to connect his injury to the IVC Filter. Defendants are quick to rush for summary judgment without ever taking a single deposition or serving any interrogatories. While the injury may be "objectively verifiable" through imaging, it was "inherently undiscoverable" in nature and thus formal discovery is needed to learn what was known and when it was known. Plaintiff has a history of Deep Vein Thrombosis. Consequently, the IVC filter was placed due to DVT with contraindication to anticoagulation therapy secondary to spontaneous hematoma. He has experienced pain, swelling, and other problems associated with DVT with and without the filter. Without proper discovery, it is impossible to determine what knowledge Plaintiff had about his condition in relation to the filter. Depositions are needed to reveal the exact nature of information relayed to Plaintiff during his hospital and physician visits. The discovery process will reveal the necessary evidence to know when Plaintiff could have known about his injury. What we do know is the Plaintiff connected his injury with the IVC Filter on or after August 2016. Whether any facts gathered from future depositions would show a reasonable opportunity to discover his injury before August 2016 is impossible to know at this time.

The Cook defendants should not be allowed to single-handedly determine when the plaintiff had personal knowledge of his injury simply based on brief information and limited medical records. The disconnect between Plaintiff's own knowledge and that alleged by Cook clearly establishes an issue of fact as it is erroneous and nearly impossible for the Defendant to know when Plaintiff obtained the relevant information necessary to causally connect his injury, let alone come to the realization that he had an injury, related to the IVC Filter based on the limited information they have obtained to date. In an attempt to accomplish a blanket dismissal of numerous meritorious cases, Cook has demonstrated a blatant disregard for the evolution of discovery process. Cook has not taken the Plaintiff's deposition nor that of any of treating physicians. The Defendant has not served a single interrogatory or even made an attempt to review all of the Plaintiff's medical records. While Defendant alleges that Plaintiff's entire case hinges on one procedure, that, Plaintiff understood to be a verification of the satisfactory placement of the filter, it is evident that formal discovery is needed to learn what was known and when it was known. Thus, simply stated, Cook's Motion for Summary Judgment is relentlessly premature all while alleging that Plaintiff possesses meritless claim. Doc. 11503 ¶ 2. In its broad Motion, Cook does not adequately point the Court to any facts to strengthen its arguments. *Roe v. Doe*, 28 F.3d 404. 406 (4th Cir. 1994). As a result of Cook's failure to perform adequate discovery and their blatant disregard to participate in the discovery process, the Court should deny Cook's Motion for Summary Judgment.

II.     **Cook's Reliance on the Categorization Form is Misplaced.**

Cook cannot use the Categorization Case form as grounds for a Motion for Judgment on the pleadings. The Case Categorization form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." The "Case Category Submission is for the purpose

of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only . . . ." Reliance on the Case Categorization form is a breach of the party's agreement and such behavior should not be permitted by this Court. Furthermore, Cook cannot point to any information in the Plaintiff Profile Form that Plaintiff knew of the causal connection between his injuries and Cook's defective IVC Filter until August 2016 at the earliest. Because Cook cannot and should not be allowed to rely on the Case Categorization form and since the PFS does not supply any support for Cook's tortured arguments, this Court should deny the motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Summary Judgment and grant Plaintiff, Gregory Fox, any relief that this Court deems appropriate.

Dated:  October 3, 2019                                          Respectfully submitted,

/s/Amanda L. Washington
Amanda L. Washington
**McGlynn, Glisson, & Mouton**
340 Florida Street
Baton Rouge, LA 70801
Phone: (225) 344-3555
Fax: (225) 228-2294
Email: Amanda@mgmattorneys.com

**Attorney for Plaintiff**

## **CERTIFICATE OF SERVICE**

  On this 3rd day of October 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                 /s/Amanda L. Washington
                 Amanda L. Washington