**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

IN RE:  COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND               Case No. 1:14-ml-2570-RLY-TAB
PRODUCT LIABILITY LITIGATION                 MDL NO. 2570

---

This Document Relates Only to the Following Case:

1:18-cv-03564-RLY-TAB Kingie L. McCrear, Individually and as Representative of the
Estate of Kymisha S. McCrear

---

**PLAINTIFF'S OPPOSITION TO COOK'S**
**OMNIBUS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Kingie L. McCrear, Individually, and as Representative of the Estate of Kymisha S. McCrear ("Plaintiff") files this Response to The Omnibus Motion for Summary of Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS ("Cook"), and shows the following:

**Michigan Law Applies**

Cook has incorrectly concluded that the Indiana statute of limitations applies. Ironically, if Indiana law did apply, Cook's failure to establish as  matter of law the objective accrual date of Plaintiff's claims fail as Indiana unquestionably recognizes the tolling of limitations until Plaintiff or the deceased knew or should have known that injury was caused by Cook. Indiana law, however, does not apply to this Plaintiff's claims. Michigan law governs the limitations period. Plaintiff and deceased resided in Michigan, all contacts related to the Cook device occurred in Michigan, and Plaintiff correctly identified the Eastern District of Michigan as the correct venue.

1

**The Accrual Dates of Plaintiff's Claims are Disputed Issues of Fact Requiring Discovery**

Cook fails to establish as a matter of law that plaintiff's claims are time barred under Michigan law, or Indiana law. Specifically, Cook failed to establish as a matter of law any objective marker for the accrual dates of the claims made by Plaintiff. And Cook failed to establish that no Michigan or Indiana tolling provision is applicable. The accrual dates of Plaintiff's claims are disputed facts, requiring discovery.

**Defendant May Not Rely on an Incomplete Record for Summary Judgment**

Cook's motion is based on an incomplete record and premature. Granting a summary judgment prior to affording Plaintiff an opportunity to develop a record through discovery would be error. The error would deny Plaintiff's Constitutional Due Process. Cook improperly attempts to support its summary judgment with the Case Category Submission. The parties expressly agreed that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

The Case Categorization form expressly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

Cook has failed to establish or even attempt to establish an objective marker of the accrual dates on which the statute of limitations on Plaintiff's claims began to run.

Cook relies on its conclusory allegation that the date of Kymisha S. McCrear's death is the only applicable accrual date for Plaintiff's claim, and no tolling is applicable. Cook cannot establish either of these conclusions as a matter of law.

The accrual dates for Plaintiff's claims depend on disputed facts that require discovery and reliable expert testimony. The attached post-mortem report is evidence that the Plaintiff, the deceased, and even the deceased physicians were not aware that the deceased's injuries and death were caused by defendant. This is also evidence that Defendant's fraudulently concealed Plaintiff's claims. This underscores the need for discovery.

It is not established as a matter of law that Michigan does not recognize a common law discovery rule. *See In re AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION,* 2014 WL 2011239 *5, fn. 63 (E.D. PA May 16, 2014). Significantly, the case primarily relied on by Cook has this to say about Michigan Comp Law § 600.5855 that tolls limitations indefinitely for fraudulent concealment:

> MCL 600.5855 provides for essentially unlimited tolling based on discovery when a claim is fraudulently concealed.

*Trentadue v. Buckler Lawn Sprinkler,* 479 Mich. 378, 391 (2007); *Id.* fn 13.

Cook did not address any potentially applicable Michigan tolling provision. And failed to establish that they do not apply Plaintiff's claims. Instead, Cook incorrectly concludes, without factual or legal support, that all death claims filed under Michigan law must be filed, regardless of case specific facts, within 3 years of the date of death. As this conclusory allegation is not established as a matter of law, Cook's Motion for Summary Judgment fails.

3

Cook's argument ignores the plain language of MCL 600.5855:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Establishing a time bar in this case without conducting relevant factual discovery to determine the mixed issues of law and fact necessary to determine the accrual date of Plaintiff's claims is impossible and improper. Without such discovery and on this record, granting this motion would deny Plaintiff's Constitutional Due Process.

## II. STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. *See In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig.*, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we

must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing *Horbach v. Kaczmarek,* 288 F.3d 969, 976 (7th Cir. 2002)).

## III. ARGUMENT

### Michigan Law Applies

Cook's argument that Indiana choice of law rules and Indiana law apply merely because Plaintiffs' filed their claims directly in this MDL court ignores Seventh Circuit precedent and is legally incorrect. Seventh Circuit precedent on choice of law analysis is clear:

> [F]oreign cases filed directly in a district court as part of an ongoing multidistrict litigation are treated as having originated <u>outside</u> of that district.

*Dobbs v. DePuy Orthopedics, Inc.,* 842 F.3d 1045, 1048 (7th Cir. 2016) (emphasis added), *citing with approval In re Watson Fentanyl Patch Prods. Liab. Litig.,* 977 F.Supp.2d 885, 888-89 (N.D. Ill. 2013) (in direct filed product liability case, MDL court applied the law of the state where the Plaintiff purchased and used the prescribed product, <u>not</u> the MDL forum); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011) (similarly applying the law of the state where Plaintiff purchased and used the product rather than the MDL forum in foreign direct filed case.) The Court should reject Cook's erroneous choice of law argument, refuse to apply Indiana law to foreign direct filed cases, and deny Cook's Motion for Summary Judgment.

### The Accrual Dates of Plaintiff's Claims Are Disputed Facts, Requiring Discovery

Under Michigan law Plaintiff's causes of action cannot accrue in the face of fraudulent concealment until Plaintiff knew or should have known fraudulently concealed facts that give rise to a claim.

Here, Cook cannot establish as matter of law objective accrual dates for this Plaintiff's claims. To attempt to do so, required Cook to discuss and prove the inapplicability of tolling provisions, which inherently entails factual discovery. In fact, the post-mortem examination report, attached as Exhibit A, is evidence that even physicians conducting the examination failed to recognize the causal link between the deceased's injury and death and the Cook IVC Filter. With this fact in mind, Cook's wide-ranging conclusory arguments simply do establish the absence of a fact issue on when Plaintiff's claims accrued. In the face of outstanding issues of fact, some not yet fully appreciated in absence of discovery, Cook's Motion for Summary Judgment must be denied.

Cook's entire argument for summary judgement rests on its improper conclusory argument that a death claim is time barred, without exception, 3 years after date of death under Michigan law. This is objectively incorrect.

**Discovery is Required and Cook's Motion for Summary Judgment is Premature**

Additionally, Cook incorrectly claims in its memorandum that this Court should rule on its motion for summary judgement based solely on a limited and select number of medical records. Medical records that in no way convey any information regarding Plaintiff's or the deceased's knowledge of the causal connection between injury and death and the defective nature of the Cook IVC Filter. This is a direct result of Cook's concealment of facts material to this Plaintiff's claim. What is more, Cook has not taken a single deposition, served a single interrogatory, reviewed all medical records, nor proffered an expert witness to support its position as to this Plaintiff. Without taking any of those critical measures, Cook's motion is at the very least premature. Cook failed use a complete record to buttress its arguments Beyond its conclusory and incorrect argument that all death claims must be filed within 3 years of the date of death, Defendant proffers nothing to

establish the absence of a factual dispute on the issue of the accrual dates of Plaintiff's claims. The resolution of this dispute requires discovery.  Cook's Motion for Summary Judgment should be denied.

### Cook's Reliance on the Categorization Form is Misplaced.

Cook cannot use the Categorization Case form as grounds for a Motion for Judgment on the Pleadings. The Categorization Case form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." The "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only . . . ." Reliance on the Categorization form is a breach of the party's agreement to which Plaintiff objects. The form, and any reliance on the form, should not be considered in this Motion for Summary Judgment. And Cook cannot point to any information in the Plaintiff Profile Form that Plaintiff or the Deceased knew or should have known of the causal connection between injury and death and Cook's defective IVC Filter on any objective accrual date. Because Cook cannot rely on the Categorization form and the PFS does not support Cook's arguments, this Court should deny the motion.

### Plaintiff's Implied Breach of Warranty Claim Is Not Time-Barred As A Matter Of Law

Plaintiff adopts all arguments, facts, and authority she has specified above. Since Plaintiff's claims are not time-barred, her breach of implied warranty claim stands. In support of Defendant's argument that Plaintiff's warranty claim fails, Defendant references a biased affidavit of Kevin Brines that was produced for litigation purposes and, at a minimum, entitles Plaintiff to depose Mr. Brines. See Doc. No. 11726, at 29-30. Furthermore, Defendant's reliance on *Gage* is

misplaced. Plaintiff is different than the plaintiff(s) in that case. The Court in *Gage* applied Indiana law, but Michigan law applies to the merits of this Plaintiff's claims.

### Plaintiffs' Consumer Fraud Claims Are Viable

Plaintiff adopts all arguments, facts, and authority specified above, Defendant incorrectly uses *Home Owners Ins. Co. v. ADT LLC*, 109 F.Supp.3d 1000, 1009 (E.D. Mich. 2015) to support its argument, but fails to provide sufficient context." See Doc. No. 11726, at 31-32. Defendant fails to specify if this ruling was entered in a motion for summary judgment or entered in a Rule 12(b)(6) or 12(c) motion. Thereafter, Defendant inappropriately challenges Plaintiffs' Master Complaint in the context of its blanket Motion for Summary Judgment.

### Plaintiff's Wrongful Death and Punitive Damages Claims Are Not Time-Barred as a Matter of Law

Plaintiff's wrongful death and punitive damages claims are derivative in nature, and therefore Defendant's Motion for Summary Judgment should be denied as all of Plaintiff's claims survive. Michigan recognizes exemplary damages for the same sort of conduct that has been held to give rise to punitive damages in states where punitive damages are allowed. *See Yamaha Motor Corp., U.S.A. v. Tri-City Motors & Sports, Inc.,* 171 Mich. App. 260, 281 (Ct. App. Mich. 1988) ("Generally, exemplary damages are recoverable in damage actions which are based upon tortious acts involving malice, fraud, insult, or wanton and reckless disregard of the plaintiff's rights. Such damages are compensatory, not punitive, in nature. *Rinaldi v. Rinaldi,* 122 Mich. App. 391, 396, 333 N.W.2d 61 (1983)."); *see also Cooley v. Lincoln Elec. Co.,* 776 F.Supp.2d 511, 522 (In MDL products liability action, MDL judge noted that "if the Court finds the evidence sufficient to sustain a punitive damages award under one state's law, that conclusion normally would compel a similar finding under the law of any other state with the same or less strict legal standards for an award of

punitive damages."). The facts here are sufficient to give rise to exemplary and punitive damages under Michigan law.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Summary Judgment, grant Plaintiff's objection to the use of the Case Categorization form, and permit discovery prior any further attempt by Defendant to seek summary judgment on a clearly incomplete record.

Respectfully submitted,

/s/ *Kathryn Snapka* _____
**Kathryn Snapka**
**Attorney-in-Charge for Plaintiff**
State Bar No. 18781200
Federal ID No. 1617
THE SNAPKA LAW FIRM
606 N. Carancahua, Suite 1511
P.O. Box 23017
Corpus Christi, Texas 78403
Telephone:  361-888-7676
Facsimile:  361-884-8545
Email:  ksnapka@snapkalaw.com

*Of Counsel*:
**Jack E. Urquhart**
State Bar No. 20415600
Federal ID No. 2082
juquhart@snapkalaw.com
**THE SNAPKA LAW FIRM**
606 N. Carancahua, Suite 1511
P.O. Drawer 23017
Corpus Christi, Texas 78403
Telephone:  361-888-7676
Facsimile:  361-884-8545

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 3rd of October 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.


*/s/ Kathryn Snapka* _____
**Kathryn Snapka**
**Attorney-in-Charge for Plaintiff**