IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
Robin Newhouse and Frederick Newhouse, Sr.
Civil Case # 1:18-cv-1662

### PLAINTIFF NEWHOUSE RESPONSE IN OPPOSITION TO COOK DEFENDANT'S OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS

COMES NOW Plaintiffs Robin Newhouse and Frederick Newhouse, Sr. ("Plaintiff"), through the undersigned counsel, and for this Response in Opposition to the Defendant Cook Medical's ("Cook" or "Defendant") Omnibus Motion for Summary Judgment, states as follows:

### INTRODUCTION

Cook has moved for summary judgment on many cases through an omnibus motion, relying solely on a spreadsheet of its own creation as evidence. Further, Cook attempts to prematurely address choice of law issues regarding the applicable personal injury statute of limitations and the subsequent effect on the viability of Plaintiff's other claims. *See generally* Defendant's Memorandum, Dkt. 11726. Regardless if Virginia or Indiana Law apply, a discovery rules exists in each state. Because the "date of injury" on the spreadsheet does not accurately reflect when the Plaintiff discovered her injury, Cook is incorrect that this case is time-barred. Plaintiff timely filed her claims.

Additionally, Cook makes baseless claims that Plaintiff and Plaintiff's counsel have pursued meritless claims with hopes of their cases being swept in to a global settlement. *See id.*

1

Not only are such claims disingenuous and made to dramatize the burden on Defendants, they are completely false. It is improper for Defendant to bring a case-specific or individualized challenge to the statute of limitations through this Omnibus Motion. Regardless, Defendant has failed to sustain its burden as specifically relating to Plaintiff. For these reasons alone, Defendant's Motion should be denied.

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Plaintiff's Statement of Material Facts are as follows:

1.  On January 27, 2006, Plaintiff received a Cook Gunther Tulip Vena Cava Filter during an implantation procedure which took place in Richmond, VA. *See* Plaintiff's Short Form Complaint, Case 1:18-cv-01662-WTL-DML, Dkt. 1).

2.  In 2017, Plaintiff first learned that her IVC filter device could have caused her injuries. *See* Plaintiff's Exhibit A.

3.  Plaintiff filed suit herein on June 1, 2018. *See* Plaintiff's Short Form Complaint, Case 1:18-cv-01662-WTL-DML, Dkt. 1).

4.  On October 2, 2018, the Court entered its Categorization and Screening Order which instructed all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records. *See* Dkt. 9322.

5.  On the instructions for the Categorization Form, it clearly states "This Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only **and is not admissible and is not to be considered relevant for any other purpose**." *See* Docket Entry 9638-1 at ¶ 4 (emphasis added).

6.     On September 5, 2019, Cook filed a Renewed Omnibus Motion for Summary Judgment Based on the Applicable Statute of Limitations. *See* Dkt. 11725.

7.     In support of Cook's Motion for Summary Judgment as it relates to this Plaintiff, Cook relies exclusively upon Plaintiff's Case Categorization Form in asserting that the statute of limitations expired. *See* Defendant's Memorandum, Dkt. 11726-1, at 10.

8.     Cook has not deposed Plaintiff in the instant case. *See generally* Defendant's Memorandum, Dkt. 11726.

11.    Cook has not deposed Plaintiffs' treating physicians, implanting physician or any other physician charged with the Plaintiff's care related to the IVC filter in the instant case. *Id.*

12.    Cook has not supplied this Court with any evidence as to when Plaintiff was actually informed of any diagnosis of complications related to the IVC filter. *Id.*

13.    Cook has not supplied this Court with any evidence as to when Plaintiff first learned the IVC filter could have caused her injuries. *Id.*

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Cook's so-called statement of undisputed facts, as alleged in its memorandum of law in support of this Motion, does not support summary judgment. *See* Dkt. 11726, at 5-9. In response to Cook's statement of undisputed facts, Plaintiffs state the following:

1.     On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs admit.

2.      Through subsequent orders, the Court set deadlines (and later gave multiple extensions) and adopted the form that plaintiffs were required to use. *See* Orders, Dkts. 9638, 9907 & 10617. In pertinent part, the Case Categorization From (Dkt. 9638-1) stated that "plaintiff[s] may select more than one of the seven categories outlined in the Categorization Form, with the understanding that only the 'highest' alleged category will be considered for purposes of the census ordered by the Court" and that "each category alleged requires a specific medical record." *See* Dkt. 9638-1.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs admit.

3.      The Categorization Form further required that counsel certify that "the categorization is based on a review of the available medical records including imaging reports and records" and that "submission of the specific medical record(s) … are counsel's certification that the outcome, complication, or injury represented in [the Form] is the proper categorization for Plaintiff's case to the best of counsel's knowledge and belief.". *Id*. at 4.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs admit.

4.      All Plaintiffs listed in Exhibit A have provided Categorization Forms and supporting records, and they are categorized in the census in Categories 3 to 7. Category 1 cases were subject to immediate dismissal under the Categorization and Screen Order and were subsequently dismissed (Dkt. 10588), and nearly all Category 2 cases have also been dismissed as a result of voluntary dismissals and motion practice.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

5. Due to the number of cases subject to this motion, the Cook Defendants have reviewed Plaintiffs' short-form complaints, Categorization Forms, and supporting medical records, and summarized the relevant information from those materials in Exhibit A.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

6. Exhibit A provides the following information for all 144 Plaintiffs' cases:

- Plaintiff's Name;
- Plaintiff's Case Number;
- Plaintiff's Home State (as denoted by the state of current residence and state of alleged injury in the Plaintiff's filter;
- The Plaintiff's highest category in the census;
- A short description of the categories selected in each Plaintiff's Categorization Form, along with the dates on the specific medical record(s) submitted in support of those claim; and
- The filing date of Plaintiff's case.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

7. Of the 144 cases at issue here, 143 Plaintiffs represent in their complaints that they reside in Alabama, Idaho, Michigan, Texas, or Virginia and allege that their injuries occurred in their

home states. Although Plaintiff Sandra Jackson left the state-specific fields of her short-form complaint blank, all available records indicate that she is from Virginia and underwent all her relevant medical care in Virginia.[11] Additionally, all 144 Plaintiffs filed their cases in this Court; none of them were transferred from other districts by the JPML.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

8.      In each of the cases on Exhibit A involving Plaintiffs from Alabama, Idaho, Texas and Virginia, the date on which each Plaintiff first filed his or her lawsuit is more than two years after the date of the injury that Plaintiff relies on in the medical record(s) the Plaintiff submitted as evidence of injury with that Plaintiff's categorization form.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

9.      In each of the cases on Exhibit A involving Plaintiffs from Michigan, the date on which each Plaintiff filed his or her action is more than three years after the date of the injury that Plaintiff relies on in the medical record(s) that the Plaintiff submitted as evidence of injury with that Plaintiff's categorization form.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

10.     With respect to the 28 Virginia Plaintiffs subject to the motion, the dates in Exhibit A indicate that their claims accrued before July 1, 2016.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter and to these individual plaintiffs. Here, plaintiff filed her complaint within two years of learning the IVC filter could have caused her injuries. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

11. As part of summary judgment briefing on the warranty claim in the *Gage* case, the Cook Defendants submitted the Affidavit of Kevin Brines and a copy of the "Cook Defendants' Memorandum in Support of Its Second and Renewed Motion for Summary Judgment, Dkt. 7805, pp. 17-18 (Brines Affidavit), p. 28 (copy of terms and conditions). Mr. Brines explained in his Affidavit that it "is the ordinary business practice of Cook" to include the terms and conditions as part of ever filter sale. *Id.* at 18, 5. He also identified the terms and conditions in effect at the time of Mr. Gage's filter sale in April 2011. *See id.* Those terms and conditions include the following relevant provisions: (1) an Indiana choice-of-law rules provision, (2) disclaimer of implied warranties, and (3) reduction of the statute of limitations on implied warranties to one year and one day, as permitted by the Indiana UCC. *See id.* at 28.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter and calls for a legal conclusion to which no response is required. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

12. With respect to Plaintiffs from the three states that recognize independent breach of warranty claims in the personal injury context – Alabama, Michigan, and Texas – there are 10 Plaintiffs who filed their claims within four years of the date of the filter placement procedures: Michigan Plaintiffs Diondrae Boone, George Hubert, and Walter Simpson; and Texas Plaintiffs Audra Boggs, Jasmine Bowen, Marcella Brady, Justin Gonzalez, Salvador Lozano, Sharon Sharp,

and Estate of Annette Weaver. *See* Exhibit A. However, all 10 of these Plaintiffs received their filters after April 2011, and their filters were accompanied by the "Cook Invoice Terms and Conditions" that reduced the limitations period for claims of breach-of-warranty claims to one year and one day. *See* Exhibit A (listing placement dates); Dkt. 7805, pp. 17-18, 28.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense in this instant matter and calls for a legal conclusion to which no response is required. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

## ARGUMENT[1]

### I. Summary Judgment Standard

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *see also,* Fed. R. Civ. P. 56(a). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56).

To satisfy this initial burden, the movant must inform the court of the basis for the motion and identify the portions of the record that **show the absence of a genuine issue of material fact**. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added). In *Celotex*, the Supreme Court plainly stated:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its

---

[1] Plaintiff relies upon and fully incorporates herein the PSC Response to Cook's Omnibus Motion for Summary Judgment Based Upon Statutes of Limitation (Dkt. 11983).

8

> motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. Cook "must discharge the burden the Rules place upon [it]: It is not enough to move for summary judgement without supporting the motion in any way of with a conclusory assertion." *Id*. Courts cannot "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. The non-movant is entitled to have the credibility of her evidence as forecast assumed, her version of all that is in dispute accepted, and all internal conflicts in it resolved favorably to her. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986). That means that any permissible inference from the underlying fact(s) are to be construed in the light most favorable to the plaintiff. *Id.* When the evidence is viewed in this way, if a fair-minded jury could return a verdict for the non-moving party, summary judgment must be denied. *See Anderson,* 477 U.S. at 252.

Summary judgment is to be granted cautiously in order to preserve substantive rights, and must be "used sparingly since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury." *Exxon Corp. v. National Foodline Corp.*, 579 F.2d 1244, 1246 (Cust. & Pat. App. 1978); *Egelston v. State University College at Geneso*, 535 F.2d 752, 754 (2nd Cir. 1976). Summary judgment is inappropriate where a "question of fact exists as to when [a] plaintiff knew or could have discovered that an injury has been sustained as a result of the tortious act of another." *Page v. Hines*, 594 N.E.2d 485, 487 (Ind. Ct. App. 1992)(citing *Malachowski v. Bank One, Indianapolis,* 590 N.E.2d 559 (Ind. 1992)).

Cook has not satisfied its burden to show the absence of a genuine issue of material fact, as detailed in multiple instances below, and therefore Cook's Motion for Summary Judgment should be denied.

## II. Statute of Limitations[2]

a. **Virginia Statute of Limitations**

Under Virginia law, all personal injury actions statute of limitations is two years. Va. Code Ann. § 8.01-243(a). Va. Code Ann. § 8.01-203 further provides:

> In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person or damage to property, when the breach of contract occurs in actions ex contractu and not when the resulting damage is discovered, except where the relief sought is solely equitable or where otherwise provided under § 8.01-233, subsection C of § 8.01-245, §§ 8.01-249, 8.01-250 or other statute.

Virginia law further establishes that a cause of action in product liability action accrues "when the person knew or should have known of the injury and its causal connection to the device." Va. Code § 8.01-249. The relevant code section expressly states that the cause of action accrues: "In products liability actions . . . for injury to the person resulting from or arising as a result of the implantation of any medical device, **when the person knew or should have known of the injury and its causal connection to the device**." Va. Code § 8.01-249 (emphasis added). Thus, contrary to Cook's assertions, the plain language of Virginia's statute demonstrates that Virginia does in fact follow a discovery rule in applying the statute of limitations in medical device cases such as the instant case. And as discussed herein, under Virginia's discovery rule, Plaintiff did not know or have reason to know of her injuries and the causal connection to Cook's filter until 2017.

In the instant case, genuine issues of fact exist as to whether Plaintiff knew or had reason to know of her injuries and the causal connection to Cook's filter before 2016. As discussed above, Cook relies exclusively upon Plaintiffs' Case Categorization Form in asserting that the statute of limitations

---

[2] Regardless if the Court decides to apply Virginia law or Indiana law in this case, Plaintiff submits that the analysis should result in the denial of Cook's Motion for Summary Judgment.

expired two years after a failed retrieval attempt in 2011. *See,* Ex. A to Cook's Memo, at 12. On the contrary, Plaintiff did not discover the causal connection between her injuries and Cook's IVC filter until 2017. *See,* Plaintiffs' Exhibit A, at 1. Thereafter, on June 1, 2018, Plaintiffs filed their complaint against Cook, which was well within two years after discovering the causal connection between Plaintiff's injuries and Cook's defective device. *See*, Plaintiff's Short Form Complaint, Case 1:18-cv-01662-WTL-DML, Dkt. 1). Accordingly, genuine issues of fact exist as to when Plaintiff knew or should have known of an injury and its causal connection to Cook's IVC filter device. As such, this Court should deny Cook's Motion for Summary Judgement.

Furthermore, Cook claims in its memorandum that this Court should rule on its motion for summary judgement based solely on a limited and select number of medical records. Dkt. 11503 ¶ 16. Medical records that in no way convey any information regarding Plaintiff's knowledge of the causal connection between his injuries and the defective nature of the Cook IVC Filter. What is more, Cook has not taken a single deposition, served a single interrogatory, or even reviewed all of Plaintiff's medical records. Without taking any of those critical discovery steps, Cook, in a motion for summary judgement that includes 30 other Virginia Plaintiffs and excludes the relevant Virginia law asks this Court to prematurely grant its motion. This, while Cook claims that Plaintiff's Counsel has filed this case without merit. Dkt. 11503 ¶ 2. However, in its sweeping motion, Cook does not even take the time to point the Court to any facts to buttress its arguments. *Roe v. Doe*, 28 F.3d 404, 406 (4th Cir. 1994). As such, this Court should reject Cook's Motion for Summary Judgement.

**b.    Indiana Statute of Limitations**

Moreover, Cook's motion must be denied as even if the Court determines that Indiana law applies. Indiana's two-year statute of limitations for personal injury begins "to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Barnes v. A.H. Robins Co.*, 476 N.E. 2d 84, 87- 88

(Ind. 1985). The issue is generally one of fact for the jury. *Degussa Corp. v. Mullens*, 744 N.E. 2d 407, 411 (Ind. 2001) (quoting *Van Dusen v. Stotts*, 712 N.E.2d 491, 499 (Ind. 1999)); *also see Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (stating that the issue is often a question of fact). The issue "may become a matter of law" if, for example, "a plaintiff's doctor expressly informs the plaintiff that there is a 'reasonable possibility, if not a probability' that an injury was caused by an act or product." *Id.* (emphasis added). But to determine when a reasonably diligent plaintiff should have discovered the claimed injury, Indiana courts ask, "whether a reasonable person in plaintiff's position...possessing the information plaintiff did when she did, could have discovered through the exercise of ordinary diligence that the product caused her harm." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995).

Cook can point to nothing in the record demonstrating that Plaintiff had notice of a defective filter inside her. On the contrary, Plaintiff had no idea that it was a defective IVC filter device that had caused her problems until 2017. *See* Plaintiff's Exhibit A.

Thus, the evidence before the Court simply does not trigger a scenario where the issue should become "a matter of law," as outlined above in *Degussa Corp. v. Mullens*, 744 N.E. 2d 407, 411 (Ind. 2001). Plaintiff's statute did not begin to run until a reasonable person in Plaintiff's position...possessing the information she possessed, could have discovered through the exercise of ordinary diligence that Cook's filter caused her harm. *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995).

Moreover, Indiana law dictates that equity will step in with its doctrine of estoppel to prevent an inequitable resort to the statute of limitations by one who has intentionally and fraudulently concealed a cause of action from a party for such length of time that the statute has run. *Wojcik v. Almase,* 451 N.E.2d 336, 339 (Ind. Ct. App. 1983) (citation omitted). Furthermore,

a cause of action normally accrues when the injurious action occurs although the plaintiff may not learn of the injurious act until later. However, if there is a concealment which prevents the plaintiff from learning of the cause of action, the statute is tolled during such concealment. *Id.* (citation omitted).

Cook ignores the disjunctive portion of Ind. Code § 34-20-3-1 which states affirms that, under the IPLA, "any product liability action [must be brought] within ten (10) years after the delivery of the product to the initial user or consumer." Ind. Code § 34-20-3-1. Indiana law construes this provision as a 'statute of repose' that is constitutional on its face. *See AlliedSignal, Inc. v. Ott,* 785 N.E.2d 1068, 1073 (Ind. 2003) (citations omitted). Indiana courts found that "the statute constitutional as applied to a plaintiff who is injured by a product within ten years of its initial delivery, but who has neither knowledge of nor any ability to know of that injury until more than ten years have passed." *Id.* at 1074 (citation omitted). The *Prater* court "found our decision in *Martin v. Richey,* 711 N.E.2d 1273 (Ind.1999), controlling." *Id.* at 1073. "In *Martin*, we held that art. 1, § 12,

> preclude[s] the application of a two-year medical malpractice statute of limitations when a plaintiff has no meaningful opportunity to file an otherwise valid tort claim within the specified statutory period because, given the nature of the asserted malpractice and the resulting injury or medical condition, plaintiff is unable to discover that she has a cause of action. Stated another way, the medical malpractice statute of limitations is unconstitutional as applied when plaintiff did not know or, in the exercise of reasonable diligence, could not have discovered that she had sustained an injury as a result of malpractice, because in such a case the statute of limitations would impose an impossible condition on plaintiff's access to courts and ability to pursue an otherwise valid tort claim.

*Id.* at 2073-74.

Even if the Indiana two-year statute of limitations applies, Cook's argument still fails as discussed above. Plaintiff did not know, nor did she reasonably discover that the IVC filter could have caused her injuries until 2017.

In this case, Plaintiff states that she only learned that the IVC Filter could have caused her injuries in 2017. *See* Plaintiffs' Exhibit A. Thereafter, on June 1, 2018, Plaintiff filed her complaint against Cook, which was well within two years after Plaintiff knew or should have discovered that she suffered an injury, and that Cook's defective filter device might have been the cause. *See* Plaintiff's Short Form Complaint, Case 1:18-cv-01662-WTL-DML, Dkt. 1. Accordingly, genuine issues of fact exist as to when Plaintiff knew or should have known of an injury and its causal connection to Cook's IVC filter device. Therefore, under an analysis of Indiana law, the Court should deny Cook's Motion for Summary Judgment.

### III. Plaintiff's Claims Do Not Fail as a Matter of Law

In the context of this Motion for Summary Judgment, Defendant confusingly makes flawed arguments tantamount to a challenge to the sufficiency of Plaintiffs' claims. *See* Doc. No. 11726, at 24-34. This is not appropriate in the context of this Motion. Defendant did not file a motion pursuant to Rule 12(b)(6) or Rule 12(c) and therefore waived its challenges as to the sufficiency of Plaintiff's claims. Furthermore, even if Defendant's arguments are deemed proper in the context of this Motion for Summary Judgment, this Motion should be denied as premature as discovery is ongoing.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a

complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of ruling on the Defendant's Motion, the Court should accept Plaintiffs' well-pleaded factual allegations as true and construe all reasonable inferences in his favor. *See Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Cook's Motion for Summary Judgment Based on the Applicable Statute of Limitations.

Respectfully submitted,

**BURNETT LAW FIRM**

By: */s/ Karen H. Beyea-Schroeder*
Karen H. Beyea-Schroeder
Riley L. Burnett
3737 Buffalo Speedway, 18th Floor
Houston, Texas 77098
Office Tel: (832) 413-4410
Cell: (832) 585-9829
Fax: (832) 900-2120
Email: Karen.Schroeder@RBurnettLaw.com
RBurnett@RBurnettLaw.com
*Attorneys for Plaintiff(s)*

***Lead Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

          /s/  *Karen H. Beyea-Schroeder*
          Karen H. Beyea-Schroeder
          BURNETT LAW FIRM
          3737 Buffalo Speedway, 18th Floor
          Houston, Texas  77098
          Office Tel: (832) 413-4410
          Fax: (832) 900-2120
          Email: Karen.Schroeder@RBurnettLaw.com