IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This document relates to:

**Janice Ball v. Cook Incorporated, et al.**
**Case No. 1:17-cv-01320**

---

## DECLARATION OF JANICE BALL

Plaintiff Janice Ball offers this Declaration in support of her Response to Defendants' Renewed Omnibus Motion for Summary Judgment Based On Applicable Statute Of Limitations From Five States (Doc. 11725) and the Memorandum In Support of that motion (Doc. 11726), as allowed by 28 U.S.C. § 1746.

Upon my recollection and the best of my personal knowledge and belief, I declare as follows:

1.     My name is Janice Ball. I am of sound mind and legal age to make this declaration under the penalty of perjury.

2.     I had a Cook Celect Vena Cava filter implanted into my body.

3.     In my discussions with my physicians, our plan of my care was to have the IVC filter implanted temporarily and have it removed within six months of having it implanted.

4.     I attempted to have the IVC filter removed, but the procedure failed. I had to have a second procedure to have it removed.

1



5.      Prior to 2016, which was after my IVC filter was removed, I did not suspect that it was irregular for removal of the IVC filter to be difficult or to have a second operation to remove the IVC filter, nor did I have knowledge of an injury.

6.      At no time prior to the implantation of my IVC filter did I receive any warnings that an IVC filter can shift, perforate veins, cause multiple procedures for its removal, or cause other injuries.

7.      At some time between January 1, 2016 and mid-April of 2016, I saw a television advertisement indicating that IVC filters can cause injuries to persons. It was not until I saw this advertisement that I suspected that my procedures were irregular, that I had been injured, and that these injuries and multiple procedures were the result of the IVC filter's design or manufacture.

8.      I spoke with legal counsel for the first time in this regard sometime in April of 2016, which furthered my suspicions that my procedures were irregular, that I had been injured, and that these injuries and multiple procedures were the result of the IVC filter's design or manufacture.

9.      After retaining counsel, I obtained medical records that confirmed that the IVC filter had perforated my vein and that I had been injured. I learned this no sooner than August of 2016. I was never aware at any time before this that the IVC filter had perforated my vein or that I had suffered any other injury.

10.     I filed suit on April 26, 2017.

11.     My physicians never informed me that the IVC filter perforated my vein or communicated any cause of such perforation.

12.     My physicians never told me a cause of the difficulty in removing my IVC filter or the multiple procedures needed for its removal.

13.     My physicians never told me that I suffered any injuries or communicated any cause for them.

14.     I am not a medical or engineering expert. I have no medical or engineering training, nor have I undertaken any medical or engineering education.

15.     I have no knowledge of the design or manufacture of the Cook Celect IVC filter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on (date):     09/27/2019

_Janice Ball_
JANICE BALL

3