IN THE UNITED STATES DISTRICT COURT
SOUTHERNG DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| *Rodney Sevelis v. Cook Incorporated, et al.*<br>*Case No. 1:18-cv-02580-RLY-TAB* | |

### Plaintiff Rodney Sevelis' Response in Opposition to Defendant Cook's Omnibus Summary Judgment Motion

Under Federal Rule of Civil Procedure 56 and S.D. Ind. Local rule 56-1, Plaintiff Rodney Sevelis opposes Defendant Cook's omnibus summary judgment motion and respectfully submits the following response in opposition. Defendant Cook's motion should be denied as to Plaintiff Rodney Sevelis because a genuine issue of material fact exists under Michigan law regarding Defendant Cook's fraudulent concealment as well as breach of warranty and Defendant Cook has not met its burden of establishing its defense regarding the statute of limitations.

A. **Statement of Material Facts in Dispute**

1. Plaintiff Rodney Sevelis received an IVC filter implant in Michigan in 2013. Pl. Short Form Compl., ¶¶ 11-12, copy attached as Exhibit 1; Pl. Profile Sheet, § III.1, 7, copy attached as Exhibit 2.

2. Defendant Cook has not deposed Plaintiff Rodney Sevelis, and has engaged in limited discovery. *See generally* Defendant Cook's Memorandum, Doc. No. 11726.

3. Defendant Cook has not taken the deposition of Plaintiff's treating physicians, implanting physician, or any other physician who cared for him related to his IVC filter. *See id*.

4. Plaintiff's short form complaint "incorporate[s] The Master Complaint in MDL No. 2570 by reference (Document 213)." Ex. 1.

5. The PSC filed the Master Consolidated Complaint in this case "for incorporation and adoption by individual plaintiffs in the above captioned matter." Master Consol. Compl. for Individual Claims (Doc. 213).

6. The Master Consolidated Complaint sets forth allegations against the Cook Defendants for fraudulent concealment, equitable estoppel and equitable tolling. *Id.*, ¶¶ 195-200.

7. Plaintiff's short form complaint includes claims for breach of warranty. Ex. 1, ¶ 14, Counts V and VI.

**B. Legal Standard**

Summary judgment should not be granted unless there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On summary judgment, a court may not make credibility determinations, weigh the evidence, or decide which inference to draw from the facts; these jobs are for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Moreover, the facts must be construed in the light most favorable to the non-moving party. *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court sitting in diversity looks to state law on matters of substance,

including the relevant statute of limitations.[1] *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002).

### C. Argument and Authorities

Plaintiff's home state of Michigan recognizes a claim for fraudulent concealment. When "a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim," then the action "may be commenced at any time within 2 years after the person who is entitled to bring the action discovers or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations." MCL § 600.5855. *See also Bearup v. General Motors Corp.*, Nos. 272654, 272666, 2009 WL 249456, *5-6 (Mich. Ct. App. Feb. 3, 2009) (citing and discussing this provision).

Although Defendant Cook has not deposed Plaintiff and has engaged in very limited discovery, the facts show that Cook concealed material facts from implanting physicians and their patients regarding the defective nature of the IVC filter. These implanting physicians and patients expected the filter to be safe for implantation and relied on Defendant Cook's representations indicating as much. Defendant Cook had knowledge of the actual facts that the filters were defective and not suitable for permanent implantation. *See* Statement of Material Facts in Dispute, above.

---

[1] Contrary to Cook's argument that Indiana choice of law rules and Indiana law apply, the Plaintiff's Steering Committee has submitted a response to the Cook Defendants' renewed omnibus motion for summary judgment. For the reasons explained in that submission, Plaintiff respectfully submits that the Court should reject Cook's choice of law arguments.

Plaintiff's home state of Michigan also recognizes a discovery rule for Plaintiff's breach of warranty claims. It provides that "[i]n actions for breach of a warranty of quality or fitness the claim accrues at the time the breach of warranty is discovered or reasonably should be discovered." MCL § 600.5833. *See also, Bearup*, 2009 WL 249456, at *6 (citing this provision).

To the extent that Cook relies on Plaintiff's Case Categorization Form as support, Plaintiff respectfully submits that Cook's reliance on the Form is improper here. Among other things, the Form states that it "is not admissible and is not to be considered relevant for any other purpose." The agreement between the parties further provides that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

Accordingly, Defendant Cook's motion for summary judgment on the statute of limitations should be denied as to Plaintiff Rodney Sevelis.

### D. Conclusion

For these reasons, Plaintiff Rodney Sevelis respectfully requests that this Court deny Defendant Cook's motion for summary judgment as to him and grant him all other relief the Court deems just and proper.

Dated: October 3, 2019

                                                Respectfully Submitted,

                                                **WENDT LAW FIRM, P.C.**

*/s/ Samuel M. Wendt*
Samuel M. Wendt, Esq
MO Bar# 53573
4717 Grand Avenue, Ste 130
Kansas City, MO 64112
Phone: (816) 531-4415
Fax: (816) 531-2507
Email: sam@wendtlaw.com

ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participating registered to received service in this MDL.

*/s/ Samuel M. Wendt*
**Samuel M. Wendt**