IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

1:17-cv-2704-RLY-TAB Bowen v. Cook Medical Inc., et al

**PLAINTIFFS' RESPONSE IN OPPOSITION TO COOK DEFENDANTS' RENEWED OMNIBUS MOTION FOR SUMMARY JUDGEMENT ON LIMITATIONS**

Plaintiff Jasmine Bowen, a Texas resident, through her attorneys David M. Langevin and Rhett A. McSweeney, respectfully files this Response[1] to the Cook Defendants'[2] Renewed Omnibus Motion for Summary Judgment and respectfully shows the Court the following[3]:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Cook's simplistic statement that Indiana choice of law rules and Indiana law apply merely because Plaintiffs' filed their claims directly in this MDL court ignores Seventh Circuit precedent and is legally incorrect. In the Seventh Circuit, it is black letter law that for choice of law analysis, "[F]oreign cases filed directly in a district court as part of an ongoing multidistrict litigation are treated as having originated <u>outside</u> of that district." *Dobbs v. DePuy Orthopedics, Inc.,* 842 F.3d 1045, 1048 (7th Cir. 2016) (emphasis added), citing with approval *In re Watson*

---

[1] This Response references and incorporates the Response of Plaintiffs' Steering Committee to the Cook Defendants' Renewed Omnibus Motion for Summary Judgment.
[2] As used in this Response, "Cook" and "Cook Defendants" refer to Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS.
[3] Cook's Motion for Summary Judgment on Limitations pertains to 144 Plaintiffs. Each of those 144 Plaintiffs will be filing a legal and fact-specific response to Cook's Motion for Summary Judgment. This response applies to the case identified above. Plaintiff's Steering Committee has filed a Joint Response regarding choice of law analysis because the issue pertains to all Plaintiffs, and because Cook's argument is so blatantly incorrect pursuant to both Seventh Circuit and well-established MDL case law.

1

*Fentanyl Patch Prods. Liab. Litig.,* 977 F.Supp.2d 885, 888-89 (N.D. Ill. 2013) (in direct filed product liability case, MDL court applied the law of the state where the Plaintiff purchased and used the prescribed product, not the MDL forum); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011) (similarly applying the law of the state where Plaintiff purchased and used the product rather than the MDL forum in foreign direct filed cases). Tellingly, Cook's Motion for Summary Judgment ignores the Seventh Circuit's holding in *Dobbs*[4]. The Court should reject Cook's erroneous choice of law argument, refuse to apply Indiana law to foreign direct filed cases, and deny Cook's Motion for Summary Judgment, as Ms. Bowen's case is not time-barred under the law of her home state, Texas.

## STATEMENT OF FACTS

1. Plaintiff commenced this lawsuit on August 9, 2017.

2. The Case Categorization form expressly states the "Case Categorization Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan and is not admissible and is not to be considered relevant for any other purpose."

3. On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records for the purposes of bellwether selection only. Specifically noting that the Case Category Submission was for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether

---

[4] Cook's Motion for Summary Judgment does cite the Watson Fentanyl and Yasmin cases. But those MDL court rulings actually support Plaintiffs' position and reject Cook's argument. The Court should rule likewise. For further discussion, please see infra at page 7.

2

Selection Plan only and is not admissible and is not to be considered relevant for any other purpose.

4. Plaintiff did not know, nor could have reasonably known that her injuries were caused by a defective Cook IVC Filter until at least August 2016, when she first attributed her injuries to the Cook IVC filter at issue in this case. *See* Exhibit A, Affidavit of Jasmine Bowen.

5. On January 18, 2019, Jasmine Bowen complied with the Court's Order and served her Categorization and Screening Order upon Cook.

6. Cook has not taken a single deposition, served any interrogatories, or reviewed all of Plaintiff's medical records.

## STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.,* 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.,* 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). For evidence "to be considered on summary judgment, evidence must be admissible at trial." *Cairel v. Alderden,* 821 F.3d 823, 830 (7th Cir. 2016) (citing *Wragg v. Village of Thornton,* 604 F.3d 464, 466 (7th Cir. 2010)). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. *See In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab.*

*Litig.*, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002)).

Summary judgment may be entered on the basis of a statute of limitations defense if "(1) the statute of limitations has run, thereby barring the plaintiff's claim as a matter of law, and (2) there exist no genuine issues of material fact regarding the time at which plaintiff's claim has accrued and the application of the statute to plaintiff's claim which may be resolved in plaintiff's favor." *Massey v. United States,* 312 F.3d 272, 276 (7th Cir. 2002) (internal quotations and citation omitted). In this case, the statute of limitations has not run, and there is a genuine issue of material fact in dispute as to when Ms. Bowen's claim accrued.

## ARGUMENT

### I. Plaintiff Filed Her Personal Injury Claims Within the Texas Statute of Limitations.

Under Texas law, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues. Tex. (Civ. Prac. & Rem.) Code Ann. § 16.003(a). Generally, accrual occurs on the date "the plaintiff first becomes entitled to sue the defendant based upon a legal wrong attributed to the latter", even if the plaintiff is unaware of the injury. *Zidell v. Bird*, 692 S.W.2d 550, 554 (Tex.Ct.App.1985). The "discovery rule" is an exception to this general rule. See *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990). Under Texas' discovery rule, the limitations period is tolled until the plaintiff discovers, or through the

exercise of reasonable diligence should have discovered, the nature of the injury. See id.; *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988).

Defendant contends that medical imaging and/or physician recommendation about the IVC Filter serves as a trigger of the statute of limitations. However, the Court in *Comput Assocs. Int'l, v Altai, Inc.*, "has permitted application of the discovery rule exception to the statute of limitations. Generally, application has been permitted in those cases where the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." 918 S.W.2d 453 456 (Tex. 1996). Although federal courts often grant summary judgment because a statute of limitations has expired, they refuse to grant summary judgment for defendant if there is an issue of fact as to when the limitations period began, such as in products-liability actions in which the statutory period begins to run when plaintiff knew or should have known that the injury was caused by defendant's product. *Terrebonne Parish School Board v. Mobil Oil Corporation*, 310 F.3d 870 (5th Cir. 2002).

Here, there is an issue of fact as it is impossible for Defendant to know when Plaintiff obtained the relevant information necessary to connect her injury to the IVC Filter. Defendants are quick to rush for summary judgment without ever taking a single deposition or serve any interrogatories. Without allowing the discovery process to evolve in the way it was designed, Defendants are attempting to prematurely dismiss claims. Without proper discovery, it is impossible to determine what knowledge Plaintiff had about her condition in relation to the filter. Depositions are needed to reveal the exact nature of information relayed to Plaintiff during her hospital and physician visits. The discovery process will reveal the necessary evidence to know when Plaintiff could have known about her injury. What we do know is the Plaintiff connected her injury with the IVC Filter by August 2016. Whether any facts gathered from future

depositions would show a reasonable opportunity to discover her injury before August 2016 is impossible to know at this time.

Because it is impossible to determine when Plaintiff knew or could have known the nature of his injury without proper discovery, this Court should deny Defendant's Motion for Summary Judgment.

## II.     Cook's Reliance on the Categorization Form is Misplaced.

Cook cannot use the Categorization Case form as grounds for a Motion for Judgment on the Pleadings. The Categorization Case form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." The "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only . . . ." Reliance on the Categorization form is a breach of the party's agreement and such behavior should not be permitted by this Court. Furthermore, Cook cannot point to any information in the Plaintiff Profile Form that Plaintiff knew of the causal connection between her injuries and Cook's defective IVC Filter until 2016.

Because Cook cannot rely on the Categorization form and the PFS does not supply any support for Cook's tortured arguments, this Court should deny the motion in its entirety. Plaintiff has demonstrated a genuine issue of material fact.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Cook's Motion for Summary Judgment and grant any relief this Court deems appropriate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: October 3, 2019 | /s/ David M. Langevin |
|  | David M. Langevin |
|  | MN Bar No. 329563 |
|  | McSweeney/ Langevin LLC |
|  | 2116 Second Avenue South |
|  | Minneapolis, MN 55404 |
|  | Telephone: (877) 542-4646 |
|  | Fax: (612) 454-2678 |
|  | dave@westrikeback.com |
|  | |
|  | *Lead Counsel for Plaintiff Jasmine Bowen* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 3, 2019, a copy of foregoing brief was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive in this matter. Parties may access this filing through the Court's system.

      /s/ David M. Langevin