UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC., IVC FILTERS        Case No. 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES AND               MDL No. 2570
PRODUCTS LIABILITY LITIGATION

This document relates to:
*Richard Smith v. Cook et al.*
1:17-cv-02800-RLY-TAB

**PLAINTIFF RICHARD SMITH'S MEMORANDUM IN OPPOSITION TO COOK DEFENDANTS' RENEWED OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS**

COMES NOW Plaintiff Richard Smith (hereinafter "Plaintiff") and hereby submits this response in opposition to Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS' (collectively referred to as "Defendants") Renewed Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations. Defendants have prematurely brought their motion prior to the commencement of any discovery, and their reliance on the Categorization Forms in support of their motion is inappropriate. Accordingly, for the reasons set forth herein, Defendants' motion should be denied.

**I.     Plaintiff's Statement of Undisputed Facts**

1.     On October 2, 2018, the Court entered its Categorization and Screening Order (*See* Docket Entry 9322), ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2.     The Case Categorization form expressly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's

1

Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

3. Defendants have not evaluated the entirety of Plaintiff's medical records, served a single interrogatory or request for admission, or taken any deposition.

## II. Summary Judgement Standard of Review

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he substantive law will identify which facts are material" and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.* A court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. *See id.* at 249. A genuine issue exists if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. *See id.*

## III. Defendant's Motion for Summary Judgment Erroneously Claims That Virginia Does Not Follow A "Discovery Rule"

Cook argues that Virginia does not follow a "Discovery Rule". That is incorrect. See Va.Code Ann. §8.01-249.

## IV. Defendants' Motion for Summary Judgment Should Be Denied Because It Is Premature.

Federal Rule of Civil Procedure 56(c) mandates that motions for summary judgment must be supported by factual contentions found in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made

for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Notably, "Summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Smith v. Amada Machine Tools America, Inc.*, 2017 WL 4418666, at *3 (E.D. Mich. Feb. 8, 2017); *see also Holland v. FCA US LLC*, 656 Fed.Appx. 232, 235 (6th Cir. Aug. 16, 2016) ("A pre-discovery motion for summary judgment is premature, as granting summary judgment absent any opportunity for discovery offends concepts of fundamental fairness."); *El-Shabazz v. Wehrmeyer*, 2019 WL 1675700, at *5 (S. D. Ind. Apr. 17, 2019) ("Thus far, no discovery has taken place, so summary judgment would be premature."). In the instant matter, Defendants have yet to evaluate the entirety of Plaintiff's medical records, serve a single interrogatory or request for admission, or take any deposition. Thus, Defendants cannot plausibly petition the court to evaluate the presence of any issues of material fact when the record is completely void of those facts. However, providing adequate time for case-specific discovery ensures that each party has the opportunity to determine the existence of any genuine issues of material fact.

For instance, as revealed in the second bellwether trial, *Tonya Brand v. Cook, et al.*, 1:14-cr-6018 (S.D. Ind. Jan. 14, 2019), numerous factual contentions and evidence indicate Defendants actively misrepresented and concealed from Ms. Brand and her physicians the significant risks associated with the IVC filters. This revelation, however, was not available to Ms. Brand until after the conclusion of discovery:

In 2004, Defendants conducted a scientific animal study, VCA1, to evaluate the Celect filter's percentage of penetration of the caval wall in sheep. (*See Tonya Brand v. Cook, et al.*, 1:14-cr-6018 (S.D. Ind. Jan. 14, 2019), Trial Tr. Vol. 1 at 422:8-22). Though the VCA1 study

revealed that "13% showed penetration of the caval wall", Defendants reported to the FDA that there were **no** perforations. (*Id.* at 422:23-423:10) (emphasis added).

In another animal study, the Zaragoza study, Defendants tested the design of the Celect filter in six sheep. (*Id*. at 431:4-15). The Zaragoza study revealed that four out of the six Celect filters had perforations. *Id.* Notably, three separate animal studies (in 2004, 2005, and 2008) showed perforations in the animals of the IVC. (*Id.* at 443:15-18). Despite this knowledge, Defendants failed to report this information to the FDA. (*Id.* at 432:1-3).

Even more so, Defendants' own executive summary yielded the conclusion that, "The risk analysis and the clinical evaluation have identified some safety concerns associated with the new design of the filter." (*Id.* at 451:13-19). For example, during the design phase, Defendants defined "perforation" in a way that was beyond the scope of any previous standard or study as opposed to the standard definition in the field. (*Id.* at 538:6-21). Additionally, Defendants failed to implement definitive tests that allowed perforations to be detected during testing. (*Id*. at 543:5-23).

In fact, upon selling their IVC filters, Defendants were receiving numerous complaints about perforations and catastrophic damage, including death. (*Id*. at 493:4-494:8). Even in the midst of clear safety concerns with patients, Defendants' primary concern was that the filter was costing business. (*Id*. at 486:15-18).

As established *supra*, it is undeniable that there is evidence of fraud and concealment in the *Brand* bellwether case. However, both parties must be afforded the opportunity to engage in case-specific discovery to determine what—if any—connection exists between Defendants'

actions and Plaintiff in the instant matter. Because neither party has yet to be afforded this opportunity, Defendants' premature motion for summary judgment is due to be denied.

Furthermore, as noted in the Manual for Complex Litigation, "In other cases, however, **particularly those involving "mature" mass torts**, the judge and parties prefer at the outset to discover **plaintiff-specific information** or to conduct discovery from plaintiffs concurrently with discovery from the defendants." (MCL 4th § 22.8) (emphasis added). In fact, "**individual discovery** of all plaintiffs" is necessary when years of litigation has failed to produce a global settlement. (*See id*. at § 22.81) (emphasis added). Moreover, after the completion of common discovery, the MDL court should arrange for case-specific discovery to occur in plaintiffs' home states. (*See id.* at § 22.32); *In re Orthopedic Bone Screw Prods. Liab. Litig*., MDL No. 1014, 1998 WL 118060, at *1 (E.D. Pa. Jan. 12, 1998) (remanding case after managing all aspects of civil procedure and discovery). This honorable Court has expended years managing this mature, complex litigation, including general discovery and several bellwether trials. However, in the absence of case-specific discovery, a fully informed decision on the merits is simply unattainable. Thus, Defendants' premature motion for summary judgment should be denied.[1]

## V.   Defendants' Motion for Summary Judgment Should Be Denied Because They May Not Rely On Categorization Forms In Support Of Their Argument.

Defendants cannot use the Categorization Case form in support of their motion for summary judgment. The instructions for the Categorization Case form clearly states "This Case Category Submission is for the purpose of complying with the Court's Order on the Cook

---

[1] Plaintiff further posits that case-specific discovery should occur in his home state. It is well established that the court has the discretionary power to remand "when everything that remains to be done is case-specific." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp.2d 1196, 1197-98 (S.D. Ind. 2001) (citing *In re Patenaude*, 210 F.3d 135, 145 (3rd Cir. 2000)). Because only case-specific discovery and motion practice remain in Plaintiff's case, the Court should deny Defendant's motion for summary judgment.

Defendant's Motion for Screening Order and Bellwether Selection Plan **only and is not admissible and is not to be considered relevant for any other purpose**." (*See* Docket Entry 9638-1 at ¶ 4) (emphasis added). Accordingly, Plaintiff's counsel relied upon—acted in accordance with—the assurance that the categorization forms would not be used for any other purpose. Thus, Defendants' reliance upon the Categorization form is inappropriate and should not be accepted by the Court. Moreover, Defendants cannot point to any information in the record, including Plaintiff's Profile Form, that presents any genuine issue of material fact. Because Defendants' reliance on the Categorization Form is misplaced, their motion for summary judgment should be denied.

## VI.   Conclusion

For the reasons set forth herein, Defendants' motion for summary judgment should be denied.

Date: October 3, 2019                              Respectfully submitted,

                                    /s/ Baird A. Brown
                                    Baird A. Brown (Bar No. 56627)
                                    LAW OFFICES OF BAIRD BROWN, PC
                                    3055 Wilshire Boulevard, Suite 980
                                    P (213) 487-8880
                                    F (213) 487-8884
                                    bairdbrownlaw@gmail.com
                                    Counsel for Plaintiff

**CERTIFICATE OF**
**SERVICE**

I HEREBY CERTIFY that on October 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will notify all attorneys of record of such filing.

/s/ Lucas Granillo
Lucas Granillo