IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                             MDL NO. 2570

This document relates to:
JOHN MAUCK
Civil Case No. 1:17-cv-3328

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW INTO COURT comes Plaintiff John Mauck, through undersigned counsel, who

submits this response in opposition to the Cook Defendants' Omnibus Motion for Summary

Judgment Based on Applicable Statute of Limitations. Despite the fact that no individual discovery

has taken place in Mr. Mauck's case apart from the submission of his Plaintiff Profile Form/Sheet,

the Defendants seek summary judgment in his case, based on a piece of inadmissible "evidence."

In avoiding any individualized inquiry in their Omnibus Motion, they ignore that the Plaintiff has

timely stated a claim under the laws of Virginia, specifically 1) the law regarding medical device

cases and 2) the Virginia Consumer Protection Act ("the VCPA"), and can provide evidence that

he did so within the statute of limitations for each such claim. This Court should deny Defendants'

Motion as it applies to Plaintiff John Mauck.

**FACTUAL BACKGROUND**

Plaintiff John Mauck is a resident of Amissville, Virginia. Exhibit 1, Declaration of John

Mauck. In 2012, he had a Cook Celect IVC Filter device implanted. *Id.* When doctors went to

retrieve said filter – always meant to be temporary - in 2013, they were unable to do so, and

diagnosed it as irretrievable. *Id.* Until seeing a television commercial regarding lawsuits against

Cook over their defective IVC filter devices, Mr. Mauck had no inkling that the device itself, or the manufacture thereof, could have been at fault for it now being embedded in his body. *Id.* Mr. Mauck saw those commercials in August 2016 and filed the instant lawsuit in 2017. *Id.*; Exhibit 2, Plaintiff's Short Form Complaint.

## STATEMENT OF MATERIAL FACTS IN DISPUTE

1. On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2. The Case Categorization form expressly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose." See Dkt. 9638-1, p.1 ¶4.

3. Plaintiff John Mauck learned for the first time in August 2016 that some inferior vena cava filters may be defective and could cause injuries. (See Declaration of Plaintiff John Mauck, attached as Exhibit 1).

4. Plaintiff filed his Short Form Complaint in this case on Sept. 17, 2017. (See Exhibit 2, Plaintiff's Short Form Complaint).

5. Plaintiff **disputes** Defendant's "Undisputed Material Fact" No. 8 – namely, that "With respect to the 28 Virginia Plaintiffs subject to the motion, the dates in Exhibit A indicate that their claims accrued before July 1, 2016." The accrual of a claim is a matter governed by various Virginia statutes. Plaintiff Mauck's claim for an injury as a result of a medical device did not accrue until he discovered the cause of his injury, and his claim under the Virginia Consumer Protection Act did not accrue until he discovered the Defendants'

misrepresentation regarding his IVC filter. In both cases, that event was no earlier than August 2016 – less than a year before his lawsuit was filed.

## STANDARD OF REVIEW

The standard for consideration of a motion for summary judgment is that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, courts cannot "weigh the evidence and determine the truth of the matter." *Id.* at 249.

Rather, courts reviewing a defendant's motion for summary judgment must draw any permissible inference from the underlying fact in the light most favorable to the plaintiff. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (emphasis added). To satisfy this initial burden, the movant must inform the court of the basis for the motion and identify the portions of the record that show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Thus, Cook "must discharge the burden the Rules place upon [it]: It is not enough to move for summary judgement without supporting the motion in any way of with a conclusory assertion." *Id*. The non-movant is entitled to have the credibility of her evidence as forecast assumed, her version of all that is in dispute accepted, and all internal conflicts in it resolved favorably to her. See *Matsushita*, 475 U.S. at 587-88. When the evidence is viewed in

this way, if a fair-minded jury could return a verdict for the non-moving party, summary judgment must be denied. See *Anderson*, 477 U.S. at 252.

## LAW AND ARGUMENT

### I.  Cook Cannot Rely on the Categorization Forms for the Basis of their Motion.

In accordance with this Court's Categorization and Screening Order, Dkt. 9322, the Plaintiff submitted a Case Categorization Form, along with relevant medical records. These Case Categorization Forms clearly state that they are "not admissible and [are] not to be considered relevant for any other purpose." Dkt. No. 9368-1, p.2. The "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only . . . ." *Id.* at 1.

The parties did not contemplate that these forms would be relied upon to file dispositive motions in individual cases, beyond those ordered by the Court in its original Categorization and Screening Order. Indeed, when Cook requested an order requiring these Categorization Forms, it did so with the express intent of "properly categoriz[ing] cases and draw[ing] bellwether cases from those categories." Filing No. 8913, ECF No. 55986.

Considering that the bellwether selections are now all but complete, the Case Categorization Forms have fulfilled their limited purpose. Any further attempt on Cook's part to now extend that purpose would be improper. Nevertheless, Cook submits a Motion that relies solely on these CCFs to request a strike on 149 claims. See, e.g., Filing No. 11503, ECF No. 85145-85149. Even despite the fact that the Court has already ordered that Cook's supporting evidence is inadmissible and irrelevant. See Filing No. 9638-1, ECF No. 64997-64998 (quoted supra at ¶ 2). If the evidence would not be admissible at trial, it cannot stand as support, especially as sole support, for Summary Judgment. *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016).

It unfairly prejudices individual plaintiffs, including John Mauck, to allow the Defendants to now use these Forms – in contravention of the original agreement that they would not be admissible for purposes outside this Court's Categorization and Screening Order – to do an end run around the traditional discovery required before the filing of dispositive motions. Instead of reducing this Court burden, as Defendants claim, this Omnibus Motion has instead added hundreds of additional items to the Court's docket. It should DENY Defendant's motion based on the inadmissible Categorization Forms.

**II.     Plaintiff filed his Personal Injury Claims within Virginia's Statute of Limitations.**

Under Virginia law, a cause of action accrues:

> In products liability actions … for injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew or should have known of the injury and its causal connection to the device.

VA Code Ann. 8.01-249(9). In the case of Plaintiff John Mauck, he did not learn of the causal connection between Cook's defective filter and his injuries until seeing a television commercial in August 2016. Exhibit 1, Declaration of John Mauck. Namely, the Plaintiff did not know that the defective nature of the device itself may have caused it to be embedded in his inferior vena cava and deemed irretrievable. See *id.* He filed the instant lawsuit on Sept. 17, 2017 – well within the two year statute of limitation. See Exhibit 2, Plaintiff's Short Form Complaint.

Cook's argument for summary judgement is based on an incomplete picture of Virginia law. Cook claims that Virginia permits an injured party only two years from the slightest injury. Dck 11503 ¶ 15. This ignores the above law defining when a cause of action accrues in the case of injuries caused by medical device.

Furthermore, Cook claims in its memorandum that this Court should rule on its motion for summary judgement based solely on a limited and select number of medical records. Dkt. No.

11503 ¶ 16. These medical records in no way convey any information regarding Plaintiff's knowledge of the causal connection between his injuries and the defective nature of the Cook IVC Filter. In this matter, Cook has not taken the Plaintiff's deposition, served interrogatories, or even reviewed all of Plaintiff's medical records (despite requiring Plaintiff to sign authorizations to order such records).

Without conducting individualized discovery, and in disregard of the relevant Virginia statutes, Cook now seeks an altogether-premature summary judgment in Plaintiff Mauck's case. This, while Cook claims that Plaintiff's Counsel has filed this case without merit. Dck 11503 ¶ 2. In its sweeping motion, Cook does not even take the time to point the Court to any facts individual to Plaintiff beyond the existence of his Categorization Form. As such, this Court should reject and DENY Defendants' Omnibus Motion for Summary Judgement.

### III.    Plaintiff filed his Personal Injury Claims within Indiana's Statute of Limitations.

Plaintiff John Mauck vehemently disputes Defendants' absurd argument that Indiana statute of limitations applies to his case and incorporates by reference the arguments in the response in opposition concurrently filed by the Plaintiffs' Steering Committee. See Dkt. No. 11983. However, even if Indiana law is applied, the Plaintiff still timely filed his claims.

Indiana's two-year statute of limitations for personal injury begins "to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Barnes v. A.H. Robins Co.*, 476 N.E. 2d 84, 87-88 (Ind. 1985). But the issue is generally one of fact for the jury. *Degussa Corp. v. Mullens*, 744 N.E. 2d 407, 411 (Ind. 2001) (quoting *Van Dusen v. Stotts*, 712 N.E.2d 491, 499 (Ind. 1999)); also see *Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (stating that the issue is often a question of fact). The issue "may become a matter of law" if, for example, "a plaintiff's

doctor expressly informs the plaintiff that there is a 'reasonable possibility, if not a probability' that an injury was caused by an act or product." Id. (emphasis added). But to determine when a reasonably diligent plaintiff should have discovered the claimed injury, Indiana courts ask, "whether a reasonable person in plaintiff's position...possessing the information plaintiff did when she did, could have discovered through the exercise of ordinary diligence that the product caused her harm." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995).

In this case, the Defendants provide no evidence that Plaintiff Mauck had any knowledge of the defective nature of the filter itself. Plaintiff represents that he had no knowledge that the filter could be defective or that it may have caused his injuries, until he saw a television commercial, in August 2016, regarding lawsuits over Cook's IVC filter products. See Ex. 1, Declaration of John Mauck.

Defendant's Motion, and its scant factual basis, do not trigger a scenario where the issue should become "a matter of law," as outlined above in *Degussa Corp. v. Mullens*. 744 N.E. 2d 407, 411 (Ind. 2001). Plaintiff's statute did not begin to run until a reasonable person in Plaintiff's position ... possessing the information he possessed, could have discovered through the exercise of ordinary diligence that Cook's filter caused him harm. *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995).

Here, the reasonable person in Plaintiff Mauck's position would not have discovered that Cook's filter caused him harm before the date when he saw advertisements related to Cook's filter on television, which was in August 2016. See Plaintiff's Exhibit. 1. Thereafter, on Sept. 17, 2017, Plaintiff filed his complaint against Cook, well within two years after Plaintiff knew or should have discovered that Cook's defective filter device might have been the cause of his injury. See Plaintiff's Exhibit 2. Accordingly, genuine issues of fact exist as to when Plaintiff John Mauck

knew or should have known of an injury and its causal connection to Cook's IVC filter device, and this Court should DENY Defendants' Omnibus Motion for Summary Judgement.

### IV.    Plaintiff filed Viable Claims Under the Virginia Consumer Protection Act.

#### a.  Defendant presents no summary judgment argument regarding the VCPA.

Despite the Master Consolidated Complaint, with its consumer fraud allegations fully pleaded, having been filed three years ago, Cook now also argues that it is entitled to summary judgment on the consumer fraud claim before any discovery has commenced because the claim was not pled with the specificity required by Fed. R. Civ. P. 9(b). See Cook Defendants' Memorandum, Dkt. 11726, p.30-32. The inquiry for summary judgment is not whether the complaint is specific enough, but rather whether a genuine issue of fact exists on the merits of the claim. See *Stayanoff v. Biomet, Inc.* 2018 WL 6605138 (N.D. Ind. December 14, 2018).

Cook has not come forward with any evidence showing that Plaintiffs cannot prove the consumer fraud claim, and its argument that the complaint fails to comply with the heightened pleading requirements of Rule 9 (b) provides no basis to grant summary judgment at this time. *Id.* (Summary judgment denied where defendant only argues that complaint does not satisfy Rule 9(b) without showing how plaintiff would lose on trial on the merits of the claim.), see also *Molex Inc v. Wyler*, 365 F.Supp.2d 901, 912 (N.D. Ill. 2005) (Even if complaint failed to meet Rule 9(b) pleading requirements, summary judgment would not be granted, as plaintiff should be given an opportunity to amend under Rule 15 or be allowed the use of discovery procedures.). Cook does

not even suggest to this Court that no question of material fact exists on the merits of the consumer fraud claim, and summary judgment must be denied.

> b. *The pleadings here adequately state a claim under the VCPA.*

Even if we accept that Defendants are entitled to argue for dismissal as a matter of law of Count VII of the Master Complaint as it applies to individual plaintiffs here in this motion, their argument does not succeed. The Plaintiff has adequately stated a claim for relief under the VCPA and did so within the time limit allowed by Virginia law.

Rule 9(b) of the Federal Rules of Civil Procedure states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Pleadings subject to Rule 9(b) require a complaint to "plead with particularity the who, when and how of the alleged frauds." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008).

Defendant singles out a single paragraph of the Master Consolidated Complaint and claims that it encompasses the whole universe of allegations related to consumer fraud. In doing so, they ignore the more specific allegations in the Complaint incorporated by reference into Count VII:[1]

- **WHO:** "Through its false, untrue and misleading promotion of Cook's IVC Filters, *Defendants* induced *Plaintiffs* to purchase and/or pay for the purchase of Cook's IVC Filters." Master Consolidated Complaint at ¶115 (emphasis added). Also, "*Defendants* failed to disclose to *physicians*, *patients* and/or *Plaintiffs* that its Cook Filters were subject to breakage, tilt, inability of removal, and migration even though they knew or should have known the same was true." *Id.* at ¶44.

- **WHEN:** The Master Consolidated Complaint alleges that Defendants knew or should've known that the Celect and Tulip filters were not as safe as they promoted them to be as early as 2008. See *id.* at ¶¶39-44.

- **HOW:** "At all times relevant hereto, the Defendants continued to promote the Cook Filter as safe and effective even when inadequate clinical trials had been performed to support long or short to safety and/or efficacy." *Id.* at ¶45. "The Defendants

---

[1] See Master Consolidated Complaint, Rec. Doc. 213 at ¶112.

specifically advertise the conichrome construction of the filter as a frame which "reduces the risk of fracture." *Id.* at ¶48.

When the factual allegations in the Master Complaint are taken along with those in Count VII, said Complaint states an adequate claim for common law fraud. However, the Master Consolidated Complaint, in fact, pleads a cause of action under the applicable consumer protection laws of the Plaintiff(s) home states.

Plaintiff, in fact, alleges that the Defendant's actions violated provisions of the Virginia Consumer Protection Act, VA Code Ann. §59.1-196 *et seq*. See Master Consolidated Complaint, Rec. Doc. 213 at ¶161. Said Act prohibits "fraudulent acts or practices committed by a supplier in connection with a consumer transaction ..." VA Code Ann. §59.1-200(A). This includes "[m]isrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits," as well as "[m]isrepresenting that goods or services are of a particular standard, quality, grade, style, or model." VA Code Ann. §59.1-200(A)(5)-(6). The above allegations clearly state a claim for relief on those grounds.

   c.   *Plaintiff filed his claim under the VCPA within the statue of limitations.*

As with the medical device statute, the Virginia Code provides a specific rule for the accrual of actions pled under the Consumer Protection Act:

> In actions for fraud or mistake, in actions for violations of the Consumer Protection Act (§ 59.1-196 et seq.) based upon any misrepresentation, deception, or fraud, and in actions for rescission of contract for undue influence, when such fraud, mistake, misrepresentation, deception, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered; VA Code Ann. 8.01-249(1).

Here, the Plaintiff did not "discover[]" the misrepresentations of the Defendants (as pled in the Master Complaint) until he saw the television commercial regarding the lawsuits. See Exhibit 1, Declaration of John Mauck. Prior to that, he had no knowledge that the Cook Celect filter he had be implanted with was not as represented by the Defendants. *Id.* His cause of action under the

VCPA did not accrue until August 2016, and he filed his case on Sept. 17, 2017 – well, within the two year statute of limitations. See Exhibit 2, Plaintiff's Short Form Complaint.

Defendants here offer no argument that the various Plaintiffs did not file within the statute of limitations for the various applicable state consumer protection statutes. In Plaintiff John Mauck's case, they could not – Defendants have never conducted any discovery related to when and how he learned that his injuries – namely, an unsuccessful retrieval surgery and a diagnosis that his filter was embedded – were potentially the fault of the manufacturer. This Court should DENY the Defendants' Omnibus Motion for Summary Judgment as it applies to Plaintiff Mauck's claims under the VCPA.

## CONCLUSION

Given the above, that 1) Cook's motion relies on inadmissible Case Categorization Forms, 2) Plaintiff timely filed his claim under both Virginia and Indiana product liability law, and 3) Plaintiff adequately states a claim for relief under the Virginia Consumer Protection Act, this Court should DENY Defendant's Omnibus Motion for Summary Judgement on Statute of Limitations as it applies to Plaintiff John Mauck.

DATED: October 3, 2019

<div style="margin-left: 40%">

MURRAY LAW FIRM
*/s/ Devin A. Lowell*
Devin A. Lowell (LA Bar No. 36555)
Stephen B. Murray, Jr. (LA Bar No. 23877)
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
(504) 525-8100
dlowell@murray-lawfirm.com
smurrayjr@murray-lawfirm.com
*Attorney for Plaintiff*

</div>

CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.


/s/ *Devin A. Lowell*