IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL. INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Sharon Sharp v. Cook et al
Case No. 1:16-cv-02763-RLY-TAB

**PLAINTIFF'S RESPONSE & SUPPORTING MEMORANDUM IN OPPOSITION TO COOK'S OMNIBUS MOTION FOR SUMMARY JUDGMENT**

The above-titled Plaintiff submits this response and supporting memorandum in opposition to Cook's Omnibus motion for summary judgment.[1] In support, Plaintiff shows the Court the following:

**INTRODUCTION**

Defendant Cook moved for summary judgment based on the Plaintiff's claims being time barred. As detailed below, Defendant's Motion should be denied. Plaintiff's claims are not time barred under Texas law and do not warrant a dismissal.

**OBJECTION TO CCF EVIDENCE**

To the extent that Defendants' Motion relies upon Plaintiff's CCF form, it is procedurally improper. In contravention of the CCF form itself and this Court's orders, Defendants rely on Plaintiff's CCF and information as the basis for its Motion as directed to her. Use of the CCF in

---

[1] Plaintiff incorporates by reference the same as if fully set forth at length "Response of Plaintiffs' Steering Committee To The Cook Defendants' Renewed Omnibus Motion For Summary Judgment On Limitations" and any and all exhibits attached thereto, filed by the Plaintiffs' Steering Committee in this litigation.

that manner is inappropriate both because of the express limitations this Court placed on the use of the CCF and also because the Court has stayed litigation and discovery in non-bellwether individual cases. Thus, the Motion is based both on inadmissible evidence and an incomplete and misleading record.

When requesting the Court to order plaintiffs to serve CCFs, Defendants claimed the "goal" of the forms was "to properly categorize cases and draw bellwether cases from those categories." [Doc. 8913, ECF P. 55986.] To that end, the CCF expressly states that it "is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose." (Emphasis added.) Nonetheless, Defendants' Motion relies exclusively on Plaintiff's CCF for its basis despite the fact the Court has already ordered this evidence to be inadmissible and irrelevant. *See* Doc. 9638- 1, at ECF p. 64997-64998; *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016) (summary judgment evidence must be admissible at trial).

Further, Defendants' reliance on this piece of information – taken out of context from Plaintiff's CCF – demonstrates why summary judgment is improper at this time. With the exception of the bellwether cases, discovery and all proceedings have been stayed in all individual cases. There has been no opportunity for individual Plaintiffs to develop their evidence or to provide context for isolated facts that Defendants attempt to pluck from forms whose only purpose is to organize and categorize cases. without the opportunity to prove their case. Defendants' Motion is the culmination of those efforts: taking out of context one piece of evidence (and without even individual argument as to Plaintiff's case) and attempting to have the Court decide individual cases on the merits in batches rather than on their own facts Defendants' attempt is improper:

individual cases must be decided on individual facts and in the context of discovery in the actual case, and fact discovery has not proceeded in any non-bellwether individual case.

### **DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT IS PREMATURE**

Defendants' Omnibus Motion for Summary Judgment is premature, as it was filed based upon limited and improperly used information, and before substantive discovery can be conducted. Federal Rules dictate that the party seeking summary judgment must show that "there is no genuine dispute as to any material fact" before summary judgment can be granted. Fed. R.Civ. P. 56(a). Further, a Seventh Circuit Appeals Court has interpreted that "a district court should grant a summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits" show that genuine dispute of facts. *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985).

For their omnibus motion, Defendants rely upon their review of "Plaintiffs' short-form complaints, Categorization Forms, and supporting medical records." Defs' Br. ¶ 5. As discussed below, the discovery rule applies, and these limited documents Defendants rely upon for their omnibus motion are insufficient to reasonably conclude that there is absolutely no genuine dispute of material facts in this case relating to when the statute of limitations accrued. Additionally, Defendants' omnibus motion is reliant upon the most basic of information gathered at this early a stage in Plaintiff's case. Furthermore, Defendants' omnibus motion is wrongly reliant upon information from Plaintiff's Case Categorization Submission, the form of which clearly states "is for the purpose of complying with the Court's Order...and is not admissible and is not to be considered relevant for any other purpose." Pl.'s Case Cat. Subm. ¶ 4.

Defendants further urge in its omnibus motion that this Court should grant summary judgment now so as to "promote orderly docket management." Defs.' Br. 3. Again, as discussed

3

below, the existence of the discovery rule leaves a genuine dispute of material facts. Defendants' argument to grant the motion to streamline the process is nothing more than an attempt to unfairly cut down on the number of cases in this MDL in a manner that would be unfairly prejudicial to the type of plaintiffs the discovery rule was implemented to protect. Docket management is not orderly if it involves unfair dismissal of cases entitled to additional time in order to further investigate genuine issues of material fact. Defendants' omnibus motion was prematurely filed, and it should be denied to allow further investigation into the disputed material facts.

## STATEMENT OF MATERIAL FACTS

Plaintiff disputes portions of Cook's "undisputed" material facts. Primarily, Plaintiff disputes the date when the injury took place. Defendants misconstrue when the Plaintiff was made aware of his injuries. The Plaintiff is not barred by the two-year statute of limitations in personal injury cases under Texas law because the injury could not have possibly accrued at the time Cook alleges. As will be shown later, Defendant fraudulently concealed material information regarding the IVC filters and prevented Plaintiff from becoming aware of any potential injury caused by the defective device. Additionally, the defendant did not take into account that the plaintiff may have been a purported member of an ongoing class action against Cook for their IVC Filters.

Cook marketed its IVC filters as removable, safe and efficacious devices. (Compl. ¶ 38) ("[T]he Cook Filters were widely advertised and promoted by the Defendants as safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava.") Yet, Cook failed to inform physicians that IVC filters could become embedded in a patient's tissue and conventionally unremovable if left in for even short periods of time. Despite internal knowledge and knowledge of the medical literature, Cook further failed to inform doctors

and patients like Plaintiff and the treating physician, that IVC filters have not actually been shown to be efficacious and lacked scientific support. (*See* Decousus, Herve, et al. *A Clinical Trial of Vena Caval Filters in the Prevention of Pulmonary Embolism in Patients with Proximal Deep-Vein Thrombosis*. Vol. 338. New England Journal of Medicine, 409 (1998). Cook never informed treaters that they never performed studies for efficacy or safety. In fact, Cook never advised that they were aware that there was little to no evidence that supported the efficacy of these devices. The studies and the knowledge of Cook show just the opposite—filters do not prevent PE and in fact promote blood clots. Ho, Kwok M. *A Multicenter Trial of Vena Cava Filters in Severely Injured Patients*. New England Journal of Medicine (2019). Further, the longer the filters are in place the more they embed, perforate, migrate and fracture.

The Defendants knew of several incidents where their IVC filters were perforating through the veins of patients who had received them and withheld this information from the public and the FDA. Defendants attempted to conceal the dangers of these devices by misrepresenting that studies they performed had zero perforations, knowing full well that such perforations were happening. For example, they knew of serious "safety concerns" with the Cook Celect IVC filter, and never disclosed these dangers. (Trial testimony of Dr. Harlan M. Krumholz, M.D. in the *Bland* trial, **Exhibit 1**, at 440, 451-52, 456, 629-31; Expert Report of Dr. Harlan M. Krumholz, M.D., **Exhibit 2**; Plaintiff's Exhibit 1841 in the *Bland* trial)**.**  As indicated in Dr. Krumholz' report:

> Cook has been similarly aware of the safety concerns with Cook Celect filters for many years. Cook had the opportunity to disclose relevant medical and scientific information related to Cook Celect filters. However, they have chosen to minimize the concerns, "put the foot firmly planted on the gas pedal", withhold relevant information from patients and physicians, and at times mischaracterize or report false information with respect to safety of Cook Celect filters. The result was availability of a device that exposed patients to risks unknown or underappreciated by them and by their treating practitioners. Cook continued to promote the Cook Celect filters (including for off-label use) and continued to minimize the legitimate

> concerns that were emerging by "managing perceptiosn (sic) internally and externally", selling the "fear factor", or false reassurance of "safety and efficacy" of the Cook Celect filter, while in fact they were aware of both the dearth of evidence for efficacy, and increasing concerns for safety.

**(Exhibit 2 at 142).**

Plaintiff's claims are not barred by the statute of limitations and should survive summary judgment.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), a motion for summary judgment may be granted only if the moving party asserts an absence of a genuine issue concerning any material fact. Fed. R. Civ. P. 56(c). All material facts and all inferences, on a motion for summary judgment, are construed in the light most favorable to the non-moving party. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir. 1995). Where there is "no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, "where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied . . . ." *Addickes v. S. H. Kress & Co.,* 398 U.S. 144, 159-60 (1970). Additionally, the movant has the ultimate burden of proof. *Celotex Corp.*, 477 U.S. at 330.

## LEGAL ANALYSIS AND ARGUMENT

**I.   Texas Law Applies in the MDL Transferee Court**

An MDL transferee court applies the law including choice-of-law rules of the state where the case originated. *Miles v. Biomet Orthopedics, LLC,* No. 3:14-CV-1983 RLM-MGG, 2017 WL 1133666, at *5 (N.D. Ind. Mar. 26, 2017). In *Miles*, the device in question was prescribed and purchased in Florida, so Florida law applied. *Id.*

As defendant points out, generally the forum state's choice-of-law rules apply to federal district courts sitting in diversity. *In re Watson Fentanyl Patch Prod. Liab. Litig.*, 977 F. Supp. 2d 885, 888 (N.D. Ill. 2013). The defendant's argument incorrectly interpreted what the Court went on to say—cases proceeding in MDL should apply rules of the state where the case originated, i.e. the state where the plaintiff used the product. *Id.* at 888-89. "[T]he prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including the choice of law rules ) that applies is the law of that state where the case originated. *Id.* at 888.

## II.     Fraudulent Concealment Tolled Statute of Limitations.

Defendant Cook alleges that Plaintiff's claims are barred by the statute of limitations but fails to account for its fraudulent concealment. Cook violated its duty to make accurate medical device reports regarding adverse events associated with their IVC Filters. Also, Cook failed to notify the FDA and/or the consuming public regarding device safety and efficacy. Master Cons. Compl. for Individual Claims, 21:11-18. Cook had a duty to disclose information regarding their device's defects and the likelihood of harm it causes as established in clinical trials. Master Consol. Compl. For Individual Claims, 11:41-42.  Cook has continued to manufacture and profit from selling their dangerous and defective products. Fraudulent concealment applies when a defendant (1) had actual knowledge of the wrongdoing; (2) had a fixed purpose to conceal the wrongdoing; and (3) did conceal the wrongdoing from plaintiff. *Murthy v. Abbott Labs.,* 847 F. Supp. 2d 958, 978 (S.D. Tex. 2012). Defendant knew from numerous clinical trials that their product had serious adverse risks which should have been disclosed. Defendant concealed the defectiveness of the IVC filter and its risks at issue thereby causing plaintiff's injuries. More importantly, Cook made the apparent decision to place the desire for profits before their consumers' safety.

7

The defendant concealed device defects and risks so that they might continue to effectively sell and promote their product. Despite various clinical trials which resulted in a finding of inadequacy of the IVC Filter and a substantial risk of harm from IVC Filter implantation, Cook continued to sell and promote their product which was ultimately implanted in Plaintiff's body.

Fraudulent concealment suspends limitations when a defendant conceals their wrongful conduct and a plaintiff fails to discover the wrongful conduct despite the exercise of due diligence on their part. *Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 897 (S.D. Tex. 2012); *see Rx.com v. Medco Health Sols., Inc.*, 332 F. App'x. 394, 397 (5th Cir. 2009). Plaintiff was not reasonably expected to discover the hidden defects of the IVC filter inside their body as the manufacturer did not report adverse findings or release any literature on the clinical trials or defectiveness of the IVC filter. Plaintiff visited with surgeons and doctors regarding the IVC filter before and after implantation, and none represented to Plaintiff that the device was defective or created a risk of any sort.

Because the defendant did not act on their duty to disclose the defective nature of their product, Plaintiff was not reasonably able to discover the nature of their injury either before implantation or after removal surgery. Plaintiff was neither aware nor told by her surgeon or any other doctor that there might be an injurious defect present in the IVC filter inside plaintiff's body. "A diligent plaintiff's mere suspicion or subjective belief that a causal connection exists between [the wrongful act] and [the] symptoms are, standing alone, insufficient to establish accrual [of the statute of limitations] as a matter of law." *In re: Ethicon, Inc.,* No. 2327, 2016 WL 3067752, at *3 (S.D. W. Va. May 31, 2016) (applying Texas law to MDL transvaginal mesh plaintiff finding that neither implantation nor removal of the mesh "set the statute of limitations clock in motion, and a reasonable juror could find that [Plaintiff] did not know nor should have known of the wrongful act and resulting injury . . . .").

### III. Texas Deceptive Trade Practices-Consumer Protection Act

Plaintiff disputes the Defendants' allegation that the limited general Texas discovery rule cited in their Motion for Summary Judgment applies to her Texas Deceptive Trade Practices-Consumer Protection Act causes of action that were pled. In drafting the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 et seq., (DTPA), the legislature established an exception to the general rule and created a special statute of limitations for DTPA actions that includes two express exceptions to the general rule that the period begins to run on the date of the wrongful act. *see* Tex. Bus. & Com. Code § 17.565. These exceptions are (1) the discovery rule, and (2) the fraudulent concealment rule. Under these legislatively created exceptions all actions brought under the DTPA must be commenced ether: 1) Within two years after the date on which the false, misleading, or deceptive act or practice occurred or 2) Within two years after the consumer discovered, or in the exercise of reasonable diligence should have discovered, the occurrence of the false, misleading, or deceptive act or practice. Specifically, the Plaintiff asserts that the DTPA fraudulent concealment rule should apply as the defendant concealed device defects and risks so that they might continue to effectively sell and promote their product. Despite various clinical trials which resulted in a finding of inadequacy of the IVC Filter and a substantial risk of harm from IVC Filter implantation, Cook continued to sell and promote their product which was ultimately implanted in Plaintiff.

The DTPA's statute of limitations supersedes any statutes that would otherwise apply to underlying causes of action. *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 188–189 (Tex. App. Dallas 1996, no writ). The statute begins to run when the consumer first discovers a problem resulting from the false, misleading, or deceptive act or practice. *Burns v. Thomas*, 786 S.W.2d

9

266, 267 (Tex. 1990). In this case it was not until Plaintiff saw an advertisement on television on or about January 2016 that she realized the problem with her IVC filter may be a result of Defendants false, misleading, or deceptive act or practice. Therefore, Plaintiff believes as a matter of law summary judgment would be improper as Defendants have not established in their Motion any evidence as to when Plaintiff discovered or should have discovered falsity of defendant's representations. *See Eshleman v. Shield*, 764 S.W.2d 776, 777 (Tex. 1989) (summary judgment improper because evidence did not establish when plaintiff discovered or should have discovered falsity of defendant's representations).

Consequently, Plaintiff's claims should not be barred by the statute of limitations and must survive summary judgment.

## CONCLUSION

For the reasons discussed above, Plaintiff respectfully request that this court deny Defendant Cook's Omnibus Motion for Summary Judgment. In addition, Plaintiff request all other and further relief to which they may be justly entitled.

Respectfully submitted,

By: */s/ Rand P. Nolen*

Rand P. Nolen (Pro Hac Vice)
**FLEMING, NOLEN & JEZ, L.L.P.**
2800 Post Oak Blvd., Suite 4000
Houston, Texas 77056-3109
Telephone: (713) 621-7944
Facsimile: (713) 621-9638
Email: rand_nolen@fleming-law.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 3, 2019 a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.

                                       */s/ Rand P. Nolen*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL. INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Sharon K. Sharp v. Cook et al
Case No. 1:16-cv-02763-RLY-TAB

## AFFIDAVIT OF RAND P. NOLEN

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

BEFORE ME, the undersigned authority, personally appeared Rand P. Nolen, who, after being duly sworn, deposed and said:

"My name is Rand P. Nolen. I am over twenty-one (21) years of age. I have never been convicted of a felony or crime of moral turpitude. I am competent to make this affidavit, and the matters herein are within my personal knowledge and

"I am one of the lawyers representing the Plaintiff in the above-entitled cause of action. All exhibits filed in support of PLAINTIFF'S RESPONSE & SUPPORTING MEMORANDUM IN OPPOSITION TO COOK'S OMNIBUS MOTION FOR SUMMARY JUDGMENT are either original documents or are true and correct copies of the

original documents."

FURTHER, AFFIANT SAYETH NAUGHT.

_____
Rand P. Nolen

SUBSCRIBED AND SWORN TO BEFORE ME, this 3rd day of October, 2019, to certify which witness my hand and official seal.

_____
Notary Public, in and for the State of Texas



PAMELA A. MYERS
Notary ID #383427-5
My Commission Expires
May 09, 2023