IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL. INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Donald Lipscomb, Jr. v. Cook et al
Case No. 1:17-cv-03494-RLY-TAB

**PLAINTIFF'S RESPONSE & SUPPORTING MEMORANDUM IN OPPOSITION TO COOK'S OMNIBUS MOTION FOR SUMMARY JUDGMENT**

The above-titled Plaintiff submits this response and supporting memorandum in opposition to Cook's Omnibus motion for summary judgment.[1] In support, Plaintiff shows the Court the following:

**INTRODUCTION**

Cook Defendants moved for summary judgment based on the Plaintiff's claims being time barred. As detailed below, Defendants' Motion should be denied. The Plaintiff's claims are not time barred under Virginia law and do not warrant a dismissal.

**OBJECTION TO CCF EVIDENCE**

To the extent that Defendants' Motion relies upon Plaintiff's CCF form, it is procedurally improper. In contravention of the CCF form itself and this Court's orders, Defendants rely on Plaintiff's CCF and information as the basis for its Motion as directed to her. Use of the CCF in

---

[1] Plaintiff incorporates by reference the same as if fully set forth at length "Response of Plaintiffs' Steering Committee To The Cook Defendants' Renewed Omnibus Motion For Summary Judgment On Limitations" and any and all exhibits attached thereto, filed by the Plaintiffs' Steering Committee in this litigation.

that manner is inappropriate both because of the express limitations this Court placed on the use of the CCF and also because the Court has stayed litigation and discovery in non-bellwether individual cases. Thus, the Motion is based both on inadmissible evidence and an incomplete and misleading record.

When requesting the Court to order plaintiffs to serve CCFs, Defendants claimed the "goal" of the forms was "to properly categorize cases and draw bellwether cases from those categories." [Doc. 8913, ECF P. 55986.] To that end, the CCF expressly states that it "is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose." (Emphasis added.) Nonetheless, Defendants' Motion relies exclusively on Plaintiff's CCF for its basis despite the fact the Court has already ordered this evidence to be inadmissible and irrelevant. *See* Doc. 9638- 1, at ECF p. 64997-64998; *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016) (summary judgment evidence must be admissible at trial).

Further, Defendants' reliance on this piece of information – taken out of context from Plaintiff's CCF – demonstrates why summary judgment is improper at this time. With the exception of the bellwether cases, discovery and all proceedings have been stayed in all individual cases. There has been no opportunity for individual Plaintiffs to develop their evidence or to provide context for isolated facts that Defendants attempt to pluck from forms whose only purpose is to organize and categorize cases. without the opportunity to prove their case. Defendants' Motion is the culmination of those efforts: taking out of context one piece of evidence (and without even individual argument as to Plaintiff's case) and attempting to have the Court decide individual cases on the merits in batches rather than on their own facts Defendants' attempt is improper:

individual cases must be decided on individual facts and in the context of discovery in the actual case, and fact discovery has not proceeded in any non-bellwether individual case.

**DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT IS PREMATURE**

Defendants' Omnibus Motion for Summary Judgment is premature, as it was filed based upon limited and improperly used information, and before substantive discovery can be conducted. Federal Rules dictate that the party seeking summary judgment must show that "there is no genuine dispute as to any material fact" before summary judgment can be granted. Fed. R.Civ. P. 56(a). Further, a Seventh Circuit Appeals Court has interpreted that "a district court should grant a summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits" show that genuine dispute of facts. *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985).

For their omnibus motion, Defendants rely upon their review of "Plaintiffs' short-form complaints, Categorization Forms, and supporting medical records." Defs' Br. ¶ 5. As discussed below, the discovery rule applies, and these limited documents Defendants rely upon for their omnibus motion are insufficient to reasonably conclude that there is absolutely no genuine dispute of material facts in this case relating to when the statute of limitations accrued. Additionally, Defendants' omnibus motion is reliant upon the most basic of information gathered at this early a stage in Plaintiff's case. Furthermore, Defendants' omnibus motion is wrongly reliant upon information from Plaintiff's Case Categorization Submission, the form of which clearly states "is for the purpose of complying with the Court's Order...and is not admissible and is not to be considered relevant for any other purpose." Pl.'s Case Cat. Subm. ¶ 4.

Defendants further urge in its omnibus motion that this Court should grant summary judgment now so as to "promote orderly docket management." Defs.' Br. 3. Again, as discussed

3

below, the existence of the discovery rule leaves a genuine dispute of material facts. Defendants' argument to grant the motion to streamline the process is nothing more than an attempt to unfairly cut down on the number of cases in this MDL in a manner that would be unfairly prejudicial to the type of plaintiffs the discovery rule was implemented to protect. Docket management is not orderly if it involves unfair dismissal of cases entitled to additional time in order to further investigate genuine issues of material fact. Defendants' omnibus motion was prematurely filed, and it should be denied to allow further investigation into the disputed material facts

## STATEMENT OF MATERIAL FACTS

Plaintiff disputes portions of Cook's "undisputed" material facts. Primarily, Plaintiff disputes which states law, regarding the statute of limitations, should be applied when a multi-district litigation has been transferred to a transferee court. Defendant cites to unknown authority and completely disfigures statements made by the courts. Plaintiff also disputes the date when the injury took place. Defendants misconstrue when the Plaintiff was made aware of any injuries. The Plaintiff is not barred by the two-year statute of limitations, found in personal injury cases, under Virginia law. As will be shown, Defendants fraudulently concealed material information regarding the IVC Filters and prevented Plaintiff from becoming aware of any potential injury caused by the defective device. There are also questions of material facts that are in dispute, such as Plaintiff's due diligence, which should survive this stage.

Cook marketed its IVC filters as removable, safe and efficacious devices. (Compl. ¶ 38) ("[T]he Cook Filters were widely advertised and promoted by the Defendants as safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava.") Yet, Cook failed to inform physicians that IVC filters could become embedded in a patient's tissue and conventionally unremovable if left in for even short periods of time. Despite internal knowledge

4

and knowledge of the medical literature, Cook further failed to inform doctors and patients like Plaintiff and the treating physician, that IVC filters have not actually been shown to be efficacious and lacked scientific support.  (*See* Decousus, Herve, et al. *A Clinical Trial of Vena Caval Filters in the Prevention of Pulmonary Embolism in Patients with Proximal Deep-Vein Thrombosis*. Vol. 338. New England Journal of Medicine, 409 (1998). Cook never informed treaters that they never performed studies for efficacy or safety. In fact, Cook never advised that they were aware that there was little to no evidence that supported the efficacy of these devices. The studies and the knowledge of Cook show just the opposite—filters do not prevent PE and in fact promote blood clots.  Ho, Kwok M. *A Multicenter Trial of Vena Cava Filters in Severely Injured Patients*. New England Journal of Medicine (2019).  Further, the longer the filters are in place the more they embed, perforate, migrate and fracture.

The Defendants knew of several incidents where their IVC filters were perforating through the veins of patients who had received them and withheld this information from the public and the FDA. Defendants attempted to conceal the dangers of these devices by misrepresenting that studies they performed had zero perforations, knowing full well that such perforations were happening. For example, they knew of serious "safety concerns" with the Cook Celect IVC filter, and never disclosed these dangers. (Trial testimony of Dr. Harlan M. Krumholz, M.D. in the *Bland* trial, **Exhibit 1**, at 440, 451-52, 456, 629-31; Expert Report of Dr. Harlan M. Krumholz, M.D., **Exhibit 2**; Plaintiff's Exhibit 1841 in the *Bland* trial)**.**  As indicated in Dr. Krumholz' report:

> Cook has been similarly aware of the safety concerns with Cook Celect filters for many years. Cook had the opportunity to disclose relevant medical and scientific information related to Cook Celect filters. However, they have chosen to minimize the concerns, "put the foot firmly planted on the gas pedal", withhold relevant information from patients and physicians, and at times mischaracterize or report false information with respect to safety of Cook Celect filters. The result was availability of a device that exposed patients to risks unknown or underappreciated

by them and by their treating practitioners. Cook continued to promote the Cook Celect filters (including for off-label use) and continued to minimize the legitimate concerns that were emerging by "managing perceptiosn (sic) internally and externally", selling the "fear factor", or false reassurance of "safety and efficacy" of the Cook Celect filter, while in fact they were aware of both the dearth of evidence for efficacy, and increasing concerns for safety.

**(Exhibit 2 at 142).**

Plaintiff's claims are not barred by the statute of limitations and should survive summary judgment.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), a motion for summary judgment may be granted only if the moving party asserts an absence of a genuine issue concerning any material fact. Fed. R. Civ. P. 56(c). All material facts and all inferences, on a motion for summary judgment, are construed in the light most favorable to the non-moving party. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir. 1995). Where there is "no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied . . . ." *Addickes v. S. H. Kress & Co.,* 398 U.S. 144, 160 (1970). Additionally, the movant has the ultimate burden of proof. *Celotex Corp.*, 477 U.S. at 330.

## LEGAL ANALYSIS AND ARGUMENT

A.   **This MDL Transferee Court should Apply Virginia Law**

Defendants ask the Court to incorrectly apply the rules that have routinely been implemented by this Court and its lower courts. Indiana District Courts have held, "when a case is filed directly in the MDL transferee court, the court applies the law, including choice-of-law rules,

6

of the state where the case *originated.*" *Slater v. Biomet, Inc.*, 244 F.Supp.3d 803, 808 (N.D. Ind. 2017) (holding that the Magnum was prescribed, purchased, and implanted in North Carolina, so North Carolina law governed the case) (emphasis added). Defendants, in their motion for summary judgment, failed to make this distinction by interpreting what the court meant in stating "where the case originated." Def's. Mem. In Support of Mot. For Summ. J. 10 ¶2. The District Court for the Northern District of Indiana further held that a foreign direct-filed case should be treated the same as if it were filed in the state where Plaintiff purchased, or, as in the present case, was implanted with the product. *Slater,* 244 F.Supp.3d at 808.

An MDL transferee court additionally applies the choice-of-law rules of the state where the case originated. *Miles v. Biomet Orthopedics, LLC,* No. 3:14-CV-1983 RLM-MGG, 2017 WL 1133666, at *5 (N.D. Ind. Mar. 26, 2017). In *Miles*, the device in question was prescribed and purchased in Florida, so Florida choice of law applied. *Id.* Based on Virginia's choice-of-law rules, it is well-settled law that the statute of limitations is a procedural issue governed by Virginia law. *Hunter Innovations Co. v. Travelers Indem. Co. of Conn*., 753 F. Supp. 2d 597, 602 (E.D. Va. 2010).

Occasionally, under Virginia law, the courts will require a distinction to be made between substantive and procedural statute of limitations. *Olawole v. ActioNet, Inc*., 258 F.Supp.3d 694, 704 (E.D. Va. 2017). Generally, this distinction is only necessary where a cause of action arose under a foreign state's law, which is not the scenario in the present case. But, if this Court does find that a distinction is to be made on that issue, this Court has held that "whether an issue is substantive or procedural is governed by Virginia law." *Schmidt v. Household Finance Corp., II,* 276 Va.108, 119 (Va. 2008). Under Virginia law the "statute of limitations is procedural and so

7

the Virginia two-year statute governing actions for personal injuries controls." *Booth v. Furlough*, Inc., 1996 WL 33454265 at *1 (Va. Cir. Ct. Dec. 23, 1996).

    **B.    Plaintiffs' Claims are Not Time-Barred because Cook Fraudulently Concealed Material Facts.**

    Contrary to Defendants beliefs, Plaintiff's claims are not time-barred for two reasons. First, Defendant voluntarily chooses to ignore that they have fraudulently concealed pertinent information. Plaintiff acknowledges that according to Title 8.01 of the Civil Remedies and Procedure code of Virginia, unless otherwise provided, "every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within *two* years after the cause of action accrues." Va. CODE ANN. § 8.01-249 (West 2016).

    Whether a claim has been brought within the relevant period of limitations presents an issue of state law. *See In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tire Prod. Liab. Litig.*, No. IP 01-5252-C-B/S, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002). However, where the injury is fraudulently concealed, Plaintiff shall receive the benefit of equitable tolling. *Schmidt,* 276 at 119-20. To assert fraudulent concealment in Virginia, "a plaintiff who seeks to rely upon the tolling provision Code § 8.01-229(D), must establish that the defendant undertook an affirmative act designed or intended, directly or indirectly, to obstruct the plaintiff's right to file [his] action." *Newman v. Walker* 270 Va. 291, 298 (Va. 2005).

    Here, Defendants seek protection by the statute of limitations, but the court in *Schmidt* held, "equitable relief is available … when a defendant misled or deceived a plaintiff in order to prevent the plaintiff from either discovering the existence of a cause of action or filing a timely claim," which is precisely what took place in the present case. *Id*. Thus, the statute of limitations

8

should be tolled. Defendants made affirmative misrepresentations and voluntarily made the decision to withhold the significant risks which were associated with the IVC Filters. Master Consol. Compl. for Individual Claims 36:1. Cook has neglected to take the necessary discovery steps to uncover all of Plaintiffs pertinent information regarding Defendants fraudulent concealment, and for that reason, granting summary judgment would be premature and inappropriate.

### C. Due Diligence is a Question of Fact and Should Not be Decided at this Stage.

Furthermore, the Plaintiff must have the opportunity to show that due diligence was used to discover the cause of action but was hindered by the Defendant to do so. *Id*. at 296. In *Smith v. General Motors Corp.*, the court denied partial summary judgment as to the fraudulent acts and practices that were based on misrepresentations allegedly made by the defendant, in connection with repairs or corrections which the plaintiff did not discover and with reasonable diligence, should not have. *Smith*, 1994 WL 1031403 at *7 (Va. Cir. Ct. 1994).

Under Virginia law, due diligence is a question of fact and should be left for the jury to decide. It is basic understanding that due diligence should be and is based on the underlying circumstances of the case, which cannot be adequately developed until trial. *Bronaugh & Co. v. Scott*, 9 Va. (5 Call) 78, 83 (1804). Further, as stated above, "summary judgment is inappropriate if any material fact is genuinely in dispute." *Gilmore v. Basic Industries, Inc.*, 233 Va. 485, 489 (Va. 1987).

As seen in the present case, it is evident that the diligence used to discover whether an injury took place and when, is a material fact. The court in *Gilmore* held, "material facts were genuinely in dispute respecting when Gilmore discovered, or by the exercise if due diligence should have discovered, the alleged fraud… but [the court] cannot say as a matter of law that [mere

9

discovery evidence] is conclusive of the issue." *Id*. At the very least, this disputed material fact should survive summary judgment. Just like *Gilmore*, Plaintiff deserves a fair and full hearing, so that all the evidence and their inferences can be heard by the fact finder. *Id*. A showing of "due diligence requires only a good faith, reasonable effort; it does not require that every possibility, no matter how remote, be exhausted" *Cooper v. Commonwealth*, 496 S.E.2d 77, 79 (Va. Ct. App. 1998). Plaintiffs exhibition of diligence, though easy to overcome, should be left for the jury to interpret and decide on. Therefore, Defendants Motion for Summary Judgment should be denied.

## CONCLUSION

For the reasons discussed above, Plaintiff respectfully request that this court deny Defendant Cook's Omnibus Motion for Summary Judgment. In addition, Plaintiff request all other and further relief to which they may be justly entitled.

Respectfully submitted,

By:  */s/ Rand P. Nolen*

Rand P. Nolen (Pro Hac Vice)
**FLEMING, NOLEN & JEZ, L.L.P.**
2800 Post Oak Blvd., Suite 4000
Houston, Texas 77056-3109
Telephone: (713) 621-7944
Facsimile: (713) 621-9638
Email: rand_nolen@fleming-law.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.

   */s/ Rand P. Nolen*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

IN RE COOK MEDICAL. INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No: 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

Donald E. Lipscomb, Jr. v. Cook et al
Case No. 1:17-cv-03494-RLY-TAB

## AFFIDAVIT OF RAND P. NOLEN

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

BEFORE ME, the undersigned authority, personally appeared Rand P. Nolen, who, after being duly sworn, deposed and said:

"My name is Rand P. Nolen. I am over twenty-one (21) years of age. I have never been convicted of a felony or crime of moral turpitude. I am competent to make this affidavit, and the matters herein are within my personal knowledge and

"I am one of the lawyers representing the Plaintiff in the above-entitled cause of action. All exhibits filed in support of PLAINTIFF'S RESPONSE & SUPPORTING MEMORANDUM IN OPPOSITION TO COOK'S OMNIBUS MOTION FOR SUMMARY JUDGMENT are either original documents or are true and correct copies of the

original documents."

FURTHER, AFFIANT SAYETH NAUGHT.

_____
Rand P. Nolen

SUBSCRIBED AND SWORN TO BEFORE ME, this 3rd day of October, 2019, to certify which witness my hand and official seal.

_____
Notary Public, in and for the State of Texas



PAMELA A. MYERS
Notary ID #383427-5
My Commission Expires
May 09, 2023