IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

―――――――――――――――――――――――

In Re:  COOK MEDICAL, INC., IVC FILTERS    Case No. 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES AND             MDL No. 2570
PRODUCTS LIABILITY LITIGATION

―――――――――――――――――――――――

**This Document Relates to Plaintiffs:**

1:16-CV-02747; PICOU, JOSEPH
1:16-CV-03014; WILLIAMS, STEPHANIE
1:16-CV-03032; DRIGGERS, LAURA
1:17-CV-01023; ALGER, LESSIE
1:17-CV-01625; BROWN STREET, SONYA
1:17-CV-03046; MURRAY, DIANA
1:17-CV-03058; LEE, DIONNE
1:18-CV-01396; ROBERTSON, LATASHA

**PLAINTIFFS' OPPOSITION TO COOK DEFENDANTS' RENEWED OMNIBUS
MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE
STATUTE OF LIMITATIONS FROM FIVE STATES**

The above-titled Plaintiffs respectfully asks this Court to deny Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS' ("Cook")[1] Renewed Motion for Summary Judgment Based on Applicable Statute of Limitations from Five States [doc. 11725] on three grounds. First, Indiana law and Indiana choice of law rules do not apply here. Second, Plaintiffs' claims are not time barred under the laws of the state of Texas, Michigan, Virginia, or Alabama. Third, Cook is again attempting to use the Case Category Submission as grounds for dismissal when the agreement between the parties clearly stated that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

**I.**

―――――――――

[1] As used in this Response, "Cook" and "Cook Defendants" refer to Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On October 2, 2018, the Court entered its Categorization and Screening Order, [doc. 9322], ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2. The Case Categorization form expressly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

3. Plaintiffs did not know, nor could they have known that their injuries were caused by a defective Cook IVC Filter until they were first informed that their filter was defective.

4. Cook has not taken a single deposition in this case or served any interrogatories in this case or reviewed all of Plaintiffs' medical records.

## II.
## INTRODUCTION AND SUMMARY OF ARGUMENT

Cook's simplistic statement that Indiana choice of law rules and Indiana law apply merely because Plaintiffs' filed their claims directly in this MDL court ignores Seventh Circuit precedent and is legally incorrect. In the Seventh Circuit, it is black letter law that for choice of law analysis, "[F]oreign cases filed directly in a district court as part of an ongoing multidistrict litigation are treated as having originated <u>outside</u> of that district." *Dobbs v. DePuy Orthopedics, Inc.,* 842 F.3d 1045, 1048 (7th Cir. 2016) (emphasis added), citing with approval *In re Watson Fentanyl Patch Prods. Liab. Litig.,* 977 F.Supp.2d 885, 888-89 (N.D. Ill. 2013) (in direct filed product liability case, MDL court applied the law of the state where the Plaintiff purchased and used the prescribed product, <u>not</u> the MDL forum); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011) (similarly applying the law of the state where Plaintiff purchased and used the product rather

than the MDL forum in foreign direct filed cases). Tellingly, Cook's Motion for Summary Judgment ignores the Seventh Circuit's holding in *Dobbs*.[2] The Court should reject Cook's erroneous choice of law argument, refuse to apply Indiana law to foreign direct filed cases, and deny Cook's Motion for Summary Judgment.

Further, Plaintiffs' claims are not time barred under the laws of Texas, Michigan, Virginia, or Alabama, and each individual state law and their exceptions are discussed below.

### III.
### STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." Maroules v. Jumbo, Inc., 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miller v. A.H. Robins Co., 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. Zillak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. See In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig., 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing Horbach v. Kaczmarek, 288 F.3d 969, 976 (7th Cir. 2002)).

### IV.

---

[2] Cook's Motion for Summary Judgment does cite the *Watson Fentanyl* and *Yasmin* cases. But those MDL court rulings actually support Plaintiffs' position and reject Cook's argument. The Court should rule likewise. For further discussion, please see *infra* at page 7.

## ARGUMENT

1. **For Choice of Law Analysis, Seventh Circuit Precedent Holds that Foreign Cases Filed Directly in an MDL Court Are Treated as Having Originated <u>Outside</u> of the MDL District. Therefore, Neither Indiana Choice of Law Rules Nor Indiana Law Apply to these Plaintiffs.**

In *Dobbs v. DePuy Orthopedics, Inc.,* 842 F.3d 1045 (7th Cir. 2016), an Illinois plaintiff direct filed his case in the Northern District of Ohio MDL. The case was later transferred from the Ohio MDL to the Northern District of Illinois. The Seventh Circuit held that the case originated in Illinois and that Illinois choice of law rules applied. *Id.* at 1048.

> Dobbs's claim . . . was filed in the Northern District of Ohio only because the DePuy multidistrict litigation was already in progress there. Dobbs's complaint stated that the Northern District of Illinois was the appropriate venue absent the multidistrict litigation. That advises treating the Northern District of Illinois as the original venue.
>
> In fact, district courts in our circuit have taken that approach: <u>foreign cases filed directly in a district court as part of ongoing multidistrict litigation are treated as having originated outside of that district.</u> *E.g. In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F.Supp. 2d 885, 888-89 (N.D. Ill. 2013); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-MD-02100-DRH, 2011 WL 1375011, at *5 (S.D. Ill. Apr. 12, 2011). <u>We ratify that approach here and apply Illinois's choice-of-law rules</u>.

*Dobbs,* 842 F.3d at 1048 (emphasis added).

The *Watson Fentanyl* decision – cited with approval by the Seventh Circuit in *Dobbs* – involved a case filed directly in the MDL court in the Northern District of Illinois. *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F.Supp. 2d at 886. The case concerned an Ohio resident, who died in Ohio after using a fentanyl patch that was prescribed, purchased, and applied in Ohio. The Northern District of Illinois MDL court applied Ohio law and rejected attempts to apply Illinois law, or even Illinois' choice of law rules.

> "[T]he prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including choice of law rules) that applies is the law of the state where the case originated. *See e.g. In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Prods. Liab. Litig.*, MDL No. 2100, No. 3:09-md-02100-DRH-PMF, 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011); *In re Bausch & Lomb Inc. Contacts Lens Solution Prods. Liab. Litig*. MDL No. 1785, 2007 WL

>  3046682, at *3 (D.S.C. Oct. 11, 2007) (noting that 'it would be an odd result to subject plaintiffs to [the law of the MDL forum] simply because they took advantage of the direct filing procedure – a procedure that provides benefits to all parties and preserves judicial resources'). The Court agrees with the cases just cited and concludes that the choice of law rules that apply are those of the state where the case originated.

*In re Watson Fentanyl Patch Prods. Liab. Litig*., 977 F.Supp. 2d at 888.

The *Watson Fentanyl* MDL court then went on to analyze the meaning of the term "originated." The conclusion: "<u>a direct-filed case in an MDL proceeding is considered to have originated in the state where the plaintiff purchased and used the prescribed product</u>. That is how the place of filing is determined in [the] overwhelming majority of product liability cases, and it is a reasonable approach to determining the choice of law issue that has been presented. *Id.* at 889 (emphasis added). Because the Plaintiff prescribed and used the fentanyl patch at his Ohio residence, the Illinois MDL court ruled that Ohio law should apply to this foreign direct filed case.[3]

*In re Yasmin* – cited with approval by both the *Dobbs* and *Watson Fentanyl* courts – involved numerous cases that originated outside of that court's judicial district and that were filed directly in the Southern District of Illinois MDL. Similar to Cook's faulty reasoning, the *Yasmin* plaintiffs argued that because the court was sitting in diversity in Illinois, Illinois was the proper forum and Illinois choice of law principals should control. *Id.* Judge Herndon rejected that argument and emphasized in bold type: **"Illinois choice of law principals do not control simply because this MDL Court is sitting in diversity in Illinois."** *Id*. (emphasis in original). The MDL court reasoned that "direct filing orders are beneficial to both parties because they streamline the litigation and help eliminate the judicial inefficiency involved in the MDL transfer process." *Id.* Judge Herndon further wrote:

> "The Court concludes that the better approach is to treat foreign direct filed cases as if they were transferred from a judicial district sitting in the state where the case originated. For

---

[3] Similar to the approach taken by the Seventh Circuit, the *Watson Fentanyl* MDL court also noted that it could have applied California choice of law rules, because Plaintiffs' complaint suggested that they would have filed their lawsuit in California. But even applying California choice of law rules, the Illinois MDL court concluded that Ohio law should apply and <u>not</u> the law of the MDL forum. *Id.* at 889-90.

**PLAINTIFFS' OPPOSITION TO COOK DEFENDANTS' RENEWED OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS FROM FIVE STATES - Page 5**

purposes of this analysis, the Court considers the originating state to be the state where the plaintiff purchased and was prescribed the subject drug. Thus, for a foreign direct filed member action involving a plaintiff that purchased and was prescribed the subject drug in Tennessee, the Court will treat that plaintiff's claims as if they were transferred to this MDL from a district court in Tennessee."

*Id.,* at *6. *See also In re Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation,* 76 .F.Supp. 3d 294, 303 (D. Mass. 2015) ("The home forum designation of the direct filing plaintiffs is the best evidence I have of what these plaintiffs would have done absent direct filing. Just as Mississippi plaintiffs would have had a choice between at least two proper forums in the absence of direct filing, so too do they have such an option with the direct filing procedure. I will therefore consider the forum that the direct filing plaintiffs designated on their short form complaints as the originating forum for the choice of law analysis."); *Wahl v. General Electric Co.,* 983 F.Supp. 2d 937, 943 (M.D. Tenn. 2013) ("Most of the courts that have considered this peculiar procedural posture have stated that it is appropriate to apply choice of law rules of the 'originating' jurisdiction [i.e. where the case would have been brought but for the CMO permitting direct filing], rather than the choice of law rules of the MDL Court. These courts have generally reasoned that the direct filing procedure is simply designed to promote judicial economy and conserve the parties' resources, not to alter the choice of law rules."); *In re Avandia Marketing, Sales Practices and Prods Liability Litig.,* 2012 WL 3205620, at *2 (E.D. Pa. August 7, 2012) ("The Court has concluded, as have other MDL courts, that such [direct filed] cases should be governed by the law of the states where Plaintiffs received treatment and prescriptions for Avandia. This ruling will promote uniform treatment between those Plaintiffs whose cases were transferred into the MDL from their home states and those who filed directly into the MDL.").

Thus, the Court has two different approaches for examining the choice of law issue for direct filed cases in this MDL: (1) focus on the court designated by the plaintiff in the Short Form Complaint as the place of proper venue as discussed in the *Dobbs, In re Fresenius Granuflo/Naturalyte, Dialysate Product*

*Liability Litigation,* and *Wahl* cases; or (2) focus on the place where the plaintiff received the IVC filter prescription and treatment as held in the *In re Watson Fentanyl, In re Yasmin*, and *In re Avandia* cases. Importantly, under both approaches, neither Indiana choice of law rules nor Indiana law apply to these cases. It is undisputed that the foreign direct filed Plaintiffs' Short Form Complaints unambiguously listed venue choices at locations outside of Indiana. Moreover, thePlaintiffs subjected to this Motion purchased and were prescribed their IVC filters outside of Indiana.[4] Therefore, the Court should reject Cook's attempt to apply Indiana law and deny Cook's Motion for Summary Judgment on Limitations.

**2.     Cook's Motion for Summary Judgment Ignores Seventh Circuit Case Law and Distorts the Meaning of the Term "Originated."**

Tellingly, Cook omits from its brief any discussion of the Seventh Circuit's *Dobbs* case. No doubt this is because the Seventh Circuit's black letter holding completely contradicts Cook's argument. In fact, most of the cases cited by Cook stand for the extremely general proposition that federal courts sitting in diversity apply forum choice of law rules to determine substantive law. *See* Cook's Motion for Summary Judgment at 9-10. These cases, however, are irrelevant because they do not pertain to foreign direct filed cases in an MDL – or have anything to do with an MDL for that matter.

Interestingly, Cook does cite the *In re Watson Fentanyl* and *In re Yasmin* cases. *See* Cook Motion for Summary Judgment at 10. Cook even cites *In re Watson Fentanyl* for the proposition that "the prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including the choice of law rules) that applies is the law of the state where the case originated." *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F.Supp. 2d at 888 (citing *In re Yasmin & Yaz (Drospirenone) Mktg. Sales Practices & Prod. Liab. Litig.*, 2011 WL 1375011, at *5; Cook Motion for Summary Judgment at 10. Thus, Cook's Motion for Summary Judgment completely supports

---

[4] No doubt, in most cases, the venue designated by a particular Plaintiff in the Short Form Complaint will be the same place where the Plaintiff received his or her IVC filter and treatment.

Plaintiffs' position that Indiana law and Indiana choice of law rules do <u>not</u> apply to these foreign direct filed cases.

In a desperate effort to make an end-run around this well-established body of law, Cook engages in a game of legal gymnastics to twist the meaning of the term "originate." First, Cook ignores the fact that the *Watson Fentanyl* and *Yasmin* MDL courts both ruled that the law of the MDL forum does <u>not</u> apply to foreign direct filed cases. Second, Cook conveniently omits any discussion as to how these MDL courts came to their respective conclusions that the place where the Plaintiff was prescribed and treated determines the applicable law.

Instead, Cook distorts the Court's *Lexecon* order regarding *jurisdiction* over cases directly filed in this Court. But *jurisdiction* is not the same as *choice of law*. As Cook knows, the Court did not address any choice of law issues in its *Lexecon* ruling. Moreover, the Court has never been presented with the choice of law issue for cases directly filed in the MDL, and the parties have never fully briefed the issue for the Court until now. Therefore, Cook's argument concerning the meaning of the term "originated" is both factually and legally incorrect. The Court should reject Cook's attempt to apply Indiana law and deny Cook's Motion for Summary Judgment.

**3.      Plaintiffs filed their Personal Injury Claims within Texas' Statute of Limitations.**

Under Texas law, in products liability action, the discovery rule defers accrual of a cause of action until the plaintiffs knew or, by exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). Specifically, the discovery rule applies where the nature of the injury is inherently undiscoverable and the injury itself is objectively verifiable. *Id.* Additionally, fraudulent concealment will not "bar a limitations defense if the plaintiff discovers the wrong or could have discovered it through the exercise of reasonable diligence." *Kerlin v* Sauceda, 263 S.W.3d 920, 925 (Tex. 2008). Here, all Plaintiffs specifically pled in the Master

Consolidated Complaint for Individual claims that "Defendants, through its affirmative misrepresentations, and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC filters." Dkt 213 ¶ 195. Despite Defendants awareness of this fact they attempt to circumvent the rules of civil procedure with their premature motion for summary judgment. Defendants conveniently fail to mention this exception within Texas law because once the Court is aware of its existence their traditional motion for summary judgment—which comes before a single deposition has been taken or a single interrogatory has been served—becomes moot.

### A. Plaintiff Joseph Picou (1:16-cv-02747)[5]:

Plaintiff did not discover until the end of 2016 the causal connection between his/her injuries and the defective Cook IVC Filter. On October 11, 2016, Plaintiff filed his complaint against Cook after discovering the causal connection between his injuries and Cook's defective IVC Filter and within the two-year statute of limitations. See **Exhibit A**, Plaintiff's Short Form Complaint.

### B. Plaintiff Diana Murray (1:17-cv-03046)[6]:

Plaintiff did not discover until September 2015 the causal connection between her injuries and the defective Cook IVC Filter. See **Exhibit B,** Affidavit of Diana Murray. On September 1, 2017, Plaintiff filed her complaint against Cook after discovering the causal connection between her injuries and Cook's defective IVC Filter and did so within the required two-year statute of limitations. See **Exhibit C**, Plaintiff's Short Form Complaint.

### C. Plaintiff Latasha Robertson (1:18-cv-01396)[7]:

Plaintiff did not discover until May 2016 the causal connection between her injuries and the defective Cook IVC Filter. See **Exhibit D,** Affidavit of Latasha Robertson. On May 4, 2018, Plaintiff filed her complaint against Cook after discovering the causal connection between her injuries and Cook's defective IVC Filter and did so within the required two-year statute of limitations. See **Exhibit E**, Plaintiff's Short Form Complaint.

Cook's entire argument for summary judgment is based on a faulty understanding of Texas law. Furthermore, Cook claims in its memorandum that this Court should rule on its motion for summary

---

[5] Plaintiff Joseph Picou is identified on page 10 (#100) in Cook's Exhibit A.
[6] Plaintiff Diana Murray is identified on page 10 (#99) in Cook's Exhibit A.
[7] Plaintiff Latasha Robertson is identified on page 10 (#105) in Cook's Exhibit A.

judgment based solely on a limited and select number of medical records. Dkt 11726 p. 23. Medical records that in no way convey any information regarding Plaintiffs' knowledge of the causal connection between their injuries and the defective nature of the Cook IVC Filter. What is more, Cook has not taken a single deposition, served a single interrogatory, or even reviewed all of Plaintiff's medical records. Without taking any of those critical discovery steps, Cook, in a motion for summary judgment that includes 56 other Texas Plaintiffs and excludes the relevant Texas law asks this Court to prematurely grant its motion. This, while Cook claims that Plaintiffs' Counsel has filed this case without merit. Dkt 11726 p. 2. However, in its sweeping motion, Cook does not even take the time to point the Court to any facts to buttress its arguments. Roe v. Doe, 28 F.3d 404, 406 (4th Cir. 1994). As such, this Court should reject Cook's Renewed Omnibus Motion for Summary Judgment as it pertains to Texas Plaintiffs Joseph Picou, Diana Murray, and Latasha Robertson.

**4.      Plaintiff filed her Personal Injury Claims within Michigan's Statute of Limitations.**

Cook's entire motion with regard to the Michigan Plaintiff relies upon its misinterpretation of one case. *See Trentadue v. Buckler Lawn Sprinkler Co.*, 738 N.W. 2d 664, 671 (Mich. 2007). It neglects to point out to the Court that while Michigan courts cannot create an extra-statutory discovery rule to toll the statute of limitations they can and do apply several statutory exceptions including MCL 600.5855. *Id.* Under Michigan law, where a defendant fraudulently conceals the existence of a claim or the identity of any person who is liable for the claim, an action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim, even though the action would otherwise be barred by the statute of limitations. *See* Mich. Comp. Laws. Ann. § 600.5855. Moreover, *Trentadue* has recently been distinguished based on that very statutory exception. *Mays v. Snyder*, 323 Mich App 1; 916 N.W.2d 227 (2018). In *Mays*, the defendants moved for summary judgment claiming plaintiffs (who had been harmed in the Flint water crisis) had failed to timely

meet their statutory notice requirements. *Id.* at 240. The court started their analysis by pointing out that the statutory notice requirements would be treated identically to the statute of limitations as they are both procedural requirements that ultimately restrict a plaintiff's remedy, but not the substantive right. *Id.* at 246. Ultimately the court decided that because a "significant portion of the injuries alleged to the persons and property likely became manifest so gradually as to have been well established before becoming apparent to Plaintiffs" granting "defendants' motions for summary disposition at this early stage in the proceedings would deprive plaintiffs of access to the courts." *Id.* at 249.

### A. Plaintiff Laura Driggers (1:16-cv-03032)[8]:

Plaintiff specifically pled in the Master Consolidated Complaint for Individual claims that "Defendants, through its affirmative misrepresentations, and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC filters." Dkt 213 ¶ 195.

Similar to *May*, due to Cook's concealment of its IVC filter's known defects, Plaintiff did not discover until April 2016 the causal connection between her injuries and the defective Cook IVC Filter. See **Exhibit F**, Affidavit of Laura Driggers. In Late 2016, Plaintiff filed her complaint against Cook after discovering the causal connection between her injuries and Cook's defective IVC Filter and did so within the three-year statute of limitations. See **Exhibit G**, Plaintiff's Short Form Complaint.

Cook's entire argument for summary judgment is based on a faulty understanding of Michigan law. Michigan law permits injured parties to seek redress when, as in this case, a defendant's conduct prevents the plaintiff from discovering the existence of her claims.  Mich. Comp. Laws. Ann. § 600.5855. Furthermore, Cook claims in its memorandum that this Court should rule on its motion for summary judgment based solely on a limited and select number of medical records. Dkt 11726 p. 20. Medical

---

[8] Plaintiff Laura Driggers is identified on page 4 (#31) in Cook's Exhibit A.

records that in no way convey any information regarding Plaintiff's knowledge of the causal connection between her injuries and the defective nature of the Cook IVC Filter. What is more, Cook has not taken a single deposition, served a single interrogatory, or even reviewed all of Plaintiff's medical records. Without taking any of those critical discovery steps, Cook, in a motion for summary judgment that includes 39 other Michigan Plaintiffs and excludes the relevant Michigan law asks this Court to prematurely grant its motion. This, while Cook claims that Plaintiff's Counsel has filed this case without merit. Dkt 11726 p. 2. However, in its sweeping motion, Cook does not even take the time to point the Court to any facts to buttress its arguments. Roe v. Doe, 28 F.3d 404, 406 (4th Cir. 1994). As such, this Court should reject Cook's Renewed Omnibus Motion for Summary Judgment as it pertains to Michigan Plaintiff Laura Driggers.

**5.     Plaintiffs filed their Personal Injury Claims within Virginia's Statute of Limitations.**

Under Virginia law, a cause of action in product liability action accrues "when the person knew or should have known of the injury and its causal connection to the device." Va. Code § 8.01-249. The relevant code section expressly states that the cause of action accrues: "In products liability actions . . . for injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew or should have known of the injury and its causal connection to the device." Va. Code § 8.01-249.

> **A.  Plaintiff Lessie Alger (1:17-cv-01023)[9]:**
>
> Plaintiff did not discover until August 2015 the causal connection between her injuries and the defective Cook IVC Filter. See **Exhibit H**, Affidavit of Lessie Milstead (f/k/a Lessie Alger). In early 2017, Plaintiff filed her complaint against Cook after discovering the causal connection between her injuries and Cook's defective IVC Filter and did so within the two-year statute of limitations. See **Exhibit I**, Plaintiff's Short Form Complaint.
>
> **B.  Plaintiff Sonya Brown-Street (1:17-cv-01625)[10]:**

---

[9] Plaintiff Lessie Alger is identified on page 11 (#117) in Cook's Exhibit A.
[10] Plaintiff Sonya Brown Street is identified on page 11 (#119) in Cook's Exhibit A.

>Plaintiff did not discover until May 2016 the causal connection between her injuries and the defective Cook IVC Filter. See **Exhibit J**, Affidavit of Sonya Brown-Street. In mid- 2017, Plaintiff filed her complaint against Cook after discovering the causal connection between her injuries and Cook's defective IVC Filter and did so within the two-year statute of limitations. See **Exhibit K**, Plaintiff's Short Form Complaint.

>C. **Plaintiff Dionee Lee (1:17-cv-03058)**[11]**:**
>
>Plaintiff did not discover until September 2015 the causal connection between her injuries and the defective Cook IVC Filter. See **Exhibit L**, Affidavit of Dionne Lee. On September 1, 2017, Plaintiff filed her complaint against Cook after discovering the causal connection between her injuries and Cook's defective IVC Filter and did so within the two-year statute of limitations. See **Exhibit M**, Plaintiff's Short Form Complaint.

Cook's entire argument for summary judgment is based on a faulty understanding of Virginia Code. Cook claims that Virginia Code permits an injured party only two years from the slightest injury. Dkt 11726 p. 23. However, Cook does not provide this Court with all of the relevant Virginia law. Virginia Code permits injured parties to seek redress when, as in this case, a defendant's medical product is defective and it injuries a citizen of Virginia. Va. Code § 8.01-249.

Furthermore, Cook claims in its memorandum that this Court should rule on its motion for summary judgment based solely on a limited and select number of medical records. Dkt 11726 p. 24. Medical records that in no way convey any information regarding Plaintiff's knowledge of the causal connection between their injuries and the defective nature of the Cook IVC Filter. What is more, Cook has not taken a single deposition, served a single interrogatory, or even reviewed all of Plaintiff's medical records. Without taking any of those critical discovery steps, Cook, in a motion for summary judgment that includes 28 other Virginia Plaintiffs and excludes the relevant Virginia law asks this Court to

---

[11] Plaintiff Dionne Lee is identified on page 13 (#131) in Cook's Exhibit A.

prematurely grant its motion. This, while Cook claims that Plaintiff's Counsel has filed this case without merit. Dkt 11726 p. 2. However, in its sweeping motion, Cook does not even take the time to point the Court to any facts to buttress its arguments. Roe v. Doe, 28 F.3d 404, 406 (4th Cir. 1994). As such, this Court should reject Cook's Renewed Omnibus Motion for Summary Judgment as it pertains to Virginia Plaintiffs Lessie Alger, Sonya Brown-Street and Dionne Lee.

**6.     Plaintiffs' filed their Personal Injury Claims within Alabama's Statute of Limitations.**

Cook's entire argument for summary judgment is again based on a faulty understanding of originating state's law, in this case Alabama. Cook claims that Alabama permits an injured party only two years from the slightest injury. However, Cook does not provide this Court with all of the relevant Alabama law. Alabama Code permits injured parties to seek redress when, as in this case, a defendant fraudulently conceals that its medical product is defective and it injuries a citizen of Alabama. Alabama Code § 6-2-3. Under Alabama law, a party cannot profit by his own wrong in concealing a cause of action against himself until barred by limitation. *See Ex parte Sonnier,* 707 So. 2d 635 (Ala. 1997); *see also Scharff v. Wyeth*, 2011 U.S. Dist. LEXIS 85132 (M.D. Ala. Aug. 2, 2011). This tolling exception to the Alabama statute of limitations is not limited to fraud causes of action and instead is applied to the fraudulent concealment of the existence of a cause of action from the party in whose favor the tort cause of action exists. *Id*. Plaintiff has specifically pled in the Master Consolidated Complaint for Individual claims that "Defendants, through its affirmative misrepresentations, and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC filters." Dkt 213 ¶ 195. Yet, Defendants attempt to circumvent the rules of civil procedure by prematurely filing its motion for summary judgment. Defendants conveniently fail to mention this exception within Alabama law because once the Court is aware of its existence their traditional motion

for summary judgment—which comes before a single deposition has been taken or a single interrogatory has been served—becomes moot.

### A. Plaintiff Stephanie Williams (1:16-cv-03014)[12]:

> Due to Defendants' fraudulent concealment of the defective nature of Cook IVC Filters, Plaintiff did not discover until February 2016 the causal connection between her injuries and the defective Cook IVC Filter. See **Exhibit N**, Affidavit of Stephanie Williams. In late 2016, Plaintiff filed her complaint against Cook after discovering the causal connection between her injuries and Cook's defective IVC Filter and did so within the two-year statute of limitations. See **Exhibit O**, Plaintiff's Short Form Complaint.

Furthermore, Cook claims in its memorandum that this Court should rule on its motion for summary judgment based solely on a limited and select number of medical records. Dkt 11726 p. 19. Medical records that in no way convey any information regarding Plaintiff's knowledge of the causal connection between her injuries and the defective nature of the Cook IVC Filter. What is more, Cook has not taken a single deposition, served a single interrogatory, or even reviewed all of Plaintiff's medical records. Without taking any of those critical discovery steps, Cook, in a motion for summary judgment that includes 11 other Alabama Plaintiffs and excludes the relevant Alabama law asks this Court to prematurely grant its motion. This, while Cook claims that Plaintiff's Counsel has filed this case without merit. Dkt 11726 p. 2. However, in its sweeping motion, Cook does not even take the time to point the Court to any facts to buttress its arguments. Roe v. Doe, 28 F.3d 404, 406 (4th Cir. 1994). As such, this Court should reject Cook's Renewed Omnibus Motion for Summary Judgment as it Pertains to Plaintiff Stephanie Williams[13].

---

[12] Plaintiff Stephanie Williams is identified on page 2 (#12) in Cook's Exhibit A.
[13] Plaintiff Sonny Turner (1:18-cv-01059) is also listed in Exhibit A (page 2, #10) of Cook Defendants' Renewed Omnibus MSJ, however, an Order of Dismissal With Prejudice as to this Plaintiff was entered on August 28, 2019 (doc. 11647).

**7. Cook's Reliance on the Categorization Form is Misplaced.**

Cook cannot use the Categorization Case form as grounds for a Motion for Judgment on the Pleadings. The Categorization Case form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." The "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only . . . ." Reliance on the Categorization form is a breach of the party's agreement and such behavior should not be permitted by this Court. Furthermore, Cook cannot point to any information in the Plaintiff Profile Form that Plaintiff knew of the causal connection between their injuries and Cook's defective IVC Filter.

Because Cook cannot rely on the Categorization form and the PFS does not supply any support for Cook's tortured arguments, this Court should deny the motion.

## V.
## CONCLUSION

For choice of law analysis, the law of the Seventh Circuit is that "foreign cases filed directly in a district court as part of ongoing multidistrict litigation are treated as having originated outside of that district." *Dobbs*, 842 F.3d at 1048.  The Court should reject Cook's attempt to apply Indiana choice of law rules and Indiana law to these Plaintiffs.  Additionally, for the foregoing reasons, Plaintiff respectfully requests that this Court deny Cook's Renewed Motion for Summary Judgment Based on the Applicable Statute of Limitations from Five States pertaining to Plaintiffs herein and grant Plaintiffs any relief that this Court deems appropriate.

Dated: October 3, 2019.

    Respectfully submitted,

    */s/ William B. Curtis*
    WILLIAM B. CURTIS
    Texas State Bar No. 00783918

>12225 Greenville Avenue, Suite 750
>Dallas, TX  75243
>Telephone (214) 890-1000
>Facsimile (214) 890-1010
>Email: bcurtis@curtis-lawgroup.com

>**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, a copy of the foregoing Opposition was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co- Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

>*/s/ William Curtis*
>William B. Curtis