IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

1:18-cv-3131-RLY-TAB Jones v. Cook Medical Inc., et al

**PLAINTIFFS' RESPONSE IN OPPOSITION TO COOK DEFENDANTS' RENEWED OMNIBUS MOTION FOR SUMMARY JUDGEMENT ON LIMITATIONS**

Plaintiff Kandace Jones, a Michigan resident, through her attorney David M. Langevin, respectfully files this Response[1] to the Cook Defendants'[2] Renewed Omnibus Motion for Summary Judgment and respectfully shows the Court the following[3]. Concurrent to this Response, Plaintiff files a Motion to Amend the Short Form Complaint to include a claim of consumer fraud. *See* Dkt. 12041.

### INTRODUCTION AND SUMMARY OF ARGUMENT

Cook's simplistic statement that Indiana choice of law rules and Indiana law apply merely because Plaintiffs' filed their claims directly in this MDL court ignores Seventh Circuit precedent and is legally incorrect. In the Seventh Circuit, it is black letter law that for choice of law analysis, "[F]oreign cases filed directly in a district court as part of an ongoing multidistrict

---

[1] This Response references and incorporates the Response of Plaintiffs' Steering Committee to the Cook Defendants' Renewed Omnibus Motion for Summary Judgment.
[2] As used in this Response, "Cook" and "Cook Defendants" refer to Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS.
[3] Cook's Motion for Summary Judgment on Limitations pertains to 144 Plaintiffs. Each of those 144 Plaintiffs will be filing a legal and fact-specific response to Cook's Motion for Summary Judgment. This response applies to the case identified above. Plaintiff's Steering Committee has filed a Joint Response regarding choice of law analysis because the issue pertains to all Plaintiffs, and because Cook's argument is so blatantly incorrect pursuant to both Seventh Circuit and well-established MDL case law.

litigation are treated as having originated <u>outside</u> of that district." *Dobbs v. DePuy Orthopedics, Inc.,* 842 F.3d 1045, 1048 (7th Cir. 2016) (emphasis added), citing with approval *In re Watson Fentanyl Patch Prods. Liab. Litig.,* 977 F.Supp.2d 885, 888-89 (N.D. Ill. 2013) (in direct filed product liability case, MDL court applied the law of the state where the Plaintiff purchased and used the prescribed product, not the MDL forum); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011) (similarly applying the law of the state where Plaintiff purchased and used the product rather than the MDL forum in foreign direct filed cases). Tellingly, Cook's Motion for Summary Judgment ignores the Seventh Circuit's holding in *Dobbs*[4]. The Court should reject Cook's erroneous choice of law argument, refuse to apply Indiana law to foreign direct filed cases, and deny Cook's Motion for Summary Judgment, as Ms. Jones' case is not barred under the law of her home state, Michigan.

## STATEMENT OF FACTS

1. Plaintiff commenced this lawsuit in October 9, 2018.

2. The Case Categorization form expressly states the "Case Categorization Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan and is not admissible and is not to be considered relevant for any other purpose."

3. On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records for the purposes of bellwether

---

[4] Cook's Motion for Summary Judgment does cite the Watson Fentanyl and Yasmin cases. But those MDL court rulings actually support Plaintiffs' position and reject Cook's argument. The Court should rule likewise. For further discussion, please see infra at page 7.

selection only. Specifically noting that the Case Category Submission was for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose.

4. Plaintiff did not know, nor could have reasonably known that her injuries were caused by a defective Cook IVC Filter until at least October 2016, when she first attributed her injuries to the Cook IVC filter at issue in this case. *See* Exhibit A., Affidavit of Kandace Jones.

5. On January 21, 2019, Kandace Jones complied with the Courts Order and served her Categorization and Screening Order to Cook.

6. Cook has not taken a single deposition, served any interrogatories, or reviewed all of Plaintiff's medical records.

## STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.,* 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.,* 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). For evidence "to be considered on summary judgment, evidence must be admissible at trial." *Cairel v. Alderden,* 821 F.3d 823, 830 (7th Cir. 2016) (citing *Wragg v. Village of Thornton,* 604 F.3d 464, 466 (7th Cir. 2010)). In evaluating a motion for summary judgment, the court must

view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. See *In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig.*, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002)).

Summary judgment may be entered on the basis of a statute of limitations defense if "(1) the statute of limitations has run, thereby barring the plaintiff's claim as a matter of law, and (2) there exist no genuine issues of material fact regarding the time at which plaintiff's claim has accrued and the application of the statute to plaintiff's claim which may be resolved in plaintiff's favor." *Massey v. United States,* 312 F.3d 272, 276 (7th Cir. 2002) (internal quotations and citation omitted). In this case, the statute of limitations has not run, and there is a genuine issue of material fact in dispute as to when Ms. Jones's claim accrued.

## ARGUMENT

### I. Cook's Reliance on the Categorization Form is Misplaced.

Cook cannot use the Categorization Case form as grounds for a Motion for Judgment on the Pleadings. The Categorization Case form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." The "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only . . . ." Reliance on the Categorization form is a breach of the party's agreement and such behavior should not be permitted by this Court. Furthermore, Cook

4

cannot point to any information in the Plaintiff Profile Form that Plaintiff knew of the causal connection between his injuries and Cook's defective IVC Filter until 2015.

Because Cook cannot rely on the Categorization form and the PFS does not supply any support for Cook's tortured arguments, this Court should deny the motion in its entirety. Plaintiff has demonstrated a genuine issue of material fact.

## II. There is an Applicable Discovery Rule Exception to the Statute of Limitations in Michigan.

Michigan imposes a three-year statute of limitations on personal injury claims. *See* Mich. Comp. Laws. § 600.5805. However, Michigan recognizes the discovery rule which controls the determination of when a cause of action accrues in certain situations, "when a plaintiff would otherwise be denied a reasonable opportunity to bring suit due to the latent nature of the injury or the inability to discover the casual connection between the injury and the defendant's [action]…." *Brennan v. Edward D. Jones & Co.,* 245 Mich. App. 156,157, 626 N.W.2d 917 (2001) (citing *Lemmerman v. Fealk,* 449 Mich. 56, 65-66, 534 N.W.2d 695 (1995)). The discovery rule applies here as Ms. Jones could not have brought suit within three years of when the defects in the Cook IVC filter first harmed her because of the latent nature of the injury. Defendants cite to *Trentadue v. Buckler Lawn Sprinkler Co.* to argue that the discovery rule does not apply in this case. However, *Trentadue* is not a product liability case and Michigan has held that the discovery rule can be applied in product liability cases. *Moll v. Abbott Lab.* 444 Mich. 1, 13, 506 N.W.2d 816 (1993).

To determine whether to strictly enforce the statute of limitations or to impose the discovery rule, the court "must carefully balance when the plaintiff learned of her injuries, whether she was given fair opportunity to bring her suit, and whether defendant's equitable interests would be unfairly prejudiced by tolling the statute of limitations." *Brennan v. Edward*

*D. Jones & Co.,* 245 Mich. App. 156,159, 626 N.W.2d 917 (2001) (citing *Stephens, supra* at 536, 536 N.W.2d 755). First, it is unclear as to when Ms. Jones learned of her injuries. Defense counsel is relying on the very limited amount of discovery that has been done, the categorization forms. As stated above, those categorization forms were to be used for only for the purposes of census-taking. No further discovery has been done to determine when Ms. Jones learned of her injuries. Second, Ms. Jones was not given fair opportunity to bring her suit because of the latent nature of the injury. The Cook Gunther Tulip filter is presented as a recoverable filter and thus a removal surgery would not bring rise to an injury caused by the filter.

Third, defendant's equitable interests would not be unfairly prejudiced by tolling the statute of limitations in Ms. Jones case. Defendants claim their interests are being unfairly prejudiced by tolling the statute of limitations. The purpose of the statute of limitations is discussed in *Moll v. Abbott* (citing *Bigelow v. Walraven,* 392 Mich. 566, 576, 221 N.W.2d 328 (1974)), which states:

> "Statute of limitations are intended to 'compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend'; 'to relieve a court system from dealing with "stale" claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured': and to protect 'potential defendants from protracted fear of litigation.'"

Like in *Moll,* most of the evidence is documentary evidence that is not lost and does not become unreliable over time. Evidence in medical device product liability cases is very similar to evidence used in pharmaceutical product liability cases. The court has determined "the purpose of the statute of limitations is not offended by the application of the discovery rule in pharmaceutical products liability cases, and . . . adoption of the discovery rule [furnishes] a reasonable time for injured plaintiffs to seek legal redress for their injuries. *Id* at 15. As in *Moll,*

the statute of limitations is not offended by the application of the discovery rule. Therefore, the discovery rule should apply.

### III. Michigan Law Supports a Claim for Fraudulent Concealment to Toll the Statute of Limitations.

Fraudulent Concealment tolls an action in Michigan, allowing a plaintiff to bring an action within two years of when the claim was or should have been discovered:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim, the action may be commenced at any time within two years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim.

MCLA 600.5855. Thus, under Michigan law relating to products liability, a cause of action accrues when a plaintiff discovers, or should have discovered through reasonable diligence, the possible cause of action. *Roseville Plaza Ltd. Partnership v. U.S. Gypsum Co.*, 31 F.3d 397 (C.A.6 (MI),1994). "[F]raudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action." *De Haan v. Winter*, 241 N.W. 923 (Mich. 1932). Cook is guilty of fraudulent actions. Ms. Jones commenced this suit within two years of discovering the existence of the claim against Defendants relating to the Cook IVC Filter at issue in this case. *See* Exhibit A, Affidavit of Kandace Jones. Therefore, Ms. Jones' case cannot be dismissed.

### **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny Cook's Motion for Summary Judgment and grant any relief this Court deems appropriate.

                                                                              Respectfully Submitted,

Dated: October 3, 2019                  /s/ David M. Langevin
                                                                              David M. Langevin
                                                                              MN Bar No. 329563
                                                                              McSweeney/ Langevin LLC
                                                                              2116 Second Avenue South
                                                                              Minneapolis, MN 55404
                                                                              Telephone: (877) 542-4646
                                                                              Fax: (612) 454-2678
                                                                              dave@westrikeback.com

                                                                              *Lead Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, a copy of foregoing brief was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive in this matter. Parties may access this filing through the Court's system.

/s/ David M. Langevin