**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ML-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s):

Kelly Frank, 1:15-cv-01070-RLY-TAB
Zachary Bennett, 1:18-cv-01148-RLY-TAB
Diondrae Boone, 1:19-cv-02047-RLY-TAB

---

## PLAINTIFFS' OPPOSITION TO COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS FROM FIVE STATES

### I. INTRODUCTION

The Cook Defendants[1] do not want to take plaintiff-specific discovery in these cases because it is inconvenient and costly.[2] Therefore, they seek to deprive Plaintiffs of their day in court through a contorted statute of limitations argument that lacks any supporting evidence. Specifically, Cook impermissibly seeks to use Case Categorization Submissions[3] as a basis for dismissing the above-referenced claims on the ground that the statutes of limitation have expired. This Court's Categorization Orders (documents 9322, 9368, 9368-1, and 10595) were designed to screen cases (by type of injury, not, importantly, by date of injury) for the purposes of selecting appropriate Bellwether trial groups. The Orders specifically provide that the Case Categorization Submissions are not relevant or admissible for *any purpose* other than as outlined in the Orders.

---

[1] "Cook" refers to Defendants Cook Incorporated, Cook Medical LLC, a/k/a Cook Medical Incorporated, and William Cook Europe.
[2] *See* Filing 11726 (Def. S.J. Mem.) at ECF p.86049 ("Cook should not be forced to take hundreds of costly, unnecessary depositions.").
[3] The "Case Categorization Submissions" are comprised of a Case Categorization Form and a medical record supporting the claimant's disease category.

1

Asserting summary judgment on an affirmative defense is not a purpose outlined in the Orders, thus the Case Categorization Submissions are not relevant or admissible for that purpose. Moreover, no plaintiff-specific discovery has taken place in this case, and Cook does not argue that the pleadings themselves entitle it to judgment as a matter of law. Because Cook provides no evidence or other materials which this Court may consider in support of its motion, it fails its threshold summary judgment burden.

Even if the Case Categorization Submissions were admissible to support summary judgment, Cook still fails its summary judgment burden. Because Cook seeks summary judgment on an issue for which it would bear the burden at trial, Cook has the heightened burden of providing the Court with evidence to support each element of its claim. The Case Category Submissions fail to establish that no genuine issues of material fact exist regarding when Plaintiffs' causes of action accrued, or that claims were filed beyond the limitations period.

Additionally, as alleged in Plaintiffs' Master Complaint, the limitations period for each Plaintiff is tolled either by statute or by Cook's fraudulent concealment. Genuine issues of material fact exist regarding Cook's conduct in this regard. Plaintiff-specific and product-specific discovery must be completed to resolve these material facts. Therefore, Cook's summary judgment motion is extremely premature at this time and should be denied (or at a minimum, deferred until further discovery can be had).

Finally, Cook's remaining grounds for summary judgment are either tethered to its statute of limitations argument (and thus fail for the same reasons), or relate to pleading deficiencies. Because Plaintiffs' claims are properly pleaded, or in the alternative can be re-pleaded, summary judgment is not appropriate. For all of these reasons, Plaintiffs respectfully request that this Court deny Cook's motion in its entirety.

## II. STATEMENT OF UNDISPUTED FACTS[4]

1.      This Court's Case Categorization Orders (Doc. 9322, 9368, 9368-1, and 10595) require Plaintiffs to provide a Categorization Form and supporting medical records (collectively, the "Case Categorization Submissions") "[i]n order to ensure cases are properly categorized." Filing 9322, at ECF p. 62837, ¶ 1.

2.      The "Case Categorization Submission is for the purpose of complying with the [Case Categorization Orders] *only, and is not admissible and is not to be considered relevant for any other purpose*." Filing 9638-1, at ECF p. 6497-8 (emphasis supplied).

3.      Cook's present Omnibus Motion for Summary Judgment does not challenge the categorization of any case.

4.      Plaintiffs Kelly Frank (Cook Celect) and Zachary Bennett (Cook Gunther Tulip) live in and received implanted devices in the State of Virginia. *See* **Ex. A,** Kelly Frank Short Form Complaint; **Ex. B**, Zachary Bennett Short Form Complaint.

5.      Plaintiff Diondrae Boone lives in and received an implanted device (Cook Gunther Tulip) in Michigan. *See* **Ex. C**, Diondrae Boone Short Form Complaint

6.      No discovery has been conducted as to the above-referenced Plaintiffs, thus there are no depositions, answers to interrogatories, admissions, or affidavits on file. Plaintiffs Frank, Bennett, and Boone have not been deposed.

7.      The pleadings on file establish the date of each Plaintiffs implant; they do not establish the date of legal injury.

### III.      STANDARD OF REVIEW

---

[4] Plaintiffs specifically dispute Defendant Cook's Statement of Undisputed Facts in paragraphs 8 through 10 of its motion.  *See* Filing 11726 ("Def. S.J. Mem.") at ECF 86052-53. For the reasons stated herein, there are genuine issues of material fact regarding these paragraphs.

Summary judgment is appropriate where, after an adequate time for discovery, the record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Spierer v. Rossman*, 798 F.3d 502, 507 (7. ir. 2015). Because the statute of limitations is an affirmative defense, the movant seeking a limitations bar via summary judgment bears the burden of establishing each element of that defense. *Evenson v. Osmose Wood Preserving Co. of Am.*, 899 F.2d 701, 703 (7th Cir. 1990)(movant asserting statute of limitations must show "there exists no genuine issue of material fact as to when the plaintiff's cause of action accrued.")(citing *Kuemmerlein v. Board of Educ.*, 894 F.2d 257, 261 (7th Cir.1990) and *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1219 (7th Cir.1984)); *see also Campbell v. Grand Trunk W.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)("[b]ecause the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run."); *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 590 (6th Cir. 2001)("[defendant] has the burden of proof on all affirmative defenses, such as the statute of limitations."); *Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294, 299–300 (4th Cir. 2012)(when a moving party "seeks summary judgment on an affirmative defense, it must conclusively establish all essential elements of that defense.").

Also, where the movant will bear the burden of proof at trial—such as a defendant asserting a statute of limitations bar—that party's "initial summary judgment burden is higher." *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012)(quoting *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir.2001)(further citations omitted); *Accord Perez v. Panther City Hauling Inc.*, No. 13-CV-0337 MJR DGW, 2014 WL 2882919at *3 (S.D. Ill June 25, 2014)("[w]hen the party moving for summary judgment also bears the burden of persuasion at trial, that party's

initial summary judgment burden is higher.")(citing Celotex, 477 U.S. at 322; and *Surles*, at 455-56). The movant in such a situation must show the "record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* (internal quotations omitted); *see also, e.g., Brinkley v. Harbour Recreation Club,* 180 F.3d 598, 608 (4th Cir. 1999)(defendant must produce "credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial."), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); *see also Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)(defendant's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.")(quoting W. Schwarzer, *Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 487–88 (1984)).

When the movant "fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment," summary judgment must be denied. *Ray Commc'ns, Inc.*, 673 F.3d at 299-300; *see also Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir. 1984)(summary judgment cannot be entered when movant fails its "strict" burden of proof); *Fonseca,* 246 F.3d at 591 (if defendant fails summary judgment burden, plaintiff under no obligation to proffer additional evidence in rebuttal). As set forth below, Cook has failed its heightened burden, and Summary Judgment must be denied.

### IV.   OPPOSITION ARGUMENT

A.   <u>Indiana Law Does Not Apply To Plaintiffs' Claims<br>Because They Originated in Virginia and Michigan</u>

Cook argues that Indiana law applies to foreign direct-filed actions in this Court under the theory that the cases originated here because they were directly filed here. *See* Filing 11726

(hereinafter "Def. S.J. Mem.") at ECF p. 86054-55. Relevant law—including a ruling from this MDL—compels a different result. A case does not originate in the MDL for choice of law purposes simply because plaintiffs take advantage of the direct-filing option. For the reasons set forth below, Virginia and Michigan law apply to the Plaintiffs at issue in this response.

*1. The MDL Court Applies the Prevailing Rule: Foreign Direct-Filed Cases Are Treated as Originating Outside the Southern District of Indiana.*

When a foreign case is filed directly in a district court as part of multidistrict litigation, it is "treated as having originated outside of that district." *Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1049 (7th Cir. 2016); *see also In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F.Supp 2d 885, 888-89 (N.D. Ill. 2013)("the prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law [including the choice of law rules] that applies is the law of the state where the case originated.")(citing *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.,* No. 3:09-MD-02100-DRH, 2011 WL 1375011, at *5 (S.D. Ill. Apr. 12, 2011)(further citations omitted). The court in which the cases is directly filed under these circumstances must apply the law, including the statute of limitations, of the state where the case originated. *See, e.g., Cutter v. Biomet, Inc.,* 244 F. Supp. 3d 793, 800 (N.D. Ind. 2017)(applying the Washington statute of limitations to a foreign direct-filed claim in Indiana)(citing *Watson,* at 888).

Moreover, this Court has applied the prevailing rule in this MDL, and established guidelines for where a foreign-direct filed case originates for choice of law purposes. *See,* Filing No. 4918, at ECF p. 11506-11521, Entry on Motion for Judgment on the Pleadings Based on the Statute of Repose (filed 05/31/217). When it comes to a foreign direct filed case, the case originates in "the state where the case would have been brought had it not been part of the MDL." *Id*. at ECF p. 11508-9. As this Court noted, "it would be an odd result to subject plaintiffs to [Indiana] law

simply because they took advantage of the direct filing procedure—a procedure that provides benefits to all parties and preserves judicial resources." *Id.* (quoting *In re Bausch & Lomb, Inc.*, Nos. 2:06-cv-2659-DCN and 2:06-cv-2716-DCN, **MDL** No. 1785, 2007 WL 3046682, at *3 (D.S.C. Oct. 11, 2007)). In determining where a case would have been brought absent the MDL, this Court considered: (i) the location of surgeries/implantations, (ii) residence of the plaintiffs (both at the time of surgery and time of filing), and (iii) place of injury. *Id.* at ECF pp. 11509, 11513, 11517. Applying these factors, this Court determined that the cases did not originate in Indiana simply by being directly filed here, but instead originated in Georgia, Tennessee, and Texas. Id. at ECF pp. 11510, 11513, 11517.

In support of its argument to apply Indiana law, Cook refers to this Court's June 13, 2019 Entry, wherein the Court addressed remand issues raised in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). *See* Filing 11131, ECF p. 82960-82963 Entry for June 13, 2019, filed 06/13/2019, at ECF p. 82961. This Court determined that foreign direct-filled cases could be tried in Indiana, rather than remanded to individual home states. *Id.* Document 1131 is entirely silent on where a case originates for choice of law purposes, and Cook's reliance on it for that purpose is a non-sequitur.

2.    *Virginia and Michigan Laws Apply to the Plaintiffs Addressed In This Response*

Here, Plaintiffs Frank and Bennett had surgeries in Virginia, were injured in Virginia, and resided in Virginia both at the time of the surgeries and currently. Thus, Virginia's laws apply to these Plaintiffs. *Dobbs*, 842 F.3d at 1049; *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F.Supp 2d at 888-89; Filing 4918 at ECF pp. 11509, 11513, 11517. Plaintiff Boone had surgeries, was injured, and resided at all relevant times in Michigan. Therefore, Michigan's laws apply to Plaintiff Boone. *Id.*

B. Cook Fails Its Threshold Summary Judgment Burden by
Relying Solely on Case Categorization Submissions

Cook has failed to provide the Court with any relevant, admissible evidence that conclusively establishes Plaintiffs failed to meet the relevant statute of limitations. *See* Part IV. Standard of Review, *supra.* Cook's entire motion is predicated on dates contained in the Case Categorization Submissions, including medical reports supplied by Plaintiffs. See Def. S.J. Mem. at ECF pp. 88062, 86065, 86069. Because no plaintiff-specific discovery has taken place in these cases, there are no depositions, answers to interrogatories, admissions, or affidavits on file, or other evidence upon which Cook relies to satisfy its burden. Moreover, Cook does not refer this Court to any pleadings which might support its motion. For the reasons set forth below, Cook is barred from using the Case Categorization Submissions in support of summary judgment, and is left with no Rule 56 tools to succeed on its motion.

*1. Case Categorization Submissions
Were for Categorization Only*

In response to Cook's Motion for Screening Order and Bellwether Selection Plan ("Screening Motion"), this Court entered the Case Categorization Orders (documents 9322, 9368, 9368-1, and 10595). While the primary purpose of Cook's Screening Motion was to facilitate selection of Bellwether trial groups, it also sought to carve out cases Cook alleged had no legally cognizable injury. *See* Filing No. 8449, at ECF pp. 43942 ("[t]he Proposed Plan provides a screening mechanism to ensure pending and future filed cases allege a cognizable injury and that cases are properly categorized"). The term "cognizable injury" as used in Cook's motion, read in proper context, clearly refers to a distinction Cook sought to draw between cases with some physical injury, and cases without. *Id.* at ECF p. 43947-8 (failed retrieval is not a cognizable injury); p. 43949 (filter in place with no complications not a legally cognizable injury). In fact, this

Court designated for immediate dismissal those cases categorized as exhibiting no physical injury. Filing 9322, at ECF p.62838, ¶ 3. Nowhere in Cook's motion for a screening order did Cook propose to categorize cases based on anything other than the category of injury alleged.  Likewise, nothing in the Court's Case Categorization Order purports to address any substantive or procedural issue apart from categorizing cases by type of injury, and selecting cases for bellwether trials. *See*, the Case Categorization Orders (Filing Nos. 9322, 9638, 9638-1, and 10595). In that regard, any argument that Cook meant to use the Case Categorization Forms in support of affirmative defenses unrelated to the Bellwether plan is contrived.

### 2. Case Categorization Submissions
### Cannot Be Used for Summary Judgement

The medical records submitted pursuant to the Court's Case Categorization Orders are part of the "Case Categorization Submissions." See Filing 9638-1 at ECF pp. 6497-8, ¶ 4, 64999, ¶ E ("Certification"). This Court's order expressly states that "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan *only, and is not admissible and is not to be considered relevant for any other purpose*." Filing 9638-1 at ECF pp. 64997-98 (emphasis supplied). Simply stated, by Order of this Court, the Case Category Submissions, which include the medical reports upon which Cook relies for its motion, are not relevant evidence and may not be used to support summary judgment. *Id.; Cairel v. Alderden*,821 F.3d 823, 830 (7th Cir. 2016) (summary judgment evidence must be admissible at trial). Because Cook's entire motion is predicated on information in the Case Category Submissions, and that information is not properly a part of the summary judgment record, Cook fails its burden and its Motion for Summary Judgment must be denied in its entirety. *Celotex*

*Corp.*, 477 U.S. at 331; *Ray Commc'ns, Inc.* 673 F.3d at 299–300; *Campbell* 238 F.3d at 775; *Fonseca v. Consol. Rail Corp.*, 246 F.3d at 590.

C. <u>Cook Fails its Burden To Establish an<br>Accrual Date Under Virginia Law</u>

*1. Accrual Under Virginia Law*

Even if Cook were permitted to use the Case Categorization Submissions to support summary judgment, it still fails to establish that the Virginia Plaintiffs' claims are time-barred. Under Virginia law, a cause of action accrues from the date the injury was sustained. Va. Code An. § 8.01-230; *Adams v. Am. Optical Corp.*, 382 F. Supp. 3d 519, 526 (W.D. Va. 2019). The date the injury was sustained "must be established by competent evidence that pinpoints the precise date of injury with a reasonable degree of medical certainty." *Adams*, at 526 (quoting *Lo v. Burke*, 249 Va. 311, 455 S.E.2d 9, 12 (1995)(further citations omitted). As discussed more fully below, Cook fails its burden to establish accrual date as required by Virginia law. Additionally, based on the current record, genuine issues of material fact exist regarding when Plaintiffs' injuries occurred.

As a movant seeking summary judgment on limitations grounds, Cook bears the burden of establishing accrual date. *Id.; Ray Commc'ns, Inc.* 673 F.3d at 299–300 (when a moving party "seeks summary judgment on an affirmative defense, it must conclusively establish all essential elements of that defense."); *Brinkley v. Harbour Recreation Club,* 180 F.3d at 608 (must produce "credible evidence" that would entitle it to a directed verdict at trial). While failing to acknowledge its summary judgment burden or provide any argument or authority for its proposition, Cook makes the sweeping, conclusory allegation that the dates Cook hand-selected from the medical records each plaintiff submitted in support of case categorization "demonstrate" that their claims for injuries are time barred. Plainly, though, nothing in the medical records Cook references

10

establishes the precise date of any injury "within a reasonable degree of medical certainty." *See Adams* at 526. No plaintiff-specific discovery has yet taken place. The medical records supplied for purposes of case categorization are far from the entire medical records,[5] expert suppositions, and objective analysis of when injuries occurred. It is incumbent upon Cook to establish that no genuine issue of material fact exists regarding the date upon which the relevant injuries accrued under Virginia law. In referencing only the Case Categorization Submissions, Cook has failed its burden. *Celotex* 477 U.S. at 321; *Adams*, 382 F. Supp. 3d at 526; *Ray Commc'ns, Inc.* 673 F.3d at 299–300; *Brinkley,* 180 F.3d at 608.

Because it has failed its burden to establish an accrual date as required by law, Cook cannot establish that the limitations period has run.

### 2.      *Virginia Code Section 8.01-249(9)*

In addition to the reasons set forth above, the Virginia Plaintiffs' claims are timely under section 8.01-249(9) of the Virginia Code. In 2016, the State of Virginia statutorily adopted the discovery rule in device implantation cases. Section 8.01-249(9)states that a cause of action shall be deemed to accrue:

> In products liability actions . . . for injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew of should have known of the injury and its causal connection to the device."

VA. Code § 8.01-249(9).

Accordingly, Virginia plaintiffs have two years from the date they knew or should have known that: (a) they were injured, and (b) their injury was causally related to a Cook device. Even if Cook were permitted to use the medical reports contained with the Case Categorization

---

[5] In fact, the Court's Case Categorization Orders expressly prohibit submission of additional, relevant medical documentation, bolstering Plaintiffs' proposition that the Categorization Submissions were for categorization purposes only, and were not to be used as a discovery tool in support of substantive motion practice. *See* Filing 9638-1 at ECF pp. 6497, ¶ 3.

submissions, which it is not, the date or dates contained within those reports do not establish when the Virginia Plaintiffs knew or should have known that their injuries were causally connected to a Cook device. Because no plaintiff-specific discovery has taken place, there simply is no evidence, at this point, to support Cook's assertion that no genuine issues of material fact regarding when the Virginia plaintiffs knew or should have known of the injury *and* the causal connection to the device. Moreover, the opposite is true. Genuine issues of material fact exist regarding when the Virginia Plaintiffs knew or should have known of their injury and its causal connection to a Cook device. *See, e.g.*, **Ex.D**, Affidavit of Kelly Frank.

The issues surrounding accrual under section 8.01-230 or 8.01-249(9) can only be ascertained through discovery specific to each plaintiff. Plaintiffs specifically declare their need for additional discovery pursuant to Rule 56(d). For these reasons, Cook's Omnibus Motion for Summary Judgement should be denied.

In its motion, Cook argues in a footnote that section 8.01-249(9) should not apply to Plaintiffs' claims because the Virginia Legislature included no express language that it applies retroactively. Def. S.J. Mem. at 24, n.14, ECF p. 86069. Cook is mistaken. Virginia Code § 8.01-1 specifically states "all provisions of [Title 8] shall apply to causes of action which arose prior to the effective date of any such provisions" unless the (a) section in question provides otherwise, (b) the court determines material substantive rights are changed, or (c) a miscarriage of justice would result. Va. Code. Ann. § 8.01-1. Section 8.01-249(9) does not "otherwise provide" that it should apply only prospectively. Moreover, Cook repeatedly states in its motion that limitations is a procedural, not substantive, concern, so no material substantive rights are affected. Finally, Cook makes no argument that a miscarriage of justice would occur by application of Section 8.01-

249(9). Accordingly, Section 8.01-249(9) mandates that limitations are tolled until the Virginia Plaintiffs knew or should have known that their injuries were causally related to a Cook device.

Because no plaintiff-specific discovery has taken place, genuine issues of material fact exist regarding when the Virginia Plaintiffs knew or should have known of their injury and its causal connection to a Cook device. *See, e.g.*, **Ex.D**. The issues surrounding accrual under section 8.01-230 or 8.01-249(9) can only be ascertained through discovery specific to each plaintiff. Plaintiffs specifically declare their need for additional discovery pursuant to Rule 56(d). For these reasons, Cook's Omnibus Motion for Summary Judgement should be denied.

    D. <u>Cook Fails its Burden to Establish Accrual Under Michigan Law</u>

     *1. Accrual Under Michigan Law*

Pursuant to Michigan law, Plaintiff Boone is obligated to assert his claim within three years of the date it accrues, and may not benefit from the common law discovery rule. Mich. Comp. Laws § 600.5805(10); *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670 (2007)(recognizing statutory abrogation of the common law discovery rule). A cause of action accrues, and limitations begins to run, "at the time the wrong upon which the claim is based was done." Mich. Comp. Laws. Ann. § 600.5827; *Trentadue* at 670. In *Connelly v. Paul Ruddy's Equip. Repair & Serv. Co.*, 388 Mich. 146, 200 N.W.2d 70 (1972), the Michigan Supreme Court determined that a claim accrues "once all of the elements of an action for . . . injury, including the element of damages, are present." *Connelly*, at 72-3. In *Trentadue*, the Michigan Supreme Court recognized statutory abrogation of the discovery rule, but left in place *Connelly's* language regarding accrual: the *Trentadue* Court reiterated that accrual occurs "*when the plaintiff is harmed*, rather than when the defendant acted." *Id.* at 670-71 (quoting *Boyle v. Gen. Motors Corp.,* 661 N.W.2d 557, n.5 (2003))(emphasis supplied); *see Frank v. Linker* 894 N.W.2d 574, 584

(2017)("[The Michigan Supreme Court] has held that the date of the 'wrong' referred to in MDL 600.5287 is 'the date on which defendant's breach harmed the plaintiff.'")(quoting *Moll v. Abbot Laboratories*, 506 N.W.2d 816, 822 (2017)).[6] Thus, under *Trentadue,* the plaintiff's "harm" is an integral part of the "wrong." In other words, "while a claimant's knowledge of each element of a cause of action is not necessary for claim accrual, a claim does not accrue until each element of the cause of action, including some form of damages, exists." See *Henry v. Dow Chem. Co.*, 319 Mich. App. 704, 720, 905 N.W.2d 422 (2017), rev'd in part on other grounds 905 N.W.2d 601 (2017). Cook's purported evidence fails to prove the necessary elements of claim accrual.

### 2. Cook Fails its Burden

As addressed in Section III, *supra*, Cook, as the movant asserting a limitations bar, carries the high initial burden of establishing the absence of genuine issues of material fact. *Surles* 678 F.3d at 455-56; *Cockrel* 270 F.3d at 1056 *Fonseca* 246 F.3d at 590. Accordingly, to establish it is entitled to summary judgment based on an expired limitations period, Cook bears the burden of establishing an accrual date, i.e., the date upon which all the elements of Plaintiff Boone's claim, including the element of damages, occurred. *Trentadue* 738 N.W.2d at 670*; Frank* 894 N.W.2d at 584*; Connelly* 200 N.W.2d 72-3*; see also Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001.)(trial court must determine "whether there exists a genuine issue of material fact as to when the plaintiff's cause of action accrued.").

---

[6] The Michigan Supreme Court has favorably cited *Connelly* post-*Trentadue* both expressly and implicitly. *See Frank* 894 N.W.2d at 582 (citing *Connelly* for the proposition the wrong is the date on which the defendant's breach harmed the plaintiff, rather than the date the breach occurred); *and see Henry v. Dow Chemical Co.*, 905 N.W.2d 422, 436 (2017)(Gadola, J. dissenting)(favorable discussion of Connelly), rev'd in part on other grounds 905 N.W.2d 601 (2018)(reversing for the reasons stated in Gadola, J.'s dissent).

As with the Virginia Plaintiffs, the Michigan Plaintiff Boone's medical report (a radiology report) submitted with the Case Categorization submission was for the purpose of documenting the case category in which Plaintiff belonged. Cook's summary conclusion that the date on Mr. Boone's radiology report establishes the date upon which all the elements of his cause of action occurred is simply unfounded. No plaintiff-specific discovery has yet taken place. Again, the medical records supplied for purposes of case categorization are far from the entire medical records, expert suppositions, and objective analysis of when injuries occurred. It is incumbent upon Cook to establish that no genuine issue of material fact exists regarding the date upon which the relevant injuries occurred. In referencing only the Case Categorization submissions, Cook has failed its burden under Michigan law. *Celotex* 477 U.S. at 321; *Surles* 678 F.3d at 455-56; *Cockrel* 270 F.3d at 1056 *Fonseca* 246 F.3d at 590.

Because it has failed to establish an accrual date as required by law, Cook cannot establish that the limitations period has run. For this reason, Cook's motion as to the Michigan Plaintiff should be denied.

E. <u>Plaintiffs' Non-Tort Claims</u>

*1.    Plaintiffs' Express Warranty Claims Are Properly Pleaded*

Cook contends that the allegations in the Master Complaint cannot sustain a claim for express warranty damages. As support for its proposition, Cook points to this Court's prior determination (on a Motion for Judgment on the Pleadings, rather than, as here, a Motion for Summary Judgment) that a plaintiff failed to state an express warranty claim under Texas law. *See* Filing 4918, at ECF p. 11506, 11519-20. The Court's analysis in Filing 4918 is inapplicable to the present claims, as they are governed by Virginia and Michigan law, not Texas law.

Under both Michigan and Virginia law, an express warranty is created by:

i.   an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates and express warranty that the goods shall conform to the affirmation or promise; or

ii.   a description of the goods which is made part of the basis of the bargain creates and express warranty that the good shall conform to the

Mich. Comp. Laws Ann. § 440.2313; Va. Code Ann. § 8.2-313 (West).

In the Master Complaint, Plaintiffs allege, among other things, that Cook expressly represented and warranted through their marketing materials, both written and orally, that Cook's products were safe, well-tolerated, efficacious, and fit for their intended purpose. Filing 21 (Master Complaint), ¶ 95. Plaintiffs also pleaded that Cook's filters were designed in such a manner so as to be prone to a unreasonably high incident of fracture, perforation of vessels and organs, and/or migration; were designed in such a manner so as to result in a unreasonably high incident of injury to the organs of its purchaser; and were manufactured in such a manner so that the exterior surface of the Cook Filters were inadequately, improperly and inappropriately designed causing the device to weaken and fail. *Id.* ¶ 96. Throughout their complaint, Plaintiffs plead that they relied on Cook in making the decision to receive a

Cook implant, and would not have otherwise agreed to have the implants. *Id.* ¶¶ 57, 59, 106, 115.[7]

Viewing the pleadings in a light most favorable to Plaintiffs, and guided by Rule 8(e), Plaintiffs submit that their pleadings are sufficient to allege that an express warranty was created, that the warranties formed the basis of the bargain, and that Cook breached the warranties resulting in damages. Fed. R. Civ. P 8(e); Mich. Comp. Laws Ann. § 440.2313; Va. Code Ann. § 8.2-313 (West). To the extent that more specific pleading is required, many of the facts forming the basis

---

[7] Though not all of these are pleaded under the heading "Breach of Express Warranty," placement of allegations is not fatal to the pleading over all. *See* Filing 4918, at ECF p. 11512 (noting particular placement of an allegation is not determinative where "each count in the Master Complaint repeats and realleges[s] each and every allegation of the Master Complaint as if set forth in full in this cause of action.").

for more specific pleading have simply not yet been developed due to the lack of plaintiff-specific discovery. Accordingly, Plaintiffs declare under Rule 56(D) that they cannot present facts essential to more specifically plead a claim for breach of express warranty at this time, and would request Cook's motion be denied or deferred until such time as further discovery may be conducted. Fed. R. Civ. P. 56(D).

Alternatively, Plaintiffs should be permitted to re-plead their claims, rather than face dismissal. It is well settled that the Federal pleading rules favor decisions on the merits rather than technicalities, and leave to amend pleadings should be freely given. Fed. R. Civ. P. 15(a)(2); *Stanard v* Nygren, 658 F.3d 792, 800-01 (7th Cir. 2011). As such, dismissal on the pleadings at this stage would be an injustice to Plaintiffs, and they should instead be permitted to re-plead any alleged deficient claims.

### 2. Cook's Remaining Grounds For Summary Judgment Lack Merit

#### (a). Implied Warranty, Loss of Consortium, and Punitive Damages

Cook contends that Plaintiffs' implied warranty claims, loss of consortium claims, and punitive damages claims are time barred because, under applicable law, they are merged into or derivative of the core personal injury claims. Def. S.J. Mem. at 27-28, 33-34, ECF p. 86072-73, 86078-79. Because the core claims are barred by the statute of limitations, the argument goes, so are these.

Cook's motion on these grounds must necessarily fail for the reasons set forth in Section IV, *supra.* Cook has failed to prove that no genuine issues of material fact exist regarding when Plaintiffs' causes of action accrued, and whether the statute of limitations has run. Therefore, it has likewise failed to establish that Plaintiffs' claims for implied warranty, loss of consortium, and punitive damages are time barred.

Worthy of note is that Cook concedes that Plaintiff Boone's implied warranty claims are timely under Michigan law. Def. Mem. S.J. at ECF p. 86074, n.16. Cook argues that Mr. Boone's implied warranty claims are nevertheless barred by contract, to wit: the terms and conditions accompanying the sale of Mr. Boone's filter to the hospital.[8] *Id.* The larger problem with this ground for summary judgment is Cook does not support its argument with documents or materials in the record specific to Mr. Boone, nor does it state with certainty that the hospital even received the terms and conditions in this case. The smaller problem, but just as fatal to the argument, is that Cook has not established as a matter of law that Mr. Boone is bound to the terms and conditions under the umbrellas of either products liability or contract law. While third party beneficiaries <u>can</u> <u>be</u> bound to forum selection clauses and contractual terms, *Valley Forge Ins. Co. v. Hartford Iron & Metal, Ind.* No. 1:14-CV-6-RLM-SLC, 2016 WL 2755462, at *2 (N.D. Ind. May 12, 2016), they are not always necessarily so constrained. *See, e.g.*, <u>Hugel v. Corp. of Lloyd's</u>, 999 F.2d 206, 209 (7th Cir. 1993)("in order to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound.")(citations omitted). Cook offers no argument, authority, or materials from the record to establish Mr. Boone was bound by the terms and conditions. As the movant on an affirmative defense, Cook has plainly failed to carry even the slightest bit of its burden on this claim.

(b).  Plaintiffs' Consumer Fraud Claims are Properly Pleaded

Plaintiffs in this case assert consumer fraud and deceptive trade practice claims under Virginia and Michigan law. *See* Va. Code § 59.1-200, et seq.; M.C.L.A. 445.901, et seq. Pursuant to Rule 9(b), which inform the pleadings for these claims, fraud allegations must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  "Particularity" requires

---

[8] The terms and conditions fix venue in Indiana and reduce the statute of limitations to one year and one day.

that claimant state "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Nahigian v. Juno Loudoun, LLC,* 684 F. Supp. 2d 731, 736 (E.D. Va. 2010); *Accord Home Owners Ins. Co. v. ADT LLC,* 109 F. Supp. 3d 1000, 1008 (E.D. Mich. 2015)(requiring the plaintiff to allege the "time, place, and content of the alleged misrepresentation on which he or she relied."). Here, Plaintiffs, through the Master Complaint, have stated the required elements with as much particularity as is possible at this time. From the Master Complaint and Short-Form Complaints, the following information is particularly plead:

- <u>Time</u>: On or about the dates of implant, as depicted on the Plaintiff's Short Form Complaints. *See* Ex. A (Kelly Frank Shor Form Complaint); Ex. B (Zachary Bennett Short Form Complaint); and Exhibit C (Deondrae Boone Short Form Complaint).
- <u>Place</u>: The locations where implant surgeries were performed, as depicted on each Plaitniff's Short Form Complaint. *Id.*
- <u>Contents of false representations</u>:

  Through false, untrue, and misleading promotion of its products, Cook induced Plaintiffs to purchase and/or pay for the purchase of Cook's products. Filing 21 (Master Complaint) at EFC p. 217. ¶ 15.

  Defendants misrepresented the alleged benefits and characteristics of Cook's IVC Filters; suppressed, omitted, concealed, and failed to disclose material information concerning known adverse effects of Cook's IVC Filters; misrepresented the quality and efficacy of Cook's IVC Filters as compared to much lower-cost alternatives; misrepresented and advertised that Cook's IVC Filters were of a particular standard, quality, or grade that they were not; misrepresented Cook's IVC Filters in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiffs would have opted for an alternative IVC Filter or method of preventing pulmonary emboli. *Id.* at EFC p.217, ¶ 116.

- Identity of the person making the representation: Cook. ¶ 116.

Thus, based on the information presently available, Plaintiffs have satisfied Rule 9(b), and pleaded their fraud claims with particularity. To the extent that more specific pleading is required,

many of the facts forming the basis for more specific pleading have simply not yet been developed due to the lack of plaintiff-specific discovery. Accordingly, Plaintiffs declare under Rule 56(D) that they cannot present facts essential to more specifically plead Consumer Fraud and Deceptive Trade Practices at this time, and would request Cook's motion be denied or deferred until such time as further discovery may be conducted. Fed. R. Civ. P. 56(D).

### V.    There Are Genuine Issues of Material Fact Regarding Cook's Fraudulent Concealment

Both Virginia and Michigan Plaintiffs' claims are tolled by reason of Cook's fraudulent concealment. *See* Filing 21, at ECF p. 227, ¶¶ 195-200 (Master Complaint). Plaintiffs herein specifically declare, under Rule 56(D), that because discovery regarding Cook's conduct toward each specific Plaintiff has not yet been permitted, they cannot present facts essential to justify their opposition to Cook's assertion that their claims are time barred. Fed. R. Civ. P. 56(D).[9]

*1. Statutory and Equitable Tolling Under Virginia Law*

Pursuant to Virginia law, when a defendant uses "direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought." Va. Code. § 8.01-229(D); *Evans v. Trinity Indus., Inc.*, 137 F. Supp. 3d 877, 882 (E.D. Va. 2015). Under section 8.01-229(D), the Plaintiff bears the burden to establish that "the defendant undertook an affirmative act designed or intended, directly or indirectly, to obstruct the plaintiff's right to file her action." *Id.* (citing *Grimes v. Suzukawa*, 262 Va. 330, 332, 551 S.E.2d 644, 646 (2001)). The affirmative acts must consist of misrepresentations, and "must be of that character which involves moral turpitude, and must [actually] have the effect of debarring or deterring the plaintiff from his action." *Newman v. Walker,* 270 Va. 291, 296-97, 618 S.E.2d 336, 339 (2005).

---

[9] Contemporaneously with this Opposition, Plaintiffs filed a Motion for Discovery under Rule 56(D).

Virginia also recognizes equitable tolling. *Schmidt v. Household Fin. Corp. II*, 276 Va. 108, 120, 661 S.E.2d 834, 840 (2008). Though applied sparingly, equitable tolling is available when a defendant misled or deceived a plaintiff in order to prevent the plaintiff from either discovering the existence of a cause of action or filing a timely claim. *Id.* (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), and *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201 (4th Cir.1990); English, 828 F.2d at 1049. To receive the benefit of equitable tolling "a plaintiff has to establish that (1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim, (2) the plaintiff failed to discovery those facts within the statutory period, despite (3) the exercise of due diligence. *Schmidt*, at 840-41. Plaintiffs Frank and Bennett must be permitted to conduct discovery to gather the evidence necessary to support their claims of fraudulent concealment under Virginia law. Therefore, Cook's motion should be denied or deferred until such discovery takes place.

## 2. Tolling Under Michigan Law

The statute of limitations for Plaintiff Boone's claims are tolled by reason of Cook's fraudulent concealment as defined under Michigan law. See M.C.L. § 600.5855. Michigan's fraudulent concealment rule provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

M.C.L. § 600.5855.

The elements of fraudulent concealment under Michigan law are: "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 851 (6th Cir. 2006). Fraudulent concealment applies to toll the limitations period when "the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery." *Tonegatto v. Budak*, 112 Mich. App. 575, 583 (1982). "[T]here must be concealment by the defendant of the existence of a claim or the identity of a potential defendant[.]" *McCluskey v. Womack,* 188 Mich. App. 465, 472 (1991). Plaintiff must be permitted to conduct discovery in order to support his claims for fraudulent concealment under Michigan law. Therefore, Cook's motion should be denied or deferred until such discovery can take place.

### 3. Plaintiffs' Request for Additional Time to Conduct Discovery

Plaintiffs have properly pleaded the elements of statutory and equitable tolling under Virginia and Michigan law, as applicable. *See* Filing 21, at ECF p. 227, ¶¶ 195-200. However, plaintiff-specific discovery has yet to take place in the cases subject to this motion. Therefore, Plaintiffs herein specifically declare, under Rule 56(D), that because discovery regarding Cook's conduct toward them has not yet been permitted, they cannot present facts essential to justify their opposition to Cook's assertion that their claims are time barred. Plaintiffs specifically request that this Court deny Cook's motion, or defer considering it, until such time as appropriate discovery may take place.

### VI. CONCLUSION

Because Cook moves for summary judgment on an affirmative defense, it has a heightened burden which it has failed to carry. As a threshold matter, Cook's only purported evidence has

previously been determined by this Court to be inadmissible and irrelevant in a summary judgment (or any other) proceeding. Furthermore, as set forth herein, Cook fails to provide this Court with any competent summary judgment evidence or other materials which establish that no genuine issues of material fact exist regarding (i) when each Plaintiff's cause of action accrued, or (ii) that the relevant limitations period have expired. Because Cook's reasons for summary judgment on Plaintiffs' implied warranty, loss of consortium, and punitive damages claims are tethered to its statute of limitations argument, they all fail for the same reasons. Cook's complaints about Plaintiffs pleadings lack merit, and, in any event, do not warrant dismissal.

Finally, the statute of limitations has been tolled for the Virginia Plaintiffs under Section 8.01-249(9) of the Virginia Code, and has been tolled for both the Virginia and Michigan Plaintiffs by reason of Cook's fraudulent concealment. For these reasons, Plaintiffs pray that this Court Deny Cook's motion in its entirety. Alternatively, Plaintiffs respectfully request that this Court defer Cook's motion until such time as adequate discovery may be conducted as set forth herein.

Dated: October 3, 2019                    Respectfully submitted,

                                          /s/ Arati C. Furness
                                          **Arati C. Furness**
                                          Texas Bar No. 24094382
                                          California Bar No. 225435
                                          afurness@fnlawfirm.com
                                          **Matthew R. McCarley**
                                          Texas Bar No. 24041426
                                          mccarley@fnlawfirm.com
                                          **FEARS NACHAWATI, PLLC**
                                          5473 Blair Rd
                                          Dallas, Texas 75231
                                          Tel. (214) 890-0711
                                          Fax (214) 890-0712

                                          **ATTORNEY FOR THE PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Arati C. Furness*
**Arati C. Furness**