IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                       MDL No. 2570

This Document Relates to Plaintiff(s):

    JERMAINE PIERSON
    Civil Case No. 1:17-cv-03284-RLY-TAB

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE COOK DEFENDANTS' OMINBUS MOTION FOR SUMMARY JUDGEMENT BASED ON APPLICABLE STATUTE OF LIMITATIONS

COMES NOW Plaintiff Jermain Pierson ("Plaintiff"), by and through the undersigned counsel, and files this Response in Opposition to Defendants' Renewed Omnibus Motion for Summary Judgment (Dkt. 11725).[1]  Defendants have prematurely brought their motion prior to commencement of any discovery and their reliance on the Categorization Forms in support of their motion is inappropriate.  Even if Defendants are permitted to rely on Plaintiff's Case Categorization Forms, his claims are still timely.  Accordingly, for the reasons set forth herein, Defendants' Renewed Motion should be denied.[2]

**I.      Plaintiff's Statement of Undisputed Facts**

_____

[1] The Defendants are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe Aps (collectively, "Defendants")

[2] Plaintiff incorporates by reference the "Response of Plaintiffs' Steering Committee to the Cook Defendants Renewed Omnibus Motion for Summary Judgment on Limitations" filed on October 3, 2019.

1.      On October 2, 2018, the Court entered its Categorization and Screening Order (Dkt. 9322), ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

2.      The Court has also instructed the parties that, "This Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose." (Dkt. 9638-1 at ¶ 4).

3.      Defendants have not evaluated the entirety of Plaintiff's medical records, served requests for admission, or taken any deposition in this case.

## II.     Relevant Facts and Procedural History

Plaintiff's Short Form Complaint ("SFC") was filed on September 15, 2017. *See* Declaration of Benjamin A. Bertram, Exhibit A, at ¶3.   Plaintiff's Case Categorization Form ("CCF") was served on December 22, 2018, identifying Category 5 (failed retrieval) and Category 6 (asymptomatic perforation) injuries. *Id.*, at ¶4, Exhibit A-1.  On or about April 2019, the undersigned counsel received 665 pages of additional records from Eastern Idaho Regional Medical Center. *Id.*, at ¶5.  These records were forwarded to counsel for Defendants on October 2, 2019. *Id.*, ¶4, Exhibit A-2.  Additionally, an Amended CCF based on Filter Migration and DVT injuries has been submitted along with medical records, as these are the "highest" categories of injuries.  *Id.*, at ¶7, Exhibit A-3.

## III.    Standard of Review

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.

R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he substantive law will identify which facts are material" and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.* A court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. *See id.* at 249. A genuine issue exists if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. *See id.*

## IV.   <u>ARGUMENT</u>

### A.   **Cook's Motion for Summary Judgment should be denied because it is premature.**

Federal Rule of Civil Procedure 56(c) mandates that motions for summary judgment must be supported by factual contentions found in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Notably, in the absence of discovery, Defendants are unable to frame their motion for summary judgment with "great specificity" since "the ground for such specificity has not yet been laid." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003); *see also El-Shabazz v. Wehrmeyer*, 2019 WL 1675700, at *5 (S. D. Ind. Apr. 17, 2019) ("Thus far, no discovery has taken place, so summary judgment would be premature."). In the instant matter, Defendants have yet to evaluate the entirety of Plaintiff's medical records, serve a single interrogatory or request for admission, or take any deposition. Thus, Defendants cannot plausibly petition the court to evaluate the presence of any issues of material fact when the record is completely void of those

facts. However, providing adequate time for case-specific discovery ensures that each party has the opportunity to determine the existence of any genuine issues of material fact.

For instance, as revealed in the second bellwether trial, *Tonya Brand v. Cook, et al.*, 1:14-cr-6018 (S.D. Ind. Jan. 14, 2019), numerous factual contentions and evidence indicate Defendants actively misrepresented and concealed from Ms. Brand and her physicians the significant risks associated with the IVC filters. This revelation, however, was not available to Ms. Brand until after the conclusion of discovery:

In 2004, Defendants conducted a scientific animal study, VCA1, to evaluate the Celect filter's percentage of penetration of the caval wall in sheep. (*See Tonya Brand v. Cook, et al.*, 1:14-cr-6018 (S.D. Ind. Jan. 14, 2019), Trial Tr. Vol. 1 at 422:8-22). Though the VCA1 study revealed that "13% showed penetration of the caval wall", Defendants reported to the FDA that there were **no** perforations. (*Id.* at 422:23-423:10) (emphasis added).

In another animal study, the Zaragoza study, Defendants tested the design of the Celect filter in six sheep. (*Id.* at 431:4-15). The Zaragoza study revealed that four out of the six Celect filters had perforations. *Id.* Notably, three separate animal studies (in 2004, 2005, and 2008) showed perforations in the animals of the IVC. (*Id.* at 443:15-18). Despite this knowledge, Defendants failed to report this information to the FDA. (*Id.* at 432:1-3).

Even more so, Defendants' own executive summary yielded the conclusion that, "The risk analysis and the clinical evaluation have identified some safety concerns associated with the new design of the filter." (*Id.* at 451:13-19). For example, during the design phase, Defendants defined "perforation" in a way that was beyond the scope of any previous standard or study as opposed to the standard definition in the field. (*Id.* at 538:6-21). Additionally, Defendants failed

to implement definitive tests that allowed perforations to be detected during testing. (*Id*. at 543:5-23).

In fact, upon selling their IVC filters, Defendants were receiving numerous complaints about perforations and catastrophic damage, including death. (*Id*. at 493:4-494:8). Even in the midst of clear safety concerns with patients, Defendants' primary concern was that the filter was costing business. (*Id*. at 486:15-18).

As established *supra*, it is undeniable that there is evidence of fraud and concealment in the *Brand* bellwether case. However, both parties must be afforded the opportunity to engage in case-specific discovery to determine what—if any—connection exists between Defendants' actions and Plaintiff in the instant matter. Because neither party has yet to be afforded this opportunity, Defendants' premature motion for summary judgment should be denied.

Furthermore, as noted in the Manual for Complex Litigation, "In other cases, however, **particularly those involving "mature" mass torts**, the judge and parties prefer at the outset to discover **plaintiff-specific information** or to conduct discovery from plaintiffs concurrently with discovery from the defendants." (MCL 4th § 22.8) (emphasis added). In fact, "**individual discovery** of all plaintiffs" is necessary when years of litigation has failed to produce a global settlement. (*See id*. at § 22.81) (emphasis added). Moreover, after the completion of common discovery, the MDL court should arrange for case-specific discovery to occur in plaintiffs' home states. (*See id*. at § 22.32); *In re Orthopedic Bone Screw Prods. Liab. Litig*., MDL No. 1014, 1998 WL 118060, at *1 (E.D. Pa. Jan. 12, 1998) (remanding case after managing all aspects of civil procedure and discovery). This honorable Court has expended years managing this mature, complex litigation, including general discovery and several bellwether trials. However, in the

absence of case-specific discovery, a fully informed decision on the merits is simply unattainable. Thus, Defendants' premature motion for summary judgment should be denied.[3]

**B.      Defendants' Motion for Summary Judgment should be denied because they may not rely on Categorization Forms in support of their arguments.**

Defendants cannot be allowed to use the Case Categorization Form in support of their motion for summary judgment. The instructions for the Categorization Case Form ("CCF") clearly states "This Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan **only and is not admissible and is not to be considered relevant for any other purpose**." (Dkt. 9638-1 at ¶ 4) (emphasis added). Accordingly, Plaintiff's counsel relied upon—acted in accordance with—the assurance that the categorization forms would not be used for any other purpose. Thus, Defendants' reliance upon the CCF is inappropriate and should not be accepted by the Court. Moreover, Defendants have not pointed to any other information in the record that demonstrates there are no genuine issues of material fact. In fact, Plaintiff's Amended CCF alleges injuries that are not even the basis of the current motion. *See* Exhibits A-1 and A-3. In fairness to Defendants, the records forming the basis of Plaintiff's allegations of filter migration and DVT were not provided until yesterday. Nonetheless, this fact pattern by itself demonstrates why Defendants' reliance on CCFs for summary judgment purposes is problematic. Because Defendants' reliance on the Categorization Form is misplaced and does not provide an adequate record, their motion for summary judgment should be denied.

---

[3] Plaintiff further posits that case-specific discovery should occur in her home state. It is well established that the court has the discretionary power to remand "when everything that remains to be done is case-specific." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp.2d 1196, 1197-98 (S.D. Ind. 2001) (citing *In re Patenaude*, 210 F.3d 135, 145 (3rd Cir. 2000)). Because only case-specific discovery and motion practice remain in Plaintiff's case, the Court should deny Defendant's motion for summary judgment.

### C.    Plaintiff's claims were filed in a timely fashion

Idaho has a general two-year statute of limitations for personal injury actions. *See* I.C. § 5-219(4).  Like many states, Idaho recognizes exceptions to the general two-year time limit: fraudulent concealment[4] and equitable estoppel.[5]

The Master Complaint filed in this multi-district litigation asserts that Cook misrepresented and/or concealed multiple material facts. *See* ¶ 116.   It also invokes the doctrine of equitable estoppel and includes allegations of fraudulent concealment. *See* ¶¶ 195-200. Plaintiff's Short Form Complaint incorporated these paragraphs by reference.  The knowledge possessed by any Plaintiff in this MDL must be analyzed in light of the nature of the claims.  The learned intermediary doctrine will apply in this case, under which the manufacturer's duty to warn flows to a physician rather than the patient. *See Walton v. Bayer Corp.*, 643 F.3d 994, 999-1000.  No matter how diligent Plaintiff was in seeking information, his information was limited by what was available to his physicians.  We do not know what Plaintiff's physicians will testify to because none of them have been deposed.  Plaintiff has not been given an opportunity to testify as to when he first believed he was injured by the filter.  The Categorization Form was never intended to be a pleading or admissible evidence.   This is another fact that highlights the premature nature of Defendant's Renewed Motion.

### CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary Judgment.  In addition, Plaintiff requests all other and further relief as the Court deems just and proper.

---

[4] *See Thierault v. A.H. Robins Co., Inc.*, 108 Idaho 303, at 305 (1985).
[5] *See Twin Falls Clinic and Hospital Bldg. v. Hamill*, 103 Idaho 19, 644 P.2d 341 (1982).

Dated:  October 3, 2019         Respectfully submitted,

**BERTRAM & GRAF, L.L.C.**

/s/ Benjamin A. Bertram
Benjamin A. Bertram, MO Bar #56945
2345 Grand Boulevard, Suite 1925
Kansas City, MO 64108
Telephone: (816) 523-2205
Facsimile:  (816) 523-8258
benbertram@bertramgraf.com

***Attorney for Plaintiff James Pierson***

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

 /s/ Benjamin A. Bertram_____
*Attorney for Plaintiff*