UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE COOK MEDICAL, INC., IVC FILTERS      Case No. 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES AND      MDL No. 2570
PRODUCTS LIABILITY LITIGATION

---

This document relates to:
*Kathleen Robinson v. Cook et al.*
*1:19-cv-00746-RLY-TAB*

---

**PLAINTIFF KATHLEEN ROBINSON'S MEMORANDUM IN OPPOSITION TO COOK
DEFENDANTS' RENEWED OMNIBUS MOTION FOR SUMMARY JUDGMENT
BASED ON APPLICABLE STATUTE OF LIMITATIONS**

COMES NOW Plaintiff Kathleen Robinson and hereby submits this response in

opposition to Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical

Incorporated), and William Cook Europe ApS' (collectively referred to as "Defendants")

Renewed Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations.

Defendants have prematurely brought their motion prior to the commencement of any discovery,

and their reliance on the Categorization Forms in support of their motion is inappropriate.

Accordingly, for the reasons set forth herein, Defendants' motion should be denied.

**I.**      **Plaintiff's Statement of Undisputed Facts**

1.      On October 2, 2018, the Court entered its Categorization and Screening Order

(*See* Docket Entry 9322), requiring all MDL plaintiffs to classify their cases in one of seven

categories and to support those selections with specific medical records.

2.      The Court also instructed the parties that, "This Case Category Submission is for

the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening

Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose." (*See* Docket Entry 9638-1 at ¶ 4).

3.       Defendants have not or taken case-specific any depositions of the Plaintiff or her treating doctors nor have they cited to any discovery to appropriately rely on for their instant motion.

## II.       Summary Judgement Standard of Review

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he substantive law will identify which facts are material" and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.* A court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. *See id.* at 249. A genuine issue exists if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. *See id.*

## III.      Defendants' Motion for Summary Judgment should be denied because it is premature.

Federal Rule of Civil Procedure 56(c) mandates that motions for summary judgment must be supported by factual contentions found in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Notably, in the absence of discovery, Defendants are unable to frame their

motion for summary judgment with "great specificity" since "the ground for such specificity has not yet been laid." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003); *see also El-Shabazz v. Wehrmeyer*, 2019 WL 1675700, at *5 (S. D. Ind. Apr. 17, 2019) ("Thus far, no discovery has taken place, so summary judgment would be premature."). Defendants have yet to evaluate the entirety of Plaintiff's record.  Not the Plaintiff or her treating doctors have been deposed nor have the Defendants cited to any discovery to appropriately rely on for their instant motion. Thus, Defendants cannot plausibly petition the court to evaluate the presence of any issues of material fact when the record is completely void of those facts. However, providing adequate time for case-specific discovery ensures that each party has the opportunity to determine the existence of any genuine issues of material fact.

For instance, as revealed in the second bellwether trial, *Tonya Brand v. Cook, et al*., 1:14-cr-6018 (S.D. Ind. Jan. 14, 2019), numerous factual contentions and evidence indicate Defendants actively misrepresented and concealed from Ms. Brand and her physicians the significant risks associated with the IVC filters. This revelation, however, was not available to Ms. Brand until after the conclusion of discovery:

In 2004, Defendants conducted a scientific animal study, VCA1, to evaluate the Celect filter's percentage of penetration of the caval wall in sheep. (*See Tonya Brand v. Cook, et al.*, 1:14-cr-6018 (S.D. Ind. Jan. 14, 2019), Trial Tr. Vol. 1 at 422:8-22). Though the VCA1 study revealed that "13% showed penetration of the caval wall", Defendants reported to the FDA that there were **no** perforations. (*Id.* at 422:23-423:10) (emphasis added).

In another animal study, the Zaragoza study, Defendants tested the design of the Celect filter in six sheep. (*Id*. at 431:4-15). The Zaragoza study revealed that four out of the six Celect

filters had perforations. *Id.* Notably, three separate animal studies (in 2004, 2005, and 2008) showed perforations in the animals of the IVC. (*Id.* at 443:15-18). Despite this knowledge, Defendants failed to report this information to the FDA. (*Id.* at 432:1-3).

Even more so, Defendants' own executive summary yielded the conclusion that, "The risk analysis and the clinical evaluation have identified some safety concerns associated with the new design of the filter." (*Id.* at 451:13-19). For example, during the design phase, Defendants defined "perforation" in a way that was beyond the scope of any previous standard or study as opposed to the standard definition in the field. (*Id.* at 538:6-21). Additionally, Defendants failed to implement definitive tests that allowed perforations to be detected during testing. (*Id.* at 543:5-23).

In fact, upon selling their IVC filters, Defendants were receiving numerous complaints about perforations and catastrophic damage, including death. (*Id.* at 493:4-494:8). Even in the midst of clear safety concerns with patients, Defendants' primary concern was that the filter was costing business. (*Id.* at 486:15-18).

As established *supra*, it is undeniable that there is evidence of fraud and concealment in the *Brand* bellwether case. However, both parties must be afforded the opportunity to engage in case-specific discovery to determine what—if any—connection exists between Defendants' actions and Plaintiff in the instant matter. Because neither party has yet to be afforded this opportunity, Defendants' premature motion for summary judgment should be denied.

Furthermore, as noted in the Manual for Complex Litigation, "In other cases, however, **particularly those involving "mature" mass torts**, the judge and parties prefer at the outset to discover **plaintiff-specific information** or to conduct discovery from plaintiffs concurrently with discovery from the defendants." (MCL 4th § 22.8) (emphasis added). In fact, "**individual**

**discovery** of all plaintiffs" is necessary when years of litigation has failed to produce a global settlement. (*See id*. at § 22.81) (emphasis added). Moreover, after the completion of common discovery, the MDL court should arrange for case-specific discovery to occur in plaintiffs' home states. (*See id.* at § 22.32); *In re Orthopedic Bone Screw Prods. Liab. Litig*., MDL No. 1014, 1998 WL 118060, at *1 (E.D. Pa. Jan. 12, 1998) (remanding case after managing all aspects of civil procedure and discovery). Furthermore, where discovery is needed regarding individual issues (i.e. a Plaintiff's knowledge regarding their injury), it is common practice to conduct such discovery "after remand." (MCL 4th § 11.62); *see also Sterling v. Velsicol Chem. Corp*., 855 F.2d 1188, 1200 (6th Cir. 1988). This honorable Court has expended years managing this mature, complex litigation, including general discovery and several bellwether trials. However, in the absence of case-specific discovery, a fully informed decision on the merits is simply unattainable. Thus, Defendants' premature motion for summary judgment should be denied.[1]

## IV. Defendants' Motion for Summary Judgment should be denied because they may not rely on Categorization Forms in support of their arguments.

Defendants cannot use the Categorization Case Form in support of their motion for summary judgment. The instructions for the Categorization Case Form clearly states "This Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan **only and is not admissible and is not to be considered relevant for any other purpose**." (*See* Docket Entry 9638-1 at ¶ 4) (emphasis added). Accordingly, Plaintiff's counsel relied upon—acted in accordance with—the assurance that the categorization forms would not be used for any other

---

[1] Plaintiff further posits that case-specific discovery should occur in her home state. It is well established that the court has the discretionary power to remand "when everything that remains to be done is case-specific." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp.2d 1196, 1197-98 (S.D. Ind. 2001) (citing *In re Patenaude*, 210 F.3d 135, 145 (3rd Cir. 2000)). Because only case-specific discovery and motion practice remain in Plaintiff's case, the Court should deny Defendant's motion for summary judgment.

purpose. Thus, Defendants' reliance upon the Categorization form is inappropriate and should not be accepted by the Court. Because Defendants' reliance on the Categorization Form is misplaced, their motion for summary judgment should be denied.

**V.      Conclusion**

For the reasons set forth herein, Defendants' premature motion for summary judgment should be denied.

Date: October 3, 2019

Respectfully submitted,

**WEITZ & LUXENBERG, P.C.**

By: */s/ Jonathan M. Sedgh* _____

Jonathan M. Sedgh
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461
jsedgh@weitzlux.com
***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Jonathan M. Sedgh*

Jonathan M. Sedgh