IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Scott Versluis v. CR Bard et al. -1:17-cv-00266-TWP-MJD
Latoya Barrett v. C.R. Bard et al. – 1:17-cv-1:17-cv-00128-SEB-DML

**PLAINTIFFS' REPONSE TO COOK DEFENDANTS' RENEWED
OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON APPLICABLE
STATUTE OF LIMITATIONS FROM FIVE STATES AND AGREEMENT TO DISMISS**

COME NOW Plaintiffs Scott Versluis and Latoya Barrett, by and through their attorneys of record and file this response to Cook Defendants' Renewed Omnibus Motion for Summary Judgment based on Applicable Statute of Limitations from Five States and Agreement to Dismiss and as grounds therefore would respectfully show unto the Court the following:

**I.
RESPONSE**

The Cook Defendants filed this Renewed Omnibus Motion on September 9, 2019.  [Doc. 11725].  Among the 144 claimants the Defendants have included in the Motion are Plaintiffs Scott Versluis and Latoya Barrett.  Scott Verluis and Latoya Barrett each have a Cook IVC filter that is still implanted in their body, and each has been through a failed retrieval attempt.

The Plaintiffs expressly deny that the Statutes of Limitations are expired with regard to each of their causes of action.  In addition, the Plaintiffs deny that Defendants' Motion  contains an accurate statement of the law.  The Plaintiffs also deny that the Cook Defendants have met their

burden to establish the statute of limitations defense as a matter of law in each of their individual causes of action.

However, at this time the Plaintiffs have determined that they will not contest the remedy requested by the Defendants and will agree to dismissal of the claims under the terms requested by the Cook Defendants, specifically:

1. Plaintiffs' claims for the failed retrieval attempts documented in the Plaintiffs' Short-Form Complaints, PPS Forms, and Categorization Forms which are on file or have been served on the Defendants as of this date are dismissed with prejudice; and,

2. The dismissals are entered without prejudice to the Plaintiffs refiling in the event of a future injury, provided any such cases are filed in the Southern District of Indiana within the applicable statute of limitations period.

## II.
## AGREED DISMISSAL

Plaintiffs Scott Versluis and Latoya Barrett respectfully request that their claims be dismissed pursuant to the terms of the remedy requested by the Cook Defendants and that the court enter an order in each of their individual causes of action which provides:

1. The Plaintiff's claims for the failed retrieval attempt documented in the Plaintiff's Short-Form Complaint, PPS Form, and Categorization Form which are on file or have been served on the Defendants as of this date are dismissed with prejudice;

2. The dismissal is entered without prejudice to the Plaintiff refiling in the event of a future injury, provided any such case is filed in the Southern District of Indiana within the applicable statute of limitations period; and

3. Parties will bear their own costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Scott Verluis and Latoya Barrett respectfully pray that their causes of action be dismissed pursuant to the terms requested by the Cook Defendants in their Renewed Omnibus Motion for Summary Judgment based on Applicable Statute of Limitations from Five States.

Dated: October 4, 2019

/s/ Thomas Wm. Arbon
Ben C. Martin, Bar No. 13052400
Thomas Wm. Arbon, Bar No. 01284275
**MARTIN | BAUGHMAN, PLLC**
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com
tarbon@martinbaughman.com

*Attorneys for Plaintiffs SCOTT VERSLUIS and LATOYA BARRETT*

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 3, 2019, I contact counsel for the Cook Defendants by email to discuss filing an agreed stipulation of dismissal in each of the above referenced causes of action. I emailed a proposed Agreed Stipulation of the Dismissal to defense counsel which contained the same terms for dismissal that are sought as the remedy in their motion. On October 4, 2019, I was informed that Cook would only agree to a stipulation of dismissal that was a blanket dismissal of all claims with prejudice. Plaintiff's believe that such a request would require the Plaintiff to concede to much more expansive relief than was ever requested by Cook in their motion. Plaintiffs' request the Court grant the dismissal based upon the terms presented in Cook's motion and agreed to by Plaintiffs in their response.

/s/ Thomas Wm. Arbon
Thomas Wm. Arbon

## CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                  */s/ Thomas Wm. Arbon*
                                                  Thomas Wm. Arbon