UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Hanners, et al. v. Cook, et al. 1:19-cv-02031

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS**

COMES NOW, Plaintiffs Cynthia and Dustin Hanners ("Plaintiffs"), by and through counsel, and submits this Response in Opposition to Defendants' Omnibus Motion for Summary Judgment Based on Statute of Limitations, and in support thereof states as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant Cook's motion should be denied as to Plaintiffs because a genuine issue of material fact exists under Michigan law regarding Defendants' fraudulent concealment as well as breach of warranty and Defendant Cook has not met its burden of establishing its defense regarding the statute of limitations. Here, defendants have not taken a single deposition in this case or served any interrogatories, or reviewed all of Plaintiffs' medical records. Here, the medical records that were submitted along with the Case Categorization form showed that Plaintiff Cynthia Hanners' filter was occluded prior to its removal on July 6, 2011, and therefore supported the category marked by Plaintiffs. However, the records do not indicate the filter is defective in any way or that the issues were caused by any such defect, and therefore never put Plaintiffs on notice of any issue with the filter that is the subject of this lawsuit. Moreover,

Plaintiffs' short form complaint incorporates the Master Complaint in MDL No. 2570 by reference which sets forth allegations against the Cook Defendants for fraudulent concealment, equitable estoppel and equitable tolling. Plaintiffs' short form complaint also includes claims for breach of warranty. Because of the aforementioned reasons, Defendants' motion must be denied.

## ARGUMENT

**I.      Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant also "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. A.H. Robbins Co.,* 766 F.2d 1102, 1104 (7th Cir. 1985). When considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

**II.     For Choice of Law Analysis, Seventh Circuit Precedent Holds that Foreign Cases Filed Directly in a Multidistrict Litigation Are Treated as Having Originated Outside of the MDL District, and Therefore Indiana Choice of Law Rules, Nor Indiana Law, Apply to Plaintiffs' Case.**

As a threshold matter, Indiana choice of law rules and Indiana law do not apply when determining the applicable statute of limitations in a multidistrict litigation. The Seventh Circuit has held, "[F]oreign cases filed directly in a district court as part of an ongoing multidistrict

2

litigation are treated as having originated <u>outside</u> of that district." *Dobbs v. DePuy Orthopedics, Inc.,* 842 F.3d 1045, 1048 (7th Cir. 2016) (emphasis added), citing with approval *In re Watson Fentanyl Patch Prods. Liab. Litig.,* 977 F.Supp.2d 885, 888-89 (N.D. Ill. 2013) (in direct filed product liability case, MDL court applied the law of the state where the Plaintiffs purchased and used the prescribed product, <u>not</u> the MDL forum); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011) (similarly applying the law of the state where Plaintiffs purchased and used the product rather than the MDL forum in foreign direct filed cases). Tellingly, Defendants' Motion for Summary Judgment ignores the Seventh Circuit's holding in *Dobbs*. The Court should reject Defendants' erroneous choice of law argument, refuse to apply Indiana law to Plaintiffs' foreign direct filed case, and deny Defendants' Motion for Summary Judgment.[1]

### III.    Plaintiffs Filed Their Personal Injury Claims within Virginia's Statute of Limitations, and Defendants' Motion Is Severely Premature.

Plaintiffs' home state of Michigan recognizes a claim for fraudulent concealment. When "a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim," then the action "may be commenced at any time within 2 years after the person who is entitled to bring the action discovers or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations." MCL § 600.5855. *See also Bearup v. General Motors Corp*., Nos. 272654, 272666, 2009 WL 249456, *5-6 (Mich. Ct. App. Feb. 3, 2009) (citing and discussing this provision).

---

[1] Plaintiffs incorporate by reference the Response of Plaintiffs' Steering Committee to the Cook Defendants' Renewed Omnibus Motion for Summary Judgment, which provides a more detailed analysis of the choice of law argument made herein.

Although Defendants have not deposed Plaintiffs and has engaged in very limited discovery, the facts show that Defendants concealed material facts from implanting physicians and their patients regarding the defective nature of the IVC filter. These implanting physicians and patients expected the filter to be safe for implantation and relied on Defendants' representations indicating as much. Defendants had knowledge of the actual facts that the filters were defective and not suitable for permanent implantation.

Plaintiffs home state of Michigan also recognizes a discovery rule for Plaintiffs' breach of warranty claims. It provides that "[i]n actions for breach of a warranty ofquality or fitness the claim accrues at the time the breach of warranty is discovered or reasonably should be discovered." MCL § 600.5833. *See also, Bearup*, 2009 WL 249456, at *6 (citing this provision).

To the extent that Defendants relies on Plaintiffs' Case Categorization Form as support, Plaintiffs respectfully submits that Defendants' reliance on the Form is improper here. Among other things, the Form states that it "is not admissible and is not to be considered relevant for any other purpose." The agreement between the parties further provides that the "Case Category Submission is for the purpose of complying with the Court's Order on Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

Accordingly, Defendant Cook's motion for summary judgment on the statute of limitations should be denied as to Plaintiffs.

## **CONCLUSION**

For these reasons, Plaintiff Rodney Sevelis respectfully requests that this Court deny Defendant Cook's motion for summary judgment as to him and grant him all other relief the Court deems just and proper.

| | |
|---|---|
| Dated: October 3, 2019 | /s/ Christopher K. Johnston<br>Christopher K. Johnston<br>LAW OFFICE OF CHRISTOPHER K. JOHNSTON, LLC<br>268 Ponce de Leon Ave, Ste 1020<br>San Juan, PR 00918<br>Phone: (415) 744-1500<br>Fax: (415) 202-6264<br>kyle@masstortslaw.com<br><br>*Attorney for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Christopher K. Johnston
Christopher K. Johnston