UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Sherrie Phillips v. Cook, et al. 1:18-cv-00549

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS**

COMES NOW, Plaintiff Sherrie Phillips ("Plaintiff"), by and through counsel, and submits this Response in Opposition to Defendants' Omnibus Motion for Summary Judgment Based on Statute of Limitations, and in support thereof states as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendants' Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations is premature and does not accurately represent the law in the Commonwealth of Virginia. Additionally, Defendants base their motion on documents submitted solely in support of the Case Categorization form required by the Court. Defendants have not taken a single deposition in this case or served any interrogatories, or reviewed all of Plaintiff's medical records. Here, the medical records that were submitted along with the Case Categorization form showed that Plaintiff's filter was occluded prior to its removal on November 5, 2014, and therefore supported the category marked by the Plaintiff. However, the records do not indicate the filter is defective in any way or that the issues were caused by any such defect, and therefore never put the Plaintiff on notice of any issue with the filter that

is the subject of this lawsuit. Plaintiffs will offer expert testimony to support the fact that Plaintiff's injuries are caused by a defect of the filter, and would produce the complete medical records as part of the normal discovery process. Therefore, Defendants' motion must be denied as based on incomplete law and severely premature.

## ARGUMENT

### I.   Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant also "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. A.H. Robbins Co.,* 766 F.2d 1102, 1104 (7th Cir. 1985). When considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

### II.   For Choice of Law Analysis, Seventh Circuit Precedent Holds that Foreign Cases Filed Directly in a Multidistrict Litigation Are Treated as Having Originated Outside of the MDL District, and Therefore Indiana Choice of Law Rules, Nor Indiana Law, Apply to Plaintiff's Case.

As a threshold matter, Indiana choice of law rules and Indiana law do not apply when determining the applicable statute of limitations in a multidistrict litigation. The Seventh Circuit has held, "[F]oreign cases filed directly in a district court as part of an ongoing

multidistrict litigation are treated as having originated <u>outside</u> of that district." *Dobbs v. DePuy Orthopedics, Inc.,* 842 F.3d 1045, 1048 (7th Cir. 2016) (emphasis added), citing with approval *In re Watson Fentanyl Patch Prods. Liab. Litig.,* 977 F.Supp.2d 885, 888-89 (N.D. Ill. 2013) (in direct filed product liability case, MDL court applied the law of the state where the Plaintiff purchased and used the prescribed product, <u>not</u> the MDL forum); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011) (similarly applying the law of the state where Plaintiff purchased and used the product rather than the MDL forum in foreign direct filed cases). Tellingly, Defendants' Motion for Summary Judgment ignores the Seventh Circuit's holding in *Dobbs*. The Court should reject Defendants' erroneous choice of law argument, refuse to apply Indiana law to Plaintiff's foreign direct filed case, and deny Defendants' Motion for Summary Judgment.[1]

### III. Plaintiff Filed Her Personal Injury Claims within Virginia's Statute of Limitations, and Defendants' Motion Is Severely Premature.

Defendants' argument regarding the Virginia statute of limitations is misplaced. It is correct that Virginia imposes a two-year statute of limitations on personal injury claims. Va. Code Ann. § 8.01-230. However, Defendants cite to a 1998 District Court case for their entire, albeit short, argument that Virginia does not have a discovery rule. This case was decided before Virginia statute was amended to include a discovery rule specifically for personal injury cases involving medical devices. A simple glance at the Virginia code section defining accrual of certain actions would reveal the amendment. It is disturbing that Defendants would file a motion for summary judgment for all Virginia cases in this MDL based on bad law.

---

[1] Plaintiffs incorporate by reference the Response of Plaintiffs' Steering Committee to the Cook Defendants' Renewed Omnibus Motion for Summary Judgment, which provides a more detailed analysis of the choice of law argument made herein.

Virginia law clearly states a cause of action shall be deemed to accrue "[i]n products liability actions…for injury to the person resulting from or arising as a result of the implantation of any medical device, **when the person knew or should have known of the injury and its causal connection to the device**." Va. Code Ann. § 8.01-249(9) (emphasis added). Not only would the Virginian plaintiff have to know about the injury, he or she would also have to know about the causal connection to the device in question.

Here, the Defendants rely solely on incomplete medical records that were submitted to support the Case Categorization form to show that the filter was occluded prior to its removal on November 5, 2014. Noticeably, the records fail to mention that the filter is defective in nature, nor did Plaintiff have any reasonable way of knowing this fact until seeing an attorney advertisement about potential filter failures. In fact, Plaintiff did not discover her injuries could be related to the device itself until June of 2017. Plaintiff filed her case on February 26, 2018, well within the Virginia statute of limitations.

Additionally, Defendants claim that this Court should rule based solely on a limited number of medical records. These medical records in no way convey any information regarding Plaintiffs' knowledge of the causal connection of her injuries to the defective nature of Defendants' IVC filter. Through the discovery process, Plaintiff's complete medical records, along with testimony of her physician(s), will show that she was never led to believe the filter itself was defective. However, Defendants chose to file their motion without a complete understanding of the facts. Defendants have not noticed a single deposition in this case, nor propounded any discovery. As such, this Court should reject Defendants' Motion for Summary Judgment.

## CONCLUSION

Given the Commonwealth's clear caselaw regarding the accrual of personal injury cases involving medical devices, Plaintiff filed this action well within the Virginia statute of limitations. Therefore, for the foregoing reasons Plaintiff respectfully requests that this Court to deny Defendants' Motion for Summary Judgment and grant Plaintiff any relief that this Court deems appropriate.

Dated: October 3, 2019                /s/ Christopher K. Johnston
                                      Christopher K. Johnston
                                      LAW OFFICE OF CHRISTOPHER K.
                                      JOHNSTON, LLC
                                      268 Ponce de Leon Ave, Ste 1020
                                      San Juan, PR 00918
                                      Phone: (415) 744-1500
                                      Fax: (415) 202-6264
                                      kyle@masstortslaw.com

                                      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

                                      /s/ Christopher K. Johnston
                                      Christopher K. Johnston