UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the following cases:

1:17-cv-04339, Perry Sylvain v. Cook Incorporated et al.
1:17-cv-04345, James Cooper v. Cook Incorporated et al.
1:17-cv-04200, Kristi Craft v. Cook Incorporated et al.
1:17-cv-04340, Larry John Vaughan, Jr. v. Cook Incorporated et al.
1:17-cv-01697, Joshua Rich Craig v. Cook Incorporated et al.
1:17-cv-04171, Alma Rodriguez v. Cook Incorporated et al.
1:18-cv-01833, Galen Page Schatzman v. Cook Incorporated et al.
1:18-cv-00647, Arthur Wayne Schermerhorn v. Cook Incorporated et al.

**THE COOK DEFENDANTS' BRIEF IN RESPONSE
TO PLAINTIFF'S MOTION TO SEAL DOCUMENTS**

The Cook Defendants[1] respectfully submit this Brief in Response to Plaintiff's Motion to Seal Documents [Dkt. No. 11560] ("Motion to Seal"). The Cook Defendants urge the Court to grant, in part, and deny, in part, Plaintiff James Cooper's Motion to Seal.

As demonstrated below, the specific medical records at issue and submitted to the Court as exhibits should be filed and maintained under seal for good cause *out of an abundance of caution*. The Cook Defendants do not object to Plaintiff's Motion to Seal in this regard.

However, Plaintiff James Cooper is not entitled to the blanket sealing order he requests with respect to "all medical records of any Plaintiff within this MDL." The Court should deny his Motion to Seal in this regard because he lacks authority to speak on behalf of all plaintiffs,

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

has ignored this Court's local rules and orders, and, most significantly, has failed to demonstrate "good cause" for the broad relief requested.

## DISCUSSION AND ARGUMENT

Plaintiff James Cooper's Motion to Seal requests that the Court seal the medical records submitted as Exhibits 1, 2, and 3 to Defendants' Omnibus Opposition to Motions to Reconsider Dismissals of Their Cases Filed by Twenty-six Plaintiffs [Dkt. No. 11189] and as Exhibit 1 to Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Submit Case Categorization Form and Motion to Reinstate [Dkt. No. 11000]. Motion to Seal, at 3, reqs. 2,3. His Motion to Seal also broadly requests: "entry of an Order to seal any and all further medical records of any Plaintiff within this MDL that Defendants intend on using as an exhibit for filing prior to filing in this MDL;" and "[o]n a going forward basis all medical records of any Plaintiff within this MDL that Defendants intend on using as an exhibit be filed under seal." *Id.* at reqs. 1, 4.

The Cook Defendants do *not* object to sealing the medical records attached as Exhibits 1-5 [Dkt. Nos. 11189-1 through 11189-5] to Defendants' Omnibus Opposition to Motions to Reconsider Dismissals of Their Cases Filed by Twenty-six Plaintiffs ("Defendants' Omnibus Opposition") [Dkt. No. 11189] and as Exhibit 1 [Dkt. No. 11000-1] to Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Submit Case Categorization Form and to Reinstate [Dkt. No. 11000]. The Cook Defendants request that these medical records be filed and maintained under seal for good cause *out of an abundance of caution.*

Plaintiffs' medical history, conditions, and treatment are highly relevant to the issues in their respective cases and relevant medical records do not need to be filed under seal. Indeed,

Case Management Order #7 provides: "Any documents filed in this Court containing PHI ["Protected Health Information"] related to any Party need not be filed under seal *except* to the extent those filed documents contain PHI about the Party that is unrelated to the Party's claim (e.g., a page of a Party's medical record contains relevant PHI and also contains PHI about, for example, an irrelevant sexually transmitted disease)." CMO #7 [Dkt. No. 479] at 4-5.

Nevertheless, the Cook Defendants consistently have filed plaintiffs' medical records under seal *out of an abundance of caution* to protect plaintiffs' interest in their medical privacy.[2] Further, the Cook Defendants consistently have filed motions to maintain under seal and briefs in support of sealing demonstrating good cause as required by this Court's local rules (*see* S.D. Ind. L.R. 5-11) in order to protect the confidentiality of the Cook Defendants' confidential business and commercial information *and* plaintiffs' medical information. *See, e.g.,* Dkt. Nos. 8663, 10003.

Despite the Cook Defendants' general practice of filing plaintiffs' medical records under seal, the medical records (with various personal identifier information redacted) attached as Exhibits 1-5 [Dkt. Nos. 11189-1 through 11189-5] to Defendants' Omnibus Opposition [Dkt. No. 11189] were publicly filed by the Cook Defendants and not supported by a motion to maintain under seal. To correct this, Exhibits 1-5 to Defendants' Omnibus Opposition should be filed and maintained under seal. Also, the Cook Defendants do not object to Plaintiff James Cooper's request that Exhibit 1 [Dkt. No. 11000-1] to Plaintiff's Motion for Reconsideration of

---

[2] Courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe,* 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

the Court's Order Dismissing Plaintiff's Claims for Failure to Submit Case Categorization Form and to Reinstate [Dkt. No. 11000] be filed and maintained under seal. All of these medical records and documents should remain sealed for good cause *out of an abundance of caution* in order to protect plaintiffs' interest in their medical privacy at least until plaintiffs consent to what should be disclosed. *See* fn. 2 *supra*. In accordance with Local Rule 5-11(e)(4), the Cook Defendants have submitted a proposed order maintaining these documents under seal.

Finally, although the Cook Defendants intend to continue their general practice of filing medical records under seal *out of an abundance of caution*, the Cook Defendants respectfully urge the Court to deny Plaintiff Cooper's blanket request for entry of an order sealing *all further medical records of any Plaintiff* within this MDL and that Defendants file *all medical records of any Plaintiff* under seal. The Court should deny Plaintiff Cooper's blanket request for multiple reasons.

Plaintiff Cooper's blanket request should be denied at the threshold because he does not have authority to assert claims of other plaintiffs or speak on behalf of all plaintiffs in this MDL.[3] Further, the "good cause" standard and procedures for sealing of documents are set forth in this Court's local rules. *See* S.D. Ind. L.R. 5-11. Whether a document should be sealed for "good cause" is evaluated on a document by document basis. *See id.* To allow a blanket sealing order as Plaintiff Cooper requests would be contrary to: the public nature of judicial proceedings; CMO #7 - which provides that relevant PHI need *not* be sealed; the local rules of this Court; and the principle that "good cause" must be evaluated and demonstrated on a document by document basis.

---

[3] Plaintiff Cooper's Motion to Seal was *not* brought on behalf of the Plaintiffs' Steering Committee, and Plaintiff Cooper's counsel is *not* a member of any group within Plaintiffs' Leadership Structure. *See* Case Management Order #24 [Dkt. No. 10512].

Mindful of this Court's local rules and orders, the Cook Defendants consistently have filed motions to maintain under seal and briefs in support of sealing - demonstrating good cause for sealing to protect the confidentiality of the Cook Defendants' confidential business and commercial information *as well as plaintiffs' medical information out of an abundance of caution.* This Court should require plaintiffs to do the same. That is, in order for plaintiffs' medical information to be maintained under seal, plaintiffs should be required to comply with S.D. Ind. L.R. 5-11 and demonstrate "good cause" for sealing.

Here, Plaintiff Cooper has failed to satisfy the requirements of S.D. Ind. L.R. 5-11 and has otherwise made no effort to demonstrate good cause. Indeed, Plaintiff Cooper's Motion to Seal never mentions Local Rule 5-11 or good cause. The Court should deny Plaintiff Cooper's request for a blanket sealing order.

## CONCLUSION

For all the foregoing reasons, Plaintiff James Cooper's Motion to Seal should be granted, in part, and denied, in part.

Exhibits 1-5 [Dkt. Nos. 11189-1 through 11189-5] to Defendants' Omnibus Opposition [Dkt. No. 11189] as well as Exhibit 1 [Dkt. No. 11000-1] to Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Submit Case Categorization Form and to Reinstate [Dkt. No. 11000] should be filed and maintained under seal out of an abundance of caution in order to protect plaintiffs' interest in their medical privacy. The Court should grant Plaintiff Cooper's motion in this regard.

However, the Court should deny Plaintiff Cooper's blanket request for entry of an order sealing all further medical records of any plaintiff within this MDL. The Court should require plaintiffs to comply its local rules with respect to sealing (*see* S.D. Ind. L.R. 5-11) and

demonstrate good cause before sealing any medical records or other documents that plaintiffs claim are confidential and merit sealing.

                              Respectfully submitted,

Dated: October 10, 2019

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300-1750
Andrea.Pierson@FaegreBD.com
Jessica.Cox@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802-2322
Telephone: (260) 424-8000
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 10, 2019, a copy of the foregoing The Cook Defendants' Brief in Response to Plaintiff's Motion to Seal Documents was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                        /s/ Andrea Roberts Pierson