IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)

Sebrina Reed

Civil Case# 1:18-cv-01942

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMMARY JUDGMENT RE: "TILT"**

Plaintiff, Sebrina Reed, responds to Defendants' Motion for Summary Judgment, claiming that Plaintiff's allegation of "tilt," as an injury, as a matter of law, does not constitute an "injury," as follows:

1. "A grant of summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). Summary judgment is therefore inappropriate "[w]here contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004). Plaintiffs' only burden is to offer more than a "mere scintilla" of evidence that a factual dispute remains for trial. *Int'l Church of the Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1068 (9th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Id.* at 255.  And, at the summary judgment stage, all record evidence must be viewed in the light most favorable to the non-movant.

2. Defendants cite a lot of law and procedural background, but no facts to affirmatively establish that "tilt," of the subject IVC Filter, without more, constitutes no injury as a matter of law. Defendants have failed to meet their burden of summary judgment proof. A genuine issue of material fact exists as to whether Plaintiffs suffered any "present" harm. Accordingly, Defendants' Motion should be denied.

WHEREFORE, Plaintiff prays that the Court enter an Order denying Defendants' Motion for Summary Judgment and for such other appropriate relief.

Respectfully submitted,

/s/ JOHN T. KIRTLEY, III
John T. Kirtley, III
Texas Bar No. 11534050
2603 Oak Lawn Avenue, Suite 300
P.O. Box 199109
Dallas, Texas 75219
(214) 521-4412
(214) 526-6026 Fax
jkirtley@lawyerworks.com
   Asst. molvera@lawyerworks.com
ivcfiling@lawyerworks.com

ATTORNEY FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ JOHN T. KIRTLEY, III
John T. Kirtley, III