IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This Document Relates to:<br>Plaintiff Jason Snider, 1:17-cv-03614 | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS WITH AFFIDAVIT OF PLANTIFF JASON SNIDER**

Now comes Plaintiff, Jason Snider, by and through Counsel and submits this Response in Opposition to Cook Defendants' Omnibus Motion for Summary Judgment Based on Statute of Limitations.

To avoid repetition to this Court, Plaintiff incorporates the Response of Plaintiffs' Steering Committee to the Cook Defendants' Renewed Omnibus Motion for Summary Judgment. *See* Resp. of Pl.'s Steering Committee to the Cook Defs.' Renewed Omnibus Mot. For Summ. J., filed October 3, 2019. In the Response, Plaintiffs' Steering Committee explained that the Seventh Circuit has black letter law for choice of law analysis. *Id*. The Court found, "foreign cases filed directly in a district court as part of an ongoing multidistrict litigation are treated as having originated *outside* of that district." *Dobbs v. DePuy Orthopedics, Inc.*, 842 F. 3d 1045, 1048 (7th Cir. 2016) (Emphasis Added).[1] Despite precedent, Cook Defendants argue that Indiana choice of

---

[1] Citing with approval *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F. Supp. 2d 885, 888-89 (N.D. Ill. 2013) (in direct filed product liability case, MDL court applied the law of the state where the Plaintiff purchased and used the prescribed product, not the MDL forum); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.*, 2011 WL 1375077, at * 5 (S.D. Ill. April 12, 2011) (similarly applying the law of the state where Plaintiff purchased and used the product rather than the MDL forum in the foreign direct filed cases).

1

law rules and Indiana law apply, because Plaintiffs filed their claims directly in this MDL Court. In addition, Cook Defendants argue that Plaintiff's Express Warranty and Consumer Fraud Claims Fail. For the reasons that Cook Defendants' choice of law argument is improper, Plaintiff did not discover the manufacturing defect until mid to late 2016, and Plaintiff's Master Complaint contains numerous allegations that Cook Defendants had knowledge of the defects and failed to warn doctors and patients.

### ADDITIONAL FACTS

On May 26, 2007, the filter was implanted in Plaintiff. Aff. of Jason Snider, attached as Ex. A. Plaintiff had two failed filter removal attempts on July 18, 2007 and July 25, 2007. *Id*. On October 10, 2010, tests confirmed that legs penetrated the wall and extended into the pancreas and duodenum. *Id*. On March 11, 2011, open surgery was performed to remove Cook Defendants' IVC filter. *Id*. In the course of discussions with his doctors, Plaintiff did not know, nor did he have reason to believe that the surgery was caused by any defect with the IVC filter itself. *Id*. Plaintiff was told that the problem with the filter was just a medical problem that sometimes occurs with IVC filters. *Id*. In mid to late 2016, Plaintiff was told by Dr. Rosalyn Batley that the IVC filter that had been implanted in 2007 may have had a manufacturing defect, which caused Plaintiff's medical issues. *Id*. For the first time, Plaintiff had reason to believe or suspect that the Cook Defendants' IVC filter might have been defective. *Id*. Consequently, Plaintiff timely filed his Complaint on October 10, 2017. *See* Pl. Jason R. Snider's Short Form Compl filed Oct. 10, 2017.

Plaintiff's Master Complaint contains numerous allegations that the Cook Defendants had knowledge of the defects with its' IVC filters yet failed to warn doctors and patients. *See* Master Compl., ¶ 3, 4, 46, 50, 52, 55-58, 77, 81-88, 91, 95, 103-106 and 113-120.

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant also "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. A.H. Robbins Co.,* 766 F.2d 1102, 1104 (7th Cir. 1985). When considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

**ARGUMENT**

**I.   Indiana's Statute of Limitations Does Not Apply to Plaintiff's Case.**

Plaintiff reincorporates all of the arguments contained in Plaintiffs' Steering Committee's Response. *See* Resp. of Pl.'s Steering Committee to the Cook Defs.' Renewed Omnibus Mot. For Summ. J., filed October 3, 2019. Assuming *arguendo*, Cook Defendants' choice of law arguments prevail, which it should not, Plaintiff's claims should not be dismissed.

Indiana law adopts the discovery rule in products liability cases. *Degussa Corp. v. Mullens*, 744 N.E. 2d 407, 410 (In. 2001). The date begins to run "from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Id*. Plaintiff was not aware and did not discover that Cook Defendants' IVC

filter might have been defective until mid to late 2016. Plaintiff then filed his Complaint in October 2017, well within the two-year statute of limitations.

**II.     Under Ohio Law the Discovery Rule Applies and Plaintiff's Claims are Timely.**

At the time of removal and surgery, Plaintiff was wholly unaware that there was any connection between the need for removal and the IVC filter itself. Plaintiff was told by his doctors that there was a medical problem, but was not told that the problem was due to the IVC filter itself. Cook Defendants' claims that the statute of limitations started running on the exact date of the procedure are incorrect, as Ohio has adopted the discovery rule.

The Ohio Supreme Court, held "that a plaintiff must bring his action within two years of either the date he was informed by competent medical authority that he had been injured, or the date he should have discovered the injury." *Cacciacarne v. G.D. Searle & Co.*, 908 F. 2d 95, 97 (6th Cir. 1990) citing *O'Stricker v. Jim Walter Corp.*, 4 Ohio St. 3d 84, 447 N.E. 2d 727, 732 (1983). In *Harper*, the "court used *O'Stricker* test to determine that daughters of women who took DES not required to bring suit until they were informed DES probably caused their injuries." *Harper v. Eli Lilly & Co.*, 575 F. Supp. 1359 (N.D. Ohio 1983). In *Viock*, "the Ohio Court of Appeals elaborated on the *O'Stricker* test and held that a plaintiff must know or reasonably should have known that his injury was proximately caused by defendant. *Viock v. Stowe-Woodward Co.*, 13 Ohio App. 3d 7, 467 N.E. 2d 1378, 1384 (Oh. 6th Dist. 1983).

In *Cacciacarne,* the court reasoned that "because plaintiff's doctor did not know the cause, 'it would be illogical to hold [her] to a higher degree of knowledge than [her] . . . physician.' " *Cacciacarne*, 908 F. 2d at 97-98. In that case, plaintiff even thought the IUD might have caused her problems, but her doctor did not know the cause. *Id*. at 97. The court found that applying the

4

*O'Stricker* test, the plaintiff's cause of action did not accrue until her doctor informed her of the cause. *Id.*

Similarly, Plaintiff did not know or discover that the IVC filter itself was the cause of his medical problems until he was informed by Dr. Rosalyn Batley in mid to late 2016. At no time prior to that date, did Plaintiff have any reason to suspect that the IVC filter itself was the cause, as his doctors at and around the time of the surgery stated that Plaintiff's medical problems were just medical problems that sometimes occurred with IVC filters. The doctors never informed Plaintiff that the IVC filter itself was the cause of the Plaintiff's medical issues until mid to late 2016. Moreover, Cook Defendants' actions and fraudulent conduct in promoting the use of the Cook IVC filters, including affirmative misrepresentation and omissions regarding the efficacy and safety of such products contributed to Plaintiff's inability to discover the defective IVC filter until mid to late 2016.

Case specific discovery has not been conducted. At this stage, the evidence shows that Cook Defendants made misrepresentations to doctors across the country regarding the risks of its' IVC filters. Plaintiff was unaware of the true risks of the product at the time of implant and at the time of the removal, which is supported by what his doctors were telling him at that time. Plaintiff cannot be expected to be held to a higher degree of knowledge than his own physician who did not know or inform him that the IVC filter itself was the cause. As such, summary judgment is improper.

### III. Plaintiff Adequately Plead Fraudulent and Deceptive Concealment.

Plaintiff's Master Complaint contains at least 31 paragraphs describing Cook Defendants' knowledge of the defects with its' IVC filter. The Master Complaint also describes Cook Defendants' failure to warn doctors and patients of said defects. Plaintiff also properly pled the

tolling provision, which supports Plaintiff's claim that Cook Defendants' withholding of pertinent information prevented Plaintiff from discovering the cause of his injuries.

Plaintiff stated that he was unaware of the IVC defect until mid to late 2016 when he was informed by his own doctor that the IVC filter itself could be the cause of his medical problems. Plaintiff then properly filed his Complaint within the two-year statute of limitations. Plaintiff has presented sufficient evidence to support his claims, and summary judgment is improper.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests this Court deny Cook Defendants' Motion for Summary Judgment. If the Court is not inclined to deny the Motion outright it should stay its ruling pending further fact discovery.

Respectfully Submitted,
**O'CONNOR, ACCIANI & LEVY LPA**
*/s/ Barry D. Levy*_____
Barry D. J. Levy – OH Reg #0018986
Attorney for Plaintiff(s)
600 Vine Street
Suite 1600
Cincinnati, Ohio 45202
Telephone: 513-241-7111
Facsimile: 513-241-7197
Email: BDL@oal-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response in Opposition to Defendants' Motion for Summary Judgment was electronically filed this 28th day of October 2019 and will be electronically served on all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.

*/s/ Barry D. Levy*_____
Barry D. J. Levy – OH Reg #0018986
Attorney for Plaintiffs