# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES, AND
PRODUCT LIABILITY LITIGATION

Case No: 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

Rosenbluth, et al v. Cook et al 1:16-cv-00474

## PLAINTIFFS' OPPOSITION TO COOK'S OMNIBUS MOTION FOR SUMMARY JUDGEMENT

The above-titled Plaintiffs respectfully ask this Court to deny Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS ("Cook") Motion for Summary Judgement on four grounds. First, in prior briefing before this Court, Cook conceded that direct filed plaintiffs' home state choice of law principles should apply. Second, Seventh Circuit precedent holds that foreign cases filed directly in an MDL are treated as having originated outside of the MDL district. Third, Plaintiffs' claims are not time barred under controlling New York law. Fourth, Cook is again attempting to use the Case Category Submission as grounds for dismissal when the agreement between the parties clearly stated that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose." Plaintiff hereby also incorporates by reference Plaintiff Leaderships Opposition to Cook's Motion For Summary Judgement.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      On February 2, 2016, Cook moved for summary judgment in *Graham v. Cook*, Case No. 1:15-cv-764, arguing among other things the case was time-barred. [*See generally* Filing No. 1051.] Just like this case, *Graham* was not transferred to this district by the JPMDL; it was directly filed. [*See* Master Case List, p. 8.][1]

2.      In a section of its *Graham* brief entitled "Choice of Law Analysis," Cook clearly stated that direct-filed cases like *Graham* are subject to the choice of law principles of their home forum, not the forum of the MDL court:

> When a case based on diversity is part of an MDL and is directly filed in the MDL forum as the result of a direct filing order, courts have found that the "better approach is to treat foreign direct filed cases [i.e., cases originating outside of this Court's judicial district but filed directly into the MDL] as if they were transferred from a judicial district sitting in the state where the case originated." *In re Yasmin*, 2011 U.S. Dist. LEXIS 39820, at *15, *18 (S.D. Ill. April 11,

3.      Likewise, Cook further stated that: "Applying this law to the present case leads to the application of Kansas law." [*Id.*, at ECF p. 4253.]

4.      On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

5.      The Case Categorization form expressly states that the "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's

---

[1] Given that this volume of the Master Case List spans more than 300 pages, Plaintiff does not attach it here. It is located on the Court's website at the following link: https://www.insd.uscourts.gov/sites/insd/files/MDL%202570%20Schedule%20A.pdf

-2-

Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose."

6.     Plaintiff did not know nor could she have known that her injuries were caused by a defective Cook IVC Filter until late 2015 when she was first informed that her filter was defective. **Exhibit: A.**

7.     Plaintiffs filed their complaint in early 2016. **Exhibit: B.**

8.     Cook has not taken a single deposition, served any interrogatories, or reviewed all of Plaintiff's medical records.

## STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. *See In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig.*, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002))

-3-

# ARGUMENT

I. **In prior briefing before this Court, Cook conceded that plaintiffs' home state choice of law principles should apply.**

On February 2, 2016, Cook moved for summary judgment in *Graham v. Cook*, Case No. 1:15-cv-764, arguing among other things the case was time-barred. [*See generally* Filing No. 1051.] Just like this case, *Graham* was not transferred to this district by the JPMDL; it was directly filed. [*See* Master Case List, p. 8.][2]

In a section of its *Graham* brief entitled "Choice of Law Analysis," Cook made clear that direct-filed cases like *Graham* are subject to the choice of law principles of their **home** forum, not the forum of the MDL court:

> When a case based on diversity is part of an MDL and is directly filed in the MDL forum as the result of a direct filing order, courts have found that the "better approach is to treat foreign direct filed cases [i.e., cases originating outside of this Court's judicial district but filed directly into the MDL] as if they were transferred from a judicial district sitting in the state where the case originated." *In re Yasmin*, 2011 U.S. Dist. LEXIS 39820, at *15, *18 (S.D. Ill. April 11,

[Filing No. 1051, at ECF p. 4252.] Cook went on: "Applying this law to the present case leads to the application of Kansas law." [*Id.*, at ECF p. 4253.]

The doctrine of judicial estoppel provides guidance here. As Justice Ginsburg explained: "judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quotation omitted). Judicial estoppel protects the

---

[2] Given that this volume of the Master Case List spans more than 300 pages, Plaintiff does not attach it here. It is located on the Court's website at the following link: https://www.insd.uscourts.gov/sites/insd/files/MDL%202570%20Schedule%20A.pdf

integrity of the judicial process by preventing parties from "playing fast and loose with the courts," and is "intended to prevent improper use of judicial machinery." *Id.* at 750 (quotations omitted). This is precisely what Cook attempts to do here. Given its prior position on choice of law, the Court should reject Cook's contrary position out of hand.

II.    **Seventh Circuit precedent holds that foreign cases filed directly in an MDL are treated as having originated <u>outside</u> of the MDL district.   Therefore, neither Indiana choice of law rules nor Indiana law apply to these Plaintiffs.**

In *Dobbs v. Depuy Orthopedics, Inc.,* 842 F.3d 1045 (7th Cir. 2016), a plaintiff from Illinois direct-filed his case in the Northern District of Ohio as part of an MDL. The case was later transferred from the Ohio MDL to the Northern District of Illinois. Despite its direct filing, the Seventh Circuit held that the case originated in Illinois and therefore Illinois choice of law rules applied. *Id.* at 1048.

> Dobbs's claim . . . was filed in the Northern District of Ohio only because the DePuy multidistrict litigation was already in progress there.  Dobbs's complaint stated that the Northern District of Illinois was the appropriate venue absent the multidistrict litigation. That advises treating the Northern District of Illinois as the original venue.
>
> In fact, district courts in our circuit have taken that approach: **foreign cases filed directly in a district court as part of ongoing multidistrict litigation are treated as having originated outside of that district.** We ratify that approach here and apply Illinois's choice-of-law rules.

*Id.* at 1048 (emphasis added) (citing, *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F. Supp. 2d 885, 888-89 (N.D. Ill. 2013), and *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-MD-02100-DRH, 2011 WL 1375011, at *5 (S.D. Ill. Apr. 12, 2011)).

The *Watson Fentanyl* decision—cited with approval by the Seventh Circuit in *Dobbs*—involved another case filed directly in an MDL court sitting in the Northern District of Illinois. 977 F. Supp. 2d at 886.  The case concerned an Ohio resident who died in Ohio after using a fentanyl patch that was prescribed, purchased, and administered in Ohio. The Northern District of Illinois MDL court applied Ohio law and rejected attempts to apply Illinois law — even Illinois' choice of law rules.

> [T]he prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including choice of law rules) that applies is the law of the state where the case originated. The Court agrees with the cases just cited and concludes that the choice of law rules that apply are those of the state where the case originated.

*Id.* at 888 (internal citations omitted).

The *Watson Fentanyl* MDL court then went on to analyze the meaning of the term "originated":

> **[A] direct-filed case in an MDL proceeding is considered to have originated in the state where the plaintiff purchased and used the prescribed product.** That is how the place of filing is determined in [the] overwhelming majority of product liability cases, and it is a reasonable approach to determining the choice of law issue that has been presented.

*Id.* at 889 (emphasis added). Because the plaintiff was prescribed and used the fentanyl patch at his Ohio residence, the Illinois MDL court ruled that Ohio law should apply to this foreign direct filed case.[3]

---

[3] Similar to the approach taken by the Seventh Circuit, the *Watson Fentanyl* MDL court also noted that it could have applied California choice of law rules, because Plaintiffs' complaint suggested that they would have filed their lawsuit in California.  But even applying California choice of law rules, the Illinois MDL court concluded that Ohio law should apply

*In re Yasmin*—cited with approval by the *Dobbs* and *Watson Fentanyl* courts **and Cook**[4]—involved numerous cases that originated outside of that court's judicial district and that were filed directly in the Southern District of Illinois MDL. Similar to Cook's faulty reasoning, the *Yasmin* plaintiffs argued that because the court was sitting in diversity in Illinois, Illinois was the proper forum and Illinois choice of law principals should control. *Id.* Judge Herndon rejected that argument and emphasized in bold type: **"Illinois choice of law principals do not control simply because this MDL Court is sitting in diversity in Illinois."** *Id.* (emphasis in original). Judge Herndon further wrote:

> The Court concludes that the better approach is to treat foreign direct filed cases as if they were transferred from a judicial district sitting in the state where the case originated. For purposes of this analysis, the Court considers the originating state to be the state where the plaintiff purchased and was prescribed the subject drug. Thus, for a foreign direct filed member action involving a plaintiff that purchased and was prescribed the subject drug in Tennessee, the Court will treat that plaintiff's claims as if they were transferred to this MDL from a district court in Tennessee.

*Id.,* at *6. *See also In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.,* 76 F. Supp. 3d 294, 303 (D. Mass. 2015) ("The home forum designation of the direct filing plaintiffs is the best evidence I have of what these plaintiffs would have done absent direct filing. Just as Mississippi plaintiffs would have had a choice between at least two proper forums in the absence of direct filing, so too do they have such an option with the direct filing procedure. I will therefore consider the forum that the direct filing plaintiffs designated on their short form complaints as the originating forum for the choice of law analysis."); *Wahl v. General Electric Co.,* 983 F.Supp. 2d 937, 943 (M.D. Tenn. 2013) ("Most of the courts that have considered this

---

and **not** the law of the MDL forum.  *Id.* at 889-90.
    [4] Filing No. 1051, at ECF p. 4252.

peculiar procedural posture have stated that it is appropriate to apply choice of law rules of the 'originating' jurisdiction [i.e. where the case would have been brought but for the CMO permitting direct filing], rather than the choice of law rules of the MDL Court.  These courts have generally reasoned that the direct filing procedure is simply designed to promote judicial economy and conserve the parties' resources, not to alter the choice of law rules."); *In re Avandia Marketing, Sales Practices and Prods Liability Litig.,* 2012 WL 3205620, at *2 (E.D. Pa. August 7, 2012) ("The Court has concluded, as have other MDL courts, that such [direct filed] cases should be governed by the law of the states where Plaintiffs received treatment and prescriptions for Avandia.  This ruling will promote uniform treatment between those Plaintiffs whose cases were transferred into the MDL from their home states and those who filed directly into the MDL.").

Thus, there are two different approaches for examining choice of law issues for direct filed cases in this MDL: (1) focus on the court designated by the plaintiff in the Short Form Complaint as the place of proper venue as discussed in the *Dobbs, In re Fresenius Granuflo,* and *Wahl* cases (and as Cook already argued); or (2) focus on the place where the plaintiff received the IVC filter prescription and treatment as held in the *In re Watson Fentanyl, In re Yasmin*, and *In re Avandia* cases. Under both approaches, neither Indiana choice of law rules nor Indiana law apply to these cases. It is undisputed that Plaintiff's Short Form Complaint unambiguously listed venue choices—just as the plaintiff in *Graham*—at locations outside of Indiana. **Exhibit: B**. Moreover, Plaintiff purchased and was prescribed her IVC filter outside of Indiana. [*Id.*] Therefore, the Court should reject Cook's attempt to apply Indiana law.

### III.    Plaintiff filed Her Personal Injury Claims within New York's Statute of Limitations.

Under New York law, a plaintiff has one year from the date of discovery to file a claim. N.Y. C.P.L.R. 214-c. Discovery occurs when "with reasonable diligence such injury should have been discovered." N.Y. C.P.L.R. 214-c.

Here, Plaintiff did not discover until the end of 2015 the causal connection between her injuries and the defective Cook IVC Filter. On February 29, 2016, Plaintiff filed her complaint against Cook, only months after discovering the causal connection between her injuries and Cook's defective IVC Filter.

Furthermore, Cook claims in its memorandum that this Court should rule on its motion for summary judgement based solely on a limited and select number of medical records. Dck 11922. Medical records that in no way convey any information regarding Plaintiff's knowledge of the causal connection between her injuries and the defective nature of the Cook IVC Filter. What is more, Cook has not taken a single deposition, served a single interrogatory, or even reviewed all of Plaintiff's medical records. Without taking any of those critical discovery steps, Cook, in a motion for summary judgement that includes 26 Plaintiffs and excludes the relevant New York law asks this Court to prematurely grant its motion. This, while Cook claims that Plaintiff's Counsel has filed this case without merit. Dck 11922 ¶ 1. In its sweeping motion, Cook does not even take the time to point the Court to any facts to buttress its arguments. As such, this Court should reject Cook's Motion for Summary Judgement.

## IV.     Cook's Reliance on the Categorization Form is Misplaced.

Cook cannot use the Categorization Case form as grounds for a Motion for Judgment on the Pleadings. The Categorization Case form clearly states that it "is not admissible and is not to be considered relevant for any other purpose." The "Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and

Bellwether Selection Plan only . . . ."  Reliance on the Categorization form is a breach of the party's agreement and such behavior should not be permitted by this Court.  Furthermore, Cook cannot point to any information in the Plaintiff Profile Form that Plaintiff knew of the causal connection between her injuries and Cook's defective IVC Filter until the end of 2015.

Because Cook cannot rely on the Categorization form and the PFS does not supply any support for Cook's tortured arguments, this Court should deny the motion.

## **<u>CONCLUSION</u>**

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Summary Judgement and grant Plaintiff any relief that this Court deems appropriate.

Dated: Tuesday, October 29, 2019

/s/   *Jeff Seldomridge*
Jeff Seldomridge VSB # 89552
The Miller Firm, LLC
108 Railroad Ave.
Orange, VA 22960
Phone: (866) 529-3323
Fax: (540) 672-3055

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 29th of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Jeff Seldomridge*
Jeff Seldomridge

-11-