**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Kerry Duane Jessen, et al. v. Cook, et al.
1:17-cv-04316

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT IN 46 MISCATEGORIZED NO INJURY CASES**

COME NOW, Plaintiffs Kerry Duane Jessen and Kerry Lee Jessen ("Plaintiffs"), by and through counsel, and submit this Response in Opposition to Defendants' Omnibus Motion for Summary Judgment in 46 Miscategorized No Injury Cases, and in support thereof state as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendants' Omnibus Motion for Summary Judgment Based on the "Miscategorization" of Plaintiffs' injuries, and insistence that Plaintiffs' case is a "no injury" case is not only fundamentally flawed as it facially states a disputed fact, but also severely premature. Defendants state this case as "tilt only" in their Exhibit A to the instant motion, while also stating correctly that the Case Categorization Form note "probable perforation." The perforation of the filter is a disputed fact. Plaintiffs', through expert analysis, contend the filter has perforated Mr. Jessen's vena cava, and therefore the case is a Category 6. The images submitted along with the Case Categorization Form clearly show this. Defendants base the motion on documents submitted solely in support of the Case Categorization form required by the Court. These

documents are limited to only those images that support the category that Plaintiffs' case falls into. Defendants have not taken a single deposition in this case or served any interrogatories, or reviewed all of Plaintiff's medical records. Importantly, only the images from a CT scan were submitted along with the Case Categorization form, as they clearly show severe perforation of the filter and support the category marked by the Plaintiffs. This is why Defendants' motion is severely premature. Plaintiffs will, through the normal course of discovery and through expert opinion, will show that the filter in question is tilted due to the perforation.

Plaintiffs will obviously offer expert testimony to support the fact that the perforation caused the tilt, and will produce the full medical records as part of the normal discovery process. Defendants' motion is far too premature and exposes the very reason the Case Categorization Forms are not to be used as discovery: the form and medical document support is limited for brevity. Therefore, Defendants' motion must be denied as based on a clear disputable fact and the motion being severely premature.

## ARGUMENT

### I. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant also "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. A.H. Robbins*

*Co.,* 766 F.2d 1102, 1104 (7th Cir. 1985). When considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

**II.      Plaintiffs' Case Categorization Form States "Probable Perforation."**

Plaintiffs' Case Categorization Form correctly states the filter in question is probably perforated. This is based on not only the images, but also the yet to be produced expert opinion of Plaintiffs' retained expert who has reviewed the images. Defendants are correct in pointing out that the Case Categorization Form states this, but still list in their Exhibit A this case as "Tilt Only." This is an obvious disputed fact, and summary judgment is inappropriate at this stage. Plaintiff will prove through expert testimony that the tilt itself is caused by the perforation of one of the main struts of the filter, making this case a Category 6. This case is not "miscategorized."

Through expert testimony, as well as through the testimony of general causation fact witnesses already taken in this MDL, which incidentally worked for Defendants as independent contractors, Plaintiffs' will prove that the tilt of the filter is caused by the perforation of one or more of the struts. Once perforated, the filter will lean toward the strut that is perforated through the lumen over time. Tilt, in fact, is a telltale sign of perforation. At a minimum, the Case Categorization Form submitted, as well as the Exhibit to Defendants' instant motion, state a disputed fact on its face: whether the filter is tilted. Plaintiffs contend that the filter is perforated, and Defendants will no doubt say that it is not. Therefore, summary judgment is inappropriate in this case and Defendants' motion must be denied.

**III.     Defendants' Motion Is Severely Premature.**

Regarding this individual case, Plaintiffs submitted images from a July 4, 2017 CT scan that, when looked at for perforations by a trained eye, clearly show a severe perforation of the

filter into adjacent organs. Defendants now claim that this Court should rule based solely on these images. These medical records do not represent Plaintiffs' entire case against Defendants. They merely show the tilt along with the perforation of one or more struts. The Court was clear that medical records that were not relevant to the category should not be produced in the interest of brevity. Defendants will receive the full medical records through the normal MDL discovery process. Additionally, Defendants will receive Plaintiffs' expert report stating the filter is perforated and the perforation caused the tilt. However, Defendants chose to file their motion without a complete understanding of the facts. This is one of the exact reasons the Case Categorization forms are not to be used as discovery. They are incomplete and narrowly tailored to the order. Defendants have not noticed a single deposition in this case, nor propounded any discovery. As such, this Court should reject Defendants' Motion for Summary Judgment.

## CONCLUSION

Plaintiffs' Case Categorization Form clearly states that the filter is probably perforated. This is determined through expert analysis of the CT images of the filter. These images show a clear tilt of the filter, as well as perforation of one or more of the struts. Plaintiffs' expert, along with Defendants' own former independent contractors, will show that the tilt is caused by the perforation in this case. Defendants' Exhibit A states a disputed fact on its face. Also, Defendants have not completed a single deposition in this matter, nor served any discovery. Defendants' motion is therefore severely premature. Therefore, for the foregoing reasons Plaintiffs respectfully request that this Court deny Defendants' Motion for Summary Judgment and grant Plaintiffs any relief that this Court deems appropriate.

Dated: October 29, 2019                    /s/ Willard J. Moody, Jr.
                                           Willard J. Moody, Jr.

THE MOODY LAW FIRM, INC.<br>
500 Crawford Street, Suite 200<br>
Portsmouth, Virginia 23704<br>
Phone: (757) 358-2301<br>
Fax: (757) 399-3019<br>
Email: will@moodyrrlaw.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Willard J. Moody, Jr.
Willard J. Moody, Jr.