IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
INDIANA INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
TAB PRODUCTS LIABILITY LITIGATION

_____

Case No. 1:14-ml-2570-RLY-
MDL No. 2570

This Document Relates to:

2 Cases Listed in Exhibit A to Cook's
Omnibus Motion for Summary Judgment
Based on Statute of Limitations

John McCormack; 1:18-cv-02110
Sammie Lambert; 1:19-cv-02561

_____

## PLAINTIFFS' RESPONSE TO THE COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS

Plaintiffs John McCormack and Sammie Lambert file this response to the Cook

Defendants'[1] Omnibus Motion for Summary Judgment Based on Statute of Limitations and

respectfully shows the Court the following: First, Cook previously argued contrary to its current

position and is therefore judicially estopped from asserting that position. Second, Cook forgets

that this Court has already rejected their argument that Indiana law should apply to foreign direct-

filed cases. Accordingly, Cook's Motion must be denied.

_____

[1] As used in this response, "Cook" and "Cook Defendants" refer to Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS.

## INTRODUCTION

This motion is another attempt by Cook to ignore the case-specific requirements of the discovery rule and systematically deny injured Plaintiffs their right to redress without regard to the merit of the Plaintiffs' actual claims. Cook changes its position on the choice of law, having previously argued that the law of the home state—where the case would have been filed but for the MDL direct filing order—would apply to plaintiffs' cases. Cook additionally distorts the meaning of the cases it cites and attempts to apply over-generalized rules to Plaintiffs' causes of action.

Cook brings this Motion against 26 cases it lists in Exhibit A to its Motion. This Response is brought by counsel on behalf of two of those 26 Plaintiffs: John McCormack, case number 1:18-cv-02110, and Sammie Lambert, case number 1:19-cv-02561. For those Plaintiffs, this Motion should be denied.

## ARGUMENT

### I.   Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of establishing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant also "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact*." Id*. at 323.   "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

*Miller v. A.H. Robbins Co.,* 766 F.2d 1102, 1104 (7th Cir. 1985).  When considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party.  *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

## II.   In Prior Briefing Before this Court, Cook Conceded that Plaintiffs' Home State Choice of Law Principles Should Apply.

On February 2, 2016, Cook moved for summary judgment in *Graham v. Cook*, Case No. 1:15-cv-764 arguing, among other things, the case was time-barred. *See generally* Dkt. No. 1051. Like the cases at bar, *Graham* was not transferred to this district by the J.P.M.L.; it was directly filed. *See* Master Case List, p. 8.[2]

In a section of its *Graham* brief entitled "Choice of Law Analysis," Cook made clear that direct-filed cases like *Graham* are subject to the choice of law principles of their **home** forum, not the forum of the MDL court:

> When a case based on diversity is part of an MDL and is directly filed in the MDL forum as the result of a direct filing order, courts have found that the "better approach is to treat foreign direct filed cases [i.e., cases originating outside of this Court's judicial district but filed directly into the MDL] as if they were transferred from a judicial district sitting in the state where the case originated." *In re Yasmin*, 2011 U.S. Dist. LEXIS 39820, at *15, *18 (S.D. Ill. April 11,

Filing No. 1051, at ECF p. 4252. Cook went on: "Applying this law to the present case leads to the application of Kansas law." *Id*., at ECF p. 4253.

---

[2] Given that this volume of the Master Case List spans more than 300 pages, Plaintiff does not attach it here. It is located on the Court's website at the following link:
https://www.insd.uscourts.gov/sites/insd/files/MDL%202570%20Schedule%20A.pdf

The doctrine of judicial estoppel provides guidance here: "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680 (1895)). Simply put, and as Justice Ginsburg explained: "judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Id.* at 749 (quotation omitted). Judicial estoppel protects the integrity of the judicial process by preventing parties from "playing fast and loose with the courts," and is "intended to prevent improper use of judicial machinery." *Id*. at 750 (quotations omitted). This is precisely what Cook attempts to do here. Given its prior position on choice of law, the Court should reject Cook's contrary position out of hand.

### III. Seventh Circuit Precedent Holds That Foreign Cases Filed Directly in an MDL Are Treated as Having Originated **Outside** of the MDL District. Therefore, Neither Indiana Choice of Law Rules nor Indiana Law Apply to these Plaintiffs.

In *Dobbs v. Depuy Orthopedics, Inc.,* 842 F.3d 1045 (7th Cir. 2016), a plaintiff from Illinois direct-filed his case in the Northern District of Ohio as part of an MDL. The case was later transferred from the Ohio MDL to the Northern District of Illinois. Despite direct filing, the Seventh Circuit held the case originated in Illinois and, therefore, Illinois choice of law rules applied. *Id.* at 1048.

> Dobbs's claim . . . was filed in the Northern District of Ohio only because the DePuy multidistrict litigation was already in progress there.  Dobbs's complaint stated that the Northern District of Illinois was the appropriate venue absent the multidistrict litigation. That advises treating the Northern District of Illinois as the original venue.

> In fact, district courts in our circuit have taken that approach:  **foreign cases filed directly in a district court as part of ongoing multidistrict litigation are treated as having originated outside of that district.** We ratify that approach here and apply Illinois's choice-of-law rules.

*Id.* at 1048 (emphasis added) (citing, *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F. Supp. 2d 885, 888-89 (N.D. Ill. 2013), and *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-MD-02100-DRH, 2011 WL 1375011, at *5 (S.D. Ill. Apr. 12, 2011)).

The *Watson Fentanyl* decision—cited with approval by the Seventh Circuit in *Dobbs*—involved another case filed directly in an MDL court sitting in the Northern District of Illinois. 977 F. Supp. 2d at 886.  The case concerned an Ohio resident who died in Ohio after using a fentanyl patch that was prescribed, purchased, and administered in Ohio. The Northern District of Illinois MDL court applied Ohio law and rejected attempts to apply Illinois law — even Illinois's choice of law rules.

> [T]he prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including choice of law rules) that applies is the law of the state where the case originated. The Court agrees with the cases just cited and concludes that the choice of law rules that apply are those of the state where the case originated.

*Id.* at 888 (internal citations omitted).

The *Watson Fentanyl* MDL court then went on to analyze the meaning of the term "originated":

> **[A] direct-filed case in an MDL proceeding is considered to have originated in the state where the plaintiff purchased and used the prescribed product.** That is how the place of filing is determined in [the] overwhelming majority of product liability cases, and it is a reasonable approach to determining the choice of law issue that has been presented.

*Id.* at 889 (emphasis added). Because the plaintiff was prescribed and used the fentanyl patch at his Ohio residence, the Illinois MDL court ruled that Ohio law should apply to this foreign direct filed case.[3]

*In re Yasmin*—cited with approval by the *Dobbs* and *Watson Fentanyl* courts **and Cook[4]**—involved numerous cases that originated outside of that court's judicial district and that were filed directly in the Southern District of Illinois MDL. Similar to Cook's faulty reasoning, the *Yasmin* plaintiffs argued that because the court was sitting in diversity in Illinois, Illinois was the proper forum and Illinois choice of law principals should control. *Id.* Judge Herndon rejected that argument and emphasized in bold type: **"Illinois choice of law principals do not control simply because this MDL Court is sitting in diversity in Illinois."** *Id.* (emphasis in original).  Judge Herndon further wrote:

> The Court concludes that the better approach is to treat foreign direct filed cases as if they were transferred from a judicial district sitting in the state where the case originated.  For purposes of this analysis, the Court considers the originating state to be the state where the plaintiff purchased and was prescribed the subject drug.  Thus, for a foreign direct filed member action involving a plaintiff that purchased and was prescribed the subject drug in Tennessee, the Court will treat that plaintiff's claims as if they were transferred to this MDL from a district court in Tennessee.

*Id.,* at \*6. *See also In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.,* 76 F. Supp. 3d 294, 303 (D. Mass. 2015) ("The home forum designation of the direct filing plaintiffs is the best evidence I have of what these plaintiffs would have done absent direct filing.  Just as Mississippi plaintiffs would have had a choice between at least two proper forums in the absence of direct filing, so too do they have such an option with the direct filing procedure.  I will therefore

---

[3] Similar to the approach taken by the Seventh Circuit, the *Watson Fentanyl* MDL court also noted that it could have applied California choice of law rules, because Plaintiffs' complaint suggested that they would have filed their lawsuit in California.  But even applying California choice of law rules, the Illinois MDL court concluded that Ohio law should apply and **not** the law of the MDL forum.  *Id.* at 889-90.
[4] Filing No. 1051, at ECF p. 4252.

consider the forum that the direct filing plaintiffs designated on their short form complaints as the originating forum for the choice of law analysis."); *Wahl v. General Electric Co.,* 983 F.Supp. 2d 937, 943 (M.D. Tenn. 2013) ("Most of the courts that have considered this peculiar procedural posture have stated that it is appropriate to apply choice of law rules of the 'originating' jurisdiction [i.e. where the case would have been brought but for the CMO permitting direct filing], rather than the choice of law rules of the MDL Court.  These courts have generally reasoned that the direct filing procedure is simply designed to promote judicial economy and conserve the parties' resources, not to alter the choice of law rules."); *In re Avandia Marketing, Sales Practices and Prods Liability Litig.,* 2012 WL 3205620, at *2 (E.D. Pa. August 7, 2012) ("The Court has concluded, as have other MDL courts, that such [direct filed] cases should be governed by the law of the states where Plaintiffs received treatment and prescriptions for Avandia.  This ruling will promote uniform treatment between those Plaintiffs whose cases were transferred into the MDL from their home states and those who filed directly into the MDL.").

Thus, there are two different approaches for examining choice of law issues for direct filed cases in this MDL: (1) focus on the court designated by the plaintiff in the Short Form Complaint as the place of proper venue as discussed in the *Dobbs, In re Fresenius Granuflo,* and *Wahl* cases (and as Cook already argued); or (2) focus on the place where the plaintiff received the IVC filter prescription and treatment as held in the *In re Watson Fentanyl, In re Yasmin*, and *In re Avandia* cases. Under both approaches, neither Indiana choice of law rules nor Indiana law apply to these cases. It is undisputed that Plaintiffs' Short Form Complaint unambiguously listed venue choices—just as the plaintiff in *Graham*—at locations outside of Indiana. *McCormack v. Cook Inc., et al*, Case No. 1:18-cv-02110, Dkt. 1; *Lambert v. Cook, Inc. et al*, Case No. 1:19-cv-02561,

Dkt. 1. Moreover, both Plaintiffs purchased and were prescribed their IVC filters outside of Indiana. *Ibid*. Therefore, the Court should reject Cook's attempt to apply Indiana law.

## IV.   This Court has Rejected Blanket-Application of Indiana Law in this MDL Before, and Should Do So Again.

This Court has previously rejected Cook's argument to apply Indiana law to foreign direct-filed cases. Cook, in a Motion for Judgment on the Pleadings filed on March 27, 2017, sought application of Indiana law as to the statute of repose to five foreign direct-filed cases. Cook Defendants' Motion for Judgment on the Pleadings, Dkt. 4186. Cook made the same legal arguments and cited the same cases in its choice of law argument that it now makes in this motion. Cook Defendants' Motion for Judgment on the Pleadings, Dkt. 4186, page 1-3. This Court rejected those arguments for the same reasons and based on the same cases Plaintiffs cite here:

> In 2011, the Southern District of Illinois addressed this issue and held that "the best approach is to treat foreign direct filed cases as if they were transferred from the original district sitting in the state where the case originated." *In re Yasmin*, No. 3:09-md-2100-DRH-PMF, MDL No. 2100, 2011 U.S. Dist. LEXIS 39820, at \*18 (S.D. Ill. April 11, 2011). . . . As noted by a sister district court, **"it would be an odd result to subject plaintiffs to [Indiana] law simply because they took advantage of the direct filing procedure—a procedure that provides benefits to all parties and preserves judicial resources."** *In re Bausch & Lomb, Inc.*, Nos. 2:06-cv-2659-DCN and 2:06-cv-2716-DCN, MDL No. 1785, \2007 WL 3046682, at \*3 (D.S.C. Oct. 11, 2007).

Entry on Motion for Judgment on the Pleadings Based on the statute of Repose. Dkt. 4918 (emphasis added).

Accordingly, the Court correctly applied the law where the facts of each case arose and declined to apply Indiana law across the board. Thus, for the six cases at issue in that motion:

| Plaintiff | Implant state | Injury State | State of Residence | Indiana Law Applied? |
|---|---|---|---|---|
| Ms. Sales-Orr | Georgia | Georgia | Georgia/Tennessee | **NO** |
| Mr. Fox | Georgia | Georgia | Georgia | **NO** |
| Mr. Ivy | Tennessee | Tennessee | Tennessee | **NO** |
| Mr. Henderson | Tennessee | Tennessee | Tennessee | **NO** |

| Ms. Johnson | Tennessee | Tennessee | Tennessee | **NO** |
| Ms. Apple | Texas | Texas | Texas | **NO** |

Thus, as this Court and the Seventh Circuit has done, it should reject a blanket application of Indiana law, and deny Cook's motion.

**V.      Under the Proper Application of State Law, Both Plaintiffs' Lawsuits are Timely Filed.**

As laid out above, the law of the home state—meaning, the state where the case would have been filed but for the direct-filing procedures implemented by this Court—applies to Plaintiffs' claims. Thus, Mississippi law applies to Plaintiff Lambert's case, and New York law applies to Plaintiff McCormack's case.

### A.      Applying Mississippi Law, Plaintiff Lambert's Lawsuit is Timely Filed.

Ms. Sammie Lambert is, and at all relevant times has been, a resident of Mississippi. Her Cook IVC filter was implanted in Mississippi. She suffered her injuries in Mississippi and received treatment and surgery for those injuries in Mississippi. As laid out above, and as a matter of law and equity, Mississippi law applies to her claims for redress for damages caused by the Cook IVC filter device.

The relevant dates are as follows: Ms. Sammie Lambert had her Cook IVC filter implanted on April 15, 2013 as a prophylactic measure to prevent deep vein thrombosis and pulmonary embolism. She underwent a CT scan of her abdomen on June 28, 2016, where it was discovered that the Cook IVC filter was intact but had tilted and several limbs had perforated the inferior vena cava, and one limb was embedded in the L3 vertebral body. *See* Record from University of Mississippi Medical Center, produced with Sammie Lambert's Categorization Form (attached as Exhibit "A"). Due to this, a surgery to remove the filter was scheduled for July 18, 2016. Ex. A. On that date, she underwent an open removal surgery, where it was discovered that the Cook IVC

filter had fractured, perforated the vena cava wall, and migrated into the retroperitoneal space. Ex. A. During that procedure, the Cook IVC filter was removed. Ex. A. Ms. Lambert filed her lawsuit for compensation for these Cook IVC filter-caused injuries on June 25, 2019. Case number 1:19-cv-02561, Dkt. 1.

Mississippi has a three-year statute of limitations for personal injury causes of action. "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code. Ann. § 15-1-49. A cause of action accrues on discovery of the injury. *Angle v. Koppers, Inc.*, 42 So. 3d 1, 5 (Miss. 2010).

Ms. Lambert cannot have discovered her filter had perforated her inferior vena cava until the CT scan of her abdomen on June 28, 2016 and cannot have discovered her real injury—the fracture and migration of the filter—until the surgery on July 18, 2016. In either case, Ms. Lambert filed her lawsuit on June 25, 2019, less than three years after she discovered either of those injuries. Thus, her lawsuit is timely filed, and Cook's motion must be denied as to Plaintiff Lambert.

### B.  *Applying New York Law, Plaintiff McCormack's Lawsuit is Timely Filed.*

Mr. John McCormack is, and at relevant times has been, a resident of the state of New York. His Cook IVC filter was implanted in New York. He suffered injuries caused by the Cook IVC filter in New York, received treatment for his injuries in New York, and his removal surgery occurred in New York. As laid out above, and as a matter of law and equity, New York law applies to Mr. McCormack's claims for redress for damages caused by the Cook IVC filter device.

The relevant dates are as follows: Mr. McCormack had his Cook IVC filter implanted on November 13, 2009. On July 13, 2015, Mr. McCormack underwent a removal surgery, due to the significant pain in his abdomen caused by the Cook IVC filter. *See* Record from Albany Medical

Center Hospital, produced with John McCormack's Categorization Form (attached as Exhibit "B"). During the surgery, the surgeon noted that that the prongs of the filter had punctured the aorta, punctured the duodenum, and the spine. Ex. B. It was also embedded into the wall of the vena cava. Ex. B. Mr. McCormack filed his lawsuit on July 11, 2018. Case number 1:18-cv-02110, Dkt. 1.

New York has a three-year statute of limitations. "The following actions must be commenced within three years: … 5. An action to recover damages for a personal injury except as provided in section 214-b, 214-c and 215." N.Y.C.P.L.R. § 214(5) The statute of limitations begins to run on the date of the injury itself. *Martin v. Edwards Laboratories*, 457 N.E. 2d 1150, 1152 (n.Y. 1983)("The Statute of Limitations for personal injury caused by the malfunctioning of a prosthetic or contraceptive device implanted or inserted into the human body runs from the date of the injury resulting from the malfunction . . . .").

Mr. McCormack suffered his injury on July 13, 2015 when the surgeon performed open surgery to remove the broken, migrated, and defective Cook IVC filter. Mr. McCormack filed his lawsuit less than three years later, on July 11, 2018. Thus, applying New York law, Mr. McCormack's lawsuit is timely filed, and Cook's motion must be denied.

## VI. Even If this Court Applies Indiana Law, Cook's Motion Must be Denied.

Cook's motion must be denied even if this Court chooses to apply Indiana law, it must still be denied. As stated above, the movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). The motion must therefore rise or fall on the text of the motion itself and the arguments raised therein. Cook has not carried its burden to show that there is no genuine issue of

material fact. *See Miller v. A.H. Robbins Co.,* 766 F.2d 1102, 1104 (7th Cir. 1985). Cook merely alleges that Indiana law applies, and therefore, since the injuries and surgeries occurred after the basic two-year statute of limitations in Indiana, it is entitled to summary judgment. This ignores the existence of the Indiana discovery rule, the genuine issues of material fact inherent in each individual case and each individual Plaintiff's discovery of their injuries, and the lack of case-specific discovery that has occurred in any of these cases.

Indeed, "the plain language of Rule 56(c) mandates the entry of summary judgment, **after adequate time for discovery** and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It cannot be said that there has been adequate time for discovery in cases where there has been no case-specific discovery. Cook cannot carry its burden at this early stage of the litigation in the individual cases on which it moves.

Having not carried its initial burden to establish that there is no genuine issue of material fact in the individual cases on which it moves, Cook's motion should be denied.

## VII. Plaintiffs' Breach of Warranty and Consumer Protection Claims are Properly Pleaded and Cook's Motion to Dismiss Those Claims Should Be Denied.

Cook alleges that all of Plaintiffs' "non-tort" claims must fail, because like its other arguments, it paints with too broad a brush. First, Cook misstates this Court's prior orders and wrongly asserts that this Court has ruled all breach of express warranty claims are insufficiently pleaded. This is not true, and is a misreading of the Court's order. Second, Cook wrongly conflates fraud causes of action and suits for breach of consumer protection statutes. These are separate causes of action, and the case law Cook cites does not support its proposition. Accordingly, Cook's

motion to dismiss Plaintiffs' breach of warranty and consumer protection causes of action should be dismissed.

### A. Cook Over-Applies this Court's Prior Ruling; Plaintiffs' Warranty Claims are Proper and Cook's Motion Should Be Denied.

Cook distorts the meaning of this Court's ruling in an attempt to cut short Plaintiffs' breach of express warranty claims. Cook cites this Court's Entry on Motion for Judgment on the Pleadings Based on the Statute of Repose, Dk. 4918. Cooks Motion, page 12. However, that Order did not address express warranty claims or the general pleading requirements for all plaintiffs.

Rather, Cook moved to dismiss six cases based on the statute of repose. *See* heading IV, above. Texas law contains an exception to its statute of repose if the manufacturer expressly warrants that the product has a useful safe life longer than 15 years. Tex. Civ. Prac. & Rem. Code Ann. § 16.012(c). With that in mind, the Court addressed the plaintiff's express warranty pleading and addressed whether that pleading was sufficient for the statute of repose exception to apply. Dkt. 4918, page 13-14.

Cook over-applies this order. Cook states that this Court held "that the Master Complaint and the plaintiffs' short-from complaint failed to sustain a claim for express warranty." That is not what this Court held. This Court has not ordered that all express warranty claims are insufficiently pleaded, and that issue has not been raised before this Court. Rather, the only issue that was raised in the prior motion was the statute of repose, which contained an exception for breach of express warranty claims. Cook cannot now claim that all breach of express warranty claims must be dismissed, because the Court held that *one* plaintiff did not sufficiently plead her express warranty claims *to avoid dismissal on statute of repose grounds*. Thus, Cook's motion to dismiss plaintiffs' warranty claims should be denied.

**B. Plaintiffs' Consumer Protection Claims Cannot be Dismissed Based on Over-Applied Generalities, and Cooks' Motion Should Be Denied.**

Cook's motion to dismiss Plaintiffs' consumer protection claims should be denied for two reasons. First, the plain text of Federal Rule of Civil Procedure 9(b) states that it applies to claims of fraud or mistake. Consumer protection claims do not necessarily include allegations of fraud, and Cook does not address the specific consumer protection statutes at issue for these Plaintiffs. Second, the Seventh Circuit is clear that claims of consumer protection must be pleaded at the heightened standard only if fraud is an element of the consumer protection cause of action or the plaintiff pleads fraud as a cause of action—either common law fraud or fraud under the consumer protection statute. Neither case is at issue here, so, Cook's motion should be denied.

First, beginning with the test of the rule, Federal Rule of Civil Procedure 9(b) applies a heightened pleading standard to claims of "fraud or mistake," requiring the party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Cases involving consumer protection or deceptive trade practices cases frequently overlap with cases that allege fraud—after all, fraud can itself be a deceptive trade practice. However, nothing in FRCP 9(b) requires that its higher pleading standard apply to consumer protection and deceptive trade practice statutes. Deceptive acts or practices may be a violation of the consumer protection act of a particular state, without rising to the level of fraud, and Cook's attempt to graft such a requirement to all consumer protection statutes has no basis in the text of FRCP 9(b) nor in consumer protection statutes generally.

Second, in addition to the text of the rule, the Seventh Circuit has held that consumer protection causes of action may be pleaded under the notice pleading requirements of Federal Rule of Civil Procedure 8(d). In *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology*

*Financing Services, Inc.*, the court directly addressed whether consumer protection claims must be pleaded at the heightened FRCP 9(b) standard. 536 F.3d 663, 669 (7th Cir. 2008). In that case, the plaintiff brought claims for common law fraud and claims under the Illinois Consumer Fraud Act, which, despite its name, is a statute that addresses more than just fraud. *Id.* at 667. The court pointed out that the Illinois Consumer Fraud Act is a statute designed to protect consumers against fraud, unfair methods of competition, and other unfair and deceptive business practices. *Id.* It looked to the elements of the cause of action asserted under the statute, and held that:

> Because neither fraud nor mistake is an element of unfair conduct under Illinois' Consumer Fraud Act, a cause of action for unfair practices under the Consumer Fraud Act need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b). Therefore, under federal notice pleading standards, the complaint need only provide a short and plain statement of the claim that shows, through its allegations, that recovery is plausible rather than merely speculative. *Tamayo, 526 F.3d at 1083*; *see also Bell Atl.*, 127 S.Ct. at 1964; Fed.R.Civ.P. 8(a)(2).

*Windy City*, 536 F.3d at 669.

The Seventh Circuit held that if fraud is not an element of the cause of action in the statute, then the heightened pleading standard under FRCP 9(b) is *not necessary* to bring a consumer protection claim. *Id.* This is because the Illinois Consumer Fraud Act, like most consumer protection statutes, guards against more than just fraud; it also protects against deceptive trade practices, unfair competition, and other unfair and deceptive business practices that may not quite rise to the level of common law fraud.

Cook attempts to conflate consumer protection causes of action and fraud and require all consumer protection claims to be pleaded at the FRCP 9(b) standard, but there is no support in the text of the rule or in the case law for such a proposition. In fact, the case law Cook cites does not stand for the proposition that all consumer protection claims must be pleaded at the higher

standard. For example, Cook cites *Uni\*Quality, Inc. v. Infotronx, Inc.*, where the plaintiff brought claims of actual fraud, specifically mail fraud and wire fraud, which naturally must be pleaded at the higher standard—because they are claims of fraud. 974 F.2d 918, 919 (7th Cir. 1992). The case does not hold that consumer protection claims must be pleaded with particularity.

Similarly, while Cook is correct that *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Walgreen Company* does apply the FRCP 9(b) to a suit involving the Illinois Consumer Fraud Act, the plaintiff in that case brought *actual fraud claims* under the statute; the case *does not* hold that the FRCP 9(b) standard applies to all consumer protection claims. 631 F.3d 436, 440 (7th Cir. 2011). Cook over extends its cases beyond their actual holdings in an attempt to gloss over the fact that FRCP 9(b) only applies if the underlying consumer protection statute requires fraud as an element, or the Plaintiff actually included fraud as a part of its allegations— misrepresentation or deceptive practices are not enough.[5]

Notably, Cook cites a case in its brief that uses this same analysis. *In re Bridgeston/Firestone, Inc. Tires Products Liability Litigation* applied a fraud pleading standard to a consumer protection claim, but pointed out that the analysis in doing so is complicated because "the elements that must be pled with particularity *depend on the elements of the underlying substantive statute.*" 155 F. Supp. 2d 1069, 1108 (S.D. Ind. 2001) (emphasis added) (citing *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1079 (7th Cir. 1997).

---

[5] Cook includes a lengthy string cite in footnote 11 on page 14 of its motion. All of these cases involve plaintiffs that brought common law fraud claims, and **not one of the cases holds that all consumer protection claims must be pleaded at the heightened standard of FRCP 9(b)**. *Holmes v. Behr process corp.*, 2015 WL 7252662 (N.D. Ala. Nov. 17, 2015)(addressing specifically fraud claims, not fraud application to consumer protection claims); *Gibson v. Credit Suisse AG*, 2012 WL 1253007 (D. Idaho Mar. 30, 2012)(applying the fraud standard to fraud claims under the Idaho Consumer Protection Act, not holding that all consumer protection act claims trigger the fraud standard); *Home Owners Ins. Co. v. ADT LLC*, 109 F.Supp. 3d 1000, 1003 (E.D. Mich. 2015)(addressing claims by plaintiff for breach of contract, negligence, **and fraud**); *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430 (S.D. Tex. 2016) (applying the fraud standard to the Texas DTPA because state law requires the fraud standard for that statute—not because the fraud standard applies to all consumer protection causes of action).

Logically, if no elements of the underlying consumer protection statute require proof of "fraud or mistake" then no elements of the consumer protection claim needs be pleaded with the heightened particularity of FRCP 9(b). Thus, Cook's motion should be denied, as it misstates the applicable pleading standard and Plaintiffs' consumer protection claims are properly pleaded.

With regard to Plaintiff John McCormack specifically, he has brought claims under the New York's General Business Law § 349 *et seq.*, New York's consumer protection statute. New York General Business Law § 349 states plainly that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." New York General Business Law § 350 states "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful." Neither of these statutes in their text require proof of fraud, so pleading those statutes will not trigger FRCP 9(b)'s heightened pleading standard.

New York federal courts have explicitly held that claims under this statute do not need to be pleaded at the higher FRCP 9(b) standard. "Claims under Section 349 and 350 are **not subject** to the pleading-with-particularity requirements of Fed.R.Civ.P. 9(b)." *Dash v. Seagate Technology (U.S.) Holdings, Inc.*, 27 F.Supp.3d 357 (E.D. NY 2014) (internal quotes omitted, emphasis added). *See also Pelman ex rel Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005).

The New York federal court case law agrees with the Seventh Circuit case law applying FRCP 9(b) only to cases where fraud is an element. New York General Business Law § 349 does not have a fraud element. The three elements of a violation of this statute are 1) that the practice was consumer oriented; 2) the practice complained of was deceptive or misleading in a material respect; and 3) the plaintiff was injured. It is not necessary to prove the defendant's actions were intentional, fraudulent, or even reckless. *Oxman v. Amoroso*, 659 N.Y.S.2d 963 (City Court of

Younkers, April 7, 1997); *see also Oswego Laborer's Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26 (Ct. App. N.Y. 1995). Thus, under both Second Circuit and Seventh Circuit case law, the heightened pleading requirements of FRCP (9) do not apply to Plaintiff McCormack's consumer protection claims under New York Law and Cook's motion should be denied.

As to Plaintiff Lambert specifically, he has brought claims under the Mississippi Consumer Protection Act, Mississippi Code § 75-24-5, which states that "[u]nfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce are prohibited." Miss. Code. Ann. § 75-24-5. Like New York, the text of the statute does not limit claims to fraud, and therefore pleading an action under this section does not implicate FRCP 9(b).

The Supreme Court of Mississippi agrees. "[I]t is worthy to note that **fraud is not required** to establish a violation of the Mississippi Consumer Protection Act. *See Holman v. Howard Wilson Chrysler Jeep, Inc.*, 972 So.2d 564, 572 (Miss. 2008)." *Watson Laboratories, Inc. v. State*, 241 So.3d 573, 589 (Miss. 2018) (emphasis added). Since fraud is not a requirement of the Mississippi Consumer Protection Act, neither is the heightened level of pleading required for fraud under FRCP 9(b). In *Watson*, the court even applied two different standards—one for common law fraud, and another for the Consumer Protection Act claims—and noted there is a difference in the standards. *Id.* Thus, the FRCP 9(b) standard is not required for these claims, and Cook's motion should be denied.

Finally, in the event the Court chooses to grant Cook's motion as to Plaintiffs' consumer protection causes of action, Plaintiffs ask for the opportunity to amend their short form complaints to comport with the Court's ruling as to the pleading standard. The case law supports Plaintiffs' current pleadings and, in the even the Court disagrees, it would be in the interest of equity and

justice to allow Plaintiffs to amend their pleadings to reflect this Court's rulings on whether the fraud pleading standard applies to consumer protection causes of action.

### C. Plaintiffs' Claims Should Survive, and so Should Their Loss of Consortium and Punitive Damages Claims.

As shown above, Cook's motion should fail. Cook argues that if all of Plaintiffs' other causes of action are dismissed, then so too should Plaintiffs' loss of consortium and punitive damage claims. Because Cook's motion should be denied as to Plaintiffs' other claims, so too should it be denied as to these claims.

### CONCLUSION

Cook's motion should be denied. Its argument regarding choice of law should be denied because it has argued to the contrary to this Court in the past, it distorts the meaning of the cases it cites, and the Seventh Circuit has already ruled to the contrary. Cook's arguments regarding breach of express warranty should also fail because it misstates this Court's prior orders. Finally, Cook's arguments regarding the consumer protection causes of action should also fail because it over-generalizes the law without addressing the particular state law or text of the statute at issue. For all of these reasons, as set out above, the Cook Defendants' Omnibus Motion for Summary Judgment Based on Statute of Limitations should be denied.

Dated:   October 29, 2019                 Respectfully Submitted,

                                          **JOHNSON LAW GROUP**

                                          */s/Basil Adham*
                                          Basil Adham
                                          BAdham@JohnsonLawGroup.com
                                          Analisa Del Pozo (*pro hac vice* anticipated)
                                          ADelPozo@JohnsonLawGroup.com
                                          Andrew K. Gardner (*pro hac vice* anticipated)
                                          AGardner@JohnsonLawGroup.com
                                          Clint R. Reed (*pro hac vice* anticipated)
                                          CReed@JohnsonLawGroup.com
                                          2925 Richmond Ave., Suite 1700
                                          Houston, Texas 77098
                                          Ph: (832) 415-3867
                                          Fax: (713) 583-9460

                                          **ATTORNEYS FOR PLAINTIFFS:**
                                          **JOHN MCCORMACK**
                                          **AND SAMMIE LAMBERT**

## CERTIFICATE OF SERVICE

I certify that on October 29, 2019, a copy of Plaintiffs' Response to Cook's Omnibus Motion For Summary Judgment based on Statute of Limitations was served on all counsel in accordance with the Federal Rules of Civil Procedure via electronic filing with this Court's CM/ECF system.


_/s/Basil Adham_____
Basil Adham