**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) Case No. 1:14-m-2570-RLY-TAB ) MDL No. 2570 ) |
| This Document Relates to Plaintiff | ) |
| Vickie Bishop Jones | ) |
| Civil Case No. 1:16-cv-02272-RLY-TAB | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO COOK DEFENDANTS' OMNIBUS MOTION FOR**
**SUMMARY JUDGMENT IN 46 MISCATEGORIZED NO INJURY CASES**

Comes now, Plaintiff, Vickie Bishop-Jones, ("Plaintiff"), by and through counsel, and submits this Response in Opposition to Defendants' Omnibus Motion for Summary Judgment in 46 Miscategorized No Injury Cases, and in support thereof states as follows:

Defendants' Motion is premature and exposes the reason Case Categorization Forms are not to be used as discovery: the form and medical document support is limited for brevity. Further, Plaintiff will provide expert testimony substantiating the fact that a tilt does cause injury to the body. Therefore, Defendants' Motion must be denied as based on a clear disputable fact and the Motion being severely premature.

**ARGUMENT**

**I.     Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

1

56(a).  The movant also "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. A.H. Robbins Co.* F.2d 1102, 1104 (7th Cir. 1985).  When considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party.  *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

A grant of summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)).  Summary judgment is therefore inappropriate "[w]here contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin*, 381 F3d 948, 957 (9th Cir. 2004).   Plaintiff's only burden is to offer more than a "mere scintilla" of evidence that a factual dispute remains for trial.  *Int'l Church of the Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1068 (9th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Id.* at 255.  And, at the summary judgment stage, all record evidence must be viewed in the light most favorable to the non-movant.

Defendants cite a lot of law and procedural background, but no facts to affirmatively establish that "tilt" of the subject IVC filter, without more, constitutes no injury as a matter of law. Defendants have failed to meet their burden of summary judgment proof. A genuine issue of material fact exists as to whether Plaintiff suffered any harm. Accordingly, Defendants' Motion should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Vickie Bishop-Jones, prays that the Court enter an Order Denying Defendant's Motion for Summary Judgment and for such other and further relief as the Court deems appropriate.

Dated:  October 29, 2019                Respectfully submitted,

/s/ Michael T. Gallagher
Michael T. Gallagher
Federal ID: 5395
The Gallagher Law Firm
2905 Sackett Street
Houston, Texas 77098
(713) 222-8080
(713) 222-0066 - Facsimile
donnaf@gld-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2019 a true and accurate copy of the foregoing was filed electronically via the Court's CM/ECF system, and thereby served on all parties who have filed a notice of appearance using the CM/EFC system.

/s/ Michael T. Gallagher
Michael T. Gallagher
