IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
Robin Newhouse and Frederick Newhouse, Sr.
Civil Case # 1:18-cv-1662

**PLAINTIFF NEWHOUSE RESPONSE IN OPPOSITION TO COOK DEFENDANT'S OMNIBUS MOTION FOR SUMMARY JUDGMENT IN 46 MISCATEGORIZED NO INJURY CASES**

COMES NOW Plaintiffs Robin Newhouse and Frederick Newhouse, Sr. ("Plaintiff"), through the undersigned counsel, and for this Response in Opposition to the Defendant Cook Medical's ("Cook" or "Defendant") Omnibus Motion for Summary Judgment, states as follows:

### INTRODUCTION

Cook has prematurely moved for summary judgment on many cases through an omnibus motion, relying solely on a spreadsheet of its own creation as evidence. Defendant Cook alleges these cases are implant only or tilt with no other damage and should accordingly be dismissed. Cook is incorrect that this case is a no injury case ripe for dismissal. Plaintiff timely filed her claims meeting each element of her filed causes of action. Moreover, even if the Court finds this case is an implant only case, then it should be subject to the same dismissal without prejudice as previous implant only cases as the statute has not begun since there is no damage yet.

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Plaintiff's Statement of Material Facts are as follows:

1.  On January 27, 2006, Plaintiff received a Cook Gunther Tulip Vena Cava Filter during an implantation procedure which took place in Richmond, VA. *See* Plaintiff's Short Form Complaint, Case 1:18-cv-01662-WTL-DML, Dkt. 1).

2.  Plaintiff filed suit herein on June 1, 2018. *See* Plaintiff's Short Form Complaint, Case 1:18-cv-01662-WTL-DML, Dkt. 1).

3.  Plaintiff served her profile form setting forth the damages allegedly caused by the Cook IVC Filter. *See* Plaintiff's Exhibit A.

4.  On October 2, 2018, the Court entered its Categorization and Screening Order which instructed all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records. *See* Dkt. 9322.

5.  On the instructions for the Categorization Form, it clearly states "This Case Category Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only **and is not admissible and is not to be considered relevant for any other purpose**." *See* Docket Entry 9638-1 at ¶ 4 (emphasis added).

6.  On October 1, 2019, Cook filed an Omnibus Motion for Summary Judgment in what Cook claims are 46 miscategorized cases. *See* Dkt. 11924.

7.  In support of Cook's Motion for Summary Judgment as it relates to this Plaintiff, Cook relies exclusively upon Plaintiff's Case Categorization Form in asserting that the case is no injury. *See* Defendant's Memorandum, Dkt. 11924.

8.  Cook has not deposed Plaintiff in the instant case. *See generally* Defendant's Memorandum, Dkt. 11924.

9.   Cook has not deposed Plaintiffs' treating physicians, implanting physician or any other physician charged with the Plaintiff's care related to the IVC filter in the instant case. *Id.*

10.   Cook has not supplied this Court with any evidence as to when Plaintiff was actually informed of any diagnosis of complications related to the IVC filter. *Id.*

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Cook's so-called statement of undisputed facts, as alleged in its memorandum of law in support of this Motion, does not support summary judgment. *See* Dkt. 11924, at 3-4. In response to Cook's statement of undisputed facts, Plaintiffs state the following:

1.   On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense and determination of material facts for the entire case in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs admit.

2.   Through subsequent orders, the Court set deadlines (and later gave multiple extensions) and adopted the form that plaintiffs were required to use. *See* Orders, Dkts. 9638, 9907 & 10617. In pertinent part, the Case Categorization From (Dkt. 9638-1) stated that "plaintiff[s] may select more than one of the seven categories outlined in the Categorization Form, with the understanding that only the 'highest' alleged category will be considered for purposes of the census ordered by the Court" and that "each category alleged requires a specific medical record." *See* Dkt. 9638-1.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense and determination of material facts for the entire case in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs admit.

3

3. The Categorization Form further required that counsel certify that "the categorization is based on a review of the available medical records including imaging reports and records" and that "submission of the specific medical record(s) … are counsel's certification that the outcome, complication, or injury represented in [the Form] is the proper categorization for Plaintiff's case to the best of counsel's knowledge and belief.". *Id*. at 4.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense and determination of material facts for the entire case in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs admit.

4. With respect to categories relevant to the motion here:

    a. The Court did not create a category specific to tilt claims. Tilt is not mentioned as one of the applicable case types in the definition of Category 6 nor is it one of the various subcategories that are part of Category 7. *See generally id.*

    b. Category 1 cases were defined as cases where the "IVC filter was successfully removed on the first, routine, percutaneous retrieval attempt and no physical symptom or filter complication was alleged during the time the filter was in place or in connection with the retrieval process." Case Categorization and Screening Order, Dkt. 9522, p. 1-2. Such cases are "subject to immediate dismissal." *Id.* at 3.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense and determination of material facts for the entire case in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs admit.

5. All Plaintiffs listed in Exhibit A have provided Categorization Forms and supporting records, and they are categorized in the census in Categories 6 and 7.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense and determination of material facts for the entire case in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

6. Category 1 cases were subject to immediate dismissal under the Categorization and Screening Order and were subsequently dismissed (Dkt. 1058), and nearly all Category 2 cases have also been dismissed as a result of voluntary dismissals and motion practice.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense and determination of material facts for the entire case in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

7. Due to the number of cases subject to this motion, the Cook Defendants have reviewed Plaintiffs' short-form complaints, Categorization Forms, and supporting medical records, and summarized the relevant information from those materials in Exhibit A.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense and determination of material facts for the entire case in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

8. Exhibit A provides the following information for all 46 Plaintiffs' cases:

- Plaintiff's name;
- Plaintiff's case number;
- Plaintiff's home state (as denoted by the state of current residence alleged in the Plaintiff's complaint);

- Plaintiff's highest category in the census;

- The case type grounds on which Cook seeks dismissal (i.e. status as a Tilt Only, Placement Only, and/or Successfully Removed Filter Case); and

- A short description and/or quote of the key language from the specific medical record(s) submitted in support of those claims (the "Description of Record" column).

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense and determination of material facts for the entire case in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

9.  As summarized in the "Description in Record" column, each of the 46 Plaintiffs here has failed to submit a medical record in support of a legally cognizable injury. More specifically:

   a.  Plaintiffs in the 27 Tilt-Only Cases have only submitted records demonstrating that their filters have tilted;

   b.  Plaintiffs in the ten Placement-Only Cases submitted records demonstrating only that they received a filter that may still be in place; and

   c.  Plaintiffs in the nine Successfully Removed Filter Cases have submitted records that demonstrated that their filters were removed percutaneously on the first attempt without issue, with no indication of any symptomatic injury occurring while their filters were in place.

**RESPONSE:** Plaintiffs object to the extent this statement is irrelevant to statute of limitations defense and determination of material facts for the entire case in this instant matter. Otherwise, subject to and without waiver of said objections, Plaintiffs are unable to admit or deny, and therefore deny.

## ARGUMENT

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *see also,* Fed. R. Civ. P. 56(a). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56).

To satisfy this initial burden, the movant must inform the court of the basis for the motion and identify the portions of the record that **show the absence of a genuine issue of material fact**. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added). In *Celotex*, the Supreme Court plainly stated:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. Cook "must discharge the burden the Rules place upon [it]: It is not enough to move for summary judgement without supporting the motion in any way of with a conclusory assertion." *Id.* Courts cannot "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. The non-movant is entitled to have the credibility of her evidence as forecast assumed, her version of all that is in dispute accepted, and all internal conflicts in it resolved favorably to her. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986). That means that any permissible inference from the underlying fact(s) are to be construed in the light most favorable to the plaintiff. *Id.* When the evidence is viewed in this way, if a fair-minded jury

7

could return a verdict for the non-moving party, summary judgment must be denied. *See Anderson*, 477 U.S. at 252.

Summary judgment is to be granted cautiously in order to preserve substantive rights, and must be "used sparingly since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury." *Exxon Corp. v. National Foodline Corp.*, 579 F.2d 1244, 1246 (Cust. & Pat. App. 1978); *Egelston v. State University College at Geneso*, 535 F.2d 752, 754 (2nd Cir. 1976). Summary judgment is inappropriate where a "question of fact exists as to when [a] plaintiff knew or could have discovered that an injury has been sustained as a result of the tortious act of another." *Page v. Hines*, 594 N.E.2d 485, 487 (Ind. Ct. App. 1992)(citing *Malachowski v. Bank One, Indianapolis,* 590 N.E.2d 559 (Ind. 1992)).

Here, Plaintiff has served a Plaintiff Profile Form indicating the alleged damages. Therefore, a disputed material fact exists in this matter. After the Profile Form was served, no further discovery has been completed in this matter, no depositions to date. Accordingly, Cook has not satisfied its burden to show the absence of a genuine issue of material fact, as detailed in multiple instances below, and therefore Cook's Premature Motion for Summary Judgment should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Cook's Motion for Summary Judgment.

        Respectfully submitted,

        **BURNETT LAW FIRM**

    By: */s/ Karen H. Beyea-Schroeder*
       Karen H. Beyea-Schroeder
       Riley L. Burnett
       3737 Buffalo Speedway, 18th Floor

       Houston, Texas  77098
       Office Tel: (832) 413-4410
       Cell: (832) 585-9829
       Fax: (832) 900-2120
       Email: Karen.Schroeder@RBurnettLaw.com
       RBurnett@RBurnettLaw.com

*Attorneys for Plaintiff(s)*

**Lead Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

/s/ *Karen H. Beyea-Schroeder*
Karen H. Beyea-Schroeder
BURNETT LAW FIRM
3737 Buffalo Speedway, 18th Floor
Houston, Texas  77098
Office Tel: (832) 413-4410
Fax: (832) 900-2120
Email: Karen.Schroeder@RBurnettLaw.com