IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Steven Sowards, 1:16-cv-02122

**PLAINTIFF STEVEN SOWARDS MEMORANDUM IN OPPOSITION
OF COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
<u>BASED ON STATUTE OF LIMITATIONS</u>**

COMES NOW Plaintiff Steven Sowards, by and through the undersigned counsel, and files this memorandum of law in opposition to the Cook Defendants' Motion for Summary Judgment Based on Statute of Limitations and avers:

**<u>INTRODUCTION</u>**

Plaintiff Steven Sowards ("Plaintiff") respectfully requests that this Honorable Court deny the Motion for Summary Judgment of Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS ("Cook"). Cook argues that Indiana choice of law rules and Indiana law applies because Plaintiff filed his claims directly in this MDL Court. In addition, Cook argues that Plaintiff's Express Warranty and Consumer Fraud Claims fail.

Plaintiff submits that Cook's choice of law argument is improper, Plaintiff did not discover the manufacturing defect until June 2016, and Plaintiff's Master Complaint contains numerous allegations that Cook had knowledge of the defects and failed to warn doctors and patients.

## ADDITIONAL FACTS

On July 29, 2009, a Cook IVC filter was implanted in Plaintiff subsequent to a traumatic injury. Aff. of Steven Sowards, attached as Ex. A, at 1. In February 2012, plaintiff began experiencing severe abdominal pain and sought medical treatment. *Id.* On February 27, 2012 Plaintiff learned for the first time that he had an IVC filter implanted and that the filter was the potential cause of the abdominal pain. On February 29, 2012 Plaintiff underwent open vascular surgery to remove the IVC filter. *Id.* The Plaintiff was advised by medical staff that his filter was not defective and that he had simply suffered a rare failure. *Id.* In June of 2016, Plaintiff read a news article describing a growing number of reports of IVC filter failures. *Id.* at 2. Based on the news article, Plaintiff for the first time had reason to believe or suspect that Cook's IVC filter might have been defective. Plaintiff timely filed his complaint on August 8, 2016. *See* Pl. Steven Sowards' Short Form Compl filed Aug. 8, 2016.

Plaintiff's Master Complaint contains numerous allegations that Cook had knowledge of the defects with its' IVC filters yet failed to warn doctors and patients. *See* Mast Compl., ¶ 3, 4, 46, 50, 52, 55-58, 77, 81-88, 91, 95, 103-106 and 113-120.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant also "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to

2

any material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. A.H. Robbings Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985). When considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

## LEGAL ARGUMENT

**A. In prior briefing before this Court, Cook conceded that plaintiff's home state choice of law principles should apply.**

On February 2, 2016, Cook moved for summary judgment in *Graham v. Cook*, Case No. 1:15-cv-764, arguing among other things the case was time-barred. [*See generally* Filing No. 1051.] Just like this case, *Graham* was not transferred to this district by the JPMDL; it was directly filed. [*See* Master Case List, p. 8.][1]

In a section of its *Graham* brief entitled "Choice of Law Analysis," Cook made clear that direct-filed cases like *Graham* are subject to the choice of law principles of their *home* forum, not the forum of the MDL court:

> When a case based on diversity is part of an MDL and is directly filed in the MDL forum as the result of a direct filing order, courts have found that the "better approach is to treat foreign direct filed cases [i.e., cases originating outside of this Court's judicial district but filed directly into the MDL] as if they were transferred from a judicial district sitting in the state where the case originated." *In re Yasmin*, 2011 U.S. Dist. LEXIS 39820, at *15, *18 (S.D. Ill. April 11,

---

[1] Given that this volume of the Master Case List spans more than 300 pages, Plaintiff does not attach it here. It is located on the Court's website at the following link: https://www.insd.uscourts.gov/sites/insd/files/MDL%202570%20Schedule%20A.pdf

3

[Filing No. 1051, at ECF p. 4252.] Cook went on: "Applying this law to the present case leads to the application of Kansas law." [*Id.*, at ECF p. 4253.]

The doctrine of judicial estoppel provides guidance here. As Justice Ginsburg explained: "judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quotation omitted). Judicial estoppel protects the integrity of the judicial process by preventing parties from "playing fast and loose with the courts," and is "intended to prevent improper use of judicial machinery." *Id*. at 750 (quotations omitted). This is precisely what Cook attempts to do here. Given its prior position on choice of law, the Court should reject Cook's contrary position out of hand.

> **B. Seventh Circuit precedent holds that foreign cases filed directly in an MDL are treated as having originated <u>outside</u> of the MDL district. Therefore, neither Indiana choice of law rules nor Indiana law apply to the Plaintiff.**

In *Dobbs v. Depuy Orthopedics, Inc.,* 842 F.3d 1045 (7th Cir. 2016), a plaintiff from Illinois direct-filed his case in the Northern District of Ohio as part of an MDL. The case was later transferred from the Ohio MDL to the Northern District of Illinois. Despite its direct filing, the Seventh Circuit held that the case originated in Illinois and therefore Illinois choice of law rules applied. *Id.* at 1048.

> Dobbs's claim . . . was filed in the Northern District of Ohio only because the DePuy multidistrict litigation was already in progress there. Dobbs's complaint stated that the Northern District of Illinois was the appropriate venue absent the multidistrict litigation. That advises treating the Northern District of Illinois as the original venue.
>
> In fact, district courts in our circuit have taken that approach: **foreign cases filed directly in a district court as part of ongoing multidistrict litigation are treated as having originated outside of that district.** We ratify that approach here and apply Illinois's choice-of-law rules.

4

*Id.* at 1048 (emphasis added) (citing, *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F. Supp. 2d 885, 888-89 (N.D. Ill. 2013), and *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-MD-02100-DRH, 2011 WL 1375011, at *5 (S.D. Ill. Apr. 12, 2011)).

The *Watson Fentanyl* decision—cited with approval by the Seventh Circuit in *Dobbs*—involved another case filed directly in an MDL court sitting in the Northern District of Illinois. 977 F. Supp. 2d at 886. The case concerned an Ohio resident who died in Ohio after using a fentanyl patch that was prescribed, purchased, and administered in Ohio. The Northern District of Illinois MDL court applied Ohio law and rejected attempts to apply Illinois law — even Illinois' choice of law rules.

> [T]he prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including choice of law rules) that applies is the law of the state where the case originated. The Court agrees with the cases just cited and concludes that the choice of law rules that apply are those of the state where the case originated.

*Id.* at 888 (internal citations omitted).

The *Watson Fentanyl* MDL court then went on to analyze the meaning of the term "originated":

> *[A] direct-filed case in an MDL proceeding is considered to have originated in the state where the plaintiff purchased and used the prescribed product.* That is how the place of filing is determined in [the] overwhelming majority of product liability cases, and it is a reasonable approach to determining the choice of law issue that has been presented.

*Id.* at 889 (emphasis added). Because the plaintiff was prescribed and used the fentanyl patch at his Ohio residence, the Illinois MDL court ruled that Ohio law should apply to this foreign direct filed case.[2]

---

[2] Similar to the approach taken by the Seventh Circuit, the *Watson Fentanyl* MDL court also noted that it could have applied California choice of law rules, because Plaintiffs' complaint suggested

5

*In re Yasmin*—cited with approval by the *Dobbs* and *Watson Fentanyl* courts **and Cook**[3]—involved numerous cases that originated outside of that court's judicial district and that were filed directly in the Southern District of Illinois MDL. Similar to Cook's faulty reasoning, the *Yasmin* plaintiffs argued that because the court was sitting in diversity in Illinois, Illinois was the proper forum and Illinois choice of law principals should control. *Id.* Judge Herndon rejected that argument and emphasized in bold type: **"Illinois choice of law principals do not control simply because this MDL Court is sitting in diversity in Illinois."** *Id*. (emphasis in original). Judge Herndon further wrote:

> The Court concludes that the better approach is to treat foreign direct filed cases as if they were transferred from a judicial district sitting in the state where the case originated. For purposes of this analysis, the Court considers the originating state to be the state where the plaintiff purchased and was prescribed the subject drug. Thus, for a foreign direct filed member action involving a plaintiff that purchased and was prescribed the subject drug in Tennessee, the Court will treat that plaintiff's claims as if they were transferred to this MDL from a district court in Tennessee.

*Id.,* at *6. *See also In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.,* 76 F. Supp. 3d 294, 303 (D. Mass. 2015) ("The home forum designation of the direct filing plaintiffs is the best evidence I have of what these plaintiffs would have done absent direct filing. Just as Mississippi plaintiffs would have had a choice between at least two proper forums in the absence of direct filing, so too do they have such an option with the direct filing procedure. I will therefore consider the forum that the direct filing plaintiffs designated on their short form complaints as the originating forum for the choice of law analysis."); *Wahl v. General Electric Co.,* 983 F.Supp. 2d 937, 943 (M.D. Tenn. 2013) ("Most of the courts that have considered this

---

that they would have filed their lawsuit in California. But even applying California choice of law rules, the Illinois MDL court concluded that Ohio law should apply and **not** the law of the MDL forum. *Id.* at 889-90.

[3] Filing No. 1051, at ECF p. 4252.

peculiar procedural posture have stated that it is appropriate to apply choice of law rules of the 'originating' jurisdiction [i.e. where the case would have been brought but for the CMO permitting direct filing], rather than the choice of law rules of the MDL Court. These courts have generally reasoned that the direct filing procedure is simply designed to promote judicial economy and conserve the parties' resources, not to alter the choice of law rules."); *In re Avandia Marketing, Sales Practices and Prods Liability Litig.,* 2012 WL 3205620, at *2 (E.D. Pa. August 7, 2012) ("The Court has concluded, as have other MDL courts, that such [direct filed] cases should be governed by the law of the states where Plaintiffs received treatment and prescriptions for Avandia. This ruling will promote uniform treatment between those Plaintiffs whose cases were transferred into the MDL from their home states and those who filed directly into the MDL.").

Thus, there are two different approaches for examining choice of law issues for direct filed cases in this MDL: (1) focus on the court designated by the plaintiff in the Short Form Complaint as the place of proper venue as discussed in the *Dobbs, In re Fresenius Granuflo,* and *Wahl* cases (and as Cook already argued); or (2) focus on the place where the plaintiff received the IVC filter prescription and treatment as held in the *In re Watson Fentanyl, In re Yasmin*, and *In re Avandia* cases. Under both approaches, neither Indiana choice of law rules nor Indiana law apply to these cases. It is undisputed that Plaintiff's Short Form Complaint unambiguously listed venue choices—just as the plaintiff in *Graham*—at locations outside of Indiana (specifically, Florida). Plaintiff purchased and was prescribed his IVC filter outside of Indiana. [*Id*.] Therefore, the Court should reject Cook's attempt to apply Indiana law.

7

### C. Under Florida law the discovery rule applies and Plaintiff's claims are timely

Under Florida law, Plaintiff's claims in this case are subject to a four year statute of limitations. Fla. Stat. 95.11(3). In calculating the time period for filing suit, Florida law provides that an action for products liability accrues "with the period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence…" Fla. Stat. 95.031(2)(b).

Plaintiff did not know or discover that the IVC filter itself was the cause of his medical problems until he read a news article describing numerous failures of IVC filters in June of 2016. Ex. A at 2. Prior to this time, Plaintiff did not have any reason to believe or suspect that the filter itself was the cause of his injuries and was in fact told by medical professionals that the filter was not defective and was not the cause of his injuries. *Id.* at 1.

Thus, the Florida four year statute of limitations began to run in June 2016 when Plaintiff discovered the filter may have had a manufacturing or design defect which cased his medical issues. Plaintiff then timely filed his complaint on August 8, 2016. As such, summary judgment should be denied.

### D. Plaintiff adequately plead fraudulent and deceptive concealment

Plaintiff's Master Complaint contains at least 31 paragraphs describing Cook Defendants' knowledge of the defects with its' IVC filter. The Master Complaint also describes Cook Defendants' failure to warn doctors and patients of said defects. Plaintiff also properly pled the tolling provision, which supports Plaintiff's claim that Cook Defendants' withholding of pertinent information prevent Plaintiff from discovering the cause of his injuries.

Plaintiff stated that he was unaware of the IVC defect until June 2016 when he watched a news broadcast and then conducted his own research online learned the Cook Defendants'

8

tortious conduct.  Plaintiff then properly filed his Complaint within the four-year statute of limitations.  Plaintiff has presented sufficient evidence to support his claims, and summary judgment is improper.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests this Honorable Court deny the Cook Defendants' Motion for Summary Judgment.

DATED:  October 29, 2019.

Respectfully submitted,

 */s/ Wesley A. Bowden*
Wesley A. Bowden, Esq., FL Bar # 64217
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
P.O. Box 12308 (32591-2308)
316 S. Baylen St., Suite 600
Pensacola, Florida 32502
wbowden@levinlaw.com
(850) 435-7186
(850) 436-6186 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

    */s/ Wesley A. Bowden*
Wesley A. Bowden, Esq., FL Bar # 64217
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
P.O. Box 12308 (32591-2308)
316 S. Baylen St., Suite 600
Pensacola, Florida 32502
wbowden@levinlaw.com
(850) 435-7186
(850) 436-6186 (fax)