UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| This Document Relates to: | | |
| Annette Sales-Orr, 1:16-cv-2636 Michael Fox, 1:17-cv-255 William Ivy, 1:16-cv-3319 Timothy Henderson, 1:17-cv-368 Betty Johnson, 1:17-cv-488 Emilie Apple, 1:16-cv-3244 | | |

**ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON THE STATUTE OF REPOSE**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants"), develop, manufacture, sell, and distribute medical devices for use in medical applications throughout the United States and the world. The medical devices at issue in this litigation are the Cook Defendants' Inferior Vena Cava Filters, most notably the Günther Tulip® Vena Cava Filter and the Cook Celect® Vena Cava Filter. These devices are used for the prevention of pulmonary embolism by trapping blood clots as they travel through the inferior vena cava. Annette Sales-Orr, Michael Fox, William Ivy, Timothy Henderson, Betty Johnson, and Emilie Apple, the Plaintiffs herein, allege that the Filters caused them personal

1

injuries for which they seek compensation pursuant to, *inter alia*, strict liability failure to warn, strict liability design defect, negligence, and breach of warranty.

This matter is before the court on Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). The court, having read and reviewed the parties' submissions and the applicable law, now finds the Cook Defendants' motion should be **GRANTED in part** and **DENIED in part**.

## I.      Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of ruling on the Cook Defendants' motion, the court accepts Plaintiffs' well-pleaded factual allegations as true and construes all reasonable inferences in their favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015).

## II.     Choice of Law

A federal district court sitting in diversity applies the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). Statutes of repose

are substantive matters. *See Nett ex rel. Nett v. Bellucci*, 269 F.3d 1, 5 (1st Cir. 2001); *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1223 (10th Cir. 1991); *Wayne v. T.V.A.*, 730 F.2d 392, 401-02 (5th Cir. 1984), *cert. denied,* 469 U.S. 1159 (1985); *Myers v. Hayes International Corp.,* 701 F. Supp. 618, 625 (M. D. Tenn. 1988); *Trinity Indus. Leasing Co. v. Midwest Gas Storage, Inc.*, 33 F. Supp.3d 947, 974 (N.D. Ill. 2014) (citing *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 637 n. 4 (Ind. 2012)).

This motion addresses those Plaintiffs, whose cases originated outside of this court's judicial district but were directly filed in this MDL forum ("foreign direct filed cases"), pursuant to the court's direct filing order. The specific issue raised in the present motion is whether the court should apply the choice-of-law rules of the MDL forum (Indiana) or the choice-of-law rules of the state where the case would have been brought had it not been part of this MDL.

In 2011, the Southern District of Illinois addressed this issue and held that "the best approach is to treat foreign direct filed cases as if they were transferred from the judicial district sitting in the state where the case originated." *In re Yasmin*, No. 3:09-md-2100-DRH-PMF, MDL No. 2100, 2011 U.S. Dist. LEXIS 39820, at *18 (S.D. Ill. April 11, 2011). The court adopts this approach, as it is in keeping with the rule that the transferee court applies the law of the state in which the transferor court is located. *Van Dusen v. Barrack,* 376 U.S. 612, 639 (1964) ("[W]here the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."). As noted by a sister

district court, "it would be an odd result to subject plaintiffs to [Indiana] law simply because they took advantage of the direct filing procedure—a procedure that provides benefits to all parties and preserves judicial resources." *In re Bausch & Lomb, Inc.*, Nos. 2:06-cv-2659-DCN and 2:06-cv-2716-DCN, MDL No. 1785, 2007 WL 3046682, at *3 (D.S.C. Oct. 11, 2007).

## III.   Discussion

### A.   Sales-Orr

Sales-Orr filed her Short Form Complaint[1] on October 4, 2016. (*In re: Cook Medical*, 1:16-cv-2636-RLY-TAB, Filing No. 1, Compl.). She was implanted with the Cook Bird's Nest Vena Cava Filter in March 2002 and the Cordis TrapEase Vena Cava Filter in June 2003. (*Id.* ¶ 11). At the time of implantation, Sales-Orr was a resident of Georgia, her surgery was performed in a Georgia hospital, and her alleged injury occurred while she was a Georgia resident. (*Id.* ¶¶ 4, 5, 12). She is now a resident of Tennessee. (*Id.* ¶ 6).

The parties disagree on whether Georgia or Tennessee choice-of-law rules apply. Georgia employs the *lex loci delecti* approach to choice of law in tort cases, which "requires application of the substantive law of the place where the tort or wrong occurred." *McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F. Supp. 2d 1329, 1332 (N.D. Ga. 2014) (quoting *Carroll Fulmer Logistics Corp. v. Hines*, 710 S.E.2d 888, 890 (Ga. Ct. App. 2011)). This is the place where the claimed injury was suffered, not the place

---

[1] All Plaintiffs' Short Form Complaints incorporate the MDL's Master Complaint by reference.

where the tortious act was committed. *Id.* Tennessee applies the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws §§ 6, 145, 146, and 175 (1971), under which the court applies the substantive law of the state that, "with respect to that issue, has the most significant relationship to the occurrence and the parties." *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992) (quoting Restatement (Second) Conflict of Laws (1971) § 145). Under either approach, a court addressing a claim of injuries in Georgia from a Georgia surgery on a then-Georgia resident would apply Georgia law. Thus, no conflict of law exists and no further analysis is necessary.

Georgia's product liability statute incorporates a statute of repose, barring claims for strict liability, negligence, or breach of warranty if the suit is not brought "within ten years from the date of the first sale." Ga. Code Ann. § 51-1-11; *see also Powell v. Harsco Corp.*, 433 S.E.2d 608, 609 (Ga. Ct. App. 1993) ("An action in products liability may proceed on one or a combination of theories of negligence, strict liability, or breach of warranty."). The statute reads, in relevant part:

> (b)(1) The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.
>
> (b)(2) No action shall be commenced pursuant to this subsection with respect to an injury after **ten years from the date of the first sale for use or consumption of the personal property** causing or otherwise bringing about the injury.

5

>  (c) The limitation of paragraph (2) of subsection (b) of this Code section regarding bringing an action within ten years from the date of the first sale for use or consumption of personal property **shall also apply to the commencement of an action claiming *negligence* of a manufacturer as the basis of liability**, except an action . . . arising out of conduct which manifests **a willful, reckless, or wanton disregard for life or property**. Nothing contained in this subsection shall relieve a manufacturer from the **duty to warn** of a danger arising from use of a product once that danger becomes known to the manufacturer.

Ga. Code Ann. § 51-1-11(b)(2) & (c) (emphasis added).

Here, the Cook Defendants contend Sales-Orr's tort claims are barred because she filed her Short Form Complaint more than ten years after her first surgery—i.e., "the date of first sale or use." Sales-Orr does not agree. She argues her claims fall within the exceptions noted in subsection (c)(2). Specifically, citing *Chrysler Corp. v. Batten*, 450 S.E.2d 208 (Ga. 1994), she argues her claim for failure to warn is outside the ambit of the statute of repose. She also argues her defective design claim—in fact, all of her claims—are subject to the statute's exception for willful, reckless, or wanton disregard for property or life.

The plain language of subsection 11(c) provides that the exception for willful, reckless, or wanton conduct applies to claims for negligence, not strict liability. *See Ivy v. Ford Motor Co.*, 646 F.3d 769, 773 (11th Cir. 2011) (analyzing exception for negligent design claim). Moreover, even though subsection (c) appears to exempt all failure to warn claims from the ten-year period of repose, Georgia courts do not interpret it in that manner. Instead, they interpret it to exempt only claims for negligent failure to warn, but not claims for strict liability failure to warn. *See Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1307 (11th Cir. 1999) (rejecting plaintiff's reliance on *Batten* because the

6

claim in *Batten* was negligent failure to warn, not strict liability failure to warn); *see also Thomas v. Hubtex Maschinenbau GmbH & Co KG*, No. 7:06-CV-81(HL), 2008 U.S. Dist. LEXIS 75124, at *25 (M.D. Ga. Sept. 23, 2008) (holding that Georgia's ten-year statute of repose does not, as a matter of law, apply to negligent failure to warn claims, but that the statute does apply to strict liability failure to warn claims). Therefore, Sales-Orr's strict liability claims set forth in Counts I and II and her claims for breach of warranty in Counts V and VI must be dismissed.

With respect to Sales-Orr's product liability claims sounding in negligence, she alleges the Cook Defendants' behavior was "willful, reckless" or constituted a "wanton disregard for life or property" through incorporation of the Master Complaint. (*In re Cook Medical*, 1:14-ml-2570-RLY-TAB, MDL No. 2570, Master Compl., Filing No. 213 ¶¶ 186-194). Although these allegations are set forth under the Master Complaint's claim for punitive damages, the placement of those allegations is not fatal. The first line of each count in the Master Complaint "repeat[s] and reallege[s] each and every allegation of the Master Complaint as if set forth in full in this cause of action." (*See, e.g., id.* ¶¶ 81, 185). The court therefore finds Sales-Orr's negligent design claim may go forward. And, for the reasons stated above, her negligent failure to warn claim may also go forward. *See Batten*, 450 S.E.2d at 213.

Lastly, Sales-Orr brings a claim(s) for "Violations of Applicable Georgia State Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices." (Short Form Complaint ¶ 14). The Cook Defendants have not cited a single case which holds that a consumer fraud claim brought under Georgia's Fair Business Practices Act or the

7

Uniform Deceptive Trade Practices Act is subject to the Georgia statute of repose. Therefore, Sales-Orr's consumer fraud claim (Count VII) shall remain.

**B.    Michael David Fox**

Fox filed his Short Form Complaint on January 30, 2017. (*In re: Cook Medical*, 1:17-cv-255-RLY-TAB, Filing No. 3, Compl.). He was implanted with the Günther Tulip® Vena Cava Filter on October 31, 2006. (*Id.* ¶ 11). At the time of implantation, Fox was a resident of Georgia, his surgery was performed in a Georgia hospital, his claimed injury occurred while he was a Georgia resident, and he remains a Georgia resident. (*Id.* ¶¶ 4, 5, 6, 12). Therefore, Georgia law applies.

Fox advances the same arguments as Sales-Orr. For the reasons explained above, his strict products liability and breach of warranty claims must be dismissed, but his claims sounding in negligence and consumer fraud remain.

**C.    William Ivy, Timothy Henderson, and Betty Johnson**

Ivy, Henderson, and Johnson filed their Short Form Complaints on December 8, 2016, February 3, 2017, and February 15, 2017, respectively. (*In re: Cook Medical*, 1:16-cv-3319-RLY-TAB, Filing No. 1, Compl.; *In re: Cook Medical*, 1:17-cv-368-RLY-TAB, Filing No. 1, Compl.; *In re: Cook Medical*, 1:17-cv-488-RLY-TAB, Filing No. 1, Compl.). Ivy, Henderson, and Johnson were implanted with the Günther Tulip® Vena Cava Filter on September 3, 2004, May 14, 2006, and December 10, 2005, and allegedly suffered injuries from the device while residing in Tennessee. (*Id.* ¶¶ 4, 12). All are current residents of Tennessee. (*Id.* ¶ 6). Therefore, Tennessee law applies. *McKinley*, 830 S.W.2d at 59.

8

These Plaintiffs appear to concede that their strict liability failure to warn and design defect claims are barred by the 10-year statute of repose. *See* Tenn. Code Ann. § 29-28-103(a). They argue, however, that the balance of their claims[2] based on negligence, negligence per se, and breach of express and implied warranty, survive. The court does not agree. The Tennessee Products Liability Act of 1978 ("TPLA") defines "product liability action" accordingly:

> "Product liability action" for purposes of this chapter shall include all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

Tenn. Code Ann. 29-28-102(6). Applying the above definition to Plaintiffs' claims based upon the Cook Defendants' Filter, the court finds all of their claims are subject to the statute of repose.

Plaintiffs also argue that the application of the statute of repose violates the Equal Protection Clause of the U.S. Constitution and the Class Legislation Clause of the Tennessee State Constitution. U.S. Const. amend. XIV, § 1; Tenn. Const. art. XI, § 8. Tennessee courts employ an equal protection analysis under Article XI, Section 8 of the Tennessee Constitution that is nearly identical to the equal protection analysis under the

---

[2] Unlike Ivy and Johnson, Henderson also brought a claim under Tennessee's consumer protection statute.

9

federal Constitution. *See King-Bradwall Partnership v. Johnson Controls, Inc.*, 865 S.W.2d 18, 21 (Tenn. Ct. App. 1993) ("[T]he Supreme Court of Tennessee has adopted a virtually identical equal protection standard or analysis under Article XI, Section 8 of the Tennessee Constitution."). Therefore, these claims will be addressed together.

The TPLA's statute of repose reads, in relevant part:

(a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition . . . must be brought within ten (10) years from the date on which the product was first purchased for use or consumption . . . .

(b) The foregoing limitation of actions shall not apply to any action resulting from exposure to asbestos or to the human implantation of silicone gel breast implants.

(c)(1) Any action against a manufacturer or seller for injury to a person caused by a silicone gel breast implant must be brought within a period not to exceed twenty-five (25) years from the date such product was implanted; provided, that such action must be brought within four (4) years from the date the plaintiff knew or should have known of the injury.

Tenn. Code Ann. § 29-28-103. According to Plaintiffs, there is no rational basis for the distinctions between their claims and the exceptions found in the statute of repose for asbestos-related and silicone gel implant health problems because the injuries from the subject Filters also have long latency periods.

A rational basis "inquiry employs a relatively relaxed standard reflecting the court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1136 (6th Cir. 1986) (quoting *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 314 (1976)). Under this test, a classification in a statute does not violate equal protection

"'if any state of facts reasonably may be conceived to justify it.'" *Spence v. Miles Labs., Inc.*, 810 F. Supp. 952, 961-62 (E.D. Tenn. 1992) (quoting *Dandridge v. Williams*, 397 U.S. 471, 485 (1970)). If the classification has a rational basis, "it is not unconstitutional merely because it results in some inequality." *Kochins*, 799 F.2d at 1136.

Plaintiffs rely on *Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98 (Tenn. Ct. App. 1995) for the proposition that a general exemption for all latent injury claims may more effectively serve the Tennessee legislature's intended purpose. In *Wyatt*, the defendants argued that the asbestos exception unfairly singled out asbestos producers and sellers by exempting asbestos claims from the statute of repose. The Tennessee Court of Appeals rejected their argument: "[W]e cannot say that the General Assembly's decision to classify asbestos-related claims differently from other latent-injury claims is so patently arbitrary as lacking any rational basis." *Id.* at 106. Likewise here, the claimed similarity between Plaintiffs' Filter-based claims and the asbestos and silicone implant claims excepted from Tennessee's statute of repose does not establish that the statutory classification has no rational basis or is completely arbitrary. Indeed, "'[i]t is no requirement of equal protection that all evils of the same genus be eradicated or none at all.'" *Id.* (quoting *Railway Express Agency v. People of New York*, 336 U.S. 106, 110 (1948)). *See also Kochins,* 799 F.2d at 1139 ("[W]e think the statute's exemption of asbestos-related injuries has a rational basis if only because such injuries often take considerably longer than ten years to manifest themselves."); *Spence,* 810 F. Supp. at 963 (holding statute of repose does not violate equal protection by its different treatment of injuries from asbestos exposure and exposure to HIV-contaminated blood products). The

11

court therefore finds the Tennessee legislature's decision to except asbestos and silicone implant claims from the TPLA's statute of repose does not offend the Equal Protection Clause or the Class Legislation Clause of the Tennessee State Constitution. Accordingly, Ivy's, Henderson's, and Johnson's claims must be dismissed.

### D.  Emilie Apple

Apple filed her Short Form Complaint on November 30, 2016. (*In re: Cook Medical*, 1:16-cv-3244-RLY-TAB, Filing No. 1, Compl.). She was implanted with the Günther Tulip® Vena Cava Filter on September 7, 2001. (*Id.* ¶ 11). At the time of implantation, Apple was a resident of Texas, her surgery was performed in a Texas hospital, her claimed injury occurred while she was a Texas resident, and she remains a Texas resident. (*Id.* ¶¶ 4, 5, 6, 12). Like Tennessee, Texas law applies the "most significant relationship" test for purposes of choice-of-law analysis. *Quicksilver Res. Inc. v. Eagle Drilling LLC*, 792 F. Supp. 2d 948, 951 (S.D. Texas 2011) (citing *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979)). Pursuant to that standard, Texas law applies.

Under Texas law, a "products liability action" is defined as:

> any action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product, whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories, and whether the relief sought is recovery of damages or any other legal or equitable relief, including a suit for: . . . personal injury . . . .

Tex. Code Ann. § 160.12(a)(2). Texas law applies a 15-year statute of repose in product liability cases, measured from the date the defendant sold the product. Tex. Code Ann. § 160.12(b) ("Except as provided by Subsections (c), (d), and (d-1), a claimant must

12

commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant."). The statute provides an exception where a seller expressly warrants that a product will last more than 15 years. *Id.* § 160.122(c) ("If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action against that manufacturer or seller of the product before the end of the number of years warranted after the date of the sale of the product by that seller.").

In support of her express warranty claim, Apple filed her own affidavit and the Günther Tulip Vena Cava Filter Patient Guide. Relying on this evidence, she maintains the Cook Defendants warranted the Filter as a permanent device in two ways. First, immediately prior to implantation of the device, she "was told that the device was permanent, with no long term side effects." (*See* Filing No. 4440-2, Affidavit of Emilie Apple ¶ 1). Second, the Patient Guide states that the Filter is often used as a permanently implanted device and "is safe and effective as either a permanent or temporary device." (Filing No. 4440-3, Patient Guide at 6).

Typically, motions to dismiss or for judgment on the pleadings may not include materials outside of the pleadings. *McCready v. eBay*, 453 F.3d 882, 891 (7th Cir. 2006); *Gottlieb v. Memorial Hosp. v. Sprinkmann Sons Corp.*, 474 F. Supp. 2d 942, 945 (N.D. Ill. 2006) (citing *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 453 n.5 (7th Cir. 1998)). A "narrow exception" to this general rule permits "documents attached to a motion to dismiss [to be] considered part of the pleadings if

13

they are referred to in the plaintiff's complaint and are *central* to [the plaintiff's] claim." *Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir.1998) (emphasis in original). Apple did not assert these allegations, or refer to the Patient Guide, in her Short Form Complaint or in the Master Complaint. In fact, the express warranty claim in the Master Complaint alleges that the Cook Filters were not fit for their intended purpose and were not of merchantable quality; it does not allege they were marketed as permanent devices. (*See* Master Compl. ¶¶ 95-96). As this is a motion for judgment on the pleadings, the omission of her specific warranty allegations is fatal. But even if she had included these allegations in her Short Form Complaint, her claim would not survive.

Under Texas law, a plaintiff bringing the breach of an express warranty concerning a product must allege and establish six elements:

> (1) an express affirmation of fact or promise by the seller relating to the goods;
>
> (2) the affirmation of fact or promise became a part of the basis of the bargain;
>
> (3) the plaintiff relied upon said affirmation of fact or promise;
>
> (4) the goods failed to comply with the affirmations of fact or promise;
>
> (5) the plaintiff was injured by such failure of the product to comply with the express warranty; and
>
> (6) that such failure was the proximate cause of plaintiff's injury.

*Morris v. Adolph Coors Co.,* 735 S.W.2d 578, 587 (Tex. App. 1987) (citations omitted). Here, with respect to the verbal warranty that Apple claims occurred immediately prior to her surgery, she fails to identify who made the "express affirmation of fact or promise" to

her relating to the Filter. She cannot sustain an express warranty claim against the Cook Defendants based on the allegation of a representation or promise by some unknown third party.

With respect to the express warranty she claims is set forth in the Patient Guide, the text at issue reads:

> The Günther Tulip™ Vena Cava Filter is often used as a permanently implanted device. Patients are able to lead a normal, active lifestyle, and rarely have complications from having the filter implanted. The Gunther Tulip™ Vena Cava may also be removed if your risk of pulmonary embolism has diminished. However, there is a limited amount of time that the filter can be implanted if it is to be safely removed. Please consult with your physician to see if he or she plans to retrieve the filter or leave it in. Remember, the Gunther Tulip™ Vena Cava Filter is safe and effective as either a permanent or temporary device.

(Filing No. 4440-3, Patient Guide at 6). To the extent this could be construed as a warranty lasting more than 15 years, Apple fails to establish the reliance element because she does not claim that she actually read or relied on the Patient Guide's language. Her affidavit does not assert that she read the Guide before her surgery, much less that she relied on the Guide rather than her own doctor's recommendation. Accordingly, Apple cannot rely on the express warranty exception to the Texas statute of repose.

### IV. Conclusion

For the reasons explained above, the Cook Defendants' Motion for Judgment on the Pleadings (Filing No. 4186) is **GRANTED in part** and **DENIED in part**. Specifically, the court **GRANTS** the motion with respect to the strict products liability and breach of warranty claims brought by Annette Sales-Orr and Michael Fox, but

**DENIES** the motion with respect to their negligence and consumer fraud claims.

Additionally, the court **GRANTS** the motion with respect to the claims brought by William Ivy, Timothy Henderson, Betty Johnson, and Emilie Apple.

**SO ORDERED** this 31st day of May 2017.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.