IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                      MDL No. 2570

_____

This Document Relates to the following Plaintiff:

    Brian Giddens
    Civil Case #1:16-cv-00996-RLY-TAB

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE COOK DEFENDANT'S
OMNIBUS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Brian Giddens, by and through Plaintiff's counsel of record, and respectfully asks the Court to deny the Cook Defendants' Omnibus Motion for Summary Judgment Based on Statute of Limitations (Dkt. 11921.)  In Support, Plaintiff states the following:

**INTRODUCTION**

On October 1, 2019, the Cook Defendants moved for summary judgment in 26 cases, including Plaintiff Brian Giddens' case. In their motion, the Cook Defendants contend, "Because these cases were originally filed in this district, the Southern District of Indiana, Indiana's two-year statute of limitations applies to the claims. These Plaintiffs, however, failed to commence their actions within two years after they underwent surgical 'open retrieval' procedures, which was the latest possible point at which their causes of action accrued." In addition, the Cook Defendants argue that Plaintiff's Express Warranty and Consumer Fraud claims fail. Plaintiff contends that summary judgment is not appropriate in his case, and that it was timely filed. Plaintiffs' Master Complaint contains numerous allegations that the Cook Defendants had

1

knowledge of the defects of its IVC filter and failed to warn doctors and patients. Because Plaintiff was not aware that the IVC filter may have been defective at the time of his surgery, the discovery rule applies to toll Plaintiff's statute of limitations, and Plaintiff's claim is not time-barred under the applicable statute of limitations.

## STATEMENT OF MATERIAL FACTS IN DISPUTE

On June 21, 2009, Plaintiff sustained severe injuries in a motorcycle collision, including a traumatic brain injury. As part of his extensive treatment, including multiple orthopedic surgeries, for the polytrauma caused by the collision, Plaintiff was implanted with a Cook Celect IVC filter on August 10, 2009, in Ohio. In April of 2010, Plaintiff presented to the hospital with complaints of abdominal pain. A CT scan was performed and revealed a small potential fluid collection near the area of the colon or duodenum and the inferior vena cava and demonstrated "a likely perforation of the inferior vena cava" by the filter; however, it was noted that this was not at the location of the Plaintiff's abdominal pain. The Plaintiff was instructed to return within a month for re-evaluation and possible exploratory laparotomy in the event that his abdominal pain worsened. Plaintiff returned to the hospital on May 11, 2010, with continuing abdominal pain. An exploratory laparotomy was performed on May 11, 2010, and the Cook Defendants' IVC filter was removed during this surgery at the Plaintiff's request. The surgeon performing the exploratory laparotomy advised the Plaintiff that removing the filter would most likely not relieve the abdominal pain, and there is no indication in the medical record that the treating physicians knew or indicated to the Plaintiff that any injuries were caused by any defect with the IVC filter itself. It was not until 2015 that Plaintiff realized the IVC filter was defective and hired legal representation to pursue a products liability claim. Consequently, Plaintiff timely filed

his Complaint on May 2, 2016. See Pl. Brian Giddens' Short Form Compl. filed May 2, 2016. Plaintiffs' Master Complaint contains numerous allegations regarding defects of the IVC filter implanted in Plaintiff, and that the Cook Defendants had knowledge of the defects yet failed to warn doctors and patients.  See Master Compl., 3, 4, 46, 50, 52, 55-58, 77, 81-88, 91, 95, 103-06 and 113-20.

## STANDARD OF REVIEW

Summary judgment is appropriate "only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1004 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56).  In evaluating a motion for summary judgment, the court must view the facts and draw all reasonable inferences in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

## ARGUMENT

### I. Choice of Law Applied to Plaintiff's Case

Plaintiff incorporates all of the arguments contained in Plaintiffs' Steering Committee's Response regarding choice of law. *See* Resp. of Pl.'s Steering Committee to the Cook Defs.' Renewed Omnibus Mot. For Summ. J., filed October 3, 2019. However, in light of the Court's ruling that Indiana law applies, Plaintiff's Response will apply Indiana law. See Entry on October 25, 2019 Hearing on Cook's Renewed Omnibus Motion for Summary Judgment on Statute of Limitations (Dkt. 12256).

## II. Under Indiana Law, the Discovery Rule Applies, and Plaintiff's Claims Are Timely.

Indiana imposes a two-year statute of limitations for product liability claims. Ind. Code § 34-20-3-1. Indiana law adopts the discovery rule in products liability cases. *Degussa Corp. v. Mullens*, 744 N.E. 2d 407, 410 (Ind. 2001). A tort action "accrues," and the statute of limitations begins to run, when the plaintiff knows or, in the exercise of ordinary diligence, could discover that an injury had been sustained as a result of the tortious act of another. *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992); *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, 87-88 (Ind. 1985) (holding that limitations did not begin to run on claims against medical device manufacturer until plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another). In *Degussa*, the Indiana Supreme Court stated that "case law regarding medical malpractice claims is instructive because medical and diagnostic issues are common between the two actions." *Id.* The Court continued, the question of when the plaintiff "discovered facts which, in the exercise of reasonable diligence, should lead to discovery of the medical malpractice and resulting injury, is often a question of fact." *Id.* at 410-11 (quoting *Van Dusen v. Stotts*, 712 N.E.2d 491, 499 (Ind. 1999)). "Once a plaintiff's doctor **expressly informs** the plaintiff that there is a 'reasonable possibility, if not a probability' that an injury was caused by an act or product, then the statute of limitations begins to run and the issue may become a matter of law." *Id.* at 411 (quoting *Van Dusen v. Stotts*, 712 N.E.2d 491, 499 (Ind. 1999)) (emphasis added).

In this case, Plaintiff was not expressly informed by his treating physicians and was not otherwise aware that the IVC filter removed during his exploratory laparotomy in May 2010 may have had a manufacturing or design defect, which caused his medical issues. Instead, Plaintiff

4

was aware that he was suffering abdominal pain following extensive orthopedic surgeries in 2009 related to traumatic brain injury and other complications following the motorcycle collision in June of 2009. Plaintiff's treating doctors did not advise him that his abdominal pain was in any way caused by the IVC filter. Therefore, the two-year statute of limitations did not begin to run until 2015 when Plaintiff learned about the defects of his previously removed IVC filter and that he had a potential products liability claim. Plaintiff filed his Complaint in May of 2016, well within the two-year statute of limitations. Moreover, Cook Defendants' actions and fraudulent conduct in promoting the use of the Cook IVC filters, including affirmative misrepresentations and omissions regarding the efficacy and safety of such products contributed to Plaintiffs inability to discover the defective IVC filter until 2015. As such, summary judgment should be denied.

### III.   Reliance on Plaintiff's Case Categorization Form for Summary Judgment Purposes Is Improper.

Case specific discovery has not been conducted in this case. Instead, the Cook Defendants rely on Plaintiff's Case Categorization Form as support for their motion. Plaintiff respectfully submits that Cook's reliance on the Form is improper because the Form states that it "is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan **only** and is not admissible and is not to be considered relevant for any other purpose." (Dkt. 9638-1 at 64998 (emphasis added)). The Cook Defendants' reliance on Plaintiff's Case Categorization Form is improper, and summary judgment should be denied.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests this Court deny the Cook Defendants' Motion for Summary Judgment. If the Court is not inclined to deny the Motion outright, it should stay its ruling pending further fact discovery.

Respectfully submitted:

*/s/ Sindhu S. Daniel*_____
Sindhu S. Daniel
NJ Bar No. 010711996
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue
Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
sdaniel@baronbudd.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Sindhu S. Daniel*_____
Sindhu S. Daniel