# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Actions only:

> Annette Sales-Orr, No. 1:16-cv-02636
> Michael Fox, No. 1:17-CV-00255
> William Ivy, No. 1:16-cv-3319
> Timothy Henderson, No. 1:17-cv-00368
> Betty Johnson, No. 1:17-cv-00488
> Emilie Apple, No. 1:16-cv-03244

_____

## COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively "the Cook Defendants") move this Court pursuant to Fed. R. Civ. P. 12(c) to dismiss the cases brought by plaintiffs Annette Sales-Orr, Michael Fox, William Ivy, Timothy Henderson, Betty Johnson, and Emilie Apple on the ground that each plaintiff failed to commence his or her action within the state statute of repose applicable to her or his claims.

**I.      Legal Standard for Motion to Dismiss and Choice-of-Law Rules**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed the Complaint and the Answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The standard for judgment on the pleadings under Rule 12(c) is the same as the standard

Case 1:14-ml-02570-RLY-TAB   Document 4186-1   Filed 03/27/17   Page 2 of 12 PageID #: 9193

for dismissal under Rule 12(b)(6): the plaintiff must state a claim that is plausible on its face under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Vinson v. Vermillion County, Ill.*, 776 F.3d 924, 928 (7th Cir. 2015); *Ball v. City of Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014). The Court may grant a Rule 12(c) motion if "the plaintiff cannot prove any facts that would support [her] claim for relief." *Id.* In ruling on a motion for judgment on the pleadings, the Court must "accept as true all well-pleaded facts," *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000), and must "view the facts in the complaint in the light most favorable to the nonmoving party." *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. The court need not, however, accept the plaintiff's legal conclusions. *Rogers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 197 (7th Cir.1985).

As to what state's law applies, court sitting in diversity actions like these apply the substantive law of the state in which the federal court is located. *See Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 82 L. Ed. 2d 1188 (1938) and *Guaranty Trust v. York*, 326 U.S. 99, 89 L. Ed. 2d 2079 (1945). Statutes of limitations are substantive matters for purposes of the *Erie* doctrine. *Id*.

However, where a case based on diversity is part of an MDL and is directly filed in the MDL forum as the result of a direct filing order, as occurred with the six cases here, courts have found that the "better approach is to treat foreign direct filed cases [i.e., cases originating outside of this Court's judicial district but filed directly into the MDL] as if they were transferred from a judicial district sitting in the state where the case originated." *In re Yasmin*, 2011 U.S. Dist. LEXIS 39820, at *15, *18 (S.D. Ill. April 11, 2011). In *Yasmin,* plaintiffs alleged defendant's prescription drugs were defective and the court held that it "considers the originating state to be the state where the plaintiff purchased and was prescribed the subject drug." *Id.* Accordingly, the

2

Case 1:14-ml-02570-RLY-TAB   Document 4186-1   Filed 03/27/17   Page 3 of 12 PageID #: 9184

*Yasmin* court treated each plaintiff's claims "as if they were transferred to this MDL from a district court [where the plaintiff purchased and was prescribed the subject drug]." *Id.* at *18-19. Here, as discussed below with respect to each state, the plaintiffs' Short Form Complaints demonstrate that their claims "originated" in their respective home states of Georgia, Tennessee, and Texas, and those states' choice-of-law rules apply.

## II.   Statutes of Repose.

Plaintiffs' claims in the cases listed above are barred by the statutes of repose imposed by Plaintiffs' respective states. In the product liability context, statutes of repose extinguish all rights to assert any product-liability claims based on a particular product after a certain number of years have passed since that product was manufactured or sold, or left the control of the manufacturer. Unlike statutes of limitation, which limit the period in which a plaintiff may seek a remedy for an accrued claim, statutes of repose do not depend on when a plaintiff's cause of action accrues or when a plaintiff learns of an injury. As one Tennessee court described it:

> Courts in Tennessee have consistently pointed out the distinction between a statute of limitations and a statute of repose. The former has been described as affecting only a party's remedy for a cause of action, while the running of a statute of repose has been said to "nullif[y] both the remedy and the right." *Bruce v. Hamilton*, 894 S.W.2d 274, 276 (Tenn.App.1993); *Via v. General Elec. Co.*, 799 F. Supp. 837, 839 (W. D. Tenn. 1992). Generally speaking, the critical distinction in classifying a statute as one of repose or one of limitations is the event or occurrence designated as the "triggering event," i.e., the event that starts the "clock" running on the time allowed for the filing of suit. In a traditional statute of limitations, the triggering event is typically the accrual of the action, i.e., when all the elements of the action, including injury or damages, have coalesced, resulting in a legally cognizable claim. A statute of repose, on the other hand, typically describes the triggering event as something other than accrual, prompting courts to note that such statutes are "entirely unrelated to the accrual of any action ..." *Watts v. Putnam Co.*, 525 S.W.2d 488, 491 (Tenn.1975), *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn.1995).

*Wyatt v. A-Best Products Co.*, 924 S.W.2d 98, 102 (Tenn. App. 1995). A Texas court described the statute of repose in similar terms:

3

Case 1:14-ml-02570-RLY-TAB   Document 4186-1   Filed 03/27/17   Page 4 of 12 PageID #: 9195

> Unlike a statute of limitations, which extinguishes the right to prosecute an accrued cause of action after a period of time, a statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. *Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355, 363 (5th Cir.2005).

*Burlington Northern v. Gunderson, Inc.*, 235 S.W.3d 287, 292 (Tex. App. 2007)

As a consequence, a statute of repose may extinguish a particular plaintiff's claim before that claim even accrues:

> Because a statute of repose sets the triggering event as something other than accrual, it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff becomes aware of his or her injury. *See Cronin* [*v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995)]; *Bruce*[*v. Hamliton*, 894 S.W.2d 274, 276 (Tenn. App. 1993)] ("A statute of repose is a substantive provision because it expressly qualifies the right which the statute creates by barring a right of action even before the injury has occurred if the injury occurs subsequent to the prescribed time period.") This possibility has prompted courts to hold that statutes of repose affect the substantive right of a party to bring suit, as well as the remedy. *Id.*

*Wyatt*, 924 S.W.2d at 102 (holding statute of repose extinguished asbestos personal-injury claim before claim accrued); *see also Burlington Northern v. Gunderson*, 235 S.W.3d at 292 (holding statute of repose "abolishes the cause of action after the passage of time even though the cause of action may not have yet accrued," citing *Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355, 363 (5th Cir. 2005)).

### III. The Cook Defendants are Entitled to Dismissal of Plaintiffs' Claims Based on Statutes of Repose

As detailed below, these six plaintiffs' pleadings establish as a matter of law that state statutes of repose extinguished all of their claims before they commenced their respective actions against the Cook Defendants. The Cook Defendants are therefore entitled to dismissal of those claims under Rule 12(c) for failure to state a claim on which relief can be granted.

### A. Georgia (Annette Sales-Orr, Michael Fox)

Georgia's statute of repose bars the claims of two Georgia plaintiffs—Annette Sales-Orr and Michael Fox—who failed to bring claims within the 10 years required by the statute.[1] Georgia's product liability statute and its related statute of repose state in relevant part:

> (b)(1) The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.
>
> (2) No action shall be commenced pursuant to this subsection with respect to an injury after ***ten years from the date of the first sale for use or consumption of the personal property*** causing or otherwise bringing about the injury.
> \*\*\*
> (c) The limitation of paragraph (2) of subsection (b) of this Code section regarding bringing an action within ten years from the date of the first sale for use or consumption of personal property ***shall also apply to the commencement of an action claiming negligence of a manufacturer as the basis of liability***, except an action … arising out of conduct which manifests a willful, reckless, or wanton disregard for life or property. Nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer.

O.C.G.A. § 51-1-11 (emphasis added). Both of these Georgia plaintiffs failed to bring their actions within ten years of "the first sale for use or consumption" of the Cook filter at issue, and the Cook Defendants are entitled to dismissal of all of their claims.

---

[1] Georgia law applies to both plaintiffs' claims. Georgia applies the rule of *lex loci delicti*, which requires application of the substantive law of the place where the tort or wrong occurred. This is the place where the claimed injury was suffered, not the place where the tortious act was committed. *McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F.Supp.2d 1329 (N.D. Ga., 2014) (citing *Carroll Fulmer Logistics Corp. v. Hines*, 309 Ga. App. 695, 710 S.E.2d 888, 890 (2011) and *Risdon Enters., Inc. v. Colemill Enters., Inc.*, 172 Ga. App. 902, 324 S.E.2d 738, 740 (1984)). Here, both plaintiff Sales-Orr and plaintiff Fox allege that they were residents of Georgia at the time of both their implantations and their injuries. *See* Pl. Short Form Complaint ¶¶ 4-5 (Dkt. 1, Case No. 1:16-cv-02636) (Sales-Orr); Pl. Short Form Complaint ¶¶ 4-5 (Dkt. 1, Case No. 1:17-CV-00255).

In a meet-and-confer exchange with the Cook Defendants' counsel, one Plaintiffs' counsel suggested that the final sentence of section 51-1-11—noting a manufacturer's duty "to warn of a danger arising from use of a product once that danger becomes known to the manufacturer"—exempts all failure-to-warn claims from the statute of repose, and cited *Chrysler Corp. v. Batten*, 450 S.E.2d 208, 213 (Ga. 1994) ("the exclusion places failure-to-warn causes of action outside the ambit of the statute of repose"). The exception noted by *Batten* and the subsequent cases that rely on it, however, addresses a manufacturer's continuing *post*-sale duty to warn of newly discovered risks. In contrast, Plaintiffs' claims here rely on allegations of the Cook Defendants' knowledge of risks at the before and at the time of the Plaintiffs' implantations. *See* Master Compl. (Case 1:14-ml-02570, Dkt. 213) ¶ 56 (claiming that "these risks and dangers were known or knowable at the times of distribution and implantation in Plaintiffs"). *Batten* and its progeny thus do not address the situation presented here and do not bar application here of Georgia's statute of repose.[2]

1. Annette Sales-Orr

According to Plaintiff Annette Sales-Orr's pleading, the implantation of her Cook Bird's Nest Vena Cava Filter occurred "on or around March 2002." Pl. Short Form Complaint ¶¶ 10-11 (Dkt. 1, Case No. 1:16-cv-02636). As a consequence, "the date of the first sale for use…of"

---

[2] Nor have Plaintiffs saved their claims by including in their punitive damages counts general allegations of "conduct which manifests a willful, reckless, or wanton disregard for life or property" under O.C.G.A. 51-1-11(c). *See* Master Complaint ¶¶ 188, 193, 194. Because the statute of repose bars plaintiffs' claims for *compensatory* damages, plaintiffs' claims for punitive damages necessarily fail as well; under Georgia law, one cannot recover punitive damages in the absence of actual damages. *See, e.g., Wade v. Culpepper*, 279 S.E.2d 748 (Ga. Ct. App. 1981) (holding that an "award of punitive damages ... in the absence of any finding of actual damages, is improper as a matter of law..... A judgment based on such a verdict will be set aside.") (citations omitted).

6

US.110683796.10

those filters was March 2002, and the 10-year statute of repose expired (at the latest) in March of 2012.

Ms. Sales-Orr filed her complaint in this litigation on October 4, 2016, *see generally id.*, and she thus commenced her action against Defendants over 14 years after receiving her implantation. Georgia's 10-year statute of repose bars her action.

    2.    <u>Michael Fox</u>

According to Plaintiff Michael Fox's pleading, the implantation of his Gunther Tulip Vena Cava Filter occurred on October 31, 2006. Pl. Short Form Complaint ¶¶ 10-11 (Dkt. 1, Case No. 1:17-CV-00255). As a consequence, "the date of the first sale for use…of" those filters was October 31, 2006, and the 10-year statute of repose expired (at the latest) on October 31, 2016.

Mr. Fox filed his complaint in this litigation on January 30, 2017, *see generally id.,* and thus commenced his action against Defendants over 10 years and three months after receiving his implantation. Georgia's 10-year statute of repose bars his action.

    **D.**    **Tennessee (William Ivy, Timothy Henderson, Betty Johnson)**

Tennessee's statute of repose bars the claims of three plaintiffs—William Ivy, Timothy Henderson, and Betty Johnson—who failed to bring claims within the 10 years required by the statute.[3] Tennessee law requires that a product liability action be brought within 10 years of the

---

[3] Tennessee law applies to these plaintiffs' claims. In Tennessee, choice of law in tort claims is determined by the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). Under this rule, the law of the state with "the most significant relationship to the occurrence [at issue] and the parties" will govern. *McMahan Jets, LLC v. Roadlink Transp., Inc.*, 68 F.Supp.3d 817 (W.D. Tenn., 2014) (quoting Restatement (Second) of Conflict of Laws § 145(1) (1971)). Here, plaintiffs Ivy, Henderson, and Johnson all allege that they were residents of Tennessee at the time of both their implantations and their injuries. *See* Pl. Short Form Complaint ¶¶ 4-5 (Dkt. 1, Case No. 1:16-cv-3319) (Ivy); Pl. Short Form Complaint ¶¶ 4-5 (Dkt. 1, Case No. 1:17-cv-

7

date the product was first purchased for use or consumption.  The relevant Tennessee statutory language provides:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by [specific statutes]… ***in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption,*** or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter…

Tenn. Code. Ann. § 29-28-103(a) (emphasis added); *see also Wyatt v. A-Best Products Co.*, 924 S.W.2d 98, 102 (Tenn. App. 1995) (noting legislature's "use of the words 'in any event' underscores the unconditional nature of the ten-year limitation").

All three of these Tennessee plaintiffs failed to bring their actions within ten years of "the first sale for use or consumption" of the Cook filter at issue, and the Cook Defendants are entitled to dismissal of their claims.

1. <u>William Ivy</u>

According to Plaintiff William Ivy's pleadings, the implantation of his Gunther Tulip Vena Cava Filter occurred on September 3, 2004.  Pl. Short Form Complaint ¶¶ 10-11 (Dkt. 1, Case No. 1:16-cv-3319).  As a consequence, "the date on which the product was first purchased for use or consumption" was September 3, 2004, and the statute of repose expired (at the latest) on September 3, 2014.

Mr. Ivy filed his complaint in this litigation on December 8, 2016, *see generally id.*, and thus commenced his action against Defendants over 12 years and three months after receiving his implantation.  Tennessee's 10-year statute of repose bars his action.

---

00368) (Henderson); Pl. Short Form Complaint ¶¶ 4-5 (Dkt. 1, Case No. 1:17-cv-00488) (Johnson).

8

2. <u>Timothy Henderson</u>

According to Plaintiff Timothy Henderson's pleadings, the implantation of his Gunther Tulip Vena Cava Filter occurred on May 14, 2006.  Pl. Short Form Complaint ¶¶ 10-11 (Dkt. 1, Case No. 1:17-cv-00368).  As a consequence, "the date on which the product was first purchased for use or consumption" was May 14, 2006, and the statute of repose expired (at the latest) on May 14, 2016.

Mr. Henderson filed his complaint in this litigation on December 8, 2016, *see generally id.*, and thus commenced his action against Defendants over 10 years and six months after receiving his implantation.  Tennessee's 10-year statute of repose bars his action.

3. <u>Betty Johnson</u>

According to Plaintiff Betty Johnson's pleadings, the implantation of her Gunther Tulip Vena Cava Filter occurred on December 10, 2005.  Pl. Short Form Complaint ¶¶ 10-11 (Dkt. 1, Case No. 1:17-cv-00488).  As a consequence, "the date on which the product was first purchased for use or consumption" was December 10, 2005, and the statute of repose expired (at the latest) on December 10, 2015.

Ms. Johnson filed her complaint in this litigation on February 15, 2017, *see generally id.* and thus commenced her action against Defendants over 12 years after receiving her implantation.  Tennessee's 10-year statute of repose bars her action.

**E.    Texas (Emilie Apple)**

Texas law imposes a 15-year statute of repose in product liability cases, measured from the date the defendant sold the product.[4]  The statute reads in relevant part:

---

[4] Texas law applies to this plaintiff's claims.  Like Tennessee, Texas determines choice of law in tort claims using the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws.  *See Quicksilver Res. Inc. v. Eagle Drilling LLC*, 792 F.Supp.2d 948, 951

9

US.110683796.10

> [A] claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant.

Tex. Code. Ann. § 160.12(b).[5]  The statute defines "product liability action" as:

> action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product, whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories, and whether the relief sought is recovery of damages or any other legal or equitable relief, including a suit for:
> (A)  injury or damage to or loss of real or personal property;
> (B)  personal injury;
> (C)  wrongful death;
> (D)  economic loss;  or
> (E)  declaratory, injunctive, or other equitable relief.

Tex. Code. Ann. § 160.12(a)(2).

According to Plaintiff Emilie Apple's pleadings, the implantation of her Gunther Tulip Vena Cava Filter occurred on September 7, 2001.  Pl. Short Form Complaint ¶¶ 10-11 (Dkt. 1, Case No. 1:16-cv-03244).  Ms. Apple's action is clearly a "product liability action" under the Texas statute, and the "date of the sale of the product by the defendant," Tex. Code. Ann. § 160.12(b), could not have been later than the date of implantation, meaning that the statute of repose expired (at the latest) on September 7, 2016.

Ms. Apple filed her complaint in this litigation on November 30, 2016, *see generally id.*, and thus commenced her action against Defendants more than 15 years after receiving her implantation, and over three months after the expiration of the statute of repose.  Texas's 15-year

---

(S.D. Tex. 2011) (citing *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Here, plaintiff Apple alleges that she was a resident of Texas at the time of both her implantation and her injuries.  *See* Pl. Short Form Complaint ¶¶ 4-5 (Dkt. 1, Case No. 1:16-cv-03244).

[5] The statute provides exceptions where a seller expressly warrants that a product will last more than 15 years or where the claim is based on exposure to toxic products (e.g., asbestos).  *See* Tex. Code. Ann. § 160.12(c), (d), (d-1).  Plaintiff here makes no allegations that would bring her claims within either of those exceptions.

10

statute of repose bars her action. *See Burlington Northern v. Gunderson, Inc.*, 235 S.W.3d 287 (Tex. App. 2007) (affirming summary judgment based on statute of repose where suit was commenced 16 years after delivery of product).

## CONCLUSION

For the reasons stated above, the Cook Defendants urge the Court to grant their motion and to dismiss with prejudice all claims by plaintiffs Annette Sales-Orr, Michael Fox, William Ivy, Timothy Henderson, Betty Johnson, and Emilie Apple based on the statutes of repose of their respective states.

Respectfully submitted,

Dated: March 27, 2017

/s/ John T. Schlafer
Andrea Roberts Pierson (# 18435-49)
John T. Schlafer (# 28771-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-Mail: andrea.pierson@faegrebd.com
E-mail: joe.tanner@faegrebd.com
E-Mail: john.schlafer@faegrebd.com

James Stephen Bennett (# 22869-02)
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegrebd.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

11

## CERTIFICATE OF SERVICE

      I hereby certify that on March 27, 2017, a copy of the foregoing COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Co-Counsel for Defendants will serve any non-CM/ECF registered parties.

                                                      /s/ John T. Schlafer

US.110683796.10