UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document relates to the following cases:

> *Janice Ball v. Cook Incorporated, et al.*, 1:17-cv-01320
> *James Buell and Darina Buell v. Cook Incorporated, et al.*, 1:17-cv-00516
> *Sharon Sharp v. Cook Incorporated, et al.*, 1:16-cv-02763
> *Donald Lipscomb, Jr. v. Cook Incorporated, et al.*, 1:17-cv-03494
> *Amber Beard v. Cook Incorporated, et al.*, 1:17-cv-00480
> *Alberto Leal v. Cook Incorporated, et al.*, 1:17-cv-02020
> *Betty Rankin v. Cook Incorporated, et al.*, 1:17-cv-01978
> *Elvia Romero v. Cook Incorporated, et al.*, 1:17-cv-01763
> *Allysha Ramon v. Cook Incorporated, et al.*, 1:16-cv-1046

### THE COOK DEFENDANTS' MOTION TO SEAL COOK CONFIDENTIAL DOCUMENTS AND INFORMATION PUBLICLY FILED BY VARIOUS PLAINTIFFS

In accordance with the Court's directives, the Cook Defendants[1] respectfully move the Court to seal and maintain under seal certain Cook confidential documents and information publicly filed by various plaintiffs in opposition to the Cook Defendants' Renewed Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations. Plaintiffs publicly filed the confidential documents and information in error in violation of Case Management Order #8 ("CMO #8") [Dkt. No. 481] and Local Rule 5-11. In support of this motion to seal, the Cook Defendants state:

1. CMO #8 [Dkt. No 481] "**Stipulated Protective Order on Confidential Information**" applies to all cases in this MDL and, among other things, sets forth procedures to

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

US.125125100

protect the confidentiality of Cook's trade secrets and other confidential or propriety business and commercial information and documents

  2. Under CMO #8, Cook may stamp, mark, or designate its trade secrets and other confidential or propriety business and commercial information and documents and things as: "Confidential: Subject to Protective Order" or "Company Confidential" - to protect its confidentiality and prevent public disclosure. Confidential information may further be designated as "ATTORNEYS' EYES ONLY" – to provide an even higher level of confidentiality and protection from disclosure. *See* CMO #8 ¶¶ 1, 2

  3. Parties in this MDL are entitled use Cook confidential documents and information to prepare and present their cases *subject to the strictures of CMO #8*.

  4. Paragraph 8 of CMO #8 provides: In the event that any designated Confidential Documents(s) or things(s), *or the information contained therein,* is to be included with, or part of the contents thereof are in any way to be disclosed in, any pleading, motion, deposition, or other paper to be filed with the Court, such documents *shall be filed under seal in accordance with Local Rule 5-11* and section 18 of the CM/ECF Policies and Procedures Manual of the Court such that all documents filed under seal must be supported by a separate motion setting forth good cause in accordance with Seventh Circuit precedent. CMO #8 ¶ 8 (emphasis added).

  5. The requirements and steps for filing confidential documents and information under seal as defined by CMO #8 in conjunction with Local Rule 5-11 are clear. Plaintiffs are obligated to file Cook confidential documents and things (or the information contained therein) under seal along with a motion to maintain documents under seal (*see* Local Rule 5-11(d)(2)(A)(ii)), and Cook is required to file a brief in support of sealing demonstrating good cause. *See* Local Rule 5-11(d)(3).

6. Despite these confidentiality and sealing obligations, various plaintiffs *publicly filed* (1) Cook confidential documents, and (2) documents containing Cook confidential information, in opposition to the Cook Defendants' Renewed Omnibus Motion for Summary Judgment Based on Applicable Statute of Limitations. Counsel for Cook has contacted plaintiffs' counsel involved with the public filings and those who have responded to Counsel for Cook have agreed that the *public filing* of certain confidential documents and information should be corrected by sealing the documents and information.

7. In order to remedy the public filing errors, the Court has sealed the documents identified below. The Court further directed the Cook Defendants to file this omnibus motion and demonstrate good cause for maintaining the documents under seal.

8. In accordance with the Court's directives and Local Rule 5-11, the Cook Defendants file this motion to seal and respectfully urge the Court to maintain the documents identified below **under seal** for good cause.

## LEGAL STANDARD

9. Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

10. **Trade Secrets** – Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act.[2] *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[3] Under this standard, a protectable trade secret has four characteristics: (1) information; (2) that possesses independent economic value; (3) that is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. *See, e.g.*, *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001); *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245–46 (Ind. Ct. App. 2001); *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000).

11. Other confidential business or commercial information that does not technically fit the definition of trade secret is similarly entitled to the same level of protection as trade secrets if its disclosure would be harmful physically or economically. *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1-3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").

12. **Research and Development** – Federal courts, including this court, have consistently held that product development, research, and testing documents and information are entitled to protection from disclosure as confidential and proprietary business information. Such information constitutes confidential business information because "a competitor's access to [a

---

[2] The presence of Cook's headquarters in Indiana justifies the application of Indiana trade secret law to the issues here, because Indiana is the state where Cook would feel any injury or harm. *See, e.g.*, *Micro Data Base Sys., Inc. v. Dharma Sys., Inc.,* 148 F.3d 649 (7th Cir. 1998) (applying Indiana choice-of-law principles in a trade-secret case and holding that New Hampshire substantive law governed because the entity holding the trade secrets was headquartered there).

[3] The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

company's] research and development . . . present[s] potential dangers and may lead to a windfall to the discovering party." *Star Scientific,* 204 F.R.D. at 416 (S.D. Ind. 2001) (Baker, J.); *see also United States ex rel. Long v. GSD&M Idea City LLC*, 2014 WL 12648520, at *2 (N.D. Tex. Jan. 3, 2014) ("[I]nformation in which the producing party has a commercial interest, such as . . . research data, . . . has been found to constitute confidential commercial information."); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (exhibits were "sealable in their entirety because they contain[ed] HP's confidential product testing and evaluation process"); *cf. Andrx Pharm., LLC v. GlaxoSmithKline, PLC,* 236 F.R.D. 583, 586 (S.D. Fla. 2006) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information." (citation omitted)), *affirmed,* 2006 WL 2403942 (S.D. Fla. 2006).

13. **Post-Market Product Analysis** – Similarly, post-market product analysis is also entitled to protection from disclosure as confidential and proprietary business information. Disclosure of such proprietary post-market analysis information is harmful because it would "provide a blueprint for competitors." *Ellis v. CCA of Tenn., LLC,* 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009); *see also Star Scientific*, 204 F.R.D. at 415 (research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge").

14. **Sales, Marketing, and Public Relations –** Confidential marketing plans or sales strategies have been held to constitute protectable trade secrets or protected confidential business information. *See, e.g.*, *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995) (trade secret material for sports drink includes information regarding the pricing, distribution and marketing of the drink and not just the drink formula); *Star Scientific*, 204 F.R.D. at 415

(research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge"); *Burk v. Heritage Serv. Equip.*, 737 N.E.2d 803, 814 (Ind. Ct. App. 2000) (finding that employee unfairly used marketing information and sales strategies in breach of the Indiana trade secrets clause); *see also Brunswick Corp. v. Jones*, 784 F.2d 271 (7th Cir. 1986) (confidential marketing strategies held protectable); *AGS Capital Corp., Inc. v. Prod. Action Intern., LLC*, 884 N.E.2d 294, 311 (Ind. Ct. App. 2008) (stolen information related to marketing strategy would "put [a company's] competitors] at a severe disadvantage").  Good cause exists to maintain the confidentiality of such strategic plans and analysis when disclosure of that information would reveal the company's "response to changing market situations and competitive threats within the marketplace, and could therefore give a competitor insight into '[the company's] internal thinking'" and when publicizing this material "would allow [the company]'s competitors the benefit of this information without incurring the effort or expense." *Bradburn Parent/Teacher Store, Inc. v. 3M*, 2004 WL 1146665, at *4 (E.D. Pa. May 19, 2004) (citation omitted).

15.    **Regulatory Affairs –** Courts have held that information related to regulatory compliance and/or submission efforts and strategies constitutes confidential business information.  *See, e.g.*, *Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, 2009 WL 3444938, at *1 (E.D. Wisc. Oct. 23, 2009) (good cause existed to seal deposition testimony and internal company emails containing proprietary commercial information and strategy related to an FDA filing).  Such proprietary information, like confidential information regarding pricing and sales, is confidential because "the information is created to enhance [companies'] business and give them a competitive edge".  *Star Scientific*, 204 F.R.D. at 415.

16. **Complaint Handling** – Internal complaint handling procedures and materials constitute trade secrets in Indiana if they contain (1) information; (2) that derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts reasonable under the circumstances to maintain its secrecy. *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245-46 (Ind. Ct. App. 2001); *see also, e.g.*, *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423-24 (S.D. Ind. 2001); *Rep. Servs. Inc. v. Liberty Mut. Ins. Cos.*, 2006 WL 1635655, at *5 (E.D. Ken. June 9, 2006) (concluding that claims handling and training materials "had economic value to [defendant] due to (1) their confidential nature, (2) the time, effort, and expense [defendant] invested in creating these materials, (3) the evolutionary process surrounding the development of these materials, (4) the competitive nature of the [industry's] business, and (5) the fact that competitors in [that] industry do not disclose information about their claims handling policies and procedures to one another.").

17. **Internal Information on Corporate Structure and Business Operations** – Courts also have determined that information about a corporation's internal business operations and corporate structure is confidential and proprietary and, therefore, entitled to protection from public disclosure. *E.g., True Health Chiropractic, Inc. v. McKesson Corporation,* 2015 WL 3409721 (USDC N.D. Cal.) (May 27, 2015) at *4 (granting motion to seal confidential and proprietary information about the defendant's internal business operations and corporate structure).

18. **Confidential Financial Information** – Similarly, Courts have determined that highly-sensitive and confidential information including financial records, production records,

manufacturing records, sales records, customer information, and vendor information is entitled to protection from public disclosure. *See e.g., ABRO Indus., Inc. v. 1 New Trade, Inc.*, 2015 WL 13655677 (USDC N.D. Ind.) (Sept. 16, 2015) at *3 (granting plaintiff's motion for a protective order with respect to confidential information about its financial records, sales, customers, and pricing).

19. **Communications with Consulting Experts** – Federal Rule of Civil Procedure 26(b)(4)(D) protects against an opposing party's discovery of facts and/or opinions of "consulting experts" who are retained in anticipation of litigation and not expected to testify at trial. Furthermore, Federal Rule of Civil Procedure 26(b)(3) protects from discovery documents and tangible things that are prepared in anticipation of litigation by a party's consultant.

20. **Medical Privacy** – With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin*, 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

21. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENTS TO BE MAINTAINED UNDER SEAL

22. The Cook Defendants request that **Dkt. Nos. 12020-3, 12040-2, 12042-2, 12045-2, 12046-2, 12047-2, 12048-2, and 12050-3** be filed and maintained *under seal*. These documents are copies of the Expert Report of Harlan Krumholz, MD (dated April 30, 2018) in the *Brand* bellwether case (*Brand v. Cook Medical, Inc. et al.*, Case No. 1:14-cv-06018-RLY-TAB). Dr. Krumholz's Report contains comprehensive information related to Cook's IVC filters, including research and development, post-market product analysis, complaint handling, sales, marketing, and public relations information. Dr. Krumholz cites, summarizes, screenshots, and specifically quotes from a copious amount of confidential and proprietary documents produced by Cook and designated and marked "Company Confidential" or "Confidential – Subject to Protective Order." Many of these documents are internal emails between Cook employees discussing confidential business information and topics and are entitled to protection

US.125125100

from public disclosure.  Additionally, Dr. Krumholz's Report references and discusses in detail the medical history, conditions, and treatment of bellwether Plaintiff Tonya Brand.  This information should be maintained under seal to protect Ms. Brand's medical privacy.

23. Further, the Cook Defendants request that **Dkt. No. 12022-7** be filed and maintained *under seal.*  This document is an internal company email chain [CookMDL2570_0405333] from December 2010 involving Tom Connaughton (Vice President, Government Affairs, Cook Group Inc.), Dr. Jim Gardner (Cook's Director of Reimbursement/Medical Science Officer), and Chuck McIntosh (Chief Medical Science and Technology Officer of Cook Group), discussing issues related to health technology assessment bodies and their review and assessment of clinical evidence supporting filter placement.  This email contains confidential business or commercial information regarding post-market product analysis, and it was designated and stamped "Company Confidential."

## DISCUSSION

24. **Dkt. Nos. 12020-3, 12040-2, 12042-2, 12045-2, 12046-2, 12047-2, 12048-2, and 12050-3** – which are copies of the Expert Report of Harlan Krumholz, MD (dated April 30, 2018) – should be maintained ***under seal*** because Dr. Krumholz's Report contains Cook confidential information on research and development, post-market product analysis, complaint handling, sales, marketing, and public relations with respect to Cook IVC Filters.

25. **Dkt. No. 12022-7** – an internal company email chain [CookMDL2570_0405333] from December 2010 involving Tom Connaughton (Vice President, Government Affairs, Cook Group Inc.), Dr. Jim Gardner (Cook's Director of Reimbursement/Medical Science Officer), and Chuck McIntosh (Chief Medical Science and Technology Officer of Cook Group) – should be

US.125125100

maintained *under seal* because it is Cook confidential information regarding post-market product analysis.

26. As Cook more fully demonstrated in its May 1, 2017 letter to Magistrate Judge Tim A. Baker and the supporting Declaration of Mark Breedlove (attached hereto as **Exhibit 1**), Cook invests substantial resources into product research, development, and testing, including with regard to Cook's IVC filter technology. Breedlove Decl. ¶ 6. Cook maintains strict confidentiality over its research and development ideas, efforts, and results, and considers such information to be proprietary to the company. *Id*. And disclosure of such information would therefore result in competitive harm to Cook and could "lead to a windfall to the discovering party." *Star Scientific*, 204 F.R.D. at 416; Breedlove Decl. ¶¶ 6-7. Likewise, Cook invests considerable resources in, derives commercial advantage from, and maintains strict confidentiality over, its post-market product analysis, its sales, marketing, and public relations information, its regulatory affairs strategies and information, and its complaint handling procedures. *Id.* at ¶¶ 8-15. Disclosure of Cook's non-public post-market product analysis, its sales, marketing, and public relations information, its regulatory affairs efforts and strategies, and its complaint handling procedures and information would likewise cause competitive harm to Cook. Breedlove Decl. ¶¶ 8-15; *see EEOC v. Abbott Labs., Inc.*, 2012 WL 3842460, at *2-3 (E.D. Wis. Sept. 5, 2012).

27. The Court should order **Dkt. Nos. 12020-3, 12040-2, 12042-2, 12045-2, 12046-2, 12047-2, 12048-2, and 12050-3** (copies of Dr. Krumholz's Report); **and Dkt. No. 12022-7** (an internal company email chain [CookMDL2570_0405333]); to be maintained *under seal* for good cause in order to protect Cook's interest in its confidential and proprietary information on

research and development, post-market product analysis, complaint handling, sales, marketing, and public relations.

28. Further, **Dkt. Nos. 12020-3, 12040-2, 12042-2, 12045-2, 12046-2, 12047-2, 12048-2, and 12050-3** (copies of Dr. Krumholz's Report) should be maintained *under seal* for good cause to protect Plaintiff Tonya Brand's medical privacy because Dr. Krumholz's Report references and discusses in detail Ms. Brand's medical history, conditions, and treatment.

29. Courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

30. Dr. Krumholz's Report contains private, sensitive medical information regarding Ms. Brand.

31. Ms. Brand's medical and psychiatric history, conditions, and treatment are highly relevant to the issues in her case. However, out of an abundance of caution, the Court should permit **Dkt. Nos. 12020-3, 12040-2, 12042-2, 12045-2, 12046-2, 12047-2, 12048-2, and**

US.125125100

**12050-3** (copies of Dr. Krumholz's Report) to be filed and maintained under seal until Ms. Brand consents to what should be disclosed.

32.     A proposed order granting this Motion has been filed with this Motion.

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order filing and maintaining *under seal*: **Dkt. Nos. 12020-3, 12040-2, 12042-2, 12045-2, 12046-2, 12047-2, 12048-2, and 12050-3** (copies of the Expert Report of Harlan Krumholz, MD (dated April 30, 2018); **and Dkt. No. 12022-7** (an internal company email chain [CookMDL2570_0405333]).

Respectfully submitted,

Dated:  October 31, 2019

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:     (317) 237-0300-1750
Andrea.Pierson@FaegreBD.com
Jessica.Cox@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone:     (260) 424-8000
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

US.125125100

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2019, a copy of the foregoing The Cook Defendants' Motion to Seal Cook Confidential Documents and Information Publicly Filed by Various Plaintiffs was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.


                                              */s/ Andrea Roberts Pierson*

US.125125100