IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff: Rusty Alto

Civil Case #: 1:19-cv-2300

**Plaintiff's Motion for Voluntary Dismissal without Prejudice
under Federal Rule of Civil Procedure 41(a)(2)**

Plaintiff Rusty Alto hereby moves this Court to dismiss the above-captioned action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). In support of his motion, plaintiff states as follows:

1. On August 1, 2019, the Defendants filed their *Omnibus Motion for Summary Judgment in 46 Mischaracterized No Injury Cases* [Doc. 11923] and Memorandum in Support of the same [Doc. 11924] (cumulatively herein "Summary Judgement Motion") seeking summary judgment on 46 cases, including Plaintiff Rusty Alto's case.

2. Defendants seek summary judgment in Plaintiff Alto's case because his claimed injury was a tilt of the filter. Memo in Support of Summary Judgement Motion, Doc, 11924, p. 1. The defendants argue that filter tilt is "not a cognizable injury under applicable case law and the Court's categorization framework." *Id.* The defense further elaborated: "First, the 27 Tilt-Only Cases fail to raise a legally cognizable injury because tilt is not an injury—mere tilt of an IVC filter is, at best, a precursor to a potential future complication that may or may not materialize, which itself may or may not lead to symptomatic actual injuries." *Id.* at p. 2. In a nutshell, the

defense argues that plaintiff has not sustained an injury, and thus summary judgement should be granted against him.

3. Plaintiff does not believe summary judgment is the proper remedy in a situation such as this one, where the defense alleges no injury has occurred, and the more appropriate remedy is a dismissal without prejudice. For the purpose of this motion to dismiss, Plaintiff is not taking a position one way or the other on whether a tilt constitutes an injury but is merely agreeing to dismissal without prejudice.

4. The defense has already agreed that dismissal without prejudice is an appropriate remedy in this case but refuse to stipulate to such a dismissal without the addition of improper and unfair limitations on the plaintiff. [Defendants' Proposed Stipulation of Dismissal, **Exhibit A**; November 4, 2009 Email, **Exhibit B**]. The limitations the defense seeks to impose upon the plaintiff in the proposed stipulation of dismissal are:

    a. The plaintiff may only refile his case in the United States District Court for the Southern District of Indiana, and refiling his case in any other jurisdiction would automatically convert the stipulation of dismissal to a dismissal with prejudice [**Exhibit A**]; and

    b. The plaintiff may not refile his case in the future based on any of the "injuries, complications, or outcomes identified by the Plaintiff in his … short-form complaint, plaintiff fact sheet, or categorization form in the dismissed action." [**Exhibit A**]. This is particularly problematic given that Plaintiff alleges various noneconomic damages and future increased risks in those documents, and far overreaches the "tilt only" complication addressed by defendants' Summary

Judgment Motion – this is especially true given the defense position that no injury has been suffered by plaintiff.

5. In an attempt to reach a stipulated dismissal without prejudice, counsel for plaintiff, David DeGreeff, sent a revised, redlined version of defendants' proposed stipulation of dismissal to defense counsel via email on November 4, 2019. [**Exhibit B**; Plaintiff's Proposed Redlined Stipulation of Dismissal, **Exhibit C**]. Defense counsel responded via email: "I can only agree the language we proposed to the PSC, unfortunately. We may need to ride this one out and hand it over to the Judge." [**Exhibit B**].

6. Federal Rule of Civil Procedure 41(a)(2) states that "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). When a plaintiff moves for voluntary dismissal under Rule 41(a)(2), the district court enjoys broad discretion in deciding whether to grant the motion. *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th Cir. 1988).

7. A district court's decision to voluntarily dismiss a claim without prejudice can only be reversed on appeal when it can be established the defendant will suffer plain legal prejudice. *Kovalic,* 855 F.2d at 473. In deciding whether or not the Defendant would suffer plain legal prejudice by the granting of a plaintiff's motion for voluntary dismissal, a district court should consider factors such as "... the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id.* at 473-74. These factors are not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate but are "… rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Id*.

at 474 (citing *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980)).  As demonstrated by the facts and holding in *Kovalic* and *Tyco*, the mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice.  *Id.*; *Tyco Labs., Inc.,* 627 F.2d 54 (7th Cir. 1980).  Furthermore, the "mere prospect of a second lawsuit would not be sufficient to meet" the standard of plain legal prejudice.  *Tyco Labs., Inc.,* 627 F.2d at 56.

8.  Defendants would not be prejudiced by a dismissal without prejudice at this point in the case.  In fact, they have already agreed to stipulate to dismissal without prejudice – with each party to bear its own costs - but only with onerous and improper limitations being placed on plaintiff.  Moreover, no discovery has been conducted in this case beyond the fact sheets and categorization form, and this case is far from any trial preparations taking place.  Third, there has been no lack of diligence on the part of the plaintiff, and this motion to dismiss without prejudice is being sought as a compromise solution to Defendants' Summary Judgement Motion.  Lastly, there has been no significant expense incurred by the defense in this matter, the Summary Judgment Motion was an omnibus filing that would have been drafted whether plaintiff Alto was included or not, and the defense has taken little to no additional action in this case – as demonstrated by the defense already proposing a stipulation for dismissal with each party to bear its own costs. [**Exhibit A**].  Therefore, the Court should grant Plaintiff's instant motion for voluntary dismissal without prejudice absent the improper and overreaching limitations the defense included in its proposed stipulation of dismissal, with each party to bear its own costs.

For the reasons stated herein, Plaintiff respectfully requests the Court grant his instant motion and dismiss the above-captioned case without prejudice, with each party to bear its own costs, and absent any of the limitations sought by the Defendants.  To the extent the Court wishes to impose additional terms on the dismissal without prejudice, although plaintiff does not believe

this should occur, plaintiff requests the Court use the terms of his Stipulation of Dismissal Without Prejudice proposed to the defense, which is attached as **Exhibit C**.  Plaintiff further requests the Court deny Defendants' Summary Judgment Motion as moot due to dismissal of this matter without prejudice.  Lastly, Plaintiffs request all other and further relief as the Court deems just and proper.

Dated:  November 7, 2019            Respectfully submitted,


/s/ David C. DeGreeff
Thomas P. Cartmell         MO #45366
Jeffrey M. Kuntz           MO #52371
David C. DeGreeff          MO #55019
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ David C. DeGreeff
Thomas P. Cartmell         MO #45366
Jeffrey M. Kuntz           MO #52371
David C. DeGreeff          MO #55019
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com
*Counsel for Plaintiffs*