IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff: Rusty Alto

Civil Case #: 1:19-cv-2300

### PLAINTIFF'S RESPONSE AND OPPOSITION TO THE COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT IN 46 MISCHARATERIZED NO INJURY CASES

Plaintiff Rusty Alto hereby requests this Court deny Defendants' *Omnibus Motion for Summary Judgment in 46 Mischaracterized No Injury Cases* [Doc. 11923] and Memorandum in Support of the same [Doc. 11924] (cumulatively herein "Summary Judgement Motion") as moot based on the following:

On August 1, 2019, the Defendants filed their Summary Judgement Motion seeking summary judgment on 46 cases, including Plaintiff Rusty Alto's case. Defendants seek summary judgment in Plaintiff Alto's case because his claimed injury was a tilt of the filter. Memo in Support of Summary Judgement Motion, Doc. 11924, p. 1. The defendants argue that filter tilt is "not a cognizable injury under applicable case law and the Court's categorization framework." *Id*. The defense further elaborated: "First, the 27 Tilt-Only Cases fail to raise a legally cognizable injury because tilt is not an injury—mere tilt of an IVC filter is, at best, a precursor to a potential future complication that may or may not materialize, which itself may or may not lead to symptomatic actual injuries." *Id*. at p. 2. In a nutshell, the defense argues that plaintiff has not sustained an injury, and thus summary judgement should be granted against him.

Plaintiff does not believe summary judgment is the proper remedy in a situation such as this one, where the defense alleges no injury has occurred and no cognizable claim exists, and the more appropriate remedy is a dismissal without prejudice.  Contemporaneously with this response and opposition, Plaintiff has filed a motion to dismiss the above-captioned action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which is expressly incorporated herein.  As detailed in that motion to dismiss, the defense has already agreed to dismissal without prejudice in this case but refuse to stipulate to such a dismissal without the addition of improper and unfair limitations on the plaintiff that he is unwilling to agree to.

For the reasons stated herein and in Plaintiff's contemporaneously filed motion to dismiss without prejudice, Plaintiff respectfully requests the Court deny defendants' Summary Judgment Motion as moot and grant his motion to dismiss the above-captioned case without prejudice, with each party to bear its own costs, and absent any of the limitations sought by the Defendants. Plaintiffs further request all other and further relief as the Court deems just and proper.

Dated:  November 7, 2019                             Respectfully submitted,

/s/ David C. DeGreeff
Thomas P. Cartmell           MO #45366
Jeffrey M. Kuntz             MO #52371
David C. DeGreeff            MO #55019
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the November 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ David C. DeGreeff  
Thomas P. Cartmell        MO #45366  
Jeffrey M. Kuntz           MO #52371  
David C. DeGreeff         MO #55019  
WAGSTAFF & CARTMELL LLP  
4740 Grand Avenue, Suite 300  
Kansas City, MO 64112  
816-701-1100  
tcartmell@wcllp.com  
jkuntz@wcllp.com  
ddegreeff@wcllp.com  
*Counsel for Plaintiffs*
