**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 3326 |
| This Document Relates to:<br>Michelle D. McGee,<br>Case No. 1:17-cv-02221 | |

**PLAINTIFF MCGEE'S RESPONSE IN OPPOSITION TO**
**COOK'S OMNIBUS MOTION FOR SUMMARY JUDGMENT IN 46**
**MISCATEGORIZED NO INJURY CASES**

Plaintiff Michelle D. McGee ("Plaintiff") respectfully requests that this Court deny the Cook Defendants' ("Cook's") Motion for Summary Judgment. Cook has prematurely moved for summary judgment on many cases through an omnibus motion, relying solely on a spreadsheet of its own creation as evidence. Cook claims in conclusory fashion that Plaintiff did not suffer an injury prior to or during the removal of her IVC filter device. However, as discussed herein, Plaintiff alleged a legally cognizable migration injury by way of her Case Categorization Form, her submitted medical records, and her Plaintiff Profile Sheet. Thus, this case presents genuine issues of fact regarding Plaintiff's filter injury, and the Court should deny Cook's motion for summary judgment.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On October 25, 2010, Plaintiff Michelle D. McGee received a Cook IVC filter during an implantation procedure. *See* Plaintiff's Short Form Complaint, Case 1:17-cv-02221-RLY-TAB, Dkt. 1.

2. Plaintiff filed suit herein on June 29, 2017. *Id.*

3. On or about July 26, 2017, Plaintiff served her verified Plaintiff Profile Sheet (PPS) and executed Medical Authorization forms, along with her filter-related medical records. *See* Plaintiff's Exhibit A. Plaintiff's PPS document specifically noted a migration injury. *Id*. at 6.

4. On or about October 2, 2018, the Court entered its Categorization and Screening Order, which instructed all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records. *See* Dkt. 9322.

5. On or about December 17, 2018, Plaintiff served her Case Categorization Form. *See* Plaintiff's Exhibit B. Therein, Plaintiff again specifically referenced an injury related to the migration of her Cook IVC filter and attached medical records confirming the same. *Id*. at 4. Specifically, these records showed that on or about April 20, 2011, one of Plaintiff's doctors, Dr. Akilan Arumugham, noted that Plaintiff's IVC filter had migrated from the suprarenal IVC to the "T8 level" and within the intrahepatic IVC. *Id*. at. 8. Further, the records noted that on or about April 21, 2011, Plaintiff's doctors determined that her filter had become "malpositioned". *Id*. at 9. Accordingly, Plaintiff's doctors decided to retrieve her IVC filter, which they successfully captured and removed. *Id*.

6. On September 5, 2019, Cook filed a Renewed Omnibus Motion for Summary Judgment on the Applicable Statute of Limitations. *See* Dkt. 11725. In support of Cook's Motion as it relates to this Plaintiff, Cook relied exclusively upon Plaintiff's Case Categorization Form in asserting that Plaintiff had suffered an injury in 2011 that triggered the statute of limitations. *See* Dkt. 11725-1, at 10. Cook provided a "Short Description of Injury and Date" for Plaintiff Michelle McGee as a "Category 6 Migration". *Id*.

8. On October 1, 2019, Cook filed a second motion for summary judgment, which once again included Plaintiff Michelle McGee. *See* Cook's Omnibus Motion for Summary

Judgment for "46 Miscategorized No Injury Cases", Dkt. 11923.  In support of Cook's Motion, Cook again relies exclusively upon Plaintiff's Case Categorization Form, but now Defendants assert that Plaintiff has not in fact experienced an injury.  *See* Dkt. 11923, at 1-2, and Dkt. 11923-1, at 3.

10. Cook has not deposed Plaintiff or Plaintiff's treating physicians in the instant case.  *See generally* Cook's Memorandum, Dkt. 11924.

## SUMMARY JUDGMENT STANDARD

The standard for consideration of a motion for summary judgment is that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, courts cannot "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). Rather, courts reviewing a defendant's motion for summary judgment must draw any permissible inference from the underlying fact **in the light most favorable to the plaintiff**. *Matsushita Elec. Indus. Co*. v. *Zenith Radio Corp*., 475 U.S. 574, 587-88 (1986) (emphasis added).  To satisfy this initial burden, the movant must inform the court of the basis for the motion and identify the portions of the record that show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

Thus, Cook "must discharge the burden the Rules place upon [it]: It is not enough to move for summary judgment without supporting the motion in any way of with a conclusory assertion." *Id*.  The non-movant is entitled to have the credibility of her evidence as forecast assumed, her version of all that is in dispute accepted, and all internal conflicts in it resolved favorably to her.

*See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). When the evidence is viewed in this way, if a fair-minded jury could return a verdict for the non-moving party, summary judgment must be denied. *See Anderson*, 477 U.S. at 252.

## ARGUMENT AND AUTHORITIES

### A.     PLAINTIFF HAS ALLEGED AN INJURY

As stated above, Cook's motion relies exclusively upon Plaintiff's Case Categorization Form. Cook asserts that Plaintiff's "medical records demonstrate that the filter was successfully removed percutaneously on the first attempt without indication of any legally cognizable injury while the filter was in the Plaintiff's body or in connection with the retrieval process …" *See* Dkt. 11923, at 1-2, and Dkt. 11923-1, at 3. However, as discussed herein, Cook has not met its burden of showing that Plaintiff lacks evidence that she suffered injuries due to her IVC filter.

First, the Court should deny Cook's motion as it is entirely based upon non-expert, inadmissible characterizations of Plaintiff's medical conditions. Rather than submit the actual medical records, which allegedly reveal the absence of a filter injury, Cook instead submitted only its non-expert, self-serving, and incomplete characterization of Plaintiff's medical conditions. The entirety of Cook's characterization of Plaintiff's records is as follows: "Malpositioned previously placed over the intrahepatic IVC was successfully captured and removed intact." *See* Dkt. 11923-1, at 3.

Cook's summary of Plaintiff's medical records is not based upon the opinion of a qualified medical expert. Cook failed to include any medical records that might support the medical summary included in their filings. Failing to cite to the actual medical records while also relying on them for the basis of its motion violates the Best Evidence Rule, "and can lead to incomplete and even misleading proposed findings of fact." *Gressel v. Thorpe*, 2017 WL 4157396, at *2 (W.D. Wis. Sept. 18, 2017), *citing Dugan v. R.J. Corman R. Co.*, 344 F.3d 662, 669 (7th Cir. 2003)

(ruling best evidence rule violated where the defendant's proposed findings on summary judgment cited to witness summaries of medical records rather than the actual records).

Second, had Cook actually attached Plaintiff's medical records, they would have undermined Cook's characterizations of these documents. Plaintiff's medical records in fact show that Plaintiff suffered a migration injury because of her filter. Cook's conclusion that there was "no indication of any symptomatic injury occurring while [Plaintiff's filter was] in place" is simply false. *See* Dkt. 11924, at 6. Plaintiff's doctors specifically noted in 2011 that her filter device had become "malpositioned" and had migrated from the suprarenal IVC to the "T8 level" and within the intrahepatic IVC. *See*, Plaintiff's Exhibit B, at 8-9.

Further, Plaintiff sufficiently alleged a filter migration injury in both her PPS document and her Case Categorization Form. *See* Plaintiff's Exhibit A, at 6, and Plaintiff's Exhibit B, at 4. Cook has failed to produce any evidence in support of their motion to show that Plaintiff did not experience a migration event, or that such a migration does not constitute a physical injury. Indeed, even Cook admits that Plaintiff's filter was "malpositioned". *See* Dkt. 11923-1, at 3. Therefore, disputed issues of material fact exist in this matter. After Plaintiff served her Case Category Form, the parties have conducted no further discovery. Accordingly, Cook has not satisfied its burden to show the absence of a genuine issue of material fact as detailed in multiple instances herein. Therefore, viewing the existing evidence in the light most favorable to Plaintiff, Cook's premature Motion for Summary Judgment should be denied.

### B. COOK PREVIOUSLY ASSERTED THAT PLAINTIFF SUFFERED A MIGRATION INJURY THAT TRIGGERED THE APPLICABLE STATUTE OF LIMITATIONS

While Cook currently argues herein that Plaintiff did not suffer an injury, they argued just the opposite related to this specific Plaintiff in their prior Renewed Omnibus Motion for Summary

Judgment Based on the Applicable Statute of Limitations.  *See* Dkt. 11725.  Similar to this instance, Cook exclusively relied upon Plaintiff's Case Category Form in the prior Motion for Summary Judgment.  However, in that motion, Cook actually argued that Plaintiff's migration event placed her on notice of an injury that triggered the commencement of the statute of limitations.  *See* Dkt. 11725-1, at 10 (wherein Cook provided a "**Short Description of Injury and Date**" for Plaintiff Michelle McGee as a "**Category 6 Migration**") (emphasis added).  In sum, Cook cannot have it both ways.  Accordingly, for all of the above reasons, the Court should deny Cook's current Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff Michelle McGee respectfully requests that the Court deny Cook's Motion for Summary Judgment.

Dated: November 8, 2019

>Respectfully submitted,
>
>/s/ *John C. Duane*
>John C. Duane
>MOTLEY RICE LLC
>28 Bridgeside Blvd.
>Mount Pleasant, SC 29464
>jduane@motleyrice.com
>(843) 216-9000
>
>*Counsel for Plaintiff Michelle D. McGee*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

/s/ *John C. Duane*
John C. Duane
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
jduane@motleyrice.com
(843) 216-9000