UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to Plaintiff:
Theresa Lynne Gillen, 1:19-cv-02288

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS'
OMNIBUS MOTION FOR SUMMARY JUDGMENT
IN 46 MISCATEGORIZED NO INJURY CASES**

Plaintiff Theresa Lynne Gillen respectfully opposes Cook Defendants' Omnibus Motion for Summary Judgment In 46 Miscategorized No Injury Cases.

### I. STATEMENT OF MATERIAL FACTS IN DISPUTE

According to the Federal Rules, "the court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  In this particular case, Defendants' summary judgment motion should be denied primarily because there exists a genuine dispute as to material facts regarding the extent of injury that Plaintiff has suffered. Medical records have been provided to Defendants supporting the fact that Plaintiff's IVC filter has more than "just" tilted: namely, that it has fractured, perforated the caval wall, and migrated.  These medical records, at minimum, support the fact that a genuine dispute as to material facts regarding the extent of Plaintiff's injuries exists, and therefore, Defendant's Omnibus Motion for Summary Judgment should be denied.

## II. ARGUMENTS

Defendants' omnibus motion should be denied for several reasons. First, Plaintiff has provided medical records and supplemented her Plaintiff's Profile Sheet to show several non-tilt complications of her filter. Second, Defendants' motion and stance regarding Plaintiff's injuries are premature for this stage of the case. Third, Defendants' motion as it pertains to other claims should be deferred for later review because its primary claims in its omnibus motion of lack of a cognizable injury already fail. Finally, Plaintiff should, at minimum, be awarded costs for her defense of Defendants' inappropriate and untimely motion.

### A. Plaintiff Has Several Non-Tilt Injuries

Defendants' omnibus motion addresses 46 cases they allege lack cognizable injury. The motion divides these 46 cases into three categories, namely 1) 27 "Tilt-Only" cases, 2) ten "Placement-Only" cases, and 3) nine "Successfully Removed Filter" cases. *See* Defs.' Mem. 1. Defendants place Plaintiff Gillen's case in the first of these three categories, alleging this is a "Tilt-Only" case. Defs.' Omni. Mot. Ex. A, at 8.

Defendants filed their omnibus motion on October 1, 2019. On October 9, 2019, Plaintiff's counsel received a medical record diagnosing Plaintiff with several additional injuries related to her IVC filter, namely the perforation of four filter prongs beyond the vena cava wall, one of which perforates the aorta; migration of the filter; and fracture of two filter struts. *See* Exhibit "A." That same day, Plaintiff submitted this medical record to Defendants, showing these additional injuries by way of an attachment to Plaintiff's Supplemental Plaintiff's Profile Sheet. *See* Exhibit "B." Plaintiff provided additional clarity regarding the fact that several non-tilt injuries exist by way of

an Amended Supplemental Plaintiff's Profile Sheet submission on October 24, 2019. *See* Exhibit "C."

It is clear from Plaintiff's updated medical records that Plaintiff does not fit within the confines of any of the three categories of cases Defendants apply in their omnibus motion, as Plaintiff clearly suffers from several injuries in addition to the tilting of her filter. As a result, Defendants' omnibus motion for summary judgment based on the allegation that Plaintiff has "only" suffered a tilt injury is inappropriate and should be denied.

### B. Defendants' Omnibus Motion for Summary Judgment is Premature

Defendants' omnibus motion is premature, as it was filed based upon limited and improperly used information, and before substantive discovery can be conducted. Federal Rules dictate that the party seeking summary judgment must show that "there is no genuine dispute as to any material fact" before summary judgment can be granted. Fed. R.Civ. P. 56(a). Further, a Seventh Circuit Appeals Court has interpreted that "a district court should grant a summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits" show that genuine dispute of facts. *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985).

For their omnibus motion, Defendants rely upon their review of Plaintiffs' Categorization Forms and supporting medical records. *See* Defs.' Mem. Supp. Mot. Summ. J. Defendants' omnibus motion relies upon the most basic of information gathered at this early of a stage in Plaintiff's case, as evidenced by the fact that Plaintiff was able to provide additional medical records supporting additional injuries soon after Defendants' omnibus motion was filed. Furthermore, Defendants' omnibus motion is wrongly reliant upon information from Plaintiff's Case Categorization Submission, which clearly states that it "is for the purpose of complying with the

Court's Order...and is not admissible and is not to be considered relevant for any other purpose." Pl.'s Case Cat. Subm. ¶ 4.  No significant discovery has occurred in these cases on which Defendants could have based their omnibus motion.  Defendants' omnibus motion was prematurely filed, and it should be denied to allow further investigation into the clearly disputed material facts.

**C.     Defendant's Summary Judgment Arguments Regarding Non-Tort Claims Are Moot**

Defendants' omnibus motion includes arguments that Plaintiff's claims of express warranty, implied warranty, consumer fraud, and punitive damages fail as a matter of law.  It is not necessary to address these arguments here, as Plaintiff has already demonstrated herein why there still exists a genuine issue of material fact that precludes the granting of summary judgment based on Defendants' primary reasoning (that Plaintiff's injury is tilt-only) in its omnibus motion.  Plaintiff requests the Court defer consideration of these arguments until after further discovery is conducted, should Defendants choose to still raise these issues at a later date in this case.

**D.     Plaintiffs Should Be Awarded Costs For Defending Defendants' Frivolous Motion**

As stated above, Defendants filed this omnibus motion on October 1, 2019, and Plaintiff submitted to Defendants her Supplemental Plaintiff's Profile Sheet with accompanying medical records supporting her tilt, fracture, perforation, and migration injuries a few days later on October 9, 2019.  *See* Exhibit "B."   On that same date, Plaintiff additionally submitted her Supplemental Cook Case Categorization Form outlining these additional injuries. *See* Exhibit "D." Plaintiff provided to Defendants her Amended Supplemental Profile Sheet on October 24, 2019, clearly marking off the injuries of migration, tilt, vena cava perforation, and fracture in the section "V. Outcome Attributed to Device."  *See* Exhibit "C."

In summary, medical records demonstrating the additional non-tilt injuries were submitted to Defendants as early as October 9th. On October 25, 2019, Plaintiff, through her counsel, reached out to Defense counsel, specifically bringing the updated injuries to counsel's attention, and respectfully requesting that Defendants' omnibus motion be withdrawn. Defense counsel responded on October 29, 2019, requesting additional time to evaluate, and the parties then agreed to a November 4th extension for Plaintiff to file her Response to Defendants' omnibus motion. *See* Exhibit "E." This extension was then moved to November 8th. Despite Plaintiff counsel's efforts to reach out to Defendants on November 7th to again request the withdrawal of Defendants' omnibus motion, the motion remains in place, and as such, Plaintiff is compelled to file this formal Response. Defendants' omnibus motion clearly has no merit, as this is not a tilt-only case, and Plaintiff has given Defendants several opportunities to withdraw its motion. As a result, Plaintiff respectfully requests this Court award costs to Plaintiff for her defense of Defendants' frivolous omnibus motion.

### III. CONCLUSION

Plaintiff does not agree with Defendants' interpretation of case law and argument that a case alleging a tilt is a case without a cognizable injury. Nonetheless, that issue is moot here, as Plaintiff has already provided to Defendants medical records clearly showing that Plaintiff has suffered several injuries in addition to the tilting of her filter, namely fractures, perforation, and migration of her filter.

Review of the facts in a summary judgment motion should be done "in the light most favorable to the non-moving parties." *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). At minimum, there exists a genuine issue as to whether Plaintiff has suffered from a cognizable injury, and accordingly, Cook Defendants' Omnibus Motion For Summary Judgment In 46

Miscategorized No Injury Cases should be DENIED, and Plaintiff should be awarded costs for her defense of this inappropriate motion.

> Respectfully submitted,
>
> THE NATIONS LAW FIRM
>
>   /s/ Howard L. Nations
> Howard L. Nations
> Texas State Bar No. 14823000
> 9703 Richmond Ave., Suite 200
> Houston, TX 77042
> (713) 807-8400
> (713) 807-8423 (Fax)
> charles@howardnations.com
>
> ATTORNEY FOR PLAINTIFF