UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Vicki Lynn Anderson v. Cook, et al.;* 1:16-cv-02796

## PLAINTIFF'S RESPONSE REGARDING THE COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT IN 46 MISCHARATERIZED NO INJURY CASES

Plaintiff Vicki Lynn Anderson hereby requests this Court deny Defendants' *Omnibus Motion for Summary Judgment in 46 Mischaracterized No Injury Cases* [Doc. 11923] and Memorandum in Support of the same [Doc. 11924] (cumulatively herein "Summary Judgment Motion") as moot because, as Plaintiff explained in a motion filed today, she intends to file a motion for voluntary dismissal by November 15, 2019.  *See* Doc. Nos. 12392 & 12394.

On October 1, 2019, the Defendants filed their Summary Judgment Motion seeking summary judgment on 46 cases, including Plaintiff Vicki Lynn Anderson's case. Defendants seek summary judgment in Plaintiff's case because her claimed injury was a tilt of the filter. Memo in Support of Summary Judgment Motion, Doc. 11924, p. 1; *see also* Doc. 11924-1 (list of cases). The defendants argue that filter tilt is "not a cognizable injury under applicable case law and the Court's categorization framework." *Id.* The defense further elaborated: "First, the 27 Tilt-Only Cases fail to raise a legally cognizable injury because tilt is not an injury—mere tilt of an IVC filter is, at best, a precursor to a potential future complication that

may or may not materialize, which itself may or may not lead to symptomatic actual injuries." *Id*. at p. 2. In a nutshell, the Defendants argue that Plaintiff has not sustained an injury, and thus summary judgment should be granted against her.

Plaintiff does not believe summary judgment is the proper remedy in a situation such as this one, where the Defendants allege no injury has occurred and no cognizable claim exists. The more appropriate remedy is a dismissal without prejudice. Contemporaneously with this response, Plaintiff has filed an extension of time in which to reply to the Summary Judgment Motion to allow for the filing of a Rule 41(a)(2) Motion to Dismiss without Prejudice. *See* Doc. Nos. 12392 & 12394.

On or before September 15, 2019, Plaintiff will file a motion to dismiss the above-captioned action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). As is detailed in the contemporaneously-filed motion for an extension of time to respond to the Summary Judgment Motion, Doc. Nos. 12392 & 12394, the Defendants have already agreed to dismissal without prejudice in this case but refuse to stipulate to such a dismissal <u>without the addition of arbitrary and prejudicial limitations on Plaintiff.</u>

For the reasons stated herein and in Plaintiff's contemporaneously-filed motion for extension of time, and soon-to-be-filed motion to dismiss without prejudice, Plaintiff respectfully requests the Court deny defendants' Summary Judgment Motion as moot and grant her soon-to-be-filed motion to dismiss the above-captioned case without prejudice, with each party to bear its own costs, absent any of the limitations sought by the Defendants. Alternatively, Plaintiff asks that she be permitted to file a substantive response to Defendants' summary judgment motion within 21 days of any denial of her motion for voluntary dismissal.

Dated: November 8, 2019

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s Wendy R. Fleishman*
    Wendy R. Fleishman

Wendy R. Fleishman
Daniel E. Seltz
Daniel R. Leathers
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:   212.355.9592
Emails:       wfleishman@lchb.com
               dseltz@lchb.com
               dleathers@lchb.com

*Counsel for Plaintiff Vicki Lynn Anderson*

1856232.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th of November, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

                                  */s/ Wendy R. Fleishman*
                                    Wendy R. Fleishman

1856232.3