IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                      MDL No. 2570

_____

This Document Relates to the following Plaintiff:

    Harold Carroll
    Civil Case #1:17-cv-01464-RLY-TAB

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE COOK DEFENDANTS'
OMNIBUS MOTION FOR SUMMARY JUDGMENT
<u>IN 46 MISCATEGORIZED NO INJURY CASES</u>**

COMES NOW Plaintiff Harold Carroll, by and through Plaintiff's counsel of record, and respectfully asks the Court to deny the Cook Defendants' Omnibus Motion for Summary Judgment in 46 Miscategorized No Injury Cases. Dkt. 11923. In Support, Plaintiff states the following:

I.    INTRODUCTION

On October 2, 2018, the Court entered its Categorization and Screening Order, ordering all MDL Plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records. Dkt. 9322.

Plaintiff Harold Carroll complied with the Court's order and produced a Case Categorization Form and medical records to the Cook Defendants just after midnight (Eastern Standard Time) on December 23, 2018. The Categorization Form submitted for Plaintiff Harold Carroll categorized his case as a Category 7(e) case due to the perforation injury caused by the Cook IVC filter.

1

The Court should deny the Cook Defendants' Renewed Omnibus Motion for Summary Judgment in 46 Miscategorized No Injury Cases (Dkt. 11923) as to Plaintiff Harold Carroll because this is not a No Injury case due to the perforation injury confirmed by the medical records submitted with Plaintiff's Categorization Form.

## II. STATEMENT OF MATERIAL FACTS IN DISPUTE

Plaintiff Harold Carroll produced a Cook Categorization form and medical records to the Cook Defendants categorizing his case as a Category 7(e) case. Supporting medical records were also provided to the Cook Defendants which state that "the [removal] procedure was done in the special procedures unit" of Saint Agnes Hospital. The surgeon "grasped the hook of the filter placed on the right side with the snare and secured the inner sheath and the outer sheath around the snare. There was some adherence of the hooks into the wall of the inferior vena cava . . . After removal of the filter, we examined the filter and found a fair amount of fibrous tissue in the cone of the filter . . ." The surgeon concluded that the fibrous tissue "presumably indicat[es] that there may have been a clot by the filter in the past." The medical records therefore confirm that Plaintiff Harold Carroll suffered a perforation injury and a likely clot in the filter during the time the IVC filter was in place.

## III. STANDARD OF REVIEW

Summary judgment is appropriate "only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Miller v. A.H. Robins Co.*, 766 F.3d 1102, 1004 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In evaluating a motion for summary judgment, the court must view the facts and draw all reasonable inferences in a light

most favorable to the non-moving party. *Zillak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

IV. ARGUMENT

In their Memorandum in Support of Omnibus Motion for Summary Judgment in 46 Miscategorized No Injury Cases, the Cook Defendants argue that they are entitled to dismissal with prejudice because Plaintiff Harold Carroll's claim should be categorized as a Category 1 case on the basis that the "submitted records . . . demonstrate that [Plaintiff's filter was] removed percutaneously on the first attempt without issue, with no indication of any symptomatic injury occurring while [the filter was] in place." Dkt. 11924, p. 6. Under the terms of the Case Categorization and Screening Order, Category 1 cases are defined as cases where the "IVC filter was successfully removed on the first, routine, percutaneous retrieval attempt and no physical symptom or filter complication was alleged during the time the filter was in place or in connection with the retrieval process." Dkt. 9322, p. 1-2. However, Plaintiff Harold Carroll does allege a "physical symptom or filter complication . . . during the time the filter was in place or in connection with the retrieval process"; therefore, his case is not a Category 1 case, and summary judgment should be denied.

Category 7 cases are defined as symptomatic injury cases "where the Plaintiff alleges medical symptoms, conditions, or complications caused by one or more of the following conditions: . . . (e) penetration or perforation . . . ." Dkt. 9322, p. 3. The Case Categorization Form also provides a category for non-symptomatic injury cases. Specifically, Category 6 cases are defined as those cases "where the Plaintiff alleges non-symptomatic filter movement, migration, *penetration*, *perforation*, thrombosis, occlusion, or *the presence of a clot in the filter that has not produced physical symptoms or complications*." *Id.* at 2 (emphasis added).

3

The fact that Plaintiff Harold Carroll's filter was removed is not in dispute. However, Plaintiff does dispute the Cook Defendants' miscategorization of his case as a Category 1 claim. As alleged on both the Plaintiff Profile Sheet (PPS) and the Cook Categorization Form, Plaintiff Harold Carroll's filter caused a perforation injury. The medical records submitted with both the PPS and the Categorization Form confirm the perforation injury.  The PPS further alleges that the perforation injury caused Plaintiff pain and discomfort. As a result, the correct categorization is Category 7(e) on the basis of the symptomatic perforation injury causing pain and discomfort. In the alternative, Plaintiff Harold Carroll's claim could be categorized as a Category 6 case due to the perforation injury and the likely presence of the clot in the filter. Therefore, Plaintiff Harold Carroll's case was properly categorized as a Category 7(e) claim. While the case could potentially be considered a Category 6 case, it is not a "no injury" or Category 1 case due to the perforation injury and evidence of the presence of a clot in the filter. As such, summary judgment should be denied.

V. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests this Court deny the Cook Defendants' Motion for Summary Judgment.

Respectfully submitted:

*/s/ Sindhu S. Daniel*_____
Sindhu S. Daniel
NJ Bar No. 010711996
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue
Suite 1100
Dallas, Texas 75219
Telephone: (214) 521-3605
sdaniel@baronbudd.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                  */s/ Sindhu S. Daniel*_____
                                                  Sindhu S. Daniel