UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Vicki Lynn Anderson v. Cook, et al.;* 1:16-cv-02796

## MEMORANDUM IN SUPPORT OF RULE 41(a)(2) MOTION TO DISMISS PLAINTIFFS' OWN COMPLAINT WITHOUT PREJUDICE

**I.  BACKGROUND**

On October 1, 2019, Defendants filed a Motion for Summary Judgment as to multiple cases, including the above-captioned case. *See* Dkt. Nos. 11923, 11924, and 11924-1 (arguing that Ms. Anderson did not suffer an injury because her filter is only tilted) ("Motion"). Defendants' Motion argues that Ms. Anderson claims are "miscategorized" because she has a tilted filter, which, according to Defendants, "fail to raise a legally cognizable injury because tilt is not an injury." *See* Dkt. No. 11924 at 2; *see also id.* at 8.

Plaintiff engaged Defendants regarding a stipulation of dismissal without prejudice under Rule 41(a)(1)(A)(ii), but have not been able to reach agreement on the language of such a stipulation. It was not until Monday, November 4, 2019 that the parties reached an impasse. *See* Exhibit A (e-mail chain including drafts of proposed dismissals).

Defendants have proposed that any stipulation of dismissal be *without* prejudice, but only if Plaintiff, in the event she refiles a case against Cook involving her filter, refile in this Court (whether or not this MDL exists any longer). *See* Exhibit B (e-mail attaching the proposed

-1-

stipulation); and Exhibit C (proposed dismissal without prejudice). Alternatively, Defendants would agree to a dismissal *with* prejudice. *See* Exhibit D. But Defendants would not agree to adding (undisputedly true) language that such a dismissal *with* prejudice would be of the claims in Plaintiff's complaint that claimed tilt only. Exhibit A, at 2 (proposing the additional language that the dismissed claim was "regarding a tilted filter, which Defendants argue is not an injury").

Plaintiff, who is a resident of New Jersey, cannot agree to file any future case in the Southern District of Indiana, and further cannot agree to a dismissal with prejudice that does not adequately protect her interests in the event of a new injury regarding her filter that is not additional to tilt. Moreover, Defendants' proposed dismissal without prejudice requires Plaintiff to not refile her case in the future based on any of the "injuries, complications, or outcomes identified by the Plaintiff in [her] … short-form complaint, plaintiff fact sheet, or categorization form in the dismissed action." Exhibit C. This is particularly problematic given that Plaintiff alleges various noneconomic damages and future increased risks in those documents, and reaches far beyond the "tilt only" complication addressed by Defendants' Summary Judgment Motion; this is especially true given the defense position that no injury has been suffered by Plaintiff.

Defendants could not explain why they insist on a dismissal *with* prejudice when Defendants' own pending Motion for Summary Judgment argues that no injury occurred. *See* Exhibit A, at 6. Plaintiffs *did* agree to not file the case again with those same (tilt-only) injuries in a dismissal *without* prejudice or even *with* prejudice. *See, e.g.*, Exhibit A, at 2 (proposing adding the language that the dismissal was of a complaint that only alleged a tilted filter, "which Defendants argue is not an injury"). Defendants rejected this language too.

As set out below, the factors relevant to whether a plaintiff may be permitted to voluntarily dismiss her case weigh heavily in favor of Plaintiff here.

## II.     ARGUMENT

Rule 41(a)(2) permits this Court to dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Whether to permit a plaintiff to dismiss an action without prejudice under Rule 41(a)(2) is left to the sound discretion of the court. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). Dismissal without prejudice is not warranted only if the defendant would suffer "plain legal prejudice" as a result of dismissal. *See Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). A court may deny the motion to dismiss if it finds such prejudice as a result of "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id.* at 474 (*quoting Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). The court need not resolve each and every factor in favor of the moving party in order to dismiss without prejudice. *Kovalic*, 855 F.2d at 471.  These favors weigh in favor of approving the terms of Plaintiffs' proposed dismissal.

The first *Pace* factor considers the defendants' effort and expense of preparation for trial. In *Pace*, 409 F.2d at 334, "the case had already been pending for one and one-half years ... [and] considerable discovery had been undertaken at substantial cost to the defendant." *See also Tolle*, 23 F.3d at 177 (the fact that discovery had been completed for twenty-two months is a reason for upholding the district court's decision to deny plaintiff's request to withdraw without prejudice). Here, however, all cases in this MDL have been consolidated for the purposes of discovery, and there has been *no* effort or expense to prepare *this* Plaintiff's case for trial. The only effort has

been *by the Plaintiff and her counsel* to provide the very Categorization Form upon which Defendants seeks judgment in its favor because this is a, according to Defendants, "tilt only non-injury" case. Therefore, Defendants would not be prejudiced by the dismissal of this case without prejudice.

The second factor considers excessive delay and lack of diligence on the part of the Plaintiff in prosecuting the action. The Defendants cannot contend the record shows that Plaintiff has failed to prosecute her case with due diligence. She has met all Court-ordered deadlines.

The third factor inquires whether the plaintiff has sufficiently explained his or her need for dismissal. This factor also favors Plaintiff. Defendants, by filing a motion for summary judgment, effectively want this case dismissed with prejudice, despite the fact that their own motion admits that this case (according to Defendants) "fail[s] to raise a legally cognizable injury because tilt is not an injury." *See* Dkt. No. 11924 at 2; *see also id.* at 8. The proper mechanism for ridding the MDL of such a case is not granting Summary Judgment on the merits, but rather dismissal of the action until a time (if ever) that Plaintiff suffers a cognizable injury, which is what Plaintiff proposes.

Plaintiff has no quarrels with dismissing this case without prejudice – and, in effect, that is precisely what Defendants are asking for and has otherwise agreed to;  but Plaintiff cannot agree to the additional terms Defendants have proposed in an attempt to leverage this situation to Plaintiff's disadvantage.  *See* Exhibit C. This Court has previously ruled, multiple times, that exacting such jurisdiction requirements is not proper on a Rule 41 stipulation (or motion).  In *Stidam v. Ryder Truck Rental, Inc*., 2001 WL 699873 (S.D. Ind. May 29, 2001), this Court rejected a defense argument that "if this case is dismissed, they will have to defend this action again in yet another jurisdiction. This argument is not compelling… The court sees no reason to

impose broad sanctions that might impede the plaintiff's ability to bring an action [elsewhere]." *Id.* at *3. Moreover, this Court has also ruled that arguments in opposition to a Rule 41(a)(2) concerning the potential for later forum shopping are irrelevant to the analysis. *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prod. Liab. Litig.,* 199 F.R.D. 304, 307 (S.D. Ind. 2001) (stating that such arguments are "'not instructive' on the permissibility of voluntary dismissal under Rule 41(a)(2)."). In any event, issues of forum-shopping are not present here, as Plaintiff seeks only to be able to file in her home district in the unfortunate event that she suffers a cognizable injury from her filter.

The final factor asks whether the defendant has filed a motion for summary judgment. This factor is neutral here, because as explained more fully above, Defendants argue Plaintiff *has no claim in the first instance*. The Defendants' motion does not address the merits of the case so much as the differences in opinion as to what is sufficient to be an injury. And Plaintiff is not seeking to litigate the merits of that motion, but only to dismiss her case on non-prejudicial terms. Even if this Court were to find that this factor does not favor Plaintiff, the court need not resolve each and every factor in favor of the moving party in order to grant this motion. *Kovalic*, 855 F.2d at 471 (affirming a district court's Rule 41(a)(2) dismissal without prejudice of a federally-filed action when a near identical state-court action was simultaneously filed by the same firm).

1855685.5

### III.  CONCLUSION

For these reasons, Plaintiff requests this Court dismiss this case *without* prejudice under Rule 41(a)(2).

Dated: November 13, 2019

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s Wendy R. Fleishman*
    Wendy R. Fleishman

Wendy R. Fleishman
Daniel E. Seltz
Daniel R. Leathers
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:   212.355.9592
Emails:       wfleishman@lchb.com
               dseltz@lchb.com
               dleathers@lchb.com

*Counsel for Plaintiff Vicki Lynn Anderson*

1855685.5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th of November, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                   */s/ Wendy R. Fleishman*
                                                   Wendy R. Fleishman

1855685.5