**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to 46 Category 6 and 7 Cases
(Listed in Exhibit A to Instant Motion, Dkt. 11923-1)

_____

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF
OMNIBUS MOTION FOR SUMMARY JUDGMENT
IN 46 MISCATEGORIZED NO INJURY CASES**

**I.     Cook Withdraws Its Motion as to Four Cases and 12 Others Should Be Deferred.**

Based on discussions with Plaintiffs' attorneys, Cook withdraws its motion for summary

judgment for the following cases:

| Plaintiff | Case No. | Plaintiff's Counsel |
|---|---|---|
| Walton, Angela & Vincent | 1:17-cv-00063 | Flint Law Firm, LLC |
| Fuller, Barbara Sue | 1:17-cv-02127 | Murphy Law Firm, LLC |
| Furnas, James and Carol | 1:18-cv-01519 | Niemeyer Grebel & Kruse, LLC |
| Doane, Dwight[1] | 1:18-cv-02735 | Johnson Law Group |

Cook reserves the right to renew the present motion or to bring additional motions for summary

judgment against these Plaintiffs as the litigation develops.

Additionally, Cook has agreed to an extension for responsive briefing with counsel in

12 cases.  Thus, the issues are not yet ripe with the case listed in the table below because they

have not been fully briefed:

_____

[1] Plaintiff Doane has filed a response and submitted exhibits and a proposed order (Dkts. 12403-04).  Those docket entries are now moot in light of Cook's agreement to withdraw the motion with respect to this case.

| Plaintiff | Case Number |
|---|---|
| Madison, Charles Edward | 1:16-cv-01985 |
| Miller, John George | 1:17-cv-01981 |
| Gruber, JC | 1:17-cv-02062 |
| Jacobs, Victoria (Estate) | 1:17-cv-02815 |
| Banegas, Ever Jr. | 1:17-cv-03126 |
| Young, Robin S. | 1:17-cv-03243 |
| Harvey, Stanley | 1:17-cv-03854 |
| Bender, Judy E. | 1:17-cv-04085 |
| Aultman, Ella F. | 1:17-cv-04455 |
| Glaude, Katrina | 1:17-cv-04498 |
| Cota, Marc C. | 1:18-cv-01114 |
| Bernero, Joseph | 1:18-cv-01726 |

## II.     Cook's Motion for Summary Judgment is Moot as to Sixteen Cases That Have Already Been Dismissed.

Several Plaintiffs have agreed to dismiss their cases and some of the stipulations have already been entered by the Court.  Accordingly, Cook's motion for summary judgment is moot with respect to the following cases that have already been dismissed or have a stipulation to dismiss pending on the docket:

| Plaintiff | Case Number | Plaintiff's Counsel | Status |
|---|---|---|---|
| Ardrey, Joyce | 1:16-cv-01122 | Seeger Weiss LLP | Dismissed (Dkt. 12408); Granted (12424) |
| Jordan, Lena | 1:16-cv-01731 | Fears Nachawati | Dismissed (Dkt. 12436); Granted 12426) |
| Anthony, Charlene | 1:16-cv-01775 | Fears Nachawati | Dismissed (Dkt. 12436); Granted (12426) |
| Wilson, Samuel A. & Lois Ann. | 1:16-cv-02405 | Farr, Farr, Emerich, Hackett, Carr & Holmes P.A. | Dismissed (Dkt. 12450); Stipulation Pending[2] |
| Anderson, Vicki Lynn | 1:16-cv-02796 | Lieff Cabraser Heimann & Bernstein, LLP | Dismissed (12428); Granted (12432) |
| Monroe, Benjamin | 1:16-cv-03165 | Amir M. Kahana P.C. | Dismissed (Dkt. 11533); Granted |
| Reiss, Cynthia | 1:17-cv-00016 | Sanders Viener Grossman LLP | Dismissed (Dkt. 12116); Granted (Dkt. 12160) |
| Stevenson, Alex Paul, Jr. (Estate) | 1:17-cv-02454 | Verhine & Verhine PLLC | Dismissed (12380); Granted (12398) |
| Jackson, Larry | 1:17-cv-02697 | Richard J. Plezia & | Dismissed (12446); Stipulation |

---

[2]   The stipulation to dismiss in *Wilson* was initially filed in error on the individual docket, but has now been re-filed by the parties on the master docket as docket no. 12450.

US.125372871

| Plaintiff | Case Number | Plaintiff's Counsel | Status |
|---|---|---|---|
| | | Associates | Pending |
| Ellis, Randy | 1:17-cv-03314 | Richard J. Plezia & Associates | Dismissed by Court (Dkt. 12349) |
| Furney, Sherri | 1:17-cv-04324 | Curtis Law Group | Dismissed (Dkt. 12258); Granted (Dkt. 12264) |
| O'Malley, Heather | 1:18-cv-01718 | Fears Nachawati | Dismissed (Dkt. 12436); Granted 12426) |
| Reed, Sebrina | 1:18-cv-01942 | Ferrer Poirot & Wansbrough | Dismissed (Dkt. 12391); Granted (12423) |
| County, Isaih (Estate) | 1:18-cv-03100 | The Gallagher Law Firm PLLC | Dismissed by Court (Dkt. 12228) |
| Puffer, Jill M. and Robert | 1:19-cv-00118 | Fears Nachawati | Dismissed (Dkt. 12436); Granted (12426) |
| Wrenn, Robin | 1:19-cv-00511 | Ferrer Poirot & Wansbrough | Dismissed (Dkt. 12393): Granted (12424) |

### III. Cook is Entitled to Summary Judgment as to Six Plaintiffs Who Filed No Response to Cook's Motion.

Six Plaintiffs have filed no response to Cook's motion.  Those cases are:

| Plaintiff | Case Number | Plaintiff's Counsel | Status |
|---|---|---|---|
| Burroughs, Louis & Sharon | 1:16-cv-01524 | The Miller Firm, LLC | Did Not Respond |
| Oswalt, Margaret & Kenneth | 1:16-cv-02727 | Paglialunga & Harris, PS | Did Not Respond |
| Boatwright-Woods, Mary | 1:17-cv-01449 | Lopez McHugh LLP | Did Not Respond |
| Maddelein, Susan | 1:17-cv-03487 | Marc J. Bern & Partners, LLP | Did Not Respond |
| Schwenk, Philip | 1:18-cv-03502 | Martin Baughman, PLLC | Did Not Respond |
| Hall, Cynthia | 1:19-cv-00136 | McGynn Glisson & Mouton | Did Not Respond |

Cook asks the Court to enter summary judgment in these cases for the reasons stated in Cook's opening brief.

### IV. Cook Is Entitled to Summary Judgment in *Alto*, and Cook Will Respond to Plaintiff's Motion to Dismiss Without Prejudice in a Separate Filing.

Plaintiff Alto has filed a motion to dismiss without prejudice and a short response cross-referencing the motion to dismiss without prejudice, and stating that he "does not believe summary judgment is the proper remedy in a situation such as this one, where the defense alleges

US.125372871

no injury has occurred and no cognizable claim exists, and the more appropriate remedy is a dismissal without prejudice." Plaintiff Alto's Response, Dkt. 12387. Cook's position is that the only relief available on a motion for summary judgment entails dismissal of cases with prejudice, and that Plaintiff Alto's attempt to escape entry of summary judgment by filing a last-minute motion to dismiss the case without prejudice is improper.[3] Cook therefore asks the Court to enter summary judgment in *Alto*; Cook will set forth the grounds for opposing dismissal without prejudice in its forthcoming response to Plaintiff's motion under the briefing timetables applicable to that motion.

## V.   Cook Properly Relied on Plaintiffs' Own Claimed Injuries and Medical Records as Submitted in Their Case Categorizations.

Some Plaintiffs argue that Cook's reliance on information in their categorization forms and the medical records they submitted with those forms as the factual basis for summary judgment is improper or that addressing summary judgment is premature.[4] The Court has already rejected these arguments.

As the Court will recall, more than two months ago, the Plaintiffs' Steering Committee moved to strike one of Cook's motions for summary judgment in a separate set of cases (Dkt. 11502) based on the statute of limitations on this same ground, claiming that the CCFs were for bellwether selection only and that Cook's motion improperly used the CCFs. *See* PSC's Mot. to Strike, Dkt. 11518. In response, Cook pointed out that the Court's orders concerning specific case categories and CCFs for new cases made clear that the CCFs were intended for case-

---

[3]   The *Anderson* case was dismissed without prejudice upon Plaintiff Anderson's own motion that Cook did not join (*see* Dkts. 12428-29 & 12432). From Cook's perspective, Cook had established grounds for summary judgment in that case for disposition of the matter on the merits. Cook believes that the substance of this issue will be addressed through the *Alto* case as presented here and that will provide guidance for *Anderson*.

[4]   *See e.g.,* Plaintiff Mosier's Response, Dkt. 11923 at 5-6.

US.125372871

screening purposes as well as bellwether selection, and that Cook was using the CCFs for the precise purpose for which they were intended.  *See* Cook's Reply to PSC's Motion to Strike, Dkt. 11556 at 2-5 (citing, inter alia, the Court's Orders at Dkts. 9322, 10617, 10632, 11377). Based on these arguments, the Court denied the PSC's motion to strike and instead set a briefing schedule to address that motion on the merits.  *See* Entry on the August 20, 2019 Status Conference, Dkt. 11602, p. 1.

None of the Plaintiffs' responses to the present motion offers any reason for the Court to reconsider this decision; indeed, Plaintiffs' responses do not even acknowledge that the Court has already decided this issue.  The Cook Defendants incorporate by reference the arguments made in their response to the motion to strike (Dkt. 11556) and ask the Court to reject this effort to undermine its existing ruling.

## VI.     Cook Has Provided Sufficient Legal and Factual Grounds to Support Tilt is Not Cognizable Claim

Plaintiff Bishop-Jones has filed a short opposition solely arguing that the Cook "Defendants cite a lot of law and procedural background, but no facts to affirmatively establish that 'tilt,' of the subject IVC Filter, without more, constitutes no injury as a matter of law."  *See* Plaintiff Bishop-Jones's Response, Dkt. 12287 at 2.[5]

Plaintiff's arguments fail to address the basis for Cook's motion.  First, she does not dispute that the medical records she submitted establish that her case is "tilt only," and her response submits no records of cognizable complications or injuries beyond tilt.  It is therefore undisputed that Plaintiff Bishop-Jones's case is a "tilt only" case.

---

[5]   Plaintiffs Reed and Wren had filed very similar oppositions to Plaintiff Bishop-Jones, but those cases are now moot because they were subsequently dismissed by agreement of the parties as noted in Section II above.  *See* Dkts. 12230 (Plaintiff Reed's Response); 12231 (Plaintiff Wren's Response).

US.125372871

Second, the question of whether tilt constitutes a legally cognizable injury is not a factual question but a legal determination.  As explained in detail in Cook's opening brief, the Southern District of New York faced this issue in 2018 and held that mere tilting of an IVC filter standing alone is not a legally sufficient injury.  *See* Cook's Opening Brief, Dkt. 11924 at 2, 8-10 (*discussing Perez v. B. Braun Med., Inc.*, 2018 WL 2316335, at *5 (S.D.N.Y. May 9, 2018) (explaining that even if "accepting that the likely tilt is an actual tilt, no more is said about it than that it may lead to a series of actual injuries.")).  Indeed, the PSC's briefing regarding the categorization process and current bellwether plan acknowledged tacitly that mere tilt cannot be considered a cognizable injury in this litigation, and the Court did not create a category for tilt claims when it issued the Case Categorization and Screening Order.  *See id.* at 8-10.

In sum, Plaintiff Bishop-Jones does not dispute that filter tilt is the only injury she claims, and the determination of whether that tilt alone constitutes an injury is a question of law for the Court.  The Court should reject Plaintiff's argument and grant summary judgment on the merits of Cook's motion.

## VII.   Plaintiffs Fails to Raise Individual Factual Issues to Preclude Entry of Summary Judgment in Their Cases

Six Plaintiffs (Mosier, Jessen, Gillen, Carroll, Newhouse, and McGee) have filed responses arguing that Cook is not entitled to summary judgment in their cases based on case-specific factual issues.  Although Cook addresses each of these responses in turn below, the common thread among them is that these Plaintiffs have failed to provide sufficient medical record support to maintain an injury claim cognizable under the law or under the Court's categorization framework.

**A.     Plaintiff Mosier's Claim of Standalone Pain is Not a Cognizable Injury Under the Court's Categorization Framework.**

Plaintiff Mosier argues that the record he submitted in support of categorization indicates a complaint of "noncardiac chest pain," and that Cook has misconstrued and/or misrepresented the facts of the case because that complaint of pain should constitute a legally cognizable injury. *See* Plaintiff Mosier's Response, Dkt. 12261.

Plaintiff Mosier fails to address the fact that the Court's categorization framework does not allow for standalone claims of pain. Under the definitions of the Case Categorization Form (CCF), Category 7 is reserved for "[c]ases where the Plaintiff alleges medical symptoms, conditions, or complications caused by one or more of the following conditions," and it lists 11 complications. *See* Dkt. 9638-1 (defining categories and subcategories). Standalone pain is ***not*** one of those enumerated conditions. At most, pain ***may*** be a symptom caused by one of the 11 Category 7 injury types. *See id.* Other Category 7 Plaintiffs have submitted case categorization records demonstrating pain ***and a filter complication***, such as a perforation or fracture. Plaintiff Mosier has not done so here, and his claim of pain alone does not qualify as a Category 7 injury.

Per the filter removal record that he submitted with his CCF, Plaintiff Mosier received a filter in August 2014, complained of chest pain at some point, and underwent a successful filter retrieval procedure in January 2015. *See* Plaintiff Mosier's Response, Dkt. 12261-3 (attaching filter removal record as exhibit). The record he submitted does not suggest any complication with the filter (making the case ineligible for Category 7) or any difficulty with the retrieval (making the case ineligible for Category 5). *See id.* (noting that Plaintiff Mosier was concerned about recurrent symptoms [presumably a reference to concerns for DVT/PE, which had prompted placement of the filter in the first place], ruling those concerns out, and successfully

- 7 -

removing the filter "with no thrombus in the filter.").  Indeed, the record does not even suggest that the chest pain was caused by the filter – it simply notes that Plaintiff Mosier had experienced chest pain at some point while the filter was in his body.  Without more, Plaintiff Mosier fails to establish that the proper categorization for his case should be anything higher than Category 1, and Category 1 cases were "subject to immediate dismissal" and indeed have all been dismissed by the Court.  *See* Dkts. 9322 & 10617.

Furthermore, Plaintiff Mosier's allegation of perforation in his PPF/PPS (*see* Dkt. 12261-3 at 6) does not save his claim.  The Case Categorization and Screening Order expressly required Plaintiffs to support each claim of a complication or injury with a specific record, and Plaintiff Mosier has submitted no record in support of the perforation claim.

Regarding the remainder of Plaintiff Mosier's response, his arguments regarding choice-of-law are moot because the Court has subsequently confirmed that Indiana choice-of-law rules apply to cases originally filed in the Southern District of Indiana.  (Dkt. 12256)  The Court, however, need not conduct a choice-of-law analysis under Indiana law here because Cook incorporated by reference cases applying both Indiana and Missouri law for the proposition that a physical injury attributable to the filter is required to sustain a claim.  *See* Cook Defendants' Br. in Support of Mot. to Dismiss on Pleadings in Category 2 Cases for Failure to State a Claim, Dkt. 10857 (citing *Shuamber v. Henderson*, 579 N.E.2d 452, 454 (Ind. 1991) and *Sill v. Shiley, Inc.*, 735 F. Supp. 337, 340 W.D. Mo. 1989)).  As explained above, the issue with Plaintiff Mosier's case is that there is no medical record linking the allegation of pain to the filter, which is insufficient under the requirements of the Court's categorization process to sustain a claim whether that be a tort claim or an implied warranty claim.

- 8 -

Further, Plaintiff's arguments regarding his state consumer protection claim are misplaced, because Cook's argument is not focused on the nuances of how elements are defined under state law, but the threshold federal procedural issue that consumer protection claims must be pled with particularity.  Federal courts in Missouri have held that claims under that state's consumer protection statute – the Missouri Merchandising Practices Act (MMPA) – must be pled with particularity.  *See e.g., Budach v. NIBCO, Inc.*, 2015 Wl 3853298, at *6 (W.D. Mo. June 22, 2015) ("The heightened pleading requirements of Rule 9(b) apply to a claim under a state consumer fraud statute, such as he MMPA, just as they do the common law fraud claims.  Thus, an MMPA claim requires a plaintiff allege facts such as time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.") (internal citations omitted).  Here, Plaintiff Mosier merely recites the general allegations from Plaintiffs' Master Complaint, but the Master Complaint fails to provide any of the information required by Rule 9(b) and cases like *Budach* because they lack the required degree of specificity.

In sum, summary judgment is appropriate in Plaintiff Mosier's case.

**B.      Plaintiff Jessen Cannot Manufacture an Issue of Material Fact By Alleging Complications In His Categorization Form That Are Expressly Ruled Out By the Record Submitted In Support of That Same Categorization Form.**

Plaintiff Jessen argues that his case demonstrates a "probable perforation" and that he will prove the existence of this condition through imaging and expert testimony.  *See* Plaintiff Jessen's Response, Dkt. 12268 at 3.  Plaintiff Jessen chose Category 6 and wrote in "probable perforation" on his Case Categorization Form, but he has not provided a medical record showing performation.

US.125372871

Because Plaintiff Jessen failed to support his Case Categorization Form with medical records documenting a present, cognizable injury, Cook is entitled to summary judgment. The case categorization process required each Plaintiff to provide record(s) in support of each claimed injury. *See* Case Categorization Form, Instruction No. 3 ("The Category selected <u>must</u> be supported by attaching <u>specific medical record(s)</u> confirming the injury/complication/category selected. . . .") (emphasis in original). Here, although Plaintiff Jessen alleges a "probable perforation" in his Categorization Form, that claim is unsupported by any record. Plaintiff Jessen submitted only a cross-sectional image in support of his CCF, without any report reading the image or measuring the alleged perforation. The claim of perforation apparently rests entirely on Plaintiff's attorneys' own reading of the image. Plaintiff Jessen has therefore failed to support his perforation claim with the medical documentation required by the Court's Categorization Order (Dkts. 9322 & 9638), and Cook is entitled to summary judgment.

C. **Plaintiff Gillen's Attempted Re-Categorization Fails to Raise a General Issue of Material Fact Because it is Based on the Same Imaging That Plaintiff's Treating Physician Initially Interpreted as a "Tilt Only" Case.**

Plaintiff Gillen opposes Cook's motion on grounds that she amended her categorization purportedly showing "Plaintiff clearly suffers from several injuries in addition to the tilting of the filter." Plaintiff Gillen's Response, Dkt. 12399 at 3-4. Plaintiff Gillen also seeks costs due to Cook's decision not to withdraw the case from the motion. *See id.* at 4-5. Plaintiff's newly generated evidence does not defeat summary judgment here, and the Court should reject her request for sanctions.

In this case, Plaintiff Gillen submitted her original CCF on November 15, 2018 claiming a category 6 "asymptomatic tilting." In support of her claim, she submitted a medical record— her treating physician Dr. Nguyen's interpretation of a CT scan performed on December 2, 2017.

- 10 -

In that report, Dr. Nguyen remarked that there was an "inferior vena cava filter in place," that the filter was "in good position," that there was "posterior tilting of the filter," and the filter was "intact without evidence of fracture."  *See* Plaintiff Gillen's November 15, 2018 CCF and Confidential Medical Record, denoted as **Exhibit A** and separately filed under seal.  Based on this record, Plaintiff Gillen's attorney certified her claim was asymptomatic tilt.  *See id.*

Cook filed the instant motion on October 1, 2019.  Ten days later on October 11, 2019, Plaintiff Gillen submitted an amended CCF, now claiming that she has multiple asymptomatic perforations and a fracture.  Instead of offering a new or different medical record from a treating physician in support of this amended categorization, however, she offers only a report from an apparent consulting expert who ***re-reviewed*** the same December 2, 2017, CT Scan that her treating physician Dr. Nguyen originally interpreted as showing no perforations or fractures.  *See* Plaintiff Gillen's Response, Dkt. 12399 (attaching amended CCF as exhibit).[6]  This purported "amended" categorization does not defeat Cook's summary judgment motion here.  Plaintiff Gillen has not submitted new records, but only a litigation-driven reinterpretation of the same record by a consulting expert that runs afoul of the spirit of the "sham affidavit" rule.

The Seventh Circuit has long recognized the "sham affidavit" doctrine that prevents parties from taking contradictory positions from their sworn testimony to stave off entry of summary judgment, and courts apply the doctrine with equal measure to testimony of a party's experts.  *E.g., Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168-69 (7th Cir. 1996) ("We have long followed the rule that parties cannot thwart the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict their prior depositions."); *In re Fosamax Prod. Liab. Litig.,* 707 F.3d 189, 194 (2d Cir. 2013) (stating with respect to the

---

[6]   The record documenting the re-review is dated October 8, 2018, eight days after the filing of the motion and three days before the "amended" categorization was received by Cook.

US.125372871

plaintiff's expert's testimony:   "We cannot reconcile his new testimony with his prior testimony."); *see also Beckel v. Wal-Mart Assocs., Inc.*, 301 F.3d 621, 623 (7th Cir. 2002) (explaining that issues of fact created by sham affidavits "are so lacking in credibility as to be entitled to zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for this discrepancy.").   The rule exists as a necessary safeguard because "if such contradictions were permitted . . . the very purpose of the summary judgment motion – to weed out unfounded claims, specious denials, and sham defenses – would be severely undercut." *Ineichen v. Ameritech*, 410 F.3d 956, 963 (7th Cir. 2005) (quoting *Bank of Illinois*, 75 F.3d at 1168-69); *see also United States ex rel. Robinson v. Indiana Univ. Health Inc.*, 204 F. Supp. 3d 1040, 1044 (S.D. Ind. 2016) (noting that "[w]ithout the doctrine, even an affidavit involving contradictions so clear that the only reasonable inference was that the affidavit was a sham designed to thwart the purposes of summary judgment" would in fact preclude summary judgment.") (internal citations omitted).

Cook submits that the same policies require the application of the "sham affidavit" doctrine under the circumstances here.   Although neither Plaintiff Gillen nor her treating or consulting physicians have been deposed, both the original categorization and the amended categorization provided after Cook filed for summary judgment are signed and ***certified as accurate*** by her attorneys.  *See* Case Categorization Form, Dkt. 9638-1 at 5 ("Certification:  The undersigned counsel affirms that the categorization is based on a review of the available medical records including imaging records and reports … [counsel certifies] that outcome, complication, or injury represented in Section D is the proper categorization of Plaintiff's case to the best of counsel's knowledge and belief.").

- 12 -

Notwithstanding the original certification of the CCF as accurate, as soon as Cook moved for summary judgment, Plaintiff Gillen's counsel generated and certified as accurate an imaging report from a new radiologist that **contradicts every relevant finding** in the treating physician's original **reading of the same images –** the same reading that the same Plaintiffs' attorneys had also previously certified as accurate.   The only plausible explanation from such a blatant contradiction in Plaintiffs' attorneys' two certified categorizations is that Plaintiff Gillen has employed experts to manufacture evidence to avoid Cook's motion for summary judgment. Such a blatant contradiction is a clearcut violation of the basic principles underlying the "sham affidavit" rule, and the Court should reject Plaintiff Gillen's amended categorization because it undermines the integrity of both the Court's case categorization system and the summary judgment process.  *See Bank of Illinois*, 75 F.3d at 1168-69; *United States ex rel. Robinson*, 204 F. Supp. 3d at 1044 (all discussing the necessity of the sham affidavit rule to safeguard the intended operation of the summary judgment rule to dispose of unfounded claims).

Judicial acceptance of Plaintiff Gillen's attempt to defeat summary judgment with a blatantly contradictory categorization based on the same images would create a dangerous precedent in this MDL and would thwart the Court's efforts to promote orderly docket management practices in the MDL.  In effect, any plaintiff faced with summary judgment in a case with solid evidence of no injury from a treating physician – evidence certified as accurate by the plaintiff's attorney – would be able to create an issue of fact by shopping around for a hired "consulting physician" to re-review records and contradict that evidence.

Moreover, Plaintiff Gillen's amended categorization is "entitled to zero weight in [these] summary judgment proceedings" because she has provided no explanation, much less "a plausible explanation" for the blatant contradictions and discrepancies between the two

- 13 -

categorizations based on the exact same images. *Beckel*, 301 F.3d at 623; *Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996). Indeed, Plaintiff Gillen's response does not discuss or quote the findings in the original imaging report, instead attaching three separate copies of the manufactured amended categorization without ever discussing the original substance of the categorization.

The Court should also reject Plaintiff Gillen's request for sanctions for several reasons. First, Plaintiff has failed to comply with Rule 11's requirements for such requests. Rule 11 provides that a motion for sanctions for a frivolous motion "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Plaintiff Gillen failed to do so, instead incorporating her request in her response to Cook's motion. *See* Dkt. 12399 at 5. Rule 11 also provides that such a request for sanctions should be served on the opposing party but "must not be filed or presented to the court" until the opposing party has had 21 days to withdraw or correct the submission. Fed. R. Civ. P. 11(c)(2). Plaintiff likewise failed to comply with this mandate, filing her request with the Court at the same time she served it on Cook. The Court should reject Plaintiff's request for sanctions for these procedural failings alone.

Plaintiff Gillen's request for recouping the costs of preparing her response is also frivolous on its merits. Whether the Court will ultimately agree or disagree with the arguments that Cook has raised herein about Plaintiff Gillen's contradictory categorizations, Cook continues to press for summary judgment in this case in good faith. Cook is well within its rights of zealous advocacy in strongly opposing Plaintiff Gillen's efforts to survive summary judgment through what can only be described as a sham categorization. The Court should deny Plaintiff Gillen's request for sanctions/costs. Cook does not seek sanctions against Plaintiff Gillen for making the request, but notes for the record that a frivolous request for sanctions is itself

sanctionable under applicable Seventh Circuit precedent:  "We are troubled by the frequency with which lawyers in this court … are including in their briefs groundless requests for [] sanctions. … Any frivolous motion, pleading, or request is subject to sanctions, including a motion or request for sanctions."  *Meeks v. Jewel Cos., Inc.*, 845 F.2d 1421, 1422 (7th Cir. 1998) (citing *In re Central Ice Cream Co.*, 836 F.2d 1068, 1074 (7th Cir. 1987)).

Plaintiff Gillen's response notes but does not specifically address Cook's arguments regarding her non-tort claims, and Cook therefore rests on the arguments in its opening brief that establish Cook's entitlement to summary judgment on all of her claims.  Cook asks the Court to grant summary judgment in this case.

### D.   Plaintiff Carroll Has Misinterpreted the Information Stated in His Medical Records.

Plaintiff Carroll argues that his case was properly categorized as Category 7(e) based on a record allegedly showing perforation and, in the alternative, that the case would be a Category 6 based on a separate portion of the record commenting about clot in the filter.  *See* Plaintiff Carroll's Response, Dkt. 12407.

Plaintiff Carroll has misinterpreted his medical records on both points.  With respect to perforation, the record merely mentions that there was "some adherence of the hooks into the wall of the inferior vena cava," and that the filter was successfully removed as part of that percutaneous procedure.  *See id.* at 2 (quoting filter removal record).  But Plaintiff Carroll confuses the filter ***attaching itself*** to the inner wall of the vena cava with the filter ***perforating*** the outside wall.  The record submitted never mentions the filter perforating or protruding from the outer wall and therefore on its face does not support a claim of perforation.  Further, the medical records Plaintiff Carroll submitted document nothing about injury symptoms regarding the filter's presence in his body or the routine retrieval that he underwent.

- 15 -

With respect to the clot allegation, Plaintiff Carroll focuses on the following language in the retrieval record:  "After removal of the filter, we examined the filter and found a fair amount of fibrous tissue in the cone of the filter . . . presumably indicat[ing] that there may have been a clot by the filter in the past."  *See id.*  But the physician only notes that there *may* have been a clot by the filter; he does not state that there actually was a clot by the filter, much less that the filter somehow caused the clotting.  Filters are by intent placed in patient at risk for DVT/PE, so commentary discussing some clot in the filter is unsurprising for any removal procedure, and Plaintiff Carroll has not categorized the case as post-placement DVT/PE (Categories 7(g-h) or submitted a record noting such DVT/PE.

The record Plaintiff Carroll submitted indicates that his filter was successfully removed without issue on the first percutaneous attempt; to the extent minor clotting was noted in an on the filter, that is just evidence confirming that the filter has worked exactly as intended and caught/broken up any clot that may have formed and does not suggest that the filter caused the clot.  Under those facts, Plaintiff Carroll cannot sustain a credible claim for a filter-related injury and summary judgment in Cook's favor should be granted.

### E.   Plaintiff Newhouse Cannot Defeat Summary Judgment by Referencing Allegations in His PFS/PPS That Were Not Categorized and Supported By Medical Records.

Plaintiff Newhouse opposes Cook's motion for summary judgment on grounds similar to those of Plaintiff Jessen, arguing that "Plaintiff has served a Plaintiff Profile Form indicating the alleged damages" – perforation – and that therefore "a disputed material fact exists in this matter."  Plaintiff Newhouse's Response, Dkt. 12288 at 8.

Plaintiff Newhouse is mistaken.  Again, the Case Categorization Form required that each "Category selected [by a Plaintiff] must be supported by attaching specific medical record(s) confirming the injury/complication/category selected. . . .") (emphasis in original).   While

- 16 -

Plaintiff Newhouse wrote in his PFS/PPS both "perforation" and "tilt," the medical record he submitted with his categorization demonstrated only the **placement** of the filter, not tilt or perforation.  Because this placement record demonstrates only that Plaintiff Newhouse received a filter and nothing else, his categorization form is facially deficient and cannot defeat summary judgment.  Plaintiff Newhouse has had over a year to collect medical records in support of his perforation allegation and has not done so.  Cook is therefore entitled to summary judgment.

F.     **The Records Plaintiff McGee Provided Do Not Show Migration.**

Plaintiff McGee argues that the records she submitted demonstrate that her case is a Category 6 asymptomatic migration case.  *See generally* Plaintiff McGee's Response, Dkt. 12395.

Plaintiff McGee is mistaken.  The records that she submitted with her CCF refer only to the filter being "malpositioned," without any mention of the filter migrating from its initial deployment site.  Under SIR guidelines and definitions adopted by this Court's categorization framework, a filter is considered to have migrated if it is recorded on imaging to have moved 2 cm or more from its initial deployed position.  *See* Case Categorization Form, Dkt. 9638-1 (defining Category 7(d) "migration")).  The record here merely refers to the filter as being malpositioned, without any suggestion that the filter had moved from its initial deployment position.  In fact, the physician expressly notes that "[n]o prior studies [were] available for comparison," meaning that her doctors had no basis to determine whether the filter was initially deployed in that position or had moved there post-deployment.  *See* Dkt. 12395-2.  At most then, the records Plaintiff McGee submitted demonstrate the *possibility* of a migration, but that is not enough to sustain a Category 6 asymptomatic migration/movement claim.  That category is for filters that have some record of *actual* post-deployment movement, and Plaintiff McGee has

- 17 -

US.125372871

produced no such record here.  Moreover, the record she did produce demonstrates that her removal was successful and does not mention any symptomatic injury occurring while her filter was in place.  Under such facts, the case is a no-injury successful-removal case, and Cook is entitled to summary judgment.

> **G.**   **Inclusion of Plaintiffs Newhouse and McGee's Cases in Cook's Separate Motion for Summary Judgment Based on the Statute of Limitations Does Not Make Summary Judgment on No Injury Grounds Improper Nor Does It Entitle Them to Dismissal Without Prejudice.**

Plaintiffs Newhouse and McGee further take issue with Cook's inclusion of their cases in both the present motion and a separately pending omnibus motion for summary judgment based on the statute of limitations (*see* Dkts. 11725-26).   They also argue in the alternative that their cases should be dismissed without prejudice, instead of having judgment on the merits entered against them.   With respect to the statute of limitations issue, Cook included Plaintiff Newhouse's and Plaintiff McGee's cases in the other motion because each of them failed to commence their actions within the periods permitted either by Indiana's statutes of limitations or by the statutes in their respective home states of Virginia and Texas.  *See id.*  Cook's argument here that their cases amount to "no injury" cases on the merits of the claimed injuries does not make the statute of limitations motion inappropriate or justify denying either motion.

On a motion for summary judgment, courts evaluate evidence in the light most favorable to the non-moving party.  *See generally* Fed. R. Civ. P. 56.  Here, Plaintiff Newhouse submitted only placement records with his Case Categorization Form.  The only reasonable inference from this submission is that Plaintiff Newhouse considers something about the placement procedure itself to be a complication giving rise to a legal claim.  Accordingly, Cook is well within its rights to argue that the case is time-barred because the placement procedure documented in the

only records submitted in support of categorization occurred well outside the two-year limitations period.

At the same time, Cook can argue that a routine placement procedure cannot be considered a standalone injury – that liability does not attach at the mere purchase of a product, but only in the event that a defect in the product causes some legally cognizable injury. The Court's categorization framework screens meritless filings from this MDL by requiring Plaintiffs at minimum to provide medical proof of some complication that could conceivably be caused by a product defect. By submitting only placement records in support of his categorization, Plaintiff Newhouse has failed to provide such proof – the records he submitted only demonstrate that he received a Cook filter, not that any complication and/or injury has occurred in his case. The parallel summary judgment motions based on failure to meet the statute of limitations and failure to identify a compensable injury are in no way inconsistent, and Cook may properly urge them both.

Plaintiff McGee fares no better. Even assuming *arguendo* that an asymptomatic migration would be a sufficient injury under applicable state law, the record Plaintiff McGee submitted demonstrates *at most* a potential migration, not an actual migration. The record fails to support Plaintiff McGee's CCF, which required documentation of an actual injury. Cook's categorization of the case as "no injury" is appropriate, and Cook is entitled to summary judgment.

The Court should also reject these two Plaintiffs' requests for dismissal without prejudice instead of summary judgment.[7] Cook has moved for summary judgment under Rule 56, based on

---

[7]   As the Court might be aware, Cook provided voluntary terms of dismissal in these cases to Plaintiffs' counsel. Cook sought dismissal on similar terms as used by the Court on dismissals of Category 2 cases in the last few months; however, the parties were not able to

US.125372871

the evidence Plaintiffs produced at the Court's direction and the law governing the need for proof of injury.   By definition, "summary judgment is a final adjudication on the merits," *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 350 (5th Cir. 2001), and "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice,'" *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).   Because Cook has demonstrated that it is entitled to summary judgment here, the disposition of the cases should be on the merits – i.e. with prejudice – because that is the only manner of adjudication available on a Rule 56 motion.

## CONCLUSION

For the foregoing reasons, the Cook Defendants ask the Court to grant their motion for summary judgment in these cases.

Respectfully Submitted,

Dated:  November 18, 2019

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone:     (317) 237-0300
Andrea.Pierson@FaegreBD.com
Jessica.Cox@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone:     (260) 424-8000
Stephen.Bennett@FaegreBD.com

*Attorneys for the Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

reach agreement on voluntary dismissal in all cases.   Accordingly, Cook seeks summary judgment in these cases under Rule 56 and has characterized the motion (both in style and substance) as a motion for summary judgment.

- 20 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2019, a copy of the foregoing **COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR SUMMARY JUDGMENT IN 46 MISCATEGORIZED NO INJURY CASES** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

US.125372871