**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND         Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION          MDL No. 2570

_____

This Document Relates to the Following Action:

Rusty Alto, 1:19-cv-02300

_____

**COOK'S OPPOSITION TO PLAINTIFF RUSTY ALTO'S
MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff Rusty Alto ("Plaintiff") has filed a Motion asking the Court to dismiss his case
without prejudice. (Plaintiff's Motion for Voluntary Dismissal Without Prejudice, Dkt. 12386,
("Motion").)  Cook opposes Plaintiff's Motion and urges the Court instead to grant summary
judgment on Plaintiff's claims and to dismiss them ***with*** prejudice, as requested in Cook's pending
summary judgment motion.  Plaintiff's Motion is an attempt to circumvent Cook's Motion for
Summary Judgment and his obligations under the Case Management Orders, and to disguise and
distract from Plaintiff's counsel's failure to screen this case.

On October 1, 2019, Cook moved for summary judgment, asking for Plaintiff's case to be
dismissed "with prejudice as to all claims, injuries, complications, and outcomes alleged in
Plaintiff['s] short-form complaint[], PPS form[], and Categorization Form[] to date."  Thus, by its
own terms, the summary judgment Cook asks for is limited to the claims Plaintiffs currently
asserts.  Cook also requested that the Court order that any future case asserting new claims against
Cook based on new IVC-filter-related injuries be brought in this Court.

1

Plaintiff's response to Cook's motion, following an extension, was due November 7, 2019. But instead of filing a response, on November 7 Plaintiff filed a motion to dismiss his case without prejudice. This attempt to dismiss his case the same day his response to Cook's motion for summary judgment demonstrates that he does not believe his case can survive Cook's motion. The Court should grant summary judgment and dismiss his case *with* prejudice on the terms Cook has requested.

All the relevant factors courts consider in addressing requests for dismissal without prejudice weigh against Plaintiff's request. In particular, Plaintiff fails to explain why dismissal without prejudice is warranted at this advanced stage of the litigation and refuses to take a position on the legal argument raised by Cook's pending motion for summary judgment. Simply put, Plaintiff has all of the information at his disposal necessary to determine whether his case has merit, and if Plaintiff has no interest in litigating this matter further, then dismissal should be with prejudice. Nothing would be gained by the additional delay, uncertainty, and potential burdens created by leaving open the possibility that Plaintiff could re-file this same case against Cook months or years down the road.

Cook therefore urges the Court to dismiss Plaintiff's case with prejudice.

## I.    PLAINTIFF'S LAWSUIT

Plaintiff filed his Short Form Complaint ("Complaint") on June 10, 2019, in the Southern District of Indiana. (*See* Alto Docket, 1:19-cv-02300, Dkt. 1.) Plaintiff's counsel, David C. DeGreeff of Wagstaff & Cartmell LLP, is a member of the Plaintiffs' Steering Committee in this MDL, and has been on the PSC since at least June of 2016. (Case Management Order #17, Sixth Amended Case Management Plan, Dkt. 1749.) Plaintiff alleges that he suffered injuries as a result of a Gunther Tulip Filter placed in 2011. (*Id.*, ¶¶ 10, 14.) On June 26, 2019, Plaintiff submitted

2

his Plaintiff Profile Sheet ("PPS"), alleging that "[t]he irretrievable filter subjects Plaintiff to the risk of future and progressive filter fracture including migration, fracture, embolization of a fracture, clotting, thrombosis and even death," and tilt.  Plaintiff further alleged in his PPS:

> Plaintiff refers Defendants to his medical records, which more completely detail Plaintiff's physical injuries stemming from the IVC filter.  Plaintiff's injuries include, but are not limited to:  significant tilt.  The filter poses a progressive risk of perforation of the vena cava and surrounding vital organs, vessels and structures, which can result in severe pain and life-threatening complications.  It also poses an ongoing risk of DVT and thrombosis, an increased and progressive risk of migration and fracture causing serious injury and death.  Plaintiff is forced to live with the possibility that these complications can happen to him/her at any moment which has lead to severe fear, stress, anxiety and loss of enjoyment of life.

Pursuant to the Court's Case Categorization Orders,[1] plaintiffs also had to certify which of seven categories[2] their individual case falls into using the Case Categorization Form ("CCF").  Plaintiff submitted his CCF stating that his case is a Category 6 case.  In that CCF, Plaintiff's counsel certified that "based on a review of the available medical records including imaging records and reports . . . the outcome, complication, or injury" falls into Category 6 (Non-Symptomatic Injury Cases), and described Plaintiff's claim only as "significant tilt."[3]  However, Plaintiff only submitted medical record showing "significant tilt," rather than a Category 6 case.  Based on this omission, Cook moved for summary judgment.  (Dkt. 11924.)

---

[1] The Case Categorization Orders include, primarily, the Court's Order on the Cook Defendants' Motion for Screening Order and Bellwether Plan (Dkt. 9322), the Parties' Order Regarding Case Categorization and Census (Dkt. 9638), and the Revised Second Amended Order Regarding Case Categorization Forms (Dkt. 10617).

[2] The seven categories laid out by the Court are included in both the Court's Order on the Cook Defendants' Motion for Screening Order and Bellwether Plan (Dkt. 9322) and the Parties' Order Regarding Case Categorization and Census (Dkt. 9638).

[3] Category 6 cases include "Cases where the Plaintiff alleges non-symptomatic filter movement, migration, penetration, perforation, thrombosis, occlusion, or the presence of a clot in the filter that has not produced physical symptoms or complications." (Dkt. 9638.)

**II.    PLAINTIFF CANNOT JUSTIFY A DISMISSAL WITHOUT PREJUDICE OVER COOK'S OBJECTION MERELY BECAUSE HE WILL NOT AGREE TO COOK'S TERMS FOR A STIPULATED DISMISSAL.**

Plaintiff's main argument for dismissal without prejudice is that the terms for dismissal that Cook offered Plaintiff are unacceptable to Plaintiff and are "problematic." (Motion, pp. 2-3.) Plaintiff is of course free to reject Cook's proposed terms for dismissal if he wishes, but if he does reject them, he must defend his claims on the merits against Cook's motion for summary judgment—which he has declined to do. If Plaintiff will not agree to Cook's terms for dismissal and will not defend the merits of his claims, the Court should grant Cook's summary judgment motion.

Moreover, even assuming for the sake of argument that a voluntary stipulation of dismissal had to meet some objective standard of "reasonableness," as Plaintiff seems to imply, the terms of the dismissal Cook offered are not "unreasonable" in any way. Cook first asked Plaintiff to agree to the dismissal with prejudice of his current claims, claims that Cook believe have no merit and that Plaintiff has refused to defend. Plaintiff argues that this is "highly problematic" and "overreaches" the tilt-only focus of Cook's summary judgment motion. (Motion, pp. 2-3.) But if Plaintiff believes that any of his current claims should not be dismissed, he should defend them on the merits in the summary judgment motion—which he does not do.

Plaintiff also objects to Cook's proposed requirement that he bring any new action based on new IVC-filter-related injuries in this District. (Motion, p. 2.) But this requirement is not unreasonable; this is the Court that knows these cases and the issues they raise, and this Court would be in the best position to determine if a new claim by Plaintiff is actually new or merely a repeat of the previously dismissed claims. Moreover, as the Court knows, many Plaintiffs have agreed to dismissals with just this filing requirement, and the Court has entered orders adopting it.

*See Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994) ("The language of [Rule 41] …

provides that dismissal may be conditioned upon the plaintiff fulfilling whatever terms and

conditions the district court, in its discretion, deems necessary to offset the possible prejudice

defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice.").  The

filing requirement is not unreasonable.

In sum, Plaintiff cannot use his inability to reach agreement with Cook on the terms of a

dismissal to justify a dismissal without prejudice over Cook's objection.  In the absence of an

agreement between the parties, as detailed below, both this Court's prior orders and the rules

governing voluntary dismissals and summary judgments dictate that summary judgment is

appropriate and that any dismissal should be with prejudice.

## II.      THE COURT'S CASE MANAGEMENT ORDERS SUPPORT DISMISSAL WITH PREJUDICE.

The PPS and CCF that Plaintiff submitted under the Court's Orders support summary

judgment rather than involuntary dismissal.  The Court entered Third Amended Case Management

Order No. 4 (Party Profile Forms and Fact Sheets Protocol) – and its predecessor CMOs – early in

the litigation to facilitate case-specific discovery.  Pursuant to the Court's Order "A completed

PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests

for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written

discovery under Federal Rules 26 through 37." (Third Amended Case Management Order No. 4,

Dkt. 4226.)  As noted above, Plaintiff alleged in his PPS that his "irretrievable filter" is "tilted"

and subjects him to various "progressive risks" including perforation, migration, and fracture.

The Case Categorization Orders – the Court's Order on the Cook Defendants' Motion for

Screening Order and Bellwether Plan (Dkt. 9322), the Parties' Order Regarding Case

Categorization and Census (Dkt. 9638), and the Revised Second Amended Order Regarding Case

Categorization Forms (Dkt. 10617) – require each plaintiff to certify which of the seven categories the Court laid out the plaintiff's case falls into.  The Court entered the various orders following Cook's Motion for Screening Order and Bellwether Plan, to, in part, "ensure cases are properly categorized, [to] certify the respective outcomes, complications, and injuries claimed."  (Dkt. 9322, p. 3.)  Plaintiff's counsel certified that Plaintiff's case is a Category 6 case and submitted record showing only that Plaintiff's filter is tilted.

As explained more thoroughly in Cook's Motion for Summary Judgment, Plaintiff's case is not properly categorized as a Category 6 case, despite counsel's certification, because Plaintiff failed to submit any medical record supporting such a categorization.  (See Cook's Motion for Summary Judgment in 46 Miscategorized No Injury Cases, Dkt. 11923.)   Further, despite counsel's representations, Plaintiff has identified no evidence that Plaintiff's filter is irretrievable.

Based on the evidence he has adduced, Plaintiff's action is premised on a claim that the alleged tilt of his IVC filter entitles him to compensation, yet his motion states Plaintiff "is not taking a position one way or the other on whether a tilt constitutes an injury."  (Motion, p. 2.) Cook respectfully submits that Plaintiff must take a position on the theory of his case.  If he contends that tilt *is* an injury, he should cite law to support that argument; he has not done so.  If he concedes that tilt is *not* an injury, then he should have no problem agreeing to a dismissal with prejudice of his tilt-based claim.  Plaintiff tries to have it both ways, effectively conceding that tilt is not an injury while attempting to preserve a right to argue the opposite later.  Plaintiff had an obligation to screen his case, to commence his action only if his claim had legal and factual merit, and to submit accurate discovery responses.  Instead, Plaintiff commenced a claim that he cannot factually or legally defend, and he now moves to dismiss his case without prejudice instead of trying to defeat Cook's motion for summary judgment on the merits.

Dismissal at this point should be ***with*** prejudice.  Plaintiff's has had the necessary time to determine the merits of his case, and his last-minute motion to dismiss his without prejudice—on the day his summary judgment response was due and without showing *any* cause—is a patent signal that he believes he cannot defeat summary judgment.  Any dismissal should be with prejudice per the terms requested by Cook in its Motion for Summary Judgment in 46 Miscategorized No Injury Cases [Dkt. 11923].

**III.     ALL FACTORS WEIGH HEAVILY IN FAVOR OF DISMISSAL WITH PREJUDICE AND AGAINST DISMISSAL WITHOUT PREJUDICE.**

All the relevant factors courts consider in determining whether to grant dismissal without prejudice weigh against Plaintiff's request here.

**A.     Legal Standard**

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because Plaintiff's request for voluntary dismissal is an issue governed by federal procedural law, the law of this Court applies. *See* Rothstein & Borden, Judicial Panel on Multidistrict Litigation, *Managing Multidistrict Litigation in Products Liability Cases*, *A Pocket Guide for Transferee Judges*, pp. 29-30 (2011); *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liability Litig.*, 199 F.R.D. 304, 306 & n.1 (S.D. Ind. 2001) (holding Seventh Circuit law governed plaintiff's request for voluntary dismissal in an MDL setting).

Plaintiff has the burden of showing that voluntary dismissal is warranted, and it is within the sound discretion of the Court to deny the request. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 177 (7th Cir. 1994).  In *Pace v. S. Express Co.*, the Seventh Circuit outlined a non-exhaustive list of factors used to evaluate whether to allow dismissal without prejudice, including: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on

the part of a plaintiff in prosecuting the action; (3) a plaintiff's insufficient explanation for the need

to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment. 409

F.2d 331, 334 (7th Cir. 1969).  If a court decides to grant a motion for voluntary dismissal, but

requires that the dismissal be with prejudice, the court should then give the plaintiff a reasonable

opportunity to withdraw the motion and to proceed with litigation instead. *Marlow v. Winston &*

*Strawn*, 19 F.3d 300, 304-05 (7th Cir. 1994).

MDL courts also consider the special circumstances raised by attempted dismissals in

MDL proceedings, including the need to promote the efficient and expeditious resolution of

thousands of lawsuits. In *In re: FEMA Trailer Formaldehyde Prods. Liability Litig.*, the Fifth

Circuit affirmed an MDL court's decision to convert a plaintiff's request for a voluntary dismissal

without prejudice to a dismissal with prejudice, explaining that a lawsuit's inclusion in an MDL

requires special consideration:

> We do not speculate on whether the motion[]…to dismiss without prejudice might
> have had some merit had this been ordinary two-party litigation. The challenge to
> case administration arose here from the court's obligation to manage thousands of
> claims against numerous defendants in an efficient and expeditious manner that
> would best serve justice for both plaintiffs and defendants. That multiparty
> background heavily influenced the trial court and permeates this court's review.

628 F.3d 157, 161 (5th Cir. 2010). This Court should likewise weigh the effects of dismissal

without prejudice on the integrity and efficiency of the MDL proceeding as a whole.

**B.      Plaintiff Has Provided No Explanation to Justify Dismissal Without Prejudice.**

The most obvious factor warranting dismissal with prejudice is Plaintiff's failure to provide

any explanation as to why she seeks dismissal.  Indeed, as noted above, Plaintiff merely states that

"[f]or the purpose of this motion to dismiss, Plaintiff is not taking a position one way or the other

on whether a tilt constitutes an injury but is merely agreeing to dismiss without prejudice."

(Motion, p. 2.)

The timing of Plaintiff's Motion compels the conclusion that the request reflects Plaintiff's realization that his case would not survive the pending motion for summary judgment. Absent any explanation to the contrary, this motivation warrants dismissal with prejudice. To protect the integrity of the MDL process, the Court should require dismissal with prejudice for plaintiffs who file but do not try to support Tilt-Only cases or Placement Only cases. *See In re: FEMA Trailer Formaldehyde Prods. Liability Litig.*, 628 F.3d 157, 161 (5th Cir. 2010); *see also In re Air Crash Disaster At Sioux City, Iowa on July 19, 1989*, MDL No. 817, 1990 WL 103566, at *1 (N.D. Ill. 1990) (denying request for dismissal without prejudice where plaintiffs failed to offer a specific, legitimate explanation for seeking dismissal).

### C.    Cook Has Spent Significant Time and Money Defending Its Products.

In deciding whether to require dismissal with prejudice, courts consider the time and expense the defendant has spent preparing to take the litigation to trial. Plaintiff argues "there has been no significant expense incurred by the defense," and that his case – for unidentified reasons – should be considered in a vacuum, separate from the MDL as a whole.[4] Those arguments are wrong. *In re: FEMA Trailer Formaldehyde Prods. Liability Litig.*, 628 F.3d at 161.

As noted by the Plaintiffs' Leadership – of which Plaintiff's counsel is a member – these MDL proceedings are at a mature stage.[5] Cook has spent over five years and expended significant resources. Cook has reviewed and produced over 1.3 million pages of documents from over 30 custodians. Cook's company executives and other employees have been subjected to numerous depositions. Moreover, the parties have tried multiple bellwether cases. To date, many product-

---

[4] Plaintiff argues Cook would have filed the motion for summary judgment as to other cases had his case not been filed (Motion, p. 4) and that discovery and trial preparation specific to Plaintiff's case has been limited (Motion, p. 4).
[5] See Motion to Transfer, p. 4, Dkt. 9602 ("[A]ll common fact and expert discovery in this multidistrict litigation has been completed, and [Judge Young, the MDL judge,] has ruled on Daubert motions related to non-case-specific experts.")

in-place cases remain in the MDL, which sap the resources of both the Court and the parties. They are, in part, the reason the Cook "move[d] for a screening order to ensure pending and future filed cases allege a cognizable injury," and the Court granted Cook's request. (Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan, Dkt. 9322.) Ensuring pending and future filed cases allege a cognizable injury is exactly what Cook is doing.

Plaintiff's counsel in this case had more than enough information to evaluate whether this case had merit prior to filing his Complaint. Cook has produced the relevant documents in its possession and subjected its employees to depositions covering the wide range of issues raised by this litigation. If a plaintiff decides that he or she no longer wishes to pursue a claim, then the Court should extinguish that claim with finality. Inviting plaintiffs to re-emerge years after abandoning their lawsuits just as their cases were poised to ripen for final case-specific discovery and trial would prolong this MDL and frustrate the core purpose of these centralized proceedings.

### D.   Plaintiff Filed His Motion in Direct Response to Cook's Motion for Summary Judgment.

In deciding whether to require dismissal with prejudice, courts consider whether the defendant has filed a motion for summary judgment. Plaintiff's Motion concedes his Motion is in response to Cook's motion for summary judgment: "Defendants seek summary judgment in Plaintiff Alto's case." (Motion, p. 1.) This factor too weighs in favor of requiring dismissal with prejudice. Plaintiff does not dispute that Cook's motion is well taken and that Cook is entitled to summary judgment on the merits of his claim. Allowing plaintiffs to abandon lawsuits in the face of meritorious motions for summary judgment and yet preserve the ability to bring those same claims again would also prolong this MDL and frustrate its essential purpose.

Plaintiff cites *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 64 (7th Cir. 1980) and *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988) in support of the proposition that "the

mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice." (Motion, p. 4.)  But both cases are readily distinguishable from Plaintiff's conduct here.  In *Tyco*, the trial court granted Tyco's motion for voluntary dismissal, and the Seventh Circuit declined to upset that order because trial judge is with "whom the discretion ultimately rests." *Id*. at 56.  The court based its opinion on the fact that discovery was not "overly extensive."  Further, although defendant had a motion for partial summary judgment pending, the motion was exactly that:  partial, seeking summary judgment as to "some of the defendants as to one of Tyco's asserted grounds for relief."  The *Tyco* court found that the motion for partial summary judgment was not "equivalent to an imminent resolution on the merits of the action." Indeed, although recognizing the deference it owed the trial judge, the court said that "candor compels us to observe that we found some of the reasons advanced by Tyco as justifying dismissal less than overpoweringly persuasive." *Id*. at 57.

In *Kovalic*, the plaintiff sued the defendant for age discrimination, breach of contract, promissory estoppel, failure to pay wages, defamation, tortious interference, and conspiracy.  The trial court granted the plaintiff's motion for voluntary dismissal without prejudice, and, as in *Tyco,* the Seventh Circuit declined to upset the trial court's order, finding the decision "is within the sound discretion of the district court and may be reversed only if the appellant can establish that the court abused its discretion." *Kovalic*, 855 F.2d at 473.  As in *Tyco*, the defendant had filed only a motion for *partial* summary judgment, and in fact the motion was brought only 20 days after the plaintiff filed the complaint and before any discovery.

In contrast here:

- Plaintiff's request is in the context of an ongoing MDL proceeding;
- Plaintiff's request is unaccompanied by *any* explanation justifying dismissal or attempt to show good cause;
- Cook has expended considerable time and resources;
- Cook has moved for full summary judgment on all of Plaintiff's claims, and resolution on the merits is imminent.

Neither *Tyco* nor *Kovalic* supports dismissal without prejudice here.

**E.      Requiring Dismissal With Prejudice Will Further Deter Plaintiffs From Filing Cases Without Screening Them.**

As mentioned above and noted by the Fifth Circuit in *In re: FEMA Trailer Formaldehyde Prods. Liability Litig.*, Plaintiff's case cannot be separated from the MDL context.  *See* 628 F.3d at 161.  Allowing Plaintiff to obtain a dismissal without prejudice would encourage other plaintiffs to seek such dismissals.  Indeed, that is already happening.  (See Dkt. Nos. 12428, 12429.) Dismissal without prejudice of Plaintiff's case invites these and other plaintiffs to re-file these cases months or years down the road.  That would prolong this MDL and frustrate the core purpose of these centralized proceedings – facilitating the efficient and timely resolution of this litigation.

## IV.    CONCLUSION

If Plaintiff no longer wishes to pursue his claims, the Court should require dismissal with prejudice.  If voluntary dismissal with prejudice is unacceptable to Plaintiff, the Court should rule on Cook's pending motion for summary judgment.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP


Dated: November 21, 2019

Respectfully Submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:       (317) 237-0300
Facsimile:       (317) 237-1000
Andrea.Pierson@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:       (260) 424-8000
Facsimile:       (260) 460-1700
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

13

## CERTIFICATE OF SERVICE

I certify that on November 21, 2019, a copy of the foregoing COOK'S OPPOSITION TO PLAINTIFF RUSTY ALTO'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE was filed electronically. Parties may access this filing through the Court's electronic records system.

/s/ *Andrea Roberts Pierson*