IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff: Rusty Alto

Civil Case #: 1:19-cv-2300

## Plaintiff's Reply Brief In Support of Motion for Voluntary Dismissal without Prejudice under Federal Rule of Civil Procedure 41(a)(2)

Cook filed its opposition to Plaintiff's motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) on November 21, 2019 (herein "Response") [Doc. 12470]. That response is 12-pages long but includes very little substance. Instead, Cook simply (1) attacks the Plaintiff and his lawyers for some unknown reason; (2) runs away from its own arguments in its *Omnibus Motion for Summary Judgment in 46 Mischaracterized No Injury Cases* [Doc. 11923] and Memorandum in Support of the same [Doc. 11924] (cumulatively herein "Summary Judgement Motion"); tries to retreat from its implicit agreement to the propriety of dismissal without prejudice; and attempts to make it sound as though a great deal of work has been done on this individual case. None of this provides any reason for this Court to deny the Plaintiff's motion for voluntary dismissal without prejudice.

Cook attempts to imply Plaintiff or Plaintiff's counsel did something improper in this matter. Nothing could be further from the truth. Plaintiff has met every deadline in this case and is unaware of ever receiving any correspondence from Cook about any problems with his Complaint, Plaintiff Profile Form, or Case Categorization Form. Plaintiff's willingness to agree

to and ultimately seek dismissal without prejudice was an attempt to reach a compromise on Cook's Summary Judgment Motion, not an admission of any impropriety or lack of merit of his case. It is unclear why the defense would attack Plaintiff and his counsel instead of sticking to the merits – especially given that Plaintiff has complied with every aspect of his obligations under the Court's orders. If anything, Defendants should have been happy Plaintiff was seeking to streamline the process and simply agree to dismissal without prejudice.

Additionally, Cook's argument in its Summary Judgement Motion is crystal clear – *filter tilt is not an injury*. Memo in Support of Summary Judgement Motion, Doc, 11924, p. 1. In fact, Cook makes the following assertion in its briefing: "First, the 27 Tilt-Only Cases fail to raise a legally cognizable injury because tilt is not an injury—mere tilt of an IVC filter is, at best, a precursor to a potential future complication that may or may not materialize, which itself may or may not lead to symptomatic actual injuries." *Id*. at p. 2. Understandably, Cook does not explain in the Response why (or how) summary judgment should be granted in a case where *it claims there has been no injury* to the Plaintiff. The answer is that Cook knows dismissal without prejudice is the appropriate remedy and has already agreed to it. [Defendants' Proposed Stipulation of Dismissal, **Exhibit A**; November 4, 2009 Email, **Exhibit B**].

Given the concession already made by Cook (despite trying to retreat from it in the Response), the question before the Court is not whether dismissal without prejudice is appropriate, but what, if any, restrictions should be placed on that dismissal. The limitations the defense seeks to impose upon the plaintiff in the proposed stipulation of dismissal are:

    a. The plaintiff may only refile his case in the United States District Court for the Southern District of Indiana, and refiling his case in any other jurisdiction would

>   automatically convert the stipulation of dismissal to a dismissal with prejudice [**Exhibit A**]; and
>
>   b. The plaintiff may not refile his case in the future based on any of the "injuries, complications, or outcomes identified by the Plaintiff in his … short-form complaint, plaintiff fact sheet, or categorization form in the dismissed action." [**Exhibit A**].

The second restriction is particularly problematic, and not surprisingly Cook did not address it in the Response. It is clear from Cook's Response how it intends to use it. Plaintiff's Complaint, Profile Form and Case Categorization Form reference existing "significant tilt"[1] as well various future and progressive risks associated with his filter (such as perforation, fracture, and migration) and noneconomic damages. It is obvious the defense intends to try to argue if the case is refiled in the future because one of those future risks occurs (for example fracture) that risk was already dismissed with prejudice – *despite Cook moving for summary judgment on the basis that Plaintiff has sustained no injury*. If Cook truly believes no injury has occurred, then the statute of limitations has not started running and there is no future injury Plaintiff should be prohibited from filing suit on. This current restriction far overreaches the "tilt only" complication addressed by defendants' Summary Judgment Motion. There should be no restrictions placed on dismissal without prejudice of Plaintiff's above-captioned case, but to the extent the Court chooses to do so the restrictions should be like those included in the revised, redlined version of defendants'

---

[1] Cook argues in its Response that Plaintiff must take a position on whether tilt is an injury, and that not taking a position one way or the other means Plaintiff agrees no injury has occurred. This is simply not accurate. Plaintiff is seeking a compromise solution to Cook's Summary Judgment Motion by agreeing to dismiss his claim without prejudice, and Plaintiff does not need to take a stance on whether tilt is an injury in order to do so. This is also a non-issue, as Cook has clearly stated its position that tilt is not a "cognizable injury" and has agreed to dismissal without prejudice (albeit with overreaching restrictions).

proposed stipulation of dismissal sent to defense counsel via email on November 4, 2019. [**Exhibit B**; Plaintiff's Proposed Redlined Stipulation of Dismissal, **Exhibit C**]. Those restrictions are more in line with the "no injury" and "tilt only" claims made by Cook in its Summary Judgement Motion.

Cook makes the argument that Plaintiff is required to defend the Summary Judgment Motion on the merits instead of seeking dismissal without prejudice. This is simply inaccurate. Now that this motion to dismiss without prejudice is pending, the Court has full and broad discretion to dismiss this case without prejudice and deny Cook's Summary Judgment Motion as moot. *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th Cir. 1988)(stating "When a plaintiff moves for voluntary dismissal under Rule 41(a)(2), the district court enjoys broad discretion in deciding whether to grant the motion."). This is not only the legally correct thing to do, but also the reasonable and fair result. Granting Plaintiff's motion to dismiss without prejudice would cause no prejudice to the defense but granting Cook's Summary Judgment Motion would greatly prejudice the Plaintiff – especially given the intentions of the Defense to apply that ruling far beyond the confines of the filter tilt from which Plaintiff currently suffers.

Next, Cook will not be prejudiced in any way by dismissal without prejudice of this case. Nothing makes this more obvious than Cook's proposal of a stipulation of dismissal with each party bearing its own costs. [**Exhibit A**]. Cook makes a disingenuous attempt to impute all the work it has done in the MDL generally to this one, individual case. This is silly. The work done in the MDL generally by Cook relates to thousands of cases, and most importantly to the bellwether cases that have already been tried or will be tried in the future. Plaintiff's case is not a bellwether, and the only work done in this case – other than filing unnecessary motions/briefs that could have been handled by a reasonable agreed dismissal without prejudice – was done by the Plaintiff – i.e.

the complaint, Plaintiff Profile Form, Case Categorization Form, etc.  And even the Summary Judgment Motion was an omnibus filing applying to numerous plaintiffs – not just the Plaintiff in this case.  No case specific discovery (other than the submissions required by the Plaintiff) has been done in this case to date.  Simply put, this is, at best, a huge reach by the defense.

Lastly, any motions to dismiss without prejudice filed by the other "tilt only" plaintiffs subject to defendants' omnibus Summary Judgment Motion is due entirely to defendants' own actions.  Plaintiff's instant motion to dismiss without prejudice was in response to Cook's Summary Judgment Motion because *that was the first time the issue was ever brought to Plaintiff's attention*.  The defense never reached out to Plaintiff on this issue prior to filing the Summary Judgment Motion, so there was no action that could have been taken before the Summary Judgment Motion was pending.  Moreover, the PSC reached out to the defense in response to the Summary Judgment Motion seeking to streamline this process and have the parties agree to dismissal without prejudice.  In response, Cook suggested the overreaching and problematic dismissal attached to this reply as **Exhibit A** and was unwilling to agree to even reasonable changes to that proposed dismissal [**Exhibit B**; **Exhibit C**].  Had the defense simply agreed to dismissal without prejudice minus the restrictions (or with reasonable and appropriate restrictions), there would have been no need for Plaintiff to file his instant motion to dismiss without prejudice.  In short, this is a problem of defendants' own creation.

For the reasons stated herein and Plaintiff's initial motion to dismiss without prejudice [Doc. 12386], Plaintiff respectfully requests the Court dismiss the above-captioned case without prejudice, with each party to bear its own costs, and absent any of the limitations sought by the Defendants.  To the extent the Court wishes to impose additional terms on the dismissal without prejudice, although plaintiff does not believe this should occur, plaintiff requests the Court use the

terms of his Stipulation of Dismissal Without Prejudice proposed to the defense, which is attached as **Exhibit C**. Plaintiff further requests the Court deny Defendants' Summary Judgment Motion [Docs. 11923 and 11924] as moot due to dismissal of this matter without prejudice. Lastly, Plaintiffs request all other and further relief as the Court deems just and proper.

Dated: November 25, 2019

Respectfully submitted,

/s/ David C. DeGreeff
| | |
|---|---|
| Thomas P. Cartmell | MO #45366 |
| Jeffrey M. Kuntz | MO #52371 |
| David C. DeGreeff | MO #55019 |

WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ David C. DeGreeff
| | |
|---|---|
| Thomas P. Cartmell | MO #45366 |
| Jeffrey M. Kuntz | MO #52371 |
| David C. DeGreeff | MO #55019 |

WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com
*Counsel for Plaintiffs*