IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to Plaintiff<br>    JAMES D. HINES<br><br>Civil Case # 1:16-cv-3135 | Case No. 1:14-ml-2570-RLY-TAB<br>MDL 2570 |

## MOTION TO REINSTATE

Plaintiff, James D. Hines, by and through undersigned counsel, respectfully moves this Court for an order reinstating *Hines v. In re: Cook Medical, Inc., et al.,* 1:16-cv-3135.

The Court entered its Order (10622) On The Cook Defendants' Second Amended Motion to Dismiss (10211) on May 8, 2019. Plaintiff's case was included on Exhibit A for failure to provide a categorization form.

It is uncertain whether the aforementioned motion or Order was sent to Plaintiff's counsel at his prior firm as Plaintiff's counsel has recently changed offices and does not have access to his former firm's servers where all electronic emails, including those sent in connection with the above referenced action, are stored. *See* Notice of Change of Attorney Information attached hereto as <u>Exhibit A</u>. Although Plaintiff's counsel does recall receiving emails from the Court in connection with the numerous filings made in the above action, Plaintiff's counsel also recalls not receiving all Court emails due to his firm's spam filter.

Unlike the time when Defendants sent undersigned counsel correspondence dated April 21, 2017 via email and regular mail claiming Plaintiff did not timely submit a Plaintiff Profile Sheet (PPS), along with medical records, Defendants did not send undersigned counsel correspondence regarding its request to receive a categorization form or notice that Plaintiff was in violation of a Court Order for failure to submit a categorization form.  *See* April 21, 2017 correspondence from defense counsel regarding Plaintiff's PPS attached hereto as Exhibit B.  Similar to the instance regarding Plaintiff's PPS, there is no reason to believe Plaintiff's categorization form would not have been returned to defense counsel timely if undersigned counsel received similar correspondence from defense counsel.  *See* April 26, 2017 correspondence sent from Plaintiff's counsel enclosing requested PPS and medical records attached hereto as Exhibit C.

On November 15, 2019, undersigned counsel learned for the first time that Plaintiff's case had been dismissed *without prejudice* for failure to submit a categorization form.  *See* November 15, 2019 email from Deputy in Charge attached hereto as Exhibit D.

On November 19, 2019, Plaintiff's categorization form, including copies of the same medical records sent in connection with his PPS, was sent to defense counsel via email, fax and certified mail.  *See* November 19, 2019 correspondence to Andrea Roberts Pierson, Esq. and Blake Angelino, Esq. enclosing Categorization Form and medical records attached hereto as Exhibit E, and categorization form attached hereto as Exhibit F.

On November 21, 2019, defense counsel indicated that it had received Plaintiff's categorization form and medical records; however, he would not consent to reinstating this matter.  *See* November 21, 2019 email from Blake Angelino, Esq. attached hereto as Exhibit G.

Plaintiff understands and appreciates that the Court set specific deadlines. However, this was not a matter of Plaintiff knowingly choosing not to comply with the Court's order of May 8, 2019. Within four (4) days of realizing that Plaintiff had not complied with the Court's order, Plaintiff cured his deficiency by sending defense counsel the requested categorization form and medical records.

In light of the foregoing circumstances, Plaintiff requests that the Court reinstate his Complaint against all Defendants. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendant (if any), the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the categorization form and a second copy of the medical records at issue. *See, e.g., Barnhill v. United States,* 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint."). This is particularly the case in this instance as all the information contained in the categorization form was previously sent to Defendants back in April of 2017 through submission of Plaintiff's PPS.

## CONCLUSION

Plaintiff respectfully requests this Court to order the reinstatement of *Hines v. In re: Cook Medical, Inc., et al.,* 1:16-cv-3135.

**Dated:  November 26, 2019**

Respectfully submitted,

**LAW OFFICE OF MARC D. PORTLOCK**

*/s/ Marc D. Portlock*

Marc D. Portlock, Bar No. 016432002
4436 Rt. 27, P.O. Box 462
Kingston, NJ 08528
T:  (609) 356-0862
F:  (609) 356-0865
E-Mail: portlocklaw@gmail.com

***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I certify that on **November 26, 2019** a copy of the foregoing Plaintiff's Motion to Reinstate was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Marc D. Portlock*