# EXHIBIT C

```
                   SOUTHERN DISTRICT OF INDIANA
                     INDIANAPOLIS DIVISION
                 UNITED STATES DISTRICT COURT




IN RE: COOK MEDICAL, INC.,        )
IVC FILTERS MARKETING, SALES      ) Cause No.
PRACTICES AND LIABILITY,          ) 1:14-ML-2570-RLY-TAB
LITIGATION                        ) Evansville, Indiana
                                  ) May 2, 2018
                                  ) 11:28 a.m.
                                  )
```

**Before the Honorable
RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE

**For Plaintiffs:**                Ben C. Martin, Esq.
                                   LAW OFFICES OF BEN C. MARTIN
                                   3710 Rawlins St., Suite 1230
                                   Dallas, TX  75219


                                   Joseph N. Williams, Esq.
                                   RILEY WILLIAMS & PIATT, LLC
                                   301 Massachusetts Avenue
                                   Indianapolis, IN  46204


                                   Michael W. Heaviside, Esq.
                                   HEAVISIDE REED ZAIC
                                   910 17th Street NW, Suite 800
                                   Washington, D.C.  20006

For **Defendants:**                    Andrea Roberts Pierson, Esq.
                                       FAEGRE BAKER DANIELS LLP
                                       300 N. Meridian St., Suite 2700
                                       Indianapolis, IN  46204


                                       J. Stephen Bennett, Esq.
                                       FAEGRE BAKER & DANIELS LLP
                                       110 W. Berry Street, Suite 2400
                                       Fort Wayne IN  46802




Court Reporter:                        Margaret A. Techert
                                       United States District Court
                                       101 NW Martin Luther King Blvd.
                                       Evansville, Indiana  47708

1  motion for protective order regarding general discovery.  What

2  your position is, in my perusal of the papers early this

3  morning here, is that this is -- this has been the train has

4  left the station on this a long time ago regarding discovery.

5          MS. PIERSON:  Your Honor, you may recall when I

6  first became involved in this MDL, company discovery had been

7  going on for a year and a half at that point in time, and

8  there was a hearing that we had in Indianapolis where Mr. King

9  said:  We just need to know what's the cut-off for company

10 discovery as to the products in this litigation.  And there

11 was a long list of grievances that Mr. Martin had with Cook

12 about things that Cook had not produced, and you told the

13 plaintiffs essentially:  Send them a list of what your

14 grievances are and Cook, you take care of that list.  We did.

15 That was back in 2016 and early 2017.

16          It's our position from that point on that company

17 discovery was closed, and we had this issue come up in the

18 Hill case and made the argument then company discovery is

19 closed.  We produced millions of pages of documents.  We spent

20 so much time and money letting the plaintiffs discover

21 everything they wanted to discover about these products, but

22 we ought not be responding to new things.  The issue in that

23 motion is again, we're asking Your Honor to make clear company

24 discovery was closed a long time ago.  We're not going back

25 and redoing that.  But the parties have fully briefed the

38

1    issue and we stand on our papers and are prepared for you to

2    rule whenever you're prepared to rule.

3              THE COURT:  On the other item going back,

4    Ms. Pierson, these cases -- litigation has been going on for

5    quite some time, you want to assert an additional 20

6    defenses -- affirmative defenses?

7              MS. PIERSON:  Thank you, Your Honor.  There's some

8    debate about what needs to be pled and what doesn't need to be

9    pled in terms of an affirmative defense.  Most of the things

10   that we've asked to add to that are not things that are listed

11   under the rule as affirmative defenses.  I consider them

12   additional defenses and I think it's a good idea to put each

13   other on notice of claims and additional defenses, but many of

14   those we're not obligated to raise.  We can just argue them at

15   the time of the individual cases.

16             But we have asked to amend the answer to conform to

17   what we know are the issues in these cases.

18             THE COURT:  Are you just finding this out now?

19             MS. PIERSON:  No, Your Honor.  The motion has been

20   pending for quite awhile but the -- once we got through the

21   Hill trial, certainly nothing that we did would affect the

22   Hill trial and we were late enough in the game, in looking at

23   the master answer, that we wouldn't have sought to amend it in

24   the midst of the Hill trial.  But once we got out of the Hill

25   trial, then we brought this issue to the Court's attention.

```
 1            MR. WILLIAMS:  Thank you, Your Honor.

 2            THE COURT:  Safe travels, everyone.

 3            MR. WILLIAMS:  Thank you, Your Honor.

 4            MS. PIERSON:  Thank you.

 5            THE CLERK:  All rise.  Court is adjourned.

 6            (Proceedings concluded at 12:28 p.m.)

 7   **********************************************************

 8                 CERTIFICATE OF COURT REPORTER

 9

10      I, Margaret A. Techert, hereby certify that the

11   foregoing is a true and correct transcript from

12   reported proceedings in the above-entitled matter.

13

14

15

16   /S/ Margaret A. Techert              May 11, 2018
     MARGARET A. TECHERT
17   Official Court Reporter
     Southern District of Indiana
18   Evansville Division

19

20

21

22

23

24

25
```