**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Action:

James D. Hines, 1:16-cv-03135

**COOK'S OPPOSITION TO PLAINTIFF JAMES D. HINES'S
<u>MOTION TO REINSTATE</u>**

Plaintiff James D. Hines ("Plaintiff") filed a Motion asking the Court to reinstate his case, previously dismissed for failure to produce a case categorization form. (Plaintiff's Motion to Reinstate, Dkt. 12480, ("Motion").) The Court should deny Plaintiff's Motion. Reinstatement would be futile, as Plaintiff's case is barred by the Indiana Statute of Limitations and is not saved by the Journey's Account Statute – the Indiana Savings Statute. I.C. § 34–11–8–1 (the "JAS").

**I.   PLAINTIFF'S LAWSUIT AND CASE CATEGORIZATION**

Plaintiff filed his complaint on November 16, 2016. As the Court knows, before the Court's May 8, 2019, Order dismissing Plaintiff's complaint, individual MDL Plaintiffs and their attorneys were apprised of the categorization requirement on no fewer than 10 separate occasions.[1]

---

[1] <u>October 2, 2018</u>: Court enters its Order on [Cook's] Motion for Screening Order and Bellwether Selection Plan (Dkt. 9322). In the Order, the Court defines the categories and orders categorization for all cases, with deadlines and format to be determined at the next conference.
<u>November 12, 2018</u>: The Court enters the parties' proposed order regarding categorization and the census (Dkt. 9600). The order includes the Categorization Form to be used and sets a December 22, 2018, deadline for Plaintiffs to categorize.
<u>November 21, 2018</u>: After the parties moved to amend the order adopted as Dkt. 9600, the Court enters Parties' Order Regarding Case Categorization and Census that again includes the Categorization Form and reiterates the December 22, 2018 deadline to categorize. See Dkt. 9638.

1

Most prominently, on October 2, 2018, the Court entered its Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan [Dkt. 9322]. On November 21, 2018, the Court followed that Order, with its Order Regarding Case Categorization and Census [Dkt. 9638]. On February 21, 2019, Cook filed its Second Amended Motion to Dismiss [Dkt. 10211], asking the Court to dismiss cases that failed to produce a Case Categorization Form and medical records in support of a Case Categorization Form, despite numerous opportunities to do so. The Notice of Electronic Filing sent by the Court's CM/ECF system shows that Plaintiff's counsel, Marc D. Portlock, received Cook's Motion to Dismiss at two addresses: mportlock@stathisleonardis.com and gkapcsandi@stathisleonardis.com.[2] Cook replied in support of its Motion to Dismiss on March 14, 2019 [Dkt. 10307].

---

January 8, 2019: During the Brand trial, Cook's counsel provides an update to the Court regarding categorization. Court directs that Plaintiffs will have until January 15, 2019 to complete categorization. See Dkt. 9875 (entry memorializing hearing).

January 14, 2019: The Court enters its Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), extending the deadline to categorize to January 31, 2019, and providing that failure to categorize would lead to dismissal.

January 17, 2019: The Court amends a technical issue regarding the Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), again confirming January 31, 2019 as the categorization deadline and re-iterating that failure to categorize would lead to dismissal. See Dkt. 9956.

February 5, 2019: Cook files its Motion to Dismiss cases that were noncompliant with the Court's Categorization Order (Dkt. 10063). The Motion to Dismiss included Plaintiffs on Exhibit A (10063-1).

February 18, 2019: Cook files its Amended Motion to Dismiss (Dkt. 10182). The Amended Motion to Dismiss includes Plaintiffs on Exhibit A (10182-1 at 1).

February 21, 2019: Cook files its Second Amended Motion to Dismiss (Dkt. 10211). The Second Amended Motion to Dismiss again includes Plaintiffs on Exhibit A (10211-1).

March 14, 2019: Cook files a reply in support of the Motion to Dismiss (Dkt. 10307).

April 4, 2019: Cook's counsel sends a letter to Plaintiffs' leadership asking for entry of dismissal in the remaining noncompliant Exhibit A and Exhibit B cases. Updated Exhibit A and B lists are provided with the letter (see Dkt. 10857-2 (copy of letter). Plaintiffs' leadership's repeatedly represented to the Court that these lists were shared with counsel in individual cases.

[2] A true and accurate copy of the February 21, 2019, Notification of Electronic Filing produced by the Southern District of Indiana's CM/ECF Pacer system is attached as Exhibit A.

On May 8, 2019, the Court granted Cook's Motion to Dismiss [Dkt. 10622], dismissing, among other cases, Plaintiff's case. The Notification of Electronic Filing shows Plaintiff's counsel received the Court's Order.[3]

**Over 6 months later**, Plaintiff called counsel for Cook to seek reinstatement of this case. (See Motion, p. 2.) When Cook informed Plaintiff it opposed reinstatement and the Court had properly dismissed this case, Plaintiff filed the instant Motion. In his Motion, Plaintiff first questions whether he received notice of Cook's Motion to Dismiss and the Court's subsequent Order granting Cook's Motion. (Motion, p. 1.). Counsel for Plaintiff asserts that he left his previous law firm at some unstated date. (Motion, pp. 1-3.) Plaintiff then argues that, because Cook did not send an individualized email to Plaintiff's counsel (as Cook had when Plaintiff neglected to submit a Plaintiff Profile Sheet), Cook somehow fell short. (Motion, p. 2.). These arguments do not justify reinstatement.

## II.  Reinstatement Would Be Futile Because the Plaintiff's Claims are Barred by the Indiana Statute of Limitations, Are Not Saved by the JAS, and Plaintiff's Response Demonstrate More Negligence in the Prosecution, Not Less

The Court should deny Plaintiff's motion on the ground of futility because it would be barred by the statute of limitations. The Indiana statute of limitations[4] requires that claims based on personal injury be filed within two years after the cause of action accrues. I.C. 34-11-2-4; *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 632 (7th Cir. 2007). Here, Plaintiff's claim could not have accrued later than November 16, 2016, when he filed his original action. He did move to reinstate this action until November 26, 2019, more than three years later. Indiana's statute of limitations therefore bars his claims.

---

[3] A true and accurate copy of the May 8, 2019, Notification of Electronic Filing produced by the Southern District of Indiana's CM/ECF Pacer system is attached as Exhibit B.
[4] Plaintiff filed his case in the Southern District of Indiana, using a Short Form Complaint. The Court has ruled that Indiana's statute of limitations governs actions commenced in the Southern District of Indiana. (Dkt. 12256)

**III.  Plaintiff's Claims are Barred by the Indiana Statute of Limitations, Are Not Saved by the JAS, and Plaintiff's Response Demonstrate More Negligence in the Prosecution, Not Less**

Cook anticipates that Plaintiff may argue in reply that his claim is saved by Indiana's Journey's Account Statute (JAS), I.C. § 34–11–8–1.  This argument fails because the JAS does not apply under the circumstances here.

The JAS is a savings statute that permits a party to refile or reinstate an action within three years after it is dismissed and to calculate compliance with the statute of limitations based on the commencement date of the dismissed action rather than the new action.  I.C. § 34–11–8–1(b).  The statute only applies, however, where dismissal was "not due to negligence in its prosecution."[5] *Dempsey v. Belanger*, 959 N.E.2d 861, 865 (Ind. Ct. App. 2011), quoting I.C. § 34–11–8–1(a); § 39.12. Journey's account statute, 22A Ind. Prac., Civil Trial Practice § 39.12 (2d ed.) ("Ind. Prac."). "The JAS generally permits a party to refile an action that has been dismissed on technical grounds." *Dempsey*, 959 N.E.2d at 865 (Ind. Ct. App. 2011). "Negligence in the prosecution" is broader than failure to prosecute and the term applies to "any failure of the action due to negligence in the prosecution." *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1244 (Ind. 2010). "Examples of conduct which would likely be deemed negligence in prosecuting a case presumably include dismissal for failure to prosecute, dismissal for failure to comply with the discovery rules, failure to pay filing fees, and naming the wrong party." *Dempsey*, 959 N.E.2d at 866, citing *Eads*, 932

---

[5] In full the JAS states as follows:
Sec. 1. (a) This section applies if a plaintiff commences an action and:
 (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
 (2) the action abates or is defeated by the death of a party; or
 (3) a judgment is arrested or reversed on appeal.
 (b) If subsection (a) applies, a new action may be brought not later than the later of:
(1) three (3) years after the date of the determination under subsection (a); or
(2) the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

N.E.2d at 1244 and Ind. Prac. § 39.12; *Parks v. Madison County*, 783 N.E.2d 711 ('Ind. Ct. App. 2002).

Here, the Plaintiff's case was dismissed due to negligence in the prosecution of the case. Despite 10 different notifications, the Plaintiff failed to submit a Case Categorization Form. In addition, Plaintiff waited over six months after the Court's dismissal based on that failure to move for reinstatement. Either of these facts justifies a finding of negligence in prosecution; taken together, they compel such a finding. As a result, the JAS does not apply and does not shield Plaintiff's new action from the Indiana statute of limitations.

Plaintiff's Motion itself displays the negligence in the prosecution of his case. First, Plaintiff's counsel argues that because he left his previous firm, Stathis & Leonardis, LLC, he is unable to know whether he was served with Cook's Motion to Dismiss, the Court's Order on Cook's Motion to Dismiss, or any of the other related categorization filings. Counsel does not identify the date he left Stathis & Leonardis, LLC, and does not claim that he has even tried to obtain information from his previous firm concerning whether and when he received service while he was there. Indeed, despite his statement that he has departed, counsel remains on Stathis & Leonardis, LLC's website to this day.[6] Regardless, the Notifications of Electronic Filing for Cook's Motion to Dismiss and the Court's Order (Exhibit A and Exhibit B to this response) show Mr. Portlock and an additional individual from Stathis & Leonardis, LLC received service of those filings. Indeed, the Notice of Change of Attorney Information Plaintiff submitted with his motion shows that Plaintiff did not file that Notice with the Court until the day he filed his Motion to Reinstate. (Motion, at Exhibit A.)

---

[6] See Firm Biography of Marc Portlock. Last accessed on December 10, 2019, at https://www.stathisleonardis.com/marc-portlock-esq/

5

Second, Plaintiff argues that "Defendants did not send undersigned counsel correspondence regarding its request to receive a case categorization form," and attached various correspondence. Plaintiff does not state how he knows this, given that his attorney claims that he has no access to the files at his former firm. In any event, Plaintiff's argument ignores that it was the Court's Orders, extensions, and reminders that created the obligation and deadlines that he violated, not a deficiency communication from Cook. Further, Cook filed multiple iterations of its Motion to Dismiss, all of which were served on the Plaintiff through the Court's CM/ECF system.

In sum, both the Court's original dismissal of Plaintiff's case for failure to categorize and Plaintiff's delay and inadequate showing in seeking reinstatement demonstrate "negligence in the prosecution" of his case. The JAS does not save cases dismissed for "negligence in the prosecution," and Plaintiff is not entitled to prevent application of the Indiana statute of limitations through the JAS.

## IV.    CONCLUSION

The Court should deny Plaintiff's Motion to Reinstate because reinstating Plaintiff's Complaint is futile.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

Dated: December 10, 2019

Respectfully Submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:	(317) 237-0300
Facsimile:	(317) 237-1000
Andrea.Pierson@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:	(260) 424-8000
Facsimile:	(260) 460-1700
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

## **CERTIFICATE OF SERVICE**

      I certify that on December 10, 2019, a copy of the foregoing COOK'S OPPOSITION TO PLAINTIFF JAMES D HINES'S MOTION TO REINSTATE was filed electronically. Parties may access this filing through the Court's electronic records system.

                            /s/ *Andrea Roberts Pierson*