**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

---

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to the Following Action:

James D. Hines, 1:16-cv-03135

---

**EXHIBIT B**

**TO**

**COOK'S OPPOSITION TO PLAINTIFF JAMES D. HINES'S**

**MOTION TO REINSTATE**

| From: | insd_cmecf@insd.uscourts.gov |
|---|---|
| Sent: | Wednesday, May 08, 2019 10:42 AM |
| To: | nef@insd.uscourts.gov |
| Subject: | Activity in Case 1:14-ml-02570-RLY-TAB IN RE: COOK MEDICAL INC. Order on Motion to Dismiss |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTICE\*\*\*The electronically filed document(s) may be viewed once at no charge by clicking on the Document Number hyperlink (example -21). To avoid PACER charges for subsequent viewing, download or print a copy of the document(s) during the first viewing. If the document number is not hyperlinked, the filing was not submitted electronically and must be served in paper form pursuant to Fed.R.Civ.P.5(b).**

**U.S. District Court**
**Southern District of Indiana**
**Office of the Clerk**
**(317)229-3700**
**www.insd.uscourts.gov**

## Notice of Electronic Filing

The following transaction was entered on 5/8/2019 at 11:39 AM EDT and filed on 5/8/2019

| **Case Name:** | IN RE: COOK MEDICAL INC. |
|---|---|
| **Case Number:** | 1:14-ml-02570-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 10622 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      BETTY BOOTH v. COOK MEDICAL INCORPORATED et al

**Case Number:**    1:15-cv-06027-RLY-TAB

**Filer:**

**Document Number:** 130


**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**


**Case Name:**      EVANS v. COOK, et al.

**Case Number:**    1:15-cv-01604-RLY-TAB

**Filer:**

**Document Number:** 113


**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | COOK v. COOK INCORPORATED et al |
| **Case Number:** | 1:15-cv-01605-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 116 |

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | BAYLOR v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-00542-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 89 |

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | CAMPBELL et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-00545-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 89 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | HAGADONE et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-00548-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 89 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | OGDEN v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-00551-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 88 |

Docket Text:

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | SCOTT v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-00552-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 88 |

Docket Text:

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and**

**Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**     HAWES v. COOK INCORPORATED et al

**Case Number:**     1:16-cv-00809-RLY-TAB

**Filer:**

**Document Number:** 83

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**     HAYES v. COOK MEDICAL INCORPORATED et al

**Case Number:**     1:16-cv-06032-RLY-TAB

**Filer:**

**Document Number:** 78

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.**

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | WILLIAMS v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-01163-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 59 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | BRENIMAN v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-01252-RLY-TAB |
| **Filer:** | |

**Document Number:** 69

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:** VALVO v. COOK INCORPORATED et al

**Case Number:** 1:16-cv-01285-RLY-TAB

**Filer:**

**Document Number:** 66

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**  TRAHAN et al v. COOK MEDICAL INCORPORATED et al

**Case Number:**  1:16-cv-01318-RLY-TAB

**Filer:**

**Document Number:** 64

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**  JOLLEY v. COOK INCORPORATED, et al

**Case Number:**  1:16-cv-01534-RLY-TAB

**Filer:**

**Document Number:** 65

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | MILLS v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-01614-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 66 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | QUINONES v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-01635-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 66 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**     TAUBLER v. COOK INCORPORATED et al
**Case Number:**   1:16-cv-01640-RLY-TAB
**Filer:**
**Document Number:** 66

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**     HOGAN v. COOK INCORPORATED et al
**Case Number:**   1:16-cv-01762-RLY-TAB
**Filer:**
**Document Number:** 64

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | ANGER v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-01767-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 65 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | SCOTT et al v. COOK MEDICAL LLC et al |
| **Case Number:** | 1:16-cv-01771-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 64 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and

Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**   PAYNE et al v. COOK MEDICAL et al
**Case Number:**   1:16-cv-01801-RLY-TAB
**Filer:**
**Document Number:** 64

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**   RAY v. COOK INCORPORATED et al
**Case Number:**   1:16-cv-01848-RLY-TAB
**Filer:**
**Document Number:** 60

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | HEISE et al v. COOK, INC. et al |
| **Case Number:** | 1:16-cv-01937-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 60 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | SKEHAN et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02045-RLY-TAB |
| **Filer:** | |

**Document Number:** 60

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**     MIDDLEBROOKS v. COOK INCORPORATED et al

**Case Number:**    1:16-cv-02149-RLY-TAB

**Filer:**

**Document Number:** 52

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      HOLMES v. COOK, et al.

**Case Number:**    1:16-cv-02172-RLY-TAB

**Filer:**

**Document Number:** 65

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      KING v. COOK MEDICAL LLC et al

**Case Number:**    1:16-cv-02225-RLY-TAB

**Filer:**

**Document Number:** 56

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

**dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | CUNNINGHAM v. COOK MEDICAL LLC |
| **Case Number:** | 1:16-cv-02279-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 52 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | SIMPSON et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02290-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 55 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | ROLLMAN v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02317-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 53 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | DAVIDSON et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02321-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 54 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.**

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | OGLE v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02326-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 54 |

Docket Text:

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | NELSON v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02328-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 53 |

Docket Text:

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and**

Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | THOMAS v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02350-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 53 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | CATCHINGS v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02382-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 57 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.**

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | ROGERS v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02383-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 59 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | ROSS v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02385-RLY-TAB |
| **Filer:** | |

**Document Number:** 57

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**        BEAL v. COOK INCORPORATED et al

**Case Number:**     1:16-cv-02390-RLY-TAB

**Filer:**

**Document Number:** 53

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**    STEPHENS v. COOK INCORPORATED et al

**Case Number:**    1:16-cv-02393-RLY-TAB

**Filer:**

**Document Number:** 56

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**    THOMSON v. COOK INCORPORATED, et al.

**Case Number:**    1:16-cv-02410-RLY-TAB

**Filer:**

**Document Number:** 53

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

**dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | TAYLOR v. COOK GROUP, INC. et al |
| **Case Number:** | 1:16-cv-02469-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 41 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | HORTON v. COOK GROUP, INC. et al |
| **Case Number:** | 1:16-cv-02505-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 42 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**     HOPKINS v COOK INCORPORATED et al
**Case Number:**   1:16-cv-02656-RLY-TAB
**Filer:**
**Document Number:** 36

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**     CONTRERAS v. COOK INCORPORATED et al
**Case Number:**   1:16-cv-02693-RLY-TAB
**Filer:**
**Document Number:** 30

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | GREEN v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02713-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 35 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | GARNER v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02899-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 36 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and**

Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | GOMEZ v. COOK GROUP, INC. et al |
| **Case Number:** | 1:16-cv-02949-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 29 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | GILBERT v. COOK INCORPORATED, et al. |
| **Case Number:** | 1:16-cv-02951-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 29 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | LUSCOMB v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02953-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 30 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | MARTIN et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02954-RLY-TAB |
| **Filer:** | |

**Document Number:** 32

Docket Text:

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | STATEN v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-02956-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 30 |

Docket Text:

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**  HAGINS v. COOK INCORPORATED et al

**Case Number:**  1:16-cv-03089-RLY-TAB

**Filer:**

**Document Number:** 28

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**  HINES v. COOK INCORPORATED, et al.

**Case Number:**  1:16-cv-03135-RLY-TAB

**Filer:**

**Document Number:** 24

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

Case Name:        MCCALL v. COOK INCORPORATED, et al
Case Number:      1:16-cv-03253-RLY-TAB
Filer:
Document Number: 18

Docket Text:
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

Case Name:        DYER v. COOK INCORPORATED et al
Case Number:      1:16-cv-03299-RLY-TAB
Filer:
Document Number: 23

Docket Text:
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | WYNKOOP v. COOK INCORPORATED et al |
| **Case Number:** | 1:16-cv-03406-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 22 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | HERNANDEZ v. COOK INCORPORATED |
| **Case Number:** | 1:16-cv-03433-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 18 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | DUKES v. COOK MEDICAL |
| **Case Number:** | 1:16-cv-03443-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 17 |

Docket Text:

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | IRVING et al v. COOK INCORPORATED, et al. |
| **Case Number:** | 1:16-cv-03468-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 18 |

Docket Text:

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and**

**Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | THOMAS v. COOK INCORPORATED, ET AL |
| **Case Number:** | 1:16-cv-03521-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 18 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | DUQUETTE v. COOK INCORPORATED, ET AL |
| **Case Number:** | 1:17-cv-00020-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 17 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.**

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | LANZER v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-00069-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 23 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | CORNEW v COOK INCORPORATED, et al. |
| **Case Number:** | 1:17-cv-00143-RLY-TAB |
| **Filer:** | |

**Document Number:** 14

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      PEACOCK v. COOK INCORPORATED, ET AL

**Case Number:**    1:17-cv-00159-RLY-TAB

**Filer:**

**Document Number:** 18

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      SLOBODJIAN v. COOK INCORPORATED

**Case Number:**    1:17-cv-00218-RLY-TAB

**Filer:**

**Document Number:** 17

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      DUFFY v. COOK INCOPORATED

**Case Number:**    1:17-cv-00254-RLY-TAB

**Filer:**

**Document Number:** 16

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | KELTEE JR. v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-00303-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 18 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | GONZALES et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-00337-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

Case Name:       PIERITE v. COOK INCORPORATED et al
Case Number:     1:17-cv-00357-RLY-TAB
Filer:
Document Number: 15

Docket Text:
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

Case Name:       ODOM v. COOK INCORPORATED et al
Case Number:     1:17-cv-00388-RLY-TAB
Filer:
Document Number: 15

Docket Text:
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | ELAZAB et al v. COOK INCORPORATED, et al. |
| **Case Number:** | 1:17-cv-00417-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | GOVERNALE v. COOK INCORPORATED, et al. |
| **Case Number:** | 1:17-cv-00420-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 15 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and

Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | PAPIERSKI, ET AL v. COOK INCORPORATED, ET AL |
| **Case Number:** | 1:17-cv-00434-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 18 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | CREMEANS v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-00455-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | KRATOCHVIL v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-00457-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | STAFFORD v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-00458-RLY-TAB |
| **Filer:** | |

**Document Number:** 14

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      MILLION v. COOK INCORPORATED et al

**Case Number:**    1:17-cv-00530-RLY-TAB

**Filer:**

**Document Number:** 16

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**          DODD et al v. COOK INCORPORATED et al

**Case Number:**        1:17-cv-00537-RLY-TAB

**Filer:**

**Document Number:** 18

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**          PARKER v. COOK INCORPORATED et al

**Case Number:**        1:17-cv-00692-RLY-TAB

**Filer:**

**Document Number:** 15

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| Case Name: | OKOLISH v. COOK INCORPORATED et al |
| Case Number: | 1:17-cv-00800-RLY-TAB |
| Filer: | |
| Document Number: | 15 |

Docket Text:
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| Case Name: | HALLEY v. COOK MEDICAL LLC et al |
| Case Number: | 1:17-cv-00971-RLY-TAB |
| Filer: | |
| Document Number: | 12 |

Docket Text:
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | DICKENS v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-01239-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | ANDERS v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-01327-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | WILLIAMS et al v. COOK INCORPORATED |
| **Case Number:** | 1:17-cv-01347-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | MOORE v. COOK INCORPORATED |
| **Case Number:** | 1:17-cv-01358-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and

Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**      PHILLIPS v. COOK INCORPORATED et al

**Case Number:**   1:17-cv-01456-RLY-TAB

**Filer:**

**Document Number:** 14

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**      KENYON v. COOK INCORPORATED et al

**Case Number:**   1:17-cv-01479-RLY-TAB

**Filer:**

**Document Number:** 17

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | MOONEY v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-01551-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | BEARD v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-01559-RLY-TAB |
| **Filer:** | |

**Document Number:** 13

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**       NEUHART v. COOK INCORPORATED et al

**Case Number:**     1:17-cv-01588-RLY-TAB

**Filer:**

**Document Number:** 12

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      CRAIG et al v. COOK MEDICAL LLC et al

**Case Number:**   1:17-cv-01697-RLY-TAB

**Filer:**

**Document Number:** 13

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      KIDDER v. COOK INCORPORATED et al

**Case Number:**   1:17-cv-01705-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | LEWIS v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-01728-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

Docket Text:

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | OHLER v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-01753-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

Docket Text:

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**       PARSONS v. COOK INCORPORATED et al

**Case Number:**    1:17-cv-01754-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**       ROBINSON v. COOK INCORPORATED et al

**Case Number:**    1:17-cv-01773-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.**

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | STEELE v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-01774-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

Docket Text:

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | WILLIAMS v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-01790-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

Docket Text:

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and

Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | CLARK et al v. COOK GROUP, INC. et al |
| **Case Number:** | 1:17-cv-06069-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 37 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | MORRIS v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-01806-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**        PERDUE v. COOK INCORPORATED et al

**Case Number:**      1:17-cv-01820-RLY-TAB

**Filer:**

**Document Number:** 12

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**        MCNALLY et al v. COOK INCORPORATED et al

**Case Number:**      1:17-cv-01853-RLY-TAB

**Filer:**

**Document Number:** 13

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**        SMITH v. COOK INCORPORATED et al
**Case Number:**      1:17-cv-01854-RLY-TAB
**Filer:**
**Document Number:** 12

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**          HANNA v. COOK MEDICAL et al

**Case Number:**       1:17-cv-02173-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**          ROY et al v. COOK INCORPORATED et al

**Case Number:**       1:17-cv-02179-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for
additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-
02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | FLIETSTRA v. COOK INCORPORATED. et al |
| **Case Number:** | 1:17-cv-02239-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

Docket Text:
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.
[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b),
the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to
comply with the court's Order on the Cook Defendants' Motion For Screening Order And
Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and
Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit
A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical
records in support of their Case Categorization Form. As to those cases, Cook's Motion to
Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.
These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the
event a legally cognizable injury occurs in the future within the statute of limitations after that
injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if
the future claim is based solely on one of the injuries, complications, or outcomes identified
by the plaintiff in his or her individual case in this court. To the extent that an allegedly
cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order
on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than
the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a
dismissal with prejudice. All parties shall bear their own fees and costs. See Order for
additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-
02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | SOLLO v. COOK INCORPORATED, ET AL |
| **Case Number:** | 1:17-cv-02269-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 15 |

Docket Text:
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.
[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b),
the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to
comply with the court's Order on the Cook Defendants' Motion For Screening Order And
Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and
Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit
A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical
records in support of their Case Categorization Form. As to those cases, Cook's Motion to
Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.
These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the
event a legally cognizable injury occurs in the future within the statute of limitations after that
injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if
the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | SPINDLE v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-02334-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | INGRAM v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-02343-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 17 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.**

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | FOLEY v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-06074-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 17 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | CRABILL v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-02405-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and**

**Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | BAKER v. COOK INCORPORATED, ET AL |
| **Case Number:** | 1:17-cv-02435-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | SHOCKLEY v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-02611-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.**

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | ROBINSON v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-02623-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | ANDERSON et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-02667-RLY-TAB |
| **Filer:** | |

**Document Number:** 15

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**        MEDEIROS v. COOK INCORPORATED et al

**Case Number:**      1:17-cv-02670-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**     OJEDA v. COOK INCORPORATED et al

**Case Number:**     1:17-cv-02703-RLY-TAB

**Filer:**

**Document Number:** 10

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**     PARKER v. COOK INCORPORATED et al

**Case Number:**     1:17-cv-02715-RLY-TAB

**Filer:**

**Document Number:** 12

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | WILLIAMS et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-02776-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 8 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | BRADY, SR. v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-02793-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 10 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

Case Name:       MILLER v. COOK INCORPORATED el al
Case Number:     1:17-cv-02880-RLY-TAB
Filer:
Document Number: 14

Docket Text:

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

Case Name:       GEORGE v. COOK INCORPORATED et al
Case Number:     1:17-cv-02957-RLY-TAB
Filer:
Document Number: 15

Docket Text:

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | GROVE v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-02987-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | BAIN v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-03085-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and

**Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**     PACIOCCO v. COOK INCORPORATED et al
**Case Number:**   1:17-cv-03100-RLY-TAB
**Filer:**
**Document Number:** 11

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**     GRIFFIN v. COOK INCORPORATED et al
**Case Number:**   1:17-cv-03120-RLY-TAB
**Filer:**
**Document Number:** 12

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.**

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | LAUFER v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-03163-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 8 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | CUMMINGS v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-03311-RLY-TAB |
| **Filer:** | |

**Document Number:** 14

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**       WOOD v. COOK INCORPORATED et al

**Case Number:**    1:17-cv-03317-RLY-TAB

**Filer:**

**Document Number:** 12

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**        STEWART v. COOK INCORPORATED et al

**Case Number:**      1:17-cv-03318-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**        ABERMAN v. COOK INCORPORATED et al

**Case Number:**      1:17-cv-03341-RLY-TAB

**Filer:**

**Document Number:** 12

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | GREEN v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-03477-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | DIXON v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-03495-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | MATOUSHEK et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-03563-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | PAULEY v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-03577-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | CAYNOR v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-03651-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | MCCAIN v. COOK INCORPORATED |
| **Case Number:** | 1:17-cv-03969-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and

**Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | ORSZULAK v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-04031-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | ZIAJA v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-04097-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.**

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | RODRIGUEZ v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-04171-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | CRAFT v. COOK MEDICAL, LLC et al |
| **Case Number:** | 1:17-cv-04200-RLY-TAB |
| **Filer:** | |

**Document Number:** 13

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**       AUERBACH v. COOK INCORPORATED et al

**Case Number:**       1:17-cv-04218-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**         SYLVAIN v. COOK INCORPORATED,et al

**Case Number:**       1:17-cv-04339-RLY-TAB

**Filer:**

**Document Number:** 13

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**         VAUGHAN v. COOK INCORPORATED, et al.

**Case Number:**       1:17-cv-04340-RLY-TAB

**Filer:**

**Document Number:** 13

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | COOPER v. COOK MEDICAL LLC et al |
| **Case Number:** | 1:17-cv-04345-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | HAYDEN et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-04443-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

Case Name:  SARKISIAN v. COOK INCORPORATED et al
Case Number:  1:17-cv-04607-RLY-TAB
Filer:
Document Number: 13

Docket Text:
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

Case Name:  GOODROW v. COOK INCORPORATED et al
Case Number:  1:17-cv-04692-RLY-TAB
Filer:
Document Number: 11

Docket Text:
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | MATTINGLY v. COOK INCORPORATED et al |
| **Case Number:** | 1:17-cv-04708-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | SAULS v. COOK INCORPORATED et al. |
| **Case Number:** | 1:18-cv-00081-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and

Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | NUNN v. COOK MEDICAL LLC et al |
| **Case Number:** | 1:18-cv-00088-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 10 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | COCHRAN v. COOK INCORPORATED et al. |
| **Case Number:** | 1:18-cv-00098-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | FRENCH v. COOK MEDICAL LLC et al. |
| **Case Number:** | 1:18-cv-00103-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | GARCIA v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-00113-RLY-TAB |
| **Filer:** | |

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**          KEELER v. COOK INCORPORATED et al.

**Case Number:**       1:18-cv-00223-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      POWERS v. COOK INCORPORATED et al

**Case Number:**    1:18-cv-00235-RLY-TAB

**Filer:**

**Document Number:** 15

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      KAY v. COOK GROUP INCORPORATED et al

**Case Number:**    1:18-cv-06089-RLY-TAB

**Filer:**

**Document Number:** 10

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**       FEATHER v. COOK INCORPORATED et al
**Case Number:**     1:18-cv-00405-RLY-TAB
**Filer:**
**Document Number:** 13

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**       TREPUS v. COOK INCORPORATED et al.
**Case Number:**     1:18-cv-00412-RLY-TAB
**Filer:**
**Document Number:** 12

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**  WALKER v. COOK INCORPORATED et al.
**Case Number:**  1:18-cv-00516-RLY-TAB
**Filer:**
**Document Number:** 12

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:**  MELTON, JR. et al v. COOK INCORPORATED et al
**Case Number:**  1:18-cv-00567-RLY-TAB
**Filer:**
**Document Number:** 8

**Docket Text:**
ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | HIGHTOWER v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-00568-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | WILLS et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-00569-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 14 |

**Docket Text:**
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and**

**Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | SCHERMERHORN v. COOK MEDICAL LLC et al |
| **Case Number:** | 1:18-cv-00647-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | MILKE et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-00675-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.**

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | HUDSON v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-00921-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | HENDRIX v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-00930-RLY-TAB |
| **Filer:** | |

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:** HELMER v. COOK INCORPORATED et al

**Case Number:** 1:18-cv-00978-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**   ROSE v. COOK INCORPORATED et al

**Case Number:**   1:18-cv-01410-RLY-TAB

**Filer:**

**Document Number:** 11

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**   BLAIR v. COOK INCORPORATED et al

**Case Number:**   1:18-cv-01438-RLY-TAB

**Filer:**

**Document Number:** 15

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

**dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | ZART v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-01461-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 13 |

Docket Text:
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | HOOD v. COOK MEDICAL LLC et al |
| **Case Number:** | 1:18-cv-01825-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 10 |

Docket Text:
**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | SCHATZMAN v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-01833-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | STEWART v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-01840-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | VASQUEZ v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-01865-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | DAVIS v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-01879-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and

Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | CORNIN-SIMEON v. COOK INCORPORATED, et al. |
| **Case Number:** | 1:18-cv-01916-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | HAYES et al v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-01996-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | JONES v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-02150-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 12 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | MARCHIONNE v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-02245-RLY-TAB |
| **Filer:** | |

**Document Number:** 9

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**        GALVEZ v. COOK INCORPORATED et al

**Case Number:**      1:18-cv-02309-RLY-TAB

**Filer:**

**Document Number:** 8

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      PEZZOTTI v. COOK INCORPORATED et al

**Case Number:**    1:18-cv-02326-RLY-TAB

**Filer:**

**Document Number:** 19

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**Case Name:**      GIL et al v. COOK INCORPORATED et al

**Case Number:**    1:18-cv-02498-RLY-TAB

**Filer:**

**Document Number:** 10

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a**

**dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | O'BRIEN v. COOK INCORPORATED et al. |
| **Case Number:** | 1:18-cv-02500-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 8 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | CULLUM et al. v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-02739-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified**

by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:** OAKLEY v. COOK INCORPORATED

**Case Number:** 1:18-cv-02837-RLY-TAB

**Filer:**

**Document Number:** 9

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

**Case Name:** STEELE v. COOK INCORPORATED et al

**Case Number:** 1:18-cv-02995-RLY-TAB

**Filer:**

**Document Number:** 9

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice.

These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | CROPP v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-03003-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 10 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)

| | |
|---|---|
| **Case Name:** | PETERS v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-03094-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 9 |

**Docket Text:**

ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and

**Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | WENDT v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-03283-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 11 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No. [10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

| | |
|---|---|
| **Case Name:** | REESE v. COOK INCORPORATED et al |
| **Case Number:** | 1:18-cv-03520-RLY-TAB |
| **Filer:** | |
| **Document Number:** | 10 |

**Docket Text:**

**ORDER ON THE COOK DEFENDANTS' SECOND AMENDED MOTION TO DISMISS (Filing No.**

**[10211]) in case 1:14-ml-02570-RLY-TAB - Pursuant to Federal Rule of Civil Procedure 41(b), the court hereby dismisses the cases listed on the attached Exhibits A and B for failure to comply with the court's Order on the Cook Defendants' Motion For Screening Order And Bellwether Selection Plan (Filing No. [9322]) and Order Regarding Case Categorization and Census (Filing No. [9638]), entered on October 2 and November 21, 2018, respectfully. Exhibit A cases have no Case Categorization Form on file, and Exhibit B cases did not submit medical records in support of their Case Categorization Form. As to those cases, Cook's Motion to Dismiss (Filing No. [10211]) is GRANTED and the cases are dismissed without prejudice. These plaintiffs may refile their cases in MDL 2570, in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. No Plaintiff listed in Exhibit A or Exhibit B, however, may refile his or her case if the future claim is based solely on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this court. To the extent that an allegedly cognizable injury occurs in the future, the case may be refiled in MDL 2570 under this Order on the basis of that future injury. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice. All parties shall bear their own fees and costs. See Order for additional details. Signed by Judge Richard L. Young on 5/8/2019. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (MAT)**

**1:14-ml-02570-RLY-TAB Notice has been electronically mailed to:**

Irwin B. Levin (Terminated) ilevin@cohenandmalad.com, llowe@cohenandmalad.com

Stephen B. Caplin sbcaplin@gmail.com, joni_strahl@hotmail.com

Marc Weingarten mweingarten@lockslaw.com, lbriggs@lockslaw.com

John Joseph Tanner joe.tanner@faegrebd.com, susan.trenary@faegrebd.com

Frederick R. Hovde rhovde@hovdelaw.com, kfaulk@hovdelaw.com, twhitehead@hovdelaw.com

Nancy Hersh nhersh@hershlaw.com, general@hershlaw.com

Willard J. Moody, Jr will@moodyrrlaw.com, courtney@moodyrrlaw.com, jhogins@moodyrrlaw.com, renee@moodyrrlaw.com

Turner W. Branch tbranch@branchlawfirm.com, afunk@branchlawfirm.com, bleeway@branchlawfirm.com, doshea@branchlawfirm.com, ksmith@branchlawfirm.com, psanchez@branchlawfirm.com

Andrea Roberts Pierson andrea.pierson@faegrebd.com, deborah.miller@faegrebd.com, sarah.hebard@faegrebd.com, victoria.yoke@faegrebd.com

Sandy A. Liebhard liebhard@bernlieb.com, Dweck@bernlieb.com, adeng@bernlieb.com, cbeboe@bernlieb.com, ebrown@bernlieb.com

James T. Capretz jcapretz@capretz.com, lawyers@capretz.com

Lee Philip Teichner lee.teichner@hklaw.com, denise.perlich@hklaw.com, julia.frow@hklaw.com

Todd C. Comeaux TC@comeauxlawfirm.com, courtney@murphylawfirm.com, devynn@murphylawfirm.com,

kacia@murphylawfirm.com

Rand P. Nolen rand_nolen@fleming-law.com, pam_myers@fleming-law.com

Phillip Bohrer phil@bohrerbrady.com

Brian J. Paul brian.paul@faegrebd.com, amy.gershanoff@faegrebd.com

Wolfgang Mueller wolf@wolfmuellerlaw.com, bobbi@wolfmuellerlaw.com, jan@wolfmuellerlaw.com

Thomas Christopher Trent ctrent@johnsontrent.com, cking@johnsontrent.com, ddaniels@johnsontrent.com

Adrienne Franco Busby adrienne.busby@faegrebd.com, sherri.tucker@faegrebd.com

Jeff S. Gibson (Terminated) jgibson@cohenandmalad.com, bhovey@cohenandmalad.com, jbergeron@cohenandmalad.com, torner@cohenandmalad.com

Charles F. Webber chuck.webber@faegrebd.com, brian.zabawa@faegrebd.com

Abigail M. Butler abigail.butler@faegrebd.com, susan.miller@faegrebd.com

Jane Dall Wilson jane.wilson@faegrebd.com, deborah.miller@faegrebd.com

James Stephen Bennett stephen.bennett@faegrebd.com, diane.nestleroad@faegrebd.com

Steven B. Rotman srotman@hausfeld.com

Christopher A. Seeger cseeger@seegerweiss.com, abadaruzzaman@seegerweiss.com, gmaglasang@seegerweiss.com, hsafdar@seegerweiss.com, mcampbell@seegerweiss.com, pamin@seegerweiss.com, ssiegel@seegerweiss.com

Matthew Lee White mattwhiteatty@aol.com, cjones@grayandwhitelaw.com, kmadaj@grayandwhitelaw.com, mwhite@grayandwhitelaw.com

Yvonne M. Flaherty ymflaherty@locklaw.com, brgilles@locklaw.com, rnzubiate@locklaw.com

Anne Kramer Ricchiuto anne.ricchiuto@FaegreBD.com, sherri.tucker@faegrebd.com

Andrew Lorin Campbell andrew.campbell@faegrebd.com, penny.hultman@faegrebd.com

James A. Morris jmorris@jamlawyers.com, demeterio@jamlawyers.com, sgreenberg@jamlawyers.com

Annesley H DeGaris adegaris@degarislaw.com, asapone@degarislaw.com

Jennifer A. Moore jennifer@moorelawgroup.com, kara@moorelawgroup.com

Justin L. Lawrence justin@lawrencelaws.com, documents@lawrencelaws.com

Donald A. Migliori dmigliori@motleyrice.com, dlmurray@motleyrice.com

Keith E. Patton keith@pattonlaw.com, ecf@pattonlaw.com

David P. Matthews matthewsivc@thematthewslawfirm.com, dmatthews@thematthewslawfirm.com,

jrhoades@thematthewslawfirm.com, lsantiago@thematthewslawfirm.com, mchavez2@thematthewslawfirm.com, msalazar@thematthewslawfirm.com

Jessica Benson Cox jessica.cox@faegrebd.com, jan.davis@faegrebd.com

Howard L. Nations charles@howardnations.com, becky.witt@howardnations.com, kim@howardnations.com, shelley@howardnations.com

Joseph N. Williams (Terminated) jwilliams@rwp-law.com, eamos@rwp-law.com, jonwilli@gmail.com, mllewellyn@rwp-law.com

Thomas P. Cartmell tcartmell@wcllp.com, m.goldwasser@wcllp.com

Kevin M. Fitzgerald kfitzgerald@fitz-lawgroup.com, csumner@fitz-lawgroup.com

Clinton L. Kelly clint@kellyfirm.net, april@kellyfirm.net, info@kellyfirm.net, michele@kellyfirm.net, sheila@kellyfirm.net

Timmy K. Goss tim@freeseandgoss.com, brenda@freeseandgoss.com, yvette@freeseandgoss.com

Timothy J. Freiberg freiberglaw@gmail.com

Robert J. Fenstersheib rjf@fenstersheib.com, sfl@fenstersheib.com, smh@fenstersheib.com

Douglass A. Kreis dkreis@awkolaw.com, athane@awkolaw.com

Charles Wade Miller charles@hop-law.com, john@hop-law.com, kay@hop-law.com

David S. Corwin dcorwin@corwinlawgroup.com

C. Calvin Warriner, III ccw@searcylaw.com, arh@searcylaw.com, twright@searcylaw.com

Andrew J. Cross across@careydanis.com, apetrick@careydanis.com, gcarey@careydanis.com

Keith Altman kaltman@excololaw.com, pharma@excololaw.com

TaKeena Monette Thompson (Terminated) tthompson@cohenandmalad.com, bhovey@cohenandmalad.com

Matthew E. Munson matt.munson@beasleyallen.com, renee.lindsey@beasleyallen.com

Victoria Redstone Calhoon victoria.calhoon@faegrebd.com

James Piatt (Terminated) jpiatt@rwp-law.com, eamos@rwp-law.com, mllewellyn@rwp-law.com

Matthew R. Lopez mlopez@lopezmchugh.com, alopez@lopezmchugh.com, mjones@lopezmchugh.com, mwass@lopezmchugh.com

Jonathan Andrew Knoll jknoll@cohenandmalad.com, bhovey@cohenandmalad.com, torner@cohenandmalad.com

Eric J. Haag ehaag@wiscinjurylawyers.com, jwiggen@wiscinjurylawyers.com

Kip S.M. McDonald Kip.McDonald@FaegreBD.com, CookFilterFileclerk@FaegreBD.com, julia.manning@FaegreBD.com, rochelle.symons@FaegreBD.com

Jasper D. Ward, IV jasper@jonesward.com, sean@jonesward.com

Henry G. Garrard, III hgarrard@bbga.com, 1971299420@filings.docketbird.com, 6543346420@filings.docketbird.com, bburgess@bbga.com, kwaters@bbga.com, lpittard@bbga.com, lteall@bbga.com, shill@bbga.com, ttiller@bbga.com, zcraig@bbga.com

Josh B. Wages jwages@bbga.com, 5201272420@filings.docketbird.com, bburgess@bbga.com, kwaters@bbga.com, lpittard@bbga.com, lteall@bbga.com, shill@bbga.com, ttiller@bbga.com, zcraig@bbga.com

Don K. Ledgard DLedgard@capretz.com, pmartinez@capretz.com

Leslie M. Cronen lcronen@garycjohnson.com, cfugate@garycjohnson.com

Michael T. Gallagher donnaf@gld-law.com, pamm@gld-law.com

Ryan F. Stephan rstephan@stephanzouras.com, adahl@stephanzouras.com, aparker@stephanzouras.com, jortizacosta@stephanzouras.com, jzouras@stephanzouras.com, kbowers@stephanzouras.com, larbuckle@stephanzouras.com

Brian S. Katz brian@brianskatz.com, bkatz@flintlaw.com, nichole@brianskatz.com

Jacob A. Flint jflint@flintlaw.com, lisa@flintlaw.com, lwhitley@flintlaw.com

John A. Dalimonte john@drlawllp.com, aaron.morgan@drlawllp.com, donna.berrios@drlawllp.com, johndalimonte@yahoo.com

Ben C. Martin (Terminated) bmartin@martinbaughman.com, cguerra@martinbaughman.com

Abigale Rhodes Green agreen@grossmangreen.com, abigalerhodes@gmail.com

Sheila M. Bossier sbossier@bossier-law.com

Joseph R. Johnson jjohnson@babbitt-johnson.com, dcodding@babbitt-johnson.com

Michael T. Mertz mmertz@hurley-law.com, ccromydas@hurley-law.com, fverta@hurley-law.com, kdastrup@hurley-law.com, mcondon@hurley-law.com

John J. Driscoll john@thedriscollfirm.com, tiffany@thedriscollfirm.com

Anne Medlin Lowe alowe@rwp-law.com, mllewellyn@rwp-law.com

Randi Kassan rkassan@thesandersfirm.com, ivcfilterteam@thesandersfirm.com

Bruce G. Jones bruce.jones@faegrebd.com, kathy.olmscheid@faegrebd.com

Troy A. Brenes (Terminated) tbrenes@breneslawgroup.com, jsabol@breneslawgroup.com

Jason T. Brown jtb@jtblawgroup.com, cocozguan@jtblawgroup.com, tonyteng@jtblawgroup.com

Teresa C. Toriseva justice@torisevalaw.com

Charles Rene Houssiere, III choussiere@hdhtex.com, Jreznickova@hdhtex.com, rkauffman@hdhtex.com

Nicholas Blake Alford Nicholas.Alford@FaegreBD.com, deborah.miller@faegrebd.com

Lucas J. Foust lfoust@foustlaw.net, secretary@foustlaw.net

Peter C Wetherall pwetherall@wetherallgroup.com, admin@wetherallgroup.com, evelynhaw2017@gmail.com, lolson@wetherallgroup.com

Bard K. Brian bardbrian99@msn.com, mjeffords@bardbrianlawyer.com

George Jerre Duzane gjduzlaw@comcast.net

Matthew R. McCarley mccarley@fnlawfirm.com, afurness@fnlawfirm.com, cnakagai@fnlawfirm.com, cware@fnlawfirm.com, jwesley@fnlawfirm.com, vmcneme@fnlawfirm.com

Thomas H. Terry, III tterry@tterry-law.com

Ramon R. Lopez rlopez@lopezmchugh.com, mwass@lopezmchugh.com

James Lee, Jr jlee@leemurphylaw.com

Erin C. Murphy emurphy@leemurphylaw.com

Marian S. Rosen marian@rosenspearslaw.com, diana@rosenspearslaw.com

Angela Spears angie@rosenspearslaw.com, ladon@rosenspearslaw.com

Julia Reed Zaic julia@hrzlaw.com, Laura@hrzlaw.com

Laura E. Smith laura@hrzlaw.com, julia@hrzlaw.com

Robert M. Hammers, Jr rob@schneiderhammers.com, abbie@schneiderhammers.com

Patrick H. Reilly patrick.reilly@faegrebd.com, dianne.armstroff@faegrebd.com

Randal A. Kauffman rkauffman@hdhtex.com, lblevins@hdhtex.com

Mark A. Tate tlgservice@tatelawgroup.com

James E. Shipley, Jr tlgservice@tatelawgroup.com, wkell@tatelawgroup.com

Nathan Craig Van Der Veer nate@frplegal.com, jbayse@frplegal.com, klove@frplegal.com

Shezad Malik drmalik@shezadmalik.com, ryan@shezadmalik.com

Michael Heaviside mheaviside@hrzlaw.com, salbers@hrzlaw.com

Kimberly Lambert Adams (Terminated) kadams@levinlaw.com, rwoods@levinlaw.com

Kathleen Rachel Hersh-Boyle khershboyle@hershlaw.com, general@hershlaw.com

Brian James Holmes bholmes@hurley-law.com, cdifranco@hurley-law.com

Joshua Dallas Miller justice@torisevalaw.com

Alex Davis alex@jonesward.com

Patrick Micheal Regan pregan@reganfirm.com, ekerns@reganfirm.com

Thomas W. Arbon tarbon@martinbaughman.com, cguerra@martinbaughman.com, tbolton@martinbaughman.com

David Michael Langevin dave@westrikeback.com, filing@westrikeback.com, ram@westrikeback.com

Rhett A. McSweeney ram@westrikeback.com, dave@westrikeback.com, filing@westrikeback.com, mark@westrikeback.com, melanie@westrikeback.com

Anna Rutigliano anna.rutigliano@FaegreBD.com, rochelle.symons@faegrebd.com

William Curtis bcurtis@curtis-lawgroup.com, jgomez@curtis-lawgroup.com

Richard J. Rosenblum rrosenblum@rubin-machado.com, srubin@rubin-machado.com

Brian Dratch bdratch@njcounsel.com

Timothy A. Litzenburg tlitzenburg@millerfirmllc.com, jseldomridge@millerfirmllc.com, kunderwood@millerfirmllc.com

Kristy M. Arevalo kma@mccunewright.com, ama@mccunewright.com, cmf@mccunewright.com

Russell Wills Budd rbudd@baronbudd.com, awilson@baronbudd.com

Kelly Elizabeth Reardon kreardon@reardonlaw.com

Christopher Thomas Kirchmer ckirchmer@pulf.com

Brian Keith Jackson kj@rileyjacksonlaw.com, jbailey@rileyjacksonlaw.com

Jeff Ryan Gaddy jgaddy@levinlaw.com, rwoods@levinlaw.com, tgilbert@levinlaw.com

Robert Sadler Bailey sbailey@baileygreer.com

Laura Lynne Voght lvoght@attorneykennugent.com, kwinkleman@attorneykennugent.com

Rosemarie Riddell Bogdan rrbivccook@1800law1010.com, kawivccook@1800law1010.com

Scott Brady scott@bohrerbrady.com, greta@bohrerbrady.com

Graham B. LippSmith glippsmith@klwtlaw.com, devans@klwtlaw.com, nsmith@klwtlaw.com

Gregory David Rueb greg@rminjurylaw.com, megan@rminjurylaw.com

Patrick Thomas Fennell patrick@fmtrials.com, carey@fmtrials.com, rwood@crandalllaw.com

Jennifer Nolte jnolte@allennolte.com, bwiginton@allennolte.com

Paul L. Stoller paul@drlawllp.com, donna.berrios@drlawllp.com, felice.wortman@drlawllp.com

Jaclyn L. Anderson janderson@klwtlaw.com, devans@klwtlaw.com, nsmith@klwtlaw.com

Christopher Moze Cowper mcowper@cowperlaw.com

Nathan A. Buttars nate@lowelawgroup.com

George Tharin Williamson gwilliamson@farr.com, jbradsher@farr.com

Matthew David Schultz mschultz@levinlaw.com, tgilbert@levinlaw.com

A. Layne Stackhouse layne@shraderlaw.com

Daniel Edward Seltz dseltz@lchb.com

Wendy R. Fleishman wfleishman@lchb.com, creyes@lchb.com, dleathers@lchb.com, dmahajan@lchb.com, dseltz@lchb.com

Michael Brandon Smith bsmith@cssfirm.com, gstanton@cssfirm.com, kackerman@cssfirm.com

Jason Paul Johnston Jason.Johnston@zimmreed.com, Tina.Olson@zimmreed.com

Todd Eugene Hilton hilton@stuevesiegel.com, joyce@stuevesiegel.com, mcclellan@stuevesiegel.com, olivas@stuevesiegel.com, perez@stuevesiegel.com, williams@stuevesiegel.com

Steven C. Ruth ivc@getjustice.com, ndavis@getjustice.com

John C. Duane jduane@motleyrice.com, clwhetstone@motleyrice.com, jhill@motleyrice.com

Cory Holley Driggers chdriggers@mcatlaw.com, chdriggers22@gmail.com

Joshua Sean Kincannon jkincannon@wilentz.com, jkennedy@wilentz.com, mmcguckin@wilentz.com

Joseph A. Osborne (Terminated) josborne@realtoughlawyers.com, aromanelli@realtoughlawyers.com, rbell@realtoughlawyers.com, tcoe@realtoughlawyers.com

Michael J. Hart mjhart@scwstl.com

Jon C. Conlin jconlin@corywatson.com, ivc@corywatson.com

Karen Puccio ivc@corywatson.com

Melissa Mielke mmielke@skikos.com, jtucci@skikos.com

Mark Mathew Kitrick mkitrick@klhlaw.com, leigh@klhlaw.com

Elizabeth Alice Mote liz@klhlaw.com, leigh@klhlaw.com

David C. DeGreeff ddegreeff@wcllp.com, dconwell@wcllp.com, jgallas@wcllp.com

Eric M. Terry eric@thlawyer.com, kstephens@thlawyer.com

Stuart E. Scott sscott@spanglaw.com, ecampbell@ecf.courtdrive.com, ecampbell@spanglaw.com, pfrietchen@ecf.courtdrive.com, pfrietchen@spanglaw.com, sschebek@ecf.courtdrive.com, sschebek@spanglaw.com, sscott@ecf.courtdrive.com

Jaime E. Moss moss@lkmlawfirm.com, torres@lkmlawfirm.com

Laurie Kamerrer kamerrer@lkmlawfirm.com, torres@lkmlawfirm.com

Jennifer A. Lenze jlenze@lkmlawfirm.com, torres@lkmlawfirm.com

Jan Marie Conlin jmc@ciresiconlin.com, dll@ciresiconlin.com, mgd@ciresiconlin.com

Melissa A. Goodman mag@ciresiconlin.com, alr@ciresiconlin.com

Jeff Seldomridge jseldomridge@millerfirmllc.com, pemery@millerfirmllc.com

Kay L. Van Wey kay@vanweylaw.com, julie@vanweylaw.com

Max Petrunya mpetrunya@peircelaw.com, adudley@peircelaw.com

Daniel Aaron Rihn arihn@peircelaw.com, mrossi@peircelaw.com

Samuel Mason Wendt sam@wendtlaw.com, micaela@wendtlaw.com

Clarence Mark Whitehead cmw@whiteheadfirm.com, eric@whiteheadfirm.com

Danielle Leah Rodriguez danielle@lawrencelaws.com, rodriguezd1@nku.edu

Monte Bond mbond@tautfestbond.com, amartinez@tautfestbond.com, jglitz@tautfestbond.com

David Matthew Haynie matthew@foresterhaynie.com, jay@foresterhaynie.com, jgriffin@foresterhaynie.com

Richard W. Schulte rschulte@yourlegalhelp.com, cartim@yourlegalhelp.com, jgebelle@yourlegalhelp.com

Jonathan Sedgh jsedgh@weitzlux.com, dkelly@weitzlux.com, lschultz@weitzlux.com

Lauren Bronson lbronson@newmanbronson.com, ks@newmanbronson.com

D. Todd Mathews todd@gorijulianlaw.com, agabriel@gorijulianlaw.com, cfischer@gorijulianlaw.com, dschumacher@gorijulianlaw.com, kmeyer@gorijulianlaw.com

Jeremy J. Pichon jeremy@dswplaw.com, docket@dswplaw.com

Richard Sanford Lewis rlewis@hausfeld.com, adorsey@hausfeld.com

Ahmed S. Diab adiab@thegomezfirm.com, jwilliams@thegomezfirm.com, kbarton@gomeztrialattorneys.com, nstoneman@gomeztrialattorneys.com

Marlene Jaye Goldenberg (Terminated) mjgoldenberg@goldenberglaw.com, csand@goldenberglaw.com, emodl@goldenberglaw.com

Elizabeth L. Dudley liz@lizdudleylaw.com

Kevin J. Boissoneault kboisson@gallonlaw.com, mwiltshire@gallonlaw.com

Michael D. Bell mbell@gallonlaw.com, mwiltshire@gallonlaw.com

Jonathan M. Ashton jashton@gallonlaw.com, mwiltshire@gallonlaw.com

Asim M. Badaruzzaman abadaruzzaman@seegerweiss.com, hsafdar@seegerweiss.com, mcampbell@seegerweiss.com, pamin@seegerweiss.com, ssiegel@seegerweiss.com

T. Matthew Leckman mleckman@pbmattorneys.com, jlowe@pbmattorneys.com, staylor@pbmattorneys.com

Nicole K.H. Maldonado nmaldonado@baumhedlundlaw.com, 6596797420@filings.docketbird.com, denglish@baumhedlundlaw.com, dphillips@baumhedlundlaw.com, fvillatoro@baumhedlundlaw.com, sbeam@baumhedlundlaw.com

Everette Scott Verhine scott@verhine.biz, lisa@verhine.biz

Jeffrey S. Grand jgrand@seegerweiss.com

Kelsey Louise Stokes kelsey_stokes@fleming-law.com

Richard James Serpe rserpe@serpefirm.com, alex@serpefirm.com

Stuart Lee Goldenberg (Terminated) slgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Ethan L. Shaw (Terminated) elshaw@shawcowart.com, lperryman@shawcowart.com, tpessoa@shawcowart.com

Thomas T. Merrigan tom@sweeneymerrigan.com, tucker@sweeneymerrigan.com

Matthew J. Riley (Terminated) mriley@shawcowart.com, scole@shawcowart.com

Justin W. Fishback (Terminated) jfishback@shawcowart.com

Philip A. Pendergrass, Jr philip@schneiderhammers.com

Keith David Griffin kgriffin@girardikeese.com, ppaz@girardikeese.com

Peter E. Goss pgoss@goss-lawfirm.com, jcampain@goss-lawfirm.com

Seth S. Webb sethw@getbc.com, andeem@getbc.com, lizl@getbc.com, megano@getbc.com

Nicholas R. Farnolo nfarnolo@napolilaw.com, 2520801420@filings.docketbird.com, fcox@napolilaw.com

Emily Ward Roark emily@bryant.law, christina@bryant.law

Mark P. Bryant mark@bryant.law, christina@bryant.law

Dean A. Goetz dgoetz12@gmail.com, staciegoetzlaw@gmail.com

Amorina Patrice Lopez alopez@lopezmchugh.com, mjones@lopezmchugh.com, mwass@lopezmchugh.com

Roopal P. Luhana luhana@chaffinluhana.com, aichinger@chaffinluhana.com, cohn@chaffinluhana.com, szumla@chaffinluhana.com

J. Christopher Elliott celliott@coloradolaw.net, alexandra.franklin@coloradolaw.net, allison.brown@coloradolaw.net

Pamela A. Borgess pborgess@borgesslaw.com, ebrogan@borgesslaw.com

Carasusana B. Wall cara@toledolaw.com, andrea@toledolaw.com, yasmine@toledolaw.com

Wes Scott Larsen wes@jvwlaw.net, candice@jvwlaw.net

Chad M. Tuschman ctuschman@wdtlaw.org, rkigar@wdtlaw.org

Michael J. Walsh mwalsh@walshwoodard.com, cculmone@walshwoodard.com, mmartineau@walshwoodard.com

Christina E. Unkel cunkel@mctlawyers.com, erika@mctlawyers.com

Jonathan D. Peck jonathan@lowelawgroup.com, jonathan.peck.esq@gmail.com

John S. Selinger john@selingerlaw.com, glory@selingerlaw.com

Ryan A. Keane ryan@keanelawllc.com, alex@keanelawllc.com

James B. Zouras jzouras@stephanzouras.com, adahl@stephanzouras.com, aparker@stephanzouras.com, jortizacosta@stephanzouras.com, kbowers@stephanzouras.com, larbuckle@stephanzouras.com

Kenneth Soh ksoh@kirklinsoh.com, jkirklin@kirklinsoh.com

Ronald Cox rcox@proffittcox.com, nfisher@proffittcox.com

Jonathan S. Mann jonm@pittmandutton.com, pdh-efiling@pittmandutton.com

Bobby Saadian masstorts@wilshirelawfirm.com

Chris T. Hellums chrish@pittmandutton.com, pdh-efiling@pittmandutton.com, rebeccah@pittmandutton.com

Benjamin A. Bertram (Terminated) benbertram@bertramgraf.com, bianca@bertramgraf.com

Scott Kehlenbrink skehlenbrink@jchildresslaw.com

James W. Childress jchildress@jchildresslaw.com

Kyle Jared Pozan kpozan@hmelegal.com

Robert John McLaughlin rmclaughlin@hmelegal.com

Carter David Grant cgrant@hmelegal.com

Ben Michael Shrader bshrader@hmelegal.com

Genevieve Mary Zimmerman gzimmerman@meshbesher.com, hsternquist@meshbesher.com

John Reily Crone john.crone@andruswagstaff.com, jenni.mobley@andruswagstaff.com

Ashleigh Elizabeth Raso araso@meshbesher.com, mfrenz@meshbesher.com

David A. Wenner jen@snyderwenner.com, brian@snyderwenner.com, david@juryscientist.com

Matthew S. Mokwa mmokwa@maherlawfirm.com, mrayser@maherlawfirm.com

Basil E. Adham IVC@johnsonlawgroup.com, lhoward@johnsonlawgroup.com

Brian John Perkins bjp@meyers-flowers.com, kaz@meyers-flowers.com, kb@meyers-flowers.com

Joseph Jacob Zonies jzonies@zonieslaw.com, gbentley@zonieslaw.com, jcox@zonieslaw.com

Michael S. Kruse (Terminated) kruse@ngklawfirm.com, toth@ngklawfirm.com

Rachel Beth Abrams rabrams@levinsimes.com, bsund@levinsimes.com, dfleissig@levinsimes.com, jcwilletts@levinsimes.com, jjohnson@levinsimes.com

Henry S Queener (Terminated) hqueener@queenerlaw.com, stisdale@queenerlaw.com

Daniel S. Gruber dgruber@gruberlawfirm.com, hmartindale@gruberlawfirm.com, rhernandez@gruberlawfirm.com

Howard A. Snyder howard@howardsnyderlaw.com, hmartindale@gruberlawfirm.com

Gregory Dalton Bentley gbentley@zonieslaw.com, jcox@zonieslaw.com, jzonies@zonieslaw.com

Sofia E. Bruera sofia@brueralaw.com, melanie@brueralaw.com

Donald Patrick McKenna, Jr don@hwnn.com, lynne@hwnn.com, peggy@hwnn.com

T. Aaron Stringer aaron@lowelawgroup.com, tastringer@gmail.com

Peyton P. Murphy peyton@murphylawfirm.com, courtney@murphylawfirm.com, devynn@murphylawfirm.com, kacia@murphylawfirm.com

Margaret M. Branch mbranch@branchlawfirm.com, afunk@branchlawfirm.com, bleeway@branchlawfirm.com, psanchez@branchlawfirm.com

Jacob A Boyd (Terminated) jboyd@bencmartin.com, cguerra@bencmartin.com

David B Rheingold drheingold@rheingoldlaw.com, gcornejo@rheingoldlaw.com

James B Tuttle jbtesq@nycap.rr.com, barbparker@nycap.rr.com

Christopher M. Houlihan choulihan@riscassidavis.com, kking@riscassidavis.com, sstokes@riscassidavis.com

Sean J. Stokes sstokes@riscassidavis.com

Bobby J. Bell, Jr (Terminated) bob@hollis-wright.com, brooklyna@hollis-wright.com, paigec@hollis-wright.com

Brian Douglas Weinstein (Terminated) brian@weinsteincouture.com, sara@weinsteincouture.com, service@weinsteincouture.com

Amir M. Kahana AMK@kahanalaw.com

Charles T. Paglialunga chuck@phlawfirm.com

Craig Rosenbaum cr@rosenbaumnylaw.com, ag@rosenbaumnylaw.com, ec@rosenbaumnylaw.com, kk@rosenbaumnylaw.com

Barry D.J. Levy bdl@oal-law.com, axf@oal-law.com, cas@oal-law.com

Peter Andrew Miller pmiller@millerdellafera.org, kroach@millerdellafera.org

Marc D. Portlock mportlock@stathisleonardis.com, gkapcsandi@stathisleonardis.com

Amanda Washington amanda@mcglynnglisson.com, roxanne@mcglynnglisson.com

Jim Mac Perdue jperduejr@perdueandkidd.com, mclinton@perdueandkidd.com, sgarvey@perdueandkidd.com

Stephen Barnett Murray, Jr smurrayjr@murray-lawfirm.com, cdimaggio@murray-lawfirm.com, dlowell@murray-lawfirm.com, kbeck@murray-lawfirm.com

Robert Roy Luke legal@lukefirm.com, Lindsey@lukefirm.com, dbarton@bartonlawgroup.com, info@lukefirm.com, lynee@bartonlawgroup.com, robert@lukefirm.com

Daniel Barton dbarton@bartonlawgroup.com, lea@bartonlawgroup.com

Andrew E. McGraw amcgraw@levinlaw.com, mgriffin@levinlaw.com

Michael George Phelan mphelan@phelanpetty.com

Martin P. Schrama mschrama@stark-stark.com, rpettiford@stark-stark.com, scw@stark-stark.com

Terence John Sweeney sweeneylawfirm@optonline.net, tsweeneylawfirm@gmail.com

Baird A. Brown bairdbrownlaw@gmail.com

Melanie J. Garner mgarner@lockslaw.com, gdanzi@lockslaw.com

Gregory Neil McEwen gmcewen@mcewenlaw.com, thansen@mcewenlaw.com, tkrager@mcewenlaw.com

John T. Kirtley, III jkirtley@lawyerworks.com, ivcfiling@lawyerworks.com, molvera@lawyerworks.com

Deborah Palmer debbie@dkpalmerpllc.com

David Karl May david@princemay.com, cknowles@cckfirm.com

Anthony James Nemo tnemo@meshbesher.com, mbrylow@meshbesher.com

John D. Sileo jack@johnsileolaw.com, amanda@johnsileolaw.com, casey@johnsileolaw.com, noele@johnsileolaw.com

Peter J. Flowers pjf@meyers-flowers.com, amr@meyers-flowers.com, kaz@meyers-flowers.com

David Westcott Bauman (Terminated) dave@padberglaw.com, cassie@padberglaw.com

Wilfried Hermann Florin whf@florinroebig.com, CKFlorin@florinroebig.com, DEwing@florinRoebig.com, SCummings@florinroebig.com

Eric Peter Czelusta eczelusta@florinroebig.com, dewing@florinroebig.com, whf@florinroebig.com

Merritt Elizabeth Cunningham mcunningham@stagliuzza.com, bwilliams@stagliuzza.com

Michael Stag mstag@smithstag.com, nmartin@smithstag.com

Andrew J. Hill, III ahill@bbga.com, 3245663420@filings.docketbird.com, bburgess@bbga.com, kwaters@bbga.com, lpittard@bbga.com, lteall@bbga.com, shill@bbga.com, ttiller@bbga.com, zcraig@bbga.com

Patrick H. Garrard pgarrard@bbga.com, 4949990420@filings.docketbird.com, bburgess@bbga.com, kwaters@bbga.com, lpittard@bbga.com, lteall@bbga.com, shill@bbga.com, ttiller@bbga.com, zcraig@bbga.com

James B. Matthews, III jmatthews@bbga.com, 2616494420@filings.docketbird.com, bburgess@bbga.com, kwaters@bbga.com, lpittard@bbga.com, lteall@bbga.com, shill@bbga.com, ttiller@bbga.com, zcraig@bbga.com

David Bruce Krangle dkrangle@alonsokrangle.com, aalonso@alonsokrangle.com

Andres F. Alonso aalonso@alonsokrangle.com, dkrangle@alonsokrangle.com

Kirk J. Goza kgoza@gohonlaw.com, ljoyce@gohonlaw.com, mkizine@gohonlaw.com

Brian A Goldstein brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

Fareesh S. Sarangi fareesh@sarangilaw.com

Stuart Marshall Salsbury ssalsbury@salsburysullivanlaw.com, shanley@salsburysullivanlaw.com

Kevin Patrick Sullivan ksullivan@salsburysullivanlaw.com, shanley@salsburysullivanlaw.com

Kathryn Snapka ksnapka@snapkalaw.com, agomez@snapkalaw.com, chenderson@snapkalaw.com, dmoreno@snapkalaw.com, nmontez@snapkalaw.com, tthomas@snapkalaw.com

Craig D. Henderson chenderson@snapkalaw.com, tthomas@snapkalaw.com

Jack E. Urquhart jurquhart@snapkalaw.com, tthomas@snapkalaw.com

Karolina Sylvia Southard ksouthard@lawdbd.com, rvanderberg@lawdbd.com

Sean T. Keith skeith@arkattorneys.com, kitty@arkattorneys.com, mboling@arkattorneys.com

Edward Blizzard eblizzard@blizzardlaw.com, agreenberg@blizzardlaw.com, jpiper@blizzardlaw.com

William F. Blankenship, III bill@blankenshiplaw.com, jeanette@blankenshiplaw.com, rachel@blankenshiplaw.com

Oluwaseun Adetoun Adeyemi masstorts@roxellrichards.com, adeyemiseun89@gmail.com, rr@roxellrichards.com

Roxell Ann Richards rr@roxellrichards.com, paralegal@roxellrichards.com

Andrew F. Kirkendall akirkendall@kirkendalldwyer.com, anelson@kirkendalldwyer.com, ksharp@kirkendalldwyer.com

Alexander G. Dwyer adwyer@kirkendalldwyer.com, cdu@kirkendalldwyer.com, msclafani@kirkendalldwyer.com, twyckoff@kirkendalldwyer.com

John D. Allison jdallison@eahjlaw.com, kbergland@eahjlaw.com, nikelie@eahjlaw.com

David Randolph Smith drs@drslawfirm.com, marlena@drslawfirm.com

J. Curt Tanner ctanner@corywatson.com, ivc@corywatson.com

Nathaniel Kelly Scearcy nscearcy@potts-law.com, etaylor@potts-law.com

Thomas B. Calvert tom@calvertaplc.com, carole@calvertaplc.com

Katie Eidson Griffin katie@sill-law.com, david@sill-law.com, scarl@fulmersill.com

Jeffrey D. Lipman lipmanlawfirm@aol.com

Amy M. Carter acarter@sgpblaw.com, 4985426420@filings.docketbird.com, nlewis@sgpblaw.com, tpace@sgpblaw.com

Graham Lee Newman gnewman@csa-law.com, bsluce@csa-law.com

Robert Bruce Warner bwarner@wvpersonalinjury.com, pwhitlock@wvpersonalinjury.com

Mark Edward Berns berns@onderlaw.com, schoemehl@onderlaw.com

Janet Ward Black jwblack@wardblacklaw.com, jcarter@wardblacklaw.com

Melanie Knies Schmickle pharma@swmwlaw.com, melanie@swmwlaw.com

Gregory J. Pals greg@thedriscollfirm.com, melissa@thedriscollfirm.com, tiffany@thedriscollfirm.com

Nathan Arvel Duncan nathan@dhhlawfirm.com, terra@dhhlawfirm.com

Michael C. Glass mglass@rapplaw.com, cdonovan@rapplaw.com

Debra J. Humphrey dhumphrey@bernllp.com, acolella@bernllp.com, anunez@bernllp.com, jcappelli@bernllp.com, jcouch@bernllp.com, jrogers@bernllp.com, kabraham@bernllp.com, kwan@bernllp.com, kwang@bernllp.com, ldecarlo@bernllp.com, pkula@bernllp.com

Christopher Kyle Johnston kyle@masstortslaw.com

Zachary Paul McFarlane zmcfarlane@fittslawfirm.com, vmena@fittslawfirm.com

David M. Peterson dmp@petersonlawfirm.com, bet@petersonlawfirm.com, nsc@petersonlawfirm.com

David B. Owen-Jimenez david@masstortslaw.com, jose@masstortslaw.com

Robert T. Naumes, Jr bnaumes@jeffreysglassman.com

Julie E. Lamkin jlamkin@jeffreysglassman.com, jelamkin@gmail.com

Mark R. Niemeyer (Terminated) niemeyer@ngklawfirm.com, eagan@ngklawfirm.com

David L. Grebel (Terminated) grebel@ngklawfirm.com

William Rivera-Alvarez william@masstortslaw.com

Carlos M. Hernandez-Burgos (Terminated) carlos.h@masstortslaw.com

Sarah Ann Wolter sarah.wolter@andruswagstaff.com, c.j.cuneo@andruswagstaff.com, darlene.ambrosine@andruswagstaff.com, jenni.suhr@andruswagstaff.com

Kerrianne L. Waters kwaters@wjnklaw.com, selliott@wjnklaw.com

Christopher J. Spanos cspanos@wjnklaw.com, gsrevord@wjnklaw.com

Justin E. Dunlap justin@hotzerunkle.com

Garry Bao Trinh garry@bighornlaw.com, evelyn@bighornlaw.com

Charlotte L. Itoh charlotte@thefinelawfirm.com, patty@thefinelawfirm.com

Karen H. Beyea-Schroeder (Terminated) karen.schroeder@rburnettlaw.com

Bobby Moak bobbymoak402@att.net, bmoak@locnet.net

Tracy Cinocca tcinocca@cinoccalaw.com, kthompson@cinoccalaw.com

Dorothy J. Dohanics ddohanics@dallashartman.com, schieze@dallashartman.com

Riley L. Burnett, Jr rburnett@rburnettlaw.com

William Cafaro bcafaro@cafaroesq.com, abuzin@buzinlaw.com, nduran@cafaroesq.com

Christin Jaye Eaton christin.eaton@faegrebd.com

John Salvatore Serpe jserpe@serpejones.com

Adam Weintraub aweintraub@lchb.com

Patrick J. Condron thefirm@logganslaw.com

Don Milner Sowers thefirm@logganslaw.com

Jose Tomas Ballesteros jose@masstortslaw.com, jballesteros@icloud.com

Craig D. Brown cdb@meyers-flowers.com, slh@meyers-flowers.com

Kimberly May Brancato gps@meyers-flowers.com, mcp@meyers-flowers.com, slh@meyers-flowers.com

Lee Paul Mankin pmankin@paulmankin.com

Richard Joseph Plezia efile@rplezialaw.com

Alyson Marie Petrick apetrick@careydanis.com, gcarey@careydanis.com

A. Craig Eiland ceiland@eilandlaw.com, treagan@eilandlaw.com

Bret Daniel Stanley bstanley@eilandlaw.com, treagan@eilandlaw.com

Daniel Robert Seidman dseidman@seidmanlaw.net

Blair Bertram Matyszczyk blair@bertramgraf.com, afeliciano@bertramgraf.com, bianca@bertramgraf.com, jeremy@bertramgraf.com, kandy@bertramgraf.com

John Paul Mandler john.mandler@faegrebd.com, kathy.olmscheid@faegrebd.com

Levi M. Plesset lplesset@mjfwlaw.com, mfox@mjfwlaw.com

Michelle L. Tiger mtiger@youmancaputo.com, kmcsorley@youmancaputo.com

Christina Marie Graziano cgraziano@hausfeld.com

Shawn Gayland Foster sfoster@dbjlaw.net, lmcwhorter@dbjlaw.net

Timothy E. Grochocinski tim@nbafirm.com, kris@nbafirm.com

Todd Mitchell Rubin trubin@finzfirm.com, 6993700420@filings.docketbird.com, efile@finzfirm.com

Ryan Everett Hodge hodgelaw@kansaslaw.com, alison@kansaslaw.com, elaine@kansaslaw.com, frontdesk@kansaslaw.com, records@kansaslaw.com, tammy@kansaslaw.com

Michael Joseph Quillin quillin@osclaw.com, sutton@osclaw.com

Mark D. Samson msamson@kellerrohrback.com, kathy-kendrick-5008@ecf.pacerpro.com

Jessica Glitz jglitz@tautfestbond.com, scarr@tautfestbond.com

Michael G. Guajardo mike@guajardomarks.com, kaitlyn@guajardomarks.com

Robert J. Evola roberte@slchapman.com, docket@slchapman.com

Leslie MacLean lmaclean@waterskraus.com, ddaily@waterskraus.com

Sally R. Bage sbage@waterskraus.com, ddaily@waterskraus.com

William Alton Maxey will@mbllc.com, katy@mbllc.com

Joseph A. Mooneyham joe@mbllc.com, brittanie@mbllc.com, katy@mbllc.com, will@mbllc.com

Matthew John Skikos mskikos@skikos.com, dsimon@skikos.com, jtucci@skikos.com

Kimberlyann A. Robards kimrobards@spencer-law.com, liceasims@spencer-law.com

David L. Augustus davidaugustus@spencer-law.com, liceasims@spencer-law.com

Clifford Alan Rieders crieders@riederstravis.com, dbueno@riederstravis.com

Robert Louis Kinsman robert@krauseandkinsman.com, marie@krauseandkinsman.com

Laura Greene Lumaghi laura@dowdlaw.net

Michael B. Leh mleh@lockslaw.com, ahouchins@lockslaw.com, jgalzarano@lockslaw.com

Joshua D. Christian jchristian@christiananddavis.com, lmcquiddy@christiananddavis.com

Melissa Fry Hague hague@lawgsp.com, puzzella@lawgsp.com

Gregory Steven Spizer gspizer@anapolweiss.com, edelvalle@anapolweiss.com

Katharine Gale Krottinger katy@monsourlawfirm.com, jennifer@monsourlawfirm.com

Ashton Rose Smith ashton@moorelawgroup.com, kara@moorelawgroup.com

Kristen Kyle Barton kbarton@thegomezfirm.com, nstoneman@thegomezfirm.com

Fred Thompson, III fthompson@motleyrice.com, mbessis@motleyrice.com

Nancy Ann Mismash nmismash@robertdebry.com, lharper@robertdebry.com

David J. Diamond ddiamond@goldbergandosborne.com, khampton@1800theeagle.com

Joseph H. Saunders joe@saunderslawyers.com, efrem@saunderslawyers.com

Robert Kirtley Finnell cook-ivc@finnellfirm.com

Llonyddwch Rhyddid Watkins Rhyddid.watkins@FaegreBD.com, Carol.wildt@FaegreBD.com

Rodrigo R. de Llano rod@dandell.com, ivc@dandell.com

Robert J. Binstock bbinstock@reichandbinstock.com, atorres@reichandbinstock.com, mephron@reichandbinstock.com

Christian Peters Fannin cfannin@kreindler.com

Denman Hilton Heard denman@heardlawfirm.com, bprice@heardlawfirm.com, dramirez@heardlawfirm.com

Alex Jerome Brown alex.brown@lanierlawfirm.com

Christopher James Baker cjbaker@heardlawfirm.com, dramirez@heardlawfirm.com

Lisa Ann Gorshe lgorshe@johnsonbecker.com, edusbabek@johnsonbecker.com

John H. Allen, III trey@allennolte.com, bwiginton@allennolte.com, jnolte@allennolte.com

Omar Mark Zamora mark@markzamora.com, cara@markzamora.com, kristia@orlandofirm.com

Chad C. Lucas chad@kuhlmanlucas.com, brian@kuhlmanlucas.com, kehl@kuhlmanlucas.com, kelly@kuhlmanlucas.com

Maria Schiuma Fischer maria@ddpalaw.com, service@ddpalaw.com

James Russell Segars, III tripp@diazlawfirm.com

Brandon Lightfoot Rich brich@lawdbd.com, rsanpedro@lawdbd.com

William Henry Barfield bill@mcdonaldworley.com, scott@mcdonaldworley.com, trina@mcdonaldworley.com, williambarfield@icloud.com

Mark E. Stephenson mes@tsohiolaw.com, firm@tsohiolaw.com

Paul T. Boudreaux paul@rrbok.com, kelly@rrbok.com

Arati Chauhan Furness afurness@fnlawfirm.com, cnakagai@fnlawfirm.com, vmcneme@fnlawfirm.com

Martin G. Rubenstein rubenstein@levybaldante.com, egemberling@levybaldante.com

Roger L. Mandel rmandel@jeevesmandellawgroup.com, khill@jeeveslawgroup.com

Caroline Underwood Hollingsworth caroline@hgdlawfirm.com

Nicole Marie Martell service@ddpalaw.com, nicole@ddpalaw.com

Hadley L. Matarazzo hmatarazzo@faraci.com, tzukoski@faraci.com

Halli D. Cohn halli.cohn@troutman.com, katherine.keranen@troutman.com

Eric Michael Friedman eric.friedman@faegrebd.com, Sherri.Gahagen@FaegreBD.com

Calle Marie Mendenhall cmendenhall@frplegal.com, calle@frplegal.com, cisbell@frplegal.com

Anthony Scott Godfrey agodfrey@bencmartin.com, cguerra@bencmartin.com

Laura J. Baughman lbaughman@martinbaughman.com, AWILSON@baronbudd.com, cguerra@bencmartin.com, cguerra@martinbaughman.com, spierce@baronbudd.com

Sander Esserman esserman@sbep-law.com, cguerra@bencmartin.com, moore@sbep-law.com

Grant Lavalle Davis gdavis@dbjlaw.net, khensley@dbjlaw.net, mnolte@dbjlaw.net

Thomas Edward Florek tflorek@florekmorganlaw.com, thomasfloreklaw@gmail.com

Laci Marie Whitley lwhitley@flintlaw.com, stacy@flintlaw.com

Stuart F. Cubbon stucubbon@cubbon.com, vcase@cubbon.com

Jerard M. Scanland jscanland@milawoffices.com

Carolyn J. Cuneo cj.cuneo@andruswagstaff.com, dionne.edwards@andruswagstaff.com

Misty Ann Farris mfarris@fnlawfirm.com, cguerra@bencmartin.com

Scott R. Seideman sseid@seidlaw.com, mhoppe@seidlaw.com

Christopher W. Dysart cdysart@dysart-law.com, dfranklin@dysart-law.com, mduffy@dysart-law.com, rspeichinger@dysart-law.com

Lloyd W. Gathings, II lgathings@gathingslaw.com, arice@gathingslaw.com

**1:14-ml-02570-RLY-TAB Notice has not been electronically mailed to:**

BARD PERIPHERAL VASCULAR, INC.


C.R. BARD, INC.


COOK CANTON, LLC


COOK DENMARK HOLDING APS


COOK POLYMER TECHNOLOGY


DOES I-XXX


RAPID CITY REGIONAL HOSPITAL, INC.


ROE CORPORATIONS XXI-XL


ANDREA MADDOCK


ANNIE JOHNSON


Adam Daniel Pollock
Serpe Jones Andrews Callender & Bell
2929 Allen Parkway
Suite 1600
Houston, TX 77019

Alexandra B Caggiano
WEINSTEIN COUTURE PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WA 98101

Anna Emem Imose
McAfee & Taft (Tulsa)
TWO W SECOND ST STE 1100
TULSA, OK 74103

Anthony James Urban
LAW OFFICES OF ANTHONY URBAN, P.C.
474 N. Centre Street, 3rd Floor
Pottsville, PA 17901

BAILIE DAVIS

BESSIE BELL

BEVERLY FOSTER

BILL MILLER

Benjamin Robert Couture
WEINSTEIN COUTURE PLLC
601 UNION STREET, SUITE 2420
SEATTLE, WA 98101

Brian J. Urban
LAW OFFICES OF ANTHONY URBAN, P.C.
474 N. Centre Street, 3rd Floor
Pottsville, PA 17901

C Timothy Reynolds
Steed Dunnill Reynolds Bailey Stephenson LLP
One Horizon Ridge
1010 W Ralph Hall Pkwy, 2nd Floor
Rockwall, TX 75032

CARLENE E COVINGTON

CYNTHIA GUZMAN

Caleb B. David
SHUMAN MCCUSKEY & SLICER
P. O. Box 3953

Charleston, WV 25339

Caleb Hoff Didriksen , III
Didriksen Law Firm, PLC
3114 Canal Street
New Orleans, LA 70119

Carl A Woods , III
Didriksen Law Firm
3114 Canal Street
New Orleans, LA 70119

Carrie R. Capouellez
LOPEZ MCHUGH LLP
214 Flynn Avenue
Moorestown, NJ 08057

Cassidy M. Stalley
Lynn, Jackson, Shultz & Lebrun, PC
PO Box 8250
Rapid City, SD 57709-8250

Christian F Pereira
Christian F Pereira Law Offices
249 East Ocean Boulevard Suite 814
Long Beach, CA 90802

Christopher Lashier

Christopher Jordon Nassar
Rodolf & Todd
401 S BOSTON AVE STE 2000
TULSA, OK 74103

Cliff W. Marcek
Cliff W. Marcek, P.C.
700 S. Third St.
Las Vegas, NV 89101

Curtis Hoke
The Miller Firm LLC
The Sherman Building
108 Railroad Avenue
Orange, VA 22960

DANIEL CANNON

DONALD K RUFFING, SR

DONNA GRACE STEPHENS


DOROTHY CUSHLEY


David Carl Anderson
Anderson Law
711 Van Ness Avenue
Suite 220
San Francisco, CA 94102


David J Britton
LAW OFFICE OF DAVID J BRITTON
2209 N 30TH ST
STE 4
TACOMA, WA 98403


David Lewis Shuman
SHUMAN MCCUSKEY & SLICER
P. O. Box 3953
Charleston, WV 25339


Debra Tedeschi Varner
MCNEER HIGHLAND MCMUNN & VARNER
P. O. Drawer 2040
Clarksburg, WV 26302-2040


ENOCH SURLES


Emily A. Kolbe
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, IA 50309


Ephraim Samuel Geisler
Aylstock, Witkin, Kreis & Overholtz, Pllc
17 East Main Street
Suite 200
Pensacola, FL 32502


Evan M Zucker
BARON AND BUDD PC
15910 Ventura Boulevard Suite 1600
Encino, CA 91436


GREGORY DENTON


Gabriel M Mendoza
Easton & Easton, LLP

650 Town Center Drive
Suite 1850
Costa Mesa, CA 92626


HEIDI OUBRE


HOLLY MCKEITHEN


Heather K. D'Onofrio
THE D'ONOFRIO FIRM
10 BEATTY ROAD
SUITE 200
MEDIA, PA 19063


Howard D Ruddell
Faegre Baker Daniels LLP
11766 Wilshire Boulevard Suite 750
Los Angeles, CA 90025


Iveliz Lizy Cardenas-Santiago
Matthews Assoc
2905 Sackett St
Houston, TX 77098


JAMES SEAL


JENNIE CASTROMAN


JESSICA REYNOLDS


JESUS GUTIERREZ


JOANN BOZE


JOHN CORNEW
409 E Maple Ave
Lindenwold, NJ 08021


James Craig Buchan
McAfee & Taft (Tulsa)
TWO W SECOND ST STE 1100
TULSA, OK 74103


James R. Olson
Olson, Cannon, Gormley, Angulo & Stoberski

9950 West Cheyenne Avenue
Las Vegas, NV 89129-

Jay Harris
Harris, Reny & Torzewski
3rd Floor
Two Maritime Plaza
Toledo, OH 43604

Jennifer M Andrews
Naman Howell Smith & Lee LLC
306 Wst 7th Street, Suite 405
Fort Worth, TX 76102-4911

John F McCormick , Jr
Sherwood & McCormick
15 W 6TH ST STE 2112
TULSA, OK 74119

John Pinckney Harloe , III
FREESE & GOSS PLLC
3031 Allen Street
Dallas, TX 75204

Johnny Johnson

Joseph A. Napiltonia
Law Office of Joe Napiltonia
213 3rd Avenue North
Franklin, TN 37064

Joseph G. Sauder
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041

Julie L. Rhoades
ABRAHAM, WATKINS, NICHOLS, SORRELS, MATTHEWS & FRIEND
800 Commerce St.
Houston, TX 77002

KAREN HOLLOWAY

KEVIN BANKS

KIMBERLY ROBERTS
22 Pine Street
Mt. Holly, NJ 08060

Keely Ann Perdue
Christiansen Law Offices
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101

Kevin L. Edwards
EDWARDS & DE LA CERDA, PLLC
3031 Allen Street
Suite 100
Dallas, TX 75204

LEOBARDO LOPEZ GUZMAN

Leslee Nicole Haas
Johnson, Trent & Taylor, LLP
919 Milam
Suite 1700
Houston, TX 77002

Lizy Santiago
ABRAHAM, WATKINS, NICHOLS, SORRELS, MATTHEWS & FRIEND
800 Commerce St.
Houston, TX 77002

Lonnie R. Braun
Thomas Braun Bernard & Burke, LLP
4200 Beach Drive
Suite 1
Rapid City, SD 57702

MARK ANTHONY MASON

MARTHA FERNANDEZ

MICHAEL BRANHAM

MICHELLE NICHOLSON

Marc G. Cowden
Sheuerman, Martini, Tabari, Zenere & Garvin
1033 Willow Street
San Jose, CA 95125

Matthew Dumont Clark
FAEGRE BAKER DANIELS LLP (CO)
3200 WELLS FARGO CENTER
1700 LINCOLN ST

DENVER, CO 80203

Max E. Corrick
Olson, Cannon, Gormley & Desruisseaux
9950 West Cheyenne Avenue
Las Vegas, NV 89129

Maya G Brenes
Brenes Law Group PC
16A Journey Suite 200
Long Beach, CA 90802

Michael Anthony Secret
MCNEER HIGHLAND MCMUNN & VARNER
P. O. Drawer 2040
Clarksburg, WV 26302-2040

Michael Franklin Smith
McAfee & Taft (Tulsa)
TWO W SECOND ST STE 1100
TULSA, OK 74103

Michael G. Daly
POGUST BRASLOW & MILLROOD LLC
161 Washington Street
Suite 940
Conshohocken, PA 19428

Michael Lee Carr
Holden & Montejano
15 E 5TH ST STE 3900
TULSA, OK 74103

NATHAN HADDAD

Nathaniel Thomas Smith
Holden & Montejano
15 E 5TH ST STE 3900
TULSA, OK 74103

Neal Lewis Moskow
Ury & Moskow
883 Black Rock Turnpike
Fairfield, CT 06825

Nicholas Graham
Lopez McHugh LLP
100 Bayview Circle
Suite 5600
Noewport Beach, CA 92660

Nicole G Andrews
Serpe Jones Andrews Callender & Bell
2929 Allen Parkway
Suite 1600
Houston, TX 77019

Ora Meriedy

PAULA PETERSEN

Patricia Ashford

Pedro de la Cerda
Edwards and de la Cerda PLLC
3031 Allen Street Suite 100
Dallas, TX 75204

Peter De La Cerda
EDWARDS & DE LA CERDA, PLLC
3031 Allen Street, Suite 100
Dallas, TX 75204

Peter S. Christiansen
Christiansen Law Offices
810 S. Casino Center Boulevard
Suite 104
Las Vegas, NV 89101

Philip Sholtz
THE DRISCOLL FIRM, P.C.
211 N. Broadway
40th Floor
St. Louis, MO 63102

R. Todd Terry
Christiansen Law Offices
810 S. Casino Center Boulevard
# 104
Las Vegas, NV 89101

RONALD G. FETCHKO

RYBURN V. ANDERSON

Randall Howard Stefani
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600

Des Moines, IA 50309

Rhett Conlon Parker
Phelps Dunbar, LLP
Suite 1900
100 S Ashley Dr
Tampa, FL 33602-5311

Richard A Capshaw
Capshaw & Associates
3500 Maple Avenue, Suite 1100
Dallas, TX 75219

Richard A. Freese
LANGSTON SWEET & FREESE PA
The Morgan Keegan Center
2900 Highway 280 Suite 240
Birmingham, AL 35223

Robert R. Hearn
Phelps Dunbar, LLP
Suite 1900
100 S Ashley Dr
Tampa, FL 33602-5311

Roland K Tellis
BARON AND BUDD PC
15910 Ventura Boulevard Suite 1600
Encino, CA 91436

SANDRA MICHEAU

SHARON J. ARDIZZONE

Sharon Carlstedt Britton
Phelps Dunbar, LLP
Suite 1900
100 S Ashley Dr
Tampa, FL 33602-5311

Steven Ernest Holden
Holden & Montejano
15 E 5TH ST STE 3900
TULSA, OK 74103

Steven J. Oberg
Lynn, Jackson, Shultz & Lebrun, PC
PO Box 8250
Rapid City, SD 57709-8250

Steven R. Maher
MAHER GUILEY AND MAHER
631 West Morse Blvd., #200
Winter Park, FL 32789

TERESA MONZELL PENDLETON


TERRY WARR


TIMOTHY BEASLEY


TRALVE W. BASS


Tarifa Belle Laddon
Faegre Baker Daniels LLP
11766 Wilshire Boulevard Suite 750
Los Angeles, CA 90025

Terence R. Quinn
Goodsell Quinn, LLP
246 Founders Park Dr.
Suite 201
PO Box 9249
Rapid City, SD 57709-9249

Theodore Clayton Sherwood
Sherwood & McCormick
15 W 6TH ST STE 2112
TULSA, OK 74119

Thomas Meriedy


Tim K Goss
Freese & Goss PLLC
3500 Maple Ave., Suite 1100
Dallas, TX 75219
United Sta

Timothy C Bolton
Law Offices of Ben C. Martin
3710 Rawlins Street
Suite 1230
Dallas, TX 85219

Timothy P. Lupardus
LUPARDUS LAW OFFICE
P. O. Box 1680

Pineville, WV 24874-1680

VINCENT WALTON

W. Bryan Smith
Morgan & Morgan, LLC
2600 One Commerce Square
Memphis, TN 38103

W. Douglas Easton
Easton & Easton, LLP
650 Town Center Drive
Suite 1850
Costa Mesa, CA 92626

WILLIAM BENTON EDWARDS

Wilnar Jeanne Julmiste
ANDERSON GLENN LLP - BOCA RATON FL
2201 NW Corporate Blvd
STE 100
Boca Raton, FL 33431

**1:15-cv-06027-RLY-TAB Notice has been electronically mailed to:**

**1:15-cv-06027-RLY-TAB Notice has not been electronically mailed to:**

**1:15-cv-01604-RLY-TAB Notice has been electronically mailed to:**

**1:15-cv-01604-RLY-TAB Notice has not been electronically mailed to:**

**1:15-cv-01605-RLY-TAB Notice has been electronically mailed to:**

**1:15-cv-01605-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-00542-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-00542-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-00545-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-00545-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-00548-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-00548-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-00551-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-00551-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-00552-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-00552-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-00809-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-00809-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-06032-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-06032-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01163-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01163-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01252-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01252-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01285-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01285-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01318-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01318-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01534-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01534-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01614-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01614-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01635-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01635-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01640-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01640-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01762-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01762-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01767-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01767-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01771-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01771-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01801-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01801-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01848-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01848-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-01937-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-01937-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02045-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02045-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02149-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02149-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02172-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02172-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02225-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02225-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02279-RLY-TAB Notice has been electronically mailed to:**

Sofia E. Bruera melanie@brueralaw.com, sofia@brueralaw.com

**1:16-cv-02279-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02290-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02290-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02317-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02317-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02321-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02321-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02326-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02326-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02328-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02328-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02350-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02350-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02382-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02382-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02383-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02383-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02385-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02385-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02390-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02390-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02393-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02393-RLY-TAB Notice has not been electronically mailed to:**

DONNA GRACE STEPHENS
229 Idlewood Rd.
Pittsburgh, PA 15235

**1:16-cv-02410-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02410-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02469-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02469-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02505-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02505-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02656-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02656-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02693-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02693-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02713-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02713-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02899-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02899-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02949-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02949-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02951-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02951-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02953-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02953-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02954-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02954-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-02956-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-02956-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-03089-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-03089-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-03135-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-03135-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-03253-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-03253-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-03299-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-03299-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-03406-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-03406-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-03433-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-03433-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-03443-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-03443-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-03468-RLY-TAB Notice has been electronically mailed to:**

**1:16-cv-03468-RLY-TAB Notice has not been electronically mailed to:**

**1:16-cv-03521-RLY-TAB Notice has been electronically mailed to:**

Robert Roy Luke info@lukefirm.com, legal@lukefirm.com

**1:16-cv-03521-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00020-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00020-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00069-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00069-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00143-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00143-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00159-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00159-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00218-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00218-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00254-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00254-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00303-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00303-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00337-RLY-TAB Notice has been electronically mailed to:**

Douglass A. Kreis athane@awkolaw.com

**1:17-cv-00337-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00357-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00357-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00388-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00388-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00417-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00417-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00420-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00420-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00434-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00434-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00455-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00455-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00457-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00457-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00458-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00458-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00530-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00530-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00537-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00537-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00692-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00692-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00800-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-00800-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-00971-RLY-TAB Notice has been electronically mailed to:**

Sofia E. Bruera melanie@brueralaw.com, sofia@brueralaw.com

**1:17-cv-00971-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01239-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01239-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01327-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01327-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01347-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01347-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01358-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01358-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01456-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01456-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01479-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01479-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01551-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01551-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01559-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01559-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01588-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01588-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01697-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01697-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01705-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01705-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01728-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01728-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01753-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01753-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01754-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01754-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01773-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01773-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01774-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01774-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01790-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01790-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-06069-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-06069-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01806-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01806-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01820-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01820-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01853-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01853-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-01854-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-01854-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02173-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02173-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02179-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02179-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02239-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02239-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02269-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02269-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02334-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02334-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02343-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02343-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-06074-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-06074-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02405-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02405-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02435-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02435-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02611-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02611-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02623-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02623-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02667-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02667-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02670-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02670-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02703-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02703-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02715-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02715-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02776-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02776-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02793-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02793-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02880-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02880-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02957-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02957-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-02987-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-02987-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03085-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03085-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03100-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03100-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03120-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03120-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03163-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03163-RLY-TAB Notice has not been electronically mailed to:**

COOK INCORPORATED


COOK MEDICAL LLC


WILLIAM COOK EUROPE APS


**1:17-cv-03311-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03311-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03317-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03317-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03318-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03318-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03341-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03341-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03477-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03477-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03495-RLY-TAB Notice has been electronically mailed to:**

Brian A Goldstein brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

**1:17-cv-03495-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03563-RLY-TAB Notice has been electronically mailed to:**

Brian A Goldstein brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

**1:17-cv-03563-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03577-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03577-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03651-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03651-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-03969-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-03969-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04031-RLY-TAB Notice has been electronically mailed to:**

Brian A Goldstein brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

**1:17-cv-04031-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04097-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-04097-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04171-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-04171-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04200-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-04200-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04218-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-04218-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04339-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-04339-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04340-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-04340-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04345-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-04345-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04443-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-04443-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04607-RLY-TAB Notice has been electronically mailed to:**

Brian A Goldstein brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

**1:17-cv-04607-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04692-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-04692-RLY-TAB Notice has not been electronically mailed to:**

**1:17-cv-04708-RLY-TAB Notice has been electronically mailed to:**

**1:17-cv-04708-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00081-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00081-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00088-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00088-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00098-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00098-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00103-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00103-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00113-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00113-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00223-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00223-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00235-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00235-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-06089-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-06089-RLY-TAB Notice has not been electronically mailed to:**

COOK DENMARK HOLDINGS APS

COOK DENMARK INTERNATIONAL APS

COOK GROUP EUROPE APS

COOK GROUP INCORPORATED

COOK INCORPORATED

COOK MEDICAL LLC

COOK MEDICAL TECHNOLOGIES LLC

COOK NEDERLAND BV

COOK RESEARCH INCORPORATED

WILLIAM COOK EUROPE APS

**1:18-cv-00405-RLY-TAB Notice has been electronically mailed to:**

Brian A Goldstein brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

**1:18-cv-00405-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00412-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00412-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00516-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00516-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00567-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00567-RLY-TAB Notice has not been electronically mailed to:**

COOK INCORPORATED

COOK MEDICAL LLC

WILLIAM COOK EUROPE APS

**1:18-cv-00568-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00568-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00569-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00569-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00647-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00647-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00675-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00675-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00921-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00921-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00930-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00930-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-00978-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-00978-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-01410-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-01410-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-01438-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-01438-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-01461-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-01461-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-01825-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-01825-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-01833-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-01833-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-01840-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-01840-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-01865-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-01865-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-01879-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-01879-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-01916-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-01916-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-01996-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-01996-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-02150-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-02150-RLY-TAB Notice has not been electronically mailed to:**

WILLIAM COOK EUROPE APS

**1:18-cv-02245-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-02245-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-02309-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-02309-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-02326-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-02326-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-02498-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-02498-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-02500-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-02500-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-02739-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-02739-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-02837-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-02837-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-02995-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-02995-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-03003-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-03003-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-03094-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-03094-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-03283-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-03283-RLY-TAB Notice has not been electronically mailed to:**

**1:18-cv-03520-RLY-TAB Notice has been electronically mailed to:**

**1:18-cv-03520-RLY-TAB Notice has not been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP insdStamp_ID=989432984 [Date=5/8/2019] [FileNumber=6356348-0] [
4df0dca58d3913710ad64fef94571c6483436309497d7a26e3e8ad171744b4fe9a4b54
ebe475a45f01293145c768dde6ebbd2cc284be3dbbd734e2d3a4f46de5]]