**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | **Case No. 1:14-ml-2570-RLY-TAB** **MDL 2570** |

This Document Relates to Plaintiff
    JAMES D. HINES

Civil Case # 1:16-cv-3135

**PLAINTIFF JAMES D. HINES' REPLY TO DEFENDANT COOK'S**
**OPPOSITION TO MOTION TO REINSTATE**

Plaintiff, James D. Hines, by and through his attorney, Law Office of Marc D. Portlock, hereby replies to the Opposition to his Motion to Reinstate filed by the Cook, Inc. defendants (Defendants) named in the above-captioned matter as follows.

**I.      FACTUAL BACKGROUND**

There is no dispute that Plaintiff's case was timely filed directly in this MDL litigation via Short Form Complaint on November 16, 2016.

There is no dispute that Plaintiff's case was dismissed *without prejudice* for failure to produce the Case Categorization Form (CCF) before May 8, 2019.

There is no dispute that Defendants were in possession of all the information set forth in the requested CCF prior to May 8, 2019 via Plaintiff's submission of a Plaintiff Profile Sheet (PPS) and his medical records.

There is no dispute that on November 19, 2019 the Defendants received Plaintiff's CCF and a second copy of the medical records at issue – namely the Plaintiff's operative reports showing failed retrievals of Defendants' IVC filter on May 14, 2015 and April 18, 2016.

Under the undisputed facts as set forth above, it is without question that Plaintiff's case is currently in the same place procedurally as the numerous other member cases in the MDL docket, which as a consequence, means Defendants cannot claim (nor have they claimed) any prejudice by the late submission of Plaintiff's CCF.

Based on the foregoing facts, Indiana law strongly favors the reinstatement of Plaintiff's case.

## II.    Plaintiff Timely Filed His Complaint under Indiana's Statute of Limitations

As set forth above, Plaintiff directly filed his Complaint in this MDL docket on November 16, 2016 less than two years after his first unsuccessful surgical procedure to remove Defendants' IVC filter, and less than one year (approximately six months) after his second unsuccessful surgical procedure to remove Defendant's IVC filter.  These facts make it without question that Plaintiff's Complaint was timely filed pursuant to Indiana's Statute of Limitations, I.C. 34-11-2-4.

The decision cited in support of Defendant's argument – *Price v. Wyeth Holdings Corp.*, 505 F. 3d 624 (7th Cir. 2007) – is factually inapposite to the instant matter.  *Price* involved a case dealing with a plaintiff who voluntarily dismissed his action and then: (a) waited five years to reinstate his case; and (b) never provided the defendant with notice of his reinstatement until plaintiff obtained a $5 million default judgment against defendant.  Under such facts, the Seventh Circuit interpreted Indiana's Rules of Trial Procedure to find the plaintiff's voluntarily dismissal to be proper; however, plaintiff's reinstatement failed because plaintiff's counsel did not provide

the defendants with timely notice of the motion to reinstate. *Id.* at 629 (Indiana's trial procedure rules require that notice of all pleadings and motions be provided to all parties not in default.)

In the instant matter, Plaintiff did not voluntarily dismiss his case. Rather, his case was dismissed *without prejudice*. As set forth in Plaintiff's motion, it is uncertain whether Plaintiff's prior counsel received the Court's emails regarding the CCF requirements due to certain emails being filtered as spam. Defendant's opposition only provides proof of such emails being sent to Plaintiff's prior counsel – which Plaintiff does not dispute. Although Plaintiff cannot say with certainty that such emails were received in the intended email in-boxes instead of being received in his prior counsel's spam folders, Plaintiff can say with certainty that he first learned of the CCF requirement, and that his case was dismissed *without prejudice*, when undersigned counsel notified the Court of his need to file a change of attorney information form on November 15, 2019.[1] See Exhibit D Deputy in Charge email attached to Plaintiff's motion. In other words, there was absolutely no bad faith conduct on the part of Plaintiff in connection with the late submission of a CCF. This particularly evident when considering Plaintiff immediately satisfied the CCF requirement on November 19, 2019 – a mere four days after receiving the Deputy's email.

Although Plaintiff did not act in bad faith when satisfying the CCF requirement on November 19, 2019, the same cannot be said of Defendants when considering their disparate treatment when notifying other member plaintiffs of the need to satisfy the CCF requirement. For example, on September 3, 2019, Defendants' counsel sent individual emails to member

---

[1] Defendants' pointing to undersigned counsel's on-line profile on Plaintiff's prior counsel's website only further supports Plaintiff's argument. See Defendant's Opposition at 5. Just because an on-line profile existed on December 10, 2019, does not mean undersigned counsel was working at Plaintiff's prior counsel's firm at that time. Undersigned counsel stopped working at his former firm at the end of October 2019. Similarly, just because the Court's e-mails were sent to undersigned counsel's email address does not mean they were actually received in undersigned counsel's electronic in-box.

plaintiffs' counsel who had not satisfied the CCF requirement.  See Exhibit A.  These emails were essentially one page in length and contained a chart which clearly explained the member cases at issue and the date when the CCFs were due for each case.  Id.  **Undersigned counsel never received an email like the ones attached hereto as Exhibit A from defense counsel**. Instead, Defendants rely on the Court's emails attached to its opposition (one which is 32 pages in length and does not explicitly refer to Plaintiff's case; and the other which is 150 pages in length and references Plaintiff's case on page 30) as satisfaction of Indiana's trial procedure rules concerning notice.

Plaintiff submits that basic fairness dictates that the Defendants (not the Court) had a responsibility to send Plaintiff an email like the ones attached hereto as Exhibit A, or a letter like was sent to Plaintiff in connection with the PPS requirement.  See Exhibit "B" to Plaintiff's motion.  Without such notice being provided by defense counsel, Plaintiff's motion to reinstate should be granted.

**III.   Indiana's Savings Statute Is Inapplicable to the Instant Matter**

Indiana's Savings Statute – the Journey's Account Statute – as set forth under I.C. §34-11-8-1 (the "JAS") – applies to cases that have been dismissed on the merits.  *See, e.g., Dempsey v. Belanger,* 959 NE 2d 861 (2011).  As set forth above, Plaintiff's case was dismissed *without prejudice*, which necessarily means that it was not dismissed on the merits, and also means Plaintiff is not looking to re-file his already timely filed Complaint.  As such, the JAS – which applies to the re-filing of cases beyond the applicable statute of limitations – does not apply in this instance.

Although the JAS does not technically apply here, the policy reasons behind the JAS make it clear that if there are certain situations – namely the lack of bad faith of the part of the

dismissed party – that allow for the re-filing of cases beyond a statute of limitations which were previously dismissed on the merits, then certainly a case such as this one involving a dismissal *without prejudice* and lack of bad faith by Plaintiff in connection with satisfying the CCF requirement, and questionable bad faith by the Defendants in providing notice to Plaintiff of the CCF requirement, should result in Plaintiff's motion for reinstatement being granted

## **CONCLUSION**

Plaintiff respectfully requests this Court to order the reinstatement of *Hines v. In re: Cook Medical, Inc., et al.,* 1:16-cv-3135 for all the reasons set forth herein, as well as his motion for reinstatement.

**Dated:  December 17, 2019**

Respectfully submitted,

**LAW OFFICE OF MARC D. PORTLOCK**

*/s/ Marc D. Portlock*

Marc D. Portlock, Bar No. 016432002
4436 Rt. 27, P.O. Box 462
Kingston, NJ 08528
T:  (609) 356-0862
F:  (609) 356-0865
E-Mail: portlocklaw@gmail.com

***Attorney for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on **December 18, 2019** a copy of the foregoing Plaintiff's Motion to Reinstate was sent to the Clerk of the Court via email for filing which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Marc D. Portlock*
_____

6