IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCT LIABILITY LITIGATION              MDL No. 2570

This Document Relates to
David McDermitt, Civil Case No.: 1:18-cv-00946

**PLAINTIFF DAVID MCDERMITT'S RESPONSE IN OPPOSITION TO COOK
DEFENDANTS' AMENDED MOTION TO CONDUCT CERTAIN DISCOVERY
BEYOND FACT DISCOVERY DEADLINE**

Plaintiff David McDermitt, by and through his attorneys, respectfully opposes the Cook

Defendants' amended motion to extend the Court's fact discovery deadline. In opposition of this

motion, Plaintiff David McDermitt states as follows:

1. Local Rule 6-1 governs extension of time deadlines.  This motion should be denied

   because Defendant's motion will interfere with this Court's Case Management Plan

   and deadlines, good cause is not shown for an extension and it is not proportionate

   discovery.

2. It first should be noted that both parties have been working well together and

   making excellent progress towards trial. Plaintiff has taken the deposition of Cook's

   device representative and Defendant has now taken the Plaintiff's deposition and

   three depositions of Plaintiffs treating doctors including: a hospitalist, the implanting

   doctor and a radiologist who read scans in 2017. All known Plaintiff's records have

   been secured and exchanged. Fact discovery is now closed (except to take the

   deposition of Plaintiff's wife who has been ill). Plaintiff disclosed expert reports on

   Dec. 14, 2019, pursuant to this Court's deadline. Defendant's expert reports are

1

due January 13, 2020. The parties have been conferring about times for expert depositions.

3. It was the Cook Defendants that originally requested an expedited trial schedule, and Plaintiff has complied with this schedule.

4. The Cook Defendants have been aware that Plaintiff would be amending his PFS to include the recent DVT as an injury since Plaintiff's deposition on November 6, 2019. As discussed between Plaintiff's counsel and the Cook Defendants' counsel at that time, Plaintiff was waiting to receive the corresponding medical records before officially amending his PFS to include this injury.

5. The Cook Defendants made no effort to depose any of plaintiff's doctors on this topic before the deadline. Plaintiff feels no need to call any of his treating doctors on this topic since it is not disputed that he suffered a DVT with his filter in place. It is no mystery to Cook that IVC filters, including Cook's Gunther Tulip IVC filter, contribute to an increased risk of DVT. For years, medical literature has examined this increased risk, and Plaintiff's expert will state the literature says it is up to a 40% risk.

6. Plaintiff's expert is not saying the filter was the sole cause of this recent DVTs, just that it was a contributing cause. The cause of the DVT requires expert opinions, not treating doctor opinions. If the defense disagrees that the partial cause of the DVTs is the filter, they will be able to call their experts to rebut this injury. Their reports are not due for close to another month.

7. In discussing the Cook Defendants' request for an unopposed motion to extend the Court's discovery deadline, counsel for the Cook Defendants indicated that perhaps

2

the deposition of Plaintiff's orthopedic surgeon, among other doctors that treated him for this recent DVT, would be desired. However, there is nothing these new treating doctors could add to the record beyond what is contained in the medical records- which are already in the Cook Defendants' possession.

8. Additionally, the proportionality of the Cook Defendants' motion must be considered. The Cook Defendants have already taken the deposition of three of Plaintiff's treating doctors. Given the nature of this case, any more depositions would not be proportionate discovery. The Federal Rules require parties to conduct discovery that is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Further, federal courts have long held that discovery not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of the discovery rule. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). Accordingly, the Court should deny the Cook Defendants' request to completely modify the Court's discovery deadline.

9. Defendants have also failed to show good cause for this request, as also required by the Federal Rules. Fed. R. Civ. P. 16(b). Federal Courts have also previously denied parties' requests to modify case management orders to permit additional discovery after scheduling order deadlines for discovery and providing expert disclosure have passed. *See Arnold v. Krause, Inc.*, 232 F.R.D. 58, 66 (W.D.N.Y. 2004). The Cook Defendants have failed to show good cause for extending the Court's discovery deadline to take more depositions of Plaintiff's treating doctors, whose testimony will have no bearing on the claims and defenses at issues in this case. As such, the Cook Defendants' motion should be denied, as it pertains to these depositions.

10. Further, granting the Cook Defendants' amended motion to extend the Court's discovery deadline would be prejudicial to Plaintiff. Plaintiff has now disclosed and produced his expert reports to the Cook Defendants, and a month extension granted now would allow Defendants the prejudicial benefit of having access to Plaintiff's expert reports while re-opening the discovery window to conduct disproportionate discovery.

11. There is nothing brand new about the disclosure of Plaintiff's DVTs. They have known about this since November 7.  There is nothing a treating doctor could add to this that is not in the records. The Cook Defendants have the opportunity to rebut Plaintiff's assertion that the Gunther Tulip IVC filter was a contributing cause to his recent DVT with their expert reports. Granting their amended motion to extend the Court's discovery deadline to take additional depositions of Plaintiff's treating doctors is not proportional discovery and would prejudice Plaintiff. It is important to keep this case on schedule so all deadlines need not be extended.

WHEREFORE, Plaintiff David McDermitt respectfully requests the Court deny the Cook Defendants Amended Motion to Conduct Certain Discovery Beyond the Fact Discovery Deadline.


Dated:  December 18, 2019                    Respectfully submitted,

                                             */s/ Stuart L. Goldenberg*
                                             Stuart L. Goldenberg (#158719)
                                             GOLDENBERGLAW, PLLC
                                             800 LaSalle Avenue, Suite 2150
                                             Minneapolis, MN 55402
                                             Telephone: (612) 333-4662
                                             Facsimile: (612) 367-8107
                                             slgoldenberg@goldenberglaw.com

4

*Counsel for Plaintiff.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2019, a copy of the foregoing was served via email

and U.S. Mail to the following:

Jessica Benson Cox
Andrea Roberts Pierson
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Jessica.Cox@FaegreBD.com
Eric.Friedman@FaegreBD.com

*/s/ Luc Mainguy*