# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: WATSON FENTANYL PATCH LITIGATION | ) Case No. 12-cv-06296 <br> ) <br> ) MDL No. 2372 <br> ) <br> ) Judge Matthew F. Kennelly <br> ) <br> ) This Document Relates To: <br> ) All Cases <br> ) |

**JOINT STATUS REPORT**

NOW COME Lead Counsel for plaintiffs in MDL 2372; Lead Counsel for defendants in MDL 2372; Nathan Van Der Veer and Ike Gulas (plaintiff's counsel in *Rebecca Ross, et al. v. Watson Pharmaceuticals, Inc., et al*, Case No. 1:12-cv-06878); Stephen Stipelcovich (plaintiff's counsel in *Jeanne Samanie, et al. v. Watson Pharmaceuticals, Inc., et al*, Case No. 1:12-cv-09898); and Charles Brower (plaintiff's counsel in *Landry v. Watson Pharmaceuticals, Inc., et al.*)[1] and hereby file the following Joint Status Report in preparation for the upcoming status conference to be held with the Court in MDL 2372 on April 23, 2013.

**I.    Settlement Of HOP Cases**

    A.    HOP Cases already filed in MDL 2374

In MDL 2372, there are six (6) cases in which plaintiffs are represented by Michael Heygood of Heygood, Orr & Pearson (the "HOP cases") that are still pending and have not yet been dismissed. The status of those cases are as follows:

    1.    *Taraborelli v. Watson* – Cause No. 1:12-cv-06302; USDC District of Arizona:

---

[1] The *Landry* case has not been assigned a case number in MDL 2372.

- In this case, the sole beneficiary (decedent's widower) had been declared incompetent and co-guardians had been appointed over his affairs. During the settlement approval hearing, unbeknownst to the attorneys involved, the court overseeing the guardianship wanted to speak not only to the co-guardians but also Mr. Taraborelli, the incompetent widower. As a result, a new hearing has been set for May 10, 2013, to obtain final court approval, and plaintiffs anticipate final court approval at that time.

2. *Schrager v. Watson* – Cause No. 1:12-cv-06302; USDC Southern District of Florida:

- Probate Court approval of this case is required in Florida. The parties anticipate that such approval will be completed by mid-May 2013.

3 & 4. *Brooks v. Watson* – Cause No. 1:12-cv-06879; USDC Western District of New York and *Orwig-Reihl v. Watson* – Cause No. 1:12-cv-06309; USDC Southern District of New York:

- These two cases were transferred to this court from federal district courts in New York. Pursuant to the terms of the court order appointing the representatives of the Estate to pursue each of these claims, it requires the approval of the court before settlement can be finalized. Counsel for the parties have discussed this matter at length and it is anticipated that a motion for approval in each of these two cases will be filed in this court within the next two weeks. The parties respectfully ask the court for a date in late May or early June that the Court has available to conduct remaining settlement approval hearings, at which time these two matters will be submitted to the Court for settlement approval.

5. *Borowicz v. Watson* – Cause No. 1:12-cv-06312; USDC Southern District of Ohio:

- Probate Court approval of this case is required in Ohio. The parties anticipate that such approval will be completed in June 2013.

2

For the above five cases, the parties do not anticipate the Court needing to get further involved until Stipulations of Dismissal have been filed – which the parties anticipate will occur within the next sixty (60) days.

6. *Bowers v. Watson* – Cause No. 1:12-cv-06316; USDC Western District of Oklahoma

- This case requires court approval of this court. Because of the unique family situation (the minor's guardian is his great grandparents), this case has taken a little more time to finalize. Plaintiffs anticipate presenting a motion for approval to this court within the next two weeks. The parties respectfully ask the court for a date in late May or early June that the Court has available to conduct remaining settlement approval hearings, at which time this matter will be submitted to the Court for settlement approval.

B. <u>HOP Cases not currently filed in MDL</u>

There are a few claims (less than 5) where formal lawsuits had not yet been filed before a settlement was reached although, for various reasons, the settlement still requires court approval (i.e. the claims settled before the lawsuit was filed and transferred to the MDL but still need court approval of the proposed settlement). Since these cases are unfiled, counsel for the parties to the settlements have been discussing where these court approvals should take place. These discussions are still ongoing. However, the parties have agreed that, in certain cases, assuming such is acceptable with this Court, a new lawsuit will be filed in the Northern District of Illinois and, upon transfer to Judge Kennelly, motions for approval of those settlements and corresponding papers will be filed with this Court. For any of the unfiled cases that may fall in this category, the parties anticipate having such unfiled cases filed in the Northern District of Illinois within the next 2 weeks.

3

**II.     MDL 2372 Going Forward**

    A.     <u>Sharing of Documents and Protective Order</u>

Plaintiff's counsel in the *Ross* case desires that Heygood, Orr & Pearson provide them with certain information Heygood, Orr & Pearson has obtained via discovery in fentanyl patch litigation against the Watson Defendants, including documents that Heygood, Orr & Pearson obtained from the Watson Defendants pursuant to confidentiality agreements, discovery agreements, and protective orders, and that have been identified and marked confidential. As such, plaintiffs' counsel believes there is a need for entry of Orders that would allow Heygood, Orr & Pearson to share that information with counsel in the remaining cases, if those plaintiffs' counsel elect to obtain that information. Therefore, counsel for plaintiffs collectively request that the Court enter two separate Orders, a Protective Order and a Sharing Order, that will permit Heygood, Orr & Pearson to supply the Watson Documents to counsel for plaintiffs in the *Ross*, *Samanie*, and *Landry* cases pursuant to a Protective Order applicable to those cases. Those two proposed orders are attached hereto as Exhibits A and B.

Defendants are in agreement with the entry of the proposed Protective Order attached as Exhibit A. Defendants do not believe a Sharing Order permitting Heygood, Orr & Pearson to disseminate documents to plaintiffs' counsel in the remaining three cases is necessary. Watson Defendants prefer that Lead counsel for defendants and counsel for plaintiffs *in Ross, Samanie*, and *Landry* negotiate the production of documents from the Watson Defendants among themselves. That would likely be more efficient for plaintiffs in the remaining cases, who may neither want nor want to pay for the number of documents in the HOP set. Moreover, if that is the situation, then the Watson Defendants will likely need to be involved in document discovery regardless of whether the proposed Sharing Order, or an order like it, is entered in MDL 2372.

4

However, if the Court is inclined to enter a Sharing Order that permits Heygood, Orr & Pearson to supply the Watson Documents to only counsel for plaintiffs in the *Ross*, *Samanie*, and *Landry* cases, the Watson Defendants have no objection to the proposed Sharing Order attached as Exhibit B, and would request that the Court enter it as submitted.

B. <u>Designation of Plaintiffs' Lead Counsel</u>

Plaintiffs' Lead Counsel, defendants Lead Counsel and all attorneys representing plaintiffs in the three cases that currently remain pending in MDL 2372 ("Interested Counsel") are in agreement that Michael Heygood and the firm of Heygood, Orr & Pearson should be removed as Lead Plaintiffs' Counsel for MDL 2372, and that James Orr, Charles Miller and David Pitcher should be removed as Alternative Lead Plaintiff's Counsel for MDL 2372.

Because (1) there are only three cases that will remain pending in MDL 2372 after the HOP settled cases have been dismissed (1 death case and 2 non-death cases); (2) each of these cases are in markedly different postures (e.g. alleged injuries, discovery completed, settlement demand made); and (3) defendants Lead Counsel does not anticipate the additional filing of a significant number of additional cases in MDL 2372, all Interested Counsel jointly request that the Court not appoint new Lead Plaintiffs' Counsel and Alternative Lead Plaintiffs' Counsel with responsibilities concerning all three cases. Rather, Interested Counsel requests that the Court instead allow each of the counsel representing the plaintiffs in the remaining three cases to handle their own cases. A proposed order regarding the de-designation of Lead Plaintiffs' Counsel, as set forth above, is attached as Exhibit C.

C. <u>Proposed Scheduling Order</u>

Counsel for plaintiffs in the *Ross*, *Samanie*, and *Landry* matters and counsel for the Watson Defendants have conferred and attached as Exhibit D is a proposed uniform Scheduling

5

Order for entry with respect to the conduct of discovery in the *Ross*, *Samanie*, and *Landry* cases. The parties have prepared and agreed upon the attached proposed Scheduling Order with the understanding that the parties intend to make efforts to resolve these matters via settlement at the outset, and that the proposed Scheduling Order is appropriate for the conduct of discovery in the remaining cases in the event those efforts do not result in resolution of the cases in the near term.

        D.      <u>Status of Efforts to Resolve Remaining Cases</u>

Plaintiff's counsel in the *Ross* case has made a demand. To date, no response has been forthcoming from the Watson Defendants because, in the wake of the resolution of the many HOP cases, Watson Defendants and its carriers are still working to determine where each case falls in Defendants' insurance coverage and to position the remaining matters for potential negotiated resolutions. Nevertheless, a mediation of the *Ross* case has been scheduled for July 9, 2013, and the Watson Defendants will endeavor to respond to plaintiff's opening demand in the *Ross* case by June 25, 2013.

No demands have been made in the *Samanie* or *Landry* cases.

6

Respectfully submitted,

| | |
|---|---|
| /s/ *Michael E. Heygood* | /s/ *Stephen S. Stipelcovich* |
| Michael E. Heygood | Stephen S. Stipelcovich |
| James Orr | Law Offices of Michael J. Samanie |
| Charles W. Miller | 7836 Park Avenue |
| David E. Pitcher | Houma, LA 70364 |
| Heygood, Orr & Pearson | (985) 868-8223 |
| 2331 W. Northwest Highway | (985) 868-2284 FAX |
| Second Floor | |
| Dallas, Texas 75220 | |
| (214) 237-9001 | ***Counsel for Plaintiff in*** |
| (214) 237-9002 FAX | ***Jeanne Samanie, et al. v. Watson*** |
| michael@hop-law.com | ***Pharmaceuticals, Inc., et al*** |
| jim@hop-law.com | |
| charles@hop-law.com | |
| david@hop-law.com | |

***Lead Counsel for Plaintiffs***

| | |
|---|---|
| /s/ *Charles H. Brower* | /s/ *Nathan C. Van DerVeer* |
| Charles H. Brower | Richard A. Freese |
| 900 Fort Street, #1210 | Natahn C. Van DerVeer |
| Honolulu, HI 96813 | 2031 2nd Avenue North |
| (808) 526-2688 | Birmingham, AL 35203 |
| (808) 526-0307 FAX | |
| honlaw@lava.net | Theodore A. Gulas |
| | The Gulas Law Firm, PC |
| ***Counsel for Plaintiff in*** | 2031 2nd Avenue North |
| ***Eugene Landry v. Watson Pharmaceuticals,*** | Birmingham, AL 35203 |
| ***Inc., et al.*** | |
| | ***Counsel for Plaintiff in*** |
| | ***Rebecca Ross, et al. v. Watson*** |
| | ***Pharmaceuticals, Inc., et al*** |

7

/s/ *Jeffrey D. Geoppinger*
Joseph P. Thomas (ID# 0040379)
Jeffrey F. Peck (ID# 0007943)
K.C. Green (ID # 0005435)
Jeffrey D. Geoppinger (ID# 0073908)
Ulmer & Berne LLP
Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jpeck@ulmer.com
kcgreen@ulmer.com
jgeoppinger@ulmer.com

***Lead Counsel for Defendants Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., a Nevada corporation, Watson Laboratories, Inc. a Delaware corporation, and Watson Pharma, Inc.***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record registered with the Court's CM/ECF system.

/s/ *Jeffrey D. Geoppinger*

8