# **EXHIBIT C**

```
                SOUTHERN DISTRICT OF INDIANA
                   INDIANAPOLIS DIVISION
                UNITED STATES DISTRICT COURT
```

IN RE: COOK MEDICAL, INC.,      )
IVC FILTERS MARKETING, SALES    ) Cause No.
PRACTICES AND LIABILITY,        ) 1:14-ML-2570-RLY-TAB
LITIGATION                      ) Evansville, Indiana
                                ) **May 2,** 2018
                                ) 11:28 a.m.
                                )

**Before the Honorable
RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE

**For Plaintiffs:**              Ben C. Martin, Esq.
                                 LAW OFFICES OF BEN C. MARTIN
                                 3710 Rawlins St., Suite 1230
                                 Dallas, TX  75219

                                 Joseph N. Williams, Esq.
                                 RILEY WILLIAMS & PIATT, LLC
                                 301 Massachusetts Avenue
                                 Indianapolis, IN  46204

                                 Michael W. Heaviside, Esq.
                                 HEAVISIDE REED ZAIC
                                 910 17th Street NW, Suite 800
                                 Washington, D.C.  20006

```
For Defendants:          Andrea Roberts Pierson, Esq.
                         FAEGRE BAKER DANIELS LLP
                         300 N. Meridian St., Suite 2700
                         Indianapolis, IN  46204


                         J. Stephen Bennett, Esq.
                         FAEGRE BAKER & DANIELS LLP
                         110 W. Berry Street, Suite 2400
                         Fort Wayne IN  46802




Court Reporter:          Margaret A. Techert
                         United States District Court
                         101 NW Martin Luther King Blvd.
                         Evansville, Indiana  47708
```

1   motion for protective order regarding general discovery.  What
2   your position is, in my perusal of the papers early this
3   morning here, is that this is -- this has been the train has
4   left the station on this a long time ago regarding discovery.
5              MS. PIERSON:  Your Honor, you may recall when I
6   first became involved in this MDL, company discovery had been
7   going on for a year and a half at that point in time, and
8   there was a hearing that we had in Indianapolis where Mr. King
9   said:  We just need to know what's the cut-off for company
10  discovery as to the products in this litigation.  And there
11  was a long list of grievances that Mr. Martin had with Cook
12  about things that Cook had not produced, and you told the
13  plaintiffs essentially:  Send them a list of what your
14  grievances are and Cook, you take care of that list.  We did.
15  That was back in 2016 and early 2017.
16             It's our position from that point on that company
17  discovery was closed, and we had this issue come up in the
18  Hill case and made the argument then company discovery is
19  closed.  We produced millions of pages of documents.  We spent
20  so much time and money letting the plaintiffs discover
21  everything they wanted to discover about these products, but
22  we ought not be responding to new things.  The issue in that
23  motion is again, we're asking Your Honor to make clear company
24  discovery was closed a long time ago.  We're not going back
25  and redoing that.  But the parties have fully briefed the

1  issue and we stand on our papers and are prepared for you to
2  rule whenever you're prepared to rule.
3              THE COURT:  On the other item going back,
4  Ms. Pierson, these cases -- litigation has been going on for
5  quite some time, you want to assert an additional 20
6  defenses -- affirmative defenses?
7              MS. PIERSON:  Thank you, Your Honor.  There's some
8  debate about what needs to be pled and what doesn't need to be
9  pled in terms of an affirmative defense.  Most of the things
10 that we've asked to add to that are not things that are listed
11 under the rule as affirmative defenses.  I consider them
12 additional defenses and I think it's a good idea to put each
13 other on notice of claims and additional defenses, but many of
14 those we're not obligated to raise.  We can just argue them at
15 the time of the individual cases.
16             But we have asked to amend the answer to conform to
17 what we know are the issues in these cases.
18             THE COURT:  Are you just finding this out now?
19             MS. PIERSON:  No, Your Honor.  The motion has been
20 pending for quite awhile but the -- once we got through the
21 Hill trial, certainly nothing that we did would affect the
22 Hill trial and we were late enough in the game, in looking at
23 the master answer, that we wouldn't have sought to amend it in
24 the midst of the Hill trial.  But once we got out of the Hill
25 trial, then we brought this issue to the Court's attention.

```
 1              MR. WILLIAMS:  Thank you, Your Honor.

 2              THE COURT:  Safe travels, everyone.

 3              MR. WILLIAMS:  Thank you, Your Honor.

 4              MS. PIERSON:  Thank you.

 5              THE CLERK:  All rise.  Court is adjourned.

 6          (Proceedings concluded at 12:28 p.m.)

 7   **********************************************************

 8               CERTIFICATE OF COURT REPORTER

 9

10      I, Margaret A. Techert, hereby certify that the

11   foregoing is a true and correct transcript from

12   reported proceedings in the above-entitled matter.

13

14

15

16   /S/ Margaret A. Techert                    May 11, 2018
     MARGARET A. TECHERT
17   Official Court Reporter
     Southern District of Indiana
18   Evansville Division
```