# **EXHIBIT C**

```
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION
                    UNITED STATES DISTRICT COURT


IN RE: COOK MEDICAL, INC.,        )
IVC FILTERS MARKETING, SALES      ) Cause No.
PRACTICES AND LIABILITY,          ) 1:14-ML-2570-RLY-TAB
LITIGATION                        ) Evansville, Indiana
                                  ) May 2, 2018
                                  ) 11:28 a.m.
                                  )
```

**Before the Honorable**
**RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE


**For Plaintiffs:**              Ben C. Martin, Esq.
                                 LAW OFFICES OF BEN C. MARTIN
                                 3710 Rawlins St., Suite 1230
                                 Dallas, TX  75219


                                 Joseph N. Williams, Esq.
                                 RILEY WILLIAMS & PIATT, LLC
                                 301 Massachusetts Avenue
                                 Indianapolis, IN  46204


                                 Michael W. Heaviside, Esq.
                                 HEAVISIDE REED ZAIC
                                 910 17th Street NW, Suite 800
                                 Washington, D.C.  20006

```
For Defendants:           Andrea Roberts Pierson, Esq.
                          FAEGRE BAKER DANIELS LLP
                          300 N. Meridian St., Suite 2700
                          Indianapolis, IN  46204


                          J. Stephen Bennett, Esq.
                          FAEGRE BAKER & DANIELS LLP
                          110 W. Berry Street, Suite 2400
                          Fort Wayne IN  46802




Court Reporter:           Margaret A. Techert
                          United States District Court
                          101 NW Martin Luther King Blvd.
                          Evansville, Indiana  47708
```

1  motion for protective order regarding general discovery.  What
2  your position is, in my perusal of the papers early this
3  morning here, is that this is -- this has been the train has
4  left the station on this a long time ago regarding discovery.
5              MS. PIERSON:  Your Honor, you may recall when I
6  first became involved in this MDL, company discovery had been
7  going on for a year and a half at that point in time, and
8  there was a hearing that we had in Indianapolis where Mr. King
9  said:  We just need to know what's the cut-off for company
10 discovery as to the products in this litigation.  And there
11 was a long list of grievances that Mr. Martin had with Cook
12 about things that Cook had not produced, and you told the
13 plaintiffs essentially:  Send them a list of what your
14 grievances are and Cook, you take care of that list.  We did.
15 That was back in 2016 and early 2017.
16             It's our position from that point on that company
17 discovery was closed, and we had this issue come up in the
18 Hill case and made the argument then company discovery is
19 closed.  We produced millions of pages of documents.  We spent
20 so much time and money letting the plaintiffs discover
21 everything they wanted to discover about these products, but
22 we ought not be responding to new things.  The issue in that
23 motion is again, we're asking Your Honor to make clear company
24 discovery was closed a long time ago.  We're not going back
25 and redoing that.  But the parties have fully briefed the

```
 1  issue and we stand on our papers and are prepared for you to
 2  rule whenever you're prepared to rule.
 3           THE COURT:  On the other item going back,
 4  Ms. Pierson, these cases -- litigation has been going on for
 5  quite some time, you want to assert an additional 20
 6  defenses -- affirmative defenses?
 7           MS. PIERSON:  Thank you, Your Honor.  There's some
 8  debate about what needs to be pled and what doesn't need to be
 9  pled in terms of an affirmative defense.  Most of the things
10  that we've asked to add to that are not things that are listed
11  under the rule as affirmative defenses.  I consider them
12  additional defenses and I think it's a good idea to put each
13  other on notice of claims and additional defenses, but many of
14  those we're not obligated to raise.  We can just argue them at
15  the time of the individual cases.
16           But we have asked to amend the answer to conform to
17  what we know are the issues in these cases.
18           THE COURT:  Are you just finding this out now?
19           MS. PIERSON:  No, Your Honor.  The motion has been
20  pending for quite awhile but the -- once we got through the
21  Hill trial, certainly nothing that we did would affect the
22  Hill trial and we were late enough in the game, in looking at
23  the master answer, that we wouldn't have sought to amend it in
24  the midst of the Hill trial.  But once we got out of the Hill
25  trial, then we brought this issue to the Court's attention.
```

```
1              MR. WILLIAMS:  Thank you, Your Honor.
2              THE COURT:  Safe travels, everyone.
3              MR. WILLIAMS:  Thank you, Your Honor.
4              MS. PIERSON:  Thank you.
5              THE CLERK:  All rise.  Court is adjourned.
6           (Proceedings concluded at 12:28 p.m.)
7   **********************************************************
8                   CERTIFICATE OF COURT REPORTER
9
10       I, Margaret A. Techert, hereby certify that the
11  foregoing is a true and correct transcript from
12  reported proceedings in the above-entitled matter.
13
14
15
16  /S/ Margaret A. Techert                      May 11, 2018
    MARGARET A. TECHERT
17  Official Court Reporter
    Southern District of Indiana
18  Evansville Division
19
20
21
22
23
24
25
```