UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTER MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

    KEVIN HAMBLIN
    1:19-cv-03144

**PLAINTIFF'S MOTION FOR RECONSIDERATON OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROVIDE <u>PLAINTIFF PROFILE SHEETS</u>**

Plaintiff Kevin Hamblin ("Plaintiff"), by and through his counsel of record, respectfully files this Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Sheets ("PPS") under Federal Rule of Civil Procedure 59(e) and 60(b) and requests the Court reconsider the order dismissing Plaintiff's case [Documents Nos. 12592 and 10]. Plaintiff asks the Court to grant the Motion and reinstate his case in the MDL for the reasons set forth herein. In support of this Motion, the Plaintiff states:

    1)    Mr. Hamblin was implanted with a Cook Celect filter in Florida.

    2)    Plaintiff filed his Short Form Complaint ("SFC") on July 26, 2019.

    3)    Plaintiff's counsel has been trying to contact Mr. Hamblin regarding completion of the PPS form ever since the complaint was filed but was not able to get a response using the known methods of contact including telephone calls and emails.

    4)    Defendants' filed their Motion to Dismiss [Document No. 12273] on October 29, 2019.

1

5) As of November 12, 2019, the undersigned counsel had not been able to contact Mr. Hamblin and was not able to complete the PPS.

6) The Court entered its Order on the Cook Defendants' Amended Motion to Dismiss [Document 12592], on December 12, 2019, dismissing Plaintiff's case for failure to produce a PPS without reference as to whether the dismissal was with or without prejudice.

7) Plaintiff's counsel continued to reach out to Mr. Hamblin even after the order was entered. On January 15, 2020, Plaintiff's counsel was contacted by Eva, Mr. Hamblin's girlfriend. She explained that Mr. Hamblin has a heart condition and has been in very poor health for over a year. She reported that Mr. Hamblin's treatment makes it difficult for him to speak or handle his affairs. Eva also explained that during his illness, Mr. Hamblin's phone number changed several times which is why it had been difficult for Plaintiff.[1]

8) At this time, the Plaintiff's sole purpose in requesting reinstatement is to have the opportunity to enter a stipulation of dismissal of all claims which removes any doubt as to whether the case was dismissed without prejudice. Plaintiff's proposed stipulation of dismissal includes the following condition, if the case is subsequently refiled, it must be filed in the Southern District of Indiana or the dismissal will revert to a dismissal with prejudice. ( See, Exhibit "A").

---

[1] As a precaution Plaintiff's counsel immediately forwarded to Plaintiff, via FedEx Express, a copy of the PPS, along with the medical authorizations in the event the Court were to reinstate the case and Plaintiff's request to dismiss without prejudice were to be denied.

9) Mr. Hamblin's case is not set for trial and has not been included in the Bellwether selection process. Granting reinstatement would not delay the progress of the MDL nor would it prejudice the Defendant.

10) When balancing harm to the parties, the potential dismissal of Plaintiff's claims with prejudice far outweighs any possible prejudice caused to the Defendants by the delay in receipt of the PFS form in this specific case.

WHEREFORE, based on the forgoing, Plaintiff respectfully moves this Court to vacate its order granting dismissal, reinstate the case in MDL 2570 and grant dismissal without prejudice subject to the terms presented in the proposed stipulation.

**Respectfully submitted,**

Dated: January 16, 2020

*/s/ Ben C. Martin*
Ben C. Martin, Bar No. 13052400
**Martin Baughman, PLLC**
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

*Attorney for Plaintiff*

**CERTIFICATE OF CONFERENCE**

      I hereby certify that on January 16, 2020, I spoke with Blake Angelino, an attorney for the Defendants regarding Plaintiff's Motion and the requested remedy of reinstating the case for the purpose of entering a Stipulation of Dismissal Without Prejudice. Understandably, Mr. Angelino stated he need to confer with his colleagues regarding the Plaintiff's motion. As of the time of the filing of this motion, Plaintiff's counsel had not yet had response from Bards' counsel. Under the circumstances, and given the time sensitive nature of the motion, Plaintiff files this request and states that as of this time the motion is in dispute and will require resolution by the Court.

                                                          */s/ Thomas Wm. Arbon*
                                                          Thomas Wm. Arbon

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 16, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                          */s/ Thomas Wm. Arbon*
                                                          Thomas Wm. Arbon