IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to Plaintiff:

*Tonya Brand*
1:14-cv-06018-RLY-TAB

## Plaintiff Tonya Brand's Motion to Reconsider Order Granting New Trial

In the interest of efficiently advancing this MDL, Plaintiff Tonya Brand respectfully requests the Court reconsider its Order granting Cook's motion for a new trial [Filing No. 12632]:

1.      The Court recently vacated the jury's verdict and ordered a new trial. [Filing No. 12632.] While the order is not immediately appealable and likely does not meet the interlocutory appeal standard, this Court has the inherent power to revisit its decision and reinstate the verdict. *Kapco Mfg. Co. v. C & O Enters., Inc.*, 773 F.2d 151, 154 (7th Cir. 1985).

2.      Absent reinstatement of the verdict, Brand must wait until her case is tried a second time to appeal the Court's decision. *See Juneau Square Corp. v. First Wis. Nat'l Bank*, 624 F.2d 798, 806 (7th Cir. 1980) (holding, "after a new trial and entry of final judgment an appellate court may review the new trial order and, where appropriate, reinstate the original verdict.")

3.    Maintaining the status quo will guarantee another lengthy trial, eating up another month of this Court's already overburdened calendar, 1,000s of hours of attorney time, and hundreds of thousands of dollars in trial expenses. Additionally, Brand would not receive a new trial until at least summer 2021 given the bellwether schedule — 8 years after filing her complaint.

4.    Reinstating the jury's verdict and allowing an immediate appeal will provide real efficiency for this MDL:

    a.    **First,** the appeal could proceed alongside the three bellwether trials given Brand's second trial couldn't go forward until mid-next year anyhow;

    b.    **Second,** if the appeal proceeds now, it would likely be concluded before a second trial could even take place, either (1) eliminating a second trial if the verdict is affirmed; or, (2) guiding everyone through a host of issues likely to permeate every trial going forward (e.g., the admissibility of PX1913, clarifying what evidence is probative of risk-utility, determining viability of failure to warn claims, etc.). [1]

5.    There is no prejudice in reinstating the verdict and allowing an immediate appeal. If PX1913 was erroneously admitted, the Circuit Court will tell us and we will be in the same position, i.e., trying Brand's case a second time in 2021.

---

[1] Brand believes the Circuit would not find error in the Court's decision to admit PX1913 at trial. For example, the Court's order granting a new trial mistakenly found no substantial similarity because Brand did not suffer a "hemorrhage of any kind." [Filing No. 12632, at ECF p. 93030.] Cook's expert Dr. Gillespie testified Brand **did** suffer a hemorrhage. (Tr., p. 3386:19-24.]

But if the Court was correct in admitting PX1913, then we will have saved everyone the time and considerable expense of a second trial.

6.     If Cook was right, an immediate appeal it will achieve precisely the same relief this Court recently granted: a new trial. If Cook was wrong, however, we will have saved enormous resources.

**Wherefore,** Plaintiff Tonya Brand, by counsel, respectfully requests the Court reconsider its decision granting a new trial, reinstate the verdict and judgment, and grant all further just and appropriate relief in the premises.

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:        jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs Steering
Committee and on behalf of Plaintiffs
Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614

Facsimile: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

I hereby certify that on January 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

/s/ *Joseph N. Williams*
Joseph N. Williams