IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to the Following Actions:

Stephens v. Cook Incorporated et al., Case Number 1:19-cv-510

### PLAINTIFF'S RULE 60(B)(1), FED. R. CIV. P., MOTION TO SET ASIDE ORDER OF DISMISSAL

Comes now the Plaintiff, Kristin Leigh Stephens, and moves the Court pursuant to Rule 60(b)(1), Fed. R. CIV. P., to set aside the Court's order (Dkt. 11419) entered on July 23, 2019, dismissing her case for failure to timely file a case categorization form. In support of this motion, Plaintiff states as follows:

1. On May 7, 2019, the Court entered the Revised Second Amended Order Regarding Case Categorization Forms (Dkt. 10617) ("Categorization Form Order"). It ordered all plaintiffs that filed their case prior to May 3, 2019, that had not submitted a Case Categorization Form and specific medical records in support, to do so within 15 days.

2.      The paralegal and associate attorney at Plaintiff's Counsel's firm who were assigned the task of reviewing, calendaring and following up on court orders did not do so with regard to this order.  The order was neither calendared on the firm's calendar nor was the case categorization form filed, resulting in the dismissal of Plaintiff's action, without prejudice.

3.      The paralegal and associate attorney referred to in the previous paragraph recently left Plaintiff's Counsel's firm.  A detailed review of all cases they worked on was undertaken by the undersigned.[1]  This review uncovered the neglect of these former employees of the firm.  This motion is being filed within two weeks after the discovery of the neglect resulting in the dismissal of the case.

4.      Rule 60(b)(1), Fed. R. Civ. P., provides:

> **(b)  Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect; . . .

5.      Prior to the decision of the United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993), the Seventh Circuit Court of Appeals held that attorney

---

[1] The undersigned immediately started tracking all emails from the Court after the employees left the firm.  However, this was after the action had been dismissed, so the previous order was not found immediately.

negligence could not be considered "excusable neglect". *Robb v. Norfolk & Western Ry.,* 122 F. 3d 354, 355-56 (7th Circuit 1997). As a result of the *Pioneer* decision, the *Robb* decision held that "it is clear that a trial court has *discretion* to consider the equities and then determine whether a missed fling deadline attributable to an attorney's negligence is (or is not) 'excusable neglect.'" *Id.* at 359.

6. A determination of "excusable neglect" is an equitable one, taking into account <u>all the relevant circumstances</u> surrounding the parties omission. *Id.* This can include "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith." *Id.* Importantly, "excusable neglect is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Pioneer*, 113 S. Ct. 1489 at 1496. "[E]xcusable neglect" could include "omissions through carelessness and mistake." *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir.1993). Furthermore, "it is "possible to show 'excusable neglect,'...without identifying any 'extraordinary' circumstance". *Matter of Singson*, 41 F.3d 316 (7th Cir. 1994).

7. Plaintiff's motion is timely since it is being filed within one year from the date of the order sought to be set aside and within a couple of weeks of the time the mistake was discovered.

8. The undersigned has diligently worked on this case since the paralegal and attorney assigned to it left the firm. The defendant should not suffer any unreasonable prejudice from reinstating this case considering the number of cases in this multidistrict litigation and the type of form that was not timely filed. The case categorization form was sent to the appropriate entities earlier today.

9. Finally, since the court's order of dismissal was without prejudice and the statute of limitations has not run on Plaintiff's action, Plaintiff would be able to re-file her case. Plaintiff submits that re-filing this action would cause more effort and trouble to the defendant than setting aside the order of dismissal.

Based on the foregoing, Plaintiff respectfully moves the Court to set aside the order of dismissal of her case.

Respectfully submitted this 30th day of December 2019.

/s/ Lloyd W. Gathings
Lloyd W. Gathings
Gathings Law
2140 11th Ave S., Suite 210,
Birmingham, AL, 35205
Telephone: 205-322-1201
Fax: 205-322-1202
lgathings@gathingslaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 30, 2019 , a copy of the foregoing Plaintiff's rule 60(b)(1) Fed. R. CV. P. was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co-Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

      /s/ Lloyd W. Gathings