# EXHIBIT A

```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF INDIANA
                    INDIANAPOLIS DIVISION


IN RE: COOK MEDICAL, INC.,        )
IVC FILTERS MARKETING, SALES      ) Cause No.
PRACTICES AND LIABILITY,          ) 1:14-ML-2570-RLY-TAB
LITIGATION                        ) Indianapolis, Indiana
                                  ) October 25, 2019
                                  ) 10:09 a.m.
                                  )
```

**Before the Honorable
RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE

**For Plaintiffs:**

Ben C. Martin, Esq.
Law Offices of Ben C. Martin
3710 Rawlins Street, Suite 1230
Dallas, TX   75219


Joseph N. Williams, Esq.
Riley Williams & Piatt, LLC
301 Massachusetts Ave.
Indianapolis, IN 46204


Michael W. Heaviside, Esq.
Heaviside Reed Zaic
910 17th Street NW, Suite 800
Washington, D.C.   20006

```
 1
     For Defendants:              Andrea Roberts Pierson, Esq.
 2                                Jessica Benson Cox, Esq.
                                  Eldin Hasic, Esq.
 3                                Faegre Baker Daniels, LLP
                                  300 N. Meridian St., Suite 2700
 4                                Indianapolis, IN  46204

 5

 6   Court Reporter:              Margaret A. Techert
                                  United States District Court
 7                                101 NW Martin Luther King Blvd.
                                  Evansville, Indiana  47708
 8

 9           PROCEEDINGS TAKEN BY MACHINE SHORTHAND
          TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  that in his order.
2          They still cite the *Yasmin* case that says the better
3  approach is to treat foreign and direct filed cases as if they
4  had been transferred. And they say: Well, Judge, that was a
5  mistake. But on March 27, 2017, they filed a brief in support
6  of a motion for judgment on the pleadings based upon the
7  statute of repose and this was on six cases. I call it the
8  Sales-Orr motion because that's the first named Plaintiff.
9          What they say in that brief, Your Honor, is:
10 However, where a case based on diversity is part of an MDL and
11 is directly filed in the MDL forum as the result of a direct
12 filing order, as occurred in the six cases here, courts have
13 found that the better approach is to treat foreign direct
14 filed cases as if they were transferred from a judicial
15 district sitting in the state where the case originated.
16         So not only did we have an agreement that Judge
17 Baker approved, Cook's lawyers said in a brief that there was
18 a direct filing order. They recognized that and they said:
19 You apply the home law jurisdiction because these cases were
20 filed pursuant to a direct filing order.
21         And this wasn't prior counsel. This was Faegre
22 Baker Daniels who filed this. This was not a mistake.
23         THE COURT: The law of the case is there is no
24 direct filing order.
25         MR. WILLIAMS: Your Honor, if I may.

1    THE COURT: I mean, I've already ruled that.
2    MR. WILLIAMS: I'm just going to skip right ahead,
3 Your Honor. August 31, 2017, respectfully, Your Honor entered
4 an order on that statute of repose motion; and if you'll look
5 at the screen, Your Honor said, "This motion addresses those
6 Plaintiffs whose cases originated outside of this Court's
7 judicial district but were directly filed in this MDL forum
8 pursuant to the Court's direct filing order."
9    So back in 2017, this Court recognized that there
10 was a direct filing order. And when we asserted the Lexecon
11 rights of the MDL Plaintiffs, Cook changed positions and not
12 only did they change positions, they never told the Court that
13 not only had they said there was a direct filing order but
14 Your Honor analyzed that law and agreed with it.
15   And Your Honor didn't stop there. In Tab 5 I've got
16 Your Honor's order; and if you turn to Page 2, Your Honor has
17 a whole choice of law analysis. And on Page 3, you said, "The
18 specific issue raised in the present motion is whether the
19 Court should apply the choice of law rules of the MDL forum,
20 Indiana, or the choice of law rules of the state where the
21 case would have been brought had it not been part of the MDL."
22   You then note that the *Yasmin* court said that we
23 should treat these as if they had been transferred in. You
24 then state, "The Court adopts this approach."
25   You then conclude by saying, "As one of our sister

```
 1  place as the defendant.  If cases are filed there, there would
 2  not be proper venue but for a direct filing order.  So
 3  typically we see that as an element.
 4              Second.  The defendant has to expressly agree that
 5  it won't object to the filing based on improper venue through
 6  a direct filing order.
 7              Third.  The parties are stipulating, by virtue of a
 8  direct filing order, that the cases will be transferred to
 9  another district for trial pursuant to 1404(a) after the
10  pretrial proceedings are complete.
11              And fourth, the parties' stipulation that pretrial
12  litigation in an MDL court does not waive the right to seek
13  transfer under 1404(a) and objections to venue.
14              Most direct filing orders also address the concept
15  of choice of law.  The case to which the Plaintiffs point to
16  most, *Dobbs*, the direct filing order there addresses the
17  question of choice of law, and we included that in the
18  notebook.  And this -- this whole concept of direct filing
19  presents a real conundrum for courts because it's a fiction.
20              I mentioned to you back in June many times
21  defendants -- many times courts refuse to adopt a practice of
22  direct filing, and we saw that in the *NexGen* MDL with Judge
23  Pallmeyer.  Part of the authorities that I gave you back in
24  June note that the difficulty with direct filing in part is
25  the JPML has no idea how many cases are being collected and is
```

1  not able to monitor do the cases meet the terms of the
2  transfer order. That's one reason that a court might choose
3  not to approve a direct filing order.
4           So absent briefing and clear expressed words by both
5  parties and by the Court of the terms of a direct filing
6  order, you can't imply, as Mr. Williams suggests that you
7  should, the existence of a direct filing order in this case.
8  And those were your exact words from the bench back in June,
9  Judge. When Mr. Williams is making the same argument then --
10          THE COURT: Mr. Williams is indicating that Judge
11 Baker has already entered an order.
12          MS. PIERSON: There is no direct filing order.
13 There is no direct filing order.
14          THE COURT: Well, there either is or isn't.
15          MS. PIERSON: Judge, we argued this issue and
16 briefed it in May, June. July passed. August passed.
17 September passed.
18          THE COURT: I know that.
19          MS. PIERSON: Even today. If there were a direct
20 filing order, somebody would have handed it up to you by now.
21 And part of what we included in the notebook were clear
22 examples. I mean, this is what I showed you in June. This is
23 a direct order from Vioxx.
24          THE COURT: We spent a ton of time on this already,
25 and if there's an order in existence, I'd sure like to see it.

```
 1  I would think someone would present that to me.
 2              MS. PIERSON:  There's no order.  If the Plaintiffs
 3  could present it to you, they would.
 4              THE COURT:  What does CMO 5 say?
 5              MS. PIERSON:  I'm not sure, off the top of my head.
 6  Is that one of the ones that you have?  I don't recall which
 7  one it was.  Mr. Williams is correct that, for example, the
 8  short-form complaint uses the term "direct filed" in it; and
 9  you can find here or there references to direct file but
10  they're not a direct filing order.
11              And as I argued in June and mentioned today, this
12  terminology is very loosely used.  There must be an actual
13  order that this language refers back to that sets out the
14  rights that the parties are giving and waiving by virtue of a
15  direct filing order and that does not exist here.
16              There was never a time that there was a hearing
17  where someone discussed what would the terms of a direct
18  filing order be, what choice of law rules be preserved, or
19  would we apply the rules of the state in which the MDL court
20  sits.  There was never that kind of conversation.  It was
21  incumbent upon the PSC to bring you that order and to bring
22  you that kind of discussion and it simply didn't happen.
23              Mr. Williams makes the argument that we sort of
24  sandbagged the PSC in some way and that's simply not true.  I
25  remember standing in this Court before you, Judge, about a
```

1           MS. PIERSON: Your Honor, it is on the record; and
2    in our reply brief, we also noted these cases either had no
3    objection or simply didn't respond.
4           THE COURT: Okay.
5           MR. WILLIAMS: Pursuant to that, okay.
6           THE COURT: I'll go ahead and enter that today.
7           On the motion for summary judgment, I don't believe
8    that the Court has been misled -- intentionally misled by
9    either side throughout this entire litigation. Both sides
10   have been very complex litigation. Both sides have been very
11   professional and I believe direct and honest with the Court.
12   So if I had believed or at any time if I do believe I'm being
13   misled by either side, I'll let you know about that pretty
14   quickly and then we'll deal with that at that time. But
15   you're all very experienced lawyers, excellent reputations. I
16   have no fear, no expectation that the Court will be misled at
17   any time in this litigation.
18          Anytime you have litigation involving thousands of
19   cases like we do here in this MDL, there's going to be
20   confusion. Obviously with 12,000 docket entries, we're going
21   to have some confusion. Hard to believe but maybe the Court
22   might be confused at some point as well. You can point that
23   out when you believe I'm confused as well and I'm sure you
24   will.
25          So we'll take a look at that judicial estoppel here.

```
 1  I don't -- I'm going to preliminarily let you know I don't
 2  believe that that applies here.  And also, I'm going to
 3  preliminarily let you know that I believe that there's no
 4  direct filing order.  It is the law of the case at this time.
 5  Believe me, 6,000 cases directly filed on my docket, if we had
 6  a direct filing order, they would be remanded at some point in
 7  time, unless the case is resolved; but -- which would
 8  certainly be in my benefit.  But at this point preliminarily I
 9  don't find that there is a sufficient direct filing order in
10  this case.
11          So as I've said previously, cases filed originally
12  in this Court, there's no Lexecon issue to be presented
13  because it's not transferred from the panel.  So with that,
14  we'll let you go.  We'll try to get something out on this
15  quickly and we'll go from there.  Anything else today,
16  Ms. Pierson?
17          MS. PIERSON:  I don't think so, Your Honor.
18  Mr. Williams had suggested by email that we might want to talk
19  about the procedure for the next argument when -- the
20  individual hearings, when we have -- I think we'll have more
21  lawyers here then because we've got 109 cases and now our
22  job --
23          THE COURT:  I thought we agreed on something like
24  that.  That maybe we'd have a maximum of five lawyers here.
25          MS. PIERSON:  We did.
```