IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Tonya Brand, 1:15-cv-06018-RLY-TAB

**COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING NEW TRIAL**

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook") urge the Court to deny Plaintiff's Motion to Reconsider Ordering Granting New Trial (Dkt. 12679). The motion disregards the applicable legal standard, offers no factual support for reconsideration, improperly seeks to evade jurisdictional limitations on appeals, threatens Cook with severe prejudice Cook in the proposed appeal, and oversimplifies the relief it seeks.

**1.    Plaintiffs' motion does not meet the criteria for reconsideration.**

This Court has set a high bar for reconsideration of an order:

> A motion to reconsider serves "a limited purpose" and … is proper where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Likewise, the court may also grant such a motion where a "controlling or significant change in the law or facts" has arisen since the submission of the issue to the court. Problems such as these rarely arise, though, and "the motion to reconsider should be equally rare.

*Higgins v. Koch Development Corp.*, 2013 WL 12290826, at *1 (S.D. Ind. Nov. 25, 2013) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Plaintiff's motion meets none of these criteria. She does not claim that the Court "patently misunderstood" her arguments on Exhibit PX-1913, that the Court made a decision beyond the scope of the issues Cook raised in its new trial motion, or that there has been a "controlling or significant change in the law or the facts" since the Court's decision. *Id.* She does not argue that the Court has failed to apprehend some fact or proposition of law. *Compare Crawford v. Professional Transportation, Inc.*, 2017 WL 3535134, at *1 (S.D. Ind. Aug. 17, 2017) (holding reconsideration is appropriate when Court "has made an error … of apprehension"). Indeed, Plaintiff's motion does not even argue that the Court's grant of a new trial was ***wrong***.

Instead, Plaintiff argues only that reversal of its new-trial order would be ***expedient***. Plaintiff cites no decision that has ever reconsidered the grant of a new trial for the sole purpose of the losing party's convenience, and Cook does not believe that such a decision exists. Plaintiff has not met the standard for reconsideration.

**2.      Plaintiff seeks to avoid established jurisdictional requirements.**

Not only is Plaintiff's goal of expediency insufficient to justify reconsideration, the goal would undermine 28 U.S.C. section 1291. The purpose of section 1291's provision permitting appeals only from final judgments "is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). "The finality requirement of 28 U.S.C. § 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon*, 418 U.S. 683, 690 (1974); *see also Peterson v. Bhd. of Locomotive Firemen & Enginemen*, 268 F.2d 567, 569 (7th Cir. 1959) (noting section is intended "to eliminate the delay consequent upon needless interlocutory appeals"). "Restricting appellate review to 'final

decisions' prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).

Plaintiff admits that she cannot appeal the Court's new trial order in the current posture of the case because there is no final judgment that is appealable under section 1291. *See Galvan v. Norberg*, 678 F.3d 581, 586–87 (7th Cir. 2012) ("The grant of a new trial (in civil cases) is a non-final, non-appealable order."). Instead, Plaintiff seeks to artificially create a right to appeal. She asks the Court to arbitrarily reverse a soundly reasoned decision granting Cook a new trial and create a supposed "final judgment" that does not reflect either the Court's true conclusion or the true state of the factual record. Section 1291 is intended "to disallow appeal from any decision which is tentative, informal or incomplete." *Cohen*, 337 U.S. at 546. This Court has ruled that an evidentiary error requires this case to be retried, and any appeal at this point would thus necessarily be a interlocutory appeal in a case that the Court has ruled is not finished, no matter what procedural gymnastics Plaintiff might ask the Court to adopt. If the Court were to grant Plaintiff's motion here, then any grant of a new trial in any case could be made appealable by the same artificial means, and section 1291's limitation to final judgements would be meaningless.

### 3. Vacating the order granting a new trial to permit an immediate appeal would severely prejudice Cook.

Adoption of Plaintiff's proposed relief of "reinstating the verdict" would upend the standard of review on appeal and put Cook at a tremendous and unfair disadvantage.

In its new trial order, the Court ruled that (a) it had erred in admitting Exhibit PX-1913 and (b) that error had sufficiently prejudiced Cook to justify a new trial. These were

discretionary decisions by the Court, and the Court of Appeals will review both of these decisions applying the deferential "abuse of discretion" standard:

- The Seventh Circuit "review[s] the district court's evidentiary decisions for abuse of discretion and will reverse 'only where no reasonable person could take the view adopted by the trial court.'" *Clarett v. Roberts*, 657 F.3d 664, 669 (7th Cir. 2011) (quoting *United States v. L.E. Myers Co.*, 562 F.3d 845, 855 (7th Cir. 2009)). Moreover, because the judge who presides over the trial has the unique opportunity to see how evidence is used at trial and what effect it has on the jury, the appellate court affords the trial judge's rulings on evidence particular deference. *See, e.g., Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 634 (7th Cir. 2018) ("Because the trial judge is in a superior position to evaluate the impact of contested testimony or other evidence, we give special deference to the judge's evidentiary rulings.").

- An appellate court's review of a trial court's grant of a new trial motion is likewise "narrowly circumscribed" to reviewing for abuse of discretion. *Valbert v. Pass*, 866 F.2d 237, 239 (7th Cir. 1989). Again, appellate courts recognize that "[t]he district court, having seen the presentation of the evidence and observed the course of the trial, is in a unique position to rule on a new trial motion." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 424 (7th Cir. 2000) (quoting *Valbert*, 866 F.2d at 239); *Latino v. Kaizer*, 58 F.3d 310, 314 (7th Cir. 1995) ("[b]ecause the trial judge is uniquely situated to rule on such a motion, the district court has great discretion in determining whether to grant a new trial.").

This deferential standard of review means that granting Plaintiff's motion to reconsider (that is, reverse) the new trial order and "reinstate the verdict" to permit an immediate appeal would seriously prejudice Cook in the subsequent appeal. If Plaintiff were to appeal the ***existing*** new trial order following entry of judgment based on a second trial, the appellate court would defer to this Court's decisions to find Exhibit PX-1913 inadmissible and to grant the new trial motion, and Plaintiff would have to convince the appellate court that this Court abused its discretion in those rulings.

However, if the Court were to ***reverse*** its evidentiary ruling, vacate the new trial order, and reinstate the verdict, as Plaintiff proposes, that standard of review would be turned on its head. If Cook were to appeal from Plaintiff's proposed ***denial*** of the new-trial motion, the appellate court would still give deference to this Court's decisions, but the decisions would have

4

been reversed. In that situation, Cook would have to convince the appellate court that this Court abused its discretion both in admitting Exhibit PX-1913 and in denying the new trial motion. And noted above, a party that tries to overturn the denial of a motion for new trial faces a substantial and uphill battle. *See, e.g., Juneau Square Corp. v. First Wisconsin Nat. Bank of Milwaukee*, 624 F.2d 798, 806 (7th Cir. 1980) ("Appellate review of a new trial order … is exceedingly limited because of the broad discretion that trial judges possess in this area."). In sum, granting Plaintiff's motion would necessarily reverse the appellate posture and convert a nearly insurmountable appeal for Plaintiff into an equally difficult appeal for Cook, seriously and unjustifiably prejudicing Cook.[1]

In sum, Plaintiff's assertion that "there is no prejudice in reinstating the verdict" ignores the procedural posture of this case, and granting Plaintiff's motion would substantially prejudice Cook in multiple ways.

### 5. "Reinstating the verdict" would be substantially more complex than Plaintiff's motion suggests.

Finally, achieving the appealable judgment that Plaintiff's motion contemplates would not be the simple task that the Plaintiff's motion implies. The Court cannot simply "reinstate the verdict" and produce an appealable judgment. Beyond the necessary vacating of the existing order granting a new trial, the Court would need to issue an order expressly ***denying*** Cook's motion for new trial. *See* Fed. R. App. Proc. 4(a)(4)(v) (providing that time for appeal from

---

[1] Plaintiff's proposed vacation of the order granting a new trial would also impose other additional burdens and costs on Cook. If Plaintiff eventually appeals from the Court's present new-trial order following a judgment in a second trial, Cook will only need to defend the Court's decision that the admission of Exhibit PX-1913 was improper and unfairly prejudicial—a fairly simple task, given the Court's analysis. But if the Court were to vacate the new trial order and compel Cook to appeal now, as Plaintiff asks, Cook would be forced to bring its own appeal and to raise in that appeal ***all*** of the issues it raised in its posttrial motions, including the multiple grounds Cook urged in its motion for JMOL. *See generally* Dkt. 10295.

judgment does not begin to run until entry of order disposing of specified posttrial motions, including Rule 59 motion for new trial).

But denying Cook's motion for new trial would be a complex undertaking. As the Court noted in its Order granting a new trial, Cook argued that it was "entitled to a new trial for multiple reasons," including:

(1) the court erred in admitting Plaintiff's trial exhibit 1913 ("PX-1913");

(2) the court erred in admitting the opinions of Dr. Gordon;

(3) the court erred in admitting the opinions of Dr. Krumholz;

(4) the court erred in admitting evidence concerning Plaintiff's fear of future damages and in permitting the jury to award damages based on future fear; and (5) Plaintiff's counsel engaged in misconduct by asking questions related to failure-to-warn, which was not at issue, and by injecting references to other lawsuits in violation of Cook's motion in limine.

Dkt.12632 at 23-24. The Court's Order granting a new trial, however, expressly limited its analysis to the admission of Exhibit PX-1913 alone. *Id.* at 24 ("The court begins and ends with its analysis of PX-1913."). Thus, although the Court could and did ***grant*** Cook's motion for new trial based on only ***one*** of Cook's grounds, the Court cannot ***deny*** the motion without ruling on ***all*** of Cook's proposed grounds.

Entering judgment in favor of Plaintiffs and against Cook would also require the Court to resolve Plaintiff's petition for costs, which presents complex and hotly contested issues. *See, e.g.*, Dkt. 10310 (Plaintiffs' Bill of Costs), 10320 (Plaintiff's Amended Bill of Costs), 10435 (Defendants' Objections to Bill of Costs), 10636 (Plaintiffs' Response to Defendants' Objections), 10637 (Plaintiffs' Revised Bill of Costs, and 11126 (Defendants' Surreply in Opposition to Revise Bill of Costs).

In sum, granting Plaintiff the appealable judgment she wants will be significantly more complicated than Plaintiff's motion acknowledges.

## **CONCLUSION**

For reasons set forth above, Cook urges the Court to deny Plaintiff's motion for reconsideration.

Respectfully submitted,

Dated: January 29, 2020

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreBD.com
Jessica.Cox@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE BAKER DANIELS LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2020, a copy of the foregoing **COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING NEW TRIAL** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.  Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

/s/ Andrea Roberts Pierson

US.126379404.03