IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following:
 *Megan Chambers*
 Case No. 1:16-cv-06031-RLY-TAB

**PLAINTIFF MEGAN CHAMBERS' MOTION AND
MEMORANDUM TO REMAND**

Pursuant to 28 U.S.C. § 1407(a), Plaintiff Megan Chambers files this Motion to Remand her Case to the United States District Court for the Southern District of Ohio (Eastern Division) for case-specific pretrial proceedings and jury trial. In support thereof, Plaintiff respectfully shows the Court the following:

**I.
SUMMARY OF ARGUMENT**

All pretrial proceedings in this Multidistrict Litigation ("MDL") are over. All common-fact discovery and expert discovery has been completed. The Court has ruled on numerous *Daubert* motions and Defendant Cook Medical, Inc.'s ("Cook") Motion for Summary Judgment on preemption. The Court has even presided over two separate bellwether jury trials to verdict. Retaining cases in the MDL will provide no additional benefits and will only serve to delay compensation to thousands of badly injured Plaintiffs – exactly the result desired by Defendants.

Both 28 U.S.C. § 1407(a) and *Lexecon, Inc, v. Milberg Weiss*, 523 U.S. 26 (1998) ("*Lexecon*") mandate remand of each transferred case from the MDL to the transferor district court "at or before the conclusion of such pretrial proceedings." Section 1407 **obligates** remand of "any

pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *Lexecon,* 118 S.Ct. at 962. Because all pretrial proceedings "have run their course," the Court is obligated to remand all transferred cases back to their respective transferor courts.

In this specific instance, Plaintiff Megan Chambers originally filed her case against the Defendants in the Southern District of Ohio (Eastern Division), and her case was transferred into this MDL in March 2016. *See* Conditional Transfer Order ("CTO-16"), attached hereto as Exhibit A. The Southern District of Ohio is where Ms. Chambers suffered injuries caused by the Defendants' Celect IVC filter. Ohio is where Ms. Chambers resided at the time of her surgery and where she still resides today. Ohio is where Ms. Chambers' Celect IVC filter implantation occurred, where all of her treating physicians reside and practice, and where her cause of action accrued. Pursuant to § 1407(a) and *Lexecon*, this Court is obligated to transfer Ms. Chambers' case back to the Southern District of Ohio.

## II.
## BACKGROUND

This MDL launched in October of 2014. The purpose was to conduct all pretrial proceedings for more than 5,000 plaintiffs in the Cook IVC Filter litigation. Throughout the past five years, the Court has patiently and diligently presided over voluminous discovery and countless motions. The Court has issued more than 20 Case Management Orders. The Court has resolved numerous discovery disputes. It has ruled on all *Daubert* motions filed by both sides. It has ruled on Cook's Motion for Summary Judgment on preemption. At this point, the Court has skillfully and dutifully navigated all pretrial procedures, and MDL discovery is closed. Most importantly, the Court has gone beyond conducting MDL pretrial proceedings by presiding over two Celect IVC filter jury trials. There is nothing left for the MDL Court to do with respect to Ms. Chambers' case—other than transfer to the Southern District of Ohio for jury trial.

Critically, Cook has conceded that all pretrial proceedings have ended. Starting in 2016, Cook has told this Court repeatedly that MDL discovery is over – in motions, briefs, letters, and hearings. In the fall of 2016, Cook was so anxious for Plaintiffs to cease discovery that it insisted during a status conference that discovery was over—bringing forth the requirement from this Court that Plaintiffs send to Cook a letter with everything Plaintiffs still needed.[1] Plaintiffs complied and sent the attached letter dated November 24, 2016.[2]

At a May 2, 2018 hearing before the Court, Cook again unambiguously stated that discovery is closed.

> Ms. Pierson: "[T]here was a long list of grievances that Mr. Martin had with Cook about things that Cook had not produced, and you told the plaintiffs essentially: Send them a list of what your grievances are and Cook, you take care of that list. We did. That was back in 2016 and early 2017.
>
> It's our position from that point on that discovery was closed, and we had this issue come up in the *Hill* case and made the argument then company discovery is closed. We produced millions of pages of documents. We spent so much time and money letting the plaintiffs discover everything they wanted to discover about these products, but we ought not be responding to new things. The issue in that motion is again, we're asking Your Honor to make clear company discovery was closed a long time ago. We're not going back and redoing that. But the parties have fully briefed the issue and we stand on our papers and are prepared for you to rule whenever you are prepared to rule.[3]

Thus, it is undisputed that all common fact and expert discovery has ended and that all pretrial proceedings are closed.

Finally, despite its prior representations to the Court, Cook's overriding goal is to delay Plaintiffs' valid claims for as long as possible and to keep the MDL going. So Cook wants to use discovery as both a sword and a shield. The Court has expended tremendous time and effort, but

---

[1] Defendants asserted that discovery was complete as early as November 10, 2016, almost two years ago. MDL Doc. 6857 at 16 – 24 & 39-40 (transcript of status conference).
[2] Letter to Douglas King, Esq. dated November 24, 2016, attached hereto as Exhibit B.
[3] May 2, 2018 Hearing Transcript at 37:8-25; 38:1-2, attached hereto as Exhibit C.

at the pace that trials are progressing in the MDL, thousands of deserving Plaintiffs, including Ms. Chambers, will never get their day in court. That is not the point of an MDL. Ms. Chambers deserves her day in court, and Section 1407 and *Lexecon* mandate that her case should be remanded and transferred back to the Southern District of Ohio.

### III.
### ARGUMENT

Under 28 U.S.C. § 1407(a), a court is authorized to transfer civil actions with common issues of fact "to any district for coordinated pre-trial proceedings," but is also under a duty to remand any such action "at or before the conclusion of such pre-trial proceedings." *Id.*; *Lexecon,* 523 U.S., at 28. The U.S. Supreme Court has held that remand in such cases is an "obligation." *Lexecon,* 523 U.S., at 34. "[S]ection 1407 not only authorizes the Panel to transfer for coordinated or consolidated pretrial proceedings, but obligates the Panel to remand any pending case to its originating court when, ***at the latest***, those pretrial proceedings have run their course." *Id.* (emphasis added). The use of the word "shall" creates an obligation impervious to judicial discretion. *Id.*, at 34–35 (citing *Anderson v. Yungkau,* 329 U.S. 482, 485 (1947)). "The language [in Section 1407(a)] is straightforward, and with a straightforward application ready to hand, statutory interpretation has no business getting metaphysical." *Lexecon,* 523 U.S., at 37.

Straightforward application of § 1407(a) and the Supreme Court's teaching in *Lexecon* mandates remand of Ms. Chambers' case back to the transferor court, the United States District Court for the Southern District of Ohio (Eastern Division). All common fact and expert discovery in this Multidistrict Litigation have been completed, and this Court has ruled on *Daubert* motions related to non-case-specific experts and on Defendants' summary judgment motion on preemption. *See, e.g.,* MDL Doc. 6541 (Entry for Sept. 25, 2017 wherein*, inter alia*, motion for summary judgment on preemption was denied); MDL Doc. 6910 (Entry on the Cook Defendants' Motion to

Exclude Expert Opinions of Dr. Robert McMeeking). Ms. Chambers will no longer benefit from centralized proceedings, and the rationale for participation in the MDL no longer exists.

Moreover, the Court has gone well above and beyond pretrial proceedings by conducting two bellwether jury trials on cases involving the Celect IVC filter. The longer her case languishes in the MDL, the more witnesses' memories fade and the more evidence becomes stale. The two Celect IVC filter jury trials already conducted by the MDL Court provide clear guidance for the disposition of Ms. Chambers' claims in her chosen forum of the Southern District of Ohio. The Court has indefatigably completed all pretrial proceedings and conducted two jury trials concerning the Celect IVC filter, and the only remaining task for the MDL Court to do with respect to Ms. Chambers' case is order its remand this case to the Southern District of Ohio (Eastern division) for case-specific pretrial issues and trial. The straightforward language of § 1407 leaves this Court with no discretion to do otherwise; remand is appropriate, timely, and required in these circumstances.

## IV.
## CONCLUSION

For all of the above-referenced reasons, Plaintiff Megan Chambers respectfully requests that this Motion be granted and that her case be remanded to the United States District Court for the Southern District of Ohio (Eastern Division) pursuant to 28 U.S.C. §1407(a).

Respectfully submitted,

**MARTIN BAUGHMAN, PLLC**

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 74407590
Email: bmartin@martinbaughman.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 30th, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*
Ben C. Martin