IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 2570<br><br>**This document relates to all actions** |

**Plaintiffs' Reply Brief In Support of Their Motion for Reconsideration of the Court's Order Applying Indiana Choice of Law to Direct-Filed Cases**

In its response to plaintiffs' motion for reconsideration as to the Court's ruling on choice of law, Cook tries hard to muddle things. Despite the calculated efforts to obscure them, however, the Court should not lose sight of these critical points:

1. Plaintiffs are **not** asking the Court to hold that there ever was a direct-filing order. Plaintiffs simply say that for two years, the Court and the parties acted as if there was.

2. With or without a formal filing order, the choice-of-law rules of the originating jurisdiction should govern.

These two inescapable points should control the resolution of plaintiffs' motion. Plaintiffs reply to Cook's various specific contentions below.

    **I.**    **COOK'S MISREPRESENTATION OF PLAINTIFFS' ARGUMENT**

1

From the very first paragraph Cook's response misstates plaintiffs' argument. Cook states that "[T]his issue has been fully briefed twice …. and both times the Court ruled that no direct-filing order exists in this MDL." Response (Doc. 12703) at 1. The theme continues on p. 3 (Plaintiffs' motion for reconsideration of the Court's choice-of-law ruling asks the Court to delve into the substance of the 'direct filing' issue for a third time in some six months."), on p. 4 ("The Court patiently considered the parties' respective positions and affirmed its ruling from June, stating at the hearing '[t]he law of the case is there is no direct filing order."), and so on. But plaintiffs' motion did not contend that there was a direct-filing order. Indeed, the motion quite clearly states that what "has existed in this case for years" is a "an agreement that cases could be direct-filed, that said nothing about choice of law." Plaintiffs' motion (Doc. 12609) at 13.

To repeat: **plaintiffs do not contend in this motion that there was a direct-filing order in this case.** As detailed immediately below, however, we do contend that the parties and Court acted, for a time, as if there was.

## II. COOK'S MISCHARACTERIZATION OF THE PAST STATEMENTS IN THIS CASE

Cook is at such pains to distort the nature of plaintiffs' motion because it cannot deny the factual basis for it; all it can do is attempt to misconstrue that as well. Plaintiffs' motion detailed Cook's prior statements to the effect that a direct-filing order existed in this case, and the Court's own statement as well, at pp. 6-7. Again, the point was not to establish that there is in fact such an order in this case; the point was simply that **the parties and the Court incontrovertibly said there had been.**

Cook's response is not to deny that such statements were made; rather Cook simply labels them "colloquial" or "loose." Response at 2, 13. But plaintiffs' argument is that during the considerable period of time in which these statements stood uncorrected, how was any plaintiff who filed his or her case then to know that these statements were merely "colloquial"? How would

a plaintiff know that when Cook referred to "**a direct filing order, as occurred with the six cases here** … [,]" Cook was just being "loose"?

More fundamentally, how would a plaintiff know that **the Court** was just being "loose"? The Court's reference to its "direct-filing order" came not in a hearing but in an order.  See plaintiffs' motion at 7; Doc. 4918, at 3.  Plaintiffs respectfully do not believe that the Court is in the habit of being "loose" in its written orders.

To be sure, the Court held in 2019 that there in fact had been no direct-filing order in this case.  Plaintiffs do not seek reconsideration of that decision.  Plaintiffs are focused only on the period between Cook's and the Court's 2017 statements, and the Court's 2019 rulings. But Cook would clearly rather the Court not address that focus.

Cook does not dispute, or even discuss, the law-of-the-case doctrine, or the basic fairness considerations raised by plaintiffs.  Instead, it consistently misconstrues plaintiffs' basic argument, insisting that plaintiffs are asking the Court to hold that there was an "implied" direct-filing order, Response at 10, or that the plaintiffs want the Court to deem some kind of "equitable" direct-filing order, p. 13.  Plaintiffs do not; they are simply arguing about what should flow from **the Court's and Cook's statements.**

Since Cook doesn't address these considerations at all, plaintiffs will only briefly recap them again.  It is simply unfair to treat cases filed in the 2017-2019 period as if the Court and Cook had not made the statements they made. And even if Cook's statements were "loose," Cook should not be allowed to benefit from them. Imposing a shorter limitations period upon a plaintiff, because that plaintiff relied on the Court's and defendant's statements of record, is unfair in the extreme.

Plaintiffs do not contend that the Court had no power to reconsider its 2017 holding. But again, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 911-12 (7th Cir. 2005), quoting *Christianson v. Colt Indus. Operating Corp.*, 496 U.S. 800, 815-16 (1988)(emphasis the Seventh Circuit's). The law-of-the-case doctrine "is a rule of practice based on sound policy that, when an issue is once litigated and decided, that should be the end of

3

the matter." *Jarrard*, supra, 408 F.3d at 912, quoting *Evans v. City of Chicago*, 873 F.2d 1007, 1014 (7th Cir. 1989), in turn quoting *Barrett v. Baylor*, 457 F.2d 119, 123 (7th Cir. 1972). If the Court reached a different conclusion about the choice-of-law rule for direct-filed cases in 2019, then certainly plaintiffs filing their cases after that ruling would be on notice and governed accordingly. But between the Court's first ruling and its second ruling, surely plaintiffs should not be penalized for relying on the Court's first ruling.

On Oct. 29, 2019, the Court stated that there had never been a direct filing order in the case. Cook points out at p. 9 of its response that the Court made a similar statement earlier, in an entry on June 13, 2019 (Doc. 11131). Plaintiffs acknowledge this statement, and it would be fair to deem plaintiffs who filed their cases in this Court after that earlier date as on notice of the Court's changed position. But for the cases filed prior to that statement, i.e. for cases filed by counsel in the justified belief that there was such an order in place, the Court should modify its ruling and treat such cases as if there was a direct-filing order in place – just as the Court and Cook said there was.

### III.   EVEN WITHOUT A DIRECT-FILING ORDER, THE CHOICE-OF-LAW RULE OF THE ORIGINATING JURISDICTION SHOULD BE APPLIED

This issue boils down to the question of whether a formal direct-filing order, with a choice-of-law provision, must be in effect in order to apply the originating state's choice-of-law rule. The obvious thrust of plaintiffs' motion for reconsideration was that there need not be such an order. Plaintiffs stated as follows on p. 2 of their motion:

> **First,** the Court erred when it held that because there is no "direct-filing order" in this case, Indiana choice-of-law principles must apply to direct-filed cases. Respectfully, this error was in concluding there must be an explicit direct-filing order that addresses choice of law for the originating state's choice of law principles to apply. The cases cited in Cook's briefing and discussed at oral argument had nothing more before them than what has always existed in this case: a set of CMOs.

4

Plaintiffs then proceeded to analyze each case cited by Cook for its supposed rule, and concluded as follows:

> "It is not at all true that the cases upon which plaintiffs rely all involved 'a direct-filing order – agreed to by the parties after negotiation and approved by the MDL court – that govern the treatment of direct-filed cases as transferred cases.' … To the contrary, none of these cases involved anything more than that which has existed in this case for years: an agreement that cases could be direct-filed, that said nothing about choice of law. The prevailing treatment of direct-filed cases as transferred cases, for choice of law purposes, simply does not require the order Cook insists upon."

Response at 12. Remarkably, Cook argues that "with one exception … Plaintiffs acknowledge that every case discussed in the prior briefing on this issue had in place a formal direct-filing order. See Plaintiffs' Motion at 8-13." But that is exactly what plaintiffs did **not** acknowledge. **Plaintiffs contended the exact opposite about those cases.**

Next, Cook notes plaintiffs' "argu[ment] that some of the direct-filing orders in other MDLs [sic] cases do not address choice-of-law issues or do not do so specifically enough." Cook then says squarely: "But that is irrelevant." Response at 9. This is another example of Cook's almost exquisite ability to maintain the opposite of what it previously maintained.

Is the presence of language specifically addressing choice-of-law issues in a direct-filing order necessary? Cook previously said yes: Prevailing Seventh Circuit cases all involve direct-filing orders "that set out the rights that the parties are giving and waiving …." Oct. 25, 2019 status conference (p.38). Now Cook says such terms are irrelevant. Plaintiffs agree.

Finally, Cook attempts to muddle the facts about the complaints in direct-filed cases. As the Court is aware, Cook agreed five years ago to the form and content of the Short Form Complaint, which required plaintiffs to list the "District Court and Division in which venue would have been proper absent direct filing." In a singularly disingenuous part of its response, Cook

states that plaintiffs "have never been clear in their preference for treating their cases as 'originating' in their home states. For every instance in which Plaintiffs have indicated a preference for their home states as a venue, they have made contradicting statements acknowledging that the Southern District of Indiana is a proper venue – indeed an ideal venue." Response at 11. For this utterly strained contention, they cite pleadings before the JPML, and a passage in the Short Form Complaint stating that venue is proper in this Court.

As to the JPML briefing, it should hardly be necessary to point out that an argument, that this Court made sense **as the site of an MDL**, is not the same as arguing that a particular individual case arose here. The fact that it made sense to centralize cases here does not mean that every case arose here. Nor does the fact that venue is proper in this Court mean that a case originated here. Plaintiffs' Master Complaint specified that "[f]or purposes of remand and trial, venue is proper pursuant to 28 U.S.C. §1391 in the federal judicial district of each plaintiff's state of residence." The statements at which Cook grasps do not relate to the issue of where an individual case originated at all.

## CONCLUSION

Wherefore, premises considered, plaintiffs respectfully pray that this Court grant reconsideration of its Oct. 29, 2019 ruling, and hold that cases that were or are direct-filed in this Court are governed by the choice-of-law rule of the "originating" jurisdiction. Alternatively, plaintiffs respectfully ask that the Court modify its ruling so that tag-along cases filed here between May 31, 2017 and June 13, 2019, that identify other courts as the "District Court and Division in which venue would have been proper absent direct filing" are treated as if a direct-filing order had been entered at the time of their filing, and thus governed by the choice-of-law rule of that jurisdiction.

Respectfully submitted this 30th day of January, 2020.

/s/ Joseph N. Williams
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee*

Charles S. Siegel
Texas Bar No. 18341875
WATERS, KRAUS, & PAUL, LLP
3141 Hood Street, Suite 700
Dallas, Texas 75219
Telephone:  (214) 357-6244
Facsimile:   (214) 357-7252
siegel@waterskraus.com

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

The undersigned counsel for Plaintiffs, hereby certifies that a true and correct copy of the foregoing document, was filed with the Court and served on all counsel of record this, the 30th day of January, 2020, via the Case Management/Electronic Case Filing system (CM/ECF).

*/s/ Joseph N. Williams*
JOSEPH N. WILLIAMS