UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND         Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates Only to 1:19-cv-00510, Kristin Leigh Stephens

_____

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 60(b)(1), FED. R. CIV. P.,
MOTION TO SET ASIDE ORDER OF DISMISSAL**

Plaintiff Kristin Leigh Stephen filed a Rule 60(b)(1) Motion to Set Aside Order of

Dismissal [Dkt. 12683], previously dismissed for failure to produce a case categorization form.

(Dkt. 12683).  Plaintiff's Motion asks the Court for relief under Federal Rule 60(b)(1). The Court

should deny Plaintiff's request for two reasons:

- **Federal Rule 60(b)(1) is not available here.**  The Court should not set aside
  the Order based on counsel's attribution of fault to others.  Rule 60(b)(1)'s
  extraordinary remedy is not available based on mere mistake on the part of
  counsel due to "carelessness," "failure to exercise due care," or by attributing
  fault to a lower level actor – such as a paralegal or associate.  Here, counsel's
  only argument blames a paralegal and associate: "Review uncovered the
  neglect of [the associate and paralegal]."

- **Setting aside the Order would be futile.**  Reinstating Plaintiff's case would
  be futile.  The Indiana statute of limitations bars cases not filed within two
  years of the discovery of an injury.  Further, Indiana law does not grant a
  grace period to refile cases dismissed because of negligence in prosecution.
  Here, Plaintiff's removal occurred on February 3, 2017, over two years before
  Plaintiff moved to set aside the Order.  So, Plaintiff's refiled case will be
  outside of the two years allowed by Indiana law to file a case.  Further, the
  Court dismissed the Plaintiff's cases because of counsel's "neglect," so her
  case is excluded from the savings statute.

Essentially, Plaintiff asks for relief from counsel's admitted neglect. Plaintiff filed her short-form

complaint on January 30, 2019.  On June 24, 2019, Cook moved to dismiss her case for failure to

submit a case categorization form. (Dkt. 11230.)  Then, on July 23, 2019 – over six months ago – the Court dismissed plaintiff's case. *See* Order on the Cook Defendants' Motion to Dismiss (the "Order"), Dkt. 11419.  Plaintiff's Motion offers one excuse for her failure to comply with the Court's Categorization Order:  The paralegal and associate neglected the case. However, despite the fact that counsel Lloyd Gathings is the only attorney of record for this case, counsel takes no responsibility for the failure.  Plaintiff's sole justification boils down to Plaintiff's attorneys' failure to monitor the docket.

The Court should deny Plaintiff's Motion to Set Aside the Order based on counsel's neglect and blame – which is not a ground for Rule 60(b)(1) relief – as it does not meet the standard for the extraordinary relief she requests.   Further, reinstatement would be futile. Plaintiff's case is barred by the Indiana statute of limitations and is not saved by the Journey's Account Statute – the Indiana Savings Statute.  I.C. § 34–11–8–1 (the "JAS").

## Argument

**I.**  **Because Plaintiff has not shown she is entitled to the extraordinary relief provided by Rule 60(b)(1) – attributing fault to a lower level actor such as a paralegal or associate is not sufficient to meet the Rule 60(b)(1) burden – the Court should not set aside its Order.**

### A.  Rule 60(b)(1) relief based on "excusable neglect" is available only in exceptional circumstances.

Rule 60(b)(1) does not provide relief for counsel's neglect:  "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).  Because Rule 60(b) is

an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982)). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015). Even in situations where a lawyer's actions may be negligent or worse, the errors are imputed to the party (under principles of agency law) rather than burdening the opposing party in litigation. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994). Nor can a party avoid this result by attributing the fault to some lower level actor – such as a paralegal – in the lawyer's office. *See, e.g., Lombardo v. United States,* 860 F.3d 547, 552 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1032 (2018).

Plaintiff specified in her Motion that it is brought under Rule 60(b)(1) due to "excusable neglect" causing failure on the part of her counsel to comply with the Court's Categorization Orders. (Motion, pp. 2-3.) "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing Rule 60(b) claims premised on excusable neglect, "the most important consideration is 'the reason for the delay'" and if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or

US.126528039.06

application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

> **B. Placing blame on counsel's paralegal and associate attorney and failing to monitor the docket do not justify extraordinary relief under Rule 60(b)(1), and are not "exceptional circumstances."**

Plaintiff raises one argument in support of her Motion, which boils down to placing blame on a paralegal and associate for counsel's ignorance of the categorization deadline and failure to monitor the docket. Plaintiff's blame does not establish a "good reason for missing the deadline." *Knapp*, 322 F.R.D. at 320.

First, a party cannot undo dismissal through Rule 60(b)(1) simply by attributing fault to some lower level actor. *See Lombardo*, 860 F.3d at 552 (denying 60(b) relief in case where counsel had relied on a "trusted paralegal" instead of researching and calculating the deadline himself). Here, Plaintiff's Motion does *only* that, attempting to skirt dismissal by placing blame on a paralegal and associate that no longer work for counsel's firm. (Motion, pp. 2-3.) Plaintiff's counsel, impliedly, assumes no responsibility to monitor the docket or deadlines himself. Plaintiff cannot escape the consequences of her failure to comply with the Categorization and Screening Order by attempting to shift blame to a paralegal or other subordinate. *See, e.g., Lombardo*, 860 F.3d 547. Counsel has a responsibility to train, manage, supervise, and properly instruct their staff, and thus failures of staff are borne by counsel and the firm. *See e.g.,* ABA, Model Rules of Prof. Resp. § 5.3; *see also Lombardo,* 860 F.3d at 554 (denying 60(b) relief in case where counsel had relied on a "trusted paralegal" instead of researching and calculating the deadline himself).

- 4 -

Second, an MDL Plaintiff's attorney has a duty to monitor both the individual case docket and the master MDL docket, and a failure to monitor both dockets is facially unreasonable.  Indeed, Plaintiff does not deny knowing of the responsibility to categorize cases filed in the MDL.  Instead, Plaintiff states that a paralegal and associate did not "review[], calendar[], and follow up[]" on the Court's May 3 Order – which ordered compliance with the categorization process.  (Motion, p. 2.). Plaintiff does not dispute that Cook properly served Plaintiff by filing electronically in the master docket or that ECF notices were sent to counsel that registered for electronic service as required by the Court. – here, only Lloyd W. Gathings. Plaintiff does not dispute knowing the consequences for noncompliance under the Court's Revised Second Amended Order Regarding Case Categorization Forms either.  Simply put, Plaintiff has no reasonable explanation for failing to be aware of the categorization deadline.

Plaintiff has failed to provide a reasonable or excusable explanation for her failure to categorize.   Rule 60(b) relief is an "extraordinary remedy [reserved for] exceptional circumstances," *Dickerson*, 32 F.3d at 1116, and as the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such an exceptional remedy.  Simply put, errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – i.e., the Cook Defendants. *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.  Rule 60(b) is also not a vehicle through which counsel can place blame on lower level employees, and provides no relief based on that excuse. *See Lombardo*, 860 F.3d at 552.

Plaintiff has failed to establish that her case qualifies for relief under Rule 60(b)(1), and the Court should deny her Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

US.126528039.06

II.     **Reinstatement would be futile because the Plaintiff's claims are barred by the Indiana statute of limitations.**

The Court should deny Plaintiff's Motion on the ground of futility because it would be barred by the statute of limitations. *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir. 1973) (noting the "salutary rule that a 60(b) motion should be buttressed by a showing of the existence of a meritorious claim or defense"). While Plaintiff asserts that "the statute of limitations has not run on Plaintiff's action, [and] Plaintiff would be able to re-file her case," that assertion is not accurate. (Motion, p. 4.) The medical records Plaintiff provided in support of his belated categorization date Plaintiff's removal back to February 3, 2017. The Indiana statute of limitations[1] requires that claims based on personal injury be filed within two years after the cause of action accrues. I.C. 34-11-2-4; *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 632 (7th Cir. 2007). Here, Plaintiff's claim could not have accrued later than February 3, 2017, when her filter was removed. She did move to reinstate this action until December 30, 2019,[2] nearly three years later. Indiana's statute of limitations therefore bars her claims.

III.    **Reinstatement would be futile because the Plaintiff's barred claims are not saved by the JAS and Plaintiff's Motion demonstrates negligence in the prosecution.**

Cook anticipates that Plaintiff may argue in reply that his claim is saved by Indiana's Journey's Account Statute (JAS), I.C. § 34–11–8–1. This argument fails because the JAS does not apply under the circumstances here.

The JAS is a savings statute that permits a party to refile or reinstate an action within three years after it is dismissed and to calculate compliance with the statute of limitations based on the commencement date of the dismissed action rather than the new action. I.C. § 34–11–8–

---

[1] Plaintiff filed his case in the Southern District of Indiana, using a Short Form Complaint. The Court has ruled that Indiana's statute of limitations governs actions commenced in the Southern District of Indiana. (Dkt. 12256)

[2] On January 17, 2020, Cook received a Notice of Electronic Filing stating the following relating to the instant motion: "The following transaction was entered on 1/17/2020 at 5:09 PM EST and filed on 12/30/2019." While the genesis of the issue is unknown, the distinction has no effect on the fact that Plaintiff's case is time-barred.

- 6 -

1(b).  The statute only applies, however, where dismissal was "not due to negligence in its prosecution."[3]  *Dempsey v. Belanger*, 959 N.E.2d 861, 865 (Ind. Ct. App. 2011), quoting I.C. § 34–11–8–1(a); § 39.12. Journey's account statute, 22A Ind. Prac., Civil Trial Practice § 39.12 (2d ed.) ("Ind. Prac.").  "The JAS generally permits a party to refile an action that has been dismissed on technical grounds."  *Dempsey*, 959 N.E.2d at 865 (Ind. Ct. App. 2011). "Negligence in the prosecution" is broader than failure to prosecute and the term applies to "any failure of the action due to negligence in the prosecution."  *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1244 (Ind. 2010).  "Examples of conduct which would likely be deemed negligence in prosecuting a case presumably include dismissal for failure to prosecute, dismissal for failure to comply with the discovery rules, failure to pay filing fees, and naming the wrong party." *Dempsey*, 959 N.E.2d at 866, citing *Eads*, 932 N.E.2d at 1244 and Ind. Prac. § 39.12; *Parks v. Madison County*, 783 N.E.2d 711 (Ind. Ct. App. 2002).

Here, the Plaintiff's case was dismissed due to negligence in the prosecution of the case. Despite being notified of the obligation to categorize, and of Cook's motion to dismiss, Plaintiff failed to submit a Case Categorization Form.  In addition, Plaintiff waited over six months after the Court's dismissal based on that failure to move to set aside the Order.  When Plaintiff eventually moved to set aside the Order, Plaintiff placed blame on a paralegal and associate attorney.  Indeed, Plaintiff alleged the case had been "neglected."  Plaintiff provided only that blame as the justification for Rule 60(b)(1) relief. Any of these facts justifies a finding of

---

[3] In full the JAS states as follows:

Sec. 1. (a) This section applies if a plaintiff commences an action and:
 (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
 (2) the action abates or is defeated by the death of a party; or
 (3) a judgment is arrested or reversed on appeal.
 (b) If subsection (a) applies, a new action may be brought not later than the later of:
(1) three (3) years after the date of the determination under subsection (a); or
(2) the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

negligence in prosecution; taken together, they compel such a finding.  As a result, the JAS does not apply and does not shield Plaintiff's new action from the Indiana statute of limitations.

Plaintiff's Motion itself displays negligence in the prosecution of her case.  First, Plaintiff's counsel argues that blame properly lies with an unidentified paralegal and associate, not with him.  Because the "paralegal and associate attorney" "neglect[d]" this case, the categorization form was not submitted, and the Court dismissed this case – that is, Plaintiff affirmatively argues that the case was dismissed because of her firm's "neglect." Regardless, the individual case docket, the Notification of Electronic Filing for Cook's Motion to Dismiss, and the Notification of Electronic Filing of the Court's Order (Exhibit A and Exhibit B to this response) show Mr. Gathings personally received service of those filings.

In sum, the Court's dismissal of Plaintiff's case for failure to categorize and Plaintiff's delay and inadequate showing in seeking to set aside the order demonstrate "negligence in the prosecution" of her case.  The JAS does not save cases dismissed for "negligence in the prosecution," and Plaintiff is not entitled to prevent application of the Indiana statute of limitations through the JAS.

## CONCLUSION

Plaintiff did not make the requisite showing to justify the extraordinary remedy offered by Rule 60(b).  Instead, Plaintiff's Motion blames a paralegal and associate for the dismissal. Further, Plaintiff's case is barred by the statute of limitations and, because of Plaintiff's negligence in the prosecution of this case, it is not saved by the JAS.  Case law on each of these issues applies squarely to this case – and in Cook's favor.  The Court should deny Plaintiff's Motion.

US.126528039.06

Respectfully submitted,

Dated: January 31, 2020

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  Andrea.Pierson@FaegreBD.com
Email:  Jessica.Cox@FaegreBD.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.126528039.06

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

US.126528039.06