IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to:

*Tonya Brand*
1:14-cv-06018-RLY-TAB

# Plaintiff Tonya Brand's Reply in Support of Motion to Reconsider Order Granting New Trial

Plaintiff Tonya Brand provides this reply in support of her motion asking the Court to reconsider its Order granting Cook's motion for a new trial. [Filing No. 12679.]

## Argument

As this Court has repeatedly recognized, we need to think critically if there is ever hope of concluding this MDL. Reconsidering the order vacating the jury's verdict does just that — we would allow the Circuit Court to consider a number of issues critical to the remainder of the docket without prejudice to anything being done in this Court. It would provide the parties with indispensable guidance on how the Circuit Court would come down on threshold issues such as failure to warn and the admissibility of PX1913. It carries the undeniable benefit of providing this insight without any delay to the Court's trial schedule or movement of this MDL as a whole.

The Court and the parties would continue down the road with the next three bellwether trials while the Circuit Court reviews critical issues in the background.

Rather than address this MDL-wide benefit, Cook's response challenges the procedural predicate of Brand's motion claiming the standard for reconsideration hasn't been met. Cook cites nothing, however, undercutting this Court's **inherent power** to revisit its decision. *E.g., Kapco Mfg. Co. v. C & O Enters., Inc.*, 773 F.2d 151, 154 (7th Cir. 1985). In other words, if the Court believes it is prudent to reconsider its order, it has the power to do so.

Cook also doesn't dispute the efficiency reconsideration would provide. Maintaining the *status quo* **guarantees** another costly month-long trial. Allowing the case to go up on appeal now provides the parties and the Court with the opportunity to avoid such a burden. And reconsideration would not be "substantially more complex than Plaintiff" suggests. All that would need to occur is the issuance of an order denying Cook's motion for a new trial.

Finally, Cook claims the risk of "severe" prejudice should Brand's request be granted. Is that prejudice any greater than the prejudice to Brand in having to retry her case for another month, only to have the same issues present in the first trial be appealed after the second? Is the prejudice any greater than that to the MDL in putting off the Circuit Court's analysis for years? Any time the Court grants a motion, someone suffers prejudice. But here we need to consider what can be done to most efficiently resolve this MDL, and that should start by allowing the Brand verdict to proceed on appeal.

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:       jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

3

## Certificate of Service

      I hereby certify that on February 5, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

      /s/ *Joseph N. Williams*
      Joseph N. Williams