UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTER      Case No. 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES AND                MDL No. 2570
PRODUCT LIABILITY LITIGATION

_____

This Document Relates to:

       JOHN M. MITCHELL
       1:19-cv-02848

_____

**PLAINTIFF'S MOTION FOR RECONSIDERATON OF THE COURT'S ORDER
DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROVIDE
<u>PLAINTIFF PROFILE SHEETS</u>**

Plaintiff John M. Mitchell ("Plaintiff"), by and through his counsel of record, respectfully files this Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Sheets ("PPS") under Federal Rule of Civil Procedure 59(e) and 60(b) and requests the Court reconsider is order dismissing Plaintiff's case [Documents Nos. 12660 and 11]. Plaintiff asks the Court to grant the Motion and reinstate his case in the MDL for the reasons set forth herein. In support of this Motion, the Plaintiff states:

1)      Mr. Mitchell was implanted with a Cook Celect filter in Georgia.

2)      Plaintiff filed his Short Form Complaint ("SFC") on July 10, 2019.

3)      Plaintiff's counsel's records indicate that the PPS was served through the discovery portal on September 5, 2019.

4)      Defendants' filed their Motion to Dismiss [Document No. 12273] on October 29, 2019.

1

5) Plaintiff's counsel reviewed the Defendant's Motion to Dismiss upon receipt. The fact that Mr. John Mitchell's case was included was inadvertently overlooked. The failure to respond was not intentional or willful but was solely due to a mistake.

6) The Court entered its Order on the Cook Defendants' Motion to Dismiss [Document 12660], on January 13, 2020, dismissing Plaintiff's case for failure to produce a PPS without reference as to whether the dismissal was with or without prejudice.

7) Mr. Mitchell's case is not set for trial and has not been included in the Bellwether selection process. Granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendants.

8) When balancing harm to the parties, the potential dismissal of Plaintiff's claims with prejudice far outweighs any possible prejudice caused to the Defendants by the delay in receipt of the PPS in this specific case.

WHEREFORE, based on the forgoing, Plaintiff respectfully moves this Court to vacate its order granting dismissal and reinstate his case in MDL 2570.

**Respectfully submitted,**

Dated: February 10, 2020

*/s/ Ben C. Martin*
Ben C. Martin, Bar No. 13052400
**Martin Baughman, PLLC**
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

*Attorney for Plaintiff*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 10, 2020, I spoke with Blake Angelino, an attorney for the Defendants regarding Plaintiff's Motion and the requested remedy of reinstating the case. At this time, no agreement could be reached. Under the circumstances, and given the time sensitive nature of the motion, Plaintiff files this request and states that as of this time the motion is in dispute and will require resolution by the Court.

>  /s/ Thomas Wm. Arbon
>  Thomas Wm. Arbon

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

>  /s/ Ben C. Martin
>  Ben C. Martin