UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTER MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

    MICHAEL SHIELDS
    1:19-cv-02850

**PLAINTIFF'S MOTION FOR RECONSIDERATON OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROVIDE <u>PLAINTIFF PROFILE SHEETS</u>**

    Plaintiff Michael Shields ("Plaintiff"), by and through his counsel of record, respectfully files this Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Sheets ("PPS") under Federal Rule of Civil Procedure 59(e) and 60(b) and requests the Court reconsider is order dismissing Plaintiff's case [Documents Nos. 12660 and 11]. Plaintiff asks the Court to grant the Motion and reinstate his case in the MDL for the reasons set forth herein. In support of this Motion, the Plaintiff states:

    1)    Mr. Shields was implanted with a Cook Celect filter in Texas.

    2)    Plaintiff filed his Short Form Complaint ("SFC") on July 10, 2019.

    3)    Plaintiff's counsel attempted to contact Mr. Shields regarding completion of the PPS immediately after his SFC.

    4)    Defendants' filed their Motion to Dismiss [Document No. 12273] on October 29, 2019.

1

5) The Court entered its Order on the Cook Defendants' Motion to Dismiss [Document 12660], on January 13, 2020, dismissing Plaintiff's case for failure to produce a PPF without reference as to whether the dismissal was with or without prejudice.

6) Plaintiff's counsel was recently able to contact Mr. Shields. Now that Plaintiff's counsel has re-established contact with Mr. Shields, it will be able to provide a PPS upon reinstatement.

7) Mr. Shield's case is not set for trial and has not been included in the Bellwether selection process. Granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendants.

8) When balancing harm to the parties, the potential dismissal of Plaintiff's claims with prejudice far outweighs any possible prejudice caused to the defendants by the delay in receipt of the PPS in this specific case.

WHEREFORE, based on the forgoing, Plaintiff respectfully moves this Court to vacate its order granting dismissal and reinstate his case in MDL 2570.

**Respectfully submitted,**

Dated: February 10, 2020

*/s/ Ben C. Martin*
Ben C. Martin, Bar No. 13052400
**Martin Baughman, PLLC**
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

*Attorney for Plaintiff*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 10, 2020, I spoke with Blake Angelino, an attorney for the Defendants regarding Plaintiff's Motion and the requested remedy of reinstating the case. At this time, no agreement could be reached. Under the circumstances, and given the time sensitive nature of the motion, Plaintiff files this request and states that as of this time the motion is in dispute and will require resolution by the Court.

/s/ Thomas Wm. Arbon
Thomas Wm. Arbon

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Ben C. Martin
Ben C. Martin