IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

*Megan Chambers*, 1:16-cv-06031-RLY-TAB

**COOK DEFENDANTS' RESPONSE TO
PLAINTIFF CHAMBERS' MOTION TO REMAND**

28 U.S.C. 1407 mandates remand of transferred cases to transferor district courts "at or before the conclusion of such pretrial proceedings." Plaintiff Chambers ("Plaintiff") argues that all pretrial proceedings in this MDL "have run their course" and that the Court is therefore obligated to remand her case to the Southern District of Ohio. Dkt. 12730, p. 2.[1] In so arguing, she fixates on the close of common discovery and disregards the fact that, by definition, all proceedings occurring before trial are pretrial proceedings. Because numerous pretrial proceedings, including the briefing and resolution of broadly-applicable dispositive motions, have yet to be completed, the Court has no obligation to recommend remand of Plaintiff's case at this time.

Additionally, when a plaintiff moves for remand prior to the completion of pretrial proceedings, the Judicial Panel on Multi-District Litigation will remand "only upon a showing of good cause," and the question of whether to remand "generally turns on the question of whether the case

---

[1] Plaintiff requests relief that the Court is unauthorized to grant, as "[t]he power to remand a case to the transferor court lies solely with the [JMPL]." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). Thus, although Plaintiff styles her motion as a motion to remand, Cook interprets it instead as a request for the Court to issue a notice of suggestion of remand to the JPML.

1

will benefit from further coordinated proceedings." *In re S. Cent. States Bakery Prod. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978); *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). **Here, the Court recently held that Plaintiff's case will benefit from further coordinated proceedings when it denied her previously-filed motion to transfer venue on February 11, 2020.** *See* Dkt. 12805, Order on Motions to Transfer ("Having considered the parties' submissions, the applicable law, and the parties' oral argument, the court finds Plaintiffs' motions to transfer venue must be **DENIED**."). Plaintiff's second bite at the apple should likewise be denied.

## ARGUMENT

I. **The obligation to remand isn't triggered until all pretrial proceedings have concluded.**

An MDL court's obligation to remand a case to its transferor district only arises once "pretrial proceedings have run their course." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998). In her brief, Plaintiff attempts to conflate the close of company discovery with the close of pretrial proceedings, arguing that by acknowledging the conclusion of company discovery, "Cook has conceded that all pretrial proceedings have ended." Dkt. 12730, p. 3. Contrary to Plaintiff's argument, pretrial proceedings are not limited to discovery. Indeed, **"all judicial proceedings before trial are pretrial proceedings."** *In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000) (quoting *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 494 (J.P.M.L 1968)) (emphasis added). This Court's authority to manage the consolidated cases is therefore "'broad' and it necessarily encompasses issuing pretrial orders, resolving pretrial motions (including discovery motions, motions to amend, motions to dismiss, motions for summary judgment and motions for class certification, and attempting to facilitate settlement)." Fallon, 82 Tul L. Rev. at 2328 (quoting *In re Plumbing Fixture Cases*, 298 F. Supp. at 494). The JPML agrees, advising MDL judges

that "[y]our ultimate responsibility is to resolve pretrial issues in a timely and expeditious manner. This responsibility certainly includes resolution of jurisdictional issues, important evidentiary disputes [such as the admissibility of expert opinions], class certification issues, and, perhaps most important, motions to dismiss and for summary judgment." JPML & Federal Judicial Center, *Ten Steps to Better Case Management, a Guide for Multidistrict Litigation Transferee Judges* § X(a) (2d ed. 2014), available at https://www.fjc.gov/sites/default/files/2014/Ten-Steps-MDL-Judges-2D.pdf.

Accordingly, Plaintiff's suggestion that pretrial proceedings have concluded based on Cook's acknowledgement that company discovery has closed is simply false. Pretrial proceedings encompass far more than discovery, and as explained below, this Court still has numerous pretrial proceedings to oversee before Plaintiff's case is ripe for remand.

**II.     Pretrial proceedings have not concluded in this MDL.**

Significant pretrial proceedings remain to be completed in this MDL. As demonstrated by the Court's recent orders dismissing noncompliant cases (Dkt. 10622), Category 1 cases (Dkt. 10588), and Category 2 cases (Dkt. 11131), the Court's categorization process is helping to cull the MDL of some of its most deficient cases. This process is far from finished, however. There are many other issues affecting large groups of cases that the Cook Defendants intend to present to the Court over the coming months, as demonstrated by the two pending omnibus motions for summary judgment based on the statute of limitations and the omnibus motion for summary judgment in miscategorized no-injury cases. *See* Dkts. 11725-26; 11921-24. Per the best practices recommended by the DUKE LAW and COMPLEX LITIGATION MANUALS, these are issues the Court should review and rule upon before considering remand or transfer of cases. Moreover, the Cook Defendants anticipate that many additional cases are time-barred and/or miscategorized and intend

3

to move for summary judgment on those cases once the Court has an opportunity to consider and rule upon the pending motions.

Beyond those motions, Cook anticipates raising by motion multiple other issues that impact large groups of cases, including (among others):

- **Whether certain cases are barred by the applicable statute of repose.** There are over 800 cases in the MDL that were filed more than 10 years after the date of placement. Several states, including Indiana where the development and marketing of the IVC filters was centered, have statutes of repose that categorically bar product liability claims after a certain time, typically 10 years. Moreover, the relative percentage of these cases is growing, because Plaintiffs keep filing cases involving filters sold in the early and mid-2000s. The Court has already dismissed several cases barred by the statute of repose (Dkt. 4918), and Cook intends to raise the issue again in many other cases. These motion(s) would be best addressed by one court—this one.

- **Whether certain cases should be dismissed for failure to plead with particularity.** As Cook argues in the pending omnibus motions for summary judgment, Plaintiffs have not pled their state consumer protection claims with the particularity required by Rule 9(b). This is a common, threshold issue in all cases that this Court should resolve before considering whether to transfer any case out of the MDL. It would be inefficient and risk inconsistent rulings if the Court were to transfer this case out of the MDL before this Court has an opportunity to rule on the viability of the consumer fraud claim.

- **Whether certain warranty claims fail as a matter of law.** Most states have a four-year statute of limitations for warranty claims that is triggered by the sale or delivery of the product. Under Indiana statute-of-limitations law that applies to most MDL cases based on the Court's choice-of-law ruling, the statute of limitations for warranty claims is merged with the general statute of limitations for personal injury claims. To the extent, some plaintiffs' warranty claims have a separate statute of limitations, Cook's analysis indicates that about 70% of the cases were filed more than four years after the placement of the product (logically, the latest possible sale or delivery date), indicating that the vast majority of these claims are time-barred. Moreover, Cook prevailed on the warranty claims in *Gage* by demonstrating that the warranty period was contractually reduced to one-year and a day (Dkt. 7809), which only increases the likelihood that most warranty claims are time-barred.

This is but a small sample of the motions practice likely to be before the Court in the next 12-18 months.

Whether Cook ultimately prevails on the motions summarized above or not, they should be briefed and heard in this Court before any serious consideration is given to remand of cases.

The categorization and motion practice discussed here can help cull the MDL of meritless cases. In any event, the common tasks outlined here are all "pretrial" tasks yet to be done under a common sense understanding of that term as it is used in section 1407.  *See* JPML, *Ten Steps to Better Case Management* at § X(a) (explaining that an MDL court's "perhaps most important" responsibility is resolving "motions to dismiss and for summary judgment").

Plaintiffs themselves agreed these steps would be necessary and their leadership participated in developing the categorization framework.[2]  As Plaintiffs said in their brief on the issue: "These non-symptomatic injury cases, failed retrieval cases, irretrievable filter cases, and anticoagulation cases [which they agreed are numerous] will need to be tested (through motions to dismiss and for summary judgment) and tried . . . to determine whether they involve valid and compensable injuries."  Pls.' Resp. to Cook Defs. Mot. for Screening Order and Bellwether Selection Plan, Dkt. 8591 at p. 2.  Remand of individual cases like Plaintiff's should not even be considered before this important pretrial work is complete.

## III.     Plaintiff's case will benefit from further coordinated proceedings.

As outlined above, pretrial proceedings are ongoing in this MDL.  When pretrial proceedings are ongoing, the Panel still has discretion to remand cases but will only do so "upon a showing of good cause."  *In re S. Cent. States Bakery Prod. Antitrust Litig.*, 462 F. Supp. at 390.  Additionally, the question of whether to remand prior to the close of pretrial proceedings "generally turns on the question of whether the case will benefit from further coordinated proceedings."  *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1197.  This Court already determined that Plaintiff's case will benefit from further coordinated proceedings when it denied her motion to transfer

---

[2] Plaintiffs are represented by Plaintiffs' Co-Lead Counsel, who participated in developing the categorization framework.

5

venue on February 11, 2020.  *See* Dkt. 12805.  Rather than revisiting a recent ruling, the Court should just summarily deny Plaintiff's motion to remand.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to remand.  Pretrial proceedings have not concluded, and the Court should resolve the issues detailed above before considering remand of individual cases like Plaintiff's.

Dated:  February 19, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone:    (317) 237-0300
Andrea.Pierson@faegredrinker.com
Jessica.Cox@faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone:    (260) 424-8000
Stephen.Bennett@faegredrinker.com

*Attorneys for the Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2020, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*