# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

_____

This Document Relates to the Following Actions:
Monthly Motion[1]

| | |
|---|---|
| Simon, Lawrence and Shyaam Akasha | 1:16-cv-00343 |
| Seifert, John | 1:16-cv-02525 |
| Corley, Omel | 1:17-cv-03379 |
| Renteria, Jeanette | 1:18-cv-02780 |

_____

## MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
## FEDERAL RULE OF CIVIL PROCEDURE 25(a)

Pursuant to Federal Rule of Civil Procedure 25(a), Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, the "Cook Defendants"), respectfully request that the Court dismiss the above-captioned certain matters set forth herein with prejudice. In support of this Motion, the Cook Defendants state as follows:

1.  Federal Rule of Civil Procedure 25 addresses the requirement to substitute a proper party following the death of a party to a civil action. Specifically, Rule 25(a) states that

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.**

(emphasis added)

---

[1] Cook Defendants designate this Motion to Dismiss for Failure to Comply with Federal Rule of Civil Procedure 25(a) as a "Monthly Motion" pursuant to the parties forthcoming proposal amending Case Management Order No. 18.

2. When a motion for substitution of parties is not made within 90 days of filing a Suggestion of Death, dismissal "with prejudice in accordance with Rule 25(a)" is proper. *Russell v. City of Milwaukee*, 338 F.3d 662, 663 (7th Cir. 2003); *KnowledgeAZ, Inc. v. Jim Walter Res., Inc.*, 452 F. Supp. 2d 882, 899 (S.D. Ind. 2006).

3. Four plaintiffs in this MCL filed Suggestions of Death more than 90 days ago. The relevant information and dates for those four cases is as follows:

| Plaintiff | Cause Number | Date on Which Suggestion of Death Was Filed | 90-Day Deadline for Motion to Substitute Party under Rule 25 |
|---|---|---|---|
| Simon, Lawrence and Shyaam Akasha | 1:16-cv-00343 | 2/9/2017 (Dkt. 3734) | 5/10/2017 |
| Seifert, John | 1:16-cv-02525 | 9/8/2017 (Dkt. 6138) | 12/7/2017 |
| Corley, Omel[2] | 1:17-cv-03379 | 10/12/2018 (Dkt. 9400) | 1/10/2019 |
| Renteria, Jeanette[3] | 1:18-cv-02780 | 6/12/2019 (Dkt. 11090) | 9/10/2019 |

4. As of the filing of this Motion, none of these Plaintiffs has filed a motion to substitute a party.

5. None of the listed plaintiffs filed a motion to substitute within 90 days of filing the Suggestions of Death. In fact, these plaintiffs have allowed anywhere between eight months and three years to pass since their filing of the Suggestions of Death without moving to substitute the proper parties. Because well over 90 days have passed without a motion for substitution, the action "must be dismissed" under Rule 25(a).

*6.* Although some courts have excused a plaintiff's failure to file a timely motion to substitute based on an attorney's excusable neglect, Plaintiffs' attorneys here were not only on

---

[2] Plaintiff Omel Corley was also the subject of Cook's Motion to Dismiss for Lack of Service of PPS [Dkt. 7600], filed February 1, 2018, and was given 45 days following the Court's March 3, 2018, Order to produce a Plaintiff Profile Sheet.
[3] Plaintiff Jeanette Renteria opposed Cook's Motion to Dismiss for Lack of Service of PPS [Dkt. 10600] in part by filing a notice of suggestion of death. *See* Dkt. Nos. 11090 and 11091.

notice of their clients' deaths, they filed the Suggestions of Death themselves. The circumstances therefore do not support any finding of excusable neglect. *See, e.g., Boyd v. El Paso Nat. Gas Co.*, 126 F.R.D. 699, 699 (D.N.M. 1989) (dismissing case and holding that attorney's misreading of rule did not constitute excusable neglect justifying relief from deadline); *Ashley v. Illinois Cent. Gulf R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983) (dismissing case for failure to comply with Rule 25 deadline, noting plaintiff's attorney's "lack of diligence" since death of plaintiff).

7. Accordingly, pursuant to Federal Rule of Civil Procedure 25(a), the Cook Defendants respectfully request that the Court dismiss the cases listed above with prejudice.

WHEREFORE, the Cook Defendants respectfully request that the Court dismiss the above-captioned matters, and for all other just and appropriate relief.

Dated: February 21, 2020

Respectfully Submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:	(317) 237-0300
Facsimile:	(317) 237-1000
Andrea.Pierson@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:	(260) 424-8000
Facsimile:	(260) 460-1700
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2020, a copy of the foregoing Motion to Dismiss was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson