UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: All Actions _____ | )<br>)<br>)<br>) 1:14-ml-02570-RLY-TAB<br>) MDL No. 2570<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER APPLYING INDIANA CHOICE OF LAW
TO DIRECT-FILED CASES**

Plaintiffs move the court to reconsider the court's October 29, 2019 decision to apply Indiana choice-of-law principles to direct-filed cases. For the reasons explained below, the motion is **GRANTED in part**.

**I.    Background**

There seems to have been confusion as to whether there was a direct-filing order filed in this case permitting foreign direct-filed cases to be treated as if they were transferred to this district by the Judicial Panel on Multi-District Litigation ("JPML"). In filings dated February 2, 2016 and March 27, 2017, the Cook Defendants represented that there was such an order. (*See e.g.*, Filing No. 1051, Cook Defendants' Memorandum in Support of Motion for Summary Judgment at 2; Filing No. 4186-1, Cook Defendants' Memorandum in Support of Motion for Judgment on the Pleadings Based on Statute of Repose at 2). The court relied on the Cook Defendants' (mistaken) representation and, in

1

the court's May 31, 2017 Entry on the Cook Defendants' Motion for Judgment on the Pleadings Based on Statute of Repose, the court analyzed the choice-of-law issue as though the Plaintiffs' cases subject to the motion were directly filed in this MDL forum pursuant to a direct filing order.  (*See* Filing No. 4918, Court's Entry Cook Defendants' Memorandum in Support of Motion for Judgment on the Pleadings Based on Statute of Repose at 3 ("This motion addresses those Plaintiffs, whose cases originated outside of this court's judicial district but were directly filed in this MDL forum ('foreign direct filed cases'), pursuant to the court's direct filing order.")).

The direct-filing issue arose again in June of 2019 when, after the parties had been working toward the selection of three bellwether trials from Categories 5 and 6, Plaintiffs Leadership Counsel notified the court that none of the Plaintiffs in the bellwether pool were willing to waive *Lexecon*.[1]  This led to briefing and oral argument over the application of *Lexecon* to foreign direct-filed cases.  It was at this time that the Cook Defendants found there is no direct-filing order in this case.  Given that circumstance and the fact that venue is otherwise proper in this district, the court declared that "[t]here is no direct-filing order entered in this case"; consequently, the court "has complete authority over cases originally filed in this court, just as it would over any other case originally filed in this district." (Filing No. 11131, Entry for June 13, 2019 at 2).  As a result, the court found "there is no '*Lexecon* right' in 23 of the 24 Bellwether Discovery Pool cases that were filed in this court[.]"  (*Id.*).

---

[1] *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

2

The direct-filing issue came to a head when the Cook Defendants filed a Renewed Motion for Summary Judgment Based on Applicable Statute of Limitations on September 5, 2019. There, they argued that because the court has "complete authority over cases originally filed in this court," the 144 cases subject to the motion—all of which were direct-filed—originated here; consequently, the forum choice-of-law rules (Indiana) apply to the Plaintiffs' cases. On October 29, 2019, after hearing oral argument on the choice-of-law issue, the court concluded that "[t]he cases at issue were originally filed in the Southern District of Indiana, Indianapolis Division, and are not 'direct-filed' cases." (Filing No. 12256, Entry on October 25, 2019 Hearing at 1). Therefore, the court held that Indiana law applied. Because the decision to apply Indiana law could adversely affect Plaintiffs from states with longer statutes of limitation than Indiana (e.g., Michigan, Montana, and Arkansas), Plaintiffs ask the court to reconsider its October 29, 2019 decision. At a minimum, they ask the court to modify the October 29 decision so that foreign cases directly filed in this MDL between May 31, 2017 and June 13, 2019 are treated as if there had been an explicit direct-filing order in place.

**II.    Discussion**

The law of case doctrine provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988) (quoting *Ariz. v. Cal.,* 460 U.S. 605, 618 (1983)); *Jarrard v. CDI Telecomm'ns, Inc.*, 408 F.3d 905, 911-12 (7th Cir. 2005). The court may revisit an earlier ruling, however, if there is a "a compelling reason, such as manifest error or a change in the law, that

3

warrants re-examination." *Minch v. City of Chi.,* 486 F.3d 294, 301 (7th Cir. 2007), *cert. denied,* ––– U.S. –––, 128 S.Ct. 924 (2008).

The court's May 31, 2017 Entry held that pursuant to the court's direct-filing order, foreign direct-filed cases would be treated as if they were transferred into this district by the JPML. That ruling became the law of the case. The parties now agree there was never an *express* direct-filing order issued in this case. (*See* Plaintiffs' Reply at 1 ("Plaintiffs are **not** asking the Court to hold that there ever was a direct-filing order. Plaintiffs simply say that for two years, the Court and the parties acted as if there was one.") (emphasis in original)). The court's May 31, 2017 Entry, which stated there was a direct-filing order, was therefore erroneous. Plaintiffs' counsel who directly filed foreign cases in this district between May 31, 2017 and October 29, 2019 may have read and relied on the May 31 Entry to conclude that there was, in fact, a direct-filing order in place. They should not be penalized for relying on that Entry. Given this unusual situation, the court finds the best course of action is to treat foreign cases filed between May 31, 2017 and October 29, 2019 as though there was an express direct filing order issued in this case.

### III. Conclusion

Plaintiff's motion to reconsider (Filing No. 12609) is **GRANTED in part**. The court hereby **MODIFIES** its October 29, 2019 decision such that foreign cases filed between May 31, 2017 and October 29, 2019 shall be treated as if a direct-filing order had been entered at the time of their filing, and shall be governed by the choice-of-law rule of the Plaintiffs' "home" jurisdiction. But because venue is otherwise proper in

Indiana, all other foreign direct-filed cases shall be governed by the choice-of-law rules of Indiana.

**SO ORDERED** this 24th day of February 2020.

                                              RICHARD L. YOUNG, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.