UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to 1:19-cv-02570, Barbara Snyder

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROVIDE PLAINTIFF PROFILE SHEETS**

Plaintiff Barbara Snyder ("Plaintiff") filed a Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Sheets [Dkt. 12801], previously dismissed for failure to produce a Plaintiff Profile Sheet. (Dkt. 12660). Plaintiff's Motion asks the Court for relief under Federal Rule 60(b) (and Rule 59(e), though as explained below, Rule 59(e) does not apply here). The Court should deny Plaintiff's request for three reasons:

- **The Court properly dismissed this case with prejudice.** The Court properly dismissed this case, and did not specify that dismissal was without prejudice. So, Federal Rule 41 treats dismissal as an "adjudication on the merits."

- **Federal Rule 60(b)(1) is not available here.** The Court should not set aside the Order. Rule 60(b)(1)'s extraordinary remedy is not available based on mere mistake on the part of counsel or failure to diligently complete discovery. Here, counsel's only argument blames a lack of communication: "undersigned counsel had not been able to get Ms. Snyder to respond with answers to the PPS form."

- **Setting aside the Order would be futile.** Reinstating Plaintiff's case would be futile. The Ohio statute of limitations bars cases not filed within two years of the discovery of an injury. Further, Ohio law does not grant a grace period to refile cases that have been dismissed "on the merits." Here, Plaintiff's CT scan demonstrating perforation occurred on May 12, 2017, over two years before Plaintiff moved to reconsider the Court's Order. So, Plaintiff's refiled case will be outside of the two years allowed by Ohio law to file a case. Further, the Court did not dismiss the Plaintiff's case for lack of jurisdiction, so her case is excluded from the savings statute.

Essentially, Plaintiff asks for relief from dismissal for failing to provide a plaintiff profile sheet, despite the fact Plaintiff admits dismissal was proper. Plaintiff filed her short-form complaint on June 25, 2019. On October 15, 2019, Cook Defendants sent Plaintiff's counsel a deficiency letter, which went unanswered. On October 29, 2019, Cook Defendants moved to dismiss her case for failure to provide a plaintiff profile sheet. (Dkt. 12273.) Then, on January 13, 2020 – over six months after filing – the Court dismissed Plaintiff's case. *See* Order on the Cook Defendants' Motion to Dismiss (the "Order"), Dkt. 12660. Plaintiff's Motion offers only vague "health concerns" as an excuse. Plaintiff's sole justification boils down to Plaintiff not prosecuting her case.

The Court dismissed Plaintiff's claims with prejudice and the Court should deny Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Sheets based on Plaintiff's failure to prosecute her case – which is not a ground for Rule 60(b)(1) relief – as it does not meet the standard for the extraordinary relief she requests. Further, even if Plaintiff's claims were not dismissed with prejudice, reinstatement would be futile. Plaintiff's case is barred by the Ohio statute of limitations and is not saved by Ohio law. Ohio R. C. § 2307.71, (the "SoL"); Ohio Revised Code § 2305.19 ("Ohio Savings Statute" or "OSS").

## Argument

### I. The Court properly dismissed Plaintiff's claims with prejudice.

The Plaintiff makes no attempt to argue dismissal for failure to provide a plaintiff profile sheet was not proper in the first instance. That fact alone counsels towards denying Plaintiff's Motion. Federal Rule 41(b) states that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless

the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Plaintiff admits the Order does not state that the dismissal was "without prejudice." (Motion, p. 2) As a result, pursuant to Federal Rule 41(b), Plaintiff's case was dismissed with prejudice.

## II. Plaintiff has not shown she is entitled to the extraordinary relief provided by Rule 60(b)(1) and the Court should not set aside its Order.

### A. The proper procedural vehicle to address Plaintiff's Motion is Rule 60(b).

Although Plaintiff requests relief under both Rule 60(b) and Rule 59(e), the proper procedural vehicle to address their request is Rule 60(b), which governs requests to vacate an order. Rule 60(b)'s bar is high: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015). Indeed, even where a lawyer's actions may be negligent or worse, the lawyer's errors are imputed to the party (under principles of agency law)

and are not permitted to burden the opposing party. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

In her Motion, Plaintiff specifies that her motion is brought pursuant to Rule 60(b) and Rule 59(e) because "counsel had not been able to get Ms. Snyder to respond" and unnamed "health concerns." *See* Dkt. 12801 at 2. "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."' *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing a Rule 60(b) motion premised on excusable neglect, "the most important consideration is 'the reason for the delay"'; if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).[1]

---

[1] Plaintiff's motion also cites Rule 59(e) as a claimed alternate source of relief, but Rule 59(e) does not apply here. Rule 59(e) "allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Egonwan v. Cook Cnty. Sherriff's Dep't*, 602 F.2d 845, 852 (7th Cir. 2010). "Motions under Rule 59(e) cannot be used to introduce evidence that could have been presented earlier," *id.*, nor can Rule 59(e) be used as "a vehicle for a party to undo its own procedural failures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Here, Plaintiff's request for relief is not premised on any new case law or newly discovered evidence, but on their claim that their attorney overlooked the requirement to submit a plaintiff profile sheet and thus failed to do so in the time available—a textbook "procedural failure." *See* Dkts. 10758-59 at 1. Such concerns are the purview of Rule 60(b), not 59(e). In any event, Rule 59(e) also sets a high bar that Plaintiff cannot meet, for the reasons discussed in the text. *See e.g., Caisse Nationale de Credit Agricole v CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("A party

**B. Rule 60(b)(1) relief based on "excusable neglect" is available only in exceptional circumstances.**

While Plaintiff's Motion for Reconsideration makes no attempt to specify the grounds for Rule 60(b) relief she alleges, as explained below, it appears that Plaintiff seeks relief because of "excusable neglect." Rule 60(b)(1) does not provide relief for counsel's neglect: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted). Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982)). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015). Even in situations where a lawyer's actions may be negligent or worse, the errors are imputed to the party (under principles of agency law) rather than burdening the opposing party in litigation. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

moving for reconsideration pursuant to Rule 59(e) bears a heavy burden of establishing that the court should reverse its prior judgment.").

Plaintiff specified in her Motion only that it is brought under Rule 60(b). Given Plaintiff does not allege mistake, inadvertence, surprise, newly discovered evidence, fraud, that a judgment is void, or that a judgment has been satisfied, the only possible avenue Plaintiff seeks is relief due to "excusable neglect." (See Motion, pp. 1-2.) "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."' *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing Rule 60(b) claims premised on excusable neglect, "the most important consideration is 'the reason for the delay"' and if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

As Magistrate Judge Tim Baker recently said: "If Plaintiff is not communicating with his counsel or otherwise prosecuting this case, the proper course is . . . to dismiss the case." (Dkt. 12815)

**C. Plaintiff's failure to contact her attorneys and vague allegations of "health concerns" for the six months preceding dismissal do not justify extraordinary relief under Rule 60(b)(1), and are not "exceptional circumstances."**

Plaintiff raises one argument in support of her Motion, which boils down to not responding to her attorneys for half of a year (because of "health concerns"). Plaintiff's blame does not establish a "good reason for missing the deadline." *Knapp*, 322 F.R.D. at 320.

First, a party cannot undo dismissal through Rule 60(b)(1) simply by failing to respond to her counsel and then vaguely alleging "health concerns" prevented responding for six months. Here, Plaintiff's Motion does *only* that, attempting to undo dismissal by placing blame on Plaintiff for being nonresponsive and asking for relief because of "health concerns." (Motion, p. 2.) Plaintiff's counsel, impliedly, assumes no responsibility. Plaintiff cannot escape the consequences of her failure to comply with the Court's Orders and her failure to prosecute her case without showing a "good reason for missing the deadline." No such reason has been shown.

Second, an MDL Plaintiff has a duty to comply with the Court's Orders. Indeed, Plaintiff does not deny knowing of the responsibility to submit a Plaintiff Profile Sheet for cases filed in the MDL. Plaintiff does not dispute that Cook properly served Plaintiff by filing electronically in the master docket or that ECF notices were sent to counsel that registered for electronic service as required by the Court. Plaintiff does not dispute knowing the consequences for noncompliance under the Court's Orders either. Simply put, Plaintiff has no reasonable explanation for failing to comply.

Plaintiff has failed to provide a reasonable or excusable explanation for her failure to submit a Plaintiff Profile Sheet. Rule 60(b) relief is an "extraordinary remedy [reserved for] exceptional circumstances," *Dickerson*, 32 F.3d at 1116, and as the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such an exceptional remedy. Simply put, errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – i.e., the Cook Defendants. *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.

Plaintiff has failed to establish that her case qualifies for relief under Rule 60(b)(1), and the Court should deny her Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

**III. Reinstatement would be futile because the Plaintiff's claims are barred by the Ohio statute of limitations.**

The Court should deny Plaintiff's Motion on the ground of futility because it would be barred by the statute of limitations. *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir. 1973) (noting the "salutary rule that a 60(b) motion should be buttressed by a showing of the existence of a meritorious claim or defense"). The medical records Plaintiff provided in support of her categorization date Plaintiff's perforation allegation back to May 12, 2017. The Ohio statute of limitations[2] requires that claims based on personal injury be filed within two years after the cause of action accrues. Ohio R.C. § 2307.71. Here, Plaintiff's claim could not have accrued later than May 12, 2017, when she alleges perforation was identified. She did move to reconsider the Court's dismissal until February 10, 2020, over two years later. Ohio's statute of limitations therefore bars her claims.

**IV. Reinstatement would be futile because the Plaintiff's barred claims are not saved by the Ohio Savings Statute.**

Cook anticipates that Plaintiff may argue in reply that her claim is saved by Ohio law. This argument fails because the Ohio Savings Statute does not apply under the circumstances here.

The OSS is a savings statute that permits a party to refile or reinstate an action within one year after it is dismissed and to calculate compliance with the statute of limitations based on the commencement date of the dismissed action rather than the new action. Ohio R.C. § 2305.19. The

[2] Plaintiff filed her case in the Southern District of Indiana, using a Short Form Complaint on June 25, 2019. The Court has ruled that Ohio's statute of limitations governs actions commenced in the Southern District of Indiana between May 31, 2017, and October 29, 2019. (Dkt. 12931)

statute does not apply, however, where plaintiff's claims are dismissed on the merits.[3] *Id.; Austin v. Miami Valley Hosp*. (Montgomery 1984) 19 Ohio App.3d 231 (holding dismissal based on failure to comply with discovery order was, absent express statement to the contrary, "on the merits," within the meaning of the exception to the Ohio Savings Statute).

Here, the Plaintiff's case was dismissed due to negligence in the prosecution of the case and failing to comply with the Court's Orders. As explained above, the Order dismissed this case with prejudice. As a result, dismissal was "on the merits" and the OSS does not apply and does not shield Plaintiff's new action from the Ohio statute of limitations.

In sum, the Court's dismissal of Plaintiff's case for failure to submit a plaintiff profile sheet and Plaintiff's negligence in the prosecution" of her case was "on the merits." The OSS does not save cases dismissed "on the merits." Plaintiff is not entitled to prevent application of the Ohio statute of limitations through the OSS.

## CONCLUSION

The Court dismissed Plaintiff's claims with prejudice, and Plaintiff did not make the requisite showing to justify the extraordinary remedy offered by Rule 60(b). Further, even assuming Plaintiff's claims were not already dismissed with prejudice, Plaintiff's case is barred by the statute of limitations and, because Plaintiff's case was dismissed on the merits, it is not saved by the OSS. Case law on each of these issues applies squarely to this case – and in Cook's favor. The Court should deny Plaintiff's Motion.

---

[3] In full, the Ohio Savings Statute states as follows:
(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

Respectfully submitted,

Dated: February 24, 2020

*/s/ Andrea Roberts Pierson*

Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: Andrea.Pierson@FaegreBD.com
Email: Jessica.Cox@FaegreBD.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*