**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Lawrence Simon et al v. Cook et al 1:16-cv-00343

## **PLAINTIFFS' OPPOSITION TO COOK'S MOTION TO DISMISS**

The above-titled Plaintiffs respectfully ask this Court to deny Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS ("Cook") Motion to Dismiss because the suggestion of death was a nullity and Rule 25(a) was amended to avoid this type of harsh and unfair results that the former inflexible version of Rule 25 mandated.

## **ARGUMENT**

**I.     Plaintiffs' Suggestion of death was a nullity.**

Federal Courts have held that in order for a suggestion of death to be valid, the suggestion must identify the successors to the estate. *Kessler v. S.E. Permanente Med. Group of N. Carolina, P.A.*, 165 F.R.D. 54, 56 (E.D.N.C. 1995)("The suggestion is not merely the receipt of actual knowledge of death; rather, the suggestion must identify the successor to the estate who may be substituted for the decedent."). If the suggestion of death does not include identification of the successors to the estate, it is ineffective. *Merit Ins. Co. v. Colao*, 75 C 899, 1986 WL 9543, at *5 (N.D. Ill. Aug. 27, 1986) ("[t]herefore, because the suggestion of death on the record was ineffective, the plaintiff's motion to substitute was timely.")

Here, Plaintiff's suggestion of death failed to identify any successor to the estate. See Exhibit A. Therefore, the suggestion was ineffective and did not trigger the Rule 25 time limits. As Rule 25 makes clear that filing a suggestion of death is discretionary and is not obligatory, this court should dismiss Cook's motion to dismiss. *Roberts v. Rowe*, 89 F.R.D. 398, 400 (S.D.W. Va. 1981)

Furthermore, if a party argues that there is no excusable neglect, courts have found that the "burden of showing excusable neglect has only been required in instances where a moving party has failed to move for substitution after <u>adequate</u> suggestion of death has been made upon the record." *Kessler v. S.E. Permanente Med. Group of N. Carolina, P.A.*, 165 F.R.D. 54, 57 (E.D.N.C. 1995)(*emphasis added*)  See also *Zeidman v. General Accident Insurance Company*, 122 F.R.D. 160 (S.D.N.Y.1988); *Farrington v. Benjamin*, 100 F.R.D. 474 (D.V.I.1984); *Ashley v. Illinois Central Gulf Railroad Company*, 98 F.R.D. 722 (S.D.Miss.1983).

## II. Cook seeks a harsh and unfair result when it has not suffered any prejudice.

Since Rule 25 was amended to remove the inflexibility of the previous version of Rule 25, courts have sought to uphold the spirit of amended Rule 25 by denying motions to dismiss when no prejudice can be shown. *Roberts v. Rowe*, 89 F.R.D. 398, 400 (S.D.W. Va. 1981) ("defendant has shown no circumstances indicating that it would be unfair to grant the motion after this lapse of time.")

As was the case with Rule 25, Rule 6(b) was also amended to eliminate inflexibility. Of note, here, "[t]he Advisory Committee on the Civil Rules noted: 'It is intended that the court shall have discretion to enlarge that period.' The amendments of Rules 6(b) and 25(a)(1) provided needed flexibility. It was assumed that discretionary extensions would be liberally granted. *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966).

Here, Cook cannot show, nor has it even argued that it has been prejudiced by the nullified suggestion of death or the lack of motion to substitute, as discovery in this case has been stayed. On the other hand, Plaintiffs will suffer a harsh and unfair punishment if their case is dismissed. As such, Cook's Motion must be denied.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court deny Cook's Motion for to Dismiss and grant Plaintiffs any relief that this Court deems appropriate.

Dated: February 27, 2020   */s/   Jeff Seldomridge*
Jeff Seldomridge VSB # 89552
The Miller Firm, LLC
108 Railroad Ave.
Orange, VA 22960
Phone: (866) 529-3323
Fax: (540) 672-3055
jseldomridge@millerfirmllc.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on 27th of February, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

                                          */s/ Jeff Seldomridge*
                                          Jeff Seldomridge