# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF INDIANA
 2                        INDIANAPOLIS DIVISION

 3

 4  IN RE: COOK MEDICAL, INC.,       )
    IVC FILTERS MARKETING, SALES     ) Cause No.
 5  PRACTICES AND LIABILITY,         ) 1:14-ML-2570-RLY-TAB
    LITIGATION                       ) Evansville, Indiana
 6                                   ) February 7, 2020
                                     ) 10:10 a.m.
 7                                   )

 8

 9

10                      Before the Honorable
                         RICHARD L. YOUNG
11
                   OFFICIAL REPORTER'S TRANSCRIPT OF
12                       STATUS CONFERENCE

13

14  For Plaintiffs:            Stuart L. Goldenberg, Esq.
                               Goldenberg Law PLLC
15                             800 Lasalle Avenue, Suite 2150
                               Minneapolis, MN  55415
16

17                             Ben C. Martin, Esq.
                               Law Offices of Ben C. Martin
18                             3710 Rawlins Street, Suite 1230
                               Dallas, TX  75219
19

20                             Joseph N. Williams, Esq.
                               Riley Williams & Piatt, LLC
21                             301 Massachusetts Ave.
                               Indianapolis, IN  46204
22

23
                               Michael W. Heaviside, Esq.
24                             Heaviside Reed Zaic
                               910 17th Street NW, Suite 800
25                             Washington, D.C.  20006
```

1  I've just handed up to you.
2              THE COURT:  Yes.
3              MS. PIERSON:  We also emailed that to Ms. Doyle.  As
4  you may recall from the last hearing, the trial has been
5  postponed to the first two weeks of June --
6              THE COURT:  Right.
7              MS. PIERSON:  -- in the McDermitt matter.  Since we
8  saw you last, we've taken a number of additional depositions,
9  and the Cook defendants and Mr. Goldenberg have worked
10 together to craft a schedule that we think fits the issues
11 that still exist in the case.
12             THE COURT:  Very good.
13             MS. PIERSON:  The only thing that I would draw your
14 attention to, Your Honor, we pushed a few deadlines back,
15 given a little more time; but the one thing that I draw your
16 attention to is Monday's deadline, February the 10th, for
17 limited summary judgment motions.  And specifically, Your
18 Honor, Cook believes that the McDermitt case is barred as a
19 matter of law by the statute of repose.  Recent depositions
20 have made that clear to us.  We've discussed that issue with
21 Mr. Goldenberg.  He disagrees but we do agree that this issue
22 should be briefed and decided, if possible, before the bulk of
23 the trial preparation expenses are incurred.
24             So we've crafted a schedule that would have us file
25 the motion with you on Monday.  Mr. Goldenberg would respond

1  out at this point is that this is the first time -- well,
2  within the last two weeks, I guess, that this statute of
3  repose argument has come up in this case.
4        Quite honestly, I was quite surprised by it and to
5  be fair, I don't believe that they'll be successful; but I
6  think it is very important that if, in fact, this is something
7  that they feel strongly about, it should be decided very
8  quickly.
9        I think regarding the timing of this, I'd really
10 like to ask Joe, if he could, to weigh in on this from the
11 PSC's perspective.  And Joe, if you'd be prepared to do that,
12 that would be great.
13       MR. WILLIAMS:  Do you mind, Your Honor?
14       THE COURT:  Sure.
15       MR. WILLIAMS:  The point we wanted to discuss was
16 back when we had our first three Bellwethers and we had Arthur
17 Gage's trial set as a second Bellwether and then Cook raised
18 the statute of limitation defense, which was granted by the
19 Court, the Court, if I recall, was --
20       THE COURT:  It was conceded, basically.
21       MR. WILLIAMS:  It was.  It was.  But the Court was a
22 little distressed that we spent time preparing for a
23 Bellwether trial that had such an obvious defect to it.  Cook
24 said to get this litigation moving, we've got to try these
25 lower injury cases.  Court granted that and set these three

1  things for trial.  There are no facts that exist today that
2  they didn't know within a week or two of McDermitt being
3  selected.
4         If there was a statute of repose problem -- as
5  Stuart said, we don't think there is -- it should have been
6  raised long ago to say:  You know what?  McDermitt may not be
7  a good Bellwether case because there's a statute of repose
8  problem.  And the Seventh Circuit has told us in a few recent
9  cases that both statutes of limitation and statute of repose
10 arguments can be waived, and they can be waived by conduct
11 inconsistent with their assertion.  And we suggest that that's
12 what's happened here.
13        If they really believed -- and I don't doubt that
14 they really believe that there's a statute of repose problem.
15 But the problem is they didn't raise it until we've
16 essentially done all pretrial preparation.  All that's left is
17 motion practice.  It risks losing our next trial and then
18 we're going to be almost two years out from our last
19 Bellwether trial.  At this point we think it's been waived and
20 we need to try McDermitt.
21        The point of trying McDermitt and the other -- the
22 next two Bellwethers that we've discussed is Cook claims that
23 there are a lot of no-injury cases and we need to find out if
24 a jury thinks they're worth it.  McDermitt has that and that's
25 why he was selected.

1  transfer.  It's document 12688 starting on Page 14.  They have
2  a list of seven things that they say, you know, these are the
3  things -- these are the basic core things that ought to happen
4  in an MDL before we can all declare victory and say the MDL
5  has been brought to conclusion.
6         The first one is, "The transferee judge should give
7  priority to deciding issues that are broadly applicable to
8  multiple claimants in the MDL."  I think there's no question
9  that Your Honor has done that.  Just to give two examples, the
10 preemption ruling.  That was a very, very important ruling
11 applicable to all claimants.  The question of whether Indiana
12 law should apply to punitive damages, broad ruling applicable
13 to all claimants.  No doubt Joe and Ben and Mike can give you
14 other examples better than I can.  So that's the first one.
15        Cook's second criterion.  "The transferee judge
16 should endeavor to use the MDL forum to resolve or streamline
17 the litigation before remand to the district courts."  I don't
18 think there's any question that that has been done.  We have a
19 short-form complaint.  We have a Plaintiff's fact statement or
20 whatever the proper term for it is.
21        My understanding -- and again, my co-counsel can
22 elaborate on it if necessary -- is that that statement has
23 resulted in categorization of cases.  Some whole categories
24 have been dismissed.  Some are the subject of certain kinds of
25 motions.  Others are the subject of other kinds of motion.

1  and remanded."  The rulings Your Honor has made have done
2  that.  Your Honor has decided the preemption issue.  Your
3  Honor has decided the choice of law as to punitive damages
4  issue.  Your Honor has no doubt decided other issues that I
5  don't have readily at hand.  So that's kind of the overarching
6  point I want to make is we feel like the cases are ready for
7  transfer.
8           As I understand it, the three Bellwethers -- the
9  next three Bellwethers are going to be tried in June of this
10 year, then there's Johnson in October of this year, and
11 Barrage exactly one year from tomorrow, February 8, 2021.  And
12 no doubt those -- those -- as they do, those dates will slide
13 a little bit.  But even if they don't, then under Cook's
14 preferred approach only then, a year from now, will we even be
15 able to begin talking about transfer of cases.  And of course,
16 again, they're going to make the same arguments at that time
17 that they're making now.  So what if the Plaintiff's
18 individual witnesses are located there; our corporate
19 witnesses are located here and Your Honor is familiar with
20 this.
21          Well, again, at some point, Your Honor, that logic
22 cannot prevail.  It simply can't prevail because -- because if
23 it does prevail, then Your Honor will be trying these cases
24 until the end of time and it is not incumbent upon an MDL
25 judge, and not even Cook argued this in that list of criteria,