UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTER MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

    MICHAEL SHIELDS
    1:19-cv-02850

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATON OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROVIDE PLAINTIFF PROFILE SHEETS**

Plaintiff Michael Shields ("Plaintiff"), by and through his counsel of record, respectfully files this Reply to Defendants' Opposition [Document No. 12937] to Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Sheets ("PPS") under Federal Rule of Civil Procedure 59(e) and 60(b) and requests the Court reconsider is order dismissing Plaintiff's case [Documents Nos. 12660 and 11]. Plaintiff asks the Court to grant the Motion and reinstate his case in the MDL for the reasons set forth herein. In support of this Motion, the Plaintiff states:

    1)    In determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)

    2)    In determining whether to provide Rule 60(b) relief, the Court has discretion to reinstate a Plaintiff's case for reasons of: "(1) mistake, inadvertence., …or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. Pro. 60(b)(1)(6).

1

Trial on the merits is strongly favored over default judgments, especially "where the default has not been willful." *A.F. Dormeyer Co., v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 43 (7th Cir. 1972). Factor's that may be considered in assessing whether relive under Rule 60(b) is warranted include (1) the impact of the delay on the judicial proceedings, (2) the prejudice to the non-moving party, and (3) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Assoc's Ltd. P'ship,* 507 U.S. 380.

3. In the present case, there has been no delay in the overall judicial proceedings as a result of Plaintiff's failure to timely file the Plaintiff Profile Sheet (PPS).[1] The Bellwether selection process is well underway and proceeding.

4. There is no prejudice to Defendants. Plaintiff's failed to timely file a form that provided a summary of information about his case. Defendants are now in possession of that information. As such, there is no prejudice to Defendants.

5. Plaintiff acted in good faith. The failure to timely file the PPS was an inadvertent mistake in the way of communication break-down between the Plaintiff and counsel, and not an act by Plaintiff in bad faith.

6. Defendants opposition argues that setting aside the Order would be futile inasmuch as the Texas statute of limitations bars cases not filed within two years of discovery of an injury. Plaintiff is asking for reinstatement of his existing complaint, which was timely filed with the applicable two-year statute of limitations. He is not filing a new complaint or attempting to re-enter the MDL.

---

[1] Since the filing of his Motion for Reconsideration, Plaintiff has submitted his completed PPS to the Defendants.

7. Mr. Shield's case is not set for trial and has not been included in the Bellwether selection process. Granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendants.

8. When balancing harm to the parties, the potential dismissal of Plaintiff's claims with prejudice far outweighs any possible prejudice caused to the defendants by the delay in receipt of the PPS in this specific case.

WHEREFORE, based on the forgoing, Plaintiff respectfully moves this Court to vacate its order granting dismissal and reinstate his case in MDL 2570.

**Respectfully submitted,**

Dated: March 2, 2020

*/s/ Ben C. Martin*
Ben C. Martin, Bar No. 13052400
**Martin Baughman, PLLC**
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

*Attorney for Plaintiff*

3

## CERTIFICATE OF SERVICE

      I hereby certify that on March 2, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                     */s/ Ben C. Martin*
                                                     Ben C. Martin