THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**This Document Relates to Plaintiff(s)**

<u>Shirley Dukes</u>

Civil Case #<u>1:16-CV-3443</u>

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROVIDE CASE CATEGORIZATION FORM

Plaintiff Shirley Dukes ("Plaintiff"), by and through her counsel of record, respectfully files this Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Categorization Form under Federal Rule of Civil Procedure 60(b) and requests the Court reconsider the order dismissing Plaintiff's case [Doc. No. 10622]. Plaintiff asks the Court to grant the Motion and reinstate her case in the MDL for the reasons set forth herein. In support of this Motion, the Plaintiff states:

1) Plaintiff was implanted with a Cook Gunther Tulip Vena Cava Filter on September 21, 2012.

2) Plaintiff filed her Short Form Complaint on December 21, 2016.

3) Plaintiff served her Plaintiff Profile Form and Plaintiff Fact Sheet on January 31, 2017.

4) Plaintiff's legal team consists of Michael Phelan and Brielle Hunt and the law firm of Phelan Petty. Up until April 2018, Phelan Petty had a designated mass torts director responsible for handling the firm's mass torts inventory.

5) Both Mr. Phelan and Ms. Hunt were under the impression that the mass torts director had properly submitted the *pro hac vice* applications for both attorneys, and that both attorneys were registered to receive Notices of Electronic Filings.

6) Unbeknownst to Mr. Phelan and Ms. Hunt, Ms. Hunt had never been admitted *pro hac vice* and had never been registered to receive Notices of Electronic Filings.

7) The mass torts director left the firm in April 2019. At that time, Ms. Hunt assumed management of the firm's mass tort inventory.

8) For a period of six months following her departure, the mass torts director's emails were being forwarded to Ms. Hunt.

9) During this time period, Ms. Hunt was receiving Notices of Electronic Filings in this litigation only because the mass torts director was a secondary user on Mr. Phelan's account and her emails were being forwarded to Ms. Hunt.

10) At the expiration of the six month period in October 2018, Ms. Hunt stopped receiving the forwarded Notices of Electronic Filings.

11) The Court first required the submission of a Case Categorization Form on November 16, 2018 [Doc. No. 9618-1].

12) Plaintiff's counsel was inadvertently not aware of the requirement that a case categorization form be filed and as such, a case categorization form was never filed in this case.

13) Defendants filed their Second Amended Motion to Dismiss [Doc. No. 10211] on February 21, 2019.

14) Plaintiff's counsel was inadvertently not aware that a Motion to Dismiss had been filed in this case which is why Plaintiff's counsel never opposed or responded to the Motion.

15) The Court entered its Order on the Defendants' Motion to Dismiss [Doc. No. 10622] on May 8, 2019, dismissing Plaintiff's case for failure to produce a categorization form without prejudice.

16) Plaintiff's counsel learned of the deficiency on February 7, 2020 and immediately investigated the inadvertence.

17) Plaintiff's Case Categorization Form is attached to this Motion as Exhibit A.

18) Plaintiff's case is and has never been set for trial and has not been included in the Bellwether selection process. Granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendants.

19) When balancing harm to the parties, the dismissal of Plaintiff's claims far outweighs any possible prejudice caused to the Defendants by the delay in receipt of the categorization form in this specific case.

20) Fed. R. Civ. P. 60 allows the court to relieve a party from a final judgment, order or proceeding for "mistake, inadvertence, surprise, or excusable neglect" so long as the motion is made no more than a year after the entry of the judgment or order or date of the proceeding. *See* Fed. R. Civ. P. 60(b)(1)-(c).

WHEREFORE, based on the foregoing, Plaintiff respectfully moves this Court to vacate its order granting dismissal and to reinstate the case in MDL 2570.

DATED: March 3, 2020

Respectfully submitted,
/s/ Michael G. Phelan
Michael G. Phelan
Virginia Bar No. 27652
PHELAN PETTY PLC
6641 West Broad Street, Ste. 406
Richmond, Virginia 23230
Telephone: (804)980-7100
Facsimile: (804)767-4601
mphelan@phelanpetty.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2020 a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Michael G. Phelan*
Michael G. Phelan