UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTER MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

      RICHARD NUNEZ
      1:19-cv-04169

**PLAINTIFF'S MOTION FOR RECONSIDERATON OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROVIDE <u>PLAINTIFF PROFILE SHEETS</u>**

    Plaintiff Richard Nunez ("Plaintiff"), by and through his counsel of record, respectfully files this Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Sheets ("PPS") under Federal Rule of Civil Procedure 59(e) and 60(b), and respectfully requests the Court to reconsider its order dismissing Plaintiff's case [Documents Nos. 12767 and 10].  Plaintiff asks the Court to grant the Motion and reinstate his case in the MDL for the reasons set forth herein.  In support of this Motion, the Plaintiff states:

    1)    Mr. Nunez was implanted with a Cook Gunther Tulip filter in Indiana.

    2)    Plaintiff filed his Short Form Complaint ("SFC") on October 10, 2019.

    3)    Plaintiff's counsel attempted to contact Mr. Nunez regarding completion of the PPS immediately after the filing of his SFC but was unable to make contact.

    4)    Defendants' filed their Motion to Dismiss [Document No. 12530] on December 5, 2019.

5) The Court entered its Order on the Cook Defendants' Motion to Dismiss [Document 12767], on February 5, 2020, dismissing Plaintiff's case for failure to produce a PPF without reference as to whether the dismissal was with or without prejudice.

6) Plaintiff's counsel was ultimately able to contact Mr. Nunez, prepare and serve his PPS on Defendants on February 7, 2020.[1]

7) In the present case, there has been no delay in the overall judicial proceedings as a result of Plaintiff's failure to timely serve the PPS.  The Bellwether selection process is well underway and proceeding. Mr. Nunez's case is not set for trial and has not been included in the Bellwether selection process.  Granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendants.

8) There is no prejudice to Defendants.  Plaintiff's failed to timely serve a form that provided a summary of information of this case.  Defendants are now in possession of that information.  As such, there is no prejudice to Defendants.

9) Plaintiff acted in good faith.  The failure to timely serve the PPS was an inadvertent mistake in the way of a communication break-down between Plaintiff and counsel, and not an act by Plaintiff of bad faith.

10) When balancing harm to the parties, the potential dismissal of Plaintiff's claims with prejudice far outweighs any possible prejudice caused to the defendants by the delay in receipt of the PPS in this specific case.

WHEREFORE, based on the forgoing, Plaintiff respectfully moves this Court to vacate its order granting dismissal and reinstate his case in MDL 2570.

---

[1] Exhibit A, E-mail serving Plaintiff's PPS on Defendants, dated February 7, 2020.

        **Respectfully submitted,**

Dated: March 4, 2020        */s/ Ben C. Martin*
        Ben C. Martin, Bar No. 13052400
        **Martin Baughman, PLLC**
        3710 Rawlins Street, Suite 1230
        Dallas, Texas 75219
        Telephone: (214) 761-6614
        Facsimile: (214) 744-7590
        bmartin@martinbaughman.com

        ***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                  */s/ Ben C. Martin*
                                                  Ben C. Martin