# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

*MDL No. 2570*

IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION

In completing this **Plaintiff Profile Sheet**, you are under oath and must provide information that is true and correct to the best of your knowledge. The Plaintiff Profile Form shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.

## I. CASE INFORMATION

**Caption:** _____  **Date:** _____
**Docket No.:** _____
**Plaintiff(s) attorney and Contact information:**
_____
_____
_____
_____

## II. PLAINTIFF INFORMATION

1. Please State:
   a. Full name of the person who received the Cook Inferior Vena Cava Filter(s), including maiden name (if applicable):_____
   b. If you are completing this form in a representative capacity (e.g., on behalf of the estate of a deceased person), please list your full name and your relationship to the person listed in 1(a) above:_____
      [If you are completing this form in a representative capacity, please respond to the remaining questions with respect to the person who received the Cook IVC Filter.]
2. Spouse: _____ Loss of Consortium?  ☐Yes ☐No
3. Date of birth:_____
4. Date of death (if applicable):_____
5. Social Security No.:_____
6. Current Address: _____
   a. If you have lived at this address for less than ten (10) years, provide each of your prior residential addresses from 2006 to the present:

| Prior Address | Dates You Lived at this Address |
|---|---|
|  |  |
|  |  |
|  |  |

7. If you have ever been married, provide (a) the name of your current spouse and the date you were married and (b) the name of your ex-spouse(s) and the date of each marriage.

_____

_____

_____

8. Do you have children? ☐Yes ☐No

If yes, please provide the following information with respect to each child:

| Name and Address of Child | DOB | Is the Child Dependent on You? |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

9. Other than children identified above, identify the name and age of any person who currently resides with you and their relationship to you:

_____

_____

_____

_____

10. Please state your highest level of education: some high school, high school graduate, some college, college graduate, or post-graduate degree and identify the institution at which you attained your highest level of education.

_____

11. Are you claiming damages for lost wages: ☐Yes ☐No

12. If so, for what time period: _____

13. Please provide the following employment information for the period beginning two years before your IVC filter implant or the past 10 years, whichever is shorter:

| Employer | Job Title/Duties | Dates of Employment | Salary/Pay Rate |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

   a.     Have you filed for bankruptcy from 2 years prior to the date of first placement of the Inferior Vena Cava Filter to the present?: ☐Yes ☐No

   b.     If so, state the year you filed and whether the bankruptcy trustee been notified of your pending claim.

_____

14. Have you ever served in any branch of the military? ☐Yes ☐No

   a.     If yes, please provide the branch and dates of service, rank upon discharge and the type of discharge you received:

_____

15. Within the last ten (10) years, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty? ☐Yes ☐No

If yes, please set forth where, when and the felony and/or crime of fraud and/or dishonesty:

_____

_____

16. Do you have a computer?  ☐Yes ☐No

17. If so, do you now or have you in the past had an account with Facebook, Twitter, Instagram, Vine, Snapchat, YouTube, LinkedIn or other social media websites? ☐Yes ☐No ☐Not Applicable

## III. DEVICE INFORMATION

1. Date of Implant: _____
2. Reason for Implant: _____
3. Brand Name: _____
4. Mfr. _____
5. Lot Number: _____
6. Placement Physician (Name/Address):_____
7. Medical Facility (Name/Address): _____

(This section to be used if more than one filter is at issue)

1. Date of Implant: _____
2. Reason for Implant: _____
3. Brand Name: _____
4. Mfr. _____
5. Lot Number: _____
6. Placement Physician (Name/Address):_____
7. Medical Facility (Name/Address): _____

Have you ever been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for the treatment of the same condition(s) identified in your answer above?

    a.  If yes, please identify any such device(s) or product(s). _____

    b.  When was this device or product implanted in you? _____

    c.  Provide the name, address and phone number of the physician(s) who implanted this other device or product? _____

    d.  Provide the name and address of facilities where the other device or product implanted in you? _____

    e.  State your understanding of why was the other device or product implanted in you? _____

*• Attach medical evidence of product identification*

## IV. RETRIEVAL/REMOVAL/EXPLANT PROCEDURE INFORMATION

1. Date of retrieval (including any attempts): _____
2. Type of retrieval: _____
3. Retrieval physician (Name/Address): _____
4. Medical Facility (Name/Address): _____
5. Reason for Retrieval: _____

(This section to be used if more than one retrieval attempted)

1. Date of retrieval (including any attempts): _____
2. Type of retrieval: _____
3. Retrieval physician (Name/Address): _____
4. Medical Facility (Name/Address): _____
5. Reason for Retrieval: _____

1. Date of retrieval (including any attempts): _____
2. Type of retrieval: _____
3. Retrieval physician (Name/Address): _____
4. Medical Facility (Name/Address): _____
5. Reason for Retrieval: _____

1. Date of retrieval (including any attempts): _____
2. Type of retrieval: _____
3. Retrieval physician (Name/Address): _____
4. Medical Facility (Name/Address): _____
5. Reason for Retrieval: _____

## V. OUTCOME ATTRIBUTED TO DEVICE

| | |
|---|---|
| ☐ Migration | ☐ Other_____ |
| ☐ Tilt | ☐ Other_____ |
| ☐ Vena Cava Perforation | ☐ Other_____ |
| ☐ Fracture | ☐ Other_____ |
| ☐ Device is unable to be retrieved | ☐ Other_____ |
| ☐ Bleeding | ☐ Other_____ |
| ☐ Organ Perforation | ☐ Other_____ |

## VI. HOW OUTCOME(S) ATTRIBUTED TO DEVICE DETERMINED

_____ by _____
(e.g. imaging studies, surgery, doctor visits)
_____ by _____

_____ by _____

_____ by _____

## VII. CURRENT COMPLAINTS

Describe all injuries and physical complaints you attribute to the device:

_____

_____

_____

_____

## VIII. MEDICAL BACKGROUND

1. Provide your current: Age _____ Height _____ Weight _____
2. Provide your: Age _____ Weight _____(approximate, if unknown) at the time the Cook Inferior Vena Cava Filter was implanted in you.

3. In chronological order, list any and all hospitalizations and outpatient procedures you had in the five (5) year period BEFORE implantation of the Cook Inferior Vena Cava Filter(s). Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each hospitalization or outpatient procedure; and provide the approximate date(s) for each:

| Approximate Date | Doctor or Healthcare Provider Involved (including address) |
|---|---|
| | |
| | |
| | |

*[Attach additional sheets as necessary to provide the same information for any and all surgeries leading up to implantation of the Cook Inferior Vena Cava Filter(s)]*

4. <u>Before the implantation</u> of the Cook Inferior Vena Cava Filter(s), did you regularly exercise or participate in activities that required lifting or strenuous physical activity?

   ☐ Yes  ☐ No

5. In chronological order, list any and all hospitalizations and outpatient procedures you had AFTER implantation of the Cook Inferior Vena Cava Filter(s). Identify by name and address the doctor(s), hospital(s) or other healthcare provider(s) involved with each hospitalization or outpatient procedure, and provide the approximate date(s) for each:

| Approximate Date | Doctor or Healthcare Provider Involved (including address) |
|---|---|
| | |
| | |
| | |

6. To the extent not already provided in the charts above, provide the name, address, and telephone number of every doctor, hospital or other health care provider from which you have received medical advice and/or treatment in the past seven (7) years:

| Name and Specialty | Address | Approximate Dates/Years of Visits |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

7.  <u>Since the date</u> that the Cook Inferior Vena Cava Filter(s) was implanted, have you regularly exercised, or regularly participated in activities that required lifting, or regularly engaged in strenuous physical activity?

   ☐Yes ☐No

   Describe each activity which you contend has been limited or which you contend that you can no longer engage in because of receiving of your Cook Inferior Vena Cava Filter(s).

   _____

   _____

8.  Number of Deep Vein Thromboses before and after implant of your Cook IVC Filter:

   _____

9.  Number of Pulmonary Emboli before and after the implant of your Cook IVC filter:

   _____

10. If you had any of the following conditions beginning five years before your IVC filter implant or after it was implanted, please provide the requested information.

| Condition | Date Range | Treating Doctor and/or Facility |
|---|---|---|
| Lupus<br>☐Yes ☐No |  |  |
| Crohn's Disease<br>☐Yes ☐No |  |  |
| Factor V Leiden<br>☐Yes ☐No |  |  |
| Protein Deficiency<br>☐Yes ☐No |  |  |
| Spinal fusion/back sx<br>☐Yes ☐No |  |  |

| Anti-thrombin deficiency ☐Yes ☐No | | |
|---|---|---|
| Prothrombin mutation ☐Yes ☐No | | |

11. For the period beginning five (5) years before your IVC implant to the present date, describe all major health problems and surgeries you recall, other than those listed above.

| Approx. Date  Range | Health Problem or Surgery |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

12. If you are seeking damages for emotional distress in this lawsuit, you must respond to this question:

Have you experienced, been diagnosed with or received psychiatric or psychological treatment of any type, including therapy, for any mental health conditions including depression, anxiety or other emotional or psychiatric disorders during the three (3) years prior to the filing of this lawsuit through the present?  ☐Yes ☐No

If yes, specify condition, date of onset, medication/treatment, treating physician and current status of condition:

_____

_____

_____

13. Do you now or have you ever smoked tobacco products?  ☐Yes ☐No

   If yes: How long have/did you smoke? _____

14. List each prescription medication you have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present, please provide the following.

| Medication | Reason for Taking | Dates of Use | Pharmacy (with Address if Known) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## IX.  PRIOR CLAIM INFORMATION & FACT WITNESSES

1. Have you filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury? ☐Yes ☐No.  If yes, specify:

   a.  Court in which lawsuit/claim was filed or initiated:_____

   b.  Case/Claim Number:_____

   c.  Nature of Claim/Injury:_____

2. Have you applied for Workers' Compensation (WC), Social Security disability (SSI or SSD) benefits, or other State or Federal disability benefits since the placement of the device? ☐Yes ☐No.  If yes, specify:

   a.  Date (or year) of application:_____

   b.  Type of benefits sought:  _____

   c.  Agency/Insurer from which you sought the benefits:_____

   d.  The nature of the claimed injury/disability: _____

e. Whether the claim was accepted or denied: _____

3. Identify by name, address and relationship to you, all persons (other than your healthcare providers) who possess information concerning your injuries and/or current medical condition:

| Name | Address (if known) | Relationship to You |
|------|--------------------|--------------------|
|      |                    |                    |
|      |                    |                    |
|      |                    |                    |
|      |                    |                    |
|      |                    |                    |

## X. DOCUMENT REQUESTS

In addition to the requirements in Amended Case Management Order #4, Section 1.d., that each plaintiff shall provide the defendants with hard copies or electronic files of all medical records in their possession or in the possession of their attorneys or other representatives, including, but not limited to, records that support product identification, state whether you have any of the following documents in your possession or in the possession of your attorneys or other representatives.  If you do, please provide a true and correct copy of any such documents with this completed Profile Sheet.

1. If you were appointed by a Court to represent the plaintiff in this lawsuit, produce any documents demonstrating such appointment.
   Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☐Does not apply to me

2. If you represent the Estate of a deceased person in this lawsuit, produce a copy of the decedent's death certificate and autopsy report (if applicable).
   Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☐Does not apply to me

3. Produce any Cook Inferior Vena Cava Filter product packaging, labeling, advertising, or any other product-related items.
   Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☐Does not apply to me

4.  Produce all documents concerning any communication between you and the Food and Drug Administration (FDA), or between you and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue, except those communications that are attorney/client or work product privileged or that are between your counsel in this case and Cook or Cook's counsel.

    Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☐Does not apply to me

5.  Produce all documents, correspondence or communication relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or you, except those communications that are attorney/client or work product privileged or that are between your counsel in this case and Cook or Cook's counsel.

    Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☐Does not apply to me

6.  Produce all documents describing risks and/or benefits of Inferior Vena Cava Filters, which you received before your procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s)

    Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☐ Does not apply to me

7.  Produce any and all documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

    Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☐ Does not apply to me

8.  If you underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

    Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☐ Does not apply to me

9.  If you claim lost wages or lost earning capacity, produce copies of your Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date, redacting irrelevant information.

    Applies to me and: ☐the documents are attached OR ☐I have no documents OR ☐ Does not apply to me

10. All documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders

Applies to me and: ☐ the documents are attached OR ☐ I have no documents OR ☐ Does not apply to me

## AUTHORIZATIONS

Provide ONE (1) SIGNED ORIGINAL copy of the records authorization form attached in Exhibit A. The form will authorize counsel for the Cook Group Companies to obtain those records identified within this Claimant Profile Form.

## VERIFICATION

I, _____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
[Signature of Claimant]

## VERIFICATION OF LOSS OF CONSORTIUM (if applicable)

I, _____, declare under penalty of perjury subject to all applicable laws, that I have carefully reviewed the final copy of this Claimant Profile Form dated _____ and verified that all of the information provided is true and correct to the best of my knowledge, information and belief.

_____
[Signature of Consortium Plaintiff]

# EXHIBIT A

**AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION**

To:

I, the undersigned, hereby authorize and request the Custodian of the above-named entity to disclose to Faegre Drinker Biddle & Reath LLP, 300 N. Meridian Street, Suite 2500 Indianapolis, IN 46204, any and all medical records, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.

This authorization specifically does **not** permit Faegre Drinker Biddle & Reath LLP to discuss any aspect of my medical care, medical history, treatment, diagnosis, prognosis, or any other circumstances revealed by or in the medical records with my medical providers, past or present, ex parte and without the presence of my attorney.  Records requested may include, but are not limited to:

a)    all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, communicable disease testing and treatment records, correspondence, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consent for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports and requisition records, and any other written materials in its possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatments or procedures.  I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. This authorization and release does not allow _____ to request or take possession of pathology/cytology specimens, extracted mesh, pathology/cytology or hematology slides, wet tissue or tissue blocks.

b)    complete copies of all prescription profile records, prescription slips, medication records, orders for medication, payment records, insurance claims forms correspondence and any other records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ **v. Cook Medical Inc., et al.** or (ii) five (5) years after the date of signature of the undersigned below.  The purpose of this authorization is for civil litigation.

**NOTICE**
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Drinker Biddle & Reath LLP except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS records and information to Faegre Drinker Biddle & Reath LLP.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**

- **The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by <u>Faegre Drinker Biddle & Reath LLP</u>.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Faegre Drinker Biddle & Reath LLP</u>.

| | |
|---|---|
| Name of Patient (Print) | Signature of Patient or Individual |
| Former/Alias/Maiden Name of Patient | Date |
| Patient's Date of Birth | Name of Patient Representative |
| Patient's Social Security Number | Description of Authority |
| Patient's Address | |

**AUTHORIZATION AND CONSENT**
**<u>TO RELEASE PSYCHOTHERAPY NOTE</u>**

Name of Individual:
Social Security Number:
Date of Birth:
Provider Name:

TO:   All physicians, hospitals, clinics and institutions, pharmacists and other healthcare providers

The Veteran's Administration and all Veteran's Administration hospitals, clinics, physicians and employees

The Social Security Administration

Open Records, Administrative Specialist, Department of Workers' Claims

All employers or other persons, firms, corporations, schools and other educational institutions

The undersigned individual herby authorizes each entity included in any of the above categories to furnish and disclose to Faegre Drinker Biddle & Reath LLP, 300 N. Meridian Street, Suite 2500, Indianapolis, IN 46204, and its authorized representatives, true and correct copies of all "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize Faegre Drinker Biddle & Reath LLP to engage in ex parte communication concerning same.

- This authorization provides for the disclosure of the above-named patient's protected health information for purposes of the following litigation matter: _____ v. Cook Medical, Inc., et al.

- The undersigned individual is hereby notified and acknowledges that any health care provider or health plan disclosing the above requested information may not condition treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization.

- The undersigned individual is hereby notified and acknowledges that he or she may revoke this authorization by providing written notice to Faegre Drinker Biddle & Reath LLP and/or to one or more entities listed in the above categories, except to the extent that any such entity has taken action in reliance on this authorization.

- The undersigned is hereby notified and acknowledges that he or she is aware of the potential that protected health information disclosed and furnished to the recipient pursuant to this authorization is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- The undersigned is hereby notified that he/she is aware that any and all protected health information disclosed and ultimately furnished to Faegre Drinker Biddle & Reath LLP in accordance with orders of the court pursuant to this authorization will be shared with any and all co-defendants in the matter of _____ v. Cook Medical, Inc., et al. and is subject to redisclosure by the recipient for the purposes of this litigation in a manner that will not be protected by the Standards for the Privacy of Individually Identifiable Health Information contained in the HIPAA regulations (45 CFR §§164.500-164.534).

- A photocopy of this authorization shall be considered as effective and valid as the original, and

US.110158128.02

this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned.

**I have carefully read and understand the above and do hereby expressly and voluntarily authorize the disclosure of all of my above information to <u>Faegre Drinker Biddle & Reath LLP</u> and its authorized representatives, by any entities included in the categories listed above.**

Date: _____

_____
Signature of Individual or Individual's Representative

Individual's Name and Address:

_____

_____
Printed Name of Individual's Representative (If applicable)

_____

_____
Relationship of Representative to Individual (If  applicable)

_____

_____
Description of Representative's authority to act for Individual (If applicable)

**This authorization is designed to be in compliance with the Health Insurance Portability and Accountability Act, and the regulations promulgated thereunder, 45 CFR Parts 160 and 164 (collectively, "HIPAA").**

### AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to Faegre Drinker Biddle & Reath LLP, 300 N. Meridian Street, Suite 2500, Indianapolis, IN 46204, any and all records containing insurance information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.  Records requested may include, but are not limited to:

> applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.  By signing this authorization, I expressly do not authorize Faegre Drinker Biddle & Reath to engage in any ex parte interview or oral communication about me or any information contained in the materials produced without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ **v. Cook Medical, Inc., et al.** or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.

**NOTICE**

- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Drinker Biddle & Reath LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that she/he shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Faegre Drinker Biddle & Reath LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Faegre Drinker Biddle & Reath LLP</u>.

| | |
|---|---|
| _____ | _____ |
| Name of Individual | Signature of Individual or Individual Representative |
| _____ | _____ |
| Former/Alias/Maiden Name of Individual | Date |
| _____ | _____ |
| Individual's Date of Birth | Name of Individual Representative |
| _____ | _____ |
| Individual's Social Security Number | Description of Authority |
| _____ | |
| Individual's Address | |

## AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION

To: _____

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of  Faegre Drinker Biddle & Reath LLP, 300 N. Meridian Street, Suite 2500, Indianapolis, IN 46204, any and all records containing Medicaid information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature. This authorization should also be construed to permit agents or designees of Faegre Drinker Biddle & Reath LLP to copy, inspect and review any and all such records.  Records requested may include, but are not limited to:

> all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospitals, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of _____; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ v. Cook Medical, Inc., et al. or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.  By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my medical history by Faegre Drinker Biddle & Reath LLP without the presence of my attorney.

### NOTICE

- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Faegre Drinker Biddle & Reath LLP, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by Faegre Drinker Biddle & Reath LLP.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Faegre Drinker Biddle & Reath LLP</u>.

| | |
|---|---|
| _____ | _____ |
| Name of Individual | Signature of Individual or Individual |
| _____ | _____ |
| Former/Alias/Maiden Name of Individual | Date |
| _____ | _____ |
| Individual's Date of Birth | Name of Individual Representative |
| _____ | _____ |
| Individual's Social Security Number | Description of Authority |
| _____ | |
| Individual's Address | |

**AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to <u>Faegre Drinker Biddle & Reath LLP, 300 N. Meridian Street, Suite 2500, Indianapolis, IN 46204,</u> any and all records containing employment information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.  Records requested may include, but are not limited to:

> all applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; all hospital, physician, clinic, infirmary, nurse, dental records; test results, physical examination records and other medical records; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; material safety data sheets, chemical inventories, and environmental monitoring records and all other employee exposure records pertaining to all positions held; and any other records concerning employment with the above-named entity.  I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.  By signing this authorization, I expressly do not authorize any ex parte interview or oral communication about me or my employment history by <u>Faegre Drinker Biddle & Reath LLP</u> without the presence of my attorney.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ **v. Cook Medical, Inc., et al.**  or (ii) five (5) years after the date of signature of the undersigned below.  A copy of this authorization may be used in place of and with the same force and effect as the original.  The purpose of this authorization is for civil litigation.

**NOTICE**
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to <u>Faegre Drinker Biddle & Reath LLP</u>, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by <u>Faegre Drinker Biddle & Reath LLP.</u>**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to <u>Faegre Drinker Biddle & Reath LLP</u>.

| | |
|---|---|
| _____ | _____ |
| Name of Employee | Signature of Employee or Employee Representative |
| _____ | _____ |
| Former/Alias/Maiden Name of Employee | Date |
| _____ | _____ |
| Employee's Date of Birth | Name of Employee Representative |
| _____ | _____ |
| Employee's Social Security Number | Description of Authority |
| _____ | |
| Employee's Address | |

**AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to
Faegre Drinker Biddle & Reath LLP, 300 N. Meridian Street, Suite 2500, Indianapolis, IN 46204, any and all records containing Workers' Compensation information, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature.  Records requested may include, but are not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records, transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made; investigatory reports and records; applications for employment; records of all positions held; job descriptions of any positions held; salary records; performance evaluations and reports; statements and comments of fellow employees; attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or invoices; and any other records relating to the above-named individual. Copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization  will remain in effect until the earlier of: (i) the date of settlement or final disposition of _____ **v. Cook Medical, Inc., et al.** or (ii) five (5) years after the date of signature of the undersigned below. The purpose of this authorization is for civil litigation.   This authorization is for the release of records only and does not allow Faegre Drinker Biddle & Reath to engage in ex parte communications regarding the subject matter of this release and without the presence of my attorney.

**NOTICE**

- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to  <u>Faegre Drinker Biddle & Reath LLP</u>, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **The individual signing this authorization understands that they shall be entitled to receive a copy of all documents requested via this authorization within a reasonable period of time after such records are received by <u>Faegre Drinker Biddle & Reath LLP</u>.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Faegre Drinker Biddle & Reath LLP.

| | |
|---|---|
| Name of Individual | Signature of Individual or Individual Representative |
| Former/Alias/Maiden Name of Individual | Date |
| Individual's Date of Birth | Name of Individual Representative |
| Individual's Social Security Number | Description of Authority |
| Individual's Address | |

Social Security Administration
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

TO:  Social Security Administration

_____     _____     _____
\*Name                                              \*Date of Birth                              \*Social Security Number

I authorize the Social Security Administration to release information or records about me to:

\*NAME                                                          \*ADDRESS

Faegre Drinker Biddle & Reath LLP          300 N. Meridian Street, Suite 2500,
                                                               Indianapolis, IN 46204

_____                _____

**\*I want this information released because:**    civil litigation
*There may be a charge for releasing information.*

---

\*Please release the following information selected from the list below:
*You must check at least one box. Also, SSA will not disclose records unless applicable date ranges are included.*

☐ Social Security Number

☐ Current monthly Social Security benefit amount

☐ Current monthly Supplemental Security Income payment amount

☐ My benefit/payment amounts from _____ to _____

☐ My Medicare entitlement from _____ to _____

☐ Medical records from my claims folder(s) from _____ to _____
*If you want SSA to release a minor's medical records, do not use this form but instead contact your local SA office.*

☐ Complete medical records from my claims folder(s)

☐ Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.)

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that any applicable fees must be paid by me.

\*Signature: _____        \*Date: _____

Relationship (if not the individual): _____    Daytime Phone: _____

Form SSA-3288 (07-2010) EF (07-2010)

Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor, you may complete this form to release only the minor's non-medical records. If you are requesting information for a purpose not directly related to the administration of any program under the Social Security Act, a fee may be charged.

NOTE:  Do not use this form to:

Request us to release the medical records of a minor. Instead, contact your local office by calling 1-800-772-1213 (TTY-1-800-325-0778). or

Request information about your earnings or employment history. Instead, complete form SSA-7050-F4 at any Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (•) indicates a required field. Also, we will not honor blanket requests for "all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the information applies.

Fill in the name and address of the individual (or organization) to whom you want us to release your information. Indicate

the reason you are requesting us to disclose the information.

Check the box(es) next to the type(s) of information you want us to release including the date ranges, if applicable.

You, the parent or legal guardian acting on behalf of a minor, or the legal guardian of a legally incompetent adult, must sign and date this form and provide a daytime phone number where you can be reached.

If you are not the person whose information is requested, state your relationship to that person. We may require proof of relationship.

PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. The information you provide will be used to respond to your request for SSA records information or process your request when we release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent.

We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, in accordance with 5 U.S.C. § 552a(b) of the Privacy Act, we may disclose the information provided on this form in accordance with approved routine uses, which include but are not limited to the following: 1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and/or coverage; 2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; 3. To comply with Federal laws requiring the disclosure of the information from our records; and, 4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Additional information regarding this form, routine uses of information, and other Social Security programs are available from our Internet website at www.socialsecurity.gov or at your local Social Security office.

PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778). *You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.*

Form SSA-3288 (07-2010) EF (07-2010) Destroy Prior Editions



# Medicare

Beneficiary Services:1-800-MEDICARE (1-800-633-4227)
*TTY!*IDD:1-877-486-2048

This form is used to advise Medicare of the person or persons you have chosen to have access to your personal health information.

**Where to Return Your Completed Authorization Forms:**
After you complete and sign the authorization form, return it to the address below:

**Medicare BCC, Written Authorization Dept.**
**PO Box 1270**
**Lawrence, KS 66044**

**For New York Medicare Beneficiaries ONLY**
The New York State Public Health Law protects information that reasonably could identify someone as having HIV symptoms or infection, and information regarding a person's contacts.  Because of New York's laws protecting the privacy of information related to alcohol and drug abuse, mental health treatment, and HIV, there are special instructions for how you, as a New York resident, should complete this form.

- For question 2A, check the box for *Limited Information,* even if you want to authorize Medicare to release any and all of your personal health information.

- **Then proceed to question 2B.**

Medicare BCC, Written Authorization Dept..
PO Box 1270
Lawrence, KS 66044

**Instructions for Completing Section 2B of the Authorization Form:**
*Please select one of the following options.*

- **Option 1 To include** all information, in the space provided, write: "all information, including information about alcohol and drug abuse, mental health treatment, and HIV". Proceed with the rest of the form.

- **Option 2 To exclude** the information listed above, write "Exclude information about alcohol and drug abuse, mental health treatment and HIV" in the space provided. *You may also check any of the remaining boxes and include any additional limitations in the space provided.* For example, you could write "payment information". Then proceed with the rest of the form.

If you have any questions or need additional assistance, please feel free to call us at 1-800-MEDICARE (1-800-633-4227).  TTY users should call 1-877-486-2048.

Sincerely,

1-800-MEDICARE
Customer Service Representative

Encl.

### Information to Help You Fill Out the
### "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form

By law, Medicare must have your written permission (an "authorization") to use or give out your personal medical information for any purpose that isn't set out in the privacy notice contained in the Medicare & You handbook. You may take back ("revoke") your written permission at any time, except if Medicare has already acted based on your permission.

If you want 1-800-MEDICARE to give your personal health information to someone other than you, you need to let Medicare know in writing.

If you are requesting personal health information for a deceased beneficiary, please include a copy of the legal documentation which indicates your authority to make a request for information. (For example: Executor/Executrix papers, next of kin attested by court documents with a court stamp and a judge's signature, a Letter of Testamentary or Administration with a court stamp and judge's signature, or personal representative papers with a court stamp and judge's signature.) Also, please explain your relationship to the beneficiary.

Please use this step by step instruction sheet when completing your "1-800-MEDICARE Authorization to Disclose Personal Health Information" Form. Be sure to complete all sections of the form to ensure timely processing.

1. Print the name of the person with Medicare.

   Print the Medicare number exactly as it is shown on the red, white, and blue Medicare card, including any letters (for example, 123456789A).

   Print the birthday in month, day, and year (mm/dd/yyyy) of the person with Medicare.

2. This section tells Medicare what personal health information to give out. Please check a box in 2a to indicate how much information Medicare can disclose. If you only want Medicare to give out limited information (for example, Medicare eligibility), also check the box(es) in 2b that apply to the type of information you want Medicare to give out.

3. This section tells Medicare when to start and/or when to stop giving out your personal health information. Check the box that applies and fill in dates, if necessary.

4. Medicare will give your personal health information to the person(s) or organization(s) you fill in here. You may fill in more than one person or organization. If you designate an organization, you must also identify one or more individuals in that organization to whom Medicare may disclose your personal health information.

5.  The person with Medicare or personal representative must sign their name, fill in the date, and provide the phone number and address of the person with Medicare.

    If you are a personal representative of the person with Medicare, check the box, provide your address and phone number, and attach a copy of the paperwork that shows you can act for that person (for example, Power of Attorney).

6.  Send your completed, signed authorization to Medicare at the address shown here on your authorization form.

7.  If you change your mind and don't want Medicare to give out your personal health information, write to the address shown under number six on the authorization form and tell Medicare.  Your letter will revoke your authorization and Medicare will no longer give out your personal health information (except for the personal health information Medicare has already given out based on your permission).

You should make a copy of your signed authorization for your records before mailing it to Medicare.

### 1-800-MEDICARE Authorization to Disclose Personal Health Information

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

_____        _____        _____

**1. Print Name**                              **Medicare Number**                    **Date of Birth**
   (First and last name of the person with Medicare)   (Exactly as shown on the Medicare Card)   (mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

   2A:  **Check only one box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information (go to question 2b)

   ☐ Any Information (go to question 3)

   2B:  **Complete only if you selected "limited information". Check all that apply:**

   ☐ Information about your Medicare eligibility

   ☐ Information about your Medicare claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium payments

   ☐ Other specific information (please write below; for example, payment information)

   _____

3. **Check only one box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law-for example, your State may limit how long Medicare may give out your personal health information):

   ☐ Disclose my personal health information indefinitely

   ☐ Disclose my personal health information for a specified period only beginning: (mm/dd/yyyy) _____ and ending: (mm/dd/yyyy) _____

4. Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:

   1. Name: _____ Faegre Drinker Biddle & Reath LLP _____

      Address: _____ 300 N. Meridian Street, Suite 2500 _____

      _____ Indianapolis, IN  46204 _____

   2. Name: _____

      Address: _____

      _____

   3. Name: _____

      Address: _____

      _____

5. 
   I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form.  I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.

   _____     _____     _____
   Signature                                   Telephone Number                       Date (mm/dd/yyyy)

   Print the address of the person with Medicare (Street Address, City, State, and ZIP)

   _____

   _____

   D  Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This only applies if someone other than the person with Medicare signed above.

   Print the Personal Representative's Address (Street Address, City, State, and ZIP)

   _____

   _____

   Telephone Number of Personal Representative: _____

   Personal Representative's Relationship to the Beneficiary: _____

6. **Send the completed, signed authorization to:**

> Medicare BCC, Written Authorization Dept.
> PO Box 1270
> Lawrence, KS 66044

**7. Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission.  If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930.**  The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

# EXHIBIT 2

**<u>Categorization Form</u>**

A.     Plaintiff's Name: _____

B.     Plaintiff's Case Number: _____

C.     Plaintiff's Counsel (Lead Firm Name): _____

D.     Categorization (check each that applies and briefly describe):

     1.   <u>Successful First Removal Without Complication or Physical Injury Cases</u>: "Cases where Plaintiffs' profile sheet and further follow-up shows that the Gunter Tulip or Celect IVC filter was successfully removed on the first, routine, percutaneous retrieval attempt and no physical symptom or filter complication was alleged during the time the filter was in place or in connection with the retrieval process."

        Check here for Category 1:_____

     2.   <u>Cases Alleging Mental Distress and Embedment</u>: "Cases where only non-physical injuries, such as worry, stress, or fear of future injury, have been alleged."

        Check here for Category 2:_____

        Briefly describe claimed complication/outcome/injury:_____

     3.   <u>Stenosis of the IVC and Anticoagulation Cases</u>: "(a) Cases where the plaintiff has alleged scarring or stenosis of the IVC caused by the Cook filter; and (b) Cases where the plaintiff has alleged a need for [anti]coagulation on a permanent or long term basis because of an unretrieved or irretrievable filter."

        Check here for Category 3:_____

        Briefly describe claimed complication/outcome/injury:_____

     4.   <u>Embedded and High Risk Cases</u>: "Cases where the Plaintiff has been advised that the Cook IVC filter is embedded, cannot be retrieved, or that the risk of retrieval outweighs the benefits of retrieval."

        Check here for Category 4:_____

        Briefly describe claimed complication/outcome/injury:_____

5. <u>Failed Retrieval and Complicated Retrieval Cases</u>[1]: "(a) Cases where the plaintiff has undergone one or more failed retrieval procedures; and (b) Cases where Plaintiff's Filter was retrieved but required the use of a non-routine, complicated retrieval method."

Check here for Category 5:_____

Briefly describe claimed complication/outcome/injury:_____

6. <u>Non-Symptomatic Injury Cases</u>: "Cases where the Plaintiff alleges non-symptomatic filter movement, migration, penetration, perforation, thrombosis, occlusion, or the presence of a clot in the filter that has not produced physical symptoms or complications."

Check here for Category 6:_____

Briefly describe claimed complication/outcome/injury:_____

7. <u>Symptomatic Injury Cases</u>: "Cases where the Plaintiff alleges medical symptoms, conditions, or complications caused by one or more of the following conditions"

Check here for Category 7:_____. Circle all sub-categories that apply below:

(a) IVC thrombotic occlusion – consisting of an occluding thrombus in the IVC after filter insertion (documented by imaging or autopsy);

Briefly describe claim of symptomatic injury:

_____

(b) filter embolization – consisting of post-deployment movement of the filter to a distant anatomic site;

Briefly describe claim of symptomatic injury:

_____

(c) filter fracture – consisting of any loss of a filter's structural integrity documented by imaging or autopsy;

Briefly describe claim of symptomatic injury:

_____

(d) filter migration – consisting of a change in filter position of more than 2 cm (when compared to its deployed position) and as documented by imaging; Briefly describe claim of symptomatic injury:

_____

[1] Plaintiffs that have undergone open removal surgery shall categorize as Category No. 7.

Briefly describe claim of symptomatic injury:_____

(e) penetration or perforation – consisting of a filter strut or anchor extending 3 or more mm outside the wall of the IVC as demonstrated on imaging;

Briefly describe claim of symptomatic injury:_____

(f) recurrent pulmonary embolism (PE) – consisting of PE that occurs after filter placement is documented by pulmonary arteriography, cross sectional imaging, lung scan, or autopsy;

Briefly describe claim of symptomatic injury:_____

(g) DVT or other blood clot caused by filter;

Briefly describe claim of symptomatic injury:_____

(h) infection;

Briefly describe claim of symptomatic injury:_____

(i) bleeding;

Briefly describe claim of symptomatic injury:_____

(j) death; and

Briefly describe claim of symptomatic injury:_____

(k) open-removal and/or open heart surgery- any case where a plaintiff has had an open surgical procedure, including open heart surgery, to remove his or her IVC filter.

Briefly describe claim of symptomatic injury:_____

E.     Certification: The undersigned counsel affirms that the categorization is based on a review of the available medical records including imaging records and reports. The submission of the specific medical record(s) attached, and submission of this form, are counsel's certification that the outcome, complication, or injury represented in Section D is the proper categorization for Plaintiff's case to the best of counsel's knowledge and belief.

Plaintiff's Counsel Name:          _____

Plaintiff's Counsel's Firm:        _____

Plaintiff's Counsel's Signature:   _____

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

Case No.: 1:14-ml 2570-RLY-TAB
MDL No. 2570

This Document Relates:

Case No:

_____

Defendant: _____
            [Name of Defendant]

### DEFENDANT PROFILE FORM

For each case, the Cook Defendants must complete this Defendant Profile Form ("DPF") in accordance with the schedule established by the Court's Case Management Order. In completing this DPF you are **under oath and must answer every question**.

The DPF shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order. A completed DPF shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37. Therefore, you must supplement your responses if you learn that they are incomplete or incorrect in any material respect. The questions and requests for production of documents contained in this DPF are non-objectionable and shall be answered without objection. This DPF shall not preclude Plaintiffs from seeking additional documents and information on a reasonable, case-by-case basis, pursuant to the Federal Rules of Civil Procedure and as permitted by the applicable Case Management Order, subject to the Court's determination.

This DPF must be completed and served on Lead Counsel and the firm representing the specific plaintiff in the specific action. Complete DPFs must be answered and served in accordance with the applicable Case Management Order.

To the extent that a response to the DPF is contained in previously produced documents, the responding defendant(s) may answer by referencing the previously produced document(s). Such reference must contain sufficient information and/or instructions to allow Plaintiff to access the answer.

To the extent that the form does not provide enough space to complete your responses or answers, please attach additional sheets as necessary.

In filling out this form, "document" and "documents" mean and refer to a writing and/or recording as defined by Federal Rule 34, including, without limitation, the following terms in their broadest sense, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, "communications", State and Federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, radiographs, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

In filling out this form, the word "communication" and/or "correspondence" shall mean and refer to any oral, written, spoken, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, seminars, or any other exchange of information between Defendants and any other person or entity.

In filling out this form, the terms "You", "Your", or "Yours" refer to the person who sold, marketed, researched, designed, manufactured, consulted, or represented a Cook Vena Cava Filter, including Cook Medical Incorporated, Cook Incorporated, and/or William Cook Europe ApS ("Cook Defendants") and who is identified in Question I below.

## I.     MANUFACTURING AND REPORTING INFORMATION

A.     If not identified by the Plaintiff and if known by Cook:

    1.     Identify the lot number(s) for the device(s) implanted into the Plaintiff.

    2.     Identify the lot number(s) for the device(s) used to implant the Defendants' device(s) into the Plaintiff.

B.     Identify the location and date of manufacture for each lot set forth in response to A. above.

C.     Identify the date of shipping and sale, and the person or entity purchasing, each of the Plaintiff's device(s).

D.     Produce a copy of the Order, Invoice and Pack Slip for the Cook Vena Cava Filter at Issue.

E.     Identify the manufacturer's internal reference number(s) for Plaintiff's device(s).

F.     Identify the MedWatch manufacturer report number.

G.     Produce the following adverse event information relating to the Plaintiff: (i) identification of the relevant PR#, (ii) Trackwise documents relating to Plaintiff

that pre-existed the filing of this action and (iii) copies of any MedWatch forms submitted to the FDA with regard to the Plaintiff.

## II.   IMPLANTING/RETRIEVING/EXPLANTING HEALTHCARE PROVIDERS

Plaintiff has identified the healthcare provider(s) who implanted a Cook Vena Cava Filter in the Plaintiff and/or retrieved/explanted (or attempted to retrieve/explant) the Cook Vena Cava Filter (hereinafter "healthcare providers").   As to each healthcare provider, provide the following information:

A.   For the facility where the healthcare provider who implanted the Cook Vena Cava Filter was associated, set forth the number and type of Cook Inferior Vena Cava Filter(s) purchased from you, or otherwise provided by you.

B.   Cook Events attendance records for each healthcare provider.

C.   Cook Vista Education and Training records for each healthcare provider.

## III.   SALES REPRESENTATIVES

As to each District Manager or Regional Manager who had responsibility for the healthcare provider involved with the implant of the Cook Vena Cava Filter, set forth the following:

A.   Identity and last known address and telephone number.

B.   Current employment status with you.

C.   Cook IRIS physician contact data for each healthcare provider.

## VERIFICATION

_____, declare under penalty of perjury subject to all applicable laws:

That I am an authorized agent of Cook Defendants and that I verify the Defendants' Response to the DPF addressed to the Cook Defendants in In re: Cook Medical Devices, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation, Case No.: 1:14-ml 2570-RLY-TAB, MDL No. 2570, and that the matters stated therein are not the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Cook Defendants and deponent is informed that the facts stated therein are true. I hereby certify, in my authorized capacity as an agent for Cook Defendants, that the responses to the aforementioned Defendants' Profile Form are true and complete to the best of Cook Defendants' knowledge.

_____

[Name]

_____

[Signature]

_____

[Cook Group Company Name]

_____

[Title]

1579487-1 (10909-0412)

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

_____

Case No.: 1:14-ml 2570-RLY-TAB
MDL No. 2570

This Document Relates:

Case No:

_____

Defendant: _____
[Name of Defendant]

## DEFENDANT FACT SHEET

For each case, the Cook Defendants must complete this Defendant Fact Sheet ("DFS") in accordance with the schedule established by the Court's Pretrial Order.  In completing this Fact Sheet, you are **under oath and must answer every question**.

The DFS shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.  A completed Fact Sheet shall be considered interrogatory answers pursuant to Fed. R. Civ. P. 33 and 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37.  Therefore, you must supplement your responses if you learn that they are incomplete or incorrect in any material respect.  The questions and requests for production of documents contained in this Fact Sheet are non-objectionable and shall be answered without objection.  This Fact Sheet shall not preclude Plaintiffs from seeking additional documents and information on a reasonable, case-by-case basis, pursuant to the Federal Rules of Civil Procedure and as permitted by the applicable Case Management Order.

This DFS must be completed and served on all counsel representing a plaintiff in the action identified in Section I below. Complete fact sheets must be answered and served by in accordance with the Case Management Plan entered by this Court on November 25, 2014 (Doc. 57).

To the extent that a response to the DFS is contained in previously produced documents, the responding defendant(s) may answer by referencing the previously produced document(s).

Such reference must contain sufficient information and/or instructions, including Bates numbers, to allow Plaintiff to access the answer requested with minimal effort.

Each document request and interrogatory not only calls for knowledge but also for all knowledge that is available to you by reasonable inquiry, including inquiry of your officers, directors, employees, contractors and agents.

To the extent that the form does not provide enough space to complete your responses or answers, please attach additional sheets as necessary. Please identify any documents that you are producing responsive to a question with Bates-Stamp identifiers.

In filling out this form, "document" and "documents" mean and refer to a writing and/or recording as defined by Federal Rule 34, including, without limitation, the following terms in their broadest sense, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, "communications", State and Federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, radiographs, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

In filling out this form, the word "communication and/or "correspondence" shall mean and refer to any oral, written, spoken, or electronic transmission of information, including, but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, seminars, or any other exchange of information between Defendants and any other person or entity.

In filling out this form, "healthcare provider" shall mean any medical provider, doctor, physician, surgeon, pharmacist, hospital, clinic, medical center, physician's office, infirmary, medical/diagnostic laboratory, or any other facility that provides medical care or advice, along with any pharmacy, x-ray department, radiology department, laboratory, physical therapist/physical therapy department, rehabilitation specialist or chiropractor.

In filling out this form, the terms "You", "Your", or "Yours" refer to the person who sold, marketed, researched, designed, manufactured, consulted, or represented a Cook Vena Cava Filter manufactured and/or distributed on behalf of Cook Group Companies, including Cook Medical Incorporated, Cook Incorporated, Cook Group Incorporated and/or William Cook Europe ApS ("Cook Group Defendants") and who is identified in Question I below.

In filling out this form, "key opinion leader" or "thought leader" shall mean and refer to physicians, often academic researchers, who are believed by Defendants to be effective at

transmitting messages to their peers and others in the medical community. This term shall mean and refer to any doctors or medical professionals hired by, consulted with, or retained by Defendants to, amongst other things, consult, give lectures, respond to media inquiries, conduct clinical trials, write articles or abstracts, sign their names as authors to articles or abstracts written by others, and occasionally make presentations on their behalf at regulatory meetings or hearings.

## I.   CASE INFORMATION

This DFS pertains to the case captioned above:

Case Number and Court in which action was originally filed, if other than Case No.: 1:14-ml 2570-RLY-TAB, MDL No. 2570: _____

Date this DFS was completed: _____

     A.    Please provide the following information on the person or persons who provided the information responsive to the questions posed in this DFS:

        1.    Name;

        2.    Current position (if no longer employed, last position with Defendant(s));

        3.    City of employment (if no longer employed, city of residence).

## II.   CONTACTS WITH TREATING AND EVALUATING PHYSICIANS

Plaintiff has identified each healthcare provider who treated and/or evaluated Plaintiff for deep vein thrombosis, pulmonary embolism, and/or associated conditions that led to the use of Defendants' Cook Inferior Vena Cava Filter.  As to each such healthcare provider, provide the following information:

     A.    CONSULTATION AND OTHER NON-SALES REPRESENTATIVE CONTACTS

As to each identified healthcare provider with whom the Defendants were affiliated, consulted or otherwise had contact outside the context of sales representative contacts, set forth the following:

        1.    Identity of the healthcare provider(s) contacted.

        2.    Identity and title of each of Defendants' employees who had such contact with the healthcare provider(s).

        3.    Dates of contact/affiliation with healthcare provider(s), if available.

        4.    Nature and reason for the contact/affiliation with healthcare provider(s).

3

5.   Set forth any monetary and/or non-monetary benefits, including, but not limited to, money, travel, and device samples, provided to the healthcare provider(s) by any agent of any named Defendant, including amounts, dates, and purpose.

6.   For any device manufactured by any named Defendant, set forth any training provided to or by the healthcare provider including, but not limited to, date, location, healthcare provider's role, cost for attending such training, and subject matter.

7.   Set forth any and all services and/or contractual relationships between the healthcare provider(s) and any named Defendant, including, but not limited to:

   a.   whether the provider participated in any study or clinical trials as a principal investigator or supervising physician at any study site which was sponsored by Defendant(s) on Defendants' behalf;

   b.   whether the provider has spoken on behalf of Defendant(s) or any of its products;

   c.   whether the provider has served in any capacity on any advisory board, etc.;

   d.   whether the provider has ever served as a Key Opinion Leader or Thought Leader for, or on behalf of, any of the named defendants;

   e.   whether the provider has functioned in any capacity promoting Defendants' products;

   f.   whether the provider has ever been employed by or under contract to Defendant(s).

8.   List any written agreements, contracts, letters, memoranda, or other documents setting forth the terms or nature of any contact or affiliation with the healthcare provider; this includes, but is not limited to, any agreements to research or otherwise study any named Defendant's products.

9.   For each facility where the healthcare providers were associated, set forth the number and type of Cook Inferior Vena Cava Filter(s) purchased from you, or otherwise provided by you.

10.   Set forth any contact between the Defendants and the healthcare provider with regard to the Plaintiff, this includes, but is not limited to, any information or knowledge Defendants have with respect to research studies conducted on or that include information related to Plaintiff's implant or associated lot number.

4

11.   Set forth all information provided by the healthcare provider to the Defendants with regard to the safety, use, or efficacy of the Defendants' product(s).

B.   SALES REPRESENTATIVE AND OTHER RELATED CONTACTS

As to each sales representative, supervisor of sales representative, Marketing Organization Representatives, medical liaisons, and/or other detail persons ("Representative") who had any contact with an identified physician or healthcare provider, set forth the following:

1.   Identity of healthcare provider(s) contacted.

2.   Dates of contact with healthcare provider(s), if available.

3.   Nature and description of the contact with healthcare provider(s).

4.   Identity and last known address and telephone number of Representative(s).

5.   The work history with you and current relationship, if any, between the specified Defendant(s) and the Representative(s).

6.   Identity of the Representative(s)' supervisor(s) during his/her employment.

7.   Identify all district and/or regional sales managers, Marketing Organization Representatives, medical liaisons, and/or other detail persons ("Representative") who came in contact with any of Plaintiff's identified healthcare provider(s), and their current relationship, if any, with Cook Group Companies, including name, business address, and responsibilities.

8.   For each Sales Representative, Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative, please produce the most current Curriculum Vitae or Resume.  If the Company is not in possession of a Curriculum Vitae or Resume, produce the portion of that person's personnel file that reflects their educational background and experience over the past 10 years.

9.   For each Sales Representative, Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative, please provide whether within the last ten (10) years any of the individuals have been convicted of, or plead guilty to, a felony and/or crime of fraud and dishonesty, and if yes, when the felony and/or crime of fraud and dishonesty occurred.

10.   Produce all annual, semi-annual or quarterly Plans of Action ("POA") documents used to set out the performance goals and expectations of the

sales representatives/teams/territories/company (whether in terms of market share, total prescriptions/new prescriptions, or dollar sales volume); the approved messaging for Representative(s); and that sets out all approved promotional materials (whether approved for "leave behind" or not).

11.   If Defendants or their Representatives, Sales Representatives, Representative(s) or Managers have ever provided any of Plaintiff's healthcare provider(s) with Cook Inferior Vena Cava Filter(s) samples, please provide the identity of the person or entity who received the samples, the date(s) the samples were shipped, the date on which the samples were provided, the number and lot numbers of such samples, and the name of the person who provided the samples.

12.   Set forth all information provided by the healthcare provider to the Representatives, Sales Representatives, Representative(s) or Managers with regard to the Plaintiff.

13.   Set forth all information provided by the the Representatives, Sales Representatives, Representative(s) or Managers with regard to the Plaintiffs.

14.   Set forth the date and location of each operation or procedure performed on the Plaintiff which was attended at all by the Sales Representatives, Representative(s) or Managers.

15.   State whether the sales representative, Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative while employed by you, or acting as an agent or independent contractor on your behalf, has ever been investigated, reprimanded, and/or otherwise penalized by any person, entity, or government agency for his/her sales or marketing practices, and if so set forth the details thereof.

## III.   INFORMATION REGARDING THE PLAINTIFF: COMMUNICATIONS AND RELATIONSHIPS WITH PLAINTIFF'S HEALTHCARE PROVIDERS

A.   Identify all data, information, objects, and reports in Defendants' possession or control or which have been reviewed or analyzed by Defendants, with regard to the Plaintiff's medical condition; this also includes, but is not limited to, any study or research that includes Plaintiff's specific implant or associated lot number. Attorney-work product is specifically excluded from this request.

B.   Identify any direct or indirect contact, either written or oral, between the Plaintiff and any employee or representative of the Defendants, including, but not limited to, pre-operative inquiries, post-operative complaints, "Dear Healthcare Provider" letters, "Dear Doctor" letters, "Dear Colleague" letters or other similar type of document or letter concerning Cook Inferior Vena Cava Filters, recall letters, telephone or email contacts or meetings. This request specifically includes, but is

not limited to, calls to the M.S.&S. hotline and calls to the Field Assurance Department. For any "Dear Healthcare Provider", "Dear Doctor or "Dear Colleague" letters that you contend were actually sent to the plaintiffs health care providers concerning IVC Filters, please provide: (1) The letter(s) to whom it was sent including the address, (2) Dates sent; and (3) Any document, database, or list which tends to show recipient was and/or received the letter. Please identify the person who provided information responsive to any requests included in the letter.

C.  Identify and produce any Physician's Information Request Letters ("PIR") or other similar information request that has ever been initiated between the Plaintiff and any employee or representative of the Defendants relating to Cook Inferior Vena Cava Filters, and identify the date of the request and the recipient, the name and address of the sender or requestor, the corresponding bates number of the request, and whether or not a response to the PIR or other similar information request was sent or provided.

D.  Produce communications between the Defendants, the sales representative company and/or sales representative(s), Sales Manager, Marketing Organization Representative, medical liaison, and/or Representative identified in section B above and Plaintiff, to the extent not contained in the complaint file, if any, and identify the Bates numbers of such communications.

E.  Produce and identify any documents that relate in a reasonably direct manner to consulting agreements, if any, between Defendants and any of Plaintiff's healthcare providers, including, but not limited to, all consulting relationships to provide advice on the design, study, testing or use of inferior vena cava devices, or to consult as a thought leader, opinion leader, member of speaker's bureau or similar arrangement. For any of these relationships, please provide the title, location and date of any speaker's programs or conferences attended by Plaintiff's healthcare provider(s), all speakers at the program/conference, and the agenda/brochure for the conference/program.

F.  Produce documents that relate in a reasonably direct manner to relationships, if any, between Defendants and any of Plaintiff's healthcare providers to conduct any pre-clinical, clinical, post-marketing surveillance or other study or trial concerning any blood clot preventative systems, including, but not limited to, the Cook Inferior Vena Cava Filters.

G.  Produce and identify documents that reflect financial compensation, things of value and promotional items provided by Defendants to Plaintiff's healthcare providers.  Please include all fees, expenses, honoraria, royalties, grants, gifts, travel (i.e., airfare, hotel, etc.) and any other payments or things of value given.

H.  Identify all Adverse Event Reports, and all versions of any MedWatch forms and/or any other documents submitted to the FDA or any other government agency with regard to the Plaintiff.

I.     If you have any evidence or records indicating or demonstrating the possibility that any person, entity, condition, or product, other than the Defendants and their product(s), is a cause of the Plaintiff's injuries, ("Alternate Cause") set forth:

    1.     Identify the Alternate Cause with specificity.

    2.     Set forth the date and mechanism of alternate causation.

J.     If Plaintiff's implanting physician ever contacted you requesting information concerning Cook inferior vena cava filters, its indications, effects, and/or risks? If so please identify and attach any documents which refer to your communication with Plaintiff's Implanting Health Care Provider.

K.     In Plaintiff's Fact Sheet, Plaintiff identified his/her Implanting Health Care Provider(s). For each listed provider, please state and produce the following: Do you have or have you had access to any database or information which purports to track any of Plaintiff's Implanting Health Care Provider's implanting practices with respect to Cook Inferior Vena Cava Filter(s). If yes, please produce or identify the database or document which captures that information.

## IV.     MANUFACTURING INFORMATION

A.     Identify the lot number(s) for the device(s) implanted into the Plaintiff.

B.     Identify the lot number(s) for the device(s) used to implant the Defendants' device(s) into the Plaintiff.

C.     Identify the location and date of manufacture for each lot set forth in response to A and B above.

D.     Identify the date of shipping and sale, and the person or entity purchasing, each of Plaintiff's device(s).

E.     Identify all manufacturing facilities and associated lot number(s) of Plaintiff's implanted device(s), including, but not limited to, all trocars and any other surgical devices or means of implantation included or sold with Plaintiff's implant(s).

F.     Other than Cook related entities, and those entities listed in Sections IV(A-F) herein, the chain of custody of the device from Cook to the healthcare provider.

## V.     PLAINTIFF'S MEDICAL CONDITION:

A.     Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of Plaintiff concerning Plaintiff? If yes, please provide: a) the name of the person(s) who contacted you; b) the person(s) who were contacted including their name, address and telephone number; and c) produce or identify any and all

documents which reflect any communication between any person and you concerning Plaintiff.

## VI.    DOCUMENTS

Please ensure that the production of documentation includes specific reference to the question to which the documentation is provided in response. Documentation is defined to include all forms of documents, including, but not limited to, paper, email, video, audio, spreadsheets, or otherwise.

A.    Identify and attach complete documentation of all information set forth in I through IV above; except, you may identify but not serve copies of medical records that were provided to Defendants by Plaintiff's counsel.

B.    Aside from any privileged materials, identify and attach all records, documents, and information that refer or relate to the Plaintiff in Defendants' possession or control, to the extent not identified and attached in response to a prior question.

C.    Produce a true and complete copy of the Device History Record for the Plaintiff's lot number(s).

D.    Produce a true and complete copy of the complaint file relating to the Plaintiff.

E.    All call notes, detail notes, call summaries, entries made by sales representatives into any database or e-room, laptop or other computer or handheld device, hard copy documents, emails, and/or notes or records or summaries of calls, contacts and/or communications of any kind regarding each implanting or treating physician for plaintiff during the relevant time period.

F.    Call notes for all of the plaintiffs' providers who were called upon by Defendants.

G.    Detail, sample and voucher history of IVC Filters for the plaintiff's healthcare provider and/or entity.

H.    Copies of all medical/scientific articles or information related to any IVC Filter provided by Defendant(s) employees, representatives, sales representatives, contractors or agents to plaintiff's healthcare provider(s).

I.    Any and all documents reviewed, referred to or relied on in answering this DFS.

## VERIFICATION

_____, declare under penalty of perjury subject to all applicable laws:

That I am an authorized agent of Cook Group Companies and that I verify the Defendants' Response to Plaintiff's Fact Sheet addressed to the Cook Defendants in In re: Cook Medical Devices, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation, Case No.: 1:14-ml 2570-RLY-TAB, MDL No. 2570, and that the matters stated therein are not the personal knowledge of deponent; that the facts stated therein have been assembled by authorized employees and counsel of Cook Group Companies and deponent is informed that the facts stated therein are true.  I hereby certify, in my authorized capacity as an agent for Cook Group Companies, that the responses to the aforementioned Defendants' Fact Sheet are true and complete to the best of Cook Group Companies' knowledge.


_____

[Name]


_____

[Signature]


_____

[Cook Group Company Name]


_____

[Title]

1169483-1 (10909-0412)