IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKERTING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>OMEL CORLEY Civil Action No.: 1:17-cv-3379 | Case No. 1:14-ml-2570-RLY-<br><br>TAB MDL No. 2570 |

### PLAINTIFF OMEL CORLEY'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1. The above-titled Plaintiff respectfully ask this Court to deny Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS ("Cook") Motion to Dismiss because the suggestion of death was a nullity and Rule 25(a) was amended to avoid this type of harsh and unfair results that the former inflexible version of Rule 25 mandated.

### ARGUMENT

**I. Plaintiff's suggestion of death was a nullity and ineffective to trigger Rule 25 time limits.**

2. As a general rule, upon death of a client, a pre-existing attorney-client relationship is completely severed, and any action taken on behalf of the deceased client by his former attorney is a nullity. *See Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure:* Civil § 1955 (3d ed. 2007); See also 7 Am. Jur. 2d *Attorneys at Law* § 171 (1980); 7A C.J.S. *Attorney and Client* § 224 (1980).

3. As such, Federal Courts have held that a decedent's attorney can't make a valid suggestion of death, rather it must be made by the personal representative of a decedent's estate or another party to the action. *See Kessler v. S.E. Permanente Med. Group of N. Carolina, P.A.*, 165 F.R.D. 54, 56 (E.D.N.C. 1995); *see also Young v. Patrice*, 832 F.Supp. 721 (S.D.N.Y.1993); *see also Smith v. Planas*, 151 F.R.D. 547 (S.D.N.Y.1993).

4. Furthermore, the suggestion is not merely the receipt of actual knowledge of death; rather, the suggestion of death must identify and serve the representative or successor who may be substituted as a party. *Atkins v. City of Chicago*, 547 F.3d 870-871 (7th Cir. 2008). The Seventh Circuit has made clear that nothing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's representative or successor pursuant to Rule 4 and 5. *Id* at 869, 874.

5. In this case, the suggestion of death file by Plaintiff (ECF Doc No. 13) was ineffective because 1) any action taken on behalf of a deceased client is a nullity; 2) the suggestion failed to identify any successor to the estate; and 3) it was not served on decedent's personal representatives.. Therefore, the suggestion was ineffective and did not trigger the Rule 25 90-day time limit.

**II. Cook seeks a harsh and unfair result when it has not suffered any prejudice.**

6. Since Rule 25 was amended to remove the inflexibility of the previous version of Rule 25, courts have sought to uphold the spirit of amended Rule 25 by denying motions to dismiss when no prejudice can be shown. *Roberts v. Rowe*, 89 F.R.D. 398, 400 (S.D.W. Va. 1981) ("defendant has shown no circumstances indicating that it would be unfair to grant the motion after this lapse of time.").

7. As was the case with Rule 25, Rule 6(b) was also amended to eliminate inflexibility. The amendments of Rules 6(b) and 25(a)(1) provided needed flexibility. It was assumed that discretionary extensions would be liberally granted. *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966).

8. On February 28, 2020, Plaintiff filed a motion to substitute Tanya Corely on behalf of her deceased father, Plaintiff Omel Corley (ECF MDL Doc No. 129890). Defendant Cook is not prejudice by this substitution as they have been on notice of Ms. Corley involvement in this case as the Personal Representative of Omel Corely. In June 2018, Defendants were served with a Plaintiff Profile Sheet completed by Tanya Corely in her representative capacity on behalf of her deceased

father. In addition, Defendants were provided with a copy of a Certificate of Appointment as a Personal Representative certifying Tanya M. Corley as the duly qualified Personal Representative of Omel Corley's estate.

9. Here, Cook cannot show, nor has it even argued that it has been prejudiced by the nullified suggestion of death or the motion to substitute. On the other hand, Plaintiff will suffer a harsh and unfair punishment if their case is dismissed. As such, Cook's Motion must be denied.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully request that this Court deny Cook's Motion for to Dismiss and grant Plaintiff any relief that this Court deems appropriate.

Dated: March 6, 2020

Respectfully Submitted,

**MARC J. BERN AND PARTNERS, LLP.**

*/s/ Debra J. Humphrey*
Debra J. Humphrey
60 E. 42nd St., Suite 950
New York, NY 10165
(212) 702-5000
(212) 818-0164 (FAX)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECT system, which will send notice of electronic filing to all counsel of record who are CM/ECF participants.

3

/s/ Debra J. Humphrey

4