**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

_____

This Document Relates to the Following Actions:

| Simon, Lawrence and Shyaam Akasha | 1:16-cv-00343 |
| Seifert, John | 1:16-cv-02525 |
| Corley, Omel | 1:17-cv-03379 |
| Renteria, Jeanette | 1:18-cv-02780 |

_____

**REPLY IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO COMPLY WITH**
**FEDERAL RULE OF CIVIL PROCEDURE 25(a)**

Pursuant to Federal Rule of Civil Procedure 25(a), Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, the "Cook Defendants"), respectfully request that the Court dismiss the above-captioned matters with prejudice. In support of this Motion, the Cook Defendants state as follows:

First, Plaintiffs John Seifert and Jeanette Renteria made no response to the Cook Defendants' Motion to Dismiss for Failure to Comply with Federal Rules of Civil Procedure 25(a), and the Court should therefore grant the motion as to those cases.

Plaintiffs in case numbers 16-cv-00343, Lawrence Simon and Shyaam Akasha (the "Simon Plaintiffs"), and 17-cv-03379, Omel Corley ("Plaintiff Corley"), responded with similar arguments.[1] Both argue that the specific suggestion of death they filed is not sufficient to trigger

---

[1] Lawrence Simon and Shyaam Akasha's response is at Dkt. 12964; Omel Corley's response is at Dkt. 13018.

the 90-day period in Federal Rule of Civil Procedure 25, and both argue the Cook Defendants seek an "unfair" result that "amendments" to Rule 25 changed. Neither argument justifies denying Cook's motion.

Neither the Simon Plaintiffs nor Plaintiff Corley disputes:

- That their respective counsel filed a suggestion of death;
- That Rule 25 requires a properly supported motion for substitution to be filed within 90 days of the filing of the suggestion of death, and
- That no motion for substitution was filed within 90 days, or indeed anytime near the 90-day deadline.

Plaintiffs did not file the obligatory, properly supported motions for substitution, and the actions must be dismissed under Rule 25(a)(1).

### I. Identification of Plaintiff's Successor is Not Necessary for Plaintiff's Suggestion of Death to Trigger the 90-day Deadline in Rule 25.

### A. The Simon Plaintiffs' Suggestion of Death triggered the 90-day period in Rule 25.

The Simon Plaintiffs argue that their own Suggestions of Death, found at Dkts. 3734 and 3739, were insufficient to suggest the death of Lawrence Simon. They argue that because the Suggestions of Death did not identify who the successor to the original plaintiff will be, the February 2017 filing of the Suggestions of Death did not start the 90-day period for filing a motion to substitute.

Plaintiffs' argument is not well taken. Shyaam Akasha, Mr. Simon's co-plaintiff and personal representative, is and always has been a party to the action, and the Suggestions of Death that she filed were sufficient to start the 90-day deadline running. The law does not require the Suggestion of Death to identify the personal representative unless it is filed by counsel representing

2

only the deceased party. Where, as here, there are multiple Plaintiffs, the Suggestion of Death filed by co-plaintiff Shyaam Akasha was not required to name the representative, that is, Ms. Akasha herself.

Judge Goodwin, the judge overseeing the transvaginal mesh MDLs, in *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:13-CV-01775, 2017 WL 3045496, (S.D.W. Va. July 18, 2017), reached just this conclusion on identical facts. A husband and wife filed suit against Ethicon, alleging damages resulting from transvaginal mesh. Plaintiffs' counsel filed a suggestion of death with the court, noting that the plaintiff implanted with mesh had died. The suggestion of death simply stated "It is hereby noted upon the record that Plaintiff, Billie J. Manczur, died on March 30, 2013, as evidenced by the Certificate of Death which is attached hereto as Exhibit A." When plaintiffs did not move to substitute within 90 days as required by Rule 25, Defendants moved to dismiss. The court held that the suggestion of death filed by the decedent's co-plaintiff and personal representative triggered the 90-day period within which the party was to file a Motion to Substitute, despite its failure to identify the personal representative. The court therefore granted the defendant's Motion to Dismiss for failure to comply with Rule 25. 2017 WL 3045496, at *2.

This is consistent with the purpose of the Rule 25 requirement, which is to assure that persons who may have interests in pursuing the deceased plaintiff's claim have the opportunity to do so. "The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim." *Rogers*, 2010 WL 3463993 at *1 (quoting *Gruenberg v. Maricopa County Sheriff's Office*, 2008 WL 2001253 at 1 (D.Ariz. May 07, 2008)). Where the person with the potential interest is already aware of the death, as here, the Suggestion of Death need not identify the legal successor to the decedent's interests. *See Rogers v. Randle*, No. 09-1297, 2010

3

WL 3463993, at *2 (C.D. Ill. Aug. 27, 2010) ("There is no requirement that a suggestion of death identify a party to be substituted in order to trigger the 90 day period for substitution."); *Ray v. Koester*, 85 F. App'x 983, 984 (5th Cir. 2004) (citing *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir.1998)) ("The district court was correct. Rule 25 does not require that the suggestion of death identify the successor party."); *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir.1998) (holding surviving spouse's statement of fact of death was sufficient to trigger 90–day period, despite fact she was neither a party or a formal or appointed representative of the estate of the decedent).

Here, the Simon Plaintiffs filed their first Suggestion of Death on February 9, 2017, and their Corrected Suggestion of Death on February 10, 2017. Both state that "Pursuant to Fed. R. Civ. P. 25, counsel hereby suggests upon the record the death of Plaintiff Lawrence Simon. A copy of the death certificate is attached hereto as Exhibit A." Rule 25 therefore required the Simon Plaintiffs to file a motion to substitute by May 11, 2017. The Simon Plaintiffs did not file the motion to substitute for over **1000 days** after the May 11 deadline. Under Rule 25, the Court must dismiss the case.

> **B.    Plaintiff Corley's suggestion of death triggered the Rule 25 90-day period, but is a nullity because Plaintiff's case was filed *after Omel Corley died*.**

Plaintiff Corley's case must be dismissed as well. Plaintiff Corley's response and Motion to Substitute raise an issue more foundational than the Rule 25 dismissal raised by Cook Defendants' original Motion to Dismiss. (See Dkts. 12980 and 13018.) Mr. Corley passed away on May 6, 2017, (See Motion to Substitute, Dkt. 12980, ¶2.), but Mr. Corley's action was initially filed—in his own name—on September 21, 2017, over four months *after* his death. (See 1:17-cv-03379, Dkt. 1.) The post-death commencement of Mr. Corley's action presents two possible scenarios, both of which require dismissal:

4

1. If Plaintiffs' counsel was *not* acting with the authority of the decedent's estate or other representative in filing the original commencement of this lawsuit, then the lawsuit commenced in the decedent's name alone was a nullity from the beginning and must be dismissed; or

2. If Counsel *was* acting with the authority of the decedent's estate or other representative in the original commencement of this lawsuit, then Counsel was also acting under the authority of the estate in filing the suggestion of death. The estate therefore was not required to identify itself or serve itself, as discussed in the previous section, and the case must be dismissed for failure to comply with Rule 25.

Because this case was sued out in the name of Omel Corley four months after his death, it appears to be a nullity from the beginning. As Plaintiff himself correctly notes in his response, "any action taken on behalf of a deceased client by his former attorney is a nullity." (Corley Response, p. 1.) The case law agrees. *House v. Mitra QSR KNE LLC*, --- Fed. Appx. ---, 2019 WL 6492490, at *6 (4th Cir. Dec. 3, 2019). "[W]here, as here, a suit is a nullity at the time it is filed for want of a living plaintiff, then there is no underlying 'action' at all." House, --- Fed. Appx. ---, 2019 WL 6492490 at *6. The Fourth Circuit recently addressed the specific question of whether Rule 25 allows substitution of a representative into an action that was a nullity in the first place, and held it does not:

> Nor, importantly, did the drafters of the Federal Rules somehow overlook the possibility that a plaintiff might pass away. On the contrary: The Rules expressly provide for substitution upon the death of a party, but conspicuously fail to cover situations like this one, in which the death occurs before suit even is filed. Rule 25 of the Federal Rules of Civil Procedure, for instance, specifically governs substitution upon the death of a party, but as House has conceded, that rule applies only "when a plaintiff dies after he files the complaint." *House*, 2018 WL 3353068, at *3 n.4 (emphasis added); see Fed. R. Civ. P. 25(a)(1) ("If a party dies and the

5

> claim is not extinguished, the court may order substitution of the proper party."). Likewise, Rule 43 of the Federal Rules of Appellate Procedure applies when a party dies after final judgment is entered and while an appeal is pending. See Fed R. App. P. 43(a). Taken together, the Rules work consistently and to the same end, facilitating substitution when a party dies during litigation but not when a putative plaintiff dies before litigation is commenced in his or her name.

*House*, --- Fed. Appx. ---, 2019 WL 6492490, at *6. Thus, even before reaching the Rule 25 issue, it appears that the Court must dismiss the case on the ground that it was never properly commenced.

But if the Court finds that the *Corley* case was not a nullity from its inception, Plaintiff's counsel must necessarily represent the estate or some other properly appointed representative of decedent Omel Corley. Indeed, Plaintiff's response admits she represents, and has represented, the personal representative of Mr. Corley, and admits counsel submitted the Mr. Corley's Plaintiff Profile Sheet on behalf of Tanya Corely in her representative capacity. But as noted above, "Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party. Instead, the party is given 90 days from the time when it learns from compliance with Rule 25(a)(1) of the death of an opposing party to take appropriate action." *Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 599 (D. Kan. 2000). Here, counsel for the representative filed the suggestion of death in the first place. Under such circumstances, as discussed above, the representative need not identify the decedent's successor in the Suggestion of Death because the successor/representative is already a party to the action and does not require the notice. Therefore, should the Court find Plaintiff Corley's case is not a nullity itself, the suggestion of death triggered the 90-day period laid out in Rule 25. This Plaintiff failed to meet that deadline, and the Court should dismiss this case.

6

### II.     Plaintiffs make no attempt to show excusable neglect.

While it is unclear whether the Simon Plaintiffs attempt to argue there has been excusable neglect, if they do, the Court should also reject the Simon Plaintiffs' claim of excusable neglect.[2] Plaintiffs bear the burden of showing that their delay is the result of excusable neglect, *Russell v. City of Milwaukee*, 338 F.3d 662, 668 (7th Cir. 2003), but Plaintiffs make no attempt to meet this burden.  (See Simon Response, pp. 2-3; Corley Response, pp. 1-2.)  They argue that excusable neglect only need be shown where the 90-day period has run, but even if that were an accurate statement of the law, Plaintiffs do not and cannot deny that the 90-day period has run here without the filing of a motion to substitute.  (See generally Dkts. 12964 and 13018.)

### III.    Plaintiffs' delay prejudices the Cook Defendants and the resulting prejudice strengthens the finding that Plaintiffs' delay is inexcusable.

Plaintiffs argue that the Cook Defendants bear the burden of proving prejudice, but cite no legal authority to support this assertion.  In fact, as discussed above, ***Plaintiffs*** bear the burden of showing that delay is the result of excusable neglect, and Plaintiffs made no attempt to do so.

Moreover, Plaintiffs' delay has prejudiced the Cook Defendants.  When discussing the role of prejudice to the defendants, the court in *Kasting* found that the prejudice of the continued pendency of the litigation and the nuisance of untimely motions weighed in favor of finding that the delay in filing the motion to substitute was inexcusable:

> In determining that prejudice has occurred, the period of the delay is a relevant factor. *Compare Staggers v. Otto Gerdau Co. Inc.*, 359 F.2d 292, 296 (2 day delay was excusable neglect as no prejudice resulted) with *Ashley v. Illinois Central Gulf Railroad*, 98 F.R.D. 722, 724 (S.D.Miss.1983) (waiting until eighty-ninth day after the filing of a suggestion of death to file a motion to substitute as inexcusable neglect where prejudice to defendant existed). Additionally, prejudice can occur due to the unnecessary imposition of the burdens of prolonging litigation. Where there is no action in an underlying litigation for a prolonged period of time, the defendant is unduly burdened in several ways: his counsel is beset with unnecessary

---

[2] Plaintiff Corley makes no claim of excusable neglect.

> litigation, it is compelled to make a motion to dismiss long after the Suggestion of Death was placed on the record, it is required to respond to plaintiff's untimely motion to substitute, and as a result, defendant incurs unnecessary expense. *See Ten v. Svenska Orient Linen*, 87 F.R.D. 551, 552–53 (S.D.N.Y.1980).

*Kasting*, 196 F.R.D. at 602. "[W]hen one side inexcusably fails to comply within a year of the time prescribed by the rules, prejudice to the other side can be implied because such failure tends to deny a speedy and inexpensive resolution of the litigation." *Urban v. Talleyville Fire Co.*, 98 F.R.D. 634, 637 (D.Del.1983) aff'd without opinion, 732 F.2d 147 (3d Cir.1984).

Here, the Simon Plaintiffs filed their motion to substitute over 1000 days late, and Plaintiff Corley filed his motion to substitute over a year late. Because of Plaintiffs' failure, the Cook Defendants brought the instant Motion to Dismiss long after the suggestions were placed on the record, and are required to respond to Plaintiffs' untimely motions to substitute. These factors weigh in favor of finding Plaintiffs' delay is inexcusable.

### IV.   Plaintiffs characterization of the amendments to Rule 25 are out of context, and inaccurate, and the Court should dismiss the Plaintiffs' actions.

The Court should reject Plaintiffs' suggestion that an amendment to Rule 25 somehow excuses their delay or prevents dismissal under the Rule. The "amendment" Plaintiffs refer to occurred in 1963, over half of a century ago, and the case law the Cook Defendants cite all post-dates the amendment. The amendment made Rule 25 more "flexible" by changing the trigger for the 90-day period from the date of death to the date of filing of the suggestion of death. Both the argument in Cook's motion and the case law on which Cook relies fully account for this change. When a motion for substitution of parties is not made within 90 days of filing a Suggestion of Death, dismissal "with prejudice in accordance with Rule 25(a)" is proper. *Russell v. City of Milwaukee*, 338 F.3d 662, 663 (7th Cir. 2003); *KnowledgeAZ, Inc. v. Jim Walter Res., Inc.*, 452 F. Supp. 2d 882, 899 (S.D. Ind. 2006). The Simon Plaintiffs filed a motion to substitute **over 1000**

8

**days late** and Plaintiff Corley filed a motion to substitute **over a year** after it was due.  Dismissing these cases with prejudice is neither "unfair" nor "harsh."

The Court has discretion as to whether to substitute, because "[s]ubstitution under Rule 25 is discretionary and may be denied even if the motion is timely filed." *Crotty v. City of Chicago Heights*, No. 86 C 3412, 1990 WL 6816, at *2 (N.D. Ill. Jan. 10, 1990).  The Court should grant the Cook Defendants' motion to dismiss, and deny the Plaintiffs' motions to substitute.

### V. Conclusion

Pursuant to Federal Rule of Civil Procedure 25(a), the Cook Defendants respectfully request that the Court dismiss the cases listed above with prejudice.

Dated: March 9, 2020

Respectfully Submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:      (317) 237-0300
Facsimile:        (317) 237-1000
Andrea.Pierson@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:      (260) 424-8000
Facsimile:        (260) 460-1700
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2020, a copy of the foregoing Reply in Support of Motion to Dismiss was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson