**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Action:

    Debra Chirgwin      1:17-cv-2292

_____

### RESPONSE IN OPPOSITION TO PLAINTIFF DEBRA CHIRGWIN'S MOTION TO SUBSTITUTE PARTY

On February 25, 2020, Plaintiff Debra Chirgwin filed the instant Motion to Substitute Party [Dkt. 12940]. Plaintiff's motion does not meet the standard to allow the Court to assess the propriety of the substitution. As a result, Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, the "Cook Defendants"), respectfully request that the Court deny Plaintiff's Motion to Substitute Party with leave to file the proper motion.

Rule 25(a) of the Federal Rules of Civil Procedure states that this Court "may order substitution of the proper party" in the event that "a party dies and [a] claim is not extinguished." Fed. R. Civ. P. 25(a)(1). Assuming a motion to substitute is timely filed, the Seventh Circuit holds that before granting substitution, the Court must first ask whether the Plaintiff's remaining claims against the Cook Defendants are extinguished. *See Atkins v. City of Chi.*, 547 F.3d 869, 870 (7th Cir. 2008) (noting that Rule 25(a) requires that a "claim on which the suit is based" survive the death of the party to allow substitution). Second, if claims are not extinguished, the Court must ask whether the party Plaintiff proposes to substitute is a "proper party" who may be substituted in the original plaintiff's stead. *Id.*

To assess which of the remaining state-law claims survive, the Court must look to the state law governing the plaintiff's claims. *Id.* Here, Plaintiff has made no attempt to identify which law applies or explain why Plaintiff's claims are not extinguished in their entirety.[1] (See Motion to Substitute, Dkt. 12940.). As a result, Plaintiff does not meet her initial burden.

Where claims survive after death, the Court must determine whether the proposed party is a "proper party." Fed. R. Civ. P. 25(a). Plaintiff makes no attempt to show whether the proposed substitute is a "proper party" under Rule 25. (See Motion to Substitute, Dkt. 12940.) As a result, Plaintiff does not meet her remaining burden either.

Pursuant to Federal Rule of Civil Procedure 25(a), the Cook Defendants request that the Court deny Plaintiff's Motion to Substitute because Plaintiff has not made the requisite showing to support substitution. Further, the Court should direct Plaintiff to file a proper motion to substitute, in compliance with the law as stated here.

---

[1] It appears Plaintiff lived in West Virginia. We note that state has the following statute:

> Where an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporation, and the person injured dies as a result thereof, the action shall not abate by reason of his or her death but, his or her death being suggested, it may be revived in the name of his or her personal representative, and the complaint shall be amended so as to conform to an action under sections five and six of this article, and the case proceeded with as if the action had been brought under said sections. Additionally a separate and distinct cause of action may be brought, and if brought, ***shall be joined in the same proceeding for damages incurred between the time of injury and death*** where not otherwise provided for in said sections five and six. In either case there shall be but one recovery for each element of damages: Provided, That nothing in this section shall be construed in derogation of the provisions of section twelve of this article.

W. Va. Code Ann. § 55-7-8 (emphasis added).

Dated: March 10, 2020

Respectfully Submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:	(317) 237-0300
Facsimile:	(317) 237-1000
Andrea.Pierson@FaegreBD.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:	(260) 424-8000
Facsimile:	(260) 460-1700
Stephen.Bennett@FaegreBD.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 10, 2020, a copy of the foregoing Response in Opposition to Plaintiff's Motion to substitute was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                      /s/ Andrea Roberts Pierson