IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s):

Debra Chirgwin

Civil Case # 1:17-cv-2292

**PLAINTIFF'S REPLY TO THE COOK DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO SUBSTITUTE PARTY**

## I.   INTRODUCTION

On February 25, 2020, Plaintiff Debra Chirgwin filed a Motion to Substitute Party

("Motion"). On March 10, 2020, Cook Incorporated, Cook Medical LLC, and William Cook

Europe ApS (collectively "Cook Defendants") filed a Response in Opposition ("Response").

Now, Plaintiff files this Reply to Cook's Response, and respectfully requests this Court

OVERRULE the Cook Defendants' objections in their Response, and GRANT Plaintiff's Motion

to Substitute Party.

## II.   ARGUMENT

The only relevant issue before the Court is whether William Chirgwin, the surviving

spouse and Administrator of the Estate of Plaintiff Debra Chirgwin, is the proper party to

substitute pursuant to F.R.C.P. 25.[1]  As set forth in more detail below, clearly the answer is "yes."

---

[1] Any analysis of choice of law issues applicable to the substantive claims is irrelevant to whether Mr. Chirgwin has
been properly appointed Administrator of his deceased wife's Estate.

Plaintiff Debra Chirgwin filed a products liability lawsuit against the Cook Defendants on July 6, 2017 alleging injuries caused by an inferior vena cava filter ("IVC filter") manufactured and sold by the Cook Defendants.[2] It is clear by the face of the Complaint that Plaintiff Debra Chirgwin was a resident of West Virginia at the time of the subject IVC filter implant, and that Plaintiff Debra Chirgwin was a resident of West Virginia at the time of injury alleged.[3] Subsequent to the filing of her Complaint, Plaintiff Debra Chirgwin died in West Virginia.[4]

Plaintiff Debra Chirgwin's surviving husband, William Chirgwin, is the proper party to substitute in the place of his deceased wife. William and Debra were married at the time of Debra's death.[5] Subsequent to Debra's death, William was appointed Administrator of the Estate of Debra Chirgwin by the State of West Virginia on October 21, 2019.[6] As the Administrator, successor, and representative of the Estate of Debra Chirgwin, there is no question that William Chirgwin is the proper party to substitute pursuant to Federal Rule of Civil Procedure 25.

## III.    CONCLUSION

There is no basis in law or fact for the Cook Defendants' Response in Opposition. William Chirgwin is undoubtedly the proper party to substitute for his deceased wife, Debra Chirgwin. Accordingly, Plaintiff respectfully requests this Honorable Court OVERRULE the Cook Defendants' objections in their Response, GRANT Plaintiff's Motion to Substitute Party in this action and direct the Clerk to reflect this substitution in the file and the Court's ECF system.

---

[2] *See* Plaintiff's Short Form Complaint attached hereto as **Exhibit A.**
[3] *Id.*
[4] *See* Suggestion of Death filed and served pursuant to F.R.C.P. 25(a)(1) on November 27, 2019, Docket No. 12495.
[5] *See* Death Certificate, attached to Suggestion of Death.
[6] *See* Letter of Administration attached hereto as **Exhibit B.**

Dated: March 17, 2020.

/s/ William F. Blankenship III
William F. Blankenship III
Texas Bar No. 90001483 (*Admitted Pro Hac Vice*)
Blankenship Law Firm
3500 Maple Avenue, Suite 1100
Dallas, Texas 75219
(214) 361-7500
(214) 361-7505 (Fax)
bill@blankenshiplaw.com
maggie@blankenshiplaw.com

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ William F. Blankenship III
William F. Blankenship III

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to Plaintiff(s):

Debra Chirgwin_____

Civil Case # 1:17-cv-2292

## SHORT FORM COMPLAINT

COMES NOW the Plaintiff named below, and for Complaint against the Defendants named below, incorporate The Master Complaint in MDL No. 2570 by reference (Document 213). Plaintiff further shows the court as follows:

1. Plaintiff/Deceased Party:

   Debra Chirgwin_____

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   N/A_____

   Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   N/A_____

3. Plaintiff's/Deceased Party's state of residence at the time of implant:

   West Virginia_____

1

Case 1:14-ml-02570-RLY-TAB Document 13053 Filed 03/17/20 Page 6 of 11 PageID #:
94918
Case 1:17-cv-02292-TWP-TAB Document 1 Filed 07/06/17 Page 2 of 9 PageID #: 2

4. Plaintiff's/Deceased Party's state of residence at the time of injury:

   West Virginia _____

5. Plaintiff's/Deceased Party's current state of residence:

   West Virginia _____

6. District Court and Division in which venue would be proper absent direct filing:

   U.S. District Court – Southern District of West Virginia (Huntington Division)

7. Defendants (Check Defendants against whom Complaint is made):

   x        Cook Incorporated

   x        Cook Medical LLC

   x        William Cook Europe ApS

8. Basis of Jurisdiction:

   x        Diversity of Citizenship

   □        Other: _____

   a. Paragraphs in Master Complaint upon which venue and jurisdiction lie: For
   purposes of remand and trial, venue is proper pursuant to 28 U.S.C. §1391 in the federal
   judicial district of each Plaintiff's state of residence. A substantial amount of activity
   giving rise to the claims occurred in this District, and Defendants may be found within
   this District. Therefore, venue is proper in this jurisdiction under 28 U.S.C. §1391.

   b. Other allegations of jurisdiction and venue:

   _____

   _____

   _____

2

Case 1:14-ml-02570-RLY-TAB Document 13053 Filed 03/17/20 Page 7 of 11 PageID #:
94919
Case 1:17-cv-02292-TWP-FAB Document 1-3 Filed 07/06/17 Page 3 of 9 PageID #: 3

9.  Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim

    (Check applicable Inferior Vena Cava Filters):

              Günther Tulip® Vena Cava Filter

    X       Cook Celect® Vena Cava Filter

              Gunther Tulip Mreye

              Cook Celect Platinum

              Other:

    _____

10. Date of Implantation as to each product:

    January 19, 2010_   _____

11. Hospital(s) where Plaintiff was implanted (including City and State):

    St. Mary's Medical Center, 2900 1ˢᵗ Avenue, Huntington, WV 25702 _____

12. Implanting Physician(s):

    Michael J. Arvanitis, M.D._____

13. Counts in the Master Complaint brought by Plaintiff(s):

          x     Count I:       Strict Products Liability – Failure to Warn

          x     Count II:      Strict Products Liability – Design Defect

          x     Count III:     Negligence

          x     Count IV:     Negligence Per Se

          x     Count V:      Breach of Express Warranty

          x     Count VI:     Breach of Implied Warranty

          □     Count VII:    Violations of Applicable _____ (insert State)

                   Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices

          □     Count VIII:  Loss of Consortium

Case 1:17-cv-02292-TWP-FAB Document 1-3 Filed 07/08/17 Page 4 of 9 PageID #: 4

□     Count IX:     Wrongful Death

□     Count X:     Survival

x     Count XI:     Punitive Damages

□     Other:    _____  (please state the facts supporting

this Count in the space, immediately below)

□     Other:    _____  (please state the facts supporting

this Count in the space, immediately below)

_____

_____

_____

_____

_____

14. Attorney for Plaintiff(s):

William F. Blankenship III, David P. Matthews_____

15. Address and bar information for Attorney for Plaintiff(s):

William F. Blankenship III (Texas Bar No. 90001483), Blankenship Law Firm, 3710

Rawlins Street, Suite 1230, Dallas, Texas 75219_____

David P. Matthews (Texas Bar No. 13206200), Matthews & Associates, 2905 Sackett

Street, Houston, Texas 77098_____

Case 1:14-ml-02570-RLY-TAB Document 13053 Filed 03/17/20 Page 9 of 11 PageID #:
Case 1:17-cv-02292-TWP-TAB Document 15 Filed 07/06/17 Page 5 of 9 PageID #:
94921

Respectfully submitted,

*/s/ William F. Blankenship III*
William F. Blankenship III
Texas Bar No. 90001483
Blankenship Law Firm
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219
(214) 361-7500
(214) 361-7505 (Fax)
bill@blankenshiplaw.com
jeanette@blankenshiplaw.com

David P. Matthews
Texas Bar No. 13206200
Matthews & Associates
2905 Sackett Street
Houston, Texas 77098
(713) 522-5250
(713) 535-7132 (Fax)
matthewsivc@thematthewslawfirm.com
dmatthews@thematthewslawfirm.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2017, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. A copy of the foregoing was also served via U.S. Mail on all non-CM/ECF participants:

*/s/ William F. Blankenship III*
William F. Blankenship III

# EXHIBIT B

# United States of America



350235

**State of West Virginia**

**County of Cabell, ss:**

# Letter of Administration

Estate of DEBRA LYNN CHIRGWIN

I, Phyllis Smith, Clerk of the Cabell County Commission, in the State of West Virginia, do hereby certify that WILLIAM JOSEPH CHIRGWIN was on the 21st day of October, 2019, appointed by the County Clerk of the Cabell County Commission as administrator(s) of the Estate of DEBRA LYNN CHIRGWIN, duly qualified as such by taking oath prescribed by law, and by giving approved bond in the sum of $0.00, as required by law.

NOW THEREFORE, be it known that said appointment is now in full force and effect and that full faith and credit are due and should be given to all the acts of the said WILLIAM JOSEPH CHIRGWIN as such administrator(s) of the Estate of DEBRA LYNN CHIRGWIN, as well in all jurisdictions, as elsewhere.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Cabell County Commission at my office in said County on the 21st day of October, 2019.

_Phyllis Smith_

Phyllis Smith
Clerk of the Cabell County Commission

By _Joy Ferguson_

Joy Ferguson
Probate Clerk

**WARNING:** THIS DOCUMENT IS PRINTED ON SECURITY WATERMARKED PAPER AND CONTAINS SECURITY FIBERS. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARK.

LetterofAdministration