IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to<br>David McDermitt, Civil Case No.: 1:18-cv-00946 | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TOEXCLUDE OR LIMIT THE EXPERT TESTIMONY OF CHRISTY FOREMAN, MBE

Plaintiff David McDermitt submits this Memorandum of Law in Support of Motion to Exclude or Limit the Expert Testimony of Christy Foreman, MBE, and respectfully requests that the Court exclude the proffered testimony from Ms. Foreman laid out below.

### INTRODUCTION

Ms. Foreman is a biomedical engineer who has offered opinions regarding the Gunther Tulip's regulatory history and adverse events of the filter. *See* Exhibit A, Expert Report of Christy Foreman ("Foreman Rep."). Plaintiff brings this *Daubert* motion to challenge specific opinions regarding Ms. Foreman. These opinions include: (1) perforations not being a reportable event to the FDA; (2) the Gunther

1

Tulip IFU referencing perforations;(3) inspections performed by the FDA; and (4) Ms. Foreman's opinion on "substantial equivalence" equating to substantial safety. These specific portions of Ms. Foreman's proffered testimony lack foundation and support, are misleading, and would be unhelpful. As such, and as laid out below, these opinions from Ms. Foreman should be excluded.

## LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Civil Procedure and the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 579 (1993). Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness is qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Before admitting expert testimony, *Daubert* requires that the district court function as a gatekeeper to ensure that expert testimony is both relevant and reliable. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). "In other words, as a threshold matter 'a district court is required to determine (1) whether the expert would testify to valid scientific knowledge, and (2) whether that testimony would assist the trier of fact with a fact at issue.'" *Id.* (quoting *Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 590 (7th Cir. 2000)).

In ascertaining whether an expert's opinion pertains to scientific knowledge, the court must consider whether the methodology employed by the expert in reaching his or her conclusion is sufficiently grounded in the "methods and procedures of science." *Daubert*, 509 U.S. at 590. This inquiry ensures that the expert's testimony is based upon more than just "subjective belief or unsupported speculation." *Id*. This also ensures that the jury hears only reliable and useful expert testimony. Precedent in this Circuit emphasizes the importance of the court's gatekeeping duties under *Daubert* "lest apparently scientific testimony carry more weight with the jury than it deserves." *DePaeppe v. General Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998). As the proponent of Dr. Lee's testimony, Cook has the burden of demonstrating admissibility. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

Jurors afford great deference to expert testimony, rendering the court's gatekeeping function especially vital. *See, e.g., United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004) (noting that "expert testimony may be assigned talismanic significance in the eyes of lay jurors").

## **ARGUMENT**

Ms. Foreman states the following: *"FDA has not defined 'perforation' and it does not consider 'perforation' a reportable event under the MDR guidelines unless 'the patient is at risk of a life-threatening situation or a medical intervention is required."* Ex. A, Foreman Rep. at 39.. First, this statement is directly contradicted earlier in her report via Table II. *See*

3

Foreman Rep. at 34. This table utilized by Ms. Foreman lists "IVC penetration" as an adverse event to the FDA. The Cook defendants and their experts have used the terms "penetration" and "perforation" interchangeably when discussing damage caused to a patient's IVC wall caused by their Gunther Tulip device. It is nonsensical for Ms. Foreman to offer the opinion that the FDA "does not consider 'perforation' a reportable event," despite listing perforation/penetration in a table of adverse events earlier in her report. Further, this statement from Ms. Foreman is directly in contrast with FDA regulations. FDA special controls state directly: "If you are a manufacturer, you must submit reports (described in subpart E of this part) to us, as follows: (1) Submit reports of individual adverse events no later than 30 calendar days after the day that you became aware of a reportable death, serious injury, or *malfunction*." 21 CFR 803.10(c) (emphasis added). Perforation of a patient's IVC wall is not only an injury, it is also a reportable *malfunction* of the device. Further, making matters worse for this opinion,, evidence in this case shows that Cook itself has admitted that they knew or should have known that penetration and perforation were specific patient safety concerns related to its Gunther Tulip device and that those concerns were not described in the IFU.[1] For these reasons, Ms. Foreman's opinion that perforation is not a reportable

---

[1] Internal emails from Cook from March 2008 show the company acknowledging the increased number of Celect complaints regarding perforation that leads to pain and the desire of the company to describe such complaints as "penetration" instead of "perforation" in order to downplay the risks. CookMDL2570_0456793 (although this document deals with Celect complaints, the same issue on complaint handling would apply to Cook's handling of the Tulip device and demonstrate that Cook was misrepresenting complaints that have the potential to lead to serious patient safety concerns).

event to the FDA lacks foundation. This lack of foundation makes this opinion from Ms. Foreman misleading, unreliable, and unhelpful, and should therefore be excluded.

Ms. Foreman goes on to state that Cook's listing of *"acute damage to the inferior vena cava" in its IFU was meant to warn of perforation:* "The list of adverse events includes the commonly known adverse events that can occur with the use of the device including damage to or perforation of the vena cava." Foreman Rep. at 40. However, Ms. Foreman offers no support or medical literature for this statement whatsoever. "Perforation" and "damage to the vena cava" are not synonymous, and "damage" does not properly warn of the potential for perforation of the legs of the filter to penetrate outside of the IVC wall and endanger other structures. No supporting literature is supplied by her to make this conclusion. Because this opinion lacks support, this opinion should be excluded.

Ms. Foreman goes on to state:

> *In a fourteen-year window, William Cook Europe (WCE) received 7 inspections of their Quality System from 6 different FDA investigators in order to verify compliance. In all cases, at the conclusion of the inspections all were classified No Action Indicated (NAI). An inspection is an audit of the firm's procedures and documentation to determine compliance with the QS Reg.*

Foreman Rep. at 41.

Ms. Foreman goes on to describe in detail the nuances of these FDA inspections. However, this proffered testimony about inspections from Ms. Foreman is misleading and would not assist the jury in this case. Plaintiff is not making a

claim for manufacturing defect in this case, and these inspections all relate to Cook's manufacturing processes. This robust discussion of Cook's manufacturing process and the FDA's inspections implies some kind of safety with no support for that implication. Any and all testimony from Ms. Foreman relating to Cook's manufacturing process and the FDA's manufacturing inspections should be excluded as irrelevant, misleading, and unhelpful testimony.

Finally, and very importantly, Ms. Foreman offers the impermissible opinion that the FDA's "substantial equivalence decision reflects the FDA's conclusion that these devices provide reasonable assurance of safety and effectiveness when compared to a category of device (classification). Foreman Rep. at 49. This proffered testimony completely lacks foundation, is misleading, unhelpful, and is in direct violation of prior rulings from this Court. *See In re Cook Medical, Inc. IVC Filters Marketing, Sales Practices, and Product Liability Litigation*, No. 1:14-ml-02570-RLY-TAB, 2018 WL 6617375, at *2 (S.D. Ind., December 18, 2018) ( holding that "Cook will not, however, be permitted to present evidence or argument that the Celect was approved by the FDA or that clearance of the device through the 510(k) process constitutes a finding that the device is safe and effective."). Accordingly, any and all testimony from Ms. Foreman that equates the Gunther Tulip's 510(k) clearance to a "reasonable assurance of safety and effectiveness" and the like should bee excluded.

## CONCLUSION

For the foregoing reasons, Plaintiff requests these specific opinions of Ms. Foreman be excluded.

Dated:  March 17, 2020

    Respectfully submitted,

    */s/ Stuart L. Goldenberg*
    Stuart L. Goldenberg (#158719)
    Benjamin C. Stellpflug (#0401095)
    GOLDENBERGLAW, PLLC
    800 LaSalle Avenue, Suite 2150
    Minneapolis, MN 55402
    Telephone: (612) 333-4662
    Facsimile: (612) 367-8107
    slgoldenberg@goldenberglaw.com
    bstellpflug@goldenberglaw.com

    Joseph N. Williams (#25874-49)
    RILEY WILLIAMS & PIATT
    301 Massachusetts Avenue
    Indianapolis, IN 46204
    (317) 633-5270 (phone)
    (317) 426-3348 (fax)
    jwilliams@rwp-law.com

    Michael W. Heaviside, Esq.
    HEAVISIDE REED ZAIC, A LAW CORPORATION
    910 17th Street, NW, Suite 800
    Washington, DC 20006
    Telephone: (202) 223-1993
    mheaviside@hrzlaw.com

    Ben C. Martin, Esq.
    Martin Baughman, PLLC
    3710 Rawlins Street, Suite 1230
    Dallas, TX 75219
    Telephone: (214) 761-6614
    Facsimile: (214) 744-7590
    bmartin@martinbaughman.com

    David P. Matthews, Esq.
    MATTHEWS AND ASSOCIATES
    2509 Sackett St.

Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Counsel for Plaintiff.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2020, a copy of the foregoing was served via email and U.S. Mail to the following:

Jessica Benson Cox
Andrea Roberts Pierson
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
jessica.cox@faegredrinker.com
andrea.pierson@faegredrinker.com

*/s/ Luc Mainguy*