IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-m1-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to
David McDermitt, Civil Case No.: 1:18-cv-00946

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT THE EXPERT TESTIMONY OF SCOTT W. ROBERTSON, PhD.

Plaintiff David McDermitt submits this Memorandum of Law in Support of Motion to Exclude or Limit the Expert Testimony of Scott W. Robertson, Ph.D., and respectfully requests that the Court exclude the proffered testimony from Dr. Robertson laid out below.

### FACTUAL BACKGROUND

Dr. Robertson is an engineer, not a medical doctor. However, he attempts to proffer medical opinions that he is unqualified to make, that lack foundation, and that would not assist the jury. These specific opinions, as laid out below, are the portions of Dr. Robertson's testimony that Plaintiff is asking the Court to exclude.

1

## LEGAL STANDARD

In evaluating the testimony of Cook's experts under Federal Rule of Evidence 702, the Court must determine whether it is "reliable" and "relevant." *Lees v. Carthage Coll.*, 714 F.3d 516, 521 (7th Cir. 2013). To satisfy the reliability requirement, the expert must be qualified in the relevant field, and his opinion must be based on a sound methodology. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). The Court should "rule out subjective belief or speculation." *The Peoples Bank v. Stifel, Nicolaus & Co.*, 2013 WL 1024917 (S.D. Ind. Mar. 14, 2013). Thus, an expert's work is admissible "only to the extent it is reasoned, uses the methods of the discipline, and is founded on data." *Lang v. Kohl's Food Stores, Inc.*, 217 F.3d 919, 924 (7th Cir. 2000). "Relevant" evidence is that which "assist[s] the trier of fact in understanding the evidence or in determining a fact in issue." *Id.* at 616; *Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002). "The touchstone of admissibility under Rule 702 is helpfulness to the jury." *United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991), *amended on unrelated grounds*, 957 F.2d 301 (7th Cir. 1992). Cook as the proponent of Dr. Robertson's testimony has the burden of showing it to be relevant and reliable. *Bickel v. Pfizer, Inc.*, 431 F. Supp. 2d 918, 92 (N.D. Ind. May 19, 2006).

## ARGUMENT

**Dr. Robertson is not a physician, and his opinions and testimony relating to medical analysis should therefore be excluded.**

Dr. Robertson's opinion number 2.2.3.6 "Secondary Performance Feature 2d: Promote Retrieval" concerns the retrievability of the Gunther Tulip filter. According

2

to Dr. Robertson, the *"ability to retrieve a filter depends on many patient-specific factors, primarily tissue overgrowth, accessibility to snaring the retrieval hook, as well as surgeon skill. Consequently, I opine that Cook Medical appropriately evaluated the Gunther Tulip IVC filter's ability to be retrieved via clinical experiments."* Exhibit A, Robertson Report at 27 ("Robertson Rep."). However, Dr. Robertson is not a surgeon himself, nor a physician at all. He has never performed a retrieval procedure on a patient in any capacity. Accordingly, this testimony from Dr. Robertson relating to the retrievability of the Gunther Tulip filter is unreliable, would be unhelpful to the jury in this case, and should therefore be excluded.

Dr. Robertson's opinion number 5.0 "Examination of Mr. McDermitt's Evidence" is relatively self-explanatory, but involves Dr. Robertson's analysis of and testimony relating to imaging studies performed on Mr. McDermitt. Ex. A, Robertson Rep. at 31-32., Dr. Robertson does not have the experience or qualifications to read and interpret medical imaging from a medical prospective, as he attempts to do via his opinion 5.0. Accordingly, Dr. Robertson's proffered testimony concerning his analysis of Mr. McDermitt's medical imaging is unreliable and would not assist a jury. The testimony that makes up Dr. Robertson's opinion 5.0 (pages 31 and 32 of his report) should be excluded.

For similar reasons, Dr. Robertson's opinion number 6.0 "Rebuttal to Dr. Muehrcke Report" should be excluded. Dr. Robertson is not a medical doctor. However, in responding to the medical opinions of Plaintiff's expert, Dr. Dereke Muehrcke, a cardiothoracic and vascular surgeon, Dr. Robertson jumps to a number of medical conclusions that he unqualified qualified to make. To start, Dr.

3

Robertson states the following in response to Dr. Muehrcke: "*I disagree with Dr. Muehrcke's conclusion of both perforation and injury.*" Ex. A, Robertson Rep. at 33. To combat Dr. Muehrcke's testimony that Mr. McDermitt has suffered four perforations of his IVC wall, Dr. Robertson again attempts to provide medical analysis in the way of interpretation of Mr. McDermitt's imaging studies. Dr. Robertson is not qualified to offer medical opinions such as these. Accordingly, as outlined above as well, Dr. Robertson's testimony regarding his analysis of medical imaging performed on Mr. McDermitt should be excluded, as it lacks foundation and would not help the jury in this case.

Dr. Robertson goes on to attempt to offer additional medical testimony that he is unqualified to make when he states: "*I also disagree that Mr. McDermitt's IVC filter legs could cause injury to those surrounding structures.*" Ex. A, Robertson Rep. at 34. Dr. Robertson then goes on to provide measurements, he apparently conducted himself, of both the filter itself and the surrounding organs visible in Mr. McDermitt's medical imaging. Again, Dr. Robertson is not a medical doctor. He lacks the qualifications necessary to offer medical opinions about these images and measurements. Further, Dr. Robertson has failed to account for the fact that the IVC naturally expands and contracts, depending on what is going on inside the human body.[1]

Accordingly, the distance measured between the struts of the filter inside Mr. McDermitt's body in the images reviewed by Dr. Robertson and his surrounding

---

[1] "if you put a filter that has a large external radial force into a small vena cava, the vena cava will expand and then will perforate and then contract around it." Muehrcke Dep. at 344:25-34503.

organs is always changing. Not only is Dr. Robertson not qualified to offer this medical opinion, but this testimony is also misleading and unreliable. Accordingly, Dr. Robertson's testimony regarding his review of Mr. McDermitt's medical imaging, and the measurements he made, should be excluded.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the above testimony from Dr. Robertson be excluded.

Dated:  March 17, 2020

        Respectfully submitted,

*/s/ Stuart L. Goldenberg*
Stuart L. Goldenberg (#158719)
Benjamin C. Stellpflug (#0401095)
GOLDENBERGLAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 333-4662
Facsimile: (612) 367-8107
slgoldenberg@goldenberglaw.com
bstellpflug@goldenberglaw.com

Joseph N. Williams (#25874-49)
RILEY WILLIAMS & PIATT
301 Massachusetts Avenue
Indianapolis, IN 46204
(317) 633-5270 (phone)
(317) 426-3348 (fax)
jwilliams@rwp-law.com

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993

mheaviside@hrzlaw.com

Ben C. Martin, Esq.
Martin Baughman, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Counsel for Plaintiff.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 17, 2020, a copy of the foregoing was served via email and U.S. Mail to the following:

Jessica Benson Cox
Andrea Roberts Pierson
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
jessica.cox@faegredrinker.com
andrea.pierson@faegredrinker.com

                                         */s/ Luc Mainguy*