IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCT LIABILITY
LITIGATION

Case No. 1:14-m1-2570-RLY-TAB
MDL No. 2570

This Document Relates to
David McDermitt, Civil Case No.: 1:18-cv-00946

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO EXCLUDE OR LIMIT THE EXPERT TESTIMONY OF
TIMOTHY A. MORRIS, MD FACCP AND RENU VIRMANI, MD**

Plaintiff David McDermitt submits this Memorandum of Law in Support of
Motion to Exclude or Limit the Expert Testimony of both Dr. Timothy A. Morris and
Dr. Renu Virmani, and respectfully requests that the Court exclude the proffered
testimony from Drs. Morris and Virmani illustrated below.

## **INTRODUCTION**

To respond to Plaintiff's expert testimony of Dr. Derek Muercke, and Dr.
Laura Plunkett, the Cook Defendants have offered up **six** experts in support of their
defenses that the Tulip Filter used in Mr. McDermitt was safe and effective.
Of these six experts, according to counsel for the Cook defendants, both Dr. Morris
and Dr. Virmani are "not providing any case specific opinions in the McDermitt

1

matter." *See* Exhibit A, email correspondence from Jessica Benson Cox to Stuart Goldenberg, dated January 13, 2020. More specifically, Cook's counsel went on to say, "Dr. Virmani offered a general report about her opinions applicable to all Cook filter cases," and "Dr. Morris has disclosed only the general opinions he gave in connection with his testimony in the Brand case…but note that we have redacted the sections and exhibits that deal with Cook's animal testing of its Celect filter, as they are not applicable or relevant to the opinions she will offer in this case." *Id.*

The problem is that the reports from Dr. Morris and Dr. Virmani, in their entirety, are largely duplicative and cumulative of other experts. Further, because neither Dr. Morris nor Dr. Virmani have reviewed any specific evidence with respect to this *McDermitt* case, this proffered testimony is also without foundation and misleads the jury into thinking that a volume of evidence is favored over weight of the evidence. Because the entirety of the testimony from Drs. Morris and Virmani is duplicative and without foundation, it is further misleading, and disproportionate to the size of the case. Therefore, the testimony of these "general experts" would not assist the jury in this case and should therefore be excluded.

## LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Civil Procedure and the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 579 (1993). Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a

> witness is qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Before admitting expert testimony, *Daubert* requires that the district court function as a gatekeeper to ensure that expert testimony is both relevant and reliable. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). "In other words, as a threshold matter 'a district court is required to determine (1) whether the expert would testify to valid scientific knowledge, and (2) whether that testimony would assist the trier of fact with a fact at issue.'" *Id*. (quoting *Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 590 (7th Cir. 2000)).

In ascertaining whether an expert's opinion pertains to scientific knowledge, the court must consider whether the methodology employed by the expert in reaching his or her conclusion is sufficiently grounded in the "methods and procedures of science." *Daubert*, 509 U.S. at 590. This inquiry ensures that the expert's testimony is based upon more than just "subjective belief or unsupported speculation." *Id*. This also ensures that the jury hears only reliable and useful expert testimony. Precedent in this Circuit emphasizes the importance of the court's gatekeeping duties under *Daubert* "lest apparently scientific testimony carry more weight with the jury than it deserves." *DePaeppe v. General Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998). As the proponent of Dr. Lee's testimony, Cook has the burden of demonstrating

admissibility. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009).

Jurors afford great deference to expert testimony, rendering the court's gatekeeping function especially vital. *See, e.g., United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004) (noting that "expert testimony may be assigned talismanic significance in the eyes of lay jurors").

## ARGUMENT

Neither Dr. Morris nor Dr. Virmani have reviewed any evidence from this particular case. They do not know anything about Mr. McDermitt's current condition, his condition at the time his filter was placed, or his condition between those two points in time. Dr. Morris nor Dr. Virmani do not know anything about his physical injuries or his ability to currently take blood thinners. Additionally, neither Dr. Morris nor Dr. Virmani offer any relevant testimony that is not already covered by one (if not multiple times) by Cook's other four experts in this case. For these reasons, the testimony from Drs. Morris and Virmani is not based on "sufficient facts or data" as required by Fed. R. Evid. 702(b), and this testimony is cumulative of other experts' testimony in this case to the point that it would be unhelpful to the jury. As such, and for the reasons laid out below, the testimony of both Dr. Morris and Dr. Virmani should be excluded.

1. **The Testimony of Dr. Morris and Dr. Virmani Is Based Upon Insufficient Facts**

"The purpose of [the *Daubert*] inquiry is to vet the proposed testimony under Rule 702's requirements that it be 'based on sufficient facts or data,' use 'reliable principles and methods,' and 'reliably appl[y] the principles and methods to the facts of the case.'" *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 810 (7th Cir. 2012) (quoting Fed. R. Evid. 702). Cook's reports from Dr. Morris and Dr. Virmani do not meet this threshold required by the Federal Rules and the Seventh Circuit because neither report applies "to the facts of the case" in this *McDermitt* matter. *See* Ex. A (Cook counsel has stated that Dr. Morris and Dr. Virmani are "not providing any case specific opinions in the McDermitt matter.").

Simply because Cook has provided generalized reports from two doctors does not mean that the testimony should be permitted by the Court. *See U.S. v. Mamah*, 332 F.3d 475, 478 (7th Cir. 2003) ("The court is not obligated to admit testimony just because it is given by an expert."). In fact, to the contrary, precedent in this Circuit emphasizes the importance of the court's gatekeeping duties under *Daubert* "lest apparently scientific testimony carry more weight with the jury than it deserves." *DePaeppe v. General Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998). Here, the proffered testimony from Drs. Morris and Virmani does not review the plaintiff's records nor even review the plaintiff's expert reports and respond to them. Yet, this testimony is being used to try to demonstrate the safety of the filter inside Mr. McDermitt. Courts in this circuit have excluded expert testimony under similar circumstances when the expert

failed to rely on the "sufficient facts or data" required by Fed. R. Evid. 702. *See, e.g., Anhert v. Employers Ins. Co. of Wausau*, No. 13-cv-1456-pp, 2018 WL 2048379 (E.D. Wisc. May 2, 2018) ("General" expert report that contained nothing "that in any way, shape, or form ha[d] any specific connection" to the case was excluded under Fed. R. Evid. 702(b)); *see also Gumwood HP Shopping Ptrs., L.P. v. Simon Prop. Grp., Inc.*, No. 3:11-CV-268 JD, 2016 WL 6091244 (N.D. Ind. Oct. 19, 2016) (excluding expert testimony that did not rely on sufficient facts in reaching opinion when expert conceded he "did not spend a lot of time" reviewing critical deposition testimony); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 144, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997) ("[W]hether animal studies can ever be a proper foundation for an expert's opinion was not the issue. The issue was whether these experts' opinions were sufficiently supported by the animal studies on which they purported to rely.")

The testimony from both Dr. Morris and Dr. Virmani is without foundation, misleading and would not assist the jury. As such, the testimony from Dr. Morris and Dr. Virmani should be excluded.

### 2. The Testimony of Dr. Morris and Dr. Virmani is Cumulative.

The proffered testimony from Dr. Morris and Dr. Virmani is largely covered by the testimony of Cook's other four experts.[1] "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence

---

[1] In addition to the general reports from Drs. Morris and Virmani, Cook has also offered expert reports from: (1) Dr. Todd A. Lee, a pharmacist and pharmacoepidemiologist; (2) Christy Foreman, a biomedical engineer; (3) Dr. Antonios Gasparis, a vascular surgeon; and (4) Scott W. Robertson, an engineer.

in the case, so that if it were admitted its contribution to the determination of the truth would be outweighed by its contribution to the length of the trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates." *Goodwin v. MTD Prod., Inc.*, 232 F.3d 600, 609-10 (7th Cir. 2000). The entirety of Dr. Morris's report is duplicative of other testimony from other experts offered by Cook.[2] Further, all portions of Dr. Virmani's report that are relevant to this case in any way are also covered by the reports of Dr. Gasparis and Dr. Lee.

Allowing Cook six experts, all of whom parrot each other's opinions, would be needlessly cumulative and would prejudice Plaintiff greatly at trial. Accordingly, the testimony of both Dr. Morris and Dr. Virmani should be excluded.

### 3.      The Testimony of Dr. Morris and Dr. Virmani is Disproportionate to the injuries in the case.

Proportionality is an important issue in the present case as well. The Federal Rules of Civil Procedure also require that evidence in a civil case be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access

---

[2] Dr. Morris's opinions in his report are made via various sections, framed in the form of questions, and each section is duplicative of other Cook expert testimony: (1) "What is PE and how is it dangerous?" is covered by the reports of Dr. Gasparis and Dr. Robertson; (2) "How is PE treated?" is covered by the reports of Dr. Gasparis and Dr. Robertson; (3) "Why are IVC filters used?" is covered by the reports of Dr. Gasparis and Dr. Robertson; (4) "What are the treatment alternatives if IVC filters are not used?" is covered by the reports of Dr. Gasparis and Dr. Robertson; (5) "Does the placement of IVC filters improve the mortality of some patients with PE?" is covered by the reports of Dr. Lee and Dr. Gasparis; (6)"What does the published medical literature say about the complications of IVC filters?" is covered by the reports of Dr. Lee and Dr. Gasparis; "Do IVC filters generate clinically important clots?" is covered by the report of Dr. Gasparis; and "Do patients with IVC filters need to be anticoagulated?" is covered by the report of Dr. Gasparis.

to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). As this court is aware, this case was chosen so it could be representative of lower value cases. Both parties have represented to this court that each side's case may be tried in a week (a two-week trial). Here, the proportionality of evidence offered by Cook's six proffered experts must also be examined. Plaintiff has submitted two expert reports, and intends to have only these two experts testify at trial: a vascular surgeon and a pharmacologist/regulatory expert. In contrast, Cook has offered six expert reports, and intends to have all six of these proposed experts testify at trial. Calling these six experts for direct, cross examination and redirect will take far longer than one week of trial. Cook's proffered expert testimony is disproportionate in this case. A simple and fairer way to remedy Cook's attempt at disproportionate expert testimony in this case would be to exclude the testimony from Drs. Morris and Virmani..

## **CONCLUSION**

As outlined above, this proffered testimony from Drs. Morris and Virmani is based upon insufficient facts and is misleading, cumulative, disproportionate, and would not assist the jury in this case. Accordingly, Plaintiff respectfully requests that the testimony of Dr. Morris and Dr. Virmani be excluded in its entirety.

Dated:  March 17, 2020

Respectfully submitted,

*/s/ Stuart L. Goldenberg*
Stuart L. Goldenberg (#158719)
Benjamin C. Stellpflug (#0401095)
GOLDENBERGLAW, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 333-4662
Facsimile: (612) 367-8107
slgoldenberg@goldenberglaw.com
bstellpflug@goldenberglaw.com

Joseph N. Williams (#25874-49)
RILEY WILLIAMS & PIATT
301 Massachusetts Avenue
Indianapolis, IN 46204
(317) 633-5270 (phone)
(317) 426-3348 (fax)
jwilliams@rwp-law.com

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW
CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
Martin Baughman, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.

Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Counsel for Plaintiff.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2020, a copy of the foregoing was served via email and U.S. Mail to the following:

Jessica Benson Cox
Andrea Roberts Pierson
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
jessica.cox@faegredrinker.com
andrea.pierson@faegredrinker.com

/s/ Luc Mainguy