IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-m1-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to<br>David McDermitt, Civil Case No.: 1:18-cv-00946 | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT ANECDOTAL TESTIMONY

Plaintiff David McDermitt submits this Memorandum of Law in Support of Motion to Exclude or Limit all anecdotal testimony from Cook's experts, and respectfully requests that the Court exclude all anecdotal testimony as laid out below.

### LEGAL STANDARD AND RELIEF SOUGHT

This Court is familiar with the *Daubert* standard.[1] In evaluating the testimony of Cook's experts under Federal Rule of Evidence 702, this Court must determine whether it is "reliable" and "relevant." *Lees v. Carthage Coll.*, 714 F.3d 516, 521 (7th Cir. 2013). Specifically, (1) the expert must be qualified by knowledge, skill, experience, training, or education; (2) the proposed expert testimony must assist the

---

[1] *Daubert v. Merrell Dow Pharm.*, Inc., 509 U.S. 579 (1993).

trier of fact in determining a relevant fact at issue in the case; (3) the expert's testimony must be based on sufficient facts or data and reliable principles and methods; and (4) the expert must have reliably applied to principles and methods to the facts of the case. *See* Fed. R. Evid. 702; *see also Lapsley v. Xtek, Inc.*, 689 F.3d 802, 809 (7th Cir. 2012) ("Rule 702 requires that expert testimony be relevant, reliable, and have a factual basis—requirements that must be met before the jury is allowed to hear and perhaps be persuaded by the expert testimony."). The court should "rule out subjective belief or speculation." *The Peoples Bank v. Stifel, Nicolaus & Co.*, 2013 WL 1024917 (S.D. Ind. Mar. 14, 2013).

Accordingly, no treating physician or defense expert should be permitted to testify about his or her personal experience with IVC filters outside of Mr. McDermitt's treatment, or what he or she has observed in the course of their clinical practice with patients other than Mr. McDermitt. For example, a treating physician should not be permitted to say something to the effect of "IVC filters save lives," because "I've never had a patient die form a pulmonary embolism while a filter was in place." The only purpose of such testimony would be to support some general inference about lack of defect in the filter, whether the filter was effective, or whether the filter caused Mr. McDermitt's injuries. Yet, there are no "personal studies" and no data that can be reviewed to support such statements.

The problem is the *Daubert* case law "uniformly" holds such anecdotal evidence is not sufficient under Rule 702 to support such an inference. *Fabrizi v. Rexall Sundown, Inc.*, Civil Action No. 01-289, 2004 U.S. Dist. LEXIS 9859, at *31 (W.D. Pa.

June 2, 2004). As the Southern District of New York explained: "An anecdotal account of one expert's experience, however extensive or impressive the numbers it encompasses, does not itself equate to a methodology, let alone one generally accepted by the relevant professional community." *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 354 (S.D.N.Y. 2005). In *Berk*, the Court excluded an expert's causation testimony because it was based on nothing more than that expert's personal experience, which "bears none of the hallmarks of reliability necessary for it to be considered admissible under *Daubert* and Rule 702." *Id. See also In re Breast Implant Litig.*, 11 F. Sup. 2d 1217, 1230-31 (D. Colo. 1998).

Should McDermitt's treating physicians or defense experts be permitted to testify about their personal "good" experiences with IVC filters, there is a significant risk the jury will draw some conclusion about IVC filters and whether the filter in this case was defective, effective, or caused McDermitt's injuries. Because such anecdotal evidence cannot support such a conclusion as a matter of law, these physicians should not be permitted to provide it.

For these reasons, Plaintiff respectfully requests all anecdotal testimony from Cook's experts be excluded.

Dated:  March 17, 2020

                                                      Respectfully submitted,

                                                      */s/ Stuart L. Goldenberg*
                                                      Stuart L. Goldenberg (#158719)
                                                      Benjamin C. Stellpflug (#0401095)
                                                      GOLDENBERGLAW, PLLC
                                                      800 LaSalle Avenue, Suite 2150

Minneapolis, MN 55402
Telephone: (612) 333-4662
Facsimile: (612) 367-8107
slgoldenberg@goldenberglaw.com
bstellpflug@goldenberglaw.com

Joseph N. Williams (#25874-49)
RILEY WILLIAMS & PIATT
301 Massachusetts Avenue
Indianapolis, IN 46204
(317) 633-5270 (phone)
(317) 426-3348 (fax)
jwilliams@rwp-law.com

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
Martin Baughman, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Counsel for Plaintiff.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2020, a copy of the foregoing was served via email and U.S. Mail to the following:

Jessica Benson Cox
Andrea Roberts Pierson
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
jessica.cox@faegredrinker.com
andrea.pierson@faegredrinker.com

                                                 */s/ Luc Mainguy*