UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates Only to 1:16-cv-03443, Shirley Dukes
_____

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROVIDE CASE CATEGORIZATION FORM**

Plaintiff Shirley Dukes filed a Rule 60(b) Motion for Reconsideration of the Court's Order [Dkt. 10622] Dismissing Plaintiff's Claims for Failure to Provide Case Categorization Form. (Dkt. 13005.) Plaintiff's Motion asks the Court for relief under Federal Rule 60(b)(1). The Court should deny Plaintiff's request for two reasons:

- **Federal Rule 60(b)(1) is not available here.** The Court should not set aside the Order based on counsel's attribution of fault to others. Rule 60(b)(1)'s extraordinary remedy is not available based on mere mistake on the part of counsel due to "carelessness," "failure to exercise due care," or by attributing fault to a lower level actor – such as a paralegal or associate. Here, counsel's only argument blames a "mass torts director."

- **Setting aside the Order would be futile.** Reinstating Plaintiff's case would be futile. The Indiana statute of limitations bars cases not filed within two years of the discovery of an injury. Further, Indiana law does not grant a grace period to refile cases dismissed because of negligence in prosecution. Here, Plaintiff's failed removal occurred on January 29, 2013, **over two years before Plaintiff filed her complaint**, or moved to reconsider the Order. So, Plaintiff's refiled case will be outside of the two years allowed by Indiana law to file a case. Further, the Court dismissed the Plaintiff's cases because of counsel's "neglect," so her case is excluded from the Indiana savings statute.

Essentially, Plaintiff asks for relief from counsel's admitted neglect. Plaintiff filed her short-form complaint on December 21, 2016. On February 21, 2019, Cook moved to dismiss her case for

failure to submit a case categorization form. (Dkt. 10211)  Plaintiff filed no response to Cook's motion to dismiss.  Following Cook's motion, another three months elapsed.  Then, on May 8, 2019 – **over ten months ago** – the Court dismissed plaintiff's case. (*See* Order on the Cook Defendants' Motion to Dismiss (the "Order"), Dkt. 10622.)  Plaintiff's Motion offers one excuse for her failure to comply with the Court's Categorization Order:  The "mass torts director" failed to submit a *pro hac vice* application – despite the fact that the Court's Amended Order Establishing Policies and Procedures, docketed in Plaintiff's individual case, makes clear that counsel in good standing in any United States District Court need not file *pro hac vice* applications exists in this MDL.  (Dkt. 3309, p. 2.)  Plaintiff's sole justification boils down to Plaintiff's attorneys' failure to monitor the docket.

The Court should deny Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Case Categorization Form based on counsel's neglect and blame – which is not a ground for Rule 60(b)(1) relief – as it does not meet the standard for the extraordinary relief she requests.  Further, reinstatement would be futile.  Plaintiff's was barred by the Indiana statute of limitations before it was filed, and is not – and cannot – be saved by the Journey's Account Statute – the Indiana Savings Statute.  I.C. § 34–11–8–1 (the "JAS").

**Argument**

I. **Because Plaintiff has not shown she is entitled to the extraordinary relief provided by Rule 60(b)(1) – attributing fault to a lower level actor such as a "mass torts director" is not sufficient to meet the Rule 60(b)(1) burden – the Court should not set aside its Order.**

   A. **Rule 60(b)(1) relief based on "excusable neglect" is available only in exceptional circumstances.**

Rule 60(b)(1) does not provide relief for counsel's neglect: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted). Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982)). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015). Even in situations where a lawyer's actions may be negligent or worse, the errors are imputed to the party (under principles of agency law) rather than burdening the opposing party in litigation. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994). Nor can a party avoid this result by attributing the fault to some lower

level actor – such as a paralegal – in the lawyer's office.  *See, e.g., Lombardo v. United States,* 860 F.3d 547, 552 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1032 (2018).

Plaintiff brought her Motion under Rule 60(b)(1), arguing excusable neglect causing failure on the part of her counsel to comply with the Court's Categorization Orders.  (Motion, pp. 2-3.)  "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing Rule 60(b) claims premised on excusable neglect, "the most important consideration is 'the reason for the delay'" and if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party."  *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

> **B. Placing blame on counsel's former mass torts director and failing to monitor the docket do not justify extraordinary relief under Rule 60(b)(1), and are not "exceptional circumstances."**

Plaintiff raises one argument in support of her Motion, which boils down to placing blame on a former "mass torts director" for counsel's ignorance of the categorization deadline and failure to monitor the docket.  Plaintiff's blame does not establish a "good reason for missing the deadline." *Knapp*, 322 F.R.D. at 320.

First, a party cannot undo dismissal through Rule 60(b)(1) simply by attributing fault to some lower level actor. *See Lombardo*, 860 F.3d at 552 (denying 60(b) relief in case where counsel had relied on a "trusted paralegal" instead of researching and calculating the deadline himself). Here, Plaintiff's Motion does *only* that, attempting to skirt dismissal by placing blame on a "mass torts director" that no longer work for counsel's firm. (Motion, pp. 1-3.) Plaintiff's counsel, impliedly, assumes no responsibility to monitor the docket or deadlines himself. Plaintiff cannot escape the consequences of her failure to comply with the Categorization and Screening Order by attempting to shift blame to a subordinate. *See, e.g., Lombardo*, 860 F.3d 547. Counsel has a responsibility to train, manage, supervise, and properly instruct their staff, and thus failures of staff are borne by counsel and the firm. *See e.g.,* ABA, Model Rules of Prof. Resp. § 5.3; *see also Lombardo,* 860 F.3d at 554 (denying 60(b) relief in case where counsel had relied on a "trusted paralegal" instead of researching and calculating the deadline himself).

Second, an MDL Plaintiff's attorney has a duty to monitor both the individual case docket and the master MDL docket, and a failure to monitor both dockets is facially unreasonable. Instead, Plaintiff states that a former "mass torts director" did not "submit[] the *pro hac vice* applications" – a requirement that does not exist (see Dkt 3309, Amended Order Establishing Policies and Procedures) – and "never registered to receive Notices of Electronic Filings" of the Court's May 3 Order – which ordered compliance with the categorization process. (Motion, pp. 1-2.). Plaintiff does not dispute that Cook properly served Plaintiff by filing electronically in the master docket or that ECF notices were sent to counsel that registered for electronic service as required by the Court.[1] Simply put, Plaintiff has no reasonable explanation for failing to be aware of the categorization deadline.

---

[1] Plaintiff admits Notices of Electronic Filing were sent to Plaintiff's counsel's firm. (Motion, p. 2.) Plaintiff admits that Counsel, Phelan Petty PLC, received Notices of Electronic Filings. (Motion, p. 2.) Instead of disputing these

Plaintiff has failed to provide a reasonable or excusable explanation for her failure to categorize. Rule 60(b) relief is an "extraordinary remedy [reserved for] exceptional circumstances," *Dickerson*, 32 F.3d at 1116, and as the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such an exceptional remedy. Simply put, errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – i.e., the Cook Defendants. *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634. Rule 60(b) is also not a vehicle through which counsel can place blame on lower level employees, and provides no relief based on that excuse. *See Lombardo*, 860 F.3d at 552.

Plaintiff has failed to establish that her case qualifies for relief under Rule 60(b)(1), and the Court should deny her Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

## II. Reinstatement would be futile because the Plaintiff's claims are barred by the Indiana statute of limitations.

The Court should deny Plaintiff's Motion on the ground of futility because it would be barred by the statute of limitations – and was barred when Plaintiff filed the complaint. *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir. 1973) (noting the "salutary rule that a 60(b) motion should be buttressed by a showing of the existence of a meritorious claim or defense"). The statute of limitations ran on Plaintiff's action prior to filing. The medical records Plaintiff provided in support of his belated categorization date Plaintiff's failed removal back to January 29, 2013. The Indiana statute of limitations[2] requires that claims based on personal injury be

---

facts, Counsel directs the Court to the responsibility that was passed to the "secondary user" on *his own account* for his own neglect. (Motion, p. 2.)

[2] Plaintiff filed his case in the Southern District of Indiana, using a Short Form Complaint. The Court has ruled that Indiana's statute of limitations governs actions commenced in the Southern District of Indiana. (Dkts. 12256 and 12931.) The Court held that "foreign cases filed between May 31, 2017, and October 29, 2019, shall be treated as if

filed within two years after the cause of action accrues. I.C. 34-11-2-4; *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 632 (7th Cir. 2007). Here, Plaintiff's claim could not have accrued later than January 29, 2013, when her physician attempted to remove her filter. She did not file the instant lawsuit until December 21, 2016, nearly three years later. Indiana's statute of limitations therefore barred her claims before she filed the complaint.

### III. Reinstatement would be futile because the Plaintiff's barred claims are not saved by the JAS and Plaintiff's Motion demonstrates negligence in the prosecution.

Even if the Indiana statute of limitations had not begun to run on January 29, 2013, and instead began when Plaintiff filed her complaint on December 21, 2016, Cook anticipates that Plaintiff may argue in reply that his claim is saved by Indiana's Journey's Account Statute (JAS), I.C. § 34–11–8–1. This argument fails because the JAS does not apply under the circumstances here.

The JAS is a savings statute that permits a party to refile or reinstate an action within three years after it is dismissed and to calculate compliance with the statute of limitations based on the commencement date of the dismissed action rather than the new action. I.C. § 34–11–8–1(b). The statute only applies, however, where dismissal was "not due to negligence in its prosecution."[3] *Dempsey v. Belanger*, 959 N.E.2d 861, 865 (Ind. Ct. App. 2011), quoting I.C. § 34–11–8–1(a); § 39.12. Journey's account statute, 22A Ind. Prac., Civil Trial Practice § 39.12 (2d ed.) ("Ind. Prac."). "The JAS generally permits a party to refile an action that has been

---

a direct-filing order had been entered at the time of filing." (Dkt. 12931, p. 4.) Plaintiff filed her case on December 21, 2016, outside of that window. As a result, Plaintiff's case is governed by the Indiana Statute of Limitations.

[3] In full the JAS states as follows:
Sec. 1. (a) This section applies if a plaintiff commences an action and:
 (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
 (2) the action abates or is defeated by the death of a party; or
 (3) a judgment is arrested or reversed on appeal.
 (b) If subsection (a) applies, a new action may be brought not later than the later of:
(1) three (3) years after the date of the determination under subsection (a); or
(2) the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

dismissed on technical grounds." *Dempsey*, 959 N.E.2d at 865 (Ind. Ct. App. 2011). "Negligence in the prosecution" is broader than failure to prosecute and the term applies to "any failure of the action due to negligence in the prosecution." *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1244 (Ind. 2010). "Examples of conduct which would likely be deemed negligence in prosecuting a case presumably include dismissal for failure to prosecute, dismissal for failure to comply with the discovery rules, failure to pay filing fees, and naming the wrong party." *Dempsey*, 959 N.E.2d at 866, citing *Eads*, 932 N.E.2d at 1244 and Ind. Prac. § 39.12; *Parks v. Madison County*, 783 N.E.2d 711 (Ind. Ct. App. 2002).

Here, the Plaintiff's case was dismissed due to negligence in the prosecution of the case. Despite being notified of the obligation to categorize through the Court's orders and Cook's motion to dismiss, Plaintiff failed to submit a Case Categorization Form. In addition, Plaintiff waited **nearly ten months** after the Court's dismissal based on that failure to move to reconsider the Court's Order. When Plaintiff eventually moved to reconsider the Order on March 3, 2020, - over two years after Plaintiff filed her complaint – Plaintiff placed blame on a "mass torts director." Indeed, Plaintiff alleged the case had been neglected. Plaintiff provided only that blame as the justification for Rule 60(b)(1) relief. Any of these facts justifies a finding of negligence in prosecution; taken together, they compel such a finding. As a result, the JAS does not apply and does not shield Plaintiff's new action from the Indiana statute of limitations.

Plaintiff's Motion itself displays negligence in the prosecution of her case. First, Plaintiff's counsel argues that blame properly lies with an unidentified "mass torts director," not with him. Because the "mass torts director" failed to "properly submit[] the *pro hac vice* applications" – again, a non-existent requirement – this case, the categorization form was not

submitted, and the Court dismissed this case – that is, Plaintiff affirmatively argues that the case was dismissed because of her firm's neglect.

In sum, the Court's dismissal of Plaintiff's case for failure to categorize and Plaintiff's delay and inadequate showing in seeking to set aside the order demonstrate "negligence in the prosecution" of her case. The JAS does not save cases dismissed for "negligence in the prosecution," and Plaintiff is not entitled to prevent application of the Indiana statute of limitations through the JAS.

## CONCLUSION

Plaintiff did not make the requisite showing to justify the extraordinary remedy offered by Rule 60(b). Instead, Plaintiff's Motion blames a paralegal and associate for the dismissal. Further, Plaintiff's case is barred by the statute of limitations and, because of Plaintiff's negligence in the prosecution of this case, it is not saved by the JAS. Case law on each of these issues applies squarely to this case – and in Cook's favor. The Court should deny Plaintiff's Motion.

Respectfully submitted,

Dated: March 17, 2020

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
Email:  Andrea.Pierson@FaegreDrinker.com
Email:  Jessica.Cox@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 17, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.


                */s/ Andrea Roberts Pierson*