# EXHIBIT P

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF INDIANA
 2                       INDIANAPOLIS DIVISION

 3

 4  IN RE: COOK MEDICAL, INC.,        )
    IVC FILTERS MARKETING, SALES      ) Cause No.
 5  PRACTICES AND LIABILITY,          ) 1:14-ML-2570-RLY-TAB
    LITIGATION                        ) Evansville, Indiana
 6                                    ) February 7, 2020
                                      ) 10:10 a.m.
 7                                    )

 8

 9

10                       Before the Honorable
                         RICHARD L. YOUNG
11
                    OFFICIAL REPORTER'S TRANSCRIPT OF
12                         STATUS CONFERENCE

13

14  For Plaintiffs:            Stuart L. Goldenberg, Esq.
                               Goldenberg Law PLLC
15                             800 Lasalle Avenue, Suite 2150
                               Minneapolis, MN  55415
16

17                             Ben C. Martin, Esq.
                               Law Offices of Ben C. Martin
18                             3710 Rawlins Street, Suite 1230
                               Dallas, TX  75219
19

20                             Joseph N. Williams, Esq.
                               Riley Williams & Piatt, LLC
21                             301 Massachusetts Ave.
                               Indianapolis, IN  46204
22

23
                               Michael W. Heaviside, Esq.
24                             Heaviside Reed Zaic
                               910 17th Street NW, Suite 800
25                             Washington, D.C.  20006
```

1    transfer.  It's document 12688 starting on Page 14.  They have
2    a list of seven things that they say, you know, these are the
3    things -- these are the basic core things that ought to happen
4    in an MDL before we can all declare victory and say the MDL
5    has been brought to conclusion.
6             The first one is, "The transferee judge should give
7    priority to deciding issues that are broadly applicable to
8    multiple claimants in the MDL."  I think there's no question
9    that Your Honor has done that.  Just to give two examples, the
10   preemption ruling.  That was a very, very important ruling
11   applicable to all claimants.  The question of whether Indiana
12   law should apply to punitive damages, broad ruling applicable
13   to all claimants.  No doubt Joe and Ben and Mike can give you
14   other examples better than I can.  So that's the first one.
15            Cook's second criterion.  "The transferee judge
16   should endeavor to use the MDL forum to resolve or streamline
17   the litigation before remand to the district courts."  I don't
18   think there's any question that that has been done.  We have a
19   short-form complaint.  We have a Plaintiff's fact statement or
20   whatever the proper term for it is.
21            My understanding -- and again, my co-counsel can
22   elaborate on it if necessary -- is that that statement has
23   resulted in categorization of cases.  Some whole categories
24   have been dismissed.  Some are the subject of certain kinds of
25   motions.  Others are the subject of other kinds of motion.

1  and remanded."  The rulings Your Honor has made have done
2  that.  Your Honor has decided the preemption issue.  Your
3  Honor has decided the choice of law as to punitive damages
4  issue.  Your Honor has no doubt decided other issues that I
5  don't have readily at hand.  So that's kind of the overarching
6  point I want to make is we feel like the cases are ready for
7  transfer.
8              As I understand it, the three Bellwethers -- the
9  next three Bellwethers are going to be tried in June of this
10 year, then there's Johnson in October of this year, and
11 Barrage exactly one year from tomorrow, February 8, 2021.  And
12 no doubt those -- those -- as they do, those dates will slide
13 a little bit.  But even if they don't, then under Cook's
14 preferred approach only then, a year from now, will we even be
15 able to begin talking about transfer of cases.  And of course,
16 again, they're going to make the same arguments at that time
17 that they're making now.  So what if the Plaintiff's
18 individual witnesses are located there; our corporate
19 witnesses are located here and Your Honor is familiar with
20 this.
21             Well, again, at some point, Your Honor, that logic
22 cannot prevail.  It simply can't prevail because -- because if
23 it does prevail, then Your Honor will be trying these cases
24 until the end of time and it is not incumbent upon an MDL
25 judge, and not even Cook argued this in that list of criteria,