IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKERTING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>OMEL CORLEY Civil Action No.: 1:17-cv-03379 | Case No. 1:14-ml-2570-RLY-<br><br>TAB MDL No. 2570 |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO SUBSTITUTE AND AMEND THE COMPLAINT**

Plaintiff, by and through their undersigned counsel, hereby files this reply in support of Plaintiff's motion to substitute proper party, Tanya Corley., for the Plaintiff Omel Corley (deceased) in this matter and amend the complaint accordingly, and in support thereof, and in response to Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS (collectively "Cook")opposition to same, submits the following.

**I.     STATEMENT OF FACTS**

Plaintiff Omel Corley brought this action against Cook seeking damages for personal injuries that he suffered and that were allegedly caused from the implantation of Cook's IVC filter. On September 21, 2017, through Plaintiff's attorneys, a verified complaint was filed against Cook in the Southern District of Indiana.

On February 28, 2020, Plaintiff filed a motion to substitute Tanya Corley on behalf of her deceased father, Plaintiff Omel Corley (ECF MDL Doc No. 129890).  Omel Corley's product liabilities claims against Defendants survived his death and were not extinguished. Tanya Corley is the daughter and successor of Omel Corley and is the executor of the decedent's estate.  Tanya

Corley is a proper party to substitute for Omel Corley and has proper capacity to proceed forward with the surviving lawsuit on his behalf pursuant to Rule 25(a)(1).

## II. ARGUMENT

### A. Standard of Review

Rules 25 (a)(1) provides: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party." Fed. R. Civ. Pro. 25(a)(1). Further, section (a)(2) states, "After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds…" Fed. R. Civ. Pro. 25(a)(2). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a).

The Supreme court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave, the Supreme Court explained that absent any apparent reason, "such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or the futility of the amendment, etc." - the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Federal Rules 25 and 15 conform with the general intent of the Federal Rules of allowing liberal amendment of pleadings and authorizing substitutions in the interests of justice; not allowing form to trump substance. *See*, e.g., *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (holding that leave to amend should be freely granted); Federal Rule 15(a) (providing that leave to amend shall be "freely given where justice so requires"); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1199 (7th Cir. 1985) (determining that it is not appropriate to take a "mechanistic view of the Federal Rules of Civil Procedure and exalt form over substance"); *Fields v. Feldmann Eng'g & Mfg. Co.*, 1994 U.S. Dist. LEXIS 11396, Case No. 92 C 1952 (N.D. Ill. August 11, 1994) (quoting Federal Rule 1 and holding that the "Federal Rules are to be 'construed and

administered to secure the just, speedy, and inexpensive determination of every action'").

### B. Cook is not unduly prejudiced by plaintiff's substitution.

Cook will not be prejudiced or disadvantaged by the substitution of Plaintiff's successor as Plaintiff. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend new facts or theories. Defendants cannot be prejudiced, or caught off guard, by the facts alleged by the Plaintiff as they will not be any different than those alleged in the original September 21, 2017 complaint.

Under the proposed substitution of parties, Tanya Corley will assume the claims as facially established. Tayna Corley has extensive knowledge of the injuries Mr. Corley suffered and can opine on behalf of his estate as to any further damages he sustained as a result of Defendants' acts and omissions throughout the developing litigation. No prejudice or disadvantage would result to Defendants in allowing an amendment under these circumstances.

Rule 15 asserts that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Fed. R. Civ. Pro. 15 (c)(1)(B). Plaintiff Tanya Corley will not be bringing additional claims of her own not previously alleged and is not statutorily barred from acting in a Plaintiff capacity on behalf of the Estate of Omel Corley. The previously established claims that Tanya Corley will be assuming responsibility for through a caption amendment will not be altered and therefore relate back to the claims of the initial complaint.

Furthermore, Cook is not prejudice by this substitution as they have been on notice of Ms. Corley involvement in this case as the successor of Omel Corley. On June 29, 2018, Cook was served with a Plaintiff Profile Sheet completed by Tanya Corley on behalf of her deceased father as successor of his estate. In

3

addition, at this time, Cook was provided with a copy of a Certificate of Appointment as a Personal Representative certifying Tanya M. Corley as the duly qualified Personal Representative of Omel Corley's estate.

### C. No Delay or Dilatory Tactic Exist

Plaintiff submits that no undue delay, bad faith nor dilatory motive exists. Here, there is no evidence of undue delay by the Plaintiff. There is no bad faith or dilatory motive on Plaintiff's part. While a party's dilatory motive is a legitimate basis to deny a party's motion to amend a pleading under Rule 15(a) as construed by the Supreme Court in *Foman* (*Foman, supra,* 371 U.S. at 182), no "dilatory motive" exists here. Plaintiff also submits that there is no evidence that Plaintiff or the undersigned counsel acted in bad faith. The amendments the Plaintiff seeks to introduce are based upon the Plaintiff's death, of which Plaintiff's counsel only learned after the complaint was filed. Plaintiff has not acted with undue delay. Moreover, because fact discovery is in its early stages, allowing Plaintiff leave to amend would not be unduly prejudicial to any party. Allowing Plaintiff to amend the complaint at this time will not significantly – if at all – delay the resolution of this matter.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that in the interests of justice this Court grant Plaintiff leave to substitute the successor of Plaintiff as Plaintiff in this action, to amend the pleadings to conform, and to add claims for a survival action and wrongful death in this matter.

Dated: March 19, 2020

Respectfully Submitted,

**MARC J. BERN AND PARTNERS, LLP.**
*/s/ Debra J. Humphrey*
Debra J. Humphrey
60 E. 42nd St., Suite 950
New York, NY 10165
(212) 702-5000
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Debra J. Humphrey*
