UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTER MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

    RICHARD NUNEZ
    1:19-cv-04169

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATON OF THE COURT'S
ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE
TO PROVIDE PLAINTIFF PROFILE SHEETS**

    Plaintiff Richard Nunez ("Plaintiff"), by and through his counsel of record, respectfully files this Reply to Defendants' Opposition [Document No. 13082] to Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Sheets ("PPS") [Document No. 13008] under Federal Rule of Civil Procedure 59(e) and 60(b) and respectfully requests the Court reconsider is order dismissing Plaintiff's case [Documents Nos. 12767 and 10]. Plaintiff asks the Court to grant the Motion and reinstate his case in the MDL for the reasons set forth herein. In support of this Motion, the Plaintiff states:

    1)    Defendants' Opposition to Plaintiff's motion for reconsideration claims that Rule 59(e) applies only in very limited circumstances, either the petitioner must demonstrate a manifest error of law, or present newly discovered evidence. Plaintiff maintains that the circumstances where Rule 59(e) can be applied are much broader. "In determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to

1

render just decisions on the basis of all the facts. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

2) Defendant's Opposition argues that Rule 60(b) is only available in "exceptional circumstances." The Plaintiff maintains that the circumstances where Rule 60(b) can be applied are much broader than Defendant argues. In determining whether to provide Rule 60(b) relief, the Court has discretion to reinstate a Plaintiff's case for reasons of: "(1) mistake, inadvertence., …or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. Pro. 60(b)(1)(6). Additionally, a trial on the merits is strongly favored over default judgments, especially "where the default has not been willful." *A.F. Dormeyer Co., v. M.J. Sales & Distributing Co*., 461 F.2d 40, 43 (7th Cir. 1972). Factor's that may be considered in assessing whether relive under Rule 60(b) is warranted include (1) the impact of the delay on the judicial proceedings, (2) the prejudice to the non-moving party, and (3) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Assoc's Ltd. P'ship,* 507 U.S. 380.

3. As stated in Plaintiff's motion for reconsideration, there has been no delay in the overall judicial proceedings as a result of Plaintiff's failure to timely serve the Plaintiff Profile Sheet (PPS). The Bellwether selection process is well underway and proceeding.

4. Additionally, there is no prejudice to Defendants. The Plaintiff failed to timely serve a form that provides a summary of information about his case. The Case Categorization Form (CCF)[1] was served to Defendants on November 25, 2019 and the PPS

---

[1] Exhibit A, e-mail serving Plaintiff's CCF on Defendants, dated November 25, 2019.

has now been served.[2] Defendants are in possession of that information. As such, there is no prejudice to Defendants.

5. Plaintiff acted in good faith. The failure to timely serve the PPS was an inadvertent mistake in the way of communication break-down between the Plaintiff and his counsel, not an act by Plaintiff in bad faith. Once Plaintiff's counsel was able to make contact with Mr. Nunez, the information was collected, and the PPS was served on the Defendants.

6. In their Opposition, the Defendants argue that setting aside the Order would be futile inasmuch as the Texas statute of limitations bars cases not filed within two years of discovery of an injury. Plaintiff is asking for the reinstatement of his existing complaint, which was timely filed within the applicable two-year statute of limitations. He is not filing a new complaint or attempting to re-enter the MDL. Setting aside the Order would not be futile.

7. Mr. Nunez's case is not set for trial and has not been included in the Bellwether selection process. Granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendants.

8. When balancing harm to the parties, the potential dismissal of Plaintiff's claims with prejudice far outweighs any possible prejudice caused to the defendants by the delay in receipt of the PPS in this specific case.

WHEREFORE, based on the forgoing, Plaintiff respectfully moves this Court to vacate its order granting dismissal and reinstate his case in MDL 2570.

---

[2] Exhibit B, e-mail serving Plaintiff's PPS on Defendants, dated February 7, 2020.

|  |  |
|---|---|
|  | **Respectfully submitted,** |
| Dated: March 24, 2020. | */s/ Ben C. Martin* |
|  | Ben C. Martin, Bar No. 13052400 |
|  | **Martin Baughman, PLLC** |
|  | 3710 Rawlins Street, Suite 1230 |
|  | Dallas, Texas 75219 |
|  | Telephone: (214) 761-6614 |
|  | Facsimile: (214) 744-7590 |
|  | bmartin@martinbaughman.com |
|  | ***Attorney for Plaintiff*** |

## CERTIFICATE OF SERVICE

      I hereby certify that on March 24, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                  /s/ Ben C. Martin
                                                  Ben C. Martin