UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br>_____<br><br>This Document Relates to:<br><br>David McDermitt,<br>1:18-cv-00946-RLY-TAB<br>_____ | 1:14-ml-02570-RLY-TAB<br>MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT—STATUTE OF REPOSE**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook"), develop, manufacture, sell, and distribute medical devices for use in medical applications throughout the United States and the world. The medical device at issue in this case is the Günther Tulip® Vena Cava Filter. It is used for the prevention of pulmonary embolism by trapping blood clots as they travel through the inferior vena cava.

David McDermitt, the Plaintiff herein, was implanted with a Cook Tulip filter in 2007 after developing a blood clot in his leg. Over ten years later, he had a CT scan performed which allegedly shows, among other things, that the filter has perforated his vena cava. He now brings this products liability lawsuit against the Cook Defendants

1

alleging strict liability failure to warn, strict liability design defect, negligence, breach of warranty, violation of Ohio Rev. Code § 1345.01, and punitive damages.

This matter is before the court on Defendants' Motion for Summary Judgment based on the statute of repose. The court, having read and reviewed the parties' submissions and the applicable law, now finds that Cook Defendants' motion should be **GRANTED**.

I. Background

David McDermitt was implanted with a Cook Günther Tulip filter by interventional radiologist Sabah Butty, M.D., on January 8, 2007. (Filing No. 12803-4, Deposition of Sabah Butty, M.D., at 59). He has had no issues with the filter—no pain, no discomfort, no physical limitations. (Filing No. 12803-2, Deposition of David McDermitt ("McDermitt Dep.") at 53-54). In July 2016, he saw an advertisement regarding IVC filters and became concerned that there may be an issue with his filter. (Filing No. 12933-16, Affidavit of David McDermitt ("McDermitt Aff.") ¶ 2). He was familiar with Goldenberg Law because the law firm had represented his wife in another products liability case, so he called that firm. (*Id.* ¶ 3). Someone from Goldenberg Law told him it was "highly likely" his filter had perforated his vena cava and would be difficult to retrieve. (*Id.*). He was also told about the possibility of other potential issues with the filter, including that the filter could tilt, move, or fracture. (*Id.* ¶ 4).

After signing a retainer, someone from Goldenberg Law advised him to get a CT scan. (*Id.*; McDermitt Dep. at 151). His primary care physician, Dr. Andrew Diller, ordered a CT scan that was performed on April 21, 2017. (McDermitt Aff. ¶ 5). The

interventional radiologist who read his CT scan, Dr. Shannon Kauffman, noted no complications were found. (Filing No. 12803-8, Deposition of Shannon Kauffman, M.D. at 44, 101). Plaintiff's expert, Dr. Derek Muehrcke, opined that the CT scan shows perforation of four struts and 20 degrees of tilt. (Filing No. 12803-5, Deposition of Derek Muehrcke, M.D. ("Muehrcke Dep.") at 189-90; Filing No. 12803-1, Rule 26 Report of Dr. Muehrcke ("Muehrcke Report") at 13). He also opined that Plaintiff's filter had endothelialized and would be difficult to remove. (Muehrcke Report at 14). But he agrees that neither a perforation nor a tilt greater than 15 degrees[1] appears on any of Plaintiff's imaging prior to the April 21, 2017 CT. (Filing No. 12803-5 at 191 ("Q: So prior to 4/21/17, you do not have an image or scan showing perforation of Mr. McDermitt's filter, correct? A: Correct.")).

Plaintiff filed his Complaint on March 23, 2018.

All other facts necessary to resolve this motion will be addressed in the Discussion Section.

## II. Discussion

### A. Products Liability Claims

#### (1) Waiver

Plaintiff readily admits that his short form complaint reflects that his filter was placed more than 10 years before he filed his lawsuit. Cook, therefore, had all the

---

[1] According to Dr. Muehrcke, placement images from 2007 show 15 degrees of tilt. (Muehrcke Dep. at 249; Muehrcke Report at 6). Dr. Muehrcke testified that tilt *greater than* "15 degrees is a complication." (Muehrcke Dep. at 213).

3

information it needed to raise the statute of repose defense and should have asserted it during the bellwether selection process so that the parties could have picked another case to try. Instead, Cook raised the defense only after it successfully advocated for the case to be selected as a bellwether trial, causing the parties to waste time and money. Consequently, Plaintiff concludes, Cook has waived the defense.

"Waiver is the voluntary and intentional relinquishment of a known right." *In re Unsupervised Estate of Deiwart*, 879 N.E.2d 1126, 1129 (Ind. Ct. App. 2008) (quoting *LTV Steel Co. v. Zeller*, 686 N.E.2d 904, 910 (Ind. Ct. App. 1997)); *see also Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 651 (7th Cir. 2014) ("Waiver may be express or implied, but the evidence must show a clear, unequivocal and decisive act of a party demonstrating an intent to waive the known right.") (internal quotation marks and citation omitted). Cook's conduct during the bellwether selection process does not provide a basis for Plaintiff's claim of waiver for at least three reasons. First, Cook asserted the statute of repose in its Answer to the Plaintiff's Consolidated Master Complaint, a fact Plaintiff does not dispute. Second, until the February 1, 2020 deposition of Plaintiff's expert, Dr. Muehrcke, Cook had no way of knowing *when* Plaintiff claimed to have been injured. And there, Dr. Muehrcke conceded that the first indication of any perforation or injury appeared in Plaintiff's April 2017 CT scan. Lastly, as Cook observes, a party does not waive a defense by asking the court to resolve the defense. "That is an expression of an intent to advocate, not abandon, a known right." *Anderson*, 759 F.3d at 651. Accordingly, the court finds Cook did not voluntarily relinquish its right to assert a defense based on the statute of repose.

**(2) Timeliness**

Indiana's statute of repose applies to Plaintiff's product liability claims for failure to warn and design defect.[2] It provides, in relevant part:

> Sec. 1. (a) . . . Notwithstanding IC 34-11-6-1 [accrual of causes of action for minors, etc.], this section applies in any product liability action in which the theory of liability is negligence or strict liability in tort.
>
> (b) Except as provided in section 2 of this chapter [involving asbestos claims], a product liability action must be commenced:
>
> \*\*\*
>
> (2) within ten (10) years after the delivery of the product to the initial user or consumer.
>
> However, *if the cause of action accrues at least eight (8) years but less than ten (10) years* after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Ind. Code § 34-20-3-1 (emphasis added).

Plaintiff acknowledges his claims were not commenced within 10 years of the "initial delivery of the product to the initial consumer." The issue is whether Plaintiff's claims fall within the two-year "extension" window; specifically, whether Plaintiff's claims accrued between January 8, 2015, and January 8, 2017.

---

[2] Cook also argues the IPLA's statute of repose applies to Plaintiff's breach of implied warranty claims because they are based in tort, not contract. *Cincinnati Ins. Cos. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 4:05-cv-49, 2006 2006 WL 299064, at *3 (N.D. Ind. Feb. 7, 2006) ("Indiana courts regard claims for breach of implied warranty sounding in tort as redundant with strict liability claims.") (citing *Spangler v. Sears, Roebuck & Co.*, 750 F.Supp. 1437, 1449 (S.D. Ind. 1990)); *Thiele v. Faygo Beverage, Inc.*, 489 N.E.2d 562, 584 (Ind. App. 1986). Plaintiff responds that his claims are not tort-based; therefore, they are not subject to the IPLA. Because Plaintiff's implied warranty claims can be resolved on other grounds, the court will address those claims in Section II.B.

A cause of action accrues under the Indiana Products Liability Act "when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992). In other words, "[a] cause of action accrues when all the elements necessary for recovery are met." *Wojcik v. Almase*, 451 N.E.2d 336, 341 (Ind. Ct. App. 1983) ("A cause of action accrues when all the elements necessary for recovery are met," including that "the defect has caused physical harm to the user or consumer"); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9 (S.D. Ind. 1983) ("In Indiana a cause of action accrues at the time when both legal injury and damage have occurred[.]").

Plaintiff asserts his cause of action accrued in July 2016 "when he consulted with his attorney's office and was advised of the medical studies that showed the high likelihood (more likely than not) that his filter was perforating the wall of his inferior vena cava." (Filing No. 12933, Response at 18). But at the time Plaintiff spoke to someone at Goldenberg Law, there is no evidence that Plaintiff had suffered an injury. Plaintiff testified he had no symptoms that related in any way to his IVC filter—no pain, no discomfort, no physical limitations. Dr. Muehrcke agrees that as of July 2016, Plaintiff had no symptoms or problems related to perforation that would place him on notice of any problem with his filter. (Muehrcke Dep. at 257). Dr. Muehrcke acknowledged that the only way to diagnose a perforation is through imaging, and the only image that shows perforation was not taken until April 21, 2017—after the statute of

6

repose's two-year extension window had closed. (*Id*. at 190-91). Accordingly, Plaintiff's product liability claims are barred.

B.     **Breach of Warranty Claims**

Cook argues Plaintiff's claims for express warranty and implied warranty for a particular purpose require vertical privity, and there is no vertical privity between Plaintiff and Cook. *Atkinson v. P&G-Clairol, Inc.*, 813 F.Supp.2d 1021, 1026 (N.D. Ind. 2011) (collecting cases). Plaintiff responds that his warranty claims do not require privity because they are economic in nature and fall under Indiana's Uniform Commercial Code ("UCC"), not the IPLA. But even if the court were to construe Plaintiff's breach of warranty claims as UCC claims, Cook contends Plaintiff's claims are barred by the UCC's four-year statute of statute of limitations. The court agrees.

Pursuant to Indiana's UCC, Ind. Code § 26-1-2-715, a breach of warranty claim must be commenced within four years after the cause of action accrues, and a cause of action accrues "when tender of delivery is made." Here, tender of the delivery occurred at the latest on the day of Plaintiff's surgery—January 8, 2007. Plaintiff did not commence his cause of action until March 23, 2018.

Not to be deterred, Plaintiff claims Cook fraudulently concealed the risks associated with the Tulip filter in its labeling and IFU and never shared these risks with doctors or patients. This "trickery, artifice, and outright fraud" misled Plaintiff and his doctors into "purchasing the defective filter" and "prevented [Plaintiff] from discovering the underlying cause of action for breaches of implied and express warranty until he spoke with Goldenberg Law in July 2016." (Response at 30).

7

Fraudulent concealment tolls the statute of limitations when a defendant conceals from the plaintiff material facts which prevent the plaintiff from discovering a potential cause of action. *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014). "To invoke the doctrine where no fiduciary relationship exists between the parties . . . a plaintiff must show that the wrongdoer was not simply silent but committed affirmative acts designed to conceal the cause of action." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1372 (7th Cir. 1995).

Plaintiff does not allege that Cook committed any *affirmative act* to prevent him from discovering a cause of action against it. Indeed, Plaintiff does not even allege that Cook knew before being sued in this action that Plaintiff had a cause of action against the company; on the contrary, Plaintiff claims he did not know he was injured until someone at Goldenberg Law told him so. Accordingly, Plaintiff's breach of warranty claims are barred.

**C. Claim under the Ohio Consumer Sales Practices Statute**

The Ohio Revised Code prohibits "any unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.02(A). Although Plaintiff's filter was implanted in Indiana, he claims the Ohio statute applies because he "is an Ohio resident and has received a great amount of his medical treatment in Ohio with Ohio doctors." (Response at 21). As Cook correctly notes, the consumer transaction at issue in this case occurred in Indiana. The conduct that Plaintiff characterizes as "occurring" in Ohio—Cook's alleged continued failure to inform doctors

8

of various risks—postdates the filter transaction and could not have been material to that transaction. Therefore, this claim must be dismissed.

### D. Punitive Damages

Under Indiana law, there is no separate cause of action for punitive damages; "punitive damages are derivative of actual damages." *Chaiken v. Eldon Emmor & Co.*, 597 N.E.2d 337, 349 (Ind. Ct. App. 1992). As Plaintiff has no valid causes of action, he is not entitled to punitive damages.

## II. Conclusion

The court finds Plaintiff failed to raise a genuine issue of material fact on any of the claims raised in his Complaint. Accordingly, Cook's Motion for Summary Judgment (Filing No. 12802) is **GRANTED**.


**SO ORDERED** this 31st day of March 2020.

                                                RICHARD L. YOUNG, JUDGE
                                                United States District Court
                                                Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.