UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                   MDL No. 2570

_____

This Document Relates Only to 1:17-cv-01252, Veronica Tyynismaa

_____

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PRODUCE PLAINTIFF PROFILE FORM

Plaintiff Veronica Tyynismaa ("Plaintiff") filed a Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Form [Dkt. 13184], previously dismissed for failure to produce a Plaintiff Profile Sheet.  (Dkt. 9281.) Plaintiff's Motion asks the Court for relief under no specific authority. The Court should deny Plaintiff's request for four reasons:

- **Plaintiff has repeatedly and relentlessly neglected her case.**  Plaintiff failed to serve Cook with the complaint for nearly a year; failed to timely serve a PPS; and repeatedly ignored her obligations under various case management orders, including Third Amended Case Management Order 4, and the Court's subsequent orders.

- **Plaintiff's Motion is untimely.**  Federal Rule 60 allows a motion to be brought no later than one year after the Court's Order.  Plaintiff did not move to vacate the Court's Order for over a year and a half.  As a result, Plaintiff's motion is untimely and should be denied.

- **Federal Rule 60(b)(1) is not available here.**  The Court should not set aside the Order as Rule 60(b)(1)'s extraordinary remedy is not available based on a mere alleged mistake on the part of counsel or failure to diligently complete discovery. Here, Plaintiff provided no justification whatsoever.

- **Setting aside the Order would be futile.**  Reinstating Plaintiff's case would be futile.  The Indiana statute of limitations bars cases not filed within two years of the discovery of an injury.  Further, Indiana law does not grant a grace period to

US.127222804.03

>refile cases dismissed because of negligence in prosecution. Here, Plaintiff filed her complaint on April 21, 2017, over two years before Plaintiff moved to set aside the Order.  So, Plaintiff's refiled case will be outside of the two years allowed by Indiana law to file a case.  Further, the Court dismissed the Plaintiff's cases because of counsel's "neglect," so her case is excluded from the savings statute.

Plaintiff filed her case on April 21, 2017.  See Dkt. 1:17-cv-01252.  She never served her original complaint.  On May 12, 2017, Plaintiff filed an amended complaint.  She did not serve it until February 20, 2018, over nine months later.  The next day, February 21, 2018, Cook informed Plaintiff she never served the original complaint.  Plaintiff did not serve a PPS during this ten-month period, ignoring her obligation entirely.  One day later, February 22, 2018, Cook served Plaintiff with a deficiency letter regarding the failure to serve a Plaintiff Profile Form.  Plaintiff continued to ignore her PPS obligation, and Plaintiff did not respond.

As a result, on March 2, 2018, Cook moved to dismiss Plaintiff's case for failure to comply with the Court's orders.  (Dkt. 7753.)  Plaintiff did not respond.

On April 18, 2018, the Court issued an order regarding Cook's Motion to Dismiss, specifically ordering "Plaintiff, Veronica Tyynismaa, 1:17-cv-1252, has not filed a PPF. She is ORDERED to file a PPF within forty-five (45) days from the date of this Order. Failure to comply with this condition shall result in dismissal." (Dkt. 8087.)  Plaintiff did not respond.

On September 26, 2018, five months later or more than 100 days after the Court's 45-day deadline, the Court dismissed Plaintiff's case "for her failure to file a Plaintiff Profile Form within the time frame set forth in the Third Amended Case Management Order No. 4."  (Dkt. 9281.) Plaintiff, again, did not respond.

Indeed, Plaintiff stayed the course, and continued to do nothing for another next **18 months**.  At that point, Plaintiff brought the instant motion, making no attempt to explain the various deficiencies outside of blaming a "law office failure." (Dkt. 13184, p. 2.)

- 2 -

US.127222804.03

Essentially, Plaintiff asks for relief from dismissal for failing to provide a plaintiff profile sheet, despite the fact Plaintiff admits dismissal was proper. Plaintiff did not submit a PPS within the time allowed by Third Amended CMO 4; Cook notified Plaintiff of her deficiency, Plaintiff did not rectify the deficiency; Cook moved to dismiss, the Court dismissed Plaintiff's case; and the Court eventually dismissed Plaintiff's case after Plaintiff made no effort to comply with the Court's orders. Plaintiff's Motion makes no attempt to explain her repeated failure to respond to the Court and to Cook, or even to explain her failure to bother to communicate regarding her deficiencies. (Motion, p. 2.) Plaintiff did not respond to Cook's deficiency letter, made no attempt to seek an extension, and filed no response to Cook's motion to dismiss, despite nearly a year of extra time passing between the filing of Plaintiff's case to dismissal

The Court properly dismissed Plaintiff's claims and the Court should deny Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Form based on Plaintiff's "for her failure to file a Plaintiff Profile Form within the time frame set forth in the Third Amended Case Management Order No. 4" (Dkt. 9281) – which is not a ground for Rule 60(b)(1) relief – as it does not meet the standard for the extraordinary relief he requests. Further, reinstatement would be futile. Plaintiff's case is barred by the Indiana statute of limitations and is not saved by the Journey's Account Statute – the Indiana Savings Statute. I.C. § 34–11–8–1 (the "JAS").

**Argument**

**I.     The Court properly dismissed Plaintiff's claims.**

The Plaintiff makes no attempt to argue dismissal for failure to provide a plaintiff profile sheet was not proper in the first instance.  That fact alone counsels towards denying Plaintiff's Motion.  Federal Rule 41(b) states that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  After nearly a year of failing to serve the complaint, Plaintiff still had not complied with Third Amended CMO 4.  Cook sent Plaintiff a deficiency letter, Plaintiff did not respond to Cook's deficiency letter, Plaintiff made no attempt to seek an extension, and Plaintiff filed no response to Cook's motion to dismiss.  The Court ordered Plaintiff to file a PPS, which she also neglected.  As a result, the Court properly dismissed Plaintiff's Complaint.

**II.    Plaintiff has not shown she is entitled to the extraordinary relief provided by Rule 60(b)(1) and the Court should not set aside its Order.**

Plaintiff makes no attempt whatsoever to identify any legal authority supporting reconsideration, or even identify a Rule under which Plaintiff brings her motion.  Cook assumes Plaintiff brings her motion under Federal Rule of Civil Procedure 60(b).  However, pursuant to Rule 60(c)(1), "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." (emphasis added.)  Plaintiff did not bring her Motion until more than a year and a half after dismissal.  Even if her Motion were timely, Plaintiff does not meet the extraordinary standard required for Rule 60 relief.

**A.     The proper procedural vehicle to address Plaintiff's Motion is Rule 60(b).**

Although Plaintiff does not specify any rule or authority under which she brings her Motion, Cook assume her request is brought under Rule 60(b) because the proper procedural

vehicle to address Plaintiff's request is Rule 60(b), which governs requests to vacate an order. Rule 60(b)'s bar is high: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015). Indeed, even where a lawyer's actions may be negligent or worse, the lawyer's errors are imputed to the party (under principles of agency law) and are not permitted to burden the opposing party. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

In her Motion, Plaintiff does not specify what Rule her motion is brought pursuant to, **and no justification is given for the delay**. *See* Dkt. 13184 at 2. "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395

- 5 -

(1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing a Rule 60(b) motion premised on excusable neglect, "the most important consideration is 'the reason for the delay'"; if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

### B. Plaintiff's Motion is untimely and should be denied on that basis alone.

Under Rule 60(c)(1) "A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The Court dismissed Plaintiff's case on September 26, 2018. (Dkt. 9281.) Plaintiff brought the instant motion to reconsider that order on March 31, 2020. (Dkt. 13184.) It follows that Plaintiff brought her motion more than a year after the Court dismissed her case, and her Motion is untimely. As a result, the Court should deny Plaintiff's Motion.

### C. Rule 60(b)(1) relief based on "excusable neglect" is available only in exceptional circumstances.

While Plaintiff's Motion for Reconsideration makes no attempt to specify the grounds for Rule 60(b) relief she alleges, as explained below, it appears that Plaintiff seeks relief because of "excusable neglect." Rule 60(b)(1) does not provide relief for counsel's neglect: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an

- 6 -

US.127222804.03

extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted). Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982)). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015). Even in situations where a lawyer's actions may be negligent or worse, the errors are imputed to the party (under principles of agency law) rather than burdening the opposing party in litigation. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

While Plaintiff did not specify in her Motion that it is brought under Rule 60(b), Cook assumes it was. Plaintiff offered no explanation for her repeated failures, though it is apparent that Plaintiff argues neither that the failure was a mistake nor that it was inadvertent. (See Motion, 2.) Instead, Plaintiff only argues there has been little "prejudice."[1] (See Motion, 3.) Given Plaintiff does not meaningfully allege mistake, inadvertence, surprise, newly discovered evidence, fraud, that a judgment is void, or that a judgment has been satisfied, the only possible avenue Plaintiff seeks is relief due to "excusable neglect." (See Motion, pp. 1-2.) "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315

---

[1] Plaintiff's argument ignores that the Court spent considerable time and effort to work with the MDL leadership to outline the obligations of the parties in Case Management Orders. The Court has also made clear the obligations of the parties with respect to Plaintiff Profile Sheets.

- 7 -

(N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing Rule 60(b) claims premised on excusable neglect, "the most important consideration is 'the reason for the delay'" and if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

Further, given that Plaintiff's counsel is counsel in at least 20 other cases in the MDL, counsel was aware of the obligations this Court has imposed.

**D. Plaintiff's desire to simply overlook her repeated failure to comply with the Court's orders or respond in any way does not justify extraordinary relief under Rule 60(b)(1), and are not "exceptional circumstances."**

Even if the Court overlooked the fact that Plaintiff's motion is untimely, Plaintiff glosses over her repeated failures, including completely neglecting multiple court orders. Although Plaintiff makes no attempt to argue that she has brought her motion under and rule or authority and, as a result, makes no attempt to argue "exceptional circumstances," it is clear her case does not meet the high bar established by case law. Plaintiff does not establish a "good reason for missing the deadline." *Knapp*, 322 F.R.D. at 320.

First, Plaintiff's counsel, impliedly, assumes no responsibility. Plaintiff cannot escape the consequences of her failure to comply with the Court's Orders and her failure to prosecute her case without showing a "good reason for missing the deadline." No such reason has been shown.

Second, an MDL Plaintiff has a duty to comply with the Court's Orders. Indeed, Plaintiff does not deny knowing of the responsibility to submit a Plaintiff Profile Sheet for cases filed in the MDL. Plaintiff does not dispute that Cook properly served Plaintiff by filing electronically in the master docket or that ECF notices were sent to counsel that registered for electronic service as required by the Court. Plaintiff does not dispute knowing the consequences for noncompliance under the Court's Orders either. Simply put, Plaintiff has no reasonable explanation for failing to comply, or at a minimum communicating with the Court or counsel.

Plaintiff has failed to provide a reasonable or excusable explanation for her failure to submit a Plaintiff Profile Sheet, or any explanation for that matter. Rule 60(b) relief is an "extraordinary remedy [reserved for] exceptional circumstances," *Dickerson*, 32 F.3d at 1116, and as the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such an exceptional remedy. Simply put, errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – i.e., Cook. *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.

Plaintiff has failed to establish that her case qualifies for relief under Rule 60(b)(1), and the Court should deny her Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

### III. Reinstatement would be futile because the Plaintiff's claims are barred by the Indiana statute of limitations.[2]

The Court should deny Plaintiff's Motion on the ground of futility because it would be barred by the statute of limitations. *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir. 1973)

---

[2] The Court ordered, in part, that cases filed outside of the period between May 31, 2017 and October 29, 2019, are not treated as if a direct-filing order has been entered. (Dkt. 12931.) As a result, the Indiana choice-of-law rules and the Indiana statute of limitations applies.

US.127222804.03

(noting the "salutary rule that a 60(b) motion should be buttressed by a showing of the existence of a meritorious claim or defense"). Even assuming the statute of limitations did not accrue until Plaintiff filed the original complaint – April 21, 2017 – the Indiana statute of limitations bars Plaintiff's claims. The Indiana statute of limitations requires that claims based on personal injury be filed within two years after the cause of action accrues. I.C. 34-11-2-4; *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 632 (7th Cir. 2007). Here, Plaintiff's claim could not have accrued later than April 21, 2017, when she filed her original Complaint. She did move to reinstate this action until March 31, 2020, nearly three years later. Indiana's statute of limitations therefore bars her claims.

## IV.     Reinstatement would be futile because the Plaintiff's barred claims are not saved by the JAS and Plaintiff's Motion demonstrates negligence in the prosecution.

Cook anticipates that Plaintiff may argue in reply that her claim is saved by Indiana's Journey's Account Statute (JAS), I.C. § 34–11–8–1. This argument fails because the JAS does not apply under the circumstances here.

The JAS is a savings statute that permits a party to refile or reinstate an action within three years after it is dismissed and to calculate compliance with the statute of limitations based on the commencement date of the dismissed action rather than the new action. I.C. § 34–11–8–1(b). The statute only applies, however, where dismissal was "not due to negligence in its prosecution."[3] *Dempsey v. Belanger*, 959 N.E.2d 861, 865 (Ind. Ct. App. 2011), quoting I.C. § 34–11–8–1(a); § 39.12. Journey's account statute, 22A Ind. Prac., Civil Trial Practice § 39.12 (2d ed.) ("Ind.

---

[3] In full the JAS states as follows:
Sec. 1. (a) This section applies if a plaintiff commences an action and:
 (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
 (2) the action abates or is defeated by the death of a party; or
 (3) a judgment is arrested or reversed on appeal.
 (b) If subsection (a) applies, a new action may be brought not later than the later of:
(1) three (3) years after the date of the determination under subsection (a); or
(2) the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

US.127222804.03

Prac."). "The JAS generally permits a party to refile an action that has been dismissed on technical grounds." *Dempsey*, 959 N.E.2d at 865 (Ind. Ct. App. 2011). "Negligence in the prosecution" is broader than failure to prosecute and the term applies to "any failure of the action due to negligence in the prosecution." *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1244 (Ind. 2010). "Examples of conduct which would likely be deemed negligence in prosecuting a case presumably include dismissal for failure to prosecute, dismissal for failure to comply with the discovery rules, failure to pay filing fees, and naming the wrong party." *Dempsey*, 959 N.E.2d at 866, citing *Eads*, 932 N.E.2d at 1244 and Ind. Prac. § 39.12; *Parks v. Madison County*, 783 N.E.2d 711 (Ind. Ct. App. 2002).

Here, the Plaintiff's case was dismissed due to negligence in the prosecution of the case. Despite counsel knowing of the obligation to submit a Plaintiff Profile Sheet, being notified of her failure, and of Cook's motion to dismiss, Plaintiff failed to submit a Plaintiff Profile Sheet. In addition, Plaintiff waited more than a year and a half after the Court's dismissal based on that failure to move to reconsider the Order. Plaintiff provided no explanation or justification for her repeated failures – or for repeatedly ignoring the Court's orders. Indeed, the only reasonable explanation for Plaintiff's case being dismissed in the first place is that Plaintiff neglected her case. As a result, the JAS does not apply and does not shield Plaintiff's new action from the Indiana statute of limitations.

In sum, the Court's dismissal of Plaintiff's case for failure to submit a Plaintiff Profile Sheet and Plaintiff's delay and inadequate showing in seeking to set aside the order demonstrate "negligence in the prosecution" of his case. The JAS does not save cases dismissed for "negligence in the prosecution," and Plaintiff is not entitled to prevent application of the Indiana statute of limitations through the JAS.

US.127222804.03

## CONCLUSION

Plaintiff's Motion is untimely, and should be denied on that ground alone. Further, Plaintiff did not make the requisite showing to justify the extraordinary remedy offered by Rule 60(b), and offered no justification whatsoever – legal or otherwise. Plaintiff's case is also barred by the statute of limitations and, because of Plaintiff's negligence in the prosecution of this case, it is not saved by the JAS. Case law on each of these issues applies squarely to this case – and in Cook's favor. The Court should deny Plaintiff's Motion.

Respectfully submitted,

Dated: April 10, 2020

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
Email:  Andrea.Pierson@FaegreDrinker.com
Email:  Jessica.Cox@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.


*/s/ Andrea Roberts Pierson*

US.127222804.03