UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |
| This document relates to: **All Cases** | |

**COOK DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO RECONSIDER THE COURT'S FEBRUARY 24, 2020 ORDER**

The Court's February 24 order imposes on Cook the choice-of-law rules of courts whose jurisdiction over Cook has never been established, and indeed, whose jurisdiction Cook contests. Plaintiffs, unsurprisingly, have no concern about this outcome. Cook, on the other hand, maintains that its consent is required before this Court can alter the choice-of-law rules. Because Cook has not given its consent to alter the default rules, there are two problems with the Court's order: (1) it violates Cook's due process rights and (2) it violates *Erie*'s command to apply, unmodified, the choice-of-law rules of the forum state—Indiana. Each reason is an independent basis for reconsideration.

Plaintiffs' response to these arguments is, essentially, that direct-filing orders are common, so they can't possibly violate due process or *Erie*. But this misses the point. Cook doesn't argue that direct-filing orders inherently violate due process or *Erie*'s command but rather that *this* Court's recent creation of a direct-filing order—entered without Cook's consent after years of litigation and subjecting Cook to the law of foreign jurisdictions—does. Plaintiffs ignore this distinction and rely on one, long apples-to-oranges comparison throughout their response.

Finally, the Court's February 24 order departing from *Klaxon*'s rule rests on the Plaintiffs' reliance on an erroneous order. Despite Plaintiffs' protestations, there is nothing burdensome or invasive about requiring them to show they are actually entitled to the extraordinary relief granted them by making a minimal showing of actual reliance. To their credit, **Plaintiffs agree with Cook that if the Court's de facto direct-filing order remains the law of the case, the cutoff date should be June 13, 2019, not October 29, 2019**. So at the very least, the Court should modify its ruling to that extent, and cut back on the *Klaxon* carve-out period accordingly.

## ARGUMENT

### I. Plaintiffs' Response Misses the Mark, Misconstrues the Law, and Misunderstands the Due Process Issue.

As Cook showed in its previous briefing, and Plaintiffs do not dispute, another state's choice-of-law rules can only govern a party who is subject to that state's jurisdiction. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985). Yet, the Court's February 24 order states in no uncertain terms that Plaintiffs' cases—and by extension, Cook—"shall be governed by the choice-of-law rule of the Plaintiffs' 'home' jurisdiction." Dkt. 12931 at 4. This is so even though Cook has never consented to jurisdiction in any of the Plaintiffs' "home" jurisdictions nor has Cook been found subject to personal jurisdiction in any of those jurisdictions. By imposing the substantive law of these foreign jurisdictions on Cook, the Court's order necessarily wrests from Cook its constitutionally granted defenses.

Most of Plaintiffs' response is devoted to an entirely irrelevant discussion of whether Cook has ever "actually asserted" personal jurisdiction or venue defenses against Plaintiffs in other cases and whether such defenses would be successful. Of course, personal jurisdiction depends on "the facts and circumstances" and is determined "on a case by case basis." *Stevens v. Walgreen Co.*, 2012 WL 1365448, at *1 (S.D. Ind. Apr. 19, 2012). And whether Cook chose not

to or failed to object to jurisdiction in another case in no way waives its right to contest personal jurisdiction in these cases. *See Torrent Pharm. Ltd. v. Daiichi Sankyo, Inc.*, 196 F. Supp. 3d 871, 877 (N.D. Ill. 2016); *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 50 n.5 (2d Cir. 1991) ("A party's consent to jurisdiction in one case . . . extends to that case alone."). Venue is likewise case specific. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

Cook hasn't waived these defenses, but it also has been prevented from asserting them here. The fact is that the Court recently found that the choice-of-law rules of Plaintiffs' home jurisdictions "shall govern," but that conclusion presupposes jurisdiction over Cook and proper venue. Further, Plaintiffs themselves recognize that the time for Cook to assert these defenses has passed. (Resp. Br. at 5 n.3.) While Plaintiffs may not much mind the Court's order moving the goalposts in the middle of these cases, Cook does. It is no small matter for a defendant to be subjected to another state's laws—let alone the laws of some four dozen other states in one MDL—which is why due process protects Cook from having to answer wherever a plaintiff would like to sue it; and those due process rights have not been honored here.

Plaintiffs next argue that Cook has no due process right to the application of Indiana's statute of limitations. Relying on *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722 (1988), Plaintiffs say that "[a]pplication of a plaintiff's 'home' statute of limitations does not violate Cook's due process rights, even when that state could not otherwise apply its own substantive law." (Resp. Br. at 8.) This argument misapprehends Indiana law and misapplies *Wortman*.

Cook has a due process right to the application of Indiana law because Plaintiffs' cases were filed originally in this Court, meaning Indiana law governs Plaintiffs' state-law claims. Under Indiana law, the statute of limitations of the forum state applies. *Autocephalous Greek–Orthodox Church of Cyprus v. Goldberg & Feldman Fine Arts, Inc.*, 717 F. Supp. 1374, 1385

(S.D. Ind. 1989). Therefore, the application of Indiana's statute of limitations is the consequence of Indiana *substantive* law applying, which, as Cook has already shown, is required by due process.

Moreover, *Wortman* actually supports Cook's argument, not Plaintiffs'. *Wortman* permitted the forum state to apply its own statute of limitations regardless of which state's substantive law ultimately governed. 486 U.S. at 729. Applying that rule here means that even if the Court were to apply the substantive law of each plaintiff's "home" jurisdiction, it would be proper, perhaps even required, to apply Indiana's statute of limitations, since Indiana is the forum state. *Id.*

Finally, Plaintiffs are simply wrong in saying that none of the cases Cook cites "involved anything more than that which has existed in this case for years: an agreement that cases could be direct-filed, that said *nothing* about choice of law." (Resp. Br. at 9-10 (emphasis added).) They rely principally on *In re Yasmin* to support this claim, but that court made it clear that there was an "*agreed* order" that allowed for direct filing, which "expressly state[d] that the parties' *agreement* to permit direct filing would not impact the choice of law that otherwise would apply to the direct filed actions." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, 2011 WL 1375011, at *4 n.2 (S.D. Ill. Apr. 12, 2011) (emphasis added). Plaintiffs in that case tried to convince the court to apply Illinois's choice-of-law rules, even though that is not the law "that otherwise would [have] appl[ied] to [their] direct filed actions." *Id.* at *5. In short, the parties in that case entered into a direct-filing order and agreed that choice of law would not be affected by the plaintiffs' decision to file directly in the MDL forum; instead, their cases would be governed by the law "that otherwise would apply." *Id.* The other cases Plaintiffs

4

rely on are not to the contrary.[1] Here, by contrast, Plaintiffs filed in this Court without a direct-filing order or agreement regarding choice of law.

Plaintiffs, therefore, cannot seek refuge in cases involving agreed-to direct-filing orders. Outside of their reliance on these other cases, Plaintiffs have no response to Cook's due process argument. Accordingly, Cook respectfully requests the Court to reconsider its February 24 order in light of the important due process considerations Cook has raised.

## II.  Plaintiffs' Response Does Not Substantively Address Cook's *Erie* Argument.

*Erie* poses a second and independent hurdle for this Court's February 24 order, and Plaintiffs give less than glancing attention to it. Once again, Plaintiffs base their argument on cases involving direct-filing orders in which the parties *agreed* that *Erie*'s typical rule would not be followed. But this Court has a different question before it: can it choose not to follow *Erie*'s mandate in the *absence* of an agreed-to direct-filing order? The answer is surely no.

It is unremarkable that *Erie*'s default rule gives way in MDL cases involving a direct-filing order that has been agreed upon by the parties. Because "choice of law issues may be waived or forfeited by declining to assert them in litigation," *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019), a federal court does not violate *Erie* by applying the choice-of-law rules of a state that both parties have agreed will govern their case. The situation is different here. Cook has not agreed to alter *Erie*'s default rule; the Court made that determination on its own.

Plaintiffs tell this Court that its decision to disregard *Erie* is supported by *Wahl v. Gen. Elec. Co.*, 786 F.3d 491 (6th Cir. 2015). But far from supporting a departure from *Erie*, *Wahl* re-

---

[1] The two cases that apparently lacked any agreement on choice of law—*Vioxx* and *Bausch & Lomb*—didn't need to resolve a choice-of-law conflict but nevertheless noted the importance of a "stipulation" as to choice of law when entering direct-filing orders. *In re Bausch & Lomb Inc.*, 2007 WL 3046682, at *3 (D.S.C. Oct. 11, 2007); *In re Vioxx Prod. Liab. Litig.*, 478 F. Supp. 2d 897, 904 (E.D. La. 2007).

inforces its importance. In *Wahl*, the "MDL panel issued a 'Direct Filing Order' that permitted plaintiffs to avoid the seemingly inefficient step of filing-and-transfer required in the absence of such an order." *Id.* at 493. Pursuant to that order, plaintiff Wahl filed a complaint directly in the Northern District of Ohio, even though she was a resident of Tennessee and was treated and diagnosed in Tennessee. *Id.* Later, Wahl and the defendant, GE, jointly moved to transfer the case to the Middle District of Tennessee, because it was a "district court of proper venue." *Id.* Soon after getting there, however, Wahl wanted to escape Tennessee's statute of repose and argued that Ohio law should apply instead. *Id.* The district court disagreed and applied Tennessee law. *Id.*

The Sixth Circuit affirmed, holding that its precedent "confirms that the court of proper venue should apply its own choice-of-law rules, not those of the MDL court." *Id.* at 497. The Court also emphasized that its decision was consistent with *Erie*. *Id.* at 496. *Erie* required Tennessee law to apply because "the accident of federal diversity jurisdiction does not enable a party to utilize a transfer to achieve a result in federal court that could not have been achieved in the courts of the state where the action was filed." *Id.* Significantly, the Northern District of Ohio was not a court of "proper venue," and so under *Erie*, Wahl's case would never have been governed by Ohio law anyway. *Id.* But here, this Court *is* a court of proper venue and has personal jurisdiction over all parties. *Erie*'s policy, thus, supports application of Indiana law: Indiana is a proper forum for suit, and application of its laws is a result that could have been achieved, and in many other cases already has been achieved, in state court. *Id.*

Last, Cook notes that Plaintiffs never address its argument that this Court has created federal common law by establishing an equitable exception to Indiana's choice-of-law rules and by determining that Plaintiffs' "home" jurisdictions are the proper replacement, as opposed to any of the other possible jurisdictions. The parties didn't agree to this. And it doesn't follow

6

from Indiana law. It is purely the creation of federal common law, which *Erie* strictly forbids. *See Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4 (1975) (per curiam).

The *Erie* doctrine requires this Court to apply Indiana law—not Indiana law as modified by federal common law. Absent Cook's consent, that rule stands unaltered.

**III. Plaintiffs, as Beneficiaries of Equity, should be Required to Show Actual Reliance.**

Even if the Court finds that its recent choice-of-law order is consistent with both Cook's due process rights and the *Erie* doctrine, it should still require each Plaintiff to demonstrate that they actually relied on the May 31, 2017 *Sales-Orr* order on which this Court's decision was premised. The entire basis for this Court granting the extraordinary relief of reconsidering its prior decision was that Plaintiffs "may" have relied on the Court's May 31, 2017 order. Dkt. 12931 at 4. Entitlement to the relief granted, then, follows from actual reliance, which should be easy for all who so relied to show. Each plaintiff who seeks relief based on equity must be required to demonstrate by affidavit that his or her counsel actually *read* and *relied* on the Court's order in filing the plaintiff's case in this Court. If he or she truly relied on the Court's order, it should be a simple matter to so attest and to verify.

Plaintiffs respond by arguing that they should not have to demonstrate actual reliance because they were justified in relying on the May 31 order. But Cook doesn't dispute that *if* Plaintiffs relied on the Court's May 31 order, the Court's conclusion of reliance would be plausible. Instead, Cook merely asks the Court to require Plaintiffs to show that they *in fact relied on the order in the first place*, which is a showing typically required for beneficiaries of equitable exceptions. *See, e.g., Prize Steak Prod., Inc. v. Bally's Tom Foolery, Inc.*, 717 F.2d 367, 370 (7th Cir. 1983) (equitable estoppel required showing of "actual reliance").

## CONCLUSION

As far as Cook can tell, no other court has done what this Court ordered on February 24. For the reasons set out in Cook's opening brief and its reply, the Court should grant Cook's motion for reconsideration and apply Indiana's choice-of-law rules in cases that were originally filed in this District, as it first held. Alternatively, the Court should require Plaintiffs' counsel to establish actual reliance on the Court's May 31, 2017 order. Finally, the parties agree that if the Court's order stands, it should be limited to the period between May 31, 2017 and June 13, 2019.

Dated: April 13, 2020

                                             Respectfully Submitted,

                                             /s/ Brian J. Paul
                                             Andrea Roberts Pierson, Co-Lead Counsel
                                             Jessica Benson Cox
                                             Brian J. Paul
                                             FAEGRE DRINKER BIDDLE & REATH LLP
                                             300 North Meridian Street, Suite 2500
                                             Indianapolis, Indiana 46204
                                             Telephone: (317) 237-0300
                                             Andrea.Pierson@FaegreDrinker.com
                                             Jessica.Cox@FaegreDrinker.com
                                             Brian.Paul@FaegreDrinker.com

                                             James Stephen Bennett, Co-Lead Counsel
                                             FAEGRE DRINKER BIDDLE & REATH LLP
                                             110 W. Berry Street, Suite 2400
                                             Fort Wayne, Indiana 46802
                                             Telephone: (260) 424-8000
                                             Stephen.Bennett@FaegreDrinker.com

                                             *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

8

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of April, 2020, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                      /s/ Brian J. Paul

US.127225823.03