UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This document relates to:<br>**All Cases** | |

### COOK DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO RECONSIDER THE COURT'S FEBRUARY 24, 2020 ORDER

The Cook Defendants have asked the Court to reconsider its February 24 order exempting thousands of cases from the rule established in *Klaxon v. Stentor Electric Manufacturing Co.* that the choice-of-law rules to be applied by a federal court sitting in diversity "must conform" to those prevailing in the forum state's courts. 313 U.S. 487, 496 (1941). Since the Southern District is in Indiana, Indiana's choice-of-law rules apply; it's "required." *Viera v. Eli Lilly & Co.*, No. 1:09-CV-0495-RLY-DML, 2010 WL 3893791, at *3 (S.D. Ind. Sept. 30, 2010) (citing *Klaxon*). To hold otherwise, Cook argues, violates not only its due process rights but, independently, the *Erie* doctrine, which is the basis for the *Klaxon* rule. At the core of both arguments is Cook's objection that the February 24 order creates a special exception to the law for certain cases without Cook's consent and without any basis in precedent. The same rules that apply to every other case filed in this District, Cook's argument goes, apply to the cases at issue here. The rule of law requires nothing less.

A recent Sixth Circuit Court of Appeals decision in the *National Prescription Opiate Litigation* supports Cook's position. No. 20-3075, 2020 WL 1875174 (6th Cir. Apr. 15, 2020) (attached with key passages highlighted). At issue there, on a petition for writ of mandamus, was

whether a district court in multi-district litigation may deviate from the Federal Rules of Civil Procedure in the name of efficiency and sound case management. In reasoning that is equally applicable here, the Sixth Circuit emphatically concluded the answer is no:

> The rule of law applies in multidistrict litigation under 28 U.S.C. § 1407 just as it does in any individual case. Nothing in § 1407 provides any reason to conclude otherwise. Moreover, as the Supreme Court has made clear, every case in an MDL (other than cases for which there is a consolidated complaint) retains its individual character. That means an MDL court's determination of the parties' rights in an individual case must be based on the same legal rules that apply in other cases, as applied to the record in that case alone. Within the limits of those rules, of course, an MDL court has broad discretion to create efficiencies and avoid duplication—of both effort and expenditure—across cases within the MDL. What an MDL court may not do, however, is distort or disregard the rules of law applicable to each of those cases.

2020 WL 1875174, at *1. "Nor," the court added, "can a party's rights in one case be impinged to create efficiencies in the MDL generally." *Id*. at *4. "MDLs are not some kind of judicial border country, where the rules are few and the law rarely makes an appearance." *Id*. at *3. For "the law governs an MDL court's decisions just as it does a court's decisions in any other case." *Id*.

The law that governs in these cases is the law that was established long ago in *Klaxon*. And under that caselaw, the Court is "required" to apply the choice-of-law rules of the state where it sits. *Viera*, 2010 WL 3893791, at *3. That means this Court "must" look to Indiana law for guidance in determining which state's substantive law governs the plaintiffs' claims. *Allstate Ins. Co. v. Sales*, No. 3:07-CV-181-RLY-WGH, 2009 WL 10689012, at *4 (S.D. Ind. Apr. 3, 2009). That's true here, in this MDL, just as it is "in any other case." *In re Nat'l Prescription Opiate Litig.*, 2020 WL 1875174, at *3.

## CONCLUSION

The Court should grant Cook's motion for reconsideration and apply Indiana's choice-of law rules in cases that were originally filed in this District. Alternatively, and at a minimum, the Court should: (a) limit the period of the *Klaxon* carve-out to between May 31, 2017 and June 13,

2

US.127379042.01

2019, *as Plaintiffs' concede*; and (b) require Plaintiffs' counsel to establish, by affidavit, actual reliance on the Court's May 31, 2017 order.

Dated: April 20, 2020

                                         Respectfully Submitted,

/s/ Brian J. Paul
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
Brian J. Paul
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com
Brian.Paul@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2020, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Brian J. Paul