UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1:14-ml-2570 |

This Document Relates to:

Plaintiff Raymond Hedlund

Civil Case No. 1:18-cv-03403-RLY-TAB and Civil Case No. 1:16-cv-01134-RLY-TAB

### AMENDED MOTION TO REINSTATE ORIGINAL CASE
*(Amended as to history of representation)*

**COMES NOW,** Plaintiff, RAYMOND HEDLUND, and respectfully requests this Court to reinstate his original case under MDL Docket No. 1:16-cv-01134-RLY-TAB, and in support thereof states as follows:

### INTRODUCTION

Plaintiff seeks a reinstatement of his complaint originally filed on May 6, 2016. By way of background, this a case where, unbeknownst to the attorneys involved, the client retained two different sets of attorneys to represent him. In other words, this is a case involving dual representation. The "Original Counsel" in this case filed the "Original Complaint" on May 6, 2016. The "Second Counsel" filed a "Second Complaint" on November 2, 2018, and this Second Complaint is currently pending. The Original Complaint was dismissed on April 26, 2019, as it was included on a Motion to Dismiss filed September 21, 2017 alleging lack of a Plaintiff Profile Sheet (PPS). However, counsel for Plaintiff did not receive a deficiency notice regarding the Plaintiff Profile Sheet because the deficiency notice was sent to a firm wholly unrelated to this claim. Case Management Order 4 states "[b]efore filing such a motion [to dismiss], counsel for

Defendants shall serve written notice upon Plaintiff's Lead Counsel and counsel for the Plaintiff at issue that a PPS has not been served and a motion to dismiss may be filed." CMO No. 4, ¶ 1(g). As Counsel for Plaintiff never received such a notice, the Plaintiff did not have proper notice pursuant to Case Management Order 4 and the case should not have been included in Defendant's Motion to Dismiss.

To clarify matters, this is not a case that has been languishing. Rather, much has been done to provide adequate information for Defendants to evaluate and continue with the claim. A Categorization Form was served on the Original Complaint on January 15, 2019 in accordance with the Court's Case Categorization Order. Second Counsel also served a Categorization Form as well as a Plaintiff Profile Sheet on June 14, 2019. As such, Defendants have received all the requisite information to evaluate and continue with the case, and Plaintiff respectfully requests the reinstatement of the Original Complaint. In support of his Motion, Plaintiff further states as follows:

## DISCUSSION

1. This is a product liability case regarding an unreasonably dangerous Cook IVC Filter Plaintiff had implanted in 2014.

2. Plaintiff first retained The Gori Law Firm of Edwardsville, Illinois (hereinafter "Original Counsel") in 2016.

3. On May 6, 2016, Original Counsel, on behalf of Plaintiff, filed a complaint (hereinafter "Original Complaint") against Cook Medical Incorporated regarding the Cook IVC Filter that is the subject of the current proceeding. *See* MDL Docket No. 1:16-cv-01134-RLY-TAB.

4. On April 21, 2017, Cook Defendants served a Notice of Deficiency related to the lack of Plaintiff Profile Sheet (PPS) **to a law firm wholly unrelated to Plaintiff or his case** (*See attached Notice- attached herein as Exhibit "A"*). **As such, Original Counsel received no notice of the alleged deficiency at that time.**

5. The firm of Onder, Shelton, O'Leary & Peterson, LLC filed a notice of appearance on behalf of plaintiff on or about August 4, 2017 (*see* 1:16-cv-01134, ecf doc. #60), and the firm of O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin filed a notice of appearance on behalf of plaintiff on or about November 2, 2017 (*see* 1:16-cv-01134, ecf doc. #61).

6. On September 21, 2017, Defendants filed a Motion to Dismiss in the Master Docket of the MDL. (see 1:14-ml-02570, doc# 6440), attaching as an exhibit the Notice of Deficiency sent to a law firm wholly unrelated to Plaintiff or his case. (*See attached Notice- attached herein as Exhibit "A"*).

7. After some time passed, Plaintiff retained Di Pietro Partners, LLP (hereinafter "Second Counsel") making no mention or representations regarding having an existing case or having previously retained counsel.

8. On November 2, 2018 the Second Counsel, on behalf of Plaintiff, filed a Short Form Complaint against Cook Medical Inc., alleging claims for the same Cook IVC Filter as the complaint in the original case. This case was assigned MDL Docket No. 1:18-cv-03403. Plaintiff was unaware Original Counsel had filed a complaint on his behalf.

9. Accordingly, the Second Counsel was not aware of the original case until after filing the complaint on November 2, 2018.

10. Thus far, Second Counsel has responded to Defendant and met all required deadlines in a timely and complete manner, as reflected under MDL Docket No. 1:18-cv-03403.

11. On December 10, 2018, Second Counsel served Defendant with the Plaintiff Fact Sheet, HIPAA authorizations, and all complete medical records.

12. On January 15, 2019 O'Leary, in connection with the Original Complaint, Plaintiff's counsel at O'Leary, Shelton et al served a Case Categorization Form to Defendant.

13. On April 26, 2019, this Court entered an Order dismissing the Original Complaint. (*see* 1:16-cv-01134, ecf doc. #65).

14. On June 14, 2019, in compliance with this Court's order, Second Counsel timely provided the remaining and necessary Case Categorization Forms to Defendant.

15. On April 26, 2019, Plaintiff's original case, 1:16-cv-01134-RLY-TAB, was dismissed due to lack of compliance with Case Management Order 4 (CMO 4). However, it has since been brought to light that the Deficiency Notice related to CMO 4 served by Defense counsel were sent to a law firm wholly unrelated to Plaintiff or his case. (***See attached Notice- attached herein as Exhibit "A").***

16. Plaintiff counsel of record in the original case, 1:16-cv-01134-RLY-TAB, had no notice of the deficiency and no meaningful opportunity to cure the issue. Also of note, Defendants have received a Plaintiff Profile Sheet and Categorization Forms, such that no outstanding deficiencies exist.

17. At this stage in the current case, neither party has taken depositions nor has any other critical stage of litigation commenced, and as a result, reinstating the original case does not prejudice the Defendant.

18. Moreover, in an effort to avoid prejudicing Plaintiff and creating unnecessary confusion, reinstating the original case, MDL Docket No. 1:14-ml-2570, preserves the filing date of the original case and prevents Plaintiff from being subject to any timeliness or jurisdictional issues.

19. Thus, reinstating the original case is both reasonable and appropriate.

**WHEREFORE,** Plaintiff respectfully requests this Court to reinstate the original case as stated herein, and for such other relief as the Court deems appropriate.

**DI PIETRO PARTNERS, LLP**
901 E. Las Olas Blvd., Suite 202
Fort Lauderdale, FL 33301
*Primary Email Address:*
service@ddpalaw.com
*Secondary Email Address:*
paralegal@ddpalaw.com
Telephone: (954) 712-3070
Facsimile:  (954) 337-3824
/s/   Nicole Martell_
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100172
Nicole@ddpalaw.com


**O'LEARY, SHELTON, CORRIGAN, PETERSON, DALTON & QUILLIN, LLC**
/s/ *Michael J. Quillin*
Michael J. Quillin
1034 S. Brentwood Blvd.,
PH 1-A. 23rd Floor
St. Louis, MO 63117
Telephone: (314) 405-9000
Facsimile: (314) 405-9999
Email: quillin@osclaw.com

*Attorneys for Plaintiff*