IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

------------------------------------------------------------------------

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB

MDL No. 2570

------------------------------------------------------------------------

This Document Relates to Plaintiff:

VERONICA TYYNISMAA
Civil Case No. 1:17-cv-01252

------------------------------------------------------------------------

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING
PLAINTIFF'S CLAIMS FOR FAILURE TO PRODUCE PLAINTIFF PROFILE FORM

Counsel for Plaintiff Veronica Tyynismaa respectfully submits this Reply to Defendants'

Motion in Opposition.  In support thereof, Plaintiff states as follows:

1. Defendants incorrectly argue that Plaintiff repeatedly and relentlessly neglected her case,
   did not respond to Cook's deficiency letter, and made no efforts to rectify her
   deficiencies.

2. Plaintiff responded to Defendants and served her substantially complete Plaintiff Profile
   Form and supporting documents on March 2, 2018 after receiving notice from
   Defendants of her overdue Plaintiff Profile Form on February 22, 2018.

3. Defendants are not prejudiced in this matter, as they were able to properly work on this
   case. They were in fact served the Plaintiff Profile Form and Cook Tulip IVC filter
   implant medical records on March 2, 2018.

4. With the submission of the Plaintiff Profile Form and supporting documents, Plaintiff
   not only complied with the Third Amended Case Management Order No. 4 but she was

also already in compliance with the Court's Order (Doc. 11) subsequently filed on April 18, 2018 requiring Plaintiff, Veronica Tyynismaa, to file her PPF within 45 days of the order.

5. With respect to the Court's Order filed April 18, 2018, Plaintiff was given until June 2, 2018 to serve her Plaintiff Profile Form. She had in fact been in compliance with service of the Plaintiff Profile Form for 92 days by June 2, 2018.

6. Plaintiff has sought in good faith to rectify her deficiencies and comply with all Court orders, including compliance with the order regarding case categorization which Plaintiff complied with on December 21, 2018 as Plaintiff was under the presumption that the claim was still active.

7. Plaintiff does not dispute that due to law office failure, Plaintiff was not aware of the Omnibus Motion to dismiss filed by Defendants in the master docket only at the time it was filed and therefore, overlooked the subsequent Order by the Court to serve a Plaintiff Profile Form. At those times, Counsel was under the belief that Plaintiff was in compliance with the Plaintiff Profile Form submission and therefore unintentionally did not enter a reply.

8. Plaintiff did not willfully disobey the Court's Order but was operating under a mistaken belief that they were in compliance and that Plaintiff's case was pending and in the same place as all the other cases in the MDL.

9. Rule 60(b)(1) of the *Federal Rules of Civil Procedure* provides discretionary relief from a final judgment on the basis of "excusable neglect." The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: 1) mistake,

inadvertence, surprise, or excusable neglect." Plaintiff submits that not reinstating her case as result of mistake, inadvertence, or excusable neglect would be an exorbitantly harsh sanction resulting in a gross injustice toward the Plaintiff.

10. To reiterate our previous points, Defendants entered a Notice of Appearance in Plaintiff's individual case docket and executed a waiver of service on March 21, 2018, further supporting Plaintiff's position that at that time Defendants were not disputing Plaintiff's compliance with service of the complaint and Plaintiff Profile Form, thus causing Plaintiff to believe she had rectified any pending deficiencies.

11. It is apparent that the Court was not under the belief that Defendants were prejudiced at the time of their Motion to Dismiss and the Court's subsequent Order on April 18, 2018 when the Court ordered an additional 45 days for Plaintiff to comply with service of the Plaintiff Profile Form. At that time, Plaintiff had already been in compliance with the Court's Order.

12. As this Motion is based on the Plaintiff Profile Form service issue at hand, Defendants' claim that the Court should deny Plaintiff's Motion because it would be barred by the statute of limitations is futile.

13. When weighing the harm to Plaintiff in comparison to the prejudice suffered by the Defendants, the harm to Plaintiff by the Defendants' defective filter is much more significant than the prejudice suffered by Defendants in failing to enter a Reply that Plaintiff was in compliance with service of the Plaintiff Profile Form.

14. Defendants were able to properly work on this case as they were in fact served the Plaintiff Profile Form and Cook Tulip IVC filter implant medical records on March 2, 2018. Plaintiff's failure to reply to the Court that the Plaintiff had already in fact

complied and served the Plaintiff Profile Form on Defendants was inadvertent and not intentional. If Plaintiff's Complaint is not reinstated she will suffer irreparable harm.

WHEREFORE, based on the foregoing, Plaintiff respectfully moves this honorable Court to vacate its Order on the Cook Defendants' Motion to Dismiss (Doc. 15) granting dismissal without prejudice and reinstate their case in MDL 2570.

Dated: April 22, 2020

Respectfully submitted,

*/s/ Randi Kassan*
SANDERS PHILLIPS GROSSMAN, LLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Phone: (516) 741-5600
Email: RKassan@thesandersfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify on April 22, 2020, I electronically filed the foregoing document with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to all parties of record.


Respectfully submitted,

*/s/ Randi Kassan*
SANDERS PHILLIPS GROSSMAN, LLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Phone: (516) 741-5600
Email: RKassan@thesandersfirm.com

*Counsel for Plaintiff*