UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                       MDL No. 2570

_____

This Document Relates Only to 1:16-cv-01134 and 1:18-cv-03403, Raymond Hedlund

_____

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROVIDE PLAINTIFF PROFILE SHEETS**

Plaintiff Raymond Hedlund ("Plaintiff") filed a Motion to Reinstate his dismissed case [Dkt. 13211] on April 3, 2020, and then an Amended Motion to Reinstate his dismissed case [Dkt. 13334] on April 21, 2020, seeking to reinstate his case, previously dismissed for failure to produce a Plaintiff Profile Sheet. (Dkt. 10546, the "Order") Plaintiff's Motion – filed by multiple counsel as to multiple actions – asks the Court for relief under no specific authority. Plaintiff asks the Court to cobble together two separately filed matters to create one compliant case and reinstate a dismissed case despite it having been dismissed over a year ago. The question before the Court is not complicated: neither counsel adequately monitored the docket or their cases. "Original Counsel" neglected the obligations set out in Case Management Order 4, resulting in dismissal over a year ago, on April 26, 2019 and "Second Counsel" seeks to relate back an otherwise time-barred complaint to a separate case number and filing. The Court should deny Plaintiff's request for three reasons:

- **Federal Rule 60(b)(1) is not available here.**  The Court should not set aside the Order as Rule 60(b)(1)'s extraordinary remedy is not available based on a mere alleged mistake on the part of counsel or failure to diligently complete discovery. Here, Plaintiff provided no such justification.

- **Dismissal was proper.** Plaintiff argues, primarily, that "notice" was not adequate. Plaintiff neglected to inform the Court that Cook served counsel listed on Plaintiff's Complaint with notice in 2017. Even if Cook had not given notice via the deficiency letter, notice, at the latest, was effectuated on September 21, 2017, when Cook (1) moved to dismiss Plaintiff's complaint for failing to provide a PPS and (2) filed the letter notifying Plaintiff of his deficiency as an Exhibit.

- **Setting aside the Order would be futile.** Reinstating Plaintiff's case would be futile. The Indiana statute of limitations bars cases not filed within two years of the discovery of an injury. Further, Indiana law does not grant a grace period to refile cases dismissed because of negligence in prosecution. Here, Plaintiff filed his Dismissed Complaint on May 6, 2016, over two years before Plaintiff moved to reinstate. So, Plaintiff's refiled case will be outside of the two years allowed by Indiana law to file a case. Further, the Court dismissed the Plaintiff's cases because of counsel's "neglect," so his case is excluded from the savings statute. Plaintiff filed his Barred Complaint on November 11, 2018, over two years after filing a complaint alleging the same injuries. As a result, the second case is time-barred.

### Plaintiff's 2016, Dismissed Complaint

Plaintiff filed multiple cases. Plaintiff filed his first case on May 6, 2016, (1:16-cv-01134) (the "Dismissed Complaint") and filed his second case over two years later, on November 2, 2018 (1:18-cv-03403) (the "Barred Complaint"). At the end of his complaint, Plaintiff included the signature block of Cohen & Malad, and signed the certificate of service "Irwin Levin" – of Cohen & Malad. (1:16-cv-01134, Dkt. 1, pp. 3, 4). Nearly a full year later, on April 17, 2017, after Plaintiff failed to provide a Plaintiff Profile Sheet, Cook sent a deficiency notice to Cohen & Malad. Cook received no response. Cook moved to dismiss Plaintiff's complaint five months later, on September 21, 2017, and attached the deficiency notice as an exhibit. (Dkts. 6440, 6440-2, p. 5)  In the interim, the Court entered Second Amended Case Management Order #4 on December 16, 2016, giving all Plaintiffs that had not submitted a PPS 60 days to do so. Second Amended CMO 4 was noted on the master docket and Plaintiff's individual docket. (1:16-cv-01134, Dkt. 54) Then, on March 29, 2017, the Court entered Third Amended Case Management Order #4, again notifying all counsel of the obligation to submit a PPS. This order too was noted

on the master docket and Plaintiff's individual docket.  (1:16-cv-01134, Dkt. 59)  A year and a half after Cook moved to dismiss the 2016 Complaint, on April 26, 2019, the Court dismissed the 2016 Complaint.  (Dkt. 10546)  The Court noted the dismissal in both the master docket and Plaintiff's individual docket.  (1:16-cv-01134, Dkt. 65)

Plaintiff did not serve a PPS in the intervening **three years**, completely ignoring his obligation.  Plaintiff did not and does not allege to have served a PPS then or now in the Dismissed Case.

### Plaintiff's Second, Time-Barred Complaint

On November 2, 2018, over two years after Plaintiff already filed the 2016 Complaint, separate counsel filed *another* complaint. While counsel argues they timely complied with various discovery deadlines as to the Barred Complaint, that argument is irrelevant because the Barred Complaint, as explained below, is clearly time-barred.  Recognizing the Barred Complaint is time-barred, Plaintiff, prior to amending the Motion to Reinstate, sought to have the Barred Complaint relate back to the filing date of the Dismissed Complaint.  (See. Dkt. 13211)  Second Counsel already moved to reinstate the Original Complaint, despite not representing the plaintiff in that matter.  (See Dkts. 11130, 13032, and 13038)

Essentially, Plaintiff – through multiple lawyers and case numbers– asks for relief from dismissal for failing to provide a plaintiff profile sheet, despite the fact Plaintiff admits no PPS was provided for **years**.  Plaintiff asks the Court to ignore that counsel completely neglected obligations under multiple case management orders, resulting in dismissal in one case, and ignore that separate counsel filed a clearly time-barred complaint in another, hoping the Court cobbles together a single functional case.  The Court should deny Plaintiff's request.

The Court properly dismissed Plaintiff's claims and the Court should deny Plaintiff's Amended Motion to Reinstate Original Case as Plaintiff's request does not meet the standard for the extraordinary Rule 60(b)(1) relief he requests. Further, reinstatement would be futile. Plaintiff's case is barred by the Indiana statute of limitations.

## Argument[1]

### I. The Court properly dismissed Plaintiff's claims.

Plaintiff makes no attempt to argue dismissal for failure to provide a plaintiff profile sheet was not proper in the first instance because he had actually complied – by providing a PPS – with the Case Management Order No. 4 (in place at the time Plaintiff filed the Dismissed Complaint), Second Amended CMO 4 (entered after Plaintiff had filed the Dismissed Complaint), or Third Amended CMO 4 (also entered after Plaintiff filed the Dismissed Complaint). That fact alone counsels towards denying Plaintiff's Motion. Federal Rule 41(b) states that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. After nearly a year of failing to serve a PPS, Plaintiff still had not complied with Second Amended CMO 4. The Court entered Third Amended CMO 4, and Plaintiff did not comply with it either. Cook sent Plaintiff a deficiency letter to counsel Plaintiff listed on the Complaint he served on Cook. Plaintiff did not respond to Cook's deficiency letter, Plaintiff made no attempt to seek an extension, and Plaintiff filed no response to Cook's motion to dismiss. As a result, the Court properly dismissed Plaintiff's Complaint.

---

[1] While Plaintiff styles his motion as an "Amended Motion to Reinstate Original Case (Amended as to history of representation)", it is apparent more than "history of representation" have been amended. For instance, curiously missing are paragraphs regarding "Original Counsel['s] fail[ure], on several occasions, to timely file critical pleading documents or respond to Defendant to cure deficiencies." (Dkt. 13211, p. 1.)

**II.    Plaintiff has not shown he is entitled to the extraordinary relief provided by Rule 60(b)(1) and the Court should not set aside its Order.**

Plaintiff makes no attempt whatsoever to identify any legal authority supporting reconsideration, or even identify a Rule under which Plaintiff brings his motion. Cook assumes Plaintiff brings his motion under Federal Rule of Civil Procedure 60(b). However, pursuant to Rule 60(c)(1), "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." (emphasis added.)

Plaintiff did not bring his Motion until nearly a year after dismissal. Even if his Motion were filed within a "reasonable time," Plaintiff does not meet the extraordinary standard required for Rule 60 relief.

**A.    The proper procedural vehicle to address Plaintiff's Motion is Rule 60(b).**

Although Plaintiff does not specify any rule or authority under which he brings his Motion, Cook assumes his request is brought under Rule 60(b) because the proper procedural vehicle to address Plaintiff's request is Rule 60(b), which governs requests to vacate an order. Rule 60(b)'s bar is high: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for

the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015). Indeed, even where a lawyer's actions may be negligent or worse, the lawyer's errors are imputed to the party (under principles of agency law) and are not permitted to burden the opposing party. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

In his Motion, Plaintiff does not specify what Rule his motion is brought pursuant to, **and no justification is given for the delay**. *See* Dkt. 13334 at 2. "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing a Rule 60(b) motion premised on excusable neglect, "the most important consideration is 'the reason for the delay'"; if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

### B. Rule 60(b)(1) relief based on "excusable neglect" is available only in exceptional circumstances.

While Plaintiff's Motion makes no attempt to specify the grounds for Rule 60(b) relief he alleges, as explained below, it appears that Plaintiff seeks relief because of "excusable neglect." Rule 60(b)(1) does not provide relief for counsel's neglect: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted). Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982)). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015). Even in situations where a lawyer's actions may be negligent or worse, the errors are imputed to the party (under principles of agency law) rather than burdening the opposing party in litigation. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

While Plaintiff did not specify in his Motion that it is brought under Rule 60(b), Cook assumes it was. Plaintiff offered no explanation for his repeated failures, though it is apparent that Plaintiff argues neither that the failure was a mistake nor that it was inadvertent. (See generally

Motion)  Instead, Plaintiff only argues there has been little "prejudice."[2]  (See Motion, 3)  Given Plaintiff does not meaningfully allege mistake, inadvertence, surprise, newly discovered evidence, fraud, that a judgment is void, or that a judgment has been satisfied, the only possible avenue Plaintiff seeks is relief due to "excusable neglect." (See Motion, pp. 1-2.)  "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing Rule 60(b) claims premised on excusable neglect, "the most important consideration is 'the reason for the delay'" and if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

Given that Plaintiff's counsel is counsel in nearly 40 other cases in the MDL, counsel was aware of the obligations this Court imposed.

### C. Plaintiff's desire to simply overlook his repeated failure to comply with the Court's orders or respond in any way does not justify extraordinary relief under Rule 60(b)(1), and are not "exceptional circumstances."

Even if the Court overlooked the fact that Plaintiff's motion is untimely, Plaintiff glosses over his repeated failures, including completely neglecting multiple court orders.  Although

---

[2] Plaintiff's argument ignores that the Court spent considerable time and effort to work with the MDL leadership to outline the obligations of the parties in Case Management Orders. The Court has also made clear the obligations of the parties with respect to Plaintiff Profile Sheets.

- 8 -

Plaintiff makes no attempt to argue that he has brought his motion under and rule or authority and, as a result, makes no attempt to argue "exceptional circumstances," it is clear his case does not meet the high bar established by case law. Plaintiff does not establish a "good reason for missing the deadline." *Knapp*, 322 F.R.D. at 320.

First, Plaintiff's counsel, impliedly, assumes no responsibility. Plaintiff cannot escape the consequences of his failure to comply with the Court's Orders and his failure to prosecute his case without showing a "good reason for missing the deadline." No such reason has been shown. Plaintiff argues notice was not proper as to Plaintiff's deficiency – again, beginning in 2016, seeking instead to use Barred Complaint as an accidental vehicle for compliance. However, Plaintiff offers no mention, or explanation, why the Dismissed Complaint served on Cook was signed by Irwin Levin of Cohen & Malad. Plaintiff signed the certificate of service "Irwin Levin" too. And so, Cook sent the deficiency notification to lawyer that had, ostensibly, signed the complaint: Irwin Levin. At the absolute latest, notice of Plaintiff's deficiency was served on September 17, 2017, over two and a half years ago, when Cook filed the Motion to Dismiss Without Prejudice. The Motion to Dismiss not only sought to dismiss Plaintiff's case for failing to provide a PPS – which would, of course, put Plaintiff on notice of his deficiency – but also attached the deficiency notice as an Exhibit. (Dkts. 6440, 6440-2, p. 5) Plaintiff failed to respond informally, or formally by filing a response to Cook's Motion to Dismiss.

Second, an MDL Plaintiff has a duty to comply with the Court's Orders. Indeed, Plaintiff does not deny knowing of the responsibility to submit a Plaintiff Profile Sheet for cases filed in the MDL. Plaintiff does not dispute that Cook properly served Plaintiff by filing electronically in the master docket or that ECF notices were sent to counsel that registered for electronic service as required by the Court. Plaintiff does not dispute knowing the consequences for noncompliance

- 9 -

under the Court's Orders either.  Simply put, Plaintiff has no reasonable explanation for failing to comply, or at a minimum communicating with the Court or counsel.

Plaintiff has failed to provide a reasonable or excusable explanation for his failure to submit a Plaintiff Profile Sheet, or any explanation for that matter.  Rule 60(b) relief is an "extraordinary remedy [reserved for] exceptional circumstances," *Dickerson*, 32 F.3d at 1116, and as the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such an exceptional remedy.  Simply put, errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – i.e., Cook.  *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.

Plaintiff has failed to establish that his case qualifies for relief under Rule 60(b)(1), and the Court should deny his Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

### III. Reinstatement would be futile because the Plaintiff's claims are barred by the Indiana statute of limitations.[3]

The Court should deny Plaintiff's Motion on the ground of futility because both Complaints would be barred by the statute of limitations.  *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir. 1973) (noting the "salutary rule that a 60(b) motion should be buttressed by a showing of the existence of a meritorious claim or defense"). Even assuming the statute of limitations did not accrue until Plaintiff filed the original complaint – May 6, 2016 – the Indiana statute of limitations

---

[3] The Court ordered, in part, that cases filed outside of the period between May 31, 2017 and October 29, 2019, are not treated as if a direct-filing order has been entered. (Dkt. 12931.)  As a result, the Indiana choice-of-law rules and the Indiana statute of limitations applies as to the Dismissed Case, which Plaintiff asks the Court to reinstate.  The Barred Complaint asks the Court to relate Plaintiff's filing date back to the date Plaintiff filed the Dismissed Complaint, which would place it well before May 31, 2017.  Even if it did not, Plaintiff resides in Idaho, and Idaho's state of limitations is also two years (Id. Stat. §§ 5-219 and 6-1403).  So, the applicable state is of no consequence to the analysis here.

bars Plaintiff's claims.  The Indiana statute of limitations requires that claims based on personal injury be filed within two years after the cause of action accrues. I.C. 34-11-2-4; *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 632 (7th Cir. 2007).  Here, Plaintiff's claim could not have accrued later than May 6, 2016, when he filed his Dismissed Complaint. He did move to reinstate this action until April 21, 2020, nearly four years later.  Indiana's statute of limitations therefore bars his claims.  Plaintiff's Barred Complaint was filed on November 11, 2018, over two years after filing the Dismissed Complaint.  As a result, the Barred Complaint is time-barred.

### IV. Reinstatement would be futile because the Plaintiff's barred claims are not saved by the JAS and Plaintiff's Motion demonstrates negligence in the prosecution.

Cook anticipates that Plaintiff may argue in reply that the Dismissed Complaint is saved by Indiana's Journey's Account Statute (JAS), I.C. § 34–11–8–1.  This argument fails because the JAS does not apply under the circumstances here.

The JAS is a savings statute that permits a party to refile or reinstate an action within three years after it is dismissed and to calculate compliance with the statute of limitations based on the commencement date of the dismissed action rather than the new action. I.C. § 34–11–8–1(b).  The statute only applies, however, where dismissal was "not due to negligence in its prosecution."[4] *Dempsey v. Belanger*, 959 N.E.2d 861, 865 (Ind. Ct. App. 2011), quoting I.C. § 34–11–8–1(a); § 39.12. Journey's account statute, 22A Ind. Prac., Civil Trial Practice § 39.12 (2d ed.) ("Ind. Prac.").  "The JAS generally permits a party to refile an action that has been dismissed on technical

---

[4] In full the JAS states as follows:
Sec. 1. (a) This section applies if a plaintiff commences an action and:
 (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
 (2) the action abates or is defeated by the death of a party; or
 (3) a judgment is arrested or reversed on appeal.
 (b) If subsection (a) applies, a new action may be brought not later than the later of:
(1) three (3) years after the date of the determination under subsection (a); or
(2) the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

- 11 -

grounds." *Dempsey*, 959 N.E.2d at 865 (Ind. Ct. App. 2011). "Negligence in the prosecution" is broader than failure to prosecute and the term applies to "any failure of the action due to negligence in the prosecution." *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1244 (Ind. 2010). "Examples of conduct which would likely be deemed negligence in prosecuting a case presumably include dismissal for failure to prosecute, dismissal for failure to comply with the discovery rules, failure to pay filing fees, and naming the wrong party." *Dempsey*, 959 N.E.2d at 866, citing *Eads*, 932 N.E.2d at 1244 and Ind. Prac. § 39.12; *Parks v. Madison County*, 783 N.E.2d 711 (Ind. Ct. App. 2002).

Here, the Plaintiff's case was dismissed due to negligence in the prosecution of the case. Despite counsel knowing of the obligation to submit a Plaintiff Profile Sheet, being notified of his failure, and of Cook's motion to dismiss, Plaintiff failed to submit a Plaintiff Profile Sheet. In addition, Plaintiff waited nearly a year after the Court's dismissal based on that failure to move to reconsider the Order. Plaintiff provided no explanation or justification for his repeated failures – or for repeatedly ignoring the Court's orders. Indeed, the only reasonable explanation for Plaintiff's case being dismissed in the first place is that Plaintiff neglected his case. As a result, the JAS does not apply and does not shield Plaintiff's new action from the Indiana statute of limitations.

In sum, the Court's dismissal of Plaintiff's case for failure to submit a Plaintiff Profile Sheet and Plaintiff's delay and inadequate showing in seeking to set aside the order demonstrate "negligence in the prosecution" of his case. The JAS does not save cases dismissed for "negligence in the prosecution," and Plaintiff is not entitled to prevent application of the Indiana statute of limitations through the JAS.

## CONCLUSION

Plaintiff did not make the requisite showing to justify the extraordinary remedy offered by Rule 60(b), and offered no justification whatsoever – legal or otherwise.  The Court properly dismissed Plaintiff's Dismissed Complaint.  Plaintiff's cases are also barred by the statute of limitations and, because of Plaintiff's negligence in the prosecution of this case, it is not saved by the JAS.  Case law on each of these issues applies squarely to this case – and in Cook's favor.  The Court should deny Plaintiff's Motion.

Respectfully submitted,

Dated: May 1, 2020

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
Email:  Andrea.Pierson@FaegreDrinker.com
Email:  Jessica.Cox@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*