IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL NO. 2570 |

**PLAINTIFFS' RESPONSE TO COOK DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO RECONSIDER THE COURT'S FEBRUARY 24, 2020 ORDER**

Cook has submitted a new opinion from the Sixth Circuit as supplemental authority in support of its motion to reconsider the Court's order of Feb. 4, 2020. This opinion is entirely distinguishable.

Cook continues to badly mischaracterize the Court's order. The Court did not "exempt thousands of cases from the rule established in *Klaxon*," as Cook puts it. There is no need for such grave pronouncements: the *Erie* doctrine and *Klaxon* are alive and well in the Southern District of Indiana and in this MDL.

All the Court did was hold Cook to the consequences of its own misstatements in pleadings — misstatements repeated in different cases more than a year apart. The Court held nothing more than that "the best course of action is to treat foreign cases filed between May 31, 2017 and October 29, 2019 as though there was an express direct filing order issued in this case." (Doc. no. 94120 at 4). This was the best course of action because "[t]he court's May 31, 2017 Entry, which stated there was a direct-filing order, was…erroneous [,]" and plaintiffs "should not be penalized for relying on that Entry." *Id.* The Court's error, in turn, was caused by reliance on 'the Cook

1

Defendants' (mistaken) representation" in February 2106 and March 2017 that a direct-filing order existed.

Direct filing orders, of course, do not violate *Erie* or *Klaxon*, and are a commonplace of MDL practice. The result of the Court's ruling is merely that cases filed during a certain time period are governed by the direct-filing framework *Cook said was in place during that period*. Cook simply waived, or forfeited, or is estopped from making, an argument contrary to what it previously argued.

The notion that parties cannot waive choice-of-law arguments, or that they cannot waive application of the body of law that *Erie* and *Klaxon* would otherwise compel, is baseless. Parties can of course waive choice-of-law issues and can waive the application of *Erie* and *Klaxon*. It hardly seems necessary to cite cases for this proposition, but see, e.g., *Orgone Capital III, LLC v Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019)("[C]hoice of law issues may be waived or forfeited by declining to assert them in litigation."); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014)("Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law….The choice of law issue may be waived, however, if a party fails to assert it.")(citations omitted); *Muslin v. Frelinghuysen Livestock Mgrs., Inc.*, 777 F.2d 1230, 1231 n. 1 (7th Cir. 1985)(noting rule of *Klaxon*, but holding that plaintiff waived application of forum state law). See also, e.g., *Tobinick v. Novella*, 848 F.2d 935, 943-44 (11th Cir. 2017)('[T]he Tobinick Appellants contend that the district court…'trampled federal procedure and constitutional rights' and violated the doctrine of *Erie R.Co. v Tompkins*….Appellants waived their challenge to the district court's application of [California law] based on the *Erie* doctrine."); *W. Kramer Assoc., Inc. v. Senior Campus Living LLC*, 2001 WL 882968, *2 (E.D. Pa. April 26, 2001)("The Court

applies the choice of law rules of the state in which it sits, see *Klaxon Co. v. Stentor Elec. Mfg. Co*….but in this case the Court need not perform the choice of law analysis under Pennsylvania law, because plaintiff has waived the choice of law….").

Cook waived the application of *Klaxon* by representing to the Court that a direct-filing order, which dispenses with *Klaxon,* existed. That is all the Court held, and as set forth above, parties are free to waive choice of law generally, and *Klaxon* specifically, through their litigation conduct.

This is why the new authority submitted by Cook is irrelevant. In *In re Nat'l Prescription Opiate Litig.*, \_\_\_\_\_F.3d _____, 2020 WL 1875174 (6th Cir. Apr. 15, 2020), the MDL court allowed certain plaintiffs to amend their claims against certain defendants, to assert new theories that the plaintiffs "had expressly disavowed 18 months before." The new claims were brought 19 months after the deadline for amendments. The court refused to entertain motions to dismiss the amended claims, and required defendants to answer new discovery relevant to their claims. *Id*. at *2. The defendants properly opposed the motion for leave to amend, pursuant to the motions to dismiss, and opposed the discovery. The Sixth Circuit granted a writ of mandamus, and reversed these rulings as beyond the court's power. *Id*. at 4-5.

*In re Nat'l Prescription Opiate Litig*. is distinguishable for the simple, obvious reason that unlike the defendants there, Cook here waived its choice of law position by failing to assert it — indeed by asserting the opposite. The defendants in *In re Nat'l Prescription Opiate Litig.* made their position very clear every step of the way and never changed it. Cook did the opposite here.

At bottom, Cook seeks a ruling that allows it to mistakenly misrepresent things to the Court, have the Court rely on those representations, and have plaintiffs rely on the Court's resulting order

3

to their great detriment—but then be able to change positions with no consequences. That is not at all what the defendants in *In re National Prescription Opiate Litig.* did, and so it is irrelevant here.

Respectfully submitted this 4th day of May, 2020.

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee*

Charles S. Siegel
Texas Bar No. 18341875
WATERS, KRAUS, & PAUL, LLP
3141 Hood Street, Suite 700
Dallas, Texas 75219
Telephone:  (214) 357-6244
Facsimile:   (214) 357-7252
siegel@waterskraus.com


Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
THE LAW OFFICES OF BEN C. MARTIN
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send a copy to all attorneys of record.

*/s/ Joseph N. Williams*
Joseph N. Williams
