UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |
| This document relates to: **All Cases** | |

**COOK DEFENDANTS' REPLY
IN SUPPORT OF ITS NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT
OF ITS MOTION TO RECONSIDER THE COURT'S FEBRUARY 24, 2020 ORDER**

The Cook Defendants brought the Sixth Circuit's decision in the *National Prescription Opiate Litigation*, No. 20-3075, --- F.3d ---, 2020 WL 1875174 (6th Cir. Apr. 15, 2020), to the Court's attention because it bears on the very issue before this Court: whether those plaintiffs who chose to file their cases in the Southern District of Indiana are bound by Indiana's choice-of-law rules—just as any other plaintiff would be who chose to file their case in the Southern District of Indiana. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Put more plainly: are these plaintiffs entitled to special treatment under the law or not? Plaintiffs, in turn, filed a response 14 days after Cook's notice, which was late[1], and despite the extra time largely ignored the reasoning of the Sixth Circuit. Plaintiffs instead used their response as a second-

---

[1] Plaintiffs' May 4 response is untimely and should be stricken. Under Case Management Order 18, Plaintiffs had 10 days to respond to Cook's Notice of Supplemental Authority, not 14 days. Dkt. 13121 at ¶ 7. Strict compliance with CMOs is especially important in MDLs, and courts in the Seventh Circuit rigorously enforce such orders. *See In re Testosterone Replacement Therapy Prod. Liab. Litig.*, No. 1:14-CV-01748, 2018 WL 6258898, at *5 (N.D. Ill. June 11, 2018) ("[T]he Court expects strict adherence to these deadlines*.*"); *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, No. 3:12-MD-02385-DRHSCW, 2015 WL 144415, at *3 (S.D. Ill. Jan. 8, 2015) (dismissing plaintiff's case with prejudice for failure to comply with CMO). Plaintiffs fail to provide any excuse for filing an untimely response.

chance to argue waiver—something they never argued in their initial response brief and, in fact, is squarely contrary to the position they took earlier.

Plaintiffs argued repeatedly that the Court's order stripped Cook of no rights and that Cook was free to assert its defenses. But now, as its only basis on which to attempt to distinguish the *National Prescription Opiate* decision, Plaintiffs argue that Cook's misstatements in two filings regarding the existence of a direct-filing order has resulted in it waiving its ability to argue forevermore application of the correct choice-of-law rules—Indiana's. Plaintiffs press this point despite the fact that everyone was mistaken (including the Court) but all now recognize that there is no direct-filing order. Dkt. 13391, Order Reconsidering Choice-of-Law Ruling at 2. This is not the law, and Cook has not waived its rights.

Cook doesn't dispute that it has the ability to waive application of Indiana's choice-of-law rules, and it said as much in its initial reply. *See* Dkt. 13257 at 5. But the simple fact is that Cook hasn't done so here. A mistaken belief about the proper choice-of-law rules isn't enough to satisfy waiver's stringent standard. Numerous courts have considered whether a party that initially and mistakenly raised a statute-of-limitations defense based on the wrong law should be allowed to raise the correct statute-of-limitations defense based on the right law at a later stage, and the majority of courts say, yes, they should be able to do so. *See, e.g., Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 n.3 (10th Cir. 1997) ("We hold that defendant . . . did not waive the statute of limitations defense simply by pleading the defense based on the wrong choice of law."); *CMFG Life Ins. Co. v. RBS Sec. Inc.*, No. 12-CV-037-WMC, 2014 WL 3696233, at *25 (W.D. Wis. July 23, 2014), *aff'd in part, rev'd in part*, 799 F.3d 729 (7th Cir. 2015) (noting that the majority of courts to consider the issue have refused to find waiver).

In an analogous context, the Seventh Circuit reversed a district court for refusing to apply the correct legal standard based on a finding of waiver. *King v. Kramer*, 763 F.3d 635, 648 (7th

Cir. 2014). The Seventh Circuit held that the plaintiff did not intentionally relinquish its right to application of the correct standard at trial even though the plaintiff had argued for most of the litigation that a different standard applied. *Id.* at 641. This was so despite the Seventh Circuit finding that the "delay in asserting the correct standard was substantial" and "[n]o good reason was given" for that delay. *Id.* at 644. The Court's ruling was bolstered by the fact that the plaintiff was not "guilty of gamesmanship or a last-minute ambush." *Id.* at 647.

The same is true here. Plaintiffs have made no attempt to show that Cook made a knowing and voluntary waiver of Indiana's choice-of-law rules by clear and affirmative consent. *See Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council 31*, 138 S. Ct. 2448, 2486 (2018). And this Court has repeatedly rejected Plaintiffs' attribution of ill-motives to Cook. *See*, *e.g.*, Oct. 25, 2019 Hearing on Choice of Law Tr., p. 52:7-14 ("On the motion for summary judgment, ***I don't believe that the Court has been misled***—intentionally misled by either side throughout this entire litigation." (emphasis added)); Dkt. 12931, Order Reconsidering Choice-of-Law Ruling ("The court relied on the Cook Defendants' (*mistaken*) representation" that there was a direct-filing order. (emphasis added)).

Plaintiffs also passingly suggest that Cook should be estopped from arguing for application of Indiana's choice-of-law rules. Not only do Plaintiffs offer no basis for finding estoppel here, but they've also already made this argument and the Court rejected it. *See* Oct. 25, 2019 Hearing on Choice of Law Tr., pp. 52:25-53:2 ("I'm going to preliminarily let you know I don't believe that that [i.e., judicial estoppel] applies here. And also, I'm going to preliminarily let you know that I believe that there's no direct filing order."). And rightly so: judicial estoppel is a rare remedy intended to prevent lying or the "perversion of the judicial process." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006); *Rodgers v. Dart*, 2014 WL 1227254, at *3 (N.D. Ill. Mar. 25, 2014) (describing judicial estoppel as "a rare remedy"). This Court has rightly (and re-

3

peatedly) noted that any misstatement by Cook was based on a mistaken belief, not an intent to deceive. Cook therefore cannot be judicially estopped from asking the Court to apply the correct choice-of-law rules. And in any event, in the year or so that the parties have been debating the existence of a direct-filing order and the attendant consequences of the lack of such an order, Plaintiffs have never once established actual reliance on either Cook's mistaken representations or the Court's resulting mistaken statement about there being a direct-filing order in the 2017 *Sales-Orr* order. That alone sinks any estoppel argument. *See Rager v. Dade Behring, Inc.*, 210 F.3d 776, 779 (7th Cir. 2000) ("[W]ithout reliance both actual and reasonable, there can be no finding of equitable estoppel.").

Thus, the only basis Plaintiffs provide to distinguish the *National Prescription Opiate* decision is meritless. The Court should heed the Sixth Circuit's observation: "The rule of law applies in multidistrict litigation under 28 U.S.C. § 1407 just as it does in any individual case." 2020 WL 1875174, at *1. Cook's rights don't give way just because it is defending in an MDL. *Id.*

## CONCLUSION

The Court should strike Plaintiffs' May 4 response, grant Cook's motion for reconsideration, and apply Indiana's choice-of-law rules in cases that were originally filed in this District. Alternatively, and at a minimum, the Court should: (a) limit the period of the *Klaxon* carve-out to between May 31, 2017 and June 13, 2019, which Plaintiffs have already conceded; and (b) require Plaintiffs' counsel to establish, by affidavit, actual reliance on the Court's May 31, 2017 order.

Dated: May 7, 2020

Respectfully Submitted,

/s/ Brian J. Paul
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
Brian J. Paul
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com
Brian.Paul@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

US.127920738.03

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of May, 2020, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Brian J. Paul

US.127920738.03