UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1:14-ml-2570 |

This Document Relates to:

Plaintiff Raymond Hedlund

Civil Case No. 1:18-cv-03403-RLY-TAB and Civil Case No. 1:16-cv-01134-RLY-TAB

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REINSTATE

**COMES NOW,** Plaintiff, RAYMOND HEDLUND, and hereby submits his reply memorandum to The Cook Defendant's Response in Opposition to Plaintiff's Motion to Reinstate.

There is no dispute that Plaintiff's 2016 Complaint was filed via Short Form Complaint on May 6, 2016, less than two years after the date Plaintiff had his IVC filter implanted.

There is no dispute that Defendants sent a notice of deficiency, alleging the lack of a PPS, to Cohen & Malad, a firm wholly unrelated to this case.

As discussed in Plaintiff's Motion to Reinstate, this Court's Case Management Order 4 requires that "[b]efore filing such a motion [to dismiss], counsel for Defendants shall serve written notice upon Plaintiff's Lead Counsel and counsel for the Plaintiff at issue that a PPS has not been served and a motion to dismiss may be filed." CMO No. 4, ¶ 1(g). Defendants did not comply with CMO 4 in that they failed to serve written notice upon counsel for the Plaintiff.

Defendants argue in their Response that they sent the deficiency notice to Cohen & Malad because that firm was inadvertently left on the signature block on the initially filed Short Form

Complaint (owing to a clerical error).  However, Defendants neglect to point out that an Amended Complaint was filed just three days later (on May 9, 2016) with the correct signature block, such that the defendants had notice of the actual attorneys associated with the case almost a year before they served their notice of deficiency on April 17, 2017 on the incorrect firm.  (*see Amended Complaint*, 1:16-cv-01134, Dkt. 3).

In fact, it is very clear the Defendants had notice of the actual attorney of record at the time of serving their notice of Deficiency in April of 2017, in that **Defendants themselves properly served a Defendant Fact Sheet (DFS) upon Counsel for Plaintiff eight months earlier**, on August 4, 2016.  (See Ex. A, Signature Page and Certificate of Service for DFS).

Further, the attorneys of record on every case are posted on the Court's Case Management / Electronic Case Files (CM/ECF) system.

Put simply, Defendants had ample notice with regard to counsel of record at the time they served their Notice of Deficiency to a firm wholly unrelated to the case, yet failed serve the counsel of record with such notice.

Had Plaintiff been aware of the deficiency allegation prior to the dismissal, Plaintiff would certainly have cured any alleged deficiency.  In fact, Plaintiff was very active in litigating his claims.  There is no dispute Plaintiff served a Case Categorization Form (CCF) for the original 2016 complaint on January 15, 2019.  There is no dispute Plaintiff served a Plaintiff Profile Sheet (PPS) on the second 2018 Complaint on December 10, 2018, and Plaintiff served another CCF on June 14, 2019.

In other words, there is no dispute Defendants have received two Case Categorization Forms and a Plaintiff Profile Sheet from Plaintiff.  While Defendants argue in their Response that "Plaintiff did not and does not allege to have served a PPS then or now in the **Dismissed** Case,"

Defendants have already received a PPS (in addition to two categorization forms), and service of an additional PPS would be redundant and unnecessary. (See Dkt. 13386).

Under the undisputed facts as set forth above, it is without question that Plaintiff's case is currently in the same place procedurally as the numerous other member cases in the MDL docket, which as a consequence, means Defendants cannot claim any prejudice by the late submission of Plaintiff's Plaintiff Profile Sheet.

As discussed in Plaintiff's Motion to Reinstate, at this stage in the current case, neither party has taken depositions nor has any other critical stage of litigation commenced, and as a result, reinstating the original case does not prejudice the Defendant. Moreover, in an effort to avoid prejudicing Plaintiff and creating unnecessary confusion, reinstating the original case, MDL Docket No. 1:14-ml-2570, preserves the filing date of the original case and prevents Plaintiff from being subject to any timeliness or jurisdictional issues.

**Plaintiff is entitled to relief under Federal Rule 60(b)(1)**

Defendants argue in their Response that "the proper procedural vehicle to address Plaintiff's request is Rule 60(b), which governs requests to vacate an order." (See Dkt. 13386). Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." Fed. R. Civ. P. 60(b).

Indeed, Plaintiff is entitled to relief under Rule 60(b)(1). The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect …" Fed. R. Civ. P. 60(b)(1).

Plaintiff has not demonstrated a pattern of delay or ignoring Court orders and any deficiency or potential prejudice to Defendant has already been remedied by the service of a

Plaintiff Profile Sheet in the Second Complaint. Granted, Plaintiff's counsel mistakenly believed their co-counsel had served a Plaintiff Profile Sheet after filing the Complaint, and further overlooked that Plaintiff's name was included in Exhibit A to Defendant's Motion to Dismiss which was filed in the Master Docket in a filing that included eleven other unrelated Plaintiffs. (See Dkt. 6440). Unfortunately, this issue was not on Plaintiff Counsel's radar as Plaintiff's Counsel had not received a Notice of Deficiency, which had been sent to a firm wholly unrelated to Plaintiff's claim. These mishaps, while mistaken, constitute inadvertence and/or excusable neglect.

"[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint." See e.g., *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993). When awarding the death penalty sanctions, such as was done with this case, a court should consider whether "the litigant has shown a clear pattern of delay, willfully disobedient behavior, or failure to conform to lesser sanctions" as well as "the frequency of the plaintiff's noncompliance with deadlines, the effect of delay on the judge's calendar, the culpability of the plaintiff, prejudice to the defendant, the possible merits of the suit and social objectives of the litigation." See, e.g., *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011); *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993).

Plaintiff and his Counsel have a history of complying with this Court's Orders. Plaintiff complied with this Court's subsequent Case Categorization Form Order, by serving a CCF on January 15, 2019. Plaintiff served a Plaintiff Profile Sheet (PPS) on the second complaint on December 10, 2018, and Plaintiff served another CCF on June 14, 2019. Further, as Defendants point out in their Response, Plaintiff's counsel has numerous cases pending in this MDL.

Plaintiff's counsel has a history of compliance with this Court's orders. Clearly, had Plaintiff's counsel been aware of the deficiency, they would have undertaken to serve a PPS immediately.

Further, as Defendants point out pursuant to Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order of the date of the proceeding." There is no dispute that Plaintiff's Amended Motion to Reinstate (filed on April 21, 2020) was filed less than a year after the Court's Order dismissing the case (on April 26, 2019). Indeed, the Motion was made within a "reasonable time." For the reasons set forth above, at this stage in the litigation, reinstating the original case does not prejudice the Defendant.

The Plaintiff's actions were neither willful, nor indicative of a specific pattern of delay. Therefore, in balancing the factors discussed above and the circumstances surrounding this excusable neglect, Plaintiff's respectfully request that the Court reinstate Plaintiff's actions.

### Plaintiff Timely Filed His Complaint under Indiana's Statute of Limitations

As set forth above, Plaintiff filed his Original Complaint in this Court on May 6, 2016, less than two years after he had the filter **implanted**. To be clear, Plaintiff's IVC filter was implanted on or about September 22, 2014. Defendant's argument that "reinstatement would be futile because the Plaintiff's claims are barred by the Indiana statute of limitations" is erroneous, given the case was filed within two years of the **implant**. (See dkt. 13386).

The Defendants argue that the subsequently filed 2018 Complaint was not timely filed which Plaintiff disputes. Regardless, the 2018 complaint (which remains pending) is not at issue in this Motion to Reinstate. Plaintiff's Motion to Reinstate applies only to the 2016 Complaint.

After the implant, Plaintiff suffered two failed removal attempts as well as perforation of the IVC. These facts demonstrate that Plaintiff's Complaint was timely filed pursuant to Indiana's Statue of Limitations, I.C. 34-11-2-4.

Defendants reliance on the holding in *Price v. Wyeth Holdings Corp*., 505 F.3d 624 (7th Cir. 2007) is factually inapposite. *Price* involved a plaintiff who voluntarily dismissed his action and then: (a) waited five years to reinstate his case; and (b) never provided the defendant with notice of his reinstatement until the plaintiff obtained a $5 million default judgment against defendant. Under such facts, the Seventh Circuit interpreted Indiana's Rules of Trial Procedure to find the plaintiff's voluntary dismissal proper; however, plaintiff's reinstatement failed because plaintiff's counsel did not provide the defendants with timely notice of the motion to reinstate. *Id.* at 629 (Indiana's trial procedure rules require that notice of all pleadings and motions be provided to all parties not in default).

In the instant matter, Plaintiff did not voluntarily dismiss his 2016 Complaint. Rather, his case was dismissed by the Court *without prejudice*. As made clear in Plaintiff's motion, there is absolutely no bad faith on the part of Plaintiff or his Counsel. This is particularly evident in considering that plaintiff served a Case Categorization Form for the original Complaint on January 15, 2019, and subsequently served a Plaintiff Profile Sheet for the Second Complaint on December 10, 2018 as well as another Case Categorization Form for the Second Complaint on June 14, 2019. Had Plaintiff's Counsel been aware of the alleged deficiency, they would certainly have cured the deficiency forthwith.

Further, Defendants had a responsibility under this Court's Case Management Order to send Counsel for Plaintiff a Notice of Deficiency prior to including the case in a Motion to Dismiss. While Plaintiff understands the reason Defendants mistakenly sent a notice to a firm wholly

unrelated to this claim, Defendants' failure to send a deficiency notice to Plaintiff's counsel is ultimately the reason the deficiency was not cured.  Additionally, there are several indications that Defendants had notice of the proper firm on which to serve the deficiency notice, as cited above.  Since the requisite Notice of Deficiency was not provided, Plaintiff's Motion to Reinstate should be granted.

### III.     Indiana's Saving's Statute is Inapplicable to this Motion to Reinstate

As Defendant's note in their Response, Indiana's Saving's Statute – the Journey's Account Statute – as set forth under I.C. 34-11-8-1 (the "JAS") – permits a party to bring a new action within three years after it is dismissed and to calculate commencement of the date of the dismissed action rather than the new action.

The JAS is inapplicable to the current Motion or to the current set of circumstances, as the Plaintiff has not brought new action since the dismissal of the Original Complaint.  While, as set forth in the Motion to Reinstate, through no bad faith on the part of Plaintiff's counsel or Plaintiff, another Complaint was filed in 2018 prior to the dismissal of the Original Complaint by an unrelated firm, Plaintiff has made no argument that the 2018 filing would somehow "save" the 2016 Original Complaint.  In fact, the 2018 Complaint was still pending at the time of dismissal of the original complaint in 2019. As no case has been re-filed since the dismissal of the 2016 Complaint, the JAS is inapplicable to this Motion to Reinstate.

Although the JAS does not technically apply, the policy reasons behind the JAS make it clear that if there are certain situations – namely the lack of bad faith on the part of the dismissed party – that allow for the re-filing of cases beyond a statute of limitations which were previously dismissed, then certainly this 2016 case involving a dismissal *without prejudice* and a lack of bad faith by Plaintiff in connection with satisfying the PPS and CCF requirements, along with the

failure on the part of Defendants to properly serve a Notice of Deficiency, should result in Plaintiff's Motion to Reinstate being granted.

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully requests this Court to reinstate the original case as stated herein, and for such other relief as the Court deems appropriate.

**DI PIETRO PARTNERS, LLP**
901 E. Las Olas Blvd., Suite 202
Fort Lauderdale, FL 33301
*Primary Email Address:*
service@ddpalaw.com
*Secondary Email Address:*
paralegal@ddpalaw.com
Telephone: (954) 712-3070
Facsimile:  (954) 337-3824
/s/   Nicole Martell
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100172
Nicole@ddpalaw.com


**O'LEARY, SHELTON, CORRIGAN, PETERSON, DALTON & QUILLIN, LLC**
/s/ *Michael J. Quillin*
Michael J. Quillin
1034 S. Brentwood Blvd.,
PH 1-A. 23rd Floor
St. Louis, MO 63117
Telephone: (314) 405-9000
Facsimile: (314) 405-9999
Email: quillin@osclaw.com

*Attorneys for Plaintiff*