UNITED SATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This document relates to:<br><br>Case No. 1:20-cv-1183 (Drew)<br>Case No. 1:20-cv-1184 (Ratliff)<br>Case No. 1:20-cv-1187 (Johnson) | **Plaintiffs' Reply in Support of Motion for Remand** |

Plaintiffs Lorin Drew, Reginald Ratliff, and Jahmel and Shauntae Johnson, by counsel, respectfully provide this reply brief supporting their motion for remand [Filing No. 13331]:

## Argument

After closely monitoring the Indiana State Court Electronic Filing System, Cook removed these cases within 24 hours of filing — making service of process all but impossible. Cook readily acknowledges if Plaintiffs served their complaints before Cook filed removal papers, federal jurisdiction would not exist. According to Cook, federal jurisdiction turns on whether an in-state defendant can electronically file removal papers before physical service is effectuated. Cook asks this Court to believe Congress cared so little for the tenets of federalism to make federal jurisdiction turn— not on the actual jurisdictional facts—but instead on a race to the courthouse. To use the words of the *Avandia* MDL court: "any contention that removability should depend on the timing of service is absurd on its face and could not have been intended

by Congress." *In re Avandia Mktg., Sales Pracs & Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 410 (E.D. Penn. 2009).[1]

What could be more absurd than a statutory interpretation where federal jurisdiction exists one minute but not the next based only upon a process server's foot speed or the diligence of the United States Postal Service? Federal courts are courts of limited jurisdiction, *e.g., United States v. Alkarmala*, 872 F.3d 532, 534 (7th Cir. 2017), and positing Congress intended such a result—in 1948 no less, before the concept of electronic filing was even a pipe dream—is not credible. While Cook's response pays lip-service to the absurdity doctrine, it never explains how federal jurisdiction changing from one moment to the next is anything less than absurd. It can't because, "removability cannot rationally turn on the timing or sequence of service of process." *Oxendine v. Merck & Co. Inc.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002).

Placing absurdity aside for the moment, Cook fails to acknowledge the statute is subject to more than one interpretation. In *Bowman v. PHH Mortgage Corp.*, 423 F. Supp. 3d 1286 (N.D. Ala. 2019), the district court took a nuanced look at the

---

[1] Cook's *ad hominem* directed to the undersigned counsel is misplaced and inappropriate. It is peculiar that such attacks are based upon three plaintiffs choosing to sue Cook in its home state — a choice belonging exclusively to the plaintiff and one countenanced by Justice Alito in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1783 (2017) (noting that plaintiffs could, of course, sue the defendants in their respective home state courts). Recognizing a plaintiff has the right to file their case in a state court of general jurisdiction, the cases involving snap-removals do not castigate plaintiffs' choice of forum; instead, they consistently refer to an in-state defendant's removal attempt as "gamesmanship." [*See, e.g.,* Filing No. 13331, at ECF p. 97120-97121 (collecting cases).]

removal statute and the forum defendant rule. *Id.* at 1289-91. There, the court found the plain text of the removal statute tells courts to look to see if "**any** of the parties in interest properly joined and served" are citizens of the forum state. *Id.* at 1290. The court questioned, however: "But what if there are no parties properly joined and served as defendants?" *Id.* Focusing on the word "any" (meaning "one or more indiscriminately from all those of a kind") the court held:

> [T]he text assumes the kind exists—that at least one party in interest has been properly joined and served. Thus, under this interpretation of the statute, when there is an in-state defendant, **at least one defendant must have been properly joined and served before removing for diversity.**

*Id.* (emphasis supplied). The *Bowman* court rejected the analysis of the Second and Third Circuits given that neither court considered this alternative textual interpretation. *Id.* at 1293. In weighing the two interpretations, the *Bowman* court looked at the legislative intent and history noting: "For over two-hundred years, the rule has been that in-state defendants cannot remove cases pursuant to diversity jurisdiction. **It strains credulity to imagine that Congress meant to reverse this long-standing policy through an indirect loophole.**" *Id.* at 1292 (emphasis supplied).

Finally, quoting the United States District Court for the District of New Jersey, the *Bowman* court held that allowing snap removals would "eviscerate" the plaintiff's right to choose the forum:

> Reading the "properly joined and served" language literally in this context would damage the plaintiff's rightful position as the "master of his or her complaint," creating a

3

> procedural anomaly whereby defendants could always avoid the imposition of the forum defendant rule so long as they monitor the state docket and remove the action to federal court before the plaintiff can effect service of process.

*Id.* (quoting, *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 646-47 (D.N.J. 2008)).

## Conclusion

If Cook is correct then any in-state defendant can run around the forum defendant rule by closely monitoring state court electronic dockets, just as Cook did here. It is absurd to believe that Congress intended to base federal subject matter jurisdiction on a race to the courthouse rather than the jurisdictional facts existing at the time the complaint is filed. Even if it weren't absurd, the plain language of the text can just as easily be read to bar removal before service on at least one defendant is effectuated, which harmonizes both the purpose and history of diversity jurisdiction and the forum defendant rule. Plaintiffs' motion for remand should be granted.

Respectfully submitted,

RILEY WILLIAMS & PIATT, LLC

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
301 Massachusetts Avenue, Suite 300
Indianapolis, IN  46204
Telephone:  (317) 633-5270
Facsimile:   (317) 426-3348
Email:        jwilliams@rwp-law.com

4

>Laci M. Whitley
>FLINT LAW FIRM, LLC
>222 East Park Street, Suite 500
>P.O. Box 189
>Edwardsville, IL 62025
>Phone: (618) 288-4777 ext. 329
>Facsimile: (618) 288-6824
>Email: lwhitley@flintlaw.com
>
>*Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that on the 12th day of May, 2020, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>/s/ *Joseph N. Williams*
>Joseph N. Williams