UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

David McDermitt and Carol McDermitt
1:18-cv-00946

### THE COOK DEFENDANTS' MOTION TO SEAL AND MAINTAIN UNDER SEAL EXHIBITS A, B, C, AND D TO PLAINTIFF'S RESPONSE TO COOK'S MOTION FOR SUMMARY JUDGMENT – STATUTE OF REPOSE [DKT. NO. 12933]

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court *to seal and maintain under seal* **Exhibit A [Dkt. No. 12933-1], Exhibit B [Dkt. No. 12933-2], Exhibit C [Dkt. No. 12933-3], and Exhibit D [Dkt. No. 12933-4]** to Plaintiff's Response to Cook's Motion for Summary Judgment – Statute of Repose [Dkt. No. 12933]. These exhibits should be sealed and maintained under seal even though they were publicly filed by Plaintiff David McDermitt. Plaintiff's public filing of these exhibits was in error[2] and should be remedied. The Cook Defendants respectfully request the Court *to seal and maintain under seal* for good cause **Exhibit A [Dkt. No. 12933-1], Exhibit B [Dkt. No. 12933-2], Exhibit C [Dkt. No. 12933-3], and Exhibit D [Dkt. No. 12933-4]** because the exhibits contain or reference Cook confidential and proprietary commercial and business information and documents. **Exhibit B**

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").
[2] Plaintiff did file a Motion to Maintain Documents Under Seal (see Dkt. No. 12934) with respect to some of the exhibits to Plaintiff's Response to Cook's Motion for Summary Judgment – Statute of Repose (and Cook filed a Brief in Support (see Dkt. No. 13023)), but Exhibits A, B, C, and D were *not* included within the scope of Plaintiff's request to maintain documents under seal.

US.128053821

**[Dkt. No. 12933-2] and Exhibit D [Dkt. No. 12933-4]** also should be sealed and maintained under seal out of an abundance of caution to protect Plaintiff David McDermitt's interest in his medical privacy because the exhibits reference and discuss Plaintiff's medical history, conditions, and treatment. In support of this motion, the Cook Defendants state:

## LEGAL STANDARD

1. Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2. **Trade Secrets** – Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act.[3] *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001).[4] Under this standard, a protectable trade secret has four characteristics: (1) information; (2) that possesses independent economic value; (3) that is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. *See, e.g.*, *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420,

---

[3] The presence of Cook's headquarters in Indiana justifies the application of Indiana trade secret law to the issues here, because Indiana is the state where Cook would feel any injury or harm. *See, e.g.*, *Micro Data Base Sys., Inc. v. Dharma Sys., Inc.,* 148 F.3d 649 (7th Cir. 1998) (applying Indiana choice-of-law principles in a trade-secret case and holding that New Hampshire substantive law governed because the entity holding the trade secrets was headquartered there).

[4] The Indiana Uniform Trade Secret Act is identical to the Uniform Trade Secrets Act, 1(4), 14 U.L.A. 438 (1985).

- 2 -

US.128053821

423 (S.D. Ind. 2001); *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245–46 (Ind. Ct. App. 2001); *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000).

3.  Other confidential business or commercial information that does not technically fit the definition of trade secret is similarly entitled to the same level of protection as trade secrets if its disclosure would be harmful physically or economically. *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1-3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors").

4.  **Research and Development** – Federal courts, including this court, have consistently held that product development, research, and testing documents and information are entitled to protection from disclosure as confidential and proprietary business information. Such information constitutes confidential business information because "a competitor's access to [a company's] research and development . . . present[s] potential dangers and may lead to a windfall to the discovering party." *Star Scientific,* 204 F.R.D. at 416 (S.D. Ind. 2001) (Baker, J.); *see also United States ex rel. Long v. GSD&M Idea City LLC*, 2014 WL 12648520, at *2 (N.D. Tex. Jan. 3, 2014) ("[I]nformation in which the producing party has a commercial interest, such as . . . research data, . . . has been found to constitute confidential commercial information."); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (exhibits were "sealable in their entirety because they contain[ed] HP's confidential product testing and evaluation process"); *cf. Andrx Pharm., LLC v. GlaxoSmithKline, PLC*, 236 F.R.D. 583, 586 (S.D. Fla. 2006) ("Courts dress technical information with a heavy cloak of

- 3 -

judicial protection because of the threat of serious economic injury to the discloser of scientific information." (citation omitted)), *affirmed,* 2006 WL 2403942 (S.D. Fla. 2006).

     5.    **Post-Market Product Analysis** – Similarly, post-market product analysis is also entitled to protection from disclosure as confidential and proprietary business information. Disclosure of such proprietary post-market analysis information is harmful because it would "provide a blueprint for competitors." *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009); *see also Star Scientific*, 204 F.R.D. at 415 (research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge").

     6.    **Sales, Marketing, and Public Relations** – Confidential marketing plans or sales strategies have been held to constitute protectable trade secrets or protected confidential business information.  *See, e.g.*, *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995) (trade secret material for sports drink includes information regarding the pricing, distribution and marketing of the drink and not just the drink formula); *Star Scientific*, 204 F.R.D. at 415 (research and data, such as sales techniques, constitute protectable trade secrets because "the information is created to enhance their business and give them a competitive edge"); *Burk v. Heritage Serv. Equip.*, 737 N.E.2d 803, 814 (Ind. Ct. App. 2000) (finding that employee unfairly used marketing information and sales strategies in breach of the Indiana trade secrets clause); *see also Brunswick Corp. v. Jones*, 784 F.2d 271 (7th Cir. 1986) (confidential marketing strategies held protectable); *AGS Capital Corp., Inc. v. Prod. Action Intern., LLC*, 884 N.E.2d 294, 311 (Ind. Ct. App. 2008) (stolen information related to marketing strategy would "put [a company's competitors] at a severe disadvantage").  Good cause exists to maintain the confidentiality of such strategic plans and analysis when disclosure of that information would reveal the

company's "response to changing market situations and competitive threats within the marketplace, and could therefore give a competitor insight into '[the company's] internal thinking'" and when publicizing this material "would allow [the company]'s competitors the benefit of this information without incurring the effort or expense." *Bradburn Parent/Teacher Store, Inc. v. 3M*, 2004 WL 1146665, at *4 (E.D. Pa. May 19, 2004) (citation omitted).

7.  **Regulatory Affairs** – Courts have held that information related to regulatory compliance and/or submission efforts and strategies constitutes confidential business information. *See, e.g.*, *Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, 2009 WL 3444938, at *1 (E.D. Wisc. Oct. 23, 2009) (good cause existed to seal deposition testimony and internal company emails containing proprietary commercial information and strategy related to an FDA filing). Such proprietary information, like confidential information regarding pricing and sales, is confidential because "the information is created to enhance [companies'] business and give them a competitive edge". *Star Scientific*, 204 F.R.D. at 415.

8.  **Complaint Handling** – Internal complaint handling procedures and materials constitute trade secrets in Indiana if they contain (1) information; (2) that derives independent economic value; (3) is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts reasonable under the circumstances to maintain its secrecy. *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245-46 (Ind. Ct. App. 2001); *see also, e.g.*, *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423-24 (S.D. Ind. 2001); *Rep. Servs. Inc. v. Liberty Mut. Ins. Cos.*, 2006 WL 1635655, at *5 (E.D. Ken. June 9, 2006) (concluding that claims handling and training materials "had economic value to [defendant] due to (1) their confidential nature, (2) the time, effort, and expense [defendant] invested in creating these

materials, (3) the evolutionary process surrounding the development of these materials, (4) the competitive nature of the [industry's] business, and (5) the fact that competitors in [that] industry do not disclose information about their claims handling policies and procedures to one another.").

9.  **Internal Information on Corporate Structure and Business Operations** – Courts also have determined that information about a corporation's internal business operations and corporate structure is confidential and proprietary and, therefore, entitled to protection from public disclosure. *E.g., True Health Chiropractic, Inc. v. McKesson Corporation,* 2015 WL 3409721 (USDC N.D. Cal.) (May 27, 2015) at *4 (granting motion to seal confidential and proprietary information about the defendant's internal business operations and corporate structure).

10. **Confidential Financial Information** – Similarly, Courts have determined that highly-sensitive and confidential information including financial records, production records, manufacturing records, sales records, customer information, and vendor information is entitled to protection from public disclosure. *See e.g., ABRO Indus., Inc. v. 1 New Trade, Inc.*, 2015 WL 13655677 (USDC N.D. Ind.) (Sept. 16, 2015) at *3 (granting plaintiff's motion for a protective order with respect to confidential information about its financial records, sales, customers, and pricing).

11. **Communications with Consulting Experts** – Federal Rule of Civil Procedure 26(b)(4)(D) protects against an opposing party's discovery of facts and/or opinions of "consulting experts" who are retained in anticipation of litigation and not expected to testify at trial. Furthermore, Federal Rule of Civil Procedure 26(b)(3) protects from discovery documents and tangible things that are prepared in anticipation of litigation by a party's consultant.

US.128053821

12. **Medical Privacy** – With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

13. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

**DOCUMENTS SOUGHT TO BE SEALED**

14. **Exhibit A [Dkt. No. 12933-1]** is the Expert Report of Laura Plunkett, Ph.D. (dated December 13, 2019). Dr. Plunkett's report includes detailed information related to Cook's research and development of the Tulip filter, regulatory submissions related thereto, and post-market product analysis and complaint handling. The report also summarizes or directly quotes from internal company documents produced by Cook marked "Company Confidential" or "Confidential – Subject to Protective Order." Dr. Plunkett's report should be maintained under seal for good cause to protect Cook's interest in its confidential and proprietary commercial and business information.

15. **Exhibit B [Dkt. No. 12933-2]** is the Expert Report of Derek Muehrcke, M.D. (served on January 13, 2020). Dr. Muehrcke's report references and discusses in detail Mr. McDermitt's medical history, conditions, and treatment. Therefore, this information should be maintained under seal to protect Mr. McDermitt's medical privacy. Dr. Muehrcke's report also includes information related to Cook's post-market product analysis and complaint handling from documents produced by Cook marked "Company Confidential" or "Confidential – Subject to Protective Order." Dr. Muehrcke's report should be maintained under seal for good cause to protect Cook's interest in its confidential and proprietary commercial and business information and Plaintiff's interest in his medical privacy.

16. **Exhibit C [Dkt. No. 12933-3]** is a compilation of excerpts from the deposition of Laura Plunkett, Ph.D., taken on January 21, 2020. In these portions of her testimony, Dr. Plunkett offers opinions related to Cook's research and development of the Tulip filter, regulatory submissions related thereto, and post-market product analysis and complaint handling. These portions of the transcript also summarize or directly quote from internal company

documents produced by Cook marked "Company Confidential" or "Confidential – Subject to Protective Order." These deposition excerpts should be maintained under seal for good cause to protect Cook's interest in its confidential and proprietary commercial and business information.

17.  **Exhibit D [Dkt. No. 12933-4]** is the affidavit of Derek Muehrcke, M.D. (executed on February 19, 2020). Dr. Muehrcke's affidavit quotes from and builds upon his Expert Report (Exhibit B, *supra*) which includes information related to Cook's post-market product analysis and complaint handling from documents produced by Cook marked "Company Confidential" or "Confidential – Subject to Protective Order. Dr. Muehrcke's affidavit also discusses Mr. McDermitt's medical history, conditions, and treatment and makes statements concerning internal company documents produced by Cook marked "Company Confidential" or "Confidential – Subject to Protective Order." Dr. Muehrcke's affidavit should be maintained under seal for good cause to protect Cook's interest in its confidential and proprietary commercial and business information and Plaintiff's interest in his medical privacy.

## DISCUSSION

18.  **Exhibit A [Dkt. No. 12933-1], Exhibit B [Dkt. No. 12933-2], Exhibit C [Dkt. No. 12933-3], and Exhibit D [Dkt. No. 12933-4]** should be filed and maintained under seal because they contain or discuss Cook confidential and proprietary information and documents on Cook's research and development of the Tulip filter, regulatory submissions related thereto, post-market product analysis, or complaint handling.

19.  As Cook more fully demonstrated in its May 1, 2017 letter to Magistrate Judge Tim A. Baker and the supporting Declaration of Mark Breedlove (attached hereto as Exhibit 1), Cook invests substantial resources into product research, development, and testing, including with regard to Cook's IVC filter technology. Breedlove Decl. ¶ 6. Cook maintains strict

confidentiality over its research and development ideas, efforts, and results, and considers such information to be proprietary to the company. *Id*. And disclosure of such information would therefore result in competitive harm to Cook and could "lead to a windfall to the discovering party." Star Scientific, 204 F.R.D. at 416; Breedlove Decl. ¶¶ 6-7. Likewise, Cook invests considerable resources in, derives commercial advantage from, and maintains strict confidentiality over, its post-market product analysis, its sales, marketing, and public relations information, its regulatory affairs strategies and information, and its complaint handling procedures. *Id*. at ¶¶ 8-15. Disclosure of Cook's non-public post-market product analysis, its sales, marketing, and public relations information, its regulatory affairs efforts and strategies, and its complaint handling procedures and information would likewise cause competitive harm to Cook. Breedlove Decl. ¶¶ 8-15; see EEOC v. Abbott Labs., Inc., 2012 WL 3842460, at *2-3 (E.D. Wis. Sept. 5, 2012).

20. The Court should order **Exhibit A [Dkt. No. 12933-1], Exhibit B [Dkt. No. 12933-2], Exhibit C [Dkt. No. 12933-3], and Exhibit D [Dkt. No. 12933-4]** to be filed and maintained under seal for good cause in order to protect Cook's interest in its confidential and proprietary commercial and business information related to research and development of the Tulip filter, regulatory submissions related thereto, post-market product analysis, and complaint handling.

21. Further, **Exhibit B [Dkt. No. 12933-2] and Exhibit D [Dkt. No. 12933-4]** should be filed and maintained under seal because these documents reference and discuss Plaintiff David McDermitt's medical history, conditions, and treatment.

22. Courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or

US.128053821

necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

23. **Exhibit B [Dkt. No. 12933-2] and Exhibit D [Dkt. No. 12933-4]** contain private, sensitive medical information regarding Mr. McDermitt.

24. Plaintiff's medical and psychiatric history, conditions, and treatment are highly relevant to the issues in this case. However, out of an abundance of caution, the Court should permit **Exhibit B [Dkt. No. 12933-2] and Exhibit D [Dkt. No. 12933-4]** to be filed and maintained under seal for good cause to protect Mr. McDermitt's right to medical privacy.

25. A proposed order granting this Motion has been filed with this Motion**.**

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order *filing under seal and maintaining under seal* **Exhibit A [Dkt. No. 12933-1], Exhibit B [Dkt. No. 12933-2], Exhibit C [Dkt. No. 12933-3], and Exhibit D [Dkt. No. 12933-4]** to Plaintiff's Response to Cook's Motion for Summary Judgment – Statute of Repose [Dkt. No. 12933].

US.128053821

Respectfully submitted,

Dated: May 18, 2020                    /s/ Andrea Roberts Pierson
                                                        Andrea Roberts Pierson, Co-Lead Counsel
                                                        Jessica Benson Cox
                                                        FAEGRE DRINKER BIDDLE & REATH LLP
                                                        300 North Meridian Street, Suite 2500
                                                        Indianapolis, Indiana  46204
                                                        Telephone:  (317) 237-0300
                                                        Andrea.Pierson@FaegreDrinker.com
                                                        Jessica.Cox@FaegreDrinker.com

                                                        *Counsel for Defendants Cook Incorporated,*
                                                        *Cook Medical LLC, and William Cook Europe ApS*

US.128053821

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2020 a copy of the foregoing **The Cook Defendants' Motion to Seal and Maintain Under Seal Exhibits A, B, C, and D to Plaintiff's Response to Cook's Motion for Summary Judgment – Statute of Repose [Dkt. No. 12933]** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson

US.128053821