IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:
Plaintiff Eddie Clark Burrage
1:18-cv-00273-RLY-TAB

## **TEXT OF PROPOSED ORDER**

On June 20, 2013, Plaintiff Eddie Clark Burrage was implanted with a Cook Celect Vena Cava Filter. On February 3, 2016 a CT scan showed that the filter had perforated his vena cava. As a result, he filed suit against Defendants Defendants Cook Incorporated, Cook Medical LLC, *formerly known as* Cook Medical Incorporated, and William Cook Europe ApS (collectively referred to as the "Cook Defendants") on January 30, 2018, alleging they breached their implied warranty, violated Michigan's consumer fraud statute and engaged in unfair and deceptive trade practices.

On October 2, 2018 this Court created six categories for cases filed in the MDL. (Doc. 9322). Plaintiff's case falls in Category 6 which consists of non-symptomatic injury cases. On August 21, 2019, Mr. Burrage's case was selected as a bellwether case. (Doc. 11602). An order confirming Mr. Burrage's trial date as February 8, 2021 was entered on May 26, 2020. (Doc. 13498). Defendants have engaged in limited written discovery but no depositions have been taken. As a non-symptomatic injury case, Mr. Burrage's costs in a bellwether litigation will exceed his anticipated recovery.

Before the Court is Plaintiff's Motion to Dismiss Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) as to his claims against Defendants Cook Medical, Inc. et al. ("the Motion"). For the reasons set forth below, the Court orders the case be dismissed without prejudice.

## Legal Analysis

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides the authority under which a court can dismiss a case without prejudice. It states, in relevant part, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." *Fed.R.Civ.P. 41(a)(2)*. Permitting a plaintiff to voluntarily dismiss an action without prejudice under *Rule 41(a)(2)* is within the sound discretion of the Court. *Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177 (7th Cir. 1994)* (citing *FDIC v. Knostman, 966 F.2d 1133, 1142 (7th Cir. 1992))*. The Court's discretion is tempered by a number of guiding principles. The Seventh Circuit places the burden on the plaintiff to persuade the court that voluntary dismissal is warranted. *Tolle, 23 F.3d at 177*. Also, dismissal is not warranted if the defendant would suffer "plain legal prejudice" as a result of dismissal. *Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 473 (7th Cir. 1988)*. At the outset, it should be noted that the prospect of a second lawsuit on the same facts in state court does not constitute plain legal prejudice. *Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1233 (7th Cir. 1983)* ("the prospect of a second lawsuit or the creation of a tactical advantage is insufficient to justify denying the plaintiff's motion to dismiss."). Indeed, the analysis is considerably more complex than that. Four factors should be examined to determine whether the defendant would suffer plain legal prejudice if a case were dismissed without prejudice:

> …the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.

*FDIC*, 966 F.2d at 1142 (citation omitted); *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). However, "[t]he enumeration of the factors to be considered in *Pace* is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Tyco Labratories, Inc. v. Koppers Co. Inc.*, 627 F.3d 54, 56 (7th Cir. 1971). Further, it is important to note that "a showing of injury in fact, such as the prospect of a second lawsuit or the creation of a tactical advantage, is insufficient to justify denying the plaintiff's motion to dismiss." *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230 (7th Cir. 1983); see also *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986) ("in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result," and "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation," (emp. in original; internal citations omitted)).

Keeping in mind that the Court need not resolve each and every factor in favor of the moving party in order to dismiss, *Kovalic, 855 F.2d at 471*, we proceed by examining the procedural posture of this case in light of the four factors set forth in Pace and subsequent cases. The first factor considers whether "the defendant's effort and expense of preparation for trial" would cause "plain legal prejudice" should the Court dismiss the case without prejudice. *FDIC*, 966 F.2d at 1142; *Pace*, 409 F.2d at 334.

Defendants' effort and expense devoted to the Burrage case at this point are relatively minimal. In *RSR Corp. v. Avanti Development Inc.*, 2000 U.S. Dist. LEXIS 14209, 2000 WL 1448655, at *3 (S.D. Ind. Jul. 20, 2000), the court denied the plaintiffs' motion to dismiss without prejudice because the defendants had expended resources on numerous depositions, several interrogatories and other discovery requests, and affidavits. In contrast here, Defendants have only

engaged in written discovery and no depositions have been taken. These actions do not indicate that Defendants would be prejudiced by the dismissal of this case without prejudice.

The second factor also supports a dismissal without prejudice. The case was filed on January 30, 2018, but was not chosen as a bellwether until August 21, 2019, when it was placed in third position after McDermitt and Johnson. (Doc. 11602). A Stipulation of Dismissal was filed in the Johnson case on April 24, 2020 (Doc. 13354) and an order confirming Mr. Burrage's trial date as February 8, 2021 was entered on May 26, 2020. (Doc. 13498). Any delay in filing the instant motion is far from excessive and does not reflect a lack of diligence on the part of Mr. Burrage.

The third factor concerns whether Plaintiff has offered sufficient explanation for the need to take a dismissal. *FDIC*, 966 F.2d at 1142; *Pace*, 409 F.2d at 334. Mr. Burrage filed his case in the MDL with the anticipation that it would be resolved without a costly trial. As a bellwether case, the costs of litigating this action will exceed any anticipated recovery, resulting in his case having negative value. The Court finds Mr. Burrage's explanation sufficient. As to the fourth factor, Defendant has not filed a motion for summary judgment or any other dispositive motions in this case.

## Conclusion

When a plaintiff moves for voluntary dismissal under Rule 41(a)(2), the district court enjoys broad discretion in deciding whether to grant the motion. *Kovalic v. DEC Int'l, Inc.,* 855 F.2d 471, 473 (7th Cir. 1988). Here, the Defendants will not suffer plain legal prejudice, and the dismissal without prejudice will serve judicial economy and save costs and fees for both parties.

For the reasons explained above, Plaintiff's Motion to Dismiss Without Prejudice is **GRANTED**.

**SO ORDERED** this \_\_\_\_ day of _____, 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.