IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2570
_____

This Document Relates to:
Plaintiff Eddie Clark Burrage
1:18-cv-00273-RLY-TAB
_____

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Plaintiff Eddie Clark Burrage ("Plaintiff" or "Mr. Burrage"), by counsel and pursuant to

Federal Rule of Civil Procedure 41(a)(2), respectfully submits Plaintiff's Brief in Support of

Motion to Dismiss against Defendants Cook Incorporated, Cook Medical LLC, *formerly known as*

Cook Medical Incorporated, and William Cook Europe ApS  (collectively referred to as the

"Cook  Defendants") and in support states as follows:

### FACTUAL BACKGROUND

On June 20, 2013, Mr. Burrage was implanted with a Cook Celect Vena Cava Filter. On

February 3, 2016 a CT scan showed that the filter had perforated his vena cava. As a result, he

filed suit against Defendants on January 30, 2018 in the Cook MDL, with the anticipation that his

case would be resolved without a costly trial. On August 21, 2019, Mr. Burrage's case was selected

as a bellwether and placed in third position on the trial calendar after the McDermitt and Johnson

cases. (Doc. 11602).

On October 29, 2019, this Court concluded that cases originally filed in the Southern

District of Indiana were not 'direct-filed' cases" and therefore Indiana law applied. (Doc. 12256).

On February 24, 2020, the Court modified its decision, ruling that foreign cases filed between May 31, 2017, and October 29, 2019, would be treated as if a direct-filing order had been entered at the time of their filing, and would be governed by the choice-of-law rule of Plaintiffs' "home" jurisdiction. (Doc. 12931). Other direct-filed cases outside that time period would be governed by Indiana law.

On March 30, 2020, after considerable time and expense was incurred by both sides preparing for trial, Defendants moved for, and the Court granted, summary judgment in the McDermitt case based on the Indiana statute of repose. Mr. Johnson's case, which was filed in the Southern District of Indiana on April 20, 2017, was outside of the time period to qualify for the choice of law of his "home" jurisdiction and was therefore governed by Indiana law. A Stipulation of Dismissal was filed on April 24, 2020, because despite Mr. Johnson's case being filed less than two months after he discovered his injury, it fell outside the Indiana statute of repose. (Doc. 13354).

An order confirming Mr. Burrage's trial date as February 8, 2021 was entered on May 26, 2020, making it clear that his case would go forward as a bellwether trial. (Doc. 13498). Mr. Burrage anticipates that the costs of litigation will exceed his anticipated recovery, so on June 1, 2020, he moved this Court to dismiss his case without prejudice. (Doc. 13543, 13544). On June 3, 2020, Defendants filed a Motion for Extension of Deadline for Response to Plaintiff's Motion to Dismiss, seeking nineteen extra days to respond to Mr. Burrage's five-page brief. (Doc. 13571). In the interests of judicial economy and to save both sides unnecessary costs and expense, Plaintiff has moved to withdraw his initial motion and agrees to dismiss his case with prejudice.

**ARGUMENT**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides the authority under which a court can dismiss a case. It states, in relevant part, "an action shall not be dismissed at the

plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). This Court has the discretion to dismiss the case with or without prejudice. *Carter v. City of Allen*, 922 F.3d 824, 825 (7th Cir. 2019).  Here, in light of Defendants Motion for Extension of Deadline, in the interests of judicial economy, and to save both sides unnecessary costs and expense, Plaintiff has moved to withdraw his initial motion and herein agrees to dismiss his case with prejudice.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests the Court grant his instant motion and dismiss the above-captioned case with both sides bearing their own costs and grant all other and further relief that the Court considers proper.

DATED: June 5, 2020

Respectfully submitted,

Howard L. Nations

*/s/  Howard L. Nations*
Howard L. Nations
Texas State Bar No. 14823000
9703 Richmond Ave, Suite 200
Houston, TX  77042
(713) 807-8400
(713) 807-8423 (Fax)
cdb@howardnations.com