UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMMY WHIPKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00450-SEB-MPB |
| ) | |
| ELI LILLY AND COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

This cause is before the Court on Plaintiff's Motion to Remand [Docket No. 13], filed on March 3, 2020. Plaintiff, Tammy Whipkey, brings this action against Defendant, Eli Lilly and Company ("Lilly"), for damages, alleging that Defendant was negligent "in connection with the development, design, testing, packaging, promoting, marketing, distribution, labeling and/or sale of Jardiance (empagliflozin)." Am. Compl. ¶ 1. Plaintiff originally filed her complaint solely against Lilly in Marion Superior Court in Marion County, Indiana, and Defendant promptly removed to this court based on diversity jurisdiction. For the reasons detailed below, we DENY Plaintiff's Motion to Remand.

**Factual Background**

On February 7, 2020, Ms. Whipkey, a citizen of Ohio, filed her complaint in Indiana state court against Lilly, a citizen of Indiana.[1] Pl.'s Mot. Remand, at 1; Def.'s

---

[1] Plaintiff amended her complaint on May 28, 2020 to add Boehringer Ingelheim Pharmaceuticals, Inc. as a Defendant; however, Lilly was the sole named defendant at the time the instant motion was filed.

1

Opp'n Pl.'s Mot. Remand, at 1. Three days later, Defendant removed the action on the basis of diversity jurisdiction before being formally served. Pl.'s Mot. Remand, at 1. The Parties agree that there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See id.*

Plaintiff has moved to remand the case to Indiana state court on the basis of the forum defendant rule, because Defendant is an Indiana citizen. *Id.* at 3. Defendant does not dispute citizenship; rather, Lilly argues that the forum defendant rule does not apply because it removed this case prior to being properly served. Def.'s Opp'n Pl.'s Mot. Remand, at 1. We address below whether this "snap removal" is permissible under 28 U.S.C. § 1441(b)(2).

## Legal Analysis

### I. Standard of Review

The federal removal statute, 28 U.S.C. § 1441(a), "permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted). Therefore, in deciding whether to remand a case, courts "must resolve any doubts about jurisdiction in favor of remand." *D.C. v. Abbot Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)).

## II. Discussion

Removal in this case was based on diversity jurisdiction under 28 U.S.C. § 1332(a), which "confers original jurisdiction on federal courts where the amount in controversy exceeds $75,000 and the action is between citizens of different states." The parties do not dispute, and we agree, that diversity jurisdiction exists in this case. However, Plaintiff contends that the case was nonetheless not removable because Defendant failed to clear the forum defendant rule hurdle.

The forum defendant rule provides that an action "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendant concedes that it is a citizen of Indiana and that the case was filed in Indiana state court. Def.'s Opp'n Pl.'s Mot. Remand, at 2. Defendant argues, however, that the forum defendant rule does not apply because at the time of removal it had not been "properly joined and served" as required by § 1441(b)(2). Plaintiff rejoins that removal under these circumstances frustrates the purposes of the forum defendant rule.

District courts throughout the country have split in considering "snap removals," a term used to describe a situation such as the one presented here in which the defendant monitors the public docket and immediately removes an action once filed before the plaintiff could possibly effect service. Some courts have held that the plain meaning of the statute permits snap removals, whereas other courts have refused to apply a literal

3

interpretation of the statute because doing so would defeat the purpose of the forum defendant rule. The Seventh Circuit has not yet addressed the matter.[2] We examine the conflicting case law below, first addressing those cases which adopt a "purpose-driven" interpretation, then turning to cases which hold that the "plain meaning" of the statute controls. We conclude for the reasons detailed below that the language of § 1441(b)(2) is unambiguous and must control and therefore adopt the reasoning set forth in the latter line of cases and find Defendant's removal of this case permissible.

### A. Purpose-Driven Interpretation

Plaintiff argues that snap removals are inconsistent with the purposes of the forum defendant rule, which is "designed to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). Courts applying this purpose-driven approach "have relied on the principle that a court must 'give [a statute's] words their plain meaning *unless* doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent.'" *Estep v. Pharmacia & Upjohn Co., Inc.* (*In re Testosterone Replacement Therapy Products Liability Litigation*), 67 F. Supp. 3d 952, 960 (N.D. Ill. 2014) (quoting *Jefferson v. United States*, 546 F.3d 477, 483 (7th Cir. 2008) (internal quotation marks omitted) (emphasis added)).

---

[2] There is likely no Seventh Circuit precedent because "failure to comply with the forum defendant rule is, indeed, a defect in the removal that bars [appellate] review." *Holmstrom v. Peterson*, 492 F.3d 833, 838 (7th Cir. 2007).

4

Purpose-driven courts recognize that the "properly joined and served" language of § 1441(b)(2) is intended to prevent plaintiffs from fraudulently joining without serving a forum defendant solely to prevent removal; therefore, these courts decline to apply the requirement in situations that do not implicate fraudulent joinder issues. *See, e.g.*, *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672 at *2 (N.D. Ill. 2005). These courts are troubled by situations which appear to "take language designed to curtail gamesmanship by plaintiffs and employ that same language to enable gamesmanship by defendants." *Bowman v. PHH Mortgage Corp.*, 423 F. Supp. 3d 1286, 1292 (N.D. Ala. 2019). *But see Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706 (2d Cir. 2019) ("Allowing a defendant that has not been served to remove a lawsuit to federal court 'does not contravene' Congress's intent to combat fraudulent joinder."). In an era of electronic docket monitoring, courts are understandably reluctant to allow defendants to "race to the courthouse" and exploit a loophole that they believe Congress could not have intended. *See, e.g.*, *Estep*, 67 F. Supp. 3d at 961-62.

Because these courts find that the application of the plain meaning of § 1441(b)(2) would frustrate the overall purpose of the forum defendant rule in certain scenarios, they decline to read the statute to permit removal when fraudulent joinder issues are not implicated. *See, e.g.*, *id.* at 960-62 (declining to apply the literal language of § 1441(b) because doing so would "defeat" its purpose); *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn. 2017) (concluding that "snap removal thwarts the purpose of the forum defendant rule").

5

B. "Plain Meaning" Interpretation

Defendant responds that the "plain meaning" of the statute controls and points to several decisions which conclude that a literal interpretation of § 1441(b) permits a forum-state defendant to remove a case if the defendant is not properly served beforehand regardless of whether such removal is in line with the forum defendant rule's purpose. *See, e.g.*, *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 937 (N.D. Ill. 2017) (holding that forum defendant rule did not apply because defendant was not properly served);[3] *In re Bridgestone/Firestone*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002) (holding that § 1441(b) did not preclude removal because defendant was not properly served prior to the removal petition).[4]

This "plain meaning" approach is well-encapsulated by the decision in *D.C. v. Abbot Laboratories Inc.*, 323 F. Supp. 3d 991 (N.D. Ill. 2018), a case which involved facts nearly identical to those in the present case. In *Abbot Labs.*, the sole defendant removed the case to federal court on the basis of diversity jurisdiction just three days after the plaintiff filed the complaint. *Id.* at 992. Although the summons was issued on the day the complaint was filed, the defendant was not formally served before the case was removed. *Id.* The plaintiff argued that the snap removal frustrated the purposes of the forum defendant rule, but the court concluded that the "statutory text must control." *Id.* at 996.

---

[3] *Graff* was not a true "snap" removal case, and the court acknowledged that fact. *Id.* at 937 n.7.
[4] *In re Bridgestone/Firestone* was also not a true snap removal case.

6

The logic of the court in *Abbott Labs.* was straightforward. The statute provides that an action "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The court reasoned that the statutory language is unambiguous and the application of the forum defendant rule is conditioned upon a forum defendant being properly joined and served. *Id.* at 995-97. As the court explained:

> Having learned of this action soon after it was filed, Defendant filed a notice of removal before it became a forum defendant that was both properly joined and properly served. Whether this circumstance is properly viewed as "gamesmanship" (as Plaintiff sees it) or "diligence" (from Defendant's perspective), the cases cited above show that it is sufficiently common to imagine that Congress will rewrite the statute if it feels that removal where an in-forum defendant has not yet been served constitutes an abuse of the judicial system.

*Id.* at 997. We find this reasoning persuasive and join the courts which hold that the plain meaning of § 1441(b)(2) permits removal when no defendant has been properly served.

Plaintiff urges the court to hold that the plain language of § 1441(b)(2) does not support snap removals when, as here, at the time of removal the sole defendant is a forum defendant, relying on cases which find that the language of the statute presupposes at least one defendant has been joined and served. *See, e.g.*, *Bowman,* 423 F. Supp. 3d at 1289-90. Under this reasoning, some courts have interpreted the statute as follows: "when there is an in-state defendant, at least one defendant must have been properly joined and served before removing for diversity." *Id.* at 1290. While this interpretation may fit

7

"neatly with the history and purpose of the rule," *id.* at 1293, it is not a natural reading of the text. *See Papa Air LLC v. Cal-Mid Properties L.P.*, No. 2:19-CV-1713-RDP, 2020 WL 3037068 at *5 (N.D. Ala. June 5, 2020) (concluding that the interpretation in *Bowman* was "atextual"). While snap removals may "potentially discourage[] cooperation between parties, such as asking the defendant to waive service or emailing courtesy copies of the complaint, because doing so might tip off the defendant," *Bowman*, 423 F. Supp. 3d at 1292-93, we are not in a position to ignore the plain meaning of the statute.

Accordingly, we now join our sister district courts in the Seventh Circuit as well as the Second, Third, and Fifth Circuit Courts of Appeals that have concluded that § 1441(b)(2) permits a forum defendant to remove before service of process. *See, e.g.*, *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485-87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d at 706-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153-54 (3d Cir. 2018). While the forum defendant rule would ordinarily bar Lilly from removing this action because it is an Indiana citizen sued in Indiana state court, Lilly filed its notice of removal before being formally served. Accordingly, because Defendant was not "properly joined and served" at the time of removal as required by § 1441(b)(2), the forum defendant rule does not apply to bar removal in this case.

In reaching this decision, we are mindful that "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum,"

8

*Doe v. Allied-Signal, Inc.*, 985 F.2d at 911; however, even strictly construed, a literal interpretation of § 1441(b)(2) permits removal under the circumstances presented here and compels this result. Thus, Plaintiff's motion to remand must be denied.

### III. Conclusion

For the reasons detailed above, we <u>DENY</u> Plaintiff's Motion to Remand. [Docket No. 13]. This case shall proceed accordingly.

IT IS SO ORDERED.

Date: _____6/12/2020_____         _____*Sarah Evans Barker*_____
                                            SARAH EVANS BARKER, JUDGE
                                            United States District Court
                                            Southern District of Indiana

9

Distribution:

BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.

Barry H. Boise
PEPPER HAMILTON LLP
boiseb@pepperlaw.com

Christopher M. Brolley
PEPPER HAMILTON, LLP 3000
brolleyc@pepperlaw.com

Kristina Ann Coleman
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
kristina.coleman@faegredrinker.com

Anne Medlin Lowe
RILEY WILLIAMS & PIATT, LLC
alowe@rwp-law.com

James Piatt
RILEY WILLIAMS & PIATT, LLC
jpiatt@rwp-law.com

Patrick H. Reilly
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
patrick.reilly@faegredrinker.com

William N. Riley
RILEY WILLIAMS & PIATT, LLC
wriley@rwp-law.com

Joseph N. Williams
RILEY WILLIAMS & PIATT, LLC
jwilliams@rwp-law.com