UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

    All Cases

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL DISMISSAL OR SUMMARY JUDGMENT
<u>ON CLAIM OF FRAUDULENT CONCEALMENT</u>**

The Cook Defendants[1] respectfully move the Court to enter partial dismissal or partial summary judgment on all of Plaintiffs' claims that fraudulent concealment or equitable estoppel tolls the statute of limitations on their claims, as set out in paragraphs 195-199 of Plaintiff's Master Consolidated Complaint for Individual Claims (Dkt. 213) (hereafter "Master Complaint"). The Court has already rejected such tolling claims as a matter of law in the *Graham* and *McDermitt* cases. *See* Dkt. 5575 at 7; Dkt. 13187 at 7-8. That same analysis applies to every Plaintiff in the MDL, and Cook now asks the Court to restate its *Graham* and *McDermitt* holdings in a broad ruling that will dispose of this issue once and for all.

    The Cook Defendants are entitled to partial dismissal of these claims on the

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS (collectively "Cook Defendants").

US.128397045.03

ground that (1) Plaintiffs have failed to plead them with the particularity required by Federal Rule of Civil Procedure 9(b), and (2) Plaintiffs did not plead a critical element of fraudulent concealment, specifically that the Cook Defendants took some action to prevent Plaintiffs from discovering their causes of action.  The Cook Defendants are also entitled to partial summary judgment on these claims on the ground that Plaintiffs can raise no genuine issue of material fact that the Cook Defendants acted to prevent Plaintiffs from discovering their causes of action.

## PROCEDURAL BACKGROUND

In anticipation of the Cook Defendants' statute-of-limitations defenses to Plaintiffs' claims, Plaintiffs' Master Complaint alleges:

## TOLLING OF THE LIMITATIONS PERIOD

195. Defendants, through its [*sic*] affirmative misrepresentations and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters.
196. As a result of Defendants' actions, Plaintiffs and their prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiffs had been exposed to the risks identified in this Master Complaint, and that those risks were the result of Defendants' acts, omissions, and misrepresentations.
197. Accordingly, no limitations period ought to accrue until such time as Plaintiffs knew or reasonably should have known of some causal connection between Plaintiffs being implanted with a Cook IVC Filter and the harm Plaintiffs suffered as a result.
198. Additionally, the accrual and running of any applicable statute of limitations have been tolled by reason of Defendants' fraudulent concealment.
199. Additionally, Defendants are equitably estopped from asserting any limitations defense by virtue of their fraudulent concealment and other misconduct as described.

Dkt. 213 at 36 (collectively "Plaintiffs' Tolling Claims").

US.128397045.03

As of the date of this motion, no Plaintiff in the MDL has identified to the Cook Defendants any evidence suggesting that (1) prior to the commencement of the Plaintiff's action, the Cook Defendants had any knowledge concerning the existence of that Plaintiff's cause of action that the Plaintiff did not also have or (2) that any Cook Defendant committed any act that was intended to or that did conceal from any Plaintiff the existence of any cause of action Plaintiff may have had against the Cook Defendants.

## ARGUMENT

The Court should dismiss or grant summary judgment to the Cook Defendants on Plaintiffs' Tolling Claims.  The Court should dismiss those claims because they are not plead with the particularity required by Rule 9 and do not plead all the elements necessary to establish fraudulent concealment.  Because Plaintiffs' Master Complaint explicitly premises its claim of equitable estoppel on its claim of fraudulent concealment, *see* Dkt. 213 at ¶ 199 ("Defendants are equitably estopped from asserting any limitations defense *by virtue of their fraudulent concealment*") (emphasis added), this motion addresses both claims in the context of the fraudulent concealment claim. *See also* Black's Law Dictionary at 571 (7th ed. 1999) (noting that equitable estoppel "is founded on principles of fraud").

In the alternative, the Court should grant partial summary judgment on the ground that Plaintiffs can identify no evidence that the Cook Defendants acted to prevent Plaintiffs from discovering their causes of action.

I. **THE COOK DEFENDANTS ARE ENTITLED TO DISMISSAL OF PLAINTIFFS' TOLLING CLAIMS BECAUSE PLAINTIFFS HAVE NOT PROPERLY PLEAD THEM.**

The Court should dismiss Plaintiffs' claim of fraudulent concealment and equitable estoppel because Plaintiffs have failed to adequately plead those claims.

### A. Plaintiffs Failed to Plead Fraudulent Concealment with the Particularity Required by Rule 9(b).

The Court should dismiss Plaintiffs' claim of fraudulent concealment because they did not plead fraudulent concealment with particularity as required by Rule 9(b). Because pleading is procedural, the federal rules govern pleading requirements in federal courts. "To invoke the fraudulent concealment doctrine, a plaintiff must…'plead with particularity the circumstances surrounding the concealment.'" *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988) (quoting *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir.1978)). This Court has itself has applied Rule 9(b)'s particularity requirement to a plaintiff's claim that fraudulent concealment tolled a statute of limitations. *See Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-CV-137-SEB-WGH, 2011 WL 2445980, at *8–9 (S.D. Ind. June 15, 2011).

To plead an allegation of fraud with the particularity required by Rule 9(b), "[t]he plaintiff must describe the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.'" *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir., 2018) (quoting *United States ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)). A plaintiff must allege at least the

specific circumstances of the alleged fraud – the who, what, and how – to meet the particularity requirement.  *See, e.g., Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008); *Pitts v. Unarco Industries, Inc.*, 712 F.2d 276 (7th Cir. 1983).

Here, Plaintiffs' pleading of fraudulent concealment is indefinite and non-specific, and it provides none of the detail necessary to state a claim sufficient to toll the statute of limitations.  Specifically, Plaintiff's do not even minimally plead either that any of the Cook Defendants was aware of any Plaintiff's injury related to a Cook filter or that any Cook Defendant fraudulently concealed any Plaintiff's cause of action against any Cook Defendant.  Plaintiffs cannot so allege because they have no good faith basis for doing so.  Instead, the relevant paragraphs of Plaintiffs' Master Complaint allege:

### TOLLING OF THE LIMITATIONS PERIOD

> 195. Defendants, through its affirmative misrepresentations and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters.
> 196. As a result of Defendants' actions, Plaintiffs and their prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiffs had been exposed to the risks identified in this Master Complaint, and that those risks were the result of Defendants' acts, omissions, and misrepresentations.
> 197. Accordingly, no limitations period ought to accrue until such time as Plaintiffs knew or reasonably should have known of some causal connection between Plaintiffs being implanted with a Cook IVC Filter and the harm Plaintiffs suffered as a result.
> 198. Additionally, the accrual and running of any applicable statute of limitations have been tolled by reason of Defendants' fraudulent concealment.

Dkt. 213 at 36.  No individual Plaintiff's Short-Form Complaint elaborates or provides any additional detail on these allegations.

These vague, conclusory allegations fall far short of the particularity required by Rule 9(b).  For example, Plaintiffs do not allege who at the Cook Defendants concealed information from them or their doctors, what specific information the Cook Defendants allegedly concealed, or how or when that concealment occurred.  The allegations at most assert a failure to disclose general information, not a specific allegation of fraudulent concealment of specific information.  As such, they are wholly insufficient under Rule 9(b), and cannot support tolling Plaintiffs' statutes of limitations under the doctrine of fraudulent concealment.  *See, e.g., Windy City Metal*, 536 F.3d at 669 (affirming dismissal of fraudulent concealment claim where "the plaintiffs had failed to plead who had made a fraudulent statement, when the fraudulent statement was made and how the fraudulent statement was communicated"); *Pitts*, 712 F.2d at 279 (holding fraudulent concealment was not plead with sufficient particularity where the "only particular conduct charged … is that defendants withheld information from the public"); *compare Leathermon*, 2011 WL 2445980, at *8–9 (S.D. Ind. June 15, 2011) (holding that allegation that defendant fraudulently secretly pumped water out of burial crypts to prevent plaintiffs from discovering drainage problems was sufficiently particular under Rule 9(b)).

### B.  Plaintiffs Failed to Plead Any Fraudulent Concealment of the Existence or Accrual of Their Claims.

Even assuming for the sake of argument that Plaintiffs had plead their fraudulent concealment claim with the required particularity, the conduct alleged cannot toll the statute of limitations on Plaintiffs' claims because it does not relate to the accrual or

discovery of Plaintiffs' claims. To invoke fraudulent concealment tolling the statute of limitations, a plaintiff cannot merely claim that the defendant concealed information about the dangers of the product at issue and thereby caused the plaintiff's injury; a plaintiff must allege that the defendant fraudulently concealed information *about the existence of the plaintiff's cause of action itself*.

This Court articulated this standard when it rejected Plaintiff's fraudulent concealment claim and granted the Cook Defendants summary judgment on Plaintiff McDermitt's breach-of-warranty claim:

> Fraudulent concealment tolls the statute of limitations when a defendant conceals from the plaintiff material facts which prevent the plaintiff from discovering a potential cause of action. *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014). "To invoke the doctrine where no fiduciary relationship exists between the parties . . . a plaintiff must show that the wrongdoer was not simply silent but committee affirmative acts designed to conceal the cause of action." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1372 (7th Cir. 1995).
> Plaintiff does not allege that Cook committed any *affirmative act* to prevent him from discovering a cause of action against it. Indeed, Plaintiff does not even allege that Cook knew before being sued in this action that Plaintiff had a cause of action against the company; on the contrary, Plaintiff claims he did not know he was injured until someone at Goldenberg Law told him so. Accordingly, Plaintiff's breach of warranty claims are barred.

Dkt. 13187 at 8 (emphasis in original).

The Court's ruling is borne out in state law, including the Indiana law that governs the majority of the cases in the MDL:

> "Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant ... 'has, either by deception or by a violation of duty, **concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action**.'" *Doe v. Shults–*

- 7 -

> *Lewis Child & Family Servs., Inc.,* 718 N.E.2d 738, 744–45 (Ind.1999) (quoting *Fager v. Hundt,* 610 N.E.2d 246, 251 (Ind.1993)). In such cases, equity will toll the commencement of the applicable time limitation until such time as the plaintiff discovers, or in the exercise of ordinary diligence should discover, the existence of the cause of action. *Id.* The plaintiff then has "a reasonable amount of time" after that date to file his complaint.[2] *Alldredge v. Good Samaritan Home, Inc.,* 9 N.E.3d 1257, 1261 (Ind.2014) (quoting *Shults–Lewis Child & Family Servs.,* 718 N.E.2d at 745).

*Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) (emphasis added). "To invoke the doctrine where no fiduciary relationship exists between the parties, … a plaintiff must show that the wrongdoer was not simply silent but committed affirmative acts designed to conceal the cause of action." *Horn*, 50 F.3d at 1372 (citing, *inter alia*, *Malachowski v. Bank One, Indianapolis,* 590 N.E.2d 559, 563 (Ind. 1992)). Every state includes this same substantive requirement in its fraudulent concealment or equivalent doctrine.[2]

For purposes of fraudulent concealment, a "cause of action" is "a core of operative facts which give rise to a remedy." *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013) (quoting *Shaver v. F.W. Woolworth Co.,* 840 F.2d 1361, 1365 (7th Cir.1988)). In the context of the Plaintiffs' claims, that "core of operative facts" underlying Plaintiffs' claims necessarily includes (1) the fact that Plaintiff has suffered an injury, and (2) the fact that that injury is connected to the use of a Cook IVC filter.

Here, Plaintiffs' Master Complaint makes no allegation that any Cook Defendant committed any affirmative act that prevented any Plaintiffs from discovering their causes of action against the company. Indeed, as the Court noted in *McDermitt*, Plaintiffs do not

---

[2] See the Appendix at the end of this memorandum for a summary of other states' holdings on this issue.

- 8 -

even allege that the Cook defendants *knew* before being sued by any of the Plaintiffs that any specific Plaintiff had experienced any injury. Every allegation Plaintiffs make concerning the Cook Defendants' supposed fraudulent concealment focuses entirely on the supposed concealment of the risks of its products, not on any concealment of the Plaintiffs' causes of action.  *See, e.g.,* Dkt. 213 at 36, ¶¶ 195-198.  Indeed, Plaintiffs' allegations do not even *mention* their causes of action, much less allege that the Cook Defendants somehow concealed their existence.  As this Court held in a similar case involving fraudulent concealment, this is not enough:

> Plaintiff's allegations as to fraudulent concealment by Firestone amount to the simple assertion that Firestone failed to disclose the defect in their tires to the general public, including Plaintiff. Under the relevant Kentucky standard, such allegations, even if proven true, are not sufficient to toll the statute of limitations.  Plaintiff has neither alleged nor offered sufficient evidence from which a jury could reasonably find that Firestone took any affirmative act to prevent Plaintiff from instituting her lawsuit within the time limit provided by statute. Accordingly, we find that no action on the part of Firestone operated to toll the applicable limitations period, Plaintiff filed this action after the expiration of the one-year statute of limitations, and we *GRANT* Firestone's Motion for Summary Judgment.

*In re Bridgestone/Firestone Inc. ATX ATX II & Wilderness Tires Prod. Liab. Litig.*, No. IP00-9373-C-B/S, 2002 WL 31689271, at *4 (S.D. Ind. Nov. 20, 2002)(footnote omitted)

In sum, as this Court held in its decision in the *Graham* case in this very MDL, absent allegations of affirmative conduct designed to prevent these Plaintiffs from discovering their causes of action, fraudulent concealment cannot toll the statute of limitations.  *See* Dkt. 5575 at 7 (*Graham* Order, stating "even if the doctrine [of fraudulent concealment] could apply to [Plaintiff's] claims, Graham does not allege any affirmative conduct by the Cook Defendants that was designed to prevent, and did

- 9 -

prevent, her from discovering her cause of action"). Plaintiffs have failed to plead this critical element of their claim of fraudulent concealment, and the claim fails as a matter of law. *See Les Allott, Inc. v. Village of Hopkins Park*, 922 F.2d 843, 843 (7th Cir. 1991) (affirming dismissal of claim where plaintiff failed to plead necessary element)

## II. COOK IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS OF FRAUDULENT CONCEALMENT BECAUSE PLAINTIFFS CANNOT OFFER ANY FACTS TO SUPPORT THAT CLAIM.

Even assuming for the sake of argument that Plaintiffs had properly plead all the elements of fraudulent concealment with the required particularity, the Cook Defendants are entitled to summary judgment on that claim because none of these Plaintiffs can offer any evidence to support the elements of such a claim. None of the Plaintiffs has identified any evidence suggesting that (1) prior to the commencement of any Plaintiff's action, any Cook Defendant had any knowledge concerning the existence of that Plaintiff's cause of action that the Plaintiff did not also have or (2) that any Cook Defendant committed any affirmative act that was intended to conceal or that did conceal from any Plaintiff the existence of a cause of action against the Cook Defendants. The Cook Defendants likewise know of no information suggesting that either of these facts is true as to any Plaintiff.

As discussed above, and as this Court itself held in *McDermitt*, the claim of fraudulent concealment requires a plaintiff to prove both that the defendant knew of the plaintiff's cause of action against it and that the defendant committed some *affirmative act* to prevent the plaintiff from discovering that cause of action. *See, e.g., Lyons*, 19 N.E.3d at 260. Here, no Plaintiff can point to any evidence that could create a genuine

issue of material fact on either of these elements or that would permit a jury to infer that Cook concealed from Plaintiffs the existence of their causes of action. Cook is therefore entitled to partial summary judgment on Plaintiff's claims of fraudulent concealment. *See Green v. Whiteco Industries, Inc.,* 17 F.3d 199 (7th Cir. 1994) (summary judgment must be entered "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party would bear the burden of proof at trial") (citing *Celotex Corp. v. Catrett,*477 U.S. 317, 322-23 (1986)*).*

## CONCLUSION

For the reasons stated above, the Cook Defendants urge the Court to grant their motion and to dismiss or enter summary judgment in Cook's favor on of all Plaintiffs' claims that fraudulent concealment or equitable estoppel tolls the statute of limitations on their claims.

Dated: June 19, 2020

Respectfully submitted,

/s/Andrea Roberts Pierson
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@faegredrinker.com
Jessica.Cox@faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400

Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS*

- 12 -

US.128397045.03

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, a copy of the foregoing Cook Defendants' Motion For Partial Dismissal or Summary Judgment on Claim of Fraudulent Concealment was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/Andrea Roberts Pierson

US.128397045.03

# APPENDIX

## (State Law Fraudulent Concealment Cases)

**Alabama:** *Scharff v. Wyeth*, No. 2:10-CV-220-WKW [WO], 2011 U.S. Dist. LEXIS 85132, at *40 (M.D. Ala. Aug. 2, 2011) ("[A] breach of the duty to warn by a manufacturer does not toll the statute of limitations under Alabama law, because 'a mere failure or refusal to warn, without more, while actionable, does not rise to the level of fraudulent concealment [that tolls the statute of limitations].'" (quoting *Cazalas v. Johns-Manville Sales Corp.*, 435 So. 2d 55, 58 (Ala. 1983))); *Mason v. Mobile County*, 410 So.2d 19, 21 (Ala. 1982) (holding fraudulent concealment. "cannot act to toll the statute of limitations in this action because there has been no concealment of the cause of action or injury")

**Alaska:** *Sharrow v. Archer,* 658 P.2d 1331, 1333 (Alaska 1983) ("[A] party who fraudulently conceals from a plaintiff the existence of a cause of action may be estopped to plead the statute of limitation if the plaintiff's delay in bringing suit was occasioned by reliance on the false or fraudulent representation.") (quoting *Chiei v. Stern,* 561 P.2d 1216, 1217 (Alaska 1977)).

**Arizona:** *Jackson v. American Credit Bureau, Inc.*, 23 Ariz. App. 199, 531 P.2d 932 (1975) ("To toll the statute of limitations, the defendant's conduct must be directed to obtaining the delay of which he actively seeks to take advantage by pleading the statute."); *Jackson v. American Credit Bureau, Inc.*, 23 Ariz.App. 199, 531 P.2d 932 (Ariz. App. 1975) (enforcing statute of limitations "since there was no showing of a fraudulent concealment of the cause of action which would have tolled it.").

**Arkansas:** *Meadors v. Still*, 344 Ark. 307, 309, 40 S.W.3d 294, 296 (2001) ("[T]o toll the statute of limitations, we said that plaintiffs were required to show something more than a continuation of a prior nondisclosure. W said that there must be evidence creating a fact question related to some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself.")

**California:** *Britton v. Girardi*, 235 Cal. App. 4th 721, 734, 185 Cal. Rptr. 3d 509, 519 (2015) (Fraudulent concealment means "'that the defendant, having by fraud or deceit concealed material facts and by misrepresentations hindered the plaintiff from bringing an action within the statutory period, is estopped from taking advantage of his own wrong.'") (quoting *Pashley v. Pacific Elec. Ry. Co.,* 25 Cal.2d 226, 231, 153 P.2d 325 (1944)); *Bernson v. Browning-Ferris Ind.*, 7 Cal. 4th 926, 931 (Cal. App. 1994) ("It has long been established that the defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations") (quoting *Sanchez v. South Hoover Hospital*, 18 Cal.3d 93, 99 (Cal 1976)).

**Colorado:** *Garrett v. Arrowhead Imp. Ass'n,* 826 P.2d 850, 853 n.7 (Colo. 1992) ("where a defendant engages in fraudulent concealment of facts pertinent to the existence of a claim, the court may toll the statute of limitations")

**Connecticut:** *Carson v. Allianz Life Ins. Co. of N. Am.*, 184 Conn. App. 318, 326, 194 A.3d 1214, 1220-21 (2018) ("[T]o prove fraudulent concealment, [a plaintiff is] required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the [plaintiff's] cause of action; (2) that defendant's intentional concealment of these facts from the [plaintiff]; and (3) that defendant's concealment of the facts for the purpose of obtaining delay on the [plaintiff's] part in filing a complaint on [her] cause of action. . . the [defendant's] actions must have been directed to the very point of obtaining the delay [in filing the action] of which [the defendant] afterward [seeks] to take advantage by pleading the statute. . . ." (alterations in original and internal citations omitted)).

**Delaware:** *Halpern v. Barran*, 313 A.2d 139, 143 (Del. Ch. 1973) ("Fraudulent concealment requires that something affirmative be done by a defendant, some 'actual artifice' which prevents a plaintiff from gaining knowledge of the facts, or some misrepresentation which is intended to put the plaintiff off the trail of inquiry.")

**D.C.:** *William J. Davis, Inc. v. Young*, 412 A.2d 1187, 1191 (D.C. 1980) (For fraudulent concealment, "the defendant must have done something of an affirmative nature designed to prevent discovery of the cause of action.")

**Florida:** *Nardone v. Reynolds*, 333 So. 2d 25, 37 (Fla. 1976) ("[T]wo elements are required before the equitable principle of fraudulent concealment will be utilized to toll the statute of limitations, to-wit: plaintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment.")

**Georgia:** Ga. Code Ann. § 9-3-96 (1982) (Georgia statute expressly tolls the statute of limitations for fraudulent concealment by providing that when a defendant is guilty of "fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud."); *Charter Peachford Behavioral Health Sys. v. Kohout*, 233 Ga. App. 452, 457, 504 S.E.2d 514, 522 (1998) (Ga. Code Ann. § 9-3-96 "has three elements: (1) actual fraud involving moral turpitude on the part of the defendant; (2) the fraud must conceal the existence of the cause of action from the plaintiff, thereby debarring or deterring the knowing of the cause of action; and (3) plaintiff exercised reasonable diligence to discover the cause of action, notwithstanding the failure to discover within the statute of limitation.")

**Hawaii:** *Au v. Au*, 63 Haw. 210, 215, 626 P.2d 173, 178 (1981) ("Fraudulent concealment has been defined as 'employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent.'").

- 15 -

**Idaho:** *Allen v. A.H. Robins Co., Inc.,* 752 F.2d 1365 (9th Cir. 1985) ("The fraudulent concealment exception to the Idaho accrual rule applies when the 'fact of damage has ... been fraudulently and knowingly concealed from the injured party.'") (citing Idaho Code § 5-219(4)).

**Illinois:** *Cangemi v. Advocate S. Suburban Hosp.*, 845 N.E.2d 792, 804 (Ill. Ct. App. 2006) ("Generally, a plaintiff who invokes section 13-215 [fraudulent concealment] to toll the statute of limitations must show 'affirmative acts by the defendant which were designed to prevent, and in fact did prevent, the discovery of the claim." (internal citations and quotation omitted)).

**Indiana:** *Doe v. Shults–Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744–45 (Ind.1999) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant ... 'has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" (citation omitted)).

**Iowa:** *Christy v. Miulli*, 692 N.W.2d 694, 702 (Iowa 2005) ("A party relying on the doctrine of fraudulent concealment must prove the defendant did some affirmative act to conceal the plaintiff's cause of action independent of and subsequent to the liability-producing conduct.")

**Kansas:** *Foxfield Villa Assocs., LLC v. Robben*, 57 Kan. App. 2d 122, 130, 449 P.3d 1210, 1217 (2019) ("In order to toll a statute of limitations, the party's 'concealment must be fraudulent or intentional and, in the absence of a fiduciary or confidential relationship, there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action.'" (quoting Friends University v. W.R. Grace & Co., 608 P.2d 936, (Kansas 1980))).

**Kentucky:** *Emberton v. GMRI, Inc.,* 299 S.W.3d 565, 573 (Ky. 2009) ("[I]n order to toll the limitations period, [fraudulent] concealment . . . must represent an 'affirmative act' and 'cannot be assumed' . . . [and] 'must consist of some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so.'" (citations omitted)).

**Louisiana:** *Albe v. City of New Orleans*, 2014-0186 ( La. App. 4 Cir 09/17/14), 150 So. 3d 361, 368 (Fraudulent concealment tolls statute of limitations "when the defendant has done some act effectually to lull the victim into inaction and prevent him from availing himself of his cause of action.")

**Maine:** *McKinnon v. Honeywell Int'l, Inc.*, 2009 ME 69, ¶ 15, 977 A.2d 420, 426 (noting that under Maine's fraudulent concealment tolling statute, 14 M.R.S. § 859, a plaintiff must plead that a defendant "actively concealed material facts [regarding the cause of action]. . . that [plaintiff] relied [detrimentally] on [defendant's] acts and statements).

**Maryland:** *Bacon v. Arey,* 203 Md. App. 606, 653-54 (2012) ("[T]he complaint must 'contain specific allegations of how the fraud kept the plaintiff in ignorance of a cause of

action, how the fraud was discovered, and why there was a delay in discovering the fraud, despite the plaintiff's diligence.'")

**Massachusetts:** *Mills v. Andover Bank*, 9 Mass. L. Rep. 397 (1998) ("To invoke the doctrine of fraudulent concealment as grounds for equitable tolling, a plaintiff must allege that the defendant actually concealed 'from the person injured knowledge of the facts giving rise to a cause of action and the means of acquiring knowledge of such facts.' Further, this concealment 'must be actually accomplished by positive acts done with the intention to deceive' the plaintiff.'" (internal citations omitted)).

**Michigan:** *Tonegatto v Budak*, 112 Mich. App. 575, 583; 316 N.W.2d 262 (1982) ("'Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent.'" (quoting *De Haan v Winter*, 258 Mich. 293, 296; 241 NW 923 (1932))).

**Minnesota:** *Haberle v. Buchwald*, 480 N.W.2d 351, 357 (Minn. App. 1992) ("A statute of limitations may be tolled if the cause of action is fraudulently concealed by the defendant. To establish fraudulent concealment, a plaintiff must prove there was an affirmative act or statement which concealed a potential cause of action, that the statement was known to be false . . . , and that the concealment could not have been discovered by reasonable diligence." (citation omitted)).

**Mississippi:** *Milam v. Kelly*, 282 So. 3d 682, 693 (Miss. App. 2019) ("In order '[t]o establish a claim of fraudulent concealment, there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim.' Specifically, '[t]he party is required to show that (1) some affirmative act of conduct was done and prevented discovery of the claim; and (2) due diligence was performed on its part to discover the claim.'" (internal citations and quotations omitted)).

**Missouri:** *Hasenyager v. Bd. of Police Com'rs of Kansas City*, 606 S.W.2d 468 (Mo. App. 1980) ("To constitute concealment of a cause of action within the general rule tolling the statute of limitations on that ground the concealment must be fraudulent or intentional and, * * * there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action.") (quoting 51 Am.Jur.2d, Limitation of Actions, Section 148, p. 719); *M & D Enters. v. WOLFF,* 923 S.W.2d 389, 400 (Mo. Ct. App. 1996) ("A court will seldom find that a party is estopped to plead the statute of limitations unless that party made positive efforts to avoid the bringing of suit against him or misled the claimants."

**Montana:** *Yarbro, Ltd. v. Missoula Fed. Credit Union,* 2002 MT 152, ¶ 27, 310 Mont. 346, 353, 50 P.3d 158, 163 ("For fraudulent concealment to occur, 'there must be an affirmative act committed by the defendant, and the affirmative act must be calculated to obscure the existence of the cause of action.'") (quotation omitted)

**Nebraska:** *Upah v. Ancona Bros. Co.*, 246 Neb. 585, 594-95, 521 N.W.2d 895, 902 (1994) ("Under the doctrine of fraudulent concealment, the plaintiff must show … that

the defendant committed some affirmative act of fraudulent concealment which prevented the plaintiff from discovering his or her cause of action." (citation omitted)).

**Nevada:** *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 255, 277 P.3d 458, 464 (2012) (explaining that concealment, in the context of tolling the statute of limitations, when "(1) an intentional act by one party . . . (2) prevents or hinders another party from learning" existence of cause of action).

**New Hampshire:** *Lamprey v. Britton Constr.*, 163 N.H. 252, 259-60, 37 A.3d 359, 366-67 (2012) ("Fraudulent concealment occurs when '[o]ne party to a transaction … by concealment or other action intentionally prevents the other from acquiring material information.' It 'require[s] something affirmative in nature designed or intended to prevent, and which does prevent, the discovery of facts giving rise to a cause of action — some actual artifice to prevent knowledge of the facts or   some representation intended to exclude suspicion and prevent inquiry.'" (internal citations omitted)).

**New Jersey:** *Binder v. Price Waterhouse & Co., L.L.P.*, 393 N.J. Super. 304, 312, 923 A.2d 293, 298 (Super. Ct. App. Div. 2007) (under New Jersey law, "[e]quitable tolling has generally been applied … [where] 'the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass'.") (alteration in original)

**New Mexico:** *Estate of Brice v. Toyota Motor Corp.*,  373 P.3d 977, 980 (N.M. 2016) ("It is a well settled in both "general common law," and "federal law[] that fraudulent concealment of a cause of action by the defendant will toll the statute of limitations.") (quoting *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340-41 (5th Cir. 1971)

**New York:** *Erbe v. Lincoln Rochester Tr. Co.*, 13 A.D.2d 211, 213, 214 N.Y.S.2d 849, 852 (App. Div. 4th Dept. 1961) (applying equitable estoppel on the basis of fraudulent concealment when defendant affirmatively acted "by deception or any violation of duty towards plaintiff."); *Simcuski v. Saeli*, 44 N.Y.2d 442, 448-49, 406 N.Y.S.2d 259, 262, 377 N.E.2d 713, 716 (1978) ("It is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.").

**North Carolina:** *Meacham v. Board of Education*, 47 N.C. App. 271, 277-78, 267 S.E.2d 349, 353 (1980) (citation omitted) "The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert; (2) intention or expectation that such conduct shall be acted upon by the other party, or conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon; (3) knowledge, actual or constructive, of the real facts.").

US.128397045.03

**North Dakota:** *Wall v. Lewis*, 393 N.W.2d 758, 762 (N.D. 1986) (recognizing fraudulent concealment of cause of action as possible ground to toll statute of limitations but holding facts did not support application)

**Ohio:** *JPMorgan Chase Bank, NA v. Carroll*, 2013 Ohio 5273, ¶ 35 (Ohio App. 2013) (for equitable tolling to apply, plaintiff must show that defendant "was guilty of some affirmative act of fraudulent concealment which frustrated discovery [of the cause of action] notwithstanding [plaintiff's] diligence.") (quoting *Trimm v. Fifth Third Mtg. Co.*, No. 3:10CV1602, 2010 WL 3515596, *3 (N.D. Ohio, Sept. 3, 2010).

**Oklahoma:** Moore v. Delivery Services, Inc., 618 P.2d 408, 409 (Okla. Civ. App. 1980) (statute of limitations begins to run "unless there has been fraudulent concealment of the cause of action on the part of the person against whom it lies"); *Krug v. Helmerich & Payne, Inc.*, 2013 OK 104, ¶ 40, 320 P.3d 1012, 1023 ("a defendant is estopped from interposing the defense of a time bar when the defendant's conduct has induced the plaintiff to refrain from timely bringing an action because of the defendant's false, fraudulent or misleading conduct or some act that induces the plaintiff to refrain from timely bringing the action.").

**Oregon:** *Classen v. Arete NW, LLC*, 254 Or.App. 216, 294 P.3d 520 (Or. App. 2012) ("Fraudulent concealment in the pertinent sense involves concealment of the 'fact that a cause of action has accrued' against the defendant.") (quoting *Chaney v. Fields Chevrolet Co.*, 264 Or. 21, 27, 503 P.2d 1239 (1972)).

**Pennsylvania:** *Bickell v. Stein*, 291 Pa. Super. 145, 435 A.2d 610, 612 n.3 (Pa. 1981) ("The doctrine of fraudulent concealment . . . requires a showing that defendant himself prevented plaintiff from discovering the facts by acts of deception which were independent of the acts giving rise to cause of action.").

**Rhode Island:** *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 601 (R.I. 2019) ("To prove fraudulent concealment, it is a plaintiff's burden to show '{1) that the defendant made an actual misrepresentation of fact; and (2) that, in making such misrepresentation, the defendant fraudulently concealed the existence of the plaintiff's causes of action.'" (citation omitted)).

**South Carolina:** *Doe v. Bishop of Charleston*, 407 S.C. 128, 140, 754 S.E.2d 494, 500-01 (2014) (Fraudulent concealment requires "[d]eliberate acts of deception by a defendant calculated to conceal from a potential plaintiff that he has a cause of action toll the statute of limitations.")

**South Dakota:** *Eagleman v. Diocese of Rapid City*, 2015 S.D. 22, ¶ 32, 862 N.W.2d 839, 851 ("[F]raudulent concealment 'denotes efforts by the defendant — above and beyond the wrongdoing upon which the plaintiff's claim is founded — to prevent the plaintiff from suing in time.'")

**Tennessee:** *In re Estate of Davis*, 308 S.W.3d 832, 842 (Tenn. 2010) ("In order to establish a fraudulent concealment that serves to toll a statute of limitations, there must be proof that the cause of action was knowingly concealed from the plaintiff by an actor

who withheld information, misled the plaintiff, or failed to disclose despite a duty to do so, and that because of this concealment, the plaintiff could not have discovered the cause of action while exercising reasonable care and diligence.")

**Texas:** Matlock v. McCormick, 948 S.W.2d 308 (Tex. App. 1997) ("fraudulent concealment of a cause of action will toll the statute of limitations") (quoting *Daves v. Lawyers Sur. Corp.*, 459 S.W.2d 655, 657 (Tex.Civ.App.--Amarillo 1970, writ ref'd n.r.e)); *Vial v. Gas Sols., Ltd.*, 187 S.W.3d 220, 229 (Tex. App. 2006 ("Fraudulent concealment tolls the statute of limitations due to 'the defendant's active suppression of the truth or failure to disclose when the defendant is under a duty to disclose.'")

**Utah:** *Stephenson v. Elison*, 2017 UT App 149, ¶ 27, 405 P.3d 733, 739 ("Fraudulent concealment occurs when the plaintiff "does not become aware of the cause of action because of the defendant's concealment or misleading conduct[.]").

**Vermont:** *Troy v. Am. Fid. Co.,* 120 Vt. 410, 423, 143 A.2d 469, 477 (1958)("Fraudulent concealment of a cause of action which will postpone the running of the statute of limitations must consist of some affirmative act. Concealment of facts by one whose duty it is to disclose them is deemed to be fraudulent.")

**Virginia:** *Newman v. Walker*, 270 Va. 291, 296, 618 S.E.2d 336, 338 (2005) ("Mere silence by the person liable is not concealment, but there must be some affirmative act or representation designed to prevent, and which does prevent, the discovery of the cause of action. Concealment of a cause of action preventing the running of limitations must consist of some trick or artifice… ").

**Washington:** *August v. U.S. Bancorp,* 190 P.3d 86, 95, 146 Wn. App. 328 (Wash. App. 2008) ("Fraudulent concealment of a cause of action tolls the statute of limitations.") (citing *Giraud v. Quincy Farm & Chem.*, 102 Wash. App. 443, 452, 6 P.3d 104 (2000)).

**West Virginia:** *Merrill v. W.Va. Dep't of Health & Human Res.,* 219 W.Va. 151, 632 S.E.2d 307 (2006) ("Fraudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff").

**Wisconsin**:  *State ex rel. Susedik v. Knutson*, 52 Wis. 2d 593, 596-97, 191 N.W.2d 23 (1971) ("The doctrine of [equitable estoppel] may be applied to preclude a defendant who had been guilty of fraudulent or inequitable conduct from asserting the statute of limitation . . . [t]he aggrieved party must have relied on the representation or acts [affirmative conduct] of the defendant, and . . . [t]he acts, promises or representations . . . occur[] before the expiration of the limitation period.")

**Wyoming:** *Boller v. Western Law Associates, P.C.,* 828 P.2d 1184 (Wyo. 1992) ("the fraudulent concealment of facts necessary to a cause of action can estop the assertion of the statute of limitations) (citing *Olson v. A.H. Robins Co., Inc.,* 696 P.2d 1294 (Wyo.1985)).