UNITED SATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This document relates to:<br><br>Case No. 1:20-cv-1183 (Drew)<br>Case No. 1:20-cv-1184 (Ratliff)<br>Case No. 1:20-cv-1187 (Johnson) | **Plaintiffs' Response to Cook's Notice of Supplemental Authority** |

Plaintiffs Lorin Drew, Reginald Ratliff, and Jahmel and Shauntae Johnson, by counsel, respectfully provide this response to Cook's Notice of Supplemental Authority in Support of Response to Plaintiffs' Motion to Remand [Filing No. 13624]:

## Argument

Two weeks ago, Judge Barker held snap-removals appropriate despite the forum defendant rule in 28 U.S.C. § 1441(b)(2). [*See* Filing No. 13624-1, *Whipkey v. Eli Lilly & Co.*, Case No. 1:20-cv-450 (June 16, 2020).] Judge Barker's decision is not binding on this Court and Plaintiffs respectfully suggest this Court take a different tack. *See 520 S. Mich. Ave. Assocs. Ltd. v. Devine*, 433 F.3d 961, 964 (7th Cir. 2006) (holding, "Decisions of district court bind the litigants but have no authoritative effect elsewhere in the circuit (or even in the same district.").

The *Whipkey* decision does not address the absurdity doctrine. If the *Whipkey* decision becomes the rule in this District, we will countenance a scheme in which federal subject matter jurisdiction turns on how fast the undersigned can—literally—

run the filed complaint and summons to a registered agent. To interpret a statute such that federal subject matter jurisdiction turns on the physical attributes of the filing lawyer or process server instead of the jurisdictional facts existing at the time of filing is absurd.

There is no binding authority in this Circuit on the issue of snap-removals. The *Whipkey* decision notwithstanding, Plaintiffs respectfully request the Court to grant their motion for remand and send these cases back to the state court in which they were filed.

Respectfully submitted,

RILEY WILLIAMS & PIATT, LLC


/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
301 Massachusetts Avenue, Suite 300
Indianapolis, IN  46204
Telephone:   (317) 633-5270
Facsimile:    (317) 426-3348
Email:         jwilliams@rwp-law.com

Laci M. Whitley
FLINT LAW FIRM, LLC
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, IL 62025
Phone: (618) 288-4777 ext. 329
Facsimile: (618) 288-6824
Email: lwhitley@flintlaw.com

*Counsel for Plaintiffs*

## Certificate of Service

      I hereby certify that on the 29th day of June, 2020, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                               /s/ *Joseph N. Williams*
                                               Joseph N. Williams