**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Cases:

21 Tennessee Plaintiffs[1] Listed in Exhibit A and
4 Texas Plaintiffs Listed in Exhibit B

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT
OF OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS
BASED ON STATUTE OF REPOSE IN TEXAS AND TENNESSEE**

**I. INTRODUCTION AND SUMMARY**

In 2017, this Court dismissed several cases because the claims were barred by the applicable statutes of repose of Tennessee and Texas. *See* Entry on Motion for Judgment on the Pleadings Based on the Statute of Repose (the "2017 Repose Order"), Dkt. 4918, attached as **Exhibit C**.[2] The Court also recently granted summary judgment in the *McDermitt* bellwether case based on Indiana's statute of repose. *See generally* Entry on the Cook Defs.' Motion for Summary Judgment – Statute of Repose, Dkt. 13197. Despite these dismissals, counsel representing plaintiffs in this MDL continue to file claims that are plainly barred as stale – some, exceedingly stale.

---

[1] For reference, Cook uses the umbrella terms "Tennessee Plaintiffs" and "Texas Plaintiffs" to refer to all of the plaintiffs with cases subject to this Motion from those states, and the term "Plaintiffs" to refer to all of them together.

[2] The Court also partially dismissed claims in a case from Georgia as part of the 2017 Repose Order. *See* Exh. C, Dkt. 4918. Cook has not included any Georgia cases with facially time-barred claims in this Motion but reserves its right to move to dismiss additional cases based on Georgia's state of repose at a later time.

In the present Motion, Cook asks the Court to apply its prior rulings to additional cases from Tennessee and Texas.  Specifically, Tennessee has a 10-year statute of repose for product liability claims.  In 2017, the Court ruled that the Tennessee statute of repose bars all claims pled by plaintiffs after this 10-year mark.  The 21 Tennessee Plaintiffs listed in Exhibit A have filed cases that are facially barred by the Tennessee statute of repose.  *See* Exhibit A (listing the Tennessee Plaintiffs' names, case numbers, filter placement dates, and filing dates).

Further, Texas has a 15-year statute of repose for product liability claims.  *See* Tex. Code. Ann. § 160.12(a)(2).  In 2017, the Court ruled that the Texas statute of repose bars most of the claims alleged by plaintiffs in this MDL.  The Court further ruled that (1) while express warranty is an exception that can potentially extend the Texas statute of repose beyond 15 years, the Plaintiffs' Master Complaint cannot sustain a claim on its own that Cook warranted that the filter would last longer than 15 years; and (2) the Texas plaintiff that opposed the 2017 motion did not adequately supplement her express warranty claim through her short-form complaint.  *See* Exh. C, 2017 Repose Order, Dkt. 4918 at 13-15; *see* also Exhibit B (listing the Texas Plaintiffs' names, case numbers, filter placement dates, and filing dates).  The four Texas Plaintiffs each filed their cases outside of this 15-year period.  Further, none of them have made any attempt to plead any additional allegations in their individual complaints and therefore cannot rely on the express warranty exception to extend the Texas statute of repose beyond 15 years.

Accordingly, the Cook Defendants ask the Court to dismiss with prejudice, in their entirety, the claims asserted by the 25 Plaintiffs listed in Exhibits A and B because they are barred by the applicable statues of repose of Tennessee and Texas, respectively.

US.127865633

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the parties have filed the complaint and the answer.  Fed. R. Civ. P. 12(c); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  The standard for judgment on the pleadings under Rule 12(c) is the same as the standard under Rule 12(b)(6): the plaintiff must state a claim that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is not facially plausible unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As this Court has previously noted, statutes of repose are substantive law for purposes of the *Erie* doctrine, and are thus governed by state law.  *See* Exh. C, 2017 Repose Order, Dkt. 4918 at 2-3; *see also Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006); *Nett ex rel. Nett v. Bellucci*, 269 F.3d 1, 5 (1st Cir. 2001); *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1223 (10th Cir. 1991).

## III.  CHOICE-OF LAW

These 25 Plaintiffs originally filed their cases in the Southern District of Indiana, and they do not allege a factual connection to states other than Tennessee and Texas.  *See generally* Plaintiffs' Complaints.[3]  Fifteen of these Plaintiffs filed their cases between May 31, 2017 and June 13, 2019, and thus their cases would be governed by their "home" states' choice-of-law rules under the Court's May 29, 2020 Order, while the other ten filed their cases before or after this time period and thus their cases would be governed by Indiana's choice-of-law rules.  *See*

---

[3]  The Plaintiffs' case numbers and filing dates are listed in Exhibits A and B for the Tennessee and Texas Plaintiffs, respectively.  The Plaintiffs' complaints are the first docket entries in their individual cases.

May 29, 2020 Order, Dkt. 13539 at 2 (explaining that Court will apply "home" state law to cases filed during this time period and Indiana law to cases filed in this District before or after this time period); *see also* Exhibits A & B (providing the filing dates for Plaintiffs' Complaints).[4]

The Court, however, need not address the different choice-of-law regimes, because the Cook Defendants are not asking the Court to apply Indiana's 10-year statute of repose here (although it reserves the right to do so in a subsequent motion). Instead, the Cook Defendants are arguing for the purposes of this Motion that these 25 Plaintiffs' claims are facially barred under the laws of Tennessee and Texas – their respective home states.

### IV. ARGUMENT

All of Plaintiffs' claims are barred by the statutes of repose of their home states. Statutes of repose extinguish all rights to assert any product liability claim based on a particular product after a period of time since the product was manufactured, sold, delivered, or left the control of the manufacturer.[5] Unlike statutes of limitation, statutes of repose do not depend on accrual of

---

[4] Although Cook asks the Court to apply this Order as necessary for purposes of this Motion, Cook states for the record that its position is that all cases originally filed in the Southern District of Indiana should be governed by Indiana choice-of-law rules pursuant to *Klaxon v. Stentor Elec. Mfg. Corp.*, 313 U.S. 487 (1941), as this Court originally ruled, see June 13, 2019 Order, Dkt. 11131 at 2 (finding that there has never been a direct-filing order in this MDL); October 29, 2019 Order, Dkt. 12256 at 1 ("The Court finds that Indiana law applies."). Cook has briefed its position on this issue as part of a motion for reconsideration (Dkt. 13106) that the Court granted in part and denied in part (Dkt. 13539), and Cook hereby expressly preserves its arguments on this issue for appellate review in the event that may occur in the further course of litigation in the MDL and individual member cases filed in the Southern District of Indiana between May 29, 2017 and June 13, 2019.

[5] For the purposes of this motion, Cook uses the placement date of the filter as the "trigger date" for the applicable statute of repose, because the sale, use, delivery, or manufacturing date of the filter cannot possibly be any later than the date when the filter was placed in an individual Plaintiff's body. Of course, the filter would have been manufactured, sold, and delivered to the hospital some time before the procedure in question. Cook reserves its arguments regarding the actual applicable trigger date for any MDL cases not included here where the period of time that elapsed before the placement procedure would be material to determining the validity of the claim under the applicable statute of repose.

US.127865633

an action unless the statute of limitations is incorporated into the statute of repose, as in Indiana. The Tennessee Court of Appeals described the difference between statutes of limitation and repose this way:

> Generally speaking, the critical distinction in classifying a statute as one of repose or one of limitations is the event or occurrence designated as the "triggering event," i.e., the event that starts the "clock" running on the time allowed for the filing of suit. In a traditional statute of limitations, the triggering event is typically the accrual of the action, i.e., when all the elements of the action, including injury and damages, have coalesced, resulting in a legally cognizable claim. A statute of repose, on the other hand typically describes the triggering event as something other than accrual, prompting courts to note that such statutes are "entirely unrelated to the accrual of any action…."

*Wyatt v. A-Best Products Co.*, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995) (citing *Watts v. Putnam Co.*, 525 S.W.2d 488, 491 (Tenn. 1975), and *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995)). A statute of repose may extinguish a claim before that claim even accrues. *Wyatt*, 924 S.W.2d at 102 ("Because a statute of repose sets the triggering event as something other than accrual, it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff becomes aware of his or her injury.").

The 25 Plaintiffs here failed to commence their actions against the Cook Defendants before their claims were extinguished by the applicable statutes of repose. Their complaints establish this failure as a matter of law, and the Cook Defendants are therefore entitled to dismissal of the Plaintiffs' claims under Rule 12(c) for failure to state a claim upon which relief can be granted.

A.     **The Tennessee Statute of Repose Bars All of The Tennessee Plaintiffs' Claims.**

The Court should dismiss the Tennessee Plaintiffs' claims because they all filed their cases more than 10 years after the placement of their filters, and thus their claims are wholly barred by the Tennessee statute of repose.

US.127865633

As this Court ruled when it first addressed this issue in 2017, the Tennessee statute of repose requires a product liability action to be brought within 10 years of the date the product was first purchased for use or consumption. Exh. C, 2017 Repose Order, Dkt. 4918 at 9. Tennessee's statute of repose provides in relevant part:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by [specific statutes]... **in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption,** or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter...

Tenn. Code § 29-28-103(a) (emphasis added). The Tennessee Products Liability Act of 1978 comprehensively defines "product liability action" as:

> "Product liability action" for purposes of this chapter shall include all actions brought for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any substantive legal theory in tort or contract whatsoever.

Tenn. Code 29-28-102(6). This Court has previously concluded that the combination of these two statutory provisions extinguishes all Tennessee product liability claims asserted outside the 10-year window. *See* Exh. C, 2017 Repose Order, Dkt. 4918 at 9 ("Applying the [definitions in the statute] to Plaintiffs' claims based upon the Cook Filter, the court finds all their claims are subject to the statute of repose.").

The trigger date for the Tennessee statute of repose is the "date on which the product was first purchased for use or consumption." Tenn. Code § 29-28-103(a). As the initial sale of the filter had to occur no later than the date each Plaintiff underwent the procedure to receive his or

US.127865633

her filter, they were required to file their cases within 10 years of the date of placement. As demonstrated by the table below, in each of the cases brought by the 21 Tennessee Plaintiffs, the placement procedure occurred more than 10 years before the filing of the case. In some cases, a Tennessee Plaintiff filed 13 or 14 years after receiving the filter – several years after the claim became barred as a matter of law under the Tennessee statute of repose.

| Plaintiff | Case No. | Placement Date | Filing Date | Time Elapsed Before Filing |
|---|---|---|---|---|
| **Harvey, Kacy** | 1:17-cv-03735 | August 28, 2007 | October 17, 2017 | 10 years, 1 months, 19 days |
| **Idziak, Ruby** | 1:17-cv-04697 | April 17, 2003 | December 21, 2017 | 14 years, 8 months, 4 days |
| **Luster, Roy** | 1:18-cv-00226 | December 28, 2007 | January 26, 2018 | 10 years, 0 months, 29 days |
| **Edwards, Eric** | 1:18-cv-00432 | November 5, 2006 | February 14, 2018 | 11 years, 3 months, 10 days |
| **Acree, Thomas** | 1:18-cv-00947 | September 24, 2007 | March 23, 2018 | 10 years, 6 months, 0 days |
| **Crawley, Julie Ann** | 1:18-cv-01992 | February 10, 2005 | June 28, 2018 | 13 years, 4 months, 19 days |
| **Dickens, Juliet** | 1:18-cv-02532 | September 7, 2005 | August 16, 2018 | 12 years, 11 months, 10 days |
| **Herron, Susan and Charlie** | 1:18-cv-02670 | July 13, 2007 | August 28, 2018 | 11 years, 1 month, 16 days |
| **Rogan, Joseph** | 1:18-cv-03568 | February 17, 2007 | November 15, 2018 | 11 years, 8 months, 30 days |
| **Brooks, Joshua S.** | 1:18-cv-03618 | June 5, 2006 | November 20, 2018 | 12 years, 5 months, 6 days |
| **McCarter, Mark A. (Estate)** | 1:18-cv-03889 | December 2, 2006 | December 10 2018 | 12 years, 0 months, 9 days |
| **Haughton, Dominique** | 1:19-cv-00569 | December 28, 2008 | February 6, 2019 | 10 years, 1 month, 10 days |
| **Sammy Sadler (Estate)** | 1:19-cv-01156 | January 17, 2005 | March 22, 2019 | 14 years, 2 months, 6 days |
| **Curtis, David** | 1:19-cv-02375 | January 14, 2009 | June 13, 2019 | 10 years, 5 months, 0 days |
| **Osment, Ronald** | 1:19-cv-02392 | December 26, 2006 | June 14, 2019 | 12 years, 5 months, 20 days |
| **Price, Michael Christopher** | 1:19-cv-02543 | January 3, 2007 | June 24, 2019 | 12 years, 5 months, 22 days |

US.127865633

| Plaintiff | Case No. | Placement Date | Filing Date | Time Elapsed Before Filing |
|---|---|---|---|---|
| **McNeil, Keith** | 1;19-cv-02890 | January 21, 2007 | July 15, 2019 | 12 years, 5 months, 25 days |
| **Garrett, Jeffrey** | 1:19-cv-04703 | February 9, 2009 | November 26, 2019 | 10 years, 9 months, 18 days |
| **Solock, Douglas W.** | 1:19-cv-04923 | August 4, 2005 | December 13, 2019 | 14 years, 4 months, 10 days |
| **Burks-Henry, Addie** | 1:20-cv-00330 | December 6, 2006 | January 29, 2020 | 13 years, 1 months, 24 days |
| **Hill, Linda Faye** | 1:20-cv-00504 | January 26, 2006 | February 13, 2020 | 14 years, 0 months, 19 days |
| **Ketron, Hilary and Aaron** | 1:20-cv-00848 | March 15, 2009 | March 16, 2020 | 11 years, 0 months, 1 day |

Accordingly, the Tennessee Plaintiffs' claims are barred by the Tennessee statute of repose and their claims should be dismissed with prejudice in their entirety.

**B.     The Texas Statute of Repose Bars the Texas Plaintiffs' Claims.**

The 15-year Texas statute of repose bars the claims asserted by the four Texas Plaintiffs because their lawsuits were filed more than 15 years after their placement procedures.

As the Court explained when it previously addressed the Texas statute of repose, Texas has a 15-year statute of repose that requires plaintiffs "'to **commence a product liability action** against a manufacturer or seller of a product **before the end of 15 years after the date of the sale** of the product by the defendant.'" Exh. C, 2017 Repose Order, Dkt. 4918 at 13 (quoting Tex. Code. § 160.12(b) (emphasis added)). Texas law defines a "product liability action" as:

> [A]ny action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product, whether an action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories, and whether the relief is sought is recovery of damages or any other legal or equitable relief, including suit for … personal injury ….

Tex. Code. § 160.12(a)(2). The statute thus extinguishes all claims, unless "'a seller expressly warrants that a product will last more than 15 years.'" Exh. C, 2017 Repose Order, Dkt. 4918, at

US.127865633

13 (quoting Tex. Code § 160.122(c)). With respect to the express warranty exception, this Court ruled in 2017 that Plaintiffs' Master Complaint "does not allege that [Cook filters] were marketed as permanent devices" and that "omission of her specific warranty allegations [was] fatal" at the pleadings stage to the claims brought by the Texas plaintiff whose case was at issue in that 2017 order. *Id.* at 14. The Court further considered an argument that the Texas plaintiff presented regarding an alleged verbal warranty and information listed in Cook's Patient Guide amounting to a warranty; however, the Court ruled that those allegations failed to sustain an express warranty claim under Texas law. *Id.* at 14-15 (conducting element-by-element analysis of an express warranty claim under Texas law).

Cook is entitled to the same result here as a matter of law with respect to the four Texas Plaintiffs' claims. As demonstrated in the table below, each of the four Texas Plaintiffs received a Cook filter more than 15 years before filing her lawsuit.

| Plaintiff | Case No. | Placement Date | Filing Date | Time Elapsed Before Filing |
|---|---|---|---|---|
| **Bolden, Monica and James** | 1:17-cv-04773 | April 14, 2002 | December 29, 2017 | 15 years, 8 months, 15 days |
| **Holman, Maxine Cola** | 1:19-cv-03413 | January 1, 2002 | August 9, 2019 | 17 years, 7 months, 8 days |
| **Margaret Caylor** | 1:19-cv-03850 | January 22, 2004 | Sept. 11, 2019 | 15 years, 7 months, 20 days |
| **Saldana, Mary** | 1:20-cv-00130 | January 13, 2003 | January 14, 2020 | 17 years, 0 months, 1 day |

The Texas Plaintiffs cannot rely on the express warranty exception under the statute because the Court has already ruled that Plaintiffs' Master Complaint does not adequately plead that Cook expressly warranted its filters would last more than 15 years. *See* Exh. C, 2017 Repose Order, Dkt. 4918 at 13. Further, the Texas Plaintiffs have not pled any additional or specific allegations as part of their individual Complaints that could provide independent support for bypassing the 15-year bar in the Texas statute of repose through the express warranty

exception.  *See generally* Texas Plaintiffs' Complaint (no additional allegations pled outside of the basic information required by short-from complaint procedure) (case numbers and filing dates for Texas Plaintiffs' Complaints listed in Exhibit B).

Accordingly, the cases filed by the four Texas Plaintiffs should be dismissed with prejudice in their entirety.

## CONCLUSION

For the reasons stated above, the Cook Defendants respectfully ask the Court to dismiss the cases filed by the 25 Plaintiffs listed in Exhibits A and B in their entirety because they are barred by the applicable statute of repose.

Respectfully submitted,

Dated: July 8, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2020, a copy of the foregoing **COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTE OF REPOSE IN TEXAS AND TENNESSEE** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*

US.127865633