**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This document relates to:
Case No. 1:17-cv-00996 (Dixon)
Case No. 1:18-cv-01214 (Opperman)
Case No. 1:18-cv-03371 (Parton)
Case No. 1:19-cv-01167 (Sykes)

**THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL EXHIBITS 5 THROUGH 8 TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN NO-INJURY PLAINTIFFS**

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court to maintain under seal **Exhibits 5 through 8 [Dkt. Nos. 13729-1 – 13729-4]** to The Cook Defendants' Motion for Judgment on the Pleadings as to Certain No-Injury Plaintiffs [Dkt. No. 13728] in order to protect the above-captioned plaintiffs' respective interests in their medical privacy. In support of this motion, the Cook Defendants state:

**LEGAL STANDARD**

1.      Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

under seal at least until consent by the patient is obtained.  *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

      2.      **Medical Privacy** – With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause.  *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008).  The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained.  *See generally id.* at *3.

      3.      The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings."  *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.).  Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the

presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

**DOCUMENTS SOUGHT TO BE SEALED**

4.      **Exhibit 5 [Dkt. No. 13729-1]** is Plaintiff Shirley A. Parton's Case Categorization Submission, which includes medical records related to her care and treatment.  This exhibit constitutes a medical privacy document since it contains details concerning Ms. Parton's private medical care.  Therefore, this exhibit should be maintained under seal to protect Ms. Parton's medical privacy.

5.      **Exhibit 6 [Dkt. No. 13729-2]** is Plaintiff Dionne Dixon's Case Categorization Submission, which includes medical records related to her care and treatment.  This exhibit constitutes a medical privacy document since it contains details concerning Ms. Dixon's private medical care.  Therefore, this exhibit should be maintained under seal to protect Ms. Dixon's medical privacy.

6.      **Exhibit 7 [Dkt. No. 13729-3]** is Plaintiff Jacob Opperman's Case Categorization Submission, which includes medical records related to his care and treatment.  This exhibit constitutes a medical privacy document since it contains details concerning Mr. Opperman's private medical care.  Therefore, this exhibit should be maintained under seal to protect Mr. Opperman's medical privacy.

7.      **Exhibit 8 [Dkt. No. 13729-4]** is Plaintiff Teresa Sykes' Case Categorization Submission, which includes medical records related to her care and treatment.  This exhibit constitutes a medical privacy document since it contains details concerning Ms. Sykes' private medical care.  Therefore, this exhibit should be maintained under seal to protect Ms. Sykes' medical privacy.

US.128617774

## DISCUSSION

8.     **Exhibits 5 through 8 [Dkt. Nos. 13729-1 – 13729-4]** contain documents and information on Plaintiff Dixon's, Plaintiff Opperman's, Plaintiff Parton's, and Plaintiff Sykes' respective medical care and treatment.

9.     As set forth above, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause.  *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008).  The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

10.     **Exhibits 5 through 8 [Dkt. Nos. 13729-1 – 13729-4]** contain private, sensitive medical information regarding Plaintiffs Dixon, Opperman, Parton, and Sykes.

11.     Out of an abundance of caution, the Court should permit these exhibits to be filed ***under seal*** until the respective plaintiffs consent to what should be disclosed.

12.     A proposed order granting this Motion has been filed with this Motion**.**

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintaining under seal **Exhibits 5 through 8 [Dkt. Nos. 13729-1 – 13729-4]** to The Cook Defendants' Motion for Judgment on the Pleadings as to Certain No-Injury Plaintiffs [Dkt. No. 13728].

US.128617774

Respectfully submitted,


Dated:  July 10, 2020                    /s/ Andrea Roberts Pierson
                                         Andrea Roberts Pierson, Co-Lead Counsel
                                         Jessica Benson Cox
                                         FAEGRE DRINKER BIDDLE & REATH LLP
                                         300 North Meridian Street, Suite 2500
                                         Indianapolis, Indiana  46204
                                         Telephone:  (317) 237-0300
                                         Andrea.Pierson@FaegreDrinker.com
                                         Jessica.Cox@FaegreDrinker.com

                                         *Counsel for Defendants Cook Incorporated,*
                                         *Cook Medical LLC, and William Cook Europe ApS*


## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2020 a copy of the foregoing **THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL EXHIBITS 5 THROUGH 8 TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN NO-INJURY PLAINTIFFS** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.


                                         /s/ Andrea Roberts Pierson