IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCT
LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB

MDL No. 2570

This Document Relates to:
All Cases

# Plaintiffs' Steering Committee's Motion to Strike Cook's "Omnibus" Motion for Judgment on all Plaintiffs' Claims of Fraudulent Concealment

Whether an individual plaintiff possesses the historical facts necessary to establish fraudulent concealment cannot be decided in a single "omnibus" motion, and as many MDL Courts have recognized such an attempt is an inappropriate (and ultimately unworkable) way to attack a "Master Complaint." For these and the reasons that follow, the Plaintiffs' Steering Committee respectfully requests the Court strike Cook's "omnibus motion."

1. In its omnibus motion, Cook purports to dispose of thousands of individual claims for fraudulent concealment in one fell swoop.

2. Cook attacks the Master Consolidated Complaint, which was filed "to serve the administrative functions of efficiency and economy" and provide a general blueprint of the case against Cook. [*See* Filing No. 213, Master Consolidated Complaint for Individual Claims ("Master Complaint").]

3.  "A master or consolidated complaint is a procedural device used to promote judicial efficiency and economy, not to be given the same effect as an ordinary complaint or consolidated to merge the suits into a single cause or change the rights of the parties, or make those who are not parties in one suit parties in another." *In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.,* 2012 WL 3582708, at *3 (N.D. Ill. Aug. 16, 2012).[1]

4.  "In light of a master complaint's administrative purpose, several MDL Courts have refused to entertain [Rule 9(b)] motions to dismiss master complaints where doing so would require case-specific rulings to determine the sufficiency of each individual plaintiff's factual allegations." *Id.* at *3, citing *In re Nuvaring Prods. Liab. Litig.,* 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009); *In re Trasylol Prods. Liab. Litig.,* 2009 WL 577726, at *8 (S.D. Fla. March 5, 2009).

5.  These MDL courts determined it would be impossible to plead with particularity the "who, what, where, and when" on behalf of hundreds of individual plaintiffs. *See Zimmer Nexgen,* 2012 WL 3582708, at *12 ("[T]his court cannot envision a Master Complaint pleaded with the type of plaintiff-specific particularity Defendants believe is necessary."); *In re Trasylol Prods. Liab. Litig.,* 2009 WL 577726, at *8 ("The Court cannot envision the task of adequately pleading the consolidated master complaint in a manner which would satisfy Defendants, without completely removing the compromise and attempt at efficiency the parties and I had in mind in allowing the filing of the Consolidated Master Complaint.").

---

[1] Counsel for the Cook Defendants also represented the *Zimmer* defendants in that MDL.

6. To meet Cook's argument, the PSC would need to include the particularized facts of every plaintiff and every plaintiff's physician. That's simply not what a Master Complaint is for, nor would such an endeavor even be possible given that a number of plaintiffs have been transferred into the MDL after the Master Complaint was tendered.

7. MDL courts recognize that permitting omnibus attacks would defeat the purpose of a master complaint. Importantly, the *Trasylol* MDL court noted that it was unaware of any case in which strict application of Rule 9(b) had been applied to an MDL products liability claim. 2009 WL 577726, at *6. Therefore, the Court should strike Cook's omnibus Motion.

8. Further, Cook's omnibus Motion also violates numerous Case Management Orders concerning the process for resolving dispositive motions. For example, Section IV of Case Management Order #24 (Eighth Amended Case Management Plan, Filing No. 10512, April 23, 2019) states that dispositive motions shall be brought in individual Bellwether trial cases, not as an omnibus motion against all 7,000-plus plaintiffs. Importantly, Cook had input into the language of this section of the CMO and agreed to this process of handling dispositive motions on an individualized basis during Bellwether proceedings. The Court should strike Cook's omnibus Motion because it violates the MDL's Case Management Orders.

9. Additionally, Cook's omnibus motion presents various ethical and practical issues. Because of the particularized nature of the law and facts for each individual plaintiff, the PSC cannot possibly respond to either the omnibus Rule 9(b)

Motion or the Rule 56 Motion for Summary Judgment on behalf of all 7,000-plus plaintiffs. The PSC does not have attorney-client relationships with the 7,000-plus individual plaintiffs. The PSC does not know the facts or the state law of fraudulent concealment as applied to each plaintiff's case. Those plaintiffs have their own attorneys who possess this specific knowledge. Therefore, the Court should strike Cook's omnibus Motion.

## CONCLUSION

10. Cook's omnibus Motion violates well-established case law prohibiting an omnibus Rule 9(b) motion to dismiss in MDL products liability proceedings. Cook's omnibus Motion also violates the letter and the spirit of the Court's carefully designed CMOs. The PSC does not have an attorney-client relationship with the 7,000 plaintiffs and cannot respond on behalf of each case-specific claim. For each of the foregoing reasons, the Court should grant the PSC's Motion to Strike Cook's omnibus Motion.

11. The PSC has tendered a supporting brief fully setting forth the reasons this motion should be granted.

**Wherefore,** Plaintiffs' Steering Committee respectfully requests the Court to strike and/or deny outright Cook's "omnibus" motion seeking judgment against all 7,000-plus plaintiffs on their individual claims of fraudulent concealment.

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:         jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

      I hereby certify that on July 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

      /s/ *Joseph N. Williams*
      Joseph N. Williams