IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This Document Relates to:<br>All Cases | |

## Plaintiffs' Steering Committee's Brief in Support of its Motion to Strike Cook's "Omnibus" Motion for Judgment on all Plaintiffs' Claims of Fraudulent Concealment

The Plaintiffs' Steering Committee tenders the following Brief in support of its motion to strike Cook's "Omnibus" motion for judgment on all MDL-Plaintiffs' fraudulent concealment claims [Filing No. 13649]:

### INTRODUCTION AND SUMMARY OF ARGUMENT

Cook asks the Court to enter partial judgment against more than 7,000 MDL Plaintiffs. Under Rule 9(b) and Rule 56, Cook attacks the Master Complaint, which was filed "to serve the administrative functions of efficiency and economy," and generally outline the legal claims against Cook. *See* Master Consolidated Complaint for Individual Claims [Filing No. 213, January 30, 2015.] While Cook certainly has the right to seek judgment on the claims of any individual, it simply can't do it on a class-wide basis in one fell swoop.

When Cook's counsel tried the same thing in the *Zimmer NexGen* litigation, Judge Pallmeyer explained it is not feasible to adhere to Rule 9(b)'s individualized

pleading requirements in an MDL master complaint. 2012 WL 3582708, at *12. Or as Judge Pallmeyer put it: "[T]his court cannot envision a Master Complaint pleaded with the type of plaintiff-specific particularity Defendants believe is necessary." Judge Pallmeyer does not stand alone; MDL courts routinely refuse to entertain omnibus Rule 9(b) motions to dismiss in products liability cases. *E.g., In re Nuvaring Prods. Liab. Litig.*, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009). *See also In re Trasylol Prods. Liab. Litig.,* 2009 WL 577726, at *8 (S.D. Fla. March 5, 2009).

Further, Cook's omnibus motion contravenes numerous Case Management Orders as well as Cook's own statements to the Court concerning the process for resolving dispositive motions. The Court's CMOs set out specific procedures for presenting dispositive motions, which Cook's omnibus motion violates.

Finally, significant ethical issues arise if Cook is permitted to proceed in omnibus fashion. This is a mass tort, not a class action.[1] The PSC does not have attorney-client relationships with the 7,000 plaintiffs. Because of the particularized nature of the law and facts for each individual plaintiff, the PSC cannot possibly respond to either the Rule 9(b) Motion or the Rule 56 Motion for Summary Judgment on behalf of all 7,000 plaintiffs.

For these and the following reasons, the PSC respectfully requests the Court to strike – or outright deny – Cook's "omnibus" motion.

---

[1] Before adjudicating claims in "omnibus" fashion, Rule 23 requires the Court to make particularized findings to ensure that resolving an issue in the aggregate will not violate the due process rights of the individual class members. Essentially, Cook is attempting to litigate a Rule 23(c)(4) issue class without establishing each element of Rule 23 has been satisfied.

2

# ARGUMENT

1. **MDL Courts Do Not Permit Omnibus Rule 9(b) Motions In Products Liability Cases.**

"A master or consolidated complaint is a procedural device used to promote judicial efficiency and economy, not to be given the same effect as an ordinary complaint or consolidated to merge the suits into a single cause or change the rights of the parties, or make those who are not parties in one suit parties in another." *Zimmer Nexgen,* 2012 WL 3582708, at *3, citing *In re Propulsid Prods. Liab. Litig.,* 208 F.R.D. 133, 141-42 (E.D. La. 2002) (quoting 9 Charles A. Wright & Arthur R. Miller*, Federal Practice and Procedure* § 2382 (1971)); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006); *In re Digitek Prods. Liab. Litig.*, 2009 WL 2433468, at *8 (S.D.W.Va. Aug. 3, 2009). The Master Complaint here unambiguously states such a purpose: "[T]o serve the administrative functions of efficiency and economy. . . ." [*See* Master Complaint (Filing. No. 213).]

"In light of a master complaint's administrative purpose, several MDL Courts have refused to entertain [Rule 9(b)] motions to dismiss master complaints where doing so would require case-specific rulings to determine the sufficiency of each individual plaintiff's factual allegations." *Id.* at *2, citing *In re Trasylol Prods. Liab. Litig.,* 2009 WL 577726, at *8 (S.D. Fla. March 5, 2009); *In re Nuvaring Prods. Liab. Litig.*, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009) ("[S]uch case-specific rulings are neither the purpose, nor the forte, of a court presiding over a multi-district litigation."). At the time of its opinion, the *Trasylol* MDL court was "unaware of any case in which strict application of Rule 9(b) has been applied to an MDL products

3

liability claim. . . ." *Trasylol,* 2009 WL 577726, at *6. These MDL courts recognize permitting omnibus dispositive motions defeats the purpose of a master complaint.

Rule 9(b) requires a complaint to set forth the "who, what, where, and when" of a fraud. MDL courts recognize such a particular pleading is impossible in a Master Complaint covering hundreds—or thousands—of individual plaintiffs. *Zimmer Nexgen,* 2012 WL 3582708, at *12 ("Like the *Trasylol* court, this court cannot envision a Master Complaint pleaded with the type of plaintiff-specific particularity Defendants believe is necessary."); *Trasylol,* 2009 WL 577726, at *8 ("The Court cannot envision the task of adequately pleading the consolidated master complaint in a manner which would satisfy Defendants, without completely removing the compromise and attempt at efficiency the parties and I had in mind in allowing the filing of the Consolidated Master Complaint."); *Nuvaring*, 2009 WL 4825170, at *2 ("A MDL seeks to promote judicial economy and litigant efficiency by allowing the transferee court to preside over matters common among all cases. Given this function, the transferee court typically does not rule on cumbersome, case-specific issues.").

Cook's counsel has full knowledge of this abundant legal precedent because it also represented the defendants in the *Zimmer Nexgen* MDL and received Judge Pallmeyer's opinion (and the cases cited there). Accordingly, Cook knows its omnibus attack on the Master Complaint is without legal merit. There is simply no functional route for the PSC to plead the "who, what, where, and when" of the case-specific facts concerning fraudulent concealment for all 7,000 plaintiffs (including for plaintiffs who had not even been injured by the date the Master Complaint was filed). To

Case 1:14-ml-02570-RLY-TAB   Document 13794   Filed 07/15/20   Page 5 of 11 PageID #:
98482

impose such a requirement would defeat the administrative purpose of the Master Complaint, deprive each plaintiff of his/her individual rights, and ignore legal precedent. If Cook wants to file individual motions against individual Plaintiffs, then it is free to do so, but the Court should strike Cook's attempt to do it in omnibus fashion.[2]

**2. Cook's Omnibus Motion Violates Numerous Case Management Orders And Cook's Own Statements Concerning The Resolution Of Dispositive Motions.**

Section IV of Case Management Order #24 [Eighth Amended Case Management Plan, Filing No. 10512,] dated April 23, 2019, addresses dispositive motions and states in relevant part:

> A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?
>
> Counsel for the parties have discussed the possibility of summary judgment in great detail. Unfortunately, until the Discovery Pool is established it will be too early to determine whether a motion for summary judgment is a possibility in a particular case.
>
> B. Select the track that best suits this case:
>
> X Track 4: Dispositive motions in Bellwether trial cases shall be filed by July 1, 2016. Non-expert discovery in Discovery Pool cases shall be completed by June 1, 2016; expert witness discovery in Bellwether trial cases shall be completed by August 15, 2016. The MDL consists of complex products liability cases that will require a great deal of discovery. Counsel for both parties believes that the complexity of these cases and the size of the MDL is such that a departure from track 1-3 is appropriate.

---

[2] Further demonstrating the inappropriateness of attempting to do what Cook tries here is the fact that individual case discovery has been stayed while the parties discovered cases for bellwether trial. Should Cook want to re-file its fraudulent concealment attack against individual plaintiffs, it will require opening case-specific discovery so that plaintiffs can take depositions of their treating physicians in an effort to demonstrate the existing factual issues.

> Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

(emphasis in original).[3]

The CMO clearly contemplates dispositive motions shall be brought in individual Bellwether trial cases, not in an omnibus motion against all 7,000-plus plaintiffs. Additionally, Cook had input into the language of this portion of the CMO and agreed to this process of handling dispositive motions on an individualized basis during Bellwether proceedings. This reason alone is sufficient for the Court to grant the PSC's Motion to Strike.

Moreover, the Court's Bellwether Trial Plans are consistent with its approach in the global Case Management Plans to address dispositive motions for individual plaintiffs rather than in an omnibus fashion. For example, the Second Amended Case Management Order # 27 [Filing No. 12906,] for the *McDermitt*, *Burrage*, and *Johnson* Bellwether trials contains a specific provision (Item #1) allowing Motions for Leave to Amend. This provision would allow the Bellwether trial plaintiffs to cure any perceived defects in the pleadings. Additionally, item #7 and Schedule A to CMO 27 also specifically address the timing for motions for summary judgment. Thus, read in tandem, the Court's general Case Management Plan and its more specific Bellwether Trial Plan set forth schedules and commands whereby dispositive motions shall be

---

[3] Numerous other Case Management Orders issued by the Court contain identical language.

brought against individual Bellwether trial plaintiffs and not in an omnibus fashion against all 7,000-plus plaintiffs. This is not optional; these are the rules for this MDL.

The Court's rejection of an omnibus approach in its carefully crafted Case Management Plans—in which Cook had full input—makes perfect sense when examining Cook's 9(b) attack on Plaintiffs' Master Complaint. The very purpose of a Master Complaint is to create a generalized pleading so the Court and parties will not be burdened with more than 7,000 complaints (and answers) from across the country. *See Zimmer Nexgen,* 2012 WL 3582708, at *3. ("A master or consolidated complaint is a procedural device used to promote judicial efficiency and economy, not to be given the same effect as an ordinary complaint or consolidated to merge the suits into a single cause[.]"). Having agreed to abide by procedures allowing for the use of a Master Complaint, Cook knew full-well it would be a physical impossibility for the PSC to plead with particularity allegations of fraudulent concealment for thousands of individual plaintiffs. Each plaintiff has her or his own set of particularized facts.[4]

Further, Cook's 9(b) motion does not present a simple one-size-fits-all pleading issue because the legal elements of fraudulent concealment differ – even if slightly in some instances – from state to state.[5] As the *Nuvaring* MDL court discussed:

> This approach would require the parties to brief and this Court to review each complaint and each motion to dismiss and apply the particular laws of numerous states to test the sufficiency of each challenged claim. Not only would each state's substantive laws pertaining to particular claims

---

[4] By way of example, these facts depend in part on what each plaintiff's physician knew at the time of implantation of Cook's defective IVC filter.

[5] This is also true of the various consumer fraud statutes at issue in this litigation.

7

>need to be reviewed but each state's conflicts of law rules would need to be analyzed.

2009 WL 4825170, at *2.

Importantly, Cook acknowledges this pleading problem by attaching to its Motion a lengthy 7-page Appendix purporting to show the different legal standards for fraudulent concealment in all 50 states. The fact that Cook felt the need to submit the law of all 50 states demonstrates its omnibus Motion is legally inappropriate and counter to the CMOs for this MDL. Therefore, the Court should grant the PSC's Motion to Strike.

**3.     The MDL Is Not A Class Action, And The PSC Cannot Respond Ethically On Behalf Of the 7,000 Individual Plaintiffs And Their Particularized Claims.**

Because of the particularized nature of the law and facts for each individual plaintiff, the PSC cannot possibly respond on behalf of all 7,000 plaintiffs to either the Rule 9(b) Motion or the Motion for Summary Judgment. The PSC does not have attorney-client relationships with all 7,000 plaintiffs. The plaintiffs have their own attorneys who possess specific knowledge of the facts and state law of fraudulent concealment for each individual case.

Cook's omnibus Motion is a backdoor attempt to convert this MDL into a class action for disposal of a single issue without satisfying the rigorous elements of Rule 23. Needless to say, Cook would never consent to class certification for all issues. In any event, the Third Circuit has pointedly rejected a similar attempt by an MDL defendant to cherry pick a single issue for collective judgment against all MDL plaintiffs.

8

> There is a deeper problem lurking in the District Court's decision to grant Merck a merits judgment in all of the MDL cases. A mass tort MDL is not a class action. It is a collection of separate lawsuits that are coordinated for pre-trial proceedings – and only pretrial proceedings – before being remanded to the respective transferor courts. Some purely legal questions may apply in every case. But merits questions that are predicated on the existence or nonexistence of historical facts unique to each plaintiff – e.g. whether a particular Plaintiff's doctor would have read a warning in the Adverse Reactions section and ceased prescribing Fosamax as a result – generally are not amenable to across-the-board resolution. Each Plaintiff deserves the opportunity to develop those sort of facts separately, and the District Court's understandable desire to streamline proceedings cannot override the Plaintiff's basic trial rights. As a technical matter, Merck's actual burden at the summary judgment stage was to prove that there is no genuine dispute in *every single MDL case*. . . .(emphasis in original)

*In re Fosamax Prods. Liab. Litig.,* 852 F.3d 268, 302 (3d Cir. 2017), *vacated and remanded on other grounds sub nom. Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668 (2019).

Likewise, this Court should not permit Cook to deny each plaintiff and his/her counsel the opportunity to develop particularized facts necessary to respond to Cook's attack. There is simply no ethical or practical way for the PSC to accomplish this on behalf of 7,000 individual plaintiffs. Therefore, the Court should grant the PSC's Motion to Strike Cook's omnibus Motion.

## CONCLUSION

Cook's omnibus Motion runs counter to well-established case law, and violates the letter and the spirit of the Court's carefully designed CMOs. The PSC does not have an attorney-client relationship with the 7,000-plus plaintiffs and cannot respond on behalf of each case-specific claim. For each of the foregoing reasons, the Court should grant the PSC's Motion to Strike Cook's omnibus Motion.

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

      I hereby certify that on July 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

                /s/ *Joseph N. Williams*
                Joseph N. Williams