IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This Document Relates to:<br>All Cases | |

## Plaintiffs' Steering Committee's Motion to Hold in Abeyance Cook's "Omnibus" Motion for Partial Dismissal or Summary Judgment on Claims of Fraudulent Concealment

The Plaintiffs' Steering Committee files this Motion to Hold in Abeyance the Cook Defendants' Omnibus Motion for Partial Dismissal or Summary Judgment on Claim of Fraudulent Concealment and respectfully shows the Court the following:

1. In omnibus fashion, Cook asks the Court to enter judgment on the individual claims of more than 7,000 MDL Plaintiffs.

2. Separately today, the PSC moved to strike Cook's attempt. The PSC hereby requests that the Court hold in abeyance Cook's omnibus Motion until the Court rules on the PSC's well-founded Motion to Strike.

3. As grounds for the abeyance, the PSC's Motion to Strike demonstrates that Cook's omnibus Motion is without any legal basis:

- Under well-established case law, "MDL Courts have **refused to entertain** [Rule 9(b)] motions to dismiss master complaints where doing so would require case-specific rulings to determine

the sufficiency of each individual plaintiff's factual allegations."[1] The MDL courts all recognized that permitting omnibus dispositive motions would defeat the administrative purpose of a master complaint.

- Cook's Motion to Strike violates the Court's Case Management Orders and Bellwether Trial Plans. The Case Management Orders and Bellwether Trial Plans clearly contemplate that dispositive motions shall be brought in individual Bellwether trial cases, not in an omnibus motion against 7,000-plus plaintiffs.

- In addition to violating the Court's Case Management Orders, Cook's omnibus Motion raises ethical and practical issues. Because of the particularized nature of the law and facts for each individual plaintiff, the PSC cannot possibly respond to either the omnibus Rule 9(b) Motion or the Rule 56 Motion for Summary Judgment on behalf of all 7,000-plus plaintiffs. The PSC does not have attorney-client relationships with those plaintiffs. Finally, Cook fully understands that each plaintiff must have his/her fraudulent concealment claim evaluated separately under the law of his/her state, because Cook attached to its omnibus Motion a 7-page appendix purporting to outline the law of fraudulent concealment in all 50 states.

In summary, MDL courts refuse to entertain Rule 9(b) Motions to Dismiss for products liability cases. Cook's omnibus Motion violates the Court's Case Management Orders and Bellwether Trial Plans. And Cook's omnibus Motion would force the PSC to respond on behalf of the 7,000-plus plaintiffs despite the particularized facts and law applicable to each separate fraudulent concealment claim – and despite the fact that this is a mass tort, not a class action.

4. The PSC believes Cook's omnibus Motion is without any legal merit. Given both the legal and practical problems proceeding in omnibus fashion, the PSC

---

[1] *In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.*, 2012 WL 3582708, at *3 (N.D. Ill. Aug. 16, 2012), citing *In re Nuvaring Prods. Liab. Litig.*, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009). *See also In re Trasylol Prods. Liab. Litig.*, 2009 WL 577726, at *8 (S.D. Fla. March 5, 2009).

asks the Court to hold Cook's omnibus Motion in abeyance until it rules on the PSC's Motion to Strike.

**Wherefore,** Plaintiffs' Steering Committee respectfully requests the Court to hold substantive briefing of Cook's omnibus motion in abeyance until the Court rules on the PSC's motion to strike, and grant all further just and appropriate relief in the premises.

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:       jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

    I hereby certify that on July 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

/s/ *Joseph N. Williams*
Joseph N. Williams