UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| *Monica Bolden*, 1:2017-cv-04773 | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO COOK DEFENDANTS'
OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS**

Comes now Plaintiff Monica Bolden and hereby submits *Plaintiff's Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings*. For the reasons set forth herein, defendants' motion is due to be denied.

**I.   SUMMARY OF THE ARGUMENT**

Cook Defendants' have filed a motion to dismiss the Plaintiff's claim based on the Texas 15-year statute of repose for product liability claims as set forth in TEX. CIV. PRAC. & REM. CODE. § 16.012(b). The Cook Defendants' are not entitled to judgment on the pleadings in this case even though plaintiff failed to commence her action within the time permitted by the Texas statute of repose because Texas law allows for an exception that can extend the Texas statute of repose where a seller **expressly warrants in writing that the product has a useful safe life of longer than 15 years after the date of sale of the product.** For this reason, Plaintiff Monica Bolden respectfully requests Defendants' Motion be denied in its entirety.

**II.   STATEMENT OF FACTS**

Plaintiff Monica Bolden filed her complaint against Cook Defendants' on December 29, 2017. Pl. Short Form Complaint(Exhibit 1, *In Re: Cook Medical*, 1:17-cv-04773-RLY-TAB, Docket #1). Plaintiff alleges in the complaint that at the time of the implantation of the Cook Gunther Tulip Vena Cava Filter, she was a resident of Texas, her claimed injury occurred while she was a Texas

resident and she remains a Texas resident. *Id.* ¶ ¶ 4,5,6.  Plaintiff Monica Bolden's complaint alleges that the Gunther Tulip Vena Cava Filter insertion occurred on April 14, 2002 at Presbyterian Hospital of Plano, Texas by Dr. Bruce Morris. *Id.* ¶ ¶ 11, 12, 13.  In Plaintiff's Short Form Complaint, she "incorporates The Master Complaint in MDL No. 2570 by reference." *Id.* at 1. Plaintiff further incorporates multiple counts in the Master Complaint in MDL No. 2570 and **contrary to Defendants' allegations made in the present Motion, Plaintiff Monica Bolden plead an additional allegation in her Short Form Complaint regarding the breach of Texas Express Warranty exception indicating that she read and relied on the express written warranties of the Cook Defendants' stating that the Gunther Tulip filter can be used as a permanently implanted device.** *Id.* ¶ 14.

## III.   STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12 (c) is governed by the same standard as a motion to dismiss under Rule 12(b).  *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F. 3d 449, 452 (7th Cir. 1998).  To survive a motion to dismiss, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).*  A claim is plausible when a plaintiff pleads enough detail to "allow the court to draw the reasonable inference that the defendant is liable to the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## IV.   CHOICE OF LAW

Plaintiff Monica Bolden directly filed her case in the Southern District of Indiana on December 29, 2017 and thus her case would be governed by the choice-of-law rule of the Plaintiff's "home" jurisdiction pursuant to the Court's May 29, 2020 Order.  Texas law applies the "most significant relationship" test as stated in the Restatement for purposes of choice-of-law analysis. *Quicksilver Resources, Inc. v. Eagle Drilling, LLC*, 792 F.Supp.2d 948, 951.  Therefore, Texas law applies in this case.

## V.  ARGUMENT

Plaintiff Monica Bolden alleges in her complaint that at the time of the implantation of the Cook filter she was a resident of Texas, her injury occurred while a resident of Texas and she remains a Texas resident. *In Re: Cook Medical*, 1:17-cv-04773-RLY-TAB, Docket #1, Compl. ¶ ¶ 4,5,6.  Texas law defines a "product liability action" as:

> Any action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product, whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories, and whether the relief sought is recovery of damages or any other legal or equitable relief, including a suit for:…personal injury…

TEX. CIV. PRAC. & REM. CODE. § 16.012(a)(2).

Pursuant to Texas law, there is a 15-year statute of repose in product liability actions measured from the date of sale of the product. *Id.* § 16.012(b). **The statute provides an exception where a seller expressly warrants that a product will last longer than 15 years.** *Id.* § 16.012(c) ("If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action against that manufacture or seller of the product before the end of the number of years warranted after the date of the sale of the product by that seller.")

Plaintiff Monica Bolden specifically pled additional allegations in her Short Form Complaint (in paragraph 14) claiming the breach of Texas Express Warranty exception.  In that paragraph, Plaintiff indicated that prior to receiving the filter, she was provided with Cook Defendants' Gunther Tulip Patient Guide.  Plaintiff stated that prior to having the filter implanted, she read and relied on the express written warranties in the Patient Guide which stated that the Gunther Tulip filter can be used as a permanently implanted device and is safe and effective as a permanently implanted device. The Gunther Tulip Patient Guide expressly states that "the Gunther Tulip Vena Cava Filter is often used as a permanently implanted device" (Exhibit 2, page 6).

3

In support of Plaintiff's express warranty claim, Plaintiff also alleges that Dr. Morris discussed the filter implantation procedure with her, and he explained the filter was going to be permanent. In addition, Dr. Morris is the physician that provided her with the Gunther Tulip Vena Cava Filter Patient Guide to review prior to surgery. The written affirmation that the device was permanent was the reason the Plaintiff elected to move forward with the implantation of the filter. (Exhibit 3, Affidavit of Monica Bolden).

Generally, motions for judgment on the pleadings are confined to the pleadings alone. However, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Plaintiff Monica Bolden referred to her reliance on the express warranties made in the Gunther Tulip Vena Cava Filter Patient Guide in paragraph 14 of her Short Form Complaint. Plaintiff's reliance on those express warranties are central to her claim and the Texas statute of repose exception.

Pursuant to Texas law, a plaintiff bringing a breach of express warranty claim concerning a product must allege and establish six elements:

(1) An express affirmation of fact or promise by the seller relating to the goods;

(2) The affirmation of fact or promise became a part of the basis of the bargain;

(3) The plaintiff relied upon said affirmation of fact or promise;

(4) The goods failed to comply with the affirmations of fact or promise;

(5) The plaintiff was injured by such failure of the product to comply with the express warrants; and

(6) That such failure was the proximate cause of plaintiff's injury.

*Morris v. Adolph Corrs Co.*, 735 S.W.2d 578, 587 (Tex. App. 1987).

In the instant case, Plaintiff Monica Bolden alleged in her complaint that she read the express affirmation of fact that the Cook Gunther Tulip Vena Cava Filter was a permanent device as expressly written in the Gunther Tulip Vena Cava Filter Patient Guide.  Furthermore, the promise that the device was permanent became the basis of the bargain in the Plaintiff deciding to move forward with the implantation of the Gunther Tulip Vena Cava filter.  Plaintiff Monica Bolden read and relied upon the express warranties in the Patient Guide.  The Cook Gunther Tulip Vena Cava Filter failed to comply with the express warranties made by the Cook Defendants because the filter was not safe as a permanently implanted device.  As a result, Plaintiff Monica Bolden suffered a vena cava perforation due to the breach of express warranty of the Cook Gunther Tulip Vena Cava Filter.

## CONCLUSION

For the reasons stated above, Plaintiff Monica Bolden respectfully requests the Court to deny Cook Defendants' motion.  Plaintiff's complaint alleges sufficient facts to state a claim for relief that is plausible on its face, because there is a genuine issue of material fact in this case related to the Texas statute of repose exception.

As stated in Plaintiff's Short Form Complaint, she read and relied on the written warranties and representations of the Cook Defendants' that the Gunther Tulip Vena Cava Filter was a permanent device, therefore her claim is not barred by the 15-year Texas statute of repose.

Dated July 17, 2020

Respectfully submitted,

By: ___/s/ Annesley H. DeGaris___
Annesley H. DeGaris (ASB-9182-a63a)
**DeGaris Wright McCall, LLC**
2 North 20th Street, Suite 1030
Birmingham, AL 35203
Email: adegaris@degarislaw.com

*Attorney for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th of July 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Annesley H. DeGaris
Annesley H. DeGaris
