**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |
| This document relates to the following action: Roy Luster, case no. 1:18-cv-00226 | |

**PLAINTIFF ROY LUSTER'S RESPONSE TO THE COOK DEFENDANTS' OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTE OF REPOSE IN TEXAS AND TENNESSEE**

COMES NOW, Plaintiff Roy Luster ("Plaintiff"), through the undersigned counsel, and for his Response to the Cook Defendants' ("Defendants") Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee, states as follows:

**I. Introduction**

Plaintiff Roy Luster alleges in his Short Form Complaint that he was implanted with a Cook Gunther Tulip Vena Cava Filter ("filter"). *See* Doc. No. 1, p. 3. Plaintiff alleges that he was implanted with this device by Dr. Robert C. Northrop at Welmont Holston Valley Medical Center in Kingsport, Tennessee on December 28, 2007. *See id.*

In his Short Form Complaint, Plaintiff alleges the following causes of action against Defendants: strict products liability – failure to warn; strict products liability – design defect; negligence, negligence per se, breach of express warranty, breach of implied warranty and violations of applicable Tennessee law prohibiting consumer fraud and unfair and deceptive trade practices. *See id.,* p. 3-4. In addition, Plaintiff's Short Form Complaint incorporates by reference the Master Complaint in MDL No. 2570. *See id.* at 1; *see also* Master Complaint.

1

## II. Argument

### A. Summary Judgment Standard

A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's well-pleaded factual allegations must be accepted as true and all reasonable inferences must be construed in his favor. *See Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015).

### B. Choice of Law

Plaintiff does not dispute that the substantive law of Tennessee applies to the issues presented in Defendants' Motion regarding Plaintiff's claims. However, Plaintiff asserts that a potential issue as to the constitutionality of Tenn. Code § 29-28-103 arises in this and all other Tennessee based cases. Simply put, this statute is in direct contravention of the Supreme Court's discussion regarding the purpose of statutes of repose as set forth in *CTS Corp. v. Waldburger,* 573 U.S. 1, 134 S.Ct. 2175, 2179 (2014). *See CTS Corp. v. Waldburger,* 573 U.S. 1, 134 S.Ct. 2175, 2179 (2014) ("Statutes of repose effect a legislative judgment that a defendant should be free from liability after a legislatively determined amount of time and **are measured from the date of the defendant's <u>last</u> culpable act or omission.**" (emphasis added). Should this Court find that Tenn. Code § 29-28-103 frustrates the Supreme Court's position on the purpose of statutes of repose, Plaintiff respectfully requests that this Court ignore Tenn. Code § 29-28-103 and deny

Defendants' Motion. It follows that statutory enactments that frustrate the administration of justice should be declared unconstitutional by the courts. Should this Court proceed with applying Tenn. Code § 29-28-103, Plaintiff will abide by this Court's decision, and alternatively states:

**C. Alternatively, Plaintiff's claims arising from negligence, negligence per se, breach of express warranty, breach of implied warranty and violations of applicable Tennessee law prohibiting consumer fraud and unfair and deceptive trade practices should not be dismissed because Tenn. Code § 29-28-103 applies only to Plaintiff's products liability claims.**

In their present motion, Defendants base their argument that the Statute of Repose bars all Plaintiff's claims on Tenn. Code § 29-28-103(a), which provides:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Tenn. Code § 29-28-103(a). Defendants further argue that Tenn. Code § 29-28-102, which defines "products liability action", applies to all of Plaintiff's remaining actions, including negligence, negligence per se, breach of express warranty, breach of implied warranty and violations of applicable Tennessee law prohibiting consumer fraud and unfair and deceptive trade practices. *See generally,* Tenn. Code § 29-28-102.

Alternatively, Plaintiff does not dispute that the Statute of Repose set forth by Tenn. Code § 29-28-103 applies to Plaintiff's two product liability claims: strict products liability – failure to warn and strict products liability – design defect. However, the Statute of Repose set forth by Tenn. Code § 29-28-103 clearly cannot be construed to cover Plaintiff's claims that do not sound in strict products liability. Critically, Plaintiff's Short Form Complaint and the Master Complaint

3

in MDL No. 2570 allege garden variety negligence, negligence per se, breach of express warranty, breach of implied warranty, and violations of applicable Tennessee law prohibiting consumer fraud and unfair and deceptive trade practices—which are not, in any sense, strict products liability claims. Moreover, nowhere in Tenn. Code § 29-28-103 or § 29-28-102 is there any reference to claims arising from violations of applicable Tennessee law prohibiting consumer fraud and unfair and deceptive trade practices. Defendants' attempt to label Plaintiff's non-product liability claims as "product liability actions" defies fundamental legal principles and renders Defendants' argument without merit.

Consequently, Plaintiff's claims of negligence, negligence per se, breach of express warranty, breach of implied warranty and violations of applicable Tennessee law prohibiting consumer fraud and unfair and deceptive trade practices should not be dismissed pursuant to the Tenn. Code § 29-28-103, which applies only to strict liability actions.

**D. Alternatively, Defendants' alleged fraudulent concealment tolled the statute of repose as to Plaintiff's remaining claims.**

In the alternative, even if Defendants' argument is accepted that the Statute of Repose, set forth by Tenn. Code § 29-28-103, should be construed to apply to all Plaintiff's claims, Tennessee recognizes an exception to the Statute of Repose for fraudulent or wrongful concealment. *See generally Stinnett v. U.S.*, 891 F.Supp.2d 858, 867 (M.D. Tenn. 2012)(action alleging medical negligence); *Story v. Bunstine*, 538 S.W.3d 455 Tenn. 2017)(action alleging legal malpractice); *Henry v. Cherokee Const. and Supply Co., Inc.*, 301 S.W.3d 263 (Tenn. App. 2009)(action alleging negligent construction). Importantly, Plaintiff has pleaded tolling by reason of Defendants' fraudulent concealment in the Master Complaint. *See* Master Complaint, ¶¶198-199.

Considering that there is a genuine issue of material fact as to Defendants' fraudulent concealment tolling the statute of repose on Plaintiff's remaining claims, Defendants are not

entitled to judgment on the pleadings in this case for any causes of action other than Plaintiff's claims of strict products liability – failure to warn and strict products liability – design defect.

### III. Conclusion

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests this Court deny Defendants' Omnibus Motion for Judgment on the Pleadings Based on the Statute of Repose in Texas and Tennessee regarding Plaintiff's claims, and for any such other relief that is just and reasonable.

Dated:  July 17, 2020

                                          Respectfully submitted,

                                          **FLINT LAW FIRM, LLC**

By:  */s/ Jacob A. Flint*
Jacob A. Flint, IL Bar No. 6299777
222 E Park St. Suite 500
Edwardsville, IL 62025
Phone: (618) 288-4777
Fax: (618) 288-2864
jflint@flintlaw.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By:  */s/ Jacob A. Flint*
Attorney for Plaintiff