UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to the Following Actions only:

*Christopher Michael Price*, 1:19-cv-02543

## PLAINTIFF CHRISTOPHER MICHAEL PRICE'S RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Christopher Michael Price hereby submits *Plaintiff's Response to Cook Defendants' Motion for Judgment on the Pleadings*. We respectfully ask the Court to dismiss this Motion in its entirety. Plaintiff's claims are based on negligence, negligence per se, and breach of express and implied warranty. Such claims survive the Tennessee statute of repose. Further, the application of the statute of repose violates Plaintiff's right to equal protection under the Equal Protection Clause of the U.S. Constitution and the Class Legislation Clause of the Tennessee State Constitution.

## INTRODUCTION

Defendants move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) because Plaintiff allegedly failed to commence this action within the time permitted under the Tennessee Statute of Repose, which would be the governing law after performing a choice-of-law analysis under Indiana law.  When applying the Tennessee law, it is evident that the only claim to which the Statute of Repose applies is a product liability claim. Plaintiff's negligence, warranty, gross negligence, failure to warn, and other claims are certainly

1

outside the ambit of the subject statute. And, critically, Defendants raise no arguments that would support dismissing the remainder of Plaintiff's claims. For these reasons, which are detailed below, this motion is inappropriate and should be denied in its entirety.

## STATEMENT OF RELEVANT FACTS

Plaintiff filed his Short Form Complaint on June 24, 2019. [Dkt. 1, Case No. 1:19-cv-02543]. In his Short Form Complaint, Plaintiff "incorporate[d] The Master Complaint in MDL 2570 by reference." *Id*. at 1. Plaintiff was implanted with Defendants' device and suffered injuries from such device while residing in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Plaintiff alleged the following causes of action: (1) strict products liability – failure to warn; (2) strict products liability – design defect; (3) negligence; (4) negligence per se; (5) breach of express warranty; (6) breach of implied warranty; and (7) punitive damages. Id. at 3-4, ¶ 14.

## ARGUMENT

As an initial matter, Plaintiff does not disagree with Defendants' statement of the legal standards governing motions to dismiss and conflicts of law issues. [Defs.' Mot., Dkt. 13761 at 3-8]. Defendants' motion, however, is legally insufficient to warrant the dismissal of Plaintiff's Complaint because: (a) it fails to correctly construe Tennessee's statute of repose in a holistic manner; and (b) dismissal of Plaintiff's Complaint would violate equal protection under state and federal law.

**A. Defendants' Motion Has Incorrectly Construed Tennessee's Statute of Repose.**

Without a proper analysis, Defendants argue that Plaintiff's claim is barred by the Tennessee Statute of Repose. [Dkt. 13761 at 2].

Plaintiff alleged that Defendants possessed a post-sale duty to warn, and that Defendants breached this duty. [Master Complaint, Dkt. 213 ¶¶ 38-46 (alleging, inter alia, Defendants

2

learned of defects in their products after initial manufacturing, yet "failed to disclose [these facts] to physicians" and "continued to promote the Cook filter as safe and effective") and ¶¶ 53-64 (alleging, inter alia, "Defendants had a continuing duty to warn Plaintiffs and their physicians of the dangers associated with the subject products)]. Thus, Plaintiff's negligence, warranty, negligence per se, and failure to warn claims should not be barred.

In addition, at its broadest reading, Tennessee's statute of repose bars product liability actions brought later than ten (10) years from the date the product was first purchased for use or consumption. See Tenn. Code Ann. § 29-28-103(a). The statute, however, does not apply to other causes of action, such as negligence or breach of warranty – both of which Plaintiff alleged in his Short Form Complaint. Short Form Complaint ¶ 14 [Dkt. 1, Case No. 1:19-cv-02543]. Consequently, Defendants are not entitled to judgment on the pleadings as it concerns Plaintiff's negligence, negligence per se, breach of express warranty, or breach of implied warranty causes of action.

### B. Application of the Tennessee Statute of Repose Violates the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution.

The concept of equal protection espoused by the Federal and Tennessee State Constitutions guarantee that all persons similarly situated shall be treated alike. *Doe v. Norris*, 751 S.W.2d 834, 841 (Tenn. 1988).

Here, Plaintiff is similarly situated to individuals with asbestos-related and silicone gel breast implant health problems because injuries from the subject filters also have long-latency periods. As such, he must be provided with the same benefits as these individuals. Notably, the Defendants' motion fails to address the well-established exceptions for victims of asbestos and silicone gel breast implant injuries. Accordingly, a failure of this Court to apply the well-

established exception violates Plaintiff's right to equal protection under the United States Constitution.

Similarly, under the Class Legislation Clause of the Tennessee Constitution, Tennessee courts employ a similar analysis as the Equal Protection Clause of the United States. *Winningham v. Ciba-Geigy Corp.*, 1998 U.S. App. LEXIS 16388, n.5 (6th Cir. 1998).

A rational basis standard applies because the classification does not implicate a suspect class or fundamental right. Under this analysis, the judicial inquiry into the legislative choice rests on "whether the classifications have a reasonable relationship to a legitimate state interest." *Doe*, 751 S.W.2d at 841. The classification itself must rest on a reasonable basis. *Harrison v. Shrader*, 569 S.W.2d 822, 825 (Tenn. 1978). Reasonableness, in the equal protection context, depends upon the facts of the case, and no general rule can be formulated for its determination. *Estrin v. Moss*, 430 S.W.2d 345 (Tenn. 1968).

Tennessee courts have acknowledged that a general exemption for all latent injury claims effectively serves the Tennessee legislature's intended purpose. *Wyatt v. A-Best Products, Co.*, 924 S.W.2d 98, 106 (Tenn. Ct. Ap. 1995). When applying governing law and analyzing the facts of the present manner, application of the exemption under Tenn. Code Ann. § 29-28-103 is required as Plaintiff's claims are similarly situated by injury and class to asbestos-related claims and silicone gel breast implant claims. Like asbestos and breast implant claims, these filter claims typically have a long period of latency before the onset of the injury. This latency period can and often does extend past the ten-year limitation provided in Tennessee's statute of repose. As a result, innocent plaintiffs are barred from a path to recovery for injuries similar to those excused from the statute, thereby violating both the Class Legislation Clause and the Federal Equal Protection Clause.

Moreover, the severity of the injuries sustained in these filter claims are similar to the injuries sustained in both silicone gel breast implant and asbestos claims. Common injuries that Plaintiffs sustain from Vena Cava Filter implantations include—but are not limited to—filter migration, organ perforation, stroke, pulmonary embolisms, and even death. Recent modeling suggests that over 900,000 incident or recurrent, fatal, and non-fatal venous thromboembolism events occur in the United States annually.[1] Of these, it is estimated that 250,000 people in the United States each year are implanted with a filter, whereas only 2,000 to 3,000 new cases of mesothelioma occur annually.[2] An exemption for those individuals who were injured by these filters, such as Plaintiff, is required to satisfy the Tennessee legislature's intent of protecting those severely injured after a prolonged latency period.

The Tennessee legislature's arbitrary distinctions under Tenn. Code Ann. § 29-28-103 unjustly prevent similarly situated innocent plaintiffs from recovering while allowing those that have suffered from asbestos-related injuries or silicone gel breast implant injuries a path to recovery.  Due to the similarities in latency of injury, the large number of impacted individuals, and the extreme injuries suffered, there is no rational basis for the distinction between Plaintiff's claim and those exceptions in the Tennessee Statute of Repose.  Accordingly, application of the Statute of Repose and dismissing Plaintiff's Complaint, violate the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. U.S. Const. amend. XIV, § 1, Tenn. Const. art. XI, § 8.

---

[1]    Heir J, Cohen A, Anderson F. Estimated annual number of incident and recurrent, fatal and non-fatal venous thromboembolism (VTE) events in the US. Blood 2005;106:267a.
[2]    Sandler, Tim and Gosk, Stephanie, Why Did Firm Keep Selling Problem Blood-Clot Filters? http://www.nbcnews.com/health/health-news/why-did-firm-keep-selling-problem-blood-clot-filters-n488166; Cancer Research UK. (2014, July 10). Statistics and Outlook for Mesothelioma. Retrieved from http://www.cancerresearchuk.org/about-cancer/type/mesothelioma/treatment/statistics-and-outlook-for- mesothelioma.

## CONCLUSION

Plaintiff Christopher Michael Price respectfully requests that this Court deny Defendants' motion in its entirety, as not all of Plaintiffs' claims are barred by the Tennessee Statute of Repose and because application of the statute of repose violates Plaintiffs' right to equal protection under the U.S. Constitution and Tennessee State Constitution.

Respectfully Submitted,

/s/  *Rhett A. McSweeney*
Rhett A. McSweeney
McSweeney Langevin, LLC
2116 2nd Avenue South
Minneapolis, Minnesota 55404
Telephone: 877.542.4646
Fax: 612.4542678

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2020, a true and correct copy of Plaintiff's Response to Cook Defendants' Motion for Judgment on the Pleadings was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: July 17, 2020

      Respectfully Submitted,

      /s/ *Rhett A. McSweeney*
      Rhett A. McSweeney
      McSweeney Langevin, LLC
      2116 2nd Avenue South
      Minneapolis, Minnesota 55404
      Telephone: 877.542.4646
      Fax: 612.4542678

      Attorney for Plaintiff