UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions only:

    Susan Herron and Charlie Heron, No. 1:18-cv-02670
    Joseph Rogan, No. 1:18-cv-03568
    Joshua S. Brooks, No. 1:18-cv-03618

**PLAINTIFFS' RESPONSE TO COOK DEFENDANTS' OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTE OF REPOSE IN TEXAS AND TENNESSEE**

    Plaintiffs Susan Herron and Charlie Herron, Joseph Rogan, and Joshua S. Brooks hereby submit their *Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee*. Because it would be unconstitutional to apply Tennessee's statute of repose to Plaintiffs' claims, Plaintiffs respectfully request Defendants' Motion be denied.

**INTRODUCTION**

    Defendants move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) because Plaintiffs allegedly failed to commence their actions within the time permitted by the Tennessee statute of repose. But applying the statute of repose to bar Plaintiffs' claims would be a violation of the United States Constitution's Equal Protection guarantee, and it would violate the Tennessee state constitution's Class Legislation Clause. Plaintiffs who

suffer latent injuries caused by the implantation of IVC filters are similarly situated to individuals who suffer latent injuries caused by silicone gel breast implants, and there is no rational basis to treat them differently. If Plaintiffs' claims were treated the same way as individuals who suffer injury from silicone gel breast implants, their claims would be timely under the applicable statute of repose, and Defendants' motion for judgment on the pleadings should be denied.

## STATEMENT OF RELEVANT FACTS

Plaintiffs Susan G. Herron and Charlie Herron filed their Short Form Complaint on August 28, 2018. [Dkt. 1, Case No. 1:18-cv-02670-RLY). In the Short Form Complaint, Plaintiffs "incorporate[d] The Master Complaint in MDL 2570 by reference." *Id*. at 1. Plaintiff Susan G. Herron was implanted with Defendants' device and suffered injuries from such device while residing in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Plaintiff was implanted with Defendants' Gunther Tulip Vena Cava Filter on July 13, 2007 at Holston Valley Medical Center in Kingsport, Tennessee. *Id*. at 2-3, ¶¶ 10-12. Doctor Christopher A. Neglia was the implanting physician. *Id*. at 3, ¶ 13. Plaintiffs alleged the following causes of action: (1) strict products liability – failure to warn; (2) strict products liability – design defect; (3) negligence; (4) negligence per se; (5) breach of express warranty; (6) breach of implied warranty; (7) violations of applicable Tennessee law prohibiting consumer fraud and unfair and deceptive trade practices; (8) loss of consortium; and (9) punitive damages. *Id*. at 3-4, ¶ 14.

Plaintiff Joseph Rogan filed his Short Form Complaint on November 15, 2018. [Dkt. 1, Case No. 1:18-cv-03568-RLY-TAB). In the Short Form Complaint, Plaintiff "incorporate[d] The Master Complaint in MDL 2570 by reference." *Id*. at 1. Plaintiff was implanted with Defendants' device and suffered injuries from such device while residing in Tennessee. *Id*. at 1-

2, ¶¶ 4-6. Plaintiff was implanted with Defendants' Gunther Tulip Vena Cava Filter on February 17, 2007 at Nashville General Hospital in Nashville, Tennessee. *Id*. at 2-3, ¶¶ 10-12. Doctor Charles B. Ross was the implanting physician. *Id*. at 3, ¶ 13. Plaintiff alleged the following causes of action: (1) strict products liability – failure to warn; (2) strict products liability – design defect; (3) negligence; (4) negligence per se; (5) breach of express warranty; (6) breach of implied warranty; (7) violations of applicable Tennessee law prohibiting consumer fraud and unfair and deceptive trade practices; and (8) punitive damages. *Id*. at 3-4, ¶ 14.

Plaintiff Joshua S. Brooks filed his Short Form Complaint on November 20, 2018. [Dkt. 1, Case No. 1:18-cv-03618-RLY-TAB). In the Short Form Complaint, Plaintiff "incorporate[d] The Master Complaint in MDL 2570 by reference." *Id*. at 1. Plaintiff was implanted with Defendants' device and suffered injuries from such device while residing in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Plaintiff was implanted with Defendants' Gunther Tulip Vena Cava Filter on June 5, 2006 at Vanderbilt University Medical Center in Nashville, Tennessee. *Id*. at 2-3, ¶¶ 10-12. Doctor Jeffrey Dattilo was the implanting physician. *Id*. at 3, ¶ 13. Plaintiff alleged the following causes of action: (1) strict products liability – failure to warn; (2) strict products liability – design defect; (3) negligence; (4) negligence per se; (5) breach of express warranty; (6) breach of implied warranty; (7) violations of applicable Tennessee law prohibiting consumer fraud and unfair and deceptive trade practices; and (8) punitive damages. *Id*. at 3-4, ¶ 14.

## ARGUMENT

Application of the Tennessee statute of repose violates the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution because there is no rational basis to treat latent injuries caused by IVC filters differently from latent injuries caused by silicone gel breast implants. The ten-year Tennessee

products liability statute of repose expressly does not apply to "any action resulting from exposure to asbestos or to the human implantation of silicone gel breast implants." Tenn. Code Ann. § 29-28-103(b). A products liability claim involving a silicone gel breast implant instead must be brought within 25 years of implantation (and within four years of "the date the plaintiff knew or should have known of the injury." Tenn. Code Ann. § 29-28-103(c)(1).

Plaintiffs here suffered injuries from IVC filters that were implanted in their bodies many years before. They are similarly situated to individuals with injuries caused by silicone gel breast implants. Injuries from IVC filters and silicone breast implants both result from devices implanted into the body that cause injury after long latency periods. There is no rational basis for the distinctions between IVC filter claims and the exception found within the Tennessee statute of repose for injuries caused by silicone gel implants. *See* Tenn. Code Ann. § 29-28-103.

The concept of equal protection espoused by the United States and Tennessee constitutions guarantees that all persons similarly situated shall be treated alike. *Doe v. Norris*, 751 S.W.2d 834, 841 (Tenn. 1988). The Unites States Constitution provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. And the Tennessee state constitution provides:

> The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie[s], or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law.

Tenn. Const. art. XI, § 8. When evaluating an equal protection claim, Tennessee courts apply a

similar analysis under the Class Legislation Clause of the Tennessee Constitution as the Equal Protection Clause of the United States. *Wyatt v. A-Best Prod. Co.*, 924 S.W.2d 98, 105 (Tenn. Ct. App. 1995), *as modified on reh'g* (Dec. 28, 1995).

Here, Plaintiffs' claims may be treated differently from claimants whose injuries are caused by silicone gel breast implants only if there exists a rational basis for the classification. *Wyatt*, 924 S.W.2d at 106. Under this analysis, the judicial inquiry into the legislative choice rests on "whether the classifications have a reasonable relationship to a legitimate state interest." *Doe*, 751 S.W.2d at 841. The classification itself must rest on a reasonable basis. *Harrison v. Shrader*, 569 S.W.2d 822, 825 (Tenn. 1978). Reasonableness, in the equal protection context, depends upon the facts of the case, and no general rule can be formulated for its determination. *Estrin v. Moss*, 430 S.W.2d 345 (Tenn. 1968).

Tennessee courts have acknowledged that a general exemption for all latent injury claims may more effectively serve the Tennessee legislature's intended purpose, although the legislature need not treat all latent injury cases identically. *Wyatt*, 924 S.W.2d at 106. But Plaintiffs' IVC filter related claims are not simply latent injury claims; the similarity of these claims to silicone gel breast implant claims is far greater than simply shared latency. They are, like silicone gel breast implant claims, latent injuries caused by the implantation of a medical device into the body. Like silicone gel breast implant claims, the claimant is aware that a device has been implanted into the body, but remains unaware that any damage is thereby being done. Both IVC filter claims and silicone gel breast implant claims typically have a long period of latency before the onset of the injury. This latency period can and often does extend past the ten-year limitation provided in Tennessee's statute of repose. Recognizing the unfairness of this situation, the Tennessee Legislature provided a 25-year statute of repose for silicone gel breast

5

implant claims. But similarly situated, and entirely innocent, plaintiffs injured by IVC filters are barred from a path to recovery, thereby violating the Equal Protection Clause and the Class Legislation Clause.

Furthermore, the types of injuries sustained and the trends in injury development over time are similar in IVC filter claims and silicone gel breast implant claims. The subject filters often fall out of place or break apart, causing hemorrhages, strokes, pulmonary embolism, and even death. Recent modeling suggests that over 900,000 incident or recurrent, fatal, and non-fatal venous thromboembolism events occur in the United States annually.[1] Of these, it is estimated that 250,000 people in the United States each year are implanted with a filter.[2] The injuries caused by silicone gel breast implants are similar, in that those implants can cause local pain and scarring, rupture, and may require surgical removal.[3] As with IVC filters, the risk of serious complications from silicone gel breast implants increases significantly with increasing implant age.[4] IVC filter claims are similarly situated by both injury and class to silicone gel breast implant claims.

The Tennessee legislature's arbitrary distinctions under the statute of repose allow plaintiffs with injuries from silicone gel breast implants a path to recovery while denying that right to similarly situated innocent plaintiffs who suffer latent injuries caused by IVC filters. Given the similarities in type and onset of injury as well as the mechanism of injury, there is no

---

[1] Heir, et al., *Estimated annual number of incident and recurrent, fatal and non-fatal venous thromboembolism (VTE) events in the US*, Blood 106:267a (2005).

[2] Sandler and Gosk, *Why Did Firm Keep Selling Problem Blood-Clot Filters?* http://www.nbcnews.com/health/health-news/why-did-firm-keep-selling-problem-blood-clot-filters-n488166.

[3] *Update on the Safety of Silicone Gel-Filled Breat Implants (2011) – Executive Summary*, U.S. Food and Drug Administration, https://www.fda.gov/medical-devices/breast-implants/update-safety-silicone-gel-filled-breast-implants-2011-executive-summary.

[4] Hölmich, et al., *Incidence of Silicone Breast Implant Rupture*, Arch Surg. 138(7):801-806 (2003), https://jamanetwork.com/journals/jamasurgery/fullarticle/395179#:~:text=The%20overall%20rupture%20incidence%20rate,risk%20than%20single%2Dlumen%20implants.

rational basis for the distinction made in the Tennessee statute of repose between Plaintiffs' claims and those caused by silicone gel breast implants. As such, application of the statute of repose to bar Plaintiffs' claims violates the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. *See* U.S. Const. amend. XIV, § 1; Tenn. Const. art. XI, § 8.

If, as they should be, Plaintiffs' claims are treated like similarly situated silicone gel breast implant claims and provided the benefit of the 25-year statute of repose, their claims are timely. Plaintiffs Susan G. Herron and Charlie Herron filed their claim 11 years and 1 month after implantation. Plaintiff Joseph Rogan filed his claim 11 years and 8 months after implantation. Plaintiff Joshua S. Brooks filed his claim 12 years and 5 months after implantation. Consequently, Defendants' motion for judgment on the pleadings must be denied.

## CONCLUSION

Defendants' motion for judgment on the pleadings should be denied because to apply the Tennessee 10-year products liability statute of repose to bar their actions would violate the Unites States Constitution and the Tennessee state constitution. They should receive the benefit of the 25-year statute of repose applied to similarly situated silicone gel breast implant claims. And under that statute of repose, Plaintiffs' claims are timely. For that reason, Plaintiffs respectfully request this Court deny Defendants' motion for judgment on the pleadings.

Respectfully Submitted,

*/s/ Matthew R. McCarley*
**Matthew R. McCarley**
Texas Bar No. 24041426
mccarley@fnlawfirm.com
**Arati C. Furness**
Texas Bar No. 24094382
California Bar No. 225435
afurness@fnlawfirm.com

**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2020, a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: July 17, 2020

> Respectfully Submitted,
>
> */s/ Matthew R. McCarley*
> **Matthew R. McCarley**