**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

---

This Document Relates to:
1:18-cv-01992-RLY-TAB

---

## PLAINTIFF JULIE CRAWLEY'S MEMORANDUM OF LAW IN OPPOSITION TO COOK DEFENDANTS' OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, Julie Crawley, hereby submits this Response in Opposition to Cook Defendants' Omnibus Motion for Judgment on the Pleadings and request that Defendants' Motion be denied for the reasons stated herein. As articulated below, not only does Tennessee law not bar Plaintiff's claims, the application of Tennessee's statute of repose violates Plaintiff's right to equal protection under federal and state law. For these reasons, Plaintiff respectfully request Defendants' Motion be denied in its entirety.

### INTRODUCTION

Defendants move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) because Plaintiff allegedly failed to commence this action within the time permitted under the Tennessee statute of repose, which would be the governing law after performing a choice-of-law analysis under Indiana law. When applying Tennessee law, it is clear that the only claim to which the statute of repose applies is a product liability claim. However, under Tennessee law it is evident that Plaintiff's failure to warn claim is outside of the ambit of Tennessee's statute of repose. Moreover, Defendants' Motion provides no explanation

why the court should dismiss the remainder of Plaintiff's claims, e.g., breach of warranty and violation of Tennessee consumer protection laws. For these reasons, which are more fully set forth below, Plaintiff's case should not be dismissed and Defendants' Motion should be denied in its entirety.

## STATEMENT OF RELEVANT FACTS

Plaintiff, Julie Crawley, filed her Short Form Complaint on June 28, 2018. (Docket No. 1, Case No. 1:18-cv-001992). In her Short Form Complaint, Plaintiff "incorporate The Master Complaint in MDL No. 2570 by reference (Document 213)." Plaintiff, Julie Crawley, was implanted with Defendants' defective device and suffered injuries while residing in Tennessee. *Id.* at ¶¶ 4-6. Plaintiff alleged the following causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Products Liability – Design Defect; (3) Negligence; (4) Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Violations of Tennessee's Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. *Id.* at 3-4, ¶14.

## ARGUMENT

Defendants' Motion is legally insufficient to warrant the dismissal of Plaintiff's Complaint because: (a) Defendants' have incorrectly construed Tennessee's statute of repose in an all-encompassing manner; and (b) dismissal of Plaintiff's complaint would violate equal protection under federal and state law.

### A. Defendants Have Incorrectly Construed Tennessee's Statute of Repose in an All-Encompassing Manner

Plaintiff alleges that Defendant possessed a post-sale duty to warn and that Defendants breached this duty. [Master Complaint, Docket No. 213 ¶¶ 38-46 (alleging, inter alia,

Defendants learned of defects in their products after initial manufacturing yet, "failed to disclosed [these facts] to physicians" and "continued to promote the Cook filter as safe and effective") and ¶¶ 53-64 (alleging, inter alia, "Defendants had a continuing duty to warn Plaintiff and her physician of the dangers associated with the subject products)]. Thus, Plaintiff's failure to warn claims should not be dismissed.

Further, it is clear that Tennessee's statute of repose only bars product liability claims brought ten years after the date was purchased. Tenn. Code Ann. § 29-28-103(a). Nowhere in the statute does it state that the statute of repose applies to other causes of action, including but not limited to causes of action sounding in negligence and/or breach of warranty – which were sufficiently plead in Plaintiff's Short Form Complaint. [Short Form Complaint ¶ 14 (Docket No. 1. Case No. 1:20-cv-00848].

**B. Application of the Tennessee Statute of Repose Violates Plaintiff's Right to Equal Protection Under the United States Constitution and the Tennessee State Constitution**

Dismissing Plaintiff's claims in their entirety in light of the exceptions established for victims of asbestos and silicone gel breast implants injuries would violate the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. [U.S Const. amend. XIV, § 1, Tenn. Const. art. XI § 8]. Noteworthy is the fact that Defendants' Motion is completely void of any mention to these well-established exceptions. It is undisputed that Plaintiff are similarly situated by injury and class to those individuals who have suffered from asbestos-related and silicone gel breast implant injuries. Accordingly, Plaintiff must be provided with the same benefits as these individuals and failure of this Court to apply the well-established exception violates Plaintiff's right to equal protection.

3

It is well settled that equal protection under both the federal and Tennessee state constitutions requires that all persons similarly situated be treated alike. *Doe v. Norris*, 751 S.W.2d 834, 841 (Tenn. 1988). When evaluating an equal protection claim, Tennessee courts employ a similar analysis under the Class Legislation Clause of the Tennessee Constitution as the Equal Protection Clause of the United States. *Winningham v. Ciba-Geigy Corp.*, 1998 U.S. App. LEXIS 16388, n.5 (6th Cir. 1998). When applying the rational basis analysis, the Court must consider "whether the classifications have a reasonable relationship to a legitimate state interest." *Doe*, 751 S.W.2d at 841. The classification must rest on a reasonable basis. *Harrison v. Shrader*, 569 S.W.2d 822, 825 (Tenn. 1978). Reasonableness, in the equal protection context, depends upon the facts of the case and no general rule can be formulated for its determination. *Estrin v. Moss*, 430 S.W.2d 345 (Tenn. 1968). Courts throughout Tennessee have recognized a general exemption for all latent injury claims are in line with serving Tennessee legislature's intended purpose. *Wyatt v. A-Best Products, Co.*, 924 S.W.2d 98, 106 (Tenn. Ct. App. 1995).

When applying governing law and analyzing the facts of the present manner, application of the exemption under Tenn. Code Ann. § 29-28-103 is required as Plaintiff's claims are similarly situated by injury and class to asbestos-related claims and silicone gel breast implant claims. One of the main reasons why the exemption was created is due to the fact that asbestos-related claims and silicone gel breast implant claims have a long latency period before the onset of symptoms related to injury. Similar to the type of injuries suffered by asbestos and silicone gel breast implants, the latency period for those suffering injuries from Defendants' Vena Cava Filters can and often does extend past the 10-year limitations provided in Tenn. Code. Ann. § 29-28-103. In the present matter, Plaintiff's injuries were not until October 8, 2019. Application of a rigid application of the 10 year statute of repose without consideration for the latency period bars innocent individuals, such as Plaintiff, from recovery for injuries similar to those previously

4

exempted by Tenn. Code Ann. § 29-28-103, thereby violating the Equal Protection Clause and the Class Legislation Clause. Additionally, the severe and often debilitating injuries sustained from implantation of Defendants' Vena Cava Filter are similar with those suffered by individuals harmed by asbestos and silicone gel breast implants. The most common injuries suffered from Vena Cava Filter include are not limited to filter migration, organ perforation, stroke, pulmonary embolism and even death. To satisfy Tennessee's legislature's intent of protecting those severely injured after a prolonged latency period, requires an exemption for those individuals, such as Plaintiff, injured by Defendants' Vena Cava Filter.

The Tennessee legislature's arbitrary distinctions under Tenn. Code Ann. § 29-28-103 unjustly prevent similarly situated innocent Plaintiff from recovering while allowing those suffered with asbestos-related injuries or silicone gel breast implant injuries a path to recovery. Due to the similarities in latency of injury, the large number of impacted individuals, and the extreme injuries suffered, there is no rational basis for the distinction between Plaintiff's claim and those exceptions in the Tennessee statute of repose. Accordingly, application of the statute of repose and dismissing Plaintiff's complaints, violate the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. U.S. Const. amend. XIV, § 1, Tenn. Const. art. XI, § 8.

**CONCLUSION**

Defendants' Motion should be denied in its entirety because not all of Plaintiff's claims are barred by the statute of repose and because application of the statute of repose violates Plaintiff's right to equal protection under the U.S. Constitution and Tennessee State Constitution. For these reasons, Plaintiff, Julie Crawley, respectfully request this Court deny Defendants' Motion in its entirety.


Dated: July 17, 2020                          Respectfully submitted,

                                              */s/John A. Dalimonte*
                                              John A. Dalimonte
                                              (Admitted Pro Hac Vice, MA Bar No. 554554)
                                              **DALIMONTE RUEB LAW GROUP, LLP**
                                              85 Devonshire Street, Suite 1000
                                              Boston, MA 02109
                                              Telephone: (617) 302-9900
                                              Facsimile: (617) 742-9130
                                              john@drlawllp.com

                                              ***Counsel for Plaintiffs***