IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF INDIANA
INDIANAPOIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB  <br><br>MDL No. 2570 |

This Document Relates to:

Kacy Harvey, No. 1:17-cv-03735

Eric Edwards, No. 1:18-cv-00432

**PLAINTIFFSS KACEY HARVEY AND ERIC EDWARDS RESPONSE TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON THE TENNESSEE STATUTE OF REPOSE**

Plaintiffs Kacy Harvey and Eric Edwards hereby submit this Response in Opposition to Cook Defendants' Omnibus Motion for Judgment on the Pleadings and request that Defendants' Motion be denied for the reasons stated herein. As articulated below, the application of Tennessee's statute of repose violates Plaintiffs' right to equal protection under federal and state law. For this reason, Plaintiffs respectfully request Defendants' Motion be denied in its entirety.

### INTRODUCTION

Defendants move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) because Plaintiffs allegedly failed to commence this action within the time

1

permitted under the Tennessee statute of repose, which would be the governing law after performing a choice-of-law analysis under Indiana law. The application of the Tennessee statute of repose without applying the latency exception violates the Plaintiffs' rights of Equal Protection Under the United States Constitution and the Tennessee State Constitution. For this reason, which is more fully set forth below, Plaintiffs' cases should not be dismissed and Defendants' Motion should be denied in its entirety. Specifically, the latency exception and the reasoning behind its application to breast implants is almost identical to IVC Filters and therefore should be treated the same in these actions.

## STATEMENT OF RELEVANT FACTS

Plaintiff Kacy Harvey, filed her Short Form Complaint on October 17, 2017. (Docket No. 1, Case No. 1:17-cv-03735). In her Short Form Complaint, Plaintiffs "incorporate The Master Complaint in MDL No. 2570 by reference (Document 213)." Plaintiffs, Kacy Harvey, was implanted with Defendants' defective device on August 28, 2007 and suffered injuries while residing in Tennessee. *Id.* at ¶¶4-6 and 11. Plaintiffs alleged the following causes of action:(1) Strict Products Liability – Failure to Warn; (2) Strict Products Liability – Design Defect; Negligence; (4) Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Violations of Tennessee's Consumer Fraud and Unfair and Deceptive Trade Practices; (8)) Punitive Damages. *Id.* at 3-4, ¶14.

Plaintiff Eric Edwards filed his Short Form Complaint on February 14, 2018. (Docket No. 1, Case No. 1:18-cv-00432). In his Short Form Complaint, Plaintiffs "incorporate The Master Complaint in MDL No. 2570 by reference (Document 213)." Plaintiffs, Eric Edwards, was implanted with Defendants' defective Gunther Tulip IVC Filter on November 5, 2006 and suffered injuries while residing in Tennessee. *Id.* at ¶¶4-6 and 11. Plaintiff alleged the

2

following causes of action:(1) Strict Products Liability – Failure to Warn; (2) Strict Products Liability – Design Defect; Negligence; (4) Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Violations of Tennessee's Consumer Fraud and Unfair and Deceptive Trade Practices; (8)) Punitive Damages. *Id.* at 3-4, ¶14.

## ARGUMENT

Application of the Tennessee statute of repose violates the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution because there is no rational basis to treat latent injuries caused by IVC filters differently from latent injuries caused by silicone gel breast implants. The ten-year Tennessee products liability statute of repose expressly does not apply to "any action resulting from exposure to asbestos or to the human implantation of silicone gel breast implants." Tenn. Code Ann. § 29-28-103(b). A products liability claim involving a silicone gel breast implant instead must be brought within 25 years of implantation (and within four years of "the date the Plaintiff knew or should have known of the injury." Tenn. Code Ann. § 29-28-103(c)(1).

However, Plaintiffs have suffered injuries from a product similar to the silicone breast implants. Injuries from the IVC Filter and silicone breast implants both are advertised as permanent implants. Both once implanted can cause serious injuries that are often latent for year longer than the statue allows. There is a direct comparison of both products because although they can both be "removed" pharmaceutical companies advertised that they could stay permanently in the body. Therefore, there is no rationale for the distinction of the two products and therefore they should be treated the same under the Tennessee Statute of Repose. See Tenn. Code Ann. § 29-28-103.

3

## LEGAL AUTHORITY

The concept of equal protection espoused by the United States and Tennessee constitutions guarantees that all persons similarly situated shall be treated alike. Doe v. Norris, 751 S.W.2d 834, 841 (Tenn. 1988). The Unites States Constitution provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV, § 1.

And the Tennessee state constitution provides:

> The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie[s], or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law. Tenn. Const. art. XI, § 8.

When evaluating an equal protection claim, Tennessee courts apply a similar analysis under the Class Legislation Clause of the Tennessee Constitution as the Equal Protection Clause of the United States. Wyatt v. A-Best Prod. Co., 924 S.W.2d 98, 105 (Tenn. Ct. App. 1995), as modified on reh'g (Dec. 28, 1995) The Equal Protection Clause of the Fourteenth Amendment prohibits States from denying "to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause keeps governmental decisionmakers from treating disparately persons who are in all relevant respects similarly situated." Bills v. Dahm, 32 F.3d 333, 335 (8th Cir. 1994). Justice Thurgood Marshall, wrote that equal protection "mandates nothing less than that 'all persons similarly circumstanced shall be treated alike.'' *See* San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 89 (1973) (quoting F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415 (1920)). Plaintiffs must therefore "demonstrate that they were treated differently from others similarly situated to them." Arnold v. City of Columbia, Mo., 197 F.3d 1217, 1220 (8th

4

Cir. 1999) (citing to Keevan v. Smith, 100 F.3d 644, 647-48 (8th Cir. 1996)); see also Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994). The Equal Protection Clause requires public institutions to "treat similarly situated individuals in a similar manner." Gutzwiller v. Fenik, 860 F.2d 1317, 1328 (6th Cir. 1988). "In opposition to a motion for summary judgment, it is Plaintiff who possesses the burden of demonstrating that the defendants treated similarly situated individuals in a disparate manner." *See* Gillard v. Norris, 857 F.2d 1095, 1101 (6th Cir. 1988).

Similarly, in this case the Plaintiffs' claims are categorized incorrectly. The Plaintiffs' should be classified as to fall under the latency exception to the Tennessee Statute of Repose. *See* Tenn. Code Ann. § 29-28-103. It is well established that equal protection under both the Federal and Tennessee state constitutions requires that all persons similarly situated be treated alike. *Doe v. Norris*, 751 S.W.2d 834, 841 (Tenn. 1988). When evaluating an equal protection claim, Tennessee courts employ a similar analysis under the Class Legislation Clause of the Tennessee Constitution as the Equal Protection Clause of the United States. *Winningham v. Ciba-Geigy Corp.*, 1998 U.S. App. LEXIS 16388, n.5 (6th Cir. 1998). When applying the rational basis analysis, the Court must consider "whether the classifications have a reasonable relationship to a legitime state interest." *Doe*, 751 S.W.2d at 841. The classification must rest on a reasonable basis. *Harrison v. Shrader*, 569 S.W.2d 822, 825 (Tenn. 1978). Reasonableness, in the equal protection context, depends upon the facts of the case and no general rule can be formulated for its determination. *Estrin v. Moss*, 430 S.W.2d 345 (Tenn. 1968). Courts throughout Tennessee have recognized a general exemption for all latent injury claims are in line with serving Tennessee legislature's intended purpose. *Wyatt v. A-Best Products, Co.*, 924 S.W.2d 98, 106 (Tenn. Ct. App. 1995).

**Application of the Tennessee Statute of Repose Violates Plaintiffs' Right to Equal Protection Under the United States Constitution and the Tennessee State Constitution**

Dismissing Plaintiffs' claims in their entirety in light of the exceptions established for victims of asbestos and silicone gel breast implants injuries would violate the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State

Constitution. [U.S Const. amend. XIV, § 1, Tenn. Const. art. XI § 8]. Noteworthy is the fact that Defendants' Motion is completely void of any mention to these well-established exceptions to the statute of repose in Tennessee. It is undisputed that Plaintiffs are similarly situated by injury and class to those individuals who have suffered from silicone gel breast implant injuries. Accordingly, Plaintiffs must be provided with the same benefits as these individuals and failure of this Court to apply the well-established exception violates Plaintiffs' right to equal protection.

When applying governing law and analyzing the facts of the present manner, application of the exemption under Tenn. Code Ann. § 29-28-103 is required as Plaintiffs' claims are similarly situated by injury and class to silicone gel breast implant claims. One of the main reasons why the exemption was created is due to the fact that asbestos- related claims and silicone gel breast implant claims have a long latency period before the onset of symptoms related to injury. The mere fact that there are exceptions to the statute of repose means that similar products which cause latent injuries after implant, consumption, or exposure should not be held to the TPLA (Tennessee Product Liability Act) Statute of Repose strict standard.

"An environmental or toxic torts claim seeking damages from a disease caused by exposure to a hazardous substance should be considered within this fundamental right to protection of bodily integrity. The Court already recognizes a fundamental right to bodily integrity.[1]" If this rationale is accepted than the court cannot recognize that there should only be two exceptions to the Tennessee statute of repose which cause similar latent injuries. Similar to the type of injuries suffered by asbestos and silicone gel breast implants, the latency period for those suffering injuries from Defendants' Vena Cava Filters can and often does extend past the 10-

---

[1] Garris Ference *Statutes of Repose and the Equal Protection Clause of the Fourteenth Amendment of the U.S., Constitution* 36 ELR 10888 at 10 (11-2006). Quoting *Washington v. Harper*, 494 U.S. 210, 221-22 (1990), where the Court held that state inmates had a Fourteenth Amendment due process right to refuse mandated medical treatment in a state-run prison.

year limitations provided in Tenn. Code. Ann. §29-28-103. In the present matter, Plaintiffs' injuries were not until October 23, 2016 and February 25, 2016. Application of a rigid application of the 10-year statute of repose without consideration for the latency period bars innocent individuals, such as Plaintiffs, from recovery for injuries similar to those previously exempted by Tenn. Code Ann. § 29-28-103, thereby violating the Equal Protection Clause and the Class Legislation Clause. Additionally, the severe and often debilitating injuries sustained from implantation of Defendants' Vena Cava Filter, in particular the Gunther Tulip Filter, are similar with those suffered by individuals harmed by asbestos and silicone gel breast implants. They are, like silicone gel breast implant claims, latent injuries caused by the implantation of a medical device into the body. Like silicone gel breast implant claims, the claimant is aware that a device has been implanted into the body but remains unaware that any damage is thereby being done. Furthermore, the onset of symptoms or even injury regarding devices which are supposed to be permanent are often latent and therefore Plaintiffs are unaware of the harm the product causes their body for many years. The subject filters often migrate, perforate the IVC, or break apart, causing hemorrhages, strokes, pulmonary embolism, internal bleeding, and even death. Recent modeling suggests that over 900,000 incident or recurrent, fatal, and nonfatal venous thromboembolism events occur in the United States annually.[2] Of these, it is estimated that 250,000 people in the United States each year are implanted with a filter.[3] The injuries caused by silicone gel breast implants are similar, in that those implants can cause local pain and scarring, rupture, and may require surgical removal.[4] As with IVC filters, the risk of serious

---

[2] Heir, et al., Estimated annual number of incident and recurrent, fatal and non-fatal venous thromboembolism (VTE) events in the US, Blood 106:267a (2005)
[3] Sandler and Gosk, Why Did Firm Keep Selling Problem Blood-Clot Filters? http://www.nbcnews.com/health/health-news/why-did-firm-keep-selling-problem-blood-clot-filters-n488166.
[4] Update on the Safety of Silicone Gel-Filled Breat Implants (2011) – Executive Summary, U.S. Food and Drug Administration, https://www.fda.gov/medical-devices/breast-implants/update-safety-silicone-gel-filled-breastimplants-2011-executive-summary.

complications from silicone gel breast implants increases significantly with increasing implant age.[5] IVC filter claims are similarly situated by both injury and class to silicone gel breast implant claims It was not the intention of the Tennessee legislature to keep adding exceptions nor was it required to do so each time a new product proved to inflict latent injuries after the device was implanted particularly where the device, e.g. IVC Filters, are just like breast implants in that they are both implanted devices designed and advertised to be a permanent implant.[ *See* Ex. A *Gunther Tulip Patient Guide*] "Although a federal court is "bound by plain language" if "Congress did not express a contrary intent,"[6] "Congress [sic] [Tennessee legislature] cannot possibly legislate for every contingency; it is no giant leap of judicial effort to interpret what the intent and logical extrapolations of a federal or state statute may allow. A statute of repose may be both specific (the type of manufacturer or industry protected), yet also hopelessly vague (why are certain products granted different periods of repose?) A court cannot hope to glean a rationale as to the legislative intent for such distinctions since they are arbitrary and without a rational basis. The reason for the federal separation-of-powers doctrine is for one branch of government not to have too much power. For federal courts to be hand-tied by [sic] [a legislative body] is not what the Founders of the United States intended."[7]  To satisfy Tennessee's legislature's intent of protecting those severely injured after a prolonged latency period, requires an exemption for those individuals, such as Plaintiffs, injured by Defendants' IVC Filter at issue in this case.

      It should also be noted that the exception to the Tennessee Statute of Repose was

---

[5] Hölmich, et al., Incidence of Silicone Breast Implant Rupture, Arch Surg. 138(7):801-806 (2003), https://jamanetwork.com/journals/jamasurgery/fullarticle/395179#:~:text=The%20overall%20rupture%20incidence%20rate,risk%20than%20single%2Dlumen%20implants.
[6] Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co., 419 F.3d 355, 364, 35 ELR 20102 (N.D. Tex. 2005).
[7] Garris Ference *Statutes of Repose and the Equal Protection Clause of the Fourteenth Amendment of the U.S., Constitution*  36 ELR 10888  at 11 (11-2006).

established on May 26, 1993 well before the Gunther Tulip IVC Filter was on the market.[8] Defendants cannot state whether IVC Filters, which are very similar to silicone breast implants would not fall under this latency exception. Furthermore, Defendants have failed to argue why Plaintiffs' injuries from the IVC Filters do not fall under this exception.

Due to the similarities in the latency of injury, the large number of impacted individuals, and the extreme injuries suffered, there is no rational basis for the distinction between Plaintiffs' claim and those exceptions expressly delineated in the Tennessee statute of repose. Accordingly, application of the statute of repose and dismissing Plaintiffs' complaints, violate the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. U.S. Const. amend. XIV, § 1, Tenn. Const. art. XI, § 8.

## CONCLUSION

Defendants' Motion should be denied in its entirety because application of the statute of repose violates Plaintiffs' right to equal protection under the U.S. Constitution and Tennessee State Constitution. For this reason, Plaintiffs, Kacey Harvey and Eric Edwards respectfully request this Court deny Defendants' Motion in its entirety.

Dated: July 18, 2020

Respectfully submitted,

**Tautfest Bond, PLLC**

/s/ Jessica Glitz
Jessica Glitz TX No. 24076095
**Tautfest Bond, PLLC**
5151 Belt Line Rd., Suite 1000,
Dallas, TX 75254
Telephone: (214) 617-9998
Facsimile: (214) 853-4281
jglitz@tbtorts.com
*Attorney for Plaintiffs*

---

[8] Tenn. Code Ann. § 29-28-103(c)(1) Acts 1978, ch. 703, § 3; 1979, ch. 162, § 1; T.C.A., § 23-3703; Acts 1993, ch. 457, §§ 1, 2.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2020, a true and correct copy of Plaintiffs' Response in Opposition to Cook Defendants' Omnibus Motion for Judgment on the Pleadings was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of records.

Dated: July 18, 2020                                                  Respectfully submitted,

*/s/ Jessica Glitz*
Jessica Glitz TX No. 24076095
**Tautfest Bond, PLLC**
5151 Belt Line Rd., Suite 1000,
Dallas, TX 75254
Telephone: (214) 617-9998
Facsimile: (214) 853-4281
jglitz@tbtorts.com
*Attorney for Plaintiffs*