IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES                    Case No. 1:14-ml-2570-RLY-TAB
PRACTICES AND PRODUCT                       MDL NO. 2570
LIABILITY LITIGATION

This Document Relates to the Following Action Only:

    **Eddie Clark Burrage**
    **1:18-cv-273-RLY-TAB**

## PSC's Reply in Support of Plaintiff Burrage's Motion to Dismiss

While Plaintiff Burrage's attorneys are filing a reply in support of his motion to dismiss, the PSC respectfully believes it necessary to respond to some of Cook's statements:

## Argument

Cook's argument that the purposes of this Court's bellwether plan will be frustrated by allowing this case to be dismissed is wrong. As stated by the Fifth Circuit in a case cited by Cook, bellwether trials in the MDL context "typically are used … to assess a claim's value for settlement purposes[.]" *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 628 F.3d 157, 159 n.1 (5th Cir. 2010), citing *Cimino v. Raymark Indus., Inc.,* 151 F.3d 297 (5th Cir. 1998). One distinguished judge who has presided over several mass tort MDLs described their benefits as follows:

> First, bellwether trials allow coordinating counsel to hone their presentation for subsequent trials and can lead to the development of "trial packages" for use by local counsel upon the dissolution of MDLs.

1

> Second, and perhaps more importantly, bellwether trials can precipitate and inform settlement negotiations by indicating future trends, that is, by providing guidance on how similar claims may fare before subsequent juries.

Eldon E. Fallon, et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tulane L. Rev. 2323, 2338 (2008). Cook surely cannot complain that the dismissal of the *Burrage* case will not serve that latter purpose. If anything, Cook will continue to insist category 6 cases have little to no value, and will no doubt cite *Burrage* as an example.

The dismissal of the *Burrage* case doesn't frustrate Cook's goals for the bellwether scheme — it furthers them. *Burrage's* dismissal gives Cook exactly what it wanted without the expense of a trial: the ability to argue, in settlement negotiations, that category 6 cases deserve no payment. If *Burrage* were not dismissed, and instead tried to a complete defense verdict, Cook would have derived no more benefit than it has now. Its views of "how similar claims may fare before subsequent juries" would be the same.

Plaintiff's counsel and the PSC freely acknowledge that while Mr. Burrage has an actionable injury, the damages likely to be awarded would not equal the expenses likely to be incurred. This is because the economics of such cases require the "development of trial packages" that Judge Fallon recognized as a standard feature of MDL practice. This is nothing more than a simple economic fact — one which Cook can, and undoubtedly will, use in settlement negotiations. To acknowledge that fact is not gamesmanship; it gives Cook everything it could have obtained from trying the *Burrage* case.

Cook begins its response by quoting the Fifth Circuit's statement that "[c]ourts must be exceedingly wary of mass litigation in which plaintiffs are unwilling to move their cases to trial. Any individual case may be selected as a bellwether, and no plaintiff has the right to avoid the obligation to proceed with his own suit, if so selected." [Filing No. 13714, at ECF p. 98163, quoting *In re FEMA Trailer,* supra, 628 F.3d at 163.] But the only issue in *FEMA Trailer* was whether the dismissal of the plaintiff's claim should be with or without prejudice. Cook leaves out the language immediately before and after the excerpt it quotes:

> Bell wanted to have his cake and eat it by withdrawing from a bellwether trial and then sitting back to await the outcome of another plaintiff's experience against the appellees … .

> Confronted with Raymond Bell's request to substitute or continue, and his abrupt refusal to accept the court's offer to instruct the jury on Bell's trial absence, if it occurred, the court faced a stark choice. If it permitted Bell to dismiss without prejudice, it would set a precedent that other plaintiffs could use to manipulate the integrity of the court's bellwether process. It would have subjected [defendants] to the rigors and costs of trial preparation against Bell without reaching a resolution of Bell's claim.

*In re FEMA Trailer*, 628 F.3d at 163. The Fifth Circuit upheld the district court's dismissal of the plaintiff's claim with prejudice. That's all that was at issue in *FEMA Trailer*, and Cook has obtained the exact same relief here.

Finally, the Court should reject Cook's lamentations about the so-called "park-and-ride strategy." [*See, e.g.,* Filing No. 13714, at ECF p. 98164.] It is *plaintiffs* who have, for some time now, consistently sought to be allowed to *try their own individual cases on their own merits*. The PSC made this clear at the hearing on Feb. 7, 2020:

> MR. SIEGEL: ... You know, one of the things -- one of the sort of defense complaints about MDL's that you always hear is, MDL's sort of artificially multiply litigation because if you set up an MDL, that just provides an incentive for Plaintiffs' lawyers around the country to file them and park them there. Park-and-ride it's called.
>
> THE COURT: Sure.
>
> MR. SIEGEL: We're asking for the exact opposite. If somebody's got a weak case, we don't want it parked here. We want them to start transferring them out. Let them sink or swim on their own merits back to their originating forums ... . And again, if somebody is left standing at the end of that process and has got a weak claim, send it back and that person will be forced to sink or swim on their own instead of -- you know, to use the defense characterization of it, instead of hiding out in the MDL and parking.

[Tr. at 58-59, Feb. 7, 2020.]

The Court should thus see Cook's protestations about plaintiffs wanting to avoid trials for what they are: the height of hypocrisy. It is plaintiffs who want to put up or shut up. It is Cook that wants the opposite: to have no trials at all, except one or two bellwethers per year for the indefinite future. If the category 6 cases are meritless, why is Cook so grimly determined to prevent them from sinking or swimming on their own?

Respectfully Submitted

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
(317) 633-5270 / Fax: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee*

Charles S. Siegel
Texas Bar No. 18341875
WATERS, KRAUS, & PAUL, LLP
3141 Hood Street, Suite 700
Dallas, Texas 75219
(214) 357-6244 / Fax: (214) 357-7252
siegel@waterskraus.com

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC
910 17th Street, NW, Suite 800
Washington, DC 20006
(202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
MARTIN BAUGHMAN
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
(214) 761-6614 / Fax: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
(713) 522-5250 / Fax: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs, hereby certifies that a true and correct copy of the foregoing document, was filed with the Court and served on all counsel of record this, the 20th day of July, 2020, via the Case Management/Electronic Case Filing system (CM/ECF).

/s/ *Joseph N. Williams*
Joseph N. Williams

5