**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Cases:

21 Tennessee Plaintiffs[1] Listed in Dkt. 13761-1

**COOK DEFENDANTS' OMNIBUS REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE
PLEADINGS BASED ON STATUTE OF REPOSE IN TENNESSEE**

Plaintiffs in 16 of the 21 Tennessee cases subject to the Motion have filed responses in opposition,[2] while one Plaintiff has filed a stipulation to dismiss with prejudice, *see* Dkt. 13813.

Plaintiffs do not question the factual basis of Cook's Motion – that they all filed their cases more than 10 years after receiving a Cook filter, making their actions untimely under the Tennessee statute of repose. Rather, the oppositions raise two common arguments as to why filing outside the 10-year mark should not be dispositive to the entirety of Plaintiffs' claims. First, most Plaintiffs argue that the Tennessee statute of repose only applies to "product liability" claims and that their claims sounding in other theories such as negligence, breach of warranty, and post-sale duty to warn fall outside the scope of the statute of repose. Second, nearly all

---

[1] For reference, Cook uses the umbrella terms "Plaintiffs" and "Tennessee Plaintiffs" to refer to all of the plaintiffs from Tennessee that responded to the Motion, and adds the plaintiff's surname when referring to an individual plaintiff.

[2] The Tennessee Plaintiffs opposing the Motion are Plaintiff Ketron (Dkt. 13804); Plaintiff Luster (Dkt. 13810); Plaintiff Price (Dkt. 13811); Plaintiffs Brooks, Rogan, and Herron (Dkt. 13812); Plaintiff Crowley (Dkts. 13814-15); Plaintiffs Acree, Haughton, Sadler (Estate), Osment, McNeil, Garrett, and Burks-Henry (collectively, the "Johnson Law Group Tennessee Plaintiffs" (Dkts. 13819-13820); and Plaintiffs Edwards and Harvey (Dkts. 13823-24).

US.128694191

Plaintiffs argue that it would violate the Equal Protection Clause of the United States Constitution and the functionally equivalent clause under the Tennessee State Constitution to apply the statute of repose to their claims because the statute has an exemption for asbestos and silicone implant claims. Plaintiff Luster raises a different formulation of the federal constitutional argument, and he also argues that his claims survive due to fraudulent concealment. *See* Dkt. 13810. Finally, the seven Johnson Law Group Tennessee Plaintiffs raise a public policy argument as part of their omnibus response asking the Court to create new exceptions to the Tennessee statute of repose. *See* Dkt. 13820 at 16.

The Tennessee Plaintiffs opposing the Motion fail to acknowledge that the Court considered and rejected these same arguments three years ago. First, the Court explained that "product liability" claims are broadly defined by statute in Tennessee and apply to all claims raised in this litigation: "**They argue, however, that the balance of their claims based on negligence, negligence per se, and breach of express and implied warranty, survive. The court does not agree**." 2017 Repose Order, Dkt. 4918, at 9 (attached as Exhibit C to Cook's opening brief) (emphasis added). Second, the Court rejected both the federal and state constitutional challenges, finding there was a rational basis for the Tennessee statute of repose to treat claims involving other products differently from asbestos and silicone implant claims. *Id.* at 11-12. Plaintiffs suggest no material changes in the law since the Court's original rulings, and those rulings should control here.

Further, the separate arguments raised by Plaintiff Luster and the Johnson Law Group Plaintiffs[3] also fail. Accordingly, these Plaintiffs' claims should be dismissed in their entirety.

---

[3] The Johnson Law Group Plaintiffs have also filed a motion requesting oral argument (Dkt. 13822). Cook takes no position on this request other than that a hearing on these cases will need to comply with Amended CMO-18 regarding number of speakers and other issues.

*See* 2017 Repose Order at 9-12 (dismissing all claims raised by three prior plaintiffs from Tennessee).

## ARGUMENT

I. **The Court Ruled in 2017 That the Tennessee Statute of Repose Bars All Claims Raised by Plaintiffs in this MDL Because "Product Liability" Claims Are Broadly Defined by Tennessee Statute to Cover All Claims Sounding in Other Theories**

Eleven Plaintiffs argue that the Tennessee statue of repose only applies to "product liability" claims, and that some of their claims would therefore survive.[4] For example, Plaintiff Ketron[5] argues "it is clear that Tennessee's statute of repose only bars product liability claims brought ten years after the date was purchased. Nowhere in the statute does it state that the statute of repose applies only to other causes of action, including but not limited to other causes of action sounding in negligence and/or breach of warranty. . . ." Plaintiff Ketron's Response, Dkt. 13804-1 at 3. Some of these Plaintiffs, including Plaintiff Ketron, also argue that the failure to warn claim would survive because they allege a post-sale duty to warn. *See e.g., id.* at 2-3 (citing Plaintiffs' Master Complaint, ¶¶ 38-46, 53-64).

Plaintiffs fail to acknowledge that the Court considered and rejected these same arguments three years ago. *See* 2017 Repose Order, Dkt. 4918 at 9-12. As the Court explained in 2017, the Tennessee statute of repose applies to all claims alleging personal injury from a product and the concept of a "product liability" claim is broadly defined by the Tennessee Product Liability Act of 1978. *Id.* at 9. Thus, the two relevant statutory provisions—the 10-year repose period in Tenn. Code § 29-28-103(a) and the definition of a "product liability action" in

---

[4] Those Plaintiffs are Plaintiff Keltner (Dkt. 13804); Plaintiff Luster (Dkt. 13810); Plaintiff Price (Dkt. 13811); Plaintiff Crawley (Dkts. 13814-15), and the Johnson Law Group Tennessee Plaintiffs (Dkts. 13819-20).
[5] Cook cites to Plaintiff Ketron's response as an exemplar because it was the first opposition filed and it raises both common arguments briefed by the Tennessee Plaintiffs.

US.128694191

Tenn. Code 29-28-102(6)—must be read together. And when they are read together, "all of [Plaintiffs'] claims are subject to the statute of repose," as the Court held in 2017. *See* 2017 Repose Order at 9 (dismissing in their entirety claims raised by three Tennessee plaintiffs).

That the Tennessee statute of repose applies to all claims raised here is apparent from the text defining a "product liability" claim, which broadly covers all liability theories raised in this MDL:

> "Product liability action" for purposes of this chapter shall include all actions brought for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; **negligence; breach of warranty, express or implied;** breach of or failure to discharge **a duty to warn or instruct**, whether negligent, or innocent; misrepresentation, **concealment**, or nondisclosure, whether negligent, or innocent; or under any substantive legal theory in tort or contract whatsoever.

Tenn. Code 29-28-102(6) (emphasis added). As the bold language shows, the statute expressly defines a "product liability action" to include the causes of action that Plaintiffs argue are not covered. *See id.* Moreover, no claim can possibly survive because the statute makes clear in a catch-all provision at the end that it applies to "any substantive legal theory in tort or contract whatsoever." *Id.* Cook quoted this statute in its opening brief and attached a copy of the Court's 2017 Repose Order as an exhibit. Plaintiffs' insistence on raising these arguments again, without acknowledging the Court's prior order, is puzzling.

Plaintiffs' argument that the failure-to-warn claim should survive in some fashion because they allege post-sale duties to warn in the master complaint is also groundless. As noted above, allegations of "personal injury, death, or property damage caused by or resulting from . . . warning, instruction, marketing, packaging or labeling of any product" fall within the ambit of

the statute. Tenn. Code 29-28-102(6). Thus, the Tennessee statute of repose applies to warning claims of all types.

Further, Plaintiffs' effort to redefine the failure-to-warn claim as a post-sale or continuous duty to warn would make no difference because Tennessee does not recognize such a tort. As the Middle District of Tennessee has explained, the Tennessee Court of Appeals has rejected invitations to recognize a post-sale duty to warn at least twice. *Trevino v. Blitz U.S.A., Inc.*, 2011 WL 1458725, at *2 (M.D. Tenn. Apr. 15, 2011) (citing *Irion v. Sun Lighting Inc.*, 2004 WL 746823, at *17 (Tenn. Ct. App. 2004) ("To the extent she also claims there was a post-sale duty to warn, we note that, like the majority of states, Tennessee, does not recognize a post-sale duty to warn.") and *Mohr v. Daimler-Chrysler Corp.*, 2008 WL 4613584, at *19 (Tenn. Ct. App. 2008) ("Tennessee does not recognize a manufacturer's post-sale duty to warn."). Federal courts are bound to follow these opinions from the Tennessee Court of Appeals because the Tennessee Supreme Court declined to take up the merits of the issue for factual reasons last time the question arose. *See Trevino*, 2011 WL 1458725, at *1-2 (quoting *Flax v. Daimler-Chrysler Corp.*, 272 S.W.3d 521, 542 (Tenn. 2008) (explaining that "this case does not present the facts necessary to allow us to consider the merits of recognizing post-sale failure to warn claims").

## II. The Court Rejected in 2017 The Federal and State Constitutional Challenges to Applying the Tennessee Statute of Repose in the IVC Filter Context

Fifteen of the 16 Plaintiffs opposing the Motion argue that it would be unconstitutional to apply the Tennessee statute of repose in the context of IVC filter claims.[6] Plaintiff Ketron summarizes the argument this way: "Dismissing Plaintiffs' claims in their entirety in light of the

---

[6] These Plaintiffs are: Plaintiff Ketron (Dkt. 13804); Plaintiff Price (Dkt. 13811); Plaintiffs Brooks, Rogan, and Herron (Dkt. 13812); Plaintiff Crowley (Dkts. 13814-15); the seven Johnson Law Group Tennessee Plaintiffs (Dkts. 13819-13820); and Plaintiffs Edwards and Harvey (Dkts. 13823-24). Plaintiff Luster – the sixteenth Plaintiff opposing the Motion – phrases the constitutional argument in a different manner (Dkt. 13810), which Cook addresses individually in a separate section.

US.128694191

exceptions established for victims of asbestos and silicone gel breast implant injuries would violate the Equal Protection Clause of the United States and the Class Legislation Clause of the Tennessee State Constitution." Plaintiff Ketron's Response, 13804-1 at 3 (citing U.S. Const. amend. XIV, § 1 and Tenn. Const. art. XI § 8). As the prior Tennessee plaintiffs did in raising the same argument in 2017, Plaintiffs here primarily rely on *Wyatt v. A. Best Prods Co.*, 924 S.W.2d 98 (Tenn. Ct. App. 1995) for the argument that the legislative exception in the Tennessee statute of repose for asbestos and silicone implant claims should be expanded into a general exception for latent injuries and that IVC filter claims should fit into that expanded exception.

Again, Plaintiffs fail to acknowledge that the Court considered this exact argument three years ago and rejected it. 2017 Repose Order at 9-12. The Court noted that the Equal Protection Clause of the United States Constitution is "nearly identical" to the Class Legislation Clause of the Tennessee State Constitution, and that the rational-basis test is the appropriate inquiry for plaintiffs challenging the constitutionality of applying the statute of repose to IVC filter cases. *Id.* at 9-10 (internal citations omitted).

As the Court explained, the rational basis test is a "'relatively relaxed standard reflecting the court's awareness that drawing of lines to create distinctions is peculiarly a legislative task and an unavoidable one'" and that a legislature's creation of a separate classification "'is not unconstitutional merely because it results in some inequality.'" 2017 Repose Order at 9-10 (quoting *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1136 (6th Cir. 1986)). Thus, a statute is not unconstitutional under the rational basis test so long as "'any state of facts reasonably may be conceived to justify it.'" 2017 Repose Order at 10 (quoting *Dandridge v. Williams*, 397 U.S. 471, 484 (1970) and *Spence v Miles Labs, Inc.*, 810 F. Supp. 952, 961-62 (E.D. Tenn. 1992)).

US.128694191

In *Wyatt*, the Tennessee Court of Appeals rejected a constitutional challenge raised by asbestos manufacturers who had argued that it was violative of Equal Protection principles to exclude asbestos from the defenses to liability afforded by the statute to manufacturers of other products: "'we cannot say that the [Tennessee] General Assembly's decision to classify asbestos-related claims differently from other latent-injury claims is so patently arbitrary as lacking any rational basis.'" 2017 Repose Order at 11 (quoting *Wyath*, 924 S.W.2d at 106). This Court likewise ruled in 2017 that "the claimed similarity between Plaintiffs' Filter-based claims and the asbestos and silicone implant claims excepted from Tennessee's statute of repose does not establish that the statutory classification has no rational basis or is completely arbitrary." 2017 Repose Order at 11; *see also Kochins*, 799 F.2d at 1139 ("[W]e think the statute's exemption of asbestos-related injuries has a rational basis if only because such injuries often take considerably longer than ten years to manifest themselves."); *Spence*, 810 F. Supp. at 963 (holding that the Tennessee statute of repose does not violate equal protection by treating asbestos injury claims and HIV blood contamination claims differently).

Accordingly, Plaintiffs' federal and state constitutional arguments fail to save their claims from dismissal.

### III. Plaintiff Luster's Constitutional Argument Does Not Save His Claims Because Cook's Last Act Was the Sale of the Filter

Plaintiff Luster also raises a supposed federal constitutional argument but phrases it differently from other Plaintiffs, arguing that the Tennessee statute of repose "frustrates the Supreme Court's position on the purpose of statutes of repose." Plaintiff Luster's Response, Dkt. 13810 at 2 (citing *CTS Corp. v. Waldburger*, 573 U.S. 1 (2014)). Plaintiff quotes the following language from *CTS Corp.*, "[s]tatues of repose effect a legislative judgment that a defendant should be free from liability after a legislatively determined amount of time and are

measured from the date of the defendant's last culpable act or omission," but does not otherwise elaborate on how this rule would bar Cook's arguments here. *Id.* (quoting *CTS Corp.*, 573 U.S. at 1).

As an initial matter, *CTS Corp. v. Waldburger* was a toxic-tort dispute under the federal Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), and the Supreme Court held that CERCLA's discovery rule preempts only state law statute-of-limitations defenses, but not state law statute-of-repose defenses. *See CTS Corp.*, 573 U.S. at 1, 19 ("The result of respondents' interpretation would be that statutes of repose would cease to serve any real function."). The Supreme Court reversed the Fourth Circuit, restoring the trial court's initial holding that the North Carolina statute of repose applied and that its application was to be measured from the time when CTS sold the property at issue. *Id.* at 6, 19.

Application of the statute of repose to Plaintiff Luster's case is fully consistent with the general discussions about statutes of repose in *CTS Corp.* Like the sale of the contaminated electronics plant in *CTS Corp.*, Cook's last supposedly "culpable act" here was the sale of the filter that Plaintiff Luster received, which Plaintiff Luster acknowledges was placed in his body in December 2007. *See* Dkt. 13810 at 1. As Plaintiff Luster did not file his case until February 2018, his claims were filed more than 10 years after the sale of the filter and are barred under the Tennessee statute of repose. Cook's sale of filters to other plaintiffs after this date is irrelevant to Plaintiff Luster's case because Tennessee law does not impose post-sale duties to warn on manufacturers, as discussed above. *See supra*, p. 4-5 (discussing *Trevino*, 2011 WL 1458725, at *2, *Irion v. Sun Lighting Inc.*, 2004 WL 746823, at *17, and *Mohr v. Daimler-Chrysler Corp.*, 2008 WL 4613584, at *19 (all stating that Tennessee does not recognize a tort premised on post-sale or continuous duties to warn).

US.128694191

### IV. Plaintiff Luster's Fraudulent Concealment Argument Does Not Apply Because Statutes of Repose Are Not Premised on Discovery of an Injury

The last argument raised by Plaintiff Luster is a fraudulent concealment argument "that there is a genuine issue of material fact as to Defendants' fraudulent concealment tolling the statute of repose on Plaintiff's remaining claims." Plaintiff Luster's Response, Dkt. 13810 at 4.[7]

The Court can dispose of this argument quickly because Plaintiff Luster conflates concepts potentially relevant to a statute of limitations inquiry with the statute of repose. As explained by the Supreme Court in *CTS Corp.*, for example, the statute of repose "puts an outer limit on the right to bring a civil action." 573 U.S. at 8. Thus:

> [A] statute of repose bars any suit that is brought by after a specified time since the defendant acted (such as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered a resulting injury. **The statute of repose limit is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered**."

*Id.* (emphasis added) (internal citations to Black's Law Dictionary and legal treatises omitted).

*Damron v. Media Gen., Inc.*, is dispositive on this issue. 3 S.W.3d 510 (Tenn. Ct. App. 1999) (holding that fraudulent concealment does not apply to the statute of repose). In *Damron*, the plaintiff argued that fraudulent concealment tolled the Tennessee statute of repose, but the Tennessee Court of Appeals disagreed for two reasons. First, the court noted that a fraudulent concealment "exception is not found in the statute itself." *Id.* at 512. Second, the court reviewed legislative history and cases addressing that issue and found "a strong indication from the legislature of its intent to make the statute of repose the outside limit in which the cause of action

---

[7] Cook has filed a pending motion request dismissal or summary judgment on the fraudulent concealment allegations in the Master Complaint on grounds that they are not plead with the particularity required by Rule 9(b), among other deficiencies. *See* Dkt. 13648. Cook incorporates its arguments from that motion by reference and notes that it would be dispositive to Plaintiff Luster's argument here if the Court grants that Motion in Cook's favor.

- 9 -

could accrue." *Id.* (holding "that the statute of repose in Tenn. Code § 29-28-103(a) is a bar to [the plaintiff's] claim.").

**V.     The Court Should Reject the Johnson Law Group Plaintiffs' Public Policy Argument Because Federal Courts Must Respect The Public Policy Choices Made By States**

Finally, the seven Johnson Law Group Tennessee Plaintiffs argue as part of their omnibus response that "[a]pplying Tennessee's 10-year statute of repose to Plaintiffs would create an inequitable result as public policy would provide that statutes of repose should not apply to claims involving permanent products." Dkt. 13919 at 16.  These Plaintiffs cite to statutes of repose from other states, noting that some jurisdictions recognize exceptions for express warranty and fraudulent concealment as part of their statutes of repose. *See id.* (internal citations omitted).

The Johnson Law Group Tennessee Plaintiffs' public policy argument must be rejected because it is a blanket invitation for this Court to circumvent established Tennessee statutory and case law in favor of creating new law to save Plaintiffs' claims. Under long-held *Erie* principles, however, federal courts are "obliged to follow state decisional law, as well as all other state law [in diversity cases, among others]." *Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2002) (citing *Erie R.R. v. Tomkins*, 304 U.S. 64, 74-78 (1938)). As discussed above, the Tennessee state legislature has enacted a 10-year statute of repose. Tennessee lawmakers enacted exemptions into that statute for asbestos and silicone implant claims, but they did not enact other exemptions such as a general exemption for latent injuries or permanent devices, an express-warranty exemption, or a fraudulent-concealment exemption. And Tennessee courts have repeatedly held in cases such as *Damron* that the statute is written broadly and intended to impose an outer limit that cuts off liability for product claims. Simply put, Tennessee law is

- 10 -

clear on these issues and requires dismissal of the Johnson Law Group Tennessee Plaintiffs' claims in their entirety. To the extent they disagree with the public policy decisions enshrined in the Tennessee statute of repose, the Johnson Law Group Tennessee Plaintiffs' remedy lies in petitioning the Tennessee legislature to change the statute of repose, not in asking this Court to ignore basic principles of federalism and comity and to create new law in direct contravention of Tennessee state law as pronounced by its statutes and appellate courts.

## CONCLUSION

For the foregoing reasons and the reasons stated in Cook's opening brief, the Court should grant Cook's Motion and dismiss with prejudice all claims raised by the Tennessee Plaintiffs subject to the Motion.[8] Plaintiffs' oppositions recycle arguments that the Court rejected in 2017 and that the Court should reject again here.

Respectfully submitted,

Dated: July 22, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

---

[8] The Motion should be denied as moot with respect to Plaintiff Dickens as she has filed a joint stipulation to dismiss with prejudice (Dkt. 13813).

US.128694191

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2020, a copy of the foregoing **COOK DEFENDANTS' OMNIBUS REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTE OF REPOSE IN TENNESSEE** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*

US.128694191