# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Action only:

Bolden, Monica and James, 1:17-cv-04773
Caylor, Margaret, 1:19-cv-03850
Saldana, Mary, 1:20-cv-00130

**COOK DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF OMNIBUS MOTION FOR JUDGMENT ON
THE PLEADINGS BASED ON STATUTES OF REPOSE IN TEXAS**

The Cook Defendants urge the Court to grant its omnibus motion for judgment on the pleadings with respect to all of the Texas Plaintiffs'[1] claims on the ground that they failed to commence their actions within the period required by the Texas statute of repose. Their claims fail to survive under the express warranty exception for multiple reasons.

## INTRODUCTION

Three Texas Plaintiffs subject to the Motion have filed responses in opposition. *See* Plaintiff Bolden's Response, Dkt. 13808; Plaintiff Caylor and Saldana's Response, Dkt. 13819-20 (part of omnibus response by Johnson Law Group that also includes several Tennessee plaintiffs). Plaintiffs Caylor and Saldana have also filed respective motions to amend the

---

[1] For reference, Cook uses the umbrella terms "Texas Plaintiffs" to refer to all of the plaintiffs from Texas that responded to the Motion, and adds the plaintiff's surname when referring to an individual plaintiff. Cook filed a separate reply for the Tennessee cases subject to the Motion (Dkt. 13846).

US.128720963

pleadings with new allegations about express warranties (Dkts. 13817-18) and a request for oral argument (Dkt. 13822).[2]

Notably, Plaintiffs do not question the factual basis of Cook's Motion – that they all filed their cases more than 15 years after receiving a Cook filter and thus beyond the time permitted by the Texas statute of repose. Instead, Plaintiffs argue that their claims fall under the express warranty exception to the Texas statute of repose based 1) on an alleged oral warranty provided by their healthcare providers or 2) a written warranty premised on the Cook Tulip Patient Guide. Plaintiffs do not dispute that the Texas statute of repose bars all their other theories of recovery, and thus have conceded that Cook is entitled to the dismissal of those claims.

Plaintiffs fail to acknowledge that the Court considered nearly identical express warranty arguments in 2017 when they were raised by Plaintiff Emily Apple, and the Court rejected her arguments regarding both an oral and a written warranty. *See* 2017 Repose Order at 13-15 (dismissing Plaintiff Apple's case with prejudice because she had failed to meet all the elements of an express warranty claim under Texas law). The same result should follow here because these Plaintiffs, at best, relied on statements of their physicians, not Cook, which is insufficient under Texas law, and because the Patient Guide provided no express warranty.

Plaintiff Caylor and Saldana's arguments about other Cook documents – none of which they read or relied upon – fail for the same reasons. Their separate request to amend the short-form complaints should also be denied because it would be futile to amend when the proposed amendments fail to cure the deficiencies with the original complaints.

---

[2] Cook takes no position on the Johnson Law Group's request for oral argument on their cases so long as the procedures adopted as part of Amended CMO-18 are followed regarding number of speakers and other issues for omnibus motions.

**I.     Plaintiffs Caylor and Saldana Cannot Rely on Any Allegations and Materials Outside the Pleadings, and Plaintiff Bolden Cannot Rely on Her Affidavit**

As an initial matter, Cook notes that Plaintiffs Caylor and Saldana rely on evidence presented in their affidavits and Cook documents, including the Cook's Tulip Patient Guide, all of which are attached as exhibits to their response (Dkt. 13820). Plaintiffs Caylor and Saldana did not raise any additional allegations in paragraph 14 of their short-form complaints, which provides space to supplement the master complaint with allegations relevant to individual cases. Thus, this evidence is not incorporated into their operative complaints and should not be used in deciding this Omnibus Motion for Judgment on the Pleadings. *See Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993) (both holding that a trial court on a motion to dismiss can only consider documents if they are referred to in the complaint and are central to the claim).

With respect to Plaintiff Bolden, Cook notes that Plaintiff Bolden pled some additional allegations in paragraph 14 of her short-form complaint regarding the express warranty claim:

> The Cook Defendants expressly warranted in the Gunther Tulip Patient Guide that the Gunther Tulip Vena Cava Filter can be used as a permanently implanted device. At the time of making these express warranties, Cook Defendants knew of the foreseeable purposes for which the Gunther Tulip Vena Cava Filter was to be used and Defendant warranted the Gunther Tulip Vena Cava Filter to be in all respects safe as a permanently implanted device. Plaintiff Monica Bolden relied on the express warranties of the Cook Defendants in the Gunther Tulip Patient Guide and proceeded with the permanent implantation of the Gunther Tulip Patient Vena Cava Filter on April 14, 2002 to treat a previous pulmonary embolism and failed anticoagulation that resulted in a severe upper GI hemorrhage. The Gunther Tulip Vena Cava Filter does not conform to the Cook Defendants [sic] express warranties and representations because the Gunther Tulip Vena Cava Filter is not safe as a permanently implanted device and causes serious injuries and failed to satisfy the reasonable expectations of Plaintiff Monica Bolden. As a direct and proximate result of one or more of these wrongful acts or omissions of the Cook Defendants, Plaintiff Monica Bolden suffered a vena cava perforation that was diagnosed on August 9, 2017.

US.128720963

Pl. Bolden's Compl., ¶ 14.  Because these allegations make no mention of an alleged oral warranty or conversations with her physicians, Plaintiff Bolden cannot rely on her affidavit, which relies on alleged conversations with her physician, Dr. Bruce Morris.  *Compare id. with* Bolden Aff., Dkt. 8304-4; *see also Wright*, 29 F.3d at 1248; *Venture Assocs.*, 987 F.2d at 431.  Because her complaint did reference the Tulip Patient Guide, in the section quoted above, that document may be considered as part of this Motion.  Cook notes, however, that Plaintiff Bolden had her placement procedure on April 14, 2002 and alleges she reviewed documents prior to her procedure, but she has attached as an exhibit to her response a Cook Tulip Patient Guide with ***2003*** listed as the copyright date.  *Compare* Bolden Compl., ¶ 14 *with* Bolden Resp., Patient Guide Exhibit, Dkt.13808-3 at 13.

**II.     Plaintiffs Fail as a Matter of Law to Create a Question of Fact Concerning Whether an Express Warranty Was Created Either Orally or Through Cook's Filter Patient Guide**

Plaintiffs' pleadings establish as a matter of law that the Texas statute of repose extinguished all of their claims before they commenced their lawsuits against Cook.  Plaintiffs do not dispute the relevant dates of Cook's sale of the filters at issue or the commencement of their respective actions, and the legal arguments they raise lack sufficient support to avoid the statute of repose.  Indeed, the same arguments were raised by another plaintiff three years ago, and the Court rejected them as part of the 2017 Repose Order.  *See* Dkt. 4918 at 13-15.

**A.     Plaintiffs fail to establish the elements an oral express warranty because they have not identified a statement made by Cook**

First, Plaintiffs argue that their claims based on a breach of express warranty fall within the following exception to the Texas statute of repose:

> If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action against that manufacturer or seller of the product before the end of

- 4 -

US.128720963

the number of years warranted after the date of the sale of the product by that seller.

Tex. Code. Ann. § 16.012(c).  Here, even assuming for the sake of argument that Plaintiffs could reach beyond their pleadings to defend their claims, Plaintiffs' proffered evidence does not in fact support their claims, and thus Plaintiffs cannot avoid dismissal under the Texas statute of repose.

As the Court explained in its 2017 Repose Order, a plaintiff claiming the breach of an express warranty under Texas law concerning a product must allege and establish six elements:

> In order to recover for the breach of an express warranty, a plaintiff must prove:
>
> (1)  an express affirmation of fact or promise by the seller relating to the goods;
> (2)  that such affirmation of fact or promise became a part of the basis of the bargain;
> (3)  that the plaintiff relied upon said affirmation of fact or promise;
> (4)  that the goods failed to comply with the affirmations of fact or promise;
> (5)  that the plaintiff was injured by such failure of the product to comply with the express warranty; and
> (6)  that such failure was the proximate cause of plaintiff's injury.

2017 Repose Order, Dkt. 4918 at 14; *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex. App. 1987) (citing *Gen. Supply & Equip. Co., Inc. v. Phillips*, 490 S.W.2d 913, 917 (Tex. Civ. App. 1972) and Tex. Bus. & Com. Code Ann. sec. 2.313 (Vernon 1968)).

Plaintiffs' allegations and the evidence they submit to support them fail to meet at least the first element of this test in all three cases because they allege the warranty was provided by their healthcare providers, not Cook.  More specifically, the three Plaintiffs allege the following regarding the alleged oral warranty:

- Plaintiff Bolden:  Plaintiff Bolden's Complaint makes no mention of the alleged oral warranty, with the allegations in paragraph 14 limited to discussion of the Patient Guide.  *See* Bolden Compl., ¶ 14.  In her affidavit, Plaintiff Bolden alleges that the oral warranty was provided by her physician, Dr. Bruce Morris:  Dr. Morris

- 5 -

US.128720963

"discussed the procedure with me and Dr. Morris explained that the filter was permanent and could not be removed." Bolden Aff. 13808-4, ¶ 5. "Also, prior to the surgery, Dr. Morris provided me with the Cook Gunther Tulip Vena Cava Filter Patient Guide to review. I read and relied on the Patient Guide which stated that the Gunther Tulip ivc filter could be used as a permanently implanted device." *Id.*, ¶ 6.

- Plaintiff Caylor: "Prior to surgery, Dr. Bowers informed that there was a possibility that I would need a vena cava filter placed during gastric bypass surgery. He told me that the filter could remain permanent, with no long-term side effects." Caylor Aff., 13820-5, ¶ 4. "Prior to filter placement, I met with Dr. David R. Condie and Dr. Brian Good and we discussed the procedure and the associated risks, during which I was told that the filter could remain permanent, with no long-term side effects. I relied on what I was told and the information given to me and consented to having a Cook IVC Filter placed." *Id.*, ¶ 6.

- Plaintiff Saldana: "Prior to surgery, I met with Dr. [Bernhardt] Rothschild and Dr. Stephen Rush and was informed that I would need a filter in my inferior vena cava. Dr. Rothschild and Dr. Stephen Rush told me that the filter could remain permanent, with no long-term side effects. I relied on what I was told and the information given to me and consented to having a Cook IVC Filter placed." Saldana Aff., Dkt. 13820-6, ¶ 6.

Thus, all three Plaintiffs allege that oral statements about permanent use of the filter and lack of long-term side effects were made by the physicians that treated them. Plaintiffs, however, do not claim that either the Cook Defendants or anyone acting on their behalf made these statements. There are no allegations that Cook sales representatives or agents were present during these conversations, and Plaintiffs have not identified any such representative or agent. There is also no allegation that their physicians were agents or employees of Cook; all the doctors that allegedly made these statements were identified in the affidavits as Plaintiffs' personal and treating physicians. Thus, none of these three Plaintiffs has alleged that any Cook Defendant made any "express affirmation of fact or promise" relating to the use of Cook filters as permanent devices. *See Morris*, 735 S.W.2d at 587.

Further, the statements regarding reliance in the Plaintiffs' affidavits claim that they relied on the advice and recommendations of their treating physicians, not Cook. Plaintiffs thus

also fail to establish the element of reliance on their express warranty.  At best, Plaintiffs relied on statements by third parties, but an express warranty claim under Texas law requires "that the plaintiff relied upon said affirmation of fact or promise" be made by the seller.  *See id.*

In any event, Plaintiffs' claims of an oral warranty transmitted by their physicians fail regardless because the statute of repose states that the express warranty exception only applies if it is made by the seller or manufacturer **in writing**:  "If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years . . . ."  Tex. Code. Ann. § 16.012(c).

Accordingly, Plaintiffs cannot sustain an express warranty claim against the Cook Defendants based on the allegation of an oral representation or promise by third-party physicians unaffiliated with Cook.  *See* 2017 Repose Order, Dkt. 4918 at 13-15 (rejecting similar arguments raised by Plaintiff Apple and dismissing her case).

      **B.**    **Cook Did Not Provide an Express Warranty in the Tulip Patient Guide nor Did Plaintiffs Rely on the Patient Guide in Receiving Their Filters**

Plaintiffs also argue that the Cook Defendants made express warranties in the Gunther Tulip Vena Cava Filter Patient Guide, quoting passages concerning possible use of the filter as a "permanent" device and in particular the following sentence: "the Gunther Tulip Vena Cava Filter is often used as a permanently implanted device."  *See* Dkt. 13808-1 at 3 (quoting copy of Patient Guide attached as 13808-3); Dkt. 13820 at 11 (quoting copy of Patient Guide attached as 13820-3).

This argument faces two problems.  First, it is misleading because it removes the quoted language from its context in the Patient Guide.  Read in its entirety, this section of the Patient Guide makes clear that risks, although rare, do exist, and that a patient wishing to remove the filter may have a limited time to do so.  The full text of the section on which Plaintiffs rely reads:

US.128720963

> The Gunther Tulip™ Vena Cava Filter is often used as a permanently implanted device. Patients ore able to lead a normal, active lifestyle, and rarely have complications from having the filter implanted. The Gunther Tulip™ Vena Cava Filter may also be removed if your risk of pulmonary embolism has diminished. However, there is a limited amount of time that the filter can be implanted if it is to be safely removed. Please consult with your physician to see if he or she plans to retrieve the filter or leave it in. Remember. the Gunther Tulip™ Vena Cava Filter is safe and effective as either a permanent or temporary device.

Tulip Patient Guide, Pl. Bolden's Resp., Dkt. 13802-3 at 6; Omnibus Resp. [Caylor and Saldana], Dkt. 13820-3 at 6. The Cook Defendants respectfully submit that no fair reading of this passage could create a reasonable inference that the Cook Defendants were "expressly warrant[ing] in writing that the product has a useful safe life of longer than 15 years." Tex. Code. Ann. § 16.012(c).

Second, even assuming that the language Plaintiffs quote could reasonably be read to create an express warranty that the filter would not fail for more than 15 years, Plaintiffs still fail to establish the reliance element of an express warranty claim because there is no indication that they actually read or relied on the Guide's language. As an initial matter, the Court has already found that allegations regarding the express warranty claim in the Master Complaint do not allege that the filters were sold as permanent devices and therefore Plaintiffs cannot rely on it for their arguments here: "In fact, the express warranty claim in the Master Complaint alleges that the Cook Filters were not of merchantable quality; it does not allege that they were marketed as permanent devices." 2017 Repose Order, Dkt. 4918 at 14 (discussing Master Compl., ¶¶ 95-96).

Further, Plaintiffs Caylor and Saldana make no mention of the Patient Guide in their short-form complaints or in their affidavits. As noted above, Plaintiffs Caylor and Saldana's affidavits indicate that to the extent they relied on any information about the filters before undergoing placement procedures, they were relying on the recommendations of their physicians. *See* Caylor Aff., Dkts. 13820-5; Saldana Aff., 13820-6. But a claim of breach of an

express warranty under Texas law requires Plaintiffs to allege and prove that they "relied upon said affirmation of fact or promise." *Morris*, 735 S.W.2d at 587. Absent either an allegation or evidence of reliance here, Plaintiffs Saldana and Caylor cannot rely on the supposed express warranty exception to the Texas statute of repose. *See also* 2017 Repose Order (dismissing Plaintiff Apple's claim because "[h]er affidavit does not assert that she read the Guide before her surgery, much less that she relied on the Guide rather than her own doctor's recommendation.").

With respect to Plaintiff Bolden, she raises allegations about the Patient Guide in her short-form complaint and states in her affidavit that her physician provided her a copy of the Patient Guide and that she "read and relied on the Patient Guide which stated the Gunther Tulip IVC filter could be used as a permanently implanted device." Bolden Aff., Dkt. 13808-3, ¶ 6. The problem with Plaintiff Bolden's argument is that she underwent her procedure in April 2002 but she attaches a copy and references statements of a Cook Patient Guide that is dated in 2003. *Compare* Bolden Compl., ¶ 14 *with* Bolden Resp., Patient Guide Exhibit, Dkt.13808-3 at 13 (listing 2003 as the copyright year on the last page of the document). Thus, Plaintiff Bolden's claim that she read and relied on this document before her placement procedure cannot be credited because the document indicates on its face that it was not in existence in April 2002.

Even if the Court were to draw an inference that Plaintiff Bolden may have relied on some other document with similar language (and further infer that this was a Cook document and not some document created by the hospital or the physician), the crucial point remains that the language in the Patient Guide when read in full does not create an express warranty that the device could be used permanently with no long-term side effects. In fact, Cook said the opposite, stating that rare complications could occur and that, if the device was "to be safely removed," the removal had to be done "in a limited amount of time." Tulip Patient Guide, Pl.

- 9 -

Bolden's Resp., Dkt. 13802-3 at 6. Simply put, this language cannot reasonably be interpreted to be the warranty Plaintiff Bolden argues she received. If her physicians made additional statements and recommendations about long-term use of filters, then those statements cannot be attributed to Cook nor can they serve as the basis of an express warranty because the physicians are not Cook representatives and did not make the statements in writing, as discussed in the section above.

### III. The Additional Documents Plaintiffs Caylor and Saldana Attached to Their Response Also Fail to Establish an Express Warranty

In addition to the Tulip Patient Guide, Plaintiffs Caylor and Saldana attached two other Cook documents to their joint response – a marketing document and an IFU – and argue that statements in those documents about use of filters as permanent devices are further evidence of an express warranty. *See* Dkt. 13820 at 9; 13820-3 (attaching marketing document as exhibit); 13820-4 (attaching IFU as exhibit).

The Court can dispose of these arguments quickly and for the same reasons discussed above. Plaintiffs do not allege that they read or relied on either of these documents. Thus, each of these Plaintiffs "fails to establish the reliance element because she does not claim that she actually read or relied on the [document's] language." 2017 Repose Order, Dkt. 4918 at 15 (dismissing case due to failure to meet all elements set forth by *Morris*, 735 S.W.2d at 587).

### IV. The Court Should Deny Plaintiff Caylor and Saldana's Requests to Amend Their Short-Form Complaints Because the Proposed Amendments Fail to Cure the Deficiency

Recognizing the deficiencies in their cases, Plaintiffs Caylor and Saldana have also moved to amend their complaints and attached proposed amended complaints to their joint response (Dkts. 13820-7; 13870-8) and respective motions to amend (Dkts. 13817-1; 13818-1).

US.128720963

Specifically, they propose to add the following identical language to paragraph 14 of their short-form complaints:

> Defendant Expressly and Impliedly warranted that the Cook IVC Filter was a permanent lifetime implant and downplayed the risks associated with migration, perforation, tilt, fracture, and other risks relied upon by the Plaintiff to her detriment. Plaintiff suffered extreme pain and suffering from strut perforation of the vana cava wall.

Plaintiff Saldana's Proposed Am. Compl., Dkt. 13818-1, ¶ 14. Plaintiff Caylor's Proposed Amended Complaint adds an additional sentence about the position of the filter struts near her aorta but is otherwise identical to the language quoted here from Plaintiff Saldana's Complaint. *See* Plaintiff Caylor's Proposed Am. Compl., Dkt. 13817-1, ¶ 14.

The Court should deny the request to amend the complaints as futile because these proposed amendments fail to resolve any of the issues with the original complaints. Although leave to amend a complaint is liberally granted, "a district court may deny leave to amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility." *Guise v. BMW Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004) (citing Fed. R. Civ. P. 15). In particular, "a court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Crestview Village Apts. v. U.S. Dept. of Housing and Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004).

Here, the proposed amendments are insufficient on their face because they merely assert legal conclusions about reliance and existence of warranties.[3] The proposed amendments do not add anything of substance other than descriptions of the perforation-based claimed injuries. At minimum, the proposed amendments fail to identify who provided the alleged express warranty,

---

[3] The references to implied warranties in Plaintiffs' proposed amended complaints are irrelevant because the exception in the Texas statute of repose is limited to express warranties only.

assert that a warranty was provided in writing, or facts establishing actual reliance on the warranty. As such, the amendments cannot meet the elements of an express warranty under Texas law or serve as an exception to prevent application of the statute of repose. *See Morris*, 735 S.W.2d at 587 (listing elements of express warranty claim under Texas law); Tex. Code. Ann. § 16.012(c) (requiring express warranty to be made in writing to qualify as an exempted claim under the statute of repose).

Accordingly, the Court should deny Plaintiff Caylor and Saldana's requests to amend their complaints because "the proposed amendment fail[] to cure the deficiencies in the original pleading" nor could they "survive a second motion to dismiss." *Crestview Village Apts.*, 383 F.3d at 558; *see also Guise*, 377 F.3d at 801 (affirming denial of leave to amend on grounds of futility).

## CONCLUSION

For the foregoing reasons and the reasons stated in Cook's original brief, the Court should dismiss with prejudice all claims brought by the Texas Plaintiffs because they were filed outside of the period permitted by the Texas statute of repose and the express warranty exception does not apply to save their claims.

Respectfully submitted,

Dated: July 23, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

US.128720963

        James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2020, a copy of the foregoing **COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTES OF REPOSE IN TEXAS** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

        /s/ *Andrea Roberts Pierson*

US.128720963