IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to All Cases

### THE COOK DEFENDANTS' MEMORANDUM OPPOSING THE PSC'S MOTIONS TO STRIKE AND TO HOLD IN ABEYANCE

The Cook Defendants urge the Court to deny the PSC's motions to strike or delay Cook's motion for partial dismissal or summary judgment on Plaintiffs' claim that fraudulent concealment by Cook tolls the applicable statute of limitations.[1] As demonstrated by multiple MDL decisions, including the decisions that the PSC's motion itself cites, Cook's motion is entirely proper and appropriate. Plaintiffs' attorneys have filed hundreds of time-barred cases in the MDL, and then make a spurious claim of fraudulent concealment to try to avoid the statute. The PSC's present motions essentially tell the Court that it is powerless to address and dispose of these meritless claims of fraudulent concealment, and either must rule on the identical issue over and over again in every individual case or must leave the issue unresolved to be addressed over and over again on eventual remand. The Court's authority is not so limited; under the MDL statute, this Court has

---

[1] *See* Plaintiffs' Steering Committee's Motion to Strike Cook's 'Omnibus' Motion for Judgment on all Plaintiffs' Claims of Fraudulent Concealment [Dkt. 13793] and the Plaintiffs' Steering Committee's Motion to Hold in Abeyance Cook's 'Omnibus' Motion for Judgment on all Plaintiffs' Claims of Fraudulent Concealment [Dkt. 13795]. Because the two motions make the same arguments, Cook responds to them together.

the power and the duty to address and resolve this common legal issue and lift the burden this specious claim imposes on both Cook and the Court.

For context, Cook's motion seeks the dismissal of Plaintiffs' claim that fraudulent concealment by Cook tolls the statute of limitations on Plaintiffs' causes of action, a claim that appears in paragraphs 195-199 of the Master Complaint and is incorporated by most Plaintiffs' Short-Form complaints. Cook argues that this claim fails as a matter of law for three reasons:

1. No Plaintiff in this MDL has plead a claim for fraudulent concealment with the particularity required by Rule 9(b);

2. No Plaintiff in the MDL has properly plead the elements of a claim for fraudulent concealment; and

3. Even assuming some Plaintiff had adequately plead the elements of a fraudulent concealment claim, no Plaintiff can offer evidence sufficient to support such a claim.

*See generally* Dkt. 13649, 13650. As the Court will recall, it has already twice rejected this very "fraudulent concealment" tolling claim as a matter of law in the *Graham* and *McDermitt* cases. *See* Dkt. 5575 at 7; Dkt. 13187 at 7-8.

Far from violating MDL procedures, Cook's present motion carries out one of the primary purposes of an MDL—the efficient and consistent resolution of common legal issues. *See, e.g., In re Air Crash off Long Island, N.Y. on July 17, 1996*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997) (noting purpose of section 1407(a) is to "promote the just and efficient conduct" of multidistrict actions, in part by "eliminat[ing] the potential for conflicting contemporaneous rulings by coordinate district and appellate courts") (quoting *In re Korean Air Lines Disaster,* 829 F.2d 1171, 1179 (D.C.Cir.1987)). The PSC nevertheless suggests that unless Cook files thousands of individual

motions raising this identical argument, the Court has no means of addressing the bolus of time-barred cases now before it.  The PSC is wrong.  The Court should deny the PSC's motions to strike and delay, hear Cook's motion on its merits, and dismiss the ill-suited, poorly articulated, and unsupported doctrine of fraudulent concealment from this litigation once and for all.

## ARGUMENT

Cook is frankly perplexed that the PSC is fighting so stridently to prevent the Court from hearing Cook's motion.  The doctrine does not even fit in this litigation.  Fraudulent concealment is a doctrine intended for situations where a defendant knows that a plaintiff has been injured when the plaintiff does not, often as a result of the defendant's superior expertise or opportunity to observe.  Common examples include a doctor who knows that she has injured a patient in a manner the patient cannot immediately detect, *see, e.g., Sanders v. H. Nouri, M.D., Inc.*, 688 S.W.2d 24 (Mo. App. 1985); *Hughes v. Glaese*, 659 N.E.2d 516 (Ind. 1995), or a contractor that knows about flaws in a building that the owner does not know to look for, *see, e.g., B. Mahler Interests, L.P. v. DMAC Constr., Inc.*, 503 S.W.3d 43, 54-60 (Tex. App. 2016).

Here, as the Court is aware, Cook is not a party to the selection or placement of its IVC filters.  Cook does not know the identities of the patients in whom Cook IVC filters are placed, and it is difficult to imagine a situation in which Cook could know of a patient's filter-related injury prior to the patient's own knowledge of that injury.  The Court specifically cited the omission of any allegation of such knowledge in dismissing *McDermitt*. *See* Dkt. 13187 ("Plaintiff does not even allege that Cook knew before being sued in this action that Plaintiff had a cause of action against the company").  And although Cook has already brought individual and collective motions for summary judgment based on the stature of limitations in over 150 cases, not a single Plaintiff in any of those cases has responded with any evidence that Cook had knowledge of the

existence of the Plaintiff's injuries that was superior to the Plaintiff's, much less that Cook intentionally concealed that knowledge from the Plaintiff.

In any event, whatever the reason for the PSC's fervent efforts to prevent the Court from hearing Cook's motion, case law and common sense make clear that the motion is proper and that the Court should rule on its merits.

**A.      Cook's Motion is Procedurally Proper.**

Cook's motion for dismissal or summary judgment on Plaintiffs' claims of fraudulent concealment tolling the statute of limitations is entirely proper. The PSC's assertion that "MDL courts do not permit omnibus Rule 9(b) motions in product liability cases," Dkt. 13794 at 3, is simply mistaken. Even the most basic legal research quickly reveals multiple decisions in which MDL judges have dismissed fraud claims in product-liability litigation based on the plaintiffs' failure to plead fraud with particularity in a master complaint. *See, e.g., In re General Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1534-35 (E.D. Mo. 1997) (dismissing fraud claims on ground that allegations of fraudulent advertisements, sales brochures, and owner's manuals in master complaint were insufficient under Rule 9(b)); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 2007 WL 2421480, at *9 (E.D. Mich. Aug. 24, 2007) (dismissing fraud claims on ground that allegations of fraudulent advertising in master complaint were insufficient under Rule 9(b)). As one MDL court commented:

> The creation of an MDL proceeding does not suspend the requirements of the Federal Rules of Civil Procedure, nor does it change or lower the requirements of those rules. Rule 9(b) applies to MDL proceedings no less than any other civil proceeding in which fraud is alleged.

4

*In re Zofran (Ondansetron) Products Liability Litigation*, 2017 WL 1458193 at *5 (D. Mass. Apr. 24, 2017) (addressing Rule 9(b) motion based on Master Complaint and finding allegations sufficiently particularized).[2]

The cases that the PSC cites in supposed support of its motion to strike actually demonstrate that Cook's motion is entirely proper. Of the cases the PSC cites that actually involve motions to dismiss,[3] none of them struck a defendant's motion to dismiss as the PSC requests here, and all of them addressed the motions on their merits.

Indeed, one of the cases the PSC cites as **barring** the relief Cook seeks here actually **granted** the relief that Cook seeks here: the dismissal of a fraud claim in a Master Complaint based on inadequate pleading. In *In re Trasylol Prods. Liab. Litig.,* 2009 WL 577726 (S.D.Fla. Mar. 5, 2009), the defendant moved for dismissal of the constructive fraud claim in the plaintiffs' Master

---

[2] Appellate court decisions confirm that the existence of an MDL is not an excuse for ignoring the requirements of the Federal Rules, including Rule 9(b). *See, e.g., In re: National Prescription Opiate Litigation*, 956 F.3d 838, 841 (6th Cir. 2020) ("The rule of law applies in multidistrict litigation under 28 U.S.C. § 1407 just as it does in any individual case. Nothing in § 1407 provides any reason to conclude otherwise."). Rule 9 "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants against 'spurious charges of immoral and fraudulent behavior." *Jackson v. BellSouth Telecom., Inc.,* 181 F.Supp.2d 1345, 1361 (S.D.Fla.) (quoting *Brooks v. Blue Cross Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1370–71 (11th Cir.1997) (per curiam)). Although the use of a Master Complaint in an MDL may provide efficiencies, those efficiencies cannot come at the expense of denying a defendant the right to challenge a complaint that fails to plead all the elements of a claim or that fails to do so with the particularity the Rules require. As the Sixth Circuit noted, "an MDL court must find efficiencies within the Civil Rules, rather than in violation of them." *Id*. at 845; *see also In re Korean Air Lines Co.*, 642 F.3d at 700 ("[W]hen it comes to motions that can spell the life or death of a case, such as … motions to dismiss claims, … it is important for the district court to articulate and apply the traditional standards governing such motions.").

[3] Two of the cases the PSC cites did not involve motions to dismiss based on allegations in a Master Complaint, but addressed only the effect of a locally filed Master Complaint on the choice of law in the context of class certification. See *In re Propulsid Prods. Liab. Litig.,* 208 F.R.D. 133, 141-42 (E.D. La. 2002); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006). A third case, *In re Nuvaring Prods. Liab. Litig.*, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009), involved multiple separate motions to dismiss in individual cases, not a single motion to dismiss all or part of a Master Complaint.

Complaint on the ground that it failed to allege the necessary element of a "confidential or fiduciary relationship" between defendant and plaintiff. *Id.* at *12. The plaintiffs argued that the Master Complaint's allegations that the defendant manufactured, promoted, and sold a drug that it knew patients would ultimately consume was sufficient to establish the required special relationship. *See id.* at *12-13. The Court disagreed, and dismissed the Master Complaint's constructive fraud count as a matter of law. *Id*. at *13. Similarly here, Cook has moved to dismiss Plaintiffs' claim of fraudulent concealment on the ground that it fails to plead the necessary elements of Cook's superior knowledge of Plaintiffs' injuries and Cook's concealment of those injuries from Plaintiffs. Like the motion in *Trasylol*, Cook's motion is entirely proper.

Even the case on which the PSC relies most heavily, *In re Zimmer Nexgen Knee Implant Products Liability Litig.*, 2012 WL 3582708 (N.D. Ill. 2012), the court determined that it had to "consider Defendants' motion to dismiss to the limited extent that it challenges the sufficiency of the factual allegations common to all Plaintiffs." *Id*. at *4; *see also In re Digitek Prods. Liab. Litig.,* 2009 WL 2433468, at *8-15 (S.D.W.Va. Aug. 3, 2009) (commenting that "it is uncertain how a master complaint should be treated when it is challenged via Rule 12(b)(6)," but nonetheless evaluating the sufficiency of the pleading of each of the challenged claims under the plausibility standard of *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007)).

Moreover, most of the passages the PSC cites in their motions involved defendants' efforts to obtain dismissal based on inadequacies in the Master Complaint ***viewed by itself***. *See In re Zimmer Nexgen*, 2012 WL 3582708 at *1 (noting "Defendants filed a motion to dismiss, in part, the Master Complaint"); *In re Digitek,* 2009 WL 2433468, at *1 (addressing challenges to counts in Master Complaint). In contrast here, Cook has moved to dismiss Plaintiffs' claims of fraudulent concealment based on the ***combination*** of the general Master Complaint ***and*** the individual

6

Plaintiffs' case-specific Short-Form Complaints. Cook accepts that a Master Complaint cannot as a practical matter allege all of the particular facts concerning each Plaintiff's separate claim of fraudulent concealment, *see Zimmer Nexgen,* 2012 WL 3582708, at *12, but Rule 9(b) requires that each Plaintiff set out those facts with particularity *somewhere*.

The place for the required particularized allegations of fraud must logically be each Plaintiff's short-form complaint. See *Trasylol*, 2009 WL 577726 at *12 (("any allegation of fraud based on [individual] statements ***must be pled with particularity in the individual Plaintiff's complaint***, and be subject to discovery during the case-specific discovery stage if, ***and only if, properly alleged***") (emphasis added); *see also In re Zimmer Nexgen Knee Implant Products Liability Litigation*, 2012 WL 3582708 (N.D. Ill. 2012) ("Should any Plaintiff assert reliance on a fraudulent statement made directly to them or their physician by Zimmer agents or other persons, however, the court expects the factual allegations in Plaintiffs' fact sheets to satisfy Rule 9's particularity requirement."). The *Trasylol* court went so far as to specifically require individual plaintiffs to amend individual complaints to add particularized facts supporting a claim of fraud:

> [T]o the extent that any plaintiff asserts reliance by their physician on a fraudulent statement made directly to them or their physician by a drug salesman or other person as a basis of their individual fraud claim, then such plaintiff must amend his or her individual complaint to set forth the basis of that fraud with the particularity required by Rule 9.

2009 WL 577726 at *12

Here, Cook's motion is based on the failure of all the Plaintiffs in this MCL to plead facts that would establish the necessary elements of fraudulent concealment and to plead those facts with particularity, *either* in the Master Complaint *or* in their individual short-form complaints. As noted above, Rule 9(b) requires Plaintiffs to make these allegations *somewhere*, but the Plaintiffs here have not made the necessary particularized allegations *anywhere*. And they have not done

7

so because they cannot do so. The undeniable fact that undercuts all of the Plaintiffs' claims of fraudulent concealment is that Cook does not know the individual patients in whom filters are placed, much less possess some means of secretly detecting their injuries and fraudulently concealing them. The PSC's motion does not address the inadequacies of Plaintiffs' short-form complaints or the effect of those failings on the present motion; indeed, the motion does not even acknowledge that Short-Form Complaints exist. Cook's motion is ripe for decision, and the Court should deny the PSC's motion to strike.

**B.     Cook's Motion Does Not Violate Any Case Management Orders.**

The PSC's suggestion that Cook's motion somehow violates the Court's case-management orders requires only brief response. Combining isolated, out-of-context passages from various case-management documents of various vintages, the PSC tries to argue that Cook's motion is barred by a provision in CMO #24 stating that "all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion." Dkt. 13794 at 5-7. Putting aside the fact that the passage itself refers only to motions for summary judgment, not the current motions for dismissal, the PSC's argument seriously distorts the meaning and intention of this language, and this Court has the power in any event to bifurcate issues in any manner that justice and efficiency require, particularly in an MDL. As the context of the CMOs as a whole makes clear, this language is intended to prevent serial summary judgment motions in a single case, not to prevent the efficient resolution through dismissal or summary judgment motions of legal issues common to multiple cases. *See., e.g.*, Guidelines and Best Practices For Large and Mass-Tort MDLs at 67 (2d. ed. 2018) ("The litigation may be resolved through motion practice that results in a dismissal by the court, or rulings that effectively end the litigation. The scope of the MDL may also be narrowed as particular types of claims are determined to be without legal merit."). Indeed, the Court has already heard and ruled on a number motions for summary judgment and dismissal on common

8

legal grounds in groups of cases, including grounds of statutes of limitation, statutes of repose, lack of injury, and the viability of cases with certain categorizations.

The PSC also notes that the Court's CMOs contemplate that individual plaintiffs may move to amend their complaint. Dkt. 13794 at 6-7. But since Cook filed its motion over a month ago, not a single Plaintiff has sought to amend a short-form complaint either to add a claim that Cook concealed a superior knowledge of the Plaintiff's injury or to add particularized factual allegations to support such a claim. As the PSC notes, "[e]ach plaintiff has his or her own set of particularized facts," Dkt. 13794 at 7, but Rule 9(b) requires them to *plead* those facts, and they have failed to do so. The time to comply with Rule 9(b) is now; "Rule 9(b) is a pleading requirement; if it is to have any meaning at all, it must be applied and enforced at the relative outset of a proceeding, not after months or years of discovery and motion practice." *In re Zofran*, 2017 WL 1458193 at *5.

The PSC also argues that differences in state law make the present motion inappropriate, pointing to Cook's appendix listing state laws in its original motion. But Cook's listing of state law citations actually demonstrates the *commonality* of those laws, showing that every state's doctrine of fraudulent concealment requires the two elements that Plaintiffs here have failed to plead: that Cook had knowledge of Plaintiff's injuries that Plaintiff lacked, and that Cook intentionally concealed that information. *See* Dkt. 13649 at 14-20. The PSC does not dispute this, and does not point out any difference in any state's law on fraudulent concealment that is material to the grounds for Cook's motion.

### C. Cook's Motion Does Not Require Class Action Treatment.

The PSC also objects to Cook's motion on the grounds that the PSC does not represent all 7,000 MDL Plaintiffs, that the PSC lacks knowledge of their specific cases, and that the PSC therefore "cannot possibly respond on behalf of all 7,000 Plaintiffs. But no one has asked the PSC

9

to do so. Although Cook's motion applies to all cases in the MDL, the motion applies to each of them individually. As the PSC correctly points out, this is not a class action, where a court makes a ruling based on a few plaintiff's circumstances and then extrapolates that ruling to a larger group of similarly situated class members. Here, every individual MDL Plaintiff has made a claim of fraudulent concealment that suffers from the same legal deficiencies: it is not plead with the required particularity, either in the Master Complaint or in the Short-Form Complaint, and it does not plead all the elements necessary to state a claim of fraudulent concealment.

Finally, the PSC argues at several points that a response to Cook's motion would require each Plaintiff to present individualized, case-specific evidence that will require fact discovery, in particular evidence of what each Plaintiff's treating doctors knew at the time of filter placement. *See* Dkt. 13794 at 5 n.2, 7 n.4, 9. The PSC apparently lifted this argument from some of the cases they cite, which involved ***substantive*** claims of fraud, but the argument has no relevance here. The present motion does not concern any claim of fraud as a theory of recovery, only claims of fraudulent concealment that supposedly toll the statute of limitations. *See* Dkt. 213 at ¶¶ 195-199 (Master Complaint).

Moreover, the knowledge of Plaintiffs' treating physicians is irrelevant to Plaintiffs' claim of fraudulent concealment and therefore to this motion. As detailed in Cook's motion, under the law of every state, a claim of fraudulent concealment sufficient to toll a statute of limitations requires allegations and proof that (1) Cook had knowledge of the existence of a Plaintiff's injuries superior to Plaintiff's own knowledge of those injuries, and (2) Cook intentionally concealed that knowledge from the Plaintiff. The knowledge of Plaintiffs' doctors at the time of filter placement could have no possible bearing on whether Plaintiff has plead or proven those elements, and no discovery is necessary.

Equally important, a plaintiff who pleads a claim of fraud is required to know *at the time of that pleading* the specific factual basis for the claim of fraud, and cannot simply look to future discovery in the hope that supporting facts will somehow appear; that is the whole purpose of Rule 9(b). Here, no Plaintiff has even *generally* plead the facts necessary to state a claim of fraudulent concealment, much less plead them with the particularity required by Rule 9(b). The PSC cannot rely on a claimed need for irrelevant discovery to avoid the dismissal required by Plaintiffs' pleading failures.

## CONCLUSION

The PSC's motion points to no legitimate procedural barriers to this Court hearing Cook's motion for partial dismissal or partial summary judgment on Plaintiffs' claims of fraudulent concealment. The motions are thinly-veiled attempts to raise yet more obstacles to the Court's disposition of large groups of meritless cases that plague this MDL. Cook therefore urges the Court to deny the PSC's motions to strike Cook's motion and to hold the motion in abeyance, and instead to consider Cook's motion on its merits.

Respectfully submitted,

Dated: July 24, 2020

*s/Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
**FAEGRE DRINKER BIDDLE & REATH LLP**
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Email: Andrea.Pierson@faegredrinker.com
Email: Jessica.Cox@faegredrinker.com

James Stephen Bennett, Co-Lead Counsel
**FAEGRE DRINKER BIDDLE & REATH LLP**
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Email: Stephen.Bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2020, a copy of the foregoing The Cook Defendants' Memorandum Opposing The PSC's Motions To Strike And To Hold In Abeyance was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

_s/Andrea Roberts Pierson_
