**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to the following action:<br>Roy Luster, case no. 1:18-cv-00226 | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**PLAINTIFF ROY LUSTER'S SUR-REPLY TO THE COOK DEFENDANTS' OMNIBUS REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTE OF REPOSE IN TEXAS AND TENNESSEE**

COMES NOW, Plaintiff Roy Luster ("Plaintiff"), through the undersigned counsel, and for his Sur-Reply to the Cook Defendants' ("Defendants") Omnibus Reply in Support of Its Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee, states as follows:

**I.     Plaintiff's Constitutional argument is based on the statute of repose running from Defendant's "last culpable act or omission," set forth in *CTS Corp. v. Waldburger*, 573 U.S. 1 (2014), which has not been determined as Defendants continue to commit wrongful acts.**

Defendants argue in their Reply that Plaintiff's Constitutional argument does not save his claim because Defendants' last "culpable act" was the sale of the filter. *See* [Doc. 13486] at p. 7. However, Defendants ignore the conflict between the Tennessee Statute of Repose codified in Tenn. Code § 29-28-103 and the law set forth in *CTS Corp. v. Waldburger*, 573 U.S. 1 (2014). While Tenn. Code § 29-28-103 indicates that "the action must be brought within ten (10) years from the date on which the product was first purchased", *CTS* clearly states that the statute of repose is measured "**from the date of the last culpable act or omission of the defendant**". *CTS Corp.* 573 U.S. at 8 (emphasis added). Defendants' "last culpable act" was not the sale of the filter as Defendants suggest; rather, this would be one of many wrongful acts in a continuum of

1

wrongful acts that occurred long after the sale and implant of Plaintiff's IVC filter. In the Master Complaint, Plaintiffs allege that Defendants engaged in ongoing wrongful acts to conceal and misrepresent the known defective propensities of these products to the Plaintiffs, their implanting surgeons, the FDA and the public. *See* Master Compliant, [Doc. No. 1], at ¶¶ 3, 46, 91, 116, 191, 195, 198, 199. These continuing acts do not establish a "last culpable act" as described in *CTS*. In reality, a "last culpable act" by Defendants as it relates to this litigation would be no later than: (1) the time when Defendants inform all Plaintiffs, their treating physicians, the FDA, and the public of all known adverse events and risks associated with their defective IVC filter products; (2) Defendants recall their defective IVC filters from the market; and/or (3) the FDA recalls these defective IVC filter products from the market. These have not occurred, so Defendants cannot establish a date of for a "last culpable act" from which the statute of repose may be measured.

      Defendants' first and last acts are not one-in-the-same as they seem to suggest, as being the date of sale to a patient. Furthermore, Tennessee's statute of repose should be ignored for public policy reasons as no reasonable jurisdiction would seek to punish its injured residents and provide relief to Defendants, while they can continue to conceal and misrepresent the defective propensities of these products in perpetuity. This would be akin to stating that when Defendants first commit a bad or harmful act, once they commit any future bad acts, they are completely protected or absolved from facing any future liability as long as ten (10) years has passed since the first act. Defendants should not be allowed to commit as many future bad acts as possible simply because all of these bad acts relate back to the first bad act. This result would be beyond absurd and belies any public policy. Thus, it is only proper to measure the statute of repose from the last culpable act or omission, which has yet to be determined and necessitates denial of Defendants' motion for judgment on the pleadings.

Therefore, the law set forth in *CTS* as applied to the facts of the present action clearly allow for the statute of repose to be measured from a date *later* than the sale [and implant] of the IVC filter in Plaintiff as Defendants have argued, considering that Plaintiffs have alleged Defendants committed "culpable acts and omissions" long after Plaintiff's IVC filter was implanted on December 28, 2007. *See* [Doc. 1], p. 3.

## II.  Conclusion

For the reasons stated above, Plaintiff respectfully requests this Court deny Defendants' Omnibus Motion for Judgment on the Pleadings Based on the Statute of Repose in Texas and Tennessee regarding Plaintiff's claims, and for any such other relief that is just and reasonable.

Dated:  July 29, 2020

                                            Respectfully submitted,

                                            **FLINT LAW FIRM, LLC**

By:    */s/ Jacob A. Flint*
        Jacob A. Flint, IL Bar No. 6299777
        222 E Park St. Suite 500
        Edwardsville, IL 62025
        Phone: (618) 288-4777
        Fax: (618) 288-2864
        jflint@flintlaw.com
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                            By:    */s/ Jacob A. Flint*
                                                    Attorney for Plaintiff