IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

# Plaintiffs' Steering Committee's Reply in Support of its Motion to Strike Cook's "Omnibus" Motion for Judgment on all Plaintiffs' Claims of Fraudulent Concealment

The Plaintiffs' Steering Committee files this Reply in support of its Motion to Strike Cook's "Omnibus" Motion for Judgment on all MDL-Plaintiffs' Fraudulent Concealment defense to the statute of limitations [Filing No. 13649], and respectfully shows the Court the following:

## INTRODUCTION

Read together, Cook's Omnibus Motion and its Response reveal numerous fatal contradictions and inconsistencies. Cook's Omnibus Motion very specifically attacks paragraphs 195-199 of the administrative Master Complaint to seek dismissal or judgment of all fraudulent concealment claims brought by thousands of individual plaintiffs. [Cook's Omnibus Motion at 1.] Meanwhile, Cook's Response admits the administrative Master Complaint cannot possibly state particularized facts for all 7,000 plaintiffs. [Cook Response at 7.] Caught in this contradiction, Cook's Response

1

moves the goalposts and asks the Court to also consider plaintiffs' Short-Form Complaints as part of its Omnibus Motion.

Likewise, while Cook's Omnibus Motion targets the administrative Master Complaint, Cook's Response cites case law allowing "individual plaintiffs to amend individual complaints to add particularized facts supporting a claim of fraud." [Cook Response at 7.] And while Cook's Omnibus Motion asks the Court to dismiss thousands of claims of fraudulent concealment in one fell swoop without the necessity of filing individual motions, Cook's Response actually agrees with the PSC's position by inviting each plaintiff to respond to the Omnibus Motion individually. In fact, in response to the PSC's statement that it cannot possibly respond on behalf of all 7,000 plaintiffs due to both ethical and practical considerations, Cook states:

> But no one has asked the PSC to do so. Although Cook's motion applies to all cases in the MDL, the motion applies to each of them individually. As the PSC correctly points out, this is not a class action, where a court makes a ruling based on a few plaintiff's circumstances and then extrapolates that ruling to a larger group of similarly situated class members.

[Cook Response at 9-10.] That, however, is exactly what Cook is doing here: Cook is taking the *Graham* and *McDermitt* cases and asking the MDL Court to extrapolate those rulings to 7,000 plaintiffs based on paragraphs 195-199 of the administrative Master Complaint – without providing any opportunity for individual plaintiffs to conduct fact discovery and in violation of the Court's Case Management Orders and Bellwether Trial Plan.

All of which begs the following questions: If Cook does not want to file individual motions against 7,000 plaintiffs, why is it now inviting 7,000 individual

2

responses to its Omnibus Motion? How is that more manageable for the Court and the parties, considering thousands of individual responses will require choice of law and substantive law analysis regarding fraudulent concealment for all 50 states? *See In re Nuvaring Prods. Liab. Litig.*, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009) ("Not only would each state's substantive laws pertaining to particular claims need to be reviewed but each state's conflicts of laws rules would need to be analyzed."); *In re Trasylol Prods. Liab. Litig.*, 2009 WL 577726, at *8 (S.D. Fla. March 5, 2009) (assessing sufficiency of plaintiffs' claims in Master Complaint with "substantial leniency," and noting "[t]he four hundred plus cases in this MDL consist of cases from various states through the Country, each containing claims under the common and/or statutory law of their home states"). Conversely, since Cook apparently wants to give all 7,000 plaintiffs an opportunity to respond or amend their individual pleadings, why did Cook's Omnibus Motion focus exclusively on paragraphs 195-199 of the Master Complaint? Why didn't Cook ask the MDL Court for a scheduling order to give every individual plaintiff and his/her counsel the opportunity to respond or amend – as the Court did in the *Zofran* litigation? And since Cook agrees that a mass tort is not a class action, why is Cook asking the Court to abrogate the rights of thousands of individual plaintiffs by extrapolating the *Graham* and *McDermitt* rulings and applying those rulings to paragraphs 195-199 of the administrative Master Complaint?

      Cook cannot answer these questions or resolve its own internal inconsistencies. The Court should grant the Motion to Strike.

# ARGUMENT

## I. Cook Agrees With The PSC: A Master Complaint Cannot Possibly Plead With Particularity The "Who, What Where and When" On Behalf Of 7,000 Plaintiffs.

The key takeaway from Cook's Response: Cook admits an administrative Master Complaint cannot possibly allege particularized facts for 7,000 individual plaintiffs on their separate claims of fraudulent concealment.

> Cook accepts that a Master Complaint cannot as a practical matter allege all of the particular facts concerning each Plaintiff's separate claim of fraudulent concealment, *see Zimmer Nexgen,* 2012 WL 3582708, at *12, but Rule 9(b) requires that each Plaintiff set out those facts with particularity ***somewhere.***
>
> The place for the required particularized allegations of fraud must logically be each Plaintiff's short-form complaint.

[Cook's Response at 7 (emphasis in original).] This is because it is impractical to state the "who, what, when, and where" case-specific facts for each individual plaintiff in an administrative Master Complaint.

It is also because "[a] master or consolidated complaint is a procedural device used to promote judicial efficiency and economy, not to be given the same effect as an ordinary complaint or consolidated to merge the suits into a single cause or change the rights of the parties, or make those who are not parties in one suit parties in another." *In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.,* 2012 WL 3582708, at *3 (N.D. Ill. Aug. 16, 2012). Tellingly, Cook's Response never addresses the purpose of an administrative master complaint.

Abundant case law – including the primary case cited by Cook – agrees with the PSC (and Cook) that it is impossible to plead allegations of fraud with

4

particularity in a Master Complaint for 7,000 plaintiffs. *See In re Zofran Prods. Liab. Litig.,* 2017 WL 1458193, at *6 (D. Mass. April 24, 2017) ("It is also true that a master complaint could not possibly be expected to include every case-specific detail, such as a particular misleading statement made by a particular sales representative to the physician of an individual plaintiff.); *In re Trasylol Prods. Liab. Litig.,* 2009 WL 577726, at *8 ("The Court cannot envision the task of adequately pleading the consolidated master complaint in a manner which would satisfy Defendants, without completely removing the compromise and attempt at efficiency the parties and I had in mind in allowing the filing of the Consolidated Master Complaint."); *In re Zimmer Nexgen Knee Implant Products Liability Litigation,* 2012 WL 3582708, at *12 (N.D. Ill. Aug. 16, 2012) ("Like the *Trasylol* court, this court cannot envision a Master Complaint pleaded with the type of plaintiff-specific particularity Defendants believe is necessary.").

The problem for Cook is that its Omnibus Motion runs counter to this line of case law and is inconsistent with arguments made in its Response. The Omnibus Motion seeks dismissal under Rules 9(b) and 56 by firing a very specific rifle shot at paragraphs 195-199 of Plaintiffs' Master Complaint – not by seeking judgment or relief regarding any individual plaintiff's Short-Form Complaint. Cook's Omnibus Motion states:

> The Cook Defendants respectfully move the Court to enter partial dismissal or partial summary judgment on all Plaintiffs' claims of fraudulent concealment and equitable estoppel, as set out in paragraphs

195-199 of Plaintiffs' Master Consolidated Complaint for Individual Claims, Dkt. 211.[1]

Because Cook's Motion is directed at paragraphs 195-199 of the Master Complaint, and because Cook, the PSC, and MDL courts all agree that the Master Complaint is not the appropriate place to plead particularized allegations of fraud for all plaintiffs, the Court should grant the Motion to Strike.

No doubt recognizing that its Rule 9(b) and Rule 56 attacks on the Master Complaint are legally insufficient, Cook seeks to move the goalposts in its Response. Cook incorrectly claims that it "has moved to dismiss Plaintiffs' claims of fraudulent concealment based on the ***combination*** of the general Master Complaint ***and*** the individual Plaintiffs' case-specific Short-Form Complaints." Cook Response at 6-7 (emphasis in original). But as previously discussed, Cook's Omnibus Motion does not invoke any individual Plaintiff or any individual Plaintiff Short-Form Complaint. The sole focus of Cook's Omnibus Motion is the Master Complaint.

Cook's sudden focus on the Short-Form Complaint ignores the practicalities of the document. The Short-Form Complaint is a check-the-box document that does not request or contemplate a plaintiff will plead fraudulent concealment with any particular detail. Cook had input and agreed to the form of the document. For six years, Cook stood silent with respect to the substantive content of the Short-Form

---

[1] Remarkably, Cook wonders why the PSC's Motion to Strike focuses on the Master Complaint "***viewed by itself***" (Cook Response at 6) and why the PSC does not address the individual Plaintiffs' Short-Form Complaints (Cook Response at 8). Putting aside the ethical and practical issues of the PSC responding on behalf of thousands of individual plaintiffs with whom it has no attorney-client relationship, the PSC focused on the Master Complaint because that is the document Cook cites in its Omnibus Motion.

Complaint. Six years later, Cook suddenly aims to change the rules complaining the Short-Form Complaint does not contain enough detail. If Cook wanted the Plaintiffs to plead fraudulent concealment with particularity in the Short-Form Complaint, it could have insisted upon a different form at any point along the way. The Court should not fall for Cook's moving target, and it should grant the Motion to Strike.

## II. Contrary To Cook's Response, Differences In State Laws Concerning The Doctrine Of Fraudulent Concealment Require Both A Review Of Each State's Substantive Law And Each State's Choice Of Law Principles.

Cook's Response incorrectly argues that Cook's listing of state law citations in an appendix demonstrates the commonality of those laws. A cursory review of the case law listed by Cook reveals just the opposite – the doctrine of fraudulent concealment differs from state to state.[2]

For example, Mississippi requires that a plaintiff perform due diligence to discover the claim. *See Milam v. Kelly,* 282 So.2d 682, 688 (Miss. Ct. App. 2019). On the other hand, Minnesota dispenses with the need for an affirmative showing of action. In Minnesota, courts only require a showing that the concealment could not have been discovered by reasonable diligence, had the plaintiff attempted to do so. *See Haberle v. Buchwald,* 480 N.W.2d 351, 357 (Minn. Ct. App. 1992).

Moreover, Cook's "summary" contains inaccuracies concealing important differences among the states regarding fraudulent concealment. For West Virginia,

---

[2] A cursory review also reveals that Cook did not even attempt to set forth the elements of fraudulent concealment in some states. *See, e.g.,* Colorado, New Mexico, North Dakota, Washington, and Wyoming wherein Cook merely states the general proposition that "fraudulent concealment of a claim tolls the statute of limitations."

Cook writes: "Fraudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff." *Merrill v. W. Va. Dep't of Health & Human Res.,* 632 S,E.2d 307, 318 (W. Va. 2006). The actual full quote from the *Merrill* case demonstrates a more lenient standard: "Fraudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff, ***although any act or omission tending to suppress the truth is enough***." *Id.* (emphasis added). Illinois, on the other hand, applies a much stricter standard and requires more than silence to prove fraudulent concealment. An Illinois plaintiff must show "affirmative acts by the defendant which were designed to prevent and in fact did prevent the discovery of the claim. ***Mere silence of the defendant*** and the mere failure on the part of the plaintiff to learn of a cause of action do not amount to fraudulent concealment." *Cangemi v. Advocate S. Suburban Hosp.*, 645 N.E. 2d 792, 804 (Ill. Ct. App. 2006) (emphasis added). The inaccuracies contained in Cook's listing severely undercut the credibility of Cook's entire argument. In any event, a quick review of Cook's research reveals many important distinctions in the way state courts analyze fraudulent concealment.

The significance of these differences is two-fold. First, the Court will need to analyze each state's substantive law for each plaintiff's claim. Second, even prior to reviewing the substantive law, the Court will need to apply each state's conflict of laws principles with respect to the 7,000 individual plaintiffs. *See In re Nuvaring Prods. Liab. Litig.,* 2009 WL 4825170, at *2 ("Not only would each state's substantive laws pertaining to particular claims need to be reviewed but each state's conflicts of

laws rules would need to be analyzed."); *In re Trasylol Prods. Liab. Litig.*, 2009 WL 577726, at *8 (assessing sufficiency of plaintiffs' claims in Master Complaint with "substantial leniency," and noting "[t]he four hundred plus cases in this MDL consist of cases from various states through the Country, each containing claims under the common and/or statutory law of their home states."). On this basis, Cook's Omnibus Motion to Dismiss the fraudulent concealment claims of 7,000 plaintiffs is inappropriate, and the Court should grant the PSC's Motion to Strike.

### III. Cook's Case Law Is Easily Distinguished And Actually Supports The PSC's Argument.

"Even the most basic legal research" reveals the cases cited by Cook are without application to this MDL. Both *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 2007 WL 2421480 (E.D. Mich. Aug. 24, 2007) and *In re General Motors Corp. Anti-Lock Brakes Prods. Liab. Litig.*, 966 F.Supp. 1525 (E.D. Mo. 1997) are class actions. These cases are inapplicable, because as Cook's Response admits, this MDL is a mass tort, not a class action. [Cook Response at 10.] A mass tort "is a collection of separate lawsuits that are coordinated for pre-trial proceedings – and only pretrial proceedings – before being remanded to the respective trial courts." *In re Fosamax Prods. Liab. Litig.*, 852 F.3d 268, 302 (3d Cir. 2017), *vacated and remanded on other grounds sub nom. Merck Sharp & Dohme Corp., v. Albrecht,* 139 S. Ct. 1668 (2019). "Each Plaintiff deserves the opportunity to develop those sorts of facts separately, and the District Court's understandable desire to streamline proceedings cannot override the Plaintiff's basic trial rights." *Id.* To the extent *Ford* and *General Motors* have any application, it is only to provide further

9

support for the PSC's argument that "Cook's Omnibus Motion is a backdoor attempt to convert this MDL into a class action for disposal of a single issue without satisfying the rigorous elements of Rule 23." [PSC Motion to Strike at 8.]

Similarly, Cook's heavy reliance on *In re Zofran (Ondansetron) Prods. Liab. Litig.*, 2017 WL 1458193 (D. Mass. April 24, 2017) is without merit due to the very different factual scenario in the *Zofran* MDL. In *Zofran,* Judge Saylor issued a detailed Order at the outset of the litigation specifically delineating the procedures and deadlines for Rule 12(b)(6) motions to dismiss. *See In re Zofran (Ondansetron) Prods. Liab. Litig.*, MDL No. 1:15-md-2657-FDS, MDL Order No. 14, Document No. 243 (May 18, 2016).[3]

Importantly, *Zofran* Order No. 14 states: "Within 30 days of the filing of a Short Form Complaint, a defendant may file any appropriate Motion to Dismiss." *Id.* Thus, in the *Zofran* MDL, it could not be any clearer that a motion to dismiss would be based on allegations in each plaintiff's Short-Form Complaint, thereby giving each plaintiff notice and the opportunity to amend or respond. Under Order No. 14, the Master Complaint could not be the object of the motion to dismiss.  This reading is confirmed by Judge Saylor's opinion. "[A] master complaint could not possibly be expected to include every case-specific detail, such as a particular misleading statement made by a particular sales representative to the physician of an individual." *In re Zofran (Ondansetron) Prods. Liab. Litig.*, 2017 WL 1458193, at *6 (D. Mass. April 24, 2017). The Court continued: "Accordingly, any particularized

---

[3] For the Court's convenience, the PSC has attached a copy of Judge Saylor's MDL Order No. 14 as Exhibit A.

allegation of fraud applicable only as to an individual – for example, a claim that a specific sales representative made a misrepresentation to a specific physician, who then prescribed the product to the plaintiff's mother – should normally be set forth in the individual short-form complaint." *Id*. Make no mistake about it, this nuance from the *Zofran* case is the exact reason why Cook's Response seeks to move the target from the Master Complaint "viewed by itself" to some sort of "combination" also involving individual Short-Form Complaints.

Cook has several problems. First, as discussed extensively *infra*, unlike *Zofran*, Cook's Omnibus Motion is specifically targeted to 5 paragraphs of the Master Complaint. Second, the *Zofran* Short-Form Complaint makes provision for a plaintiff to plead fraud-related claims with particularity. The Cook MDL Short-Form Complaint makes no such provision, and Cook has never requested any changes to the document (which it helped draft). Third, as much as Cook would like *Zofran* Order No. 14 to apply to this MDL, it simply doesn't. Nothing similar to *Zofran* Order No. 14 exists in the Cook MDL. For the past 6 years, the Cook MDL has proceeded under a completely different set of Case Management Orders and Bellwether Trial Plans. Section IV of Case Management Order #24 (8th Amended Case Management Plan, Filing No. 10512, dated April 23, 2019 ), is the operative Order in the Cook MDL, and it addresses summary judgment "***or other dispositive motion[s]***." (emphasis added). Additionally, the Court's Bellwether Trial Plan gives Bellwether Plaintiffs the opportunity to file Motions for Leave to Amend. This is why Cook's Response

11

devotes so little effort to discussing the Court's Case Management Orders; Cook can't reconcile its Omnibus Motion with the Court's CMOs.

In short, Cook's Omnibus Motion is an attempt to play "gotcha" and circumvent the procedures by which this MDL has operated for the past 6 years. If Cook wanted to change the MDL Case Management Orders or the Short-Form Complaint, then it should have made a request to the Court. Not only does Cook's Omnibus Motion violate the Court's carefully crafted CMOs and purport to unilaterally change MDL procedures, it would deprive a Bellwether Trial Plaintiff the opportunity to amend her/his complaint after the conclusion of individual case discovery. In short, the *Zofran* MDL operated under a completely different set of orders and procedures from this MDL, and Cook's reliance on *Zofran* is without merit. The clincher is that at the end of the day, Judge Saylor denied the *Zofran* defendants' motion to dismiss.

### IV. Cook's Attempt To Distinguish Authority Cited By The PSC Is Frivolous, Because The PSC Has Adopted The Exact Holding Set Forth By Judge Pallmeyer In The *Zimmer Nexgen* MDL.

Cook complains the *Zimmer Nexgen* and *Trasylol* MDL courts considered the motions to dismiss rather than granting a motion to strike. The plaintiffs in those MDLs, however, chose to challenge the appropriateness of a blanket attack on the Master Complaint in their response briefs rather than in motions to strike. So the MDL courts were not presented with the option of granting a motion to strike.[4]  In rejecting the *Zimmer Nexgen* motion to dismiss, Judge Pallmeyer wrote:

---

[4] Cook's counsel knows this because it also represented the defendants in the *Zimmer Nexgen* MDL.

12

> In light of a master complaint's administrative purpose, **several MDL courts have refused to entertain** motions to dismiss master complaints where doing so would require case-specific rulings to determine the sufficiency of each individual plaintiff's factual allegations. *See In re Nuvaring Prods. Liab. Litig.*, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009); *In re Trasylol Prods. Liab. Litig.*, 2009 WL 577726, at *8 (S.D. Fla. March 5, 2009).

*In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.*, 2012 WL 3582708, at *3 (emphasis added). Whether a court "refused to entertain motions to dismiss master complaints" in the context of a motion to strike or as an argument contained in a response brief is a procedural distinction without a difference, and it is irrelevant. The important point is that Judge Pallmeyer denied an omnibus attack on the administrative Master Complaint due to the necessity of case-specific rulings for each individual plaintiff's factual allegations – exactly the situation presented by Cook's Omnibus Motion.

Judge Pallmeyer further cited extensively from the *Trasylol* opinion in rejecting the *Zimmer Nexgen* defendants' motion to dismiss the Master Complaint.

> In the *Trasylol* case mentioned above, the court addressed the pleading of fraud in an MDL master complaint. *See Trasylol*, 2009 WL 577726, at *8-9. The court concluded that particularized pleadings were not feasible in a master complaint, and instead preferred to 'assess the sufficiency of plaintiffs' claims with **substantial leniency**. . . . Like the *Trasylol* court, this court cannot envision a Master Complaint pleaded with the type of plaintiff-specific particularity Defendants believe is necessary. ***A motion to dismiss the Master Complaint is not the appropriate time to address deficiencies in plaintiff-specific allegations in the Short Form complaints or the Plaintiffs' fact sheets***.

*In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.*, 2012 WL 3582708, at *12 (emphasis added).

13

Contrary to Cook's argument, Judge Pallmeyer's clear and well-reasoned opinion demonstrates that the *Trasylol* court did ***not*** grant the relief sought by Cook in this MDL. [Cook Response at 5.] As referenced above, the *Trasylol* MDL used "substantial leniency" in denying the motion to dismiss the fraud claims. *Trasylol*, 2009 WL 577726, at *8. The court could not "envision the task of adequately pleading the consolidated master complaint in a manner which would satisfy Defendants, without completely removing the compromise and attempt at efficiency the Parties and I had in mind in allowing the filing of the Consolidated Master Complaint." *Id.* And the court noted that – similar to the Cook MDL – hundreds of plaintiffs brought claims from throughout the country, each containing claims under the common and/or statutory law of their home states." *Id.* In short, the PSC's position mirrors the *Trasylol* and *Zimmer Nexgen* opinions, and the Court should grant the Motion to Strike.

In a completely separate part of the opinion on completely separate grounds, the *Trasylol* court did rule that it was legally impossible to create a fiduciary relationship between a drug manufacturer and an end-consumer. *Trasylol*, 2009 WL 577726, at *13. The court held that simply producing drugs cannot create a confidential relationship as a matter of law. *Id.* But that legal impossibility is a far cry from the case-specific factual inquiry necessary to determine fraudulent concealment as applied to 7,000 MDL plaintiffs living across the United States. Here, not even Cook argues that fraudulent concealment is a legal impossibility. Finally, Cook ignores footnote 1 of the *Trasylol* opinion explaining that dismissal was not

14

based on Rule 9(b), but "is due to be dismissed for other reasons as discussed *infra*." *Id.* at n. 1. Thus, Cook is simply wrong when it argues that *Trasylol* granted the relief Cook is seeking in its Omnibus Motion. Because Cook's Response is meritless, the Court should grant the PSC's Motion to Strike

## CONCLUSION

Cook agrees with the PSC that it is not possible to plead fraud with particularity in a Master Complaint. Cook's case law actually supports the PSC's position that it is inappropriate to use Rule 9(b) and Rule 56 to attack a Master Complaint – in an attempt to deprive 7,000 MDL product liability plaintiffs their day in Court. Cook has failed to demonstrate that its dispositive motion comports with the Court's Case Management Orders and the long-standing procedures of this MDL. For all of the above-mentioned reasons, the PSC respectfully requests that the Court grant the Motion to Strike and/or deny Cook's Omnibus Motion seeking judgment against all 7,000-plus plaintiffs on their individual claims of fraudulent concealment.

Date:  July 31, 2020   Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email:      jwilliams@rwp-law.com

*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

15

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3141 Hood Street, Suite 600
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

I hereby certify that on July 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

/s/ *Joseph N. Williams*
Joseph N. Williams