**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES          Case No. 1:14-ml-2570-RLY-TAB
PRACTICES AND PRODUCTS                          MDL No. 2570
LIABILITY LITIGATION

_____

This Document Relates to the Following
Action only:

     Eddie Clark Burrage
     1:18-cv-00273-RLY-TAB

_____

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
SEAL PLAINTIFF'S REPLY AND ALTERNATIVE MOTION TO UNSEAL**

On July 21, 2020, Plaintiff Burrage filed his Motion to Seal Plaintiff's Reply and

Alternative Motion to Unseal. Dkt. No. 13842. In his alternative motion, Plaintiff asks the Court

to unseal both Plaintiff's Reply to Cook's "Opposition to Plaintiff's Motion to Dismiss, or in

Support of Dismissal of All Nations Firm Category 6 Cases" (**Dkt. No. 13827**, "Plaintiff's Reply")

and Exhibit A (**Dkt. No. 13828-1**, hereinafter the "FDA Letter" or the "Letter") to Plaintiff's

Reply. Plaintiff further asks the Court to temporarily seal Plaintiff's Reply and the FDA Letter

while the Court considers whether to unseal the documents.

Cook urges the Court to deny Plaintiff's alternative motion and to maintain Plaintiff's

Reply and the FDA Letter *under seal* for good cause.  The Court should maintain Plaintiff's Reply

[**Dkt. No. 13827]** and the FDA Letter [**Dkt. No. 13828-1]** *under seal* in order to protect Cook's

interest in its confidential regulatory affairs information.

## I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed).

Indiana has generally adopted the definition of trade secret found in the Uniform Trade Secret Act.  *See, e.g.*, *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 414 (S.D. Ind. 2001). Under this standard, a protectable trade secret has four characteristics: (1) information; (2) that possesses independent economic value; (3) that is not generally known or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (4) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. *See, e.g.*, *Hamilton v. State Farm Mut. Auto Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001); *Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 759 N.E.2d 239, 245-46 (Ind. Ct. App. 2001); *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000).

Other confidential business or commercial information that does not technically fit the definition of trade secret is similarly entitled to the same level of protection as trade secrets if its disclosure would be harmful physically or economically. *See Chaib v. GEO Grp., Inc.*, 2014 WL 4794194, at *1–3 (S.D. Ind. Sept. 24, 2014); *Ellis v. CCA of Tenn., LLC*, 2009 WL 234514, at *1 (S.D. Ind. Feb. 2, 2009) (finding that protection is required where disclosure of certain proprietary information would "provide a blueprint for competitors"). One of the categories of information entitled to the same level of protection as trade secrets is information related to regulatory affairs.

US.128832295

A.      **Regulatory Affairs**

Courts have held that information related to regulatory compliance and/or submission efforts and strategies constitutes confidential business information. *See, e.g.*, *Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, 2009 WL 3444938, at *1 (E.D. Wisc. Oct. 23, 2009) (good cause existed to seal deposition testimony and internal company emails containing proprietary commercial information and strategy related to an FDA filing).  Such proprietary information, like confidential information regarding pricing and sales, is confidential because "the information is created to enhance [companies'] business and give them a competitive edge." *Star Scientific*, 204 F.R.D. at 415.

## II.  ARGUMENT

The FDA Letter [**Dkt. No. 13828-1**], is a letter from the FDA to Cook Incorporated regarding post-market regulatory issues.  *See* FDA Letter at p. 1.  Pursuant to Case Management Order #8, Cook stamped and designated the Letter as **Company Confidential**.  The Letter documents the FDA's orders to Cook regarding certain post-market surveillance activities related to its IVC filters.  *Id.* at pp. 2-4.  The Letter further contains the FDA specific recommendations as to types of information and post-market data for Cook to consider in carrying out certain post-market regulatory functions and making further submissions.  *Id.* at p. 5.

As set forth above, courts have held that information related to regulatory compliance and/or submission efforts and strategies constitutes confidential business information.  *See, e.g.*, *Bayer*, 2009 WL 3444938, at *1 (good cause existed to seal deposition testimony and internal company emails containing proprietary commercial information and strategy related to an FDA filing).  Here, the contents of the Letter are confidential and entitled to continued protection because they relate to Cook's compliance with the FDA's regulatory requirements and orders,

- 3 -

including Cook's strategies for executing the post-market activities required by certain orders. Indeed, because it includes guidance as to the types of information and post-market data required by the FDA, as well as recommended compliance parameters, public disclosure of the Letter would reveal the very foundation of Cook's compliance strategy.  Such disclosure is inappropriate. *See Chaib*, 2014 WL 4794194, at \*1–3; *Ellis*, 2009 WL 234514, at \*1.

As Cook more fully demonstrated in its May 1, 2017 letter to Magistrate Judge Tim A. Baker and the supporting Declaration of Mark Breedlove (attached hereto as **Exhibit 1**), Cook's manufacture, marketing, and distribution of medical devices (including IVC filters) is regulated by various regulatory bodies around the world, including the FDA in the United States, and Cook is required to comply and demonstrate compliance with regulations and requirements imposed by those regulatory bodies.  Breedlove Decl. ¶ 10.  Cook invests substantial time and resources in developing regulatory strategies that ensure regulatory compliance in what Cook deems to be the best and most efficient ways possible.  *Id.*  Cook maintains confidentiality with regard to its interactions with regulatory agencies, including the FDA, as well as the methods and strategies it employs in planning for regulatory submissions, responding to regulatory inquiries, and other aspects of regulatory affairs, because such information is the product of great investment and provides commercial and competitive benefits for Cook.  *Id.*  If information pertaining to Cook's confidential regulatory agency interactions, regulatory compliance methods and strategies, or other confidential regulatory affairs practices is publicly disclosed, Cook's competitors would be able to access, and potentially adopt and benefit from Cook's methods and strategies, without having to make the investment that Cook was required to make, resulting in an undeserved benefit to Cook's competitors, to Cook's detriment.  *Id.* at ¶ 11.  Disclosure could also reveal Cook's product development strategies, and internal business philosophies, goals and objectives, which, if

- 4 -

US.128832295

divulged to competitors, would likely lead to a competitive disadvantage for Cook. *Id.* at ¶ 11. Good cause therefore exists to maintain the FDA Letter [**Dkt. No. 13828-1**] *under seal* to protect Cook's confidential commercial and business information regarding regulatory affairs.

Similarly, there is good cause to maintain Plaintiff's Reply [**Dkt. No. 13827**] *under seal.* Plaintiff's Reply relies on, summarizes, and quotes from the FDA Letter. Plaintiff's Reply should be maintained *under seal* to protect Cook's confidential commercial and business information regarding regulatory affairs.

The Court should reject Plaintiff's claim that the Letter is not confidential because it is "publicly available." In support of his claim, Plaintiff cites an FAQ section on the FDA's website that "makes clear how the public can obtain an exact copy of the documents contained in [the Letter]." Dkt. No. 13842 at ¶¶ 10, 12. However, this does not mean that the Letter is "publicly available." In reality, the FAQ section merely provides instructions for submitting a Freedom of Information Act ("FOIA") request for the Letter. *See* https://www.fda.gov/medical-devices/522-postmarket-surveillance-studies/522-postmarket-surveillance-studies-frequently-asked-questions-faqs (last accessed July 29, 2020). That the Letter may be the subject of a FOIA request does not somehow render it publicly available or deprive it of its confidentiality. Indeed, a FOIA request for the Letter could be outright denied pursuant to a statutory exemption or granted with limitations (*i.e.*, with confidential information redacted). Further, the very existence of Plaintiff's alternative motion itself makes clear that the FDA Letter is not "publicly available"; if it were, Plaintiff would not need to bring this motion asking the Court to authorize its public disclosure.

US.128832295

## III.  CONCLUSION

Plaintiff's Reply **[Dkt. No. 13827]** and the FDA Letter [**Dkt. No. 13828-1]** that Plaintiff seeks to unseal contain confidential information regarding Cook's regulatory compliance strategy. Cook therefore opposes Plaintiff's alternative motion and urges the Court to maintain the documents under seal for good cause.  Cook does not oppose Plaintiff's request to temporarily seal Plaintiff's Reply and the FDA Letter while the Court considers Plaintiff's alternative motion. Indeed, Plaintiff's Reply **[Dkt. No. 13827]** and the FDA Letter [**Dkt. No. 13828-1]** should be *permanently* sealed for good cause as demonstrated above.

A proposed order (1) denying Plaintiff's alternative motion, and (2) sealing and maintaining ***under seal*** Plaintiff's Reply **[Dkt. No. 13827]** and the FDA Letter [**Dkt. No. 13828-1]** has been filed with this Opposition**.**

Respectfully submitted,

Dated:  July 31, 2020           */s/ Andrea Roberts Pierson*
                                Andrea Roberts Pierson
                                Jessica Benson Cox
                                FAEGRE DRINKER BIDDLE & REATH LLP
                                300 North Meridian Street, Suite 2500
                                Indianapolis, Indiana  46204
                                Telephone: (317) 237-0300
                                Facsimile: (317) 237-1000
                                andrea.pierson@faegredrinker.com
                                jessica.cox@faegredrinker.com

                                James Stephen Bennett
                                FAEGRE DRINKER BIDDLE & REATH LLP
                                110 W. Berry Street, Suite 2400
                                Fort Wayne, Indiana  46802
                                Telephone: (260) 424-8000
                                Facsimile: (260) 460-1700
                                stephen.bennett@faegredrinker.com

                                *Attorneys for Defendants Cook Incorporated, Cook*
                                *Medical LLC f/k/a Cook Medical Incorporated, and*
                                *William Cook Europe APS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2020, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Seal Plaintiff's Reply and Alternative Motion to Unseal was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

US.128832295