UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | 1:14-ml-02570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to the Following Actions:

| | |
|---|---|
| Simon, Lawrence and Shyaam Akasha | 1:16-cv-00343 |
| Corley, Omel | 1:17-cv-03379 |

# ENTRY GRANTING THE COOK DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 25(a) and DENYING SIMON'S AND CORLEY'S MOTIONS FOR SUBSTITUTION OF PARTY

Pursuant to Federal Rule of Civil Procedure 25(a), Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS, move to dismiss the above-captioned matters[1] for Plaintiffs' failure to file motions to substitute parties within 90 days of the notice of suggestion of death.

Federal Rule of Civil Procedure 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

---

[1] Plaintiffs John Seifert, 1:16-cv-02525, and Jeanette Renteria, 1:18-cv-02780, were subject to this motion but have since been dismissed by separate order.

"'The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim.'"  *Rogers v. Randle*, No. 09-1297, 2010 WL 3463993, at *1 (C.D. Ill. Aug. 27, 2010) (quoting *Gruenberg v. Maricopa County Sheriff's Office*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008)); *see also McMurty v. Obaisi*, No. 18-cv-2176, 2020 WL 3843566, at *2 (N.D. Ill. July 8, 2020) ("The apparent goal [of Rule 25] is to alert everyone when a party passes away, so that they can take appropriate steps without delay.").

### *Plaintiffs Lawrence Simons and Shyaam Akasha*

Plaintiff Simon died on September 26, 2016 and his wife and co-Plaintiff, Shyaam Akasha, was named as the administratrix of Plaintiff Simons' estate.  (*See* Plaintiffs' Motion to Substitute ¶ 2 & Ex. B attached thereto).  Plaintiff Simon's Notice of Suggestion of Death was filed in February 9, 2017,[2] but his Motion for Leave to File a Substitution of Parties was not filed until February 27, 2020.  (*See* Filing Nos. 3734, Notice of Suggestion of Death; Filing No. 12963, Motion for Leave to File Substitution of Parties).  Plaintiff argues the Suggestion of Death was ineffective because it did not identify the successor to the estate; therefore, the 90-day clock for filing a notice of substitution did not start in February 9, 2017.

---

[2] Plaintiffs filed a Corrected Suggestion of Death on February 10, 2017.

Under these circumstances, there was no need to name the legal successor to the decedent's interests because the legal successor, Plaintiff Akasha, is a party to this action. *See Rogers*, 2010 WL 3463993, at *2 ("There is no requirement that a suggestion of death identify a party to be substituted in order to trigger the 90-day period for substitution."); *Ray v. Koester*, 85 F. App'x 983, 984 (5th Cir. 2004) (citing *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) ("The district court was correct. Rule 25 does not require that the suggestion of death identify the successor party.")). *But see Kessler v. Se. Permanente Med. Grp.*, 165 F.R.D. 54, 56 (E.D.N.C. 1995) ("[T]he suggestion must identify the successor to the estate who may be substituted for the decedent."). Accordingly, the court finds the 90-day clock began on February 9, 2017. Because Plaintiffs' Motion for Leave to File a Substitution of Parties was filed over 1,000 days late, Plaintiff Akasha cannot pursue any claims alleged by Plaintiff Simon.

Plaintiff Akasha may remain in this action to pursue claims on her own behalf. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties."). Her only remaining claim is one for loss of consortium. (*See* Case No. 1:16-cv-00343, Filing No. 1, Short Form Complaint). Under Indiana law,[3] a loss of consortium claim is derivative; it "'derives its viability from

---

[3] Plaintiff Simon was implanted with the Gunther Tulip IVC filter at the Veterans Affairs Hospital in Indianapolis, Indiana. At that time, he and his wife were residents of Indiana. (*See* Short Form Complaint).

the validity of the claim of the injured spouse against the wrongdoer.'" *Miller v. Cent. Indiana Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014) (quoting *Bd. of Comm'rs of Cass Cnty. v. Nevitt*, 448 N.E.2d 333, 341 (Ind. Ct. App. 1983)). The claims asserted by Plaintiff Simon are no longer viable. Therefore, Plaintiff Akasha's loss of consortium claim must be dismissed with prejudice as well.

### *Plaintiff Omel Corley*

Plaintiff Corley passed away on May 6, 2017. His Complaint was filed on September 21, 2017. He filed a Notice of Suggestion of Death on October 12, 2018 but did not file a Motion to Substitute Party until February 29, 2020—long past Rule 25's 90-day window. (*See* Filing Nos. 9400, 12980). Plaintiff argues the Suggestion of Death was ineffective for various reasons and did not trigger Rule 25's 90-day time limit.

Even if the Suggestion of Death was ineffective, this case must be dismissed. Based on the relevant dates in the record, Plaintiff Corley passed away *before* his case was initially filed *in his own name*. A deceased plaintiff may not file suit in his own name because he lacks a legal existence. *House v. Mitra QSR KNE LLC*, 796 Fed. Appx. 783, 787 (4th Cir. 2019). "Absent a plaintiff with legal existence, there can be no Article III case or controversy." *Id.* Accordingly, this case must be dismissed without prejudice for lack of jurisdiction.

### *Conclusion*

Accordingly, the Cook Defendants' Motion to Dismiss for Failure to Comply with Federal Rule of Civil Procedure 25(a) (Filing No. 12927) is **GRANTED**. Plaintiff

4

Simon's Motion for Leave to File a Substitution of Parties (Filing No. 12963) is **DENIED** and Plaintiff Corley's Motion for Substitution of Proper Party (Filing No. 12980) is **DENIED**.

**SO ORDERED** this 5th day of August 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.