IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to
Plaintiff:  Eddie Clark Burrage
Civil Case No.  1:18-cv-00273

### PLAINTIFF'S REPLY TO COOK'S OPPOSITION TO MOTION TO UNSEAL

Cook urges this Court to keep critical information permanently under seal "to protect Cook's confidential and business information regarding regulatory affairs." (Doc. 99113, "Defendants' Opposition to Plaintiff's Motion to Seal Plaintiff's Reply and Alternative Motion to Unseal" hereinafter referred to as "Cook Opp. to Motion to Unseal" p.5). Cook designated a letter it received from the FDA ("the FDA letter") as "Company Confidential" during the discovery process pursuant to CMO 8. (Cook Opp. to Mtn to Unseal, p. 3). To refute the untrue allegations contained in Cook's "Opposition to Plaintiff's Motion to Dismiss, or, in Support of Dismissal of All Nations Firm Category 6 Cases" (Doc. 13714 "Cook Opp.") Plaintiff cited this FDA letter and relied on it in his response. (Doc. 13827, "Plaintiff's Reply" pp. 5-6). Cook then requested that counsel for Plaintiff withdraw Plaintiff's Reply, claiming it violated CMO 8. Instead, Plaintiff moved to unseal the FDA letter and to temporarily seal Plaintiff's Reply while the matter was under consideration. (Doc. 13842, "Plaintiff's Motion to Unseal").  The Court should unseal Plaintiff's reply along with the FDA letter in support.

**A. There is no good cause to keep Plaintiffs Reply and the FDA letter sealed because the information is publicly available and has been shared in open court.**

There is no good cause to maintain the FDA letter under seal or to keep Plaintiff's Reply sealed in this case. Not only is the letter at issue referenced on the FDA website[1] (see "Exhibit A") and available to the public via a Freedom of Information Act request, but also the letter was introduced at trial and *the exact information that is quoted and referenced in Plaintiff's Reply* was read aloud in open court. (See Transcript of Jury Trial at 2725:5-7, *Hill v. Cook Medical, Inc.*, No. 1:14-ML-2570-RLY-TAB (D. S. Ind. – Indpls. Div., Oct. 23, 2017) attached hereto as "Exhibit B"). "Now that the [letter] itself has become a subject of litigation; it must be opened to the public just like other information that becomes the subject of litigation." *Square D Co. v. Breakers Unlimited. Inc.*; 2008 U.S. Dist. LEXIS 97775 *4; 2008 WL 5111356 (S.D. Ind. Dec. 2, 2008) *citing Herrnreiter v. Chi. Hous. Auth.*, 281 F.3d 634, 637 (7th Cir. 2002) (internal parenthetical omitted).

As the producing party, Cook bears the burden of establishing the confidentiality of each contested document. *Brandt Indus. v. Pitonyak Mach. Corp.*, 2012 U.S. Dist. LEXIS 121214 *6; 2012 WL 3704956 (S.D. Ind. August 27, 2012). Although Cook references steps taken to maintain the secrecy of this letter and speaks in generalities about regulatory affairs, it is impossible for Cook to keep secret because Cook did not draft the letter and does not have ownership over its

---

[1] "In addition, CDRH launched this publicly available webpage to keep all stakeholders informed of the progress of each 522 PS study. The webpage displays general information regarding each study, as well as the overall study status (based on protocol-driven timelines and adequacy of the data) and the applicant's reporting status for each submission due."
https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfPMA/pss.cfm?t_id=303&c_id=812

contents. Even if this was a letter *from* Cook to the FDA, "[m]arking records submitted to the Food and Drug Administration as confidential, or with any other similar term, raises no obligation by the Food and Drug Administration to regard such records as confidential, to return them to the person who has submitted them, to withhold them from disclosure to the public, or to advise the person submitting them when a request for their public disclosure is received or when they are in fact disclosed." 21 CFR § 20.27. The letter from the FDA to Cook is already public and it should not be filed under seal.

>   B. **The FDA letter does not contain trade secrets, confidential research, development or commercial information and is therefore not protectable under Indiana law.**

Contrary to Cook's claims, the FDA letter does not contain trade secrets or other confidential research, development, or commercial information. The burden of proof is on the party asserting the trade secret to show that it is included in the categories of protectable trade secret information listed in the trade secrets statute. *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. Dec. 7, 2001); *Amoco Prod. Co. v. Laird*, 622 N.E.2d 912, 920 (Ind. 1993). Only genuine trade secrets may be held in long-term confidence. *Union Oil Co. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

> The Seventh Circuit addressed the issue of protective orders in cases involving potential trade secrets in *Citizens First National Bank*, 178 F.3d at 944, noting it would be permissible for parties to keep trade secrets out of the public record provided that the judge: (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets; and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents. *Id*. at 946. Accord *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (S.D. Ind. 2000); *In re Bridgestone/Firestone, Inc.*, 198 F.R.D. 654 (S.D. Ind. 2001).

*Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. at 422-423.  Here, this document was filed under seal only because of a protective order filed over five years ago. Even at that time it was not

a confidential document and Cook has not provided a good faith reason that a document they did not create some how contains a trade secret.

To determine whether the FDA letter constitutes a protectable trade secret entitled to protection under Rule 26(c)(7), the Court looks to the Indiana Uniform Trade Secret Act (IUTSA) for guidance. The IUTSA defines a "trade secret" as: information, including a formula, pattern, compilation, program, device, method, technique, or process that:

> (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

*Burk v. Heritage Food Service Equipment, Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000), citing I.C. § 24-2-3-2. Even if Cook's arguments that competitors may obtain economic value from the disclosure of this letter were accurate, their efforts to maintain its secrecy are not reasonable under the circumstances.

There are few cases in Indiana which address the "reasonable efforts to maintain secrecy" prong of the trade secrets definition. *See Zemco Mfg. v. Navistar Int'l Transp. Corp.,* 759 N.E.2d 239, 246 (Ind. Ct. App. 2001). However, because Indiana has adopted the Uniform Trade Secrets Act, and because the Act is to "be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject matter of this chapter among states enacting the provisions of [the Act]," Ind. Code § 23-2-3-1(b), the Court can turn to other jurisdictions which have also adopted the Uniform Act for guidance. *Zemco Mfg.* at 249.

In *Forst v. Smithkline Beecham Corp.*, 639 F. Supp. 2d 948 (E.D. Wis. 2009) the Forsts asked the court to unseal fifteen documents filed conditionally under seal in support of its summary judgment opposition brief. *Forst* at 955. GSK opposed any unsealing of the documents and argued that they represented confidential commercial information. *Id.* Specifically, GSK asserted that public disclosure of the communications between GSK and the FDA and deposition testimony regarding these communications and labeling submissions would aid GSK's competitors and bias the public against GSK. *Id.* The court noted that GSK faced a difficult task to establish that documents filed in connection with a dispositive motion should be shielded from public view. *Id.*

GSK argued that correspondence with the FDA was confidential because it was contained within Paxil's Investigational New Drug and New Drug Applications and was presumptively protected. *Id.* at 956. GSK acknowledged that correspondence from a pharmaceutical manufacturer to the FDA is available for public disclosure, however, it maintained that confidential commercial information was exempted under 21 C.F.R. § 20.61. *Id.* The court held that GSK's explanations for why release of its documents would cause substantial competitive harm failed to establish the requisite good cause for sealing. The court granted the motion to unseal, finding that GSK failed to establish good cause for sealing either its correspondence with the FDA, or for sealing related deposition testimony. *Forst*, 639 F. Supp. at 197; see also *Cunningham v. Smithkline Beecham,* No. 2:07 CV 174, 2008 U.S. Dist. LEXIS 49016 *1, 2008 WL 2572076, (N.D. Ind. June 25, 2008).

Similarly, here Cook argues that maintaining this FDA letter under seal is warranted because "its disclosure would be harmful physically or economically." (Cook Opp. to Motion to Unseal, p. 2). Specifically, Cook argues that the letter from the FDA is "related to regulatory compliance and/or submission efforts and strategies" and therefore it constitutes "confidential business information," *Id.* at 3. Like GSK, Cook argues that it will suffer harm because disclosure

will "reveal the very foundation of Cook's compliance strategy." (Cook Opp. to Motion to Unseal, p. 4); *Forst*, 639 F. Supp. at 196-197. On the contrary, the FDA letter is not a trade secret of Cook, nor does it contain protectable information. On this basis, it should be unsealed.

    **C.**  **The public has a right to access court records and Plaintiff's Reply.**

    As a rule, because the public pays for courts, they are entitled to know what occurs in the courtroom. The Seventh Circuit emphasized, "[m]any a litigant would prefer that the subject of a case — how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on — be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing. " *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). In *Union Oil*, the Seventh Circuit rejected a request to keep under seal virtually all documents in a lawsuit for breach of a "confidential" settlement agreement for clean-up of a contaminated industrial site. Recognizing that many parties would prefer to keep the details of their disputes out of the public record, the Seventh Circuit explained that the public has a substantial interest in access to the records that are the basis for the public decisions of public courts supported with public funds. The court pointed out that even issues affecting national security are litigated in public, with limited use of sealed portions of the record where necessary. *Id*. at 567-68.

    Any step that "withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002)).  Here, Cook made serious

and erroneous allegations against Plaintiff and his counsel. Plaintiff's Reply should be available to the public along with the FDA letter that is Exhibit A to the reply because it provides direct evidence that Cook's assertions regarding Plaintiff are wrong. Since Cook is headquartered in Indiana, should the Court shield Cook from revealing these negative facts despite the fact that Cook opened the door to the admission of this letter, it may cause the public to lose faith in the neutrality of our judicial system. The Court should therefore unseal both Plaintiff's Reply and the FDA letter and make them available on the public docket.

Respectfully submitted this 6th day of August, 2020.

              THE NATIONS LAW FIRM

              */s/ Howard L. Nations*
              Howard L. Nations
              TX Bar No. 14823000
              Alison L. Divine
              GA Bar No. 672129
              9703 Richmond Ave, Suite 200
              Houston, TX  77042
              Telephone: (713) 807-8400
              Facsimile:  (713) 807-8423
              Email: cdb@howardnations.com
                 alison@howardnations.com

              *Counsel for Plaintiff*