**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |
|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION |
| This Document Relates to Plaintiff NETITIA GOODROW |
| Civil Case # 1:17-cv-04692 |

**Case No. 1:14-ml-2570-RLY-TAB**
**MDL No. 2570**

## MOTION TO REINSTATE

Plaintiff, Netitia Goodrow, by and through her undersigned counsel, respectfully moves this Court for an Order reinstating *Goodrow v. In re: Cook Medical, Inc., et al.,* 1:17-cv-04692, and would respectfully show the Court the following:

### 1.0   Procedural Background

**1.01**   Plaintiff filed her Short Form Complaint on December 20, 2017.  Plaintiff's Profile Sheet (PPS) and medical records were timely submitted to Defendants via the Faegre Drinker online portal and via email on January 18, 2018, within 30 days after filing the lawsuit.

**1.02**   Subsequently, the Court ordered Plaintiffs to categorize their cases and submit medical records supporting categorization by December 22, 2018 (9322 and 9638).  Due to non-compliance by many Plaintiffs, including two other companion cases of ours: *Oakley v. In re: Cook Medical, Inc., et al.,* 1:18-cv-02837 and *Cornin-Simeon v. In re: Cook Medical, Inc., et al.,* 1:18-cv-01916, the Court extended the deadline to January 31, 2019 (9956).  On May 8, 2019, the Court dismissed the subject case and the two other companion cases, without prejudice, for failure to provide the requisite categorization forms (10211).

## 2.00  Factual Background

**2.01**     On July 13, 2020, counsel for Plaintiff learned for the first time that Plaintiff's case had been dismissed.  Needless to say, Plaintiff's counsel was shocked and immediately researched what had occurred.  After fully researching the matter, Plaintiff's counsel discovered that his office had failed to see the Court's prior orders requiring Categorization Forms, as well as the ultimate dismissal of Plaintiff's case.  Plaintiff's counsel offers no excuse other than to state that his office made a regrettable error in failing to see these Orders.

**2.02**     In an effort to sway the Court's empathy, counsel for Plaintiff offers the following history.  On June 18, 2019, Plaintiff's counsel received an email from defense counsel requesting that Plaintiff's counsel provide the Categorization Forms for three plaintiffs (not the subject one).  Plaintiff's counsel immediately provided the forms to defense the next day, but also provided the requisite form for the subject case (and the two other companion cases) despite it not being on defense counsel's list.  As it turns out, the subject case had been dismissed on May 8, 2019.  Plaintiff's counsel was under the impression (albeit erroneous) that it had fully complied by providing the requisite forms and supporting medical records on June 19, 2019.  In any event, it should show the Court that Plaintiff's counsel was not intentionally disregarding the Court's Orders and that the failure to timely comply was an unfortunate oversight error.  *See* June 18, 2019 and June 19, 2019 correspondence attached hereto as Exhibit A.

**2.03**     Plaintiff' counsel fully respects and understands that the Court sets specific deadlines. Plaintiff's counsel further deeply apologizes for his non-compliance, but assures the Court that it was not done intentionally or in a disrespectful manner.  Rather, this was a regrettable oversight that counsel takes full responsibility for and respectfully asks the Court to allow this case (and the two companion cases) to be reinstated.

**2.04**     In light of the foregoing circumstances, Plaintiff's counsel respectfully requests that the Court reinstate the subject Complaint against all Defendants. When weighing the harm to

Plaintiff in comparison to the prejudice suffered by Defendant (if any), the harm to Plaintiff is much more significant than the prejudice suffered by Defendant in failing to receive the CCF and a second copy of the medical records at issue. *See, e.g., Barnhill v. United States,* 11 F.3d 1360, 1367 (7th Cir. 1993) ("[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint."). This is particularly the case in this instance as all the information contained in the CCF was previously sent to Defendants back in January of 2018 through submission of Plaintiff's PPS and the Categorization Form was provided on June 19, 2019.  Further, simply refiling Plaintiff's Complaint is not a feasible remedy since the statute of limitations has expired (Texas law). Plaintiff's counsel reached out to defense counsel to request their agreement, but defense counsel never responded.

## CONCLUSION

Plaintiff respectfully requests this Court to order the reinstatement of *Goodrow v. In re: Cook Medical, Inc., et al.,* 1:17-cv-04692.

Dated: August 7, 2020

Respectfully submitted,

s/Michael G. Guajardo
MICHAEL G. GUAJARDO, ESQ.
Texas Bar No.  00784183
J. GREGORY MARKS, ESQ.
Texas Bar No.  12994900

Guajardo & Marks, LLP
Three Forest Plaza
12221 Merit Drive, Suite 945
Dallas, TX  75251
972-774-9800 (Phone)
972-774-9801 (Fax)
mike@guajardomarks.com
greg@guajardomarks.com

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I certify that on August 7, 2020 a copy of the foregoing Plaintiff's Motion to Reinstate was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

s/Michael G. Guajardo_____