IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to All Cases

**THE COOK DEFENDANTS' SUPPLEMENTAL RESPONSE TO
THE PSC'S MOTIONS TO STRIKE AND TO HOLD IN ABEYANCE**

At the hearing on the PSC's motion on August 13, 2020, PSC counsel Joe Williams referred for the first time to the case of *Elward v. Electrolux Home Products, Inc.*, 264 F.Supp.3d 877 (E.D. Ill. 2017), as bearing on the Indiana standard for fraudulent concealment.  Cook respectfully submits this brief supplemental response explaining why nothing in that case supports the PSC's position.

First, as Cook noted during the hearing, the *Elward* case involved claims of property damage arising from a recalled dishwasher.  The plaintiff claimed the manufacturer communicated directly with consumers in a fraudulent attempt to mislead them about the defect both before and after the plaintiffs' products malfunctioned, and that it concealed its recall of the dishwasher due to the defect.  *See* 264 F.Supp.3d at 883-84.  In contrast, the cases at issue here are personal injury claims in which no Plaintiff alleges that Cook (1) agreed that the product was defective or recalled it, (2) knew of any specific plaintiff's use of the product or injury, and (3) communicated directly with any Plaintiff in a deceptive or misleading way about their injury and the defective nature of a

product that caused the injury.[1]  The elements and factors that bear on the discovery of a defect in a property damage case like *Elward* are materially different from those in personal injury cases like Plaintiffs' actions here, in which the claimed injury by its nature will necessarily be known by the Plaintiff before any defendant can learn of it.[2]

But more critically, this Court's interpretation of Indiana law is not controlled by the decisions of a judge in the Northern District of Illinois, or indeed any other district court judge; it is controlled by the decisions of the Indiana Supreme Court and by the decisions of the Seventh Circuit Court of Appeals that apply Indiana Supreme Court decisions.  The Indiana Supreme Court has unambiguously held that fraudulent concealment occurs ***only*** where the defendant knows that the plaintiff has a potential cause of action and acts affirmatively to prevent the plaintiff from discovering the existence of that cause of action.  *See Hughes v. Glaese*, 659 N.E.2d 516, 522 (Ind. 1995) (holding plaintiff failed to create jury question on claim of fraudulent concealment where "she presents no evidence from which a finder of fact might reasonably infer that [defendant] had actual knowledge of the X-ray findings, that he intentionally concealed the results from her, or that his statement that she was 'okay' was calculated to prevent inquiry or to mislead her").[3]

---

[1] As the Court knows well by now, Cook does not have knowledge of specific patient use or injury and it communicates only with physician learned intermediaries. Plaintiffs do not, and cannot, allege otherwise.

[2] For example, as Cook noted at the hearing, fraudulent concealment may be well-suited to a construction defect case, where a defendant has superior knowledge of a concealed defect and actively prevents a homeowner from discovering the defect.  Fraudulent concealment, however, does not fit the facts here given that Cook does not know the identity of patients prior to filter placement and there is no evidence to suggest that Cook communicated with any plaintiff following an alleged injury in a deceptive manner to conceal either the injury or the product defect.

[3] A different standard applies where the defendant has a fiduciary relationship with the plaintiff, such as a doctor-patient relationship.  *See Hughes,* 659 N.E.2d at 519.  No Plaintiff here claims that any Cook defendant owed Plaintiff a fiduciary duty.

2

The Seventh Circuit has adopted and applied this same rule. *See, e.g., Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) (rejecting fraudulent concealment claim on ground that "[Plaintiff] has not pleaded any facts in his amended complaint that would support his contention that the defendants engaged in fraudulent concealment. He does not describe any deception or other acts by the defendants that prevented him from discovering that he was injured.") (citing *City of E. Chi. v. E. Chi. Second Century*, Inc., 908 N.E.2d 611, 621–22 (Ind. 2009)). As the *Elward* court itself noted in citing *Logan* and related Indiana authority, Indiana law requires "'concealment or fraud of such character as to prevent inquiry, [to] elude investigation, or to mislead the plaintiff'" and "actively or intentionally 'mislead[ing] the party who claims the cause of action.'" *Elward,* 264 F.Supp.3d at 890-91 (*quoting Logan v. Wilkins*, 644 F. 3d 577, 582 (7th Cir. 2011); *Forth v. Forth*, 409 N.E.2d 641, 644 (Ind. Ct. App. 1980); (*Cwiakala v. Economy Autos Ltd.*, 587 F.Supp. 1462, 1466 (N.D. Ind. 1984)).

Thus, even assuming for the sake of argument that the *Elward* case could be read to hold that a defendant's alleged concealment of a defect is alone sufficient to support a claim of fraudulent concealment, that holding misstates Indiana law and in any event is not controlling here. Cook again urges the Court to deny the PSC's motions to strike Cook's motion and to hold the motion in abeyance, and instead to consider and grant Cook's motion on its merits.

Respectfully submitted,

Dated: August 14, 2020

*s/ Bruce Jones*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
**FAEGRE DRINKER BIDDLE & REATH LLP**
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Email: Andrea.Pierson@faegredrinker.com
Email: Jessica.Cox@faegredrinker.com

US.128997593.05

James Stephen Bennett, Co-Lead Counsel
**FAEGRE DRINKER BIDDLE & REATH LLP**
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Email: Stephen.Bennett@faegredrinker.com

Bruce Jones
**FAEGRE DRINKER BIDDLE & REATH LLP**
90 South Seventh St., Suite 2200
Minneapolis Minnesota 55402
Telephone: (612) 766-4000
Email:  Bruce.Jones@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS*

US.128997593.05

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, a copy of the foregoing The Cook Defendants' Supplemental Response to the PSC's Motions To Strike And To Hold In Abeyance was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*s/ Bruce Jones*