# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Actions:

Baker, Daniel, 1:20-cv-00487
Baker, Daniel, 1:20-cv-06167

Bryant, Robert, 1:19-cv-04599
Bryant, Robert, 1:20-cv-06156

Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-00187
Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-06168

_____

## MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING MOTION TO DISMISS DUPLICATIVE COMPLAINTS [DKT. 13994]

The defendants, Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, "Cook"), respectfully file this Motion for Reconsideration of the Court's August 13, 2020, Order Granting Motion to Dismiss Duplicative Complaints under Federal Rules of Civil Procedure 59(e) and 60(b) and requests the Court reconsider the Order dismissing Plaintiffs' cases [Dkt. 13994]. Cook asks that the Court grant this Motion, and vacate its Order for the reasons set forth below.

1.   Each above-captioned plaintiff maintained two identical, duplicative cases in this MDL. On July 23, 2020, Plaintiffs Daniel and Melissa Baker (1:20-cv-00487 and 1:20-cv-06167), Robert Bryant and Melissa Casey-Bryant (1:19-cv-04599 and 1:20-cv-06156), and Kathleen Schneibel-Gillick and James Morris (1:20-cv-00187 and 1:20-cv-06168) asked the court to dismiss

their first-filed case without prejudice. See Motion to Dismiss Duplicate Complaints Without Prejudice [Dkt. 13848].

2. Due to inadvertence and mistake, Plaintiffs' Motion was not docketed on Cook's internal system, and Cook failed to file a formal opposition to this Motion.[1]

3. Unaware that the Plaintiffs' motion had been filed, however, on August 10, 2020, Cook filed a competing Motion to Dismiss Duplicative Complaints [Dkt. 13956] seeking to dismiss the *later*-filed duplicative case to prevent circumvention of certain Court Orders. Cook's Motion is attached as **Exhibit A**.

4. Cook therefore asks that the Court vacate its ruling on Plaintiffs' Motion to Dismiss Duplicate Complaints Without Prejudice [Dkt. 13848], to allow for consideration of Cook's opposition, which was outlined in Cook's Motion to Dismiss Duplicative Complaints [Dkt.13956].

5. Indeed, Plaintiffs and Cook both noticed their respective motions to be heard at the upcoming August 27, 2020 hearing, intending to present them to the Court. (See Plaintiffs' Notice of Hearing [Dkt. 13980], attached as **Exhibit B**, and Cook's Notice of August 27, 2020 Hearing [Dkt. 13989], attached as **Exhibit C**)

6. The risk of prejudice to Plaintiffs is low. As Plaintiffs acknowledged in their Motion, Plaintiffs knew Cook did not agree to the stipulations to dismiss the earlier-filed cases: Cook did not agree to a stipulation; Cook specifically requested dismissal of the second-filed, duplicate complaints in correspondence; and Cook filed its competing Motion to Dismiss the same cases. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 357 (7th Cir. 1997) )(quoting district court as saying the "only 'prejudice' to [defendant if the motion to reconsider is granted] would

---

[1] Cook was not aware of Plaintiffs' Motion until Plaintiffs noticed it for oral argument on August 12, 2020 [Dkt. 13980]. While Cook was preparing to file a motion for leave to respond, however, the Court's Motion was granted by the Court.

2

be that its summary judgment motion would face testing on its merits with due regard to [plaintiff's] evidence and arguments, rather than being decided in the absence of opposition").

7. In contrast, the risk of prejudice to both Cook and this MDL are great: the sole and transparent purpose of these Plaintiffs' commencement of additional, duplicative actions, and of seeking dismissal of their initial actions, was and is to subvert the Court's Orders regarding choice of law. Allowing Plaintiffs' to subvert the Court's Orders encourages duplicate filings and would open the floodgates to similar subversion.

WHEREFORE, Cook respectfully requests that the Court grant this Motion, hear the parties' motions on their merits, and for all other just and appropriate relief.

Dated: August 14, 2020

Respectfully Submitted,

*/s/ Kip S.M. McDonald*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com
Kip.McDonald@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, a copy of the foregoing **MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING MOTION TO DISMISS DUPLICATIVE COMPLAINTS** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Kip S.M. McDonald*