**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to the Following Actions:

Baker, Daniel, 1:20-cv-00487
Baker, Daniel, 1:20-cv-06167

Bryant, Robert, 1:19-cv-04599
Bryant, Robert, 1:20-cv-06156

Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-00187
Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-06168

_____

**EXHIBIT A**
**TO**
**MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING**
**MOTION TO DISMISS DUPLICATIVE COMPLAINTS [DKT. 13994]**

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Actions:

Case Nos.
Baker, Daniel, 1:20-cv-00487
Baker, Daniel, 1:20-cv-06167

Bryant, Robert, 1:19-cv-04599
Bryant, Robert, 1:20-cv-06156

McCoy, Betty, 1:19-cv-04075
McCoy, Betty, 1:19-cv-06101

Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-00187
Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-06168

_____

## MOTION TO DISMISS DUPLICATIVE FILINGS

The defendants, Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, "Cook"), respectfully request that the Court dismiss four recently filed cases that are duplicative of existing MDL cases. In support of this Motion, Cook states:

### FACTUAL AND PROCEDURAL BACKGROUND

1. Four plaintiffs have more than one action pending in this MDL:

| Plaintiff(s) | Filing Attorneys | Case No. | Date Filed | Location of filing | Date of transfer to MDL |
|---|---|---|---|---|---|
| Baker, Daniel | Martin, Harding, & Mazzotti, LLP | 1:20-cv-00487 | 02/21/2020 | S.D. Ind. | N/A |

| | | | | | |
|---|---|---|---|---|---|
| Baker, Daniel | Martin, Harding, & Mazzotti, LLP | 1:20-cv-06167 | 05/26/2020 | N.D. N.Y. | 06/05/2020 |
| Bryant, Robert | Martin, Harding, & Mazzotti, LLP | 1:19-cv-04599 | 11/19/2019 | S.D. Ind. | N/A |
| Bryant, Robert | Martin, Harding, & Mazzotti, LLP | 1:20-cv-06156 | 05/21/2020 | N.D. N.Y. | 06/05/2020 |
| McCoy, Betty | Tautfest Bond | 1:19-cv-04075 | 9/30/2019 | S.D. Ind. | N/A |
| McCoy, Betty | Tautfest Bond | 1:19-cv-06101 | 10/30/2019 | W.D. N.C. | 12/03/2019 |
| Schneibel-Gillick, Kathleen and Morris, James | Martin, Harding, & Mazzotti, LLP | 1:20-cv-00187 | 01/17/2020 | S.D. Ind. | N/A |
| Schneibel-Gillick, Kathleen and Morris, James | Martin, Harding, & Mazzotti, LLP | 1:20-cv-06168 | 06/26/2020 | N.D. N.Y. | 6/26/2020 |

2. Each of these pairs of cases are identical in all material respects. They were filed:

- through identical counsel
- naming identical defendants;
- asserting identical claims; and
- asking for identical relief.

3. The only thing that is *not* identical between each pair of actions is the court in which the actions were filed. In each instance, the Plaintiff commenced an action in this Court, in the Southern District of Indiana. Then, *after* the Court issued its rulings concerning choice of law (see Dkts. 12256, 12931, and 13539), each Plaintiff commenced a second duplicative action in another federal district court in another state, that was ultimately transferred to this Court by the JPML to be part of the MDL proceedings.

4. The sole and transparent purpose of these four Plaintiffs' commencement of additional duplicative actions is to subvert this Court's Orders regarding choice of law. This Court

has ruled that cases commenced in the Southern District of Indiana after June 13, 2019, are governed by the choice-of-law rules of the State of Indiana. *See* Dkts. 12931, 13539. All four of the Plaintiffs' original were commenced in this District after June 13, 2019, and thus fall within the Court's choice-of-law ruling. The only possible purpose Plaintiffs could have in commencing identical duplicate actions in other districts, knowing that those cases would be transferred to this District as part of the MDL, would be to evade this Court's choice-of-law ruling. The Court should dismiss Plaintiffs' second-filed complaints.

5. Before filing this motion, counsel for Cook sent emails to all counsel representing plaintiffs with duplicate actions pending to alert them that Cook was aware that multiple actions had been filed on behalf of their clients. Cook requested that counsel dismiss the second-filed case for each plaintiff. The attorneys for these four Plaintiffs declined to voluntarily dismiss the second-filed case.

**ARGUMENT**

6. The Court should dismiss the second-filed of each of these Plaintiffs' cases. The Court already addressed the issue of duplicative filings multiple times. For example, on August 2, 2019, Cook moved to dismiss duplicative filings [Dkt. 11498], and on September 4, 2019, recognizing the impropriety of plaintiffs maintaining multiple duplicate complaints, the Court dismissed those duplicative cases with prejudice. (Dkts. 11709; 12595)

7. As this Court has noted, a litigant "has no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." (Young, J.) *Telamon Corporation v. Charter Oak Fire Insurance Company*, 2016 WL 67297, at *3 (S.D. Ind. 2016) (quoting *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 213 (D.D.C. Cir. 2011). A suit may be dismissed for reasons of wise judicial administration "whenever it is

3

duplicative of a parallel action pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).

8. A suit is duplicative "when the claims, parties and available relief do not significantly differ between the two actions." *Serlin*, 3 F.3d at 223. "This is all the more true where, as here, the two cases are pending before the same judge." *McCracken v. Grand Victoria Casino & Resort*, 2002 WL 31521165, at *2 (S.D. Ind. 2002).

9. Generally, where two similar actions are filed, judicial economy allows only the first-filed case to proceed. *See Serlin*, 3 F.3d at 223. In *Serlin*, the same plaintiff sued the same defendant for common law fraud (among other things) twice in the Northern District of Illinois. *Id.* 222. The trial court held that the plaintiff's second complaint was duplicative of the plaintiff's first complaint – "identical in all material respects" – and granted the defendant's motion to dismiss. *Id.* at 223. The Seventh Circuit affirmed the trial court's order. The Seventh Circuit quoted *Ridge Gold Standard Liquors v. Joseph E. Seagram* for the "chief reason" to dismiss the duplicative complaint:

> The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are ... devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants.

*Serlin*, 3 F.3d at 224 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F.Supp. 1210, 1213 (N.D. Ill. 1983).

10. Here, this issue is not complicated: all of these duplicate cases involve identical claims made by identical plaintiffs, filed by identical counsel, against identical defendants, and seek identical relief, and all of them are pending in front of the same judge in the same court.

4

11. In addition, Plaintiffs have knowingly filed a second, virtually identical, complaint with the only goal being to undermine and avoid the Court's Orders. The Court should not allow this practice, and should dismiss the second-filed complaints.

12. Plaintiffs' obvious goal of evading the Court's choice-of-law rulings not only does not justify their duplicate filings, it provides an additional compelling reason to dismiss them. Each of these Plaintiffs and their attorneys were or should have been aware of the Court's choice-of-law rulings at the time they filed their actions, but they nevertheless filed those actions in this Court. They cannot now avoid the consequences of that choice by filing a second, duplicative action in another venue. Indeed, permitting these Plaintiffs to avoid the Court's Orders in this way would not only permit but encourage other Plaintiffs who do not like the Court's rulings to avoid those rulings by similar duplicative filings. The Court should put an end to this improper tactic.

WHEREFORE, Cook respectfully requests that the Court dismiss the duplicative second-filed cases described above, and grant all other just and appropriate relief.

Dated: August 10, 2020

                                             Respectfully Submitted,

                                             */s/ Kip S.M. McDonald*
                                             Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com
Kip.McDonald@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2020, a copy of the foregoing Motion to Dismiss Duplicative Filings was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.


/s/ *Kip S.M. McDonald*