IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to:<br>All Cases | |

## PSC's Supplemental Reply in Support of its Motion to Strike

Cook's Supplemental Response [Filing No. 14004] ignores the three key reasons why the PSC cited *Elward v. Electrolux Home Products, Inc.*, 264 F. Supp. 3d 877 (N.D. Ill. 2017) at oral argument:

**First** -- *Elward* demonstrates the proper legal standard for fraudulent concealment in many jurisdictions is the failure to disclose a known "defect," **not** the failure to disclose a claimant's "injury." *See* 264 F. Supp. 3d at 888 (Washington law); *Id.* at 890 (Indiana law); *Id.* at 896 (Ohio law).

**Second** – *Elward* also recognizes the Court must analyze fraudulent concealment under the laws of different states for different plaintiffs. In *Elward,* the Court applied the laws of Washington, Ohio, and Indiana to the particularized facts of each plaintiff's case; likewise, the Court here would have to apply each state's conflicts of laws rules and each state's substantive laws pertaining to the individual claims of each plaintiff. *See In re Nuvaring Prods. Liab. Litig.,* 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009). Cook knows the Court would need to analyze fraudulent

1

concealment for all 50 states; that's why it gave the Court an appendix purporting to survey each state's standard. The focus on Indiana law in Cook's Supplemental Response is a red herring. Finally, assuming *arguendo* Cook's position that fraudulent concealment under Indiana law requires concealment of an injury instead of a defect, it only serves to prove the PSC's point: The law of fraudulent concealment differs from state to state given *Elward* found both Washington and Ohio looked to concealment of the defect, rather than the injury. *See* 264 F. Supp. 3d at 896.[1]

**Third** – *Elward* held deciding fraudulent concealment generally requires a developed factual record: "Determining whether this assertion [fraudulent concealment] has merit requires additional fact-finding not available at the pleading stage." 264 F. Supp. 3d at 891. The Court should strike Cook's motion because fraudulent concealment requires additional case-specific fact-finding on behalf of thousands of individual MDL plaintiffs – none of which have engaged in case-specific discovery.

The bottom line is Cook can't get around the undisputed fact that this MDL consists of 7,000 plaintiffs carrying case-specific facts from different states requiring different legal analyses concerning the nuances of fraudulent concealment. The Court has carefully crafted numerous Case Management Orders setting forth the

---

[1] In its Reply Brief, the PSC provided several other examples of how the doctrine of fraudulent concealment differs from state to state. [*See* Filing No. 13891, at ECF p. 99097-99099.] Mississippi requires a plaintiff perform due diligence to discover the claim, while Minnesota only requires a showing the concealment could not have been discovered by reasonable diligence had the plaintiff attempted to do so. Under West Virginia law, any act or omission tending to suppress the truth is enough to support of claim of fraudulent concealment. While under Illinois law, a plaintiff must show affirmative acts by the defendant which were designed to prevent and in fact did prevent the discovery of the claim.

procedures for amendment of pleadings and dispositive motions during the Bellwether Trial Process. Cook's Omnibus Motion with its one-size-fits-all approach to resolving fraudulent concealment claims contained in an administrative Master Complaint simply doesn't work. As the Third Circuit noted, Cook's desire "to streamline proceedings cannot override the Plaintiff's basic trial rights." *In re Fosamax Prods. Liab. Litig.*, 852 F.3d 268, 302 (3d Cir. 2017), *vacated and remanded on other grounds sub nom. Merck Sharp & Dohme Corp. v. Albrecht,* 139 S. Ct. 1668 (2019).

        Respectfully submitted,

        /s/ *Joseph N. Williams*
        Joseph N. Williams, Atty. No. 25874-49
        RILEY WILLIAMS & PIATT, LLC
        301 Massachusetts Avenue
        Indianapolis, IN 46204
        Telephone: (317) 633-5270
        Facsimile: (317) 426-3348
        Email:     jwilliams@rwp-law.com

        *Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

        /s/ *Michael W. Heaviside*
        Michael W. Heaviside, Esq.
        HEAVISIDE REED ZAIC, A LAW CORPORATION
        910 17th Street, NW, Suite 800
        Washington, DC 20006
        Telephone: (202) 223-1993
        mheaviside@hrzlaw.com

        /s/ *Ben C. Martin*
        Ben C. Martin, Esq.
        MARTIN BAUGHMAN, PLLC
        3141 Hood Street, Suite 600
        Dallas, TX 75219

> Telephone: (214) 761-6614
> Facsimile: (214) 744-7590
> bmartin@martinbaughman.com
>
> /s/ *David P. Matthews*
> David P. Matthews, Esq.
> MATTHEWS AND ASSOCIATES
> 2509 Sackett St.
> Houston, TX  77098
> Telephone: (713) 522-5250
> Facsimile: (713) 535-7184
> dmatthews@thematthewslawfirm.com
>
> *Plaintiffs' Co-Lead Counsel*

## Certificate of Service

I hereby certify that on August 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL. Notice will be served on any non-CM/ECF registered parties by first class U.S. Mail, postage prepaid.

> /s/ *Joseph N. Williams*
> Joseph N. Williams