IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff: Rusty Alto

Civil Case #: 1:19-cv-2300

### MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 7, 2020 *ORDER ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL* [DOC. 12638]

Plaintiff Rusty Alto respectfully requests the Court reconsider its January 7, 2020 *Order on Plaintiff's Motion for Voluntary Dismissal* [Doc. 12638] ("Order Denying Dismissal"), denying his motion for voluntary dismissal without prejudice, because the Court previously granted voluntary dismissal without prejudice to another plaintiff included in the same omnibus motion for summary judgment, in an identical factual situation, who made virtually the exact same arguments in support of dismissal.

On October 1, 2019, Defendants filed their *Omnibus Motion for Summary Judgement in 46 Mischaracterized No Injury Cases* [Doc. 11923 and attachments] ("Motion for Summary Judgment"). Plaintiff Rusty Alto's case was one of the 46 named in this motion. Defendants seek summary judgment in Plaintiff Alto's case because his claimed injury is a tilt of the filter, arguing filter tilt is "not a cognizable injury under applicable case law and the Court's categorization framework." Memo in Support of Summary Judgement Motion, Doc. 11924, p. 1. The defense further elaborates: "First, the 27 Tilt-Only Cases fail to raise a legally cognizable injury because tilt is not an injury—mere tilt of an IVC filter is, at best, a precursor to a potential future

complication that may or may not materialize, which itself may or may not lead to symptomatic actual injuries." *Id*. at p. 2.  In a nutshell, the defense argues Plaintiff has not sustained an injury, and thus summary judgement should be granted against him.

In response to Defendants' Motion for Summary Judgement, on November 7, 2019, Plaintiff filed:  (1) a motion for voluntary dismissal without prejudice [Doc. 12386 and exhibits] ("Motion to Dismiss"); and (2) a response and opposition to the Motion for Summary Judgment [Doc. 12387].  Plaintiff was forced to file the Motion to Dismiss because the Defendants, despite believing (or at least arguing) that Plaintiff has no claim, were not agreeable to dismissing his case without prejudice under Rule 41(a)(1)(A)(ii) without extracting additional, prejudicial stipulations. *See* Motion to Dismiss, Doc. 12386 and exhibits.  In responding to Defendants' Motion for Summary Judgment, Plaintiff argued in part as follows:

> Plaintiff does not believe summary judgment is the proper remedy in a situation such as this one, where the defense alleges no injury has occurred and no cognizable claim exists, and the more appropriate remedy is a dismissal without prejudice. Contemporaneously with this response and opposition, Plaintiff has filed a motion to dismiss the above-captioned action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which is expressly incorporated herein.  As detailed in that motion to dismiss, the defense has already agreed to dismissal without prejudice in this case but refuse to stipulate to such a dismissal without the addition of improper and unfair limitations on the plaintiff that he is unwilling to agree to.

Response to Motion for Summary Judgment, Doc. 12387.  Defendants filed an opposition to Plaintiff's Motion to Dismiss on November 21, 2019 [Doc. 12470], and Plaintiff filed a reply in support of his Motion to Dismiss on November 25, 2019 [Doc. 12477].

On January 7, 2020, the Court entered the Order Denying Dismissal in this case.  However, on November 14, 2019, this Court previously granted an identical motion for voluntary dismissal in *Vicki Lynn Anderson v. Cook, et al.,* 1:16-cv-02796.  *See* Anderson Order Granting Dismissal,

Doc. 12432.  Plaintiff Anderson was also among the 46 plaintiffs included in Defendants' Motion for Summary Judgment, and like in this case Defendants claimed Anderson did not suffer an injury because her filter was only tilted.  *See* Anderson Memo in Support of Motion to Dismiss, Doc. 12429.  The motion and memorandum in support of voluntary dismissal filed by Anderson made nearly identical arguments to those made in the instant case, and Anderson's briefing was actually filed on November 13, 2019 - six (6) days after the briefing in this case was filed on November 7, 2019.  *See* Motion to Dismiss, Doc. 12386 and exhibits; Anderson Motion to Dismiss, Doc. 12428; Anderson Memo in Support of Motion to Dismiss, Doc. 12429.  Like in this case, Anderson was forced to move for voluntary dismissal without prejudice because of the prejudicial stipulations Defendants insisted on including in any stipulation for dismissal without prejudice.  *Id*. and Exhibits to the same.  Because the plaintiff in Anderson (1) was included in the very same Motion for Summary Judgment as the Plaintiff in this case, (2) made nearly identical (if not actually identical) arguments in support of voluntary dismissal without prejudice, (3) was also forced to seek voluntary dismissal because of the unfair limitations placed on stipulation for dismissal without prejudice by the Defendants, and (4) was ultimately granted voluntary dismissal without prejudice, Plaintiff in this case should also be granted voluntary dismissal without prejudice.  The Anderson ruling is the least prejudicial result to the parties involved and reached the most equitable result, and the Court should apply the same to this case.

Based on the foregoing, Plaintiff respectfully requests the Court reconsider and vacate its Order Denying Dismissal [Doc. 12638], and enter an Order granting Plaintiff's Motion to Dismiss without prejudice [Doc. 12386] consistent with its Order in *Vicki Lynn Anderson v. Cook, et al.,* 1:16-cv-02796 [Doc. 12432].  Plaintiff further requests all other and further relief as the Court deems just and proper.

Dated: August 17, 2020                                  Respectfully submitted,

/s/ David C. DeGreeff
Thomas P. Cartmell           MO #45366
Jeffrey M. Kuntz             MO #52371
David C. DeGreeff            MO #55019
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the August 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ David C. DeGreeff
Thomas P. Cartmell           MO #45366
Jeffrey M. Kuntz             MO #52371
David C. DeGreeff            MO #55019
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com
*Counsel for Plaintiffs*