UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS  LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates Only to 1:18-cv-02837, Talisha Oakley

_____

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REINSTATE**

Plaintiff Talisha Oakley ("Plaintiff") filed a Motion to Reinstate [Dkt. 13934] her case, previously dismissed for failure to produce a Case Categorization Form. (Dkt. 10622) Plaintiff's Motion asks the Court for relief under no specific authority. The Court should deny Plaintiff's request for three reasons:

- **Plaintiff's Motion is untimely.** Federal Rule 60 only allows a motion to reinstate to be brought within a year of the corresponding Court's Order dismissing the case. **Plaintiff did not move to vacate this Court's Order for nearly a year and a half.** This Court recently denied two similar requests as untimely. (Dkts. 13926 (filed 10 months after dismissal) and 13927 (filed 18 months after dismissal)). Plaintiff's motion is untimely and should be denied.

- **Mistake Is Not Enough.** The Court should not set aside its original Order based on a mere alleged mistake on the part of counsel or failure to diligently complete discovery. Here, Plaintiff provided no justification whatsoever, and in fact specifically stated: "Plaintiff's counsel offers no excuse . . . " (Dkt. 13934, 2). Per Rule 60(b)(1), this is not sufficient to justify the extraordinary remedy of reinstatement.

- **Reinstating Would Be Futile**. If the Court were to reinstate Plaintiff's Case, the reinstated case could not, for filing purposes, relate back to the original filing date. *See* Tex. Civ. Prac. & Rem. Code § 16.064 (plaintiffs may only refile a claim dismissed for lack of jurisdiction, and then only within 60 days). And as Plaintiff acknowledges, any newly filed case will be outside of the two years allowed by Texas law to file a case. (Dkt. 13934, 2) Any reinstated case will not be saved by any applicable savings statute because her original case was not dismissed for lack of prosecution and her case was dismissed over 60 days ago. Tex. Civ. Prac. & Rem. Code § 16.064.

US.129031450.01

## Argument

### I. The Court properly dismissed Plaintiff's claims.

The Plaintiff makes no attempt to argue dismissal was not proper in the first instance. Federal Rule 41(b) states that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. As Plaintiff recognized, the Court extended Plaintiff's deadline to serve a CCF from its original date – December 22, 2018 – to January 31, 2019 and ordered Plaintiff – and all plaintiffs that had not filed CCFs – to file a CCF, which she neglected. On February 21, 2019, Cook moved to dismiss her case for failure to submit a case categorization form. (Dkt. 10211) Plaintiff filed no response to Cook's motion to dismiss and sought no extension. Following Cook's motion, another three months elapsed. Then, on May 8, 2019 – over fifteen months ago – the Court dismissed plaintiff's case. (See Order on the Cook Defendants' Motion to Dismiss (the "Order"), Dkt. 10622.) As the Court knows, before the Court's May 8, 2019, Order dismissing Plaintiff's complaint, individual MDL Plaintiffs and their attorneys were apprised of the categorization requirement on no fewer than 10 separate occasions.[1] As a result, the Court properly dismissed Plaintiff's Complaint.

---

[1] October 2, 2018: Court enters its Order on [Cook's] Motion for Screening Order and Bellwether Selection Plan (Dkt. 9322). In the Order, the Court defines the categories and orders categorization for all cases, with deadlines and format to be determined at the next conference.
November 12, 2018: The Court enters the parties' proposed order regarding categorization and the census (Dkt. 9600). The order includes the Categorization Form to be used and sets a December 22, 2018, deadline for Plaintiffs to categorize.
November 21, 2018: After the parties moved to amend the order adopted as Dkt. 9600, the Court enters Parties' Order Regarding Case Categorization and Census that again includes the Categorization Form and reiterates the December 22, 2018 deadline to categorize. See Dkt. 9638.
January 8, 2019: During the Brand trial, Cook's counsel provides an update to the Court regarding categorization. Court directs that Plaintiffs will have until January 15, 2019 to complete categorization. See Dkt. 9875 (entry memorializing hearing).
January 14, 2019: The Court enters its Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), extending the deadline to categorize to January 31, 2019, and providing that failure to categorize would lead to dismissal.
January 17, 2019: The Court amends a technical issue regarding the Order Regarding Plaintiffs' Failure to Produce Case Categorization Forms (Dkt. 9907), again confirming January 31, 2019 as the categorization deadline and re-iterating that failure to categorize would lead to dismissal. See Dkt. 9956.

## II.     Plaintiff's Motion Is Untimely Per Rule 60(c)(1)

Plaintiff makes no attempt whatsoever to identify any legal authority supporting reconsideration, or even identify a Rule under which Plaintiff brings her motion. Cook assumes Plaintiff brings her motion under Federal Rule of Civil Procedure 60(b). However, pursuant to Rule 60(c)(1), "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." (emphasis added.) Plaintiff did not bring her Motion until more than a year - **fifteen months** – after dismissal. Plaintiffs motion must be considered untimely and therefore denied. (See, e.g., Dkt. 13926, Court's Order Denying Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Produce Plaintiff Profile Form (denying reconsideration after 18 months, holding the request "not fair to the Cook Defendants and not fair to the court."); Dkt. 13927, Court's Order Denying Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Case Categorization Form (denying reconsideration after 10 months, holding "the court tries its best to be fair, but 10 months is simply inexcusable.")).

---

February 5, 2019: Cook files its Motion to Dismiss cases that were noncompliant with the Court's Categorization Order (Dkt. 10063). The Motion to Dismiss included Plaintiffs on Exhibit A (10063-1).
February 18, 2019: Cook files its Amended Motion to Dismiss (Dkt. 10182). The Amended Motion to Dismiss includes Plaintiffs on Exhibit A (10182-1 at 1).
February 21, 2019: Cook files its Second Amended Motion to Dismiss (Dkt. 10211). The Second Amended Motion to Dismiss again includes Plaintiffs on Exhibit A (10211-1).
March 14, 2019: Cook files a reply in support of the Motion to Dismiss (Dkt. 10307).
April 4, 2019: Cook's counsel sends a letter to Plaintiffs' leadership asking for entry of dismissal in the remaining noncompliant Exhibit A and Exhibit B cases. Updated Exhibit A and B lists are provided with the letter (see Dkt. 10857-2 (copy of letter). Plaintiffs' leadership's repeatedly represented to the Court that these lists were shared with counsel in individual cases.

US.129031450.01

### A.  Plaintiff Has Failed To Satisfy Rule 60(b) Requirements For Reinstatement

Again, the proper procedural vehicle to address Plaintiff's request is Rule 60(b), which governs requests to vacate an order. Rule 60(b)'s bar is high: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015). Indeed, even where a lawyer's actions may be negligent or worse, the lawyer's errors are imputed to the party (under principles of agency law) and are not permitted to burden the opposing party. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

In her Motion, Plaintiff does not specify what Rule her motion is brought pursuant to, **and no justification is given for the delay**. *See* Dkt. 13934 at 2 ("Plaintiff's counsel offers no excuse . . ."). "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v.*

*Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing a Rule 60(b) motion premised on excusable neglect, "the most important consideration is 'the reason for the delay'"; if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

An MDL Plaintiff has a duty to comply with the Court's Orders. Indeed, Plaintiff does not deny knowing of the responsibility to submit a Plaintiff Profile Sheet for cases filed in the MDL. Plaintiff does not dispute that Cook properly served Plaintiff by filing electronically in the master docket or that ECF notices were sent to counsel that registered for electronic service as required by the Court. Plaintiff does not dispute knowing the consequences for noncompliance under the Court's Orders either. Simply put, Plaintiff has no reasonable explanation for failing to comply, or at a minimum communicating with the Court or counsel.

Plaintiff has failed to provide a reasonable or excusable explanation for her failure to submit a CCF, or any explanation for that matter. Rule 60(b) relief is an "extraordinary remedy [reserved for] exceptional circumstances," *Dickerson*, 32 F.3d at 1116, and as the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such an exceptional remedy. Simply put,

US.129031450.01

errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – i.e., Cook. *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.

Plaintiff has failed to establish that her case qualifies for relief under Rule 60(b)(1), and the Court should deny her Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

### III. Reinstatement would be futile because the Plaintiff's claims are barred by the Texas statute of limitations.[2]

The Court should deny Plaintiff's Motion on the ground of futility because her reinstated claim would be barred by the statute of limitations. *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir. 1973) (noting the "salutary rule that a 60(b) motion should be buttressed by a showing of the existence of a meritorious claim or defense"). If the Court were to reinstate Plaintiff's case, the reinstated case could not, for filing purposes, relate back to the original filing date. Tex. Civ. Prac. & Rem. Code § 16.064. Even assuming the statute of limitations did not accrue until the date Plaintiff indicated a fracture was identified – November 12, 2017 – the Texas statute of limitations bars Plaintiff's claims. The Texas statute of limitations requires that claims based on personal injury be filed within two years after the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Here, Plaintiff's claim could not have accrued later than November 12, 2019. She did not move to reinstate this action until August 7, 2020, more than two years later. Texas's statute of limitations therefore bars her claims.

### IV. Reinstatement would be futile because the Plaintiff's barred claims are not saved by the Texas law and Plaintiff's Motion demonstrates her failure to prosecute this case.

---

[2] The Court ordered, in part, that cases filed outside of the period between May 31, 2017 and October 29, 2019, are not treated as if a direct-filing order has been entered. (Dkt. 12931.) As a result, the Indiana choice-of-law rules and the Indiana statute of limitations applies.

Cook anticipates that Plaintiff may argue in reply that her claim is saved by Texas law. Tex. Civ. Prac. & Rem. Code § 16.064. This argument fails because Texas savings law does not apply under the circumstances here.

Tex. Civ. Prac. & Rem. Code § 16.064 is a savings statute that tolls claims following dismissal for lack of jurisdiction for 60 days. However, where dismissal is for a reason other than lack of jurisdiction or was over 60 days prior, the statute does not provide protection. *Id*.

First, Plaintiff's case was dismissed well over one year ago. As a result, § 16.064 does not provide protection. Second, the Plaintiff's case was dismissed due to her failure to prosecute her case, a reason other than lack of jurisdiction. As a result, § 16.064 does not apply and does not shield Plaintiff's new action from the Texas statute of limitations.

In sum, the Court's dismissal of Plaintiff's case over a year ago for failure to submit a CCF is not a dismissal for lack of jurisdiction. Section 16.064 does not save cases dismissed over 60 days prior or cases dismissed for reasons other than lack of jurisdiction, and Plaintiff is not entitled to prevent application of the Texas statute of limitations through it.

## CONCLUSION

Plaintiff's Motion is untimely, and should be denied on that ground alone. Further, Plaintiff did not make the requisite showing to justify the extraordinary remedy offered by Rule 60(b), and offered no justification whatsoever – legal or otherwise. Any reinstated case would also be barred by the applicable statute of limitations. The Court should therefore deny Plaintiff's Motion.

Respectfully submitted,

Dated: August 17, 2020
/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: Andrea.Pierson@FaegreDrinker.com
Email: Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

- 8 -

US.129031450.01

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

US.129031450.01