UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION
───────────────────────────────────────

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case no. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

───────────────────────────────────────

This document relates to:

Case Nos.
Baker, Daniel, 1:20-cv-00487
Baker, Daniel, 1:20-cv-06157

Bryant, Robert, 1:19-cv-04599
Bryant, Robert, 1:20-cv-06156

McCoy, Betty, 1:19-cv-04075
McCoy, Betty, 1:19-cv-04075

Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-00187
Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-06168

───────────────────────────────────────

### AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION
### TO DISMISS DUPLICATIVE FILINGS

The Plaintiffs, Daniel Baker, Melissa Baker, Robert Bryant, Melissa Casey-Bryant, Kathleen Schneibel-Gillick, and James Morris, by and through their attorneys, Rosemarie Riddell Bogdan, Esq., Martin, Harding & Mazzotti, LLP submit this affirmation in opposition to Defendants, Cook Incorporated, Cook Medical, LLC and William Cook Europe, ApS' motion to dismiss duplicative filings.

I, Rosemarie Riddell Bogdan, Esq., an attorney duly licensed to practice law in the State of New York and elsewhere, do affirm under the penalties of perjury as follows:

1. The plaintiff, Betty McCoy, who is named by defendants in this motion, is not represented by this office and this affirmation is not submitted on behalf of that plaintiff.

2. This motion by the Cook Defendants is now <u>moot</u> as the Court has already granted plaintiff's motion on behalf of Plaintiff's Baker, Bryant and Schneibel-Gillick by Order filed 8-13-2020 under case no. 1:19-cv-04599-RLY-TAB, Document 11.

3. As the Court is aware, our office on behalf of Plaintiffs Daniel Baker, Melissa Baker, Robert Bryant, Melissa Casey-Bryant, Kathleen Schneibel-Gillick, and James Morris, previously moved to dismiss the original, direct filed short form complaints in each of these actions by motion filed July 23, 2020, Document no. 13848. The Defendants had not opposed nor responded to that motion, which was just decided in plaintiffs' favor as set forth above.

4. In order to oppose the Cook Defendants' instant pending motion, the following opposition is provided notwithstanding that the defendants' motion is now moot.

5. Plaintiffs, Daniel Baker, Melissa Baker, Robert Bryant, Melissa Casey-Bryant, Kathleen Schneibel-Gillick, and James Morris brought the motion to eliminate the duplicate filings pending in this MDL.

6. In each of the original direct filed short form complaints in issue, the plaintiff designated (in paragraph 7) the US District Court, Northern District of New York as the preferred venue (home jurisdiction) absent direct filing. <u>Nothing</u> has changed as to the preferred home jurisdiction choice notwithstanding the Cook Defendants incorrect allegations that we are "undermining and avoiding" the Court's rulings.

7. On the contrary, each of the Baker, Bryant and Schneibel-Gillick complaints were direct filed PRIOR to the Court's February 24, 2020 Order on Choice of Law filed May 29, 2020, Document No. 13539, which directed and clarified that "…foreign cases filed between

May 31, 2017 and June 13, 2019 shall be treated as though a direct filing order had been entered at the time of their filing and shall be governed by the choice-of-law rule of the Plaintiff's home jurisdiction".

8. Since the Baker, Bryant, and Schneibel-Gillick direct filed complaints were originally filed outside the window identified in the Court's most recent order, our office thereafter timely filed a long form complaint in the Northern District of New York in each of these cases. They were thereupon transferred by the NDNY to this MDL Court as required and a new short form complaint was re-filed in this MDL for each action pursuant to the filing requirements of this MDL.

9. Venue under 28 U.S.C. 1391 is at all times proper in the Northern District of New York as each of these three plaintiffs reside in the NDNY, they each had their respective Cook IVC filters implanted in New York and/or were diagnosed and treated for their injuries in New York. Of course, the Cook Defendants also conduct substantial business within New York to its targeted New York customers. But for the establishment of this MDL No. 2570, none of these actions would have been filed in Indiana.

10. The new filing in the NDNY was done for each of these three cases to preserve the choice-of-law rule of plaintiff's home jurisdiction, New York, as was intended from the very first filing in this MDL, and in order to be consistent with the Court's ruling in the February 24, 2020 Order referenced above.

11. There is no desire or intention to maintain two actions for the same plaintiffs, which is why we filed the previous motion on July 23, 2020 to dismiss the original direct filed complaint.

12.     The Defendants cannot dictate plaintiffs' choice of home jurisdiction in this MDL any more than they can unilaterally decide which of the filed complaints Plaintiffs should dismiss. The Court is well aware there was confusion surrounding the status of direct filed actions in this MDL which is why it decided its February 24, 2020 Order. Each plaintiff has the right to designate its home jurisdiction and to act consistent with the Court's orders to achieve that result. There is nothing mysterious or sinister about it.

13.     It is noteworthy that our office conferred with counsel for the Cook Defendants <u>prior</u> to filing our pending motion and sought a consent stipulation to dismiss the original, direct filed short form complaint to clean up the docket and have only one pending action for each plaintiff. Notwithstanding several attempts by email and phone we were unable to get any response from defendants or any explanation. Apparently, their instant motion to dismiss is their explanation. Defendants' motion does not even reference that plaintiffs filed a motion to dismiss the direct filed complaints.

14.     Plaintiffs proactively made their motion to dismiss the original direct filed complaint in each action pursuant to Federal Rules of Civil Procedure Section 41(a)(2). The time period for the Defendants to respond has passed without opposition to our motion and the defendants have not even appeared in the newly re-filed MDL actions.

15.     The authority cited by the Cook Defendants all are inapplicable factually and procedurally. *Telamon Corporation v. Charter Oak Fire Insurance Co., 2016 WL 67297* (SD Ind., 2016) is a claim splitting situation in which the same plaintiff sought to prosecute different causes of action against the same defendant in two separate actions even though both arose out of the same facts and transactions. That is not the situation at bar.

16. *Serlin v. Arthur Andersen & Company,* 3 F.3d 221 (Seventh Cir., 1993) cited by defendants, deals with a plaintiff who failed to timely serve an initial filed complaint and started a new action in an attempt to obtain jurisdiction without curing the untimely service of the first complaint thus creating a true duplicative complaint. That is not the situation herein, either. Our plaintiffs responded to the Court's February 24, 2020 order clarifying which direct filed complaints would be governed by the home jurisdiction choice-of-law rules by timely filing an action in the NDNY as the originally designated home jurisdiction and then moved to dismiss the first filed direct action to avoid duplication.

17. *McCracken v. Grand Victoria Casino & Resort,* 2002 WL 31521165 (SD Ind., 2002) cited by defendants is an admiralty matter in which the same plaintiffs commenced two separate actions seeking relief under separate theories (one in contract and one in tort) arising out of the same operative facts. The Court dismissed the second action but consolidated both claims into the first filed action as they arose out of the same facts. Once again, that is not the situation at bar.

18. *Ridge Gold Standard Liquors v. Joseph E. Seagram,* 572 F. Supp. 1210 (ND Ill, 1983) is also inapplicable as it involves an antitrust action against a liquor wholesaler in which sister retail stores sought the same relief in two separate actions against the same defendants. The Court found that if successful in one action (assigned to a different judge in the same district court), there would be no further relief possible for the second action and dismissed that complaint as duplicative, repetitive litigation.

19. Plaintiffs herein are not seeking to prosecute two separate actions, only one, and had defendants simply consented to a stipulated dismissal of the original direct filed action (with the request made to consolidate the discovery into the newly filed action) there would be no

duplication, as none was intended. This is why these plaintiffs filed the pending motion to dismiss the first direct filed complaint.

20. Plaintiffs in this MDL have the right to designate their preferred home jurisdiction for choice-of-law and trial purposes. Once this Court clarified which direct filed actions would use their chosen home jurisdiction to determine choice-of-law issues, we re-filed in NDNY to preserve that right for each of our plaintiffs and to comport with this Court's Order. In each case, this was consistent with the home jurisdiction originally chosen in the first direct filed complaint so there is no validity to a claim of forum shopping.  The Defendants cannot dictate plaintiff's choice of home jurisdiction and cannot unilaterally decide they wish to dismiss the newly filed action instead of plaintiff's choice, the original direct filed complaint. To do so, is to prevent the plaintiffs from following the directives of this Court set forth in its February 24, 2020 Order.

WHEREFORE, it is respectfully requested that this Court deny the Cook Defendants' instant motion to dismiss duplicative complaints in its entirety and that Plaintiff's companion pending motion to dismiss (without prejudice) the original direct filed short form complaint in the Baker, Bryant and Schneibel-Gillick matters remain granted, together with such other and further relief as the Court may deem proper.

DATED:  August 18, 2020

          Respectfully submitted,

          <u>*/s/Rosemarie Riddell Bogdan*</u>
          Rosemarie Riddell Bogdan, Esq.
          NDNY Bar Roll Number: 506409
          MARTIN, HARDING AND MAZZOTTI, LLP
          1222 Troy-Schenectady Road
          P.O. Box 15141
          Albany, New York 12212-5141
          Tel.: (518) 862-1200
          Email: rrbivccook@1800law1010.com

*Attorneys for Plaintiffs,*
*Daniel Baker, Melissa Baker, Robert Bryant,*
*Melissa Casey-Bryant, Kathleen Schneibel Gillick,*
*and James Morris*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2020, a copy of the foregoing **Affirmation in Opposition to Defendants' Motion to Dismiss Duplicative Filings** was electronically filed and notice of the filing of this document will be sent by all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's electronic system.

*/s/Rosemarie Riddell Bogdan*
Rosemarie Riddell Bogdan