UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

───────────────────────────────────────────

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case no. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

───────────────────────────────────────────

This document relates to:

Case Nos.
Baker, Daniel, 1:20-cv-00487
Baker, Daniel, 1:20-cv-06157

Bryant, Robert, 1:19-cv-04599
Bryant, Robert, 1:20-cv-06156

McCoy, Betty, 1:19-cv-04075
McCoy, Betty, 1:19-cv-04075

Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-00187
Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-06168

───────────────────────────────────────────

## AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING MOTION TO DISMISS DUPLICATIVE COMPLAINTS

The Plaintiffs, Daniel Baker, Melissa Baker, Robert Bryant, Melissa Casey-Bryant, Kathleen Schneibel-Gillick, and James Morris, by and through their attorney, Rosemarie Riddell Bogdan, Esq., Martin, Harding & Mazzotti, LLP submit this affirmation in opposition to Defendants, Cook Incorporated, Cook Medical, LLC and William Cook Europe, ApS' Motion for Reconsideration of the Court's Order granting the above Plaintiffs' motion to dismiss duplicative filings.

I, Rosemarie Riddell Bogdan, Esq., an attorney duly licensed to practice law in the State of New York and elsewhere, do affirm under the penalties of perjury as follows:

1. The plaintiff, Betty McCoy is not represented by this office and this affirmation is not submitted on behalf of that plaintiff.

2. Plaintiffs' opposition to the Cook Defendant's pending Motion to Dismiss Duplicative Filings filed 8/10/2020, Document no. 13956, has been filed via separate opposition affirmation and is incorporated herein.

3. As the Court is aware, our office on behalf of Plaintiffs Daniel Baker, Melissa Baker, Robert Bryant, Melissa Casey-Bryant, Kathleen Schneibel-Gillick, and James Morris, previously moved to dismiss the original, direct filed short form complaints in each of these actions by motion filed July 23, 2020, Document no. 13848. The Defendants had not opposed nor responded to that motion, which was decided in plaintiffs' favor by Order of this Court filed 8/13/2020 under case no. 1:19-cv-04599-RLY-TAB, Document 11.

4. Now, reportedly due to law office error, the Cook Defendants have filed a Motion for Reconsideration of the Court's above Order filed 8/13/2020 which granted Plaintiffs' prior motion to dismiss the initial direct filed complaints to eliminate duplicate filings. The Court is also referred to Plaintiffs' opposition affirmation to the Cook Defendants first Motion to Dismiss Duplicative Complaints for a full recitation of the facts and arguments therein.

5. There is no basis for reconsideration of the Court's Order granting Plaintiffs' motion to dismiss the duplicative complaints. The Cook Defendants prefer to dismiss the Plaintiffs' complaints that were filed in their designated home jurisdiction, Northern District of New York and then transferred to this MDL with a re-filed Short Form Complaints in this MDL.

6. There is no express provision in the Federal Rules of Civil Procedure for a motion for reconsideration. Motions of this type are typically addressed within Rule 59(e), New Trial; Altering or Amending a Judgment or Rule 60(b), Relief from a Judgment or Order.

7. The Cook Defendants' instant Motion for Reconsideration does not meet the criteria needed under either Federal Rule. Rule 59's standard for reconsideration is "strict and reconsideration will generally be denied" and is only appropriate when the moving party can demonstrate that the Court overlooked "controlling decisions or factual matters that were put before it on the underlying motion…and which had they been considered might have reasonably altered the result before the Court." *Jelen v. Breezy Point Cooperative, Inc.,* 2018 WL 8996342(USDC, EDNY, 2018).

8. Rule 60(b) requires: 1) clerical mistake, inadvertence, surprise or excusable neglect; or 2) Newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); or 3) Fraud, misrepresentation or misconduct by an opposing party; or 4) The judgment is void; or 5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6). Any other reason that justifies relief. See, F.R.C.P Rule 60.

9. A motion under Rule 59 (e) or Rule 60 is not available to "provide a vehicle for a party to undo its own procedural failures" and "requires newly discovered evidence or manifest error of law or fact" to be clearly established by the movant. *Harrington v. City of Chicago,* 433 F.3d 542 (Seventh Circuit, 2006). *Cincinnati Life Ins. v. Beyer,* 722 F.3d 939 (Seventh Circuit, 2013).

10. There is no clerical mistake, oversight or omission by the Court and there is no inadvertence, surprise or neglect applicable herein. There is no newly discovered evidence cited by the Cook Defendants; no fraud and no judgment to be deemed void or satisfied. There is nothing cited in the Cook Defendants' motion for reconsideration to alter the information already known to the Court in this case. Plaintiffs' original motion to dismiss duplicative complaints already advised the Court that the Cook Defendants would not consent to the requested relief. Nothing in their motion for reconsideration is new or changes the analysis sufficient to justify the Court in changing its Order granting Plaintiffs' motion to dismiss duplicative complaints. Indeed, nothing in the Cook Defendants' mooted Motion to dismiss duplicative complaints (seeking dismissal of the re- filed complaints instead of the first direct filed complaints as plaintiffs requested) changes the analysis either. The net effect is the same as plaintiffs moved to dismiss the duplicative complaints so we are back to only one action that can be fully defended by the Defendants.

11. These Plaintiffs filed the NDNY long form complaints in order to comply with this Court's February 24, 2020 Order on Choice of Law filed May 29, 2020, Document No. 13539 which directed and clarified that "...foreign cases filed between May 31, 2017 and June 13, 2019 shall be treated as though a direct filing order had been entered at the time of their filing and shall be governed by the choice -of -law rule of the plaintiff's home jurisdiction."

12. In order to comply with this Order on Choice of Law since the above Plaintiffs' original direct filed Short Form Complaints had been filed outside the above window identified in the Order, our office timely filed the long form complaints in NDNY. The NDNY has always been the designated home venue or jurisdiction in the Short Form Complaints and the

re-filing was to preserve each of our client's preferred choice-of-law and trial home jurisdiction forum.

13. The Cook Defendants now allege prejudice by the Court's granting of Plantiffs' order but it is impossible to discern what prejudice could possibly exist by virtue of the Court's Order granting dismissal of the first filed complaints. Defendants have not waived any defenses and have the complete ability to defend each action on the merits on the re-filed complaints, both in this MDL as well as the designated home jurisdiction if referred back to NDNY.

14. Defendants improperly allege there is some effort by Plaintiffs to "subvert" the directions of this Court, but the re-filings in NDNY with transfer to this MDL was done to COMPLY with this Court's Order on Choice of Law. How can that possibly be deemed "subversion"?

15. The Cook Defendants fail to articulate a single defense or prejudice they will allegedly sustain if their motion for reconsideration is denied. They have also failed to document a good faith excuse for their failure to respond to Plaintiffs' original motion to dismiss the duplicative actions or identify a meritorious defense necessary for reconsideration.

16. All of this motion practice could have been averted had the Cook Defendants simply stipulated to dismiss without prejudice the first direct filed complaints to eliminate duplicative actions. There was never a request made for the Defendants to waive any defenses.

17. The Cook Defendants' argument that there will be a "floodgate" of new filings is a specious allegation. The Defendants pressed the direct filing choice-of-law issue a year ago and the Court has made its rulings as identified above. The Defendants cannot have it both ways. Plaintiffs must adhere to the Court's direction on direct filed actions and choice-of-law on behalf of their plaintiff clients. The fact that the Cook Defendants do not like the Court's choice-of-law

decision is irrelevant and they cannot unilaterally dictate which of the filed complaints each Plaintiff seeks to dismiss.

18. What the plaintiffs herein have done is equivalent a discontinuance of their first direct filed complaint and then timely commenced a new action in NDNY with transfer into the MDL. There is no functional difference to plaintiffs having re-filed and then moved to dismiss the first filed complaints to avoid duplication as there is still only one pending action at this time consistent with the Court's new Order. The causes of action and allegations in each complaint are the same so there is no surprise or prejudice to defendants.

19. Instead of filing more motions on this subject, it is submitted that the Cook Defendants should appear in the re-filed actions, which they have failed to do thus far.

WHEREFORE, it is respectfully requested that this Court deny the Cook Defendants Motion for Reconsideration in all respects and adhere to its Order granting dismissal of these Plaintiffs' first filed complaints, together with such other and further relief that the Court deems necessary and proper.

DATED: August 18, 2020

      Respectfully submitted,

      */s/Rosemarie Riddell Bogdan*
      Rosemarie Riddell Bogdan, Esq.
      NDNY Bar Roll Number: 506409
      MARTIN, HARDING AND MAZZOTTI, LLP
      1222 Troy-Schenectady Road
      P.O. Box 15141
      Albany, New York 12212-5141
      Tel.: (518) 862-1200
      Email: rrbivccook@1800law1010.com

*Attorneys for Plaintiffs,*
*Daniel Baker, Melissa Baker, Robert Bryant,*
*Melissa Casey-Bryant, Kathleen Schneibel Gillick,*
*and James Morris*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2020, a copy of the foregoing **Affirmation in Opposition to Defendants' Motion for Reconsideration of the Court's Order Granting Motion to Dismiss Duplicative Filings (DKT. 13994)** was electronically filed and notice of the filing of this document will be sent by all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's electronic system.

*/s/Rosemarie Riddell Bogdan*
Rosemarie Riddell Bogdan