**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>- Brandon, Ralph,1:18-cv-02053<br>- Sides, Laurie, 1:17-cv-03916<br>- Ward, Lisa, 1:17-cv-03918<br>- Terry, Lydia, 1:17-cv-04752 | Case No. 1:14-ml-02570-RLY-TAB<br>MDL NO. 2570 |

**PLAINTFF'S MOTION TO RECONSIDER THE COURT'S JULY 19, 2019 ORDER DISMISSING PLAINTIFFS' CLAIMS FOR FAILURE TO PROVIDE A PLAINTIFF PROFILE SHEET**

Plaintiffs, Ralph Brandon, Laurie Sides, Lisa Ward, and Lydia Terry, by and through their attorneys, respectfully request that this Honorable Court reconsider its dismissal of the above-referenced actions for the reasons below.

### A. Statement of Facts and Procedural History

#### i. Mr. Ralph Brandon

Mr. Ralph Brandon was implanted with a Cook Celect IVC filter on July 6, 2014 at the Gulf Coast Medical Center in Panama City, Florida. On July 5, 2018, Plaintiff initiated suit in this Court via Short Form Complaint ("SFC").

#### ii. Ms. Laurie Sides

Ms. Sides was implanted with a Cook Günther Tulip IVC filter on September 4, 2007 in Orange Coast, California. On October 26, 2017, Ms. Sides initiated suit in this matter via SFC.

1

### iii.     Ms. Lisa Ward

Ms. Ward was implanted with a Cook Günther Tulip IVC filter on April 12, 2006 in Chicago, Illinois.   On October 26, 2017, Ms. Ward initiated suit in this matter via SFC.

### iv.     Ms. Lydia Terry

Ms. Lydia Terry was implanted with a Cook Celect IVC filter on May 13, 2011 at Loma Linda. California. On December 28, 2017, Plaintiff initiated suit in this Court via the filing of an SFC.

On January 31, 2019, pursuant to this Court's case management order, a categorization form was served for Ralph Brandon, Laurie Sides, Lisa Ward, and Lydia Terry. (*See* Email Service of Categorization forms, **Exhibit A**).   Defendants filed their motion to dismiss this matter for failure to serve a PPS on June 24, 2019 (Dkt. No. 11227).  That motion was granted against Mr. Brandon (and several others) on July 19, 2019 (Dkt. No. 11408).   The dismissal order was silent as to whether it was with or without prejudice.   This motion now follows.

### B. Excusable Error Exists in this Matter

Plaintiff's counsel sent Plaintiffs the PPS on May 10, 2019.  (*See* Affirmation of Nicholas R. Farnolo, **Exhibit B**).   On May 21, 2019, Plaintiff's counsel received the PPF from Ms. Laurie Sides. On May 22, 2019, Plaintiff's counsel received the PPF from Ms. Terry. On May 23, 2019, Plaintiff's counsel received the PPF from Mr. Brandon and Ms. Lisa Ward.[1]  (*Id.* at ¶3).

Plaintiff's counsel has a direct recollection of submitting these PPFs on May 24, 2019 via the https://sft.faegredrinker.com/envelope/CookFilterMDL submission URL, and was under the impression that these PPFs had been served.  (*Id.* at ¶ 4). As to the motion itself, Plaintiff's counsel did not receive a notification of the motion being filed and it appears the July 19, 2019 order was

---

[1] As the PPFs contain considerable personal information, Plaintiff's counsel will produce these PPFs to the Court *in camera* should the Court wish to review them. .

filtered into Plaintiff's clutter folder due to new filtering rules of filings in MDL 2570 Plaintiff's counsel had implemented in approximately May 2019 . (*Id.* at ¶ 6.)

Nonetheless, upon learning of the Court's dismissal of the instant matter for failure to serve a PPS on August 7, 2020, Plaintiff's counsel took immediate steps to determine what had occurred. As noted above, these Plaintiffs delivered their PPFs to Plaintiff's counsel in May of 2019, and Plaintiff's counsel was under the impression those PPFs had been served on the defendant on May 24, 2019.  Even at the time of this writing, Plaintiff's counsel is uncertain if the PPFs have been received.   The PPFs are prepared and can be served immediately on Defendant's counsel if this motion is granted.

### C. Defendants Would Suffer no True Prejudice if this Motion is Granted, but Plaintiff will suffer considerable Prejudice if it is not.

When balancing harm to the parties, upholding the dismissal of Plaintiffs' claims with prejudice would far outweigh any possible prejudice caused to the Defendants by the delay in receipt of the PPS form in this specific case.   These matters are not set for trial and have not been included in the Bellwether selection process.  Importantly, categorization forms for each of these matters have been submitted, which detailed much of the same substantive information included in the PPFs.  Therefore, granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendant.

The Plaintiffs are not at fault here, and Plaintiffs' counsel would respectfully request that they not be prejudiced for any possible errors of Plaintiff's counsel, even if those errors were inadvertent.  Mr. Brandon, Ms. Sides, Ms. Ward, and Ms. Terry have diligently pursued their matters and have been responsive and involved Plaintiffs.   Their matters should be allowed to proceed on the merits.  *See A.F. Dormeyer Co. v. M.J. Sales & Dsitrib. Co.,* 461 F.2d 40, 43 (7th Cir. 1972)(" the philosophy of modern federal procedure favors trials on the merits[.]")

3

Understandably, there has been a delay here because Plaintiff's counsel was unaware of this ruling, but once it was discovered, counsel took immediate steps to file this motion. Further, Cook will suffer little to no prejudice if this motion is granted, as they have received the Categorization forms for all of these matters. Moreover, they have been aware of the medical and substantive details of these matters and have received medical records via the categorization form but did not indicate they were interested in choosing these cases as a bellwether selections.

WHEREFORE, for all the reasons above, Plaintiffs would respectfully request that the Court vacate the dismissal of the above matters and restore them to active status for resolution on the merits, or, in the alternative, to dismiss them without prejudice.

Dated:  August 18, 2020

            NAPOLI SHKOLNIK PLLC

            By: /s/*Nicholas Farnolo*
                Nicholas Farnolo
                400 Broadhollow Road
                Melville, New York 11747
                (212) 397-1000
                *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 18th day of August 2020, a true and correct copy of the foregoing is being electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on all counsel, in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system.

                   By: /s/*Nicholas Farnolo*