# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>• Brandon, Ralph,1:18-cv-02053<br>• Sides, Laurie, 1:17-cv-03916<br>• Ward, Lisa, 1:17-cv-03918<br>• Terry, Lydia, 1:17-cv-04752 | Case No. 1:14-ml-02570-RLY-TAB<br>MDL NO. 2570 |

### AFFIRMATION OF NICHOLAS R. FARNOLO, ESQ. IN SUPPORT OF MOTION TO RECONSIDER THE COURT'S JULY 19, 2019 ORDER

I, Nicholas R. Farnolo, hereby swear under penalty of perjury that:

1. I make this affirmation in support of Plaintiff's motion to vacate the Court's July 19, 2019 order and reinstate the case.

2. I received a deficiency notice on all four above named clients on April 26, 2019. Thereafter, I personally sent Plaintiffs Ralph Brandon, Laura Sides, Lisa Ward, and Lydia Terry a copy of the Plaintiff's Profile Form ("PPF") in this matter on May 10, 2019.

3. On May 21, 2019, I received the PPF from Ms. Laurie Sides. On May 22, 2019, I received the PPF from Ms. Terry. On May 23, 2019, I received the PPF from Mr. Brandon and Ms. Lisa Ward.[1]

4. I reviewed the PPFs and proceeded to upload/send the PPFs to the https://sft.faegredrinker.com/envelope/CookFilterMDL URL on May 24, 2019. I have a recollection of this specific date both because it was the Friday of the upcoming Memorial Day

---

[1] Plaintiff will produce these materials to the Court *in camera* upon request.

1

weekend in 2019, and because it took some time to access the URL to submit the PPFs. I had remained a bit later at the office that evening to finish this particular task. I had difficulty in accessing the weblink from this Court's CMO No. 4, but eventually I entered the URL manually and was able to access the submission form (which seemed to be an email format).

5. Though I have a clear recollection of sending the PPFs via the weblink, a review of my inbox and sent folder show no record of any submission or email being sent on May 24, 2019. I also conducted a search of my draft, clutter and spam e-mail folders but found nothing responsive there either.

6. A few weeks before the June 24, 2019 motion to dismiss was filed, Plaintiff's counsel implemented new filtering rules to his email inbox in an effort to better sort through the high volume of filings in MDL 2570. It was and still is your undersigned practice to review each filing in MDL 2570 and respond if and where necessary.[2] Nonetheless, I have searched my filtered folder and could not find an ECF notification of the June 24, 2019 filing. The July 19, 2019 order also appears to have been filtered, though a notification was located in Counsel's clutter folder.

7. Had I received notice of the June 24, 2019 motion to dismiss, I would have taken immediate steps to oppose it. I must assume Mr. Brandon, Ms. Sides, Ms. Ward, and Ms. Terry's PPFs were not received by Defendants or the motion to dismiss would not have been made.

8. Nonetheless, I did not receive notice of June 24, 2019 motion and did not see the associate order, and I did not have knowledge of this dismissal until August 7, 2020 when I learned of it via one of the Plaintiffs. I immediately retraced these steps to determine what occurred, as your affiant was under the impression that the PPFs for these Plaintiffs were previously served.

---

[2] For example, I opposed the Motion to Dismiss for Failure to Submit a Categorization form (Dkt. No. 10063 [initial motion]; Dkt. No. 10084 [opposition]). That motion sought to dismiss Mr. Brandon, Ms. Sides, Ms. Ward, and Ms. Terry's matters, as well as several other clients my firm represents, for failure to submit a categorization form. However, those categorization forms had already been served, and the motion was withdrawn.

9. No matter what the Court's determination is of the above, these Plaintiffs were not responsible, as they sent counsel their PPFs. Plaintiff's counsel would respectfully request that the Court not punish the Plaintiffs for any error on the part of Plaintiff's counsel, and to reinstate these matters so that it may be resolved on the merits. As discussed in Plaintiff's associated motion, the prejudice to Cook, if any, is minimal. Mr. Brandon, Ms. Sides, Ms. Ward, and Ms. Terry's matters are not set for trial and their matters were not in the bellwether selection pool. Further, Cook had already received the substantive medical information on these matters via the Plaintiff's categorization forms, making these dismissals procedural in nature. While there has been some delay in this request, that is only because Plaintiff's counsel was unaware of these dismissals.

10. I thank the Court for its attention to these matters.

_Nicholas [signature]_

Sworn to before me this
14th day of August, 2020

_Sandra Basso [signature]_
NOTARY PUBLIC
SANDRA BASSO
Notary Public, State of New York
No. 01BA6282321
Qualified in Suffolk County
Commission Expires May 20, 2021