**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

---

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

---

This Document Relates to the Following Cases:

Hill, Rex, 1:18-cv-04021
Litel, James, 1:19-cv-05030

---

**COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS ON STATUTE OF REPOSE GROUNDS (NEBRASKA)**

**I.     INTRODUCTION AND SUMMARY**

In 2017, this Court dismissed several cases because the claims were either wholly or partially barred by the applicable statutes of repose of Georgia, Tennessee, and Texas. *See* Entry on Motion for Judgment on the Pleadings Based on the Statute of Repose, Dkt. 4918. The Court also recently granted summary judgment in the *McDermitt* bellwether case based on Indiana's statute of repose. *See generally* Entry on the Cook Defs.' Motion for Summary Judgment – Statute of Repose (the "*McDermitt* Order"), Dkt. 13187.

With this Motion, Cook asks the Court to dismiss with prejudice two additional cases barred by the statute of repose of their home state – Nebraska. Specifically, Nebraska has a 10-year statute of repose applicable to products manufactured in Nebraska and applies the statute of repose, if any, from the state of manufacture to claims involving products manufactured outside Nebraska. Neb. Stat. § 25-224(2)(a). Thus, Nebraska law requires applying the Indiana statute of repose because of Cook's presence here. As the Court explained in *McDermitt*, the Indiana statute of repose is 10 years, but it can potentially be extended by up to 2 years. *See*

*McDermitt* Order, Dkt. 13187 at 5. At minimum, the Indiana statute of repose bars product liability claims involving filters placed more than 12 years before filing, assuming for the purpose of the Motion that the claims accrued on the very last day possible. As demonstrated in Exhibit A, both Plaintiffs Hill and Litel received their filters more than 12 years before commencing their lawsuits.

Although Plaintiffs' claims brought under express warranty theories and state consumer protection statutes fall outside the purview of the Indiana statute of repose, those claims fail for other reasons.

Accordingly, the Cook Defendants therefore ask the Court to dismiss with prejudice the claims presented by the two Plaintiffs here.

Respectfully submitted,

Dated: August 21, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

US.129065470

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (NEBRASKA)** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                          /s/ *Andrea Roberts Pierson*