**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Cases:

Hill, Rex, 1:18-cv-04021
Litel, James, 1:19-cv-05030

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR JUDGMENT ON THE PLEADINGS
ON STATUTE OF REPOSE GROUNDS (NEBRASKA)**

**I.     INTRODUCTION AND SUMMARY**

In 2017, this Court dismissed several cases because the claims were either wholly or partially barred by the applicable statutes of repose of Georgia, Tennessee, and Texas. *See* Entry on Motion for Judgment on the Pleadings Based on the Statute of Repose ("2017 Repose Order"), Dkt. 4918.[1]  The Court also recently granted summary judgment in the *McDermitt* bellwether case based on Indiana's statute of repose. *See generally* Entry on the Cook Defs.' Motion for Summary Judgment – Statute of Repose (the "*McDermitt* Order"), Dkt. 13187. Despite these dismissals, counsel representing plaintiffs in this MDL continue to file claims that are plainly barred as stale – some, exceedingly stale.

With this Motion, Cook asks the Court to dismiss with prejudice two additional cases barred by the statute of repose of their home state – Nebraska. Specifically, Nebraska has a 10-year statute of repose applicable to products manufactured in Nebraska and applies the statute of

---

[1] Cook has asked the Court in a pending motion to apply the rulings in this order to 25 additional cases from Tennessee and Texas. *See* Dkt 13760.

repose, if any, from the state of manufacture to claims involving products manufactured outside Nebraska. Neb. Stat. § 25-224(2)(a). Thus, Nebraska law requires applying the Indiana statute of repose because of Cook's presence here. As the Court explained in *McDermitt*, the Indiana statute of repose is 10 years, and it preserves the 2-year statute of limitations for claims that accrue between the 8th and 10th years after the initial delivery. *See McDermitt* Order, Dkt. 13187 at 5 (discussing the Indiana statute of repose, Ind. Code § 34-20-3-1, and its potential two-year "extension" window). At minimum, the Indiana statute of repose bars product liability claims involving filters placed more than 12 years before filing, assuming for the purpose of the Motion that the claims accrued on the very last day possible. Here, both Plaintiffs Hill and Litel received their filters more than 12 years before commencing their lawsuits.

Although Plaintiffs' claims brought under express warranty theories and state consumer protection statutes fall outside the purview of the Indiana statute of repose, those claims fail for other reasons.[2] The Cook Defendants therefore ask the Court to dismiss with prejudice the claims presented by the two Plaintiffs here.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The standard for judgment on the pleadings under Rule 12(c) is the same as the standard under Rule 12(b)(6): the plaintiff must state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is not facially plausible unless "the plaintiff pleads factual content that

---

[2] There are no spousal co-plaintiffs in these two cases, and therefore loss of consortium claims are not at issue.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As this Court has previously noted, statutes of repose are substantive for purposes of the *Erie* doctrine, and are thus governed by state law. *See* 2017 Repose Order, Dkt. 4918 at 2-3; *see also Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006); *Nett ex rel. Nett v. Bellucci*, 269 F.3d 1, 5 (1st Cir. 2001); *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1223 (10th Cir. 1991).

### III.   CHOICE-OF LAW

Plaintiffs originally filed their cases in the Southern District of Indiana, and do not allege a factual connection to states other than Nebraska. *See generally* Plaintiffs' Complaints.[3] Plaintiff Hill filed his case between May 31, 2017 and June 13, 2019, and thus his case would be governed by his "home" state's choice-of-law rules under the Court's May 29, 2020 Order, while Plaintiff Litel filed his case after this time period and thus his cases would be governed by Indiana's choice-of-law rules. *See* May 29, 2020 Order, Dkt. 13539 at 2 (explaining that Court will apply "home" state law to cases filed during this time period and Indiana law to cases filed in this District before or after this time period); *see also* Exhibit A (providing the filing dates for Plaintiffs' Complaints).[4]

---

[3] The Plaintiffs' case numbers and filing dates are listed in Exhibit A. The Plaintiffs' complaints are the first docket entries in their individual cases.

[4] Although Cook asks the Court to apply this Order as necessary for purposes of this Motion, Cook states for the record that its position is that all cases originally filed in the Southern District of Indiana should be governed by Indiana choice-of-law rules pursuant to *Klaxon v. Stentor Elec. Mfg. Corp.*, 313 U.S. 487 (1941), as this Court originally ruled, see June 13, 2019 Order, Dkt. 11131 at 2 (finding that there has never been a direct-filing order in this MDL); October 29, 2019 Order, Dkt. 12256 at 1 ("The Court finds that Indiana law applies."). Cook has briefed its position on this issue as part of a motion for reconsideration (Dkt. 13106) that the Court granted in part and denied in part (Dkt. 13539), and Cook hereby expressly preserves its arguments on this issue for appellate review in the event that may occur in the

- 3 -

The Court, however, need not address the different choice-of-law regimes, because Nebraska applies the statute of repose of the statute of manufacture to claims involving products manufactured outside Nebraska so long as that state's statute of repose is not shorter than 10 years. As the Nebraska and Indiana statutes of repose are both 10 years, Nebraska law requires the Court to apply the Indiana statute of repose based on Cook's presence here. Thus, as a practical matter, the Court will need to apply the Indiana statute of repose no matter which choice of law regime is used.

## IV.   ARGUMENT

Statutes of repose extinguish all rights to assert any product liability claim based on a particular product after a period of time running from when the product was manufactured, sold, delivered, or left the control of the manufacturer.[5] Unlike statutes of limitation, statutes of repose do not depend on accrual of an action unless the statute of limitations is incorporated into the statute of repose, as in Indiana. The Nebraska Supreme Court has described the difference between a statute of limitations and a statute of repose this way:

> [A] statute of limitations generally establishes the time period within which lawsuits may be commenced after a cause of action has accrued and that, as such, it is "an affirmative defense, affecting the remedy, but not the existence of the underlying right. In contrast, a statute of repose extinguishes the cause of action, the right, after a fixed period of time, usually measured from the delivery of the product ... regardless of when the cause of action accrued.

---

further course of litigation in the MDL and individual member cases filed in the Southern District of Indiana between May 29, 2017 and June 13, 2019.

[5] For the purposes of this motion, Cook uses the placement date of the filter as the "trigger date" for the applicable statute of repose, because the sale, use, delivery, or manufacturing date of the filter cannot possibly be any later than the date when the filter was placed in an individual Plaintiff's body. Of course, the filter would have been manufactured, sold, and delivered to the hospital some time before the procedure in question. Cook reserves its arguments regarding the actual applicable trigger date for any MDL cases not included here where the period of time that elapsed before the placement procedure would be material to determining the validity of the claim under the applicable statute of repose.

*Farber v. Lok-N-Logs, Inc.*, 701 N.W.2d 368, 376 (Neb. 2005) (internal citations omitted).

The two Plaintiffs here failed to commence their actions against the Cook Defendants before their claims were extinguished by the applicable statutes of repose. Specifically, Nebraska applies the statute of repose form the statute of manufacture, if any, to claims involving products manufactured outside of Nebraska. Neb. Stat. § 25-224(2)(a)(ii). Here, that provision requires applying the Indiana statute of repose, because of Cook's presence in this state. *See* Pls.' Master Compl., ¶¶ 9-20, 28 (allegations regarding the Cook Defendants' presence and conduct in Indiana). Like Nebraska, Indiana also has a 10-year statute of repose, which can potentially be extended by up to 2 years due to its preservation of the 2-year statute of limitations for claims that accrue between the 8th and 10th years. The Indiana statute of repose cannot be extended beyond 12 years even if we assume for the purpose of the Motion that both Plaintiffs' claims accrued on the last day of the 10-year repose period. Plaintiffs Hill and Litel's product liability claims are barred by the Indiana statute of repose, because they commenced their actions more than 12 years after receiving their filters.

While the Indiana statute of repose does not apply to Plaintiffs' claims premised on alleged breaches of express warranties and state consumer protection statutes, those claims fail for other reasons. The Cook Defendants are therefore entitled to dismissal of the Plaintiffs' claims, with prejudice, under Rule 12(c) for failure to state a claim upon which relief can be granted.

A. **Nebraska Applies the Statute of Repose of the State of Manufacture, If Any, For Claims Involving Products Manufactured in a Different State.**

The Nebraska statute of repose is codified at Neb. Rev. Stat § 25-224(2). In pertinent part, that section states:

> (2)(a) Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action, except one governed by sec-

> tion 2-725, Uniform Commercial Code or by subsection (5) of this section, shall be commenced as follows:
>
>> (i) For products manufactured in Nebraska, within ten years after the date the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption; or
>>
>> (ii) For products manufactured outside Nebraska, within the time allowed by the applicable statute of repose, if any, of the state or country where the product was manufactured, but in no event less than ten years. If the state or country where the product was manufactured does not have an applicable statute of repose, then the only limitation upon the commencement of an action for product liability shall be as set forth in subsection (1) of this section.

Neb. Rev. Stat § 25-224(2).

Because Cook's filters were not manufactured in Nebraska, the controlling provision is subsection (ii), which requires the application of the "statute of repose, if any, of the state or country where the product was manufactured," so long as that statute of repose is not "less than ten years." Nebraska Rev. Stat § 25-224(2)(ii). Based on the Cook Defendants' presence in Indiana, the relevant statute of repose is the Indiana statute of repose, which is also 10 years. *See* Pls.' Master Compl., ¶¶ 9-20, 28 (allegations regarding Cook Defendants' presence in Indiana); Ind. Code § 34-20-3-1 (providing for a 10-year statute of repose, with incorporation of statute of limitations).

As the Indiana statute of repose is not shorter than 10 years, there is no issue under Nebraska law with applying the Indiana statute of repose. *See* Nebraska Rev. Stat § 25-224(2)(ii).

**B.     The Indiana Statute od Repose Bars Plaintiffs' Product Liability (Counts I-IV) and Implied Warranty Claims (Count VI).**

Indiana imposes a 10-year statute of repose on product-liability actions. Indiana's product liability law provides in relevant part:

US.129065470

> (a) . . . [T]his section applies in any product liability action in which the theory of liability is negligence or strict liability in tort.
>
> (b) Except as provided in section 2 of this chapter [concerning asbestos-related claims], a product liability action must be commenced:
>
> …
>
> > (2) within ten (10) years after the delivery of the product to the initial user or consumer.
>
> However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Ind. Code § 34-20-3-1.

The Court has already ruled on the scope of the Indiana statute of repose in the context of the *McDermitt* case. *See McDermitt* Order, Dkt. 13187 (granting summary judgment because the plaintiff's product liability claims were barred by the statute of repose and his other claims failed for other reasons); *see also* Ind. Code § 34-20-3-1(a) (statutory text expressly stating that it applies "in any product liability action in which the theory of liability is negligence or strict liability in tort."). Further, courts applying Indiana law have consistently held that implied warranty claims based on personal injury are product-liability claims subsumed by the Indiana Product Liability Act.[6] *See, e.g., Jarrett v. Wright Med. Tech., Inc.*, 2019 WL 2567708, at *3

---

[6] Plaintiff McDermitt tried to distinguish his warranty claims as being primarily "economic" in nature, but this Court granted summary judgment on those claims because "economic" implied warranty theories are subject to the Indiana UCC, which has a 4-year statute of limitations measured from the date of initial delivery. Dkt. 13187 at 7 (holding that Plaintiff McDermitt's implied warranty claim was time-barred and rejecting his fraudulent concealment argument). As all these Plaintiffs received their filters more than 12 years ago, any of their UCC based claims are necessarily time-barred the Indiana statute of repose and

(S.D. Ind. June 21, 2019); *Cavender v. Medtronic, Inc.*, 2017 WL 1365354, at *7 (N.D. Ind. Apr. 14, 2017); *Piltch v. Ford Motor Co.*, 11 F.Supp.3d 884, 888 (N.D. Ind. 2014), *aff'd*, 778 F.3d 628 (7th Cir. 2015). Thus, the Indiana statute of repose applies to Plaintiffs claims sounding in strict liability and negligence (Counts I-IV) and their implied warranty claims (Count VI).

The accrual date of a claim is a factual issue that is not alleged by Plaintiffs' short-form complaints and would require consideration of materials outside of the pleadings to determine, such as Plaintiffs' categorization forms and medical records. As this is a motion for judgment on the pleadings, the Court may assume for the purposes of the Motion that the claims in each case accrued on the last day of the 10-year repose period, extending the Indiana statute of repose to a maximum length of 12 years. If a claim accrued *after* this 10-year period, the Plaintiff would not be eligible for the 2-year potential extension because it is expressly limited to claims that accrue between the 8th and 10th years after the initial sale. *See* Ind. Code § 34-20-3-1(b). As demonstrated in Exhibit A and the table below, Plaintiffs Hill and Little both filed their actions more than 12 years after receiving their Cook filters.[7]

| Plaintiff | Case No. | Placement Date | Filing Date | Time Elapsed Before Filing |
|---|---|---|---|---|
| **Hill, Rex** | 1:18-cv-04621 | December 9, 2006 | December 20, 2018 | 12 years, 0 months, 11 days |
| **Litel, James** | 1:17-cv-02272 | January 1, 2002 | December 26, 2019 | 17 years. 11 months, 25 days |

---

the Indiana UCC statute of limitations are both measured from the same date – the initial delivery of the product.

[7] The Cook Defendants maintain that there are a number of other cases governed by Nebraska's and Indiana's statutes of repose where the period between filter sale and/or delivery and filing is between 10 and 12 years, and that these cases may be barred by the Indiana statute of repose. Cook reserves its right to challenge the timeliness of those cases by separate motion.

US.129065470

C.  **Plaintiffs' Other Claims Fail as a Matter of Law for Other Reasons.**

1.  **Plaintiff's express warranty claims fail for lack of warranty and reliance.**

Under Nebraska law, "'[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.'" *Wendt v. Beardmore Suburban Chevrolet, Inc.*, 366 N.W.2d 424, 428 (Neb. 1985) (quoting Neb. U.C.C. § 2-313(1)(b) (1980). Because the "express warranty must have been 'made part of the basis of the bargain," it is essential that plaintiffs prove reliance upon the warranty." *Id.* (affirming trial court's dismissal of express warranty claim because car salesmen's statements could not have been the basis of the bargain when the plaintiff had suspicions the car was in a wreck and had his own mechanic inspect the car).

The Plaintiffs do not plead the factual basis of the alleged bargain and reliance on the bargain in the Master Complaint, and none of the Plaintiffs supply any additional specificity in their short-form complaints. Without a sufficiently detailed explanation of what warranty they were allegedly provided by Cook and how they specifically relied on it to elect to receive Cook IVC filters, Plaintiffs' express warranty claims must fail. *Wendt*, 366 N.W.2d at 428 (affirming dismissal of express warranty claim for lack of reliance). Indeed, the Court dismissed a Texas plaintiff's express warranty claim as part of the 2017 Repose Order because that plaintiff had failed to identify specific promises that served as the basis of the express warranty and also failed to establish individual reliance on the alleged warranty. Dkt. 4918 at 13-15. The Court should dismiss these Plaintiffs' express warranty claims for similar reasons.

> **2.   Plaintiffs' Nebraska Consumer Protection Act (NCPA) claims fail as a matter of law because they sound in fraud but were not pled with particularity as required by Rule 9(b) and also because the NCPA does not apply to medical devices.**

Plaintiffs' fraud-based consumer protection claims (Count VII) fail as a matter of law because Plaintiffs failed to plead them with the particularity required by Fed. R. Civ. P. 9(b). Federal case law makes clear that plaintiffs in federal court on diversity grounds must plead their fraud-based consumer-protection claims with particularity. That is, "when fraud is alleged, it must be done with particularity and plead the who, what, when, where, and how of the alleged fraud." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992); *In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*, 155 F. Supp. 2d 1069, 1109 (S.D. Ind. 2001) (dismissing claims under Michigan and Tennessee consumer protection statutes for failure to meet the heightened pleading requirements of Rule 9(b), including failure to allege "individual reliance").

Here, Plaintiffs' Master Complaint makes only the most general of allegations about Cook's allegedly fraudulent conduct:

> Defendants misrepresented the alleged benefits and characteristics of Cook's IVC Filters; suppressed, omitted, concealed, and failed to disclose material information concerning known adverse effects of Cook's IVC Filters; misrepresented the quality and efficacy of Cook's IVC Filters as compared to much lower-cost alternatives; misrepresented and advertised that Cook's IVC Filters were of a particular standard, quality, or grade that they were not; misrepresented Cook's IVC Filters in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiffs would have opted for an alternative IVC Filter or method of preventing pulmonary emboli.

Dkt. 213, ¶ 116. These allegations contain no allegations of the who, what, or how of the alleged misrepresentations, and thus fail to meet Rule 9's particularity requirement. None of the Plaintiffs' short-form complaints provides any additional or more specific allegations; they simply adopt the Master Complaint's vague allegations. Because Plaintiffs have offered only

US.129065470

vague, general allegations in support of their consumer fraud claims, those claims fail as a matter of law, and the Court should grant summary judgment in Cook's favor on these claims.

Additionally, and independently from the Rule (9)(b) pleading deficiencies, Plaintiffs' consumer protection claims fail as a matter of law because medical devices like the Cook filters are extensively regulated at the federal level. *See* Neb. Rev. Stat. § 59-1617(1) ("the [NCPA] shall not apply to actions or transactions otherwise permitted, prohibited, or regulated under laws administered by the Director of Insurance, the Public Service Commission, the Federal Energy Regulatory Commission, or any other regulatory body or officer acting under statutory authority of this state or the United States."). "Nebraska courts have concluded that the relevant question is not whether the defendant is generally regulated, but whether the challenged practice is regulated." *In re ConAgra Foods, Inc.*, 908 F. Supp. 2d 1090, 1103-04 (C.D. Cal. 2012) (applying Nebraska law and collecting cases).

The *ConAgra* court faced an issue of first impression under Nebraska law of whether this provision exempted application of the NCPA to a case involving food labeling and advertising issues. The court noted that the Federal Drug and Cosmetics Act (FDCA) has "empowered the FDA [] to protect the public health by ensuring 'foods are safe, wholesome, sanitary, and properly labeled'" and that the FDA has promulgated various regulations about food misbranding, proper labeling, food advertising and nutrition claims. *Id.* at 1104 (quoting 21 U.S.C. § 393(b)(2)(A)). The court further noted that that this "exception to the Nebraska statute is broader than federal preemption, and applies to all conduct regulated by federal agencies." *Id.* As such, it was "clear that labeling and advertising of food products like the Wesson Oils is extensively regulated by the FDA, and that Nebraska's Consumer Protection Act does not apply as a result." *Id.* (dismissing NCPA claim with prejudice).

Like food products, medical devices fall under the scope of the FDCA and are regulated by the FDA. The FDA has promulgated various federal regulations applicable to medical devices, with many of the regulations bearing resemblance to the regulations applicable to food products. For example, 21 C.F.R. § 801 imposes various regulations on device labeling; 21 C.F.R. § 803 imposes various reporting requirements, including reporting of adverse events; 21 C.F.R. § 810 gives FDA the power to recall a device from the market; and 21 C.F.R. § 827 sets various regulations applicable to post-market surveillance of medical devices in the field. In short, FDA regulation of medical devices is not any less extensive than its regulation of food products and food labeling. Because food labels and medical devices are both extensively regulated by the FDA and the *ConAgra* court found that the NCPA does not apply to food labeling claims, *In re ConAgra Foods, Inc.*, 908 F. Supp. 2d at 1104, the NCPA cannot apply to medical devices either. *See id.* (dismissing NCPA claims with prejudice "exception to the Nebraska statute is broader than federal preemption, and applies to all conduct regulated by federal agencies.") *Id.*

### 3. Plaintiffs' claims for punitive damages fail.

Finally, Plaintiffs' claims for punitive damages (Count XI) fails as a matter of law because "Nebraska law categorically prohibits punitive damages." *Sussman v. Goodyear Tire & Rubber Co.*, 2019 WL 5087279 (D. Neb. Oct. 10, 2019) (citing *Abel v. Conover*, 104 N.W.2d 648, 688 (Neb. 1960)). On the other hand, Indiana permits punitive damages, but Plaintiffs' claims for punitive damages would fail here under Indiana law because the claim is derivative. *See McDermitt* Order at 9 (dismissing Plaintiff McDermitt's claim for punitive damages because it is not a standalone claim under Indiana law and quoting *Chaiken v. Eldon Emmor & Co.*, 597 N.E.2d 337, 349 (Ind. Ct. App. 1992) ("[P]unitive damages are derivative of actual damages.")).

US.129065470

## CONCLUSION

For the reasons stated above, the Cook Defendants respectfully ask the Court to dismiss with prejudice the cases filed by Plaintiffs Hill and Litel.

Respectfully submitted,

Dated: August 21, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, a copy of the foregoing **COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (NEBRASKA)** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*