**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Cases:

9 Plaintiffs listed in Exhibit A;

_____

**COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS ON STATUTE OF REPOSE GROUNDS (NORTH CAROLINA)**

This Court has dismissed several cases because the claims were either wholly or partially barred by the applicable statutes of repose of Georgia, Tennessee, and Texas. *See* Entry on Motion for Judgment on the Pleadings Based on the Statute of Repose, Dkt. 4918 ("2017 Repose Order"). The Court has also recently granted summary judgment in the *McDermitt* bellwether case based on Indiana's statute of repose. *See* Dkt. 13197.

With this Motion, Cook asks the Court to dismiss with prejudice 9 additional cases barred by the statute of repose of their home state – North Carolina. Specifically, North Carolina currently has a 12-year statute of repose for product liability claims that was extended from 6 years by a statutory change that took effect in October 2009. The 9 Plaintiffs here received their filters before October 1, 2009, and therefore the prior, six-year version of the statute governs their claims because the statutory change does not apply retroactively. *See* Exhibit A (listing placement dates). In any event, the time period between filter placement and filing in each of the 9 cases here is longer than 12 years and therefore Plaintiffs' claims are also barred

even if the current version of the statute applied.  *See id.* (listing placement and filing dates, and repose period length).

With respect to Plaintiff Marie Wilson, she received her filter in Texas but alleges that her injury occurred in North Carolina.  As she received her filter more than 22 years before filing her lawsuit, her claims are barred by the North Carolina statute of repose.  Even in the event law of the state where the placement procedure occurred applied to her claims, Plaintiff Wilson's claims would be barred by the Texas statute of repose, which is 15 years.  *See* 2017 Repose Order at 13-15 (holding that Texas statute of repose bars all claims brought 15 years after placement of the filter and that the plaintiff failed to meet the requirements of the express warranty exception).

Accordingly, the Cook Defendants respectfully ask the Court to dismiss with prejudice the cases filed by the 9 Plaintiffs listed in Exhibit A in their entirety because they are barred by the applicable statute of repose.

Respectfully submitted,

Dated: August 21, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

US.129085021.01

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTE OF REPOSE GROUNDS (NORTH CAROLINA)** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*

US.129085021.01