**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Cases:

9 Plaintiffs listed in Exhibit A;

_____

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR JUDGMENT ON THE PLEADINGS
ON STATUTE OF REPOSE GROUNDS (NORTH CAROLINA)**

**I. INTRODUCTION AND SUMMARY**

In 2017, this Court dismissed several cases because the claims were either wholly or partially barred by the applicable statutes of repose of Georgia, Tennessee, and Texas. *See* Entry on Motion for Judgment on the Pleadings Based on the Statute of Repose ("2017 Repose Order"), Dkt. 4918.[1] The Court also recently granted summary judgment in the *McDermitt* bellwether case based on Indiana's statute of repose. *See generally* Entry on the Cook Defs.' Motion for Summary Judgment – Statute of Repose, Dkt. 13197. Despite these dismissals, counsel representing plaintiffs in this MDL continue to file claims that are plainly barred as stale – some, exceedingly stale.

With this Motion, Cook asks the Court to dismiss with prejudice 9 additional cases barred by the statute of repose of their home state – North Carolina. Specifically, North Carolina currently has a 12-year statute of repose for product liability claims that was extended from 6

___

[1] Cook has asked the Court in a pending motion to apply the rulings in this order to 25 additional cases from Tennessee and Texas. *See* Dkt 13760.

years by a statutory change that took effect in October 2009.  *Compare* N.C. Gen. Stat. § 1-46.1(1) *with* N.C. Gen. Stat. § 1-50-1 (repealed).  North Carolina courts have held that the enlargement of the repose period to 12 years did not have retroactive effect for claims involving products used prior to that time.  The 9 Plaintiffs here received their filters before October 1, 2009, and therefore the prior, six-year version of the statute governs their claims.  *See* Exhibit A (listing placement dates).  In any event, the time period between filter placement and filing in each of the 9 cases here is longer than 12 years and therefore Plaintiffs' claims are also barred even if the current version of the statute applied.  *See id.* (listing placement and filing dates, and repose period length).

With respect to Plaintiff Marie Wilson, she received her filter in Texas but alleges that her injury occurred in North Carolina.  *See* Plaintiff Wilson's Complaint, Case No. 1:17-cv-03337, Dkt. 1, ¶¶ 4-6, 12.  As she received her Bird' Nest filter[2] in 1995, more than 22 years before filing her lawsuit, her claims are barred by the North Carolina statute of repose.  Even in the event law of the state where the placement procedure occurred applied to her claims, Plaintiff Wilson's claims would be barred by the Texas statute of repose, which is 15 years.  *See id.*; 2017 Repose Order at 13-15 (holding that Texas statute of repose bars all claims brought 15 years after placement of the filter and that the plaintiff failed to meet the requirements of the express warranty exception).

The Cook Defendants therefore ask the Court to dismiss with prejudice the claims presented by the 9 Plaintiffs here.

---

[2] Cook is entitled to dismissal of Plaintiff Wilson's claims on the separate basis that she received a Bird's Nest filter and Cook has a federal preemption defense for that product because of its PMA status.  *See* Cook Defendants' Motion for Judgment on the Pleadings Based on Federal Preemption in Bird's Nest Filter Cases, Dkt. 9644 (including Plaintiff Wilson's case in pending omnibus motion).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The standard for judgment on the pleadings under Rule 12(c) is the same as the standard under Rule 12(b)(6): the plaintiff must state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is not facially plausible unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As this Court has previously noted, statutes of repose are substantive for purposes of the *Erie* doctrine, and are thus governed by state law. *See* 2017 Repose Order, Dkt. 4918 at 2-3; *see also Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006); *Nett ex rel. Nett v. Bellucci*, 269 F.3d 1, 5 (1st Cir. 2001); *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1223 (10th Cir. 1991).

## III. CHOICE-OF LAW

These 9 Plaintiffs originally filed their cases in the Southern District of Indiana, and 8 of the 9 do not allege a factual connection to states other than North Carolina. *See generally* Plaintiffs' Complaints.[3] Plaintiff Wilson received her filter in Texas but alleges that her injury occurred in North Carolina, the state where she currently resides. *See* Plaintiff Wilson's Complaint, Case No. 1:17-cv-03337, Dkt. 1, ¶¶ 4-6, 12.

Five of these Plaintiffs filed their cases between May 31, 2017 and June 13, 2019, and thus their cases would be governed by their "home" states' choice-of-law rules under the Court's

---

[3] The Plaintiffs' case numbers and filing dates are listed in Exhibit A. The Plaintiffs' complaints are the first docket entries in their individual cases.

US.128910307

May 29, 2020 Order, while the other four filed their cases before or after this time period and thus their cases would be governed by Indiana's choice-of-law rules. *See* May 29, 2020 Order, Dkt. 13539 at 2 (explaining that Court will apply "home" state law to cases filed during this time period and Indiana law to cases filed in this District before or after this time period); *see also* Exhibit A (providing the filing dates for Plaintiffs' Complaints).[4]

The Court, however, need not address the different choice-of-law regimes, because the Cook Defendants are not asking the Court to apply Indiana's 10-year statute of repose here (although it reserves the right to do so in a subsequent motion). Instead, the Cook Defendants are arguing for the purposes of this Motion that these 9 Plaintiffs' claims are facially barred under the laws of North Carolina – their home state. With respect to Plaintiff Wilson's case, Cook addresses her claims along with the other Plaintiffs. To the extent Plaintiff Wilson might argue that Texas law applies to her claims instead of North Carolina, her claims are also barred by the Texas statute of repose for the reasons set forth in the Court's 2017 Repose Order – namely, the Texas statute of repose is 15 years and Plaintiff Wilson received her Bird's Nest filter more than 22 years before filing her lawsuit. *See* 2017 Repose Order at 12-15 (dismissing with prejudice all claims raised by a Texas Plaintiff because the filter was placed more than

---

[4] Although Cook asks the Court to apply this Order as necessary for purposes of this Motion, Cook states for the record that its position is that all cases originally filed in the Southern District of Indiana should be governed by Indiana choice-of-law rules pursuant to *Klaxon v. Stentor Elec. Mfg. Corp.*, 313 U.S. 487 (1941), as this Court originally ruled, see June 13, 2019 Order, Dkt. 11131 at 2 (finding that there has never been a direct-filing order in this MDL); October 29, 2019 Order, Dkt. 12256 at 1 ("The Court finds that Indiana law applies."). Cook has briefed its position on this issue as part of a motion for reconsideration (Dkt. 13106) that the Court granted in part and denied in part (Dkt. 13539), and Cook hereby expressly preserves its arguments on this issue for appellate review in the event that may occur in the further course of litigation in the MDL and individual member cases filed in the Southern District of Indiana between May 29, 2017 and June 13, 2019.

US.128910307

15 years before filing); *see also* Dkt. 13760 (Cook's pending motion asking the Court to extend this ruling to 4 more Texas cases).

### IV.  ARGUMENT

Statutes of repose extinguish all rights to assert any product liability claim based on a particular product after a period of time running from when the product was manufactured, sold, delivered, or left the control of the manufacturer.[5]  Unlike statutes of limitation, statutes of repose do not depend on accrual of an action unless the statute of limitations is incorporated into the statute of repose, as in Indiana.  The North Carolina Supreme Court has described the difference between statutes of limitation and repose this way:

> the period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted....  Thus, the repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue, which is generally recognized as the point in time when the elements necessary for a legal wrong coalesce.

*Boor v. Spectrum Homes, Inc.*, 675 S.E.2d 712, 715 (N.C. Ct. App. 2009) (quoting *Black v. Littlejohn*, 325 S.E.2d 469, 474-75 (N.C. 1985)).

The 9 Plaintiffs here failed to commence their actions against the Cook Defendants before their claims were extinguished by the applicable statutes of repose.  Their complaints establish this fact as a matter of law, and the Cook Defendants are therefore entitled to dismissal of

---

[5]  For the purposes of this motion, Cook uses the placement date of the filter as the "trigger date" for the applicable statute of repose, because the sale, use, delivery, or manufacturing date of the filter cannot possibly be any later than the date when the filter was placed in an individual Plaintiff's body.  Of course, the filter would have been manufactured, sold, and delivered to the hospital some time before the procedure in question.  Cook reserves its arguments regarding the actual applicable trigger date for any MDL cases not included here where the period of time that elapsed before the placement procedure would be material to determining the validity of the claim under the applicable statute of repose.

the Plaintiffs' claims, with prejudice, under Rule 12(c) for failure to state a claim upon which relief can be granted.

**A.     The North Carolina Statute of Repose Bars All of Plaintiffs' Claims.**

In 2009, North Carolina extended its statue of repose for products from 6 years to 12 years.  Under either version of the statute of response, Plaintiffs' claims here are barred as a matter of law because they received their filters more than 12 years before filing suit.

The current version of the North Carolina statute of repose provides that "[n]o action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-46.1.  The previous version of the statue had the same language, except the repose period was six years. *See* N.C. Gen Stat. § 1-50(a) ("No action for the recovery of damages for personal injury, death or damage to property based upon on arising out of any alleged defect or any failure in relation to a product shall be brought shall be brought more than six years after the date of the initial purchase for use or consumption.") (repealed by N.C. Laws S.L. 2009-420 in favor of the current version of statute presently codified at N.C. Gen. Stat § 1-46-1).

The North Carolina Court of Appeals has held that the current version of the statute "became effective 1 October 2009 and applies to causes of action that accrue on or after that date." *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 886-87 (N.C. 2011).  In *Robinson*, the court held that North Carolina courts are "barred from [applying the new statute] by the [North Carolina] General Assembly's decision not to make the revised statute of repose retroactive."  *Id.* (applying the pre-2009 version of the statute and affirming dismissal of plaintiff's claim as time-barred by the statue of repose).

- 6 -

In terms of scope, North Carolina courts have made clear that the statute of repose completely bars all claims alleging personal injury from a product no matter how the claim is styled or pled. *See Nat'l Prop. Inv'rs, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("All product liability claims, regardless of their nature, are subject to this statute."); *Nat'l Property Investors, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("Since it is an uncontested fact that Plaintiff failed to file suit within the six-year period, if the products liability statute of repose applies to this matter, all of Plaintiff's claims are barred."). Put simply, a statute of repose containing "'no action language' bars 'all claims. . . .'" *Braswell v. Colonial Pipeline Co.*, 395 F. Supp.3d 641, 648 (M.D.N.C. 2019) (quoting *Hodge v. Harkey*, 631 S.E.2d 445, 449 (N.C. 1999)). The North Carolina Supreme Court's holding in *Hodge* forecloses arguments that claims involving IVC filters or certain causes of action survive the statute of repose because the "no action language" encompasses all theories of liability. *Hodge*, 631 S.E.2d at 449.

The trigger date for the North Carolina statute of repose is the "the date of initial purchase for use or consumption." N.C. Gen Stat. § 1-50(a) (repealed version of statute); *see also* N.C. Gen Stat. § 1-50(a) (same triggering event in current version of statute). As the initial sale of the filter had to occur no later than the date each Plaintiff underwent the procedure to receive his or her filter, they were required to file their cases within 6 years of the date of placement under the prior version of the statute and within 12 years under the current version of the statute. As demonstrated by the table below, in each of the cases brought by the 9 Plaintiffs here, the placement procedure occurred more than 12 years before the filing of the case.

| Plaintiff | Case No. | Placement Date | Filing Date | Time Elapsed Before Filing |
|---|---|---|---|---|
| **Rhodes, Roland** | 1:17-cv-01467 | October 31, 2004 | May 5, 2017 | 12 years, 6 months, 5 days |

| Plaintiff | Case No. | Placement Date | Filing Date | Time Elapsed Before Filing |
|---|---|---|---|---|
| **Vinson, Bridget** | 1:17-cv-02051 | February 10, 2004 | June 16, 2017 | 13 years, 4 months, 6 days |
| **Wells, Marian** | 1:17-cv-02053 | November 19, 2004 | June 16, 2017 | 12 years, 6 months, 28 days |
| **Hackworth, Melissa** | 1:17-cv-02476 | February 14, 2003 | July 21, 2017 | 14 years, 5 months, 3 days |
| **McLean, Karene** | 1:17-cv-03108 | May 18, 2004 | September 7, 2017 | 13 years, 3 months, 20 days |
| **Wilson, Marie** | 1:17-cv-03337 | January 25, 1995 | September 20, 2017 | 22 years, 7 months, 26 days |
| **Woods, Beverly** | 1:19-cv-03095 | September 27, 2006 | July 23, 2019 | 12 years, 9 months, 26 days |
| **Johnson, Jerome** | 1:19-cv-03248 | July 27, 2001 | August 2, 2019 | 18 years, 0 months, 6 days |
| **Barnes-Thomas, Vickie** | 1:19-cv-03610 | May 24, 2007 | August 26, 2019 | 12 years, 3 months, 2 days |

Here, Plaintiffs' actions are governed by and barred in their entirety by the pre-2009 version of North Carolina's statute of repose. The relevant "trigger date" for the statute of repose in North Carolina is the initial purchase date, which cannot be any later than the placement date of the filter. *See* N.C. Gen Stat. § 1-50(a) (repealed version of statute); *see also* N.C. Gen Stat. § 1-50(a) (same triggering event in current version of statute). All 9 Plaintiffs received their filters between 2001 and 2007, and thus their opportunity to file a lawsuit regarding their Cook filters expired as a matter of law six years later, or between 2007 and 2013 depending on the case. This occurred before any of these cases were filed. *See* Exhibit A (noting that six of the cases were filed in 2017 and the other three in 2019). In any event, there would be no material difference in the outcome for these 9 cases if the current 12-year statute of repose were applied instead, because the time period between filter placement and filing is longer than 12 years each case as shown in Exhibit A and the table above.

US.128910307

**B.     Alternatively, Plaintiff Wilson's Claims Are Also Barred by The Texas Statute of Repose.**

Plaintiff Marie Wilson received her Bird's Nest filter in 1995 in Texas, but alleges that her injuries occurred in North Carolina.  *See* Plaintiff Wilson's Complaint, Case No. 1:17-cv-03337, ¶¶ 4-6, 12.  To the extent Plaintiff Wilson may argue that Texas law applies to her case instead of North Carolina law, the 15-year Texas statute of repose likewise bars all her claims because she filed her lawsuit more than 15 years after her placement procedure.

As the Court explained when it previously addressed the Texas statute of repose, Texas has a 15-year statute of repose that requires plaintiffs "'to commence a product liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant.'"  2017 Repose Order, Dkt. 4918 at 13 (quoting Tex. Code. § 160.12(b)).  Texas law defines a "product liability action" as:

> [A]ny action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product, whether an action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories, and whether the relief is sought is recovery of damages or any other legal or equitable relief, including suit for … personal injury ….

Tex. Code. § 160.12(a)(2).  The statute thus extinguishes all claims, unless "'a seller expressly warrants that a product will last more than 15 years.'"  2017 Repose Order, Dkt. 4918, at 13 (quoting Tex. Code § 160.122(c)).  With respect to the express warranty exception, this Court ruled in 2017 that Plaintiffs' Master Complaint "does not allege that [Cook filters] were marketed as permanent devices" and that "omission of her specific warranty allegations [was] fatal" at the pleadings stage to the claims brought by the Texas plaintiff whose case was at issue in that 2017 order.  *Id.* at 14.  The Court further considered an argument that the Texas plaintiff presented regarding an alleged verbal warranty and information listed in Cook's Tulip Patient Guide amounting to a warranty; however, the Court ruled that those allegations failed to sustain

- 9 -

an express warranty claim under Texas law. *Id.* at 14-15 (conducting an element-by-element analysis of an express warranty claim under Texas law).

Cook is entitled to the same result here as a matter of law regarding Plaintiff Wilson's claims. Plaintiff Wilson received her Bird's Nest filter on January 25, 1995, and thus her opportunity to file a lawsuit regarding that filter expired as a matter of law 15 years later – specifically, January 26, 2010. This occurred more than seven years before she filed her lawsuit on September 20, 2017.

Plaintiff Wilson cannot rely on the express warranty exception under the statute because the Court has already ruled that Plaintiffs' Master Complaint does not adequately plead that Cook expressly warranted its filters would last more than 15 years. 2017 Repose Order, Dkt. 4918 at 13. Further, Plaintiff Wilson has not pled any additional or specific allegations as part of her short-form complaint that could provide independent support for bypassing the 15-year bar in the Texas statute of repose through the express warranty exception. *Compare id.* (dismissing the plaintiff's claims and holding that she failed to identify who made the alleged express warranty or that she actually relied on the alleged warranty) *with* Plaintiff Wilson's Complaint, 1:17-cv-03337, ¶ 14 (no additional allegations pled in blank space for "other" allegations).

Accordingly, Plaintiff Wilson's claims are barred under both the North Carolina and Texas statute of repose.

## CONCLUSION

For the reasons stated above, the Cook Defendants respectfully ask the Court to dismiss with prejudice the cases filed by the 9 Plaintiffs listed in Exhibit A in their entirety because they are barred by the applicable statute of repose.

US.128910307

          Respectfully submitted,

Dated: August 21, 2020      /s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, a copy of the foregoing **COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON STATUTE OF REPOSE GROUNDS (NORTH CAROLINA)** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*