**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

---

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to the Following Cases:

5 Plaintiffs listed in Exhibit A;

---

**COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON)**

**I.     INTRODUCTION AND SUMMARY**

In 2017, this Court dismissed several cases because the claims were either wholly or partially barred by the applicable statutes of repose of Georgia, Tennessee, and Texas. *See* Entry on Motion for Judgment on the Pleadings Based on the Statute of Repose, Dkt. 4918. The Court also recently granted summary judgment in the *McDermitt* bellwether case based on Indiana's statute of repose. *See generally* Entry on the Cook Defs.' Motion for Summary Judgment – Statute of Repose (the "*McDermitt* Order"), Dkt. 13187.

With this Motion, Cook asks the Court to dismiss with prejudice 5 additional cases barred by the statute of repose of their home state – Oregon. Specifically, Oregon has a 10-year statute of repose for product liability claims. Or. Rev. Stat. §30.905(2)(a). The Oregon statute of repose also has a "look away" provision that provides the plaintiff the temporal benefit of a statute of repose from the state of manufacture or importation, if any, if the statute of repose in that state is longer than the Oregon statute of repose. Or. Rev. Stat. §30.905(2)(b). As the Court explained in *McDermitt*, the Indiana statute of repose is 10 years, but it can potentially be extended by up

to 2 years. *See McDermitt* Order, Dkt. 13187 at 5. Thus, analysis of the Oregon statute of repose requires applying the time limits in the Indiana statute of repose because of Cook's presence here and because of the potential for the Indiana statute of repose to be extended beyond 10 years. At minimum, the Indiana statute of repose bars product liability claims involving filters placed more than 12 years before filing, assuming the Plaintiffs' claims accrued on the very last day possible. As demonstrated in Exhibit A, all 5 Plaintiffs commenced their lawsuits more than 12 years after receiving their filters and therefore their claims are barred by the statute of repose.

To the extent Plaintiffs' claims brought under express warranty theories and state consumer protection statutes are not barred by the applicable statute of repose, those claims fail for other reasons.

Accordingly, the Cook Defendants therefore ask the Court to dismiss with prejudice the claims presented by the 5 Plaintiffs here.

## CONCLUSION

For the reasons stated above, the Cook Defendants respectfully ask the Court to dismiss with prejudice the cases filed by the 5 Plaintiffs listed in Exhibit A in their entirety.

Respectfully submitted,

Dated: August 21, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

### CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON)** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*
