**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to the Following Cases:

5 Plaintiffs listed in Exhibit A;

_____

**COOK DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION FOR JUDGMENT ON THE
<u>PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON)</u>**

**I.      INTRODUCTION AND SUMMARY**

In 2017, this Court dismissed several cases because the claims were either wholly or partially barred by the applicable statutes of repose of Georgia, Tennessee, and Texas. *See* Entry on Motion for Judgment on the Pleadings Based on the Statute of Repose ("2017 Repose Order"), Dkt. 4918.[1] The Court also recently granted summary judgment in the *McDermitt* bellwether case based on Indiana's statute of repose. *See generally* Entry on the Cook Defs.' Motion for Summary Judgment – Statute of Repose (the "*McDermitt* Order"), Dkt. 13187. Despite these dismissals, counsel representing plaintiffs in this MDL continue to file claims that are plainly barred as stale – some, exceedingly stale.

With this Motion, Cook asks the Court to dismiss with prejudice 5 additional cases barred by the statute of repose of their home state – Oregon. Specifically, Oregon has a 10-year statute of repose for product liability claims. Or. Rev. Stat. §30.905(2)(a). The Oregon statute of repose

---

[1]   Cook has asked the Court in a pending motion to apply the rulings in the 2017 Repose Order to 25 additional cases from Tennessee and Texas. *See* Dkt 13760.

also has a "look away" provision that provides the plaintiff the temporal benefit of a statute of repose from the state of manufacture or importation, if any, if the statute of repose in that state is longer than the Oregon statute of repose. Or. Rev. Stat. §30.905(2)(b). As the Court explained in *McDermitt*, the Indiana statute of repose is 10 years, and it preserves the 2-year statute of limitations for claims that accrue between the 8th and 10th years after the initial delivery. *See McDermitt* Order, Dkt. 13187 at 5 (discussing Indiana statute of repose, Ind. Code § 34-20-3-1, and the potential two-year "extension" window). Thus, analysis of the Oregon statute of repose requires applying the time limits in the Indiana statute of repose because of Cook's presence here and because of the potential for the Indiana statute of repose to be extended beyond 10 years. At minimum, the Indiana statute of repose bars product liability claims involving filters placed more than 12 years before filing, assuming the Plaintiffs' claims accrued on the very last day possible. As demonstrated below, all 5 Plaintiffs commenced their lawsuits more than 12 years after receiving their filters and therefore their claims are barred by the statute of repose.

To the extent Plaintiffs' claims brought under express warranty theories and state consumer protection statutes are not barred by the applicable statute of repose, those claims fail for other reasons.[2] The Cook Defendants therefore ask the Court to dismiss with prejudice the claims presented by the 5 Plaintiffs here.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The standard for judgment on the pleadings under Rule 12(c) is the same as the standard under Rule 12(b)(6): the

---

[2] There are no spousal co-plaintiffs in the five cases subject to this Motion. Thus, loss of consortium claims are not at issue here.

US.128800445

plaintiff must state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is not facially plausible unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As this Court has previously noted, statutes of repose are substantive for purposes of the *Erie* doctrine, and are thus governed by state law. *See* 2017 Repose Order, Dkt. 4918 at 2-3; *see also Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006); *Nett ex rel. Nett v. Bellucci*, 269 F.3d 1, 5 (1st Cir. 2001); *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1223 (10th Cir. 1991).

### III.    CHOICE-OF LAW

These 5 Plaintiffs originally filed their cases in the Southern District of Indiana, and do not allege a factual connection to states other than Oregon. *See generally* Plaintiffs' Complaints.[3] Two of these Plaintiffs filed their cases between May 31, 2017 and June 13, 2019, and thus their cases would be governed by their "home" states' choice-of-law rules under the Court's May 29, 2020 Order, while the other four filed their cases before or after this time period and thus their cases would be governed by Indiana's choice-of-law rules. *See* May 29, 2020 Order, Dkt. 13539 at 2 (explaining that Court will apply "home" state law to cases filed during this time period and Indiana law to cases filed in this District before or after this time period); *see also* Exhibit A (providing the filing dates for Plaintiffs' Complaints).[4]

---

[3] The Plaintiffs' case numbers and filing dates are listed in Exhibit A. The Plaintiffs' complaints are the first docket entries in their individual cases.

[4] Although Cook asks the Court to apply this Order as necessary for purposes of this Motion, Cook states for the record that its position is that all cases originally filed in the Southern District of Indiana should be governed by Indiana choice-of-law rules pursuant to *Klaxon v. Stentor Elec. Mfg. Corp.*, 313 U.S. 487 (1941), as this Court originally ruled, see June 13, 2019 Order, Dkt. 11131 at 2 (finding that there has never been a direct-filing order in this

- 3 -

The Court, however, need not address the different choice-of-law regimes, because the Oregon statute of repose has a provision requiring the Court to apply the statute of repose of the state of manufacture or importation if that state has a statute of repose longer than Oregon. Or. Rev. Stat. §30.905(2)(b). The state of manufacture or importation for Cook filters is Indiana, which has a 10-year statute of repose that can potentially be extended by up to 2 years. Ind. Code § 34-20-3-1; Pls. Master Compl., ¶¶ 9-20, 28 (allegations regarding Cook's presence and conduct in Indiana). Thus, as a practical matter, the Oregon statute of repose requires application of Indiana law, under the particular procedural posture of this Motion.

## IV.   ARGUMENT

Statutes of repose extinguish all rights to assert any product liability claim based on a particular product after a period of time running from when the product was manufactured, sold, delivered, or left the control of the manufacturer.[5] Unlike statutes of limitation, statutes of repose do not depend on accrual of an action unless the statute of limitations is incorporated into the statute of repose, as in Indiana. The Oregon Supreme Court has explained that unlike statutes of limitations, statutes of repose do not depend upon discovery of an injury or accrual of a claim. Instead, the purpose of the statute of repose is "to provide an overall maximum upper limit on the

---

MDL); October 29, 2019 Order, Dkt. 12256 at 1 ("The Court finds that Indiana law applies."). Cook has briefed its position on this issue as part of a motion for reconsideration (Dkt. 13106) that the Court granted in part and denied in part (Dkt. 13539), and Cook hereby expressly preserves its arguments on this issue for appellate review in the event that may occur in the further course of litigation in the MDL and individual member cases filed in the Southern District of Indiana between May 29, 2017 and June 13, 2019.

[5] For the purposes of this motion, Cook uses the placement date of the filter as the "trigger date" for the applicable statute of repose, because the sale, use, delivery, or manufacturing date of the filter cannot possibly be any later than the date when the filter was placed in an individual Plaintiff's body. Of course, the filter would have been manufactured, sold, and delivered to the hospital some time before the procedure in question. Cook reserves its arguments regarding the actual applicable trigger date for any MDL cases not included here where the period of time that elapsed before the placement procedure would be material to determining the validity of the claim under the applicable statute of repose.

US.128800445

time within which a tort action could be brought, regardless of the date of discovery or of any other circumstances." *Josephs v. Burns & Bear*, 491 P.2d 203, 205 (Or. 1971), *overruled on other grounds by Smothers v. Gresham Transfer, Inc.*, 23 P.3d 333 (Or. 2001)).

The 5 Plaintiffs here failed to commence their actions against the Cook Defendants before their claims were extinguished by the applicable statutes of repose. Specifically, all 5 Plaintiffs here failed to commence their actions within 10 years as required by the Oregon statute of repose. Further, the "look away" provision in Oregon law requiring the Court to apply the statute of repose of the statute of manufacture or importation – Indiana – does not save Plaintiffs' claims because they failed to commence their lawsuits actions within 12 years. The Indiana statute of repose cannot be extended beyond 12 years even if we assume for the purpose of the Motion that all Plaintiffs' claims accrued on the last day of the 10-year repose period. To the extent their warranty and consumer fraud claims are not barred by the statute of repose, they fail for other reasons. The Cook Defendants are therefore entitled to dismissal of the Plaintiffs' claims, with prejudice, under Rule 12(c) for failure to state a claim upon which relief can be granted.

**A.    Plaintiffs Did Not File Their Actions Within the 10-Year Period Permitted by the Oregon Statute of Repose.**

Oregon Revised Statute section 30.905(2) imposes a limit on the time in which a plaintiff may commence a product liability action based on personal injury. As relevant here, the statute states:

> A product liability civil action for personal injury or property damage must be commenced before the later of:
>
> (a)    Ten years after the date on which the product was first purchased for use or consumption; or

> (b)  The expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured, or, if the product was manufactured in a foreign country, the expiration of any statute of repose for an equivalent civil action in the state into which the product was imported.

Or. Rev. Stat. § 30.905(2).  The limit imposed by this section is strict, and Oregon courts have recognized that the statute was intended "to provide an overall maximum upper limit on the time within which a tort action could be brought, regardless of the date of discovery or of any other circumstances."  *Josephs*, 491 P.2d at 205.

Oregon courts have consistently held that section 30.905(2) bars a product liability action more than 10 years after the initial sale of the product even where a plaintiff does not know of the injury or its source at that time, and indeed even if the injury has not yet occurred.  "An ultimate repose period 'provides a deadline for the initiation of an action whether or not the injury has been discovered or has even occurred.'"  *Shasta View Irrigation Dist. v. Amoco Chems. Corp.*, 986 P.2d 536, 542 (Or. 1999) (quoting *Sealey v. Hicks*, 788 P.2d 435, 438 n.7 (Or. 1990, *abrogated on other grounds by Smothers*, *supra*).  Therefore, "[u]nless otherwise provided by statute, an ultimate repose period 'cannot be extended regardless of unfairness to the plaintiff.'"  *Id*. (quoting *DeLay v. Marathon LeTourneau Sales & Serv. Co.*, 630 P.2d 836, 839 (Or. 1981).  "Once an ultimate repose period has expired, the claim is extinguished and no legally cognizable injury exists."  *Id*.

In terms of scope, section 30.900 defines a "product liability civil action" action as "a civil action brought against a manufacturer, distributor, seller, or lessor of a product for damages for personal injury, death or property damage arising out of" the following three circumstances:

US.128800445

> (1) Any design, inspection, testing, manufacturing or other defect in a product;
>
> (2) Any failure to warn regarding a product; or
>
> (3) Any failure to properly instruct in the use of a product.

Or. Rev. Stat. § 30.900. The Oregon Court of Appeals summarized the caselaw addressing the scope of this provision in *Weston v. Camp's Lumber & Bldg. Supply, Inc.*, explaining that Oregon courts' "analysis is driven by the operative facts alleged in the claim at issue, regardless of how the claim is captioned or characterized by the plaintiff." 135 P.3d. 331, 337 (Or. Ct. App. 2006). In other words, Oregon courts "look beyond the label of the claim to the operative facts alleged" to "discern the gravamen or predominant characteristic of the claim." *Id.* And, "if the gravamen of the claim is in fact one that is based on product defect or failure contemplated by [section] 30.900, [the statute of repose] will apply regardless of the characterization of the theory given to it by the plaintiff." *Id.*; *compare also id.* (holding all claims fell under the statutory definition of a product liability claim except express warranty and the consumer protection claim) *with Kambury v. DaimlerChrysler Corp.*, 60 P.3d 1103, 1104-07 (Or. Ct. App. 2003) (holding that claims sounding in negligence, breach of warranty, intentional misrepresentation, and negligent misrepresentation all fell under the ambit of the statute because they were all premised on a defective airbag deploying during an accident and causing death) *and Simonsen v. Ford Motor Co.*, 102 P.3d 710, 721-22 (Or. Ct. App. 2004) (holding that negligence claims and implied and express warranty claims fell under the ambit of the statute because they were grounded in allegations of failure to warn about the condition of a front control arm in a car that severely injured the plaintiff).

Here, the Plaintiffs' Master Complaint makes clear that the gravamen of the allegations for *all* claims is personal injury allegedly caused by defects in Cook's filters. Plaintiffs state this

in their introductory summary: "The allegations, claims, and theories of recovery relate to the Defendants' design, manufacture, sale and testing, marketing, labeling, advertising, promotion and/or distribution of its unsafe medical devices . . . ." Pls'. Master Compl., Dkt. 213, ¶ 1.

Product defect allegations are also at the heart of Plaintiffs' express warranty allegations: "Defendants breached their express warranties, in that the filters were designed in such a manner so as to be prone to an unreasonably high incident of fracture, perforation of vessels and organs, and/or migration." *Id.*, ¶ 96(a); *see also id.*, ¶¶ 96 (b)-(c) (alleging other design and manufacturing defects as part of the express warranty claim). The gravamen of the state consumer protection claim likewise is focused on product defect and failure to warn allegations, with Plaintiffs alleging that Cook concealed "material information concerning known adverse effects of Cook's IVC Filters; misrepresented the quality and efficacy of Cook's IVC Filters compared to much lower-cost alternatives; misrepresented and advertised that Cook's IVC Filters were of a particular standard, quality, or grade that they were not," among other allegations. *Id.*, ¶ 116. Because allegations of product defect are the gravamen of Plaintiffs' Master Complaint, all claims brought by these Plaintiffs fall under the statutory definition of a "civil product liability claim" and thus Oregon's 10-year statute of repose applies to all such claims.

The trigger date for the Oregon statute of repose is "the date on which the product was first purchased for use or consumption." Or. Rev. Stat. § 30.905(2)(a). As the initial sale of the filter had to occur no later than the date each Plaintiff underwent the procedure to receive his or her filter, they were required to file their cases within 10 years of the date of placement, at the very latest. As demonstrated in Exhibit A and the table below, the placement procedure occurred more than 10 years before the five Plaintiffs filed their cases.

US.128800445

| Plaintiff | Case No. | Placement Date | Filing Date | Time Elapsed Before Filing |
|---|---|---|---|---|
| **Denton, Gregory**[6] | 1:16-cv-01140 | December 19, 2003 | May 6, 2016 | 12 years, 4 months, 17 days |
| **Palmer, Leroy** | 1:17-cv-02272 | June 15, 2004 | July 25, 2018 | 14 years, 1 month, 10 days |
| **Sons, Andrea** | 1:18-cv-03422 | March 3, 2006 | November 5, 2018 | 12 years, 8 months, 2 days |
| **Jones, Renea** | 1:19-cv-03362 | June 7, 2007 | August 7, 2019 | 12 years, 2 months, 0 days |
| **Cortez, Valerie** | 1:20-cv-00896 | December 14, 2006 | March 9, 2020 | 13 years, 3 months, 5 days |

Plaintiffs' claims are therefore barred by the Oregon statute of repose, unless another statutory section applies—namely, the "look away" provision addressed below. *See Shasta View Irrigation Dist.*, 986 P.2d at 542 ("Unless otherwise provided by statute, an ultimate repose period cannot be extended regardless of unfairness to the plaintiff.").

B.  **The "Look Away" Provision in the Oregon Statute of Repose Does Not Save Plaintiffs' Claims Because Indiana Has a Statute of Repose That Cannot Be Extended Beyond 12 Years.**

Section 30.905(2)'s "look away" provision, which may require the Court to examine other states' laws, does not save Plaintiffs' claims. As noted above, subsection (2) of the Oregon statute of repose requires commencement of a product liability action before "the later of" 10 years from the date of purchase by the consumer ***or*:**

> [t]he expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured, or, if the product was manufactured in a foreign country, the expiration of any statute of repose for an equivalent civil action in the state into which the product was imported.

---

[6] Cook has separately argued that Plaintiff Denton's claims are time-barred by the Indiana statute of limitations. *See* Dkt. 11921-22 (Cook's motion for summary judgment in time-barred open removal cases); Dkt. 14000 (Court's order requiring Cook to provide medical records for certain cases subject to the motion, including *Denton*). If the Court grants that motion, this motion will become moot as to Plaintiff Denton. If the Court denies it, the statute of repose argument made here presents a separate and independent basis for dismissing Plaintiff Denton's case with prejudice.

US.128800445

Or. Rev. Stat. § 30.905(2)(b) (emphasis added). Here, the Cook Defendants are Indiana entities operating in Indiana, Pls.' Master Compl. ¶¶ 9-20, 28, so the Court must look to Indiana law to determine if it has adopted a statute of repose longer than Oregon's ten-year statute of repose.

Indiana imposes a 10-year statute of repose on product-liability actions. Indiana's product liability law provides in relevant part:

> (b) Except as provided in section 2 of this chapter [concerning asbestos-related claims], a product liability action must be commenced:
> …
> (2) within ten (10) years after the delivery of the product to the initial user or consumer.
>
> However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Ind. Code § 34-20-3-1(b).

The accrual date of a claim is a factual issue that is not alleged by Plaintiffs' short-form complaints and would require consideration of materials outside of the pleadings to determine, such as Plaintiffs' categorization forms and medical records. As this is a motion for judgment on the pleadings, the Court may assume for the purposes of the Motion that the claims in each case accrued on the last day of the 10-year repose period, extending the Indiana statute of repose to a maximum length of 12 years. If a claim accrued *after* this 10-year period, the Plaintiff would not be eligible for the 2-year potential extension because it is expressly limited to claims that accrue between the 8th and 10th years after the initial sale. Ind. Code § 34-20-3-1(b). As demonstrated in Exhibit A and the table above, these five Plaintiffs each filed their actions more than 12 years after receiving their Cook filters.[7]

---

[7] The Cook Defendants maintain that there are a number of cases barred by Oregon's and Indiana's statutes of repose where the period between filter sale and/or delivery and filing is between 10 and 12 years, and that these cases may be barred by Indiana statute of repose. Cook reserves its right to challenge the timeliness of those cases by separate motion.

- 10 -

**C.    To the Extent Plaintiffs' Express Warranty, Consumer Protection, and Derivative Claims Do Not Fall Under the Purview of the Statute of Repose, They Fail As a Matter of Law for Other Reasons.**

Plaintiffs may argue that their express warranty and consumer protections claims are not product liability claims covered by the statute of repose. But even assuming that is correct, these claims fail for other, independent reasons.

**1.    Plaintiffs' express warranty claims independently fail for lack of privity and reliance.**

To the extent Plaintiffs' express warranty claims (Count V) are not foreclosed by the statute of repose, those claims fail for other reasons. As an initial matter, "privity of contract *is* necessary to support a claim for breach of warranty when the damages sought are other than pure economic damages (i.e. personal injuries, property damage)." *Torch v. Windsor Surry Co.*, 2019 WL 6709379, at *10 (D. Or. Dec. 9, 2019) (emphasis in original) (citing *Simonsen*, 102 P.3d at 721). Here, Plaintiffs seek compensation as part of their express warranty claim for "permanent and continuous injuries, pain and suffering, disability, and impairment . . . . emotional trauma, harm, and injuries that will continue into the future," among other claimed damages. Pls.' Master Compl., ¶ 97.[8] As such, privity is required under Oregon law but none of the Plaintiffs allege that they had a contractual relationship with Cook regarding the purchase of their filters.

Furthermore, a breach of express warranty claim under Oregon law requires "an affirmation of fact or description of goods by the seller," and "that factual affirmation or

---

[8] Plaintiff Valerie Cortez added the following allegations to the "other" section of her short-form complaint: "Defendants Expressly and Impliedly Warranted that the Cook IVC Filter was a permanent lifetime implant and downplayed the risks associated with migration, perforation, tilt, fracture, and other risks relied upon by the plaintiff to his detriment." Pl. Cortez's Complaint, Case No. 1:20-cv-00986, Dkt. 1, ¶ 14. This statement merely recites legal conclusions and fails to establish that Plaintiff Cortez was in privity of contract with Cook, or that any action or promise by Cook or a Cook representative became the basis of the bargain that led Plaintiff Cortez to undergo a filter placement procedure with a Cook product.

description must be the basis of the bargain"' between the buyer and the seller. *Larrison v. Moving Floors, Inc.*, 873 P.2d 1092, 1094 (Or. Ct. App. 1994) (quoting Or. Rev. Stat. § 72.3130(I)(a)). The Plaintiffs do not plead the factual basis of the alleged bargain and reliance on the bargain in the Master Complaint, and none of the Plaintiffs supply any additional specificity in their short-form complaints. As discussed above, the express warranty allegations in the Plaintiffs' Master Complaint are limited to discussions of alleged design and manufacturing defects that place the claim under the ambit of the statute of repose to the extent they allege a plausible claim. Without a sufficiently detailed explanation of what warranty they were allegedly provided by Cook and how they relied on it to elect to receive Cook IVC filters, Plaintiffs' express warranty claims must fail. *Larrison*, 873 P.2d at 1094; Or. Rev. Stat §72.313(I)(a). Indeed, the Court dismissed a Texas plaintiff's express warranty claim as part of the 2017 Repose Order because that plaintiff had failed to identify specific promises that served as the basis of the express warranty and also failed to establish individual reliance on the alleged warranty. Dkt. 4918 at 13-15. The Court should dismiss these Plaintiffs' express warranty claims for similar reasons.

  **2. Plaintiff's state consumer protection claim independently fails as a matter of law because it sounds in fraud but was not pled with particularity as required by Rule 9(b).**

Plaintiffs' fraud-based consumer protection claims (Count VII) fail as a matter of law because Plaintiffs failed to plead them with the particularity required by Fed. R. Civ. P. 9(b). Federal case law makes clear that plaintiffs in federal court on diversity grounds must plead their fraud-based consumer-protection claims with particularity. That is, "when fraud is alleged, it must be done with particularity and plead the who, what, when, where, and how of the alleged fraud." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992); *In re*

US.128800445

*Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*, 155 F. Supp. 2d 1069, 1109 (S.D. Ind. 2001) (dismissing claims under Michigan and Tennessee consumer protection statutes for failure to meet the heightened pleading requirements of Rule 9(b), including failure to allege "individual reliance"). Courts addressing the Oregon consumer protection statute have also held that claims need to be pled with particularity when the allegations are premised on fraudulent conduct. *See Vinci v. Hyundai Motor Am.*, 2018 WL 6136828, at *12 (C.D. Cal. April. 10, 2018) ("Because all of Plaintiffs' claims are based on the same allegedly fraudulent course of conduct – the concealment of facts related to the allegedly defective power steering in Class Vehicles – a theory sounding in fraud, *Kearns*, and thus heightened pleading standard, applies.") (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

Here, Plaintiffs' Master Complaint makes only the most general of allegations about Cook's allegedly fraudulent conduct:

> Defendants misrepresented the alleged benefits and characteristics of Cook's IVC Filters; suppressed, omitted, concealed, and failed to disclose material information concerning known adverse effects of Cook's IVC Filters; misrepresented the quality and efficacy of Cook's IVC Filters as compared to much lower-cost alternatives; misrepresented and advertised that Cook's IVC Filters were of a particular standard, quality, or grade that they were not; misrepresented Cook's IVC Filters in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiffs would have opted for an alternative IVC Filter or method of preventing pulmonary emboli.

Dkt. 213, ¶ 116. These allegations contain no allegations of the who, what, or how of the alleged misrepresentations, and thus fail to meet Rule 9's particularity requirement. None of the Plaintiffs' short-form complaints provides any additional or more specific allegations[9] they

---

[9] As noted above, only Plaintiff Cortez added allegations to her short-form complaint but those were legal conclusions about warranties. *See supra* n. 9 (discussing paragraph 14 of Plaintiff Cortez's short-form complaint). The statement Plaintiff Cortez added to her complaint fails to add anything more specific than the cursory allegations in the Master Complaint and fails to

simply adopt the Master Complaint's vague allegations. Because Plaintiffs have offered only vague, general allegations in support of their consumer fraud claims, those claims fail as a matter of law, and so the Court should dismiss them. *See Vinci*, 2018 WL 6136828, at *12 (dismissing Oregon consumer protection claim as untimely and not pled with particularity required by Rule 9(b) because the allegations were premised on fraudulent concealment of defects with power steering in a vehicle).

### 3. Plaintiff's remaining claims independently fail because they are derivative.

Finally, Plaintiffs' claims for punitive damages (Count XI) fail as a matter of law because they are derivative claims that cannot stand on their own. *See Building Structures, Inc. v. Young*, 968 P.2d 1287, 1289 (Or. 1998) (explaining that the general rule in Oregon is that "a jury may not award punitive damages in the absence of an award of actual damages to the plaintiff); *see also McDermitt* Order at 9 (dismissing Plaintiff McDermitt's claim for punitive damages because it is not a standalone claim under Indiana law and quoting *Chaiken v. Eldon Emmor & Co.*, 597 N.E.2d 337, 349 (Ind. Ct. App. 1992) ("[P]unitive damages are derivative of actual damages.")).

## CONCLUSION

For the reasons stated above, the Cook Defendants respectfully ask the Court to dismiss with prejudice the cases filed by the 5 Plaintiffs listed in Exhibit A in their entirety.

---

provide the who, what, and how of the alleged misrepresentations in the specific nature required by Rule 9(b).

US.128800445

Respectfully submitted,

Dated: August 21, 2020                            /s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, a copy of the foregoing **COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON)** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*