UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates Only to the Following Cases:

1:20-cv-00773, Connie Sipes and Michael Sipes
1:20-cv-00973, Craig Green
1:20-cv-01083, Peggy Golden
1:20-cv-00825, Anne M. Senich and Joseph James Senich

---

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO PROVIDE PLAINTIFF PROFILE SHEETS

Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS ("Cook") submit this reply in support of their Motion to Dismiss for Failure to Provide Plaintiff Profile Sheets ("Motion") (Dkt. 13988).  Cook sought dismissal pursuant to Fourth Amended Case Management Order 4 and Federal Rule of Civil Procedure 41.  These four plaintiffs failed to provide plaintiff profile sheets, admittedly failed to prosecute their cases, and failed to comply with the Court's orders.[1]  In responding to Cook's Motion [Dkt. 13988], each Plaintiff admits having "no basis to contest" Cook's Motion.  (Dkts. 14010 at 2; 14011 at 2; 14012 at 2; 14019 at 2)

The only remaining issue is whether the Court should dismiss the cases with or without prejudice.  Plaintiffs' counsel asserts that they have been wholly "unable to successfully communicate" with these plaintiffs since filing these actions, but they made no attempt to dismiss the cases.  Now they ask for dismissal without prejudice.

---

[1] Plaintiffs Sipes, 1:20-cv-00773, responded at Dkt. 14010; Plaintiff Green, 1:20-cv-00973, responded at Dkt. 14011; Plaintiff Golden, 1:20-cv-01083, responded at Dkt. 14012; and Plaintiffs Senich, 1:20-cv-00825, responded at Dkt. 14019.

US.129076658.05

Cook urges the Court instead to dismiss these cases **with** prejudice. These four Plaintiffs have made no attempt whatsoever to prosecute their cases. They did not comply with the Court's deadlines, forced Cook to file the instant motion, and, forced the Court to expend resources and time examining these issues.

Such Plaintiffs, who file cases only to abandon them, unfairly and unjustly burden the Court, the defendants, and their counsel with the mess they have created. *See Febus v. Ethicon, Inc.*, 2019 WL 7496564, at *3 (M.D.Tenn., 2019) (citing *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)) ("Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary."). Such conduct warrants dismissal with prejudice. In affirming similar dismissals **with prejudice** for failure to provide plaintiff profile sheets, the Ninth Circuit recognized the unique challenges judges handling multidistrict litigation face in this context:

> In sum, multidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts. The district court needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parties in line. Case management orders are the engine that drives disposition on the merits.

*In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1232 (9th Cir. 2006). As the Ninth Circuit noted, "[a]lthough sanctions should not generally be a management tool, a willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the management program." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d at 1232 (quoting Manual for Complex Litigation § 10.151); *see also In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 124 Fed.Appx. 452, 454, 2005 WL 545673, at *2 (7th Cir. 2005) (affirming MDL court's dismissal of complaint with prejudice for failure to prosecute).

US.129076658.05

Federal Rule 41(b) permits dismissal with prejudice for failure of the plaintiff to prosecute or to comply with any order of the Court.  Fed. R. Civ. P. 41(b); *see also In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 866 (8th Cir. 2007).  . Unless the order states otherwise, dismissal under Rule 41(b) "operates as an adjudication on the merits." Dismissing cases with prejudice is critical because "of the realities of multidistrict litigation and the unique problems an MDL judge faces" when handling and MDL "containing thousands of individual cases, case management becomes of utmost importance."  *In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, 2015 WL 3824172, at *1 (S.D.W.Va.,2015); (citing *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir.2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality")).

Only now, when facing the potential dismissal of their clients' claims with prejudice, does counsel report a breakdown in communication with their client. But the Court has directed on no fewer than 15 occasions that "[i]f Plaintiff is not communicating with her counsel or otherwise prosecuting this case, the proper court is . . . to dismiss the case." (See, e.g., Dkts. 7896, 7897, 8092, 8848, 8840, 9060, 10258, 10387, 10527, 10528, 11915, 12165, 12815, 13204).  Here, counsel failed to inform Cook or the Court of any difficulties in communicating with these four plaintiffs, and failed to heed the clear direction of the Court to dismiss such cases.  Instead, Plaintiffs' counsel waited until after Cook was forced to file a motion to dismiss to reveal any communication issue. Both plaintiffs and their counsel effectively abandoned these cases, forcing both Cook and this Court to unnecessarily expend valuable resources.  The Court should dismiss these cases *with prejudice* for failure to prosecute and failure to comply with the Court's orders.

In the alternative, should the Court elect to dismiss these cases without prejudice notwithstanding the discussion above, Cook requests that the Order granting dismissal without include the requirement that any Plaintiff wishing to recommence his or her action file that renewed action in the Southern District of Indiana.

## Conclusion

The Cook Defendants respectfully request dismissal of these four cases be *with prejudice*.

Dated:  August 21, 2020

Respectfully Submitted,

/s/ Kip S.M. McDonald
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Kip.McDonald@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, a copy of the foregoing Reply in Support of Motion to Dismiss was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Kip S.M. McDonald*