IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to the Following Actions:

Case Nos.
Baker, Daniel, 1:20-cv-00487
Baker, Daniel, 1:20-cv-06167

Bryant, Robert, 1:19-cv-04599
Bryant, Robert, 1:20-cv-06156

Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-00187
Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-06168

### REPLY IN SUPPORT OF
### MOTION TO DISMISS DUPLICATIVE FILINGS

The defendants, Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, "Cook"), submit this Reply in Support of their Motion to Dismiss Duplicative Filings [Dkt. 13956].

1.  Plaintiffs admit that they have no right to maintain two actions and that their second-filed cases are duplicative of their first-filed cases. Dkt. 14021 at 3.[1] The only issue is whether the Court should dismiss Plaintiffs' first-filed actions, permitting Plaintiffs to evade the

---

[1] Given these admissions, Plaintiffs' attempts to distinguish the case law Cook cited in support of the impropriety of duplicative actions, Dkt. 14021 at 4-5, is irrelevant and has no bearing on this motion.

Court's choice-of-law ruling, or should dismiss Plaintiffs' second-filed actions, which would prevent such evasion.

2. As a threshold matter, Plaintiffs err in suggestion that Cook's Motion is moot. *See* Case 1:20-cv-06168-RLY-TAB Dkt. 11 at 2.  Cook's Motion for Reconsideration of the Court's Order Granting Motion to Dismiss Duplicative Complaints [MDL Dkt. 14006], which asks the court to vacate the order granting Plaintiffs' Motion to Dismiss to allow for consideration of Cook's opposition, remains pending, meaning that the issue is still a live question.

3. Plaintiffs' portrayal of the procedural background of this issue is also misleading. Plaintiff filed duplicative cases.  Plaintiffs' counsel thereafter requested Cook to stipulate to consolidate the discovery of the first-filed and second-filed cases.  Cook refused, however, and demanded that Plaintiffs dismiss their improper second actions, "otherwise [Cook] will pursue motion practice as to the duplicate matters."  (See July 7, 2020, 4:39 PM Email requesting dismissal of duplicate action, attached as Exhibit A; see also July 7, 2020, 10:16 PM, clarifying Cook's request that Plaintiffs "dismiss the[ir] second-filed, duplicate complaint," attached as Exhibit B) It was only when Cook refused Plaintiffs offers to stipulate instead to the dismissal of Plaintiffs' first-filed actions, did Plaintiffs become what they now call "proactive" and move the Court to dismiss their first actions.  In other words, Plaintiffs' "proactive" motions to dismiss their first-filed actions were in fact a ***reaction*** to Cook's directive to dismiss their improper duplicative actions.

4. Plaintiffs do not deny that they commenced their second-filed, duplicative actions solely to avoid the Court's ruling on the choice-of-law rules applicable to their first-filed actions. *See* Dkts. 12931, 13539. On the contrary, Plaintiffs' response openly admits that they filed their second actions in foreign jurisdictions because their first-filed actions did not fall within the period

for which the Court had deemed a direct-filing order to be in place. *See* Dkt. 11 ("Since the Baker, Bryant, and Schneibel-Gillick direct filed complaints were originally filed ***outside the window identified in the Court's most recent order***, our office thereafter timely filed a long form complaint in the Northern District of New York in each of these cases." (emphasis added)).

5.  Plaintiffs likewise admit that "[t]he new filing in the NDNY was done for each of these three cases to preserve the choice-of-law rule of plaintiff's home jurisdiction, New York." Dkt. 14021 at 3. In other words, Plaintiffs filed their duplicative actions because they wanted the benefit of New York's choice-of-law rules, instead of the Indiana choice-of-law rules that the Court had ruled applied to their existing actions. Plaintiffs' duplicate filings thus were not, as Plaintiffs describe it, "consistent with the Court's ruling in the February 24, 2020 Order," Dkt. 14021 at 3; they were openly intended to *evade* that order.

6.  Also contrary to Plaintiffs' assertions, Cook's motion to dismiss Plaintiffs' second-filed actions does not "dictate plaintiffs' choice of home jurisdiction," Dkt. 14021 at 4; Plaintiffs themselves made that choice when they voluntarily filed their complaints into the Southern District of Indiana knowing of the Court's choice-of-law rulings. Plaintiffs cite no authority suggesting that they have a right to change their minds and their preferred forum simply because the Court has issued an order they do not like. *Compare* Fed. R. Civ. P. 41 (imposing limits on plaintiff's right of dismissal once defendant has answered).

7.  Courts throughout the federal system have consistently rejected attempts like the Plaintiffs' here to game the system, evade judicial rulings, and expand their legal rights by filing duplicative complaints in other venues. *See, e.g., Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (holding that "plaintiffs may not file duplicative complaints in order to expand their legal rights").

3

8. Courts have taken particular care to prevent Plaintiffs from using duplicative complaints to avoid statutes of limitation, as Plaintiffs seek to do here. Indeed, one of the cases Plaintiffs themselves cite in their response makes clear that "the rules nowhere contemplate the filing of duplicative lawsuits to avoid the statutes [sic] of limitations." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir.1993). Other courts agree that "[f]iling a second identical action is not . . . an appropriate way to gain a more advantageous statute of limitations." *James v. AT & T Corp.*, 334 F.Supp.2d 410, 411 (S.D.N.Y. 2004) (citing *Serlin*, 3 F.3d at 224); *see also James v. AT & T Corp.*, 334 F.Supp.2d 410, 412 (S.D.N.Y.,2004) (dismissing second action where "[p]laintiffs have stated that the second action was filed 'for one reason and one reason only,' to take advantage of New York's six year statute of limitations, which is two years longer than the statute of limitations applicable under Texas law") (citing *Fiore v. McDonald's Corp., 1996 WL 331090*, at *11–12 (S.D.N.Y. June 12, 1996)).

9. And as another MDL court noted in a similar context, permitting such gamesmanship would undercut the fairness and order intended by the MDL system:

> [T]o permit a plaintiff to file a second suit or a new claim or add a new party in order to circumvent a statute of limitations and expand his legal rights…would create legal chaos.

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2004 WL 405886, at *16 n. 42 (S.D.Tex. Feb.25, 2004).

10. These Plaintiffs unabashedly admit that they filed duplicative actions lawsuits to take advantage of New York, "their preferred home jurisdiction for choice-of-law and trial purposes." Dkt. 14021 at 6. This is a bald attempt to use a duplicate lawsuit to circumvent the Court's orders on choice-of-law and to expand their legal rights. This undisputed purpose is improper, and the Court should reject it.

WHEREFORE, Cook respectfully asks the Court to bind Plaintiffs to their choices and to dismiss these Plaintiffs' duplicative second-filed actions.

Dated: August 24, 2020

    Respectfully Submitted,

    */s/ Kip S.M. McDonald*
    Andrea Roberts Pierson, Co-Lead Counsel
    Jessica Benson Cox
    Kip S.M. McDonald
    FAEGRE DRINKER BIDDLE & REATH LLP
    300 North Meridian Street, Suite 2500
    Indianapolis, Indiana 46204
    Telephone: (317) 237-0300
    Andrea.Pierson@FaegreDrinker.com
    Jessica.Cox@FaegreDrinker.com
    Kip.McDonald@FaegreDrinker.com

    James Stephen Bennett, Co-Lead Counsel
    FAEGRE DRINKER BIDDLE & REATH LLP
    110 W. Berry Street, Suite 2400
    Fort Wayne, Indiana 46802
    Telephone: (260) 424-8000
    Stephen.Bennett@FaegreDrinker.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 24, 2020, a copy of the foregoing Motion to Dismiss Duplicative Filings was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.


                                      /s/ *Kip S.M. McDonald*