# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions:

Case Nos.
Baker, Daniel, 1:20-cv-00487
Baker, Daniel, 1:20-cv-06167

Bryant, Robert, 1:19-cv-04599
Bryant, Robert, 1:20-cv-06156

Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-00187
Schneibel-Gillick, Kathleen and Morris, James, 1:20-cv-06168

## REPLY IN SUPPORT OF
## DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING MOTION TO DISMISS DUPLICATIVE FILINGS

The defendants, Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, "Cook"), submit this reply in support of Motion for Reconsideration of the Court's Order Granting Motion to Dismiss Duplicative Filings.

1. At issue are Plaintiffs' Motion to Dismiss Duplicative Cases and the Court's resulting August 13, 2020 Order [Dkt. 13994]. The **very next day**, August 14, 2020, Cook filed the instant Motion for Reconsideration of the Court's Order Granting Motion to Dismiss Duplicative Filings [Dkt. 14006] (the "Motion").[1] At the time of the Court's Order, Cook had

---

[1] As stated in Cook's Motion, Cook was not aware of Plaintiffs' Motion until Plaintiffs noticed it for oral argument on August 12, 2020 [Dkt. 13980]. While Cook was preparing to file a motion

already filed its own motion to dismiss the second-filed of Plaintiffs' duplicative actions. See Dkt. 13956 (August 10, 2020).

2. In their responses to Cook's Motion to Dismiss Duplicative Filings [Dkt. 13956] and Motion for Reconsideration [Dkt. 14006], Plaintiffs admit that they have no right to maintain two actions and that their second-filed cases are duplicative of their first-filed cases. Dkt. 14021 at 3.[2] The only issue is whether the Court should dismiss Plaintiffs' first-filed actions, permitting Plaintiffs to evade the Court's choice-of-law ruling, or should dismiss Plaintiffs' second-filed actions, which would prevent such evasion.

3. This is an important issue that the Court should hear on its merits. The reasons that the Court should dismiss the second-filed of each Plaintiff's actions, and not the first-filed, is set out in detail in Cook's Motion and Reply in Support of Motion to Dismiss Duplicative Pleadings, Dkts. 13956 and 14076, and Cook incorporates those arguments here rather than needlessly repeating them.

4. Plaintiff's response to the present motion makes the additional argument that Plaintiffs needed to commence their duplicative actions and dismiss their first-filed actions to "comply" with the Court's order on choice of law. See Dkt 14023 at 4-5 ("the re-filings in NDNY with transfer to this MDL was done to COMPLY with this Court's Order on Choice of Law"). But this argument makes no sense. The Court's choice-of-law ruling held that Indiana choice-of-law rules governed each of the Plaintiffs' first-filed cases. See Dkts. 12931, 13539. Plaintiffs' attempt to dismiss their first-filed actions in favor of duplicative actions filed in New York, with the stated

---

for leave to response, however, the Plaintiffs' Motion to Dismiss Duplicative Filings was granted by the Court.
[2] Given these admissions, Plaintiffs' attempts to distinguish the case law Cook cited in support of the impropriety of duplicative actions, Dkt. 14021 at 4-5, is irrelevant and has no bearing on this motion.

purpose of invoking New York choice-of-law rules, does not "comply" with this Court's ruling; on the contrary, it is an undisguised attempt to circumvent this Court's ruling.[3]  In short, the compelling merits of Cook's position justifies reconsideration here

5.       Plaintiffs do not contest or distinguish the law Cook cites in support of reconsideration, and do not deny that Rule 60(b)(1) gives judges discretion to reconsider decisions. Rule 60(b)(1) states that "[o]n motion and upon *such terms as are just*, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding" based on mistake, inadvertence, or excusable neglect, among other things. (emphasis added)  The Seventh Circuit holds that trial judges are "vested with discretion when determining whether" missing a deadline is "excusable for purposes of Rule 60(b)(1)." *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 363 (7th Cir. 1997).

6.       Cook acknowledges that it inadvertently and mistakenly neglected to docket Plaintiffs' Motion in its internal system, and failed to file a formal opposition to the Motion at issue.  Cook respectfully submits that its neglect is excusable under the circumstances, particularly given (1) Plaintiffs' undisputed knowledge of Cook's actual opposition to the dismissal of the first-filed actions and (2) Cook's filing of a competing motion to dismiss Plaintiffs' second-filed actions ***before*** the Court ruled on Plaintiffs' motion.  Moreover, when the Court issued its Order, Cook *immediately* moved to reconsider that Order.  Cook respectfully submits that its neglect was excusable and has caused no unfair prejudice to Plaintiffs.

---

[3] Indeed, the Court's choice-of-law Order required no "compliance."  It was immediately effective, holding that "foreign cases filed between May 31, 2017 and June 13, 2019 shall be treated as if a direct-filing order had been entered at the time of their filing, and shall be governed by the choice-of-law rule of the Plaintiffs' 'home' jurisdiction." (Dkt. 13539)  Nothing in the Court's Orders required additional "compliance," and Plaintiffs are unable to point to any language that could be "complied with."

7.     In contrast, both Cook and the MDL process will suffer prejudice if the Court denies reconsideration.  Most prominently, denying reconsideration will permit the continued subversion of the Court's orders on choice-of-law.  Plaintiffs' unchecked gamesmanship will permit them to take advantage of New York's statute of limitations, rather than Indiana's as this Court had ruled.  In the larger MDL picture, allowing these Plaintiffs to subvert the Court's order would set up that very same outcome in future cases – other MDL Plaintiffs will assume that they can likewise avoid the Court's orders through the filing of duplicative actions in foreign jurisdictions.  Allowing the dismissals here to stand unchallenged poses a very real risk of opening the floodgates to scores of even hundreds of additional duplicative filings and needless motions to dismiss.

8.     Plaintiffs argue motion practice could have been avoided, and that "Defendants cannot have it both ways" on choice-of-law.  Dkt. 12043 at 5.  Plaintiffs are mistaken.  From the beginning, Cook has insisted on the dismissal of Plaintiffs' *second-filed actions*, not their first-filed actions, as Plaintiffs sought.  This dispute made motion practice inevitable.

WHEREFORE, Cook respectfully asks the Court to grant its motion to reconsider, and hear the parties' motions on their merits, and for all other just and appropriate relief.

Dated: August 24, 2020

Respectfully Submitted,

*/s/ Kip S.M. McDonald*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com
Kip.McDonald@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, a copy of the foregoing Reply in Support of Motion to Reconsider Court's Order Granting Motion to Dismiss Duplicative Filings was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Kip S.M. McDonald*