IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions:

Case Nos.
McCoy, Betty, 1:19-cv-04599
McCoy, Betty, 1:19-cv-06101

## REPLY IN SUPPORT OF
## MOTION TO DISMISS DUPLICATIVE FILINGS

While Plaintiff describes her cases as "unique," the issue they present is not: whether her duplicative complaint should be dismissed. It should be. Plaintiff's arguments to the contrary have no merit. The bulk of Plaintiff's brief rehashes old arguments on direct-filing, choice of law, and remand—all of which the Court has already addressed ad naseum. The Court need not address these issues again. The only argument of any novelty that she raises is that her new complaint should somehow survive under the "relation back" doctrine of Rule 15(c). But that rule applies only to amended complaints, not new complaints filed in a separate case, and even then it only saves claims where the original complaint was timely filed. Here, Plaintiff asks the Court to apply Rule 15 across two separate cases, and in a situation where the original complaint is by her own admission time-barred, something the rules do not allow.

Plaintiff's duplicative complaint needs to be dismissed.

## STATEMENT CLARIFYING TIMELINE

Plaintiff neglected to include certain important events in her chronology. The missing dates are provided below. The most important date Plaintiff left out was **June 13, 2019**, which is when the Court first stated in writing, unequivocally, that there was no direct-filing order in this MDL:

> There is no direct-filing order entered in this case which contemplates that cases filed here directly shall be remanded to the individual plaintiff's home district for trial. Moreover, the parties agree that the Southern District of Indiana is the proper venue under 28 U.S.C. § 1391. Consequently, the court has complete authority over cases originally filed in this court, just as it would over any other case originally filed in this district.

Dkt. 11131, p. 1. In its order of May 29, 2020, the Court established, once and for all, that cases filed after this date—June 13, 2019— are governed by Indiana's choice of law rules. Dkt. 13539. Originally, the cut-off date was October 29, 2019, but pursuant to a request by Cook to reconsider that ruling, the Court moved the date up to June 13, 2019. Importantly, Plaintiffs' Leadership did not object to this request. Dkt. 13539.

Here are the only dates that really matter:

- **October 28, 2016**, the statute of limitations begins to run when Plaintiff experiences sudden, sharp chest pain. Plaintiff admits this. (Dkt. 14054, p. 14)

- **June 13, 2019**, the Court rules that there is no direct-filing order in this MDL. Dkt. 11131, p. 1.

- **September 30, 2019**, Plaintiff files her *first* complaint in the Southern District of Indiana, after Indiana's two-year statute of limitations had expired. *See* Dkt. 1:19-cv-04599. Plaintiff admits this. Dkt. 14054, p. 14.

- **October 30, 2019**, Plaintiff files her *second* complaint in the Western District of North Carolina, also after Indiana's two-year statute of limitations had expired, for the express purpose of avoiding the Court's choice-of-law ruling. *See* Dkt. 1:19-cv-06101.

- **February 27, 2020**, Cook asked Plaintiff to dismiss one of Plaintiff's two duplicate lawsuits. (*See* Exhibit A, p. 4)

2

- **March 2, 2020**, Plaintiff offers to dismiss second lawsuit on the condition that Cook agree she did not waive her Lexecon rights by direct filing her first action in the MDL. (*See* Exhibit A, p. 2)

- **March 17, 2020**, Cook informs counsel that it "cannot agree to anything regarding Lexecon." (*See* Exhibit A, p. 3)

- **May 6, 2020**, Cook follows up with Plaintiff's counsel after both cases remain pending, requesting dismissal of duplicate case. (*See* Exhibit B, p. 2)

- **May 11, 2020**, Plaintiff's counsel recommends the parties "wait to resolve this when and if the Court rules differently than his February 24, 2020 Order." (*See* Exhibit B, p. 1)

- **May 11, 2020**, Cook's counsel disagrees with waiting, stating "[we] do not think it makes sense to put this on hold, as there are still two federal complaints filed on behalf of the same plaintiff. Making the issue, ostensibly, simpler, the later-filed case also appears to be time-barred (filed 10/30/19, SoL running by 10/28/16 at the latest as far as I can tell), and the court's ruling on a direct filing order wouldn't affect that, it is our position that case should be dismissed. Will you please reconsider?" (*See* Exhibit B, p. 1)

- **July 7, 2020**, Cook's counsel emails Plaintiff's counsel requesting – yet again – dismissal: "As you have probably seen, Judge Young reconsidered the order you reference below on May 29 (Dkt. 13539). I have pasted the docket entry below for reference. Will you please let me know by Friday, July 10, if you will be dismissing these cases as a result – they both appear time-barred?" (*See* Exhibit A, p. 2)

3

# ARGUMENT

## I. Plaintiff's attempt to revisit—yet again—the Court's orders on direct-filing and choice-of-law should be rejected.

Plaintiff dedicates more than half of her brief attempting to persuade the Court to reconsider—without explicitly asking the court to reconsider—its rulings on the direct-filing issue that the Court last addressed once and for all only this last spring. Dkt. 14054, pp. 5-14. As the Court is painfully aware, the parties have argued this issue numerous times already. *See, e.g.,* Dkts. 11131, 12256, 12931, 13106, and 13539. And as the Court is also aware, it has made its position on this issue crystal clear: cases filed originally in the MDL between May 31, 2017 and June 13, 2019 are governed by the choice-of-law rules of plaintiffs' respective home states. Dkt. 13539. On the other hand, cases filed originally in the MDL before May 31, 2017 or, importantly here, after June 13, 2019 are governed by the choice-of-law rules of Indiana. At the last hearing on these issues, the Court made quite clear that it did not want to revisit the direct-filing issue again. *See* Exhibit C, Transcript of May 11, 2020 Hearing ("We spent a lot of time on this . . . I don't know how much more time I'm going to spend on this particular thing . . . Just thought I'd throw that out there to give you some indication of my – well, my pique about all this."). Cook therefore has no intention of responding in full here to Plaintiff's arguments on this issue. But in the unlikely event the Court is inclined to reconsider its last ruling on this issue, Cook incorporates by reference all of its prior arguments on this issue. (Dkts. 10786, 13106, 13257, 13315, and 13419)

Suffice it to say here, Plaintiff's first complaint was filed on September 30, 2019—and therefore is governed by *Indiana's* choice-of-law rules. And because Indiana's statute of limitations is procedural, that means *Indiana's* statute of limitations governs. Plaintiff cannot get around this fact by filing an entirely new complaint in a new jurisdiction.

## II. Plaintiff's attempt to game the system and subvert the Court's choice-of-law ruling should be rejected.

Plaintiff readily admits that "a litigant cannot have two separate actions involving the same subject matter." Dkt. 14054, p. 2. She also admits that her second-filed case is duplicative of her first-filed case. Dkt. 14054, pp. 2, 10. The only issue, then, is which complaint should the Court dismiss? Should it dismiss Plaintiff's first-filed case, and thereby permit Plaintiff to evade the Court's choice-of-law ruling? Or should the Court dismiss Plaintiff's second-filed case, and prevent Plaintiff from evading the Court's choice-of-law ruling? The answer is obvious: the Court should dismiss Plaintiff's second, duplicative case.

Plaintiff's sole purpose in filing her second case was to avoid the Court's choice-of-law ruling. *See* Dkt. 14054 ("**[D]ue to the court's order and Plaintiff's desire to have North Carolina choice of law rules apply**, Plaintiff filed her case again in the Western District of North Carolina to ensure that North Carolina law applied to her case." (emphasis added)). Plaintiff likewise admits that she "filed her case again in the Western District of North Carolina to ensure that North Carolina law applied to her case." Dkt. 14054, p. 4. In other words, Plaintiff filed her duplicative action because she wanted the benefit of North Carolina's choice-of-law rules, instead of the Indiana choice-of-law rules, which the Court had ruled applied to her existing action. Plaintiff's duplicate filing is thus openly intended to *evade* the Court's order.

Courts throughout the federal system have consistently rejected attempts like Plaintiff's here to game the system, evade judicial rulings, and expand their legal rights by filing duplicative complaints in other venues. *See, e.g., Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (holding that "plaintiffs may not file duplicative complaints in order to expand their legal rights"); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993); *James v. AT & T Corp.*, 334 F. Supp. 2d 410, 412 (S.D.N.Y. 2004) (collecting cases holding filing a duplicative case to avoid the

5

statute of limitations is improper); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2004 WL 405886, at *16 n. 42 (S.D. Tex. Feb.25, 2004). Courts have taken particular care to prevent plaintiffs from using duplicative complaints to avoid statutes of limitation, as Plaintiff *explicitly* seeks to do here. Indeed, one of the cases Plaintiff herself cites in her response makes clear that "the rules nowhere contemplate the filing of duplicative lawsuits to avoid the statutes [sic] of limitations." *Serlin*, 3 F.3d at 224. Other courts agree that "[f]iling a second identical action is not . . . an appropriate way to gain a more advantageous statute of limitations." *James*, 334 F.Supp.2d at 411-12 (citing *Serlin* in dismissing a second action where "[p]laintiffs have stated that the second action was filed 'for one reason and one reason only,' to take advantage of New York's six year statute of limitations, which is two years longer than the statute of limitations applicable under Texas law"). As another MDL court noted in a similar context, "to permit a plaintiff to file a second suit or a new claim or add a new party in order to circumvent a statute of limitations and expand his legal rights…would create legal chaos." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2004 WL 405886, at *16 n. 42.

Plaintiff unabashedly admits that she filed a duplicative action to take advantage of North Carolina law— "her preferred home jurisdiction for choice-of-law and trial purposes." Dkt. 14054 at 11. This is a bald attempt to use a duplicate lawsuit to circumvent the Court's orders on choice-of-law and to expand Plaintiff's legal rights. The Court should reject it.

### III. The "relation back" doctrine cannot save Plaintiff's second, duplicative action from dismissal.

Plaintiff separately argues that if the Court does not reconsider its choice-of-law ruling, it should allow her new complaint to relate back to the filing of her original complaint. This argument has no basis in law. A separately filed complaint cannot relate back to an earlier complaint arising

6

out of the same set of circumstances because the relation back doctrine applies only to amended complaints, not separate suits.

The Seventh Circuit squarely addressed the application of the relation back doctrine to separate suits in *Bailey v. North Indiana Public Service Company*, 910 F.2d 406, 412-13 (7th Cir. 1990). There the Seventh Circuit summarily dismissed the argument that a claim asserted in a separate suit could relate back to a complaint filed in an earlier suit. *Id.* The court reasoned that because "Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading," separate actions could not benefit from the Rule 15(c) relation back mechanism. *Id.* at 413.

But even assuming the relation back doctrine did apply across cases, it wouldn't help Plaintiff. For the doctrine to apply, the original complaint must itself have been timely filed. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001). Plaintiff's original complaint was not timely; by her own admission, it was *un*timely. Dkt. 14054, p. 16.

So either way the matter is viewed, Rule 15 cannot save this Plaintiff's duplicative complaint from dismissal.

**IV.    As with Plaintiff's request to reconsider the Court's direct-filing and choice-of-law rulings, the Court should deny Plaintiff's request to remand.**

Finally, Plaintiff half-heartedly asks the Court to remand her case to the Western District of North Carolina. Dkt. 14054, pp. 16-17. Recently, however, the Court denied other motions to remand and transfer venue, noting that pretrial proceedings were not yet complete. *See* Dkts. 13924, 13935. Here, Plaintiff offers nothing to distinguish her case from those that the Court just decided were not ripe for remand. *See* Dkt. 14054, p. 17.

What's more, Plaintiff did not object to transfer of this case to the MDL in the first place, thereby waiving the issue. *See In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2570, Dkts. 510, 513, 516 ("MDL 2570"). Cook filed a Notice of Potential Tag-Along action with the Judicial Panel on Multidistrict Litigation on November 20, 2019. MDL 2570, Dkt. 510. The appropriate time to object to transfer of this case to the MDL was at that point, not now. J.P.M.L.R. 7.1(f).

At all events, remand would be futile. It would not make Plaintiff's second-filed case any less duplicative or any less time-barred than Plaintiff already admits that it is.

## CONCLUSION

The Court should dismiss Plaintiff's second, duplicative complaint.

Dated: August 26, 2020

                                          Respectfully Submitted,

                                          */s/ Kip S.M. McDonald*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com
Kip.McDonald@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2020, a copy of the foregoing Reply in Support of Motion to Dismiss Duplicative Filings was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Kip S.M. McDonald*

US.129120752.06