UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to 1:19-cv-02300, Rusty Alto

**COOK DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER**

The Cook Defendants urge the Court to deny Plaintiff Rusty Alto's Motion to Reconsider [Dkt. 14013], which seeks reversal of the Court's **January 7, 2020** denial of Plaintiff's request for voluntary dismissal [Dkt 12638].  This motion continues Plaintiff's attempt to circumvent Cook's Motion for Summary Judgment and his obligations under the Case Management Orders, and to disguise and distract from Plaintiff's counsel's failure to screen this case.  The Court should deny Plaintiff's motion for multiple reasons:

- The Court's denial of Plaintiff's original motion was within its discretion, and Plaintiff does not argue that the Court abused its discretion;

- Plaintiff cites no legal authority in support of his motion;

- Plaintiff fails to meet the standard for reconsideration;

- Plaintiff fails to dispute any of the arguments Cook offered in opposition to his original motion for dismissal [Dkt. 12470]; and

- Plaintiff fails to challenge the substantive grounds for summary judgment against him offered in Cook's original motion for summary judgment [Dkt. 12387].

Providing no other "justification" whatsoever for reconsideration, Plaintiff does not meet his burden, and his request should be denied.

**Argument**

I.  **The Court Properly Denied Plaintiff's Request.**

Plaintiff fails to show that the Court abused its discretion in denying his motion to dismiss, and indeed does not even attempt to do so. A plaintiff has the burden of showing that voluntary dismissal is warranted, and it is within the sound discretion of the Court to deny a plaintiff's request. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). "The language of [Rule 41] provides that dismissal may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *See Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). Plaintiff's present motion makes no attempt to show why voluntary dismissal was warranted in this instance and does not suggest that the Court abused its discretion in denying dismissal.[1] *See* Dkt. 14013. The Court's prior decision should stand.

II. **Plaintiff Cites No Legal Authority to Support His Arguments.**

The Court should also deny Plaintiff's motion to reconsider because he cites no legal authority whatsoever in support of his arguments. A legal argument requires some sort of legal authority to support it; without such authority, the argument fails out of hand. *See, e.g., Dixon v. City of Rockford*, 299 F. App'x 590, 591 (7th Cir. 2008) (dismissing appeal where party's brief cited no legal authority to support arguments); *Indiana Gaming Co., LLC v. Turner*, No. 114CV00172SEBTAB, 2015 WL 13636671, at *1 (S.D. Ind. Apr. 20, 2015) (striking affirmative

---

[1] As Cook cited in its Opposition to Plaintiff's Motion for Voluntary Dismissal [Dkt. 12470], *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969) lays out a non-exhaustive list of factors courts use to evaluate whether to allow dismissal without prejudice. Plaintiff's motion makes no attempt argue the Court should allow dismissal without prejudice for *any* of the reasons laid out in *Pace* and its progeny, and Cook therefore will not revisit those issues here.

- 2 -

defenses where defendants offered no legal authority to support them).  Here, Plaintiff has cited no legal authority in support of his motion for reconsideration, and the Court should reject it.

Plaintiff's reliance on this Court's dismissal of the *Vicki Lynn Anderson* case, Dkt. 1:16-cv-02796, is not a substitute for citation to legal authority.  The Court's dismissal of the *Anderson* case contained no discussion of the Court's reasons for granting dismissal in that case; indeed, the Court simply took the first page of Plaintiff Anderson's motion and affixed the Court's notation that the motion was "APPROVED."  *See* Dkt. 12432 (annotating first page of Dkt. 12428).  Moreover, the Court granted Anderson's motion the day after it was filed, *compare* Dkt. 12432 (11/14/2019) *with* Dkt. 12428 (11/13/2019), before Cook had any opportunity to take a position or oppose the motion.  The mere fact that another Plaintiff received the relief that Plaintiff Alto seeks in a summary order granting an unopposed motion is not authority for granting Plaintiff Alto that relief here.[2]

### III.  Plaintiff has not met the standard for reconsideration.

As noted above, Plaintiff's motion fails to cite the legal standard for the reconsideration he seeks, but he fails to meet that standard in any event.  "A motion for reconsideration serves a **very limited purpose** in federal civil litigation; it should be used only 'to correct manifest errors of law or fact or to present newly discovered evidence.'" (emphasis added) *Budgetel Inns, Inc. v. Micros Sys., Inc.*, 34 F. Supp. 2d 720, 722 (E.D. Wis. 1999) (quoting *Rothwell Cotton Co. v. Rosenthal &*

---

[2] Indeed, as Cook noted in its Reply Memorandum in Support of Omnibus Motion for Summary Judgment in 46 Miscategorized No Injury Cases, Cook expected the Court's decision in this case to inform the resolution of the similar issue in *Anderson*:

> The Anderson case was dismissed without prejudice upon Plaintiff Anderson's own motion that Cook did not join (*see* Dkts. 12428-12429, 12432).  From Cook's perspective, Cook had established grounds for summary judgment in that case for disposition of the matter on the merits.  Cook believes that the substance of this issue will be addressed through the Alto case as presented here and will provide guidance for *Anderson*.

Dkt. 12453, p. 4, n. 3.  The Court has never addressed the merits of the dispute between Cook and Plaintiff Anderson on this issue.

US.129114095.04

*Co.*, 827 F.2d 246, 251 (7th Cir.1987); *Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Although Rule 54(b) holds any nonfinal decision or order is subject to revision at any time before the entry of judgment, "such revisions are discouraged." *Budgetel Inns, Inc.*, 34 F. Supp. 2d at 722. This is because, "[i]n general, a district court's rulings 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure,' and 'ill-founded requests for reconsideration of matters previously decided ... needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again.'" *Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F.Supp.2d 1071, 1074 (S.D.Ill.2006) (quoting *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D.Ill.2002)); *see also Asllani v. Board of Educ. of City of Chicago*, 845 F.Supp. 1209, 1226 (N.D.Ill.1993) (holding that motions for reconsideration "do nothing but express dissatisfaction with a prior ruling and ask the court to change its mind").

"A court has the power to revisit prior decisions of its own ... in any circumstance, although as a rule courts should be loathe to do so in the absence of **extraordinary circumstances** such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)). A court will thus entertain a motion for reconsideration only "when the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not reasoning), where a significant change in the law occurred, or where significant new facts have been discovered." *Nerds on Call, Inc. (Ind.) v. Nerds on Call, Inc. (Cal.)*, 598 F.Supp.2d 913, 916 (S.D. Ind. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*,

906 F.2d 1185, 1191 (7th Cir. 1990)). Such motions "essentially enable[ ] a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). But a motion for reconsideration should not serve as the occasion to tender new legal theories for the first time. *Publishers,* 762 F.2d at 561.

Here, Plaintiff's motion does not even suggest that the Court's decision was "clearly erroneous," that the Court has misunderstood him, or that new law or new facts have arisen.[3] It follows that the Plaintiff has not shown the "extraordinary circumstances" that the law requires. As noted above, Plaintiff does not suggest that the Court did not properly act within its discretion when it denied his original motion either. Rather than seek reconsideration for any particular reason under any particular law, Plaintiff simply points to the separate *Anderson* case and demands identical treatment, without offering either a legal or a logical rationale for such treatment. Plaintiff's general plea for relief utterly fails to justify reconsideration under the applicable standard. No "extraordinary circumstances" exist here.

In particular, any attempt by Plaintiff to rely on the *Anderson* case as providing "new" facts or law would be futile. Plaintiff Anderson filed her Motion to Dismiss on November 13, 2019 [Dkt. 12428], the Court granted the motion on November 14, 2019 [Dkt. 12432], and Cook noted the dismissal in *Anderson* in Cook's Reply Memorandum in Support of Omnibus Motion for Summary Judgment in 46 Miscategorized No Injury Cases on November 18, 2019 [Dkt. 12453]—all more than nine months ago. And the Order that Plaintiff asks the Court to reconsider was issued on January 7, 2020, nearly two months ***after*** the *Anderson* dismissal. Plaintiff offers no

---

[3]

US.129114095.04

explanation for his lengthy delay in seeking reconsideration of the Court's January 7, 2020, Order based on filings in a different case that occurred *before* the Court even issued that Order.

**IV.     Plaintiff Fails to Dispute Any of the Arguments Cook Offered in Opposition to His Original Motion for Dismissal [Dkt. 12470]**

When Plaintiff brought his original motion for dismissal [Dkt. 12386], Cook prepared a robust response pointing out all the flaws and errors in Plaintiff's motion. [Dkt. 12470] The Court expressly based its January 7, 202, Order denying Plaintiff's motion relief on that submission. [Dkt. 12638 ("Having reviewed the parties' submissions, the court finds Plaintiff's motion… should be **DENIED**")]. Yet Plaintiff's motion to reconsider fails to address or even acknowledge any of the Cook arguments on which the Court presumably based its original denial of Plaintiff's motion. Those arguments remain sound, are incorporated herein, and require denial of Plaintiff's motion to reconsider.

**V.     Plaintiff Fails to Challenge the Grounds for Summary Judgment Against Him Offered in Cook's Original Motion for Summary Judgment [Dkt. 11923].**

Finally, the Court should deny Plaintiffs' motion to reconsider because Plaintiff still has presented no substantive opposition to Cook's original motion for summary judgment, the motion that prompted Plaintiff's original motion to dismiss. As Cook argued in that motion, the only "injury" that Plaintiff claims, asymptomatic tilt of his filter, is not a compensable injury under applicable law, and Cook is therefore entitled to summary judgment on Plaintiff's claims. *See* Dkt. 11923; Dkt, 12453 at 3-4. Plaintiff has never disputed either the factual or the legal premises of Cook's argument, and does not challenge them now in his motion for reconsideration.

## CONCLUSION

For the reasons discussed above, the Court should deny Plaintiff's Motion to Reconsider.

                                                  Respectfully submitted,

Dated: August 27, 2020                */s/ Andrea Roberts Pierson*
                                                  Andrea Roberts Pierson (# 18435-49)
                                                  Jessica Benson Cox (# 26259-49)
                                                  FAEGRE DRINKER BIDDLE & REATH LLP
                                                  300 North Meridian Street, Suite 2700
                                                  Indianapolis, Indiana 46204
                                                  Telephone: (317) 237-0300
                                                  Facsimile: (317) 237-1000
                                                  Email: Andrea.Pierson@FaegreDrinker.com
                                                                Jessica.Cox@FaegreDrinker.com

                                                  James Stephen Bennett, Co-Lead Counsel
                                                  FAEGRE DRINKER BIDDLE & REATH LLP
                                                  110 W. Berry Street, Suite 2400
                                                  Fort Wayne, Indiana 46802
                                                  Telephone: (260) 424-8000
                                                  Email: Stephen.Bennett@FaegreDrinker.com

                                                  *Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

US.129114095.04

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

US.129114095.04