UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This document relates to:
 1:17-cv-03916, Sides, Laurie
 1:17-cv-03918, Ward, Lisa
 1:17-cv-04752, Terry, Lydia
 1:18-cv-02053, Brandon, Ralph

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER**

Plaintiffs, Ralph Brandon, Laurie Sides, Lisa Ward, and Lydia Terry ("Plaintiffs") filed a Motion to Reconsider [Dkt. 14034], the previous dismissal of their cases for the failure to submit a Plaintiff Profile Form ("PPF"). (Dkt.11408.) Plaintiffs' Motion asks the Court for relief under no specific authority. The Court should deny Plaintiffs' request for four reasons:

- **Plaintiffs' Motion is untimely.** Federal Rule 60 only allows a motion to be brought no later than one year after the Court's Order. The Court dismissed Plaintiffs' cases on July 19, 2019. **Plaintiffs did not move to vacate the Court's Order until August 18, 2020 – over a year later**. This Court recently denied two similar requests as untimely. (Dkts. 13926 (filed 10 months after dismissal) and 13927 (filed 18 months after dismissal)). Plaintiffs' motion is similarly untimely, and should be denied.

- **Plaintiffs cite virtually no law in support of their Motion.** Plaintiffs, to make a legal argument, must cite legal authority. They have cited virtually no authority and their Motion should be denied.

- **Mistake is not enough.** The Court should not set aside the Order as Rule 60(b)(1)'s extraordinary remedy is not available based on a mere alleged mistake on the part of counsel or failure to diligently complete discovery. Here, Plaintiffs claim that their counsel "recollect[ed]" submitting these PPFs and was "under the impression that these PPFs had been served" is not sufficient to justify an extraordinary remedy per Rule 60(b)(1). (Dkt. 14034, p. 2)

- **Reinstating would be futile.** Reinstating Plaintiffs Sides, Ward, and Terry's cases would be futile. The statutes of limitations in California and Texas bar cases not filed within two years of the discovery of an injury. Further, California and Texas law do not grant a grace period to refile cases dismissed because of negligence in prosecution. Here, Plaintiffs Sides, Ward, and Terry filed their complaints between Oct. 26, 2017 and Dec. 28, 2017, over two and a half years before Plaintiffs moved to set aside the Order. So, their cases would be outside of the two years allowed by California and Texas law to file a case.

Plaintiffs filed their cases on Oct. 26, 2017 (*Sides* and *Ward*), Dec. 28, 2017 (*Terry*), and July 5, 2018 (*Brandon*), respectively. *See* Dkt. 14034, pp. 1-2. On May 6, 2019, Cook served Plaintiffs with deficiency letters for their failure to serve a Plaintiff Profile Form in their cases. Plaintiffs continued to ignore their PPF obligation, and Plaintiffs did not respond to Cook's letter.

As a result, on June 24, 2019, Cook moved to dismiss Plaintiffs' case for failure to comply with the Court's orders. (Dkt. 11227.) Plaintiffs did not respond in any way – and on July 19, 2019, the Court dismissed Plaintiffs' cases. (Dkt. 11408.)

Plaintiffs stayed the course, and continued to do nothing for **over a year** after the court's ruling. Plaintiffs brought the instant motion, making no attempt to explain the various deficiencies outside of a having "direct recollection" of submitting these PPFs and "new filtering rules" which lead to the July 19, 2019 order to be filed in Plaintiffs' "clutter" folder. (Dkt. 14034, pp. 2-3.)

Essentially, Plaintiffs ask for relief from dismissal for failing to provide a plaintiff profile form, despite the fact Plaintiffs acknowledge the fault was purely their own, or at least the fault of their counsel. Plaintiffs did not submit a PPF within the time allowed by CMO No. 4; Cook notified Plaintiffs of their deficiencies, Plaintiffs did not rectify their deficiencies; Cook moved to dismiss the cases; and the Court dismissed Plaintiffs' cases. Plaintiffs' Motion makes no attempt to explain their failure to respond to the Court and to Cook.(Dkt. 14034, p. 2.) Plaintiffs did not respond to Cook's deficiency letter, made no attempt to seek an extension, and filed no response to Cook's motion to dismiss.

The Court properly dismissed Plaintiffs' claims and the Court should deny Plaintiffs' Motion to Reconsider. Plaintiffs' motion fails to meet the standard to the extraordinary relief requested under Rule 60(b)(1). In support of their Motion, Plaintiffs provide virtually no legal support. Further, reinstatement of Plaintiffs Sides, Ward, and Terry's claims would be futile. Their cases are further barred by their respective statutes of limitations, and are not saved by their respective savings statute. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury and product liability actions); Cal. Code Civ. Proc. § 355 ("Cal. Savings Statute" or "CSS"); Tex. Civ. Prac. & Rem. Code § 16.003(a)-(b) (two-year statute of limitations for personal injury and product liability); Tex. Civ. Prac. & Rem. Code § 16.064 ("Texas Savings Statute" or "TSS").

## Argument

### I. The Court properly dismissed Plaintiffs' claims.

Plaintiffs make no attempt to argue dismissal for failure to provide a plaintiff profile form was not proper in the first instance. That fact alone supports denying Plaintiffs' Motion. Federal Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Plaintiffs PPF was due within thirty days of filing a case in the MDL. (Dkt. 4226, Third Amended Case Management Order No. 4). Plaintiff had instituted a suit against Cook for over a year, some more than that, before Cook filed its Motion to Dismiss for failing to serve a PPF. Yet Plaintiffs in all that time had not complied with CMO No. 4. Cook sent each Plaintiff a deficiency letter, Plaintiffs did not respond to Cook's deficiency letters, Plaintiffs made no attempt to seek an extension, and Plaintiffs filed no response to Cook's motion to dismiss. As a result, the Court properly dismissed Plaintiffs' Complaint.

### II. Plaintiffs cite no legal authority to support their arguments.

US.129114742

The Court should also deny Plaintiffs' Motion because they cite no legal authority whatsoever in support of their arguments. A legal argument requires some sort of legal authority to support it; without such authority, the argument fails out of hand. *See, e.g., Dixon v. City of Rockford*, 299 F. App'x 590, 591 (7th Cir. 2008) (dismissing appeal where party's brief cited no legal authority to support arguments); *Indiana Gaming Co., LLC v. Turner*, No. 1:14-cv-00172-SEB-TAB, 2015 WL 13636671, at *1 (S.D. Ind. Apr. 20, 2015) (striking affirmative defenses where defendants offered no legal authority to support them). Here, Plaintiffs have cited virtually no legal authority in support of their Motion, and the Court should reject it.

**III.   Plaintiffs have not shown they are entitled to the extraordinary relief provided by Rule 60(b)(1) and the Court should not set aside its Order.**

Plaintiffs make no attempt whatsoever to identify any legal authority supporting reconsideration, or even identify a Rule under which Plaintiffs bring their motion. Cook assumes Plaintiffs bring their motion under Federal Rule of Civil Procedure 60(b). However, pursuant to Rule 60(c)(1), "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3**) no more than a year after the entry of the judgment** or order or the date of the proceeding." (emphasis added.) Plaintiffs did not bring their Motion until more than a year after dismissal.

Even if their Motion was timely, Plaintiffs do not meet the extraordinary standard required for Rule 60 relief. (*See, e.g.,* Dkt. 13926, Court's Order Denying Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Produce Plaintiff Profile Form (denying reconsideration after 18 months, holding the request "not fair to the Cook Defendants and not fair to the court."); Dkt. 13927, Court's Order Denying Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Case

US.129114742

Categorization Form (denying reconsideration after 10 months, holding "the court tries its best to be fair, but 10 months is simply inexcusable.")).

      A.      **The proper procedural vehicle to address Plaintiffs' Motion is Rule 60(b).**

Although Plaintiffs do not specify any rule or authority under which to bring their Motion, Cook assume their request is brought under Rule 60(b) because the proper procedural vehicle to address Plaintiffs' request is Rule 60(b), which governs requests to vacate an order. Rule 60(b)'s bar is high: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015). Indeed, even where a lawyer's actions may be negligent or worse, the lawyer's errors are imputed to the party (under principles of agency law) and are not permitted to burden the opposing party. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

In their Motion, Plaintiffs do not specify what Rule their motion is brought pursuant to, and the only justification for their delay is Plaintiffs' counsels' "direct recollection" and "impression" that the PPFs had been served. *See* Dkt. 14034 at 2. "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing a Rule 60(b) motion premised on excusable neglect, "the most important consideration is 'the reason for the delay'"; if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

**B. Plaintiffs' Motion is untimely and should be denied on that basis alone.**

Under Rule 60(c)(1) "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *See also Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 371 F.3d 950, 952 (7th Cir. 2004) ("Motions brought under subsections one, two, or three of Rule 60(b) must be brought not more than one year after the judgment, order, or proceeding was entered or taken.") (internal citations and quotations omitted). The Court dismissed Plaintiffs' cases on July 19, 2019. (Dkt. 11408.) Plaintiffs brought the instant motion to reconsider that order on August 18, 2020. (Dkt. 14034.) It follows that Plaintiffs brought their motion more than a year after the

Court dismissed their cases, and their Motion is untimely. As a result, the Court should deny Plaintiffs' Motion.

### C. Rule 60(b)(1) relief based on "excusable error" or "excusable neglect" is available only in exceptional circumstances.

While Plaintiffs' Motion to Reconsider makes no attempt to specify the legal grounds for Rule 60(b) relief they allege, as explained below, it appears that Plaintiffs seek relief because of "excusable error" or "excusable neglect." Rule 60(b)(1) does not provide relief for counsel's neglect: "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted). Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989). Accordingly, "some justification for the error beyond failure to exercise due care must be shown." *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982)). Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015). Even in situations where a lawyer's actions may be negligent or worse, the errors are imputed to the party (under principles of agency law) rather than burdening the opposing party in litigation. *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

US.129114742

While Plaintiffs do not specify in their Motion that it is brought under Rule 60(b), Cook assumes it was. Plaintiffs offered no explanation for their failures. Instead, counsel states he "could have sworn" he complied with the case management orders – ignoring the complete failure to respond to Cook's deficiency letter and, later, Cook's motion to dismiss. (*See* Dkt. 14034, pp. 2-3.) Instead, Plaintiffs argue that there will be little "prejudice" to Cook if this Motion is granted.[1] (Dkt. 13024, pp. 3-4.) Given Plaintiffs do not meaningfully allege mistake, inadvertence, surprise, newly discovered evidence, fraud, that a judgment is void, or that a judgment has been satisfied, the only possible avenue Plaintiffs seek is relief due to "excusable error." (*See id.*, pp. 2-3.) "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing Rule 60(b) claims premised on excusable neglect, "the most important consideration is 'the reason for the delay'" and if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

### D. Plaintiffs' desire to simply overlook their failure to comply with the Court's order or respond in any way does not justify extraordinary relief under Rule 60(b)(1), and are not "exceptional circumstances."

---

[1] Plaintiffs' argument ignores that the Court spent considerable time and effort to work with the MDL leadership to outline the obligations of the parties in Case Management Orders. The Court has also made clear the obligations of the parties with respect to Plaintiff Profile Forms.

- 8 -

US.129114742

Even if the Court overlooked the fact that Plaintiffs' motion is untimely, Plaintiffs gloss over their failures, including completely neglecting CMO No. 4. Although Plaintiffs make no attempt to argue that they have brought their motion under any rule or authority and, as a result, make no attempt to argue "exceptional circumstances," it is clear their cases do not meet the high bar established by case law. Plaintiffs do not establish a "good reason for missing the deadline." *Knapp*, 322 F.R.D. at 320.

First, Plaintiffs, impliedly, assume no responsibility, and instead place any potential fault on Plaintiffs' counsel. Plaintiffs cannot hide behind their counsel to escape the consequences of their failure to comply with the Court's Order and their failure to prosecute their cases without showing a "good reason for missing the deadline." No such reason has been shown.

Second, an MDL Plaintiff has a duty to comply with Court Orders. Indeed, Plaintiffs do not deny knowing of the responsibility to submit a Plaintiff Profile Form for cases filed in the MDL. Plaintiffs do not dispute that Cook properly served Plaintiffs by filing electronically in the master docket or that ECF notices were sent to counsel that registered for electronic service as required by the Court. Plaintiffs do not dispute knowing the consequences for noncompliance under the Court's Order either. Simply put, Plaintiffs have no reasonable explanation for failing to comply, or at a minimum communicating with the Court or Cook counsel.

Plaintiffs failed to provide a reasonable or excusable explanation for their failure to submit a Plaintiff Profile Form. Rule 60(b) relief is an "extraordinary remedy [reserved for] exceptional circumstances," *Dickerson*, 32 F.3d at 1116, and as the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such an exceptional remedy. Simply put, errors of counsel are imputed

- 9 -

to the party by operation of agency law and are not to be borne by the opposing party – i.e., Cook. *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.

Plaintiffs have failed to establish that their case qualifies for relief under Rule 60(b)(1), and the Court should deny their Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

IV. **Reinstatement would be futile because the Plaintiffs Sides, Ward and Terry's claims are barred by the California and Texas statute of limitations.**[2]

The Court should deny Plaintiffs Sides, Ward and Terry's Motion on the ground of futility because they would be barred in asserting any claims against Cook Defendants by the statute of limitations. *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir. 1973) (noting the "salutary rule that a 60(b) motion should be buttressed by a showing of the existence of a meritorious claim or defense"). Plaintiffs Sides and Terry reside in California while Plaintiff Ward resides in Texas. Both the California and Texas statute of limitations require that claims based on personal injury or product liability be filed **within two years** after the cause of action accrues. Cal. Civ. Proc. Code § 335.1; Tex. Civ. Prac. & Rem. Code § 16.003(a)-(b). Even assuming the statute of limitations did not accrue until Plaintiffs Sides, Ward and Terry filed their original complaints – between Oct. 26, 2017 and Dec. 28, 2017 – the statute of limitations of these states all bar these Plaintiffs' claims. Here, Plaintiffs Sides, Ward and Terry's claims could not have accrued later than Dec. 28, 2017, when Plaintiff Terry filed her original Complaint. Plaintiffs Sides, Ward and Terry did move to reinstate this action until August 18, 2020, more than two and a half years later. Therefore, the California and Texas statute of limitations bar Plaintiffs Sides, Ward and Terry's claims.

---

[2] The Court ordered, in part, that cases filed outside of the period between May 31, 2017 and June 13, 2020, are not treated as if a direct-filing order has been entered. (Dkt. 13539.) As a result, Plaintiffs' home-state choice-of-law rules and statutes of limitations apply.

**V.      Reinstatement would be futile because the Plaintiffs Sides, Ward and Terry's barred claims are not saved by either the California nor the Texas Savings Statutes and Plaintiffs' Motion demonstrates negligence in the prosecution.**

Cook anticipates that Plaintiffs Sides, Ward, and Terry may argue in reply that their claims are saved by either the California Savings Statute ("CSS") or the Texas Savings Statute ("TSS"). Cal. Code Civ. Proc. § 355; Tex. Civ. Prac. & Rem. Code § 16.064. This argument fails because neither the CSS nor the TSS applies under the circumstances here. The CSS provides a one-year window to re-file if a judgment for plaintiff is "reversed on appeal other than on the merits." Cal. Code Civ. Proc. § 355[3]; *see also Hull v. Cent. Pathology Serv. Med. Clinic,* 28 Cal. App. 4th 1328, 1334, 34 Cal. Rptr. 2d 175, 178 (1994) (finding Plaintiff did not satisfy section 355 requirements where she "fail[ed] to comply with the time limits" of her claim). The TSS permits a party to refile or reinstate an action within six months after it is dismissed and to calculate compliance with the statute of limitations based on the commencement date of the dismissed action rather than the new action. Tex. Civ. Prac. & Rem. § 16.064. The statute only applies where dismissal was "because of lack of jurisdiction in the trial court where the action was first filed."[4] *Id.; Drake v. Consumers Cty. Mut. Ins.,* 2015 WL 2182682, at *8 (Tex. App. May 8, 2015) (holding Texas statute of limitations was not tolled by pendency of federal lawsuit and barred claims because lawsuit was not dismissed for lack of jurisdiction, but rather on Plaintiff's failure to comply with the Court's Orders).

---

[3] In full, the California Savings Statute states as follows: "If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal other than on the merits, a new action may be commenced within one year after the reversal."
[4] In full, the Texas Savings Statute states as follows:
(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

US.129114742

Here, the Plaintiffs Sides, Ward, and Terry's cases were dismissed over **a year ago.** For that reason alone the CSS and TSS would not save Plaintiffs' claims. Further, their cases were dismissed due to negligence in the prosecution of their cases and failing to comply with the Court's Order. Despite counsel knowing of the obligation to submit a Plaintiff Profile Form in each case, being notified of this failure, and of Cook's motion to dismiss, Plaintiffs failed to submit a Plaintiff Profile Form in any of their cases. In addition, Plaintiffs waited more than a year after the Court's dismissal based on that failure to move to reconsider the Order. Plaintiffs provided no explanation or justification for their failures – or for ignoring the Court's order. Indeed, the only reasonable explanation for Plaintiffs' case being dismissed in the first place is that Plaintiffs neglected their cases. Notably, these Plaintiffs cases were *not* (1) reversed on appeal nor (2) dismissed for lack of jurisdiction. As a result, neither CSS nor TSS applies and they do not shield Plaintiffs Sides, Ward, and Terry's from the California or Texas statute of limitations.

US.129114742

## CONCLUSION

Plaintiffs' Motion is untimely, and should be denied on that ground alone. Even if it were timely, Plaintiffs provide virtually no legal support for their Motion. Further, Plaintiffs did not make the requisite showing to justify the extraordinary remedy offered by Rule 60(b), and offered no justification whatsoever – legal or otherwise. Plaintiffs Sides, Ward, and Terry's cases are barred by the statute of limitations and therefore reinstatement would be futile.

The Court should deny Plaintiffs' Motion.


Dated: August 28, 2020

                                    Respectfully Submitted,

/s/ *Kip S.M. McDonald*
Andrea Roberts Pierson
Jessica Benson Cox
Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com
Kip S.M. McDonald@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Kip S.M. McDonald*

US.129114742