**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to the Following Action only:

Gregory Denton, 1:16-cv-01140
Marika Doukas, 1:16-cv-02822
Brian Giddens, 1:16-cv-00996
Sammie Lambert, 1:19-cv-02561
Victoria Looper, 1:16-cv-03510
Madeline and Howard Rosenbluth, 1:16-cv-00474
Steven Sowards, 1:16-cv-02122

**COOK DEFENDANTS' SUPPLEMENTAL MEMORANDUM
PROVIDING MEDICAL RECORDS PURSUANT TO COURT ORDER
AND RESPONDING TO PLAINTIFFS GIDDENS'S AND DENTON'S
<u>ORAL REQUEST FOR ADDITIONAL DISCOVERY</u>**

On July 30, 2020, the Court held oral argument on Cook's motion for summary judgment on the statute of limitations in open removal cases governed by Indiana law. On August 13, 2020, the Court issued an order requiring Cook to provide medical records associated with the motion in six of the seven cases (the "August 13, 2020 Order"). *See* Dkt. 14000. Contemporaneously with this brief, Cook is filing under seal the Case Categorization Forms and categorization medical records requested by the Court.

In addition, at the July 30 hearing, Plaintiffs Giddens and Denton argued for the first time that summary judgment should not be entered in these cases because their physicians and the individual Plaintiffs have not been deposed. *See*, *e.g.*, July 30, 2020 Hearing Tr. p. 76:3-8 ("And we would suggest that the medical records, talking to the doctor, taking our client's deposition

may provide additional evidence which could counteract the motion for summary judgment."); *id.* at 75:10-12 ("What was a doctor telling our client, and no depositions have been taken of my client or of his treating physicians."), attached as **Exhibit A**.  Furthermore, Plaintiff Giddens offered a medical record as a supplemental exhibit pursuant to Rule 56(e) during the hearing. *See id.* at 82:8-83:25 (Plaintiff Gidden's Rule 56(e) argument about his medical record); *see also id.* at 91:10-92:25 (hearing discussion about receiving Plaintiff Gidden's medical record into evidence).

Because Plaintiffs raised the possibility of conducting additional discovery was raised for the first time during the hearing, Cook was unable fully to respond and does so here. Specifically, Rule 56(d) and controlling Seventh Circuit law dictate that a court may not deny a motion for summary judgment based on a stated request for additional discovery unless the party opposing the motion files a Rule 56(d) affidavit contemporaneously with its response.  The requirements for such an affidavit are very specific under Seventh Circuit case law, and Plaintiffs have met none of them.

Cook therefore provides this supplemental memorandum (1) to provide the additional records requested by the Court in its August 13, 2020 Order, and (2) to address the fatal errors in Plaintiffs' oral request for additional discovery.

**I.    Plaintiffs' Categorization Forms and Records Confirm That All Plaintiffs Underwent Open Removal Procedures to Remove Their Filters and That Those Surgeries Occurred More Than 2 Years Before Plaintiffs Filed Their Lawsuits.**

Pursuant to the Court's August 13, 2020 Order directing Cook to file the medical records supporting its pending omnibus motion for summary judgment, the Cook Defendants provide with this filing the categorization forms and all medical records submitted in support of

- 2 -

US.128992422

categorization by these 7 Plaintiffs.[1]  Specifically, the categorization forms and the attendant medical records will be filed contemporaneously under seal in accordance with CMO-7 as **Exhibits B-H**.[2]  Most of the records contain highlighting and marking made by Plaintiffs' counsel as part of the categorization process.  The highlighting in green on certain portions of the records was added by Cook's counsel.

In short, the medical records confirm beyond reasonable debate the two key facts on which Cook's motion for summary judgment rests:  (1) Plaintiffs' filters were surgically removed through open removal procedures[3] and (2) each of their procedures occurred more than 2 years before their respective cases were filed.  Together, as previously argued, these facts establish that Cook is entitled to summary judgment as a matter of law in light of the applicable statute of limitations.

## II. Plaintiffs' Oral Rule 56(d) Request Is Procedurally Inadequate and Substantively Futile.

The burden rests upon Plaintiffs to designate evidence refuting the expiration of the statute of limitations.  *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-24 (1986) (explaining that once the moving party establishes its grounds for summary judgment, the non-moving party must identify evidence demonstrating that a triable issue of fact exists to preclude summary judgment); Fed. R. Civ. P. 56(c).  It is not enough to claim that the "record" is incomplete and

---

[1] Cook notes that medical records for the *Giddens* case were admitted into the record at the hearing and that the Court's order obligated Cook to provide records for the other six cases. *See* Dkt. 14000 at 2. Cook provides the categorization forms and medical records for all 7 cases in the interest of completeness.

[2] The exhibits correspond to the Plaintiffs as follows:  Denton (Exhibit B), Doukas (Exhibit C), Giddens (Exhibit D), Lambert (Exhibit E), Looper (Exhibit F), Rosenbluth (Exhibit G), and Sowards (Exhibit H).

[3] Some of the records describe the procedure as an "exploratory laparotomy."  Merriam-Webster's dictionary defines the medical term "laparotomy" as a "surgical incision of the abdominal wall."  The records confirm that the filters were removed for all 7 Plaintiffs, and Plaintiffs have all categorized their own cases as being open removal cases (Category 7(k)).

- 3 -

additional facts hypothetically could be discovered; a plaintiff must come forward with actual evidence that raises a genuine issue of material fact.  *See id.* at 324 (explaining that plaintiff must "go beyond the pleadings" and establish through admissible evidence "specific facts showing that there is a genuine issue for trial"); *see also*, *e.g.*, *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407-08 (7th Cir. 2009) ("To survive summary judgment, there, there must be evidence on which the jury could reasonably find for the nonmoving party, and the nonmoving party must point to specific facts showing that there is a genuine issue for trial; inferences relying on mere speculation or conjecture will not suffice." (internal citations omitted)).

Plaintiffs' new argument at the July 30, 2020, hearing – that additional discovery is needed before the Court can rule on Cook's summary judgment motion – sounds in Rule 56(d).[4] Rule 56(d) provides:

> (d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)  defer considering the motion or deny it;
>
> (2)  allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)  issue any other appropriate order.

Both the Seventh Circuit and this Court have stressed that a plaintiff asserting the absence of information necessary for summary judgment must make the request in the form of an affidavit. The "nonmoving party's Rule 56(d) affidavit should provide (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful." *Buquer v. City of Indianapolis*, 2012 WL 829666, at *2 (S.D. Ind. March 9,

---

[4] Prior to the 2010 amendments to the Federal Rules, the substantively equivalent provision in the Federal Rules was styled as Rule 56(f).  Some of the cases cited here refer to the rule as 56(f).

2012) (citing multiple cases including *Deere & Co v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006), and *Reed v. Lawrence Chevrolet, Inc.*, 14 F. App'x 679, 685 (7th Cir. 2001)). In other words, an alleged need for additional discovery cannot bar summary judgment where the party opposing the motion fails to provide the required affidavit. *See, e.g., Kallal v. CIBA Vision Corp.*, 779 F.3d 443, 446 (7th Cir. 2015) (affirming denial of Rule 56(d) request because plaintiff failed to file a timely Rule 56(d) affidavit). The Rule 56(d) request must be made no later than the filing of the opposition to the motion for summary judgment.[5] *See Spierer v. Rossman*, 2014 WL 4908023, at *7 (S.D. Ind. Sept. 30, 2014) (holding that the "request for relief under Rule 56(d) was not properly filed because [the plaintiffs] had already responded to Defendants' motion for summary judgment").

Plaintiffs are not entitled to rely on Rule 56(d) to prevent or delay entry of summary judgment here because they have not timely provided ***any*** affidavits regarding the alleged additional discovery they would need, much less affidavits containing the information required by Seventh Circuit law. *See*, *e.g.*, *Buquer*, 2012 WL 829666, at *2 (listing four requirements that a Rule 56(d) affidavit must meet); *Kallal*, 779 F.3d at 446 (7th Cir. 2015) (affirming denial of Rule 56(d) request because the plaintiff's "failed, however, to file a Rule 56(d) affidavit explaining why he needed additional discovery" and "[h]is failure to do so fully justified the district court's ruling." (internal citations omitted)); *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885-86 (7th Cir. 2005) (holding that the district court properly denied a request for additional discovery because it was "based on nothing more than mere speculation and would amount to a fishing expedition").

---

[5] Cook's research suggests that there is some debate by courts about whether the Rule 56(d) request should be made by filing the affidavit with the opposition briefing or by filing a separate motion that attaches the affidavit. *Deere Co.*, 462 F.3d at 706 (describing the proper method for making this request as filing a motion for continuance and attaching an affidavit explaining why additional discovery is necessary). Regardless, Plaintiffs here have done neither.

Moreover, delaying a ruling on the Cook Defendant's motion – which was filed almost a year ago – just to conduct more discovery would be nothing more than a waste of more time. There is no dispute that these Plaintiffs filed their cases more than 2 years after undergoing their open removal surgeries, and Cook has cited multiple cases in its papers explaining that a removal surgery is the outer limit under Indiana law for triggering the statute of limitations in a medical device case. *See* Dkt. 11922 at 9-11 (citing cases such as *Truitt*, *Neuhasuer*, and *Wojcik*, *infra*). As such, deposing additional witnesses would not lead to discovery of evidence that could possibly save their claims. *See Beckman Smith v. OSF Healthcare Sys.*, 933 F3d 859, 866 (7th Cir. 2019) (noting that the "apparent futility of the requested discovery" is a sound reason for denying a Rule 56(d) request even if it is properly supported); *see*, *e.g.*, *Panhandle Eastern Piper Line, Co.*, 2018 WL 1505013, at *2-3 (S.D. Ind. March 27, 2018) (finding multiple problems with an attorney declaration, including that the "only specified reason" for Rule 56(d) relief was the need to depose a witness that would testify to the existence of an oral contract, which could not "save the oral contract from its fate under the statute of frauds").

The bottom line is this:  Plaintiffs have not identified any case where a court applying Indiana law has held that claims brought more than 2 years after the surgical removal of a medical device are not time-barred.  In fact, there are numerous cases to the contrary, including this Court's decision in *Graham* where the Court addressed similar facts under Nebraska law.  *See* Dkt. 5575 ("The injuries described in her Complaint . . . were known to her immediate after her [] surgery."); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (holding a case was time-barred under Indiana and Texas law because "when an IUD is found somewhere in a woman's body where it is not supposed to be – here, Plaintiff's abdomen – and surgery is required to remove it, a diligent individual would know, at the very

least, that there was a 'reasonable probability' that the IUD harmed her and she should therefore make further inquiry to determine her legal rights"); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (holding that statute of limitations accrued in 1976, two years after plaintiff's miscarriage and device removal, not in 1980 when she watched a 60 Minutes episode discussing concerns with the implantable contraceptive device that she had used); *Wojcik v. Almase*, 451 N.E.2d 336, 352 (Ind. Ct. App. 1983) (holding that because "the catheter was inserted and removed between June 26 and September 21, 1978, it would have broken off during that time"). Thus, Plaintiff's last-ditch effort to avoid summary judgment by requesting additional discovery cannot bar the application of Indiana's statute of limitations.

## CONCLUSION

Plaintiffs' untimely and improper oral request to gather additional evidence under Rule 56(d) should be denied, and summary judgment should be granted in favor of Cook.

Respectfully submitted,

Dated: September 4, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2020, a copy of the foregoing **COOK DEFENDANTS' SUPPLEMENTAL MEMORANDUM PROVIDING MEDICAL RECORDS PURSUANT TO COURT ORDER AND RESPONDING TO PLAINTIFFS GIDDENS'S AND DENTON'S ORAL REQUEST FOR ADDITIONAL DISCOVERY** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*

US.128992422