# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL,INC.,   ) CASE NO. 1:14-ml-2570-RLY-TAB
IVC FILTERS MARKETING,       ) MDL No. 2570
SALES PRACTICES AND PRODUCTS ) Evansville, Indiana
LIABILITY LITIGATION         ) Thursday, July 30, 2020
                             ) 1:08 o'clock p.m.


                              Before the
                    HONORABLE RICHARD L. YOUNG


                      TRANSCRIPT OF ORAL ARGUMENT



APPEARANCES:
FOR THE PLAINTIFF        The Nations Law Firm
Eddie Clark Burrage:     By:  Alison L. Divine
                         9703 Richmond Avenue, Suite 200
                         Houston, Texas 77042

FOR THE PLAINTIFF        Baron & Budd, P.C.
Brian Giddens:           By:  Thomas Matthew Sims
                         3102 Oak Lawn Avenue, Suite 1100
                         Dallas, Texas 75219

FOR THE PLAINTIFF        O'Leary, Shelton, Corrigan, Peterson,
Gregory Denton:          Dalton & Quillin
                         By:  James Thomas Corrigan and
                         Michael Joseph Quillin
                         1034 South Brentwood Blvd.
                         Penthouse 1-A
                         St. Louis, Missouri 63117

FOR MDL PLAINTIFFS:      Martin Baughman, PLLC
                         By:  Ben C. Martin
                         3141 Hood Street, Suite 600
                         Dallas, Texas 75219

FOR MDL PLAINTIFFS:      Riley Williams & Piatt, LLC
                         By:  Joseph N. Williams
                         301 Massachusetts Avenue, Suite 300
                         Indianapolis, Indiana 46204
```

```
FOR MDL PLAINTIFFS:      Heaviside Reed Zaic
                         By:  Michael Heaviside (by phone)
                         910 Seventeen Street, NW, Suite 800
                         Washington, DC 20006

FOR MDL PLAINTIFFS:      The Gallagher Law Firm, PLLC
                         By:  Pamela McLemore (by phone)
                         2905 Sackett Street
                         Houston, Texas 77098

FOR THE DEFENDANTS       Faegre Drinker Biddle & Reath LLP
Cook Incorporated,       By:  Andrea Roberts Pierson and
Cook Medical LLC,        James Stephen Bennett and
and William Cook         Jessica Benson Cox (by phone)
Europe ApS:              300 North Meridian Street, Suite 2500
                         Indianapolis, Indiana 46204

COURT REPORTER:          Jean A. Knepley, RDR, CRR, CRC, FCRR
                         46 East Ohio Street, Room 309
                         Indianapolis, Indiana 46204
```

PROCEEDINGS TAKEN BY MACHINE SHORTHAND
COMPUTER-AIDED TRANSCRIPTION

1    Plaintiff or to the nonmoving party, and summary judgment
2    should only be granted if it is supported by the pleadings, the
3    depositions, answers to interrogatories, admissions, or
4    affidavits, so evidence in this case.  What we have here is an
5    affidavit, Exhibit A to their motion, of an associate that
6    worked for the firm who reviewed documents and created a list
7    of dates.
8            And again, as Counsel was saying earlier, those dates
9    are important because you want to understand what was a doctor
10   telling our patients at the time?  What was a doctor telling
11   our client, and no depositions have been taken of my client or
12   of his treating physicians.  No evidence -- his medical records
13   that were referred to, the sheets that they relied upon were
14   not attached as exhibits to the motion for summary judgment.
15           The only evidence that was attached was actually
16   Mr. Denton's affidavit, not Mr. Giddens affidavit to our
17   summary judgment, which is uncontroverted.  So they have failed
18   to meet their burden, and we also argued that this is premature
19   because that evidence hasn't been gone through in this fashion.
20           Essentially, Cook is asking this Court to enter
21   summary judgment, a pretty drastic procedure for a Plaintiff,
22   without adducing any evidence of what was going on with those
23   particular Plaintiffs, asking to lump together.  All these
24   Plaintiffs in this instance -- they are asking today for 11
25   people to have their cases dismissed without looking at them on

1  an individual basis of what was discussed with each individual
2  client.
3       And we would suggest that the medical records, talking
4  to the doctor, taking our client's deposition may provide
5  additional evidence which could counteract the motion for
6  summary judgment.  And it is Cook's burden, not the Plaintiffs'
7  burden at this point, to adduce that evidence at this stage of
8  the case.
9       Interestingly enough, we talked a little bit about
10 what is known to the common person such as Mr. Denton or any
11 other Plaintiff who is receiving these filters at the time they
12 are received, put in place or the time the medical providers
13 are talking to them about the problems that they are having
14 with these filters.  Cook has not conceded to this Court today
15 or any other day that the filters are defective in any way.
16 Cook has not sent out literature to --
17      A VOICE:  A participant has joined the conference.
18      MR. CORRIGAN:  Sorry.  Cook has not sent that
19 information to patients or doctors discussing the problems with
20 their filters.  Cook is sitting here now asking for summary
21 judgment, saying because we can't say the product was
22 defective -- it is only when the removal occurs -- but does not
23 supply the evidence to support that position through the normal
24 rules of summary judgment.
25      The *Nelson* court, as was pointed out earlier, states

1    was planned before the topic of IVC removal came up.  It was an
2    exploratory surgery.  So I think it is a fact specific --
3           THE COURT:  What Ms. Pierson is saying, is there is no
4    evidence in any of your filings about that.
5           MR. SIMS:  I do want to turn to that.
6           THE COURT:  What I have in front of me does not
7    contain that.
8           MR. SIMS:  So I do want to turn to that, Your Honor.
9    We did describe this evidence in our brief.  We did not attach
10   the accompanying record.  It is a single record, and I would
11   like to ask the Court's leave to supply the record pursuant to
12   Rule 56(e), which gives a party an opportunity to properly
13   support or address a fact that is disputed.
14          And I believe there are two reasons why I think the
15   Court, in the interest of justice, should consider granting
16   that request.  The first is that this is the first time Cook
17   has raised this issue.  It was not in their reply brief.  They
18   did not complain that our factual assertions were not
19   supported; and therefore, we couldn't file a sur-reply.  But
20   more fundamentally, the record I am referencing, and it was
21   summarized in our brief, is the same record that was attached
22   to the Case Categorization Form that serves the basis for
23   Cook's summary judgment.
24          So I think it is unfair for a party to rely on a
25   record provided in a summary form and then turn around and say

1  you, Plaintiff, can't point to factual information in that same
2  record.  So we would ask if Cook is going to challenge those
3  assertions and say they are unsupported, we simply supply the
4  record that Cook purportedly summarized in its motion.  We
5  think because this has to do with summary judgment, it is
6  important that a full and fair record be before the Court.
7            THE COURT:  Well, wouldn't it already be in the
8  record?  You can't summarize something that is not in the
9  record.
10           MR. SIMS:  Well, Your Honor, the summary itself, under
11 the rules, has to be based on admissible evidence.
12           THE COURT:  Right.
13           MR. SIMS:  The Case Categorization Form doesn't convey
14 the date of the removal.  That is not in that form.  The Case
15 Categorization Form attaches a document.
16           THE COURT:  Right.
17           MR. SIMS:  Right.  And so I would like this to be part
18 of the record because this is what Cook is relying on.
19           THE COURT:  Well, if they are relying on it and they
20 are referring to it, it has to be admissible.  And it is
21 probably already in the record.
22           MR. SIMS:  It is not, not in this summary judgment
23 motion, Your Honor.  They did not attach it.  So we would ask,
24 again, pursuant to Rule 56, that we be provided the opportunity
25 to make it part of the record.

1  record for this summary judgment is incomplete.  It only has an
2  affidavit from an attorney for Cook who reviewed evidence that
3  they didn't attach.  They didn't attach the 26 medical records,
4  the 26 sheets they relied upon.  They are required to do that
5  under the rules, and they failed to do that.  And on its face,
6  their summary judgment fails for that alone.
7           THE COURT:  Anything further?
8           MS. PIERSON:  Nothing further, Your Honor.  Thank you
9  for your time.
10          MR. SIMS:  Thank you, Your Honor.  We will file
11 something in the record, just depending on how the Court
12 chooses to rule that contains the actual medical record.  Thank
13 you.
14          THE COURT:  All right.  Well, I, I will admit.
15          MR. SIMS:  Okay.  I am sorry?
16          THE COURT:  I will allow it to come in.
17          MR. SIMS:  All right, thank you.
18          THE COURT:  I don't need to read anything more.
19          MR. SIMS:  Okay.  Thank you, Your Honor.
20          MS. PIERSON:  You want to mark it today, Your Honor?
21          THE COURT:  We can.
22          MR. SIMS:  May I approach the clerk, Your Honor?
23          THE COURT:  What do you want to mark it as?
24          MR. SIMS:  I have a couple of copies.
25          THE COURT:  What is the affidavit marked as?

1     MR. SIMS:  I believe it is marked as Exhibit A.  We
2 can call it Exhibit A to our response brief -- or sorry, our
3 opposition, Your Honor?
4     MS. PIERSON:  Wait, wait.
5     THE COURT REPORTER:  I'm sorry, can you put your mic
6 on?
7     MR. SIMS:  Yes, ma'am.
8     MS. PIERSON:  Sorry.  What affidavit are we marking
9 now?
10     MR. SIMS:  We are not marking an affidavit.  I think
11 the Court was inquiring about the Denton affidavit and what
12 that was marked as.
13     MS. PIERSON:  The Denton affidavit is already before
14 the Court, Your Honor, at Docket 12301-1.
15     MR. SIMS:  May I approach the clerk, Your Honor?
16     THE COURT:  Yes.  Mark it, though.  It needs to be
17 marked.  Just write on it.
18     THE CLERK:  I have exhibit stickers if you tell me
19 what you want it marked as.
20     MR. SIMS:  If we could mark it as Gidden Exhibit A.
21 Thank you.
22     *(Gidden Exhibit A was received in evidence.)*
23     THE COURT:  Thank you.  Safe travels.
24     MR. SIMS:  Thank you.
25     MR. CORRIGAN:  Thank you very much, Your Honor.