UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>• Brandon, Ralph, 1:18-cv-02053<br>• Sides, Laurie, 1:17-cv-03916<br>• Ward, Lisa, 1:17-cv-03918<br>• Terry, Lydia, 1:17-cv-04752 | Case No. 1:14-ml-02570-RLY-TAB<br>MDL NO. 2570 |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTFF'S MOTION TO RECONSIDER THE COURT'S JULY 19, 2019 ORDER DISMISSING PLAINTIFFS' CLAIMS FOR FAILURE TO PROVIDE A PLAINTIFF PROFILE SHEET**

Plaintiffs, Ralph Brandon, Laurie Sides, Lisa Ward, and Lydia Terry, by and through their attorneys, offer this reply memorandum in support and respectfully request that this Honorable Court reconsider its dismissal of the above-referenced actions for the reasons below.

**A.   This Court Can grant Relief under Fed. R. Civ. P. 60(b)(1)**

Though Cook indicates that Plaintiff made no request for relief under any particular Rule of Civil Procedure, Plaintiff's arguments indicate that this request was made, at least partially, pursuant to Fed. R. Civ. P. 60(b)(1). (*See* Initial brief, Section A).  The primary thrust of Cook's argument is that Plaintiff's motion pursuant to Fed. R. Civ. P. 60(b)(1) is untimely, given the limitation of one year in the language of the rule.  However, where there was a lack of notice, as here, the Court can grant a motion under 60(b)(1) in its discretion. *See Radack v. Norwegian America Line Agency, Inc*., 318 F.2d 538, 542 (2d Cir. 1963)(Federal district court had power, in exercise of sound discretion, to grant relief to plaintiffs, who moved some 15 months after their

1

action had been dismissed for lack of prosecution, for order vacating such dismissal, where notice of the dismissal had not been sent to Plaintiff's attorneys).

As argued previously, excusable neglect is present here. Upon learning of the Court's dismissal of the instant matter for failure to serve a PPS on August 7, 2020, Plaintiff's counsel took immediate steps to determine what had occurred. As noted previously, these Plaintiffs delivered their PPFs to Plaintiff's counsel in May of 2019, and Plaintiff's counsel was under the impression those PPFs had been served on the defendant on May 24, 2019. (*See* Affirmation of Nicholas R. Farnolo ("Farnolo Aff."), Exhibit B to Dkt. No. 14034, at ¶¶ 2-5). It is unclear why they were not received, but it appears to be some form of technical error. (*Id.* at ¶ 5.)

Cook offers little to argue as to why these showings would not be sufficient under either Rule 60(b)(1) or even Rule 60(b)(6). As to rule 60(b)(1), Plaintiff's counsel has shown excusable neglect regarding the dismissal of these matters. They were received by counsel and believed to have been served in May 2019, and counsel never received notice of the motion or the order until August 2020. Cook has not shown why these reasons would not constitute excusable neglect, and cannot show that these claims do not potentially have merit.

**B.     Fed. R. Civ. P. 60(b)(6) provides this Court Discretion to Reverse its Decision.**

Notably, Counsel also moved for relief under Fed. R. Civ. P. 60(b)(6), though Rule 60(b)(6) was not explicitly cited. (*See* Initial Motion, Section B). Fed. R. Civ. P. 60(b)(6) provides, in pertinent part: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (6) any other reason that justifies relief."

Relief under the "catch all provision" of 60(b)(6) triggers when relief is not available under any other section of Rule 60(b). While the rule provides that "[a] motion under Rule 60(b) must

be made within a reasonable time," there is no express deadline for a Rule 60(b)(6) motion. *Sse* Fed. R. Civ. P. 60(c).[1] Rules 60(b)(1) and 60(b)(6) "are mutually exclusive—Rule 60(b)(6), as a residual catchall, applies only if the other specifically enumerated rules do not." *Pearson*, 893 F.3d at 984 (*citing Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998)); *see also Peacock v. Bd. of School Comm'rs of Indianapolis*, 721 F.2d 210, 214 (7th Cir. 1983) ("'[r]elief under this [60(b)(6) residual clause is available when reasons (1) through (5) are inapplicable, and equitable action is appropriate to accomplish justice. . . [o]r, to put it another way, the movant's reasons under 60(b)(6) must *justify* relief.")

Rule 60(b)(6) "is open-ended and flexible, allowing the Court wide discretion to relieve a party from judgment." *See Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). "As somewhat poetically described by the Second Circuit, '[t]his . . . clause . . . gives the district court a grand reservoir of equitable power to do justice in a particular case.'" See Lim v. Central Dupage Hospital, 1990 U.S. Dist. LEXIS 1932, at * 6 (N.D. Ill. Feb. 22, 1990)(*quoting Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963)); *see also Myers v. State Bmv & Tippecanoe County Circuit Court*, 2020 U.S. Dist. LEXIS 87377, at *11 (N.D. In. May 19, 2020)( [w]hile [Rule 60] is "available only in 'extraordinary circumstances,'" courts may consider "a wide range of factors" to determine if "extraordinary circumstances are present.")(citing *Buck v. Davis,* 137 S. Ct. 759, 777-78 (2017)).

The interests of justice would be served by reconsidering and reversing the July 19, 2019 order dismissing these matters. As indicated in counsel's affirmation, these PPFs were received from the clients and served by Plaintiff's counsel on May 24, 2019. (*See* Farnolo Aff., Exhibit B to Dkt. No. 14034, at ¶¶ 4-5). However, it appears they were never received. These cases were

---

[1] This motion was made within 11 days once the dismissal was discovered.

dismissed and the order was not noted by Plaintiff's counsel because of new email filtering rules to try to better organize the numerous filings of MDL 2570. (*Id.* at ¶¶ 6-7).

Further as argued initially, allowing these dismissals to stand would be to punish the Plaintiffs themselves, rather than Plaintiff's counsel. The Plaintiffs were diligent and conscientious in returning their profile forms, and if there was any error made, it should not be fatal to Plaintiffs' varying claims.[2] When balancing harm to the parties, upholding the dismissal of Plaintiffs' claims with prejudice would far outweigh any possible prejudice caused to the Defendants by the delay in receipt of the PPS form in this specific case. These matters are not set for trial and have not been included in the Bellwether selection process. Therefore, granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendant.

In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, "the risk of injustice to the parties . . . ." *Buck,* 137 S. Ct. at 778 (*citing Liljeberg v. Health Services Acquisition Corp*., 486 U. S. 847, 863-864 (1988)).

But injustice is what these plaintiffs would suffer if their matters are not reinstated. The Plaintiffs are not at fault here, and Plaintiffs' counsel would respectfully request that they not be prejudiced for any possible errors of Plaintiff's counsel, even if those errors were inadvertent. Mr. Brandon, Ms. Sides, Ms. Ward, and Ms. Terry have diligently pursued their matters and have been responsive and involved Plaintiffs. These plaintiffs submitted their profile forms, even if they were not received due to some technical error or error on part of counsel, and their matters should be restored and allowed to proceed on the merits. *See A.F. Dormeyer Co. v. M.J. Sales & Dsitrib.*

---

[2] These PPFs are available for review *in camera* by the Court if the Court wishes to see it. However, because the letter communications with Plaintiffs and your undersigned contains privileged communication, the PPFs and their mailing cannot be posted on the public MDL docket.

*Co.,* 461 F.2d 40, 43 (7th Cir. 1972)("the philosophy of modern federal procedure favors trials on the merits[.]") [3] All of this are factors the court may consider here, and all of the above is sufficient to meet the burden of Rule 60(b)(6).

Further, Cook will suffer little to no prejudice if this motion is granted, as they have been aware of the medical and substantive details of these matters and have received medical records via the categorization form but did not indicate they were interested in choosing these cases as a bellwether selection. Indeed, Cook had enough information to raise the issue of statute of limitations in its opposition to this claim, which is addressed below. The point, however, is that Cook certainly has had the core medical and factual information on these matters and has for some time. Thus, prejudice to Cook would be minimal if this motion is granted.

### C. Reinstatement Would not be Futile

Finally, Cook argues that reinstatement of three of the matters—Terry, Ward, and Sides—would be futile. This is incorrect. All three have potentially viable matters. As indicated in Plaintiff's initial motion, all three Plaintiffs mentioned here reside in states with a discovery rule: Ms. Laurie Sides[4] and Lydia Terry are residents of California,[5] Ms. Lisa Ward is a resident of

---

[3] Nor is this an attempt at a "stealth" appeal, which is not allowed under Rule 60(b)(6). *See Myers, supra,* at *12 ("Arguments such as these that could have been raised on direct appeal do not constitute "'extraordinary circumstances' that might warrant relief under Rule 60(b)(6)).

[4] Illinois features a discovery rule in product liability matters. *See Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 415, 430 N.E.2d 976, 58 Ill. Dec. 725 ("The discovery rule delays the commencement of the relevant statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused.")

[5] California jurisprudence maintains a clear discovery rule relating to the statute of limitations. *See Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008)("the delayed discovery rule may be invoked to toll the statute of limitations until "the plaintiff knows both the existence and cause of his injury"); *see also Darringer v. Intuitive Surgical, Inc.*, 2015 U.S. Dist. LEXIS 150543, at *11-12 (N.D. Cal. Nov. 4, 2015)("The question when a plaintiff actually discovered or reasonably should have discovered the facts for purposes of the delayed discovery rule is a question of fact unless the evidence can support only one reasonable conclusion.")

Illinois.  Ralph Brandon resided at all relevant times in Florida, but Defendants make no statute of limitations argument regarding Mr. Ralph Brandon.

Defendants cannot make any argument that would conclusively establish a statute of limitations defense in the limited context of this motion.  In sum, there is no summary finding that the Court can or should make regarding the statute of limitations on Terry, Ward, or Sides without further evidence in the record.

WHEREFORE, for all the reasons above, Plaintiffs would respectfully request that the Court reconsider and vacate the dismissal of the above matters and restore them to active status for resolution on the merits, or, in the alternative, to dismiss them without prejudice.

Dated:  September 4, 2020

        NAPOLI SHKOLNIK PLLC

        By: /s/*Nicholas Farnolo*
            Nicholas Farnolo
            400 Broadhollow Road
            Melville, New York 11747
            (212) 397-1000
            *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 4th day of September 2020, a true and correct copy of the foregoing is being electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on all counsel, in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system.

      By: /s/*Nicholas Farnolo*