IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB<br>MDL NO. 2570 |

This Document Relates to:
1:18-cv-002272

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT COOK'S MOTION FOR JUDGMENT ON THE
PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON)**

**Introduction and Summary of Argument**

Plaintiff Leroy Palmer ("Plaintiff"), by counsel, files this Response in Opposition to Defendant Cook's Motion for Judgment on the Pleadings on Statute of Repose Grounds (Oregon) and, in support thereof, states as follows:

First, Defendants Motion should be denied because Plaintiff's Unfair Trade Practices Act (UTPA) claim is not subject to Oregon's statute of repose for "product liability civil actions" as defined under O.R.S. 30.900, and Plaintiff filed his UTPA claim within the applicable limitation period. Oregon courts are clear that "a claim…based on a product defect or failure under O.R.S. 30.900 is not always readily discernable," and, therefore, courts must look beyond the statute to the operative facts in determining the governing law. *Weston v. Camp's Lumber & Bldg. Supply, Inc.*, 205 Or. App. 347, 356 (2006). Regarding the UTPA specifically, the *Weston* court concluded that the operative facts for UTPA claims arise out of "consumer misrepresentation," not a product defect or failure, and such claims are *not* subject to a repose. *Id.* at 359.

Plaintiff's UTPA claim, instead, is subject to the limitation period set forth under the UTPA—one year from the plaintiff's discovery of the defendant's consumer misrepresentation. O.R.S. 646.638(6).  Plaintiff's IVC filter was placed in 2004 after Plaintiff, at age 30, suffered a traumatic cervical spine injury and quadriplegia.  However, <u>Plaintiff did not learn that his IVC filter, which subsequently became bent and displaced, was manufactured by Defendant Cook until after July 28, 2017</u>, after obtaining a copy of his medical records.  *See* Affidavit of Angel Dorsey.  Because Plaintiff did not learn that Defendant Cook manufactured his IVC filter until after July 28, 2017, he could not possibly have discovered Defendant Cook's consumer misrepresentation until after July 28, 2017, less than a year prior to filing his claim, on July 25, 2018.  Thus, Plaintiff filed his UTPA claim within the statute of limitations.  For this reason, Defendants' Motion should be denied as to Plaintiff's UTPA claim.

Second, Defendants' Motion should be denied because Plaintiff was prevented from discovering his remaining causes of action by Defendant's affirmative fraudulent concealment. Defendant overtly advertised Cook's IVC filters as being of a particular standard, quality, or grade that they were not, all the while plainly knowing and *fraudulently concealing* that its filters were defective and dangerous.  *In re:  Cook Medical, Inc. IVC Filters Marketing, Sales Practices and Prods. Liab. Litig.*, Master Consolidated Complaint for Individual Claims, No. 1:14-ml-2570-RLY-TAB, MDL No. 2570, ¶¶ 112-116 (Jan. 30, 2015).  Because <u>Plaintiff did not even learn that Defendant Cook manufactured his IVC filter until after July 28, 2017</u>, he could not have discovered Defendant Cook's fraudulent concealment until after July 28, 2017.  Since, as noted above, the complaint was filed on July 25, 2018, it was filed within the two-year statute of limitations for such claims.  For this reason, too, Defendant Cook's Motion should be denied.

Last, Defendant Cook's motion is styled as a motion for judgment on the pleadings. As such, the motion should be treated as a motion for summary judgment to the extent that any material facts remain in question, as is the case here. *See* Fed. R. Civ. P. 12(c). For the reasons detailed below and based on the facts detailed in the attached affidavit, a motion for summary judgment should be denied because, Defendant Cook is not entitled to judgment as a matter of law. "A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (1987); *see also Flora v. Home Fed. Savings & Loan Ass'n.*, 685 F.2d 209, 211 (7th Cir. 1982). When deciding a motion on the pleadings, the court "must view the facts in the light most favorable to the nonmoving party." *Karaganis*, 811 F.2d at 358 (*citing Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 177 n.2 (7th Cir. 1986).

Defendants are not entitled to a judgment on the pleadings. Their motion should be treated as a motion for summary judgment, and denied for the reasons detailed below.

### I. Plaintiff's UTPA Claim Survives Under Oregon Law

Plaintiff's UTPA (Unlawful Trade Practices Act) claim survives Defendant's motion for judgment on the pleadings because the statute of repose for "product liability civil actions" does not apply to Plaintiff's UTPA claim and because Plaintiff filed his UTPA claim within the relevant limitation period.

**A. Oregon's UTPA Limitation Period Applies to Plaintiff's UTPA Claim**

The definition of "product liability civil action," set forth in O.R.S. 30.900 and applicable to the statute of repose for such actions under O.R.S. 30.905, states as follows:

> As used in ORS 30.900 ("Product liability civil action" defined) to 30.920 (When seller or less or of product liable), "product liability civil action" means a civil action brought against a manufacturer, distributor, seller, or lessor of a product for damages for personal injury, death or property damage arising out of: (1) any design, inspection, testing, manufacturing, or other defect in a product; (2) any failure to warn regarding a product; or (3) any failure to properly instruct in the use of a product.

O.R.S. 30.900.

In determining whether a product liability claim arises out of a defect or failure within the meaning of O.R.S. 30.900, and is consequently subject to the statute of repose, <u>Oregon courts look to the alleged operative facts to determine the "gravamen or predominant characteristic of the claim."</u> *Weston v. Camp's Lumber & Bldg. Supply, Inc.*, 205 Or.App. 347, 356 (2006); *Simonsen v. Ford Motor Co.*, 196 Or. App. 460 (2004). "A 'predominant' characteristic assumes that other characteristics exist, but that there is one characteristic that is the most significant or dominant in the claim." *Weston*, 205 Or.App. at 356.

In *Weston*, <u>the Oregon Court of Appeals held that the plaintiffs' UTPA (Unlawful Trade Practices Act) claim was not subject to the product liability statute and its repose</u>. Under the UTPA, a defendant's deceptive sales or business practices are the predominant, operative facts underlying a claim. *See* O.R.S. §§ 646.605-646.656.[1] In *Weston*, the plaintiffs alleged that the defendant "misrepresented" product characteristics, benefits, and qualities and "fail[ed] to disclose" "any known material defect or material nonconformity" of the product. *Weston*, 205 Or.App. at 359. The *Weston* court accordingly found that the plaintiffs' UTPA claim was "not based on a product defect, but on an alleged 'consumer misrepresentation.'" *Id*.

---

[1] *See also* Oregon Legislature, *The Unlawful Trade Practices Act* (Sept. 2014), *available at*: https://www.oregonlegislature.gov/lpro/Publications/BB2014UnlawfulTradePracticesAct.pdf.

Plaintiff's UTPA claim here is no different; Plaintiff alleges operative facts amounting to "consumer misrepresentation"; Plaintiff does not allege a product defect or failure claim. In the Complaint of this matter, Plaintiff specifically pled that "Defendants engaged in unfair, unconscionable, deceptive, fraudulent and misleading acts or practices" and that, "[t]hrough [their] false, untrue and misleading promotion of Cook's IVC filters, Defendants induced Plaintiffs to purchase and/or pay for the purchase of Cook's IVC filters." *In re: Cook Medical, Inc. IVC Filters Marketing, Sales Practices and Prods. Liab. Litig.*, Master Consolidated Complaint for Individual Claims, No. 1:14-ml-2570-RLY-TAB, MDL No. 2570, ¶¶ 112-115 (Jan. 30, 2015). Plaintiff further alleged "consumer misrepresentation" arising out of the following operative facts:

> Defendants misrepresented the alleged benefits and characteristics of Cook's IVC Filters; suppressed, omitted, concealed, and failed to disclose material information concerning adverse effects of Cook's IVC Filters; misrepresented the quality and efficacy of Cook's IVC Filters as compared to much lower-cost alternatives; misrepresented and advertised that Cook's IVC filters were of a particular standard, quality, or grade that they were not; misrepresented Cook's IVC Filters in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiffs would have opted for an alternative IVC Filter or method of preventing pulmonary emboli.

*Id.* at ¶ 116.

The gravamen of plaintiffs' UTPA claim is that the Cook defendants made representations or omissions that violated specific provisions of O.R.S. 646.605, *et seq*. As explained by the *Weston* court, and equally applicable here, the factual allegations are "directed at elements of a claim created by the legislature under the UTPA to protect against a particular type of conduct, *i.e.*, willful misrepresentation concerning consumer goods." Because the predominant characteristic of Plaintiff's claim is willful misrepresentation concerning consumer goods, Plaintiff's UTPA claim is "not governed by the limitation periods in ORS 30.905. Rather, plaintiff's UTPA claim is governed by ORS 646.638(6)." *See Weston*, 205 Or.App. at 359-60.

### B. Plaintiff Timely Filed His UTPA Claim

Under ORS 646.638(6), a plaintiff may bring a UTPA claim "within one year after the discovery of the unlawful method, act, or practice." O.R.S 646.638(6).

Plaintiff, Leroy Palmer, received a Cook Gunther Tulip Filter implant after suffering a cervical spine injury and quadriplegia in 2004, at thirty years old. The filter subsequently became bent and displaced so that it was touching the wall of Plaintiff's aorta. Prior to July 28, 2017, Plaintiff was aware that he had an implanted filter, but he did not know that the filter was manufactured by Defendant Cook nor that the model was Defendant Cook's Gunther Tulip.

<u>Plaintiff did not learn of Cook's consumer misrepresentation and his potential claim under the Unlawful Trade Practices Act until after July 28, 2017, within one year of filing his complaint on July 25, 2018</u>. Accordingly, Plaintiff's complaint was filed within Oregon's one-year statute of limitations for UTPA claims.

More specifically, Plaintiff retained the Hausfeld law firm to investigate *all* potential claims on June 1, 2017. *See* Affidavit of Angel Dorsey. Plaintiff did not learn of the manufacturer or filter type until after his medical records, including product identification information, were received by his attorney's office on July 28, 2017. *Id.* Plaintiff could not have learned of Defendant Cook's willful, consumer misrepresentation until after he learned that Cook was the manufacturer of his implanted filter (which occurred after July 28, 2017). This was less than one year prior to filing his complaint. Because Plaintiff filed his UTPA claim within one-year of discovering his UTPA claim, Defendant Cook's Motion for Judgment on the Pleadings with respect to Plaintiff's UTPA claim should be denied.

## II. Plaintiff's "Product Liability Civil Actions" Survive Under Oregon's Lookout Statute and Indiana Law

Plaintiff agrees with Defendant that his "product liability civil actions," as defined by O.R.S. 30.900, are subject to Indiana law by way of Oregon's "look out" provision. As such, Plaintiff's strict products liability, negligence, and breach of warranty claims are subject to Indiana's statute of repose law, including tolling for fraudulent concealment.

### A. Plaintiff's Product Liability Claims Were Tolled By Fraudulent Concealment

Under Indiana law, limitation periods are tolled by fraudulent concealment when a defendant conceals material facts that prevent the plaintiff from discovering a cause of action. *Lyons v. Richmond County Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014). "To invoke the doctrine where no fiduciary relationship exists between the parties…a plaintiff must show that the wrongdoer was not simply silent but committed affirmative acts designed to conceal the cause of action." Horn v. A.O. Smith Corp., 50 F.3d 1365, 1372 (7th Cir. 1995).

Defendants point to this Court's recent decision in *McDermitt* to support their argument that Plaintiff's claims are barred by Indiana's statute of repose. Cook Defendants' Motion for Judgment on the Pleadings on Statute of Repose Grounds (Oregon), at 1. However, the case at bar can be distinguished from *McDermitt*. As the Court pointed out in *McDermitt*, the *McDermitt* plaintiff failed to set forth the Defendant's "affirmative" conduct giving rise to fraudulent concealment. Notwithstanding, Defendants did act to conceal the inherent dangers and defects in their IVC Filters, with the expectation that Plaintiff and his doctor would rely on such affirmative conduct and Defendants would profit and avoid litigation.

In the present case, Plaintiff alleged material and affirmative facts concealed by Defendant Cook that prevented Plaintiff and his doctors from discovering the Gunther Tulip filter's defects and heightened dangers and Defendant Cook's liability for such defects and dangers. Specifically,

- 7 -

Plaintiff alleged that Defendants "continued to affirmatively promote their IVC Filters as safe and effective," including "as safe and effective as their predicate device," *after* "Defendants knew or should have known of the risk of injuries from use" and even *after* Defendants "acquired additional knowledge and information confirming the defective and dangerous nature of [their] IVC Filters." *In re: Cook Medical, Inc. IVC Filters Marketing, Sales Practices and Prods. Liab. Litig.*, Master Consolidated Complaint for Individual Claims, No. 1:14-ml-2570-RLY-TAB, MDL No. 2570, ¶ 77 (Jan. 30, 2015). Plaintiff more particularly alleged that Defendants, knowing of the defective and dangerous nature of their IVC Filters, "actively marketed and advertised their Filters as safe and effective," *id.*, promoting Cook's Filters to be "of a particular standard, quality, or grade that they were not." *Id.* at ¶ 116.

Defendants, through their "affirmative misrepresentations," "actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters." *Id.* at ¶ 195. As a direct result of Defendants' actions, Plaintiff and his prescribing physician were unaware, and could not reasonably have known or have learned through reasonable diligence, that Plaintiff had been exposed to the defective and dangerous nature of Defendants' IVC Filters. *Id.* at ¶ 196. "[T]he accrual and running of any applicable statute of limitations [was] tolled by reason of Defendants' fraudulent concealment." *Id.* at ¶ 198.

### B. Plaintiff Timely Filed His Product Liability Claims

<u>The two-year limitations period for Plaintiff's product defect and failure claims did not begin to run until Plaintiff discovered Cook's fraudulent concealment, after July 28, 2017, less than two years before filing his complaint on July 25, 2018</u>. *See* Affidavit of Angel Dorsey; Affidavit of Leroy Palmer. Because Plaintiff did not even learn of the manufacturer until after July 28, 2017, it was not possible for him to learn of Defendant Cook's fraudulent concealment

until after July 28, 2017.  Because Plaintiff filed his claims within the two-year limitations period following discovery of Defendant Cook's fraudulent concealment, Defendant Cook's Motion for Judgment on the Pleadings should be denied.

Any contention that, as part of a fraudulent concealment claim, Plaintiff must show that Defendant Cook knew that Plaintiff was injured before being sued by Plaintiff is wholly unsupported by the law.  The relevant test, as set forth above, is whether Defendant Cook affirmatively concealed material facts that prevented Plaintiff from learning of his cause of action.  There is no requirement that Defendant Cook actually knew anything about the Plaintiff.  Plainly, Defendant Cook meets the relevant test, and its Motion for Judgment on the Pleadings should be denied.

### III.    Conclusion

For all the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendants' Motion for Judgment on the Pleadings.

Respectfully submitted,

/s/ Steven B. Rotman

Steven B. Rotman
Hausfeld
One Marina Park Drive
Suite 1410
Boston, MA 02110
(617) 207-0600
srotman@hausfeld.com

Dated: September 8, 2020

## **CERTIFICATE OF SERVICE**

I certify that on September 8, 2020, the foregoing was filed electronically and notice of the filing accordingly will be sent to all required parties by operation of the Court.

_____
Steven B. Rotman