# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

This document relates to:

Gregory Denton, 1:16-cv-01140
Marika Doukas, 1:16-cv-02822
Brian Giddens, 1:16-cv-00996
Sammie Lambert, 1:19-cv-02561
Victoria Looper, 1:16-cv-03510
Madeline and Howard Rosenbluth, 1:16-cv-00474
Steven Sowards, 1:16-cv-02122

## THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL EXHIBITS B THROUGH H TO THE COOK DEFENDANTS' SUPPLEMENTAL MEMORANDUM PROVIDING MEDICAL RECORDS PURSUANT TO COURT ORDER AND RESPONDING TO PLAINTIFFS GIDDENS'S AND DENTON'S ORAL REQUEST FOR ADDITIONAL DISCOVERY

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court

to maintain under seal **Exhibits B through H [Dkt. Nos. 14210-2 – 14210-8]** submitted with

The Cook Defendants' Supplemental Memorandum Providing Medical Records Pursuant to

Court Order and Responding to Plaintiffs Giddens's and Denton's Oral Request for Additional

Discovery [Dkt. No. 14209] in order to protect the above-captioned plaintiffs' respective

interests in their medical privacy.  In support of this motion, the Cook Defendants state:

### LEGAL STANDARD

1.      Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good

cause," enter an order "requiring that a trade secret or other confidential research, development,

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2.      **Medical Privacy –** With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

3.      The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private

- 2 -

interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.")
(Baker, J.).  Consistent with the doctrine discussed earlier, however, "the presumption of public
access 'applies only to the materials that formed the basis of the parties' dispute and the district
court's resolution'; other materials that may have crept into the record are not subject to the
presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter
Int'l*, 297 F.3d at 548)).

## DOCUMENTS SOUGHT TO BE SEALED

4.      **Exhibit B [Dkt. No. 14210-2]** is Plaintiff Gregory Denton's Case Categorization
Submission, which includes medical records related to his care and treatment.  This exhibit
constitutes a medical privacy document since it contains details concerning Mr. Denton's private
medical care.  Therefore, this exhibit should be maintained under seal to protect Mr. Denton's
medical privacy.

5.      **Exhibit C [Dkt. No. 14210-3]** is Plaintiff Marika Doukas's Case Categorization
Submission, which includes medical records related to her care and treatment.  This exhibit
constitutes a medical privacy document since it contains details concerning Ms. Doukas's private
medical care.  Therefore, this exhibit should be maintained under seal to protect Ms. Doukas's
medical privacy.

6.      **Exhibit D [Dkt. No. 14210-4]** is Plaintiff Brian Giddens's Case Categorization
Submission, which includes medical records related to his care and treatment.  This exhibit
constitutes a medical privacy document since it contains details concerning Mr. Giddens's
private medical care.  Therefore, this exhibit should be maintained under seal to protect
Mr. Giddens's medical privacy.

US.129311018

7.     **Exhibit E [Dkt. No. 14210-5]** is Plaintiff Sammie Lambert's Case Categorization Submission, which includes medical records related to her care and treatment.  This exhibit constitutes a medical privacy document since it contains details concerning Ms. Lambert's private medical care.  Therefore, this exhibit should be maintained under seal to protect Ms. Lambert's medical privacy.

8.     **Exhibit F [Dkt. No. 14210-6]** is Plaintiff Victoria Looper's Case Categorization Submission, which includes medical records related to her care and treatment.  This exhibit constitutes a medical privacy document since it contains details concerning Ms. Looper's private medical care.  Therefore, this exhibit should be maintained under seal to protect Ms. Looper's medical privacy.

9.     **Exhibit G [Dkt. No. 14210-7]** is Plaintiff Madeline Rosenbluth's Case Categorization Submission, which includes medical records related to her care and treatment. This exhibit constitutes a medical privacy document since it contains details concerning Ms. Rosenbluth's private medical care.  Therefore, this exhibit should be maintained under seal to protect Ms. Rosenbluth's medical privacy.

10.     **Exhibit H [Dkt. No. 14210-8]** is Plaintiff Steven Sowards's Case Categorization Submission, which includes medical records related to his care and treatment.  This exhibit constitutes a medical privacy document since it contains details concerning Mr. Sowards's private medical care.  Therefore, this exhibit should be maintained under seal to protect Mr. Sowards's medical privacy.

## DISCUSSION

11.     **Exhibits B through H [Dkt. Nos. 14210-2 – 14210-8]** contain documents and information on Plaintiff Denton's, Plaintiff Doukas's, Plaintiff Giddens's, Plaintiff Lambert's,

US.129311018

Plaintiff Looper's, Plaintiff Rosenbluth's, and Plaintifff Sowards's respective medical care and treatment.

12.      As set forth above, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause.  *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008).  The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

13.      **Exhibits B through H [Dkt. Nos. 14210-2 – 14210-8]** contain private, sensitive medical information regarding Plaintiffs Denton, Doukas, Giddens, Lambert, Looper, Rosenbluth, and Sowards.

14.      Out of an abundance of caution, the Court should permit these exhibits to be filed and maintained ***under seal*** until the respective plaintiffs consent to what should be disclosed.

15.      A proposed order granting this Motion has been filed with this Motion**.**

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintaining under seal **Exhibits B through H [Dkt. Nos. 14210-2 – 14210-8]** submitted with The Cook Defendants' Supplemental Memorandum Providing Medical Records Pursuant to Court Order and Responding to Plaintiffs Giddens's and Denton's Oral Request for Additional Discovery [Dkt. No. 14209].

Respectfully submitted,

Dated:  September 8, 2020

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Counsel for Defendants Cook Incorporated,*
*Cook Medical LLC, and William Cook Europe ApS*

- 6 -

US.129311018

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 8, 2020 a copy of the foregoing **THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL EXHIBITS B THROUGH H TO THE COOK DEFENDANTS' SUPPLEMENTAL MEMORANDUM PROVIDING MEDICAL RECORDS PURSUANT TO COURT ORDER AND RESPONDING TO PLAINTIFFS GIDDENS'S AND DENTON'S ORAL REQUEST FOR ADDITIONAL DISCOVERY** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

US.129311018