IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
INDIANA INDIANAPOLIS DIVISION

| | |
|---|---|
| **IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Valerie Cortez

Case No. 1:20-cv-00896-RLY-TAB

### PLAINTIFF VALERIE CORTEZ'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, Valerie Cortez, hereby submit this Response in Opposition to Cook Defendants' Motion for Judgment on the Pleadings and request that Defendants' Motion be denied for the reasons stated herein. As articulated below, Indiana law does not bar Plaintiff's claims. Plaintiff alleged that Defendant has made affirmative misstatements and omissions of fact to conceal the true risks associated with its products, and by virtue of its fraudulent concealment tolls Plaintiff's statute of limitations and repose. Additionally, the pleadings are insufficient to establish when Plaintiff discovered her cause of action. For these reasons, Plaintiff respectfully request Defendants' Motion be denied in its entirety.

### STATEMENT OF RELEVANT FACTS

Plaintiff, Valerie Cortez, filed her Short Form Complaint on March 19, 2020. (Docket No. 1, Case No. 1:20-cv-00896, hereinafter "Cortez SFC"). In their Short Form Complaint, Plaintiff "incorporate The Master Complaint in MDL No. 2570 by reference (Document 213)." Plaintiff, Valerie Cortez, was implanted with Defendants' defective device and suffered injuries while residing in Oregon. *Id.* at ¶¶ 4-6. The Cortez SFC adopts

7

the Master Complaint and alleges causes of action for (1) Strict Products Liability – Failure to Warn; (2) Strict Products Liability – Design Defect; Negligence; (4) Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Violations of Oregon's UDTP; and (9) Punitive Damages. *Id.* at 3-4, ¶14.  In the Master Complaint, Plaintiff alleged that limitations periods are tolled by virtue of the Defendants' "affirmative misrepresentations and omissions, actively concealed from Plaintiff and Plaintiff's healthcare providers the true and significant risks associated with Cook IVC Filters." (Doc. 213 at ¶ 195)

## STANDARD OF REVIEW

A motion for judgment on the pleadings is reviewed under the same *de novo* standard as a motion to dismiss under Fed. R. Civ. P. 12 (b)(6). *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824 (7th Cir.).  Under this standard, the facts in the complaint are viewed in the light most favorable to the nonmoving party, and the motion is granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Id.* at 827(II) (internal citation and punctuation omitted).  "A claim has facial plausibility when factual content has been plead that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is within the discretion of the Court to grant leave to amend the pleadings in the context of a 12 (c) motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 15(a) which states that courts "should freely give leave when justice so requires." *Moss v. Martin*, 2005 WL 4717594, at *7 (C.D. Ill. May 16, 2005), see also *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) and *Mourning v. Allison*

*Transmission, Inc.*, 72 N.E.3d 482, 491 (Ind. App. 2017) (reversing and remanding grant of 12 (c) motion to give plaintiff opportunity to amend claim once as a matter of right). Formal motion for leave to amend the pleadings is not required at the dismissal stage of the proceedings. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

To the extent any material facts remain in question, i.e. when did the Plaintiff discover her claim, Defendants' Motion for Judgment should be treated as a motion for summary judgment.  See, Fed. R. Civ. P. 12(c).  For the reasons stated below, Defendants are not entitled to judgment as a matter of law.  "A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issues of fact remain to be resolved and that he or she is entitled to judgment as a matter of law."  *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (1987) (citations omitted); see also *Elward v. Electrolux Home Prods. Inc.*, 264 F.Supp. 3d 877 (N.D. Ill. 2017).

## ARGUMENT

Defendants' Motion is legally insufficient to warrant the dismissal of Plaintiff' Complaint because Plaintiff has plead sufficient allegation of fraudulent concealment which tolls the statutes of repose and limitations pursuant to Oregon's "look out" provision and the equitable tolling doctrine of  fraudulent concealment under Indiana law.

### A. **Valerie Cortez's Product Liability Claims Are Tolled By Defendant's Fraudulent Concealment**

Plaintiff agrees with Defendant that her "product liability civil actions," as defined by O.R.S. 30.900, are subject to Indiana law by way of Oregon's "look out" provision. Oregon will apply the statute of repose for the state where the Cook IVC Filter was manufactured -- Indiana. As such, Plaintiff's strict products liability, negligence, and breach of warranty claims are subject to Indiana's statute of repose law, including equitable tolling

7

of limitations periods for fraudulent concealment.

Under Indiana law, the limitation periods are tolled by fraudulent concealment when a defendant conceals material facts that prevent the plaintiff from discovering a cause of action. *Lyons v. Richmond County Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014). "To invoke the doctrine where no fiduciary relationship exists between the parties…a plaintiff must show that the wrongdoer was not simply silent but committed affirmative acts designed to conceal the cause of action." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1372 (7th Cir. 1995).

In the present case, Plaintiff alleged material and affirmative facts that Cook designed to conceal, and prevent Plaintiff from discovering a cause of action. Specifically, Plaintiff alleged that Defendants "continued to affirmatively promote their IVC Filters as safe and effective," including "as safe and effective as their predicate device," even after "Defendants knew or should have known of the risk of injuries from use" and even after Defendants "acquired additional knowledge and information confirming the defective and dangerous nature of [their] IVC Filters." In re: Cook Medical, Inc. IVC Filters Marketing, Sales Practices and Prods. Liab. Litig., Master Consolidated Complaint for Individual Claims, No. 1:14-ml-2570-RLY-TAB, MDL No. 2570, ¶ 77 (Jan. 30, 2015). Plaintiff more particularly alleged that Defendants, knowing of the defective and dangerous nature of their IVC Filters, "actively marketed and advertised their Filters as safe and effective," *Id.*, promoting Cook's Filters to be "of a particular standard, quality, or grade that they were not." *Id.* at ¶ 116. These allegations are sufficient to establish the doctrine of fraudulent concealment. *Elward*, 264 F.Supp. at 891. In *Elward,* plaintiff alleged that defendant had knowledge of the defect yet continued to sell the product to plaintiff that it represented were

7

safe. In denying defendants 12 (b)(6) motion, the court reasoned that "[d]etermining whether this assertion has merit requires additional fact-finding not available at the pleadings stage." *Id.*

Defendants, through their "affirmative misrepresentations," "actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters." Id. at ¶ 195. As a result of Defendants' actions, Plaintiff and his prescribing physician were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiff had been exposed to the defective and dangerous nature of Defendants' IVC Filters. Id. at ¶ 196. "[T]he accrual and running of any applicable statute of limitations [was] tolled by reason of Defendants' fraudulent concealment." Id. at ¶ 198.

Despite the assertion of Defendants, there is no requirement under Indiana law that Defendants be on notice of Plaintiffs claim under its doctrine of tolling for fraudulent concealment. As in *Elward*, Defendants' motion for judgment on the pleadings should be denied.

### B. <u>Valerie Cortez Timely Filed Her Cause Of Action</u>

Plaintiff adequately pled tolling of her limitations period under Indiana law. As noted above when Plaintiff filed her cause of action adopting the Master Complaint, Plaintiff alleged that Defendants' made "affirmative misrepresentations and omissions, actively concealed from Plaintiff and Plaintiff's healthcare providers the true and significant risks associated with Cook IVC Filters." (Doc. 213 at ¶ 195). The Cortez SFC is insufficient to establish when Plaintiff discovered her cause of action. Where a complaint sets out insufficient facts to establish a limitations defense, Defendants' Motion for

7

Judgment on the Pleading should be denied. *Elward*, 264 F. Supp. 3d at 889 (applying Indiana law declining to dismiss case subject to Rule 12 (b)(6)). In *Elward*, the court denied defendant's motion to dismiss based on statute of limitations where the plaintiff's complaint did not set forth the essential facts -- when plaintiff discovered her cause of action -- to establish the defense. *Id.* at 890. Similarly, here Defendant's motion should be dismissed where it cannot be ascertained when Plaintiff discovered her cause of action based on the pleadings alone. As with *Elward*, discovery is necessary to resolve the issue.

To the extent that Defendants allege that Plaintiff discovered her cause of action and Defendants' concealment of the same before March 19, 2018, that material fact is in dispute, and properly resolved through additional discovery and Rule 56 proceedings not Rule 12 (c). There is insufficient evidence in the record to conclude as a matter of law that Plaintiff's claim should be dismissed.

## CONCLUSION

Defendants' Motion should be denied in its entirety because limitations periods under Indiana law were tolled due to Defendants' fraudulent concealment. For these reasons, Plaintiff, Valerie Cortez, respectfully request this Court deny Defendants' Motion in its entirety.

Dated: September 8, 2020                                            Respectfully submitted,

*/s/ Michael E. Gallant*
Michael E. Gallant, DC Bar No: 453087
1250 Connecticut Ave NW, Suite 700
Washington, DC 20036
Tel: (202) 858-1211
Fax: (855) 203-2035
Michael.gallant@drlawllp.com

*Attorneys for Plaintiff*

7

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, a true and correct copy of Plaintiff' Response in Opposition to Cook Defendants' Omnibus Motion for Judgment on the Pleadings was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of records.

/s/ Michael E. Gallant