IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to Plaintiff:<br><br>    ANDREA SONS<br>    1:18-cv-03422-RLY-TAB | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE
GROUNDS (OREGON)**

COMES NOW, Plaintiff, Andrea Sons, by and through counsel, and files this Response in Opposition to the Cook Defendants' Motion for Judgment on the Pleadings on Statute of Repose Grounds (Oregon)., and would show this Honorable Court that Defendants' Motion should be denied.

**I. SUMMARY OF THE ARGUMENT**

Defendants' Motion should be denied because Plaintiff was prevented from discovering her causes of action by the Cook Defendants' affirmative fraudulent concealment. Defendant overtly advertised Cook's IVC filters as being of a particular standard, quality, or grade that they were not, all the while plainly knowing and *fraudulently concealing* that its filters were defective and dangerous. [Doc. 213] *In re: Cook Medical, Inc. IVC Filters Marketing, Sales Practices and Prods. Liab. Litig.*, Master Consolidated Complaint for Individual Claims, No. 1:14-ml-2570-RLY-TAB, MDL No. 2570, ¶¶ 112-116 (Jan. 30, 2015). Because Cook Defendants expressly represented that the Gunther Tulip filters were designed to act as permanent filters and the Plaintiff and her implanting physician relied

1

upon that representation, Plaintiff did not know, and could not have reasonably known, that the Cook Gunther Tulip Filter implanted in her body as a permanent filter had failed and caused a serious injury until January 30, 2016.[1] Because Cook had represented that the filter was safe to use as a permanent filter, the Plaintiff and her physician did not plan to remove the filter and she could not have discovered Defendant Cook's fraudulent concealment until on or after January 30, 2016. Since Plaintiff filed her complaint on November 5, 2018, it was filed within the two-year statute of limitations for such claims. For this reason, the Cook Defendants' Motion should be denied.

### III. THE STANDARD FOR JUDGMENT ON THE PLEADINGS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs*. Grp., 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint need not make detailed factual allegations to survive a Rule 12(c) motion for judgment on the pleadings[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plaintiff may posit facts in her brief, and so long as those facts are not inconsistent with the complaint, the court must assume they are true for purposes of deciding the motion. *See, e.g.*, *Chavez v. Illinois State Police*, 251 F.3d 612, 650 (7th Cir. 2001); *Trevino v. Union Pacific Railroad Co.*, 916 F.2d 1230, 1239 (7th Cir. 1990). For purposes of ruling on a motion for

---

[1] Exhibit 1, Gunther Tulip Vena Cava Patient Guide, p. 6; Exhibit 2, Inferior Vena Cava Filter Placement Record (March 3, 2006); and Exhibit 3 Declaration of Andrea Sons.

judgment on the pleadings the plaintiff's well-pled facts are accepted as true and all reasonable inferences are construed in their favor. *Tierney v. Advocate Health & Hosps*. Corp., 797 F.3d 449, 451 (7th Cir. 2015).

## II. PLAINTIFF'S "PRODUCT LIABILITY CIVIL ACTIONS" SURVIVE UNDER OREGON'S LOOKOUT STATUTE AND INDIANA LAW

Plaintiff agrees with Defendant that her "product liability civil actions," as defined by O.R.S. 30.900, are subject to Indiana law by way of Oregon's "look out" provision. As such, Plaintiff's strict products liability, negligence, and breach of warranty claims are subject to Indiana's statute of repose law, including tolling for fraudulent concealment.

### A. Plaintiff's Product Liability Claims Were Tolled By Fraudulent Concealment

Under Indiana law, limitation periods are tolled by fraudulent concealment when a defendant conceals material facts that prevent the plaintiff from discovering a cause of action. *Lyons v. Richmond County Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014). "To invoke the doctrine where no fiduciary relationship exists between the parties…a plaintiff must show that the wrongdoer was not simply silent but committed affirmative acts designed to conceal the cause of action." *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1372 (7th Cir. 1995).

Defendants point to this Court's recent decision in *McDermitt* to support their argument that Plaintiff's claims are barred by Indiana's statute of repose. Cook Defendants' Motion for Judgment on the Pleadings on Statute of Repose Grounds (Oregon), at 1. However, the case at bar can be distinguished from *McDermitt*. As the Court pointed out in *McDermitt*, the *McDermitt* plaintiff failed to set forth the Defendant's "affirmative" conduct giving rise to fraudulent concealment. Notwithstanding, Defendants did act to conceal the inherent dangers and defects in their IVC filters, with the expectation that Plaintiff and her doctor would rely on such affirmative conduct and Defendants would profit and avoid litigation.

3

In the present case, Plaintiff alleged material and affirmative facts concealed by Defendant Cook that prevented Plaintiff and her doctors from discovering the Gunther Tulip filter's defects and heightened dangers and Defendant Cook's liability for such defects and dangers. Specifically, Plaintiff alleged that Defendants "continued to affirmatively promote their IVC Filters as safe and effective," *after* "Defendants knew or should have known of the risk of injuries from use" and even *after* Defendants "acquired additional knowledge and information confirming the defective and dangerous nature of [their] IVC Filters." [Doc. 213] *In re: Cook Medical, Inc. IVC Filters Marketing, Sales Practices and Prods. Liab. Litig.*, Master Consolidated Complaint for Individual Claims, No. 1:14-ml-2570-RLY-TAB, MDL No. 2570, ¶ 77 (Jan. 30, 2015).[2] Plaintiff more particularly alleged that Defendants, knowing of the defective and dangerous nature of their IVC Filters, "actively marketed and advertised their Filters as safe and effective," *id.*, promoting Cook's Filters to be "of a particular standard, quality, or grade that they were not." *Id.* at ¶ 116.

Defendants, through their "affirmative misrepresentations," "actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters." *Id.* at ¶ 195. As a direct result of Defendants' actions, Plaintiff and his prescribing physician were unaware, and could not reasonably have known or have learned through reasonable diligence, that Plaintiff had been exposed to the defective and dangerous nature of Defendants' IVC Filters. *Id.* at ¶ 196. "[T]he accrual and running of any applicable statute of limitations [was] tolled by reason of Defendants' fraudulent concealment." *Id.* at ¶ 198.

### B. Plaintiff Timely Filed Her Product Liability Claims

The two-year limitations period for Plaintiff's product defect and failure claims did not begin to run until Plaintiff discovered Cook's fraudulent concealment, on or after January 30, 3016,

---

[2] Exhibit 1, Gunther Tulip Vena Cava Patient Guide, p. 6.

less than two years before filing her complaint on November 5, 2018.[3] Because Plaintiff did not even learn that her filter had perforated her IVC until January 30, 2016, it was not possible for her to learn of Defendant Cook's fraudulent concealment until after January 30, 2016 Because Plaintiff filed her claims within the two-year limitations period following discovery of Defendant Cook's fraudulent concealment, Defendant Cook's Motion for Judgment on the Pleadings should be denied.

Any contention that, as part of a fraudulent concealment claim, Plaintiff must show that Defendant Cook knew that Plaintiff was injured before being sued by Plaintiff is wholly unsupported by the law. The relevant test, as set forth above, is whether Defendant Cook affirmatively concealed material facts that prevented Plaintiff from learning of her cause of action. There is no requirement that Defendant Cook actually knew anything about the Plaintiff. Plainly, Defendant Cook meets the relevant test, and its Motion for Judgment on the Pleadings should be denied.

### III. Conclusion

For all the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendants' Motion for Judgment on the Pleadings.

Dated: September 8, 2020

/s/ Ben C. Martin
Ben C. Martin, Bar No. 13052400
**Martin Baughman, PLLC**
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

*Attorney for Plaintiff*

---

[3] Exhibit 3, Declaration of Andrea Sons.

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                    */s/ Ben C. Martin*
                                                    Ben C. Martin