# EXHIBIT C



*faegredrinker.com*

**Andrea Roberts Pierson**
Partner
andrea.pierson@faegredrinker.com
+1 317 237 1424 direct
+1 317 414 0459 mobile

Faegre Drinker Biddle & Reath LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
+1 317 237 0300 main
+1 317 237 1000 fax

July 6, 2020

**VIA E-MAIL, ORIGINAL TO
FOLLOW BY U.S. MAIL**

John J. Driscoll
The Driscoll Firm, LLC
211 N. Broadway, 40th Floor
St. Louis, MO 63102

Re: Statute of Limitations in Johnson (Estate) Case, No. 1:17-cv-06069

Dear John:

We have reviewed the complaint, the categorization form, and the records submitted in support of categorization for the above-referenced case and determined that the case is time-barred. Accordingly, we request that you dismiss this case with prejudice to avoid unnecessary litigation and expenses that would be incurred by both sides in litigating a motion for summary judgment. Cook intends to file a motion for summary judgment in the short term if the case is not dismissed with prejudice.

The categorization records indicate that decedent Ronald Johnson received a Cook filter on January 4, 2005 and that a venocavagam was taken on October 24, 2005 indicating the presence of thrombus around the filter. Mr. Johnson passed away on May 9, 2007. The case, however, was not filed until February 21, 2017, *almost 10 years after his death*.

The claims brought on behalf of Mr. Johnson are time-barred under both Indiana law and the law of his home state, Utah, where the filter was placed and where Mr. Johnson passed away. *See* Ind. Code. §34-23-1-1 (providing that a wrongful death "action shall be commenced by the personal representative of the decedent within two (2) years"); *Southerland v. Hammond*, 693 N.E.2d 74, 76-77 (Ind. Ct. App. 1998) ("An action for wrongful death must be brought within two years of the date of the death."); *McHenry v. Utah Valley Hosp.*, 724 F. Supp. 835, 839 (D. Utah 1989) (explaining that the statute of limitations on a wrongful death claim in Utah begins to accrue once the body is discovered) (citing *Myers v. McDonald*, 635 P.2d 84 (Utah 1981)).

Please confirm that you will file a motion to dismiss with prejudice no later than July 20, 2020. Absent such a motion, Cook will move for summary judgment in this case and will seek reimbursement for any costs and fees incurred that it may be entitled to under the Federal Rules and 28 U.S.C. § 1927.

Very truly yours,

Andrea Roberts Pierson

US.128568171.02



**Faegre Drinker Biddle & Reath LLP**
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204



John J. Driscoll
The Driscoll Firm, LLC
211 N. Broadway, 40th Floor
St. Louis, MO 63102