IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.  1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to: All Actions

## COOK DEFENDANTS' MOTION FOR ENTRY OF CASE MANAGEMENT ORDER ADDRESSING REFILING AND DISMISSALS WITHOUT PREJUDICE

The Cook Defendants ask the Court to adopt the proposed Case Management Order Addressing Refiling and Dismissals Without Prejudice, attached as Exhibit A.  In a nutshell, this Case Management Order would condition dismissals without prejudice on refiling in the Southern District of Indiana, consistent with previous orders of this Court.

In creating this MDL, the JPML recognized the need for consolidated handling of various pretrial and trial proceedings before a single judge in a single court.  However, recently Plaintiffs in this MDL have asked this Court to dismiss their actions without prejudice only to refile the same claims in courts around the country.  Such refilings have a number of unfortunate and counterproductive effects on this MDL, including fragmenting the litigation, undermining the certainty and finality of the Court's rulings, subjecting Cook to the needless expense of duplicative litigation, and forcing courts and the JPML to expend additional, unnecessary time and resources.

Solving this problem is simple:  Consistent with most of the Court's prior dismissals, the Court should require any refiling of a dismissed action to occur in the Southern District of Indiana.  Such a requirement promotes stability and efficiency, and it can cause no prejudice to

Plaintiffs because it merely preserves the *status quo*. The Cook Defendants' proposed Case Management Order would impose this requirement by adding language to all proposed orders of dismissal without prejudice that (1) requires any refiling of the action occur in the Southern District of Indiana and (2) provides that a refiling in any other court will result in the conversion of the dismissal without prejudice to a dismissal ***with*** prejudice.

### I. The Court has the power to place conditions on dismissals without prejudice, including a venue restriction for any refiling.

This Court has the authority to condition dismissals without prejudice on a venue requirement for any refiling of an action. Federal Rule of Civil Procedure 41(a)(2) provides that absent agreement by the defendants, a plaintiff may obtain a dismissal "only by court order, on terms that the court considers proper." Rule 41(b) similarly enables the Court to craft involuntary dismissals as it sees appropriate: "*unless the dismissal order states otherwise*, dismissal under [] subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits." (Emphasis added.)

The language of Rule 41 thus authorizes courts to dismiss cases with and without prejudice and to place conditions on dismissals without prejudice. *See, e.g., Versa Prod., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1329 (11th Cir. 2004) (upholding district court's conditioning of dismissal on requirement that any future complaint be refiled in same district); *Winters v. Zeno Digital Sols., LLC*, No. 3:18-CV-218-BN, 2018 WL 2427156, at *1 (N.D. Tex. May 30, 2018) (dismissing case without prejudice subject to condition that the case be refiled within 30 days, or dismissal converted to a prejudicial dismissal); *Smith v. Dollar Gen. Corp.*, No. 04-4174-SAC, 2006 WL 435699, at *2 (D. Kan. Feb. 21, 2006) (holding plaintiff must meet conditions included in dismissal without prejudice or defendants had right to convert to dismissal with prejudice). In addition to Rule 41, the Court's authority "flows from the court's inherent

power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).  The Court has "the inherent authority to manage [its] docket[ ] and courtroom[ ] with a view toward the efficient and expedient resolution of cases." *Gentry v. Hyundai Motor Am., Inc.*, No. 3:13-CV-00030, 2018 WL 10072260, at *2 (W.D. Va. Nov. 21, 2018).

> II.   **The Court should condition future dismissals without prejudice on refiling in the Southern District of Indiana.**

Consistent with this authority, this Court has already imposed the venue restriction Cook requests here in orders granting dismissal on multiple occasions.  *See* Dkt. 10582 ("Plaintiff may refile his/her case in the MDL. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice."); Dkt. 10632, 10632-1 ("Plaintiff may refile his/her case in the MDL. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana, in MDL 2570, this dismissal will automatically convert to a dismissal with prejudice.").

The Court should make such a venue restriction a standard part of dismissals without prejudice in the MDL.  Such a condition would prevent duplicative litigation, provide the Corut and the parties with needed certainty, and promote judicial economy.  Dismissed cases incorrectly refiled outside the MDL create additional burdens to remove and/or tag and transfer cases to the MDL, burdens borne by this Court, the JPML, and the Cook Defendants.

In addition, the Cook Defendants' Proposed Case Management Order would prevent circumvention of the Court's orders governing choice of law.  In recent months, certain plaintiffs – in transparent attempts to avoid this Court's ruling on Indiana choice-of-law and direct filing – have taken steps to dismiss cases originally filed in the Southern District of Indiana only to refile those same claims in other districts in the hopes of avoiding the Court's choice-of-law rulings.

3

US.129448441.03

For example, the Court may recall that it recently heard argument on motions concerning Plaintiffs who filed new actions in remote courts first, only to seek dismissal of identical cases already pending in the MDL. *See* Dkts. 13956, 14076, 14101. A CMO dictating venue restrictions in all dismissals without prejudice would foreclose such gamesmanship.

The proposed CMO would also help to conserve party and judicial resources. For example, in the *Alto* matter, the plaintiff asked the Cook Defendants for a stipulation of dismissal of his case without prejudice after the Cook Defendants moved for summary judgment on his claim. The Cook Defendants agreed, but requested as a condition of that dismissal that Alto agree to refiling (if any) solely in the Southern District of Indiana. *See* Dkts. 12386, 12470. Alto refused, leading to a motion to dismiss, a response by Cook, a reply by Alto, an order from the Court denying the motion, a motion to reconsider from Alto, and a response from Cook. *See* Dkts. 12386, 12470, 12477, 12638, 14013, 14114. After briefing this issue extensively, Alto recently agreed to stipulate to the dismissal of his case with Cook's requested condition that re-filing only occur in this Court. An order automatically conditioning dismissals without prejudice on refiling in this Court would have prevented all that needless briefing and argument.

Finally, the proposed Case Management Order does not unfairly prejudice any party. As the Eleventh Circuit has observed, a venue restriction does nothing more than preserve the *status quo ante* for all parties:

> The condition that Versa refile a future complaint in the Northern District of Georgia does not constitute legal prejudice to Versa. This venue restriction protects Home Depot from the unfairness of having to relitigate the issue of the more convenient forum for this dispute, but the venue restriction maintains the right of Versa to file a new complaint. The venue restriction also promotes judicial economy because the transfer from the Eastern District of Missouri maintains its legal force. ***The condition does nothing more than preserve, upon refiling, the status quo ante.***

*Versa Prod., Inc.*, 387 F.3d at 1329 (emphasis added).

## CONCLUSION

By their nature, MDLs present complicated issues to the Court and the parties. But this particular complication, the dismissal and refiling of cases to avoid judicial rulings, is a complication the Court can easily prevent. The Cook Defendants urge the Court to enter the proposed Case Management Order.

Respectfully submitted,

Dated: September 18, 2020

/s/ *Jessica Benson Cox*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: Andrea.Pierson@FaegreDrinker.com
  Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Email: Stephen.Bennett@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

US.129448441.03