IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to the Following Actions only:

Hill, Rex, 1:18-cv-04021
Litel, James, 1:19-cv-05030

**COOK DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR JUDGMENT ON
THE PLEADINGS ON STATUE OF REPOSE GROUNDS (NEBRASKA)**

**INTRODUCTION**

The Cook Defendants urge the Court to grant its motion for judgment on the pleadings with respect to the above-captioned Nebraska Plaintiffs' claims on the ground that they failed to commence their actions within the period required by the relevant Nebraska statute of repose.

As a reminder, for products manufactured outside of Nebraska, Nebraska applies the applicable statute of repose from the state where the product was manufactured. *See* Neb. Rev. St. § 25-224(2)(a)(ii). Here, because the products were manufactured in Indiana, the length of time allowed under Indiana's statute of repose applies, *id.*, which, absent an exception not applicable here, is ten years. *See* Ind. Code § 34-20-3-1. Notably, Plaintiffs do not dispute that they both filed their cases more than 12 years after receiving their filters. Plaintiffs also concede that Nebraska law does not provide for punitive damages. Dkt. 14141, at 1 n.1. Instead, Plaintiffs make three arguments, none of which can save their claims.

1

First, Plaintiffs argue that the doctrine of fraudulent concealment, or the doctrine of equitable estoppel, applies to toll the statute of repose. There are two main problems with this argument. For starters, Plaintiffs fail to plead their fraudulent concealment claims with the specificity required by Federal Rule of Civil Procedure 9(b). Furthermore, at least in Plaintiff Hill's case, the statute of repose had already expired before Plaintiff's alleged injury was diagnosed, and Nebraska does not apply the doctrine of equitable estoppel in such cases.

Second, Plaintiffs incorrectly argue that they properly pled their express warranty claims. Specifically, Plaintiffs are wrong that they only need to plead that the purchased goods failed to conform to the terms of the alleged express warranty. This is not true; Plaintiffs must also properly allege that the express warranty at issue was part of the basis of the bargain between the parties. Here, Plaintiffs make no such allegations and therefore fail to adequately plead a claim for breach of express warranty.

And third, Plaintiffs incorrectly argue that the Nebraska Consumer Protection Act (NCPA) applies to medical devices regulated by the FDA and that their NCPA claims were properly pled with specificity. Not so. Although Plaintiffs included some details in their Short Form Complaints, these details do not satisfy the heightened pleading requirements of Rule 9(b). Consequently, Plaintiffs' NCPA claims must also be dismissed.

**PROCEDURAL HISTORY**

On August 21, 2020, the Cook Defendants filed their Motion for Judgment on the Pleadings on Statute of Repose Grounds (Dkt. 14064) against two Nebraska Plaintiffs: (1) *Hill*, 1:18-cv-04021 and (2) *Litel*, 1:19-cv-05030. In response, only Plaintiff Hill filed a substantive response in opposition to the Cook Defendants' motion. Dkt. 14141. Plaintiff Litel filed a short one-paragraph

motion joining the *Hill* response.  Dkt. 14219.  Plaintiff Litel's motion made no additional arguments, and it placed no qualifications on its joinder in the *Hill* response.  *See* Dkt. 14219.

## ARGUMENT

I. **Plaintiffs Failed to Adequately Plead A Fraudulent Concealment Claim With Specificity As Required By Federal Rule Of Civil Procedure 9(b).**

As a threshold matter, Plaintiffs cannot rely on the doctrine of fraudulent concealment to toll the statute of repose in their cases, because Plaintiffs failed to plead any fraudulent concealment claim with the specificity required by Federal Rule of Civil Procedure 9(b)[1].  *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) ("The heightened pleading standard of Rule 9(b) also applies to fraudulent concealment claims."); *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988) ("To invoke the fraudulent concealment doctrine, a plaintiff must . . . 'plead with particularity the circumstances surrounding the concealment.'").

Rule 9(b) requires that a plaintiff "describe the 'who, what, when, where, and how' of the fraud." *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). Moreover, to succeed on a claim of fraudulent concealment, Nebraska state law requires the plaintiff to show "that the defendant committed some affirmative act of fraudulent concealment which prevented the plaintiff from discovering his or her cause of action." *Upah v. Ancona Bros. Co.*, 521 N.W.2d 895, 902 (Neb. 1994).  Here, neither the Master Complaint nor Plaintiffs' Short Form Complaints contain the requisite allegations to state a claim sufficient to toll the statute of repose. Specifically, Plaintiffs do not plead that any Cook Defendant was aware of the Plaintiffs' alleged

---

[1] A global motion to dismiss all Plaintiffs' claims of fraudulent concealment is pending before the Court.  *See* Dkt 13649.  To the extent applicable, the Cook Defendants hereby incorporate the arguments contained in the memorandum in support of that motion here.

3

injuries or that any Cook Defendant fraudulently concealed any cause of action against them from Plaintiffs. *See* MDL Dkt. 213; *Hill* Dkt. 1; *Litel* Dkt. 1.[2]

The allegations from the Master Complaint that Plaintiff Hill cites, *see* Dkt. 14141, at 7-8, also fail to provide the requisite specificity. None of these allegations describe with any particularity the "who, what, when, where, and how" of the fraud. *United States ex rel. Berkowitz*, 896 F.3d at 839 (7th Cir. 2018). For example, none of these allegations allege who fraudulently concealed information, what specific information they concealed, or how and when that concealment occurred such that it caused the Plaintiffs to delay filing their lawsuits. Simply put, Plaintiffs have failed to allege that any Cook Defendant committed any affirmative act that prevented Plaintiffs from discovering their causes of action against the Cook Defendants within the applicable statute of repose. Without such allegations—and as this Court previously found in *Graham* and *McDermitt*—Plaintiffs have not adequately pled a claim of fraudulent concealment. *See* Dkt. 5575, at 6-8 (dismissing fraudulent concealment claim because Plaintiff did "not allege any affirmative conduct by the Cook Defendants that was designed to prevent, and did prevent, her from discovering her cause of action"); Dkt. 13187, at 8 (dismissing fraudulent concealment claim because Plaintiff did "not allege that Cook committed any *affirmative act* to prevent him from discovering a cause of action against it," or "even allege that Cook knew before being sued in this action that Plaintiff had a cause of action against the company").

Finally, Plaintiffs attempt to supplement their allegations by relying on testimony and evidence from the *Brand* trial. *See* Dkt. 14141, at 8-11. These efforts, however, must fail. First, the *Brand* trial was about a Celect filter. *See Brand* Dkt. 1, at ¶ 24. Here, neither Plaintiff received a

---

[2] In Plaintiff Litel's case this is especially true because the Master Complaint is silent as to the Bird's Nest filter. *See Litel* Dkt. 1, at 3 (noting Plaintiff Litel received a Bird's Nest filter in 2002); MDL Dkt. 213.

4

Celect filter. *See Hill* Dkt. 1, at 3 (alleging placement of a Tulip filter); *Litel* Dkt., at 3 (alleging placement of a Bird's Nest filter). Consequently, the testimony and evidence Plaintiffs cite from the *Brand* trial is irrelevant. And second, Plaintiffs cannot shore up their complaints by citing to new evidence in their brief that is nowhere to be found in their pleadings. *See Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (holding that plaintiff's attempt to supplement the complaint through briefing is not permitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see also Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (holding that a trial court on a motion to dismiss can only consider documents if they are referred to in the complaint and are central to the claim); *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993) (same).

Plaintiffs therefore cannot avoid dismissal based on the doctrine of fraudulent concealment.

## II. The Doctrine Of Equitable Estoppel Does Not Apply When The Diagnosis Of The Injury Occurs After The Statute Of Repose Expired.

Nebraska does not apply the doctrine of equitable estoppel to toll the applicable statue of repose where a plaintiff does not learn of an alleged injury until after the statute of repose expires. *Farber v. Lok-N-Logs, Inc.*, 701 N.W.2d 368, 375 (Neb. 2005). The reason for this is simple: if a plaintiff seeks to recover on an injury diagnosed only after the statute expires, then the plaintiff could not have been fraudulently induced by the defendant to postpone timely filing of his or her lawsuit. *See Peterson v. Fuller Co.*, 807 F.2d 151, 153 (8th Cir. 1986) ("Because the injuries for which plaintiffs seek recovery occurred *after* expiration of the ten-year period, plaintiffs could not have been fraudulently induced to postpone timely filing of their lawsuits. Thus, the theory of equitable tolling is unavailable . . . ."); *Brown v. Eli Lilly & Co.*, 690 F. Supp. 857, 860 (D. Neb. 1988) ("This estoppel based on fraudulent concealment is not available . . . because the alleged

5

fraudulently concealed information was not the reason that the case was not filed within the ten-year period, as the injury had not even been discovered during that period."); *Groth v. Sandoz, Inc.*, 601 F. Supp. 453, 456 (D. Neb. 1984) (stating that when plaintiff was not diagnosed until after statute of repose had extinguished her claim, any alleged concealment did not deprive plaintiff of opportunity to preserve or pursue her claim).

Here, because Plaintiff Hill alleges that he received his filter in December 2006, Dkt. 14141, at 2, and that he "was not given any indication of injury by the placement by the IVC device until April 5, 2017, when a review was performed by Dr. Khatti," Dkt. 14141, at 7, Plaintiff Hill was not diagnosed with his alleged injury until more than 10-years had elapsed. Consequently, by Plaintiff Hill's own admission, his alleged injury did not accrue before the 10-year repose period expired.[3] He therefore cannot rely on the doctrine of equitable estoppel to save his claims.

Plaintiff Hill's reliance on *MacMillen v. A.H. Robbins Co.*, 348 N.W.2d 869 (Neb. 1984), is also misplaced. As the court in *Groth* explained, "*MacMillen* is clearly distinguishable" from cases where the alleged injuries manifest only after the statue of repose had expired. 601 F. Supp. at 456. In *MacMillen*, the plaintiff was injured *prior* to the expiration date of the statute of repose, and was fraudulently prevented from filing a lawsuit before the expiration of the ten-year period. *See Groth*, 601 F. Supp. at 456. That is not the case here. Unlike in *MacMillen*, Plaintiff Hill did not learn of any injury until the statute of repose had already expired. Consequently, Plaintiff Hill cannot rely on the doctrine of equitable estoppel.

---

[3] Indiana's statute of repose can only be extended up to two years for claims that accrue between the eighth and tenth years. *See* Ind. Code § 34-20-3-1. Here, because the injury was not diagnosed until more than ten years had elapsed, Plaintiff Hill cannot take advantage of Indiana's two-year extension.

6

### III. Plaintiffs Did Not Adequately Plead Their Express Warranty Claims.

Although Plaintiffs are correct that to recover on an express warranty claim they need to show that the purchased goods failed to conform to the terms of the alleged express warranty, Dkt. 14141, at 12, Plaintiffs are *wrong* that this is *all* they need to show for their express warranty claims to survive a motion for judgment on the pleadings. Indeed, the very case Plaintiffs quote to support their argument notes that there are other things a plaintiff must show. *See Delgado v. Inryco, Inc.*, 433 N.W.2d 179, 183 (Neb. 1988) ("In order for a plaintiff to recover on a breach of express warranty, he must show, **amongst other things**, that the goods did not comply with the warranty, that is, that they were defective, and that his injury was caused by the defective nature of the goods." (emphasis added and internal quotations omitted)).

Specifically, in addition to showing that the purchased goods failed to conform to the terms of the alleged express warranty, Nebraska law requires plaintiffs to show that the alleged express warranty was part of the basis of the bargain between the parties. *See Vallejo v. Amgen, Inc.*, No. 8:14CV50, 2014 WL 4922901, at *8 (D. Neb. Sept. 29, 2014) (dismissing plaintiff's express warranty claim where plaintiff failed to allege that the alleged warranty was the basis of the bargain); *see also Freeman v. Hoffman-LaRoche, Inc.*, 618 N.W.2d 827, 844 (Neb. 2000) (same); *Wendy v. Beardmore Suburban Chevrolet, Inc.*, 366 N.W.2d 424, 428 (Neb. 1985) (noting that because the "express warranty must have been made part of the basis of the bargain, it is essential the plaintiffs prove reliance upon the warranty"). Here, Plaintiffs do not even attempt to argue that their complaints contain allegations that any express warranty was made the basis of any alleged bargain. *See* Dkt. 14141, at 12-14 (wrongly arguing instead that that Nebraska law does not require such allegations). Consequently, Plaintiffs express warranty claims should be dismissed.

### IV.  Plaintiffs Failed To Properly Plead Their Nebraska Consumer Protection Act Claims With The Specificity Required By Rule 9(b).

Plaintiffs do not dispute that their NCPA claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See* Dkt. 14141, at 14-15.  Instead, Plaintiffs attempt to argue that their Short Form Complaints satisfy the heightened requirements of Rule 9(b).  *Id.* at 15.  Specifically, Plaintiffs claim that because their Short Form Complaints contain information simply identifying the Plaintiffs, the date and location of their implants, the implanting physicians, and the specific type of filter each Plaintiff received, this somehow satisfies the requirement to plead the "who, what, when, where, and how" of the alleged fraud.  *Id.* at 15.  Plaintiffs are wrong.

Rule 9(b) requires a "plaintiff to state 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'"  *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)).  Only by incorporating this level of detail into a complaint can a plaintiff satisfy the "who, what, when, where, and how" of the alleged fraud.  *See id.*  Here, however, Plaintiffs' allegations do not even come close to satisfying these requirements.  Indeed, conspicuously absent are any allegations as to the content of the alleged fraudulent representations and how the alleged fraudulent representations were communicated to Plaintiffs.  *See* Dkt. 14141, at 15.  Plaintiffs have therefore failed to plead their NCPA claims with specificity as required by Rule 9(b).

### V.  The NCPA Does Not Apply To Medical Devices.

Finally, Plaintiffs take issue with the Cook Defendants' argument that the logic and holding of *In re ConAgra Foods, Inc.*, 908 F. Supp. 2d 1090, 1103-1104 (C.D. Cal 2012), should apply to bar application of the NCPA to medical devices in these two cases.  Plaintiffs' argument, however,

fails to explain how, why, and in what ways medical devices are not regulated by FDA so as to justify continued application of the NCPA to medical devices. At most, Plaintiffs vaguely suggest that "FDA does not [regulate] the root sources of many of Plaintiff's consumer fraud complaints," but then offer only one example: "inadequate clinical trials." Dkt. 14141, at 16. Plaintiffs, however, provide no explanation or support for the assertion that FDA does not regulate clinical trials. To the contrary, a quick glance at FDA's website suggests the opposite: "FDA has authority over clinical trials for drug, biologic, and medical device products regulated by the agency." *See* FDA, *FDA 101: Clinical Trials and Institutional Review Boards* (current as of Apr. 16, 2009), https://www.fda.gov/consumers/consumer-updates/fda-101-clinical-trials-and-institutional-review-boards.

Plaintiffs also suggest that the Cook Defendants' argument about the NCPA "is inappropriate for a Motion for Judgment on the Pleadings as it asks the Court to look beyond Plaintiff's complaint, to the operation of the FDA in the context of Cook's IVC filters." Dkt. 14141, at 16-17. Plaintiffs again are wrong. The Cook Defendants' argument relies on citations to laws and regulations setting forth FDA's authority to regulate medical devices, not factual evidence about how FDA actually regulates medical devices in its day-to-day work. Moreover, to the extent citations demonstrating FDA's regulatory authority over medical devices are deemed to be factual evidence outside the scope of Plaintiffs' complaints, the Court may take judicial notice of these facts. *See* Fed. R. Evid. 201(b)(1)-(2); *Ludy v. Eli Lilly & Co.*, No. 1:19-cv-04606, 2020 WL 3510811, at *1 n.1 (S.D. Ind. June 29, 2020) (taking judicial notice of information available on the FDA website); *Gray v. Stryker Corp.*, No. 1:12-cv-00437-TWP-DKL, 2013 WL 633120, at *3 (S.D. Ind. Feb. 20, 2013) (taking judicial notice of FDA approval letter for a medical device).

9

Thus, this Court should follow the rationale in *In re Conagra Foods, Inc.*, and find that the NCPA does not apply to medical devices regulated by FDA. *See* 908 F. Supp. 2d at 1103-1104.

## CONCLUSION

For the foregoing reasons, and the reasons stated in the Cook Defendants' original brief, the Court should dismiss with prejudice all claims brought by the above-captioned Nebraska Plaintiffs.

Respectfully submitted,

Dated: September 21, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, a copy of the foregoing **COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (NEBRASKA)** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*