IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCT
LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:
All Cases

## Order Amending "Rules, Policies, Guidelines Relating to Establishing Common Benefit Fee and Expense Fund

On March 16, 2016, the Court entered its *Rules, Policies, Guidelines Relating to Establishing Common Benefit Fee and Expense Fund*. [Filing No. 1246.] On April 15, 2019, the PSC moved the Court to amend its prior order. [*See* Filing No. 10442.] After reviewing all related filings and submissions, the Court **GRANTS IN PART** the PSC's motion and enters the following Order on the Common Benefit Fee and Expense Fund:

## I.   SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

This Order replaces the Court's prior Order entered March 16, 2016, [Filing No. 4748], in every respect, and will control in this litigation unless/until further Order of the Court.

### A.   Governing Principles and the Common Benefit Doctrine

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia, Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia, In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21  (5th Cir. 1977); and *In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987). Common benefit work product includes all work performed for the benefit of all plaintiffs including pre-trial matters, discovery, trial preparation, a potential settlement process, and all other work that advances this litigation to conclusion.

### B.   Application of this Order

This Order applies to all cases now pending, as well as to any case later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as *In re Cook Medical, Inc. IVC Filters Marketing, Sales Practices and Products Liability Litigation*, MDL 2570.

This Order further applies to each attorney who represents a plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court, regardless of whether the plaintiff's attorney signs the "Participation Agreement"

attached hereto as Exhibit A, and/or the "Joint Prosecution And Confidentiality Agreement" ("Joint Prosecution Agreement") attached hereto as Exhibit B. These attorneys are referred to as "Participating Counsel" throughout this Order.  This Order also applies to all present and future members of the "Plaintiffs' Leadership Counsel" by virtue of their appointment by the Court as Plaintiffs' Co-Lead/Liaison Counsel and State/Federal Liaison Counsel ("Plaintiffs' Co-Lead Counsel"), the Plaintiffs' Steering Committee (the "PSC"), and the Plaintiffs' Executive Committee (the "PEC").  These attorneys are also considered Participating Counsel per the terms of this Order.

This Order further applies to each attorney who uses or is given access to materials generated and/or developed in MDL 2570 regardless of whether the plaintiff's attorney signs the Participation Agreement and/or the Joint Prosecution Agreement. These attorneys are likewise referred to as "Participating Counsel" throughout this Order.

This Order further applies to any plaintiff's counsel who signs the Participation Agreement and/or Joint Prosecution Agreement. These attorneys are likewise referred to as "Participating Counsel" throughout this Order.

This Order further applies to any claim belonging to a person who is represented, or was represented, by Participating Counsel regardless of whether that claim or claims were filed in any court of competent jurisdiction or not.

This Order shall also apply to any private lienholder who obtains reimbursement from any plaintiff whose case is subject to this Order, because that

lienholder is benefiting from the common benefit work performed by Participating Counsel. Such entities shall be subject to this Order regardless of execution of the Participation Agreement or the Joint Prosecution Agreement, as they are seeking to obtain part of the recovery obtained by a plaintiff who is subject to this Order and the jurisdiction of this Court. Counsel for any private lienholder shall pay amounts consistent with the terms of Paragraph IV(B)(3) of this Order. Private lienholders' counsel shall not be eligible to make a claim to receive any distribution from the Common Benefit Fee Fund or the Common Benefit Cost Fund.

### C. Participation Agreement (Exhibit A) And Joint Prosecution Agreement (Exhibit B)

Exhibits A and B, attached hereto and incorporated herein, are voluntary agreements between and among plaintiffs' attorneys who have cases pending in the MDL and/or in state court. Said agreements are private and cooperative agreements between and among plaintiffs' attorneys only, and not Defendants or Defendants' counsel.

All plaintiffs' attorneys who currently have cases pending in any state court shall, within 30 days of this Order, designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of the Participation Agreement (Exhibit A hereto), and the Joint Prosecution Agreement (Exhibit B hereto). Any plaintiffs' attorney who does not yet have a Cook IVC Filter case filed in this Court shall designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of the Participation Agreement and the Joint Prosecution Agreement within 30 days of the

date their first case is filed in any state court, if that lawyer intends to voluntarily become a Participating Counsel at the fee and expense percentages set forth herein. Failure to execute Participation Agreement and Joint Prosecution Agreement indicating that an attorney will be a Participating Counsel within the time frame set forth in this paragraph may result in higher percentages for common benefit assessment as a result of such later participation. Any such higher percentages must be approved by the Court.

Participating Counsel who have also signed the Participation Agreement and Joint Prosecution Agreement shall be entitled to receive all common benefit work product of the services performed and expenses incurred by attorneys acting for the common benefit in this complex litigation. Counsel who choose not to execute said agreements are not entitled to receive common benefit work product and may be subject to an increased assessment on all Cook IVC Filters cases in which they have a fee interest if they receive common benefit work product or otherwise benefit by the work performed by Participating Counsel. Any such higher percentages must be approved by the Court. The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations may include counsel who are Participating Counsel. The Participation Agreement, Joint Prosecution Agreement, and this Order shall not be cited by a party to either agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

Once any plaintiff's counsel is determined to be "Participating Counsel," whether by virtue of representing a plaintiff in MDL 2570, signing the Participation Agreement or Joint Prosecution Agreement, and/or by using materials generated and/or developed in MDL 2570, that counsel and his client are required to pay the Common Benefit Assessment set out in this Order for any case/claim that is settled regardless of whether that case/claim is pending in MDL 2570, is pending in a state court, is pending is another federal District Court, or has yet to be filed in any court.

II.    **COMMON BENEFIT EXPENSES**

A.    **Qualified Time and Expenses Eligible for Reimbursement**

To be eligible for reimbursement, common benefit time and expenses must meet the requirements of this section and the limitations set forth in the Participation Agreement and Joint Prosecution Agreement. Specifically, the time and expenses must be: (a) for the common benefit; (b) appropriately authorized (as defined in footnote 1 of the Participation  Agreement); (c) timely submitted within the defined limitations set forth in this Order; and (d) verified by a partner or shareholder in the submitting firm.

Time and expense submissions are to be made on the 15th day of each month, beginning on February 15, 2016, at which date all qualifying time and expenses up to and including January 31, 2015 must be submitted to Plaintiffs' Co-Lead Counsel. Thereafter, each submission should contain all time and expenses incurred during the calendar month prior to the submission date (i.e., the February 15, 2016 submission should include all time and expenses incurred during the month of January, 2016), all time and expense submissions should be accompanied by

contemporaneous records and verified by a partner or shareholder in the submitting firm. Submissions of time and expense made after the 15th day of the month following the month in which the time or expense were incurred may be rejected. Only time and expense as defined in the Participation Agreement and the Joint Prosecution Agreement will be considered and recognized for common benefit consideration.

Only that time and those expenses incurred for the common benefit of all cases consistent with the terms of this Order shall be considered for common benefit reimbursement at the end of the litigation.

**B.      Shared and Held Common Benefit Expenses**

**1.      Shared Costs**

Shared Costs are costs incurred for the common benefit of all plaintiffs. Shared Costs will be paid out of a separate Cook IVC Filters Operating Expense Fund established and administered by Plaintiffs' Co-Lead Counsel and funded by all members of the PSC and others as determined by Plaintiffs' Co-Lead Counsel. All Shared Costs must be approved by Plaintiffs' Co-Lead Counsel prior to payment. Shared Costs include: (a) certain filing and service costs; (b) deposition, court reporter, and video technician costs for non-case-specific depositions; (c) costs necessary for creation and maintenance of a document depository, the operation and administration of the depository, the search, categorization and organization of documents, depositions and evidence, and any equipment required for the depository; (d) Plaintiffs' Co-Lead Counsel administrative matters (e.g., expenses for equipment, technology, courier services, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC group administration matters such as

meetings and conference calls; (f) accountant and administrative consulting and auditing fees; (g) generic expert witness and consultant fees and expenses; (h) printing, copying, coding, scanning (out of house or extraordinary firm cost); (i) research by outside third-party vendors/consultants/ attorneys; (j) translation costs; (k) bank or financial institution charges; (l) certain investigative services, (m) special master and/or mediator charges, and (n) such other costs as the Court deems appropriate for the efficient prosecution of this MDL common to all plaintiffs.

### 2. Held Costs

Held Costs are those that will be carried by each Participating Counsel in MDL 2570. Held Costs are those that do not fall into any of the above categories of shared costs but are incurred for the benefit of all plaintiffs. Held costs can also include unreimbursed, but authorized, shared costs. No specific client-related costs shall be considered as Held Costs, unless the case is determined by Plaintiffs' Co- Lead Counsel to be a "common benefit case," e.g., certain bellwether cases as determined by Plaintiffs' Co-Lead Counsel.

### C. Authorization and Submission

The Participation Agreement sets forth the guidelines for authorizing and submitting expenses for the common benefit. All Participating Counsel seeking reimbursement of Held Expenses shall follow those guidelines.

### D. Limitations on Expenses

### 1. Travel Limitations

Except in extraordinary circumstances approved in advance by Plaintiffs' Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

       i.     <u>Airfare</u>: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights, which requires prior approval by Plaintiffs' Co-Lead Counsel to be considered for reimbursement. Use of a private aircraft will not be reimbursed. If Business/First Class Airfare is used on domestic flights, then the difference between the Business/First Class Airfare must be shown on the travel Reimbursement form, and only the coach fare will be reimbursed.

       ii.     <u>Hotel</u>: Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

       iii.     <u>Meals</u>: Meal expenses, including gratuities, must be reasonable, and shall not exceed $75 per day per person. There will be no reimbursement for alcoholic beverages, mini-bar items, or movies.

       iv.     <u>Cash Expenses</u>: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, if the expenses are properly itemized.

       v.     <u>Rental Automobiles</u>: Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non- luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger-sized vehicle

is needed to accommodate several counsel, or equipment.

vi.    <u>Mileage</u>: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 50.5¢ per mile).

**2.     Non-Travel Limitations**

i.     <u>Shipping, Courier, and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

ii.     <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

iii.     <u>Telefax Charges</u>: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

iv.     <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15¢ per page.

v.     <u>Computerized Research – Lexis/Westlaw</u>: Claims for Lexis or Westlaw, and other computerized legal research expenses, should be in the exact amount charged to or allocated by the firm for these research services.

**E.     Verification**

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that the expense was incurred and paid for the common benefit.

### III.   COMMON BENEFIT WORK

#### A.   Qualified Common Benefit Work Eligible for Reimbursement

Only Participating Counsel who execute the Participation Agreement and Joint Prosecution Agreement are eligible for reimbursement for time and efforts expended for the common benefit. Participating Counsel who execute the Participation Agreement and Joint Prosecution Agreement shall be eligible for reimbursement for time and efforts expended for common benefit work if said time and efforts are: (a) for the common benefit; (b) appropriately authorized (as described in footnote 1 of the Participation Agreement); (c) timely submitted; and (d) verified by a partner or shareholder in the submitting firm.

#### B.   Compensable Common Benefit Work Defined

As the litigation progresses and common benefit work product continues to be generated, Plaintiffs' Co-Lead Counsel may assign Participating Counsel with common benefit work; common benefit work shall include only work specifically assigned. Examples of common benefit work include, but are not limited to, legal research and briefing, authorized court appearances, special projects, meetings, conference calls, maintenance and working in the depository; review and document coding; preparing, responding to, and dealing with common-benefit discovery; expert

retention and development authorized by Co-Lead Counsel; preparing for and conducting authorized depositions of Defendants, third-party witnesses, and experts; and activities associated with preparation for trial and the trial of any cases designated as "common benefit trials" by Plaintiffs' Co-Lead Counsel.

### C.    Authorization and Time Keeping

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to the guidelines set forth in the Participation Agreement and approved by Plaintiffs' Co-Lead Counsel.

## IV.    PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A.    Establishing the Fee and Expense Funds

At an appropriate time, Plaintiffs' Co-Lead Counsel shall ask the Court to direct that two interest-bearing accounts be established to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "Cook IVC Filters Fee Fund" and the second fund shall be designated the "Cook IVC Filters Expense Fund." These funds will be held subject to the direction of this Court.

By prior Order of this Court, the Court appointed BGBC, LLP (the "CPA") to serve as escrow agent over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. [*See* CMO #16, Filing NO. 1666.] The CPA shall submit quarterly detailed bills to the Court and to Plaintiffs' Co-Lead Counsel. Upon approval by the Court, the CPA's bills shall be paid from the Cook IVC Filters Expense Fund and shall be considered a shared cost. The CPA shall keep all information regarding the Funds

confidential.  The Plaintiffs' Liaison Counsel shall provide a copy of this Order and later orders to the CPA.

### B.    Payments into the Fee and Expense Funds

### 1.    General Standards

All plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to Cook IVC Filters claims are subject to an assessment of the gross monetary recovery, as provided herein.

### 2.    Gross Monetary Recovery

Gross monetary recovery includes any and all amounts paid to plaintiffs (either directly or through plaintiffs' counsel) by Defendants through a settlement or pursuant to a judgment. In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the Defendants; (b) include any payments to be made by the Defendants on an intervention asserted by third- parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all the cases of the plaintiffs' attorneys who are subject to this Order, whether as sole counsel or co-counsel, including cases pending in the MDL, pending in state court, unfiled, or tolled.

### 3.    Assessment Amount

The assessment amount shall be 10% of any gross settlement amount ("Assessment Amount"). The 10% assessment shall be paid from the Gross Monetary Recovery in a *pro rata* fashion in accordance with the attorney-client agreement between each plaintiff and her counsel. For example, if a plaintiff's Gross Monetary Recovery is $100.00 and that plaintiff is required to pay a 40% contingency fee to her lawyer, the Gross Monetary recovery would be apportioned as follows: $10.00 would be paid to the Common Benefit Fund; $54.00 would be paid to the plaintiff (60% of the remaining $90.00); and, $36.00 would be paid to the plaintiff's lawyer (40% of $90.00).[1]  The assessment represents a holdback. *In re Zyprexa Prods. Liab. Litig.*, 267 F. Supp. 2d 256 (E.D.N.Y. 2006). Plaintiffs' Co-Lead Counsel and the Plaintiffs' Steering Committee agree that this amount shall not be altered, changed, or modified at any time after the date of this Order without Defendants' consent and/or further order from this Court.

If any counsel fails to timely execute the Participation Agreement and Joint Prosecution Agreement, such counsel and members of his/her firm may be subject to an increased assessment by the Court should the Court determine an increased assessment is appropriate. Moreover, if a Non-Participating Counsel receives common benefit work product or otherwise benefits from the common benefit work

---

[1] This example assumes that plaintiff's counsel has incurred no reimbursable litigation expenses. This Order should not be read to eliminate any client's responsibility to reimburse his or her counsel for litigation expenses if such a responsibility is set forth in that client's representation agreement.

product, the Court may order such counsel and the cases in which she/he has a fee interest be subject to an assessment.

### 4.      Establishing Participating Counsel

Cook has provided Plaintiffs' Co-Lead Counsel with a list of all currently pending state court cases and their corresponding counsel of record. By October 9, 2020, Plaintiffs' Co-Lead Counsel must provide Cook and the Court-appointed CPA, as well as the Court or its designee, with a list of all counsel in pending state court cases who have signed the Participation Agreement and Joint Prosecution Agreement and are therefore considered "Participating Counsel" under the terms of this Order. This same list shall be made available to all plaintiffs' counsel with cases in this MDL, as well as any other plaintiffs' counsel who signs the Participation Agreement and Joint Prosecution and Confidentiality Agreement, upon request.  In the event there is a dispute as to whether a case should be on the list, Plaintiffs' Co-Lead Counsel shall seek to resolve the matter with the particular plaintiff's counsel informally, and if that is unsuccessful, upon plaintiff's motion to the Court.

By October 9, 2020, Cook will provide Plaintiffs' Co-Lead Counsel with a list identifying the protective orders in the MDL governing the confidentiality of Cook company documents (the "PO List"). Within 30 days of receiving the PO List, Plaintiffs Co-Lead Counsel must certify that all Participating Counsel have been provided with the PO List and reminded that the Participation Agreement requires Participating Counsel to comply with any protective orders entered by the Court governing the confidentiality of documents produced by Cook, and by signing the Participation Agreement they have agreed to protect the confidentiality of any Cook

company document they may be provided during the course of this litigation. By order of this Court, all future and current Participating Counsel are deemed to have agreed to the terms of the relevant protective orders.

## V.     DEFENDANTS' OBLIGATIONS

### A.     State Court:

If a Cook IVC filter case is filed in state court after September 15, 2020, by an attorney who: (1) has not already appeared as counsel in the MDL; and (2) has not been designated by the PSC previously as Participating Counsel:

1.     Defendants must send a copy of the state court complaint to Plaintiffs' Co-Lead Counsel within seven (7) days of service.

2.     Plaintiffs Co-Lead Counsel must then notify Defendants and the Court-appointed CPA within thirty (30) days thereafter whether or not counsel in the newly-filed case has signed the Participation Agreement and is therefore considered "Participating Counsel."

3.     Plaintiffs' Co-Lead Counsel shall provide Participating Counsel with the PO List and all protective orders in the MDL that govern the confidentiality of any Cook company documents, and Plaintiffs' Co-Lead Counsel shall assure that all Participating Counsel agree to protect the confidentiality of any Cook company documents they may be provided during the course of this litigation in accordance with the Court's protective orders.

4.     Should Plaintiffs Co-Lead Counsel fail to notify Defendants in accordance with (2), plaintiffs' counsel shall be considered to be "Non-Participating Counsel," unless Plaintiffs' Co-Lead Counsel and the Non-Participating Counsel

jointly notify Defendants that Non-Participating Counsel has later executed the Participation Agreement and been provided all relevant protective orders.

      **B.**    **Resolution with Participating and Non-Participating Counsel:**

          1.    <u>Participating Counsel</u>: Defendants and their counsel shall (a) notify Plaintiffs' Co-Lead Counsel in writing of the name(s) of the plaintiff's attorney with whom any settlement is reached, (b) distribute any settlement proceeds to the plaintiff(s) (or anyone on behalf of a plaintiff, including plaintiff's counsel), within the time-frame set forth in the applicable settlement agreement, and (c) pay the Assessment Amount as outlined in paragraph (3) below.

          2.    <u>Non-Participating Counsel</u>: Defendants and their counsel shall notify Plaintiffs' Co-Lead Counsel in writing should Defendants reach a settlement with any Non-Participating Counsel. Plaintiffs' Co-Lead Counsel shall notify Defendants within seven (7) days if they believe the settlement is subject to the Assessment Amount. Should Plaintiffs' Co-Lead Counsel fail to notify Defendants within seven (7) days that the settlement is subject to the Assessment Amount, Defendants shall pay the settlement amount in full (and without withholding an Assessment Amount) according to the terms of the relevant settlement agreement. Should Plaintiffs' Co-Lead Counsel notify Defendants of their good faith belief the settlement with Non-Participating Counsel is subject to the Assessment Amount, Cook shall withhold the Assessment Amount unless and until this Court or the court where the case was pending at the time of settlement orders otherwise. Upon a showing of bad faith or gross negligence, Cook may seek relief from this Court for any fees or expenses incurred by Cook in litigation related to a dispute between Plaintiffs'

Co-Lead Counsel or the PSC and any plaintiffs' counsel regarding whether Cook should pay an Assessment Amount on the settlement.

        3.    <u>Payment of the Assessment Amount</u>: Defendant shall pay the Assessment Amount within seven (7) days of payment to any settling plaintiff or claimant as follows:

> **Payee:**             **Cook MDL 2570 PSC Funds**
>
> **Address:**         **BGBC Partners LLP**
>                           **Attn: Sam Pollum**
>                           **300 N. Meridian St. Ste. 1100**
>                           **Indianapolis, IN 46204**

If, for any reason, the Assessment Amount is not or has not been withheld, the plaintiff and his/her counsel are jointly responsible for paying the assessment into the Fund promptly.

        4.    <u>Other Obligations</u>: The Court-appointed CPA shall keep track of deposits into the Funds. Plaintiffs' Co-Lead Counsel shall provide Magistrate Judge Tim A. Baker, Southern District of Indiana, quarterly reports showing the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance. Should a dispute arise as to whether the Assessment Amount has been appropriately withheld by Defendants, Plaintiffs may request that Cook submit for confidential review by Judge Baker the amounts of the settlement assessment and any other information Judge Baker deems necessary to determine whether the appropriate amount has been assessed and paid into the Fund.

## VI.    <u>DISTRIBUTIONS</u>

## A.      Court Approval

The amounts deposited into the Common Benefit Fund shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit in accordance with this Order, the Participation Agreement, and the Joint Prosecution Agreement. No amounts will be disbursed without review and approval by the Court, or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of this Court. This Court retains jurisdiction over any common benefit award or distribution.

## B.      Application for Distribution

Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court. Any Counsel who does not sign the Participation Agreement and Joint Prosecution Agreement shall not be eligible to receive common benefit payments for any work performed or expenses incurred.

At the appropriate time, this Court shall request that Plaintiffs' Co-Lead Counsel make recommendations to this Court for distributions to Participating Counsel who have performed common benefit work. Plaintiffs' Co-Lead Counsel may employ the services of an agreed-upon independent expert, and after approval of the Court, will serve in an advisory and consulting capacity to Co-Lead Counsel and the PSC to periodically audit the time submissions of Participating Counsel whose consultation and advice regarding billing practices will be shared with Participating Counsel so as to ensure the appropriate methods, content, and substance of time submissions consistent with the guidelines set forth in this Order. Plaintiffs' Co-Lead

Counsel, in consultation with the independent third-party expert, shall determine the most fair and efficient manner by which to evaluate all the time and expense submissions in making its recommendation to this Court. This Court will give due consideration to the recommendation of the Plaintiffs' Co- Lead Counsel in conjunction with such expert consultation, advice, and recommendations.

To the extent the billing records of any Participating Counsel or any plaintiff's attorney are shared with Plaintiff's Co-Lead Counsel, the CPA, the retained independent expert, or the Court (subject to appropriate protections when filing), they retain their status as work product materials and are not discoverable by Defendants.

## VII.   QUARTERLY REPORTS TO THE COURT

Plaintiffs' Co-Lead Counsel shall provide the Court with reports on the fees and expenses submitted by various plaintiffs' counsel for eventual reimbursement from the common fund in this case as directed by the Court. The reports shall be organized so the Court can review the attorneys' fees incurred for various categories of work in the case, and the attorneys who incurred then, and so the Court can review the expenses submitted for reimbursement.

Dated this 21st day of September 2020.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.