# COOK IVC FILTER LITIGATION COMMON BENEFIT PARTICIPATION AGREEMENT

THIS AGREEMENT is made by and between Plaintiffs' Leadership Counsel appointed by the United States District Court for the Southern District of Indiana (Indianapolis Division) in MDL 2570 and _____ (the "Participating Counsel").

WHEREAS, the United States District Court for the Southern District of Indiana has appointed Plaintiffs' Leadership Counsel (Consisting of Co-Lead Counsel, the Plaintiffs' Executive Committee and the Plaintiffs' Steering Committee and Liaison Counsel), to facilitate and conduct pretrial proceedings in the federal actions relating to the use, marketing, and sales of Cook IVC Filters; and

WHEREAS, The Plaintiffs' Leadership Counsel, in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product that will be valuable in all Cook IVC Filter cases and benefit all plaintiffs alleging injury caused by the use of Cook IVC Filters ("Common Benefit Work Product"); and,

WHEREAS, the Participating Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the Plaintiffs' Leadership Counsel for the mutual benefit of their clients;

NOW THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

I.   **SCOPE OF AGREEMENT**

   A.   **Purpose**

   This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product. Any plaintiffs' attorney who executes this Agreement ("Participating Counsel") is entitled to receive the Common Benefit Work Product created by those attorneys who have also executed, or have been deemed to have executed, the Participation Agreement regardless of the venue in which the attorney's cases are pending.

   B.   **Rights and Obligations of Participating Counsel**

   Upon execution of this Participation Agreement, Plaintiffs' Leadership Counsel will provide Participating Counsel access to the Common Benefit Work Product, including access to the document depository, and full access and availability of work product. Participating Counsel agrees that all cases in which Participating Counsel has a fee interest, including unfiled cases, tolled cases, and/or cases filed in state and/or federal court, are subject to the terms of the Participation Agreement.

   Participating Counsel shall produce a list that correctly sets forth the name of each client represented by Participating Counsel and/or in which Participating Counsel has an interest in the attorney fee, regardless of what that interest is, who has filed a civil action arising from the use, marketing, and/or sale of Cook IVC Filters. Such list shall include the court and docket number of each such case.

   Participating Counsel shall also produce a list that contains the name of each client represented by Participating Counsel and/or in which Participating Counsel

has an interest in the attorney fee, regardless of what that interest is, who has **not** yet filed a civil action but who has a claim or potential claims against Defendants arising from the use, marketing, and/or sale of Cook IVC filters.

Participating counsel shall supplement the lists on a quarterly basis and provide the lists to plaintiffs' Co-lead Counsel. The initial list shall be provided within 15 days of signing this Agreement and must be supplemented every 90 days thereafter.

## II. AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY

Subject to the terms of this Agreement, the provisions set forth below, and the terms of any CMO, all plaintiffs and their attorneys who agree to settle, compromise, dismiss, or reduce the amount of a claim, or with or without trial, recover a judgement for monetary damages or other monetary relief, including compensatory and punitive damages, for any Cook IVC Filter claims are subject to an assessment of the Gross Monetary Recovery, as provided herein.

### A. Assessment Amount

The assessment amount shall be 10% of any gross settlement amount ("Assessment Amount"). The 10% assessment shall be paid from the Gross Monetary Recovery in a *pro rata* fashion in accordance with the attorney-client agreement between each plaintiff and her counsel. For example, if a plaintiff's Gross Monetary Recovery is $100.00 and that plaintiff is required to pay a 40% contingency fee to her lawyer, the Gross Monetary recovery would be apportioned as follows: $10.00 would be paid to the Common Benefit Fund; $54.00 would be paid to the plaintiff (60% of

the remaining $90.00); and, $36.00 would be paid to the plaintiff's lawyer (40% of $90.00).[1] The Assessment represents a holdback. *See in re Zyprexa Prods. Liab. Litig.* 267 F.Supp.2d 256 (E.D.N.Y. 2006). By entering this Participation Agreement, the undersigned understands and avers not to move, join, or otherwise support a motion that seeks a common benefit fee assessment in excess of 10%.

All plaintiffs' counsel with a case pending in this MDL or in any state court, shall execute this Participation Agreement and Joint Prosecution Agreement within 30 days of the entry of the "Order Amending 'Rules, Policies, Guidelines Relating to Establishing Common Benefit Fee and Expense Fund.'" Any plaintiffs' attorney who does not yet have a Cook IVC Filter case filed in any state or federal court shall execute this Participation Agreement (a) within 30 days of the date their first case is filed in or otherwise docketed in the MDL Court via transfer or removal, or (b) within 30 days of the date their first case is filed in any state court.

Failure to execute the Participation Agreement within these time frames may result in an increased assessment as determined by Plaintiffs' Co- Lead counsel and subject to the Court's approval. All Participating Counsel must also agree to comply with any protective orders entered by the Court governing the confidentiality of documents produced by Cook in this litigation.

---

[1] This example assumes that plaintiff's counsel has incurred no reimbursable litigation expenses. This Order should not be read to eliminate any client's responsibility to reimburse his or her counsel for litigation expenses if such a responsibility is set forth in that client's representation agreement.

### B. Gross Monetary Recovery Defined

Gross Monetary Recovery incudes any and all amounts paid to plaintiffs (directly or through plaintiffs' counsel) by Defendants through a settlement or pursuant to a judgment. In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs that are to be paid by the Defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future.

### C. Covered Cases

The assessment amount set forth above and in the related Order shall apply to all cases now pending or later filed in, transferred to, or removed to the MDL Court and treated as Part of the coordinated Proceeding known as *In re: Cook IVC Filters Marketing, Sales Practices and Products Liability Litigation,* MDL 2570, regardless of whether the plaintiffs' attorney is either Participating or Non-Participating Counsel. This agreement supersedes and replaces any prior Common Benefit Participation Agreement in every respect. Counsel who sign this Participation Agreement further agree that the assessment shall apply to all un-filed cases, tolled cases, and/or cases filed in state court in which they have a fee interest, regardless of the size of that fee interest.

Non-Participating Counsel are not required to pay an assessment on state court cases or on un-filed cases. However, counsel who do not sign the Participation Agreement are not entitled to receive Common Benefit Work Product, and may be subject to an increased assessment on all Cook IVC Filters cases in which they have a fee interest if they receive any Common Benefit Work Product or otherwise benefit from the Work Product created by Plaintiffs' Leadership Counsel and other Participating Counsel working with the MDL. Non-Participating Counsel shall not be eligible to receive Common Benefit payments for any work performed or expenses incurred.

**D.     Attorney Fee Lien**

With respect to each client represented in connection with Cook IVC Filter-related claims that are filed or pending in and Federal court, are un-filed, or are subject to a tolling agreement, each Participating Counsel shall agree to deposit or cause to be deposited in the Cook MDL 2570 PSC Fund approved by the District Court in the MDL a percentage of the gross amount recovered by each such client that is equal to the assessment amount. Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to Plaintiffs" Leadership Counsel a lien upon and/or a security interest in any fee generated as a result of any recovery by any client who they represent in connection with any Cook IVC Filters-induced injury and Cook IVC Filters marketing and sales practices, to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Agreement. Participating Counsel will undertake all actions and execute all

documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

### E. Attorney-Client Contracts

Both the Plaintiffs' Leadership Counsel and Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the type of settlement or conclusion eventually made in either state or federal cases, Plaintiffs' Leadership Counsel will recommend to this Court that appropriate consideration will be given to individual case contracts between attorneys and their clients.

## III. COMMON BENEFIT EXPENSES

### A. Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must be: (a) for the common benefit; (b) appropriately authorized[2] and timely submitted; (c) within the defined limitations set forth in this Participation Agreement and associated Order, and (d) verified by a partner or shareholder in the submitting law firm.

### B. Authorization and Submission Expenses

Participating counsel must submit expenses consistent with the Order of the Court. Expenses incurred on matters common to all claimants in MDL 2570 and

---

[2] For the purposes of this Participation Agreement, "authorized" or "approved" in terms of common benefit expenses and common benefit work shall mean authorized and approved by Plaintiffs' Co-Lead Counsel.

assigned by Plaintiffs' Co-Lead Counsel of the MDL may be submitted for reimbursement.

### C.   Verification

The forms detailing expenses shall be certified by a senior partner in each firm, and such certification should attest to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that the expense was incurred and paid for the common benefit.

Cost records shall be electronically submitted to Plaintiffs' Co-Lead Counsel on a monthly basis. Untimely submission of cost records will result in a waiver of said costs. Unsubstantiated costs may be disallowed, as recommended by Plaintiffs' Co-Lead Counsel.

## IV.   COMMON BENEFIT WORK

### A.   Common Benefit Work Eligible for Reimbursement

In order to be eligible for reimbursement, time expended must be: (a) for the common benefit; (b) appropriately authorized (see Footnote 2 supra); (c) timely submitted; and (d) verified by a partner or shareholder in the submitting law firm. Moreover, if counsel fails to timely submit capital contributions as may be requested by Plaintiffs' Co-Lead Counsel throughout this litigation, such counsel and members of his/her firm shall not be allowed to submit common benefit time or expenses for reimbursement.

### B. Counsel Involved

Participating Counsel are prohibited from sharing Common Benefit Work Product with Non-Participating Counsel, as defined herein. Counsel eligible to perform common benefit work includes Plaintiffs' Co-Lead Counsel, members of the PSC and PEC and Liaison Counsel, Co-Chairs and authorized members of MDL Committees, and other Participating Counsel.

### C. Authorization

Time spent on matters common to all claimants in the MDL must be assigned by Plaintiffs' Co-Lead Counsel, directly or via authority specifically provided by Plaintiffs' Co-Lead Counsel to a Chair or Co-Chair of a sanctioned committee to be eligible for consideration as common benefit time. No time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted; nor should time spent on unauthorized work be submitted for consideration.

  **(1) Examples of Authorized and Unauthorized Work**

  a. <u>Depositions of corporate witnesses</u>: Any attorney not designated as one of the authorized questioners or otherwise authorized to attend a deposition on behalf of the PSC shall not submit time or expenses for preparing or for

    attending such deposition, as such attendance is deemed to be on behalf of that attorney's individual clients.

b.  <u>Periodic PSC, PEC, MDL or Full-Committee Conference Calls / Meetings</u>: Such calls and meetings are held so that individual attorneys are kept up-to-date on the status of the litigation, therefore participation by listening to such calls is not common benefit work. Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients and that is a reason to participate in such calls and meetings. The attorneys designated by Plaintiffs' Co-Lead Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered common benefit time. Nothing in this paragraph shall be construed to prevent members of the PSC or PEC from submitting common benefit time for participation in PSC or PEC communications that are germane to all members of the PSC of PEC and are necessary to fulfill their PSC or PEC obligations.

c.  <u>Periodic Status Conferences</u>: Periodic status conferences are held so that the litigation continues to move forward and legal issues are resolved with the Court. Individual

attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation, but participation by attending and listening to such conferences is not common benefit work. Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time, nor shall participation in such status conferences via telephone be considered common benefit time. The attorneys designated by Plaintiffs' Co-Lead Counsel to address issues that will be raised at a given status conference or requested by Plaintiffs' Co-Lead Counsel to be present at a status conference are working for the common benefit and their time will be considered common benefit time.

d. <u>Identification and Work Up of Experts</u>: Participating Attorneys are encouraged to identify experts in consultation with the Co-Chairs of the responsible committees. If a Participating Attorney travels to and retains an expert without the knowledge and approval of the Plaintiffs' Co- Lead Counsel, the MDL may not need that expert, and the associated time and expense may not

        be considered the common benefit expenses/work, and therefore may not be compensable.

e. <u>Attendance at Various Seminars</u>: Attendance at a seminar that has an agenda item about the Cook IVC Filters litigation is not common benefit work or a common benefit expense.

f. <u>Document Review</u>: In the MDL, only document review specifically assigned to an attorney and authorized by Plaintiffs' Co-Lead Counsel or one of the co-chairs of a sanctioned Committee will be considered common benefit work. If an attorney elects to review documents that have not been assigned to that attorney by Plaintiffs' Co-Lead Counsel or one of the Committee Co-Chairs, that review is not considered common benefit work.

g. <u>Review of Pleadings and Orders</u>: Each Attorney has an obligation to stay informed about the litigation so they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by Plaintiffs' Co-Lead Counsel to review and summarize those pleadings of orders for the MDL are working for the common benefit, and their time will be considered common benefit time. All other counsel are

        reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit work. Nothing in this shall be constructed to prevent members of the PSC or PEC from submitting common benefit time for reviewing orders that are germane to all members of the PSC and review of which is necessary to fulfill their PSC obligations.

h. <u>Review of Discovery Responses</u>: Each attorney has an obligation to stay informed about the litigation so they can best represent their clients, and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by Plaintiffs' Co-Lead Counsel to review and summarize discovery responses for the MDL are working for the common benefit, and their time will be considered common benefit time. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit work.

i. <u>Bellwether Trials</u>: While the work-up of individual cases is not considered common benefit work, in the event that a case is selected as part of an approved bellwether trial process in the MDL, or state court proceeding, the time and

expenses in trying the case (including work performed as part of the approved bellwether process) may be considered common benefit work at the discretion of Plaintiffs' Co-Lead Counsel.

**D.     Time Keeping and Submission of Time Records**

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep a daily record of time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location and particular activity (such as "conducted deposition of John Doe"). Time entries must include task-based billing and allocate time to particular tasks; block billing of time will not be accepted. Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in tenth-of-an-hour increments. Time submissions will be audited by Plaintiffs' Co-Lead Counsel and a retained independent expert.

These guidelines are intended for all activities performed and expenses incurred by Participating Counsel in MDL 2570.

1.  All time submissions must be incurred only for work authorized under this Participation Agreement, or as set forth in the Joint Prosecution Agreement.

2.  All time submissions must be made in the form provided or in the manner required by the Plaintiffs' Co-Lead Counsel.

3. Time and expense submissions are to be made on the 15th day of each month. Each submission should contain all time and expenses incurred, during the calendar month prior to the submission date (i.e., the February 15, 2016 submission should include all time and expenses incurred during the month of January 2016).

4. All time and expense submissions should be accompanied by contemporaneous records and verified by a partner or shareholder in the submitting firm. Submissions of time and expense made after the 15th day of the month following the month in which the time or expense were incurred may be rejected.

5. All time submissions must be electronically sent in the designated form to the attention of Plaintiffs' Co-Lead Counsel so they can be reviewed, complied, and submitted to the Court at the appropriate time.

6. Failure to provide submissions in a timely manner may result in a waiver of attorney fees and expenses claimed for the time period that is the subject of the submission. Failure to submit time and expense records in the format approved by Plaintiffs' Co-Lead Counsel and the PSC may result in a notice of deficiency, after which the submitting firm shall have 15 days to cure the deficient submission. Absent prior approval from Plaintiffs' Co-Lead Counsel or special circumstances, failure to cure the deficiency within the fifteen-day period shall result in (a) that month's submission being rejected, and (b) the submitting firm

  waiving compensation for the time and expenses submitted that month. Upon a determination by Plaintiffs' Co- Lead Counsel that a Participating Law Firm repeatedly fails to comply with the requirement to timely submit time and expense records in the required format, that Participating Law Firm may be barred from performing future common benefit work.

7. Time spent compiling the data for the time and expense submissions is not considered common benefit time and shall not be submitted.

E. **Distribution of Fees**

  1. <u>No Individual Right of the Funds</u>: No party or attorney has any individual right to any common benefit funds except to the extent directed by Order of The MDL Court. Common benefit funds will not constitute the property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed by court order. These limitations do not preclude a party or Attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Agreement.

  2. <u>Court Approval</u>: The amounts deposited in the Cook IVC Filters Fee Fund shall be available for distribution to attorneys who have

performed professional services or incurred expenses for the common benefit. The MDL Court retains jurisdiction over any common benefit award. Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and reimbursement prior to any recommendation to the Court. It is expected that due consideration of payment of common benefit fees and expenses will be given to the recommendation of Plaintiffs' Co-Lead Counsel, after consultation and recommendations of court- approved third-party special master, by the MDL court.

Date: _____  
                                                     _____  
Firm Name: Attorney's Name:

PLAINTIFFS' LEADERSHIP COUNSEL

Date: _____  
                                                     _____  
Michael W. Heaviside  
Plaintiffs' Co-Lead Counsel

Date: _____  
                                                     _____  
Ben Martin  
Date: _____  Plaintiffs' Co-Lead Counsel

Date: _____  
                                                     _____  
David P. Matthews  
Plaintiffs' Co-Lead Counsel