# JOINT PROSECUTION AND CONFIDENTIALITY AGREEMENT

## In re Cook IVC Filters Litigation

This Joint Prosecution Agreement ("Agreement") is made and entered into by and between (1) The Plaintiffs' Leadership Counsel (consisting of Plaintiffs' Co- Lead Counsel, The Plaintiffs' Executive Committee, and the Plaintiffs' Steering Committee and Plaintiff's Liaison Counsel) as appointed by the Court in The United States District Court for the Southern District of Indiana, Indianapolis Division in MDL 2570 and (2) _____ ("the Plaintiffs' Attorney/Firm").

**WHEREAS,** all federal actions relating to Cook manufactured inferior vena cava filters have been consolidated before and transferred to Judge Young in MDL No. 2570,

**WHEREAS,** Judge Young has ordered that Plaintiffs establish their leadership structure to facilitate the conduct of pretrial proceedings in MDL No. 2570,

**WHEREAS,** the Court has appointed Leadership Counsel for MDL No. 2570, consisting of Lead Co-Counsel, and a Plaintiff Steering Committee, and a Plaintiffs' Executive Committee, and Plaintiff's Liaison Counsel,

**WHEREAS,** the Plaintiffs' Leadership Counsel have completed a significant amount of discovery and litigation preparation work product that will be beneficial to the litigation of state and federal court proceedings involving Cook IVC Filters including:

1. Taking corporate depositions,
2. Creating and maintaining a document depository,
3. Reviewing multiple document productions,

    4.    Creating a database and spreadsheet of the most relevant documents,

    5.    Preparing and arguing discovery motions,

    6.    Challenging privilege claims of work product and attorney-client privilege,

    7.    Vetting and retaining multi-discipline expert witnesses,

    8.    Participating in multiple telephonic and in-person Status Conferences with the Court.

    9.    Trying several multi-week bellwether trials.

**WHEREAS,** the undersigned Plaintiff's Attorney/Firm represent individual claimants who have been or may be injured as a consequence of their Cook manufactured IVC Filter and the Plaintiffs Attorney/Firm has filed either or both a state court and/or federal court action on behalf of one or more clients, or are in the process of doing so.

**WHEREAS,** the undersigned Plaintiffs Attorney/Firm are desirous of acquiring the above described work product created by Plaintiffs' Leadership Counsel in MDL 2570 and establishing an amicable, working relationship with Plaintiffs' Leadership Counsel,

**NOW THEREFORE,** in consideration of the covenants and mutual promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

    1.    To the extent consistent with the best interest of his or her individual client, the undersigned Plaintiff's Attorney/Firm and the Plaintiffs'

Leadership Counsel in MDL 2570 agree to assist in a cooperative effort to investigate, prepare and conduct discovery in State and Federal Court litigations regarding Cook manufactured IVC Filters ("Subject Litigation") in order to achieve the common interest of minimizing cost, maximizing judicial efficiency and assuring the just and speedy resolution of the undersigned Plaintiff Attorney's/Firm's individual claim and the other similar claims which collectively comprise the Subject Litigation.

2. In support these of common interests:

(a) The undersigned Plaintiffs' Attorney/Firm and Plaintiffs' Leadership Counsel agree to share information within their professional discretion, including discovery materials concerning the common issues involved in the Subject Litigation except where restricted by the terms of a valid and operative protective order.

(b) The undersigned Plaintiff Attorney/Firm agrees to take whatever action (including internal procedures and legal action) that is necessary and appropriate to preserve both the work product status and confidentiality of the identity and contents of materials or information provided to them as a result of this Agreement.

(c) To enforce the mutual obligations of this Agreement.

3. The undersigned Plaintiff Attorney/Firm agrees to maintain the confidential status of all confidential information acquired in furtherance of this Agreement and agrees that all such information (including but not limited to the identity and contents of material contained in or selected from a document database, confidential communications with Plaintiffs' Leadership Counsel, confidential information acquired at seminars, and all correspondence, memoranda, notes and other materials based on or reflecting the identity or content of such information) shall be maintained in absolute confidence.

4. In an effort to maintain the confidential status of all information generated by, developed by and/or acquired from Plaintiffs' Leadership Counsel, Plaintiff's Attorney/Firm agree that they will not disclose any information so obtained.

5. In the event that a Plaintiff's Attorney/Firm has any data received from Plaintiffs' Leadership Counsel and is compelled by a Court to produce or disclose said information, the Plaintiff's Attorney/Firm must immediately move for the imposition of a protective order which precludes the attorneys in the subject case from disseminating the data to anyone (attorneys or non- attorneys) outside the confines of the subject case; the protective order shall further restrict the use of these materials and require the return of the original and any copies of these materials at the completion of the case.

6. To the extent that the undersigned Plaintiff's Attorney/Firm discloses information in violation of this Agreement, or otherwise waives protection available to the undersigned Plaintiff's Attorney/Firm (including but not limited to entitlement to protection under the work product doctrine), such waiver shall not extend to other Plaintiff's Attorney/Firm or to Plaintiffs' Leadership Counsel.

7. No provision of this Agreement shall be construed as requiring the undersigned Plaintiff's Attorney/Firm to pay to any other Plaintiff's Attorney/Firm any additional fees or costs not contemplated by this Agreement. This Paragraph does not have any effect on any other agreements or orders (including assessment orders) that now or hereinafter exist relating to payment for any common benefit work performed by Plaintiffs' Leadership Counsel.

8. Any obligation assumed under this Agreement shall survive the dismissal, settlement or other resolution of any individual claim handled by the undersigned Plaintiff's Attorney/Firm.

9. In addition to any other agreements contained herein relating to keeping materials confidential and preventing disclosure to defendants, Plaintiff's Attorney/Firm expressly agree not to release the materials provided hereunder to any other attorney or Cook IVC

Filters claimant whose claims are not represented by Plaintiff's Attorney/Firm herein or who are not otherwise a signatory to this Agreement.

10. This Agreement shall apply to each and every claim or action arising from the defective Cook IVC Filters in which the Plaintiff's Attorney/Firm have a right to a fee recovery and shall encompass all claims, filed or unfiled, wherein the Plaintiff's Attorney or their respective law firms have been directly retained by a client in connection with a Cook IVC Filters related claim, or, alternatively, are associated as co-counsel or otherwise.

11. In the event that a Plaintiff's Attorney/Firm fails to comply with any provision set forth herein, his or her Membership shall be subject to immediate termination.

12. Plaintiff's Attorney/Firm and the Plaintiffs' Leadership Counsel agree to consent to the jurisdiction of Judge Young in the United States District Court for the Southern District of Indiana, Indianapolis Division, for the resolution of any disputes arising from or related to this Agreement.

13. The Undersigned Plaintiff's Attorney/Firm agrees to honor any common benefit holdback or assessment from settlement or judgment proceeds which shall be the subject of a future Case Management Order to be

entered in MDL 2570 in The United States District Court for the Southern District of Indiana, Indianapolis Division.

BY:                                           Plaintiff's Attorney/Firm

Date:_____                      _____

Plaintiffs' Leadership Counsel

Date:_____                      _____