**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions only:

Wilson, Marie, 1:17-cv-03337

**COOK DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR JUDGMENT ON
THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (NORTH CAROLINA)**

**INTRODUCTION**

The Cook Defendants urge the Court to grant their motion for judgment on the pleadings with respect to the above-captioned North Carolina Plaintiff's claims on the ground that she failed to commence her actions within the period required by the relevant North Carolina statute of repose.

Notably, Plaintiff Wilson does not dispute the factual basis of the Cook Defendants' motion against her—that she filed her case more than ***22 years*** after receiving a Bird's Nest filter. Instead, Plaintiff Wilson alleges for the first time in her response that her "injury is the equivalent of a latent disease," and therefore the North Carolina statute of repose does not apply to her claim. Not only is Plaintiff mistaken about the nature of her injury, but the Seventh Circuit has explicitly rejected this argument, predicting instead that the North Carolina Supreme Court "would not have applied a 'disease exception' to the six-year statute of repose at issue," because "[t]he plain language of the statute, its history, and North Carolina case law all support [the] belief that no

exception was intended." *Klein v. DePuy, Inc.*, 506 F.3d 553, 559 (7th Cir. 2007) (addressing N.C. Gen. Stat. 1-50(a)(6)).

Plaintiff Wilson's complaint is also barred by Texas's statute of repose.[1] Although Plaintiff Wilson tries to save her complaint by arguing Texas's express warranty and latent disease exceptions apply to her case, her efforts fail. Plaintiff Wilson's Short Form Complaint makes no allegations about any express warranty, and because the Master Complaint is silent about the Bird's Nest, Plaintiff Wilson cannot rely on the Master Complaint to provide the requisite allegations. Likewise, because both her Short Form Complaint and the Master Complaint make no allegations that the Bird's Nest filter causes latent injuries or diseases, she also cannot rely on Texas's latent-disease exception to save her complaint.

## PROCEDURAL HISTORY

On August 21, 2020, the Cook Defendants filed their Motion for Judgment on the Pleadings on Statute of Repose Grounds (Dkt. 14066) against nine North Carolina Plaintiffs: (1) *Rhodes*, 1:17-cv-01467; (2) *Vinson*, 1:17-cv-02051; (3) *Wells*, 1:17-cv-02053; (4) *Hackworth*, 1:17-cv-02476; (5) *McLean*, 1:17-cv-03108; (6) *Wilson*, 1:17-cv-03337; (7) *Woods*, 1:19-cv-03085; (8) *Johnson*, 1:19-cv-03248; and (9) *Barnes-Thomas*, 1:19-cv-03610. In response, seven Plaintiffs filed stipulations of dismissal[2] and two Plaintiffs (Barnes-Thomas and Wilson) filed responses in opposition to the Cook Defendants' motion.[3] Because the Cook Defendants have filed a separate

---

[1] Although Plaintiff Wilson alleges her injuries occurred in North Carolina, she alleges that she received her Bird's Nest filter in 1995 in Texas. *See Wilson* Dkt. 1, at 2-3. To obviate the need for a choice of law analysis, the Cook Defendants argued in their opening brief that Plaintiff Wilson's complaint is barred by both state's statute of repose.

[2] Plaintiffs Hackworth, McLean, Rhodes, Johnson, Vinson, Wells, and Woods all filed stipulations of dismissal. Dkts. 14246, 14253, 14269, 14274, 14303, and 14364. The Cook Defendants' motion as to these seven Plaintiffs is therefore moot.

[3] Plaintiff Wilson failed to file her response on the MDL docket and instead only filed her response on her individual case docket. *See Wilson* Dkt. 13.

2

motion withdrawing their Motion for Judgment on the Pleadings on Statute of Repose Grounds as it relates to Plaintiff Barnes-Thomas, Dkt. 14357, this reply only addresses the arguments set forth in Plaintiff Wilson's response.

## ARGUMENT

**I.   Plaintiff Wilson's Claims Are Barred By North Carolina's Statute Of Repose.**

Plaintiff Wilson does not deny the factual basis for the Cook Defendants' motion—that she filed her claim more than 22 years after receiving her Bird' Nest filter—and nothing in Plaintiff Wilson's response changes the fact that her complaint is barred by North Carolina's statute of repose.

**A.   Plaintiff Wilson Has Failed To Allege That Her Bird's Nest Filter Caused Her Any Disease.**

Plaintiff Wilson alleges for the first time in her response that "[t]he nature of [her] injury is the equivalent of a latent disease because it did not occur at the time of Defendant's [sic] conduct but rather at the time of diagnosis or manifestation." *See Wilson* Dkt. 13, at 2. This is the first time Plaintiff Wilson has made any such allegation. Neither Plaintiff's Short Form Complaint nor the Master Complaint mention the words "disease" or "latent." *See Wilson* Dkt. 1; MDL Dkt. 213. Indeed, the Master Complaint makes no allegations at all about the Bird's Nest filter, and there is no allegation in either Plaintiff's Short Form Complaint or the Master Complaint that the Bird's Nest causes any disease at all.[4] *See Wilson* Dkt. 1; MDL Dkt. 213. Nor, as Plaintiff attempts to do here, can she effectively amend her complaint by making new allegations in her response. *See*

---

[4] Nor can Plaintiff Wilson rely on general references in the Master Complaint to "Cook IVC Filters" because the Master Complaint defines such phrases to include only the following IVC filters: the Gunther Tulip Mreye, the Gunther Tulip Vena Cava Filter, the Cook Celect Vena Cava Filter, and the Cook Celect Platinum. *See* MDL Dkt. 213, at ¶ 1. The definition does not include the Bird's Nest.

3

*Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (holding that plaintiff's attempt to supplement the complaint through briefing is not permitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Consequently, Plaintiff Wilson has failed to allege that her Bird's Nest filter has caused her any disease, and she therefore cannot rely on any disease exception to North Carolina's statute of repose to save her complaint.

Nevertheless, even if Plaintiff Wilson had properly alleged in her complaint that the Bird's Nest filter caused her to suffer a disease (as opposed to some other kind of injury), Plaintiff would be mistaken. The Middle District of Georgia faced a similar situation with two North Carolina plaintiffs who suffered complications after receiving an ObTape sling. In both cases, the court found that the alleged injuries were not diseases, and that the alleged disease exception to the statute of repose did not apply to the North Carolina plaintiffs. *See In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, 2016 WL 4385846, at *2-3 (M.D. Ga. Aug. 15, 2016); *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, 2016 WL 873854, at *2-3 (M.D. Ga. Mar. 4, 2016). The court explained that the rationale for the alleged disease exception "was limited to diseases that 'develop over long periods of time after multiple exposures to offending substances which are thought to be causative agents,' [and] where it 'is impossible to identify any particular exposure as the first injury.'" *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, 2016 WL 873854, at *2 (quoting *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30, 33 (4th Cir. 1986)). The MDL court then went on to find that this rationale did not apply to claims arising from complications allegedly caused by implanted medical devices. *See id.* ("[Plaintiff's] claim is not a claim arising from disease that developed over many years after

4

multiple exposures to a toxic substance; it is a claim arising from complications she contends were caused by a medical device that was implanted in her body.").

This Court should reach the same conclusion here. Like the North Carolina ObTape Plaintiffs, Plaintiff Wilson's claims arise from alleged complications from a single medical device implanted in her body more than 22 years ago, and not from multiple exposures to a toxic substance over many years.

### B. Binding Seventh Circuit Precedent Does Not Recognize A Disease Exception To North Carolina's Statute Of Repose.

In *Klein v. DePuy, Inc.*, 506 F.3d 553 (7th Cir. 2007), the Seventh Circuit considered whether the North Carolina Supreme Court would apply a disease exception to the statute of repose. After extensive review of the statute's language, history, and North Carolina case law, the Seventh Circuit predicted that the North Carolina Supreme Court would not apply a disease exception to the statute of repose. *Klein*, 506 F.3d at 559. In doing so, the Seventh Circuit explicitly declined to follow the Fourth Circuit, including the Fourth Circuit case, *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30 (4th Cir. 1986), cited in Plaintiff's response: *See Klein*, 506 F.3d at 558 ("Now that we have rejected *Hyer's* analysis of the 'disease exception . . . .'"). "Significantly," the Seventh Circuit noted, "*none* of these [Fourth Circuit] cases has been cited in any reported North Carolina state court decision." *Id.* (emphasis in original).

Obviously, this Court is bound by Seventh Circuit precedent—not Fourth Circuit precedent. As such, the Court should decline to apply a disease exception to North Carolina's statute of repose.

5

      **C.**     **North Carolina's Statute Of Repose Does Not Violate North Carolina's Constitutional Right To Open Courts.**

Finally, Plaintiff cites *Jones v. United States*, 751 F. Supp. 2d 835 (E.D.N.C. 2010), for the proposition that without a latent-disease exception, a statute of repose might violate the North Carolina Constitution's right to open courts. *See Wilson* Dkt. 13, at 2-3. Plaintiff's reliance on *Jones*, however, is inapposite. First, the district court in *Jones* dealt with a completely different statute of repose than the one at issue here. Specifically, the *Jones* court dealt with N.C. Gen. Stat. § 1-52(16)—not N.C. Gen. State § 1-50(6) (now re-codified at N.C. Gen. Stat. § 1-46.1), which is the statute of repose at issue here. *See Jones*, 751 F. Supp. 2d at 840.

Second, and more importantly, the North Carolina Supreme Court has already upheld the constitutionality of N.C. Gen. Stat. § 1-50(6), and found that it does not violate the open courts provision of the North Carolina Constitution. *Tetterton v. Long Mfg. Co*, 332 S.E.2d 67, 73 (N.C. 1985). The North Carolina Supreme Court reached this conclusion, moreover, without relying on, recognizing, or making any reference to a disease exception to the statute of repose. *See id.* at *passim*; *see also Jones*, 751 F. Supp. 2d at 840 (recognizing that *Tetterton* found that § 1-50(6)'s statute of repose is constitutional and did not violate the North Carolina Constitution's open courts provision); *Mahoney v. Ronnie's Rd. Serv.*, 468 S.E.2d 279, 281 (N.C. Ct. App. 1996) ("[T]he constitutionality of N.C.G.S. § 1-50(6) was upheld years ago in *Tetterton*."). Consequently, Plaintiff's argument that a statute of repose without a "disease exception" violates the North Carolina Constitution's open courts provision does not pass muster.

## II. Plaintiff Wilson's Claims Are Also Barred By Texas's Statute of Repose.[5]

Plaintiff Wilson also mistakenly argues that her claims are not barred by Texas's statute of repose based on Texas's express warranty (Tex. Code Ann. § 16.012(c)) and latent-disease (Tex. Code Ann. § 16.012(d)) exceptions. *See Wilson* Dkt. 13, at 4-5. Neither exception applies here.

### A. Texas's Express Warranty Exception (Tex. Code Ann. § 16.012(c)) Does Not Apply Here.

Plaintiff Wilson argues that her claims fall within the following exception to Texas' statute of repose:

> If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action against that manufacturer or seller of the product before the end of the number of years warranted after the date of the sale of the product by that seller.

Tex. Code Ann. § 16.012(c). Plaintiff Wilson's purported evidence of such an express warranty, however, falls far short of the express, written warranty required by the provision.

Citing only paragraph 33 of the Master Complaint, Plaintiff Wilson argues that because "IVC filters can be implanted temporarily or permanently, it is reasonable to infer the device had a useful safe life longer than 15 years." *See Wilson* Dkt. 13, at 4. This is hardly evidence of an express, written warranty. Moreover, Plaintiff Wilson fails to recognize and acknowledge that the Master Complaint makes no allegations at all about the Bird's Nest filter, and therefore the Master Complaint cannot (and does not) allege anything about any express warranty pertaining to the useful safe life of that filter. *See* MDL Dkt. 213. Consequently, without any allegations

---

[5] Although all of Plaintiff Wilson's injuries are alleged to have occurred in North Carolina, *see Wilson* Dkt. 1, at 2, because Plaintiff Wilson received her filter in Texas, *see id.*, the Cook Defendants also argued in their opening brief that Plaintiff Wilson's complaint is barred by Texas's statute of repose.

7

concerning the existence of a written express warranty about the useful safe life of the Bird's Nest filter, Section 16.012(c) does not apply to Plaintiff Wilson's case.

Furthermore, this Court has already ruled that the Master Complaint does not adequately plead that the Cook Defendants expressly warranted that their IVC filters would last more than 15 years. *See* MDL Dkt. 4918, at 13-14. Plaintiff Wilson points to no new allegations in either the Master Complaint or her Short Form Complaint that would compel this Court to change its conclusion.

### B. Texas's Latent-Disease Exception (Tex. Code Ann. § 16.012(d)) Also Does Not Apply Here.

Texas's latent-disease exception likewise does not save Plaintiff Wilson's claims. As discussed above, Plaintiff Wilson has not alleged in either her Short Form Complaint or the Master Complaint that she suffered a latent disease caused by the Bird's Nest filter. Plaintiff, moreover, cannot amend her complaint by making new allegations in her response to the Cook Defendants' motion. *See Car Carriers, Inc.*, 745 F.2d at 1107.

Although Texas courts have not addressed whether medical device failures might count as a latent injury or disease, the Eastern District of Tennessee recently addressed this issue and found that Texas's latent disease exception did not apply where a Texas plaintiff allegedly sustained harm from a medical device. *See Brown v. Exactech, Inc.*, 376 F. Supp. 3d 811, 817-19 (E.D. Tenn. 2019). In addition to noting that "[m]edical device failures are not the prototypical latent injury situation," *id.*, the court also noted that an opposite conclusion "would create an exception that swallows the rule." *Id*. at 817-19. The court provided the following rationale:

> This is likely not the first case where a medical device manufacturer has sold a product to a doctor who immediately uses it for a [procedure], and the product (unfortunately) fails many years down the line. Indeed, one could assume that in most cases, there is a temporal separation between exposure to a[n] [allegedly] defective medical device and its failure. If the Court were to rule that Plaintiff could claim

the benefit of § 16.012(d), it would effectively create a "medical device exception" for an otherwise strict statute of repose. There is no evidence the Texas legislature intended this outcome.

*Id*. at 819.

Here, this Court should reach the same conclusion and conclude that Texas's latent-disease exception does not apply.

## CONCLUSION

For the foregoing reasons, and the reasons stated in the Cook Defendants' original brief, the Court should dismiss with prejudice all claims brought by Plaintiff Wilson because they were filed outside the period permitted by the North Carolina statute of repose, and also because her claims were filed outside the period permitted by the Texas statute of repose.

Respectfully submitted,

Dated: September 21, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, a copy of the foregoing **COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (NORTH CAROLINA)** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*