IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to the Following Cases:

Palmer, Leroy, 1:17-cv-02272
Sons, Andrea, 1:18-cv-03422
Cortez, Valerie, 1:20-cv-00896

**COOK DEFENDANTS' REPLY IN SUPPORT OF
OMNIBUS MOTION FOR JUDGMENT ON THE
PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON)**

**INTRODUCTION**

The three Plaintiffs that filed oppositions to Cook's motion for judgment on the pleadings do not dispute application of the 10-year Oregon statute of repose to their cases or its "look away" provision requiring consideration of the 2-year extension window potentially available under Indiana law. The Plaintiffs also do not dispute that they filed their cases more than 12 years after receiving their filters, rendering their cases time-barred even if the extension window applied. Instead, they raise fraudulent concealment arguments as grounds for permitting their stale claims to survive past this stage. Plaintiff Palmer also raises a separate argument that his Oregon consumer protection statute claim does not fall under the scope of the statute of repose and that it need not be pled with particularity.

Plaintiffs' fraudulent concealment arguments fail for many reasons, including the multiple grounds stated in Cook's pending motion for partial summary judgment on the fraudulent concealment allegations in the master complaint (Dkts. 13649-50), which Cook incorporates by

US.129451711.04

reference here.  Moreover, Plaintiffs' fraudulent concealment arguments rely on materials outside the pleadings, which are not properly before the Court on a motion for judgment on the pleadings.  Even if the materials that Plaintiffs attached are considered, they fail to demonstrate any action on Cook's part that would have actively prevented Plaintiffs from discovering and promptly asserting claims within the time permitted by the statute of repose.  Simply put, Plaintiffs' claims are exceedingly stale and accepting their arguments would render the statute of repose meaningless, in contravention of how it has been treated by the courts.

Plaintiff Palmer's arguments about the consumer protection claim also fail because a plain reading of that claim as pled in the master complaint confirms that it sounds both in product liability and fraud, rendering it barred either because it falls under the scope of the statute of repose or for failure to plead fraud with particularity.

## I.      Two of the Five Plaintiffs Are Not Opposing Cook's Motion.

Of the five cases subject to the Motion, Plaintiff Denton has stipulated to a voluntary dismissal of his case (*see* Dkt. 14261; granted at Dkt. 14265) and the Cook Defendants are in discussions with Plaintiff Jones.  Accordingly, Cook's motion can be denied as moot with respect to Plaintiff Denton and held in abeyance with respect to Plaintiff Jones.  This reply addresses the issues raised by the three Plaintiffs that have filed briefs in opposition:  Plaintiff Leroy Palmer (Dkt. 14216), Plaintiff Valerie Cortez (Dkt. 14223), and Plaintiff Andrea Sons (Dkt. 14224).

## II.     The Doctrine of Fraudulent Concealment Does Not Save Plaintiffs' Claims Given That This Court Has Previously Rejected the Same Arguments in This MDL.

Plaintiffs' oppositions raise one common argument against Cook's Motion—namely, Plaintiffs argue that they have pled fraudulent concealment in the master complaint and that this

US.129451711.04

saves their claims from dismissal.  Plaintiffs' fraudulent concealment argument fails for multiple reasons.

**A.    Plaintiffs' Fraudulent Concealment Arguments Fail for the Reasons Stated in Cook's Pending Motion for Summary Judgment on Fraudulent Concealment as Alleged in Plaintiffs' Master Complaint.**

As the Court is aware, Cook has separately filed a pending motion for partial summary judgment on the fraudulent concealment claim as alleged in paragraphs 195-199 of the Plaintiffs' Master Complaint (*see* Dkts. 13649-50), and as incorporated by these Plaintiffs' Short-Form Complaints and relied upon in their opposition briefs.  The three arguments Cook raised there all provide independent bases for rejecting Plaintiffs' fraudulent concealment arguments here, and Cook incorporates those arguments and briefs by reference here.  They are, to summarize, that:

1.    Plaintiffs have not pled a claim for fraudulent concealment with the particularity required by Federal Rule of Civil Procedure 9(b);

2.    Plaintiffs have not properly pled the elements of a claim for fraudulent concealment, namely the requirement that the defendant undertake some action to prevent the plaintiff from discovering the existence of his or her claim; and

3.    Plaintiffs cannot offer evidence sufficient to support such a claim.

*See generally Dkts.* 13649-50; *see also* Dkts. 13853 & 14004 (Cook's response and supplemental response briefs in opposition to PSC's motion to strike or hold in abeyance Cook's partial motion for summary judgment on fraudulent concealment).

As the Court will recall, it has rejected a tolling argument based on the doctrine of fraudulent concealment before, in the *Graham* and *McDermitt* cases.  *See* Dkt. 5575 at 7; Dkt. 13187 at 7-8.  It should do so again here.

**B.** **The Materials Plaintiffs Attached to Their Responses Are Not Appropriate for Consideration on a Motion for Judgment on the Pleadings and Fail to Establish Fraudulent Concealment if Considered.**

As an initial matter, Plaintiffs Palmer and Sons attach materials outside the pleadings to their briefs opposing Cook's Motion. *See* Dkt. 14216-1 (Plaintiff Palmer providing affidavit from paralegal discussing alleged discovery of his claim and identity of Cook as the manufacturer of his filter);[1] Dkts. 14224-1, 14224-2 & 14224-3 (Plaintiff Sons attaching Cook Tulip Patient Guide, medical record showing history of DVT, and personal declaration). This extrinsic evidence is not incorporated into their operative complaints and, therefore, should not be used in deciding this Omnibus Motion for Judgment on the Pleadings. See *Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (holding that a trial court on a motion to dismiss can only consider documents if they are referred to in the complaint and are central to the claim); *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993) (same).

Even if the extrinsic materials were to be considered, they fail to save Plaintiffs' fraudulent concealment argument. The affidavit that Plaintiff Palmer attached states that Palmer knew "he had an IVC filter implanted years before" but that he did not know the name of the manufacturer or type of filter, and that Cook's identity as the manufacturer was discovered through medical records collected in July 2017. Affidavit of Paralegal Angel Dorsey, Dkt. 14216-1, ¶¶ 2-4, 7. The Dorsey Affidavit fails to establish fraudulent concealment because there was no difficulty with determining Cook's identity as the manufacturer of the filter at issue. Plaintiff Palmer knew he had received an IVC filter "years before" but had not investigated the identity of the manufacturer or the type of filter. *Id.*, ¶ 2. Once his counsel's office requested his medical records, they got them a month later, and the records show that he had received a Cook

---

[1] Page 8 of Plaintiff Palmer's Response cites a personal affidavit but only the Dorsey Affidavit was filed with his response. *See generally* Dkt. 14216.

US.129451711.04

filter in 2004. *Id.*, ¶¶ 4-5. Plaintiff Palmer fails to identify any action on Cook's part that would have prevented him from discovering that he had a claim against Cook. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) ("It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires.").

The documents that Plaintiff Sons submitted likewise fail to save her claim. In her declaration, Plaintiff Sons states that she experienced a DVT in 2006, that a doctor explained to her that Cook's Tulip filter was a retrievable filter that could also be used as a permanent filter, and that she agreed to have the filter remain in her body permanently based on her doctor's recommendation. *See* Sons Declaration, Dkt. 14224-3, ¶¶ 2-3. The medical record attached to the declaration confirm that Plaintiff Sons experienced DVT in 2006, and the attached Cook Patient Guide confirms that the Tulip filter could be used as both a retrievable and permanent filter. *See generally* Dkts. 14224-1 & 14224-2. Plaintiff Sons further states that she contacted another doctor in December 2016 after becoming concerned about complications, that she was diagnosed with a perforation in January 2017, and that she would not have agreed to have the Tulip filter placed as a permanent filter if she had known at the time that it had a "high rate of failure, including [perforations]." Sons Declaration, Dkt. 14224-3, ¶¶ 4-7.

Plaintiff Sons fails to establish the affirmative action prong of her fraudulent concealment claim for at least three reasons. First, Plaintiff Sons admits that she relied on the independent advice of her doctor regarding her treatment, and she fails to identify any action on Cook's part to induce her to use Cook's filter. Second, Plaintiffs Sons attaches the Cook Patient Guide, but does not state that she read it before receiving her filter. Nor does she identify any statement or action on Cook's part that would have encouraged her to receive that filter. Finally, she does not allege any action that Cook took that would have prevented her from discovering her alleged

US.129451711.04

injuries while the filter was in her body.  Third, the content of the Cook Patient Guide cannot possibly serve as the basis of a fraudulent concealment claim because it accurately explains that the Tulip filter could be used on both a permanent and retrievable basis; warns that, while rare, complications can occur from filter use; and further warns that there is only "a limited amount of time that the filter can be implanted if it is to be safely removed."  Tulip Patient Guide, Dkt. 14224-1 at 6.[2]  Without evidence of an affirmative act on Cook's part that specifically prevented her from discovering her claim, Plaintiff Sons's recitation of allegations from the Plaintiffs' Master Complaint or general reference to the Patient Guide are of no help to her.

Ultimately, these Plaintiffs have not properly plead fraudulent concealment nor have they identified evidence in support of that claim.  They have not done so because they cannot do so. The reality is that Cook does not know the individual patients who receive its filters, much less possess the means to identify their injuries and then fraudulently conceal those injuries from the plaintiffs.  Plaintiffs' Responses fail to address the inadequacies of their short-form complaints or the effect of those failings on this Motion, and their arguments fail for the same reasons that this Court rejected similar arguments when they were raised earlier by Plaintiffs Graham and McDermitt.  *See* Dkt. 5575 at 7; Dkt. 13187 at 7-8.

      **C.**       **Plaintiffs' Claims Fail Because the Indiana Statute of Repose Cannot Be Extended Beyond 12 Years.**

Acceptance of Plaintiffs' fraudulent concealment argument would render the statute of repose meaningless by reviving claims that accrued outside of the 10-year repose period.  At the 10-year mark, the claim is no longer cognizable as a matter of Indiana law, no matter when it

---

[2] Moreover, the Patient Guide specifically notes in a section discussing adverse events that "Migrating blood clots can obstruct the inferior vena cava and filter, resulting in swelling of the lower extremities.  *See* Dkt. 14224-1, at 7.  Thus, the Patient Guide warns in plain language that DVT issues may occur.

US.129451711.04

accrued or why it had not been discovered in that 10-year period.  *See McIntosh v. Melroe Co.*, 729 N.E.2d 972, 980 (Ind. 2000) (The statute of repose codified a public policy determination that "after a decade of use, product failures are due to reasons not fairly at the manufacturer's door." (Internal quotations marks omitted)); *Kissel v. Rosenbaum*, 579 N.E.2d 1322, 1326 (Ind. Ct. App. 1991) (holding the claim was barred by statute of repose regardless of plaintiffs' arguments that defects were latent or hidden).

The statute of repose for products liability preserves a plaintiff's 2-year statute of limitations to file if the claim accrues in the last two years of the ten-year period, Ind. Code § 34-20-3-1(b)(2).  Here, however, Plaintiff Palmer filed his case more than 14 years after placement, Plaintiff Sons filed more than 12 years and 8 months after placement, and Plaintiff Cortez filed more than 13 years after placement.  *See* Dkt. 13869-1 (table showing placement dates and filing dates for Plaintiffs' cases).  Thus, their claims are barred even if we assume for the purpose of the Motion that the claim accrued on the last day possible.  Reviving their stale claims would undercut the basic purpose of the statute of repose as recounted by cases such as *McIntosh* and *Kissel.*

**III.     Plaintiff Palmer's Consumer Protection Claim Fails Because It Sounds in Product Defect and Fraud.**

Plaintiff Palmer raises a separate argument that her consumer protection claim does not sound in product liability or fraud and should survive past this stage, relying on *Weston v. Camp's Lumber & Bldg. Supply, Inc.*, 135 P.3d 331 (Or. 2006).[3]  The facts of the *Weston* case are readily distinguishable here.

---

[3] Plaintiff Sons also argues that her consumer protection claim is timely under the statute of limitations for Oregon consumer protection claims.  If Plaintiff Sons' claims are not dismissed in their entirety as a result of this Motion, Cook reserves its right to challenge the consumer protection claim on timeliness and other grounds applicable to that statute.

US.129451711.04

The parties generally agree that whether a claim falls under the scope of the Oregon statue of repose turns on the gravamen or predominant characteristic of the claim. As the *Weston* court stated, "our analysis is driven by the operative facts alleged in the claims at issue, regardless of how the claim is captioned or characterized by the plaintiff." *Id.* at 337. Here, Plaintiffs are pursuing strict liability and negligence claims, and Plaintiffs' defect theories regarding the filter are at the heart of the dispute underlying this MDL. Unlike the product at issue in *Weston* (lumber), the Cook filters are not run-of-the-mill consumer goods, but rather are federally regulated medical devices that are not sold to patients directly and are only placed in the body by a physician. The paragraph that Plaintiff Palmer points to as the key portion of her consumer protection claim is replete with allegations about "quality and efficacy of Cook's IVC filters as compared to much lower cost-alternatives," the "adverse effects of Cook's IVC Filters, and the decision making involved in Plaintiffs' treatment for preventing pulmonary emboli. *See* Plaintiff Palmer's Response at 5 (quoting Plaintiffs' Master Complaint, Dkt. 213, ¶ 116). A fair reading of these allegations is that that they sound in product defect and failure to warn, and therefore put the consumer protection claim under the scope of the statute of repose.

Alternatively, the claim still fails for failure to plead with particularity under Rule 9(b), for it sounds in fraud. *See Vinci v. Hyundai Motor Am.*, 2018 WL 6136828, at *12 (C.D. Cal. April. 10, 2018) ("Because all of Plaintiffs' claims are based on the same allegedly fraudulent course of conduct—the concealment of facts related to the allegedly defective power steering in Class Vehicles—a theory sounding in fraud, Kearns, and thus heightened pleading standard, applies." (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)). In paragraph 116 of the Master Complaint, Plaintiffs allege that Cook "misrepresented the alleged benefits and characteristics of Cook's IVC filters," "suppressed, omitted, concealed, and failed to disclose

US.129451711.04

materials concerning adverse events," among other allegations.   Those are allegations of fraudulent behavior.   Indeed, in its 2017 order on the statute of repose of three other states, this Court described the claim pled in these paragraphs of the Master Complaint as a "consumer fraud claim."   *See* Dkt. 4918 at 7 (holding that Plaintiff "Sales-Orr's consumer fraud claim (Count VII) shall remain.").[4]   As noted earlier, the master complaint fails to set forth a claim of fraud with sufficient particularity, and Plaintiff Palmer did not raise any additional factual allegations in her short-form complaint.

## CONCLUSION

For the reasons stated above, the Cook Defendants respectfully ask the Court to grant its motion for judgment on the pleadings on the Oregon statute of repose.

---

[4] The Cook Defendants did not brief the Federal Rule 9(b) issue as part of the 2017 motion.

US.129451711.04

Respectfully submitted,


Dated: September 21, 2020

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

Attorneys for Defendants Cook Incorporated,
Cook Medical LLC, and William Cook Europe
ApS

- 10 -

US.129451711.04

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON)** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.


/s/ Andrea Roberts Pierson

US.129451711.04