IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to: All Actions

**PSC's Opposition to Cook Defendant's Motion for Entry of Case Management Order Addressing Refiling and Dismissals Without Prejudice**

The PSC opposes the entry of a Case Management Order that would condition all dismissals without prejudice in the MDL on the dismissed plaintiff being required to refile any future case in the Southern District of Indiana. The PSC respectfully believes such an order is an unnecessary solution to a non-existent problem. Further, if the Court were to grant Cook's motion it would violate Due Process and potentially cause irreparable harm.

**Argument**

Cook asserts without proof that "Plaintiffs in this MDL have asked this Court to dismiss their actions without prejudice only to refile the same claims in courts around the country." (Doc. 100907, p.1) and that this "problem" should be corrected with a CMO that would apply to all dismissals without prejudice in this MDL. Cook contends that this is a "problem" because it undermines the "certainty and finality of the Court's rulings" and forces the "courts and the JPML to expend additional unnecessary time and resources." *Id.*  Even if this has occurred on occasion, it provides an insufficient basis to impose an overly broad venue restriction on *all* future

1

cases brought by plaintiffs dismissed from this MDL. Although Cook claims that these problematic plaintiffs are only refiling cases in other venues "to avoid judicial rulings" it provides no proof of any such nefarious motive, nor does Cook provide any basis to impugn that motive to other plaintiffs. (Doc. 100911, p. 5).

In this MDL, the likelihood that a dismissal without prejudice may someday result in a refiled case is higher than usual because many of these plaintiffs have been unable to retrieve their defective Cook filters, so that their filters continue to deteriorate and cause additional and even more serious injuries. Therefore, when or if they do ever file another suit against Cook, they should not be limited or handicapped by a venue restriction just because they previously participated in this MDL and had their case dismissed without prejudice. For it is merely the *inconvenience* caused by these plaintiffs' potential choice of venue in the future that underlies the "problem" Cook complains of here.

To impose a blanket venue restriction on all future cases through Cook's proposed CMO would 1) violate the due process rights of each plaintiff so dismissed and 2) potentially lead to irreparable harm during a world-wide pandemic.

I. <u>The Court Should Not Relinquish Its Discretion to Dismiss Cases in the MDL Without Prejudice and Free of Conditions</u>

There is no doubt that the Court has the discretion to dismiss cases without prejudice on terms the Court considers proper. However, without an individualized assessment, the cases dismissed without prejudice should have no blanket venue restrictions imposed upon potential future actions. Under both the Fifth and Fourteenth Amendments to the U.S. Constitution, neither the federal government

nor state governments may deprive any person "of life, liberty, or property without due process of law." Chief Justice William Howard Taft explained the purpose behind the clauses in *Truax v. Corrigan* as follows: "The due process clause requires that every man shall have the protection of his day in court, and the benefit of the general law, a law which hears before it condemns, which proceeds not arbitrarily or capriciously, but upon inquiry, and renders judgment only after trial, so that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society. It, of course, tends to secure equality of law in the sense that it makes a required minimum of protection for every one's right of life, liberty, and property, which the Congress or the Legislature may not withhold." *Truax*, 257 U.S. 312, 332 (1921). "[T]he Due Process Clause was intended to prevent government officials from abusing their power, or employing it as an instrument of oppression." *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998); *United States ex rel. CIMZNHCA, LLC v. UCB, Inc.*, 2020 U.S. App. LEXIS 25954, *35-36 (7th Cir. Aug. 17, 2020).

Any venue restriction imposed on future litigants as requested by Cook to be a condition to a dismissal without prejudice would be oppressive and arbitrary in the constitutional sense in that it would deprive them of any future jurisdictional choices without substantive due process. The discretion to dismiss cases pursuant to Rule 41 without prejudice is exercised by courts through their reliance on the facts specific to each dismissed plaintiff in a particular case. Cook cites numerous cases that demonstrate the Court's inherent discretion to impose conditions on such dismissals,

but fail to cite <u>any</u> authority showing that a large group of cases in an MDL, each with different claims and facts should all have the same blanket venue restriction imposed because of an unproven alleged "problem" that was purportedly caused by a subset of these plaintiffs. (Doc. 100909, p. 2).

At this point in the litigation, the remaining plaintiffs in this MDL each have different claims and varying degrees of injury due to Cook's defective IVC filters. To evaluate the adequacy of procedural protections in a particular situation, the Court should consider "'first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest.'" *Gilbert v. Homar*, 520 U.S. 924, 931-932 (1997) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893 (1976)). Here, each plaintiff's private interest in their jurisdictional options for filing a future case would be adversely affected by Cook's proposed blanket venue restriction, the deprivation would be erroneous, and the Government's interest in placing future conditions on such a dismissal is minimal.

The *only* case cited by Cook to support this proposed CMO that involves *more than one plaintiff* is *Gentry v. Hyundai Motor Am., Inc.*, - a case that involved five plaintiffs. *Gentry, No.* 3:13-CV-00030, 2018 WL 10072260 (W.D. Va. Nov. 21, 2018). Although there was a different *Hyundai* MDL that did involve cases in multiple forums, the case was cited for the proposition that the Court has "the inherent authority to manage [its] docket [ ] and courtroom [ ] with a view toward the efficient

4

and expedient resolution of cases." *Gentry* at *2. Plaintiffs agree with this rule. However, nothing in the *Gentry* case concerns venue or venue restrictions. The opinion rules on a motion for leave to amend the plaintiff's complaint. The Court denied the motion because the plaintiff already had "ample time and opportunities to amend" *Gentry v. Hyundai Motor Am., Inc.,* CASE NO. 3:13-CV-00030, 2018 WL 10072260, 2018 U.S. Dist. LEXIS 231150 at *5. The proposed amendments would have switched the operative claim and added previously-dismissed class allegations. *Id.* It provides no authority for Cook's proposed CMO to restrict the venue of any future case filed by a dismissed plaintiff.

There is no question the Court has the power to place conditions on dismissals without prejudice, but there is no reason for the Court to give up its discretion *not* to do so through the CMO proposed by Cook. Relinquishing this discretion and applying Cook's proposed restriction to every dismissed case regardless of the individual facts would violate the substantive due process rights of each plaintiff who is forced to refile in the future because of the continuing malfunctions of Cook's defective IVC filters. The Court should deny Cook's motion because Cook has provided no valid reason to grant it, and doing so would violate Due Process.

II. Imposing a Venue Restriction May Cause Irreparable Harm During a World-Wide Pandemic.

The world is in the midst of an unprecedented pandemic, as a result of which hundreds of millions of people have been urged to shelter in place or stay at home, and imposing a venue restriction that would force future litigants to travel to Indiana could cause irreparable harm. *Faour Abdallah Fraihat v. United States Immigration*

5

*& Customs Enforcement*, 445 F. Supp. 3d 709, 720 (C.D. Cal. 2020). Although Cook provides no facts regarding the reasons why these alleged problematic plaintiffs who were dismissed without prejudice have filed cases in their home states, a reasonable explanation could be that the current COVID-19 pandemic caused these plaintiffs to reconsider the risks of travelling out of state to seek justice in this case.

The current situation has changed the landscape and priorities of litigants across the country. Similar to an environmental injury, the threat of a physical injury in the form of catching COVID-19 could not be remedied, and the damages would likely be irreversible. "Environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e., irreparable." *Sierra Club v. Franklin County Power of Illinois, LLC*, 546 F.3d 918, 936 (7th Cir. 2008). *See also Hollingsworth v. Perry*, 130 S. Ct. 705, 712, 175 L. Ed. 2d 657 (2010) ("Harms like those alleged here are irreparable because they are difficult — if not impossible — to reverse.").

In a March 30, 2020, transcript ruling in *Conduent Business Services, LLC v. Skyview Capital LLC, C.A*. No. 2020-0232-JTL, the court held that the Court of Chancery was an appropriate venue for claims that could not, as a practical matter be litigated in the contractually agreed upon venue due to the COVID-19 pandemic, provided that the Court had personal and subject matter jurisdiction over the dispute. There the issue was that the New York courts were closed because of the pandemic, so even though there was a forum selection clause for New York, the case was heard in Delaware because of COVID-19 conditions. This situation may be no different.

Due to changed circumstances, litigants and courts have had to adapt due to the pandemic. Should a future litigant, who has already been physically injured by a defective malfunctioning Cook IVC filter, be forced to travel to Indiana during a pandemic because of the venue restrictions in Cook's proposed CMO, the harm caused would be irreparable should the travel cause an already medically fragile plaintiff to contract COVID-19. There is simply no reason to place such a restriction on dismissed plaintiffs during these uncertain times.

## Conclusion

For the reasons stated herein, Plaintiff respectfully requests the Court deny Cook's Motion for Entry of Case Management Order Addressing Refiling and Dismissals Without Prejudice.

Respectfully Submitted

*/s/ Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49
RILEY WILLIAMS & PIATT, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee*

Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin, Esq.
MARTIN BAUGHMAN
3710 Rawlins Street, Suite 1230
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com

David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs, hereby certifies that a true and correct copy of the foregoing document, was filed with the Court and served on all counsel of record this, the 28th day of September, 2020, via the Case Management/Electronic Case Filing system (CM/ECF).

         */s/ Joseph N. Williams*
         JOSEPH N. WILLIAMS