IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.  1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to: All Actions | |

**COOK DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR ENTRY OF CASE MANAGEMENT ORDER
<u>ADDRESSING REFILING AND DISMISSALS WITHOUT PREJUDICE</u>**

The PSC does not dispute that the Court has the power to impose conditions on any dismissal without prejudice, or that one of those conditions may be a requirement that any renewed action be brought in this Court.  Indeed, the PSC does not dispute that many plaintiffs have expressly agreed to this venue provision when stipulating to dismiss their cases, and that the Court has already imposed just this condition on dismissals without prejudice in this MDL.  *See generally, e.g.,* Dkts. 12190, 13367, 14246, 14425.  As discussed in Cook's original motion, the Court should make such a same-venue condition a presumptive term of dismissals without prejudice in this MDL.

  **I.**  **A presumptive same-venue condition in orders of dismissal without prejudice raises no constitutional issues.**

The PSC's suggestion that creating a presumption of a same-venue condition on dismissals without prejudice under such conditions would somehow violate Plaintiffs' constitutional right to due process is baseless and without legal support.  First, there is no constitutional due process right to venue in a particular judicial district, and the PSC cites no authority supporting any such right under the Constitution.  Indeed, none of the cases the PSC

cites in supposed support of its argument even *mentions* venue.  And *Lexecon*, the seminal case on venue in MDL proceedings, makes clear that the right to venue is a *statutory* right, and it does not even mention due process or the Constitution in connection with venue.  *See generally Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  In sum, no legal authority supports the PSC's argument that imposing a presumption of a same-venue condition for a Rule 41 dismissal without prejudice raises any due process concerns.

Moreover, the PSC's assertions about supposed deprivation of due process are exaggerated straw-man arguments. The PSC appears to believe that the requested CMO would foreclose any future plaintiff seeking a dismissal without prejudice from asking the Court to create an exception to the same-venue condition.  But this assumption is mistaken, and fundamentally misapprehends what Cook's proposed CMO would actually do.  As outlined in its original motion, Cook asks the Court to require that proposed orders dismissing cases without prejudice include language that (1) require any refiling of the action occur in the Southern District of Indiana and (2) provide that a refiling in any other court will result in the conversion of the dismissal without prejudice to a dismissal *with* prejudice.

The CMO thus would merely require a proposed order for dismissal without prejudice to include the same-venue condition, creating a presumption that the eventual order would include such a term.  *See* Dkt. 14349-1 at 2.  Cook's proposed CMO would not itself impose that condition on any plaintiff; only the Court's actual execution of the Order of Dismissal could do that.  And nothing in the proposed order prevents plaintiffs who believe they have a good reason to omit the same-venue in their particular case from asking the Court to delete the condition from the order the Court actually signs.  Likewise, if a sound reason for filing elsewhere were to arise later, a plaintiff could always simply move the Court to modify that condition.  (Notably, the

PSC's response does not suggest what such a good reason might possibly be, much less that any plaintiff can *actually* offer such a good reason, either now or in the future.) The PSC's claimed concerns about process are thus illusory. The Court will still sign each order individually, and the plaintiff involved will still have the opportunity to object if that plaintiff can actually come up with a tenable ground to do so.

And, of course, Plaintiffs always have another option: don't dismiss the case at all, but forge ahead and prosecute the claims Plaintiffs represented through the filing of the action as having a sound basis in law and fact. As demonstrated in *Burrage* and *Alto*, however, many Plaintiffs do not want the meritless claims they have brought to go to trial, or even to summary judgment. These meritless claims have already caused Cook and the Court considerable time and trouble. A same-venue requirement for any future refiling is a reasonable presumptive condition for the dismissal without prejudice of a meritless claim that a Plaintiff refuses to pursue.

As Cook noted in its original motion, Cook asks for the presumptive condition simply to preserve the *status quo ante* for all parties:

> The condition that [plaintiff] refile a future complaint in the Northern District of Georgia does not constitute legal prejudice to [plaintiff]. This venue restriction protects [defendant] from the unfairness of having to relitigate the issue of the more convenient forum for this dispute, but the venue restriction maintains the right of [plaintiff] to file a new complaint. The venue restriction also promotes judicial economy because the transfer from the Eastern District of Missouri maintains its legal force. ***The condition does nothing more than preserve, upon refiling, the status quo ante.***

*Versa Prod., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1329 (11th Cir. 2004) (emphasis added).

## II. The COVID-19 pandemic provides no basis for denying a presumptive same-venue condition in dismissals without prejudice.

The PSC's argument that the COVID-19 pandemic counsels against the presumptive same-venue condition does not bear scrutiny. Contrary to the PSC's implication, Cook has ***never*** compelled any out-of-state Plaintiff to travel to Indiana for a deposition. The only Plaintiffs that have had to come to Indiana are the two whose cases were tried here, Ms. Hill and Ms. Brand. And as to those trials that do take place in this litigation, this Court is as capable as any other court of protecting parties, witnesses, and attorneys from the risks of the pandemic, through physical protective measures, video testimony, and other measures. The risk the PSC posits is no greater in this district that it would be anywhere else.

## CONCLUSION

For the reasons discussed above and in Cook's original motion, Cook urges the Court to grant its motion and to adopt the proposed Case Management Order requiring that proposed orders dismissing cases without prejudice include language that (1) requires any refiling of the action occur in the Southern District of Indiana and (2) provides that a refiling in any other court will result in the conversion of the dismissal without prejudice to a dismissal ***with*** prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 5, 2020 | */s/ Jessica Benson Cox*<br>Andrea Roberts Pierson (# 18435-49)<br>Jessica Benson Cox (# 26259-49)<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2700<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Facsimile:   (317) 237-1000<br>Email:  Andrea.Pierson@FaegreDrinker.com<br>            Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett, Co-Lead Counsel<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 W. Berry Street, Suite 2400<br>Fort Wayne, Indiana 46802<br>Telephone: (260) 424-8000<br>Email:   Stephen.Bennett@FaegreDrinker.com<br><br>*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

US.129628555.02