UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570
_____

This Document Relates to the following matter:
*Arthur Gage*, Case No. 1:14-cv-01875
_____

**COOK'S MOTION TO SEAL AND MAINTAIN UNDER SEAL
THE FIRST PAGE OF EXHIBIT W TO COOK'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT [DKT. NO. 5749]**

Pursuant to Local Rule 5-11(d)(2)(A), Cook respectfully moves the Court ***to seal and maintain under seal*** the first page of Exhibit W **[Dkt. No. 5749-17]** to Cook's Memorandum in Support of Motion for Summary Judgment [Dkt. No. 5749]. This exhibit should be sealed and maintained under seal even though it was publicly filed by Cook. Cook's public filing of this exhibit was in error and should be remedied. Cook respectfully requests the Court ***to seal and maintain under seal*** for good cause **the first page of Exhibit W [Dkt. No. 5749-17]** because the exhibit contains or references Plaintiff Arthur Gage's sensitive personal information.

**LEGAL STANDARD**

1.  Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed).

1

2. Good cause likewise exists to protect private health information from public disclosure. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). As explained below, the Cook Defendants are cautious not to disclose such information until it is clear the patient consents to such disclosure. Federal Rule of Civil Procedure 5.2 also mandates the redaction of certain highly sensitive personal information pertaining to any individual, including social-security numbers, full dates of birth, taxpayer-identification numbers, and names of minors. F. R. Civ. P. 5.2(a).

3. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DISCUSSION

4. **Exhibit W [Dkt. No. 5749-17]** is a Gunther Tulip Vena Cava Filter Brochure. **The first page** of the brochure contains a sticker that includes Plaintiff Arthur Gage's name and full date of birth. Federal Rule of Civil Procedure 5.2(a)(2) provides that an individual's month and day of birth must be redacted prior to filing to protect the individual's privacy.

5. When it was filed in August 2017, **the first page of Exhibit W [Dkt. No. 5749-17]** was publicly filed in error and the private information regarding Mr. Gage was not redacted.

6. Out of an abundance of caution, the Court should seal the first page of this exhibit and maintain it under seal to protect Mr. Gage's privacy.

7. A proposed order granting this Motion has been filed with this Motion.

WHEREFORE, Cook respectfully requests that the Court enter an order granting Cook's motion to *seal and maintain under seal* **the first page of Exhibit W [Dkt. No. 5749-17]** submitted with Cook's Memorandum in Support of Motion for Summary Judgment [Dkt. No. 5749].

Dated:  October 7, 2020

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Counsel for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2020 a copy of the foregoing **COOK'S MOTION TO SEAL AND MAINTAIN UNDER SEAL THE FIRST PAGE OF EXHIBIT W TO COOK'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*