UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ML-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions:

*Clark, et al v. Cook Group, Inc., et al*
<u>1:17-cv-06069-RLY-TAB</u>

### PLAINTIFF'S OPPOSITION TO THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

Plaintiff Merrilyn Johnson, on behalf of her deceased husband, Ronald D. Johnson, by and through the undersigned counsel, files this Opposition to Cook Defendants' Motion for Summary Judgment (hereinafter "Defendants' Motion" or "Defs.' Mot.").

Substantively, Defendants' Motion rests on the flawed premise that Mr. Johnson could have been aware that there was a problem with his IVC filter on the date of his death and that Defendants' efforts to conceal, misrepresent, and otherwise deceive the Plaintiff regarding the IVC, did not alter the applicable statute of limitations. However, for the reasons detailed below, both of these are wrong. Defendants' remaining arguments either rely on plainly improper evidence, misapply state statutes, or otherwise demonstrate the premature nature of this Motion given the nascent status of discovery. As such, Defendants' Motion for Summary Judgment should be summarily denied.

### Relevant Facts and Procedural Background

Plaintiff's Statement of Material Facts are as follows:

      a.      Plaintiff sets forth the pertinent facts in her Complaint and in Plaintiff's Affidavit affixed hereto as Exhibit A. *See generally* Exhibit A; *Johnson*, ECF No. 1, (hereinafter, the "Plaintiff's Complaint" or "Pl.'s Compl." or "Compl.").

      b.      As of this filing, Defendants have not yet taken the deposition of Plaintiff Merrilyn Johnson, as a representative to the deceased, Ronald Johnson, nor have they propounded any formal discovery upon me in this matter. *See* Exhibit A, ¶ 12.

      c.      As of this filing, Defendants have not yet taken the deposition of Mr. Johnson's treating physicians, implanting physician, or any other physician charged with his care related to his defective IVC filter. *Id.* ¶ 13.

      d.      Ronald Johnson, and his wife, Merrilyn Johnson, did not know the name of the manufacturer of my husband's IVC filter until shortly before this case was filed on February 21, 2017. *Id.* ¶ 9.

      e.      On or about January 10, 2005, Mr. Johnson, suffered a large volume of thrombus that was captured within the IVC filter. Moreover, there was thrombus below the filter in the IVC as well as within the distal portion of the right common iliac vein. Medical professionals attempted to remove Mr. Johnson's IVC filter, but the filter could not be removed.

      f.      On or about May 9, 2007, Mr. Johnson passed away due to injuries related to his defective IVC filter.

      g.      Despite diligent investigation into the cause of his injuries, Plaintiff did not discover the relationship of Mr. Johnson's death to the defective IVC filter and the manufacturer of the IVC filter. *Id.* ¶ 8.

      h.      Plaintiff could not have discovered this information, until shortly before this matter was filed on February 21, 2017. *Id.* ¶ 6-9.

  i. Upon information and belief, Defendant Cook knowingly concealed from Mr. Johnson's implanting physician material risks of the IVC filter, including, but not limited to: the filter breaking and falling out of place, metal fragments moving through the blood and resulting injuries to organs, development and/or exacerbation of blood clots, chest pain, confusion, heart rhythm problems, hypotension, lightheadedness, nausea, neck pain, shortness of breath, hemorrhaging or internal bleeding, death, pulmonary embolism, and stroke. *Id*. ¶¶ 6-9; *see also* Pl.'s Compl. ¶ 3.

  j. Upon information and belief, Defendant Cook failed to document or follow-up on the known defects or problems in its IVC filter and concealed said defects from Mr. Johnson and his implanting physician, among others. *See* Exhibit A at ¶¶ 6-9; Pl.'s Compl. at ¶¶141, 217. This active concealment of the risks as detailed in Plaintiffs' Complaint, is further shown by Defendant Cook's acts suppressing reports and failing to follow through on FDA notification requirements. *Id*. at ¶¶180-182. Instead of revealing the defective conditions of the IVC filter, Defendants continued to represent to implanting physicians, their patients, and the public that the device is safe for its intended use. *Id*. at ¶¶247-249.

  k. The Cook Defendants were and are under a continuing duty to disclose the true character, quality, and nature of risks and dangers associated with its IVC filter to implanting physicians, their patients, and the public. The Cook Defendants' concealment of the true character, quality, and nature of risks and dangers associated with its IVC filter was continuous and systematic.

  l. Upon information and belief, the Cook Defendants' acts before, during, and/or after the act causing Mr. Johnson's injuries, prevented him from discovering the cause of these injuries until shortly prior to filing this matter. *Id*. ¶¶ 6-9.

3

      m.      Upon information and belief, the Cook Defendants' conduct was purposely committed without regard to the consequences to or the rights and safety of Mr. Johnson.

      n.      The first notification that symptoms and injuries Mr. Johnson experienced could be attributed to his IVC filter occurred shortly before the filing of this case. *Id*.

## ARGUMENT

### I.    Legal Standard for Summary Judgment

Summary judgment is warranted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). At the summary judgment stage, courts "do not weigh the proof, make credibility determinations, or resolve narrative disputes." *Ortiz v. City of Chicago*, 656 F.3d 523, 534 (7th Cir. 2011). Instead, summary judgment is only appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.,* 476 F.3d 487, 489–90 (7th Cir. 2007). The Court must review "the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted); *Fish*, 749 F.3d at 674 ("summary judgment . . . requires that we view the evidence in this harsh light").

The Seventh Circuit has "recognize[d] that 'the party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact.'" *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) (quoting *Big O Tire Dealers, Inc. v. Big O Warehouse,* 741 F.2d 160, 163 (7th Cir.1984)).

**II.     Defendants' Motion is Procedurally Improper, Violates Court Orders, and Is Premature**

   **A.     Defendants Are Prohibited From Using the Case Categorization Form in Support of their Motion for Summary Judgment**

Directly contravening the express disclaimer contained in the Case Categorization Form ("CCF") itself and flouting the Court's previous orders, Defendants rely on Mr. Johnson's CCF and information contained therein as the basis for their Summary Judgment Motion directed at him. *See* Defs.' Mot., ECF No. 14243 at 2-3. Use of the CCF in this manner is patently inappropriate and in direct opposition to Defendants' own claims regarding the purpose of the CCFs. *See infra*.

When requesting this Court to order plaintiffs to serve CCFs in this litigation, Defendants claimed the goal of obtaining these forms was "to properly categorize cases and draw bellwether cases from those categories." ECF No. 8913 at 55986. The very first page of the CCF *expressly states* that it is to be used exclusively "for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan only and is not admissible and is not to be considered relevant for any other purpose." *See* CCF at 1. Nonetheless—in utter disregard for this definitive disclaimer—Defendants' Motion improperly relies, almost entirely, on the aforementioned CCF, and unabashedly attaches it as an exhibit to their Motion. If this were not bad enough, Defendants' reliance on the Plaintiff's CCF to support their Summary Judgment Motion is in direct contravention to the Court's order. *See* ECF No. 9638-1 at 64997-64998; *Woods v. City of Chicago*, 234 F.3d 979, 987-88 (7th Cir. 2000) ("To support a motion for summary judgment, matters submitted must be admissible under the Rules of Evidence."); *Smith v. City of Chicago*, 242 F.3d 737, 741 (7th Cir. 2001) (documents relied on in a summary judgment motion must be "properly authenticated and admissible."). It simply strains credulity that Defendants would have a good-faith basis for filing their Motion for Summary

5

Judgment, which—in addition to being patently premature under binding Seventh Circuit precedent, *see* discussion *infra* Section III.b.—heavily, if not exclusively, depends on a CCF document that Defendants knew, or should have known, they were prohibited from using in this manner.

Finally, Defendants' reliance solely on the CCF for this Summary Judgment Motion is also undermined by the fact that discovery proceedings have been stayed in all individual cases in this matter, with the exception of bellwether selections, at this time. Because of the stay on discovery, if Defendants were permitted to use Mr. Johnson's CCF as evidence supporting their Motion for Summary Judgment, Plaintiff would be substantially prejudiced because of her inability to conduct discovery pertinent to her matter. *See* Exhibit A, ¶¶ 14-15.

Add to this the fact that binding Seventh Circuit precedent forecloses the Defendants' Motion as improper and premature at this juncture. This type of gamesmanship is not tolerated by the Seventh Circuit. Defendants' improper use of the CCF as if it were admissible evidence—despite the CCF's *express disclaimer* that it not be used in precisely that manner and in direct contravention of the Court's prior order regarding admissible evidence—is sanctionable. *See Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) ("Rule 11 is violated where a party moves for summary judgment although it was aware of disputed factual issues.") (citing *Goka v. Bobbitt,* 862 F.2d 646, 650–51 (7th Cir.1988)). As such, Defendants had no good faith basis for filing this Motion for Summary Judgment. This type of gamesmanship should not be tolerated.[1]

---

[1] Defendants' passing attempt to justify their improper use of the CCF in a footnote does not pass muster. *See* Defs.' Mot. at 2 n1 ("This Court has previously ruled that information and records submitted as part of categorization can be used as evidence in support of a motion for summary judgment.). *See* Entry on the August 20, 2019 Status Conference, Dkt. 11602, p. 1 (denying Plaintiffs' motion to strike categorization evidence relied on by Cook in a summary judgment brief)." The "Entry" Defendants refer to is a *summary* order denying another party's Motion to Strike—the order itself provides *no reasoning* and by no means stands for the proposition that Defendants' use of the CCF was proper. This is particularly true where the plain language on the first page of the CCF Defendants utilize *expressly prohibits* Defendants from using it in that manner. *See* discussion *supra*.

6

### B. Defendants' Motion is Premature

Defendants' Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c) should be denied as premature because discovery is ongoing in this matter. Indeed, as set forth *supra*, Defendants have not even yet taken the depositions of key material witnesses to this matter, including: Plaintiff, any of Mr. Johnson's treating physicians, implanting physician, or any other physician charged with his care related to his defective IVC filter. *See* Exhibit A, ¶¶ 12-13. Similarly, because the Court has issued a stay on discovery in this matter, Plaintiff has not yet taken the deposition of a single witness, nor been able to propound any formal discovery requests on Defendants or other third-party witnesses. *Id.* ¶¶14-15. Because discovery is in its nascent stages and, absent the Court's Order staying it, would otherwise be ongoing—Defendants' Motion for Summary Judgment has failed to carry the burden of demonstrating no material issue of fact exists as required under Rule 56. *See Goines v. Fed. Express Corp.*, No. 99-CV-4307-JPG, 2002 WL 338381, at *2 (S.D. Ill. Jan. 8, 2002) (finding defendant "failed to meet its burden, under Rule 56, of demonstrating that there is no material issue of fact" because the Court found that "[defendant's Rule 56(c) argument is premature . . . [d]iscovery is ongoing, and the Plaintiff may yet disclose expert opinion evidence or other evidence[,]" pertinent to the matter); *see also Cooper,* 969 F.2d at 371. As applied, because of the early status of discovery—which will likely give rise to substantial evidence relevant to Plaintiff's case and raising even more genuine issues of material dispute between the parties—the Court should reject Defendants' Motion as premature. *See Goines,* at *2; *see also Cooper*, at 371. Granting Defendants' Motion for Summary Judgment without allowing Plaintiff to conduct full discovery would be patently unjust.

### III. Plaintiff's Claims Are Not Barred Under the Applicable Statute of Limitations

#### A. Statute of Limitations under Utah Law

Defendants do not dispute that Utah law applies to Mr. Johnson's claim. *See* Defs.' Mot. at 4. Under Utah law, a plaintiff must commence a suit for wrongful death claims within two years after the cause of action accrues. *See* Utah Stat. 78b-2-304. The general rule in Utah is "that a cause of action accrues upon the happening of the last event necessary to complete the cause of action." *Myers v. McDonald,* 635 P.2d 84, 86 (Utah 1981). "Under that rule, mere ignorance of the existence of a cause of action does not prevent the running of the statute of limitations." *Id.*

That said, however, the Utah Supreme Court has recognized exceptions to the aforementioned general rule. In three circumstances, Utah courts apply the discovery rule to toll the statute of limitations "'until the discovery of facts forming the basis for the cause of action.'" *Warren v. Provo City Corp.,* 838 P.2d 1125, 1129 (Utah 1992) (quoting *Myers,* 635 P.2d at 86); *O'Neal v. Division of Family Servs.,* 821 P.2d 1139, 1143 (Utah 1991). Those situations are:

> (1) ... where the discovery rule is mandated by statute; (2) ... where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct; and (3) ... where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action.

*Warren,* 838 P.2d at 1129 (footnotes omitted); *see also O'Neal,* 821 P.2d at 1143.

#### B. The Statute of Limitations Is Tolled Due to Defendants' Willful Concealment of the Dangers of the IVC Product

As the party seeking summary judgment on its affirmative defense regarding the applicable limitations period, it is the Defendants' burden to prove the limitations period has run before Plaintiff filed this action. *See Laouini v. CLM Freight Lines, Inc.,* 586 F.3d 473, 475 (7th Cir. 2009) ("Summary judgment thus was appropriate only if [defendant] demonstrated the absence of

a genuine factual dispute over whether [plaintiff's] charge had been timely filed.") (citing *Lucero v. Nettle Creek Sch. Corp.,* 566 F.3d 720, 728 (7th Cir.2009)). Defendants argue that Utah's two-year statute of limitations period for wrongful death actions applies, and that it "accrues, and the statute begins to run, at the time of [Mr. Johnson's] death." *See* ECF No. 14243 at 6 (citing *Matter of Estate of Garza*, 725 P.2d 1328, 1329 (Utah 1986) (citation omitted)). Thus, as Defendants argue, because Plaintiff, Mr. Johnson's wife, did not commence this action within two years of Mr. Johnson's death, this action is untimely and the Court should Defendants' Motion for Summary Judgment. *Id.* at 6 (citing Mr. Johnson's autopsy report).

Relevant to the issue of tolling the statute of limitations here, there are a significant number of material facts currently in dispute regarding the Cook Defendants' willful concealment of the dangers of their product. These disputed material facts, include, among other things, that Defendants: (1) concealed the known risks and failed to warn of known or scientifically knowable dangers and risks associated with the Cook Filters; (2) mislead consumers and patients by concealing material facts in light of representations made regarding safety and efficacy of its Cook IVC Filters; (3) making statements and/or representations via word, design, device or any combination thereof that fail to disclose the material facts with respect to the consequences that may result from the use of Cook IVC Filters to which the labeling and advertising relates; (4) mislabeling its Cook IVF Filters as to safety and effectiveness of its products and by failing to update its label to reflect post-marketing evidence that Cook IVC Filters were associated with an increased risk of injuries due to tilting, fracture, migration and perforation; (5) failing to maintain accurate medical device reports regarding adverse events of tilting, fracture, migration and perforation and/or misreporting these adverse events maintained via the medical device reporting system; (6) failing to notify the FDA and/or the consuming public when its Cook IVC Filters were no longer substantially equivalent with regard to safety and efficacy with regard to post-marketing

adverse events and safety signals; and (7) failing to maintain adequate quality systems regulation including, but not limited to, instituting effective corrective and preventative actions. *See* Compl. ¶¶3, 133, 141, 144-146, 171, 180-181, 192, 204, 222, 243, 247-249.

Most, if not all of these facts directly affected Plaintiff's ability to acquire information regarding the harm posed to her husband by the defective IVC, and otherwise prevented Plaintiff from being able to identify the Defendants as the IVF manufacturer responsible for her husband's death. *See* Exhibit A, ¶¶ 6-9. Taken individually, or together, these facts clearly support the tolling of the statute of limitations in this case. As applied, the two-year statute of limitations should be tolled because of the Defendants' aforementioned actions that actively concealed information about the dangers, risks, and other information related to their IVC filter that would be necessary for Plaintiff to have reason to believe Defendants were responsible for her husband's premature death. *See Warren,* 838 P.2d at 1129; *see also O'Neal,* 821 P.2d at 1143. Indeed, because Defendants Motion offers no evidence affirmatively demonstrating that Mr. Johnson was ever informed by any person regarding any of the issues with the IVC giving rise to his cause of action in this matter, summary judgment is inappropriate. *See Cooper,* 969 F.2d at 371 (holding that, under Rule 56, where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion); *see also Laouini,* 586 F.3d at 475.

Defendants have not satisfied their burden to show the absence of a genuine issue of material fact on this issue, and thus, Defendants' Motion for Summary Judgment should be denied.

    **C.**    **Mr. Johnson Exercised Reasonable Due Diligence But Was Still Unaware Of Who Manufactured His Defective IVC Filter**

As cited in Defendants' brief, Utah has a three-step discovery test for when the statute of limitations should be begin to accrue, absent tolling due to willful concealment: "(1) that she has

been injured; (2) the identity of the maker of the allegedly defective product; and (3) that the product had a possible causal relation to her injury."' *Mecham v C.R. Bard, Inc.*, 2020 WL 2768997, at *3 (May 27, 2020) (quoting *Aragon v. Clover Club Foods Co.*, 857 P.2d 250, 252 (Utah Ct. App. 1993)).

To make the causal connection between Mr. Johnson's injuries and the IVC filter, he must know or suspect that Cook manufactured the filter, which he did not discover until shortly before this action was filed. Defendants have not initiated any discovery as to when or how Mr. Johnson became aware of who manufactured his IVC Filter; instead, their Motion For Summary Judgment simply makes naked, conclusory statements that lack foundation, are speculative, and are tantamount to hearsay. Defendants have not met their burden to show that Plaintiff's lawsuit was filed outside of the statute of limitations under Utah law, and therefore Defendants' Motion for Summary Judgment based on Plaintiffs' claims being time barred under Utah law should be denied in full. *See Laouini,* 586 F.3d at 475; *Cooper,* 969 F.2d at 371.

Additionally, although not their burden to establish at this juncture, Plaintiff has amply demonstrated the requisite due diligence. As set forth in Plaintiff's attached affidavit, these efforts included, among other things: (1) inquiring with her husband's treating physicians as to what was causing his decline and ultimately his death; (2) researching potential causes of the same through internet searches; (3) seeking the consultation of friends and family regarding the same. *See* Exhibit A ¶ 8.

## IV.     Plaintiff's Recovery Should Not Be Limited to Special Damages

Finally, Defendants claim that if the Court does not grant summary judgment, then Plaintiff should only be entitled to special damages (*see* Defs.' Mot. at 13-14) pursuant to Utah Code Sec. 78B-3-107(1)(c), which states that "[i]f the death of the injured individual from an unrelated cause occurs more than six months after the incident giving rise to the claim for damages, the claims

11

shall be limited to special damages." However, Plaintiffs have filed a wrongful death claim in this case—a fact which Defendants repeatedly acknowledge both in the body of their Motion and in the exhibits affixed thereto. *See* ECF No. 14243 at 5-6; *see also* ECF No. 14243-1 at 2 (letter from Defendants' counsel citing numerous cases analyzing the limitations periods for wrongful death claims). Because Mr. Johnson's death was in fact caused by his defective IVC filter, manufactured by the Cook Defendants, Plaintiff's wrongful death suit is not captured by Utah's survival statute cited by Defendants. Therefore, Utah Code Section 78B-3-107(1)(c) does not apply and Plaintiff's recovery should not be limited to special damages. *See* Utah Code Ann. § 78B-3-107(1)(a) (Utah's survival statute applies to causes of action "arising out of personal injury to a person, or death caused by the wrongful act or negligence of a wrongdoer"); *see also Slavens v. Millard Cty.*, No. 2:11-CV-00568, 2013 WL 5308105, at *2 (D. Utah Sept. 20, 2013) ("[S]urvivable actions are those in which the wrong complained of affects primarily [] property rights, and in which any injury to the person is incidental, while nonsurvivable actions are those in which the injury complained of is to the person and any effect on property or property rights is incidental.").

## CONCLUSION

For the reasons stated above, Defendants have failed to meet their burden as required under Rule 56(c) and, therefore, the Court should deny Defendants' Motion for Summary Judgment in full.

Dated: October 7, 2020 Respectfully submitted,

By: */s/ Ethan D. Hatch*
John J. Driscoll
C.J. Cuneo
Ethan D. Hatch
THE DRISCOLL FIRM, P.C.
211 N. Broadway, Suite 4050
St. Louis, Missouri 63102
Phone: (314) 932-3232
Fax: (314) 932-3233
john@thedriscollfirm.com
cj@jjlegal.com
ethan@jjlegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 7, 2020, the foregoing document was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon all counsel of record. Parties may access this filing through the Court's system.

/s/ Ethan D. Hatch