# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ML-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions:

*Clark, et al v. Cook Group, Inc., et al*
1:17-cv-06069-RLY-TAB

---

### PLAINTIFF MERRILYN JOHNSON'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDENTS' MOTION FOR SUMMARY JUDGMENT

---

Pursuant to 28 U.S.C. § 1746 and Federal Rule of Civil Procedure 56(c), I, Merrilyn Johnson, declare under penalty of perjury that the following is true and correct.

1. I, Merrilyn Johnson, on behalf of my deceased husband, Ronald Johnson, am a named Plaintiff (the "Lead Plaintiff") in the above captioned case, *Clark, et al v. Cook Group, Inc., et al.,* 1:17-cv-06069-RLY-TAB.

2. My late husband, Ronald D. Johnson, was at all relevant times a citizen of the state of Utah. ECF No. 1, Plaintiff's Complaint at ¶57 (hereinafter "Pl.'s Compl.").

3. I originally filed this case in the Eastern District of Missouri on February 21, 2017 as a part of a multi-plaintiff case. *See generally* Pl.'s Compl.

4. On May 31, 2017, my case was transferred by the JPML to the MDL. *See* Case No. 1:17-cv-06069-RLY-TAB, ECF No. 11 (May 31, 2017).

1

5. The case arose under my husband's premature death as a result of a defective Cook Inferior Vena Cava Filter (the "IVC filter") manufactured by Defendants. I filed this action, as my husband's widow and representative, as a wrongful death suit under Utah law seeking recovery for damages owed to me by Defendants for their reckless and reprehensible conduct in knowingly offering a product with material defects that directly caused by husband's premature death.

6. Upon information and belief, Defendants exacerbated their heinous behavior by intentionally concealing, misrepresenting, and otherwise hiding information that would have apprised my husband, his doctors, and myself of significant risks and defects associated with their IVC filter.

7. Upon information and belief, Defendants' efforts to intentionally conceal, misrepresent, or otherwise hide information related to their defective IVC product, prevented my husband, myself, and my husbands' physicians from being able to know of their cause of action against Defendants, or from being able to identify that Defendants were the manufacturer of the IVC filter, which caused my husband's pre-death injuries and death. *See* Pl.'s Compl. ¶58.

8. As my husband's health declined and he began to have blood clots in approximately January 2007, my husband and I, in consultation with his treating physicians, explored every conceivable solution to remedy his declining condition. During this process, and following my husband's death, we specifically sought information as to what caused his pre-death injuries and ultimately his death. These efforts included, specifically: (1) inquiring with my husband's treating physicians as to what was causing his decline and

ultimately his death; (2) researching potential causes of the same through internet searches; (3) seeking the consultation of friends and family regarding the same.

9. I did not discover that Defendants' defective IVC filter was responsible for my husband's pre-death injuries and death until I spoke with my counsel in early 2017. Prior to that date neither me nor my husband was aware that Defendants manufactured the relevant IVC filter, let alone that Defendants' IVC filter was the cause of my husband's death.

10. Promptly thereafter I filed the aforementioned action against Defendants seeking to hold them accountable for their reprehensible behavior that caused my husband to die prematurely.

11. The Court has issued a stay on discovery as it pertains to my case specifically.

12. As of the date of this Affidavit, Defendants have not taken my deposition and have not sought any formal discovery from me in the form of interrogatories or requests for production.

13. As of the date of this Affidavit, Defendants have not taken the depositions of any of my late husband, Ronald Johnson's, physicians who treated him with respect to the defective IVC filter. Similarly, up to this date, Defendants have not propounded any discovery requests upon these third-parties.

14. As of the date of this Affidavit, counsel representing me and my late husband have not taken the deposition of Defendants, and other material witnesses to this matter.

15. As of the date of this Affidavit, counsel representing me and my late husband have not propounded any formal discovery requests on Defendants, and other material witnesses to this matter.

## CERTIFICATE OF ATTESTATION

I, Merrilyn Johnson, a named Plaintiff in this matter, as representative for my deceased husband, Ronald D. Johnson, do hereby swear under penalty of perjury, that the foregoing is, to the best of my knowledge and ability, accurate and truthful.

Dated: October 7, 2020                    By: *_____
                                              Declarant - Merrilyn Johnson

*Due to the difficulties related to COVID-19, and despite her best efforts, Declarant, Merrilyn Johnson was unable to provide her signature in time for this filing. However, Ms. Johnson has reviewed and agreed to the statements contained therein, and will supplement this filing with her signature as soon as possible.