IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:
    1:14-cv-00273-RLY-TAB    Burrage

## **SUPPLEMENTAL ORDER**

**I.    Introduction**

On October 22, 2020, the Court denied Plaintiff's July 20, 2020, motion [Filing No. 13829] to maintain under seal Exhibit A to Plaintiff's Reply to Cook's Opposition to Plaintiff's Motion to Dismiss [Filing No. 13828] based on the fact that the Cook Defendants made no filing in response to Plaintiff's motion. [Filing No. 14575.] The Court now modifies its order but reaches the same conclusion—Plaintiff's motion to seal [Filing No. 13829] is denied. Additionally, for the same reason, as explained below, Plaintiff's motion to seal Plaintiff's reply and alternative motion to unseal Exhibit A [Filing No. 13842] is denied in part and granted in part.

**II.    Background**

In Plaintiff's July 20, 2020, motion to seal, pursuant to S.D. Ind. L.R. 5-11(d)(2)(A)(ii), Plaintiff's basis for moving to seal Exhibit A, a letter Cook received from the FDA, is that it was designated "confidential" by the Cook Defendants. [Filing No. 13829]. Local Rule 5-11 further requires the designating party to file, within 14 days of service of the motion to seal, either a

statement authorizing the unsealing of the filings or a brief in support of maintaining the filings under seal. The Court's earlier order denied Plaintiff's motion because the Cook Defendants failed to make such a filing in direct response to Plaintiff's motion. [Filing No. 14575.]

However, one day later, on July 21, 2020, Plaintiff filed a motion to seal Plaintiff's Reply to Cook's "Opposition to Plaintiff's Motion to Dismiss, or, in Support of Dismissal of All Nations Firm Category 6 Cases" [Filing No. 13827], and an alternative motion to *unseal* Exhibit A to Plaintiff's reply [Filing No. 13828]. [Filing No. 13842.] On July 31, 2020, the Cook Defendants did file a response in opposition to this motion, urging the Court to grant Plaintiff's motion to seal Plaintiff's reply and deny Plaintiff's alternative motion to unseal Exhibit A. [Filing No. 13896.][1] The Court now addresses the arguments the Cook Defendants raised as to why they believe there is good cause to maintain Plaintiff's reply brief and Exhibit A under seal.

### III. Discussion

The Cook Defendants argue that good cause exists to maintain Plaintiff's reply brief [Filing No. 13827] and the FDA letter, Exhibit A [Filing No. 13828], under seal "in order to protect Cook's interest in its confidential regulatory affairs information." [Filing No. 13896.] The Cook Defendants contend that the FDA letter, which is also quoted in Plaintiff's reply brief, is confidential and entitled to continued protection because it relates to Cook's compliance with FDA regulations as well as to Cook's compliance strategy. [Filing No. 13896, at ECF p. 3-4.] However, Plaintiff points out that the FDA letter at issue was referenced at trial, with the very passage that Plaintiff cites in his reply brief quoted out loud in open court during trial testimony.

---

[1] The Cook Defendants' response did not include any docket reference to Plaintiff's earlier motion to seal [Filing No. 13829], so the Court did not recognize the connection until it began this order addressing the later-filed alternative motion to seal [Filing No. 13842] in this multi-district litigation, where hundreds of filings may be added to the docket on any given day.

[Filing No. 13932-2, at ECF p. 2.] Thus, any confidentiality the letter may have had no longer exists. Accordingly, Plaintiff's motion [Filing No. 13842] is granted in relevant part to unseal Exhibit A. And with the same reasoning, the motion [Filing No. 13842] is denied in part as it relates to Plaintiff's motion to seal Plaintiff's reply brief.

**IV.     Conclusion**

For these reasons, Plaintiff's motion to seal Exhibit A [Filing No. 13829] is denied. Furthermore, Plaintiff's motion to seal Plaintiff's reply and alternative motion to unseal Exhibit A [Filing No. 13842] is denied in part and granted in part. The Clerk is directed to unseal Plaintiff's reply [Filing No. 13827] and Exhibit A [Filing No. 13828], and all attachments, after 21 days[2], absent any motion to reconsider, appeal, or further court order.

Date: 10/23/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel of record via the Court's ECF system.

---

[2] Since the Court's ruling does not change, the 21-day period for objection to unsealing Exhibit A still runs from the date of the Court's first order denying Plaintiff's motion—October 22, 2020. Thus, any objection to the Court's denial of the motion to seal and grant of the motion to unseal Exhibit A must be filed by November 13, 2020.