UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to All Actions

## CASE MANAGEMENT ORDER # 28
## SCREENING FOR TIME-BARRED CASES

The Court entered dispositive orders addressing the statute of limitations in *Valerie Graham v. Cook Incorporated, et al.* (Filing No. 5575) and in *Brenda Helms, Bankruptcy Trustee for the Estate of Arthur Gage v. Cook Medical, Inc., et al.* (Filing No. 7715), among others. The Court also recently addressed the statue of repose in *David McDermitt v. Cook Incorporated, et al.* (Filing No. 13187). In addition, the Plaintiffs Steering Committee and counsel for the Cook Defendants raised at the May 11, 2020, MDL Status Conference concerns related to pending cases barred by the statute of limitations or statute of repose.

The Court therefore enters the following Order:

1. Plaintiffs' counsel with cases pending in the MDL shall conduct a reasonable screening inquiry into their cases and shall voluntarily dismiss any case barred by the applicable statute of limitations or the applicable statute of repose. A reasonable screening inquiry requires, at a minimum, communicating with the plaintiff, reviewing the plaintiff's

pleadings, and reviewing the plaintiff's Profile Sheet and Categorization Form submitted via Fourth Amended Case Management Order #4.

2. Counsel for Plaintiffs shall report the results of their reasonable screening inquires to the Plaintiffs' Steering Committee ("PSC") **within 30 days** of the entry of this Order, including confirmation of compliance with paragraph 1 for all cases in which he/she is counsel of record. The PSC shall report the results of the reasonable screening efforts to the Court at the first monthly status conference in MDL that occurs thereafter.

3. Plaintiffs will have **60 days** after the entry of this Order to voluntarily dismiss any case identified as barred by the applicable statute of limitations or repose as part of the screening inquiry outlined above with prejudice. Any voluntary dismissal filed within this time frame shall note that each side will bear its own costs and attorney's fees.

4. After the deadline set forth in paragraph 3 of this Order has expired, if the Cook Defendants wish to seek dismissal or judgment in a case they believe is barred by the statute of limitations or statute of repose, they shall file via ECF and serve on the relevant Plaintiff's counsel by email a motion of no more than three (3) pages referring to this Order and briefly stating why that Plaintiff's case should be dismissed.

5. Each Plaintiff whose counsel receives such a motion shall have **fifteen (15) days** to respond by:

   a. Filing a notice of voluntary dismissal with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Plaintiff's counsel should include a brief explanation as to why the case was not voluntarily dismissed in

      accordance with Paragraph two (2). Counsel need not disclose information subject to the attorney-client privilege;

    b. Filing a response with the Court, and serving said response on counsel for the Cook Defendants, of no more than three (3) pages, demonstrating why Plaintiff's claim should not be dismissed by setting forth the specific facts and/or law distinguishing Plaintiff's case from the Court's prior rulings; or

    c. Filing a motion and affidavit or declaration with the Court of not more than three (3) pages pursuant to Federal Rule of Civil Procedure Rule 56(d), and serving said motion and affidavit or declaration on counsel for the Cook Defendants, attesting or declaring as to why the plaintiff cannot present facts essential to justify its opposition. Any affidavit or declaration shall set forth (1) the facts necessary to oppose summary judgment that are unavailable; (2) how those facts could demonstrate the impropriety of summary judgment; (3) why these facts cannot be presented without additional time, (4) what would be necessary to obtain those facts, and (5) how additional time would allow for rebuttal of the Cook Defendants' argument for summary judgment.

6. The Cook Defendants shall file a reply of no more than three (3) pages within **fifteen (15) days**. The Court will then apply the standard of review articulated in its prior orders to determine whether (a) dismissal is appropriate on the basis of the briefing alone, (b) a decision can be made only after additional briefing, in which case the Court may set a briefing schedule; or (c) in the case of submission of an affidavit or declaration pursuant to Rule 56(d), the Court may deny the request for additional

time, defer considering the Cook Defendants' summary judgment request, or allow additional time to obtain affidavits or declarations or to take the limited case-specific discovery necessary to oppose the request for summary judgment.

7. The Cook Defendants may submit a proposed Order of dismissal with prejudice for any Plaintiff who does not act under paragraph five (5) within **twenty (20) days** of being served with a motion under paragraph four (4).

**SO ORDERED** this 26th day of October 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.