UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ML-2570-RLY-TAB MDL No. 2570 |

This Document Relates to the Following Actions:

*Clark, et al v. Cook Group, Inc., et al*
1:17-cv-06069-RLY-TAB

**PLAINTIFF'S SURREPLY IN SUPPORT OF HER OPPOSITION
TO THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Unsatisfied with the gamesmanship and impropriety exhibited in their Motion for Summary Judgment, Defendants have doubled down on the same in their Reply (*see* ECF No. 14568, hereinafter "Defendants' Reply" or "Defs.' Reply") in response to Plaintiff's Opposition to the Cook Defendants' Motion for Summary Judgment (*see* ECF 14503, hereinafter "Plaintiff's Opposition" or "Pl's. Opp."). In order to ensure that Plaintiff Merrilyn Johnson has her day in court to hold the Cook Defendants accountable for the harm they have caused her and her deceased husband, and for the reasons detailed herein, Plaintiff Merrilyn Johnson, on behalf of her deceased husband, Ronald D. Johnson, files this Surreply.

The Defendants' Reply largely regurgitates tired and inapt arguments previously raised in their opening brief; when not doing so, however, the Reply improperly introduces new evidence and legal argument that materially distorts and otherwise misrepresents the evidence relied on by Plaintiff in her Opposition, including Merrilyn Johnson's First Affidavit (hereinafter, "Johnson's First Affidavit" or "JFA"). A surreply under LR 56-1(d) was needed to correct and challenge these new issues at this decisive juncture. *See id*. ("A party opposing a summary judgement motion my file a surreply brief only if the movant cites new evidence in reply or objects to the admissibility

1

of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections."). Specifically, Defendants' Reply distorts the record evidence regarding, among other things: (1) what actions Plaintiff took (or should have taken) to conduct reasonable due diligence to investigate the cause of her husband's death; (2) what specific discovery is still needed for Plaintiff to be able to adequately defend Defendants' Motion for Summary Judgment; and (3) what evidence (if any) undermines Plaintiff's legitimate and diligent investigative measures taken to discover the identity of Defendants as the parties responsible for her husband's death. On all these items, and others, Defendants' Reply has completely ignored, misstated, or otherwise re-invented the record evidence whole cloth.

## ARGUMENT

### I. The Cook Defendants' Summary Judgment Motion Is Decidedly Premature

Defendants' Reply does not even dispute Plaintiff's arguments in her Opposition that, to date, *Defendants have yet to take the deposition of a single material witness in this matter*, including: "Plaintiff, any of Mr. Johnson's treating physicians, implanting physician, or any other physician charged with his care related to his defective IVC filter." *Compare* Pl's. Opp. at 7; *with* Defs.' Reply at 4-7. Because of the posture of this case, Plaintiff has also not been able to take the deposition of a single witness—much of whose testimony would otherwise certainly be relevant to the issues raised by the Cook Defendants in their Reply, including: (1) whether Plaintiff exercised the requisite due diligence to investigate her cause of action under Utah law; (2) whether Defendants fraudulently concealed, among other things, their responsibility, knowledge, or identity with respect to the defective IVC product; and (3) whether and to what degree there was information related to (2) in the public sphere sufficient to put Plaintiff on inquiry notice (assuming

2

Defendants' evidence on this is even admissible—it is not[1]) was sufficient to trigger the applicable statute of limitations.

Without further discovery none of these questions can be answered definitively, and—importantly—any "answer" would only be premised on Defendants' guesswork and speculation—making Defendants' Motion for Summary Judgment decidedly premature. The Seventh Circuit, and many other Circuit Courts, have clearly recognized this: "Appellate courts often remand a denial of additional time for discovery when the motion for summary judgment is filed before the close of discovery, especially if there are pending discovery disputes." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 865 (7th Cir. 2019) (citing *Farmer v. Brennan*, 81 F.3d 1444, 1450–51 (7th Cir. 2019) (district court abused discretion by denying Rule 56(d) motion that sought opportunity to conduct discovery under new legal standard after remand from Supreme Court); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)(vacating summary judgment as premature when plaintiff was denied any opportunity for discovery on material issues); *Burlington Northern Santa Fe Railroad Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003) (denial of Rule 56(d) motion was abuse of discretion: when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule [56(d) ] motion fairly freely"); *Wichita Falls v. Banc One*, 978 F.2d 915, 920 (5th Cir. 1992) (reversing denial of Rule 56(d) motion: "When a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery.")). The same is true for courts throughout the Seventh Circuit. *See e.g.*, *Beatty v. Accident Fund Gen. Ins. Co.*, No. 3:17-CV-1001-NJR-GCS, 2019 WL 2409555, at *4 (S.D. Ill.

---

[1] As discussed *infra* Sections II & IV, the Cook Defendants' Motion for Summary Judgment and Reply rely on a number of documents that are not admissible evidence (*i.e.*, CCF and "FDA Safety Communication" re: IVC), or is evidence that Defendants introduced for the first time in their Reply (*i.e.*, "FDA Safety Communication" re: IVC).

June 7, 2019) (ruling that "dismissal on statute of limitations grounds would be premature" where discovery on this issue was still outstanding and specifically emphasizing that: "[n]o depositions had been taken at the time the motions were filed . . . Accordingly, the Court grants Plaintiff's Rule 56(d) motions and denies the motions for summary judgment without prejudice. Defendants are free to refile their motions for summary judgment after discovery has concluded."); *Goines v. Fed. Express Corp.*, No. 99-CV-4307-JPG, 2002 WL 338381, at *2 (S.D. Ill. Jan. 8, 2002) (finding defendant "failed to meet its burden, under Rule 56, of demonstrating that there is no material issue of fact" because the Court found that "[defendant's Rule 56(c) argument is premature . . . [d]iscovery is ongoing, and the Plaintiff may yet disclose expert opinion evidence or other evidence[,]" pertinent to the matter); *Goka v. Bobbitt,* 862 F.2d 646, 650–51 (7th Cir.1988) (Rule 11 is violated where a party moves for summary judgment although it was aware of disputed factual issues); *see also Cent. States, Se. & Sw. Area Pension Fund v. Superior Moving Servs., Inc.*, No. 89 C 7385, 1990 WL 19890, at *2 (N.D. Ill. Feb. 21, 1990) ("deny[ing] summary judgment as premature, since discovery is ongoing on [sic] this matter."); *Brodzik v. Contractors Steel Co.*, No. 2:13-CV-438 JD, 2015 WL 4715171, at *5 (N.D. Ind. Aug. 7, 2015) (denying summary judgment motion on these issues as being "premature, as the parties had not even begun engaging in discovery at the time [party moved for summary judgment].").

Finally, the Seventh Circuit's *Smith* decision, which reversed the trial court's grant of summary judgment, is instructive on this point:

> Given this history, we do not see a basis for saying that plaintiff had failed to pursue discovery diligently. We assume plaintiff's counsel knew from the outset that they would probably need to take the depositions that they noticed in December 2017 and that were the subject of her Rule 56(d) motion. **Counsel and their client should not be penalized with dismissal, however, for not having taken those depositions earlier.** Depositions are expensive, as the district court acknowledged when it stayed depositions in early 2017. Lawyers in paper-heavy cases like this one know that it generally makes sense not to take a witness's deposition until they have the relevant documents in hand. That's why the parties staged discovery as they did in this case, of course, and **why it would have**

4

> **been premature to take the depositions before the plaintiff's deadline for responding to defendants' very early summary judgment motion.**

933 F.3d at 868 (emphasis added).

This Court should follow the wise instruction from the Seventh Circuit and deny the Defendants' Summary Judgment Motion as being premature under Rule 56(d).

## II. Plaintiff Has Satisfied Her Duty Under Utah Law to Investigate Her Claims with Diligence

Tellingly, Defendants' Reply intentionally ignores, or else distorts, much of the substance of Plaintiff's arguments regarding due diligence, in particular, Plaintiff's First Affidavit detailing the measures that she and her husband took to investigate the claims in this matter, both leading up to and following her husband's death. *See* ECF 14503-1 at 1-5 (hereinafter, "Johnson's First Affidavit" or "JFA"). These efforts were reasonable, diligent, and even robust under the circumstances given Mrs. Johnson's age and limited resources. *See* ECF No. 14503 at 10-11 and JFA at 1-5. Out of an abundance of caution, and to correct the distortions contained in Defendants' Reply, that suggest Plaintiff's efforts were not "reasonable" or "diligent," Plaintiff Merrilyn Johnson submits a Second Affidavit detailing the investigative measures she and her husband took demonstrating their due diligence in this matter. *See* Exhibit A, Plaintiff's Second Affidavit (hereinafter "Johnson's Second Affidavit" or "JSA") at 1-3. As applied, Plaintiff has plainly satisfied her duty under Utah law to investigate her claims with requisite diligence. *See id.*

Moreover, Defendants' Reply is (for better or for worse) written like a legal brief—rich in rhetoric and poor in commonsense. Defendants' Reply *assumes* that any "reasonable investigation of Mr. Johnson's health problems before and after his death would also have included obtaining a copy of his autopsy report which listed the gastrointestinal hemorrhage in a section labeled "Special Problems, Tissues, OR **Diagnoses To Be Investigated.**" Reply at 12 (emphasis in original). Building from this first assumption—which itself is both simplistic, short-sighted, and

5

unquestionably in Defendants' favor[2]—Defendants would have the Court dismiss this wrongful death action by turning four words—words which Defendants have bolded—into a basis for putting the Plaintiff on inquiry notice, thus triggering the statute of limitations. In doing so, aside from conveniently overlook the fact that this would have been viewed by a grieving widow who was viewing four **unbolded** words, Defendants also plainly ignore the disjunctive "or," which (unsurprisingly) Defendants chose not to emphasis. A reasonable person—even a grieving widow—who read the words, "Special Problems, Tissues, *or* Diagnoses To Be Investigated[,]" (emphasis added) could reasonably conclude—at the time—that the cause of her husband's death *could have* been the result of special problems or tissues. It would be reasonable for that same grieving widow to leave it at that and not investigate further. But Ms. Johnson did not stop there, she continued to investigate as set forth in both the JFA and JSA. Defendants' efforts to suggest otherwise are wrong. At bottom, these are all issues for the finder of fact to decide at trial, not on summary judgment. See *Charlesworth v. Reyns*, 2005 UT App 214, ¶ 30, 113 P.3d 1031, 1037 (quoting *Berenda v. Langford,* 914 P.2d 45, 54 (Utah 1996)) ("Thus, the type of factual findings required to determine the reasonableness of a plaintiff's actions normally "'preclude summary judgment in all but the clearest of cases.'").

Defendants go out of their way to cite authorities in support of their request for dismissal on the basis that those plaintiffs relied purely on discovery that had not been taken in their cases and that do not identify what specific discovery is needed to oppose summary judgment. *See* Reply at 7-10. This is wrong—Plaintiff's Opposition brief and the JFA did in fact detail the specific discovery that was needed. *See* ECF No. 14503 at 10-11; 14503-1 at 3-4. Again, out of an abundance of caution, and to correct Defendants' misstatements in their Reply with regards to

---

[2] Tellingly, Defendants cite no Utah authority that requires a grieving widow, or any other person for that matter, to review medical documents within a certain period of time in order for their wrongful death suit to survive dismissal based on a statute of limitations. There is none.

6

what Plaintiff did or did not do, Plaintiff has submitted a Second Affidavit demonstrating the specific discovery that would be needed for her to adequately defend Defendants' Motion for Summary Judgment. *See* JSA at 1-3. Under Rule 56(d) Plaintiff hereby respectfully requests that the Cook Defendants' Motion for Summary Judgment be denied until such discovery can be conducted.

Because of the posture of this case—where no depositions of material witness have been taken by either party—Defendants must rely on speculation, guesswork, and improper hearsay to support their arguments regarding the putative lack of diligence at issue here. *See* Defs.' Reply at 10-14. Despite arguments in their Reply spanning over four pages—most of which introduce entirely new evidence not raised in their opening brief (*see e.g.*, Reply at 13-14)—none of Defendants' arguments can overcome Plaintiff's testimony in two affidavits demonstrating her diligent efforts, *see generally* JFA and JSA.

Defendants' reliance on a putative FDA website in their Reply (*see* Reply at 14) is wholly improper and should not be countenanced by this Court when considering the Defendants' Motion for Summary Judgment. Aside from the fact that Defendants improperly *introduced this evidence for the first time in their Reply*, their use of this FDA website as supposed proof of what would have been discovered "[h]ad Plaintiff conducted a diligent investigation in the years after Mr. Johnson's death," necessarily depends on many layers of rampant speculation and inference all drawn in Defendants' favor; moreover, it ultimately relies on something that cannot be judicially noticed. *See Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."); *see also* Fed.R.Evid. 201(b). At bottom, all of Defendants' arguments regarding due diligence necessarily depend on turning the proper standard on its head—as Defendants' Reply advances arguments in this regard all depending on the Court to draw reasonable inferences in their favor. This is not what

7

the law prescribes. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (the Court must review "the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." (citation omitted); *Fish v. GreatBanc Tr. Co.*, 749 F.3d 671, 674 (7th Cir. 2014) ("summary judgment . . . requires that we view the evidence in this harsh light"). Time and again, courts in the Seventh Circuit have rejected these precise types of arguments-by-inference in the Summary Judgment context, particularly where discovery is ongoing as it is here. *Stokes v. Board of Educ. of the City of Chicago*, 599 F.3d 617 (7th Cir. 2010) ("In deciding a motion for summary judgment, neither the district court nor this court may assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence."); *Collins v. Aramark Corr. Servs., Inc.*, No. 14-CV-3402, 2017 WL 637676, at *5 (C.D. Ill. Feb. 16, 2017) (denying summary judgment and ruling that "the Court must draw reasonable inferences in Plaintiff's favor at this stage and may not weigh the strength of competing inferences."); *Kaupas v. Vill. of Univ. Park*, No. 02 C 3674, 2003 WL 22048173, at **3, 8 (N.D. Ill. Sept. 2, 2003) (denying summary judgment premised the court's application of the principle that "[i]n ruling on a motion for summary judgment, the evidence of the nonmovants must be believed and all justifiable inferences must be drawn in the nonmovants' favor."). This Court should take instruction from these cases and resist Defendants' improper efforts to have the Court draw all reasonable inferences in their favor.

Indeed, even if this were not the case, Defendants' arguments that dismissal is appropriate would still be wrong because their arguments regarding the necessary due diligence that may or may not have been conducted by Plaintiff, and related parties, is not grounded in citations to her deposition. This is because—to date—*Defendants have not even taken Plaintiff's deposition* and therefore their arguments in this regard are nothing more than guesswork and speculation, at best. *See* Reply at 10-14. This startling omission elicits an obvious rhetorical question that Defendants'

8

reply fails to answer: how can the Cook Defendants reasonably dispute Plaintiff's assertions of due diligence as detailed in—not one *but two affidavits* (*see generally* JFA at and JSA)—if the Defendants have not even taken the Plaintiff's deposition? The answer, of course, is self-evident: *they cannot*. Summary judgment of Plaintiff's claims is improper under Rule 56(d) until the appropriate depositions have been taken of, among other persons, the following: (1) the Plaintiff, Merrilyn Johnson; (2) Mr. Johnson's treating physicians; and (3) all applicable 30(b)(6) corporate representatives of Cook who could speak to issues pertaining to fraudulent concealment, among many other relevant topics. Until these persons, and others, are deposed, summary judgment is patently premature under Seventh Circuit precedent. *See Goines*, No. 99-CV-4307-JPG, 2002 WL 338381, at *2; *Goka,* 862 F.2d at 650–51 (Rule 11 is violated where a party moves for summary judgment although it was aware of disputed factual issues); *Cooper*, 969 F.2d at 371 (quoting *Big O Tire Dealers, Inc. v. Big O Warehouse,* 741 F.2d 160, 163 (7th Cir.1984)) ("recognizing that 'the party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact.'"); *Ortiz v. City of Chicago*, 656 F.3d 523, 534 (7th Cir. 2011) (at the summary judgment stage, courts "do not weigh the proof, make credibility determinations, or resolve narrative disputes."); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (the Court must review "the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.") (citation omitted); *Fish v. GreatBanc Tr. Co.*, 749 F.3d 671, 674 (7th Cir. 2014) ("summary judgment . . . requires that we view the evidence in this harsh light"); *see also Celotex Corp. v. Catrett*, 477 U.S. 377, 326 (1986) (noting the remedy for a premature summary judgment motion is denial or a continuance if the nonmoving party has not had an opportunity to full discovery).

### III. When It Is Not Distorted or Misrepresented by Defendants' Reply, Plaintiff's Fraudulent Concealment Argument is Decisive on the SOL Issue

Defendants do not dispute that Utah law applies to Mr. Johnson's claim. *See* Defs.' Mot. at 4. Under Utah law, a plaintiff must commence a suit for wrongful death claims within two years after the cause of action accrues. *See* Utah Stat. 78b-2-304. The Utah Supreme Court has recognized three circumstances where Utah courts apply the "discovery rule" to toll the statute of limitations "'until the discovery of facts forming the basis for the cause of action.'" *Warren v. Provo City Corp.,* 838 P.2d 1125, 1129 (Utah 1992) (quoting *Myers,* 635 P.2d at 86); *O'Neal v. Division of Family Servs.,* 821 P.2d 1139, 1143 (Utah 1991). Plaintiff's well-pled facts demonstrate that at least one of these circumstances applies here, namely: "where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct[.]" *Warren,* 838 P.2d at 1129 (footnotes omitted).

As Utah Courts have made clear, this is not the appropriate juncture to determine these fact intensive issues: "The question of when a plaintiff reasonably would have discovered the facts underlying a cause of action in light of a defendant's affirmative concealment is a 'highly fact-dependent legal question[ ]' that is 'necessarily a matter left to trial courts and finders of fact.' " *Russell/Packard Dev., Inc. v. Carson,* 2003 UT App 316,¶ 39, 78 P.3d 616, *aff'd as to result,* 2005 UT 14, 108 P.3d 741. "Thus, the type of factual findings required to determine the reasonableness of a plaintiff's actions normally 'preclude summary judgment in all but the clearest of cases.'" *Charlesworth*, 2005 UT App 214, ¶ 30, 113 P.3d 1031, 1037 (quoting *Berenda,* 914 P.2d at 54).

Moreover, even if the Court were to countenance Defendants' arguments (which it should not), then the Court could still find in the alternative that the final circumstance tolling circumstance applies "where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action." *Id*. The application of this "exceptional

10

circumstances" tolling application is warranted here where the Plaintiff, who represents her deceased husband, is seventy-four years old, with limited resources at her disposal. For the Court to adopt Defendants' arguments on Reply and impose the "application of the general rule would be irrational or unjust," under the circumstances. *See Switzer v. Reynolds*, 606 P.2d 244, 249 (Utah 1980) ("From the foregoing cited cases in which statutory provisions similar to those involved herein were construed the conclusion is compelling that the limitation period of Section 78-12-28(2) is tolled by Section 78-12-36(1), in an action for wrongful death pursuant to Section 78-11-7."). The Court should reject the arguments Defendants raise in their Reply and find that the applicable statute of limitations was tolled, making Plaintiff Merrilyn Johnson filing of this action timely.

Importantly, Defendants' Reply does nothing to challenge the litany of "disputed facts" that Plaintiff's detail in their Opposition on this issue. *See* ECF No. 14503 at 9-10 (citing *seven* disputed material facts on this issue). Defendants' failure to substantively challenge these seven disputed material facts on this issue in their Reply, requires the Court to rule that they have not satisfied their burden to show the absence of a genuine issue of material fact on this issue. Thus, Defendants' Motion for Summary Judgment should be denied.

Finally, Defendants' display their desperation by suggesting that "Plaintiff has not identified any case in which a court has employed equitable tolling to a time-barred wrongful death claim, much less in a situation like this where the case was not commenced until almost eight years after the death occurred." Reply at 2. Plaintiff omitted this from her Opposition simply because she did not believe this to be a point in controversy. To set the record straight, yet again, there is ample precedent (applying Utah law) on this precise issue. *See Switzer v. Reynolds*, 606 P.2d 244, 247 (Utah 1980) (Utah wrongful death action that stated: Since the cause of action is a personal property right of the heir, it would be consistent with prior interpretations of Utah law to hold the

11

limitation period is tolled during the period of a minor heir's disability."); *see also Parker v. Chrysler Motors Corp.*, 88 Nev. 560, 502 P.2d 111 (1972) ("The annotation points out where the cause of action is in the child as opposed to the personal representative of the decedent, the limitation period for wrongful death was subject to being tolled during the infancy of a person entitled to bring the action."). Defendants' Motion for Summary Judgment should be denied in full.

### IV. This Court Should Not Consider Plaintiff's Case Categorization Forms

Defendants' Reply does not even attempt to justify why the use of Plaintiff's Case Categorization Form ("CCF") overcomes the express disclaimer contained on the first page of the CCF itself. Indeed, Defendants' Reply does not point to a single summary judgment motion where the Court relied on CCFs in granting dismissal. *See* Reply at 3 (acknowledging the cited rulings "were 12(c) motions"). As such, Defendants do not overcome clear Seventh Circuit precedent requiring that Rule 56 motions rely on properly admissible evidence, which Plaintiff's CCF decidedly is not. *See Woods v. City of Chicago*, 234 F.3d 979, 987-88 (7th Cir. 2000) ("To support a motion for summary judgment, matters submitted must be admissible under the Rules of Evidence."); *Smith v. City of Chicago*, 242 F.3d 737, 741 (7th Cir. 2001) (documents relied on in a summary judgment motion must be "properly authenticated and admissible.").

### V. Defendants' Distort Plaintiff's Argument Regarding Recovery Being Limited to Special Damages

Finally, Defendants' Reply incorrectly states that Plaintiff has not substantively addressed Defendant's argument that recovery should be limited to "special damages." *See* Reply at 1, n.1. This is wrong. Plaintiff's Opposition devotes an entire section to substantively address this issue. *See* ECF No. 14503, Section IV, at 11-12. Defendants' Reply entirely fails to address the core substantive argument raised in Plaintiff's Opposition—specifically, that this is *a wrongful death*

12

*action* making Defendants' reliance on Utah's survival statute inapplicable. *See* ECF No. 14503, Section IV, at 11-12; *see also* ECF No. 14243 at 5-6; ECF No. 14243-1 at 2 (letter from Defendants' counsel citing numerous cases analyzing the limitations periods for wrongful death claims). Therefore, the Court should not limit Plaintiff's recovery to special damages.

## CONCLUSION

For the reasons stated above, Defendants have failed to meet their burden as required under Rule 56(c) and, therefore, the Court should deny Defendants' Motion for Summary Judgment in full. Alternatively, this Court should deny Defendants' Motion for Summary Judgment under Rule 56(d), and Order additional discovery commence immediately as Plaintiff has outlined above and in her supporting affidavits.

Dated: October 28, 2020    Respectfully submitted,

By:    */s/ Ethan D. Hatch*
Ethan D. Hatch
**THE DRISCOLL FIRM, LLC**
1311 Avenida Ponce de Leon
San Juan, Puerto Rico 00907
Phone: (314) 925-1525
Fax: (314) 222-2606
ethan@jjlegal.com

John J. Driscoll
**THE DRISCOLL FIRM, P.C.**
211 N. Broadway, Suite 4050
St. Louis, Missouri 63102
Phone: (314) 932-3232
Fax: (314) 932-3233
john@thedriscollfirm.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on October 28, 2020, a copy of the foregoing—**Plaintiff's Surreply in Support of Her Opposition to the Cook Defendants' Motion For Summary Judgment**—was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                                */s/ Ethan D. Hatch*