# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ML-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions:

*Clark, et al. v. Cook Group, Inc., et al.*
1:17-cv-06069-RLY-TAB

---

### PLAINTIFF MERRILYN JOHNSON'S SECOND AFFIDAVIT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Pursuant to 28 U.S.C. § 1746 and Federal Rule of Civil Procedure 56(c), I, Merrilyn Johnson, declare under penalty of perjury that the following is true and correct.

1. I, Merrilyn Johnson, on behalf of my deceased husband, Ronald Johnson, am a named Plaintiff (the "Lead Plaintiff") in the above captioned case, *Clark, et al v. Cook Group, Inc., et al.,* 1:17-cv-06069-RLY-TAB.

2. On October 7, 2020, my counsel filed an opposition to Defendants' Motion for Summary Judgment in this matter, with my unexecuted affidavit as an exhibit. See ECF No. 14503.

3. On October 26, 2020, my counsel filed my executed affidavit. *See* ECF No. 14595-1.

4. On October 21, 2020, Defendants filed a reply. *See* ECF No. 14568. Defendants' Reply egregiously misstated and distorted the record—particularly with regards to my first

1

affidavit supporting Plaintiff's Opposition to Defendants' Motion for Summary judgment. This Second Affidavit, which is filed as an exhibit to Plaintiff's Surreply to Defendants' Motion for Summary Judgment, is needed in order to correct the Defendants' material misstatements, distortions, and introduction of disputed factual issues in their Reply.

5. For purposes of avoiding duplication, I hereby incorporate the entirety of my original affidavit as if it were set forth herein.

6. Upon the first discovery of my late husband's deteriorating health prior to his death, my husband and I—acting both together and independently—earnestly and diligently pursued every available source of information we could to discover the cause of his worsening condition and pursue any and all treatments available. These efforts to discover and treat the cause of his declining health, which resulted ultimately in his premature death, included, but were not limited, to the following: (1) independent research into possible causes (both during his decline and for months following his death); (2) several consultations with several treating physicians and medical experts regarding possible causes and their recommended treatment; and (3) repeated conversations and related inquiries into reasons for my husband's decline and death with friends, families, and associates.

7. Based on the above, and in consultation with my attorneys, I have reason to believe that the Defendants engaged in consistent, methodical, and profit-driven efforts to intentionally conceal, misrepresent, or otherwise hide information related to their defective IVC product from my husband, myself, and my husbands' physicians, which thwarted all of us from being able to know that it was in fact the Defendants defective IVC product that caused my husband's pre-death injuries and death.

8. Without further discovery from the Defendants in this matter—including the depositions of, among other things, my husband's treating physicians, 30(b)(6) corporate representatives of the Cook Defendants, and expert witnesses—I will not be able to provide, among other things, further specifics identifying the precise nature, extent, method, and timing of Defendants' fraudulent efforts to conceal their responsibility for my husband's death and their knowledge regarding their own defective IVC product.

9. If allowed, I fully intend to pursue any and all discovery efforts from Defendants needed to uncover and prove the aforementioned facts and in order to successfully prosecute this action.

**CERTIFICATE OF ATTESTATION**

  I, Merrilyn Johnson, a named Plaintiff in this matter, as representative for my deceased husband, Ronald D. Johnson, do hereby swear under penalty of perjury, that the foregoing is, to the best of my knowledge and ability, accurate and truthful.

Dated: _____  By: \_\_\_\_\*_____
                Declarant - Merrilyn Johnson

\*Due to circumstances beyond Plaintiff's control, Plaintiff was not able to provide her attorneys with an executed version of this affidavit by the deadline for filing. Plaintiff's fully-executed affidavit, which is identical to the above, will be filed as soon as possible.