UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This document relates to:<br><br>1:20-cv-02603 Darlene Harris, as executor of the Estate of Darlene Williams<br>1:20-cv- 02601 Sandra J. Mortensen | |

## <u>Plaintiffs' Motion for Remand</u>

Under 28 U.S.C. § 1447(c), Darlene Harris, as the executor of the Estate of Darlene Williams and Sandra J. Mortensen by counsel, respectfully move this Court to remand these cases to the Superior Court of Marion County, Indiana. In support, Plaintiffs state:

## Introduction

1.      On October 7th, 2020, Plaintiffs Harris and Mortensen filed their individual complaints against the Cook Defendants in the Superior Court of Marion County, Indiana. Although the parties are diverse in citizenship, both Cook, Inc. and Cook Medical, LLC are citizens of Indiana bringing the "forum defendant rule" into play, which provides a case cannot be removed based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

2.      To avoid the clear purpose and application of the forum defendant rule, the Cook Defendants "snap removed" these actions on October 7th, 2020 mere hours after they were accepted for filing before being formally served. The <u>Harris</u> Complaint was accepted for filing in Marion County Superior Court on October 7 at 8:51 a.m. (Ex. 1 – Harris Complaint) The <u>Mortensen</u> Complaint was accepted for filing in Marion County Superior Court on October 7 at 10:38 am. (Ex. 2 – Mortensen Complaint)

3.      Defendants filed its Notice of Removal in <u>Harris</u> on October 7th at 3:16 pm, and in <u>Mortensen</u> on October 7th at 1:23 pm. (Ex. 3 – <u>Harris</u> Notice of Removal and Ex. 4 – <u>Mortensen</u> Notice of Removal)

4.      In each the of the <u>Harris</u> and <u>Mortensen</u> cases, Plaintiffs' formally served Defendants immediately – mere hours after the complaint was filed.

5.      In <u>Harris</u>, Plaintiff completed service by hand on all Defendants on October 7 at 3:30 pm. (Ex. 5 - <u>Harris</u> Proof of Service)

6.      In <u>Mortensen</u>, Plaintiff completed service by hand on all Defendants on October 7 at 3:30 pm.  (Ex. 6 –<u>Mortensen</u> Proof of Service)

7.      Thus, the question before the Court is whether the gamesmanship of a "snap removal" should be rewarded with federal jurisdiction in a case that undisputedly involves a forum defendant for whom federal diversity jurisdiction does not apply. The answer is no.

8.      Allowing pre-service snap removals would (a) be contrary to Congressional intent in enacting the forum defendant rule, (b) be contrary to the better-reasoned view adopted by many Courts that have considered the issue, and (c) invite tactical gamesmanship that would make jurisdiction hinge on a race to the courthouse rather

than the genuine interests of the parties to the controversy. Plaintiffs' motion to remand should be granted.

# Authority and Argument

## A. Standard of Review.

9.      When considering a motion for remand, federal courts interpret the removal statute narrowly and presume the plaintiff's choice of forum is valid. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly … . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Schur v. A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (any doubt about removal "must be resolved in favor of remand to the state court.")*.*

10.      "There is a strong presumption in favor of remand." *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1044 (S.D. Ill. 2006) (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)). A defendant seeking removal bears the burden of establishing federal jurisdiction and that removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004).

## B. The "forum defendant rule" applies and bars removal.

11.      Cook Defendants removed these cases based upon diversity jurisdiction, under 28 U.S.C. §§ 1332 and 1441. However, under § 1441(b)(2), commonly called the "forum defendant rule," this case is not removable because the Cook, Inc. and Cook Medical, LLC are citizens of the forum state.

12.     The forum defendant rule states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought

28 U.S.C. § 1441(b).

13.     Thus, as citizens of Indiana, the state in which this action was brought, Cook Defendants are not entitled to removal unless they can convince the Court that the "properly joined and served" language of § 1441(b)(2) should be interpreted to allow removal (where it otherwise would be disallowed) merely because the forum defendant filed a notice of removal before the plaintiff achieved formal service of process.

### 1.   "Snap removals" are contrary to the purpose and intent of the forum defendant rule and permitting them would lead to an absurd result.

14.     The purpose of diversity jurisdiction is to protect **nonresident defendants** from any perceived prejudice or preference of the state court for the resident plaintiffs. *Davenport v. Toyota Motor Sales, USA, Inc.,* Case No. 09-cv-532, 2009 U.S. Dist. LEXIS 116287, at **5-6 (S.D. Ill. Dec. 14, 2009).

15.     The forum defendant rule, on the other hand, reflects the notion that there is no concern with favoritism by local courts toward a nonresident plaintiff over an in-state defendant. Thus, the forum defendant rule "is designed to preserve the plaintiff's choice of a (state) forum," where local bias is not a concern due to the presence of a resident defendant. *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). *See also GE Betz, Inc. v. Zee Co. Inc.,* 718 F.3d 615, 625 (7th Cir. 2013); *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).

4

16.   In 1948, the forum defendant rule was explicitly codified — with the "properly joined and served" language added to prevent gamesmanship by plaintiffs who sought to block removals by joining a forum-defendant they had no interest in pursuing and often didn't bother to serve. *Hawkins v. Cottrell,* 785 F. Supp. 2d 1361, 1374-78 (N.D. Ga. 2011).

17.   Thus, the "properly joined and served" language of § 1441(b)(2) was originally meant to diminish gamesmanship and forum manipulation. *Holmstrom v. Harad*, 05 C 2714, 2005 U.D. Dist. LEXIS, at **6-7 (N.D. Ill. Aug. 11, 2005); *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007).

18.   Congress was not envisioning the electronic case filing and waiver service rules that would make "snap removals" a possibility for defendants more than half a century later. *See Hawkins*, 785 F. Supp. 2d at 1370. It is ironic the "and served" requirement added by Congress to halt gamesmanship by plaintiffs has been seized upon by the Cook Defendants for forum manipulations of another sort:

> Given that the purpose of the 'properly joined and served' language is to prevent one form of gamesmanship—improper joinder—the court finds that allowing defendants to engage another type of gamesmanship—a hasty filing of a notice of removal—is demonstrably at odds with Congressional intent.

*Sullivan v. Novartis Pharm. Corp.* 575 F. Supp. 2d 640, 647 (D.N.J. 2008).

19.   Courts should construe statutory language "to give effect to the intent of Congress." *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940). Thus, even if the plain language of § 1441(b)(2) could be read to permit snap removals when the defendant is a forum defendant (which it should not be for the reasons discussed below),

such a literal interpretation should be avoided when it would lead to absurd results. When plain language would lead to an absurd or futile result, courts must "look beyond the words to the purpose of the act." *See U.S. v. Am. Trucking,* 310 U.S. 534, 543 (1940).

20.     Allowing removal (where it would otherwise be prohibited) simply because service had not been accomplished **in a single business day, or in these cases within a couple hours of filing,** is an absurd result contrary to the intent and purpose of diversity jurisdiction and the forum defendant rule. Plaintiff's motion to remand should be granted.[1]

### 2.    The Seventh Circuit has expressed, in dicta, its opposition to the practice of snap removals.

21.     The Seventh Circuit has not ruled on the propriety of snap removals. But in addressing other aspects of the forum defendant rule (e.g., whether it is procedural or jurisdictional), the Seventh Circuit has referenced the same policies and considerations that have led other courts to conclude snap removals are improper.

22.     For instance, the Seventh Circuit has recognized that: (1) removal statutes are to be strictly construed to preserve the limited jurisdiction of federal courts, (2) the purpose of the forum defendant rule is to avoid bias against non- resident defendants, and (3) that rulings which expand the number of removal petitions can have costs that

---

[1] An analysis of 221 cases involving at least one forum defendant that were removed over a three-year period beginning January 1, 2012, showed that "less than 10% of snap removals are successful based on the defendants' argument that they are permitted by the text of § 1442(b)(2)." Valerie M. Nunnery, *Closing the Snap Removal Loophole*, 86 U. Can. L. Rev. 541, 570-71 (2018). The researchers observed that the "overwhelming majority of district courts that addressed the issue held that removal before service on many defendants in a diversity case involving a forum defendant was improper." *Id.* at 569.

far outweigh the benefits and "would stall the administration of justice at both the state and federal levels." *Morris v. Nuzzo*, 718 F.3d 660, 665-69 (7th Cir. 2013).

23.     Consistent with these principles, the Seventh Circuit expressed disapproval of snap removals in *GE Betz, Inc.*, 718 F.3d at 632. In *Betz*, the defendants attempted to avoid application of the forum defendant rule by having an out-of-state defendant remove the case. Rejecting this practice, the court stated:

> [Defendants] cannot run around the forum defendant rule by having only the non-forum defendant remove the case.

*Id.*

24.     As with Defendants attempt here to snap remove these cases minutes before service to avoid the forum defendant rule, it is a clear articulation that the court does not take a favorable view of such gamesmanship.

25.     Looking at comments made in other cases, it seems likely the Seventh Circuit would join with courts holding snap removals improper unless and until at least one defendant has been served.

> District courts have interpreted § 1441(b)(2)'s "properly joined and served" provision as creating a service-based exception to the forum defendant rule, meaning that a properly served out-of-state defendant will not be prevented from removing a case when the plaintiff has named but not yet served a resident defendant … . This rule provides at least a modicum of protection against the insertion of a "straw-man" resident defendant whose presence blocks removal but against whom the plaintiff does not intend to proceed.

*Morris*, 718 F.3d at 670 n.3.

26.     The Seventh Circuit envisions the rule being invoked by a "properly served out-of-state defendant" where there are both local and out-of-state defendants — but

only the out-of-state defendant had been served. The court's comment recognizes that the purpose of the forum defendant rule provides some assurance that the plaintiff actually intends to pursue claims against the resident defendant(s) and the resident defendant is not merely named (but not served) to defeat removal.

27.     This policy-focused statement aligns the Seventh Circuit with courts that have held using snap removals to manipulate the forum is contrary to the purposes of § 1441(b)(2). *See infra* § 4.

>    ### 3.     The existence of federal jurisdiction cannot rationally turn on the variances in timing of service of process.

28.     The Cook Defendants' ability to remove this case turned upon their success in racing notices of removal to the courthouse before being served. In <u>Harris</u>, Defendants succeeded in filing their Notice of Removal 4 minutes before being served.

29.     As one MDL court has held, "any contention that removability should depend on the timing of service is absurd on its face and could not have been intended by Congress." *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.,* 624 F. Supp. 2d 396, 410 (E.D. Penn. 2009).[2]

30.     The very practice of snap removal, and the steps required of Plaintiffs to avoid it, are absurd. Here, Cook Defendants knew cases would be filed against in Indiana state court given they are defending several dozen cases consolidated in Marion County Superior Court.

---

[2] The Eighth Circuit recognized the ridiculousness of conditioning federal jurisdiction on the timing of service in a multi-defendant case, saying: "because simultaneous service upon multiple defendants is unlikely to occur, removal could be proper one day when service of certain defendants was completed, but improper the next day when all defendants have been served." *Pecherski v. General Motors Corp.,* 636 F.3d 1156 (8th Cir. 1982).

31.     Thus, Cook Defendants were able to lie in wait for future complaints, monitor court filings, and race their notices of removal to the Court within a single business day — before it could be served in the routine course of proceedings.

32.     Avoiding this outcome would have required Plaintiffs to carefully coordinate the time complaints were filed with near simultaneous service on Cook Defendants' registered agent. This "cat and mouse" game will become the norm if snap removals are recognized as a permissible practice.

33.     Removability should not depend on the timing of service. This Court should decline to interpret § 1441 in a way that elevates the happenstance timing of service over the actual jurisdictional facts.

### 4.     Numerous courts have rejected snap removals and ordered cases remanded.

34.     Courts across numerous jurisdictions support Plaintiffs' position and have concluded pre-service removal—particularly by a forum defendant—creates an absurd result and contravenes the purpose of the forum defendant rule. *E.g.*, *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn. 2017) (Concluding that "snap removal thwarts the purpose of the forum defendant rule."); *Swindell–Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 521 (E.D. Pa. 2013) ("The Court declines to enforce the plain meaning of 28 U.S.C. § 1441(b)(2) because doing so produces a result that is at clear odds with congressional intent."); *Delaughder v. Colonial Pipeline Co.*, Civil Action No. 1:18-cv-4414, 360 F. Supp. 3d 1372, 1381 (N.D. Ga. 2018) (ordering remand of a snap removed case to "close an absurd loophole in the forum-defendant rule"); *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1244 (E.D.

Mo. 2012) ("The rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served."); *Mohammed v. Watson Pharms. Inc.*, Case No. SA CV09-79, 2009 U.S. Dist. LEXIS 31094, at *8 (C.D. Cal. Mar. 26, 2009) ("depart[ing] from a literal interpretation of Section 1441(b)" because it "thwarts the purpose of Section 1441(b) and merely promotes gamesmanship on the part of removing defendants"); *Standing v. Watson Pharm., Inc.*, Case No. CV09-527, 2009 U.S. Dist. LEXIS, at **13-14 (C.D. Cal. Mar. 26, 2009) (finding that "a plain meaning interpretation of the statute produces unreasonable results at variance with the policy of the legislation as a whole. The purpose of the statute is to prevent gamesmanship by plaintiffs and should not allow for a similar gamesmanship by defendants."); *Vivas v. The Boeing Co.*, 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007) ("[T]o allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. Allowing either party to do that would be against what the courts have long understood to be Congress's intent."); *Fields v. Organon USA Inc.*, Civil Action NO. 07-2922, 2007 U.S. Dist. LEXIS 92555, at *12 (D.N.J. Dec. 12, 2007) ("The result of blindly applying the plain 'properly joined and served' language of § 1441(b) is to eviscerate the purpose of the forum defendant rule"); *Vallejo v. Amgen, Inc.,* CV 13- 03666 BRO, 2013 U.S. Dist. LEXIS 199494, at *7 (C.D. Cal. Aug 30, 2013) (snap removals would "effectively circumvent Congress's entire statutory scheme and render § 1441(b)(2) superfluous.  Such an application could not have been  intended by Congress"); *Oxendine v. Merck & Co. Inc.*, 236 F. Supp. 2d 517,

526 (D. Md. 2002) ("[R]emovability cannot rationally turn on the timing or sequence of service of process").

35.     Circuit courts have differed in their views on snap removals. Two circuit courts have determined that pre-service removal is proper based on the plain language of § 1441(b)(2). *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Restaurant. Inc.,* 902 F.3d 147, 152-54 (3d Cir. 2018). However, there is reason to believe that other Circuits may disagree with a blind application of the plain language of 1441(b)(2).

36.     For instance, "[i]n a case affirming the notion that defendants can generally remove before service, the First Circuit noted without deciding that the principle may be different when the forum defendant rule is concerned." *Bowman v. PHH Mortgage Corp.,* 2019 WL 5080943, n.4 at *3 (N.D. Ala. Oct. 10, 2019) (*citing Novak v. Bank of N.Y. Mellon Trust Co.,* 783 F.3d 910, 911 n.1 (1st Cir. 2015).

37.     Meanwhile, the Eleventh Circuit has acknowledged the phrase "properly joined and served" should prevent, not promote, gamesmanship. *See Goodwin v. Reynolds,* 757 F.3d 1216, 1221 (11th Cir. 2014) ("The only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service. Defendants would have us tie the district court's hands in the face of such gamesmanship by Defendants. Their argument, if accepted, would turn the statute's 'properly joined and served' language on its head.").

38. Therefore, Goodwin indicates that the Eleventh Circuit's stance on snap removals favors Plaintiff's position.

**5. Under the removal standard, any uncertainty regarding the propriety of snap removals should be resolved in favor of remand.**

39. Removal statutes are to be narrowly construed. *Allied-Signal, Inc.*, 985 F.2d at 911. And all uncertainties regarding removal jurisdiction are to be resolved in favor of remand. *Schur*, 577 F.3d at 758. Here, the snap removal issue is (at the very least) uncertain; thus, in the face of uncertainty, remand is the appropriate course of action. *Delaughder* 360 F. Supp. 3d at 1375-76.

# Conclusion

40. Plaintiffs request the Court grant this motion for remand. And Plaintiffs request all other and further relief to which she may be justly entitled.

Respectfully Submitted,

WILLIAMS & PIATT, LLC

/s/ *Joseph N. Williams*
Joseph N. Williams, Atty. No. 25874-49 301
Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: joe@williamspiatt.com

*Counsel for Plaintiffs*

## <u>Certificate of Service</u>

I hereby certify that on the 6th day of November, 2020, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Joseph N. Williams*
Joseph N. Williams