UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:
Brandon Ralph, 1:18-cv-02053
Laurie Sides, 1:17-cv-03916
Lisa Ward, 1:17-cv-03918
Lydia Terry, 1:17-cv-04752

_____

**ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER**

On May 6, 2019, the Cook Defendants moved to dismiss Plaintiffs' cases for failure to serve a Plaintiff Profile Sheet in their cases. Plaintiffs' counsel filed an affidavit stating he sent submitted Plaintiffs' Profile Sheets on May 24, 2019 via the http://sft.faegredrinker.com/envelope/CookFilterMDL submission URL, and was under the impression that they had been served. (Filing No. 14034-2, Affirmation of Nicholas R. Farnolo, Esq. ¶ 4). Counsel admits, however, that he could not find a record of the submission. (*Id.* ¶ 5).

On June 24, 2019, the Cook Defendants moved to dismiss Plaintiffs' cases for their failure to comply with court orders. (Filing No. 11227). Plaintiffs did not respond, and on July 19, 2019, the court dismissed Plaintiffs' cases. (Filing No. 11408). Notification of the court's July 19 Order of dismissal was sent to Plaintiffs' counsel but, due to new

1

filtering rules in his email inbox, notification of the July 19 Order was sent to Plaintiffs' counsel's clutter folder. (Farnolo Aff. ¶ 6). Plaintiffs' counsel did not learn of the July 19 Order until one of the Plaintiffs called him on August 7, 2020 to report that his case had been dismissed. (*Id.* ¶ 8).

In their motion, Plaintiffs do not specify the legal grounds in support of their motion for reconsideration. In their reply, Plaintiffs assert their request was made under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). Under Rule 60(b)(1), a court may provide relief from judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect." Under Rule 60(b)(6), a court may provide relief from judgment for "any other reason justifying relief from the operation of the judgment." "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). As shown above, the court dismissed Plaintiffs' cases on July 19, 2019. Plaintiffs brought the present motion to reconsider that order on August 18, 2020, more than a year after the court issued its order dismissing Plaintiffs' cases and was therefore not brought within a reasonable time.

Moreover, "inexcusable attorney negligence is not an exceptional circumstance justifying relief" under either Rule 60(b)(1) or Rule 60(b)(6). *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878-79 (7th Cir. 1996). Here, Plaintiffs' counsel was inexcusably negligent. Indeed, dismissal could have been avoided had Plaintiffs' counsel done one of three things. He could have (1) confirmed whether the Cook Defendants received Plaintiffs' Profile Sheets; (2) monitored the MDL docket more closely for pending

2

motions; and (3) checked Plaintiffs' docket sheets in their member cases. He did none of those things. Plaintiffs' Motion to Reconsider (Filing No. 14034) is therefore **DENIED**.

**SO ORDERED** this 12th day of November 2020.

                                        RICHARD L. YOUNG, JUDGE
                                        United States District Court
                                        Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

!