UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC     )
FILTERS MARKETING, SALES           )
PRACTICES AND PRODUCT              )
LIABILITY LITIGATION               )     1:14-ml-02570-RLY-TAB
_____)     MDL No. 2570
                                   )
This Document Relates to:          )
Gregory Denton, 1:16-cv-01140      )
Leroy Palmer, 1:18-cv-02272        )
Andrea Sons, 1:18-cv-03422         )
Renea Jones, 1:19-cv-03362         )
Valerie Cortez, 1:20-cv-00896      )
_____)

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON)**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture and sell inferior vena cava ("IVC") filters, which are used for the prevention of pulmonary embolism. The Plaintiffs herein, Gregory Denton, Leroy Palmer, Andrea Sons, Renea Jones, and Valerie Cortez, were implanted with Cook IVC filters more than 12 years before they filed suit. The Cook Defendants therefore ask the court to dismiss their cases as barred by the statute of repose of their home state, Oregon.

Since the filing of this motion, Plaintiff Denton stipulated to a voluntary dismissal of his case and the Cook Defendants are in discussions with Plaintiff Jones. Accordingly, the Cook Defendants' motion is denied as moot with respect to Plaintiff Denton and held

1

in abeyance with respect to Plaintiff Jones. This Entry therefore addresses the issues raised by Plaintiffs Palmer, Cortez, and Sons.

## I. Standard of Review

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings for the reason that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "When assessing the facial plausibility of a claim, [the court] draw[s] all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions." *Id.* (internal quotation and citation omitted).

## II. Discussion

### A. Fraudulent Concealment

Plaintiffs Palmer, Cortez, and Sons agree that their "product liability actions" as defined by Oregon's product liability statute, are subject to Indiana law by way of Oregon's "look out" provision. That provision reads, in relevant part:

> A product liability action for personal injury or property damage must be commenced before the later of. . . (b) [t]he expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured . . . ."

2

Or. Rev. Stat. § 30.905(2).  Indiana's product liability statute provides, in relevant part:

> (b)   Except as provided in section 2 of this chapter [involving asbestos claims], a product liability action must be commenced:
>
> \*\*\*
>
> (2) within ten (10) years after the delivery of the product to the initial user or consumer.
>
> However, *if the cause of action accrues at least eight (8) years but less than ten (10) years* after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Ind. Code § 34-20-3-1 (emphasis added).  Here, Plaintiffs' products liability claims were commenced more than 12 years after implantation.  Therefore, they are not entitled to the two-year extension window.  They maintain, however, that the limitations periods were tolled under the doctrine of fraudulent concealment.

Fraudulent concealment tolls the statute of limitations when a defendant conceals from the plaintiff material facts which prevent the plaintiff from discovering a potential cause of action.  *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014).  To invoke the doctrine where no fiduciary relationship exists between the parties . . . a plaintiff must show that the wrongdoer was not simply silent but committed affirmative acts designed to conceal the cause of action."  *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1372 (7th Cir. 1995).  And as with any claim of fraud, the plaintiff must also show reliance upon the fraudulent representation.  *Lyons*, 19 N.E.3d at 261 (citing *Doe v. United Methodist Church*, 673 N.E.2d 839, 845 (Ind. Ct. App. 1996)).

In support of Plaintiffs' fraudulent concealment argument, Plaintiffs rely on the allegations of the Master Consolidated Complaint for Individual Claims. (Filing No. 213, Master Compl. ¶¶ 195-198). But the Master Complaint does not allege the Cook Defendants actively concealed the existence of Plaintiffs' *causes of action*; instead, it alleges the Cook Defendants actively concealed the *risks* associated with their IVC filters:

### TOLLING OF THE LIMITATIONS PERIOD

> 195. Defendants, through its [sic] affirmative misrepresentations and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters.
>
> 196. As a result of Defendants' actions, Plaintiffs and their prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiffs had been exposed to the risks identified in this Master Complaint, and that those risks were the result of Defendants' actions, omissions, and misrepresentations.
>
> 197. Accordingly, no limitations period ought to accrue until such time as Plaintiffs knew or reasonably should have known of some causal connection between Plaintiffs being implanted with a Cook IVC Filter and the harm Plaintiffs suffered as a result.
>
> 198. Additionally, the accrual and running of any applicable statute of limitations have been tolled by reason of Defendants' fraudulent conduct.

(Filing No. 213, Master Compl. ¶¶ 195-98 at 36). As explained below, these allegations are insufficient to establish the doctrine of fraudulent concealment under Indiana law.

### *Argument by Plaintiff Cortez*

Relying on *Elward v. Electrolux Home Prods., Inc.*, 264 F.Supp.3d 877 (N.D. Ill. 2017), Plaintiff Cortez argues the Master Complaint's allegations are sufficient to establish the doctrine of fraudulent concealment under Indiana law. In *Elward*, the

4

plaintiffs purchased and used Electrolux dishwashers which, they alleged, contained a defective electrical heating system. *Id.* at 883. Plaintiffs alleged Electrolux had notice of the defect, pointing to product recalls both in the United States and abroad. *Id.* at 884. Despite knowledge of the defect, plaintiffs alleged Electrolux continued to represent to consumers like them that the dishwashers were safe for use. *Id.* In finding the allegations were sufficient to withstand a motion to dismiss under Indiana law, the district court observed that Electrolux "did not just fail to disclose the defect, but actively misled [plaintiffs] into believing that the dishwasher would clean dishes without overheating or catching fire." *Id.* at 891.

      The court's interpretation of Indiana law is controlled by the decisions of the Indiana Supreme Court. Respectfully, the *Elward* decision does not seem to be an accurate statement of Indiana law. As noted above, the Indiana Supreme Court has held that fraudulent concealment occurs only where the defendant knows that the plaintiff has a potential cause of action and acts affirmatively to prevent the plaintiff from discovering the existence of that cause of action. *Lyons*, 19 N.E.3d at 261; *see also Doe v. Shults-Lewis Child and Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant, by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim."); *Fager v. Hundt*, 610 N.E.2d 246, 251 (Ind. 1993) (holding the doctrine is available when the defendant has "concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action"). The court is unaware of any case where

5

an Indiana court applying Indiana law has found that a defendant's failure to disclose a defect operated to toll the statute of limitations. Indeed, this court, applying Kentucky law, held that such allegations do not. *In re Bridgestone/Firestone, Inc. ATX ATX II & Wilderness Tires Prod. Liab. Litig.*, No. IP00-9373-C-B/S, 2002 WL 31689271, at *5 (S.D. Ind. Nov. 20, 2002) ("Plaintiff's allegations as to fraudulent concealment by Firestone amount to the simple assertion that Firestone failed to disclose the defect in their tires to the general public, including Plaintiff. Under the relevant Kentucky standard, such allegations, even if proven true, are not sufficient to toll the statute of limitations.").

Moreover, even if *Elward* were an accurate statement of Indiana law, the facts of *Elward* differ from those presented in the pleadings. First, no Plaintiff has alleged that the subject IVC filters were ever recalled. Second, no Plaintiff has alleged that the Cook Defendants communicated directly with them in a misleading way about the risks associated with their IVC filters. And no Plaintiff has alleged that the Cook Defendants knew any Plaintiff was injured from a Cook IVC filter or that Cook took steps to prevent any of them from filing a lawsuit within the statutory time limit. Accordingly, Plaintiff Cortez's product liability claims must be dismissed.

### *Argument by Plaintiff Palmer and Plaintiff Sons*

In addition to the allegations of the Master Complaint, Plaintiff Palmer and Plaintiff Sons rely on materials outside the pleadings. (*See* Filing No. 14216-1, Declaration of Angel Dorsey ("Dorsey Decl."); Filing No. 14224-1, Cook Tulip Patient Guide; Filing No. 14224-2, Plaintiff Sons' medical record; Filing No. 14224-3,

6

Declaration of Andrea Sons ("Sons Decl."). But this evidence is not referred to in Plaintiffs' operative complaints; therefore, the court may not consider it. *See Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to his claim.").

Even if the documents were considered, they fail to save Plaintiffs' fraudulent concealment claims. Plaintiff Palmer submitted a declaration from a paralegal, Angel Dorsey, employed by his counsel. She states that Palmer "knew he had an IVC filter implanted years before" but did not know the name of the manufacturer or filter model. (Dorsey Decl. ¶ 2). Through the production of Palmer's medical records on July 28, 2017, it was discovered that Palmer's filter was a Cook Gunther Tulip filter, which was implanted on June 6, 2004. (*Id.* ¶¶ 5, 6). Palmer was informed of this information on September 14, 2017. (*Id.* ¶ 7). Critically, Palmer fails to identify any action on the Cook Defendants' part what would have prevented him from discovering that he had a claim against the Cook Defendants prior to the expiration of the statute of limitations. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) ("It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires.").

The documents that Plaintiff Sons submitted likewise fail to save her claims. In her declaration, she states that she experienced a DVT in 2006, that a doctor explained to her that Cook's Tulip filter was a retrievable filter that could also be used as a permanent filter, and that she agreed to have the filter remain in her body permanently based on her

7

doctor's recommendation. (Sons Decl. ¶¶ 2-3). The medical record attached to the declaration confirms that Plaintiff had a DVT in 2006, and the attached Cook Patient Guide confirms that the Tulip filter could be used as both a retrievable and permanent filter. (Sons medical record; Gunther Tulip Patient Guide at 6 (stating the Tulip filter "is often used as a permanently implanted device" but "may also be removed if your risk of pulmonary embolism has diminished")). Sons also states she contacted another doctor in 2016 after becoming concerned about the possibility of complications, that she was diagnosed with a perforation on January 30, 2017, and that she would not have agreed to have the Tulip placed as a permanent filter if she had known at the time that it had a "high rate of failure, including [perforations]." (*Id.* ¶¶ 4-7).

      Plaintiff Sons fails to establish the affirmative action prong of her fraudulent concealment claim for several reasons. First, she admits she relied on the independent advice of her doctor regarding her treatment and not on any action by the Cook Defendants. Second, Sons presents no evidence that she read the Patient Guide before implantation. But even if she had, the Patient Guide adequately explains that the Tulip filter could be used on both a permanent and retrievable basis; warns that complications, while rare, can arise from having a filter implanted; and warns that "there is a limited amount of time that the filter can be implanted if it is to be safely removed." (Gunther Tulip Patient Guide at 6). Most importantly, Sons fails to provide evidence that the Cook Defendants "concealed from [P]laintiff material facts thereby preventing [her] from discovering a potential cause of action." *Lyons*, 19 N.E.3d at 260 (quoting *Doe*, 718

8

N.E.3d at 744-45). Accordingly, Plaintiff Palmer's and Plaintiff Son's product liability claims must be dismissed.

### B. Unfair Trade Practices Act Claim

Plaintiff Palmer also brings a claim under Oregon's Unlawful Trade Practices Act ("UTPA"). Cook argues his claim is based on product defect and failure to warn; therefore, it is subject to the statute of repose. Plaintiff disagrees.

A "product liability civil action" is defined by Oregon statute as "a civil action brought against a manufacturer, distributor, seller, or lessor of a product for damages for personal injury, death or property damage arising out of" the following circumstances:

(1)  Any design, inspection, testing, manufacturing or other defect in a product;

(2)  Any failure to warn regarding a product; or

(3)  Any failure to properly instruct in the use of a product.

Or. Rev. Stat. § 30.900. In determining whether a claim falls within scope of that provision, Oregon courts "look beyond the label of the claim to the operative facts alleged" to "discern the gravamen or predominate characteristic of the claim." *Weston v. Camp's Lumber & Bldg. Supply, Inc.*, 135 P.3d 331, 337 (Or. Ct. App. 2006). "[I]f the gravamen of the claim is in fact one that is based on product defect or failure contemplated by [section] 30.900, [the statute of repose] will apply regardless of the characterization of the theory given to it by the plaintiff." *Id.* at 337-38.

In the Master Complaint, Plaintiff Palmer alleges that "Defendants engaged in unfair, unconscionable, deceptive, fraudulent and misleading acts or practices" and that, "[t]hrough [their] false, untrue and misleading promotion of Cook's IVC filters,

9

Defendants induced Plaintiffs to purchase and/or pay for the purchase of Cook's IVC filters." (Master Compl. ¶¶ 112-115). Plaintiff further alleged:

> Defendants misrepresented the alleged benefits and characteristics of Cook's IVC Filters; suppressed, omitted, concealed, and failed to disclose material information concerning adverse effects of Cook's IVC Filters; misrepresented the quality and efficacy of Cook's IVC Filters as compared to much lower-cost alternatives; misrepresented and advertised that Cook's IVC filters were of a particular standard, quality, or grade that they were not; misrepresented Cook's IVC Filters in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiffs would have opted for an alternative IVC Filter or method of preventing pulmonary emboli.

(*Id.* ¶ 116). The court finds Plaintiffs' UTPA claim is not based on a product defect or failure to warn but on a willful misrepresentation concerning consumer goods. Therefore, Plaintiff's UTPA claim is not subject to the statute of repose.

Alternatively, the Cook Defendants argue Plaintiff's UTPA claim fails as a matter of law because he failed to plead the claim with the particularity required by Federal Rule of Civil Procedure 9(b). Plaintiff did not respond to this argument.

The Cook Defendants are correct; Plaintiff's UTPA claim sounds in fraud and must be pled with particularity. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014) (analyzing the sufficiency of plaintiff's consumer fraud claim under Rule 9(b)). This means Plaintiff must describe "the who, what, when, where, and how of the fraud." *Id.* at 737 (quoting *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)). Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b). For example, the allegations fail to allege who at Cook made the misrepresentations, when the

10

misrepresentations were said, and who were they communicated to. Accordingly, Plaintiff Palmer's UTPA claim must be dismissed.

### III. Conclusion

For the reasons explained above, the Cook Defendants' motion (Filing No. 14068) is **GRANTED** with respect to Plaintiffs Palmer, Cortez, and Sons, is **DENIED AS MOOT** with respect to Plaintiff Denton, and **HELD IN ABEYANCE** with respect to Plaintiff Jones.

**SO ORDERED** this 13th day of November 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.