**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

De Leonard, Shirley and Richard, 1:17-cv-02679
Hicks, Linda F. and Charles, 1:19-cv-02356
Marshall, Edwin Jr., 1:19-cv-02528
Steward, Desean L., 1:18-cv-01479

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS IN 4 PENDING CATEGORY 2 CASES FOR <u>FAILURE TO STATE A CLAIM</u>**

This Court has worked hard over the last year to address the problems posed by Product-in-Place ("PIP") and/or "No Injury" cases. These efforts led to the Court's Order requiring case categorization (Dkt. 9322), as implemented by subsequent orders (Dkts. 9638, 9956). Pursuant to these Orders, hundreds of plaintiffs self-designated their cases as falling into Category 2, certifying their claims involves "only non-physical injuries, such as worry, stress, or fear of future injury." *Id.*, p. 2 (defining categories). The Court has already considered the merits of Category 2 cases, pushed for voluntary dismissals of these cases, and found that Category 2 cases fail to state cognizable claims as plead:

- Dkt. 10632 - Order Setting Deadline for Voluntary Dismissal Without Prejudice of Category 2 Cases and Briefing Checking for Motion for Summary Judgment on Remaining Category 2 Cases

- Dkt. 11377 – Second Order on the Cook Defendants' Motion for Judgment on the Pleadings in Category 2 Cases

Plaintiffs' counsel, however, have continued to file Category 2 cases.

Currently, there are four Category 2 cases pending on the Court's docket, listed in the caption above. These four plaintiffs' categorization forms are attached as sealed **Group Exhibit A**. Under the reasoning in the Cook Defendants' prior briefing – located at Dkts. 10856, 10857, 11687, and 11688 ("Category 2 Case Briefing") – and consistent with the Court's May 9, 2019 [Dkt. 10632], June 13, 2019 [Dkt. 11131], and July 12, 2019 Orders [Dkt. 11377], these cases fail to state a cognizable claim and should be dismissed under the terms laid out previously by Cook and the Court.[1]

## ARGUMENT

These Category 2 Plaintiffs assert non-physical injuries such as worry, stress, or fear of injury as their only injuries. *See* **Group Exhibit A**, the categorization forms for the four Category 2 Plaintiffs. The Court should dismiss these Plaintiffs' actions because the pleadings fail to state any legally cognizable claim.

As Cook outlined more fully in the Category 2 Case Briefing,[2] Federal Rule of Civil Procedure 12(c) allows a defendant to move for judgment on the pleadings after the defendant has answered. Fed. R. Civ. P. 12(c); *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The standard for judgment on the pleadings under Rule 12(c) is the same as the standard under Rule 12(b)(6): the case must be dismissed if the plaintiff fails to state a claim that is plausible on its face. *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th

---

[1] The Court previously dismissed Category 2 cases involving plaintiffs from Arizona, California, Illinois, Kansas, Kentucky, Louisiana, Massachusetts, Mississippi, Missouri, New York, Rhode Island, Tennessee, Texas, and West Virginia. (Dkts. 11377, 13902.) In addition, Category 2 cases with plaintiffs from Arkansas, Colorado, Connecticut, Idaho, Michigan, New Jersey, Nevada, Ohio, Oklahoma, Pennsylvania, Virginia, Washington, and Wisconsin voluntarily dismissed their cases following Cook Defendants' motion for judgment on the pleadings of same (Dkts. 10856, 10856-1).

[2] The Cook Defendants expressly incorporate their Category 2 Case Briefing here.

2

US.129909676.08

Cir. 2015); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is not facially plausible unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the Court knows, longstanding tort law principles establish that a plaintiff cannot sue for emotional distress damages without an accompanying physical injury. The four states in which the above-captioned plaintiffs reside – Alabama, Arizona, California, and Idaho – follow this principle. *See e.g., Hinton v. Monsanto Co.*, 813 So.2d 827, 829 (Ala. 2001) ("Alabama law has long required a manifest, present injury before a plaintiff may recover in tort."); *DeStories v. City of Phoenix*, 744 P.2d 705 (Az. Ct. App. 1987) ("In our opinion, the view that mere ingestion of toxic substance constitutes sufficient physical harm on which to base a claim for damage for mental anguish goes beyond the reach of current Arizona case law."); *Macy's California, Inc. v. Superior Court*, 48 Cal. Rptr. 2d 496, 503 (1995) (holding that to recover damages based on emotional distress, "actual damage in the sense of harm or detrimental change to the body is required"); *Evans v. Twin Falls Cty.*, 796 P.2d 87, 95 (Idaho 1990) (explaining that Idaho law requires "both an allegation and proof that a party claiming negligent infliction of emotional distress suffered a physical injury.").

Furthermore, as the Cook Defendants argued in their Category 2 Case Briefing, to the extent that these Category 2 Plaintiffs also assert non-tort claims sounding in warranty, state consumer protection statutes, loss of consortium, or punitive damages, those claims fail as a matter of law for other reasons.[3] *See* Dkts. 10856, 10857, 11687, and 11688.

---

[3] As detailed in Cook's previous submissions:
- Plaintiffs' express warranty claims (Count V) fail because neither the Master Complaint nor the short-form Complaint alleges any express warranties as to the performance of Cook's IVC filters.
- Plaintiffs' implied warranty claims (Count VI) fail because Plaintiffs claim no physical injury.

3

## CONCLUSION

For the foregoing reasons, and for the reasons laid out in the Cook Defendants' Category 2 Briefing, the Court should dismiss the Category 2 cases listed above. The dismissal should be with prejudice as to all claims, injuries, complications, and outcomes alleged in Plaintiffs' short-form complaints, PPS forms, and Categorization Forms to date. With respect to re-filing in the event of a future injury, the Court should allow re-filing only in the Southern District of Indiana within the applicable statute of limitations period. Specifically, the Court should order the following:

> These plaintiffs may refile their cases in the Southern District of Indiana, in the event a legally cognizable injury occurs in the future within the statute of limitations after that injury occurs. If Plaintiff refiles his/her case in any jurisdiction other than the Southern District of Indiana this dismissal will automatically convert to a dismissal with prejudice. No Plaintiff . . . , however, may refile his or her case if the future claim is based on one of the injuries, complications, or outcomes identified by the plaintiff in his or her individual case in this Court. To the extent that an allegedly cognizable injury occurs in the future, the case may be filed in the Southern District of Indiana under this Order on the basis of that future injury.

(Dkt. 10632-1)

---

- Plaintiffs' consumer fraud claims (Count VII) fail because they are not plead with particularity as required by Federal Rule of Civil Procedure 9(b).
- Plaintiffs' loss of consortium (Count VIII) and punitive damages (Count XI) fail because they are derivative claims and cannot stand on their own.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  November 16, 2020 | /s/ *Andrea Roberts Pierson* |

Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (#26259-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204-1750
Telephone:     (317) 237-0300
Facsimile:      (317) 237-1000
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett (# 22869-02)
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone:     (260) 424-8000
Facsimile:      (260) 460-1700
Stephen.Bennett@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, a copy of the foregoing COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS IN 4 PENDING CATEGORY 2 CASES FOR FAILURE TO STATE A CLAIM was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*

US.129909676.08