IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to Plaintiff(s)

PAMELA BABIN

Civil Case # 1:17-cv-02718

---

## RULE 41 MOTION TO DISMISS

---

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff submits the following:

1.       On March 2, 2007, Plaintiff Pamela Babin underwent an inferior vena cava (IVC) filter implant procedure to treat a pulmonary embolism.

2.       At that time, Plaintiff's provider, Rachadip Sachasinh, M.D., implanted in Plaintiff a Cook Gunther Tulip IVC filter ("Tulip filter") that was designed, manufactured, and distributed by Defendants Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS (collectively, "Defendants")

3.       At all relevant times, Defendants marketed their Tulip filter as "removable" and for "temporary use."  In 2007—the year Plaintiff's Tulip filter was implanted, Defendant specifically marketed the Tulip as a device capable of being "retrieve[d]."[1]

---

[1] Expert Rept. of Derek Muehrcke, M.D., *In re:  Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Prods. Liab. Litig.*, Case No. 1:14-ml-2570-RLY-TAB, Relating to *David McDermitt*, Case No. 1:18-cv-00946.

4.      On July 10, 2007, Plaintiff's provider, Stephen Rice, M.D., having determined that Plaintiff's filter was no longer needed, attempted to remove Plaintiff's Tulip implant through a right internal jugular retrieval procedure.

5.      The removal procedure was unsuccessful; Plaintiff suffered a "failed removal." Today—more than 13 years later—the filter remains implanted in Plaintiff, despite providing no benefit and causing risk to Plaintiff's health and life.

6.      On August 10, 2017, Plaintiff filed suit in this matter against Defendants for her failed removal injury, alleging negligence, strict liability, and breach of warranties.  Plaintiff additionally alleged consumer fraud and unfair and deceptive trade practices.

7.      On October 26, 2020, this Court entered in this MDL Case Management Order #28, Screening for Time-Barred Cases.

8.      Pursuant to CMO #28, Plaintiffs have 60 days following the entry of the Order "to voluntarily dismiss any case identified as barred by the applicable statute of limitations or repose as part of the screening inquiry outlined [in CMO #28] with prejudice."  CMO #28 further notes that "[a]ny voluntary dismissal filed within this time frame shall note that each side will bear its own costs and attorney's fees."

9.      Plaintiff's claims, as stated in Paragraph 6, above, are time barred by applicable Louisiana statutes of limitations.  Louisiana does not recognize a statute of repose for product liability actions.

10.     CMO #28 does not contemplate future injuries as future injuries cannot be subsumed by any present claims, including those subject to CMO #28.

11.     This Court has no present jurisdiction over claims for any future injury arising from Defendants' Tulip filter because any future injury is unripe for review.  There is no

standing as to claims relating to any future injuries because standing requires "an injury in fact" "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540, 1543 (2016).

12.     Therefore, pursuant to CMO #28, Plaintiff moves to voluntarily dismiss her claims with prejudice, and nothing in Plaintiff's dismissal shall be interpreted as a relinquishment of rights to file in the future claims arising out of injuries that have not yet accrued, but may accrue, as a result of conduct or defect related to Defendants' Tulip filter for which Defendants may become liable.

13.     Pursuant to CMO #28, with the entry of an order on this motion, "each side should bear its own costs and attorney's fees."

Dated:  November 18, 2020                              Respectfully submitted,

By:     */s/ Steven Rotman*
Steven Rotman
HAUSFELD LLP
One Marina Park Drive, Suite 14010
Boston, MA 02210
Telephone: (617) 207-0602
Facsimile: (617) 830-8312
Email: srotman@hausfeld.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Steven Rotman*