# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

De Leonard, Shirley and Richard, 1:17-cv-02679
Hicks, Linda F. and Charles, 1:19-cv-02356
Marshall, Edwin Jr., 1:19-cv-02528
Steward, Desean L., 1:18-cv-01479

### THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL GROUP EXHIBIT A TO MOTION FOR JUDGMENT ON THE PLEADINGS IN 4 PENDING CATEGORY 2 CASES FOR FAILURE TO STATE A CLAIM

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court to maintain under seal **Group Exhibit A [Dkt. No. 14849]** to the Cook Defendants' Motion for Judgment on the Pleadings in 4 Pending Category 2 Cases for Failure to State a Claim [Dkt. No. 14847] in order to protect the above-captioned plaintiffs' respective interests in their medical privacy. In support of this motion, the Cook Defendants state:

### LEGAL STANDARD

1. Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

    2.    **Medical Privacy –** With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

    3.    The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the

presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENT SOUGHT TO BE SEALED

4. **Group Exhibit A [Dkt. No. 14849]** contains the Case Categorization submissions and supporting medical records for Plaintiffs Shirley De Leonard, Linda Hicks, Edwin Marshall Jr., and Desean Steward. This exhibit constitutes a medical privacy document since it contains details concerning Plaintiffs' respective private medical care. Therefore, this exhibit should be maintained under seal to protect the medical privacy of Plaintiffs Shirley De Leonard, Linda Hicks, Edwin Marshall Jr., and Desean Steward.

## DISCUSSION

5. **Group Exhibit A [Dkt. No. 14849]** contains documents and information on the medical care and treatment of Plaintiffs Shirley De Leonard, Linda Hicks, Edwin Marshall Jr., and Desean Steward.

6. As set forth above, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin*, 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos*, 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

US.130188018

7.      **Group Exhibit A [Dkt. No. 14849]** contains private, sensitive medical information regarding Plaintiffs Shirley De Leonard, Linda Hicks, Edwin Marshall Jr., and Desean Steward.

8.      *Out of an abundance of caution,* the Court should permit this exhibit to be filed and maintained under seal until these respective plaintiffs consent to what should be disclosed.

9.      A proposed order granting this Motion has been filed with this Motion.

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintaining under seal **Group Exhibit A [Dkt. No. 14849]** to the Cook Defendants' Motion to for Judgment on the Pleadings in 4 Pending Category 2 Cases for Failure to State a Claim [Dkt. No. 14847].

Respectfully submitted,

Dated:  November 20, 2020

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Counsel for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020 a copy of the foregoing **THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL GROUP EXHIBIT A TO MOTION FOR JUDGMENT ON THE PLEADINGS IN 4 PENDING CATEGORY 2 CASES FOR FAILURE TO STATE A CLAIM** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*