# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Action only:

Carroll, Harold, 1:17-cv-01464
Jessen, Kerry Duane and Kerry Lee, 1:17-cv-04316
Newhouse, Robin and Frederick, Sr., 1:18-cv-01662

## COOK DEFENDANTS' SUPPLEMENTAL MEMORANDUM PROVIDING MEDICAL RECORDS PURSUANT TO COURT ORDER

On August 13, 2020, the Court issued an order on Cook's Omnibus Motion for Summary Judgment in 46 Miscategorized No Injury Cases [Dkt. 11923] (the "November 3, 2020 Order") requiring Cook to provide the Case Categorization Forms and attached medical records associated with the motion in three cases: Carroll, Harold (1:17-cv-01464); Jessen, Kerry Duane and Kerry Lee (1:17-cv-04316); Newhouse, Robin and Frederick (1:18-cv-01662). *See* Dkt. 14689. Contemporaneously with this brief, Cook is filing under seal the Case Categorization Forms and categorization medical records the Court requested as sealed Exhibits A, B, and C.

Federal Rule "56(e) makes clear, a party opposing summary judgment may not rely on the allegations of her pleadings." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). A party must produce evidence that creates a genuine issue of material fact to preclude summary judgment. *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985) (citing Fed. R. Civ. P. 56). Each of the above-captioned plaintiffs fails to meet this requirement and the Court should grant summary judgment in favor of Cook.

US.130192877.02

### I. Plaintiff Harold Carroll's (1:17-cv-01464) Categorization Forms and Records Confirm That His Case Should Be Dismissed

Plaintiff Carroll argues his case is properly categorized as a Category 7(e) based on a record allegedly showing perforation and argues, in the alternative, that his case should be considered a Category 6 case based on a separate portion of the record commenting about clot, at one time, in the filter.  *See* Plaintiff Carroll's Response, Dkt. 12407.

Plaintiff Carroll is wrong on both points.  The record Plaintiff Carroll submitted indicates that his filter was successfully removed without issue on the first percutaneous attempt and does not indicate "perforation."  To the extent minor clotting was noted, that is just evidence confirming that the filter has worked exactly as intended and caught/broken up any clot that may have formed.  This does not suggest that the filter caused the clot.  Under those facts, Plaintiff has failed to produce evidence that creates a genuine issue of material fact and cannot sustain a claim for a filter-related injury.  *See Waldridge*, 24 F.3d at 920; *see also A.H. Robins Co.*, 766 F.2d at 1104 (citing Fed. R. Civ. P. 56).  The Court should grant summary judgment in Cook's favor.

### II. Plaintiff Kerry Jessen's (1:17-cv-04316) Categorization Forms and Records Confirm That His Case Should Be Dismissed

Plaintiff Jessen argues that his case demonstrates a "probable perforation" and that he will prove the existence of this condition through imaging and expert testimony.  See Plaintiff Jessen's Response, Dkt. 12268 at 3.  Plaintiff Jessen chose Category 6 and wrote in "probable perforation" on his Case Categorization Form, but he has not provided a medical record showing perforation.  Plaintiff claims his allegations are backed up by a "yet to be produced expert opinion."

Although Plaintiff Jessen claims a "probable perforation," he offers no support for this claim in any record submitted with her CCF, nor has Jessen even produced the claimed "expert opinion" to Cook.  Plaintiff Jessen has therefore failed to support his perforation claim with the medical documentation required by the Court's Categorization Order (Dkts. 9322 and 9638) and, as a result, has failed to produce evidence creating a genuine issue of material fact.  Because Plaintiff Jessen cannot rely on allegations alone to preclude summary judgment, Cook is entitled to summary judgment.  *See Waldridge*, 24 F.3d at 920; *see also A.H. Robins Co.*, 766 F.2d at 1104.

### III. Plaintiff Robin Newhouse's (1:18-cv-01662) Categorization Forms and Records Confirm That Her Case Should Be Dismissed

Plaintiff Newhouse opposes Cook's motion for summary judgment arguing that "Plaintiff has served a Plaintiff Profile Form indicating the alleged damages" – perforation – and that therefore "a disputed material fact exists in this matter."  Plaintiff Newhouse's Response, Dkt. 12288 at 8.

Plaintiff's reliance is misplaced.  Here, the records that Plaintiff Newhouse submitted with her Case Categorization Form show nothing more than the placement of her filter.  There are no records supporting perforation, or even tilt.  Because the records Plaintiff Newhouse submitted demonstrate only that she received a filter, her form is facially deficient and she cannot defeat summary judgment.  Further, Plaintiff's claim that she wrote in her PFS/PPS "perforation" and "tilt" are irrelevant given she has not supported her CCF with any supporting record.  Plaintiff Newhouse is not entitled to rely solely on allegations, and must produce actual evidence creating a genuine issue of fact.  *See Waldridge*, 24 F.3d at 920; *see also A.H. Robins*

*Co.*, 766 F.2d at 1104.  Plaintiff has not produced any such evidence and Cook is therefore entitled to summary judgment.

## CONCLUSION

The issues are clear:  Plaintiffs have not supported their claimed injuries with any relevant medical records and have not created a genuine issue of material fact.  As a result, Plaintiffs' claims must be dismissed and summary judgment should be granted in favor of Cook.

Respectfully submitted,

Dated:  November 23, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, a copy of the foregoing **COOK DEFENDANTS' SUPPLEMENTAL MEMORANDUM PROVIDING MEDICAL RECORDS PURSUANT TO COURT ORDER** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*