UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                      MDL No. 2570

This Document Relates Only to the Following Case:

Pamela Babin, 1:17-cv-02718
Warren Phelps, 1:19-cv-02597

**COOK'S OPPOSITION TO MOTIONS TO DISMISS
FILED BY PLAINTIFFS BABIN AND PHELPS**

Plaintiffs Pamela Babin and Warren Phelps ("Plaintiffs") have moved to dismiss their time-barred cases pursuant to Case Management Order #28 ("CMO 28") and Federal Rule of Civil Procedure 41. Dkt. Nos. 14880 and 14881. Although Plaintiffs request dismissal with prejudice, they ask the Court to enter an order with special provisions regarding future injuries not contemplated by CMO 28. Cook objects to this special language and urges the Court to dismiss Plaintiffs' claims in the manner set forth by CMO 28 – with prejudice and with each side to bear its own costs and attorney's fees.

**ARGUMENT**

CMO 28 requires Plaintiffs' counsel to screen their cases and to voluntarily dismiss within 60 days of entry of the order any case barred by the applicable statute of limitations or statute of repose. *See* Dkt. No. 14601, CMO 28, at ¶¶ 1, 3. Under Rule 41, the Court has the power to set forth "whatever terms and conditions . . . it deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *See Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). Pursuant to this power, the Court

1

has provided in CMO 28 that cases identified as time-barred shall be dismissed "with prejudice" and that such dismissals "shall note that each side will bear its own costs and attorney's fees." *Id.* at ¶ 3.  Other plaintiffs, respecting the terms and conditions the Court has established, have filed voluntary dismissals using language consistent with CMO 28. *See, e.g.*, Dkt. Nos. 14684, 14890, 14893, 14903, 14904, 14909, 14916, and 14925.

Plaintiffs Babin and Phelps, however, seek special treatment.  Although they have correctly concluded that their claims are time-barred, they seek an additional clause not contemplated by CMO 28 stating that "[n]othing in this Order is to be construed to adjudicate Plaintiff's rights to file in the future claims that arise out of injuries that have not yet accrued, but may accrue, as a result of conduct or defect related to Defendants' Tulip filter for which Defendants may become liable."  Dkt. Nos. 14880-1 and 14881-1.  Plaintiffs acknowledge that "CMO #28 does not contemplate future injuries," Dkt. Nos. 14880 and 14881, at ¶ 10, but nevertheless argue that special language regarding future injuries is necessary because "[t]his Court has no present jurisdiction over claims for any future injury arising from Defendants' Tulip filter because any future injury is unripe for review." *Id.* at ¶ 11.

Plaintiffs' own argument demonstrates why this Court cannot and should not make any prospective ruling about the effect of its Order of Dismissal on claims that Plaintiffs may or may not make in the future.  Whether the dismissal with prejudice of Plaintiffs' present claims will affect possible future claims and, if so, how it will affect them, cannot be determined until and unless Plaintiffs actually assert such claims.  If and when either or both of these Plaintiffs assert such claims, the parties and the Court will be in a position to evaluate the relationship of those new claims to the claims asserted in the present case and to determine under the applicable law what if any effect the dismissal of the present case with prejudice has on the new claims.  Plaintiffs'

2

proposed special language regarding future injuries seeks to foreclose that future informed consideration in favor of a blanket prospective ruling that by its nature cannot account for the facts of any theoretical future claim.  The special language Plaintiffs request would thus prejudice Cook's position in any future litigation Plaintiffs might bring, and Cook urges the Court to reject it and to employ the dismissal language contemplated by CMO 28, which does not address future injuries and therefore will not prejudice either party.

## CONCLUSION

Plaintiffs Babin and Phelps offer no analysis of why the considered approach of CMO 28 should not apply to them; indeed, they do not even acknowledge that they are seeking special treatment.  Cook respectfully urges the Court to deny Plaintiffs' improper request that the Court prejudge their theoretical future litigation and instead to dismiss Plaintiffs' cases based on the terms and conditions set forth in CMO 28.

Respectfully Submitted,

Dated:  November 25, 2020

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2020, a copy of the foregoing COOK'S OPPOSITION TO MOTIONS TO DISMISS FILED BY PLAINTIFFS BABIN AND PHELPS was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*