IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Merrilyn V. Johnson, *on behalf of*
Ronald D. Johnson (deceased)
Case No. 1:17-cv-06069

### THE COOK DEFENDANTS' REPLY TO PLAINTIFF'S NOTICE TO THE COURT REGARDING RONALD JOHNSON'S DEATH CERTIFICATE

The Cook Defendants submit this response to Plaintiff's Notice To The Court Regarding Ronald Johnson's Death Certificate, Case 1:17-cv-06069-RLY-TAB Dkt. 55.[1]

First, Plaintiff's submission is untimely. The briefing on Cook's motion for summary judgment is complete, including a 13-page surreply by Plaintiff. The Court has heard oral argument, and the motion is under submission. If Plaintiff wanted to submit yet more material, the proper course was to move the Court for leave to file additional material. *See, e.g.*, *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994). Plaintiff filed no such motion. Although Plaintiff tries to justify the late submission by asserting that Mr. Johnson's death certificate "was discovered following the parties' recently held Rule 56 oral arguments," Dkt. 55 at 1, she submits no factual support for that assertion, and she does not claim that she *could not have* discovered the death certificate at some earlier time in the 13 years since Mr. Johnson's 2007 death. Indeed, Plaintiff's

---

[1] Plaintiff did not file this document in the MDL Docket, where Cook filed its original motion.

claim of recent discovery is directly contradicted by her claim in the same document that the death certificate was "documentation which Ms. Johnson materially relied on in her inquiry into her husband's death." Dkt. 55 at 2.

More critically, however, the death certificate does not and could not alter the undisputed facts underlying Cook's motion: Mr. Johnson' autopsy report, which Plaintiff certified as accurate, listed "gastrointestinal hemorrhage" among "Special Problems, Tissues, OR Diagnoses To Be Investigated." Under Utah law, "all that is required to trigger the statute of limitations is sufficient information to put the plaintiffs on notice to make further inquiry." *Macris v. Sculptured Software, Inc.*, 24 P.2d 984, 990 (Utah 2001). Once a plaintiff is on notice, the plaintiff "may be imputed with knowledge of 'everything to which such inquiry might have led.'" *Pioneer Builders Co. of Nev., Inc. v. K D A Corp.*, 292 P.3d 672, 679 (Utah 2012). Here, the autopsy report's observation of conditions "to be investigated" would have put any reasonable person on notice of the need to investigate those conditions, and nothing in Mr. Johnson's death certificate changes that. On the contrary, the death certificate merely affirms that a "Gastro intestinal bleed" was in fact the cause of death.

For the reasons set forth in Cook's previous submissions, Cook is entitled to summary judgment.

Respectfully Submitted,

Dated:  November 25, 2020

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2020, a copy of the foregoing THE COOK DEFENDANTS' REPLY TO PLAINTIFF'S NOTICE TO THE COURT REGARDING RONALD JOHNSON'S DEATH CERTIFICATE was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson
