UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                MDL No. 2570

_____

This Document Relates to:

    OLLIE KINCAID
    1:20-cv-06158

_____

## COOK DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Ollie Kincaid ("Plaintiff") filed a Motion for Reconsideration of the Court Order dismissing her case for failing to provide a Plaintiff Profile Sheet pursuant to Cook Defendants' Notice of Noncompliance and Fourth Amended Case Management Order No. 4: (Party Profile, Fact Sheet and Case Categorization Protocol). (Dkt. 14833.) Plaintiff's Motion asks the Court for relief under Federal Rule Rule 59(e) and 60(b). The Court should deny Plaintiff's request for two reasons:

- **Federal Rule 59(e) and 60(b)(1) relief are not available here.** First, Rule 59(e) relief requires a showing of a manifest error in law or newly discovered evidence. Plaintiff fails to do either. Further, Rule 60(b)(1)'s extraordinary remedy is not available based on a mere alleged mistake on the part of counsel or failure to diligently complete discovery when counsel made no attempt to inform Cook Defendants of a communication issue, ignored Cook Defendants' deficiency letter and failed to respond in any form while the Notice of Noncompliance was pending for 24 days.

- **Setting aside the Order would be futile.** Reinstating Plaintiff's case would be futile. The North Carolina statute of limitations bars cases not filed within three years of the discovery of an injury. Plaintiff's alleged injury occurred over three years prior to Plaintiff's motion to reconsider. Therefore, Plaintiff's reinstated case will be outside the three years allowed by North Carolina law and is now barred, as no savings statute applies.

Essentially, Plaintiff asks for relief from dismissal for failing to provide a plaintiff profile sheet, despite the fact Plaintiff admits dismissal was proper.  Plaintiff counsel's sole justification is that he lost contact with his client.  Plaintiff's counsel has regularly lost contact with clients. (*See, e.g.,* Dkts. 12678, 12798, 12800, 12801.)  In each case, Plaintiff's counsel also failed to contact Cook Defendants, having never responded to the related deficiency communications, the Notices of Noncompliance in any form, or contacted counsel to seek an extension.

Plaintiff filed her Complaint in the United States District Court Western District of North Carolina on May 15, 2020. On June 10, 2020, Plaintiff's case was transferred to MDL 2570. Plaintiff filed her Short Form Complaint ("SFC") on August 6, 2020. On September 11, 2020, Cook Defendants sent Plaintiff's counsel a deficiency letter explaining that a plaintiff profile sheet was overdue. Plaintiff's counsel did not respond to Cook Defendants' letter. On September 25, 2020, Cook Defendants filed a Notice of Noncompliance Pursuant to Fourth Amended Case Management Order No. 4: Party Profile, Fact Sheet and Case Categorization Protocol ("Notice of Noncompliance") because Plaintiff failed to provide the required plaintiff profile sheet. (Dkt. 14422.) Plaintiff did not respond to the Notice of Noncompliance.

On October 19, 2020, the Court dismissed Plaintiff's case. *See* Dkt. 14551, Order on the Cook Defendants' Notice of Noncompliance Pursuant to Fourth Amended Case Management Order No. 4: Party Profile, Fact Sheet and Case Categorization Protocol. During the 24 days the Notice of Noncomplaince was pending, Plaintiff did not respond or contact Cook Defendants, or, upon information and belief, the Court. The first Cook Defendants heard from Plaintiff was when Plaintiff's counsel filed this Motion for Reconsideration on November 16.

Plaintiff's Motion offers only one justification: counsel "lost contact with Ms. Kincaid" and therefore failed to serve her Plaintiff Profile Sheet ("PPS"). (Motion ¶6.)  Plaintiff's sole

justification boils down to Plaintiff not prosecuting her case.  Despite losing contact with Plaintiff "soon after" filing her SFC – and ostensibly immediately after filing her lawsuit – counsel did not respond to Cook Defendants' deficiency letter, made no attempt to seek an extension and did not file anything with the Court while the Notice of Noncompliance was pending.

Argument

## I.    The Court properly dismissed Plaintiff's claims.

The Plaintiff makes no attempt to argue dismissal for failure to provide a plaintiff profile sheet was not proper in the first instance.  (*See* Dkt. 14833.)  That fact alone counsels towards denying Plaintiff's Motion.  Federal Rule 41(b) states that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."  Therefore, pursuant to Federal Rule 41(b), Plaintiff's case was properly dismissed.

## II.   Plaintiff has not shown she is entitled to the extraordinary relief provided by Rule 60(b)(1) and the Court should not set aside its Order.

### A.    The proper procedural vehicle to address Plaintiff's Motion is Rule 60(b).

Although Plaintiff requests relief under both Rule 60(b) and Rule 59(e), the proper procedural vehicle to address their request is Rule 60(b),[1] which governs requests to vacate an

---

[1] Plaintiff's motion cites Rule 59(e) as a claimed alternate source of relief, but Rule 59(e) does not apply here.  Rule 59(e) "allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence."  *Egonwan v. Cook Cnty. Sherriff's Dep't*, 602 F.2d 845, 852 (7th Cir. 2010).  "Motions under Rule 59(e) cannot be used to introduce evidence that could have been presented earlier," *id.,* nor can Rule 59(e) be used as "a vehicle for a party to undo its own procedural failures."  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Here, Plaintiff's request for relief is not premised on any new case law or newly discovered evidence, but on her claim that her attorney "lost contact" with his client and thus failed to submit discovery in the time available – a textbook "procedural failure."  *See id.;* Motion at ¶¶ 5-6, 9.  Such concerns are the purview of Rule 60(b), not 59(e).  In any event, Rule 59(e) also sets a high bar that Plaintiff cannot meet, for the reasons discussed in the text.  *See e.g., Caisse Nationale de Credit Agricole v CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("A party moving for reconsideration pursuant to Rule 59(e) bears a heavy burden of establishing that the court should reverse its prior judgment.").

- 3 -

order.  Rule 60(b)'s bar is high:  "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances."  *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."  *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989).  Accordingly, "some justification for the error beyond failure to exercise due care must be shown."  *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982).  Additionally, "a lawyer's errors are imputed to the client for the purpose of [the analysis]."  *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015).  Indeed, even where a lawyer's actions may be negligent or worse, the lawyer's errors are imputed to the party (under principles of agency law) and are not permitted to burden the opposing party.  *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

In her Motion, Plaintiff specifies that her motion is brought pursuant to Rule 60(b) and Rule 59(e), though the only justification she provides is "lost contact."  *See* Dkt. 14833 at ¶6.  "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir.

2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules.").  When analyzing a Rule 60(b) motion premised on excusable neglect, "the most important consideration is 'the reason for the delay'"; if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

### B.  Rule 60(b)(1) relief based on "excusable neglect" is available only in exceptional circumstances.

While Plaintiff's Motion for Reconsideration poorly attempts to specify the grounds for Rule 60(b) relief she alleges, as explained below, it appears that Plaintiff seeks relief because of "excusable neglect."  Rule 60(b)(1) does not provide relief for counsel's neglect:  "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances."  *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).  Because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989).  Accordingly, "some justification for the error beyond failure to exercise due care must be shown."  *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (citing *Lomas*, 884 F.2d at 967 and *W. Transp. Co. v. E.I. DuPont de Neumors & Co.*, 682 F.2d 1233, 1236 (7th Cir. 1982)).  Additionally,

"a lawyer's errors are imputed to the client for the purpose of [the analysis]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756,758 (7th Cir. 2015).  Even in situations where a lawyer's actions may be negligent or worse, the errors are imputed to the party (under principles of agency law) rather than burdening the opposing party in litigation.  *See United States v. 7108 W. Grand Av., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994).

Here, Plaintiff specified in her Motion that it is brought under Rule 60(b).  While Plaintiff baldly argues that "counsel soon after lost contact with Ms. Kincaid" as the reason for her "failure to timely serve" her PPS, it is apparent that Plaintiff does not argue the failure was a mistake or that it was inadvertent.  (*See* Motion at ¶¶5-6, 10.)  Instead, Plaintiff immediately goes on to argue that her counsel was "ultimately able to contact [her], prepare and serve her PPS" for **three months** after she filed her SFC.[2]  (*See* Motion at ¶10.)  Given Plaintiff does not meaningfully allege mistake, inadvertence, surprise, newly discovered evidence, fraud, that a judgment is void, or that a judgment has been satisfied, the only possible avenue Plaintiff seeks is relief due to "excusable neglect." (*See generally* Motion.)  "The determination of whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 315 (N.D. Ill. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). When analyzing Rule 60(b) claims premised on

---

[2] Notably, Plaintiff argues that, because her failure has not been so severe that it delayed the "overall judicial proceedings," she should be given carte blanche to disregard the Court's orders.  (Motion at ¶10.)  Plaintiff provides no legal support for this plainly erroneous argument.  Neither the law, nor the Rules of Professional Responsibility, provide cover for Plaintiff's failures simply by virtue of the fact that other lawsuits are pending.

As mentioned, Plaintiff's counsel is well aware of the PPS obligation and deadline.  Plaintiff's counsel "lost contact" with his client "soon after" filing the SFC.  Counsel chose not to respond to Cook's deficiency letter, chose to make no attempt to seek an extension, and chose to file no response to Cook's Notice of Noncompliance.  As a result, the Court properly dismissed Plaintiff's complaint.

- 6 -

excusable neglect, "the most important consideration is 'the reason for the delay'" and if the moving party cannot "demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp*, 322 F.R.D. at 320 (quoting *Satkar Hospitality v. Fox Television Holdings,* 767 F.3d 701, 707 (7th Cir. 2014)).

### C. Plaintiff's failure to contact her attorneys for the months preceding dismissal and her counsel's failure to communicate do not justify extraordinary relief under Rule 60(b)(1), and are not "exceptional circumstances."

Plaintiff raises one argument in support of her Motion, which boils down to not responding to her attorneys for nearly three months. Plaintiff's counsel's "lost contact" does not establish a "good reason for missing the deadline." *Knapp*, 322 F.R.D. at 320.

First, a party cannot undo dismissal through Rule 60(b)(1) simply by failing to respond to her counsel, and then offering no justification whatsoever. Plaintiff's counsel, impliedly, assumes no responsibility. Plaintiff cannot escape the consequences of her failure – or her counsel's failure – to comply with the Court's Orders and her failure to prosecute her case without showing a "good reason for missing the deadline." No such reason has been shown. Moreover, no such reason for counsel's failure to respond to Cook Defendants' deficiency letter, failure to respond to the related Notice of Noncompliance, and failure to seek any extension of any kind has been shown.

Second, an MDL Plaintiff has a duty to comply with the Court's Orders. Indeed, Plaintiff does not deny knowing of the responsibility to submit a Plaintiff Profile Sheet for cases filed in the MDL. Plaintiff does not dispute that Cook properly served Plaintiff by filing electronically in the master docket or that ECF notices were sent to counsel that registered for electronic service as required by the Court. Plaintiff does not dispute knowing the consequences for noncompliance

under the Court's Orders either.  Simply put, Plaintiff has no reasonable explanation for failing to comply, or at a minimum communicating with the Court or counsel.

Plaintiff has failed to provide a reasonable or excusable explanation for her failure to submit a Plaintiff Profile Sheet, or any explanation for that matter.  Rule 60(b) relief is an "extraordinary remedy [reserved for] exceptional circumstances," *Dickerson*, 32 F.3d at 1116, and as the *Lomas* and *Dave Kohel Agency* cases make clear, mere mistake on the part of counsel due to "carelessness" or "failure to exercise due care" is not sufficient to obtain such an exceptional remedy.  Simply put, errors of counsel are imputed to the party by operation of agency law and are not to be borne by the opposing party – i.e., Cook.  *See Moje*, 792 F.3d at 758; *7108 W. Grand Av.*, 15 F.3d at 634.

Plaintiff and Plaintiff's counsel have failed to establish that her case qualifies for relief under Rule 60(b)(1), and the Court should deny her Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

There simply is no excusable neglect or extraordinary circumstance that warrants reinstatement here. Plaintiff's counsel knew of the deadline for the plaintiff profile sheet and the apparent difficulty in reaching their client. Rather than address that issue (i.e. responding to the deficiency letter, the Notice of Noncompliance or otherwise contacting Cook Defendants for an extension), counsel chose to ignore it.  Instead, Plaintiff's counsel waited to bring the instant motion after Cook Defendants and this Court have exhausted time and resources adhering to the terms and process required in Fourth Amended Case Management Order #4.

## III.   Reinstatement would be futile because the Plaintiff's claims are barred by the Indiana statute of limitations.

The Court should deny Plaintiff's Motion on the ground of futility because it would be barred by the statute of limitations. *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th Cir. 1973)

(noting the "salutary rule that a 60(b) motion should be buttressed by a showing of the existence of a meritorious claim or defense"). Plaintiff alleges her injury accrued on May 18, 2017, - when a CT scan revealed her alleged injury – , more than three years before she filed the instant Motion. (Complaint, ¶ 27.)  Further, according to her Complaint, Plaintiff noted that her injury arose on or about May 18, 2017, when a CT scan "revealed that the anchoring hooks of the IVC filter had, in fact, perforated outside the wall of the IVC." Plaintiff's Complaint ("Compl."), ¶27. The North Carolina statute of limitations requires that claims based on personal injury be filed within three years after the cause of action accrues. N.C.G.S.A. § 1-52(16).

Here, Plaintiff's claim could not have accrued later than May 18, 2017, when her CT scan revealed the injury she claims.  She did move to reinstate this action until November 16, 2020, some three and a half years later.  North Carolina's statute of limitations therefore now bars her claims. There is no mechanism that would operate to "save" Plaintiff's claims as any savings statute is inapplicable to Plaintiff.

## CONCLUSION

Plaintiff did not make the requisite showing to justify the extraordinary remedy offered by Rule 59(e) or Rule 60(b).  Instead, Plaintiff's Motion blames "lost contact" for the dismissal – this does not meet the steep burden for relief.  Further, Plaintiff's case is now barred by the statute of limitations.  Case law on each of these issues applies squarely to this case – and in Cook's favor. The Court should deny Plaintiff's Motion.

Respectfully submitted,

Dated: November 25, 2020

/s/ Kip S.M. McDonald
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
Kip S.M. McDonald (# 29370-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  Andrea.Pierson@FaegreDrinker.com
Email:  Jessica.Cox@FaegreDrinker.com
Email: Kip.McDonald@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 25, 2020, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Kip S.M. McDonald*