IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Cases:

Pamela Babin, 1:17-cv-02718
Warren Phelps, 1:19-cv-02597

## PLAINTIFFS BABIN AND PHELPS' REPLY IN SUPPORT OF MOTIONS TO DISMISS

Plaintiffs Pamela Babin and Warren Phelps ("Plaintiffs") submit this reply brief in response to Defendant Cook's ("Cook") opposition to Plaintiffs' voluntary motions to dismiss. Dkt. No. 14927. By their motions, Plaintiffs seek dismissals acknowledging that Case Management Order No. 28 ("CMO 28") does *not* contemplate, or attempt to adjudicate, future injuries. In accordance with the medical literature, the risk of IVC fracture and malfunction caused by "retrievable" filters, including those for which there have been failed removals, increases over time, making the likelihood of future injuries among individuals with remaining filters substantial. In consideration of well-recognized law and judicial efficiency, an acknowledgment that the CMO does not contemplate future injuries should be a non-issue among the parties. Nonetheless, Cook presses; it attempts to mislead the Court by contending that Plaintiffs seek "special treatment" and that CMO 28 bars Plaintiffs from seeking the Court's clarification. Because an acknowledgement by the Court that CMO 28 does not contemplate, or attempt to adjudicate, future injuries *should be* indisputable, and because it would effectively

serve judicial efficiency—the need for which is only made more apparent by Cook's argument here, Plaintiffs' motion to dismiss, as drafted, should be granted.

## ARGUMENT

The Cook Defendants twist the issue at bar and incorrectly tell the Court that Plaintiffs seek "special treatment"—an *adjudication* regarding future claims. Cook's recitation of the facts in this regard could *not* be more inaccurate: Consistent with Seventh Circuit law, Plaintiff merely asks the Court to acknowledge that the CMO does *not* contemplate, or adjudicate, claims for *future injuries*.

A court may not decide the merits of any "dispute or particular issue[]" unless a plaintiff has standing to assert such claims. *Strautins v. Trustwave Holdings, Inc.*, 27 F.Supp.3d 871 (N.D. Ill. 2014) (*citing Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). The Seventh Circuit has recognized that standing requires (1) that the plaintiff suffered an injury in fact; (2) that the injury is fairly traceable to the defendant's actions; and (3) that the injury will likely be addressed with a favorable decision. *Kathrein v. City of Evanston*, 636 F.3d 906, 914 (7th Cir. 2011).

To constitute an injury in fact, the U.S. Supreme Court has explained that the injury "must 'be concrete, particularized, and actual or imminent…'" *Clapper v. Amnesty Int'l.*, 133 S.Ct. 1138 (2013) (*quoting Monsanto Co. v. Geertson Seed Farms*, 561 S.Ct. 2743, 2752 (2010)). Because any claims here for future injuries are neither concrete, particularized, nor actual or imminent, CMO 28 *should not* be construed as contemplating any such claims. Plaintiffs merely ask the Court to recognize that CMO 28 complies with Seventh Circuit precedent concerning future injuries.

By way of the backdoor, Cook demonstrates precisely why an order clarifying the CMO's intention is necessary. Cook argues that whether a CMO 28 "dismissal with prejudice" "will affect possible future claims" cannot be determined until such claims are asserted and challenged. However, Cook's acknowledgement that it may challenge the standing of such future claims is exactly why it is necessary for the Court to clarify the CMO's intention. Cook confuses the crux of Plaintiff's argument, that the Court should clarify in the present litigation its intention that CMO 28 *does not even contemplate future claims for future injuries*. Cook, instead, suggests that Plaintiffs ask the Court to provide that CMO 28 does not affect any future claim in any way. Not so. Acknowledging Cook's argument, there *might* be a fact pattern by which a court may apply CMO 28 to a future claim, *e.g.*, if the claim does *not* in fact involve a future injury and relates back to the present litigation. However, this overbroad "possibility" falls well outside the scope of the narrow issue presented to the Court here. It should not be for a future court to determine this Court's intention regarding this Court's Order—*whether or not the Court even contemplated* future claims for *future injuries*.

To cause the intention of CMO 28 to be reviewed in the future, when it can be clarified on the record here, disregards judicial efficiency. *Employers Mutual Casualty Comp. v. Witham Sales & Serv., Inc.*, No. 2:08 cv 233, 2009 WL 4281457 (N.D. Ind. Nov. 23, 2009) (reasoning that causing the same issue to be relitigated in federal court reduces judicial efficiency). Judicial efficiency prevents the waste of court time and resources "in the already overburdened federal court system." *See United States of America v. Taylor, et al.*, 293 F.Supp.2d 884, 901 (2003).

Requiring the Court's intention regarding CMO 28 to be interpreted by a future court is inapposite to jurisprudence concerning judicial efficiency. Cook's retort that the Court should not clarify CMO 28's intention because the CMO is "silent" on the issue is plainly illogical and

contradicts the cited law.  Further, Cook's adamance that Plaintiffs should be barred from seeking the Court's clarification as to CMO 28 only reflects Cook's intention to preserve an advantage regarding such ambiguity in the future.  It is most efficient, and in the interest of public policy, for the present Court to state its intention than for a future court to contemplate the present Court's silence.

Plaintiffs, here, only ask the Court to recognize established law, that the Court cannot, and did not attempt to, adjudicate future claims for future injuries.  For this reason, and for all of the reasons set forth above, Plaintiff's motion, as drafted, should be granted.

Dated:  December 1, 2020               Respectfully submitted,

By:  */s/ Steven Rotman*
Steven Rotman
HAUSFELD LLP
One Marina Park Drive, Suite 14010
Boston, MA 02210
Telephone: (617) 207-0602
Facsimile: (617) 830-8312
Email: srotman@hausfeld.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Steven Rotman*