**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ML-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

This Document Relates to the Following Actions:

*Clark, et al v. Cook Group, Inc., et al*
1:17-cv-06069-RLY-TAB

## PLAINTIFF'S NOTICE TO THE COURT REGARDING RONALD JOHNSON'S DEATH CERTIFICATE[1]

This filing, pertinent to the Court's review of the Cook Defendants' Motion for Summary

Judgment under Rule 56, and pursuant to Federal Rule of Civil Procedure 56(d) and Local Rule

56(e), is to notify the Court of Mr. Ronald Johnson's official and authenticated death certificate,

which states the following, in pertinent part:

Autopsy Performed: No                Manner of Death: Natural

This Death Certificate, which is attached as Exhibit A[2], was discovered following the

Parties' recently held Rule 56 oral arguments and is presented to the Court in response to the

Court's inquiry directed at the undersigned regarding the reason for Plaintiff's ten-year delay in

bringing suit against the Cook Defendants following Mr. Johnson's death to hold them

accountable for causing Mr. Johnson's death.

In anticipation that the Cook Defendants will object to this filing on the basis of unfair

prejudice and surprise, the Plaintiff states that she provided the Cook Defendants with any and

all requested authorizations making this document equally accessible to them, and any "surprise"

---

[1] This Notice was originally filed in the corresponding Member Case, No. 1:17-cv-06069-RLY-TAB on November 25, 2020. It is now being filed in the MDL per the requirements of the Court's Amended Order Establishing Policies and Procedures.

[2] The copy attached hereto as Exhibit A has been redacted in accordance with the requirements of Fed. R. Civ. P. 5.2(a).

would only be due to their own failure to make a reasonable inquiry into Mr. Johnson's cause of death, by, at a minimum, obtaining and reviewing his death certificate. Moreover, the Cook Defendants are not prejudiced in any way by the filing of this death certificate because they were—unlike Plaintiff—under a fiduciary duty to their clients to inquire further regarding Mr. Johnson's death. Instead, it is Plaintiff who would be greatly prejudiced if the Court failed to consider this documentation which Ms. Johnson materially relied on in her inquiry into her husband's death, making this document highly relevant to the Court's fact-intensive inquiry under Rule 56 as to, among other issues, whether a reasonable person would inquire further under the circumstances based on this official and authenticated document. *See generally* The Cook Defendants' Reply in Support of Summary Judgment.

## <u>CONCLUSION</u>

For the reasons stated above, and pursuant to Federal Rule of Civil Procedure 56(d) and Local Rule 56(e) regarding just supplementation, the Plaintiff respectfully requests that the Court take notice of the attached in deciding on the Cook Defendant's Motion for Summary Judgment.

Dated: December 1, 2020                     Respectfully submitted,

**THE DRISCOLL FIRM, LLC**

By:      */s/ Ethan D. Hatch*
John J. Driscoll
Ethan D. Hatch
1311 Avenida Ponce de Leon, 6th Floor
San Juan, Puerto Rico 00907
Phone: (314) 925-1525
Fax: (314) 222-2606
john@jjlegal.com
ethan@jjlegal.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 1, 2020, a copy of the foregoing document and its exhibit was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon all counsel of record.  Parties may access this filing through the Court's system.

*/s/ Ethan D. Hatch*