UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTER MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

    OLLIE KINCAID
    1:20-cv-06158

**PLAINTIFF'S REPLY TO COOK DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATON**

Plaintiff Ollie Kincaid ("Plaintiff"), by and through her counsel of record, respectfully files this Reply to Cook Defendants' Opposition [Document No. 14931] to Plaintiff's Motion for Reconsideration of the Court's Order on the Cook Defendants' Notice of Noncompliance Pursuant to Fourth Amended Case Management Order No. 4: (Party Profile, Fact Sheet and Case Categorization Protocol) [Document No.14833] under Federal Rule of Civil Procedure 59(e) and 60(b) and respectfully requests the Court reconsider is order dismissing Plaintiff's case [Documents Nos. 14551 and 14].  Plaintiff asks the Court to grant the Motion and reinstate her case in MDL No. 2570 for the reasons set forth herein.  In support of this Motion, the Plaintiff states:

    1)    Defendants' Opposition to Plaintiff's motion for reconsideration claims that Rule 59(e) applies only in very limited circumstances, either the petitioner must demonstrate a manifest error of law, or present newly discovered evidence.  Plaintiff maintains that the circumstances where Rule 59(e) can be applied are much broader.  "In determining whether

1

to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

2) Defendant's Opposition argues that Rule 60(b) is only available in "exceptional circumstances." The Plaintiff maintains that the circumstances where Rule 60(b) can be applied are much broader than Defendant argues. In determining whether to provide Rule 60(b) relief, the Court has discretion to reinstate a Plaintiff's case for reasons of: "(1) mistake, inadvertence., …or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. Pro. 60(b)(1)(6). Additionally, a trial on the merits is strongly favored over default judgments, especially "where the default has not been willful." *A.F. Dormeyer Co., v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 43 (7th Cir. 1972). Factors that may be considered in assessing whether relief under Rule 60(b) is warranted include (1) the impact of the delay on the judicial proceedings, (2) the prejudice to the non-moving party, and (3) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Assoc's Ltd. P'ship,* 507 U.S. 380.

3. As stated in Plaintiff's motion for reconsideration, there has been no delay in the overall judicial proceedings as a result of Plaintiff's failure to timely serve the Plaintiff Profile Sheet (PPS). The Bellwether selection process is well underway and proceeding.

4. Additionally, there is no prejudice to Defendants. The Plaintiff failed to timely serve a form that provides a summary of information about her case. The PPS has now

been served.[1]  Defendants are now in possession of that information.  As such, there is no prejudice to Defendants.

5. Plaintiff acted in good faith.  The failure to timely serve the PPS was inadvertent and primarily due to Ms. Kincaid's period of ill health, including a hospital stay, and not an act of bad faith by the Plaintiff.

6. In their Opposition, the Defendants argue that setting aside the Order would be futile inasmuch as North Carolina's statute of limitations bars cases not filed within three (3) years of discovery of an injury.  Plaintiff is asking for the reinstatement of her existing complaint, which was timely filed within the applicable three-year statute of limitations.  She is neither filing a new complaint, nor attempting to re-enter the MDL.  Setting aside the Order would not be futile.

7. Ms. Kincaid's case is not set for trial and has not been included in the Bellwether selection process.  Ms. Kincaid does have a Gunther Tulip filter but she is a category 7(e) injury case. Granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendants.

8. When balancing harm to the parties, the potential dismissal of Plaintiff's claims far outweighs any possible prejudice caused to the defendants by the delay in receipt of the PPS in this specific case.

WHEREFORE, based on the forgoing, Plaintiff respectfully moves this Court to vacate its order granting dismissal and reinstate her case in MDL 2570.

---

[1] *See* Exhibit A, in Plaintiff's Motion for Reconsideration, E-mail serving Plaintiff's PPS on Defendants, dated November 15, 2020.

|  |  |
|---|---|
|  | **Respectfully submitted,** |
| Dated: December 2, 2020. | */s/ Ben C. Martin* |
|  | Ben C. Martin, Bar No. 13052400 |
|  | **Martin Baughman, PLLC** |
|  | 3141 Hood Street, Suite 600 |
|  | Dallas, Texas 75219 |
|  | Telephone: (214) 761-6614 |
|  | Facsimile: (214) 744-7590 |
|  | bmartin@martinbaughman.com |
|  | ***Attorney for Plaintiff*** |

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2020, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Ben C. Martin*
Ben C. Martin