IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:
    1:19-cv-03850-RLY-TAB    Caylor
    1:20-cv-00130-RLY-TAB    Saldana
    1:18-cv-00947-RLY-TAB    Acree
    1:19-cv-00569-RLY-TAB    Haughton
    1:19-cv-00156-RLY-TAB    Sadler
    1:19-cv-02392-RLY-TAB    Osment
    1:19-cv-02890-RLY-TAB    McNeil
    1:19-cv-04703-RLY-TAB    Garrett
    1:20-cv-00330-RLY-TAB    Burks-Henry

## **ORDER**

This matter is before the Court on the Cook Defendants' motion to reconsider [Filing No. 14923] the Court's order [Filing No. 14576] denying Plaintiff's motion [Filing No. 13821] to maintain under seal Plaintiffs' Memorandum in Support of the Response in Opposition to Defendants' Omnibus Motion for Judgment on the Pleadings [Filing No. 13820] and Exhibit 4 [Filing No. 13820-4] to that document.  In the underlying motion to seal, pursuant to S.D. Ind. L.R. 5-11(d)(2)(A)(ii), Plaintiffs moved to seal these documents because they contain information from documents designated "confidential" by the Cook Defendants.  Local Rule 5-11 further requires the designating party to file, within 14 days of service of the motion to seal, either a statement authorizing the unsealing of the filings or a brief in support of maintaining the filings under seal.  Because the Cook Defendants did not timely file any brief in support of

Plaintiffs' motion to maintain the exhibits under seal, the Court denied the motion and directed the Clerk to unseal Filing No. 13820 and all attachments after 21 days, absent any motion to reconsider, appeal, or further court order. [Filing No. 14576, at ECF p. 1-2.] On November 5, 2020, the Cook Defendants filed a belated brief in support of Plaintiffs' motion to maintain documents under seal [Filing No. 14727] which doubled as a motion to reconsider. However, due to a filing error, the document was designated in the Court's electronic filing system as a reply brief, rather than a motion. Accordingly, the Court denied the relief sought due to its procedural defects. [Filing No. 14877.] The Cook Defendants subsequently filed a motion to reconsider [Filing No. 14923], which now pends. In the motion to reconsider, the Cook Defendants state that their failure to initially file a brief in support of Plaintiffs' motion to maintain these documents under seal was the result of mistake, inadvertence, or excusable neglect. [Filing No. 14923, at ECF p. 3.] Thus, the Cook Defendants now contend that there is good cause to maintain Plaintiffs' memorandum [Filing No. 13820] and Exhibit 4 [Filing No. 13820-4] under seal.

The Cook Defendants argue these documents should be maintained under seal because Exhibit 4 contains confidential, proprietary, and sensitive business and commercial information related to regulatory affairs. [Filing No. 14923, at ECF p. 11]. Exhibit 4 "is a draft IFU for the Gunther Tulip Vena Cava Filter that was submitted by Cook to the FDA as part of the 510(k) regulatory clearance process." [Filing No. 14923, at ECF p. 11.] The Cook Defendants contend that they would face competitive and economic harm if Exhibit 4 were made publicly available. [Filing No. 14923, at ECF p. 11.] The Cook Defendants raise the same arguments for maintaining Plaintiffs' memorandum [Filing No. 13820] under seal, because it summarizes and quotes from Exhibit 4. [Filing No. 14923, at ECF p. 13.]

The Cook Defendants set forth good cause to maintain Exhibit 4 [Filing No. 13820-4] and the portions of Plaintiffs' memorandum [Filing No. 13820] that summarize and quote Exhibit 4 under seal due to the confidential, proprietary, and sensitive information contained in these documents.  Therefore, the Cook Defendants' motion to reconsider [Filing No. 14923] the Court's prior order [Filing No. 14576] denying Plaintiffs' motion [Filing No. 13821] is granted. The Clerk shall maintain Filing Nos. 13820 and 13820-4 under seal.  However, the Cook Defendants, as the designating party, shall file a redacted version of Plaintiffs' memorandum that is available to the public, or a brief memorandum explaining why redaction will not suffice, within 14 days of this order.

Finally, as no party has set forth good cause to maintain any of the other exhibits to Plaintiffs' memorandum under seal, the Clerk is directed to unseal Filing Nos. 13820-1, 13820-2, 13820-3, 13820-5, 13820-6, 13820-7, and 13820-8 after 21 days, absent any motion to reconsider, appeal, or further court order.

Date: 12/3/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel of record via the Court's ECF system.