# Exhibit A



|  |  |
|---|---|
| **Jessica Benson Cox**<br>Partner<br>jessica.cox@faegredrinker.com<br>+1 317 237 1234 direct<br>+1 317 501 6905 mobile | Faegre Drinker Biddle & Reath LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>+1 317 237 0300 main<br>+1 317 237 1000 fax |

October 5, 2020

**VIA EMAIL TO:**  peyton@murphylawfirm.com

Peyton P. Murphy, Esq.
MURPHY LAW FIRM, LLC
2354 South Acadian Thruway
Baton Rouge, Louisiana  70808

Re:   Carol Zander on behalf of Paul Zander (Deceased) v. Cook Incorporated, et al.
        Cause No. 1:16-cv-02538

Dear Counsel:

We have reviewed the complaint, the categorization form, and the records submitted in support of categorization for the above-referenced case and determined that the case is time-barred.  Accordingly, we request that you dismiss this case with prejudice to avoid unnecessary litigation and expenses that would be incurred by both sides via motion practice.

Specifically, the categorization records indicate that decedent Paul Zander passed away on February 25, 2009.  The case, however, was not filed until September 23, 2016, *more than six years after his death*.  The claims brought on behalf of Mr. Zander are time-barred under the law of Minnesota, where Mr. Zander passed away.  Minn. Stat. § 573.02 (providing for a 3-year statute of limitations period for wrongful death cases).

Please let us know within 10 days if you will agree to dismiss with prejudice.  If you do not intend to dismiss, please let us know the reasons for the plaintiff's position.  We note the Court has granted our previous motions on the statute of limitations and/or repose (*see* Dkt. 5575 (*Graham*); 13187 (*McDermitt*), and 14426 (Tennessee and Texas statute of repose)) and repeatedly rejected plaintiffs' arguments that the statute of limitations or statute of repose should be tolled due to fraudulent concealment and related equitable doctrines.  As such, we don't see how the outcome in [this case/these cases] should call for a different result.

As you also may be aware, the Court recently indicated at the Status Conference held on September 24, 2020, that it will enter a Case Management Order requiring plaintiffs to review and dismiss their cases if barred by applicable statutes of limitations or repose.  *See* September 24, 2020 Hearing Tr., pp. 21-23, 27-30 (highlighting Court's decision to grant Cook's proposed Case Management Order requiring plaintiffs to review and dismiss their cases if barred by applicable statutes of limitations or repose and outlining abbreviated process for moving Court for dismissals of time barred cases).  If you do not agree to dismiss this case voluntarily, Cook will seek dismissal through the abbreviated procedures under the forthcoming CMO.

Very truly yours,

Jessica Benson Cox

US.129640746.01