UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| Rex Hill, 1:18-cv-04021 James Litel, 1:19-cv-05030 | ) ) | |
| _____ | ) | |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (NEBRASKA)**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and

William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture

and sell inferior vena cava ("IVC") filters, which are used to prevent pulmonary

embolism.  The Plaintiffs herein, Rex Hill and James Litel, were implanted with Cook

IVC filters more than 12 years before they filed suit.  The Cook Defendants filed the

present motion to dismiss their product liability claims as barred by the statute of repose

of their home state, Nebraska.  The Cook Defendants also move to dismiss Plaintiffs'

breach of express warranty and Nebraska Consumer Protection Act ("NCPA") claims

because they are not properly pled.  Only Hill filed a substantive response.  Litel joined in

Hill's response but did not advance any additional arguments.

1

The court, having reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion must be **GRANTED**.

## I.      Standard of Review

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings on grounds that a complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014).  "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face."  *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "When assessing the facial plausibility of a claim, [the court] draw[s] all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions." *Id.* (internal quotation and citation omitted).

## II.     Discussion

The court will begin with Plaintiffs' product liability claims.

### A.      Product Liability Claims

Nebraska has a 10-year statute of repose applicable to products manufactured in Nebraska and applies the statute of repose, if any, from the state of manufacture to claims involving products manufactured outside Nebraska.  Neb. Stat. § 25-224(2)(a).  Thus, under Nebraska law, Indiana's statute of repose applies because of the Cook Defendants' presence here.

Indiana's statute of repose is 10 years, and it preserves the 2-year statute of limitations for claims that accrue between the 8th and 10th years after the initial delivery. Ind. Code § 34-20-3-1.  Giving Plaintiffs the benefit of all doubt, their claims are barred if they were filed 12 years after initial delivery.  Here, as noted above, both Plaintiffs Hill and Litel received their filters more than 12 years before commencing their lawsuits.

Plaintiffs argue the Cook Defendants are equitably estopped under Nebraska law from asserting the defense.  The elements of equitable estoppel are: (1) conduct by the party estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the true facts.  *Berrington Corp. v. State Dep't of Revenue*, 765 N.W.2d 448, 455 (Neb. 2009).

In support of their claim, Plaintiffs rely on *MacMillen v. A.H. Robins Co., Inc.*, 348 N.W.2d 869 (Neb. 1984).  There, the plaintiff had an IUD (Dalkon Shield) implanted in March 1971.  *Id.* at 870.  Seven years later, in November 1978, the plaintiff's physician diagnosed an abscess and infection in her uterus which required major surgery.  *Id.*  The plaintiff did not file the lawsuit until more than three years[1] after her physician's diagnosis and surgery, which then was more than 10 years after the date when the intrauterine device had been implanted.  *Id.* at 870-71.  The amended petition alleged that the defendant had intentionally withheld information from the public regarding the dangers inherent in the use of the Dalkon Shield.  *Id.* at 871.  The Nebraska Supreme

---

[1] Nebraska has a four-year statute of limitations.

Court reversed the trial court ruling barring the plaintiff's claim and held, "One who wrongfully conceals a material fact necessary to the accrual of a cause of action against him, and such concealment causes the opposite party to delay the filing of a suit, cannot avail himself of the statute of limitations defense." *Id.*

Plaintiff Hill's device was implanted on December 9, 2006 and his complaint was filed on December 20, 2018. He argues he was not given any indication of injury by the placement of the Gunther Tulip filter until April 5, 2017, when a review was performed by Dr. Khatti. Upon that review, Dr. Khatti noted that the device was tilted, had caused injury, but had not been removed. Therefore, Plaintiff argues, under *MacMillan*, his claims survive.

*McMillen* is distinguishable from Hill's case in one important respect: the plaintiff in *McMillen* was injured prior to the expiration of the statute of repose and was fraudulently prevented from filing a lawsuit before the expiration of the ten-year period. By contrast, Hill learned of his alleged injury *after* the statute of repose had expired. Equitable estoppel does not toll the statute of repose in that circumstance. *Farber v. Lok-N-Logs, Inc.*, 701 N.W.2d 368, 375 (Neb. 2005) (stating equitable estoppel does not toll the statute of repose where a plaintiff learns of an alleged injury after the statute of repose expires).

Plaintiffs also rely on the doctrine of fraudulent concealment to toll the statute of limitations in their cases. But Plaintiffs only rely on the allegations of the Master Complaint. This court has held on previous occasions that the allegations of the Master Complaint are insufficient to establish fraudulent concealment. (*See* Filing Nos. 5575,

4

13187, 14809).  The court stands by those rulings.  Therefore, Hill's product liability action is barred.  And since Litel joins in Hill's response, his product liability action is also barred.

### B.    Breach of Warranty

Under Nebraska law, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  Neb. U.C.C. § 2-313(b)(1).  Plaintiffs argue they have adequately pled their breach of express warranty claims in the Master Complaint because they have alleged their IVC filters did not conform to the terms of the alleged warranty set forth in the Cook Defendants' marketing materials and IFUs.  The case they rely on, *Delgado v. Inryco, Inc.*, 433 N.W.2d 179 (1988), provides that "[i]n order for a plaintiff to recover on a breach of express warranty, he must show, among other things, that 'the goods did not comply with the warranty, that is, that they were defective, and that his injury was caused by the defective nature of the goods.'"  *Id.* at 183 (quoting *Durrett v. Baxter Chrysler-Plymouth, Inc.*, 253 N.W.2d 37, 39 (1977)).  As explained by the Cook Defendants, those "other things" include the requirement that a plaintiff allege that the alleged express warranty was part of the basis of the bargain between the parties.  *Freeman v. Hoffman-LaRoche, Inc.*, 618 N.W.2d 827, 844 (Neb. 2000); *Vallejo v. Amgen, Inc.*, No. 8:14CV50, 2014 WL 4922901, at *8 (D. Neb. Sept. 29, 2014).  Plaintiffs have not alleged in their Master Complaint that any express warranty was made the basis of any alleged bargain.  Accordingly, their breach of express warranty claims fail to state a plausible claim for relief.

5

## C.     Nebraska Consumer Protection Act Claim

The NCPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful."  Neb. Rev. St. § 59-1602.  Like Plaintiffs' breach of express warranty claims, Plaintiffs' NCPA claims are based on the allegations of the Master Complaint.  With respect to the Cook Defendants' allegedly fraudulent conduct, the Master Complaint alleges:

> Defendants misrepresented the alleged benefits and characteristics of Cook's IVC Filters; suppressed, omitted, concealed, and failed to disclose material information concerning known adverse effects of Cook's IVC Filters; misrepresented the quality and efficacy of Cook's IVC Filters as compared to much lower-cost alternatives; misrepresented and advertised that Cook's IVC Filters were of a particular standard, quality, or grade that they were not; misrepresented Cook's IVC Filters in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiffs would have opted for an alternative IVC Filter or method of preventing pulmonary emboli.

(Filing No. 213, Master Compl. ¶ 116).

Federal Rule of Civil Procedure 9(b) requires a "plaintiff to state 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'"  *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). In response to the Cook Defendants' argument that Plaintiffs failed to plead their consumer fraud claims with particularity, Plaintiffs point the court to Hill's Short Form Complaint which identifies the date and location of his implant surgery, the implanting physician, and the specific Cook IVC Filter he was implanted with.  Hill's Short Form Complaint does not save his claim because it fails to include allegations as to the content

of the alleged fraudulent misrepresentations and how the alleged fraudulent

misrepresentations were communicated to him (or to Litle).  Plaintiffs' NCPA claims

must therefore be dismissed.

## III.    Conclusion

For the reasons set forth above, the court **GRANTS** the Cook Defendants' Motion

for Judgment on the Pleadings on Statute of Repose Grounds (Nebraska) (Filing No.

14064).


**SO ORDERED** this 10th day of December 2020.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.