

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN  46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

December 15, 2020

Michael E. Gallant
DALIMONTE RUEB STOLLER LLP
1250 Connecticut Avenue NW
Suite 700
Washington, DC 20036

Kip S.M. McDonald
Andrea Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204

RE:  VALERIE K. CORTEZ v. COOK INCORPORATED, et al

CAUSE NO:  1:20-cv-00896-RLY-TAB

Dear Appellant and Appellees:

Please be advised that the Notice of Appeal filed in 1:20-cv-00896-RLY-TAB has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

## Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports*. The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN  46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

December 15, 2020

RE:  VALERIE K. CORTEZ v. COOK INCORPORATED, et al

CAUSE NO:  1:20-cv-00896-RLY-TAB

Dear Appellant:

A Notice of Appeal was filed in the above case on December 11, 2020. However, a "Docketing Statement" was <u>not</u> <u>filed</u> along with the Notice of Appeal, as required by <u>Circuit Rule 3(c)</u> of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

<u>IMPORTANT</u>: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

Christopher Conway, Clerk
United States Court of Appeals
219 South Dearborn Street, Suite 2722
Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe,
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

## Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

(a) *Forwarding Copy of Notice of Appeal*. When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee*. If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement*. The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

(d) *Counsel of Record*. The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

# THE SETTLEMENT CONFERENCE PROGRAM
# U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail:  settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?
Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>• Valerie Cortez, 1:20-cv-00896 | Case No. 1:14-ml-02570-RLY-TAB<br>MDL NO. 2570 |

## <u>NOTICE OF APPEAL</u>

Pursuant to Fed. R. App. P. 3(c)(1) and 4(a), notice is hereby given that Plaintiff Valerie Cortez appeals to the United States Court of Appeals for the Seventh Circuit from the opinion and order and judgment of the U.S. District Court for the Southern District of Indiana that was entered on November 13, 2020 granting Defendants' Motion for Judgement on the Pleadings.

Dated: December 11, 2020

By: **/s/**Michael E. Gallant
Michael E. Gallant
DALIMONTE RUEB STOLLER LLP
1250 Connecticut Avenue NW, Suite 700
Washington, DC 20036
Tel: (202) 858-1211
Fax: (855) 203-2053
michael.gallant@drlawllp.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| | ) | |
| This Document Relates to: | ) | |
| Gregory Denton, 1:16-cv-01140 | ) | |
| Leroy Palmer, 1:18-cv-02272 | ) | |
| Andrea Sons, 1:18-cv-03422 | ) | |
| Renea Jones, 1:19-cv-03362 | ) | |
| Valerie Cortez, 1:20-cv-00896 | ) | |
| _____ | ) | |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON)**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture and sell inferior vena cava ("IVC") filters, which are used for the prevention of pulmonary embolism. The Plaintiffs herein, Gregory Denton, Leroy Palmer, Andrea Sons, Renea Jones, and Valerie Cortez, were implanted with Cook IVC filters more than 12 years before they filed suit. The Cook Defendants therefore ask the court to dismiss their cases as barred by the statute of repose of their home state, Oregon.

Since the filing of this motion, Plaintiff Denton stipulated to a voluntary dismissal of his case and the Cook Defendants are in discussions with Plaintiff Jones. Accordingly, the Cook Defendants' motion is denied as moot with respect to Plaintiff Denton and held

1

in abeyance with respect to Plaintiff Jones.  This Entry therefore addresses the issues raised by Plaintiffs Palmer, Cortez, and Sons.

## I.      Standard of Review

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings for the reason that a complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014).  "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face."  *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "When assessing the facial plausibility of a claim, [the court] draw[s] all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions." *Id.* (internal quotation and citation omitted).

## II.     Discussion

### A.      Fraudulent Concealment

Plaintiffs Palmer, Cortez, and Sons agree that their "product liability actions" as defined by Oregon's product liability statute, are subject to Indiana law by way of Oregon's "look out" provision.  That provision reads, in relevant part:

> A product liability action for personal injury or property damage must be commenced before the later of. . . (b) [t]he expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured . . . ."

Or. Rev. Stat. § 30.905(2).  Indiana's product liability statute provides, in relevant part:

> (b)   Except as provided in section 2 of this chapter [involving asbestos claims], a product liability action must be commenced:
>
> > ***
> >
> > (2) within ten (10) years after the delivery of the product to the initial user or consumer.
> >
> > However, *if the cause of action accrues at least eight (8) years but less than ten (10) years* after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Ind. Code § 34-20-3-1 (emphasis added).  Here, Plaintiffs' products liability claims were commenced more than 12 years after implantation.  Therefore, they are not entitled to the two-year extension window.  They maintain, however, that the limitations periods were tolled under the doctrine of fraudulent concealment.

Fraudulent concealment tolls the statute of limitations when a defendant conceals from the plaintiff material facts which prevent the plaintiff from discovering a potential cause of action.  *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014).  To invoke the doctrine where no fiduciary relationship exists between the parties . . . a plaintiff must show that the wrongdoer was not simply silent but committed affirmative acts designed to conceal the cause of action."  *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1372 (7th Cir. 1995).  And as with any claim of fraud, the plaintiff must also show reliance upon the fraudulent representation.  *Lyons*, 19 N.E.3d at 261 (citing *Doe v. United Methodist Church*, 673 N.E.2d 839, 845 (Ind. Ct. App. 1996)).

3

In support of Plaintiffs' fraudulent concealment argument, Plaintiffs rely on the allegations of the Master Consolidated Complaint for Individual Claims.  (Filing No. 213, Master Compl. ¶¶ 195-198).  But the Master Complaint does not allege the Cook Defendants actively concealed the existence of Plaintiffs' *causes of action*; instead, it alleges the Cook Defendants actively concealed the *risks* associated with their IVC filters:

### TOLLING OF THE LIMITATIONS PERIOD

195.   Defendants, through its [sic] affirmative misrepresentations and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters.

196.   As a result of Defendants' actions, Plaintiffs and their prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiffs had been exposed to the risks identified in this Master Complaint, and that those risks were the result of Defendants' actions, omissions, and misrepresentations.

197.   Accordingly, no limitations period ought to accrue until such time as Plaintiffs knew or reasonably should have known of some causal connection between Plaintiffs being implanted with a Cook IVC Filter and the harm Plaintiffs suffered as a result.

198.   Additionally, the accrual and running of any applicable statute of limitations have been tolled by reason of Defendants' fraudulent conduct.

(Filing No. 213, Master Compl. ¶¶ 195-98 at 36).  As explained below, these allegations are insufficient to establish the doctrine of fraudulent concealment under Indiana law.

### *Argument by Plaintiff Cortez*

Relying on *Elward v. Electrolux Home Prods., Inc.*, 264 F.Supp.3d 877 (N.D. Ill. 2017), Plaintiff Cortez argues the Master Complaint's allegations are sufficient to establish the doctrine of fraudulent concealment under Indiana law.  In *Elward*, the

4

plaintiffs purchased and used Electrolux dishwashers which, they alleged, contained a defective electrical heating system.  *Id.* at 883.  Plaintiffs alleged Electrolux had notice of the defect, pointing to product recalls both in the United States and abroad.  *Id.* at 884. Despite knowledge of the defect, plaintiffs alleged Electrolux continued to represent to consumers like them that the dishwashers were safe for use.  *Id.*  In finding the allegations were sufficient to withstand a motion to dismiss under Indiana law, the district court observed that Electrolux "did not just fail to disclose the defect, but actively misled [plaintiffs] into believing that the dishwasher would clean dishes without overheating or catching fire."  *Id.* at 891.

The court's interpretation of Indiana law is controlled by the decisions of the Indiana Supreme Court.  Respectfully, the *Elward* decision does not seem to be an accurate statement of Indiana law.  As noted above, the Indiana Supreme Court has held that fraudulent concealment occurs only where the defendant knows that the plaintiff has a potential cause of action and acts affirmatively to prevent the plaintiff from discovering the existence of that cause of action.  *Lyons*, 19 N.E.3d at 261; *see also Doe v. Shults-Lewis Child and Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant, by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim."); *Fager v. Hundt*, 610 N.E.2d 246, 251 (Ind. 1993) (holding the doctrine is available when the defendant has "concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action").  The court is unaware of any case where

an Indiana court applying Indiana law has found that a defendant's failure to disclose a defect operated to toll the statute of limitations.  Indeed, this court, applying Kentucky law, held that such allegations do not.  *In re Bridgestone/Firestone, Inc. ATX ATX II & Wilderness Tires Prod. Liab. Litig.*, No. IP00-9373-C-B/S, 2002 WL 31689271, at *5 (S.D. Ind. Nov. 20, 2002) ("Plaintiff's allegations as to fraudulent concealment by Firestone amount to the simple assertion that Firestone failed to disclose the defect in their tires to the general public, including Plaintiff.  Under the relevant Kentucky standard, such allegations, even if proven true, are not sufficient to toll the statute of limitations.").

Moreover, even if *Elward* were an accurate statement of Indiana law, the facts of *Elward* differ from those presented in the pleadings.  First, no Plaintiff has alleged that the subject IVC filters were ever recalled.  Second, no Plaintiff has alleged that the Cook Defendants communicated directly with them in a misleading way about the risks associated with their IVC filters.  And no Plaintiff has alleged that the Cook Defendants knew any Plaintiff was injured from a Cook IVC filter or that Cook took steps to prevent any of them from filing a lawsuit within the statutory time limit.  Accordingly, Plaintiff Cortez's product liability claims must be dismissed.

### Argument by Plaintiff Palmer and Plaintiff Sons

In addition to the allegations of the Master Complaint, Plaintiff Palmer and Plaintiff Sons rely on materials outside the pleadings.  (*See* Filing No. 14216-1, Declaration of Angel Dorsey ("Dorsey Decl."); Filing No. 14224-1, Cook Tulip Patient Guide; Filing No. 14224-2, Plaintiff Sons' medical record; Filing No. 14224-3,

Declaration of Andrea Sons ("Sons Decl.").  But this evidence is not referred to in Plaintiffs' operative complaints; therefore, the court may not consider it.  *See Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to his claim.").

Even if the documents were considered, they fail to save Plaintiffs' fraudulent concealment claims.  Plaintiff Palmer submitted a declaration from a paralegal, Angel Dorsey, employed by his counsel.  She states that Palmer "knew he had an IVC filter implanted years before" but did not know the name of the manufacturer or filter model. (Dorsey Decl. ¶ 2).  Through the production of Palmer's medical records on July 28, 2017, it was discovered that Palmer's filter was a Cook Gunther Tulip filter, which was implanted on June 6, 2004.  (*Id.* ¶¶ 5, 6).  Palmer was informed of this information on September 14, 2017.  (*Id.* ¶ 7).  Critically, Palmer fails to identify any action on the Cook Defendants' part what would have prevented him from discovering that he had a claim against the Cook Defendants prior to the expiration of the statute of limitations.  *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) ("It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires.").

The documents that Plaintiff Sons submitted likewise fail to save her claims.  In her declaration, she states that she experienced a DVT in 2006, that a doctor explained to her that Cook's Tulip filter was a retrievable filter that could also be used as a permanent filter, and that she agreed to have the filter remain in her body permanently based on her

7

doctor's recommendation.  (Sons Decl. ¶¶ 2-3).  The medical record attached to the declaration confirms that Plaintiff had a DVT in 2006, and the attached Cook Patient Guide confirms that the Tulip filter could be used as both a retrievable and permanent filter.  (Sons medical record; Gunther Tulip Patient Guide at 6 (stating the Tulip filter "is often used as a permanently implanted device" but "may also be removed if your risk of pulmonary embolism has diminished")).  Sons also states she contacted another doctor in 2016 after becoming concerned about the possibility of complications, that she was diagnosed with a perforation on January 30, 2017, and that she would not have agreed to have the Tulip placed as a permanent filter if she had known at the time that it had a "high rate of failure, including [perforations]."  (*Id.* ¶¶ 4-7).

Plaintiff Sons fails to establish the affirmative action prong of her fraudulent concealment claim for several reasons.  First, she admits she relied on the independent advice of her doctor regarding her treatment and not on any action by the Cook Defendants.  Second, Sons presents no evidence that she read the Patient Guide before implantation.  But even if she had, the Patient Guide adequately explains that the Tulip filter could be used on both a permanent and retrievable basis; warns that complications, while rare, can arise from having a filter implanted; and warns that "there is a limited amount of time that the filter can be implanted if it is to be safely removed."  (Gunther Tulip Patient Guide at 6).  Most importantly, Sons fails to provide evidence that the Cook Defendants "concealed from [P]laintiff material facts thereby preventing [her] from discovering a potential cause of action."  *Lyons*, 19 N.E.3d at 260 (quoting *Doe*, 718

N.E.3d at 744-45).  Accordingly, Plaintiff Palmer's and Plaintiff Son's product liability claims must be dismissed.

### B.      Unfair Trade Practices Act Claim

Plaintiff Palmer also brings a claim under Oregon's Unlawful Trade Practices Act ("UTPA").  Cook argues his claim is based on product defect and failure to warn; therefore, it is subject to the statute of repose.  Plaintiff disagrees.

A "product liability civil action" is defined by Oregon statute as "a civil action brought against a manufacturer, distributor, seller, or lessor of a product for damages for personal injury, death or property damage arising out of" the following circumstances:

> (1)      Any design, inspection, testing, manufacturing or other defect in a product;
>
> (2)      Any failure to warn regarding a product; or
>
> (3)      Any failure to properly instruct in the use of a product.

Or. Rev. Stat. § 30.900.  In determining whether a claim falls within scope of that provision, Oregon courts "look beyond the label of the claim to the operative facts alleged" to "discern the gravamen or predominate characteristic of the claim." *Weston v. Camp's Lumber & Bldg. Supply, Inc.*, 135 P.3d 331, 337 (Or. Ct. App. 2006).  "[I]f the gravamen of the claim is in fact one that is based on product defect or failure contemplated by [section] 30.900, [the statute of repose] will apply regardless of the characterization of the theory given to it by the plaintiff." *Id.* at 337-38.

In the Master Complaint, Plaintiff Palmer alleges that "Defendants engaged in unfair, unconscionable, deceptive, fraudulent and misleading acts or practices" and that, "[t]hrough [their] false, untrue and misleading promotion of Cook's IVC filters,

Defendants induced Plaintiffs to purchase and/or pay for the purchase of Cook's IVC

filters." (Master Compl. ¶¶ 112-115). Plaintiff further alleged:

> Defendants misrepresented the alleged benefits and characteristics of
> Cook's IVC Filters; suppressed, omitted, concealed, and failed to disclose
> material information concerning adverse effects of Cook's IVC Filters;
> misrepresented the quality and efficacy of Cook's IVC Filters as compared
> to much lower-cost alternatives; misrepresented and advertised that Cook's
> IVC filters were of a particular standard, quality, or grade that they were
> not; misrepresented Cook's IVC Filters in such a manner that later, on
> disclosure of the true facts, there was a likelihood that Plaintiffs would have
> opted for an alternative IVC Filter or method of preventing pulmonary
> emboli.

(*Id.* ¶ 116). The court finds Plaintiffs' UTPA claim is not based on a product defect or

failure to warn but on a willful misrepresentation concerning consumer goods.

Therefore, Plaintiff's UTPA claim is not subject to the statute of repose.

Alternatively, the Cook Defendants argue Plaintiff's UTPA claim fails as a matter

of law because he failed to plead the claim with the particularity required by Federal Rule

of Civil Procedure 9(b). Plaintiff did not respond to this argument.

The Cook Defendants are correct; Plaintiff's UTPA claim sounds in fraud and

must be pled with particularity. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d

732, 736-37 (7th Cir. 2014) (analyzing the sufficiency of plaintiff's consumer fraud claim

under Rule 9(b)). This means Plaintiff must describe "the who, what, when, where, and

how of the fraud." *Id.* at 737 (quoting *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th

Cir. 2011)). Plaintiff's vague and generalized allegations fail to provide any details

regarding the alleged misrepresentations as required by Rule 9(b). For example, the

allegations fail to allege who at Cook made the misrepresentations, when the

misrepresentations were said, and who were they communicated to.  Accordingly,

Plaintiff Palmer's UTPA claim must be dismissed.

## III.   Conclusion

For the reasons explained above, the Cook Defendants' motion (Filing No. 14068)

is **GRANTED** with respect to Plaintiffs Palmer, Cortez, and Sons, is **DENIED AS**

**MOOT** with respect to Plaintiff Denton, and **HELD IN ABEYANCE** with respect to

Plaintiff Jones.


**SO ORDERED** this 13th day of November 2020.



RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana



Distributed Electronically to Registered Counsel of Record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| _____ | ) ) | |
| This Document Relates to: Leroy Palmer, 1:18-cv-02272 Andrea Sons, 1:18-cv-03422 Valerie Cortez, 1:20-cv-00896 | ) ) ) ) ) | |
| _____ | ) | |

**FINAL JUDGMENT**

Today, the court granted the Cook Defendants'[1] Motion for Judgment on the

Pleadings.  Accordingly, judgment is entered in favor of the Cook Defendants and against

the Plaintiffs herein, Leroy Palmer, Andrea Sons, and Valerie Cortez.


**SO ORDERED** this 13th day of November 2020.


Roger Sharpe, Clerk
United States District Court

_____

By: Deputy Clerk

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

_____

[1] The Cook Defendants are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS

1

Distributed Electronically to Registered Counsel of Record.

# *** PUBLIC DOCKET ***

<span style="color:blue">APPEAL</span>,<span style="color:green">MDL</span>,<span style="color:red">CLOSED</span>

**U.S. District Court**
**Southern District of Indiana (Indianapolis)**
**CIVIL DOCKET FOR CASE #: 1:20-cv-00896-RLY-TAB**

CORTEZ v. COOK INCORPORATED et al
Assigned to: Judge Richard L. Young
Referred to: Magistrate Judge Tim A. Baker
Lead case: 1:14-ml-02570-RLY-TAB
Member case: (View Member Case)
Cause: 28:1332 Diversity-Product Liability

Date Filed: 03/19/2020
Date Terminated: 11/13/2020
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**VALERIE K. CORTEZ**                    represented by   **John A. Dalimonte**
                                                          DALIMONTE RUEB LAW GROUP
                                                          LLP
                                                          85 Devonshire St., Suite 1000
                                                          Boston, MA 02109
                                                          (617) 302-9900
                                                          Fax: (617) 742-9130
                                                          Email: john@drlawllp.com

                                                          **Michael E. Gallant**
                                                          DALIMONTE RUEB STOLLER LLP
                                                          1250 Connecticut Avenue NW
                                                          Suite 700
                                                          Washington, DC 20036
                                                          202-858-1211
                                                          Fax: 855-203-2035
                                                          Email: michael.gallant@drlawllp.com

V.

**Defendant**

**COOK INCORPORATED**                    represented by   **Andrea Roberts Pierson**
                                                          FAEGRE DRINKER BIDDLE &
                                                          REATH LLP (Indianapolis)
                                                          300 North Meridian Street
                                                          Suite 2500
                                                          Indianapolis, IN 46204
                                                          317-237-0300
                                                          Fax: 317-237-1000

Email:
andrea.pierson@faegredrinker.com

**Kip S.M. McDonald**
FAEGRE DRINKER BIDDLE &
REATH LLP (Indianapolis)
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204
(317) 237-1485
Fax: (317) 237-1000
Email:
Kip.McDonald@Faegredrinker.com

**Defendant**

**COOK MEDICAL LLC**        represented by **Andrea Roberts Pierson**
(See above for address)

**Kip S.M. McDonald**
(See above for address)

**Defendant**

**WILLIAM COOK EUROPE APS**    represented by **Andrea Roberts Pierson**
(See above for address)

**Kip S.M. McDonald**
(See above for address)

| Date Filed | # | Docket Text |
|---|---|---|
| 03/19/2020 | 1 | COMPLAINT *SHORT FORM COMPLAINT* against All Defendants, filed by Valerie K Cortez. (Filing fee $400, receipt number 0756-5916621) (Attachments: # 1 Civil Cover Sheet)(Dalimonte, John) (Entered: 03/19/2020) |
| 03/19/2020 | 2 | NOTICE of Appearance by John A. Dalimonte on behalf of Plaintiff Valerie K Cortez. (Dalimonte, John) (Entered: 03/19/2020) |
| 03/20/2020 | 3 | NOTICE of Reassignment pursuant to General Order dated July 13, 2016 of Case to Magistrate Judge Tim A. Baker. Magistrate Judge Doris L. Pryor is no longer assigned to this case. Please include the new case number, **1:20-cv-896-RLY-TAB**, on all future filings in this matter. (DJH) (Entered: 03/20/2020) |
| 03/20/2020 | 4 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DJH) (Entered: 03/20/2020) |
| 03/31/2020 | 5 | Second Amended Order Establishing Policies and Procedures. Signed by Judge Richard L. Young on 3/31/2020.(LBT) (Entered: 03/31/2020) |
| 03/31/2020 | 6 | Remark - Pending Actions SD/IN 1:20-cv-00883-RLY-TAB, 1:20-cv-00884- |

| | | |
|---|---|---|
| | | RLY-TAB, 1:20-cv-00894-RLY-TAB, 1:20-cv-00895-RLY-TAB, 1:20-cv-00896-RLY-TAB **Transferred as Member Actions to MDL 2570 on 3/31/2020.** Associated Cases: 1:14-ml-02570-RLY-TAB, 1:20-cv-00883-RLY-TAB, 1:20-cv-00884-RLY-TAB, 1:20-cv-00894-RLY-TAB, 1:20-cv-00895-RLY-TAB, 1:20-cv-00896-RLY-TAB (LBT) (Entered: 03/31/2020) |
| 04/01/2020 | 7 | NOTICE of Appearance by Kip S.M. McDonald on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:20-cv-00770-RLY-TAB, 1:20-cv-00773-RLY-TAB, 1:20-cv-00789-RLY-TAB, 1:20-cv-00790-RLY-TAB, 1:20-cv-00798-RLY-TAB, 1:20-cv-00799-RLY-TAB, 1:20-cv-00822-RLY-TAB, 1:20-cv-00825-RLY-TAB, 1:20-cv-00845-RLY-TAB, 1:20-cv-00859-RLY-TAB, 1:20-cv-00860-RLY-TAB, 1:20-cv-00867-RLY-TAB, 1:20-cv-00883-RLY-TAB, 1:20-cv-00884-RLY-TAB, 1:20-cv-00894-RLY-TAB, 1:20-cv-00895-RLY-TAB, 1:20-cv-00896-RLY-TAB, 1:20-cv-06116-RLY-TAB, 1:20-cv-06117-RLY-TAB (McDonald, Kip) (Entered: 04/01/2020) |
| 04/01/2020 | 8 | NOTICE of Appearance by Andrea Roberts Pierson on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK |

| | | |
|---|---|---|
| | | MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:20-cv-00770-RLY-TAB, 1:20-cv-00773-RLY-TAB, 1:20-cv-00789-RLY-TAB, 1:20-cv-00790-RLY-TAB, 1:20-cv-00798-RLY-TAB, 1:20-cv-00799-RLY-TAB, 1:20-cv-00822-RLY-TAB, 1:20-cv-00825-RLY-TAB, 1:20-cv-00845-RLY-TAB, 1:20-cv-00859-RLY-TAB, 1:20-cv-00860-RLY-TAB, 1:20-cv-00867-RLY-TAB, 1:20-cv-00883-RLY-TAB, 1:20-cv-00884-RLY-TAB, 1:20-cv-00894-RLY-TAB, 1:20-cv-00895-RLY-TAB, 1:20-cv-00896-RLY-TAB, 1:20-cv-06116-RLY-TAB, 1:20-cv-06117-RLY-TAB (Pierson, Andrea) (Entered: 04/01/2020) |
| 09/08/2020 | 9 | NOTICE of Appearance by Michael E. Gallant on behalf of MDL Plaintiffs VALERIE K. CORTEZ, BEVERLY F. WOODS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:19-cv-03085-RLY-TAB, 1:20-cv-00896-RLY-TAB (Gallant, Michael) (Entered: 09/08/2020) |
| 09/08/2020 | 10 | RESPONSE in Opposition re (14068 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *on Statute of Repose Grounds (Oregon)* , filed by VALERIE K. CORTEZ. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:20-cv-00896-RLY-TAB(Gallant, Michael) (Entered: 09/08/2020) |
| 11/13/2020 | 11 | ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON) - The Cook Defendants' motion (Filing No. 14068 ) is GRANTED with respect to Plaintiffs Palmer, Cortez, and Sons, is DENIED AS MOOT with respect to Plaintiff Denton, and HELD IN ABEYANCE with respect to Plaintiff Jones. See Entry for details. Signed by Judge Richard L. Young on 11/13/2020.Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-02272-RLY-TAB, 1:18-cv-03422-RLY-TAB, 1:19-cv-03362-RLY-TAB, 1:20-cv-00896-RLY-TAB(LBT) (Entered: 11/13/2020) |
| 11/13/2020 | 12 | JUDGMENT - Today, the court granted the Cook Defendants' Motion for Judgment on the Pleadings. Accordingly, judgment is entered in favor of the Cook Defendants and against the Plaintiffs herein, Leroy Palmer, Andrea Sons, and Valerie Cortez. Signed by Judge Richard L. Young on 11/13/2020. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-02272-RLY-TAB, 1:18- |

| | | |
|---|---|---|
| | | cv-03422-RLY-TAB, 1:20-cv-00896-RLY-TAB(LBT) (Entered: 11/13/2020) |
| 12/11/2020 | 13 | NOTICE OF APPEAL as to 12 Judgment, 11 Order, filed by Plaintiff VALERIE K. CORTEZ. (Filing fee $505, receipt number 0756-6320346) (Gallant, Michael) (Entered: 12/11/2020) |

**Case #: 1:20-cv-00896-RLY-TAB**