## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

Case No. 1:14-ml-02570-RLY-TAB
MDL NO. 2570

This Document Relates to:
- Valerie Cortez, 1:20-cv-00896

### NOTICE OF APPEAL

Pursuant to Fed. R. App. P. 3(c)(1) and 4(a), notice is hereby given that Plaintiff Valerie

Cortez appeals to the United States Court of Appeals for the Seventh Circuit from the opinion and

order and judgment of the U.S. District Court for the Southern District of Indiana that was entered

on November 13, 2020 granting Defendants' Motion for Judgement on the Pleadings.

Dated: December 11, 2020

By: /s/Michael E. Gallant
Michael E. Gallant
DALIMONTE RUEB STOLLER LLP
1250 Connecticut Avenue NW, Suite 700
Washington, DC 20036
Tel: (202) 858-1211
Fax: (855) 203-2053
michael.gallant@drlawllp.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| | ) | |
| This Document Relates to: | ) | |
| Gregory Denton, 1:16-cv-01140 | ) | |
| Leroy Palmer, 1:18-cv-02272 | ) | |
| Andrea Sons, 1:18-cv-03422 | ) | |
| Renea Jones, 1:19-cv-03362 | ) | |
| Valerie Cortez, 1:20-cv-00896 | ) | |
| _____ | ) | |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON)**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture and sell inferior vena cava ("IVC") filters, which are used for the prevention of pulmonary embolism. The Plaintiffs herein, Gregory Denton, Leroy Palmer, Andrea Sons, Renea Jones, and Valerie Cortez, were implanted with Cook IVC filters more than 12 years before they filed suit. The Cook Defendants therefore ask the court to dismiss their cases as barred by the statute of repose of their home state, Oregon.

Since the filing of this motion, Plaintiff Denton stipulated to a voluntary dismissal of his case and the Cook Defendants are in discussions with Plaintiff Jones. Accordingly, the Cook Defendants' motion is denied as moot with respect to Plaintiff Denton and held

1

in abeyance with respect to Plaintiff Jones.  This Entry therefore addresses the issues raised by Plaintiffs Palmer, Cortez, and Sons.

## I.     Standard of Review

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings for the reason that a complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014).  "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face."  *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "When assessing the facial plausibility of a claim, [the court] draw[s] all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions." *Id.* (internal quotation and citation omitted).

## II.    Discussion

### A.     Fraudulent Concealment

Plaintiffs Palmer, Cortez, and Sons agree that their "product liability actions" as defined by Oregon's product liability statute, are subject to Indiana law by way of Oregon's "look out" provision.  That provision reads, in relevant part:

> A product liability action for personal injury or property damage must be commenced before the later of. . . (b) [t]he expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured . . . ."

Or. Rev. Stat. § 30.905(2).  Indiana's product liability statute provides, in relevant part:

(b)   Except as provided in section 2 of this chapter [involving asbestos claims], a product liability action must be commenced:

*** 

(2) within ten (10) years after the delivery of the product to the initial user or consumer.

However, *if the cause of action accrues at least eight (8) years but less than ten (10) years* after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Ind. Code § 34-20-3-1 (emphasis added).  Here, Plaintiffs' products liability claims were commenced more than 12 years after implantation.  Therefore, they are not entitled to the two-year extension window.  They maintain, however, that the limitations periods were tolled under the doctrine of fraudulent concealment.

Fraudulent concealment tolls the statute of limitations when a defendant conceals from the plaintiff material facts which prevent the plaintiff from discovering a potential cause of action.  *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014).  To invoke the doctrine where no fiduciary relationship exists between the parties . . . a plaintiff must show that the wrongdoer was not simply silent but committed affirmative acts designed to conceal the cause of action."  *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1372 (7th Cir. 1995).  And as with any claim of fraud, the plaintiff must also show reliance upon the fraudulent representation.  *Lyons*, 19 N.E.3d at 261 (citing *Doe v. United Methodist Church*, 673 N.E.2d 839, 845 (Ind. Ct. App. 1996)).

In support of Plaintiffs' fraudulent concealment argument, Plaintiffs rely on the allegations of the Master Consolidated Complaint for Individual Claims. (Filing No. 213, Master Compl. ¶¶ 195-198). But the Master Complaint does not allege the Cook Defendants actively concealed the existence of Plaintiffs' *causes of action*; instead, it alleges the Cook Defendants actively concealed the *risks* associated with their IVC filters:

### TOLLING OF THE LIMITATIONS PERIOD

195.   Defendants, through its [sic] affirmative misrepresentations and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters.

196.   As a result of Defendants' actions, Plaintiffs and their prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiffs had been exposed to the risks identified in this Master Complaint, and that those risks were the result of Defendants' actions, omissions, and misrepresentations.

197.   Accordingly, no limitations period ought to accrue until such time as Plaintiffs knew or reasonably should have known of some causal connection between Plaintiffs being implanted with a Cook IVC Filter and the harm Plaintiffs suffered as a result.

198.   Additionally, the accrual and running of any applicable statute of limitations have been tolled by reason of Defendants' fraudulent conduct.

(Filing No. 213, Master Compl. ¶¶ 195-98 at 36). As explained below, these allegations are insufficient to establish the doctrine of fraudulent concealment under Indiana law.

### *Argument by Plaintiff Cortez*

Relying on *Elward v. Electrolux Home Prods., Inc.*, 264 F.Supp.3d 877 (N.D. Ill. 2017), Plaintiff Cortez argues the Master Complaint's allegations are sufficient to establish the doctrine of fraudulent concealment under Indiana law. In *Elward*, the

4

plaintiffs purchased and used Electrolux dishwashers which, they alleged, contained a defective electrical heating system. *Id.* at 883. Plaintiffs alleged Electrolux had notice of the defect, pointing to product recalls both in the United States and abroad. *Id.* at 884. Despite knowledge of the defect, plaintiffs alleged Electrolux continued to represent to consumers like them that the dishwashers were safe for use. *Id.* In finding the allegations were sufficient to withstand a motion to dismiss under Indiana law, the district court observed that Electrolux "did not just fail to disclose the defect, but actively misled [plaintiffs] into believing that the dishwasher would clean dishes without overheating or catching fire." *Id.* at 891.

The court's interpretation of Indiana law is controlled by the decisions of the Indiana Supreme Court. Respectfully, the *Elward* decision does not seem to be an accurate statement of Indiana law. As noted above, the Indiana Supreme Court has held that fraudulent concealment occurs only where the defendant knows that the plaintiff has a potential cause of action and acts affirmatively to prevent the plaintiff from discovering the existence of that cause of action. *Lyons*, 19 N.E.3d at 261; *see also Doe v. Shults-Lewis Child and Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant, by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim."); *Fager v. Hundt*, 610 N.E.2d 246, 251 (Ind. 1993) (holding the doctrine is available when the defendant has "concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action"). The court is unaware of any case where

an Indiana court applying Indiana law has found that a defendant's failure to disclose a defect operated to toll the statute of limitations. Indeed, this court, applying Kentucky law, held that such allegations do not. *In re Bridgestone/Firestone, Inc. ATX ATX II & Wilderness Tires Prod. Liab. Litig.*, No. IP00-9373-C-B/S, 2002 WL 31689271, at *5 (S.D. Ind. Nov. 20, 2002) ("Plaintiff's allegations as to fraudulent concealment by Firestone amount to the simple assertion that Firestone failed to disclose the defect in their tires to the general public, including Plaintiff. Under the relevant Kentucky standard, such allegations, even if proven true, are not sufficient to toll the statute of limitations.").

Moreover, even if *Elward* were an accurate statement of Indiana law, the facts of *Elward* differ from those presented in the pleadings. First, no Plaintiff has alleged that the subject IVC filters were ever recalled. Second, no Plaintiff has alleged that the Cook Defendants communicated directly with them in a misleading way about the risks associated with their IVC filters. And no Plaintiff has alleged that the Cook Defendants knew any Plaintiff was injured from a Cook IVC filter or that Cook took steps to prevent any of them from filing a lawsuit within the statutory time limit. Accordingly, Plaintiff Cortez's product liability claims must be dismissed.

### *Argument by Plaintiff Palmer and Plaintiff Sons*

In addition to the allegations of the Master Complaint, Plaintiff Palmer and Plaintiff Sons rely on materials outside the pleadings. (*See* Filing No. 14216-1, Declaration of Angel Dorsey ("Dorsey Decl."); Filing No. 14224-1, Cook Tulip Patient Guide; Filing No. 14224-2, Plaintiff Sons' medical record; Filing No. 14224-3,

6

Declaration of Andrea Sons ("Sons Decl.").  But this evidence is not referred to in Plaintiffs' operative complaints; therefore, the court may not consider it.  *See Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to his claim.").

Even if the documents were considered, they fail to save Plaintiffs' fraudulent concealment claims.  Plaintiff Palmer submitted a declaration from a paralegal, Angel Dorsey, employed by his counsel.  She states that Palmer "knew he had an IVC filter implanted years before" but did not know the name of the manufacturer or filter model. (Dorsey Decl. ¶ 2).  Through the production of Palmer's medical records on July 28, 2017, it was discovered that Palmer's filter was a Cook Gunther Tulip filter, which was implanted on June 6, 2004.  (*Id.* ¶¶ 5, 6).  Palmer was informed of this information on September 14, 2017.  (*Id.* ¶ 7).  Critically, Palmer fails to identify any action on the Cook Defendants' part what would have prevented him from discovering that he had a claim against the Cook Defendants prior to the expiration of the statute of limitations.  *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) ("It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires.").

The documents that Plaintiff Sons submitted likewise fail to save her claims.  In her declaration, she states that she experienced a DVT in 2006, that a doctor explained to her that Cook's Tulip filter was a retrievable filter that could also be used as a permanent filter, and that she agreed to have the filter remain in her body permanently based on her

doctor's recommendation.  (Sons Decl. ¶¶ 2-3).  The medical record attached to the declaration confirms that Plaintiff had a DVT in 2006, and the attached Cook Patient Guide confirms that the Tulip filter could be used as both a retrievable and permanent filter.  (Sons medical record; Gunther Tulip Patient Guide at 6 (stating the Tulip filter "is often used as a permanently implanted device" but "may also be removed if your risk of pulmonary embolism has diminished")).  Sons also states she contacted another doctor in 2016 after becoming concerned about the possibility of complications, that she was diagnosed with a perforation on January 30, 2017, and that she would not have agreed to have the Tulip placed as a permanent filter if she had known at the time that it had a "high rate of failure, including [perforations]."  (*Id.* ¶¶ 4-7).

Plaintiff Sons fails to establish the affirmative action prong of her fraudulent concealment claim for several reasons.  First, she admits she relied on the independent advice of her doctor regarding her treatment and not on any action by the Cook Defendants.  Second, Sons presents no evidence that she read the Patient Guide before implantation.  But even if she had, the Patient Guide adequately explains that the Tulip filter could be used on both a permanent and retrievable basis; warns that complications, while rare, can arise from having a filter implanted; and warns that "there is a limited amount of time that the filter can be implanted if it is to be safely removed."  (Gunther Tulip Patient Guide at 6).  Most importantly, Sons fails to provide evidence that the Cook Defendants "concealed from [P]laintiff material facts thereby preventing [her] from discovering a potential cause of action."  *Lyons*, 19 N.E.3d at 260 (quoting *Doe*, 718

8

N.E.3d at 744-45).  Accordingly, Plaintiff Palmer's and Plaintiff Son's product liability claims must be dismissed.

### B.    Unfair Trade Practices Act Claim

Plaintiff Palmer also brings a claim under Oregon's Unlawful Trade Practices Act ("UTPA").  Cook argues his claim is based on product defect and failure to warn; therefore, it is subject to the statute of repose.  Plaintiff disagrees.

A "product liability civil action" is defined by Oregon statute as "a civil action brought against a manufacturer, distributor, seller, or lessor of a product for damages for personal injury, death or property damage arising out of" the following circumstances:

(1)    Any design, inspection, testing, manufacturing or other defect in a product;

(2)    Any failure to warn regarding a product; or

(3)    Any failure to properly instruct in the use of a product.

Or. Rev. Stat. § 30.900.  In determining whether a claim falls within scope of that provision, Oregon courts "look beyond the label of the claim to the operative facts alleged" to "discern the gravamen or predominate characteristic of the claim." *Weston v. Camp's Lumber & Bldg. Supply, Inc.*, 135 P.3d 331, 337 (Or. Ct. App. 2006).  "[I]f the gravamen of the claim is in fact one that is based on product defect or failure contemplated by [section] 30.900, [the statute of repose] will apply regardless of the characterization of the theory given to it by the plaintiff." *Id.* at 337-38.

In the Master Complaint, Plaintiff Palmer alleges that "Defendants engaged in unfair, unconscionable, deceptive, fraudulent and misleading acts or practices" and that, "[t]hrough [their] false, untrue and misleading promotion of Cook's IVC filters,

9

Defendants induced Plaintiffs to purchase and/or pay for the purchase of Cook's IVC

filters."  (Master Compl. ¶¶ 112-115).  Plaintiff further alleged:

> Defendants misrepresented the alleged benefits and characteristics of
> Cook's IVC Filters; suppressed, omitted, concealed, and failed to disclose
> material information concerning adverse effects of Cook's IVC Filters;
> misrepresented the quality and efficacy of Cook's IVC Filters as compared
> to much lower-cost alternatives; misrepresented and advertised that Cook's
> IVC filters were of a particular standard, quality, or grade that they were
> not; misrepresented Cook's IVC Filters in such a manner that later, on
> disclosure of the true facts, there was a likelihood that Plaintiffs would have
> opted for an alternative IVC Filter or method of preventing pulmonary
> emboli.

(*Id.* ¶ 116).  The court finds Plaintiffs' UTPA claim is not based on a product defect or

failure to warn but on a willful misrepresentation concerning consumer goods.

Therefore, Plaintiff's UTPA claim is not subject to the statute of repose.

Alternatively, the Cook Defendants argue Plaintiff's UTPA claim fails as a matter

of law because he failed to plead the claim with the particularity required by Federal Rule

of Civil Procedure 9(b).  Plaintiff did not respond to this argument.

The Cook Defendants are correct; Plaintiff's UTPA claim sounds in fraud and

must be pled with particularity.  *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d

732, 736-37 (7th Cir. 2014) (analyzing the sufficiency of plaintiff's consumer fraud claim

under Rule 9(b)).  This means Plaintiff must describe "the who, what, when, where, and

how of the fraud."  *Id.* at 737 (quoting *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th

Cir. 2011)).  Plaintiff's vague and generalized allegations fail to provide any details

regarding the alleged misrepresentations as required by Rule 9(b).  For example, the

allegations fail to allege who at Cook made the misrepresentations, when the

misrepresentations were said, and who were they communicated to.  Accordingly,

Plaintiff Palmer's UTPA claim must be dismissed.

## III.   Conclusion

For the reasons explained above, the Cook Defendants' motion (Filing No. 14068)

is **GRANTED** with respect to Plaintiffs Palmer, Cortez, and Sons, is **DENIED AS**

**MOOT** with respect to Plaintiff Denton, and **HELD IN ABEYANCE** with respect to

Plaintiff Jones.


**SO ORDERED** this 13th day of November 2020.



RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana



Distributed Electronically to Registered Counsel of Record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) |
| _____ | ) |
| | ) |
| This Document Relates to: | ) |
| Leroy Palmer, 1:18-cv-02272 | ) |
| Andrea Sons, 1:18-cv-03422 | ) |
| Valerie Cortez, 1:20-cv-00896 | ) |
| _____ | ) |

1:14-ml-02570-RLY-TAB
MDL No. 2570

**FINAL JUDGMENT**

Today, the court granted the Cook Defendants'[1] Motion for Judgment on the

Pleadings.  Accordingly, judgment is entered in favor of the Cook Defendants and against

the Plaintiffs herein, Leroy Palmer, Andrea Sons, and Valerie Cortez.

**SO ORDERED** this 13th day of November 2020.

Roger Sharpe, Clerk
United States District Court

_____

By: Deputy Clerk

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[1] The Cook Defendants are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS

1

Distributed Electronically to Registered Counsel of Record.

# *** PUBLIC DOCKET ***

APPEAL,MDL,CLOSED

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:20-cv-00896-RLY-TAB

| | |
|---|---|
| CORTEZ v. COOK INCORPORATED et al | Date Filed: 03/19/2020 |
| Assigned to: Judge Richard L. Young | Date Terminated: 11/13/2020 |
| Referred to: Magistrate Judge Tim A. Baker | Jury Demand: Plaintiff |
| Lead case: 1:14-ml-02570-RLY-TAB | Nature of Suit: 365 Personal Inj. Prod. |
| Member case: (View Member Case) | Liability |
| Cause: 28:1332 Diversity-Product Liability | Jurisdiction: Diversity |

**Plaintiff**

**VALERIE K. CORTEZ**                represented by     **John A. Dalimonte**
                                                        DALIMONTE RUEB LAW GROUP
                                                        LLP
                                                        85 Devonshire St., Suite 1000
                                                        Boston, MA 02109
                                                        (617) 302-9900
                                                        Fax: (617) 742-9130
                                                        Email: john@drlawllp.com

                                                        **Michael E. Gallant**
                                                        DALIMONTE RUEB STOLLER LLP
                                                        1250 Connecticut Avenue NW
                                                        Suite 700
                                                        Washington, DC 20036
                                                        202-858-1211
                                                        Fax: 855-203-2035
                                                        Email: michael.gallant@drlawllp.com

V.

**Defendant**

**COOK INCORPORATED**                represented by     **Andrea Roberts Pierson**
                                                        FAEGRE DRINKER BIDDLE &
                                                        REATH LLP (Indianapolis)
                                                        300 North Meridian Street
                                                        Suite 2500
                                                        Indianapolis, IN 46204
                                                        317-237-0300
                                                        Fax: 317-237-1000

Email:
andrea.pierson@faegredrinker.com

**Kip S.M. McDonald**
FAEGRE DRINKER BIDDLE &
REATH LLP (Indianapolis)
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204
(317) 237-1485
Fax: (317) 237-1000
Email:
Kip.McDonald@Faegredrinker.com

**Defendant**

**COOK MEDICAL LLC**          represented by **Andrea Roberts Pierson**
(See above for address)

**Kip S.M. McDonald**
(See above for address)

**Defendant**

**WILLIAM COOK EUROPE APS**   represented by **Andrea Roberts Pierson**
(See above for address)

**Kip S.M. McDonald**
(See above for address)

| Date Filed | # | Docket Text |
|---|---|---|
| 03/19/2020 | 1 | COMPLAINT *SHORT FORM COMPLAINT* against All Defendants, filed by Valerie K Cortez. (Filing fee $400, receipt number 0756-5916621) (Attachments: # 1 Civil Cover Sheet)(Dalimonte, John) (Entered: 03/19/2020) |
| 03/19/2020 | 2 | NOTICE of Appearance by John A. Dalimonte on behalf of Plaintiff Valerie K Cortez. (Dalimonte, John) (Entered: 03/19/2020) |
| 03/20/2020 | 3 | NOTICE of Reassignment pursuant to General Order dated July 13, 2016 of Case to Magistrate Judge Tim A. Baker. Magistrate Judge Doris L. Pryor is no longer assigned to this case. Please include the new case number, **1:20-cv-896-RLY-TAB**, on all future filings in this matter. (DJH) (Entered: 03/20/2020) |
| 03/20/2020 | 4 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DJH) (Entered: 03/20/2020) |
| 03/31/2020 | 5 | Second Amended Order Establishing Policies and Procedures. Signed by Judge Richard L. Young on 3/31/2020.(LBT) (Entered: 03/31/2020) |
| 03/31/2020 | 6 | Remark - Pending Actions SD/IN 1:20-cv-00883-RLY-TAB, 1:20-cv-00884- |

| | | |
|---|---|---|
| | | RLY-TAB, 1:20-cv-00894-RLY-TAB, 1:20-cv-00895-RLY-TAB, 1:20-cv-00896-RLY-TAB **Transferred as Member Actions to MDL 2570 on 3/31/2020.** Associated Cases: 1:14-ml-02570-RLY-TAB, 1:20-cv-00883-RLY-TAB, 1:20-cv-00884-RLY-TAB, 1:20-cv-00894-RLY-TAB, 1:20-cv-00895-RLY-TAB, 1:20-cv-00896-RLY-TAB (LBT) (Entered: 03/31/2020) |
| 04/01/2020 | 7 | NOTICE of Appearance by Kip S.M. McDonald on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:20-cv-00770-RLY-TAB, 1:20-cv-00773-RLY-TAB, 1:20-cv-00789-RLY-TAB, 1:20-cv-00790-RLY-TAB, 1:20-cv-00798-RLY-TAB, 1:20-cv-00799-RLY-TAB, 1:20-cv-00822-RLY-TAB, 1:20-cv-00825-RLY-TAB, 1:20-cv-00845-RLY-TAB, 1:20-cv-00859-RLY-TAB, 1:20-cv-00860-RLY-TAB, 1:20-cv-00867-RLY-TAB, 1:20-cv-00883-RLY-TAB, 1:20-cv-00884-RLY-TAB, 1:20-cv-00894-RLY-TAB, 1:20-cv-00895-RLY-TAB, 1:20-cv-00896-RLY-TAB, 1:20-cv-06116-RLY-TAB, 1:20-cv-06117-RLY-TAB (McDonald, Kip) (Entered: 04/01/2020) |
| 04/01/2020 | 8 | NOTICE of Appearance by Andrea Roberts Pierson on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK |

|  |  | MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:20-cv-00770-RLY-TAB, 1:20-cv-00773-RLY-TAB, 1:20-cv-00789-RLY-TAB, 1:20-cv-00790-RLY-TAB, 1:20-cv-00798-RLY-TAB, 1:20-cv-00799-RLY-TAB, 1:20-cv-00822-RLY-TAB, 1:20-cv-00825-RLY-TAB, 1:20-cv-00845-RLY-TAB, 1:20-cv-00859-RLY-TAB, 1:20-cv-00860-RLY-TAB, 1:20-cv-00867-RLY-TAB, 1:20-cv-00883-RLY-TAB, 1:20-cv-00884-RLY-TAB, 1:20-cv-00894-RLY-TAB, 1:20-cv-00895-RLY-TAB, 1:20-cv-00896-RLY-TAB, 1:20-cv-06116-RLY-TAB, 1:20-cv-06117-RLY-TAB (Pierson, Andrea) (Entered: 04/01/2020) |
| 09/08/2020 | 9 | NOTICE of Appearance by Michael E. Gallant on behalf of MDL Plaintiffs VALERIE K. CORTEZ, BEVERLY F. WOODS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:19-cv-03085-RLY-TAB, 1:20-cv-00896-RLY-TAB (Gallant, Michael) (Entered: 09/08/2020) |
| 09/08/2020 | 10 | RESPONSE in Opposition re (14068 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *on Statute of Repose Grounds (Oregon)* , filed by VALERIE K. CORTEZ. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:20-cv-00896-RLY-TAB(Gallant, Michael) (Entered: 09/08/2020) |
| 11/13/2020 | 11 | ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS (OREGON) - The Cook Defendants' motion (Filing No. 14068 ) is GRANTED with respect to Plaintiffs Palmer, Cortez, and Sons, is DENIED AS MOOT with respect to Plaintiff Denton, and HELD IN ABEYANCE with respect to Plaintiff Jones. See Entry for details. Signed by Judge Richard L. Young on 11/13/2020.Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-02272-RLY-TAB, 1:18-cv-03422-RLY-TAB, 1:19-cv-03362-RLY-TAB, 1:20-cv-00896-RLY-TAB(LBT) (Entered: 11/13/2020) |
| 11/13/2020 | 12 | JUDGMENT - Today, the court granted the Cook Defendants' Motion for Judgment on the Pleadings. Accordingly, judgment is entered in favor of the Cook Defendants and against the Plaintiffs herein, Leroy Palmer, Andrea Sons, and Valerie Cortez. Signed by Judge Richard L. Young on 11/13/2020. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-02272-RLY-TAB, 1:18- |

| | | |
|---|---|---|
| | | cv-03422-RLY-TAB, 1:20-cv-00896-RLY-TAB(LBT) (Entered: 11/13/2020) |
| 12/11/2020 | 13 | NOTICE OF APPEAL as to 12 Judgment, 11 Order, filed by Plaintiff VALERIE K. CORTEZ. (Filing fee $505, receipt number 0756-6320346) (Gallant, Michael) (Entered: 12/11/2020) |
| 12/15/2020 | 14 | PARTIES' SHORT RECORD re (15079 in 1:14-ml-02570-RLY-TAB) Notice of Appeal, (13 in 1:20-cv-00896-RLY-TAB) Notice of Appeal **- Instructions for Attorneys/Parties attached.** Associated Cases: 1:14-ml-02570-RLY-TAB, 1:20-cv-00896-RLY-TAB(LBT) (Entered: 12/15/2020) |

**Case #: 1:20-cv-00896-RLY-TAB**