

A CERTIFIED TRUE COPY
Roger A.G. Sharpe, Clerk
U.S. District Court
Southern District of Indiana
By _____
Deputy Clerk

FILED
12/15/2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

MDL No. 2570

## TRANSFER ORDER

**Before the Panel:** Plaintiff in the action listed on Schedule A (*Smith*) moves under Panel Rule 7.1 to vacate our order that conditionally transferred her action to MDL No. 2570. Defendants Cook Incorporated, Cook Medical LLC, and Cook Group Incorporated, and William Cook Europe ApS (together, Cook) oppose the motion to vacate.

After considering the argument of counsel, we find this action involves common questions of fact with the actions transferred to MDL No. 2570, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. No party disputes that this action shares questions of fact with the MDL No. 2570 actions. Like many of the already-centralized actions, *Smith* involves factual questions arising from allegations that defects in the design of the Cook defendants' inferior vena cava filters make them more likely to fracture, migrate, tilt, or perforate the vena cava, causing injury. *See In re Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379 (J.P.M.L. 2014).

Plaintiff argues her wrongful death claims will involve unique damages considerations. But, as defendants argue, there are other wrongful death claims in MDL No. 2570. And "Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when, as here, the actions still arise from a common factual core." *In re New England Compounding Pharm., Inc. Prods. Liab. Litig.*, 38 F. Supp. 3d 1384, 1385-86 (J.P.M.L. 2014).

Plaintiff also argues that the MDL has been pending for six years and is too far advanced for this action to benefit from transfer. Plaintiff asserts that common discovery is complete and bellwether trials have been held. She argues, therefore, that she can use discovery already available without transfer, and that the Northern District of Georgia can consider the reasoning of the transferee judge in making any pretrial rulings on issues the transferee court previously has addressed.

We are not persuaded by this argument. Pretrial proceedings have not concluded in the litigation, and transfer is appropriate. "Whether the continued inclusion of tag-along actions is appropriate is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases." *See In re Domestic Drywall Antitrust Litig.*, MDL No. 2437, 2018 WL 7153387, at *1 (J.P.M.L. Dec. 6, 2018) (citing *In re Bridgestone/Firestone, Inc.,*

-2-

*Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009)).  Our review of the record leads us to conclude that transfer of *Smith* would serve the efficient resolution of this litigation.  The transferee judge has overseen substantial pretrial proceedings concerning personal injury claims arising from alleged defects in Cook IVC filters, including significant rulings on dispositive motions and two bellwether trials.  Thus, he remains in the best position to streamline discovery and motions practice in this action and the remaining more than 7,000 MDL actions.

We also are not convinced that any purported delay makes transfer unwarranted.  While transfer of a particular action might inconvenience or delay some parties to that action, such a transfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole.  *See, e.g., In re Crown Life Ins. Premium Ins. Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable Richard L. Young for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

| | |
|---|---|
| **IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | MDL No. 2570 |

## SCHEDULE A

<u>Northern District of Georgia</u>

SMITH v. COOK MEDICAL, LLC, ET AL., C.A. No. 1:20-02911    1:20-cv-6306-RLY-TAB