UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Marie Wilson, 1:17-cv-03337 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON STATUTE OF REPOSE GROUNDS**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture and sell inferior vena cava ("IVC") filters, which are used to prevent pulmonary embolism. The Plaintiff herein, Marie Wilson, was implanted with a Cook Bird's Nest IVC filter more than 22 years before she filed suit. The Cook Defendants filed the present motion to dismiss her product liability claims as barred by the statutes of repose in North Carolina, Plaintiff's home state, and Texas, where the placement procedure occurred. The court, having reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion must be **GRANTED**.

**I.      Standard of Review**

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings on grounds that a complaint fails to state a claim

1

upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "When assessing the facial plausibility of a claim, [the court] draw[s] all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions." *Id.* (internal quotation and citation omitted).

## II.     Discussion

### A.     North Carolina's Statute of Repose

North Carolina has a 12-year statute of repose that was extended from 6 years by a statutory change that took effect in October 2009. *Compare* N.C. Gen. Stat. § 1-46.1(1) *with* N.C. Gen. Stat. § 1-50-1 (repealed). North Carolina courts have held that the enlargement of the repose period to 12 years did not have retroactive effect for claims involving products used prior to that time. Plaintiff received her Bird's Nest Filter on January 25, 1995; therefore, the operative statutory period is 6 years. Plaintiff filed her Short Form Complaint in this matter on September 20, 2017, over 16 years too late.

Plaintiff contends that her "injury is the equivalent of a latent disease," and therefore the North Carolina statute of repose does not apply to her claims. This exception is "limited to diseases that 'develop over long periods of time after multiple exposures to offending substances which are thought to be causative agents,' [and] where

2

it 'is impossible to identify any particular exposure as the first injury.'" *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2016 WL 873854, at *2 (M.D. Ga. March 4, 2016) (quoting *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30, 33 (4th Cir. 1986)). Here, Plaintiff does not allege she suffered from a "disease" that developed unnoticed over a long period of time following multiple exposures to toxic agents. Instead, her claims arise from alleged complications which arose from a single medical device implanted in her body more than 22 years ago. The rationale for the latent disease exception does not apply to claims like Plaintiff's. *Id.* ("[P]laintiff's claim is not a claim arising from disease that developed over many years after multiple exposures to a toxic substance; it is a claim arising from complications she contends were caused by a medical device that was implanted in her body.").

Moreover, in *Klein v. DePuy, Inc.*, 506 F.3d 553 (7th Cir. 2007), the Seventh Circuit considered whether the North Carolina Supreme Court would apply a latent disease exception to the statute of repose and concluded that it would not. *Id.* at 559. In so doing, the Seventh Circuit explicitly declined to follow the Fourth Circuit, including the *Hyer* case (cited above)). "Significantly," the Seventh Circuit noted, "*none* of these [Fourth Circuit] cases have been cited in any reported North Carolina state court decision." *Id.*

Given the persuasive opinion in *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.* as well as the Seventh Circuit's decision in *Klein*, the court concludes that Plaintiff's claim is barred by the North Carolina statute of repose.

### B. Texas's Statute of Repose

Plaintiff also argues her claims are not barred by the Texas statute of repose. More specifically, she argues her claim fits within this exception:

> If the manufacturer or seller expressly warrants in writing that the product has a useful life of longer than 15 years, a claimant must commence a products liability action against the manufacturer or seller of the product before the end of the number of years warranted after the date of sale of the product by the seller.

Tex. Code Ann. § 16.012(c). Citing paragraph 33 of the Master Complaint, Plaintiff argues that because "IVC filters can be implanted temporarily or permanently, it is reasonable to infer the device had a useful life longer than 15 years." Plaintiff's citation to the Master Complaint does not establish the existence of an express, written warranty. Moreover, the Master Complaint, which incorporates Plaintiff's Short Form Complaint, contains no allegations relating to the Bird's Nest Filter and thus, does not allege anything about an express warranty pertaining to the useful life of that filter. Consequently, without any allegations concerning the existence of an express, written warranty about the useful life of the Bird's Nest filter, Section 16.012(c) does not apply to Plaintiff's case.

In addition, Plaintiff invokes the latent-disease exception, which provides:

> (d) This section does not apply to a products liability action seeking damages for personal injury or wrongful death in which the claimant alleges:
>
> (1) the claimant was exposed to the product that is the subject of the action before the end of 15 years after the date the product was first sold;
>
> (2) the claimant's exposure to the product caused the claimant's disease that is the basis of the action; and
>
> (3) the symptoms of the claimant's disease did not, before the end of 15 years after the date of the first sale of the product by the defendant, manifest

4

> themselves to a degree and for a duration that would put a reasonable person on notice that the person suffered some injury.

Tex. Code Ann. § 16.012(d)(1)-(3). Plaintiff argues that because (1) she received the product (i.e., was exposed to the product) within 15 years of the date of sale, (2) the exposure caused the disease of which she complains, and (3) her symptoms manifested after 15 years had elapsed, she can claim the protection of subsection (d).

Although Texas courts have not addressed whether medical device failures might count as latent injury or disease, the Eastern District of Tennessee recently addressed this issue and found that Texas's latent disease exception did not apply to a case like this—where a Texas plaintiff allegedly sustained harm from a medical device. *See Brown v. Exactech, Inc.*, 376 F.Supp.3d 811, 817-19 (E.D. Tenn. 2019). In addition to noting that "[m]edical device failures are not the prototypical latent injury situation," the court also noted that to hold otherwise "would create an exception that swallows the rule." *Id.* at 819. The court explained:

> This is not likely the first case where a medical device manufacturer has sold a product to a doctor who immediately uses it for a joint replacement, and the product (unfortunately) fails many years down the line. Indeed, one could assume that in most cases, there is a temporal separation between exposure to a defective medical device and its failure. If the Court were to rule that Plaintiff could claim the benefit of § 16.012(d), it would effectively create a "medical device exception" for an otherwise strict statute of repose. There is no evidence the Texas legislature intended this outcome.

*Id.* The court finds the *Brown* Court's reasoning persuasive. Accordingly, Plaintiff's claims are time-barred.

### III. Conclusion

Plaintiff's claims are barred by the North Carolina and Texas statutes of repose. The

5

Cook Defendants' Motion for Judgment on the Pleadings on Statute of Repose Grounds (Filing No. 14066) is **GRANTED**.

**SO ORDERED** this 14th day of December 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.