IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to:

9 Plaintiffs Listed in Cook's Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee

Margaret Caylor, 1:19-cv-03850

Mary Saldana, 1:20-cv-00130

Thomas Acree, 1:18-cv-00947

Dominique Haughton, 1:19-cv-00569

Sammie Sadler, 1:19-cv-00156

Ronald Osment, 1:19-cv-02392

Keith McNeil, 1:19-cv-02890

Jeffrey Garrett, 1:19-cv-04703

Addie Burks-Henry, 1:20-cv-00330

## <u>PLAINTIFFS' MEMORANDUM IN SUPPORT OF THE RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS</u>

Plaintiffs, in the above styled civil action, by and through their attorneys, request Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee be denied in its entirety. The Cook Defendants are not entitled to judgment on Plaintiffs' complaints because: (1) although the Texas-Based Plaintiffs failed to commence their action within the time period permitted by the Texas status of repose, Texas law allows for an exception in cases where a defendant has provided in writing that a product has a useful life of longer than fifteen years after the date of sale

1

and (2) although the Tennessee-Based Plaintiffs failed to commence their action within the time permitted by the Tennessee statute of repose for such claims, Plaintiffs' claims based on negligence, negligence per se, and breach of express and implied warranty survive. Additionally, application of the statute of repose violates the Equal Protection Clause of the U.S. Constitution, the Class Legislation Clause of the Tennessee Constitution and public policy.

I.   **STATEMENT OF RELEVANT FACTS**
     a. **Cook has Continually Represented Gunther Tulip Vena Cava Filters Can be Used as Permanent Devices**

The Gunther Tulip Vena Cava Filter was initially designed, approved, and sold as a permanent device. The Cook Defendants have consistently marketed, promoted, and represented that the Gunther Tulip Vena Cava filter is and was a permanent device. *See* Exhibit 2, Gunther Tulip Vena Cava Filter Patient Information Booklet at 8, "The Gunter Tulip Vena Cava Filter is often used as a ***permanently implanted device*** . . . Please consult with your physician to see if he or she plans to retrieve the filter or ***leave it in***. Remember, the Gunther Tulip Vena Cava Filter is safe and effective as either a ***permanent*** or temporary device." (emphasis added); Exhibit 3, Gunther Tulip Vena Cava Filter Advertisement at 1, "Temporary or ***permanent***. Smart choice" (emphasis added). Further, the Cook Defendants have instructed physicians that their Gunther Tulip Vena Cava filters do not need to be retrieved as they also can function as a permanent device. ███████████████

████████████████████████████████████

██████████████████████. Many individuals have relied on these express representations and warranties made by the Cook Defendants that the Gunther Tulip Vena Cava Filters are permanent devices and have not sought removal of their Gunther Tulip Vena Cava Filters. *See generally*, Exhibit 5, Affidavit of Margaret Caylor; Exhibit 6, Affidavit of Mary Saldana.

     b. **Plaintiff-Specific Background**
        i. *Margaret Caylor*

2

Plaintiff Margaret Caylor's Short Form Complaint alleges Ms. Caylor was implanted with a Cook Gunther Tulip Vena Cava filter on January 22, 2004. (Dkt. 1 at 3, ¶¶ 10-11, Case No. 1:19-cv-03850-RLY-TAB). Ms. Caylor filed her Short Form Complaint on September 11, 2019. *See generally, Id.* In her Short Form Complaint, Ms. Caylor incorporated "[t]he Master Complaint in MDL No. 2570 by reference (Document 213)." *Id.* at 1. Ms. Caylor, a current Texas resident, was implanted with Defendants' defective device in Texas and suffered injuries from Defendants' defective device while living in Texas. *Id.* at 1-2, ¶¶ 4-6. Ms. Caylor alleged the following causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Product Liability – Design Defect; (3) Negligence; (4) Negligence Per Se; (5) breach of Express Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. *Id.* at 3-4, ¶14. On July 18, 2020, Ms. Caylor filed a Motion for Leave to Amend her Short Form Complaint (Dkt. 13817, Case No. 1:14-ml-2570-RLY-TAB). A copy of Ms. Caylor's proposed Amended Short Form Complaint is attached as Exhibit 7.

### ii. *Mary Saldana*

Plaintiff Mary Saldana's Short Form Complaint alleges Ms. Saldana was implanted with a Cook Gunther Tulip Vena Cava filter on January 13, 2003. (Dkt. 1 at 3, ¶¶ 10-11, Case No. 1:20-cv-00130-RLY-TAB). Ms. Saldana filed her Short Form Complaint on January 14, 2020. *See generally, Id.* In her Short Form Complaint, Ms. Caylor incorporated "[t]he Master Complaint in MDL No. 2570 by reference (Document 213)." *Id.* at 1. Ms. Saldana, a current Texas resident, was implanted with Defendants' defective device in Texas and suffered injuries from Defendants' defective device while living in Texas. *Id.* at 1-2, ¶¶ 4-6. Ms. Saldana alleged the following causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Product Liability – Design Defect; (3) Negligence; (4) Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. *Id.* at 3-4, ¶14. On July 18, 2020, Ms. Saldana

3

filed a Motion for Leave to Amend her Short Form Complaint (Dkt. 13818, Case No. 1:14-ml-2570-RLY-TAB). A copy of Ms. Saldana's proposed Amended Short Form Complaint is attached as Exhibit 8.

### iii. Thomas Acree

Plaintiff Thomas Acree's Short Form Complaint alleges he was implanted with a Cook Gunther Tulip Vena Cava filter on September 24, 2007. (Dkt. 1 at 3, ¶¶ 10-11, Case No. 1:18-cv-00947-RLY-TAB). Mr. Acree filed his Short Form Complaint on March 23, 2018. *See generally, Id*. In his Short Form Complaint, Mr. Acree incorporated "[t]he Master Complaint in MDL No. 2570 by reference (Document 213)." *Id*. at 1. Mr. Acree, a current Tennessee resident, was implanted with Defendants' defective device in Tennessee and suffered injuries from Defendants' defective device while living in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Mr. Acree alleged the following causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Product Liability – Design Defect; (3) Negligence; (4) Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. *Id*. at 3-4, ¶14.

### iv. Dominique Haughton

Plaintiff Dominique Haughton's Short Form Complaint alleges he was implanted with a Cook Gunther Tulip Vena Cava filter on December 28, 2008. (Dkt. 1 at 3, ¶¶ 10-11, Case No. 1:19-cv-00569-RLY-TAB). Mr. Haughton filed his Short Form Complaint on February 6, 2019. *See generally, Id*. In his Short Form Complaint, Mr. Haughton incorporated "[t]he Master Complaint in MDL No. 2570 by reference (Document 213)." *Id*. at 1. Mr. Haughton, a current Tennessee resident, was implanted with Defendants' defective device in Tennessee and suffered injuries from Defendants' defective device while living in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Mr. Haughton alleged the following causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Product Liability – Design Defect; (3) Negligence; (4)

Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. *Id*. at 3-4, ¶14.

### v. *Ronald Osment*

Plaintiff Ronald Osment's Short Form Complaint alleges he was implanted with a Cook Gunther Tulip Vena Cava filter on December 26, 2006. (Dkt. 1 at 3, ¶¶ 10-11, Case No. 1:19-cv-02392-RLY-TAB). Mr. Osment filed his Short Form Complaint on June 14, 2019. *See generally, Id*. In his Short Form Complaint, Mr. Osment incorporated "[t]he Master Complaint in MDL No. 2570 by reference (Document 213)." *Id*. at 1. Mr. Osment, a Tennessee resident, was implanted with Defendants' defective device in Tennessee and suffered injuries from Defendants' defective device while living in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Mr. Osment alleged the following causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Product Liability – Design Defect; (3) Negligence; (4) Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. *Id*. at 3-4, ¶14.

### vi. *Keith McNeil*

Plaintiff Keith McNeil's Short Form Complaint alleges he was implanted with a Cook Gunther Tulip Vena Cava on July 21, 2007. (Dkt. 1 at 3, ¶¶ 10-11, Case No. 1:19-cv-02890-RLY-TAB). Mr. McNeil filed his Short Form Complaint on July 15, 2019. *See generally, Id*. In his Short Form Complaint, Mr. McNeil incorporated "[t]he Master Complaint in MDL No. 2570 by reference (Document 213)." *Id*. at 1. Mr. McNeil, a Tennessee resident, was implanted with Defendants' defective device in Tennessee and suffered injuries from Defendants' defective device while living in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Mr. McNeil alleged the following causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Product Liability – Design Defect; (3) Negligence; (4) Negligence Per Se; (5) Breach of Express

Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. *Id*. at 3-4, ¶14.

### vii.   Jeffrey Garrett

Plaintiff Jeffrey Garrett's Short Form Complaint alleges he was implanted with a Cook Celect Vena Cava filter on February 9, 2009. (Dkt. 1 at 3, ¶¶ 10-11, 1:19-cv-04703-RLY-TAB). Mr. Garrett filed his Short Form Complaint on November 26, 2019. *See generally, Id*. In his Short Form Complaint, Mr. Garrett incorporated "[t]he Master Complaint in MDL No. 2570 by reference (Document 213)." *Id*. at 1.  Mr. Garrett, a Tennessee resident, was implanted with Defendants' defective device in Colorado and suffered injuries from Defendants' defective device while living in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Mr. Garrett was a resident of Tennessee at the time of implantation of his device. *Id*. Mr. Garrett alleged the following causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Product Liability – Design Defect; (3) Negligence; (4) Negligence Per Se; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. *Id*. at 3-4, ¶14.

### viii.   Addie Burks-Henry

Plaintiff Addie Burks-Henry's Short Form Complaint alleges her Cook Gunther Tulip Vena Cava filter was implanted on December 6, 2006. (Dkt. 1 at 3, ¶¶ 10-11, Case No. 1:20-cv-00330-RLY-TAB). Ms. Burks-Henry filed her Short Form Complaint on January 29, 2020. *See generally, Id*. In her Short Form Complaint, Ms. Burks-Henry incorporated "[t]he Master Complaint in MDL No. 2570 by reference (Document 213)." *Id*. at 1. Ms. Burks-Henry, a current Tennessee resident, was implanted with Defendants' defective device in Tennessee and suffered injuries from Defendants' defective device while living in Tennessee. *Id*. at 1-2, ¶¶ 4-6. Ms. Burks-Henry alleged the following causes of action: (1) Strict Products Liability – Failure to Warn; (2) Strict Product Liability – Design Defect; (3) Negligence; (4)

6

Negligence Per Se; (5) breach of Express Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. *Id.* at 3-4, ¶14.

        ix.  *Estate of Sammy Sadler*[1]

The Short Form Complaint for the Estate of Sammy Sadler alleges Mr. Sadler was implanted with a Cook Gunther Tulip Vena Cava filter on January 17, 2005. (Dkt. 1 at 3, ¶¶ 10-11, 1:19-cv-1156-RLY-TAB). The relevant Short Form Complaint was filed on March 22, 2019 and incorporated "[t]he Master Complaint in MDL No. 2570 by reference (Document 213)." *Id.* at 1. Mr. Sadler was implanted with Defendants' defective device in Tennessee and suffered injuries from Defendants' defective device while living in Tennessee. *Id.* at 1-2, ¶¶ 4-6. Mr. Sadler was a resident of Tennessee at the time of implantation of his device. *Id.* The following causes of action were alleged in the complaint: (1) Strict Products Liability – Failure to Warn; (2) Strict Product Liability – Design Defect; (3) Negligence; (4) Negligence Per Se; (5) breach of Express Warranty; (6) Breach of Implied Warranty; (7) Consumer Fraud and Unfair and Deceptive Trade Practices; and (8) Punitive Damages. *Id.* at 3-4, ¶14.

## II.    ARGUMENT: COOK IS NOT ENTITLED TO DISMISSAL OF PLAINTIFFS' CLAIMS

### a.  Introduction

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.2007); *Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir., 2014). In reviewing a motion to dismiss brought under Federal Rule of Civil Procedure

---

[1] On July 15, 2020, Plaintiff's counsel reached out to Defense counsel to attempt to stipulate to the dismissal of this case at the request of the administrator of the Estate of Sammy Sadler. Defense counsel responded they would circle back to Plaintiff's counsel's email. On July 17, 2020, Plaintiff's counsel followed up again on this request, but has yet to receive confirmation of whether Defense stipulates to the dismissal of this case. Plaintiff's counsel intends to file the stipulation of dismissal at the earliest possible opportunity, after receiving approval from Defense.

12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states

a "claim to relief that is plausible on its face." *See, e.g., Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585,

594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Unless the defendants provide

affirmative evidence to the contrary, the plaintiff's factual allegations must be accepting as true and grant

all reasonable inferences to the non-moving party. *Taxi Connection v. Dakota, Minn. & E. R.R. Corp*.,

513 F.3d 823, 825 (8th Cir.2008).

### b. Cook Failed to Establish that Texas-Based Plaintiffs' Claims are Barred Under Texas Law

Defendants' Motion is legally insufficient to warrant the dismissal of Plaintiffs Caylor and

Saldana's Complaints because Defendants have incorrectly construed Texas' statute of repose by failing

to address its exception. Texas law imposes a 15-year statute of repose in product liability cases,

measured from the date the defendant sold the product. *See* Tex. Code. Ann. § 16.012(c). There is an

exception in the statute reads in relevant part: "(c) If a manufacturer or seller expressly warrants in writing

that the product has a useful safe life of longer than 15 years, a claimant must commence a products

liability action against that manufacturer or seller of the product before the end of the number of years

warranted after the date of the sale of the product by that seller." *Id.*

In addition to the exception where a seller expressly warrants a product will last more than 15

years, the statute provides another exception to the 15 year Statute of repose when the claim is based on

exposure to toxic products (e.g., asbestos). Tex. Code. Ann. § 16.012(c), (d), (d-1).

Here, if the exception applies, Plaintiffs Margaret Caylor and Mary Saldana are authorized to

maintain their cause of actions based on the sale of a defective product where the Defendants have

provided in writing that the product has a useful safe life of longer than fifteen years after the date of sale

of the products by the Defendants, notwithstanding the fact that the action is initiated more than fifteen

8

years from "the date of the first sale."

            i.   *Statute of Repose Does Not Bar Failure to Warn Claims Under the Express*
                *Warranty Exception*
                a.  <u>Margaret Caylor</u>

Plaintiff Margaret Caylor's pleading alleges that the implantation of her Gunther Tulip Vena Cava Filter occurred on January 22, 2004. Pl. Short Form Complaint ¶¶ 10-11, Dkt. 1, Case No. 1:19-cv-3850. Ms. Caylor filed her Short Form Complaint on September 11, 2019. *see generally id*. In her Short Form Complaint, Margaret Caylor "incorporate[d] The Master Complaint in MDL No. 2570 by reference." *Id* at 1.

The Gunther Tulip Vena Cava Filter was designed, approved and sold as a permanent device. The company expressly warranted in writing that the device be used as a permanent device. Because of its permanent nature, no warning was given regarding the useful safe life of the device. In fact, no specific useful safe-life time-frame was ever issued by the manufacturer at all. The Gunther Tulip Vena Cava Filter Patient Guide claims that "the Gunther Tulip Vena Cava Filter is often used as a permanently implanted device." *See* Exhibit 2. The guide further states that "remember, the Gunther Tulip Vena Cava Filter is safe and effective as either a permanent or temporary device." *Id*. The Gunther Tulip Vena Cava Filter Advertisement reads that the filter is "(t)emporary or permanent. Smart Choice." *See* Exhibit 3.

████████████████████████████████████████████████████

████████████████████████████████████  *See* Exhibit 4.

Plaintiff Margaret Caylor alleges that prior to the implantation of the Gunther Tulip Vena Cava Filter she was told by her doctors, Dr. Stephen P. Bowers, Dr. David R. Condie, and Dr. Brian Good, that the device could remain permanent with no long-term side effects. Exhibit 5 Affidavit of Margaret Caylor. She also alleges that she relied on what she was told and the information she was given when consenting to having the Gunther Tulip Vena Cava Filter placed. Exhibit 5 Affidavit of Margaret Caylor.

Since filing her Short Form Complaint on September 11, 2019, Plaintiff has sought to amend her Short

Form Complaint to indicate this reliance on the aforementioned warranty. *See* Exhibit 7, First Amended

Short Form Complaint of Margaret Caylor.

As can be seen by the above, Ms. Caylor was told that she had a permanent Gunther Tulip Vena

Cava Filter. Further, Ms. Caylor relied on the warranty of permanency of the Gunther Tulip Vena Cava

Filter to her detriment as, believing the filter to be permanent, she did not seek removal of her Gunther

Tulip Vena Cava Filter and subsequently suffered severe, pervasive injuries. *See* Exhibit 7 at 5, First

Amended Short Form Complaint of Margaret Caylor. According to confidential documents obtained

from the defense during discovery, Cook did not have FDA approval to sell, market or advertise their

Gunther Tulip device as a temporary or retrieval device. Here, if the exception applies, Ms. Caylor is

authorized to maintain her cause of action based on the sale of a defective product, notwithstanding the

fact that the action is initiated more than fifteen years from "the date of the first sale."

Judgment on the pleadings is proper in cases where there are no genuine issues of material fact.

*See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Because there are issues

of material fact with respect to the application of the Texas Statute of Repose to Ms. Caylor, Defendants

are not entitled to judgment on the pleadings with respect to Ms. Caylor.

b.  <u>Mary Saldana</u>

Plaintiff Mary Saldana's pleading alleges that the implantation of her Gunther Tulip Vena Cava

Filter occurred on January 13, 2003. Pl. Short Form Complaint ¶¶ 10-11 (Dkt. 1, Case No. 1:12-cv-130).

Mary Saldana filed her Short Form Complaint on January 14, 2020. *See generally id*. In her Short Form

Complaint, Mary Saldana "incorporate[d] The Master Complaint in MDL No. 2570 by reference." *Id*. at

1.

The Gunther Tulip Vena Cava Filter was designed, approved and sold as a permanent device.

10

The company expressly warranted in writing that the device be used as a permanent device. Because of its permanent nature, no warning was given regarding the useful safe life of the device. In fact, no specific useful safe-life timeframe was ever issued by the manufacturer at all. The Gunther Tulip Vena Cava Filter Patient Guide claims that "the Gunther Tulip Vena Cava Filter is often used as a permanently implanted device." *See* Exhibit 2. The guide further states that "remember, the Gunther Tulip Vena Cava Filter is safe and effective as either a permanent or temporary device." *See id*. An advertisement for the Gunther Tulip Vena Cava Filter reads the filter is "(t)emporary or permanent. Smart Choice." *See* Exhibit 3.

████████████████████████████████████████████████

████████████████████████████████████████ *See* Exhibit 4.

Ms. Saldana alleges that prior to the implantation of the Gunther Tulip Vena Cava Filter she was told by her doctors, Dr. Bernhardt Rothschild and Dr. Stephen Rush, that the device could remain permanent with no long-term side effects. Exhibit 6, Affidavit of Mary Saldana. She also alleges that she relied on what she was told and the information she was given when consenting to having the Gunther Tulip Vena Cava Filter placed. *Id*. Since filing her Short Form Complaint on January 14, 2020, Plaintiff has sought to amend her Short Form Complaint to indicate this reliance on the aforementioned warranty. *See* Exhibit 8, First Amended Short Form Complaint of Mary Saldana.

As can be seen by the above, Mary Saldana was told that she had a permanent Gunther Tulip Vena Cava filter. Further, Ms. Saldana relied on the warranty of permanency of the Gunther Tulip Vena Cava Filter to her detriment as, believing the filter to be permanent, she did not seek removal of her Gunther Tulip Vena Cava Filter and subsequently suffered severe, pervasive injuries. *See id*. at 5. According to confidential documents obtained from the defense during discovery, Cook did not have FDA approval to sell, market or advertise their Gunther Tulip device as a temporary or retrieval device. Here, if the exception applies, Plaintiff Mary Saldana is authorized to maintain her cause of action based on the sale of a defective product, notwithstanding the fact that the action is initiated more than fifteen

years from "the date of the first sale."

Judgment on the pleadings is proper in cases where there are no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Because there are issues of material fact with respect to the application of the Texas Statute of Repose to Ms. Saldana, Defendants are not entitled to judgment on the pleadings with respect to Ms. Saldana.

> ii. *The Remainder of Plaintiffs' Claims Should Not Be Dismissed Because of Defendants' Post-Sale Duty to Warn and Reckless Disregard for Human Life*

Plaintiffs Caylor and Saldana alleged that Defendants possessed a post-sale duty to warn and that Defendants breached this duty. Master Complaint, Dkt. 213 ¶¶ 38-46 (alleging, inter alia, Defendants learned of defects in their products after initial manufacturing, yet "failed to disclose [these facts] to physicians" and "continued to promote the Cook Filter as safe and effective") and ¶¶ 53-64 (alleging, inter alia, "Defendants had a continuing duty to warn Plaintiffs and their physicians of the dangers associated with the subject products).

To demonstrate Defendants' disregard for life, one only needs to follow their failure to follow recommendations in guidance documents and the standards applicable to their IVC filter designs. These examples include omitting comparison to competitor IVC filters, different testing methods when comparing their own IVC filters, inappropriate study design that included different approaches to tissue storage impacting IVC material properties during testing, and failure to extract clinical implications when analyzing and interpreting test results. Documents further reveal Defendants were not knowledgeable of the worst-case testing scenarios that should have been applied with their Gunther Tulip IVC filter design, and seemed to lack knowledge of important factors influencing the likelihood of perforation.

Discovery has further revealed that Defendant Cook understood the shortcomings of these filters such as tilting, perforation and the potential for impaired retrieval. However, rather than initiate design iterations to mitigate risks in accordance with recommendations in the applicable guidance documents

12

and standards, questionable rationale was implemented and served as the basis for continued next generation device design. Since the purpose of guidance documents and standards established for IVC filters is to protect patients from potential risks that arise from receiving an IVC filter, these actions subsequently led to unnecessary risks such as injury or death in patients receiving a Cook IVC filters.

### c. Cook Failed to Establish that Tennessee-Based Plaintiffs' Claims are Barred Under Tennessee Law
#### i. Defendants Have Incorrectly Construed Tennessee's Statute of Repose in an All-Encompassing Manner

Plaintiffs Thomas Acree, Dominique Haughton, Sammy Sadler, Ronald Osment, Keith McNeil, Jeffrey Garrett, and Addie Burks-Henry, hereinafter "Tennessee-Based Plaintiffs," allege that Defendant possessed a post-sale duty to warn and that Defendants breached this duty. Master Complaint, Docket No. 213 ¶¶ 38-46 (alleging, inter alia, Defendants learned of defects in their products after initial manufacturing yet, "failed to disclosed [these facts] to physicians" and "continued to promote the Cook filter as safe and effective") and ¶¶ 53-64 (alleging, inter alia, "Defendants had a continuing duty to warn Plaintiff and her physician of the dangers associated with the subject products). Thus, Plaintiffs' failure to warn claims should not be dismissed.

Further, it is clear that Tennessee's statute of repose only bars product liability claims brought ten years after the date was purchased. Tenn. Code Ann. § 29-28-103(a). Nowhere in the statute does it state that the statute of repose applies to other causes of action, including but not limited to causes of action sounding in negligence and/or breach of warranty – which were sufficiently plead in each Tennessee-Based Plaintiffs' Short Form Complaints. Short Form Complaint ¶ 14, Dkt No. 1. Case No. 1:18-cv-00947-RLY-TAB; Short Form Complaint ¶ 14, Dkt No. 1. Case No. 1:19-cv-00569-RLY-TAB; Short Form Complaint ¶ 14, Dkt No. 1. Case No. 1:19-cv-02392-RLY-TAB; Short Form Complaint ¶ 14, Dkt No. 1. Case No. 1:19-cv-02890-RLY-TAB; Short Form Complaint ¶ 14, Dkt No. 1. Case No.

1:19-cv-04703-RLY-TAB; Short Form Complaint ¶ 14, Docket No. 1. Case No. Case No. 1:20-cv-00330-RLY-TAB; Short Form Complaint ¶ 14, Docket No. 1. Case No. 1:19-cv-1156-RLY-TAB.

> ii.  *Applicated of the Tennessee Statute of Repose Violates Plaintiff's Right to Equal Protection Under the United States Constitution and the Tennessee State Constitution*

Dismissing the Tennessee-Based Plaintiffs' claims in their entirety in light of the exceptions established for victims of asbestos and silicone gel breast implants injuries would violate the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. U.S Const. amend. XIV, § 1, Tenn. Const. art. XI § 8. Noteworthy is the fact that Defendants' Motion is completely void of any mention to these well-established exceptions. It is undisputed that Plaintiffs are similarly situated by injury and class to those individuals who have suffered from asbestos-related and silicone gel breast implant injuries. Accordingly, Plaintiffs must be provided with the same benefits as these individuals and failure of this Court to apply the well-established exception violates Plaintiffs' right to equal protection.

It is well settled that equal protection under both the U.S. Constitution and Tennessee Constitution requires that all persons similarly situated be treated alike. *Doe v. Norris*, 751 S.W.2d 834, 841 (Tenn. 1988). When evaluating an equal protection claim, Tennessee courts employ a similar analysis under the Class Legislation Clause of the Tennessee Constitution as the Equal Protection Clause of the United States. *Winningham v. Ciba-Geigy Corp.*, 1998 U.S. App. LEXIS 16388, n.5 (6th Cir. 1998). When applying the rational basis analysis, the Court must consider "whether the classifications have a reasonable relationship to a legitimate state interest." *Doe*, 751 S.W.2d at 841. The classification must rest on a reasonable basis. *Harrison v. Shrader*, 569 S.W.2d 822, 825 (Tenn. 1978). Reasonableness, in the equal protection context, depends upon the facts of the case and no general rule can be formulated for its determination. *Estrin v. Moss*, 430 S.W.2d 345 (Tenn. 1968). Courts throughout Tennessee have

14

recognized a general exemption for all latent injury claims are in line with serving Tennessee legislature's intended purpose. *Wyatt v. A-Best Products, Co.*, 924 S.W.2d 98, 106 (Tenn. Ct. App. 1995).

 When applying governing law and analyzing the facts of the present manner, application of the exemption under Tenn. Code Ann. § 29-28-103 is required as Plaintiffs' claims are similarly situated by injury and class to asbestos-related claims and silicone gel breast implant claims. One of the main reasons why the exemption was created is due to the fact that asbestos-related claims and silicone gel breast implant claims have a long latency period before the onset of symptoms related to injury. Similar to the type of injuries suffered by asbestos and silicone gel breast implants, the latency period for those suffering injuries from Defendants' Vena Cava Filters can and often does extend past the 10-year limitations provided in Tenn. Code. Ann. §29-28-103. In the present matters, each Tennessee-Based Plaintiff's injuries were not identified until after each respective statute of repose had passed. Application of a rigid application of the 10 year statute of repose without consideration for the latency period bars innocent individuals, such as these Plaintiffs, from recovery for injuries similar to those previously exempted by Tenn. Code Ann. § 29-28-103, thereby violating the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee Constitution. *See* U.S Const. amend. XIV, § 1, Tenn. Const. art. XI § 8. Additionally, the severe and often debilitating injuries sustained from implantation of Defendants' Vena Cava Filter are similar with those suffered by individuals harmed by asbestos and silicone gel breast implants. The most common injuries suffered from Vena Cava Filter include are not limited to filter migration, organ perforation, stroke, pulmonary embolism and even death. To satisfy Tennessee's legislature's intent of protecting those severely injured after a prolonged latency period, requires an exemption for those individuals, such as Plaintiffs, injured by Defendants' Vena Cava Filter.

 The Tennessee legislature's arbitrary distinctions under Tenn. Code Ann. § 29-28-103 unjustly prevent similarly situated innocent Plaintiffs from recovering while allowing those suffered with

15

asbestos-related injuries or silicone gel breast implant injuries a path to recovery. Due to the similarities in latency of injury, the large number of impacted individuals, and the extreme injuries suffered, there is no rational basis for the distinction between Plaintiffs' claims and those exceptions in the Tennessee statute of repose. Accordingly, application of the statute of repose and dismissing Plaintiffs' complaints, violate the Equal Protection Clause of the United States Constitution and the Class Legislation Clause of the Tennessee State Constitution. U.S. Const. amend. XIV, § 1, Tenn. Const. art. XI, § 8.

     *iii.*   *Tennessee Statute of Response Should Not Apply as it is Contrary to Public Policy*

Defendants have brought their Motion as to Tennessee-Based Plaintiffs on the sole argument that the Tennessee Statute of Repose bars their claims because the Tennessee-Based Plaintiffs are all current residents of Tennessee and resided in Tennessee at the time their Cook Vena Cava filters were implanted. Applying Tennessee's 10-year statute of repose to Plaintiffs would create an inequitable result as public policy would provide that statutes of repose should not apply to claims involving permanent products.

Statutes of repose, enacted by state legislatures, affect the substantive rights of an individual as they set a fixed time within which a defendant may be held liable for a claim. *See Bryant v. Adams*, 448 S.E.2d 832, 835-36 (N.C. Ct. App. 1994). In states where statutes of repose have been enacted, the respective legislatures defines exceptions for when the statute of repose will apply. *See e.g.*, Ga. Code Ann. § 51-1-11(c) (creating an exception for injuries which arise out of conduct which willfully, recklessly, or wantonly disregards life); Fla. Stat. Ann. § 95.031 (creating exceptions for express warranty, fraudulent concealment, among others); Kan. Stat. Ann. § 60-3303 (creating exceptions for express warranty, fraudulent concealment, intentional misrepresentation, among others); Ohio Rev. Code. Ann. § 2305.10 (creating exceptions for fraudulent concealment, express warranty, among others). Cook has continually represented that their IVC filters are intended for permanent use. Public policy would support an argument that statutes of repose were not intent to prevent claims against products intended for permanent use.

16

III.   **CONCLUSION**

For all the reasons stated above, Plaintiffs urge the Court to deny Defendants' motion.

Dated: July 18, 2020                              Respectfully submitted,

/s/ Basil E. Adham
Basil E. Adham
TX Bar No. 24081742
**JOHNSON LAW GROUP**
2925 Richmond Ave., Suite 1700
Houston, Texas 77098
(713) 626-9336 Phone
(713) 626-3394 Fax
ivc@johnsonlawgroup.com
*ATTORNEY FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that on, July 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

Dated: July 18, 2020

/s/ Basil E. Adham
Basil E. Adham

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to:

9 Plaintiffs Listed in Cook Defendants'
Omnibus Motion for Judgment on the
Pleadings Based on Statute of Repose in
Texas and Tennessee

Thomas Acree, 1:18-cv-00947
Dominique Haughton, 1:19-cv-00569
Sammy Sadler, 1:19-cv-00156
Ronald Osment, 1:19-cv-02392
Keith McNeil, 1:19-cv-02890
Jeffrey Garrett, 1:19-cv-04703
Addie Burks-Henry, 1:20-cv-00330
Margaret Caylor, 1:19-cv-03850
Mary Saldana, 1:20-cv-00130

_____

**Exhibit 1 – List of Exhibits**

Exhibit 1 – List of Exhibits

Exhibit 2 – Gunther Tulip Vena Cava Filter Patient Information Booklet

Exhibit 3 – Gunther Tulip Vena Cava Filter Marketing Material

Exhibit 4 – SEALED

Exhibit 5 – Affidavit of Margaret Caylor

Exhibit 6 – Affidavit of Mary Saldana

Exhibit 7 – First Amended Short Form Complaint – Margaret Caylor

Exhibit 8 – First Amended Short Form Complaint – Mary Saldana

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

9 Plaintiffs Listed in Cook Defendants'
Omnibus Motion for Judgment on the
Pleadings Based on Statute of Repose in
Texas and Tennessee

Thomas Acree, 1:18-cv-00947

Dominique Haughton, 1:19-cv-00569

Sammy Sadler, 1:19-cv-00156

Ronald Osment, 1:19-cv-02392

Keith McNeil, 1:19-cv-02890

Jeffrey Garrett, 1:19-cv-04703

Addie Burks-Henry, 1:20-cv-00330

Margaret Caylor, 1:19-cv-03850

Mary Saldana, 1:20-cv-00130

**Exhibit 2 – Gunther Tulip Vena Cava Filter Patient Information Booklet**

GÜNTHER

# TULIP™

VENA CAVA FILTER



Patient Guide

COOK®

# Table of Contents

**Pulmonary Thrombo Embolism** . . . . . . . . . . . . . . . . . . 1

**What Are the Venae Cavae?** . . . . . . . . . . . . . . . . . . . . . 2

**Why Do I Need a Vena Cava Filter?** . . . . . . . . . . . . . . . 3

**Indications for Use** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**The Günther Tulip™ Vena Cava Filter** . . . . . . . . . . . . . 5

**Permanent or Temporary?** . . . . . . . . . . . . . . . . . . . . . . . 6

**Common Questions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Notes** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Glossary of Terms** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

This information has been developed as a general guide for patients receiving the Günther Tulip™ Vena Cava Filter.

The booklet is only a guideline intended to help answer common questions. Each patient's case may vary according to the patient's condition and his/her physician's assessment and preference. If you have specific questions about your condition or treatment, please ask your physician.

## Pulmonary Thrombo Embolism (PE)

When blood clots form in the lower limbs, they can partly block the flow of blood from the legs. This condition is called deep vein thrombosis or DVT.

If a blood clot dislodges and travels through a person's body to his or her lungs, it causes a condition called pulmonary embolism or PE. A pulmonary embolism reduces or blocks your lung's ability to supply oxygen to your body.

A pulmonary embolism can cause shortness of breath with mild exertion, and can impair lung function. It may even cause heart failure or death. Each year, between 50,000 and 200,000 people in the U.S. die from pulmonary embolism.

## What Are the Venae Cavae?



The venae cavae are the two major veins that move blood from the upper and lower body to the heart.

The superior vena cava drains blood from the upper body into the heart. The inferior vena cava, the largest vein in the body, drains blood from the lower body into the heart.

Patient Guide for the Günther Tulip™ Vena Cava Filter

## Why Do I Need a Vena Cava Filter?



Your physician has chosen to give you a device called a *vena cava filter* to protect you from pulmonary embolism.

The vena cava filter is a Tulip-shaped wire device placed inside the vena cava to capture blood clots. Since most blood clots are formed in the legs, a filter placed in the inferior vena cava will capture clots before they migrate to your heart or lungs.

By trapping clots, the vena cava filter helps prevent pulmonary embolism and keeps the lungs functioning properly.

Patient Guide for the Günther Tulip™ Vena Cava Filter    3

## Indications for Use



Your physician has chosen to place a vena cava filter
for one or more of the following reasons:

- You are not a candidate for
  anticoagulant therapy
  (the use of drugs that interfere
  with blood clotting).

- Anticoagulant therapy was not effective
  in treating your blood clot problem.

- Anticoagulation has produced problems
  in your medical care or condition.

If you have any further questions about why you are
receiving a vena cava filter, please discuss them with
your physician.

4 | Patient Guide for the Günther Tulip™ Vena Cava Filter

Case 1:14-cv-02205-RLY-TAB Document 308-20 Filed 06/26/20 Page 26 of 62 Page ID #: 98669
Case 1:14-cv-02205-RLY-TAB Document 308-20 Filed 06/26/20 Page 8 of 13 PageID #: 98669
Page 8 of 13 PageID #: 98669

## The Günther Tulip™ Vena Cava Filter

The Günther Tulip™ Vena Cava Filter was developed by William Cook Europe in cooperation with Dr. Rolf Günther. The filter was initially developed in 1992 for sale in Europe. Since that time, the Günther Tulip™ Vena Cava Filter has been placed in tens of thousands of patients worldwide. The Günther Tulip™ has been available in the United States since 2000.

The filter is implanted in the vena cava without surgery. A physician inserts the filter into the body through a small hole in the femoral vein (in the groin) or the jugular vein (in the neck). Using an imaging device called a fluoroscope, the physician tracks the filter's path through the body and moves it into precise position in the inferior vena cava. Then, the filter expands and secures itself to the wall of the vena cava.

The Günther Tulip™ Vena Cava Filter has been proven to effectively prevent pulmonary embolism.

## Permanent or Temporary?



The Günther Tulip™ Vena Cava Filter is often used as a
permanently implanted device. Patients are able to lead
a normal, active lifestyle, and rarely have complications
from having the filter implanted. The Günther Tulip™
Vena Cava Filter may also be removed if your risk of
pulmonary embolism has diminished. However, there is
a limited amount of time that the filter can be implanted
if it is to be safely removed. Please consult with your
physician to see if he or she plans to retrieve the filter
or leave it in. Remember, the Günther Tulip™ Vena Cava
Filter is safe and effective as either a permanent or
temporary device.

## Common Questions

Q: **What are the possible adverse effects associated with vena cava filter placement?**

A: Possible adverse effects include the following:

- The vena cava filter may move or migrate from its initial implantation site. (Extremely rare)

- The wall of the vena cava could be perforated (punctured) during the procedure. (Extremely rare)

- A hematoma (a swelling or mass of blood caused by a break in a blood vessel) may occur at the access puncture site. (Rare)

- The hooks of the filter can penetrate the vein wall of the inferior vena cava. This is common, and produces a problem only in extremely rare cases.

- Migrating blood clots can obstruct the inferior vena cava and filter, resulting in swelling of the lower extremities.

You should discuss the possible adverse effects of this procedure with your physician.

Q: **What keeps the filter in position after placement?**

A: Tiny hooks penetrate the inferior vena cava wall after placement.

Q: **Should I be concerned about an allergic reaction to my vena cava filter?**

A: There have been no known or reported cases of allergic reactions caused by the Günther Tulip™ Vena Cava Filter.

Q: **Should I be concerned about having an MRI scan?**

A: No. The Günther Tulip™ Vena Cava Filter is made of a special metallic alloy that is MRI compatible. You may have an MRI scan immediately after your filter has been implanted.

## Notes

If you have any questions that are not covered in this booklet, we encourage you to talk to your physician. He or she should always be your primary source of information, and can discuss the details of this procedure and its impact on your health.

Use the space below to record your physician's name and phone number. You may also want to write down any questions, take notes, or keep a record of your discussions with your physician.

Patient name: _____

Date of filter placement: _____.

Physician name: _____

Physician phone #: _____

## Glossary of Terms

**Caval Occlusion** – A blockage of the vena cava caused by blood clots traveling from the lower limbs.

**Embolism** – A blockage in a blood vessel caused by a blood clot or foreign substance in the body.

**Günther Tulip™ Vena Cava Filter** – A cone-shaped filter that looks like a tulip, made from a special metallic alloy, which is implanted in the vena cava. The filter traps blood clots and helps prevent them from traveling to the lungs.

**Hematoma** – A mass of blood outside the blood vessel.

**Inferior Vena Cava** – The largest vein in the body, which drains blood from the lower body into the heart.

**MRI (Magnetic Resonance Imaging)** – An electromagnetic scanner that creates detailed images of the body for diagnosis.

**Pulmonary Embolism (PE)** – A condition in which blood clots have traveled through the lower limbs and have lodged in the lungs.



www.cookgroup.com

**COOK INCORPORATED**
750 Daniels Way, P.O. Box 489, Bloomington, IN 47402-0489 U.S.A.
Phone: 812 339-2235, Toll Free: 800 457-4500
Toll Free FAX: 800 554-8335

© COPYRIGHT COOK INCORPORATED 2003
PG-GTVCF1103

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to:

9 Plaintiffs Listed in Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee

Thomas Acree, 1:18-cv-00947

Dominique Haughton, 1:19-cv-00569

Sammy Sadler, 1:19-cv-00156

Ronald Osment, 1:19-cv-02392

Keith McNeil, 1:19-cv-02890

Jeffrey Garrett, 1:19-cv-04703

Addie Burks-Henry, 1:20-cv-00330

Margaret Caylor, 1:19-cv-03850

Mary Saldana, 1:20-cv-00130

**Exhibit 3 – Gunther Tulip Vena Cava Filter Marketing Material**



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2570

_____

This Document Relates to:


9 Plaintiffs Listed in Cook Defendants'
Omnibus Motion for Judgment on the
Pleadings Based on Statute of Repose in
Texas and Tennessee


Thomas Acree, 1:18-cv-00947

Dominique Haughton, 1:19-cv-00569

Sammy Sadler, 1:19-cv-00156

Ronald Osment, 1:19-cv-02392

Keith McNeil, 1:19-cv-02890

Jeffrey Garrett, 1:19-cv-04703

Addie Burks-Henry, 1:20-cv-00330

Margaret Caylor, 1:19-cv-03850

Mary Saldana, 1:20-cv-00130

_____

**Exhibit 4 – SEALED**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

9 Plaintiffs Listed in Cook Defendants'
Omnibus Motion for Judgment on the
Pleadings Based on Statute of Repose in
Texas and Tennessee

Thomas Acree, 1:18-cv-00947

Dominique Haughton, 1:19-cv-00569

Sammy Sadler, 1:19-cv-00156

Ronald Osment, 1:19-cv-02392

Keith McNeil, 1:19-cv-02890

Jeffrey Garrett, 1:19-cv-04703

Addie Burks-Henry, 1:20-cv-00330

Margaret Caylor, 1:19-cv-03850

Mary Saldana, 1:20-cv-00130

**Exhibit 5 – Affidavit of Margaret Caylor**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

## AFFIDAVIT OF MARGARET CAYLOR

1. I am a resident of Copperas Cove, Texas, am over the age of 18, and am of sound mind.

2. I make these statements based upon my personal knowledge, experience, and recollection. If I were called to testify, I could and would competently testify to the statements in this Affidavit.

3. In January of 2004, under the care of Dr. Steven P. Bowers, I underwent a gastric bypass surgery at Wilford Hall Ambulatory Surgical Center in Lackland, Texas.

4. Prior to surgery, Dr. Bowers informed that there was a possibility that I would need a vena cava filter placed during the gastric bypass surgery. He told me that the filter could remain permanent, with no long-term side effects.

5. The following day, while recovering in the hospital, I was informed by Dr. Bowers that I would need a filter placed in my inferior vena cava to prevent any pulmonary embolisms.

6. Prior to the filter placement, I met with Dr. David R. Condie and Dr. Brian Good and we discussed the procedure and the associated risks, during which I was told that the filter could remain permanent, with no long-term side effects. I relied on what I was told and the information given to me and consented to having a Cook IVC Filter placed.

7. I was implanted with a Cook Gunther Tulip IVC Filter by Dr. Brian Good.

8. During my routine visits, following my gastric bypass, I was never informed by any doctor who treated me that my Cook IVC Filter was not permanent or should be removed.

## **VERIFICATION**

THE STATE OF TEXAS

COUNTY OF Coryell

One this day, before the undersigned notary public, appeared MARGARET CAYLOR, known to me
to be the person who has written her name below and who upon oath, stated that she has read her foregoing
affidavit, and the answers are true and correct.



Margaret Caylor

SWORN AND SUBSCRIBED before me by Margaret Caylor on the 17ᵗʰ day of July
2020, to certify which witness my hand and seal of office.

NATASHA R REPASCH
Notary Public
STATE OF TEXAS
Notary I.D. #12927616-6
My Comm. Exp. Jan. 23, 2021

Natasha Repasch

Notary Public in and for the State of Texas

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to:

9 Plaintiffs Listed in Cook Defendants'
Omnibus Motion for Judgment on the
Pleadings Based on Statute of Repose in
Texas and Tennessee

Thomas Acree, 1:18-cv-00947

Dominique Haughton, 1:19-cv-00569

Sammy Sadler, 1:19-cv-00156

Ronald Osment, 1:19-cv-02392

Keith McNeil, 1:19-cv-02890

Jeffrey Garrett, 1:19-cv-04703

Addie Burks-Henry, 1:20-cv-00330

Margaret Caylor, 1:19-cv-03850

Mary Saldana, 1:20-cv-00130

_____

**Exhibit 6 – Affidavit of Mary Saldana**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

**AFFIDAVIT OF MARY SALDANA**

1.  I am a resident of Beeville, Texas, am over the age of 18, and am of sound mind.

2.  I make these statements based upon my personal knowledge, experience, and recollection. If I were called to testify, I could and would competently testify to the statements in this Affidavit.

3.  In January of 2003, under the care of Dr. Bernhardt Rothschild, I underwent a total hysterectomy at Corpus Christi Medical Center in Corpus Christi, Texas.

4.  While recovering, I experienced shortness of breath and chest pain and several studies revealed a diagnosis of acute pulmonary embolism. I was given Lovenox therapy by Dr. Tom Dorrell.

5.  I suffered a massive hematoma at this time, which required a blood transfusion and surgery.

6.  Prior to surgery, I met with Dr. Rothschild and Dr. Stephen Rush and was informed that I would need a filter placed in my inferior vena cava. Dr. Rothschild and Dr. Stephen Rush told me that the filter could remain permanent, with no long-term side effects. I relied on what I was told and the information given to me and consented to having a Cook IVC Filter placed.

7.  I was implanted with a Cook Gunther Tulip IVC Filter by Dr. Carlos Rio.

8.  Immediately following filter placement, Dr. Rothschild and Dr. Rush performed surgery.

9.  Once discharged from the hospital, I had follow up visits to evaluate my hematoma and hysterectomy. During these follow ups, I was never informed by any doctor who treated me that my Cook IVC Filter was not permanent or should be removed.

## VERIFICATION

THE STATE OF TEXAS

COUNTY OF _Dee_

One this day, before the undersigned notary public, appeared MARY SALDANA, known to me to be the person who has written her name below and who upon oath, stated that she has read her foregoing affidavit, and the answers are true and correct.

_Mary Saldana_

Mary Saldana

SWORN AND SUBSCRIBED before me by Mary Saldana on the _17_ day of _July_ 2020, to certify which witness my hand and seal of office.

MARY LOU RIVAS
Notary ID #3753101
My Commission Expires
March 9, 2023

Notary Public in and for the State of Texas

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

9 Plaintiffs Listed in Cook Defendants'
Omnibus Motion for Judgment on the
Pleadings Based on Statute of Repose in
Texas and Tennessee

Thomas Acree, 1:18-cv-00947

Dominique Haughton, 1:19-cv-00569

Sammy Sadler, 1:19-cv-00156

Ronald Osment, 1:19-cv-02392

Keith McNeil, 1:19-cv-02890

Jeffrey Garrett, 1:19-cv-04703

Addie Burks-Henry, 1:20-cv-00330

Margaret Caylor, 1:19-cv-03850

Mary Saldana, 1:20-cv-00130

## Exhibit 7 – First Amended Short Form Complaint – Margaret Caylor

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to Plaintiff(s)
Margaret Leona Caylor

Civil Case # 1:19-cv-3850

## AMENDED SHORT FORM COMPLAINT

COMES NOW the Plaintiff(s) named below, and for Complaint against the Defendants named below, incorporate The Master Complaint in MDL No. 2570 by reference (Document 213). Plaintiff(s) further show the court as follows:

1. Plaintiff/Deceased Party:

   Margaret Leona Caylor

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   N/A

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   N/A

4. Plaintiff's/Deceased Party's state of residence at the time of implant:

   Texas

1

5. Plaintiff's/Deceased Party's state of residence at the time of injury:

   Texas

6. Plaintiff's/Deceased Party's current state of residence:

   Texas

7. District Court and Division in which venue would be proper absent direct filing:

   Texas Western District Court - Fort Hood, TX

8. Defendants (Check Defendants against whom Complaint is made):

   ☑ Cook Incorporated

   ☑ Cook Medical LLC

   ☑ William Cook Europe ApS

9. Basis of Jurisdiction:

   ☑ Diversity of Citizenship

   ☐ Other: _____

   a. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

   Venue: Paragraph 27

   Subject Matter Jurisdiction: Paragraph 23

   Personal Jurisdiction: Paragraphs 24 and 26

   b. Other allegations of jurisdiction and venue:

   _____

   _____

   _____

2

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim

(Check applicable Inferior Vena Cava Filters):

☑ Günther Tulip® Vena Cava Filter

☐ Cook Celect® Vena Cava Filter

☐ Gunther Tulip Mreye
☐ Cook Celect Platinum
☐ Other: _____

11. Date of Implantation as to each product:

01/22/2004
_____

_____

12. Hospital(s) where Plaintiff was implanted (including City and State):

Wilford Hall Ambulatory Surgical Center - Lackland, TX
_____

_____

13. Implanting Physician(s):

Brian Good
_____

_____

_____

_____

14. Counts in the Master Complaint brought by Plaintiff(s):

☑ Count I:      Strict Products Liability – Failure to Warn

☑ Count II:     Strict Products Liability – Design Defect

☑ Count III:    Negligence

☑ Count IV:     Negligence Per Se

3

☑ Count V:      Breach of Express Warranty

☑ Count VI:      Breach of Implied Warranty

☑ Count VII:      Violations of Applicable _____Texas_____ (insert State)

Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade

Practices

☐ Count VIII:      Loss of Consortium

☐ Count IX:      Wrongful Death

☐ Count X:      Survival

☑ Count XI:      Punitive Damages

☐ Other:      _____ (please state the facts supporting

this Count in the space, immediately below)

☑ Other:      _____ (please state the facts supporting

this Count in the space, immediately below)

Defendants Expressly and Impliedly Warranted that the Cook IVC Filter was a permanent lifetime implant

and downplayed the risks associated with migration, perforation, tilt, fracture, and other risks relied upon

by the Plaintiff to her detriment. Plaintiff further suffered extreme pain and suffering from strut perforation

of the vena cava wall. Several of the struts are positioned extremely close to the aorta.

15. Attorney for Plaintiff(s):

Basil E. Adham, Johnson Law Group

16. Address and bar information for Attorney for Plaintiff(s):

Basil E. Adham (TX Bar No. 24081742)

Johnson Law Group, 2925 Richmond Ave., Suite 1700

Houston, Texas 77098

Respectfully submitted,

/s/ Basil E. Adham

Basil E. Adham
TX Bar No 24081742
Johnson Law Group
2925 Richmond Ave., Suite
1700 Houston, TX 77098
Telephone: (713) 626-9336
Facsimile: (713) 626-3394

5

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

9 Plaintiffs Listed in Cook Defendants'
Omnibus Motion for Judgment on the
Pleadings Based on Statute of Repose in
Texas and Tennessee

Thomas Acree, 1:18-cv-00947

Dominique Haughton, 1:19-cv-00569

Sammy Sadler, 1:19-cv-00156

Ronald Osment, 1:19-cv-02392

Keith McNeil, 1:19-cv-02890

Jeffrey Garrett, 1:19-cv-04703

Addie Burks-Henry, 1:20-cv-00330

Margaret Caylor, 1:19-cv-03850

Mary Saldana, 1:20-cv-00130

---

**Exhibit 8 – First Amended Short Form Complaint – Mary Saldana**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to Plaintiff(s)
Mary Saldana

Civil Case # 1:20-cv-00130-RLY-TAB

**AMENDED SHORT FORM COMPLAINT**

COMES NOW the Plaintiff(s) named below, and for Complaint against the Defendants
named below, incorporate The Master Complaint in MDL No. 2570 by reference (Document
213). Plaintiff(s) further show the court as follows:

1. Plaintiff/Deceased Party:

   Mary Saldana

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium
   claim:

   N/A

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   N/A

4. Plaintiff's/Deceased Party's state of residence at the time of implant:

   Texas

1

5. Plaintiff's/Deceased Party's state of residence at the time of injury:

   Texas
   _____

6. Plaintiff's/Deceased Party's current state of residence:

   Texas
   _____

7. District Court and Division in which venue would be proper absent direct filing:

   Texas Southern District Court - Corpus Christi, Texas
   _____

8. Defendants (Check Defendants against whom Complaint is made):

   ☑ Cook Incorporated

   ☑ Cook Medical LLC

   ☑ William Cook Europe ApS

9. Basis of Jurisdiction:

   ☑ Diversity of Citizenship

   ☐ Other: _____

   a. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

   Venue: Paragraph 27
   _____

   Subject Matter Jurisdiction: Paragraph 23
   _____

   Personal Jurisdiction: Paragraphs 24 and 26
   _____

   b. Other allegations of jurisdiction and venue:

   _____

   _____

   _____

2

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim

(Check applicable Inferior Vena Cava Filters):

☑    Günther Tulip® Vena Cava Filter

☐    Cook Celect® Vena Cava Filter

☐    Gunther Tulip Mreye
☐    Cook Celect Platinum
☐    Other: _____

11. Date of Implantation as to each product:

01/13/2003
_____

_____

12. Hospital(s) where Plaintiff was implanted (including City and State):

Corpus Christi Medical Center - Corpus Christi, TX
_____

_____

13. Implanting Physician(s):

Carlos Rio, MD
_____

_____

_____

_____

14. Counts in the Master Complaint brought by Plaintiff(s):

☑    Count I:      Strict Products Liability – Failure to Warn

☑    Count II:     Strict Products Liability – Design Defect

☑    Count III:    Negligence

☑    Count IV:     Negligence Per Se

3

☑ Count V:       Breach of Express Warranty

☑ Count VI:      Breach of Implied Warranty

☑ Count VII:     Violations of Applicable _____Texas_____ (insert State)

Law  Prohibiting  Consumer  Fraud  and  Unfair  and  Deceptive  Trade

Practices

☐ Count VIII:    Loss of Consortium

☐ Count IX:      Wrongful Death

☐ Count X:       Survival

☑ Count XI:      Punitive Damages

☐ Other:         _____ (please  state  the  facts  supporting

this Count in the space, immediately below)

☑ Other:         _____ (please  state  the  facts  supporting

this Count in the space, immediately below)

Defendants Expressly and Impliedly Warranted that the Cook IVC Filter was a permanent lifetime implant

and downplayed the risks associated with migration, perforation, tilt, fracture, and other risks relied upon

by the Plaintiff to her detriment. Plaintiff further suffered extreme pain and suffering from struts perforating

the inferior vena cava wall.

15. Attorney for Plaintiff(s):

Basil E. Adham, Johnson Law Group

16. Address and bar information for Attorney for Plaintiff(s):

4

Basil E. Adham (TX Bar No. 24081742)

Johnson Law Group, 2925 Richmond Ave., Suite 1700

Houston, Texas 77098

Respectfully submitted,

/s/ Basil E. Adham

Basil E. Adham
TX Bar No 24081742
Johnson Law Group
2925 Richmond Ave., Suite
1700 Houston, TX 77098
Telephone: (713) 626-9336
Facsimile: (713) 626-3394