# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Mark Priesmeyer
    No. 1:19-cv-00964
Rocco Yedman
    No. 1:17-cv-02720

## COOK DEFENDANTS RESPONSE TO PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND SHORT-FORM COMPLAINTS

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS ("Cook" or "the Cook Defendants") urge the Court to deny Plaintiffs Mark Priesmeyer's and Rocco Yedman's motions for leave to amend their short form complaints. *See* Dkts. 15040, 15041. Plaintiffs' supposed amendment to "conform to the evidence" misapprehends Rule 15(b) and has no application here. And although Plaintiffs assert that their proposed amendments are intended to bring their complaints into compliance with Rule 9(b)'s particularity requirement, the proposed amended Short Form Complaints still would not comply with Rule 9(b). Plaintiffs' proposed amendments would therefore be futile, and the Court should deny Plaintiffs' motions.

## ARGUMENT

The Court should deny Plaintiffs' motions to amend their complaints.

A. **The Standard for Amendment.**

Although as a general rule courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), courts nevertheless "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).  A district court does not abuse its discretion by denying a motion for leave to amend when the plaintiff fails to establish that the proposed amendment would cure the deficiencies identified in the earlier complaint. *See, e.g., Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011) ("After reviewing the record below and the allegations on appeal, we have no reason to believe that an amendment would not be futile in this case."); *Foster v. Page 12DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("[A] district court may deny a motion to amend 'if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss....'" (quoting *Crestview Vill. Apartments v. United States Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004))).

A motion to amend a pleading likes Plaintiffs' motions here must state with particularity the grounds on which the amendment is sought. *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1139 (7th Cir. 1986) ("A motion to amend should state with particularity the grounds for the motion and should be accompanied by the proposed amendment."); Fed. R. Civ. P. 7(b)(1)(b).  Here, Plaintiffs offer two grounds for the proposed amendments:

3. Plaintiff requests leave to amend the pleadings to conform them to the evidence.
4. Plaintiff specifically requests leave to amend his existing consumer fraud and misrepresentation claims to allege particular facts, as required by Fed. R. Civ. P. 9(b).

Dkt. 15040 at 1; Dkt. 15041 at 1.  Neither of these grounds justifies amendment here.

US.130743001.03

      **B.**      **Rule 15(b)(2)'s Amendment "to conform to the evidence" does not apply here.**

The portion of Rule 15 that permits amendment of pleadings to conform to the evidence does not apply here. By its terms, it addresses only amendment during or after trial to reflect issues that parties tried by express or implied consent. The Rule states:

> 15(b) ***Amendments During and After Trial.***
> \*\*\*
> **(2) *For Issues Tried by Consent.*** When an issue not raised by the ***pleadings is tried by the parties' express or implied consent***, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings ***to conform them to the evidence*** and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2) (emphases added); *see also Pickford Corp. v. De Luxe Labs., Inc.*, 169 F. Supp. 118, 120 (S.D. Cal. 1958) (permitting amendment of pleading to add issue that "was tried, if not by the express consent, at least by the implied consent of all the parties"). The purpose of the rule is to align the pleadings to conform to the issues actually tried. *See, e.g., Cole v. Layrite Products Co.*, 439 F.2d 958, 961 (9th Cir. 1971); *Monod v. Futura, Inc.*, 415 F.2d 1170, 1174 (10th Cir. 1969). The ultimate goal is to avoid the "tyranny of formalism" and avoid the need for new trials. *Rosden v. Leuthold*, 274 F.2d 747, 750 (D.C. Cir. 1960); *Falls Industries, Inc. v. Consolidated Chemical Industries, Inc.*, 258 F.2d 277, 285 (5th Cir. 1960).

This rule permitting amendment of pleadings necessary to conform them to the evidence is applicable only where it clearly appears from the record that an issue not raised in the pleadings and not preserved in pretrial order has in fact been tried and that such procedure has been authorized by express or implied consent of the parties. *See Systems Inc. v. Bridge Electronics Co.*, 335 F.2d 465, 466-67 (3d Cir. 1964). Here, there has been no trial and there is no evidence in the record to which the pleadings could be made to conform. This ground for amendment does not apply here, and the Court should deny Plaintiffs' motion.

     **C.**     **Plaintiffs' Proposed Amendments Do Not Cure Their Failure to Plead Their Fraud Claims with the Required Particularity Required by Rule 9(b), and the Court Should Deny Their Motions to Amend as Futile.**

Plaintiffs' second stated ground—to bring their state consumer fraud claims into compliance with the particularity requirement of Rule 9(b)—also fails. Plaintiffs' proposed amended complaints would not comply with Rule 9(b)'s particularity requirement, and the amendment would therefore be futile.

To plead an allegation of fraud with the particularity required by Rule 9(b), "[t]he plaintiff must describe the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.'" *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir., 2018) (quoting *United States ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)). A plaintiff must allege at least the specific circumstances of the alleged fraud – the who, what, and how – to meet the particularity requirement. *See, e.g., Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008); *Pitts v. Unarco Industries, Inc.*, 712 F.2d 276 (7th Cir. 1983).

Here, Plaintiffs' proposed amendments do not allege the who, what, when, where, and how of any supposed misrepresentations. Plaintiffs' new allegations do not allege *who* on behalf of Cook made representations to the Plaintiffs, *when* those representations were made, *where* the communications occurred, or *how* the information was communicated. *See* Dkt. 15040-1 at 5-7; Dkt. 15041-1 at 5-7. Indeed, the proposed amendments do not even allege *what* was communicated to Plaintiffs; they allege only that something was *not* communicated, but even there they provide no context. *See id.*

The lack of particularity in Plaintiffs' proposed amended pleadings is emphasized by the cookie-cutter allegations they offer. As noted above, a properly plead claim of consumer fraud provides the specific allegations of where, when, and how a defendant made particular

- 4 -

US.130743001.03

representations to the particular plaintiff.  Yet every single allegation that Plaintiffs' proposed amendments make concerning Cook's conduct is exactly the same, tracking the same language verbatim.  *See* Dkt. 15040-1 at 4-5; Dkt. 15041-1 at 4-5.[1]  General allegations like these, which supposedly apply equally to multiple Plaintiffs, are the antithesis of pleading with particularity.

In reality, Plaintiffs' proposed amendments do not state a claim for consumer fraud at all, but merely restate their claims of failure to warn.  Plaintiffs' proposed amendments allege that Cook knew or should have known of risks of the filters and that Cook failed to advise doctors of those risks.  This is in substance the same as the factual allegations in the Master Complaint on which Plaintiffs base their failure to warn claim.  *See* Dkt. 213 ¶¶ 29-52.  In other words, Plaintiffs proposed amendments fail to allege fraud with particularity because they do not truly allege fraud at all.

The failure of Plaintiffs' proposed amendments to plead their consumer fraud claims with the required particularity is fatal to the claims.  *See, e.g., Windy City Metal Fabricators v. Cit Technical*, 536 F.3d 663, 669 (7th Cir. 2008) (affirming dismissal of claim under Illinois Consumer Fraud Act where complaint failed to allege "who made the fraudulent statement, when the fraudulent statement was made, and how the fraudulent statement was made").  And because the proposed amendments would not cure the deficiencies in the pleading of their consumer fraud claims, the amendment would be futile, and the Court should deny the motion.  *See Foster*, 545 F.3d at 584; *U.S. ex rel. Raynor v. National Rural Utilities Co-op. Finance, Corp.*, 690 F.3d 951, 958 (8th Cir. 2012) (holding that futility of amendment was valid reason for denying motion for leave to amend the complaint under the False Claims Act absent explanation of how amended complaint would comply with heightened requirement of pleading fraud with particularity);

---

[1] Cook notes that the proposed amended Short-Form Complaints attached to Plaintiffs' motions refer to the contents of documents marked confidential, and therefore should have been filed under seal.

US.130743001.03

*380544 Canada, Inc. v. Aspen Technology, Inc.*, 633 F.Supp.2d 15, 36-37 (S.D.N.Y. 2009) (denying motion to replead based on failure to plead fraud claims with required particularity). and to raise strong inference of scienter.

## CONCLUSION

For the reasons set out above, the Cook Defendants respectfully request that this Court deny Plaintiffs' motions for leave to amend their Short Form Complaints.

Respectfully submitted,

Dated: December 24, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH, LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegredrinker.com
E-Mail:  jessica.cox@faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH, LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegredrinker.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I certify that on December 24, 2020, a copy of the foregoing submission was filed electronically. Parties may access this filing through the Court's electronic records system.

                                          */s/ Andrea Roberts Pierson*
                                          Andrea Roberts Pierson

US.130743001.03