**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                   Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                    MDL No. 2570

_____

This Document Relates to:

| | |
|---|---|
| Aiken 1:19-cv-02294; | McCall 1:19-cv-01341 |
| Anderson 1:18-cv-03034 | McClung 1:18-cv-03421 |
| Antaya 1:18-cv-03379 | Meyers-Irwin 1:18-cv-01280 |
| Bachmann 1:19-cv-03184 | Obryan 1:18-cv-00722 |
| Ball 1:19-cv-01570 | Ortega 1:19-cv-04089 |
| Banks 1:19-cv-02372 | Paul 1:19-cv-01437 |
| Blakey 1:18-cv-01739 | Pokornik 1:18-cv-03847 |
| Bourassa 1:18-cv-03824 | Queen-Jackson 1:19-cv-04518 |
| Bruce 1:18-cv-01160 | Reda 1:18-cv-02823 |
| Bubb 1:19-cv-00154 | Roberson 1:18-cv-01720 |
| Carter 1:19-cv-02437 | Roberts 1:19-cv-04094 |
| Creese 1:19-cv-02383 | Rodriguez 1:19-cv-01614 |
| Croft 1:19-cv-03711 | Silvia 1:18-cv-01281 |
| Dodd 1:18-cv-01674 | Spangler 1:19-cv-00168 |
| Erdly 1:19-cv-02296 | Speech 1:18-cv-03643 |
| Johnson 1:18-cv-03385 | Sutherland 1:18-cv-03098 |
| Jordan 1:18-cv-03207 | Thompson 1:18-cv-03113 |
| Krnach 1:18-cv-03123 | Vasquez 1:19-cv-00170 |
| Lewis 1:18-cv-03625 | Wakefield 1:19-cv-03715 |
| Lund 1:18-cv-03565 | Wetherbee 1:19-cv-00101 |
| Maciag 1:20-cv-00302 | Zabel 1:18-cv-03102 |
| Mata 1:18-cv-03890 | Zarate 1:18-cv-02179 |

_____

## THE COOK DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINTS

Over the last two weeks one law firm has unilaterally filed Amended Short-Form

Complaints on behalf of the scores of individual Plaintiffs listed above. In each case, the only

change made by the amended complaint is the addition of a new joinder in the Master Complaint's

1

claim of fraudulent concealment. *Compare, e.g.*, Case 1:19-cv-02294-TWP-MPB Dkt. 1 at 4 (A. Aiken Short-Form Complaint) *with* Dkt. 15256 at 4 (A. Aiken Amended Short Form Complaint); *see also* Dkt. 213 ¶¶ 195-200 (Master Complaint's fraudulent concealment allegations).    But Plaintiffs filed these Amended Short-Form Complaints without consulting with Cook, without obtaining the Court's permission, and without alleging any new facts to support the claims of fraudulent concealment, much less the pleading "with particularity" required by Rule 9(b).  The Cook Defendants[1] therefore move the Court to strike Plaintiffs' unauthorized and unjustified Amended Short-Form Complaints.[2]

## ARGUMENT

1. **The Court Should Strike the Amended Complaints for Failure to Comply with Rule 15(a).**

The Court should strike Plaintiffs' Amended Short-Form Complaints because Plaintiffs failed to comply with the procedures Rule 15 requires for the amendment of pleadings.  Rule 15(a) provides that a party may amend its complaint once as a matter of course within 21 days or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f).  Otherwise, "**a party may amend its pleading only with the opposing party's written consent or the court's leave**."  Fed. R. Civ. P. 15(a)(2) (emphasis added).  Plaintiffs' Amended Short-Form Complaints here did not comply with any of these avenues to amendment.

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS (collectively "Cook Defendants").

[2] The list of Plaintiffs in the caption above includes all the Plaintiffs who had filed unauthorized "Amended Short-Form Complaints" as of the filing of this motion.  Should additional Plaintiffs improperly file Amended Short-Form Complaints after Cook files this motion, Cook will provide the Court with an updated list of Plaintiffs who have improperly filed Amended Short-Form Complaints prior to the hearing on the motion.

First, none of these Plaintiffs filed their Amended Short-Form Complaints within 21 days of filing their original complaints.  On the contrary, all of these Plaintiffs' original complaints were filed many months or years ago.  Second, none of these Plaintiffs filed their Amended Short-Form Complaints with 21 days of Cook's pleadings responsive to those original Complaints.  In this MDL, the Court has ordered that the filing of an appearance by the Cook Defendants constitutes service of a responsive pleading.  *See* Dkt. No. 318, Notice of Agreement ("Defendant's Appearance alone shall serve as a general denial of the allegations contained in the Short Form Complaint and confirmation that Defendants adopt the Master Answer and Affirmative Defenses which shall be filed by Defendants on or before April 15, 2015.").  Again, Cook filed its Notices of Appearance in all the cases here months or years ago, and Plaintiffs did not file their Amended Short-Form Complaints within 21 days after the filing of those Notices.

Third, none of the Plaintiffs identified in the caption above obtained the written consent of Cook to serve amended complaints, and nothing in any of their filings suggests otherwise. Plaintiffs are well aware that Cook would not have consented to any amendment adding such a vague claim of fraudulent concealment; as discussed below, and as detailed at length in Cook's pending motion for partial summary judgment, such claims fail for lack of compliance with Rule 9(b)'s requirement of particularized pleading.  *See* Dkt. 13649.

Finally, the docket gives no hint that any of these Plaintiffs ever moved the Court for leave to file an Amended Complaint, much less that the Court granted such leave.

Plaintiffs thus failed to comply with the requirements of Rule 15 for amending their complaints, and that failure renders their amended complaints legally null.  *Friedman v. Vill. of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985) ("Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity."); *Geitz v. Lane*, 946 F.2d 897 (7th Cir.

1991), citing *Friedman*, 763 F.2d at 239 ("[Plaintiff] filed the amendment without seeking either leave of court or written consent of the state, and therefore his amendment was a nullity.").  The Court should therefore strike Plaintiffs' Amended Short-Form Complaints.

## 2.  The Amendments Should Also Be Stricken as Futile.

Even assuming for the sake of argument that Plaintiffs had moved the Court for permission to amend their Complaints as required by Rule 15, the Court should nevertheless deny that motion and strike these Amended Short-Form Complaints because the proposed amendments are futile. District courts have broad discretion to deny motions to amend where the proposed amendment would be futile.  *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).  A proposed amendment is futile if it fails to state a viable claim and could not survive a motion to dismiss.  *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  Here, Plaintiffs' proposed amendments are futile because they fail to meet the heightened pleading standard necessary to sustain a claim for fraudulent concealment.

Because pleading is procedural, the federal rules govern pleading requirements in federal courts.  "To invoke the fraudulent concealment doctrine, a plaintiff must…'plead with particularity the circumstances surrounding the concealment.'" *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988) (quoting *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir.1978)). To plead an allegation of fraud with the particularity required by Rule 9(b), plaintiff must allege at least the specific circumstances of the alleged fraud – the who, what, and how – to meet the particularity requirement. *See, e.g., Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008); *Pitts v. Unarco Industries, Inc.*, 712 F.2d 276 (7th Cir. 1983).  This requirement of particularized pleadings applies as well to claims of fraudulent

concealment like those in the Amended Short-Form Complaints that Plaintiffs filed here.  *See, e.g.,* *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008) (affirming dismissal of fraudulent concealment claim where "the plaintiffs had failed to plead who had made a fraudulent statement, when the fraudulent statement was made and how the fraudulent statement was communicated"); *Pitts v. Unarco Industries, Inc.*, 712 F.2d 279 (7th Cir. 1983) (holding fraudulent concealment was not plead with sufficient particularity where the "only particular conduct charged … is that defendants withheld information from the public").

The allegations in Plaintiffs' Amended Short-Form Complaints are not plead with the particularity required by Rule 9(b).  The proposed amendment in each amended short-form complaint is the same; Plaintiffs attempt to add fraudulent concealment claims by merely checking a box on their amended short-form complaints and writing in "Fraudulent Concealment."  *See, e.g.*, Dkt. No. 15297 at 4 (H. Ortega Amended Short-Form Complaint).

This attempted pleading of fraudulent concealment is indefinite and non-specific, and it provides none of the detail necessary to state a claim sufficient to toll the statute of limitations. Plaintiffs do not even minimally plead that the Cook Defendants were aware of Plaintiffs' injuries or that the Cook Defendants fraudulently concealed from Plaintiffs the existence of their causes of action against the Cook Defendants, and they recite none of the allegations this Court has already said would be necessary for a Plaintiff to properly plead fraudulent concealment.[3]  *See* File No. 1:19-cv-05030-RLY-TAB Dkt. No. 9 ("This court has held on previous occasions that the allegations of the Master Complaint are insufficient to establish fraudulent concealment.")

---

[3] For a more detailed explanation of why Plaintiffs' pleadings fail to meet Rule 9(b)'s heightened pleading standard, the Cook Defendants incorporate by reference Dkt. No. 13649, Cook Defendants' Memorandum in Support of Partial Dismissal or Summary Judgment on Claim of Fraudulent Concealment.

(citing Dkt. Nos. 5575, 13187, 14809).  Plaintiffs' amendments therefore fail to adequately state

a claim for fraudulent concealment, and as a result, they are futile and should be stricken.  *Heng*,

849 F.3d at 354; *Arreola*, 546 F.3d at 796.

## CONCLUSION

Well-established Seventh Circuit law dictates that Plaintiffs' failure to comply with Rule

15(a) when amending their short-form complaints renders their Amended Short-Form Complaints

legally null.  Moreover, Plaintiffs' proposed amendments would be futile because their allegations

of fraudulent concealment are not plead with the particularity required by Rule 9(b).  Accordingly,

the Cook Defendants respectfully request that the Court strike Plaintiffs' Amended Short-Form

Complaints pursuant to Rule 12(f).

Respectfully submitted,

Dated: December 28, 2020

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH, LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-Mail:  andrea.pierson@faegredrinker.com
E-Mail:  jessica.cox@faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH, LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Facsimile: (260) 460-1700
stephen.bennett@faegredrinker.com

*Counsel for the defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 28, 2020, a copy of the foregoing **THE COOK DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINTS** was filed electronically.  Parties may access this filing through the Court's electronic records system.

<u>/s/ Andrea Roberts Pierson</u>
Andrea Roberts Pierson