IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)

ROCCO YEDMAN

Civil Case # 1:17-cv-02720

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO AMEND SHORT FORM COMPLAINT

Plaintiff, by counsel, files this reply brief in response to Defendant's Response to Plaintiff's Motion for Leave to Amend Short-Form Complaint. Plaintiff has properly pled unfair and deceptive acts and practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL). Under the UTPCPL, a consumer must show that (1) they purchased or leased a good primarily for consumer purposes; (2) they suffered some ascertainable loss; and (3) the loss resulted from an unlawful method, act, or practice under the law. 73 Pa. Stat., § 201-1, *et seq*. Plaintiff has pled each element of his claim for unfair and deceptive acts with the required particularity.

Defendant's contention that Plaintiff's amendment does not allege his consumer protection claims with the particularity required by Rule 9(b), and is therefore futile, is incorrect. Defendant only cites to part of the Seventh Circuit's rule regarding 9(b) particularity requirements and neglects established Seventh Circuit. Plaintiff has squarely pled consumer fraud with the heightened particularity required by Rule 9(b).

Defendant accurately informs the court that, to allege consumer fraud under Rule 9(b), the overarching rule adopted by the Seventh Circuit is that plaintiff must "describe" the "who, what, when and how" of the fraud. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). However, Defendant conveniently omits the remainder of the rule. "What constitutes 'particularity,' however may depend on the facts of a given case." *Id.* at 839-40 (*citing Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreens Co.*, 631 F.3d 436, 442 (7th Cir. 2011). The court in *Pirelli* more specifically noted:

> [B]ecause courts and litigants often erroneously take an overly rigid view of the [who, what, when, where, and how] formulation, we have also observed that the requisite information…may vary on the facts of a given case.

*Pirelli*, 631 F.3d at 442. *See also Emery v. Am. Gen. Fin. Inc.*, 134 F.3d 1321, 1324 (7th Cir. 1998) (**requiring flexibility when pre-litigation information is not in plaintiff's control**); *In re HealthCare Compare Corp. Secs. Litig.*, 75 F.3d 276, 285 (7th Cir. 1996) (Ripple, J., dissenting) (observing that reasonable minds may disagree on the adequacy of a fraud averment). In this regard, the *Pirelli* court noted that the adoption of the Federal Rules of Procedure was a purposeful and deliberate "departure from prior pleading regimes that emphasized form for form's sake." *Pirelli*, 631 F.3d at 442 (*citing* 2 James Wm. Moore, MOORE'S FED. PRACTICE §9.03, at 9-18 (3d ed. 2010).

"Although 'plaintiffs are not absolutely required to plead the specific date, place, or time of the fraudulent acts,' what is required is "some…means of injecting precision and some measure of substantiation into their allegations of fraud." What needs be reflected in a pleading for fraud is a "careful pretrial investigation" for the purpose of "minimiz[ing] the risk of damage

associated with a baseless claim." *Berkowitz*, 896 F.3d at 840 (*citing Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty*, 412 F.3d 745, 748-49 (7th Cir. 2005)).

In his amended complaint, Plaintiff sets forth 19 new paragraphs describing with particularity—precision and measurable substantiation—each element of his claim—consumption; loss; and loss resulting from an unlawful method, act, or practice under the law—Cook's conduct in operatively marketing its Gunther Tulip filter as safe and effective with active, deliberate concealment of the fact, and Cook's knowledge, that the filter lacked efficacy evidence and that the filter increased the risk of particular adverse events;. *See* 73 Pa. Stat., § 201-1, *et seq*. Plaintiff further describes the who—Cook—and the what, how, and when, including a timeline of events from 2006 to the present, by which Cook actively concealed its knowledge of risk and held out through marketing and its IFU the Tulip's safety, thereby causing Plaintiff injury. *See* Plaintiff's Amended Short Form Complaint, at ¶ 15 (a-s). Moreover, Plaintiff alleges justified reliance, alleging that "Dr. Sanchez implanted, and Plaintiff agreed to have implanted, the Gunther tulip filter in reliance on Cook's statements, including those in the Gunther Tulip IFU." Pa. UTPCPL, 73 P.S. § 201-1, *et seq*.

Defendant's contention that Plaintiff failed to allege *what* was communicated to Plaintiff is plainly wrong. For *example*, at ¶ 15 c, Plaintiff alleged that Cook marketed its device, in Cook's words, "for the prevention of pulmonary embolism." After describing Cook's knowledge of adverse events and Cook's—including Cook's Medical Science Officer's, James Gardner's—knowledge and statements that its consumers were spending an "increasing amount of money" on the placement and retrieval of Cook's filters without clinical evidence that the filters "actually improve patient outcomes," Plaintiff, at ¶ 15 (e-f), alleged that Cook operatively "represented that pulmonary embolism prevention was the purpose of the device" and, at ¶ 15 (i),

Plaintiff alleged that, "[c]onsistent with the Gunther Tulip IFU, Dr. Sanchez advised Plaintiff that the filter would help prevent recurrent pulmonary embolism and had low risks."

Moreover, Plaintiff plead that "[d]octors cannot communicate what they do not know to their patients." Complaint, ¶ 15 (g). "Accordingly, Cook's knowledge regarding lack of clinical evidence" and "suppression of adverse events" were not communicated to Plaintiff, *see* Complaint, ¶ 15 (g), in breach of the Pennsylvania UTPCPL.

Last, Defendant's argument that Plaintiffs Yedman and Priesmeyer allege "verbatim" the same conduct by the Cook Defendant is non-sensical and ignores the fact that Cook's unfair trade practices and deceptive acts injured both plaintiffs and in substantially the same way. Certainly, each plaintiff has pled variations in the proposed amendment regarding relevant facts specific to their case.

Plaintiff has pled his UTPCPL claim with particularity as required under Seventh Circuit law. To the extent that any particular facts are not within Plaintiff's control, the Seventh Circuit requires flexibility, *Emery v. Am. Gen. Fin. Inc.*, 134 F.3d at 1324, where, as here, the Plaintiff's averments, in the least, reflect a "careful pretrial investigation" that mitigates the risk of a baseless claim. *See Berkowitz*, 896 F.3d at 840.

                                                  Respectfully submitted,

                                                  /s/ Steve B. Rotman_____
                                                  Steven B. Rotman
                                                  Hausfeld
                                                  One Marina Park Drive
                                                  Suite 1410
                                                  Boston, MA 02110
                                                  (617) 207-0600
                                                  srotman@hausfeld.com

Dated: January 4, 2021

## **CERTIFICATE OF SERVICE**

I certify that on January 4, 2021, the foregoing was filed electronically and notice of the filing accordingly will be sent to all required parties by operation of the Court.

/s/ Steve B. Rotman
Steven B. Rotman