IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>_____<br><br>This document Relates to Plaintiff:<br>       JUSTIN ROSE<br><br>Civil Case No. 1:18-cv-01410<br>_____ | NO. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

## PLAINTIFF'S *RESPONSE* TO COOK DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OR SUMMARY JUDGMENT ON CLAIM OF FRAUDULENT CONCEALMENT

Plaintiff Justin Rose, by and through undersigned counsel, hereby submits his response to the Court regarding defendant Cook's Motion For Partial Dismissal or Summary Judgment On Claim of Fraudulent Concealment.

### FACTUAL BACKGROUND

Mr. Rose had an IVC filter implanted on April 28, 2008 in Springfield, Oregon. On January 31, 2018, Mr. Rose presented at the emergency department with complaints of chest pain and shortness of breath. It was during this hospitalization that he was told for the first time that the IVC filter was most likely the cause of his pain and that it could not be removed.

The subject lawsuit was filed on May 7, 2018, less than four months after plaintiff was informed of the facts regarding his IVC filter.

/ / /

/ / /

# ARGUMENT

The only issue before the Court on this motion is whether fraudulent concealment tolls the statute of limitations for the plaintiff. Under Oregon law, it unequivocally does. In *Chaney v. Fields Chevrolet Co.*, 264 Or. 21, 27, 503 P.2d 1239, 1241 (1972), the Oregon supreme court held that fraudulent concealment postpones "the commencement of the running of the statute until discovery or reasonable opportunity of discovery of the fact by the owner of the cause of action." To determine if fraudulent concealment applies, the Court held,

> one who wrongfully conceals material facts and thereby prevents discovery of his wrong or of the fact that a cause of action has accrued against him is not permitted to assert the statute of limitations as a bar to an action against him, thus taking advantage of his own wrong, until the expiration of the full statutory period from the time when the facts were discovered or should, with reasonable diligence, have been discovered. *Id*.

*Chaney* further held that this rule applies regardless of the nature of the cause, if the requisite element of fraudulent concealment of the cause of action is present and it applies in actions at law as well as in suits in equity. *Id*. at 1242.

Under Oregon's fraudulent concealment law, Mr. Rose's statute of limitations was tolled until January 31, 2018. At that time, he had two years to file his lawsuit. He complied with that requirement by filing his Complaint on May 7, 2018.

Furthermore, while defendant's motion only deals with fraudulent concealment, plaintiff also feels it is important to note that even if the Court were to determine that fraudulent concealment does *not* apply in this matter, Mr. Rose's Complaint was still timely as his claim was tolled by Oregon's discovery rule. See *Cole v. Sunnyside Marketplace, LLC*, 212 Or.App. 509, 160 P.3d 1 (App. 2007) (holding "Under the 'discovery rule,' a statute of limitations does

not begin until the plaintiff knows or, in the exercise of reasonable care should know, facts that would make an objectively reasonable person aware of a substantial possibility that all three of the following elements exist: an injury occurred, the injury harmed one or more of the plaintiff's legally protected interests, and the defendant is the responsible party.") Plaintiff will not further brief that issue, absent the Court's request.

## CONCLUSION

For the reasons stated herein, plaintiff Justin Rose's case should not be dismissed from this litigation.

RESPECTFULLY SUBMITTED this 7th day of January, 2021.

**SNYDER AND WENNER, P.C.**

/s/ David A. Wenner
By_____
David A. Wenner, Esq.
2200 East Camelback Road, Suite 213
Phoenix, AZ  85016
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ David A. Wenner
_____