UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This document relates to:<br><br>**All Cases** | |

# PSC's Opposition to Cook's "Motion for Partial Dismissal or Summary Judgment on Claim of Fraudulent Concealment"

Plaintiffs' Steering Committee provides the following opposition to Cook's omnibus "Motion for Partial Dismissal or Summary Judgment on Claim of Fraudulent Concealment," and respectfully requests the Court to deny the motion.

# Introduction

Arguing nothing more than paragraphs 195-199 of the Master Complaint fail to plead fraudulent concealment with Rule 9(b) particularity, Cook asks the Court to enter partial judgment against more than 7,000 MDL plaintiffs. This request should be denied.

First, an MDL Master Complaint is not intended to plead the Rule 9(b) elements for thousands of individual plaintiffs. This has been recognized by a number of MDL Courts. More importantly, Cook conceded this fact when briefing the PSC's earlier motion to strike: "Cook accepts that a Master Complaint cannot as a practical matter allege all of the particular facts concerning each Plaintiff's separate claim of

1

fraudulent concealment." [Filing No. 13853, at ECF p. 99008.] For this reason alone, Cook's motion should be denied.

Even if the Court were to get past this fact, the subsequent choice of law analysis makes resolving this issue in the aggregate impossible. In May of last year, the Court carved out a two-year period in which cases would be treated as if there were a direct-filing order in place. In other words, those cases enjoy the benefit of their home jurisdictions' choice of law principles. Before dismissing any individual claim (or thousands as Cook requests), the Court would have to look at each state's choice of law principles to determine what substantive law should apply because the states treat claims of fraudulent concealment in disparate ways, with different elements and different standards. There is not a "one size fits all" approach that is workable in the MDL context on this issue. If Cook wants to file individual motions against individual plaintiffs, then the choice of law analysis can be performed for each on a case-by-case basis. But it can't be done in one fell swoop.

Furthermore, this is a mass tort, not a class action. Taking the rulings from one case and extrapolating them to thousands of others can only be done when the rigors of Rule 23 have been satisfied. Only then can the Court be satisfied that the due process rights of the absent class members are protected. Cook's attempt to run around the requirements of Rule 23 should be rejected.

Finally, should the Court determine Cook is entitled to Rule 9(b) particularity for each of the individual plaintiffs, then it must provide these plaintiffs with the opportunity to amend their Short-Form Complaints. As drafted (and agreed to by

Cook), the Short-Form Complaint does not include any opportunity for a plaintiff to provide the particularity Rule 9(b) requires. After allowing the Short-Form Complaint to be used in its current iteration for more than five years, the Court must give plaintiffs the opportunity to amend that pleading if the Court now believes additional information should have been included.

For these and the following reasons, Cook's motions should be denied.

## Argument

1. **It is impossible for an MDL Master Complaint to plead the "who, what, where, and when" with particularity on behalf of thousands of Plaintiffs; Cook conceded this point after filing its motion.**

Cook's motion is a rifle shot asking for dismissal or judgment on "paragraphs 195-199 of Plaintiff's Master Complaint." [Filing No. 13649, at ECF p. 97923 (fraudulent concealment allegations).] Cook holds these five paragraphs up to Rule 9(b) and asks the Court for dismissal because the paragraphs lack the "who, what, where, and when" of the alleged fraud. [*See id*, at ECF p. 97926-27.] Cook's argument has two problems: (1) Cook already conceded an MDL Master Complaint cannot (and isn't intended to) satisfy Rule 9(b); and (2) numerous MDL courts have held the same thing: a Master Complaint is not the place for case-specific/ particularized pleadings.

Cook knows this full well. In its response to the PSC's earlier motion to strike, Cook conceded an administrative Master Complaint cannot possibly allege particularized facts: "Cook accepts that a Master Complaint cannot as a practical matter allege all of the particular facts concerning each Plaintiff's separate claim of

3

fraudulent concealment." [Filing No. 13853, at ECF p. 99008.] Cook's concession alone is enough to defeat its motion.

Numerous MDL courts agree: "A master or consolidated complaint is a procedural device used to promote judicial efficiency and economy, not to be given the same effect as an ordinary complaint or consolidated to merge the suits into a single cause or change the rights of the parties, or make those who are not parties in one suit parties in another." *In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.,* 2012 WL 3582708, at *3, (N.D. Ill. Aug. 16, 2012), citing *In re Propulsid Prods. Liab. Litig.,* 208 F.R.D. 133, 141-42, (E.D. La. 2002) (quoting 9 Charles A. Wright & Arthur R. Miller*, Federal Practice and Procedure* § 2382 (1971)).[1] Consistent with these decisions, the Master Complaint here unambiguously states its purpose: "[T]o serve the administrative functions of efficiency and economy." *See* Master Complaint (Filing. No. 213).

"In light of a master complaint's administrative purpose, several MDL Courts have refused to entertain [Rule 9(b)] motions to dismiss master complaints where doing so would require case-specific rulings to determine the sufficiency of each individual plaintiff's factual allegations." *In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.,* 2012 WL 3582708, at *2, citing *In re Trasylol Prods. Liab. Litig.,* 2009 WL 577726, at *8 (S.D. Fla. March 5, 2009); *In re Nuvaring Prods. Liab. Litig.,* 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009) ("[S]uch case-specific rulings are neither the purpose, nor the forte, of a court presiding over a multi-district litigation."). At

---

[1] *See also In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006); *In re Digitek Prods. Liab. Litig.*, 2009 WL 2433468, at *8 (S.D.W.Va. Aug. 3, 2009).

4

the time of its decision, the *Trasylol* MDL court noted it was "unaware of any case in which strict application of Rule 9(b) has been applied to an MDL products liability claim. . . ." 2009 WL 577726, at *6. These MDL courts recognized permitting omnibus dispositive motions would defeat the purpose of a master complaint.

These MDL courts further determined it would be impossible to plead with the required particularity the "who, what, where, and when" on behalf of hundreds of individual plaintiffs. *See In re Zimmer Nexgen Knee Implant Products Liability Litigation,* 2012 WL 3582708, at *12 ("Like the *Trasylol* court, this court cannot envision a Master Complaint pleaded with the type of plaintiff-specific particularity Defendants believe is necessary.").[2]

Recognizing its 9(b) attack is doomed, Cook will likely shift its position—as it did in response to the PSC's motion to strike—and argue Rule 9(b) still requires particularity, and that such particularity should have been included in the Short-Form complaints. Placing aside that Cook's motion does not attack the Short-Form Complaint (it deliberately challenges only 5 paragraphs in the Master Complaint), the argument ignores the practicalities of the Short-Form Complaint as well as the significant due process problem such an attack presents. The Short-Form Complaint

---

[2] *See also In re Trasylol Prods. Liab. Litig.,* 2009 WL 577726, at *8 ("The Court cannot envision the task of adequately pleading the consolidated master complaint in a manner which would satisfy Defendants, without completely removing the compromise and attempt at efficiency the parties and I had in mind in allowing the filing of the Consolidated Master Complaint."); *In re Nuvaring Prods. Liab. Litig.*, 2009 WL 4825170, at *2 ("A MDL seeks to promote judicial economy and litigant efficiency by allowing the transferee court to preside over matters common among all cases. Given this function, the transferee court typically does not rule on cumbersome, case-specific issues.").

5

is a check-the-box form that does not request any information related to fraudulent concealment.³ Nor is there any place on the form where a plaintiff could even include particularized fraud allegations.

This leads to a bigger problem: due process. Due process guarantees the right to notice and the opportunity to be heard. *E.g., Boddie v. Conn.*, 401 U.S. 371, 378 (1971). The Short-Form Complaint has existed in its current iteration for more than half a decade. Not once until Cook's motion did Cook or this Court provide notice that allegations of fraudulent concealment should be included in the Short-Form Complaint. Given the Short-Form Complaint asks for the specific information to be included, and makes no mention of fraudulent concealment, how was an MDL Plaintiff to know that he or she should have stapled an extra piece of paper to the Short Form Complaint containing information that no one asked for? The Court should not allow pleadings created for administrative ease to be turned into weapons for a game of "gotcha."

Cook had input in creating the Short-Form Complaint and agreed to the form. For six years, Cook stood silent with respect to the substantive content of the Short-Form Complaint. Only now, Cook aims to change the rules by arguing the Short-Form Complaint doesn't contain enough detail and plaintiffs' claims should be dismissed as a result. At any point over the past five years, Cook could have requested the Short-Form Complaint be amended to include additional information; it could have issued discovery seeking the information it now wants. What it shouldn't be permitted to do

---

³ The PSC has attached a blank Short Form Complaint as Exhibit A to demonstrate the "bare-bones" nature of the form.

6

is agree to the form, stay silent for years, and then claim plaintiffs should have done more than what Cook agreed to previously.

## 2. The choice of law analysis makes it impossible to handle this issue in omnibus fashion.

Last May, the Court ordered that any cases filed between "May 31, 2017, and June 13, 2019, shall be treated as if a direct-filing order had been entered at the time of their filing, and shall be governed by the choice-of-law rule of the Plaintiffs' 'home' jurisdiction." [Filing No. 13539, at EFC p. 97681.] The problem is Cook continues to argue the fraudulent concealment issue as if Indiana law applies to all cases. The cases filed within the Court's two-year time-period get the benefit of the home jurisdiction's choice-of-law principles. [Filing No. 13539, at EFC p. 97681.] This is important because the doctrine of fraudulent concealment differs from state to state.

For example, Mississippi requires a plaintiff perform due diligence to discover the claim. *See Milam v. Kelly*, 282 So.2d 682, 688 (Miss. Ct. App. 2019). On the other hand, Minnesota dispenses with the need for an affirmative showing of action. In Minnesota, courts only require a showing that the concealment could not have been discovered by reasonable diligence, had the plaintiff attempted to do so. *See Haberle v. Buchwald*, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992).

Moreover, Cook's "summary" contains inaccuracies concealing important differences among the states regarding fraudulent concealment. For West Virginia, Cook writes: "Fraudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff." [*See* Filing No. 13649, at ECF p. 97942, citing, *Merrill v. W. Va. Dep't of Health & Human Res.*, 632

7

S.E.2d 307, 318 (W. Va. 2006).] The actual full quote from the *Merrill* case demonstrates a more lenient standard: "Fraudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff, **although any act or omission tending to suppress the truth is enough**." *Id.* (emphasis added). Illinois, on the other hand, applies a much stricter standard and requires more than silence to prove fraudulent concealment; an Illinois plaintiff must show "affirmative acts by the defendant which were designed to prevent and in fact did prevent the discovery of the claim. Mere silence of the defendant and the mere failure on the part of the plaintiff to learn of a cause of action do not amount to fraudulent concealment." *Cangemi v. Advocate S. Suburban Hosp.*, 645 N.E. 2d 792, 804 (Ill. Ct. App. 2006). To be sure, this is only a sampling of how different states require different showings for fraudulent concealment, but the point is the law is far from uniform across the country.

This lack of uniformity creates insurmountable problems of practicality. The Court will need to analyze each state's substantive fraudulent concealment law for every plaintiff's case during the two-year choice-of-law-carveout. But even prior to that, the Court would need to apply each state's conflict of laws principles to determine which state's substantive law applies. *See In re Nuvaring Prods. Liab. Litig.*, 2009 WL 4825170, at *2 ("Not only would each state's substantive laws pertaining to particular claims need to be reviewed but each state's conflicts of laws rules would need to be analyzed.").

8

If Cook wants to attack the fraudulent concealment claim of any individual plaintiff, then it is of course free to move against that individual plaintiff. The Court can then perform the required choice of law analysis and determine whether an individual plaintiff has the evidence necessary to take that claim to the jury. But Cook cannot simply have the Court apply Indiana law to all 7,000 cases in this MDL because Indiana law doesn't apply to all 7,000 cases. This problem alone requires Cook's omnibus motion be denied.

### 3. The MDL is not a class action.

Because of the particularized nature of the law and facts for each individual plaintiff, the PSC cannot possibly respond on behalf of all 7,000 plaintiffs to either the Rule 9(b) Motion or the Motion for Summary Judgment. The PSC does not have attorney-client relationships with all 7,000 plaintiffs. The plaintiffs have their own attorneys who possess specific knowledge of the facts and state law of fraudulent concealment for each individual case.

Cook's omnibus Motion is a backdoor attempt to convert this MDL into a class action for disposal of a single issue without satisfying the rigorous elements of Rule 23. Needless to say, Cook would never consent to class certification for all issues. In any event, the Third Circuit has pointedly rejected a similar attempt by an MDL defendant to cherry pick a single issue for collective judgment against all MDL plaintiffs.

> There is a deeper problem lurking in the District Court's decision to grant Merck a merits judgment in all of the MDL cases. A mass tort MDL is not a class action. It is a collection of separate lawsuits that are coordinated for pre-trial proceedings – and only pretrial proceedings –

9

> before being remanded to the respective transferor courts. Some purely legal questions may apply in every case. But merits questions that are predicated on the existence or nonexistence of historical facts unique to each plaintiff – e.g. whether a particular Plaintiff's doctor would have read a warning in the Adverse Reactions section and ceased prescribing Fosamax as a result – generally are not amenable to across-the-board resolution. Each Plaintiff deserves the opportunity to develop those sort of facts separately, and the District Court's understandable desire to streamline proceedings cannot override the Plaintiff's basic trial rights. As a technical matter, Merck's actual burden at the summary judgment stage was to prove that there is no genuine dispute in every single MDL case. . . .

*In re Fosamax Prods. Liab. Litig.*, 852 F.3d 268, 302 (3d Cir. 2017), *vacated and remanded on other grounds sub nom. Merck Sharp & Dohme Corp. v. Albrecht*, 139 S. Ct. 1668 (2019).

Likewise, this Court should not permit Cook to deny each plaintiff and his/her counsel the opportunity to develop particularized facts necessary to respond to Cook's attack. If Cook wants to move forward on an individual basis, then it can do so and afford each plaintiff the opportunity to demonstrate why his or her fraudulent concealment defense warrants a jury trial under the law of their home jurisdictions. But there is no way to do so in the aggregate.

**4. Should the Court be inclined to grant Cook's motion, Plaintiffs must be given leave to amend their Short-Form Complaints.**

In most instances where plaintiffs fail to plead fraud with particularity—and especially in cases where plaintiffs may be able to supplement their complaints with additional factual content after discovery—district courts should allow "leave to amend the deficient pleading." 5A Charles Alan Wright et al., Federal Practice & Procedure § 1300 (3d ed. 2017); accord *Warden v. McLelland,* 288 F.3d 105, 115 (3d

10

Cir. 2002). "[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991); *Shuker v. Smith & Nephew, PLC,* 885 F.3d 760 (3d Cir. 2018).

If Cook is right, i.e., it is entitled to Rule 9(b) particularity for every individual case in a Multi-District Proceeding, the plaintiffs **must** be given the opportunity to amend their Short-Form Complaints. Otherwise, plaintiffs will lose claims for failing to plead specifics they were never told had to be in the Short-Form Complaint. Things like a Master Complaint and a Short-Form Complaint are tools of administrative ease. Apart from violating Due Process, it would be patently unfair to penalize plaintiffs for doing nothing more than what Cook agreed to and the Court approved. If the Court believes that each plaintiff in a mass tort must individually plead fraudulent concealment with Rule 9(b) particularity, then the plaintiffs in this mass tort must at least be given the opportunity to do so.

## CONCLUSION

For the foregoing reasons, the Court denies Cook's motion.

Respectfully Submitted,

WILLIAMS & PIATT, LLC

/s/ *Joseph N. Williams*
Joseph N. Williams (#25874-49)
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348
Email: joe@williamspiatt.com

*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
Telephone: (202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3141 Hood Street, Suite 600
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

12

## **Certificate of Service**

      I hereby certify that on the 8th day of January, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            /s/ *Joseph N. Williams*
                                            Joseph N. Williams