UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **KRISTIN STEPHENS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 5:20-cv-01257-HNJ |
| | ) |
| **COOK MEDICAL LLC, HUNTSVILLE** | ) |
| **HOSPITAL, and fourteen fictitious** | ) |
| **defendants,** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANT COOK MEDICAL LLC'S
### BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

This is a breach of warranty action arising out of alleged injuries related to an IVC filter sold by Cook Medical LLC ("Cook"). *See generally* Dkt 1-2, Complaint. IVC filters are medical devices placed in the inferior vena cava, a large vein that returns deoxygenated blood to the heart, and are designed to catch dangerous blood clots that can travel from the lower extremities to the heart and lungs. The plaintiff, Kristin Stephens ("Plaintiff"), is an Alabama resident who had a Cook Gunther Tulip IVC filter (the "Filter") placed in June 2014 at Huntsville Hospital. *Id.* at ¶¶ 1, 19. In January 2017, Plaintiff was advised that she needed to have her Filter removed. *Id.* at ¶ 21. On February 3, 2017, Plaintiff underwent a procedure to remove the Filter, during which her vena cava and renal vein were allegedly torn. *Id*. Plaintiff alleges that, following the removal procedure, she required substantial postoperative care and was not discharged from Huntsville Hospital until February 24, 2017. *Id*.

1

On July 21, 2020, Plaintiff filed this lawsuit, naming Cook[1] and Huntsville Hospital as defendants. *See generally* Dkt. 1-2, Complaint. Additionally, Plaintiff named 14 "Fictitious" defendants. *Id*. at ¶¶ 4-17. Plaintiff's sole claim for relief against the named defendants is a claim for breach of warranty. *Id*. at ¶¶ 22-27. Specifically, Plaintiff alleges that the Filter "was unmerchantable, and was not fit for the ordinary purposes for which such products are used due to the hazard of the IVC filter causing serious personal injuries. *Id*. at ¶ 25.

Alabama Code § 7-2-725 requires breach of warranty claims to be asserted within four years of a subject good's delivery. Per Plaintiff's own allegations, her Filter was delivered no later than June 30, 2014, and she waited until July 21, 2020—more than six years—to file the Complaint. Plaintiff's breach of warranty claim is therefore time-barred by more than two years, and her Complaint fails to state a claim upon which relief can be granted. Accordingly, Cook respectfully requests that the Court dismiss Plaintiff's breach of warranty claim as to Cook pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## RULE 12(B)(6) STANDARD

"[A] motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense." *Edwards v. Apple Computer, Inc.*, 645 F. App'x 849, 851 (11th Cir. 2016). A complaint is subject to dismissal under to Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). Put differently, dismissal based on a statute of limitations defense is appropriate "if it is apparent from the face of the complaint that the claim is time-barred." *McMillian v. AMC Mortg. Servs., Inc.*, 560 F. Supp. 2d 1210, 1213 (S.D. Ala. 2008).

---

[1] Plaintiff named both "Cook Medical LLC" and "Cook Medical Incorporated" as defendants. Cook Medical Incorporated is the former legal name of Cook Medical LLC, and no legal entity named Cook Medical Incorporated presently exists.

# ARGUMENT

I. **Plaintiff's Breach Of Warranty Claim Is Barred By Alabama Code § 7-2-725.**

Alabama Code § 7-2-725 sets forth the applicable statute of limitations for Plaintiff's breach of warranty claim against Cook. Specifically, it provides that:

> An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued . . . A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

*See also Lands v. Lull Int'l, Inc.*, 963 So. 2d 626, 629 (Ala. 2007) ("Pursuant to the clear language of § 7-2-725, the statute of limitations for any breach-of-warranty claim expired four years [after the date of delivery]."); *Carrell v. Masonite Corp.*, 775 So. 2d 121, 124 (Ala. 2000) (noting that breach of warranty claims "must be filed within four years of the tender of the goods").

Here, Cook did not make (and Plaintiff does not allege) any warranties explicitly extending to future performance of the Filter, so any alleged warranty claim accrued upon Cook's tender of delivery. *See Johnson v. S. Energy Homes, Inc.*, 391 F. Supp. 2d 1118, 1122 (S.D. Ala. 2005) (holding that breach of warranty claim accrued upon delivery where warranty did not expressly extend to future performance). Because Plaintiff's Filter was placed in "June 2014" (Dkt. 1-2, Complaint at ¶ 19), delivery of the Filter could not have occurred any later than June 30, 2014. Plaintiff's breach of warranty claim therefore accrued no later than June 30, 2014. Pursuant to Alabama Code § 7-2-725, Plaintiff was required to commence this action "within four years" of accrual, or by June 30, 2018, at the latest. Plaintiff did not do so, however. She waited to file her complaint until July 21, 2020—more than two years after her claim expired. Accordingly, Plaintiff's breach of warranty claim against Cook is barred by Alabama Code § 7-2-725, and

dismissal under Rule 12(b)(6) is appropriate because "it is apparent from the face of the complaint that the claim is time-barred." *McMillian*, 560 F. Supp. 2d at 1213.

**II.     The Statutory Exception Related To Warranty Claims For Personal Injury Caused By Consumer Goods Is Inapplicable To This Case.**

Alabama Code § 7-2-725(2) includes a limited exception to the general rule that breach of warranty claims accrue upon tender of delivery. Specifically, the statute provides that "a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs." Thus, if the Filter were a consumer good, Plaintiff's warranty claim against Cook would have accrued upon injury rather than delivery. But the Filter is not a "consumer good" as defined by applicable Alabama law. Section 7-2-725 is part of Alabama's Uniform Commercial Code, which defines consumer goods as "goods that are used or bought primarily for personal, family, or household purposes." Ala. Code § 7-9A-102(a)(23). While no Alabama state court has addressed the specific question of whether medical devices are consumer goods, the federal courts that have addressed this issue agree that medical devices are not consumer goods. *See Collins v. Davol, Inc.*, 56 F. Supp. 3d 1222, 1232 (N.D. Ala. 2014) ("Although no Alabama court has considered whether a medical device is a 'consumer good,' such a device is clearly inconsistent with the Alabama Uniform Commercial Code's definition of 'consumer good,' i.e. 'goods that are used or bought for use primarily for personal, family, or household purposes.'" (quoting Ala. Code § 7-9A-102(a)(23))); *McCurdy v. Wright Med. Tech., Inc.*, No. CV 19-1898-CFC, 2020 WL 906329, at *7 (D. Del. Feb. 25, 2020) ("[T]he weight of authority is such that the court predicts that the Alabama Supreme Court would find a medical device is a non-consumer good. Like a hernia patch, a hip replacement product is a medical device that would not be a consumer good under Ala. Code § 7-9A-102. Accordingly, plaintiff's breach of warranty claims regarding a hip

4

replacement medical device accrued upon tender of delivery, September 19, 2011, and the statute of limitations ran on September 19, 2015.").

Because medical devices are not consumer goods under Alabama law, Plaintiff's warranty claim accrued upon delivery of her Filter in June 2014, more than four years before she initiated this lawsuit.

## CONCLUSION

Plaintiff's breach of warranty claim against Cook is subject to Alabama's four-year statute of limitations and accrued upon delivery of her Filter. According to the Complaint, Plaintiff received her Filter in June 2014. Her claim therefore expired in June 2018, more than two years before she filed this lawsuit. Because it is apparent from the face of the complaint that Plaintiff's claim against Cook is time-barred, Cook respectfully urges the Court to dismiss pursuant to Rule 12(b)(6).

**Respectfully submitted this 30th day of September, 2020.**

/s/ *Alan D. Mathis*
Alan D. Mathis [ASB-8922-A59M]
Xan Ingram Flowers [ASB-8496-AR19I]
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 297-2200
Facsimile:   (205) 297-2100
alan.mathis@butlersnow.com
xan.flowers@butlersnow.com

*Attorneys for Defendant Cook Medical, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by the Court's CM/ECF system and/or email.

**Done this the 30th day of September, 2020.**

*/s/ Alan D. Mathis*
Of Counsel

ButlerSnow\052186\216293\54805213.v1-9/30/20