UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

*Kristin Stephens,* Case No. 1:20-cv-6274-RLY-TAB

### COOK'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS[1]

Alabama Code § 7-2-725 requires breach of warranty claims to be asserted within four years of a subject good's delivery, with two limited exceptions. The first exception provides that "where a warranty explicitly extends to future performance of the goods . . . the cause of action accrues when the breach is or should have been discovered." Ala. Code § 7-2-725(2). The second exception provides "a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs." *Id*. In her two-page response to Cook's motion to dismiss (File No. 1:20-cv-6274-RLY-TAB, Dkt. No. 25, hereinafter "Response"), Plaintiff hastily invokes both of these statutory exceptions, neither of which apply in this case.

**I.    The Filter Is Not A Consumer Good, So Plaintiff's Claim Accrued Upon Delivery.**

Plaintiff attempts to invoke § 7-2-725's consumer goods exception and contends that her claim accrued when she was injured instead of when the Filter was delivered. Response at p. 1. In support, she cites *Smith v. Medtronic, Inc.*, 607 So.2d 156 (Ala. 1992), which includes only a

---

[1] This case was originally filed in Alabama state court, removed to the United States District Court for the Northern District of Alabama, and then transferred to this MDL. Cook filed the underlying motion to dismiss (File No. 1:20-cv-6274-RLY-TAB, Dkt. No. 22) in the Northern District of Alabama, and Plaintiff likewise filed her response prior to transfer (File No. 1:20-cv-6274-RLY-TAB, Dkt. No. 25).

general discussion of when legal claims accrue under Alabama law and does not address the specific question of whether medical devices constitute "consumer goods" under the Alabama Commercial Code. In no way does *Smith* abrogate the established Alabama authority providing that a breach of warranty claim generally accrues when a product is delivered. *See* Ala. Code § 7-2-725; *Lands v. Lull Int'l, Inc.*, 963 So. 2d 626, 629 (Ala. 2007) ("Pursuant to the clear language of § 7-2-725, the statute of limitations for any breach-of-warranty claim expired four years [after the date of delivery]."); *Carrell v. Masonite Corp.*, 775 So. 2d 121, 124 (Ala. 2000) (noting that breach of warranty claims "must be filed within four years of the tender of the goods"). Nor does *Smith* nullify the fact that "a [medical] device is clearly inconsistent with the Alabama Uniform Commercial Code's definition of consumer good." *Collins v. Davol, Inc.*, 56 F. Supp. 3d 1222, 1232 (N.D. Ala. 2014) (quoting Ala. Code § 7-9A-102(a)(23)); *see also McCurdy v. Wright Med. Tech., Inc.*, No. CV 19-1898-CFC, 2020 WL 906329, at *7 (D. Del. Feb. 25, 2020) ("[T]he weight of authority is such that the court predicts that the Alabama Supreme Court would find a medical device is a non-consumer good.").

Because medical devices are not consumer goods under Alabama law, Plaintiff's warranty claim accrued upon delivery of her Filter in June 2014, more than four years before she initiated this lawsuit.

## II. The Alleged Warranty Did Not Extend to Future Performance.

Plaintiff also argues that the FDA's clearance of the Gunther Tulip IVC filter (the "Filter") somehow constitutes an explicit warranty for future performance of the Filter. However, well-established Alabama law provides that the statutory exception for future performance only applies to express warranties and does not cover implied warranties. *Wright v. Cutler-Hammer, Inc.*, 358 So. 2d 444, 445 (Ala. 1978) ("[the future performance exception] applies only to express

warranties which explicitly extend the warranty to future performance"); *Carrell v. Masonite Corp.*, 775 So. 2d 121, 124 (Ala. 2000) (holding that the future performance exception "would allow [plaintiffs] to file a claim for breach of their express warranty, but it does not cover an implied warranty.").

Here, Plaintiff asserts a lone claim for breach of *implied* warranty.[2] File No. 1:20-cv-6274-RLY-TAB Dkt. No. 1-2, at ¶ 25 ("[The Filter] was unmerchantable, and was not fit for the ordinary purposes for which such products are used").  She does not make any allegations whatsoever concerning representations that would "explicitly extend the warranty to future performance." *Wright*, 358 So. 2d at 445.  The future performance exception is therefore inapplicable to this case.

## CONCLUSION

In Alabama, a claim for breach of warranty accrues upon delivery unless (1) it involves personal injuries caused by a consumer good or (2) the warranty at issue explicitly extends to future performance.  Here, medical devices are not consumer goods under Alabama law, and Plaintiff does not allege an explicit warranty extending to future performance of the Filter.  Accordingly, her claim accrued upon delivery in June 2014 and expired in June 2018, more than two years before she filed her Complaint.  Plaintiff's breach of warranty claim against Cook should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:  January 11, 2020  */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP

---

[2] In her Short-Form Complaint filed after transfer to this MDL on December 9, 2020 (Dkt. 15022), Plaintiff attempts to add a claim for breach of express warranty by incorporating allegations from the Master Complaint.  However, the Master Complaint is devoid of any allegations of an express warranty that would explicitly extend the warranty to future performance.  *See* Dkt. 213 ¶¶ 93-98 (Master Complaint's breach of express warranty allegations).  Accordingly, Plaintiff's attempted addition of an express warranty claim is futile, and the future performance exception is inapplicable to this case.

300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Counsel for Defendants Cook Incorporated,
Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2020 a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*