UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates Only to the Following Case:

Mark Spyker, 1:18-cv-02010
Alicia Smith-Salinas, 1:17-cv-04449

_____

**COOK'S RESPONSE IN OPPOSITION TO NOTICES OF DISMISSAL
FILED BY PLAINTIFFS SPYKER AND SMITH-SALINAS**

Plaintiffs Mark Spyker and Alicia Smith-Salinas ("Plaintiffs") have filed notices of dismissal of their time-barred cases pursuant to Case Management Order #28 ("CMO 28"). Dkt. Nos. 15421 and 15476. In contravention of CMO 28, however, Plaintiffs attempt to dismiss their cases *without prejudice*, providing no explanation for their noncompliance. Cook opposes Plaintiffs' attempts to defy the Court's orders and urges the Court to dismiss their cases in the manner explicitly set forth by CMO 28 – with prejudice and with each side to bear its own costs and attorney's fees.

**ARGUMENT**

CMO 28 requires Plaintiffs' counsel to screen their cases and to voluntarily dismiss within 60 days of entry of the order any case barred by the applicable statute of limitations or statute of repose. *See* Dkt. No. 14601, CMO 28, at ¶¶ 1, 3. Under Rule 41, the Court has the power to set forth "whatever terms and conditions . . . it deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *See Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). Pursuant to this power, the Court

has provided in CMO 28 that cases identified as time-barred shall be dismissed "with prejudice" and that such dismissals "shall note that each side will bear its own costs and attorney's fees." *Id.* at ¶ 3. Two other MDL plaintiffs previously sought to dismiss their cases with special language not contemplated by CMO 28, and the Court reiterated that time-barred cases "should be dismissed with the standard language contemplated by CMO 28." Dkt. 15326, Minute Order for Proceedings Held 12-22-2020, pp. 1-2 (dismissing cases with prejudice).

Nearly 400 other plaintiffs, respecting the terms and conditions the Court has established, have filed voluntary dismissals using language consistent with CMO 28. Plaintiffs Spyker and Smith-Salinas, however, seek special treatment, asking the Court to dismiss their cases without prejudice. Dkt. Nos. 15421 and 15476. They offer no explanation for their noncompliance with the Court's orders and no analysis of why dismissal without prejudice is warranted. When notified of their noncompliance and given the opportunity to file conforming notices, counsel for Plaintiff Smith-Salinas declined and counsel for Plaintiff Spyker failed to respond, thereby necessitating this response.[1] (*See* 1/12/2021 Correspondence with Counsel for Plaintiff Smith-Salinas, attached as **Exhibit 1**; 1/13/2021 Correspondence with Counsel for Plaintiff Spyker, attached as **Exhibit 2**).

CMO 28's language is unambiguous; it requires dismissal of time-barred cases like Plaintiffs' with prejudice. Plaintiffs offer no argument to the contrary. Accordingly, their cases should be dismissed with prejudice.

## CONCLUSION

---

[1] Cook was perplexed by counsel's response in light of the clear mandate of CMO 28, and in light of this Court's 12/23/2020 Order addressing this very issue, and reserves its right to move for sanctions under Rule 11 for reimbursement of the attorney fees incurred by counsel's refusal to amend their notices of dismissal, therefore necessitating this motion practice.

Plaintiffs Spyker and Smith-Salinas seek to dismiss their time-barred cases without prejudice, flouting the Court's orders without explanation.  Cook asks the Court to yet again reiterate CMO 28's directives by dismissing Plaintiffs' cases with prejudice.

Respectfully Submitted,

Dated:  January 19, 2021

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2021, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

4