UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

    All Cases

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL DISMISSAL OR SUMMARY JUDGMENT
<u>ON CLAIM OF FRAUDULENT CONCEALMENT</u>**

The Cook Defendants urge the Court to grant their motion and to enter partial dismissal or partial summary judgment on Plaintiffs' claims that fraudulent concealment or equitable estoppel tolls the statute of limitations on their claims.  Collectively, Plaintiffs have submitted three responses to this motion, one by the Plaintiffs' Steering Committee, Dkt. 15433, and two by individual Plaintiffs Justin Rose, Dkt. 15415, and Lillie Sauls, Dkt. 15418.  None of these responses justifies or cures the deficiencies in Plaintiffs' pleading of their fraudulent concealment claims, and none offers any sound basis to deny Cook's motion.

**I.**    **Reply to Plaintiffs Steering Committee response [Dkt. 15433].**

Major sections of the PSC's response simply reiterate the same arguments the PSC made in its earlier failed motion to strike Cook's motion, arguing again that the Court

should not consider this motion in the current MDL posture. *See* Dkt. 13794 at 3-9 (PSC memo); Dkt. 13891 at 4-7 (PSC reply); Dkt. 14009 at 1-3 (PSC's supplemental reply). The Court rejected all of these arguments in denying the PSC's motion to strike and deciding to hear this motion on its merits, *see* Dkt. 14900, and the Court should likewise reject them here.

    A.    **The Court may properly address a pleading defect common to all MDL Plaintiffs.**

As it did in its motion to strike, the PSC argues that the Court cannot dismiss insufficiently plead claims in a Master Complaint because those claims depend on individual facts in individual cases. *See* Dkt. 15433 at 3-5. But the PSC again ignores the fact that Cook's motion seeks dismissal of Plaintiffs' claims of fraudulent concealment, not just because those claims are not plead with particularity in the Master Complaint, but because they are not plead with particularity ***anywhere***, either in the Master Complaint, in any individual Plaintiff's Short-Form Complaint, or anywhere else. *See* Dkt. 13649 at 5-6.[1]

Moreover, as Cook has noted before,[2] multiple MDL judges have dismissed fraud

---

[1] The PSC's assertion that Cook has "shift[ed] its position" in this respect, Dkt. 15433 at 5, is mistaken. From the time Cook first filed this motion last June, Cook has sought partial dismissal on the ground that Plaintiffs failed to plead fraudulent concealment with the required particularity ***either*** in the Master Complaint ***or*** in their individual Short-Form Complaints. *See* Dkt. 13649 at 5 ("No individual Plaintiff's Short-Form Complaint elaborates or provides any additional detail on these allegations [of fraudulent concealment]."). The PSC's assertion that "Cook's motion does not attack the Short-Form Complaint" and "deliberately challenges only 5 paragraphs in the Master Complaint," Dkt 15433 at 5, is therefore erroneous.

[2] Because the PSC's response repeats the arguments the PSC made in its motion to strike, *see* Dkt. 15433, Cook is compelled to re-present a shortened version of its previous

claims in product-liability MDL litigation based on plaintiffs' failure to plead fraud with particularity in a master complaint.  *See, e.g., In re General Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1534-35 (E.D. Mo. 1997) (dismissing fraud claims on ground that allegations of fraudulent advertisements, sales brochures, and owner's manuals in master complaint were insufficient under Rule 9(b)); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 2007 WL 2421480, at *9 (E.D. Mich. Aug. 24, 2007) (dismissing fraud claims on ground that allegations of fraudulent advertising in master complaint were insufficient under Rule 9(b)).  As one MDL court commented:

> The creation of an MDL proceeding does not suspend the requirements of the Federal Rules of Civil Procedure, nor does it change or lower the requirements of those rules. Rule 9(b) applies to MDL proceedings no less than any other civil proceeding in which fraud is alleged.

*In re Zofran (Ondansetron) Products Liability Litigation*, 2017 WL 1458193 at *5 (D. Mass. Apr. 24, 2017) (addressing Rule 9(b) motion based on Master Complaint and finding allegations sufficiently particularized).

The cases that the PSC cites do not hold otherwise.  Of the cases the PSC cites that actually involved motions to dismiss,[3] all of them addressed the defendants' motions on

---

response to those arguments.  For a fuller discussion of these issues, *see* Dkt. 13853 at 4-8.

[3] Two of the cases the PSC cites did not involve motions to dismiss based on allegations in a Master Complaint, but addressed only the effect of a locally filed Master Complaint on choice of law in the context of class certification.  See *In re Propulsid Prods. Liab. Litig.,* 208 F.R.D. 133, 141-42 (E.D. La. 2002); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006).  A third case, *In re Nuvaring Prods. Liab. Litig.*, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009), involved multiple separate motions to

- 3 -

their merits.  Indeed, one of the cases the PSC cites as support for **barring** the relief Cook seeks here actually **granted** that relief: the dismissal of a fraud claim in a Master Complaint based on inadequate pleading.  In *In re Trasylol Prods. Liab. Litig.,* 2009 WL 577726 (S.D. Fla. Mar. 5, 2009), the defendant moved for dismissal of the constructive fraud claim in the plaintiffs' Master Complaint on the ground that it failed to allege the necessary element of a "confidential or fiduciary relationship" between defendant and plaintiff.  *Id.* at *12.  The plaintiffs argued that the Master Complaint's allegations that the defendant manufactured, promoted, and sold a drug that it knew patients would ultimately consume was sufficient to establish the required special relationship.  *See id.* at *12-13.  The Court disagreed, and dismissed the Master Complaint's constructive fraud count as a matter of law.  *Id*. at *13.

Similarly here, Cook has moved to dismiss Plaintiffs' claim of fraudulent concealment on the ground that it fails to plead the necessary elements of Cook's superior knowledge of Plaintiffs' injuries and Cook's concealment of those injuries from Plaintiffs.[4]  Plaintiffs' Master Complaint fails even to allege the elements necessary to find fraudulent concealment, much less particularized circumstances supporting those

---

dismiss in individual cases, not a single motion to dismiss all or part of a Master Complaint.

[4] Even in the case on which the PSC relies most heavily, *In re Zimmer Nexgen Knee Implant Products Liability Litig.*, 2012 WL 3582708 (N.D. Ill. 2012), the court determined that it had to "consider Defendants' motion to dismiss to the limited extent that it challenges the sufficiency of the factual allegations common to all Plaintiffs." *Id*. at *4; *see also In re Digitek Prods. Liab. Litig.,* 2009 WL 2433468, at *8-15 (S.D. W.Va. Aug. 3, 2009) (commenting that "it is uncertain how a master complaint should be treated when it is challenged via Rule 12(b)(6)," but nonetheless evaluating the sufficiency of the pleading of each of the challenged claims under the plausibility standard of *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007)).

elements.

Although a Master Complaint cannot as a practical matter allege all of the particular facts concerning each Plaintiff's separate claim of fraudulent concealment, *see Zimmer Nexgen,* 2012 WL 3582708, at *12, Rule 9(b) nevertheless requires that each Plaintiff plead those elements and set out those facts with particularity **somewhere**.  The presence of a case in an MDL does not excuse an individual plaintiff from complying with the rules of procedure.  As one court put it:

> [W]hen it comes to motions that can spell the life or death of a case, such as motions for summary judgment, **motions to dismiss claims**, or, as here, a motion to amend pleadings, it is important for the district court to articulate and **apply the traditional standards governing such motions**. A total disregard for the normal standards of assessing these critical motions would improperly subject MDL cases to different and ad hoc substantive rules.

*Bahn v. Korean Airlines Co. (In re Korean Air Lines Co.)*, 642 F.3d 685, 700-701 (9th Cir. 2011) (emphasis added).  Thus, if the required particularized allegations do not appear in the Master Complaint, a Plaintiff must necessarily plead them in the Plaintiff-specific Short-Form Complaint.  *See Trasylol*, 2009 WL 577726 at *12 (("any allegation of fraud based on [individual] statements **must be pled with particularity in the individual Plaintiff's complaint**, and be subject to discovery during the case-specific discovery stage if, **and only if, properly alleged**") (emphasis added).  Plaintiffs here failed to do so, and the Court should dismiss their fraudulent concealment claims.[5]

---

[5] The PSC's suggestions that the dismissal of the fraudulent concealment claim would violate due process by denying Plaintiffs "the right to notice and the opportunity to be heard," *see* Dkt. 15433 at 2, 5, 6, 11, require little comment.  Not only does the PSC cite no authority for this argument, the argument ignores the fact that Cook filed this motion in June, 2020, nearly seven months ago.  *See* Dkt. 13648.  Plaintiffs have had plenty of

- 5 -

B.  **Choice of state law has no bearing on this motion.**

The PSC also repeats virtually word-for-word its prior argument that choice-of-law considerations prevent the Court from addressing Cook's motion. *Compare* Dkt. 15433 at 7-9 *with* Dkt. 13891 at 7-9 (identical argument). This argument fails again for multiple reasons.

First, the PSC ignores the controlling role of federal procedural law here. Cook's motion for partial dismissal rests first on Plaintiffs' failure to comply with Federal Rule of Procedure 9(b). The sufficiency of a party's pleading under Rule 9(b) in federal court is governed by federal law. *See, e.g., Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988); *Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-CV-137-SEB-WGH, 2011 WL 2445980, at *8–9 (S.D. Ind. June 15, 2011) (applying Rule 9(b)'s particularity requirement to a plaintiff's claim that fraudulent concealment tolled a statute of limitations").

Thus, even assuming for the sake of argument the existence of minor differences in states' laws governing fraudulent concealment, those differences cannot excuse Plaintiffs from their pleading obligations under the federal rules. Rule 9(b) requires Plaintiffs to plead the "circumstances constituting" fraudulent concealment "with particularity," regardless of the nuances of the state law governing the claim. Plaintiffs

---

notice and a full opportunity to be heard on the motion, and due process is fully satisfied. *See, e.g., A. Bauer Mechanical v. Joint Arbitration Bd.*, 562 F.3d 784, 792 (7th Cir. 2009) (holding due process satisfied where plaintiff had notice of motion and opportunity to respond).

have not plead their fraudulent concealment claims with the required particularity, and the Court must dismiss those claims.

Second, the minor differences in state law that the PSC posits are immaterial to Cook's second ground for dismissal, the omission of critical elements of fraudulent concealment from Plaintiffs' allegations. The PSC does not contend that ***any*** state permits the fraudulent concealment of a cause of action to bar a defendant's assertion of a statute-of-limitations defense unless the plaintiff can show that the defendant (1) actually knew that the cause of action existed and (2) concealed the existence of the cause of action from the plaintiff. *See generally* Dkt. 13649 at 14-20 (appendix collecting state cases). Here, Plaintiffs make no such allegations, either generally or specifically, and the claim of fraudulent joinder therefore fails as a matter of law. *See* Dkt. 13187 at 7-8 (*McDermitt*, rejecting claim of fraudulent concealment where "Plaintiff does not even allege that Cook knew before being sued in this action that Plaintiff had a cause of action against the company"); Dkt. 5575 at 7 (*Graham*).

### C. Cook's Motion Does Not Require Class Action Treatment.

The PSC's response also repeats *verbatim* their earlier argument that Cook's motion asks the Court to treat this MDL as a class action, arguing that the PSC does not represent all 7,000 MDL Plaintiffs, that the PSC lacks knowledge of their specific cases, and that the PSC therefore "cannot possibly respond on behalf of all 7,000 Plaintiffs." *Compare* Dkt. 15433 at 9-10 *with* Dkt. 13794 at 8-9 (identical argument in PSC's motion to strike). But again, as Cook observed when the PSC raised this argument before, this is not a class action, and no one has asked the PSC to represent all 7,000 Plaintiffs.

- 7 -

Although Cook's motion applies to all cases in the MDL, the motion is directed to each of them individually. This is not treatment of the cases as a class action, where a court makes a ruling based on a few plaintiffs' circumstances and then extrapolates that ruling to a larger group of similarly situated class members. Here, every individual MDL Plaintiff has made an individual claim of fraudulent concealment that suffers from the same legal deficiencies: it is not plead fraudulent concealment with the required particularity, either in the Master Complaint or in the Short-Form Complaint, and it does not plead the elements necessary to state a claim of fraudulent concealment. This is not treatment as a class action; on the contrary, as discussed below, two of the 7,000 Plaintiffs have actually filed separate responses to Cook's motion arguing their individual cases.

**D.     The Court need not grant leave to amend.**

The Court should reject the PSC's argument that, even if Plaintiffs failed to properly or adequately allege their claims of fraudulent concealment, they "must be given leave to amend their Short-Form Complaints." Dkt. 15433 at 10-11. Virtually no Plaintiffs have made no attempts to correct their pleadings, and any such attempts would be futile in any event.

Despite the Court's previous decisions rejecting fraudulent concealment as a matter of law 2017 in *Graham* and in *McDermitt* in 2020, *see* Dkts. 5595, 13187, and despite the pendency of Cook's present motion to dismiss for nearly *seven months*, a grand total of only *two* of the more than 7,000 MDL Plaintiffs—less than 0.03 percent—have actually moved the Court for leave to amend their Short-Form Complaints to

address the Rule 9(b) deficiencies. *See* Dkts. 15040 (Mark Priesmeyer), 15041 (Rocco Yedman).[6] This nearly universal inaction by Plaintiffs on this issue is not surprising. As Cook has repeatedly pointed out, the doctrine of fraudulent concealment simply does not fit this litigation, and any attempt to fit this square peg into the round hole will inevitably be futile.

A court need not grant leave to amend a pleading where the amendment will be futile and would not cure the deficiencies in the existing complaint. *See, e.g., Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011) ("After reviewing the record below and the allegations on appeal, we have no reason to believe that an amendment would not be futile in this case."); *Foster v. Page 12DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("[A] district court may deny a motion to amend 'if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss....'" (quoting *Crestview Vill. Apartments v. United States Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004))).

Here, the PSC does not suggest how any Plaintiff in this MDL could possibly amend a Short-Form complaint to state a tenable claim of fraudulent concealment under the circumstances of the claims they assert. As the Court noted in the *Graham* and *McDermitt* decisions cited above, the elements of a claim of fraudulent concealment include (1) the defendant's knowledge that the plaintiff has been injured and has a cause of action against it and (2) the defendant's concealment of the existence of that cause of

---

[6] Cook filed a separate combined response opposing the *Priesmeyer* and *Yedman* motions and pointing the futility of their proposed amendments, *see* Dkt. 15358, and has moved the Court to reconsider its grant of those motions, *see* Dkt. 15656.

action from the Plaintiff. The doctrine is designed for those relatively rare situations in which a defendant knows that the defendant has injured a plaintiff but the plaintiff does not know that the injury has occurred, as when a surgeon intentionally leaves a part of a broken medical instrument in a patient, *see, e.g., Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983), or where a defendant who drafts or files legal documents misleads a plaintiff about the effect of those documents, *see, e.g., Ferrell v. Ferrell,* 719 P.2d 1, 5 (Kan. App. 1986).

Here, Plaintiffs claim that they have suffered physical injuries as the result of a defect in a Cook filter that was selected and placed by the Plaintiff's personal doctors– injuries that Plaintiffs allege occurred months or years after Cook had any contact with the filter involved. Given the nature of these claims, Cook submits that it is impossible to theorize ***any*** plausible set of circumstances in which Cook would be aware that a Plaintiff had suffered some claimed injury—perforation, tilt, migration, whatever—and yet the Plaintiff himself or herself would ***not*** be aware of that injury. The PSC certainly posits no such hypothetical set of circumstances, and no individual Plaintiff has claimed that any such set of circumstances actually exists.

Any theoretical amendment to Plaintiffs' fraudulent concealment would thus unavoidably fail as futile, and the Court need not permit such amendment. *See, e.g., Foster*, 545 F.3d at 584; *U.S. ex rel. Raynor v. National Rural Utilities Co-op. Finance, Corp.*, 690 F.3d 951, 958 (8th Cir. 2012) (holding that futility of amendment was valid reason for denying motion for leave to amend the complaint under the False Claims Act absent explanation of how amended complaint would comply with heightened

requirement of pleading fraud with particularity); *380544 Canada, Inc. v. Aspen Technology, Inc.*, 633 F.Supp.2d 15, 36-37 (S.D.N.Y. 2009) (denying motion to replead based on failure to plead fraud claims with required particularity).

**II.     Reply to *Rose* response.**

Plaintiff Justin Rose's response confuses his claim that Cook fraudulently concealed his cause of action with his invocation of Oregon's discovery rule. *See* Dkt. 15425 at 2-3. Although both fraudulent concealment and the discovery rule can affect the application of the statute of limitations, they are different doctrines with different elements, and Plaintiff Rose has neither plead the elements of fraudulent concealment nor provided the particularized allegations of fact required by Rule 9(b).

As Plaintiff Rose acknowledges, a plaintiff may claim that a statute of limitations is tolled based on fraudulent concealment only where a defendant "wrongfully conceals material facts and thereby prevents discovery of his wrong or of the fact that a cause of action has accrued against him." Dkt. 15415 at 2 (quoting *Chaney v. Fields Chevrolet Co.*, 264 Or. 21, 27, 503 P.2d 1239, 1241 (1972)). But as discussed above and in Cook's original motion, neither the Master Complaint nor Plaintiff Rose's Short-Form Complaint alleges that Cook even knew that Plaintiff Rose had been injured, much less that Cook concealed that fact from him to delay his commencement of an action against it. The claim therefore fails as a matter of law. And even assuming for the sake of argument that Plaintiff Rose had plead the elements of fraudulent concealment, he has not plead the "circumstances constituting" that fraud with the particularity required by Rule 9(b)—a deficiency Plaintiff's Rose's response does not even mention.

The final paragraph of Plaintiff Rose's response argues that even if fraudulent concealment does not apply in his case, he nevertheless timely commenced his action under Oregon's discovery rule. *See* Dkt. 15415 at 2-3. But that argument goes beyond the scope of the present motion. Cook's present motion does not raise the question of whether Oregon's discovery rule would save Plaintiff Rose's claims, and it does not seek the dismissal of his action.[7] The Court therefore need not and should not address those issues here.

### III.   Reply to *Sauls* response.

Plaintiff Sauls' response to Cook's motion, Dkt. 15418, erroneously conflates the allegations underlying her substantive failure-to-warn claims with her claim that Cook's fraudulent concealment tolls the statute of limitations on her substantive claims. Plaintiff Sauls spends most of her brief arguing (1) that Cook failed to warn Plaintiff before the placement of her IVC filter about the risks of such filters, and (2) that Plaintiff could not have discovered her injury or her cause of action until August of 2016. *See* Dkt. 15418 at 2-17. But those arguments have no bearing on the present motion; as with Plaintiff Rose, Cook's motion does not ask the Court to dismiss Plaintiff's substantive claims based on the statute of limitations or any other ground. Cook asks only that the Court dismiss the claim by Plaintiff Sauls (and every other Plaintiff) that the statute of limitations on her claims was tolled by Cook's supposed fraudulent concealment of the existence of her cause of action. *See* Dkt. 13649 at 1-2.

---

[7] Cook reserves the right to move for summary judgment on the *Rose* case at a later date, as his claims appear to be barred by both the Oregon statute of repose, O.R.S. § 30.905(2), and the Oregon statute of limitations, O.R.S. § 30.905(1-3).

Plaintiff Sauls does briefly address the issue actually raised by Cook's motion, *see* Dkt. 15418 at 18-19, but her argument misreads the law. Plaintiff Sauls argues that because the alleged defect in her IVC filter was a "producing cause" of her injury, Cook's claimed concealment of the defect "necessarily" means that Cook concealed the "producing cause" of Plaintiff's injury. But this argument again misses the point; Plaintiff Sauls argues that Cook knew of and concealed from her the ***risk*** of injury from her IVC filter; she does not and cannot claim that Cook knew of or concealed from her the fact that she had ***actually*** been injured or that she had a cause of action against Cook based on that injury. *See Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983) (holding that statute of limitations is tolled where defendant "fraudulently conceals the existence of a cause of action from the party to whom it belongs").

Plaintiff Sauls' reliance on *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 578 (Tex. 2001), and *Stein v. D'Amico*,1989 U.S. Dist. LEXIS 9511, at *7–8 (N.D. Ill. Aug. 8, 1989) (mem. op.), *see* Dkt. 15418 at 19, is misplaced. Both of these cases involve substantive claims of fraud; neither case involved the issue here, whether a defendant's fraudulent concealment from a plaintiff of the plaintiff's cause of action tolls the statute of limitations. Indeed, neither case involves the statute of limitations at all.

Plaintiffs' effort to distinguish the Court's decisions in the *Graham* and *McDermitt* cases also misses the point of the present motion. Plaintiff argues that unlike the Plaintiffs in *Graham* and *McDermitt*, she discovered her injury in 2016, diligently pursued information about the injury, and commenced her action within two years. *See* Dkt. 15418 at 19-20. While those assertions would be relevant to whether Plaintiff Sauls

complied with Oregon's two-year statute of limitations, that is not the issue raised in the present motion. Cook has moved *only* to dismiss Plaintiffs' claims that Cook's fraudulent concealment of their causes of action tolled the statute of limitations. Like Plaintiffs Graham and McDermitt, Plaintiff Sauls makes no allegation that Cook knew of or concealed from Plaintiff Sauls the existence of her cause of action against Cook. Thus, as in *Graham* and *McDermitt*, her claim of fraudulent concealment fails as a matter of law. See Dkt. 5575 at 7 (*Graham*); Dkt. 13187 at 7-8 (*McDermitt*).

Plaintiff Sauls also opposes the dismissal of his claim of equitable estoppel to toll the statute of limitations, claiming that Cook's motion failed to address the elements of equitable estoppel. See Dkt. 15418 at 20-21. Plaintiff Sauls is mistaken. Cook's original motion noted that Plaintiffs' Master Complaint expressly based its claim of equitable estoppel wholly on its claim of fraudulent concealment, so that the failure of the fraudulent concealment claim necessarily eliminates the equitable estoppel claim as well:

> Because Plaintiffs' Master Complaint explicitly premises its claim of equitable estoppel on its claim of fraudulent concealment, *see* Dkt. 213 at ¶ 199 ("Defendants are equitably estopped from asserting any limitations defense *by virtue of their fraudulent concealment*") (emphasis added), this motion addresses both claims in the context of the fraudulent concealment claim. *See also* Black's Law Dictionary at 571 (7th ed. 1999) (noting that equitable estoppel "is founded on principles of fraud").

Dkt. 13649 at 3. Plaintiff Sauls offers no response to this point, not does she argue that her fraud-based equitable estoppel claim with the particularity required by Rule 9(b).

Finally, Plaintiff Sauls opposes Cook's alternative motion for partial summary judgment on her claim of fraudulent concealment on the ground that Cook failed to "cite

- 14 -

specific summary judgment evidence to show that the facts are not genuinely disputed." Dkt. 15418 at 21.  Plaintiff Sauls misunderstands the burdens imposed by Rule 56; since the Supreme Court's seminal decision in *Celotex Corp. v. Catrett*, the law has been clear that a party moving for summary judgment need not offer evidence *negating* its opponent's claims unless the opponent first offers evidence *supporting* that claim.  As the Seventh Circuit stated, Rule 56 "does not require the moving party to 'support its motion with affidavits or other similar materials negating the opponent's claim.'" *Modrowski v. Pigatto*, No. 11-1327, 712 F.3d 1166, 2013 U.S. App. LEXIS 6999, 2013 WL 1395696, at *2 (7th Cir. Apr. 8, 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

To meet Rule 56's initial burden a defendant need only assert that the plaintiff lacks evidence substantiating the plaintiff's claim. *Linne v. Adams*, 525 Fed. Appx. 442, 444 (7th Cir. 2013) (citing *Celotex Corp.*, 477 U.S. at 325) *MMG Fin. Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 657 (7th Cir. 2011).  Once the defendant has pointed out this perceived gap in the plaintiff's case, the plaintiff is obliged to provide evidence demonstrating that a jury reasonably could find in her favor. *Linne*, 525 Fed. App'x at 444 (citing *Modrowski*, 2013 U.S. App. LEXIS 6999, 2013 WL 1395696, at *2; *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010)).  A defendant need only produce evidence supporting summary judgment *if* the plaintiff can establish a *prima facie* case.  *George v. Walker*, 535 F.3d 535, 539 (7th Cir. 2008); *Garrett v. Barnes*, 961 F.2d 629, 633 (7th Cir. 1992).

Here, the evidence that Plaintiff Sauls offers in support of her claim of fraudulent

- 15 -

concealment fails to establish a *prima facie* case for that claim.  As noted above, to establish fraudulent concealment, a plaintiff must establish that the defendant has "fraudulently conceal[ed the existence of a cause of action from the party to whom it belongs." *Borderlon*, 661 S.W.2d at 908.  The evidence that Plaintiff Sauls offers to oppose Cook's motion addresses (1) the implantation of her IVC filter, Dkt. 15418 at 22, (2) the symptoms she suffered following that placement that she attributes to the filter, *id.*, (3) the migration and perforation of her filter, *id.* at 22-23, and (4) Cook's alleged knowledge of supposed "defects" in its IVC filters years before the placement of Plaintiff's filter, *id.* at 23.  Some of this evidence might arguably support Plaintiff Sauls' *substantive* claims against Cook, but it has nothing to do with her claim that fraudulent concealment by Cook tolls the statute of limitations.  None of her evidence suggests that Cook knew before Plaintiff Sauls that she had suffered an injury from her filter or that she had a cause of action as a result of that injury, nor does it suggest that Cook "concealed the existence of a cause of action" from Plaintiff Sauls.

Plaintiff Sauls has failed to demonstrate a genuine issue of material fact on her claim of fraudulent concealment, and Cook is entitled to partial summary judgment on that claim.

## CONCLUSION

For the reasons discussed above and in Cook's original moving papers, Cook urges the Court to grant its motion and to dismiss or grant summary judgment to Cook on Plaintiffs' claims that Cook's fraudulent concealment tolled the statutes of limitations applicable to Plaintiffs' causes of action.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 22, 2021 | /s/Andrea Roberts Pierson |
|  | Andrea Roberts Pierson |
|  | Jessica Benson Cox |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana 46204 |
|  | Telephone: (317) 237-0300 |
|  | Andrea.Pierson@faegredrinker.com |
|  | Jessica.Cox@faegredrinker.com |
|  |  |
|  | James Stephen Bennett |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 W. Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana 46802 |
|  | Telephone: (260) 424-8000 |
|  | Stephen.Bennett@faegredrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2021, a copy of the foregoing Cook Defendants' Reply Memorandum in Support of Motion For Partial Dismissal or Summary Judgment on Claim of Fraudulent Concealment was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/Andrea Roberts Pierson