UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

James, Tiffany Andrea, 1:18-cv-01278

**DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case. In support of the motion, the Cook Defendants state as follows:

1. <u>Plaintiff's Name</u>:  Tiffany Andrea James

2. <u>Case Number</u>:  1:18-cv-01278

3. <u>Case Origin</u>:  Filed in Southern District of Indiana

4. <u>Plaintiff's Home State per Complaint</u>: Tennessee (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Statute of Repose</u>:  Tennessee (10 years), Tenn. Code Ann. 29-28-103(a) ("Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought . . . within ten (10) years from the date on which the product was first purchased for use or consumption . . . .").

6. <u>Placement Date (latest possible date of purchase)</u>:  January 23, 2006 (*see* Plaintiff's Short Form Complaint, ¶ 11)

7. <u>Filing Date</u>:  April 26, 2018

8. <u>Length of time Between Filter Placement and Filing</u>:  12 years, 3 months, 3 days

## **BRIEF ARGUMENT**

Plaintiff's claims are barred by the Tennessee statute of repose because she did not file her action until more than 10 years after the initial sale of the filter, a sale that could not have occurred any later than the date of the placement procedure.  Under the Court's two prior orders addressing the Tennessee statute of repose, all of Plaintiff's claims are barred.  *See* Dkt. 4918 (dismissing Tennessee plaintiffs' cases in their entirety and rejecting arguments that filter cases involve a latent injury and constitutionality arguments raised by those plaintiffs); Dkt. 14426 (same); *see also Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995) ("Because a statute of repose sets the triggering event as something other than accrual, it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff becomes aware of his or her injury.").

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  February 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

US.131443489.01