UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Benavides, Armando (Estate), 1:17-cv-02047

## DEFENDANTS' MOTION FOR JUDGMENT
## IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Under Federal Rules of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case. In support of the motion, the Cook Defendants state as follows:

1. Decedent's Name:  Armando Benavides

2. Case Number:  1:17-cv-02047

3. Filing Location and Date:  Filed in Southern District of Indiana on June 15, 2017

4. Location of Death: Laredo, Webb County, Texas (*see* Death Certificate provided with categorization filed under seal and attached as **Exhibit A** (redactions part of document as received by Cook))[1]

5. Wrongful Death Deadline:  Texas (2 years), Tex. Civ. Prac & Rem. Code Ann. § 16.003(b) ("A person must bring suit no later than two years after the day the cause of the action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.").[2]

6. Date of Death:  September 14, 2011 (*see* Ex. A, Death Certificate)

---

[1] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions. *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] The Court has ruled that Plaintiff's case is governed by Texas choice of law rules based on its June 15, 2017, filing date. *See* Dkt. 13539 (modifying equitable time period to cases filed between May 31, 2017 and June 13, 2019).

7. <u>Cause of Death</u>:  Pulmonary thromboembolism and deep vein thrombosis (*see* Ex. A, Death Certificate)

8. <u>Length of Time Between Death and Filing</u>:  5 years, 9 months, 1 day.

## BRIEF ARGUMENT

Plaintiff's case is time-barred.  An action for wrongful death in Texas must be commenced within two years of the date of death.  *See* Tex. Civ. Prac & Rem. Code Ann. § 16.003(b) ("A person must bring suit no later than two years after the day the cause of the action accrues in an action for injury resulting in death.  The cause of action accrues on the death of the injured person.").  Here, Plaintiff did not bring this action until more than five years after Mr. Benavides' death.[3]

The Texas Supreme Court has held that the Texas wrongful death statute imposes an absolute two-year statute of limitations and that the discovery rule does not apply:

> The language used in section 16.003(b) reflect a clear legislative intent to adopt an absolute two-year limitations period for wrongful death actions.  The legislature could have either left 'accrual' undefined in section 16.003(b) or could have stated that the case of action accrues 'on death of the injured person or upon discovery of the cause of death'; either route would have allowed the discovery rule to be applied to section 16.003(b).  **Instead, the statute unambiguously specifies one event—death—and only that one event as the date upon which the action accrues.  By specifying the date, the legislature foreclosed the application of the discovery rule.**  If we concluded otherwise, we would be disregarding the plain meaning of section 16.003(b), distorting the clear function of the discovery rule, frustrating the legitimate purpose of limitation statutes, and ignoring the well-reasoned opinions of most other jurisdictions.

*Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 354-55 (Tx. 1990) (emphasis added; internal footnote omitted).  Because Plaintiff claims that Mr. Benavides' injuries resulted in death,

---

[3] Plaintiff's case was included in Cook's omnibus motion for summary judgment based on the statute of limitations of five states and was listed in that motion as a "Category 5: Failed Retrieval" case.  *See* Dkt. 11725-1 (listing cases with Plaintiff's case listed as entry no. 65).  Plaintiff amended the categorization to categorize the case as a wrongful death case in September 2020, after Cook's motion had already been filed.

Plaintiff's claims for recovery under other theories are likewise time-barred. *See* Tex. Civ. Prac. & Rem. Code § 16.003(b) ("A person must bring suit not later than two years after the day the cause of action accrues *in an action for injury resulting in death*. The cause of action accrues on the death of the injured person.") (emphasis added); *see also Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 348 (Tx. 1992) (explaining that "[i]f a decedent may maintain suit for personal injuries at his death, his statutory beneficiaries may sue for wrongful death, their cause of action accrues at the decedent's death, and the statute of limitations begins to run against them at that point.").

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  February 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

# EXHIBIT A

US.131542271.01

# EXHIBIT FILED SEPARATELY UNDER SEAL

US.131542271.01