UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Kinsey, Clayton, 1:17-cv-04414

## DEFENDANTS' MOTION FOR JUDGMENT
## IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c) and 56, and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case.[1]  In support of the motion, the Cook Defendants state as follows:

1. <u>Plaintiff's Name</u>:  Clayton Kinsey

2. <u>Case Number</u>:  1:17-cv-04414

3. <u>Filing Location and Date</u>:  Filed in S. D. of Indiana on November 29, 2017

4. <u>Plaintiff's Home State per Complaint</u>: Georgia (first complaint) or Alabama (second complaint)[2]

5. <u>Applicable Choice of Law Rules</u>:  Georgia (Plaintiff's home state in operative complaint); *see* Dkt. 13539 (modifying equitable time period for application of home state law to cases filed between May 31, 2017 and June 13, 2019).

6. Applicable <u>Statutes of Limitations</u>:  Alabama (2 years), Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within

---

[1] Plaintiff's case is part of Cook's motion for summary judgment based on the statute of limitations in open removal cases.  *See* Dkt. 11922-1 (list of cases).   The Court continued consideration of Plaintiff's case to a later date.  *See* Dkt. 14000 at 2 (continuing 13 cases).
[2] Plaintiff filed two complaints.  The second complaint was dismissed by stipulation (Dkt. 11338), leaving the first filing (1:17-cv-04414) as the operative complaint.

two years."); Georgia (2 years), Ga. Code Ann. § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues….").

7. <u>Filter Placement Date</u>:  July 3, 2008

8. <u>Latest Possible Date of Accrual</u>:  May 20, 2013 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "Exploration of the inferior vena cava with open removal of the inferior vena cava filter and repair of inferior vena cava perforation" on May 20, 2013)

9. <u>Length of Time Between Filter Placement and Filing</u>:  9 years, 4 month, 26 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  4 years, 6 months, 9 days

## BRIEF ARGUMENT

Cook's understanding from review of Plaintiff's case categorization and PPS is that Plaintiff presently resides in Alabama, resided in Georgia at the time of the removal procedure, but underwent medical care in Alabama.  *See* Exhibit A (indicating that Plaintiff's open removal procedure was performed at a hospital in Alabaster, Alabama).  The Court need not conduct a formal choice of law analysis here, however, as Cook is entitled to judgment under both Alabama and Georgia law.

Plaintiff's personal injury claims are barred under both Alabama and Georgia law because the case was filed more than five years after the filter was removed.[3]  *See supra*, ¶¶ 3, 8, 10.  The statute of limitations in Alabama is two years, with no discovery rule.  *See Moon v.*

---

[3] The case would also be barred if Indiana law applied to Plaintiff's claim.  *See* Ind. Code 34-20-3-1(b)(1) ("Except as provided in section 2 of this chapter, a product liability action must be commenced:  (1) within two (2) years after the cause of action accrues").  More specifically, the Court has already ruled on this issue under Indiana law, granting summary judgment in open removal cases where the filter was removed more than two years before filing.  *See* Dkt. 14428 (granting summary judgment in six open removal cases governed by Indiana law); *see also* Cook Defs.' Am. Reply in Support of Omnibus Mot. for Summary Judgment, Dkt. 12451 at 6-9 (discussing objective standard for statute of limitations under Indiana law and citing multiple cases holding that accrual began no later than device removal, including *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (applying Indiana law); *Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983); and *Neuhasuer v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983)).  As noted herein, Alabama courts have rejected the discovery rule and Georgia courts apply the discovery rule only in cases where an injury develops over an extended period of time.  As such, Plaintiff's claim could not have accrued later than the date of his open removal procedure, the same triggering event the Court applied in its order in the cases governed by Indiana law.

*Harco Drugs, Inc.*, 435 So.2d 218, 220 (Ala. 1983) ("This Court has repeatedly held that a cause of action accrues when the injury occurs, and in so doing, this Court has refused to accept the so-called 'discovery rule.'"); *Payton v. Monsanto Co.*, 801 So. 2d 829, 835 (Ala. 2001) (same).

Georgia's statute of limitations is also two years, and the Georgia Supreme Court has held that the discovery rule only applies "to cases of bodily injury which develop only over an extended period of time." *Corp. of Mercer Univ. v. Nat'l Gypsum Co.,* 368 S.E.2d 732, 733 (Ga. 1988). Thus, the discovery rule in Georgia has no bearing on cases where the injury is based on a "discrete and identifiable" event. *Carpenter v. Lockheed Martin Corp.*, 2019 WL 5295728, at *3 (S.D. Ga. Oct. 18, 2019). If Georgia law applies, any potential benefit provided to Plaintiff by the discovery rule would have ceased *at the latest* on the date of his open removal procedure.

Plaintiff's implied warranty claim also fails. Under Alabama law, Plaintiff's implied warranty claim is subject to a four-year statute of limitations from the date of delivery, *see* Ala. Code § 7-2-725(1), but Plaintiff filed his case more than nine years after receiving his filter. *See* ¶¶ 3, 7, 9. Under Georgia law, warranty claims are subject to the two-year statute of limitations discussed above. *See Adair v. Baker Bros, Inc.*, 366 S.E.2d 164, 165 (Ga. Ct. App. 1988).[4]

Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[4] Indiana follows the same rule as Georgia. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

                              Respectfully submitted,

Dated: February 16, 2021                  /s/ *Jessica Benson Cox*
                                            Jessica Benson Cox, Co-Lead Counsel
                                            Andrea Roberts Pierson,
                                            FAEGRE DRINKER BIDDLE & REATH LLP
                                            300 North Meridian Street, Suite 2500
                                            Indianapolis, Indiana  46204
                                            Telephone:  (317) 237-0300
                                            Andrea.Pierson@FaegreDrinker.com
                                            Jessica.Cox@FaegreDrinker.com

                                            James Stephen Bennett, Co-Lead Counsel
                                            FAEGRE DRINKER BIDDLE & REATH LLP
                                            110 West Berry Street, Suite 2400
                                            Fort Wayne, Indiana  46802
                                            Telephone:  (260) 424-8000
                                            Stephen.Bennett@FaegreDrinker.com

                                            *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                            /s/ *Jessica Benson Cox*

# EXHIBIT A

US.131542271.01

# EXHIBIT FILED SEPARATELY UNDER SEAL

US.131542271.01