UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates Only to the Following Cases:

Flack, Beth, individually and on behalf of
Virgil Flack, 1:17-cv-00677

---

# DEFENDANTS' MOTION FOR JUDGMENT
# IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Under Federal Rules of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case. In support of the motion, the Cook Defendants state as follows:

1. Decedent's Name:  Virgil Flack

2. Case Number:  1:16-cv-00677

3. Filing Location and Date:  Filed in S. D. of Indiana on March 24, 2016

4. Location of Death: Rutherfordton, Rutherford County, North Carolina (*see* Case Categorization Form. Hospital Death Summary Record, and Death Certificate provided with categorization, filed under seal and attached as **Exhibit A**[1]

5. Wrongful Death Deadline:  North Carolina (2 years), N.C. Gen. Stat. § 1-53(4) ("Within two years—(4) Actions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under Gen. Stat 28A-18-2; the cause of action shall not accrue until the date of death. . . .").[2]

---

[1] The Court may consider categorization forms and supporting records on a Rule 12(c) motion as it has done with some prior motions.  *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] Plaintiff's case is governed by Indiana choice of law rules based on its March 24, 2016, filing date.  *See* Dkt. 13539 (modifying equitable time period to cases filed between May 31, 2017 and June 13, 2019). Indiana treats the deadline for filing a wrongful death action as "not a statute of limitations, but rather, a condition precedent" to the substantive existence of the claim.  *Robertson v. Gene B. Glick Co.*, 960

6. <u>Date of Death</u>: March 25, 2013 (*see* Ex. A, Death Certificate)

7. <u>Cause of Death</u>: Acute pulmonary arrest and pulmonary embolism (*see id.*)

8. <u>Length of Time Between Death and Filing</u>: 2 years, 11 months, 28 days.

## BRIEF ARGUMENT

Plaintiff's case is time-barred. An action for wrongful death in North Carolina must be commenced within two years of the date of death. N.C. Gen. Stat. § 1-53(4) ("Within two years—(4) Actions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under Gen. Stat 28A-18-2; the cause of action shall not accrue until the date of death. . . ."). Here, Plaintiff did not bring this action until almost three years after Mr. Flack's death.

As quoted above, the controlling North Carolina statute expressly states that the "cause of action shall not accrue until the date of death." *Id.* North Carolina courts have explained that "[t]he [wrongful death] cause of action accrues upon the decedent's death and remedies misconduct causing death specifically." *Taylor v. Norfolk S. Ry. Co.*, 86 F. Supp. 3d 448, 453 (M.D. N.C. 2015) (citing *Raftery v. Wm. C. Vick Const. Co.*, 230 S.E.2d 405, 407 (N.C. 1976)).

Moreover, Plaintiff cannot pursue any other claims sounding in personal injury, including implied breach of warranty, because they are merged under North Carolina law with her wrongful death claim. As the *Taylor* court explained in detail, the North Carolina "Wrongful Death Act both encompasses and surpasses the recovery on a survivorship claim" and thus "a survivorship claim will commonly give way to the wrongful death claim, with the latter

---

N.E.2d 179, 184 (Ind. Ct. App. 2011). Thus, Plaintiff's claim here is governed by North Carolina law because Mr. Flack died there, and Indiana law retains a rebuttable presumption "that the law of the place of the tort applies" on substantive issues, defined as the place "where the last event necessary to make the [defendant] liable occurred." *Simon v. U.S.*, 805 N.E.2d 798, 805 (Ind. 2004). Plaintiff's case would also be barred under Indiana law because the deadline for filing a wrongful death action in Indiana is also two years from the date of the death. *See* Ind. Code. § 34-11-2-4.

providing the exclusive remedy for the decedent's injuries." *Taylor*, 86 F. Supp. 3d at 453. Thus, when a plaintiff pursues claims for "a decedent['s] injuries that ultimately result in death, any survivorship claim merges into the wrongful death claim, with the latter providing the 'only remedy.'" *Id.* (quoting *Bolick v. S. Ry. Co.*, 50 S.E. 689, 690 (N.C. 1905) (explaining that "the pending action for the lesser injuries abates.")). *See also State Auto Ins. Co. v. Blind*, 650 S.E.2d 25, 29 (N.C. Ct. App. 2007) ("[W]e hold that when a single negligent act of the defendant causes a decedent's injuries and those injuries unquestionably result in the decedent's death, the plaintiff's remedy for the decedent's death pain and suffering and medical expenses lies only in a wrongful death claim. Such claim is 'encompassed by the wrongful death statute and 'must be asserted under that statute.'") (quoting *Christenbury v. Hedrick*, 234 S.E.2d 3, 5 (N.C. 1977)).

Here, it is apparent that Plaintiff's other claims are merged with her wrongful death claim because she categorized her claims as Category 7(f) recurrent PE and Category 7(j) death, adding the same comment to both categories: "Plaintiff died of a presumed massive PE while filter was in place." Ex. A. Because the injury is premised on PE and PE was the cause of death (*see id.*), Plaintiff's "only remedy" lies with the wrongful death statute. *Taylor*, 86 F. Supp. 3d; *see also Blind*, 650 S.E.2d at 29.

Even if they were merged into the wrongful death claim, Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

        Respectfully submitted,

Dated: February 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

# EXHIBIT A

US.131542271.01

# EXHIBIT FILED SEPARATELY UNDER SEAL

US.131542271.01