UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION               MDL No. 2570

---

This Document Relates Only to the Following Cases:

Hoskins, Jacqueline (Estate), 1:17-cv-03097

---

**DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Under Federal Rules of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case. In support of the motion, the Cook Defendants state as follows:

1. <u>Decedent's Name</u>:  Jacqueline Hoskins

2. <u>Case Number</u>:  1:17-cv-03097

3. <u>Filing Location and Date</u>:  Filed in S. D. of Indiana on September 6, 2017

4. <u>Location of Death</u>: Batavia Township, Claremont County, Ohio (*see* Hospital Death Records and Death Certificate provided with categorization, filed under seal and attached as **Exhibit A**)[1]

5. <u>Wrongful Death Deadline</u>:  Ohio (2 years), Ohio Code 2152.02(A) ("Except as provided in division (D)(2) of this section, a civil action for wrongful death shall be commenced within two years after the decedent's death.").[2]

6. <u>Date of Death</u>:  September 1, 2015 (*see* Ex. A, Death Certificate)

7. <u>Cause of Death</u>:  Sepsis, pneumonia, renal failure (*see* Ex. A, Death Certificate)

---

[1] The Court may consider categorization forms and supporting records on a Rule 12(c) motion for judgment on the pleadings as it has done with some prior motions. *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] Plaintiff's case is governed by Ohio choice of law rules based on its September 6, 2017, filing date. *See* Dkt. 13539 (modifying equitable time period to cases filed between May 31, 2017 and June 13, 2019).

    8.    <u>Length of Time Between Death and Filing</u>:  2 years, 0 months, 5 days.

## BRIEF ARGUMENT

Plaintiff's case is time-barred.  As expressly stated in the statute, an action for wrongful death in Ohio must be commenced within two years of the date of death.  *See* Ohio Code 2152.02(A) ("Except as provided in division (D)(2) of this section, a civil action for wrongful death shall be commenced within two years after the decedent's death.").  Here, Plaintiff did not bring this action until more than two years after Mrs. Hoskins' death.

The Ohio Supreme Court has recognized a very limited exception to this rule, holding that "[i]n a wrongful death action that stems from a murder, the statute of limitations begins to run when the victim's survivors discover, or through the exercise of reasonable diligence should have discovered, that the defendant had been convicted and sentenced for that murder." *Collins v. Sotka*, 692 N.E.2d 581, 585 (Ohio 1998).  As the Ohio Court of Appeals explained recently, the *Collins* "court was particularly concerned with the facts of that case, which included that the death was the result of a murder; that the body had not been found until five months after the murder (and hence the death) had occurred, and although the cause of death became apparent when the body was found, the tortfeasor's identity was not known at that point." *Siegel v. State*, 2020 WL 5821283, at *16 (Ohio Ct. App. Sept. 30, 2016) (discussing the factual and policy reasons behind the narrow exception recognized by *Collins*).  Thus, the *Siegel* court held that accrual "turns on the occurrence of a cognizable event" regarding the decedent's medical condition and that the "cognizable event for the purposes of the discovery rule was decedent's death."  *Id*.  The *Siegel* court further distinguished *Collins* by noting that the identity of the treating physicians was known to plaintiffs and that while the "specific cause of death may not have been immediately apparent, this is so in many medical malpractice cases." *Id.*

As with *Siegel*, which also arose in a medical treatment setting, there are no grounds here to deviate from the statutory rule requiring Plaintiff's case to be filed within two years of the decedent's death.  As noted in the death certificate and related hospital records submitted with the categorization, it was immediately known that Mrs. Hoskins died from multiple medical conditions, including kidney failure and sepsis.³  *See* Exhibit A.  Those records further noted that she had an IVC filter in her body at the time of death, and Cook's identity as the manufacturer could have been readily ascertained through further inquiry.  *See id.*

To the extent Plaintiff may argue that she has other viable claims, Ohio courts have held in the product liability context that "the discovery rule applies '[w]hen an injury does not manifest itself immediately."  *Braxton v. Peerless Premier Appliances Co.*, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003).  Put differently, "[t]he discovery rule concerns the situation where an injury is incurred, but not discovered until later."  *Id.*; *see also e.g., Gordon v. B. Braun Med., Inc.*, 2020 WL 1491378, at *5 (S.D. Ohio March 27, 2020) (holding in an IVC filter case that all of plaintiff's warranty claims were abrogated by and duplicative of her product liability claims).  As a consequence, any potential benefit provided to Plaintiff by the discovery rule would have ceased by the time of Mrs. Hoskins' death, as multiple bodily injuries had manifested by that point.

Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, Plaintiff's case should be dismissed with prejudice.

---

³ Cook disputes that the filter was the legal cause of Mr. Hoskins' death as her medical conditions may have had other underlying causes.  Under Ohio Code 2152.02(A), however, Mr. Hoskins' death triggered the statute of limitations for Plaintiff to investigate further whether she had a claim.

- 3 -

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  February 16, 2021 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson, |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

# EXHIBIT A

US.131542271.01

# EXHIBIT FILED SEPARATELY UNDER SEAL

US.131542271.01