UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION               MDL No. 2570

This Document Relates Only to the Following Cases:

Scheinok, Allen individually and as successor in interest
of Sally Scheinok, decedent, 1:17-cv-3285

### DEFENDANTS' MOTION FOR JUDGMENT
### IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Under Federal Rules of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case. In support of the motion, the Cook Defendants state as follows:

1. Decedent's Name:  Sally Scheinok

2. Case Number:  1:17-cv-3285

3. Filing Location and Date:  Filed in the Southern District of Indiana on September 15, 2017

4. Location of Death: San Diego, California (*see* Death Certificate provided with categorization filed under seal and attached as **Exhibit A**)[1]

5. Wrongful Death Deadline:  Cal. Civ. Proc. Code § 335.1 ("[The Time of Commencing Actions Other Than for Recovery of Real Property] Within two years:  An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another.").[2]

---

[1] The Court may consider categorization forms and supporting records on a Rule 12(c) motion as it has done with some prior motions.  See Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] Plaintiff's case is governed by California choice of law rules based on its September 15, 2017, filing date.  See Dkt. 13539 (modifying equitable time period to cases filed between May 31, 2017 and June 13, 2019).

US.131500632.03

6. <u>Date of Death</u>:  August 17, 2013 (*see* Ex. A, Death Certificate)

7. <u>Cause of Death</u>:  Severe pulmonary emboli (*see* Ex. A, Death Certificate)

8. <u>Length of Time Between Death and Filing</u>:  4 years, 0 months, 29 days

**BRIEF ARGUMENT**

Plaintiff's case is time-barred.  An action for wrongful death in California must be commenced within two years of the date of death.  *See* Cal. Civ. Proc. Code § 335.1 ("[The Time of Commencing Actions Other Than for Recovery of Real Property] Within two years:  An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another.").  Here, Plaintiff did not bring this action until more than four years after Mrs. Scheinok's death.

The California Supreme Court has held that "at least as a usual matter, the date of accrual of a cause of action for wrongful death is the date of death."  *Norgart v. Upjohn Co.*, 981 P.2d 79, 93 (Cal. 1999) (citing *Larcher v. Wanless*, 557 P.2d 507 (Cal. 1976); *see also Quieroz v. Seventh Ave Ctr.*, 140 Cal. App. 4th 1256, 1277 (2006) (same)).  California courts apply this rule because "it is only on the date of death a wrongful death cause of action becomes complete with all of its elements. . . ."  *Norgart*, 981 P.2d at 93 (citing Cal. Civ. Proc. Code § 377.60).  Here, Plaintiff's Complaint provides that Mrs. Scheinok received her filter on August 16, 2013 and records indicate that Mrs. Scheinok passed away from severe pulmonary emboli on the next day.  *Compare* Pl.'s Compl., ¶ 11 *with* Ex. A, Death Certificate.  Thus, the statute of limitations began to accrue when she died on August 17, 2013.  *See Norgart*, 981 P.2d at 93; *Quieroz*, 140 Cal. App. 4th at 1277 (2006).

To the extent Plaintiff's Complaint seeks recovery of damages for other claims, for those claims are likewise time-barred because the statute of limitations for personal injury and

wrongful death in California is governed by the same two-year statute of limitations.  *See* Cal. Civ. Proc. Code § 335.1; *see also Zamudio-Soto v. Bayer Healthcare Pharms., Inc.*, 2017 386375, at *5-6 (N.D. Cal. Jan. 27, 2017) (collecting California cases and explaining that courts "have applied the two-year statute of limitations to claims arising from a wide variety of legal theories," including breach of express warranty, breach of implied warranty, loss of consortium, and claims sounding in fraud).

In the alternative, Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  February 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

# EXHIBIT A

US.131542271.01

# EXHIBIT FILED SEPARATELY UNDER SEAL

US.131542271.01