UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Snider, Jason, 1:17-cv-3614

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case.[1] In support of the motion, the Cook Defendants state as follows:

1. <u>Plaintiff's Name</u>:  Jason R. Snider

2. <u>Case Number</u>:  1:17-cv-3614

3. <u>Filing Location and Date</u>:  Filed in Southern District of Indiana on October 10, 2017

4. <u>Plaintiff's Home State per Complaint</u>: Ohio (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Ohio, *see* Dkt. 13539 (modifying equitable time period for application of home state law to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statutes of Limitations</u>:  Ohio (2 years), Ohio Code § 2305.10(A) ("[A]n action based on a product liability claim and an action for bodily injury or injuring property shall be brought within two years after the cause of action accrues.").

---

[1] Plaintiff's case is part of Cook's motion for summary judgment based on the statute of limitations in open removal cases.  *See* Dkt. 11922-1 (list of cases).   The Court continued consideration of Plaintiff's case to a later date.  *See* Dkt. 14000 at 2 (continuing 13 cases).

US.131499580.02

7. <u>Filter Placement Date</u>:  May 26, 2007

8. <u>Latest Possible Date of Accrual</u>:   March 3, 2011 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "[f]oreign body in duodenum," performance of "[e]xploratory laparotomy" on March 3, 2011, and "[r]emoval of inferior vena cava tines from duodenum and pancreas" during that procedure).[2]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  6 years, 7 months, 7 days

### BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Ohio law because the case was filed more than six years after the filter was removed.[3]  *See supra*, ¶¶ 3, 8-9.  Ohio's statute of limitations is two years, and Ohio courts have held in medical device cases that a claim accrues no later than the date of removal of the device.  *See Griffin v. Am. Med. Sys., Inc.*, 106 F.3d 400 (Table), 1997 WL 6131, at *2 (6th Cir. Jan. 7, 1997) (applying Ohio law and holding that the plaintiff "should have known that the prosthesis could be defective when he had the prosthesis removed" and "[t]he removal of the prosthesis alerted [the plaintiff] that the prosthesis might be defective."); *Dunlap v. Medtronic, Inc.*, 47 F. Supp. 2d 888, 890 (N.D. Ohio 1999) (granting summary judgement because the plaintiff "was or should have been aware at the time the

---

[2]  The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions. *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[3] The case would also be barred if Indiana law applied to Plaintiff's claim. *See* Ind. Code 34-20-3-1(b)(1) ("Except as provided in section 2 of this chapter, a product liability action must be commenced:  (1) within two (2) years after the cause of action accrues").  More specifically, the Court has already ruled on this issue under Indiana law, granting summary judgment in open removal cases where the filter was removed more than two years before filing. *See* Dkt. 14428 (granting summary judgment in six open removal cases governed by Indiana law); *see also* Cook Defs.' Am. Reply in Support of Omnibus Mot. for Summary Judgment, Dkt. 12451 at 6-9 (discussing objective standard for statute of limitations under Indiana law and citing multiple cases holding that accrual began no later than device removal, including *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (applying Indiana law); *Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983); and *Neuhasuer v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983)).  As noted above, Ohio courts have similarly held in multiple medical device cases that the statute of limitations begins to accrue no later than the date of the removal of the device.

catheter was replaced, under the discovery rule, the statute of limitations began to run at the end of July 1994."); *Carter v. Medtronic, Inc.*, 2020 WL 2319729 (S.D. Ohio May 11, 2020) (holding that the plaintiff's claims against the manufacturer of an implantable pain pump were time-barred because she was well-aware of her drug-withdrawal injury even *before* the pump was explanted).

Plaintiff's implied warranty claim also fails. Under Ohio law, warranty claims in cases involving personal injury are subject to the product liability statute of limitations discussed above. *See e.g., Gordon v. B. Braun Med., Inc.*, 2020 WL 1491378, at *5 (S.D. Ohio March 27, 2020) (holding in an IVC filter case that all of plaintiff's warranty claims were abrogated by and duplicative of her claims under the Ohio Product Liability Act).[4]

Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

---

[4] Indiana follows the same rule. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991) (holding that two-year statute of limitations for personal injury claims also applies to implied warranty claims).

US.131499580.02

                    Respectfully submitted,

Dated: February 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                    /s/ *Jessica Benson Cox*

US.131499580.02