UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Lunderman, Edward, 1:15-cv-1542

### DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case.[1] In support of the motion, the Cook Defendants state as follows:

1. Plaintiff's Name:  Edward Lunderman[2]

2. Case Number:  1:15-cv-1542

3. Case Origin:  Filed in Southern District of Indiana on September 30, 2015

4. Plaintiff's Home State per Complaint: Texas (Plaintiff's residence at time of placement and location of injury); Georgia (current residence)

5. Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana law applies to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced:  (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date:  November 13, 2008

---

[1] Plaintiff's case is part of Cook's omnibus motion for summary judgment based on the statute of limitations in five states.  *See* Dkt. 11725-1 (no. 94 in list of cases).
[2] Plaintiff's spouse, Sarah Lynn Lunderman, is listed in Plaintiff's Short-Form Complaint as a Co-Plaintiff but the box for the loss of consortium claim was not checked.

8. <u>Latest Possible Date of Accrual</u>:  June 22, 2010 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "Open extraction of inferior vena cava filter" occurring on June 22, 2010, "Repair of vena cava" and "The inferior vena cava filter was then removed from the vena cava.").[3]

9. <u>Length of time Between Filter Placement and Filing</u>:  6 years, 10 months, 17 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  5 years, 3 months, 8 days

**BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than five years after the filter was removed.[4]  *See supra*, ¶¶ 3, 8, 10.  The Court has already ruled on this issue under Indiana law, granting summary judgment in open removal cases where the filter was removed more than two years before filing.  *See* Dkt. 14428 (granting summary judgment in six open removal cases governed by Indiana law); *see also* Cook Defs.' Am. Reply in Support of Omnibus Mot. for Summary Judgment, Dkt. 12451 at 6-9 (discussing objective

---

[3] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[4] Plaintiff's case would also be barred under Texas and Georgia law, which both have a two-year statute of limitations.  *See* Tex. Civ. Prac & Rem. Code Ann. § 16.003(a) ("[A] person must bring suit for . . . personal injury . . . no later than two years after the day the cause of action accrues."); Ga. Code Ann. § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues . . . .").  Courts applying Texas law have similarly held in medical device cases that a claim accrues no later than the date of removal of the device.  *See Shepherd v. Danek Med.*, 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1999) ("[A]ny arguable application of the 'discovery rule' would terminate upon removal of the System."); *Porter v. Danek Med, Inc.*, 1999 WL 1117090, at *1 (S.D. Tex. Aug. 16, 1999) (same as *Shepherd*); *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2016 WL 1493534, at *4 (M.D. Ga Apr. 14, 2016) (granting summary judgment under Texas law because "both Plaintiffs knew or should have known that they suffered some injuries related to the ObTape by the time of their revision surgeries, and that is when their claims accrued.").  With respect to Georgia, the Georgia Supreme Court has held that the discovery rule only applies "to cases of bodily injury which develop only over an extended period of time."  *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E.2d 732, 733 (Ga. 1988). Thus, the discovery rule in Georgia has no bearing on cases where the injury is based on a "discrete and identifiable" event.  *Carpenter v. Lockheed Martin Corp.*, 2019 WL 5295728, at *3 (S.D. Ga. Oct. 18, 2019).  Any potential benefit provided to Plaintiff by the Georgia discovery rule would have ceased at the latest on the date of Plaintiff's open removal procedure.

- 2 -

- 3 -

standard for statute of limitations under Indiana law and citing multiple cases holding that accrual began no later than device removal, including *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (applying Indiana law); *Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983); and *Neuhasuer v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983)).

Plaintiff's implied warranty claim also fails.  Under Indiana law, warranty claims are subject to the respective two-year statutes of limitations discussed above.  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[5]

Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9.  Plaintiff's claim for punitive damages fails as derivative.  To the extent Mrs. Lunderman intended to assert a loss of consortium claim, that claim fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

---

[5] Under Texas law, Plaintiff' implied warranty claim would be subject to a four-year statute of limitations from the date of delivery, *see* Tex. Bus & Comm. Code Ann. § 2.725, and Plaintiff filed this action more than six years after receiving his filter.  *See* ¶¶ 3, 7, 9.  Georgia follows the same rule as Indiana.  *See Adair v. Baker Bros, Inc.*, 366 S.E.2d 164, 165 (Ga. Ct. App. 1988) (holding that warranty claims were time-barred by two-year statute of limitations and explaining that Georgia follows the "general rule" that the applicable "statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief.").

Respectfully submitted,

Dated:  February 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*