UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Fitzgerald, Bethany, 1:17-cv-00387

**DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case. In support of the motion, the Cook Defendants state as follows:

1. <u>Plaintiff's Name</u>:  Bethany J. Fitzgerald[1]

2. <u>Case Number</u>:  1:17-cv-00387

3. <u>Filing Location and Date</u>:  Filed in Southern District of Indiana on February 6, 2017

4. <u>Plaintiff's Home State per Complaint</u>: Arizona (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Indiana, *see* Dkt. 13539 (finding Indiana law applies to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("Except as provided in section 2 of this chapter, a product liability action must be commenced:  (1) within two (2) years after the cause of action accrues");

---

[1] Cook refers to Mrs. Fitzgerald as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint.  Plaintiff's spouse, Steven Fitzgerald, is a Co-Plaintiff on a loss of consortium claim, and this motion seeks dismissal of his derivative claims as well.

US.131521353.03

7.   Filter Placement Date:  November 23, 2010

8.   Latest Possible Date of Accrual:  May 20, 2011 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "She wished her filter to be removed and [her physician] investigated the filter, it was noted that the filter was dislodged . . . [with] hooks and tips outside of the vena cava.", "[Open removal of IVC filter by Dr. Maxwell" and "open removal of the filter and repair of the ivc on 5/20/11.").[2]

9.   Length of Time Between Claim Accrual and Filing:  5 years, 8 months, 17 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than five years after the filter was removed.[3]  *See supra*, ¶¶ 3, 8-9.  The Court has already ruled on this issue under Indiana law, granting summary judgment in open removal cases where the filter was removed more than two years before filing.  *See* Dkt. 14428 (granting summary judgment in six open removal cases governed by Indiana law); *see also* Cook Defs.' Am. Reply in Support of Omnibus Mot. for Summary Judgment, Dkt. 12451 at 6-9 (discussing objective standard for statute of limitations under Indiana law and citing multiple cases holding that accrual began no later than device removal, including *In re Mirena IUD Prods. Liab. Litig.*

---

[2] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[3] Plaintiff's case would also be barred under Arizona law, which also has a two-year statute of limitations. *See* Arizona (2 years), Ariz. Rev. Stat § 12-542(1) ("Except as provided in section 12-551 there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions: (1) for injuries done to the person of another . . . .").  Arizona courts have held that there are instances when "an unfortunate result would immediately put the plaintiff on notice that the result is not only unfavorable but might be attributable to some fault and should be investigated." *Walk v. Ring*, 44 P.3d 990, 994 (Ariz. 2002) (citing *Trede v. Family Dental Ctr.*, 7808 P.2d 116, 118 (Ariz. Ct. App. 1985) (injury to plaintiff's hand during tooth extraction)).  In such instances, the Court "may say as a matter of law that a patient is not only aware of the injury but also on notice to investigate whether the injury is likely attributable to the fault of someone responsible for her care."); *see also Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998) ("A plaintiff need not know all the facts underlying a cause of action to trigger accrual.").  Applying those principles here, Plaintiff was under inquiry notice to investigate whether she had a claim *at the latest* on the date of her open removal procedure.  *See* Exhibit A (noting that Mrs. Fitzgerald underwent an open removal procedure because she "wished her filter to be removed" and her physician noted that the filter was migrated with "hooks and tips outside of the vena cava.").

*(Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (applying Indiana law); *Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983); and *Neuhasuer v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983)).

Plaintiff's implied warranty claim also fails.  Under Indiana law, warranty claims in cases involving personal injury are subject to the product liability statute of limitations discussed above.  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[4]

Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9.  Plaintiff's claim for punitive damages fails as derivative.  Co-Plaintiff Mr. Fitzgerald's loss of consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiffs' claims with prejudice.

Respectfully submitted,

Dated:  February 16, 2021            /s/ *Jessica Benson Cox*

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

---

[4] Arizona follows the same rule.  *See Wetzel v Comm. Chair Co.*, 500 P.2d 54, 57 (Ariz. Ct. App. 1972) (holding that implied warranty claims are subject to the two-year statute of limitations for personal injury actions because claims for "personal injuries caused by defective products should be based upon tort law.").

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*