UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Morris, Nellda, 1:17-cv-1740

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case. In support of the motion, the Cook Defendants state as follows:

1. Plaintiff's Name:  Nellda Morris

2. Case Number:  1:17-cv-1740

3. Filing Location and Date:  Filed in Southern District of Indiana on May 25, 2017

4. Plaintiff's Home State per Complaint: Georgia (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana law applies to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("Except as provided in section 2 of this chapter, a product liability action must be commenced:  (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date:  March 29, 2010

8. Latest Possible Date of Accrual:  September 27, 2011 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "ex lap with IVC filter removal and primary repair of IVC, performed on September 27, 2011", "IVCF

strut through IVC into duodenum s/p removal of IVCF and repair duodenum," and two prior attempts at retrieval that "were in fact complicated by fracture of a wire that then migrated to the pulmonary circulation.").[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  5 years, 7 months, 28 days

### BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than five years after the filter was removed.[2]  *See supra*, ¶¶ 3,8-9.  The Court has already ruled on this issue under Indiana law, granting summary judgment in open removal cases where the filter was removed more than two years before filing.  *See* Dkt. 14428 (granting summary judgment in six open removal cases governed by Indiana law); *see also* Cook Defs.' Am. Reply in Support of Omnibus Mot. for Summary Judgment, Dkt. 12451 at 6-9 (discussing objective standard for statute of limitations under Indiana law and citing multiple cases holding that accrual began no later than device removal, including *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (applying Indiana law); *Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983); and *Neuhasuer v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983)).

---

[1] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] Plaintiff's case would also be barred under Georgia law, which also has a two-year statute of limitations. *See* Ga. Code Ann. § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues . . . .").  The Georgia Supreme Court has held that the discovery rule only applies "to cases of bodily injury which develop only over an extended period of time." *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E.2d 732, 733 (Ga. 1988).  Thus, the discovery rule in Georgia has no bearing on cases where the injury is based on a "discrete and identifiable" event. *Carpenter v. Lockheed Martin Corp.*, 2019 WL 5295728, at *3 (S.D. Ga. Oct. 18, 2019) (rejecting application of discovery rule in a case involving a helicopter crash)*; see also Broughton v. United States*, 2010 WL 11534491 (S.D. Ga. Feb. 1, 2010) (declining to apply the discovery rule to a slip and fall case because a slip and fall victim is not the victim of a continuing tort).  Any potential benefit provided to Plaintiff by the Georgia discovery rule would have ceased at the latest on the date of Plaintiff's removal procedure.

Plaintiff's implied warranty claim also fails.  Under Indiana law, warranty claims in cases involving personal injury are subject to the product liability statute of limitations discussed above.  See *B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[3]

Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  February 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

---

[3] Georgia follows the same rule.  See *Adair v. Baker Bros, Inc.*, 366 S.E.2d 164, 165 (Ga. Ct. App. 1988) (holding that warranty claims were time-barred by two-year statute of limitations and explaining that Georgia follows the "general rule" that the applicable "statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief.").

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*