UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Poggensee, Edward, 1:17-cv-2675

**DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case. In support of the motion, the Cook Defendants state as follows:

1. <u>Plaintiff's Name</u>:  Edward Poggensee

2. <u>Case Number</u>:  1:17-cv-2675

3. <u>Filing Location and Date</u>:  Filed in Southern District of Indiana on August 8, 2017

4. <u>Plaintiff's Home State per Complaint</u>: Iowa (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Iowa, *see* Dkt. 13539 (modifying equitable time period for application of home state law to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>:  Iowa (2 years), Iowa Code § 614.1(2) ("Action may be brought within the times limited as follows, respectively, after their causes accrue, and not afterwards. . . . Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years.").

7. <u>Filter Placement Date</u>:  April 23, 2008

8. <u>Latest Possible Date of Accrual</u>:  March 6, 2013 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "[Open removal of Cook Celect inferior vena cava filter" on March 6, 2013" and "The filter was retrieved.").[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  4 years, 5 months, 2 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Iowa law because the case was filed more than four years after the filter was removed.  *See supra*, ¶¶ 3, 8-9.  Iowa's statute of limitations is two years, and Iowa's discovery rule encompasses inquiry notice.  "A party is placed on inquiry notice when a person gains sufficient knowledge of facts that would put that person on notice of the existence of a problem or potential problem."  *Buechel v. Five Star Quality Care, Inc.*, 756 N.W.2d 732, 736 (Iowa 2008).  Once inquiry notice attaches, "a person is charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation."  *Id.*  "Once a person is aware that a problem exists, the person has a duty to investigate 'even though the person may not have knowledge of the nature of the problem that caused the injury.'"  *Id.* (quoting *Sparks v. Metalcraft, Inc.*, 408 N.W.2d 347, 352 (Iowa 1987)).

Applying those principles here, Plaintiff was under inquiry notice to investigate whether he had a claim *at the latest* on the date of his open removal procedure.  *See* Exhibit A (noting multiple prior failed retrieval attempts and perforation of duodenum as reasons for undergoing open removal procedure); *see also Kelly v. Ethicon, Inc.*, 2021 WL 54566, at *9 (N.D. Iowa Jan. 6, 2021) (granting summary judgment in time-barred mesh case because "[t]he fact that these conditions arose or increased after the implantation surgery and worsened over the course of

---

[1] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

years put the plaintiff on at least inquiry notice that a defect in the TVT implant may be the cause.").[2]

Plaintiff's implied warranty claim also fails. Under Iowa law, warranty claims in cases involving personal injury are subject to the product liability statute of limitations discussed above. *See Franzen v. Deere and Co.*, 334 N.W.2d 730, 733 (Iowa 1983) (holding that implied warranty claims premised on personal injury sound in tort and are subject to the two-year statute of limitations for personal injury claims).[3]

Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

---

[2] This case would also be barred if Indiana law applied to this claim. *See* Ind. Code 34-20-3-1(b)(1) ("Except as provided in section 2 of this chapter, a product liability action must be commenced: (1) within two (2) years after the cause of action accrues"). More specifically, the Court has already granted summary judgment in open removal cases where the filter was removed more than two years before plaintiff filed suit. *See* Dkt. 14428 (granting summary judgment in six open removal cases governed by Indiana law); *see also* Cook Defs.' Am. Reply in Support of Omnibus Mot. for Summary Judgment, Dkt. 12451 at 6-9 (discussing objective standard for statute of limitations under Indiana law and citing multiple cases holding that accrual began no later than device removal, including *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (applying Indiana law); *Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983); and *Neuhasuer v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983)). As discussed above, the same result is warranted under Iowa law, because the statute of limitations under Iowa's inquiry notice standard similarly could not have begun to accrue any later than the date of the open removal procedure.

[3] Indiana follows the same rule. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991) (holding that two-year statute of limitations for personal injury claims also applies to implied warranty claims).

US.131516274.02

Dated: February 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

- 4 -