UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No.  1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to: All Actions

# FIFTH AMENDED CASE MANAGEMENT ORDER #27
**(Amended Bellwether Plan)**

On October 2, 2018, the Court entered an Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan (Filing No. 9322), which required the cases filed in this MDL to be categorized, and which set out a bellwether plan to select two Tulip cases and one Celect case from Categories 5 and 6 for trial.[1]  On July 16, 2019, the Court entered Case Management Order No. 25 (Filing No. 11388), which outlined the bellwether selection protocol, including the random selection of potential bellwether cases from a list of Tulip cases that Plaintiffs' counsel self-selected as Category 5 and 6 (the "Tulip Bellwether Pool").  After the parties exercised strikes, the Court selected for bellwether trial two Tulip cases (*McDermitt* (1:18-cv-946-RLY-TAB) and *Johnson* (1:17-cv-1236-RLY-TAB)) and one Celect case (*Burrage* (1:18-cv-273-RLY-TAB)).  On

---

[1] Category 5 cases are cases where the plaintiff alleges a failed or complicated retrieval, and Category 6 cases are cases where the plaintiff alleges non-symptomatic filter movement, migration, penetration, perforation, thrombosis, occlusion or the presence of a clot in the filter that has not produced physical symptoms or complications.

1

February 19, 2020, the Court entered its Second Amended Case Management Order No. 27 (Filing No. 12906), which entered a scheduling order and trial dates for *McDermitt*, *Johnson*, and *Burrage*, and which provided that should *McDermitt* be dismissed or summary judgment granted, *Johnson* would take its place as the next case to be tried.

On March 31, 2020, the Court granted Cook Defendants' motion for summary judgment in *McDermitt* based primarily on the statute of repose. On April 24, 2020, Plaintiff voluntarily dismissed *Johnson,* citing the Court's rulings on statute of limitations in other IVC Filter cases and the Court's ruling in *McDermitt*.[2] On July 31, 2020, the Court granted a motion to voluntarily dismiss the *Burrage* matter with prejudice,

After discussion and considering the arguments of all parties, and with due consideration given to the impact of COVID-19 on the ability of the Court to conduct a jury trial in the near term, the Court believes this MDL will benefit from a staged approach to resolving the Category 5 and 6 cases, including initial screening for time-barred cases, hearings on the issue of whether Category 5 and 6 cases present a compensable injury, and bellwether trials in 2021.  To that end, the Court **ORDERS** the following schedule:

---

[2] *See* April 23, 2020, Correspondence from Attorney Allison Divine of the Nations Law Firm, which identified these reasons for the dismissal of the *Johnson* matter.

## Case Screening

1. Plaintiffs are directed to conduct a thorough review of their Category 5 and 6 cases to determine if they are barred by the applicable statute of repose or statute of limitations. Consideration should be given to the Court's prior rulings on statute of repose and statute of limitations in this litigation.  Plaintiffs shall notify Cook of any Category 5 or 6 case that may be barred by the statute of repose or statute of limitations and subject to dismissal within **40 days** of the entry of the Screening CMO.  Cook shall thereafter remove them from the lists of cases eligible for the Tulip Bellwether Pool.  Disposition of cases barred by the statute of repose or statute of limitations will be addressed in a separate order.

## Hearings on General Issues and Compensable Injuries

2. Before significant pre-trial activity occurs, the Court will use the remainder of 2020 to address general procedural and/or substantive issues raised by the parties that may inform the parties of the merit of certain cases, reduce the number of new filings, resolve groups of cases, and avoid unnecessary trial expenses.

3. Because the Cook Defendants' position is that Category 5 and 6 cases do not present compensable injuries as a matter of law, the Court will first consider whether an asymptomatic perforation alone constitutes a compensable injury as a matter of law.

4. Should the Court find that asymptomatic perforation does not constitute a compensable injury as a matter of law, and/or the parties agree that Category 6 cases should be dismissed, the Cook Defendants will identify the cases similarly situated for dismissal by the parties and/or disposition by the Court, and the parties will meet and confer with respect to any further amendments to this Case Management Order that may be necessary.

5. Should the Court determine that expert testimony is necessary on the issue of whether an asymptomatic perforation constitutes a compensable injury, the Court will conduct an early "mini-trial" on that issue only with the presentation of expert testimony.

    a. By **December 4, 2020**, counsel for both parties shall submit a proposed scheduling order that outlines deadlines for expert disclosures and proposed dates for a general hearing to be held with expert witnesses on whether asymptomatic perforation presents a legally compensable injury. The expert disclosures should include (i) the identity of the expert witness(es) that will testify on the issue of whether the asymptomatic perforation is a compensable injury, (ii) a current copy of the expert witness's curriculum vitae; and, (iii) each expert's summary of his or her opinion on the question of whether asymptomatic perforation constitutes an injury.

    b. At the hearing, Plaintiff will have two hours to present expert testimony limited to the question of whether the matter presents a compensable injury. Plaintiffs are free to divide that time amongst their witnesses however they see fit. Any cross-examination of an individual Plaintiffs' expert witness shall be limited to two hours.

    c. The Cook Defendants will then have two hours to present their expert testimony limited to the question of whether the matter presents a compensable injury. The Cook Defendants are free to divide that time

amongst their witnesses however they see fit. Any cross-examination of an individual Cook expert witness shall be limited to two hours.

d.  The Court also may at its discretion appoint an independent expert to testify at the hearing.

e.  Based on the preliminary expert testimony, the Court will decide whether asymptomatic perforation presents a compensable injury that permits those cases to move forward in the bellwether process.

### Category 5 and 6 Tulip Bellwether Trial Plan

6. On **October 26, 2020**, Cook shall provide Plaintiffs' Steering Committee with a list of all the Tulip cases that Plaintiffs' counsel self-selected as Category 5 ("Category 5 Tulip Bellwether Pool") or Category 6 as their highest injury category (the "Category 6 Tulip Bellwether Pool"). These lists shall be numbered, assigning each case a unique number, starting with one.

7. By **November 5, 2020,** Plaintiffs are directed to provide any edits or corrections they have to the Category 5 Tulip Bellwether Pool and Category 6 Tulip Bellwether Pool lists to the Cook Defendants.

8. By **February 17, 2021**, the parties shall jointly submit final joint Category 5 Tulip Bellwether Pool and Category 6 Tulip Bellwether Pool lists to the Court. Each list shall again be numbered identifying each case with a unique number, starting with one.

9. During the monthly status conference currently set for **February 18, 2021**, the Court will use random selection to identify 32 cases from the Category 5 and Category 6 Tulip Bellwether Pool lists (the "Initial Bellwether Discovery Cases"). Specifically, the

Court will randomly select cases using http://www.random.org to generate random numbers within the range of unique numbers assigned to the Tulip Bellwether Pool lists while in the presence of counsel for both Plaintiffs and the Cook Defendants. 16 cases will be selected from the Category 5 list, and 16 cases will be selected from the Category 6 list.

10. By **March 2, 2021**, all Initial Bellwether Discovery Case plaintiffs shall submit updated medical authorizations to an agreed-on third-party medical records vendor, an updated Plaintiff Profile Sheet (if applicable), and all medical records in plaintiffs' possession, custody, or control to the Cook Defendants.

11. During the week of **May 10, 2021**, the parties shall exercise their strikes by teleconference with the Court. The strikes allow Plaintiffs and the Cook Defendants' to strike from consideration 8 Tulip cases each (4 from the Category 5 list and 4 from the Category 6 list). Plaintiffs shall exercise their first strike, then the Cook Defendants shall follow with their first strike, and the parties will continue to exercise alternating strikes until all strikes are exhausted. At the beginning of the teleconference, each party will provide notice if a party in any of the Bellwether Pool cases transferred by the JPML pursuant to 28 USC Section 1407(a) refuses to waive the venue rights recognized under *Lexecon*. Should any party refuse to waive *Lexecon* in a case, such a refusal will constitute a strike(s) for the side, or, in the alternative, the opposing side will receive an additional strike for each non-waiving party. Additional strikes must be made **within seven (7) days** of the Court's May teleconference, by filing a Supplemental Notice of Bellwether Pool Strikes. The remaining cases comprise the Tulip Bellwether Pool.

12. On **May 24, 2021**, each side will submit a single brief (no more than 10 pages total) containing a summary of facts and the parties' positions on why cases should or should not be selected as a bellwether case for each of the remaining cases.

13. After consideration of the written submissions and any oral argument, the Court will select two representative Tulip cases as the next two bellwether trials. If a bellwether case is voluntarily dismissed, Cook will be permitted to select a replacement bellwether case from the Initial Bellwether Discovery Cases without regard to strikes.

14. Thereafter, the parties shall confer and submit to the Court proposed pretrial deadlines for the two Tulip cases. The Court will determine case-specific pretrial schedules and deadlines for the bellwether trials, as well as specific trial dates, in a separate order. The parties shall meet and confer on pre-trial and trial orders to assist in a cost-effective disposition of the Category 5 and 6 bellwether cases, including early briefing and dispositive motion deadlines and if necessary, time limits during trial.

15. The Court acknowledges that the aforementioned schedule is contingent upon the ability of plaintiffs' health care providers to timely respond to requests for medical records, which may be delayed given the circumstances of the current global pandemic. The parties are directed to continue to meet and confer about progress made throughout the discovery process, and to keep the Court apprised of any delays encountered due to COVID-19.

SO ORDERED this 18th day of February 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to
Registered Counsel of Record