**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates Only to the Following Cases:

Lunderman, Edward, 1:15-cv-1542

---

**THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL**
**EXHIBIT A TO DEFENDANTS' MOTION FOR JUDGMENT**
**IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court

to maintain under seal **Exhibit A [Dkt. No. 15870]** to Defendants' Motion for Judgment in

Plaintiff's Case Pursuant to CMO-28 (Plaintiff Edward Lunderman) [Dkt. No. 15869] in order to

protect Mr. Lunderman's interest in his medical privacy.  In support of this motion, the Cook

Defendants state:

**LEGAL STANDARD**

1.       Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good

cause," enter an order "requiring that a trade secret or other confidential research, development,

or commercial information not be revealed or be revealed only in a specified way."  *See also*

*Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents

that "meet the definition of trade secret or other categories of bona fide long-term

confidentiality" may be sealed).  Likewise, private health information should be maintained

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

under seal at least until consent by the patient is obtained.  *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2. **Medical Privacy –** With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause.  *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008).  The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained.  *See generally id.* at *3.

3. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.).  Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the

- 2 -

US.131599902.03

presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

### DOCUMENT SOUGHT TO BE SEALED

4.     **Exhibit A [Dkt. No. 15870]** is a compilation of medical records related to the care and treatment of Plaintiff Edward Lunderman. This exhibit constitutes a medical privacy document since it contains details concerning Mr. Lunderman's private medical care. Therefore, this exhibit should be maintained under seal to protect Mr. Lunderman's medical privacy.

### DISCUSSION

5.     **Exhibit A [Dkt. No. 15870]** contains documents and information on Mr. Lunderman's medical care and treatment.

6.     As set forth above, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017). Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.* at *3.

7.     **Exhibit A [Dkt. No. 15870]** contains private health information regarding Mr. Lunderman.

8.      Out of an abundance of caution, the Court should permit this exhibit to be filed and maintained ***under seal*** until Mr. Lunderman consents to what should be disclosed.

9.      A proposed order granting this Motion has been filed with this Motion**.**

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintaining under seal **Exhibit A [Dkt. No. 15870]** to Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Plaintiff Edward Lunderman) [Dkt. No. 15869].

Respectfully submitted,

Dated:  February 19, 2021

*/s/ Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Counsel for Defendants Cook Incorporated,*
*Cook Medical LLC, and William Cook Europe ApS*

- 4 -

US.131599902.03

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2021 a copy of the foregoing **THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL EXHIBIT A TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*

US.131599902.03