UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION  _____  This Document Relates to: All Actions  _____ | )  )  )  )     1:14-ml-02570-RLY-TAB  )     MDL No. 2570  )  )  )  )  ) |

**ENTRY ON THE COOK DEFENDANTS' OMNIBUS MOTION FOR PARTIAL DISMISSAL OR PARTIAL SUMMARY JUDGMENT ON CLAIMS FOR FRAUDULENT CONCEALMENT**

To date, more than 7,000 Plaintiffs who were implanted with inferior vena cava ("IVC") filters have brought suit against Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants"), alleging the IVC filters they manufacture and sell have a tendency to tilt, perforate the vena cava, migrate, and/or fracture. On October 15, 2014, the United States Judicial Panel on Multidistrict Litigation issued a transfer order consolidating Plaintiffs' cases in this court for pretrial proceedings.

On January 30, 2015, Plaintiffs' Steering Committee ("PSC") filed a Master Consolidated Complaint for Individual Claims alleging, *inter alia*, that the Cook Defendants' filters are defectively designed. In anticipation of a statute of limitations challenge by the Cook Defendants, Plaintiffs included a section entitled "Tolling of the

1

Limitations Period" asserting that fraudulent concealment[1] tolls the statute of limitations on their claims. (Filing No. 213, Master Compl. ¶¶ 195-198 at 36).

On June 19, 2020, the Cook Defendants filed a motion for partial dismissal of Plaintiffs' fraudulent concealment claims on grounds that: (1) Plaintiffs have failed to plead them with the particularity required by Federal Rule of Civil Procedure 9(b), and (2) Plaintiffs failed to plead that the Cook Defendants took some action to prevent Plaintiffs from discovering their causes of action. In the alternative, they seek partial summary judgment on the ground that Plaintiffs can identify no evidence that the Cook Defendants acted to prevent Plaintiffs from discovering their causes of action. On January 7 and 8, 2021, the PSC, and individual Plaintiffs Lillie Sauls (1:18-cv-00081) and Justin Rose (1:18-cv-01410), filed responses.

After considering the parties' oral argument[2], the supporting and opposing briefs, the record, and the applicable law, the court finds the Master Complaint fails to state a plausible claim for fraudulent concealment.

**I.       Dismissal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits the court to dismiss a claim for failure to state a claim upon which relief may be granted. In ruling on a 12(b)(6) motion to dismiss, the court accepts all well-pleaded facts in the plaintiff's complaint as true and

---

[1] The Master Complaint asserts both equitable estoppel and fraudulent concealment toll the limitations period. Because Plaintiffs' theory of equitable estoppel ultimately depends on the success of their claim of fraudulent concealment, the Cook Defendants' motion focuses on fraudulent concealment.
[2] The court heard oral argument from the PSC and the Cook Defendants at the monthly status conference held on February 18, 2021.

views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCauley v. City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.    Plaintiffs' Allegations

Plaintiffs' allegations of fraudulent concealment are located at the end of the Master Complaint between Count XI for punitive damages and the Global Prayer for Relief and state:

### TOLLING OF THE LIMITATIONS PERIOD

195. Defendants, through its [sic] affirmative misrepresentations and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters.

196. As a result of Defendants' actions, Plaintiffs and their prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiffs had been exposed to the risks identified in this Master Complaint, and that those risks were the result of Defendants' actions, omissions, and misrepresentations.

197. Accordingly, no limitations period ought to accrue until such time as Plaintiffs knew or reasonably should have known of some causal connection between Plaintiffs being implanted with a Cook IVC Filter and the harm Plaintiffs suffered as a result.

198. Additionally, the accrual and running of any applicable statute of limitations have been tolled by reason of Defendants' fraudulent conduct.

(Master Compl. ¶¶ 195-98 at 36).  Plaintiffs' Short Form Complaint incorporates the Master Complaint by reference.  (*See* Filing No. 242, Short Form Compl. at 1).  Paragraph 15 of the Short Form Complaint lists the counts in the Master Complaint and requires each individual Plaintiff to "check" all that apply."  It also allows a Plaintiff to include any other claim he/she wishes to assert and asks the Plaintiff to "please state the facts supporting this Count in the space immediately below." (*Id.* at 4).  To the court's knowledge, no individual Plaintiff provided additional allegations in support of a claim for fraudulent concealment in his/her Short Form Complaint.

**III.    Discussion**

A Master Complaint in an MDL "is a procedural device used to promote judicial efficiency and economy, not to be given the same effect as an ordinary complaint or considered to merge the suits into a single cause or change the rights of the parties, or make those who are not parties in one suit parties in another."  *In re Zimmer NexGen Knee Implant Prods. Liab. Litig.*, No. 11 C 5468, 2012 WL 358708, at *3 (N.D. Ill. Aug. 16, 2012) (quoting *In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 141-42, 144 (E.D. La. 2002)) (internal quotation marks omitted).  Here, the Master Complaint states such a purpose: "[T]o serve the administrative functions of efficiency and economy and to present common claims and commons questions of fact and law for appropriate action by . . . this Court[.]"  (Filing No. 213, Master Complaint at 1).

Given its administrative purpose, the PSC argues it cannot possibly allege particularized facts for 7,000 individual plaintiffs on their separate claims for fraudulent

4

concealment.  The court agrees that MDL courts have refused to rule on Rule 9(b) motions to dismiss "where doing so would require case-specific rulings to determine the sufficiency of each plaintiff's factual allegations."  *In re Zimmer*, 2012 WL 358708, at *3 (citing *In re Nuvaring Prods. Liab. Litig.*, No. 4:08-MD-1946 RWS, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009)); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006) ("[A] master complaint is only an administrative device used to aid efficiency and economy and thus, should not be given the status of an ordinary complaint.").

But where a motion to dismiss addresses issues common to the plaintiffs, "the administrative nature of a Master Complaint does not necessarily preclude 12(b)(6) motion practice."  *In re Zimmer*, 2012 WL 358708, at *4 (citing cases).  For example, in *In re Trasylol Prods. Liab. Litig.*, No. 08-MD-1928, 2009 WL 577726 (S.D. Fla. Mar. 5, 2009), the defendant moved for dismissal of the constructive fraud claim in the plaintiffs' Master Complaint on grounds that it failed to allege the necessary element of a "confidential or fiduciary relationship" between defendant and plaintiff.  *Id.* at *12.  The plaintiffs argued the Master Complaint's allegations that the defendant manufactured, promoted, and sold a drug that it knew patients would ultimately ingest were sufficient to establish a fiduciary relationship between the manufacturer and the patient.  *See id.* at *12-13.  The court disagreed, stating it could "draw no inferences consistent with the facts in the amended complaint to support the existence of a fiduciary duty[.]" *Id.* at *13.  It therefore dismissed the constructive fraud claim from the Master Complaint.  *Id.*

The Cook Defendants' motion addresses an issue common to all Plaintiffs: whether the Master Complaint, which has been incorporated into each individual Plaintiff's Short Form Complaint, adequately alleges a claim of fraudulent concealment.

A claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action. *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant . . . 'has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" (quoting *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999)); *Trustmark Nat'l Bank v. Meador*, 81 So.3d 1112, 1119 (Miss. 2012) (holding fraudulent concealment requires a plaintiff to "show that (1) some affirmative act or conduct was done and prevented discovery of the claim; and (2) due diligence was performed on its part to discover the claim"); *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 573 (Ky. 2009) ("[T]o toll the limitations period, the [fraudulent] concealment . . . must represent an 'affirmative act' . . . [and] 'must consist of some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so.") (citations omitted); *Merrill v. W. Va. Dep't of Health & Human Res.*, 632 S.E.2d 307, 318 (W. Va. 2006) ("Fraudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff, although any act or omission tending to suppress the truth is enough."); *Garrett v.*

*Arrowhead Imp. Ass'n*, 826 P.2d 850, 853 n. 7 (Colo. 1992) ("[W]here a defendant engages in fraudulent concealment of facts pertinent to the existence of a claim, the court may toll the statute of limitations."); *Chaney v. Fields Chevrolet Co.*, 503 P.2d 1239, 1241 (Or. 1972) (holding a plaintiff may claim a statute of limitations is tolled based on fraudulent concealment only where a defendant "wrongfully conceals material facts and thereby prevents discovery of his wrong or of the fact that a cause of action has accrued against him.").[3]

Plaintiffs' Master Complaint alleges the Cook Defendants actively concealed the risks associated with their IVC filters:

> 195. Defendants, through its [sic] affirmative misrepresentations and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters.
>
> 196. As a result of Defendants' actions, Plaintiffs and their prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiffs had been exposed to the risks identified in this Master Complaint, and that those risks were the result of Defendants' actions, omissions, and misrepresentations.

(Master Compl. ¶¶ 195-96 at 36). Noticeably absent, however, are any allegations that Defendants actively concealed their *causes of action*.[4] Indeed, Plaintiffs' allegations do

---

[3] The Cook Defendants provided a summary of other states' holdings on this issue in the end of their Memorandum in Support. (*See* Filing No. 13649).

[4] Plaintiff Sauls maintains that under Texas law, she has adequately alleged an affirmative act by the Cook Defendants that prevented her from discovering her cause of action within the limitations period. She argues the "[Cook] Defendants knew information indicating that the exact injuries suffered by her were caused by its products, yet it hid that information from Plaintiff and from others by omitting it from all of its marketing materials, its IFU, and its post-market materials." (Filing No. 15418, Resp. at 19). But this is just another way of saying the Cook Defendants failed to disclose the risk of injury from her filter. She does not argue that the Cook Defendants fraudulently concealed the existence of her cause of action. *See Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1998) (holding that statute of limitations is tolled where

7

not mention their causes of action at all.  This is fatal to their claims.  *See In re Bridgestone/Firestone, Inc. ATX ATX II & Wilderness Tires Prods. Liab. Litig.*, No. IP00-9373-C-B/S, 2002 WL 31689271, at *4 (S.D. Ind. Nov. 20, 2002) (dismissing Plaintiff's fraudulent concealment claim premised on "the simple assertion that Firestone failed to disclose the defect in their tires to the general public, including Plaintiff", reasoning that "Plaintiff has neither alleged nor offered sufficient evidence from which a jury could reasonably find that Firestone took any affirmative act to prevent Plaintiff from instituting her lawsuit within the time limit provided by statute").

  The court now turns to the Cook Defendants' second contention—that the Plaintiffs failed to plead their fraudulent concealment claims with the specificity required by Rule 9(b).  *See United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (a plaintiff alleging fraud must describe the "who, what, when, where, and how" of the fraud).  In the *Trasylol* case mentioned above, the court addressed the pleading of fraud in an MDL master complaint.  *See Trasylol*, 2009 WL 577726, at *8-9. It concluded that particularized pleadings were not feasible and should be assessed with substantial leniency, "especially when the information that may or may not support Plaintiffs' claims is largely within the control of the Defendants."  *Id.* at *8.  Where an allegation of fraud was based on statements made to the plaintiffs' physicians, however, "any allegation of fraud based on such statements must be pled with particularity in the

---

defendant "fraudulently conceals the existence of a cause of action from the party to whom it belongs.").

individual Plaintiff's complaint, and be subject to discovery during the case-specific discovery stage if, and only if, properly alleged." *Id.* at *9.

Here, Plaintiffs allege that the Cook Defendants made affirmative misrepresentations to them and their healthcare providers. But they have not alleged in their Short Form Complaints who from the Cook Defendants concealed information from them or their physicians, what information the Cook Defendants allegedly concealed that prevented them from filing their causes of action within the limitations period, or how or when that concealment occurred. This is yet another reason why Plaintiffs' fraudulent concealment claim fails to state a plausible claim for relief.

The PSC requests that, should the court grant the Cook Defendants' motion for partial dismissal, the Plaintiffs be given leave to amend their Short Form Complaints to include case-specific factual allegations supporting a claim for fraudulent concealment. The court will grant their request. Plaintiffs shall have until **March 19, 2021** to file Amended Short Form Complaints.

### IV.  Conclusion

Because Plaintiffs failed to sufficiently allege a claim for fraudulent concealment in either the Master Complaint or in their Short Form Complaints, the court must **GRANT** the Cook Defendants' Motion for Partial Dismissal (Filing No. 13648). Plaintiffs are granted leave to amend their Short Form Complaints. Any amendment must be filed on or before **March 19, 2021**.

**SO ORDERED** this 22nd day of February 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana



Distributed Electronically to Registered Counsel of Record.