IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to:<br>Plaintiff Jason Snider, 1:17-cv-03614 | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
COOK DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Now comes Plaintiff, Jason Snider, by and through Counsel and submits this Response in Opposition to Cook Defendants' Omnibus Motion for Judgment in Plaintiff's Case Pursuant to CMO-28.

Plaintiff incorporates his Amended Response in Opposition to Cook Defendant's Omnibus Motion for Summary Judgment based on Statute of Limitations with Affidavit of Plaintiff Jason Snider. Defendant claims Plaintiff's case is time barred "under Ohio law because the case was filed more than six years after the filter was removed."[1] For the reasons that under Ohio law the mere removal of the IVC filter was not indicative of a defective product during an exploratory laparotomy and Plaintiff was not informed by competent medical authority of the defective product until mid to late 2016, judgment is not proper.

### I. Under Ohio Law the Discovery Rule Applies and Plaintiff's Claims are Timely.

At the time of removal and surgery, Plaintiff was wholly unaware that the need for removal of the IVC filter was due to its' defectiveness. Plaintiff was told by his doctors that there was a

---

[1] Def.'s Mot. for J. in Pl.'s Case Pursuant to CMO-28, p. 2.

medical problem and they needed to conduct an exploratory laparotomy. Defendants' claims that the statute of limitations began on date of the procedure are incorrect, as the discovery rule applies.

The Ohio Supreme Court, held "that a plaintiff must bring his action within two years of either the date he was informed by competent medical authority that he had been injured, or the date he should have discovered the injury." *Cacciacarne v. G.D. Searle & Co*., 908 F. 2d 95, 97 (6th Cir. 1990) citing *O'Stricker v. Jim Walter Corp*., 4 Ohio St. 3d 84, 447 N.E. 2d 727, 732 (1983). In *Harper*, the court used the O'Stricker test to find that an individual was "not required to bring suit until they were informed DES probably caused their injuries." *Harper v. Eli Lilly & Co*., 575 F. Supp. 1359 (N.D. Ohio 1983).

In *Cacciacarne,* the court reasoned that "because plaintiff's doctor did not know the cause, 'it would be illogical to hold [her] to a higher degree of knowledge than [her] . . . physician.' " *Cacciacarne*, 908 F. 2d at 97-98. In that case, plaintiff even thought the IUD might have caused her problems, but her doctor did not know the cause. *Id*. at 97. The court found that applying the *O'Stricker* test, the plaintiff's cause of action did not accrue **until her doctor informed her of the cause**. *Id.* (Emphasis Added).

Similarly, Plaintiff did not know that the IVC filter itself was defective until he was informed by Dr. Rosalyn Batley in mid to late 2016. Unlike the plaintiff, in the cases cited by Defendant in its' motion, at no time prior to that date, did Plaintiff have any reason to suspect that the IVC filter was defective as his doctors did not inform him of the defectiveness until late 2016.

Case specific discovery has not been conducted. At this stage, the evidence shows that Cook Defendants made misrepresentations to doctors across the country regarding the risks of its' IVC filters. Plaintiff and his doctors were unaware of the true risks of the product at the time of

2

implant and removal, and he cannot be expected to be held to a higher degree of knowledge than his own physicians who did not inform him the filter was defective.

For these same reasons, Plaintiff's implied warranty claim is properly before the Court. Moreover, Plaintiff presented sufficient evidence in his Complaint to establish express warranty and consumer protection claims. At this point of the proceedings the statements contained in Plaintiff's pleading contain the necessary factual allegations, "which must be taken as true at this stage, to support the claim of an inherent defect." *Albright v. Sherin-Williams Co.*, No. 1:17 CV 2513, 2019 WL 5307068 (N.D. OH Jan., 29, 2019).

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests this Court deny Cook Defendants' Motion for Judgment. If the Court is not inclined to deny the Motion outright it should stay its ruling pending further fact discovery.

> Respectfully Submitted,
> **O'CONNOR, ACCIANI & LEVY LPA**
> _/s/Barry D. Levy_____
> Barry D. J. Levy – OH Reg #0018986
> Attorney for Plaintiff(s)
> 600 Vine Street
> Suite 1600
> Cincinnati, Ohio 45202
> Telephone: 513-241-7111
> Facsimile: 513-241-7197
> Email: BDL@oal-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response in Opposition to Defendants' Motion for Summary Judgment was electronically filed this _25th__ day of February 2020 and will be electronically served on all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.

> _/s/Barry D. Levy_____
> Barry D. J. Levy – OH Reg #0018986
> Attorney for Plaintiff(s)

3