UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
TAB PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-
MDL No. 2570

This Document Relates to the Following Case:

Tiffany Andrea James, 1:18-cv-01278

## PLAINTIFF'S RESPONSE TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On February 16, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Tiffany Andrea James' complaint as barred by the Tennessee Statute of Repose. Dkt. # 15852. Because the statute of repose directly conflicts with the provisions of the Tennessee statute governing the timing of products liabilities actions, Plaintiff respectfully requests that the Court deny Defendants' motion.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Ms. James was implanted with Defendants' Gunther Tulip Vena Cava Filter on January 23, 2006, by a doctor at Vanderbilt University Medical Center in Nashville, Tennessee. Case No. 1:18-cv-1278, Dkt. #1 at 1-3. Due to injuries suffered as a result of the Cook Defendants' filter, Ms. James filed her short-form complaint on April 26, 2018, asserting claims for strict products liability, negligence, breach of warranty, and violation of the Tennessee Consumer Protection Act,

Tenn. Code Ann. §§ 47-18-101 *et seq*. *Id*. at 3,5.

The Cook Defendants move for judgment on the pleadings dismissing Ms. James' complaint as time barred by the Tennessee Statute of Repose. Tenn. Code Ann. § 29-28-103(a). Because that statute directly conflicts with the timing provisions of Tenn. Code Ann. § 28-3-104, the Court should deny Defendants' motion.

## II.     LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a motion to dismiss, courts accept the allegations in a plaintiff's complaint as true and construe all reasonable inferences in the plaintiff's favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015).

## III.    ANALYSIS

Without hiding the ball, this Court has previously addressed similar factual scenarios—where a Tennessee plaintiff filed suit more than 10 years after the date of their surgery to implant one of the Cook Defendants' filters—and in both orders the Court granted Defendants judgment on the pleadings dismissing the complaints filed beyond the Tennessee Statute of Repose. Dkt. #s 4918, 14426. Without wasting valuable judicial resources, Ms. James advances an alternative legal theory upon which the Court respectfully should find that her action is not barred by the statute of repose.

While the language of Section 29-28-103(a) is fairly straightforward—any personal injury action against a manufacturer of a product must be brought within 10 years from the date of

2

purchase—it is in direct conflict with another Tennessee statute governing the timing of products liability actions. Tenn. Code Ann. § 28-3-104(b)(2)-(3) provides that "in products liability cases . . . (2) ***No person shall*** be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and (3) ***under no circumstances shall*** the cause of action be barred before the person sustains an injury." (Emphasis added).

Because the Tennessee Court of Appeals has determined that section 29-28-103(a) is a statute of repose, not a statute of limitation, it has held that "it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff becomes aware of his or her injury." *Wyatt v. A-Best Products Co.*, 925 S.W.2d 98, 102 (Tenn. Ct. App. 1995). This statement is in direct conflict with section 28-3-104(b)(3)'s statutory declaration that "under no circumstance shall" a products liability cause of action be barred before the inciting injury.

Despite this plainly direct conflict, the Tennessee Court of Appeals has held on at least two instances that no conflict exists between the two statutory provisions. In *Wyatt* the court tersely stated that

> A cursory comparison of the language quoted [from section 28-3-104(b)] with that of T.C.A. § 29-28-103(a) ("*notwithstanding any exceptions to these provisions* [which would include § 28-3-104(b)] . . . *in any event*, the action must be brought within ten (10) years . . ." (emphasis added) provides the answer to that contention—there is no conflict between the two statutes.

*Id*. at 104. In *Jones v. Methodist Healthcare*, the Tennessee Court of Appeals repeated this discussion from *Wyatt* verbatim, with the only addition being the—somewhat self-contradictory—statement that "[h]aving determined that the trial court was correct in its ruling that the Plaintffs' action was barred by the ten year statute of repose, we reject this argument" that section 28-3-104 should apply. 83 S.W.3d 739, 744-45 (Tenn. Ct. App. 2001).

With all due respect to the Tennessee Court of Appeals, Plaintiff would suggest that *Wyatt*

3

and *Jones* are premised on an incorrect conflict analysis. The *Wyatt* court stated that no conflict exists between the two statutes because the statute of repose states that "notwithstanding any exceptions to these provisions" an action must be brought within 10 years of sale. Tenn. Code. Ann. § 29-28-103(a). Respectfully, the *Wyatt* court misreads the grammar of the sentence at issue, and the larger interrelation between the two statutes.

The *Wyatt* court incorrectly infers that section 28-3-104(b) is an exception to the statute of repose, as indicated by that court's rewriting of the statute: "*notwithstanding any exceptions to these provisions* [which would include § 28-3-104(b)] . . ." *Wyatt*, 924 S.W.2d at 104. Here it is necessary to pull back and reexamine the original language of the statute of repose devoid of the *Wyatt* court's bracketed addition. The statute of repose reads:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exception to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date for which the product was first purchased for consumption . . . .

Tenn. Code Ann. § 29-28-103(a). First, the statute of repose specifically incorporates the requirements of Section 28-3-104, so to say it then also negates those requirements is contradictory on its face. But more importantly, the *Wyatt* court alters the grammar of the sentence.

In the original, the statute of repose reads "notwithstanding any exceptions to these provisions" specifically referring to any exceptions to sections 28-3-104, 28-3-105, 28-3-202, and 47-2-725 specifically enumerated immediately before the quoted language. As altered by the *Wyatt* court, the segment reads "*notwithstanding any exceptions to these provisions* [which would include § 28-3-104(b)] . . . in any event, the action must be brought within ten (10) years . . ." Thus, the *Wyatt* court changed the language from meaning 'notwithstanding any exception to section 28-3-104' to 'notwithstanding section 28-3-104.' Instead of incorporating the timing

4

requirements of section 28-3-104, as required by the statute of repose, the *Wyatt* court altered the language to supplant those requirements.

Moving away from grammatical minutiae, the conflict between the two statutes—as interpreted by the Tennessee Court of Appeals—is readily apparent from their clearly conflicting provisions. On the one hand, the statute of repose (as it is so characterized by the courts) says an action must be brought within 10 years of sale, but on the other hand, in no uncertain terms, section 28-3-104(b) states that "[n]o person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury" and "under no circumstances shall the cause of action be barred before the person sustains an injury."

One cannot reasonably say there is no conflict where one statute provides that "under no circumstances" may a cause of action be barred before injury, while another provides (as interpreted by the courts) that an action may be barred regardless of when the injury occurs if the statute of repose runs. In light of this conflict, this Court should apply Tennessee Statute 28-3-104(b) and deny the Cook Defendants' motion for judgment on the pleadings because Ms. James' products-liability action may not be barred before her injury, and she possesses an absolute right to bring suit up to one year from the date of her injury.

### IV. CONCLUSION

Because of the direct conflict between the Tennessee statutes governing the timing of a products liability action, the Court should apply Tenn. Code Ann. § 28-3-104(b) and accordingly deny the Cook Defendants' motion for judgment on the pleadings.

Respectfully Submitted,

*/s/ Matthew R. McCarley*
**Matthew R. McCarley**
Texas Bar No. 24041426

5

mccarley@fnlawfirm.com
**Arati C. Furness**
Texas Bar No. 24094382
California Bar No. 225435
afurness@fnlawfirm.com
**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: February 26, 2021

                                         Respectfully Submitted,

                                         */s/ Matthew R. McCarley*
                                         **Matthew R. McCarley**