UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS L I A B I L I T Y  LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Morris, Nellda, 1:17-cv-1740

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Now comes Plaintiff, Nellda Morris, by and through Counsel and submits this Response in Opposition to Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28. At the time of the removal surgery, Plaintiff was unaware that the need for removal of the Celect IVC filter was due to the defective nature of the filter. How could she, as she relied on COOK for all the information regarding the effectiveness and safety of their product. What is more, MDL 2570 was not even established at the time that COOK asserts in its Motion that Plaintiff's statute of limitation ran. It was nearly impossible for Plaintiff to discover that her injuries were caused by the defective nature of the Celect filter until she saw the ad notifying her that her injuries might have been caused by the filter.

Plaintiff respectfully requests that this Court deny Defendants' Motion and, in support thereof, states as follows:

### I. Standard of Review

When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id*. The Court should not allow the motion to deprive

the non-moving party the opportunity to make its case against the moving party. *Id*.

## II. Under Georgia or Indiana Law the Discovery Rule Applies and Plaintiff's Claims are Timely.

Both Georgia and Indiana have a two year statute of limitations. Ga. Code § 9-3-33 and Ind. Code § 34-20-3-1. But, both states have a discovery rule with a ten years statute of repose.

Indiana code clearly notes, as this court has found that a claim must be commenced "within ten (10) years after the delivery of the product to the initial user or consumer." Ind. Code. § 34-20-3-1. Georgia code states that "[n]o action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." Ga. Code § 51-1-11.

Georgia and Indiana apply the "reasonably diligent plaintiff standard" to determine if the discovery rule applies. *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) see also *King v. Seitzingers, Inc.*, 287 S.E.2d 252, 254 (Ga. App. 1981). "Generally, though, the plaintiff's suspicion, standing alone, about the source of her injury is insufficient to trigger the onset of the limitations period." *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d at 966. As such, "[t]he limitations period will begin to run when a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury. *Id.*

Here, the facts are clear, Plaintiff did not know or have reason to know about the defective nature of the Celect IVC Filter until she saw ads informing her of the defective nature of COOK's IVC filter in 2016, five years after the filter was removed. Seven years after the filter was implanted, Plaintiff filed your case before this case. At no point did Plaintiff's physicians inform her that the Celect Cook Filter had injured her. Whether the Court applies Georgia or Indiana discovery or repose law, Plaintiff's claims are not time barred.

### III. Fraudulent Concealment.

Fraudulent concealment tolls the statute of limitations if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action." Ind. Code § 34–

2

11–5–1. Courts have held that the elements of fraudulent concealment are: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception. On February 22, 2021, this Court issued an order permitting Plaintiff to amend her complaint to include factual allegations supporting a claim of fraudulent concealment. (Doc. 15907).

As such, this Court should not rule on COOK's motion until after the deadline has passed for Plaintiff to amend her complaint alleging grounds of fraudulent concealment.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny COOK's Motion and grant Plaintiff any relief that this Court deems appropriate.

Dated: Friday, February 26, 2021

*/s/ Jeff Seldomridge*
Jeff Seldomridge VSB # 89552
The Miller Firm, LLC
108 Railroad Ave.
Orange, VA 22960
Phone: (866) 529-3323
Fax: (540) 672-3055

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Jeff Seldomridge*
Jeff Seldomridge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Morris, Nellda, 1:17-cv-1740

**Exhibit A**
**Medical Records**
**Filed Under Seal**

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*