UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Fitzgerald, Bethany, 1:17-cv-00387

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Comes now Plaintiff through undersigned counsel and submits this Response in Opposition to Cook Defendants' Motion for Judgment pursuant to CMO-28. For the reasons below, Plaintiff respectfully requests that this Court deny Defendants' Motion.

**I.  Standard of Review**

When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply, Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id*. The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Id.*

**II.  Plaintiff's Claims Are Timely Under the Discovery Rule in Either Arizona or Indiana.**

Arizona and Indiana both have a two-year statute of limitations for products liability actions and both states recognize a discovery rule exception. *See e.g.,* Az. Code § 12-542, 551, Ind. Code § 34-20-3-1, *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of America*, 182 Ariz.

586, 591, 898 P.2d 964, 969 (1995), and *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002). Generally, a cause of action accrues when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendants' conduct and therefore the statute of limitations does not begin to run until that time.

Here, even if Plaintiff had exercised ordinary diligence to pursue the cause of her injuries, she would have been frustrated by the fact that no information relating the defective nature of the Cook Gunther Tulip filter to her injuries existed in 2011 at the time of her open removal procedure. This MDL 2570 litigation did not exist until 2014. Plaintiff did not learn of the connection between her Cook Gunther Tulip filter and her injuries until her mother informed her of advertisements she saw about the Cook IVC filter lawsuits on television around June 2016.

Since Plaintiff could not have and in fact did not learn of the connection between her injuries and the defective nature of the Gunther Tulip filter until around June 2016, her claim would have accrued under Indiana law at this time. Her claim against the Cook defendants, therefore, is timely.

### III. Fraudulent Concealment

Fraudulent concealment tolls the statute of limitations if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action.," and allows a plaintiff to bring an action "at any time within the period of limitation after the discovery of the cause of action." Ind. Code § 34-11-5-1. This Court has held that a claim of fraudulent concealment "requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action." *See* Doc. 15907, p. 6 *et seq*. On February 22, 2021, this Court issued an order permitting plaintiffs to amend their complaints to include factual allegations supporting claims of fraudulent concealment. *Id.*

Therefore, this Court should not rule on Cook's motion until after the deadline has passed for Plaintiff to amend her complaint alleging the particular grounds for her fraudulent concealment claim.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Judgment and grant Plaintiff any relief that this Court deems appropriate.

Respectfully submitted,

Dated:  March 1, 2021                            /s/ *Nathan Buttars*

Nathan Buttars, UT #13659
T. Aaron Stringer, UT #12681
LOWE LAW GROUP
6028 S. Ridgeline Dr., #200
Ogden, UT 84405
Tel: 801-917-8500
Fax: 801-917-8484
E: nate@lowelawgroup.com
aaron@lowelawgroup.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Nathan Buttars*