IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Ty Woodward 1:19-cv-01296-RLY-TAB

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS UNDER CMO 28

Plaintiff's Cook IVC filter was implanted in Alabama. (SFC § 12, Am. SFC § 12.) Under Alabama choice-of-law rules, it does not matter which substantive law governs Plaintiff's claims. Even if Tennessee substantive law applies, Tennessee's statute of repose is procedural. Alabama law imposes no repose period for product liability claims. Plaintiff's claims are timely.

I.   **Alabama's Choice-of-Law Rules Apply**

Plaintiff filed his SFC on April 1, 2019. Cases direct-filed at this time "shall be governed by the choice-of-law rule of the Plaintiff's 'home' jurisdiction." (Order, Dkt. 13539.) Plaintiff moved to amend his SFC to identify the Northern District of Alabama as the jurisdiction in which venue would be proper if the case were not filed directly into the MDL. (19-cv-01296, Dkt. 11.) Defendants have not responded to that motion, and the time to do so has elapsed. Defendants waived any argument opposing Alabama as the home jurisdiction. *See Bobo Engineering, Inc. v. Peoples Independent Bank*, 2010 WL 11561707, at *1 (N.D. Ala. Feb. 17, 2010) (failure to respond to a motion waives any opposition); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir.2007) (failure to offer opposition to argument constitutes waiver); *Cincinnati Ins. Co. v. E. Atl.*

*Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (failure to oppose argument permits inference of acquiescence and "acquiescence operates as a waiver").  Alabama is the home jurisdiction.  Its choice-of-law rules govern.

## II.   Tennessee's Statute of Repose Is Procedural Under Alabama Law

Even when applying the law of another state, courts will enforce only those laws of the other state that are substantive in nature.  *See Sanders v. Liberty Nat'l Life Ins. Co.*, 443 So.2d 909, 912 (Ala. 1983); *see also Bodnar v. Piper Aircraft Corp.*, 392 So.2d 1161, 1162 (Ala. 1980).  The law of the forum governs procedural matters.  *Middleton v. Caterpillar Indus., Inc.*, 979 So.2d 53, 57 (Ala. 2007).  Tennessee's statute of repose is procedural under Alabama law.

An Alabama court will apply another state's law only if "the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself." *Etheredge v. Gene Indus., Inc.*, 632 So.2d 1324, 1327 (Ala. 1993).  In *Etheredge*, the Alabama Supreme Court held that North Carolina's statute of repose is procedural.  *Id.*  The North Carolina statute of repose at issue in *Etheredge* is nearly identical to the Tennessee statute of repose, except that they provide for different lengths of time in which to file suit.  As such, applying Alabama Supreme Court precedent, the Tennessee statute of repose is inapplicable as merely procedural.

In fact, Alabama federal courts have applied *Etheredge* to find that T.C.A. § 29-28-103 – the statute under which Defendants believe this case should be dismissed – is procedural, not substantive.  *Reece v. Intuitive Surgical, Inc.*, 63 F.Supp.3d 1337 (N.D. Ala. 2014).  Though *Reece* concerned Tennessee's one-year statute of limitations, as opposed to the ten-year statute of repose, these provisions appear in the same statute.  The court's reasoning in *Reece* addressed the totality of T.C.A. § 29-28-103 and is dispositive here:

> [T]he Court concludes that a "statute of creation" under Alabama law "creates a new liability, and, to enforce that liability gives an action that did not exist at common law, and, within the text of the statute itself, includes a time within which one must bring that action." *B.W.C.*, 590 So.2d at 281–82.  Applying this definition to the TPLA, the Court concludes that the statute is not a statute of creation

> because the TPLA does not create a new liability that did not exist at common law.  The Tennessee Legislature enacted the TPLA in 1978. *Penley v. Honda Motor Co., Ltd.*, 31 S.W.3d 181, 186 (Tenn. 2000). "Product liability claims, however, were viable common law causes of action in Tennessee prior to 1978." *Charter Oak Fire Ins. Co. v. Broan*, 348 F.Supp.2d 934 (W.D. Tenn. 2004).  In fact, the Tennessee Legislature enacted the TPLA to curb price increases for product liability insurance. The Tennessee Legislature attributed escalating prices for product liability insurance to the increasing number of product liability lawsuits in Tennessee.  *Penley*, 31 S.W.3d at 187.4 Clearly, Tennessee recognized common law product liability actions before the Tennessee Legislature enacted the TPLA. Therefore, the TPLA is not a statute of creation.

*Id.* at 1343.  See also *Johnson v. BPS Direct, LLC*, 2020 WL 6395571, at *5 (N.D. Ala. Nov. 2, 2020) (holding that T.C.A. § 29-28-103 is procedural).

Plaintiff recognizes that some other jurisdictions may regard Tennessee's statute of repose as substantive.  That is of no moment here.  Decisions of other jurisdictions "are of no legal consequence for purposes of this analysis. It is Alabama law that is binding." *Etheredge*, 632 So.2d at 1327 (internal quotes omitted).

### III.     Plaintiff's Claims Are Timely Under Alabama Law

Tennessee's statute of repose cannot apply here because it is procedural under Alabama law.  Alabama has no statute of repose for product liability claims. *See Lankford v. Sullivan, Long & Hagerty*, 416 So. 2d 996, 1004 (Ala. 1982) (finding statute of repose unconstitutional). Defendants' Motion for Judgment on the Pleadings Under CMO 28 must be denied.

Respectfully submitted,

Dated: March 2, 2021

/s/John A. Dalimonte
John A. Dalimonte
DALIMONTE RUEB LAW GROUP LLP
85 Devonshire Street, Suite 1000
Boston, MA 02109
Telephone: (617) 302-9900
Facsimile: (617) 742-9130
Email: john@drlawllp.com

**Lead Counsel for Plaintiff**

2

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                */s/ John A. Dalimonte*
                                                John A. Dalimonte