IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to Plaintiff(s)
Clayton Kinsey
Civil Case #1:17-cv-4414
_____

**PLAINTIFF'S OPPOSITON TO COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

Now comes Plaintiff, Clayton Kinsey, by and through Counsel and submits this Opposition to Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28. At the time of the open surgical retrieval of his Gunther Tulip IVC filter on May 20, 2013, Plaintiff was unaware that filter was defective and that the defect caused his injuries/surgery.  See Affidavit of Plaintiff, ¶¶ 9-11, attached as Exhibit A. None of his physicians ever told him a defect in the IVC filter was the reason for his injuries.  Exhibit A, ¶ 10.  Instead, it was not until he saw a litigation television advertisement sometime in 2016 that he discovered his filter was defective and caused his injuries.  Exhibit A, ¶ 11.  He could not have known, as he was forced to rely on Cook for all safety and efficacy information regarding its IVC filter, and this MDL was not established for years after the date on which Cook asserts Plaintiff's statute of limitation ran. Due to Cook's fraudulent concealment of the defects in its Gunther Tulip filter, it was nearly impossible for Plaintiff to discover that his injuries were caused by defects in that filter until after the MDL was started and litigation advertisements began. Accordingly, as the Court's time for allowing amendments of Complaints to include fraudulent concealment has not expired, Plaintiff will be filing an amended complaint and respectfully requests that this Court deny Defendants' Motion based on the following:

**I. Standard of Review**

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible

1

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id*. On a motion to dismiss, courts accept the allegations in a plaintiff's complaint as true and construe all reasonable inferences in the plaintiff's favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d at 313.

**II. Under Georgia or Alabama Law Plaintiff's Claims are Timely.**

Both Georgia and Alabama have a two-year statute of limitations. Ga. Code § 9-3-33 and Ala. Code § 6-2-38(l). Regardless if Georgia or Alabama law is applied, Plaintiff's claims are timely.

Under Ala. Code § 6–2–3, the statute of limitations is "tolled [i]n actions seeking relief on the ground of fraud where the statute has created a bar, [as] the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud." Ala. Code § 6–2–3. Alabama's Supreme Court has defined "discovery by the aggrieved party" as the time at which "the aggrieved party discovers or, in the exercise of reasonable care, should have discovered, the facts constituting the fraud." *Wheeler v. George*, 39 So.3d 1061, 1081 (Ala.2009) (citing *Ex parte Seabol*, 782 So.2d 212, 216 (Ala.2000); *Foremost Ins. Co. v. Parham*, 693 So.2d 409, 421 (Ala.1997)). "Therefore, the limitations period commences when the plaintiff discovers the fraud or when facts are known 'which would put a reasonable mind on notice that facts to support a claim of fraud might be discovered upon inquiry.' " *Id*. (quoting *Auto–Owners Ins. Co. v. Abston*, 822 So.2d 1187, 1195 (Ala.2001)).

Moreover, Georgia applies the "reasonably diligent plaintiff standard" to determine if the discovery rule applies to extend the two-year statute of limitations. *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002); *see also King v. Seitzingers, Inc.*, 287 S.E.2d 252, 254 (Ga. App. 1981). "Generally, though, the plaintiff's suspicion, standing alone, about the source of her injury is insufficient to trigger the

onset of the limitations period." *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d at 966. As such, "[t]he limitations period will begin to run when a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury." *Id.* In this case, as outlined in his attached affidavit, Plaintiff's physicians never informed him that a defect in the Cook IVC filter caused his injuries. *See* Exhibit A. Finally, fraud also tolls the statute of limitations for causes of action under Georgia law. O.C.G.A. § 9-3-96; *see also Trust Co. Bank v. Union Circulation Co.*, 245 S.E.2d 297, 297 (1978).

As clearly stated in Alabama and Georgia law, fraudulent concealment tolls the statute of limitations, and this Court has held that a claim of fraudulent concealment "requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action." *See* Doc. 15907, p. 6 *et seq.* On February 22, 2021, this Court issued an order permitting plaintiffs to amend their complaints to include factual allegations supporting claims of fraudulent concealment. *Id.* That period has not expired.

Here, the facts are clear, Plaintiff's ordinary diligence in pursuing the cause of his injuries was frustrated by the fact that Cook fraudulently concealed a great deal of information relating to the defective nature of its IVC filter at the time of the removal procedure in 2013. The evidence shows Cook made misrepresentations to doctors and patients across the country regarding the risks it was aware of concerning its IVC filters. Plaintiff and his doctors were unaware of the true risks of the Cook IVC filter at the time of implant and removal, and Plaintiff cannot reasonably be held to a higher degree of knowledge than his own physicians who did not inform him the filter was defective. However, once this MDL was formed, and Plaintiff learned of Cook's fraud and the defective nature of its IVC filter, he filed his Complaint, thereby making his Complaint timely under both Alabama and Georgia law due to the fraudulent concealment tolling his statute of limitations, which is still allowed to be amended into the Complaint. Additionally, Plaintiff's complaint was timely filed based on Georgia's discovery rule and the facts in his Affidavit. *See* Exhibit A.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion, and any further relief this Court deems just and proper.

Respectfully submitted,

**BURNETT LAW FIRM**

By:     */s/    Karen H. Beyea-Schroeder*
Karen H. Beyea-Schroeder
3737 Buffalo Speedway, 18th Floor
Houston, Texas 77098
Office Tel: (832) 413-4410
Cell: (832) 585-9829
Fax: (832) 900-2120
Email: Karen.Schroeder@RBurnettLaw.com

Thomas P. Cartmell           MO #45366
Jeffrey M. Kuntz             MO #52371
David C. DeGreeff           MO #55019
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
816-701-1100
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com

*Attorneys for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, a copy of the foregoing **PLAINTIFF'S RESPONSE TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

By: */s/ Karen H. Beyea-Schroeder*
Karen H. Beyea-Schroeder