IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

The Estate of Jacquelyn Hoskins 1:17-cv-03097-RLY-TAB

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS UNDER CMO 28

Plaintiff filed this action two years and *five days* after the decedent passed. Though Ohio law applies a two-year limitations period to wrongful death claims, it also applies the discovery rule. No allegations or other factual information before the Court even suggest that Plaintiff knew the underlying basis of these claims within the first *five days* after the death. Defendants' Motion for Judgment on the Pleadings Under CMO 28 must be denied.

I.  The Discovery Rule Applies to All of Plaintiff's Claims

In *Collins v. Sotka*, the Ohio Supreme Court held that "the discovery rule applies to toll R.C. 2125.02(D), the two-year statute of limitations for a wrongful death claim." 692 N.E.2d 581, 585 (Ohio 1998). Defendants' argument that *Collins* is limited to murder cases is incorrect.

In *Collins*, the Ohio Supreme Court expressly overruled *Shover v Cordis Corp.*, 574 N.E.2d. 457 (Ohio 1991). In *Shover*, a death was caused by a defective pacemaker. 692 N.E.2d at 583. After the limitations period had run, the decedent's son learned through a newspaper article that the pacemaker had been recalled and the manufacturer pled guilty to charges. *Id.* The son brought product liability claims less than five months after this discovery. *Id.* The Ohio Supreme Court affirmed a dismissal, holding the discovery rule did not apply to wrongful death actions. *Id.*

The *Collins* opinion found that the "decision in *Shover* is inherently flawed and runs contrary to the dictates of logic and fairness," expressly overruling the decision. 692 N.E.2d at 584-85. *Collins* explained that, although the discovery rule was originally limited to medical malpractice actions, it has since been applied to a variety of other claims. *Id.* at 583. *Collins* found that "the fact that a body was discovered and/or that a death took place is irrelevant unless there is proof that a defendant was at fault and caused the death." *Id.* at 583. That information is not always immediately available to surviving family members at the time of a death. As such, "the discovery rule applies to the discovery rule applies to toll R.C. 2125.02(D)." *Id.* at 585.

*Collins* is not limited to wrongful death cases involving a murder. *Collins* would not have overruled *Shover*, which did not involve murder, if it intended such a limitation. Later cases confirm this reasoning. In *Brown v. Textron Inc.*, decedent was electrocuted on a job site while holding a voltage tester. 2009 WL 483335, at *1 (S.D. Ohio Feb. 19, 2008). The plaintiff later learned that the voltage tester caused the death. *Id.* Though the plaintiff filed wrongful death and product liability claims more than two years after the death, the court found the claims timely. *Id.* at *2-3. Plainly stated: "it is clear to this Court that the Ohio Supreme Court intended to apply the discovery rule to all wrongful death actions, not just the ones instituted due to a murder." *Id.* at *3.

Defendants' reliance on the unpublished decision in *Siegel v. State*, 2020 WL 5821283 (Ohio Ct. App. Sept. 30, 2016) is misplaced. *Siegel* is a medical malpractice action in which the underlying facts were readily ascertainable. It is unlike product liability cases, in which underlying events are more difficult to ascertain. *Siegel* is inapposite here, while *Brown* is on point.

Defendants do not dispute the applicability of the discovery rule to Plaintiff's other claims. *Cf. O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727 (Ohio 1983) (discovery rule).

## II. The Decedent's Death Did Not Trigger the Statute of Limitations

For a statute of limitations to begin running under Ohio law, "'[f]irst, a plaintiff must know or reasonably should have known that he has been injured; and second, a plaintiff must know or

reasonably should have known that his injury was proximately caused by conduct of the defendant." *Viock v. Stowe–Woodward Co.,* 467 N.E.2d 1378, 1384 (Ohio Ct. App. 1983) (timeliness was fact question despite that plaintiff had been hospitalized for the condition at issue 6 years before filing suit). Injury alone does not begin the limitations period under Ohio law. *See Venham v. Astrolite Alloys* 596 N.E.2d 585 (Ct. App. Ohio 1991) (plaintiff's symptoms did not begin the limitations period, a diagnosis did); *Cacciacarne v. G.D. Serle & Co.*, 908 F.2d 95 (6th Cir. 1990) (products liability action did not accrue until patient was informed that she would not be able to conceive due to the device, despite prior knowledge that the device could have caused a blockage); *Harper v. Eli Lilly & Co.*, 575 F.Supp. 1359 (N.D. Ohio 1983) (daughters of women who took DES were not required to bring suit until they were informed DES probably caused their injuries); *Makris v. Scandinavian Health Spa, Inc.*, 1999 WL 759989 (Ct. App. Ohio Sept. 20, 1999) (injury first occurred more than two years before filing suit, but claims accrued upon statement to plaintiff that she should not have allowed certain equipment that caused the injury).

There are no facts, alleged or otherwise, before the Court to indicate that Plaintiff knew the facts underlying this action in the first five days after the death. Defendants incorrectly assert that Plaintiff knew immediately from the death certificate and other medical records. The decedent passed on September 1, 2015. The medical records submitted by Defendants were not even finalized in the first five days after the death, as they list a filed date of September 29, 2015. The Death Certificate lists a filed date of September 8, 2015. These records were not available in time.

Regardless, Plaintiff's knowledge is a factual question inappropriate for resolution based on a SFC and limited records attached to a CCF. *Cf. Jones v. Metropolitan Sch. Dist. Of Decatur Tp.*, 905 F.Supp.2d 923, 930 (S.D. Ind. 2012) ("the Court assumes the truth of the nonconclusory allegations . . . and gives the plaintiff the benefit of the inferences from the allegations").[1]

Defendants' Motion for Judgment on the Pleadings Under CMO 28 must be denied.

---

[1] Defendants' other arguments challenging the sufficiency of Plaintiff's claims are inappropriate for inclusion in a motion under CMO 28. CMO 28 permits motions for untimeliness only.

       Respectively submitted,

Dated: March 3, 2021

*/s/ Paul L. Stoller*
Paul L. Stoller
(Admitted *Pro Hac* Vice, AZ Bar No. 016773)
**DALIMONTE RUEB STOLLER, LLP**
2425 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
Tel: (602) 888-2807
Fax: (855) 203-2035
paul@drlawllp.com

***Lead Counsel for Plaintiff***

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                 */s/ Paul L. Stoller*
                                                 Paul L. Stoller