# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

1:17-cv-2675-RLY-TAB Poggensee v. Cook Medical Inc., et al.

## PLAINTIFFS' RESPONSE IN OPPOSITION TO COOK DEFENDANTS' OMNIBUS MOTION FOR SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS

Plaintiff Edward Poggensee, by and through his attorneys David M. Langevin and Rhett A. McSweeney, respectfully files this Response to the Cook Defendants'[1] Omnibus Motion for Summary Judgment and respectfully shows the Court the following[2]:

## INTRODUCTION

This response to Cook Defendants' motion is yet another rejoinder against Cook's legally incorrect effort to eliminate from this MDL a large body of cases. Cook attempts to erroneously limit cases to Indiana's statute of limitations, ignoring Seventh Circuit precedent. In the Seventh Circuit, it is black letter law that for choice of law analysis, "[F]oreign cases filed directly in a district court as part of an ongoing multidistrict litigation are treated as having originated <u>outside</u> of that district." *Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1048 (7th Cir. 2016) (emphasis added), citing with approval *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977

---

[1] As used in this Response, "Cook" and "Cook Defendants" refer to Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS.
[2] Cook's Motion for Summary Judgment Based on Statute of Limitations pertains to 26 Plaintiffs. Each of those 26 Plaintiffs will be filing a legal and fact-specific response to Cook's Motion for Summary Judgment. This response applies to the case identified above.

1

F.Supp.2d 885, 888-89 (N.D. Ill. 2013) (in direct filed product liability case, MDL court applied the law of the state where the Plaintiff purchased and used the prescribed product, not the MDL forum); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.*, 2011 WL 1375011, at *5 (S.D. Ill. April 12, 2011) (similarly applying the law of the state where Plaintiff purchased and used the product rather than the MDL forum in foreign direct filed cases). Tellingly, Cook's Motion for Summary Judgment ignores the Seventh Circuit's holding in *Dobbs*[3]. The Court should reject Cook's erroneous choice of law argument, refuse to apply Indiana law to foreign direct filed cases, and deny Cook's Motion for Summary Judgment, as Mr. Poggensee's case is not time-barred under the Discovery Rule in both Iowa and Indiana.

## STATEMENT OF FACTS

1. Plaintiff commenced this lawsuit in August 8, 2017.
2. The Case Categorization form expressly states the "Case Categorization Submission is for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether Selection Plan and is not admissible and is not to be considered relevant for any other purpose."
3. On October 2, 2018, the Court entered its Categorization and Screening Order, Dkt. 9322, ordering all MDL plaintiffs to categorize their cases in one of seven categories and to support those selections with specific medical records for the purposes of bellwether selection only. Specifically noting that the Case Category Submission was for the purpose of complying with the Court's Order on the Cook Defendant's Motion for Screening Order and Bellwether

---

[3] Cook's Motion for Summary Judgment does cite the Watson Fentanyl and Yasmin cases. Contrary to Cook's assertion, those MDL court rulings support Plaintiffs' position and reject Cook's argument. The Court should rule likewise.

Selection Plan only and is not admissible and is not to be considered relevant for any other purpose.

4. On January 21, 2019, Edward Poggensee complied with the Court's Order and served his Categorization and Screening Order to Cook. *See* Exhibit A.

5. Edward Poggensee a resident of Iowa at the time of implantation, receiving a Cook Celect IVC Filter in Nebraska on April 23, 2008. The Cook Celect IVC Filter was later retrieved via an open abdominal procedure in Nebraska on March 6, 2013. *See* Exhibit B.

## STANDARD OF REVIEW

"[S]ummary judgment procedure is governed by federal law" and "[f]ederal law defines the standard for evaluating the sufficiency of the evidence." *Maroules v. Jumbo, Inc.,* 452 F.3d 639, 645 (7th Cir. 2006). "A district court should grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.,* 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). For evidence "to be considered on summary judgment, evidence must be admissible at trial." *Cairel v. Alderden,* 821 F.3d 823, 830 (7th Cir. 2016) (citing *Wragg v. Village of Thornton,* 604 F.3d 464, 466 (7th Cir. 2010)). In evaluating a motion for summary judgment, the court must view the facts and make all reasonable inferences that flow from them in a light most favorable to the non-moving party. *Zillak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003).

Whether a claim has been brought within the relevant period of limitations presents an issue of state law. See *In re Bridgestone/Firestone Inc. ATX ATXII, Wilderness Tires Prod. Liab. Litig.*, 2002 WL 31689264, at *2 (S.D. Ind. Nov. 20, 2002) ("As a court sitting in diversity, we

must look to state law in deciding all matters of substance, including the operation of the relevant statutes of limitations.") (citing *Horbach v. Kaczmarek*, 288 F.3d 969, 976 (7th Cir. 2002)).

## ARGUMENT

## PLAINTIFF'S HOME STATE CHOICE-OF-LAW SHOULD APPLY

**I.** **Seventh Circuit precedent holds that foreign cases filed directly in an MDL are treated as having originated <u>outside</u> of the MDL district. Therefore, neither Indiana choice of law rules nor Indiana law apply to this Plaintiff.**

In *Dobbs v. Depuy Orthopedics, Inc.,* 842 F.3d 1045 (7th Cir. 2016), a plaintiff from Illinois direct-filed his case in the Northern District of Ohio as part of an MDL. The case was later transferred from the Ohio MDL to the Northern District of Illinois. Despite its direct filing, the Seventh Circuit held that the case originated in Illinois and therefore Illinois choice of law rules applied. *Id.* at 1048.

> Dobbs's claim . . . was filed in the Northern District of Ohio only because the DePuy multidistrict litigation was already in progress there. Dobbs's complaint stated that the Northern District of Illinois was the appropriate venue absent the multidistrict litigation. That advises treating the Northern District of Illinois as the original venue.
>
> In fact, district courts in our circuit have taken that approach: **foreign cases filed directly in a district court as part of ongoing multidistrict litigation are treated as having originated outside of that district.** We ratify that approach here and apply Illinois's choice-of-law rules.

*Id.* at 1048 (emphasis added) (citing, *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 977 F. Supp. 2d 885, 888-89 (N.D. Ill. 2013), and *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-MD-02100-DRH, 2011 WL 1375011, at *5 (S.D. Ill. Apr. 12, 2011)).

The *Watson Fentanyl* decision—cited with approval by the Seventh Circuit in *Dobbs*— involved another case filed directly in an MDL court sitting in the Northern District of Illinois. 977 F. Supp. 2d at 886. The case concerned an Ohio resident who died in Ohio after using a

4

fentanyl patch that was prescribed, purchased, and administered in Ohio. The Northern District of Illinois MDL court applied Ohio law and rejected attempts to apply Illinois law — even Illinois' choice of law rules.

> [T]he prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including choice of law rules) that applies is the law of the state where the case originated. The Court agrees with the cases just cited and concludes that the choice of law rules that apply are those of the state where the case originated.

*Id.* at 888 (internal citations omitted).

The *Watson Fentanyl* MDL court then went on to analyze the meaning of the term "originated":

> **[A] direct-filed case in an MDL proceeding is considered to have originated in the state where the plaintiff purchased and used the prescribed product.** That is how the place of filing is determined in [the] overwhelming majority of product liability cases, and it is a reasonable approach to determining the choice of law issue that has been presented.

*Id.* at 889 (emphasis added). Because the plaintiff was prescribed and used the fentanyl patch at his Ohio residence, the Illinois MDL court ruled that Ohio law should apply to this foreign direct filed case.[4]

*In re Yasmin*—cited with approval by the *Dobbs* and *Watson Fentanyl* courts **and Cook**[5]—involved numerous cases that originated outside of that court's judicial district and that were filed directly in the Southern District of Illinois MDL. The Court rejected the same arguments Cook makes in the present motion. *Id.* Judge Herndon rejected that argument and emphasized in bold type: "**Illinois choice of law principals do not control simply because this**

---

[4] Similar to the approach taken by the Seventh Circuit, the *Watson Fentanyl* MDL court also noted that it could have applied Iowa choice of law rules, because Plaintiffs' complaint suggested that they would have filed their lawsuit in Iowa. But even applying Iowa choice of law rules, the Illinois MDL court concluded that Ohio law should apply and **not** the law of the MDL forum. *Id.* at 889-90.
[5] Filing No. 1051, at ECF p. 4252.

5

**MDL Court is sitting in diversity in Illinois."** *Id*. (emphasis in original). Judge Herndon further wrote:

> The Court concludes that the better approach is to treat foreign direct filed cases as if they were transferred from a judicial district sitting in the state where the case originated. For purposes of this analysis, the Court considers the originating state to be the state where the plaintiff purchased and was prescribed the subject drug. Thus, for a foreign direct filed member action involving a plaintiff that purchased and was prescribed the subject drug in Tennessee, the Court will treat that plaintiff's claims as if they were transferred to this MDL from a district court in Tennessee.

*Id.,* at *6. *See also In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.,* 76 F. Supp. 3d 294, 303 (D. Mass. 2015) ("The home forum designation of the direct filing plaintiffs is the best evidence I have of what these plaintiffs would have done absent direct filing. Just as Mississippi plaintiffs would have had a choice between at least two proper forums in the absence of direct filing, so too do they have such an option with the direct filing procedure. I will therefore consider the forum that the direct filing plaintiffs designated on their short form complaints as the originating forum for the choice of law analysis."); *Wahl v. General Electric Co.,* 983 F.Supp. 2d 937, 943 (M.D. Tenn. 2013) ("Most of the courts that have considered this peculiar procedural posture have stated that it is appropriate to apply choice of law rules of the 'originating' jurisdiction [i.e. where the case would have been brought but for the CMO permitting direct filing], rather than the choice of law rules of the MDL Court. These courts have generally reasoned that the direct filing procedure is simply designed to promote judicial economy and conserve the parties' resources, not to alter the choice of law rules."); *In re Avandia Marketing, Sales Practices and Prods Liability Litig.,* 2012 WL 3205620, at *2 (E.D. Pa. August 7, 2012) ("The Court has concluded, as have other MDL courts, that such [direct filed] cases should be governed by the law of the states where Plaintiffs received treatment and prescriptions for Avandia. This ruling will promote uniform treatment between those Plaintiffs

6

whose cases were transferred into the MDL from their home states and those who filed directly into the MDL.").

Thus, there are two different approaches for examining choice of law issues for direct filed cases in this MDL: (1) focus on the court designated by the plaintiff in the Short Form Complaint as the place of proper venue as discussed in the *Dobbs, In re Fresenius Granuflo,* and *Wahl* cases (and as Cook already argued); or (2) focus on the place where the plaintiff received the IVC filter prescription and treatment as held in the *In re Watson Fentanyl, In re Yasmin*, and *In re Avandia* cases. Under both approaches, neither Indiana choice of law rules nor Indiana law apply to these cases. It is undisputed that Plaintiff's Short Form Complaint unambiguously listed a venue choice—just as the plaintiff in *Graham*—at a location outside of Indiana[6]. Moreover, Plaintiff purchased and was prescribed his IVC filter outside of Indiana. [*Id.*] Therefore, the Court should reject Cook's attempt to apply Indiana law.

## II. Notably, this Court has already ruled foreign cases filed directly in this MDL are treated as if they were transferred from the originating district.

On May 31, 2017, this Court, *In Re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Product Liability Litigation*, 1:14-ML-02570-RLY-TAB, Dkt. 4918 at *3-4 adopted the approach of *Yasmin* (emphasis added):

> In 2011, the Southern District of Illinois addressed this issue and held that "the best approach is to treat foreign direct filed cases as if they were transferred from the judicial district sitting in the state where the case originated." *In re Yasmin*, No. 3:09-md-2100-DRH-PMF, MDL No. 2100, 2011 U.S. Dist. LEXIS 39820, at *18 (S.D. Ill. April 11, 2011). **The court adopts this approach, as it is in keeping with the rule that the transferee court applies the law of the state in which the transferor court is located.** *Van Dusen v. Barrack,* 376 U.S. 612, 639 (1964) ("[W]here the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."). As noted by a sister district court, "it would be an odd result to subject plaintiffs to [Indiana] law simply because they

---

[6] *See* Short Form Complaint of Edward Poggensee, 1:17-cv-02675-RLY-MPB, Dkt. 1.

7

took advantage of the direct filing procedure—a procedure that provides benefits to all parties and preserves judicial resources." *In re Bausch & Lomb, Inc.*, Nos. 2:06-cv-2659-DCN and 2:06-cv-2716-DCN, MDL No. 1785, 2007 WL 3046682, at *3 (D.S.C. Oct. 11, 2007).

Plaintiff has unambiguously listed his venue choice as the United States District Court for the Northern District of Iowa, Western Division. Cook points to no new fact or new argument to justify the Court reversing its prior ruling on this exact issue. Therefore, this Court should reject Cook's latest attempt to apply only Indiana law.

**III.      In prior briefing before this Court, Cook conceded that plaintiffs' home state choice of law principles should apply.**

On February 2, 2016, Cook moved for summary judgment in *Graham v. Cook*, Case No. 1:15-cv-764, arguing among other things the case was time-barred. [*See generally* Filing No. 051.] Just like this case, *Graham* was not transferred to this district by the JPMDL; it was directly filed. [*See* Master Case List, p. 8.][7]

In a section of its *Graham* brief entitled "Choice of Law Analysis," Cook made clear that direct-filed cases like *Graham* are subject to the choice of law principles of their **home** forum, not the forum of the MDL court:

> When a case based on diversity is part of an MDL and is directly filed in the MDL forum as the result of a direct filing order, courts have found that the "better approach is to treat foreign direct filed cases [i.e., cases originating outside of this Court's judicial district but filed directly into the MDL] as if they were transferred from a judicial district sitting in the state where the case originated." *In re Yasmin*, 2011 U.S. Dist. LEXIS 39820, at *15, *18 (S.D. Ill. April 11,

---

[7] Given that this volume of the Master Case List spans more than 300 pages, Plaintiff does not attach it here. It is located on the Court's website at the following link:
https://www.insd.uscourts.gov/sites/insd/files/MDL%202570%20Schedule%20A.pdf

[Filing No. 1051, at ECF p. 4252.] Cook went on: "Applying this law to the present case leads to the application of Kansas law." [*Id.*, at ECF p. 4253.]

The doctrine of judicial estoppel provides guidance here. As Justice Ginsburg explained: "judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quotation omitted). Judicial estoppel protects the integrity of the judicial process by preventing parties from "playing fast and loose with the courts," and is "intended to prevent improper use of judicial machinery." *Id.* at 750 (quotations omitted). This is precisely what Cook attempts to do here. Given its prior position on choice of law, the Court should reject Cook's contrary position out of hand.

**IV.     Under the Discovery Rule, Plaintiff's claims are timely.**

It is a matter of disputed fact as to the date Plaintiff knew or could have known the injuries he suffered were caused by the defective Cook IVC Filter. Under the discovery rule, Plaintiff's knowledge the Cook IVC Filter was defective is within the two-year statute of limitations in Iowa. Iowa Code § 614.2. In *Chrischilles v. Griswald*, 260 Iowa 453, 150 N.W. 2d 94, 100 (Iowa 1967), the Court recognizes the discovery rule, saying:

> If an injured party is wholly unaware of the nature of his injury and the cause of it, it is difficult to see how he may be charged with a lack of diligence or sleeping on his rights.

In this circumstance, once Mr. Poggensee was aware the cause of his injury was the defective Cook IVC Filter, he filed suit in a timely fashion for both Iowa and Indiana's two-year statute of limitations. Cook cannot point to any fact that supports its contention Plaintiff knew or reasonably could have known his injuries were caused by the defective Cook Celect IVC Filter at

9

any date prior to two-year limit from discovering his injuries were due to the Cook Celect IVC Filter.

In the event the Court discounts Seventh Circuit law, the Court's prior ruling, and Cook's concession in a prior briefing that home state choice-of-law principles should apply, the discovery rule should also apply to Indiana's two-year statute of limitations, and thus Plaintiff's case is still timely. Cook admits Indiana has a discovery rule:

> To determine when a reasonably diligent plaintiff should have discovered the claimed injury, Indiana courts ask "whether a reasonable person in the [plaintiff's] position . . . possessing the information [plaintiff] did when [she] did, could have discovered through the exercise of ordinary diligence that the product [caused her harm]."

Cook Memorandum of Law, at *7-8 (citing *Horn v. A.O. Smith Corp.,* 50 F.3d 1365, 1370 (7th Cir. 1995). As just stated, it is a matter of disputed facts as to when the Plaintiff discovered the Cook Celect IVC Filter caused him injury. Cook has the burden in a motion for summary judgment, and without a single deposition, a single interrogatory, or even a review of Plaintiff's medical records, Cook has failed to meet its burden.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny Cook's Motion for Summary Judgment and grant any relief this Court deems appropriate.

Respectfully Submitted,

Dated: October 29, 2019

*/s/ Rhett A. McSweeney*
Rhett A. McSweeney
MN Bar No. 269542
McSweeney/ Langevin LLC
2116 Second Avenue South
Minneapolis, MN 55404
Telephone: (877) 542- 4646
Fax: (612) 454-2678

Ram@westrikeback.com

*Lead Counsel for*
*Plaintiff Edward Poggensee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2019, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Rhett A. McSweeney*

Rhett A. McSweeney