UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Snider, Jason, 1:17-cv-3614

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF JASON SNIDER'S CASE PURSUANT TO CMO-28

In his Response, Plaintiff argues that: (1) his claim is saved by the Ohio discovery rule because he did not know the filter was "defective" at the time of his open removal procedure; and (2) the express warranty and consumer fraud claims are properly pled. *See* Dkt. 15931.

Plaintiff's claims are not saved by the discovery rule, because the Ohio discovery rule is limited to discovery of latent injuries, not knowledge of alleged defects.[1] As set forth in Cook's opening brief, courts applying Ohio law have held on multiple occasions that a claim accrues no later than the removal of a device. *Griffin* and *Carter* are dispositive on this issue. In *Griffin v. Am. Med. Sys., Inc.*, the plaintiff received a penile implant, there were issues with excess fluid in the implant, and plaintiff had the device removed about two years later. 106 F.3d 400 (Table), 1997 WL 6131, at *2 (6th Cir. Jan. 7, 1997). Although the doctor only told the plaintiff that "his problems were caused by too much fluid in the prosthesis," the court held that "[t]he removal of the prosthesis alerted [the plaintiff] that the prosthesis might be defective." *Id*. In *Carter v. Medtronic, Inc.*, an implantable pain pump case, the court held last year that the claim accrued

---

[1] The parties agree that the timeliness of the implied warranty claim is dependent on the product liability claims, because the implied warranty claim is governed by the same statute of limitations.

*before* the explant procedure and explained the "'the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects.'" 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020) (quoting *Baxley v. Harley Davidson-Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007)); *see also Braxton v. Peerless Premier Appliances Co.*, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003) ("The discovery rule concerns the situation where an injury is incurred, but not discovered until later."). Plaintiff's knowledge of a "defect" is therefore irrelevant, and his claim accrued at the time of the open removal procedure.

The cases Plaintiff cites are inapplicable because they involved latent or uncertain injuries. *O'Stricker v. Jim Walter Corp.* is the case that established the discovery rule for latent injuries in the context of asbestos litigation. 447 N.E.2d 727, 729 (Ohio Ct. App. 1983). *Harper* applied the *O'Stricker* test in a case involving DES, an ingestible estrogen medication, holding that "nonspecific ailments prior to 1977, for which medical personnel could opine no cause, cannot be used as the date of discovery of injury." *Harper v. Eli Lilly and Co.*, 575 F. Supp. 1359, 1365 (N.D. Ohio 1983). Finally, *Cacciacarne* was an IUD case in which the underlying claim was based on the plaintiff's inability to conceive a child and the court held the claim accrued when plaintiff's physician told her "she would not be able to conceive." *Cacciacarne v. G.D Searle & Co.*, 908 F.2d 95, 97 (6th Cir. 1990) (applying Ohio law). Although the doctor expressed concerns about the IUD potentially causing a tubal blockage, it was "especially" significant that "a month later both plaintiff and her doctor believed she could conceive and that her tubes were no longer blocked." *Id.* at 98. In short, all of these cases involved latent or uncertain injuries, and are therefore readily distinguishable from the open removal context here.

Moreover, Cook would also prevail under the standard in the cases relied on by Plaintiff. In *Cacciacarne*, the court discussed the development of the discovery rule in Ohio since

*O'Stricker*, explaining that the test was subsequently "streamlined" and "formulated [as] the cognizable event test." *Cacciacarne*, 908 F.2d at 97.  Under this test:

> [T]here must be an occurrence of a 'cognizable event' which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies.

*Id.* (citing *Allenius v. Thomas*, 538 N.E.2d 93, 96 (Ohio Ct. App. 1989)).  Plaintiff cannot dispute the existence of a "cognizable event . . . related to a medical procedure."  Indeed, the crux of her claim is the open removal procedure that occurred more than six years before filing.  As noted above, subsequent knowledge of a latent defect is irrelevant.  *Carter*, 2020 WL 2319729, at *4.

Plaintiff's express warranty fails because he relies solely on the inadequate pleading of the Master Complaint.  Among other things, an express warranty claim under Ohio law requires adequate pre-suit notice.  *Forsher v. J.M. Smucker Co.*, 2020 WL 1531160, at *8 (N.D. Ohio Mar. 31, 2020) ("Neither filing a lawsuit nor claiming the Defendant should have had knowledge constitutes notice under applicable law.").  Plaintiff fails to allege if, when, and how he provided the required notice.  He also fails to allege the specific statement that would form the basis of the warranty claim or identify who provided the alleged warranty.  *See* Dkt. 4918 at 13-15 (finding in a Texas case that the Master Complaint fails to plead an adequate claim for express warranty).

Plaintiff's consumer protection claim fails because it was not pled with particularity under Rule 9(b).  *See Smith v. Gen. Motors, LLC*, 2021 WL 631475, at *8 (6th Cir. Feb. 18, 2021) (rejecting plaintiff's argument for a lower pleading standard because a state consumer protection "still needs to specify who was deceived and how."); Dkt. 14809 at 10 (finding that plaintiff's Oregon consumer protection claim was not pled with particularity).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  March 12, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF JASON SNIDER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*