UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION          MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Morris, Nellda, 1:17-cv-1740

_____

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT
IN PLAINTIFF NELDA MORRIS' CASE PURSUANT TO CMO-28**

Plaintiff opposes Cook's motion on the grounds that (1) her claim was tolled under the discovery rule under both Indiana and Georgia law, and (2) the deadline has not yet passed for Plaintiff to amend her claim of fraudulent concealment.  *See* Pl.'s Resp., Dkt. 15944.  Plaintiff notes that Cook argues her cause of action accrued before the MDL was created and states "[i]t was nearly impossible for Plaintiff to discover that her injuries were caused by the defective nature of the Celect filter until she saw the ad notifying her that her injuries might have been caused by the filter." *See id.* at 1.

Plaintiff's arguments are without merit.  As noted in Cook's opening brief, her claims are governed by Indiana law under the Court's choice of law order.  *See* Dkt. 15873, ¶¶ 3, 5 (citing Dkt. 13539 (choice of law order)).  "Indiana law does not require a potential plaintiff to be informed by a doctor that his or her injuries were possibly caused by a particular product before the limitations period begins" because "'events short of a doctor's diagnosis can provide a plaintiff with evidence of a reasonable possibility that another's product caused his or her injuries.'" *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21,

2005) (quoting *Nelson v. Sandoz Pharm Corp.*, 288 F.3d 954, 967 (7th Cir. 2002)). The discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore*, 2005 WL 8165915, at *3. "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.* The Court has already ruled under Indiana law that the statute of limitation accrues no later than the date of the open removal procedure, Plaintiff's claim is barred because she filed more than five years after her open removal procedure. *See* Dkt. 14428 (granting summary judgment in six open removal cases governed by Indiana law). Existence of the MDL is also irrelevant to the analysis. Plaintiff could have filed her claim as a standalone case in a state or federal court where jurisdiction and venue would have been proper.

The same result would obtain if Georgia law applied. Under Georgia law, the discovery rule only applies "to cases of bodily injury which develop only over an extended period of time." *Corp. of Mercer Univ. v. Nat'l Gypsum Co.,* 368 S.E.2d 732, 733 (Ga. 1988). Georgia's discovery rule thus has no bearing on cases where the injury is based on a "discrete and identifiable" event. *Carpenter v. Lockheed Martin Corp.*, 2019 WL 5295728, at *3 (S.D. Ga. Oct. 18, 2019). Because the open removal procedure is a "discrete and identifiable event" that is inherently linked to the filter, as opposed to a latent or continuous tort, Plaintiff's claim would also be barred under Georgia law.

Regarding fraudulent concealment, the Court recently dismissed the fraudulent concealment allegations in the Plaintiffs' Master Complaint. *See* Dkt. 15907. Although Plaintiff correctly notes the Court permitted Plaintiffs leave to amend their short form complaints, Pl.'s Resp., Dkt. 15944 at 3, amendment of the complaint could not save Plaintiff's action here

- 2 -

because the undisputed date of the open removal establishes that Plaintiff's action is time-barred. The open removal procedure provided enough information to Plaintiff under applicable state law regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part.  *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action").  Plaintiff does not suggest what new allegations she might make in an amended complaint that could possibly avoid this fact;  indeed, Plaintiff does not even assert that she actually intends to amend her complaint at all.  In any event, Plaintiff does not and cannot dispute that she underwent two prior failed attempts to remove her filter before undergoing an open removal procedure to remove the filter on September 27, 2011, more than five years before filing her action.  *See* Dkt. 15874 (sealed categorization medical record attached as Exhibit A to Cook's opening brief).

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  March 12, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF NELLDA MORRIS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

- 4 -