UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION          MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Fitzgerald, Bethany, 1:17-cv-00387

_____

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT
IN PLAINTIFF BETHANY FITZGERALD'S CASE PURSUANT TO CMO-28**

Plaintiff opposes Cook's motion on grounds that (1) her claim was tolled under the discovery rule under both Indiana and Arizona law, and (2) the deadline has not yet passed for Plaintiff to amend her claim of fraudulent concealment. *See* Pl.'s Resp., Dkt. 15955.   In particular, Plaintiff notes that Cook argues her cause of action accrued before the MDL was created and argues "Plaintiff did not learn of the connection between her Cook Gunther Tulip filter and her injuries until her mother informed her of advertisements she saw about the Cook IVC filter lawsuits on television around June 2016." *See id.* at 2.

Plaintiff's arguments are without merit.  As noted in Cook's opening brief, her claims are governed by Indiana law under the Court's choice of law order.  *See* Dkt. 15871, ¶¶ 3, 5 (citing Dkt. 13539 (choice of law order)).  "Indiana law does not require a potential plaintiff to be informed by a doctor that his or her injuries were possibly caused by a particular product before the limitations period begins" because "'events short of a doctor's diagnosis can provide a plaintiff with evidence of a reasonable possibility that another's product caused his or her injuries.'" *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21,

2005) (quoting *Nelson v. Sandoz Pharm Corp.*, 288 F.3d 954, 967 (7th Cir. 2002). The discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore*, 2005 WL 8165915, at *3. "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.* As the Court has already ruled under Indiana law that the statute of limitation accrues no later than the date of the open removal procedure, Plaintiff's claim is barred because she filed more than five years after her open removal procedure. *See* Dkt. 14428 (granting summary judgment in six open removal cases governed by Indiana law). Existence of the MDL is also irrelevant to the analysis. Plaintiff could have filed her claim as a standalone case in a state or federal court where jurisdiction and venue would have been proper.

The same result would obtain if Arizona law applied. Arizona courts have explained that there are injuries where "an unfortunate result would immediately put the plaintiff on notice that the result is not only unfavorable but might be attributable to some fault and should be investigated." *Walk v. Ring*, 44 P.3d 990, 994 (Ariz. 2002). In such instances, the Court "may say as a matter of law that a patient is not only aware of the injury but also on notice to investigate whether the injury is likely attributable to the fault of someone responsible for her care."); *see also Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998) ("A plaintiff need not know all the facts underlying a cause of action to trigger accrual."). Here, Plaintiff's categorization medical record makes clear that Plaintiff "wished her filter to be removed and [her physician] investigated the filter," noting that it was dislodged . . . [with] hooks and tips outside of the vena cava." *See* Dkt. 15872 (sealed categorization medical record of Plaintiff's May 20, 2011 open

- 2 -

removal procedure and IVC repair).  Plaintiff was thus on inquiry notice at the time of her open removal procedure to investigate whether she had an actionable claim.

Regarding fraudulent concealment, the Court recently dismissed the fraudulent concealment allegations in the Plaintiffs' Master Complaint.  *See* Dkt. 15907.  Although Plaintiff correctly notes the Court permitted Plaintiffs leave to amend their short form complaints, Pl.'s Resp., Dkt. 15944 at 3, amendment of the complaint could not save Plaintiff's action here because the undisputed date of the open removal establishes that Plaintiff's action is time-barred. The open removal procedure provided enough information to Plaintiff under applicable state law regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part.  *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action").  Plaintiff does not suggest what new allegations she might make in an amended complaint that could possibly avoid this fact;  indeed, Plaintiff does not even assert that she actually intends to amend her complaint at all.  In any event, Plaintiff does not and cannot dispute that she asked to have her filter removed, that her physician noted complications with her filter, and that this required Plaintiff to undergo an open removal procedure to remove the filter on May 20, 2011, more than five years before filing her action.  *See* Dkt. 15872 (sealed categorization medical record attached as Exhibit A to Cook's opening brief).

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

US.131878743.03

Respectfully submitted,

Dated:  March 12, 2021

/s/ *Jessica Benson Cox*

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

### CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, a copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF BETHANY FITZGERALD'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

US.131878743.03