UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Woodard, Ty, 1:19-cv-01296[1]

# DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF TY WOODARD'S CASE PURSUANT TO CMO-28

---

[1] Plaintiff's response spells his last name as "Woodward."  *See* Response, Dkt. 15959.  The case pleadings, categorization, and PPS use "Woodard."  Cook uses "Woodard" here as that it is the spelling that appears on the docket.

Plaintiff Woodard opposes Cook's motion on grounds that his home state is Alabama, that Alabama considers the statute of repose to be a procedural issue, and that Alabama would apply its own law, instead of Tennessee law in this case.  *See* Pl.'s Resp., Dkt. 15959.

A. **Tennessee Law Governs Plaintiff's Claims.**

Plaintiff's choice of law analysis is not supported by the allegations in this case. According to his Complaint, Plaintiff presently resides in Tennessee and resided in Tennessee at the time of his injury and filter placement.  *See* Complaint, ¶¶ 4-6.  Plaintiff filed his complaint in the Southern District of Indiana and lists the Middle District of Tennessee as the federal district where filing would have been proper absent the MDL, *id.,* ¶ 7. Plaintiff's only connection to Alabama is that his filter was placed in Alabama in 2007, though Plaintiff lived in Tennessee at that time.  *Compare* Complaint, ¶ 4 *with id.*, ¶ 12.  Plaintiff does not live in Alabama, was not injured in Alabama, and alleges no conduct by Cook in Alabama.  Plaintiff offers no basis for applying Alabama law, and Tennessee law governs.  Although Plaintiff tries to avoid Tennessee law through an amended complaint, that effort fails both procedurally and substantively.

B. **Plaintiff Failed To Properly Move to Amend His Short Form Complaint**

At the threshold, Plaintiff did not properly move to amend his complaint and did not provide Cook the required opportunity to object to that motion.  Plaintiff attempted to file a motion for leave to amend on January 13, 2021, proposing to retroactively alter the district where filing would have been proper but for the MDL from the Middle District of Tennessee to the Northern District of Alabama.  However, he erroneously filed that motion and the proposed amended complaint in the ***individual*** docket of the *Woodard* case only, and did not file it in the ***master*** docket as the Court requires.  *See Woodard* (1:19-cv-01296) Dkt. 11 & 11-1.  Under the Court's longstanding policy in this MDL, "all filings, regardless of the Member Case(s) to which

1

they applied, **shall be docketed in the Master Case only.**" *See* Second Am. Order Establishing Policies and Procedures, Dkt. 13122 at 4 (emphasis added).  Except for the filing of a Notice of Appearance, "[n]o other filings shall be spread to Member Cases." *Id.*; *see also* General Order Regarding Notice Procedure, Dkt. 2771 (discontinuing spread of ECF notices to member cases as of October 11, 2016 due to the "burden on the system and the Court's servers," and explaining that spreading takes "hours to complete and locks the [Court's ECF] system during that time").

Because Plaintiff did not file the motion for leave and the proposed amended complaint on the master docket, Cook never received proper notice and service of the motion, and Cook's lack of a response cannot be considered consent to the amendment as Plaintiff suggests. *Cf. Noble Roman's Inc. v. Rahimian*, 2008 WL 4793681, at *2 (N.D. Ind. Sept. 26, 2008) (denying motion for default judgment because "Plaintiff did not effect proper service upon the Defendant."). A contrary ruling would put Cook in the impossible position of having to monitor 7,000 individual dockets on the off chance a plaintiff might file something in the wrong place.

### C.     Plaintiff's Proposed Amendment is Improper.

Even if the Court treated Plaintiff's current response to Cook's motion to be a proxy for a motion to amend his complaint, the Court should deny that motion as improper and inappropriate.  First, the proposed amendment tries to retroactively and inaccurately alter the potential alternative venue of his filing.  The Short Form Complaint asks a plaintiff to identify the "District Court and Division in which venue would be proper absent direct filing." Plaintiff's original identification, attested to by his attorney, was the Middle District of Tennessee.  That statement was accurate; Plaintiff's complaint asserts that he was a resident of Tennessee at the time of placement, at the time of injury, and at the time of filing.  *See* Complaint, ¶¶ 4-6.[2]  Venue

---

[2] Indeed, even Plaintiff's proposed amended complaint still lists Tennessee as the relevant state for the consumer protection claim. *See* proposed Amended Complaint, ¶ 14.

2

would therefore have been proper in that district. *See* 28 U.S.C. § 1391(b)(2) (action may be brought in district "in which a substantial part of the events…giving rise to the claim occurred"). Plaintiff can no more retroactively alter the district in which his original filing would have been proper but for the MDL than he could alter the *actual* venue of his case if he had *actually* brought it in the Middle District of Tennessee—as he originally represented he would have.

In addition, Cook seriously questions whether Plaintiff sought the proposed amendment in good faith. Plaintiff moved to amend his complaint to retroactively alter his preferred venue only *after* Cook wrote to his attorney on October 6, 2020, requesting voluntary dismissal of the case as time-barred. Although Plaintiff requested and Cook granted extensions of time for Plaintiff to respond to that letter, Plaintiff never provided a substantive response. Instead, Plaintiff moved to amend the complaint with the erroneous filing on January 13, 2021, the day *after* CMO-28's deadline for voluntary case review expired.

Plaintiff's attempt to retroactively change his accurate representation that the Middle District of Tennessee was a "proper" venue for his case seeks to undermine the Court's choice of law order.[3] No underlying facts have changed, and Plaintiff is not seeking to amend to provide more specific information after receipt of product ID or the like. Plaintiff's only possible purpose for seeking amendment is to circumvent the dispositive argument raised by Cook's letter and avoid the repercussions under CMO-28 for failing to voluntary dismissal this case.

Tennessee law governs Plaintiff's action, and Cook is entitled to judgment in its favor.

---

[3] The Court's equitable period in its choice of law order is based on the premise that some plaintiffs may have been under the impression that a direct-filing order existed in this MDL and that their cases would be treated as if they had been filed in their "home" federal district as designated by their short-form complaints.

3

US.131865591.04

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  March 12, 2021 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF TY WOODARD'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.


/s/ *Jessica Benson Cox*