UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

James, Tiffany Andrea, 1:18-cv-01278

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF TIFFANY JAMES' CASE PURSUANT TO CMO-28

Plaintiff acknowledges that prior orders of this Court and precedent from the Tennessee Court of Appeals interpreting the statute of repose bar her claim. Plaintiff, however, "advances an alternative legal theory" in opposition to Cook's motion. *See* Pl.'s Am. Resp., Dkt. 15961 at 1 (focusing argument on the "No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury" and "under no circumstances shall the cause of action be barred before the person sustains an injury" language in the Tennessee statute of limitations, Tenn. Code Ann. § 28-3-104(b)(2)-(3)).[1]

Cook does not doubt that Plaintiff asserts this alternate theory in good faith. This Court, however, is bound by *Erie* and general principles of federalism and comity to apply well-established state law in diversity cases. *See Hines v. Elkhart Gen. Hosp.*, 603 F.2d 646 (7th Cir. 1979) ("If anything is clear and well established from the decision in *Erie v. Tompkins*, 304 U.S. 64 (1938), and its progeny, it is the principle that the law to be applied by a federal court in a diversity case is the law of the State, and for that reason a federal court adjudicating a State-

---

[1] Plaintiff filed a response in opposition on February 26, 2021 (Dkt. 15938) and an amended response on March 2, 2021 (Dkt. 15961). From Cook's review, the briefs are very similar and Cook cites to the amended response as the operative brief.

created right solely because of diversity of citizenship of the parties is . . . only another court of the State . . . .") (internal citations omitted).  The 10-year Tennessee statute of repose has been the law of Tennessee since its passage in 1978, and, as Plaintiff acknowledges, Tennessee courts have repeatedly upheld its constitutionality and broad application as an outer limit for imposing liability on product manufacturers.  *See* Pl.'s Am. Resp. at 2 (acknowledging the holdings of *Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 104 (Tenn. Ct. App. 1995) and *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 744-45 (Tenn. Ct. App. 2001); *see also Damron v. Media Gen., Inc.*, 3 S.W.3d 510 (Tenn. Ct. App. 1999) (holding that there is no fraudulent concealment exception to the statute of repose); *Hayes v. Gen. Motors Corp.*, 94 F.3d 644 (Table), 1996 WL 452916, at *2 (6th Cir. 1996) (describing the statutory language as "sweeping" in setting the 10-year outer limit from the date of product purchase).  Accordingly, the Court is bound to apply established Tennessee law and dismiss Plaintiff's case with prejudice, as it did with earlier Tennessee cases in its prior orders on this issue.

Moreover, even assuming that Plaintiff's alternative reading of the statute of repose were not inconsistent with current Tennessee law, that reading is unpersuasive for at least two reasons.  First, *Wyatt* and *Jones* held that the statute of repose supersedes the statute of limitations because its text states that "*notwithstanding any exceptions to these provisions* [which would include § 28-3-104(b)] . . . *in any event*, the action must be brought within ten (10) years."  *Wyatt*, 924 S.W.2d at 104 (emphasis and brackets in original); *Jones*, 93 S.W.3d at 744-45 (same holding).  Thus, any perceived conflict between the language is resolved by language in the statute of repose indicating that the statute of repose takes precedence over the statute of limitations.

Second, Plaintiff's reading of the statute would render the whole of the statute of repose meaningless because no claim would ever be barred by it if a plaintiff could file suit within one

year of injury in all circumstances. As a basic principle of statutory interpretation, however, courts do not assume that a legislature would have passed a meaningless law. On the contrary, "[a] statute must be construed so as to ascertain and give effect to the intent and purpose of the legislation, considering the statute as a whole and giving the words their common and ordinary meaning." *State ex rel. Hooker v. Thompson*, 249 S.W.3d 331, 340 (Tenn. Ct. App. 1996). "The Court should assume that the Legislature used each word in the statute purposely and that the use of these words conveyed some intent and had a meaning and purpose." *Id.* Under Plaintiff's proposed reading, the statute of repose would never apply because any plaintiff that experienced an injury could file a claim, no matter how old the product. This would be an absurd result because Tennessee adopted a statute of repose with clear policy goals in mind. *See King v. Bradwell Partnership v. Johnson Controls, Inc.*, 865 S.W.2d 18, 21-22 (Tenn. Ct. App. 1993) (explaining that "the Tennessee General Assembly stated that the purpose of the statute of repose is to protect the public interest by making product liability insurance more readily available at a reasonable cost to manufacturers and sellers so that the cost of products may be lessened to consumers.").

For the foregoing reasons and the reasons set forth in Cook's opening brief, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  March 12, 2021
/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF TIFFANY JAMES' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*