UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Melody and Jeffrey Rahall, 1:20-cv-868

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS MELODY AND JEFFREY RAHALL'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiffs' case, which alleges injury as a result of a fracture of Plaintiff Melody Rahall's IVC filter. In support of the motion, the Cook Defendants state as follows:

1. <u>Plaintiffs' Names</u>:  Melody and Jeffrey Rahall

2. <u>Case Number</u>:  1:20-cv-868

3. <u>Case Origin</u>:  Filed in Southern District of Indiana on March 18, 2020

4. <u>Plaintiff's Home State per Complaint</u>: South Carolina (Plaintiff Melody Rahall's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. <u>Filter Placement Date</u>:  July 8, 2009

8. <u>Latest Possible Date of Accrual</u>:  February 26, 2015 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "a fracture of one of the legs of the filter" and recommending that Plaintiff "[f]ollowup as an outpatient with Dr. Ludkowski for consideration of inferior vena cava filter removal.").[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  5 years, 21 days

**BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than two years after the filter was noted to be fractured.[2]  *See supra*, ¶¶ 3, 8-9.  Under Indiana's limited discovery rule, a statute of limitations "'begins to run from the date that the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another.'"  *Nelson v. Sandoz Pharms. Corp.,* 288 F.3d 954, 966 (7th Cir. 2002) (quoting *Degussa Corp. v. Mullens,* 744 N.E.2d 407, 410 (Ind. 2001)).  "'Events short of a doctor's diagnosis can provide a plaintiff with evidence of a reasonable possibility that another's product caused his or her injuries.'"  *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005) (quoting *Nelson*, 288 F.3d at 967).  The discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another."  *Valmore*, 2005 WL 8165915, at *3.  "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence."  *Id.*; *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).

---

[1] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] Plaintiff's case would also be barred under South Carolina law, which has a three-year statute of limitations.  *See* S.C. Code Ann. § 15-3-535 ("Except as to actions initiated under Section 15-3-545, all [personal injury actions] must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action.").  The "exercise of reasonable diligence" requires that the injured party "act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist."  *Dean v. Ruscon Corp.*, 468 S.E.2d 645, 647 (S.C. 1996).

In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment. *See Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983) (holding that plaintiff's claims accrued on the date of the fracture of the catheter, which was known no later than the removal of the device); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d at 352 (holding that "IUD [] found somewhere in a woman's body where it is not supposed to be" triggered accrual of the statute of limitations).[3]

Plaintiff's implied warranty claim also fails on the same ground. Under Indiana law, warranty claims are subject to the respective two-year statutes of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[4]

Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9. Plaintiff's claims for punitive damages and Plaintiff Jeffrey Rahall's loss-of-consortium fail as derivative.

---

[3] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law. On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[4] South Carolina follows the same rule. Under South Carolina law, the statute of limitations for a products liability action, whether based on strict liability, negligence, warranty, fraud, or statute, is three years. S.C. Code Ann. § 15-3-530 (general three-year statute for personal injury and breach of contract claims); *Fisher v. Pelstring*, 817 F. Supp. 2d 791, 806 (D.S.C. 2011) (applying three-year statute to products liability action asserting claims for breach of express and implied warranties).

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  March 15, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS MELODY AND JEFFREY RAHALL'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*