UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION             MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Melisa Robinson, 1:19-cv-02737

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF MELISA ROBINSON'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by

CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which

alleges injury as a result of a fracture of her IVC filter.   In support of the motion, the Cook

Defendants state as follows:

1.    Plaintiff's Name:  Melisa Robinson

2.    Case Number:  1:19-cv-02737

3.    Case Origin:  Filed in Southern District of Indiana on July 3, 2019

4.    Plaintiff's Home State per Complaint: Colorado (Plaintiff's current residence and
      location of injury)

5.    Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana choice-
      of-law rules apply to all claims in MDL originally filed in the S.D. of Indiana except
      those filed between May 31, 2017 and June 13, 2019).

6.    Applicable Statute of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1)
      ("[A] product liability action must be commenced: (1) within two (2) years after
      the cause of action accrues").

7.    Filter Placement Date:  May 15, 2006

8.  <u>Latest Possible Date of Accrual</u>:  July 5, 2016 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "IVC filter fracture" and "Fractured Gunther Tulip filter retrieved with forceps.").[1]

9.  <u>Length of Time Between Claim Accrual and Filing</u>:  2 years, 11 months, 28 days

10. <u>Length of Time Between Filter Placement and Filing</u>:  13 years, 1 month, 18 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than two years after the filter was noted to be fractured.[2]  *See supra*, ¶¶ 3, 8-9.  Under Indiana's limited discovery rule, a statute of limitations "'begins to run from the date that the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another.'"  *Nelson v. Sandoz Pharms. Corp.,* 288 F.3d 954, 966 (7th Cir. 2002) (quoting *Degussa Corp. v. Mullens,* 744 N.E.2d 407, 410 (Ind. 2001)).  "'Events short of a doctor's diagnosis can provide a plaintiff with evidence of a reasonable possibility that another's product caused his or her injuries.'"  *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005) (quoting *Nelson*, 288 F.3d at 967).  The discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another."  *Valmore*, 2005 WL 8165915, at *3.  "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence."  *Id.*; *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in the master

---

[1]  The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] Plaintiff's case would also be barred under Colorado law, which also has a two-year statute of limitations. *See* Colo. Rev. Stat. Ann. § 13-80-106 ("Notwithstanding any other statutory provisions to the contrary, all actions . . . brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought . . . shall be brought within two years after the claim for relief arises and not thereafter.").

complaint).  In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment.  *See Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983) (holding that plaintiff's claims accrued on the date of the fracture of the catheter, which was known no later than the removal of the device); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d at 352 (holding under Indiana law that discovery of an "IUD [] found somewhere in a woman's body where it is not supposed to be" triggered accrual of the statute of limitations).[3]

Plaintiff's implied warranty claim also fails on the same ground.  Under Indiana law, warranty claims are subject to the respective two-year statutes of limitations discussed above.  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[4]

Plaintiff's express warranty and consumer protection claims fail because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law or a state consumer protection meeting the heightened pleading requirements of Federal Rule 9.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

---

[3] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law.  On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[4] Colorado applies a four-year statute of limitations to warranty claims, but warranty claims accrue upon tender of delivery. *See* Colo. Rev. Stat. Ann. § 4-2-725 (providing that, except where a warranty explicitly extends to future performance, "[a] breach of warranty occurs when tender of delivery is made.").  Here, Plaintiff's implied warranty claim would likewise be time-barred under Colorado law because more than four years elapsed between delivery of her filter and the filing of her complaint. *See supra*, ¶ 10.

Respectfully submitted,

Dated:  March 15, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated,
Cook Medical LLC, and William Cook Europe
ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **COOK DEFENDANTS'**

**MOTION FOR JUDGMENT IN PLAINTIFF MELISA ROBINSON'S CASE PURSUANT**

**TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all

parties by operation of the Court's electronic filing system to CM/ECF participants registered to

receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*