UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Kenneth Turner, 1:19-cv-02542

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF KENNETH TURNER'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of his IVC filter. In support of the motion, the Cook Defendants state as follows:

1. Plaintiff's Name:  Kenneth Turner

2. Case Number:  1:19-cv-02542

3. Case Origin:  Filed in Southern District of Indiana on June 24, 2019

4. Plaintiff's Home State per Complaint: Louisiana (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date:  April 17, 2007

8. <u>Latest Possible Date of Accrual</u>:  June 7, 2016 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "The filter was removed and post removal venogram showed no significant change in minimal narrowing of the cava and no embolization of the fractured leg that was previously incorporated into the cava wall.").[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  3 years, 17 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than two years after the filter was noted to be fractured.[2]  *See supra*, ¶¶ 3, 8-9.  Under Indiana's limited discovery rule, a statute of limitations "'begins to run from the date that the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another.'"  *Nelson v. Sandoz Pharms. Corp.,* 288 F.3d 954, 966 (7th Cir. 2002) (quoting *Degussa Corp. v. Mullens,* 744 N.E.2d 407, 410 (Ind. 2001)).  "'Events short of a doctor's diagnosis can provide a plaintiff with evidence of a reasonable possibility that another's product caused his or her injuries.'"  *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005) (quoting *Nelson*, 288 F.3d at 967).  The discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another."  *Valmore*, 2005 WL 8165915, at *3.  "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence."  *Id.*; *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).

---

[1] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] Plaintiff's case would also be barred under Louisiana law, which has a one-year statute of limitations.  *See* La. Civ. Code Ann. Art. 3492 ("Delictual actions are subject to a liberative prescription of one year.").  Moreover, an action accrues "on the date the injured party discovers or should have discovered the facts upon which his cause of action is based . . . [and] a plaintiff is deemed to know what he could have learned by reasonable diligence.").  *Davis v. Johnson*, 36 So. 3d 439, 441-42 (La. App. 2010).

In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment. *See Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983) (holding that plaintiff's claims accrued on the date of the fracture of the catheter, which was known no later than the removal of the device); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d at 352 (holding under Indiana law that discovery of an "IUD [] found somewhere in a woman's body where it is not supposed to be" triggered accrual of the statute of limitations).[3]

Plaintiff's implied warranty claim also fails on the same ground. Under Indiana law, warranty claims are subject to the respective two-year statutes of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[4]

Plaintiff's express warranty claims fail because they are time-barred under the statute of limitations discussed above, but also because no plaintiff opposing a dispositive motion in this MDL has articulated a viable express warranty claim under applicable state law. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

---

[3] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law. On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[4] Louisiana follows the same rule. Under Louisiana law, there are only two viable theories of liability against manufacturers for damages caused by their products—rehibition and the Louisiana Product Liability Act—and both are subject to a one-year statute of limitations. *Hevey v. Ford Motor Co.*, No. 12-14257, 2013 WL 4496255, at *2 (E.D. Mich. Aug. 21, 2013).

| | |
|---|---|
| Dated:  March 15, 2021 | /s/ *Jessica Benson Cox*<br>Jessica Benson Cox, Co-Lead Counsel<br>Andrea Roberts Pierson,<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett, Co-Lead Counsel<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

# CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF KENNETH TURNER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.


/s/ *Jessica Benson Cox*