UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Sanchez-Hughes, Lisa - 1:20-cv-2948

### DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF LISA SANCHEZ-HUGHES' CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time-barred under the applicable statute of repose. In support of the motion, the Cook Defendants state as follows:

1. <u>Plaintiff's Name</u>:  Lisa Sanchez-Hughes

2. <u>Case Number</u>:  1:20-cv-2948

3. <u>Case Origin</u>:  Filed in Southern District of Indiana on November 10, 2020

4. <u>Plaintiff's Home State per Complaint</u>: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Statute of Repose</u>:  Texas (15 years), Tex. Code. Ann. § 160.12(b) ("Except as provided by Subsections (c), (d), and (d-1), a claimant must commence a product liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant").

6. <u>Placement Date (latest possible date of purchase)</u>:  July 13, 2004 (*see* Plaintiff's Short Form Complaint, ¶ 11)

7. <u>Length of time Between Filter Placement and Filing</u>:  16 years, 3 months, 28 days

## BRIEF ARGUMENT

Plaintiff's claims are barred by the Texas statute of repose because she did not file her action until more than 15 years after the initial sale of the filter, a sale that could not have occurred any later than the date of the placement procedure.  Under the Court's two prior orders addressing the Texas statute of repose, all of Plaintiff's claims are barred.  *See* Dkt. 4918 at 13-15 (dismissing Texas plaintiff's' case in its entirety and rejecting her express warranty argument); Dkt. 14426 (same).  *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867-68 (Tx. 2009) (explaining generally that under Texas law "statutes of repose create a substantive right to be free from liability after a legislatively determined period" and "thus represent[] the Legislature's considered judgment as to the inadequacy of the traditional statutes of limitations for some types of claims."); Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).

The express warranty exception does not apply, because Plaintiff has not pled a viable express warranty claim under Texas law.  *See* Dkt. 4918 at 13-15 (finding that Plaintiffs' Master Complaint fails to adequately plead an express warranty claim under Texas law); *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex. App. 1987) (holding that an express warranty claim under Texas law requires plaintiff to establish than an express affirmation of fact or promise "became a part of the basis of the bargain" and that "the plaintiff relied upon said affirmation of fact or promise," among other elements).[1]

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[1] Plaintiff's Short Form Complaint does not raise any additional allegations.

|  |  |
|---|---|
| Dated:  March 15, 2021 | Respectfully submitted,<br><br>/s/ *Andrea Roberts Pierson*<br>Jessica Benson Cox, Co-Lead Counsel<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett, Co-Lead Counsel<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF LISA SANCHEZ-HUGHES' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*