UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Williams, Dewey - 1:19-cv-03665

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DEWEY WILLIAMS' CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time barred under the applicable statute of repose. In support of the motion, the Cook Defendants state as follows:

1. Plaintiff's Name: Dewey Williams

2. Case Number: 1:19-cv-03665

3. Case Origin: Filed in Southern District of Indiana on August 28, 2019

4. Plaintiff's Home State per Complaint: Tennessee (Plaintiff's current residence, and location of injury); Ohio (residence at time of filter placement)

5. Applicable Statute of Repose: Tennessee (10 years), Tenn. Code Ann. 29-28-103(a) ("Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought . . . within ten (10) years from the date on which the product was first purchased for use or consumption . . . .").

6. Placement Date (latest possible date of purchase): September 16, 2005 (*see* Plaintiff's Short Form Complaint, ¶ 11)

7. Length of time Between Filter Placement and Filing: 13 years, 4 months, 27 days

**BRIEF ARGUMENT**

Indiana choice of law rules apply because the case was filed in the Southern District of Indiana outside of the equitable period in the Court's order. *See* Dkt. 13539 (finding Indiana law applies to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019). Under Indiana choice of law rules, Plaintiff's case is governed by Tennessee substantive law.

Indiana courts consider the statute of repose to be an issue of substantive law. *See Klein v. Depuy, Inc.*, 476 F. Supp. 2d 1007 (N.D. Ind. 2007) (deciding under Indiana choice of law rules that plaintiff's claim was governed by the North Carolina statute of repose, not the Indiana statute of repose, because plaintiff was injured in North Carolina), *aff'd* 506 F.3d 553 (7th Cir 2007); *see also Kissel v. Rosenbaum*, 579 N.E.2d 1322, 1327 (Ind. Ct. App. 1991) (explaining that "[a] statute of repose constitutes a substantive definition of rights rather than a procedural limitation provided by a statute of limitation."). On substantive issues, the presumption under Indiana law "is that the traditional *lex loci delicti* rule (the place of the wrong) will apply." *Simon v. U.S.*, 805 N.E.2d 798, 805 (Ind. 2004). The location of the tort is the "state where the last event necessary to make an actor liable for the alleged wrong takes place"—i.e. the state where the injury occurred, and the plaintiff experienced actionable damages. *Id.* Here, although Plaintiff received his filter at an Ohio hospital while living in Ohio, his alleged injury occurred in Tennessee. *See* Plaintiff's Short Form Complaint, ¶¶ 4-5, 12. Because Plaintiff alleges that his injury occurred in Tennessee, the Tennessee statute of repose applies in his case. *See id.*; Plaintiff's Short Form Complaint, ¶ 5.

Plaintiff's claims are barred by the Tennessee statute of repose because he did not file his action until more than 10 years after the initial sale of the filter, a sale that could not have

occurred any later than the date of the placement procedure. Under the Court's two prior orders addressing the Tennessee statute of repose, all of Plaintiff's claims are barred. *See* Dkt. 4918 (dismissing Tennessee plaintiffs' cases in their entirety and rejecting arguments that filter cases involve a latent injury and constitutionality arguments raised by those plaintiffs); Dkt. 14426 (same). *See also Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995) ("Because a statute of repose sets the triggering event as something other than accrual, it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff becomes aware of his or her injury."); Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 15, 2021 | /s/ *Andrea Roberts Pierson* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana 46204 |
|  | Telephone: (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana 46802 |
|  | Telephone: (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DEWEY WILLIAMS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

US.131846403.01