UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION         MDL No. 2570

This Document Relates Only to the Following Cases:

Boudreau, Patricia, 1:18-cv-01228

## DEFENDANTS' MOTION FOR JUDGMENT
## IN PLAINTIFF PATRICIA BOUDREAU'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of her IVC filter. In support of the motion, the Cook Defendants state as follows:

1. <u>Plaintiff's Name</u>:  Patricia Boudreau

2. <u>Case Number</u>:  1:18-cv-01228

3. <u>Filing Location and Date</u>:  Filed in S. D. of Indiana on April 23, 2018

4. <u>Plaintiff's Home State per Complaint</u>: Colorado (Plaintiff's residence at the time of filter placement and location of injury)

5. <u>Applicable Choice of Law Rules</u>:  Colorado, *see* Dkt. 13539 (modifying equitable time period for application of home state law to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statutes of Limitations</u>:  Colorado (2 years), Colo. Rev. Stat. Ann. § 13-80-106 ("Notwithstanding any other statutory provisions to the contrary, all actions . . . brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought . . . shall be brought within two years after the claim for relief arises and not thereafter.").

7. <u>Filter Placement Date</u>:  February 24, 2012

8. <u>Latest Possible Date of Accrual</u>:  June 29, 2012 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "Successful removal of a suprarenal IVC filter and fractured filter strut, as discussed above" on June 29, 2012).[1]

9. <u>Length of Time Between Filter Placement and Filing</u>:  6 years, 1 month, 30 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  5 years, 9 months, 25 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Colorado law because the case was filed more than two years after the filter was noted to be fractured and was removed.[2]  *See supra*, ¶¶ 3, 8, 10.  Under Colorado's limited discovery rule, the statute of limitations begins to run "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."  Colo. Rev. Stat. Ann. § 13-80-108(1).  The focus is on "plaintiff's knowledge of facts rather than the discovery of applicable legal theories."  *Salazar v. Am. Sterilizer Co.*, 5 P.3d 357, 363 (Colo. App. 2000).  In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily knows "both the injury and its cause" at the time the fracture is identified through medical treatment.  *See Hardy-roy v. Shanghai Kindly Enterprises Dev. Grp. Co.*, No. 20-CV-00373-NYW, 2021 WL 229282, at *2 (D. Colo. Jan. 22, 2021) (holding that plaintiff's claim accrued when a needle manufactured by defendant broke and became lodged in plaintiff's body); *see also Dittman v. DJO*, LLC, No. 08-CV-02791-

---

[1] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See, e.g.,* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] The case would also be barred if Indiana law applied to Plaintiff's claim.  *See* Ind. Code 34-20-3-1(b)(1) ("Except as provided in section 2 of this chapter, a product liability action must be commenced:  (1) within two (2) years after the cause of action accrues"); see also *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (applying Indiana law); *Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983); and *Neuhasuer v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983)). Under Indiana law, Plaintiff's claim could not have accrued later than the date of her removal procedure.

WDM-KLM, 2009 WL 3246128, at *2 (D. Colo. Oct. 5, 2009) (finding that plaintiff's claim accrued when his physician noted that one of the medical devices at issue may have caused or contributed to plaintiff's chondrolysis).[3]

Plaintiff's implied warranty claim is also time-barred. Colorado applies a three-year statute of limitations to breach of implied warranty claims, and such claims accrue upon tender of delivery. Colo. Rev. Stat. Ann. § 13–80–101(1)(a) (warranty claims subject to three-year statute of limitations); Colo. Rev. Stat. Ann. § 4-2-725 ("A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made"). Here, Plaintiff's implied warranty claim is time-barred under Colorado law because more than three years elapsed between delivery of her filter and the filing of her complaint. *See supra*, ¶ 9.

As to Plaintiff's consumer protection and express warranty claims, the Court has already concluded that they are not adequately pled. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); *see also* Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Likewise here, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Federal Rule 9 or a viable express warranty claim under applicable state law. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[3] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Colorado. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 887 (10th Cir. 2005) ("Uncertainty as to the full extent of the damage does not stop the accrual of a cause of action.").

Respectfully submitted,

Dated: March 15, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

### CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF PATRICIA BOUDREAU'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*