UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION          MDL No. 2570

---

This Document Relates Only to the Following Cases:

Davis, Freda, 1:18-cv-01257

---

**DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF FREDA DAVIS'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of her IVC filter.  In support of the motion, the Cook Defendants state as follows:

1.  <u>Plaintiff's Name</u>:  Freda Davis

2.  <u>Case Number</u>:  1:18-cv-01257

3.  <u>Filing Location and Date</u>:  Filed in S. D. of Indiana on April 25, 2018

4.  <u>Plaintiff's Home State per Complaint</u>: Michigan (Plaintiff's current residence, location of injury, and residence at the time of filter placement)

5.  <u>Applicable Choice of Law Rules</u>:  Michigan, *see* Dkt. 13539 (modifying equitable time period for application of home state law to cases filed between May 31, 2017 and June 13, 2019).

6.  <u>Applicable Statutes of Limitations</u>:  Michigan (3 years), Mich. Comp. Laws Ann. § 600.5805(12) ("The period of limitations is 3 years for a product liability action.").

7.  <u>Filter Placement Date</u>:  February 27, 2008

8.     <u>Latest Possible Date of Accrual</u>:  February 16, 2009 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "The abdominal radiograph the following day revealed fracture of the fourth leg" and "[s]uccessful retrieval of remaining portion of infrarenal inferior vena cava filter" on February 16, 2009).[1]

9.     <u>Length of Time Between Claim Accrual and Filing</u>:  9 years, 2 months, 9 days

## **BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Michigan law because the case was filed more than three years after the filter was noted to be fractured and was removed.[2]  *See supra*, ¶¶ 3, 8, 9.  The statute of limitations in Michigan is three years, with no discovery rule. *See Peter v. Stryker Orthopaedics, Inc.*, 581 F. Supp. 2d 813, 816 (E.D. Mich. 2008), citing *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670 (Mich. 2007) ("On July 25, 2007, the Michigan Supreme Court held that this statutory definition of 'accrues' prohibits use of the common law 'discovery rule' in Michigan.").  As a result, a product liability claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results."  Mich. Comp. Laws Ann. § 600.5827.  Here, Plaintiff's claims accrued under Michigan

---

[1] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See, e.g.,* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] The case would also be barred if Indiana law applied to Plaintiff's claim.  *See* Ind. Code 34-20-3-1(b)(1) ("Except as provided in section 2 of this chapter, a product liability action must be commenced:  (1) within two (2) years after the cause of action accrues").  Indeed, the Court has already ruled on this issue under Indiana law, granting summary judgment in open removal cases where the filter was removed more than two years before filing.  *See* Dkt. 14428 (granting summary judgment in six open removal cases governed by Indiana law); *see also* Cook Defs.' Am. Reply in Support of Omnibus Mot. for Summary Judgment, Dkt. 12451 at 6-9 (discussing objective standard for statute of limitations under Indiana law and citing multiple cases holding that accrual began no later than device removal, including *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (applying Indiana law); *Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983); and *Neuhasuer v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983)).  As such, Plaintiff's claim could not have accrued later than the date of her removal procedure, the same triggering event the Court applied in its order in the cases governed by Indiana law.

law no later than February 16, 2009, when her filter fractured and was removed.[3]  By the time she filed her complaint on April 25, 2018, her claims were time-barred by more than six years.

Plaintiff's implied warranty claim fails on the same ground.  Under Michigan law, product liability warranty claims are subject to the three-year statute of limitations discussed above.  *Stephenson v. C. R. Bard, Inc.*, No. 2:16-CV-11819, 2018 WL 650213, at *3 (S.D.W. Va. Jan. 31, 2018) ("Under Michigan law, all product liability claims are subject to a three-year statute of limitations . . . Although breach of warranty claims are typically subject to a four-year statute of limitations . . . when the breach is related to an underlying personal injury claim, the statute of limitations governing personal injury claims applies instead.").

As to Plaintiff's consumer protection and express warranty claims, the Court has already concluded that they are not adequately pled.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); *see also* Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Likewise here, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Federal Rule 9 or a viable express warranty claim under applicable state law.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[3] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Michigan law. *Grimm v. Ford Motor Co.*, 403 N.W.2d 482, 485 (Mich. 1986) ("More damage may result later, but no new cause of action of limitation period arises.").

Respectfully submitted,

Dated:  March 15, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF FREDA DAVIS'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*