UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION                   MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Kristel Gugliuzza, 1:16-cv-00799

_____

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF KRISTEL GUGLIUZZA'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of her IVC filter. In support of the motion, the Cook Defendants state as follows:

1. Plaintiff's Name: Kristel Gugliuzza

2. Case Number: 1:16-cv-00799

3. Case Origin: Filed in Southern District of Indiana on April 11, 2016

4. Plaintiff's Home State per Complaint: Nevada (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules: Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations: Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date: July 8, 2011

8. <u>Latest Possible Date of Accrual</u>:  August 3, 2011 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "at least two of the limbs appear to be dislodged as cephalad," and August 15, 2011 record noting "successful complex retrieval of a severely tip-embedded celect IVC filter . . . a previously fractured arm fragment from the filter was presumably removed during a prior retrieval attempt, as we could not identify it on today's exam."[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  4 years, 8 months, 8 days

10. <u>Length of Time Between Placement and Filing</u>:  4 years, 9 months, 3 days

**BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than two years after the filter was noted to be fractured.[2] *See supra*, ¶¶ 3, 8-9. Under Indiana's limited discovery rule, a statute of limitations "'begins to run from the date that the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another.'" *Nelson v. Sandoz Pharms. Corp.,* 288 F.3d 954, 966 (7th Cir. 2002) (quoting *Degussa Corp. v. Mullens,* 744 N.E.2d 407, 410 (Ind. 2001)). "'Events short of a doctor's diagnosis can provide a plaintiff with evidence of a reasonable possibility that another's product caused his or her injuries.'" *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005) (quoting *Nelson*, 288 F.3d at 967)). The discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore*, 2005 WL 8165915, at *3. "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.*, *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).

---

[1] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions. *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] Plaintiff's case would also be barred under Nevada law, which also has a two-year statute of limitations. *See* Nev. Rev. Stat. § 11.190(4)(e) ("Actions . . . may only be commenced . . . [w]ithin two years [if they seek] to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another").

In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment. *See Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983) (holding that plaintiff's claims accrued on the date of the fracture of the catheter, which was known no later than the removal of the device); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (holding under Indiana law that discovery of an "IUD [] found somewhere in a woman's body where it is not supposed to be" triggered accrual of the statute of limitations).[3]

Plaintiff's implied warranty claim also fails on the same ground. Under Indiana law, warranty claims are subject to the respective two-year statutes of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[4]

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that they are not adequately pled. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Likewise here, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Federal Rule 9 or a viable express warranty claim under applicable state law. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

---

[3] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law. On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).
[4] Plaintiff's breach-of-warranty claim would also be barred under Nevada law, where the statute of limitation for breach of implied warranty is four years. *See* Nev. Rev. Stat. § 11.190(3)(c).

              Respectfully submitted,

Dated:  March 15, 2021        /s/ *Andrea Roberts Pierson*
                    Jessica Benson Cox, Co-Lead Counsel
                    Andrea Roberts Pierson,
                    FAEGRE DRINKER BIDDLE & REATH LLP
                    300 North Meridian Street, Suite 2500
                    Indianapolis, Indiana  46204
                    Telephone:  (317) 237-0300
                    Andrea.Pierson@FaegreDrinker.com
                    Jessica.Cox@FaegreDrinker.com

                    James Stephen Bennett, Co-Lead Counsel
                    FAEGRE DRINKER BIDDLE & REATH LLP
                    110 West Berry Street, Suite 2400
                    Fort Wayne, Indiana  46802
                    Telephone:  (260) 424-8000
                    Stephen.Bennett@FaegreDrinker.com

                    *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF KRISTEL GUGLIUZZA'S PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*