UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION               MDL No. 2570
_____

This Document Relates Only to the Following Cases:

Bain, Betty, 1:17-cv-03085
_____

**DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF BETTY BAIN'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of her IVC filter. In support of the motion, the Cook Defendants state as follows:

1. <u>Plaintiff's Name</u>:  Betty Bain

2. <u>Case Number</u>:  1:17-cv-03085

3. <u>Filing Location and Date</u>:  Filed in S. D. of Indiana on September 5, 2017

4. <u>Plaintiff's Home State per Complaint</u>: Nevada (Plaintiff's current residence, location of injury, and residence at the time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Nevada, *see* Dkt. 13539 (modifying equitable time period for application of home state law to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statutes of Limitations</u>:  Nevada (2 years), Nev. Rev. Stat. Ann. § 11.190(4)(e) (Setting forth two-year statute of limitations for "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another").

7. <u>Filter Placement Date</u>:  August 23, 2009

8.  Latest Possible Date of Accrual: September 4, 2013 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "IVC filter with fracture of one of the tines of the IVC filter" on September 4, 2013).

9.  Length of Time Between Filter Placement and Filing: 8 years, 13 days

10. Length of Time Between Claim Accrual and Filing: 4 years, 1 day

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Nevada law because the case was filed more than two years after the filter was noted to be fractured.[1] *See supra*, ¶¶ 3, 8, 10. Under Nevada's limited discovery rule, the statute of limitations begins to run when "the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1065–66 (8th Cir. 2012), citing *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). "The focus is on the [plaintiff's] knowledge of or access to facts rather than on her discovery of legal theories," *Id.*, quoting *Massey v. Litton*, 669 P.2d 248, 252 (Nev. 1983), and the rule "has been clarified to mean that the statute of limitations begins to run when the patient has before him facts which would put a reasonable person on inquiry notice of his possible cause of action[.]" *Massey*, 669 P.2d at 251. A plaintiff is put on inquiry notice "when he or she should have known of facts that would lead an ordinarily prudent person to investigate the matter further." *Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 462 (Nev. 2012). In a case like this, where the claim is premised on a filter fracture, a plaintiff is

---

[1] The case would also be barred if Indiana law applied to Plaintiff's claim. *See* Ind. Code 34-20-3-1(b)(1) ("Except as provided in section 2 of this chapter, a product liability action must be commenced: (1) within two (2) years after the cause of action accrues"). Under Indiana's limited discovery rule, a statute of limitations "'begins to run from the date that the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another.'" *Nelson v. Sandoz Pharms. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (quoting *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001)). In a case premised on a filter fracture, a plaintiff "knows or should know" of the existence of an injury and the causal link to the filter when the fracture is identified through medical treatment. *See Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983) (holding that plaintiff's claims accrued on the date of the fracture of the catheter, which was known no later than the removal of the device).

necessarily placed on "inquiry notice" at the time the fracture is identified through medical treatment.[2]

Plaintiff's implied warranty claim also fails on the same ground. Under Nevada law, warranty claims sounding in tort are subject to the two-year statute of limitations discussed above. *Blotzke v. Christmas Tree, Inc.*, 499 P.2d 647 (Nev. 1972) (holding that personal injury actions are subject to two-year statute of limitations, regardless of whether claim is based in tort or contract)"); *Campos v. New Direction Equip. Co., Inc.*, No. 208CV00286LRHRJJ, 2009 WL 10692848, at *1 (D. Nev. Sept. 28, 2009) ("Likewise, the claim for breach of implied warranty is subject to a two year statute of limitations.").

As to Plaintiff's consumer protection and express warranty claims, the Court has already concluded that they are not adequately pled. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); *see also* Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Likewise here, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Federal Rule 9 or a viable express warranty claim under applicable state law. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

Dated: March 15, 2021          /s/ *Jessica Benson Cox*

---

[2] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Nevada law. *See Gregory v. Union Pac. R. Co.*, 673 F. Supp. 1544, 1547 (D. Nev. 1987) (finding that plaintiff's claims accrued when "he knew that he had sustained some injury, albeit the full extent was apparently not clear at the time").

        Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF BETTY BAIN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

        /s/ *Jessica Benson Cox*