UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION               MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Walker, Ruchelle, 1:19-cv-484

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF RUCHELLE WALKER'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of her IVC filter. In support of the motion, the Cook Defendants state as follows:

1. Plaintiff's Name:  Ruchelle Walker

2. Case Number:  1:19-cv-484

3. Case Origin:  Filed in Southern District of Indiana on January 29, 2019

4. Plaintiff's Home State per Complaint: West Virginia (Plaintiff's current residence)

5. Plaintiff's Home State at the time of injury: Pennsylvania (location of injury and residence at time of filter placement)

6. Applicable Choice of Law Rules:  West Virginia, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

7. Applicable Statute of Limitations:  Pennsylvania (2 years), 42 Pa. Stat. and Cons. Stat. Ann. § 5524(2) ("An action to recover damages for injuries to the person or

for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.").[1]

8. <u>Filter Placement Date</u>:  May 24, 2010

9. <u>Latest Possible Date of Accrual</u>:   January 19, 2018 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "The patient has a filter within the infrarenal IVC. One of the struts has fractured off from the filter and now lies external and to the right of the IVC" and "One of the struts directed posteriorly extends through the vessel wall," and further noting a "PATIENT HAS AN IVC FILTER IN PLACE. ONE OF THE STRUTS IS FRACTURED FROM THE FILTER, AND HAS MIGRATED EXTERNAL TO THE IVC.").[2]

10. <u>Length of Time Between Claim Accrual and Filing</u>:  3 years, 10 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Pennsylvania law because the case was filed more than two years after the filter was noted to have fractured. *See supra*, ¶¶ 3, 8-9. "A cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." *Kennedy v. Ethicon, Inc.*, No. 5:20-CV-00185, 2020 WL 4050459, at *7 (E.D. Pa. July 20, 2020). Pennsylvania's formulation of the discovery rule represents a more "narrow approach" than is mandated in some other jurisdictions, as it places a greater burden on plaintiffs. *Nicolaou v. Martin*, 195 A.3d 880, 892-893 (Penn. 2018). Pennsylvania's discovery rule is grounded in inquiry notice tied to actual or constructive knowledge, and does not require "notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Id.* at 893.  In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily knows of the existence of a harm and

---

[1] West Virginia law likewise imposes a two-year statute of limitations. W. Va. Code Ann. § 55-2-12 ("Every personal action for which no limitation is otherwise prescribed shall be brought...within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries.").

[2] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions. *See, e.g.,* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

- 2 -

the causal link to another's conduct at the time the fracture is identified through medical treatment. Here, the fracture was identified over three years before Plaintiff filed his case. As a result, Plaintiff's personal injury claims are time-barred under Pennsylvania law.

Plaintiff's implied warranty claim is also barred. Pennsylvania law excludes implied warranty claims as a matter of law. *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 752 (E.D. Pa. 2007). Even if it did not, under Pennsylvania law, implied warranty claims are barred four years after the date of sale, and the "discovery rule does not apply to breach of warranty claims." *See* 42 Pa. Cons. Stat. § 5525; 13 Pa. Cons. Stat. § 2725 (providing that "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued [and] a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made."); *see also McCracken v. Ford Motor Co.*, 588 F. Supp. 2d 635, 642 (E.D. Pa. 2008). Here, Plaintiff did not file her case until almost a decade after the filter was placed (*i.e.*, the latest possible date of sale). As a result, Plaintiff's implied warranty claim, even if recognized, would still be time-barred under Pennsylvania law. *See supra* ¶ 10.

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that they are not adequately pled. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Likewise here, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Federal Rule 9 or a viable express warranty claim under applicable state law. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

- 4 -

                                          Respectfully submitted,

Dated: March 15, 2021                  /s/ Andrea Roberts Pierson
                                          Jessica Benson Cox, Co-Lead Counsel
                                          Andrea Roberts Pierson,
                                          FAEGRE DRINKER BIDDLE & REATH LLP
                                          300 North Meridian Street, Suite 2500
                                          Indianapolis, Indiana 46204
                                          Telephone: (317) 237-0300
                                          Andrea.Pierson@FaegreDrinker.com
                                          Jessica.Cox@FaegreDrinker.com

                                          James Stephen Bennett, Co-Lead Counsel
                                          FAEGRE DRINKER BIDDLE & REATH LLP
                                          110 West Berry Street, Suite 2400
                                          Fort Wayne, Indiana 46802
                                          Telephone: (260) 424-8000
                                          Stephen.Bennett@FaegreDrinker.com

                                          *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF RUCHELLE WALKER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*