UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND         Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION          MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Thompkins, Kelli - 1:17-cv-2879

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN**
**PLAINTIFF KELLI THOMPKINS' CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of her IVC filter. In support of the motion, the Cook Defendants state as follows:

1.  <u>Plaintiff's Name</u>:  Kelli Thompkins

2.  <u>Case Number</u>:  1:17-cv-2879

3.  <u>Case Origin</u>:  Filed in Southern District of Indiana on August 22, 2017

4.  <u>Plaintiff's Home State per Complaint</u>: Ohio (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5.  <u>Applicable Choice of Law Rules</u>:  Ohio, *see* Dkt. 13539 (finding Indiana law applies to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6.  <u>Applicable Statute of Limitations</u>:  Ohio (2 years), Ohio Code § 2305.10(A) ("[A]n action based on a product liability claim and an action for bodily injury or injuring property shall be brought within two years after the cause of action accrues.").

7.  <u>Filter Placement Date</u>:  December 15, 2008

8.    <u>Latest Possible Date of Accrual</u>:  February 15, 2013 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "CT Venography from the interior cavoatrial junction to the common femoral veins is recommended to evaluate the tilted and fractured IVC filter and assess for possible retrieval" and further noting a "fractured filter leg").[1]

9.    <u>Length of Time Between Claim Accrual and Filing</u>:  4 years, 6 months, 7 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Ohio law because the case was filed more than four years after the filter was noted to be fractured.[2]  *See supra*, ¶¶ 3, 8-9.  In Ohio, "[t]he discovery rule concerns the situation where an injury is incurred, but not discovered until later."  *Braxton v. Peerless Premier Appliances Co.*, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003).  To apply the rule, Ohio courts apply the "cognizable event" test:

> [T]here must be an occurrence of a "cognizable event" which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies.

*Allenius v. Thomas*, 538 N.E.2d 93, 96 (Ohio Ct. App. 1989); *see also Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020) (holding that "'the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects.'") (quoting *Baxley v.*

---

[1]  The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See, e.g.,* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2]  The case would also be barred if Indiana law applied to Plaintiff's claim.  *See* Ind. Code 34-20-3-1(b)(1) ("Except as provided in section 2 of this chapter, a product liability action must be commenced: (1) within two (2) years after the cause of action accrues").  Under Indiana's limited discovery rule, a statute of limitations "'begins to run from the date that the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another.'"  *Nelson v. Sandoz Pharms. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) (quoting *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001)).  In a case premised on a filter fracture, a plaintiff "knows or should know" of the existence of an injury and the causal link to the filter when the fracture is identified through medical treatment.  *See Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983) (holding that plaintiff's claims accrued on the date of the fracture of the catheter, which was known no later than the removal of the device).

*Harley Davidson-Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007)).  To the extent the discovery rule applies in a case like this, where the claim is premised on a filter fracture, the plaintiff is necessarily aware of a "cognizable event" that should prompt further inquiry at the time the fracture is identified through medical treatment.  Because Plaintiff commenced suit more than four years after her filter was noted to be fractured, her claims are barred as a matter of law.[3]

Plaintiff's implied warranty claim also fails.  Under Ohio law, warranty claims in cases involving personal injury are subject to the product liability statute of limitations discussed above. *See, e.g., Gordon v. B. Braun Med., Inc.*, 2020 WL 1491378, at *5 (S.D. Ohio March 27, 2020) (holding in an IVC filter case that all of plaintiff's warranty claims were abrogated by and duplicative of her claims under the Ohio Product Liability Act).[4]

As to Plaintiff's consumer protection and express warranty claims, the Court has already concluded that they are not adequately pled.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); *see also* Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Here, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim under applicable state law.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

---

[3] *Schmitz v. Nat'l Coll. Athletic Ass'n*, 67 N.E.3d 852, 863 (Oh. Ct. App. 2016) (discussing the "principle that if a discovery rule is applicable, the cause accrues when the plaintiff discovers her legal injury, even if she does not know the total extent of the injury.").

[4] Indiana follows the same rule.  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991) (holding that two-year statute of limitations for personal injury claims also applies to implied warranty claims).

US.131918101.03

Respectfully submitted,

Dated:  March 15, 2021

/s/ Jessica Benson Cox
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF KELLI THOMPKINS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Jessica Benson Cox

- 4 -

US.131918101.03