UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION          MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Ryon, Levi, 1:16-cv-06038

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF LEVI RYON'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by

CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which

alleges injury as a result of a fracture of his IVC filter.   In support of the motion, the Cook

Defendants state as follows:

1.   Plaintiff's Name:  Levi Ryon

2.   Case Number:  1:16-cv-06038

3.   Case Origin:  Filed in Oklahoma State Court on June 21, 2016

4.   Plaintiff's Home State  per Complaint: Oklahoma (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5.   Applicable Choice of Law Rules:  Oklahoma (originally filed in Oklahoma State Court, removed to federal court, and transferred into MDL 2570)

6.   Applicable Statute of Limitations:  Oklahoma (2 years), 12 Okla. Stat. § 95(3) (Civil action "can only be brought . . . within two (2) years [if it is] for injury to the rights of another, not arising on contract.").

7.   Filter Placement Date:  February 5, 2008

8.   Latest Possible Date of Accrual:  February 28, 2012 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "fractured and separated

US.131893167.02

struts (extrinsic to the IVC) remaining within the L3 vertebral body in the lumbar spine.  This was discussed at length with the patients family.  The patient is to convey pain scale to us and to discuss changes, if any, in overall pain."[1]

9.     <u>Length of Time Between Claim Accrual and Filing</u>:  4 years, 3 months, 24 days

10.    <u>Length of Time Between Placement and Filing:</u>  8 years, 4 months, 16 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Oklahoma law because the case was filed more than two years after the filter fractured.  *See supra*, ¶¶ 3, 8-9.  Oklahoma follows the discovery rule, "which allows statutes of limitation in certain tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." *Calvert v. Swinford*, 382 P.3d 1028, 1033 (Okla. 2016).  However, under Oklahoma's discovery rule, the "statute of limitations is not tolled simply because a plaintiff negligently refrains from prosecuting inquiries plainly suggested by the facts [and] it is irrelevant whether the plaintiff understood that the defendant's actions constituted a legal cause of action as long as the plaintiff knew of the facts which could give rise to such a claim." *Blue v. Universal Underwriters Life Ins. Co.*, 612 F. Supp. 2d 1201, 1204 (N.D. Okla. 2009) (internal quotation marks, citations, and brackets omitted).  The Supreme Court of Oklahoma holds that "statutes of limitation were not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts." *Daugherty v. Farmers Co-op. Ass'n*, 689 P.2d 947, 951 (Okla. 1984). "Rather, a plaintiff is charged with knowing facts that he could have discovered in the exercise of reasonable diligence. *Id*. In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily knows of the existence of the injury at the time the fracture is identified through medical treatment.[2]  Indeed,

---

[1]  The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2]  To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Oklahoma law.  On the contrary, [a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run."

Plaintiff's records indicate that the fracture "was discussed at length with the patient's family" and that the Plaintiff was "to convey pain scale to [the doctor] and to discuss changes, if any, in overall pain." Here, the fracture was identified over four years before Plaintiff filed his case. As a result, Plaintiff's personal injury claims are time-barred under Oklahoma law.

Plaintiff's implied warranty claim is also time-barred. Under Oklahoma law, implied warranty claims are barred five years after the date of sale, regardless of whether the parties know of the breach. 12A Okla. Stat. § 2-725. Here, Plaintiff did not file his case until over eight years after the filter was placed. As a result, Plaintiff's implied warranty claim is time-barred under Oklahoma law. *See* supra ¶ 10.

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that they are not adequately pled. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Likewise here, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Federal Rule 9 or a viable express warranty claim under applicable state law. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

---

*Schrock v. Pliva USA, Inc.*, No. CIV-08-453-M, 2010 WL 11509111, at *2 (W.D. Okla. July 20, 2010); *see also Kang v. Kang*, 2000 OK CIV APP 89, ¶ 5, 11 P.3d 218, 219.

Respectfully submitted,


Dated:  March 15, 2021                     /s/ *Andrea Roberts Pierson*
                                           Jessica Benson Cox, Co-Lead Counsel
                                           Andrea Roberts Pierson,
                                           FAEGRE DRINKER BIDDLE & REATH LLP
                                           300 North Meridian Street, Suite 2500
                                           Indianapolis, Indiana  46204
                                           Telephone:  (317) 237-0300
                                           Andrea.Pierson@FaegreDrinker.com
                                           Jessica.Cox@FaegreDrinker.com

                                           James Stephen Bennett, Co-Lead Counsel
                                           FAEGRE DRINKER BIDDLE & REATH LLP
                                           110 West Berry Street, Suite 2400
                                           Fort Wayne, Indiana  46802
                                           Telephone:  (260) 424-8000
                                           Stephen.Bennett@FaegreDrinker.com

                                           *Attorneys for Defendants Cook Incorporated,*
                                           *Cook Medical LLC, and William Cook Europe*
                                           *ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **COOK DEFENDANTS'**

**MOTION FOR JUDGMENT IN PLAINTIFF LEVI RYON'S CASE PURSUANT TO**

**CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties

by operation of the Court's electronic filing system to CM/ECF participants registered to receive

service in this matter.  Parties may access this filing through the Court's system.


/s/ *Jessica Benson Cox*